***In re National Prescription Opiate Litigation*: MDL 2804**

**Reply in Support of Motion of Plaintiffs Cuyahoga and Summit Counties for Partial Summary Adjudication of Their Equitable Claims for Abatement of an Absolute Public Nuisance**

**Summary Sheet of Concise Issues Raised**

**Reply Name:** Reply in Support of Motion of Plaintiffs Cuyahoga and Summit Counties for Partial Summary Adjudication of Their Equitable Claims for Abatement of an Absolute Public Nuisance

**Moving Parties:** Plaintiffs Summit County and Cuyahoga County

**Concise Description of Issues:**

***First***, Defendants do not dispute the *facts* regarding the existence of a public nuisance. Instead they argue that a nuisance must be defined in terms of a defendant's conduct. This is wrong under both the Restatement and Ohio Supreme Court precedent. "The dangerous *condition* constitute[s] the nuisance[,]" not the defendant's *conduct*. *Rothfuss v. Hamilton Masonic Temple Co. of Hamilton,* 297 N.E.2d 105, 109 (Ohio 1973) (emphasis added). Defendants also argue that the opioid epidemic does not affect a "public right," but the Court has already rejected this argument. *See* Opinion and Order, Dkt. # 1680, at 19; s*ee also* Report and Recommendation, Dkt. # 1499, at 60-61.

***Second***, for over 100 years, Ohio courts have held defendants jointly and severally liable for equitably abating a public nuisance. *City of Columbus v. Rohr*, 1907 WL 572, *2 (Ohio Ct. App. 1907); *State ex rel. Montgomery v. Portage Landfill & Dev. Co.,* 1999 WL 454623 (Ohio Ct. App. 1999). Furthermore, neither Ohio's Apportionment Statute nor the Restatement (Second) of Torts provide Defendants with a basis to apportion the costs of abatement among themselves as both are concerned with apportionment of compensatory damages, not equitable remedies. However, Defendants are of course free to seek contribution from each other.

Filing Date: June 28, 2019

Response Date: July 31, 2019

Reply Date: August 16, 2019