UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**EXHIBIT A**
**SUMMARY SHEET FOR REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF CRAIG MCCANN**

**SUMMARY SHEET FOR DEFENDANTS' MOTION TO EXCLUDE**
**THE OPINIONS AND TESTIMONY OF CRAIG MCCANN**

      Plaintiffs' defense of Dr. Craig McCann contains an untenable contradiction:  Plaintiffs concede that no Defendant was actually required to use McCann's Six Month Trailing Threshold ("SMTT") or any other specific methodology from his report in their suspicious order monitoring ("SOM") systems.  Opp. 22, 27 (Dkt. 2112).[1]  Indeed, Plaintiffs argue the SMTT method merely provides an "estimate" of the magnitude of orders defendants should have identified through a reliable SOM system, whatever its precise form.  No expert—not McCann, Rafalski, or anyone else—offered any basis for that argument.

      At the same time, however, their position ***depends upon*** there being an obligation to use the SMTT methodology, because that is the starting point for McCann's assumption that Defendants "did not perform adequate due diligence" on orders that "triggered" that model.  *Id.* at 13.  If there is no requirement to use the SMTT method, and Defendants did not use it, then they appropriately would not have reviewed orders that would have been "triggered" by that method.  There is obviously no requirement to "hold any subsequent orders" following those that appropriately were not flagged.  *Id.*  It is only by starting with the premise that Defendants ***were required*** to use that methodology that his assumption regarding subsequent orders can even begin to make sense.[2]  But Plaintiffs do not – and cannot – defend that starting point, and therefore do not defend his calculation in any meaningful way.

      Contrary to Plaintiffs' attempt to minimize McCann's analysis as some benign reference point for the jury to understand "the magnitude of suspicious orders that any reliable SOM program would have identified," Opp. 27, the undisputed reality is that Plaintiffs intend to use McCann's calculation as a measure of the "suspicious orders" Defendants shipped in violation of a legal duty.  But that again presumes that Defendants were under a legal duty that Plaintiffs concede they cannot establish.  The vast majority of the orders that Plaintiffs' experts are characterizing as "suspicious orders" shipped into commerce are treated that way "***regardless of whether those orders would have independently been flagged as suspicious by a suspicious order methodology.***" Opp. 13 (emphasis added).  They are only being characterized in that fashion because of a baseless initial assumption that the particular flagging methodology used by McCann is what makes an original order suspicious, and the failure to use his methodology to review that order makes all "subsequent orders" suspicious as well.  *Id.*  To allow these assumed violations of non-existent duties as evidence of Distributor or Manufacturer Defendants wrongdoing would be farcical.

      Ultimately, McCann uses methodologies that Plaintiffs concede no Defendant had a duty to use as the basis for flagging as "suspicious" ***nearly every order*** that Defendants shipped to Summit and Cuyahoga Counties.  Allowing McCann to present his methodologies as a measure of Defendants' alleged misconduct when those methodologies do not fit the facts of the case would be highly prejudicial.  McCann's opinions therefore should be excluded.

---

[1] Plaintiffs refer to SMTT as "Methodology A."

[2] As Defendants showed in their motion, and Plaintiffs do not contest, without that assumption the percentage of orders "flagged" by McCann would fall dramatically – in one Defendant's case from ***over 92%*** of all orders to ***under 6%***.  *See* Mot. at 3 & n.14.