# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*,<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*,<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**SUMMARY SHEET FOR
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT
TESTIMONY PURPORTING TO RELATE TO ABATEMENT COSTS AND EFFORTS**

The attached Reply responds to Plaintiffs' Opposition to the above motion and explains that the expert reports and testimony of Caleb Alexander, M.D., Jeffrey Liebman, Ph.D., Katherine Keyes, Ph.D., Scott Wexelblatt, M.D., Nancy Young, Ph.D., and Thomas McGuire, Ph.D. as they relate to the issue of abatement should be excluded under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

As explained in the accompanying Reply, Plaintiffs' opposition is an exercise in deflection and distraction. Plaintiffs largely concede the problems Defendants identified in their motion, but then simply say they do not matter. And, instead of addressing the specifics of Defendants' arguments explaining why these expert reports are neither relevant nor reliable—and thus flunk the *Daubert* tests—Plaintiffs simply point to the experts' qualifications and to large swaths of their

deposition testimony and reports that are tangential to the specific *Daubert* arguments Defendants make.  Making matters worse, Plaintiffs also misconceive the nature of the remedy available in this case.  Contrary to Plaintiffs' assertions, abatement involves stopping the nuisance-producing conduct—not addressing injuries purportedly suffered by individuals as a result of the nuisance.  Given these shortcomings, Plaintiffs' abatement expert opinions should be rejected because they are they do not neither relevant nor reliable.