# EXHIBIT A

*In re National Prescription Opiate Litigation:*  MDL 2804

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE EXPERT TESTIMONY OF KATHERINE KEYES, ANNA LEMBKE & JONATHAN GRUBER RE THE "GATEWAY HYPOTHESIS" OF CAUSATION**

**Summary Sheet**

**Motion Name:**  Defendants' Reply in Support of Their Motion to Exclude Expert Testimony of Katherine Keyes, Anna Lembke & Jonathan Gruber Re The "Gateway Hypothesis" of Causation

**Concise Description:**

Defendants moved to exclude the opinions of three of Plaintiffs' proffered experts — Anna Lembke, Katherine Keyes, and Jonathan Gruber — that purport to establish a causal connection between the use of prescription opioids, including their medical use pursuant to a legitimate prescription, and the abuse of illicit opioids including heroin and fentanyl (the "gateway hypothesis").  Plaintiffs suggest that whether such a relationship exists is an appropriate subject for a "battle of the experts" to be refereed by a jury. It is not.  That Plaintiffs' experts analyze the available data to reach a conclusion that goes well beyond that of the other scientists on whose work they rely — and do so in a setting that lacks the disciplining scrutiny of peer review — is a key indicator that Plaintiffs' experts have not reliably applied the methodologies they purport to employ.

Plaintiffs' opposition and the opinions of their experts rely on a number of studies in the medical literature, but none supports their experts' extreme position:  that prescription opioid use has *caused* illicit heroin and fentanyl abuse today.  Plaintiffs attempt to paper over this discrepancy by arguing that the Court is not permitted to scrutinize expert conclusions, only methodology.  But the Supreme Court expressly rejected such a bright-line distinction in *General Electric Co. v. Joiner*, 522 U.S. 136 (1997).  Numerous courts around the country have followed *Joiner* in excluding experts who reached conclusions beyond those of the authors on whose studies they claimed to rely.  *See, e.g.*, *McClain v. Metabolife Int'l*, 401 F. 3d 1233, 1248 (11th Cir. 2005) (excluding expert who drew "unauthorized conclusions from limited data – conclusions the authors of the study do not make").

Plaintiffs seek to use the gateway hypothesis to recover damages related to the abuse of illicit opioids that no Defendant ever sold, such as damages related to the treatment of individuals who abused heroin.  Because there is no support for this speculative and unreliable hypothesis, however, Plaintiffs' proffered experts may not present it to the jury.

Filing Date: August 16, 2019