# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track One Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

# SUMMARY SHEET FOR GENERIC MANUFACTURERS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs' Opposition confirms that summary judgment must be granted in Generic Manufacturers' favor.

First, Plaintiffs acknowledge that any claims against Generic Manufacturers based upon an alleged failure to disclose the risks of their generic medicines—or to correct statements by others—are preempted as a matter of law.[1]

Second, while Plaintiffs insist that Generic Manufacturers are liable because they allegedly engaged in "misleading marketing," Opp. at 1, the Opposition fails to identify any such evidence. As to many of the Generic Manufacturers, Plaintiffs cite literally *zero instances* of marketing at all. For the remainder, Plaintiffs fail to identify any marketing that said anything false or misleading with respect to generic opioid medications. This is not surprising: the Federal Trade Commission ("FTC"), Food and Drug Administration ("FDA"), numerous courts, and witnesses in this case—including Plaintiffs' experts—have all confirmed that, given their unique business model and drug substitution laws, generic manufacturers do not promote the safety or efficacy of their generic medicines, and have no economic incentive to do otherwise.[2]

Plaintiffs' Opposition fails to acknowledge this dispositive fact. Rather, Plaintiffs lump the Generic Manufacturers with entirely separate brand manufacturers and try to shift the focus to branded promotion. This motion, however, is limited to generic medicines, and ***there is no evidence that any Generic Manufacturer ever marketed the safety or efficacy of its generic medications, in Ohio or elsewhere***. To the contrary, the evidence Plaintiffs cite confirms that any marketing activity by Generic Manufacturers as to their generic medicines—even in the few instances where there was any contact with prescribers—was limited to innocuous statements about those medicines' availability, price, and/or bioequivalence. Plaintiffs have not identified anything false about those statements. With no false statements, there is no false marketing; summary judgment should be granted.

Third, Plaintiffs make no effort to and cannot satisfy their burden of showing that marketing by the Generic Manufacturers *caused* any improper opioid prescriptions to be written in Summit or Cuyahoga County. Plaintiffs offer no company-specific evidence of causation. Instead, they have insisted throughout this litigation that they will prove causation through aggregate evidence. But they have not even attempted to offer such evidence as to Generic Manufacturers. Their primary causation expert, Dr. Rosenthal, has only attempted to calculate the impact of "detailing" (by all defendants, in the aggregate) on opioid shipments.[3] And Dr. Rosenthal acknowledges that "manufacturers *will not detail* physicians for generics."[4] In short, Plaintiffs simply have no individual or aggregate evidence of causation as to the Generic Manufacturers. For this additional reason, summary judgment should be granted.

---

[1] *See* Pls.' Opp. to Generic Mfrs.' Mot. for Partial Summ. J. ("Opp."), Dkt. No. 1860, at 3 ("Plaintiffs do not assert that the Generic Defendants should have made labeling changes."); *id.* at 26 ("Plaintiffs do not assert Defendants should have changed the labels or otherwise make statements prohibited by federal law.").
[2] *See* Generic Mfrs.' Mem. In Support of Mot. for Partial Summ. J. ("Mem."), Dkt. No. 1749-2, at 2-9.
[3] *See* Mem. in Support of Defs.' Mot. to Exclude Dr. Rosenthal ("Mot. to Exclude Dr. Rosenthal"), Dkt. No. 1913-1, at 1 (citing Rosenthal Report, Dkt. No. 1913-4, at ¶ 56 and Rosenthal Dep., Dkt. No. 1913-5, at 44:11–19.)
[4] Rosenthal Dep., Dkt. No. 1913-5, at 197:23–198:4 (emphasis added).

Dated: August 16, 2019            Respectfully submitted,

           */s/ Steven A. Reed*
           Steven A. Reed
           Eric W. Sitarchuk
           Rebecca J. Hillyer
           MORGAN, LEWIS & BOCKIUS LLP
           1701 Market Street
           Philadelphia, PA  19103-2921
           Telephone:  +1.215.963.5000
           Facsimile:    +1.215.963.5001
           steven.reed@morganlewis.com
           eric.sitarchuk@morganlewis.com
           rebecca.hillyer@morganlewis.com

           Nancy L. Patterson
           MORGAN, LEWIS & BOCKIUS LLP
           1000 Louisiana Street, Suite 4000
           Houston, TX 77002-5005
           Tel:  (713) 890-5195
           nancy.patterson@morganlewis.com

           Brian M. Ercole
           MORGAN, LEWIS & BOCKIUS LLP
           200 S. Biscayne Blvd., Suite 5300
           Miami, FL 33131-2339
           Tel: (305) 415-3000
           brian.ercole@morganlewis.com

           *Attorneys for Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida*

*/s/ Brien T. O'Connor (consent)*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and SpecGx LLC, and appearing specially for Mallinckrodt plc[5]*


*/s/ Daniel G. Jarcho (consent)*
Daniel G. Jarcho
D.C. Bar No. 391837
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Facsimile: (202) 239-333
E-mail: daniel.jarcho@alston.com

Cari K. Dawson
Georgia Bar No. 213490
Jenny A. Hergenrother
Georgia Bar No. 447183
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
jenny.hergenrother@alston.com

*Attorneys for Defendant Noramco, Inc.*

*/s/ Sean O. Morris (consent)*
Sean O. Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
sean.morris@arnoldporter.com

Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 942-5000
jonathan.stern@arnoldporter.com

*Attorneys for Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc. (incorrectly named as "Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.")*

---

[5] Mallinckrodt plc is an Irish company that is not subject to and contests personal jurisdiction for the reasons explained in its motion to dismiss for lack of personal jurisdiction.  It is specially appearing to join this motion, and, thus, does not waive and expressly preserves its personal jurisdiction challenges.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2019, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

>*/s/ Steven A. Reed*
>Steven A. Reed