**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>    *The County of Summit, Ohio*, et al. *v. Purdue Pharma L.P.*, et al.,<br>    Case No. 18-op-45090<br><br>    *The County of Cuyahoga, Ohio*, et al. *v. Purdue Pharma L.P.*, et al.,<br>    Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMARY SHEET FOR REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY CVS INDIANA, L.L.C. AND CVS RX SERVICES, INC.**

CVS Indiana, L.L.C. and CVS Rx Services, Inc. (collectively, "CVS") submit the following summary sheet relating to their Reply to Plaintiffs' Opposition to CVS's Motion for Summary Judgment.

Plaintiffs' effort to stave off summary judgment in favor of the CVS defendants is futile. The claims against CVS Indiana, which stopped distributing any relevant opioid in April 2014, are time-barred.[1] The surviving claims against CVS Rx Services are for a five-month period in 2014 (before CVS Rx Services itself stopped distributing) when a new suspicious order monitoring system was in effect. Plaintiffs have not challenged this new system, and CVS moved for summary judgment on this basis. Plaintiffs respond only with passing citations to three documents buried in a background section mostly devoted to different systems from earlier time frames that are not the subject of the motion. Even as mischaracterized by plaintiffs, these three documents do not create a genuine dispute regarding the compliance of this system.

---

[1] *See* Pharmacy Defendants' Motion for Summary Judgment Based on the Statute of Limitations, Dkt. 1872/1874, and Reply in Support.

Nor do plaintiffs' claims against the CVS defendants survive on causation grounds. Plaintiffs do not identify a single piece of evidence demonstrating that any CVS shipments of relevant opioids to Cuyahoga and Summit counties were diverted and caused plaintiffs to suffer any injuries, as is required by Ohio law.  And plaintiffs themselves assert that they did not even begin to suffer discernible injuries until after the CVS defendants ceased all relevant distributions.

The CVS defendants are entitled to summary judgment.