**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*The County of Summit, Ohio*, et al. *v. Purdue Pharma L.P.*, et al., Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio*, et al. *v. Purdue Pharma L.P.*, et al., Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS'
REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT BASED
ON THE STATUTES OF LIMITATIONS**

The Pharmacy Defendants[1] submit the following summary sheet relating to their Motion for Summary Judgment Based on the Statutes of Limitations:

- Pharmacy Defendants adopt the Combined Reply of the Distributor and Manufacturer Defendants on the Statute Limitations. Their reply brief makes the additional points particular to them.

- Plaintiffs do not dispute that they sued Pharmacy Defendants months after other defendants. They do not dispute that the longest possible statute of limitations applicable to Pharmacy Defendants is four years. And they do not dispute that, absent an exception to the statute of limitations, they are barred from obtaining relief (a) from Walgreens, CVS, Rite Aid, and Walmart for shipments before April 25, 2014 and (b) from DDM and Giant Eagle for shipments before May 18, 2014.

- Nor do plaintiffs dispute that each Pharmacy Defendant has stopped distributing all relevant opioids. It therefore is undisputed that (a) Walgreens and CVS Indiana stopped on April 9, 2014; (b) CVS Rx Services, DDM, Giant Eagle, and Rite Aid stopped by October 2014; and (c) Walmart stopped in April 2018. *See* Dkt. 1872 at 3-6.

---

[1] The Pharmacy Defendants are: CVS Indiana, L.L.C., CVS Rx Services, Inc., Rite Aid of Maryland, Inc. d/b/a Rite-Aid Mid Atlantic Customer Support Center, Inc., Walgreen Co., Walgreen Eastern Co., Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc., Discount Drug Mart, Inc., and HBC Service Company.

- Because Pharmacy Defendants have stopped distributing, the nuisance alleged against them is not a "continuing" nuisance. The statute of limitations therefore applies to the nuisance claims. *See Ashtabula River Corp. Group II v. Conrail, Inc.*, 549 F. Supp. 2d 981 (N.D. Ohio 2008). For Walgreens and CVS Indiana, this means complete judgment on public nuisance. For the other Pharmacy Defendants, recovery, if any, would be limited to as little as five months of shipments, depending on when each stopped distributing.

- Plaintiffs suggest they are entitled to discovery rule tolling because they did not know to sue Pharmacy Defendants in particular. But Ohio law is clear—the statute runs whether or not a plaintiff knows the identity of the defendant. *See Flowers v. Walker*, 589 N.E.2d 1284, 1287-88 (Ohio 1992). Regardless, plaintiffs had more than enough information to identify Pharmacy Defendants as potential defendants—including their Ohio distribution licenses, which were public, and their public filings on their distribution operations.

- Plaintiffs argue that their lack of access to transactional ARCOS data equitably tolled the statute. But plaintiffs ignore Ohio law, which is the only law that applies to Pharmacy Defendants given that plaintiffs assert no federal claims against them. "Ohio courts of appeals have held that the doctrine of equitable tolling requires . . . representations that the statute of limitations was larger than it actually was, promises of a better settlement if the lawsuit was not filed, or other similar representations or conduct." *Weikle v. Skorepa,* 69 F. App'x 684, 688 (6th Cir. 2003); *see also Coleman v. Columbus State Cmty. Coll.*, 49 N.E.3d 832, 838–39 (Ohio Ct. App. 2015). Plaintiffs cannot meet this Ohio test. There is no evidence that Pharmacy Defendants made *any* representations to plaintiffs, much less any about the prospect of this suit, the statute of limitations, or settlement.

- Plaintiffs seek tolling on the theory that Pharmacy Defendants fraudulently concealed from DEA their alleged misconduct in shipping orders. But it is undisputed that Pharmacy Defendants reported to DEA, through ARCOS, every single one of their shipments. Plaintiffs themselves describe these ARCOS submissions—and the database compiling them—as "the key to plaintiffs' identifying defendants' failure to identify, suspend and report suspicious orders." When the proffered basis for tolling is fraudulent concealment from DEA, yet the defendants submitted to DEA the information plaintiffs' describe as the "key" for identifying their alleged misconduct, there is no basis to toll.

- Plaintiffs make no particular fraud allegations against DDM, Giant Eagle, Rite Aid and Walmart. While plaintiffs do make particular allegations as to CVS and Walgreens, the allegations are insubstantial and have nothing to do with the concealment of legal claims.

- To the extent they pursue such a claim, plaintiffs contend their unjust enrichment claim did not accrue "until the last point in time that the plaintiff conferred and a defendant received a benefit." But this test applies only to quasi-contract claims arising from contractual relationships, not to tort-based claims.  It therefore does not apply here.  In any event, summary judgement is required even under plaintiffs' theory.