# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804 |
| *Track One Cases* | Hon. Dan Aaron Polster |

# SUMMARY SHEET FOR REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE MARKETING CAUSATION OPINIONS OF MARK SCHUMACHER, ANNA LEMBKE, AND KATHERINE KEYES

Plaintiffs' Opposition makes numerous concessions showing that the marketing causation opinions of Schumacher, Lembke, and Keyes should be excluded.  As an initial matter, Plaintiffs concede that Schumacher, Lembke, and Keyes have no education, training, or experience in marketing—much less pharmaceutical marketing. Nor do they have prior experience conducting any marketing-based causation analyses.  In fact, Keyes did not even review any marketing materials in this case.  Thus, they are not qualified to give the causation opinions they do.

Likewise, they have no methodology:  their opinions merely assume a causal effect between Defendants' alleged false marketing and the opioid abuse crisis.  Plaintiffs, for instance, do not dispute that none of the three experts has conducted any statistical or data analysis in reaching their causation conclusions; none has interviewed any Ohio prescribers or otherwise attempted to determine whether any prescribers received Defendants' allegedly false marketing and, if so, how it affected their prescribing decisions (if at all); and none has accounted for numerous other acknowledged factors that led to an increase in opioid morbidity and mortality.  Rather, Plaintiffs' expert opinions solely rest upon a cursory review of literature showing that marketing can increase sales of medicines.  This literature, however, consists of nothing more than generalized studies of pharmaceutical marketing that do not examine *these* manufacturers' marketing of *these* opioid medications or any of the effects of any alleged false marketing *in Ohio* (which Plaintiffs also do not dispute).  In fact, Plaintiffs concede that their experts failed to consider each Defendant's marketing materials independently to determine any causal effects.  Given the lack of any causation methodology, their speculative causation testimony is unreliable and would be prejudice a jury.  It should be excluded.

Dated: August 16, 2019

/s/ *Mark S. Cheffo*
Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Mark.Cheffo@dechert.com

*Counsel for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*

*Co-Liaison Counsel for the Manufacturer Defendants*[1]

/s/ *Carole S. Rendon*
Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621- 0200
Fax: (216) 696-0740
crendon@bakerlaw.com

*Counsel for Defendants Endo Health Solutions Inc.and Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc.*

*Co-Liaison Counsel for the Manufacturer Defendants*

/s/ *Enu Mainigi*
Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

*Co-Liaison Counsel for the Distributor Defendants*

---

[1] Teva Pharmaceutical Industries Ltd., Allergan plc, and Mallinckrodt plc are respectively an Israeli corporation, Irish holding company, and Irish company that are not subject to and contest personal jurisdiction for the reasons explained in their motions to dismiss for lack of personal jurisdiction; they are specially appearing to join this motion as a result of the Court's deadline to file dispositive and Daubert motions, and, thus, they do not waive and expressly preserve their pending personal jurisdiction challenges.

*/s/ Shannon E. McClure*
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for Distributor Defendant AmerisourceBergen Drug Corporation*

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ Geoffrey Hobart*
Geoffrey Hobart
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5281
ghobart@cov.com

*Counsel for Distributor Defendant McKesson Corporation*

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: (312) 494-4434
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for the Walgreens Defendants*

*Liaison Counsel for the Chain Pharmacy Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2019, the Summary Sheet for Defendants' Reply In Support of Their Motion To Exclude The Marketing Causation Opinions Of Mark Schumacher, Anna Lembke, And Katherine Keyes was served via email on all attorneys of record consistent with the June 24, 2019 Order setting forth Directions Regarding Filing of Briefs Under Seal.

/s/ *Steven A. Reed*
Steven A. Reed