UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

This document relates to:

*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*,
Case No. 18-op-45090 (N.D. Ohio)

*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*,
Case No. 17-op-45004 (N.D. Ohio)

**MDL No. 2804**
**Case No. 17-md-2804**
**Judge Dan Aaron Polster**

**SUMMARY SHEET FOR REPLY IN SUPPORT OF
PHARMACY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
<u>ON PLAINTIFFS' CIVIL CONSPIRACY CLAIM</u>**

- Plaintiffs' consolidated conspiracy brief is long on insinuation and rhetoric but markedly short on facts from which a jury could find that any Pharmacy Defendant entered into the sweeping industry-wide conspiracy that Plaintiffs allege.

- Indeed, the bulk of Plaintiffs' omnibus response brief concerns RICO claims and an alleged marketing conspiracy that Plaintiffs concede have nothing at all to do with Pharmacy Defendants.  They also spend significant time discussing the actions of a trade organization—HDA—of which the Pharmacy Defendants were not even members.

- Plaintiffs present no evidence showing that Pharmacy Defendants entered into a malicious combination or common understanding to commit an unlawful intentional act.  Instead, Plaintiffs levy a vague and novel allegation that Pharmacy Defendants were part of a "conspiracy to protect the supply chain."  Besides being so vague as to be meaningless, Plaintiffs' theory is also unsupported by actual evidence that Pharmacy Defendants shared a purpose *to violate the law*.  A purpose to distribute opioids to fill legitimate prescriptions is in no sense unlawful.

- At most, Plaintiffs show that Pharmacy Defendants were members of an industry trade association that lobbied about certain regulations and submitted *amicus* briefs on certain legal issues.  This conduct (1) is protected by the First Amendment and (2) not remotely evidence of a malicious combination.

- After thousands of pages of discovery and hundreds of depositions, Plaintiffs do not come close to meeting their burden to present actual evidence of a malicious combination before their claim can go to a jury.