# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

**SUMMARY SHEET FOR
DISTRIBUTOR DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT ON PROXIMATE CAUSATION GROUNDS**

The attached reply explains why, notwithstanding Plaintiffs' opposition, Distributors are entitled to summary judgment on proximate causation grounds.

First, Plaintiffs have not presented any evidence that Distributors' conduct directly caused their injuries. They do not, for instance, point to any evidence that they were harmed as a result of shipments by Distributors to "pill mill" doctors or illicit pharmacies. While Plaintiffs' opposition points to evidence regarding Manufacturer marketing, that evidence is irrelevant as to Distributors—who, as Plaintiffs admit, played no role in that marketing. Plaintiffs also point to evidence that they say shows Distributors violated "duties" under the Controlled Substances Act, but that evidence is relevant, if at all, to the question whether Distributors breached a legal duty—not causation. Finally, Plaintiffs point to expert evidence identifying a purported correlation

between increased opioid shipments and increased opioid mortality, but that evidence does not establish causation as to Distributors because (according to Plaintiffs' own experts) the increase in shipments was the result of good-faith prescribing by doctors—prescribing which Distributors have no duty and no ability to prevent.

Second, Distributors are entitled to summary judgment because any connection between their alleged wrongdoing and Plaintiffs' injuries is impermissibly attenuated and remote. Distributors' opening brief established by undisputed record evidence that the pills Distributors ship to pharmacies would sit on the shelf, causing harm to no one, but for the intervening acts of (1) doctors who write opioid prescriptions for their patients, (2) pharmacists who dispense opioid medicines to patients, (3) patients or third parties who criminally divert opioid medicines to illicit use, and (4) end-users who criminally use opioids for a non-medical purpose. Plaintiffs' reply offers no evidence in response to Distributors' showing. Under established Sixth Circuit precedent, the intervening conduct of these multiple independent actors conclusively demonstrates the absence of proximate causation as to Distributors. This applies with particular force insofar as Plaintiffs' claims are based not on prescription opioids supplied by Distributors, but on the abuse of heroin and illicit fentanyl supplied by drug cartels.