*In Re National Prescription Opiate Litigation* **(MDL No. 2804)**

**SUMMARY SHEET OF ISSUES RAISED**

**Manufacturer Defendants' Reply in Support of Motion For Summary Judgment That Plaintiffs' State-Law Claims Are Preempted And Their Federal Claims Are Precluded (filed August 16, 2019)**

___

A.     **Preemption of Marketing Claims**

   **Issue 1:** Are Plaintiffs correct that they "do not challenge the FDA-approved labeling of any of the Manufacturers' products" (Opp'n at 10; *see also id.* at 12-13)?

   **Answer to Issue 1:** No.  Plaintiffs again ignore that the term "labeling" broadly encompasses "representations made in marketing materials."  *See Muscogee* R. & R. at 30, ECF No. 1499, *adopted by* Op. and Order at 2, ECF No. 1680; *see also* 21 U.S.C. § 321; *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 394 (6th Cir. 2013).  And Plaintiffs *do* seek to hold the Manufacturers liable for marketing their medications for the treatment of chronic, non-cancer pain and for failing to issue dose and duration limitations.  *See, e.g.*, Summit TAC ¶ 172; Rosenthal Opp'n Br. at 5[1]; Ex. 2 (Report of David T. Courtwright, Ph.D.) at 54; Ex. 3 (Report of Anna Lembke, M.D.) at 21-63; Ex. 10 (Plaintiffs' Nov. 2, 2018 Amended Responses to First Set of Interrogatories) at 6.

   **Issue 2:** Are Plaintiffs correct that "[t]here can be no preemptive conflict between state law claims and federal law, because federal law did not *require* the Manufacturers to promote their products" (Opp'n at 10-11)?

   **Answer to Issue 2:** No.  *See, e.g.*, *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 488 (2013) ("[A]n actor seeking to satisfy both his federal- and state-law obligations is not required to cease acting altogether in order to avoid liability."); *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1681 (2019) (Thomas, J., concurring); *In re Darvocet, Darvon, and Propoxyphene Prods. Liability Litig.*, 756 F.3d 917, 925 (6th Cir. 2014).

   **Issue 3:** Are Plaintiffs correct that "the Manufacturers have failed to show that Plaintiffs' fraudulent marketing claims conflict in any way with the regulatory actions taken by the FDA" (Opp'n at 13)?

   **Answer to Issue 3:** No.  "[C]lear evidence" exists that the FDA would not have approved the labeling and marketing changes that Plaintiffs demand.  *See Merck*, 139 S. Ct. at 1676 (citing *Wyeth v. Levine*, 555 U.S. 555, 571 (2009)).  In 2013, the FDA rejected requests to label opioid medications as unsafe for the treatment of chronic, non-cancer pain and to impose maximum dose and duration requirements.  *See* Ex. 12 (Sept. 10, 2013 Letter from FDA to PROP) at 5, 6 & n.30, 8, 11-17.  The FDA reiterated these findings as recently as May 2019, negating Plaintiffs' theory that the FDA's 2013 findings are no longer valid.  *See* Ex. 1 (May 2019 FDA

___

[1] All exhibits referenced herein are exhibits to the Declaration of Jonathan L. Stern in Support of Manufacturer Defendants' Motion for Summary Judgment that Plaintiffs' State-Law Claims Are Preempted and Their Federal Claims Are Precluded.

*In Re National Prescription Opiate Litigation* **(MDL No. 2804)**

**SUMMARY SHEET OF ISSUES RAISED**

Memorandum) at 9, 10, 12.  Indeed, on July 22, 2019, a North Dakota court reaffirmed its holding that similar claims are preempted.  *See* Order Denying Pl's. Rule 60(b) Mot. For Relief from Judgment, *N. Dakota v. Purdue Pharma L.P.*, No. 08-2018-CV-01300, 2019 WL 3776653 (N.D. Dist. Ct. July 22, 2019).

**B.     Preemption of Fraud-On-The-DEA Claims**

**Issue 4:** Are Plaintiffs correct that their state-law claims "do not depend upon the DEA's decision to increase quotas for opioid medications" (Opp'n at 17)?

**Answer to Issue 4:** No.  *Buckman Company v. Plaintiffs' Legal Cmte.*, 531 U.S. 341 (2001) preempts state-law claims for which establishing fraud on a federal agency is a "critical" factor that "would exert an extraneous pull on the scheme established by Congress."  *McDaniel v. Upsher-Smith Laboratories, Inc.*, 893 F.3d 941, 948 (6th Cir. 2018) (quoting *Buckman*, 531 U.S. at 353); *see also Garcia v. Wyeth-Ayerst Laboratories*, 385 F.3d 961, 966 (6th Cir. 2004) ("[S]tate tort remedies requiring proof of fraud committed against [a federal agency] are foreclosed since federal law preempts such claims" (citation omitted)).  Plaintiffs allege—and their experts agree—that it would have been "impossible" for the Manufacturers to "achieve their ever-increasing sales ambitions" had they not "fraudulently increase[d] the quotas that governed the manufacture and distribution of their prescription opioids."  Summit TAC ¶ 526; Cuyahoga TAC ¶ 526; *see also* Summit TAC ¶¶ 548–553; Cuyahoga TAC ¶¶ 531–536; Ex. 14 (Pls' Dec. 28, 2018 Suppl. Objs. & Resp. to Mfr Defs.' Interrog. Nos. 28/29) at ¶¶ 4, 7, 28, 30, 32, 34.  Indeed, the Court found that Plaintiffs' theory of but-for causation depends on showing the Manufacturers "undermin[ed]" the DEA's quotas—a finding that should end any debate here.  *See* Summit R. & R. at 26, ECF No. 1025, *adopted by* Op. and Order at 8, ECF No. 1203.

**Issue 5:** Are Plaintiffs correct that *Buckman*, 531 U.S. 341, does not preempt their state-law claims if they assert that the Manufacturers were able to sell excess opioids because they misled the DEA into increasing quotas?

**Answer to Issue 5:** No.  In fact, Plaintiffs do not dispute that *Buckman* preempts state-law claims that rest upon fraud on a federal agency.

**C.     Preclusion of Marketing and Fraud-On-The-DEA Claims**

**Issue 6:** Are Plaintiffs correct that their federal claims are not precluded by *Wyeth/Merck* and *Buckman*?

**Answer to Issue 6:** No.  Indeed, Plaintiffs do not dispute that their federal claims are precluded if their state-law claims are preempted.  *See* Opp'n at 17.  Because their state-law claims are preempted, Plaintiffs' federal claims are similarly precluded.