# EXHIBIT A

*In re National Prescription Opiate Litigation:* MDL 2804

**REPLY IN SUPPORT OF DEFENDANTS' DAUBERT MOTION TO EXCLUDE THE OPINIONS OF SETH B. WHITELAW**
Summary Sheet

**Motion Name:** Reply in Support of Defendants' *Daubert* Motion to Exclude the Opinions of Seth B. Whitelaw

**Concise Description:**

Defendants' *Daubert* motion identifies two fatal problems with Plaintiffs' purported DEA suspicious order monitoring expert Seth Whitelaw: (1) he has no relevant experience with controlled substances, the Controlled Substances Act, or the Drug Enforcement Agency ("DEA"), and thus is unqualified to testify as an expert on DEA suspicious order monitoring programs; and (2) Whitelaw's methodology is unreliable because the undisputed record confirms that the Federal Sentencing Guidelines—the foundation of his analysis—are not used by those in the field or by DEA to develop or evaluate DEA suspicious order monitoring programs. Plaintiffs do not dispute, and fail to even address, DEA's testimony that the Federal Sentencing Guidelines are not used to evaluate suspicious order monitoring programs.

Recognizing these deficiencies, Plaintiffs recast Whitelaw's opinions as "a holistic assessment of Defendants' compliance programs, of which their anti-diversion efforts were a part." Opp. at 1 (Dkt. 2189/2221). But Whitelaw's opinions are not general compliance opinions. His opinions specifically analyze certain Defendants' DEA suspicious order monitoring programs. In over 180 pages of "Individual Company Reviews" in his report, Whitelaw analyzes only the DEA suspicious order monitoring systems used by each company. For example, Whitelaw reports on McKesson's "three different SOM programs," Whitelaw Rpt. at 53 (Dkt. 2000-26), but offers no analysis of any other McKesson compliance program—not FDA, not SEC, not anything else. Nor does Whitelaw evaluate the general compliance programs of other Defendants in this litigation. *See, e.g.*, Whitelaw Tr. at 562:15-564:7; 713:6-714:3 (Dkt. 1972-7).

Plaintiffs' effort to recast Whitelaw's opinions as "a comprehensive examination of Defendants' compliance programs as a whole" is also flatly inconsistent with their use of his opinions in other contexts. Opp. at 3. In Plaintiffs' Opposition to Defendants' Motions for Summary Judgment on Proof of Causation, Plaintiffs offer Whitelaw as a purported expert in suspicious order monitoring programs, identifying Whitelaw as one of "Plaintiffs' SOMs experts" who "provide[s] opinions about deficiencies in Defendants' SOMs programs." Dkt. 2203 at 29.

Whitelaw is unqualified; his opinions are unreliable; and—as a lawyer expert—he purports to opine on ultimate legal issues in this case. His opinions should be excluded.

Filing Date: August 16, 2019