# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> This document relates to: <br> *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* <br> Case No. 18-OP-45090 <br><br> *The County of Cuyahoga v. Purdue Pharma L.P., et al.* <br> Case No. 17-OP-45004 | MDL No. 2804 <br><br> Case No. 17-md-2804 <br><br> Hon. Dan Aaron Polster |

## EXHIBIT A
## SUMMARY SHEET FOR MANUFACTURER DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFFS' FAILURE TO OFFER PROOF OF CAUSATION

**Filing Name**: Manufacturer Defendants' Reply in Support of Motion for Summary Judgment for Plaintiffs' Failure to Offer Proof of Causation

**Filing Parties**: Manufacturer Defendants

**Related Docket Entries**: Dkt. 1894 (Manufacturer Defendants' Redacted Motion for Summary Judgment for Plaintiffs' Failure to Offer Proof of Causation); Dkt. 1941 (sealed version of the same); Dkt. 2204 (Plaintiffs' Corrected Consolidated Memorandum in Opposition to Defendants' Motions for Summary Judgment on Proof of Causation); Dkt. 2203 (sealed version of the same).

**Summary**: Plaintiffs agree they must prove that each Manufacturer Defendant's allegedly unlawful conduct was both a cause-in-fact and a legal/proximate cause of their alleged injuries. Plaintiffs made the tactical choice to try to prove causation as to each Manufacturer Defendant solely through aggregate proof. But Plaintiffs' aggregate proof does not track their alleged injuries back to the unlawful conduct of any Manufacturer Defendant. Accordingly, Manufacturer Defendants' motion should be granted.

    ***First,*** Plaintiffs get the relevant legal standards wrong. They misconstrue the "substantial factor" test for proximate cause, which requires proof (at a minimum) that the unlawful conduct of each defendant, acting alone, was sufficient to cause the alleged harm. Yet Plaintiffs and their causation experts concede that their models are incapable of determining the effect of a single Manufacturer Defendant's alleged unlawful conduct. Plaintiffs' fallback argument that causation can be inferred from the alleged conduct and the alleged harms also misses the mark.

**Second,** Plaintiffs' causation experts cannot prove that Manufacturer Defendants' alleged fraudulent marketing or alleged diversion-control failures caused Plaintiffs' alleged harms.  On the marketing side, Rosenthal does nothing to attempt to distinguish between lawful and fraudulent detailing—instead assuming that all marketing for two decades was unlawful—meaning her analysis boils down to the unremarkable conclusion that marketing caused increased sales.  Cutler, in turn, relies on Rosenthal's flawed analysis, applying it to his examination of the relationship between all prescription opioid shipments and all opioid mortality across the country, which is neither the relevant misconduct nor the relevant harm alleged.  On the diversion-control side, Plaintiffs concede that their experts do not identify a single "suspicious order" that any Manufacturer Defendant shipped due to alleged distribution-control failures.

**Third,** case law detailing the stringent requirements necessary to prove causation through aggregate proof models underscores the failures of Plaintiffs' experts' analyses here.  Although aggregate proof models may work in certain cases, Plaintiffs' attempt to use them here fails.

**Fourth,** Plaintiffs' assertion that Manufacturer Defendants' motion for summary judgment is an attempt re-litigate the motion to dismiss ignores the purpose of a summary judgment motion: to decide whether evidence exists to support Plaintiffs' factual claims.  And even if the Court laid out a potential path for Plaintiffs to prove causation, the "evidence" they developed during discovery strayed from that path.

**Fifth,** Plaintiffs have not met their obligation to prove that each individual Manufacturer Defendant proximately caused the alleged public nuisance.  Plaintiffs' experts admitted that they never attempted to measure the effects of any Manufacturer's alleged misconduct.

**Sixth,** Plaintiffs also ignore the fundamental causation question regarding their conspiracy claims: whether the predicate acts committed by co-conspirators in furtherance of the conspiracy—and only those acts—proximately caused Plaintiffs' injuries.  Just as Plaintiffs' causation experts did not isolate and examine the alleged unlawful conduct of any individual Manufacturer Defendant, they also failed to isolate and examine the alleged predicate acts of any alleged conspiracy.  They therefore cannot prove that any collective acts of a conspiracy caused the harms they allege.

**Seventh,** Plaintiffs' bare assertion that Defendants should be responsible for all harms caused by illicit heroin and street fentanyl is without precedent.  No reasonable factfinder could determine on this record that the manufacturers of prescription opioid medications proximately caused the activities of criminal gangs flooding American communities with deadly street drugs.

**Filing Date:** June 28, 2019
**Opposition Date**: July 31, 2019
**Reply Date**: August 16, 2019