UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 18-op-45090 (N.D. Ohio)<br><br>*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 17-op-45004 (N.D. Ohio) | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**SUMMARY SHEET FOR REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
<u>OF WALMART INC.</u>**

1

- Walmart has presented uncontroverted evidence of all of the following:

    o It never manufactured or marketed opioids and no longer distributes opioids or any controlled substances.

    o When it did distribute, it distributed less than 1.3% of the opioids to Cuyahoga and Summit Counties. And it distributed only to its own pharmacies, not to rogue or internet pharmacies or to pill mills.

    o It implemented anti-diversion controls, including a SOM program that Walmart's expert, a former DEA official, judged to be "sufficient and effective to detect and report suspicious orders" throughout the relevant time period. Plaintiffs never even *mention* that expert, let alone attempt to rebut her with their own.

- Plaintiffs do not allege any wrongdoing by Walmart's pharmacies. At bottom, Plaintiffs offer no facts, and no viable theory, to support their position that Walmart failed to implement appropriate policies to prevent diversion.

- Instead, Plaintiffs selectively focus on alleged, scattershot deficiencies in Walmart's SOM procedures, but their brief is built on erroneous statements that create no material dispute. Their oft-repeated claim that Walmart did not have a SOM program before 2011 is (1) irrelevant because it falls outside the limitations period and (2) a fabrication flatly contradicted by the record. And their complaints about Walmart's systems after 2011 notably take no issue with the factual record, but rather seek to impose requirements found nowhere in the CSA.

- Even if Plaintiffs could have raised a fact question about the adequacy of Walmart's SOM procedures (and they have not), Walmart would still be entitled to summary judgment. Plaintiffs concede that Walmart can only be held liable if it *substantially* contributed to Plaintiffs' alleged injuries, but they offer no theory, much less a shred of record evidence, showing how Walmart could have been a substantial cause given its negligible market share. Nor do they explain why they are proper parties to enforce the CSA or how they remotely satisfy the elements of their various causes of action.

- The Court should enter summary judgment for Walmart on all claims.