# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> This document relates to: <br> *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* <br> Case No. 1:18-OP-45090 <br><br> *The County of Cuyahoga v. Purdue Pharma L.P., et al.* <br> Case No. 17-OP-45004 | MDL No. 2804 <br><br> Case No. 17-md-2804 <br><br> Hon. Dan Aaron Polster |

**EXHIBIT A**
**SUMMARY SHEET FOR REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE DAVID CUTLER'S OPINIONS AND PROPOSED TESTIMONY**

**Professor David Cutler** purports to "estimate" the harms caused by Defendants' marketing and distribution of prescription opioids in the Track One Counties.  Yet Plaintiffs do not dispute that Cutler did not measure the relationship between alleged Defendant misconduct and Plaintiffs' alleged harms.  Instead, at most, Cutler purports to show a nationwide average correlation between shipments of *all* prescription opioids and *all* opioid mortality.  That opinion is irrelevant to this case and unreliable for three reasons.  *First*, Cutler's models do not measure the relationship between the Defendants' alleged misconduct and alleged harms in the Track One Counties because Cutler does not isolate alleged harms actually caused by shipments by Defendants that should have been blocked or were triggered by improper marketing, as opposed to shipments for legitimate medical need. Rather, Cutler measures an average, national relationship between *all* shipments and harms, and then simply assumes without any stated support that the average, national relationship holds in the Track One Counties.  Then, instead of actually trying to link alleged misconduct to harms, Cutler relies entirely on other experts or counsel—whose opinions are equally flawed and subject to exclusion—to try to create that link.  But simply multiplying the "average" impact generated from Cutler's national, all shipments model by inputs provided by other experts or counsel cannot isolate the harm (if any) caused by alleged Defendant misconduct.  *Second,* Plaintiffs' only defense of Cutler's multiplication of a variety of aggregate, national-level estimates to attribute complex, multi-faceted societal harms in the Track One Counties to alleged Defendant misconduct is that Courts have in unique cases allowed aggregate proof models.  However, Plaintiffs cannot point to a single instance in which a Court has permitted an opinion with the layered nature of Cutler's analyses and aggregation of data for dozens of Defendants and non-defendants alike. *Finally*, the unreliable inputs, speculative assumptions, and unreliable data included in Cutler's models render his conclusions unreliable and inadmissible.