# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** <br> **Case No. 17-md-2804** <br> **Judge Dan Aaron Polster** |

**This document relates to:**

*The County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004

*The County of Summit, Ohio, et al. v. Purdue Pharma L.P. et al.,* Case No. 18-OP-45090

**EXHIBIT A**
**SUMMARY SHEET FOR REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE MEREDITH ROSENTHAL'S OPINIONS AND PROPOSED TESTIMONY**

**Meredith Rosenthal** purports to establish that Defendants' marketing caused an increase in the number of opioid prescriptions written across the county.  Her opinions, however, do not fit the issues in this case and rely on a flawed methodology.  Indeed, her entire opinion centers on the false assumption that *all* manufacturer detailing to prescribers was fraudulent.  Plaintiffs double-down on this flawed narrative by claiming that they will prove this to be so, and also will prove that every single opioid prescription written after Defendants began marketing opioids for chronic noncancer pain was infected by fraud.  The evidentiary record—including testimony from Plaintiffs' own experts—disproves Plaintiffs' novel, incredible theory.  Even so, Rosenthal's regression analysis includes all detailing visits—regardless of whether they were lawful or unlawful, and regardless of their substance and context.  Her model fails to tie to any cognizable liability theory or the facts in evidence, and is thus unhelpful to the trier of fact.  Beyond these "fit" issues, Plaintiffs have failed to offer a credible defense of Rosenthal's flawed methodology, including her "negative depreciation rate," which suggests that a detailing visit to a doctor will cause the doctor's opioid prescribing to increase exponentially into perpetuity.  In fact, her model is so "fitted" that replacing the detailing visits used in her model with nearly any data set containing a positive series of numbers would "explain" opioid sales just as well as detailing would.  Her methodology suffers from other incurable flaws, as well.  And once Rosenthal's testimony falls, so fall Plaintiffs' other causation experts who depend on her flawed opinions.