*In re National Prescription Opiate Litigation: MDL 2804*
**Summary Sheet of Concise Issues Raised**

**Reply Name:** Reply in Support of Non-RICO Small Distributors' Motion for Summary Judgment Based on Their *De Minimis* Status.

**Procedural Posture:** The Court granted Plaintiffs' motion to sever five of the seven Small Distributors from the Track One trial. Plaintiffs did not, however, move to sever *de minimis* distributors Henry Schein, Inc. and Henry Schein Medical Systems, Inc. The Henry Schein entities remain in the first bellwether trial scheduled for October 2019 and this motion remains ripe for consideration.[1]

**Issues:** In response to Plaintiffs' opposition memorandum, the Small Distributors make two chief points.

First, Plaintiffs' lead argument that the Small Distributors are not *de minimis* in the aggregate has no bearing on this motion. Plaintiffs cannot survive summary judgment by pointing to collective evidence; they must carry their burden with respect to each defendant in a multi-defendant case to survive judgment as a matter of law.

Second, Plaintiffs' backup, individuated arguments against each Small Distributor fail to create any issue of material fact. The Small Distributors' respective shipments of opioids are not weighed in a vacuum, as Plaintiffs suggest. They are considered against the context of an epidemic—a backdrop that renders them trifling. And Plaintiffs' last-ditch gripes about the adequacy of the Small Distributors' suspicious-order-monitoring systems are simply immaterial: even if the Small Distributors should have flagged the orders Plaintiffs say they should have flagged—an idea the Small Distributors otherwise dispute—those orders were insufficient to result in diversion that could cause, or contribute substantially to cause, an epidemic.

Plaintiffs seek to hold Defendants, including those with market share as low as 0.01 percent, jointly and severally liable on their claims for conspiracy and public nuisance. The *de minimis* doctrine, then, is especially implicated here, since that 0.01 percent actor could otherwise find itself jointly and severally liable for a judgment totaling billions of dollars. The doctrine provides the legal vehicle to protect against such gross inequity.

---

[1] By way of reminder, Henry Schein Medical Systems, Inc. is not, and has never been, a distributor of opioids.