<em>In re National Opiate Litigation:  MDL 2804</em><br>
<strong>Summary Sheet of Concise Issues Raised</strong>

**Reply Name:**  The Non-RICO Small Distributors' Reply Memorandum in Support of Their Motion for Partial Summary Judgment on Plaintiffs' "Failure to Report" and "Fraud on the DEA" Claims.

**Procedural Posture:**  The Court granted Plaintiffs' motion to sever three of the four Non-RICO Small Distributors from the Track One trial.  However, Plaintiffs did not move to sever Non-RICO Small Distributor Henry Schein, Inc. and Henry Schein Medical Systems, Inc.  The Henry Schein entities remain in the first bellwether trial scheduled for October 2019 and this motion remains ripe for consideration.[1]

**Opposing Parties**:  Plaintiffs Summit County and Cuyahoga County

**Issue No. 1:**  The Sixth Circuit forbids "savvy plaintiffs" to avoid *Buckman* preemption by dressing up their claims with state law labels.  Where, as here, if even just an element of a claim or a part of a claim alleges "failure to report" to or "fraud on the DEA," or even simple non-compliance with the CSA, then the entire claim is preempted under *Buckman* or barred by the CSA's lack of a private cause of action and a private remedy.

**Issue No. 2:**  Ohio federal courts hold that Ohio common-law does not impose a duty to not defraud a federal agency or to make reports to an agency that federal law might itself require.  Plaintiffs do not contest this point and thereby admit that they are not relying on traditional state tort law that predated the CSA.  Their claims, therefore, are both preempted and barred.

**Issue No. 3:**  Plaintiffs cannot escape these settled rules by arguing that Ohio state courts allow evidence of federal law violations to support state law claims.  This federal court is constrained by the subject matter jurisdictional limits and separation-of-powers principles in Article III, and may not indulge state law evidentiary rules to allow an escape from substantive federal law proscriptions.

**Issue No. 4:**  Plaintiffs' argument that *Wyeth v. Levine* somehow limits *Buckman* preemption has been universally rejected.  Nor is 21 U.S.C. § 903 a "savings clause," as Plaintiffs argue, but even if it were, *Buckman* makes clear that neither an express pre-emption provision nor a savings clause bars the ordinary working of conflict pre-emption principles.

**Issue No. 5:**  Finally, Plaintiffs failed to address the Small Distributors' argument that Plaintiffs' claims that they were harmed by the Small Distributors' alleged failure to report enough "suspicious orders" to the DEA are barred as a matter of law as speculative and lacking any evidentiary support.  Accordingly, they must be deemed to have abandoned that claim.

Filing Date:  June 28, 2019
Response Date:  July 31, 2019
Reply Date:  August 16, 2019

---

[1] By way of reminder, Henry Schein Medical Systems, Inc. is not, and has never been, a distributor of opioids.