# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| This document relates to: | |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* <br> Case No. 1:18-op-45090 (N.D. Ohio) | **MDL No. 2804** <br> **Case No. 17-md-2804** <br> **Judge Dan Aaron Polster** |
| *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al*. <br> Case No. 1:17-op-45004 (N.D. Ohio) | |

**SUMMARY SHEET FOR REPLY TO MEMORANDUM OF LAW IN SUPPORT OF
PHARMACY DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT ON CAUSATION (ECF 1869 & 2203)</u>**

Plaintiffs fail to answer Pharmacy Defendants' arguments for summary judgement on causation. Rather than identifying any evidence for the steps in the chain of causation challenged by Pharmacy Defendants—(1) that any flagged order would ultimately have been found to be suspicious after investigation; (2) that any diversion from such a suspicious order occurred; and (3) that Plaintiffs suffered injuries from such diversion from suspicious orders—Plaintiffs instead discuss foreseeability and breach. With respect to evidence of diversion from suspicious orders, the only evidence upon which Plaintiffs rely was a statement by expert James Rafalski that they explicitly withdrew in their opposition to the Rafalski *Daubert* motion. Nor can Plaintiffs rely on substantial factor causation to evade the requirement that they prove but-for causation.

Plaintiffs have failed to develop the evidence required to support their claims against Pharmacy Defendants, and summary judgment is warranted.