# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| This document relates to: | |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* <br> Case No. 1:18-op-45090 (N.D. Ohio) | **MDL No. 2804** <br> **Case No. 17-md-2804** <br> **Judge Dan Aaron Polster** |
| *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al*. <br> Case No. 1:17-op-45004 (N.D. Ohio) | |

**SUMMARY SHEET FOR REPLY TO MEMORANDUM OF LAW IN
SUPPORT OF RITE AID OF MARYLAND'S
MOTION FOR SUMMARY JUDGMENT (ECF 1870 & 2185)**

The uncontroverted evidence shows that Rite Aid of Maryland's suspicious order monitoring ("SOM") system was in place, effective, and praised by DEA and Maryland auditors. Because (as Plaintiffs admit in other filings) the effectiveness of a SOM system is a complex issue far outside the common experience of lay jurors, Plaintiffs' claims required them to present expert testimony. But Plaintiffs have no expert to testify of any deficiency in Rite Aid's SOM system.

Plaintiffs cannot evade their need for an expert by relying on the number of suspicious orders reported by Rite Aid. Rite Aid would be unlikely to have suspicious orders because it distributed only to its own pharmacies (Rite Aid thus thoroughly knew its customers), never distributed Schedule II controlled substances, and passed its audits with flying colors. Without expert testimony, Plaintiffs have no evidence of breach.

Nor have Plaintiffs produced evidence of causation as to Rite Aid. This failure is unsurprising in light of Rite Aid's distribution of only a miniscule share of opioids for a limited time during the limitations period. Summary judgment in favor of Rite Aid is warranted.