# Exhibit A

**SUMMARY SHEET FOR REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF
<u>DAVID A. KESSLER, M.D. AND MATTHEW PERRI, III BS PHARM, Ph.D., RPh</u>**

Plaintiffs concede—as they must—that the generic "principles of marketing" applied by Plaintiffs' marketing expert, Professor Perri, is not an actual methodology. Plaintiffs say Perri instead used a "case study methodology." Plaintiffs do not identify any parameters applied by Perri in this alleged analysis, so his process cannot be replicated or tested. In this way, Perri's "case study methodology" suffers from the same fatal flaw as his ill-conceived "principles of marketing" approach: it is not a rigorous methodology but is instead standard-less and subjective. For this reason alone the Court should exclude Perri.

Further, Perri was instructed by Plaintiffs' lawyers to assume all prescription opioid marketing was unlawful. Perri did not test that assumption, but simply accepted it even though it is absolutist, demonstrably false, and sweeps within its reach marketing that was lawful or consistent with the FDA's approval of certain prescription opioids as safe and effective to treat chronic non-cancer pain. That faulty assumption is the basis for Perri's opinion that "Defendants' marketing failed to adhere to industry standards," and does not fit the facts or law of this case.

Dr. David Kessler is the other expert who is a subject of this challenge. He intends to offer legal opinions, but he cannot. Plaintiffs claim Kessler's opinions are not legal conclusions, but they intend to have Kessler testify that Defendants allegedly violated FDA regulations. This would be an inadmissible legal opinion.

Finally, as previously demonstrated, the opinions of Perri and Kessler are nothing more than a thinly veiled attempt by Plaintiffs to cloak in expert garb a closing argument that narrates the evidence Plaintiffs most want in front of the jury. As Plaintiffs appear to concede, the experts may present facts from which the jury can infer intent, but the experts cannot opine on any Defendants' intent.