# Exhibit A

**SUMMARY SHEET FOR REPLY IN SUPPORT OF
MANUFACTURER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFFS' RICO, OCPA, AND CONSPIRACY CLAIMS**

Plaintiffs' theory of their RICO, OCPA, and conspiracy claims is a moving target even at this late stage of the litigation, making it all the more apparent that they cannot establish essential elements of these claims.

First, Plaintiffs fail to point to evidence of any "enterprise" through which the Manufacturer Defendants racketeered, or even definitively identify the members of the alleged enterprises.  Indeed, despite previously claiming that Key Opinion Leaders and healthcare organizations were essential associates of the alleged RICO Marketing Enterprise, Plaintiffs have now disavowed that they were members of a Marketing Enterprise at all.  Regardless, Plaintiffs cannot show that the members of the alleged RICO Marketing Enterprise (whoever they are) acted with a common unlawful purpose, or coordinated to achieve any purpose at all.  The only evidence they point to consists of scattered communications from the early 2000s between individual Manufacturer Defendants—not coordination among all five entities to "expand the market" for long-term opioid use, and certainly not coordination throughout the following fifteen years, as Plaintiffs allege.

Similarly, Plaintiffs fail to establish the existence of the alleged RICO Supply-Chain Enterprise.  Their only evidence shows that certain Manufacturers consulted with Distributors to comply with DEA requests, or otherwise engaged in constitutionally protected lobbying efforts.

Second, Plaintiffs cannot show that they were injured by any conduct of, or committed through, the alleged Marketing Enterprise or Supply-Chain Enterprise.  Plaintiffs flip-flop between identifying branded and unbranded marketing as the alleged "racketeering" conduct, because they know that no single cohesive theory could possibly establish a RICO violation.  But even separately, neither branded nor unbranded marketing fits the mold.  The very nature of branded marketing—to sell more product than your competitor—could not have been coordinated through a "Marketing Enterprise" allegedly made up of those competitors.  The alleged unbranded marketing was created almost exclusively by the same third parties that Plaintiffs now assert were not associates of any enterprise.  Yet Plaintiffs have produced no evidence that the Marketing Defendants controlled those third parties collectively through deliberate coordination—as Plaintiffs are required to prove to show that this third-party conduct occurred through the alleged Enterprise.  In any event, Plaintiffs' expert, Meredith Rosenthal, made no effort to analyze which of Plaintiffs' alleged injuries were caused by branded marketing that occurred through the alleged Marketing Enterprise.  Instead, Rosenthal merely accepted the instruction of Plaintiffs' lawyers and assumed that all Defendants' marketing was unlawful and actionable under RICO.  Rosenthal made no attempt to test that absurd assumption, to distinguish lawful from allegedly unlawful marketing, or to measure the alleged effects of the pattern of racketeering alleged by Plaintiffs.

Similarly, the conduct that Plaintiffs assert occurred through the alleged RICO Supply-Chain Enterprise was protected lobbying that cannot constitute racketeering.  Plaintiffs have not created a genuine issue that Defendants' alleged failure to report suspicious orders occurred ***through*** the conduct of the supposed RICO Supply-Chain Enterprise's affairs.

1

Third, Plaintiffs have not established that any of the Manufacturer Defendants' conduct factually or proximately caused their injuries, and Defendants respectfully submit that Plaintiffs are not permitted to recover for indirect harm, and especially not third-party personal injuries.