IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION )<br>)<br>)<br>This document relates to: )<br>)<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* )<br>Case No. 18-op-45090 )<br>)<br>and )<br>)<br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.* )<br>Case No. 1:18-op-45004 )<br>) | MDL No. 2804<br>Case No. 17-md-2804<br>Hon. Dan A. Polster |

**EXHIBIT A**
**SUMMARY SHEET FOR DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Brief Name:** Defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson's Reply in Support of Defendants' Motion for Summary Judgment

**Moving Parties:** Janssen Pharmaceuticals, Inc. and Johnson & Johnson ("Defendants")

**Concise Description of Issues:**

Issue 1: Do Plaintiffs identify any genuine dispute of fact about whether Janssen's promotional activities caused their injuries?

Answer: **No.** Janssen's branded marketing could not have caused the Counties' opioid abuse crisis because Janssen's medications occupied a small share of the market and were rarely abused. Plaintiffs' anecdotal evidence about an unknown number of Duragesic overdoses does not suggest otherwise. Plaintiffs' attempt to establish Janssen's liability based on speech by third-party doctors and advocacy organizations fails because Plaintiffs identify no evidence that Janssen influenced or controlled that speech, and those third parties' statements were non-commercial scientific speech protected by the First Amendment. Similarly, Plaintiffs' attempt to establish liability based on a handful of general statements about opioids by Janssen fail because Plaintiffs have no evidence quantifying any effects from those cherry-picked statements. No reasonable jury could conclude that Janssen's promotional statements caused the Counties' opioid abuse crisis.

Issue 2:  Do Plaintiffs identify any genuine dispute of fact about whether Janssen's suspicious order monitoring system caused their injuries?

Answer:  **No.**  Janssen's suspicious order monitoring program had a perfect DEA compliance record, and Plaintiffs identify no aggregate or individual proof suggesting that Janssen ever failed to report any suspicious orders.  The lone authority Plaintiffs cite in hopes of defeating summary judgment is wholly distinguishable.  No reasonable jury could conclude that Janssen's suspicious order monitoring system was legally inadequate or that it caused the Counties' opioid abuse crisis.