# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track One Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**SUMMARY SHEET FOR REPLY MEMORANDUM OF THE TEVA AND THE ACTAVIS GENERIC DEFENDANTS IN SUPPORT OF THEIR MOTION FOR <u>SUMMARY JUDGMENT</u>**

Plaintiffs concede that they must "prove their claims against *each individual defendant* based upon *each defendant's* alleged wrongdoing."[1] It is now clear they cannot satisfy that burden with respect to the Teva and Actavis Generic Defendants. Summary judgment should be entered.

*First*, Plaintiffs fail to present evidence sufficient to prove the core elements of their false marketing claims[2]—and, indeed, Plaintiffs do not even attempt to provide evidence to meet each element. The undisputed record shows why. Teva USA and the Actavis Generic Defendants sold generic medicines. They did not promote them, nor make representations about their safety or efficacy. Thus, there is no evidence of false marketing or causation as to those generic medicines.

As to branded medicines, Cephalon and Teva USA only ever sold two short-acting opioids (Actiq and Fentora) indicated for the treatment of breakthrough cancer pain. Plaintiffs do not identify a single false statement made about either of these medicines in either County—much less one that a prescriber relied upon. They also ignore that, since March 2012 (*i.e.*, throughout the limitation period), prescribing doctors, patients, pharmacists, and distributors all have been legally obligated to acknowledge in writing the risks associated with those medicine—and prescribers must counsel their patients about those risks—as part of the TIRF REMS Program. While Plaintiffs try to escape this undisputed evidence by pointing to the statements of third parties, they offer no evidence that any Moving Defendant controlled or influenced those third parties—and the undisputed evidence is that they did not. There is nothing unlawful about a pharmaceutical company providing financial support to third-party organizations that independently advocate for pain treatment. To the contrary, that is constitutionally-protected conduct.

*Second*, Plaintiffs cannot proceed with their claims premised on alleged deficiencies in Moving Defendants' safeguards against diversion. Plaintiffs wrongly assert, based upon a misreading of the law, that the Moving Defendants' suspicious-order monitoring ("SOM") systems were inadequate. The evidence and the law are to the contrary. But even if those systems were inadequate, summary judgment still would be required because Plaintiffs have failed to present any evidence that Moving Defendants filled a single suspicious order in the Counties (or anywhere else).

*Third*, Plaintiffs fail to introduce *any* evidence as to nearly all of the fourteen Teva-affiliated companies Plaintiffs chose to sue. This lack of evidence as to "each individual Defendant" independently requires summary judgment.

*Finally*, all claims are barred by the applicable limitation period. Plaintiffs have failed to adduce any evidence of misconduct by any of the Teva and Actavis Generic Defendants after October 2012.

---

[1] Pls.' Mot. to Sever, ECFf No. 2099, at 2.
[2] These elements include a (1) false statement by the Moving Defendants to a doctor in Summit or Cuyahoga County (the "Counties"); that (2) caused that doctor to write an inappropriate prescription; that (3) led the patient to become addicted, overdose, or suffer some injury; which (4) led to financial harm to the Counties or conditions meeting the legal definition of a public nuisance.

2