# EXHIBIT A

*In re National Prescription Opiate Litigation: MDL 2804*

**Walgreens' Reply in Support of Its Motion
for Summary Judgment – Summary Sheet**

Walgreens moved for summary judgment because, even if Plaintiffs could prove that Walgreens violated the CSA by shipping suspicious orders of prescription opioids to the Track One counties without adequate due diligence (they cannot), and even if Plaintiffs' claims against Walgreens were not completely barred by the statutes of limitations (they are), Plaintiffs ***still*** cannot point to any evidence that pills Walgreens shipped to its stores in Cuyahoga or Summit Counties were ***actually diverted*** out of legitimate medical channels. In response to Walgreens' motion, Plaintiffs effectively concede as much. Without evidence of diversion, Plaintiffs cannot connect any allegedly wrongful conduct by Walgreens to any alleged harm.

In response, Plaintiffs suggest that it may be enough merely to allege technical violations of the CSA and a high volume of shipments. It is ***not*** enough. As Walgreens explained in its opening brief, the DEA has flatly dismissed the idea that volume alone indicates (let alone proves) actual diversion and Plaintiffs' own law enforcement officials agree. It is clear that Plaintiffs must show actual diversion to prove causation. They cannot.

Indeed, Plaintiffs have not pointed to ***any*** evidence of ***any*** diversion from ***any*** Walgreens store in either of the Track One counties. Plaintiffs do not dispute that there is no evidence in this case that any Walgreens pharmacy in Cuyahoga or Summit County filled even one invalid prescription. Because there is no evidence of diversion, Plaintiffs cannot prove that Walgreens caused any of their claimed injuries. Therefore, all of Plaintiffs' claims fail as a matter of law, and the Court should enter judgment in favor of Walgreens.

| | |
|---|---|
| **Filing Date:** | June 28, 2019 |
| **Response Date:** | July 31, 2019 |
| **Reply Date:** | August 16, 2019 |