# EXHIBIT A

***In re National Prescription Opiate Litigation:* MDL 2804**

**Reply in Support of Defendants' Motion to Exclude Opinions Offered by James Rafalski – Summary Sheet**

Defendants moved to exclude five opinions offered by Plaintiffs' suspicious order monitoring (SOM) expert James Rafalski, because he provided no basis for them. In response, Plaintiffs retracted two of those opinions. Chief among them, Plaintiffs concede that, contrary to his deposition testimony, Rafalski will "***not*** offer opinions about the number of orders that were in fact diverted." Resp. at 2 (emphasis in original). Plaintiffs also concede that Rafalski's so-called "key components" of a SOM system are ***not*** required by DEA regulations. *Id.* at 8, 10-11. Rafalski should be precluded from offering these two opinions at trial.

With respect to the remaining three opinions subject to Defendants' *Daubert* challenge, Plaintiffs still have not pointed to any admissible bases to support them. First, regarding Rafalski's opinion that a registrant must document and retain due diligence records "forever," Rafalski offers no basis other than his own say-so, and the opinion fails to take into account the official, contrary view of DEA. Second, regarding Rafalski's opinion that a distributor must halt ***all*** shipments to a customer following the flagging of a ***single*** potentially suspicious order, Plaintiffs attempt to rely on evidence that Rafalski did not disclose in his report, and that fails to support the opinion in any event. Third, regarding his opinion that manufacturers are required to use chargeback and prescription data to monitor suspicious orders, Plaintiffs continue to rely on Rafalski's "personal experience bringing administrative actions against registrants"—experience that DOJ instructed him not to disclose in his *Touhy* authorization letter and that Rafalski refused to testify about.

Plaintiffs do not dispute that Rafalski was required to disclose ***all*** bases for his opinions in his report under Rule 26, or that the Court is required to strike opinions where no basis has been disclosed under Rule 37. The Court should rule that Rafalski may not offer these three challenged opinions at trial, either.

Filing Date: June 28, 2019
Response Date: July 31, 2019
Reply Date: August 16, 2019