# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Master Docket No. |
| | 1:17-MD-02804-DAP |
| **This document relates to:** | Hon. Judge Dan A. Polster |

*Rees v. McKesson Corporation, et al.*
MDL Case #1:18-OP-45252

*Wood v. Purdue Pharma L.P., et al*
MDL Case #1:18-OP-45264

*Salmons v. Purdue Pharma L.P., et al*
MDL Case #1:18-OP-45268

*Ambrosio v. Purdue Pharma L.P., et al*
MDL Case #1:18-OP-45375

*Flanagan v. Purdue Pharma L.P., et al*
MDL Case #1:18-OP-45405

*Whitley, et al. v. Purdue Pharma L.P., et al*
MDL Case #1:18-OP-45598

*Roach v. McKesson Corporation, et al.*
MDL Case #1:18-OP-45662

*Hunt v. Purdue Pharma L.P., et al*
MDL Case No. #1:18-OP-45681

*Moore v. Purdue Pharma L.P., et al*
MDL Case No. #1:18-OP-46305

*Doyle v. Actavis LLC, et al.*
MDL Case No. #1:18-OP-46327

*Hanlon v. Purdue Pharma LP, et al*
MDL Case No. #1:19-OP-45052

1

## NAS BABY PLAINTIFFS' STATUS REPORT IN RESPONSE TO THIS COURT'S BENCH ORDER OF AUGUST 7, 2019

MAY IT PLEASE THE COURT:

The above-captioned NAS Baby Plaintiffs ("Plaintiffs"), through undersigned counsel, respectfully submit the following status report in response to the directives of this Court at its August 7, 2019 status conference.

### BACKGROUND

On July 11, 2019, the Court issued deadlines to govern class certification procedure. Doc. 1829. On July 22, 2019, Plaintiffs sought relief from the deadlines set forth in this Order by filing a Motion for Leave to File Plaintiffs' Motion for Expedited Case Management Conference. Doc. 1943. Specifically, Plaintiffs sought an abbreviated period of time to review and conduct discovery before filing their motions for class certification. *See Doe v. City of Memphis*, No. 18-5565, 2019 WL 2637637, at *11 (6th Cir. June 27, 2019) (reversing trial court order striking class allegations) ([T]he motion [to strike] was filed before Plaintiffs had an opportunity for meaningful discovery—making *Wal-Mart Stores, Inc.* inapposite….[O]n remand further discovery could provide Plaintiffs with evidence of commonality and could result in certification of a class.")

As the Court is aware, Plaintiffs have sought to play a meaningful role within the overall litigation since the earliest stages of this MDL. As early as May 10, 2018, Plaintiffs formally requested that the Court lift the stay with respect to one or more NAS Baby cases, permit these cases to proceed with limited class discovery, and access the ARCOS database. *See Ex. 1*. (*Ltr. from S. Bickford to D. Cohen*). Barring that, Plaintiffs twice moved the Court to create a separate NAS Baby Track. Docs. 540, 895. The *Hanlon* Plaintiffs moved the JPML to vacate CTO-57

2

and the *Ambrosio* Plaintiffs moved to create a new MDL, both in a bid to have a voice in the discovery and prosecution their claims.  MDL No. 2804, Doc. 2840;  MDL No. 2872, Doc. 1.

Plaintiffs have yet to be permitted to conduct discovery and it wasn't until July 12, 2019 that Plaintiffs were allowed to access either the ARCOS database or any of the documents or testimony adduced through discovery by the PEC.  The information withheld by the PEC was voluminous. The discovery database holds over 130 million pages of discovery responses, and nearly five hundred depositions. The ARCOS database contains distribution data presented in a number of discrete spreadsheets and data files for each county in the Country.  Despite repeated requests for access to unredacted version of pleadings and exhibits filed under seal, the PEC did not provide access to those documents until July 30, 2019 after being forced by order of this Court. These unredacted pleadings and exhibits comprise thousands of files.

In light of the voluminous materials Plaintiffs had to review and the few additional areas of discovery identified by Plaintiffs as necessary for class certification proceedings but not yet conducted by the PEC,[1] Plaintiffs conferred with the Defendants to propose a case management order to the Court.  At the request of the Defendants, the timeline for discovery and briefing in the proposed order transmitted to Special Master Cohen was extended to address Defendants' needs, stretching out for many months the timeline Plaintiffs had initially proposed.

The Court denied Plaintiffs' Motion for Leave to File Plaintiffs' Motion for Expedited Case Management Conference but instead invited counsel to appear before the Court on August 7, 2019 for a status conference "to discuss discovery-related issues." Doc. 2030.  At this status conference,

---

[1] NAS Baby Counsel developed ESI terms in accordance with an assignment by Joe Rice.  Ex. 2.  Based on our initial review of the discovery materials, it appears these areas of discovery pertinent to the NAS Baby claims were not taken.

3

the Court stated in no uncertain terms that it did not believe Plaintiffs' could be certified as pled[2]; expressed uncertainty Plaintiffs' cases belonged in the MDL[3]; repeatedly suggested that Plaintiffs "go back to the drawing board,"[4] and stated that in the interim (or in the absence of Plaintiffs' adopting a different approach), the Court was not going to take action[5]. This status report is submitted in response to the Court's August 7, 2019 bench order.

## CURRENT EFFORTS OF NAS BABY PLAINTIFFS

In response to the directives of this Court, Plaintiffs have revisited the drawing board. NAS Baby counsel have a team of attorneys reviewing as much of the 130 million pages of discovery responses, five hundred depositions, ARCOS data and thousands of files of redacted pleadings and pleading exhibits as practicably and humanely as possible to buttress (and streamline) their causes of action to meet the Court's concerns, and to pare the discovery they will seek to only those areas not conducted by the parties to the MDL.

---

[2] "I – I don't think, I have great doubts whether this is a viable nationwide class action." Doc. 2151, p. 11. "I think these are unworkable cases, unmanageable cases." *Id* at 12. "Because what you've got, I don't think is manageable, workable in this court or maybe any other court." *Id* at 14.

[3] "These cases, of course, are dramatically different from the other cases in the MDL. It's not clear to me they really belong here, but they were transferred to this Court." Doc. 2151, p.3.

[4] THE COURT: Well, let's start -- why don't you withdraw this -- why don't you withdraw this, go back to the drawing board…." Doc. 2151, p.10. "I suggest you go back to the drawing board and figure out what you want to do and how you want to do it and where you want to file it. All right?" *Id* at 14. "You go back to the drawing board, come up with some -- a new case or cases." *Id* at 15. "So you go back to the drawing board. If you have something else you end up presenting, I'll at some point, when I have the time, I'll take a look at it. But I think you should strongly reconsider whether you need to have a separate case…." *Id* at 19.

[5] "So I suggest you all go back -- I'm doing nothing. You go back to the drawing board, come up with some -- a new case or cases. If you think there's a class action case that should be brought, bring it. I'll look at it." Doc. 2151 at 15.

In furtherance of this Court's bench order, Plaintiffs propose and request that they be granted until September 16, 2019 to move for leave to file amended complaints in the four cases subject to Doc. 1829. Plaintiffs further request that they be granted until September 23 to confer with the Defendants and propose an agreed scheduling order that will permit the Court to hold a class certification hearing by the end of the year.

Respectfully submitted,

/s/ Scott R. Bickford
MARTZELL, BICKFORD & CENTOLA
Scott R. Bickford (La. 01165)
Spencer R. Doody (La. 27795)
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone: 504-581-9065


/s/ Donald Creadore
THE CREADORE LAW FIRM, P.C.
Donald Creadore (NY Reg. No. 2090702)
450 Seventh Avenue – 1408
New York, NY 10123
Telephone: 212-355-7200
Facsimile: 212-583-0412
Email: Donald@creadorelawfirm.com

/s/ Celeste Brustowicz
COOPER LAW FIRM, LLC
Celeste Brustowicz (pro hac vice)
Barry J. Cooper, Jr. (pro hac vice)
Stephen H. Wussow (pro hac vice)
Victor Cobb (pro hac vice)
1525 Religious Street
New Orleans, LA 70130
Telephone: 504-399-0009
Email: cbrustowicz@sch-llc.com

/s/ Kevin W. Thompson
THOMPSON BARNEY LAW FIRM
Kevin W. Thompson (pro hac vice)
David R. Barney, Jr. (pro hac vice)
2030 Kanawha Boulevard
East Charleston, WV 25311
Telephone: 304-343-4401
Facsimile: 304-343-4405
Email: kwthompsonwv@gmail.com

6

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed via the Court's electronic filing system on August 19, 2019. Notice of this filing will be sent by e-mail through the Court's electronic case-filing system to all counsel of record.

>  */s/Scott R. Bickford*
>  Scott R. Bickford