

**Martzell, Bickford & Centola APC**
Attorneys at Law

John R. Martzell (1937-2007)
Scott R. Bickford *
Lawrence J. Centola, III

Spencer R. Doody
Neil F. Nazareth
Jason Z. Landry
Christopher H. Carbine

Byron J. Jeanice
Office Administrator

* also licensed in
Texas and Colorado

May 14, 2018

Via E-Mail david@davidrcohen.com
Special Master David R. Cohen
Law Office of David R. Cohen
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122

  Re: In Re: National Prescription Opiate Litigation
     Case No. 1:17-CV-2804
     NAS Babies

Dear Special Master Cohen:

On behalf of my colleagues and myself, we want to thank you, Special Master McGovern and Special Master Yanni for the opportunity to address the Court concerning NAS babies. We are sensitive to the Court's concern of overloading the litigation to the point that no meaningful resolution can be reached; however, NAS babies represent a finite-identifiable subset of blameless victims affected by the opiate crisis. Considering their plight has prompted national news coverage, the recognition and resolution of their health needs present a unique opportunity for the Court to visibly protect the most innocent victims of this extensive and indiscriminate crisis.

Unique qualities common to this class- identifiable and blameless- coupled with our medical monitoring claims present an opportunity to pay direct victim compensation, assist health care providers with epidemiological data, and make an immediate impact on resolving the Opioid Crisis. In the same manner that the ARCOS database will assist the Attorneys General in prosecuting their claims against bad actors, we believe that our injunctive relief claims will have a different but equal effect.

Please accept this proposal that we briefly outlined in Court at the May 10, 2018 status conference.

- Lift the stay with respect to one or more of the NAS class actions West Virginia, Tennessee, Louisiana, Maryland, California and/or Illinois.
- Permitting these cases to proceed with class discovery and motion practice will set up an inquiry into class-wide issues which will inform decisions about the Defendants' relative exposure.
- Discovery would seek evidence of causation of actual damages for out-of-pocket sums for class representatives, and we will break out opioid-weaning treatment costs using ICD-9 codes.

338 Lafayette Street, New Orleans, Louisiana 70130
P: 504-581-9065 | F: 504-581-7635 | mb@mbfirm.com | www.mbfirm.com

Special Master David R. Cohen
May 14, 2018
Page Two

- Access to the ARCOS database will further help to identify absent class members, quantify damages, support Plaintiffs' allegations regarding the diversionary market, and prove market share. Evidence extracted from the ARCOS database will ultimately aid in reaching settlement by providing a path to an evidence-based discussion about parsing liability amongst Defendants.

Our plan for medical monitoring and epidemiology is necessary because (1) medical knowledge about the unknown, latent negative health impacts of NAS is evolving; and (2) epidemiological data gathered via medical monitoring of the NAS class will assist evolution of such medical knowledge. We foresee this plan yielding the same sorts of benefits as realized by a program serving coalfield populations.

We envision an irrevocable, court-administered, replenishing medical trust to which health care professionals providing NAS-related treatment or testing would submit invoices directly to the trust administrator for direct payment and data release. This fund would also pay for the cost of on-going epidemiological research.

The ultimate goal is that the exchanged evidence will prove a range of class-wide damages for past treatment, provide a basis for a trust fund to pay future medical costs associated with latent injuries, and to fund a medical monitoring program which will include screening for latent injuries. This monitoring will also aggregate epidemiological evidence to identify developing trends and meet needs discovered in the future.

We intend on sending under a separate cover a proposed CMO for a separate NAS baby track. The steps we envision form the basis to adequately and accurately assess the size, scope and magnitude of the problems posed by babies born with Neonatal Abstinence Syndrome with the ultimate aim to have informed settlement discussions.

Respectfully,

MARTZELL, BICKFORD & CENTOLA

Scott R. Bickford

SRB/jh

cc: Special Master Francis E. McGovern, II (via e-mail mcgovern@law.duke.edu)
      Special Master Catherine A. Yanni (via e-mail cathy@cathyyanni.com)
      Joseph F. Rice (via e-mail jrice@motleyrice.com)

## Judy M. Heinrich

| | |
|---|---|
| **From:** | Scott R. Bickford |
| **Sent:** | Monday, May 14, 2018 3:26 PM |
| **To:** | david@davidrcohen.com |
| **Cc:** | mcgovern@law.duke.edu; Internet Mailbox; jrice@motleyrice.com; cathy@cathyyanni.com |
| **Subject:** | NAS BABIES FOLLOW UP |
| **Attachments:** | SM Cohen 2018.05.14.pdf |

Please see attached

Thank you

Scott

**Scott R. Bickford**
Martzell, Bickford & Centola
338 Lafayette St.
New Orleans, LA 70130
**Phone : 504-581-9065**
**Fax : 504-581-7635**
SRB@MBfirm.com



Martzell, Bickford, and Centola

Confidentiality Notice: The information contained in this e-mail (and/or the documents accompanying it) is private and confidential information belonging to the sender which may be protected by the attorney-client privilege, attorney work product or other legal privileges. Delivery of this message to any person other than the intended recipient is not intended in any way to waive privilege or confidentiality. The information is intended only for the use of the individual(s) identified above and others who have been specifically authorized to receive it. If you are not the intended recipient or believe that you have received this communication in error, do not print, copy, retransmit, disseminate, or otherwise use the information. If you have received the transmission in error, please alert the sender that you have received this email by reply e-mail and delete the copy you received. Thank you.