# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATED TO:<br><br>All Cases<br><br>    and<br><br>*The County of Summit, Ohio, et al., v. Purdue Pharma L.P. et al.,*<br>Case No. 18-op-45090 | Case No. 1:17-md-2804<br>Case No. 18-op-45090<br><br>Judge Dan Aaron Polster<br><br>**ORDER APPOINTING**<br>**INTERIM CLASS COUNSEL** |

On July 9, 2019, putative Class Counsel, on behalf of 51 proposed Class Representatives, filed a Renewed and Amended Motion for Certification of a Rule 23(b)(3) Cities/Counties Negotiation Class.  Doc. #: 1820.  The proposed class is defined as:

> all counties, parishes, and boroughs (collectively, "counties"); and all incorporated places, including without limitation cities, towns, villages, townships, and municipalities, as defined by the United States Census Bureau (collectively "cities") as listed on the Opioids Negotiation Class website, opioidsnegotiationclass.com.

Doc. #: 1820 at 3.  The Motion seeks certification for the purpose of enabling the Class's representatives and counsel to negotiate settlements with various national defendants on behalf of this nationwide class.  Some Defendants, Doc. ##: 1949, 2057, a few putative class members, Doc. ##: 1958, 2064, and, notably, 37 State Attorneys General, as well as the Attorneys General

1

of the District of Columbia and Guam, Doc. ##: 1951, 1955, urge the Court to reject the motion. The Motion has been fully briefed and heard and is under advisement.[1]

Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Federal Judicial Center explains that "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004). Such clarification is important in this case for three reasons. *First*, negotiations with numerous Defendants are ongoing. *Second,* at least five of the lawyers on the seven-member MDL negotiation team, Doc. #: 118—Russell Budd, Elizabeth Cabraser, Paul Geller, Joe Rice, and Troy Rafferty—simultaneously represent entities seeking certification of the Class and States that fundamentally oppose the Class's formation. *See* Doc. ##: 1949 at 16-18; 1949-2 at 16-17. These lawyers therefore have a conflict of interest that bars them from representing, and negotiating on behalf of, the putative class. *Third,* in their filings regarding this motion, the Attorneys General have asked the Court to limit the scope of any authority that class counsel would enjoy, if it does not outright deny the motion. Doc. #: 1951 at 3-4. For these reasons, the Court finds that appointment of interim class counsel, with an order clarifying the lawyers' roles and scope of authority, would promote the just and efficient administration of these proceedings. Fed. R. Civ. P. 1.

---

[1] As stated at the hearing on August 6, 2019, the Court views the scope of the claims and issues proposed for certification through the lens of the complaints filed by Summit County, Ohio, Doc. ##: 513, 1466, which are the basis for the Court's Order adopting a short-form complaint process in this MDL. Doc. # 1203. The Summit County, Ohio case number is accordingly attributed to this class certification motion and related orders.

Rule 23(g)(1) sets forth four factors courts *must* consider in the appointment of class counsel:  "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).  The Rule also states that the Court "*may* consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the [putative] class."  Fed. R. Civ. P. 23(g)(1)(B) (emphasis added).  "While neither Rule 23(g) nor the Advisory Committee note clearly indicate whether the factors outlined in subsection 23(g)(1) apply to a court's appointment of interim counsel, courts have held that these requirements do apply and have accordingly employed them in appointing interim counsel." 1 William B. Rubenstein, *Newberg on Class Actions* § 3:85 (5th ed.); *see also id.* at n.5 (citing cases); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) ("Courts have determined that the considerations set out in Rule 23(g)(1), which govern the appointment of post-certification class counsel, are equally applicable to a decision on whom to designate as interim class counsel.").

Movants propose the "the appointment of Jayne Conroy and Christopher Seeger as Co-Lead Negotiation Class Counsel and Gerard Stranch, Louise Renne, Zachary Carter, and Mark Flessner as Negotiation Class counsel," Doc. #: 1820 at 2, and have submitted Declarations from five of these lawyers, and a letter from one other, attesting to their experience, knowledge of the case, and willingness to commit resources, Doc. ##: 1820-1, Ex. A; 1821.  These documents demonstrate that Seeger is a very experienced and successful class action attorney, fully qualified to represent the Class.  Two of the remaining five (Conroy and Stranch) have significant and impressive experience in leadership roles in mass tort MDLs in particular, Doc. #: 1820-1, Ex. A,

while the remaining three are or were legal counsel for large cities (Renne/San Francisco; Carter/New York; and Flessner/Chicago), Doc. #: 1820-1 at 52. All have been involved in opioid-related litigation. Applying Rule 23(g)'s four factor test, the Court finds that these lawyers are well-situated to represent the Class. For present purposes, it is sufficient for the Court to appoint Conroy and Seeger as Interim Co-Lead Negotiation Class Counsel. If and when the Court approves the motion for certification of a negotiation class, it will expand the Counsel group to encompass all six proposed lawyers.

Although movants initially proposed that some of the aforementioned conflicted lawyers serve as Class Counsel, they no longer do so. Doc. #: 1820-1 at 69. Nonetheless, the Defendants point out that the conflicted lawyers continued to sign the moving papers and propose to continue negotiating for class members. Doc. #: 1949 at 17-18; *see also* Doc. #: 1820-1 at 52. The Court's Order below clarifies that only Interim Co-Lead Negotiation Class Counsel will represent the Class in settlement negotiations with Defendants and perform the related functions of Class Counsel moving forward.

In addition to proposing that Class Counsel would negotiate for the proposed nationwide class in seeking settlements with Defendants, movants also suggested that Class Counsel would be authorized to represent statewide groups of counties and cities in allocations negotiations with their State governments. Doc. #: 1820-1 at 53. The State Attorneys General letter strongly opposes this extension of Class Counsel's authority, Doc. #: 1951 at 3-4, arguing that, "States and their political subdivisions must be allowed to settle and resolve any allocation issues between themselves, without this Court's oversight and the unnecessary and improper federal court oversight and the Negotiation Class process proposed here." *Id.* at 4. The Court agrees with the States: the purpose of the proposed class is to facilitate negotiations between

4

counties/cities and Defendants, not to interfere with any of the States' settlement discussions or intrude in allocation discussions between a State and its own counties and cities.

Accordingly, it is hereby **ORDERED**:

1. Jayne Conroy and Christopher Seeger are appointed Interim Co-Lead Negotiation Class Counsel.

2. Interim Co-Lead Negotiation Class Counsel and only Interim Co-Lead Negotiation Class Counsel will (a) represent the Class in settlement negotiations with Defendants; (b) sign any filings with this or any other Court made on behalf of the Class; (c) assist the Court with functions relevant to a class action, such as but not limited to maintaining the Class website and executing a satisfactory notice program; and (d) speak on behalf of the Class in Court.

3. Interim Co-Lead Negotiation Class Counsel are authorized to negotiate settlements with Defendants on behalf of the putative class but are not authorized to negotiate on behalf of class members within a given State against their State government should allocation disputes arise during or following State settlements.

*/s/ Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:  August 19, 2019**