UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>Track One Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

# PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DISTRIBUTORS' CONSOLIDATED REPLY IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFFS' CIVIL CONSPIRACY, RICO AND OCPA CLAIMS
# (DKT. # 1904, 2183)

Plaintiffs Summit and Cuyahoga County respectfully move this Court for leave to file a short sur-reply to Distributors' Consolidated Reply in Support of Motions for Summary Judgment on Plaintiffs' Civil Conspiracy, RICO and OCPA Claims ("Distributors' RICO Reply").[1] Distributors' RICO Reply makes new arguments not previously raised in their Memorandum in Support of Distributor Defendants' Motion for Summary Judgment on Plaintiffs' RICO and OCPA Claims (Dkt. 1904) to which Plaintiffs request leave to file a short response. The proposed sur-reply is attached as Exhibit A.

A sur-reply is warranted in this instance because Distributors have raised new arguments in Distributors' RICO Reply. *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 548 (6th Cir. 2014) (when moving party submits new reasons in support of summary judgment in a reply brief "the district court should allow the nonmoving party an opportunity to respond"); *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003) ("When new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated, a problem arises with respect to Federal Rule of Civil Procedure 56(c)."); *Filtrexx Int'l, LLC v. Truelsen*, No. 5:12CV58, 2013 WL 587582, at *1 (N.D. Ohio Feb. 13, 2013) ("Because the defendants make new arguments … in their reply brief … the Court finds good cause for the plaintiff to file its surreply."). As this Court has today recognized, when defendants fail to develop an argument in their initial briefing, the Court should "decline[] to address arguments raised for the first time in Defendants' reply brief." Dkt. 2492, Opinion and Order Denying Motion to Exclude Keller at 3 n. 1 citing *Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951 (S.D. Ohio 2012) ("a reply brief is not the proper place to raise an issue for the first time").

---

[1] Distributors' RICO Reply has not yet been filed on the docket.

1

Specifically, Distributor Defendants are now attempting to challenge the predicate acts element of RICO[2] – while trying to couch it as part of their causation argument – after failing to dispute this element when they originally moved for summary judgement. *See* Distributors' RICO Reply at 19-21. Distributors' RICO Reply contends that Plaintiffs have abandoned both categories of predicate acts pled in their complaints: (1) mail and wire fraud and (2) knowingly or intentionally furnishing false or fraudulent information, and/or omitting material information from, documents filed with the DEA. *Id.* at 19-20. This is not the case. Plaintiffs did not make arguments on the predicate acts in Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motions for Summary Judgment on Plaintiffs' Civil Conspiracy, RICO and OCPA Claims ("Plaintiffs' Opposition") (Dkt. 2183) because Defendants did not adequately raise or develop them in their initial motion and briefing; instead, Plaintiffs limited their response to the elements that Defendants actually challenged. Plaintiffs seek leave to file a short sur-reply to ensure the record is clear that they are not abandoning these categories of predicate acts. Contrary to Distributor's contention, one sentence in Plaintiffs' Opposition stating that Defendants failed in their obligation to stop shipments of suspicious orders, which would have prevented Plaintiffs' injury, (Dkt. 2183 at 97), is not the equivalent of "asserting a new RICO theory based on shipping for the first time in their summary judgment opposition." Distributors' RICO Reply at 21.

Plaintiffs are not changing or abandoning their theories on the predicate acts Defendants committed as part of their extensive pattern of racketeering activity. Defendants did not dispute these acts on summary judgment, thus precluding Distributors from raising this challenge now.

---

[2] RICO requires a plaintiff to demonstrate: (1) the existence of an enterprise; (2) control or participation in the enterprise's conduct; (3) through a pattern; (4) of racketeering activity (the "predicate acts"); (5) causation; and (6) injury to business or property. 18 U.S.C. § 1962(c); *see also In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 483 (6th Cir. 2013). Defendants only sought summary judgment on their claims that Plaintiffs failed to offer evidence on enterprise, control or participation, causation, and damages. *See* Dkt.1904.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant them leave to file a sur-reply to Distributors' RICO Reply.

Dated:  August 20, 2019  Respectfully submitted,

/s/ Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/ Joseph F. Rice
Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/Mark P. Pifko
Mark P. Pifko