UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>Track One Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

# PLAINTIFFS' SUR-REPLY TO DISTRIBUTORS' CONSOLIDATED REPLY IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFFS' CIVIL CONSPIRACY, RICO AND OCPA CLAIMS (DKT. # 1904, 2183)

Distributors' Consolidated Reply in Support of Motions for Summary Judgment on Plaintiffs' Civil Conspiracy, RICO and OCPA Claims ("Distributors' RICO Reply") improperly raises new arguments on the predicate acts Plaintiffs have alleged as Defendants' racketeering activities. *See* Distributors' RICO Reply at 19-21. Distributors did not challenge this element of RICO[1] in their initial Motion for Summary Judgment on Plaintiffs' RICO and OCPA Claims. *See* Dkt. 1904. Distributors made passing reference to these predicate acts in two footnotes that were part of their causation arguments, but failed to develop any argument challenging them. Dkt. 1904 at 11 n. 14 & n. 15. As this Court has today recognized, because Defendants failed to raise or develop an argument on predicate acts in their initial briefing, the Court should "decline[] to address arguments raised for the first time in Defendants' reply brief." Dkt. 2492, Opinion and Order Denying Motion to Exclude Keller at 3 n. 1 citing *Ross v. Choice Hotels Int'l, Inc.,* 882 F. Supp. 2d 951 (S.D. Ohio 2012) ("a reply brief is not the proper place to raise an issue for the first time").

Specifically, Distributors' RICO Reply contends that Plaintiffs have abandoned both categories of predicate acts pled in their complaints: (1) mail and wire fraud and (2) knowingly or intentionally furnishing false or fraudulent information, and/or omitting material information from, documents filed with the DEA. Distributors' RICO Reply at 19-20. This is not the case. Plaintiffs did not make arguments on the predicate acts in Plaintiffs' Opposition (Dkt. 2183) because Defendants did not sufficiently raise them in their initial motion and briefing; instead, Plaintiffs limited their response to the elements that Defendants actually challenged. Plaintiffs are not abandoning these categories of predicate acts. Contrary to Distributors' contention, one sentence in Plaintiffs' Opposition stating that Defendants failed in their obligation to stop shipments of suspicious orders, which would have prevented Plaintiffs' injury, (Dkt. 2183 at 97), is not the equivalent of "asserting a

---

[1] RICO requires a plaintiff to demonstrate: (1) the existence of an enterprise; (2) control or participation in the enterprise's conduct; (3) through a pattern; (4) of racketeering activity (the "predicate acts"); (5) causation; and (6) injury to business or property. 18 U.S.C. § 1962(c); *see also In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 483 (6th Cir. 2013). Defendants only sought summary judgment on their claims that Plaintiffs failed to offer evidence on enterprise, control or participation, causation, and damages. *See* Dkt.1904.

1

new RICO theory based on shipping for the first time in their summary judgment opposition." Distributors' RICO Reply at 21. Distributors want this Court to ignore the context in which this argument was made: Plaintiffs were countering Distributors' causation argument that Plaintiffs needed to prove that the DEA or Ohio Board of Pharmacy would have acted had the Distributor Defendants properly reported suspicious orders. *See* Dkt. 2813 at 97-98.

Plaintiffs are not abandoning their theories on the predicate acts Defendants committed as part of their extensive pattern of racketeering activity. The Distributor Defendants did not dispute these elements on summary judgment, thus precluding them from raising this challenge now.

## CONCLUSION

For the foregoing reasons, and the reasons provided in Plaintiffs' Opposition, this Court should deny Distributor Defendants' Motion for Summary Judgment on Plaintiffs' RICO and OCPA Claims.

Dated: August 20, 2019                     Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/ Joseph F. Rice
Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP

419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*


Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY  10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of August 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/Mark P. Pifko
Mark P. Pifko
