# EXHIBIT 1



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

April 12, 2019

Linda Singer
401 Ninth Street, NW, Suite 1001
Washington, DC 20004

  Re: *In Re: National Prescription Opiate Litigation.*
     N.D. Ohio Case No. 1:17-MD-2804

Dear Ms. Singer:

  Pursuant to the Department of Justice's (Department) letter dated March 8, 2019, you have submitted a draft expert report for James E. Rafalski to permit the Department to determine whether authorization under 28 CFR § 16.21 et seq. is required. This response is limited to our review of the draft report submitted to us on April 8, 2019.

  The Drug Enforcement Administration (DEA) has been contacted about your request and has stated that they have no objection to the limited disclosure of the information in Mr. Rafalski's draft report as set forth herein. Therefore, pursuant to 28 C.F.R. § 16.24, I am authorizing the disclosure of the information with the following exceptions:

- Pages 8-9 of the PDF draft report indicate that Mr. Rafalski personally worked on the Mallinckrodt investigation. To the extent that Mr. Rafalski's opinions are based upon facts contained in publicly available documents or documents that have been produced in this Multi District Litigation (MDL), the Department does not object to the discussion of the Mallinckrodt investigation. Mr. Rafalski is not, however, authorized to disclose non-public information related to matters that he worked on while at DEA, including the Mallinckrodt matter.

- Pages 6 and 8 of the PDF draft report refer to Mr. Rafalski's work on the Harvard matter. To the extent that Mr. Rafalski's opinions are based upon facts contained in publicly available documents or documents that have been produced in this MDL, the Department does not object to the discussion of the Harvard matter. Mr. Rafalski is not, however,

authorized to disclose non-public information related to matters that he worked on while at DEA, including the Harvard matter.

- To the extent that any of the other opinions in Mr. Rafalski's report may be derived from non-public information related to other matters that he worked on while at DEA, Mr. Rafalski is not authorized to disclose such information in his report.

- Page 23 refers to an internal legal memorandum authored by former DEA Associate Chief Counsel Linden Barber entitled "Legal Guidance on Reporting Suspicious Orders Pursuant to 21 C.F.R. § 1301.74(b)" that was produced in the MDL by Cardinal Health (Cardinal). DEA is looking into the circumstances of how this internal legal memorandum came into the possession of Cardinal.[1] The Department will issue a claw back notification to Cardinal as may be appropriate after DEA completes its due diligence. In the interim, Mr. Rafalski is not authorized to discuss the legal memorandum in his report and the Department requests that all references to the document be removed from Mr. Rafalski's report.

This response is limited to the information provided in the draft report sent to the Department on April 8, 2019. To the extent that the final report or any supplement differs in any material respect, we request an opportunity to review and respond. Additionally, this letter should not be read or interpreted as an endorsement of any of the opinions in Mr. Rafalski's report; an agreement by the Department that Mr. Rafalski's opinions reflect the opinions or policies of the Department of Justice, including those of the Drug Enforcement Administration; or a statement that the facts, data, or opinions in the report are true and accurate. Moreover, nothing in this letter should be construed as authorizing Mr. Rafalski to provide:

    A. Information regarding any specific non-public DEA investigations or activities;

    B. Classified and classifiable information;

    C. Information that would reveal the internal deliberative process within the United States Department of Justice, including the DEA, the United States Attorney's Office, and/or any other federal departments or agencies;

    D. Information that would reveal a confidential source or informant;

    E. Information the disclosure of which would violate a statute, including laws governing grand jury proceedings;

---

[1] Although the Department has been unable to determine how Cardinal came into possession of this document, the Department notes that Cardinal offered this document as an exhibit in a DEA administrative hearing captioned *In the Matter of Cardinal Health*, Docket No. 12-32, but later agreed to withdraw the proposed exhibit. The Order granting the consent motion to withdraw is attached to this letter.

2

F. Information that could threaten the lives or safety of any individual, including home addresses of law enforcement personnel;

G. Information that could interfere with ongoing investigations and/or prosecutions;

H. Information that could reveal investigative or intelligence gathering and dissemination techniques whose effectiveness would be thereby impaired;

I. Privileged attorney-client information;

J. Information that would reveal attorney work product or matters of prosecutorial discretion;

K. Expert opinion testimony related to non-public facts or information acquired as part of your performance of your official duties;

L. Personal opinions regarding non-public facts or information acquired as part of your performance of your official duties; and

M. Any non-public recommendations you made or you were aware of concerning any proposed agency action.

We appreciate the opportunity you have provided to review the report in consideration of our *Touhy* regulations. If you have further questions, please contact Assistant United States Attorney James Bennett, or Senior Counsel Natalie Waites.

Sincerely,

AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 51

Enclosure

3