# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*City of Cleveland, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45132;<br><br>*County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*, Case No. 17-OP-45004;<br><br>*County of Summit, et al. v. Purdue Pharma, L.P. et al.*, Case No. 18-OP-45090 | MDL 2804<br><br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster<br>Mag. Judge David A. Ruiz |

**PLAINTIFFS THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, COUNTY OF SUMMIT AND CITY OF AKRON'S SUPPLEMENTAL AMENDED RESPONSES AND OBJECTIONS TO THE MANUFACTURER DEFENDANTS' FIRST SET OF INTERROGATORIES, SUBMITTED PURSUANT TO DISCOVERY RULING NO. 13**

Set out below, on behalf of Plaintiffs Cuyahoga and Summit Counties and the Cities of Akron and Cleveland ("Plaintiffs") is the supplemental response to the Manufacturer Defendants' Interrogatory No. 6, which was the subject of Discovery Ruling 5, as amended by the Court on October 16, 2018, and Discovery Ruling No. 13.

While maintaining their objections to the interrogatories and to Discovery Ruling No. 5, as set forth in Plaintiffs' prior letters, briefing, and oral argument, Plaintiffs respond below. In particular, and without waiving any other objections,

This response is provided only with respect to the Bellwether jurisdictions listed above, and is not binding on any other plaintiff in the MDL.

**Manufacturer Interrogatory No. 6**

Identify and describe 500 prescriptions of opioids that were written in [Plaintiff's jurisdiction] in reliance on any alleged misrepresentations, omissions, or other alleged wrongdoing by any Defendant. Include in the response the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the specific misrepresentation, omission, or wrongdoing that allegedly caused the prescription to be written; the Defendant and the specific sales representative(s), employee(s), or agent(s) of the Defendant that made or committed the

1

alleged misrepresentation, omission, or wrongdoing; the person or persons to whom the alleged misrepresentation or omission was made or to whom the alleged wrongdoing was directed; and whether, by whom, and for how much the prescription was approved for reimbursement. Your response must include at least 10 prescriptions for an opioid sold by each manufacturing defendant.

**Plaintiffs' Supplemental Amended Response:**

Bellwether Plaintiffs will not assert, either in expert opinions or factual presentations at trial, that any specific prescription was caused by Defendants' deceptive marketing. Plaintiffs intend to rely, at trial and in expert opinions, on a theory of aggregate proof in asserting that Defendants' conduct violated the law and caused their damages and/or created a public nuisance, as alleged more fully in their Complaints and proved at trial. Notwithstanding this response, and solely for the purpose of preserving Plaintiffs' right to present additional evidence in expert opinions and at trial to address the harm alleged to Plaintiffs, as opposed to individuals, and to address any contingencies that come to light during discovery, Bellwether Plaintiffs revise and supplement their prior response to Manufacturer Interrogatory No. 6 as follows. This response supersedes the prior response submitted by Plaintiffs.

Plaintiffs reassert all objections and reservations in their prior responses and submissions in response to Discovery Ruling No. 5 as if asserted here. Plaintiffs also note and preserve their objections to being required to answer all of the interrogatories subject to Discovery Ruling 5, *see* Plaintiffs' Memorandum in Opposition to Manufacturer Defendants' Motion to Compel Compliance with Discovery Ruling No. 5, Doc. 1071 (Nov. 1, 2018).[1] *See* Order Regarding Discovery Ruling #5, Doc. 1047 (Oct. 16, 2018). Plaintiffs were authorized, under the Court's October 16, 2018 Order, to choose among the alternatives offered, and expressly preserve their position that the Court's Order Regarding Discovery Ruling #5 (Doc. 1047) is clear in this respect. Each Interrogatory is a separate request, and Plaintiffs may choose to answer those related to the harm caused by Defendants' conduct, preserving their ability to present individualized proof of these substantial harms, while relying solely on aggregate proof in proving the impact of Defendants' marketing on the prescribing and use of opioids. *See* Order Regarding Discovery Ruling #5, Doc. 1047 (Oct. 16, 2018) (amending Discovery Ruling No. 5 "as follows: Instead of answering the disputed interrogatories as required by the Discovery Ruling, Plaintiffs may instead elect not to answer them **on the condition** that Plaintiffs instead categorically and affirmatively respond to the disputed interrogatories by stating that: (1) they will not assert, either in expert opinions or factual presentations at trial, that any specific prescriptions "were unauthorized, medically unnecessary, ineffective, or harmful" or that "the filling of [any specific prescriptions] that caused or led to harm for which [Plaintiffs] seek to recover," and (2) Plaintiffs instead will rely, at trial and in expert opinions, solely on a theory of aggregate proof.") (footnote omitted); Letter from M. Dearman, on behalf of Bellwether Plaintiffs, to Special Master David R. Cohen, Re: *In re National Prescription Opiate Litigation, MDL No. 2804*, Plaintiffs' Response In Opposition to Manufacturer Defendants' Motion to Compel Immediate and Full Compliance With Discovery Ruling 5, dated November 14, 2018 (Nov. 26, 2018). This is especially true because the other interrogatories that are the subject of Discovery Ruling 5 seek information about prescriptions that were harmful or unnecessary, while Interrogatory 6 seeks information about the extent to which doctors relied on Defendants' wrongful conduct. Given that these are distinct

---

[1] Unless otherwise noted, all references to "Doc. __" refer to the master docket in this MDL.

can be identified or managed, and failed to disclose that the risk of addiction increased with longer duration of opioid use or at higher doses, including, upon information and belief, to each of these prescribers. In addition to sales representatives' visits to prescribers, Manufacturer Defendants communicated this misinformation through written publications, websites, and programs that were available to or disseminated in the jurisdictions.[12]

Exhibit A includes individuals who were prescribed reformulated OxyContin, Hysingla ER, Opana ER, Exalgo, and Xartemis XR as abuse-deterrent formulations of Defendants' opioids. Bellwether Plaintiffs contend that the Manufacturers of these products systematically misrepresented to prescribers that these products were actually abuse-deterrent, when they were not approved as abuse-deterrent and did not actually deter abuse, misrepresented that these products could not be tampered with or reduced abuse, and/or failed to disclose that abuse-deterrent formulations had no impact on oral abuse, the primary means of abusing opioids.

The prescriptions for Actiq, Fentora, and Subsys included in Exhibit A were prescribed to individuals who did not have a recent diagnosis of cancer. Bellwether Plaintiffs contend that Defendants Teva and Insys pervasively and unlawfully marketed Actiq, Fentora, and Subsys for off-label use for chronic pain, and to doctors who did not regularly treat cancer pain, even though the drugs were approved only for breakthrough cancer pain for opioid-experienced patients. Teva and Insys failed to disclose that Actiq, Fentora, and Subsys were not approved or appropriate for chronic pain, or were not to be used by opioid-naïve patients.[13]

Dated: December 31, 2018

/s/ Linda Singer
Linda Singer
Joseph F. Rice
Jodi Westbrook Flowers
Anne McGinness Kearse
David I. Ackerman
Lisa Saltzburg
Motley Rice LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: (202) 232-5504

---

[12] In identifying specific deceptive statements, in addition to the description set forth above, Bellwether Plaintiffs also incorporate by reference their 3rd Amended Responses to Manuf. 1st Set of Interrogatories (10/8/2018) and the Response to Distr. 4th Set of Interrogatories (8/31/2018): which describe specific statements made to identified prescribers in the jurisdictions, including prescribers identified in Exhibit A.

[13] Where Bellwether Plaintiffs have not provided information, such as prescription information for individuals listed in Exhibit B, Plaintiffs do not presently have or have access to this information. To the extent that such information becomes available to Bellwether Plaintiffs, Plaintiffs will supplement this response.

*Counsel for Plaintiffs County of Summit and City of Akron*

Mark Pifko
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Los Angeles, CA 91436
Tel.: 818-839-2333
Fax: 214-520-1181
mpifko@baronbudd.com

Stephen S. Zashin (Ohio Bar No. 0064557)
Ami J. Patel (Ohio Bar No.0078201)
Christopher S. Caspary (Ohio Bar No. 0091350)
ZASHIN & RICH CO. LPA
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Tel: 216-696-4441
Fax: 216-696-1618
ssz@zrlaw.com; ajp@zrlaw.com; cdc@zrlaw.com

Peter J. Mougey
Jeffrey Gaddy
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com;
jgaddy@levinlaw.com

*Counsel for Plaintiff City of Cleveland*

Plevin & Gallucci
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804


Napoli Shkolnik PLLC

16

Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

*Counsel for Plaintiff County of Cuyahoga*