UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT IS RELATED TO:<br><br>*All Cases*<br><br>      and<br><br>*The County of Summit, Ohio, et al., v. Purdue Pharma L.P. et al.,*<br>Case No. 18-op-45090 | Case No. 1:17-md-2804<br>Case No. 18-op-45090<br><br>Judge Dan Aaron Polster<br><br>**ORDER DIRECTING SPECIAL MASTER YANNI TO ASSESS FAIRNESS OF ALLOCATION AND VOTING PROPOSALS TO NON-LITIGATING ENTITITES** |

On July 9, 2019, putative Class Counsel, on behalf of 51 proposed Class Representatives, filed a Renewed and Amended Motion for Certification of Rule 23(b)(3) Cities/Counties Negotiation Class.  Doc. #: 1820.  The proposed class encompasses all counties and cities in the United States.  *Id.* at 3.  The Motion seeks certification for the purpose of enabling the class's representatives and counsel to negotiate settlements with various national defendants on behalf of this nationwide class.  The Motion has been fully briefed and heard and is under advisement.

Movants' request is that the Court certify a "negotiation class," a new type of class action formulated in large part to meet the needs of this case.  *See* Francis E. McGovern & William B. Rubenstein, *The Negotiation Class: A Cooperative Approach to Class Actions Involving Large Stakeholders* (Duke Law Sch. Pub. Law & Legal Theory Series, Paper No. 2019-41, 2019), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3403834.  If the Court certifies the class, class members will be given a one-time opportunity to opt out of the class prior to any settlement being proposed (as in a trial class action).  If a settlement is later reached, class members will be

1

given the opportunity to vote on whether the proposed settlement amount is sufficient, and no settlement will hit that mark unless it garners the support of a supermajority (75%) of several voting blocs.  Although class members must make a decision about whether to opt out prior to knowing the size of the settlement, they can presently determine their approximate share of any settlement.  They can do so because the moving parties have crafted a proposal for allocating any settlement among the class members.  Doc. #: 1820-1 at 55-62.  The allocation is primarily based on several public health factors concerning the opioid epidemic.  A settlement calculator is available on-line and any jurisdiction can easily identify its approximate share of any later settlement and also see what that share would amount to at different settlement levels.  *See* www.opioidsnegotiationclass.info; https://allocationmap.iclaimsonline.com/.

While the motion proposes a single nationwide class, in several ways the proposal distinguishes between: (1) putative class members that filed litigation arising out of the opioid epidemic by June 14, 2019 ("litigating entities"), Doc. #: 1820-1 at 52, and (2) those class members that had not filed such litigation ("non-litigating entities.").  *First*, 10% of any settlement achieved for the Class will be set aside to help defray the legal fees of the litigating entities alone, with any unused portion flowing back into the full class's recovery fund.  Doc. #: 1820-1 at 95-96.  *Second*, another 15% of any settlement is set aside for two purposes, one of which is to help defray the litigation expenses of the litigating entities alone, with, again, any unused portion flowing back into the full class's recovery fund.  *Id.* at 96.  *Third*, the proposed voting structure requires separate supermajority approvals from different sets of litigating class members and non-litigating class members.  *Id.* at 53-55.  *Fourth*, litigating entities primarily drafted the proposal.

At this stage in the case, no settlement has been reached.  But if a class action settlement is later reached, Rule 23 will require the Court to approve it, Fed. R. Civ. P. 23(e), and will specifically require the Court to ensure that "the proposal treats class members equitably relative to each other."  Fed. R. Civ. P. 23(e)(2)(D).  Given that a class certification order could set in motion an elaborate negotiation and settlement process, the Court is inclined to make at least a preliminary determination of the equity of the proposed allocation and voting schemes up front.  It would be perverse—and an enormous waste of judicial and societal resources—to launch this whole negotiation class only to later hold that the allocation or voting schemes, identified at the outset, were inequitable *ab initio*.  At the same time, it would also be wasteful to provide notice to, and solicit objections from, all class members as to the allocation and voting features now, given that it is possible no settlements will ever be negotiated, much less reached, under this proposal.  The Court is particularly sensitive to wasting the class members' time, since all are busy public entities with limited financial resources.

To balance these competing concerns, the Court concludes it is appropriate to appoint a neutral Special Master to undertake the task of analyzing the fairness of the proposed allocation and voting schemes from the perspective of the non-litigating class members.  The need is temporary: if the class is certified, class counsel (or if needed, sub-class counsel) will represent the class members, all of which are ascertainable and each of which will be provided notice and an opportunity to object to any final settlement.  The present need is simply to provide the Court a one-time, neutral perspective on the proposed allocation and voting schemes, in lieu of providing costly notice and unnecessarily burdening the absent class members with that task.

The Court appoints Special Master Cathy Yanni to perform this function.  Special Master Yanni has extensive experience serving as a neutral on allocation issues in mass tort cases and

she therefore possesses the general expertise required to perform this function. In this MDL, Special Master Yanni has served as a neutral overseeing the coordination of federal and state cases. She accordingly has a deep understanding of the range of government entities encompassed by the class definition and a concomitant sensitivity to the interests of those governmental entities falling outside the narrow definition of "litigating entities." Given these general and specific qualifications, the Court is confident that Special Master Yanni can accurately and fairly assess and report to the Court whether the existing negotiation settlement class allocation and voting proposals treat all class members, and particularly non-litigating class members, equitably relative to each other. The Court also authorizes Special Master Yanni to reach out to and communicate directly with a sample of non-litigating entities, to the extent she deems it necessary to her work.

Accordingly, the Court directs Special Master Yanni to file a report on or before September 11, 2019, addressing:

    a. whether the proposed class action allocation method, allotting up to 10% of all recoveries to litigating entities' attorney's fees and up to another 15% to litigating entities' expenses is, from the perspective of the non-litigating entities, consistent with Rule 23(e)(2)(D)'s requirement that a settlement be distributed equitably among the class members;

    b. whether the proposed voting schemes, with three sets of votes counted separately among litigating entities and non-litigating entities, treats the latter group fairly; and,

    c.   whether the proposed Class Representatives and Class Counsel can adequately represent the entire class, including non-litigating entities, as required by Rule 23(a)(4) and Rule 23(g), respectively.

Finally, the Court directs that Plaintiffs shall bear the entire cost of Special Master Yanni's efforts connected to this discrete task, instead of the normal 50/50 Plaintiffs/Defendants split, and Special Master Yanni shall track her time and bill for it accordingly.

                                      */s/ Dan Aaron Polster*
                                      **DAN AARON POLSTER**
                                      **UNITED STATES DISTRICT JUDGE**

**Dated:  August 26, 2019**