Exhibit 173



**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

September 13, 2018

**VIA EMAIL**
David R. Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113-1837
david@specialmaster.law

    Re: *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
       Depositions of High-Ranking Officials

Dear Special Master Cohen:

    We write on behalf of Track One Plaintiffs in response to Paul Boehm's August 30, 2018 letter requesting that the Track One Plaintiffs be ordered to make certain high-ranking officials[1] available for deposition.

    In short, Defendants' request must be denied because Defendants fail to establish that the witnesses at issue have any relevant information, and they ignore the relevant standard concerning calling high-ranking officials as witnesses. Under Defendants' view, if high-ranking officials ever made any statements regarding topics in the litigation, they are automatically subject to a deposition. Contrary to Defendants' arguments, however, the law is clear that much more is required.

    At best, Defendants' request is premature. Defendants must first attempt to obtain the information they purport to seek from other sources first. If, having made such an attempt, Defendants can show that the information they seek is uniquely available from Plaintiffs' high-ranking officials, Plaintiffs will consider Defendants' request and if disputes remain, they can be presented at that time, based on a more fully developed record.

    "The general rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions." *EMW Women's Surgical Ctr., P.S.C. & Planned Parenthood of Indiana & Kentucky, Inc.*, No. 3:17-cv-00189-GNS, 2017 WL 3749889, at *2 (W.D. Ky. Aug. 30, 2017) (quotation marks omitted) Under the "extraordinary circumstances test," a high-ranking official may be called as a witness only "where the official has first-hand knowledge related to the claim being litigated *and where it is shown that other persons cannot provide the necessary information*[.]" *Id.* (emphasis added; quotation marks and citations omitted). *See also Turner v. City of Detroit*, No. 11-cv-12961, 2012 WL 4839139, at *2 (E.D. Mich. Oct. 11, 2012) ("The Court may permit depositions of high ranking officials where the official has first-hand knowledge related to the claim being litigated. However, even in such cases, *discovery is permitted only where it is shown that other persons cannot provide the necessary information*.") (emphasis added; citations

---

[1] High-ranking officials means City and County Councilmembers, County Executives, Mayors, and Sheriffs.

NAPOLILAW.COM

360 LEXINGTON AVENUE, 11TH FLOOR, NEW YORK, NEW YORK 10017 | (212) 397-1000



omitted); Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]").[2]

Here, there are numerous other people who may be able to provide the information sought by Defendants. Accordingly, it is inappropriate to make any of the County and City high-ranking officials cited in Defendants' letter sit for depositions, unless and until lower level depositions are held and it is clear that the information sought can only be obtained from such official. At this time, Defendants[3] have not established that other witnesses are incapable of providing the necessary information because there have been only a handful[4] of depositions held.

Defendants' letter fails to identify what information they are seeking from the high-ranking officials that they cannot obtain from other witnesses. Defendants cannot identify such information, without resorting to pure speculation, because antecedent depositions have not yet been completed. Once these depositions of less senior officials are completed, Defendants can determine, and Plaintiffs can assess, whether the depositions of such officials will be unnecessary. Thus, this issue is not ripe for Your Honor's review. Indeed, contrary to Defendants' arguments (Def. Letter 1-2.), Plaintiffs simply put Defendants on notice that, *at this time*, it is inappropriate to make these elected County and City high-ranking officials sit for depositions because there are numerous other people who may be able to provide the necessary information Defendants seek from such officials.

The factual basis offered by Defendants to justify these depositions is inadequate. For example, Defendants' letter features cherry-picked testimony from W. Christopher Murray II's deposition and disregards the testimony that undermines their request. Specifically, Mr. Murray testified that that the high-ranking officials, such as the Council members, are not the only individuals to weigh in on the Executive's recommended budget. Mr. Murray testified that the individual agency heads would weigh in on the content of the Executive's recommended budget. (*See* Murray Tr. at 72:11 to 73:25.) Defendants have noticed the depositions of such agency heads and will have an opportunity to seek the same information from them that they are seeking from the high-ranking officials.

Similarly, the *only* justification Defendants provide for taking the deposition of Cleveland Mayor Frank Jackson, is a citation to an Advisory notice issued by the City and a press conference on opioids, which was attended by Mayor Jackson. With respect to the Advisory, Defendants have no

---

[2] *Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir.), the case Defendants cite (Def. Letter 4), did not even address depositions of high-ranking officials.

[3] Defendants such as Endo and Purdue have taken a similar position in declining to make their top senior executives, such as CEOs, available for deposition or produce their custodial files.

[4] Interestingly, as it relates to Cuyahoga County only a single deposition has gone forward and Defendants are seeking the drastic step of deposing high-ranking officials without any attempt to exhaust other avenues. For Cleveland, only two depositions have occurred to date.



evidence to show that Mayor Jackson had any involvement in authoring the document, nor have they attempted to obtain information about the drafting of the document from any other witnesses. Defendants conveniently omit the fact that four separate Cleveland employees, who have been offered as custodians, were also speakers at the same press conference.[5] Moreover, there is nothing in the record to show that other than the statements made during the press conference, Mayor Jackson had any non-privileged communications concerning the litigation. At bottom, Defendants provide no information to suggest Mayor Jackson was more directly involved with developing or implementing any policies, procedures, or programs affecting the City's claims than other the individuals who are being made available for deposition. Under similar circumstances, the Sixth Circuit upheld the refusal to permit the deposition of a previous Cleveland mayor. *See Watson v. City of Cleveland*, 202 Fed. Appx. 844, 852 (6th Cir. 2006) (affirming refusal to compel deposition of then-Mayor Campbell where she "has very little information related to [plaintiff's] claims and indeed none that is unavailable from another source").

Also, the witnesses at issue for Summit and Akron, Akron Mayor Dan Horrigan, Summit County Executive Ilene Shapiro, and Summit Sheriff Barry have no unique knowledge that require depositions in this case. Ms. Shapiro will not be offered as a 30(b)(6) designated witness. Plaintiffs have previously identified Greta Johnson, Assistant Chief of Staff and Deputy Director to Ms. Shapiro, as a custodial witness. Ms. Johnson would be a suitable deponent to cover the specific areas of inquiry raised in Defendants letter. Similarly, Defendants have requested to take the deposition of Charles Brown, the City of Akron Deputy Mayor of Public Safety. Mr. Brown's current position as the Deputy Mayor of Public Safety and prior employment with the City for over 30 years is a suitable replacement for information Defendants seek to gain from Mayor Horrigan. As for Sheriff Barry, the Defendants have requested and Summit is producing witnesses from the Sheriff's department including Former Captain Hilton Baker, Captain Matt Paolino and Detective Lori Baker-Stella. Summit has identified numerous additional custodial witnesses from the Sheriffs' department.

With respect to testimony from high-ranking officials regarding their law making activities, Section 12, Article II of the Ohio Constitution contains a Speech or Debate Clause that confers a legislative privilege, including for legislative bodies of a local governmental entity. *See Constanzo v. Gaul*, 403 N.E.2d 979 (Ohio 1980). The Speech or Debate Clause bars interference with -- and inquiry into -- the legislative activities of city council members and creates a testimonial privilege that applies to complying with discovery requests. *Dublin v. State of Ohio*, 742 N.E.2d 232, 237 (Ohio Ct. App. 2000) ("common law and the Ohio Constitution provide state legislators with an absolute privilege protecting them from having to testify about their legislative conduct"). While this privilege is a creature of state law, the same considerations have led federal courts to similar protect the legislative process. As the United States Supreme Court has recognized, the legislative privilege

---

[5] *See* Boehm Letter of August 30, 2018 (citing to http://www.city.cleveland.oh.us/sites/default/files/pressReleases/03.09.2017NARCANmediaAlert.pdf, which lists as speakers, Cleveland custodians Safety Director Michael McGrath, Police Chief Calvin Williams, Emergency Medical Service Commissioner Nicole Carlton, and Public Health Director Merle Gordon). Notably, Ms. Gordon has already been deposed by Defendants in this matter.



created by the Speech or Debate Clause extends to meetings, processes, conversations, and documents that are part of the deliberative and communicative processes by which legislators participate in legislative or committee proceedings. *Hutchinson v. Proxmire*, 443 U.S. 111, 126 (1979) (interpreting analogous provision in the U.S. Constitution). In addition, investigations and other efforts to acquire information are also protected by the legislative privilege. *Alliance for Global Justice v. District of Columbia*, 437 F. Supp.2d 32, 36- 37 (D.D.C. 2006).

Finally, Defendants are correct that Mr. FitzGerald is a former County Executive. However, that does not mean that they should be permitted to impose a deposition on Mr. FitzGerald that is obviously cumulative. *See Consumer Financial Protection Bureau v. Weltman, Weinberg & reis Co., L.P.A.*, No. 1:17CV817, 2017 WL6042221, at *2 (N.D. Ohio Dec. 6, 2017) (denying deposition that was "unreasonably cumulative and duplicative"); *Johnson v. City of Memphis*, No. 00-2608-STA-tmp, 2016 WL 11104727, at *3 (W.D. Tenn. Sept. 21, 2016) (denying deposition that were "cumulative and unnecessary" after depositions of other officials with the knowledge sought).

\* \* \* \* \*

In sum, we respectfully request that Your Honor deny Defendants' request. We appreciate your attention to this matter and are available to discuss these issues at your convenience.

    Respectfully submitted,
    */s/ Hunter J. Shkolnik*
    NAPOLI SHKOLNIK PLLC
    Hunter J. Shkolnik
    Salvatore C. Badala
    Joseph L. Ciaccio

    PLEVIN & GALLUCCI
    Frank L. Gallucci III

    *Counsel for Plaintiff the County of Cuyahoga, Ohio*

    MOTLEY RICE LLC
    Linda Singer
    Jodi Flowers
    Anne Kearse
    David I. Ackerman

    *Counsel for Plaintiffs the County of Summit, Ohio and the City of Akron, Ohio*

    LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
    Peter J. Mougey



        Jeffrey Gaddy

        BARON & BUDD, P.C.
        Mark Pifko

        ZASHIN & RICH
        Ami J. Patel
        *Counsel for Plaintiff the City of Cleveland, Ohio*

cc:    Plaintiffs' Liaison Counsel
       Defendants' Liaison Counsel