**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

This document relates to:

*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-op-45090

and

*The County of Cuyahoga v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45004

MDL No. 2804

Hon. Dan Aaron Polster

**REPLY IN SUPPORT OF DISTRIBUTOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' NEGLIGENCE PER SE CLAIMS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. THE CSA WAS NOT INTENDED TO PROTECT GOVERNMENTS FROM SPENDING MORE ON ADDICTION SERVICES. ........ 2

II. PLAINTIFFS ARE NOT DIFFERENTLY SITUATED THAN THE TRIBES. ........ 2

III. SUMMARY JUDGMENT IS AN ISSUE OF LAW NOT EFFICIENCY. ........ 3

CONCLUSION ........ 4

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Longoria v. Autoneum N. Am., Inc.*,
No. 3:14CV2648, 2016 WL 4761727 (N.D. Ohio Sept. 13, 2016) ....................2

*McPherson v. Kelsey*,
125 F.3d 989 (6th Cir. 1997) ....................2

### Statutes

21 U.S.C. § 801 ....................2

### Other Authorities

H.R. Rep. 91-1444, 1970 U.S.C.C.A.N. 4566, 1970 WL 5971 ....................2

## INTRODUCTION

Although Plaintiffs opposed Distributors' motions to dismiss by arguing that they "do not seek to enforce Defendants' statutory and regulatory duties" and that "Defendants' liability arises from their failure to use reasonable care under the circumstances, not their failure to abide by federal or state statutes[,]" Doc. No. 654 at 74–75, it is now clear that Plaintiffs intend to prove their negligence claim by attempting to demonstrate that Distributors violated duties purportedly imposed on them by the federal Controlled Substances Act ("CSA"). *See generally* Doc. No. 2187, Plaintiffs' Negligence Per Se Opposition ("Opp."); *see also* Doc. No. 1910-1 at 23–25. But there is no private right of action for violation of the CSA, *see* Doc. No. 2149 at 12–13 (citing cases), and this Court already has held that governments may not base a negligence per se claim on violation of the CSA. In dismissing the Tribes' negligence per se claims, this Court held that the CSA is not intended to protect governmental entities such as Plaintiffs from spending more on addiction-related public services when rates of addiction increase. Doc. No. 1680 at 24. As a result, negligence per se claims brought by Plaintiffs premised on violation of the CSA cannot stand. *See* Doc. No. 1861-1 at 1.

Plaintiffs' attempts to avoid the import of this Court's correct legal ruling fail. First, Plaintiffs dispute the ruling itself, arguing that the CSA was intended to protect government entities. Second, Plaintiffs try to distinguish the ruling, arguing that Plaintiffs are different from the Tribes. Third, Plaintiffs abandon any pretense of addressing the legal issues at stake, arguing that this Court should not enter summary judgment against them on this claim because it will not streamline the trial. None of these arguments has merit.

## ARGUMENT

### I. THE CSA WAS NOT INTENDED TO PROTECT GOVERNMENTS FROM SPENDING MORE ON ADDICTION SERVICES.

Plaintiffs contend that the CSA was intended to protect "communities, not just individual members of the public" and, based on this purported concern for "communities," the CSA was intended to protect local governments. Opp. 3. Plaintiffs are wrong.

First, this Court already has held that the CSA was intended "to protect ***individual*** members of the public from falling victim to drug misuse and abuse," not governments that want to avoid "spending more on addiction-related public services." Doc. No. 1680 at 24 (emphasis added). Plaintiffs do not point to a single case holding that government entities are intended beneficiaries of the CSA and endorsing a negligence per se claim based on an alleged violation of the CSA.

Second, Congress's concern for the "health and general welfare of the American people," 21 U.S.C. § 801, and "safety of the community," H.R. Rep. 91-1444, 1970 U.S.C.C.A.N. 4566, 456, 1970 WL 5971, does not equate to an intent to protect ***governments*** from spending money on addiction-related public services. This Court's prior ruling does not undermine Congress's concern for the health and safety of "the American people" and "the community," which is not synonymous with "government." *See* Doc. No. 1680 at 24.

### II. PLAINTIFFS ARE NOT DIFFERENTLY SITUATED THAN THE TRIBES.

Plaintiffs also argue that "Ohio counties are not the same as sovereign tribes." Opp. 1; *see also id.* at 4 n.1. This argument should be rejected as entirely undeveloped.[1] It also fails on the merits.

---

[1] *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Longoria v. Autoneum N. Am., Inc.*, No. 3:14CV2648, 2016 WL 4761727, at

Like Plaintiffs, the Tribes have asserted that they have duties to protect their communities from harm. For example, the Tribes both asserted that they are "responsible for the public health, safety and welfare of [their] citizens." Case No. 1:18-op-45749, Doc. No. 9 ¶ 31 (Blackfeet Tribe of the Blackfeet Indian Nation); *accord* Doc. No. 731 ¶ 27 (Muscogee (Creek) Nation). Having duties to protect members of a community from harm, however, does not make a government an intended beneficiary of the CSA. *See* Doc. No. 1680 at 24.

Moreover, nothing about this Court's ruling on the Tribes' negligence per se claims turned on anything unique about the Tribes as compared to other governments. Instead, the only distinction drawn by the Court was an appropriate one between individual members of the public who may suffer from drug misuse and abuse, on the one hand, and governments that spend money to provide addiction-related services, on the other. Doc. No. 1680 at 24. That distinction is clear—and applies with equal force here to bar Plaintiffs' negligence per se claims.

## III. SUMMARY JUDGMENT IS AN ISSUE OF LAW NOT EFFICIENCY.

Plaintiffs contend that granting Distributors' motion "will not streamline or shorten the trial and thus deciding the motion now does not serve the interests of judicial economy." Opp. 1; *see also id.* at 8–9. But Distributors are entitled to summary judgment on Plaintiffs' negligence per se claims on the merits, regardless of whether it will streamline any future trial.

Moreover, Plaintiffs are wrong that there will be no benefits of judicial economy to granting the motion. Deciding the legal question presented in Distributors' motion will clarify the appropriate bounds of Plaintiffs' negligence claims—specifically, that Plaintiffs cannot establish a negligence claim simply by showing CSA violations. If the Court allows Plaintiffs to put on

*9 (N.D. Ohio Sept. 13, 2016) (rejecting "an entirely undeveloped argument buried in a footnote in his brief").

evidence of CSA violations and argue that those violations breached legal duties owed to Plaintiffs—which it is now clear that they intend to do—it would open the door to confusion, uncertainty, and reversible error.

## CONCLUSION

Plaintiffs' negligence per se claims fail as a matter of law, and this Court should grant summary judgment to Distributors.

Dated: August 16, 2019

Respectfully submitted,


*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen Drug Corporation*

*/s/ F. Lane Heard III*
Enu Mainigi
F. Lane Heard III
George A. Borden
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
gborden@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

*/s/ John J. Haggerty*
John J. Haggerty (0073572)
James C. Clark
Stephan A. Cornell
**FOX ROTHSCHILD LLP**
2700 Kelly Road, Suite 300
Warrington, PA 18976
Tel: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com
jclark@foxrothschild.com
scornell@foxrothschild.com

*Counsel for Defendant Prescription Supply Inc.*

/s/ *William E. Padgett*
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 236-1313
Fax: (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Co., H. D. Smith Holdings, LLC and H. D. Smith Holding Company*

/s/ *John P. McDonald*
John P. McDonald (TX Bar # 13549090)
C. Scott Jones (TX Bar # 24012922)
Lauren M. Fincher (TX Bar # 24069718)
Brandan J. Montminy (TX Bar #24088080)
**LOCKE LORD LLP**
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
Tel: (214) 740-8445
Fax: (214) 756-8110
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Attorneys for Defendants Henry Schein, Inc. and Henry Schein Medical Systems, Inc.*

*/s/ James W. Matthews*
James W. Matthews
Katy E. Koski
Kristina Matic
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199
Tel: 617.342.4000
Fax: 617.342.4001
jmatthews@foley.com
kkoski@foley.com
kmatic@foley.com

*Counsel for Defendant Anda, Inc.*

**LOCAL RULE 7.1(F) CERTIFICATION**

I hereby certify that this reply adheres to this Court's rules and the limits set forth in the Court's Order at Doc. No. 1653, as it totals 4 pages.

/s/ *Robert A. Nicholas*
Robert A. Nicholas

**CERTIFICATE OF SERVICE**

I hereby certify that Distributors have served the foregoing on the Parties, the Court, and the Special Masters in accordance with the Court's directions at Doc. No. 1719.

/s/ *Robert A. Nicholas*
Robert A. Nicholas