# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

# EXHIBIT A
# SUMMARY SHEET FOR DISTIRBUTORS' CONSOLIDATED REPLY
# IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT ON
# PLAINTIFFS' CIVIL CONSPIRACY, RICO, AND OCPA CLAIMS

Plaintiffs' Opposition to Distributors'[1] motions for summary judgment on the civil conspiracy, RICO, and OCPA claims (Dkt. 2183) ("Opp.") concedes the major points of those motions. Most significantly, Plaintiffs concede that Distributors were not involved in the alleged conspiracy by Manufacturers to disseminate false information about opioid medications. Opp. 82. Plaintiffs also concede that Distributors did nothing to influence DEA's setting of escalating production quotas for those medications. *Id.* 87. It thus is now established that Distributors had nothing to do with the alleged conduct at the heart of Plaintiffs' case—that Manufacturers fraudulently caused a change in the prevailing standard of care for the treatment of pain, leading to massive overuse of opioids by well-meaning doctors.

---

[1] Distributors other than AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation are not named Defendants in the RICO and OCPA claims and therefore join this Reply solely with respect to the civil conspiracy claim.

As a consequence, the Court should, at the very least, enter summary judgment dismissing the parts of these claims that alleged otherwise.  *See* Fed. R. Civ. P. 56(a) (summary judgment may be entered on "part" of a claim).  But the Court should go farther and enter judgment for Distributors on the entirety of Plaintiffs' civil conspiracy, RICO, and OPCA claims.

**Civil Conspiracy.**  The bulk of the conduct Plaintiffs use to support their conspiracy claim is constitutionally protected activity that is not actionable as a matter of law under the *Noerr-Pennington* doctrine.  Moreover, despite submitting hundreds of exhibits, Plaintiffs admit that they have not identified any evidence of an explicit agreement, *see* Opp. 2; and they have failed to identify any evidence of an implicit or tacit agreement to achieve any unlawful objective.  To be sure, the Opposition shows there was communication and sometimes coordination between Distributors, but Plaintiffs' own exhibits show that those efforts were either aimed at persuading legislators and regulators, which is constitutionally protected, or were well-intentioned attempts to understand and comply with often unclear expectations from DEA, which is not unlawful.  Plaintiffs argue that Distributors did not report certain "suspicious orders" to DEA, but they do not offer any evidence that Distributors agreed with one another not to do so.

**RICO and OCPA.**  Plaintiffs' RICO and OCPA claims fail for two reasons.  First, for many of the same reasons that the civil conspiracy claim fails, Plaintiffs' effort to demonstrate the existence of a racketeering "enterprise" fails.  The communications and conduct that Plaintiffs point to demonstrate, at most, that (1) Distributors coordinated among themselves and with Manufacturers to engage in constitutionally protected petitioning activity, and (2) Distributors and Manufacturers engaged in the sort of routine business communications that one would expect from participants in a supply chain.  Plaintiffs do not point to any evidence suggesting

that Distributors shared among themselves or with Manufacturers a "common purpose of engaging in a course of ***unlawful*** conduct." *Robins v. Glob. Fitness Holdings, LLC*, 838 F. Supp. 631, 651 (N.D. Ohio 2012) (Polster, J.) (emphasis added).  That failure, contrary to Plaintiffs' unsupported argument, is fatal to their claims.

Second, Plaintiffs have not come forward with any evidence of a direct causal link connecting Distributors' alleged "predicate acts" to their asserted injuries.  Indeed, the Opposition abandons any effort to connect Distributors' alleged mail fraud, wire fraud, or DEA reporting violations to their harm.  Instead, they rely solely on the undisclosed theory that Distributors' failure to halt "suspicious orders" caused their injury.  That argument fails, among other reasons, because that alleged failure is not a felony and thus is not a RICO predicate act.