## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *Track One Cases* | ) | |
| | ) | <u>**OPINION AND ORDER DENYING**</u> |
| | ) | <u>**JANSSEN'S MOTION FOR**</u> |
| | ) | <u>**SUMMARY JUDGMENT**</u> |

Before the Court is Defendants Janssen Pharmaceuticals, Inc. and Johnson and Johnson's ("J&J's") Motion for Summary Judgment (**Doc. #: 1919**).[1]  For the reasons set forth below, the Motion is **DENIED**.

\* \* \* \* \*

Against Janssen, Plaintiffs assert claims based on two factual theories: (1) fraudulent marketing; and (2) the failure to maintain effective controls against diversion.  Janssen seeks summary judgment on all claims.[2]  As to the fraudulent marketing claims, Janssen asserts: (1) Plaintiffs cannot show its alleged conduct caused the opioid crisis in Ohio; and (2) Janssen cannot be held liable for third-party statements that are protected by the First Amendment.  As to

---

[1]      Although Defendants' Motion is captioned on behalf of Janssen and J&J, it only discusses Plaintiffs' claims against Janssen. *See* Jan. Mem. at 1-11 (Doc. #: 1919-1).  Accordingly, the Court construes the Motion as seeking relief only as to the claims against Janssen.

[2]      Plaintiffs' remaining claims in this case are: (1) public nuisance based on Ohio statutory law; (2) public nuisance based on Ohio common law, styled "absolute public nuisance;" (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (4) violation of the Ohio Corrupt Practices Act; and (5) civil conspiracy under Ohio common law.

the claims for failure to maintain effective controls against diversion, Janssen asserts Plaintiffs cannot show: (1) Janssen's suspicious order monitoring system ("SOMS") was deficient; or (2) any such deficiency caused cognizable harm to Plaintiffs.  The Court addresses these arguments below.

## I.      Legal Standards.

The Court hereby incorporates the legal standards set forth in the Court's Opinion and Order regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act, see Doc. #: 2483.

## II.     Analysis.

### A.      Fraudulent Marketing.

#### 1.      Causation.

Janssen asserts Plaintiffs cannot show its alleged marketing misconduct caused the opioid crisis in Ohio.  *See* Jan. Mem. at 2-7 (Doc. #: 1919-1).  In denying Defendants' Motion for Summary Judgment on Causation (Doc. #: 2561), the Court found Plaintiffs presented evidence sufficient to support a finding that each Manufacturer, including Janssen, engaged in misleading marketing activities that resulted in a substantial increase in the supply of prescription opioids and proximately caused harm to Plaintiffs.  *See* SJ Order re Causation at 3-6 (Doc. #: 2561); *see also* Pls. Ex. 146 at 22 (Doc. #: 2431-4) (Janssen's patient booklet regarding Duragesic: "Addiction is *relatively rare* when patients take opioids appropriately.") (emphasis added).

In the instant Motion, Janssen asserts Plaintiffs cannot show its alleged marketing misconduct caused Plaintiffs' harm because: (1) as to branded marketing, Janssen's products were

not widely sold or abused; and (2) Janssen's unbranded marketing was "too obscure and occurred too late [in time]." Jan. Mem. at 5-7 (Doc. #: 1919-1).  As noted, the Court has already determined that Plaintiffs presented sufficient evidence to create genuine issues of material fact as to whether Janssen's conduct was a substantial factor in producing the alleged harm to Plaintiffs.  *See* SJ Order re Causation at 3-6 (Doc. #: 2561).  Janssen's additional arguments regarding causation do not change this result.

As to branded marketing, Janssen contends Plaintiffs cannot show causation because its market share was too small (less than one percent) and its opioid products (patches) were more difficult to abuse than opioid pills.  *See* Jan. Mem. at 5-7 (Doc. #: 1919-1).  These arguments go to factual questions for the jury to decide.  *See* Order Denying Small Dist. MSJ at 5 (Doc. #: 2559) ("even a very small proportional contribution by one of numerous defendants could equate with a rather large and substantial absolute quantity, both in monetary terms and in terms of the consequent harms"); Pls. Opp. at 5-6 (Doc. #: 2388) (pointing to evidence of abuse of Janssen's products in the *Track One* Counties); Pls. Ex. 35 at 5-6 (Doc. #: 2390-5) (2016 meeting notes indicating FDA found Janssen did not present sufficient data to support its abuse-deterrent claims).

As to unbranded marketing, Janssen asserts it "did not publish the challenged unbranded marketing materials until 2008 − long after opioid abuse had become a crisis in Ohio." Jan. Mem. at 5 (Doc. #: 1919-1).  Janssen argues that, as a matter of law, Plaintiffs' chronology of facts cannot support the conclusion that its unbranded marketing activities "caused a crisis that had already been well underway for years." *Id.* at 6.  Again, Janssen's argument highlights material fact issues for the jury.  Moreover, Plaintiffs point to evidence that suggests, before 2008, Janssen contributed substantial sums of money to third parties who published misleading statements about prescription opioid use.  *See* Pls. Opp. at 13-16 (Doc. #: 2388) (from 1997 to 2012, Janssen paid at least

3

$4,078,750 to front groups and $327,546 to individual doctors); Pls. Ex. 38 (Doc. #: 2390-8) (summary of payments made by Janssen from 1997 to 2012).  On this record, a jury could reasonably conclude Janssen's unbranded marketing efforts were a substantial factor in producing the harm alleged by Plaintiffs.  Accordingly, Janssen is not entitled to summary judgment on this ground.  *See* SJ Order re Causation at 5-6 (Doc. #: 2561).

### 2.    First Amendment.

Janssen asserts it cannot be held liable for the speech of third parties, *i.e.* front groups and doctors, that is protected by the First Amendment.  *See* Jan. Mem. at 7-8 (Doc. #: 1919-1). Specifically, Janssen contends this third-party speech involves "medical questions of undisputable interest and therefore receives the highest protection under the First Amendment." *Id.* at 8.

The Court certainly agrees the First Amendment protects matters of "scientific expression and debate."  *See Bd of Trustees of Leland Stanford Jr. Univ. v. Sullivan,* 773 F. Supp. 472, 474 (D.D.C. 1991).  This protection, however, does not extend to fraudulent or intentionally misleading speech. *See, e.g. Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340, (1974) ("there is no constitutional value in false statements of fact"); *Fed. Trade Comm'n v. NPB Advert., Inc.*, 218 F. Supp.3d 1352, 1365 (M.D. Fla. 2016) (the First Amendment offers no protection from civil liability for knowingly false speech calculated to effect a fraud).  Moreover, to the extent these communications were part of commercial speech, they are entitled to even less protection.  *See, e.g., Greater New Orleans Broadcasting Ass'n, Inc. v. United States*, 527 U.S. 173, 183 (1999) (to receive First Amendment protection, commercial speech must not be misleading); *Eng v. SEC*, 49 Fed. App'x 697, 697 (9th Cir. 2002) ("full First Amendment protection is only given for commercial speech to statements that are truthful and not misleading"); *Bosley v. Wildwett.com*, 310 F. Supp. 2d 914, 925 (N.D.

4

Ohio 2004) (First Amendment does not shield commercial messages that contain misleading material).[3]

As discussed above, Plaintiffs present evidence that, as part of its unbranded marketing efforts, Janssen funded third-party speech.  Construing this evidence in the light most favorable to Plaintiffs, a jury could reasonably conclude these third-party statements constituted commercial speech that contained false and misleading statements regarding the risks and benefits of prescription opioid use, and that Janssen supported that speech for its own commercial benefit. *See, e.g., Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 67-68 (1983) (discussing characteristics that demonstrated informational pamphlets constituted commercial speech); Kessler Rpt. at 298-99 (listing misleading statements in joint publication of American Pain Society and American Academy of Pain).  Accordingly, Janssen has not shown it is entitled to summary judgment on this ground.

### B.    Failure to Maintain Effective Controls.

Janssen asserts Plaintiffs cannot show: (1) it failed to maintain effective controls against diversion; or (2) any such failure proximately caused harm to Plaintiffs.  Jan. Mem. at 9-11 (Doc. #: 1919-1).  As noted in the Court's previous order, Plaintiffs have produced evidence upon which

---

[3]        The Court further notes Janssen has not shown it can shield its own liability based on the First Amendment rights of third parties.  *See, e.g., Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 56 F.3d 710, 718 (6th Cir. 1995) (a plaintiff generally must assert his own legal rights and cannot rest claim to relief on rights or legal interests of third parties); *In re Motor Fuels Temp. Sales Pract. Litig.*, MDL No. 1840, 2012 WL 3637716, at *3 (D. Kan. Aug. 23, 2012) (defendants cite no authority to show First Amendment would preclude evidence of lobbying and petitioning by *non-parties*); *cf. Snyder v. Phelps*, 580 F.3d 206, 226 (4th Cir. 2009) (judgment cannot attach tort liability to speech *by the defendant* that was constitutionally protected), *affirmed,* 562 U.S. 443 (2011).

a jury could reasonably conclude: (1) each Manufacturer, including Janssen, failed to maintain effective controls against diversion; and (2) these failures were a substantial factor in producing the harm allegedly suffered by Plaintiffs. *See* SJ Order re Causation at 7-8 (Doc. #: 2561); *see also* Rafalski Rpt. at ECF pp. 159-162 (Doc. #: 1999-21) (detailing deficiencies in Janssen's SOMS). For the same reasons, Janssen is not entitled to summary judgment on this ground.

### III. Conclusion.

For the reasons stated above, the Court **DENIES** Defendants Janssen Pharmaceuticals, Inc. and Johnson and Johnson's ("J&J's") Motion for Summary Judgment (**Doc. #: 1919**).

**IT IS SO ORDERED.**

 /s/ **Dan Aaron Polster** *Sept. 4, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**