# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| | ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Dan Aaron Polster |
| *Track One Cases* | ) ) | **ORDER** |

Before the Court is Walgreen's Motion for Summary Judgment (Doc. #: 1876). For the reasons set forth below, the Motion is **DENIED**.

Against Walgreens, Plaintiffs assert claims based on Walgreens' alleged failure to maintain effective controls against diversion. Walgreens seeks summary judgment on all claims, asserting Plaintiffs do not have sufficient evidence to show that any prescription opioids Walgreens shipped to its stores were actually diverted from appropriate medical use. Consequently, Walgreens argues, Plaintiffs are unable to prove causation.

### I. Legal Standard.

The Court hereby incorporates the legal standards set forth in the Court's Opinion and Order regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act. *See* Doc. #: 2483.

## II. Analysis.

Walgreens asserts that, as a matter of law, Plaintiffs cannot show Walgreens caused Plaintiffs any harm because Plaintiffs have no evidence that "prescription opioid medications, shipped by Walgreens without adequate due diligence as part of a 'suspicious order,' were actually diverted outside of legitimate medical channels." Motion at 2-3 (Doc. #: 1876); *see also* Reply at 3-4 (Doc. #: 2506).[1]

Plaintiffs observe that Walgreens had a duty under federal law to monitor and investigate suspicious orders and, where appropriate, to refrain from shipping them. Opp. at 2-3 (Doc. # 2205). Plaintiffs point to evidence of Walgreens' significant failures to investigate and halt suspicious orders. For example, in 2012, the DEA found, with respect to a Walgreens Distribution Center in Jupiter, Florida: "Walgreens has failed to maintain an adequate suspicious order reporting system and as a result, has ignored readily identifiable orders and ordering patterns that, based on the information available throughout the Walgreens Corporation, should have been obvious signs of diversion occurring at [Walgreens'] customer pharmacies." Opp. at 8 (Doc. #: 2205); Jupiter Order to Show Cause, Exh. 9 at Bates WAGMDL00387657 (Doc. #: 2205-9). Moreover, according to Walgreens' own transactional data, the Jupiter facility distributed prescription opioids to Summit and Cuyahoga Counties from 2002 through 2007. *See* Rafalski Report at 114 (Doc. #: 2000-22 at 14) (citing WAGMDL00293631; WAGMDL00490979; WAGMDL00773926; ABDCMDL00170319; and MNK-T1_0005986422 at MNK-T1 0005986423).

---

[1] Walgreens makes reference to, but does not develop any arguments supporting, other grounds for summary judgment developed in other motions. The Court, therefore, restricts its analysis to the issue framed by Walgreens – namely, whether plaintiffs have developed sufficient evidence of diversion to raise a triable issue of fact.

Plaintiffs also present evidence indicating that the Walgreens' lax approach to monitoring diversion at the Jupiter facility was standard operating procedure nationwide, including at the Perrysburg, Ohio Distribution Center, which supplied prescription opioids to the Track One Counties from "at least May 2003 through March 2013." *Id.*  Plaintiffs also cite to deposition testimony of Deborah Bish indicating that Walgreens' apparently deficient Suspicious Control Drug Report process, in use at the Jupiter distribution center, was the model for anti-diversion processes used throughout the country.  Opp. at 8 (Doc. #: 2205); Bish Dep. at 34-37 (Doc. #: 1959-2).

On the basis of this evidence, and as noted in the Court's previous Order Regarding Defendants' Motions for Summary Judgment on Causation (Doc. #: 2561), Plaintiffs have produced evidence upon which a jury could reasonably conclude: (1) Walgreens failed to maintain effective controls against diversion; and (2) these failures were a substantial factor in producing the alleged harm suffered by Plaintiffs.  *See* Order at 8-9 (Doc. #: 2561); *see also* Rafalski Report at ECF pp. 114-135 (Doc. #: 1999-21) (detailing deficiencies in Walgreens' suspicious order monitoring and due diligence procedures); Opp. at 3-11 (Doc. #: 2205) (same); *Pang v. Minch*, 559 N.E.2d 1313, 1324 (Ohio 1990);  *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 758 (7th Cir. 2011).  Accordingly, Walgreens is not entitled to summary judgment on this ground.

III. **Conclusion**.

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

                                                **/s/ Dan Aaron Polster** *September 4, 2019*
                                                **DAN AARON POLSTER**
                                                **UNITED STATES DISTRICT JUDGE**