## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: *"Track Two Cases"* | ) ) ) | |
| | ) ) | <u>DISCOVERY RULING NO. 22</u> |

The parties have submitted position papers to the undersigned related to "Agenda Item No. 227." The genesis of the issue raised by this Agenda Item was Plaintiffs' Status Report for the Court's June 18, 2019 Status Conference, where Plaintiffs asked the Court to order that:

> Defendants [must] produce copies of all sworn statements, testimony, video-taped testimony, written responses and discovery, expert reports, and other documents and discovery produced in any court case, mediation, government investigation, government hearing, or arbitration regarding the marketing, sales, or distribution of Opioids or Opioid Products, including any exhibits referred to in that testimony, on an ongoing basis, for the Track Two cases.

Status Report. at 11-12.  During the telephonic status conference itself, the Court stated that: (1) it agreed with the general principal that the MDL should serve as a central repository for all opioid-related discovery; (2) the requested documents appeared to be generally discoverable and probably relevant; and (3) granting the request would serve to advance coordination between Federal and State court litigation; but (4) some details still needed to be worked out.

In their position papers, Defendants assert several arguments why the Court should reject

Plaintiffs request.[1] With a minor exception, the Special Master finds these arguments are not well-taken.

Defendants argue that Plaintiffs' request essentially seeks reconsideration of Discovery Rulings No. 2 and No. 9, which set limits on the type and scope of related discovery from State cases that Defendants had to produce in the MDL. Having reviewed those Rulings and the reasoning underlying them, the Special Master concludes that circumstances have changed to the point where there is no longer good reason for at least some of the limits earlier imposed. For example, in their position paper, Defendants note the burden of briefing *Daubert* and summary judgment motions and assert that producing the requested additional discovery would be an exceedingly onerous *additional* burden that is too difficult to shoulder. But the briefing is now finished, the Court has severed numerous Defendants from the Track One trial, other Track One Defendants have settled, and the expedited discovery schedule for Track One is long over. While there is certainly a great amount of additional work to be done by the remaining Track One Defendants to prepare for trial, there will always be a burden of this sort in this MDL. Moreover, the hoped-for end result of having all opioid-related discovery produced in this MDL is a *decreased* burden for all parties, including Defendants, who can simply point any future Plaintiffs (including Plaintiffs in additional MDL Track cases, remanded cases, and even State court cases) to the MDL repositories. In sum, the "burden" argument is not well-taken at this juncture.

Defendants also argue the requested ruling is "premature" because discovery in Track Two has not yet opened. It suffices to say Track Two discovery will open very soon, so this objection

---

[1] *See* Agenda Item 227, exhibit 227A (July 15, 2019 letter to Special Master Cohen from Dale Rice), and exhibit 227C (July 24, 2019 letter to Special Master Cohen from Amy Lucas).

is inapposite. And Defendants' argument that "jurisdiction-specific" documents from cases outside of Ohio (home of the Track One Plaintiffs) or West Virginia (home of the Track Two Plaintiffs) are irrelevant is also not well-taken. Some such documents may be *less*-relevant, but discovery in Track One has revealed that many (if not most) of the Defendants' relevant practices, policies, and procedures were applied nationwide, suggesting strongly that the documents produced in (for example) State-court cases will also be relevant to the Track Two cases and to other MDL cases that will follow.

The Special Master does not address seriatim each of the other arguments Defendants make in their position letters, instead noting only that the Master has weighed each point during careful consideration of the nine factors enumerated in Fed. R. Civ. P. 26(b)(1): "Parties may obtain discovery regarding any [i] nonprivileged matter that is [ii] relevant to any party's claim or defense and [iii] proportional to the needs of the case, considering [iv] the importance of the issues at stake in the action, [v] the amount in controversy, [vi] the parties' relative access to relevant information, [vii] the parties' resources, [viii] the importance of the discovery in resolving the issues, and [ix] whether the burden or expense of the proposed discovery outweighs its likely benefit."

Accordingly, the Special Master concludes Plaintiffs are entitled to the requested Order. The "minor exception" referred to above, however, is that Plaintiffs' request is slightly too broad. For example, in addition to asking the Defendants to produce in the MDL documents produced in related State-court matters, Plaintiffs seek documents produced in "any mediation." Defendants correctly observe that many documents produced in mediation will be covered by settlement privilege, and those that are not covered by privilege will likely also have been produced in litigation. Accordingly, the Special Master tailors Plaintiffs' request and **ORDERS** as follows:

- Defendants shall produce in discovery in this MDL copies of all sworn statements, testimony, video-taped testimony, written responses and discovery, expert reports, and other documents and discovery that they produce in any court case, government investigation, or government hearing, regarding the marketing, sales, distribution, or dispensing of Opioids or Opioid Products, including any exhibits referred to in that testimony, on an ongoing basis, for the Track Two cases; except Defendants shall not produce any privileged materials, and instead shall produce privilege logs listing those materials, as has been the existing practice.
- Defendants shall "roll out" production of this discovery beginning as soon as reasonably possible, rather than collect it all and produce it all at once.
- This Ruling is incorporated in advance into the Track Two Case Management Order, which is forthcoming.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: September 6, 2019**