**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

IN RE:  NATIONAL PRESCRIPTION
OPIATE LITIGATION

MDL DOCKET NO. 2804

This document relates to:  ALL CASES

Hon. Judge Dan A. Polster

**INTERIM CO-LEAD CLASS COUNSEL'S AMENDMENT AND
SUPPLEMENT TO RENEWED AND AMENDED MOTION FOR
CERTIFICATION OF RULE 23(b)(3) CITIES/COUNTIES NEGOTIATION CLASS**

Interim Co-Lead Class Counsel Jayne Conroy and Christopher A. Seeger (collectively, "Interim Co-Lead Class Counsel") respectfully submit this amendment and supplement to the renewed and amended motion for certification of a Rule 23(b)(3) Negotiation Class ("Class") filed on July 9, 2019 (ECF No. 1820) ("Motion").

Specifically, the instant submission is made to (a) provide a revised version of the proposed Class Notice ("Notice") that was filed as Exhibit A to the proposed Order Certifying Negotiation Class and Directing Notice that accompanied the Motion (ECF No. 1820-2 at 8-9), as well as a proposed Exclusion Request Form (*see infra* at 3); and (b) amend the Motion by dropping Cuyahoga County and Summit County, Ohio as proposed Class representatives in light of their settlements with certain Defendants.

The revised Notice, annexed as Exhibit A hereto, reflects a host of changes.  To begin with, the Frequently Asked Questions ("FAQs") that had been proposed as a standalone document (ECF No. 1820-2 at 11-19) have been modified and expanded, and the FAQs are now incorporated into

the revised Notice.  Also, language throughout the Notice has been clarified and topical headings and subheadings simplified.

With the revised and integrated FAQs, the revamped Notice further ensures that prospective Class members are clearly and fulsomely advised as to, among other things:  (i) what the Class is and is not; (ii) what governmental entities specifically constitute it and the fact that the Class does not encompass States; (iii) the availability of a list (which may be updated as the Court may order) of all Class members on the dedicated Class website (www.opioidsnegotiationclass.info), allowing prospective Class members to verify their membership in the Class; (iv) the timeline that would follow this Court's certification of the Class; (v) the potential consequences of remaining in the Class or of being excluded from it (including to the outcome of individual suits that Class members may have brought and the binding effect on Class members who do not opt out if a settlement receives the requisite supermajority vote); (vi) the likelihood that Class members would not be afforded a second opportunity at a later date to exclude themselves from the Class; (vii) how the supermajority voting process for the Class' consideration of a proposed settlement (which may or may not be in the form of a class settlement) would work; (viii) the Allocation Model for apportionment of settlement proceeds; and (ix) the means (either first-class U.S. mail or email, and through use of a prescribed form, *see infra* at 3) by which Class members may submit an opt-out request (and the deadline for doing so) if they wish to be excluded from the Class.

The revised and expanded Notice conveys all pertinent information and fully comports with the requirements of both Rule 23(c) of the Federal Rules of Civil Procedure and due process. *See* Fed. R. Civ. P. 23(c)(2)(B) (enumerating what class notice "must clearly and concisely state

in plain, easily understood language"); *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 900 (6th Cir. 2019) (notice sufficient where it "covered all of the bases set out in Rule 23(c)(2)([B])").

In addition, as noted above, rather than having Class members draft their own "opt-out" requests, Interim Co-Lead Class Counsel now propose that Class members be required to fill out a designated Exclusion Request Form.  The form can be submitted to the Notice Administrator via either first-class mail or email.  The proposed Exclusion Request Form is submitted herewith for the Court's review and approval as Exhibit B annexed hereto.  This form would, of course, be made part of the Notice packet posted and disseminated in the manner explained below.

Unlike the previous proposal in FAQ 19, Exclusion Request Forms would not have to be notarized but, instead, would have to be executed with an averment, pursuant to 28 U.S.C. § 1746, that the city or county official has the authority to submit the exclusion request.  Also, the form would contain an express acknowledgment of the consequences of opting out (including that the city or county will not share in any recovery achieved by the Class and that it may not be afforded an opportunity at a later date to revoke its opt-out request).  Mandating use of a specific form for opting out should sharply reduce, if not eliminate altogether, both disputes as to whether opt-out requests comported Court-directed requirements as well as potential arguments about whether opt-outs genuinely understood the ramifications of their exclusion requests.

Importantly, although the Motion had stated that the Notice would be disseminated both by U.S. mail and by email – *see* Mot. at 6 (ECF No. 1820 at 6); *see also* mem. in support at 8, 47, 97-98 (ECF No. 1820-1 at 15, 54, 104-05) – after extensive consultation with the proposed Notice Administrator (Epiq Systems, Inc.), Interim Co-Lead Class Counsel have determined that

dissemination of Notice by email would not be feasible due, in part, to lack of current email addresses for all Class members.[1]

Nevertheless, because all Class members would receive individual notice via the preferred means of first-class U.S. mail (forwarding requested) – making it unnecessary to additionally resort to less optimal publication notice – the requirements of Rule 23 and due process as to the method of dissemination of notice to the Class would be fully satisfied.  *See* Fed. R. Civ. P. 23(c)(2)(B) (for classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort").[2]  In addition, the Notice also would be posted to the Class website.

---

[1]   Interim Co-Lead Class Counsel do intend to send out the Notice packet by email, to the extent that they have current email addresses for prospective Class members, but the emailed Notice packets would serve only to supplement formal Notice by mail and by posting to the Class website.

[2]   *See*, *e.g.*, *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008) ("To comport with the requirements of due process, notice must be reasonably calculated to reach interested parties.  Due process does not, however, require actual notice to each party intended to be bound by the adjudication of a representative action.") (citing cases; internal citation and quotation marks omitted; emphasis in original); *Vassalle v. Midland Funding, LLC*, No. 3:11-CV-00096, 2014 WL 5162380, at *10 (N.D. Ohio Oct. 14, 2014) ("There is no statutory or due-process requirement that all class members receive actual notice by mail or other means; rather, 'individual notice must be provided to those class members who are identifiable through reasonable effort.'") (quoting Eisen v. Carlisle & Jacqueline, 417 U.S. 156, 175 (1974)), *aff'd sub nom. Pelzer v. Vassalle*, 655 F. App'x 352 (6th Cir. 2016); 3 William B. Rubenstein, *Newberg on Class Actions* § 8:28, at 310 (5th ed. 2013) ("While parties sending notice may employ a wide variety of methods, notice by mail is the preferred means for notifying identified members of a class.") (footnote omitted); David F. Herr, *Annotated Manual for Complex Litigation, Fourth* § 21.311, at 357 (rev. ed. 2019) ("When the names and addresses of most class members are known, notice by mail usually is preferred.") (footnote omitted).  Indeed, inasmuch as a combination of notice by first-class mail and publication typically satisfies due process, *Bremiller v. Cleveland Psychiatric Inst.*, 898 F. Supp. 572, 580-81 (N.D. Ohio 1995) (citing cases), individual notice to all members of a class by first-class mail *a fortiori* satisfies it.

4

Because the Class Notice would not be disseminated to all Class members by email, Interim Co-Lead Class Counsel now propose that the opt-out period not commence immediately upon certification.  Rather, assuming the Court issues a decision certifying the Class this week, the Notice Administrator would be able to effectuate a mailing of the Class Notice by September 20, 2019, thereby allowing the Court to set a reasonable opt-out deadline of November 22, 2019.

Moreover, although the Notice would not be disseminated via email, the Notice Administrator will maintain a listserve of all Class members for whom it has been able to obtain an email address and the revised Notice advises Class members (in FAQ 31) that they have the option to provide their email address and be added to it.  That listserve would be used to communicate important updates concerning the progress of the Class, including notice of new postings to the Class website.

Finally, through the instant filing, Interim Co-Lead Class Counsel hereby amend the Motion by dropping Cuyahoga County and Summit County, Ohio as proposed Class representatives in light of those counties' settlements with certain Defendants.  The amendment still leaves 49 other cities and counties as proposed representatives to vigorously protect the interests of the absent members of the proposed Class.  The revised proposed Notice annexed hereto reflects the amendment to the Motion.

Dated:  September 10, 2019

Respectfully submitted,

*/s/ Jayne Conroy*_____
Jayne Conroy
SIMMONS HANLY CONROY LLC
112 Madison Avenue
New York, NY  10016
(212) 784-6401
jconroy@simmonsfirm.com


*/s/ Christopher A. Seeger*_____
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100
cseeger@seegerweiss.com

***Interim Co-Lead Class Counsel***
***for the Proposed Negotiation Class***