# EXHIBIT A

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO</u>

# <u>(PROPOSED) CLASS ACTION NOTICE AND FREQUENTLY ASKED QUESTIONS ("FAQs")</u>

# To: All U.S. Counties, Cities, and Local Governments as listed at www.opioidsnegotiationclass.info

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- Counties and cities across the country have sued manufacturers, distributors, and retailers of prescription opiate drugs seeking, among other things, reimbursement for monies spent addressing the opioid crisis.  All federal actions have been centralized into one court in Ohio and are entitled, <u>In re: National Prescription Opiate Litigation</u>, MDL No.  2804 (N.D.  Ohio).  Additional cases are pending in state courts.

- The Court in <u>In re: National Prescription Opiate Litigation</u> has certified a voluntary "Negotiation Class" ("Class").  The Class is defined as:  **all counties, parishes, and boroughs (collectively, "counties"); and all incorporated places, including without limitation cities, towns, townships, villages, and municipalities (collectively "cities").**  The Class includes all counties and cities, whether they have filed a lawsuit or not.  The complete current list of Class Members is available at the Class website: www.opioidsnegotiationclass.info.  This list may be updated as the Court may order.

- **NO SETTLEMENT HAS BEEN REACHED.  HOWEVER, IF YOUR COUNTY OR CITY STAYS IN THE CLASS**, it will be bound if a Class settlement is approved in the future.  Your county or city will likely <u>**NOT**</u> be provided another opportunity to be excluded from this Class action, so you should read this notice carefully and consult with your counsel regarding your county or city's rights.

- The Court has certified [       ] (see FAQ 7).  The Class is certified solely to consider and vote on any future settlements offers made to the Class by one or more of 13 defendants (see FAQ 5).  The purposes of the Class are (a) to unify cities and counties into a single negotiating entity to maximize their bargaining power and (b) to provide finality to opioids litigation for any settling Defendant.

- This Negotiation Class will not decide any claims or defenses in opioids litigation on the merits.  It is certified as a Negotiation Class only, to facilitate Class Members' approval or rejection of proposed settlements.  There are no proposed settlements at this time, and no guarantee that there will be in the future.  **However, your legal rights are affected and it is recommended that you consult with counsel regarding the choice you have to make now.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **STAY IN THE CLASS**<br><br>REQUIRES NO ACTION | **Stay in the Class.  Await the negotiation outcome, but retain the right to pursue your own lawsuit in the meantime.  Give up certain rights if a Class settlement is reached and approved by the Class and Court, but get a share of any Class settlement.**<br><br>By taking no action in response to this Notice, you remain in the Class. As a Class Member, you will still retain your right to pursue your own case unless and until any possible Class settlement is approved by the Court. As a Class Member, you have the right to vote on any settlement proposed to the Negotiation Class.  A settlement will not be accepted unless supported by 75% of the voting Class Members, counted by number, population, and allocation, for both litigating and non-litigating entities, and approved by the Court.  Settlement funds will be distributed at the county level and each county's share – and city's suggested share – can be viewed not by utilizing the Allocation Map at the Class website, **www.opioidsnegotiationclass.info**.  If the Court approves any settlement, that judgment will prohibit Class Members from suing the settling Defendant(s) about the claims and issues in the litigation. |
| **REMOVE YOURSELF FROM THE CLASS**<br><br>REQUIRES ACTION BY NOVEMBER 22, 2019 | **Get out of the Class.  Get no portion of any settlement.  Keep rights.**<br><br>Those who exclude themselves from the Class cannot vote on, will not have the right to be paid under, and will not be bound by, any Class settlement.  You keep any rights to negotiate separately about the same legal claims in this lawsuit, even if the Court approves a settlement for the Class.  Class Members may exclude themselves from ("opt out" of) the Class by having an authorized officer or employee complete and sign the Exclusion Request Form enclosed here and submit it on or before **November 22, 2019** by email or mail in accordance with the instructions in FAQ 26 below. |

- Class representatives and Class counsel will represent the Class in negotiations with Defendants who choose to do so.  You may enter an appearance through an attorney (at your own expense) if you desire, but it is not required.  Class Membership does not eliminate existing agreements with individual counsel.  The procedure for payment of Class/common benefit attorneys' fees/costs in connection with any Class settlement must be approved by the Court.  Details of the proposed options and procedures for fees and costs are posted on the Class website.

- For complete information on the Class, the settlement allocation formulas, the Class certification motion and Order, the list of included Class Members, the voting process to be used by the Class in accepting or rejecting any Class settlement offer, and an Allocation Map determining your allocation of any proposed settlement, go to **www.opioidsnegotiationclass.info**.  Important information on the Opioids-related litigation, including all pertinent Orders and Schedules, and Frequently Asked Questions, will be available on the Class website on an ongoing and current basis.

**Your rights and options are further explained below.**
**Any questions?  Read on and visit www.opioidsnegotiationclass.info.**

| FREQUENTLY ASKED QUESTIONS ("FAQS") |
|---|

BASIC INFORMATION ........................................................................................................................ 1
   1.  Why is a Negotiation Class being formed? What is its purpose? ............................... 1
   2.  Is this the first Negotiation Class Action? ................................................................. 1
   3.  Why use a Class mechanism? .................................................................................... 1
   4.  Who are the Class Representatives? ........................................................................... 1
   5.  Who are the Defendants? ........................................................................................... 2
   6.  Has a Class settlement been reached with Defendants yet? ...................................... 2
THE CLASS CLAIMS AND ISSUES ..................................................................................................... 2
   7.  What claims and issues are certified for the Negotiation Class? ............................... 2
   8.  Has the Court decided any claims or issues? ............................................................ 3
WHO IS IN THE CLASS ..................................................................................................................... 3
   9.  What entities are included in the Negotiation Class? ................................................ 3
   10.  Are counties and cities with state court-filed actions considered part of the
      Negotiation Class? ..................................................................................................... 3
   11.  Will the Negotiation Class end the opioid litigation that my County or City has filed? ....................... 3
   12.  How does the Negotiation Class affect other types of opioid plaintiffs that are not
      counties or cities? ...................................................................................................... 4
THE NEGOTIATION CLASS PROCESS ............................................................................................... 4
   13.  Now that the Court has approved this process, what will happen next? ................... 4
   14.  If my County or City chooses to participate in the Negotiation Class, how will it
      know when there is a proposed Class settlement? .................................................... 5
   15.  If there is a proposed Class settlement, does the Court still have to approve it? ...... 5
   16.  If there is a proposed settlement and my County or City is included in the
      Negotiation Class, but it disapproves of the settlement terms, can my County
      or City object to the settlement? ............................................................................... 5
   17.  How long will the Negotiation Class last? ................................................................ 5
VOTING ............................................................................................................................................ 6
   18.  If there is a proposed Class settlement, how will the voting be done? ..................... 6
   19.  If there is a proposed Class settlement, how many votes are needed to approve it? ............................. 6
ALLOCATION OF CLASS SETTLEMENT FUNDS ................................................................................ 7
   20.  If there is a Class settlement, how will my County or City's share of the settlement
      be determined? ........................................................................................................... 7
   21.  What happens if a county and its constituent cities make different decisions
      about staying in the Class? ........................................................................................ 8
   22.  If there is a settlement between a Defendant and a State or States, what impact
      will this Negotiation Class have on the division of monies between a State
      and the cities and counties within the State? ............................................................ 8
   23.  Will Negotiation Class Representatives receive anything more than other Class Members? ............... 9
   24.  What is the Special Needs Fund? .............................................................................. 9
YOUR RIGHTS AND OPTIONS ........................................................................................................... 9
   25.  Can my county or city exclude itself from the Negotiation Class? ........................... 9
   26.  How does my county or city exclude itself from the Negotiation Class? ................. 9
   27.  If my county or city stays in the Negotiation Class, can it exclude itself later
      if it doesn't like a proposed settlement? ................................................................. 10

QUESTIONS? VISIT WWW.OPIOIDSNEGOTIATIONCLASS.INFO

THE LAWYERS REPRESENTING THE CLASS .......................................................................................... 10
   28.   Who are the Class Counsel? ................................................................................................ 10
   29.   How do Class Counsel get paid? ......................................................................................... 10
   30.   Under this proposal, what happens to my County or City's current
        fee agreement with outside counsel? .................................................................................. 11
GETTING MORE INFORMATION ........................................................................................................... 11
   31.   How can my County or City keep up with what's going on in this case? ........................... 11

# BASIC INFORMATION

### 1. Why is a Negotiation Class being formed? What is its purpose?

The purpose of the Negotiation Class is to create a cohesive group of cities and counties to negotiate Classwide settlements, on a voluntary basis, with Defendants who make, distribute, or sell opioids nationwide.  Class Representatives and Class Counsel will represent the Negotiation Class.  Class Members will vote on any Class settlement proposal.  If 75% of those Class Members who vote (as described in FAQ 18 and 19 below) support a proposed Settlement, Class Counsel will ask the Court to approve it.  The ultimate purpose of the Negotiation Class is to make settlement easier to obtain.

### 2. Is this the first Negotiation Class Action?

Yes.  This is a new use of the Class action mechanism under Federal Rule of Civil Procedure 23, reflecting the unique nature of the national opioids litigation.  Unlike any mass litigation before, thousands of cities and counties nationwide are pursuing claims against major defendants.  The goal is to recover money to help fight the opioids epidemic, provide prevention and treatment services going forward, and change Defendants' practices.

### 3. Why use a Class mechanism?

Joining all cities and counties together as a Negotiation Class gives them maximum negotiating power, makes the negotiation of comprehensive settlements a more practical process, enables Defendants to know the group with which they are negotiating, and enables Class Members to vote on resulting settlement offers.

### 4. Who are the Class Representatives?

The Court has authorized the following 49 counties and cities to serve as the Negotiation Class's Class Representatives: (1) County of Albany, New York; (2) City of Atlanta, Georgia; (3) Bergen County, New Jersey; (4) City of Baton Rouge/East Baton Rouge Parish, Louisiana; (5) Broward County, Florida; (6) Camden County, New Jersey; (7) Cass County, North Dakota; (8) City of Chicago, Illinois; (9) Cobb County, Georgia; (10) City of Concord, New Hampshire; (11) Cumberland County, Maine; (12) City of Delray Beach, Florida; (13) Denver, Colorado; (14) Escambia County, Florida; (15) Essex County, New Jersey; (16) County of Fannin, Georgia; (17) Franklin County, Ohio; (18) Galveston County, Texas; (19) County of Gooding, Idaho; (20) City of Grand Forks, North Dakota; (21) County of Hennepin, Minnesota; (22) City of Indianapolis, Indiana; (23) County of Jefferson, Alabama; (24) Jefferson County/ City of Louisville, Kentucky; (25) Jersey City, New Jersey; (26) Kanawha County, West Virginia; (27) King County, Washington; (28) City of Lakewood, Ohio; (29) City of Los Angeles, California; (30) City of

Lowell, Massachusetts; (31) City of Manchester, New Hampshire; (32) Maricopa County, Arizona; (33) Mecklenburg County, North Carolina; (34) The Metropolitan Government of Nashville and Davidson County, Tennessee; (35) Milwaukee County, Wisconsin; (36) Monterey County, California; (37) City of Norwalk, Connecticut; (38) County of Palm Beach, Florida; (39) Paterson City, New Jersey; (40) City of Phoenix, Arizona; (41) Prince George's County, Maryland; (42) Riverside County, California; (43) City of Saint Paul, Minnesota; (44) City of Roanoke, Virginia; (45) County of Rockland, New York; (46) City and County of San Francisco, California; (47) County of Smith, Texas; (48) County of Tulsa, Oklahoma; and (49) Wayne County, Michigan.

### 5. Who are the Defendants?

The Court has authorized the Negotiation Class to negotiate with 13 Defendants (including their affiliates):  (1) Purdue, (2) Cephalon, (3) Endo, (4) Mallinckrodt, (5) Actavis, (6) Janssen, (7) McKesson, (8) Cardinal, (9) AmerisourceBergen, (10) CVS Rx Services, Inc., (11) Rite-Aid Corporation, (12) Walgreens, and (13) Wal-Mart.  The Negotiation Class is authorized to negotiate settlements with any of these 13 Defendants, on any of the claims or issues identified below in FAQ 7, or other claims or issues arising out of the same factual predicate.  If Class Counsel seek to negotiate for the Class with any other defendants, they can file a motion asking the Court to amend the Class certification order.

### 6. Has a Class settlement been reached with Defendants yet?

No.  No Class settlement has been reached yet with any Defendant.  But the existence of a Negotiation Class makes the possibility of Class settlement more feasible because a Defendant will know the group with which it is negotiating.  There is no guarantee, however, that there will be a Class settlement and it is possible that there will be settlements that do not encompass the Class, such as settlements between one or more Class Members and one or more Defendants.

## THE CLASS CLAIMS AND ISSUES

### 7. What claims and issues are certified for the Negotiation Class?

In this Negotiation Class, the Court certified [                    ].  The RICO claims and the issues related to the CSA are similar across the country and the Class.  The first RICO claim alleges that five Defendants misled physicians and the public about the need for and addictiveness of prescription opioids, all in an effort to increase sales.  The second RICO claim alleges that eight Defendants ignored their responsibilities to report and halt suspicious opioid sales, all in an effort to artificially sustain and increase federally-set limits (quotas) on opioid sales.  The CSA issues allege that the CSA required Defendants to create systems to identify, suspend, and report unlawful opioid sales, and that Defendants failed to meet those obligations.  As noted in FAQ 5, above, the Negotiation Class is authorized to negotiate Class settlements concerning these claims and issues or other claims or issues arising out of the same factual predicate.  **However, this**

**Negotiation Class does not involve claims by State governments against the Defendants and no Class settlement will release or otherwise interfere with any State government's current or future litigation**.  **This Negotiation Class concerns claims only of counties and cities.**  You can read more about these claims and issues in the Court's Memorandum Opinion certifying this Class, which is posted at **www.opioidsnegotiationclass.info**.

### 8. Has the Court decided any claims or issues?

No.  The Court has not decided any Classwide claims or defenses on the merits and the Court will not render any Classwide decisions on the merits of any claims asserted by the Class or individual Members of it.  By establishing this Negotiation Class and issuing this notice, the Court is not suggesting the Class would win or lose this case.  <u>This Class has been certified for negotiation purposes only</u>.

## WHO IS IN THE CLASS

### 9. What entities are included in the Negotiation Class?

The Negotiation Class is defined as:

> **All counties, parishes, and boroughs (collectively, "counties"); and all incorporated places, including without limitation cities, towns, townships, villages, and municipalities (collectively "cities").**

**A complete current list of Class Members is available at www.opioidsnegotiationclass.info.  The list may be updated as the Court may order.**

The terms "counties" and "cities" are used only as shorthand.  The Class includes political subdivisions with other names, such as parishes, villages, towns, townships, etc.  The list of Class Members was devised primarily from the U.S. Census bureau lists of governmental entities that provide services to their residents.  Check the Cities and Counties lists posted on the Class website to confirm whether you are a Negotiation Class Member.

### 10. Are counties and cities with state court-filed actions considered part of the Negotiation Class?

Yes.  Counties and cities that sue in state court are Members of this Negotiation Class, with the option to opt out.  However, nothing about Membership in the Negotiation Class interferes with the rights of any federal or state court plaintiffs to proceed with their own cases for litigation, trial, or individual settlement.  Only if and when a Class settlement has been reached, has been approved by 75% of the voting Class Members as described in FAQ 19, and has been approved by the Court, would Class Members lose their ability to proceed on their own, in exchange for the settlement benefits that they would receive.

### 11. Will the Negotiation Class end the opioid litigation that my County or City has filed?

Not now and only if a Class settlement is later reached and approved.  Your county's or city's Membership in the Negotiation Class will not immediately affect any opioid suit it has filed, whether in federal or state court.  It also will not stop your county or city from filing or pursuing a lawsuit, and it will not affect any scheduled hearings or trials in any lawsuit.  However, if there is a final Class settlement, approved by the required 75% of the voting Class Members and by the Court, the final settlement will likely end all other opioids-related litigation brought by Class Members.  In the meantime, you do not need to opt-out of the Class to file, continue to prosecute, or settle your own case, and you may keep any settlement or judgment you obtain.  If any county or city obtains a judgment or settlement with a Defendant before the Negotiation Class does, however, it will not receive additional compensation through any later Negotiation Class settlement.  But by remaining in the Class, your county or city does risk foregoing its own lawsuit (although it would obtain money from a Class settlement) if a Class settlement is reached and approved.

**12.  How does the Negotiation Class affect other types of opioid plaintiffs that are not counties or cities?**

The Negotiation Class does not directly affect the litigation or settlement of the claims of other types of plaintiffs, such as Indian Tribes, third party payors, and others, that are proceeding in federal or state courts.  These plaintiffs can organize themselves as groups or propose their own Classes, for trial or settlement purposes.

# THE NEGOTIATION CLASS PROCESS

**13.  Now that the Court has approved this process, what will happen next?**

The creation of the Negotiation Class has these next steps:

- On September [xx], 2019, Judge Polster, the federal judge overseeing all of the national opioids litigation, certified the Negotiation Class to go forward.

- On or before **September 20, 2019**, Class Action Notice will be sent via first Class mail and posted to the Class website www.opioidsnegotiationclass.info to all Class Members.

- Class Members have until **November 22, 2019** to decide whether to participate or to opt out of the Class.  This is the "opt-out period."  All Class Members are automatically included in the Class.  If a Class Member wants to participate, it does not need to do anything at this point.  Only Class Members that wish to exclude themselves ("opt out") and not participate in the Class must act:  they must submit a copy of the enclosed Exclusion Request Form on or before November 22, 2019, using the instructions in FAQ 26.

- After the close of the opt-out period, the Court will enter an order confirming the Membership of the Class, saying who is in and who is out of the Class.

- After that, the Class will operate if, and only if, one or more of the Defendants wishes to negotiate with the Class as a whole through the Negotiation Class mechanism.

- If a proposed Class settlement is reached, the proposal will be submitted to the entire Class Membership for its approval or rejection in accordance with the voting formula (described in FAQ 18 and 19 below).  If no proposed settlement is reached, the Class will not vote and will have no other role.

**14.  If my County or City chooses to participate in the Negotiation Class, how will it know when there is a proposed Class settlement?**

All Negotiation Class Members will be given advance notice of any Class settlement offer, including details on its terms and conditions, and they will have an opportunity to vote on each settlement offer.  Class Members will be able to cast their vote securely, through the Class website, which will establish a voting identity and portal for each Class Member.  Only Class settlements achieving 75% approval votes, by number, by allocation, and by population, of the litigating and non-litigating Class Members that vote (as described in FAQ 19) will be submitted to the Court, which will make the final determination of whether to approve the settlement.

**15.  If there is a proposed Class settlement, does the Court still have to approve it?**

Yes.  If there is a proposed settlement that is approved by 75% of the voting Class Members, as described in FAQ 18 and 19, the Court will review and decide whether to approve it, under the Class action settlement approval process set forth in Federal Rule of Civil Procedure 23(e).  Generally, the Court will assess whether any settlement is fair, reasonable, and adequate.  All applications for fees and costs also require court approval under Rule 23 procedures.  (See https://www.law.cornell.edu/rules/frcp/rule_23.)

**16.  If there is a proposed settlement and my County or City is included in the Negotiation Class, but it disapproves of the settlement terms, can my County or City object to the settlement?**

Yes.  As a Negotiation Class Member, you will be entitled under Rule 23(e) to object to any settlement, even if it has received approval from the Class.  However, as described in FAQ 27, you will likely not be able to exclude yourself from the Class at that time.  An objection explains your concerns to the Court for its consideration but does not remove you from the Class.

**17.  How long will the Negotiation Class last?**

The Negotiation Class will last for 5 years from the date it is certified by the Court.  The Court

certified the Class on September [xx], 2019 and the Negotiation Class will last until September [xx], 2024.  After that date, the Class will not exist as an entity with which a Defendant can negotiate.  However, the Negotiation Class will continue to exist with regard to: (1) any Class settlements presented to the Negotiation Class for a vote before that date, to carry out the voting and approval process; and (2) any Class settlements reached before that date, to complete settlement administration and enforcement.

# VOTING

**18.  If there is a proposed Class settlement, how will the voting be done?**

Each Class Member will vote only once on any particular Class settlement proposal.  The vote will simply be yes-or-no, in favor of or against the proposed settlement.  Class Members that do not vote will not be counted as either yes or no votes; as with an election for government office in the United States, the only votes that are counted are those of the voters who actually cast votes.  Class Members' votes will be tabulated mechanically within each applicable voting pool, to make sure 75% of each pool is in favor of the proposed settlement before it is presented to the Court.  The voting pools are described in FAQ 19.  Voting tabulation does not require any effort by the Class Members.  The requirement of 75% support of voting Class Members across the different voting pools ensures that no settlement will go forward without a wide cross-section of support from cities and counties of all sizes and interests.

**19.  If there is a proposed Class settlement, how many votes are needed to approve it?**

The agreement to be bound by a supermajority vote means that no settlement can be reached that would bind the Negotiation Class without the approval of 75% of the voting Class Members, defined in several ways.  To be binding, 75% of those voting in <u>each</u> of the following six categories must approve a proposed settlement:

- 75% of the total number of voting Class Members that had filed suit as of June 14, 2019 ("litigating entities").  This number is based on all individual Class Members who had suits on file regardless of size, so that each voting entity has one vote;

- 75% of the total number of voting Class Members that had not filed suit as of June 14, 2019 ("non-litigating entities").  This number is based on all individual Class Members who had not filed suit, regardless of size, so that each voting entity has one vote;

- 75% of the total population of all voting Class Members that had filed suit as of June 14, 2019.  For this computation, the vote of the county or city is weighted according to its population, with each person in a voting city and each person in a voting county equal to one vote.  Thus, by way of example, if a county votes yes and has a population of 20,000, and a city within the county votes yes and has a population of 10,000, the county's vote is weighted as 20,000 votes in favor, and the city's vote is recorded as 10,000 votes in favor.

The population for each County or City will be based on current census data. The current data is presented on the Class website, **www.opioidsnegotiationclass.info**. Individual residents in this category may be counted twice, once as a resident of a municipality, and once as a resident of a county;

- 75% of the total population of all voting Class Members that had not filed suit as of June 14, 2019. For this computation, the vote of the county or city is weighted according to its population, with each person in a voting city and each person in a voting county equal to one vote. Thus, by way of example, if a county votes and has a population of 20,000, and a city within the county votes yes and has a population of 10,000, the county's vote is weighted as 20,000 votes in favor, and the city's vote is recorded as 10,000 votes in favor. Again, the population for each County or City will be based on current census data. The current data is presented on the Class website, **www.opioidsnegotiationclass.info**. Individual residents in this category may be counted twice, once as a resident of a municipality, and once as a resident of a county;

- 75% of the litigating Class Members casting votes, weighted by their settlement fund allocations as shown at the Allocation Map posted at opioidsnegotiationclass.info; and

- 75% of the non-litigating Class Members casting votes, weighted by their settlement fund allocations as shown at the Allocation Map posted at opioidsnegotiationclass.info.

**For purposes of counting votes, only votes cast will be considered.** In order for a proposed settlement to be binding on the Negotiation Class, 75% of those Class Members who cast votes in **each** of these six categories must be in favor. No settlement will be submitted to the Court for final approval unless 75% of those voting in **each** of the six categories are in favor. No county or city that is not a Class Member as of the deadline for a vote on a proposal will be allowed to vote on that proposal.

# ALLOCATION OF
# CLASS SETTLEMENT FUNDS

**20. If there is a Class settlement, how will my County or City's share of the settlement be determined?**

Any Class settlement funds will be distributed in three steps:

*Step 1*: Each county's share of the settlement will be distributed in accordance with an "allocation model." The allocation model uses three factors, based on reliable, detailed, and objective national data, to determine the share of a settlement fund that each *county* will receive. These factors address the most critical causes and effects of the opioids crisis, and are each weighted equally (1/3-1/3-1/3): (1) the amount of opioids distributed within the county, (2) the number of opioid deaths that occurred in the county; and (3) the number of people who suffer opioid use disorder in the county. This model is designed not to favor either small or large counties based solely on population. Ultimately, the model allocates settlement funds in proportion to where the opioid crisis has caused actual harm.

***Step 2***: Counties and their constituent cities, towns, and boroughs may distribute the funds allocated to the county among all of the jurisdictions in any manner they choose. If the county and cities cannot agree on how to allocate the funds, the Class website reflects a default allocation that will apply. The default allocation formula uses historical federal data showing how the specific county and the cities within it have made opioids-related expenditures in the past. Any of the affected jurisdictions may ask a Special Master to apply a different formula.

***Step 3***: If the default allocation is used and a city's share is less than $500, then that amount will instead be distributed to the county in which the city lies to allow practical application of the abatement remedy. Affected cities could seek recovery through intra-county allocation described in Step 2, or from the Class Members' Special Needs Fund (see FAQ 24). In the rare circumstance that a city with a share of less than $500 lies in a county that does not have a county government, the amount would instead go to the Class Members' Special Needs Fund, and Class members could seek recovery from that Fund.

Further information about the allocation formulas and their data sources are available at the Class website.

**21. What happens if a county and its constituent cities make different decisions about staying in the Class?**

- If a county and all of its constituent cities remain in the Class, each entity's share will be determined as explained in FAQ 20.

- If a county remains in the Class, but one or more cities within the County is not in the Class, there are a variety of ways that a Class settlement might address that situation, but it is possible that a Class settlement would require that the County's allocation be reduced.

- If a county is not in the Class, but cities within that county remain in the Class, there are a variety of ways a Class settlement might address that situation. One possibility is that a city would receive no direct monetary allocation because its county has opted out, but that it could seek monetary relief through the Special Needs Fund (see FAQ 24). If a settlement provides a city no possibility of monetary relief because its county has opted out, Class Counsel anticipates the city would not be required to release its claims against the settling defendant.

**22. If there is a settlement between a Defendant and a State or States, what impact will this Negotiation Class have on the division of monies between a State and the cities and counties within the State?**

The Negotiation Class process does not interfere with a Defendant's ability to settle directly with one or more States. If a Defendant reaches a settlement directly with a State, nothing about this Negotiation Class process would affect the distribution of those settlement funds between the State and its own cities or counties. The Court has explicitly ordered that the Class's lawyers not involve themselves or the Class in the process of allocating monies secured by States between themselves and their counties and cities.

### 23. Will Negotiation Class Representatives receive anything more than other Class Members?

Negotiation Class Representatives do not receive preferential treatment under any settlement simply for serving as Class Representatives.  Their allocation will be calculated in precisely the same manner as every other Class Member's.  However, they can apply to the Court for reimbursement of costs and expenses incurred by reason of serving as Class Representatives.  Also, courts often award a modest amount to Class Representatives, called an incentive or service award, so as to encourage Class Representatives to step forward on behalf of others.  Any such awards are subject to Class notice and Court approval.

### 24. What is the Special Needs Fund?

Fifteen percent (15%) of any Class settlement fund will be put into the "Special Needs Fund." Any Class Member may apply for a distribution from the Special Needs Fund:  (1) to recover its costs of litigating its own opioids lawsuit, if that case was filed before June 14, 2019; and/or (2) to obtain additional relief for any local impact of the opioids crisis that is not captured by the Class Member's allocation.  Applications will be made to and approved by a court-appointed Special Master, on a case-by-case basis.  Any unawarded amount remaining in this Special Needs Fund would revert to the Class.

## YOUR RIGHTS AND OPTIONS

### 25. Can my county or city exclude itself from the Negotiation Class?

Yes.  You have a **one-time** opportunity to exclude your county or city from the Class and you must do so before November 22, 2019.  You must follow the procedure set forth in FAQ 26 below to exclude your county or city.  As explained in FAQ 27, you will likely **not** be given a second opportunity to exclude your county or city from the Class if a settlement is later reached and you should not count on such an opportunity being available at that time.

### 26. How does my county or city exclude itself from the Negotiation Class?

You may exclude your county or city ("opt out") by signing and sending, either by email or by first-class U.S. mail, the enclosed Exclusion Request Form.

- If submitted by email, the form must be sent to info@OpioidsNegotiationClass.info on or before **November 22, 2019**.

- If submitted by mail, the form must be postmarked on or before **November 22, 2019** and sent by first-class U.S. mail to:

    NPO Litigation

>P.O. Box 6727
>Portland, OR 97228-6727

The Exclusion Request Form must be signed by an **authorized** official or employee of the county or city itself, under penalty of perjury pursuant to 28 U.S.C. § 1746, and is subject to verification by the Court.  If you exclude your county or city from the Negotiation Class, your county or city will not be bound by any Orders or Judgments regarding the Class, and it will have no right to share in any settlement reached by the Class.

### 27. If my county or city stays in the Negotiation Class, can it exclude itself later if it doesn't like a proposed settlement?

Not under the current Court Order.  The Court's Order certifying the Negotiation Class provides only one opportunity for a county or city to exclude itself from the Class.  The exclusion deadline ends on November 22, 2019.  If a settlement is reached and proposed to the Class for its approval, Class Members who do not support the settlement may (1) vote against it and/or, (2) if the settlement is nonetheless approved by the Class votes, file objections with the Court.  Rule 23 permits a court to offer a second opportunity for Class Members to opt out when a settlement is proposed, but the Rule does not require the Court to give Class Members a second opportunity to opt out.  In this case, it is anticipated that the Court will not give Class Members a second opportunity to opt out.  Therefore, Class Members should not rely on that possibility.  Class Members should expect that there will be no opportunity to opt out of the Class after **November 22, 2019**.

## THE LAWYERS REPRESENTING THE CLASS

### 28. Who are the Class Counsel?

The Court has authorized the following six lawyers to jointly represent the Negotiation Class: Jayne Conroy and Christopher A. Seeger are Co-Lead Negotiation Class Counsel and Gerard Stranch, Louise Renne, Mark Flessner, and Zachary Carter are Negotiation Class Counsel.  Each of these six lawyers represents only cities or counties in Opioids-related litigation.

### 29. How do Class Counsel get paid?

Class Counsel will apply to the Court for approval of fees and costs under Rule 23(h).  As a Class Member, you will receive notice and have an opportunity to object to any such application.  The Court may appoint fee committees to make recommendations of any fee awards, to avoid duplication of payment, and to assure appropriate compensation of those whose efforts provided a common benefit.  The Court will make the final decision about all fees paid out of the Class's recovery to any lawyer.

**30. Under this proposal, what happens to my County or City's current fee agreement with outside counsel?**

The current fee agreement that a county or city has with its outside counsel remains in effect. Membership in the Negotiation Class does not change that. In the event of any settlement that achieves Class and Court approval, there would be a "Private Attorneys Fund" from which outside counsel for Class Members that had signed retainer agreements for opioid-epidemic related litigation before June 14, 2019 could apply for fees and costs in lieu of any current fee agreement. That would be a voluntary decision between the county or city and its outside counsel. A total of up to 10% (maximum) of any approved Class settlement amount will be held in the Private Attorneys Fund. Any unawarded amount remaining in this Fund would revert to the Class. The Court must approve all payments from this Fund.

# GETTING MORE INFORMATION

**31. How can my County or City keep up with what's going on in this case?**

Pertinent news and information will be posted at the Class website, **www.opioidsnegotiationclass.info** on an ongoing basis. As a Class Member, you also will have the opportunity to sign up, through the Class website, for email notices alerting you to the fact that new information has been posted to the Class website.

DATE: September XX, 2019.