No. 19-3415

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 10, 2019
DEBORAH S. HUNT, Clerk

In re: NATIONAL PRESCRIPTION OPIATE )
LITIGATION )
) O R D E R
)
In re: ENDO PHARMACEUTICALS, INC., et al., )
)
    Petitioners. )

Before: GUY, MOORE, and McKEAGUE, Circuit Judges.

Defendants Endo Pharmaceuticals, Inc. and Endo Health Solutions, Inc. ("Endo") petition for a writ of mandamus, seeking to compel the district court to vacate: (1) its order disqualifying counsel Carole Rendon and her firm BakerHostetler from representing Endo; and (2) its order granting reconsideration of that order but affirming its decision to disqualify. Plaintiffs Cuyahoga County and the City of Cleveland ("Cleveland") move to dismiss the petition, Endo responds, and Cleveland replies.

The remedy of mandamus is a drastic one to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662 (1978). To determine whether mandamus relief is appropriate, we balance five factors: (1) whether the petitioner has no other adequate means to obtain the relief desired; (2) whether the petitioner will suffer damage or prejudice that is not correctable on appeal; (3) whether the district court's action "is clearly erroneous as a matter of law"; (4) whether the district court's action "is an oft-repeated error, or manifests a persistent disregard of the federal rules"; and (5) whether the district court's action "raises new and important

problems, or issues of law of first impression." *John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008). To avoid an end-run around the final judgment rule, we generally consider whether the first two prongs of the test have been met first. *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 437–38 (6th Cir. 2009).

Endo argues that the first two factors support relief because the district court denied a § 1292 appeal, it will otherwise go to trial without counsel of its choice, the litigation is complex, trial is imminent, and disputes have already arisen based on Rendon's continued co-liaison position. Disqualification orders "can be reviewed as effectively on appeal of a final judgment as on an interlocutory appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 438 (1985). Nonetheless, "in the exceptional circumstances for which it was designed, a writ of mandamus from the court of appeals might be available." *Id.* at 435 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378–379, n. 13, 101 S.Ct. 669, 675–676, n. 13 (1981)); *In re Mechem*, 880 F.2d 872, 874 (6th Cir. 1989). This is exceedingly complex multidistrict litigation involving hundreds of localities and municipalities nationwide. The parties raise novel claims and issues. The outcome of the bellwether trial may have financial and legal ramifications in future litigation involving the same underlying issues. But the trial does not begin until October. And, critically, Endo is and has been represented by numerous counsel from numerous firms, one of whom has been integrally involved throughout the proceedings. Thus, these factors do not support mandamus relief.

Endo argues that the third factor also supports relief. More particularly, it argues that the district court clearly erred in disqualifying Rendon and her firm because: (1) Cleveland failed to show that it conveyed information to Rendon "under governmental authority"; (2) Cleveland failed to show that the information is currently subject to any law or privilege barring its disclosure; (3) the information obtained was presumptively public; (4) there is no material disadvantage to Cleveland from Rendon's representation of Endo because the information is

subject to discovery; (5) the DOJ conflated information received by Rendon with information received by Rendon's unnamed direct reports and failed to distinguish between the two; and (6) the only evidence in the record addressing the correct standard came from Rendon, who testified that she did not violate the rule.  We are cognizant that we should not impair the final-judgment rule based on additional factors if we find that the first two factors do not support relief.  Nonetheless, given the complexity of the underlying case and the imminent trial, we reviewed Endo's arguments.  Disqualification of counsel is "a drastic measure which courts should hesitate to impose except when absolutely necessary."  *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1983).  Each case must be considered on its own merits and in its own particular factual context.  *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751, 754 (7th Cir. 1975).  The district court considered the numerous pleadings, the evidence, testimony, and the DOJ correspondence before concluding that Rendon possessed confidential information within the ambit of the rule.  At this juncture, based on our review of the parties' arguments and applicable law, we cannot find that the district court's disqualification of Rendon was clear error.

The final factors weigh in favor of review if the district court's order is an oft-repeated error, manifests a persistent disregard of the federal rules, raises new and important problems, or raises issues of law of first impression.  But, given that Endo has other adequate remedies on direct appeal, there is no reason it cannot wait for reasoned review upon entry of a final judgment.  Endo has not shown a clear and indisputable right to relief.

The mandamus petition is **DENIED**.  The motion to dismiss is **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk