## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| _____ ) | **Case No. 1:17-md-2804** |
| **IN RE: NATIONAL PRESCRIPTION** ) | **Case No. 18-op-45090** |
| **OPIATE LITIGATION** ) |  |
| ) | **Judge Dan Aaron Polster** |
| **THIS DOCUMENT RELATES TO:** ) |  |
| ) | <u>**ORDER CERTIFYING**</u> |
| **All Cases** ) | <u>**NEGOTIATION CLASS AND**</u> |
| ) | <u>**APPROVING NOTICE**</u> |
| **and** ) |  |
| ) |  |
| *The County of Summit, Ohio, et al., v.* ) |  |
| *Purdue Pharma L.P. et al.,* ) |  |
| Case No. 18-op-45090 ) |  |
| _____ ) |  |

1.      The Court held a hearing on August 6, 2019, to consider and determine Plaintiffs'

Renewed and Amended Motion for Certification of a Rule 23(b)(3) Cities/Counties Negotiation

Class.  Doc. #: 1820.

2.      Upon review and consideration of all of the papers and presentations submitted in

connection with the proposed Negotiation Class, this Court finds and **ORDERS** the following:

3.      This Court has been provided with information sufficient to enable it to determine

that it is appropriate (a) to grant certification to a Negotiation Class; (b) to approve the proposed

Notice Plan filed in Doc. #: 2583; (c) to set a deadline of November 22, 2019 for Class members

to opt out; and (d) to thereafter confirm the membership of the Class by entry of an Order pursuant

to Rule 23(c), giving all parties notice of the entities that are included in, and that are excluded

from, the Class.

1

4.      The Class is defined as:

All counties, parishes, and boroughs (collectively, "counties"); and all incorporated places, including without limitation cities, towns, townships, villages, and municipalities (collectively "cities").

A complete list of Class Members is available on the Opioids Negotiation Class website,

www.opioidsnegotiationclass.info.

5.      By separate Memorandum Opinion, the Court has found:

- that the class is so numerous that joinder of all members is impracticable; that there are questions of law and fact common to the class; that the claims of the representative parties are typical of the claims of the class; and that the representative parties will fairly and adequately protect the interests of the class, as required by Fed. R. Civ. P. 23(a)(1)–(4);

- that questions of law and fact common to class members predominate over any questions affecting only individual members with respect to a RICO claim arising out of the alleged Opioid Marketing Enterprise, as against five (5) named sets of Defendants (Purdue, Cephalon, Janssen, Endo, and Mallinckrodt), and as to a RICO claim arising out of the alleged Opioid Supply Chain Enterprise, as against eight (8) named Defendants (Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen), and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, as required by Rule 23(b)(3); and

- that questions of law and fact common to class members predominate over any questions affecting only individual members with respect to two specific issues related to the obligations of 13 sets of Defendants (Purdue, Cephalon, Endo, Mallinckrodt, Actavis, Janssen, McKesson, Cardinal, AmerisourceBergen, CVS Rx Services, Inc., Rite-Aid Corporation, Walgreens, and Wal-Mart) under the Controlled Substances Act, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy with respect to these issues, as required under Rule 23(c)(4), as interpreted by the Sixth Circuit in *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F.3d 405 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1319 (2019).

The Court accordingly certifies the two RICO claims against the five and eight Defendants, respectively, under Rule 23(b)(3), and the two CSA issues against the 13 identified Defendants

2

under Rule 23(c)(4).  The accompanying Memorandum Opinion clarifies that these 13 identified

Defendants encompass families of companies.

6.    In its Memorandum Opinion, the Court specifically found the 49 proposed Class

Representatives' claims to be typical of those of the Class and found that these proposed Class

Representatives will adequately represent the class.  The Court accordingly appoints these 49

entities to serve as the Negotiation Class's Class Representatives:

> (1) County of Albany, New York; (2) City of Atlanta, Georgia; (3) Bergen County, New
> Jersey; (4) City of Baton Rouge/East Baton Rouge Parish, Louisiana; (5) Broward County,
> Florida; (6) Camden County, New Jersey; (7) Cass County, North Dakota; (8) City of
> Chicago, Illinois; (9) Cobb County, Georgia; (10) City of Concord, New Hampshire; (11)
> Cumberland County, Maine; (12) City of Delray Beach, Florida; (13) Denver, Colorado;
> (14) Escambia County, Florida; (15) Essex County, New Jersey; (16) County of Fannin,
> Georgia; (17) Franklin County, Ohio; (18) Galveston County, Texas; (19) County of
> Gooding, Idaho; (20) City of Grand Forks, North Dakota; (21) County of Hennepin,
> Minnesota; (22) City of Indianapolis, Indiana; (23) County of Jefferson, Alabama; (24)
> Jefferson County/ City of Louisville, Kentucky; (25) Jersey City, New Jersey; (26)
> Kanawha County, West Virginia; (27) King County, Washington; (28) City of Lakewood,
> Ohio; (29) City of Los Angeles, California; (30) City of Lowell, Massachusetts; (31) City
> of Manchester, New Hampshire; (32) Maricopa County, Arizona; (33) Mecklenburg
> County, North Carolina; (34) The Metropolitan Government of Nashville and Davidson
> County, Tennessee; (35) Milwaukee County, Wisconsin; (36) Monterey County,
> California; (37) City of Norwalk, Connecticut; (38) County of Palm Beach, Florida; (39)
> Paterson City, New Jersey; (40) City of Phoenix, Arizona; (41) Prince George's County,
> Maryland; (42) Riverside County, California; (43) City of Saint Paul, Minnesota; (44) City
> of Roanoke, Virginia; (45) County of Rockland, New York; (46) City and County of San
> Francisco, California; (47) County of Smith, Texas; (48) County of Tulsa, Oklahoma; and
> (49) Wayne County, Michigan.

7.    In its separate Memorandum Opinion, and the prior Interim Class Counsel Orders

(Doc. ##: 2490, 2493), the Court has found that lawyers Jayne Conroy, Christopher Seeger, Gerard

Stranch, Louise Renne, Zachary Carter, and Mark Flessner meet the requirements to serve as

Negotiation Class Counsel, as required by Rule 23(g).  The Court accordingly appoints Jayne

Conroy and Christopher Seeger to serve as Co-Lead Negotiation Class Counsel and Gerard

Stranch, Louise Renne, Zachary Carter, and Mark Flessner to serve as Co-Negotiation Class Counsel.

8.     Class Counsel and only Class Counsel are authorized to (a) represent the Class in settlement negotiations with Defendants; (b) sign any filings with this or any other Court made on behalf of the Class; (c) assist the Court with functions relevant to a class action, such as but not limited to maintaining the Class website and executing a satisfactory notice program; and (d) represent the Class in Court.

9.     As explained in the accompanying Memorandum Opinion, the Court finds that there is no bar to Class Counsel working with the MDL Negotiation Committee members in negotiating with Defendants, nor is there any bar to these MDL lawyers seeking to apply to share Class Counsel responsibilities in the future should their representational situations change. However, as noted above, only Class Counsel can bind the Class and thus Class Counsel must independently approve all final decisions concerning any Class-based settlement and be the sole signatories on behalf of the Class of all Class-based term sheets, settlement agreements, or similar documents.

10.     In its Memorandum Opinion, the Court analyzed the scope of the claims and issues proposed for certification with reference to the complaints filed by Summit County, Ohio, Doc. ##:  513, 1466; these complaints also served as the basis for the Court's Order adopting a short-form complaint process in this MDL.  Doc. # 1282.  The Summit County, Ohio case number is accordingly attributed to this class action going forward and all matters in the class action will utilize the caption on this Order.  For administrative convenience, the Clerk may assign a different

4

case number within the *Summit County* case for Class Action filings, to distinguish these from the individual filings in that case.

11.     As explained in the accompanying Memorandum Opinion, the Court has found that the proposed Class Action Notice program submitted by Interim Class Counsel on September 10, 2019, Doc. #: 2583, meets the requirements of Rule 23.  Accordingly, the proposed Class Action Notice program is approved for mailing to the whole Class, for posting on the Opioids Negotiation Class website, www.opioidsnegotiationclass.info, and for emailing to those members of the Class with email addresses known to the Notice provider.  The Class Action Notice, Doc. #: 2583-1, shall be mailed to all entities listed as Class members on www.opioidsnegotiationclass.info as soon as possible.  Epiq Global is hereby approved to serve as Class Notice provider, is authorized and directed to effectuate first-class mail and email notice to the Class, and is ordered to provide a Report to this Court, no later than December 1, 2019 on the completion of the Class Notice program.

12.     As explained in the accompanying Memorandum Opinion, the Court has found that the proposed plan for enabling Class Members to exclude themselves from the class, submitted by Interim Class Counsel on September 10, 2019, Doc. ##: 2583, 2583-2, meets the requirements of Rule 23.  Specifically, Class Members wishing to exclude themselves from – or "opt out" of – the class must request exclusion by signing the Exclusion Form, under penalty of perjury, and sending it via email to <info@OpioidsNegotiationClass.info> or via first-class mail to NPO Litigation, P.O. Box 6727, Portland, OR 97228-6727.  This request must be signed by an official or employee authorized to take legal action on behalf of the County or City requesting exclusion.  If the Class Member returns the Exclusion Request Form via email attachment, the email must be sent on or

5

before November 22, 2019.  If the Class Member returns the Exclusion Request Form via mail, it must use first-class U.S. mail and the mailing must be postmarked on or before November 22, 2019.

13.     The Order does not certify the Negotiation Class for any purpose other than to negotiate for the class members with the thirteen (13) sets of national Defendants identified above. Accordingly, this Order is without prejudice to the ability of any Class member to proceed with the prosecution, trial, and/or settlement, in this or any court, of an individual claim, or to the ability of any Defendant to assert any defense thereto.  This Order does not stay or impair any action or proceeding in any court, and Class members may retain their Class membership while proceeding with their own actions, including discovery, pretrial proceedings, and trials.  In the event a Class Member reaches a settlement or trial verdict, it may proceed with its settlement/verdict in the usual course without hindrance by virtue of the existence of the Negotiation Class.  Such Class Member may not, however, collect on its individual settlement/judgment and also participate in any Class settlement fund.

14.     This Order is without prejudice to any party's ability to oppose the certification of this or any other class, proposed for litigation or settlement, with respect to any opioids-related claim, defense, issue, or question.  Accordingly, no class member or any party, or counsel to a party, to this proceeding may cite this Order or the accompanying Memorandum Opinion as precedent or in support of, or in opposition to, the certification of any class for any other purpose in any opioids-related litigation by or against any party thereto.  Persons not parties to this proceeding are informed that this Order and the accompanying Memorandum Opinion are not

intended to serve as a precedent in support of, or in opposition to, any motion for class certification of any type pursued in any court on opioid-related matters.

15.     This Order does not alter existing law with respect to the relationship between any State and its political subdivisions.  As already ordered in appointing Interim Negotiation Class Counsel, Doc. #: 2490, Negotiation Class Counsel are authorized to negotiate settlements with Defendants on behalf of the putative class but are ***not*** authorized to negotiate on behalf of Class members within a given State against their State government should allocation disputes arise during or following State settlements.

16.     This Order does not approve, or commence the approval process for, any specific settlement or proposed settlement.  Any settlement reached with the Negotiation Class must and will be subject to the specific settlement approval process of Rule 23(e).

17.     The Court adopts by reference as applicable to Class Counsel the time-keeping guidelines, spending limitations, and other requirements of its Order Regarding Plaintiff Attorney's Fees and Expenses entered in this MDL, Doc. #: 358.

18.     If any settlement is reached under this process, supported by the Class, and approved by the Court, no attorney's fees of any kind will be distributed from the class's recovery or any other source except according to the procedures sets forth in Rule 23(h).  This includes Class Counsel's fees, fees for attorneys representing litigating entities (as described in the Memorandum Opinion, for whom 10% of any recovery is set aside), fees for MDL common benefit work, fees for objectors, or any other fee requests.

19.     This Order applies to the previously-identified 13 sets of national Defendants. None of these Defendants is required by this Order to engage with the Negotiation Class.  This is

a voluntary mechanism developed to address the unique circumstances of this litigation, which the Court hopes will directly or indirectly facilitate the voluntary, fair, adequate and reasonable resolution of the cities' and counties' claims pending in these MDL No. 2804 proceedings and in related state court litigation, and promote the overall resolution of the litigation.

20.     In light of its purpose to facilitate settlement, the Negotiation Class will terminate five (5) years from the date below, except as necessary to enable then-ongoing settlement negotiations, approval processes, enforcement and administration to be completed.


                                        */s/ Dan Aaron Polster*_____
                                        **DAN AARON POLSTER**
                                        **UNITED STATES DISTRICT JUDGE**

**Dated:  September 11, 2019**

8