## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| | ) | Case No. 1:17 MD 2804 |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Dan Aaron Polster |
| | ) | |
| ALL CASES | ) | |
| | ) | |

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* IN SUPPORT OF SETTLEMENT INCLUDING BROAD TRANSPARENCY PROVISIONS IN THE INTEREST OF FUTURE RESEARCH

Proposed *amici curiae*, 35 historians of American medicine and public health at leading research universities joined by the Organization of American Historians, through undersigned counsel, respectfully request leave of this Honorable Court to submit the attached brief in support of a settlement including broad transparency provisions in the interest of future research.

Proposed *amici curiae* appear in these proceedings as genuine friends of the court. The parties to this brief have no stake in any of the cases in the multi-district litigation, nor any of the arguments presented therein. *Amici Curiae* also do not take a position on any pending motions in the bellwether cases.

The motion for leave is based upon the following:

1) Proposed *amici curiae* (hereafter: "Amici") take a genuine interest in the present proceedings and are well situated to educate the court on matters of direct relevance to this MDL. The brief's signatories have dedicated their careers to the study and teaching of various aspects of the history of American medicine and public health. All have distinguished publication records on

1

such topics as the history of drugs, drug addiction, and drug policy; racial and socio-economic disparities in U.S. health care; corporate influence in the biomedical sciences; and/or the respective roles of policy, activism, and litigation in confronting public health emergencies, past and present. In the course of their work, they have gained a deep familiarity with the kinds of documentary records and other archival materials that allow researchers to produce evidence-based responses to topical questions facing policymakers.

Individual signatories are joined herein by the Organization of American Historians (OAH). Founded in 1907, the OAH is the largest professional society dedicated to the teaching and study of American History. It currently represents more than 7,800 historians working in the U.S. and abroad. Its membership consists of college and university professors, precollegiate teachers, archivists, museum curators, public historians, students, and a variety of scholars employed in government and the private sector. Its core missions include the promotion of open access to historical resources and scholarship, the exhibition and preservation of artifacts, the discussion of historical questions, and the dissemination of knowledge.

The views of individual signatories as expressed in the attached brief do not necessarily represent the views of their universities. Likewise, although signatories are joined by the Organization of American Historians, the views expressed in the brief do not necessarily represent the views of any of the OAH's individual members.

2)  Amici's expertise is timely and useful to this Court. Opioid use disorder has claimed tens of thousands of lives and billions of dollars in health care expenses and lost productivity every single year of this past decade. This Court has stated its desire that any settlement in the present litigation "do something meaningful to abate this crisis." Transcript of Jan. 9, 2018 Hearing at 416, In Re: National Prescription Opiate Litigation, MDL No. 2804 (N.D. Ohio Jan. 9, 2018) [Dkt #58].

Amici come before the Court in support of the same goal and respectfully request leave to submit a proposal regarding methods of crafting certain settlement provisions that will make lasting contributions to the public good. The proposal presented in the attached brief is concise, focused, and specific. It does not make recommendations bearing on the general scope and structure of a settlement. Instead, it outlines a set of provisions, which could in principle be incorporated into any settlement agreement, including into settlement models whose general contours may already have been negotiated and agreed to by the parties in interest. The estimated cost of the proposal is detailed in an appendix to the brief and is minimal in light of its expected benefits.

3) The present motion of *amici curiae* is readily distinguishable from those of the Mississippi Hospital Association, [Dkt #847]; 44 Hospital Amici, [Dkt #848]; and Christopher Stegawski, [Dkt #2501], which this Court denied. None of the proposed *amici curiae* is a party in interest in any of the cases in this MDL; they are "impartial friend[s] of the court" wishing to provide it with "impartial information" as defined in *United States v. State of Michigan*, 940 F.2d 143 (6th Cir. 1991). As academic scholars with expertise in research fields directly relevant to the present litigation, Amici possess "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997), and respectfully ask for the privilege of submitting this information and expertise for the Court's consideration. The Brief of *Amici Curiae* filed by Northeastern University Center for Health Policy and Law, [Dkt #1607], previously articulated a broad range of proposals regarding settlement provisions likely to serve the public health, one of which is related to the proposal made in the attached brief. *Id*. at 23-24, "Make Defendants' Internal Documents Public." Amici's brief presents its proposal with broader justifications and with more detailed and concrete guidance regarding its implementation, including a cost estimate. Hence, Amici's brief does not

3

duplicate arguments or information already delivered by either parties in interest or *amici curiae* in these proceedings.

4) No party's counsel authored the attached *amici curiae* brief in whole or in part. No party or party's counsel, and no person other than *amici curiae*, its members, or its counsel, contributed money intended to fund preparing or submitting the brief.

WHEREFORE, the proposed *amici curiae* respectfully request that this Court grant leave to file the attached brief.

Respectfully submitted,

*Amici Curiae*

By their attorney,

/s/ Jennifer D. Oliva
Jennifer D. Oliva
DE Bar #5046
*Pro Bono* Counsel for *Amici Curiae* American Medicine and Public Health Historians and the Organization of American Historians
Associate Professor of Law
Seton Hall University School of Law
One Newark Center
Newark, NJ 07012
Phone: 973-642-8151
Fax: 973-642-8194/8546
Email: Jennifer.Oliva@shu.edu

Dated: September 12, 2019