UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: "*Track One Cases*" | ) ) ) | |
| | ) ) | **ORDER REGARDING TRIAL MATTERS** |

So that the parties may better plan for the upcoming trial, the Court sets out below several matters regarding trial procedure.[1]

- **Voir Dire Questioning**. The Court will conduct initial voir dire questioning of the jury venire. The Court may ask specific questions proposed by the parties, *see Trial Order* at 4 (docket no. 1598) (directing the parties to file proposed questions for the Court's voir dire). Plaintiffs as a group and Defendants as a group will then each be allowed approximately 15-20 minutes to engage in *non-argumentative* follow-up questioning.

- **Peremptory challenges**. At voir dire, the number of peremptory challenges that may be exercised by defendants as a group will be equal to the number of individual defendants at trial, but no less than three. Thus, if there are seven defendants at trial, then defendants as a group will be entitled to seven peremptory challenges; and if there are two defendants at trial, then defendants as a group will be entitled to three peremptory challenges. Plaintiffs as a group will receive the same number of peremptory challenges as defendants.

- **Back Strikes**. At voir dire, back-strikes are allowed. As an example, plaintiffs may use a peremptory strike on venire member 7, defendants may then use a peremptory strike on venire member 13, and plaintiffs may then "go back" and use a peremptory strike on venire member 2.

- **Trial Time**. Plaintiffs and defendants will split trial time 50/50. This amounts to about 100

---

[1] *See In re Welding Fume Prod. Liab. Litig.*, 2010 WL 7699456 at *121-27 (N.D. Ohio June 4, 2010) (discussing several of these topics in more detail).

hours of time for presentation of evidence for each side (not including voir dire, opening statements, or closing arguments).[2] The Court will keep a "chess clock" and tell parties what their time count is at the end of each day.

- **Witness Introduction**. The Court will permit counsel to give a very short, non-argumentative introduction of each witness and their role in the litigation, to provide context to the jurors.

- **Note-Taking**. The Court will allow jurors to take notes during trial.

- **Juror Questions.** The Court will allows jurors to ask questions during trial, using the following procedure. Jurors may submit written questions to the Court. The Court will then give them to counsel, who will decide whether to ask the questions and, if so, who will ask them.

- **Witness and Exhibit Disclosure**. Each day, counsel must disclose to the other side the witnesses they intend to call and the demonstrative exhibits they intend to use during the next trial day. At the end of each week, counsel must give the other side a list of witnesses they expect will be called the following week.

- **Video Depositions**. A party wishing to present videotaped deposition of a fact witness in its case-in-chief must show to the jury, all at once, ***all*** of the designated portions of the videotaped deposition, including those designated by the opposing party. The only two exceptions to this rule are: (1) if one party's designations are very short and the other party's designations are much longer, the Court may allow the first party to present only the short designation, by itself; and (2) when the plaintiff wants to play in its case-in-chief portions of a videotaped deposition of *a party opponent on cross-examination*, the defendant may not force the plaintiff to present concurrently the defendant's own designations.

---

[2] There will be a total of 221 hours for presentation of evidence, assuming generously that there are 6½ hours per day available during all 34 days reserved for evidence presentation.

- **Live Testimony from Distant Witnesses.**[3] Pursuant to Fed. R. Civ. P. 43, the Court will allow Plaintiffs to procure one live-stream appearance of a distant witness per defendant, via remote video connection (except for defendant Cardinal, which is within Plaintiffs' subpoena power). Plaintiffs must designate by September 25, 2019 which specific distant witness for each defendant will be live-streamed. If the defendant then chooses to produce this distant witness live, plaintiffs do not get to choose a replacement distant witness. Presentation of live testimony from a distant witness is subject to the Court's technological limitations and requirements, and the parties shall work closely with Special Master Cohen and the Court to administer the process.

- **Admissibility**. The Court will address admissibility of exhibits at the end of each trial day.

- **Authentication**. The Court expects the parties will stipulate to authenticity of all documents produced in discovery unless there is truly an issue, such as alleged forgery or serious chain-of-custody questions

- **Deposition Designations**. The parties shall meet and confer with Special Master Cohen regarding the format for submission to the Court of deposition designations and objections.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** September 12, 2019

---

[3] The Court has reviewed the following submissions from the parties to Special Master Cohen on this matter: (1) email from Peter Weinberger (June 7, 2019); (2) letter from Kaspar Stoffelmayr (July 17, 2019); and (3) letter from Peter Weinberger (July 29, 2019). The Court agrees with plaintiffs that, for all the same reasons articulated by MDL Judge Rebecca Doherty in *In re Actos (Pioglitazone) Prod. Liab. Litig.*, 2014 WL 107153 (W.D. La. Jan. 8, 2014), it is appropriate under Federal Rule of Civil Procedure 43(a) to allow plaintiffs to require these distant witnesses to testify remotely by contemporaneous transmission.