IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION )<br>)<br>)<br>This document relates to: )<br>)<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* )<br>Case No. 18-op-45090 )<br>)<br>and )<br>)<br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.* )<br>Case No. 1:18-op-45004 )<br>) | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Hon. Judge Dan A. Polster** |

## JANSSEN DEFENDANTS' POSITION ON PUBLIC NUISANCE JURY-TRIAL ISSUES

**JANSSEN DEFENDANTS' POSITION ON PUBLIC NUISANCE JURY-TRIAL ISSUES**

Defendants Johnson & Johnson, Janssen Pharmaceuticals Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. (collectively, "Janssen") submit this brief in response to the Special Master's September 10, 2019 request soliciting the parties' positions on the applicability of jury-trial rights to Plaintiffs' public nuisance claims. Janssen's position is that: (1) Plaintiffs' demand for prospective monetary compensation is a request for legal damages that Plaintiffs cannot recover because Ohio law does not permit damages for public nuisance absent a particularized injury distinct from the general injury to the public; (2) to the extent Plaintiffs seek equitable public nuisance abatement remedies, the public nuisance claims must be tried in their entirety to the Court, rather than a jury; and (3) due to the substantial likelihood of prejudice and confusion of the issues, Janssen does not consent to a jury trial on Plaintiffs' public nuisance abatement claims, and opposes having the same jury that will decide Plaintiffs' legal claims render an advisory verdict on nuisance.

1. Plaintiffs' request for forward-looking compensation to remedy injuries they attribute to Defendants is a straightforward demand for monetary damages. As this Court has recognized, Plaintiffs' demand serves a fundamentally compensatory purpose—it "is intended to compensate the [Plaintiffs] for the costs of rectifying the nuisance, going forward." Order Denying Defendants' Abatement Motion, Dkt. 2519 at 2. But Ohio law does not allow public nuisance damages for such general public injuries; rather, a "public nuisance as such does not afford a basis for recovery of damages in tort unless there is a particular harm to the plaintiff that is of a different kind than that suffered by the public in general." *Brown v. Scioto Cty. Bd. of Comm'rs*, 622 N.E.2d 1153, 1161 (Ohio App. 1993); *see also* Donald G. Gifford, *Public Nuisance as a Mass Product Liability Tort*, 71 U. Cin. L. Rev. 741, 782 (2003) ("There is no historical

evidence … that the state … was ever able to sue for damages to the general public resulting from a public nuisance.  The state's remedies were restricted to prosecution or abatement, or both.  Damages were reserved only for those individuals suffering special injuries."); Restatement (Second) of Torts § 821C (recognizing right of public officials to pursue injunctive relief for public nuisance but omitting mention of right to pursue damages).

This Court has analogized Plaintiffs' requested relief to a case where a defendant fails to undertake court-ordered abatement and is subsequently ordered to compensate a municipality that undertakes the abatement in its stead.  Order Denying Defendants' Abatement Motion, Dkt. 2519 at 2.  But those are not the facts here—Defendants are not in violation of any court order or other obligation that could give rise to such a restitutionary obligation.  Quite the contrary, as this Court has recognized, "there is no realistic way the Court could order … that … Defendants abate the crisis themselves." *Id.* at 3.  Plaintiffs' demand that Defendants instead make massive payments to address forward-looking injuries accordingly constitutes a straightforward, impermissible demand for damages, which would directly implicate Defendants' right to a jury trial.  *See* Frank Gahan, *The Law of Damages* 1 (1936) ("Damages are the sum of money which a person wronged is entitled to receive from the wrongdoer as compensation for the wrong.").

2.  Ohio law, however, does not allow recovery of payments for forward-looking injuries, only abatement.  And to the extent Plaintiffs' public nuisance claims are confined to the equitable remedies Ohio law permits, the Court, rather than a jury, is the proper finder of fact. Public nuisance abatement is not a new cause of action—it dates back to the 13th century.[1] And the Supreme Court has long recognized that within its proper parameters it is a textbook equitable claim properly tried by a court, rather than a jury.  The Court's canonical Seventh

---

[1] *See* Restatement (Third) of Torts: Products Liability § 1 cmt. a (1998).

2

Amendment case, *Tull v. United States*, 481 U.S. 412 (1987), instructs that "[a] public nuisance action was a classic example of the kind of suit that relied on the injunctive relief provided by courts in equity." *Id.* at 423.  And prior Supreme Court caselaw enshrines the same principle. *See United Steelworkers of Am. v. United States*, 80 S. Ct. 177, 185-86 (1959) (Frankfurter, J., concurring) (noting that the "judicial power to enjoin public nuisance at the instance of the Government has been a commonplace of jurisdiction in American judicial history").

      3.  Janssen does not consent to a jury trial and opposes an advisory jury on public nuisance abatement.  Adding public nuisance abatement to the mix of jury issues would guarantee juror confusion.  The RICO claims in this case will, on their own, pose a daunting challenge to jurors—they turn on a complex chain of events spanning decades, and require application of such difficult legal principles that at least one federal circuit court has given up on the enterprise of furnishing RICO model jury instructions.[2]  The principles governing Plaintiffs' nuisance claims are equally challenging.  *See Brown*, 622 N.E.2d at 1158 ("There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word 'nuisance.'").  Interjecting them into the case would multiply the case's complexity.  In light of the "very real risk of unfair prejudice" from jury confusion, Janssen does not consent to a jury trial on public nuisance abatement, and opposes submission of Plaintiffs' nuisance claims to the jury in an advisory capacity.  *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 149 (N.D. Iowa 2003) (declining to impanel advisory jury); *see Dow v. Barrow Cty., Ga.*, 2005 WL 6033020, at *5 (N.D. Ga. Mar. 3, 2005) ("an advisory jury would only complicate and confuse prosecution of the … issues presented in th[e] case").

---

[2] *See* Fifth Circuit Pattern Jury Instructions (Civil), Foreword, at v ("… Chapter 8 on RICO [has] been deleted because the Committee concluded that the existing instructions were no longer trustworthy and that the issues arose too infrequently to justify revision….")

Dated: September 13, 2019	BY:	/s/     Charles S. Lifland
Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
clifland@omm.com
sstrong@omm.com

Daniel M. Petrocelli
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067-6035
Tel: (310) 553-6700
dpetrocelli@omm.com

*Attorneys for Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*