UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

**POSITION PAPER OF CERTAIN DEFENDANTS REGARDING RIGHT TO JURY TRIAL ON PLAINTIFFS' NUISANCE CLAIMS**

Certain defendants ("Defendants")[1] respectfully submit this position paper regarding the right to a trial by jury of Plaintiffs' nuisance claims pursuant to Special Master Cohen's request dated September 10, 2019.  In short, Defendants take the following positions: (1) Defendants have a right to trial by jury of Ohio public nuisance claims with respect to the issues of liability and any legal damages; (2) given Plaintiffs' concession that they seek only "equitable abatement relief" for their public nuisance claims and the Court's prior ruling that any "abatement" remedy is for the Court to decide, the trial should be bifurcated, and any evidence or arguments relating to Plaintiffs' proposed remedies should not be presented to the jury; and (3) it would be improper

---

[1] AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation; Cardinal Health, Inc.; Henry Schein, Inc. and Henry Schein Medical Systems, Inc.; Mallinckrodt LLC and SpecGx LLC, and appearing specially for Mallinckrodt plc; McKesson Corporation; Walgreens Defendants.  Mallinckrodt plc is an Irish company that is not subject to and contests personal jurisdiction and does not waive and expressly preserves its pending personal jurisdiction challenge.

to seek an advisory decision from the jury regarding any abatement remedy (or any other issues to be decided by the Court).

I. **Right to Trial by Jury**

    A. *Do defendants have a right to trial by jury on issues of liability, including causation?*

For several reasons, Defendants are entitled to a jury on all issues of liability, including causation.

*First*, under federal law,[2] the existence of a nuisance traditionally has been considered a jury question. The Seventh Amendment guarantees litigants a jury trial in suits where "legal rights [are] to be ascertained and determined," but not where "equitable rights alone [are] recognized, and equitable remedies [are] administered." *Ross v. Bernhard*, 396 U.S. 531, 533 (1970). Whether an issue is legal or equitable for Seventh Amendment purposes depends, in part, upon the custom in Eighteenth Century England, before the merger of law and equity. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) ("*Teamsters*"); *Ross*, 396 U.S. at 538 n.10. Old English cases at law have indicated that the determination of whether a nuisance exists is an action at law.[3] As Justice Story explained, "the

---

[2] "[F]ederal law determines whether there is a right to a jury trial in a case involving state law that has been brought in federal court, and … in such a circumstance, state law [concerning the existence of a right to jury trial] is wholly irrelevant." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2303, at 104 (3d ed. 2008); *accord Simler v. Conner*, 372 U.S. 221, 222 (1963) ("the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions"). As a result, Ohio law does not supply the rule of decision on this issue.

[3] *See Atty. Gen. v. Cleaver* (Ch. 1811) 34 Eng. Rep. 297 ("[I]f the soil belongs to the Crown, there is one species of remedy for that: the Crown may abate the obstruction; as it is upon the King's soil. Where it is not upon the King's soil, but merely a public nuisance to all the King's subjects, though the suit may be in the same form, the law is laid down in treatises [citation] that upon the ground of *public nuisance*, and not as an obstruction upon the King's soil, it is *a question of fact, which must be tried by a Jury*; and, though the suit may be entertained, the Court would be bound to try the fact by the intervention of a Jury."); *Atty. Ge. V. the United*

question of nuisance or not must, in cases of doubt, be tried by a jury." 2 Joseph Story, *Commentaries on Equity Jurisprudence, as Administered in England and America* § 923, at 203 (1st ed. 1836) (discussing public nuisance); *accord* Hale, De Jure Maris, 1 Harg. Law Tracts (1787) ("In the case therefore of building within the extent of a port in or near the water, whether it be a nuisance or not is a quæstio facti, and to be determined by a jury upon evidence, and not a quæstio juris."). Thus, the existence of a nuisance was considered a question for the jury at common law.[4]

*Second*, the Seventh Amendment "bar[s] the court from determining, in the first instance, any issue in [a] claim for equitable relief that is common to [a] claim for money damages." *Reeb v. Ohio Dep't of Rehab. & Correction*, 81 F. App'x 550, 554 n.6 (6th Cir. 2003). Allowing the court to determine "common issue[s]" that overlap with a claim for damages "would foreclose a jury from later determining that common issue in the damages claim." *Id.*; *see also Tull v. United States*, 481 U.S. 412, 425 (1987) ("[I]f a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact."); *In re Lewis*, 845 F.2d 624, 629 (6th Cir. 1988) ("[W]hen a party has a right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim." (quoting *Lincoln v. Bd. of Regents of Univ. Sys.*, 697 F. 2d 928, 934 (11th Cir. 1983))); *Dairy*

---

*Kingdom Electric Telegraph Co.* (1861) 54 Eng. Rep. 899 (refusing to grant an injunction until "proceedings at law have been taken" where plaintiffs "establish the fact that the act done is a nuisance at law before [the Court] gives its aid by way of injunction").

[4] While this issue is decided under federal law, the Ohio Supreme Court has recognized that "under all authorities, it is … the province of the jury to determine whether the circumstances of the particular case come within the definition of a nuisance." *City of Hamilton v. Dilley*, 165 N.E. 713, 714-15 (Ohio 1929) (holding that whether the conduct at issue constituted a public nuisance "was a jury question … that was properly submitted to the jury for its determination").

*Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962) ("Since these issues are common with those upon which respondents' claim to equitable relief is based, the legal claims involved in the action must be determined prior to any final court determination of respondents' equitable claims."); 9 *Fed. Prac. & Proc.* § 2302.1 ("The sequence of the trial must be so arranged that any issues common to both the legal and equitable claims are tried to the jury before the court decides the equitable aspects of the action without the jury.").

Defendants are entitled to a jury trial as to the RICO, OCPA, and civil conspiracy claims in the upcoming bellwether trial. Many of the factual issues presented by those claims will overlap with factual issues presented by Plaintiffs' nuisance claims. Indeed, the bulk of Plaintiffs' allegations—spanning more than 200 pages of their complaints—are titled "Facts Common to All Claims." *E.g.*, Summit Third Am. Compl. at 35-249.[5] There is no dispute that the RICO, OCPA, and civil conspiracy claims are legal claims. As a result, even if the Court were to find that public nuisance liability should not be decided by the jury (which would be wrong as a matter of law), the jury's verdicts on those legal claims necessarily would precede any determination by the Court on the nuisance claims, and the Court would be bound by the

---

[5] By way of example only, all of Plaintiffs' claims will require the jury to determine the timing, volume, and circumstances of opioid shipments to the Track One jurisdictions. *See, e.g.*, Summit Third Am. Compl. ¶¶ 14, 101. In addition, the jury will have to evaluate whether Plaintiffs' evidence supports their allegations that Defendants intentionally marketed and distributed opioids in a way that expanded the market beyond legitimate, medically necessary prescriptions. *See, e.g.*, Summit Third Am. Compl. ¶ 850 (as to RICO, alleging that defendants worked together to "expand[]" the "market" for opioids), *id.* ¶ 1003 (as to nuisance, alleging that defendants' conduct "caused prescriptions and sales of opioids to skyrocket in Plaintiffs' communities" and "flooded Plaintiffs' communities with opioids"). Finally, the RICO claims and the nuisance claims will both involve questions of whether Defendants' conduct caused the harms Plaintiffs allege. *See, e.g.*, *City of Cleveland v. Ameriquest Mortg. Secs.*, 615 F.3d 496 (6th Cir. 2010) (recognizing that proximate causation is a requirement of RICO and public nuisance claims). Because of this significant factual overlap between Plaintiffs' legal claims and their nuisance claims, Defendants are constitutionally entitled to a jury trial as to any nuisance liability.

jury's determination of common issues.  This is true regardless of whether the Court determines that some or all of the remedies Plaintiffs seek under the nuisance claim are legal or equitable.

Lastly, "any doubt" as to who decides liability for the public nuisance claims "should be resolved in favor of permitting a jury trial." *Local 783, Allied Indus. Wkrs. v. GE*, 471 F.2d 751, 756 (6th Cir. 1973); *accord City of New York v. Beretta, U.S.A. Corp.*, 312 F. Supp. 2d 411, 414-15 (E.D.N.Y. 2004) ("One guiding beacon has been lit by the Supreme Court: when in doubt, grant a jury trial.").  The Supreme Court similarly has observed that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Teamsters*, 494 U.S. at 565 (quotation marks omitted) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935))).  The Court therefore should resolve any doubt in favor of a jury trial on the nuisance claims.

In short, Defendants are entitled to a jury with respect to all questions regarding liability, including causation.

### B. Does the jury trial right also attach to the question of remedy?

Defendants are entitled under the Seventh Amendment to a jury trial regarding remedies where—as here—the relief sought by Plaintiffs is the payment of money and does not fit within any exception to the general rule that monetary relief is legal.  *See, e.g.*, *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) ("Almost invariably," a suit that seeks "to compel the defendant to pay a sum of money to the plaintiff" is a suit "for money damages," which is "the classic form of **legal** relief."); *Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir. 1979)

(request for "medical care and necessary treatment" is "a claim for money damages"); *see also* Dkt. 2535 at 4-5; Dkt. 2163 at 10-12.[6]

Notwithstanding the foregoing, this Court previously has concluded that—if Defendants are found liable for creating a public nuisance—the **Court** will determine the abatement remedy to which they are entitled.  *See* Dkt. 2519 at 3 (Court intends to "exercis[e] its equitable powers" in order "to craft a remedy that will require defendants … to pay the prospective costs that will allow plaintiffs to abate the opioid crisis"); Dkt. 2572 at 5 ("Unlike tort damages that compensate an injured party for past harm, abatement is equitable in nature and provides a prospective remedy that compensates a plaintiff for the costs of rectifying the nuisance."); Dkt. 1573 at 28, 34-35 ("remedial injunctive-type relief, and the remediation could be money that's spent in the future to take care of things," is "for the Court").[7]

If the Court adheres to its intention to decide the amount and nature of the so-called "abatement" remedy, Defendants respectfully submit that the trial should be bifurcated and no evidence relating to Plaintiffs' proposed multi-billion "abatement plan" should be presented to

---

[6] Plaintiffs seek billions of dollars in damages from Defendants under the guise of "abatement." The label used by Plaintiffs, however, has no effect on Defendants' right to a jury trial as to claims—like the nuisance claim here—that seek monetary relief.  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 49 n.7 (1989) ("[A]ny distinction that might exist between 'damages' and monetary relief under a different label is purely semantic, with no relevance to the adjudication of petitioners' Seventh Amendment claim."); *Dairy Queen*, 369 U.S. at 477-78 ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."); *Fried v. Sungard Recovery Servs., Inc.*, 925 F. Supp. 372, 374 (E.D. Pa. 1996) ("Plaintiffs' claim for medical monitoring is a claim for legal damages in the form of future medical payments."); *In re Cordis Corp. Pacemaker Prod. Liability Litig.*, 1992 WL 754061, at *9 (S.D. Ohio Dec. 23, 1992) (holding that request for injunctive relief "requiring the funding of the removal of defective pacemakers" is still "a claim for monetary damages," and noting that claims "for monetary relief" may not be "recast" as injunctive by request for "mandatory injunction ordering the payment of money").

[7] Defendants do not dispute that truly equitable relief—*i.e.*, a negative injunction prohibiting future conduct—is for the Court to decide.  But the relief that Plaintiffs seek under the guise of "abatement" is not actually equitable or abatement relief.

6

the jury. *See* Fed. R. Civ. P. 42(b) (authorizing "a separate trial of one or more separate issues"); *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988) ("The district court has broad discretion to order separate trials."). Because the jury will not decide this issue, such evidence is irrelevant and the potential for unfair prejudice flowing from any such evidence, arguments, or statements far outweighs any slight probative value it might have. Fed. R. Evid. 401, 403.[8]

### C. Are there other aspects of nuisance claims that are appropriately decided by a jury?

Plaintiffs have disclaimed any entitlement to damages as a remedy for their nuisance claims. They stated:

> Plaintiffs have expressly disclaimed recovery for past damages under their public nuisance claim and are seeking only equitable abatement relief. As a result, Defendants' motion for partial summary judgment regarding Plaintiffs' public nuisance claim pertaining to claims for damages prior to the limitations period is moot.[9]

Plaintiffs therefore should not be permitted to seek any legal damages at trial in connection with their public nuisance claims. Nevertheless, for the avoidance of doubt, Defendants take the position that any such relief would be a question for the jury.

## II. Advisory Jury

Defendants do not consent to the Court's use of an advisory jury as to plaintiffs' nuisance claims, for two primary reasons.

---

[8] *See also Helminski v. Ayerst Labs., a Div. of Am. Home Prod. Corp.*, 766 F.2d 208, 212 (6th Cir. 1985) (damages phase of a trial should be severed when "the evidence pertinent to the two issues is wholly unrelated and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination"); *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 747 (6th Cir. 1996) (affirming district court's decision to bifurcate trial where certain evidence would be prejudicial); *S.S. v. Leatt Corp.*, 2014 WL 356938, at *1 (N.D. Ohio Jan. 31, 2014) (bifurcating trial where evidence regarding damages "may cause prejudice to the defendant").

[9] Dkt. 2212 at 1 n.2.

7

*First*, where a jury trial right exists, advisory juries are not permitted. *See* Fed. R. Civ. P. 39(c)(1) (advisory juries permitted "[i]n an action not triable of right by a jury"); *Thompson v. Parkes*, 963 F.2d 885, 888-89 (6th Cir. 1992) (where jury trial right attaches, district court may not employ advisory jury); *Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999) (advisory jury not permissible where action is "triable of right by a jury"). As explained above, Defendants are entitled to try liability as to Plaintiffs' public nuisance claims to a jury.

*Second*, even if a jury trial right does not exist as to certain issues, advisory juries may not consider evidence that will taint their consideration of other jury-triable questions. Here, the existing jury should not be presented with evidence in an advisory capacity regarding abatement questions that will be decided by the Court, as this evidence would impermissibly taint the jury as to the myriad other issues before it. The same jury will also be deciding liability as to the nuisance claim, as well as liability and damages questions as to Plaintiffs' other claims. Facts and figures relevant to abatement would at best distract or confuse the jury, and at worst prejudice jurors as to the remaining claims before them. Because any such evidence should be excluded, *see* Fed. R. Evid. 403, the Court should not employ an advisory jury on these questions, *see Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 149 (N.D. Iowa 2003) (declining to use advisory jury as to equitable defenses where relevant evidence "poses a very real risk of unfair prejudice" and "might invite the jury to make a determination on the basis of equitable considerations that do not properly enter into any determination that the jury must make").

### III. Waiver

Defendants do not hereby waive their right to a jury trial on any issues so triable, including the issue of remedies.

Dated: September 13, 2019

 */s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*


 */s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for the Walgreens Defendants*


 */s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation*

Respectfully submitted,

 */s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Steven M. Pyser
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*


 */s/ Cynthia Keely Timms*
Cynthia Keely Timms
**LOCKE LORD LLP**
2200 Ross Ave., Suite 2800
Dallas TX 75201
214-740-8635
ctimms@lockelord.com

John P. McDonald
C. Scott Jones
Lauren M. Fincher
Brandan J. Montminy
**LOCKE LORD LLP**
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
T: 214-740-8445
F: 214-756-8110
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Attorneys for Henry Schein, Inc. and Henry Schein Medical Systems, Inc.*

9

 */s/ Brien T. O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel for Defendants Mallinckrodt LLC and SpecGx LLC, and appearing specially for Mallinckrodt plc*

## **CERTIFICATE OF SERVICE**

      I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
