UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>Track One Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

# CORRECTED PLAINTIFFS' POSITION STATEMENT REGARDING A JURY TRIAL ON THE PUBLIC NUISANCE CLAIM

This position statement is filed in response to Special Master Cohen's request of September 10, 2019, for the parties to address "the right to trial by jury of Plaintiffs' nuisance claims under Ohio law." That request sought briefing, *inter alia*, on the following issues:  (1) whether Plaintiffs or Defendants have a right to trial by jury of Ohio public nuisance claims; (2) if so, whether that right arises with respect only to whether Defendants caused a nuisance, or whether it also attaches to the question of remedy, or whether there are other aspects of nuisance claims that must be decided by a jury; (3) whether the parties consent to trial by jury of the nuisance claims, even if there is no right to a jury trial;[1] and (4) the parties' positions on the use of the existing jury as an advisory jury for nuisance if there is no right to a jury.

As explained below, there is no right to a jury trial on a public nuisance claim for abatement. Plaintiffs take no position and defer to the Court's decision as to whether to use an advisory jury regarding that claim.

**I.  There Is No Right To A Trial By Jury For An Ohio Public Nuisance Claim Seeking Abatement.**

**A. The Right To A Jury Trial In These Circumstances Is Governed By Federal Law.**

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *James v. Vitran Exp., Inc.*, No. 1:11-CV-23, 2011 WL 4344064, at *1 (N.D. Ohio Sept. 14, 2011) (quoting *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963)).  While state law is not entirely irrelevant to the inquiry, the ultimate question is still one of federal law:  "In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, ... but the characterization of that state-created claim as legal or equitable for

---

[1] If the Court agrees that there is no right to a jury trial on the public nuisance claim, Plaintiffs at this time do not consent to a jury trial on that claim.

1

purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *James*, *supra*.  Thus, any right to a jury trial in this case is determined by federal law.[2]

### B. There Is No Right To A Jury Trial On A Public Nuisance Claim For Abatement.

The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  U.S. Const. amend. VII.  The Supreme Court has construed this language to require a jury trial on actions that are analogous to "[s]uits at common law." *Tull v. United States*, 481 U.S. 412, 417 (1987).  The Court in *Tull* set forth the following test:

> To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the Court must examine both the nature of the action and of the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.

*Tull*, 481 U.S. at 417–18 (citations and footnotes omitted).  The Supreme Court has since clarified that "[t]he second inquiry is the more important in [the Court's] analysis." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) (holding that a plaintiff seeking backpay for a union's alleged breach of its duty of fair representation has a right to a jury trial).

Applying the *Tull* test, the public nuisance claims for abatement at issue here are akin to claims that would have been tried in courts of equity, such that there is no Seventh Amendment right to a jury.  On the first step, a public nuisance action was considered an equitable action at common law.  *See*, *e.g., Mugler v. Kansas*, 123 U.S. 623, 673 (1887) (recognizing that courts of equity have jurisdiction over public nuisance cases and that a jury trial "is not required in suits in equity

---

[2] Notably, the ultimate conclusion that there is no right to a jury trial in an equitable abatement action would likely be the same under Ohio law.  *See State ex rel. Miller v. Anthony*, 72 Ohio St. 3d 132, 136, 647 N.E.2d 1368, 1371 (1995) (State Constitution did not confer right to jury trial in nuisance abatement action).

brought to abate a public nuisance."); *Pennsylvania v. The Wheeling and Belmont Bridge Co.*, 54 U.S. 518, 522, 562 (1851) (exercising original jurisdiction as court of equity over public nuisance action for abatement); *Wedel v. United States*, 2 F.2d 462, 462 (9th Cir. 1924) (recognizing that courts of equity had jurisdiction over public nuisances "to give a more speedy, effectual, and permanent remedy than can be had at law," and therefore rejecting a right to jury trial for a suit to abate a public nuisance).[3]

Second, the abatement remedy in a public nuisance action is plainly equitable, as the Supreme Court itself recognized in *Tull*, and as this Court has already held.[4] In deciding whether the Seventh Amendment guaranteed a jury trial for a Government action seeking civil penalties and injunctive relief under the Clean Water Act, *Tull* distinguished civil penalties, which were punitive in nature (and could only be enforced in courts of law), from the injunctive relief provided to abate a public nuisance, which is equitable:

> *A public nuisance action was a classic example of the kind of suit that relied on the injunctive relief provided by courts in equity.* "Injunctive relief [for enjoining a public nuisance at the request of the Government] is traditionally given by equity upon a showing of [peril to health and safety]."

---

[3] The "substantive" character of a public nuisance claim for abatement as equitable is further supported by state law. *See, e.g., State ex rel. Miller v. Anthony*, 72 Ohio St. 3d at 136, 647 N.E.2d at 1371 (applying *Tull*-type analysis to conclude that the Ohio nuisance abatement provisions "are equitable in nature and not created by common law"); *id.* (relying on Supreme Court's characterization of an abatement action as "not a common law action, but a summary proceeding more in the nature of a suit in equity" and describing an abatement order as "unknown to an action at common law as administered in this country") (quoting *Cameron v. United States*, 148 U.S. 301, 304, 13 S.Ct. 595, 597 (1893)); *State ex rel. Chalfin v. Glick*, 172 Ohio St. 249, 253, 175 N.E.2d 68, 73 (1961) (general jurisdiction of a court of equity to restrain nuisances includes "nuisances dangerous to public health, morals, safety or welfare, and injunctions have issued to protect the public from irreparable injury"); *Hamilton v. Ebbing*, 2012-Ohio-2250, ¶ 26 (Ohio App. 12 Dist. 2012) ("Both the United States Supreme Court and the Supreme Court of Ohio have found that a nuisance abatement action is not a common law action, but rather a suit in equity. . . Accordingly, there is no right to a jury trial in a nuisance abatement action."); *City of Cincinnati v. Steinkamp*, 54 Ohio St. 284, 289, 43 N.E. 490, 491 (1896) (court of equity had power to enjoin violations of building code as a nuisance without violating right to jury trial).

[4] *See* Order Denying Plaintiffs' Motion for Partial Summary Adjudication of their Equitable Claims for Abatement of an Absolute Public Nuisance (Doc. 2572), at p. 5 (holding Plaintiffs' nuisance abatement claim seeks an equitable remedy); Order dated August 26, 2019 denying Defendants' Motion to Exclude Expert Testimony Purporting to Relate to Abatement Costs and Effects. (Doc. #: 2519) at 2-3 (same).

3

*Tull*, 481 U.S. at 423, 107 S. Ct. at 1838 (emphasis added and citations omitted).  Particularly considering the Supreme Court's instruction in *Chauffeurs* that the nature of the remedy is the more important of the two-part test, an abatement action for public nuisance is not an action to which a jury right attaches.

Indeed, a number of Courts applying *Tull*'s test have concluded that a public nuisance abatement action is an equitable action that does not implicate the Seventh Amendment.  *See, e.g., Nat'l Ass'n For the Advancement of Colored People (NAACP) v. Acusport Corp.*, 226 F. Supp. 2d 391, 397 (E.D.N.Y. 2002) (citing authorities) (public nuisance action challenging the proliferation of firearm sales and seeking "recovery of costs incurred in abatement are equitable"); *United States v. Wade*, 653 F. Supp. 11, 13 (E.D. Pa. 1984) ("[T]he Commonwealth has elected to seek recovery only of its costs incurred in abating the nuisance . . . . relief [that] is in the nature of equitable restitution.  The non-generator defendants therefore have no right to a trial by jury of the issues presented in the nuisance count."); *Conner v. City of Santa Ana*, 897 F.2d 1487, 1493 (9th Cir. 1990) ("The City was proceeding to abate a nuisance; it was not proceeding under a criminal forfeiture statute.  Therefore, a jury was not required to determine whether the Conners' automobiles constituted a nuisance. . . ."); *Citizens for Alternatives to Radioactive Dumping v. CAST Transportation, Inc.,* No. CV 99-321 MCA/ACT, 2004 WL 7338006, at *15 (D.N.M. Sept. 30, 2004) (court in public nuisance abatement action concluded that "both the nature of the cause of action and the remedy sought here compel the conclusion that this action is one in equity to which no constitutional right to a jury trial attaches.").

To the extent there is language in *Mugler v. Kansas*, *supra*, that suggests that a jury is required when the existence of a public nuisance is disputed, *see* 123 U.S. at 623 ("the question of nuisance or not must in cases of doubt be tried by a jury"), that language is dicta.  *Mugler* addressed a criminal prosecution for violation of state liquor laws, not a public nuisance.  In any event, the Supreme Court's later approach in *Tull* and *Chauffeurs* undermines that language.

4

In *City of New York v. Beretta, U.S.A. Corp.*, 312 F. Supp.2d 411, 414 (E.D.N.Y. 2004), the district court, in an abundance of caution, ordered a jury trial in a public nuisance case.  *Id.* ("One guiding beacon has been lit by the Supreme Court:  when in doubt, grant a jury trial.").  *Beretta* reasoned that the "precedential value and impact of such a case is likely to be substantial," and that "[a] jury is likely to enhance the sense of parties and public that justice has been served—providing the litigation with greater moral as well as legal force."  *Id.* at 414.  As that court further noted, "[o]n appeal, if the appellate court desires findings of fact and law by the bench, the trial court can readily prepare them on remand."  *Id.* at 414-415.  However, *Beretta* did not address Federal Rule of Civil Procedure 39(a), which provides that, when a jury trial has been demanded, trial must be by jury *unless* either the parties stipulate to a non-jury trial or the court finds that "there is no federal right to a jury trial."  Here, because there is no federal right to a jury trial on the public nuisance abatement claim, absent agreement by the parties, Rule 39 dictates that a jury shall not try the claim.

Plaintiffs note that, as of now, in addition to the equitable public nuisance abatement claim, Plaintiffs intend to try their RICO claims which would require a jury trial.  *See, e.g., NSC Int'l Corp. v. Ryan*, 531 F. Supp. 362, 363 (N.D. Ill. 1981) (applying test analogous to *Tull* to conclude that RICO requires jury trial).

## II. Plaintiffs Take No Position On The Use Of An Advisory Jury For The Public Nuisance Claim.

Federal Rule of Civil Procedure 39(c) provides that where there is no right to a jury trial, the Court may, on its own or upon a motion, appoint an advisory jury.  The Court may opt to use an advisory jury *without* the consent of the parties.  If the Court appoints an advisory jury it must communicate that decision to the parties before the start of trial.  *Thompson v. Parkes*, 963 F.2d 885, 887-89 (6th Cir. 1992).

A jury may serve as a binding jury on some issues (where there is a right to a jury trial), and as an advisory jury on other issues (where no jury trial right inheres).  *See, e.g., Turturice v. AEP Energy*

5

*Servs., Inc.*, 2008 Ohio 1835, ¶¶ 17-19, 2008 WL 1759078, at * 4 (Ohio App. 10 Dist. 2008).  Thus, for example, if plaintiffs try the RICO claims along with the public nuisance claim for abatement, a binding jury deciding the RICO claims could also serve as an advisory jury on the public nuisance abatement issues.

In sum, whether the Court chooses to use an advisory jury on the claim for abatement of the public nuisance is within this Court's discretion.  For that reason, Plaintiffs defer to the Court's judgment and take no position on that issue.

Dated: September 13, 2019          Respectfully submitted,

s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

s/Joseph F. Rice
Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*


s/Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*


Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of September, 2019, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*s/Peter H. Weinberger*
Peter H. Weinberger
*Plaintiffs' Liaison Counsel*
