UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*Track One Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Special Master David Cohen |

**THE TEVA AND ACTAVIS GENERIC DEFENDANTS' POSITION STATEMENT REGARDING THE RIGHT TO A TRIAL BY JURY ON PLAINTIFFS' STATUTORY AND COMMON LAW NUISANCE  CLAIMS**

In response to Special Master Cohen's September 10, 2019, request, the Teva and Actavis Generic Defendants[1] take the following positions with respect to the Track One cases:  (1) they have a right to trial by jury of Ohio public nuisance claims with respect to issues of liability, but a court should decide Plaintiffs' proposed "equitable abatement" remedy for the public nuisance claims; (2) the Teva and Actavis Generic Defendants do not consent to a jury resolving the question of Plaintiffs' requested abatement remedy for their Ohio public nuisance claims; and (3) an advisory jury should not be used.

---

[1]  Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Industries Ltd. are referred to as the "Teva Defendants."  Teva Pharmaceutical Industries Ltd., however, is not subject to personal jurisdiction and is specially appearing to join this submission in light of Special Master Cohen's request for a response; thus, it does not waive and continues to contest personal jurisdiction and to preserve its pending personal jurisdiction challenge.  Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida are collectively referred to as the "Actavis Generic Defendants."

### I. THE TEVA AND ACTAVIS GENERIC DEFENDANTS HAVE A RIGHT TO A TRIAL BY JURY ON THE ELEMENTS AND LIABILITY ISSUES OF PLAINTIFFS' PUBLIC NUISANCE CLAIMS.

Plaintiffs have disclaimed any entitlement to legal damages as a remedy for their nuisance claims; indeed, they state that they "are seeking only equitable abatement relief."[2] The Court has characterized Plaintiffs' abatement relief as "equitable."[3] The Teva and Actavis Generic Defendants do not dispute that "equitable abatement relief" is for a court (not a jury) to decide. Teva and Actavis Generic Defendants, however, are entitled to a jury on all issues of public nuisance liability, including causation, for three fundamental reasons.

*First*, under federal law, the existence of a public nuisance, including whether the elements of such a claim have been satisfied, are a legal matter for the jury to decide. It is well-settled that "[t]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity . . . actions." *James v. Vitran Exp., Inc.*, No. 1:11-CV-23, 2011 WL 4344064, at *1 (N.D. Ohio Sept. 14, 2011) (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963)). The Seventh Amendment guarantees litigants a jury trial in suits where "legal rights [are] to be ascertained and determined," but not where "equitable rights alone [are] recognized, and equitable remedies [are] administered." *Ross v. Bernhard*, 396 U.S. 531, 533 (1970). In assessing whether the right to a jury trial attaches, federal courts look, at least in part, to whether the claim or issue would have been analogous to one at law or one in equity under in 18th-century English courts, prior to the merger of law and equity. *See, e.g., Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

---

[2]   ECF No. 2212 at 1 n.2.
[3]   *See* ECF No. 2519, at 3 (Court intends to "exercis[e] its equitable powers" in order "to craft a remedy that will require defendants … to pay the prospective costs that will allow plaintiffs to abate the opioid crisis"); ECF No. 2572, at 5 ("Unlike tort damages that compensate an injured party for past harm, abatement is equitable in nature and provides a prospective remedy that compensates a plaintiff for the costs of rectifying the nuisance."); ECF No. 1573 at 34-35 ("remedial injunctive-type relief, and the remediation could be money that's spent in the future to take care of things, is for the Court").

Old English case law makes clear that the determination of whether a nuisance exists is a legal issue to be resolved by a jury; only when the legal elements of a nuisance are established would equitable principles kick-in to fashion the remedy.  *See Anonymous* (1752) 3 Atk. 750, 26 Eng. Rep. 1230 (refusing to grant equitable relief where plaintiff failed to first establish a nuisance at law because a "bill to restrain nuisances must extend to such only as are nuisance at law"); *Baines v. Baker* (1752) 27 Eng. Rep. 105 (refusing to interfere by injunction in a case of nuisance until "the rights of the parties should be first ascertained at law"); *Atty. Gen. v. Cleaver* (Ch. 1811) 34 Eng. Rep. 297 ("[I]f the soil belongs to the Crown, there is one species of remedy for that: the Crown may abate the obstruction; as it is upon the King's soil. Where it is not upon the King's soil, but merely a public nuisance to all the King's subjects, though the suit may be in the same form, the law is laid down in treatises [citation] that upon the ground of public nuisance, and not as an obstruction upon the King's soil, it is a question of fact, which must be tried by a Jury; and, though the suit may be entertained, the Court would be bound to try the fact by the intervention of a Jury.") (emphasis added); *Atty. Gen. v. The United Kingdom Electric Telegraph Co.* (1861) 54 Eng. Rep. 899 (refusing to grant an injunction until "proceedings at law have been taken" where plaintiffs "establish the fact that the act done is a nuisance at law before [the Court] gives its aid by way of injunction.").

Historical treatises—both before and after 1791—make this principle clear, too:  that the existence of a nuisance is a legal issue for a jury to decide, regardless of remedy.  For instance, Lord Hale (former Chief Justice of the King's Bench) made clear in his treatise that "[i]n the case therefore of building within the extent of a port in or near the water, *whether it be a nuisance or not is a quæstio facti, and to be determined by a jury upon evidence, and not a quæstio juris.*"

3

Hale, De Jure Maris, 1 Harg. Law Tracts (1787) (emphasis added); *see also* 2 Story, Commentaries on Equity Jurisprudence as Administered in England and America (5th ed. 1849) § 923, pp. 251 ("In cases of public nuisances, properly so called, an indictment lies to abate them, and to punish the offenders. But an information also lies in Equity to redress the grievance by way of injunction . . . If the soil [encroached upon] does not belong to the crown, but it is merely a common nuisance to all the public, an information in Equity lies. But the question of nuisance or not must, in cases of doubt, be tried by a jury; and the injunction will be granted or not, as that fact is decided").[4]

***Second***, even if the Court were to ignore that the existence of a public nuisance is a legal determination for the jury (and it should not), a jury still must decide the issue of public nuisance liability because of the overlap with the merits of Plaintiffs' RICO, OCPA, and civil conspiracy claims—for which there is no dispute a jury must decide.  As a matter of law, "[w]hen legal and equitable claims are joined in the same action, 'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'" *Curtis v. Loether,* 415 U.S. 189, 196, n. 11 (1974) (internal citations omitted); *In re Lewis*, 845 F.2d 624, 629 (6th Cir. 1988) ("[W]hen a party has a right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim" (internal quotations and citations omitted).)  Moreover, a jury must first resolve the legal claims, including all overlapping factual issues, ***before*** a court can consider the equitable issues.  *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990); *see also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962) ("Since these issues are common with those upon which respondents' claim to equitable relief is based, the legal claims involved in the action must be determined prior to any

---

[4] While this issue is decided under federal law, the Ohio Supreme Court has recognized that "under all authorities, it is the province of the court to define a nuisance and the province of the jury to determine whether the circumstances of the particular case come within the definition of a nuisance." *City of Hamilton v. Dilley*, 165 N.E. 713, 714-15 (Ohio 1929).

final court determination of respondents' equitable claims."). There are, as Plaintiffs concede, overlapping factual issues among their public nuisance claims and their other claims.  *See, e.g.,* ECF No. 1910-1, at 20–25 (Plaintiffs asserting that whether Defendants complied with the CSA is a factual issue pertinent to their RICO, statutory nuisance, and common law nuisance claims); *Compare* Summit TAC ¶¶ 849-850, 875 (alleging that RICO predicate acts caused "opioid epidemic" and other harm to Counties) *with id.* ¶¶ 989-90 (alleging for statutory public nuisance claim that failure to comply with CSA and Ohio law caused opioid-related harm in Counties) *with id.* ¶ 1003 (alleging for common law public nuisance claim that improper marketing and distribution of opioids caused opioid-related harm in Counties).  Because of this merits overlap here, given Plaintiffs' specific allegations and claims, a jury will need to decide the elements of public nuisance liability.

***Third***, the Sixth Circuit has made clear that "[a]ny doubt"—as to who decides liability for the public nuisance claims—"should be resolved in favor of permitting a jury trial."  *Local 783, Allied Indus. Wkrs. v. GE*, 471 F.2d 751, 756 (6th Cir. 1973).  This further militates in favor of a jury trial as to liability for Plaintiffs' public nuisance claims.

## II. THE TEVA AND ACTAVIS GENERIC DEFENDANTS WILL CONSENT TO A TRIAL BY JURY ON ONLY THE QUESTION OF PUBLIC NUISANCE LIABILITY.

As discussed above, the determination of whether Plaintiffs can prove the existence of a public nuisance is a question properly reserved for a jury, while the question of "equitable abatement relief" is not.  To the extent that the Court finds that public nuisance liability is not a legal issue for the jury to decide, the Teva and Actavis Generic Defendants would consent to a jury trial on that limited issue in these actions—that is, whether Plaintiffs have proven public nuisance liability.  The Teva and Actavis Generic Defendants will not consent to a jury trial with respect to the scope of Plaintiffs' "abatement" relief for their public nuisance claims here.

### III. AN ADVISORY JURY SHOULD NOT BE USED.

The Teva and Actavis Generic Defendants oppose the use of an advisory jury.

First, where a jury trial right exists, advisory juries are not permitted. *See* Fed. R. Civ. P. 39(c)(1) (advisory juries permitted "[i]n an action not triable of right by a jury"); *Thompson v. Parkes*, 963 F.2d 885, 888-89 (6th Cir. 1992) (where jury trial right attaches, district court may not employ advisory jury). As explained above, the Teva and Actavis Defendants are entitled to try liability as to Plaintiffs' public nuisance claims to a jury.

Second, advisory juries may not consider evidence that will taint their consideration of other jury-triable questions. Here, the existing jury should not be presented with complicated and confusing evidence, such as expert testimony, data, and costs, in an advisory capacity regarding abatement relief that will be decided by a court; this abatement-related evidence would impermissibly taint and confuse the jury on the legal issues it must resolve, which have nothing to do with fashioning an abatement remedy. *See Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 149 (N.D. Iowa 2003) (declining to use advisory jury as to equitable defenses where relevant evidence "poses a very real risk of unfair prejudice" and "might invite the jury to make a determination on the basis of equitable considerations that do not properly enter into any determination that the jury must make"); *THK Am. v. NSK, Ltd.*, No. 90 C 6049, 1996 WL 33398071, at *1-2 (N.D. Ill. Jan. 9, 1996) (rejecting request for an advisory jury on equitable issues because evidence related to those such issues "is so likely to prejudice the jury on other issues").

### IV. CONCLUSION

For the foregoing reasons, the Teva and Actavis Generic Defendants are entitled to have a jury determine all elements of public nuisance liability, and as such will consent to a jury trial on these issues. The Teva and Actavis Generic Defendants will not consent to a jury trial on Plaintiffs' requested abatement relief and do not view such relief as proper for an advisory jury.

Dated: September 13, 2019  Respectfully submitted,

*/s/ Steven A. Reed*
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Nancy L. Patterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel: (713) 890-5195
nancy.patterson@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Attorneys for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida, and specially appearing Teva Pharmaceutical Industries Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 13, 2019, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

*/s/ Steven A. Reed*
Steven A. Reed