# Exhibit 1

```
                                                    FILED
                                                 GARY L. HARRISON
                                              CLERK, SUPERIOR COURT
                                                9/16/2019 6:45:18 PM
```

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. JANET C. BOSTWICK          CASE NO.    C20184991

                                DATE:       September 16, 2019

TUCSON MEDICAL CENTER
    Plaintiff

VS.

PURDUE PHARMA L.P., et al.
    Defendants

---

## RULING
### IN CHAMBERS RE: DEFENDANTS' MOTIONS TO DISMISS

This ruling addresses the Manufacturing Defendants Joint Motion to Dismiss; the Distributor Defendants Joint Motion to Dismiss; the Actavis Parties and Watson Laboratories, Inc. Motion to Dismiss; the Cephalon, Inc. and Teva Pharmaceuticals, Inc. Motion to Dismiss; the Janssen Pharmaceuticals, Inc. and Johnson & Johnson Motion to Dismiss; and the Mallinckrodt LLC and SpecGx LLC Motion to Dismiss.

Without repeating the full record reviewed by the Court or relying on matters extrinsic to the Complaint, the Court concludes that Plaintiff Tucson Medical Center has adequately alleged potentially cognizable causes of action at a notice pleading standard under Rule 12(b)(6), Arizona Rules of Civil Procedure, as described below. For reasons set forth in briefing and incorporated by reference, Defendants' motions to dismiss must be denied.

### Arizona Rule 12(b)(6)

"Arizona follows a notice pleading standard." *Coleman v. City of Mesa*, 230 Ariz. 352, 356 (2012); *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 (2008). The intent is to "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen*, 218 Ariz. at 419. As a general policy matter, motions to dismiss are not favored, especially if based on pleading insufficiencies. *State ex. rel. Corbin v. Pickrell*, 136 Ariz. 589, 594 (1983); *Cagle v. Carr*, 101 Ariz. 225, 227 (1966); *see generally Rowland v. Kellogg Brown & Root, Inc.*, 10 Ariz. 530, 533 (App. 2005) (finding complaint sufficient despite "numerous technical deficiencies in the document"). Dismissal is permitted only if a plaintiff would not be entitled to relief under "any interpretation of the facts susceptible of proof." *Cullen*, 218 Ariz. at 420; *Fidelity Sec. Life Ins. Co. v. State Dept. of Ins.*, 191 Ariz. 222, 224 (1998). A court accepts all material allegations as true and views facts in the light most favorable to the opposing party but will not accept legal conclusions or hypothetical facts. *Cullen*, 218 Ariz. at 419-20; *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389 (App. 2005).

                                                                                                      Brandy Brothers
                                                                                         Judicial Administrative Assistant

## Sufficiency of Claims Pled

The narrow question presented by a motion to dismiss for failure to state a claim is whether facts alleged are sufficient "to warrant allowing the [plaintiff] to attempt to prove [its] case." *Coleman*, 230 Ariz. at 363. A motion to dismiss is not a procedure for resolving disputes about the facts or merits of a case. *Id.* at 363. Evidence may or may not later support a pled claim, but that is a separate question beyond Rule 12(b)(6). *See Swiekiewicz v Sorema N.A*, 534 U.S 506, 512 (recognizing "simplified notice pleading standard [for complaints] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and dispose of unmeritorious claims"). With this standard in mind, the Court has reviewed and considered each argument Defendants raise even if not specifically addressed in this ruling, and concluded that Arizona Rule 12(b)(6) pleading requirements are met. The issues may not, in this Court's view, be resolved at the pleading stage where the question is notice and all factual allegations are presumed true. The Court recognizes, of course, that when the record is further developed such defenses remain as potential summary judgment issues.

Fraud. Rule 9(b), Arizona Rules of Civil Procedure, requires circumstances constituting fraud to be pled with particularity. *See Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291-92 (App. 2010). The purpose of Rule 9(b) is to eliminate surprise. *Pruitt v. Pavelin*, 141 Ariz. 195, 206 (App. 1984). "[M]agic language is not necessary in pleading fraud, as long as the pleading, considered as a whole, can be construed to plead the nine elements." *Hall v. Romero*, 141 Ariz. 120, 124 (App. 1984); *see also Parks v. Macro-Dynamics, Inc.*, 121 Ariz. 517, 520 (App. 1979). A fraud complaint as a whole should assert a misrepresentation made with knowledge of falsity or ignorance of its truth to induce the hearer, ignorant of the falsity, to rely, resulting in damages. *E.g., Dawson v. Withycombe*, 216 Ariz. 84, 96 (App. 2007).

Considering the Complaint as a whole, combining allegations attributed to Defendants by name and to all Manufacturing or Distributor Defendants, the Court finds the necessary particularity for the fraud claims to proceed. As to RICO fraud, the allegations may be read broadly, as RICO is "liberally construed to effect its remedial purposes" and the right to relief for private parties injured by racketeering activity. *Sedima SPRL v. Imrex Co., Inc.*, 473 U.S. 479, 497-98 (quoting *U.S. v. Turkette*, 451 U.S. 576, 586-87, Pub. L. No. 91-452, §904(a), 84 Stat. 947, Organized Crime Control Act of 1970). And for all fraud-based claims, Plaintiffs do allege various misrepresentations by Defendants inducing reliance and damages. Disclosure and discovery are needed to develop the claims, but the basic allegations allow notice and meet Rule 9(b) purposes. Defendants do not suggest specificity of the pleading leaves them unsure of whether to admit or deny a fraud allegation.

Public Nuisance. The critical inquiry in a public nuisance case is whether continuing conduct of a party contrary to law involves a "significant interference with public health." Restatement (Second) of Torts § 812 B (2). Plaintiff so alleges, raising a possible nuisance claim, including special injury different from the general public due to the hospital's unique role and costs in treating and fighting opioid addiction. *See, e.g., Hopi Tribe v. Ariz. Snowbowl Resort Ltd. Partnership*, 430 Ariz. 362, 363-64 (2018); Restatement (Second) of Torts § 812 C comment h (pecuniary loss to the plaintiff resulting from the public nuisance "is normally a different kind of harm from that suffered by the general public"); *see also* Restatement (Second) of Torts § 812 B, comment h

                                                           Brandy Brothers
                                                   Judicial Administrative Assistant

(public nuisance "does not necessarily involve interference with use and enjoyment of land"). These allegations are assumed true for Rule 12(b)(6) purposes. *Cullen* at 419. The public nuisance theory is unique in this case but is adequately pled and not precluded simply because it is novel or yet untested under Arizona law.

Unjust Enrichment. Unless the relationship of the parties is governed by contract, a party may generally allege unjust enrichment as an alternative claim if it fits the facts, though it does not permit double recovery. *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174 (1976); *see also Adelman v. Christy*, 90 F. Supp. 2d 1034, 1045-46 (D. Ariz. 2000). Plaintiff has sufficiently pled unjust enrichment, including asserted connection between the alleged enrichment and impoverishment. Dismissal would be premature at this stage of this case.

Proximate Cause and Derivative Injuries. The Court concludes that the causation and derivative injury issues Defendants raise amount to matters of proof, not pleading. Plaintiff does allege proximate cause and direct harm to TMC as well as derivative patient costs. If direct harm is debatable or proximate cause is interrupted by other causal links are not Rule 12(b)(6) questions. Again, Plaintiff's allegations must be assumed true.

Statutes of Limitation. Time-barred claims are often subject to dismissal at the pleading stage, but in this case questions of notice, knowledge and tolling raise issues inappropriate to address on a Rule 12(b)(6) basis. The limitations defenses raise questions for summary judgment, not dismissal for failure to state a claim.

Preemption/Generic Labeling. Defendants, particularly the Actavis Generic Entities, invoke *Mensing* federal preemption for claims that a generic manufacturer breached a duty to warn. *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011); *Mutual Pharms. Co. v. Bartlett*, 570 U.S. 472 (2013); *Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378 (6th Cir. 2014). Due to the "sameness" constraint on generic drug manufacturers, state law cannot impose a duty to alter FDA-approved pharmaceutical labeling in conflict with federal law. These Defendants reason that all causes of action against them are, at their core, failure to warn claims and are preempted. Plaintiff maintains that it has made no failure to warn claims and that it is not seeking to change FDA-approved labels.

The nature of a claim and allegations made determine preemption. In *Strayhorn*, for example, claims based on knowing disclosure of false or misleading information about drugs, failure to adequately inform doctors about the risks associated with drugs, and failure to use reasonable care to provide warnings to the public were preempted. *Id.* at 385. Preemption would apply similarly to such claims against generic entities in this case. But which claims are necessarily preempted, whether such causes of action are preempted in full or can survive on other grounds, and whether amendment of the Complaint (which is liberally allowed) could partially address these issues is not clear on the present record. The Court requests additional briefing from Plaintiff and the Actavis Generic Entities on these preemption issues, as ordered below.

## Conclusion

The Complaint sufficiently states causes of action at a notice pleading level under Arizona law and survives Defendants' motions to dismiss.

_____
Brandy Brothers
Judicial Administrative Assistant

**Orders**

Therefore,

**IT IS ORDERED** that Plaintiff and the Actavis Generic Entities provide supplemental simultaneous briefing on the generic manufacturer preemption issues raised in this ruling by October 1, 2019;

**IT IS FURTHER ORDERED** that Defendants Johnson & Johnson and Janssen Pharmaceutical, Inc. may, at their option, join in or file supplemental briefing on their separate preemption arguments by October 1, 2019.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss are otherwise denied.

/s/
HON. JANET C. BOSTWICK
(ID: dce47093-8081-4c0c-a451-454d9e3ec02b)

cc:    Adam P. Weisman, Esq.
       Amanda C. Sheridan, Esq.
       Ana M Francisco, Esq.
       Andre H. Merrett, Esq.
       Barry L Brody, Esq.
       Bradley J. Johnston, Esq.
       Brian Nmn Schulman, Esq.
       Carlyle W Hall III, Esq.
       Charles C Lifland, Esq.
       Christina M Vitale, Esq.
       Daniel J. O'Connor, Esq.
       David C Potts, Esq.
       David L Curl, Esq.
       David M McMullan Jr, Esq.
       David T Arlington, Esq.
       Donna M Welch, Esq.
       Edward Moomjian, Esq.
       Elizabeth Sperling, Esq.
       Gerald M Abdalla Jr, Esq.
       Greg Alan Davis, Esq.
       Ian Bucon, Esq.
       J Matthew Donohue, Esq.
       J Steven Sparks, Esq.
       James W Matthews, Esq.

                                                            Brandy Brothers
                                               Judicial Administrative Assistant

Jeremy C. Johnson, Esq.
John (Don) W Barrett, Esq.
John A McCauley, Esq.
John David Lombardo, Esq.
John J Kastner Jr, Esq.
John P McDonald, Esq.
Jonathan W Cuneo, Esq.
Joseph L Franco, Esq.
Joshua A Klarfeld, Esq.
Karen C Stafford, Esq.
Karen J. Stillwell, Esq.
Kathleen Leicht Matsoukas, Esq.
Katy E Koski, Esq.
Kevin M Sadler, Esq.
Laura E. Sixkiller, Esq.
Lauren Morgan Fincher, Esq.
Lee D Stein, Esq.
Levi T Claridge, Esq.
Maria Rivera, Esq.
Martin L Roth, Esq.
Matt Clifford, Esq.
Michael B Macwilliams, Esq.
Michael Stephen Myers, Esq.
Michelle M Buckley, Esq.
Miranda Petersen, Esq.
Monica Miller, Esq.
Paul J Cosgrove, Esq.
Ruth Roberts Lichtenfeld, Esq.
Samuel Mitchell, Esq.
Sarah Sterling Starns, Esq.
Scott D Powers, Esq.
Sina S Aria, Esq.
Steven A Martino, Esq.
Steven C Mitchell, Esq.
Steven J Boranian, Esq.
Timothy W Knapp, Esq.
Todd Jackson, Esq.
Victoria M Dunne, Esq.
William E Padgett, Esq.
Yifei Li, Esq.

                                                        Brandy Brothers
                                          Judicial Administrative Assistant