IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Hon. Judge Dan A. Polster** |

## DEFENDANTS' MOTION FOR ACCESS TO JURY SELECTION RECORDS AND INFORMATION

The Defendants listed below[1] respectfully move this Court pursuant to 28 U.S.C. § 1867(f) of the Jury Selection and Services Act, 28 U.S.C. § 1861, *et seq*. (the "Act"), and the Northern District of Ohio's Juror Selection Plan (adopted July 31, 2014), to allow access to the jury selection records in connection with the Track One trial currently scheduled to begin on October 21, 2019.

On September 11, 2019, Defendants learned for the first time that the Court's Jury Department had sent out 1,000 summons and was in the process of pre-screening potential jurors

---

[1] AmerisourceBergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Walgreen Co., Walgreen Eastern Co., Henry Schein, Inc., Henry Schein Medical Systems, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida.

for an eight-week trial.  During a September 16, 2019 telephonic hearing, counsel for Janssen raised this issue and asked the Court for additional clarity on how the juror pre-screening process was being conducted.  The Court invited the parties to contact the Jury Department for additional information.  *See* 9/16/2019 Tr. at 25:11-15.  Thereafter on September 17, Defendants contacted the Jury Department and learned that, of the 1,000 pre-screening questionnaires sent out, roughly 725 had been returned.  Of the pre-screening questionnaires returned, roughly *500 jurors*— nearly 70 percent of responding potential jurors—have been excused, deferred, and/or exempted for unknown reasons.

Under § 1867(f) of the Act, and in accordance with section Q.3 of the Northern District's Juror Selection Plan,[2] "contents of records or papers used by the jury commission or clerk in connection with the jury selection process" are discoverable for "the preparation or presentation of a motion" brought under subsection (c).[3]  28 U.S.C. § 1867(f).  In anticipation of such a motion, Defendants seek these records.

Section 1867(f) mandates that "[t]he parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion."  *Id*.  "This provision makes clear that a litigant has essentially an unqualified right to inspect jury lists[,]" because "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge."  *Test v. United States*, 420 U.S. 28, 30 (1975) (per curium) (footnotes omitted).  The United States

---

[2] Section Q.3 of the Plan provides: "Any request for juror information related to challenging compliance with selection procedures shall be in accordance with 28 USC §§ 1867, 1868."

[3] 28 U.S.C. § 1867(c) provides: "In civil cases, before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, any party may move to stay the proceedings on the ground of substantial failure to comply with the provisions of this title in selecting the petit jury."

Supreme Court has made clear that "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* "While a motion challenging the jury selection process must be accompanied by a sworn statement of facts, that requirement does not apply to a motion to gain access to jury selection records." *United States v. Williams*, CR. No. 06-00079, 2007 WL 1223449, *1, *5-6 (D. Hawaii Apr. 23, 2007) (observing that "[i]n order to obtain evidence to support the sworn statement the litigant is entitled to extremely liberal access to otherwise non-public jury selection records" and permitting defendant to inspect jury selection records including juror questionnaires (quotation marks omitted)). Rather, "[t]o avail himself of the right of access to jury selection records, a litigant need only allege that he is preparing a motion to challenge the jury selection process." *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996) (district court erred in requiring any showing of probable success on merits as condition to obtaining jury selection records).

Defendants accordingly request immediate access to obtain copies of the following documents and information, on a continuing basis, in furtherance of its preparation of a motion under §§ 1867(c) and (d) the Act:

 a) All documents reflecting the process by which jurors were selected from the Master Wheel to receive pre-qualification forms and/or questionnaires;

 b) A list of all jurors selected from the Master Wheel to receive pre-qualification forms and/or questionnaires, and all demographic information available, including age, gender, racial, ethnic, employment, and income information;

 c) All correspondence or communication to or from prospective jurors;

 d) All juror pre-qualification forms and/or questionnaires sent to prospective jurors;

 e) A list of all jurors who were sent pre-qualification forms and/or questionnaires by the Clerk and/or Court, and all demographic information available, including age, gender, racial, ethnic, employment, and income information;

f) All responses to juror pre-qualification forms and/or questionnaires returned by prospective jurors;

g) A list of jurors approved for excusal, exception, or deferral, and all demographic information available, including age, gender, racial, ethnic, employment, and income information;

h) All documents that constitute, pertain, refer, relate, or confirm the Clerk's and/or Court's decision to exclude, except, or defer prospective jurors;

i) All documents reflecting any efforts to obtain responses from jurors who were selected from the Master Wheel to receive pre-qualification forms and/or questionnaires but who did not respond;

j) All documents reflecting any efforts to verify jurors' pre-qualification forms and/or questionnaires responses;

k) All documents reflecting policies, rules, regulations, procedures, or other written instructions which exist to instruct employees of the Clerk's Office and/or Court in selecting and compiling jury wheels and juries; and

l) All other records or papers used by the Clerk's Office and/or Court in connection with the jury selection process in this case.

Dated: September 20, 2019

Respectfully Submitted,

/s/ *Charles C. Lifland*  
Charles C. Lifland  
Sabrina H. Strong  
O'MELVENY & MYERS LLP  
400 S. Hope Street  
Los Angeles, CA 90071  
Tel: (213) 430-6000  
clifland@omm.com  
sstrong@omm.com

Daniel M. Petrocelli  
Amy R. Lucas  
O'MELVENY & MYERS LLP  
1999 Avenue of the Stars, 8th Floor  
Los Angeles, CA 90067-6035  
Tel: (310) 553-6700 dpetrocelli@omm.com  
alucas@omm.com  
*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ *Steven A. Reed*  
Steven A. Reed  
Eric W. Sitarchuk  
Rebecca J. Hillyer  
MORGAN, LEWIS & BOCKIUS LLP  
1701 Market Street  
Philadelphia, PA 19103-2921  
Telephone: +1.215.963.5000  
Facsimile: +1.215.963.5001  
steven.reed@morganlewis.com  
eric.sitarchuk@morganlewis.com  
rebecca.hillyer@morganlewis.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson*

*Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida*

<u>/s/ Geoffrey Hobart</u>
Geoffrey Hobart
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
Telephone: (202) 662-5281
ghobart@cov.com

*Counsel for Distributor Defendant McKesson Corporation*

*Co-Liaison Counsel for the Distributor Defendants*

<u>/s/ Shannon E. McClure</u>
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone:  (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for Distributor Defendant AmerisourceBergen Drug Corporation*

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ Enu Mainigi*
Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

*Counsel for Distributor Defendant Cardinal Health, Inc.*

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ John P. McDonald*
John P. McDonald (TX Bar # 13549090)
C. Scott Jones (TX Bar # 24012922)
Lauren M. Fincher (TX Bar # 24069718)
Brandan J. Montminy (TX Bar # 24088080)
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
Tel: (214) 740-8445
Fax: (214) 756-8110
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Attorneys for Defendants Henry Schein, Inc. and Henry Schein Medical Systems, Inc.*

*/s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for the Walgreens Defendants*

*Liaison Counsel for the Chain Pharmacy Defendants*

## CERTIFICATE OF SERVICE

  I, Charles C. Lifland, hereby certify that the foregoing document was served on September 20, 2019 via electronic transfer to all counsel of record, consistent with the Court's order.

             /s/ *Charles C. Lifland*
             Charles C. Lifland
             Sabrina H. Strong
             O'MELVENY & MYERS LLP
             400 S. Hope Street
             Los Angeles, CA 90071
             Tel: (213) 430-6000
             clifland@omm.com