## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| This document relates to: *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* Case No. 18-op-45090 | Case No. 17-md-2804 |
| | Hon. Dan Aaron Polster |

## <u>HENRY SCHEIN DEFENDANTS' MOTIONS IN LIMINE</u>

Defendants Henry Schein, Inc. and Henry Schein Medical Systems, Inc. (together, "Henry Schein Defendants") hereby move the Court, prior to the commencement of trial, for an order directing that Plaintiffs Summit County and Cuyahoga County, and their attorneys and witnesses, not mention or bring before the jury panel or the jury, either directly or indirectly, upon voir dire, opening or closing statements, interrogation of any witnesses, the offer or reading of any exhibit, deposition, or other discovery response in the case, arguments or objections before the jury, or by any other manner or means inform the jury or bring to the jury's attention any of the matters set forth below, unless and until such matters have first been called to the Court's attention outside the presence and hearing of the jury, and a favorable ruling received as to the admissibility thereof.

The Henry Schein Defendants further move the Court to order attorneys for Plaintiffs to inform and counsel their clients and witnesses not to volunteer, inject, disclose, state or mention to the jury any of the matters set forth below until specifically questioned thereon after a prior ruling by the Court.[1]

---

[1] The Omnibus Memorandum of Law In Support Of All Track One Bellwether Trial Defendants' Motions In Limine, and the Memorandum of Law In Support Of  Distributor Defendants' Motions in Limine set forth the applicable and

The Henry Schein Defendants move for Orders in limine as to the following:

1. **[HS-1] References to the Henry Schein Defendants having engaged in any alleged activities with respect to Cuyahoga County.**

The Henry Schein Defendants are only named in the Summit County lawsuit.  They are not parties to the Cuyahoga County lawsuit.  Because the Henry Schein Defendants are the only family of defendants not named in both the Summit County and Cuyahoga County lawsuits, Plaintiffs should be prohibited from referencing "Henry Schein," "Schein," "Distributor Defendants," or "Defendants" generally when offering evidence or otherwise referencing claims brought or allegations asserted by Cuyahoga County.  To permit otherwise would confuse the jury and be unfairly prejudicial to the Henry Schein Defendants.  *See* Fed. R. Evid. 403.  Such references also lack foundation.  *See* Fed. R. Evid. 602.

AGREED: _____      GRANTED: _____          DENIED: _____

2. **[HS-2] References to Henry Schein Medical Systems, Inc. as having distributed any opioid medications into Summit County or otherwise caused or contributed to any alleged opioid epidemic.**

Henry Schein Medical Systems, Inc. ("HSMS") is a medical technology company and does not sell or distribute medications, whether opioids or otherwise.  Plaintiff has developed no evidence to the contrary.  Accordingly, Plaintiff should be prohibited from referencing HSMS as having distributed opioids generally or to Summit County specifically or causing or contributing to any alleged opioid epidemic.  The probative value of such references is contrary to the evidence, lacks foundation, and would otherwise confuse the jury and unfairly prejudice HSMS.  *See* Fed. R. Evid. 403, 602.

---

controlling law governing motions in limine generally as well as particular points raised herein, and are incorporated in full.

AGREED: _____     GRANTED: _____          DENIED: ____

**3.      [HS-3] References to sales or distribution of opioid medications to retail, chain, Internet pharmacies, or "pill mills."**

The undisputed evidence shows that Henry Schein, Inc.'s (HSI) distribution of opioids in Summit County was limited to individual prescribers (*i.e.*, doctors and dentists).  HSI did not distribute opioid medications to chain or retail pharmacies (including Internet pharmacies). Plaintiff, therefore, should be prohibited from referencing HSI, either individually or through use of such collective terms as, "Defendants," "Distributors," or "Distributor Defendants" as having distributed any opioids to any chain, retail, or Internet pharmacies.  The probative value of such references is contrary to the evidence, lacks foundation, and would otherwise confuse the jury and unfairly prejudice Henry Schein, Inc.  *See* Fed. R. Evid. 403, 602.

AGREED: _____     GRANTED: _____          DENIED: ____

**4.      [HS-4] References to opioid medications distributed by Henry Schein, Inc. to Dr. Brian Heim.**

Plaintiff intends to offer evidence regarding HSI's distribution of opioid medications to Dr. Heim to support its public nuisance claim against HSI.  Among other things, Plaintiff contends HSI should not have distributed opioid medications to Dr. Heim because he had his medical license suspended in 1998 following a plea deal (which subsequently was unconditionally reinstated by the State of Ohio in 2005), and/or that HSI should not have distributed opioid medications to Dr. Heim less than three weeks after he had been indicted in Ohio (although his medical license and DEA registrations remained in full force and effect).  Notably, Dr. Heim was neither indicted nor convicted for diverting or otherwise misusing the pills distributed to him by HSI.  Plaintiff should be prohibited from referencing these transactions with Dr. Heim without presenting evidence that the referenced opioid medications distributed by HSI were in fact diverted or otherwise used in a

manner so as to substantially cause or contribute to the alleged public nuisance.  Such evidence otherwise is irrelevant, misleading and unfairly prejudicial.  *See* Fed. R. Evid. 401, 403.  Such evidence also lacks foundation.  *See* Fed. R. Evid. 602.

AGREED: _____    GRANTED: _____        DENIED: ____

**5.     [HS-5] References that Henry Schein, Inc. should not have shipped opioid medications following Dr. Heim's May 2012 indictment.**

Plaintiff intends to argue that any orders HSI shipped to Dr. Heim following his indictment for destroying business records and drug trafficking of Adderall should not have been shipped and were, according to Plaintiff's counsel, "suspicious."  Plaintiff should be prohibited from making such arguments or otherwise referencing this underlying indictment without first laying a foundation that such information was reasonably available or accessible to HSI.  Otherwise such evidence, references, and contentions are misleading, lack foundation, and are unfairly prejudicial to HSI and risk confusing and misleading the jury.  *See* Fed. R. Evid. 401, 403, 602.

AGREED: _____    GRANTED: _____        DENIED: ____

**6.     [HS-6] References to opioid medications distributed by Henry Schein, Inc. to Dr. Adolph Harper.**

Plaintiff also intends to offer evidence regarding HSI's distribution of opioid medications to Dr. Harper to support its public nuisance claim against HSI.  Plaintiff contends HSI distributed thousands of opioid pills to Dr. Harper from at least 2003 to 2008.  The evidence will show that Dr. Harper was later indicted for illegally *prescribing* opioids in Summit County between 2009 and 2012, which is after HSI had discontinued distributing opioid medication to him.  Notably, Dr. Harper was neither indicted nor convicted for diverting or otherwise misusing the pills distributed to him by HSI.  Plaintiff also intends to introduce evidence that at least eight of Dr. Harper's patients died from overdose-related deaths during this 2009 – 2012 period and that Dr. Harper was

4

sentenced to ten years in prison.  Again, these events took place after HSI had discontinued distributing medications to Dr. Harper.  Because Plaintiff cannot show that Dr. Harper diverted any of the opioid pills distributed to him by HSI, or furnished such pills to the referenced deceased patients, and because the conduct for which Dr. Harper was indicted and convicted involved the unlawful dissemination of prescriptions (not pills), Plaintiff should be prohibited from referencing HSI's distribution of opioid medications to Dr. Harper.  Such evidence is irrelevant, misleading, and unfairly prejudicial.  *See* Fed. R. Evid. 401, 403.  Such evidence also lacks foundation.  *See* Fed. R. Evid. 602.

AGREED: _____     GRANTED: _____          DENIED: ____

**7.     [HS-7] References to purported inadequacies regarding Henry Schein, Inc.'s Suspicious Order Monitoring System without first identifying whether any orders that HSI sold into Summit County were diverted.**

Plaintiff intends to offer evidence regarding purported deficiencies with respect to HSI's Suspicious Order Monitoring System.  Plaintiff should be prohibited from offering such evidence absent an initial showing that any of the opioid medications distributed by HSI into Summit County were diverted, or otherwise shown to have substantially caused or contributed to any public nuisance in Summit County.  Such evidence lacks foundation and is otherwise irrelevant and unfairly prejudicial.  *See* Fed. R. Evid. 401, 403, 602.

AGREED: _____     GRANTED: _____          DENIED: ____

**8.     [HS-8] References to alleged opioid medications distributed by Henry Schein, Inc. to locations outside Summit County.**

Plaintiff should be prohibited from making references or otherwise eliciting witness testimony that opioid medications that HSI may have distributed to locations outside of Summit County "migrated" or otherwise found their way into Summit County.  Plaintiff possesses no

evidence that any single pill that HSI distributed or otherwise delivered to a customer outside of Summit County was later re-shipped to and diverted within Summit County. Permitting Plaintiff (or any of its witnesses) to make such reference lacks foundation and is otherwise unfairly prejudicial to HSI. *See* Fed. R. Evid. 401, 403, 602.

AGREED: _____       GRANTED: _____          DENIED: _____

**9.      [HS-9] References to DEA fines, investigations, or admonitions concerning Henry Schein, Inc.'s distribution of opioids to locations other than those in Summit County.**

From Plaintiff's exhibit list it is apparent that it intends to offer testimony or otherwise reference in front of the jury certain fines imposed by other states regarding HSI's distribution of opioid medications *in those states*. Notably, any such isolated incidents did not involve in any way HSI's distribution of opioids into Ohio generally, or Summit County specifically. Accordingly, any such evidence or references are irrelevant to whether or not HSI's conduct was a substantial factor in creating, or maintaining a public nuisance in Summit County, and is otherwise unfairly prejudicial to HSI. *See* Fed. R. Evid. 401, 403.

AGREED: _____       GRANTED: _____          DENIED: _____

**10.      [HS-10] References to a purported 1998 cease and desist letter supposedly sent by Ohio Board of Pharmacy to Henry Schein, Inc.**

According to Plaintiff's exhibits, it intends to offer into evidence a set of Ohio Board of Pharmacy meeting minutes from November 1998 whereby mention was made regarding the issuance of a cease and desist letter to Henry Schein, Inc. regarding the "sale of dangerous drugs to persons and/or facilities which are not licensed by the Board nor otherwise authorized to possess dangerous drugs." As an initial matter, there is no evidence that any such letter was actually sent to or received by HSI. Furthermore, the minutes reference "dangerous drugs" and make no mention of whether the subject drugs consisted of or included opioids, let alone to whom the drugs

were sold or in what quantity (and/or whether the drugs were even sent into Summit County). Finally, the referenced "letter" is from 1998, which predates the relevant scope of Plaintiff's claims. As such, Plaintiff should be prohibited from offering these meeting minutes into evidence or otherwise referencing any "cease and desist letter" in the presence of the jury. Such purported evidence is irrelevant, misleading, confusing to the jury, lacks foundation, and is unfairly prejudicial. *See* Fed. R. Evid. 401, 403, 602.

AGREED: _____     GRANTED: _____          DENIED: ____

**11.    [HS-11] References to alleged conduct supportive of Plaintiff's conspiracy claim, which took place, if at all, prior to May 18, 2014.**

Plaintiff has acknowledged that its conspiracy claim against the Henry Schein Defendants based on their alleged conduct in creating a public nuisance is governed by a four (4) year statute of limitations. Accordingly, Plaintiff should be prohibited from referencing or introducing evidence in support of its conspiracy claim, which relates to or consists of conduct allegedly undertaken by either of the Henry Schein Defendants prior to May 18, 2014, which is four years prior to when Plaintiff added the Henry Schein Defendants to the lawsuit and asserted claims against them. *See* Fed. R. Evid. 401, 403.

AGREED: _____     GRANTED: _____          DENIED: ____

**12.    [HS-12] References to Henry Schein Animal Health, which is not a named party to Plaintiff's lawsuit.**

Plaintiff sued two Henry Schein entities – HSI and HSMS. Plaintiff should be prohibited from referencing or introducing evidence pertaining to Henry Schein Animal Health, which is an animal/veterinary healthcare company, a separate legal entity, and one in which Henry Schein, Inc. no longer holds an interest. Offering such evidence is irrelevant as to whether or not HSI or HSMS substantially caused or contributed to the alleged public nuisance in Summit County. *See* Fed. R.

Evid. 401.  Such evidence also should be excluded because it poses a substantial risk of confusing the jury and unfairly prejudicing HSI and HSMS.  *See* Fed. R. Evid. 403.

AGREED: _____     GRANTED: _____          DENIED: _____

Dated:  September 25, 2019

Respectfully Submitted,

*/s/ John P. McDonald*
John P. McDonald
C. Scott Jones
Lauren M. Fincher
Brandan J. Montminy
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel: (214) 740-8000
Fax: (214) 756-8758
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Counsel for Henry Schein, Inc. and Henry Schein Medical Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ John P. McDonald*
John P. McDonald