# Exhibit 2

```
 1              UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF OHIO
 2                     EASTERN DIVISION
 3   IN RE: NATIONAL              )    MDL No. 2804
     PRESCRIPTION OPIATE          )
 4   LITIGATION                   )    Case No.
                                  )    1:17-MD-2804
 5                                )
     THIS DOCUMENT RELATES TO     )    Hon. Dan A.
 6   ALL CASES                    )    Polster
                                  )
 7
 8
 9                      — — —
10              Monday, May 13, 2019
                        — — —
11
        HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
12              CONFIDENTIALITY REVIEW
                        — — —
13
14
15
16       Videotaped Deposition of JAMES E.
     RAFALSKI, held at Weitz & Luxenburg PC, 3011
17   West Grand Avenue, Suite 2150, Detroit,
     Michigan, commencing at 9:20 a.m., on the
18   above date, before Michael E. Miller, Fellow
     of the Academy of Professional Reporters,
19   Registered Diplomate Reporter, Certified
     Realtime Reporter and Notary Public.
20
21
22
                        — — —
23
              GOLKOW LITIGATION SERVICES
24       877.370.3377 ph | fax 917.591.5672
                   deps@golkow.com
25
```

Highly Confidential - Subject to Further Confidentiality Review

1   McKesson decided not to ship any more
2   controlled substances, that would -- you
3   know, there would be no diversion, so it's
4   just a hypothetical that --
5   BY MR. EPPICH:
6          Q.    Yes, and you're an expert in
7   this case, sir.
8          A.    I don't have an opinion.
9          Q.    So hypothetically, if there is
10  a suspicious order monitoring program --
11         A.    Okay.
12         Q.    -- that reports a suspicious
13  order -- or excuse me, that does not block --
14  let me strike that.
15               If there is a suspicious order
16  monitoring program that does not report
17  suspicious orders but blocks suspicious
18  orders, that program can be effective in
19  preventing diversion?
20         A.    So the mere act of doing that
21  is in violation of the regulation, but the
22  outcome of blocking the order would obviously
23  keep it from being distributed and it would
24  not lead to diversion.
25         Q.    Blocking the order of the

1    opioid pills before shipment is what prevents
2    diversion from occurring, correct?
3         A.    Yes, sir.
4               MR. FULLER:  Form.
5    BY MR. EPPICH:
6         Q.    Not the reporting of the
7    suspicious order to DEA, correct?
8         A.    But we were discussing the
9    regulatory requirement, so it's to design and
10   operate a system to disclose suspicious
11   orders, and upon disclosure, be reported to
12   the DEA.  Under the maintenance of effective
13   controls, it's to stop the shipment.
14              Now, just the mere fact of
15   stopping a shipment when you've identified it
16   as a potential suspicious order would prevent
17   diversion.
18        Q.    My question was a little
19   different, and so let me rephrase it.
20              You'd agree that not reporting
21   the suspicious order to DEA is not what
22   causes diversion?
23        A.    That's correct.
24              MR. FULLER:  Object to form.
25              ///