# Exhibit 4

```
 1        IN THE UNITED STATES DISTRICT COURT
 2         FOR THE NORTHERN DISTRICT OF OHIO
 3                  EASTERN DIVISION
 4                      - - -
 5
    IN RE:  NATIONAL          :   HON. DAN A.
 6  PRESCRIPTION OPIATE       :   POLSTER
    LITIGATION                :
 7                            :
    APPLIES TO ALL CASES      :   NO.
 8                            :   1:17-MD-2804
                              :
 9
             - HIGHLY CONFIDENTIAL -
10
    SUBJECT TO FURTHER CONFIDENTIALITY REVIEW
11
12                      - - -
13              November 28, 2018
14                      - - -
15            Videotaped deposition of
    WILLIAM DE GUTIERREZ-MAHONEY, taken
16  pursuant to notice, was held at the law
    offices of Covington & Burling, LLP, The
17  New York Times Building, 620 Eighth
    Avenue, New York, New York, beginning at
18  9:08 a.m., on the above date, before
    Michelle L. Gray, a Registered
19  Professional Reporter, Certified
    Shorthand Reporter, Certified Realtime
20  Reporter, and Notary Public.
21                      - - -
22          GOLKOW LITIGATION SERVICES
       877.370.3377 ph | 917.591.5672 fax
23              deps@golkow.com
24
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1                  Do you see where that's
 2     written?
 3          A.     I do.
 4          Q.     Do you agree that there's no
 5     upside to reporting suspicious orders to
 6     the DEA?
 7          A.     You know, I think I --
 8                 MS. McNAMARA:  Objection to
 9     form.
10                 MR. SCHMIDT:  You can still
11          answer.  Go ahead.
12                 THE WITNESS:  I believe that
13          in my writing this, I misspoke.
14          And I was referring to when they
15          shut customers down because they
16          were suspicious customers.
17     BY MR. BOWDEN:
18          Q.     When did you come up with
19     that belief?  Is that recent?
20          A.     I saw that -- I said
21     suspicious orders.  That isn't what they
22     said.  What we do -- what we did was to
23     write a letter to the DEA when we were
24     shutting a customer down.  And they said
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1   they don't do that.
 2         Q.    Okay.  Well, if Cardinal
 3   were not reporting suspicious orders,
 4   would you agree -- strike that.
 5               It would be inappropriate to
 6   not report suspicious orders, true?
 7         A.    Like I said, I misspoke
 8   here.
 9         Q.    I'm not asking you about the
10   context of this e-mail.  I'm asking you,
11   it would be inappropriate -- it would be
12   a violation of the CSMP not to report
13   suspicious orders, correct?
14         A.    It's part of our CSMP to
15   report suspicious orders.
16         Q.    What are the upsides for
17   reporting suspicious orders to the DEA?
18         A.    Notify them of orders that
19   have reached their -- our thresholds for
20   the customers.
21         Q.    Okay.  What other upsides
22   would there be?  What are the practical
23   implications of that?
24         A.    Can let the DEA see where --
```