IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

**CARDINAL HEALTH, INC.'S TRIAL BRIEF**

Cardinal Health, Inc. ("Cardinal Health") submits this trial brief pursuant to the Court's September 17, 2019 Minute Order requesting "concise trial briefs of no more than 10 pages that describe how the parties intend to prove or defend their case."

Significant uncertainty exists as to how Plaintiffs intend to try their case against Cardinal Health (or any other defendant).  While some Defendants have settled or been "severed" from the Track One trial, the two Plaintiffs still have claims against 21 individual defendants in eight defendant "families."  Plaintiffs have submitted an exhibit list with more than 16,000 entries, which represents more than 70,000 documents in total.  Plaintiffs initially served a witness list of more than 200 witnesses, and, under direction from Special Master Cohen, only late on Monday, September 23, reduced that list to 150 witnesses, which includes 16 expert witnesses.  Special Master Cohen directed Plaintiffs to further reduce their witness list to 75 witnesses by September 24, but as of the finalizing of this brief, Plaintiffs have failed to do so.  Plaintiffs also have failed

1

adequately to describe the subject matter of the witnesses' testimony, such that Cardinal Health does not know what topics they intend to address.  Plaintiffs cannot put on 75 (much less 150) witnesses, including 16 experts, in the allotted 100 hours, much less do that and reserve sufficient time from the 100 hours to cross-examine Defendants' witnesses.  Clearly, Plaintiffs are keeping all their options open and seeking to maintain the element of surprise.  As it would appear that Plaintiffs' intent is to keep us guessing, it is difficult for Cardinal Health to say, except in the most general terms, how it intends to meet Plaintiffs' proof and defend itself.

Compounding the problem is the fact that neither the Court, on motions for summary judgment, nor Plaintiffs, on their own volition, have narrowed the scope of the trial as to the remaining Defendants in any significant way.  The Court denied Defendants' motion for summary judgment on the statute of limitations, and Plaintiffs therefore are permitted to put on evidence spanning more than 20 years.  The withdrawal of the negligence and unjust enrichment claims does not affect what evidence Plaintiffs will introduce.  Nor does the severing of parties from the Track One trial or the fact that others have settled remove any need to present evidence regarding the allegations against and/or the conduct of those parties.

The total time allotted to all Defendants to present their defense is only 100 hours.  This time period is so truncated as to violate Cardinal Health's right to due process in a case of this complexity and with such high stakes.[1]  Cardinal Health is uniquely disadvantaged by the inadequacy of the division of time ordered by the Court because Plaintiffs have made clear that they intend to call multiple Cardinal Health witnesses live, given that Cardinal Health happens to be headquartered in Ohio.  If time was split 50/50 between Plaintiffs and Defendants and then split evenly amongst defendants, Cardinal Health would be significantly disadvantaged in

---

[1] *See* ECF 2133.

defending itself at trial because of Plaintiffs' increased focus on Cardinal Health. But, given the complexities of this case, no matter how the time ultimately is divided, Cardinal must treat each minute of its quota as precious and maintain the ability to adjust as Plaintiffs' proof becomes known.

*   *   *

Cardinal Health has included 27 fact witnesses on its witness list, and the joint Defendants' witness list includes another 65 fact witnesses. Without knowing how Plaintiffs will present their cases, Cardinal Health states that it expects to present evidence that it is now and always has been in compliance with its obligations under the Controlled Substances Act and DEA regulations. It expects to present documentary evidence regarding, and to call witnesses who will testify about, its suspicious order monitoring systems ("SOM") during the applicable time periods, its anti-diversion policies and programs, and the progression of Cardinal Health's and the industry's response to evolving SOM technology and changing regulatory guidance. Cardinal Health also expects that it will present documentary evidence and call witnesses who can testify about Cardinal Health's interactions with DEA and about DEA's changing regulatory guidance over the years.

Cardinal Health expects to call at least two expert witnesses, including Brian Riese, a former DEA Diversion Investigator who will testify that at all times Cardinal Health met or exceeded DEA's regulatory requirements, and John J. MacDonald III, an economics and data analytics expert, who will rebut the testimony of Plaintiffs' experts regarding alleged suspicious orders filled by Cardinal Health. The joint Defendants' witness list contains an additional 23 shared defense experts. Experts drawn from that list will testify regarding the:

- epidemiology of the opioid abuse problem in the United States and in Cuyahoga and Summit Counties;

- role that prescription opioids play in the treatment of pain;

- nature of addiction and the relationship between prescription opioids and addiction;

- regulatory obligations of others actors in the supply chain, including pharmacists;

- FDA approval process of prescription opioids;

- causal relationship between Distributors' conduct and Plaintiffs' claimed harms;

- increased expenditures of Cuyahoga and Summit Counties traceable to the opioid abuse problem;

- relationships between manufacturers, distributors, and pharmacies in the supply chain;

- accuracy of Plaintiffs' data on the number of opioid-caused deaths;

- role of prescription opioids and other drugs in overdose deaths; and

- role of criminal drug cartels and other actors in the illegal opioid market in Cuyahoga and Summit Counties.

As with fact witnesses, Cardinal Health cannot state with any additional specificity at this time which experts it will find it necessary to call at trial.

Depending on which Defendants remain in the Track One trial and how Plaintiffs present their case, Cardinal Health also may present documentary evidence and call witnesses who can testify about the standard of care for the prescription of opioid medications, how that standard of care changed over the years, and the reasons for those changes. This may include introducing evidence and calling experts regarding the allegations against and/or the conduct of Defendants who have settled with Plaintiffs or who have been "severed" from the Track One trial.

In the event that the jury returns a finding that Cardinal Health is liable for causing a public nuisance, Cardinal Health will seek to have the jury apportion the percentage of fault attributable to (i) other Defendants in the Track One trial, (ii) any settled or severed Defendants

named in the Summit or Cuyahoga operative complaints, (iii) non-litigating third parties, and (iv) Plaintiffs themselves.[2]

Dated:  September 25, 2019					Respectfully submitted,

							*/s/ Enu Mainigi*
							WILLIAMS & CONNOLLY LLP
							Enu Mainigi
							F. Lane Heard III
							Jennifer G. Wicht
							Steven M. Pyser
							Ashley W. Hardin
							725 Twelfth Street, N.W.
							Washington, DC 20005
							Telephone: (202) 434-5000
							Fax: (202) 434-5029
							emainigi@wc.com
							lheard@wc.com
							jwicht@wc.com
							spyser@wc.com
							ahardin@wc.com

							*Counsel for Defendant Cardinal Health, Inc.*

**CERTIFICATE OF SERVICE**

I, Ashley W. Hardin, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

							*/s/ Ashley W. Hardin*
							Ashley W. Hardin

---

[2]  The Court asked that this trial brief not contain a re-hashing of legal and evidentiary issues that have been, or are in the process of being, briefed in summary judgment and *Daubert* motions and motions *in limine*, and Cardinal Health therefore does not reiterate those legal and evidentiary issues here.