# EXHIBIT 1



From: **David R. Cohen** David@SpecialMaster.Law
Subject: Agenda Item 7 REDUX
Date: November 29, 2018 at 3:57 PM
To: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com, md2804discovery@motleyrice.com

Dear Counsel:

In light of the additional arguments and discussion we had during yesterday's telecon, I have reconsidered my ruling regarding agenda item no. 7, which raises the issue of Plaintiffs' answer to Distributor Interrogatory no. 3.

As both sides noted, Discovery Ruling no. 8 allowed Plaintiffs to discovery only certain data related to dispensing of opioids by retail pharmacies.  To oversimplify, DR8 directed the retail pharmacy defendants to produce dispensing information related to their Suspicious Order Monitoring Systems (e.g., written policies designed to prevent unlawful dispensing of opioids, and specific prescriptions a defendant examined when deciding whether to ship a suspicious order), but DR8 did not allow Plaintiffs to discover other, more detailed dispensing information (e.g., every opioid prescription the pharmacies filled).  I sustained defendants' objection to producing additional discovery in DR8 because, among other reasons, plaintiffs have "specifically disclaimed any claim against the National Retail Pharmacy Defendants based on their retail dispensing [of] opioids."

Distributor Interrogatory No. 3 asks Plaintiffs to "[i]dentify each pharmacy within Your geographical boundaries that diverted or wrongfully dispensed Prescription Opioids for each year of the Timeframe."  The problem, however, is that DR8 sustained the Pharmacies' objection to producing detailed dispensing information; therefore, Plaintiffs do not have at least some of the information they need -- and perhaps the most important information -- to identify every pharmacy that "diverted or wrongfully dispensed prescription opioids."

During argument and discussion on the telecon, the Pharmacies recast what it is they are seeking with this Interrogatory, stating the Plaintiffs should at least produce **information they already have** on **which** pharmacies diverted or wrongfully dispensed opioids -- for example, investigations by the police or health departments into "pill mills."  This question is different, however, from what the Distributors asked: the original interrogatory requires Plaintiffs to identify **each and every** pharmacy that diverted opioids, as a final matter.  To repeat, the Pharmacies' recast version asks Plaintiffs to identify those pharmacies **they know about** that diverted opioids, <u>without benefit of detailed dispensing information</u>.  As Plaintiffs note, if they **did** have the retail Pharmacies' detailed dispensing information, they could better identify, as a final matter, which specific pharmacies (at least, those owned by defendants) wrongfully dispensed opioids.

The upshot of this discussion is that it is inappropriate to order Plaintiffs to answer Interrogatory no. 3 as it is currently phrased.  Moreover, my original attempt at rewriting the interrogatory was a poor one, and missed the point.

Instead, the Special Master orders that Plaintiffs must answer Distributor Interrogatory no. 3 as rewritten below:

• Interrogatory No. 3: "Identify those pharmacies within Your geographical boundaries that you investigated for, or learned were being investigated for, or learned were engaged in, possible diversion or wrongful prescription of Prescription Opioids during the Timeframe."

Finally, the Special Master further that the Plaintiffs must also answer Distributor Interrogatory no. 3 as originally phrased, **IF** the Pharmacy Defendants provide Plaintiffs with all of the discovery regarding dispensing information the Plaintiffs originally sought. More specifically, if a specific defendant (say, CVS) provides Plaintiffs with its detailed dispensing information, Plaintiffs must respond by telling CVS which of its own pharmacies, within each Plaintiff's geographical boundaries, diverted or wrongfully dispensed Prescription Opioids for each year of the Timeframe.  If a Pharmacy defendant chooses this option, it must produce its detailed dispensing information on or before December 10, 2018.

-David

============================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
[www.SpecialMaster.law](www.SpecialMaster.law)


> -------- Original Message --------
> Subject: Agenda Item 7
> From: "David R. Cohen" <David@SpecialMaster.Law>
> Date: Tue, November 27, 2018 4:32 pm
> To: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com, mdl2804discovery@motleyrice.com
>
> With regard to tomorrow's agenda item no. 7, which raises the issue of Plaintiffs' answer to Distributor Interrogatory 3, the Special Master rules as follows.
>
> For essentially the same reasons that support Discovery Ruling No. 5, where I concluded the Plaintiffs had to identify a certain number of prescriptions or persons, rather than "all prescriptions" and "every person," I conclude that Plaintiffs should be required at this juncture to identify only a certain number of pharmacies that diverted or wrongfully dispensed opioids, and not "each pharmacy" for "each year of the Timeframe" that did so.
>
> Accordingly, Plaintiffs must answer Distributor Interrogatory no. 3 as rewritten below:
>
> • Interrogatory No. 3: "Identify ==300 pharmacies== within Your geographical boundaries that diverted or wrongfully dispensed Prescription Opioids ==during the Timeframe==."
>
> These pharmacies may, but need not, be the same pharmacies as the ones listed in plaintiffs' response to Manufacturers' Interrogatories 7 & 10.
>
> -David

===========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com