# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>Case No. 17-OP-45004 (N.D. Ohio)<br><br>THE COUNTY OF CUYAHOGA, OHIO, and STATE OF OHIO EX REL., PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY,<br><br>        Plaintiffs,<br><br> vs.<br><br>PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., NORAMCO, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, ALLERGAN FINANCE LLC, f/k/a ACTAVIS, INC., f/k/a WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., INSYS THERAPEUTICS, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, CARDINAL HEALTH, INC., McKESSON | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster**<br><br><br>**PLAINTIFFS THE COUNTY OF CUYAHOGA, OHIO AND THE STATE OF OHIO *EX REL.* PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY'S RESPONSES AND OBJECTIONS TO DISTRIBUTOR DEFENDANTS' SECOND SET OF INTERROGATORIES** |

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| |
|---|
| CORPORATION, AMERISOURCEBERGEN CORPORATION, HEALTH MART SYSTEMS, INC., H. D. SMITH, LLC d/b/a HD SMITH, f/k/a H.D. SMITH WHOLESALE DRUG CO., H. D. SMITH HOLDINGS, LLC, H. D. SMITH HOLDING COMPANY, CVS HEALTH CORPORATION, WALGREENS BOOTS ALLIANCE, INC. a/k/a WALGREEN CO., and WAL-MART INC. f/k/a WAL-MART STORES, INC., |
| Defendants. |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), The County of Cuyahoga, Ohio and the State of Ohio *Ex Rel.* Prosecuting Attorney of Cuyahoga County, Michael C. O'Malley, ("Plaintiff") hereby responds to Distributor Defendants'[1] Second Set of Interrogatories (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1. Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seeks to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the

---

[1] The Distributor Defendants are Amerisource Drug Corporation, Cardinal Health, and McKesson Corporation (collectively, "Distributors").

ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2. Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute or regulation, without the entry of an appropriate Protective Order. Further, Plaintiff's responses to the Interrogatories are not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information identified.

3. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained provided herein. All such objections and the grounds therefore are hereby reserved.

4. No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5. Plaintiff objects to each Request to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6. Plaintiff objects to each Interrogatories to the extent they purport to require Plaintiff to provide information that is in the public domain or otherwise available to Distributors as easily from other sources as from Plaintiff.

7. Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8. Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9. Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10. Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11. Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its objections and without waiver of any objection.

12. Any response stating that Plaintiff will provide information shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13. Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14. Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

15. Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

4

16. Plaintiff intends to complete its responses by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatory. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

## **NON-WAIVER**

1. Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2. If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of the objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3. Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4. Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses. Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 12:**

Identify every Person likely to have discoverable information related to Your claims, including, but not limited to, every Person upon whom You intend to rely in proving Your claims on summary judgment or at trial, and every Person likely to have discoverable information that supports or contradicts a position or claim that You have taken or intend to take in this action. For every Person named in response to this Interrogatory, state the subject matter of the information possessed by that Person.

**Response to Interrogatory No. 12:**

Plaintiff objects that this Interrogatory as overly broad and unduly burdensome in that it seeks "every Person likely to have discoverable information that support or contradicts a position or claim that You have taken or intend to take in this action." Read literally, this Interrogatory could include every employee and citizen of Cuyahoga County, as well as every employee of the Distributors.

Plaintiff further objects in that this interrogatory asks for witness lists in advance of the completion of fact discovery that is underway, expert discovery that is upcoming and deadlines set pursuant to Case Management Order No. 1, paragraphs 3(e)(ii), 3(f), 3(h), and 3(i).  Plaintiff objects based on undue burden to the extent this interrogatory seeks the disclosure and discovery of fact and expert witnesses prior to the express provisions of Case Management Order No. 1.  Plaintiff objects in that this interrogatory seeks to require Plaintiff to disclose witnesses contrary to the discovery procedures set forth in Case Management Order No. 1, paragraph 9(b).  Plaintiff objects to the extent this interrogatory asks for persons already identified in Plaintiff's prior discovery responses.

Subject to and without waiving all objections, Plaintiff responds as follows: the table provided below identifies document custodians, employees, or representatives who are likely to have discoverable information.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| Department | Custodian | Title | Subject Matter |
|---|---|---|---|
| Health and Human Services | Dave Merriman | Assistant Director | Knowledge of the impact of the opioid crisis on Cuyahoga County Health and Human Services |
| Health and Human Services | Walter Parfejewiec | Director | Knowledge of the impact of the opioid crisis on Cuyahoga County Health and Human Services |
| Economic Opportunity and Growth | Matt Carroll | Chief Economic Opportunity and Growth Officer | Knowledge of the impact of the opioid crisis on Cuyahoga County |
| Office of Early Childhood | Rebekah Dorman | Director | Knowledge of the impact of the opioid crisis on the Office of Early Childhood |
| Health and Human Services – Family Services | Cynthia Weiskittel | Director | Knowledge of the impact of the opioid crisis on the Office of Health and Human Services – Family Services |
| Office of Homeless Services | Ruth Gillette | Director | Knowledge of the impact of the opioid crisis on the Office of Homeless Services |
| Office of Child Support | Deborah Watkins | Director | Knowledge of the impact of the opioid crisis on the Office of Child Support |
| Benefits and Compensation | Holly Woods | Director | Knowledge of the impact of the opioid crisis on the Office of Benefits and Compensation |
| Justice – Medical Examiner | Hugh Shannon | Administrator | Knowledge of the impact of the opioid crisis on the Office of the Medical Examiner |
| Justice – Public Safety and Justice Services | Brandy Carney | Director | Knowledge of the impact of the opioid crisis on the Office of Public Safety and Justice Services |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Department | Custodian | Title | Subject Matter |
|---|---|---|---|
| Justice – Public Safety and Justice Services | Melinda (Lindy) Burt | Deputy Director | Knowledge of the impact of the opioid crisis on the Office of Public Safety and Justice Services |
| Operations – Fiscal Office | Maggie Keenan | Director | Knowledge of the impact of the opioid crisis on the Fiscal Office |
| Operations – Fiscal Office | Wendy Feinn | Budget Analyst | Knowledge of the impact of the opioid crisis on the Fiscal Office |
| Operations – Treasurer | Patricia Cooney | Deputy Treasurer | Knowledge of the impact of the opioid crisis on the Office of the Treasurer |
| Operations – OBM | Maggie Kennan | Director | Knowledge of the impact of the opioid crisis on the Office of OBM |
| Drug Court | Molly Lechler | Drug Court Coordinator | Knowledge of the impact of the opioid crisis on the Drug Court |
| Corrections Planning Board | Martin Murphy | Assistant Director | Knowledge of the impact of the opioid crisis on the Office of Corrections |
| Corrections | Brian Ely | Substance Abuse Case Manager | Knowledge of the impact of the opioid crisis on the Office of Corrections |
| Drug Lab | Shannon Gray | Lab Manager | Knowledge of the impact of the opioid crisis on the Drug Lab |
| County Medical Examiner | Thomas Gilson, M.D. | Medical Examiner | Knowledge of the impact of the opioid crisis on the Office of the Medical Examiner |
| County Opiate Task Force | Vince Caraffi | Supervisor | Knowledge of the impact of the opioid crisis on the Opiate Task Force |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Department | Custodian | Title | Subject Matter |
|---|---|---|---|
| Corrections | Ken Mills | Director | Knowledge of the impact of the opioid crisis on the Office of Corrections |

Also, Plaintiff identifies the following individuals:

| Name | Department | Subject Matter |
|---|---|---|
| Scott S. Osiecki | ADAMHS Board Executive Director | Knowledge of the impact of the opioid crisis on ADAMHS |
| Terry Allan, MPH | County Board of Health Commissioner | Knowledge of the impact of the opioid crisis on the Board of Health |

Plaintiff reserves the right to supplement and amend this response upon further investigation. In addition, discovery is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Dated:  July 2 , 2018

      Respectfully submitted,

      Plevin & Gallucci

      <u>/s Frank Gallucci</u>
      Frank Gallucci (0072680)
      55 Public Square, Suite 2222
      Cleveland, Ohio 44113
      fgallucci@pglawyer.com
      Phone: (216) 861-0804

      Napoli Shkolnik PLLC

      <u>/s Hunter J. Shkolnik</u>
      Hunter J. Shkolnik (admitted *pro hac vice*)
      Salvatore C. Badala (admitted *pro hac vice*)
      Joseph L. Ciaccio (admitted *pro hac vice*)
      360 Lexington Avenue
      New York, New York 10017
      hunter@napolilaw.com
      sbadala@napolilaw.com
      jciaccio@napolilaw.com
      Phone: (212) 397-1000

      Scott Elliot Smith L.P.A.

      <u>/s Scott Elliot Smith</u>
      Scott Elliot Smith (0003749)
      5003 Horizons Dr., Suite 200
      Columbus, Ohio 43220
      Phone: (614) 846-1700
      ses@sestriallaw.com

      Thrasher Dinsmore & Dolan L.P.A.

      <u>/s Leo M. Spellacy, Jr.</u>
      Leo M. Spellacy, Jr. (0067304)
      1111 Superior Avenue
      Suite 412
      Cleveland, Ohio 44114
      Phone: (216) 255-5450

## **CERTIFICATE OF SERVICE**

I, Salvatore C. Badala, certify that on this 2nd day of July 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order. *See* Dkt. No. 232.

*s/ Salvatore C. Badala*

## VERIFICATION

I, Robin Wilson, declare:

I am Chief Trial Counsel for the County of Cuyahoga, Ohio. I am authorized to make this verification on behalf of the Plaintiffs the County of Cuyahoga, Ohio and the State of Ohio *Ex Rel.* Prosecuting Attorney of Cuyahoga County, Michael C. O'Malley (together, "Plaintiff").

The foregoing Plaintiff's Responses and Objections to Distributor Defendants' Second Set of Interrogatories represents a municipal corporate response, based on information, in part, assembled by Plaintiff's employees and/or representatives. Because the matters stated in the document identified above constitute a corporate response, they are not all necessarily within my personal knowledge, or within the personal knowledge of any single individual. Subject to these limitations, the information contained in the foregoing response is, to the best of Plaintiff's knowledge, true and correct. Plaintiff reserves the right to make any changes should it appear that any omissions or errors have been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Cuyahoga, Ohio on this ____2nd____ day of July, 2018.

_____
Robin Wilson