No. 19-3835

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 20, 2019
DEBORAH S. HUNT, Clerk

In re: NATIONAL PRESCRIPTION OPIATE
LITIGATION

In re: TEVA PHARMACEUTICAL INDUSTRIES
LTD.,

      Petitioner.

O R D E R

Before: CLAY, DONALD, and LARSEN, Circuit Judges.

Teva Pharmaceutical Industries Ltd. ("Teva") petitions for a writ of mandamus, asking us to compel the district court to vacate its order deferring adjudication of its motion to dismiss for lack of personal jurisdiction and order the district court to grant the motion. For the reasons that follow, Teva's petition is denied.

"[M]andamus relief is an extraordinary remedy, only infrequently utilized by this court." *John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008) (quoting *In re Perrigo Co.*, 128 F.3d 430, 435 (6th Cir. 1997)). In determining whether mandamus relief is appropriate, we balance five factors: (1) whether the petitioner "has no other adequate means, such as direct appeal, to attain the relief desired"; (2) whether "the petitioner will be damaged or prejudiced in a way not correctable on appeal"; (3) whether the district court's action "is clearly erroneous as a matter of law"; (4) whether the district court's action "is an oft-repeated error, or manifests a persistent disregard of the federal

Case: 1:17-md-02804-DAP  Doc #: 2671  Filed: 09/25/19  2 of 4.  PageID #: 417243

No. 19-3835
-2-

rules"; and (5) whether the district court's action "raises new and important problems, or issues of law of first impression." *Id.* at 457.

Teva argues it does not have an adequate alternative remedy and it will be unduly prejudiced if it proceeds to trial given the significant cost it will expend to defend itself, the business disruption and reputational harm it will suffer, and its inability to defend itself absent additional discovery to counter Plaintiffs' jurisdictional theories. But Teva may challenge the denial of its motion to dismiss on direct appeal. *See Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498–501 (1989) (noting that jurisdictional issues are not subject to the collateral order doctrine and can be addressed after trial on direct appeal). That the issue involves jurisdiction is not alone enough to support issuing a writ. *Allstate Ins. Co. v. U.S. Dist. Court*, 264 F.2d 38, 39 (6th Cir. 1959) (per curiam). Nor does the extra cost of unnecessary litigation support immediate review of a pretrial order. *See Lauro Lines s.r.l.*, 490 U.S. at 499. Indeed, the case cited by Teva for this point stands against its position, noting that "this is not the type of uncorrectable damage sufficient to merit issuance of a writ." *In re Impact Absorbent Techs., Inc.*, No. 96-3496, 1996 WL 765327, at *2 (6th Cir. Dec. 18, 1996) (per curiam).

Teva next argues that the district court clearly erred in deferring consideration of the jurisdictional issue because it did not hold Plaintiffs to the proper evidentiary standard. It also argues that the district court denied Teva due process by deferring a decision on personal jurisdiction to trial, since—according to Teva—the jurisdictional facts are not intertwined with the remaining facts of the case.

In evaluating dismissal for lack of jurisdiction, the district court may base its decision on written submissions alone, permit discovery in aid of the motion, or conduct an evidentiary hearing on the motion. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). If

the motion is evaluated only on written submissions, the plaintiff must make a prima facie showing that jurisdiction exists.  *Id.*  If, however, the motion is evaluated after discovery, at a hearing, or at trial, the plaintiff must show by a preponderance of the evidence that jurisdiction exists.  *Id.*

The district court acknowledged that the preponderance standard applied and outlined the applicable authority governing the parties' personal jurisdiction arguments.  It then reviewed the facts, following the limited discovery permitted to the parties, and found there was evidence supporting both parties' positions.  Given this remaining factual dispute, the district court concluded that its ruling should be deferred until trial, where Plaintiffs would carry the burden of proving personal jurisdiction by a preponderance of the evidence.  "Judicial resources may be more efficiently deployed if the court holds but one hearing on the contested facts," and so a district court may, "[i]n many cases, . . . reserve all factual determinations on the issue [of personal jurisdiction] for trial."  *Id.* at 1215.  While this is most beneficial "where the disputed jurisdictional facts are intimately intertwined with the parties' dispute on the merits," *id.*, Teva has not shown that the district court's choice to defer its decision here was "clearly erroneous as a matter of law," *Goetz*, 531 F.3d at 457.

The remaining factors—whether the district court made an oft-repeated error, ignored the federal rules, or addressed a novel issue—also weigh against mandamus relief.  First, even assuming the district court committed error, Teva has made no showing that it is an oft-repeated one.  Second, far from ignoring the federal rules, the district court considered the motion to dismiss and decided to defer further consideration of the evidence to trial.  *See* Fed. R. Civ. P. 12(b)(2), (i); *Serras*, 875 F.2d at 1213–14.  Finally, the personal jurisdiction issues raised by Teva are not novel.  At its heart, Teva's claim is largely based on its conclusion that the district court misweighed the facts by crediting evidence from Plaintiffs that Teva believes it rebutted.  While

No. 19-3835
-4-

Teva may ultimately be correct (and thus may be vindicated either at trial or on direct appeal), this is not an exceptional case that supports the extraordinary relief of mandamus.

The petition for a writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk