**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*West Boca Medical Center, Inc. v. Amerisource Bergen Drug Corp., et al.*<br>Case No. 18-op-45530 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**DEFENDANTS AMERISOURCE BERGEN DRUG CORP., CARDINAL HEALTH, INC., AND McKESSON CORP.'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING HOSPITAL CLAIMS**

Defendants Amerisource Bergen Drug Corporation, Cardinal Heath, Inc., and McKesson Corporation (collectively, "Distributors") respectfully submit this response to Plaintiff's September 19, 2019 Notice of Supplemental Authority Regarding Hospital Claims [Dkt. 2618], which cites an order from *Tucson Medical Center v. Purdue Pharma, L.P., et al.*, Case No. C20184991 (Ariz. Super. Ct., Pima County). That trial court opinion interpreting Arizona law is not relevant to the Court's consideration of Distributors' motion to dismiss this case [Dkt. 691].

First, the primary basis for the Arizona trial court's decision was that the hospital plaintiff had satisfied Arizona's liberal notice pleading standard, which follows a standard akin to the old *Conley v. Gibson*, 355 U.S. 41 (1957), "no set of facts" test that has been rejected by the Supreme Court for federal pleading standards. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 667–79 (2009); *see also Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420–21 (2008) (Arizona has not adopted the *Twombly* pleading standard). A finding that a

complaint properly states a claim for relief pursuant to the Arizona pleading standards thus is not determinative of whether a different complaint satisfies the federal pleading standards.

Second, the Arizona trial court's three-page opinion carries no persuasive value because it fails to grapple with—or even to address—the primary arguments raised in Distributors' motion to dismiss the *West Boca* case.  Most notably, the opinion does not mention, much less distinguish, the century of precedent holding that "a health-care provider has no direct cause of action in tort against one who injures the provider's beneficiary, imposing increased costs upon the provider." Dkt. 684.1 at 4 (quoting *United Food & Com. Workers Unions, Emp'rs Health & Welfare Fund v. Philip Morris, Inc.*, 223 F.3d 1271, 1274 (11th Cir. 2000)); Dkt. 887 at 3 (same).  Those cases establish that West Boca Medical Center has no standing to pursue any of its claims.

The opinion also fails to address the hospital's negligence claim and contains no analysis or reasoning that explains how the common law supports a finding that wholesale distributors have any duties that run to hospital plaintiffs.  As to the Arizona RICO claim, the opinion says only that the complaint satisfied the particularity pleading standard but does not address Distributors' arguments here (or in the Tucson case) that the Hospital has failed to allege a direct injury, has not alleged injury to business or property, and has failed adequately to plead sufficient predicate acts or an enterprise involving Distributors.  And, remarkably, the Arizona trial court ruled that a private hospital can maintain a suit to abate a public nuisance even though standing to pursue a public nuisance claim typically is limited to the government.  It did so in contravention of—and without mentioning or distinguishing—a Third Circuit case that rejected a substantially similar public nuisance claim by a group of hospitals. Dkt. 684.1 at 16 (citing *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 446 (3d Cir. 2000)); Dkt. 887 at 11 (same).

2

The *Tucson Medical Center* opinion therefore is irrelevant to and cannot assist this Court in assessing the validity of West Boca Medical Center's claims under Florida law and federal pleading standards.

Dated:  September 27, 2019               Respectfully submitted,

<table>
<tr><td>

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation*

</td><td>

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Steven M. Pyser
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*

</td></tr>
</table>

*/s/ Geoffrey Hobart*
Geoffrey Hobart
Mark Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

**CERTIFICATE OF SERVICE**

I, Ashley W. Hardin, hereby certify that the foregoing document as served via the Court's ECF system to all counsel of record.

*/s/ Ashley W. Hardin*
Ashley W. Hardin