No. 19-3827

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) | FILED<br>Sep 25, 2019<br>DEBORAH S. HUNT, Clerk |
| In re: STATE OF OHIO, | ) ) ) | O R D E R |
| Petitioner. | ) |  |

The State of Ohio (Ohio) petitions for a writ of mandamus ordering the district court to dismiss or stay a consolidated bellwether trial scheduled to begin on October 21, 2019, in this multi-district litigation (MDL) case brought against manufacturers, distributors, and other entities alleged to be responsible for the nation's opiate epidemic. Ohio, Michigan, Alaska, Arizona, Connecticut, Hawaii, Indiana, Kansas, Montana, Nebraska, North Dakota, South Dakota, Tennessee, Texas, and the District of Columbia are participating in the MDL case as amici curiae. Michigan, joined by the other amici states, moves for leave to file an amicus brief in support of Ohio's mandamus petition. The Chamber of Commerce of the United States also moves for leave to file a supporting amicus brief.

Ohio claims that Cuyahoga and Summit Counties—the plaintiffs in the bellwether trial scheduled to begin on October 21, 2019—are asserting parens patriae claims that rightfully belong to the state and that allowing the trial to proceed infringes on Ohio's sovereign interests and its ability to recover in proceedings brought by the state in the Ross and Madison County Courts of

Common Pleas.  To determine whether mandamus relief is appropriate, the court balances five factors.

> We examine whether: (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems, or issues of law of first impression.

*John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008).  Ohio claims it has no other adequate means to obtain the relief it seeks because it cannot be forced to join or intervene in the MDL case.  However, at the invitation of the district court, Ohio and the other amici states are participating in the MDL settlement negotiations.  Given this circumstance, we conclude that a response from the district court and the bellwether plaintiffs would be helpful.

We may deny a mandamus petition without an answer.  Otherwise we must order the respondent to file an answer within a fixed time.  Fed. R. App. P. 21(b)(1).  It is **ORDERED** that Cuyahoga and Summit Counties file either joint or separate answers and that the MDL judge address this mandamus petition within seven (7) days of the date this order is entered.  *See* Fed. R. App. P. 21(b)(4).  The motions for leave to file amici briefs will be held in abeyance pending our ruling on the mandamus petition.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk