UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-md-2804 |
| *The County of Summit, Ohio, et al. v. Purdue Pharam L.P., et al* <br> Case No. 18-op-45090 | Judge Dan Aaron Polster <br><br> **OPINION AND ORDER** |
| And | |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al.* <br> Case No. 1:18-op-45004 | |

Before the Court is Defendants' Motion for Access to Jury Selection Records and Information. Doc #: 2623. Plaintiffs filed a response. Doc #: 2670. For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part.

**A. Jury Selection Process**

The Jury Selection and Service Act of 1968, as amended, 28 U.S.C. §§ 1861 et seq. (the "Act") assures that "all litigants in Federal courts entitled to trial by jury have grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. To fulfill this promise, the Act directs each United States district court to put into operation "a written plan for the random selection of grand and petit jurors . . . ." 28 U.S.C. § 1863(a).

The United States District Court for the Northern District of Ohio has fulfilled this direction by adopting a Juror Selection Plan in full compliance with the Act. Under this Juror Selection Plan, the Court randomly selects individuals to be part of the master jury wheel. U.S.D.C. N.D. Ohio Juror Selection Plan, §§ G, H.[1] The master jury wheel must contain at least 32,000 names and is to be refilled every four years, or more frequently to maintain an adequate current database of prospective jurors. *Id.* These prospective jurors are mailed Juror Qualification Questionnaires. The Clerk chooses prospective jurors at random from the master jury wheel to make up the qualified jury wheel. *Id.* at § J(1). When a case requiring a jury arises, summonses are mailed to prospective jurors randomly selected from the qualified jury wheel.

For cases which involve the possibility of a multi-week trial, the Court directs the Jury Department to send prospective jurors Extreme Hardship Forms that screen for time. The Extreme Hardship Form used to time-screen prospective jurors in this case is attached as Exhibit A. The Jury Department evaluates all hardship claims and decides whether to excuse or defer the prospective juror on a case-by-case basis. *See id.* at § O. Undue hardship is defined as:

> [G]reat distance, either in miles or travel-time, from the place of holding court, grave illness in the family or any other emergency which outweighs in immediacy and urgency the obligation to serve as juror when summoned, or any other factor which the court determines to constitute an undue hardship or to create an extreme inconvenience to the juror; and in addition, in situations where it is anticipated that a trial or grand jury proceeding may require more than thirty days of service, the court may consider, as further basis for temporary excuse, severe economic hardship to an employer which would result from absence of a key employee during the period of such service . . . .

28 U.S.C. § 1869(j).

For hardships the Jury Department considers questionable, the hardship form is presented to the miscellaneous judge, who then decides whether to excuse the prospective juror. U.S.D.C. N.D.

---

[1] https://www.ohnd.uscourts.gov/sites/ohnd/files/JurySelectionPlan.pdf

2

Ohio Juror Selection Plan, § O. Individuals excused as having an undue hardship are reinserted into the qualified jury wheel. *Id.*

### B. Party's Positions

Defendants assert that, as they are preparing a motion under 28 U.S.C. §§ 1867(c),[2] they are entitled to the following:

a) All documents reflecting the process by which jurors were selected from the Master Wheel to receive pre-qualification forms and/or questionnaires;
b) A list of all jurors selected from the Master Wheel to receive pre-qualification forms and/or questionnaires, and all demographic information available, including age, gender, racial, ethnic, employment, and income information;
c) All correspondence or communication to or from prospective jurors;
d) All juror pre-qualification forms and/or questionnaires sent to prospective jurors;
e) A list of all jurors who were sent pre-qualification forms and/or questionnaires by the Clerk and/or Court, and all demographic information available, including age, gender, racial, ethnic, employment, and income information;
f) All responses to juror pre-qualification forms and/or questionnaires returned by prospective jurors;
g) A list of jurors approved for excusal, exception, or deferral, and all demographic information available, including age, gender, racial, ethnic, employment, and income information;
h) All documents that constitute, pertain, refer, relate, or confirm the Clerk's and/or Court's decision to exclude, except, or defer prospective jurors;
i) All documents reflecting any efforts to obtain responses from jurors who were selected from the Master Wheel to receive pre-qualification forms and/or questionnaires but who did not respond;
j) All documents reflecting any efforts to verify jurors' pre-qualification forms and/or questionnaires responses;
k) All documents reflecting policies, rules, regulations, procedures, or other written instructions which exist to instruct employees of the Clerk's Office and/or Court in selecting and compiling jury wheels and juries; and
l) All other records or papers used by the Clerk's Office and/or Court in connection with the jury selection process in this case.

Doc # 2623 at 3 - 4.

---

[2]Section 1867(c) permits a party to "move to stay proceedings on the ground of substantial failure to comply with the provisions of this title in selecting the petit jury." 28 U.S.C. § 1867(c). Defendants also assert they are preparing a motion under § 1867(d). Doc #: 2623 at 3. Section 1867(d) is impertinent to Defendants' motion because it permits a party to obtain certain information upon the filing of a sworn statement of facts, which Defendants did not provide here.

3

Plaintiffs contend that Defendants are entitled to virtually none of the information they request because Defendants' proposed motion under 28 U.S.C. § 1867(c) is baseless. Doc #: 2670 at 1. Plaintiffs further argue that, if Defendants are entitled to any of the information, Defendants are entitled to only the master list of prospective jurors and related demographic information about the jury pool. *Id.* at 5.

**C. Analysis**

The Court finds that Defendants are entitled to only a small amount of the information they request. 28 U.S.C. § 1867(f) provides:

> "The contents of records and papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed except . . . as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section . . . ."

Plaintiffs argue that any § 1867(c) motion Defendants might file would be baseless because the procedures allegedly used by the Court in this case are commonplace and do not show a violation of the Act. Doc #: 2670 at 1. However, in requesting information under § 1867(f), a defendant does not need to show probable success or probability of merit in a proposed jury challenge. *United States v. Alden*, 776 F.2d 771, 774 (8th Cir. 1985); *United States v. Beaty*, 465 F.2d 1376, 1380 (9th Cir. 1972); *Government of Canal Zone v. Davis*, 592 F.2d 887, 889 (5th Cir. 1976); *United States v. Royal*, 100 F.3d 1019, 1026 (1st Cir. 1996). Thus, even if Plaintiffs are correct in asserting that Defendants' claim is baseless, Defendants are nevertheless entitled to some jury selection information.

However, Defendants are not entitled to much of the information they request. Defendants cite *Test v. United States* for the assertion that § 1867(f) provides an unqualified right to inspect jury selection records and papers. *Test v. United States*, 420 U.S. 28 (1975). But Defendants overread *Test*. The Supreme Court in *Test* held that a litigant has an unqualified right to inspect

4

jury lists to ensure that "grand and petit juries selected are selected at random from a fair cross section of the community." *Id.* at 30. The unqualified right is extinguished once a defendant receives sufficent information for him or her to determine whether grand and petit juries are selected at random from a fair cross section of the community. *See United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984); *United States v. Wickline*, 2008 U.S. Dist. LEXIS 122158, at *6-7 (S.D. Ohio May 20, 2008). "To give the defendant an absolute right of routine access to all materials would be an amendment of the Act". *United States v. Davenport*, 824 F.2d 1511, 1515 (7th Cir. 1987) (finding that providing forms which contain prospective jurors' home addresses and other personal information would cause the possibility of substantial abuse and could have serious consequences for individual jurors and the system).

Therefore, the Court must balance Defendants' need for jury selection information with the institutional need to protect prospective jurors and the system. The Court finds that Defendants are entitled to: (1) a list of individuals selected from the qualified wheel to be summonsed as prospective jurors; (2) the Juror Qualification Questionnaires for the individuals summonsed as prospective jurors; and (3) the Extreme Hardship Forms for the individuals summonsed as prospective jurors (which will reflect whether the request was accepted or denied). These documents will provide Defendant with the demographic makeup of those who received summonses, the demographic makeup those who were excused for hardship and for what reason they were excused, and the demographic makeup of those who remain in the jury pool. Thus, Defendant will have ample information to assure the jury is selected at random from a fair cross section of the community. To protect the prospective jurors, all personal information, such as names, addresses, phone numbers, and email address, will be redacted from all documents. Prospective jurors will be identified by their juror identification number.

To the extent Defendants seeks information in addition to the above, Defendants' motion is **DENIED** because they are not entitled to such information under § 1867(f).

To the extent Defendants ask the Court to compile lists, Defendants' motion is **DENIED**. Section 1867(f) gives defendants access only to records and papers already in existence; it does not entitle defendants to require jury administrators to analyze data on their behalf. *United States v. Miller*, 116 F.3d 641, 559 (2d Cir. 1997). Defendants may create any lists they wish using the information in the Juror Qualification Questionnaires and Extreme Hardship Forms.

The Court directs the Jury Department to make the above records available to Defendants for inspection within the Jury Department during normal business hours starting October 1, 2019.[3] After Defendants review the documents in the Jury Department, they may ask the Jury Department to make copies of those documents at the public fee.

Accordingly, Defendants' Motion for Access to Jury Selection Records and Information is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

/s/ Dan Aaron Polster  September 27, 2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[3] Defendants should call the Jury Department to ensure that the records are available for inspection.