UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: *"Track One Cases"* | ) ) ) | |
| | ) | **ORDER** |

On September 12, 2019, the Court entered an *Order Regarding Trial Matters* (docket no. 2594).  On September 27, 2019, certain defendants filed objections to this *Order* (docket no. 2682). All of those objections are denied.

Defendants also asked for clarification of several matters.  The Court now provides certain clarifications as follows (but declines to provide other requested clarifications, as unnecessary or because they are actually non-meritorious requests for reconsideration).

•   Defendants do not object to the Court's requirement that they *coordinate* their presentations at trial, but ask for clarification that "the Court [does] not require Defendants [to] *represent* each other at any phase of the trial," and defendants do not have to "speak for one another at opening or closing."  Objections at 6 (emphasis added).  Defendants are correct.

•   "Defendants request that the Court clarify its Order to specify that Plaintiffs disclose to Defendants the witnesses expected to be called during the first week of trial no later than Thursday October 17, with an exchange of opening statement slides the night before and opportunities to object outside the presence of the jury before openings proceed."  Objections at 8-9.  This request is granted, except that the requested disclosure must occur no later than 5:00 p.m. Friday, October 18.

•   Defendants ask the Court to "Clarify Its Order With Respect to Video Depositions."  *Id.* at

8.[1]  The Court adds the following clarifications regarding the second "exception" set out in the *Order*: (a) the second exception ***does*** apply to both plaintiffs and defendants equally; (b) "a party opponent" generally means a 30(b)(6) witness or a high-level manager/executive that can bind the party; and (c) the party opponent may still seek inclusion of its own designations if truly necessary under the rule of completeness.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** September 30, 2019

---

[1] The Court's *Order* stated:
**Video Depositions.** A party wishing to present videotaped deposition of a fact witness in its case-in-chief must show to the jury, all at once, all of the designated portions of the videotaped deposition, including those designated by the opposing party. The only two exceptions to this rule are: (1) if one party's designations are very short and the other party's designations are much longer, the Court may allow the first party to present only the short designation, by itself; and (2) when the plaintiff wants to play in its case-in-chief portions of a videotaped deposition *of a party opponent on cross-examination*, the defendant may not force the plaintiff to present concurrently the defendant's own designations.
Docket no. 2594 at 2 (emphasis in original).