**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-md-2804 |
| ALL CASES | Judge Dan Aaron Polster |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF EXPEDITED MOTION TO STAY DISTRICT COURT
PROCEEDINGS UNTIL FINAL RESOLUTION OF THE MANDAMUS
PETITIONS CURRENTLY PENDING BEFORE THE COURT OF APPEALS**

Defendants respectfully move the Court to issue an expedited order staying the district court proceedings until final resolution of the mandamus petitions pending in the Court of Appeals, and respectfully request that the Court issue a ruling on this motion immediately because, if not granted, Defendants will need to seek such relief in the Court of Appeals by October 4, 2019, to ensure meaningful relief in advance of upcoming scheduled filings and proceedings.

There are three reasons for a stay.  First, the State of Ohio has filed a mandamus petition with the Sixth Circuit that seeks to dismiss Plaintiff Cuyahoga and Summit Counties' complaints or to stop or delay the trial in order to protect the State's sovereign right to litigate on behalf of its citizens.  Pet. for Writ of Mandamus, *In re: State of Ohio*, 6th Cir. No. 19-3827, Doc. 1 (Aug. 30, 2019) ("Mand. Pet.").  Demonstrating the seriousness of the State's position, the Court of Appeals has requested a response to the petition from this Court and the Plaintiffs.  The district court proceedings should be stayed pending final resolution of that petition to avoid the risk of a significant waste of resources of the Court, parties, and the jury.

Second, the State has represented to the Court of Appeals that it disagrees with the position that Plaintiff Counties "can assert the State's claims and bind Ohio" through the Counties' resolution of their suit against Defendants, such that a resolution in the scheduled trial, according to the State's position, would have no effect on the State in its pending cases against various Defendants.[1]  Ohio Supp. Facts Notice at 2, *In re State of Ohio*, 6th Cir. No. 19-3827, Doc. 16 (Sept. 24, 2019) ("Sept. 24 Supp. Notice").  The State's position presents serious constitutional obstacles to proceeding with the scheduled trial, because doing so would both exceed this Court's authority under Article III and violate Defendants' due process rights to a judgment with *res judicata* effect.

Third, various Defendants have filed a separate petition for writ of mandamus with the Sixth Circuit that seeks an order that the Court be disqualified from the MDL.[2]  Staying the district court proceedings pending final resolution of that mandamus petition will avoid the risk of a significant waste of resources of the Court, parties, and the jury.

**1.    A Stay of District Court Proceedings Is Warranted Until After the State of Ohio's Mandamus Petition is Resolved.**

The State of Ohio has petitioned the Sixth Circuit for a writ of mandamus to dismiss the Plaintiff Counties' complaints in the scheduled trial or, in the alternative, to stay the scheduled trial in order to protect the State's sovereign right to litigate on behalf of its citizens.  Mand. Pet.

---

[1] The State's pending cases are *State ex rel. Yost v. McKesson Corp., et al*, No. CVH 2018055 (Madison Cty. Ct. C.P.); and *State ex rel. Yost v. Purdue Pharma, L.P*., No. 17 CI 000261 (Ross Cty. Ct. C.P.).

[2] Petitioning Defendants are AmerisourceBergen Drug Corporation, AmerisourceBergen Corporation, Cardinal Health, McKesson Corporation, CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS Tennessee Distribution, L.L.C., CVS Pharmacy, Inc., West Virginia CVS Pharmacy, L.L.C., Caremark Rx, L.L.C., Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Henry Schein, Inc. and Henry Schein Medical Systems, Inc., Walgreen Co., Walgreen Eastern Co., and Walmart Inc.

at 1, 10-11.  The State contends that the Counties' claims in the scheduled trial are "non-justiciable" and "belong to the State," that Ohio has the sole right to assert them "as *parens patriae*," and that allowing the trial to proceed interferes with its own pending suits that the State, "as sovereign[], ha[s] chosen to pursue … in [its] own state courts."  *Id.* at 2-3.  The State argues that "the trial would fragment the State's claims, pose a high risk of inconsistent verdicts, result in duplicative or overlapping damages, and misallocate funds in the State."  *Id.* at 1-2.  The State further asserts that the bellwether trial is poised to adjudicate "widespread, statewide harms, not local harms," including in particular the public nuisance claim, which is based on wrongs alleged to "the general public," *id.* at 7, and which the Plaintiffs purport to bring "in the name of the State of Ohio," Cuyahoga Third Am. Compl. ¶ 1018; Summit Third Am. Compl. ¶ 976.  The State also contends that "[t]he broad injunctive relief sought in the bellwether cases also intrudes onto [the State's] sovereign claims" as *parens patriae*, Mand. Pet. at 8, as do the remedies sought more generally, *see id*. at 32-33.

The Sixth Circuit requested that this Court and the Plaintiff Counties in the scheduled trial respond to the State's petition by October 2, 2019.  Order at 2, *In re: State of Ohio*, 6th Cir. No. 19-3827, Doc. 22-2 (Sept. 25, 2019).  The Sixth Circuit's request reflects the seriousness of the petition and the possibility that its resolution may affect the scheduled trial.  To go forward with the district court proceedings, including a trial of several weeks in a complex and closely watched case, while the State is litigating its right as a sovereign to put a halt to the trial, or delay it until after its own pending litigation, presents a risk of a significant waste of resources by the Court, the parties, and the jury.

By contrast, entering an order to stay district court proceedings until after the State's mandamus petition is resolved would serve the interests of efficiency for all concerned while

3

preserving the status quo.  A stay would allow this Court to implement whatever final judgment is entered on the State's mandamus petition and to take into account the guidance such a resolution would provide, regardless of outcome.  This Court should protect its time and resources, and those of the parties and any future jury, by staying the district court proceedings until Ohio's mandamus petition is finally resolved.

**2.    The State of Ohio's Representation that It Will Not Be Bound by the Resolution of the Dispute Between the Counties and the Defendants Means the Scheduled Trial Will Exceed This Court's Article III Authority and Violate Defendants' Due Process Rights To a *Res Judicata* Judgment.**

In a notice of supplemental facts filed in support of its mandamus petition, the State of Ohio strongly disagrees with the assertion that Plaintiff Cuyahoga and Summit Counties "can assert the State's claims and bind Ohio" through the Counties' resolution of their suit against Defendants.  Sept. 24 Supp. Notice at 2.  The State's notice included correspondence with a Defendant that recently settled with Summit and Cuyahoga Counties.  In that correspondence, the State disagrees with the Defendant's assertion that the Defendant's settlement with the Plaintiff Counties can be used to block or off-set claims by the States against the Defendant.  The State rejects the assertion that "the State can no longer recover for harm to Ohio residents in those counties" from the same Defendant.  *Id.* at 1-2.  If correct, the State's position would create two constitutional barriers to proceeding with the scheduled trial.  If the State is not bound by this Court's judgments on settlement or after trial, then this Court's adjudication of the bellwether cases would exceed its authority under Article III.  In addition, if such a judgment does not bind the State on its claims in the pending state court litigation – which the State explains are "nearly identical" and concern "the same relief" as Summit and Cuyahoga Counties do in the scheduled trial, Mand, Pet. at 3 (and which neither the State nor Counties have

authority to bring in Defendants' view) – then proceeding with the trial would violate Defendants' due process rights.

*First*, the exercise of the "judicial power" conferred by Article III requires "the entry of a final, binding judgment." *Stern v. Marshall*, 564 U.S. 462, 494 (2011). When a federal court's final judgment in a case will not be a judgment that *binds* the parties (including a real party in interest), the court lacks Article III authority to proceed. *See Chicago & S. Air Lines v. Waterman S. S. Corp.*, 333 U.S. 103, 113-14 (1948) ("It has also been the firm and unvarying practice of Constitutional Courts to render no judgments not binding and conclusive on the parties."); *District of Columbia v. Eslin*, 183 U.S. 62, 64-65 (1901) (dismissing case where real party in interest would not be bound by the judgment, as any declaration of the rights of the parties "would be simply advisory in its nature" and thus not "exercising judicial power"). Accordingly, if this Court's judgment cannot bind the State of Ohio as the real party interest, the Court is without Article III authority to adjudicate the case. *See Eslin*, 183 U.S. at 64-65; *Gordon v. United States*, 69 U.S. 561, 561 (1864) (a federal court "has no jurisdiction" "where its judgment would not be final and conclusive upon the rights of the parties"); *cf. Alden v. Maine*, 527 U.S. 706, 754 (1999) (entering judgment notwithstanding State sovereign immunity is not "within the judicial power of the United States"); *Emps. of the Dep't of Pub. Health & Welfare v. Missouri Public Health Dep't*, 411 U.S. 279, 287 (1973) (State sovereign immunity is a "constraint[] on 'the judicial power' of the United States").

*Second*, Defendants have a due process right to a judgment that allows them to effectively exercise their right to preclude a second adjudication of the same matter against them through the doctrine of *res judicata*. *See Montana v. United State*s, 440 U.S. 147, 153 (1979). Due process is violated when a litigant is subjected to a trial that cannot guarantee "that he will

5

not be held liable again … in a suit brought by a claimant who is not bound by the first judgment."  *W. Union Tel. Co. v. Pennsylvania ex rel. Gottlieb*, 368 U.S. 71, 75 (1961).  If, as the State asserts, any judgment entered on "claims that belong to the State," Mand. Pet. at 3, nevertheless cannot "bind Ohio," Sept. 24 Supp. Notice at 2, Defendants are threatened with a second adjudication of those claims in the separate actions against the Defendants by the State, in violation of due process.  *W. Union*, 368 U.S. at 75; *see also Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 102 (5th Cir. 1977) (barring litigation where same relief was sought by two different parties in part because it "would threaten the rights granted [the defendant] by the [prior] judgment").

Furthermore, "subjecting individuals to *the risk* of 'double liability' … violate[s] the Due Process Clause."  *Marathon Petroleum Corp. v. Sec'y of Fin. for Del.*, 876 F.3d 481, 494 (3d Cir. 2017) (emphasis added); *see also Cathey v. Johns-Manville Sales Corp.*, 776 F.2d 1565, 1571 (6th Cir. 1985) ("A defendant in a civil action has a right to be protected against double recoveries"; "overlapping damage awards violate … constitutional due process").  The State claims that judgments in the Plaintiff Counties' favor in the scheduled trial and in the State's separate litigation "would … result in duplicative or overlapping damages."  Mand. Pet. at 2; *see id.* at 3 (explaining that Ohio "and the bellwether counties … pursue the same relief").  If so, then because the State refuses to be bound by any judgment in the Counties' case, Defendants are unconstitutionally threatened with double recovery.

In view of these two constitutional impediments to proceeding with the bellwether trial, raised by the State's mandamus petition, the Court should stay the district court proceedings until final resolution of those issues.

**3.  A Stay of District Court Proceedings Is Warranted Until After the Mandamus Petition for Recusal Is Resolved.**

On October 1, 2019, various Defendants filed a petition for writ of mandamus with the Sixth Circuit that seeks an order disqualifying this Court from the MDL and will be seeking expedited consideration.  The district court proceedings should be stayed pending final resolution of that petition to avoid the risk of a significant waste of resources of the Court, parties, and the jury if that petition is granted.

## CONCLUSION

Defendants respectfully request that the Court stay the district court proceedings until final resolution of the pending State of Ohio's mandamus petition and the recusal mandamus petition.

DATED:	October 1, 2019					Respectfully submitted,

 /s/ Geoffrey E. Hobart					 /s/ Enu Mainigi
Geoffrey E. Hobart					Enu Mainigi
Mark H. Lynch						WILLIAMS & CONNOLLY LLP
Beth S. Brinkmann					725 Twelfth Street, N.W. Washington,
COVINGTON & BURLING LLP				DC 20005
One CityCenter						Tel: (202) 434-5000
850 Tenth Street, N.W.					Fax: (202) 434-5029
Washington, DC 20001					emainigi@wc.com
Tel: (202) 662-6000
ghobart@cov.com						*Counsel for Cardinal Health, Inc.*
mlynch@cov.com
bbrinkmann@cov.com

*Counsel for McKesson Corporation*			 /s/ Kaspar J. Stoffelmayr
							Kaspar J. Stoffelmayr
							Brian C. Swanson
							Katherine M. Swift
 /s/ Robert A. Nicholas					Matthew W. Brewer
Robert A. Nicholas					BARTLIT BECK LLP
Shannon E. McClure					54 West Hubbard Street
REED SMITH LLP						Chicago, IL 60654
Three Logan Square					Tel: (312) 494-4400
1717 Arch Street, Suite 3100				Fax: (312) 494-4440
Philadelphia, PA 19103					kaspar.stoffelmayr@bartlitbeck.com
Tel: (215) 851-8100					brian.swanson@bartlitbeck.com
Fax: (215) 851-1420					kate.swift@bartlitbeck.com
rnicholas@reedsmith.com					matthew.brewer@bartlitbeck.com
smcclure@reedsmith.com
							Alex J. Harris
*Counsel for AmerisourceBergen				BARTLIT BECK LLP
Drug Corporation*					1801 Wewatta Street, Suite 1200
							Denver, CO 80202
							Tel: (303) 592-3100
							Fax: (303) 592-3140
							alex.harris@bartlitbeck.com

							*Counsel for Walgreen Co. and Walgreen
							Eastern Co.*

8

 */s/ John P. McDonald*
John P. McDonald
C. Scott Jones
Lauren M. Fincher
Brandan J. Montminy
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel: (214) 740-8000
Fax: (214) 756-8758
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Counsel for Henry Schein, Inc. and
 Henry Schein Medical Systems, Inc.*

 */s/ Steven A. Reed*
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-5000
Fax: (215) 963-5001
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
Fax: (305) 415-3001
brian.ercole@morganlewis.com

*Counsel for Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

## **CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on October 1, 2019.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
