**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | |
| This document relates to: | ) ) | |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | ) ) ) | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Hon. Judge Dan A. Polster** |
| and | ) ) | |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | ) ) ) | |
| _____ | ) | |

**WALGREEN CO. AND WALGREEN EASTERN CO.'S**
**OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS**

Pursuant to the Civil Jury Trial Order, ECF No. 1598, entered in In re National Prescription Opiate Litigation (MDL 2804) on May 1, 2019 (as amended in Judge Polster's July 29, 2019 order), Defendants Walgreen Co. and Walgreen Eastern Co. ("Walgreens") submit the following Objections to Plaintiffs' Affirmative Deposition Designations.  Further pursuant to ECF No. 1598, Walgreens will submit its own Affirmative Deposition Designations and Responses to Plaintiffs' Objections on October 10, 2019.

Walgreens hereby serves Objections to the following deposition designations affirmatively designated by Plaintiffs (*see* Exhibit A):

1.  Deborah Bish

2.  Edward Kaleta

3.  Barbara Martin

Walgreens also hereby serves Objections to certain of the deposition designations of the following other defendant witnesses affirmatively designated by Plaintiffs (*see* Exhibit B):

1. Michael Dorsey

2. Elizabeth Garcia

3. Edward Hazewski

4. Stephen Mays

5. Joseph Tomkiewicz

Because Plaintiffs have withdrawn all deposition designations to certain previously identified witnesses (including Walgreens witnesses Chris Dymon, Tomson George, Steve Mills, Denny Murray, or Rex Swords), Walgreens is not filing objections thereto.  Walgreens also objects to Plaintiffs' purported identification of Tasha Polster, Chris Domzalski, Douglas Peterson, and Eric Stahmann on its most recent witness list.  Plaintiffs have withdrawn their deposition designations for each of these witnesses, and none of them is within the Court's subpoena power.

Walgreens objects to any attempted use at trial of deposition designations that Plaintiffs have withdrawn and reserves the right to object and counter any such designations that the Court may later permit.

Walgreens files these objections based on Plaintiffs' current deposition designations as of October 2, recognizing that Plaintiffs continue to reduce their witness list and will file a further reduced list on October 4.  By filing objections today, Walgreens does not concede the propriety of or waive any objection to any attempt by Plaintiffs to play deposition testimony from witnesses that do not appear on Plaintiffs' final witness list.

Walgreens reserves all rights, including all rights to revise or withdraw Objections.  Walgreens further reserves the right to revise or withdraw these Objections based on the Court's rulings, Plaintiffs' and other individual Defendants' designations of deposition testimony, and evidence introduced at trial.

Walgreens also reserves the right to play, in response to deposition testimony played by Plaintiffs or other individual Defendants, any testimony they designated affirmatively. Walgreens also reserves the right to play any testimony Plaintiffs have designated.  By submitting these Responsive Deposition Designations, Walgreens does not waive any objections to the use of testimony and/or exhibits or their subject matter. Walgreens' inclusion of any testimony and/or exhibits within these Responsive Deposition Designations should not be construed as an admission that such testimony and/or exhibit is admissible if offered by Plaintiffs or another Defendant. If Walgreens has objected to an exhibit, we object to all testimony regarding that exhibit.

Walgreens expressly reserves the right to object to Plaintiffs' attempts to introduce any testimony and/or exhibits included in these Responsive Deposition Designations.  Walgreens further objects to Plaintiffs' counsel's use of demonstrative exhibits.  Consistent with prior representation by Plaintiffs' counsel that "objections and colloquy will not be proffered" by Plaintiffs, Walgreens has not objected on a line-by-line basis to objections and colloquy; instead, Walgreens objects to all objections and colloquy as a global matter.

Walgreens' objections are made pursuant to the following Objections Key:

| Code | Objection |
|------|-----------|
| 402 | Relevance. FRE 402. |
| 403 | Undue Prejudice, Confusion, Waste of Time. FRE 403. |
| 408 | Inadmissible Evidence of Settlement or Negotiations. FRE 408. |
| 602 | Lack of Foundation/Speculation. FRE 602. |
| 802 | Hearsay. FRE 802. |
| AA | Asked and Answered. FRE 611(a). |
| AF | Assumes Facts Not in Evidence. FRE 103(d), 611(a). |
| ARG | Argumentative. FRE 611(a). |
| AU | Authentication Lacking. FRE 901. |
| BER | Best Evidence Rule. FRE 1002. |
| CML | Cumulative. FRE 403, 611(a). |
| CMP | Compound Question. FRE 611(a). |
| CO | Contrary to Court Order. |
| COL | Improper Attorney Colloquy. FRE 103(d), 603. |
| DEM | Demonstrative Not Marked as Exhibit. FRE 103(d), 611(a). |
| HYP | Improper Hypothetical. FRE 602, 701. |
| ILO | Improper Opinion of Lay Witness. FRE 701. |
| INC | Designation Incomplete; Incomprehensible. |
| LC | Calls for Legal Conclusion. FRE 103(d), 602, 701. |
| LDG | Leading. FRE 611(c). |
| MD | Misstates the Document. FRE 103(d), 611(a). |
| MPT | Misstates Prior Testimony. FRE 103(d), 611(a). |
| NAR | Calls for Narrative Response. FRE 103(d), 611(a). |
| NR | Nonresponsive. FRE 611(a). |
| PV | Privileged. FRE 103(d), 501, 502. |
| SCP | Outside the Scope of Designated Topics. FRE 602, 611(a)-(b); FRCP 30(b)(6). |
| SUM | Improper Summary. FRE 1006. |

Dated: October 2, 2019

/s/ Katherine M. Swift

Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kate.swift@bartlitbeck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on October 2, 2019 via electronic transfer to all counsel of record, consistent with the Court's order.

<u>/s/ Katherine M. Swift</u>
Katherine M. Swift

*Counsel for Walgreen Co. and Walgreen Eastern Co.*