UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: *"Track One Cases"* | ) ) ) | |
| | ) ) | **ORDER REGARDING** <u>**MOTION TO STAY TRIAL**</u> |

Certain defendants have filed an Expedited Motion to Stay District Court Proceedings Until Final Resolution of the Mandamus Petitions Currently Pending Before the Court of Appeals. **Doc #: 2696**. For all of the reasons stated in the Court's Order denying defendants' motion to recuse, Doc #: 2686, and also the reasons stated in the Court's letters to the Sixth Circuit regarding the recent petitions for writ of mandamus, the motion is **DENIED**.

In addition, the Court notes as follows. Moving defendants adopt Ohio's argument, asserted in its mandamus petition, that "the [upcoming] trial would fragment the State's claims, pose a high risk of inconsistent verdicts, result in duplicative or overlapping damages, and misallocate funds in the State." Motion at 3 (quoting petition at 1-2). But Cuyahoga County and Summit County are seeking, and only entitled to, damages they suffered themselves. They do not seek and are not entitled to individual damages their residents suffered, nor damages the State of Ohio suffered. Conversely, the State of Ohio is entitled to, and is in fact seeking, damages it suffered, and Ohio is neither seeking nor entitled to damages the bellwether Counties suffered. As an example, the

alleged additional costs for law enforcement incurred by Ohio to address the opioid crisis are distinct from the alleged additional costs for law enforcement incurred by the two Counties, and distinct from any individual personal injury damages the County residents suffered.  There is no risk a properly-instructed jury will award duplicative or overlapping damages.  The same is true for abatement – the two bellwether plaintiff Counties are entitled to, at most, equitable abatement only of any nuisance *they* suffered.  Ohio's assertion that a nuisance verdict it might obtain would be duplicative or inconsistent is conclusory; federal and state courts are certainly capable of addressing this issue, if it ever comes up.

Moreover, the upcoming first bellwether trial that defendants seek to stay is scheduled to last for nine weeks, ending just before Christmas.[1]  The Court reserved this specific trial period only after conferring with all parties (including the moving defendants) to ensure that: (1) the dozens of witnesses from around the country would be available, (2) trial counsel would be available, (3) the Court was available,[2] (4) jurors would be available,[3] and (5) trial presentations and jury deliberations would not be interrupted by any long holiday breaks.  What all of this means is that *any* delay of trial

---

[1] *See* docket no. 1598 (May 1, 2019) ("Opening statements and the presentation of evidence will begin at 9:00 a.m. on Monday, October 21, 2019, and will conclude with closing arguments and final jury instructions no later than 5:30 p.m. on Friday, December 13, 2019, with jury deliberations to follow.").

[2] In addition to overseeing the Opioid MDL, the undersigned is engaged with a full, regular docket.  The Court worked hard to clear its calendar for the lengthy bellwether trial; moving the trial date would require the Court to clear a new nine-week period, which would probably mean trial could not occur for many months.

[3] The Jury Department has already spent many hours working to pick an initial jury panel of 1,000 individuals, sending out and reviewing time-screening questionnaires, sending to a subset 17-page substantive jury questionnaires, etc.  The process began on August 22, 2019 and responses to the 17-page questionnaire will be accepted up to the morning before voir dire begins, i.e., October 16, 2019.

is almost surely tantamount to a *long* delay of trial; it is very unlikely a new nine-week trial period can be slotted quickly.

The parties and the Court have worked extremely hard for the last 20 months to make the first bellwether case trial-ready. The Court will not now stay the trial while defendants pursue issues they could have raised long ago.

Accordingly, the motion for stay, **Doc #: 2696**, is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 2, 2019