IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*Southwest Mississippi Regional Medical Center, et al. v. AmerisourceBergen Drug Corp., et al.*, Case No. 17-op-45175;<br><br>*West Boca Medical Center, Inc. v. AmerisourceBergen Drug Corp, et al.*, Case No. 18-op-45530;<br><br>*Rosary Hall and St. Vincent Charity Medical Center v. AmerisourceBergen Drug Corp., et al.*, Case No. 18-op-45610;<br><br>*Baptist Healthcare System, Inc., et al. v. AmerisourceBergen, et al.*, Case No. 18-op-46058;<br><br>S*aint Elizabeth Medical Center, Inc., et al. v. AmerisourceBergen Drug Corp., et al.*, Case No. 18-op-46046. | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**REPLY OF HOSPITAL PLAINTIFFS TO "DEFENDANTS AMERISOURCE BERGEN DRUG CORP., CARDINAL HEALTH, INC., AND McKESSON CORP.'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING HOSPITAL CLAIMS"**

The undersigned counsel, on behalf of all the hospitals whose cases have been transferred to this Court as part of the MDL process, respectfully submits this brief reply in response to "Defendants Amerisource Bergen Drug Corp., Cardinal Health, Inc., and McKesson Corp.'s Response To Notice Of Supplemental Authority Regarding Hospital Claims" (Doc. No. 61 in No. 1:18-op-45530-DAP and Doc. No. 2681 in No. 17-md-2804) (the "Distributors' Response").

The Distributors make two (somewhat contradictory) arguments: (1) the Tucson Action[1] is different from the hospital claims asserted in the MDL and is thus irrelevant, and (2) the court in the Tucson action got it wrong.  Both points are completely without merit, and we respond briefly.

1.  **The *Tucson* Action is Similar to the Hospital Actions Pending in the MDL**

The claims asserted in the Tucson Action bear far more similarities than differences to the claims asserted by hospital plaintiffs in cases within the MDL.  We compare the claims[2] asserted in *West Boca Medical Center, Inc. v. AmerisourceBergen Drug Corp, et al.*, Case No. 18-op-45530 case, the "bellwether" hospital case in which motions to dismiss have been fully briefed for some time, and those asserted in the *Southwest Mississippi Regional Medical Center, et al. v. AmerisourceBergen Drug Corp., et al.*, Case No. 17-op-45175 (the "Class Action") in which four named hospital plaintiffs have brought claims on their own behalf and on behalf of a national class of hospitals:

| *Southwest Mississippi* Class Action | *West Boca* Bellwether Case[3] | The *Tucson* Action |
|---|---|---|
| Federal and State RICO | Federal RICO | State RICO |
| State UDAP[4] Statutes | State UDAP Statute | State UDAP Statute |
| Negligence | Negligence | Negligence |
| Nuisance | Nuisance | Nuisance |
| Unjust Enrichment | Unjust Enrichment | Unjust Enrichment |
| Common Law Fraud | False Advertising (under state statute) | Common Law Fraud |

---

[1] *Tucson Medical Center v. Purdue Pharma, L.P, et al.*, Case No. C20184991 (Ariz. Super. Ct., Pima County).
[2] We only list statutory and common law tort and equitable bases for relief.  We do not include tolling doctrines (e.g., "fraudulent concealment") or vicarious liability doctrines (e.g., "civil conspiracy" or "joint enterprise") that may have been styled as separate claims for relief in one or more action.
[3] West Boca had also asserted a claim for breach of implied warranty of merchantability, but that claim was withdrawn.
[4] We use the acronym "UDAP" to refer to state statutes proscribing unfair and deceptive acts and practices in commerce.

While there are differences between state and federal RICO statutes, differences among the various state RICO and UDAP statutes, and at times differences in the common law of different states, the similarities abound.

2. **The *Tucson* Court Got It Right**

The gravamen of the Distributors characterization of hospital claims is that this is an auto accident case in which the car crash victim is treated in the ER, and the hospital sues the reckless motorist (a perfect stranger to the hospital) to collect the unpaid medical bill.

This is *not* that case.  Hospitals are hardly perfect strangers to big pharma.  Hospitals were directly targeted by opioid manufacturers and distributors, and were inundated by sales calls from their employees as part of their plan to promote their products.  The hospitals have alleged *intentional* tortious conduct *directed to them*.  And hospitals were foreseeably at the epicenter of the health care crisis created by the Defendants.  Opioid addiction is an illness, and the opioid crisis is, first and foremost, a medical crisis.  Other than the state and federal governments (which have obviously borne tremendous remediation costs), hospitals have borne greater, more foreseeable, and more provable, damages than any other class of persons.  And hospitals are best suited to take action to abate the effects of the opioid crisis, and will be an integral part of any meaningful response to the crisis.

Dated:  October 3, 2019					Respectfully submitted,

/s/ *Don Barrett*
John W. ("Don") Barrett
David McMullan, Jr.
Richard Barrett
Sterling Starns
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095
Ph: (662) 834-2488

Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net
sstarns@barrettlawgroup.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's ECF system to all counsel of record. Parties may access this filing through the Court's system.

/s/ *Don Barrett*
John W. ("Don") Barrett
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
