**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION** | ) | **CASE NO. 1:17-MD-2804** |
| **OPIATE LITIGATION** | ) | |
| | ) | **SPECIAL MASTER COHEN** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| **"*Track Two Cases*"** | ) | **AMENDMENT TO** |
| | ) | **DISCOVERY RULING NO. 22** |
| | ) | |

In Discovery Ruling No. 22 ("DR-22" or *Ruling*), the Special Master ordered Defendants to produce in this MDL, on an ongoing basis, certain discovery that they are required to produce in other matters, including "any [other] court case, government investigation, or government hearing, regarding the marketing, sales, distribution, or dispensing of Opioids or Opioid Products." *Ruling* at 4 (docket no. 2576). Since then, the U.S. Department of Justice ("DOJ"), the Defendants, and the Plaintiffs have each asked for clarification or amendment of DR-22.

DOJ asks that the Ruling be amended not to include discovery produced in any "pending federal government investigation" or in any non-public federal "government hearing." DOJ is concerned that, if a Defendant produces in the MDL documents and other materials it produced in response to an ongoing federal government investigation (or a private federal government hearing), that could reveal to outside entities the thrust of that investigation, thereby jeopardizing both that investigation and any other, similar ones being pursued. The Special Master finds this concern is valid. At the same time, however, a Defendant's production of documents to the federal government in connection with an ongoing investigation does not inoculate those documents from discovery if production is otherwise appropriate. In other words, the Special Master agrees a Defendant should

not have to automatically produce in the MDL a document it produced to the DOJ pursuant to a new or ongoing investigation, but the Defendant does still have to produce that document in the MDL if it is also responsive to another discovery request.

Defendants reiterate the DOJ's position regarding government investigations and also ask for clarification of several other issues.  The Special Master agrees several other requested clarifications should be made, and now does so by ruling as follows: (1) in no event is a Defendant required by DR-22 to produce grand jury information; (2) the obligation posed by DR-22 relates only to discovery "relevant to the claims in this MDL proceeding;" and (3) Pharmacy Defendants are not obligated by DR-22 to produce in the MDL any discovery provided to a government entity that contains HIPAA-protected information.

As for Plaintiffs, their concern is that, even with DR-22 in place, they still may not learn of certain discovery that occurred in State-court litigation.  Plaintiffs state: "some Defendants may not be requesting copies of the transcripts from the AG CID (civil investigative demand) process or depositions occurring in state litigation in an effort to avoid producing them to Plaintiffs.  To ensure full transparency we request an order requiring the Defendants to provide a list of any depositions for which they have been involved and chose not to request copies of the transcript."  Agenda exhibit 234-A at 1.[1]  Regardless of the reason defendants may not be requesting transcripts, Plaintiffs' concern is also valid; therefore, the Special Master rules that Defendants shall provide a list of any depositions connected to state court opioid litigation or CIDs in which they have been involved but chose not to request copies of the transcript.

---

[1] No State Attorney General has asked to limit production in the MDL of discovery provided by Defendants responsive to CIDs; moreover, defendants have, in fact, produced such discovery in the MDL.

Accordingly, in addition to the provisions set out above, the first bullet-point on page 3 of

DR-22 is amended as follows:

• Defendants shall produce in discovery in this MDL copies of all sworn statements, testimony, video-taped testimony, written responses and discovery, expert reports, and other documents and discovery that they produce in any court case, state government investigation, closed federal government investigation, or public government hearing, regarding the marketing, sales, distribution, or dispensing of Opioids or Opioid Products, including any exhibits referred to in that testimony, on an ongoing basis, for the Track Two cases; except Defendants shall not produce any privileged materials, and instead shall produce privilege logs listing those materials, as has been the existing practice.

The Special Master also adds these provisions:

• Nothing in this Order shall preclude Plaintiffs from requesting from Defendants any document that they produce or disclose in any criminal or civil action filed by a governmental entity, even if the same document was previously provided by the Defendant to the government entity during the course of a government investigation. Defendants or the government entity may make any objections to any such request available to them under the law.
• The ongoing requirements of DR-22, as amended, are in addition to any other discovery obligations imposed in any other individual MDL case, and does not necessarily limit what discovery the Court will allow in the context of case-specific discovery.

The Special Master declines to make any other suggested clarifications or amendments. All other

provisions of DR-22 remain in effect. Any objections to this *Ruling* must be filed within on or

before October 10, 2019.

**RESPECTFULLY SUBMITTED,**

**/s/ David R. Cohen**
**David R. Cohen**
**Special Master**

**Dated:** October 3, 2019

3