# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) Case No. 1:18-op-45090 |
| | ) |
| *All Cases* | ) Judge Dan Aaron Polster |
| | ) |
| and | ) **ORDER CLARIFYING** |
| | ) **NEGOTIATION CLASS** |
| *The County of Summit, Ohio, et al., v. Purdue Pharma L.P. et al.,* Case No. 18-op-45090 | ) **CERTIFICATION ORDER** ) ) |

On September 11, 2019, the Court certified a Negotiation Class. Doc. ##: 2590 (Memorandum Opinion); 2591 (Order). Class members have until November 22, 2019 to exercise their right to opt out of the Class. Two separate questions about the relationship of the class action to on-going legal proceedings have arisen. Given the importance of these issues to the Class members' pending opt-out decision, the Court provides the following two clarifications of its Order. Both clarifications relate to the initial Order's insistence that the Negotiation Class not disrupt on-going litigation. Specifically, the Court stated:

> [T]his [Negotiation Class Certification] Order is without prejudice to the ability of any Class member to proceed with the prosecution, trial, and/or settlement, in this or any court, of an individual claim, or to the ability of any Defendant to assert any defense thereto. This Order does not stay or impair any action or proceeding in any court, and Class members may retain their Class membership while proceeding with their own actions, including discovery, pretrial proceedings, and trials.

Doc. #: 2591 at ¶ 13.

## FIRST CLARIFICATION – DUAL SETTLEMENTS

In the same paragraph of the class certification Order in which it noted that the Negotiation Class would not disrupt on-going proceedings, the Court further stated:

> In the event a Class Member reaches a settlement or trial verdict, it may proceed with its settlement/verdict in the usual course without hindrance by virtue of the existence of the Negotiation Class. ***Such Class Member may not, however, collect on its individual settlement/judgment and also participate in any Class settlement fund***.

*Id.* (emphasis added).

The highlighted language is not as precise as it should be. First, it fails to account for the fact that the Class is authorized to negotiate settlements with 13 sets of defendants and that a Class settlement may be defendant-specific. Thus, if a Class member collects on an individual settlement or judgment against one defendant, it may not participate in any Class settlement fund *as to that defendant*, but otherwise may participate in Class settlements as to other defendants.

The highlighted language also bars from participation in a Class settlement fund those Class members who have already collected on their settlement or judgment, without clarifying what "collect" means in this context. There are numerous ways in which individual judgments or settlements may precede, be intertwined with, or overlap Class settlements. The underlying principle is that Class members should not be able to participate in a Class settlement if that participation is inequitable to other Class members or to the defendant, given any related recovery from the same defendant. But the ways in which this issue could arise are many and complex and they evade a simple rule. The Court therefore deems it most prudent to re-state the principle as a presumption against double-recoveries, but to reserve authority to determine in the context of actual situations whether Class members with prior judgments or settlements should be precluded from participation in the Class's settlement.

For these reasons, the final sentence of ¶ 13 in Doc. #: 2591 is modified such that the paragraph's final two sentences, quoted above, shall read:

> In the event a Class Member reaches a settlement or trial verdict, it may proceed with its settlement/verdict in the usual course without hindrance by virtue of the existence of the Negotiation Class. There is a presumption that such Class Member may not, however, collect on its individual settlement or judgment and also participate in any Class settlement fund with respect to the same defendant(s), but the presumption may be overcome in particular circumstances upon good cause demonstrated to the Court, after notice to the Class Representatives, Class Counsel, and the pertinent defendant(s).

### **SECOND CLARIFICATION – CONTESTED JURISDICTION**

Some members of the Negotiation Class filed opioid-related lawsuits in state courts, had their cases removed by the defendant(s) to federal court, and then transferred to the MDL by the Judicial Panel on Multidistrict Litigation. In some of these actions, the plaintiffs are contesting removal, and seeking remand to state court, on the grounds that the federal court lacks subject matter jurisdiction over their individual cases. One Class member in this situation—the City of Seattle—seeks clarification that a decision to remain in, and not opt out of, the Negotiation Class will not be viewed as a waiver of its arguments in support of remand of its individual case. *See, e.g., City of Seattle v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45089, Doc. #: 49 (Sept. 27, 2019). Specifically, the City of Seattle seeks an order "formally clarifying that participation in the Negotiation Class will not, and shall not, be construed as consent to this Court's jurisdiction or to otherwise waive pending remand motions." *Id.* at 2.

The Court grants Seattle's motion. Specifically, the Court again re-iterates that the Negotiation Class is not meant to affect any on-going litigation. As such, a Class member's decision to remain in the Negotiation Class in no way curtails its individual litigation, including its ability to seek remand of its individual action to state court on the grounds that that individual case falls outside the subject matter jurisdiction of the federal courts. Moreover, because federal

subject matter jurisdiction cannot be created by the consent of the parties, *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir.2003) ("Subject-matter jurisdiction cannot be conferred by consent of the parties, nor can it be waived.") (citing *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004), a class member's choice to remain in a federal class action has no bearing on whether a federal court has subject matter jurisdiction over its individual lawsuit(s). A Class member's decision to remain in the Negotiation Class does, of course, subject it to the federal court's authority with respect to any matters pertinent to the class action itself.

      **IT IS SO ORDERED.**

      **/s/ Dan Aaron Polster  October 4, 2019**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**