# EXHIBIT A

**Subject:** Re: Request for order regarding Plaintiffs' exhibit list
**Date:**    Tuesday, September 17, 2019 at 10:35:32 AM Mountain Daylight Time
**From:**    David R. Cohen (David@SpecialMaster.Law)
**To:**      Feinstein, Wendy West
**CC:**      xALLDEFENDANTS-MDL2804-Service@arnoldporter.com, 2804 Discovery, MDL, Jayne Conroy, W. Lanier, PWeinberger@spanglaw.com, dackerman@motleyrice.com, Hunter Shkolnik, Patterson, Nancy L., Bartle IV, Harvey

External E-mail

I am not liking these reports from Ds about Ps' failures to timely streamline their exhibit and witness lists to something realistic and useful to opposing parties and the Court.  I have no doubt that Ps would not accept similar actions by Ds without complaint.

I expect a response from Ps today that addresses **fully** the issues raised here.  Failure to do so risks an order that could meaningfully impact Ps' ability to put on their case.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
[www.SpecialMaster.law](www.SpecialMaster.law)

---

**From:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>
**Sent:** Tuesday, September 17, 2019 11:56 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; W. Lanier <wml@lanierlawfirm.com>; PWeinberger@spanglaw.com <PWeinberger@spanglaw.com>; dackerman@motleyrice.com <dackerman@motleyrice.com>; Hunter Shkolnik <hunter@napolilaw.com>; Patterson, Nancy L. <nancy.patterson@morganlewis.com>; Bartle IV, Harvey <harvey.bartle@morganlewis.com>
**Subject:** Request for order regarding Plaintiffs' exhibit list

Dear Special Master Cohen,

The remaining Defendants in the Track One trial request that you order Plaintiffs to, by September 20, 2019: (1) pare down the number of documents listed on their exhibit list from over 120,000 to a number that is equal to or less than that of Defendants' combined exhibit lists (approximately 40,000); and (2) serve a functional exhibit list that identifies the exhibit numbers Plaintiffs will actually use at trial.  We further request that you (3) order Plaintiffs to refrain from re-numbering their exhibits past that deadline, and (4) preclude Plaintiffs from using at trial any exhibits identified as part of a Bates range, as opposed to an individual document with its own exhibit number, on Plaintiffs' list.  Defendants acknowledge that

compilation exhibits may be appropriate in light of F.R.E. 1006, but respectfully request an order that any such compilation exhibits must (1) encompass truly similar documents (e.g., daily reports submitted over a period of time), and (2) be clearly described as a compilation exhibit in the parties' exhibit list. Defendants have a limited number of such compilation exhibits – all clearly marked – on their respective lists.

On the August 28 deadline for exchanging exhibit lists, Plaintiffs served a list of approximately 20,000 documents. Two days later, Plaintiffs served an "amended" exhibit list that had ballooned to **at least 120,000 documents**. Plaintiffs' current list is **at least three times the size of all Track 1 trial Defendants' exhibit lists combined**, though the exact number of Plaintiffs' list is still unknown because Plaintiffs cite large swaths of documents as single exhibits and, in some instances, entire document productions. For example, Exhibit No. P-6724—a single entry on Plaintiffs' list—comprises more than 51,100 documents all by itself. Similarly, P-6722 comprises over 12,100 documents.

In addition, Plaintiffs listed approximately 12,000 documents that lack Bates ranges or other identifying information. Defendants understand that some of these documents are either (1) court-related documents (e.g., deposition transcripts, deposition exhibits, discovery responses) or (2) publicly available documents relied on by Plaintiffs' experts which will be identified by exhibit number. For documents that do not fall into either of these two categories, Defendants request that Plaintiffs provide the Bates ranges or other appropriate identifying information.

To compound these problems, Plaintiffs changed exhibit numbers between their original list and their amended list without providing any cross-reference table, making it impossible for Defendants to determine what changed. Plaintiffs have refused to keep their exhibit numbers static, or even to retain a static control exhibit number on their list—which is necessary for Defendants to track changes—and have insisted that they will keep changing their exhibit numbers until some unknown date in the future, which they refuse to provide.

This is unacceptable. Plaintiffs' snowballing, fluctuating list, and their refusal to maintain static exhibit numbers, have made it impossible for Defendants even to determine how many documents are on the list, much less figure out which specific documents Plaintiffs actually intend to offer at trial. As you know, Plaintiffs employed a similar tactic when they indiscriminately designated hundreds of hours of deposition testimony that would never be played at trial.

Defendants discussed these issues with Plaintiffs on September 6, 2019 and again on September 9, 2019. Plaintiffs have refused to fix these problems, or even provide a timeline by which they will serve a pared-down list.

In short, Plaintiffs are not providing Defendants a fair chance to prepare for trial.

Given the sheer size of Plaintiffs' exhibit list, an order requiring Plaintiffs to finalize their list and fix the problems with it by September 20, 2019, is necessary. The Plaintiffs' delay to date has already prejudiced Defendants and deprived us of adequate time to prepare for the October 21, 2019 trial. We would greatly appreciate your urgent assistance with these issues.

Best regards,
Wendy

**Wendy West Feinstein**
**Morgan, Lewis & Bockius LLP**
One Oxford Centre, Thirty-Second Floor | Pittsburgh, PA 15219-6401
Direct: +1.412.560.7455 | Main: +1.412.560.3300 | Fax: +1.412.560.7001 | Mobile: +1.412.337.5862
wendy.feinstein@morganlewis.com | www.morganlewis.com

Assistant: Tammy L. Miller | +1.412.560.7456 | tammy.miller@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com