# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster<br><br>**[PROPOSED] TRIAL EXHIBIT STIPULATION** |

To facilitate the identification and exchange of trial exhibits, the parties jointly stipulate as follows:

I.  **Trial Exhibits**

   A.  **Numbering Exhibits for Identification.** The parties shall assign unique exhibit numbers using the prefixes specified below. Each prefix group shall begin with the number 1.

| Party | Exhibit Prefix | Beginning Exhibit Number |
|---|---|---|
| **Plaintiffs** | | |
| **All Plaintiffs** | P- | P-1 |
| **Cuyahoga** | CU- | CU-1 |
| **Summit** | SU- | SU-1 |
| **Defendants** | | |
| **All Defendants** | DEF- | DEF-1 |
| **Manufacturing Defendants** | MD- | MD-1 |

| **Distributor Defendants** | DD- | DD-1 |
| --- | --- | --- |
| **Pharmacy Defendants** | PD- | PD-1 |
| **Allergan** | AL- | AL-1 |
| **Endo** | EN- | EN-1 |
| **Par** | PAR- | PAR-1 |
| **Janssen** | JA- | JA-1 |
| **Mallinckrodt** | MA- | MA-1 |
| **Noramco** | NO- | NO-1 |
| **Par** | PA- | PA-1 |
| **Purdue** | PUR- | PUR-1 |
| **Teva** | TE- | TE-1 |
| **Actavis** | AC- | AC-1 |
| **Cephalon** | CE- | CE-1 |
| **AmerisourceBergen** | AM- | AM-1 |
| **Cardinal** | CA- | CA-1 |
| **Henry Schein** | HS- | HS-1 |
| **McKesson** | MC- | MC-1 |
| **HBC Service Company** | HB- | HB-1 |
| **H.D. Smith** | HD- | HD-1 |
| **Discount Drug Mart** | DI- | DI-1 |
| **Prescription Supply** | PR- | PR-1 |
| **CVS** | CV- | CV-1 |
| **Rite Aid** | RA- | RA-1 |
| **Walmart Inc.** | WM- | WM-1 |
| **Walgreen Co.** | WAG- | WAG-1 |

B. **Branding Exhibits for Identification.** Each exhibit will be branded with (1) an "Exhibit Sticker" that identifies the unique exhibit number; and (2) an "Exhibit Endorsement" that identifies the unique exhibit number and page number of each exhibit.

　　1. **Exhibit Stickers**. Each party will place an Exhibit Sticker at the bottom of the first page of each exhibit. Plaintiffs will use yellow stickers; Defendants will use blue stickers. The Exhibit Stickers shall identify the unique exhibit number. Electronically generated stickers shall be acceptable.

　　2. **Exhibit Endorsements.** Each party will include at the bottom of each page of their exhibits an endorsement that identifies the unique exhibit number and page number of the exhibit. The page number shall maintain a constant length of five numeric digits (including zero digit padding). The Exhibit Endorsement shall conform to the following format: [Exhibit Number].[5-Digit Page Number] (*e.g.*, "P-1.00001"; "P-1.00002).

C. **Deadline for Exchanging Copies of Unproduced Exhibits.** The parties shall exchange Bates numbered copies of the exhibits on their Exhibit List that have not previously been produced with Bates numbers by no later than **September 6, 2019 at 10 pm ET**.

D. **Deadline for Exchanging Copies of Branded Exhibits.** The parties shall exchange branded and stickered copies of their exhibits, in accordance with Section I of this stipulation, by no later than **September 23, 2019 at 10 pm ET**.

E. **Production Format for Exhibits.**

　　1. **PDF Format.** All exhibits shall be properly branded and stickered (as specified in this stipulation), and individually produced in PDF format, to the extent an exhibit can reasonably be converted to PDF format and remain usable. Documents that are produced in PPT format (*i.e.*, PowerPoint files) shall be converted to PDF using their native files. The file name of each PDF exhibit shall correspond to the unique exhibit number (*e.g.*, "DEF-1.pdf"; "P-1.pdf").

　　2. **Native Format.** If a document cannot reasonably be converted to PDF format and remain usable (*e.g.*, Excel file, audio, video, animation), then the exhibit shall be produced in native format. The file name of a native file shall correspond to the unique exhibit number (*e.g.*, "MD-2.xls"; "SU-1.wav"). A slipsheet (PDF) of the native document shall also be provided that includes the Bates number, confidentiality designation, and the trial exhibit sticker.

        3.    **Extracted Text for PDFs.**  The parties are not required to provide extracted text for exhibits produced in PDF format, but all PDFs shall be printed to PDF or, if that is not possible, be OCRed so they are otherwise searchable.

        4.    **Transcriptions for Audio and Video Recordings.**  The parties shall provide written transcriptions for any audio and video files, and shall label such transcripts so they are easily traceable to the original media file (*e.g.*, SU-1.wav-Transcript).

F.    **Method of Production.**  The Parties may produce their exhibits via a secure FTP site or production media (*e.g.*, external drive).  If a party produces its exhibits via production media, that production media must be delivered to the other party by the deadline for doing so.

II.    **Trial Exhibits Lists**

A.    **Format of Exhibit Lists**. The parties shall list their exhibits, in order, on a separate Excel spreadsheet consistent with the attached Exhibit List template, which shall include columns with the following headings (the "Exhibit List")

| Column | Column Name | Description |
|---|---|---|
| A | Ex. No. | Parties' unique exhibit numbers |
| B | Date | Date of exhibit |
| C | Description | Short description of exhibit |
| D | BegBates | First production Bates number of exhibit |
| E | EndBates | Last production Bates number of exhibit |
| F | 901 Stip. | Whether the document is subject to a Rule 901 stipulation |
| G | Admission Stip. | Whether a document is subject to a stipulation that it is admissible |
| H | Plaintiffs' Objections | List of Plaintiffs' objections to Defendants' exhibits |
| I | Defendants' Objections | List of Defendants' objections to Plaintiffs' exhibits |

| | | |
|---|---|---|
| **J** | Offered | Whether the exhibit was offered at trial |
| **K** | Admitted | Whether the Court admitted the exhibit |
| **L** | Not Admitted | Whether the Court excluded the exhibit |

    B.    **Deadline to Exchange Exhibit Lists.**  All parties shall exchange proposed Exhibit Lists on **August 28, 2019 at 10 pm ET**.  The parties shall complete the following columns, as applicable, for their Exhibit List: A–E.

    C.    **Deadline to Exchange Objections to Exhibit Lists.**  The parties shall exchange objections to the other parties' Exhibits Lists by no later than **September 27, 2019 at 10 pm ET** by completing columns F–I, as applicable.  The parties shall meet and confer to attempt to resolve any objections and file a joint exhibit list by **October 7, 2019 at 12 ET**.

III.    **Reservation of Rights**

    A.    The parties reserve the right to object to the introduction and/or admissibility of any document listed on any exhibit list.

    B.    The parties agree that the inclusion of any exhibit on the exhibit list does not waive or affect any prior confidentiality designation in this litigation.

    C.    The parties agree that the inclusion of a particular document on a parties' exhibit list is not intended to be a waiver of that parties' right to object to the introduction and/or admissibility of that document for any purpose.

    D.    The parties reserve the right to use any and all documents or materials listed by another party in this litigation on their exhibit list.

    E.    The parties reserve the right to modify, withdraw, or amend their trial exhibit lists prior to and during trial. The parties further reserve the right to revise or supplement their lists in response to the Court's pre-trial rulings. The parties also reserve the right to introduce rebuttal exhibits not included on its trial exhibit list, demonstrative exhibits, and exhibits offered for impeachment only.

    F.    The deadlines referred to above only apply to exhibits that the parties intend to use affirmatively through direct examination of fact or expert witnesses.  The parties reserve their rights to use additional exhibits, through cross-examination and rebuttal.

**IT IS SO ORDERED.**

_____

**Dan Aaron Polster**
**United States District Judge**