# EXHIBIT C

**Subject:** RE: Request for order regarding Plaintiffs' exhibit list
**Date:** Monday, September 23, 2019 at 5:59:00 PM Mountain Daylight Time
**From:** Kate Swift
**To:** David R. Cohen (David@SpecialMaster.Law)
**CC:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com, 2804 Discovery, MDL, Conroy, Jayne, Mark Lanier, Weinberger, Peter H., Shkolnik, Hunter, Patterson, Nancy L., Bartle IV, Harvey

External E-mail

Special Master Cohen,

One week ago, on September 17, you wrote that Plaintiffs' failure to "timely streamline their exhibit and witness list to something realistic and useful to opposing parties and the Court" would "risk[] an order that could meaningfully impact P's ability to put on their case."  For the reasons below, the remaining Defendants in the Track One trial request such an order.  This is the Plaintiffs' case and the lack of any meaningful exhibit list from Plaintiffs less than a month before trial has severely prejudiced Defendants.

In response to your email last week, Plaintiffs assured you and Defendants that—no later than last Friday, September 20—they would serve a revised list that would **(1)** "significantly reduc[e] the number of documents," **(2)** add static "control numbers" so exhibits could be tracked across lists, **(3)** identify documents Plaintiffs added and removed, and **(4)** add a column identifying *(a)* whether a multi-document exhibit was a composite exhibit or *(b)* the specific documents in the Bates range Plaintiffs plan to use at trial.

Defendants received Plaintiffs' revised list on Wednesday, September 18, and—in attempting to process it—identified the same and additional problems that render the list non-functional.  For example:

- While Plaintiffs list nearly 12,000 "documents removed," Defendants have thus far identified **over 128,000 documents on Plaintiffs' revised list**—with more that cannot be identified due to issues described below.  There has been no meaningful reduction from the unworkable volume Defendants identified last week.  If anything, it's gotten worse.

- Numerous entries still comprise **large ranges of documents**.  For example, Control Numbers 22007 and 21975 each include around **15,000 individual documents**.  Plaintiffs still have not provided a list with the new column and information promised in **#4** above.

- Plaintiffs added **control numbers with inconsistent formats**, where some control numbers include a P-prefix (e.g., "P-00000") and others do not (e.g., "00000").  When you ignore the prefix and just compare the numbers, there are nearly 300 documents with matching control numbers where the documents do not match.

- The revised list is **riddled with Bates issues** that prevent analysis: 395 new documents do not have any Bates numbers, 458 documents have BEGIN BATES with one prefix or format and END BATES numbers with entirely different prefixes or formats, and nearly 5,000 documents have BEGIN BATES numbers but no END BATES number.

Defendants cannot emphasize enough that the continued unworkable condition of Plaintiffs' exhibit list is unacceptable and highly prejudicial to Defendants' ability to prepare for trial.

Defendants have raised each of the concerns above with Plaintiffs, most recently in emails on Thursday and

Friday.  We asked Plaintiffs to let us know by noon Saturday whether they agreed to fix these issues and provide a revised list by COB today.  We also asked Plaintiffs to confirm that they intended to comply with the parties' stipulated deadline to exchange branded exhibits with final trial exhibit numbers **today**.  In the second email, we informed Plaintiffs that—given the urgency of these issues—if we did not hear back from them we would consider the parties at an impasse.  Late Friday night, Mr. Ackerman replied and said only that he expected to have answers for us on Saturday and that Plaintiffs had hoped to have a revised list on Friday but it was "not ready."

Almost three days passed before Defendants heard from Plaintiffs.  Late this afternoon, Mr. Ackerman confirmed that Plaintiffs will **not** be providing branded exhibits to Defendants by today's stipulated deadline and promised (yet again) to serve a revised list "soon" that addresses only a fraction of Defendants' concerns.  Nearly a week after first raising these issues with you, Defendants are still without any assurances of, or timeline for obtaining, a functional exhibit list from Plaintiffs.  Defendants are preparing to serve (or have already served) our branded exhibits today, and now understand that Plaintiffs will not do the same.

We do not bring these issues to you lightly.  But the fact remains that nearly 4 weeks **after** the August 28 deadline to exchange exhibit lists and a mere 4 weeks **before** the October 21 trial, **Defendants still cannot even determine how many exhibits are on Plaintiffs' list—much less identify the documents Plaintiffs plan to use at trial.**

The prejudice to Defendants cannot be allowed to continue.  Even in a far simpler case, the failure of Plaintiffs to provide a reasonable exhibit list would be deemed prejudicial.  Here, the prejudice is magnified.  A remedy is required.  Pursuant to your warning one week ago that Plaintiffs "risk[ed] an order that could meaningfully impact Ps' ability to put on their case," the Track 1 defendants hereby request an order providing one of the following remedies:

> **Alternative 1**—Plaintiffs' exhibit list is stricken and they may not affirmatively introduce evidence.
>
> **Alternative 2**—Plaintiffs must produce by 5pm, Wednesday, September 25, 2019, a single exhibit list with no more than 5,000 documents on it.  Any exhibit containing multiple documents or improper Bates ranges will be stricken.  This is far more than Plaintiffs could ever realistically present at trial.  It would require plaintiffs to introduce exhibits at a rate of 50 per hour (or almost one per minute) under the Court's schedule.
>
> **Alternative 3**—The Special Master recommends to the Court that the trial date be removed from the Court's calendar.  Plaintiffs shall create a real exhibit list and produce it to the parties, after which a new trial date will be scheduled.

Thank you,
Kate

**BartlitBeck** LLP

Katherine M. Swift | p: 312.494.4405 | c: 773.531-6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Ackerman, David <dackerman@motleyrice.com>
**Sent:** Tuesday, September 17, 2019 9:03 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>

**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Conroy, Jayne <jconroy@simmonsfirm.com>; Mark Lanier <wml@lanierlawfirm.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Shkolnik, Hunter <Hunter@NapoliLaw.com>; Patterson, Nancy L. <nancy.patterson@morganlewis.com>; Bartle IV, Harvey <harvey.bartle@morganlewis.com>
**Subject:** RE: EXTERNAL-Re: Request for order regarding Plaintiffs' exhibit list

External E-mail

Special Master Cohen,

This responds to Defendants' email to you concerning Plaintiffs' CT1 trial exhibit list.

We were surprised to receive Defendants' email because we believed Defendants were aware that we were working on a revised list.  We participated in a telephone conference with Defendants concerning the exhibit list on September 10.  We agreed on that call to provide a revised list, and, following that call, Defendants requested that we provide the revised list by September 20.

We will beat Defendants' proposed deadline.  As I advised earlier, Plaintiffs will serve tomorrow a revised exhibit list that:

1. Reduces the total number of documents;
2. Includes "control numbers" consistent with the numbers included on Plaintiffs' August 28 list;
3. Identifies the documents that have been removed from the prior list; and
4. Identifies the documents that have been added to the revised list.

If, after receiving our revised list, Defendants still have questions or issues, we remain available to discuss those matters with them.  As with all discovery disputes, the parties should seek your involvement only when matters are at an impasse.

With respect to Defendants' specific complaints:

1. <u>Volume & Multiple Bates Ranges</u>

The importance and magnitude of this litigation justified the number of documents originally identified.  Nevertheless, we are significantly reducing the number of documents on our exhibit list, including by removing documents relevant only to severed or settled defendants.  That review is ongoing, and as we will advise Defendants as we remove additional exhibits from the list.

However, Defendants' complaints about exhibits that cite multiple document ranges only tells half of the story.  As we explained to Defendants on our call, Plaintiffs designated entire document families as exhibits in order to avoid completeness objections.  Certain of the exhibits are large because they were based on the bates ranges Defendants identified in metadata as comprising a single family.  For example, our re-review identified 8 entries encompassing documents produced by Endo with incorrect metadata, including exhibits P-6722 and P-6724 identified in Defendants' email.  (The metadata for exhibits P-6722 and P-6724 include overlapping bates ranges, oddly indicating that a document belongs to more than one document family.)  Those 8 exhibits totaled 111,932 constituent documents (more than 511,000 pages) because the metadata identified each document "family" as consisting of more than 3,000 documents.  After correcting for Endo's metadata errors, those same 8 exhibit entries now total only 314 pages.

We requested that Defendants waive any completeness objections, which would have enabled us to significantly reduce the bates ranges in many of our exhibit entries.  Defendants refused.

With respect to these exhibits, we offer to include a column on the exhibit list that identifies (1) whether the document is a composite exhibit; and (2) if the document is not a composite exhibit, the identity of the family members that Plaintiffs actually intend to use at trial (as opposed to the family members included for completeness).  This column may not be ready for tomorrow, but we hope to provide it to Defendants by Friday, September 20.  In the interim, if Defendants have questions regarding specific exhibits on the list we will forward tomorrow, they can reach out to us and we will advise which documents we intend to use at trial.

2. <u>Missing Bates Ranges</u>

We are working to identify any documents that lack bates ranges on the exhibit list.  Defendants are correct that many of these documents are exhibits to depositions and likely will be identified as "Exhibit X to Smith Deposition."  If there are documents that Defendants are unable to locate, we will work with them.

3. <u>Exhibit Numbering</u>

On the September 10 telephone call, we discussed with Defendants the option of including "control numbers" for each document.  These "control numbers" will remain static throughout the process and will correspond with the numbers that appear on our August 30 exhibit list.  Given the ever-changing universe of Defendants who will appear at trial, Plaintiffs do not want to assign final trial exhibit numbers at this time.  The "control numbers" – which Defendants themselves proposed – should serve as an adequate substitute.  When we assign final exhibit numbers, we will identify for Defendants the "control number" associated with the document.

We believe this addresses the matters raised in Defendants' email.  If you wish to discuss this further, I am in a deposition Wednesday, but available all day Thursday and Friday.

Respectfully,
David Ackerman

**David I. Ackerman** | Attorney at Law | Motley Rice LLC
401 9th St. NW, Suite 1001 | Washington, DC 20004 | dackerman@motleyrice.com
o. 202.849.4962 x5962 | c. 202.997.1217 | f. 202.386.9622

---

**From:** Ackerman, David
**Sent:** Tuesday, September 17, 2019 1:01 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Conroy, Jayne <jconroy@simmonsfirm.com>; Mark Lanier <wml@lanierlawfirm.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Shkolnik, Hunter <Hunter@NapoliLaw.com>; Patterson, Nancy L. <nancy.patterson@morganlewis.com>; Bartle IV, Harvey <harvey.bartle@morganlewis.com>
**Subject:** RE: EXTERNAL-Re: Request for order regarding Plaintiffs' exhibit list

Special Master Cohen,

We are working on a full response and will provide it later today or this evening.  (I am traveling today and will be reliant on airplane internet connections so I am hesitant to provide a set time).

The short version is:  As we advised Defendants during our last call, Plaintiffs are working on a revised exhibit list that will reduce the number of exhibits and address other "issues" in Defendants' email (a number of which are attributable to the manner in which Defendants produced documents to us).   We expect to provide the revised list tomorrow.

Had Defendants reached out to us before their email to you, we would have told them this directly.

David

**David I. Ackerman** | Attorney at Law | Motley Rice LLC
401 9th St. NW, Suite 1001 | Washington, DC 20004 | dackerman@motleyrice.com
o. 202.849.4962 x5962 | c. 202.997.1217 | f. 202.386.9622

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, September 17, 2019 12:36 PM
**To:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Conroy, Jayne <jconroy@simmonsfirm.com>; Mark Lanier <wml@lanierlawfirm.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Ackerman, David <dackerman@motleyrice.com>; Shkolnik, Hunter <Hunter@NapoliLaw.com>; Patterson, Nancy L. <nancy.patterson@morganlewis.com>; Bartle IV, Harvey <harvey.bartle@morganlewis.com>
**Subject:** EXTERNAL-Re: Request for order regarding Plaintiffs' exhibit list

I am not liking these reports from Ds about Ps' failures to timely streamline their exhibit and witness lists to something realistic and useful to opposing parties and the Court.  I have no doubt that Ps would not accept similar actions by Ds without complaint.

I expect a response from Ps today that addresses **fully** the issues raised here.  Failure to do so risks an order that could meaningfully impact Ps' ability to put on their case.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>
**Sent:** Tuesday, September 17, 2019 11:56 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Jayne Conroy

<jconroy@simmonsfirm.com>; W. Lanier <wml@lanierlawfirm.com>; PWeinberger@spanglaw.com <PWeinberger@spanglaw.com>; dackerman@motleyrice.com <dackerman@motleyrice.com>; Hunter Shkolnik <hunter@napolilaw.com>; Patterson, Nancy L. <nancy.patterson@morganlewis.com>; Bartle IV, Harvey <harvey.bartle@morganlewis.com>
**Subject:** Request for order regarding Plaintiffs' exhibit list

Dear Special Master Cohen,

The remaining Defendants in the Track One trial request that you order Plaintiffs to, by September 20, 2019: (1) pare down the number of documents listed on their exhibit list from over 120,000 to a number that is equal to or less than that of Defendants' combined exhibit lists (approximately 40,000); and (2) serve a functional exhibit list that identifies the exhibit numbers Plaintiffs will actually use at trial.  We further request that you (3) order Plaintiffs to refrain from re-numbering their exhibits past that deadline, and (4) preclude Plaintiffs from using at trial any exhibits identified as part of a Bates range, as opposed to an individual document with its own exhibit number, on Plaintiffs' list.  Defendants acknowledge that compilation exhibits may be appropriate in light of F.R.E. 1006, but respectfully request an order that any such compilation exhibits must (1) encompass truly similar documents (e.g., daily reports submitted over a period of time), and (2) be clearly described as a compilation exhibit in the parties' exhibit list.  Defendants have a limited number of such compilation exhibits – all clearly marked – on their respective lists.

On the August 28 deadline for exchanging exhibit lists, Plaintiffs served a list of approximately 20,000 documents.  Two days later, Plaintiffs served an "amended" exhibit list that had ballooned to **at least 120,000 documents**.  Plaintiffs' current list is **at least three times the size of all Track 1 trial Defendants' exhibit lists combined**, though the exact number of Plaintiffs' list is still unknown because Plaintiffs cite large swaths of documents as single exhibits and, in some instances, entire document productions.  For example, Exhibit No. P-6724—a single entry on Plaintiffs' list—comprises more than 51,100 documents all by itself.  Similarly, P-6722 comprises over 12,100 documents.

In addition, Plaintiffs listed approximately 12,000 documents that lack Bates ranges or other identifying information.  Defendants understand that some of these documents are either (1) court-related documents (e.g., deposition transcripts, deposition exhibits, discovery responses) or (2) publicly available documents relied on by Plaintiffs' experts which will be identified by exhibit number.  For documents that do not fall into either of these two categories, Defendants request that Plaintiffs provide the Bates ranges or other appropriate identifying information.

To compound these problems, Plaintiffs changed exhibit numbers between their original list and their amended list without providing any cross-reference table, making it impossible for Defendants to determine what changed.  Plaintiffs have refused to keep their exhibit numbers static, or even to retain a static control exhibit number on their list—which is necessary for Defendants to track changes—and have insisted that they will keep changing their exhibit numbers until some unknown date in the future, which they refuse to provide.

This is unacceptable.  Plaintiffs' snowballing, fluctuating list, and their refusal to maintain static exhibit numbers, have made it impossible for Defendants even to determine how many documents are on the list, much less figure out which specific documents Plaintiffs actually intend to offer at trial.  As you know, Plaintiffs employed a similar tactic when they indiscriminately designated hundreds of hours of deposition testimony that would never be played at trial.

Defendants discussed these issues with Plaintiffs on September 6, 2019 and again on September 9, 2019.  Plaintiffs have refused to fix these problems, or even provide a timeline by which they will serve a pared-down list.

In short, Plaintiffs are not providing Defendants a fair chance to prepare for trial.

Given the sheer size of Plaintiffs' exhibit list, an order requiring Plaintiffs to finalize their list and fix the problems with it by September 20, 2019, is necessary. The Plaintiffs' delay to date has already prejudiced Defendants and deprived us of adequate time to prepare for the October 21, 2019 trial. We would greatly appreciate your urgent assistance with these issues.

Best regards,
Wendy

**Wendy West Feinstein**
**Morgan, Lewis & Bockius LLP**
One Oxford Centre, Thirty-Second Floor | Pittsburgh, PA 15219-6401
Direct: +1.412.560.7455 | Main: +1.412.560.3300 | Fax: +1.412.560.7001 | Mobile: +1.412.337.5862
wendy.feinstein@morganlewis.com | www.morganlewis.com
Assistant: Tammy L. Miller | +1.412.560.7456 | tammy.miller@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com