# EXHIBIT D

| | |
|---|---|
| **Subject:** | Objections to Plaintiffs' 9/25 Exhibit List |
| **Date:** | Friday, September 27, 2019 at 4:45:06 PM Mountain Daylight Time |
| **From:** | Alex Harris |
| **To:** | Ackerman, David |
| **CC:** | mdl2804discovery@motleyrice.com, xALLDEFENDANTS-MDL2804-Service |
| **Attachments:** | RE: EXTERNAL-Opioids MDL - Follow up re: Exhibits.eml, Sample Set of Inaccurate Descriptions.xlsx |

David,

Defendants have only begun to evaluate the exhibit list you served Wednesday evening, a month after the deadline, but many of the issues we raised with plaintiffs' four previous lists have still not been addressed in the 9/25 list.  Plaintiffs continued failures to provide a functional list or branded trial exhibits make it impossible for defendants even to identify what documents are on plaintiffs' list—much less to lodge objections.  Indeed, we have had plaintiffs' most recent list for only two days.  There was no way for defendants to review the list and make line-by-line objections by today's agreed deadline.  For that reason, and the reasons below, **Defendants object to plaintiffs' 9/25 exhibit list in its entirety**.

1. Four days after the stipulated 9/23 deadline for branded and stickered trial exhibits—a deadline every single defendant has complied with—plaintiffs have not provided a single trial-ready exhibit and have provided no timeline for completing that task, suggesting it will be on a rolling basis between now and trial.  Defendants cannot provide objections, or prepare for trial, when we do not have the actual exhibits plaintiffs intend to use at trial.  The unfairness and resulting prejudice is only compounded by the continued unworkable condition of plaintiffs' exhibit list.

2. Based on our preliminary review, plaintiffs' 9/25 list still includes over 112,000 documents.  This includes what are purported to be single exhibits that contain thousands or even tens of thousands of separate documents.  To name a few examples, P-11041 contains over 40,000 documents, P-12721 contains over 9,000 documents, and P-11044 contains over 8,000 documents.

    a. In your email to my colleague Kate Swift on Monday, you asked again whether defendants would waive completeness objections to plaintiffs' exhibits comprising large numbers of separate documents.  Defendants addressed the completeness issues in Lindsey Cohan's email more than 2 weeks ago (attached).  Plaintiffs never responded.  We are willing to discuss, but our position is laid out in Lindsey's email and has not changed.

    b. Confronted with these persistent issues, your response has been to point the finger at the producing party and blame them for bad metadata.  That is beside the point.  This is plaintiffs' list.  Presumably you have looked at the documents and know what portion of them you intend to introduce at trial and can identify it.  In fact, you promised to do so.

    c. The 9/25 list includes a new column that identifies only whether a document is a single document or a family range.  This is **not** what you promised to the Special Master and defendants in your email 10 days ago, which was "to include a column on the exhibit list

    that identifies (1) whether the document is a composite exhibit; and (2) if the document is not a composite exhibit, the identity of the family members that Plaintiffs actually intend to use at trial (as opposed to the family members included for completeness)."

3. When defendants manually reviewed a random set of 35 documents produced by plaintiffs (with Bates numbers beginning PLTF_2804), 25 of them, or over 70%, had descriptions that did not match the actual document (see attached chart).  Absent manual review of all 11,940 exhibits in the PLTF_2804 set, it is impossible to know whether **any** description matches the actual exhibit.  This alone renders plaintiffs' list unacceptable.

4. According to our preliminary review of the 9/25 list, 3,840 entries have a BEGIN BATES but no END BATES value.  607 entries have neither a BEGIN BATES or an END BATES value.  At least 2,124 entries have insufficient descriptions and 78 have no description at all.

    a. Again, your response to these problems has been (1) to argue that website addresses or descriptions should allow defendants to identify documents with missing Bates numbers manually "in most cases" or (2) to blame the producing party for bad metadata that prevents an actual description.  Again, both responses are beside the point.  As to the former, the parties agreed to provide Bates numbers for all documents on our exhibit lists in the Joint Stipulation submitted to the Court on August 19, 2019.  As to the latter, if plaintiffs included these documents on their exhibit list we assume you know what they are and can provide a description regardless of metadata.

5. Defendants have identified clawed-back documents on the 9/25 list, including documents with descriptions that should have immediately alerted plaintiffs to the problem.  For example, CAH_MDL2804_02432257 was clawed back by Cardinal based on privilege and yet appears as P-09792 with the description "Email between outside counsel and Robert Giacalone (Cardinal counsel)."  Likewise, Teva_MDL_A_06925565 has been clawed back but appears as P-08830.

6. On Wednesday, in two separate emails, Tara Fumerton alerted the Special Master and plaintiffs to the fact that the 9/23 list still included numerous documents produced by severed defendants Anda, CVS, Discount Drug Mart, HBC, H.D. Smith, Prescription Supply, Rite Aid, and Walmart.  The 9/25 list you served later that day still contains those documents.

Defendants continue to be prejudiced by plaintiffs' failure to clearly and appropriately identify the documents they intend to use at trial.  That prejudice increases each day.  Because plaintiffs have failed to provide a functional exhibit list or branded trial exhibits, defendants object to plaintiffs' 9/25 exhibit list in its entirety and reserve all rights to further relief.

BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.