# EXHIBIT H

**Subject:** Re: Objections to Plaintiffs' 9/25 Exhibit List
**Date:** Saturday, September 28, 2019 at 6:22:31 PM Mountain Daylight Time
**From:** David R. Cohen (David@SpecialMaster.Law)
**To:** Kate Swift
**CC:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com, 2804 Discovery, MDL

External E-mail

I will not be striking plaintiffs' exhibit list, nor recommending to the Court that the trial date be removed from the Court's calendar.  We will discuss this on Tuesday, and I expect by COB Monday Plaintiffs will have undertaken last best efforts to address **fully and meaningfully _all_** of defendants' complaints.  After that, it is Judge Polster who will pass on whether defendants' requests should be granted.  Time is up.
-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
[www.SpecialMaster.law](www.SpecialMaster.law)

---

**From:** Kate Swift <kate.swift@bartlitbeck.com>
**Sent:** Saturday, September 28, 2019 4:53 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** FW: Objections to Plaintiffs' 9/25 Exhibit List

Special Master Cohen,

Last night defendants served the objections below regarding plaintiffs' 9/25 exhibit list.  We objected to the list **in its entirety**.  A full month after the 8/28 deadline to exchange lists, and despite five iterations of plaintiffs' list, it remains impossible to determine what documents are on plaintiffs' list or what they intend to use at trial.  More than ten days after your 9/17 email directing plaintiffs to streamline their 120,000-document exhibit list or risk sanction, plaintiffs' list still contains at least 112,000 documents.  And despite plaintiffs' representation this week in Cleveland that they would be producing branded exhibits imminently, they still have not done so, now five days after the 9/23 deadline.

Plaintiffs likewise failed to serve **any** objections to defendants' exhibit lists, despite yesterday's stipulated deadline, and despite the fact that plaintiffs have had defendants' lists for a full month, and that plaintiffs received defendants' branded exhibits on 9/23.  Plaintiffs should be precluded from belatedly objecting to defendants' exhibits and should be found to have waived all objections.

The prejudice to defendants from plaintiffs' failures to meet any of these pretrial deadlines as we attempt to prepare for trial increases with every passing day.  We therefore reiterate the requests made in Ms. Flahive Wu's 9/27 letter to you:  We ask that you strike plaintiffs' exhibit list.  In the alternative—if you are inclined to

give plaintiffs still more time to correct their repeated failings—we respectfully ask that you recommend to the Court that the trial date be immediately removed from the Court's calendar.

Thank you,
Kate

**BartlitBeck** LLP

Katherine M. Swift | p: 312.494.4405 | c: 773.531-6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Alex Harris <alex.harris@bartlitbeck.com>
**Sent:** Friday, September 27, 2019 5:45 PM
**To:** Ackerman, David <dackerman@motleyrice.com>
**Cc:** mdl2804discovery@motleyrice.com; xALLDEFENDANTS-MDL2804-Service <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>
**Subject:** Objections to Plaintiffs' 9/25 Exhibit List

External E-mail

David,

Defendants have only begun to evaluate the exhibit list you served Wednesday evening, a month after the deadline, but many of the issues we raised with plaintiffs' four previous lists have still not been addressed in the 9/25 list.  Plaintiffs continued failures to provide a functional list or branded trial exhibits make it impossible for defendants even to identify what documents are on plaintiffs' list—much less to lodge objections.  Indeed, we have had plaintiffs' most recent list for only two days. There was no way for defendants to review the list and make line-by-line objections by today's agreed deadline.  For that reason, and the reasons below, **Defendants object to plaintiffs' 9/25 exhibit list in its entirety**.

1. Four days after the stipulated 9/23 deadline for branded and stickered trial exhibits—a deadline every single defendant has complied with—plaintiffs have not provided a single trial-ready exhibit and have provided no timeline for completing that task, suggesting it will be on a rolling basis between now and trial.  Defendants cannot provide objections, or prepare for trial, when we do not have the actual exhibits plaintiffs intend to use at trial.  The unfairness and resulting prejudice is only compounded by the continued unworkable condition of plaintiffs' exhibit list.

2. Based on our preliminary review, plaintiffs' 9/25 list still includes over 112,000 documents. This includes what are purported to be single exhibits that contain thousands or even tens of thousands of separate documents.  To name a few examples, P-11041 contains over 40,000 documents, P-12721 contains over 9,000 documents, and P-11044 contains over 8,000 documents.

    a. In your email to my colleague Kate Swift on Monday, you asked again whether defendants would waive completeness objections to plaintiffs' exhibits comprising large numbers of separate documents.  Defendants addressed the completeness issues in Lindsey Cohan's email more than 2 weeks ago (attached).  Plaintiffs never responded.

> We are willing to discuss, but our position is laid out in Lindsey's email and has not changed.

   b. Confronted with these persistent issues, your response has been to point the finger at the producing party and blame them for bad metadata.  That is beside the point.  This is plaintiffs' list.  Presumably you have looked at the documents and know what portion of them you intend to introduce at trial and can identify it.  In fact, you promised to do so.

   c. The 9/25 list includes a new column that identifies only whether a document is a single document or a family range.  This is **not** what you promised to the Special Master and defendants in your email 10 days ago, which was "to include a column on the exhibit list that identifies (1) whether the document is a composite exhibit; and (2) if the document is not a composite exhibit, the identity of the family members that Plaintiffs actually intend to use at trial (as opposed to the family members included for completeness)."

3. When defendants manually reviewed a random set of 35 documents produced by plaintiffs (with Bates numbers beginning PLTF_2804), 25 of them, or over 70%, had descriptions that did not match the actual document (see attached chart).  Absent manual review of all 11,940 exhibits in the PLTF_2804 set, it is impossible to know whether **any** description matches the actual exhibit.  This alone renders plaintiffs' list unacceptable.

4. According to our preliminary review of the 9/25 list, 3,840 entries have a BEGIN BATES but no END BATES value.  607 entries have neither a BEGIN BATES or an END BATES value.  At least 2,124 entries have insufficient descriptions and 78 have no description at all.

   a. Again, your response to these problems has been (1) to argue that website addresses or descriptions should allow defendants to identify documents with missing Bates numbers manually "in most cases" or (2) to blame the producing party for bad metadata that prevents an actual description.  Again, both responses are beside the point.  As to the former, the parties agreed to provide Bates numbers for all documents on our exhibit lists in the Joint Stipulation submitted to the Court on August 19, 2019.  As to the latter, if plaintiffs included these documents on their exhibit list we assume you know what they are and can provide a description regardless of metadata.

5. Defendants have identified clawed-back documents on the 9/25 list, including documents with descriptions that should have immediately alerted plaintiffs to the problem.  For example, CAH_MDL2804_02432257 was clawed back by Cardinal based on privilege and yet appears as P-09792 with the description "Email between outside counsel and Robert Giacalone (Cardinal counsel)."  Likewise, Teva_MDL_A_06925565 has been clawed back but appears as P-08830.

6. On Wednesday, in two separate emails, Tara Fumerton alerted the Special Master and plaintiffs to the fact that the 9/23 list still included numerous documents produced by severed defendants Anda, CVS, Discount Drug Mart, HBC, H.D. Smith, Prescription Supply, Rite Aid, and Walmart.  The 9/25 list you served later that day still contains those documents.

Defendants continue to be prejudiced by plaintiffs' failure to clearly and appropriately identify the documents they intend to use at trial.  That prejudice increases each day.  Because plaintiffs have failed to provide a functional exhibit list or branded trial exhibits, defendants object to plaintiffs' 9/25

exhibit list in its entirety and reserve all rights to further relief.

## BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com