# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION | MDL 2804 |
| OPIATE LITIGATION | Case No. 17-md-2804 |
| *This document relates to:* | Hon. Dan Aaron Polster |
| Track One Cases | |

### EXHIBIT 4 – PLAINTIFF'S PROPOSED VERDICT FORM AND DEFENDANTS' OBJECTIONS

The following is Plaintiffs' proposed verdict form.[1]  Defendants' summary objections follow the proposed verdict form.

---

[1] The verdict form below was shared with Defendants on October 1, 2019.  Plaintiffs reserve the right to make future changes, including any changes necessary to conform Plaintiffs' proposed verdict form to Plaintiffs' proposed jury instructions.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 1:17-cv-02804<br>Judge Dan Aaron Polster<br>Magistrate Judge Ruiz |
| THE COUNTY OF CUYAHOGA, OHIO and THE COUNTY OF SUMMIT, OHIO,<br><br>　　　　Plaintiffs,<br><br>　　　　　　　v.<br><br>JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ORTHOMCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON; TEVA PHARMACEUTICAL INDUSTRIES LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS, LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; WARNER CHILCOTT COMPANY, LLC; ACTAVIS SOUTH ATLANTIC LLC; ACTAVIS ELIZABETH LLC; ACTAVIS MID ATLANTIC LLC; ACTAVIS TOTOWA LLC; ACTAVIS KADIAN LLC; ACTAVIS LABORATORIES UT, INC. f/k/a WATSON LABORATORIES, INC.-SALT LAKE CITY; ACTAVIS LABORATORIES FL, INC., f/k/a WATSON LABORATORIES, INC.-FLORIDA; CARDINAL HEALTH, INC.; MCKESSON CORPORATION; AMERISOURCEBERGEN CORPORATION; HENRY SCHEIN, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; WALGREEN CO.; AND WALGREEN EASTERN CO.<br><br>　　　　Defendants. | Case No. 1:18-op-45090 |

**PLAINTIFFS' [PROPOSED] VERDICT FORM**

In answering the questions on this form, use the following definitions for the Defendants:

"Actavis" refers to Watson Laboratories, Inc. ("Watson"), Warner Chilcott Company, LLC ("Warner Chilcott"), Actavis Pharma, Inc., f/k/a Watson Pharma, Inc. ("Actavis Pharma"), Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic, LLC, Actavis Totowa LLC, Actavis LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc., f/k/a Watson Laboratories, Inc.- Salt Lake City ("Actavis Labs UT"), and Actavis Laboratories, FL, Inc., f/k/a Watson Laboratories, Inc. ("Actavis Labs FL");

"Teva" refers to any one or more of Teva Pharmaceuticals USA, Inc. ("Teva USA Inc."), Teva Pharmaceutical Industries Ltd. (Teva Ltd."), and Cephalon, Inc.;

"Janssen" refers to any one or more of Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., OrthoMcNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. (collectively "Janssen Pharmaceuticals") and/or Johnson & Johnson;

"McKesson" refers to McKesson Corporation;

"Cardinal" refers to Cardinal Health, Inc.;

"AmerisourceBergen" refers to AmerisourceBergen Corporation;

"Henry Schein" refers to either or both of Henry Schein, Inc. and Henry Schein Medical Systems, Inc. ("Schein Medical Systems");

"Walgreens" refers to Walgreen Co. and Walgreen Eastern Co.

**PUBLIC NUISANCE**

On Plaintiffs' claim for public nuisance, do you find that Plaintiffs have proven by a preponderance of the evidence that the increased availability of prescription opioids has unreasonably interfered with the public health, public safety, public peace, or public comfort and

1

therefore constitutes a public nuisance in Cuyahoga and/or Summit County? (Answer separately for each Plaintiff.)

        a.      Cuyahoga County      Yes _____     No _____
        b.      Summit County        Yes _____     No _____

      If you answered yes to either or both of Question 1a and 1b, which if any of the following Defendants' conduct was a substantial factor in creating, or maintaining the public nuisance in Cuyahoga and/or Summit Counties?

| Defendant | Cuyahoga | Summit |
|---|---|---|
| **Watson** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Warner Chilcott** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis Pharma** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis South Atlantic LLC** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis Elizabeth LLC** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis Mid Atlantic, LLC** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis Totowa LLC** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis LLC** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis Kadian LLC** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis Labs UT** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Actavis Labs FL** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Teva USA, Inc.** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Teva Ltd.** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Cephalon, Inc.** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Janssen Pharmaceuticals Johnson & Johnson** | Cuyahoga: Yes \_\_\_ No \_\_\_  Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_  Summit: Yes \_\_\_ No \_\_\_ |
| **McKesson** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **AmerisourceBergen** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Cardinal** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Henry Schein, Inc.** | | Summit: Yes \_\_\_ No \_\_\_ |
| **Schein Medical Systems** | | Summit: Yes \_\_\_ No \_\_\_ |
| **Walgreen Co.** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |
| **Walgreen Eastern Co.** | Cuyahoga: Yes \_\_\_ No \_\_\_ | Summit: Yes \_\_\_ No \_\_\_ |

If you answered yes to any part of Question 2, do you find that Plaintiffs have proven by a preponderance of the evidence that the conduct of one or more of the Defendants in creating or maintaining the nuisance was intentional and unreasonable, or in violation of a statute for the protection of others?

| | | |
|---|---|---|
| Teva USA, Inc. | Yes ___ | No____ |
| Teva Ltd. | Yes ___ | No____ |
| Cephalon, Inc. | Yes ___ | No____ |
| Janssen Pharmaceuticals | Yes ___ | No____ |
| Johnson & JohnsonWatson | Yes ___ | No____ |
| Warner Chilcott | Yes ___ | No____ |
| Actavis Pharma | Yes ___ | No____ |
| Actavis South Atlantic LLC | Yes ___ | No____ |
| Actavis Elizabeth LLC | Yes ___ | No____ |
| Actavis Mid Atlantic, LLC | Yes ___ | No____ |
| Actavis Totowa LLC | Yes ___ | No____ |
| Actavis LLC | Yes ___ | No____ |
| Actavis Kadian LLC | Yes ___ | No____ |
| Actavis Labs UT | Yes ___ | No____ |
| Actavis Labs, FL | Yes ___ | No____ |
| McKesson | Yes___ | No____ |
| AmerisourceBergen | Yes___ | No____ |
| Cardinal | Yes___ | No____ |
| Henry Schein, Inc. | Yes___ | No____ |
| Schein Medical Systems | Yes___ | No____ |
| Walgreen Co. | Yes___ | No____ |
| Walgreen Eastern Co. | Yes___ | No____ |

If you answered yes to any part of Question 2, do you find that Plaintiffs have proven by clear and convincing evidence that the conduct of one or more of the Defendants in creating or maintaining the nuisance warrants imposing punitive damages?

| | | |
|---|---|---|
| Teva USA, Inc. | Yes _____ | No____ |
| Teva Ltd. | Yes _____ | No____ |
| Cephalon, Inc. | Yes _____ | No____ |

3

| | | |
|---|---|---|
| **Janssen Pharmaceuticals** | Yes ____ | No____ |
| **Johnson & Johnson** | Yes ____ | No____ |
| **Watson** | Yes____ | No____ |
| **Warner Chilcott** | Yes____ | No____ |
| **Actavis Pharma** | Yes____ | No____ |
| **Actavis South Atlantic LLC** | Yes____ | No____ |
| **Actavis Elizabeth LLC** | Yes____ | No____ |
| **Actavis Mid Atlantic, LLC** | Yes____ | No____ |
| **Actavis Totowa LLC** | Yes____ | No____ |
| **Actavis LLC** | Yes____ | No____ |
| **Actavis Kadian LLC** | Yes____ | No____ |
| **Actavis Labs UT** | Yes____ | No____ |
| **Actavis Labs, FL** | Yes____ | No____ |
| **McKesson** | Yes____ | No____ |
| **AmerisourceBergen** | Yes____ | No____ |
| **Cardinal** | Yes____ | No____ |
| **Henry Schein, Inc.** | Yes____ | No____ |
| **Henry Schein Medical Systems, Inc.** | Yes____ | No____ |
| **Walgreen Co.** | Yes____ | No____ |
| **Walgreen Eastern Co.** | Yes____ | No____ |

If you answered yes to any part of Question 4, please state the amount of punitive damages you award from such Defendant(s).

| | |
|---|---|
| **Teva USA, Inc.** | $_____ |
| **Teva Ltd.** | $_____ |
| **Cephalon, Inc.** | $_____ |
| **Janssen Pharmaceuticals** | $_____ |
| **Johnson & Johnson** | $_____ |
| **Watson** | $_____ |
| **Warner Chilcott** | $_____ |
| **Actavis Pharma** | $_____ |
| **Actavis South Atlantic LLC** | $_____ |
| **Actavis Elizabeth LLC** | $_____ |
| **Actavis Mid Atlantic, LLC** | $_____ |
| **Actavis Totowa LLC** | $_____ |
| **Actavis LLC** | $_____ |

| | |
|---|---|
| **Actavis Kadian LLC** | $_____ |
| **Actavis Labs UT** | $_____ |
| **Actavis Labs, FL** | $_____ |
| **McKesson** | $_____ |
| **AmerisourceBergen** | $_____ |
| **Cardinal** | $_____ |
| **Henry Schein, Inc.** | $_____ |
| **Schein Medical Systems** | $_____ |
| **Walgreen Co.** | $_____ |
| **Walgreen Eastern Co.** | $_____ |

**VIOLATION OF FEDERAL RICO ACT – OPIOID MARKETING ENTERPRISE**

On Plaintiffs' federal RICO marketing enterprise claim, do you find that Plaintiffs have proven by a preponderance of the evidence that any of the Defendants violated the federal RICO Act? (Answer separately for each Defendant.)

| | | |
|---|---|---|
| **Teva USA, Inc.** | Yes _____ | No _____ |
| **Teva Ltd.** | Yes _____ | No _____ |
| **Cephalon, Inc.** | Yes _____ | No _____ |
| **Janssen Pharmaceuticals** | Yes _____ | No _____ |
| **Johnson & Johnson** | Yes _____ | No _____ |

If you answered YES to Question 6, do you find that Plaintiffs brought their RICO marketing enterprise claim within the applicable statute of limitations? (Answer separately for each Plaintiff.)

Cuyahoga County     Yes _____     No _____

Summit County        Yes _____     No _____

5

If you answered YES to Question 6 as to any of the Defendants, and YES to Question 7 as to either or both Plaintiffs, please state the amount of injury to the business or property of each Plaintiff that was proximately caused by Defendants' racketeering activity:

Cuyahoga County:  $_____

Summit County:    $_____

**VIOLATION OF FEDERAL RICO ACT – OPIOID SUPPLY CHAIN ENTERPRISE**

On Plaintiffs' federal RICO supply chain enterprise claim, do you find that Plaintiffs have proven by a preponderance of the evidence that any of the Defendants violated the federal RICO Act? (Answer separately for each Defendant.)

| Defendant | Yes | No |
|---|---|---|
| **Teva USA, Inc.** | _____ | _____ |
| **Teva Ltd.** | _____ | _____ |
| **Cephalon, Inc.** | _____ | _____ |
| **Watson** | _____ | _____ |
| **Warner Chilcott** | _____ | _____ |
| **Actavis Pharma** | _____ | _____ |
| **Actavis South Atlantic LLC** | _____ | _____ |
| **Actavis Elizabeth LLC** | _____ | _____ |
| **Actavis Mid Atlantic, LLC** | _____ | _____ |
| **Actavis Totowa LLC** | _____ | _____ |
| **Actavis LLC** | _____ | _____ |
| **Actavis Kadian LLC** | _____ | _____ |
| **Actavis Labs UT** | _____ | _____ |
| **Actavis Labs, FL** | _____ | _____ |
| **McKesson** | _____ | _____ |
| **AmerisourceBergen** | _____ | _____ |
| **Cardinal** | _____ | _____ |

If you answered YES to Question 9, do you find that Plaintiffs brought their RICO supply chain enterprise claim within the applicable statute of limitations? (Answer separately for each Plaintiff.)

Cuyahoga County     Yes _____     No _____

Summit County       Yes _____     No _____

If you answered YES to Question 9 as to any of the Defendants, and YES to Question 10 as to either or both Plaintiffs, please state the amount of injury to Plaintiffs' business or property that was proximately caused by Defendants' racketeering activity:

Cuyahoga County:  $_____

Summit County:    $_____

**VIOLATION OF OHIO CORRUPT PRACTICES ACT – OPIOID MARKETING ENTERPRISE**

On Plaintiffs' Ohio Corrupt Practices Act Opioid Marketing Enterprise claim, do you find that Plaintiffs have proven by a preponderance of the evidence that any of the Defendants violated the Ohio Corrupt Practices Act? (Answer separately for each Defendant.)

| | | |
|---|---|---|
| **Teva USA, Inc.** | Yes _____ | No _____ |
| **Teva Ltd.** | Yes _____ | No _____ |
| **Cephalon, Inc.** | Yes _____ | No _____ |
| **Janssen Pharmaceuticals** | Yes _____ | No _____ |
| **Johnson & Johnson** | Yes _____ | No _____ |

If you answered YES to Question 12 as to any of the Defendants, do you find that Plaintiffs have proven by clear and convincing evidence that any of the Defendants violated the Ohio Corrupt Practices Act? (Answer separately for each Defendant.)

| | | |
|---|---|---|
| **Teva USA, Inc.** | Yes _____ | No _____ |
| **Teva Ltd.** | Yes _____ | No _____ |

**Cephalon, Inc.**                     Yes _____   No _____
**Janssen Pharmaceuticals**            Yes _____   No _____
**Johnson & Johnson**                  Yes _____   No _____

If you answered YES to Question 12, do you find that Plaintiffs brought their OCPA marketing enterprise claim within the applicable statute of limitations? (Answer separately for each Plaintiff.)

Cuyahoga County     Yes _____     No _____

Summit County       Yes _____     No _____

If you answered YES to Question 12 as to any of the Defendants, and YES as to Question 14 as to either or both Plaintiffs, please state the amount of injury to Plaintiffs that was proximately caused by Defendants' acts that violated the Ohio Corrupt Practices Act:

Cuyahoga County: $_____

Summit County:   $_____

**VIOLATION OF OHIO CORRUPT PRACTICES ACT – OPIOID SUPPLY CHAIN ENTERPRISE)**

On Plaintiffs' Ohio Corrupt Practices Act Opioid Supply Chain Enterprise claim, do you find that Plaintiffs have proven by a preponderance of the evidence that any of the Defendants violated the Ohio Corrupt Practices Act? (Answer separately for each Defendant.)

| Defendant | | |
|---|---|---|
| **Watson** | Yes____ | No____ |
| **Warner Chilcott** | Yes____ | No____ |
| **Actavis Pharma** | Yes____ | Yes____ |
| **Actavis South Atlantic LLC** | Yes____ | No____ |
| **Actavis Elizabeth LLC** | Yes____ | No____ |
| **Actavis Mid Atlantic, LLC** | Yes____ | No____ |
| **Actavis Totowa LLC** | Yes____ | No____ |
| **Actavis LLC** | Yes____ | No____ |

8

| | | |
|---|---|---|
| **Actavis Kadian LLC** | Yes____ | No____ |
| **Actavis Labs UT** | Yes____ | No____ |
| **Actavis Labs, FL** | Yes____ | No____ |
| **Teva USA, Inc.** | Yes____ | No____ |
| **Teva Ltd.** | Yes____ | No____ |
| **Cephalon, Inc.** | Yes____ | No____ |
| **McKesson** | Yes____ | No____ |
| **AmerisourceBergen** | Yes____ | No____ |
| **Cardinal** | Yes____ | No____ |

If you answered YES to Question 16 as to any of the Defendants, do you find that Plaintiffs have proven by clear and convincing evidence that any of the Defendants violated the Ohio Corrupt Practices Act by clear and convincing evidence? (Answer separately for each Defendant.)

| | | |
|---|---|---|
| **Watson** | Yes____ | No____ |
| **Warner Chilcott** | Yes____ | No____ |
| **Actavis Pharma** | Yes____ | No____ |
| **Actavis South Atlantic LLC** | Yes____ | No____ |
| **Actavis Elizabeth LLC** | Yes____ | No____ |
| **Actavis Mid Atlantic, LLC** | Yes____ | No____ |
| **Actavis Totowa LLC** | Yes____ | No____ |
| **Actavis LLC** | Yes____ | No____ |
| **Actavis Kadian LLC** | Yes____ | No____ |
| **Actavis Labs UT** | Yes____ | No____ |
| **Actavis Labs, FL** | Yes____ | No____ |
| **Teva USA, Inc.** | Yes____ | No____ |
| **Teva Ltd.** | Yes____ | No____ |
| **Cephalon, Inc.** | Yes____ | No____ |
| **McKesson** | Yes____ | No____ |
| **AmerisourceBergen** | Yes____ | No____ |
| **Cardinal** | Yes____ | No____ |

If you answered YES to Question 16, do you find that Plaintiffs brought their OCPA supply chain enterprise claim within the applicable statute of limitations? (Answer separately for each Plaintiff.)

9

Cuyahoga County    Yes _____    No _____

Summit County      Yes _____    No _____

If you answered YES to Question 16 as to any of the Defendants, and YES to Question 18 as to either or both Plaintiffs, please state the amount of injury to Plaintiffs that was proximately caused by Defendants' acts that violated the Ohio Corrupt Practices Act:

Cuyahoga County:  $_____

Summit County:    $_____

**CIVIL CONSPIRACY**

On Plaintiffs' civil conspiracy claim, do you find that Plaintiffs have proven by a preponderance of the evidence that any of the Defendants participated in a civil conspiracy? (Answer separately for each Defendant.)

| Defendant | Yes | No |
|---|---|---|
| **Teva USA, Inc.** | Yes_____ | No____ |
| **Teva Ltd.** | Yes_____ | No____ |
| **Cephalon, Inc.** | Yes_____ | No____ |
| **Janssen Pharmaceuticals** | Yes_____ | No____ |
| **Johnson & Johnson** | Yes_____ | No____ |
| **Watson** | Yes_____ | No____ |
| **Warner** | Yes_____ | No____ |
| **Actavis Pharma** | Yes_____ | No____ |
| **Actavis South Atlantic LLC** | Yes_____ | No____ |
| **Actavis Elizabeth LLC** | Yes_____ | No____ |
| **Actavis Mid Atlantic, LLC** | Yes_____ | No____ |
| **Actavis Totowa LLC** | Yes_____ | No____ |
| **Actavis LLC** | Yes_____ | No____ |
| **Actavis Kadian LLC** | Yes_____ | No____ |
| **Actavis Labs UT** | Yes_____ | No____ |
| **Actavis Labs, FL** | Yes_____ | No____ |
| **McKesson** | Yes_____ | No____ |
| **AmerisourceBergen** | Yes_____ | No____ |

| | | |
|---|---|---|
| **Cardinal** | Yes_____ | No____ |
| **Henry Schein, Inc.** | Yes_____ | No____ |
| **Henry Schein Medical Systems, Inc.** | Yes_____ | No____ |
| **Walgreen Co.** | Yes_____ | No____ |
| **Walgreen Eastern Co.** | Yes_____ | No____ |

If you answered YES to Question 20 as to any of the Defendants, do you find that Plaintiffs brought their civil conspiracy claim within the applicable statute of limitations? (Answer separately for each Plaintiff.)

Cuyahoga County     Yes _____     No _____

Summit County       Yes _____     No _____

If you answered YES to Question 20 as to any of the Defendants, and YES to Question 21 as to either or both Plaintiffs, please state the amount of injury to each of the Plaintiffs that was proximately caused by Defendants' conspiracy:

Cuyahoga County:  $_____

Summit County:    $_____

**VERDICT OF THE JURY**

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

Date:  _____, 2019

_____
Foreperson

11

**Defendants' Objections to Plaintiffs' Proposed Verdict Form**

Defendants object to Plaintiffs' proposed verdict form for multiple independent reasons:[1]

***First***, and most fundamentally, Plaintiffs propose a verdict form that is much too general—and, hence, inappropriate—in a case of this complexity and magnitude. It offers no meaningful interrogatories regarding the critical facts that the jury must find—merely a box to check as to each Defendant as to each claim. Consistent with Rule 49 and principles of due process, each corporate Defendant is entitled to have questions answered specifically as to each element of the claims brought against it—rather than what amounts to little more than a general verdict form with cursory box-checking. Fed. R. Civ. P. 49(a)-(b). This is particularly so, given that nineteen Defendants are being tried together, the number of claims asserted, the differences in whom the claims are asserted against, the complexity of the issues, and Plaintiffs' novel and unprecedented application of the law. Answers to interrogatories as to each Defendant is critical to ensure that the jury reaches a fair result as to ***each Defendant***. The same thing is true of the two Plaintiff County Governments: the interrogatories should ask the questions as to **each County**. Proof of a claim for one county does not mean that the other county has proven its claim. Due process demands nothing less in one of the most complicated cases in legal history. *See, e.g., U. S. Fid. & Guar. Co. v. Brian*, 337 F.2d 881, 882 (5th Cir. 1964), *reh'g denied and opinion modified sub nom. U.S. Fid. & Guar. Co v. Brian*, 339 F.2d 602 (5th Cir. 1965) ("Multi-party lawsuits, with complicated questions involving indemnification and contribution, justify the submission of special interrogatories to a jury in place of a request for a general verdict"); *Cate v. Good Bros.*, 181 F.2d 146, 148 (3d Cir.

---

[1] This list is not intended to be an exhaustive list of objections to Plaintiffs verdict form. Nor do these objections provide each and every argument in support of each objection. Defendants reserve the right to supplement and enhance these objections prior to submission to the jury, including based upon further refinements to jury instructions, rulings from the Court.

1950) (more detailed verdict form with special interrogatories "is salutary and to be encouraged, particularly in cases such as this where interrogatories, unlike a general verdict, assure and make explicit decision upon several issues which must be resolved before a proper disposition can be made of the case").

In addition, a more detailed verdict form will be necessary to guide the parties in understanding the jury's verdict—both for appeals in this case and for subsequent cases. This "bellwether" case is being closely watched by litigants and lawyers in this MDL proceeding and across the country. To make this "bellwether" effective as a tool to provide guidance to those parties and to evaluate resolution possibilities, a special verdict form is necessary to understand the jury's thinking as to the elements of each claim against each Defendant. Likewise, a more detailed jury verdict form is necessary to facilitate post-trial motions and legal review by the Sixth Circuit, particularly with respect to novel issues presented by this case, thereby conserving resources and promoting judicial efficiency. Indeed, in a case "involving either multiple claims or multiple theories where one of the claims is improperly submitted to the jury, the use of a special verdict form may enable an appellate court to salvage the portions of the verdict on the claims or theories properly submitted, thereby foregoing the unnecessary inconvenience, expense, and burden on the judicial system and the parties that results from having to retry the entire case." *Bone v. Refco, Inc.*, 774 F.2d 235, 243 n. 10 (8th Cir. 1985); *see also Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 568 (6th Cir. 2001) (vacating jury verdict under Tennessee law for failing to comply with state law rule that in "case with multiple claims, such as the ones here, the jury should also use a general verdict form accompanied by special interrogatories or a special verdict form"); *Ford Motor Co. v. Dallas Power & Light Co.*, 499 F.2d 400, 410 n. 18 (5th Cir. 1974)

2

(recognizing value of more detailed verdict forms with "requisite interrogatories" in newly-developing areas of the law so that "appellate court can determine legal consequences in the light of the controlling standards").

*Second*, because the verdict form does not allow for the making of the requisite factual findings necessary for each claim and theory of damages as to each Defendant, the jury verdict necessarily is flawed for the same legal reasons that Plaintiffs' underlying jury instructions are flawed: it is predicated upon misstatements of the law.  In other words, to the extent that Plaintiffs' jury instructions are flawed, Plaintiffs' generalized verdict form necessarily is, too.  Therefore, Defendants incorporate by reference their objections to Plaintiffs' proposed jury instructions, which are legally incorrect, as if restated herein in their entirety.

*Third*, even the few fact-specific questions posed to the jury in Plaintiffs' verdict form are legally incorrect or misleading.  By way of example, Plaintiffs ask the jury to make a determination as to whether Defendants' conduct "was a substantial factor in creating or maintaining" the public nuisance.  But this "substantial factor" test (apart from inaccurately described in Plaintiffs' jury instructions) ignores that proximate cause—including the directness requirement—is a core element of public nuisance claims under Ohio law, even where Plaintiffs allege a nuisance with multiple possible causes.  *See, e.g.*, *City of Cincinnati v. Deutsche Bank Nat'l Trust Co.*, 863 F.3d 474, 480 (6th Cir. 2017).  Likewise, Plaintiffs ask the jury to determine whether Plaintiffs brought their specific claims "within the applicable statute of limitations," but do not ask that question as

3

to each specific Defendant, even though this question is inherently Defendant-specific.  Plaintiffs simply ignore that the applicable statute of limitation period changes by Defendant.[2]

*Fourth*, Plaintiffs' jury verdict form includes relief that Plaintiffs have abandoned or are not permitted to seek as a matter of law.  For instance, Plaintiffs' jury verdict form asks the jury to make a determination on punitive damages, yet Plaintiffs have dropped that claim.  Furthermore, punitive damages are not available to Plaintiffs as a matter of law for the reasons expressed in Defendants' Motion in Limine and in Defendants' proposed jury instructions (ECF No. 2661, at 32-33).  Even though Plaintiffs have dropped their claim for punitive damages, their jury verdict form asks the jury to make such an award.  Similarly, Plaintiffs' jury verdict form does not make clear that Plaintiffs are not entitled to future damages as a matter of law.  (*Id.* at 2-5).

*Fifth*, Plaintiffs' jury verdict form makes improper and unsupported legal assumptions that have not yet be resolved.  For instance, it presumes that joint and several liability applies to their public nuisance claim, without any apportionment.  As stated in Defendants' objections, this assumption is flawed.  At a minimum, the Court has not resolved this issue or who is responsible for any apportionment on that particular claim.  (ECF No. 2572, at 6-7).

*Lastly*, Plaintiffs' proposed jury verdict form—at least the latest iteration of it—still includes parties that are no longer part of the Track 1 trial, including Teva Pharmaceutical Industries, Ltd., Janssen Pharmaceuticals, and Johnson & Johnson.  They must be removed, as well as any other Defendants who ultimately are not part of the Track 1 trial.

---

[2] Defendants further note that Plaintiffs' jury verdict form continue to use misleading concepts like "Opioid Supply Chain Enterprise" and "Opioid Marketing Enterprise" to describe Plaintiffs' RICO and OCPA claims.