**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION | MDL 2804 |
| OPIATE LITIGATION | Case No. 17-md-2804 |
| *This document relates to:* | Hon. Dan Aaron Polster |
| Track One Cases | |

**EXHIBIT 5 – DEFENDANTS' PROPOSED VERDICT FORM
AND PLAINTIFFS' OBJECTIONS**

The following is Defendants' proposed verdict form.[1]  Plaintiffs' summary objections follow the proposed verdict form.

---

[1] The verdict form below was shared with Plaintiffs on September 21, 2019.  Defendants reserve the right to make future changes, including any changes necessary to conform Defendants' proposed verdict form to Defendants' proposed jury instructions.

**Defendants' Proposed Verdict Form[2]**

---

[2] As a matter of law, each corporate entity has a right to be listed separately in the verdict for separate jury determinations. The party names to be listed in the verdict form are as follows:

- For the Actavis Generic defendants: (1) Actavis Elizabeth LLC ("Actavis Elizabeth"); (2) Actavis Kadian LLC ("Actavis Kadian"); (3) Actavis Laboratories FL, Inc. ("Actavis Labs FL"); (4) Actavis Laboratories UT, Inc. ("Actavis Labs UT"); (5) Actavis LLC; (6) Actavis Mid Atlantic LLC ("Actavis Mid Atlantic"); (7) Actavis Pharma, Inc. ("Actavis Pharma"); (8) Actavis South Atlantic LLC ("Actavis South Atlantic"); (9) Actavis Totowa LLC ("Actavis Totowa"); (10) Warner Chilcott Company, LLC ("Warner Chilcott"); (11) Watson Laboratories, Inc. ("Watson Laboratories").
- For the Teva defendants: (1) Cephalon, Inc. ("Cephalon"); (2) Teva Pharmaceutical Industries Ltd. ("Teva Ltd."); (3) Teva Pharmaceuticals USA, Inc. ("Teva USA").
- For the Janssen defendants: (1) Janssen Pharmaceuticals, Inc., formerly known as Janssen Pharmaceutica, Inc. and Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("Janssen"); (2) Johnson & Johnson.
- For the AmerisourceBergen defendants: AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation [listed as a single line in the verdict form].
- For Cardinal Health, Inc.: Cardinal Health.
- For the Henry Schein defendants: (1) Henry Schein, Inc.; (2) Henry Schein Medical Systems, Inc.
- For McKesson Corp.: McKesson.
- For the Walgreens defendants: Walgreens.

## Section A1: OCPA/RICO - Alleged Enterprise to Unlawfully Market Prescription Opioid Medications - [Remaining Defendant 1][3]

___

[3] References to "Remaining Defendant" should be replaced at the time of trial with each defendant remaining as to each cause of action. The current defendants are as follows:

- *RICO marketing:*
  - o Cuyahoga: Cephalon, Teva LTd., Teva USA.
  - o Summit: Cephalon, Janssen, Johnson & Johnson, Teva Ltd., Teva USA.
- *RICO supply chain:*
  - o Cuyahoga: Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health, Cephalon, McKesson, Teva Ltd., Teva USA, Warner Chilcott, and Watson Laboratories.
  - o Summit: Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen, Cardinal Health, Cephalon, McKesson, Teva Ltd., Teva USA, Warner Chilcott, and Watson Laboratories.
- *OCPA marketing*:
  - o Cuyahoga:  Cephalon, Janssen, Johnson & Johnson, Teva Ltd., Teva USA.
  - o Summit: Cephalon, Janssen, Johnson & Johnson, Teva USA, Teva Ltd.
- *OCPA supply chain*:
  - o Cuyahoga: Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health, Cephalon, McKesson, Teva Ltd., Teva USA, Warner Chilcott, and Watson Laboratories.
  - o Summit: Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health, Cephalon, McKesson, Teva Ltd., Teva USA, Warner Chilcott, and Watson Laboratories.
- *Conspiracy:*
  - o Cuyahoga:  Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health, Cephalon, Janssen, Johnson & Johnson, McKesson, Teva Ltd., Teva USA, Walgreens, Warner Chilcott, and Watson Laboratories.
  - o Summit: Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health, Cephalon, Henry Schein, Inc., Henry Schein Medical Systems, Inc., Janssen, Johnson & Johnson, McKesson, Teva Ltd., Teva USA, Walgreens, Warner Chilcott, and Watson Laboratories.
- *Absolute nuisance*:
  - o Cuyahoga:  Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health, Cephalon, Janssen, Johnson & Johnson, McKesson, Teva Ltd., Teva USA, Walgreens, Warner Chilcott, and Watson Laboratories.
  - o *Summit*: Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health, Cephalon, Henry Schein, Inc., Henry Schein Medical Systems, Inc., Janssen, Johnson & Johnson, McKesson, Teva Ltd., Teva USA, Walgreens, Warner Chilcott, and Watson Laboratories.
- *Statutory nuisance*:
  - o Cuyahoga:  Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health,

1.      Do you unanimously find that the County governments have proven that [Remaining Defendant 1] knowingly associated with one or more individuals or entities in an enterprise, meaning an ongoing organization and framework that functioned as a continuing unit to achieve a common, unlawful purpose?

If you answer "Yes" to this question (or any later question that offers this choice), you must determine if the County governments proved this allegation by the greater weight of the evidence or by clear and convincing evidence.

Yes      ____
          by the greater weight of the evidence       ____
          by clear and convincing evidence             ____
No       ____

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 8.*

2.      Do you unanimously find that the County governments have proven that [Remaining Defendant 1] knowingly participated in the conduct of the alleged enterprise in order to further activities intended to achieve a common, unlawful purpose?

Yes      ____
          by the greater weight of the evidence       ____
          by clear and convincing evidence             ____
No       ____

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 8.*

3.      Do you unanimously find that the County governments have proven that [Remaining Defendant 1] had some part in directing the affairs of the alleged enterprise, in that it voluntarily and intentionally made decisions on behalf of the alleged enterprise or knowingly carried them out under the direction of other members of the alleged enterprise?

Yes      ____
          by the greater weight of the evidence       ____
          by clear and convincing evidence             ____

---

Cephalon, Janssen, Johnson & Johnson, McKesson, Teva Ltd., Teva USA, Walgreens, Warner Chilcott, and Watson Laboratories.
o  Summit: Actavis Elizabeth, Actavis Kadian, Actavis Labs FL, Actavis Labs UT, Actavis LLC, Actavis Mid Atlantic, Actavis Pharma, Actavis South Atlantic, Actavis Totowa, Warner Chilcott, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health, Cephalon, Henry Schein, Inc., Henry Schein Medical Systems, Inc., Janssen, Johnson & Johnson, McKesson, Teva Ltd., Teva USA, Walgreens, Warner Chilcott, and Watson Laboratories.

No      ___

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 8.*


4.      Do you unanimously find that the County governments have proven that [Remaining Defendant 1] voluntarily and intentionally violated the federal mail fraud statute or the federal wire fraud statute as part of its participation in the affairs of the alleged enterprise?

Yes      ___
           by the greater weight of the evidence      ___
           by clear and convincing evidence      ___
No      ___

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 8.*

5.      Do you unanimously find that the County governments have proven that [Remaining Defendant 1] committed at least two distinct criminal acts of mail fraud or wire fraud that were related to one another and to the alleged enterprise?

Yes     ____
          by the greater weight of the evidence        ____
          by clear and convincing evidence             ____
No      ____

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 8.*


6.      Do you unanimously find that the County governments have proven that [Remaining Defendant 1] voluntarily and intentionally violated a criminal statute <u>other than</u> the federal mail fraud statute or the federal wire fraud statute as part of its participation in the affairs of the alleged enterprise?

Yes     ____
          by the greater weight of the evidence        ____
          by clear and convincing evidence             ____
No      ____

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 8.*


7.      Do you unanimously find that the County governments have proven that this alleged distinct criminal act was related to the alleged criminal acts of mail fraud or wire fraud and to the alleged enterprise?

Yes     ____
          by the greater weight of the evidence        ____
          by clear and convincing evidence             ____
No      ____

*Go to the next question.*


8.      Do you unanimously find that that the County governments have proven that there was a conspiracy to conduct the affairs of an enterprise (meaning an ongoing organization and framework that functioned as a continuing unit to achieve a common, unlawful purpose) by committing at least two distinct criminal acts of mail fraud or wire fraud that were related to one another and to the enterprise?

Yes     ____
          by the greater weight of the evidence        ____
          by clear and convincing evidence             ____

No      ____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section A2.*


9.      Do you unanimously find that the County governments have proven that [Remaining Defendant 1] agreed with one or more persons or entities to take some part in directing the affairs of the alleged enterprise to achieve a common, unlawful purpose, in that it agreed to make decisions on behalf of the alleged enterprise or carry them out under the direction of other members of the alleged enterprise?

Yes      ____
       by the greater weight of the evidence      ____
       by clear and convincing evidence      ____
No      ____

*If you answered "Yes," go to the next question. If you answered "No," skip to Question Section A2.*


10.      Do you unanimously find that the County governments have proven that [Remaining Defendant 1] joined the alleged conspiracy knowing of its unlawful objective to conduct the alleged enterprise by committing at least two distinct criminal acts of mail fraud or wire fraud that were related to one another and to the alleged enterprise?

Yes      ____
       by the greater weight of the evidence      ____
       by clear and convincing evidence      ____
No      ____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section A2.*

11.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] intended to join together with at least one other alleged conspirator to achieve its unlawful objective by committing at least two distinct criminal acts of mail fraud or wire fraud that were related to one another and to the alleged enterprise?

Yes     ___

      by the greater weight of the evidence          ___
      by clear and convincing evidence                    ___
No      ___

*If you answered "Yes," go to the next question. If you answered "No," skip to Section A2.*


12.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] joined the alleged conspiracy knowing of its unlawful objective to conduct the alleged enterprise by committing at least two distinct criminal acts of mail fraud or wire fraud and at least one criminal act other than mail fraud or wire fraud that were related to one another and to the alleged enterprise?

Yes     ___

      by the greater weight of the evidence          ___
      by clear and convincing evidence                    ___
No      ___

*If you answered "Yes," go to the next question. If you answered "No," skip to Section A2.*

13.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] intended to join together with at least one other alleged conspirator to achieve its unlawful objective by committing at least two distinct criminal acts of mail fraud or wire fraud and at least one criminal act other than mail fraud or wire fraud that were related to one another and to the alleged enterprise?

Yes     ___

      by the greater weight of the evidence          ___
      by clear and convincing evidence                    ___
No      ___

*Go to the next question.*

**Section A2: OCPA/RICO - Alleged Enterprise to Unlawfully Market Prescription Opioid Medications - [Remaining Defendant 2]**

[Repeat Question Nos. 1-7 and 9-13 for the next remaining defendant. Jury is to skip questions equivalent to Question Nos. 9-13 if it answered no to Question No. 8 above.]

[Sections A3, A4, A5, etc. should be added as needed for additional remaining defendants.]

**Section B: OCPA/RICO - Alleged Enterprise to Unlawfully Market Prescription Opioid Medications - Causation and Injury**

*If you answered "Yes" to Question Nos. 7, 11, or [any other questions above equivalent to Question Nos. 7 and 11 for subsequent defendants], go to the next question. Otherwise, skip to Section C1.*

14.     Do you unanimously find that the Cuyahoga County government has proven that the alleged criminal acts of mail or wire fraud committed by the alleged enterprise directly and proximately caused injury to the business or property of the Cuyahoga County government?

Yes     ____
        by the greater weight of the evidence     ____
        by clear and convincing evidence          ____
No      ____

*Go to the next question.*

15.     Do you unanimously find that the Summit County government has proven that the alleged criminal acts of mail or wire fraud committed by the alleged enterprise directly and proximately caused injury to the business or property of the Summit County government?

Yes     ____
        by the greater weight of the evidence     ____
        by clear and convincing evidence          ____
No      ____

*Go to the next question.*

8

**Section C1: OCPA/RICO - Alleged Enterprise to Unlawfully Supply Prescription Opioid Medications - [Remaining Defendant 1]**

16.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] knowingly associated with one or more individuals or entities in an enterprise, meaning an ongoing organization and framework that functioned as a continuing unit to achieve a common, unlawful purpose?

Yes     ___
      by the greater weight of the evidence     ___
      by clear and convincing evidence     ___
No      ___

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 23.*

17.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] knowingly participated in the conduct of the alleged enterprise in order to further activities intended to achieve a common, unlawful purpose?

Yes     ___
      by the greater weight of the evidence     ___
      by clear and convincing evidence     ___
No      ___

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 23.*

18.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] had some part in directing the affairs of the alleged enterprise, in that it voluntarily and intentionally made decisions on behalf of the alleged enterprise or knowingly carried them out under the direction of other members of the alleged enterprise?

Yes     ___
      by the greater weight of the evidence     ___
      by clear and convincing evidence     ___
No      ___

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 23.*

9

19.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] voluntarily and intentionally violated the federal mail fraud statute, the federal wire fraud statute, or 21 U.S.C. § 843(a)(4)(A)[4] as part of its participation in the affairs of the alleged enterprise?

Yes     \_\_\_
            by the greater weight of the evidence     \_\_\_
            by clear and convincing evidence     \_\_\_
No     \_\_\_

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 23.*


20.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] committed at least two distinct criminal acts of mail fraud, wire fraud, or violation of 21 U.S.C. § 843(a)(4)(A) that were related to one another and to the alleged enterprise?

Yes     \_\_\_
            by the greater weight of the evidence     \_\_\_
            by clear and convincing evidence     \_\_\_
No     \_\_\_

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 23.*


21.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] voluntarily and intentionally violated a criminal statute <u>other than</u> the federal mail fraud statute or the federal wire fraud statute as part of its participation in the affairs of the alleged enterprise?

Yes     \_\_\_
            by the greater weight of the evidence     \_\_\_
            by clear and convincing evidence     \_\_\_
No     \_\_\_

*If you answered "Yes," go to the next question. Otherwise, skip to Question No. 23.*

---

[4] Defendants maintain that the Court erred as a matter of law in ruling "that a violation of 21 U.S.C. § 843(A)(4)(a) can constitute a predicate act under 18 U.S.C. § 1961(1)(D)."  *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804, E.C.F. No. 2580.  Defendants therefore object to the inclusion of this predicate act in the verdict form.

22.     Do you unanimously find that the County governments have proven that this alleged distinct criminal act was related to the alleged criminal acts of mail fraud or wire fraud and to the alleged enterprise?

Yes     ___
        by the greater weight of the evidence     ___
        by clear and convincing evidence     ___
No      ___

*Go to the next question.*


23.     Do you unanimously find that that the County governments have proven that there was a conspiracy to conduct the affairs of an enterprise (meaning an ongoing organization and framework that functioned as a continuing unit to achieve a common, unlawful purpose) by committing at least two distinct criminal acts of mail fraud or wire fraud that were related to one another and to the enterprise?

Yes     ___
        by the greater weight of the evidence     ___
        by clear and convincing evidence     ___
No      ___

*If you answered "Yes," go to the next question. If you answered "No," skip to Section C2.*


24.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] agreed with one or more persons or entities to take some part in directing the affairs of the alleged enterprise to achieve a common, unlawful purpose, in that it agreed to make decisions on behalf of the alleged enterprise or carry them out under the direction of other members of the alleged enterprise?

Yes     ___
        by the greater weight of the evidence     ___
        by clear and convincing evidence     ___
No      ___

*If you answered "Yes," go to the next question. If you answered "No," skip to Question Section C2.*

25.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] joined the alleged conspiracy knowing of its unlawful objective to conduct the alleged enterprise by committing at least two distinct criminal acts of mail fraud, wire fraud, or violation of 21 U.S.C. § 843(a)(4)(A) that were related to one another and to the alleged enterprise?

Yes     ___
       by the greater weight of the evidence     ___
       by clear and convincing evidence     ___
No      ___

*If you answered "Yes," go to the next question. If you answered "No," skip to Section C2.*

26.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] intended to join together with at least one other alleged conspirator to achieve its unlawful objective by committing at least two distinct criminal acts of mail fraud, wire fraud, or violation of 21 U.S.C. § 843(a)(4)(A) that were related to one another and to the alleged enterprise?

Yes     ___
       by the greater weight of the evidence     ___
       by clear and convincing evidence     ___
No      ___

*If you answered "Yes," go to the next question. If you answered "No," skip to Section C2.*

27.     Do you unanimously find that the County governments have proven that [Remaining Defendant 1] joined the alleged conspiracy knowing of its unlawful objective to conduct the alleged enterprise by committing at least two distinct criminal acts of mail fraud or wire fraud, or violation of 21 U.S.C. § 843(a)(4)(A) and at least one criminal act other than mail fraud or wire fraud that were related to one another and to the alleged enterprise?

Yes     ___
       by the greater weight of the evidence     ___
       by clear and convincing evidence     ___
No      ___

*If you answered "Yes," go to the next question. If you answered "No," skip to Section C2.*

28.    Do you unanimously find that the County governments have proven that [Remaining Defendant 1] intended to join together with at least one other alleged conspirator to achieve its unlawful objective by committing at least two distinct criminal acts of mail fraud, wire fraud, or violation of 21 U.S.C. § 843(a)(4)(A) and at least one criminal act other than mail fraud or wire fraud that were related to one another and to the alleged enterprise?

Yes    ___
     by the greater weight of the evidence    ___
     by clear and convincing evidence    ___
No    ___

*Go to the next question.*


**Section C2: OCPA/RICO - Alleged Enterprise to Unlawfully Supply Prescription Opioid Medications - [Remaining Defendant 2]**

[Repeat Question Nos. 16-22 and 24-28 for the next remaining defendant. Jury is to skip questions equivalent to Question Nos. 24-28 if it answered no to Question No. 23 above.]

[Sections C3, C4, C5, etc. should be added as needed for additional remaining defendants.]


**Section D: OCPA/RICO - Alleged Enterprise to Unlawfully Supply Prescription Opioid Medications - Causation and Injury**

*If you answered "Yes" to Question Nos. 20, 26, or [any other questions above equivalent to Question Nos. 20 and 26 for subsequent defendants], go to the next question. Otherwise, skip to Section E.*

29.    Do you unanimously find that the Cuyahoga County government has proven that the alleged criminal acts of mail or wire fraud committed by the alleged enterprise directly and proximately caused injury to the business or property of the Cuyahoga County government?

Yes    ___
     by the greater weight of the evidence    ___
     by clear and convincing evidence    ___
No    ___

*Go to the next question.*

30.     Do you unanimously find that the Summit County government has proven that the alleged criminal acts of mail or wire fraud committed by the alleged enterprise directly and proximately caused injury to the business or property of the Summit County government?

Yes     ____
        by the greater weight of the evidence     ____
        by clear and convincing evidence     ____
No     ____

*Go to the next question.*


## **Section E: Civil Conspiracy - Cuyahoga County Government**

31.     Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that [Remaining Defendant 1] participated in a malicious combination to [Placeholder - insert elements of underlying cause of action specified by Plaintiffs and adapt as necessary]?

Yes     ____
No     ____

*Go to the next question.*


[Repeat question for each remaining defendant.]


[Repeat entire series of questions for each underlying cause of action.]


*If you answered "Yes" to Question No. 31, __, … or ___ [i.e. as to any defendant listed above], go to the next question. Otherwise, skip to Section F.*

32.     Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that the malicious combination resulted in the [Placeholder - insert elements of underlying cause of action specified by Plaintiffs and adapt as necessary] in furtherance of the conspiracy?

Yes     ____
No     ____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section F.*

33. Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that the [Placeholder - insert elements of underlying cause of action specified by Plaintiffs and adapt as necessary] directly and proximately injured the Cuyahoga County government?

Yes    ____
No      ____

*Go to the next question.*

### **Section F: Civil Conspiracy: Summit County Government**

34.     Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that [Remaining Defendant 1] participated in a malicious combination to [Placeholder - insert elements of underlying cause of action specified by Plaintiffs and adapt as necessary]?

Yes    ____
No      ____

*Go to the next question.*

[Repeat question for each remaining defendant.]

[Repeat entire series of questions for each underlying cause of action.]

*If you answered "Yes" [as to any defendant - will list question numbers], go to the next question. Otherwise, skip to Section G1.*

35.     Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that the malicious combination resulted in the [Placeholder - insert elements of underlying cause of action specified by Plaintiffs and adapt as necessary] in furtherance of the conspiracy?

Yes    ____
No      ____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section G1.*

15

36. Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that the [Placeholder - insert elements of underlying cause of action specified by Plaintiffs and adapt as necessary] directly and proximately injured the Summit County government?

Yes    ___
No      ___

*Go to the next question.*


## Section G1: Damages - Cuyahoga County

*If you answered "Yes" as to Question No. 14, Question No. 29, or Question No. 33, go to the next question. Otherwise, skip to Section G2.*


37.    What do you unanimously find to be the total past damages directly and proximately caused by the enterprise(s) and/or conspiracy that the Cuyahoga County government has proven by the greater weight of the evidence?

$ _____

*If you entered a non-zero amount, go to the next question. If you entered zero, skip to Section G2.*


38.    Of the damages already identified in Question No. 37, what do you unanimously find to be the Cuyahoga County government's total past damages directly and proximately caused by the enterprise(s) and/or conspiracies listed below?  Each answer cannot exceed the total damages that you wrote in response to Question No. 37.

38A.   RICO/OCPA – Enterprise to unlawfully market prescription opioid medications

*Answer these sub-questions if you answered "Yes" to Question No. 14. Otherwise, skip to the instruction for Sub-Question 38B.*

38A1. What do you unanimously find to be the past damages directly and proximately caused to the Cuyahoga County government's property or business that the Cuyahoga County government has proven by the greater weight of the evidence?

$ _____

38A1.  What do you unanimously find to be the past damages directly and proximately caused to the Cuyahoga County government's property or business that the Cuyahoga County government has proven by <u>clear and convincing evidence</u>? Your answer cannot exceed the amount you wrote in response to Sub-Question No. 38A1.

$ _____

*Go to the instruction for the next question.*

<u>38B.   RICO/OCPA – Enterprise to unlawfully supply prescription opioid medications</u>

*Answer these sub-questions if you answered "Yes" to Question No. 29. Otherwise, skip to the instruction for Sub-Question 38C.*

38B1.  What do you unanimously find to be the past damages directly and proximately caused to the Cuyahoga County government's property or business that the Cuyahoga County government has proven by the <u>greater weight of the evidence</u>?

$ _____

38B1.  What do you unanimously find to be the past damages directly and proximately caused to the Cuyahoga County government's property or business that the Cuyahoga County government has proven by <u>clear and convincing evidence</u>? Your answer cannot exceed the amount you wrote in response to Sub-Question No. 38B1.

$ _____

*Go to the instruction for the next question.*

17

38C.   Civil Conspiracy

*Answer this question if you answered "Yes" to Question No. 33. Otherwise, skip to Section G2.*

What do you unanimously find to be the past damages that the Cuyahoga County government has proven by the <u>greater weight of the evidence</u> were directly and proximately caused by the acts you find were done in furtherance of the conspiracy?

$ _____

*Go to the next section.*


**Section G2: Damages - Summit County**

*If you answered "Yes" as to Question No. 15, Question No. 30, or Question No. 36, go to the next question. Otherwise, skip to Section H.*

39.    What do you unanimously find to be the total past damages directly and proximately caused by the enterprise(s) and/or conspiracy that the Summit County government has proven by the greater weight of the evidence?

$ _____

*If you entered a non-zero amount, go to the next question. If you entered zero, skip to Section H.*


40.    Of the damages already identified in Question No. 39, what do you unanimously find to be the Summit County government's total past damages directly and proximately caused by the enterprise(s) and/or conspiracies listed below?  Each answer cannot exceed the total damages that you wrote in response to Question No. 39.

40A.   RICO/OCPA – Enterprise to unlawfully market prescription opioid medications

*Answer these sub-questions if you answered "Yes" to Question No. 15. Otherwise, skip to the instruction for Sub-Question 40B.*

18

40A1.  What do you unanimously find to be the past damages directly and proximately caused to the Summit County government's property or business that the Summit County government has proven by the <u>greater weight of the evidence</u>?

$ _____

40A1.  What do you unanimously find to be the past damages directly and proximately caused to the Summit County government's property or business that the Summit County government has proven by <u>clear and convincing evidence</u>? Your answer cannot exceed the amount you wrote in response to Sub-Question No. 40A1.

$ _____

*Go to the instruction for the next question.*

40B.   RICO/OCPA – Enterprise to unlawfully supply prescription opioid medications

*Answer these sub-questions if you answered "Yes" to Question No. 30. Otherwise, skip to the instruction for Sub-Question 40C.*

40B1.  What do you unanimously find to be the past damages directly and proximately caused to the Summit County government's property or business that the Summit County government has proven by the <u>greater weight of the evidence</u>?

$ _____

40B1.  What do you unanimously find to be the past damages directly and proximately caused to the Summit County government's property or business that the Summit County government has proven by <u>clear and convincing</u> evidence? Your answer cannot exceed the amount you wrote in response to Sub-Question No. 40B1.

$ _____

*Go to the instruction for the next question.*

40C.   Civil Conspiracy

*Answer this question if you answered "Yes" to Question No. 36. Otherwise, skip to Section H.*

What do you unanimously find to be the past damages that the Summit County government has proven by the <u>greater weight of the evidence</u> were directly and proximately caused by the acts you find were done in furtherance of the conspiracy?

$ _____

*Go to the next section.*

## **Section H: Statutes of Limitations**

*If you wrote a non-zero amount in response to Question No. 37, answer the next question.*
*If you did not fill in Question No. 37 or wrote zero in response to Question No. 37, and you wrote a non-zero amount in response to Question No. 39, skip to Question 47. Otherwise, skip to Section L1.*

41.     Do you unanimously find that Defendants have proven by the greater weight of the evidence that the Cuyahoga County government knew of (or through reasonable diligence should have known of) the problem of opioid abuse and misuse in Cuyahoga County before May 30, 2012?

Yes     _____
No      _____

*If yes, go to the next question. If no, go to Question No. 44.*

42.     Do you unanimously find that Plaintiffs have proven by the greater weight of the evidence that (A) [Remaining Defendant 1] violated the OCPA as a part of the enterprise to unlawfully market prescription opioid medications after May 30, 2012 and (B) that violation caused the Cuyahoga County government's injury?

Yes     ____
No      ____

*Go to the next question.*

43.     Do you unanimously find that Plaintiffs have proven by the greater weight of the evidence that (A) [Remaining Defendant 1] violated the OCPA as a part of the enterprise to unlawfully supply prescription opioid medications after May 30, 2012 and (B) that violation caused the Cuyahoga County government's injury?

Yes     ___
No       ___

[Repeat questions for each defendant.]

*Go Section I1.*

44.     Do you unanimously find that Defendants have proven by the greater weight of the evidence that the Cuyahoga County government knew of (or through reasonable diligence should have known of) the problem of opioid abuse and misuse in Cuyahoga County before October 27, 2013?

Yes     _____
No       _____

*If yes, go to Question 46. If no, go to the next question.*

45.     Do you unanimously find that Defendants have proven by the greater weight of the evidence that the Cuyahoga County government knew of (or through reasonable diligence should have known of) the problem of opioid abuse and misuse in Cuyahoga County before April 25, 2014?

Yes     _____
No       _____

*If yes, go to Question 46. If no, go to the next question.*

46.     Do you unanimously find that Defendants have proven by the greater weight of the evidence that the Summit County government knew of (or through reasonable diligence should have known of) the problem of opioid abuse and misuse in Summit County before May 30, 2012?

Yes     _____
No       _____

*If yes, go to the next question. If no, go to Section I1.*

47.     Do you unanimously find that Plaintiffs have proven by the greater weight of the evidence that (A) [Remaining Defendant 1] violated the OCPA as a part of the enterprise to unlawfully market prescription opioid medications after May 30, 2012 and (B) that violation caused the Summit County government's injury?

Yes     ___
No      ___

*Go to the next question.*


48.     Do you unanimously find that Plaintiffs have proven by the greater weight of the evidence that (A) [Remaining Defendant 1] violated the OCPA as a part of the enterprise to unlawfully supply prescription opioid medications after May 30, 2012 and (B) that violation caused the Summit County government's injury?

Yes     ___
No      ___

*Go to Section I1.*


49.     Do you unanimously find that Defendants have proven by the greater weight of the evidence that the Summit County government knew of (or through reasonable diligence should have known of) the problem of opioid abuse and misuse in Summit County before December 20, 2013?

Yes     _____
No      _____

*If yes, go to Section I1. If no, go to the next question.*


50.     Do you unanimously find that Defendants have proven by the greater weight of the evidence that the Summit County government knew of (or through reasonable diligence should have known of) the problem of opioid abuse and misuse in Summit County before April 25, 2014?

Yes     _____
No      _____

*If yes, go to Section I1. If no, go to the next question.*

51.     Do you unanimously find that Defendants have proven by the greater weight of the evidence that the Summit County government knew of (or through reasonable diligence should have known of) the problem of opioid abuse and misuse in Summit County before March 21, 2015?

Yes     _____
No      _____

*Go to the next section.*

## Section I1: Fraudulent Concealment - Cuyahoga County

*If you (A) answered "No" to Question No. 42 or Question No. 43 or answered "Yes" to Question No. 44 or Question No. 45 and (B) wrote a non-zero response to Question No. 38B1 or 38C, go to the next question. Otherwise, go to Section I2.*

52.     Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that [Remaining Defendant 1] wrongfully concealed the Cuyahoga County government's claims from the Cuyahoga County government?

Yes     _____
No      _____

*If you answered "Yes," go to the next question. If you answered "No," go to Section I2.*

53.     Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that the Cuyahoga County government diligently attempted to discover the operative facts on which its claims are based but was unable to discover those facts before [cutoff date applicable to Remaining Defendant 1]?

Yes     _____
No      _____

*Go to the next question.*

[Repeat series of questions for each remaining defendant.]

*Go to the next section.*

23

**Section I2: Fraudulent Concealment - Summit County**

*If you (A) answered "No" to Question No. 47 or Question No. 48 or answered "Yes" to Question No. 49, Question No. 50, or Question No. 51 and (B) entered a non-zero response to Question No. 40B1 or 40C, go to the next question. Otherwise, go to Section J.*

54.    Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that [Remaining Defendant 1] wrongfully concealed the Summit County government's claims from the Summit County government?

Yes    _____
No     _____

*If you answered "Yes," go to the next question. If you answered "No," go to Section I2.*

55.    Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that the Summit County government diligently attempted to discover the operative facts on which its claims are based but was unable to discover those facts before [cutoff date applicable to Remaining Defendant 1]?

Yes    _____
No     _____

*Go to the next question.*

[Repeat series of questions for each remaining defendant.]

*Go to the next section.*

## Section J1: Continuing Conduct - Cuyahoga County

*If you wrote a non-zero amount in response to Sub-Question No. 38C and [answered questions above indicating that some statute of limitations may apply as to conspiracy[5]], go to the next question. Otherwise, go to Section J2.*

56.     Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that [Remaining Defendant 1] engaged in wrongful conduct that injured the Cuyahoga County government after [insert applicable date for conspiracy claim(s)]?

Yes     _____
No      _____

[Repeat question as needed for additional applicable dates.]

*If you answered "Yes" to this question, go to the next question. Otherwise, go to Section J2.*

57.     Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that injury to the Cuyahoga County government occurred on a continuing basis due to a continuing course of conduct by [Remaining Defendant 1]?

Yes     _____
No      _____

*If you answered "Yes" to this question, go to the next question. Otherwise, go to Section J2.*

58.     Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that further injury to the Cuyahoga County government would have been avoided if [Remaining Defendant 1] had ceased its allegedly wrongful conduct at any time?

Yes     _____
No      _____

*If you answered "Yes" to this question, go to the next question. Otherwise, go to Section J2.*

---

[5] Defendants continue to dispute that the continuing tort doctrine applies to any of Defendants' claims. To the extent the Court has held it must apply to any claims, Defendants' position is that the continuous tort doctrine could apply only to the civil conspiracy claim and therefore have not provided questions about the applicability of the continuous tort doctrine to the RICO and OCPA claims.

[Repeat questions 56-58 for each remaining defendant.]

*If you answered "Yes" to Question No. 58, __, … or __ [questions equivalent to 58 for each defendant], go to the next question. Otherwise, go to Section J2.*

59.    In Question No. 37 above, you provided the total past damages for the Cuyahoga County government. Now you will decide what portion of those damages occurred after different cutoff dates.

> 59A.   What do you unanimously find to be the total past damages proximately caused by the enterprise(s) and/or conspiracy that the Cuyahoga County government has proven by the greater weight of the evidence after [insert relevant cutoff date]? You answer cannot exceed the number that you wrote in response to Question No. 37.

> $ _____

> [Additional sub-parts should be added for each relevant cutoff date.]

> *Go to the next question.*

60.    In Sub-Question No. 38C above, you provided the past damages for the Cuyahoga County government attributable to the civil conspiracy. Now you will decide what portion of those damages occurred after different cutoff dates.

> 60.    What do you unanimously find to be the past damages proximately caused by the civil conspiracy that the Cuyahoga County government has proven by the greater weight of the evidence after [insert relevant cutoff date]? The answer cannot exceed the number that you wrote in response to Sub-Question No. 38C or the number that you wrote in response to Sub-Question 59A.

> $ _____

> [Additional sub-parts should be added for each relevant cutoff date.]

*Go to the next section.*

**Section J2: Continuing Conduct - Summit County**

*If you wrote a non-zero amount in response to Sub-Question No. 40C and [answered questions above indicating that some statute of limitations may apply as to conspiracy[6]], go to the next question. Otherwise, go to Section Q.*

61.     Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that [Remaining Defendant 1] engaged in wrongful conduct that injured the Summit County government after [insert applicable date for conspiracy claim(s)]?

Yes     _____
No      _____

[Repeat question as needed for additional applicable dates.]

*If you answered "Yes" to this question, go to the next question. Otherwise, go to Section K1.*

62.     Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that injury to the Summit County government occurred on a continuing basis due to a continuing course of conduct by [Remaining Defendant 1]?

Yes     _____
No      _____

*If you answered "Yes" to this question, go to the next question. Otherwise, go to Section K1.*

63.     Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that further injury to the Cuyahoga County government would have been avoided if [Remaining Defendant 1] had ceased its allegedly wrongful conduct at any time?

Yes     _____
No      _____

*If you answered "Yes" to this question, go to the next question. Otherwise, go to Section K1.*

---

[6] Defendants continue to dispute that the continuing tort doctrine applies to any of Defendants' claims. To the extent the Court has held it must apply to any claims, Defendants' position is that the continuous tort doctrine could apply only to the civil conspiracy claim and therefore have not provided questions about the applicability of the continuous tort doctrine to the RICO and OCPA claims.

[Repeat questions 61-63 for each remaining defendant.]

*If you answered "Yes" to Question No. 63, __, ... or __ [questions equivalent to 58 for each defendant], go to the next question. Otherwise, go to Section K1.*

64.     In Question No. 37 above, you provided the total past damages for the Cuyahoga County government. Now you will decide what portion of those damages occurred after different cutoff dates.

> 64A.   What do you unanimously find to be the total past damages proximately caused by the enterprise(s) and/or conspiracy that the Cuyahoga County government has proven by the greater weight of the evidence after [insert relevant cutoff date]? You answer cannot exceed the number that you wrote in response to Question No. 37.

> $ _____

> [Additional sub-parts should be added for each relevant cutoff date.]

> *Go to the next question.*

65.     In Sub-Question No. 40C above, you provided the past damages for the Cuyahoga County government attributable to the civil conspiracy. Now you will decide what portion of those damages occurred after different cutoff dates.

> 65A.   What do you unanimously find to be the past damages proximately caused by the civil conspiracy that the Cuyahoga County government has proven by the greater weight of the evidence after [insert relevant cutoff date]? The answer cannot exceed the number that you wrote in response to Sub-Question No. 40C or the number that you wrote in response to Sub-Question 64A.

> $ _____

> [Additional sub-parts should be added for each relevant cutoff date.]

*Go to the next section.*

**Section K1: Separate Accrual Doctrine - Cuyahoga County - 10/27/13**

*If you answered "Yes" to Question No. 41 or Question No. 44, go to the next question. Otherwise, skip to Section K2.*

66.     On or after October 27, 2013, did the Cuyahoga County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly market prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

Yes     _____
No      _____

*If yes, go to the next question. If no, skip to Question No. 68.*

67.     Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Cuyahoga County government discovered on or after October 27, 2013 the same as or different from conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Cuyahoga County government discovered before October 27, 2013?

Same          ____
Different      ____

*Go to the next question.*

68.     On or after October 27, 2013, did the Cuyahoga County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly supply prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

Yes     _____
No      _____

*If you answered "Yes" to this question, go to the next question. If you answered "No" to this question and "Different" to Question No. 67, skip to Question No. 71. Otherwise, skip to Section K2.*

69.    Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Cuyahoga County government discovered on or after October 27, 2013 the same as or different from conduct by the alleged enterprise to improperly supply prescription opioid medications that caused the injuries the Cuyahoga County government discovered before October 27, 2013?

Same            ____
Different        ____

*If you answered "Different" to Question No. 67 and Question No. 69, go to Question No. 70.*
*If you answered "Different" to Question No. 67 but not Question No. 69, skip to Question No. 71.*
*If you answered "Different" to Question No. 67 but not Question No. 69, skip to Question No. 72.*
*Otherwise, skip to Section K2.*

70.    What do you unanimously find to be the past damages to the Cuyahoga County government's property or business from the new injuries that the Cuyahoga County government discovered between October 27, 2013 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications or the alleged enterprise to improperly supply prescription opioid medications that the Cuyahoga County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your answer to Question No. 37.

$ _____

*Go to the next question.*

71.    What do you unanimously find to be the past damages to the Cuyahoga County government's property or business from the new injuries that the Cuyahoga County government discovered between October 27, 2013 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications that the Cuyahoga County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 70, if you answered Question No. 70. Your answer here also cannot be larger than your answer to Question No. 38A1.

$ _____

*If you answered "Different" to Question No. 69, go to the next question. Otherwise, skip to Question No. 73.*

72.    What do you unanimously find to be the past damages to the Cuyahoga County government's property or business from the new injuries that the Cuyahoga County government discovered between October 27, 2013 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly supply prescription opioid medications that the Cuyahoga County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 55, if you answered Question No. 55. Your answer here also cannot be larger than your answer to Question No. 38B1.

$ _____

*Go to the next section.*


### Section K2: Separate Accrual Doctrine - Cuyahoga County - 4/25/14

*If you answered "Yes" to Question No. 41, Question No. 44, or Question No. 45, go to the next question. Otherwise, go to Section K3.*

73.    On or after April 25, 2014, did the Cuyahoga County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly market prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

Yes     _____
No      _____

*If yes, go to the next question. If no, skip to Question No. 75.*


74.    Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Cuyahoga County government discovered on or after April 25, 2014 the same as or different from conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Cuyahoga County government discovered before April 25, 2014?

Same        _____
Different    _____

*Go to the next question.*


75.    On or after April 25, 2014, did the Cuyahoga County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly supply prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

31

Yes      _____
No        _____

*If you answered "Yes" to this question, go to the next question. If you answered "No" to this question and "Different" to Question No. 74, skip to Question No. 78. Otherwise, skip to Section K2.*

76.    Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Cuyahoga County government discovered on or after April 25, 2014 the same as or different from conduct by the alleged enterprise to improperly supply prescription opioid medications that caused the injuries the Cuyahoga County government discovered before April 25, 2014?

Same         ____
Different      ____

*If you answered "Different" to Question No. 74 and Question No. 76, go to Question No. 77.*
*If you answered "Different" to Question No. 74 but not Question No. 76, skip to Question No. 78.*
*If you answered "Different" to Question No. 74 but not Question No. 76, skip to Question No. 79.*
*Otherwise, skip to Section K3.*

77.    What do you unanimously find to be the past damages to the Cuyahoga County government's property or business from the new injuries that the Cuyahoga County government discovered between April 25, 2014 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications or the alleged enterprise to improperly supply prescription opioid medications that the Cuyahoga County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your answer to Question No. 37.

$ _____

*Go to the next question.*

78.    What do you unanimously find to be the past damages to the Cuyahoga County government's property or business from the new injuries that the Cuyahoga County government discovered between April 25, 2014 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications that the Cuyahoga County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 77, if you answered Question No. 77. Your answer here also cannot be larger than your answer to Question No. 38A1.

$ _____

*If you answered "Different" to Question No. 76, go to the next question. Otherwise, skip to Section K3.*

79.    What do you unanimously find to be the past damages to the Cuyahoga County government's property or business from the new injuries that the Cuyahoga County government discovered between April 25, 2014 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly supply prescription opioid medications that the Cuyahoga County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 77, if you answered Question No. 77. Your answer here also cannot be larger than your answer to Question No. 38B1.

$ _____

*Go to the next section.*

## Section K3: Separate Accrual Doctrine - Summit County - 12/20/13

*If you answered "Yes" to Question No. 46 or Question No. 49, go to the next question. Otherwise, go to Section K4.*

80.    On or after December 20, 2013, did the Summit County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly market prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

Yes    _____
No     _____

*If yes, go to the next question. If no, skip to Question No. 82.*

81.    Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered on or after December 20, 2013 the same as or different from conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered before December 20, 2013?

Same            ____
Different        ____

*Go to the next question.*


82.    On or after April 25, 2014, did the Summit County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly supply prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

Yes      _____
No        _____

*If you answered "Yes" to this question, go to the next question. If you answered "No" to this question and "Different" to Question No. 81, skip to Question No. 85. Otherwise, skip to Section K4.*


83.    Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered on or after December 20, 2013 the same as or different from conduct by the alleged enterprise to improperly supply prescription opioid medications that caused the injuries the Summit County government discovered before December 20, 2013?

Same            ____
Different        ____

*If you answered "Different" to Question No. 81 and Question No. 83, go to Question No. 77.*
*If you answered "Different" to Question No. 81 but not Question No. 83, skip to Question No. 78.*
*If you answered "Different" to Question No. 81 but not Question No. 83, skip to Question No. 79.*
*Otherwise, skip to Section K4.*

84.    What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between December 20, 2013 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications or the alleged enterprise to improperly supply prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your answer to Question No. 39.

$ _____

*Go to the next question.*


85.    What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between December 20, 2013 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 84, if you answered Question No. 84. Your answer here also cannot be larger than your answer to Question No. 40A1.

$ _____

*If you answered "Different" to Question No. 76, go to the next question. Otherwise, skip to Question No. 80.*


86.    What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between December 20, 2013 and December 31, 2018 that were directly and proximately caused by conduct by the Summit enterprise to improperly supply prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 84, if you answered Question No. 84. Your answer here also cannot be larger than your answer to Question No. 40B1.

$ _____

*Go to the next section.*

**Section K4: Separate Accrual Doctrine - Summit County - 4/25/14**

*If you answered "Yes" to Question No. 46, Question No. 49, or Question No. 50, go to the next question. Otherwise, go to Section K5.*

87.    On or after April 25, 2014, did the Summit County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly market prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

Yes    _____
No     _____

*If yes, go to the next question. If no, skip to Question No. 89.*


88.    Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered on or after April 25, 2014 the same as or different from conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered before April 25, 2014?

Same         _____
Different     _____

*Go to the next question.*


89.    On or after April 25, 2014, did the Summit County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly supply prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

Yes    _____
No     _____

*If you answered "Yes" to this question, go to the next question. If you answered "No" to this question and "Different" to Question No. 88, skip to Question No. 92. Otherwise, skip to Section K5.*

90.     Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered on or after April 25, 2014 the same as or different from conduct by the alleged enterprise to improperly supply prescription opioid medications that caused the injuries the Summit County government discovered before April 25, 2014?

Same            ____
Different        ____

*If you answered "Different" to Question No. 88 and Question No. 90, go to Question No. 91.*
*If you answered "Different" to Question No. 88 but not Question No. 90, skip to Question No. 92.*
*If you answered "Different" to Question No. 88 but not Question No. 90, skip to Question No. 93.*
*Otherwise, skip to Section K5.*

91.     What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between April 25, 2014 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications or the alleged enterprise to improperly supply prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your answer to Question No. 39.

$ _____

*Go to the next question.*

92.     What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between April 25, 2014 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 91, if you answered Question No. 91. Your answer here also cannot be larger than your answer to Question No. 40A1.

$ _____

*If you answered "Different" to Question No. 90, go to the next question. Otherwise, skip to Section K5.*

37

93.    What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between April 25, 2014 and December 31, 2018 that were directly and proximately caused by conduct by the Summit enterprise to improperly supply prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 91, if you answered Question No. 91. Your answer here also cannot be larger than your answer to Question No. 40B1.

$ _____

*Go to the next section.*

## Section K5: Separate Accrual Doctrine - Summit County - 3/21/15

*If you answered "Yes" to Question No. 46, Question No. 49, Question No. 50, or Question No. 51, go to the next question. Otherwise, go to Section L1.*

94.    On or after March 21, 2015, did the Summit County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly market prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

Yes      _____
No       _____

*If yes, go to the next question. If no, skip to Question No. 96.*


95.    Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered on or after March 21, 2015 the same as or different from conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered before March 21, 2015?

Same          _____
Different      _____

*Go to the next question.*


96.    On or after March 21, 2015, did the Summit County government learn of new injuries it had suffered that were caused by the alleged enterprise to improperly supply prescription opioid medications, which it could not have learned about earlier through the exercise of reasonable diligence?

38

Yes        _____
No         _____

*If you answered "Yes" to this question, go to the next question. If you answered "No" to this question and "Different" to Question No. 95, skip to Question No. 101. Otherwise, skip to Section L1.*

97.    Was the conduct by the alleged enterprise to improperly market prescription opioid medications that caused the injuries the Summit County government discovered on or after March 21, 2015 the same as or different from conduct by the alleged enterprise to improperly supply prescription opioid medications that caused the injuries the Summit County government discovered before March 21, 2015?

Same           ____
Different       ____

*If you answered "Different" to Question No. 95 and Question No. 97, go to Question No. 98.*
*If you answered "Different" to Question No. 95 but not Question No. 97, skip to Question No. 99.*
*If you answered "Different" to Question No. 95 but not Question No. 97, skip to Question No. 100.*
*Otherwise, skip to Section L1.*

98.    What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between March 21, 2015 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications or the alleged enterprise to improperly supply prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your answer to Question No. 39.

$ _____

*Go to the next question.*

99.    What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between March 21, 2015 and December 31, 2018 that were directly and proximately caused by conduct by the alleged enterprise to improperly market prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your

response to Question No. 98, if you answered Question No. 98. Your answer here also cannot be larger than your answer to Question No. 40A1.

$ _____

*If you answered "Different" to Question No. 97, go to the next question. Otherwise, skip to Section L1.*

100.    What do you unanimously find to be the past damages to the Summit County government's property or business from the new injuries that the Summit County government discovered between March 21, 2015 and December 31, 2018 that were directly and proximately caused by conduct by the Summit enterprise to improperly supply prescription opioid medications that the Summit County government has proven by the greater weight of the evidence? Your answer here cannot be larger than your response to Question No. 98, if you answered Question No. 98. Your answer here also cannot be larger than your answer to Question No. 40B1.

$ _____

*Go to the next section.*

### Section L1: Absolute Public Nuisance (Intentional and Unreasonable[7]) - Cuyahoga County - [Remaining Defendant 1]

101.    Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that [Remaining Defendant 1] unreasonably interfered with a public right (that is, created a public nuisance) in Cuyahoga County?

Yes      _____
No       _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section N1.*

102.    Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that [Remaining Defendant 1] intended to create the conditions constituting the alleged public nuisance in Cuyahoga County?

---

[7] Pending Plaintiffs' specification of valid statutory violations, if any, potentially supporting an absolute nuisance claim based on a statutory violation theory, Defendants' proposed instructions do not currently include questions relating to liability on a statutory violation theory. Defendants reserve the right to propose questions relating to any statutory violation theory developed by Plaintiffs at trial.

Yes      _____
No       _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section N1.*

103.    Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that [Remaining Defendant 1]'s conduct directly and proximately caused the alleged public nuisance in Cuyahoga County?

Yes      _____
No       _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section N1.*

104.    Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that [Remaining Defendant 1]'s conduct was a substantial factor in causing the alleged public nuisance in Cuyahoga County?

Yes      _____
No       _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section N1.*

105.    Do you unanimously find that the Cuyahoga County government has proven by the greater weight of the evidence that [Remaining Defendant 1] had possession or control of the instrumentality causing the alleged public nuisance in Cuyahoga County at the time it caused the injury?
Yes      _____
No       _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section N1.*

## Section L2: Absolute Public Nuisance (Intentional and Unreasonable) - Cuyahoga County - [Remaining Defendant 2]

[Repeat Question Nos. __ for the next remaining defendant.]

[Sections L3, L4, L5, etc. should be added as needed for additional remaining defendants.]

41

**Section M: Absolute Public Nuisance (Intentional and Unreasonable) - Cuyahoga County - Apportionment**

106.    What portion of the harm constituting the alleged public nuisance in Cuyahoga County was caused by each of the following individuals or entities? If you checked "No" in response to Question No. 105 or left Question No. 105 blank, you must enter "0%" for [Remaining Defendant 1]. [Add similar statement as to any other remaining defendants.] The total for all lines must equal 100%.[8]

| | |
|---|---|
| United States Drug Enforcement Administration | _____% |
| United States Food and Drug Administration | _____% |
| Cuyahoga County government | _____% |
| Summit County government | _____% |
| State of Ohio Board of Pharmacy | _____% |
| State Medical Board of Ohio | _____% |
| Ohio Department of Medicaid | _____% |
| All other government entities | _____% |
| Dr. Portenoy | _____% |
| All other key opinion leaders | _____% |
| Prescribers who do not work in pill mills | _____% |
| Prescribers who work in pill mills | _____% |
| Users of opioid medications and/or illegal opioids | _____% |
| Drug dealers and cartels | _____% |
| Pharmacy benefit managers | _____% |
| [Remaining Defendant 1] | _____% |
| [Remaining Defendant 2] | _____% |
| etc. | |
| Other opioid manufacturers | _____% |
| Other opioid distributors | _____% |
| Other pharmacies selling opioids | _____% |
| Other third parties | _____% |

*Go to the next question.*

---

[8] In light of this Court's ruling that it would decide public nuisance remedies, Teva USA, Teva Ltd., Cephalon, Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Warner Chilcott, Actavis South Atlantic, Actavis Elizabeth, Actavis Mid Atlantic, Actavis Totowa, Actavis Kadian, Actavis Labs UT, Actavis Labs FL, Janssen, and Johnson & Johnson do not join in this proposed question and oppose submission of apportionment to the jury.

**Section N1: Absolute Public Nuisance (Intentional and Unreasonable) - Summit County - [Remaining Defendant 1]**

107.  Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that [Remaining Defendant 1] unreasonably interfered with a public right (that is, created a public nuisance) in Summit County?

Yes  _____
No  _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section O.*

108.  Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that [Remaining Defendant 1] intended to create the conditions constituting the alleged public nuisance in Summit County?

Yes  _____
No  _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section O.*

109.  Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that [Remaining Defendant 1]'s conduct directly and proximately caused the alleged public nuisance in Summit County?

Yes  _____
No  _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section O.*

110.  Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that [Remaining Defendant 1]'s conduct was a substantial factor in causing the alleged public nuisance in Summit County?

Yes  _____
No  _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section O.*

111.  Do you unanimously find that the Summit County government has proven by the greater weight of the evidence that [Remaining Defendant 1] had possession or control of the instrumentality causing the alleged public nuisance in Summit County at the time it caused the injury?

Yes      _____
No        _____

*If you answered "Yes," go to the next question. If you answered "No," skip to Section O.*

## Section N2: Absolute Public Nuisance (Intentional and Unreasonable) - Summit County - [Remaining Defendant 2]

[Repeat Question Nos. __ for the next remaining defendant.]

[Sections N3, N4, N5, etc. should be added as needed for additional remaining defendants.]

**Section O: Absolute Public Nuisance (Intentional and Unreasonable): Summit County - Apportionment**

112.   What portion of the harm constituting the alleged public nuisance in Summit County was caused by each of the following individuals or entities? If you checked "No" in response to Question No. 111 or left Question No. 111 blank, you must enter "0%" for [Remaining Defendant 1]. [Add similar statement as to any other remaining defendants.] The total for all lines must equal 100%.[9]

| | |
|---|---|
| United States Drug Enforcement Administration | _____% |
| United States Food and Drug Administration | _____% |
| Cuyahoga County government | _____% |
| Summit County government | _____% |
| State of Ohio Board of Pharmacy | _____% |
| State Medical Board of Ohio | _____% |
| Ohio Department of Medicaid | _____% |
| All other government entities | _____% |
| Dr. Portenoy | _____% |
| All other key opinion leaders | _____% |
| Prescribers who do not work in pill mills | _____% |
| Prescribers who work in pill mills | _____% |
| Users of opioid medications and/or illegal opioids | _____% |
| Drug dealers and cartels | _____% |
| Pharmacy benefit managers | _____% |
| [Remaining Defendant 1] | _____% |
| [Remaining Defendant 2] | _____% |
| etc. | |
| Other opioid manufacturers | _____% |
| Other opioid distributors | _____% |
| Other pharmacies selling opioids | _____% |
| Other third parties | _____% |

*Go to the next question.*

---

[9] In light of this Court's ruling that it would decide public nuisance remedies, Teva USA, Teva Ltd., Cephalon, Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Warner Chilcott, Actavis South Atlantic, Actavis Elizabeth, Actavis Mid Atlantic, Actavis Totowa, Actavis Kadian, Actavis Labs UT, Actavis Labs FL, Janssen, and Johnson & Johnson do not join in this proposed question and oppose submission of apportionment to the jury.

**Section P: Statutory Nuisance - Cuyahoga County**

113.    Do you unanimously find that Cuyahoga County has proven by clear and convincing evidence that [Remaining Defendant 1] violated [insert statute that is valid basis for statutory nuisance]?

Yes     _____
No      _____

*Go to the next question.*

[Repeat question as to each defendant and as to each statute on which statutory nuisance claim is premised.]

*Go to the next question.*

114.    Do you unanimously find that Cuyahoga County has proven by clear and convincing evidence that [Remaining Defendant 1] directly and proximately caused the nuisance?

Yes     _____
No      _____

[Repeat question as to each defendant]

**Section Q: Statutory Nuisance - Summit County**

115.    Do you unanimously find that Summit County has proven by clear and convincing evidence that [Remaining Defendant 1] violated [insert statute that is valid basis for statutory nuisance]?

Yes     _____
No      _____

*Go to the next question.*

[Repeat question as to each defendant and as to each statute on which statutory nuisance claim is premised.]

*Go to the next question.*

46

116.    Do you unanimously find that Summit County has proven by clear and convincing evidence that [Remaining Defendant 1] directly and proximately caused the nuisance?

Yes     _____
No      _____

[Repeat question as to each defendant]

*Sign and return the verdict form.*

## **Plaintiffs' Objections to Defendants' Proposed Verdict Form**

Plaintiffs object to Defendants' proposed verdict form in its entirety.  First, Defendants' proposed verdict form is needlessly long and complicated, and appears designed to intimidate the jury.  This is true even of the partial draft Defendants offer, which is already 47-pages long. Because Defendants' proposed verdict form includes placeholders that appear to call for repeating many of the same questions as to each defendant in a manner not yet completed, it would in reality be hundreds of pages long.  There is simply no need for this.  And, that Defendants have yet to provide a full version of their proposed verdict form illustrates that even they find it too unwieldly to work with (or expect the Court to manageably review).

Notably, Plaintiffs were open to adding some additional detail to their proposed verdict form, and have made changes to accommodate Defendants' desire to have each corporate entity listed separately in connection with each pertinent question.  Defendants, by contrast, have made no changes to their proposal.  For example, Defendants continue to refer to the Plaintiffs as the "County governments" rather than by name as Plaintiffs have requested in our objections to the proposed jury instructions. Plaintiffs' proposed verdict form has addressed any reasonable concerns Defendants may have.  It is unreasonable and unnecessary for Defendants to suggest that the jury answer special interrogatories on every element of each claim separately.

Second, Defendants' proposed verdict form misstates the law, and the requisite findings required concerning each of the claims and damages.  Plaintiffs incorporate by reference their objections to Defendants' proposed Jury Instructions as if restated herein in their entirety, and object to Defendants' proposed verdict form for the same reasons set forth in their objections to Defendants' proposed jury instructions, which are legally incorrect.

Plaintiffs used model instructions, with certain clarifying points for the context at hand, and direction from this Court's summary judgment rulings and other orders to draft their proposed instructions and verdict form.  Plaintiffs' proposed instruction on public nuisance, for example, tracks the language in this Court's orders, the Restatement (Second) of Torts § 821B, and binding precedent such as the Ohio Supreme Court's decision in *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, 95 Ohio St. 3d 416, 768 N.E.2d 1136 (Ohio 2002).  Likewise, Plaintiffs' proposed instructions for the Ohio Corrupt Practices Act ("OCPA") claim are based on Ohio model instructions with clarifying language concerning the claims at issue.  Because the Sixth Circuit does not have model instructions for Racketeer-Influenced and Corrupt Organizations Act ("RICO") claims, Plaintiffs based their proposed instructions on form instructions from a treatise, supplementing where necessary with case-specific needs from other circuits.  Defendants, by contrast, drafted argumentative instructions which, among other errors, propose to introduce additional requirements that are not elements of the claims at issue, and which are based on selective citation to case-law in other jurisdictions (even where there is Ohio law and language from this Court on point).  On the RICO counts, rather than working from one model, Defendants selectively pull language from a patchwork of civil and criminal instructions from the Third and Eleventh Circuits.  In doing so, they rely on case-law which is outdated and has been overruled.  They also continue, for example, to incorrectly insist that the jury may only and must as threshold matter consider one of the three available limitations periods for an OCPA claim, and to disregard applicable tolling doctrines.  Plaintiffs' proposed verdict form accurately and efficiently tracks the legal requirements, and Plaintiffs respectfully request that it be adopted.