## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | |
| This document relates to: | ) ) | |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* Case No. 18-op-45090 | ) ) ) ) | **MDL No. 2804** **Case No. 17-md-2804** **Hon. Judge Dan A. Polster** |
| and | ) ) | |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al.* Case No. 1:18-op-45004 | ) ) ) ) | |
| _____ | ) | |

## DEFENDANTS' OBJECTIONS TO
## PLAINTIFFS' OCTOBER 5, 2019 WITNESS AND EXHIBIT LISTS

Pursuant to the Civil Jury Trial Order, ECF No. 1598, ECF No. 1598, entered in *In re National Prescription Opiate Litigation* (MDL 2804) on May 1, 2019 (as amended on July 29, 2019), Defendants submit the following Objections to Plaintiffs' October 5, 2019 Witness List and Final Exhibit List. These objections are made on behalf of the following Defendants: AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation; Cardinal Health, Inc; Henry Schein, Inc and Henry Schein Medical Systems, Inc.; McKesson Corporation; Teva Pharmaceutical Industries LTD, Teva Pharmaceuticals, USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, Warner Chilcott Company, LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc. – Salt Lake City, Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc. – Florida; Walgreen Co. and Walgreen Eastern Co.

## I.      Objections to Plaintiffs' October 5, 2019 Witness List

On October 5, 2019, Plaintiffs served an amended witness list identifying 65 potential

fact and expert witnesses.  In serving these objections, Defendants reserve the right to amend,

supplement, or otherwise modify these objections if new or modified information is provided at

any point.  Defendants reserve the right to supplement or modify these objections in response to

any modification of Plaintiffs' October 5, 2019 Exhibit List.  Defendants further reserve the right

to supplement and/or amend these objections in response to rulings of the Court on pretrial

motions.

|  | **Witness** | **Title** | **Objection** |
|---|---|---|---|
| 1. | Prevoznik. Thomas | DEA, Associate Section Chief for Pharmaceutical Investigations Section of Diversion Control Division | **Fed. R. Evid. 602:** Mr. Prevoznik testified as the corporate representative of the Drug Enforcement Administration pursuant to Federal Rule of Civil Procedure 30(b)(6).  Defendants object to any testimony on matters outside of the witness's personal knowledge.  *See* Distributor Defendants' Motion in Limine #2 [Dkt. # 2666]. |
| 2. | Rannazzisi, Joseph | DEA, Former Head of Office of Diversion Control | Defendants have separately objected to certain of plaintiffs' designated testimony from Mr. Rannazzissi's deposition.

**No *Touhy* Authorization:** To Defendants' knowledge, Plaintiffs have not received authorization from the Department of Justice for Mr. Rannazzisi to disclose any Department of Justice information at trial.  Defendants object to any attempt to elicit testimony from Mr. Rannazzisi regarding any Department of Justice information that plaintiffs or the Department of Justice prevented defendants from asking about at Mr. Rannazzisi's deposition. |
| 3. | Harper-Avilia, Stacy | DEA, Section Chief on Quotas | Defendants have separately objected to certain of plaintiffs' designated testimony from Ms. Harper-Avila's deposition.  No additional objections at this time. |

|  | **Witness** | **Title** | **Objection** |
|---|---|---|---|
| 4. | Kelly, Patrick | HDA/HDMA Executive Vice President of Governmental Affairs | Defendants have separately objected to certain of plaintiffs' designated testimony from Mr. Kelly's deposition.  No additional objections at this time. |
| 5. | Applegate, Mary Dr. | Ohio Department of Medicaid, Medical Director | **Fed. R. Evid. 402:** The Ohio Department of Medicaid and Dr. Applegate's "duties and responsibilities there" are not relevant to Plaintiffs' claims. |
| 6. | Zimmerman, Chris | Senior Vice President, Corporate Security and Regulatory Affairs, AmerisourceBergen Corporation | **Fed. R. Civ. P. 43 and 45:** AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation object that Mr. Zimmerman is outside the Court's subpoena power. and plaintiffs have not shown good cause or compelling circumstances to take his testimony by contemporaneous transmission from a different location.<br><br>**Fed. R. Evid. 602:** Mr. Zimmerman provided videotaped testimony on behalf of AmerisourceBergen Drug Corporation pursuant to Rule 30(b)(6).  AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation object to any attempt to elicit Rule 30(b)(6) testimony at trial on topics that are outside of Mr. Zimmerman's personal knowledge.  "[T]here is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition."  *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006); *see also Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014) ("Plaintiff asserts that the duties of Defendant's corporate deponent extend beyond discovery.  This is incorrect.").<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions."  *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 |

|  | **Witness** | **Title** | **Objection** |
|---|---|---|---|
|  |  |  | (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010). |
| 7. | May, David | AmerisourceBergen Corporation, Vice President, Corporate Security and Diversion Control | **Fed. R. Civ. P. 45:** AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation object that Mr. May is outside the Court's subpoena power.<br><br>AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation also have asserted objections to certain of plaintiffs' designations of Mr. May's deposition testimony, and reassert those objections here. |
| 8. | Mays, Steve | Vice President, Regulatory Affairs, AmerisourceBergen Corporation | **Fed. R. Civ. P. 45:** AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation object that Mr. Mays is outside the Court's subpoena power.<br><br>AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation also have asserted objections to certain of plaintiffs' designations of Mr. Mays' deposition testimony, and reassert those objections here. |
| 9. | Hazewski, Ed | Corporate Security & Regulatory Affairs at AmerisourceBergen Corporation | **Fed. R. Civ. P. 45:** AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation object that Mr. Hazewski is outside the Court's subpoena power.<br><br>AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation also have asserted objections to certain of plaintiffs' designations of Mr. Hazewski's deposition testimony, and reassert those objections here. |
| 10. | Cherveny, Eric | Director of Diversion Control & Security AmerisourceBergen Corporation | **Fed. R. Civ. P. 45:** AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation object that Mr. Cherveny is outside the Court's subpoena power.<br><br>AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation also have asserted objections to certain of plaintiffs' designations of Mr. Cherveny's deposition testimony, and reassert those objections here. |

| | Witness | Title | Objection |
|---|---|---|---|
| 11. | Elkins, Nathan | District Director at AmerisourceBergen Corporation | **Fed. R. Civ. P. 45:** AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation object that Mr. Elkins is outside the Court's subpoena power.<br><br>AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation also have asserted objections to certain of plaintiffs' designations of Mr. Elkins' deposition testimony, and reassert those objections here. |
| 12. | Norris, Jennifer | Vice President Associate General Counsel Cardinal Health | **Fed. R. Evid. 602:**<br>Cardinal Health objects to Ms. Norris, Cardinal Health's Rule 30(b)(6) designee, providing live testimony at trial.  "[T]here is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition."  *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006); *see also Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014) ("Plaintiff asserts that the duties of Defendant's corporate deponent extend beyond discovery.  This is incorrect.").<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions."  *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010). Ms. Norris is not a percipient fact witness and has no personal knowledge of the issues in this case outside of her preparation to testify as Cardinal Health's corporate representative. |
| 13. | Giacalone, Robert | Former SVP of Regulatory Affairs and Chief Regulatory Counsel | No objections at this time. |

| | Witness | Title | Objection |
|---|---|---|---|
| 14. | Mone, Michael | Cardinal Health, Vice President Associate General Counsel | No objections at this time. |
| 15. | Reardon, Steve | Vice President of Quality Regulatory Assurance; currently self-employed as consultant for Cardinal Health | No objections at this time. |
| 16. | Cameron, Todd | Vice President of Quality Regulatory Assurance, Supply Chain Integrity Cardinal Health | No objections at this time. |
| 17. | Walker, Donald | McKesson, Former Senior Vice President of Distribution Operations. | **Fed. R. Civ. P. 43 and 45:** McKesson objects that Mr. Walker is outside the Court's subpoena power, and plaintiffs have not shown good cause or compelling circumstances to take his testimony by contemporaneous transmission from a different location. |
| 18. | Hartle, Nate | Vice President of Regulatory Affairs & Compliance McKesson | **Fed. R. Civ. P. 45:** McKesson objects that Mr. Hartle is outside the Court's subpoena power.<br><br>**Fed. R. Evid. 602:**<br>Mr. Hartle provided videotaped testimony on behalf of McKesson pursuant to Rule 30(b)(6).  McKesson objects to any attempt to elicit or play Rule 30(b)(6) testimony at trial on topics that are outside of Mr. Hartle's personal knowledge.  "[T]here is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition." *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006); *see also Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014) ("Plaintiff asserts that the duties of Defendant's corporate deponent extend beyond discovery.  This is incorrect.").<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. |

|   | **Witness** | **Title** | **Objection** |
|---|---|---|---|
|   |   |   | Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010).<br><br>McKesson further objects to use of Mr. Hartle's video deposition testimony at trial for the reasons identified in its pending motion in limine (# MCK-5), including Plaintiff's attorneys improper conduct at the deposition and questioning beyond the scope of Mr. Hartle's 30(b)(6) designations, responses to which cannot bind the company. *See, e.g.*, *Green v. Wing Enterprises, Inc.*, 2015 WL 506194, at *8 (D. Md. Feb. 5, 2015).<br><br>McKesson has also asserted objections to certain of plaintiffs' designations of Mr. Hartle's deposition testimony, and reasserts those objections here. |
| 19. | Boggs, Gary | McKesson, Vice President of Regulatory Affairs and Compliance at McKesson and former DEA official. | **Fed. R. Civ. P. 45:** McKesson objects that Mr. Boggs is outside the Court's subpoena power.<br><br>McKesson has also asserted objections to certain of plaintiffs' designations of Mr. Boggs' deposition testimony, and reasserts those objections here. |
| 20. | Jonas, Tracy | McKesson, Director of Operational Excellence and former Director of Regulatory Affairs. | **Fed. R. Civ. P. 45:** McKesson objects that Mr. Jonas is outside the Court's subpoena power.<br><br>McKesson has also asserted objections to certain of plaintiffs' designations of Mr. Jonas' deposition testimony, and reasserts those objections here. |
| 21. | Gustin, David | Director of Regulatory Affairs at McKesson | **Fed. R. Civ. P. 45:**  McKesson objects that Plaintiffs' subpoena would expose Mr. Gustin to an undue burden and that Plaintiffs have no substantial need for Mr. Gustin's live testimony.  Mr. Gustin is currently subject to an indictment in the Eastern District of Kentucky and, if required to appear at trial, will invoke his Fifth Amendment privilege not to testify. Prior to his indictment Mr. Gustin, who is a former employee and retired from McKesson in 2015, provided a full-day deposition to plaintiffs in this action. Plaintiffs' attempt to forgo this substantive video deposition testimony in favor of calling Mr. Gustin live serves no purpose other than to seek to have the jury draw a negative inference against Mr. Gustin and McKesson based on his invocation of the privilege.  Any such negative inference is expressly prohibited and is an improper reason to burden, harass, and embarrass Mr. Gustin |

|  | Witness | Title | Objection |
|---|---------|-------|-----------|
|  |  |  | by requiring he appear live at trial.  *See E.A. Renfroe & Co. v. Moran*, No. 2:06-CV-1752-WMA, 2007 WL 4276906, at *3 (N.D. Miss. Dec. 3, 2007) (quashing subpoena based on pending criminal indictment).  Indeed, the Court has previously prohibited a videotaped deposition of a County employee who intended to invoke his Fifth Amendment rights.  The reasoning behind the Court's order quashing that videotaped deposition applies with even more force to plaintiffs' trial subpoena for Mr. Gustin.<br><br>McKesson has also asserted objections to certain of plaintiffs' designations of Mr. Gustin's deposition testimony, and reasserts those objections here. |
| 22. | Oriente, Michael | McKesson, Director of Regulatory Affairs. | **Fed. R. Civ. P. 453:** McKesson objects that Mr. Oriente is outside the Court's subpoena power.<br><br>McKesson has also asserted objections to certain of plaintiffs' designations of Mr. Oriente's deposition testimony, and reasserts those objections here. |
| 23. | Snider, Blaine | McKesson, Distribution Center Manager. | McKesson has asserted objections to certain of plaintiffs' designations of Mr. Snider's deposition testimony, and reasserts those objections here. |
| 24. | Polster, Tasha | Walgreens - Vice President of Pharmacy Quality, Compliance, and Patient Safety. | **Fed. R. Civ. P. 45:** Walgreens objects to any attempt to call Ms. Polster at trial.  Plaintiffs have not designated any testimony from Ms. Polster's deposition under Fed. R. Civ. P. 32, and she resides and works outside the Court's subpoena power. |
| 25. | Martin, Barbara | Manager, Inventory Management / Manager - Rx Supply Chain, Stores | Walgreens has separately objected to certain of plaintiffs' designated testimony from Ms. Martin's deposition.  No additional objections at this time. |
| 26. | Bratton, Ed | Manager, Pharmaceutical Integrity (Southern Operation (FL)) | **Fed. R. Civ. P. 43:** Walgreens objects that Mr. Bratton is outside the Court's subpoena power, and plaintiffs have not shown good cause or compelling circumstances to take his testimony by contemporaneous transmission from a different location.<br><br>**Fed. R. Civ. P. 45:** Walgreens objects to any attempt to call Mr. Bratton live at trial.  Plaintiffs have not designated any testimony from Mr. Bratton's deposition under Fed. R. Civ. P. 32, and he resides and works outside the Court's subpoena power.<br><br>**Fed. R. Evid. 602:** |

| | Witness | Title | Objection |
|---|---|---|---|
| | | | Mr. Bratton provided videotaped testimony on behalf of Walgreens pursuant to Rule 30(b)(6). Walgreens objects to any attempt to elicit Rule 30(b)(6) testimony at trial on topics that are outside of Mr. Bratton's personal knowledge.  "[T]here is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition."  *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006); *see also Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014) ("Plaintiff asserts that the duties of Defendant's corporate deponent extend beyond discovery.  This is incorrect."). <br><br> At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions."  *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010). |
| 27. | Peterson, Douglas | Manager, IT Supply Chain | **Fed. R. Civ. P. 45:** Walgreens objects to any attempt to call Mr. Peterson at trial.  Plaintiffs have not designated testimony from Mr. Peterson's deposition under Fed. R. Civ. P. 32, and he resides and works outside the Court's subpoena power. |
| 28. | Stahmann, Eric | Manager, Pharmaceutical Integrity | **Fed. R. Civ. P. 45:** Walgreens objects to any attempt to call Mr. Stahmann at trial.  Plaintiffs have not designated testimony from Mr. Stahmann's deposition under Fed. R. Civ. P. 32, and he resides and works outside the Court's subpoena power. |
| 29. | Tomkiewicz, Joseph | Teva Diversion Operations Manager | **Fed. R. Civ. P. 45:** The Teva and Actavis Generic Defendants object that Mr. Tomkiewicz is outside the Court's subpoena power. <br><br> The Teva and Actavis Generic Defendants also have asserted objections to certain of plaintiffs' designations of Mr. Tomkiewicz's deposition testimony, and reassert those objections here. |

| | Witness | Title | Objection |
|---|---|---|---|
| 30. | McGinn, Colleen | Former Teva Director DEA Compliance | **Fed. R. Civ. P. 43 and 45:** The Teva and Actavis Generic Defendants object that Ms. McGinn is outside the Court's subpoena power, and plaintiffs have not shown good cause or compelling circumstances to take her testimony by contemporaneous transmission from a different location.  In addition, plaintiffs failed to timely designate Ms. McGinn as a "live stream" witness.  Plaintiffs were ordered to designate "live stream" witnesses by September 25, 2019 [ECF No. 2594], but did not disclose Ms. McGinn as such until October 5, 2019, thereby waiving their right to do so.<br><br>The Teva and Actavis Generic Defendants also have asserted objections to certain of plaintiffs' designations of Ms. McGinn's deposition testimony, and reassert those objections here. |
| 31. | Abreu, Shaun | Senior Manager of Verifications for Henry Schein, Inc. | No objections at this time. |
| 32. | Alexander, Caleb | Expert | **Fed. R. Evid. 402 and 403:**<br>Mr. Alexander's opinions relate to the abatement of the alleged public nuisance.  On September 24, 2019, the Court ordered that "the jury will… determine nuisance liability.  Thereafter, if necessary, the Court will try all aspects of equitable remedies for any nuisance liability, bound by the jury's findings of relevant facts."  Mr. Alexander's opinions are thus irrelevant to the upcoming jury trial, and allowing him to testify would confuse the jury, prolong the trial, and cause undue prejudice to Defendants. |
| 33. | Courtwright, David | Expert | No objections at this time. |
| 34. | Cutler, David | Expert | Defendants filed a *Daubert* motion against Mr. Cutler and preserve all objections to the admissibility of his opinions made therein.  No additional objections at this time. |

|  | Witness | Title | Objection |
|---|---|---|---|
| 35. | Keller, Lacey | Expert | Defendants filed a *Daubert* motion against Ms. Keller and preserve all objections to the admissibility of her opinions made therein. No additional objections at this time. |
| 36. | Kessler, David | Expert | Defendants filed a *Daubert* motion against Dr. Kessler and preserve all objections to the admissibility of his opinions made therein. No additional objections at this time. |
| 37. | Keyes, Katherine | Expert | Defendants filed a *Daubert* motion against Dr. Keyes and preserve all objections to the admissibility of her opinions made therein. No additional objections at this time. |
| 38. | Lembke, Anna | Expert | Defendants filed a *Daubert* motion against Dr. Lembke and preserve all objections to the admissibility of her opinions made therein. No additional objections at this time. |
| 39. | Liebman, Jeffrey | Expert | **Fed. R. Evid. 402 and 403:**<br>Mr. Liebman's opinions relate to the abatement of the alleged public nuisance. On September 24, 2019, the Court ordered that "the jury will… determine nuisance liability. Thereafter, if necessary, the Court will try all aspects of equitable remedies for any nuisance liability, bound by the jury's findings of relevant facts." Mr. Liebman's opinions are thus irrelevant to the upcoming jury trial, and allowing him to testify would confuse the jury, prolong the trial, and cause undue prejudice to Defendants. |
| 40. | McCann, Craig | Expert | Defendants filed a *Daubert* motion against Mr. McCann and preserve all objections to the admissibility of his opinions made therein. No additional objections at this time. |
| 41. | McGuire, Thomas | Expert | Defendants filed a *Daubert* motion against Mr. McGuire and preserve all objections to the admissibility of his opinions made therein. No additional objections at this time. |

|  | **Witness** | **Title** | **Objection** |
|---|---|---|---|
| 42. | Rafalski, Jim | Expert | Defendants filed a *Daubert* motion against Mr. Rafalski and preserve all objections to the admissibility of his opinions made therein.  No additional objections at this time. |
| 43. | Rosenthal, Meredith | Expert | Defendants filed a *Daubert* motion against Dr. Rosenthal and preserve all objections to the admissibility of her opinions made therein.  No additional objections at this time. |
| 44. | Wexelblatt, Scott | Expert | **Fed. R. Evid. 402 and 403:**<br>Defendants object to Mr. Wexelblatt's opinions relating to the abatement of the alleged public nuisance.  On September 24, 2019, the Court ordered that "the jury will… determine nuisance liability.  Thereafter, if necessary, the Court will try all aspects of equitable remedies for any nuisance liability, bound by the jury's findings of relevant facts."  Mr. Wexelblatt's abatement opinions are thus irrelevant to the upcoming jury trial, and allowing him to testify would confuse the jury, prolong the trial, and cause undue prejudice to Defendants. |
| 45. | Young, Nancy | Expert | **FRE 402 and 403:**<br>Defendants object to Ms. Young's opinions relating to the abatement of the alleged public nuisance.  On September 24, 2019, the Court ordered that "the jury will… determine nuisance liability.  Thereafter, if necessary, the Court will try all aspects of equitable remedies for any nuisance liability, bound by the jury's findings of relevant facts."  Ms. Young's abatement opinions are thus irrelevant to the upcoming jury trial, and allowing her to testify would confuse the jury, prolong the trial, and cause undue prejudice to Defendants. |
| 46. | Barrett, George | Cardinal Health, Former Chief Executive Officer | No objections at this time. |
| 47. | Barber, Linden | Cardinal Health, Chief Regulatory Counsel and Senior Vice President; Former DOJ Lawyer working with Office of Diversion Control | **Attorney-Client Privilege/Attorney Work Product:**<br>Mr. Barber currently serves as Chief Regulatory Counsel to Cardinal Health, and previously served as Cardinal Health's outside counsel.  Cardinal Health objects to Mr. Barber's testimony to the extent that it would invade the attorney-client privilege or work product doctrine. |

|   | **Witness** | **Title** | **Objection** |
|---|---|---|---|
|   |   |   | **No *Touhy* Authorization:** <br> Absent authorization, Mr. Barber is prohibited from disclosing any official Department of Justice information. 28 C.R.F. § 16.22(a). To Cardinal Health's knowledge, Plaintiffs have not received authorization from the Department of Justice to disclose any confidential information obtained in the course of his employment by the Drug Enforcement Administration. |
| 48. | Baran, Nancy | Former Teva Executive Director, Customer Relations; Former Actavis Executive Director, Customer Relations Operations | The Teva and Actavis Generic Defendants have separately objected to certain of plaintiffs' designations of Ms. Baran's deposition testimony, and reassert those objections here. |
| 49. | Woods, Mary | Allergan Executive Director, Customer Relations Operations; Former Actavis Executive Director, Customer Relations Operations; Former Watson Associate Director, Call Center Operations | **Fed. R. Civ. P. 43 and 45:** The Teva and Actavis Generic Defendants object that Ms. Woods is outside the Court's subpoena power, and plaintiffs have not shown good cause or compelling circumstances to take her testimony by contemporaneous transmission from a different location. <br><br> **Fed. R. Evid. 602:** <br> Ms. Woods provided videotaped testimony on behalf of Allergan pursuant to Rule 30(b)(6). The Teva and Actavis Generic Defendants object to any attempt to elicit Rule 30(b)(6) testimony at trial on topics that are outside of Ms. Woods' personal knowledge. "[T]here is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition." *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006); *see also Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014) ("Plaintiff asserts that the duties of Defendant's corporate deponent extend beyond discovery. This is incorrect."). <br><br> At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13- |

|  | Witness | Title | Objection |
|---|---|---|---|
|  |  |  | CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010). |
| 50. | Bish, Deb | Walgreens – Function Manager | Walgreens has separately objected to certain of plaintiffs' designated testimony from Ms. Bish's deposition.  No additional objections at this time. |
| 51. | Keenan, Maggie | Cuyahoga County, Director of Office of Budget Management | No objections at this time. |
| 52. | Williams, Calvin | Cleveland, Chief of Police | **Fed. R. Evid. 402 and 403:**<br>Mr. Williams is employed by the City of Cleveland, which has filed its own action against Defendants that will be set for trial at a later date.  *See* Order Regarding Track One Trial Plaintiffs (Feb. 25, 2019) [Dkt. # 1392].  Defendants object to any testimony relating to alleged harm or damages suffered by the City of Cleveland or its agencies as irrelevant, unduly prejudicial and confusing to the jury. |
| 53. | Gilson, Thomas Dr. | Cuyahoga County, Medical Examiner | No objections at this time. |
| 54. | Hall, Gregory Dr. | Cuyahoga County Board of Health, President Pro Tem | No objections at this time. |

| | Witness | Title | Objection |
|---|---|---|---|
| 55. | Weiskittel, Cynthia | Cuyahoga County Director of the Division of Children and Family Services | No objections at this time. |
| 56. | Papp, Joan Dr. | Attending Physician at MetroHealth Medical Center: Founder of Project DAWN: Member of the Cuyahoga Opiate Task Force | Defendants object to Plaintiffs' description of Dr. Papp's expected testimony as incorrect and misleading. Dr. Papp is not an employee of either County and thus cannot testify concerning "matters related to his/her duties and responsibilities regarding his/her employment with the County/City and related previous relevant employment."<br><br>No objections at this time to Dr. Papp's testimony related to her duties and responsibilities as an attending physician at MetroHealth, founder of Project DAWN, and member of the Cuyahoga County Opiate Task Force. |
| 57. | Gingell, Gary | Cleveland Police Commander | **Fed. R. Evid. 402 and 403:**<br>Mr. Gingell is employed by the City of Cleveland, which has filed its own action against Defendants that will be set for trial at a later date. *See* Order Regarding Track One Trial Plaintiffs (Feb. 25, 2019) [Dkt. # 1392]. Defendants object to any testimony relating to alleged harm or damages suffered by the City of Cleveland or its agencies as irrelevant, unduly prejudicial and confusing to the jury. |
| 58. | Bornstein, Travis | Summit- Founder – Hope United | **Fed. R. Evid. 402 and 403:**<br>Defendants object to Plaintiffs' description of Mr. Bornstein's testimony as incorrect and misleading. Mr. Bornstein is not an employee of either County and thus cannot testify concerning "matters related to his/her duties and responsibilities regarding his/her employment with the County/City and related previous relevant employment." Nor was he deposed, so he cannot testify as to "matters he/she testified to at his/her deposition."<br><br>Instead, Defendants expect that Mr. Bornstein will testify regarding his personal loss of his son due to an opioid overdose. That testimony should be excluded for the reasons stated in Defendants' Motion in Limine # 3 (Sept. 25, 2019) [Dkt. # 2661]. Specifically, 1) plaintiffs successfully avoided providing information about individuals |

|     | **Witness** | **Title** | **Objection** |
|-----|-------------|-----------|---------------|
|     |             |           | who became addicted during discovery; 2) plaintiffs routinely blocked defendants from questioning deposition witnesses about this subject; 3) the testimony would be hearsay and lack foundation; and 4) the testimony should be barred under Rules 402 and 403.  *See* Defendants' Motion in Limine # 3 (Sept. 25, 2019) [Dkt. # 2661]. |
| 59. | Twigg, Charles | Summit- Deputy Chief of the Akron Fire Department | **Fed. R. Evid. 402 and 403:** Mr. Twigg is employed by the City of Akron, which has filed its own action against Defendants that will be set for trial at a later date.  *See* Order Regarding Track One Trial Plaintiffs (Feb. 25, 2019) [Dkt. # 1392].  Defendants object to Mr. Twigg's testimony to the extent it relates to alleged harm or damages suffered by the City of Akron or its agencies as irrelevant, unduly prejudicial and confusing to the jury. |
| 60. | Tucker, Clarence | Summit- Fire Chief for the City of Akron | **Fed. R. Evid. 402 and 403:** Mr. Twigg is employed by the City of Akron, which has filed its own action against Defendants that will be set for trial at a later date.  *See* Order Regarding Track One Trial Plaintiffs (Feb. 25, 2019) [Dkt. # 1392].  Defendants object to Mr. Tucker's testimony to the extent it relates to alleged harm or damages suffered by the City of Akron or its agencies as irrelevant, unduly prejudicial and confusing to the jury. |
| 61. | Smith, Doug | Summit- Chief Clinical Officer, Summit County ADM | No objections at this time. |
| 62. | Skoda, Donna | Summit- Health Commissioner, SCPH | No objections at this time. |

| | Witness | Title | Objection |
|---|---|---|---|
| 63. | Nelsen, Brian | Summit- Director of Finance and Budget, Summit County | No objections at this time. |
| 64. | Johnson, Greta | Summit- Assistant Chief of Staff and Public Information Officer; Summit County Executive's Office | **Not Timely Disclosed:** Plaintiffs did not timely disclose Ms. Johnson as a fact witness with relevant knowledge, precluding Defendants from deposing her as a fact witness during the discovery period. Defendants object to Ms. Johnson testifying at trial unless Plaintiffs make her available for a fact deposition before trial. |
| 65. | Orlando Howard | St. Vincent Charity Medical Center- Rosary Hall, Director of Outpatient Treatment Services/Quality Improvement | **Not Timely Disclosed:** Plaintiffs did not timely disclose Mr. Howard as a person with relevant knowledge, precluding Defendants from deposing him during the discovery period. Defendants object to Mr. Howard testifying at trial unless Plaintiffs make him available for deposition before trial. **Fed. R. Evid. 402 and 403:** To the extent Mr. Howard will testify about personal stories of opioid abuse or related harms to himself or others, the testimony should be excluded for the reasons stated in Defendants' Motion in Limine # 3 (Sept. 25, 2019) [Dkt. # 2661]. |

## II.    Objections to Plaintiffs' Trial Exhibit List

On October 5, 2019 at 5 p.m., Plaintiffs served their *eighth* exhibit list.  Plaintiffs' latest list contains 4,173 exhibits, including dozens of exhibits with inadequate descriptions, *no* descriptions, or no Bates numbers, and documents previously clawed back as privileged by the Defendants.  In addition, plaintiffs have failed to produce searchable branded trial exhibits, as required by the Parties' Joint Trial Exhibit Stipulation and Template submitted to the Court on August 16, 2019.  Plaintiffs also informed defendants that the list contains approximately 101

17

duplicate documents and 100 deposition exhibits related to witnesses that have been removed from their witness list, and promised to circulate a ***ninth*** corrected list containing 3,972 exhibits "as soon as it is ready."

The prior seven versions of plaintiffs' exhibit list have been riddled with problems that rendered them unusable.  *See* Defs.' Objection to Special Master's Order on the Parties' Trial Exhibit and Witness Lists at 3-4 (Oct. 4, 2019) [Dkt. # 2714].  Although Defendants have been diligently reviewing Plaintiffs' October 5, 2019 Exhibit List, the timing of the submission—less than 48 hours ago—has made it impossible to draft objections to the 4,173 exhibits on the list by noon on October 7, 2019.  Defendants therefore object to plaintiffs' exhibit list in its entirety and reserve all rights and objections to the documents included on Plaintiffs' October 5, 2019 Exhibit List and any subsequent revisions thereto.

Dated: October 7, 2019

**REED SMITH LLP**

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug
Corporation and AmerisourceBergen
Corporation*

*/s/ Enu Mainigi*
Enu Mainigi
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC  20005

Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

*Counsel for Cardinal Health, Inc.*

 */s/ John P. McDonald*
John P. McDonald
C. Scott Jones
Lauren M. Fincher
Brandan J. Montminy
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel: (214) 740-8000
Fax: (214) 756-8758
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Counsel for Henry Schein, Inc. and Henry
Schein Medical Systems, Inc.*

 */s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Sonya D. Winner
Paul W. Schmidt
Phyllis A. Jones
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
swinner@cov.com
pschmidt@cov.com
pajones @cov.com

*Counsel for McKesson Corporation*
 */s/ Steven A. Reed*
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
Harvey Bartle

**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-5000
Fax: (215) 963-5001
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com
harvey.bartle@morganlewis.com

Nancy L. Patterson
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel:  (713) 890-5195
nancy.patterson@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-7455
Fax: (412) 560-7001

Brian M. Ercole
**MORGAN, LEWIS & BOCKIUS LLP**
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Counsel for Teva Pharmaceuticals USA,
Inc., Cephalon, Inc., Watson Laboratories,
Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a
Watson Pharma, Inc., Warner Chilcott
Company, LLC, Actavis South Atlantic LLC,
Actavis Elizabeth LLC, Actavis Mid Atlantic
LLC, Actavis Totowa LLC, Actavis Kadian
LLC, Actavis Laboratories UT, Inc. f/k/a
Watson Laboratories, Inc.-Salt Lake City,
Actavis Laboratories FL, Inc., f/k/a Watson
Laboratories, Inc.-Florida, and appearing*

20

*specially for Teva Pharmaceutical Industries Ltd.[1]*

  */s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Matthew W. Brewer
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
matthew.brewer@bartlitbeck.com

Alex J. Harris
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

---

[1] Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") is an Israeli corporation that is not subject to and contests personal jurisdiction for the reasons explained in its motions to dismiss for lack of personal jurisdiction; Teva Ltd. is specially appearing to join this motion as a result of the Court's deadline to file motions *in limine*, and, thus, they do not waive and expressly preserve their pending personal jurisdiction challenges.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on October 7, 2019 via

electronic transfer to all counsel of record, consistent with the Court's order.


*/s/ Robert A. Nicholas*
Robert A. Nicholas