# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESS LISTS

Plaintiffs respectfully submit the following objections to testimony from witnesses designated by Defendants on their witness lists served October 5, 2019:

### I. PLAINTIFFS' OBJECTION TO TESTIMONY FROM PHARMACY WITNESSES

Throughout the discovery period, Defendants repeatedly refused to provide pharmacy-level data and pharmacy-level discovery on the grounds that such information was not relevant to Plaintiffs' claims.  The Special Master largely sustained Defendants' objections to providing such information, while warning that "as a general rule, no party may rely at trial on documents or data that they have not produced in discovery or which are otherwise unknown to opposing parties." *See, e.g.,* Discovery Ruling No. 8 (Dkt. 1055) at 5.

Defendants Cardinal Health and Walgreens have now violated this basic precept by seeking to introduce at trial testimony from the following seven pharmacists and pharmacy managers:

1. Luke Forkapa (Walgreens)
2. Debra Lieske (Walgreens)
3. Kipp Tiger (Walgreens)
4. Christa Altobelli (Cardinal)
5. Shadi Awadallah (Cardinal)
6. Julie Deal (Cardinal)
7. Yasmin Parker (Cardinal)

Plaintiffs object to the admission at trial of testimony from these pharmacy witnesses for the reasons set forth in Plaintiffs' October 7 letter to the Special Master, attached hereto as Exhibit A.

## II. PLAINTIFFS' OBJECTION TO TESTIMONY FROM WITNESSES DEFENDANTS FAILED TO DISCLOSE DURING THE DISCOVERY PERIOD

Defendants have identified six witnesses to testify at trial whom they did not disclose during the discovery period in response to interrogatories seeking the identities of individuals with discoverable knowledge.  Consequently, Plaintiffs object to any testimony from the following non-disclosed witnesses:

1. Orman Hall[1]
2. Gary Brack
3. Peter Cassady
4. Charles Argoff, MD
5. Lisa Robin
6. Philip Saigh

Plaintiffs acknowledge that Defendants lodged a similar objection to at least one witness on Plaintiffs' witness list.  In the circumstances, Plaintiffs would not object to a negotiated agreement permitting a limited and reciprocal number of such witnesses to testify for each side.

## III. PLAINTIFFS' OBJECTION TO TESTIMONY FROM WITNESSES FOR WHOM WALGREENS REFUSED TO PERMIT DISCOVERY

In addition to their Pharmacy witnesses, Defendant Walgreens has designated two General Managers from its Perrysburg Distribution Center to testify at trial after refusing to produce their custodial files or making the individuals available for deposition.  Plaintiffs object to any testimony from the following witnesses for the reasons explained herein:

---

[1] Defendants identify Orman Hall as "Executive Director of the Fairfield County ADAMHS Board, Former Chair of Governor's Opiate Action Team."  In addition to their failure to disclose Mr. Hall as a potential witness during discovery, Mr. Hall's duties and responsibilities as Executive Director of another county's ADAMHS Board are irrelevant to this action.

1. Justin Joseph
2. Steve Kneller

On July 9, 2018, Plaintiffs requested that Walgreens produce custodial files for "Distribution Center Directors" and "Distribution Center Compliance Officers."[2] Walgreens responded by asserting that the employees did not have responsibilities related to opioids. Plaintiffs raised the dispute with the Special Master. In its effort to avoid producing custodial files and having these individuals sit for depositions, Walgreens represented to the Court that the employees lacked relevant information: "Nor do Walgreens' Distribution Center employees have duties relating to the distribution of Schedule II opioids a tissue in these cases." *See* July 30, 2018 letter from Kate Swift at 5 (copy attached as Exhibit C). Subsequently, after several requests by Plaintiffs for Distribution Center employees, Walgreens reluctantly identified four employees of the Distribution Center as potential custodians, but did not identify Messrs. Joseph and Kneller, and has never produced custodial files for them. Walgreens did not even identify them as individuals with relevant knowledge until it supplemented its interrogatory responses on March 4, 2019, after the close of discovery, thus precluding Plaintiffs from noticing or taking their depositions.

It is notable that after Walgreens represented first to Plaintiffs and then to the Special Master that "[n]or do Walgreens' Distribution Center employees have duties related to the distribution of Schedule II opioids at issue in these cases," three of their nine fact witnesses for trial are Distribution Center employees. Of the three, Walgreens only identified one within the discovery period, and only did so after numerous requests and meet and confers. The Court should not allow Walgreens' obstructionist tactics to stand and should strike these witnesses.

---

[2] *See* July 9, 2018 email from Jeff Gaddy, attached hereto as Exhibit B.

3

## IV. PLAINTIFFS' OBJECTION TO INTRODUCTION OF DEPOSITION TESTIMONY FROM WITNESSES WHOM WERE DEPOSED IN THE OKLAHOMA ATTORNEY GENERAL ACTION

The Teva Defendants' Witness List identifies the following five witnesses who were not deposed in this action, but did have their deposition taken in the Oklahoma Attorney General suit against Teva:

1. Paula Williams
2. Tricia Glover
3. Kishore Gopu[3]
4. Susan Larijani
5. Chris Meyer

Plaintiffs object to the introduction of their deposition testimony from the Oklahoma Attorney General suit at trial in this matter.  Deposition testimony from these witnesses is inadmissible hearsay and not permitted under Fed. R. Civ. P. 32 because Plaintiffs' counsel in this action did not participate in those depositions and counsel for Cuyahoga County and Summit County were not present or represented at the taking of those depositions, which were taken in a state court Attorney General proceeding that is not part of this MDL.  Fed. R. Civ. P. 32(a)(1)(A).  The testimony does not fall within the hearsay exception in Fed. R. Evid. 804 for the same reason because Plaintiffs did not have "an opportunity and similar motive to develop the testimony by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B).  Defendants initially objected to these depositions and only produced the transcripts after being ordered to do so.

---

[3] Plaintiffs also object to testimony from Kishore Gopu on the grounds that Teva did not identify her as a person with relevant knowledge until it supplemented its interrogatory responses on March 4, 2019, after the close of discovery.  That failure to disclose precluded Plaintiffs from taking the witness's deposition in this action.

4

### V.  PLAINTIFFS' OBJECTION TO TESTIMONY FROM WITNESSES THAT DID NOT APPEAR ON DEFENDANTS' INITIAL WITNESS LISTS

The parties initially exchanged witness lists on September 11, 2019.  On October 1, 2019, Special Master Cohen determined that the numbers of witnesses and exhibits listed by both parties were "so excessive they provide no idea to opposing counsel or the Court regarding what actual trial presentations might be."  Dkt. 2695 at 1.  Thus, the Special Master ordered the parties to reduce the number of witnesses and exhibits and to serve revised witness and exhibit lists by 5:00 PM on Saturday, October 5.  *Id.* at 2.

Instead of merely reducing witnesses, Defendants (i) added new witnesses to their lists while removing others; and (ii) supplemented their lists with witnesses previously identified only by Defendants who had settled with the Track One plaintiffs in the interim.  These changes violate the letter and spirit of the Special Master's Order and prejudice Plaintiffs' ability to prepare for trial.  Plaintiffs thus object to testimony from the following witnesses:

#### A.  *Witnesses Added To Lists For The First Time On October 5, 2019*

The Teva Defendants and Cardinal Health added new individuals to their October 5, 2019 witness lists.  Specifically,

1. Valli Baldassano (Teva)
2. George Barrett (Cardinal)

Neither individual appears on the Defendants' prior witness list, and they should be stricken. Defendants' addition of new witnesses at this juncture deprives Plaintiffs of the ability to adequately prepare for their testimony at trial, and is contrary to the Special Master's instructions to simplify, rather than complicate, pretrial preparation.

#### B.  *Distributors' "Amended" Joint Witness List*

On October 5, 2019, the Distributor Defendants served a document entitled:  "Distributors Amended Joint Witness List" that lists three expert witnesses and five fact witnesses.  The title of

5

the document is, in and of itself, a misrepresentation.  <u>Distributor Defendants did not have an original "Joint Witness List" to amend.</u>  Rather, during the first round of witness lists, there was only a single "Joint Witness List" common to both Distributor and Manufacturer Defendants.  On October 5, Defendants then served two "Joint Witness Lists:" (1) a "Joint Witness List" common to all Defendants that reflected changes from the prior served "Joint Witness List" and (2) a "Distributors Amended Joint Witness List" that adopted expert witnesses from Plaintiffs and fact witnesses from severed Defendants.

Distributor Defendants may not concoct a new witness list out of thin air.  They made their witness elections on September 11, 2019, when the parties served the original lists.  Special Master Cohen's order was intended to streamline trial preparation by reducing the number of witnesses. Instead, Distributor Defendants' new list confuses trial preparation by forcing Plaintiffs at the last minute to prepare for witnesses previously designated by settled Defendants.  Moreover, Plaintiffs revised witness lists and exhibit lists in response to Special Master Cohen's Order based on designations made by the remaining Defendants.

Plaintiffs thus object to the introduction of testimony by Distributor Defendants from the following witnesses on the Distributor Defendants' "Amended" List:

1. Anna Lembke
2. David Kessler
3. Meredith Rosenthal
4. Victor Borelli
5. Amanda Hogan
6. David Haddox
7. Richard Sackler
8. Gertrude Kass

Additionally, four of the five fact witnesses on this list are current or former Purdue employees. Plaintiffs severed Purdue from this trial weeks ago, and Purdue's bankruptcy should have no

impact on the timing or conduct of the trial.  Plaintiffs reserve all rights if Defendants argue that their designation of Purdue witnesses somehow implicates that bankruptcy stay.

### C. *The Teva Defendants' Additional Witnesses*

Like the Distributor Defendants, the Teva Defendants changed their October 5 witness list to include witnesses from settled Defendants' lists.  Specifically, Plaintiffs object to testimony from the following recently-added witnesses:

1. Charles Argoff, MD
2. Scott Fishman, MD
3. Lisa Robin
4. Philip Saigh
5. Lynn Webster

As with Distributor Defendants, the Teva Defendants did not originally elect to include these witnesses on their witness list.  Plaintiffs object to their inclusion at this late stage, which severely prejudices Plaintiffs' ability to prepare for trial.

## VI. PLAINTIFFS' OBJECTION TO TESTIMONY FROM CAROLINE CONNEELY ON THE BASIS THAT DEFENDANTS OBJECTED TO HER DEPOSITION

Plaintiffs object to the introduction of testimony from Caroline Conneely, an employee of third party FTI Consulting whom Defendant AmerisourceBergen has designated to testify at trial. AmerisourceBergen did not identify Ms. Conneely as an individual with relevant knowledge in its discovery responses, although AmerisourceBergen did identify FTI Consulting generally.  Ms. Conneely was not deposed in this action during discovery, although Plaintiffs did receive documents from FTI Consulting well after the close of discovery.[4]

---

[4] Indeed, AmerisourceBergen's inclusion of Ms. Conneely as a witness is all the more surprising given that Plaintiffs subpoenaed FTI Consulting on January 17, 2019 seeking documents and testimony, and AmerisourceBergen's counsel wrote to the Special Master seeking "emergency relief" with respect to that subpoena, objecting on the grounds that the documents would be produced and testimony completed after the January 25, 2019 discovery deadline.  Plaintiffs withdrew the subpoena in the face of that objection.  This witness has not been deposed, and

### VII. STATEMENT REGARDING DEPOSITIONS

Defendants have designated **25** witnesses at trial for who were not deposed during discovery in this action.[5] Defendants did not produce custodial documents for the vast majority of these witnesses. It is not feasible for Plaintiffs to take 25 depositions of newly-identified witnesses at this late stage, while still preparing for trial. Defendants' disclosure of new witnesses appears calculated to disrupt the trial and postpone the trial date, and the Court should not permit that to happen.

Dated: October 8, 2019

        Respectfully submitted,

        By: */s/ Linda Singer*
        Linda Singer
        Joseph F. Rice
        Jodi Westbrook Flowers
        Anne McGinness Kearse
        David I. Ackerman
        Jeffrey C. Nelson
        MOTLEY RICE LLC
        401 9th Street NW, Suite 1001
        Washington, DC 20004
        Tel: (202) 232-5504

---

Plaintiffs would not have been permitted to issue a deposition to her given that the document production occurred well after close of discovery.

[5] This includes: all 7 pharmacy witnesses, all 6 witnesses whom Defendants did not identify during the discovery period, the 2 Walgreens witnesses whom Walgreens represented did not have knowledge specific to opioids, the 5 Teva witnesses deposed only in the Oklahoma Attorney General action, George Barrett, Amanda Hogan, Scott Fishman, Lynn Webster and Caroline Conneely.

*/s/ W. Mark Lanier*_____
W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*/s/ Frank Gallucci*
Frank Gallucci (0072680)
PLEVIN & GALLUCCI
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

*/s/ Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
NAPOLI SHKOLNIK PLLC
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
Phone: (212) 397-1000

*/s/Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com


*/s/ Paul T. Farrell, Jr., Esq.*
Paul T. Farrell, Jr.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

9

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com
Plaintiffs' Liaison Counsel

## **CERTIFICATE OF SERVICE**

I, Angelica Steele certify that on October 8, 2019, I caused the foregoing to be served via electronic mail by filing it on the public docket, which will cause notification of said filing to be sent to counsel of record who have registered with that system.

/s/ Angelica Steele