# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *Track One Cases* | ) |
| | ) **ORDER** |
| | ) |

Before the Court is Defendants' Objections to Special Master's Order on the Parties' Trial Exhibit and Witness Lists. **Doc. #: 2714**. On October 1, 2019, Special Master Cohen ordered both parties to dramatically reduce the number of witnesses and exhibits initially listed for the upcoming bellwether trial. Doc. #: 2695. Defendants object and ask the Court, once again, to postpone the trial date. Defendants allege postponement is necessary due to the prejudice they face as a result of Plaintiffs' alleged failure to meet deadlines and produce functional witness and exhibit lists pursuant to the Court's Track One Trial Order, Doc. #: 1598, and Amended Track One Trial Order. Doc. #: 2072. The Court has made its position known on the trial date and has no intention to delay the trial.

Defendants object specifically to the "non-reciprocal reduction [of Defendants' total exhibits] based on the settlement of one Defendant." Doc. #: 2714. After Janssen settled, the Special Master elected to further reduce the total number of exhibits he intended to allow from the remaining Defendants from 22,000 to 17,000.[1] Including this additional reduction, the Special

---
[1] Janssen had listed 5,301 exhibits for itself.

Master reduced the number of per-Defendant exhibits by approximately 37%.[2] (This amounts to over 3,000 exhibits per Defendant.) Without ordering any additional, "reciprocal" reduction in Plaintiffs' exhibits, the Special Master had already reduced the number of per-Plaintiff exhibits by approximately 85%.[3] (This amounts to 2,000 exhibits per Plaintiff.) The Court concludes this reduction is fair under the circumstances and does not unduly prejudice any party.

Defendants also assert that "[w]ithout knowing what the Plaintiffs' case will be[,] . . . arbitrarily forcing Defendants to shorten their witness lists and to eliminate witnesses that may be necessary at trial is unreasonable and offends due process." Doc. #: 2714 at 6. Regarding the witnesses that may be necessary at trial, the Special Master's order expressly contemplated that if, during the trial, "a party believes good cause exists to use an exhibit that was originally listed but was removed, the party may seek permission from opposing counsel and/or the Court to use that exhibit." Doc. #: 2695 at 2. The Court can think of no reason why Defendants cannot also follow the same procedure for witnesses.

The fact is that both Plaintiffs and Defendants were grossly unrealistic with their initially filed witness and exhibit lists. The Special Master had it correct when he stated that the numbers of witnesses and exhibits provided by all parties were "so excessive they provide no idea to opposing counsel or the Court what actual trial presentations might be." Doc. #: 2695 at 1. Defendants cannot, and indeed they do not attempt to, reasonably assert that they will present anything approaching the number of witnesses and exhibits that the Special Master allowed. The Court concludes that whatever prejudice, if any, Defendants may have suffered by Plaintiffs' delays was no more nor any less that Plaintiffs likewise suffered by Defendants similarly excessive witness and exhibit lists.

---

[2] From ~4,500 exhibits per Defendant to ~ 3,100 exhibits per Defendant.
[3] From ~ 12,600 exhibits per Plaintiff to 2,000 exhibits per Plaintiff.

Accordingly, Defendants' Objections to Special Master's Order on the Parties' Trial Exhibit and Witness Lists, **Doc. #: 2714**, is **OVERRULED**.

      **IT IS SO ORDERED.**

     /s/ Dan Aaron Polster  October 8, 2019
     **DAN AARON POLSTER**
     **UNITED STATES DISTRICT JUDGE**