IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

**CARDINAL HEALTH, INC.'S MOTION FOR**
**PRO RATA TRIAL TIME APPORTIONMENT**

The Court has reserved seven weeks for the Track One MDL trial.  Pursuant to the Court's Order Regarding Trial Matters, Plaintiffs and all Defendants will split trial time 50/50, which "amounts to about 100 hours of time for presentation of evidence for each side."  ECF No. 2594 at 1–2 ("Trial Order").[1]

The Trial Order is silent as to how to Defendants are to split their 100 hours.  If split evenly, each of the six remaining Defendant groups would have just over 16.5 hours to present its defense—a time allotment that includes both cross-examining Plaintiffs' witnesses and

---

[1]  The Track One Defendants have objected to the current schedule's curtailment of their time to present their defenses.  *See* ECF Nos. 2133, 2682, and 2692.  Defendants maintain that the currently-allotted time is so truncated as to violate Defendants' due process rights and that Defendants should not be required to rely on co-defendants for their individual defense, especially when Plaintiffs have accused Defendants of participating in a conspiracy.  ECF No. 2682 at 2–6.

affirmatively presenting each Defendants' own case.  As Cardinal Health previously has noted, such a split likely will prejudice it more than the other Defendants.  *See* ECF No. 2682 at 3 n.2, 2692 at 7 n.5 ("One example of the inadequacy of the division of time ordered by the Court is the situation faced by Cardinal Health.  Plaintiffs have made crystal clear that they intend to call multiple Cardinal witnesses live, given that Cardinal happens to be headquartered in Ohio.  If time was split 50/50 between plaintiffs and defendants and then split evenly amongst defendants, Cardinal would be at a severe disadvantage in defending itself at trial.").  Cardinal Health is the only Defendant located in Ohio, and consequently Plaintiffs can and have subpoenaed its current employees and many of its former employees, ECF Nos. 2659, 2682, and 2692.  Plaintiffs have indicated their intent to call multiple Cardinal Health witnesses to testify live at trial.  There are six Cardinal Health witnesses on Plaintiffs current witness list (***not*** counting witnesses who would be presented only by deposition), and Cardinal counsel anticipates that there will be two to three full days of Cardinal Health witnesses.  Plaintiffs do not have the ability to present voluminous live testimony from other defendants.  This potentially uneven presentation will likely result in an even more intense focus on Cardinal Health, which, as an Ohio-based corporation, is already likely to be known to jurors in a way that other Defendants are not.

      For this reason, if Cardinal Health is permitted only the same number of hours in which to defend itself as every other Defendant, its ability to defend itself adequately will be further compromised.  Thus, Cardinal Health respectfully requests that, for each Cardinal Health witness that Plaintiffs call live in their case, it be given an amount of time equal to Plaintiffs' examination of those witnesses from Plaintiffs' time.  *See Crane v. Kentucky*, 476 U.S. 683, 690–91 (1986) (defendants are entitled to "a meaningful opportunity to present a complete defense" (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *Wal-Mart Stores, Inc. v.*

*Dukes*, 564 U.S. 338, 367 (2011) (defendant cannot be denied a trial structure that prevents it from raising and presenting individualized defenses); *Sparshott v. Feld Entm't, Inc.*, 311 F.3d 425, 433 (D.C. Cir. 2002) ("[I]n a case involving multiple defendants . . . a district court might reasonably conclude that overlap between defense theories warrants giving each defendant a smaller amount of time. But the court cannot make such a decision without considering how much overlap there is between defense theories and what are the likely time needs of all the parties."); *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996) (defendant has right to "present fully all her evidence in a comprehensible manner"); *Johnson v. Ashby*, 808 F.2d 676, 678 (8th Cir. 1987) ("[I]t may be an abuse of the trial court's discretion to exclude probative, non-cumulative evidence simply because its introduction will cause delay, and any time limits formulated in advance of trial must be fashioned with this in mind. Such limits should be 'sufficiently flexible to accommodate adjustment if it appears during trial that the court's initial assessment was too restrictive.'") (citation omitted); ECF No. 2682 at 2–6.

Cardinal Health recognizes that the Court may choose to hold this issue in abeyance until after the issue ripens at trial with Plaintiffs' presentation of their case. Cardinal Health brings this motion now to put all parties on notice of its singular position. Cardinal does not expect that this is an issue on which Defendants can agree amongst themselves.[2]

Dated: October 10, 2019                  Respectfully submitted,

                                                */s/ Enu Mainigi*

---

[2] Cardinal Health's co-defendants cannot fairly be expected to cede voluntarily any of their allotted defense time to Cardinal Health, particularly not at this juncture when Plaintiffs have failed to give Defendants any meaningful notice of how they intend to try their cases. *See* ECF No. 2659 (Cardinal Health's Trial Brief).

WILLIAMS & CONNOLLY LLP
Enu Mainigi
F. Lane Heard III
Jennifer G. Wicht
Steven M. Pyser
Ashley W. Hardin
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
jwicht@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

## CERTIFICATE OF SERVICE

I, Ashley W. Hardin, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Ashley W. Hardin*
Ashley W. Hardin