# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**  <br><br>This document relates to:  <br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*  <br>Case No. 18-op-45090  <br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*  <br>Case No. 1:18-op-45004 | )<br>)<br>)<br>)<br>)<br>)   MDL No. 2804<br>)<br>)   Hon. Judge Dan A. Polster<br>)<br>)<br>)<br>)<br>) |

# WALGREENS' RESPONSE TO PLAINTIFFS' WITNESS OBJECTIONS

**INTRODUCTION**

Plaintiffs seek to deprive Walgreens of testimony from five of its live trial witnesses who have not been deposed. But all of these witnesses were timely disclosed seven months ago, and plaintiffs had the opportunity to take discovery from each of them. Instead, plaintiffs sat on their hands and never asked for documents or depositions of any of them. To be clear, Walgreens never objected to producing relevant discovery relating to these witnesses. In fact, Walgreens produced substantial discovery on its pharmacies and their dispensing practices. Walgreens also produced discovery from its distribution centers, though none of those warehouses has distributed controlled substances in five years.

Despite the fact that plaintiffs chose to forgo additional discovery from these five witnesses, Walgreens has also offered short depositions before any of them would testify at trial—an offer that plaintiffs have not reciprocated with respect to each of their own non-deposed trial witnesses. There is no basis to prevent these witnesses from testifying. Doing so would severely prejudice Walgreens' defense. Plaintiffs' objections should be overruled.

**I.    Walgreens timely disclosed its pharmacy witnesses and produced significant pharmacy-related discovery.**

Plaintiffs assert that Walgreens failed to disclose its pharmacy witnesses, and that plaintiffs were precluded from taking pharmacy discovery. They are wrong on both points.

First, it is not true that Walgreens failed to disclose its three pharmacy witnesses in discovery. (Dkt. 2749-1 at 3-4.) ***These witnesses were disclosed in interrogatory responses*** as soon as plaintiffs provided the information necessary to identify them. On January 25, 2019, after the Special Master issued numerous rulings overruling plaintiffs' objections, plaintiffs finally, for the first time, responded to defendants' interrogatories and identified a small handful of allegedly "suspicious orders" placed by Walgreens pharmacies. (Ex. 1, 1/25/19 Response to

DR 12, Ex. A at 12, Ex. B at 11.)  Until then, Walgreens did not know which orders, placed by which pharmacies, allegedly supported plaintiffs' case.  Walgreens' counsel immediately investigated those orders, and disclosed relevant pharmacists just one month later, on March 4, 2019—an agreed date for the parties to update their interrogatory responses.  (Ex. 2, 3/4/19 Rog. Responses at 13, 21.)  The only way Walgreens could have identified them earlier is if plaintiffs had responded to our interrogatories earlier.  And although these witnesses were disclosed seven months ago, ***plaintiffs never requested their depositions***.

Second, plaintiffs argue that these witnesses should not be allowed to testify because Walgreens prevented plaintiffs from taking pharmacy-related discovery.  (Ex. 3, 10/9/19 Badala/Shkolnik Letter.)  Again, this is simply not true.  In fact, Walgreens produced extensive discovery regarding its pharmacies, their policies, and their dispensing practices.  Walgreens witnesses—several of whom are trained pharmacists—answered all deposition questions put to them about those pharmacy practices.  And Walgreens produced dispensing data and documents to the extent they related to suspicious order monitoring.

It *is* true that Walgreens objected to producing voluminous additional raw dispensing data.  Plaintiffs expressly disclaimed any dispensing claims against Walgreens, so such data is unrelated to any issue in the case.  But Walgreens' pharmacists are not being offered to testify about irrelevant dispensing data.  They are being offered to defend against plaintiffs' claims relating to suspicious order monitoring and diversion.  It would be manifestly improper if the pharmacists that plaintiffs accuse of placing improper orders, and then diverting controlled substances, were not permitted to explain to the jury that they did no such thing.

Finally, Plaintiffs' own witness list includes non-deposed witnesses who were not disclosed until March 4—or later.  If plaintiffs have any real complaint, it is the same complaint

3

that defendants have, and there is a straightforward solution: a short deposition. Walgreens has agreed to provide short depositions of any non-deposed witness Walgreens calls at trial, so long as plaintiffs agree to do the same.

## II. Walgreens timely disclosed its distribution center witnesses and never refused to permit discovery from them.

Plaintiffs also seek to prevent testimony from two of Walgreens' distribution center witnesses, baldly asserting that Walgreens "refused to permit discovery" from them. (Dkt. 2749 at 2.) Once again, this is not true. As with the pharmacy witnesses, Walgreens disclosed these distribution center witnesses on March 4. (Ex. 2 at 13.) Plaintiffs never asked for their documents or their depositions.

Plaintiffs assert that they could not request documents or depositions from these witnesses, because by March 4, it was too late to do so. But the parties have continued to request—and to receive—discovery on discrete issues, for a variety of reasons, as recently as this week. (*E.g.*, Ex. 4, Plaintiffs' Request for Production of Documents re: OIG Report.) And plaintiffs never complained about the March 4 disclosure of witnesses—the same date or earlier than plaintiffs disclosed some of their own trial witnesses—until this week.

Finally, Plaintiffs' recitation of the early history of negotiations regarding Walgreens' distribution center witnesses twists the facts and fails to support their argument for exclusion. Last summer, plaintiffs submitted a list of almost a dozen job titles to Walgreens' counsel, and demanded that counsel identify distribution center witnesses filling each of those positions "from 2006 to the present whose duties impact any activity in Ohio, Florida, Pennsylvania, West Virginia, Illinois, Kentucky, and Georgia." (Dkt. 2749-2 at 2.) That request, in addition to being wildly overbroad, included several job titles that do not even exist at Walgreens. Walgreens appropriately responded that ***none*** of its distribution center employees had duties related to the

4

distribution of opioids, because *Walgreens has not distributed opioid medications for five years.* It was therefore impossible to identify witnesses with each of the roles and responsibilities that plaintiffs claimed to care about.

Walgreens nonetheless engaged with plaintiffs to determine which distribution center employees most closely fit plaintiffs' requests. Plaintiffs focused on witnesses with roles different from the two witnesses now at issue. Ultimately, based on plaintiffs' requests, Walgreens agreed to produce documents from multiple distribution center managers—as well as from over 30 other witnesses and a variety of non-custodial files housed at the distribution centers. Plaintiffs took twenty-six depositions of Walgreens witnesses, more than almost any other defendant in the case. The fact that they chose *not* to take discovery from two properly disclosed witnesses whom Walgreens now intends to call at trial does not mean plaintiffs were deprived of anything. Indeed, Walgreens has agreed to offer these witnesses for short depositions before they testify at trial. There is no basis to exclude their testimony.

## CONCLUSION

Plaintiffs' objections to Walgreens' pharmacy and distribution center witnesses should be overruled.

Dated: October 10, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Kaspar J. Stoffelmayr*
　　　　　　　　　　　　　　　　　　　　Kaspar J. Stoffelmayr
　　　　　　　　　　　　　　　　　　　　Brian C. Swanson
　　　　　　　　　　　　　　　　　　　　Katherine M. Swift
　　　　　　　　　　　　　　　　　　　　Matthew W. Brewer
　　　　　　　　　　　　　　　　　　　　BARTLIT BECK LLP
　　　　　　　　　　　　　　　　　　　　54 West Hubbard Street
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　　Tel: (312) 494-4400
　　　　　　　　　　　　　　　　　　　　Fax: (312) 494-4440
　　　　　　　　　　　　　　　　　　　　kaspar.stoffelmayr@bartlitbeck.com
　　　　　　　　　　　　　　　　　　　　brian.swanson@bartlitbeck.com
　　　　　　　　　　　　　　　　　　　　kate.swift@bartlitbeck.com
　　　　　　　　　　　　　　　　　　　　matthew.brewer@bartlitbeck.com

　　　　　　　　　　　　　　　　　　　　Alex J. Harris
　　　　　　　　　　　　　　　　　　　　BARTLIT BECK LLP
　　　　　　　　　　　　　　　　　　　　1801 Wewatta Street, 12th Floor
　　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　　Tel: (303) 592-3100
　　　　　　　　　　　　　　　　　　　　Fax: (303) 592-3140
　　　　　　　　　　　　　　　　　　　　alex.harris@bartlitbeck.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Walgreen Co.*

## CERTIFICATE OF SERVICE

I, Kaspar J. Stoffelmayr, hereby certify that on this 10th day of October, 2019, the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co.*