# EXHIBIT 2

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-MD-2804 |
| This document relates to: | Judge Dan Aaron Polster |
| *Track One Cases.* | |

**DEFENDANTS WALGREEN CO. AND WALGREEN EASTERN CO.'S
SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

Defendants Walgreen Co. and Walgreen Eastern Co. ("Walgreens") hereby amend their responses to Plaintiffs' First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure 26 and 33, the Local Rules of the Northern District of Ohio, Case Management Order No. 1 (Doc. 232), and Discovery Rulings No. 2 (Doc. 693) and No. 3 (Doc. 762).[1]

**GENERAL OBJECTIONS**

1.      These responses are made solely for the purpose of this multidistrict litigation. By responding to these Interrogatories, Walgreens does not waive any objections that it may have to the admission into evidence of these responses, or any documents and things produced in response to these Interrogatories, on any applicable grounds. Walgreens reserves the right to object on any ground at any time to a request for further responses to these Interrogatories, as well as the right to revise, correct, add to, supplement, or clarify any of the objections contained herein at any time.

---

[1] Walgreen Co. and Walgreen Eastern Co. have been substituted as Defendants in these cases in place of Walgreens Boots Alliance, Inc. Walgreens Boots Alliance is no longer a party to these cases.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving its Objections, in accordance with Federal Rule of Civil Procedure 33(d) and the Court's discovery rulings, Walgreens has produced Suspicious Control Drug Order reports regarding Opioids orders from Walgreens pharmacies in the Track One jurisdictions, to the extent they exist, remain in Walgreens' possession, custody, or control, and were located following a reasonable search. Walgreens has provided Bates numbers for those productions in response to Plaintiffs' Combined Discovery Requests. Further, Walgreens incorporates by reference its responses to Plaintiffs' Combined Discovery Requests.

**INTERROGATORY NO. 5:** Please Identify any Persons employed by You, or who received compensation from You, including any former employees, who reviewed or analyzed data regarding the distribution and/or dispensing of Opioids or Your Opioid Products, including data regarding prescriber, Customer and/or any pharmacy/dispenser that You own and/or control, histories and trends for the state of Ohio from January 1, 1990 to present.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints. Walgreens further objects to this Interrogatory because it is vague and ambiguous as to "data," "histories," and "trends." Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks the identification of "any" persons employed or formerly employed by Walgreens in a variety of undefined roles over a 29-year period. Walgreens further objects to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings. Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, the following employees work in Walgreens' Pharmaceutical Integrity department, which is responsible for evaluating orders of Opioids from Walgreens pharmacies:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| Bratton, Edward | Manager, Pharmaceutical Integrity |
| Daugherty, Patricia | Manager, Pharmaceutical Integrity |
| Dominici, Angela | Coordinator, Pharmacy Integrity |
| Heinzl, Rebecca | Quality & Accreditation Analyst |
| Kennedy, Steven | Manager, Local Specialty Quality |
| Kluczyk, Jason | Business Analyst Sr, Rx Integrity |
| Kryger, Erika | Coordinator, Specialty Products & Programs |
| Mills, Steven | Business Analyst Sr, Rx Integrity |
| Patt, Alexander | Business Analyst Sr, Rx Integrity |
| Pietsch, Alicia | Business Analyst Sr, Rx Integrity |
| Polster, Natasha | VP, Pharmacy Quality, Compliance, and Patient Safety |
| Stahmann, Eric | Manager, Pharmaceutical Integrity |
| Surovitz, Ronda | Coordinator, Pharmacy Integrity |
| Tolva, W. Jeffrey | Business Analyst Sr, Rx Integrity |

Additional Walgreens employees who were involved in developing Walgreens' order monitoring systems in earlier timeframes, including when Walgreens was distributing Opioids to its own pharmacies, include Steve Bamberg, Wayne Bancroft, Manuela Chirica, Rakesh Khanna, John Merritello, Doug Peterson, and Ora Yelvington.

Additional Walgreens employees who were involved in monitoring or evaluating orders within the Track One jurisdictions in earlier timeframes, including when Walgreens was distributing Opioids to its own pharmacies, include personnel at the Perrysburg distribution center, including for example Deb Bish, Jen Diebert, Tammy Hensley, Matthew Nye, the pickers in the C2 vault, the auditors who audited orders before they were placed on trucks for shipment, and employees in the distribution center's computer room.

Additional Walgreens employees who were involved in monitoring or evaluating orders in earlier timeframes, including when Walgreens was distributing Opioids to its own pharmacies, include personnel at the corporate level, including Barb Martin and Marcella Ranick. Walgreens district managers and healthcare supervisors (formerly pharmacy supervisors) have also played a role in evaluating manual orders and ceiling override requests from individual Walgreens pharmacies.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Additional Walgreens employees with knowledge of Walgreens' order monitoring systems and procedures include Justin Joseph, Steve Kneller, Denman Murray, Dwayne Pinon, Ed Svihra, David Reiter, and Raymond Stukel.

**INTERROGATORY NO. 6:** Please Identify any data, including the source of that data, that You either currently use or previously used to study, review or analyze the distribution and/or dispensing or use of Opioids or Opioid Products, including data regarding prescriber dispenser and/or Customer and/or any pharmacy/dispenser that You own and/or control histories and trends, and the Persons or entities who provide that data.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints. Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks "any" data. Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional as to time frame or geographic scope, and it conflicts with the Court's discovery rulings. Walgreens further objects to this Interrogatory on the grounds that documents are available from a more convenient source. Walgreens further objects to this Interrogatory as vague and ambiguous, because the term "data" is undefined and incapable of precise meaning. Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, in the timeframe when Walgreens was distributing Opioids to its pharmacies, Walgreens used data from its own pharmacies to evaluate orders of Opioids from those pharmacies. Further, Walgreens incorporates its responses to Plaintiffs' (First) Combined Discovery Requests, Request No. 7. Pursuant to Fed. R. Civ. P. 33(d), Walgreens also incorporates the data reports related to dispensing that it has produced from its custodial files, including its Pharmaceutical Integrity custodians, which, from time to time, may have been used to evaluate orders of Opioids from Walgreens pharmacies.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Federation of State Medical Boards from January 1, 1990 to present. This includes when the contribution/payment was made, the amount, and to whom it was made.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints. Walgreens further objects to this Interrogatory on the grounds that it calls for information more easily accessible from other sources. Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks "any" contribution to "any" 501(c)(3) or 501(c)(4) organization, and a number of specifically named organizations, over a period of 29 years. Walgreens further objects to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings. Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, pursuant to Federal Rule of Civil Procedure 33(d), Walgreens has produced documents identifying contributions to NACDS since 2009, the earliest date for which information is available. Walgreens has not been a member of HDMA, HDA, or PhRMA.

**INTERROGATORY NO. 15:** Please Identify each Person, other than a Person intended to be called as an expert witness at trial, who likely has discoverable information that tends to support a position or defense that You have taken or intend to take in this action, and state the subject matter of the information possessed by that Person. This Interrogatory is intended to include but not be limited to, any basis or claim You believe in any way limits your duties as set forth in 21 U.S.C. §823(e), 21 C.F.R. §1301.74(b), 21 C.F.R. §1301.71(a), and/or 21 C.F.R. §1306.04(a). Please also Identify any Documents that would support this position as well as the custodian of said Documents.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it is premature and seeks to impose duties beyond those required by the Federal Rules of Civil Procedure, including but not limited to Rule 26. Neither the Rules nor any applicable Order of the Court requires Walgreens to disclose its trial witness list at this stage

20

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

in the ligation.  Walgreens further objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine.  Walgreens further objects to this Interrogatory to the extent it impermissibly calls for the production of documents.

Subject to and without waiving its Objections, Walgreens identifies the following entities which may (through their employees or agents) have information relevant to the claims or defenses at issue: the Food and Drug Administration, Drug Enforcement Administration, the Ohio Board of Pharmacy, the State Medical Board of Ohio, Summit County, Cuyahoga County, the City of Cleveland, pharmaceutical manufacturers, wholesale drug distributors, national chain pharmacies, independent pharmacies, pharmacists who dispensed Opioids to patients in the jurisdictions of the Track One Cases, the Ohio Pharmacist Association, physicians who prescribed Opioids to patients in the jurisdictions of the Track One Cases, the Ohio State Medical Association, and insurance companies who provided coverage for Opioids dispensed in the jurisdictions of the Track One Cases.  Walgreens further identifies Walgreens pharmacists Joshua Close, Luke Forkapa, Debra Lieske, and Kipp Tiger, who may have discoverable information related to ordering and dispensing Opioids in the Track 1 jurisdictions.  Walgreens further identifies its own custodians as disclosed to Plaintiffs, and the custodians disclosed by the other parties in these cases.  Walgreens further identifies each witness who has been named in Walgreens' discovery responses, and each witness who has been or will be noticed or subpoenaed for a deposition in these cases.  Walgreens reserves its right to identify additional individuals with discoverable information as discovery proceeds.

**INTERROGATORY NO. 16:** Describe in detail the corporate history of Your entities, subsidiaries and/or divisions that have, or have had, any role in the manufacture, marketing, sale, dispensing and/or distribution of Opioids or Opioid Products from January 1, 1990 to present, including the dates of acquisition or changes in relationships, and Identify the Persons or entities who hold or have assumed any known or unknown liabilities of each such entity, subsidiary, or division in relation to Opioids or Opioid Products.

21

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Complaints. Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional, in that it is not limited to joint ventures regarding the marketing or distribution of Opioids. Subject to and without waiving its Objections, there are no joint ventures between Walgreens and any other Defendant in the Track One Cases.

Dated: March 4, 2019

Respectfully submitted,

WALGREEN CO. AND
WALGREEN EASTERN CO.

By: */s/ Katherine M. Swift*
    Kaspar J. Stoffelmayr
    Katherine M. Swift
    BARTLIT BECK HERMAN
     PALENCHAR & SCOTT LLP
    54 W. Hubbard Street, Suite 300
    Chicago, Illinois 60654
    Tel.: 312-494-4400
    Fax: 312-494-4440

    *Attorneys for Walgreen Co. and Walgreen Eastern Co.*