# EXHIBIT 3



October 9, 2019

**VIA EMAIL**

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44-113-1837

      Re:    *In re National Prescription Opioid Litigation, Case No. 17-md-2804*
               Defendants' Designation of Pharmacy Witnesses

Dear Special Master Cohen,

    We write in response to Mr. Pyser and Ms. Swift's emails regarding the use of pharmacy witnesses by Cardinal Health and Walgreens. What is most troubling about the response to Plaintiffs' application to strike the pharmacy witnesses is that these Defendants fail to admit they are violating your previous orders and are responsible for the dilemma we face here. Had the Defendants not sought to preclude **ANY** pharmacy level discovery this issue could have been easily handled. They chose this perilous course and now must live with it.

    Although Cardinal and Walgreens wish to conflate various classes of late identified witnesses into a single bucket they are simply wrong. Pharmacy level data and pharmacist depositions were treated separately and resulted in a myriad of rulings preventing Plaintiffs from obtaining pharmacy level data and discovery all at the behest of these Defendants. To be clear, both Mr. Pyser and Ms. Swift's emails confirm that Cardinal and Walgreens intend to rely upon pharmacy level data and evidence at trial that Plaintiffs were strictly prohibited from obtaining during discovery. What is clear is that, both Cardinal and Walgreens, had numerous opportunities to timely identify these late witnesses and allow plaintiffs the opportunity to obtain full disclosure at the pharmacy level and take depositions in a timely fashion but they chose not to. Instead, they refused to permit reciprocal designation and depositions of such pharmacists, as well as, a prohibition on any pharmacy level discovery.

    To be clear, the Special Master warned Defendants against this type of gamesmanship that Plaintiffs now seek to address: "[A]s a general rule, no party may rely at trial on documents or data they have not produced in discovery or which are otherwise unknown to opposing parties." (Dkt. No. 1055 at 5.) Moreover, as it relates to pharmacy level data and these very pharmacist depositions the Special Master has previously ruled: (1) that "plaintiffs are not entitled to any other discovery related to dispensing information at this time."; and (2) Plaintiffs would be entitled to take a reciprocal number of depositions of Defendants' pharmacists.

    At this juncture, less than two weeks from the beginning of the trial, no amount of corrective discovery can remedy this situation. Had Defendants identified these witnesses during the discovery period, and had Defendants not fought efforts to take pharmacy-level discovery, then Plaintiffs could have developed the factual basis necessary to confront whatever testimony these pharmacy



witnesses will offer. Having been precluded from obtaining any meaningful pharmacy level data there is no possible way for Plaintiffs to begin to prepare for a deposition now. Simply put, Plaintiffs cannot develop that record in a week, or even in a month, especially in the midst of trial. Thus, if these witnesses are presented at trial, Defendants' refusal to permit pharmacy-level discovery and depositions during the discovery period will have effectively deprived Plaintiffs a meaningful opportunity to confront this testimony.

Therefore, Plaintiffs request the Court exclude the pharmacy witnesses from Defendants' witness lists.

Sincerely,

*/s/ Hunter J. Shkolnik*