# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**This document relates to:**
*The County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004

*The County of Summit, Ohio, et al. v. Purdue Pharma L.P. et al.,*
Case No. 18-OP-45090

## PURDUE DEFENDANTS' WITNESS LIST

Pursuant to the Court's Civil Jury Trial Order (Dkt. No. 1598), Defendants Purdue Pharma L.P., Purdue Pharma Inc., and the Purdue Frederick Company (collectively, "Purdue") hereby provide a list of witnesses who may testify at trial on their behalf, either in person or by deposition.  Purdue specifically reserves the right to: 1) withdraw at any time any witness identified on this list, 2) supplement and/or amend this list upon receipt of Plaintiffs' witness list and/or if new or modified information is provided at any point, 3) supplement and/or amend this list to use additional witnesses at trial as required for rebuttal, impeachment or to the extent Plaintiffs purport to use witnesses, exhibits or depositions designations which Plaintiffs have not listed or Plaintiffs purport to pursue claims or theories not set forth in their pleadings to date, 4) supplement and/or amend this list with any witnesses identified on any party's witness list, including any party who later settles or is severed or dismissed, and 4) supplement and/or amend this list in response to any rulings of the Court on pretrial motions or any other Court decisions

1

that affect the scope of evidence in this trial. Purdue also reserves the right to call any custodians of record, as may be necessary.

By identifying the witnesses below, Purdue does not intend to waive any of its objections to deposition testimony, exhibits, or other evidence or argument.

    A.    **Expert Witnesses** (via live testimony)

        1.    **Iain Cockburn, Ph.D.**
            Richard C. Shipley Professor in Management & Chair of the Strategy and Innovation Department
            Boston University's Questrom School of Business

Dr. Cockburn is expected to testify about the opinions detailed in his expert report and on matters concerning his knowledge, skill, experience, education, and training.

        2.    **Michael Ferrante, M.D.**
            Director, UCLA Comprehensive Pain Center & Professor of Clinical Anesthesiology and Medicine
            University of California at Los Angeles

Dr. Ferrante is expected to testify about the opinions detailed in his expert report and on matters concerning his knowledge, skill, experience, education, and training.

        3.    **Gerald J. Hevern, MD**
            Medical Director, Comprehensive Pain Management
            Elliot Hospital Pain Management Center

Dr, Hevern is expected to testify about the opinions detailed in his expert report and on matters concerning his knowledge, skill, experience, education, and training.

        4.    **Louis J. Milione**

Mr. Milione is expected to testify about the opinions detailed in his expert report and on matters concerning his knowledge, skill, experience, education, and training.

        5.    **Robert P. Navarro, Pharm.D**
            Clinical Professor, Department of Pharmaceutical Outcomes & Policy
            University of Florida College of Pharmacy

Dr. Navarro is expected to testify about the opinions detailed in his expert report and on matters concerning his knowledge, skill, experience, education, and training.

      **6.**      **Brian Reisetter, Ph.D**
President and Owner
Reisetter Health Services (RHS), Inc.

Dr. Reisetter is expected to testify about the opinions detailed in his expert report and on matters concerning his knowledge, skill, experience, education, and training.

      **7.**      **Sheila Weiss, Ph.D**
President & Consulting Epidemiologist
Avigilan, LLC, Potomac, MD, USA (f/k/a Sheila Weiss Consulting)

Dr. Weiss is expected to testify about the opinions detailed in her expert report and on matters concerning her knowledge, skill, experience, education, and training.

  **B.**    **Fact Witnesses**

      **1.**      **Eric Brantley** (via deposition)

Mr. Brantley is a Senior Manager of Ethics and Compliance at Purdue Pharma L.P. Mr. Brantley is expected to testify concerning Purdue's policies and procedures related to its suspicious order monitoring system. Mr. Brantley may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

      **2.**      **Paul Coplan, Sc.D.** (via deposition)

Dr. Coplan is a former employee of Purdue Pharma L.P., where he served as Executive Director of the Department of Risk Management and Epidemiology from November 2009 to July 2016. In July 2016, he became the Head of Medical Affairs, Strategic Research and held this position until he left Purdue in December 2017. Dr. Coplan is expected to testify regarding observations he made and opinions that he developed in his role at Purdue when he was involved in various scientific efforts including, but not limited to, assessing the impact of the abuse-deterrent formulation of OxyContin on reducing the abuse and diversion of Purdue's opioid medicine; work on assessing the impact of the introduction of the abuse-deterrent formulation on the use of illicit heroin; and work related to assessing the impact of the FDA-mandated classwide REMS for extended release opioid products. Dr. Coplan may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

      **3.**      **Phil Cramer** (via deposition)

Mr. Cramer is the Head of Sales at Purdue Pharma L.P. Before his current position, he served as a Sales Representative, District Sales Manager, Regional Sales Manager, Area Sales Director, and Interim Vice President of Sales. Mr. Cramer is expected to testify concerning Purdue's policies and practices regarding the conduct, supervision and training of sales representatives. Mr. Cramer may also testify about other matters and issues raised by or

related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

      **4.**    **Jack Crowley** (via deposition)

Mr. Crowley is a former employee of Purdue Pharma L.P., where he served as Executive Director of Controlled Substances Act Compliance from January 2003 to December 2012. Prior to his employment at Purdue, Mr. Crowley was employed with the Drug Enforcement Administration. Mr. Crowley is expected to testify concerning the requirements of the Controlled Substances Act and Purdue's policies and procedures for maintaining compliance with the Controlled Substances Act. Mr. Crowley may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

      **5.**    **Martha Vachon Davis** (via deposition)

Ms. Davis is a former employee of Purdue Pharma L.P., where she served as Sales Representative from August 1991 to 1999 and a District Sales Manager from 1999 to January 2003, both in the Cleveland area. Ms. Davis is expected to testify about her experiences and practices during her employment with Purdue, including but not limited to the training and supervision she received, Purdue's policies and practices regarding the conduct of sales representatives, and her communications with prescribers. Ms. Davis may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which she has knowledge.

      **6.**    **Richard Fanelli, Ph.D.** (live or via deposition)

Mr. Fanelli is the Head of Regulatory Affairs for Purdue Pharma L.P. Mr. Fanelli is expected to testify concerning Purdue's policies and procedures for evaluation of its opioid medications under regulatory guidelines as well as complying with regulatory requirements concerning those medications. Mr. Fanelli may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

      **7.**    **Margaret Feltz** (live or via deposition)

Ms. Feltz is the Vice President of Ethics & Compliance for Purdue Pharma L.P. Ms. Feltz is expected to testify concerning Purdue's work and policies to comply with various rules and regulations. Ms. Feltz may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which she has knowledge.

     **8.**    **Scott Fishman, M.D.** (via deposition)
             University of California, Davis

Dr. Fishman is expected to testify concerning matters related to his experience as a physician, including his experience related to the American Pain Foundation.

     **9.**    **Patrick Fourteau** (via deposition)
             Sciele Pharma

Mr. Fourteau was a member of the Board of Directors of Insys Therapeutics. Mr. Fourteau is expected to testify regarding the sales practices and promotion of Subsys, a prescription opioid product produced by Insys Therapeutics.

     **10.**    **Russell Gasdia** (via deposition)

Mr. Gasdia is former employee of Purdue Pharma L.P., where he served as a Hospital Sales Representative from 1985 to 1987, District Sales Manager from 1987 to 1990, a Regional Sales Manager from 1991 to 1996, the National Sales Manager in 1997, the Director of National Sales in 1998, the Executive Director of Prescription Sales Division in 1999, the Vice President of Prescription Sales Division from 2000 to 2001, Vice President of Sales and Marketing from 2002 to May 2014, and Head of Strategic Initiatives from June 2014 through December 2014. Mr. Gasdia is expected to testify about Purdue's policies and practices regarding the conduct, supervision and training of sales representatives; the regulations governing the promotion of pharmaceutical products; and the role of sales representatives in identification of possible diversion. Mr. Gasdia may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

     **11.**    **F. Mark Geraci, CPP, CFE** (live or via deposition)

Mr. Geraci is Vice President & Chief Security Officer for Purdue Pharma L.P. Mr. Geraci is expected to testify about security, abuse and diversion prevention, drug safety and pharmacovigilance, and order monitoring. Mr. Geraci may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

     **12.**    **David Haddox, D.D.S., M.D.** (via deposition)

Dr. Haddox is a former employee of Purdue Pharma L.P., where he served as Medical Director, International Analgesics; Senior Medical Director, Health Policy; Vice President, Health Policy; and Vice President, Risk Management & Health Policy, prior to his retirement in October 2018. Dr. Haddox is expected to testify about observations he made and opinions that he formed in his role at Purdue, where he was involved in various activities, including but not limited to: responding to and addressing concerns related to abuse and misuse of OxyContin; providing education related to both OxyContin's benefits and risks, as well as strategies to reduce abuse and misuse; and interacting with various private and public groups,

including but not limited to physician and patient groups, DEA, FDA, and state and local law enforcement. Further, Dr. Haddox may testify about research and other scientific investigations he participated in related to pain, pain treatment, benefits and risks of OxyContin, and issues around abuse and misuse, as well as related topics. Dr. Haddox may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

### 13.     Evan Horowitz (via deposition)

Mr. Horowitz is a former employee of Purdue Pharma L.P., where he served as Associate Director of Sales Planning and Optimization from August 2015 to October 2016. Mr. Horowitz is expected to testify concerning Purdue's policies and practices regarding the analysis of sales data and application of those analyses, including but not limited to sales call planning.  Mr. Horowitz may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

### 14.     Robert Kaiko, Ph.D. (via deposition)

Dr. Kaiko is a former employee of Purdue Frederick Company and Purdue Pharma L.P. where he served as Vice President of Clinical Research from 1990 to 2003, and Vice President of Worldwide Research & Development Portfolio Development from 2003 to 2013. Dr. Kaiko is expected to testify about observations he made and opinions that he developed prior to and in his role at Purdue when he was involved in various scientific efforts including, but not limited to, the development and approval of OxyContin; the development and approval of the abuse-deterrent formulation of OxyContin; and research and development efforts surrounding other opioid products including single agent and combination opioid products with potential abuse-deterrent properties.  Dr. Kaiko may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

### 15.     Donald Kyle (via deposition)

Dr. Kyle is Vice President of Discovery Research & Non-Clinical Sciences at Greenfield BioVentures L.P., a subsidiary of Purdue Pharma L.P., where Dr. Kyle held the same title from 2009 until 2018.  He also has served as Vice President of Discovery Research at Purdue Pharma L.P. from 2005 to 2009, Executive Director of Computational, Combinatorial, and Medicinal Chemistry from 2000 to 2005, and Senior Director of Computational, Combinatorial, and Medicinal Chemistry from 1998 to 2000.  Dr. Kyle may testify about observations he made and opinions that he developed in his role at Purdue when he was involved in various scientific efforts including, but not limited to, discovery research related to opioid and non-opioid pain analgesics, and participating in various scientific meetings and working groups organized by the National Institutes of Health ("NIH") focused on identifying issues and possible solutions to the opioid crisis.  Dr. Kyle may also testify about other matters and issues raised by

or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

    16. **Lisa Miller** (via deposition)

  Ms. Miller is Head of Corporate Social Responsibility at Purdue Pharma L.P.  Ms. Miller is expected to testify concerning the Open Letter published by Purdue in the New York Times in December 2017 and all actions and efforts taken, currently underway, or expected to take place in the future to address, fight, or abate the opioid crisis.  Ms. Miller may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which she has knowledge.

    17. **Sally Riddle** (via deposition)

  Ms. Riddle is a former employee of Purdue Pharma L.P., where she served as a Sales Representative from May 1990 to September 1992, District Sales Manager from September 1992 to January 1997, and Group Product Manager from January 1997 to June 2005.  Ms. Riddle is expected to testify about the policies and practices governing sales, marketing, and medical education activities at Purdue as well as her experiences as a Sales Representative.  Ms. Riddle may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which she has knowledge.

    18. **Lisa Robin** (via deposition)
      The Federation of State Medical Boards

  Ms. Robin is expected to testify about the Federation of State Medical Boards, including but not limited to her duties and responsibilities with that organization.

    19. **Burt E. Rosen** (via deposition)

  Mr. Rosen is the Vice President of Federal Government Affairs of Purdue Pharma L.P.  Mr. Rosen is expected to testify concerning the Pain Care Forum, Purdue's relationship with various patient advocacy and research organizations, and Purdue's federal government regulations activities.  Mr. Rosen may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

    20. **Philip A. Saigh** (via deposition)
      Executive Director
      American Academy of Pain Medicine

  Mr. Saigh is expected to testify about the American Academy of Pain Medicine, including but not limited to his duties and responsibilities as executive director of that organization.

21. **Stephen Seid** (via deposition)

Mr. Seid is a former employee of Purdue Pharma L.P., where he served as a Sales Representative from December 1975 to November 1980, District Sales manager from November 1980 to November 1989, Regional Sales Manager from November 1989 to October 2000, Senior and Executive Director of National Accounts and Trade Relations from October 2000 to May 2014.  Mr. Seid is expected to testify concerning his experience in sales, including the training he received, his observations, and his contact with prescribers.  Mr. Seid is also expected to testify regarding Purdue's policies and practices regarding the distribution of products, including but not limited to Purdue's suspicious order monitoring system.  Mr. Seid may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

22. **Lee Ann Storey** (via deposition)

Ms. Storey is a former employee of Purdue Pharma L.P., where she worked in regulatory affairs from 1992 to 1999, and in product safety from 1999 to 2014.  Ms. Storey is expected to testify regarding Purdue's policies and practices surrounding the creation of a New Drug Application ("NDA"), submission of materials to the FDA for review, and the process for addressing FDA requests and working towards approval of the NDA, both in general and specifically with regards to the NDA for OxyContin.  Ms. Storey may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which she has knowledge.

23. **Alexis Stroud** (via deposition)

Ms. Stroud is the Director of Ethics and Compliance at Purdue Pharma L.P.  Ms. Stroud is expected to testify regarding Purdue's policies and procedures for enterprise risk management and ensuring compliance with rules and regulations related to interactions with medical professionals, including but not limited to internal audits and surveillance activities.  Ms. Stroud may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which she has knowledge.

24. **Lynn Webster, M.D.** (via deposition)
    Vice President of Scientific Affairs
    PRA Health Sciences

Dr. Webster is expected to testify regarding matters related to his experience as a physician, including his experience related to the American Academy of Pain Medicine.

25. **Curtis Wright, M.D., M.P.H.** (via deposition)

Dr. Wright is a former employee of Purdue Pharma L.P., where he worked in various positions related to abuse and diversion prevention.  Prior to his work at Purdue, Dr. Wright was a Medical Officer at the FDA, where he signed the Medical Officer Reviews and the approval for OxyContin.  Dr. Wright is expected to testify regarding Purdue's efforts to

reduce diversion and abuse of its products, including but not limited to educational programming, abuse deterrent formulation, and involvement with the RADARS program. Dr. Wright may also testify about his relevant prior employment.  Dr. Wright may also testify about other matters and issues raised by or related to plaintiffs' claims against Purdue and/or Purdue's defenses to the same, of which he has knowledge.

Dated: September 11, 2019

By: /s/ *Mark S. Cheffo*
Mark S. Cheffo
Sheila L. Birnbaum
Hayden A. Coleman
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Mark.Cheffo@dechert.com
Sheila.Birnbaum@dechert.com
Hayden.Coleman@dechert.com

*Attorneys for Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*

9