# EXHIBIT H

| | | DEFENDANTS' AFFIRMATIVE DEPOSITION DESIGNATIONS FOR JUNE HOWARD | | | |
|---|---|---|---|---|---|
| DEPO DATE | DESIGNATION TYPE | DEFENDANTS' AFFIRMATIVE DESIGNATIONS | | | |
| | | Begin Page at | Begin Line at | End Page at | End Line at |
| 4/25/2019 | All Def Affirm | 12 | 18 | 12 | 20 |
| 4/25/2019 | All Def Affirm | 13 | 23 | 13 | 25 |
| 4/25/2019 | All Def Affirm | 14 | 1 | 14 | 10 |
| 4/25/2019 | All Def Affirm | 15 | 11 | 15 | 19 |
| 4/25/2019 | All Def Affirm | 15 | 23 | 15 | 23 |
| 4/25/2019 | McKesson Affirm | 15 | 25 | 16 | 18 |
| 4/25/2019 | McKesson Affirm | 16 | 19 | 16 | 25 |
| 4/25/2019 | McKesson Affirm | 17 | 5 | 17 | 15 |
| 4/25/2019 | All Def Affirm | 17 | 24 | 18 | 3 |
| 4/25/2019 | All Def Affirm | 18 | 4 | 18 | 8 |
| 4/25/2019 | McKesson Affirm | 18 | 15 | 18 | 20 |
| 4/25/2019 | All Def Affirm | 18 | 21 | 20 | 3 |
| 4/25/2019 | McKesson Affirm | 20 | 4 | 20 | 5 |
| 4/25/2019 | McKesson Affirm | 20 | 9 | 20 | 20 |
| 4/25/2019 | McKesson Affirm | 20 | 22 | 20 | 24 |
| 4/25/2019 | McKesson Affirm | 21 | 3 | 21 | 4 |
| 4/25/2019 | McKesson Affirm | 21 | 6 | 21 | 6 |
| 4/25/2019 | McKesson Affirm | 21 | 16 | 21 | 22 |
| 4/25/2019 | All Def Affirm | 22 | 12 | 22 | 21 |
| 4/25/2019 | All Def Affirm | 24 | 3 | 24 | 8 |
| 4/25/2019 | All Def Affirm | 25 | 5 | 26 | 2 |
| 4/25/2019 | All Def Affirm | 26 | 5 | 26 | 5 |
| 4/25/2019 | All Def Affirm | 28 | 17 | 29 | 1 |
| 4/25/2019 | All Def Affirm | 29 | 19 | 30 | 1 |
| 4/25/2019 | All Def Affirm | 30 | 6 | 30 | 6 |
| 4/25/2019 | All Def Affirm | 30 | 8 | 30 | 11 |
| 4/25/2019 | All Def Affirm | 30 | 14 | 30 | 18 |
| 4/25/2019 | All Def Affirm | 30 | 22 | 31 | 6 |
| 4/25/2019 | All Def Affirm | 31 | 10 | 31 | 14 |
| 4/25/2019 | All Def Affirm | 31 | 16 | 31 | 16 |
| 4/25/2019 | All Def Affirm | 34 | 6 | 34 | 12 |
| 4/25/2019 | All Def Affirm | 34 | 15 | 34 | 15 |
| 4/25/2019 | McKesson Affirm | 34 | 25 | 35 | 5 |
| 4/25/2019 | McKesson Affirm | 40 | 18 | 40 | 25 |
| 4/25/2019 | McKesson Affirm | 41 | 3 | 41 | 12 |
| 4/25/2019 | All Def Affirm | 41 | 14 | 41 | 16 |
| 4/25/2019 | All Def Affirm | 41 | 21 | 41 | 21 |
| 4/25/2019 | All Def Affirm | 41 | 23 | 42 | 1 |
| 4/25/2019 | All Def Affirm | 42 | 6 | 42 | 6 |
| 4/25/2019 | All Def Affirm | 42 | 8 | 42 | 11 |
| 4/25/2019 | All Def Affirm | 42 | 15 | 42 | 15 |
| 4/25/2019 | All Def Affirm | 42 | 17 | 42 | 19 |
| 4/25/2019 | All Def Affirm | 42 | 23 | 42 | 23 |
| 4/25/2019 | All Def Affirm | 42 | 25 | 42 | 25 |
| 4/25/2019 | All Def Affirm | 43 | 4 | 43 | 9 |
| 4/25/2019 | All Def Affirm | 43 | 11 | 43 | 19 |
| 4/25/2019 | All Def Affirm | 43 | 24 | 43 | 24 |
| 4/25/2019 | McKesson Affirm | 44 | 2 | 44 | 5 |
| 4/25/2019 | All Def Affirm | 44 | 23 | 44 | 25 |
| 4/25/2019 | All Def Affirm | 45 | 4 | 45 | 4 |
| 4/25/2019 | All Def Affirm | 45 | 6 | 45 | 13 |
| 4/25/2019 | All Def Affirm | 47 | 2 | 48 | 5 |
| 4/25/2019 | All Def Affirm | 48 | 8 | 48 | 8 |

| DEFENDANTS' AFFIRMATIVE DEPOSITION DESIGNATIONS FOR JUNE HOWARD | | | | | |
|---|---|---|---|---|---|
| DEPO DATE | DESIGNATION TYPE | DEFENDANTS' AFFIRMATIVE DESIGNATIONS | | | |
| | | Begin Page at | Begin Line at | End Page at | End Line at |
| 4/25/2019 | All Def Affirm | 49 | 2 | 49 | 5 |
| 4/25/2019 | All Def Affirm | 49 | 8 | 49 | 9 |
| 4/25/2019 | McKesson Affirm | 50 | 12 | 50 | 16 |
| 4/25/2019 | McKesson Affirm | 50 | 19 | 50 | 21 |
| 4/25/2019 | All Def Affirm | 54 | 7 | 54 | 19 |
| 4/25/2019 | All Def Affirm | 54 | 22 | 55 | 22 |
| 4/25/2019 | All Def Affirm | 56 | 2 | 56 | 4 |
| 4/25/2019 | All Def Affirm | 56 | 6 | 57 | 3 |
| 4/25/2019 | All Def Affirm | 57 | 8 | 57 | 12 |
| 4/25/2019 | All Def Affirm | 57 | 14 | 57 | 22 |
| 4/25/2019 | All Def Affirm | 58 | 1 | 58 | 7 |

| DEPO DATE | PLAINTIFFS' OBJECTIONS | | | | | DEFENDANTS' RESPONSES |
|---|---|---|---|---|---|---|
| | Begin Page at | Begin Line at | End Page at | End Line at | PLAINTIFFS' OBJECTIONS | |
| 4/25/2019 | 12 | 18 | 12 | 18 | Plaintiffs object to the extent that certain Defendant deposition designations of the DEA depositions and certain 30(b)(6) depositions are duplicative of one another. Plaintiffs further object to any testimony by current or former DEA agents designated by the Defendants to the extent that such testimony seeks to define what the law requires or whether Defendants' conduct violated or did not violate the law, as such testimony would invade the province of the jury. | Testimony is not duplicative or cumulative of other designations from Ms. Howard's testimony. Nor is Ms. Howard's testimony duplicative or cumulative of any other DEA witness.  Her specific career path – chief of the reports analyst unit and a part of the DEA for over twenty years – gives her a different perspective on the central issues of this case than the other DEA fact witnesses.  In addition, to the extent multiple DEA witnesses testified along similar lines on the issues central to this case, that is relevant to show that those witnesses shared a common understanding of DEA's interpretation and enforcement of the suspicious order monitoring regulation, rather than an outlier view, which is, in turn, relevant to defendants' scienter.  This general objection is improper. To the extent plaintiffs' object to specific questions and answers that may elicit testimony about what the law requires, they should so state individually, on a question-by-question basis, so defendants may respond based on the context of the question and answer provided. |
| 4/25/2019 | 15 | 11 | 15 | 23 | Calls for legal conclusion, speculative, relevance, vague, scope, foundation | Not speculative; witness was testifying based on her personal knowledge of what she was authorized to testify about. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization and does not call for a legal conclusion. Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |
| 4/25/2019 | 20 | 4 | 20 | 12 | Speculative, relevance, vague, scope, foundation | Not speculative; witness was testifying based on her personal knowledge and experience as the chief of the reports analyst unit. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization.  Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |
| 4/25/2019 | 20 | 19 | 21 | 4 | Speculative, relevance, vague, scope, foundation | Withdrawn. |
| 4/25/2019 | 25 | 25 | 26 | 5 | Speculative, relevance, vague, scope, foundation | Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization.  Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |
| 4/25/2019 | 29 | 23 | 31 | 16 | Speculative, relevance, vague, scope, foundation | Plaintiffs' objection is improper, to extent plaintiffs object to specific questions in this section, they should state their objections, on a question-by-question basis, so defendants may respond based on the context of the question and answer provided.  Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization. Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |
| 4/25/2019 | 34 | 6 | 34 | 15 | Speculative, relevance, vague, scope, foundation | Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization.  Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |
| 4/25/2019 | 40 | 18 | 43 | 24 | Speculative, relevance, vague, scope, foundation | Plaintiffs' objection is improper, to extent plaintiffs object to specific questions in this section, they should state their objections, on a question-by-question basis, so defendants may respond based on the context of the question and answer provided.  Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization. Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |
| 4/25/2019 | 44 | 4 | 44 | 23 | Speculative, relevance, vague, scope, foundation | Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization.  Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |
| 4/25/2019 | 47 | 2 | 47 | 13 | Speculative, relevance, vague, scope, foundation | Objections improper because not lodged at time of deposition.  Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization. Foundation has been laid based on witness' knowledge, experience, and the testimony that ?proceeds this section. |
| 4/25/2019 | 48 | 4 | 48 | 8 | Relevance, speculative, witness has no knowledge | Not argumentative; question was what the basis for alleged lawsuits against the DEA were.  Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization.  Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |

**PLAINTIFFS' OBJECTIONS & DEFENDANTS' RESPONSES FOR**

| | PLAINTIFFS' OBJECTIONS & DEFENDANTS' RESPONSES FOR | | | | | |
|---|---|---|---|---|---|---|
| DEPO DATE | PLAINTIFFS' OBJECTIONS | | | | | DEFENDANTS' RESPONSES |
| | Begin Page at | Begin Line at | End Page at | End Line at | PLAINTIFFS' OBJECTIONS | |
| 4/25/2019 | 49 | 2 | 49 | 9 | Argumentative, speculative, relevance, vague, scope, foundation | Not argumentative; question was asking what role purported threat of litigation had on DEA actions.  Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization.  Foundation has been laid based on witness' knowledge, experience, and the testimony that proceeds this section. |
| 4/25/2019 | 50 | 12 | 50 | 21 | Mischaracterizes prior testimony, relevance, speculative | Plaintiff previously testified that the threat of litigation contributed to the DEA ceasing to send such letters.  Not speculative; witness was testifying based on her personal knowledge and experience. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. |
| 4/25/2019 | 54 | 17 | 55 | 22 | Scope, relevance, lawyer colloquoy | Plaintiffs' objection is improper, to extent plaintiffs object to specific questions in this section, they should state their objections, on a question-by-question basis, so defendants may respond based on the context of the question and answer provided. Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question is within scope of Touhy authorization. |
| 4/25/2019 | 56 | 2 | 56 | 8 | Relevance, vague, scope | Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization. |
| 4/25/2019 | 56 | 23 | 57 | 12 | Relevance, scope, calls for legal conclusion | Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question is within scope of Touhy authorization and does not call for a legal conclusion as it does not ask for an interpretation of the law. |
| 4/25/2019 | 57 | 21 | 58 | 7 | Scope, relevance, vague | Relevant to plaintiffs' claims and defendants' defenses, including defendants' compliance with DEA regulations. Question/answer are not vague, they are clear and direct. Question is within scope of Touhy authorization. |