IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*Track One Cases* | ) )<br>) MDL No. 2804<br>) )<br>) )<br>) Case No. 17-md-2804<br>) )<br>) )<br>) Hon. Dan Aaron Polster<br>) |

**TEVA, CEPHALON AND ACTAVIS DEFENDANTS'
RESPONSE TO PLAINTIFFS' WITNESS OBJECTIONS**

Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc. and Actavis, LLC (collectively, the "Teva Defendants") respectfully submit the following responses to Plaintiffs' objections to testimony from witnesses identified on the Teva Defendants' October 5, 2019 witness list:

1. **PLAINTIFFS' TIMELINESS OBJECTION**

Plaintiffs' asserted objections based on a purported failure to disclose certain witnesses "during the discovery period in response to interrogatories seeking the identities of individuals with discoverable knowledge." Plaintiffs assert this objection for the following witnesses:

- Charles Argoff, MD
- Lisa Robin
- Philip Saigh

Plaintiffs received tens of thousands of documents relating to these witnesses, beginning more than two years ago, in the course of discovery.  They have collectively identified 533 documents *on their own exhibit list*, which reference these individuals.  Plaintiff Cuyahoga County also identified Dr. Charles Argoff in its own supplemental response to Manufacturers' interrogatory No. 1.  Therefore, Plaintiffs' timeliness objection on the basis that these witnesses were not identified in interrogatories rings hollow, and their objection should be overruled.

**Dr. Charles Argoff** appears in 47,224 documents produced in discovery in this case, including in 372 documents on Plaintiffs' September 30, 2019, exhibit list.  Cuyahoga County identified Dr. Argoff in its own supplemental response to Manufacturers' Interrogatory No. 1.  In addition, Plaintiffs's counsel specifically questioned Teva employee Matthew Day about Dr. Argoff during his deposition on January 4, 2019, well before the close of discovery.

**Lisa Robin** appears in 27,255 documents produced in discovery in this case, including in 109 documents on Plaintiffs' September 30, 2019, exhibit list.  In addition, Plaintiffs' counsel specifically questioned defense witness Brian Munroe about Lisa Robin during his deposition on March 19, 2019, well before the close of discovery.

**Philip Saigh** appears in 16,074 documents produced in discovery in this case, including in 52 documents on Plaintiffs' September 30, 2019, exhibit list.

In short, Plaintiffs have long known about these witnesses, have identified hundreds of documents referencing these witnesses on their own exhibit list, and have specifically questioned defense witnesses about these individuals during discovery.  Plaintiffs will not suffer prejudice or surprise by witnesses that they have long known about and, apparently, intend to introduce into evidence through their own documents.  Accordingly, their objection should be overruled.

## 2. PLAINTIFFS' OBJECTION TO WITNESSES DEPOSED IN OTHER JURISDICTIONS

Plaintiffs asserted objections to five witnesses who were purportedly "not deposed in this action, but did have their deposition taken in the Oklahoma Attorney General suit against Teva." Plaintiffs assert this objection for the following witnesses:

- Paula Williams
- Tricia Glover
- Kishore Gopu
- Susan Larijani
- Chris Meyer

As an initial matter, Tricia Glover, Kishore Gopu and Chris Meyer *were not deposed* in the Oklahoma Attorney General matter, Plaintiffs are simply wrong, and those objections should be overruled with alacrity.  And while Paula Williams and Susan Larijani *were* deposed in the Oklahoma Attorney General matter, that fact is of no moment here because the Teva Defendants have not designated Ms. Williams' or Ms. Larijani's depositions from Oklahoma in this case.  Ms. Williams and Ms. Larijani, if they are called at all, will be called live.  Accordingly, the Court need not reach the question of admissibility of deposition testimony from other proceedings, because three of the witnesses Plaintiffs identify were not deposed in another proceeding, and the two that were deposed in Oklahoma are not being offered by deposition designation here.  The admissibility of such testimony is subject to Motion in Limine No. 22, which is currently pending, and the Teva Defendant fully incorporate their response to that motion herein.  Plaintiffs objections should be overruled.

Plaintiffs also objected to the introduction of testimony from Kishore Gopu on the basis that "Teva did not identify [him] as a person with relevant knowledge until it supplemented its interrogatory responses on March 4, 2019."  In other words, Plaintiffs admit that they have known that Mr. Gopu possesses relevant knowledge for more than seven months, but have never sought to take his deposition.  The Teva Defendants disclosed Mr. Gopu as a person with relevant knowledge in their Second Amended Response to Plaintiffs' First Set of Interrogatories, served on March 4, 2019.  The Teva Defendants also produced at least 2,295 documents identifying Mr. Gopu on or before the deadline for substantial completion of fact discovery on October 25, 2018.  The Teva Defendants produced another 7,005 documents identifying Mr. Gopu on or before December 26, 2018, the date by which virtually all custodial productions were completed.  In short, Plaintiffs have long known that Mr. Gopu possesses relevant knowledge, and they cannot now claim surprise or prejudice to his inclusion on the Teva Defendants' witness list.  To the extent that Plaintiffs seek a limited deposition of Mr. Gopu prior to his being called to testify at trial, the Teva Defendants are willing to consider same, with appropriate temporal limitations.

3. **PLAINTIFFS' OBJECTION TO TESTIMONY FROM WITNESSES THAT DID NOT APPEAR ON TEVA'S INITIAL WITNESS LIST**

Plaintiffs incorrectly claim that the Teva Defendants added Valli Baldassano to their witness list for the first time on October 5, 2019.  Plaintiffs are wrong.  Ms. Baldassano was included on the Teva Defendants' witness list filed on September 25, 2019 [ECF 2646], as ordered by the Court.  Ms. Baldassano, who will be called by written question, was also disclosed on the Teva Defendants' exhibit list filed on September 25, 2019, wherein her written deposition responses were identified.  Plaintiffs' are wrong and their objection should be overruled.

Plaintiffs also objected to the inclusion of the following five witnesses on the basis that they were added to the Teva Defendants' witness list, from settled Defendants' witness lists, on October 5, 2019:

- Charles Argoff, MD
- Scott Fishman, MD
- Lisa Robin
- Philip Saigh
- Lynn Webster

Each of the aforementioned witnesses was disclosed in the witness list filed by defendants Janssen Pharmaceutica, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceuticals, Inc. (collectively "Janssen") on September 25, 2019 [ECF 2630]. Thereafter, on October 1, 2019, Janssen settled the Track 1 cases. Accordingly, pursuant to the reservation of rights set forth in the Teva Defendants' September 25, 2019, witness list [ECF 2646], the Teva Defendants added these previously-disclosed witnesses to its own list filed on October 5, 2019. Plaintiffs have suffered no prejudice or surprise as a result of this addition, and their objection should be overruled.

For the foregoing reasons, the Teva Defendants respectfully request that Plaintiffs objections to their witness list be overruled in their entirety.

                                                               Respectfully submitted,

                                                               By: */s/ Steven A. Reed*
                                                               Eric W. Sitarchuk
                                                                Steven A. Reed
                                                               Harvey Bartle
                                                               Rebecca J. Hillyer

MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5000
Fax: (215) 963-5001
eric.sitarchuk@morganlewis.com
steven.reed@morganlewis.com
harvey.bartle@morganlewis.com
rebecca.hillyer@morganlewis.com

Nancy L. Patterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel:  (713) 890-5195
Fax: (713) 890-5001
nancy.patterson@morganlewis.com

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-7455
Fax: (412) 560-7001
wendy.feinstein@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
Fax: (305) 415-3001
brian.ercole@morganlewis.com

*Counsel for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Actavis LLC,*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **TEVA, CEPHALON AND ACTAVIS DEFENDANTS' RESPONSE TO PLAINTIFFS' WITNESS OBJECTIONS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 11, 2019                     */s/ Steven A. Reed*
                                            Steven A. Reed