UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |
| *The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 | |

**OBJECTION TO ORDER REGARDING
ADJUDICATION OF PLAINTIFFS' PUBLIC NUISANCE CLAIMS**

Certain defendants ("Defendants")[1] respectfully submit this objection to the Court's Order Regarding Adjudication of Plaintiffs' Public Nuisance Claims ("Order"). Dkt. No. 2629.

The Order stated:

> The Court asked the parties to submit memoranda stating their positions regarding a Seventh Amendment right to a jury trial of the Ohio public nuisance claims. Following consideration of these memoranda, the Court convened a conference to discuss the issues with the parties and stated it intended to allow a jury to decide liability, and the Court would then decide abatement remedies in a subsequent proceeding, if necessary. The Court invited submission of supplemental memoranda if any party believed this approach would be error.
>
> Plaintiffs did not file any supplemental position paper, indicating acquiescence with the Court's intended approach. Numerous defendants submitted a position paper explicitly consenting to a two-phase trial, where (i) the jury will determine nuisance liability

---

[1] AmerisourceBergen Drug Corp., Cardinal Health, Inc., Henry Schein, Inc., McKesson Corporation, and Walgreen Co.

> and (ii) the Court will determine remedies, if any. The only objection to this trial method is asserted by Janssen ….

*Id.* at 1–2.[2]  Defendants submit this memorandum to restate their position regarding their Seventh Amendment rights.  While Defendants agreed then, and agree now, that a two-phase trial is appropriate, their submission did not stop there.  To the extent the Order can be read as stating that Defendants consented to Plaintiffs' view (and the Court's ruling) that the "abatement" relief that would be determined in the second phase is, in fact, an equitable remedy that is not subject to the Seventh Amendment, Defendants did not so consent and object to the Order as not accurately reflecting Defendants' position.

On September 13, 2019, Defendants submitted a position paper regarding the right to a trial by jury of Plaintiffs' nuisance claims.  Dkt. No. 2599.  In that paper, Defendants explained that they "are entitled under the Seventh Amendment to a jury trial regarding remedies where—as here—the relief sought by Plaintiffs is the payment of money and does not fit within any exception to the general rule that monetary relief is legal." *Id.* at 5 (collecting cases). Defendants further explained that, while "Plaintiffs seek billions of dollars in damages from Defendants under the guise of 'abatement,'" the "label used by Plaintiffs … has no effect on Defendants' right to a jury trial as to claims—like the nuisance claim here—that seek monetary relief." *Id.* at 6 n.6 (collecting cases).  Finally, Defendants made clear that they did not "waive their right to a jury trial on any issues so triable, including the issue of remedies." *Id.* at 8.

Defendants reiterated that position both during the teleconference with the Court and in response to the Court's invitation to submit supplemental memoranda.  For example, Defendants

---

[2] The Court similarly suggested, in denying certain defendants' disqualification motion, that "[i]t was *defendants* who argued" that "the question of abatement remains for the Court."  Dkt. No. 2676 at 9 (emphasis in original).

2

filed a supplemental memorandum expressly to "preserve their objection that the remedy sought by Plaintiffs under their nuisance claim—i.e., the payment of money—(i) does not constitute abatement, and (ii) is legal, not equitable, relief to which a Seventh Amendment jury trial right attaches." Dkt. No. 2620 at 2.

Accordingly, Defendants respectfully object to the Order to the extent that it may be read to suggest that Defendants waived their right under the Seventh Amendment to a jury trial regarding damages (including any "abatement" remedy that involves the payment of money).

Dated: October 11, 2019

 */s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

 */s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for the Walgreen Co.*

Respectfully submitted,

 */s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

 */s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Steven M. Pyser
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com
*Counsel for Cardinal Health, Inc.*

 */s/ John P. McDonald*
John P. McDonald
jpmcdonald@lockelord.com
C. Scott Jones
sjones@lockelord.com
Lauren M. Fincher
lfincher@lockelord.com
Brandan J. Montminy
brandan.montminy@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
T: 214-740-8445
F: 214-756-8110

*Counsel for Henry Schein, Inc.*

4

## **CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
