UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 | MDL No. 2804<br>Case No. 1:17-md-2804<br>Hon. Dan Aaron Polster |

**AMERISOURCEBERGEN DRUG CORPORATION'S
RESPONSE TO PLAINTIFFS' WITNESS OBJECTIONS**

AmerisourceBergen Drug Corporation ("ABDC") submits the following responses to Plaintiffs' objections to witnesses identified on ABDC's October 5, 2019 witness list:

**1.    Plaintiffs' Objections to Caroline Conneely are Unfounded.**

Plaintiffs object to ABDC's inclusion of Caroline Conneely, an employee at FTI Consulting, on its witness list, alleging that ABDC did not timely disclose Ms. Connelly as someone with discoverable information and that ABDC "objected to her deposition" during discovery. *See* Dkt 2749 at 7. Plaintiffs' description of ABDC's objections are misleading. ABDC originally identified Ms. Conneely well over a year ago, on May 29, 2018, by disclosing that Ms. Conneely's employer, FTI Consulting, was an entity that has assisted in ABDC's diversion control efforts. *See* ABDC's Responses and Objections to Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 11. Furthermore, Ms. Conneely's name and her involvement with ABDC were specifically and repeatedly discussed at the deposition of David May on August 3, 2018. Indeed, after that deposition, on August 22, 2018, Plaintiffs' counsel

requested (and ABDC agreed) to add "Caroline Conneely" and "Caroline w/5 Conneely" to ABDC's agreed upon search terms.

Despite knowing about Ms. Conneely's involvement with ABDC, Plaintiffs waited until January 22, 2019—3 days before the close of fact discovery—to issue a subpoena to FTI.[1] ABDC objected based on *timeliness*, as Plaintiffs either mistakenly forgot about FTI and Ms. Conneely for eight months where they could have easily issued this subpoena, or they intentionally waited until the eve of discovery to serve a subpoena with unreasonable response times.[2] Plaintiffs then *voluntarily* withdrew that subpoena with little discussion. And even after that, Plaintiffs were allowed to re-serve a document subpoena on FTI after the close of discovery, and have received thousands of documents where Ms. Conneely is either listed on the to, from, or cc lines of emails. Nevertheless, and despite Plaintiffs' longstanding knowledge of FTI Consulting and Ms. Conneely, and their failure to timely pursue discovery, ABDC is amenable to making Ms. Conneely available for a limited deposition prior to her live testimony at trial.

**2. Plaintiffs' Objections to Peter Cassady are Unfounded.**

Plaintiffs object to Peter Cassady, a warehouse manager at ABDC's Lockbourne, Ohio distribution center, testifying at trial because he was not disclosed during the discovery period as an individual with discoverable knowledge. *See* Dkt 2749 at 2. As ABDC has relayed to Plaintiffs, Mr. Cassady would testify about general operations at the Lockbourne distribution center and how the distribution center operates as a whole. Mr. Cassady is not involved with the diversion control

---

[1] Plaintiffs claim that they issued the subpoena on January 17, 2019, but it's clear from the completed service of process that the subpoena was not actually served until January 22, 2019. *See* Exhibit A (Subpoena to FTI Consulting, Inc. served January 22, 2019).

[2] Indeed, the subpoena—issued on January 22, 2019—unreasonably requested a complete production of responsive documents plus a deposition just three days later on January 25, 2019. *See* Exhibit A.

team.  Nonetheless, ABDC is amenable to making Mr. Cassady available for a limited deposition prior to his live testimony at trial.

For the foregoing reasons, ABDC respectfully requests that Plaintiffs' objections to ABDC's witness list be overruled in their entirety.

Dated:  October 11, 2019

Respectfully Submitted,

/s/ *Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

3

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served on October 11, 2019 via electronic transfer to all counsel of record, consistent with the Court's order.

                                      */s/ Robert A. Nicholas*
                                      Robert A. Nicholas