## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**IN RE: NATIONAL PRESCRIPTION**
**OPIATE LITIGATION**

*The County of Summit, Ohio, et al. v.*
*Purdue Pharma L.P., et al.*
Case No. 18-op-45090

*The County of Cuyahoga, et al. v. Purdue*
*Pharma L.P., et al.*
Case No. 17-op-45004

MDL No. 2804

Case No. 1:17-md-2804

Hon. Dan Aaron Polster

### CERTAIN DEFENDANTS' RESPONSE TO CARDINAL HEALTH, INC.'S
### MOTION FOR PRO RATA TRIAL TIME APPORTIONMENT

Certain defendants ("Respondents")[1] submit this response to Cardinal Health, Inc.'s

motion for pro rata trial time apportionment, Dkt. No. 2766 ("Mot."), and its request that "for

each Cardinal Health witness that Plaintiffs call live in their case, it be given an amount of time

equal to Plaintiffs' examination of those witnesses from Plaintiffs' time," *id.* at 2.

Respondents are sympathetic to the predicament faced by Cardinal Health.  The Court

has set aside only seven weeks for this novel, complex trial, and has indicated that 200 hours of

trial time will be split evenly between (1) the two plaintiffs, and (2) all eight defendants (who fall

into six distinct unaffiliated groups).[2]  Thus, if the 100 hours of trial time allotted to all

defendants is split evenly among the groups, each would have only about 16.5 hours to present

---

[1] AmerisourceBergen Drug Corp., Henry Schein, Inc., McKesson Corporation, and Walgreen Co.

[2] There are eight remaining individual defendants in six defendant "groups":  (1) Teva Pharmaceuticals USA, Inc., Cephalon, Inc., and Actavis LLC, (2) AmerisourceBergen Drug Corp., (3) Cardinal Health, Inc., (4) McKesson Corporation, (5) Walgreen Co., and (6) Henry Schein, Inc.

its entire defense—both cross-examination and the affirmative presentation of its case, including all fact and expert testimony.

Defendants have repeatedly made clear that the Court's orders regarding total trial time and the allocation of time between plaintiffs and defendants are manifestly unfair to defendants and render it impossible for each defendant to mount the complete defense to which it is entitled in a case of virtually unprecedented complexity in which plaintiffs seek hundreds of millions of dollars in compensatory damages and a liability determination that, they hope, will permit them seek billions more from the Court. These orders violate defendants' due process rights to a fair trial. *See* Dkt. Nos. 2133, 2682, and 2692; *see also* Mot. at 2–3 (collecting cases). Accordingly, Respondents respectfully submit that the proper response to the issues raised in Cardinal Health's motion is to grant defendants' pending motion to extend the length of time that defendants have to present their evidence at trial—thereby allowing *all* parties sufficient time to defend themselves. *See* Dkt. Nos. 2133 and 2692.[3]

Respondents, however, do not agree that individual defendant groups should be given different amounts of time. The reality of this trial is that all defendants will be pressed for time beyond reason and fairness, and no defendant knows precisely the manner in which plaintiffs will put on their case. Mot. at 3 n.2 ("Plaintiffs have failed to give Defendants any meaningful notice of how they intend to try their cases."). While Cardinal Health has a fair concern that plaintiffs may focus disproportionately on its witnesses, there is no guarantee that plaintiffs will proceed in that manner. For example, Plaintiffs have now secured service on two McKesson employees (one of whom McKesson objects to testifying) beyond the live video testimony they

---

[3] The Court has previously expressed a desire that the trial not interfere with the Christmas holiday. That reasonable concern could easily be addressed by starting the trial in January.

were granted from McKesson.  And an order that only time spent examining Cardinal Health witnesses results in a reallocation of Plaintiffs' time would only guarantee that Plaintiffs spend additional time focused on witnesses employed by other parties that are not favored by any special rule.

Thus, Respondents respectfully suggest that the relief requested by Cardinal Health should apply equally to all defendants.  Specifically, Respondents request that, for each defendant witness that plaintiffs call live in their case (including by live-stream video), the defendant be given an amount of time equal to plaintiffs' examination of that witness from plaintiffs' time.[4]

Finally, to the extent that the Court is inclined to grant Cardinal Health a disproportionate share of defendants' total time—a form of relief that Cardinal Health does not request— Respondents note their strenuous objection.  As Cardinal Health's motion recognizes, the remaining defendants "cannot fairly be expected to cede … their allotted defense time to Cardinal Health."  Mot. at 3 n.2.

---

[4] Respondents make this request in the alternative, and without prejudice to their pending request that the Court grant all parties sufficient time to present their defenses to the jury.

Dated:      October 11, 2019

Respectfully Submitted,

 /s/ Geoffrey E. Hobart
Geoffrey E. Hobart
Mark H. Lynch
Paul W. Schmidt
Christian J. Pistilli
Phyllis A. Jones
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
pschmidt@cov.com
cpistilli@cov.com
pajones @cov.com

*Counsel for McKesson Corporation*

 /s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

 /s/ John P. McDonald
John P. McDonald
C. Scott Jones
Lauren M. Fincher
Brandan J. Montminy
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel: (214) 740-8000
Fax: (214) 756-8758
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Counsel for Henry Schein, Inc.*

 /s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Matthew W. Brewer
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
matthew.brewer@bartlitbeck.com

Alex J. Harris
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreen Co.*

4

## **CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the

Court's ECF system to all counsel of record.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart