UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AT CLEVELAND

COUNTY OF SUMMITT, OH and COUNTY OF CUYAHOGA, OH        PLAINTIFFS

v.                                                      CIVIL ACTION NO. 17-MD-2804

PURDUE PHARMA, LP, et al                                DEFENDANTS

NON-PARTY DAVID GUSTIN'S MOTION
TO QUASH SUBPOENA
*ELECTRONICALLY FILED*

Comes David Gustin, by and through counsel, Brian Butler, and hereby moves the Court to issue a protective order quashing his trial subpoena. In support of said motion, the undersigned states as follows:

David Gustin has been charged in United States District Court for the Eastern District of Kentucky in London with one count of conspiracy with unnamed co-conspirators to distribute and dispense a quantity of pills containing controlled substances between May 2, 2008 and April 15, 2016 in Clay County, Kentucky and elsewhere in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)-(2) and 846. The matter remains pending in United States District Court in London, Kentucky.

On or about September 26, 2019, Mr. Gustin was served with a subpoena to testify at trial in the trial of this action beginning October 21, 2019 continuing through approximately December 13, 2019. At the undersigned's direction, Mr. Gustin will exercise his right under the Fifth Amendment of the United States Constitution not to testify in this action. Under these circumstances, the subpoena is plainly designed solely to harass Mr. Gustin and is unduly

burdensome.  As such, we respectfully request the Court quash the subpoena.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

David Gustin formerly worked as the Director of Regulatory Affairs for McKesson's North Central Region.  Mr. Gustin left his position as the Director of Regulatory Affairs for the North Central Region in early 2014.  He retired from McKesson in 2016.  He currently resides in the Columbus, Ohio area which is approximately 140 miles from Cleveland, Ohio.

On August 17, 2018, Mr. Gustin sat for a seven-hour videotaped deposition in this multi-district litigation.  The deposition transcript encompasses 505 pages.   Because Mr. Gustin was not under indictment at the time, he was able to and did address all questions directed to him during this deposition and did not invoke his Fifth Amendment privilege against self-incrimination.  The deposition was both long and thorough.  Plaintiffs used the entirety of their seven hours plus a minute-for-minute re-cross after McKesson's own direct examination.  They introduced nearly fifty (50) separate exhibits, including but not limited to Mr. Gustin's own emails.  The examination covered all aspects of Mr. Gustin's compliance work in Ohio and elsewhere.

On March 21, 2019, Mr. Gustin was indicted in the Eastern District of Kentucky on a felony charge alleging a conspiracy with unnamed co-conspirators to distribute and dispense a quantity of pills containing controlled substances between May 2, 2008 and April 15, 2016 in Clay County, Kentucky and elsewhere in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)-(2) and 846.  See Indictment of David Gustin.  The United States has represented that the "basis of the charges" is Mr. Gustin's conduct as a regulatory affairs employee for McKesson, and that the case against Mr. Gustin will "focus on the distribution activities at the Washington Courthouse distribution center in Ohio."  See Order Denying Bill of Particulars.  The United States has

declined to further delineate the nature of the allegations against Mr. Gustin.

On or about September 26, 2019, Mr. Gustin was served a subpoena, pursuant to Federal Rule of Civil Procedure 45, to testify at trial beginning October 21, 2019 continuing through approximately December 13, 2019.  Plaintiffs have indicated only that Mr. Gustin is "expected to testify concerning matters related to his/her employment and claims in this litigation.  *Pls.* Oct. 5, 2019 Witness List (ECF no. 2721).

As such, Mr. Gustin respectfully requests this Court to quash the subpoena.

**II.    ARGUMENT**

Rule 45(d)(1) requires a party or attorney responsible for the issuance and service of a subpoena to take reasonable steps to avoid undue burden or expense to a person subject to that subpoena.  *Trs. of Sheet Metal Workers' Local Union No. 33 Profit Sharing Annuity Funds v. Beckley Mech., Inc.*, 2012 WL 1921855 at *1 (N.D.Ohio May 25, 2012)(under Rule 45, "an attorney has a duty to not issue a subpoena for improper purposes or to impose an undue burden on the subpoena recipient").  "It is within the court's discretion to quash a subpoena where the testimony or information sought is irrelevant." *Griffiths v. Ohio Farmers Ins. Co,* No. 1:09-CV-1011, 2010 WL 2639913 at *1 (N.D. Ohio June 29, 2010); *see also Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552 (6th Cir. 2015) (failure to satisfy Rule 45 requirements permits the court to quash a subpoena for trial testimony).

The subpoena of Mr. Gustin's testimony for trial should be quashed because it will not yield admissible testimony.  To be sure, the Fifth Amendment does permit negative inferences from a party's invocation of the Fifth Amendment when *a party him-or-herself* fails to testify in civil proceedings.  *Hoxie v. Drug Enforcement Admininstration*, 419 F.3d 477, 483 (6th Cir. 2005).  Here, however, Mr. Gustin is a non-party and a different analysis applies.  Whether an

adverse inference can be drawn from a former employee's silence turns on whether "the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth." *In re Ployurethane Foam Antitrust Litigation*, 152 F.Supp.3d 968, 993 (N.D. Ohio 2015) (quoting *LiButti v. United States*, 107 F.3d 110, 124 (2nd Cir. 1997).

Where, as here, the party and its former employee do not "have a close relationship" at the time of the testimony and the party does not "exert any control [over] its former employee," the adverse inference is not "trustworthy under all the circumstances." *Coquina Investments v. Rothstein*, 2011 WL 13096509 at *1 (S.D.Fla. Oct. 19, 2011) (granting motion in limine excluding former employee's invocation of the Fifth Amendment); *see also Akinvemi v. Napolitano*, 347 F.App'x 604, 607 (2nd Cir. 2009) (upholding refusal to instruct jury on an adverse inference based on invocation of Fifth Amendment by "low level employee").  Even if a non-party's invocation of the Fifth Amendment had some limited probative value, "[t]he potential prejudice in revealing the invocation of the Fifth Amendment is high because the jury may attach undue weight to it, or may misunderstand [the witness's] decision to invoke his constitutional privilege." *Harrell v. DCS Equip. Leasing Corp.,* 951 F.2d 1452, 1465 (5th Cir. 1992).  Given that Mr. Gustin's August 2018 deposition is relevant and admissible, any probative value from him invoking the Fifth Amendment is minuscule, at best, but the potential prejudice is extremely high.

Mr. Gustin's invocation of the Fifth Amendment lacks probative value for the additional reason that it is based on the indictment against him, which is inadmissible hearsay.  *See Gritton v. Disponett*, 2007 WL 3407459 at *10 (E.D.Ky. Nov. 14, 2007) ("Absent a conviction ... these indictments do not come within the scope of Rule 803(22) and remain inadmissible hearsay."). Indeed, the indictment of Mr. Gustin "is not any evidence of [his] guilt." *United States v.*

*Chance*, 306 F.3d 356, 385 (6th Cir. 2002).  Likewise, the indictment of Mr. Gustin is not evidence that McKesson is liable to Plaintiffs.

Given the lack of relevance of Mr. Gustin's use of his Fifth Amendment privilege, it appears Plaintiffs' purpose in attempting to force Mr. Gustin to appear can only be to embarrass and harass him.  Moreover, Mr. Gustin's criminal case has received national publicity, including a recent article in the Washington Post.  Requiring him to appear in an attempt to humiliate him in a high profile civil trial serves only to potentially impede his ability to receive a fair trial in his criminal case and creates an undue burden.

Finally, Rule 45(d)(3)(A)(iv) provides that the court shall quash a subpoena if it "subjects a person to undue burden."  Mr. Gustin is presumed innocent of the charges against him.  Plaintiffs' effort to compel him to travel over 100 miles to the United States District Courthouse in Cleveland just so that he will invoke his Fifth Amendment rights in front of the jury in a highly publicized trial is unquestionably an undue burden on him.  It is doubly so because Plaintiffs already have several hours of admissible testimony from Mr. Gustin at their disposal and no genuine need to call him live at trial.  For this additional reason, the court should quash the subpoena for Mr. Gustin's testimony.

WHEREFORE, David Gustin  respectfully requests that the Court quash his subpoena.

Respectfully submitted,

/S/ Brian Butler

Brian Butler
Dathorne & Butler, LLC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 882-5192

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing motion was electronically filed on October 11, 2019, with service to counsel of record pursuant to the Court's ECF system.

/S/ Brian Butler

Brian Butler
Attorney at Law