UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-CR-14-REW-HAI-1 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID B. GUSTIN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court considers a Motion for a Bill of Particulars filed by Defendant David B. Gustin. D.E. 35. Fully briefed (D.E. 38, 40), the Motion has been referred to the undersigned (D.E. 7), and is ripe for review. Because the indictment adequately notifies Gustin of the nature of the charge against him, the Motion will be denied.

Gustin faces a single charge of conspiracy to distribute multiple controlled substances from May 2, 2008, to April 15, 2016. D.E. 1. According to the government, "the basis for the charges is [Gustin's] conduct as McKesson Director of Regulatory Affairs for the North Central Territory . . . [, and] the discovery reflects a focus on the distribution activities at the Washington Courthouse distribution center in Ohio." D.E. 35 at 2. Gustin has pled not guilty, and a status conference is scheduled to occur on July 26, 2019, to assess and assign a trial date. D.E. 23, 37.

Premised upon case complexity and charge novelty, the Motion contends the "bare bones" nature of the indictment requires the government to disclose "a list of pharmacies and their locations that are encompassed within this conspiracy count and a list of alleged co-conspirators known to the United States." D.E. 35 at 1, 6. The defense argues that information is required to be disclosed to allow the proper preparation of a defense and to avoid prejudicial surprise in light

of extensive discovery, some 186,000 pages, provided by the government and the lack of detail in the indictment. Gustin argues:

> The Indictment is silent as to any alleged co-conspirators. The Indictment is silent as to the alleged scheme supporting this novel theory to extend criminal liability. The Indictment is silent as to any overt acts which may allegedly help support the accusation of a criminal conspiracy. The Indictment is silent as to any specific locations beyond Clay County, Kentucky.

*Id*. at 5. He also stresses that this "may be the first time a mid level compliance manager has been prosecuted for allegedly failing to properly do his compliance job." *Id*. at 3.

Under Federal Rule of Criminal Procedure 7(f), a defendant may move the Court to order the government to provide a bill of particulars. The decision whether to grant a motion for a bill of particulars lies within the district court's discretion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). District Judge Wier has observed that "[t]he preclusive effects on proof resulting from issuance of a bill of particulars must inform the Court's discretion." *United States v. Reid*, Criminal No. 07-110-DCR, 2008 WL 11414538, at *1 (E.D. Ky. Feb. 26, 2008) (citing *Moore's Federal Practice* § 607.07[1] (2006) for the proposition that: "Although defendants routinely move for bills of particular, courts do not normally grant such motions . . . for two reasons. First, defendants may not use the bill to circumvent the restrictive scope of discovery. . . . Second, courts want to avoid unfairly 'freezing' the government's evidence in advance of trial."). Judge Wier has also observed that, "[i]n the context of an alleged [] *drug* conspiracy, the federal courts generally resist efforts at compelled particularization. The elements of that inchoate offense do not include any overt act." *Id*. at *2 (citing *United States v. Shabani*, 115 S. Ct. 382, 385 (1994) ("In order to establish a violation of

2

21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy.")).

A bill of particulars is not a tool by which the defendant can learn the government's evidence and theories of the case. *Musick,* 291 F. App'x at 724. A bill of particulars is also an inappropriate tool if the purpose is to extract a list of the government's witnesses or the overt acts that may be proven at trial. *See id.* (citing *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). The government is "[not] required to furnish the names of all other co-conspirators." *Id.* (citing *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004)). "A defendant is not entitled to a bill of particulars if the purpose of the bill is to . . . discover all of the overt acts that might be proven at trial." *Id.* (citing *Largent*, 545 F.2d at 1043). Extensive discovery supports denial of a request for particularization. *United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983).

These standards doom Gustin's request. The Motion plainly seeks to have the government specify significant elements of its legal theory and narrow the charge's evidentiary basis by guiding the defense to relevant acts and players disclosed within the discovery. But, the indictment is sufficient to inform Gustin of the charge against him, to protect him from double jeopardy, and to enable him to prepare for trial. *See Reid*, 2008 WL 11414538, at *1. The charge specifies the time period of the conspiracy by identifying the dates upon which it allegedly began and ended. The specific controlled substances involved are identified. The government is not required to prove any overt act to sustain a conviction, so obviously it need not specify those acts within its discovery. The law plainly bars the request for identification of alleged co-conspirators. Indeed, the discussions between counsel memorialized in the Motion and the characterizations of the charge in the government's response to the Motion indicate that it has described Gustin's role

3

in the charged conspiracy with specificity beyond that required by Rule 7(c). True, the discovery is voluminous and the defense would be aided in its pretrial preparation by the lists sought by the Motion. But, as Judge Wier has observed, that is always the case. "The question is not whether further particularity would *assist* the defendant; more information is always useful. The question is whether the specific context presented requires further particularization in light of the limited reasons for Rule 7(f)." *Id.* The context here does not.

**IT IS HEREBY ORDERED THAT** Defendant's Motion for a Bill of Particulars (D.E. 35) is **DENIED.**

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Criminal Procedure 59(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 11th of July, 2019.

Signed By:
<u>Hanly A. Ingram</u>
United States Magistrate Judge

4