UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*Track Two Cases*" | ) ) ) ) ) | SPECIAL MASTER COHEN<br><br>RULING REGARDING<br>PLAINTIFFS' "ERRATA" |

Plaintiffs recently served on Defendants two sets of "errata" related to expert reports: (1) errata to the reports of Cutler and McGuire (served on Sept. 20, 2019) ("First Errata"); and (2) errata to the reports of McGuire and Liebman ("Second Errata"). Defendants move to strike both the First and Second Errata. Fort the reasons below, the motion is **denied** as to the First Errata and **granted** as to the Second.

**First Errata**

In spring of 2019, plaintiffs' experts Cutler, McGuire, and McCann submitted reports addressing the question of plaintiffs' damages. Cutler and McGuire used as a mathematical input certain percentage numbers provided by McCann. McCann later changed these percentages, as reflected in his supplemental report dated April 3, 2019; but Cutler and McGuire did not immediately amend their calculations accordingly.

Plaintiffs recently submitted the First Errata simply to correct Cutler's and McGuire's calculations; notably, this results in a *reduction* in the amount of damages that the experts claim plaintiffs have suffered. *See* Agenda item 240C at 2 (letter from Andrea Bierstein to Special Master

Cohen) (Sept. 26, 2019) ("the correction results in lower damages numbers than were contained in Prof. McGuire's original report, a range of approximately $261 million to $301 million instead of the original range of $286 million to $331 million").  Moreover, Cutler and McGuire do not seek to change anything at all regarding their methodology.

The Special Master concludes that simple correction of a mathematical error by plaintiffs' experts, especially when it works no prejudice (and where defendants knew of McCann's corrected percentages back in April of 2019), should be allowed.  Indeed, the correction is probably required.  *See* Fed. R. Civ. P. 26(e)(1)(a) (if a "party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," then the party "must supplement or correct its disclosure or response"); *Moussouris v. Microsoft Corp.*, 311 F. Supp.3d 1223, 1239–40 (W.D. Wash. 2018) (allowing amendment of an expert report where "the changes are corrections of mathematical errors that . . . 'ha[ve] only a minor impact on the results and do[] not change the substantive conclusions,'" and "merely "update[] figures using the same methodology").

Defendants object to the First Errata, observing that: (1) on July 31, 2019, in connection with *Daubert* briefing, plaintiffs submitted a supplemental 48-page Cutler declaration and a supplemental 16-page McGuire declaration; (2) the undersigned struck those declarations, finding they amended and even modified Cutler's and McGuire's original expert reports too late in the process; (3) plaintiffs did not object to that ruling; and (4) the supplemental declarations included the same mathematical corrections that plaintiffs now seek to serve in their First Errata.  Defendants argue plaintiffs are "mount[ing] an end-run around [my] earlier decision by serving the same new analyses

2

and opinions that [I] already struck, but this time under the guise of "errata" to the experts' original reports." Agenda item 240A at 1 (letter from David Haller to Special Master Cohen) (Sept. 23, 2019).

The corrected percentages in the First Errata, however, were a very minor aspect of the declarations. Taken as a whole, the declarations sought to offer new opinions and amend methodology. The corrected percentages alone merely rectify mathematical errors. When considered by themselves, the corrections should be allowed.

Accordingly, the Special Master denies defendants' motion to strike the First Errata.

**Second Errata**

Plaintiffs' Second Errata are far more substantive. On September 30, 2019, plaintiffs wrote to defendants: "in view of the [recent] order of bifurcation of the trial, plaintiffs submit 4 supplemental tables. The first is a supplemental table to the report of Dr. McGuire and the other three are supplemental tables to the report of Dr. Liebman." The supplemental tables contain calculations showing "future damages" that plaintiffs predict they will suffer from 2019-2034, totaling about $800 million. These calculations are new; they serve to shift about $770 million from the category of future abatement costs (to be decided by the Court) into the category of "future damages" (to be decided by the jury). Plaintiffs recognize these "Second Errata" are essentially new expert opinions, but suggest any prejudice to defendants could be cured by allowing additional expert depositions. *See* plaintiffs' trial brief at 5 n.3 (docket no. 2660) (stating plaintiffs would submit "amended/supplemental reports from previously identified experts limited to the issue of parsing future damages from equitable abatement," and suggesting "additional deposition time [of]

any expert whose report is amended or supplemented").

It is easy to rule that defendants' motion to strike the Second Errata is well-taken. The prejudice to defendants in allowing new expert opinions regarding matters so central and substantive, and so close to trial, is obvious. The First Errata merely correct a mathematical mistake, the underlying basis for which was revealed months ago; the Second Errata potentially change the nature of the trial. Accordingly, the Special Master grants defendants' motion to strike the Second Errata.

Any party that wishes to object to this ruling should be prepared to do so orally at the Court's final pretrial hearing on October 15, 2019.

**RESPECTFULLY SUBMITTED,**

                                                **/s/ David R. Cohen**
                                                **David R. Cohen**
                                                **Special Master**

**Dated:** October 13, 2019