# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br>    *The County of Summit, Ohio*, et al. *v.*<br>    *Purdue Pharma L.P.*, et al.,<br>    Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |
|     *The County of Cuyahoga, Ohio*, et al. *v.*<br>    *Purdue Pharma L.P.*, et al.,<br>    Case No. 17-op-45004 | |

## CARDINAL HEALTH'S MOTION TO QUASH
## TRIAL SUBPOENA TO JENNIFER NORRIS, ESQ.

Jennifer Norris is Cardinal Health's in-house counsel. Plaintiffs served her with a subpoena to appear and testify at the Track One trial. Ms. Norris previously provided deposition testimony as Cardinal Health's 30(b)(6) corporate witness designee, but she does not have personal knowledge about the topics on which she was deposed. Any testimony she might give at trial on those topics therefore would be inadmissible pursuant to Federal Rule of Evidence 602 and the weight of federal authority. And Ms. Norris, who does not advise Cardinal Health's anti-diversion program, does not have personal knowledge about any other topic relevant to the claims or defenses in the Track One trial. Accordingly, the Court should quash her trial subpoena. Doing so will not prejudice Plaintiffs because they are able to use the transcript of her

30(b)(6) deposition at trial for any purpose, and they have designated more than 2.5 hours of testimony from that transcript for admission at trial.[1]

## BACKGROUND

Ms. Norris is Vice-President, Associate General Counsel at Cardinal Health.[2]  During her more than 18-year tenure, she has had different roles, but she has never advised Cardinal Health's anti-diversion program.[3]  Ms. Norris diligently prepared to provide testimony on the wide range of topics set forth in Plaintiffs' 30(b)(6) deposition notice to Cardinal Health, but she did not have first-hand, personal knowledge.[4]

Ms. Norris lives and works in Columbus, Ohio.  She is within the subpoena power of this Court.

## ARGUMENT

Plaintiffs may use the deposition transcript of Cardinal Health at trial for any purpose, Fed. R. Civ. P. 32(a)(3), and they have designated more than 2.5 hours of testimony from that transcript for use at trial.[5]  But Plaintiffs cannot compel Ms. Norris to provide live testimony at trial on topics on which she lacks personal knowledge.  Federal Rule of Evidence 602 is clear: "A [non-expert] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  That Ms. Norris served

---

[1]  Cardinal Health objects to the admissibility of some of Plaintiffs' designations for the reasons stated in its objections.  *See* Cardinal Health's Counter Designations and Objections to Plaintiffs' Affirmative Deposition Designations of Jennifer Norris (served Sept. 30, 2019).

[2]  Norris Dep. (Aug. 7, 2018) at 14:19-22 (excerpts attached as Ex. 1).

[3]  *Id.* at 15:17-16:12 (describing roles in acute and alternate care pharmacy distribution business, sourcing, specialty pharmacy distribution, specialty services, third party logistics, corporate sales, and 340B program).

[4]  *Id.* at 118:7-119:19.

[5]  *See supra* n.1.

as Cardinal Health's 30(b)(6) corporate representative does not remove Rule 602's constraint on her testimony ***at trial***:  "[A] corporate representative may not testify to matters outside his own personal knowledge 'to the extent that information [is] hearsay not falling within one of the authorized exceptions.'"  *Union Pump Co. v. Centrifugal Technology Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006)).

Ms. Norris does not have personal knowledge about the matters she testified about as a 30(b)(6) designee.  She is a corporate lawyer whose job function at Cardinal Health has never included supporting the anti-diversion program.  The 30(b)(6) testimony reflected her weeks of consultation with other employees and her review of documents and other sources.  That material is hearsay, and the rule is "the fact that a witness is a 30(b)(6) designee does not create a hearsay exception allowing him to simply repeat statements made by corporate officers and employees, if those statements are offered for their truth."  *Cooley v. Lincoln Elec. Co.*, 693 F.Supp.2d 767, 791 (N.D. Ohio 2010); *Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *1 (W.D. Wash. 2014) ("FRCP 30(b)(6) is inapplicable to the issue of witness testimony at trial….  [T]he rule contains no language compelling the corporate deponent's testimony at trial."); *Brooks v. Caterpillar Global Mining America, LLC*, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017) ("[C]ontrary to Defendant's argument, Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement….  To the extent that Klein's 'testimony is based not on [his] personal knowledge, but instead on hearsay not falling within one of the authorized exceptions, the testimony will be inadmissible at trial.'"); *Stryker Corp. v. Ridgeway*, 2016 WL 6585007, at *2–3 (W.D. Mich. Feb. 1, 2016) ("[E]ven if Blouin testified as a 30(b)(6) designee, she is still not able to 'testify as to hearsay and matters for which she has no personal knowledge.'") (collecting

federal cases strictly applying Rule 602 to 30(b)(6) witnesses); Fed. R. Evid. 602 advisory committee's note.

Even if Rule 602 permitted Plaintiffs to call a corporate representative as a live witness to redo the Rule 30(b)(6) testimony, such testimony would be unfairly prejudicial here, as it would apply only to one of the six defendant groups.  Cardinal Health is the only defendant based in Ohio and the only company whose employees are subject to the Court's subpoena power.  As a result, the Court should quash the trial subpoena as a matter of equity and the law.

Dated:  October 10, 2019                          Respectfully submitted,


                                               */s/ Enu Mainigi*
                                               WILLIAMS & CONNOLLY LLP
                                               Enu Mainigi
                                               Jennifer G. Wicht
                                               Steven M. Pyser
                                               725 Twelfth Street, N.W.
                                               Washington, DC 20005
                                               Telephone: (202) 434-5000
                                               Fax: (202) 434-5029
                                               emainigi@wc.com
                                               jwicht@wc.com
                                               spyser@wc.com

                                               *Counsel for Defendant Cardinal Health, Inc.*


## CERTIFICATE OF SERVICE

I, Ashley W. Hardin, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.


                                               */s/ Ashley W. Hardin*
                                               Ashley W. Hardin

4