IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
EASTERN DIVISION

---

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) This document relates to: ) ) *The County of Summit Ohio, et al. v. Purdue* ) *Pharma L.P., et al.* ) Case No. 18-op-45090 ) ) and ) ) *The County of Cuyahoga v. Purdue* ) *Pharma L.P., et al.* ) Case No. 1:18-op-45004 ) | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

---

**PLAINTIFFS' OPPOSITION TO CARDINAL HEALTH, INC.'S
MOTION FOR PRO RATA TRIAL-TIME APPORTIONMENT
AND CERTAIN DEFENDANTS' RESPONSE**

Cardinal Health, Inc. ("Cardinal Health") asks, for "each Cardinal Health witness" called by plaintiffs to testify at trial, that Cardinal Health "be given an amount of time equal to Plaintiffs' examination of those witnesses *from Plaintiffs' time*." ECF No. 2766 at 2 (emphasis added).  Certain defendants (AmerisourceBergen Drug Corp., Henry Schein, Inc., McKesson Corporation, and Walgreen Co.) oppose that proposal and instead ask this Court to extend the length of time allotted for all defendants to present their case.  ECF 2794 at 2.  Alternatively, those defendants ask for Cardinal Health's requested relief to apply to all defendants.  *Id.* at 3.  For the reasons explained below, plaintiffs object to any relief that would take away time from plaintiffs' allocated time or give defendants more than fifty-percent of the total allotted trial time.

This Court's trial order provides that the two plaintiffs and eight defendants will split the trial time 50-50, and allocates approximately 100 hours of trial time for each side.  *See* ECF No. 2594

at 1-2. Plaintiffs have the burden of proof as to each of the eight defendants and anticipate that they will need all of the currently-allocated trial time to have a fair opportunity to present their case. Moreover, any increase in time to any of the defendants, at the expense of plaintiffs' allocated time, would upset the 50-50 balance that this Court determined was appropriate, after due consideration of all of the parties' arguments. *Id.*

Cardinal Health now asserts that it needs additional trial time above that granted to the other defendants because it suggests that plaintiffs will call a disproportionate number of Cardinal Health witnesses, as compared to the other defendants' witnesses.[1] ECF 2766 at 2. But that is mere speculation, as Cardinal Health acknowledges. *See* ECF 276 at 2 ("Cardinal counsel *anticipates* that there will be two to three full days of Cardinal Health witnesses.") (emphasis added); *id.* ("[t]his *potentially* uneven presentation will *likely* result in an even more intense focus on Cardinal Health") (emphasis added). Cardinal Health does not know at this time which witnesses will be called at trial or the precise scope of their testimony. *Id.* at 3. Indeed, Cardinal Health itself suggests that this Court "may choose to hold this issue in abeyance until after the issue ripens at trial," so that the Court may determine whether Cardinal Health's concern has any basis in fact. That statement underscores that Cardinal Health's argument is pure speculation. For that reason alone, this Court should deny Cardinal Health's requested relief.

In any event, Cardinal Health provides *no* justification for taking time *from plaintiffs*. Instead, Cardinal Health insinuates that it is appropriate to claim a share of plaintiffs' allotted time simply because the other defendants will not agree to give Cardinal Health a disproportionate share of defendants' collective time. *See* ECF 2766 at 3 & n.2 ("Cardinal Health's co-defendants cannot fairly

---

[1] Cardinal Health's reasoning for its proposed remedy is flawed. Even if more Cardinal Health witnesses were called to testify than other defendants' witnesses, that does not necessarily mean that more time will be spent questioning Cardinal Health witnesses. And even assuming *arguendo* that plaintiffs were to spend a disproportionate time focusing on Cardinal Health's witnesses, that leaves plaintiffs with less time to devote to other defendants' witnesses. Plaintiffs are entitled to make those kinds of choices in structuring their presentation of the evidence.

be expected to cede voluntarily any of their allotted defense time to Cardinal Health."); ECF No. 2794 at 3 (co-defendants agreeing).  The fact that defendants cannot agree how to divide their time, or agree on a flexible and equitable solution amongst themselves as the trial progresses, is no reason to penalize plaintiffs by subtracting from their trial time.  Thus, even if this Court were to find that Cardinal Health is entitled to more time (which it is not, for the reasons explained above), that time should come from defendants' collective time, *not* plaintiffs'.

AmerisourceBergen Drug Corp., Henry Schein, Inc., McKesson Corporation, and Walgreen Co. propose another alternative:  extending the length of time given to the defendants, collectively, to present evidence at trial.  ECF 2794 at 2.  But this suggestion seeks to relitigate an issue that has already been presented to, and rejected by, this Court.  As these defendants acknowledge, they have already "repeatedly made clear [their concern] that this Court's orders regarding total trial time and the allocation of time between plaintiffs and defendants are manifestly unfair to defendants." *Id.* Moreover, extending defendants' time, without extending plaintiffs' time, would upset the 50-50 balance ordered by this Court and jeopardize plaintiffs' ability to satisfy their burden of proof.  This would be especially inappropriate and prejudicial on the eve of trial, when plaintiffs have already had to make critical decisions about how to structure their case and present evidence in light of their allocated time.

In the alternative, AmerisourceBergen Drug Corp., Henry Schein, Inc., McKesson Corporation, and Walgreen Co. ask this Court to grant Cardinal Health's requested relief to all of the defendants.  But such relief presents exactly the same problems as their primary requested relief because it would result in defendants being given disproportionately more time than plaintiffs.

For the forgoing reasons, the requested relief of Cardinal Health, and of AmerisourceBergen Drug Corp., Henry Schein, Inc., McKesson Corporation, and Walgreen Co., should be denied.

Dated:  October 14, 2019

Respectfully submitted,

s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

s/Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX  77069-3804
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Lead Trial Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY  10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was served via the Court's ECF system to all counsel of record on October 14, 2019.

s/ Peter H. Weinberger
Peter H. Weinberger