IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------------
IN RE:  NATIONAL PRESCRIPTION          )
   OPIATE LITIGATION                 )
               )
This document relates to:                        )
*The County of Summit Ohio, et al. v. Purdue* )  MDL No. 2804
*Pharma L.P., et al.*                                 )
Case No. 18-op-45090                         )  Hon. Judge Dan A. Polster
               )
   and                                          )
               )
*The County of Cuyahoga v. Purdue*     )
*Pharma L.P., et al.*                                 )
Case No. 1:18-op-45004                       )
------------------------------------------------------------

**PLAINTIFFS' OPPOSITION TO NON-PARTY DAVID GUSTIN'S
MOTION TO QUASH SUBPOENA**

  David Gustin is the former Director of Regulatory Affairs at McKesson.  Plaintiffs have issued a subpoena to Mr. Gustin because his testimony is directly relevant to the subject matter of this litigation.  Mr. Gustin was McKesson's Director of Regulatory Affairs for the North Central District from 2008 through 2013.  As the Director of Regulatory Affairs, Mr. Gustin's primary responsibilities included managing thresholds and approving or disapproving threshold increases for opioid orders from pharmacies and monitoring for suspicious order patterns to prevent diversion.  The territory over which he had responsibility covered 15 states with about 13,000 McKesson customers.  Mr. Gustin has now moved to quash his subpoena on the grounds that, because Mr. Gustin intends to invoke his Fifth Amendment right not to testify in this action,

his testimony is not relevant and the subpoena therefore is intended purely to harass him and is unduly burdensome.  Dkt. 2795 at 1-2.  The motion should be denied.

Mr. Gustin wrongly claims that, because he intends to invoke the Fifth, his testimony "will not yield admissible testimony."  *Id.* at 3.  Mr. Gustin concedes that a *party's* invocation of the Fifth Amendment may permit an adverse inference against that party in a civil action.  *Id.*  He claims, however, that no such inference would be permissible should he invoke the Fifth, because he is no longer an employee of McKesson.  *Id.* at 3-4.  This is simply incorrect.  Trial courts have broad discretion to allow, and regularly do allow, parties to call non-party witnesses who intend to invoke the Fifth Amendment, and to allow a jury to draw an adverse inference based on that invocation.[1]

While courts have been appropriately reluctant to craft a hard-and-fast rule on whether the invocation of the Fifth Amendment by a non-party witness may be used against a party, there is consensus on the non-exclusive factors that should guide a trial court in the exercise of its discretion:  (1) the nature of the relevant relationships between the non-party witness and the parties; (2) the degree of control of the party against whom the adverse inference is sought over the non-party witness; (3) the compatibility of the interests of the party and the non-party witness in the outcome of the litigation; and (4) the role of the non-party witness in the litigation.  *LiButti v. U.S.*, 107 F.3d 110, 123-24 (2d Cir. 1997).  These factors are non-exclusive and should be applied flexibly to ascertain whether the adverse inference is trustworthy under all the circumstances.  *Id.*

---

[1] *See, e.g.*, *Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300, 1309-12 (11th Cir. 2014); *Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co.*, 819 F.2d 1471, 1481-82 (8th Cir. 1987); *Rad Services, Inc. v. Aetna Cas. & Sure. Co.*, 808 F.2d 271, 275-77 (3d Cir. 1986); *Brink's Inc. v. City of New York*, 717 F.2d 700, 709-10 (2d Cir. 1983) (all holding district court properly admitted non-party's invocation of Fifth Amendment and properly instructed jury that it could, but did not have to, draw adverse inference against party from same).

2

In the context where the non-party witness who intends to invoke the Fifth Amendment is a former employee of a party and that former employee's work is directly related to the issues in the case, courts routinely permit the other party to call the non-party witness.  *Coquina Investments*, 760 F.3d at 1310-11; *Rad Services*, 808 F.2d at 275; *Brink's*, 717 F.2d at 709-10; *In re Polyurethane Foam Antitrust Litig.*, 2015 WL 1274961, at *7 (N.D. Ohio March 6, 2015). When the non-party is a former employee of the party, "the ex-employee['s] refusals to testify c[an] appropriately be conceptualized 'as vicarious admissions of their former employer.'"  *Id.* at 121 (quoting *Brinks*, 717 F.2d at 710).  "[N]othing forbids imputing to a corporation the silence of its personnel."  *Rad Services*, 808 F.2d at 275.  And the employer remains free to "rebut any adverse inference that might attend the employee's silence, by producing contrary testimonial or documentary evidence."  *Id.*

Application of the *LiButti* factors here, like in previous cases involving former employees, strongly suggests that this Court should exercise its broad discretion to allow Plaintiffs to call Mr. Gustin to the stand.  Mr. Gustin's conduct as Director of Regulatory Affairs while at McKesson is directly at issue in this case.  Beyond the naked, unsworn assertion in his motion to quash that he and McKesson "do not [currently] have a close relationship, Mr. Gustin has failed to present any evidence that his interests differ from those of McKesson.  To the contrary, both he and McKesson "share a strong interest in refuting claims of illegal . . . conduct."  *In re Polyurethane Foam*, 2015 WL12747961, at *7 (allowing plaintiff to adduce evidence of Fifth Amendment invocations by defendants' former executive employees). Moreover, Mr. Gustin, as Director of Regulatory Affairs for McKesson, "played a controlling role in . . . underlying aspects" of this litigation.  *LaButti*, 107 F.3d at 123-34.  And while McKesson may not "control" Mr. Gustin's conduct now, it certainly did so when he was its

3

employee, which should "inform the trial court whether the assertion of the privilege [by a former employee] should be viewed as akin to testimony approaching admissibility under Fed. R. Evid. 801(d)(2), and may accordingly be viewed, as in *Brink's*, as a vicarious admission." *Id.* at 123; *see also Brink's*, 717 F.2d at 710 ("The fact that the invokers of the privilege are no longer employees of the defendant does not necessarily bar admittance of their refusals to testify as vicarious admissions of their former employer.").

Mr. Gustin cites a single case – *Coquina Investments v. Rothstein*, 2011 WL 13096509 (S.D. Fla. Oct. 19, 2011) – in support of his contention that the *LiButti* factors counsel against requiring him to be called as a witness. Dkt. 2795 at 4.  Specifically, Mr. Gustin avers that any adverse inference to be drawn from his invoking the Fifth Amendment would not be trustworthy because he and McKesson "do not 'have a close relationship'" and McKesson does not "exert any control" over him. *Id.*  But *Coquina Investments* does not support Mr. Gustin's contentions for the simple reason that the court that issued that decision later reversed itself and allowed the non-party witness, the defendant bank's former regional vice president, to be called by the plaintiff and instructed the jury that it could draw an adverse inference from the former employee's invocation of the Fifth Amendment. *Coquina Investments v. Rothstein*, 2012 WL 4479057, at *8-11.  That decision was subsequently affirmed by the Eleventh Circuit. *Coquina Investments*, 760 F.3d at 1310-11.[2]

In sum, the totality of the circumstances strongly suggests that, if Mr. Gustin were to take the stand at trial and invoke the Fifth Amendment, the jury should be permitted to draw an

---

[2] The only other authority cited by Mr. Gustin on this issue – *Akinvemi v. Napolitano*, 347 F. App'x 604, 607 (2d Cir. 2009) – is inapposite.  In that case, the district court refused to instruct the jury that it could draw an adverse inference from invocation by a "low level employee" of the Fifth Amendment.  Mr. Gustin, the former Director of Regulatory Affairs for McKesson, does not allege here that he was a "low level employee."

4

adverse inference against McKesson such that Mr. Gustin's testimony would be relevant. This Court, therefore, should deny his motion to quash.

Mr. Gustin also claims that the Court should quash the subpoena because it would be unduly burdensome for him to have to travel from Columbus to Cleveland to testify, and because he was deposed in this case. But Mr. Gustin does not claim he is outside of the range of this Court's subpoena power and the distance from Columbus to Cleveland can hardly be considered unduly burdensome. Nor does he cite any authority that requires Plaintiffs to present his videotaped deposition testimony in place of live testimony.

For the foregoing reasons, this Court should enter an order denying Non-Party David Gustin's Motion to Quash Subpoena.

Dated: October 14, 2019

                                                Respectfully submitted,

                                                /s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053

(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX 77069-3804
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Lead Trial Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served via the Court's ECF system to all counsel of record on October 14, 2019.

/s/ Peter H. Weinberger
Peter H. Weinberger
