# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

## DEFENDANTS' MOTION TO PRECLUDE ATTORNEYS AND WITNESSES' EXTRAJUDICIAL STATEMENTS

Controlling law authorizes district courts to enter orders precluding trial participants from making public extrajudicial statements when there is a real risk that such statements would compromise the fairness of the trial.  Earlier in this case, the Court entered an order limiting public statements, recognizing that "it is imperative that this case be tried in the courtroom, and not in the media."  ECF 1360.  Now that this matter is proceeding to trial, the Court should renew this directive for counsel and witnesses and prohibit attorneys and witnesses from making extrajudicial statements about the litigation to the press or public (including through social media) during the upcoming trial.

As the Court recently observed, this MDL litigation has received an "extraordinary amount of publicity," and that "every type of local and national media has reported daily, if not hourly."  That has not changed.  This trial will likely draw even more attention.  The TV crews already are

checking into the nearby hotels.  After a *60 Minutes* broadcast[1] aired in late 2018, the Court said that it "wasn't happy to see and hear what [it] saw and heard" on the broadcast, adding that the statements were "right up to the edge of where anyone should go."  ECF 1244 (1/10/19 Status Conf. Tr.) at 3:24-4:1.  The Court directed that "no lawyers and no clients are to be … maligning the character of anyone else," and reminded all present that the Court does not "want to see anything more like [the *60 Minutes* broadcast]," including from the defense, "[s]o everyone's going to be behaving professionally.  That goes for the lawyers or the clients."  *Id.* at 4:4-14.  The Court then entered an order limiting public statements from counsel, recognizing that "it is imperative that this case be tried in the courtroom, and not in the media."  ECF 1360.

The Court's admonition is even more apt now.  The jury will not be sequestered.  While jurors will be instructed not to read or listen to media coverage of the trial, it is common experience that some jurors do, and the temptation to Google sometimes proves irresistible.  And even absent affirmative juror misconduct, the press coverage of a 9-week trial will undoubtedly raise the public's interest in the trial.  If lawyers and witnesses are permitted to fuel the public's desire for information by opining about the case during daily debriefings with the media on the courthouse steps, it is nearly inevitable that jurors will hear something they shouldn't as they go about their lives outside the courtroom.

An order limiting the opportunities for both sides to litigate the case in the media is entirely consistent with the lawyers' existing obligations under the Ohio Rules of Professional Responsibility, which expressly prohibit the lawyers involved in a matter from making

---

[1] *60 Minutes* has played host to Plaintiffs' counsel and proposed trial witness Joe Rannazzisi.  During those nationally-televised broadcasts, counsel and Mr. Rannazzisi offered their opinions about the evidence, potential damages, and the parties, while also expressly stating an intention to try this case in the "court of public opinion."  *See generally* ECF 1225-2 Ex. 1; Bill Whitaker, *60 Minutes, Ex-DEA Agent:  Opioid Crisis Fueled by Drug Industry and Congress* (Oct. 15, 2017), https://www.cbsnews.com/news/ex-dea-agent-opioid-crisis-fueled-by-drug-industry-and-congress/..

extrajudicial statements likely to prejudice a party's ability to receive a fair adjudication. For example, Rule 3.6(a) provides:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

Ohio R. Prof. Resp. 3.6(a). Given this rule, other courts have looked to the professional responsibility rules when entering orders in similar circumstances. *See Aaron v. Durrani*, No. 13-cv-202, 2013 WL 12121516, at *2 (S.D. Ohio Oct. 1, 2013).

The order should be expanded to include potential witnesses as well. Plaintiffs identified Joe Rannazzisi, former Deputy Assistant of the DEA's Office of Diversion Control, as a trial witness. He also appeared on CBS's *60 Minutes* and commented on Defendants conduct, asserting that "[t]his is an industry that's out of control. What they wanna do, is do what they wanna do, and not worry about what the law is. And if they don't follow the law in drug supply, people die. That's just it. People die."[2] Such statements, if made while the trial is going on, would violate the Court's admonition that the case should not be tried outside the courtroom.

An order limiting public statements from attorneys and witnesses will ensure that the public and the press have access to the proceedings in the courtroom, while preventing the parties from trying to influence the public (and the jury) unconstrained by the courtroom procedures and rules. Accordingly, it would be prudent to extend the February 13, 2019 Order to counsel and witnesses.

---

[2] Bill Whitaker, *60 Minutes, Ex-DEA Agent: Opioid Crisis Fueled by Drug Industry and Congress* (Oct. 15, 2017), https://www.cbsnews.com/news/ex-dea-agent-opioid-crisis-fueled-by-drug-industry-and-congress/.

Dated:     October 14, 2019

 /s/ Geoffrey E. Hobart
Geoffrey E. Hobart
Mark H. Lynch
Paul W. Schmidt
Christian J. Pistilli
Phyllis A. Jones
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
pschmidt@cov.com
cpistilli@cov.com
pajones @cov.com

*Counsel for McKesson Corporation*

 /s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

Respectfully Submitted,

 /s/ Enu Mainigi
Enu Mainigi
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

*Counsel for Cardinal Health, Inc.*

 /s/ John P. McDonald
John P. McDonald
C. Scott Jones
Lauren M. Fincher
Brandan J. Montminy
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel: (214) 740-8000
Fax: (214) 756-8758
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Counsel for Henry Schein, Inc.*

/s/ Steven A. Reed
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
Harvey Bartle
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-5000
Fax: (215) 963-5001
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com
harvey.bartle@morganlewis.com

Nancy L. Patterson
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel:  (713) 890-5195
nancy.patterson@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-7455
Fax: (412) 560-7001

Brian M. Ercole
**MORGAN, LEWIS & BOCKIUS LLP**
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com


*Counsel for Teva Pharmaceuticals USA, Inc., Cephalon, Inc., and Actavis LLC*

 /s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Matthew W. Brewer
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
matthew.brewer@bartlitbeck.com

Alex J. Harris
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreen Co.*