# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMIT COUNTY, OHIO PLAINTIFF'S
SECOND SUPPLEMENTAL RESPONSE AND OBJECTIONS TO
DISTRIBUTOR DEFENDANTS' INTERROGATORY NO. 18
PURSUANT TO THE COURT'S NOVEMBER 21, 2018 ORDER**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), and the Court's November 21, 2018 Order, the County of Summit, Ohio ("Plaintiff") hereby provides its second supplemental response and objections to Distributor Defendants' Interrogatory No. 18 (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

**OBJECTIONS**

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seeks information that is not relevant to any party's claim or defense, or seeks to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2. Plaintiff objects to each Interrogatory to the extent it seeks information restricted from dissemination pursuant to court order, statute, or regulation. Further, Plaintiff's responses to the Interrogatories are not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information identified.

3. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained provided herein. All such objections and the grounds therefore are hereby reserved.

4. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5. Plaintiff objects to each Request to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6. Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to provide information that is in the public domain or otherwise available to Defendants as easily from other sources as from Plaintiff.

7. Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

8. Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9. Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10. Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11. Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its objections and without waiver of any objection.

12. Any response stating that Plaintiff will produce information shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13. Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14. Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

15. Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

16. Plaintiff intends to complete its production by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

## **NON-WAIVER**

1. Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2. If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3. Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4. Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses. Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 18:**

Specify each category of injury (e.g. increased cost of law enforcement, fire, emergency services, etc.) for which You claim damages in the Litigation and provide a computation of damages for each category of injury alleged. For each category of injury, identify all Persons with knowledge about such damages.

**Response to Interrogatory No. 18:**

Plaintiff renews its objections to responding to this interrogatory for the reasons laid out its previous responses and objections. Defendants also demand Plaintiff to respond to this interrogatory without an adequate record and/or the benefit of expert witness testimony. In addition, Pursuant to Federal Rule of Civil Procedure 33(d), this question can be answered, to the extent practicable, from business records already produced to Defendants or within Defendants' custody and control. See attached list as Exhibit 1.

Nonetheless, Plaintiff will comply with the Court's November 21, 2018 (*see* Dkt. No. 1147) in good faith and with the limitations laid out above and below.

The relevant interrogatory constitutes contention interrogatories. "Contention" interrogatories seek to clarify the basis for or scope of an adversary's legal claims. *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, fn. 2 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999). To be clear, it is the position of the Plaintiff that the answer to this contention interrogatory does not, consistent with Discovery Ruling 7, limit Plaintiff's experts from using different criteria or a different methodology to compute damages.

Plaintiff also objects to this interrogatory as vague, overly broad, and unduly burdensome to the extent it requests "each category of injury alleged" and also incorporates herein the objections

5

stated in the briefing on the subject motion to compel. Plaintiff also objects to this interrogatory to the extent that it calls for disclosure of Privileged and Confidential Information. Plaintiff further objects that this interrogatory seeks information beyond its possession, custody, and control.

Plaintiff also objects to this interrogatory as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, for purposes of responding to this contention interrogatory, Plaintiff incorporates the factual allegations in the Corrected Second Amended Complaint and its prior responses to this interrogatory.

Plaintiff seeks, *inter alia*, damages in the amounts as set forth below, which reflect both past damages from at least 2006 to present, and future damages for at least 10 years.[1] Plaintiff's investigation of both its past and future costs, expenditures, damages, losses or harms caused by Defendants is ongoing and Plaintiff reserves the right to revise, supplement, and amend these amounts by the expert disclosure deadline. As the Court noted at the status hearing of November 20, 2018, this response represents the Plaintiff's estimate *at this point in time.*

Plaintiff's computation, based on Plaintiff's preliminary review of its records and an estimate of Plaintiff's damages as of the date of this response, is provided in Exhibit 2.[2] In addition to the damages identified in Exhibit 2, Plaintiff also seeks the following:

- Past and ongoing lost tax revenue in the amount of approximately $734 million.

---

[1] Plaintiff's computation does not include any financial expenditures related to injunctive relief sought in Plaintiff's Complaint.

[2] Exhibit 2 may not reflect grant money or other third-party revenue sources that Plaintiff could potentially recover from Defendants.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

- Treble damages pursuant to Plaintiff's federal Racketeer Influenced and Corrupt Organizations ("RICO") Act claim.
- Reasonable attorneys' fees and costs as permitted by law.
- The maximum amount of punitive damages that is constitutionally permissible in this case as determined by the trier of fact.
- Recovery of costs imposed on it by Defendants' conduct, along with disgorgement of profits, under unjust enrichment theories. The costs borne by Plaintiff are past damages described above. Plaintiff, however, does not include in this Answer an estimate for disgorgement of profits, which is not "damages." Moreover, estimating Defendants' profits to be disgorged would require financial information not yet produced, or fully produced, by Defendants, and upon expert analysis, and therefore cannot be provided at this time.
- All applicable statutory pre and post-judgment interest to the fullest extent permissible by state and federal law.
- In addition to, and distinct from, "damages," Plaintiff continues to investigate and determine the scope of equitable relief they are entitled to under applicable causes of action, including abatement. That is not the subject of this interrogatory but it is anticipated to include at a minimum the following categories of programs and services:
    - Increased availability of Medication Assisted Treatment (MAT)
    - Expansion and improvement of treatment facilities to address Opioid Use Disorder (OUD)
    - Expansion and improvement of access to treatment for individuals with OUD

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

- o   Expansion and improvement of opioid-related treatment in jails
- o   Expansion and improvement of opioid-related treatment for adolescents
- o   Expansion and improvement of opioid-related treatment for pregnant mothers
- o   Expansion and improvement of opioid-related support for employment
- o   Expansion and improvement of access to housing for individuals with OUD
- o   Increased availability for naloxone/Narcan
- o   Increased availability for Needle Exchanges
- o   Expansion and improvement of Hep C/HIV interventions
- o   Expansion and improvement of opioid-related media campaigns
- o   Expansion and improvement of opioid-related school-based prevention programs
- o   Expansion and improvement of opioid-related law enforcement interventions
- o   Expansion and improvement of opioid-related drug disposal programs
- o   Expansion and improvement of opioid-related medical provider education
- o   Expansion and improvement of surveillance of opioid use
- o   Expansion and improvement of opioid-related data-informed systems
- o   Expansion and improvement of opioid-related court-system resources
- Restrictions on the marketing and promotion of opioids.

To the extent Plaintiff is seeking future damages as set forth above, various components and subparts may either overlap, be a component part of, or be incidental to the equitable remedy sought as part of a comprehensive abatement plan should the Court enter such a plan, including the provision of funds necessary to implement the abatement plan.

Additionally, Plaintiff identifies the following persons with knowledge of such damages:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Brian Nelsen
- Darin Kearns
- Gerald Craig
- Shane Barker
- Jennifer Peveich
- Angela Burgess

Plaintiff also refers Defendants to persons identified in its response to Distributor Defendants' Interrogatory No. 12.

Discovery into these topics is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

Dated:  November 30, 2018         /s/  Linda Singer
                                                          Linda Singer
Joseph F. Rice
Jodi Westbrook Flowers
Anne McGinness Kearse
David I. Ackerman
Jeffrey C. Nelson
Motley Rice LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: (202) 232-5504

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Richard Cashon, certify that on this 30th day of November 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order. *See* Dkt. No. 232.

*s/Richard Cashon*