# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** |
| | **Case No. 17-md-2804** |
| This document relates to: | **Judge Dan Aaron Polster** |
| Case No. 17-OP-45004 (N.D. Ohio) | |
| THE COUNTY OF CUYAHOGA, OHIO, and STATE OF OHIO EX REL., PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY, | **PLAINTIFFS THE COUNTY OF CUYAHOGA, OHIO AND THE STATE OF OHIO *EX REL.* PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY'S  SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DISTRIBUTOR DEFENDANTS' INTERROGATORY NO. 18 PURSUANT TO THE COURT'S NOVEMBER 21, 2018 ORDER** |
| Plaintiffs, | |
| vs. | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., NORAMCO, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, ALLERGAN FINANCE LLC, f/k/a ACTAVIS, INC., f/k/a WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., INSYS THERAPEUTICS, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, CARDINAL HEALTH, INC., McKESSON | |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CORPORATION, AMERISOURCEBERGEN
CORPORATION, HEALTH MART
SYSTEMS, INC., H. D. SMITH, LLC d/b/a
HD SMITH, f/k/a H.D. SMITH
WHOLESALE DRUG CO., H. D. SMITH
HOLDINGS, LLC, H. D. SMITH HOLDING
COMPANY, CVS HEALTH
CORPORATION, WALGREENS BOOTS
ALLIANCE, INC. a/k/a WALGREEN CO.,
and WAL-MART INC. f/k/a WAL-MART
STORES, INC.,

Defendants.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case

Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232),

and the Court's November 21, 2018 Order, The County of Cuyahoga, Ohio and the State of Ohio

*Ex Rel.* Prosecuting Attorney of Cuyahoga County, Michael C. O'Malley, ("Plaintiff") hereby

provides its second supplemental response and objections to Distributor Defendants' Interrogatory

No. 18 (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific

objections are cited in response to an individual Interrogatory, those specific objections are provided

because they are applicable to that specific Interrogatory and are not a waiver of the objections

applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague,

unduly burdensome, seeks information that is not relevant to any party's claim or defense, or seeks

to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2. Plaintiff objects to each Interrogatory to the extent it seeks information restricted from dissemination pursuant to court order, statute, or regulation. Further, Plaintiff's responses to the Interrogatories are not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information identified.

3. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained provided herein. All such objections and the grounds therefore are hereby reserved.

4. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5. Plaintiff objects to each Request to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6. Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to provide information that is in the public domain or otherwise available to Defendants as easily from other sources as from Plaintiff.

7. Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8.     Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9.     Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10.     Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11.     Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its objections and without waiver of any objection.

12.     Any response stating that Plaintiff will produce information shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13.     Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14.     Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

15.     Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

16.     Plaintiff intends to complete its production by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

## NON-WAIVER

1.     Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2.     If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3.     Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.     Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## SPECIFIC RESPONSES AND OBJECTIONS

### Interrogatory No. 18:

Specify each category of injury (e.g. increased cost of law enforcement, fire, emergency services, etc.) for which You claim damages in the Litigation and provide a computation of damages for each category of injury alleged. For each category of injury, identify all Persons with knowledge about such damages.

### Response to Interrogatory No. 18:

Plaintiff renews its objections to responding to this interrogatory for the reasons laid out its previous responses and objections. Defendants also demand Plaintiff to respond to this interrogatory without an adequate record and/or the benefit of expert witness testimony. In addition, Pursuant to Federal Rule of Civil Procedure 33(d), this question can be answered, to the extent practicable, from business records already produced to Defendants or within Defendants' custody and control. *See* attached list as Exhibit 1.

Nonetheless, Plaintiff will comply with the Court's November 21, 2018 Order (*see* Dkt. No. 1147) in good faith and with the limitations laid out above and below.

The relevant interrogatory constitutes contention interrogatories. "Contention" interrogatories seek to clarify the basis for or scope of an adversary's legal claims. *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, fn. 2 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999). To be clear, it is the position of the Plaintiff that the answer to this contention interrogatory does not, consistent with Discovery Ruling 7, limit Plaintiff's experts from using different criteria or a different methodology to compute damages.

Plaintiff also objects to this interrogatory as vague, overly broad, and unduly burdensome to the extent it requests "each category of injury alleged" and also incorporates herein the objections stated

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

in the briefing on the subject motion to compel. Plaintiff also objects to this interrogatory to the extent that it calls for disclosure of Privileged and Confidential Information. Plaintiff further objects that this interrogatory seeks information beyond its possession, custody, and control.

Plaintiff also objects to this interrogatory as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, for purposes of responding to this contention interrogatory, Plaintiff incorporates the factual allegations in the Corrected Second Amended Complaint and its prior response to this interrogatory.

Plaintiff seeks, *inter alia*, damages in the amounts as set forth below, which reflect both past damages from at least 2006 to present, and ongoing damages for at least 10 years.[1] Plaintiff's investigation of both its past and ongoing costs, expenditures, damages, losses or harms caused by Defendants is ongoing and Plaintiff reserves the right to revise, supplement, and amend these amounts by the expert disclosure deadline. As the Court noted at the status hearing of November 20, 2018, this response represents the Plaintiff's estimate *at this point in time*.

Plaintiff's computation, based on Plaintiff's preliminary review of its records and is an estimate as of Plaintiff's damages as of the date of this response, is provided in Exhibit 2.[2] In addition to the damages identified in Exhibit 2, Plaintiff also seeks the following:

- Past and ongoing loss tax revenue in the amount of approximately $850 million.

---

[1] Plaintiff's computation does not include any financial expenditures related to injunctive relief sought in Plaintiff's Complaint.

[2] Exhibit 2 may not reflect grant money or other third-party revenue sources that Plaintiff could potentially recover from Defendants.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Treble damages pursuant to Plaintiff's federal Racketeer Influenced and Corrupt Organizations ("RICO") Act claim.

- Reasonable attorneys' fees and costs as permitted by law.

- The maximum amount of punitive damages that is constitutionally permissible in this case as determined by the trier of fact.

- Recovery of costs imposed on it by Defendants' conduct, along with disgorgement of profits, under unjust enrichment theories. The costs borne by Plaintiff are past damages described above. Plaintiff, however, does not include in this Answer an estimate for disgorgement of profits, which is not "damages."  Moreover, estimating Defendants' profits to be disgorged would require financial information not yet produced, or fully produced, by Defendants, and upon expert analysis, and therefore cannot be provided at this time.

- All applicable statutory pre and post-judgment interest to the fullest extent permissible by state and federal law.

- In addition to, and distinct from, "damages," Plaintiff continues to investigate and determine the scope of equitable relief they are entitled to under applicable causes of action, including abatement. That is not the subject of this Interrogatory but it is anticipated to include at a minimum the following categories of programs and services:

  o Increased availability of Medication Assisted Treatment (MAT)

  o Expansion and improvement of treatment facilities to address Opioid Use Disorder (OUD)

  o Expansion and improvement of access to treatment for individuals with OUD

8

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- o Expansion and improvement of opioid-related treatment in jails

- o Expansion and improvement of opioid-related treatment for adolescents

- o Expansion and improvement of opioid-related treatment for pregnant mothers

- o Expansion and improvement of opioid-related support for employment

- o Expansion and improvement of access to housing for individuals with OUD

- o Increased availability for naloxone/narcan

- o Increased availability for Needle Exchanges

- o Expansion and improvement of Hep C/HIV interventions

- o Expansion and improvement of opioid-related media campaigns

- o Expansion and improvement of opioid-related school-based prevention
  programs

- o Expansion and improvement of opioid-related law enforcement interventions

- o Expansion and improvement of opioid-related drug disposal programs

- o Expansion and improvement of opioid-related medical provider education

- o Expansion and improvement of surveillance of opioid use

- o Expansion and improvement of opioid-related data-informed systems

- o Expansion and improvement of opioid-related court-system resources

- Restrictions on the marketing and promotion of opioids.

To the extent Plaintiff is seeking future damages as set forth above, various components and subparts may either overlap, be a component part of, or be incidental to the equitable remedy sought as part of a comprehensive abatement plan should the Court enter such a plan, including the provision of funds necessary to implement the abatement plan.

Additionally, Plaintiff identifies the following persons with knowledge of such damages:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

- Walter Parfejewiec

- Dr. Thomas Gilson

- Melinda Burt

- Captain Donald Gerome

- Vince Caraffi

- Maggie Keenan

- David Merriman

- Hugh Shannon

- Cynthia Weiskittel

- Holly Woods

- Matt Carroll

- Rebekah Dorman

- Ruth Gillette

- Brandy Carney

- Wendy Feinn

- Christopher Cabot

- Patricia Cooney

- Molly Leckler

- Martin Murphy

- Brian Ely

- Shannon Gray

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Ken Mills

- Deborah Watkins

- Scott Osiecki

- Terry Allan

Plaintiff also refers Defendants to persons identified in its response to Distributor Defendants' Interrogatory No. 12.

Discovery into these topics is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Dated:  November 30, 2018

Respectfully submitted,
Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Salvatore C. Badala, certify that on this 30th day of November 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order. *See* Dkt. No. 232.

*s/ Salvatore C. Badala*

# Exhibit 1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000000001- CUYAH_000000064

CUYAH_000000065 - CUYAH_000000132

CUYAH_000000133 - CUYAH_000000199

CUYAH_000000200 - CUYAH_000000718

CUYAH_000000719 - CUYAH_000000747

CUYAH_000000748 - CUYAH_000000819

CUYAH_000000820 - CUYAH_000001135

CUYAH_000001136 - CUYAH_000001646

CUYAH_000001647 - CUYAH_000001730

CUYAH_000001731 - CUYAH_000001811

CUYAH_012341077 - CUYAH_012341077

CUYAH_000001812 - CUYAH_000001874

CUYAH_000001875 - CUYAH_000001931

CUYAH_000001932 - CUYAH_000002439

CUYAH_000002440 - CUYAH_000002502

CUYAH_000002503 - CUYAH_000002563

CUYAH_000002564 - CUYAH_000003072

CUYAH_000003073 - CUYAH_000003099

CUYAH_000003100 - CUYAH_000003172

CUYAH_000000200 - CUYAH_000000718

CUYAH_000001136 - CUYAH_000001646

CUYAH_000018178 - CUYAH_000018178

CUYAH_001714366 - CUYAH_001714366

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_001714459 - CUYAH_001714459

CUYAH_000001932 - CUYAH_000002439

CUYAH_000002564 - CUYAH_000003072

CUYAH_000003509 - CUYAH_000004006

CUYAH_000005740 - CUYAH_000006329

CUYAH_000008003 - CUYAH_000008640

CUYAH_000009614 - CUYAH_000009831

CUYAH_000003173 - CUYAH_000003436

CUYAH_012341077 - CUYAH_012341077

CUYAH_000003437 - CUYAH_000003508

CUYAH_000003509 - CUYAH_000004006

CUYAH_000004007 - CUYAH_000004036

CUYAH_000004037 - CUYAH_000004294

CUYAH_000004295 - CUYAH_000004374

CUYAH_000004375 - CUYAH_000004523

CUYAH_000004524 - CUYAH_000004552

CUYAH_000004553 - CUYAH_000004798

CUYAH_000004799 - CUYAH_000004968

CUYAH_000004969 - CUYAH_000005145

CUYAH_000005146 - CUYAH_000005327

CUYAH_000005328 - CUYAH_000005496

CUYAH_000005497 - CUYAH_000005739

CUYAH_000005740 - CUYAH_000006329

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000006330 - CUYAH_000006573

CUYAH_000006574 - CUYAH_000006844

CUYAH_000006845 - CUYAH_000006986

CUYAH_000006987 - CUYAH_000007216

CUYAH_000007217 - CUYAH_000007427

CUYAH_000007428 - CUYAH_000007466

CUYAH_000007467 - CUYAH_000007687

CUYAH_000007688 - CUYAH_000007711

CUYAH_000007712 - CUYAH_000007929

CUYAH_000007930 - CUYAH_000008002

CUYAH_000013813 - CUYAH_000013817

CUYAH_000012445 - CUYAH_000012456

CUYAH_000012457 - CUYAH_000012480

CUYAH_000012409 - CUYAH_000012420

CUYAH_000012445 - CUYAH_000012456

CUYAH_000012457 - CUYAH_000012480

CUYAH_000012529 - CUYAH_000012544

CUYAH_000012545 - CUYAH_000012560

CUYAH_000012561 - CUYAH_000012576

CUYAH_000012577 - CUYAH_000012592

CUYAH_000012481 - CUYAH_000012496

CUYAH_000012497 - CUYAH_000012512

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000012513 - CUYAH_000012528

CUYAH_000008003 - CUYAH_000008640

CUYAH_000008641 - CUYAH_000008680

CUYAH_000008681 - CUYAH_000008907

CUYAH_000008908 - CUYAH_000009206

CUYAH_000009207 - CUYAH_000009269

CUYAH_000009270 - CUYAH_000009290

CUYAH_000009291 - CUYAH_000009316

CUYAH_000009317 - CUYAH_000009326

CUYAH_000009327 - CUYAH_000009345

CUYAH_000009346 - CUYAH_000009367

CUYAH_000009368 - CUYAH_000009613

CUYAH_000009614 - CUYAH_000009831

CUYAH_000010261 - CUYAH_000010288

CUYAH_000012351 - CUYAH_000014730

CUYAH_000010320 - CUYAH_000010329

CUYAH_000010330 - CUYAH_000010367

CUYAH_000010368 - CUYAH_000010423

CUYAH_000010424 - CUYAH_000010826

CUYAH_000010827 - CUYAH_000010845

CUYAH_000010846 - CUYAH_000010896

CUYAH_000010897 - CUYAH_000010909

CUYAH_000010910 - CUYAH_000011080

CUYAH_000011081 - CUYAH_000011251

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000011252 - CUYAH_000011262

CUYAH_000011263 - CUYAH_000011318

CUYAH_000011319 - CUYAH_000011347

CUYAH_000017939 - CUYAH_000018600

CUYAH_000011403 - CUYAH_000011443

CUYAH_000011444 - CUYAH_000011492

CUYAH_000011493 - CUYAH_000011525

CUYAH_000011526 - CUYAH_000011570

CUYAH_000011596 - CUYAH_000011615

CUYAH_000011616 - CUYAH_000011623

CUYAH_000011642 - CUYAH_000011797

CUYAH_000011799 - CUYAH_000011884

CUYAH_000011885 - CUYAH_000011982

CUYAH_000011997 - CUYAH_000012044

CUYAH_000012351 - CUYAH_000012362

CUYAH_000012363 - CUYAH_000012370

CUYAH_000012371 - CUYAH_000012382

CUYAH_000012383 - CUYAH_000012396

CUYAH_000012397 - CUYAH_000012408

CUYAH_000012409 - CUYAH_000012420

CUYAH_000012421 - CUYAH_000012432

CUYAH_000012433 - CUYAH_000012444

CUYAH_000012445 - CUYAH_000012456

CUYAH_000012457 - CUYAH_000012480

CUYAH_000012481 - CUYAH_000012496

CUYAH_000012497 - CUYAH_000012512

CUYAH_000012513 - CUYAH_000012528

CUYAH_000012529 - CUYAH_000012544

CUYAH_000012545 - CUYAH_000012560

CUYAH_000012561 - CUYAH_000012576

CUYAH_000012577 - CUYAH_000012592

CUYAH_000012593 - CUYAH_000012594

CUYAH_000012595 - CUYAH_000012943

CUYAH_000013464 - CUYAH_000013479

CUYAH_000013806 - CUYAH_000013812

CUYAH_000013813 - CUYAH_000013817

CUYAH_000013818 - CUYAH_000013820

CUYAH_000018030 - CUYAH_000018037

CUYAH_000018038 - CUYAH_000018066

CUYAH_000018067 - CUYAH_000018072

CUYAH_000018073 - CUYAH_000018075

CUYAH_000018076 - CUYAH_000018078

CUYAH_000018079 - CUYAH_000018115

CUYAH_000018116 - CUYAH_000018118

CUYAH_000018119 - CUYAH_000018141

CUYAH_000018142 - CUYAH_000018154

CUYAH_000018155 - CUYAH_000018161

CUYAH_000018162 - CUYAH_000018174

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000018175 - CUYAH_000018177

CUYAH_000018178 - CUYAH_000018178

CUYAH_000018179 - CUYAH_000018179

CUYAH_000018180 - CUYAH_000018199

CUYAH_000018200 - CUYAH_000018219

CUYAH_000018220 - CUYAH_000018232

CUYAH_000018233 - CUYAH_000018248

CUYAH_000018249 - CUYAH_000018264

CUYAH_000018265 - CUYAH_000018277

CUYAH_000018278 - CUYAH_000018281

CUYAH_000018282 - CUYAH_000018294

CUYAH_000018295 - CUYAH_000018322

CUYAH_000018323 - CUYAH_000018327

CUYAH_000018328 - CUYAH_000018355

CUYAH_000018356 - CUYAH_000018360

CUYAH_000018361 - CUYAH_000018488

CUYAH_000018489 - CUYAH_000018509

CUYAH_000018510 - CUYAH_000018533

CUYAH_012341075 - CUYAH_012341076

CUYAH_000018534 - CUYAH_000018549

CUYAH_000018550 - CUYAH_000018577

CUYAH_000018578 - CUYAH_000018582

CUYAH_000097414 - CUYAH_000097414

CUYAH_000018613 - CUYAH_000018627

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CUYAH_000018676 - CUYAH_000018726

CUYAH_000020380 - CUYAH_000020439

Exhibit 2

**Cuyahoga ($ Millions)**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

| Divisions | 2017 | 2016 | 2015 | 2014 | 2013 | 2012 | 2011 | 2010 | 2009 | 2008 | 2007 | 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADAMHS Board | $16.0 | $12.0 | $10.0 | $10.0 | $8.0 | $8.0 | $6.0 | $6.0 | $6.0 | $6.0 | $6.0 | $6.0 | $100.0 |
| Children and Family Services | $23.0 | $23.0 | $23.0 | $23.0 | $23.0 | $18.0 | $16.0 | $15.0 | $15.0 | $15.0 | $14.0 | $11.0 | $219.0 |
| Prosecutor | $5.0 | $5.0 | $5.0 | $5.0 | $4.0 | $4.0 | $4.0 | $4.0 | $4.0 | $4.0 | $3.0 | $3.0 | $50.0 |
| Public Defender | $4.0 | $3.0 | $3.0 | $3.0 | $3.0 | $3.0 | $3.0 | $3.0 | $3.0 | $3.0 | $3.0 | $3.0 | $37.0 |
| Court of Common Pleas | $4.0 | $3.0 | $3.0 | $3.0 | $3.0 | $3.0 | $2.0 | $3.0 | $3.0 | $2.0 | $2.0 | $2.0 | $32.0 |
| Juvenile Court | $2.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $13.0 |
| Sheriff (Sheriff Only) | $3.0 | $2.0 | $2.0 | $2.0 | $2.0 | $2.0 | $2.0 | $2.0 | $1.0 | $1.0 | $1.0 | $1.0 | $21.0 |
| Sheriff (Jail Only) | $8.0 | $7.0 | $7.0 | $7.0 | $7.0 | $7.0 | $7.0 | $6.0 | $6.0 | $5.0 | $5.0 | $5.0 | $77.0 |
| Medical Examiner | $4.0 | $4.0 | $2.0 | $2.0 | $2.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $1.0 | $21.0 |
| | | | | | | | | | | | | | |
| Department Related Costs (Past) | $69.0 | $60.0 | $56.0 | $56.0 | $53.0 | $47.0 | $42.0 | $41.0 | $39.0 | $38.0 | $36.0 | $33.0 | $570.0 |

| | 2027 | 2026 | 2025 | 2024 | 2023 | 2022 | 2021 | 2020 | 2019 | 2018 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Department Related Costs (Ongoing) | $100.0 | $99.0 | $98.0 | $97.0 | $96.0 | $95.0 | $94.0 | $93.0 | $92.0 | $91.0 | $955.0 |

**Total Department Related Costs (Past & Ongoing)**                                                                **$1,525.0**

## <u>VERIFICATION</u>

I, Joseph W. Boatwright, IV, declare:

I am Chief Corporate Counsel for the County of Cuyahoga, Ohio. I am authorized to make this verification on behalf of the Plaintiffs the County of Cuyahoga, Ohio and the State of Ohio *Ex Rel.* Prosecuting Attorney of Cuyahoga County, Michael C. O'Malley (together, "Plaintiff").

The foregoing Plaintiff's Second Supplemental Responses and Objections to Distributor Defendants' Interrogatory No. 18 represents a municipal corporate response, based on information, in part, assembled by Plaintiff's employees and/or representatives. Because the matters stated in the document identified above constitute a corporate response, they are not all necessarily within my personal knowledge, or within the personal knowledge of any single individual. Subject to these limitations, the information contained in the foregoing response is, to the best of Plaintiff's knowledge, true and correct. Plaintiff reserves the right to make any changes should it appear that any omissions or errors have been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Cuyahoga, Ohio on this 30th day of November, 2018.

_____

Joseph W. Boatwright, IV