# EXHIBIT 16

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br><br>*City of Cleveland, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45132;<br><br>*County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*, Case No. 17-OP-45004;<br><br>*County of Summit, et al. v. Purdue Pharma, L.P. et al.*, Case No. 18-OP-45090 | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster<br>Mag. Judge David A. Ruiz |

## PLAINTIFFS SUMMIT COUNTY, CUYAHOGA COUNTY, AND THE CITY OF CLEVELAND'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DISTRIBUTOR DEFENDANTS' INTERROGATORY NOS. 24, 25, 26, AND 27

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt No. 232), the Summit County, Cuyahoga County, and the City of Cleveland ("Plaintiffs") hereby supplement their responses to Distributor Defendants' Interrogatories 24, 25, 26, and 27 (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

### OBJECTIONS

Plaintiffs repeat and reassert their prior general objections to the Distributor Defendants' Fourth Set of Interrogatories.

### SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory 24:** Identify all false and/or fraudulent information that You allege any Distributor Defendant supplied to the Drug Enforcement Administration about Suspicious Orders as alleged in Paragraph 859 of the Second Amended Complaint.

*Supplemental Response:*

Plaintiffs repeat and reassert their prior objections and adopt their prior responses to this Interrogatory. In addition, Plaintiffs respond as follows:

Among the false and fraudulent information that each of the Distributor Defendants supplied the DEA were: (a) information suggesting that the quotas for prescription opioids should be increased; (b) the Distributors were complying with their obligations to maintain effective controls against diversion of their prescription opioids; (c) the Distributors were complying with their obligations to design and operate a system to disclose to the registrant suspicious orders of their prescription opioids; (d) the Distributors were complying with their obligation to notify the DEA of any suspicious orders or diversion of their prescription opioids; and (e) the Distributors did not have the capability to identify suspicious orders of controlled substances. In addition, statements submitted to the DEA were fraudulent because Defendants, including Distributor Defendants, were aware of suspicious orders of prescription opioids and the diversion of their prescription opioids into the illicit market, and failed to include this information to the DEA in their mandatory reports and applications for production quotas or allocations of a manufacturer's portion of the quota, thus rendering the statements made in those submissions misleading and fraudulent. As set forth in ¶ 859 and elsewhere in the Complaint, Plaintiffs also rely on these omissions in support of their RICO claims.

In particular, the submissions to the DEA that contained false and/or fraudulent information, included: (a) documents and communications that supported and/or facilitated the Manufacturers' requests for higher aggregate production quotas, individual production quotas, and procurement quotas; (b) each Distributor's DEA registrations, along with documents and communications that supported and/or facilitated those registrations; and (c) all records and reports that were submitted to the DEA pursuant to 21 U.S.C. § 827. Each of these communications was fraudulent and misleading because each failed to disclose that (1) the Distributor submitting it had no

adequate system to detect and investigate suspicious orders; (2) to the extent such systems existed, the Distributors did not follow them; and (3) orders that were or should have been identified as suspicious had been shipped without clearance and, indeed, without investigation.

Plaintiffs are unable, at this time, to provide Bates numbers of specific documents in which each particular Defendant supplied the above-described false and/or fraudulent information to the DEA, because such information is in the possession of the Defendants. To the extent that documents reflecting these details have been produced to the Plaintiffs, Plaintiffs note that, to date, the RICO Defendants have produced 13,110,844 documents, 2,284,887 of which were produced after the October 25 "substantial completion" date. From the current production, which is growing on a daily basis, Plaintiffs have identified a subset, consisting of approximately 1,259,493 documents, that may provide information responsive to this Interrogatory. Plaintiffs are actively engaged in the review of these documents. To the extent that Plaintiffs have already identified particular documents in which the false and/or fraudulent information was supplied, such information is reflected in Appendix A, attached hereto.

Plaintiffs reserve this right to supplement this answer with additional false and fraudulent information supplied by the Defendants to the DEA with respect to suspicious orders [and/or additional details about Defendants' false statements] supplied, as such additional information becomes available in discovery.

**Interrogatory 25:** Identify with specificity each of the predicate acts of racketeering activity You allege each of AmerisourceBergen Drug Corporation, Cardinal Health, Inc. and McKesson Corporation committed, conspired to commit, and/or aided and abetted the commission of for the time period you seek damages in this lawsuit. For each predicate act, provide the date, the conduct that constituted the predicate act, the Defendant(s) involved, the reason that conduct constituted a predicate act of racketeering, and any other individuals/entities involved.

*Supplemental Response:*

Plaintiffs repeat and reassert their prior objections and adopt their prior responses to this Interrogatory. In addition, Plaintiffs respond as follows:

The predicate acts of racketeering that each of AmerisourceBergen Drug Corporation, Cardinal Health, Inc. and McKesson Corporation committed, conspired to commit, and/or aided and abetted the commission of include: (a) multiple acts of mail fraud in violation of 18 U.S.C. § 1341; (b) multiple acts of wire fraud in violation of 18 U.S.C. § 1343; (c) multiple violations of 21 U.S.C. § 823.

The conduct that constituted each predicate act under 21 U.S.C. § 823 consisted of knowingly or intentionally furnishing false or fraudulent information in, and/or omitting material information from, documents filed with the DEA, as described in response to Interrogatory 24 above. The conduct that constituted each predicate act of mail fraud and wire fraud consisted of: (a) mailing or electronically transmitting the false and fraudulent information set forth in the response to Interrogatory 24 above to the DEA, to other regulators, and/or to other recipients; and (b) mailing or electronically transmitting other materials in furtherance of the scheme described in the Complaint. The conduct constituted predicate acts of racketeering because each violation constituted an act indictable under one of the provisions set forth in 18 U.S.C. § 1961. Each mailing, transmission, or false and fraudulent report under the Controlled Substances Act, constitutes a separate predicate act.

Plaintiffs are working diligently to identify the precise date, document details, and Defendant associated with each predicate act of mail fraud, wire fraud, and violation of the Controlled Substances Act. The documents evidencing each such violation are in the custody of the Defendants. To date, the RICO Defendants have produced 13,110,844 documents, 2,284,887 of which were produced after the October 25 "substantial completion" date. From the current production, which is growing on a daily basis, Plaintiffs have identified a subset, consisting of approximately 1,259,493 documents, that may provide information responsive to this Interrogatory. Plaintiffs are actively engaged

in the review of these documents.  To date, Plaintiffs have identified particular documents evidencing specific instances of mail fraud, wire fraud or violation of the Controlled Substances Act; these documents reflect the date on and the circumstances under which the predicate act occurred and the identity of the particular Defendant associated with that predicate act.  The documents containing this information are included in Appendix A, attached hereto, and are further included in Plaintiffs' discovery responses, including but not limited to, responses regarding suspicious orders.

Plaintiffs reserve this right to supplement this answer with additional instances of predicate acts and/or additional details about the predicate acts identified above, as such additional information becomes available in discovery.

**Interrogatory 26:**  Identify all facts and evidence that support Your contention that the Distributor Defendants agreed to implement similar tactics in their refusal to report Suspicious Orders as alleged in Paragraph 922 of the Second Amended Complaint.

*Supplemental Response:*

Plaintiffs repeat and reassert their prior objections and adopt their prior responses to this Interrogatory. Plaintiffs also object on the ground that Defendants have mis-stated the allegations of ¶ 922 of the Second Amended Complaint.  That paragraph alleges, in its entirety:  "Indeed, for the Defendants' fraudulent scheme to work, each of the Defendants had to agree to implement similar tactics regarding manufacturing prescription opioids and refusing to report suspicious orders."  *Summit* SAC ¶ 922.  Thus, this particular paragraph does not allege, as a factual proposition, that the Distributor Defendants did agree, as the Interrogatory would have it, but rather alleges as a logical matter that it was necessary for the Distributor Defendants to agree in order for the scheme to be successful.  Nonetheless, because Plaintiffs have elsewhere alleged that the Distributor Defendants did in fact agree (and the logical statement in ¶ 922 is part of the support for such allegations), Plaintiffs respond as follows:

5

Multiple distinct categories of evidence give rise to a strong inference that the Defendants agreed to implement similar tactics with respect to refusing to report suspicious orders.  As described in greater detail below, these categories of evidence include:  (1) the structure of the legal requirements under the CSA, as set forth in the Complaint; (2) evidence of the opportunities Defendants had to communicate and cooperate, as set forth in the Complaint; (3) testimony developed in depositions about the similarity of Defendants' conduct; and (4) documents Plaintiffs have obtained in discovery that support the inference that Defendants agreed on a strategy of not reporting suspicious orders to the DEA.

First, as alleged in the Complaint, the structure of the legal requirements applicable to registrants under the CSA gives rise to an inference that Defendants agreed among themselves not to report suspicious orders.  As explained in the Complaint:

> As "registrants" under the CSA, the RICO Supply Chain Defendants are duty bound to identify and report 'orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.' Critically, these Defendants' responsibilities do not end with the products they manufacture or distribute—there is no such limitation in the law because their duties cut across company lines. Thus, when these Defendants obtain information about the sales and distribution of other companies' opioid products, as they did through data mining companies like IMS Health, they were legally obligated to report that activity to the DEA.

> If morality and the law did not suffice, competition dictates that the RICO Supply Chain Defendants would turn in their rivals when they had reason to suspect suspicious activity. Indeed, if a manufacturer or distributor could gain market share by reporting a competitor's illegal behavior (causing it to lose a license to operate, or otherwise inhibit its activity), ordinary business conduct dictates that it would do so. Under the CSA this whistleblower or watchdog function is not only a protected choice, but a statutory mandate. Unfortunately, however, that is not what happened. Instead, knowing that investigations into potential diversion would only lead to shrinking markets, the Rico Supply Chain Defendants elected to operate in a conspiracy of silence, in violation of both the CSA and RICO.

The RICO Supply Chain Defendants' scheme required the participation of all. If any one member broke rank, its compliance activities would highlight deficiencies of the others, and the artificially high quotas they maintained through their scheme would crumble. But, if all the members of the enterprise conducted themselves in the same manner, it would be difficult for the DEA to go after any one of them. Accordingly, through the connections they made as a result of their participation in the Healthcare Distribution Alliance ('HAD' [sic]), the RICO Supply Chain Defendants chose to flout the closed system designed to protect the citizens. Publicly, in 2008, they announced their formulation of 'Industry Compliance Guidelines: Reporting Suspicious Orders and Prevention Diversion of Controlled Substances.' But, privately, the RICO Supply Chain Defendants refused to act and through their lobbying efforts, they collectively sought to undermine the impact of the CSA. Indeed, despite the issuance of these Industry Compliance Guidelines, which recognize these Defendants' duties under the law, as illustrated by the subsequent industry-wide enforcement actions and consent orders issued after that time, none of them complied. John Gray, President and CEO of the HDA said to Congress in 2014, it is 'difficult to find the right balance between proactive antidiversion efforts while not inadvertently limiting access to appropriately prescribed and dispensed medications.' Yet, the RICO Supply Chain Defendants apparently all found the same profit-maximizing balance -- intentionally remaining silent to ensure the largest possible financial return.

Complaint ¶¶ 851-853; *see also* Complaint ¶ 551 ("The Defendants also had reciprocal obligations under the CSA to report suspicious orders of other parties if they became aware of them. Defendants were thus collectively responsible for each other's compliance with their reporting obligations."); ¶¶ 552-53 ("Defendants thus knew that their own conduct could be reported by other distributors or manufacturers and that their failure to report suspicious orders they filled could be brought to the DEA's attention. As a result, Defendants had an incentive to communicate with each other about the reporting of suspicious orders to ensure consistency in their dealings with DEA. The desired consistency was achieved. As described below, none of the Defendants reported suspicious orders and the flow of opioids continued unimpeded."); ¶¶ 760-766 (describing Defendants' incentives to cooperate and their opportunities for doing so).

Second, the Complaint describes opportunities that Defendants had to communicate and cooperate further supports the inference that Defendants agreed on a common course of failing to report suspicious orders:

> In addition, Defendants worked together to achieve their common purpose through trade or other organizations, such as the Pain Care Forum ("PCF") and the HDA.

> The PCF has been described as a coalition of drug makers, trade groups and dozens of non-profit organizations supported by industry funding, including the Front Groups described in this Complaint.  The PCF recently became a national news story when it was discovered that lobbyists for members of the PCF quietly shaped federal and state policies regarding the use of prescription opioids for more than a decade.

> . . . .

> The Defendants who stood to profit from expanded prescription opioid use are members of and/or participants in the PCF. In 2012, membership and participating organizations included Endo, Purdue, Actavis and Cephalon. Each of the Marketing Defendants worked together through the PCF. But the Marketing Defendants were not alone. The Distributor Defendants actively participated, and continue to participate in the PCF, at a minimum, through their trade organization, the HDA. The Distributor Defendants participated directly in the PCF as well.

> Additionally, the HDA led to the formation of interpersonal relationships and an organization among the Defendants. Although the entire HDA membership directory is private, the HDA website confirms that each of the Distributor Defendants and several of the Marketing Defendants, including Actavis, Endo, Purdue, Mallinckrodt, and Cephalon, were members of the HAD.  Additionally, the HDA and each of the Distributor Defendants, eagerly sought the active membership and participation of the Marketing Defendants by advocating for the many benefits of members, including "strengthen[ing] . . . alliances."

> Beyond strengthening alliances, the benefits of HDA membership included the ability to, among other things, "network one on one with manufacturer executives at HDA's members-only Business and Leadership Conference," "networking with HDA wholesale distributor members," "opportunities to host and sponsor HDA Board of Directors events," "participate on HDA committees, task forces and working groups with peers and trading partners," and "make connections." Clearly, the HDA and the Defendants believed that membership in the HDA was an opportunity to create

8

interpersonal and ongoing organizational relationships and "alliances" between the Marketing and Distributor Defendants.

. . . .

The closed meetings of the HDA's councils, committees, task forces and working groups provided the Marketing and Distributor Defendants with the opportunity to work closely together, confidentially, to develop and further the common purpose and interests of the enterprise.

The HDA also offers a multitude of conferences, including annual business and leadership conferences. The HDA and the Distributor Defendants advertise these conferences to the Marketing Defendants as an opportunity to "bring together high-level executives, thought leaders and influential managers . . . to hold strategic business discussions on the most pressing industry issues." The conferences also gave the Marketing and Distributor Defendants "unmatched opportunities to network with [their] peers and trading partners at all levels of the healthcare distribution industry." The HDA and its conferences were significant opportunities for the Marketing and Distributor Defendants to interact at a high-level of leadership. It is clear that the Marketing Defendants embraced this opportunity by attending and sponsoring these events.

. . . .

The Distributor Defendants and Marketing Defendants also participated, through the HDA, in Webinars and other meetings designed to exchange detailed information regarding their prescription opioid sales, including purchase orders, acknowledgements, ship notices, and invoices. For example, on April 27, 2011, the HDA offered a Webinar to "accurately and effectively exchange business transactions between distributors and manufacturers . . . ." The Marketing Defendants used this information to gather high-level data regarding overall distribution and direct the Distributor Defendants on how to most effectively sell prescription opioids.

Taken together, the interaction and length of the relationships between and among the Marketing and Distributor Defendants reflects a deep level of interaction and cooperation between two groups in a tightly knit industry. The Marketing and Distributor Defendants were not two separate groups operating in isolation or two groups forced to work together in a closed system. Defendants operated together as a united entity, working together on multiple fronts, to engage in the unlawful sale of prescription opioids.

The HDA and the PCF are but two examples of the overlapping relationships, and concerted joint efforts to accomplish common goals and demonstrates that the leaders of each of the Defendants were in communication and cooperation.

9

*Summit* SAC ¶¶ 531-544.  The SAC includes footnotes providing evidentiary support for these allegations, including:

- Matthew Perrone & Ben Wieder, *Pro-Painkiller Echo Chamber Shaped Policy Amid Drug Epidemic*, The Ctr. for Pub. Integrity.[1]

- PAIN CARE FORUM 2012 Meetings Schedule, (last updated December 2011),  https://assets.documentcloud.org/documents/3108982/PAIN-CARE-FORUM-Meetings-Schedule-amp.pdf

- Executive Committee, Healthcare Distribution Alliance, https://www.healthcaredistribution.org/about/executive-committee (last accessed Apr. 25, 2018).

- Manufacturer Membership, Healthcare Distribution Alliance, https://www.healthcaredistribution.org/about/membership/manufacturer.

- *Business and Leadership Conference – Information for Manufacturers*, Healthcare Distribution Alliance, https://www.healthcaredistribution.org/events/2015-business-and-leadership-conference/blc-for-manufacturers

- *2015 Distribution Management Conference and Expo*, Healthcare Distribution Alliance, https://web.archive.org/web/20160119143358/https://www.healthcaredistribution.org/events/2015-distribution-management-conference.

More specifically, the Complaint explains:

Publications and guidelines issued by the HDA . . . confirm that the Defendants utilized their membership in the HDA to form agreements. Specifically, in the fall of 2008, the HDA published the Industry Compliance Guidelines: Reporting Suspicious Orders and Preventing Diversion of Controlled Substances (the "Industry Compliance Guidelines") regarding diversion. As the HDA explained in an amicus brief, the Industry Compliance Guidelines were the result of "[a] committee of HDMA members contribut[ing] to the development of this publication" beginning in late 2007.

This statement by the HDA and the Industry Compliance Guidelines support the allegation that Defendants utilized the HDA to form agreements about their approach to their duties under the CSA. As John M. Gray, President/CEO of the HDA stated to the Energy and Commerce

---

[1]  https://www.publicintegrity.org/2016/09/19/20201/pro-  painkiller-echo-chamber-shaped-policy-amid-drug-epidemic (last updated Dec. 15, 2016, 9:09 AM)

Subcommittee on Health in April 2014, is "difficult to find the right balance between proactive anti-diversion efforts while not inadvertently limiting access to appropriately prescribed and dispensed medications." Here, it is apparent that all of the Defendants found the same balance—an overwhelming pattern and practice of failing to identify, report or halt suspicious orders, and failure to prevent diversion.

*Summit* SAC at ¶¶ 545-546.

Third, deposition testimony so far has provided additional evidence that Defendants agreed among themselves not to report suspicious order.  For example, representations of CAH, MCK and ABDC have now all testified about policies with respect to halting shipment of suspicious orders prior to DEA enforcement actions in 2007.  This testimony shows that all three had the same policy:  all of them refused to halt shipments that were identified as suspicious because they were excessive. *See* Deposition of Chris Zimmerman (ABDC), at 110:16-22; 121:7-122:3; Deposition of Jennifer Norris (Cardinal), at 128:8-129:14; 130:7-14; 133:17-24; Deposition of Steve Reardon (Cardinal), at 240:14-242:4; Deposition of Nathan Hartle (McKesson), at 119:8-20; 130:22-131:5; Deposition of Blaine Snider (McKesson), at 50:9-12; 71:4-7.  Given that this approach was in direct violation of the law, it would be surprising if all three decided to adopt it independently.  Similarly, during that time period, ABDC, CAH and MCK all utilized the same tactic to identify suspicious orders using a threshold based system.  Witnesses for ABDC, CAH and MCK all testified that they used the same tactic for calculating thresholds by applying a 300% multiplier against average sales.  MCK, CAH and ABDC all testified that they used the same tactics to arrive at these thresholds by allegedly using DEA guidance from a document that was available on DEA's website.  *See* Deposition of Chris Zimmerman (ABDC), at 129:10-19; 132:8-133:22; Deposition of Jennifer Norris (Cardinal), at 134:15-23; 246:15-247:4; Deposition of Steve Reardon (Cardinal), at 440:10-442:16; Deposition of Blaine Snider (McKesson), at 67:1-21**.**  ABDC identified this document as the Chemical Handlers Manual, attached as Exhibit 4 to the Zimmerman deposition.  This document indicates that the 300% threshold – identified by CAH, MCK and ABDC as the

common tactic they used to form their thresholds – does not apply to schedule II or III drugs.  Instead it applies only to listed chemicals.  *See* Exhibit 4 to Zimmerman Deposition, at p. 43**.**  Nonetheless, all three of CAH, MCK, and ABDC managed to come up with the same misuse of the same guidance, again further evidence that their approach was the subject of an agreement.[2]  While it is certainly plausible that three different industry players might independently come up with the same "best practices" approach, where there is consensus and guidance about those "best practices," here CAH, MCK, and ABDC all came with a "worst practices" approach that failed to meet their statutory and regulatory obligations to implement a system to detect suspicious orders; investigate orders flagged as suspicious; and halt shipments pending investigation and clearance of suspicious orders.  These facts support the inference that they agreed on this approach among themselves.

Fourth, documentary evidence produced in discovery supports the inference that the Distributor Defendants agreed on a tactic of not reporting suspicious orders.  To date, the RICO Defendants have produced 13,110,844 documents, 2,284,887 of which were produced after the October 25 "substantial completion" date.  From the current production, which is growing on a daily basis, Plaintiffs have identified a subset, consisting of approximately 1,259,493 documents, that may provide information responsive to this Interrogatory.  Plaintiffs are actively engaged in the review of these documents.  To date, Plaintiffs have identified particular documents evidencing agreement among the Defendants.  The documents containing this information are the

---

[2] This should not be a surprise given that the National Wholesale Druggists' Association (NWDA) [predecessor entity to the HDA] provided members for the Suspicious Order Task Force that was convened in 1996 and issued a report in 1998.  (Notably, Doug Thompson, Sr., VP, Logistics, McKesson Corp. is listed as the organizational representative for the NWDA.)  Information regarding threshold calculations in the "guidance" contained in the Chemical Handlers' Manual was taken from the report of that Task Force.

following:      ABDCMDL00043412;    ABDCMDL00043401;    ABDCMDL00043355;
ABDCMDL00044026; ABDCMDL00043379; ABDCMDL00043504; ABDCMDL00043531;
ABDCMDL00044051; ABDCMDL00043699; ABDCMDL00043676; ABDCMDL00043880;
ABDCMDL00043865;         ACTAVIS0628811;          CAH_MDL2804_00133712;
PPLPC008000060819;   ALLERGAN_MDL_03744222;   ENDO-OPIOID_MDL-01056164;
Acquired_Actavis_01044944;    MNK-T1_0000574277;    MNK-T1_0000574362;    MNK-
T1_0000574570;        CAH_MDL2804_01659931;        CAH_MDL2804_01600111;
CAH_MDL2804_01773826;    CAH_MDL2804_02309085;    CAH_MDL2804_02309086;
CAH_MDL2804_02701372;    CAH_MDL2804_02701368;    PPLPC004000249167,
PPLPC004000249170, PPLPC004000244940, PPLPC004000245298, PPLPC004000245474,
MCKMDL00353308, PPLPC004000239934, INSYS-MDL-008625863, MCKMDL00353316,
CAH_MDL2804_02100389,       PPLPC004000317962,       INSYS-MDL-000292465,
PPLPC002000247542,        PPLPC018000152012,        PPLPC004000070901,
CAH_MDL2804_02103500.

Plaintiffs reserve this right to supplement this answer with additional information, as such information becomes available in discovery.

**Interrogatory 27:** Identify and describe each statement or omission relating to Prescription Opioids that were made or disseminated by any of the Manufacturer Defendants and that You allege the Distributor Defendants knew were false, misleading, unfair, deceptive or otherwise actionable and, for each, identify each specific Distributor Defendant who had such knowledge, explain the basis for your contention that it had such knowledge, state the specific act(s) or omission(s) that each Distributor Defendant took with such knowledge, and describe how such act(s) or omission(s) caused a quantifiable harm to You.

*Supplemental Response:*

Plaintiffs repeat and reassert their prior objections and adopt their prior responses to this Interrogatory. In addition, Plaintiffs respond as follows:

The Complaint does not allege that the Distributor Defendants knew that any of the statements made or disseminated by the Manufacturer Defendants were "false,

misleading, unfair, deceptive or otherwise actionable," and Plaintiffs do not at this time contend that they did. Plaintiffs, however, reserve the right to supplement this answer based on information learned in discovery and, in particular, to contend and prove that the Distributors, or any of them, did know that one or more of the statements made by the Manufacturer Defendants was false, misleading, unfair, deceptive, or otherwise actionable.

Dated: December 14, 2018

/s/ *Mark Pifko*

Mark Pifko
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Los Angeles, CA 91436
Tel.: 818-839-2333
Fax: 214-520-1181
mpifko@baronbudd.com

Stephen S. Zashin (Ohio Bar No. 0064557)
Ami J. Patel (Ohio Bar No.0078201)
Christopher S. Caspary (Ohio Bar No. 0091350)
ZASHIN & RICH CO. LPA
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Tel: 216-696-4441
Fax: 216-696-1618
ssz@zrlaw.com; ajp@zrlaw.com; cdc@zrlaw.com

Peter J. Mougey
Jeffrey Gaddy
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com; jgaddy@levinlaw.com

*Counsel for Plaintiff City of Cleveland*

Plevin & Gallucci
*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC
*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.
*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

By: */s/ Linda Singer*
Linda Singer
Joseph F. Rice
Jodi Westbrook Flowers
Anne McGinness Kearse
David I. Ackerman

Jeffrey C. Nelson
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: (202) 232-5504

## APPENDIX A

| | | | |
|---|---|---|---|
| ENDO-CHI_LIT-00135229 | ENDO-CHI_LIT-00190616 | ACTAVIS1136380 | ACTAVIS1136382 |
| ACTAVIS1146770 | ACTAVIS0241855 | ACTAVIS0628811 | ABDCMDL00000362 |
| ABDCMDL00002232 | ABDCMDL00002233 | ABDCMDL00002234 | ABDCMDL00002235 |
| ABDCMDL00002237 | ABDCMDL00002238 | ABDCMDL00002239 | ABDCMDL00002240 |
| ABDCMDL00002241 | ABDCMDL00002242 | ABDCMDL00002243 | ABDCMDL00002244 |
| ABDCMDL00002245 | ABDCMDL00002246 | ABDCMDL00002247 | ABDCMDL00002248 |
| ABDCMDL00002985 | ABDCMDL00003505 | ABDCMDL00003506 | ABDCMDL00003507 |
| ABDCMDL00003508 | ABDCMDL00003509 | ABDCMDL00003510 | JAN-MS-00000011 |
| ALLERGAN_MDL_00636218 | JAN-MS-00285119 | JAN-MS-00398651 | JAN-MS-00399216 |
| JAN-MS-00399217 | JAN-MS-00419203 | JAN-MS-00419205 | JAN-MS-00671398 |
| JAN-MS-00934458 | JAN-MS-00986085 | JAN-MS-00986088 | JAN-MS-00988156 |
| JAN-MS-02134709 | JAN-MS-02134710 | JAN-MS-02134720 | MCKMDL00332932 |
| ALLERGAN_MDL_01006518 | ALLERGAN_MDL_01096184 | ALLERGAN_MDL_01096210 | ALLERGAN_MDL_01144584 |
| ALLERGAN_MDL_01144589 | ALLERGAN_MDL_01144600 | PPLP003477009 | MNK-T1_0000264096 |
| MNK-T1_0000264386 | MNK-T1_0000268892 | MNK-T1_0000273471 | MNK-T1_0000273559 |
| MNK-T1_0000273563 | MNK-T1_0000273579 | MNK-T1_0000273876 | MNK-T1_0000273878 |
| MNK-T1_0000274154 | MNK-T1_0000274156 | MNK-T1_0000275197 | MNK-T1_0000275223 |
| MNK-T1_0000275258 | MNK-T1_0000275259 | MNK-T1_0000275304 | MNK-T1_0000278806 |
| MNK-T1_0000279203 | MNK-T1_0000280965 | MNK-T1_0000281324 | MNK-T1_0000281399 |
| MNK-T1_0000281402 | MNK-T1_0000281808 | MNK-T1_0000281810 | MNK-T1_0000281817 |
| MNK-T1_0000281819 | MNK-T1_0000281824 | MNK-T1_0000281829 | MNK-T1_0000281860 |
| MNK-T1_0000282916 | MNK-T1_0000282919 | MNK-T1_0000283646 | MNK-T1_0000284131 |
| MNK-T1_0000284133 | MNK-T1_0000284150 | MNK-T1_0000284178 | MNK-T1_0000284181 |

| | | | |
|---|---|---|---|
| MNK-T1_0000284183 | MNK-T1_0000285843 | MNK-T1_0000285848 | MNK-T1_0000285856 |
| MNK-T1_0000285861 | MNK-T1_0000285865 | MNK-T1_0000285869 | MNK-T1_0000288985 |
| MNK-T1_0000288988 | MNK-T1_0000289325 | MNK-T1_0000289327 | MNK-T1_0000289401 |
| MNK-T1_0000289402 | MNK-T1_0000289404 | MNK-T1_0000290441 | MNK-T1_0000290447 |
| MNK-T1_0000290456 | MNK-T1_0000290467 | MNK-T1_0000290469 | MNK-T1_0000290706 |
| MNK-T1_0000291420 | MNK-T1_0000291422 | MNK-T1_0000291424 | MNK-T1_0000291426 |
| MNK-T1_0000291428 | MNK-T1_0000291430 | MNK-T1_0000291432 | MNK-T1_0000108980 |
| MNK-T1_0000299576 | MNK-T1_0000299578 | MNK-T1_0000337947 | MNK-T1_0000364969 |
| MNK-T1_0000364974 | MNK-T1_0000364986 | MNK-T1_0000365003 | MNK-T1_0000365010 |
| MNK-T1_0000365017 | MNK-T1_0000365019 | MNK-T1_0000365021 | MNK-T1_0000365028 |
| MNK-T1_0000365035 | MNK-T1_0000370543 | MNK-T1_0000370544 | MNK-T1_0000370545 |
| MNK-T1_0000370548 | MNK-T1_0000370550 | MNK-T1_0000370860 | MNK-T1_0000370861 |
| MNK-T1_0000370863 | MNK-T1_0000370867 | MNK-T1_0000384168 | MNK-T1_0000384383 |
| MNK-T1_0000384503 | MNK-T1_0000387057 | MNK-T1_0000387060 | MNK-T1_0000387061 |
| MNK-T1_0000391965 | MNK-T1_0000392073 | MNK-T1_0000490852 | MNK-T1_0000490854 |
| MNK-T1_0000504343 | MNK-T1_0000504348 | MNK-T1_0000506114 | ALLERGAN_MDL_01240583 |
| INSYS-MDL-005959045 | END00742812 | EPI001047898 | EPI001059511 |
| EPI001178687 | EPI001460811 | INSYS-MDL-006972647 | ALLERGAN_MDL_01373076 |
| ALLERGAN_MDL_01373077 | ALLERGAN_MDL_01373080 | ALLERGAN_MDL_01373082 | PPLP003518651 |
| PPLP003985532 | PPLP003985546 | PPLP003985549 | PPLP003985559 |
| PPLP003985564 | PPLP003985592 | PPLP003985595 | PPLP003985631 |
| PPLP003985635 | PPLP003985638 | PPLP003985641 | PPLP003985644 |
| PPLP003985647 | PPLP003985654 | PPLP003985761 | PPLP004019275 |
| PPLP004019279 | PPLP004021333 | PPLP004021406 | PPLP004021595 |
| PPLP004021661 | PPLP004021664 | PPLP004022118 | PPLP004022788 |
| PPLP004046400 | PPLP004046402 | PPLP004046943 | PPLP004046945 |

| | | | |
|---|---|---|---|
| PPLP004052910 | PPLP004052994 | PPLP004054309 | PPLP004055295 |
| PPLP004065294 | PPLP004066024 | PPLP004067046 | PPLP004067085 |
| PPLP004067125 | PPLP004070667 | MNK-T1_0000559532 | MNK-T1_0000562387 |
| MNK-T1_0000574277 | MNK-T1_0000574362 | MNK-T1_0000574561 | MNK-T1_0000574570 |
| CAH_MDL_PRIORPROD_DEA12_00011236 | CAH_MDL_PRIORPROD_DEA12_00013537 | CAH_MDL_PRIORPROD_DEA07_00827658 | CAH_MDL_PRIORPROD_DEA07_00827999 |
| CAH_MDL_PRIORPROD_DEA07_00828000 | CAH_MDL_PRIORPROD_DEA07_00828011 | CAH_MDL_PRIORPROD_DEA07_00828013 | CAH_MDL_PRIORPROD_DEA07_00828015 |
| CAH_MDL_PRIORPROD_DEA07_00828016 | CAH_MDL_PRIORPROD_DEA07_00828024 | CAH_MDL_PRIORPROD_DEA07_00828033 | CAH_MDL_PRIORPROD_DEA07_00828632 |
| CAH_MDL_PRIORPROD_DEA07_00836417 | CAH_MDL_PRIORPROD_DEA07_00842131 | CAH_MDL_PRIORPROD_DEA07_00864782 | CAH_MDL_PRIORPROD_DEA07_00864791 |
| CAH_MDL_PRIORPROD_DEA07_00875100 | CAH_MDL_PRIORPROD_DEA07_00875774 | CAH_MDL_PRIORPROD_DEA07_00877471 | CAH_MDL_PRIORPROD_DEA07_00880890 |
| CAH_MDL_PRIORPROD_DEA07_00881076 | CAH_MDL_PRIORPROD_DEA07_00945280 | CAH_MDL_PRIORPROD_DEA07_00945283 | CAH_MDL_PRIORPROD_DEA07_01009393 |
| CAH_MDL_PRIORPROD_DEA07_01009397 | CAH_MDL_PRIORPROD_DEA07_01109162 | CAH_MDL_PRIORPROD_DEA07_01109278 | CAH_MDL_PRIORPROD_DEA07_01147688 |
| CAH_MDL_PRIORPROD_DEA07_01147690 | CAH_MDL_PRIORPROD_DEA07_00109299 | CAH_MDL_PRIORPROD_DEA07_00110665 | CAH_MDL_PRIORPROD_DEA07_00322751 |
| CAH_MDL_PRIORPROD_DEA07_00322764 | CAH_MDL_PRIORPROD_DEA07_02741169 | CAH_MDL_PRIORPROD_DEA07_02767203 | ABDCMDL00043355 |
| ABDCMDL00043504 | ABDCMDL00043531 | ABDCMDL00043555 | CAH_MDL_PRIORPROD_DEA07_01195604 |
| CAH_MDL_PRIORPROD_DEA07_01204244 | CAH_MDL_PRIORPROD_DEA07_01204246 | CAH_MDL_PRIORPROD_DEA07_02048161 | CAH_MDL_PRIORPROD_DEA07_02463052 |
| ENDO-OPIOID_MDL-00410894 | MCKMDL00403682 | MCKMDL00403830 | MCKMDL00403832 |
| MCKMDL00405140 | MCKMDL00405141 | MCKMDL00405143 | MCKMDL00405217 |
| PDD8901530511 | MCKMDL00411729 | MCKMDL00427152 | MCKMDL00427153 |
| ABDCMDL00156449 | ABDCMDL00156450 | ABDCMDL00156582 | ABDCMDL00156881 |

| | | | |
|---|---|---|---|
| ABDCMDL00158126 | ABDCMDL00158144 | ABDCMDL00158148 | ABDCMDL00158158 |
| ABDCMDL00158159 | ABDCMDL00158200 | ABDCMDL00158205 | ABDCMDL00158209 |
| ABDCMDL00158272 | ABDCMDL00158274 | ABDCMDL00158789 | ABDCMDL00158811 |
| ABDCMDL00158812 | ABDCMDL00158978 | ABDCMDL00159423 | ABDCMDL00160553 |
| ABDCMDL00160724 | ABDCMDL00161284 | ABDCMDL00161642 | ABDCMDL00163113 |
| ABDCMDL00163695 | ABDCMDL00165415 | ABDCMDL00168364 | ABDCMDL00168368 |
| ABDCMDL00168384 | ABDCMDL00168385 | ABDCMDL00168407 | ABDCMDL00168408 |
| ABDCMDL00168421 | ABDCMDL00168422 | ABDCMDL00169508 | ABDCMDL00169535 |
| ABDCMDL00169537 | ABDCMDL00047017 | ABDCMDL00047018 | ABDCMDL00049370 |
| ABDCMDL00049371 | ABDCMDL00049372 | ABDCMDL00137131 | ABDCMDL00137132 |
| ABDCMDL00137134 | ABDCMDL00137136 | ABDCMDL00137137 | ABDCMDL00137138 |
| ABDCMDL00137139 | ABDCMDL00139026 | ABDCMDL00139028 | ABDCMDL00139640 |
| ABDCMDL00139642 | ABDCMDL00143401 | ABDCMDL00143458 | ABDCMDL00144221 |
| ABDCMDL00144223 | ABDCMDL00144225 | ABDCMDL00144226 | ABDCMDL00144227 |
| ABDCMDL00144230 | MNK-T1_0000661691 | MNK-T1_0000661693 | MNK-T1_0000661694 |
| MNK-T1_0000661697 | TEVA_MDL_A_00711125 | MNK-T1_0000861184 | MNK-T1_0000866405 |
| MNK-T1_0000874105 | PKY180255880 | PKY181715440 | PKY182076760 |
| PKY182693157 | MCKMDL00453798 | MCKMDL00453800 | MCKMDL00454900 |
| MCKMDL00454901 | MCKMDL00477223 | MCKMDL00477225 | MCKMDL00477226 |
| MCKMDL00477228 | ALLERGAN_MDL_01843703 | CAH_MDL2804_00134146 | CAH_MDL2804_00134155 |
| CAH_MDL2804_00134160 | CAH_MDL2804_00134162 | CAH_MDL2804_00134169 | CAH_MDL2804_00134170 |
| CAH_MDL2804_00134182 | CAH_MDL2804_00134186 | CAH_MDL2804_00134204 | CAH_MDL2804_00134222 |
| CAH_MDL2804_00134223 | CAH_MDL2804_00134252 | CAH_MDL2804_00134270 | CAH_MDL2804_00134271 |
| CAH_MDL2804_00134275 | MCKMDL00487018 | MCKMDL00487022 | ABDCMDL00178019 |

| | | | |
|---|---|---|---|
| ABDCMDL00246615 | ABDCMDL00251549 | ABDCMDL00264107 | ABDCMDL00264273 |
| ABDCMDL00264532 | ABDCMDL00264534 | ABDCMDL00264535 | ABDCMDL00264801 |
| ABDCMDL00265208 | ABDCMDL00266099 | ABDCMDL00266101 | ABDCMDL00266910 |
| ABDCMDL00268674 | ABDCMDL00269695 | ABDCMDL00273195 | ABDCMDL00273196 |
| ABDCMDL00273208 | ABDCMDL00273779 | ABDCMDL00275046 | ABDCMDL00275057 |
| ABDCMDL00275235 | ABDCMDL00275283 | ABDCMDL00275438 | ABDCMDL00276562 |
| ABDCMDL00276578 | ABDCMDL00278062 | ABDCMDL00278865 | ABDCMDL00278949 |
| ABDCMDL00279854 | ML00012982 | ML00012980 | MCKMDL00498022 |
| MCKMDL00498023 | MCKMDL00498099 | MCKMDL00498221 | MCKMDL00498773 |
| MCKMDL00498775 | MCKMDL00498776 | MCKMDL00498777 | MCKMDL00498786 |
| MCKMDL00498802 | MCKMDL00498841 | MCKMDL00498842 | MCKMDL00498846 |
| MCKMDL00516132 | MCKMDL00516332 | MCKMDL00517039 | MCKMDL00519779 |
| MCKMDL00519781 | TEVA_MDL_A_01086999 | MCKMDL00535550 | MCKMDL00535659 |
| MCKMDL00535830 | MCKMDL00535831 | MCKMDL00536016 | MCKMDL00536017 |
| MCKMDL00536065 | MCKMDL00536067 | MCKMDL00536077 | MCKMDL00536119 |
| MCKMDL00536121 | MCKMDL00536129 | MCKMDL00536159 | MCKMDL00536186 |
| MCKMDL00536235 | MCKMDL00536254 | MCKMDL00536288 | MCKMDL00536290 |
| MCKMDL00536292 | MCKMDL00536335 | MCKMDL00536350 | MCKMDL00536356 |
| MCKMDL00536361 | MCKMDL00536363 | MCKMDL00536373 | MCKMDL00536407 |
| MCKMDL00536408 | MCKMDL00536414 | MCKMDL00536416 | MCKMDL00536418 |
| MCKMDL00536419 | MCKMDL00536426 | MCKMDL00536427 | MCKMDL00536435 |
| MCKMDL00536436 | MCKMDL00536540 | MCKMDL00537088 | MCKMDL00537089 |
| MCKMDL00537090 | MCKMDL00537091 | MCKMDL00537195 | MCKMDL00538072 |
| MCKMDL00538958 | MCKMDL00538962 | MCKMDL00539067 | JAN-MS-02964984 |
| JAN-MS-02965360 | JAN-MS-02966806 | ML00055624 | ML00072239 |
| TEVA_MDL_A_01130622 | MCKMDL00542161 | MCKMDL00542163 | MCKMDL00543734 |
| MCKMDL00545161 | MCKMDL00545165 | MCKMDL00545341 | MCKMDL00545342 |
| MCKMDL00545535 | MCKMDL00546587 | MCKMDL00546653 | MCKMDL00546655 |
| MCKMDL00546785 | MCKMDL00546788 | MCKMDL00547638 | MCKMDL00549243 |
| MCKMDL00550350 | MCKMDL00553458 | ALLERGAN_MDL_02128065 | ALLERGAN_MDL_02128067 |
| ALLERGAN_MDL_02166054 | ALLERGAN_MDL_02166058 | MNK-T1_0001009598 | SFC00012443 |
| PDD1505110001 | ALLERGAN_MDL_02176488 | ALLERGAN_MDL_02467348 | ALLERGAN_MDL_02467662 |

| | | | |
|---|---|---|---|
| HDA_MDL_000003432 | HDA_MDL_000003955 | HDA_MDL_000004350 | HDA_MDL_000004823 |
| HDA_MDL_000005183 | HDA_MDL_000005266 | TEVA_MDL_A_01453598 | TEVA_MDL_A_01453601 |
| TEVA_MDL_A_01453620 | TEVA_MDL_A_01453623 | TEVA_MDL_A_01453638 | TEVA_MDL_A_01453770 |
| TEVA_MDL_A_01453866 | TEVA_MDL_A_01453868 | TEVA_MDL_A_01453898 | TEVA_MDL_A_01453899 |
| TEVA_MDL_A_01453994 | TEVA_MDL_A_01453996 | TEVA_MDL_A_01454702 | TEVA_MDL_A_01456731 |
| TEVA_MDL_A_01456732 | TEVA_MDL_A_01457293 | TEVA_MDL_A_01457782 | TEVA_MDL_A_01463479 |
| TEVA_MDL_A_01463487 | TEVA_MDL_A_01463501 | TEVA_MDL_A_01463513 | TEVA_MDL_A_01463710 |
| TEVA_MDL_A_01463717 | TEVA_MDL_A_01463721 | TEVA_MDL_A_01463746 | TEVA_MDL_A_01464010 |
| TEVA_MDL_A_01464163 | TEVA_MDL_A_01464387 | TEVA_MDL_A_01464388 | TEVA_MDL_A_01464395 |
| TEVA_MDL_A_01465343 | TEVA_MDL_A_01465344 | HDA_MDL_000006613 | HDA_MDL_000006616 |
| HDA_MDL_000006621 | HDA_MDL_000006623 | HDA_MDL_000006625 | HDA_MDL_000006626 |
| HDA_MDL_000006683 | HDA_MDL_000006691 | HDA_MDL_000006693 | HDA_MDL_000006694 |
| HDA_MDL_000006789 | HDA_MDL_000006791 | HDA_MDL_000007152 | HDA_MDL_000007153 |
| HDA_MDL_000007154 | HDA_MDL_000007155 | HDA_MDL_000008713 | HDA_MDL_000008716 |
| HDA_MDL_000010836 | HDA_MDL_000014815 | HDA_MDL_000014961 | HDA_MDL_000015060 |
| HDA_MDL_000015062 | HDA_MDL_000015102 | ENDO-OPIOID_MDL-01453789 | ENDO-OPIOID_MDL-01475255 |
| HDA_MDL_000015814 | HDA_MDL_000015815 | HDA_MDL_000015897 | HDA_MDL_000016111 |
| HDA_MDL_000019845 | HDA_MDL_000020020 | MNK-T1_0001125972 | MNK-T1_0001139112 |
| MNK-T1_0001139113 | MNK-T1_0001139118 | MCKMDL00556584 | MCKMDL00556586 |
| MCKMDL00556587 | MCKMDL00556589 | MCKMDL00556631 | MCKMDL00556633 |
| MCKMDL00558910 | HDA_MDL_000022934 | TEVA_MDL_A_02063833 | TEVA_MDL_A_02063834 |
| TEVA_MDL_A_02063938 | TEVA_MDL_A_02246859 | ABDCMDL00295006 | ENDO-OPIOID_MDL-02219844 |
| ENDO- | ENDO- | ENDO- | HDA_MDL_000024 |

| | | | |
|---|---|---|---|
| OPIOID_MDL-02219847 | OPIOID_MDL-02219848 | OPIOID_MDL-02292634 | 886 |
| HDA_MDL_000024887 | HDA_MDL_000024888 | HDA_MDL_000024889 | HDA_MDL_000024908 |
| HDA_MDL_000024929 | HDA_MDL_000025173 | HDA_MDL_000025323 | HDA_MDL_000025372 |
| HDA_MDL_000025373 | HDA_MDL_000025432 | HDA_MDL_000025436 | HDA_MDL_000025437 |
| HDA_MDL_000025438 | HDA_MDL_000025439 | HDA_MDL_000025483 | HDA_MDL_000025696 |
| HDA_MDL_000025697 | HDA_MDL_000025859 | HDA_MDL_000025860 | HDA_MDL_000025949 |
| HDA_MDL_000025950 | HDA_MDL_000026185 | HDA_MDL_000026187 | HDA_MDL_000026445 |
| HDA_MDL_000026447 | HDA_MDL_000026449 | HDA_MDL_000026456 | HDA_MDL_000026494 |
| HDA_MDL_000026512 | HDA_MDL_000026524 | HDA_MDL_000026527 | AAPA_00026010 |
| MCKMDL00575490 | MCKMDL00578069 | JAN-MS-02984629 | JAN-MS-02987650 |
| JAN-MS-02987651 | PPLP004266075 | PPLP004269875 | PPLP004269876 |
| PPLP004283591 | PPLP004285445 | PPLP004285954 | PPLP004285957 |
| PPLP004285965 | PPLP004285967 | PPLP004285968 | PPLP004285972 |
| PPLP004285978 | PPLP004285979 | PPLP004287450 | PPLP004300216 |
| PPLP004301234 | PPLP004301237 | PPLP004303456 | PPLP004325477 |
| MNK-T1_0001806100 | MNK-T1_0001806101 | PPLPC004000132508 | PPLPC004000132946 |
| PPLPC004000139384 | PPLPC004000147352 | PPLPC004000182848 | PPLPC004000183479 |
| PPLPC004000209315 | PPLPC004000246752 | PPLPC004000255951 | PPLPC004000272658 |
| PPLPC004000286561 | PPLPC004000287172 | PPLPC004000287173 | PPLPC004000287176 |
| PPLPC004000287179 | PPLPC004000287188 | PPLPC004000287191 | PPLPC004000287194 |
| PPLPC004000287198 | PPLPC004000287201 | PPLPC004000287204 | PPLPC004000287207 |
| PPLPC004000287349 | PPLPC004000287383 | PPLPC004000287387 | PPLPC004000287411 |
| PPLPC004000287415 | PPLPC004000287541 | PPLPC004000287575 | PPLPC004000287592 |
| PPLPC004000287596 | PPLPC004000290274 | PPLPC004000290276 | PPLPC004000290292 |
| PPLPC004000291793 | PPLPC004000291797 | PPLPC004000291802 | PPLPC004000291805 |
| PPLPC004000291180 | PPLPC004000291181 | PPLPC004000291196 | PPLPC004000291196 |

| 9 | 8 | 4 | 8 |
|---|---|---|---|
| PPLPC004000298209 | PPLPC004000307295 | PPLPC004000310913 | PPLPC004000312717 |
| PPLPC004000312722 | PPLPC004000312747 | PPLPC004000312760 | PPLPC004000312923 |
| PPLPC004000312931 | PPLPC004000316917 | PPLPC004000325342 | PPLPC004000325359 |
| PPLPC004000325369 | PPLPC004000325494 | PPLPC004000325504 | PPLPC004000325594 |
| PPLPC004000327631 | PPLPC004000346615 | PPLPC004000363664 | PPLPC004000363674 |
| PPLPC004000363704 | PPLPC004000363728 | PPLPC004000363740 | PPLPC004000363746 |
| PPLPC004000363824 | ENDO-OPIOID_MDL-02787843 | ENDO-OPIOID_MDL-02795079 | ENDO-OPIOID_MDL-02795081 |
| ENDO-OPIOID_MDL-02813419 | ENDO-OPIOID_MDL-02813421 | ENDO-OPIOID_MDL-02813573 | MCKMDL00586574 |
| MCKMDL00586751 | MCKMDL00586798 | MCKMDL00586952 | MCKMDL00590051 |
| MCKMDL00590138 | MCKMDL00590197 | MCKMDL00590200 | MCKMDL00590203 |
| ABDCMDL00301700 | E01_00014630 | E01_00031608 | E01_00008003 |
| E01_00008364 | E513_00005376 | E513_00023314 | E513_00023330 |
| E513_00023520 | E513_00023531 | E513_00087838 | E513_00088620 |
| PPLPC008000040845 | PPLPC008000040847 | PPLPC008000040989 | PPLPC008000042168 |
| PPLPC008000049842 | PPLPC008000052858 | PPLPC008000052859 | PPLPC008000053428 |
| PPLPC008000053429 | PPLPC008000059682 | PPLPC008000059725 | PPLPC008000059730 |
| PPLPC008000059733 | PPLPC008000059737 | PPLPC008000059746 | PPLPC008000059766 |
| PPLPC008000059770 | PPLPC008000059775 | PPLPC008000059778 | PPLPC008000059782 |
| PPLPC008000059791 | PPLPC008000060564 | PPLPC008000060573 | PPLPC008000060581 |
| PPLPC008000062792 | PPLPC008000062807 | PPLPC008000062816 | PPLPC008000064072 |
| PPLPC008000064078 | PPLPC008000064085 | PPLPC008000064098 | PPLPC008000064111 |
| PPLPC010000040519 | PPLPC010000040523 | PPLPC010000040527 | PPLPC012000074232 |
| PPLPC012000338436 | PPLPC013000280382 | PPLPC014000017920 | ABDCMDL00307744 |
| PPLPC016000001108 | CAH_MDL2804_008 | CAH_MDL2804_008 | CAH_MDL2804_008 |

| 5 | 12909 | 12911 | 24045 |
|---|---|---|---|
| CAH_MDL2804_008 51292 | CAH_MDL2804_008 55757 | CAH_MDL2804_008 55970 | CAH_MDL2804_008 55992 |
| CAH_MDL2804_008 56925 | CAH_MDL2804_008 79572 | CAH_MDL2804_008 83107 | CAH_MDL2804_008 88665 |
| CAH_MDL2804_009 16951 | CAH_MDL2804_009 54965 | CAH_MDL2804_009 54969 | CAH_MDL2804_010 05903 |
| CAH_MDL2804_010 07171 | CAH_MDL2804_010 67205 | CAH_MDL2804_010 67218 | CAH_MDL2804_010 67222 |
| CAH_MDL2804_010 88992 | CAH_MDL2804_010 88994 | CAH_MDL2804_010 92127 | CAH_MDL2804_010 92227 |
| CAH_MDL2804_011 10712 | CAH_MDL2804_011 10714 | CAH_MDL2804_011 10752 | CAH_MDL2804_011 10755 |
| CAH_MDL2804_011 10774 | PPLPC01700005932 2 | PPLPC01700050503 7 | PPLPC01700078247 9 |
| Anda_Opioids_MDL _0000281624 | PAR_OPIOID_MDL _0000009576 | PAR_OPIOID_MDL _0000009577 | MCKMDL00612053 |
| PAR_OPIOID_MDL _0000034624 | PAR_OPIOID_MDL _0000034625 | PAR_OPIOID_MDL _0000034660 | PAR_OPIOID_MDL _0000034664 |
| PAR_OPIOID_MDL _0000034668 | PAR_OPIOID_MDL _0000034669 | PAR_OPIOID_MDL _0000034679 | PAR_OPIOID_MDL _0000034699 |
| PAR_OPIOID_MDL _0000034723 | PAR_OPIOID_MDL _0000034729 | PAR_OPIOID_MDL _0000035398 | ALLERGAN_MDL_ 03358162 |
| ALLERGAN_MDL_ 03358164 | TEVA_MDL_A_064 41369 | TEVA_MDL_A_064 42134 | TEVA_MDL_A_064 42137 |
| TEVA_MDL_A_064 42140 | TEVA_MDL_A_065 31603 | TEVA_MDL_A_065 31616 | TEVA_MDL_A_055 08891 |
| PPLPC01900005463 9 | PPLPC01900006693 5 | PPLPC01900013851 | PPLPC01900019108 9 |
| PPLPC01900020313 6 | PPLPC01900021659 5 | PPLPC01900024761 3 | PPLPC01900024761 4 |
| PPLPC01900024897 8 | PPLPC01900027493 8 | PPLPC01900053677 9 | PPLPC01900056877 6 |
| PPLPC01900056884 3 | PPLPC01900060569 8 | PPLPC01900109151 6 | PPLPC01900120624 4 |
| PPLPC01900125138 8 | PPLPC01900130543 3 | PPLPC01900137240 1 | PPLPC01900139533 5 |
| PPLPC01900139715 9 | PPLPC01900140882 7 | HDS_MDL_0008557 5 | HDS_MDL_0008660 8 |
| HDS_MDL_0008662 2 | HDS_MDL_0008662 6 | HDS_MDL_0008729 6 | HDS_MDL_0008730 1 |
| HDS_MDL_0008962 9 | HDS_MDL_0008963 0 | HDS_MDL_0008963 6 | HDS_MDL_0008965 2 |
| HDS_MDL_0008965 6 | HDS_MDL_0009030 1 | HDS_MDL_0009178 5 | HDS_MDL_0009305 4 |
| HDS_MDL_0009316 | HDS_MDL_0009338 | HDS_MDL_0009410 | HDS_MDL_0009547 |

| 7 | 0 | 2 | 1 |
|---|---|---|---|
| HDS_MDL_00095473 | HDS_MDL_00095901 | HDS_MDL_00095903 | HDS_MDL_00095906 |
| HDS_MDL_00097866 | HDS_MDL_00097868 | HDS_MDL_00098600 | ENDO-OPIOID_MDL-04063441 |
| TEVA_MDL_A_06618679 | TEVA_MDL_A_06787911 | Acquired_Actavis_00657203 | PPLPC020000041649 |
| PPLPC021000009244 | PPLPC021000028121 | PPLPC021000028122 | PPLPC021000048569 |
| PPLPC021000048571 | PPLPC021000049085 | PPLPC020000170641 | PPLPC020000171366 |
| PPLPC020000181114 | PPLPC020000217248 | PPLPC022000024918 | PPLPC021000075244 |
| PPLPC023000030857 | PPLPC022000044024 | PPLPC022000044026 | PPLPC022000045250 |
| PPLPC022000045283 | PPLPC022000048569 | PPLPC022000048570 | PPLPC020000373597 |
| PPLPC022000068847 | PPLPC022000070018 | PPLPC022000073906 | PPLPC022000078456 |
| PPLPC021000170588 | PPLPC021000177004 | PPLPC020000504011 | PPLPC020000504492 |
| PPLPC020000506823 | PPLPC020000506864 | PPLPC022000164736 | PPLPC022000183486 |
| PPLPC021000223204 | PPLPC021000223207 | PPLPC020000593125 | PPLPC023000294452 |
| PPLPC021000290541 | PPLPC023000312551 | PPLPC023000395690 | PPLPC021000374415 |
| PPLPC021000390196 | PPLPC021000397248 | PPLPC021000418005 | PPLPC022000444362 |
| PPLPC022000451044 | PPLPC022000516752 | PPLPC022000559513 | PPLPC022000560403 |
| PPLPC020000962696 | MCKMDL00629193 | MCKMDL00634410 | MCKMDL00634412 |
| PPLPC020001124663 | PPLPC020001150997 | PPLPC020001151103 | PPLPC021000835607 |
| ABDCMDL00314835 | CAH_MDL2804_01356261 | CAH_MDL2804_01356263 | CAH_MDL2804_01356264 |
| CAH_MDL2804_01406072 | CAH_MDL2804_01406170 | CAH_MDL2804_01521412 | CAH_MDL2804_01659930 |
| CAH_MDL2804_01659931 | CAH_MDL2804_01724114 | CAH_MDL2804_01724159 | CAH_MDL2804_01724160 |
| CAH_MDL2804_01724190 | CAH_MDL2804_01773826 | PPLPC018000055542 | PPLPC018000057350 |
| PPLPC018000057352 | PPLPC018000058115 | PPLPC018000058116 | PPLPC018000058125 |

| | | | |
|---|---|---|---|
| PPLPC018000069737 | PPLPC018000069738 | PPLPC018000099901 | PPLPC018000193779 |
| PPLPC018000200323 | PPLPC018000219506 | PPLPC018000233248 | PPLPC018000251374 |
| PPLPC018000254377 | PPLPC018000306787 | PPLPC018000328855 | PPLPC018000385701 |
| PPLPC018000414747 | PPLPC018000419140 | PPLPC018000509334 | PPLPC018000540232 |
| PPLPC018000540311 | PPLPC018000563118 | PPLPC018000571621 | PPLPC018000571622 |
| PPLPC018001235557 | PPLPC018001260082 | PPLPC018001320410 | PPLPC018001445458 |
| PPLPC018001447423 | PPLPC018001447428 | PPLPC018001472592 | PPLPC018001476480 |
| PPLPC018001476482 | PPLPC018001476486 | PPLPC018001477198 | MNK-T1_0002300075 |
| HDS_MDL_00174044 | HDS_MDL_00187243 | HDS_MDL_00190680 | HDS_MDL_00192210 |
| HDS_MDL_00225990 | HDS_MDL_00225993 | HDS_MDL_00226272 | HDS_MDL_00246207 |
| TEVA_MDL_A_07080636 | PPLPC025000072555 | PPLPC025000072742 | PPLPC025000077902 |
| PPLPC025000078648 | PPLPC025000078728 | PPLPC025000078729 | PPLPC025000078739 |
| PPLPC024000121386 | Acquired_Actavis_00904866 | JAN-MS-03062709 | ABDCMDL00320468 |
| ABDCMDL00320472 | ABDCMDL00320473 | ABDCMDL00321427 | ABDCMDL00321686 |
| PAR_OPIOID_MDL_0000350884 | PAR_OPIOID_MDL_0000358728 | CAH_MDL2804_02130307 | CAH_MDL2804_02153203 |
| CAH_MDL2804_02153205 | CAH_MDL2804_02299756 | CAH_MDL2804_02309086 | CAH_MDL2804_02407632 |
| CAH_MDL2804_02407755 | CAH_MDL2804_02467269 | CAH_MDL2804_02467271 | CAH_MDL2804_02471223 |
| CAH_MDL2804_02527595 | CAH_MDL2804_02534915 | CAH_MDL2804_02701368 | CAH_MDL2804_02701372 |
| CAH_MDL2804_02701671 | CAH_MDL2804_02701672 | CAH_MDL2804_02701678 | CAH_MDL2804_02841323 |
| ALLERGAN_MDL_03536260 | PAR_OPIOID_MDL_0001041087 | PAR_OPIOID_MDL_0001041162 | PAR_OPIOID_MDL_0001060096 |
| PAR_OPIOID_MDL_0001060097 | PAR_OPIOID_MDL_0001060823 | PAR_OPIOID_MDL_0001060825 | PPLP004369268 |
| PPLP004369320 | PPLP004369327 | PPLP004369333 | PPLP004369351 |
| PPLP004369500 | PPLP004369529 | PPLP004369583 | PPLP004370033 |
| PPLP004370188 | PPLP004370274 | PPLP004370586 | PPLP004371671 |
| PPLP004371675 | PPLP004372055 | PPLP004372076 | PPLP004372079 |

| | | | |
|---|---|---|---|
| PPLP004372091 | PPLP004372097 | PPLP004372108 | PPLP004372111 |
| PPLP004372122 | PPLP004372126 | PPLP004372136 | PPLP004372143 |
| PPLP004372147 | PPLP004372150 | PPLP004372158 | PPLP004372163 |
| PPLP004372170 | PPLP004372585 | PPLP004372598 | PPLP004373118 |
| PPLP004373300 | PPLP004373991 | PPLP004376509 | PPLP004376811 |
| PPLP004376850 | PPLP004376910 | PPLP004377153 | PPLP004377179 |
| PPLP004377193 | PPLP004377216 | PPLP004377397 | PPLP004379025 |
| PPLP004379174 | PPLP004379445 | PPLP004379805 | PPLP004379823 |
| PPLP004379840 | PPLP004379850 | PPLP004380553 | PPLP004380613 |
| PPLP004381102 | PPLP004381156 | PPLP004381221 | PPLP004381240 |
| PPLP004381260 | PPLP004381263 | PPLP004381269 | PPLP004381281 |
| PPLP004381294 | PPLP004381303 | PPLP004381309 | PPLP004381385 |
| PPLP004381389 | PPLP004381503 | PPLP004381669 | PPLP004381671 |
| PPLP004381692 | PPLP004381744 | PPLP004382082 | PPLP004382159 |
| PPLP004382176 | PPLP004382189 | PPLP004382232 | PPLP004382243 |
| PPLP004382258 | PPLP004382265 | PPLP004382288 | PPLP004382309 |
| PPLP004382726 | PPLP004382736 | PPLP004384719 | PPLP004384747 |
| PPLP004385307 | PPLP004385310 | PPLP004385312 | PPLP004385367 |
| PAR_OPIOID_MDL_0001252760 | PPLPC026000018590 | PPLPC026000018594 | PPLPC026000024500 |
| PPLPC026000024761 | PPLPC026000024762 | PPLPC026000024781 | PPLPC026000024783 |
| PPLPC026000024878 | PPLPC026000025308 | PPLPC026000025314 | PPLPC026000025315 |
| PPLPC026000025317 | PPLPC026000025324 | PPLPC026000027263 | PPLPC026000035450 |
| PPLPC026000043171 | PPLPC026000064783 | PPLPC026000064814 | PPLPC026000066153 |
| PPLPC026000070822 | PPLPC026000071648 | PPLPC026000083713 | PPLPC026000085708 |
| PPLPC026000087658 | PPLPC026000088111 | PPLPC026000091284 | PPLPC026000093800 |
| PPLPC026000094204 | PPLPC026000095870 | PPLPC026000096243 | PPLPC026000098389 |
| PPLPC026000100638 | PPLPC026000100748 | PPLPC026000101637 | PPLPC026000105927 |
| PPLPC026000105936 | PPLPC026000105943 | PPLPC026000111265 | PPLPC026000111277 |
| HDS_MDL_00404793 | HDS_MDL_00404796 | ABDCMDL00358610 | PPLPC028000116436 |
| PPLPC028000203819 | PPLPC028000233524 | PPLP004396800 | PPLP004396802 |
| PPLP004396804 | PPLP004396805 | PPLP004396809 | PPLP004396815 |
| PPLP004396820 | PPLP004396821 | Acquired_Actavis_01177377 | Acquired_Actavis_01177379 |

| | | | |
|---|---|---|---|
| Acquired_Actavis_01177457 | Acquired_Actavis_01177538 | Acquired_Actavis_01180554 | Acquired_Actavis_01180555 |
| Acquired_Actavis_01180557 | Acquired_Actavis_01289144 | Acquired_Actavis_01303886 | Acquired_Actavis_01303887 |
| Acquired_Actavis_01303890 | Acquired_Actavis_01384980 | Acquired_Actavis_01384983 | Acquired_Actavis_01450963 |
| Acquired_Actavis_01451474 | Acquired_Actavis_01692439 | PAR_OPIOID_MDL_0001355513 | PPLPC031000217374 |
| PPLPC031000217376 | PPLPC031000220167 | PPLPC031000221766 | PPLPC031000221768 |
| PAR_OPIOID_MDL_0001425447 | PPLPC032000015778 | PPLPC032000388420 | MNK-T1_0005650829 |
| MCKMDL00649999 | MCKMDL00651559 | MCKMDL00651560 | MCKMDL00651561 |
| Acquired_Actavis_02049007 | Acquired_Actavis_02150725 | PPLPC034000490026 | MCKMDL00652420 |
| MCKMDL00652423 | MCKMDL00652446 | MCKMDL00652447 | MCKMDL00652683 |
| HDA_MDL_000042481 | HDA_MDL_000042483 | HDA_MDL_000042484 | HDA_MDL_000052021 |
| PPLPC035000002200 | TEVA_MDL_A_09768138 | TEVA_MDL_A_09772234 | TEVA_MDL_A_09772235 |
| TEVA_MDL_A_09772237 | TEVA_MDL_A_09772241 | | |

29

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of December, 2018, the foregoing has been served via email only to the Defendants in this action via the following listserv email address designated by Defendants pursuant to Special Master Cohen's September 17, 2018 Order Concerning Service in Track One Cases (Dkt. No. 983):

xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

/s/Mark Pifko
Mark Pifko
*On behalf of Co-Lead Counsel and the*
*Plaintiffs' Executive Committee*