# EXHIBIT 35

Page 1

1

2

3

4

5

6

7

8

9

10

11

12

13  National Prescription Opiate Litigation Discovery

14  Teleconference

15  2019.07.18 Discovery Telecon-Portenoy

16

17

18

19

20

21

22

23

24

25

Page 2

1                    SPECIAL MASTER DAVID COHEN: Okay. Well,

2    thank you all for getting together on the phone

3    today. And I guess that the subject at the moment

4    is Dr. Portenoy's deposition. And I tried to kind

5    of give some guidance on a few of the issues. And

6    I know that the parties have been--well, I assume

7    the parties have been chatting a little bit about

8    how to make all this work.

9                    So, I'll let you bring up the issues as

10   you see them to the extent that they still need

11   to be resolved, and whoever wants to start can go

12   ahead and start.

13                    AMY LUCAS: I think it might make sense-

14   -this is Amy Lucas from O'Melveny for the

15   Defendant--I think it might make sense for me to

16   start.

17                    SPECIAL MASTER DAVID COHEN: That's

18   fine.

19                    AMY LUCAS: Your guidance says... Sorry,

20   what was that?

21                    SPECIAL MASTER DAVID COHEN: That's

22   fine, go ahead. I said that's fine, go ahead.

23                    AMY LUCAS: We wanted to, first and

24   foremost, just make sure that the record is clear

25   about the timing issue and any suggestions delay.

Page 3

1    Because we disagree on that front, which I don't

2    know that it'll impact where we net out. But--

3                    SPECIAL MASTER DAVID COHEN: Go ahead.

4                    AMY LUCAS: From--since April 26th, when

5    Judge Polster's order came out, we were right in

6    the middle of expert deposition. And then close

7    to seeing claim effects for depos went beyond

8    April. Then we went right into 90 expert

9    depositions and reports from the defense. Then we

10   went right into 13 [UNINTEL] and nearly 30

11   summary judgment motions at the end of June.

12                    So, I think--I don't know, I think I

13   speak on behalf--at least of all the defendants,

14   that it's been completely nonstop, can't come up

15   for air. That being said, and Polster's ordered

16   this day you can take a late deposition, you

17   still have six months, you just need adequate

18   time to prepare for trial.

19                    That being said, given the cross-

20   noticing issues, which we may have some

21   disagreement depending on where Mark is coming

22   out on what he intends to do with Dr. Portenoy.

23   We're fine with the April 15th and 16th dates.

24                    SPECIAL MASTER DAVID COHEN: You mean

25   August, but go ahead.

```
                                                      Page 4

 1                      AMY LUCAS: Sorry, yes. Actually, April

 2     2020 is fine, too.

 3                      WOMAN 1: That works for me.

 4                      AMY LUCAS: August 15th and 16th dates

 5     we will accept. So, I think, from our

 6     perspective, the only issue to discuss is the

 7     scope of the cross notices and the view for the

 8     Oklahoma transcript.

 9                      On the scope of cross noticing, we

10     don't have issues or objections to non-MDL state

11     plaintiff being afforded the right to cross-

12     notice and come in and ask their questions. Where

13     we--

14                      WOMAN 1: Amy, wait, hold on, I'm sorry.

15     You cut out for like a second and this is really

16     important so I want to make sure I hear you

17     correctly. You said--sorry, go ahead, can you say

18     that again?

19                      AMY LUCAS: We don't have objection to

20     non-MDL parties having an opportunity to ask

21     their questions for their state case. Where--this

22     is where it depends on what Mark has in mind--we

23     would have objection to the MDL Track 1

24     Plaintiffs coming in and taking--asking questions

25     for several reasons.
```

1          Number one, the order from Judge

2     Polster specifically says that this is a sanction

3     and it's Defendant's deposition. Number two, they

4     already have a declaration. And, number three,

5     they have a contractual obligation from Dr.

6     Portenoy to come in and provide live trial

7     testimony, which the contract says they will then

8     seek to use that live reported testimony in other

9     cases.

10          So, I'll stop there and maybe I'll let

11     Mark respond, and then we can talk about the

12     Oklahoma depo transfer.

13          WOMAN 1: Sorry, if I may, I'm the

14     attorney for the witness. I would object because

15     to [UNINTEL] Cohen's point, it is my

16     understanding that there is a 215 deposition of

17     one or more of the [UNINTEL] taken by the

18     Kentucky Attorney General's Office, which I had

19     absolutely nothing to do with any of this, that

20     Perdu said that Plaintiff should not be able to

21     retread on. And Plaintiff accepted that, to my

22     understanding.

23          So, I mean, I think that--to that

24     point, that this should be, as [UNINTEL] Cohen

25     said, every effort should be made to make this

1   Dr. Portenoy's only deposition both in and

2   outside the MBL. And I would ask that I think the

3   entirety of the Oklahoma deposition should be

4   used and retreading by anyone should be

5   discouraged.

6                   AMY LUCAS: So, I think what you're

7   raising is a different issue. The retreading

8   issue in our [UNINTEL] separate.

9                   WOMAN 1: In my [UNINTEL] way, there are

10  two issues in there. One of them is, I think,

11  everybody to be able to ask him questions, and

12  I'm willing to be flexible in terms of timing in

13  order to make that happen. So that Dr. Portenoy's

14  only subject to deposition one time. But everyone

15  has a full and fair opportunity to propose to

16  him.

17                   And then, secondly, which we can table,

18  I would want to retread considering the entirety

19  of those Oklahoma depositions. But we can take

20  them one at a time.

21                   AMY LUCAS: I think maybe Mark can find

22  a way--or Ackerman--

23                   DAVID ACKERMAN: This is David--yeah,

24  Amy, let me go. This is David Ackerman. And let

25  me address the point you've made about the MBL

1  plaintiffs. Though, obviously, we would object to

2  any deposition that would go forward where the

3  Plaintiffs would not have the opportunity to

4  question the witness, you know, to address the

5  three points that you made, first of all, I don't

6  think your reading of Judge Polster's April 26th

7  order is correct. What Judge Polster said is that

8  the failure to disclose was not harmless because

9  there was still plenty of time in which

10  Defendants could take a deposition, and that the

11  sanction was not the deposition; the sanction is

12  that Plaintiffs had to pay the reasonable

13  attorneys' fees up to $100,000. That's the

14  sanction. The sanction has nothing to do with who

15  could question Dr. Portenoy, when they could

16  question Dr. Portenoy, or about what they could

17  question Dr. Portenoy.

18                    So, your argument is based on an over-

19  reading of Judge Polster's order. The fact that

20  there is a declaration means absolutely nothing

21  as to whether or not we can ask questions at a

22  deposition, nor does any contractual agreement.

23  There will be--we will want the opportunity to

24  cross-examination Dr. Portenoy, who you have

25  noticed for a deposition. And just like any

Page 8

1  deposition that goes on in this case and just

2  like every deposition that has gone on in this

3  case, the Plaintiffs are entitled to an

4  opportunity to cross-examine a witness who the

5  Defendants have questioned.

6           AMY LUCAS: Now, do you have--just so

7  Special Cohen has it in his mind and he

8  understands what the parties' positions are--do

9  you have in mind a cross that is limited to the

10  scope of the Defendant's examination, or do you

11  have in mind a trial cross or a trial examination

12  of Dr. Portenoy? Because those two things are not

13  necessarily the same thing at all.

14           DAVID ACKERMAN: That's something that I

15  have to confer with my co-counsel about. I'm not

16  prepared at this point to tell you what type of

17  questioning we want to do, although maybe if Mark

18  Menear is on and wants to weigh in, he can.

19           MARK MENEAR: Thank you. Special Master

20  Cohen, this is Mark Menear. I come at this from a

21  perspective of someone who's starting trial in a

22  few months--actually, it's April now. It got

23  bumped. In the Viox case. It's the last one left.

24  I tried the first Viox case in 2005, so I'll be

25  trying this 15 years after that.

Page 9

1                    And what we've learned as we've been
2   preparing it is that so many of these
3   depositions, the witnesses have long since died
4   and we're playing depositions we never dreamed
5   we'd be playing as depositions. Any time you've
6   got a witness like Dr. Portenoy and we've got a
7   chance to take his deposition, I think it defies
8   common sense to raffle that deposition into a box
9   where the limitations are put on counsel for
10  being able to ask and take a good, clean, clear
11  deposition that can be played in the event of
12  witness unavailability.
13                   And so if we're going to take Dr.
14  Portenoy's deposition here, it would be my
15  contention that you should parcel out time, as
16  you've done in other depositions, and the parties
17  can use that time however they see fit, and the
18  parties can take the deposition as they see fit.
19                   Certainly there is a danger in using
20  your time to retread over old testimony that's
21  available somewhere else. But by the same token,
22  in the interest of trying to get a deposition
23  that will flow well for the jury in the event the
24  doctor is unavailable to testify live, sometimes
25  it's critical to do that because you can't very

Page 10

```
 1    well play a video deposition of a doctor and then

 2    say, okay, at this point we're going to break the

 3    deposition because I want to read this sentence

 4    from the Oklahoma testimony, and then we'll pick

 5    back up. That's an absurdity that makes a mockery

 6    of our technology and ability.

 7                      So, yes, I think there's a need to play

 8    a good, clean deposition, which means you've got

 9    to have the freedom to ask those questions. And

10    my suggestion to you would be that you complete

11    it. Divide up the time as you see fit, as you've

12    done countless depositions thus far, and if

13    necessary, you can preside over the deposition

14    and the parties can use their time as they see

15    fit.

16                      AMY LUCAS: So, if I may respond before

17    we move on from this, to what David Ackerman said

18    about the order, there's at least five references

19    to the deposition going forward in that order.

20    And every single one of them says that the

21    Defendant will be able to take it and there's

22    absolutely no reference to the Plaintiff.

23                      And I cannot believe that the order was

24    meant to function as a reward of some kind, so

25    the Plaintiff's allowed them after everything
```

Page 11

1    occurred to--in addition to having the

2    declaration, in addition to having the [UNINTEL]

3    to use the Oklahoma deposition--to then have a

4    third bite at the apple by getting the trial

5    deposition of Dr. Portenoy.

6                        So, I think that is not remotely the

7    intent of the order and we strenuously object to

8    any suggestion that this sanction--to provide

9    Plaintiffs with that tactical advantage. So,

10   that's that. In terms of the Oklahoma--

11                       WOMAN 1: Can I jump in to clarify

12   something for a moment? Amy, did you just say

13   that it's been ruled that the Oklahoma deposition

14   is admissible in the MDL?

15                       AMY LUCAS: No, I said to the extent.

16                       WOMAN 1:  Oh, okay. Go ahead.

17                       AMY LUCAS: The militating factor that I

18   think is pretty key here is if you look at the

19   agreement between the MDL Plaintiff--and I do

20   appreciate, Mark, that you were not here when all

21   of this happened back in January and February--

22   the agreement says that Dr. Portenoy agrees to

23   provide testimony in the event that any of the

24   cases in the pending or anticipated litigation go

25   to trial. And then at the end of the quad, that

1  the Plaintiff will seek to use Dr. Portenoy's

2  recorded trial testimony thereafter.

3                    So, what Mark's talking about--I

4  understand that he would like a good, clean piece

5  of testimony, but that is contemplated

6  specifically between Dr. Portenoy and the

7  Plaintiff as happening at trial.

8                    SPECIAL MASTER DAVID COHEN: Do you want

9  to respond, Mark, to that last point?

10                   MARK MENEAR: Yeah, absolutely. I think

11 under the federal rules, I'm not allowed to play

12 his deposition at trial if he is available. I'm

13 only allowed to play his deposition if he is not

14 available. So, I'd be taking his deposition--my

15 definition, because I don't anticipate him being

16 available at trial. Perhaps if he's available,

17 the deposition does not get played and there is

18 zero bias, prejudice, or effect to the Defendant

19 for me having been able to take that clean

20 deposition.

21                   I'm not allowed under the rules to play

22 the deposition unless he's unavailable. But if he

23 is unavailable, if he's--the last case I tried,

24 the woman got hit by a car and was unavailable to

25 testify. An expert. If something happens, God

```
                                                              Page 13
 1    forbid, and he is not available to testify, then

 2    I've got a deposition.

 3                        So, she set up a strawman here by

 4    saying that I've got to put him on live. If I

 5    agree I do have to put him on live and if I'm

 6    doing that, then the fact that I took a

 7    deposition has zero harm to the Defendant. If,

 8    however, he is for some reason not able to go

 9    online, then the fact that I did not take a

10    complete deposition is an extreme prejudice to

11    the Plaintiff. I mean, to me, I would like the

12    opportunity to use my time as I see fit, if you

13    are so disposed to give us time.

14                        AMY LUCAS: If I might respond to that

15    point, which is somewhat new? What I think Mark's

16    saying is exactly proving my point about the

17    third bite at the apple. Because under the

18    contract, he's going to provide testimony at

19    trial and they're going to use that recorded

20    testimony going forward.

21                        If, as Mark said, he's not available in

22    the MDL trial--like, God forbid, he gets run over

23    by a bus--they have the Oklahoma deposition,

24    which has already been locked in, and we would

25    have no objection to that being played. But what
```

```
                                                Page 14
 1    he's--

 2                      DAVID ACKERMAN: Well, hold on.

 3                      AMY LUCAS: But he's testifying here,

 4    what he's contemplating is, in fact, the third

 5    bite at the apple. Because he wants both the

 6    deposition and the MDL, and the ability to call

 7    him at trial.

 8                      DAVID ACKERMAN: Special Master Cohen,

 9    this is David Ackerman. Just to be clear. The

10    Oklahoma deposition, while we think it's helpful,

11    is not a substitute. It's not a deposition that

12    was taken by counsel in this case. And to say

13    that the counsel in this case is not entitled to

14    ask questions of Dr. Portenoy because some

15    counsel in another case already asked questions

16    is certainly beyond, I think, any ruling that has

17    already gone on in this case.

18                      SPECIAL MASTER DAVID COHEN: Why don't

19    we go to the second issue, I guess, which is the

20    Oklahoma dep?

21                      MAN 1: Yeah, and I think we're there.

22    The question is in terms of streamlining the

23    deposition, whether Defendants should be entitled

24    to revisit subjects they have already--that they,

25    Defendants, Janson in particular, who was a
```

1    Defendant in Oklahoma, have already questioned

2    Dr. Portenoy on.

3                        And this is what Ms. Spencer was

4    referring to earlier, which is that when we were

5    talking about the deposition of Richard Sackler

6    and setting ground rules for that, one of the

7    things that Perdu was adamant about was that

8    Plaintiffs not retread and make it simply a

9    duplicate of that 2015 deposition in the Kentucky

10   AG's case.

11                       We believe that same concept applies

12   here. You know, Defendants have been adamant

13   about cross-noticing depositions wherever they

14   can and insisting that people don't get deposed

15   twice. They are now seeking to depose a witness

16   twice, and in some respects they should be bound

17   by their prior questions and testimony the

18   elicited.

19                       AMY LUCAS: I think I'm having a little

20   bit of trouble understanding what the Plaintiff's

21   position is on the Oklahoma depo. I understand

22   that they don't want retreading, and we actually

23   don't have a big problem with that unless there's

24   some reason to cover slightly similar ground. We

25   don't--there's no real objection there.

```
                                            Page 16

 1                 Where there is an objection... Well,

 2      I'll stop there and I would like maybe David to

 3      explain what they want to do with the Oklahoma

 4      transcript. Because it seems as if he and Mark

 5      were saying somewhat different things. That David

 6      wants the Oklahoma deposition in because he

 7      doesn't want anybody to retread, but Mark does

 8      not because he wants to ask his own questions.

 9                 MARK MENEAR: Yeah, Judge, Mark Menear

10      here, and with due respect to David, who's just

11      an incredible lawyer and is properly articulating

12      what he has been prepared to articulate, I will,

13      as trial counsel, call an audible on this. And

14      say from my perspective, I ought to be able to

15      use my time as I see fit to ask the questions I

16      think are most pertinent to the trial that we'll

17      be doing in Federal Court in Cleveland, which is

18      very different than the trial with the limited

19      defendants and the limited perspective of

20      Oklahoma.

21                 And I think I ought to have the freedom

22      to do that. And I think the good [UNINTEL] rule

23      engages here, and I think the Defendants, once

24      you carved up the time, ought to have the freedom

25      to ask a deposition--whatever they want to cover
```

Page 17

1   in such a way that they need to make theirs flow

2   well for trial if, God forbid, this witness is

3   not available to come to trial.

4                So, I'm going to audible on what David

5   was saying, because I think it's only fair for

6   both sides to be able to do that. You're very

7   careful with the time you a lot and we're big

8   girls and boys and we ought to be able to choose

9   how to use that time in the way that is most

10   targeted for what we've got coming up. And that's

11   our position, please.

12                SPECIAL MASTER DAVID COHEN: So, here's

13   my inclination, and let's assume that this is how

14   I rule. I'm wondering what then the parties would

15   ask. My inclination is to just let it be wide

16   open. Defendants can ask anything they want

17   including retreading prior grounds. Defendants

18   can ask anything they want, regardless of the

19   fact that they have a declaration.

20                Let's just open it all up, give you all

21   enough time, including the cross-noticing to ask

22   this fellow anything that you want about anything

23   you want, and let's just have it all in one nice

24   clean package in one place. No restrictions

25   except for the time element. You can ask whatever

```
                                              Page 18
 1    you want.

 2                      This is a little bit different from

 3    Sackler. Not much but a little. And, frankly, if

 4    I had to redo Sackler, I think I would've opened

 5    it up. And part of what happened with Sackler was

 6    that the parties came to an agreement. But there

 7    is no agreement here. And so that's what I'm

 8    thinking.

 9                      The question then becomes, all right,

10    so, what do you all need? How much time does

11    everybody need? How much time should everybody

12    get, given--

13                      AMY LUCAS: Well, I think, Special

14    Master Cohen, this is Amy Lucas. I think that if

15    that's the ground rules by which we might be

16    playing, then the defense group as a whole--I can

17    speak for the defense for only so much. And

18    unlike Mark, who has the luxury of making

19    decision unilaterally, I have a group of 100 or

20    so people with pitchforks if I say the wrong

21    thing.

22                      SPECIAL MASTER DAVID COHEN: I

23    understand.

24                      AMY LUCAS: So, what I would say is if

25    that's going to be the rule, we need to go back
```

Page 19

1   and think about it and whether or not--since this

2   is--the whole thing is instigated by Defendants

3   noticing the deposition. And the only reason we

4   have this right is because of the order--whether

5   or not to even exercise that right.

6                  SPECIAL MASTER DAVID COHEN: I'm not

7   sure I understand the last thing you're saying.

8   That you might choose not to dispose him at all?

9                  AMY LUCAS: Correct. And then if Mark

10  wants to call him live, then we cross them.

11                 SPECIAL MASTER DAVID COHEN: Well,

12  that's some strategery that you're free to

13  undertake. What do you need? A couple days to

14  think about it?

15                 AMY LUCAS: I think so.

16                 SPECIAL MASTER DAVID COHEN: Well, I

17  think that's what we should do. Because I do

18  think that that's the best way to wrap all of

19  this up and just give everybody a fair chance to

20  find out what they need to find out.

21                 With regard to Portenoy, as to all

22  Defendants, I think Oklahoma was a bit of a

23  carve-out and incomplete. And so, really, it

24  seems to me that the most fair thing to do for

25  everybody is to let everybody ask whatever they

Page 20

1   want and use it however they want.

2                          And if you choose not to do that, if

3   Defendants choose not to do that knowing that

4   that means that Plaintiffs can call Dr. Portenoy

5   and have him at trial with all the rights and

6   limitations that that implicates, then that's

7   fine, that's Defendant's choice.

8                          And I understand also that Defendants

9   speak with many voices and, therefore, need some

10  time to think about that.

11                         AMY LUCAS: Right.

12                         SPECIAL MASTER DAVID COHEN: If it does

13  go forward, I think it needs to go forward on

14  those dates, 8-15 and 16, I think it needs to go

15  forward in New York, I think it probably needs to

16  go forward for a couple days but that's part of

17  what I'm still trying to understand. And

18  Defendants can come back to me and say, yes, we

19  do want to take it and here's what we think is

20  fair for the number of hours. I think that's

21  everything that needs to be decided. I'm happy to

22  attend, if you need me to be there; if you don't,

23  I'm happy not to.

24                         AMY SPENCER: This is Amy Spencer.

25  Special Master Cohen, because I am significantly

Page 21

1    less experienced at these--I have an [UNINTEL] of

2    the other deposition that it sounds like

3    Plaintiff's counsel and defense counsel have

4    participated in. The only one that I've done in

5    this series of cases is Oklahoma and I haven't

6    cross-noticed. That was entirely, to your point,

7    an entirely a different situation that was not

8    cross-noticed.

9                    If you would indulge me and kind of

10   give me a sense, I guess, a couple things. I

11   would need enough time to give just to cross-

12   notice it, both in the MDL and outside of the

13   MDL. And depending on when we actually determine

14   whether this is going to take place and what it's

15   going to look like, I am fine with August 15th

16   and 16th if that gives me enough time to cross-

17   notice it. If it doesn't, then I would ask to

18   push it out to the 22nd and 23rd for that purpose

19   only.

20                   And then, two, in terms of allotting

21   time, I think--you know, I had envisioned--and

22   maybe this is something that Amy, you and David

23   or Mark and I can talk about offline--but if the

24   defendants get a certain amount of time--MDL

25   defendants get a certain amount of time, MDL

Page 22

1   claimants get a certain amount of time, and then

2   kind of everybody else outside the MDL after

3   that, is that ballpark? Is that right?

4                    SPECIAL MASTER DAVID COHEN: Ballpark,

5   yes. I think that, if possible, it would simply

6   be all plaintiffs and all defendants. I mean, the

7   defendants within and without the MDL I think are

8   uniform. Plaintiffs within and without the MDL

9   are largely uniform.

10                   And so I would hope that there wouldn't

11  have to be kind of four entities that are

12  undertaking questions. There could be two or

13  maybe 2-1/2. But, you're right, that that's

14  something you all will just have to kind of work

15  out, I think.

16                   AMY SPENCER: Okay.

17                   SPECIAL MASTER DAVID COHEN: For

18  example, maybe I say--and I'm just making these

19  numbers up--in fact, I won't even make up

20  numbers. Defendants get X hours, plaintiffs get Y

21  hours. As to the proportion of X and Y that are

22  given to MDL versus non-MDL, you guys figure it

23  out, if you can, and I'll choose. Something like

24  that.

25                   AMY SPENCER: Yeah.

1                    MARK MENEAR: That makes sense, Judge.

2    Mark Menear here again. That makes a lot of

3    sense. And I'll represent to you and to the

4    defendants to the extent that it helps them, I

5    think that there's a good chance by the end of

6    July that, for example, the Texas judge will be

7    picking the Texas case to go to trial as a

8    bellwether. I also think that the odds are it's

9    going to be my case picked.

10                   But to the extent that there would be a

11   Texas lawyer at least wanting to ask questions,

12   it's me. And so I can't speak for the other

13   states yet at this point, but I suspect I can

14   corral everybody to where I'll be doing the

15   questioning for all. We'll certainly be able to

16   figure it out without much trouble.

17                   SPECIAL MASTER DAVID COHEN: So, that

18   devolves back into the question of how much time

19   you need. And I don't really know the rules from

20   state to state on how much time is necessary. If

21   this is scheduled for August 15th, I mean, I

22   assume you have to work backwards. If this is

23   scheduled for August 15th and 16th, by when do

24   you need to know from the Defendants whether or

25   not this is going to occur, so that you can get

Page 24

1    your cross-noticing done? And if anybody else

2    knows the answer to that question to the extent

3    that Amy doesn't, chime in.

4                    MARK MENEAR: If they could tell us

5    within a week, it would sure help us.

6                    AMY LUCAS: Yeah, I think we can get

7    that done within a week for sure.

8                    SPECIAL MASTER DAVID COHEN: I'm hopeful

9    that you can get it done even by COB tomorrow or

10   by COB Monday.

11                   AMY LUCAS: Yeah, that's my intent.

12                   AMY SPENCER: I was going to say Monday

13   for a couple reasons. Amy Spencer. Monday for a

14   couple reasons. One, as I said, full disclosure,

15   I have not cross-noticed a deposition in this

16   case yet so--but it is my understanding that is

17   quite involved and labor-intensive. And so I

18   would need to get started on that ASAP. So, yeah,

19   I would say close of business Monday.

20                   SPECIAL MASTER DAVID COHEN: Can we do

21   Friday? I mean, look, it's thumbs up or thumbs

22   down. You're either going to do it or you're not.

23   It's not like you have to decide.

24                   AMY LUCAS: Special Master, the only

25   wrinkle in that is tomorrow, Friday, is the day

Page 25

1    that the parties are supposed to file an enormous

2    amount of very highly confusing materials

3    that...there's words for it. But all right, let's

4    go with Monday, close of business, and we'll aim

5    for tomorrow.

6                    SPECIAL MASTER DAVID COHEN: Starts with

7    a C, rhymes with truck.

8                    AMY LUCAS: Yes.

9                    SPECIAL MASTER DAVID COHEN: Yeah. Even

10   Saturday. As soon as possible.

11                   AMY LUCAS: Understood.

12                   SPECIAL MASTER DAVID COHEN: And then if

13   it's going to go forward, then the tedious

14   process of cross-noticing can begin. Okay.

15                   AMY LUCAS: All right.

16                   SPECIAL MASTER DAVID COHEN: What else?

17   Anything else? Any other issues I can help you

18   with today?

19                   MAN 1: Not for Plaintiffs, Judge.

20                   AMY LUCAS: Not from Dr. Portenoy's

21   perspective either. Thank you, Your Honor.

22                   SPECIAL MASTER DAVID COHEN: All right,

23   well, good luck with filing things tomorrow. I

24   know it's not going to be easy. It's just where

25   we end up being with what the Sixth circuit said.

Page 26

1    Even though it's been agreed to by the parties

2    the best way it's going to go forward, it sure is

3    complicated. Just what we've got. Okay,

4    everybody, thank you all.

5                    SEVERAL: Thank you.

6                    SPECIAL MASTER DAVID COHEN: Bye bye.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 27

1                    C E R T I F I C A T I O N

2

3    I, Sonya Ledanski Hyde, certify that the

4    foregoing transcript is a true and accurate

5    record of the proceedings.

6

7

8

9    *Sonya M. Ledanski Hyde*

10

11   Veritext Legal Solutions

12   330 Old Country Road

13   Suite 300

14   Mineola, NY 11501

15

16   Date: July 22, 2019

17

18

19

20

21

22

23

24

25

**[1 - chance]**                                                                                      Page 1

| **1** |
| --- |

**1** 4:3,14,23 5:13
6:9 11:11,16
14:21 25:19
**100** 18:19
**100,000** 7:13
**11501** 27:14
**12151** 27:9
**13** 3:10
**15** 8:25
**15th** 3:23 4:4
21:15 23:21,23
**16** 20:14
**16th** 3:23 4:4
21:16 23:23

| **2** |
| --- |

**2-1/2** 22:13
**2005** 8:24
**2015** 15:9
**2019** 27:16
**2019.07.18** 1:15
**2020** 4:2
**215** 5:16
**22** 27:16
**22nd** 21:18
**23rd** 21:18
**26th** 3:4 7:6

| **3** |
| --- |

**30** 3:10
**300** 27:13
**330** 27:12

| **8** |
| --- |

**8-15** 20:14

| **9** |
| --- |

**90** 3:8

| **a** |
| --- |

**ability** 10:6 14:6
**able** 5:20 6:11
9:10 10:21 12:19

13:8 16:14 17:6,8
23:15
**absolutely** 5:19
7:20 10:22 12:10
**absurdity** 10:5
**accept** 4:5
**accepted** 5:21
**accurate** 27:4
**ackerman** 6:22,23
6:24 8:14 10:17
14:2,8,9
**adamant** 15:7,12
**addition** 11:1,2
**address** 6:25 7:4
**adequate** 3:17
**admissible** 11:14
**advantage** 11:9
**afforded** 4:11
**agree** 13:5
**agreed** 26:1
**agreement** 7:22
11:19,22 18:6,7
**agrees** 11:22
**ag's** 15:10
**ahead** 2:12,22,22
3:3,25 4:17 11:16
**aim** 25:4
**air** 3:15
**allotting** 21:20
**allowed** 10:25
12:11,13,21
**amount** 21:24,25
22:1 25:2
**amy** 2:13,14,19,23
3:4 4:1,4,14,19
6:6,21,24 8:6
10:16 11:12,15,17
13:14 14:3 15:19
18:13,14,24 19:9
19:15 20:11,24,24
21:22 22:16,25

24:3,6,11,12,13,24
25:8,11,15,20
**answer** 24:2
**anticipate** 12:15
**anticipated** 11:24
**anybody** 16:7 24:1
**apple** 11:4 13:17
14:5
**applies** 15:11
**appreciate** 11:20
**april** 3:4,8,23 4:1
7:6 8:22
**argument** 7:18
**articulate** 16:12
**articulating** 16:11
**asap** 24:18
**asked** 14:15
**asking** 4:24
**assume** 2:6 17:13
23:22
**attend** 20:22
**attorney** 5:14,18
**attorneys'** 7:13
**audible** 16:13 17:4
**august** 3:25 4:4
21:15 23:21,23
**available** 9:21
12:12,14,16,16
13:1,21 17:3

| **b** |
| --- |

**back** 10:5 11:21
18:25 20:18 23:18
**backwards** 23:22
**ballpark** 22:3,4
**based** 7:18
**behalf** 3:13
**believe** 10:23
15:11
**bellwether** 23:8
**best** 19:18 26:2

**beyond** 3:7 14:16
**bias** 12:18
**big** 15:23 17:7
**bit** 2:7 15:20 18:2
19:22
**bite** 11:4 13:17
14:5
**bound** 15:16
**box** 9:8
**boys** 17:8
**break** 10:2
**bring** 2:9
**bumped** 8:23
**bus** 13:23
**business** 24:19
25:4
**bye** 26:6,6

| **c** |
| --- |

**c** 25:7 27:1,1
**call** 14:6 16:13
19:10 20:4
**can't** 3:14 9:25
23:12
**car** 12:24
**careful** 17:7
**carve** 19:23
**carved** 16:24
**case** 4:21 8:1,3,23
8:24 12:23 14:12
14:13,15,17 15:10
23:7,9 24:16
**cases** 5:9 11:24
21:5
**certain** 21:24,25
22:1
**certainly** 9:19
14:16 23:15
**certify** 27:3
**chance** 9:7 19:19
23:5

[chatting - duplicate]                                                    Page 2

**chatting**  2:7
**chime**  24:3
**choice**  20:7
**choose**  17:8 19:8
  20:2,3 22:23
**circuit**  25:25
**claim**  3:7
**claimants**  22:1
**clarify**  11:11
**clean**  9:10 10:8
  12:4,19 17:24
**clear**  2:24 9:10
  14:9
**cleveland**  16:17
**close**  3:6 24:19
  25:4
**cob**  24:9,10
**cohen**  2:1,17,21
  3:3,24 5:24 8:7,20
  12:8 14:8,18
  17:12 18:14,22
  19:6,11,16 20:12
  20:25 22:4,17
  23:17 24:8,20
  25:6,9,12,16,22
  26:6
**cohen's**  5:15
**come**  3:14 4:12 5:6
  8:20 17:3 20:18
**coming**  3:21 4:24
  17:10
**common**  9:8
**complete**  10:10
  13:10
**completely**  3:14
**complicated**  26:3
**concept**  15:11
**confer**  8:15
**confusing**  25:2
**considering**  6:18

**contemplated**  12:5
**contemplating**
  14:4
**contention**  9:15
**contract**  5:7 13:18
**contractual**  5:5
  7:22
**corral**  23:14
**correct**  7:7 19:9
**correctly**  4:17
**counsel**  8:15 9:9
  14:12,13,15 16:13
  21:3,3
**countless**  10:12
**country**  27:12
**couple**  19:13
  20:16 21:10 24:13
  24:14
**court**  16:17
**cover**  15:24 16:25
**critical**  9:25
**cross**  3:19 4:7,9,11
  7:24 8:4,9,11
  15:13 17:21 19:10
  21:6,8,11,16 24:1
  24:15 25:14
**cut**  4:15

**d**

**danger**  9:19
**date**  27:16
**dates**  3:23 4:4
  20:14
**david**  2:1,17,21
  3:3,24 6:23,23,24
  8:14 10:17 12:8
  14:2,8,9,18 16:2,5
  16:10 17:4,12
  18:22 19:6,11,16
  20:12 21:22 22:4
  22:17 23:17 24:8
  24:20 25:6,9,12,16

25:22 26:6
**day**  3:16 24:25
**days**  19:13 20:16
**decide**  24:23
**decided**  20:21
**decision**  18:19
**declaration**  5:4
  7:20 11:2 17:19
**defendant**  2:15
  10:21 12:18 13:7
  15:1
**defendants**  3:13
  7:10 8:5 14:23,25
  15:12 16:19,23
  17:16,17 19:2,22
  20:3,8,18 21:24,25
  22:6,7,20 23:4,24
**defendant's**  5:3
  8:10 20:7
**defense**  3:9 18:16
  18:17 21:3
**defies**  9:7
**definition**  12:15
**delay**  2:25
**dep**  14:20
**depending**  3:21
  21:13
**depends**  4:22
**depo**  5:12 15:21
**depos**  3:7
**depose**  15:15
**deposed**  15:14
**deposition**  2:4 3:6
  3:16 5:3,16 6:1,3
  6:14 7:2,10,11,22
  7:25 8:1,2 9:7,8
  9:11,14,18,22 10:1
  10:3,8,13,19 11:3
  11:5,13 12:12,13
  12:14,17,20,22
  13:2,7,10,23 14:6

**14:**10,11,23 15:5,9
  16:6,25 19:3 21:2
  24:15
**depositions**  3:9
  6:19 9:3,4,5,16
  10:12 15:13
**determine**  21:13
**devolves**  23:18
**died**  9:3
**different**  6:7 16:5
  16:18 18:2 21:7
**disagree**  3:1
**disagreement**  3:21
**disclose**  7:8
**disclosure**  24:14
**discouraged**  6:5
**discovery**  1:13,15
**discuss**  4:6
**dispose**  19:8
**disposed**  13:13
**divide**  10:11
**doctor**  9:24 10:1
**doesn't**  16:7 21:17
  24:3
**doing**  13:6 16:17
  23:14
**don't**  3:1,12 4:10
  4:19 7:5 12:15
  14:18 15:14,22,23
  15:25 20:22 23:19
**dr**  2:4 3:22 5:5 6:1
  6:13 7:15,16,17,24
  8:12 9:6,13 11:5
  11:22 12:1,6
  14:14 15:2 20:4
  25:20
**dreamed**  9:4
**due**  16:10
**duplicate**  15:9

| e |
| --- |

e  27:1
earlier  15:4
easy  25:24
effect  12:18
effects  3:7
effort  5:25
either  24:22 25:21
element  17:25
elicited  15:18
engages  16:23
enormous  25:1
entirely  21:6,7
entirety  6:3,18
entities  22:11
entitled  8:3 14:13
  14:23
envisioned  21:21
event  9:11,23
  11:23
everybody  6:11
  18:11,11 19:19,25
  19:25 22:2 23:14
  26:4
exactly  13:16
examination  7:24
  8:10,11
examine  8:4
example  22:18
  23:6
exercise  19:5
experienced  21:1
expert  3:6,8 12:25
explain  16:3
extent  2:10 11:15
  23:4,10 24:2
extreme  13:10

| f |
| --- |

f  27:1

fact  7:19 13:6,9
  14:4 17:19 22:19
factor  11:17
failure  7:8
fair  6:15 17:5
  19:19,24 20:20
far  10:12
february  11:21
federal  12:11
  16:17
fees  7:13
fellow  17:22
figure  22:22 23:16
file  25:1
filing  25:23
find  6:21 19:20,20
fine  2:18,22,22
  3:23 4:2 20:7
  21:15
first  2:23 7:5 8:24
fit  9:17,18 10:11
  10:15 13:12 16:15
five  10:18
flexible  6:12
flow  9:23 17:1
forbid  13:1,22
  17:2
foregoing  27:4
foremost  2:24
forward  7:2 10:19
  13:20 20:13,13,15
  20:16 25:13 26:2
four  22:11
frankly  18:3
free  19:12
freedom  10:9
  16:21,24
friday  24:21,25
front  3:1
full  6:15 24:14

function  10:24

| g |
| --- |

general's  5:18
getting  2:2 11:4
girls  17:8
give  2:5 13:13
  17:20 19:19 21:10
  21:11
given  3:19 18:12
  22:22
gives  21:16
go  2:11,22,22 3:3
  3:25 4:17 6:24 7:2
  11:16,24 13:8
  14:19 18:25 20:13
  20:13,14,16 23:7
  25:4,13 26:2
god  12:25 13:22
  17:2
goes  8:1
going  9:13 10:2,19
  13:18,19,20 17:4
  18:25 21:14,15
  23:9,25 24:12,22
  25:13,24 26:2
good  9:10 10:8
  12:4 16:22 23:5
  25:23
ground  15:6,24
  18:15
grounds  17:17
group  18:16,19
guess  2:3 14:19
  21:10
guidance  2:5,19
guys  22:22

| h |
| --- |

happen  6:13
happened  11:21
  18:5

happening  12:7
happens  12:25
happy  20:21,23
harm  13:7
harmless  7:8
haven't  21:5
hear  4:16
help  24:5 25:17
helpful  14:10
helps  23:4
here's  17:12 20:19
he's  12:16,22,23
  13:18,21 14:1,3,4
highly  25:2
hit  12:24
hold  4:14 14:2
honor  25:21
hope  22:10
hopeful  24:8
hours  20:20 22:20
  22:21
hyde  27:3

| i |
| --- |

impact  3:2
implicates  20:6
important  4:16
inclination  17:13
  17:15
including  17:17,21
incomplete  19:23
incredible  16:11
indulge  21:9
insisting  15:14
instigated  19:2
intends  3:22
intensive  24:17
intent  11:7 24:11
interest  9:22
involved  24:17
issue  2:25 4:6 6:7
  6:8 14:19

**issues**  2:5,9 3:20
  4:10 6:10 25:17
**it'll**  3:2
**it's**  3:14 5:3 8:22
  8:23 9:25 11:13
  14:10,11 17:5
  21:14 23:8,12
  24:21,23 25:13,24
  25:24 26:1,2
**i'd**  12:14
**i'll**  2:9 5:10,10
  8:24 16:2 22:23
  23:3,14
**i'm**  4:14 5:13 6:12
  8:15 12:11,12,21
  13:5 15:19 17:4
  17:14 18:7 19:6
  20:17,21,23 22:18
  24:8
**i've**  13:2,4 21:4

**j**

**janson**  14:25
**january**  11:21
**judge**  3:5 5:1 7:6,7
  7:19 16:9 23:1,6
  25:19
**judgment**  3:11
**july**  23:6 27:16
**jump**  11:11
**june**  3:11
**jury**  9:23

**k**

**kentucky**  5:18
  15:9
**key**  11:18
**kind**  2:4 10:24
  21:9 22:2,11,14
**know**  2:6 3:2,12
  7:4 15:12 21:21
  23:19,24 25:24

**knowing**  20:3
**knows**  24:2

**l**

**labor**  24:17
**largely**  22:9
**late**  3:16
**lawyer**  16:11
  23:11
**learned**  9:1
**ledanski**  27:3
**left**  8:23
**legal**  27:11
**let's**  17:13,20,23
  25:3
**limitations**  9:9
  20:6
**limited**  8:9 16:18
  16:19
**litigation**  1:13
  11:24
**little**  2:7 15:19
  18:2,3
**live**  5:6,8 9:24
  13:4,5 19:10
**locked**  13:24
**long**  9:3
**look**  11:18 21:15
  24:21
**lot**  17:7 23:2
**lucas**  2:13,14,19
  2:23 3:4 4:1,4,19
  6:6,21 8:6 10:16
  11:15,17 13:14
  14:3 15:19 18:13
  18:14,24 19:9,15
  20:11 24:6,11,24
  25:8,11,15,20
**luck**  25:23
**luxury**  18:18

**m**

**making**  18:18
  22:18
**man**  14:21 25:19
**mark**  3:21 4:22
  5:11 6:21 8:17,19
  8:20 11:20 12:9
  12:10 13:21 16:4
  16:7,9,9 18:18
  19:9 21:23 23:1,2
  24:4
**mark's**  12:3 13:15
**master**  2:1,17,21
  3:3,24 8:19 12:8
  14:8,18 17:12
  18:14,22 19:6,11
  19:16 20:12,25
  22:4,17 23:17
  24:8,20,24 25:6,9
  25:12,16,22 26:6
**materials**  25:2
**mbl**  6:2,25
**mdl**  4:10,20,23
  11:14,19 13:22
  14:6 21:12,13,24
  21:25 22:2,7,8,22
  22:22
**mean**  3:24 5:23
  13:11 22:6 23:21
  24:21
**means**  7:20 10:8
  20:4
**meant**  10:24
**menear**  8:18,19,20
  12:10 16:9,9 23:1
  23:2 24:4
**middle**  3:6
**militating**  11:17
**mind**  4:22 8:7,9,11
**mineola**  27:14

**mockery**  10:5
**moment**  2:3 11:12
**monday**  24:10,12
  24:13,19 25:4
**months**  3:17 8:22
**motions**  3:11
**move**  10:17

**n**

**n**  27:1
**national**  1:13
**nearly**  3:10
**necessarily**  8:13
**necessary**  10:13
  23:20
**need**  2:10 3:17
  10:7 17:1 18:10
  18:11,25 19:13,20
  20:9,22 21:11
  23:19,24 24:18
**needs**  20:13,14,15
  20:21
**net**  3:2
**never**  9:4
**new**  13:15 20:15
**nice**  17:23
**non**  4:10,20 22:22
**nonstop**  3:14
**notice**  4:12 21:12
  21:17
**noticed**  7:25 21:6
  21:8 24:15
**notices**  4:7
**noticing**  3:20 4:9
  15:13 17:21 19:3
  24:1 25:14
**number**  5:1,3,4
  20:20
**numbers**  22:19,20
**ny**  27:14

| o | o'melveny 2:14 | playing 9:4,5 | properly 16:11 |
|---|---|---|---|

**o** 27:1
**object** 5:14 7:1
  11:7
**objection** 4:19,23
  13:25 15:25 16:1
**objections** 4:10
**obligation** 5:5
**obviously** 7:1
**occur** 23:25
**occurred** 11:1
**odds** 23:8
**office** 5:18
**offline** 21:23
**oh** 11:16
**okay** 2:1 10:2
  11:16 22:16 25:14
  26:3
**oklahoma** 4:8 5:12
  6:3,19 10:4 11:3
  11:10,13 13:23
  14:10,20 15:1,21
  16:3,6,20 19:22
  21:5
**old** 9:20 27:12
**once** 16:23
**online** 13:9
**open** 17:16,20
**opened** 18:4
**opiate** 1:13
**opportunity** 4:20
  6:15 7:3,23 8:4
  13:12
**order** 3:5 5:1 6:13
  7:7,19 10:18,19,23
  11:7 19:4
**ordered** 3:15
**ought** 16:14,21,24
  17:8
**outside** 6:2 21:12
  22:2

**p**

**package** 17:24
**parcel** 9:15
**part** 18:5 20:16
**participated** 21:4
**particular** 14:25
**parties** 2:6,7 4:20
  9:16,18 10:14
  17:14 18:6 25:1
  26:1
**parties'** 8:8
**pay** 7:12
**pending** 11:24
**people** 15:14
  18:20
**perdu** 5:20 15:7
**perspective** 4:6
  8:21 16:14,19
  25:21
**pertinent** 16:16
**phone** 2:2
**pick** 10:4
**picked** 23:9
**picking** 23:7
**piece** 12:4
**pitchforks** 18:20
**place** 17:24 21:14
**plaintiff** 4:11 5:20
  5:21 10:22 11:19
  12:1,7 13:11
**plaintiffs** 4:24 7:1
  7:3,12 8:3 11:9
  15:8 20:4 22:6,8
  22:20 25:19
**plaintiff's** 10:25
  15:20 21:3
**play** 10:1,7 12:11
  12:13,21
**played** 9:11 12:17
  13:25

  18:16
**please** 17:11
**plenty** 7:9
**point** 5:15,24 6:25
  8:16 10:2 12:9
  13:15,16 21:6
  23:13
**points** 7:5
**polster** 5:2 7:7
**polster's** 3:5,15
  7:6,19
**portenoy** 1:15
  3:22 5:6 7:15,16
  7:17,24 8:12 9:6
  11:5,22 12:6
  14:14 15:2 19:21
  20:4
**portenoy's** 2:4 6:1
  6:13 9:14 12:1
  25:20
**position** 15:21
  17:11
**positions** 8:8
**possible** 22:5
  25:10
**prejudice** 12:18
  13:10
**prepare** 3:18
**prepared** 8:16
  16:12
**preparing** 9:2
**prescription** 1:13
**preside** 10:13
**pretty** 11:18
**prior** 15:17 17:17
**probably** 20:15
**problem** 15:23
**proceedings** 27:5
**process** 25:14

**proportion** 22:21
**propose** 6:15
**provide** 5:6 11:8
  11:23 13:18
**proving** 13:16
**purpose** 21:18
**push** 21:18
**put** 9:9 13:4,5

**q**

**quad** 11:25
**question** 7:4,15,16
  7:17 14:22 18:9
  23:18 24:2
**questioned** 8:5
  15:1
**questioning** 8:17
  23:15
**questions** 4:12,21
  4:24 6:11 7:21
  10:9 14:14,15
  15:17 16:8,15
  22:12 23:11
**quite** 24:17

**r**

**r** 27:1
**raffle** 9:8
**raising** 6:7
**read** 10:3
**reading** 7:6,19
**real** 15:25
**really** 4:15 19:23
  23:19
**reason** 13:8 15:24
  19:3
**reasonable** 7:12
**reasons** 4:25 24:13
  24:14
**record** 2:24 27:5

**recorded** 12:2 13:19
**redo** 18:4
**reference** 10:22
**references** 10:18
**referring** 15:4
**regard** 19:21
**regardless** 17:18
**remotely** 11:6
**reported** 5:8
**reports** 3:9
**represent** 23:3
**resolved** 2:11
**respect** 16:10
**respects** 15:16
**respond** 5:11 10:16 12:9 13:14
**restrictions** 17:24
**retread** 5:21 6:18 9:20 15:8 16:7
**retreading** 6:4,7 15:22 17:17
**revisit** 14:24
**reward** 10:24
**rhymes** 25:7
**richard** 15:5
**right** 3:5,8,10 4:11 18:9 19:4,5 20:11 22:3,13 25:3,15,22
**rights** 20:5
**road** 27:12
**rule** 16:22 17:14 18:25
**ruled** 11:13
**rules** 12:11,21 15:6 18:15 23:19
**ruling** 14:16
**run** 13:22

**s**

**sackler** 15:5 18:3 18:4,5
**sanction** 5:2 7:11 7:11,14,14 11:8
**saturday** 25:10
**saying** 13:4,16 16:5 17:5 19:7
**says** 2:19 5:2,7 10:20 11:22
**scheduled** 23:21 23:23
**scope** 4:7,9 8:10
**second** 4:15 14:19
**secondly** 6:17
**see** 2:10 9:17,18 10:11,14 13:12 16:15
**seeing** 3:7
**seek** 5:8 12:1
**seeking** 15:15
**sense** 2:13,15 9:8 21:10 23:1,3
**sentence** 10:3
**separate** 6:8
**series** 21:5
**set** 13:3
**setting** 15:6
**sides** 17:6
**signature** 27:9
**significantly** 20:25
**similar** 15:24
**simply** 15:8 22:5
**single** 10:20
**situation** 21:7
**six** 3:17
**sixth** 25:25
**slightly** 15:24
**solutions** 27:11
**somewhat** 13:15 16:5

**sonya** 27:3
**soon** 25:10
**sorry** 2:19 4:1,14 4:17 5:13
**sounds** 21:2
**speak** 3:13 18:17 20:9 23:12
**special** 2:1,17,21 3:3,24 8:7,19 12:8 14:8,18 17:12 18:13,22 19:6,11 19:16 20:12,25 22:4,17 23:17 24:8,20,24 25:6,9 25:12,16,22 26:6
**specifically** 5:2 12:6
**spencer** 15:3 20:24,24 22:16,25 24:12,13
**start** 2:11,12,16
**started** 24:18
**starting** 8:21
**starts** 25:6
**state** 4:10,21 23:20 23:20
**states** 23:13
**stop** 5:10 16:2
**strategery** 19:12
**strawman** 13:3
**streamlining** 14:22
**strenuously** 11:7
**subject** 2:3 6:14
**subjects** 14:24
**substitute** 14:11
**suggestion** 10:10 11:8
**suggestions** 2:25
**suite** 27:13

**summary** 3:11
**supposed** 25:1
**sure** 2:24 4:16 19:7 24:5,7 26:2
**suspect** 23:13

**t**

**t** 27:1,1
**table** 6:17
**tactical** 11:9
**take** 3:16 6:19 7:10 9:7,10,13,18 10:21 12:19 13:9 20:19 21:14
**taken** 5:17 14:12
**talk** 5:11 21:23
**talking** 12:3 15:5
**targeted** 17:10
**technology** 10:6
**tedious** 25:13
**telecon** 1:15
**teleconference** 1:14
**tell** 8:16 24:4
**terms** 6:12 11:10 14:22 21:20
**testify** 9:24 12:25 13:1
**testifying** 14:3
**testimony** 5:7,8 9:20 10:4 11:23 12:2,5 13:18,20 15:17
**texas** 23:6,7,11
**thank** 2:2 8:19 25:21 26:4,5
**that's** 2:17,21,22 7:13 8:14 9:20 10:5 11:10 17:10 18:7,15,25 19:12 19:17,18 20:6,7,16 20:20 22:13 24:11

**theirs** 17:1

**there's** 10:7,18,21 15:23,25 23:5 25:3

**they're** 13:19

**thing** 8:13 18:21 19:2,7,24

**things** 8:12 15:7 16:5 21:10 25:23

**think** 2:13,15 3:12 3:12 4:5 5:23 6:2 6:6,10,21 7:6 9:7 10:7 11:6,18 12:10 13:15 14:10 14:16,21 15:19 16:16,21,22,23 17:5 18:4,13,14 19:1,14,15,17,18 19:22 20:10,13,14 20:15,19,20 21:21 22:5,7,15 23:5,8 24:6

**thinking** 18:8

**third** 11:4 13:17 14:4

**three** 5:4 7:5

**thumbs** 24:21,21

**time** 3:18 6:14,20 7:9 9:5,15,17,20 10:11,14 13:12,13 16:15,24 17:7,9,21 17:25 18:10,11 20:10 21:11,16,21 21:24,25 22:1 23:18,20

**timing** 2:25 6:12

**today** 2:3 25:18

**token** 9:21

**tomorrow** 24:9,25 25:5,23

**track** 4:23

**transcript** 4:8 16:4 27:4

**transfer** 5:12

**trial** 3:18 5:6 8:11 8:11,21 11:4,25 12:2,7,12,16 13:19 13:22 14:7 16:13 16:16,18 17:2,3 20:5 23:7

**tried** 2:4 8:24 12:23

**trouble** 15:20 23:16

**truck** 25:7

**true** 27:4

**trying** 8:25 9:22 20:17

**twice** 15:15,16

**two** 5:3 6:10 8:12 21:20 22:12

**type** 8:16

**u**

**unavailability** 9:12

**unavailable** 9:24 12:22,23,24

**understand** 12:4 15:21 18:23 19:7 20:8,17

**understanding** 5:16,22 15:20 24:16

**understands** 8:8

**understood** 25:11

**undertake** 19:13

**undertaking** 22:12

**uniform** 22:8,9

**unilaterally** 18:19

**unintel** 3:10 5:15 5:17,24 6:8,9 11:2

16:22 21:1

**use** 5:8 9:17 10:14 11:3 12:1 13:12 13:19 16:15 17:9 20:1

**v**

**veritext** 27:11

**versus** 22:22

**video** 10:1

**view** 4:7

**viox** 8:23,24

**voices** 20:9

**w**

**wait** 4:14

**want** 4:16 6:18 7:23 8:17 10:3 12:8 15:22 16:3,7 16:25 17:16,18,22 17:23 18:1 20:1,1 20:19

**wanted** 2:23

**wanting** 23:11

**wants** 2:11 8:18 14:5 16:6,8 19:10

**way** 6:9,22 17:1,9 19:18 26:2

**week** 24:5,7

**weigh** 8:18

**went** 3:7,8,10

**we'd** 9:5

**we'll** 10:4 16:16 23:15 25:4

**we're** 3:23 9:4,13 10:2 14:21 17:7

**we've** 9:1,1,6 17:10 26:3

**who's** 8:21 16:10

**wide** 17:15

**willing** 6:12

**witness** 5:14 7:4 8:4 9:6,12 15:15 17:2

**witnesses** 9:3

**woman** 4:3,14 5:13 6:9 11:11,16 12:24

**wondering** 17:14

**won't** 22:19

**words** 25:3

**work** 2:8 22:14 23:22

**works** 4:3

**wouldn't** 22:10

**would've** 18:4

**wrap** 19:18

**wrinkle** 24:25

**wrong** 18:20

**x**

**x** 22:20,21

**y**

**y** 22:20,21

**yeah** 6:23 12:10 14:21 16:9 22:25 24:6,11,18 25:9

**years** 8:25

**york** 20:15

**you're** 6:6 17:6 19:7,12 22:13 24:22,22

**you've** 6:25 9:5,16 10:8,11

**z**

**zero** 12:18 13:7