# EXHIBIT A

'WML@LanierLawFirm.com' <WML@LanierLawFirm.com>; Shkolnik, Hunter <Hunter@NapoliLaw.com>; dmigliori@motleyrice.com; Holly Dolejsi <HDolejsi@RobinsKaplan.com>
**Subject:** Fed Rule 43: PEC'S MOTION TO ALLOW LIVE TESTIMONY THROUGH CONTEMPORANEOUS TRANSMISSION FROM LOCATIONS OUTSIDE OF OHIO

External E-mail

Dear Special Master Cohen,

Pursuant to your email below, Plaintiffs offer the following Motion.  In your email below, you asked that we meet and confer with the defendants regarding the length of the briefing on this subject.  As you can see, our motion and brief is succinct and so we did not think it necessary to m/c with the defendants to negotiate a page limit.  We assume that the response can be equally as succinct.

I. **Introduction**

Plaintiffs respectfully request that this Court allow live trial testimony via contemporaneous transmission from locations outside of Ohio. Plaintiffs seek to employ this procedure for corporate designees from each Defendant that does not voluntarily produce their corporate designees in Cleveland, Ohio or that cannot otherwise be compelled to produce corporate designees at trial in Ohio.

II. **Legal Standard**

Rule 43 of the Federal Rules of Civil Procedure provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Fed. R. Civ. P*. 43(a).

Courts generally consider five factors to determine when testimony by contemporaneous transmission is appropriate under Rule 43. Those factors include: (1) the control exerted over the witness by the defendant; (2) the complex multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation. *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (Fallon, J.) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988)).

Once a court determines that contemporaneous transmission of witness testimony is justified, the requesting party must secure the witness's cooperation by either (a) voluntary agreement, or (b) a subpoena compelling the witness to appear. *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 2016 WL 9776572, at *1 (N.D. Tex. Sep. 20, 2016). Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena may issue to command a person to appear at trial, (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense. *Fed. R. Civ. P.* 45(c).

Federal MDL courts regularly find that Rules 43 and 45 are intended to be read in harmony. That is, in cases where a witness resides outside the Rule 45 subpoena power of the MDL court, a witness can still be compelled, upon a showing of good cause, to appear for contemporaneous live trial testimony at another district court within 100 miles of their residence or within their home state. *See, e.g, In re DePuy,* 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016) (compelling witnesses located beyond 100 miles of trial court or outside the state of trial court to attend contemporaneous live trial testimony at their nearby federal courthouse, finding that such procedure was harmonious with Rules 43 and 45); *In re Actos*,

2014 WL 107153, at *9 (W.D. La. Jan. 8, 2014) (compelling corporate representative witnesses to attend trial via videoconference, and observing that "Rule 45 must be read *in tandem with* Rule 43 and as a part of an harmonious whole that is the Federal Rules of Civil Procedure.") (emphasis in original); *In re San Juan DuPont Plaza Hotel Fire Litigation*, 129 F.R.D. 424 (D.P.R. 1990) (permitting plaintiffs to present witnesses through a live satellite telecast who were under the defendants' control but beyond the court's Rule 45 subpoena power); *In re Wash.*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988) (finding similarly).[1] Because a number of the Defendants' corporate representatives are outside of Ohio, reading these rules in harmony is essential in order to have an efficient trial.

III.   **ARGUMENT**

A.   **The Factors Necessary to Obtain the Requested Relief All Weigh in Plaintiffs' Favor**

Application of the five factors favors permitting contemporaneous transmission of Defendants' corporate designees. First, the corporate representative witnesses are all under the control of the Defendants. Indeed, there is no question that Defendants control their current employees. Second, as the *Vioxx* court observed, the need for contemporaneous video trial testimony is especially heightened in the MDL context, which, by very nature, is complex. *In re Vioxx,* 439 F.Supp. 2d at 643. This MDL, which is one of the most complex ever, and which requires flexibility to manage its nationwide docket, undoubtedly satisfies this factor. *See Chapman v. Tristar Prod., Inc*., 2017 WL 7048986, at *1 (N.D. Ohio July 6, 2017) ( "[T]his lawsuit spans three states, includes thousands of class members, and involves millions of dollars. Its complexity weighs in favor of contemporaneous testimony.").

Third, any opposition to allowing witnesses to testify remotely is for a purely

tactical advantage, where Defendants have the ability to bring witnesses to trial. *In re Wash.*, 1988 WL 525314, at *1 (W.D. Wash. Aug. 9, 1988) (explaining that denying the plaintiffs the opportunity to present live testimony "would create a tactical procedural advantage for defendants based on factors out of plaintiffs' control."). Defendants, who are large corporations as well as savvy and experienced litigators, unquestionably have the ability to bring their corporate representatives to trial.

Fourth, Defendants would not suffer any prejudice in having these witnesses testify live by contemporaneous videoconferencing, especially given the convenience for the witness in appearing closer to home as opposed to traveling to Cleveland, Ohio. Indeed, Defendants will be required to prepare for examination of these witnesses just as they would if the witness were testifying in person. Finally, factor five, which is essentially an extension of the second factor, is also met here. Videoconferencing allows the parties to secure live testimony from different locations, contemporaneously, while minimizing the inconvenience to those witnesses who might otherwise need to travel a considerable distance to participate briefly at the trial. It is clear that the totality of these factors supports the use of contemporaneous trial testimony transmission for these witnesses.

### B.  Contemporaneous Live Testimony Is Preferable to the Use of Depositions

Without the contemporaneous transmission, the jury would be left with less reliable deposition transcripts and video for many of Defendants' corporate representatives. This result would prejudice Plaintiffs, given that live, in-person testimony has long been considered the gold standard during trial, as it permits the fact-finder to more accurately evaluate the witness's truthfulness while the courtroom setting exerts pressure for honesty. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947), *superseded by statute on other grounds*, (stating that to locate a trial where litigants "may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants.").

The Manual for Complex Litigation similarly recognizes the benefits of live testimony. Addressing in particular the disadvantages of relying on video depositions to present witness testimony, the Manual notes: "The persuasive power of visual presentation carries with it the potential for prejudice, a risk heightened by the opportunities for manipulation. Rulings on objections are critical. Unless the parties can reach substantial agreement on the form and content of the videotape to be shown to the jury, the process of passing on objections can be so burdensome and time-consuming as to be impractical for the court." Manual For Complex Litigation § 12.333 (4th ed. 2004).

Plaintiffs' motion also serves the inherent goal of Rule 43, which is to provide the jury with a more truthful witness. *See* Fed. R. Civ. P. 43(a) advisory committee's note (1996 amendment) ("The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling."). Simply put, using discovery depositions at trial will not suffice. It has long been settled that trial testimony is different than a discovery deposition. The Federal Civil Rules of Procedure, related case law, and commentary, all confirm a litigant's right to take "trial depositions" for purposes of testimony at trial, despite any discovery depositions that may have already taken place.

### C. The Overwhelming Majority of Federal Courts Have Allowed for Contemporaneous Transmission under Similar Circumstances

Courts within the Sixth Circuit have found, under similar circumstances, that the use of contemporaneous video trial testimony is appropriate. For example, in 2011, the Sixth Circuit affirmed a decision to permit such testimony under comparable circumstances. *See Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (affirming decision to permit video testimony, in light of security risks posed by some witnesses, and medical risks posed to others as a result of transportation). Similarly, in 2017, the Northern District of Ohio in *Chapman v. Tristar Prod., Inc.*, cited Judge Fallon's *Vioxx* order when granting plaintiffs' motion to compel the video testimony of defendants' COO. 2017 WL 7048986, at

*1 (N.D. Ohio July 6, 2017). Critical to the court's analysis was the complexity of the lawsuit, the high number of plaintiffs, the high valuation of the lawsuit, and the fact that defendants' "refusal to produce [the witness] appear[ed] largely tactical." *Id.*

And, in *Ohio A. Philip Randolph Inst. v. Householder*, the Southern District of Ohio granted a motion by plaintiffs to allow the live videoconference testimony of a witness who, although available by deposition, was not available to be present at trial. 2019 U.S. Dist. LEXIS 29086, *7 (S.D. Ohio Feb. 25, 2019). Observing that the case presented "issues of great public concern," and that "videoconferencing simulates in-person trial testimony more closely than would a deposition, and thus better serves the fact gathering purpose of testimony," the court granted plaintiffs' motion. *Id.* at *8. Other courts located within the Sixth Circuit are accord. *See DynaSteel Corp. v. Durr Sys., Inc.*, 2009 WL 10664458, at *2 (W.D. Tenn. June 26, 2009) (finding live video testimony did not prejudice the ability to impeach a witness through documents not previously provided in light of the various forms of technology available to transmit such documents).  There is a single, non-MDL case from Ohio has found that contemporaneous trial testimony is improper for witnesses outside the Rule 45 subpoena power of the trial court. *See Balsley v. LFP, Inc.,* 2010 WL 11561883 (N.D. Ohio Jan. 26, 2010). This case, which has been cited once, and never for this proposition, is in the minority of courts. The majority of courts, including most MDL courts, have found differently. As will be explained, and as most MDL courts have recognized, the complexity, and the special representative nature of the bellwether trials in MDL proceedings requires more flexibility in the case of trial testimony, and demands a harmonious reading of Rules 43 and 45.

Federal MDL courts around the country, handling similarly complex litigation, have allowed contemporaneous video transmission trial testimony. Most recently, in *In re DePuy*, the court granted plaintiffs motion to allow live trial testimony, observing that "[w]ithout this contemporaneous transmission to provide live testimony, the jury would be left with less reliable deposition transcripts and video." 2016 WL 9776572, at *1 (N.D. Tex. Sept. 20, 2016). Applying the five *Vioxx* factors, the court ruled that:

Application of the five factors set forth by the *Vioxx* court also favors allowing contemporaneous transmission. The witnesses at issue are all under Defendants' control, an MDL case by its very nature is complex, and flexibility is required to manage a nationwide docket consisting of over 8,000 cases. There is also no true prejudice to Defendants; they will be required to prepare for cross examination of these witnesses just as they would if the witness were testifying in person. In fact, had this MDL been consolidated in another district, the witnesses at issue may have been within subpoena range. Finally, there is very little if any real inconvenience to the witnesses to require them to appear at a district court within 100 miles of their residence or in their home state, in accordance with Rule 45.

*Id.*

Similarly, in *In re Actos*, Judge Doherty from the Western District of Louisiana relied on over two decade's worth of precedent when approving the use of contemporaneous transmission of live trial testimony of corporate representative witnesses. 2014 WL 107153 (W.D. La. Jan. 8, 2014). The court considered the special representative nature of the bellwether trials in MDL proceedings as stated in the Manual for Complex Litigation, concluding that, "the verdict in the bellwether trials . . . will be used in this representative manner, and therefore . . . should present the testimonial evidence of both sides as fairly and completely as possible." *Id.* at *5-6. *See also In re San Juan DuPont Plaza Hotel Fire Litigation*, 129 F.R.D. 424 (D.P.R. 1990) (permitting plaintiffs to present witnesses through a live satellite telecast who were under the defendants' control but beyond the court's subpoena power); *In re Vioxx*, 439 F. Supp. 2d 640, 642-643 (E.D. La. 2006) (permitting plaintiffs to elicit trial testimony via videoconference from corporate representative, explaining that "there has been an increasing trend by federal courts allowing and by legal commentators advocating for the use of contemporaneous transmission of trial testimony."); *In re Wash.*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988) (allowing testimony of witnesses through the use of contemporaneous transmission); *Aoki v. Gilbert*, 2019 WL 1243719, at *2 (E.D. Cal. Mar. 18, 2019) (same).

### D. Plaintiffs' Proposed Order Provides Appropriate Safeguards

The Sixth Circuit has found live videoconferencing to constitute a sufficient "safeguard" to satisfy Rule 43, if it provides for instantaneous transmission, the ability to cross-examine the witness, and the ability for the fact-finder to hear the witnesses live. *See Jennings*, 419 F. App'x 594, 598 (6th Cir. 2011). Plaintiffs propose that, at a minimum, the following conditions be imposed for live contemporaneous trial testimony in this case:

1.  Testimony via secure video conferencing in a federal courthouse or alternate transmitting location as long as safeguards and requirements are met.

2.  The witness will be visible to the jury at all times while testifying via the witness screen.

3.  The witness will hear all objections unless instructed by the Court.

4.  Whenever feasible, documents or evidence will be shown to the witness electronically; if not feasible, documents will be handed to the witness by the court reporter at the Court or counsel's instruction.

5.  Other than a court reporter, spectators and counsel will not be allowed in the room where the witness testifies.

6.  The court reporter present will certify that no counsel were present in the room while the witness was testifying and confirm the hard copy versions of exhibits used (if applicable).

More detailed conditions under which such testimony would be given are set forth in the Orders used by Judge Kinkeade and Judge Doherty in the *DePuy* and *Actos* MDL bellwether trials, respectively. They are attached as Exhibits 1-5 for the Court's consideration.

Should the Court allow Plaintiffs' use of contemporaneous transmission, Plaintiffs intend to serve Fed. R. Civ. P. 45 subpoenas on Defendants to produce corporate representatives for trial. These subpoenas will command attendance at a location meeting the requirements of Fed. R. Civ. P. 45(c)(1) (that is, within the state, or within 100 miles, of where each such witness lives or works), and the live testimony will be transmitted from that location to the courtroom in Cleveland, Ohio during trial.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court allow live trial testimony via contemporaneous transmission from locations outside Ohio for corporate designees from each Defendant that does not voluntarily produce their corporate designees in Cleveland, Ohio or that cannot otherwise be compelled to produce corporate designees at trial in Ohio.

Pete

**From:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Sent:** Thursday, May 23, 2019 8:38 AM
**To:** MDL 2804 <MDL2804@motleyrice.com>
**Subject:** [EXTERNAL] FW: EXTERNAL-FRCP 43

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Thursday, May 23, 2019 1:30:49 PM
**To:** 2804 Discovery, MDL; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Subject:** EXTERNAL-FRCP 43

Dear Counsel:

At our last meeting, you all raised the question of the extent to which the Court will allow at trial live testimony via remote video, as authorized by FRCP 43(a).  The rule itself, along with the "Notes of Advisory Committee on Rules—1996 Amendment," make clear that this practice is allowed, if at all, only in certain circumstances.*  In order to give you guidance as early as possible, I think we should tee this up now.**

It seemed clear that Ps wanted to employ this practice and Ds did not (absent last-minute need, such as medical emergency that prevents someone from traveling).  Accordingly, I ask Ps to file a motion setting out the contours of exactly what they seek in this regard.  I note that the Court is unlikely to grant unfettered approval for any and all distant witnesses to testify live by remote video, if only because the technical requirements are difficult; surgical use of the rule is more appropriate.

Ps should please file this motion in the next few weeks.  I ask Ps to confer with Ds to work out an agreed briefing schedule and page limit agreement that takes into account existing workload.  Briefs should be as short as possible please.

-d

* "Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances."  Notes to FRCP 43.

** "Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known ... to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying."  Notes to FRCP 43.

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files   |   Leave group   |   Learn more about Office 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies-- electronic, paper or otherwise--which you may have of this communication.

Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

[1] To be clear, a single non-MDL case from Ohio has found that contemporaneous trial testimony is improper for witnesses outside the Rule 45 subpoena power of the trial court. *See Balsley v. LFP, Inc.*, 2010 WL 11561883 (N.D. Ohio Jan. 26, 2010). This case, which has been cited once, and never for this proposition, is in the minority of courts. The majority of courts, including most MDL courts, have found differently. As will be explained, and as most MDL courts have recognized, the complexity, and the special representative nature of the bellwether trials in MDL proceedings requires more flexibility in the case of trial testimony, and demands a harmonious reading of Rules 43 and 45.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com