# EXHIBIT A

Highly Confidential - Subject to Further Confidentiality Review

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

- - -

```
IN RE: NATIONAL        : MDL NO. 2804
PRESCRIPTION OPIATE    :
LITIGATION             :
------------------------------------------
                       : CASE NO.
THIS DOCUMENT          : 1:17-MD-2804
RELATES TO ALL CASES:
                       : Hon. Dan A.
                       : Polster
```

- - -

Wednesday February 20, 2019

- - -

HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
CONFIDENTIALITY REVIEW

- - -

Videotaped deposition of PAUL ANDREW PYFER, taken pursuant to notice, was held at Golkow Litigation Services, One Liberty Place, 1650 Market Street, Suite 5150, Philadelphia, Pennsylvania 19103, beginning at 9:35 a.m., on the above date, before Amanda Dee Maslynsky-Miller, a Certified Realtime Reporter.

- - -

GOLKOW LITIGATION SERVICES
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

Highly Confidential - Subject to Further Confidentiality Review

Page 14

1    Q.  Okay.  So generally
2  speaking, were both of the prior two
3  depositions regarding marketing
4  practices?
5    A.  I believe so.
6    Q.  All right.  Since you've
7  given two prior depositions, you
8  understand that today you're under oath,
9  correct?
10    A.  Yes.
11    Q.  You understand it's
12  important to tell the truth today,
13  correct?
14    A.  Yes.
15    Q.  And you understand it's
16  important to fully answer my questions
17  truthfully?
18      You understand that, right?
19    A.  Yes.
20    Q.  If I ask you a question
21  today that you do not understand, will
22  you please tell me so?
23    A.  Yes.
24    Q.  Thank you.

Page 15

1      What, if anything, did you
2  do to prepare for your deposition today?
3    A.  Met with the lawyers.
4    Q.  Okay.  Are you represented
5  today by counsel?
6    A.  Yes.
7    Q.  What counsel represents you
8  today?
9    A.  The two gentlemen to my
10  left.
11    Q.  All right.  I understand one
12  counsel is the law firm of Morgan Lewis,
13  which represents Teva now.
14      Do you have that
15  understanding?
16    A.  Yes.
17    Q.  You no longer work for Teva
18  or Cephalon; is that true?
19    A.  That is correct.
20    Q.  And then there is second
21  counsel here today.
22      What understanding do you
23  have as to that second counsel's role?
24    A.  He's representing me.

Page 16

1    Q.  Did you hire him personally?
2    A.  I don't know how to answer
3  that.
4    Q.  Are you paying him?
5    A.  No.
6    Q.  Okay.  Who is paying your
7  second counsel?
8    A.  Teva.
9    Q.  Without telling me any
10  discussions you've had with either of
11  your counsel, or any of your counsel, do
12  you have an understanding as to the
13  reason why you have personal counsel
14  here?
15    A.  Yes.
16      MR. ANDRISANI:  Objection.
17  BY MR. MADDEN:
18    Q.  What is your understanding?
19      MR. ANDRISANI:  Objection.
20      THE WITNESS:  To represent
21    my interests.
22  BY MR. MADDEN:
23    Q.  Did you ask for personal
24  counsel?

Page 17

1    A.  I did.
2    Q.  And personal counsel was
3  provided by Teva, correct?
4    A.  Correct.
5    Q.  All right.  You indicated
6  that you met with counsel.
7      Did you meet with counsel
8  yesterday?
9    A.  Yes.
10    Q.  Did you meet with counsel at
11  any time other than yesterday?
12    A.  Yes.
13    Q.  On how many occasions did
14  you meet with counsel?
15    A.  A total of three.
16    Q.  Approximately how much time
17  in those three meetings did you spend
18  with counsel, total?
19    A.  Probably 14, 15 hours.
20    Q.  Did you review documents to
21  prepare for your deposition today?
22    A.  Yes.
23    Q.  And did you have the
24  opportunity to review those documents in

5 (Pages 14 to 17)