# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-d-2804<br><br>Hon. Dan Aaron Polster |

**Motion to Quash Trial Subpoena
To Walgreens Employee Deborah Bish**

Plaintiffs have served a trial subpoena on Deborah Bish, a manager at Walgreens' Perrysburg, Ohio distribution center. (*See* Ex. 1, Trial Subpoena.) Ms. Bish underwent lung surgery on February 19, 2019, just days after sitting for a full-day, videotaped deposition in this case. She is 65 years old. She continues to be treated for significant post-operative pain, which is worsened by stress. (*See* Bish Decl. ¶ 4[1]; Ex. 2 10/14/19 Letters from healthcare providers.) Because it would subject Ms. Bish to an undue burden, the Court should quash the subpoena.

Rule 45(d) requires the court to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Here, Ms. Bish has a significant health condition that is exacerbated by stress. She was out of work on medical leave following her surgery for several months. (Bish Decl. ¶ 5.) And she currently takes nerve pain medication three times daily for intercostal neuralgia and post-thoracotomy pain syndrome—essentially post-operative pain that worsens with stress and lack of sleep. (*See* Ex. 2, 10/14/19 Letters from healthcare providers.)

Upon returning to work, Ms. Bish was assigned to the night shift, which means her sleep schedule directly conflicts with the Court's trial schedule. (Bish Decl. ¶ 7.) In addition, she lives 100 miles from the courthouse, so she is on the cusp of the Court's subpoena power in any event. (*Id.* ¶ 2.) In light of her health condition, her distance from the courthouse, and her night work schedule, compelling Ms. Bish to testify live at trial would subject her to a burden that is undue. It is also unnecessary. Plaintiffs took a thorough deposition of Ms. Bish, and it was videotaped. There is no reason to subject Ms. Bish to the health strain and stress of testifying, when plaintiffs have access to the testimony they need. The subpoena to Ms. Bish should be quashed.

---

[1] The Declaration of Deborah Bish is filed contemporaneously with this motion.

2

Dated: October 17, 2019

Respectfully Submitted,

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Matthew W. Brewer
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
matthew.brewer@bartlitbeck.com

Alex J. Harris
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreen Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2019, the foregoing has been served via CM/ECF to all counsel of record.

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co.*