IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

### DEFENDANTS' SUBMISSION REGARDING THE COURT'S PROPOSED PRELIMINARY JURY CHARGE

Pursuant to the Court's directive that the parties succinctly identify legal inaccuracies or critical omissions in the Court's proposed Preliminary Jury Charge (attached as Exhibit A), Defendants submit proposed changes and objections. Defendants do not waive their right to their proposed instructions or their objections to Plaintiffs' proposed instructions, as set forth in the Parties' Joint Submission Regarding Jury Instructions and Verdict Form, Dkt. No. 2715. Defendants likewise do not waive their objections to the Court's prior rulings.

**All Counts - But-For and Proximate Causation**

Causation is an element of each of Plaintiffs' claims.[1] It therefore should be included in the Preliminary Jury Charge. Defendants propose the following instruction:

---

[1] The same proximate causation standard applies to each of Plaintiffs' claims. *E.g.*, *Cleveland v. Ameriquest Mort. Secs., Inc.*, 615 F.3d 496, 503 (6th Cir. 2010) (noting that "the Ohio Supreme Court has adopted the *Holmes* Court's proximate cause analysis"); *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1148 (Ohio 2002) (applying the *Holmes* proximate cause test to a public nuisance claim); *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 850 (6th Cir. 2003) (noting that "the RICO statute incorporates general common law principles of proximate causation," and applying *Holmes* to Ohio state-law tort claims);

> For each of Plaintiffs' claims, Plaintiffs must prove that Defendants caused their injuries. This requires, first, that the injury would not have occurred but for the Defendant's conduct and, second, that the Defendant's conduct was a proximate cause of the Plaintiffs' injury. A proximate cause is a cause that is direct, not remote or derivative.
>
> There may be more than one proximate cause of an injury. To find that a Defendant was a proximate cause of Plaintiffs' injury, you must find that the conduct of that Defendant was a substantial factor in producing the injury.[2]

Under settled law, Plaintiffs bear the burden of proving that Defendants' conduct was a *direct* cause of their injury as a component of proximate causation.[3] "[T]he requirement of a direct injury is … distinct from foreseeability and applies even if the Defendants intentionally caused the alleged course of events." *Cleveland v. Ameriquest Mort. Secs., Inc.*, 615 F.3d 496, 502 (6th Cir. 2010). While the pattern instructions do not include an instruction regarding the directness requirement (likely because it is not an issue in run-of-the-mill tort cases), there can be no legitimate dispute that it is an element of Plaintiffs' claims. Given its centrality to the defenses that Defendants intend to present to the jury, Defendants respectfully submit that it would be error not to instruct the jury regarding causation, including the directness requirement.[4]

---

*Cleveland v. JP Morgan Chase Bank, N.A.*, 2013 WL 1183332, at *5 (Ohio Ct. App. 2013) ("The same proximate cause requirements … apply to both [RICO and OCPA] causes of action.").

[2] The language proposed in this paragraph closely tracks the Ohio pattern instructions for cases involving "MULTIPLE CONTRIBUTING CAUSES." *See* CV 405.01 Proximate cause [Rev. 2/11/17], 1 CV Ohio Jury Instructions 405.01.

[3] *See, e.g.*, *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992); *Ameriquest Mortg. Secs., Inc.*, 615 F.3d 496 (6th Cir. 2010) (applying Ohio law); *Perry*, 324 F.3d at 850 (same).

[4] *See Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 387 (6th Cir. 2008) (district court commits reversible error if "(1) the omitted instruction is a correct statement of the law, (2) the instruction is not substantially covered by other delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of the case"); *United States v. Sherrod*, 33 F.3d 723, 725 (6th Cir. 1994) ("[T]he Introduction to the Pattern Instructions admonishes that '[c]ounsel and the court must work to tailor the instructions to fit the facts of each case.'").

**Count One - Absolute Public Nuisance**

Defendants would delete "simply" when describing the requirement that the interference be unreasonable.  *See* Ex. A at 10.  The word "simply" does not appear in the pattern instructions, 621 OJI CV § 621.05, and improperly minimizes the element of unreasonableness.[5]

**Count Two - Civil Conspiracy**

Defendants object to the insertion of the phrase "or injurious" in describing the underlying act.  *See* Ex. A at 10.  An "injurious" act is not a basis for liability under Ohio civil conspiracy law, and its inclusion eliminates the requirement that the underlying act be independently actionable (*i.e.*, tortious).  *See, e.g.*, *Davis v. Clark Cty. Bd. of Commrs.*, 994 N.E.2d 905, 909 (Ohio 2013) ("A claim for conspiracy cannot be made . . . unless something is done which, in the absence of the conspiracy allegations, would give rise to an independent cause of action."). Defendants therefore propose the following revision to the second paragraph of the proposed instruction, which tracks the Ohio pattern jury instructions for civil conspiracy:

> Before you can find for the Plaintiff, you must find by the greater weight of the evidence that Defendants participated in a malicious combination involving two or more persons, including Defendants, a result of which was the commission of an unlawful ~~or injurious~~ act <u>that caused injury</u>.[6]

**Counts Three and Four - Violation of Federal RICO and Ohio RICO**

Defendants object to the absence of a scienter requirement for the RICO claims.  Ex. A at 11.  The jury instructions for the Third Circuit properly include the word "knowingly," *see* Third Circuit Pattern Jury Instructions (Criminal) 6.18.1962C (2018), which is consistent

---

[5] Defendants do not waive their objection to the Court's prior ruling that there is a public right to public health and safety.

[6] CV 443.01 Civil conspiracy [Rev. 12-1-07], 1 CV Ohio Jury Instructions 443.01 ("Before you can find for the plaintiff, you must find by the greater weight of the evidence that the defendant(s) participated in a malicious combination involving two or more persons, including the defendant(s), a result of which was the commission of a/an (wrongful) (unlawful) act that caused (injury) (damage).").

3

with Sixth Circuit law, *see United States v. Fowler*, 535 F.3d 408, 418 (6th Cir. 2008). Defendants therefore propose inserting the word "knowingly" on page 11:

> (1) "A Defendant can violate Federal or Ohio RICO by <u>knowingly</u> directing or participating in, directly or indirectly, the affairs of an enterprise . . . ."; and

> (2) "For each Plaintiff to show that a Defendant violated Federal or Ohio RICO, the Plaintiff must show . . . the Defendant <u>knowingly</u> directed or participated in the enterprise . . . ."

**Summary of Applicable Law**

The statement that "[t]he two Counties have brought claims alleging that all Defendants engaged in a civil conspiracy and created a public nuisance," Ex. A at 9, is inaccurate because Cuyahoga County does not assert any claims against Henry Schein. Accordingly, Henry Schein proposes replacing the last three sentences of the first paragraph with the language below, which closely tracks the existing language of the proposed charge:

> Summit County has brought claims alleging that all Defendants engaged in a civil conspiracy and created a public nuisance. Cuyahoga County has brought the same claims against all Defendants except Henry Schein. The Counties also allege that Defendants Actavis, Cephalon, Teva, AmerisourceBergen, Cardinal Health, and McKesson violated state and federal corrupt practices statutes.

The statement that "[t]he Manufacturer Defendants (Actavis, Cephalon, and Teva) make prescription opioid pain medicines such as oxycodone and hydrocodone" is inaccurate, because Cephalon has never made oxycodone and hydrocodone. Accordingly, Actavis, Cephalon and Teva propose one of the following revisions:

> **Option 1:** "The Manufacturer Defendants (Actavis, Cephalon, and Teva) make different prescription opioid pain medicines."

> **Option 2:** "The Manufacturer Defendants (Actavis, Cephalon, and Teva) make different prescription opioid pain medicines. Actavis, for instance, makes generic opioids, like oxycodone and hydrocodone, while Cephalon makes two brand opioids for the treatment of pain in opioid-tolerant cancer patients, Actiq and Fentora."

4

October 17, 2019                                   Respectfully submitted,

*/s/ Geoffrey E. Hobart*                           */s/ Kaspar J. Stoffelmayr*
Geoffrey E. Hobart                                 Kaspar J. Stoffelmayr
Mark H. Lynch                                      Brian C. Swanson
Paul W. Schmidt                                    Katherine M. Swift
Christian J. Pistilli                              Matthew W. Brewer
Phyllis A. Jones                                   BARTLIT BECK LLP
COVINGTON & BURLING LLP                            54 West Hubbard Street
One CityCenter                                     Chicago, IL 60654
850 Tenth Street, N.W.                             Tel: (312) 494-4400
Washington, DC 20001                               Fax: (312) 494-4440
Tel: (202) 662-5281                                kaspar.stoffelmayr@bartlitbeck.com
ghobart@cov.com                                    brian.swanson@bartlitbeck.com
mlynch@cov.com                                     kate.swift@bartlitbeck.com
pschmidt@cov.com                                   matthew.brewer@bartlitbeck.com
cpistilli@cov.com
pajones@cov.com                                    Alex J. Harris
                                                   BARTLIT BECK LLP
*Counsel for McKesson Corporation*                 1801 Wewatta Street, 12th Floor
                                                   Denver, CO 80202
                                                   Tel: (303) 592-3100
*/s/ Robert A. Nicholas*                           Fax: (303) 592-3140
Robert A. Nicholas                                 alex.harris@bartlitbeck.com
Shannon E. McClure
REED SMITH LLP                                     *Counsel for Walgreen Co.*
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103                             */s/ Enu Mainigi*
Tel: (215) 851-8100                                Enu Mainigi
Fax: (215) 851-1420                                F. Lane Heard III
rnicholas@reedsmith.com                            Ashley W. Hardin
smcclure@reedsmith.com                             WILLIAMS & CONNOLLY LLP
                                                   725 Twelfth Street, N.W.
*Counsel for AmerisourceBergen Drug*               Washington, DC 20005
*Corporation*                                      Tel.: (202) 434-5000
                                                   Fax: (202) 434-5029
                                                   emainigi@wc.com
                                                   lheard@wc.com
                                                   ahardin@wc.com

                                                   *Counsel for Cardinal Health, Inc.*

| | |
|---|---|
| */s/ John P. McDonald* | */s/ Steven A. Reed* |
| John P. McDonald | Eric W. Sitarchuk |
| C. Scott Jones | Steven A. Reed |
| Lauren M. Fincher | Harvey Bartle |
| Brandan J. Montminy | Rebecca J. Hillyer |
| LOCKE LORD LLP | MORGAN, LEWIS & BOCKIUS LLP |
| 2200 Ross Avenue, Suite 2800 | 1701 Market St. |
| Dallas, TX 75201 | Philadelphia, PA 19103-2921 |
| Tel.: (214) 740-8000 | Tel: (215) 963-5000 |
| Fax: (214) 756-8758 | Fax: (215) 963-5001 |
| jpmcdonald@lockelord.com | eric.sitarchuk@morganlewis.com |
| sjones@lockelord.com | steven.reed@morganlewis.com |
| lfincher@lockelord.com | harvey.bartle@morganlewis.com |
| brandan.montminy@lockelord.com | rebecca.hillyer@morganlewis.com |

*Counsel for Henry Schein, Inc.*

Nancy L. Patterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel: (713) 890-5195
Fax: (713) 890-5001
nancy.patterson@morganlewis.com

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-7455
Fax: (412) 560-7001
wendy.feinstein@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
Fax: (305) 415-3001
brian.ercole@morganlewis.com

*Counsel for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Actavis LLC*