**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## PLAINTIFFS' RESPONSE TO MOTION TO QUASH TRIAL SUBPOENA TO WALGREENS EMPLOYEE DEBORAH BISH

Under Rule 45(d)(3)(A)(iv), the burden to establish that a subpoena imposes an undue burden "is on the person who moves to have it quashed." 9A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 2463.1 (3d ed. 2008); *see also Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008) ("The movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure."); *Williams v. Wellston City Sch. Dist.*, 2010 WL4513818, at *3 (S.D. Ohio Nov. 2, 2010) (quashing a subpoena is "certainly [an] extraordinary measure[] which should be resorted to only in rare occasions") (internal quotation omitted).

Whether a subpoena subjects a witness to undue burden "usually raises a question of the reasonableness of the subpoena." Wright & Miller, § 2463.1. An "undue burden" hypothetically occurs, for example, when a subpoena would necessitate violating the laws of a foreign country, when the subpoena is used to circumvent some aspect of foreign law, or when the subpoenaed witness possesses no relevant information but must incur substantial travel expenses. *See id; see also Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995) (citing FED. R. CIV. P. 45, Advisory Committee Note (1991).

1

Walgreens has failed to meet its burden of demonstrating that Plaintiffs' subpoena is unreasonable. As an initial matter, Walgreens has failed to even cursorily address the highly relevant nature of Ms. Bish's trial testimony. During much of the time period in question, Ms. Bish was head of Schedule II controlled substances compliance at the Walgreens distribution center that distributed to the bellwether counties. Ms. Bish's trial testimony is important in establishing that the purported due diligence Walgreens claims existed at this facility was either sporadic or non-existent. While Plaintiffs were able to elicit several incendiary facts regarding Walgreens distribution practices at Ms. Bish's deposition, her continued live testimony is critical in addressing any new issues or refuting contradictory and self-serving testimony that Walgreens own witnesses may assert at trial.

Plaintiffs' concerns are far from speculative — Walgreens 30(b)(6) witnesses have previously ascribed due diligence to individuals, who when deposed, denied performing any such due diligence.[1] In addition to including Ms. Bish on its witness list, Walgreens also included two distribution center employees on their trial list who Walgreens refused to produce custodial files for, who Walgreens previously represented have no relevant information, and who have never been deposed. Seeing as nearly one-third of Walgreens fact witness list is comprised of distribution center employees, Plaintiffs should not be precluded from bringing Ms. Bish live in order to obtain her testimony on issues and facts being raised by Walgreens for the first time at trial.

Use of Ms. Bish's deposition testimony at trial is also inadequate for another reason — without trial testimony, the jury would be left with deposition testimony of Ms. Bish. This result would prejudice Plaintiffs, given that live, in-person testimony has long been considered the

---

[1] Walgreens 30(b)(6) witness claimed that an individual named Barb Martin performed due diligence on Walgreens excessive order reports. But when Plaintiffs deposed Ms. Martin, she claimed that was not true. Walgreens was then forced to submit errata changing its corporate knowledge and admitting no due diligence was performed on those orders. *See* Exhibit A, Errata to Ed Bratton 30(b)(6) Deposition.

2

gold standard during trial, because it permits the fact-finder to more accurately evaluate the witness's truthfulness while the courtroom setting exerts pressure for honesty. *See, e.g.,* FED. R. CIV. P. 43(a) Advisory Committee's Note (1996 amendment) ("The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling."); *In re Actos*, 2014 WL 107153, at *8 (W.D. La. Jan. 8, 2014) (Live testimony allows the jury to "'see the live witness along with 'his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration.'").

Plaintiffs are, of course, sympathetic to Ms. Bish's health issues. However, any burden placed on Ms. Bish was caused by Walgreens' own hand, and also can be relieved by its own hand. A review of Walgreens motion to quash and attached declaration reveals that the primary exacerbator of Ms. Bish's symptoms is sleep deprivation. But it is not Plaintiffs' fault that Walgreens assigned Ms. Bish to overnight shifts two months before the first bellwether trial and immediately following her return from surgery. Nor it is it Plaintiffs' fault that she continues to remain on night shifts despite the massive bellwether trial and her known importance to its outcome.  While Plaintiffs would not ascribe any nefarious motive to Walgreens for assigning Ms. Bish to night shifts so close to this trial, it is still curious, that given her damaging deposition testimony, Walgreens brings this motion to quash instead of relieving her stressful employment conditions.  It is also curious, and especially prejudicial to Plaintiffs, that Walgreens waited until three days before the first day of trial to protest Ms. Bish's attendance, despite her presence on Plaintiffs' witness list for over a month.

And while Plaintiffs have no reason to dispute Ms. Bish's assertions relating to her health, the fact remains that her motion and supporting declaration rely exclusively on unadorned assertions regarding her inability to testify live during trial. Not once in the Walgreens proffered declaration of Ms. Bish's nurse practitioner does it state that Ms. Bish's testimony at

3

trial would threaten her health. The furthest the declaration goes is to state that "she continues to have limitations due to pain." *See* Dkt. 2835, Walgreens Motion to Quash, Exhibit 2. Simply put, Walgreens' unsupported assertions that Ms. Bish cannot withstand appearing to provide live trial testimony are insufficient.

In any event, courts, including those located in the Sixth Circuit, have rejected far more concrete claims than the ones Walgreens makes here — and far better supported. *See, e.g., Englar v. 41B Dist. Court*, 2009 WL 3497801, at *6 (E.D. Mich. Oct. 29, 2009) (denying motion to quash subpoena despite letter from doctor regarding the ill effect of stress on the respondent); *Arassi v. Weber Stephen Products LLC*, 2014 WL 1385336, at *2 (E.D. Wis. Apr. 9, 2014) (denying motion to quash subpoena for deposition of two minor children undergoing mental health treatment as a result of their father's accident); *Tyler v. Rahe*, 2014 WL 1875257, at *1 (W.D. Mo. May 9, 2014) (denying motion to quash based on medical doctor's letter recommending that she not be forced to provide trial testimony, stating, "[w]hile the Court appreciates [movant's] health issues and her desire to not face Plaintiff, the Court is not persuaded that requiring her to appear and testify at trial will cause her the general harm alleged.").

## CONCLUSION

Walgreens has failed to overcome its heavy burden of demonstrating good cause. Ms. Bish is a critical trial witness who is needed to challenge contradictory testimony and new issues that may be raised by Walgreens trial witnesses. Moreover, it is well accepted that trial testimony, rather than deposition testimony, is the gold standard. Finally, Ms. Bish's health issues have been exacerbated by, and can be relieved by, Walgreens. Consequently, Walgreens and Ms. Bish have failed to substantiate that live trial testimony will threaten her health.

Based on these reasons, Plaintiffs respectfully request that this Court deny Walgreens motion to quash the trial subpoena of Deborah Bish.

Dated: October 18, 2019.

                                      Respectfully submitted,

                                      <u>/s/Paul J. Hanly, Jr.</u>
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

<u>/s/ Peter H. Weinberger</u>
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX  77069-3804
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Lead Trial Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY  10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Donald A. Migliori
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
dmigliori@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served via the Court's ECF system to all counsel of record on October 18, 2019.

/s/ Peter H. Weinberger  
Peter H. Weinberger
