# EXHIBIT B

| | |
|---|---|
| **From:** | 2804 Discovery, MDL |
| **Sent:** | Monday, February 25, 2019 10:02 AM |
| **To:** | DL - MDL 2804 |
| **Subject:** | FW: FW: EXTERNAL-Follow up from Feb 12 Meeting |

**From:** Pyser, Steven <SPyser@wc.com>
**Sent:** Monday, February 25, 2019 2:53:01 PM
**To:** Roitman, Sara; David R. Cohen; Ackerman, David
**Cc:** Singer, Linda; Peter Weinberger (phw@spanglaw.com) (phw@spanglaw.com); 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com'; 2804 Discovery, MDL; Scullion, Jennifer; Flowers, Jodi; Conroy, Jayne
**Subject:** RE: FW: EXTERNAL-Follow up from Feb 12 Meeting

Special Master Cohen:

I write on behalf of Distributor Defendants. Distributors believe it is premature to provide a final number of depositions that will be needed in response to plaintiffs' identification of pharmacies on January 11 and January 25. Nevertheless, and in response to your instruction, Distributors have consulted and believe they will collectively require twenty-four (24) depositions from the pharmacies named by plaintiffs as the sources of the suspicious orders that underlie the allegations against Distributors. Distributors expect each of these depositions to be a short exercise concentrating on the allegations as to that particular pharmacy, which were disclosed by plaintiffs last month. It is our understanding that no other defendant group intends to take such depositions.

For the reasons explained below, however, Distributors ask that this issue be held in abeyance and addressed based on actual depositions that are taken of pharmacies, not our estimate as to what may be necessary based on the information known at this time (a month after these pharmacies were first identified). We hope that in the near future, as we receive document discovery, we may be able to reduce this number. Providing a final number of necessary depositions now is premature because defendants were only able to begin to serve discovery on pharmacies in late January after identification by plaintiffs. Document discovery has only recently begun to trickle in from responses to those subpoenas. Distributors wish to review discovery before determining what pharmacy depositions will be necessary.

Although we recognize your Ruling on February 12 that plaintiffs may take reciprocal depositions of pharmacies, we submit that this unnecessarily adds to the total number of depositions and we request reconsideration. First, plaintiffs will be present at and may ask questions of the pharmacies Distributors depose. Second, Mr. Ackerman's e-mail implicitly admits that additional pharmacy depositions are unnecessary by renewing plaintiffs' "request that you enforce the January 25 discovery deadline and declare an end to CT1 fact discovery." The additional depositions of pharmacies that plaintiffs seek in exchange for the discovery distributors seek are not necessary to their case, nor is it discovery that could not have been sought prior to the close of fact discovery (unlike the discovery Distributors seek). On the very last day of scheduled discovery, plaintiffs identified dozens of pharmacies they allege placed suspicious orders. This information has been known to plaintiffs and had been sought by defendants since August to no avail. It is on this late-breaking information on which defendants' discovery is based. By contrast, whatever new pharmacy depositions plaintiffs may seek are necessarily based on information that has long been known to them. It is not the case that every piece of discovery by one side of this litigation should be met by an equal amount of discovery by the other. In Track One, plaintiffs took far more depositions of defendants than defendants took of plaintiffs. The deposition protocol provided plaintiffs with 420 depositions to defendants' 120. *See* Dkt. 643. Similarly here, the factual circumstances should dictate what is needed.

Defendants remain available to discuss these issues now or as more information becomes known with the Special Master and plaintiffs. As discussed on February 12, this discovery is crucial to distributors and we appreciate your consideration of this issue.

Thank you,
Steve

**Steven M. Pyser**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5808 | (F) 202-434-5029
spyser@wc.com | www.wc.com/spyser

---

**From:** Roitman, Sara [mailto:Sara.Roitman@dechert.com]
**Sent:** Sunday, February 24, 2019 11:58 PM
**To:** David R. Cohen <David@SpecialMaster.Law>; Ackerman, David <dackerman@motleyrice.com>
**Cc:** Singer, Linda <lsinger@motleyrice.com>; Peter Weinberger (phw@spanglaw.com) (phw@spanglaw.com) <phw@spanglaw.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xalldefendants-mdl2804-service@arnoldporter.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Pyser, Steven <SPyser@wc.com>; Scullion, Jennifer <JScullion@seegerweiss.com>; Flowers, Jodi <jflowers@motleyrice.com>; Conroy, Jayne <jconroy@simmonsfirm.com>
**Subject:** RE: FW: EXTERNAL-Follow up from Feb 12 Meeting

Special Master Cohen,

On behalf of the Manufacturer Defendants and consistent with your rulings during the February 12 conference, the Manufacturer Defendants plan to take (i) 10 third party prescriber depositions pursuant to your orders regarding Discovery Ruling No. 7 and (ii) issue 5 subpoenas on third party Alcohol, Drug Addiction and Mental Health Services Board (ADAMHS) providers for Summit and Cuyahoga Counties. The Manufacturer Defendants will withdraw the necessary ADAMHS board subpoenas that we do wish to pursue at this time by close of business on Tuesday, February 26th.

We remain available to discuss if you have any questions.

Regards,

Sara

---

**From:** David R. Cohen [mailto:David@SpecialMaster.Law]
**Sent:** Saturday, February 23, 2019 11:27 AM
**To:** Ackerman, David <dackerman@motleyrice.com>
**Cc:** Singer, Linda <lsinger@motleyrice.com>; Peter Weinberger (phw@spanglaw.com) (phw@spanglaw.com) <phw@spanglaw.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xalldefendants-mdl2804-service@arnoldporter.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; EXT spyser@wc.com <spyser@wc.com>; Scullion, Jennifer <JScullion@seegerweiss.com>; Roitman, Sara <Sara.Roitman@dechert.com>; Flowers, Jodi <jflowers@motleyrice.com>; Conroy, Jayne <jconroy@simmonsfirm.com>
**Subject:** RE: FW: EXTERNAL-Follow up from Feb 12 Meeting

Defendants must state the total number of depos they intend to take by 10:00a Monday, and it is a number subject to my approval. If Ds cannot do so by that time, I will choose a number.
-David

===========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**

-------- Original Message --------
Subject: FW: EXTERNAL-Follow up from Feb 12 Meeting
From: "Ackerman, David" <dackerman@motleyrice.com>
Date: Sat, February 23, 2019 12:07 pm
To: "'david@specialmaster.law'" <david@specialmaster.law>
Cc: "Singer, Linda" <lsinger@motleyrice.com>, "Peter Weinberger (phw@spanglaw.com) (phw@spanglaw.com)" <phw@spanglaw.com>, "'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com'" <xalldefendants-mdl2804-service@arnoldporter.com>, "2804 Discovery, MDL" <mdl2804discovery@motleyrice.com>, "spyser@wc.com" <spyser@wc.com>, "Scullion, Jennifer" <JScullion@seegerweiss.com>, "Roitman, Sara" <Sara.Roitman@dechert.com>, "Flowers, Jodi" <jflowers@motleyrice.com>, "Conroy, Jayne" <jconroy@simmonsfirm.com>

Special Master Cohen,

On February 12 – 10 days ago – you permitted discovery to proceed over Plaintiffs' objections with the caveat that Plaintiffs would have the ability to issue subpoenas (or take depositions) in an equal number to those sought by Defendants.  To facilitate that request, you ordered Defendants to identify the subpoenas they would pursue.

Ten days later, not a single Defendant has withdrawn any subpoena previously issued.  Nor have Defendants identified the total number of subpoenas they will issue.  Instead, we received the communication below from Mr. Pyser yesterday afternoon advising that "As a group, the defendants have not yet settled on a specific number of depositions that will be necessary."

Defendants' delay has prejudiced Plaintiffs' ability to take the discovery you ordered.  Specifically, Plaintiffs are subject to the same April 1 deadline, but Plaintiffs cannot proceed because we do not know how many subpoenas or depositions we can or should issue.

This situation is untenable.  Defendants have abused the latitude you granted in your ruling.  We renew our request that you enforce the January 25 discovery deadline and declare an end to CT1 fact discovery.

Respectfully,
David Ackerman

3

**David Ackerman** | Attorney at Law | Motley Rice LLC
401 9th St. NW, Suite 1001 | Washington, DC 20004
o. 202.849.4962 x5962 | f. 202.386.9622 | dackerman@motleyrice.com

**From:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Sent:** Friday, February 22, 2019 4:12 PM
**To:** DL - MDL 2804 <dl-mdl2804@motleyrice.com>
**Subject:** FW: EXTERNAL-Follow up from Feb 12 Meeting

**From:** Pyser, Steven <SPyser@wc.com>
**Sent:** Friday, February 22, 2019 9:10:15 PM
**To:** 2804 Discovery, MDL
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Subject:** EXTERNAL-Follow up from Feb 12 Meeting

On February 12, Special Master Cohen asked defendants to inform plaintiffs of their intent with respect to depositions of pharmacies as a result of plaintiffs' responses to Discovery Ruling 12 (served on January 11 and 25), which identify the alleged sources of suspicious orders.

As you know, defendants have served document requests and other discovery on certain pharmacies and we are awaiting responses from many of these non-parties.  As a group, the defendants have not yet settled on a specific number of depositions that will be necessary.  Given the late identification of pharmacies that allegedly placed suspicious orders, we have been trying to minimize the number of depositions.  Of course, as soon as any deposition is scheduled we will let the PEC know.

Defendants reserve their rights to seek discovery if plaintiffs identify additional pharmacies as the source of alleged suspicious orders at a later date.

Thank you,

**Steven M. Pyser**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5808 | (F) 202-434-5029
spyser@wc.com | www.wc.com/spyser

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.
Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

5