# Exhibit 3

| | |
|---|---|
| **From:** | Pyser, Steven |
| **To:** | Cardinal_WV |
| **Subject:** | FW: EXTERNAL-Time allowed for expert depositions |
| **Date:** | Saturday, April 06, 2019 10:45:23 AM |

**From:** David Cohen <david@davidrcohen.com>
**Date:** Saturday, Apr 06, 2019, 10:41 AM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>, Welch, Donna M. <dwelch@kirkland.com>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>, MRopioidserve <MDL2804discovery@motleyrice.com>, Erin Dickinson <ekd@cruegerdickinson.com>, Jayne Conroy <jconroy@simmonsfirm.com>
**Subject:** Re: EXTERNAL-Time allowed for expert depositions

**EXTERNAL E-MAIL**

Donna - You are repeating arguments I already addressed.  As my comments during yesterday's telecon made clear, I cannot and will not rule that Defendants **or Plaintiffs** get more than 7 hours for any expert deposition, given the strictures set down by the Court (which strictures I cannot/will not overrule).   Your options include: (1) asking the Court (not me) for relief, which I have told you I doubt you will receive, given the Judge's prior statements; (2) asking plaintiffs to agree to allow more time for certain experts, probably in exchange for a similar quid pro quo, and get as much relief as you can negotiate; and/or (3) choosing from the dates Ps have offered and going forward with 7-hour expert depositions, over objection.

I suppose you can also choose to forego an expert deposition altogether, which you will eventually do through inaction if you are not careful.  I understand Ds do not like the circumstances presented, but continued refusal to go forward pursuant to the rules and deadlines that have long been in place is necessarily a calculated risk, and the risk is waiver of obtaining any deposition at all.

-David

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Saturday, April 6, 2019 9:24 AM
**To:** Welch, Donna M.
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; MRopioidserve; David R. Cohen (David@SpecialMaster.Law); Erin Dickinson; Jayne Conroy
**Subject:** Re: EXTERNAL-Time allowed for expert depositions

We agree that the defendants are a family who worked in concert to create this epidemic.  These defendant families have worked in coordinated efforts to mount their defenses and to take offensive discovery.  In depositions of the bellwether witnesses, they have designated a few lawyers out of their families of defense firms to question the witnesses.  It is a simple fallacy to suggest that the experts will be questioned by lawyers from 20 different firms.   And any suggestion of due process issues associated with a 7 hour deposition simply does not pass the smell test.

We await your acceptance of the depo dates we have offered before we start to take them down.  Our experts have the dates reserved and soon we may  incur costs for cancellation which we will ask the court to impose on the defendants.

Pete

Sent from my iPad

On Apr 6, 2019, at 9:06 AM, Welch, Donna M. <dwelch@kirkland.com> wrote:

> Special Master Cohen -
>
> As I hope my prior message made clear, the emergency relief we seek from you is additional time to take what we believe are critical depositions, under the current schedule (absent Court relief).  As we explained, there are 20 defendant families in the Track 1 cases, and a single 7 hour day does not allow each defendant any meaningful opportunity to question these experts, which is a fundamental deprivation of due process.  We have further explained that in addition, each of these witnesses has provided a lengthy, detailed report, with multiple opinions - and many offer highly specific opinions that are specific to individual defendants.  Under these circumstances, we do not believe that a single 7 hour day is appropriate, nor do we believe it is necessary even under the current schedule. If further explanation by witness is required, we are happy to provide that over the weekend.
>
> Thank you, Donna
>
> **Donna Welch, P.C.**

---

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2425  **M** +1 773 550 1743
**F** +1 312 862 2200

---

donna.welch@kirkland.com