**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-MD-2804 |
| *All Cases* | Judge Dan Aaron Polster |

**NOTICE OF BANKRUPTCY COURT ORDER ENJOINING THE CONTINUATION OF THESE PROCEEDINGS AS TO RELATED PARTIES TO DEBTOR PURDUE PHARMA L.P. AND AFFILIATED DEBTORS**

On October 11, 2019, the United States Bankruptcy Court for the Southern District of New York issued an order, which was amended on October 18, 2019 (the "**Amended Preliminary Injunction Order**") pursuant to 11 U.S.C. § 105(a), granting, in part, a motion by Purdue Pharma L.P. and certain affiliated debtors (the "**Debtors**"), for a preliminary injunction. *See In re Purdue Pharma L.P.,* et al., No. 19-23649 (RDD), Adv. Pro. No. 19-08289, Dkt. No. 89 (Bankr. S.D.N.Y. Oct. 18, 2019). A copy of the Amended Preliminary Injunction Order is attached as **Exhibit 1** hereto. The Amended Preliminary Injunction Order states, in relevant part:

> Governmental Defendants and the Private Defendants are prohibited and enjoined from . . . the commencement or continuation of their active judicial, administrative, or other actions or proceedings against the Debtors and/or Related Parties that were or could have been commenced before the commencement of [this bankruptcy] case . . . against the Debtors and/or the Related Parties arising from or in any way relating to the Debtors' prescription opioid business, including the actions reflected in the attached Exhibit A and Exhibit B, as well as . . . . any other actions against the Debtors or Related Parties alleging substantially similar facts or causes of action . . . . through and including Wednesday, November 6, 2019. The preliminary injunction period may be extended by further order of the Court.
>
> [Ex. 1, at 4-5]

The Amended Preliminary Injunction Order further states that "all applicable statutes of limitations and similar time limits on the commencement of Additional Actions, and all (including deadlines for appeals) deadlines in any currently pending Governmental Actions or Related Party Claim (including as agreed on the record at the Hearing by the representatives of the Sackler Families), shall be tolled or otherwise inoperative for the duration of this preliminary injunction." *Id.* at 6.

"Governmental Defendants" are defined in the Amended Preliminary Injunction Order to mean "the governmental defendants in [the bankruptcy] adversary proceeding." *Id.* at 1. The "Private Defendants" are defined to mean "private defendants in [the bankruptcy] adversary proceeding." *Id.* at 2. The Amended Preliminary Injunction Order encompasses all actions in this MDL proceeding because these actions are, or are substantially similar to, those listed in Exhibit B to the Complaint for Injunctive Relief, an excerpted copy of which is attached as **Exhibit 2**. Ex. B to Ex. 2, at 12, 28, 155-196. "Related Parties," in turn, is defined to include "former or current (a) owners (including any trusts and their respective trustees and beneficiaries), (b) directors, (c) officers, (d) employees, and (e) other similar associated entities of the Debtors," thereby encompassing David A. Sackler, Ilene Sackler Lefcourt, Jonathan D. Sackler (individually and in his alleged capacity as a trustee of the Alleged Trust for the Benefit of Members of the Raymond Sackler Family, the "**Alleged Trust**"), Kathe Sackler, Mortimer D.A. Sackler, Richard S. Sackler (individually and in his capacity as alleged trustee of the Alleged Trust), Theresa Sackler, Rosebay Medical Company L.P., Rosebay Medical Company Inc., Beacon Company, the Estate of Raymond Sackler, and the Estate of Mortimer Sackler

(collectively, the "**Related Party Defendants**").[1] Ex. 1, at 2; *see also* Ex. 2 ¶ 15. Thus, the Amended Preliminary Injunction Order enjoins the continuation of these current proceedings and discovery as to the Related Party Defendants.

By filing this notice, Related Party Defendants are expressly preserving all of their defenses, including but not limited to the lack of personal jurisdiction.

Dated: October 18, 2019

/s/ Stuart G. Parsell
Stuart G. Parsell (Ohio Bar No. 0063510)
Ariel A. Brough (Ohio Bar No. 0090712)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Tel: (614) 365-9900
Fax: (614) 365-7900
parsell@litohio.com
brough@litohio.com

Attorneys for Richard Sackler, Jonathan Sackler, Mortimer D.A. Sackler, Kathe Sackler, Ilene Sackler Lefcourt, Theresa Sackler, David Sackler, The Estate of Raymond Sackler, The Estate of Mortimer Sackler, Rosebay Medical Company L.P., Rosebay Medical Company, Inc. and Beacon Company and Richard Sackler and Jonathan Sackler as alleged Trustees of the alleged Trust for the Benefit of Members of the Raymond Sackler Family, and Former Attorneys to Beverly Sackler

---

[1] On October 14, 2019, Defendant Beverly Sackler passed away. *See* Suggestion of Death, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD), Dkt. 301 (Bankr. S.D.N.Y. Oct. 14, 2019).

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Stuart G. Parsell
Stuart G. Parsell (0063510)

834280