UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

# NON-PARTY MOTION TO QUASH TRIAL SUBPOENA OF KENNETH MILLS

## FACTS

Kenneth Mills has been indicted by the Cuyahoga County Court of Common Pleas, Criminal Court Division, for one count of tampering with records, one count of telecommunications fraud, four counts of falsification, and two counts of obstructing of officials records, in violation of §2913.42(A)(1); §2913.05(A); §2921.13(A)(1); and §2921.31(A), respectively.

On October 5, 2019, Mr. Mills was served with a subpoena to testify at this trial from October 21, 2019 through approximately December 13, 2019. Mr. Mills has repeatedly advised the parties that he will exercise his Fifth Amendment right not to testify in this case. He has limited knowledge of the relevant underlying issues and any subpoena is a transparent attempt to harass Mr. Mills and elicit otherwise inadmissible and prejudicial evidence.

## ARGUMENT

Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure provides, in relevant part, that a court must quash or modify a subpoena that "subjects a person to undue burden." In determining whether a subpoena is unduly burdensome, a court may consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, non-privileged, and crucial to the moving party's case." *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008) (internal citation and quotation omitted).

Some courts have more squarely held that "[i]t is within the court's discretion to quash a subpoena where the testimony or information sought is irrelevant." *Griffiths v. Ohio Farmers Ins. Co*, 2010 WL 2639913 at *1 (N.D. Ohio June 29, 2010). And, it is well-settled

that "the status of a person as a non-party is a factor that weighs against disclosure." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).

Mr. Mills intends to invoke his Fifth Amendment right, and therefore, Defendants will be unable to elicit any admissible testimony justifying his presence at trial. Defendants' testimony is therefore unreasonable and unduly burdensome. Indeed, this Court has recently expressed an unwillingness to compel a non-party witness to trial, reasoning that a non-party's invocation of his Fifth Amendment rights does not permit an adverse inference at trial. *See* October 15, 2019 Transcript of Final Pretrial Conference Dkt. 2828 at 29:12-19 (quashing a trial subpoena for Director of Regulatory Affairs for McKesson, under similar circumstances, on the grounds that any adverse inference would be "far more prejudicial than probative.")

But even if the Court was inclined to find that an adverse inference is sufficient to justify ordering Mr. Gustin to trial, Mr. Mills is in a wholly different position. As the Director of Regulatory Affairs for McKesson, Mr. Gustin was involved in the highly germane activities of managing thresholds and approving or disapproving threshold increases for opioid orders from pharmacies and monitoring for suspicious order patterns to prevent diversion. Mr. Gustin was involved in these activities in fifteen states for approximately 13,000 customers.

Unlike Mr. Gustin, Mr. Mills is far removed from the central conduct and issues in question in this litigation. Defendants have previously claimed that Mr. Mills testimony is relevant to Cuyahoga County's damages attributed to the County Corrections Department. However, Mr. Mills has previously represented to the parties that he has no such knowledge. Moreover, it is Mr. Mills' understanding that Plaintiffs have made other witnesses available for deposition and trial who are more

knowledgeable and far more capable to address the costs associated with the County Corrections Department.

When viewed in the totality of the circumstances, the subpoena can only be described as an intentional attempt to introduce prejudicial and irrelevant evidence to the jury. Mr. Mills' testimony is not relevant and the subpoena therefore is intended purely to harass him and is unduly burdensome. Accordingly, Mr. Mills respectfully requests that this Court quash Defendants' subpoena in its entirety.

                                        Respectfully submitted,

\S\ KEVIN M. SPELLACY
**KEVIN M. SPELLACY  (0042374)**
The Rockefeller Building, Suite 1300
614 West Superior Avenue
Cleveland, Ohio  44113-1306
Phone: (216) 344-9220
Fax:    (216) 664-6999
E-mail:kspell@mghslaw.com

COUNSEL FOR DEFENDANT
KENNETH MILLS

**CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served via the Court's ECF system to all counsel of record on October 18, 2019.

\S\ KEVIN M. SPELLACY
**KEVIN M. SPELLACY  (0042374)**