IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One Cases* | MDL NO. 2804<br><br>Civ. No. 1:17-md-02804-DAP<br><br>HON. JUDGE DAN A. POLSTER |

**MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON DISTRIBUTOR MOTION IN LIMINE NO. 3 AND MCKESSON MOTION IN LIMINE NO. 2**

AmerisourceBergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Henry Schein, Inc. (collectively, "Distributors") and Walgreen Co.[1] hereby seek reconsideration of the Court's ruling on Distributors' Motion in Limine No. 3, Dkt. 2666.  McKesson hereby seeks reconsideration of the Court's ruling on McKesson's Motion in Limine No. 2, Dkt. 2663-1.

**Distributors' MIL No. 3**

Distributors' MIL No. 3 sought exclusion of arguments about and "evidence of criminal indictments and investigations without corresponding proof of a final judgment of conviction." Dkt. 2666 at 8.  On October 15, 2019, this Court ruled on Distributors' MIL No. 3, stating:

> Evidence of criminal indictments without corresponding proof of final judgment or conviction.  It's granted as to the indictments that did not lead to a conviction.  It's denied as to general criminal investigations, unless the source of the information or other circumstances lack trustworthiness.

Dkt. 2828 at 18.

Distributors move for reconsideration of the portion of the ruling related to investigations because:  (1) the "investigations" aspect of the ruling is inconsistent with the Court's other rulings on the admissibility of evidence relating to investigations, including its rulings granting Plaintiffs' motions to exclude evidence relating to investigations; (2) Plaintiffs conceded Distributors' MIL No. 3 with respect to investigations; and (3) evidence of and arguments about *the fact of* an investigation against a party are not admissible under Federal Rules of Evidence 401 and 403.  Indeed, evidence of a criminal investigation of a party is inadmissible for precisely the same reasons that evidence of indictments is inadmissible: it amounts to nothing more than highly prejudicial hearsay regarding unproved allegations.

---

[1] Walgreens joined Distributor Defendants' MIL No. 3.  Dkt. 2648 at n.1.

***First***, the Court excluded other evidence pertaining to the fact that an investigation was conducted against a party. In particular, Plaintiffs' MIL No. 30 requested that the Court exclude "[a]ny reference to grand jury testimony or proceedings involving Cuyahoga County." Dkt. 2652 at 37. The Court granted Plaintiffs' MIL No. 30, stating:

> Number 30, I think, both sides agree that the fact of the grand jury proceeding is inadmissible. So there won't be any reference to a grand jury investigation, but if there are underlying facts that led to an investigation, that's fair game for either side.

Dkt. 2828 at 14.

The Court also granted Plaintiffs' MIL No. 33, Dkt. 2652 at 38, which sought exclusion of "[a]ny reference to any investigations of former Cuyahoga County Sheriff Pinkney or the Cuyahoga County Sheriff's Office":

> [Plaintiffs' MIL No.] 33, again, is granted. We're not going to refer to general investigations of people. That's not relevant. If it led to an indictment and the charge is somehow relevant, then so be it.

Dkt. 2828 at 14. There is no basis for excluding evidence of investigations of Plaintiffs or their witnesses but admitting such evidence about Defendants—indeed, it would be fundamentally unfair to do so. To the extent the Court did *not* intend to issue inconsistent rulings, Defendants request a clarification, with respect to Distributors' MIL No. 3, that the fact of an investigation of any Defendant or defense witness is not the proper subject of argument, testimony or documentary evidence, even if the underlying facts that led to the investigation are fair game.

***Second***, although Distributors' MIL No. 3 requested that the Court exclude evidence of both indictments and investigations of Defendants and their witnesses, Dkt. 2666 at 8–11, Plaintiffs' short response addressed only indictments, thereby conceding that investigations are not admissible. Even with respect to indictments, Plaintiffs largely conceded the motion, stating that "[a]lthough the indictment and related documents are included on Plaintiffs' exhibit list,

- 2 -

Plaintiffs do not intend to introduce these documents unless necessary for some other purpose, such as impeachment." Dkt. 2727 at 63.

***Third***, and as the Court's ruling on Plaintiffs' MIL No. 33 reflects, evidence of the fact of an investigation against a party should be excluded. As explained in Distributors' MIL No. 3, Dkt. 266 at 10–11, the grounds for excluding evidence of ongoing criminal investigations are just as compelling as the grounds for excluding evidence of indictments, if not more so. Like an indictment, the mere existence of a criminal investigation is not evidence admissible against a defendant. Even if a criminal investigation could be deemed to have some minimal probative value, that probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See Spencer v. McDonald*, 705 F. App'x 386, 390 (6th Cir. 2017) (affirming decision to exclude evidence of a criminal investigation under Rule 403); *Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC*, 2010 WL 848689, at *1 (E.D. Mich. Mar. 8, 2010) (excluding evidence of criminal investigation under Rule 403); *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 2003 WL 2005233, at *10 (N.D. Ill. Apr. 30, 2003) (same). Accordingly, if an indictment short of a conviction is inadmissible, so too should an investigation short of a conviction (indeed, short of an indictment) be inadmissible.

For these reasons, Distributors respectfully move for reconsideration on evidence of criminal investigations.

**McKesson's MIL No. 2**

McKesson's MIL No. 2 sought exclusion of evidence or argument about the U.S. House of Representatives Energy and Commerce Committee's ("House E&C") investigation into events occurring in West Virginia. Dkt. 2663-1 at 2. The Court denied this motion, stating only that

such evidence "may be relevant."  Dkt. 2828 at 17:18–20.  McKesson moves for reconsideration of that ruling for three reasons.  Cardinal Health, AmerisourceBergen, and Henry Schein hereby move for exclusion of this evidence on the same grounds.

*First*, the fact of an investigation by a Congressional committee is inadmissible for the reasons stated above.  The House E&C investigation is particularly lacking in probative value and is prejudicial because it was initiated after the filing of many of the lawsuits pending in the MDL and because of Plaintiffs' counsel's own involvement in that "investigation," which was conducted by the majority staff of the Committee.  Dkt. 2663-1 at 2–3; Dkt. 2802 at 2–3.  Plaintiffs' counsel briefed Congressional staff and advised staff how to cross-examine distributors.  Dkt. 2663-1 at 2–3; Dkt. 2802 at 2–3.  The investigation therefore did not take place in an environment free of outside influence.

*Second*, while the Court held that the House E&C investigation "*may* be" relevant, Plaintiffs have made no showing of relevance.  The investigation concerned events occurring in West Virginia.  Dkt. 2663-1 at 2–3; Dkt. 2802 at 2–3.  Plaintiffs have presented absolutely no evidence to show that any pills distributed in West Virginia caused harm in the Plaintiff Counties.  And the Committee did not investigate or reach any factual conclusions about nationwide distribution practices.  Dkt. 2802 at 2–3.  As such, the investigation and final Committee report are not relevant to Summit and Cuyahoga Counties' claims.

*Third*, the letters sent from members of Congress to Distributors and the Committee's final report are hearsay.  The letters merely repeat media reports and complaint allegations.  Dkt. 2663-1 at 2–3.  Indeed, Plaintiffs concede that letters sent from Congress to Distributors are inadmissible hearsay and cannot be offered for their truth.  Pl. Opp. 96–97.  They claim, nevertheless, to want to introduce them to establish that Distributors were aware of the House's

investigation. But, because the investigation is irrelevant, any awareness of it is irrelevant to Summit and Cuyahoga Counties.

The majority staff's final report does not fall within the public records exception to hearsay, *see* Fed. R. Evid. 803(8), because this exception does not apply where the investigation was "highly charged" and involved matters already a subject of litigation and was subject to influence by litigants.

Distributors therefore respectfully request that the Court exclude evidence of the House E&C investigation as irrelevant and unfairly prejudicial and should exclude documentary evidence also as inadmissible hearsay.

Dated: October 18, 2019  Respectfully Submitted,

 */s/ Geoffrey E. Hobart*  */s/ Enu Mainigi*
Geoffrey E. Hobart  Enu Mainigi
Mark H. Lynch  F. Lane Heard III
**COVINGTON & BURLING LLP**  Jennifer G. Wicht
One CityCenter  Steven M. Pyser
850 Tenth Street NW  Ashley W. Hardin
Washington, DC 20001  **WILLIAMS & CONNOLLY LLP**
Tel: (202) 662-5281  725 Twelfth Street NW
ghobart@cov.com  Washington, DC 20005
mlynch@cov.com  Tel: (202) 434-5000
swinner@cov.com  Fax: (202) 434-5029
  emainigi@wc.com
*Counsel for McKesson Corporation*  lheard@wc.com
  jwicht@wc.com
  spyser@wc.com
  ahardin@wc.com

  *Counsel for Cardinal Health, Inc.*

| | |
|---|---|
| /s/ Robert A. Nicholas | /s/ John P. McDonald |
| Robert A. Nicholas | John P. McDonald |
| Shannon E. McClure | C. Scott Jones |
| Kim M. Watterson | Lauren M. Fincher |
| **REED SMITH LLP** | Brandan J. Montminy |
| Three Logan Square | **LOCKE LORD LLP** |
| 1717 Arch Street, Suite 3100 | 2200 Ross Avenue, Suite 2800 |
| Philadelphia, PA 19103 | Dallas, TX 75201 |
| Tel: (215) 851-8100 | Tel: (214) 740-8000 |
| Fax: (215) 851-1420 | Fax: (214) 756-8758 |
| rnicholas@reedsmith.com | jpmcdonald@lockelord.com |
| smcclure@reedsmith.com | sjones@lockelord.com |
| kwatterson@reedsmith.com | lfincher@lockelord.com |
| | brandan.montminy@lockelord.com |
| *Counsel for AmerisourceBergen Drug Corporation* | *Counsel for Henry Schein, Inc.* |

 /s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Matthew W. Brewer
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
matthew.brewer@bartlitbeck.com

Alex J. Harris
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreen Co.*

## CERTIFICATE OF SERVICE

I, Robert A. Nicholas, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

 /s/ Robert A. Nicholas
Robert A. Nicholas
