IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-d-2804<br><br>Hon. Dan Aaron Polster |

### Reply in Support of Motion to Quash Trial Subpoena
### To Walgreens Employee Deborah Bish

Plaintiffs do not dispute the central facts underlying Walgreens' motion to quash: that Ms. Bish underwent lung surgery earlier this year and experiences significant post-operative pain that is exacerbated by stress and lack of sleep. *See* Dkt. No. 2844 at 3 ("Plaintiffs have no reason to dispute Ms. Bish's assertions relating to her health."). Instead, Plaintiffs try to re-diagnose Ms. Bish's health condition as due primarily to "sleep deprivation" and suggest that it is somehow Walgreens' fault that appearing at trial would be an undue burden. *Id.* at 3.

Plaintiffs also fault Walgreens for not filing this motion sooner. *Id.* The motion was timely filed just over two days after receiving the letters from Ms. Bish's healthcare providers that support it. Moreover, until Plaintiffs filed their response, it was not at all clear whether Plaintiffs intended to call Ms. Bish live, by deposition, or at all. ***Plaintiffs initially designated seven hours of Ms. Bish's deposition testimony themselves***, and subsequently served counter designations to the testimony Walgreens designated. Plaintiffs have never objected to Walgreens playing her deposition testimony at trial, despite a court-ordered deadline to do so by October 2, 2019. Dkt. 1598 at 7. Plaintiffs also ignored counsel's questions seeking clarity on this matter after Ms. Bish was served with the subpoena. *See* Ex. 1 at 1, 10/4/19 and 10/7/19 Swift Emails to Shkolnik.

Nowhere in Plaintiffs' response do they articulate a reasoned basis for forcing Ms. Bish to appear in person at trial, 100 miles away from her home, when Plaintiffs have access to her full-day, videotaped deposition—a deposition Plaintiffs repeatedly state is full of good testimony for them.  Dkt. No. 2844. at 2 ("Plaintiffs were able to elicit several incendiary facts regarding Walgreens distribution practices at Ms. Bish's deposition . . . ."); *id.* at 3 (referring to Ms. Bish's supposedly "damaging deposition testimony").  There is no reason to subject Ms. Bish to the health strain of testifying, when plaintiffs have the testimony they need.  The subpoena should be quashed.

Dated:   October 18, 2019

Respectfully Submitted,

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Matthew W. Brewer
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
matthew.brewer@bartlitbeck.com

Alex J. Harris
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreen Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2019, the foregoing has been served via CM/ECF to all counsel of record.

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co.*