# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

### Walgreens' Response to Plaintiffs' Objection to Special Master's October 15, 2019 Ruling Permitting Defendants to Designate Certain Pharmacists as Trial Witnesses

Plaintiffs have objected to certain of the Special Master's comments during a conference held on October 15, 2019, about three Walgreens pharmacists who are on Walgreens' witness list for trial. The objection is baseless, and should be overruled, for three reasons: First, the Special Master did not issue any ruling on October 15, and therefore there is nothing to object to. Second, as explained elsewhere (*see* Dkt. 2772), the trial testimony of the pharmacists in question is entirely proper. Plaintiffs' objection is based on the incorrect premise that Walgreens resisted pharmacy discovery when, in fact, Walgreens voluntarily produced large volumes of discovery related to pharmacies and dispensing. Third, if the Court enters any ruling, that ruling should allow testimony from any witness disclosed on or before the deadline of March 4, 2019, including Walgreens' pharmacists, and preclude testimony of all witnesses disclosed after the deadline. Consistent with the Court's *in limine* decisions, that ruling should make clear that trial witnesses may testify about information that was the subject of discovery. And the ruling should apply to plaintiffs' witnesses just as it applies to defendants' witnesses.

*First*, there is no ruling for Plaintiffs to object to. Plaintiffs mischaracterize the Special Master's comments at the October 15 hearing as a "ruling." But the Special Master was explicit that it was no such thing. Plaintiffs' objection omits these prefatory remarks:

>And here's some rules *that I'm thinking of applying* which would resolve these issues, but *I also don't want to take off the table the opportunity for the parties to work this out amongst themselves*, which I know they've been trying to do, but it hasn't happened yet.

Ex. 1, 10/15/19 SM Cohen Hr'g Tr. at 12:21-26 (emphases added).  Plaintiffs also omit the Special Master's closing remarks on the topic:

>Like I said, there are some answers I can give you. This is the extent of my thinking, and I know it needs more thinking and maybe more specific rulings.  What I'm asking you to do, given what I've explained, [is] to meet and see if you can't figure something out.

*Id.* at 18:15-20.  Because there has been no ruling on the question of whether pharmacists can testify at trial, or regarding the scope of their permissible testimony, there is nothing for plaintiffs to object to.  The Court should overrule the objection on this ground alone.

**Second**, the trial testimony of Walgreens' pharmacists is entirely proper.  As explained in response to plaintiffs' witness objections, Walgreens timely disclosed all of its pharmacy witnesses on March 4.  *See* Dkt. 2772 at 2-4.  Plaintiffs never asked to depose any of them.[1]

Plaintiffs' contention that Walgreens blocked pharmacy discovery in this case is false.  Indeed, Walgreens voluntarily produced:

- *All* of its dispensing policies and procedures;
- *All* dispensing documents related to suspicious order monitoring in the Track One jurisdictions;
- *All* documents regarding the evaluation of opioid orders from Walgreens pharmacies in Track One;
- *All* compensation policies for pharmacists in Track One;
- *All* transactional data showing the volume of opioid medications shipped to Walgreens' pharmacies in Track One; and
- Substantial quantities of other pharmacy documents related to pharmacist training and pharmacy efforts to prevent diversion and prescription opioid abuse.

---

[1] Plaintiffs continue to conflate Walgreens' three pharmacy witnesses with other defendants' abandoned plan to depose third-party pharmacists during discovery.  Dkt. 2845 at 3-4.  The fact that other distributors chose not to take those third-party depositions has nothing to do with whether Walgreens properly disclosed its own pharmacists, or whether plaintiffs ever asked to depose them.

2

In addition, at depositions, Walgreens' witnesses—many of whom are pharmacists by training—answered every pharmacy- and dispensing-related question put to them. Plaintiffs were free to ask them any questions about their work as Walgreens pharmacists prior to their current roles. For example, plaintiffs deposed pharmacist Jaime Whited, who, until 2015, was a pharmacy supervisor with responsibility for oversight of pharmacy and dispensing activities at Walgreens pharmacies in northeastern Ohio. All of that discovery is fair game for the Walgreens' pharmacists to testify about. The notion that plaintiffs lack what they need to cross-examine the three pharmacists on Walgreens' witness list is absurd.

Plaintiffs assert that they would be precluded from questioning the pharmacists about the total volume of opioid medications they ***dispensed***, and that this would be somehow prejudicial. But there are no dispensing claims in this case. That data is irrelevant. And again, plaintiffs have Walgreens' transactional data showing ***every order*** for opioids that Walgreens shipped to any pharmacy in Track One from late 2002 until Walgreens stopped distributing in 2014. Moreover, the Court denied defendants' motion *in limine* that sought to preclude plaintiffs from relying on evidence they produced about individual prescriptions. *See* Ex. 2, 10/15/19 Hon. Polster Hr'g Tr. at 15:22-25 ("Plaintiffs can introduce individualized evidence of [pre]scription[s] and shipments, but only ***if it was produced by the plaintiffs during discovery***."). A similar rule should apply here. Walgreens should be allowed to offer testimony on any topic that was the subject of discovery.

***Finally***, to the extent the Court determines an order is necessary, that order should simply make clear that (1) any witness disclosed on or before the March 4, 2019 deadline may be called at trial to testify about (2) matters that were properly disclosed in discovery, and (3) no depositions shall be ordered. As the Special Master observed, that ruling would allow all three

Walgreens pharmacists to testify at trial, but it would preclude plaintiffs' witness Orlando Howard from testifying, because he was not disclosed until September, six months past the deadline.  It would also preclude Travis Bornstein from testifying about his son's death due to a heroin overdose, because plaintiffs did not disclose evidence of specific personal loss in discovery.  *See* Ex. 1 at 17:11-14.

For all of these reasons, plaintiffs' objection should be overruled.

Dated: October 19, 2019                    Respectfully Submitted,

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Matthew W. Brewer
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
matthew.brewer@bartlitbeck.com

Alex J. Harris
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreen Co.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2019, the foregoing has been served via CM/ECF to all counsel of record.

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co.*