# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                          EASTERN DIVISION

-------------------------------X
IN RE: NATIONAL PRESCRIPTION    : Case No. 1:17-md-2804
OPIATE LITIGATION               : Cleveland, Ohio
                                :
                                :
FINAL PRETRIAL PROCEEDINGS      : Tuesday, October 15, 2019
                                : 11:08 a.m.
                                :
                                :
                                :
                                :
-------------------------------X



           TRANSCRIPT OF FINAL PRETRIAL PROCEEDINGS

              BEFORE SPECIAL MASTER DAVID R. COHEN




Court Reporter:            Donnalee Cotone, RMR, CRR, CRC
                           United States District Court
                           801 West Superior Avenue
                           Court Reporters 7-189
                           Cleveland, Ohio 44113
                           216-357-7078
                           donnalee_cotone@ohnd.uscourts.gov




Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

| | |
|---|---|
| 1 | MR. ACKERMAN: I don't know that there was a |
| 2 | set deadline -- |
| 3 | SPECIAL MASTER COHEN: David Ackerman. |
| 4 | MR. ACKERMAN: Yeah. David Ackerman. |
| 11:17:11 5 | I don't recall a set deadline that depositions had to |
| 6 | be finished by. What I do recall are two separate |
| 7 | deadlines. First there was a January 1st deadline, where |
| 8 | you stated that you would not allow any additional requests |
| 9 | for party depositions. And after January 25th, there |
| 11:17:31 10 | were -- there were depositions that went forward after that |
| 11 | date based on agreement of the parties due to things like a |
| 12 | witness unavailability prior to January 25th, or counsel |
| 13 | unavailability. |
| 14 | SPECIAL MASTER COHEN: Let me put it this way: |
| 11:17:48 15 | Were depositions done by March 4th? Were there depositions |
| 16 | that occurred after March 4th? |
| 17 | I'm seeing Kate say yes. |
| 18 | MS. SWIFT: Kate Swift for Walgreens. There |
| 19 | were a number of depositions that occurred after March 4th. |
| 11:18:04 20 | SPECIAL MASTER COHEN: Roughly when did they |
| 21 | end? |
| 22 | MS. SWIFT: July. |
| 23 | SPECIAL MASTER COHEN: And were those experts |
| 24 | and fact? |
| 11:18:11 25 | MS. SWIFT: There were at least fact |

|          |                                                                                                  |
|----------|--------------------------------------------------------------------------------------------------|
| 1        | depositions.  I don't recall whether -- there was a fact                                         |
| 2        | deposition that was two days, July 11th and 12th.  I don't                                       |
| 3        | recall any expert depositions that late, but someone can                                         |
| 4        | correct me.                                                                                      |
| 11:18:25 5 | MR. ACKERMAN:  David Ackerman again.                                                            |
| 6        | Special Master Cohen, as I recall, those depositions                                             |
| 7        | were DEA depositions, at least a number of them were in May                                      |
| 8        | and June.                                                                                        |
| 9        | SPECIAL MASTER COHEN:  Okay.                                                                     |
| 11:18:37 10 | So here's the reason I ask:  McKesson is requesting                                           |
| 11       | depositions of three witnesses.  I think that plaintiffs --                                      |
| 12       | and that's Bornstein, Johnson, and Howard.  I think that                                         |
| 13       | plaintiffs are also asking for depositions of seven                                              |
| 14       | pharmacist witnesses, preceded by the argument that those                                        |
| 11:19:13 15 | seven pharmacist witnesses shouldn't be allowed at all.                                       |
| 16       | And here's some rules that I'm thinking of applying                                              |
| 17       | which would resolve these issues, but I also don't want to                                       |
| 18       | take off the table the opportunity for the parties to work                                       |
| 19       | this out amongst themselves, which I know they've been                                           |
| 11:19:35 20 | trying to do, but it hasn't happened yet.                                                     |
| 21       | As far as I'm concerned, discovery is closed.  It's                                              |
| 22       | been closed for a long time.  That includes depositions.  If                                     |
| 23       | y'all want depositions of witnesses yet to be called who                                         |
| 24       | weren't deposed during the discovery period, that's                                              |
| 11:19:55 25 | something you have to agree to, otherwise they don't occur. |

Case: 1:17-md-02804-DAP Doc #: 2827-1 Filed: 10/15/19 13 of 41. PageID #: 426573

13

```
              1    I don't grant them.
              2           It seems to me you had an opportunity during discovery
              3    to take deposition discovery, and there are by a factor
              4    probably of at least two folks you could have deposed, but
   11:20:12   5    strategically couldn't and didn't.  I get that.  But
              6    discovery is closed.
              7           What that might mean is at trial you have to go
              8    bareback -- hi, you're trial attorneys -- which means that
              9    you would have to adduce evidence from witnesses at trial
   11:20:25  10    whom you haven't learned what they said before they got
             11    here.  That's just the way it would go.
             12           Another rule that I'm thinking might make sense, and
             13    I've suggested certainly with regard to documentary
             14    evidence, is if a witness wasn't disclosed during the
   11:20:43  15    discovery period, which I defined to be ending at March 4th,
             16    okay, because we all agreed that there was additional
             17    discovery, whether it was because I said so or you guys
             18    agreed to it, not January 25th.
             19           So if a witness was identified during discovery before
   11:21:02  20    March 4th, that witness can be called.  If that witness
             21    wasn't deposed, as I said, too bad, unless there's an
             22    agreement.
             23           What I believe that means is that the seven pharmacist
             24    witnesses were identified before March 4th.  What I believe
   11:21:22  25    that means is that Bornstein and Johnson were identified
```

Case: 1:17-md-02804-DAP Doc #: 2855-1 Filed: 10/20/19 6 of 10. PageID #: 428624
Case: 1:17-md-02804-DAP Doc #: 2827-1 Filed: 10/15/19 14 of 41. PageID #: 426580

14

1  before March 4th, but Howard was not, and so that's how that
2  would play.
3      Now, there would be exception to that rule for
4  compelling circumstances, and so if there is a witness who,
5  for good reasons, is late identified after March 4th, and
6  whose presence at trial would be required to have a fair
7  trial, then that would be an exception, but that would be an
8  unusual set of circumstances, and I'm guessing that Howard
9  doesn't meet it. Howard wasn't identified until, I don't
10 know, two, three weeks ago, and I'm not thinking that Howard
11 is somebody without whom a fair trial couldn't occur.
12     Those two rules are entirely subject to Rule 3, which
13 is, you can agree otherwise. You can agree to call
14 witnesses who were not timely identified. You can agree to
15 depose witnesses who weren't deposed during the discovery
16 period. If you were to agree to that, then the deposition
17 ground rules would also have to be agreed to.
18     But that's all subject to your agreement, and I'm
19 happy to help you mediate those kind of, you know,
20 resolutions; but it's against that context, it's against
21 that background.
22          MR. ACKERMAN: Special Master Cohen, David
23 Ackerman.
24     Again, for the record, in our objections we identified
25 another five witnesses who were not disclosed during the

Case: 1:17-md-02804-DAP Doc #: 2855-1 Filed: 10/20/19 7 of 10. PageID #: 428625
Case: 1:17-md-02804-DAP Doc #: 2827-1 Filed: 10/15/19 16 of 41. PageID #: 426582

16

| | | |
|---|---|---|
| | 1 | at the instance of the pharmacy defendants. |
| | 2 | And so what that means is that there has to be some |
| | 3 | sort of restrictions as to what the pharmacy witnesses can |
| | 4 | say, would be allowed to testify about, and that would be |
| 11:25:00 | 5 | limited to SOMS, distribution, and diversion. |
| | 6 | It's hard for me to tell certainly from the |
| | 7 | descriptions that you provide what the pharmacy witnesses |
| | 8 | will talk about.  Walgreens says we will talk about pharmacy |
| | 9 | managing, and Cardinal says we will have the four CVS |
| 11:25:19 | 10 | witnesses talk about whatever we need them to talk about in |
| | 11 | response to plaintiffs' case.  I can't tell what it is |
| | 12 | defendants anticipate they will call those witnesses for and |
| | 13 | what they hope to elicit from them, but it will not be the |
| | 14 | case that they will get into the depths of dispensing unless |
| 11:25:38 | 15 | it relates to SOMS. |
| | 16 | Now, what does that all mean?  I don't know.  I'm |
| | 17 | giving you broad outlines for something we will have to |
| | 18 | figure out going forward.  I can't answer questions that I'm |
| | 19 | sure you have right now about what exactly I mean, because I |
| 11:25:50 | 20 | don't know.  We're probably going to have to get together, |
| | 21 | and I'm going to somehow slice and dice what it is those |
| | 22 | witnesses would be allowed to say; which suggests that it |
| | 23 | might be a good idea to depose them so that I can understand |
| | 24 | what it is that y'all are trying to adduce. |
| 11:26:08 | 25 | But those are my thoughts on the pharmacy witnesses. |

|  |  |
|---|---|
| 1 | One other thing: You will recall long ago, and this |
| 2 | kind of underlies all of this, that there were discovery |
| 3 | disputes about specific prescriptions and specific orders |
| 4 | and specific pharmacies, and how that all played out. |
| 11:26:29  5 | And Linda Singer sent a memo to the Court saying, |
| 6 | look, this is what we intend to do. We intend to prove our |
| 7 | case using an aggregate theory, but there are some things we |
| 8 | would do also, and she laid those out. And that includes, |
| 9 | for example, self-set restrictions on the extent to which |
| 11:26:54 10 | anecdotal stores would be used, and that still adheres. |
| 11 | So y'all can go back and look at that memo, but the |
| 12 | extent to which Bornstein, Howard, and Johnson are being |
| 13 | called to talk about or any witness is being called to talk |
| 14 | about a specific opioid experience, that's probably not |
| 11:27:14 15 | allowed. So I'm reminding you all of that now. |
| 16 | Let me stop there and ask if there are any questions |
| 17 | about any of that. |
| 18 | MR. SHKOLNIK: David, before depositions go |
| 19 | forward -- I'm sorry, Hunter Shkolnik. |
| 11:27:34 20 | Before the depositions of any pharmacists go forward, |
| 21 | wouldn't it be more appropriate if there was a proffer as to |
| 22 | what they want these witnesses to be testifying to so that |
| 23 | would help frame the issue for us going into these |
| 24 | depositions. And knowing if they're really talking about a |
| 11:27:53 25 | SOM system, that's one thing. If they're talking about, |

|            |    |                                                                     |
|-----------:|---:|---------------------------------------------------------------------|
|            |  1 | well, we didn't fill this prescription or that prescription         |
|            |  2 | for this reason, that may be a different issue we're going          |
|            |  3 | to be covering.                                                     |
|            |  4 | So some type of real proffer, not a vague they're                   |
| 11:28:07   |  5 | going to talk about their job and what we do in pharmacies.         |
|            |  6 | SPECIAL MASTER COHEN:  It sounds like a                             |
|            |  7 | reasonable idea.                                                    |
|            |  8 | MR. STOFFELMAYR:  Kaspar Stoffelmayr.                               |
|            |  9 | That might be a reasonable idea.  I don't think we've               |
| 11:28:20   | 10 | agreed that there are going to be depositions at all.  That         |
|            | 11 | may be part of this discussion you suggested we have.  That         |
|            | 12 | sounds like an element of something we should be to talking         |
|            | 13 | about, but that's one of a number of elements, and that goes        |
|            | 14 | to witnesses on both sides.                                         |
| 11:28:34   | 15 | SPECIAL MASTER COHEN:  Okay.  Like I said,                          |
|            | 16 | there are some answers I can give you.  This is the extent          |
|            | 17 | of my thinking, and I know it needs more thinking and maybe         |
|            | 18 | more specific rulings.                                              |
|            | 19 | What I'm asking you to do, given what I've explained,               |
| 11:28:45   | 20 | to meet and see if you can't figure something out.  It              |
|            | 21 | sounds like a proffer could be a good idea, it sounds like          |
|            | 22 | depositions might be a good idea, it sounds like some horse         |
|            | 23 | trading is possible.  I suggest that you all pursue that.           |
|            | 24 | Okay.  So I mentioned that objections to witnesses is               |
| 11:29:09   | 25 | something that I'm not going to deal with any further today,        |

Case: 1:17-md-02804-DAP Doc #: 2855-1 Filed: 10/20/19 10 of 10. PageID #: 428628
Case: 1:17-md-02804-DAP Doc #: 2827 Filed: 10/15/19 19 of 41. PageID #: 426585

19

|  |  |
|---|---|
| 1 | although the Judge may.  I don't know. |
| 2 | Just a moment. |
| 3 | The parties have been -- and I think it's been mostly |
| 4 | Kate Swift and Jane Conroy -- have been trading suggestions |
| 11:29:39 5 | on as we go through trial the timing of the swapping of |
| 6 | information, ranging from demonstrative exhibits to |
| 7 | objections to exhibits, to identification of witnesses, and |
| 8 | so on.  And I think that you all have come to, as I |
| 9 | understand it, as of 10:30 last night, agreement on all but |
| 11:30:02 10 | the deadline for providing objections to exhibits that will |
| 11 | be used the next day. |
| 12 | So here's the problem:  The problem is that -- well, |
| 13 | there's a couple of problems. |
| 14 | The first is that any agreement that y'all come to has |
| 11:30:22 15 | to be agreed to by Judge Polster.  He hasn't seen this.  I |
| 16 | have no idea whether he's going to agree to it.  I'm going |
| 17 | to suggest that most of it makes sense, and we can do it. |
| 18 | The part that I'm most concerned about is I haven't |
| 19 | been told yet exactly what my role is going to be during the |
| 11:30:37 20 | course of this trial and what he's going to ask me to do. |
| 21 | It may be that he asks me to rule on objections to |
| 22 | exhibits, or it may not.  I don't know.  And I anticipate |
| 23 | that that will probably evolve. |
| 24 | My concern is that if he says, hey, Cohen, you're the |
| 11:30:53 25 | guy who's going to rule on these objections to exhibits, I |