IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

### CARDINAL HEALTH, INC.'S OPPOSITION TO PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S OCTOBER 15, 2019 RULING PERMITTING DEFENDANTS TO DESIGNATE CERTAIN PHARMACISTS AS TRIAL WITNESSES

The Court should deny Plaintiffs' Objection.

1. The Special Master correctly ruled—or was right in saying it would be a sensible rule[1]—that persons identified before March 4, 2019 were timely-disclosed witnesses and can be called at trial.

2. Cardinal Health identified four CVS employees on its trial witness list.  This was no surprise.  Ten months ago, in November 2018, Cardinal supplemented its interrogatory answers to identify as persons with relevant knowledge those employees with knowledge of the practices at pharmacies to which it distributed opioids "that Plaintiffs claim are related to the

---

[1] ECF 2827 at 13 ("Another rule that I'm thinking might make sense … . So if a witness was identified during discovery before March 4th, that can be called.  If that witness wasn't deposed, … too bad, unless there's an agreement.").

alleged damages." That included CVS pharmacies that received medications from Cardinal Health. CVS had already amended its interrogatory answers to identify as persons with relevant knowledge "CVS pharmacists in Cuyahoga and Summit Counties and their direct and indirect supervisors." CVS said it would "provide a selection of names upon request." It is our understanding that Plaintiffs never requested any names. Nevertheless, on January 25, 2019, CVS went ahead and named one of its pharmacists (Shadi Awadallah). And, on March 4, 2019, the deadline for supplementation of written discovery, CVS named three more pharmacists (Christa Altobelli, Julie Deal, and Yasmin Parker). Depositions continued after this date. It is these four CVS pharmacists—all disclosed by CVS before the close of deposition discovery—that Cardinal Health identified as potential trial witnesses.[2]

3. Plaintiffs refer ten times to "Defendants" in their five-page Objections and repeatedly reference a narrow discovery dispute about irrelevant dispensing data. To the extent the dispute is relevant at all—and it is not—the dispute is with Pharmacy defendants, not Cardinal Health.[3] This old dispute over Plaintiffs' request for voluminous pharmacy dispensing data unrelated to suspicious order monitoring is irrelevant to whether Cardinal Health can call the four identified CVS pharmacists. Cardinal Health is in the same boat as Plaintiffs: it does not have CVS dispensing data either.[4] There is no prejudice to Plaintiffs.

---

[2] Plaintiffs allege that Cardinal Health "stand[s] in the shoes of CVS." As this Court knows, CVS is an independent corporation. Cardinal Health does not stand in the shoes of CVS. Rather, it intends to call CVS employees with relevant knowledge for this trial.

[3] Cardinal Health produced comprehensive data regarding its distributions or opioid medicines to its pharmacy customers, including CVS. Similar data has been available to Plaintiffs through ARCOS. CVS produced extensive discovery to Plaintiffs, including discovery produced pursuant to Discovery Ruling No. 8.

[4] Thus, Plaintiffs' concern about gamesmanship is misplaced. Obj. at 3 ("[T]he Special Master also warned Defendants against the type of gamesmanship that Plaintiffs now seek to

        Respectfully submitted,

        */s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Jennifer Wicht
Steven Pyser
Ashley Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
jwicht@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal Health*

---

address: '[A]s a general rule, no party may rely at trial on documents or data they have not produced in discovery or which are otherwise unknown to opposing parties.'").

**CERTIFICATE OF SERVICE**

I, Ashley W. Hardin, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Steven M. Pyser*_____
Steven M. Pyser