# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

## DEFENDANTS' MOTION TO PRECLUDE CERTAIN PREJUDICIAL STATEMENTS AND TESTIMONY

Defendants[1] respectfully request orders precluding (1) Plaintiffs' counsel from making further inflammatory and prejudicial statements during opening statements, and (2) precluding any statements regarding or testimony by Mr. Travis Bornstein.

**I.   The Court Should Preclude Plaintiffs' Counsel from Making Further Inflammatory and Prejudicial Statements During Opening Statements.**

The Court should preclude Plaintiffs' counsel from making inflammatory and prejudicial statements during opening statements to the jury.  The urgency for this motion arises from comments made by Plaintiffs' counsel before the venire pool on October 16, 2019, in which Mr. Lanier compared Defendants to "bank robbers" and suggested that while other "people" have "admitted fault," the Defendants presently before the Court have not. *See* Tr. of Oct. 16, 2019

---

[1]   Actavis LLC, AmerisourceBergen Drug Corp., Cardinal Health, Inc., Cephalon, Inc., Teva Pharmaceuticals USA, Inc., McKesson Corp., and Walgreen Co.

*Voir Dire* Proceedings Vol. 1A ("Tr. A") at 48–49 ("Lots of other people have already admitted they're wrong . . . some of those folks have owned up to the responsibility . . . [s]ome have not.").

The Sixth Circuit has recognized that an "opening statement should not be used to poison the minds of the jury against the defendant before the jury has heard the evidence, or to improperly prejudice the defendant in the eyes of the jurors, or to destroy his credibility." *United States v. Signer*, 482 F.2d 394, 398 (6th Cir. 1973). Although as a general matter "courts afford counsel great latitude in making opening and closing arguments to the jury," arguments that are "improper and designed solely to inflame the passions of the jury" are not permitted. *See Niles v. Owensboro Med. Health Sys., Inc.*, 2011 WL 3205369, at *5 (W.D. Ky. July 27, 2011).

Counsel's comments to the venire pool served no purpose other than to bias and inflame the jury before it was even impaneled. The full context of counsel's statement makes this abundantly clear:

> [O]ne thing we're all familiar with from the movies are bank robberies. With bank robberies, somebody is going to plan it, somebody is going to put the team together. Someone is going to be a getaway driver. Someone is going to cut the alarm. Someone's going to crack the safe. Someone is going to load the money in the bags. Someone is going to be the lookout . . . . In a situation like that, would you agree with me that there's more than one person responsible for that bank robbery?

Tr. A at 48–49. These highly inflammatory comments are prejudicial and such comments should not be permitted at trial, lest the "misconduct of counsel consistently permeate[] the entire trial from beginning to end." *Sutkiewicz* v. *Monroe Cty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997).

Defendants in a civil case are entitled to a fair trial, and attempts to stoke passions and prejudices among jurors are strongly disfavored and may rise to the level of reversible error. *See, e.g.*, *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 755 (6th Cir. 1980) (holding that defendant did not receive a fair trial "because of the pervasive misconduct of counsel," which included, *inter alia*, "attempting to influence the jury that [defendant] was a huge corporation,

2

protected by insurance, playing on the prejudices of the jurors as taxpayers of Cleveland, against the interests of a large out-of-state corporation").

Here, counsel's statements cast an ominous shadow over Defendants' prospects for a fair trial. These comments are especially prejudicial given the significant media attention that already is being devoted to this case. *See Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2002) (a party's right to a fair trial is compromised "where an inflammatory, circus-like atmosphere pervades both the courthouse and the surrounding community"). In cases where issues are "likely to inflame the passions of jurors, . . . courts must be vigilant in ensuring that the demands of due process are met." *McKenzie v. Smith*, 326 F.3d 721, 727–28 (6th Cir. 2003). This holds true here. In addition to the Court's admonishment to counsel against "making any more statements about anyone who has admitted fault or wrongdoing," Tr. A at 50, Defendants respectfully seek an order precluding counsel from making further allusions or references to Defendants as criminals or making similarly inappropriate and inflammatory comments, including during opening statements in this case. *See Muniz v. Rovira*, 373 F.3d 1, 6 (1st Cir. 2004) (noting that a "thin line . . . separates vigorous advocacy from impermissible appeals to passion or prejudice"). *Cf. Jackson v. Houk*, 687 F.3d 723, 735 (6th Cir. 2012) ("[T]he exercise of the trial court's discretion to restrict inquiry by counsel is subject to the essential demands of fairness.").

**II. The Court Should Preclude Plaintiffs from Offering Testimony from Mr. Travis Bornstein, Who Cannot Offer any Relevant, Admissible Testimony, or any Argument Regarding any Personal Loss Suffered by Mr. Bornstein or any Other Individual.**

The Court also should preclude Plaintiffs from offering testimony from or statements about Mr. Travis Bornstein.

Defendants recently received notice that Plaintiffs intend to offer testimony from Mr. Bornstein during the first week of trial. ECF No. 2842. Mr. Bornstein has not been deposed in

this matter. And he was not disclosed as an expert witness.[2] Mr. Bornstein's son died of a heroin and fentanyl overdose in 2014, and in 2016, Mr. Bornstein founded a charity in honor of his son, Hope United, for the purpose of bringing "awareness and support to families struggling with addiction."[3] Plaintiffs disclosed Mr. Bornstein as having knowledge of "Personal loss." Ex. A at p. 13, Summit and Akron Interrog. Resp. (May 14, 2019).

Special Master Cohen previously instructed Plaintiffs that, to "the extent to which [Mr.] Bornstein . . . [is] being called to talk about or any witness is being called to talk about a specific op[i]oid experience, that's probably not allowed." ECF No. 2827 at 17:1-15. As Special Master Cohen explained:

> You will recall long ago, and this kind of underlies all of this, that there were discovery disputes about specific prescriptions and specific orders and specific pharmacies, and how that all played out. And Linda Singer sent a memo to the Court saying, look, this is what we intend to do. We intend to prove our case using an aggregate theory, but there are some things we would do also, and she laid those out. And that includes, for example, ***self-set restrictions on the extent to which anecdotal stor[i]es would be used, and that still adheres***.

*Id.* (emphasis added). In the referenced memorandum ("Singer Memo"), Ms. Singer, counsel for Plaintiffs, explicitly stated that Plaintiffs "***will NOT through fact or expert witnesses* . . . [*p*]*resent individual patient/victim stories***, e.g., testimony from family whose daughter became addicted/overdosed after prescribed Oxy for wisdom teeth removal." Ex. B at 1 (emphasis added).

---

[2] The Court has made clear that, consistent with Rule 701 of the Federal Rules of Evidence, lay witnesses will not be allowed to testify on expert matters. *See* Oct. 16, 2019 Hearing Tr. 16:5–6 ("I'm not going to allow fact witnesses to give expert testimony"); *see also* Fed. R. Evid. 701 (limiting "testimony in the form of an opinion" if "a witness is not testifying as an expert"). Accordingly, to the extent the Court permits any testimony at all from Mr. Bornstein, it is critical that his testimony be limited in such a manner as to make clear to the jury that he is not offering expert testimony.

[3] *See* https://www.hopeunited.life/our-story.

Plaintiffs' agreement specifically covers Mr. Bornstein's testimony concerning "personal loss."  *See* Ex. A at 13.  Indeed, to the extent that Special Master Cohen made discovery rulings based on the representations in the Singer Memo, Plaintiffs are now estopped from offering evidence foresworn in the memo.  *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[J]udicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" (citation omitted));  *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982) ("The essential function of judicial estoppel is to prevent intentional inconsistency . . .").  Mr. Bornstein's testimony should be excluded as inconsistent with the representations in the Singer Memo.

Even if Plaintiffs had not specifically agreed not to call witnesses like Mr. Bornstein to offer personal loss stories, his testimony still should be excluded as (1) entirely irrelevant and (2) unfairly prejudicial.[4]

***Mr. Bornstein's testimony is irrelevant.***  Mr. Bornstein's son died of a fentanyl and heroin overdose, reportedly after first becoming addicted to prescription opioids that he was prescribed after elbow surgeries.  There is no evidence connecting any of the drugs taken by his son with any Defendant. Moreover, there is no evidence tying those drugs to Plaintiffs' theories of liability: allegedly false marketing and/or a failure to report or ship suspicious orders.  Accordingly, the testimony about Mr. Bornstein's son's addiction and death is not relevant to any issue in this case and should be excluded.  Fed. R. Evid. 401.  His personal story does not help establish that Defendants engaged in any wrongdoing, much less any wrongdoing that caused injury to Plaintiffs. *See Boggs v. Divested Atomic Corp.*, 1997 WL 33377790, at *8 (S.D. Ohio Mar. 24, 1997)

---

[4]  In ruling on Defendants' motion in limine to preclude personal stories of opioid abuse or related harms, ECF No. 2661 at 9, the Court ruled only that it "can't rule on these in the abstract, so it's denied without prejudice."  ECF No. 2828 at 16:1-2.

(excluding anecdotal evidence in the absence of proof that the incidents at issue were caused by defendants' operations).[5]

Plaintiffs also assert that "Mr. Bornstein will testify regarding his experiences in the community with individuals and families whose lives have been ravaged by opioid addiction." ECF No. 2756 at 10–11. But this testimony, too, is precisely what Plaintiffs affirmatively disavowed in the Singer Memo. Moreover, Mr. Bornstein's accounts of other families' struggles with opioid addiction and personal loss suffer from a further fatal flaw: they are rank hearsay. This testimony should not be allowed.

Finally, Plaintiffs assert that Mr. Bornstein will testify regarding "his organization's efforts to address the opioid crisis." ECF No. 2756 at 11. The testimony likewise would be irrelevant to liability: it does nothing to establish any wrongdoing by Defendants. It also would be irrelevant to Plaintiffs' claimed damages. To forestall the causation arguments raised in Defendants' motions to dismiss and summary judgment motions, Plaintiffs expressly disclaimed recovery on behalf of individuals who suffered addiction-related harms.[6] And any expenditures by Hope United are plainly not expenditures by the Plaintiff Counties.

---

[5] This testimony also should be excluded for the reasons stated in Defendants' Motion in Limine # 3. *See* ECF No. 2661. Specifically, (1) during discovery, Plaintiffs successfully avoided providing information about individuals who became addicted during discovery; (2) Plaintiffs routinely blocked Defendants from questioning deposition witnesses about this subject; (3) the testimony would be hearsay and lack foundation; and (4) the testimony should be barred under Rules 402 and 403. *See id.*

[6] ECF No. 654 at 10–11 ("While it is true that thousands of people in Akron and Summit County have been personally touched by the opioid crisis, the Plaintiffs' public nuisance claim does not seek recovery based on, or for, the personal injuries of individual residents."); ECF No. 1203 at 20 (Plaintiffs may not recover for "the personal injuries of their citizens."); *see also* Ltr. from the Honorable Dan A. Polster to D. Hunt, Clerk, United States Court of Appeals for the Sixth Circuit (Oct. 1, 2019) ("[T]he bellwether Plaintiffs have consistently stated, and I have likewise repeatedly concluded, that the city and county Plaintiffs do not seek recovery based on injuries to individual residents ….").

Furthermore, to the extent Plaintiffs intend to offer Mr. Bornstein's testimony in support of future damages or abatement efforts, the Court has made clear that all such testimony is excluded from this jury trial.  The Court ruled that Plaintiffs may not seek future damages.  Oct. 15, 2019 Hearing Tr. 15:20–21 ("[E]vidence or argument concerning future damages, that's granted, because plaintiffs can't seek future damages.").  And, as for abatement, the Court has ruled that that is an issue for the Court, not the jury.

In short, the Court should exclude as irrelevant any testimony from Mr. Bornstein regarding his organization's efforts to address the opioid crisis.  To the extent that the Court is inclined to permit that testimony, however, Plaintiffs should not be permitted to use Mr. Bornstein's testimony as a Trojan Horse to introduce "personal loss" stories as "background" regarding the work of his charity.

***Mr. Bornstein's testimony is unfairly prejudicial.***  Mr. Bornstein is a parent who lost his son.  His story is heartbreaking, as is that of any parent who has endured the death of a child, no matter the cause.  But Plaintiffs' purpose in eliciting this story is plain and improper:  to imply, without having to prove, that the tragedy of Mr. Bornstein's son is connected to Defendants' alleged misconduct, to arouse the jury's sympathies, and to make it more likely that the jury will base a verdict on the suffering of Mr. Bornstein and his family.

Plaintiffs are banking on those types of sympathies and feelings being aroused in the jury and those feelings then motivating the jury to find in favor of Plaintiffs.  There is no other reasonable explanation for Plaintiffs to elicit that testimony.  That purpose is patently improper and unfairly prejudicial to Defendants.  Fed. R. Evid. 403.

The Court should exclude the testimony of Travis Bornstein from the Track One trial.

7

October 19, 2019                                    Respectfully submitted,

/s/ Geoffrey E. Hobart                              /s/ Kaspar J. Stoffelmayr
Geoffrey E. Hobart                                  Kaspar J. Stoffelmayr
Mark H. Lynch                                       Brian C. Swanson
Paul W. Schmidt                                     Katherine M. Swift
Christian J. Pistilli                               Matthew W. Brewer
Phyllis A. Jones                                    BARTLIT BECK LLP
COVINGTON & BURLING LLP                             54 West Hubbard Street
One CityCenter                                      Chicago, IL 60654
850 Tenth Street, N.W.                              Tel: (312) 494-4400
Washington, DC 20001                                Fax: (312) 494-4440
Tel: (202) 662-5281                                 kaspar.stoffelmayr@bartlitbeck.com
ghobart@cov.com                                     brian.swanson@bartlitbeck.com
mlynch@cov.com                                      kate.swift@bartlitbeck.com
pschmidt@cov.com                                    matthew.brewer@bartlitbeck.com
cpistilli@cov.com
pajones@cov.com                                     Alex J. Harris
                                                    BARTLIT BECK LLP
*Counsel for McKesson Corporation*                  1801 Wewatta Street, 12th Floor
                                                    Denver, CO 80202
                                                    Tel: (303) 592-3100
/s/ Robert A. Nicholas                              Fax: (303) 592-3140
Robert A. Nicholas                                  alex.harris@bartlitbeck.com
Shannon E. McClure
REED SMITH LLP                                      *Counsel for Walgreen Co.*
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100                                 /s/ Steven A. Reed
Fax: (215) 851-1420                                 Eric W. Sitarchuk
rnicholas@reedsmith.com                             Steven A. Reed
smcclure@reedsmith.com                              Harvey Bartle
                                                    Rebecca J. Hillyer
*Counsel for AmerisourceBergen Drug                 MORGAN, LEWIS & BOCKIUS LLP
Corporation*                                        1701 Market St.
                                                    Philadelphia, PA 19103-2921
                                                    Tel: (215) 963-5000
                                                    Fax: (215) 963-5001
                                                    eric.sitarchuk@morganlewis.com
                                                    steven.reed@morganlewis.com
                                                    harvey.bartle@morganlewis.com
                                                    rebecca.hillyer@morganlewis.com

                                                    Nancy L. Patterson
                                                    MORGAN, LEWIS & BOCKIUS LLP

8

 */s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Jennifer G. Wicht
Steven M. Pyser
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
jwicht@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*

1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel: (713) 890-5195
Fax: (713) 890-5001
nancy.patterson@morganlewis.com

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-7455
Fax: (412) 560-7001
wendy.feinstein@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
Fax: (305) 415-3001
brian.ercole@morganlewis.com

*Counsel for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Actavis LLC*

## **CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Geoffrey E. Hobart*
Geoffrey E. Hobart