# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## SUMMIT COUNTY AND CITY OF AKRON, OHIO PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DISTRIBUTOR DEFENDANTS' INTERROGATORY NUMBERS 10, 11, AND 12

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), the County of Summit, Ohio and the City of Akron, Ohio (collectively "Plaintiff") hereby responds to Distributor Defendants'[1] Interrogatory Nos. 10, 11, and 12 (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

### OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1.  Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek

---

[1] The Distributor Defendants are AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation (collectively "Distributors").

to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2. Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Further, any response made by Plaintiff to the Interrogatories is not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information produced or identified.

3. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

4. No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5. Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6. Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to produce documents that are in the public domain or otherwise available to Distributors as easily from other sources as from Plaintiff.

7. Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8. Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9. Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10. Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11. Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its general and specific objections and without waiver of any objection.

12. Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13. Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14. Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or

which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

15. Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

16. Plaintiff intends to complete its responses by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court.  Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories.  All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

17. Plaintiff objects to the Distributors' instruction that:  "Each Plaintiff must individually respond to each of these Interrogatories."  No federal rule prevents Plaintiff from submitting collective answers to Distributors' collective Interrogatories.  Where the responses and objections to these Interrogatories are the same for each Plaintiff, a collective response herein will in no way prejudice Defendants.  In each instance where the answers are not the same for each Plaintiff, any differences have been set forth herein with particularity.

## **NON-WAIVER**

1. Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this action or any other action.

2. If Plaintiff, in response to any Interrogatory, inadvertently discloses information that is or could be the subject of the objections stated herein, such disclosure is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information disclosed.

3. Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4. Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses. Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 10:**

Identify each instance for each year of the Timeframe in which You notified a state or federal official or agency (including but not limited to the United Stated Drug Enforcement Agency, a United States Attorney or representative thereof, Ohio Department of Medicaid and its constituent providers, Ohio Department of Public Safety, Ohio Automated Rx Reporting System, State of Ohio Board of Pharmacy, and State Medical Board of Ohio), insurer, third party payer, or pharmacy benefit manager of suspected diversion, improper or excessive dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription Opioids.

**Response to Interrogatory No. 10:**

See response to Interrogatory No. 1 from Summit County and City of Akron, Ohio Plaintiff's First Amended Responses and Objections to Distributor Defendants' First Set of Interrogatories served on June 20, 2018.  Plaintiff objects that this Interrogatory is overly broad and unduly burdensome and seeks information beyond Plaintiff's possession, custody, and control. Further objecting, the Interrogatory contains a reference to several undefined terms and phrases, namely, "excessive dispensing" and "improper prescribing."  Plaintiff objects to this Interrogatory because certain responsive information is subject to the law enforcement privilege or privacy rights.

Subject to and without waiving all objections, Plaintiff answers as follows:  Plaintiff refers Defendants to https://www.ohiopmp.gov/Reports.aspx for available OARRS data.  Plaintiff further directs Defendants to the following documents:

SUMMIT_000016827-828

SUMMIT_000061764-766

SUMMIT_000019855

SUMMIT_000019856

SUMMIT_000019857

SUMMIT_000019858

SUMMIT_000019859

SUMMIT_000019867

SUMMIT_000019876

SUMMIT_000019942

SUMMIT_000020013

SUMMIT_000020014

SUMMIT_000020015

SUMMIT_000020023

SUMMIT_000020033

SUMMIT_000020067

SUMMIT_000020105

SUMMIT_000020138

SUMMIT_000020175

SUMMIT_000020184

SUMMIT_000020195

SUMMIT_000020221

SUMMIT_000020247

SUMMIT_000020276

SUMMIT_000020305

SUMMIT_000020314

SUMMIT_000020324

SUMMIT_000020349

SUMMIT_000020380

SUMMIT_000020406

SUMMIT_000020429

AKRON_000253758-759

AKRON_001142143

**Interrogatory No. 11:**

Identify each investigation, arrest, or prosecution within Your geographical boundaries for each year of the Timeframe that involved (a) a Prescription Opioid or (b) other opioids. Include as part of your response any information or evidence that connects each investigation, arrest, or prosecution to a Prescription Opioid distributed by Distributor Defendants.

**Response to Interrogatory No. 11:**

Plaintiff objects that this Interrogatory is overly broad and unduly burdensome and seeks information beyond Plaintiff's possession, custody, and control.  Subject to and without waiving all objections, Plaintiff will conduct a reasonable and diligent search for and, if such information is in Plaintiff's possession, custody, or control, will supplement this answer with non-privileged information responsive to this Interrogatory once the information is available to the Plaintiff.

Plaintiff responds and incorporates the answer to Interrogatory No. 8 from Summit County and City of Akron, Ohio Plaintiff's Supplemental Responses and Objections to Distributor Defendants' Interrogatory Numbers 2, 3, 48, 12, 14, 15, 16, 16, 23, 24, 27 & 29 served on March

7

4, 2019.  Plaintiff also refers Defendants to court and prosecutor files produced in this litigation, as well as expert reports, as responsive to this request pursuant to Federal Rule of Civil Procedure 33(d).  Plaintiff further directs Defendants to the following documents:

AKRON_000209521

AKRON_000211711

AKRON_000219613

AKRON_000280843

AKRON_000289844

AKRON_000368351

AKRON_000370632

AKRON_000374983

AKRON_000367619

AKRON_001142108

AKRON_001142127

AKRON_001126216

AKRON_000368752

AKRON_001312644

AKRON_000369261

AKRON_000369262

AKRON_000369711

AKRON_000370632

AKRON_000368693

AKRON_000368700

SUMMIT_000019867

SUMMIT_000020221

SUMMIT_001132122

SUMMIT_001133688-693

SUMMIT_000366435

SUMMIT_000383255-272

SUMMIT_000416730-738

SUMMIT_000592654

SUMMIT_000668052

SUMMIT_000120920

SUMMIT_001001568

SUMMIT_001002116

SUMMIT_001002210

SUMMIT_001002216

SUMMIT_000076823

SUMMIT_000077148

SUMMIT_000077175

SUMMIT_000077336

SUMMIT_001422973

**Interrogatory No. 12:**

Identify every Person likely to have discoverable information related to Your claims, including, but not limited to, every Person upon whom You intend to rely in proving Your claims on summary judgment or at trial, and every Person likely to have discoverable information that supports or contradicts a position or claim that You have taken or intend to take in this action. For

every Person named in response to this Interrogatory, state the subject matter of the information possessed by that Person.

**Response to Interrogatory No. 12:**

Plaintiff incorporates all prior objections to this interrogatory. Subject to and without waiving all objections, Plaintiff provides the following persons likely to have discoverable information:

| Name | Title | Subject Matter |
|---|---|---|
| Donna Skoda | Health Commissioner | Public Health |
| Rich Marountas | Chief Epidemiologist | Public Health |
| Jackie Pollard | Assistant Community Health Director | Public Health |
| Leanne Beavers | Director Clinical Health | Public Health |
| Angela Burgess | Fiscal Officer Public Health | Public Health/Finances |
| Dr. Doug Smith | Doctor, ADM Chief Clinical Officer, ADM | ADM |
| Jerry Craig | Executive Director, ADM | ADM |
| Kim Patton | ADM | ADM |
| Jen Peveich | ADM | ADM |
| Aimee Wade | ADM Assoc. Dir. of Clinical Services | ADM |
| Dr. Lisa Kohler | Chief Medical Examiner, Summit County | Medical Examiner |
| Dr. George Sterbenz | Chief Deputy Medical Examiner | Medical Examiner |
| Steve Perch | Chief Toxicologist, Medical Examiner's Office | Medical Examiner; Toxicology |
| Gary Guenther | Chief Investigator, Summit County Medical Examiner's Office | Medical Examiner |
| Todd Barr | Deputy Medical Examiner | Medical Examiner |
| Denice DiNapoli | Senior Administrator, Medical Examiner's Office | Medical Examiner |
| Justin Benner | Forensic Investigator | Medical Examiner |
| Clarence Dorsey | Forensic Investigator | Medical Examiner |
| Lauren Fowler | Forensic Investigator | Medical Examiner |
| Jasmine Griffin | Forensic Investigator | Medical Examiner |
| Jason Grom | Forensic Investigator | Medical Examiner |
| Jenna Kolb | Forensic Investigator | Medical Examiner |
| Amy Schaefer | Supervisor, Forensic Investigators | Medical Examiner |
| Kelsie Stopak | Forensic Investigator | Medical Examiner |
| Robert Velten | Forensic Investigator | Medical Examiner |
| Michael McGill | Forensic Investigator | Medical Examiner |
| Darin Kearns | Deputy Executive Director of Finance and CFO, Summit County Children Services | Children Services |

| Name | Title | Subject Matter |
|---|---|---|
| Julie Barnes | Executive Director, Summit County Children Services | Children Services |
| Amy Davidson | Deputy Executive Director of Social Services | Children Services |
| Tracey Mayfield | Department Director of Social Services Programs | Children Services |
| Sushila Moore | Director of Intake, Children Services | Children Services |
| Lori Baker-Stella | Deputy, DEA Drug Liaison Officer | Sheriff's Office |
| Bill Holland | Public Information Office, and Jail Commander, Sheriff's Office | Sheriff's Office |
| Scott Cottle | Lieutenant, Sheriff Detective Bureau | Sheriff's Office |
| Stacy Milkey | Administrative Assistant, Sheriff | Sheriff's Office |
| Carmen Ingram | Deputy, Sheriff Drug Unit | Sheriff's Office |
| Mike Walsh | Sergeant, Sheriff's Office | Sheriff's Office |
| Matt Paolino | Captain , Sheriff's Office | Law Enforcement |
| Brad Gessner | Criminal Division, Summit County's Prosecutor's Office | Courts |
| Getta Kutuchief | Education and Community Outreach Coordinator, Juvenile Court | Courts |
| Lisa DiSabato-Moore | Special Projects Administrator, Juvenile Court | Courts |
| Becky Ryba | Coordinator Family Reunification through Recovery Court, Juvenile Court | Courts |
| Kathryn VanHorn | Crossroads Supervisor, Juvenile Court | Courts |
| Howard Curtis | Chief Probation Officer, Juvenile Court | Courts |
| Joseph McAleese | Assistant Prosecutor | Courts |
| Jon Baumoel | Assistant Prosecutor | Courts |
| Brian Nelsen | Director of Finance and Budget | Executive/Finances |
| Greta Johnson | Asst. Chief of Staff for the Summit County Executive | Executive |
| Lori Pesci | Deputy Director, Division of Public Safety | Executive |
| Chief Clarence Tucker | Chief of Fire Division | Fire/EMS |
| Deputy Chief Charles Twigg | Deputy Chief of Fire Division | Fire/EMS |
| District Chief Joseph Natko | District Chief / EMS Bureau Manager | Fire/EMS |
| Robert Ross | Formerly Deputy Mayor for Public Safety, Fire Chief | Fire/EMS |
| Cpt. Leon Henderson | Captain, Safety Communications | Fire/EMS |
| Cpt. Chris Karakis | Captain, EMS Bureau Manager | Fire/EMS |
| District Chief Jim Willoughby | District Chief, formerly Captain, EMS Bureau Manager | Fire/EMS |
| Lt. Joseph Shumaker | Lieutenant, Fire/EMS | Fire/EMS |

11

| Name | Title | Subject Matter |
|---|---|---|
| Guy Randall | Fire/EMS medic, training | Fire/EMS |
| Dale Evans | Formerly Deputy Chief, EMS Bureau Manager | Fire/EMS |
| Gaiser, Les | Formerly Captain | Fire/EMS |
| Ed Hiltbrand | Chief of Fire Division | Fire/EMS |
| Albert Minnich | Fire/EMS Medic | Fire/EMS |
| Rich Vober | Deputy Chief | Fire/EMS |
| Patrick Leonard | Police, Narcotics / Diversion Unit | Law Enforcement |
| Chief Kenneth Ball | Police Chief, formerly Deputy Chief, Investigative Subdivision | Law Enforcement |
| Officer Michael Schmidt | Officer, Narcotics Unit, opioid heroin overdose death investigator | Law Enforcement |
| Cpt. Michael Shearer | Captain, Narcotics, SNUDS, Vice Subdivision | Law Enforcement |
| Deputy Chief Michael Caprez | Deputy Chief, Uniform Subdivision, formerly Deputy Chief, Communications Subdivision | Law Enforcement |
| Deputy Chief Jesse Leeser | Deputy Chief, Investigative Subdivision, formerly Captain, Technical Services Bureau | Law Enforcement |
| Lt. Rick Edwards | Police Information Officer | Law Enforcement |
| Charles Brown | Deputy Mayor for Public Safety, Assistant to the Mayor | Public Safety |
| Gert Wilms | Chief Prosecutor | Courts |
| Montrella Jackson | Court Administrator, Akron Municipal Court | Courts |
| Craig Morgan | Deputy Prosecutor | Courts |
| Jeff Sturmi | Deputy Chief Probation Officer | Courts |
| Tony Ingram | Chief Probation Officer | Probation |
| Teresa Albanese | Assistant to the Mayor for Education, Health, and Families | Executive |
| Craig Gilbride | Formerly Deputy Mayor for Public Safety, Chief of Police | Executive |
| Lt. Sierjie Lash | Public Information Officer | Executive |
| Diane Miller-Dawson | Finance Director | Finance |
| Steve Fricker | Deputy Director of Finance | Finance |

| Name | Title | General description |
|---|---|---|
| Dr. William Reed | Doctor | Visited by drug reps: Nucynta, Purdue, Actiq, Opana, Kadian |
| Dr. William Lonsdorf | Doctor | Visited by Purdue, Opana, Nucynta, |
| Dr. Kendrick Bashor | Doctor | Visited by drug reps: Purdue |
| Dr. Michael Louwers | Doctor | Visited by drug reps: Purdue, Xtampza, Nucynta, Actiq/Fentora |

12

| **Name** | **Title** | **General description** |
|---|---|---|
| Dr. Syed Ali | Doctor | Visited by drug reps: Purdue, Xtampza, Nucynta-Janssen/Depomed, Teva, Subsys, Endo, Cephalon, Xalgo, Kadian, Insys |
| Dr. Clayton Seiple | Doctor | Visited by drug reps: Purdue. Was a speaker for Endo, Depomed (Nucynta) |
| Bernie Rochford | Executive Vice President of Administrative Services and Business Relations, Oriana House | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| Galen Sievert | Clinical Supervisor, Mature Services | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| Laura Kidd | Behavioral Health Clinical Coordinator, AxessPointe Community Health Center at Arlington | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| James Orlando | President of Summit Psychological Associates | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| Brittney Becker | Doctor, Community Health Center | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| Michael M. Hughes | President, Summa Health System, Barberton Campus | Illnesses related to opioid use |
| Joseph P. Myers | Doctor, Vice President of Medical Affairs, Summa Barberton and Summa Wadsworth-Rittman Hospitals | Illnesses related to opioid use |
| Roslyn Greene | Family member | Personal loss |
| Charlene Maxen | Pediatric oncologist nurse, Akron Children's Hospital | Personal loss |
| Travis and Shelly Bornstein | Family member | Personal loss |
| Dr. Tony Lababidi | Doctor | Visited by drug reps: Purdue, Endo, Janssen |
| Dr. Laura Novak | Doctor | Visited by drug reps: Purdue |
| Dr. Adolph Harper | Doctor | Visited by drug reps |
| Reba McCray | Family member | Personal loss |
| Josh Vandergriff | Family member | Personal loss |

13

| Name | Title | General description |
|---|---|---|
| Dr. Ann DiFrangia | Specializes in treatment of substance use disorders | Addiction |
| Aimee Wade | Family member | Personal loss |
| Dr. Nicole Labor | Family member | Personal loss & addiction |
| Greg McNeil | Family member | Personal loss |
| Romona Harrison | Former receptionist for Dr. Adolph Harper from 2010 through January 2012 | Pill mills |
| Roxann Montgomery | Former sales representative with Purdue Pharma from 2008 to 2012 | Sales |
| Dana Sporaa | Former sales consultant with Endo Pharmaceuticals from July 2006 to June 2013 | Sales |
| Julie Yellin | Former sales consultant with Endo Pharmaceuticals from March 2006 to June 2013 | Sales |
| Lisa McDougall | Former sales representative for Endo Pharmaceuticals from 2004 to 2010 | Sales |
| Carol Panara | Former sales representative for Purdue Pharma from 2008 to January 2013 | Sales |
| Kirk Klaazesz | Former sales supervisor for ParMed Pharmaceuticals from 2011 to 2014 | Sales |
| Gregory Bowman | Former sales specialist for Covidien and Mallinckrodt from 2010 to 2014 | Sales |
| Richard Bradley Pate | Former pharmacy manager for Walgreens from 2009 to 2014 | Diversion |
| David Schatz | Former sales representative for Purdue Pharma from 2000 to 2001 | Sales |
| William Harris | Former sales representative for Cephalon and Teva from November 2005 to 2012 | Sales |
| Marcia Smith-Anderson | Former pharmacy manager for Walgreens from 2000 to 2012 | Diversion |
| Larry Hunley | Former distribution center manager for McKesson Corporation from 2004 to September 2011 | Diversion |

| **Name** | **Title** | **General description** |
|---|---|---|
| Ashley Bhalla | Former sales representative for Purdue Pharma from 2012 to 2018 | Sales |
| Daniel Smith | Former contract sales representative for Mallinckrodt from 2014 to 2015 | Sales |
| Betty Singleton | Former pharmacist with Rite Aid Corporation from January 2010 to October 2017 | Industry conduct |
| Karen Chapman | Former inventory manager for McKesson Corporation from October 1983 to October 2014 | Industry conduct |
| Gertrude Kass | Former sales representative for Purdue Pharma from January 2013 to May 2015 | Sales |
| Russell Portenoy | Executive Director of the MJHS Institute for Innovation in Palliative Care and Chief Medical Officer of MJHS Hospice and Palliative Care | Industry conduct |
| Alston Hammons | Former pharmacist with CVS from 2006 to 2013 | Industry conduct |
| Martha Davis | Former district manager for Purdue Pharma from 1991 to 2003 | Industry conduct |
| Julie Fuller | Former account manager with AmerisourceBergen Corporation from December 2003 to January 2007 | Industry conduct |
| James Shriner | Former regional sales director for Mallinckrodt from 2002 to 2008 | Sales |

Plaintiff also identifies all witnesses identified or deposed in this litigation as listed on **Exhibit 12A**. This list is not intended to be an exhaustive description of all persons with knowledge or all knowledge held by a particular individual or type of individual regarding issues involved in the case. By indicating the general subject matter(s) of discoverable information these individuals may possess, Plaintiff is in no way limiting its right to call other individuals (or entities) to testify concerning other subjects.

15

Plaintiff specifically reserves the right to rely on these and any other individuals for testimony in any trial or in a summary judgement motion in this action, and is not limited to the individuals listed herein.  Plaintiff reserves its right to amend or supplement this response based on facts learned in expert discovery, third party discovery, or otherwise discoverable in this litigation prior to trial.

Dated:  May 14, 2019                        Respectfully submitted,

                                           By: */s/ Linda Singer*
                                           Linda Singer
                                           Joseph F. Rice
                                           Jodi Westbrook Flowers
                                           Anne McGinness Kearse
                                           David I. Ackerman
                                           Jeffrey C. Nelson
                                           MOTLEY RICE LLC
                                           401 9th Street NW, Suite 1001
                                           Washington, DC 20004
                                           Tel: (202) 232-5504

## **CERTIFICATE OF SERVICE**

I, Richard Cashon certify that on May 14, 2019, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order in this case (ECF #232).

*/s/ Richard Cashon*