**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804 |
| This document relates to:<br>*County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*, Case No. 17-OP-45004;<br>*County of Summit, et al. v. Purdue Pharma, L.P. et al.*, Case No. 18-OP-45090 | Judge Dan Aaron Polster |

**INTRODUCTION**

Defendants seek an order precluding "Plaintiffs' counsel from making further inflammatory and prejudicial statements during opening statements." Mot. at 1. Because both the legal basis and the factual predicate for the motion are lacking, this Court should deny the motion.[1]

---

[1] Defendants' Motion [Doc. 2857] contains two separate motions. Defendants seek orders precluding "(1) Plaintiffs' counsel from making further inflammatory and prejudicial statements during opening statements, and (2) precluding any statements regarding or testimony by Mr. Travis Bornstein." As opening statements are tomorrow, and Mr. Bornstein will likely not testify until after Wednesday, Plaintiffs file this response to the portion of the motion regarding openings now and will follow separately with a response to the portion of the motion regarding Mr. Bornstein.

# ARGUMENT

**Defendants motion for an order precluding Plaintiffs' counsel from making supposedly inflammatory and prejudicial statements during opening statements is neither legally proper nor factually warranted.**

### A.  Requests for prophylactic orders regarding the contents of counsel's opening statement are improper.

Defendants themselves acknowledge: "courts afford counsel great latitude in making opening and closing arguments to the jury."[2]  Thus, courts, including the very authority cited by Defendants, routinely deny pretrial motions seeking prophylactic pre-trial rulings limiting counsel in openings.[3]  This is especially true when the motion seeks an order against alleged inflammatory comments generally, rather than a request to bar some specific topic.  "Motions in limine are properly employed to ensure that specific, potentially prejudicial matters are not discussed in the presence of the jury."[4]

Should Defendants believe that counsel has crossed the line in their openings, their remedy is to object at that time.[5] This Court, which is entrusted

---

[2] Mot. at 2 (quoting *Niles v. Owensboro Med. Health Sys., Inc.*, 2011 WL 3205369, at *5 (W.D. Ky. July 27, 2011); *see also Leonard v. Warden, Ohio State Penitentiary,* No. 1:09-CV-056, 2015 WL 2341094, at *39 (S.D. Ohio May 14, 2015), aff'd, 846 F.3d 832 (6th Cir. 2017) ("During opening statement, counsel is accorded latitude and allowed fair comment on the facts to be presented at trial."); *United States v. Bonventre*, 646 F. App'x 73, 87 (2d Cir. 2016) (counsel permitted "broad latitude" in opening statement to make reasonable inferences concerning what evidence is expected to show).

[3] *Niles v. Owensboro Med. Health Sys., Inc.*, *supra.*

[4] *Alfoaady v. Will Transp., Inc.,* No. 2:13CV00029 SWW, 2015 WL 3649851, at *5–6 (E.D. Ark. June 4, 2015) (denying motion founded on speculation that counsel would make inflammatory statements); *Tiller v. Ford Motor Co.*, No. 3:03-CV-489-J-32HTS, 2006 WL 166530, at *13–14 (M.D. Fla. Jan. 21, 2006) (denying Motion in limine to prohibit inflammatory opening and closing arguments by defendant's counsel holding "[t]he Court

with the discretion to determine "the extent of permissible comment and argument by counsel,"[6] also has the supervisory power to intervene during an opening statement.[7]

Any prejudice from an errant comment in opening can also be rectified. The Court has the power to give curative instructions.[8] And, the jury will be instructed -- likely multiple times -- that openings are not evidence.[9] The cases cited by

---

presumes that lawyers on both sides will conduct themselves properly during all phases of trial"); *Stevens v. Nat'l Liab. & Fire Ins. Co.*, No. 13-12920, 2015 WL 5093353, at *2 (E.D. Mich. Aug. 28, 2015) (presuming that counsel will follow the rules, characterizing motion precluding trial counsel from making improper or inflammatory statements as "insulting", and denying motion as "frivolous").

[5] *Alfoaady, supra* ("The parties are free to object to inflammatory comments at trial."). Notably, with respect to the statements during *voir dire* highlighted in the instant motion, there was an objection and a cautionary instruction was given to the jury. Tr. of Oct. 16, 2019 *Voir Dire* Proceedings Vol. 1A ("Tr. A") at 51.

[6] *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756 (6th Cir. 1980) (citation and internal quotation omitted).

[7] *Cox v. Treadway*, 75 F.3d 230, 237 (6th Cir. 1996).

[8] *Wilson v. Morgan*, 477 F.3d 326, 34-41 (6th Cir. 2007); *see also Rodriguez v. Jones*, 478 F. App'x 271, 275 (6th Cir. 2012) (court should not overturn verdict on basis of counsel's comments alone, "especially where the district court has given the jury an instruction that may cure the error.").

[9] *See Gleason v. Noyes,* 125 F.3d 855, 1997 WL 539679, at *2 (6th Cir. Aug. 29, 1997) (unpublished table opinion) (noting improper statements made during closing statement did not warrant reversal in part because a jury instruction provided that statements of counsel are not evidence); *Wilson*, 477 F.3d at 341 (same); *United States v. Smith,* 918 F.2d 1551, 1562 (11th Cir.1990) ("Because statements and arguments of counsel are not evidence, improper statements can be rectified by the district court's instruction to the jury that only the evidence in the case be considered."); *Picarella v. HSBC Sec. (USA) Inc.*, 724 F. App'x 22, 24 (2d Cir. 2018) (finding no reversible error in part because "the District Court instructed the jury three times—before opening statements, before summations, and during its charge—that statements and arguments made by counsel were not evidence.").

Defendants where reversable error was found involved egregious, intentional, and sustained conduct and, as such are distinguishable from the facts alleged here.

Defendants' request for relief prior to openings is simply speculative and unnecessary, and for that reason is legally improper.

### B. Counsel's statements during *voir dire* were not inflammatory or prejudicial.

Factually, the Defendants' motion rests on exaggerated characterizations of comments of counsel during *voir dire* that fail to support disregarding the ordinary rejection of prophylactic general motions limiting openings.

The Defendants first argue that Plaintiffs' counsel referred to Defendants as "bank robbers" and ask this Court to preclude counsel from making further allusions or references to Defendants as criminals or making similarly inappropriate and inflammatory comments. Mot. at 1, 3.

Counsel never called Defendants bank robbers. Nor can counsel's statements be characterized as even alluding to Defendants as criminals. Instead, counsel used an analogy of a fictional bank robbery perpetrated by multiple persons to illustrate to the lay jurors the legal concept of substantial factor causation. Counsel did so to determine if any prospective juror would have a problem following the law.[10] The choice of analogy was motivated by the belief that jurors would be familiar with a reference from movies. Tr. A at 48. Counsel specifically cautioned

---

[10] *See, e.g.,* Tr. A. at 49 ("Is there anybody in here who says, you know, my brain doesn't work that way. My brain says, it's just one person's fault or it's just one entity's fault, and I don't see that lots of pieces go together to make a problem? Does anybody's brain function that way, where you say it's only one person's fault?").

4

that "this is not a criminal case." *Id.*  These kind of colloquial references are not improper in an opening statement.[11]

Other than multiple actors being involved in both the analogy and this case, the analogy chosen was so far removed from the facts of this case that no reasonable person would believe that counsel was accusing the Defendants of being bank robbers.  Furthermore, in this case with daily deaths caused by the opioid epidemic, had Plaintiffs intended to allude to the Defendants as criminals they could have picked an analogy using any number of crimes factually closer to the Defendants' conduct.

Finally, Defendants point out Counsel's statements to the effect that some people have admitted they were wrong in this case while some had not.  Mot. at 2 (citing Tr. A at 48-49).  To the extent that they are arguing that Plaintiffs are improperly trying to use prior settlements with other defendants as evidence of Defendants' culpability, Counsel explicitly disclaimed such an intent.  *Id.* at 49 (counsel informing jurors: "You can't come in and just assume someone is at fault. We've got to prove it.").  In any event, the Court sustained the Defendants' objection and gave the jury a cautionary instruction.  *Id.* at 50-51.  Having directly ruled on this specific statement, there is no need for any further order.[12]

---

[11] *Niles*, *supra* at *5 (denying motion in limine and holding "While the Court would prefer counsel to focus on the case when making opening and closing arguments, the Court will not be overly concerned with occasional references to family members or personal experiences.").

[12] In addition, the Court has also found admissible specific settlements involving these Defendants so preclusion of their discussion in opening statements would be improper.  *See, e.g.,* Oct. 15, 2019 Transcript of Final Pretrial Proceedings at pp. 6, 7, 11, 18, 20 (denying

5

**CONCLUSION**

Defendants request for an order precluding Plaintiffs' counsel from making inflammatory and prejudicial statements during opening statements should be denied.

Dated: October 20, 2019.  Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
 jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

---

numerous motions in limine seeking to preclude evidence of settlements with DEA and other agencies).

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076) S
PANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX 77069-3804
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff*
*Cuyahoga County, Ohio*

Donald A. Migliori
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
dmigliori@motleyrice.com

*Counsel for Plaintiff*
*Summit County, Ohio*

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was served via the Court's ECF system to all counsel of record on October 20, 2019.

/s/ Peter H. Weinberger  
Peter H. Weinberger