# EXHIBIT A

**Count One – Absolute Public Nuisance**

A<ins>n absolute</ins> public nuisance is an intentional<ins> or unlawful</ins> and unreasonable interference with a public right.  Public rights are those that are held in common by a community, such as the right to public health and safety.  To find that a person intended to cause an interference with a public right means that it did so purposely, not accidentally.  Further, to conclude that the person's interference was unreasonable simply means that the harm caused by the interference exceeded the benefits of the action.

**Counts Three and Four – Violation of Federal RICO and Ohio RICO**

Plaintiffs allege that Defendants Actavis, Cephalon, Teva, AmerisourceBergen, Cardinal Health, and McKesson have violated two statutes: (1) the federal Racketeering Influenced and Corrupt Organizations Act commonly known as "Federal RICO," and (2) the Ohio Corrupt Practices Act, commonly referred to as "Ohio RICO."

A Defendant can violate Federal or Ohio RICO by directing or participating in, directly or indirectly, the affairs of an enterprise through a pattern of racketeering (or corrupt) activity. An enterprise is simply a group of persons (which I have previously stated includes corporations) that have associated with each other for a common purpose. The enterprise can, but need not, be a legal entity, and it includes unlawful as well as lawful enterprises.

For each Plaintiff to show that a Defendant violated Federal or Ohio RICO, the Plaintiff must show by a preponderance of the evidence the existence of an enterprise with which the Defendant was associated; the Defendant directed or participated in the enterprise through a pattern of racketeering activity; and the Defendant's racketeering activity injured the Plaintiff. Under RICO, the Defendants' racketeering activity must have directly and proximately injured Plaintiff's business or property.  Under Ohio RICO, the Defendants' racketeering activities only need to have proximately injured the Plaintiff, and Plaintiff's injury need not have been to its business or property.

Plaintiffs contend that the alleged racketeering activity involved various acts of mail fraud, wire fraud, and felonious dealing in controlled substances. A pattern of racketeering activity means at least two acts of racketeering frequently called "predicate acts." The predicate acts must not be separate or isolated incidents; they must be related. Predicate acts are related if they have the same or similar purposes, results, participants, victims, or methods of commission.

B, but at the same time, they must not be so closely connected in time and place that they constitute a single incident. Plaintiffs also allege that these Defendants conspired to violate the RICO statutes. In order to prove a RICO conspiracy, Plaintiffs must prove that the Defendant knowingly became a member of the alleged conspiracy; and agreed on how the affairs of the enterprise would be conducted.

The law covering Federal RICO claims generally applies to the Ohio RICO claims, with the exceptions about causation and injury that I noted above.

Again, that concludes a summary of the law that will help guide you as you hear the evidence. I will give you detailed instructions at the end of the case.