IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

**DEFENDANTS' OBJECTION TO**
**PRELIMINARY JURY CHARGE**

Defendants[1] hereby object to the Court's Preliminary Jury Charge (attached as Exhibit A).

First, as the Court's Preliminary Jury Charge recognizes, causation is an element of each of Plaintiffs' claims. *See* Ex. A, at 12. Defendants therefore proposed the following instruction as part of the Preliminary Jury Charge:

> For each of Plaintiffs' claims, Plaintiffs must prove that Defendants caused their injuries. This requires, first, that the injury would not have occurred but for the Defendant's conduct and, second, that the Defendant's conduct was a proximate cause of the Plaintiffs' injury. A proximate cause is a cause that is direct, not remote or derivative.
>
> There may be more than one proximate cause of an injury. To find that a Defendant was a proximate cause of Plaintiffs' injury, you must find that the conduct of that Defendant was a substantial factor in producing the injury.

Dkt. No. 2840. The Court's final preliminary causation instruction, by contrast, consists only of a single sentence stating:

---

[1] Actavis LLC, AmerisourceBergen Drug Corp., Cardinal Health, Inc., Cephalon, Inc., McKesson Corporation, Teva Pharmaceuticals USA, and Walgreen Co.

> Finally, for each of Plaintiff's claims, the Plaintiff must prove that one or more Defendants caused its injuries.

Ex. A, at 12.

This instruction unfairly and prejudicially minimizes the required element of causation.[2] It also deprives Defendants of their right, *inter alia*, to an instruction regarding the "but for" and "direct injury" components of the causation element. *See Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 387 (6th Cir. 2008) (district court commits reversible error if "(1) the omitted instruction is a correct statement of the law, (2) the instruction is not substantially covered by other delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of the case"); *see also* Dkt. No. 2840 (Defendants' Submission Regarding the Court's Proposed Preliminary Jury Charge).

The proposed instruction is also inaccurate in that it suggests that Plaintiffs may satisfy their burden of proof by establishing that "one or more Defendants caused [their] injuries." Plaintiffs must prove causation separately as to each Defendant in order to establish liability for that Defendant.

Second, the Court's Preliminary Jury Charge erroneously leaves out a scienter requirement for the Federal RICO and Ohio RICO claims.[3]  The final preliminary instruction states that "[a] Defendant can violate Federal or Ohio RICO by directing or participating in,

---

[2] In contrast to the single sentence that the Preliminary Jury Charge devotes to the required element of causation, the Preliminary Jury Charge devotes entire paragraphs to outlining things that Plaintiffs do *not* need to prove. *See, e.g.*, Ex. A, at 10 ("Malicious combination … does not require a showing of an express agreement. It is sufficient that the participants, in any manner, reached a mutual understanding to commit an unlawful act. A physical meeting of the participants is not necessary."). This imbalance renders the deficient causation instruction especially prejudicial.

[3] This objection is asserted on behalf of Actavis LLC, AmerisourceBergen Drug Corp., Cardinal Health, Inc., Cephalon, Inc., McKesson Corporation, and Teva Pharmaceuticals USA.  Plaintiffs do not assert a Federal RICO or Ohio RICO claim against Walgreen Co.

directly or indirectly, the affairs of an enterprise through a pattern of racketeering (or corrupt) activity." Ex. A, at 11.  It further states that the "Plaintiff must show by a preponderance of the evidence . . . [that] the Defendant directed or participated in the enterprise through a pattern of racketeering activity . . . ." *Id.*

This language prejudices Defendants by omitting a scienter requirement (the word "knowingly"), and, thus, by inaccurately stating what Plaintiffs must prove.  This language directly conflicts with jury instructions for the Third Circuit Court of Appeals on this issue, which properly include the word "knowingly."  *See* Third Circuit Pattern Jury Instructions (Criminal) 6.18.1962C (2018) (jury should be instructed "That *(name)* knowingly conducted that enterprise's affairs or that *(name)* knowingly participated, directly or indirectly, in the conduct of that enterprise's affairs").  This language is also inconsistent with Sixth Circuit law, which recognizes such a scienter requirement.  *See, e.g., United States v. Fowler*, 535 F.3d 408, 418 (6th Cir. 2008) (defendant must direct enterprise's affairs by "making decisions on behalf of the enterprise or by knowingly carrying them out").

October 20, 2019          Respectfully submitted,

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Paul W. Schmidt
Christian J. Pistilli
Phyllis A. Jones
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
pschmidt@cov.com
cpistilli@cov.com
pajones@cov.com

*Counsel for McKesson Corporation*


*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
Kim M. Watterson
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Matthew W. Brewer
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
matthew.brewer@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreen Co.*


*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*

4

/s/ Steven A. Reed
Eric W. Sitarchuk
Steven A. Reed
Harvey Bartle
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5000
Fax: (215) 963-5001
eric.sitarchuk@morganlewis.com
steven.reed@morganlewis.com
harvey.bartle@morganlewis.com
rebecca.hillyer@morganlewis.com

Nancy L. Patterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel: (713) 890-5195
Fax: (713) 890-5001
nancy.patterson@morganlewis.com

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-7455
Fax: (412) 560-7001
wendy.feinstein@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
Fax: (305) 415-3001
brian.ercole@morganlewis.com

*Counsel for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Actavis LLC*

## **CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart