UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>Track One Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Plaintiffs the County of Summit, Ohio and the County of Cuyahoga, Ohio (collectively, "Plaintiffs") respectfully submit this Motion for Leave to Amend. The Counties seek to add specific, discrete allegations against certain defendants concerning their conduct as dispensers of prescription opioids. They propose to do so through an Amendment by Interlineation to their operative Complaints to make clear the discrete nature of the amendments and the defendants to which they pertain. Plaintiffs' respective proposed Amendments by Interlineation will be attached as Exhibits A and B, respectively.[1]

**I.     Background**

Plaintiffs initially filed these actions in 2017, and subsequently amended their respective complaints in April and May of 2018. Plaintiffs' respective Corrected Second Amended Complaints, filed in May of 2018, each named CVS, Walgreens, Rite Aid, Walmart, Discount Drug Mart and Giant Eagle (aka HBC) entities (collectively, the "National Retail Pharmacies"). Both complaints further stated that: "Defendants include the above referenced entities as well as their predecessors, successors, affiliates, subsidiaries, partnerships and divisions to the extent that

---

[1] Plaintiffs do not believe any information included in the proposed amendments warrants confidential treatment, but out of abundance of caution, are seeking leave to file them under seal to ensure compliance with this Court's orders concerning materials designated as confidential or highly confidential under Protective Orders.

1

they are engaged in the manufacture, promotion, distribution, sale, and/or dispensing of opioids." *See* Dkt. No. 514 (Summit Corrected Second Amended Complaint), ¶ 128; Dkt. No. 521, (Cuyahoga Corrected Second Amended Complaint), ¶ 96 (same).

As the litigation progressed, a number of defendants were severed or dismissed from the actions. Specifically, both Plaintiffs reached settlements with, and dismissed, the Endo, Allergan/Actavis, Mallinckrodt, Janssen, Teva, McKesson, Cardinal, and AmerisourceBergen defendants.[2] In addition, Defendants Henry Schein, Inc., Henry Schein Medical Systems, Inc., and Miami-Luken, Inc. were named only in, and have been dismissed from, the Summit County action. Due to bankruptcy proceedings, Defendants Purdue Pharma, L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Inc., and Insys Therapeutics, Inc. have been severed from Plaintiffs' respective actions.[3]

Certain defendants remain part of the Track One cases, but their claims were severed for later trial following the "Track One" trial set for October 21, 2019. These Defendants include: Anda, Inc., Discount Drug Mart, Inc., HBC Service Company, H.D. Smith, LLC, Prescription Supply, Inc., Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center,

---

[2] The specific entities named in, and dismissed from, the actions are: Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.; Allergan plc f/k/a Actavis plc f/k/a Allergan, Inc.; Allergan Finance, LLC, f/k/a/ Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc., f/k/a/ Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida; Mallinckrodt PLC; Mallinckrodt LLC; SpecGx LLC; Janssen Pharmaceuticals, Inc. f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. f/k/a/ Janssen Pharmaceutica, Inc.; Johnson & Johnson; Noramco, Inc.; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Drug Corporation.

[3] *See* Dkt. 2612 (Order severing Purdue Defendants); July 5, 2019 Text Order (Order granting Motion to Sever Insys).

2

Inc., Walmart Inc. f/k/a Wal-Mart Stores, Inc., CVS Indiana, L.L.C., and CVS RX Services. In light of settlements reached on the eve of trial, claims against Walgreen Co. and Walgreen Eastern Co. (collectively, "Walgreens") were severed and set to be tried in a subsequent "Track One-B" trial with other severed defendants who remain part of the case. *See* Dkt. 2868.

**II.     Argument**

Under Federal Rule of Civil Procedure 15, leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). Accordingly, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [it] ought to be afforded an opportunity to test his claim on the merits." *Id.* The grant or denial of leave to amend is within this Court's discretion, and:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.* The Rules are to be construed "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, and Federal Rule of Civil Procedure 42 allows the Court to order a separate trial of one or more claims, or to issue "other orders to avoid unnecessary cost and delay." Fed. R. Civ. P. 42(a) & (b). Additionally, this Court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016). This discretion includes, for example, the ability to provide for "Short Form" amended complaints of cases in the MDL, and would also allow a

procedure for amendment by interlineation to streamline the preparation for a Track One-B trial here.[4]

Granting leave to amend would result in no prejudice to Defendants, and is appropriate to address the evolving circumstances in these complex cases. *See Empire Title Services, Inc. v. Fifth Third Mortg. Co.*, 298 F.R.D. 528, 531 (N.D. Ohio 2014) ("[I]n order to deny leave to amend for undue delay, Defendants must show prejudice. . . . Since Defendants do not demonstrate prejudice, the delay in filing the amendment is not a proper ground for denial of leave to amend."); *Morataya v. Metro RTA*, 5:17-CV-1133, 2017 WL 5495123, at *2 (N.D. Ohio Nov. 16, 2017) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.") (internal quotation marks omitted).

Although Plaintiffs included certain factual allegations related to the National Retail Pharmacies' conduct as dispensaries, in preparation for the Track One trial, the parties' motion practice and discovery focused on these entities' activities only as wholesale distributors. Pharmacy-level data and pharmacist depositions were treated separately from the discovery in preparation for the Track One trial, and the Defendants prevented Plaintiffs from obtaining pharmacy level data and discovery.

---

[4] *See*, *e.g.*, *Claire v. Terry*, 2015 U.S. Dist. LEXIS 114882, at *12 (N.D. Cal. Aug. 28, 2015) ("The court has instructed Mr. Clair to file an amendment to the complaint rather than an amended complaint . . . .  The difference between an amendment to a complaint and an amended complaint is that an amendment will be read together with the original complaint to see whether a claim is stated, whereas an amended complaint will supersede the original and must state every one of a plaintiff's claims."); *Smogonovich v. Access Behavioral Health Servs.*, 2009 U.S. Dist. LEXIS 49323, at *4 (D. Idaho, June 11, 2009) ("'While the Amendment to the Complaint adds only new facts and claims[,] it appears that Plaintiff intends for the Complaint and Amendment to be read together.  The Amendment names new Defendants . . . .") (quoting Report and Recommendation).

Then, on the eve of trial, Cardinal and Walgreens disclosed that they intended to rely upon pharmacy level data and evidence, including testimony of pharmacists at trial that Plaintiffs were strictly prohibited from obtaining during discovery. Walgreens designated three pharmacists to testify at trial "concerning [their] duties, responsibilities, and experiences as a pharmacy manager." *See* Walgreens' Amended Witness List at 3-4 (Dkt. No. 2743). Similarly, Cardinal designated four CVS pharmacists with a vague explanation that they would be called to "respond to Plaintiffs' case," without disclosing any area of testimony. (Dkt. No. 2722 at 6). Plaintiffs objected to the belated disclosure of these witnesses, who were never identified in interrogatory responses or deposed, and whose custodial files were never produced. The Special Master overruled the objections, and further briefing was underway, but mooted by the settlement with Cardinal and the Court's directive that claims against Walgreens would separately proceed following further discovery. Thus, it is now clear that pharmacy-related evidence is likely to be at issue in the Track One-B trial, to which Walgreens is a party, and Defendants cannot be permitted to maintain their one-sided access to it. There can be no prejudice to Defendants in providing for discovery into matters that they themselves have put at issue.

This is particularly true given that the Court anticipated some additional discovery would be needed for Track One-B. *See* Tr. of Proceedings at 6 (Oct. 21, 2019). Further, the proposed amendments would not add any new defendant families to the existing action. Although they would name additional entities affiliated with the existing defendants, the scope of discovery has already been broad enough to include any relevant entities in the same corporate families, and Defendants have evidently been collecting certain of this evidence in any event. Not only have the operative complaints long defined the defendants named to include all relevant entities, as described above, but the parties also have proceeded with discovery with the understanding that

5

all relevant entities would be part of the case. For example, during the November 7, 2018 discovery hearing, in response to an argument from the Actavis and Allergan Defendants that not all defendant-related entities were properly named in the Complaint, the Court stated with respect to entities involved in the opioid business in the U.S., "anyone connected to the defendants, *you are in this case*." *See* Tr. of Discovery Conference Call at 26:11-21 (Nov. 7, 2019) (referencing ruling).

Given the work that has been done, the most efficient path forward is to focus discovery on the conduct of the National Retail Pharmacies as pharmacies. Plaintiffs have consistently sought to move these cases forward in the most efficient, streamlined manner that best serves both the purposes of the bellwether cases and the discovery schedule consistent with Plaintiffs', and the Court's, goals to bring them to trial (if any trial is to occur) expeditiously. Plaintiffs therefore request that the Court allow leave to amend only as to these defendants, and set a trial date as soon as possible for the claims against these defendants to be tried alongside those against Walgreens.

Dated: October 29, 2019

    Respectfully submitted,

    /s/Paul J. Hanly, Jr.
    Paul J. Hanly, Jr.
    SIMMONS HANLY CONROY
    112 Madison Avenue, 7th Floor
    New York, NY 10016
    (212) 784-6400
    (212) 213-5949 (fax)
    phanly@simmonsfirm.com

    /s/ Joseph F. Rice
    Joseph F. Rice
    MOTLEY RICE

28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY  10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

7

*Counsel for Plaintiff Summit County, Ohio*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of October, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

                                                              */s/ Linda Singer*
                                                               Linda Singer