# EXHIBIT E

# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:*  (215) 569-5644
*Fax:*    (215) 832-5644
*Email:*  thenry@blankrome.com

October 24, 2019

**VIA EMAIL**

Celeste Brustowicz
Stephen Wussow
COOPER LAW FIRM
1525 Religious Street
New Orleans, Louisiana 70130
cbrustowicz@clfnola.com

> Re: **Neonatal Abstinence Syndrome Cases**
> *In Re: National Prescription Opiate Litigation*, 1:17-md-2804
> **Defendants' Response to Plaintiffs' Discovery Requests**

Dear Ms. Brustowicz and Mr. Wussow:

    I write on behalf of the Defendants that are listed in the Interrogatories and Requests for Production of Documents that Plaintiffs served in Case Nos. 1:18-op-45268-DAP, 1:18-op-45405-DAP, 1:18-op-046327-DAP, and 1:19-op-45459-DAP on some but not all Defendants in those actions. This correspondence serves as Defendants' response to those discovery requests.

    The Defendants identified in your discovery requests do not intend to serve formal responses to Plaintiffs' discovery requests for the following reasons: (i) Judge Polster has not authorized Plaintiffs to conduct discovery; (ii) much of the discovery Plaintiffs seek is unrelated to class certification or is equally available to Plaintiffs; and (iii) Defendants have already produced a prodigious amount of discovery available to Plaintiffs.

    The Court has not granted Plaintiffs relief to seek new discovery from Defendants. In its order of July 11, 2019, the Court noted the "prodigious amounts of discovery" Defendants had already produced in the MDL and granted Plaintiffs "an abbreviated period to review the available discovery." Doc. #1829, page 2. The Court explicitly rejected Plaintiffs' request for additional discovery, "[A]bsent some showing that the available discovery is insufficient, which Plaintiffs have not made, ***the Court declines to grant Plaintiffs additional discovery at this time***." *Id*. (emphasis added) Nothing in the Court's subsequent orders expanded on the limited relief granted by the Court. Rather, the Court has continued to express skepticism that Plaintiffs need any additional discovery whatsoever. Doc. #2151 (Transcript of August 7, 2019 proceedings), at 6-7. Plaintiffs have not obtained permission from the Court to serve this new discovery nor have they made the showing of insufficiency that the Court's order requires. Consequently, Plaintiffs are not entitled to seek new discovery from Defendants.

# BLANKROME

Defendants' Response to Plaintiffs' Discovery Requests
October 24, 2019
Page 2

      Significantly, the discovery Plaintiffs request is unrelated to class certification or is more readily available to Plaintiffs. Even if Plaintiffs obtained permission to seek discovery from Defendants, any allowable discovery would have to be reasonably related to issues to be addressed during the class certification process. As the Court expressed on August 7, "[T]hese are individual claims . . . lumped together in a class action." Doc. #2151 (Transcript of August 7, 2019 proceedings) at 4. Plaintiffs' discovery must be directed at whether "individual questions, both on liability and damages, predominate[.]" *Id*. at 5. Notwithstanding the Court's admonition, Plaintiffs' discovery requests are almost entirely unrelated to the issue of class certification. For example, Plaintiffs have requested "all documents related to studies of rats or rabbits exposed to opioids." RFP #4. Particular rat or rabbit studies have no bearing whatsoever on whether it is appropriate to certify a class of individuals who were medically diagnosed as being exposed in utero to opioids, were pharmacologically weaned from opioids, and whose birth mother received a prescription for opioids or opiates prior to birth. Other requests, such as those related to Plaintiffs' medical or prescription records, ask for information that is more easily obtained by Plaintiffs than by Defendants, who only recently learned the names of the class representatives.

      Furthermore, Plaintiffs have received or have access to extensive relevant discovery from Defendants. As the Court noted in its July 11 Order, "Defendants have produced prodigious amounts of discovery." Doc. #1829 at 2. As you likely know, the Plaintiffs' Executive Committee ("PEC") incorporated claims of infants suffering from NAS in Track One, and sought relief on behalf of NAS infants, including future healthcare costs, medical monitoring, and foster care. (*See* October 3, 2019 Statement of Interest of PEC; comments of PEC counsel during August 6, 2019 proceedings, page 15.) Because NAS claims were related to their cases, the PEC sought – and Defendants produced – pertinent discovery in Track One, to which Plaintiffs have access. No further discovery of Defendants on these issues is warranted.

      Accordingly, Defendants do not intend to provide formal responses to Plaintiffs' discovery requests or produce the requested documents. Should you have any questions or wish to discuss, please let us know and we will make ourselves available prior to October 25. Thank you.

Very truly yours,

Terry M. Henry

cc: All counsel of record

TMH:

149340.00637/121530445v.3