# EXHIBIT F

**BAKER BOTTS** LLP

| | | |
|---|---|---|
| 1001 PAGE MILL ROAD | AUSTIN | LONDON |
| BUILDING ONE, SUITE 200 | BEIJING | MOSCOW |
| PALO ALTO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94304-1007 | DALLAS | **PALO ALTO** |
| | DUBAI | RIYADH |
| TEL  +1 650.739.7500 | HONG KONG | SAN FRANCISCO |
| FAX  +1 650.739.7699 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

October 24, 2019

081580.0148

Kevin M. Sadler
TEL: 6507397518
FAX: 6507397618
kevin.sadler@bakerbotts.com

**VIA E-MAIL** (NOTICES@DANNLAW.COM; CBRUSTOWICZ@CLFNOLA.COM)

Marc E. Dann
DannLaw
2728 Euclid Avenue, Suite 300
Cleveland, Ohio 44115

Celeste Brustowicz
Cooper Law Firm
1525 Religious Street
New Orleans, Louisiana 70130

> Re: Discovery Propounded in *Salmons, et al. v. McKesson Corporation, et al.*, Case No. 1:18-op-45268 (*Salmons*); *Flanagan, et al. v. McKesson Corporation, et al.*, Case No. 1:18-op-45405 (*Flanagan*); *Artz, et al. v. Endo Health Solutions, Inc., et al.*, Case No. 1:19-op-45459 (*Artz*); *Frost, et al. v. Endo Health Solutions, Inc., et al.*, Case No. 1:18-op-46327 (*Frost*)

Dear Marc and Celeste:

Assertio Therapeutics, Inc. f/k/a Depomed, Inc. ("Assertio") objects to Plaintiffs' discovery requests (the "Discovery Requests") propounded on defendants, including Assertio, in the above-referenced cases on October 15, 2019. The Discovery Requests are inappropriate as to all defendants because the vast majority of the requests have nothing to do with issues relevant to class certification. The Discovery Requests are also inappropriate as to Assertio whose participation in the prescription opioid market was limited in both time and scope. In fact, Assertio should not even be named as a defendant in these cases, or in any other case seeking relief for injuries and/or damages allegedly arising from opioid-related neonatal abstinence syndrome.

First, as each Complaint acknowledges, Assertio is a pharmaceutical company that commercialized only two brand name opioid medications, Lazanda and Nucynta. *See Salmons*, Third Amended Class Action Complaint (TAC) ¶¶ 38, 211; *Flanagan*, Second Amended Class Action Complaint (SAC) ¶¶ 38, 211; *Artz*, Second Amended Class Action Complaint (SAC) ¶¶

Active 43063147.3

**BAKER BOTTS** LLP

Marc E. Dann - 2 - October 24, 2019
Celeste Brustowicz

62, 199; *Frost*, Second Amended Class Action Complaint (SAC) ¶¶ 62, 199.[1] Assertio acquired the rights to Lazanda in July 2013[2] and divested its rights in November 2017. Assertio likewise acquired the rights to Nucynta and Nucynta ER ("Nucynta") in April 2015, began marketing the Nucynta line in June 2015, and divested its rights in December 2017—a mere 31 months after it began marketing and selling Nucynta products. The Complaints nevertheless implausibly include Assertio as one of the Defendants alleged to have participated in a mass marketing campaign dating back to the mid-1990s—decades before Assertio entered the opioid market in 2013. Moreover, each proposed class includes children born as early as 2000—thirteen years before Assertio acquired its first opioid product. *See Salmons*, TAC ¶ 406; *Flanagan*, SAC ¶ 388; *Artz*, SAC ¶ 8; *Frost*, SAC ¶ 8. Assertio, of course, could not have engaged in wrongful conduct that allegedly occurred before it even entered the market and, therefore, could not have caused the injuries and other damages allegedly suffered by proposed class members during that time.

Second, Assertio's market share was never significant. During the short time period Assertio participated in the opioid market—from July 2013 through December 2017—the *combined* market share of Lazanda and Nucynta—in terms of total prescriptions—was 0.4% (Ohio), 0.3% (Tennessee), 0.2% (West Virginia), and 0.2% (nationwide).

Finally, the Complaints allege generally that Defendants, as a group, marketed their opioid products to potential and/or expecting mothers while minimizing the risks of prescription opioid use to their babies. *See, e.g.*, *Salmons*, TAC ¶¶ 4, 76, 186, 417. But Lazanda and Nucynta contain on-the-label clear warnings against use by pregnant women. The Lazanda label states that "[p]rolonged use of LAZANDA during pregnancy can result in neonatal opioid withdrawal syndrome, which may be life-threatening if not recognized and treated." Similarly, the Nucynta and Nucynta ER labels state that "[p]rolonged use of [Nucynta ER and/or Nucynta Tablets] during pregnancy can cause withdrawal symptoms in your newborn baby that could be life-threatening if not recognized and treated."

In light of the foregoing, I ask whether counsel for Plaintiffs was aware, before adding Assertio to this case, of even one single circumstance in which Lazanda or Nucynta was taken by a woman during her pregnancy, resulting in post-birth medical complications for the mother's child? Please provide us the specifics of even one such circumstance.

Given Assertio's very limited time in the market, very limited market share, and the fact that both of its opioid products contained specific warnings against use during pregnancy, it is no surprise that: (1) none of the Complaints identifies Nucynta or Lazanda as one of the opioids that

---

[1]  The complaints in these four cases are collectively referred to herein as the "Complaints."
[2]  Plaintiffs allege that Assertio has been in the prescription opioid business since at least October 2011. *See Salmons*, TAC ¶ 211; *Flanagan*, SAC ¶ 211; *Artz*, SAC ¶ 199; *Frost*, SAC ¶ 199. This allegation is incorrect, as Assertio launched its first prescription opioid product, Lazanda, in July 2013.

**BAKER BOTTS** LLP

Marc E. Dann  - 3 -  October 24, 2019
Celeste Brustowicz

plaintiffs' mothers allegedly consumed, *see, e.g.*, *Salmons*, TAC ¶ 5; *Flanagan*, SAC, ¶ 4; (2) none of the Complaints identifies Assertio by name in any of its subclass definitions, as it does for several other defendants, *see Salmons*, TAC ¶ 406; *Flanagan*, SAC ¶ 388; *Artz*, SAC ¶ 8; *Frost*, SAC ¶ 8; (3) the *Salmons* Complaint does not identify market share data for Assertio, as it does for several other defendants, *see Salmons*, TAC ¶¶ 123-34; and (4) Plaintiffs' Fact Sheets confirm that no birth mother of a named Plaintiff took Lazanda or Nucynta, *see Flanagan*, Sharon A. Walker Fact Sheet (unknown opioid); *Artz*, Roman and Jacqueline Ramirez Fact Sheet (Duragesic, Actiq, Norco); *Artz*, Melissa Barnwell Fact Sheet (Tromadol); *Frost*, Michelle Frost Fact Sheet (Suboxone); *Frost*, Stephanie Howell Fact Sheet (Vicodin); *Salmons*, Anthony L. Anderson II Fact Sheet (Oxicodone, Zanaflex, Popomax [sic], Imatrex [sic]); *Salmons*, Haden Travis Blankenship Fact Sheet (Hydrocodone, Norco, Opana).

Finally, Assertio objects to the discovery on the grounds that Plaintiffs first asked Assertio to waive service in *Artz* on October 13, 2019—two days before propounding discovery—and then waited until October 23, 2019 to request a waiver of service in the remaining three cases. As a result of Plaintiffs' dilatory service, Assertio did not participate in any negotiations regarding the class certification scheduling order issued for these cases. Under normal circumstances, Assertio would have had an opportunity to review the allegations in the Complaints, participate in a Rule 26(f) conference, and negotiate appropriate limitations on discovery. Here, Plaintiffs have not even given Assertio the courtesy of serving Assertio with the relevant complaints before propounding discovery.

Assertio objects and will not respond to Plaintiffs' discovery requests absent court order, and we request that Plaintiffs dismiss the Complaints as to Assertio because there is no basis in law or fact to group Assertio together with the other defendants named in these cases.

Respectfully,

Kevin M. Sadler

Kevin M. Sadler

KMS

Active 43063147.3