# EXHIBIT H

# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:* (215) 569-5644
*Fax:* (215) 832-5644
*Email:* thenry@blankrome.com

October 30, 2019

**VIA EMAIL**

Celeste Brustowicz
COOPER LAW FIRM
1525 Religious Street
New Orleans, Louisiana 70130
CBrustowicz@clfnola.com

Marc E. Dann
DANN LAW
2728 Euclid Ave Suite 300
Cleveland, OH 44115
MDann@DannLaw.com

Re: **Neonatal Abstinence Syndrome Cases**
*In Re: National Prescription Opiate Litigation*, **1:17-md-2804**
**Defendants' Final Response to Plaintiffs' Discovery Requests**

Dear Celeste and Marc:

I write again on behalf of the Defendants regarding Plaintiffs' Interrogatories and Requests for Production of Documents that Plaintiffs served in Case Nos. 1:18-op-45268-DAP, 1:18-op-45405-DAP, 1:18-op-046327-DAP, and 1:19-op-45459-DAP. This correspondence follows Defendants' letter of October 24, 2019, our meet and confer call on October 25, 2019 and Marc's letter of October 28, 2019.

Plaintiffs' position during our meet-and-confer and as expressed in Marc's subsequent letter ignore the fundamental problems with Plaintiffs' discovery requests; that: (i) Judge Polster has not authorized Plaintiffs to conduct discovery; and (ii) much of the discovery Plaintiffs seek is unrelated to class certification or is equally available to Plaintiffs. Moreover, Defendants have already produced a prodigious amount of discovery available to Plaintiffs. Nothing from our conversation or Marc's subsequent letter changes Defendants' position that additional discovery is unwarranted for these reasons.

BLANKROME

Defendants' Final Response to Plaintiffs' Discovery Requests
October 30, 2019
Page 2

However as promised during our meet and confer and as a courtesy, Defendants considered Plaintiffs' request that Defendants re-produce information that some Defendants produced during Track One discovery, particularly with respect to Interrogatories 1, 2, and 3 and Requests for Production 1, 2 and 4.[1]  We understand that Plaintiffs have made this request because they have not secured the cooperation of the PEC in searching for the information.

Plaintiffs do not dispute that Defendants have already provided substantial discovery in Track One and do not dispute that they have access to all Defendants' Track One discovery. Defendants decline to re-produce documents already available to Plaintiffs or undertake efforts to run searches through their own document productions when Plaintiffs can easily conduct the same searches.

Based on our conversation, Defendants are unconvinced that Plaintiffs have conducted a reasonable search of the materials available to them.  For example, Teva's Track One discovery responses (which Teva provided to you on October 11) include references to bates numbered documents and a ten page appendix with a list of all referenced studies.  While the Track One Manufacturer Defendants responded to these same discovery requests during Track One,[2] they are improperly directed to Distributor and Pharmacy Defendants who did not conduct such studies.

---

[1] We note that Marc's assertion in his letter of Monday that "it is the position of Counsel for Defendants that all documents requested in the discovery . . . were previously produced" is incorrect.  Our position is as set forth in this letter and in our prior correspondence:  that there are numerous studies of opioids on animals and humans that have already been produced by some Defendants in Track One.

[2] Defendants' Track One interrogatory responses to which Plaintiffs have access point Plaintiffs to documents responsive to Plaintiffs' discovery requests.  As a courtesy to Plaintiffs, in addition to the materials supplied by Teva, Defendants identify certain Track One discovery response that include information responsive to Plaintiffs' requests.  Mallinckrodt LLC and SpecGx LLC refer Plaintiffs to their responses and supplemental responses to Track One interrogatories 2, 3, 4, 10, and 26.  In addition, Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") direct Plaintiffs to their responses and objections to Interrogatory No. 2 in Endo's Second Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories Nos. 1-4 and Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories No. 9, dated March 4, 2019.  Similarly, Allergan refers Plaintiffs to their responses, including supplements, to Track One Plaintiffs' Interrogatory Nos. 2-4 and 26.  Similarly, Janssen refers Plaintiffs to their responses, including supplements, to Plaintiffs' First Set of Interrogatories Nos. 2-4, 10, and 26.

**BLANKROME**

Defendants' Final Response to Plaintiffs' Discovery Requests
October 30, 2019
Page 3

(For the same reason, Distributor and Pharmacy Defendants are not positioned to respond to Marc's request to identify such studies by bates number).

The discussion Friday was focused almost exclusively on Plaintiffs requests for various types of studies. Plaintiffs' complaint that they cannot locate these studies within the Track One discovery reflects that they have not used their available resources to locate them. Defendants have no obligation to perform Plaintiffs' work simply because the PEC has not directed them to it, nor because Plaintiffs want "to minimize the costs and fees related to the review of those documents" as you admit in your letter.

With respect to Plaintiffs' requests for which Defendants may not have previously produced responsive information (primarily information relating to individual plaintiffs), those requests are improper for the reasons set forth in our letter of October 24.

Very truly yours,

Terry M. Henry

cc:     All counsel of record

TMH: