IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>TRACK TWO CASES | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Track Two Plaintiffs, the Cabell County Commission and the City of Huntington, file this Notice of Supplemental Authority to alert the Court to recent West Virginia state court opioid rulings denying motions to dismiss filed by the same parties who are defendants in this MDL. These rulings relate to the motions to dismiss Cabell County's Second Amended Complaint currently pending before the Court.[1] (Dkt. #575, #579, #594, #583).

Pending before the Court is Cardinal Health's Motion to Dismiss Second Amended Complaint (Dkt. #579). The motion argues the County's claims are barred by res judicata because of the West Virginia Attorney General's settlement with Cardinal.[2] Cabell has responded to the motion (Dkt. #728). After the briefing closed

---

[1] The motions were filed in *Cabell County Commission, West Virginia v. AmerisourceBergen Drug Corp.*, Case No. 17-OP-45053 (N.D. Ohio) as directed by CMO 1. (Dkt. 232, ¶ 2(b))

[2] While Cardinal is the only distributor making this claim, the West Virginia Attorney General has settled the State of West Virginia's claims with all of the non-pharmacy distributors who are parties to this action using the same or functionally identical releases.

on this motion, Cardinal moved to dismiss raising the same arguments in the Circuit Court of Brooke County West Virginia action filed by several other West Virginia counties. The Circuit Court denied the motion based on many of the same arguments raised in the Cabell opposition.[3,4] Cardinal sought interlocutory review in the Supreme Court of Appeals of West Virginia which summarily and unanimously refused relief.[5]

The West Virginia state court opioid cases were subsequently transferred to the West Virginia Mass Litigation Panel. At a recent hearing before the Panel, the West Virginia Attorney General confirmed on the record it did not have the power to settle opioid litigation brought by West Virginia cities and counties.[6]

These authorities provide additional support for denying Cardinal's Motion.

\* \* \* \* \*

Many of the same manufacturers and distributors who are defendants in this case also brought substantive motions to dismiss the claims brought in the Brooke County state court action. The motions were similar to the motions to dismiss

---

[3] *See Brooke County Commission et al v. Purdue Pharma L.P.,* et al, Civil Action No. 17-C-248, (Cir. Ct. Marshall County, WV, Dec. 28, 2018), Order Denying Cardinal Health, Inc.'s Motion to Dismiss ("Exhibit A").

[4] Cabell's opposition argued that Cabell's RICO claims were claims that the West Virginia AG had neither the power to bring nor settle. *See* Doc. 728 at pp. 10, 17. Notwithstanding the fact that the complaint in the Brooke County actions did not include RICO claims, the state courts rejected Cardinal's res judicata motion.

[5] *State of West Virginia ex rel. Cardinal Health, Inc. v. Honorable David W. Hummel, Jr., Judge of the Circuit Court of Marshall County, et al* , Case No. 19-0204 (W.V. June 12, 2019) ("Exhibit B").

[6] *In Re: Opioid Litigation*, Civil Action No. 19-C-9000, Cir. Ct. Kanawha County, West Virginia, Hearing Transcript, at 19, 21-23 ("Exhibit C").

Cabell's claims pending before this Court. (Dkt. #575, #594, #583) The Brooke County West Virginia Circuit Court denied these motions to dismiss.[7] The Circuit Court held as follows:

- The Complaint contains allegations of interference with public rights that are sufficient to maintain a viable nuisance claim under West Virginia law. Manuf Order at p.12; Distrib Order at 13; Pharmacy Order at 11.

- Conduct that does not necessarily involve interference with the use and enjoyment of land can constitute a public nuisance. Manuf Order at 12; Distrib Order at 13; Pharmacy Order at 11.

- West Virginia nuisance law recognizes broad remedies - including the recovery of costs - in abatement. Distrib Order at 14.

- Plaintiffs' complaint adequately alleges causation -- rejecting defendants' remoteness arguments. Manuf Order at 5-7; Distrib Order at 11-13; Pharmacy Order at 6-9.

- The Economic Loss Doctrine does not bar Plaintiffs' claims. Manuf Order at 14-15; Distrib Order at 9-10; Pharmacy Order at 9-11.

- The Free Public Services Doctrine does not preclude Plaintiffs' recovery of damages. Distrib Order at 8-9.

- Plaintiffs pled sufficient facts to support tolling of the statute of limitations based on equitable estoppel and continuing tort. Manuf Order at 14-15; Distrib Order at 10-12.

---

[7] *Brooke County Commission et al v. Purdue Pharma L.P.,* et al, Civil Action No. 17-C-248, (Cir. Ct. Marshall County, WV, Dec. 28, 2018) Order Denying Manufacturer Defendants' Joint Motion to Dismiss ("Manuf Order") ("Exhibit D"); *Brooke County Commission et al v. Purdue Pharma L.P.,* et al, Civil Action No. 17-C-248, (Cir. Ct. Marshall County, WV, Dec. 28, 2018) Order Denying AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation's Motion to Dismiss ("Distrib Order") ("Exhibit E"); *Brooke County Commission et al v. Purdue Pharma L.P.,* et al, Civil Action No. 17-C-248, (Cir. Ct. Marshall County, WV, Dec. 28, 2018) Order Denying Walmart Stores, L.P., Rite Aid Of Maryland, Inc., Kroger Limited Partnership II, and CVS Indiana, L.L.C.'s Motion to Dismiss ("Pharmacy Order") ("Exhibit F").

In making these rulings the Court relied on factual allegations that are essentially identical to the allegations in Cabell's complaint. The defendants again sought interlocutory review of these orders which was also summarily refused unanimously.[8]

These rulings provide further support for denying the pending motions to dismiss made by Manufacturers, Distributors, and Pharmacies.

Dated: November 1, 2019            Respectfully submitted,

                                               THE CABELL COUNTY COMMISSION and THE CITY OF HUNTINGTON,

                                               By Counsel:

---

[8] *State of West Virginia ex rel. Cardinal Health, Inc. v. Honorable David W. Hummel, Jr., Judge of the Circuit Court of Marshall County, et al*, Case No. 19-0204 (W.V. June 12, 2019) Order Denying Distributors' Writ ("Exhibit G"); *See State of West Virginia ex rel. Cardinal Health, Inc. v. Honorable David W. Hummel, Jr., Judge of the Circuit Court of Marshall County, et al*, Case No. 19-0204 (W.V. June 12, 2019) Order Denying Manufacturer's Writ ("Exhibit H"); and *See State of West Virginia ex rel. Cardinal Health, Inc. v. Honorable David W. Hummel, Jr., Judge of the Circuit Court of Marshall County, et al*, Case No. 19-0204 (W.V. June 12, 2019) Order Denying Pharmacy Writ ("Exhibit I").

| THE CITY OF HUNTINGTON | THE CABELL COUNTY COMMISSION |
|---|---|
| /s/ Charles R. "Rusty" Webb | /s/ Anthony J. Majestro |
| Charles R. "Rusty" Webb (WVSB No. 4782)<br>**THE WEBB LAW CENTRE, PLLC**<br>716 Lee Street, East<br>Charleston, West Virginia  25301<br>Telephone: (304) 344-9322<br>Facsimile: (304) 344-1157<br>rusty@rustywebb.com | Anthony J. Majestro (WVSB Bar No. 5165)<br>**POWELL & MAJESTRO, PLLC**<br>405 Capitol Street, Suite P-1200<br>Charleston, WV 25301<br>Tel.: 304-346-2889<br>Fax: 304-346-2895<br>amajestro@powellmajestro.com |
| Joseph F. Rice<br>Anne McGinness Kearse (WVSB No. 12547)<br>**MOTLEY RICE LLC**<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel:  843-216-9000<br>Fax:  843-216-9450<br>jrice@motleyrice.com<br>akearse@motleyrice.com | Paul T. Farrell, Jr.<br>Bert Ketchum<br>**GREENE, KETCHUM, FARRELL, BAILEY & TWEEL, LLP**<br>419 - 11th Street (25701)/ P.O. Box 2389<br>Huntington, West Virginia 25724-2389<br>Tel.: 800-479-0053 or 304-525-9115<br>Fax: 304-529-3284<br>paul@greeneketchum.com<br>bert@greeneketchurn.com |
| Linda Singer<br>**MOTLEY RICE LLC**<br>401 9th Street NW, Suite 1001<br>Washington, DC 20004<br>Tel:  202-232-5504<br>Fax:  202-386-9622<br>lsinger@motleyrice.com | |

*Additional Counsel for Cabell County Commission*

Russell W. Budd
J. Burton LeBlanc, IV
Christine C. Mansour
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605
Fax: 214-520-1181
rbudd@baronbudd.com
bleblanc@baronbudd.com
cmansour@baronbudd.com

Roland K. Tellis
Mark P. Pifko
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Los Angeles, CA 91436
Tel.: 818-839-2333
Fax: 818-986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

Michael J. Fuller, Jr.
Amy Quezon
**McHUGH FULLER LAW GROUP, PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com
amy@mchughfuller.com

Peter J. Mougey
Troy Rafferty
Page A. Poerschke
Laura S. Dunning
Neil E. "Ned" McWilliams
Jeffrey Gaddy
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
trafferty@levinlaw.com
ppoerschke@levinlaw.com
ldunning@levinlaw.com
nmcwilliams@levinlaw.com
jgaddy@levinlaw.com

Michael A. Woelfel
**Woelfel & Woelfel**
801 Eighth Street
Huntington, WV 25701
Tel.: 304-522-6249
Fax: 304-522-9282

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed via the Court's electronic filing system on this 1st day of November, 2019. Notice of this filing will be sent by e-mail through the Court's electronic case-filing system to all Counsel of record.

/s/ Anthony J. Majestro
Anthony J. Majestro
