

FILED
2018 DEC 28 AM 11:10

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

BROOKE COUNTY COMMISSION, HANCOCK COUNTY COMMISSION, HARRISON COUNTY COMMISSION, LEWIS COUNTY COMMISSION, MARSHALL COUNTY COMMISSION, OHIO COUNTY COMMISSION, TYLER COUNTY COMMISSION, and WETZEL COUNTY COMMISSION,

          Plaintiffs,

vs.

PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; MARK RADCLIFFE; MARK ROSS; PATTY CARNES; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a Janssen Pharmaceuticals, Inc.; JANSSEN PHARMACEUTICA, INC. n/k/a Janssen Pharmaceuticals, Inc.; JOHNSON & JOHNSON; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN plc; ACTAVIS plc;  ACTAVIS, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC.; WATSON PHARMACEUTICALS, INC.; WATSON PHARMA, INC.; WATSON LABORATORIES, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN DRUG CORPORATION; RITE AID OF MARYLAND, INC.; KROGER LIMITED PARTNERSHIP II; CVS INDIANA, L.L.C.; WAL-MART STORES EAST, LP; GOODWIN DRUG COMPANY; WEST VIRGINIA BOARD OF PHARMACY; DAVID POTTERS; EDITA P. MILAN, M.D.; TRESSIE MONTENE DUFFY, M.D.; EUGENIO ALDEA MENEZ, M.D.; SCOTT JAMES FEATHERS, D.P.M.; and AMY LYNN BEAVER, P.A.-C,

          Defendants.

Civil Action No. 17-C-248

The Honorable David W. Hummel, Jr.

## ORDER DENYING MANUFACTURER DEFENDANTS' JOINT MOTION TO DISMISS

**Exhibit D**

AP00001

On November 7, 2018, the parties appeared for a hearing on the Motion to Dismiss of Purdue Pharma L.P., Purdue Pharma Inc., the Purdue Frederick Company Inc., Teva Pharmaceuticals USA, Inc., Cephalon Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Allergan Finance, LLC, and Allergan plc (hereinafter collectively referred to as "the Manufacturer Defendants"). Having considered the pleadings, the parties' arguments and authorities in support of as well in opposition to the instant motion, the applicable law, other materials filed by the parties, and the entire court record herein, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiffs filed their Complaint in the above Civil Action on December 13, 2017, asserting claims related to the manufacturing, marketing, sale, and/or distribution of opioids in the Plaintiffs' counties and in the areas surrounding the counties.

2. The Plaintiffs' Complaint asserts the following causes of action against the Manufacturing Defendants: Public Nuisance (Count I, Compl. ¶¶ 673-90); Unjust Enrichment (Count II, *id.* ¶¶ 691-99); Fraud by Concealment (Count III, *id.* ¶¶ 700-02); Negligence and Negligent Marketing (Count IV, *id.* ¶¶ 703-14); and Fraud and Intentional Misrepresentation (Count V, *id.* ¶¶ 715-22). Plaintiffs' Complaint also asserted causes of action for Strict Liability—Defective Design (Count VII, *id.* ¶¶ 745-49) and Strict Liability—Failure to Warn (Count VIII, *id.* ¶¶ 750-54) against the Manufacturer Defendants, but Plaintiffs' subsequently withdrew Counts VII and VIII.

3. On April 25, 2018, the Manufacturer Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure asserting that each of the above

Counts of the Plaintiffs' Complaint fails to state a claim upon which relief can be granted under West Virginia law.

4. The Manufacturer Defendants argue that Plaintiffs' claims should be dismissed for the following reasons: Plaintiffs lack standing to bring their claims because they have not alleged any injury traceable to the Manufacturer Defendants' conduct and lack third-party standing; the allegations in Plaintiffs' Complaint do not sufficiently allege causation; Plaintiffs have engaged in group pleading, have not pled their fraud claims with sufficient particularity, and cannot rely on third-party statements not attributable to Defendants; Plaintiffs' public nuisance, fraud, and negligence claims are barred by the applicable statutes of limitations; Plaintiffs have not stated a claim for public nuisance because the right to be free from harm allegedly caused by a product is a private right; Plaintiffs have not alleged a sufficient relationship between them and Defendants to state a claim for unjust enrichment; the economic loss doctrine bars Plaintiffs negligence and negligent marketing claims; and Plaintiffs' fraud claim also fails because it depends on third-party reliance.[1]

5. Plaintiffs oppose the Manufacturer Defendants' arguments as follows: Plaintiff counties have standing because they are seeking to recover expenses incurred directly by them in their efforts to address the opioid crisis, which was directly caused by the Manufacturing Defendants' actions; Plaintiffs' Complaint sufficiently alleges the requisite casual connection between Manufacturer Defendants' conduct and Plaintiffs' harms, including numerous allegations of fact from which a jury could conclude that Defendants' acts and omissions were a proximate

---

[1] The Manufacturer Defendants also argued Plaintiffs' claims are preempted to the extent they challenge their promotion of opioids, which is consistent with FDA-approved indications. Plaintiffs addressed the Manufacturer Defendants' preemption argument in their opposition to the individual motion to dismiss of Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. (collectively, "Purdue"). Accordingly, the Court addresses the preemption argument in its Order on Purdue's motion to dismiss.

AP00003

cause of the Plaintiffs' injuries; Plaintiffs' Complaint contains sufficient allegations of a fraudulent scheme by the Manufacturer Defendants, including details that identify each Manufacturer Defendants' connection to and involvement in the scheme; the Manufacturer Defendants sufficiently controlled third parties such that their misrepresentations can and should be imputed to the Manufacturer Defendants; Plaintiffs' claims are timely under the discovery rule, the continuing tort theory, and estoppel; significant interference with public health and safety is sufficient to constitute an interference with a public right; Plaintiffs are not required to establish a direct transactional relationship in order to recover for unjust enrichment; the economic loss rule does not bar Plaintiffs from recovering because Plaintiffs' damages do not result from any "interruption in commerce"; and direct communication between the parties is not a required element of fraud.

## Legal Standard

6. A motion to dismiss for failure to state a claim "should be viewed with disfavor and rarely granted." *John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 606, 245 S.E.2d 157, 159 (1978). "The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint." *Cantley v. Lincoln Cty. Comm'n*, 221 W. Va. 468, 470, 655 S.E.2d 490, 492 (2007). To that end, a "trial court considering a motion to dismiss under Rule 12(b)(6) must liberally construe the complaint so as to do substantial justice." *Id. See also* W.Va. R. Civ. P. 8(f). The trial court's consideration begins, therefore, with the proposition that "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *John W. Lodge Distributing Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978). The policy of Rule

8(f) is to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied. *Id.* at 158-59.

### A. Standing

7. Standing is established when a plaintiff alleges that it suffered "injury in fact" that is "fairly traceable" to the defendant's conduct and "that is likely to be redressed by a favorable judicial decision." *Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1302 (2017). An injury in fact is one that is concrete and particularized as well as actual or imminent. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). At the pleading stage, general factual allegations of injury resulting from the defendants' conduct are sufficient to meet the requirement of standing. *Id.*

8. Causation sufficient to satisfy Article III need not be proximate or direct. *See United States v. Students Challenging Regulatory Agency Procs. (SCRAP)*, 412 U.S. 669, 688 (1973) ("attenuated line of causation to the eventual injury" sufficient to establish standing).

9. In the present case, the Complaint alleges that Plaintiffs have directly incurred expenses in their efforts to combat the public nuisance created in part by the Manufacturer Defendants' deceptive marketing of opioids. Plaintiffs' Complaint also contains allegations that their injuries or damages fairly can be traced to the actions of the Manufacturer Defendants. The injuries pled are direct and the Complaint sufficiently alleges the Manufacturer Defendants' misrepresentations caused the over-prescribing of opioids, which resulted in Plaintiffs' increased expenses. Therefore, the court finds and concludes that Plaintiffs have met the requirements of standing.

### B. Causation

AP00005

10. Under West Virginia law, proximate cause is defined as that "which, in natural and continuous sequence, produces foreseeable injury and without which the injury would not have occurred." *Hudnall v. Mate Creek Trucking, Inc.*, 200 W.Va. 454, 459, 490 S.E.2d 56, 61 (1997).

11. A plaintiff is not required to show that the negligence of one sought to be charged with an injury was the sole proximate cause of an injury. Syl. Pt. 2, *Everly v. Columbia Gas of West Virginia, Inc.*, 171 W. Va. 534, 534–35, 301 S.E.2d 165, 165–66 (1982). Instead, a plaintiff need only show the defendant's actions were a proximate cause of plaintiff's injury. *Id.*

12. Proximate cause is an elastic principle that necessarily depends on the facts of each case. *Mays v. Chang*, 213 W. Va. 220, 224, 579 S.E.2d 561, 565 (2003). Therefore, questions of proximate cause are fact-based issues that should be left for jury determination. *Id. See also Aikens*, 208 W.Va. at 490, 541 S.E.2d at 580.

13. In the present case, the Court finds and concludes that Plaintiffs have sufficiently pled allegations to satisfy the requirements for causation under West Virginia law. Taking the allegations in the Complaint as true, as this Court must do on a motion to dismiss, Plaintiffs have alleged numerous facts from which a jury could conclude that the Manufacturer Defendants' acts and omissions were a proximate cause of the Plaintiffs' injuries. Plaintiffs allege that the Manufacturer Defendants misrepresented the addictive risks of their opioid drugs and failed to take appropriate action when they knew their opioid drugs were highly susceptible to addiction, misuse, abuse, and/or diversion. Plaintiffs also allege the Manufacturer Defendants' conduct bore a direct relationship to the amount and volume of opioids being prescribed and caused opioid drug addiction, misuse, abuse, and/or diversion and a nationwide public health crisis across the country, including in the Plaintiffs' counties, that caused Plaintiffs to incur damages. Plaintiffs also allege the Manufacturer Defendants were aware their opioid drugs were being misused, abused, and

diverted across the country, including in Plaintiff counties. Finally, Plaintiffs allege that these harms were foreseeable to the Manufacturer Defendants and these harms resulted from the Manufacturer Defendants' conduct, and without Defendants' actions Plaintiffs' injuries would not have occurred.

14. The Court further finds and concludes that the Manufacturer Defendants' conduct was not too remote from the opioid epidemic, even considering that third party conduct may have also contributed to the opioid epidemic. Under West Virginia law, the acts of third parties do not break the chain of causation unless they "constitute[] a new effective cause and operate[] independently of any other act, making it and it only, the proximate cause of the injury." *Syl. Pt. 12, Marcus v. Staubs*, 230 W.Va. 127, 736 S.E.2d 360, 372 (2012) (quotation marks omitted). Importantly, even third-party criminal acts do not defeat causation if they are foreseeable. *See, e.g., id.*

15. Finally, the Court finds and concludes that the acts of third parties (even criminals) were foreseeable and did not create a new effective cause or operative independently. *See*, e.g., *Morrisey v. AmerisourceBergen Drug, Co.*, 2014 WL 12814021, at *12 (Boone Co., Dec. 12, 2014) ("In West Virginia, intervening criminal acts break the chain of causation only when they are unforeseeable. Additionally, an intervening cause, in order to relieve a person charged with negligence in connection with an injury, must be a negligent act, or omission, which constitutes a new effective cause and operates independently of any other act, making it and it only, the proximate cause of the injury. That is not the case here. The Court concludes Defendants are unable to show any intervening cause constitutes a new effective cause and operates independently of any other act, making it and it only, the proximate cause of the injury . . . Therefore, the 'intervening causes' argument fails.") (emphasis added; quotation marks and citations omitted).

AP00007

### C. Misrepresentation Causes of Action

16. Plaintiffs are not required to provide precise dates and list the precise individuals involved in Defendants' conspiratorial conduct. That is especially true in the present case because the concrete facts are alleged to be in the Manufacturer Defendants' possession. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) ("conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive" are permissible where defendant is primarily in possession of the facts surrounding the details of the fraud).

17. The Court finds and concludes that Plaintiffs have pled fraud with sufficient particularity. Plaintiffs allege that the "Manufacturer Defendants, individually and acting through their employees and agents, and in concert with each other, knowingly made material misrepresentations and omissions of facts to Plaintiffs, its residents and those who prescribed drugs to its residents in order to induce the prescription, purchase, administration and consumption of opioid drugs in the Counties and/or surrounding areas[.]" (Compl., ¶ 716.) Plaintiffs further allege that they relied on the Manufacturer Defendants' misrepresentations and omissions and were damaged as a result. (*Id.* ¶¶ 718, 721.) Therefore, the Court finds and concludes Plaintiffs have satisfied their burden at the motion-to-dismiss stage. *See Fout v. EQT Production Co.*, No. 1:15CV68, 2015 WL 3755934, at *3 (N.D.W.Va. June 16, 2015) (stating that defendants withheld material information is sufficient to plead a fraud claim under West Virginia law).

18. The Court further finds and concludes that Plaintiffs have not engaged in impermissible "group pleading." Plaintiffs have sufficiently pled a fraudulent scheme and ample details that identify each Manufacturer Defendants' connection to and involvement in the scheme. For example, Plaintiffs Complaint alleges in detail the deceptive marketing of Actavis, Cephalon, Endo, Janssen and Purdue. (Compl., ¶¶ 283-311, 312-84, 385-475, 476-525, 526-97).

19.     The Court further finds and concludes that Plaintiffs are not required to identify specific physicians and patients in each of their counties who were misled by specific statements. Plaintiffs have sufficiently alleged that the Manufacturer Defendants distributed their products and marketing materials in Plaintiffs' counties and that "Defendants employed the same marketing plans and strategies and deployed the same messages in [the Counties] as they did nationwide" (*id.* ¶ 132). Plaintiffs have also alleged that physicians and patients in Plaintiffs' counties were misled (*id.* ¶¶ 235-36).

20.     Even under the heightened federal pleading requirements of Fed. R. Civ. P. 9(b)—which do not apply here—prescription-level pleading has not been required in cases involving large-scale fraudulent pharmaceutical marketing. For example, *Strom ex rel. United States v. Scios, Inc.*, 676 F. Supp. 2d 884, 894 (N.C. Cal. 2009), came to that conclusion:

> While there may indeed be factual disputes as to which claims, if any, were the result of Defendants' Defendants fraudulent activity, it is not Plaintiff's burden to prove such causation at the pleading stage. Given the tremendous burden to fully identify such claims at the pleading stage, and the fact that Manufacturer Defendants have been fully apprised of what is alleged to constitute the fraud charged ... dismissal is not warranted.

(internal quotations and citation omitted).

21.     Finally, the Court finds and concludes that Plaintiffs have alleged sufficient facts to attribute to Manufacturer Defendants misrepresentations ostensibly made by third parties. Plaintiffs have sufficiently pled facts from which the Court may infer that the misrepresentations were the Manufacturer Defendants' statements and that the groups ostensibly responsible for them were simply alleged "mouthpieces" through which the Manufacturer Defendants disseminated their alleged falsehoods. Specifically, Plaintiffs allege that the Manufacturer Defendants sufficiently controlled the third parties such that their misrepresentations can and should be imputed to Manufacturer Defendants. (*See* Compl. ¶¶ 143-90.)

AP00009

### D. Statute of Limitations

22. The West Virginia Supreme Court has articulated the following five-step analysis to determine whether a cause of action is time-barred:

> First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court of the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

*Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255, Syl. Pt. 5 (2009).

23. The Court finds and concludes that the resolution of steps two through five in this case involve questions of material fact that will need to be resolved by the trier of fact or after additional factual development. Thus, the Court denies Manufacturer Defendants' statute of limitation argument on that basis alone.

24. The Court further finds and concludes that the statute of limitations that governs public nuisance claims in West Virginia "does not accrue until the harm or endangerment to the public health, safety and the environment is abated." Syl. pt. 11, *State ex rel. Smith v. Kermit Lumber & Pressure Treating Co.*, 200 W. Va. 221, 488 S.E.2d 901 (1997). Here, Plaintiffs have adequately alleged that the public nuisance has not been abated. Therefore, the Court finds and concludes that Plaintiffs' public nuisance claims are not barred by the statutes of limitations.

AP00010

25. The Court further finds and concludes for the purpose of this Motion that Plaintiffs' claims are tolled by the "discovery rule." In tort actions, the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured; (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty; and (3) that the conduct of that entity has a causal relation to the injury. Syl. pts. 2-3, *Dunn*, 689 S.E.2d 255 (2009).

26. Here, the Court finds and concludes that the second factor of *Dunn* forecloses dismissal. As alleged, the identity of the manufacturers and wholesale distributors who engaged in commerce, let alone the conduct of those that may have engaged in unlawful conduct, was not public knowledge. As further alleged, this information was secreted in two locations: (1) the DEA ARCOS database; and (2) the Defendants' Suspicious Order Monitoring System. Neither of which are publicly available.

27. The Court further finds and concludes that Defendants' argument should be denied pursuant to the equitable estoppel doctrine. In West Virginia "estoppel applies when a party is induced to act or to refrain from acting to her detriment because of her reasonable reliance on another party's misrepresentations or concealment of material fact." *Bradley v. Williams*, 195 W. Va. 180, 185, 465 S.E.2d 180, 185 (1995) (citations omitted). Here, Plaintiffs have pled sufficient facts to support tolling the statute of limitations based on equitable estoppel.

28. Finally, the Court finds and concludes that West Virginia has adopted the continuing tort theory, which provides "[w]here a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." *Graham v. Beverage*, 211 W. Va. 486, 566

11

S.E.2d 603, Syl. Pt. 11 (2002). Here, Plaintiffs have alleged a continuing tort. (Compl. ¶¶ 10, 53-54.) Therefore, Plaintiffs' claims are not barred by the statutes of limitations under the continuing tort theory.

### E.  Public Nuisance

29. West Virginia has adopted the Second Restatement's test for public nuisance. *Rhodes v. E.I. DuPont de Nemours & Co.*, 657 F. Supp. 2d 751, 768 (S.D.W. Va. 2009); *Duff v. Morgantown Energy Assocs.*, 187 W. Va. 712, 716, 421 S.E.2d 253, 257 n. 6 (W. Va. 1992). Under that test, "[u]nlike a private nuisance, a public nuisance does not necessarily involve interference with use and enjoyment of land," Restatement (Second) of Torts § 821B cmt. H (1979), and "a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience," *id.* at § 821B(2)(a), is sufficient to constitute an interference with a public right.

30. The Court finds and concludes that Plaintiffs' Complaint contains allegations of interference with public rights that are sufficient to maintain a viable nuisance claim under West Virginia law.

### F.  Unjust Enrichment

31. The elements of an unjust enrichment are "(1) a benefit conferred upon the [defendant], (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Employer Teamsters-Local Nos. 175/505 Health & Welfare Tr. Fund v. Bristol Myers Squibb Co.*, 969 F. Supp. 2d 463, 471 (S.D. W. Va. 2013).

AP00012

AP00013

opioids, and make more money, than if they had internalized the actual cost of their activities. Therefore, the Manufacturer Defendants have received a benefit unjustly financed by Plaintiffs.

### G. The Economic Loss Doctrine

35. In contending that the economic loss rule bars Plaintiffs' claims, the Manufacturer Defendants rely on *Aikens v. Debow*, where a motel and restaurant operator sued a truck driver and his employer seeking damages for loss of income, which the operator claimed was the result of a bridge closure caused by repairs after it was struck by the defendants' truck. 208 W. Va. 486, 490, 541 S.E.2d 576, 580 (2000). The court rejected the operator's claims, holding that under the economic loss rule "[a]n individual who sustains economic loss from an *interruption in commerce* caused by another's negligence may not recover damages in the absence of physical harm to that individual's person or property, a contractual relationship with the alleged tortfeasor, or some other special relationship between the alleged tortfeasor and the individual." *Id.* at Syl. Pt. 9 (emphasis added). "In *Aikens*, the Supreme Court of Appeals emphasized that the holding only applies strictly to plaintiffs alleging purely economic loss from an interruption in commerce caused by another's negligence." *Morrisey v AmerisourceBergen Drug Corp.*, No. 12-cv-141, 2014 WL 12814021, at *20 (W. Va. Cir. Ct., Boone County Dec. 12, 2014) (quotation marks omitted).

36. Here, the Court finds and concludes that the economic loss rule does not bar Plaintiffs' negligence claims because Plaintiffs' damages do not result from any "interruption in commerce." Moreover, the economic loss rule "does not bar recovery in tort where the defendant had a duty imposed by law rather than by contract and where the defendant's intentional breach of that duty caused purely monetary harm to the plaintiff." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007).

AP00014

37. Notably, a similar argument has been rejected by other courts in similar opioid litigations. *See In re Opioid Litigation*, No. 400000/2017, 2018 WL 3115102, at *27 (Sup Ct, Suffolk County June 18, 2018); *Morrisey*, 2014 WL 12814021, at *19.

**H.     Fraud**

38.     Statements made to third-parties are actionable. For example, the West Virginia Supreme Court has held that the fact that a third party was the beneficiary of an oral promise did not defeat a claim for fraud in the inducement. *Traders Bank v. Dils*, 226 W. Va. 691, 697-98, 704 S.E.2d 691, 697-98 (2010). Thus, the Court finds and concludes that, to the extent that this issue has been resolved in West Virginia jurisprudence, the scope of fraud actions is not limited to only those representations made directly to a plaintiff.

39.     This view is also supported by the Restatement (Second) of Torts § 533, which states that direct communications between the parties is not a required element of fraud. *See also Sempione v. Provident Bank of Maryland*, 75 F.3d 951, 962 (4th Cir. 1996) ("We believe that the Maryland courts would not require Provident to have communicated with BDS in order to be held liable for fraud. Though the Maryland courts have not directly addressed the issue, the prevailing rule" is Restatement (Second) of Torts § 533).

40.     The Court finds and concludes that Plaintiffs Complaint has sufficiently alleged a viable claim for fraud.

## ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law, the Court, taking the allegations in the Complaint as true and construing the Complaint in the light most favorable to Plaintiffs, **FINDS** that Plaintiffs' Complaint sufficiently states claims for relief against the

AP00015

Defendants and the Defendants have not demonstrated beyond doubt that Plaintiffs can prove no set of facts in support of their claims (as it must do to succeed on a motion to dismiss). Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss is denied in its entirety.

It is further **ORDERED** that all exceptions and objections are noted and preserved.

It is further **ORDERED** that an attested copy of this Order shall be provided to all counsel of record.

**ENTERED** THIS 28th day of December, 2018.

*[signature]*

**Honorable David W. Hummel, Jr.**
Judge of the Circuit Court
Marshall County, West Virginia

A Copy Teste:
Joseph M. Rucki, Clerk
By _____ Deputy