UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION<br>OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>"*NAS Baby Cases*" | )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:17-MD-2804<br><br>JUDGE POLSTER<br><br>RULING ON<br>MOTION TO COMPEL |

This Court earlier set a briefing schedule related to motions for class certification filed in the "NAS Baby Cases." *See* docket no. 2738. The scheduling order stated:

> NAS Plaintiffs and Defendants dispute the propriety of additional written discovery of Defendants. Written discovery shall be served on defendants, if any, by October 15, 2019. If the parties cannot agree as to whether the served discovery is appropriate by October 25, 2019, NAS Plaintiffs shall file a motion to compel.

*Id.* at 1.

It turns out the parties could not agree on the propriety of written discovery, so NAS Plaintiffs filed a motion to compel, *see* docket no. 2890. NAS Plaintiffs ask the Court to order defendants to produce two categories of documents: (1) prescription records related to the named plaintiffs in the four putative class certification cases; and (2) documents related to certain clinical studies conducted by defendants.

In their pre-motion letters, defendants assert they are not obligated to produce the requested discovery for three principal reasons, including: (i) the Court did not authorize the NAS Plaintiffs

to conduct any discovery; (ii) the discovery is unrelated to class certification; and (iii) defendants already produced discovery regarding clinical studies to the PEC's database, so it is equally available to the NAS Plaintiffs. Regarding the clinical studies, defendants add that: (a) the requested "studies of rats or rabbits exposed to opioids . . . have no bearing whatsoever on whether it is appropriate to certify a class of individuals who were medically diagnosed as being exposed in utero to opioids, were pharmacologically weaned from opioids, and whose birth mother received a prescription for opioids or opiates prior to birth," *id.*; and (b) in any event, defendants identified for NAS Plaintiffs where in their prior discovery responses they disclosed those studies, *see* docket no. 2890-9 at 2 ("For example, Teva's Track One discovery responses (which Teva provided to you on October 11) include references to bates numbered documents and a ten page appendix with a list of all referenced studies."). *See also id.* at 2 n.2 (identifying similar discovery from other manufacturers).[1] Finally, regarding the NAS Plaintiffs' request for prescription records related to the named class plaintiffs, defendants argue this "information is more easily obtained by Plaintiffs than by Defendants, who only recently learned the names of the class representatives." Docket 2890-6 at 2.

The Court concludes the burden on the pharmacy defendants to produce prescription records related to the named class plaintiffs is very low, so that it is not true the "information is more easily obtained by Plaintiffs than by Defendants." Further, this information is not irrelevant to the question of class certification, as it goes to typicality and adequacy. Accordingly, the motion to compel production of the requested prescription records is **granted**.

---

[1] The Court's review of defendants' written discovery responses confirms defendants identified these studies by Bates number, despite contrary assertions by NAS Plaintiffs.

The Court further concludes defendants have already responded sufficiently to the requests for clinical studies. Accordingly, the motion to compel documents related to certain clinical studies is **denied**.

    **IT IS SO ORDERED.**

                                                                         */s/ Dan Aaron Polster*
                                                                         **DAN AARON POLSTER**
                                                                         **UNITED STATES DISTRICT JUDGE**

**Dated: November 4, 2019**