UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**CERTAIN DEFENDANTS' POSITION STATEMENT REGARDING
SELECTIVE REMAND TO TRANSFEROR COURTS**

The Court has set for November 6, 2019, a case management conference regarding "next steps" in this MDL following the settlement of the Track 1 trial by the non-severed defendants.[1] In advance of that conference, the Court (through Special Master Cohen) advised the parties to meet and confer to attempt to reach agreement on several open items, including a plan for selective remand of cases out of the MDL and for other pending motions to dismiss.

For the past six months, our understanding of what the Court expected, based upon extended and repeated discussions with court-appointed Special Master McGovern, was for the parties to identify a small number of cases that would immediately be remanded to the transferor courts for all purposes, including case-specific discovery, motions and trial. On October 31, 2019, certain defendants submitted such a proposal to Plaintiffs and Special Master McGovern. Plaintiffs did not meet and confer with defendants about defendants' proposal, and instead submitted to the Special Masters and the Court a proposal that is fundamentally inconsistent with

---

[1] The severed and non-settling defendants will submit their own proposal regarding Track 1-B.

immediate remand of any cases to the transferor courts for all purposes.

In light of the foregoing, certain defendants ("Defendants")[2] hereby submit their proposed plan for selective remand, consistent with their proposal to Plaintiffs.  Unlike Plaintiffs' proposal, Defendants' proposal is consistent with the parties' and Special Master McGovern's understanding that cases would be remanded for all purposes, including discovery and pre-trial rulings, in order to facilitate the efficient resolution of additional bellwether claims.

Defendants respectfully submit that the Court should adopt Defendants' proposal for the reasons explained below.  If the Court elects to give serious consideration to Plaintiffs' proposal, notwithstanding its noncompliance with the directions provided by the Special Master, Defendants reserve their rights to withdraw this proposal, present a different proposal, and/or object to any Suggestion of Remand submitted by the Court to the JPML.[3]

## **DEFENDANTS' PROPOSAL**

**I.  Cases Selected for Remand**

    A.  The Court would immediately file a Suggestion of Remand to the JPML to

---

[2] Defendants Allergan plc (appearing specially), Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan Sales, LLC, and Allergan USA, Inc., Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Mallinckrodt LLC and SpecGx LLC, Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida, Noramco, Inc., AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation, Cardinal Health, Inc., McKesson Corporation, Anda, Inc., Henry Schein, Inc., Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II, H. D. Smith, LLC, H. D. Smith Holdings, LLC (appearing specially), and H. D. Smith Holding Company (appearing specially).  Specially appearing defendant Allergan plc, an Irish holding company, expressly reserves all defenses, including related to service and personal jurisdiction.

[3] Defendants object to this process and expressly reserve all rights and objections regarding the process and case selection.  Defendants have participated in this process and make this proposal only at the Court's urging but with full reservation of all rights and objections.

transfer back to its original transferor Court for further proceedings and trial the following case:

1. *City of Chicago, Illinois v. Purdue Pharma L.P.*, Case No. 17-OP-45169 (N.D. Ohio) ("*Chicago-I*").

B. The Court also would immediately file a Suggestion of Remand to the JPML to transfer back to its original transferor Court for further proceedings and trial the following case:

1. *City of Chicago, Illinois v. Cardinal Health, Inc.*, No. 18-OP-45281 (N.D. Ohio) ("*Chicago-II*").[4]

C. The Court would similarly immediately file a Suggestion of Remand to the JPML to transfer back to their original transferor Court for further proceedings and trial the following two cases, previously designated by this Court as "Track Two,"

1. *The Cabell County Commission, West Virginia v. AmerisourceBergen Drug Corp.*, Case No. 17-OP-45053 (N.D. Ohio) ("*Cabell County*").

2. *City of Huntington, West Virginia v. AmerisourceBergen Drug Corp.*, Case No. 17-OP-45054 (N.D. Ohio) ("*City of Huntington*").[5]

D. The Court will file a Suggestion of Remand to the JPML to transfer back to its original transferor Court for further proceedings and trial one Sovereign Indian Tribe case selected by the parties no later than November 29, 2019 under the following procedure:

1. The case must be a case that was originally filed in federal court. As a

---

[4] *Chicago-I* names as defendants certain opioid manufacturers; *Chicago-II* names as defendants certain opioid distributors. Defendants consent to (a) reassignment of *Chicago-II* to the judge to whom *Chicago-I* was originally assigned, upon remand to the transferor court, and (b) coordination of *Chicago-I* and *Chicago-II* before that judge for pre-trial purposes/discovery but reserve all rights as to any trial.

[5] Upon remand to the transferor court, Defendants will consent to coordination of *Cabell County* and *City of Huntington* for pre-trial purposes/discovery but reserve all rights as to the structure of any trial.

condition to selection and remand, the parties agree that plaintiff shall not file a motion to remand to state or tribal court.

  2.  By no later November 22, 2019, Defendants shall propose four (4) Sovereign Indian Tribe cases for potential remand pursuant to the criteria above.

  3.  By no later than November 29, 2019, Plaintiffs' Steering Committee shall inform the Court of one (1) Sovereign Indian Tribe Case selected from the list of four (4) such cases identified pursuant to this Order.

E. Pursuant to the above Suggestion of Remand process, this Court, and the assigned discovery Special Master, shall no longer have subject matter jurisdiction over these cases. All pretrial and trial proceedings will be overseen by the original transferor Court(s). Upon transfer of these remand cases back to their original transferor Court(s), those Courts will enter case management orders for future pretrial proceedings, and set trial dates in accordance with the Courts availability.

F. As a condition of remand to the transferor court(s), plaintiffs in the remand cases agree that any dismissal of a case or named defendant shall be with prejudice.

## II. Other Cases

A. In light of the ongoing work in this MDL on settlement, the NAS class certification motion, the remanded cases above, and the extensive and ongoing state court proceedings, the Court will not remand any additional cases before June 2021. In the interim, the parties shall meet and confer over a selection methodology.

B. The Track 1B cases shall be subject to a separate order of the Court.

## III. Pending Motions to Dismiss

A. The Court should dismiss, without prejudice, any pending motions to dismiss previously filed pursuant prior to CMOs. These cases may be considered for remand

selection, and any motions to dismiss shall be filed in the transferor court and only after any rulings on a motion to amend under FRCP 15.

## DISCUSSION OF DEFENDANTS' PROPOSAL

For the reasons explained below, Defendants' proposed procedures for the selection and management of cases for selective remand is manageable, fair to the parties, and consistent with Special Master McGovern's prior instructions.

### A. Number of Cases

Under Defendants' proposal, a total of five cases (or three "case families") will be remanded for discovery and trial. In addition, approximately 8-10 opioid cases are currently scheduled for trial in state courts in 2020. Accordingly, Defendants respectfully submit that it would be unduly burdensome, and ultimately counter-productive, to remand more than these three "case families" at this time.

Discovery in each of the three case families is likely to be extensive. While Plaintiffs took substantial discovery of certain defendants in connection with Track 1, substantial discovery of the plaintiffs will need to be completed in each case. No discovery whatsoever has yet occurred with respect to these plaintiffs' alleged injuries (and the causal connection between those injuries and defendants' alleged conduct). Simultaneously conducting discovery in three separate jurisdictions will impose substantial burdens on counsel for both plaintiffs and defendants. Increasing the number of cases even further is likely ultimately to delay trial because the parties may struggle to complete their discovery obligations in a timely manner, as already occurred in the case of the City of Cleveland.[6]

---

[6] Plaintiffs' proposal to try the City of Cleveland's claims against certain defendants in the first quarter of 2020 is, for this reason, wildly unrealistic. Even if Cleveland had now completed its document

### B. Immediate Remand

The Court instructed the parties to meet and confer regarding a plan for the selective remand of certain cases, in order to expedite the trial of additional bellwether cases by leveraging the resources of multiple courts. Defendants respectfully submit that this goal is best achieved by the immediate remand of the selected cases. If selective remand is in fact appropriate and necessary at this juncture, then the transferor courts should manage the cases post-remand, including making case-specific discovery and pretrial rulings.

There is little or no efficiency to be gained by having this Court supervise jurisdiction-specific discovery. In connection with the Track 1 cases, plaintiffs have already taken substantial discovery relating to defendants' policies and procures. The principal focus of the discovery that remains to be completed is jurisdiction-specific, and focuses on (i) each defendants' conduct in the relevant jurisdiction, and (ii) the harms alleged suffered by each plaintiff. These issues could likely be addressed more expeditiously if the resources of three separate courts are brought to bear. And local courts may be better positioned to decide issues that turn, in substantial part, on factors such as regional geography and the local government entities that will be the focus of discovery.

Moreover, a federal court located within the state to which a case is remanded is likely to have greater familiarity with that state's statutory and common law. For this reason, too, efficiency considerations counsel in favor of an immediate remand, to allow local courts to decide dispositive motions.

---

production, which defendants do not concede, many fact depositions will need to be reopened. In addition, no expert discovery has taken place in that case a process that would alone take many months to complete.

## C.     Non-Severance of Parties

Defendants respectfully submit that any plan for the remand of selective claims should not involve the severance of any defendants or causes of actions.  Of course, plaintiffs are entitled to dismiss defendants or claims from any cases with prejudice; but absent dismissal Defendants believe that cases should be remanded back to the transferor court in the entirety, so that the transferor court can manage its own docket based on the full case pending in its jurisdiction.   Any severance decisions should be made by the transferor trial court, likely no earlier than after the completion of fact and expert discovery so that the particular circumstances of the case can be taken into account.

The selective severance of only certain defendants for remand is inefficient and jeopardizes the severed defendants' due process rights.  This Court has made clear that the duplication of discovery should be kept to a minimum.  *See, e.g.*, CMO 1.  Selectively severing only a subset of defendants, however, would inevitably lead to massive duplication and inefficiency.  If, for example, plaintiffs were to proceed against only the distributor defendants in the West Virginia cases, then myriad city and county officials would almost certainly need to be deposed twice:  once in connection with the claims against distributors, and a second time in connection with claims against the manufacturer and/or pharmacy defendants.

In addition, the law of many states does not allow defendants to assert claims for contribution or indemnity at trial against absent parties.  Accordingly, remanding claims against only a subset of defendants may jeopardize the due process rights of those defendants to seek contribution from co-defendants.[7]

---

[7] Defendants also oppose the Letter to Judge Polster, Dkt. 2899, filed on the public docket contrary to the Court's instruction—from counsel for West Boca Medical Center, which (without the support of the PEC) proposes remanding only part of one case and would combine a hospital case and a Tribe case.

### D. City of Chicago

Although the parties agree on little, they appear to agree that the *Chicago I* case should be remanded. Defendants respectfully submit that, in the interests of efficiency, the proposed remand should encompass the City's claims against both distributors and manufacturers.

### E. Cleveland and Akron

The City of Cleveland was unable to keep pace with discovery, and its systematic failures required the Court to remove Cleveland from Track 1. Due in part to Cleveland's discovery failures, this Court previously ordered that the trial of Akron's and Cleveland's claims "shall not occur before the trial of the claims of the Track Two Bellwethers (as defined in docket no. 1218)." Dkt. No. 1392. In order to ensure compliance with the Court's order, Defendants' proposal does not contemplate a trial of Cleveland's or Akron's claims in the near term.

---

Defendants opposes severance of any subset of claims or defendants, but the West Boca Medical Center and Seminole proposal would create even more duplication and inefficiency by including only certain defendants from within a defendant group. Moreover, this proposal is directly contrary to the guidance of the court that no third party payor or hospital cases be part of the selective remand proposal.

Dated: November 5, 2019

/s/ Jonathan L. Stern
Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington DC 20001
Phone: (202) 942-5000
Fax: (202) 942-5999
Jonathan.Stern@arnoldporter.com

Andrew K. Solow
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Phone: (212) 836-7740
Fax: (212) 836-6776
Andrew.Solow@arnoldporter.com

Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844
Phone: (213) 243-4222
Fax: (213) 243-4199
Sean.Morris@arnoldporter.com

*Attorney for Defendants Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc.*

/s/ Carole S. Rendon
Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621- 0200
Fax: (216) 696-0740
crendon@bakerlaw.com

*Counsel for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc.*

*Co-Liaison Counsel for the Manufacturer Defendants*

*/s/Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendants Allergan plc (appearing specially), Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan Sales, LLC, and Allergan USA, Inc.*

*/s/ Charles C. Lifland*
Charles C. Lifland
clifland@omm.com
Sabrina H. Strong
sstrong@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Daniel Petrocelli
dpetrocelli@omm.com
Amy R. Lucas
alucas@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 553-6779

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

*/s/ Brien O'Connor*
Brien T. O'Connor

Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 235-4650
brien.o'connor@ropesgray.com
andrew.o'connor@ropesgray.com
*Counsel for Defendants*
*Mallinckrodt LLC and SpecGx LLC*

*/s/ Steven A. Reed*
Eric W. Sitarchuk
Steven A. Reed
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
eric.sitarchuk@morganlewis.com
steven.reed@morganlewis.com
rebecca.hillyer@morganlewis.com

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-3300
wendy.feinstein@morganlewis.com

*Attorneys for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida.*

*/s/ Daniel G. Jarcho*
Daniel G. Jarcho
D.C. Bar No. 391837
ALSTON & BIRD LLP
950 F Street NW

Washington, DC 20004
Telephone: (202) 239-3254
Facsimile: (202) 239-333
E-mail: daniel.jarcho@alston.com

Cari K. Dawson
Georgia Bar No. 213490
Jenny A. Hergenrother
Georgia Bar No. 447183
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
E-mail: cari.dawson@alston.com
E-mail: jenny.hergenrother@alston.com

*Counsel for Defendant*
*Noramco, Inc.*

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
**Reed Smith LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation*


*/s/ James W. Matthews*
James W. Matthews
Katy E. Koski
Kristina Matic
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel: 617.342.4000
Fax: 617.342.4001
Email: jmatthews@foley.com
kkoski@foley.com
kmatic@foley.com

*Counsel for Defendant Anda, Inc.*

*/s/ John P. McDonald*
John P. McDonald
C. Scott Jones
Lauren M. Fincher
Brandan J. Montminy
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel: (214) 740-8000
Fax: (214) 756-8758
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Counsel for Henry Schein, Inc.*

*/s/ Ronda L. Harvey*
Ronda L. Harvey (WVSB #6326)
Fazal A. Shere (WVSB #5433)
Unaiza Riaz Tyree (WVSB #13253)
BOWLES RICE LLP
600 Quarrier Street
Charleston, WV 25301
Telephone: (304) 347-1100
Facsimile: (304) 343-2867

Email: rharvey@bowlesrice.com
Email: fshere@bowlesrice.com
Email: utyree@bowlesrice.com

*Counsel for Defendant Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II*

*/s/ William E. Padgett*
William E. Padgett
Kathleen L. Matsoukas
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel:     (317) 236-1313
Fax:     (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith, LLC f/k/a H. D. Smith Wholesale Drug Company, H. D. Smith Holdings, LLC and H. D. Smith Holding Company*