No. 19-0305

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 08, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) |
| In re: MCKESSON CORPORATION; CARDINAL HEALTH, INC., AMERISOURCEBERGEN DRUG CORPORATION; PRESCRIPTION SUPPLY, INC.; DISCOUNT DRUG MART, INC; WALMART, INC.; WALGREEN COMPANY; WALGREEN EASTERN CO. INC.; CVS PHARMACY, INC.; CVS INDIANA, LLC; CVS RX SERVICES, INC.; RITE AID OF MARYLAND, INC., dba Rite Aid of Mid-Atlantic Customer Support Center, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Petitioners. | ) |

O R D E R

Before: GUY, GRIFFIN, and KETHLEDGE, Circuit Judges.

In this multidistrict litigation, a group of defendants ("the Companies") petition under Federal Rule of Civil Procedure 23(f) for permission to appeal the district court's order certifying a "Negotiation Class." Respondent opposes the petition. The Companies move for leave to file a reply in support of their petition. Respondent opposes the motion. Twelve states and the District of Columbia move to file an amicus brief. The United States Chamber of Commerce has filed an amicus brief with the parties' consent.

This litigation encompasses more than 2,000 individual actions. The Negotiation Class is intended to provide counties and cities with a procedure for negotiating settlements with

No. 19-0305
-2-

manufacturers, distributors, and other entities alleged to be responsible for the national opiate epidemic.  The district court was mindful that a Negotiation Class was a novel procedure but concluded it was a legitimate one based on the unique facts of the case and the likelihood that it might facilitate a global settlement.  The court considered each of the four prerequisites in Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and found that the proposed class met the requirements in Rule 23(b)(3) and 23(c)(4).  Under the proposed procedure, the Companies are not required to negotiate with the class.  Any class member may opt out of the class.  The underlying litigation will continue unabated.  If a settlement is reached, the parties must move for judicial approval as required by Rule 23(e).

Under Rule 23(f), we are authorized to permit an appeal from the grant or denial of a motion for class certification.  "[W]e eschew any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002) (per curiam).  We pay special mind to four specific factors.  First, if the case "raises a novel or unsettled question," it "may also be a candidate for interlocutory review." *Id*. at 960.  "[T]his factor weigh[s] more heavily in favor of review when the question is of relevance not only in the litigation before the court, but also to class litigation in general." *Id*.  The question here—whether this class-action procedure is permitted under Rule 23—is both novel and relevant to class litigation in general.  Second, "the likelihood of the petitioner's success on the merits" is always relevant.  *Id*.  But "[w]here the petitioner seeks review of a novel and important question, success on the merits may take a diminished role." *Id*.  Third, the "death-knell" factor recognizes "that the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *Id.*  Fourth, "the posture of the case as it is pending before the district court is of relevance." *Id.*  Here, the district court entered a final

order to certify the class, with no indication that it will review its decision in the future. Having reviewed the district court's memorandum opinion and order, the petition, response, reply, and amicus brief, we find that an interlocutory appeal is warranted.

The motions for leave to file a reply and an amicus brief are **GRANTED**. The petition for permission to appeal the class certification decision is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk