UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| THIS DOCUMENT RELATES TO: *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* Case No. 18-OP-45090 *County of Cuyahoga v. Purdue Pharma L.P., et al.* Case No. 1:18-OP-45004 | MDL No. 2804 Case No. 17-md-2804 Judge Dan Aaron Polster |

**DISCOUNT DRUG MART, INC. AND HBC SERVICE COMPANY'S SUBMISSION REGARDING FURTHER PARTICIPATION IN CASE TRACK 1B**

Discount Drug Mart, Inc. ("DDM") and HBC Service Company (a division of Giant Eagle, Inc.)("HBC")(together, the "**Small Pharmacies**")[1] make this submission in order to separately highlight: 1) the severe prejudice they will suffer by being forced to start all over again with Plaintiffs' proposed new dispensing claims in CT1B after fully participating in expensive and extensive fact discovery, expert reports and discovery, summary judgment motions and other pretrial matters in CT1; and 2) that their participation in the proposed CT1B pharmacy bellwether case would be unhelpful due to their small size and Plaintiffs' lack of evidence of any wrongdoing by them including any expert report or testimony on the issue of liability. As a result the Small Pharmacies request that the Court either deny Plaintiffs' Motion For Leave to Amend (the "Motion to Amend") or dismiss the Small Pharmacies from CT1B if it is selected as the pharmacy bellwether case.

---

[1] Both DDM and HBC's individual market shares in Cuyahoga and Summit Counties are ***less than 1% each*** (measured on an MME basis). *See* Plaintiffs' Expert Report of Craig J. McCann, App. 9, p. 3779.

1

1. The Small Pharmacies incorporate herein by reference the Pharmacy Defendants' Opposition To Plaintiffs' Motion For Leave To Amend (the "Pharmacy Defendants' Opposition"), Doc #2924, which sets forth in detail Plaintiffs' failure to show good cause for their motion and the severe prejudice that all Pharmacy Defendants would suffer if the Court grants the Motion to Amend.

2. The Small Pharmacies were prejudicially pulled into Case Track 1 late (seven months after the original Complaint was filed) and forced to immediately participate in costly, voluminous and concentrated discovery from June of 2018 through March of 2019, followed by extensive expert reports and related expert discovery and motions, summary judgment filings and oppositions and other pretrial matters. Both DDM and HBC's separate summary judgment motions highlighted Plaintiffs' failure to produce any expert reports or testimony on the issue of their alleged liability, which alone warrants the entry of summary judgment in their favor.

3. Throughout fact discovery, expert reports and discovery, summary judgment and other pretrial matters, DDM and HBC were repeatedly informed that they were only being sued as self-distributors of hydrocodone combination products ("HCPs") when such products were classified as Schedule 3 controlled substances (pre-October 2014). Both DDM and HBC expended significant resources to defend such claims, including the retention of their own experts.

4. When Plaintiffs unilaterally sought to sever DDM and HBC along with other pharmacy defendants Plaintiffs represented to the Court that "[T]he Proposed Severed Defendants would not be prejudiced by severance." Doc #2099 at 4. DDM and HBC reasonably relied on this representation when responding to Plaintiffs Motion to Sever.

5. When the Court granted Plaintiffs' Motion to Sever on August 15, 2019 the Court stated: "The claims against these defendants will be tried in a subsequent trial with a date to be

2

determined. Any currently pending summary judgment motion filed by any of these defendants will be addressed by the Court prior to trial." Doc #2399 at 3. In the same ruling, the Court denied Plaintiffs' request to take further discovery against Naramco before they responded to Noramco's Motion for Summary Judgment because: "To the extent discovery has been limited, it was limited because Plaintiffs made a tactical decision not to pursue discovery against Noramco. *Track One* discovery is complete, and Plaintiffs' choice not to pursue discovery against Noramco is one they will have to live with." Id. at 4. Together, these rulings by the Court on Plaintiffs' Motion to Sever were reasonably understood by DDM and HBC to mean that discovery was closed, no further claims could be asserted against them and their motions for summary judgment would be ruled upon prior to any subsequent trial. The Court's ruling said nothing about allowing the re-opening of the case to allow Plaintiffs to assert new dispensing claims, re-open discovery on such claims, re-open expert reports and discovery to address such claims and re-open summary judgment motions (which were already filed and pending when severance occurred).

6. Plaintiffs' new proposal to now add dispensing claims to CT1B, after repeatedly disavowing such claims throughout CT1, and proceeding with a CT1B trial on the original self-distribution claims and the new dispensing claims, would be extremely prejudicial to DDM and HBC. First, Plaintiffs likely plan to attempt to fix the fatal defects in their case revealed in DDM and HBC's motions for summary judgment, including obtaining new expert reports and opinions on the issue of liability (after failing to produce any such reports or opinions in the first round of summary judgment motions). This is an improper use of the severance mechanism and is contrary to Plaintiffs' representation that there would be no prejudice to the severed defendants as a result of their severance. Second, the addition of new dispensing claims will require massive amounts of additional resources to: prepare motions to dismiss such claims; join additional parties directly

3

involved in the prescription writing and filling process, including doctors; respond to Plaintiffs' already-served dispensing discovery requests; re-open all of their employees' depositions to address the new dispensing claims; re-open DEA, Board of Pharmacy and law enforcement depositions to address the new dispensing claims; obtain discovery from and take the depositions of numerous doctors who issued the prescriptions at issue; significantly expand the scope of their experts' work and reports; prepare new motions for summary judgment; prepare new Daubert motions; and again prepare for trial, this time with the new dispensing claims.  This prejudice requires the denial of the Motion to Amend.  *See* Pharmacy Defendants' Opposition at 12-13 (citing cases).

7. In addition, in any event the Small Pharmacies should not be part of a bellwether pharmacy trial because of their small size and Plaintiffs' lack of any evidence of any wrongdoing by them including the lack of any expert report or testimony on the issue of liability.  Any decision involving these Small Pharmacies will provide no or limited information for the other parties in the MDL including with respect to a potential global settlement and the other national issues presented.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' Motion to Amend or dismiss the Small Pharmacies from CT1B.

Date:   November 13, 2019

Respectfully submitted,

4

/s/ Timothy D. Johnson
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN,
CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Counsel for Discount Drug Mart, Inc.*


/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: kobrin@marchus-shapira.com

*Counsel for HBC Service Company*

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f), I hereby certify that this Court has ordered that length limitations applicable to complex cases apply to this matter, ECF No. 232 at 4 (No. 1:17-MD-2804), and that the foregoing Reply is within Rule 7.1(f)'s page limit for a complex case.

/s/    Timothy D. Johnson

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2019, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/ s/    Timothy D. Johnson