UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**MANUFACTURER DEFENDANTS' SUBMISSION REGARDING SELECTION OF A MANUFACTURER CASE FOR REMAND TO TRANSFEROR COURT**

On November 6, 2019, the Court ordered the parties to submit a plan consisting of "a distributor case,[] a manufacturer case, [] a pharmacy case, and [] a tribe, Native American tribe" case for remand to the transferor courts, and stated that the Court wanted the parties "to agree on those four cases and where they should be, which ones they are."  Transcript of November 6, 2019 conference, at p. 42 (Doc. No. 2913).  The following sets forth the agreed-upon manufacturer case as well as outstanding points of disagreement regarding the remand process.

**I.      Agreement on Manufacturer Case Selected for Remand**

The manufacturer defendants ("Defendants"),[1] reserving all rights and objections

---

[1] Defendants Allergan plc (appearing specially), Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan Sales, LLC, and Allergan USA, Inc., Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Mallinckrodt LLC, Mallinckrodt plc (appearing specially), and SpecGx LLC, Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida, and Noramco, Inc.  Specially appearing defendants Allergan plc, an Irish holding company, and

regarding the remand process and case selection, including, but not limited to, those raised in Position Statement on Selective Remand submitted on November 5, 2019 (Doc. No. 2908) and all objections raised at the November 6, 2019 conference, have reached an agreement with the Plaintiffs' Executive Committee ("PEC") that the manufacturer case to be included in the Suggestion of Remand to the JPML for transfer back to its original transferor Court for further proceedings and trial is:  *City of Chicago, Illinois v. Purdue Pharma L.P.*, Case No. 17-OP-45169 (N.D. Ohio) ("*Chicago-I*").

**II.     Native American Tribe Case Proposed for Remand**

The PEC and the Tribal Plaintiffs proposed for remand a case, Cherokee Nation (Oklahoma) (Case No. 1:18-op-45695), that does not include any manufacturer defendants.

In the event that the PEC and the Tribal Plaintiffs' intent is to seek leave to amend the Cherokee Nation (Oklahoma) case to add any manufacturer defendants, or move to consolidate the Cherokee Nation (Oklahoma) case with any other Cherokee/tribal case naming a manufacturer defendant, the Defendants adopt and join in the objections filed by the Distributor and Pharmacy Defendants that the Cherokee Nation (Oklahoma) is not an appropriate (or typical) case for remand for the reasons set forth therein, and renew the Defendants' proposal for the selection of a tribal case as set forth in Defendants' Position Statement on Selective Remand submitted on November 4, 2019 (Doc. No. 2908).  As explained more fully by the Distributor and Pharmacy Defendants, the Cherokee Nation's status, size, and governance structure is not typical of the other tribal cases and would complicate discovery and trial of the case.  Further, the procedural posture of the Cherokee Nation's case is atypical.

---

Mallinckrodt plc, an Irish company, expressly reserve all defenses, including related to service and personal jurisdiction.

### III. Remaining Areas of Disagreement Regarding the Cases Selected for Remand

#### A. Timing of Remand of *Chicago-I*

Manufacturing Defendants' position is that the Court should remand the *Chicago-I* case immediately, with no further motion or discovery practice in the MDL, allowing Judge Alonso and Magistrate Kim to continue managing the case, including ruling on any further discretionary amendments to the operative complaint, as well as case-specific discovery and pretrial rulings.

Before *Chicago-I* was part of the MDL, Judge Alonso had presided over the case since 2015, and already ruled on numerous motions to dismiss regarding the First Amended Complaint and Second Amended Complaint.  Furthermore, Magistrate Judge Kim already issued multiple discovery rulings based on the then-operative complaints and Judge Alonso's rulings on same.

At the recent status conference, the PEC indicated its belief that this Court should rule on the Manufacturing Defendants' fully briefed, pending partial motion to dismiss the Fourth Amended Complaint, for purposes of efficiency.[2]  The Court provided direction that where a motion was fully briefed on issues previously decided by the Court, it might be appropriate for it to rule on a pending motion.  That rationale does not apply to *Chicago I*.  Instead, the PEC proposes that -- before remand -- Plaintiff City of Chicago be granted leave to file a Fifth Amended Complaint to drop many of the claims that were previously briefed, to add SOMs-related claims under local Chicago ordinances that will need to be briefed for the first time (and

---

[2] Pursuant to § 2.g. of MDL CMO One, the Defendants filed a motion to dismiss the Fourth Amended Complaint raising only certain key "issues common to all manufacturers" that warrant dismissal of the City's claims in the Fourth Amended Complaint.  As such, the Defendants were forced to expressly reserve the right to raise additional defendant-specific individual grounds for dismissal at a later date.  As such, even if Plaintiff City of Chicago waived its request to file a Fifth Amended Complaint, this Court does not have fully briefed dispositive motions pending in this case.  *See* Transcript of November 6, 2019 conference, at p. 42 (Doc. No. 2913) ("[]I'll figure out if there are dispositive motions fully briefed in any of these cases, [and] whether I should decide them."); *Id*. at 38. ("The only issue would be what to do if they were fully-briefed motions that exist now, whether I should decide them or that judge should.").

which have never been considered by this Court), and to add Mallinckrodt plc[3] as a defendant -- thus mooting the Defendants' pending partial motion to dismiss the Fourth Amended Complaint. The PEC further proposes that the parties engage in a new briefing schedule before this Court on another new motion to dismiss. Judicial economy and due deference to the transferor court is best served by having Judge Alonso review any further discretionary motions to amend the Complaint for a fifth time and rulings on local Chicago ordinances -- matters which implicate Judge Alonso's prior rulings and extensive management over the *Chicago-I* Complaint. Manufacturing Defendants likewise believe that any further discovery motions should be handled by the transferor court, which managed discovery for over two years prior to the MDL.

      **B.**    **Non-Severance of Manufacturer Defendants from Other Remand Cases**

Consistent with the Court's rationale at the November 6, 2019 conference, Defendants respectfully submit that any plan for the remand of selective defendants and/or claims should not involve the severance of any defendants or claims but rather such defendants and/or claims should be dismissed from the case now to avoid prejudice and violation of defendants' due process rights. *See* Transcript of November 6, 2019 conference, at p. 42 (Doc. No. 2913) ("I will dismiss claims. If you all can't agree, I'll do it myself.").

Thus, if, for example, plaintiffs were to proceed against only the distributor defendants in the Track Two West Virginia case as the remanded "distributor case," the manufacturer (and pharmacy) defendants should be dismissed from those cases. Likewise, any manufacturer defendants and/or claims should also be dismissed from the "pharmacy case" ordered for remand. And should a different "Native American tribe" case than the Cherokee Nation case be

---

[3] Defendants reserve all rights to oppose any motion for leave to amend the Fourth Amended Complaint, including but not limited to plaintiff's proposed amendments to add SOMS-related claims and to add Mallinckrodt plc as a defendant.

ordered for remand, any named manufacturer defendants or claims must be dismissed prior to remand.  Put simply, Manufacturing Defendants must be entitled to full discovery of any claims against them; if the same plaintiffs' claims against others were merely severed then defendants would be deprived of this opportunity.  This is inconsistent with the Court's directive.

        **C.**        **Non-Common Discovery of the Track One Manufacturer Defendants**

As conceded by Plaintiffs in their Supplemental Submission Regarding Continuing Litigation (Doc. No. 2921), this MDL Court has already presided over common, non-local discovery of the CT 1 manufacturer defendants.  Contrary to Plaintiffs' latest supplemental position, it would be completely at odds with both the JPML's mandate, and this Court's guiding principle of judicial efficiency, for the MDL Court (or its Special Masters) to oversee jurisdiction-specific discovery in "all jurisdictions in which federal claims have been filed."

The principal focus of the discovery that remains to be completed in any given case is jurisdiction-specific, and focuses on (i) each defendant's alleged conduct in the relevant jurisdiction, (ii) the purported harms alleged suffered by each plaintiff, and (iii) the existence and extent of any causal link between the two.  These issues could likely be addressed more expeditiously if the resources of the remand courts, like Judge Alonso and Magistrate Kim in *Chicago-I,* are brought to bear.  These local remand courts are better positioned to decide issues that turn, in substantial part, on factors such as regional geography and the local government entities that will be the focus of discovery, and are also likely to have greater familiarity with that state's statutory and common law, again like the local ordinances that are the subject of the City of Chicago's proposed amendments, and discovery, in *Chicago-I*.  For these reasons, Defendants also object to Plaintiffs' proposal that "the special masters appointed by this court should be

5

made available to travel with the cases to expediate expeditious and consistent rulings." (Doc. No. 2921, at 9).

In all events, Plaintiffs' position on remand would defeat the very purpose of this process, binding the actions up in this Court on matters better left to the transferor courts, assigning a tribal case that defies the Court's criteria for remand, and advocating a severance procedure that would violate Defendants' rights.

US 167076462v5

Dated:  November 13, 2019

/s/ Jonathan L. Stern
Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington DC 20001
Phone: (202) 942-5000
Fax: (202) 942-5999
Jonathan.Stern@arnoldporter.com

Andrew K. Solow
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Phone:  (212) 836-7740
Fax:  (212) 836-6776
Andrew.Solow@arnoldporter.com

Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844
Phone:  (213) 243-4222
Fax:  (213) 243-4199
Sean.Morris@arnoldporter.com

/s/ Carole S. Rendon as Co-Liaison Counsel for the Manufacturer Defendants
Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Fax: (216) 696-0740
crendon@bakerlaw.com

*Attorneys for Defendants Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc.*

Respectfully Submitted,

/s/Donna M. Welch
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendants Allergan plc (appearing specially), Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan Sales, LLC, and Allergan USA, Inc.*

/s/ Charles C. Lifland
Charles C. Lifland
clifland@omm.com
Sabrina H. Strong
sstrong@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Daniel Petrocelli
dpetrocelli@omm.com
Amy R. Lucas
alucas@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 553-6779

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

US 167076462v5

*/s/ Steven A. Reed*
Eric W. Sitarchuk
Steven A. Reed
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
eric.sitarchuk@morganlewis.com
steven.reed@morganlewis.com
rebecca.hillyer@morganlewis.com

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-3300
wendy.feinstein@morganlewis.com

*Attorneys for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida.*

*/s/ Brien O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 235-4650
brien.o'connor@ropesgray.com
andrew.o'connor@ropesgray.com

*Counsel for Defendants Mallinckrodt LLC and SpecGx LLC, and specially appearing for Mallinckrodt plc*

*/s/ Daniel G. Jarcho*
Daniel G. Jarcho
D.C. Bar No. 391837
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Facsimile: (202) 239-333
E-mail: daniel.jarcho@alston.com

Cari K. Dawson
Georgia Bar No. 213490
Jenny A. Hergenrother
Georgia Bar No. 447183
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
E-mail: cari.dawson@alston.com
E-mail: jenny.hergenrother@alston.com

*Counsel for Defendant Noramco, Inc.*

US 167076462v5