**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL No. 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| | ) | |
| ***THIS DOCUMENT RELATES TO ALL CASES*** | ) | **Hon. Dan Aaron Polster** |
| | ) | |

**GENERIC MANUFACTURERS' POSITION STATEMENT REGARDING**
**SELECTIVE REMAND TO TRANSFEROR COURTS**

Defendants Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals of New York, LLC, and KVK-Tech, Inc. (collectively, the "Generic Manufacturers"), respectfully submit the following position statement with respect to the next steps in these coordinated cases, including with respect to the selective remand of certain cases.

As compared to other defendants in this MDL, the Generic Manufacturers are uniquely situated. Simply put, they have not had sales representatives who called on physicians about opioid products or otherwise marketed or promoted opioid products to physicians. Despite Complaints that sweepingly allege that all defendants have engaged in deceptive marketing and promotion of opioid products, those Complaints never once differentiate between the alleged conduct of other defendants and that of the Generic Manufacturers, the latter of which manufacture only generic opioid products. In other words, those allegations have no possible application to the Generic Manufacturers. More generally, a review of the Complaints in this MDL does not disclose a single substantive allegation or cause of action based on conduct that actually could apply to the Generic Manufacturers.[1]

---

[1] Plaintiffs have been at all times well aware of this distinction. (*See* Plaintiffs' Supplemental Submission Regarding Continuing Litigation, Doc. #2921 at fn 6 (differentiating between "defendants that marketed *only*

Consequently, with one exception, the Generic Manufacturers generally take no position on the competing remand proposals presently before the Court. Responding specifically to plaintiffs' proposal, the Generic Manufacturers take no position on remand of the tracks of cases plaintiffs define as "CT1B," "CT1C," "CT3," "CT4," and "CT5." (*See* Plaintiffs' Position Statement Regarding Continuing Litigation, Doc. #2906; Plaintiffs' Supplemental Submission Regarding Continuing Litigation, Doc. #2921.) The only objection the Generic Manufacturers have at this juncture relates to plaintiffs' proposal for "CT2,"[2] which plaintiffs suggest should result in the claims against certain distributors being suggested for remand, while the Court would retain jurisdiction over the non-remanded defendants and proceed on a "tandem" track.

The Generic Manufacturers respectfully disagree with the vaguely described severance aspect of plaintiffs' proposal for multiple reasons. The reasons for not splitting parties and causes of action through the remand process was addressed in Certain Defendants' Position Statement Regarding Selective Remand to Transferor Courts, Doc. #2908. The Generic Manufacturers adopt and incorporate those arguments here. Additionally, Generic Manufacturers object that the plaintiffs assert they endorse the Court's plan, but then attempt to modify it significantly, albeit ambiguously. As the Court stated repeatedly at the November 6, 2019, CMC, under its plan, it would be more appropriate to dismiss the non-remanded defendants (which would include the Generic Manufacturers), and then make a suggestion of remand for the rest of the case, consistent with the structured narrow case plans that the Court

---

generic opioids" (i.e., the Generic Manufacturers) and "Defendants Allergan, Teva, and Mallinckrodt, which manufactured and marketed both generic and branded opioids...." (Emphasis in original; further citation omitted).)

[2] The CT2 or Track Two cases consist of *The Cabell County Commission, West Virginia v. AmerisourceBergen Drug Corp.*, No. 17-OP-45053 (N.D. Ohio), and *City of Huntington, West Virginia v. AmerisourceBergen Drug Corp.*, No. 17-OP-45054 (N.D. Ohio).

believes will inform and move forward this litigation.  This is particularly true in light of the absence of any relevant factual allegations against the Generic Manufacturers.

Alternatively, the Generic Manufacturers request that the "CT2" cases be suggested for remand immediately in their entirety to the Southern District of West Virginia.

Dated:  November 13, 2019

Respectfully submitted,

/s/ Paul J. Cosgrove
Paul J. Cosgrove (0073160)
Jeffrey F. Peck (0007943)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 698-5000/Fax: (513) 698-5001
Email:  pcosgrove@ulmer.com
        jpeck@ulmer.com

Joshua A. Klarfeld (0079833)
**ULMER & BERNE LLP**
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7000/Fax: (216) 583-7001
Email: jklarfeld@ulmer.com
*Attorneys for Defendants Amneal*
*Pharmaceuticals LLC and Amneal*
*Pharmaceuticals of New York, LLC*

/s/ Thomas E. Rice
Thomas E. Rice
**BAKER STERCHI COWDEN & RICE LLC**
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
Email: rice@bscr-law.com
*Attorney for Defendant KVK-Tech, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

*/s/ Paul J. Cosgrove*
Paul J. Cosgrove (0073160)
*One of the Attorneys for Defendants Amneal*
*Pharmaceuticals LLC and Amneal*
*Pharmaceuticals of New York, LLC*