IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

NOTICE OF OBJECTION
TO SEVERANCE INSTEAD OF DISMISSAL IN PROPOSED REMAND CASES

Defendants Anda, Inc., H. D. Smith, LLC, Henry Schein, Inc. and Henry Schein Medical Systems, Inc., and Prescription Supply Inc. (collectively, the "Small Distributors"[1]) submit this filing pursuant to the Court's directive of November 6, 2019 (*see* Hr'g Tr. 42:7–25, Nov. 6, 2019, ECF No. 2913), and hereby object to severance, instead of dismissal, of Defendants from cases to be remanded under 28 U.S.C. § 1407(a). As this Court made clear in discussing what it envisioned as the best, most practical approach for the next bellwether cases, the cases should be streamlined, focused, and manageable, with few causes of action and fewer Defendants (ECF No. 2913 at 9:1–10:3, 20:6–10) and dismissal of select claims and Defendants achieves those goals. ECF No. 2913 at 6:10–15, 30:21–31:2,[2] 42:17, 43:22–25. The Small Distributors should be dismissed, but, if severance is considered as a "manageability" alternative, mechanisms

---

[1] The Small Distributors are the small distributors named in Track One cases, although the Henry Schein entities have been dismissed from Track One. In any case to be remanded, however, there are likely other small distributors—and other Defendants, generally—who would share the concerns expressed in this filing.

[2] As the Court stated in this part of the hearing in describing four streamlined cases: "[T]here wouldn't be any more severances. These would be the cases. . . There wouldn't be a West Virginia Track 1BC, [for example,] there would be a West Virginia case. The other causes of action would be dismissed ***and so would the other defendants***." *Id.* (emphasis added)

should be explored in conjunction with the parties and the Court to protect against the prejudicial effects set forth below.

The Small Distributors do understand and find it reasonable why neither Plaintiffs nor the Court appear to envision that any of the Small Distributors (to the extent they are named or remain as Defendants in these cases) should be included in future bellwether trials.  In Cuyahoga and Summit Counties, for example, the Small Distributors each have *de minimis* market share (1% or less) and shares of alleged "flagged" orders that are even smaller; and some of the Small Distributors are only in one of the lawsuits (*e.g.*, H. D. Smith is a defendant only in the Cuyahoga County case).[3]  Aside from the *de minimis* nature of their alleged supply (still the subject of pending summary-judgment motions for three of the Small Distributors) and the questionability of using valuable party resources and trial time as to the Small Distributors, their unique positioning complicates pretrial filings and trial for Plaintiffs, "target" Defendants, and the Court.  In sum, the Small Distributors take no issue that, to put it bluntly, they are not worth the trouble to have at a bellwether trial.

That said, severance might undercut the effectiveness of MDL proceedings.  Indeed, the JPML itself "has rejected most requests to exclude portions of a case from transfer under section 1407."  Manual for Complex Litigation (Fourth) § 20.133 (2004).  Moreover, the factors considered by this Court in determining whether to sever cases weigh against severing the Small Distributors here.  ECF No. 2399 at 2.  As the Court knows, the decision whether to sever under Federal Rule of Civil Procedure 21 entails considering "a number of factors," including: (i) whether the claims arise out of the same transaction or occurrence; (ii) whether the claims present some common questions of law or fact; (iii) whether settlement of the claims or judicial

---

[3] *See* ECF No. 1879–1 at 4–9.

economy would be facilitated; (iv) whether prejudice would be avoided if severance were granted; and (v) whether different witnesses and documentary proof are required for separate actions. ECF No. 2399 at 2 (citing *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018)). All five factors weigh against severance here.

For the first factor, the claims in any case to be remanded arise from the same occurrence: the opioid epidemic. *See, e.g.*, ECF No. 2921 at 3, 4 & n.4. And for the second factor, the claims in all of these cases inarguably pose common issues of law and fact. *See, e.g.*, *id.* at 4 & n.4. Third, severance would multiply the "delay, inconvenience, and added expense to the parties and the court" because the issues common to severed trials and nonsevered trials result in "overlapping proof and duplication in testimony." *See, e.g.*, *Evans v. Midland Funding LLC*, 574 F. Supp.2d 808, 811 (S.D. Ohio 2008). These efforts are especially wasteful here because except for the different witnesses and proof produced by each Defendant, the evidence in a severed trial would largely mirror the nonsevered trial (the fifth factor).

The final factor likewise militates against severance. In the pretrial phase, severing the Small Distributors would either deprive them of the opportunity to participate meaningfully or require parties and third parties to answer for a second time, further undermining judicial economy. In the trial phase, severing the Small Distributors would risk inconsistent jury verdicts. Each jury deciding a conspiracy claim, for example, would lack the full context of the conspiracy, which must be viewed "'as a whole.'" *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) (quoting *Am. Tobacco Co. v. United States*, 147 F. 2d 93, 113 (6th Cir. 1944)); *see, e.g.*, *Kent v. Drought*, No. 08-CV-414-JTC, 2010 WL 4320334, at *8 (W.D.N.Y. Oct. 28, 2010). Nor is this rationale limited to claims of conspiracy. Courts should strive to present a "coherent picture to the trier of fact." *See* Manual for Complex Litigation,

*supra*, at § 11.632.  Finally, in the pretrial and trial phases alike, the severed Small Distributors would lose out on the economies of scale for division of labor available to the larger group of nonsevered Defendants.  Left to bear the greatest relative burden would be *de minimis* Defendants with the least resources like the Small Distributors.

## CONCLUSION

The Court should decline to sever, rather than dismiss, certain Defendants in cases to be remanded by the JPML.  If the Court nevertheless severs any cases in which the Small Distributors are named, the Court and the parties should implement mechanisms to protect against prejudicing the Small Distributors.

[SIGNATURES ON FOLLOWING PAGE]

Dated: November 13, 2019   Respectfully submitted,

*/s/ James W. Matthews*
James W. Matthews
Katy E. Koski
Kristina Matic
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel:   617.342.4000
Fax:   617.342.4001
Email:  jmatthews@foley.com
          kkoski@foley.com
          kmatic@foley.com

*Counsel for Defendant Anda, Inc.*


*/s/ John P. McDonald*
John P. McDonald
Texas Bar No. 13549090
jpmcdonald@lockelord.com
C. Scott Jones
Texas Bar No. 24012922
sjones@lockelord.com
Lauren M. Fincher
Texas Bar No. 24069718
lfincher@lockelord.com
Brandan J. Montminy
Texas Bar No. 24088080
brandan.montminy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
T: 214-740-8000
F: 214-756-8000

*Attorneys for Henry Schein, Inc.
and Henry Schein Medical Systems, Inc.*

*/s/ William E. Padgett*
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Email: william.padgett@btlaw.com
          kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith, LLC,
f/k/a H. D. Smith Wholesale Drug Co.,
H. D. Smith Holdings, LLC and H. D. Smith
Holding Company*


*/s/ John J. Haggerty*
John J. Haggerty (0073572)
James C. Clark
Stephan A. Cornell
FOX ROTHSCHILD LLP
2700 Kelly Road, Suite 300
Warrington, PA 18976
Tel: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com
jclark@foxrothschild.com
scornell@foxrothschild.com

*Counsel for Defendant,
Prescription Supply Inc.*

5

## **CERTIFICATE OF SERVICE**

    I, William E. Padgett, certify that the foregoing document was served via the Court's ECF system to all counsel of record.

                                       /s/ *William E. Padgett*
                                       William E. Padgett