UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Cabell County Commission v. Amerisourcebergen Drug Corporation, et al.,* Case No. 1:17-op-45053-DAP<br><br>*City of Huntington, West Virginia v. Amerisourcebergen Drug Corporation, et al.,* Case No. 1:17-op-45054-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**THE PHARMACY BENEFIT MANAGER DEFENDANTS' SUBMISSION REGARDING
MDL CASE MANAGEMENT**

The CT2 pharmacy benefit manager defendants Express Scripts Holding Company, Express Scripts, Inc., Caremark Rx, LLC, Optum, Inc., and OptumRx, Inc. (collectively, the "PBMs"), submit the following response to Plaintiffs' November 12, 2019 Supplemental Submission Regarding Continuing Litigation.[1] For several reasons, Plaintiffs' proposal for the CT2 cases is a nonstarter. This Court should reject their proposal.

First, the Court did not call for a PBM bellwether case. Indeed, the PBMs are in only a tiny fraction of the cases in the MDL, so any pretrial proceedings against them will not serve the

---

[1] The PBMs expressly reserve all rights, including but not limited to, the right to challenge jurisdiction once the Court sets a deadline to respond to the Track Two Plaintiffs' Corrected Joint and Third Amended Complaint, filed September 12, 2019 (Dkt. No. 2595) (the "TAC").

Court's stated goal of remanding cases that will truly serve as bellwethers for the thousands of cases pending in the MDL. The "common" discovery they seek would be relevant to a tiny percentage of the MDL cases.

Second, the MDL statute prohibits the litigating-one-case-in-two-districts approach that Plaintiffs suggest. The statute (28 U.S.C. § 1407) may allow the Court to remand *claims*, but it does not contemplate two different district courts hearing the same claim in the same suit at the same time. Nor does it permit the splitting of defendants for that purpose. For good reason: Permitting the same claim in the same suit to proceed before two different judges—whether for discovery purposes, merits purposes, or otherwise—would encourage (if not guarantee) inconsistent rulings and would violate due process.

Third, Plaintiffs' request that this Court keep all the cases in the MDL "until common discovery and rulings are complete" ignores the Court's instructions at the November 6, 2019 status conference and prejudices the PBMs.  The Court requested proposals for immediate remands of up to four "streamlined and focused" cases: one against the manufacturers, one against the Big Three distributors, one against the retail pharmacies, and one Native American Tribe case (presumably involving those three categories of defendants).[2]

In their proposal, Plaintiffs ignore the Court's instructions and ask the Court to keep all the cases in the MDL for now and decide on strategic remands at some unspecified future date. Plaintiffs' proposal is not only contrary to the Court's instructions but also is unfair to the PBMs inasmuch as it seeks to lump them into some type of extended and uncertain "common" discovery

---

[2] The Court held out the possibility that it might retain one of the selected cases for discovery and trial, rather than remanding all four cases the transferor courts.

and pretrial process that does not account for the differences between PBMs and other defendants. Unlike the central defendants in the cases, PBMs do not manufacture, sell, distribute, prescribe or market opioids. Nor do PBMs control their clients' decisions about which drugs to cover under the clients' benefit plans. Plaintiffs state that PBMs "set policies governing the coverage and use of opioids that contributed to and/or failed to limit the opioid epidemic," Plaintiffs' Supplemental Submission, Doc. 2921 at 6, but that is wrong. *See County of Webb*, MDL No. 2804, No. 1:18-op-45175, at *2 ("The Court understands that the PBM Defendants do not manufacture, market, or prescribe opioid medications. It also understands that plan sponsors decide whether to adopt the programs that the PBM Defendants offer."). PBMs negotiate arm's-length contracts with benefit plan sponsors (typically ERISA fiduciaries)—employers, health plans, unions, trusts, and government agencies, and the like—under which the plan sponsor is free to select, modify, or reject a drug formulary for its plan members.

The upshot? Any PBM-related discovery should focus on particular benefit plans in Huntington or Cabell County.[3] That is different in kind from the discovery already completed in the MDL, which involved manufacturing, marketing, and distribution data. (The PBMs have made these points in submissions to Special Master Cohen. *See* Exhibits 1, 2.)[4]

Fourth, the PBMs will likely raise jurisdictional and ERISA/Medicare preemption defenses that should not plague any bellwether.

---

[3] On November 4, 2019, the CT2 Plaintiffs served their first set of document requests on the PBMs. Plaintiffs made no effort to meet and confer with the PBMs before serving that discovery.

[4] Discovery should not proceed at all against the PBMs because the claims against the PBMs fail any reasonable application of the relevant pleading standards. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

\* \* \*

Plaintiffs' proposal is a non-starter and should be rejected. It does not respond to the Court's request and instead suggests a case management approach that is, among other things, outside of what the MDL statute allows and unfair to the PBMs and other CT2 defendants. The Court should either remand CT2 in its entirety (all claims and all parties) or, as the Court contemplated, should remand CT2 for a small number of defendants picked from the categories that the Court set out in the November 6 hearing and should dismiss (or stay) the claims against the PBMs and all other remaining defendants in those cases.

Dated:   November 13, 2019                          Respectfully submitted,


/s/ _Adriana Riviere-Badell_                         /s/ __Eric R. Delinsky_____

Adriana Riviere-Badell                              Eric R. Delinsky
Florida Bar No. 30572                               Alexandra W. Miller
Matthew Menchel                                     ZUCKERMAN SPAEDER LLP
Florida Bar No. 12043                               1800 M Street, NW, Suite 1000
KOBRE & KIM LLP                                     Washington, DC 20036–5807
201 South Biscayne Boulevard                        Tel:  (202) 778–1800
Suite 1900                                          Fax:  (202) 822-8106
Miami, Florida 33131                                edelinsky@zuckerman.com
Tel.: (305) 967 6100                                smiller@zuckerman.com
Fax: (305) 967 6120
adriana.riviere-badell@kobrekim.com                 *Attorneys for Defendants CVS Health*
Matthew.Menchel@kobrekim.com                        *Corporation; Caremark Rx, LLC; CVS*
                                                    *Indiana L.L.C.; CVS RX Services, Inc.; CVS*
Steven G. Kobre                                     *Tennessee Distribution, L.L.C.; CVS*
New York Bar No. 2581940                            *Pharmacy, Inc.; and West Virginia CVS*
Jay Y. Mandel                                       *Pharmacy, LLC*
New York Bar No. 4760724
**KOBRE & KIM LLP**
800 Third Avenue
New York, NY 10022
Tel.: (212) 488-1200
Fax: (212) 488-1220
Steven.Kobre@kobrekim.com
Jay.Mandel@kobrekim.com

Julian W. Park
California Bar No. 263501
KOBRE & KIM LLP
150 California Street, 19th Floor
San Francisco, California 94111
Tel: (415) 582-4800
julian.park@kobrekim.com

*Attorneys for Defendants Express Scripts*
*Holding Company and Express Scripts, Inc.*

5

/s/ Brian D. Boone

Brian D. Boone
North Carolina Bar No. 38910
ALSTON & BIRD LLP
101 South Tryon Street, Ste. 4000
Charlotte, NC 28280
Tel.: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com

William H. Jordan
Georgia Bar No. 405112
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
bill.jordan@alston.com

Kimberly K. Chemerinsky
California Bar No. 277637
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Tel.: (213) 576-1000
Fax: (213) 576-1100
kim.chemerinsky@alston.com

*Attorneys for Defendants Optum, Inc. and OptumRx, Inc.*

**CERTIFICATE OF SERVICE**

      I, Adriana Riviere-Badell, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

                                                                                */s/ Adriana Riviere-Badell*
                                                                                Adriana Riviere-Badell