# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*The County of Summit, Ohio,* et al. *v. Purdue Pharma L.P.,* et al.<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio,* et al. *v. Purdue Pharma L.P.,* et al.<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## PHARMACY DEFENDANTS' SURREPLY IN OPPOSITION TO TRACK ONE PLAINTIFFS' MOTION TO AMEND

Plaintiffs maintain that dispensing claims have been included in the Track One case from the start and that for the past 18 months, they merely deferred them. If this were true, there would be no need for Plaintiffs to amend their complaints to, among other things, add dispensing to their nuisance count or to add new defendants that engage in dispensing, such as Ohio CVS Stores, LLC and Rite Aid of Ohio.

Moreover, if it was Plaintiffs' plan all along to defer certain Track One claims to a later date, they never disclosed that to the Pharmacy Defendants, and they never sought—much less obtained—a Court order that permitted the deferral of certain claims to a later track while pursuing others. No case management order in the case contemplated, let alone permitted, such a piecemeal approach.[1]

---

[1] Plaintiffs' suggestion that CMO 1's amendment deadline did not encompass the whole Track One case, but rather was limited to manufacturing and distribution claims, is disingenuous. Doc. No. 2937 at 3. When CMO 1 issued, not a single party contemplated that Track One would be divided into multiple sub-tracks, and CMO 1 itself

The bottom line is that Plaintiffs represented last year—and this Court ruled last year—that Plaintiffs were pursuing *only* distribution claims against the Pharmacy Defendants and were *not* pursuing dispensing claims.  *See* Doc. No. 1203 at 2 (holding "Retail Pharmacies may only be held liable as distributors," because "Plaintiffs have disclaimed any cause of action against Retail Pharmacies in their capacity as retailers or dispensers of opioids").  Either Plaintiffs' representation was misleading or their plan to add dispensing claims is brand new (and their current explanation revisionist).  Indeed, until this past week, there was never any talk of "deferring" dispensing claims in Track One.  Plaintiffs did not even suggest the possibility of adding dispensing claims when they moved to sever many Pharmacy Defendants from trial.  Had the Pharmacy Defendants received fair notice of Plaintiffs' supposed plan to conduct full discovery and motions practice on distribution claims first and then, later, to pursue dispensing claims in a second track, the Pharmacy Defendants quite obviously would have objected.[2]

Plaintiffs offer no good cause for their failure timely to pursue dispensing claims.  They also offer no good cause for their failure to disclose to the Pharmacy Defendants their supposed plan to defer such claims to a second track.  Nor do they offer any good cause for their failure to seek a case management order allowing such a deferral.  Plaintiffs' ambition to obtain bellwether status and to leapfrog other cases in the MDL queue does not remotely provide good cause for those failures.

---

neither created nor even mentioned any sub-tracks or carve-outs.  By its plain and express terms, the deadlines in CMO 1 applied to all claims.

[2]  The Pharmacy Defendants subject to Plaintiffs' initial motion to sever included in their response an objection to the notion that severance could be used to amend complaints, add claims, or include additional discovery after the cases had been completely litigated through fact and expert discovery, summary judgment motions, and pre-trial proceedings.  Doc No. 2142 at 2.

2

Sixth Circuit law requires good cause.  Because Plaintiffs lack it, their motion to amend must be denied.

Date:  November 15, 2019

Respectfully submitted,

/s/    Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Rx Services, Inc. and CVS Indiana, L.L.C.*

/s/    Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center*

/s/ Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*


/s/ Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com
E-mail: tmtabacchi@jonesday.com

*Counsel for Walmart Inc.*

s/ Timothy D. Johnson (consent)
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN,
CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Counsel for Discount Drug Mart, Inc.*

          <u>/s/ Robert M. Barnes (consent)</u>
          Robert M. Barnes
          Joshua A. Kobrin
          MARCUS & SHAPIRA LLP
          35th Floor, One Oxford Center
          301 Grant Street
          Pittsburgh, PA 15219
          Phone: (412) 471-3490
          Fax: (412) 391-8758
          E-mail: rbarnes@marcus-shapira.com
          E-mail: kobrin@marchus-shapira.com

          *Counsel for HBC Service Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 15, 2019, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/ s/   *Eric R. Delinsky*
Eric R. Delinsky