UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-md-2804 |
| | ) | Judge Dan Aaron Polster |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* Case No. 18-op-45090 | ) ) ) ) | **ORDER** |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al.* Case No. 17-OP-45004 | ) ) ) | |

**TRACK ONE-B CASE MANAGEMENT ORDER**

In an email sent to counsel on October 25, 2019, Special Master Cohen scheduled a conference on November 6, 2019 to discuss how to advance litigation and streamline this MDL going forward following the settlement of the October 21, 2019 trial. In preparation for the hearing, he directed the parties to submit, via email to the Court, position papers addressing various proposals for claims and defendants in future bellwether cases, "hub and spoke" remands, and disposition of the ripe, pending motions to dismiss. He instructed counsel to confer and come to agreement on as much as possible before making their submissions. On November 5, 2019, after receiving several position papers, the Court directed the parties to file those papers on the MDL docket.[1] At the November 6 conference, having reviewed the parties' submissions, I provided the parties with guiding principles that I believe will help the parties resolve these cases. Included among those principles, I expressed a need to have a small number of focused, streamlined cases, including at least one case where liability could be tested against pharmacies as dispensers. The

---

[1] *See, e.g.*, Doc. ##: 2899 (Seminole Tribe) (filed prior to the Court's November 5, 2019 Order); 2906 (PEC); 2907 (Pharmacy Defendants); 2908 (certain Defendants (including Distributors and Manufacturers)); 2921 (PEC's Supplemental Submission).

Parties requested an additional week to meet and confer in order to try to present a unified plan for how litigation should proceed in accordance with my guiding principles; which I granted with a deadline of November 13, 2019. Despite the extra time, the parties still agree on very little.[2] Accordingly, the Court will exercise the authority granted to me by the JPML to structure this litigation.

During the conference, I indicated that I would be willing to conduct a trial brought by Cuyahoga and Summit Counties against the severed *Track One* pharmacies—what is being called *Track One-B* ("CT1B")—and allow Plaintiffs to assert dispensing-related claims against them. In that regard, on November 13, 2019, Plaintiffs filed a Revised Position Statement Regarding Continuing Litigation in which they stated that, with respect to CT1B and in order to efficiently advance litigation, they would sever all claims except absolute public nuisance and civil conspiracy and sever all defendants except CVS, Rite Aid, Walgreens, HBC, and Discount Drug Mart.[3] *See* Doc. #: 2935. Plaintiffs further request that the Court grant their pending Motion for Leave to Amend their operative *Track One* Complaint to add dispensing claims and related dispensing entities. Doc. #: 2894.

On November 12, 2019, Pharmacy Defendants filed an opposition response to Plaintiffs' Motion to Amend. Doc. #: 2924. On November 14, 2019, Plaintiffs filed a Reply, Doc. #: 2937, and on November 15, 2019, the Pharmacies, with leave of the Court, filed a Sur-Reply. Doc. #: 2939. The Court hereby **ADOPTS** Plaintiffs' proposed CT1B structure for the Pharmacy case, and for the following reasons, **GRANTS** Plaintiffs' Motion for Leave to Amend their Complaint.

The Pharmacies allege that Plaintiffs should not be allowed to amend their Complaint to include dispensing-related claims because Plaintiffs did not articulate good cause for doing so and because if

---

[2] Compare previously filed position papers listed in footnote 1 with Doc. ##: 2927 (Discount Drug Mart and HBC Service); 2928 (Branded Manufacturers); 2929 (certain Generic Manufacturers); 2930 (Seminole Tribe of Florida); 2931 (certain Small Distributors); 2933 (certain Pharmacy Defendants); 2934 (Distributor Defendants); 2935 (Plaintiffs Executive Committee); 2936 (Pharmacy Benefits Managers).
[3] The five named defendants represent defendant families and include various related entities. *See* Doc. #: 2935 at 3.

allowed, Pharmacies would be unduly prejudiced. The Pharmacies' points would be better taken in the context of a single case. However, in the context of an MDL, their objections lose much of their import.

There is good cause to allow Plaintiffs to pursue dispensing related claims against the Pharmacies. One of the primary purposes of centralization in an MDL is to "promote the just and efficient conduct of the litigation." JPML Transfer Order (Doc. #: 1 at 3). In CT1B, although some additional discovery will be necessary to address dispensing claims, much of the foundational discovery and virtually all of the discovery regarding Plaintiffs has already been done. Thus, it will be more efficient and fairer to the parties not to have to redo that foundational discovery.[4]

Furthermore, contrary to the Pharmacies' assertions, prejudice against the Pharmacies will likely be lessened by the allowance of additional discovery in CT1B. The Pharmacies' brief overlooks the fact that they *will* be required to produce this discovery in any case in this MDL in which they are named and the Court suggests be remanded to another district for a bellwether trial. Dispensing-related claims are at issue in many of the nearly 2500 cases in this MDL, and the Pharmacies will be responsible for producing discovery responsive to those claims. Thus, their argument amounts to the dubious assertion that the Pharmacies' interests will be better-served if dispensing related discovery is conducted at some later date in front of some other Court which does not have the expertise I have developed over the past two years.

The Pharmacies also cite to the Court's prior decision precluding additional discovery into severed-defendant Noramco as analogous to the issue at hand. *See* Doc. #:2924 at 3 (citing Doc. #: 2438 at 4). Noramco is a supplier of active pharmaceutical ingredients ("API"). Noramco is a different type of defendant than the Pharmacies. It does not manufacture, distribute, or dispense opioids. For Noramco, the Court denied additional discovery on manufacturing and distributing claims that had already been developed against all other defendants. For the Pharmacies, on the other hand, the Court is now allowing

---

[4] The Pharmacy Defendants will not have to redo much of the discovery and depositions already taken of the Plaintiffs or the discovery relating specifically to the costs of implementing an abatement remedy.

what are effectively new dispensing claims, which necessitate additional discovery, and the Court is scheduling a trial date which will permit both sides to conduct this discovery.

Accordingly, the Court **ADOPTS** Plaintiffs' proposed structure for CT1B as described in Plaintiffs' Revised Position Statement Regarding Continuing Litigation, Doc. #: 2935 at 3, and **GRANTS** Plaintiffs' Motion for Leave to Amend their operative *Track One* Complaint to add dispensing claims and related dispensing entities. Doc. #: 2894.[5]

Further, the Court hereby enters the Case Management Plan below, which directs the parties to engage in discovery, motion practice, and trial preparation for the above captioned cases against the severed CT1B Pharmacy Defendants. In order to conduct the CT1B trial as efficiently as possible, the Court will not receive additional motions to dismiss on distributing claims. To the extent there are legal issues that need to be addressed, the Court will address them in summary judgment motions. Special Master Cohen will oversee discovery.

**As soon as practicable** – The parties shall exchange lists of initial fact witness depositions. If the parties agree, depositions may proceed immediately. As much as possible, however, depositions shall be taken of witnesses only after relevant documents have been produced. Thus, the majority of depositions shall occur between January 31 and March 6, 2020.

**Friday, January 31, 2020** – Production of documents *and* traditional 30(b)(6) depositions (i.e., 30(b)(6) depositions concerning discovery-related issues, such as types and location of documents and databases) shall be substantially complete.

**Friday, March 6, 2020** – all 30(b)(6) and fact depositions shall be completed.

**Monday, March 16, 2020** – Plaintiffs shall serve expert reports and, for each expert, provide two proposed deposition dates between March 31 and April 17, 2019.

---

[5] While Plaintiffs are technically "severing" all claims except absolute public nuisance and civil conspiracy, the Court intends this will be the only trial of these two Counties against these Pharmacies.

**Friday, May 1, 2020** – Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between May 12 and May 30, 2020.

**Friday, June 19, 2020, 12:00 p.m.** – Deadline for *Daubert* and dispositive motions.

**Friday, July 24, 2020, 12:00 p.m.** – Deadline for responses to *Daubert* and dispositive motions.

**Friday, August 7, 2020, 12:00 p.m.** – Deadline for replies in support of *Daubert* and dispositive motions.

**Friday, August 28, 2020** – Hearings on *Daubert* and dispositive motions, or as otherwise set by the Court, if necessary.

**Monday, October 5, 2020, 1:30 p.m.** – Final Pretrial Hearing.

**Wednesday, October 7, 2020 – Friday, October 9, 2020** – Jury selection.

**Tuesday, October 13, 2020** – Trial. The Court envisions a 4-5-week trial and will set appropriate time limits including deadlines for motions *in limine*, deposition designations, jury instructions, jury questionnaire, and other pretrial submissions. As reflected in prior MDL rulings, the jury will decide public nuisance liability. Should the jury find liability for one or more Defendants, the Court will hold a subsequent hearing to determine an appropriate abatement remedy.

       **IT IS SO ORDERED.**

                                   **/s/ Dan Aaron Polster  November 19, 2019**
                                     **DAN AARON POLSTER**
                                     **UNITED STATES DISTRICT JUDGE**