UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: *"Track Two Cases"* | ) ) ) | |
| | ) ) | **ORDER REGARDING TRACK  TWO CASES** |

The Court recently filed with the Judicial Panel on Multidistrict Litigation a document titled "Suggestions of Remand," setting out the Court's vision of how the litigation track in this MDL will proceed.  *See* docket no. 2941.  This vision includes remand of the Track Two cases[1] to the transferor court in the Southern District of West Virginia, after some period for discovery.  *Id.* at 7 ("The undersigned will preside over discovery [in the Track Two cases] for a short time and then suggest remand.").  The Court intends to remand the Track two cases only after they are streamlined and otherwise made more trial-ready, and also to have this occur as soon as possible.  Accordingly, the Court rules as follows.

A. **Defendants.**

The operative third amended complaint (docket no. 2613) lists nine manufacturer defendants, nine distributor defendants, five national pharmacy defendants, and three PBM defendants.  *See id.*

---

[1] The Court chose as the Track Two bellwether cases: (1) *Cabell County Commission, West Virginia v. AmerisourceBergen Drug Corp.*, Case No. 17-OP-45053 (N.D. Ohio); and (2) *City of Huntington, W.Va. v. Amerisource Bergen Drug Corp.*, Case No. 17-OP-45054 (N.D. Ohio).  *See* Order at 1-2 (docket no. 1218).

at 4 (listing all defendants).[2] As has been discussed with the parties, the Court intends the focus of the Track Two cases to be, at most, on the distributor and pharmacy defendants only. Therefore, pursuant to Fed. R. Civ. P. 21, and for the same reasons stated in the Court's earlier severance order related to the Track One cases (docket no. 2399), the Court hereby **SEVERS** the nine manufacturer defendants and three PBM defendants from the Track Two cases.

Moreover, the Court believes the total number of defendants should be trimmed even further. That is, the Court believes the Track Two plaintiffs do not actually intend to pursue more than a small number of defendants in a single trial (as was true with the Track One plaintiffs), and certainly not all 14 of the distributor and national pharmacy defendants. Therefore, the Court **directs** the Track Two plaintiffs to identify, within 7 calendar days of the date of this Order, those distributor and national pharmacy defendants against whom they do not have a true and serious intention of pursuing claims at trial on remand. The Court will then sever these defendants as well. To repeat: the Court will suggest remand of the Track Two cases only if plaintiffs pursue their claims against a practicable, triable number of defendants.

B.   **Claims.**

The third amended complaint lists eight claims for relief. *See* docket no. 2613 at 8. The Court will only remand the Track Two cases on the condition that plaintiffs dismiss all claims *except*, at most, the public nuisance claim (count one), the RICO supply chain claim (count three),

---

[2] The complaint actually lists, for example, nine manufacturer "defendant families;" thus, the defendant family referred to as the "Janssen Entities" actually includes six different individual defendants. *See* docket no. 2613 at 35-36. For the sake of simplicity, in this Order the Court refers to each defendant family as a single defendant.

the civil conspiracy claim (count seven), and the punitive damages claim (count eight).[3]  These four claims are the same claims that would have been tried in the Track One trial.  Therefore, the Court **directs** the Track Two plaintiffs to identify, within 7 calendar days of the date of this Order, those claims that it will voluntarily dismiss.

### C.     Answers.

After the Track Two plaintiffs filed their *Second* Amended Complaint,[4] defendants filed various motions to dismiss.[5]  Track Two plaintiffs subsequently filed a *Third* Amended Complaint,[6] but the docket does not show any defendant filed any pleading or motion in response.  Some defendants recently withdrew their earlier motions to dismiss the *Second* Amended Complaint, asserting those motions became moot once the plaintiffs filed their *Third* Amended Complaint.[7]

To ensure the pleadings are fully joined, the Court **ORDERS** that the distributor and pharmacy defendants in the Track Two cases who are not severed shall file answers and defenses to the Third Amended Complaint within 28 days of the date of this Order.  To be clear, the requirement of filing an answer to the Third Amended Complaint does *not* apply to: (1) the severed

---

[3] Put differently, the Court will not suggest remand of the Track Two cases unless plaintiffs dismiss at least count two (RICO marketing enterprise), count four (negligence), count five (violation of West Virginia Controlled Substances Act), and count six (unjust enrichment).  The Court suspects the claim for punitive damages (count eight) is not actually an independent claim, but instead derives from other claim; if not independent, it should be dropped.

[4] *See* case no. 17-OP-45053, docket no. 133.

[5] *See* case no. 17-OP-45053, docket nos. 144, 145, 146, 147, 149, 150, 154.

[6] *See* case no. 17-OP-45053, docket nos. 194.

[7] *See* case no. 17-OP-45053, docket nos. 230 & 231.

manufacturer or PBM defendants; or (2) the soon-to-be-severed distributor or pharmacy defendants that plaintiffs identify pursuant to subparagraph A above.

The Court will not entertain motions to dismiss pursuant to Fed. R. Civ. P. 12(b) or 12(c). *See* docket no. 2940 at 4. To the extent there are legal issues that need to be addressed, this Court or the transferor Court will address them via summary judgment motions.

**D.    Discovery.**

In addition to the Suggestion of Remand, the Court also recently filed a case management order ("CMO") for "Track One-B," which will address claims by Cuyahoga County and Summit County against the pharmacy defendants. *See* docket no. 2940. The CMO states that Special Master Cohen will oversee discovery in Track One-B. He will also oversee discovery in the Track Two cases until they are remanded.

The Suggestion of Remand noted that "the Court expects discovery in the Track Two cases will overlap with discovery in [Track One-B]," (docket 2941 at 8 n.6), given that both cases name pharmacy defendants and bring similar claims. The Court is aware that the parties disagree regarding the temporal and geographic scope of transactional data, which is a part of "Category Two Discovery." *See* Discovery Ruling No. 2 (docket no. 693) at 4 (defining Category Two Discovery). The Court will generally leave resolution of discovery matters to the Special Master, but resolves one issue here. Defendants assert the geographic scope should be limited to the plaintiff-county jurisdictions, as was the case with Track One. Plaintiffs counter that the geographic scope of transactional data should be broadened to be national, or at least to include the entire states of Ohio, West Virginia, Kentucky, and Florida. Plaintiffs argue this scope is necessary to derive valid

statistics showing how each pharmacy within the plaintiff-jurisdictions compares generally to all pharmacies regarding: (1) prescriptions for controlled-drugs versus non-controlled-drugs; (2) prescriptions paid for with cash versus insurance, (3) prescriptions written by local versus remote physicians, and (4) prescriptions filled by local versus remote patients. Plaintiffs assert these statistics will reveal whether and the extent to which the Pharmacy defendants breached various duties, and plaintiffs explain that only a much-larger geographic scope will allow valid comparisons between the plaintiff-jurisdictions and the national norm. In reply, defendants object that plaintiffs' proposed geographic scope increases their discovery burden dramatically, while the additional information is marginally relevant, if at all.

The Court concludes the appropriate geographic scope of discovery of transactional data should be for the states of Ohio, West Virginia, and Kentucky.[8] This scope is both sufficient and necessary for plaintiffs and defendants, and also appropriate within the context of this MDL and the simultaneous advancement of both the Track One-B and the Track Two trials.

Finally, the Court directs Special Master Cohen to meet promptly with the parties to set Track Two case management deadlines. The Court observes it may be necessary and salutary to set separate deadlines for distributor defendants and pharmacy defendants, given the different scope of necessary discovery going forward for each defendant category.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** November 21, 2019

---

[8] Notably, the Track Two plaintiffs – Cabell County and Huntington, West Virginia – lie at the intersection of the borders of these three states.