| | |
|---|---|
| **From:** | Kate Swift |
| **To:** | Pete Weinberger; Linda Singer; Hunter Shkolnik |
| **Cc:** | 2804 Discovery, MDL; xalldefendants-mdl2804-service@arnoldporter.com |
| **Subject:** | MDL 2804 - pharmacy priority requests |
| **Date:** | Monday, December 2, 2019 5:41:00 PM |
| **Attachments:** | 20191126 CT1B Combined Discovery Requests to Plaintiffs re Dispensing.pdf |

Pete, Linda, and Hunter,

The pharmacies in Track 1B have identified the following small set of previously served discovery requests that we ask you to respond to as quickly as possible: Combined Requests No. 1, 3, 9, 12, and 13.

These requests are all included in the attached Combined Discovery that we previously served—none of them are new. Plaintiffs have asserted that requests almost identical to these are central to plaintiffs' causes of action relating to dispensing practices. We therefore assume that plaintiffs have already begun to retrieve this information and should be in a position to produce it in short order and/or tell us when disclosure/production will occur.

Please let us know.

Kate

## BartlitBeck LLP

Katherine M. Swift | p: 312.494.4405 | c: 773.531.6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio,* et al. *v. Purdue Pharma L.P., et al.*, Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio,* et al. *v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45004<br><br>Track 1B | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS
REGARDING DISPENSING TO PLAINTIFFS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, as well as the local rules and Orders of this Court, the Pharmacy Defendants[1] request that each Plaintiff in the above-captioned civil actions individually respond to the following Combined Discovery Requests in accordance with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Ohio, this Court's Case Management Orders, and any other applicable law or rules, within thirty (30) days of the service of these Requests.

If any Plaintiff finds any term or other aspect of any of the Requests vague, ambiguous, or otherwise objectionable and intends to so object, counsel for the Pharmacy Defendants offer to meet promptly with counsel for that Plaintiff to endeavor to resolve any issues.

---

[1] The Pharmacy Defendants are CVS Pharmacy, Inc., CVS Rx Services, Inc., Ohio CVS Stores, L.L.C., CVS Indiana, L.L.C., Discount Drug Mart, Inc., HBC Service Company, Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Walgreen Co., and Walgreen Eastern Co.

## DEFINITIONS

1. "Plaintiff" and "You" means each of the individual Plaintiffs named in this action, i.e., Cuyahoga and Summit Counties, including without limitation each Plaintiff's agencies, offices, departments, divisions, commissions, agents, employees, boards, agents, instrumentalities, vendors, administrators, executive and legislative branches, and any other person or entity acting on behalf of or controlled by each Plaintiff. "Plaintiff" further includes without limitation any healthcare systems or facilities owned, affiliated, operated, or supported by or with Plaintiff. When the pronouns "You" or "Your" are used, the antecedent is each individual responding Plaintiff.

2. "Document" is defined to be synonymous in meaning and equal in scope to the meaning of this term in Fed. R. Civ. P. 34. A draft or non-identical copy is a separate Document within the meaning of this term. In all events, the definition of "Document" shall include "Communication," as defined below.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communication, includes any Document evidencing such oral Communication. It includes the transmittal of information by any means, including email, SMS, MMS or other "text" messages, social media messages, shared applications from cell phones, or by any other means. "Communication" also shall include without limitation all originals and copies that are provided by You or to You by others.

4. "Relevant Time Period," for purposes of these requests, means the time period during which You claim any Pharmacy Defendant engaged in any conduct for which You seek damages, or such time period as the parties stipulate or the Court determines should apply to each side's discovery requests in this action.

5. "Prescription Opioids" means FDA-approved pain-reducing medications that

consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in Ohio only through prescriptions filled by dispensers duly licensed and regulated.

6. "Affiliated with" means owned, funded, supported, controlled by, or located on premises owned, funded, supported, controlled, or donated by Plaintiffs.

7. "Geographic area" means Cuyahoga and Summit counties.

### INSTRUCTIONS

1. These Requests require supplemental responses to the extent required by the Federal Rules of Civil Procedure. These Requests shall be deemed to be a continuing request for supplemental responses pursuant to said Rules.

2. To the extent that You object to any of these Requests, answer as much of each such Request for which there is no objection, and state each basis for all objections made.

3. You are requested to furnish all responsive information within Your custody, possession, or control, including all information in the custody, possession, or control of anyone acting in cooperation or concert with You or on Your behalf, and all information available to You upon reasonable inquiry. To the extent You cannot answer a Request fully because of a lack of information, please answer those parts of the Request about which You do have knowledge, and identify those parts that You cannot answer fully.

4. If any document that You would have identified in response to any Request was, but is no longer, in Your possession or subject to Your control, in addition to all of the information requested above of which You have knowledge, state the present location of the document.

5. Regarding any information requested that is not within Your personal knowledge, but as to which You have been informed or have formed a belief, state that such information is furnished on information and/or belief, and state the source(s) of Your information and/or the grounds for Your belief.

6. All references to defined terms shall have the same meaning regardless of whether they are capitalized.

7. Each Plaintiff must individually respond to each of these Requests.

**REQUESTS**

1. Please identify each prescription which you contend (i) supports Your claims in this case, (ii) caused harm for which You seek to recover in this case, or (iii) should not have been filled. For each prescription, identify the drug name, prescription number, NDC number, date filled, quantity dispensed, dosage form, days' supply, MME, prescriber's name, prescriber's DEA number, dispensing pharmacist, dispensing pharmacy, patient's unique identification number, patient's state of residence, number of refills authorized (if any), diagnostic code, method of payment, patient paid amount, whether the prescription was covered by third-party payers, and any other fields identified following a meet and confer with counsel for the Pharmacy Defendants.

2. Please identify all pharmacies that, during the Relevant Time Period, were owned, operated, funded, supported by, or affiliated with You, including any public healthcare systems or facilities, and provide each pharmacy's current (and any former) name, address, DEA registration number, opening date, and, where relevant, closing date.

3. Please identify all pharmacists, pharmacy managers, and pharmacy technicians who were employed by, compensated by, or otherwise worked in a pharmacy owned, operated, funded, supported by, or affiliated with You (including any public healthcare systems or

4

facilities) during the Relevant Time Period.  For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

4. Please identify each instance in which a pharmacist or pharmacy technician employed by, compensated by, or who otherwise worked in a pharmacy owned, operated, funded, supported by, or affiliated with You (including any public healthcare systems or facilities) was involved in the diversion of Prescription Opioids during the Relevant Time Period, including without limitation the improper prescribing or filling of prescriptions for Prescription Opioids.  For each instance, identify the person, the nature of her or his involvement in the diversion, and the date of the diversion.

5. Please identify each instance during the Relevant Time Period in which You communicated with any pharmacy in Your geographic area about Prescription Opioids.  This includes without limitation each instance You notified any pharmacy in Your geographic area that You suspected or believed Prescription Opioids were being diverted from it, as well as each instance a pharmacist in Your geographic area notified You or anyone acting on Your behalf that the pharmacist suspected or believed Prescription Opioids were being diverted.  For each such communication, identify the pharmacist or pharmacy with which You had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

6. Please identify each prescription and/or any prescriber of opioids that You refused to fill and/or each prescription You determined was not issued for a legitimate medical purpose, including prescriptions presented to any pharmacy You owned, operated, funded, supported, or were otherwise affiliated with during the Relevant Time Period.  Produce all documents, communications, and reports related thereto including all communications with the DEA and the

5

Ohio Board of Pharmacy and any other government agency. Such documents shall also include any review, investigations, or internal or external audits of such prescriptions, prescribers, or dispensing practices related thereto.

7. Please identify each administrative action or investigation taken by the United States Drug Enforcement Agency ("DEA"), the Ohio Board of Pharmacy, and/or any other law enforcement agencies against You (including against any pharmacies You owned, operated, funded, supported, or were otherwise affiliated with) arising out of the dispensing of prescription opioids, and produce all documents and communications with and about the agencies' investigations.

8. Please identify any complaints, formal or informal, that You received, or that any pharmacist, prescriber, or other healthcare provider employed, funded by, or affiliated with You received, regarding any prescriber or other healthcare provider, or any pharmacy or pharmacist, related to Prescription Opioids, including but not limited to complaints regarding the refusal to prescribe or dispense Prescription Opioids. For each communication, please identify the date of the communication, who the communication was from, to whom the person communicated the complaint, describe the substance of the communication, and produce all documents related thereto.

9. Please identify any communication between You and the Ohio Board of Pharmacy, the Ohio Board of Medicine, the DEA, and/or any other regulatory or law enforcement agency relating to any prescriber, healthcare provider, pharmacist, or pharmacy involved in the prescription or dispensing of Prescription Opioids, including but not limited to communications regarding the requirements for the filling of prescriptions for Prescription Opioids.

10. Please identify each physician and other healthcare provider employed, funded by, or affiliated with You who improperly issued a prescription for Prescription Opioids during the Relevant Time Period. For each such physician and other healthcare provider, state whether their DEA registration and/or state license was valid at the time of each allegedly improper prescription, and identify and produce any notice or communication that You or any third party provided to the Pharmacy Defendants regarding the improper prescribing.

11. Please identify each element and amount of damages You allege was caused by any improper dispensing of Prescription Opioids by any Defendant during the Relevant Time Period, and for each such element and amount state how it is different from Your claimed distribution damages.

12. Please produce all dispensing data related to the dispensing of opioids at each pharmacy You have owned, funded, supported, been affiliated with, and/or operated at any time in the Relevant Time Period. For each prescription, identify the drug name, prescription number, NDC number, date filled, quantity dispensed, dosage form, days' supply, MME, prescriber's name, prescriber's DEA number, dispensing pharmacist, dispensing pharmacy, patient's unique identification number, patients state of residence, number of refills authorized (if any), diagnostic code, method of payment, patient paid amount, whether the prescription was covered by third-party payers, and any other fields identified following a meet and confer with counsel for the Pharmacy Defendants.

13. Please produce transactional data for each pharmacy You have owned, funded, supported, been affiliated with, and/or operated at any time in the Relevant Time Period, with sufficient detail to determine by year: (a) the actual number of controlled substances dispensed, and the actual number of non-controlled substances dispensed; (b) the ratio of controlled

7

substances dispensed to non-controlled substances dispensed; and (c) the ratio of payments for opioid and "cocktail" prescriptions paid in cash to those paid by a third-party payer.

14. Please produce all policies, procedures, and training materials regarding the proper dispensing of controlled substances for each pharmacy You have owned, funded, supported, been affiliated with, and/or operated at any time in the Relevant Time Period. If such policies and procedures and training materials have been changed, altered, or amended, please provide all such versions and any related communications regarding such changes.

15. Please produce all documents related to Your systems and programs to monitor and identify potentially suspicious prescriptions and/or dispensing patterns for each pharmacy You have owned, funded, supported, been affiliated with, and/or operated at any time in the Relevant Time Period, including all assessments, audits, or other reviews of prescribing and/or dispensing patterns.

16. Please produce all audits, reviews, or other assessments of Your compliance with state and federal laws and regulations and professional standards regarding the dispensing of controlled substances for each pharmacy You have owned, funded, supported, been affiliated with, and/or operated at any time in the Relevant Time Period, whether conducted internally or conducted or provided by an external vendor.

17. Please produce all DEA Forms 224 (New Pharmacy Registration), all DEA Forms 224a ("Renewal of Pharmacy Registration"), all DEA Forms 224b ("Affidavit for Renewal of Retail Chain Pharmacy Registration"), and Your DEA registration certificate for all pharmacies You owned, operated, supported, or were otherwise affiliated with during the Relevant Time Period, and all documents related thereto.

18. Please produce all documents and communications for each pharmacy You have owned, funded, supported, been affiliated with, and/or operated at any time in the Relevant Time Period, related to pharmacy staffing, performance metrics, prescription quotas, accuracy rates, customer satisfaction, pharmacy profitability, and all compensation and bonus information related to these criteria.

19. Please produce all documents in Your possession, custody, and/or control (including documents from each pharmacy You have owned, funded, supported, been affiliated with, and/or operated at any time in the Relevant Time Period) related to any physician engaged in diversion and or inappropriate prescribing of opioids, including but not limited to documents related to the following:

- **Adolph Harper Jr.** (OH MD license #35.044503) formerly practicing medicine at 2569 Romig Rd., Akron, Summit County, OH.

- **Brian Heim** (OH MD license #35.071122) formerly practicing medicine at 3562 Ridge Park Drive, Suite A, Akron, Summit County, OH.

- **Syed Jawed Akhtar-Zaidi** (OH MD license #35.068528) formerly practicing medicine at 34055 Solon Rd. 210, Solon, Cuyahoga County, OH.

- **Maged Fouad** (OH MD license #35.092644) formerly practicing medicine at 1934 Niles Cortland Rd. NE, Suite B, Warren, Trumbull County, OH.

- **Jerome Yokiel** (OH MD license #35.059140) formerly practicing medicine at 3755 Orange Pl., Suite 103, Beachwood, Cuyahoga County, OH.

- **Lorenzo Lalli** (OH MD license #35.055703) formerly practicing medicine at 18099 Lorain Ave., Suite 312, Cleveland, Cuyahoga County, OH.

- **Frank Lazzerini** (OH MD license #35.092741) formerly practicing medicine at 7452 Fulton Dr. NW, Massillon, Stark County, OH.

- **Ronald Celeste** (OH MD license #35.066648) formerly practicing medicine at 29099 Health Campus Dr. 370, Westlake, Cuyahoga County, OH.

- **Christopher Stegawski** (OH MD license #35.044751) formerly practicing medicine at 4322 Airway Rd. Dayton, Montgomery County, OH.

- **Guang Yang** (OH MD license #35.088219) formerly practicing medicine at 2215 E Waterloo Rd. Ste 313, Akron, Summit County, OH.

- **James Bressi** (OH MD license #34.004592) formerly practicing medicine at 4302 Allen Rd. Suite 300, Stow, Summit County, OH.

20. Please produce all documents related to any potential dispensing and/or prescribing and/or pharmacist misconduct You investigated or discovered in CT1 and the investigation and corrective action You undertook.

Date:  November 26, 2019

Respectfully submitted,

/s/   Kaspar Stoffelmayr
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

/s/   Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP

10

1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc., CVS Rx Services, Inc., Ohio CVS Stores, L.L.C., and CVS Indiana, L.L.C.*


/s/   Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center*


/s/ Timothy D. Johnson
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
1300 East Ninth Street – 20th Fl.
Cleveland, Ohio 44114
(216) 621-7860
(216) 621-3415 Fax
tjohnson@cavitch.com

*Counsel for Defendant Discount Drug Mart, Inc.*

11

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: slivingston@marcus-shapira.com
E-mail: kobrin@marchus-shapira.com

*Counsel for HBC Service Company*

## CERTIFICATE OF SERVICE

I certify that on this 26th day of November, 2019, the foregoing has been served via email on the following:

Peter H. Weinberger, pweinberger@spanglaw.com

Linda Singer, lsinger@motleyrice.com

Hunter Shkolnik, hunter@napolilaw.com

mdl2804discovery@motleyrice.com

xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

<i>/s/ Katherine M. Swift</i><br>Katherine M. Swift

<i>Attorney for Walgreen Co. and Walgreen Eastern Co.</i>