**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** <br><br> THIS DOCUMENT RELATES TO: <br><br> ALL CASES | MDL No. 2804 <br><br> Case No. 1:17-md-2804 <br><br> Judge Dan Aaron Polster |

**MOTION FOR ORDER PROHIBITING EX PARTE COMMUNICATIONS**

The Pharmacy Defendants[1] hereby move for an order prohibiting *ex parte* communications with the Court or any special master.

As the Sixth Circuit has explained, it is "a gross breach of the appearance of justice" and "a dangerous procedure" for a party's adversary to be "given private access to the ear of the court." *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992). "Regardless of the propriety of the court's motives in such a case . . . the practice should be discouraged since it undermines confidence in the impartiality of the court." *Id.* (quotation marks omitted); *see also United States v. Lanier*, 748 F. App'x 674, 678 (6th Cir. 2018) (noting that "*ex parte* communications should be avoided"); *In re Kensington Int'l Ltd.*, 368 F.3d 289, 311 (3d Cir. 2004) (describing *ex parte* contacts as "anathema in our system of justice"). Indeed, "[i]f judges engage in *ex parte*

---

[1] Pharmacy Defendants are: CVS Pharmacy, Inc., CVS Rx Services, Inc., Ohio CVS Stores, L.L.C., CVS Indiana, L.L.C., Walgreen Co., Walgreen Eastern Co., Discount Drug Mart, Inc., Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., Giant Eagle, Inc., HBC Service Company, The Kroger Co. and Walmart Inc.

conversations with the parties or outside experts, the adversary process is not allowed to function properly and there is an increased risk of an incorrect result." *Kensington*, 368 F.3d at 310.

Accordingly, Canon 3(A)(4) of the Code of Conduct for United States Judges instructs that "a judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers." This prohibition applies to special masters as well.[2] *See* Fed. R. Civ. P. 53, Advisory Committee's Note, 2003 amendments ("Masters are subject to the Code of Conduct for United States Judges, with exceptions spelled out in the Code."); *In re Oral Sodium Phosphate Sol.-Based Prod. Liab. Action*, 2009 WL 2601395, at *3 (N.D. Ohio Aug. 24, 2009) ("*[E]x parte* communications [between the special master and the parties] shall not, however, address the merits of any substantive issue [without] the prior permission of those opposing counsel who are pertinent to the particular dispute."); *In re Welding Rod Prod. Liab. Litig.*, 2004 WL 3711622, at *4 (N.D. Ohio Nov. 10, 2004) (same); *see also e.g.*, *Tinto v. Vale*, 2015 WL 4367250, at *2 (S.D.N.Y. July 15, 2015) ("The Special Master may not communicate *ex parte* with the parties (except to arrange scheduling matters) without the consent of all parties."); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2011 WL 5038849, at *4 (E.D. La. Oct. 24, 2011) ("*[E]x parte* communications shall not, however, address the merits of any substantive issue."); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, Prod. Liab. Litig.*, 2010 WL 3260180, at *4 (C.D. Cal. Aug. 13, 2010) ("The Special Masters may not communicate *ex parte* with the parties regarding pending matters requiring adjudication by the Special Masters, unless the parties have consented in writing. Otherwise, the Special Masters may only

---

[2] Code of Conduct for United States Judges, Compliance With The Code Of Conduct (B)(1) (exempting special masters from compliance with certain Canons, but reflecting that Canon 3(A)(4) applies to them). *See also* Code of Conduct, Introduction ("Certain provisions of this Code apply to special masters and commissioners as indicated in the 'Compliance' section.").

2

communicate *ex parte* with the parties concerning purely administrative matters, such as availability for hearing dates.").

The Pharmacy Defendants therefore request an order prohibiting all *ex parte* communications with the Court or any special master. The Pharmacy Defendants do not object if the order contains the following exceptions, which are set forth in Canon 3(A)(4) of the Code of Conduct for United States Judges:

1) "when circumstances require it, … for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication"; and

2) to "obtain the written advice of a disinterested expert on the law, but only after giving advance notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received."

Nor would the Pharmacy Defendants object to a third exception to allow for "in camera review of documents to resolve privilege questions." Fed. R. Civ. P. 53, Advisory Committee's Note, 2003 amendments.

All other *ex parte* communications, however, must be prohibited. The order must bar, without limitation, *ex parte* communications on any disputed or potentially disputed issue, *ex parte* communications on any legal, factual, or discovery issue, and *ex parte* communications on all case management subjects such as case management orders, discovery deadlines, trial dates, case tracks, remands, and amendments.

Likewise, the order must bar *ex parte* communications on settlement.  Canon 3(A)(4) of the Code of Conduct for United States Judges only permits *ex parte* communications relating to settlement when the parties consent.[3]  The Pharmacy Defendants do not consent.[4]

To the extent that Section II.B of the Appointment Order entered by the Court conflicts with the relief requested herein, ECF No. 69 at 3, the Pharmacy Defendants request that it be amended accordingly.

A proposed order is attached.

Dated:  December 3, 2019                                 Respectfully Submitted,

/s/    Kaspar Stoffelmayr (consent)          /s/    Eric R. Delinsky
Kaspar Stoffelmayr                                  Eric R. Delinsky
BARTLIT BECK LLP                                Alexandra W. Miller
54 West Hubbard Street, Suite 300         ZUCKERMAN SPAEDER LLP
Chicago, IL 60654                                    1800 M Street, NW
Phone: (312) 494-4400                            Suite 1000
Fax: (312) 494-4440                                 Washington, DC  20036
E-mail: kaspar.stoffelmayr@bartlit-beck.com    Phone: (202) 778-1800
                                                                   Fax: (202) 822-8106
*Counsel for Walgreen Co. and Walgreen*      E-mail: edelinsky@zuckerman.com
*Eastern Co.*                                           E-mail: smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc., CVS Rx Services, Inc., Ohio CVS Stores, L.L.C., and CVS Indiana, L.L.C.*

---

[3] Canon 3(A)(4) states that a judge may "*with the consent of the parties*, confer separately with the parties and their counsel in an effort to mediate or settle pending matters." (emphasis added).

[4] The Pharmacy Defendants would not necessarily object to *ex parte* settlement communications if there were a dedicated settlement judge and/or a dedicated settlement master, who performed no litigation role and who was walled off from the judges and/or masters presiding over the litigation.

4

/s/   Timothy D. Johnson (consent)
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN,
CO. LPA
Twentieth Floor
1300 East Ninth Street – 20th Fl.
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
E-mail: tjohnson@cavitch.com

*Counsel for Discount Drug Mart, Inc.*


/s/   Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: slivingston@marcus-shapira.com
E-mail: kobrin@marchus-shapira.com

*Counsel for Giant Eagle, Inc. and HBC Service Company*

/s/   Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center and Rite Aid of Ohio, Inc.*

/s/   Ronda L. Harvey (consent)
Gerard R. Stowers (WVSB #3633)
Ronda L. Harvey (WVSB 6326)
Fazal A. Shere (WVSB #5433)
BOWLES RICE LLP
600 Quarrier Street (25301)
Post Office Box 1386
Charleston, West Virginia 25325-1386
Phone: (304) 347-1100
Fax: (304) 347-1756
E-mail: gstowers@bowlesrice.com
E-mail: rharvey@bowlesrice.com
E-mail: fshere@bowlesrice.com

*Counsel for The Kroger Co.*

/s/  Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*