UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: "*Track One-B Cases*" | ) ) ) | |
| | ) ) ) | ORDER REGARDING <u>SCOPE OF TRACK ONE-B</u> |

Last week, the Court met with the parties to discuss the "Track One-B" trial, which is set for October 13, 2020 against certain Pharmacy Defendants. *See* Track One-B Case Management Order ("CMO-1B") (docket no. 2940) at 5. The Court now enters this Order amending CMO-1B and clarifying the scope of discovery.

At last week's conference, the Track One Plaintiffs stated that, although they had not done so in their earlier position statement, they intended to designate defendant Walmart as a non-severed party, so that the Track One-B trial would include claims against Walmart as well as the other Pharmacy Defendants. *Compare id.* at 2 (noting Plaintiffs had "sever[ed] all defendants except CVS, Rite Aid, Walgreens, HBC, and Discount Drug Mart"). In response, the Court: (1) stated it would permit Plaintiffs to amend their designation and include Walmart as a defendant, and (2) asked the parties to meet and confer and let the Court know whether this was Plaintiffs' definite plan. Plaintiffs have since indicated to Special Master Cohen they do intend to proceed against Walmart in the Track One-B trial. CMO-1B is amended accordingly: the Track One-B trial will

address Plaintiffs' absolute public nuisance and civil conspiracy claims against CVS, Rite Aid, Walgreens, Walmart, HBC, and Discount Drug Mart.

The parties also discussed with the Court the scope of discovery. The Court indicated it did not believe the temporal scope of discovery of defendants' transactional data needed to extend backwards to 1996. Upon further reflection, however, the Court concludes the scope of this type of discovery against the Pharmacy Defendants should be essentially identical to the scope of discovery that was obtained from the Distributor Defendants in Track One. This is in keeping with the normal role of an MDL court overseeing centralized discovery in a case of national reach.

The ARCOS data that the Court ordered the government to produce in Track One, which included distribution data from all of the Distributor Defendants, extended backwards to 1996 and was national in scope.[1] Accordingly, the Pharmacy Defendants shall produce transactional dispensing data for the entire United States from 1996 forward. As quickly as possible, the Pharmacy Defendants shall first produce Ohio data; then nearby regional data, including West Virginia and Kentucky; and then roll out data for the rest of the country. If it is less expensive or quicker, defendants may simply produce all regional or national data at once.

Special Master Cohen will oversee this discovery, as well as all other discovery in Track

---

[1] The ARCOS data included *distribution* transactional data for the Pharmacy Defendants in their role as "self-distributor," but did not include *dispensing* transactional data. *See* Discovery Ruling No. 8 at 1 (docket no. 1055) ("'distribution' involves movement of opioid products from (for example) a warehouse to a specific pharmacy, while 'dispensing' refers to the 'final step' in the distribution process, from the pharmacy to an individual patient").

One-B, and shall ensure as best as possible that the dates listed in CMO-1B will not need to be amended.

    **IT IS SO ORDERED.**

<u>*/s/ Dan Aaron Polster*</u>
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 10, 2019