**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: | ) | |
| *"All Cases"* | ) ) | |
| | ) | DISCOVERY RULING NO. 14, PART 11 |
| | ) | REGARDING CARDINAL PRIVILEGE |
| | ) | CLAIMS ON DELOITTE DOCUMENTS |

**AGENDA ITEM NO. 195**

During Track One discovery, defendant Cardinal Health withheld production of certain documents based on attorney-client privilege. These included documents drafted by and/or received by Cardinal's third-party consultant Deloitte Consulting LLP ("Deloitte"). Plaintiffs challenge a number of those. The parties agreed to submit a sampling of the challenged documents to the Special Master for *in camera* review, and submitted letter briefs in support of their positions. Having considered these submissions carefully, the Special Master now rules on the challenged documents as shown in the chart below.

## I.       Legal Standards.

The Special Master earlier set forth the applicable legal standards and incorporates them by reference.[1] Most prominently, the Special Master's decisions below are based on the distinction between legal advice and business advice, applying the principal that compliance with regulations is usually a business matter, not a legal one. *See Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or

---

[1] *See* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, 1666, 1678, & 2968 ("Discovery Rulings No. 14, Part x").

to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business advice.") (internal quotation marks and citations omitted, emphasis in original); *Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000).[2] "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)).

## II.     Rulings Chart.

| Doc. No. | Cardinal Priv. Log. No. | Date | Special Master Ruling |
|---|---|---|---|
| 1 | DC_PRIV_00000044 | 1/10/2012 | Cardinal must produce, as it contains business- and not legal-related advice. Ensuring compliance with a prior MOA is not action in anticipation of litigation.[3] |
| 2 | DC_PRIV_00000053 | 4/29/2008 | Cardinal must produce, as it contains business- not legal-related advice. |
| 3 | DC_PRIV_00000282 | 4/2/2009 | Cardinal must produce, as it contains business- not legal-related advice. |
| 4 | DC_PRIV_00000286 | 11/19/2008 | Cardinal must produce, as it contains business- not legal-related advice. |

---

[2] As was the case with defendant H.D. Smith in Discovery Ruling No. 14-10, Cardinal's *bald allegations* that certain documents were created in anticipation of litigation does not carry its burden of showing privilege applies. *See* DR 14-10 (docket no. 2968) at 4-5 ("The documents themselves do not refer to, or even hint that they relate to, any litigation, and Smith offers no other contemporaneous documents suggesting otherwise, either. The mere fact that the Documents were created and exchanged contemporaneously with ongoing legal proceedings does not establish they were created in anticipation of litigation or for trial.").

[3] *See* Discovery Ruling No. 14, Part 8 at 5-6 (Doc. # 1666) (although a party may face legal action from the DEA if it breaches a settlement agreement, "it does not follow that every subsequent effort by an attorney to assess the party's conformity with the agreement's terms is undertaken in anticipation of litigation").

| 5 | DC_PRIV_00000287 | 11/3/2008 | Cardinal must produce, as it contains business- not legal-related advice. |
| 6 | DC_PRIV_00000299 | 10/27/2008 | Cardinal must produce, as it contains business- not legal-related advice. |
| 7 | DC_PRIV_00000304 | 3/30/2009 | Cardinal must produce, as it contains business- not legal-related advice. |
| 8 | DC_PRIV_00000324 | 8/22/2008 | Privilege applies and document may be withheld. |
| 9 | DC_PRIV_00000334 | 10/23/2008 | Cardinal must produce, as it contains business- not legal-related advice. |
| 10 | DC_PRIV_00000796 | 7/12/2012 | Cardinal must produce, as it contains business- not legal-related advice. |
| 11 | DC_PRIV_00000888 | 3/24/2012 | Privilege applies and document may be withheld. |
| 12 | DC_PRIV_00000891.001 | 2/20/2012 | Privilege applies and document may be withheld. |
| 13 | DC_PRIV_000001086 | 3/29/2012 | Cardinal must produce, as it contains business- not legal-related advice. |
| 14 | DC_PRIV_000001140 | 5/31/2012 | Cardinal must produce, as it contains business- not legal-related advice. |
| 15 | DC_PRIV_000001198 | 2/13/2012 | Cardinal must produce, as it contains business- not legal-related advice. |
| 16 | DC_PRIV_000001224 | 5/2/2012 | Cardinal must produce, as it contains business- not legal-related advice. |
| 17 | DC_PRIV_000001233 | 11/22/2011 | Privilege applies and document may be withheld. |
| 18 | DC_PRIV_000001366 | 1/18/2012 | Cardinal must produce, as it contains business- not legal-related advice. |

## III.    Waiver.

The Special Master adds the following in further explanation of the above-listed rulings. Plaintiffs argue that "[a]ll of the privilege claims at issue involve one or more third parties, and as such any potential privilege has been waived."[4]  Put differently, plaintiffs assert that, because many of the documents at issue were shared by Cardinal or its counsel with third parties, Cardinal has waived any claim of privilege.

---

[4] Plaintiffs' letter brief by M. Fuller, dated September 25, 2019.

The Special Master does not accept this unqualified assertion of waiver.  Although previous Discovery Rulings have noted that privilege is waived by "voluntary disclosure of private communications by an individual or corporation to third parties," *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996),[5] Cardinal is correct when responding that the "privilege [still] applies to . . . agents of an attorney who are assisting in rendering legal advice to the client."[6]  *See In re Behr Dayton Thermal Prods., LLC*, 298 F.R.D. 369, 373 (S.D. Ohio 2013) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 394-95 (1981)).  Cardinal's submissions include a consulting agreement between Cardinal and Deloitte, pursuant to which Deloitte serves as Cardinal's agent for purposes relevant to the subject matter of the disputed documents.  The Special Master has carefully reviewed this agreement and concludes that, with respect to the documents deemed privileged herein, Cardinal did not waive the privilege by virtue of sharing those documents with Deloitte, as Deloitte's work contributed to the subject matter of those documents.

---

[5] *See* Discovery Ruling No. 14, Part 1 at 2 (Doc. # 1321).
[6] Cardinal's letter brief by N. Wadhwani, dated November 8, 2019.

## IV. Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before Monday, December 16, 2019.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: December 10, 2019**