UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: *"Track One Cases"* | ) ) ) | |
| | ) ) ) | ORDER REGARDING TRACK ONE <u>SETTLEMENT FUNDS</u> |

Several defendants recently reached pre-trial monetary settlements with Cuyahoga and Summit Counties ("the Track One Plaintiffs"). The Court understands these defendants have made or will soon be making their settlement payments.

The Court has been weighing whether it is appropriate to enter an order addressing the issue of MDL common benefit fees and expenses; and if so, the appropriate "hold-back" assessment amount.[1]  The Court has not yet reached a decision on these issues. Accordingly, in order to: (1) ensure that any eventual common benefit assessment remains payable from settlement funds received by the Track One Plaintiffs; and (2) provide to the Track One Plaintiffs and their counsel

---

[1] *See, e.g., In re Gadolinium-Based Contrast Agents Prods. Liab. Litig.*, case no. 08-GD-50000, docket no. 277 (N.D. Ohio Feb. 20, 2009) (setting a 6% common benefit assessment – 5.0% for fees and 1.0% for expenses); *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 919 n.19 (N.D. Ohio 2003) (setting a 5.5% common benefit assessment – 4.8% for fees and 0.7% for expenses); *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 2012 WL 6923367 at *1 (E.D. Pa. Oct. 19, 2012) (awarding common benefit fees and expenses after having set a 7% assessment); *In re Vioxx Prods. Liab. Litig.*, 760 F.Supp.2d 640, 661 (E.D. La. 2010) (awarding 6.5% of the total settlement amount for common benefit fees).

assurance that they may use their settlement funds, despite not knowing whether they may later owe an assessment; the Court now **ORDERS** as follows:

Each of the Track One Plaintiffs shall place into escrow 7.5% of any settlement funds they receive or received from any defendant in this case. The Court will not ever require the Track One Plaintiffs or their counsel to pay any common benefit assessment from the remaining 92.5% of their settlement funds.

The Court notes this Order is *not* meant to indicate it is considering an 7.5% common benefit assessment; rather, the 7.5% figure is chosen as a very conservative escrow amount. If the Court later enters a common benefit order, the Track One Plaintiffs will pay their common benefit assessment from this escrow account, and their escrow obligation will be replaced by their common benefit obligations. If the Court later determines it will impose a lower common benefit assessment than 7.5% (or no assessment), then the Track One Plaintiffs shall pay that assessment to the common benefit fund and will be free to spend any remaining difference.

Counsel for the Track One Plaintiffs shall, of course, calculate any contingent fees accordingly.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 11, 2019