# Exhibit H

## Leeder, Bill

| | |
|---|---|
| **From:** | Leeder, Bill |
| **Sent:** | Tuesday, August 6, 2019 5:07 PM |
| **To:** | 'Anthony Irpino'; Padgett, William; Josh Gay |
| **Cc:** | Pearl Robertson; Matsoukas, Kathleen (Kathleen.Matsoukas@btlaw.com) |
| **Subject:** | RE: EXTERNAL-H. D. Smith - Notice of Clawback |
| **Attachments:** | H. D. Smith Notice of Clawback -8-5-19.pdf; PSJ9 DeMin Opp Exh 44 HDS_MDL_00218628.pdf |

Anthony,
Per our agreement, H. D. Smith's response to your initial challenge is set forth below. Please note we have included another, related document (PSJ9/Ex. 44), which was the subject of the Notice of Clawback filed on August 5, 2019, as part of our analysis. Both the Notice of Clawback dated August 5, 2019 and the subject document are attached hereto as exhibits. Should you have any questions please let me know.

In order to fully respond to the PEC's challenge, it is important to place each clawback document in the appropriate context. The first document, an e-mail thread dated February 20, 2011 (HDS_MDL_00218623 – HDS_MDL_00218624), reflects the internal discussion among H. D. Smith's management team regarding a memo prepared by H. D. Smith's outside legal counsel, specifically Larry Mackey and Stacy Cook of Barnes & Thornburg (the "B&T Memo"). The second document (HDS_MDL_00218628 – HDS_MDL_00218630) reflects George Euson's typed notes in response to the various issues raised in the B&T Memo. This document reflects the verbatim text from the B&T Memo, and George Euson prepared these notes in anticipation of further discussions with B&T regarding the legal advice outlined therein. Critically, H. D. Smith requested the B&T Memo as it was in the midst of (1) litigating the *Safescript* case in the Eastern District of Michigan; (2) responding to an Administrative Inspection Warrant served by the DEA on H. D. Smith's Kentucky Distribution Center in December 2010; and (3) addressing various concerns raised by the DEA regarding certain customers and issues for the industry generally in Florida. In this setting, it is clear that the request was for primarily, if not exclusively, legal advice to address various concerns raised in the context of litigation and potential enforcement actions. For the following reasons, H. D. Smith respectfully submits that both documents are subject to the attorney-client privilege and work product doctrine because each document reflects specific legal advice provided to H. D. Smith by Barnes & Thornburg.

The PEC argues that DR 14-9 supports its assertion that the clawback documents are not subject to either the attorney-client privilege or the work product doctrine. Special Master Cohen notably sustained Walmart's assertions of privilege for a number of documents at the center of that dispute. Furthermore, the primary case cited in DR 14-9, *Zigler v. All State Co.*, 2007 WL 1087607 (N. D. Ohio Apr. 9, 2007), actually supports H. D. Smith's argument. The *Zigler* court noted that "documents prepared for the purpose of obtaining or rendering legal advice are protected even though the documents also reflect or include business issues." 2007 WL 1087607, *1 *quoting In re OM Securities Litig.*, 226 F.R.D. 579, 587 (N.D. Ohio 2005). The mere fact that business considerations are weighed in the rendering of legal advice does not vitiate the attorney-client privilege. *Id.* Notably, the *Zigler* ultimately held that all of the documents at issue were protected by the attorney-client privilege and work product doctrine because they were either direct communications with counsel or prepared in anticipation of litigation. 2007 WL 1087607, *4. While under some circumstances certain communications concerning compliance with regulations, such as matters involving technical or scientific matters, may be viewed as business advice, legal advice does include advice regarding compliance with the law, including regulations. *Upjohn Co. v. U.S.*, 449 U.S. 383, 394–95 (1981).

1

As set forth above, H. D. Smith requested the B&T Memo as a result of its ongoing litigation of the *Safescript* matter as well as the anticipation of further action from the DEA in Florida and Kentucky. The only "business" aspect of this e-mail is how to apply the legal advice contained in a privileged/work product legal memorandum discussing regulatory compliance and related due diligence issues, and is inextricably tied to that legal advice. A finding of non-privileged status will allow, just because an attorney isn't copied, "reverse engineering" to disclose the substance of clearly privileged legal advice and communications. The primary purpose of the B&T Memo was to obtain legal advice as opposed to business advice, and, therefore, both documents should be clawed back.

The PEC further argues that the "3 persons involved in the communication are all non-attorneys." Simply put, this fact does not undermine the protections provided by either the attorney-client privilege or the work product doctrine. The internal discussions of legal advice from outside counsel are clearly protected:

> The privilege extends to communications among corporate employees that reflect legal advice rendered by counsel to the corporation. *In re Grand Jury 90–1*, 758 F.Supp. 1411, 1413 (D.Colo.1991) (President of the corporation conveyed in a letter to the Board of Directors legal advice he received from outside counsel); *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 518 (D.Conn.) *appeal dismissed*, 534 F.2d 1031, 1032 (2d Cir.1976) ("A privileged communication should not lose its protection if an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation.").

*Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 219 (W.D. Ky. 2006); see also *Smith-Brown v. Ulta Beauty, Inc*, 2019 WL 2644243 (N.D. Ill. June 27, 2019) (holding that internal company communications conveying or discussing legal advice are properly shielded by the attorney-client privilege even when attorneys are not party to those communications). Both documents reflect both the initial discussions of the B&T Memo as well as additional issues to be discussed with Barnes & Thornburg. Again, the attorney-client privilege and work product doctrine apply.

To hold otherwise, H. D. Smith would be forced to affirmatively waive the attorney client privilege and divulge the full extent of its communications with its outside counsel. The B&T Memo and the clawback documents discussing the contents of the B&T Memo, unequivocally reflect the legal advice requested by H. D. Smith as it faced a series of legal challenges, and they cannot be construed as seeking primarily business advice. As such, both documents are subject to the attorney-client privilege and/or the work product doctrine and should be clawed back. A contrary ruling would waive the protections provided by both the attorney-client privilege and the work product doctrine.

**William Leeder** | Of Counsel
Barnes & Thornburg LLP
171 Monroe Avenue, N.W., Suite 1000, Grand Rapids, MI 49503-2694
Direct: (616) 742-3979 | Fax: (616) 742-3999

**BARNES & THORNBURG** LLP

Atlanta | Chicago | Dallas | Delaware | Indiana | Los Angeles | Michigan | Minneapolis | Ohio | Washington, D.C.

**From:** Anthony Irpino <airpino@irpinolaw.com>
**Sent:** Saturday, August 3, 2019 12:08 PM

To: Leeder, Bill <Bill.Leeder@btlaw.com>; Padgett, William <William.Padgett@btlaw.com>; Josh Gay <jgay@levinlaw.com>
Cc: Pearl Robertson <probertson@irpinolaw.com>
Subject: [EXTERNAL]FW: EXTERNAL-H. D. Smith - Notice of Clawback

Bill / Will, we received H. D. Smith's notice of claw-back. We have analyzed the document at issue and do not agree with H. D. Smith's privilege claim. We hereby challenge H. D. Smith's privilege claim over this document.

As an initial matter, the 3 persons involved in the communication are all non-attorneys (George Euson – Director of Corporate Compliance and Security, Thomas Twitty – VP of Operations, and Dave Watkins – CFO), and all are acting in their business roles. Moreover, the communication primarily addresses the business matter of regulatory compliance, which is not entitled to privileged treatment. By way of example, the top email (from Thomas Twitty – VP of Operations) addresses the business decision of enhancing SOMS and the costs/difficulty with same ("while we do need to enhance functionality to look at frequency, size and order patterns, stating that may work against us as the DEA may expect that we already are. The number of visits and investigations that this would cause would be unreasonable...."). These types of privilege claims have been addressed and overruled by SM Cohen, including most recently in DR 14-9 (Doc. 1678) at p. 1 ("the Special Master's decisions are based on the distinction between legal advice and business advice, applying the principal that compliance with regulations is usually a business matter, not a legal one").

As this involves a single document, and since it is an exhibit to multiple briefs which have already been sent out to the Court and the parties, I am asking Josh Gay (copied) to add this item to the current discovery agenda for priority consideration – and I am including your 8/2 notice of claw-back as well as a copy of the clawed-back document at issue (Ex. 654 to PSJ3 / Ex. 45 to PSJ9) – which I ask Josh to include in the submission along with this email.

Bill, if you would like to make an additional submission today (or even tomorrow) to SM Cohen and get it to Josh (while copying us), we are fine with that, however, this matter should be addressed and resolved ASAP.

Josh, please include the attached documents (as well as this email), and put following on the agenda:

### NEW Agenda Item

| | |
|---|---|
| Party: | H. D. Smith |
| New / Previous ...: | NEW |
| Subject of Dispute: | PEC's Challenge to H. D. Smith Privilege Claim |
| Tab No. w/ Title: | 8/2 Claw-back letter from B. Leeder |
| | 8/3 email from A. Irpino (attaching clawed-back document at issue) |
| Plaintiffs' Attorney: | Irpino |
| Defendant Attorney: | Leeder |
| Notes: | The PEC and H. D. Smith have a current privilege dispute. On 8/2 H. D. Smith provided a notice of claw-back over a document which was attached as an exhibit to Plaintiffs' opposition briefs (Ex. 654 to PSJ3 - Doc. No. 2090, and Ex. 45 to PSJ9 – Doc. No. 2094). The PEC disputes H. D. Smith's privilege claim and claw-back of this document, and requests priority consideration of this matter. |

Anthony Irpino
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
T: (504) 525-1500
F: (504) 525-1501
airpino@irpinolaw.com

3