# EXHIBIT B

| | | | | |
|---|---|---|---|---|
| KIMBERLY LAMBERT ADAMS | RACHAEL R. GILMER | MIKE PAPANTONIO | OF COUNSEL: | |
| BRIAN H. BARR | FREDRIC G. LEVIN | CHRISTOPHER G. PAULOS | LAURA S. DUNNING | |
| MICHAEL C. BIXBY | MARTIN H. LEVIN | EMMIE J. PAULOS | *(LICENSED ONLY IN ALABAMA)* | |
| M. ROBERT BLANCHARD | ROBERT M. LOEHR | A. RENEE PRESTON | BEN W. GORDON, JR. | |
| BRANDON L. BOGLE | STEPHEN A. LUONGO | ROBERT E. PRICE | ARCHIE C. LAMB, JR. | |
| W. TROY BOUK | M. JUSTIN LUSKO | MARK J. PROCTOR | PAGE A. POERSCHKE | |
| WESLEY A. BOWDEN | NEIL E. McWILLIAMS, JR. | TROY A. RAFFERTY | *(LICENSED ONLY IN ALABAMA)* | |
| VIRGINIA M. BUCHANAN | CLAY MITCHELL | MATTHEW D. SCHULTZ | CHRISTOPHER V. TISI | |
| WILLIAM F. CASH III | PETER J. MOUGEY | W. CAMERON STEPHENSON | *(LICENSED IN WASHINGTON, D.C. AND MARYLAND)* | |
| JEFF GADDY | DANIEL A. NIGH | THOMAS A. TAYLOR | | |
| REBECCA D. GILLILAND | TIMOTHY M. O'BRIEN | LEO A. THOMAS | LEFFERTS L. MABIE, JR. (1925-1996) | |
| *(LICENSED ONLY IN ALABAMA)* | | BRETT VIGODSKY | D.L. MIDDLEBROOKS (1926-1997) | |
| | | | DAVID H. LEVIN (1928-2002) | |
| | | | STANLEY B. LEVIN (1938-2009) | |

October 4, 2018

**Via Email**
Katherine M. Swift
Bartlit Beck Herman Palenchar
& Scott, LLP
54 West Hubbard Street
Suite 300
Chicago, IL 60654
kate.swift@bbhps.com

      RE:    *Plaintiffs' Requests for Additional Walgreens Custodians*

Dear Kate:

      I write in response to your email of yesterday, October 3, 2018, in which you ask Plaintiffs to provide a written explanation regarding the each of the additional custodians Plaintiffs listed in our letters of September 28, 2018 and October 1, 2018.[1]

      As a preliminary matter, and as previously noted by Jeff Gaddy, the addition of certain custodians is appropriate in part due to Walgreens's failure to retain and/or produce documents from the majority of the time period during which Walgreens distributed opioids. Walgreens has previously stated that only 6 of its agreed custodians possess email documents dating back to the beginning of the Court-ordered relevant time period (2006). Plaintiffs have asked that Walgreens update this information to identify any other relevant custodians or potential custodians who also possess meaningful email files dating back to 2006, but Walgreens has not provided this information. Despite Walgreens's production of partial custodial files for at least 17 custodians, fewer than 20% of the documents produced by Walgreens are dated from the time period during which Walgreens actually distributed prescription opioids. Within the last three weeks, Walgreens's production has significantly slowed such that Walgreens has produced fewer than 1,500 documents during this time, raising concerns about the extent to which Walgreens possesses responsive documents from any of the previously identified custodians during the distribution time period.

      Below are the custodians Plaintiffs have asked Walgreens to add with a brief explanation regarding why their addition is appropriate:

      **Ken Amos** - Divisional VP of Operations, Community Management and Supply Chain Initiatives – Loss Prevention Managers Doug Lemmons and Ed Svihra reported best practices and

---

[1] Plaintiffs do not herein address Deb Bish, Mark Betteridge, Jennifer Diebert, and James Gill who were each C2 Function managers for Perrysberg Ohio Distribution Center and whose custodial files Walgreens has now agreed to produce in response to Plaintiffs' request.

Case: 1:17-md-02804-DAP Doc #: 2994-3 Filed: 12/17/19 3 of 5. PageID #: 431280

October 4, 2018
Letter from L. Dunning to K. Swift
Plaintiffs' Request for Additional Walgreens Custodians
Page **2** of **4**

diversion controls to Mr. Amos, and therefore Mr. Amos is expected to possess responsive documents related to the implementation of any nationwide diversion controls within Walgreens.

**Kristine Atwell** – C2 Function manager at the Jupiter, Florida distribution center - Ms. Atwell was designated as a testifying witness by the DEA/DOJ in the regulatory action regarding Walgreens's distribution of opioids, Walgreens's suspicious order system and supervision in 2011 and 2012, the failure to utilize SOMs in the distribution center, and failure to stop suspicious orders from being filled and shipped, as well as her training in anti-diversion measures by Walgreens's Headquarters and Loss Prevention and her concerns about the unusual size and frequency of orders being placed by Walgreens pharmacies. Ms. Atwell is expected to possess responsive documents concerning Walgreens's failures to prevent diversion and to monitor for, prevent, and report suspicious orders, as well as Walgreens's corporate policies and practices regarding the same.

**Phil Caruso** – Media Relations Manager – Mr. Caruso often spoke on Walgreens's behalf regarding opioid dispensing, Narcan availability, medication disposal programs, and store security. Mr. Caruso is expected to possess responsive documents related to the effectiveness of Walgreens's efforts to curb opioid diversion.

**Kermit Crawford** - President of Walgreens's pharmacy, health, and wellness division – In documents produced to date, Mr. Crawford was often the recipient of reporting regarding stock levels and threshold increases. Mr. Crawford was also involved in consulting with other distributors regarding anti-diversion measures in response to the opioids distribution regulatory action and had responsibility for final approval of such policies within Walgreens. Mr. Crawford is expected to possess responsive documents related to Walgreens corporate actions taken in response to DEA actions taken against their stores.

**Chris Domzalski** - Chief Audit Executive – Mr. Domzalski was responsible for evaluating and improving the effectiveness of risk management, internal control, governance, and operational processes. Mr. Domzalski is expected to possess responsive documents related to Walgreens audit process following the DEA actions taken against their stores.

**Christopher Dymon** – RX Integrity Manager – Mr. Dymon helped develop the RX Integrity program. In 2014, Mr. Dymon was head of RX Integrity for the Eastern Operation, which would have included Ohio. He is expected to possess responsive documents concerning Walgreens's RX Integrity development and the implementation of that plan in the CT1 jurisidictions.

**Edward Forbes** – Loss Prevention - Mr. Forbes is expected to have documents concerning Walgreens knowledge of diversion, its pharmacy due diligence, and its practices and procedures during the time Walgreens was distributing prescription opioids.

**Alex Gourlay** – Co-Chief Operating Officer for Walgreens Boots Alliance and board member of the National Association of Chain Drug Stores – Mr. Gourlay was instrumental in promoting partnerships with AmerisourceBergen and industry groups, including the NACDS, and therefore is expected to possess responsive documents related to Plaintiffs' allegations of cooperation among co-defendants.

**William Hunter** - District Leader, Cleveland West - Pharmacy Operations, OH – Mr. Hunter is expected to possess responsive documents regarding controlled substance thresholds, ceilings, and adjustments to those in the CT1 jurisdictions.

October 4, 2018
Letter from L. Dunning to K. Swift
Plaintiffs' Request for Additional Walgreens Custodians
Page **3** of **4**

       **Ed Lanzetti** – Lead Director, Asset Protection – Mr. Lanzetti was designated as a testifying witness by the DEA/DOJ in the regulatory action regarding Walgreens's distribution of opioids regarding his duties at Walgreens as a Market Loss Prevention Director, including the Loss Prevention program as it pertains to anti-diversion measures and the increases in oxycodone sales at Walgreens pharmacies in 2010. Mr. Lanzetti is expected to possess responsive documents regarding Walgreens's knowledge of diversion and anti-diversion policies and actions before 2012/2013.

       **Doug Lemmons** – Director, Divisional Loss Prevention Operations – Mr. Lemmons was listed as a Testifying Witness by the DEA/DOJ. He is expected to possess have responsive documents and information regarding Walgreens's due diligence regarding pharmacy "pain management" visits and oxycodone related diversion concerns identified and elevated to senior management in conjunction therewith.

       **John Lucchetti** – Ohio District Manager - Ohio Cuyahoga area - Mr. Lucchetti appears in several Controlled Substance Order Quantity Override Forms within Walgreens's production. Mr. Lucchetti is expected to possess responsive documents regarding controlled substance thresholds, ceilings, and adjustments to those in the CT1 jurisdictions and documents related to Walgreens's methodology and reasoning for requesting order increases.

       **John McDonaugh** - Asset Protection Officer - Perrysburg Distribution Center – Mr. McDonagh was responsible for ensuring the security of the distribution center and assisted managers with investigations. Mr. McDonaugh is expected to possess responsive documents regarding security and diversion related policies and procedures and guidance from managers regarding controlled substances going into or coming out of the distribution center.

       **Christopher Morrison** - District Leader, Cleveland East - Pharmacy Operations OH - Mr. Morrison oversees operational execution in several stores within CT1 jurisdictions and is expected to possess responsive documents related to suspicious orders, thresholds, ceilings, and adjustments to those in CT1 jurisdictions, as well as pharmacy due diligence.

       **Joseph Prignano** - Director, Pharmacy & Retail - Pharmacy Operations OH - Mr. Prignano oversees pharmacy operations within CT1 jurisdictions and is expected to possess responsive documents regarding controlled substance orders, thresholds, ceilings, and adjustments to those in the CT1 jurisdictions, as well as pharmacy due diligence.

       **David Schwartz** – Walgreens Board of Directors - Mr. Schwartz reported to the Board of Directors and the Audit Committee concerning the DEA's investigation into Walgreens distribution practices and attended subsequent Audit Committee meetings where Walgreens's actions to correct its failures to prevent diversion were reported on. Mr. Schwartz is excepted to have responsive documents concerning the DEA regulatory action and Walgreens corporate knowledge and policies and actions as a result thereof.

       **Reuben Slone** - Senior Vice President of Supply Chain – Mr. Slone was responsible for oversight of all distribution centers in Walgreens network and integrated three Rite-Aid distribution centers into the Walgreens supply chain. Mr. Slone was involved in corporate decisions regarding controlled substance distribution and the supply chain. Mr. Slone is expected to possess responsive documents related to Walgreens overall compliance with the Controlled Substances Act and DEA initiatives, as it pertains to controlled substance distribution.

Case: 1:17-md-02804-DAP  Doc #: 2994-3  Filed: 12/17/19  5 of 5.  PageID #: 431282

October 4, 2018
Letter from L. Dunning to K. Swift
Plaintiffs' Request for Additional Walgreens Custodians
Page **4** of **4**

**Ed Svihra** - Director of Loss Prevention – Mr. Svihra was listed as a Testifying Witness by the DEA/DOJ asked to testify about his Florida pharmacy "pain management" visits in early 2012, concerns he discussed in January 2011 regarding Respondent's oxycodone dispensing, and knowledge that Walgreens's pharmacists being asked to fill prescriptions they were uncomfortable filling. Mr. Svihra is expected to have documents concerning Walgreens knowledge of diversion, its pharmacy due diligence, and its practices and procedures during the time Walgreens was distributing prescription opioids.

**Gregory Wasson** – Former CEO of Walgreens - Mr. Wasson has institutional knowledge of Walgreens's knowledge, decision making, and activities during and immediately following the DEA actions. Mr. Wasson was also responsible for partnering with AmerisourceBergen. Mr. Wasson is expected to possess responsive documents relating to several of the claims made by Plaintiffs, including cooperation between co-defendants and violations of the Controlled Substances Act.

**Bryon Wheeldon** - Director, Asset Protection/Loss Prevention – Mr. Wheeldon was part of the team overseeing Walgreens's "Oxycodone Action Plan" to limit orders for Oxycodone for certain areas receiving distributions from the Jupiter Distribution Center, Walgreens's response to pharmacies reporting their employees were being threatened over oxy and was also copied on many communications about DEA meetings. Mr. Wheeldon is expected to have documents concerning Walgreens knowledge of diversion, its pharmacy due diligence, and its practices and procedures during the time Walgreens was distributing prescription opioids.

**James Whited II** - Healthcare Supervisor, Pharmacy Operations OH – Mr. Whited has spoken with Congressional leaders about pharmacy roles in healthcare and has given statements to Ohio Board of Pharmacy regarding employee theft of oxycodone. Mr. Whited also appears in requests for threshold increases. Mr. Whited is expected to have responsive documents regarding Walgreens's knowledge of diversion and pharmacy practices.

**Laurie Zaccaro** - Walgreens Asset Protection Manager for Cleveland region – Ms. Zaccaro conducted detailed internal and external investigations and was one of the directors of Prevention Education in NE Ohio for Walgreens. Ms. Zaccaro is expected to have responsive documents regarding diversion investigations and education programs.

We look forward to discussing Plaintiffs' requests to add these custodians, and Walgreens's production in general, with you tomorrow morning.

Sincerely,

/s/ *Laura S. Dunning*

Laura Dunning

Cc:
Kaspar J. Stoffelmayr
Plaintiffs' Counsel