# PSJ13 Exh 1

Confidential – Subject to Protective Order

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | **MDL No. 2804** |
| | ) | **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: *Track One Cases* | ) ) ) ) | **Judge Dan A. Polster** |

**HBC SERVICE COMPANY'S SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO HBC SERVICE COMPANY**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant HBC Service Company ("HBC") serves these Supplemental Answers to Plaintiffs' First Set of Interrogatories.

**RESERVATION OF RIGHTS**

1. HBC's investigation and discovery are ongoing as to all matters referred to in these Answers. HBC's Answers reflect its investigation to date. HBC reserves the right to modify and supplement its Answers as appropriate.

2. These Answers are provided without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information or documents produced in response to these Interrogatories and Requests; (ii) the right to object on any ground to the use of the information or documents produced in response to the Interrogatories at any hearings or at trial; (iii) the right to object on any ground at any time to a request for further responses to the Interrogatories; or (iv) the right at any time to revise, correct, add to, supplement, or clarify any of the objections contained herein.

3. The information and documents provided in response to these Interrogatories are for use in this litigation and for no other purpose. Any production of documents will be subject to the Protective Order (Dkt. No. 441).

Confidential – Subject to Protective Order

and/or efforts to understand the safety, efficacy, diversion, prescription and/or use of Schedule II Opioids.

**Interrogatory No. 23:**  Describe any and all educational, information and/or other programs You have provided to any Customer and/or pharmacy/dispenser that You own and/or control or other Person, that address diversion, safety, efficacy, misuse and/or prescription of Opioids or Opioid Products, from 1995 to the present.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.  HBC further objects to the phrases "other programs" and "other Person" as overly broad, vague and ambiguous. HBC objects to the terms "Opioids" and "Opioid Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases.  HBC interprets the terms "Opioids," and "Opioid Products," to mean Schedule II Opioids as defined above.  HBC also objects to the definition of "Customer" as vague, ambiguous, overly broad, unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of information relevant to any claim or defense in the Track One cases. HBC interprets the term "Customer" to mean Giant Eagle Pharmacies.  HBC objects to the time period of 1995 to the present as overly broad, unduly burdensome, not proportional, not relevant to any claim or defense in the Track One cases, and inapplicable to HBC, which was not licensed as a distributor of controlled substances until October 2009 (and per its DEA Registration, was always strictly limited to Schedule III, IIIN, IV, and V controlled substances); did not distribute any relevant Schedule III opioids (i.e. those that were later reclassified as Schedule II) until November 2009; stopped distributing relevant Schedule III opioids in October 2014; and stopped distributing all opioid

Confidential – Subject to Protective Order

products in January 2016.  To the extent HBC provides a response to this Interrogatory, its response relates only to the Subject Period.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids and it has not sold or distributed products to any pharmacies other than Giant Eagle Pharmacies.  HBC further responds that neither HBC nor GERXDC has provided educational, information and/or other programs to any Customer and/or pharmacy/dispenser that it owns and/or controls or other Person, that address diversion, safety, efficacy, misuse and/or prescription of Schedule II Opioids. Giant Eagle, however, has provided numerous training programs, continuous education opportunities, and policies with the goal of minimizing and eliminating the diversion of controlled substances.  These include Giant Eagle's Controlled Substance Dispensing Guidelines, pharmacy meetings, training documents, and other programs that are part of Giant Eagle's integrated security system that has been described by Giant Eagle witnesses in depositions in this litigation.

**Interrogatory No. 24:**  Identify all internet pharmacies that You distributed Opioids and Opioid Products to, and additionally provide the following information:

    a.    the Opioids or Opioid Products distributed; and

    b.    total sales and/or amount distributed by month and year for each Opioid or Opioid Product from 1995 to present.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.  HBC objects to the terms "Opioids" and "Opioid Products" as vague and ambiguous, overly broad, unduly