PSJ13 Exh 6

Confidential – Subject to Protective Order

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| | ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) | |
| *Track One Cases* | ) ) | Judge Dan A. Polster |

### HBC SERVICE COMPANY'S AMENDED RESPONSES TO
### PLAINTIFFS' (FIRST) SET OF COMBINED DISCOVERY REQUESTS

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34 Defendant HBC Service Company ("HBC") serves these Amended Responses to Plaintiffs' (First) Combined Discovery Requests.

### RESERVATION OF RIGHTS

1.      HBC's investigation and discovery are ongoing as to all matters referred to in these Responses. HBC's Responses reflect its investigation to date. HBC reserves the right to modify and supplement its Responses as appropriate.

2.      HBC received these Requests on or around July 3, 2018.  Subsequent to the receipt of these requests, Special Master Cohen instructed Defendants to "read Plaintiffs['] 'additional requests' as prioritizations of existing requests," and Plaintiffs explicitly told co-defendant Walgreens that these Requests "were intended to tailor the already issued interrogatories and RFPs to the terms of Discovery Ruling 2," and were not to be considered "additional written discover that requires a response."

3.      HBC served its initial responses to these Requests on November 30, 2018, to comply with Judge Polster's November 21, 2018 Order, which instructed distributor and retail pharmacy defendants to respond to Plaintiffs' (First) Combined Discovery Requests to Distributor

Confidential – Subject to Protective Order

not been named as a defendant in these cases.  HBC will produce information related to GERXDC

subject to a full reservation of rights and objections, including lack of relevancy and lack of

proportionality since GERXDC is not a named defendant.

18.    HBC objects to these Discovery Requests to the extent that they otherwise go

beyond the scope of permissible discovery at this stage of this proceeding.

## COMBINED DISCOVERY REQUESTS

2.    Please produce each of your Suspicious Order Monitoring System (SOMS) policies
and procedures since January 1, 2006 and identify the Bates stamp range for each; please identify
the effective date(s) each was in force and effect.

**RESPONSE:**

HBC incorporates its General Objections in their entirety into this response.  HBC objects

to this request to the extent it exceeds the total number of requests permitted by the Court for the

Track One Cases.  Any production by HBC is limited to documents relating to the distribution of

Schedule II Opioids, as defined in prior discovery responses, in the relevant geographic region as

set forth in Discovery Ruling Nos. 2 and 3.  HBC objects to the terms "Suspicious Order" and

"Suspicious Order Monitoring System (SOMS)" as vague and ambiguous.  HBC construes the

term "Suspicious Order" to mean any order of Schedule II Opioids, as defined in prior discovery

responses, required to be reported to the DEA.  HBC also objects to the time period "since January

1, 2006" as overly broad, unduly burdensome, not proportional, not relevant to any claim or

defense in the Track One cases, and inapplicable to HBC, which was not licensed as a distributor

of controlled substances until October 2009 (and per its DEA Registration, was always strictly

limited to Schedule III, IIIN, IV, and V controlled substances); did not distribute any relevant

Schedule III opioids (i.e. those that were later reclassified as Schedule II) until November 2009;

stopped distributing relevant Schedule III opioids in October 2014; and stopped distributing all

opioid products in January 2016.  HBC further objects that its production is ongoing, as HBC

Confidential – Subject to Protective Order

continues to run searches and review documents picked up by a list of search terms that Plaintiffs requested that HBC run across the documents HBC has collected. To the extent HBC produces additional documents that it discovers as part of these searches, HBC reserves the right to produce and rely upon such additional documents. HBC may also rely on additional documents contained in its production—including without limitation documents describing the technical aspects of HBC's and GERXDC's programs—as well as witness testimony and publicly-available materials to reflect the policies and practices in place regarding the distribution of prescription opioids into the Track One jurisdictions for the relevant time frame. HBC has produced significant documents and provided substantial testimony regarding its policies and procedures and how those policies and procedures have evolved over time in response to changing guidance from DEA.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids and it has not sold or distributed products to any pharmacies other than to Giant Eagle Pharmacies. HBC also responds that it has produced written SOMS policies in response to Request No. 25 in Plaintiffs' First Set of Requests for Production of Documents to HBC Service Company that are located at:

- HBC_MDL00078638-8639 – HBC Policy effective 4/9/2015 to 2/26/2016 (version 2, updating 8/1/14 version of the Policy)

- HBC_MDL00004386-4387 – GERXDC Policy effective 2/26/2016 (version 3)

HBC further responds that it has had numerous SOMS procedures and un-written policies, some of which are effectively presented, in whole or in part, in the following documents:

Confidential – Subject to Protective Order

- HBC_MDL00045916-5918 –Reflecting procedures effective from on or around February 2, 2017

- HBC_MDL00051908; HBC_MDL00043414 – Reflecting procedures effective from on or around February 2017

- HBC_MDL00010092-93 – Reflecting procedures effective (1) prior to and during February 2017 and (2) during and after February 2017

Additional policies and procedures related to the security requirements contained in 21 C.F.R. § 1301.71-1301.74 are also included in the production.

3.      Please identify and describe each **_suspicious order_** your Suspicious Order Monitoring System (SOMS) identified since January 1, 2006 and produce all documents related thereto; please identify the Bates stamp range for each related to _Case Track One._

**RESPONSE**:

HBC incorporates its General Objections in their entirety into this response.  HBC objects to this request to the extent that it exceeds the total number of requests permitted by the Court for the Track One Cases.  Any production by HBC is limited to documents relating to the distribution of Schedule II Opioids, as defined in prior discovery responses, in the relevant geographic region as set forth in Discovery Ruling Nos. 2 and 3.  HBC objects to the terms "Suspicious Order" and "Suspicious Order Monitoring System (SOMS)" as vague and ambiguous.  HBC construes the term "Suspicious Order" to mean any order of Schedule II Opioids, as defined in prior discovery responses, required to be reported to the DEA.  HBC also objects to the time period "since January 1, 2006" as overly broad, unduly burdensome, not proportional, not relevant to any claim or defense in the Track One cases, and inapplicable to HBC, which was not licensed as a distributor of controlled substances until October 2009 (and per its DEA Registration, was always strictly limited to Schedule III, IIIN, IV, and V controlled substances); did not distribute any relevant Schedule III opioids (i.e. those that were later reclassified as Schedule II) until November 2009;

Confidential – Subject to Protective Order

stopped distributing relevant Schedule III opioids in October 2014; and stopped distributing all opioid products in January 2016.  HBC further objects to the Request to the extent that it seeks to force HBC to decide and identify which documents are "related" to Case Track One.  HBC will not provide the legal analyses and/or conclusions inherent in such a request.  HBC also objects that its production is ongoing, as HBC continues to run searches and review documents picked up by a list of search terms that Plaintiffs requested that HBC run across the documents HBC has collected.  To the extent HBC produces additional documents that it discovers as part of these searches, HBC reserves the right to produce and rely upon such additional documents.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids and it has not sold or distributed products to any pharmacies other than to Giant Eagle Pharmacies.  HBC further responds that neither HBC nor GERXDC identified any suspicious orders of relevant products, i.e., Schedule II Opioids as defined above.  HBC, however, did identify and report suspicious orders for Schedule III opioids.

On December 5, 2013, HBC identified a suspicious order for buprenorphine 8mg SL tab (the "December 5, 2013 Suspicious Order") and reported the order to the DEA on the same day.  Plaintiffs can find a copy of the email related to the discovery of the order and the report to the DEA at HBC_MDL00132815-16.

On January 20, 2016, HBC identified a suspicious order for buprenorphine containing products and reported the order to the DEA on January 21, 2016 (the "January 21, 2016 Suspicious Order Report").  Plaintiffs can find a copy of the January 21, 2016 Suspicious Order Report at HBC_MDL00074072-4073, as well as other locations in HBC's productions.  HBC further directs

11

Confidential – Subject to Protective Order

Plaintiffs to the following additional documents relevant to this suspicious order, which are located at:

      HBC_MDL00078018-8020

      HBC_MDL00057971-7973

      HBC_MDL00057915-7918

      HBC_MDL00057182-7186

      HBC_MDL00057890-7893

      HBC_MDL00057878-7881

      HBC_MDL00057875-7877

      HBC_MDL00057872-7874

HBC further responds that HBC has always complied with relevant statutes, regulations, and its best understanding of DEA guidance regarding the identification and reporting of potentially suspicious orders.  HBC also relied on information provided by the DEA at, among other places, the Department of Justice's DEA Diversion Control Division website.  HBC's methodology for reporting potentially suspicious orders to the DEA has evolved over time to reflect the DEA's changing guidance and HBC's changing understanding of the DEA's expectations.  HBC has always worked to strike the right balance between (a) providing patients with FDA-approved medications pursuant to prescriptions written for a legitimate medical purpose and (b) preventing suspicious orders from being filled and shipped to HBC's pharmacies.


      4.     Please identify each suspicious order you ***reported*** to the DEA since January 1, 1996 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One.*

Confidential – Subject to Protective Order

unaware of any confirmed suspicious orders of relevant products, i.e., Schedule II Opioids as defined above, that were shipped without due diligence to confirm that such orders were not actually suspicious.  HBC and GERXDC have also engaged in a variety of practices for monitoring and conducting due diligence on potentially suspicious orders over time.   Thus, HBC and GERXDC investigated numerous additional orders in order to assist in their efforts to discover and identify suspicious orders.   Those investigations are captured in numerous documents, among them:  emails to and from George Chunderlik, Joseph Millward, and others, and the SharePoint threshold investigation documents produced at HBC_MDL00079816-80442.

Dated: <u>December 29, 2018</u>                Respectfully submitted,

<div style="margin-left: 40%;">

<u>/s/ Robert M. Barnes</u>
Robert M. Barnes
rbarnes@marcus-shapira.com
Joshua A. Kobrin
kobrin@marcus-shapira.com

MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758
*Counsel for Defendant HBC Service Company*

</div>