# EXHIBIT 354

Page 1

```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF OHIO
                    EASTERN DIVISION


   -------------------------   )
   IN RE: NATIONAL             ) MDL No. 2804
   PRESCRIPTION OPIATE         )
   LITIGATION                  ) Case No.
   -------------------------   ) 1:17-MD-2804
                               )
   THIS DOCUMENT RELATES TO    ) Hon. Dan A. Polster
   ALL CASES                   )
   -------------------------   )


                  HIGHLY CONFIDENTIAL

       SUBJECT TO FURTHER CONFIDENTIALITY REVIEW



                VIDEOTAPED DEPOSITION OF

                 CHRISTOPHER DOMZALSKI

                   January 17, 2019



                    Chicago, Illinois
```

GOLKOW LITIGATION SERVICES
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

Highly Confidential - Subject to Further Confidentiality Review

Page 2

```
 4        The videotaped deposition of
 5   CHRISTOPHER DOMZALSKI, called by the Plaintiffs for
 6   examination, taken pursuant to the Federal Rules of
 7   Civil Procedure of the United States District
 8   Courts pertaining to the taking of depositions,
 9   taken before CORINNE T. MARUT, C.S.R. No. 84-1968,
10   Registered Professional Reporter and a Certified
11   Shorthand Reporter of the State of Illinois, at the
12   offices of Bartlit Beck LLP, Suite 600, 54 West
13   Hubbard Street, Chicago, Illinois, on
14   January 17, 2019, commencing at 9:08 a.m.
```

Page 3

```
 1   APPEARANCES:
 2    ON BEHALF OF THE PLAINTIFFS:
 3       LEVIN PAPANTONIO THOMAS MITCHELL
         RAFFERTY & PROCTOR P.A.
 4       316 South Baylen Street, Suite 600
         Pensacola, Florida  32502
 5       205-396-3982
         BY:  PETER J. MOUGEY, ESQ.
 6          pmougey@levinlaw.com
              -and-
 7          LAURA DUNNING, ESQ.
            ldunning@levinlaw.com
 8            (via livestream)
 9
10    ON BEHALF OF WALGREENS BOOTS ALLIANCE, INC.
      aka WALGREEN CO. and THE DEPONENT:
11
         BARTLIT BECK LLP
12       1801 Wewatta Street, Suite 1200
         Denver, Colorado  80202
13       303-592-3177
         BY:  LESTER C. HOUTZ, ESQ.
14          Lester.Houtz@bartlitbeck.com
15
16    ON BEHALF OF ENDO HEALTH SOLUTIONS INC. and
      ENDO PHARMACEUTICALS, INC.,
17    PAR PHARMACEUTICAL, INC., and PAR PHARMACEUTICAL
      COMPANIES, INC. (f/k/a Par Pharmaceutical
18    Holdings, Inc.):
19       ARNOLD & PORTER KAYE SCHOLER LLP
         700 Louisiana Street, Suite 400
20       Houston, Texas  77002-2755
         713-576-2400
21       BY:  HANNAH D. SIBISKI, ESQ.
            hannah.sibiski@arnoldporter.com
22            (via telephone/livestream)
23
24
```

Page 4

```
 1   APPEARANCES (Continued):
 2    ON BEHALF OF McKESSON CORPORATION:
 3       TABET DIVITO & ROTHSTEIN LLC
         209 South LaSalle Street, 7th Floor
 4       Chicago, Illinois  60604
         312-762-9461
 5       BY:  KYLE A. COOPER, ESQ.
            kcooper@tdrlawfirm.com
 6
 7
 8    ON BEHALF OF CARDINAL HEALTH, INC.:
 9       ARMSTRONG TEASDALE LLP
         7700 Forsyth Boulevard, Suite 1800
10       St. Louis, Missouri  63105
         314-621-5070
11       BY:  JULIE FIX MEYER, ESQ.
            jfixmeyer@ArmstrongTeasdale.com
12
13
      ON BEHALF OF AMERISOURCE BERGEN CORPORATION:
14
         JASZCZUK, P.C.
15       311 South Wacker Drive, Suite 3200
         Chicago, Illinois  60606
16       312-442-0509
         BY:  MARGARET M. SCHUCHARDT, ESQ.
17          mschuchardt@jaszczuk.com
18
19    ON BEHALF OF WALMART:
20       JONES DAY
         77 West Wacker Drive
21       Chicago, Illinois  60601-1692
         312-782-3939
22       BY:  CHRISTINE D. PROROK, ESQ.
            cprorok@jonesday.com
23
24
```

Page 5

```
 1   ALSO PRESENT:
 2       ALEXANDRA M. GARLOCK, Paralegal
         agarlock@levinlaw.com
 3       KAROLYNN SCHNEEGAS, Paralegal
         kschneegas@levinlaw.com
 4         Levin Papantonio Thomas Mitchell
           Rafferty & Proctor P.A.
 5
 6
         RODERRICK CONCEPCION, Trial Technician
 7
 8
 9
     VIDEOTAPED BY:  BEN STANSON
10
11
     REPORTED BY:  CORINNE T. MARUT, C.S.R. No. 84-1968
12
```

Page 162

1  paragraph.
2       Would you just compare. Generally
3  Exhibits 7 and 8 appear to be very similar or
4  almost identical.
5       A.  Yes, they appear to be -- from what I
6  can tell, yeah, they look pretty similar.
7       Q.  Again, I know you didn't have time to
8  review every single word but they're very similar,
9  correct?
10      A.  They look similar.
11      Q.  So, now, sir, as part of or chief
12 director of internal audit at Walgreens, do you
13 recall seeing this February 7, 2007 letter as part
14 of the -- your group's internal audit of the
15 distribution centers?
16      A.  I don't recall seeing this document.
17      Q.  Just to make sure I'm not missing
18 something, you don't recall in the last two
19 exhibits, 7 and 8, seeing any synopsis or bullets
20 or anything that captures the content in Exhibits 7
21 or 8 when performing the audit, correct?
22      A.  I certainly don't recall that, no.
23      Q.  All right. Let me hand you what I will
24 mark as Domzalski 9.

Page 163

1       (WHEREUPON, a certain document was
2         marked as Walgreens-Domzalski
3         Exhibit No. 9:  12/27/07 letter
4         from U.S. DOJ DEA; MCKMDL00478910 -
5         00478911.)
6  BY MR. MOUGEY:
7       Q.  Do you see the date on this, sir,
8  December 27, 2007?
9       A.  Yes, I do.
10      Q.  And we've now -- the first sentence,
11 "This letter is being sent to every entity in the
12 United States registered with the Drug Enforcement
13 Administration to manufacture or distribute
14 controlled substances."
15      Correct?
16      A.  Yes.
17      Q.  And your understanding is, again, that
18 would include Walgreens?
19      A.  Yes.
20      Q.  So, we've now seen correspondence from
21 the U.S. Department of Justice DEA from
22 September 27, 2006, February 7, 2007 and then a
23 third letter, December 27, 2007, correct, sir?
24      A.  Yes.

Page 164

1       Q.  So, all within a matter of approximately
2  14 months, 15 months?
3       A.  Yes.
4       Q.  And, again, the second sentence of 9,
5  Exhibit 9, says, "The purpose of this letter is to
6  reiterate the responsibilities of controlled
7  substance manufacturers and distributors to inform
8  DEA of suspicious orders in accordance with 21
9  CFR."
10      Correct?
11      A.  I'm sorry. I lost you on that. Where
12 are you at?
13      Q.  The second sentence of the first
14 paragraph.
15      A.  First paragraph. Okay.
16      Q.  "The purpose of this letter is to
17 reiterate the responsibilities of controlled
18 substance manufacturers and distributors to inform
19 DEA of suspicious orders in accordance with 21 CFR
20 1301.74(b)."
21      Correct?
22      A.  Yes.
23      Q.  Now, just to quickly look over --
24 quickly review this document.

Page 165

1       The second paragraph, do you see the
2  second sentence indicates that DEA regs require all
3  distributors to report suspicious orders of
4  controlled substances, right?
5       A.  Yes.
6       Q.  And I'm assuming the answer to this next
7  question is the same as before, that you can't
8  discern from the internal audit report whether your
9  group's audit covered Walgreens' responsibility to
10 identify suspicious orders, right?
11      A.  No, I cannot recall that.
12      Q.  And --
13      A.  Cannot identify it from the report.
14      Q.  You'll see here -- let's go down to the
15 third paragraph.
16      A.  Yes.
17      Q.  "The regulation also requires the
18 registrant inform the local DEA Division Office of
19 suspicious orders when discovered by the
20 registrant."
21      Sir, is it safe to conclude that you
22 can't tell from looking at this internal audit,
23 meaning Exhibit 3, whether or not the excessive
24 purchase reports or suspicious order reports were