UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 1:17-md-2804 |
| | Judge Dan Aaron Polster |

**THIS DOCUMENT RELATES TO:**

*Salmons v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45268;

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO FURTHER AMEND THIRD AMENDED COMPLAINT

Plaintiffs Walter and Virginia Salmons first filed their lawsuit against Defendants[1] on March 2, 2018. Since then, they have amended the complaint three times, most recently on October 8, 2019 as one of the actions selected by their counsel to serve as the basis for a class certification motion. Plaintiffs now seek to completely overhaul their complaint, including by pleading new claims against Defendants. The proposed Fourth Amended Class Action Complaint (the "Proposed Fourth Amended Complaint"), dkt. 2991-1, is untimely under the scheduling order that Plaintiffs sought and agreed to, and it is prejudicial to Defendants. The Court should reject it, except insofar as Plaintiffs are removing claims and class representatives.

---

[1] Several defendants named in this litigation are not subject to personal jurisdiction in this matter. This opposition is served subject to and without waiving all defenses, including but not limited to lack of personal jurisdiction, failure of service of process, and ineffective service of process.

1

In addition, the Proposed Fourth Amended Complaint suffers from multiple pleading deficiencies and granting leave to amend would constitute an exercise in futility. Due to the nature and extent of the deficiencies, if the Court grants leave to amend, Defendants reserve their right to move to dismiss all of Plaintiffs' claims and/or raise such arguments in connection with their opposition to class certification.[2] Defendants further propose that if leave to amend is granted, the Court should remove the *Salmons* case from the class certification process.

## I. Procedural History

Mr. and Mrs. Salmons filed a 65-page, eight-count putative class action complaint in March 2018, purporting to represent a national NAS class. *Salmons v. Purdue Pharma Inc. et al.*, 2:18-cv-00385 (S.D. W. Va. Mar. 2, 2018), 1:18-op-45268, dkt. 1 (N.D. Ohio). They amended their complaint in June 2018 to add new requested relief, among other changes, and again in March 2019 to add numerous additional defendants. First Am. Class Action Compl., *Salmons*, dkt. 29 (N.D. Ohio May 25, 2018); Second Am. Class Action Compl., *Salmons*, dkt. 38 (N.D. Ohio Mar. 16, 2019).

A group of NAS Plaintiffs, represented by counsel for *Salmons*, first suggested that they be allowed to further amend their complaints more than five months ago, on July 1, 2019. At that time, they asked the Court for leave to serve additional discovery on Defendants, leave to amend their complaints after such discovery, and "leave to move to certify 1-4 putative classes within 45 days" of amending their complaints. Dkt. 1797-3 at 7. On July 11, 2019, the Court granted Plaintiffs' motion in part, denying their request for additional discovery but setting a

---

[2] Defendants' reservation of rights applies to both the operative Third Amended Class Action Complaint ("Third Amended Complaint") and the Proposed Fourth Amended Complaint, as neither complaint satisfies federal pleading standards.

2

briefing schedule on a class certification motion that would conclude by October 7, 2019.  Dkt. 1829.

Following discussions between the parties and the Court in which Plaintiffs asserted that they needed more time to file amended complaints, Plaintiffs submitted a status report on August 19, 2019 requesting that they "be granted until September 16, 2019 to move for leave to file amended complaints" in four cases.  Dkt. 2489 at 5.  The Court granted their request on August 22, 2019.  Despite receiving their requested extension, however, on the day those amended complaints were due Plaintiffs moved for an *additional* extension of 30 days to file their amended complaints.  Dkt. 2605.  The Court granted this request in part; Plaintiffs received an extension until October 7, 2019.  This time, the Court cautioned Plaintiffs:  "The Court is cognizant of Plaintiffs' issues with reviewing the incredible volume of discovery produced in this MDL, however, due to the impending Track One trial, no further extensions of time will be granted on this issue."  Order (non-document) (Sept. 17, 2019).

While Plaintiffs continued requesting additional time to amend their complaints, the parties were also engaged in negotiating a scheduling order that would comply with the Court's directives that this issue be resolved quickly.  An issue of key importance to Defendants throughout that negotiation was the prompt receipt of the final amended complaints so they would be able to craft their opposition knowing the identity of the class representatives, the scope of the putative classes, and the state laws at issue.  When the parties took disputes regarding the negotiation of the scheduling order to Special Master Cohen, he noted first that it was "clearly not acceptable" for Plaintiffs to reserve the right to amend their complaints until a later date.  He continued:

> In any event, the schedule **must** be arranged so that . . . (3) the
> discovery and briefing are triggered by fulsome complaints that

3

> need no further amendment nor additional identification of class representatives.  The Court made this extremely clear in its Order and its comments to the parties in Court.
>
> As Judge Polster stated, if plaintiffs cannot agree to a reasonable schedule triggered by early filing of fulsome complaints, they risk summary dismissal of their cases.

Email from David Cohen to Emily Ullman (Sep. 28, 2019), attached hereto as Ex. A.

On October 8, 2019, more than two months ago and after receiving clear instruction from both the Court and the Special Master that this amendment would be their last, Plaintiffs filed their Third Amended Complaint in *Salmons* as well as amended complaints in three other cases.[3] Since then, Defendants have engaged in fact discovery with respect to the named class representatives, prepared for expert disclosures and for the depositions of Plaintiffs' experts, and began developing the legal grounds for their opposition to class certification.  Plaintiffs' motion for class certification is due in just over two weeks, on January 7, 2020, and their experts must be deposed by the end of January.

Plaintiffs requested that Defendants consent to yet another amendment of this Complaint on December 11.  Counsel for Plaintiffs initially stated that they did not intend to change "the parties, factual allegations or class definition," but only sought to add a RICO claim.  Later, however, they indicated that their new amended pleading would mirror the Second Amended Complaint in *Frost et al. v. Endo Health Solutions Inc. et al.*, 1:18-op-46327-DAP.  Email from Emily White to Emily Ullman (Dec. 11, 2019), attached hereto as Ex. B.  In fact, Plaintiffs' Proposed Fourth Amended Complaint, which Defendants saw for the first time when filed on December 13, 2019 and as corrected on December 16, 2019, goes *much* further, altering the named class representatives, various factual allegations, the proposed class definition, and the

---

[3] Plaintiffs requested and received one more 24 hour extension, from October 7 to October 8.  Dkts. 2718, 2738.

4

causes of action brought against Defendants.[4]  Plaintiffs have dropped proposed class representatives Walter and Virginia Salmons, as well as their claim for public nuisance; changed the nature of the class representatives from the NAS children themselves to their "Legal Guardians," suing on their own behalf[5]; and added two RICO claims, a negligence *per se* claim, a claim for civil battery, and a claim for civil conspiracy.  The Proposed Fourth Amended Complaint now also indicates that Plaintiffs will seek class certification on their negligence claim.  Far from the minor amendment they described to Defendants, Plaintiffs seek to file an entirely new complaint, modeled after a complaint filed months ago by their counsel in this MDL.

## II. Argument

### A. Plaintiffs' Motion is Untimely

The above background speaks for itself: Plaintiffs repeatedly amended this complaint over the course of nearly two years and received more than ample time from the Court to perfect

---

[4] The proposed class in the Third Amended Complaint is:

> Children who are West Virginia residents, born after March 2, 2000, who were medically diagnosed as being exposed in utero to opioids, who were pharmacologically weaned from opioids and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant and/or unnamed, co-conspirator affiliated with Purdue Pharma.

Dkt. 2746. The Proposed Fourth Amended Complaint defines the putative class as:

> Legal Guardians of West Virginia residents born after May 9, 2000, who were medically diagnosed with opioid-related "Neonatal Abstinence Syndrome" ("NAS") at or near birth and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.
>
> Excluded from the class are any infants and children who were treated with opioids after birth, other than for pharmacological weaning. Also excluded from the class are Legal Guardianships where the State of West Virginia or one of its political subdivisions, such as a public children services agency, has affirmatively assumed the duties of "custodian" of the child under West Virginia law.

Dkt. 2991-1 (Dec. 16, 2019) (footnotes omitted).

[5] The Third Amended Complaint identifies the Plaintiffs as "individuals who have suffered NAS", while the Proposed Fourth Amended Complaint recasts Plaintiffs as "Legal Guardians of West Virginia residents…", naming as Plaintiffs Anthony Anderson, the father of Baby A.L.A., and Haden Travis Blankenship, the father of Baby Z.D.B.

5

their last amendment.  They were warned that no further amendments would be appropriate if they wanted their class certification claims heard promptly—and in service of having those claims heard they several times sought and agreed to schedules with deadlines for amending their complaints that passed months ago.  Yet they now seek to add four more claims, change their class definition, and otherwise alter their allegations against Defendants.

Although Federal Rule of Civil Procedure 15(a)(2) states that courts should "freely give leave" to amend pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), the standard is higher when a plaintiff "moves to amend the complaint after the deadline established by a scheduling order."  *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).  In such a case, "plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)."  *Id.* (quoting *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009)) (internal quotation marks omitted) (alterations in original).  The plaintiff must show both a lack of prejudice to the opposing party and "that the original deadline could not reasonably have been met despite due diligence" in order to establish good cause.  *Id.*

Defendants do not object to Plaintiffs dropping class representatives whose circumstances have changed or to their dismissing claims against Defendants, which would fulfill Plaintiffs' stated purposes of streamlining the pleadings and promoting judicial efficiency.  But adding a host of new claims and class definitions at this extremely belated time is clearly prejudicial.  Plaintiffs argue that Defendants will suffer no prejudice because Plaintiffs' new "allegations and causes of action align with related class action complaints pending in Ohio and California."  Dkt. 2986 at 3.  Defendants have already invested substantial resources to analyzing the active

6

allegations and causes of actions under the Third Amended Complaint. And even if Plaintiffs' new claims "align" with those they have sued under in other states, that hardly makes them identical. Most of Plaintiffs' proposed new causes of action are state law claims and will have to be separately examined for relevant state-specific issues.[6]

Nor have Plaintiffs even attempted to show good cause or the exercise of due diligence for their amendments.[7] "A plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation to move to amend the complaint before the deadline." *Ross*, 567 F.3d at 306. Plaintiffs were undoubtedly aware of the claims advanced in their other amended complaints and the procedural posture of this litigation at the time that they filed the Third Amended Complaint, and they have offered no excuse for the delay in moving to amend. This does not constitute good cause. *See Commerce Benefits Grp., Inc.*, 326 F. App'x at 376 (no good cause where plaintiff "could not adequately explain its delay in bringing the claims" that it sought to add). Moreover, if Plaintiffs wish to streamline their motion for class certification—their purported reason for amendment—the solution for that is to seek to certify fewer classes on fewer claims, not to completely reshuffle the deck by adding new claims and parties a mere three weeks before their motion is due.

As Special Master Cohen stated, the Court's "extremely clear" desire is that there be no further amendments after October to the NAS complaints for which class certification will be

---

[6] For example, the standard for what constitutes intent under California's tort of civil battery differs from that in West Virginia. *Compare Avina v. United States*, 681 F.3d 1127, 1131 & n.3 (9th Cir. 2012) *with Funeral Servs. by Gregory, Inc. v. Bluefield Cmty. Hosp.*, 186 W. Va. 424 (1991), *overruled in non-relevant part by Courtney v. Courtney*, 190 W. Va. 126 (1993)).

[7] Although Plaintiffs assert that Mr. and Mrs. Salmons have "recently left the State of West Virginia and have [chosen] not to seek lead plaintiff status," Plaintiffs advised Defendants on October 25, only two weeks after filing their Third Amended Complaint, that the Salmonses were no longer class representatives. *See* Email from Stephen Wussow to Emily Ullman (Oct. 25, 2019), attached hereto as Ex. C.

7

considered.  Plaintiffs have offered no reason for the Court to reconsider that ruling, and Defendants will be prejudiced by amendment.  Accordingly, Plaintiffs' motion for leave to amend should be denied.

### B. Granting Leave to Amend Would Be Futile

"[L]eave to amend should be denied if the amendment . . . would be futile.  Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Huff v. FirstEnergy Corp.*, 972 F. Supp. 2d 1018 (N.D. Ohio 2013) (internal citations and quotation marks omitted).  Here, the causes of action in the Proposed Fourth Amended Complaint fail to satisfy federal standards for numerous reasons and therefore could not survive a motion to dismiss.[8]  Defendants further contend that the complaints in the *Artz*, *Flanagan*, and *Frost* cases also fail to state claims for which relief can be granted.  Should the Court be inclined to hear Defendants' motions to dismiss all of the NAS actions at this time, Defendants will propose a briefing schedule.  Otherwise, Defendants reserve their right to move to dismiss all of Plaintiffs' claims at an appropriate time.  Further, if the Court is inclined to grant leave to amend, Defendants propose that the Court remove the *Salmons* action from the class certification process and allow Defendants to move to dismiss at an appropriate time.

## CONCLUSION

The Proposed Fourth Amended Complaint constitutes a complete overhaul of the Plaintiffs' claims in violation of this Court's clear and repeated admonitions.  Defendants do not oppose Plaintiffs' attempt to drop named plaintiffs and causes of action, but the time to change the definition of the proposed class and add new claims has long since expired.  Therefore, the

---

[8] For example, the proposed RICO amendments are futile for the simple reason that Plaintiffs seek recovery arising out of alleged personal injuries, which RICO does not permit.  *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2018 WL 6628898, at *7 (N.D. Ohio Dec. 19, 2018) (quoting *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 565-66 (6th Cir. 2013)).

8

167229373

Court should deny leave to amend.  In the event that the Court grants leave to amend, Defendants (1) reserve all rights to move to dismiss the amended complaint, as well as the complaints in the *Artz*, *Flanagan*, and *Frost* cases and (2) propose that the Court remove the *Salmons* action from the class certification process.

 Dated:  December 23, 2019                       ARNOLD & PORTER KAYE SCHOLER LLP

                                               /s/ Sean Morris
                                               Sean Morris
                                               777 South Figueroa Street, 44 Floor
                                               Los Angeles, CA 90017-5844
                                               Telephone: (213) 243-4000
                                               Facsimile: (213) 243-4199
                                               sean.morris@arnoldporter.com

                                               Andrew Solow
                                               Angela R. Vicari
                                               ARNOLD & PORTER KAYE SCHOLER LLP
                                               250 W. 55th St.
                                               New York, NY 10019
                                               Telephone: (212) 836-7408
                                               Facsimile: (212) 836-6495
                                               andrew.solow@arnoldporter.com
                                               angela.vicari@arnoldporter.com

                                               *Counsel for Endo Pharmaceuticals Inc., Endo*
                                               *Health Solutions Inc., Par Pharmaceutical, Inc.*
                                               *and Par Pharmaceutical Companies, Inc.*

/s/ Emily S. Ullman
Geoffrey E. Hobart
Emily S. Ullman
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
eullman@cov.com

*Counsel for McKesson Corporation*

/s/ Terry M. Henry
Terry M. Henry, Esquire
Melanie S. Carter, Esquire
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5644
Fax:  (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Cephalon, Inc.; Watson Laboratories, Inc., Actavis LLC and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

/s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Tel.: (312) 782-3939
Fax: (312) 782-8585
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

10

*/s/ Robert A. Nicholas*
Robert A. Nicholas
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
Sharon Desh
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

11

167229373

/s/ Enu Mainigi
Enu Mainigi
F. Lane Heard
Steven M. Pyser
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*

/s/ Maria R. Durant
Maria R. Durant
Sara E. Silva
HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 02110
Tel: (617) 371-1024
Fax: (617) 371-1037
maria.durant@hoganlovells.com
sara.silva@hoganlovells.com

*Counsel for Indivior Inc.*

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
Kristina Matic
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel: 617.342.4000
Fax: 617.342.4001
jmatthews@foley.com
kkoski@foley.com
kmatic@foley.com

*Counsel for Anda, Inc.*

12

167229373

*/s/ Daniel G. Jarcho*
Daniel G. Jarcho
D.C. Bar No. 391837
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Facsimile: (202) 239-333
daniel.jarcho@alston.com

Cari K. Dawson
Georgia Bar No. 213490
Jenny A. Hergenrother
Georgia Bar No. 447183
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
jenny.hergenrother@alston.com

*Counsel for Noramco*

*/s/Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendants Allergan plc (appearing specially) and Allergan Finance, LLC (f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.)*

167229373

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
clifland@omm.com

*Attorneys for Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ Andrew J. O'Connor
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel for Mallinckrodt LLC and SpecGx LLC, and appearing specially for Mallinckrodt plc*

/s/ William E. Padgett
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel:      (317) 236-1313
Fax:     (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith, LLC, f/k/a. H. D. Smith Wholesale Drug Co.; H. D. Smith Holdings, LLC and H. D. Smith Holding Company*

14

/s/   Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid Corp. and Rite Aid of Maryland, Inc.*

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel:  (202) 778-1800
Fax:  (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Health Corporation*

15

167229373