# Exhibit A

# Ullman, Emily

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> |
| **Sent:** | Saturday, September 28, 2019 12:16 AM |
| **To:** | Ullman, Emily |
| **Cc:** | 'xopioidNAS@arnoldporter.com'; Scott R. Bickford; Celeste Brustowicz |
| **Subject:** | Re: MDL 2804: NAS Class Certification Motion Schedule - Extension Request |

**[EXTERNAL]**
Dear Counsel:

The Court,s 9/17/19 Order states that "no further extensions of time will be granted on this issue."  I do not have the authority to do what you ask.

That said, I will add a comment regarding your statement that, "in Plaintiffs' proposed scheduling order, which we received this morning, they have suggested that [1] they not file their motion for class certification until November, [2] reserving the right to amend and [3] add to selection of class representatives until an as-yet unspecified date." (underlining and brackets added).

The two underlined positions of plaintiffs are clearly not acceptable.  (I also do not understand why their proposal was made only today, so close to the deadline.)  These positions clearly would not allow for the parties to, as the Court ordered, submit "an agreed upon scheduling order that will permit the Court to review a fully briefed class certification motion by the end of the year."

I strongly suggest you and plaintiffs submit a reasonable schedule by the required deadline.  If absolutely necessary this schedule *maybe* can later be tweaked slightly; no promises.  In any event, the schedule **must** be arranged so that, by the "end of the year": (1) the parties have completed any necessary discovery; (2) the motion/response/reply period is completed;* and (3) the discovery and briefing are triggered by fulsome complaints that need no further amendment nor additional identification of class representatives.   The Court made this extremely clear in its Order and its comments to the parties in Court.

As Judge Polster stated, if plaintiffs cannot agree to a reasonable schedule triggered by early filing of fulsome complaints, they risk summary dismissal of their cases.

-David

*Given standard periods for responses and replies, and the holiday season, it appears any motion for certification would have to be filed in November at the very latest.  More realistically, late October or very early November.

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

1

**From:** Ullman, Emily <eullman@cov.com>
**Sent:** Friday, September 27, 2019 6:19 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** 'xopioidNAS@arnoldporter.com' <xopioidNAS@arnoldporter.com>; Scott R. Bickford <srb@mbfirm.com>; Celeste Brustowicz <cbrustowicz@clfnola.com>
**Subject:** MDL 2804: NAS Class Certification Motion Schedule - Extension Request

Special Master Cohen,

I write on behalf of the Defendants in the NAS cases to request a brief, two-week extension to the deadline for the parties to submit a scheduling order. Under Judge Polster's most recent order addressing the proposed NAS class certification motion, issued on September 17 in response to a unilateral motion for extension by Plaintiffs, the parties are required to submit a proposed schedule for briefing and related deadlines by this coming Monday, September 30. But Plaintiffs are not required to file their amended complaints until October 7.

At this point in time, Defendants do not have even the most basic information about the cases or putative classes that will be the subject of the motion for class certification. Specifically, we do not know in which cases amendments will be filed, what the putative classes will be, what claims are being asserted on behalf of those classes, who the class representatives will be, or what law or laws will be at issue. We know that Plaintiffs intend to present 3-5 experts but not the areas of their expertise or anything about their opinions.

We have been attempting to obtain this information from Plaintiffs since Judge Polster issued his first order on August 22 directing the parties to meet and confer on a schedule; indeed, we first reached out to them asking for these answers on August 25 and have followed up several times. We have not yet received any substantive responses, and we understand from Plaintiffs at our first meet-and-confer this week that their position is that they are not yet able to provide us with any. They have represented that they will *try* to get Defendants some information by mid-next week but have not committed to actually doing so. And in Plaintiffs' proposed scheduling order, which we received this morning, they have suggested that they not file their motion for class certification until November, reserving the right to amend and add to selection of class representatives until an as-yet unspecified date. Throughout this process, and even within the body of their proposed schedule, Plaintiffs have objected to setting a schedule on motion practice they themselves requested.

In short, we are being asked to negotiate a class certification schedule without knowing anything about the issues most important to the cases in which Plaintiffs will file their motion. Defendants cannot reasonably be expected to agree on a schedule developed in this way – and certainly not one that would lead to a fully-briefed motion by the end of the calendar year. We are unable to engage in productive negotiations absent any degree of certainty about what we are agreeing to.

Accordingly, we respectfully request that the deadline for proposing the briefing schedule be extended until October 14, which is one week after Plaintiffs must file their amended complaints. This is consistent with Judge Polster's August 23 order, which allowed the parties to see the filed amended complaints before submitting a briefing schedule. And though we understand that the Court is concerned about delay in these cases, moving the briefing schedule proposal due date will not further delay the substantive filings.

Plaintiffs have previously stated that they would not oppose a request for an extension to this deadline. We have not yet received their position on the particular request for two weeks, but in light of the upcoming weekend and holiday we wanted to send this request to you sooner rather than later.

Sincerely,

Emily Ullman

**Emily Ullman**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5662 | eullman@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.