**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION | )  MDL No. 2804 |
| OPIATE LITIGATION | ) |
| | )  Case No.  1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| *Track CT1B* | )  Judge Dan A. Polster |
| *The County of Cuyahoga, Ohio, et al.* | ) |
| *v.* | )  **DEMAND FOR JURY TRIAL** |
| *Purdue Pharma L.P., et al.,* | ) |
| CASE NO.  17-op-45004 | ) |

### DEFENDANT HBC SERVICE COMPANY ANSWER[1] AND AFFIRMATIVE DEFENSES TO AMENDMENT BY INTERLINEATION

HBC Service Company ("HBC") and Giant Eagle, Inc. ("Giant Eagle") by and through its undersigned attorneys, Marcus & Shapira LLP, answers the new allegations in Plaintiffs' Amendment by Interlineation (the "Amendment") and asserts the following Affirmative Defenses in the above-captioned action as follows:

The first unnumbered paragraph of the Amendment as well as other heading paragraphs state legal conclusions and Plaintiffs' characterizations of its own claims, to which no response is required.  To the extent a response is deemed required, the first paragraph and all headings are hereby denied.

***Regarding the amendments to the "PARTIES" allegations of Section II.B.7-11:***

1.      The averments contained in Paragraph 1 are admitted except that Giant Eagle's principal place of business is located in Pittsburgh, Pennsylvania and HBC's distribution activities were limited to self-distribution to Giant Eagle pharmacies only and further limited to

---

[1] HBC and Giant Eagle (as defined herein) file this Answer to comply with the directives of the Court and the Special Master and without prejudice to the Motion to Dismiss previously filed at MDL ECF No. 3036.

Schedule 3-5 controlled substances.  Any prescriptions Giant Eagle dispensed were by a licensed pharmacist pursuant to a valid prescription.

2.      The averments contained in Paragraphs 2 through 10 of this section of the Amendment are asserted against Defendant(s) other than HBC and/or Giant Eagle and are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments, are conclusions of law to which no responsive pleading is required and/or are otherwise generally denied.  To the extent that the allegations lump HBC and Giant Eagle into the definition of "National Retail Pharmacies" HBC and Giant Eagle object to that classification as unfounded because they are not national. HBC and Giant Eagle answer the Amendments on their own behalf, and have no information or belief related to any other defendant included within the definition of "National Retail Pharmacies."

***Regarding the amendments to the "Factual Allegations" and paragraphs inserted immediately after paragraph 602 and immediately before Section I.E.7.b, HBC/Giant Eagle Answer as follows:***

3.      The averments contained in Paragraphs 1 through 12 of this section of the Amendment are conclusions of law to which no responsive pleading is required and/or are otherwise generally denied.  To the extent that a response is required, HBC and Giant Eagle admit that their prescription drug activities are subject to federal regulations, and HBC and Giant Eagle admit compliance with those federal regulations.  To the extent that the allegations make any further averments, those are denied.

4.      The averments contained in Paragraphs 13 through 92 of this section of the Amendment are asserted against Defendant(s) and/or third parties other than HBC and/or Giant Eagle and are denied for lack of knowledge or information sufficient to form a belief as to the

truth of the averments, are conclusions of law to which no responsive pleading is required and/or are otherwise generally denied.  To the extent that the allegations are aimed at HBC and/or Giant Eagle, the allegations are too vague and ambiguous for HBC or Giant Eagle to have a response, and on that ground, HBC and Giant Eagle deny the allegations from Paragraphs 13 through 92.

5.      The averments contained in Paragraph 93 of this section of the Amendment are denied.

6.      The averments contained in Paragraph 94 of this section of the Amendment are denied.

7.      The averments contained in Paragraph 95 of this section of the Amendment include quotes from a document not appended to the Amendment; that document speaks for itself, the averments contain conclusions of law to which no responsive pleading is required and are otherwise generally denied.

8.      The averments contained in Paragraph 96 of this section of the Amendment are denied.

9.      The averments contained in Paragraph 97 of this section of the Amendment contain conclusions of law to which no responsive pleading is required and are otherwise generally denied.

10.     The averments contained in Paragraph 98 of this section of the Amendment are not factual allegations and are hereby denied.

11.     The averments contained in Paragraph 99 of this section of the Amendment are denied.

12.     The averments contained in Paragraphs 100 through 117 of this section of the Amendment are asserted against Defendant(s) other than HBC and/or Giant Eagle and are denied

for lack of knowledge or information sufficient to form a belief as to the truth of the averments, are conclusions of law to which no responsive pleading is required and/or are otherwise generally denied.  To the extent that the allegations are aimed at HBC and/or Giant Eagle, the allegations are too vague and ambiguous for HBC or Giant Eagle to have a response, and on that ground, HBC and Giant Eagle deny the allegations from Paragraphs 100 through 117.

***Regarding the amendments to the Sixth Claim for Relief, HBC/Giant Eagle Answers as follows:***

13.     The averments contained in Paragraphs 118 through 160 of this section of the Amendment are conclusions of law to which no responsive pleading is required, are directed at other Defendants and/or are otherwise generally denied.

## AFFIRMATIVE DEFENSES

HBC and Giant Eagle hereby incorporate by reference all affirmative defenses identified in HBC's Answer to the Second Amended Complaint as equally applicable to the Amendment. HBC and Giant Eagle also identify the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiffs fail to state a claim against HBC or Giant Eagle upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs fail to join one or more necessary and indispensable parties, including but not limited to: third parties that were allegedly injured; third parties that wrongfully diverted prescriptions; third parties that were responsible for the oversight and regulation of the manufacture, distribution and dispensing of prescription opioids, including the DEA and the Ohio State Board of Pharmacy; and/or doctors and other medical practitioners that issued the prescriptions at issue.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

4.      HBC and Giant Eagle did not owe or breach any common law, statutory or other duty to Plaintiffs.  HBC and Giant Eagle appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint and the Amendment.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs lack standing, capacity and/or authority to assert their claims against HBC and Giant Eagle, including claims indirectly maintained on behalf of their citizens and claims brought as *parens patriae*.  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have no private right of action under the relevant laws and regulations and/or Plaintiffs are not the real party in interest.

## SIXTH AFFIRMATIVE DEFENSE

6.      HBC and Giant Eagle did not proximately cause Plaintiffs' injuries and/or damages.  Plaintiffs are unable to plead or prove that any act or failure to act of HBC and/or Giant Eagle, including with respect to the dispensing of opioid prescriptions and the design and operation of a system to detect and report suspicious orders with respect to distribution activities, caused anybody any harm or resulted in any expenditures or damages by Plaintiffs.  HBC and Giant Eagle deny all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against HBC and Giant Eagle.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs fail to allege a legally cognizable injury for their claims.  Plaintiffs'
alleged injuries are wholly derivative of alleged personal injuries of others and do not affect a
"public right".

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred in whole or in part by the independent, intervening
and/or superseding acts or failures to act of third parties, including but not limited to: the
intentional and/or criminal acts of third parties; the intentional and/or criminal acts of doctors
and other medical providers who issued the prescriptions at issue; and/or the intentional acts of
third parties that were responsible for the oversight and regulation of the manufacture,
distribution and dispensing of prescription opioids, including the DEA and the Ohio State Board
of Pharmacy.  Such acts or failures to act were not reasonably foreseeable to HBC or Giant Eagle
and HBC and Giant Eagle are not liable for such acts or failures to act, and neither HBC nor
Giant Eagle had a duty to prevent such acts.  Any and all losses or claims allegedly sustained by
Plaintiffs are the result of acts and/or omissions of persons over whom HBC and Giant Eagle
does not, or did not, have any direction or control, and for whose actions or omissions HBC and
Giant Eagle are not liable.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims are barred in whole or in part by Plaintiffs' comparative and/or
contributory negligence, including but not limited to: Plaintiffs' superior knowledge of the
alleged crisis, including Plaintiffs' access to detailed distribution and dispensing information
through the OARRS database, access to law enforcement information and access to abuse and
treatment information; Plaintiffs' failure to effectively enforce the law and prosecute violations
thereof; Plaintiffs' own distribution and/or dispensing of prescription opioids by its own

employees; and Plaintiffs' failure to communicate with Defendants with respect to the distribution and/or dispensing of prescription opioids.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' claims are preempted by federal law and/or Ohio law, including (without limitation) the federal Controlled Substances Act ("CSA"), the Food, Drug, and Cosmetic Act ("FDCA"), and/or Title 47 XLVII Occupations-Profession of the Ohio Revised Code, and they conflict with Congress' and/or Ohio's purposes and objectives in enacting relevant federal and Ohio legislation and authorizing regulations, including the Hatch-Waxman amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co*., 529 U.S. 861 (2000).  Plaintiffs' claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' tort claims, including common law and statutory public nuisance claims and negligence claims, are abrogated in whole or in part by the Ohio Product Liability Act.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' public nuisance claims are barred or limited because HBC and Giant Eagle did not unreasonably interfere with a public right.  No action of HBC or Giant Eagle involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against a self-distributor or a pharmacy sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of HBC or Giant Eagle is too remote from the alleged injury as a matter of law and due process.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claims are barred by the learned intermediary doctrine.  All orders filled by HBC were only for Giant Eagle pharmacies which only ordered and dispensed controlled substances pursuant to prescriptions issued by adequately warned doctors and other authorized medical practitioners, which HBC and Giant Eagle had a duty to fill.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Neither HBC nor Giant Eagle manufactured, advertised, promoted or marketed any prescription opioids at any time.  HBC and Giant Eagle are not liable for any statements or omissions in the Manufacturer Defendants' branded or unbranded materials, advertisements, promotions or marketing materials.  Nobody relied to their detriment upon any statements by HBC or Giant Eagle in connection with the prescribing or use of opioids.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     HBC only distributed to affiliated Giant Eagle pharmacies and did not distribute prescription opioids or any other products to any third parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     At all relevant times HBC's DEA Distributor registration was limited to Schedule 3, 4 and 5 controlled substances.  As a result, HBC never distributed Schedule 2 prescription opioids (the prescription opioids at issue in this case), and only self-distributed certain generic hydrocodone combination products ("HCPs") to Giant Eagle pharmacies from November 2009 to October 2014 when HCPs were classified as Schedule 3 controlled substances.  When HCPs were reclassified from Schedule 3 to Schedule 2 in approximately October of 2014 HBC stopped distributing HCPs and no longer distributed any opioids at issue in this case.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     At all relevant times Giant Eagle and HBC substantially and/or fully complied with the DEA's and Ohio's security requirements set forth in regulations, including federal Regulation §§ 1301.71 and 1301.74(b), based upon their overall integrated system of controls at the HBC warehouse facility, Giant Eagle corporate headquarters and Giant Eagle pharmacies. These controls were reasonable in light of, among other factors, the types and quantities of controlled substances HBC handled (never Schedule 2's, etc.), physical buildings and security systems and multiple other internal controls.  The DEA's and Ohio Board of Pharmacy's knowledge and audits of such systems and controls without any complaints or deficiencies further establishes their adequacy and compliance with the regulations.

**EIGHTEENTH FIFTEENTH AFFIRMATIVE DEFENSE**

18.     Plaintiffs fail to state a claim against Giant Eagle and its affiliates, including the Giant Eagle Rx Distribution Center which is a separately licensed and separate distribution warehouse facility that opened in January of 2016 that has not been named as a defendant in any case.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiffs' claims are barred in whole or in part by the economic loss rule.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Plaintiffs' "Injury Through Criminal Acts" claim is barred by the absence of any criminal conviction and the absence of any injury to Plaintiffs' "person or property" and/or Defendants are "specifically excepted by law" from liability.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     At all relevant times Giant Eagle pharmacies and pharmacists fully complied with all applicable regulations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiffs' civil conspiracy claim fails because there is no "malicious combination" between HBC and any other defendant and there is no underlying unlawful act or intentional tort.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands, waiver, estoppel, laches, acquiescence, ratification, consent, settlement, release and/or in *pari delicto*.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiffs are barred from recovery by Plaintiffs' failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     To the extent Plaintiff attempts to seek equitable relief, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiffs would be unjustly enriched if allowed to recover on any of their claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     To the extent that Plaintiffs seek punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The damages which Plaintiffs may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiffs' claims for punitive or exemplary damages are barred because Plaintiffs cannot prove by clear and convincing evidence that Giant Eagle and/or HBC was grossly negligent and neither acted or failed to act in a manner that entitles Plaintiffs to recover punitive or exemplary damages.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury

consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendant the same procedural protections that are accorded to criminal defendant under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Defendant's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiffs' use of a contingency fee contract with private counsel.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     To the extent Plaintiffs are alleging fraud, fraudulent concealment, or similar conduct, Plaintiffs have failed to plead the allegations with sufficient particularity.  Plaintiffs fail to plead any actionable misrepresentation or omission made by or attributable to Giant Eagle or HBC.  Plaintiffs' claims are barred in whole or in part because no conduct of Giant Eagle or HBC was misleading, unfair, or deceptive.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims are barred, in whole or in part, by the free public services doctrine and/or the municipal cost recovery doctrine.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiffs are barred from recovery against Giant Eagle and HBC because both complied with all applicable federal and Ohio State rules and regulations related to distribution and dispensing of the subject prescription medications.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiffs' claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

## THIRTY-SIXTH AFIRMATIVE DEFENSE

36.     Plaintiffs are barred from recovery by application of the informed consent doctrine.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiffs' claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on any Defendant.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Plaintiffs are barred or limited from recovery by the principles of assumption of risk, including that users of the medications at issue used them after they knew, or should have known, of their alleged risks.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Giant Eagle and HBC, and in the event that Giant Eagle and/or HBC is found to be liable to Plaintiffs, Giant Eagle and HBC will be entitled to indemnification, contribution, and/or apportionment.

## FORTIETH AFFIRMATIVE DEFENSE

40.     Plaintiffs' claims are barred to the extent that the subject prescription medications were misused, modified, altered, or changed from the condition in which they were sold, which misuse, modification, alteration, or change caused or contributed to cause Plaintiffs' alleged injuries or damages, and over which HBC and Giant Eagle had no control.

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.     HBC and Giant Eagle are not liable for any injuries or expenses allegedly incurred by Plaintiffs to the extent the injuries or expenses as alleged may have resulted from the pre-existing and/or unrelated medical conditions of the users of the subject prescription medications.

## FORTY-SECOND AFFIRMATIVE DEFENSE

42.     Plaintiffs may not recover against HBC and/or Giant Eagle because the methods, standards, or techniques of distributing and dispensing of the subject prescription medications complied with and were in conformity with the generally recognized state of the art processes at the time the product was designed, manufactured, labeled, and distributed.  If Plaintiffs incurred the damages alleged, which is expressly denied, neither HBC nor Giant Eagle is liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDA and the FDCA, and the

generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

43.    Plaintiffs' claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44.    Plaintiffs' claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

45.    Plaintiffs' claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

46.    To the extent that Plaintiffs rely on letters or other informal guidance from the DEA to establish Defendant's regulatory duties, such informal guidance cannot enlarge Defendant's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injuries or damages as a result of any action by HBC or Giant Eagle.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.     Plaintiffs' Complaint and Amendment are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiffs from recovering payments that they allegedly made on behalf their residents to reimburse any expenses for health care, pharmaceutical care, and other public services.  The alleged injuries and damages asserted by Plaintiffs are too remote and/or speculative from the alleged conduct of HBC or Giant Eagle to be a basis for liability as a matter of law and due process and derive solely from the claims of others. Plaintiffs, to the extent they are seeking any damages in their capacity as a third-party payor, cannot recover as damages the costs of healthcare provided to insureds.

## FORTY-NINTH AFFIRMATIVE DEFENSE

49.     Plaintiffs' claims are barred, reduced, and/or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs. A specific percentage of the tortious conduct that proximately caused the injury or loss to person or property is attributable to one or more persons from whom Plaintiffs do not seek recovery in this action.  Should HBC and/or Giant Eagle be held liable to Plaintiffs, which liability is specifically denied, HBC and/or Giant Eagle is entitled to a credit or set-off for all sums of money received or available from or on behalf of any tortfeasor(s), by way of judgment or settlement, for the same injuries alleged in Plaintiffs' Complaint and/or Amendment.

## FIFTIETH AFFIRMATIVE DEFENSE

50.     Plaintiffs' injuries, losses, or damages, if any, were caused by or contributed to by other persons or entities, whether named or not named as parties to this action, who may be

jointly and severally liable for all or part of Plaintiffs' alleged injuries, losses, or damages, if any. HBC and Giant Eagle will request apportionment of the fault pursuant to Ohio Revised Code section 2307.23, *et seq*, of all named parties to this action, whether or not they remain parties at trial. If HBC and/or Giant Eagle is found liable for Plaintiffs' alleged injuries and losses (which liability is specifically denied), HBC and/or Giant Eagle are liable only for its proportionate share of the damages that represent economic loss. Ohio Revised Code 2307.22.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

51. Any damages that Plaintiffs may recover against HBC and/or Giant Eagle must be reduced to the extent that Plaintiffs are seeking to damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs. Any damages that Plaintiffs may recover against HBC and/or Giant Eagle must be reduced to the extent they unjustly enrich Plaintiffs.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

52. HBC and/or Giant Eagle's liability, if any, will not result from HBC and/or Giant Eagle's conduct but solely the result of an obligation imposed by law, and thus HBC and/or Giant Eagle is entitled to complete indemnity, express or implied, by other parties.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

53. To the extent that Plaintiffs seek relief for Defendant's conduct occurring before enactment of the applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

54. To the extent that Plaintiffs' claims relate to HBC's, Giant Eagle's or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the

First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply, such claims are barred.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

55.     Plaintiffs' claims are barred to the extent that HBC and Giant Eagle have valid defenses which bar recovery by those persons on whose behalf Plaintiffs purportedly seek recovery.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

56.     HBC and Giant Eagle adopt by reference all defenses asserted in any party's motion to dismiss and/or answer filed herein.  HBC and Giant Eagle assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Ohio Rules of Civil Procedure 8(C) and 12(B), as investigation and discovery proceeds.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

57.      The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

58.     Plaintiffs' claims are barred or limited by the political question and separation of powers doctrines and because this claim implicates issues of statewide importance that are reserved for state regulation.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

59.     The claims asserted against HBC, Giant Eagle and other Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

## SIXTIETH AFFIRMATIVE DEFENSE

60.     Plaintiffs' claims are barred to the extent that they are based on a theory of market share liability.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

61.     Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and hypothetical.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

62.     Plaintiffs' claims are not ripe, and/or have been mooted.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

63.     HBC and Giant Eagle hereby give notice that they reserves the right to rely upon any other applicable defenses set forth in any Answer of any other Defendant in this Action, reserves the right to rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and reserves their right to amend their Answer and to assert any such defenses.

## PRAYER FOR RELIEF

HBC and Giant Eagle deny that Plaintiffs are entitled to judgment or any relief, remedies or damages sought against either HBC and/or Giant Eagle as defined in either the Complaint or the Amendment.  HBC and Giant Eagle further deny any and all averments in Plaintiffs' Complaint and/or Amendment not specifically admitted above.  HBC and Giant Eagle request that the Court enter judgment in its favor and against Plaintiffs on all Counts, award HBC and Giant Eagle their reasonable attorney's fees and costs with interest, and grant HBC and Giant

Eagle any and all other appropriate legal and equitable relief the Court deems appropriate.

Dated:  December 23, 2019                    Respectfully submitted,

                                             /s/ Robert M. Barnes
                                             Robert M. Barnes
                                             rbarnes@marcus-shapira.com
                                             Joshua A. Kobrin
                                             kobrin@marcus-shapira.com

                                             MARCUS & SHAPIRA LLP
                                             35th Floor, One Oxford Centre
                                             301 Grant Street
                                             Pittsburgh, PA  15219
                                             Telephone: (412) 471-3490
                                             Facsimile: (412) 391-8758
                                             Counsel for Defendant HBC Service
                                             Company

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 23, 2019, I electronically filed the foregoing document with the Clerk of the United States District Court, Northern District of Ohio.  The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Robert M. Barnes*
Robert M. Barnes, Esq.

A1434134.3