# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-MD-2804 |
| This document relates to: Case No. 18-op-45090 | Judge Dan Aaron Polster |
| *The County of Summit, Ohio, et al.* | |

## DEFENDANTS WALGREEN CO. AND WALGREEN EASTERN CO., INC.'S ANSWER TO PLAINTIFFS' AMENDMENT BY INTERLINEATION

Defendants Walgreen Co. and Walgreen Eastern Co., Inc. ("Walgreens") hereby answer Plaintiffs' Amendment by Interlineation as follows. Walgreens incorporates in full its answers to all prior complaints, including its answers to the Amendment by Interlineation in *The County of Cuyahoga, Ohio*, No. 17-op-45004, and reserves the right to seek to amend or supplement this Answer. Any allegation not expressly admitted is denied.

The allegations in the introductory paragraph of the Amendment by Interlineation are vague, including the reference to "10mg equivalent pills." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

## PARTIES[1]

1.        The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

2.        The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

3.        The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

4.        The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

5.        The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

---

[1] The paragraphs in Plaintiffs' Amendment by Interlineation are not consecutively numbered.  Walgreens includes these headers to assist the Court in identifying the correct numbered allegation being answered.

6.      The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

7.      Walgreens admits that Walgreen Co. is an Illinois corporation with its principal place of business in Deerfield, Illinois, and that Walgreen Eastern Co., Inc. is a New York corporation with its principal place in business in Deerfield, Illinois. Walgreens admits that Plaintiffs purport to use the term "Walgreens" as defined in this paragraph. Walgreens admits that it previously engaged in the distribution of certain prescription opioid medications to certain of its own pharmacies. Walgreens admits that Walgreens pharmacies have dispensed prescription medications, including controlled substances, when presented with a valid prescription. Walgreens denies the remaining allegations in this paragraph.

8.      Walgreens admits that it acquired certain Rite Aid stores. Walgreens denies all other allegations.

9.      The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

10.     Walgreens admits that Plaintiffs purport to use the terms "National Retail Pharmacies" and "Distributor Defendants" as defined in this paragraph.

## FACTUAL ALLEGATIONS

1.      This paragraph states legal conclusions as to which no response is required. To the extent that a response is found be required, Walgreens states that federal and state law

impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens, its distribution centers, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

2.      This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens denies the allegations of the paragraph to the extent they are meant to refer to Walgreens. To the extent that the allegations of the paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

3.      This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens, its distribution centers, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

4.      This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law

4

impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens, its distribution centers, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

5.      This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

6.      This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

7.      This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law

impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens, its distribution centers, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

8.      This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

9.      To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens admits that it possesses certain data about dispensing of controlled substances but otherwise denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

10.      Walgreens admits that the DEA has at various times given certain guidance concerning the dispensing of controlled substances by pharmacists. Walgreens otherwise denies the allegations.

11.     Walgreens admits that the listed items may be relevant to the evaluation of a specific prescription presented by a patient. Walgreens otherwise denies the allegations.

12.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens admits that it possesses certain data about dispensing and distribution of controlled substances but otherwise denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

13.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens admits that at times certain Walgreens employees have met with certain representatives of the DEA. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

14.     Walgreens admits that the listed items may be relevant to the evaluation of a specific prescription presented by a patient. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

15.     Walgreens admits that the listed items may be relevant to the evaluation of a specific prescription presented by a patient. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

16.     Walgreens admits that Plaintiffs purport to describe certain of the contents of a NACDS manual. Walgreens states that the document speaks for itself and respectfully refers the Court to the cited document for its true and correct content. Walgreens otherwise denies the allegations.

17.     The allegations in this paragraph are vague, including the reference to "industry standards." Walgreens therefore denies the allegations.

18.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens admits that it possesses certain data about dispensing of controlled substances and that the listed items may be relevant to the evaluation of a specific prescription presented by a patient. Walgreens otherwise denies the allegations. To the extent the allegations are meant to and do refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

19.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

20.     To the extent that the allegations in the first four sentences of this paragraph refer to Walgreens, Walgreens admits that it possesses certain data about dispensing of controlled substances and that data analytics companies may seek to purchase some of that data. To the extent the allegations in the first four sentences of this paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. Walgreens admits that it has at times used certain data to set ordering limits for its own pharmacies. Walgreens admits that Walgreens Boots Alliance, Inc. currently has the ability to appoint one member of the board of directors of AmerisourceBergen

8

Corporation and that the Co-Chief Operating Officer of Walgreens Boots Alliance, Inc. currently serves on the nine-member AmerisourceBergen Corporation board of directors. Walgreens otherwise denies the allegations.

21. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

22. To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens admits that it possesses certain data about dispensing and distribution of controlled substances but otherwise denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

23. Denied.

24. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

25. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

26. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

27.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

28.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

29.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

30.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

31.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens states that the allegations in this paragraph are vague, including the reference to "10mg equivalent pills." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent

10

Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

32.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

33.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

34.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens states that the allegations in this paragraph are vague, including the reference to "percentile among retail and chain pharmacies." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

35.     The allegations in the first two sentences of this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required to the first two sentences of this paragraph, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore

denies them. To the extent the last sentence of this paragraph is meant to refer to Walgreens, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

36. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

37. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

38. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

39. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required to the first sentence of this paragraph, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent that a response is found to be required to the second sentence of this paragraph, Walgreens states that

the allegations in this paragraph are vague, including the reference to "opioid dosage units." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

40. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens states that the allegations in this paragraph are vague, including the reference to "dosage units of opioids." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

41. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

42. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

43. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens states that the allegations in this paragraph are vague, including the reference to "opioid purchasing volume." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

44. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

45. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

46. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

47. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

48. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

49. Walgreens admits that it has had its Good Faith Dispensing policies in place for many years. Walgreens otherwise denies the allegations.

50. Walgreens admits that it entered into a settlement with DEA and the United States Department of Justice in 2011. Walgreens otherwise denies Plaintiffs' characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

51. Denied.

52. As to the first sentence of this paragraph, Walgreens states that a Walgreens employee described DEA actions against certain unidentified Florida pharmacies as a "crackdown" and purported to quote a 2012 news article regarding Walgreens' market share in Florida. As to the second sentence of this paragraph, Walgreens states that the allegations of this paragraph quote the questions and/or answers at the deposition of a Walgreens employee regarding information he personally learned following the settlement with DEA and the United States Department of Justice in June 2013. As to the third sentence of this paragraph, Walgreens states that certain Walgreens employees were among the over 50 recipients of a September 2012 email attaching a 35-page presentation that referenced an Ohio drug ring that made trips to Florida. Walgreens otherwise denies the allegations, including Plaintiffs' characterization of the

referenced documents, and respectfully refers the Court to the referenced documents for their true and correct content.

53.     The first and second sentences of this paragraph state legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens denies the allegations. As to the third and fourth sentences of this paragraph, Walgreens admits that Walgreens representatives communicated and met with local law enforcement officials regarding concerns about the abuse of prescription drugs in a Florida town. Walgreens otherwise denies the allegations.

54.     Walgreens admits that it entered into a settlement with DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiffs' characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

55.     Walgreens admits that it entered into a settlement with DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiffs' characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the relevant documents for their true and correct content.

56.     Walgreens admits that Plaintiffs have quoted portions of a November 2017 article and a March 2013 memo. Walgreens denies Plaintiffs' characterizations of the article and memo, and respectfully refers the Court to any cited documents for their true and correct content. Walgreens admits that, as part of the settlement entered into with DEA and the United States Department of Justice in June 2013, Walgreens agreed to exclude controlled substances from bonus calculation for certain employees. Walgreens otherwise denies the allegations.

16

57.     Walgreens admits that Denman Murray sat for a deposition in this litigation. Walgreens otherwise denies Plaintiffs' characterization of his testimony and the remaining allegations in this paragraph and respectfully refers the Court to the referenced deposition transcript for its true and correct content.

58.     Walgreens admits that it possesses certain data about dispensing of controlled substances but otherwise denies the allegations.

59.     The allegations in this paragraph are vague, including the reference to "10mg equivalent pills." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

60.     Denied.

61.     Denied.

62.     The allegations in this paragraph are vague, including the reference to "percentile among retail and chain pharmacies." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

63.     The first two sentences of this paragraph state legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens denies the allegations. To the extent the last sentence of this paragraph is meant to refer to Walgreens,

17

Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

64.     Walgreens admits that it possesses certain data about dispensing of controlled substances but otherwise denies the allegations.

65.     Walgreens admits that Summit County has produced documents in which local law enforcement described an area of a Walgreens parking lot as a location where heroin and other drug transactions took place. Walgreens otherwise denies the allegations.

66.     Walgreens admits that the Ohio Board of Pharmacy suspended the license of a former Walgreens pharmacist who stole oxycodone for his own use on single occasion in an attempted suicide. Walgreens otherwise denies the allegation.

67.     Walgreens admits that Plaintiffs purport to quote documents without citation. Walgreens denies Plaintiffs' characterizations of those documents, states that the documents speak for themselves, and respectfully refers the Court to the underlying documents for their true and correct content. Walgreens otherwise denies the allegations.

68.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

69.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens states that the allegations in this paragraph are vague, including the reference to "10mg equivalent pills." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

70. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

71. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

72. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens states that the allegations in this paragraph are vague, including the reference to "percentile among retail and chain pharmacies." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

73.     The allegations in the first two sentences of this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required to the first two sentences of this paragraph, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent the last sentence of this paragraph is meant to refer to Walgreens, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

74.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

75.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

76.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

77.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

78.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

79.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

80.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

81.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

82.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

83.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens states that the allegations in this paragraph are vague, including the reference to "10mg equivalent pills." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

84.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

85.     The allegations in the first two sentences of this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required to the first two sentences of this paragraph, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent the last sentence of this paragraph is meant to refer to Walgreens, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of

controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

86.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

87.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

88.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

89.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

90.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

91.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

92.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

93.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

94.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

95.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

96.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

97.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

98.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

99.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

100.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

101.     The allegations in the first two sentences of this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required to the first two sentences of this paragraph, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent the last sentence of this paragraph is meant to refer to Walgreens,

Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens, its pharmacies, and its pharmacists have complied with their obligations. Walgreens otherwise denies the allegations.

102.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens states that the allegations in this paragraph are vague, including the reference to "10mg equivalent pills." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

103.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens states that the allegations in this paragraph are vague, including the reference to "percentile . . . among retail and chain pharmacies." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiffs purport to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, and respectfully refers the Court to the data for their true and correct contents.

104.     Walgreens incorporates its responses to all earlier paragraphs, including its responses to prior complaints.

105.    Denied.

106.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that Plaintiffs' allegation is not a complete and accurate description of the law of public nuisance as it applies to the claims that Plaintiffs purport to bring.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

121.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

122.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies that it has created or contributed to a nuisance. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Walgreens admits that Plaintiffs purport to want to abate a nuisance. To the extent

that the other allegations in this paragraph are meant to refer to Walgreens, Walgreens denies

that it has created or contributed to a nuisance. To the extent the allegations are meant to refer to

other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity

of the allegations and therefore denies them.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Walgreens admits that Plaintiffs purport to bring this claim as a public nuisance

claim, but Walgreens denies that they have any legal entitlement to relief.

145.    Walgreens admits that Plaintiffs seek the identified relief, but denies that they

have any legal entitlement to the relief.

## WALGREENS' AFFIRMATIVE DEFENSES

Walgreens incorporates in full its affirmative defenses to all prior complaints.

## DEMAND FOR JURY TRIAL

Walgreens hereby demands a jury trial as to all issues or claims for which a jury trial is

allowed.

Dated:  December 23, 2019   Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr*

Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 W. Hubbard Street
Chicago, Illinois  60654
Phone:  (312) 494-4400
Fax:  (312) 494-4440
Email:  kaspar.stoffelmayr@bartlitbeck.com
Email:  brian.swanson@bartlitbeck.com
Email:  kate.swift@bartlitbeck.com
Email:  sharon.desh@bartlitbeck.com
Email:  sten.jernudd@bartlitbeck.com

Lester C. Houtz
Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado  80202
Phone:  (303) 592-3100
Fax:  (303) 592-3140
Email:  les.houtz@bartlitbeck.com
Email:  alex.harris@bartlitbeck.com

*Counsel for Walgreen Co. and*
*Walgreen Eastern Co., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 23rd day of December, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co. and Walgreen Eastern Co., Inc.*
