# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** |
| | |
| | **Case No. 17-md-2804** |
| This document relates to: ***Track Two Cases*** | |
| | **Judge Dan Aaron Polster** |
| *Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.* Case No. 1:17-op-45053 | |
| *City of Huntington, W.Va. v. AmerisourceBergen Drug Corp., et al.* Case No. 17-op-45054 | |

## MOTION OF PHARMACY DEFENDANTS FOR CLARIFICATION OF ORDER GRANTING MOTION TO SEVER OF PLAINTIFFS CABELL COUNTY COMMISSION AND CITY OF HUNTINGTON AND SUPPORTING MEMORANDUM

Pharmacy Defendants[1], by and through their undersigned attorneys, hereby move for clarification of the Court's Order of December 16, 2019 (ECF No. 2990) granting the Motion to Sever of Plaintiffs Cabell County Commission and the City of Huntington, West Virginia ("Plaintiffs").  Pharmacy Defendants seek clarification of the Order granting Plaintiffs' Motion to make clear that the Court did not grant leave for Plaintiffs to pursue their Track 2 claims and causes of action through discovery against them "in a parallel track to CT1b."

---

[1] "Pharmacy Defendants" are defendants Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, and Rite Aid of West Virginia, Inc. ("Rite Aid"); Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co. ("Walgreens"); CVS Pharmacy, Inc., CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., and West Virginia CVS Pharmacy, L.L.C. ("CVS"); Walmart Inc. ("Walmart"); and Kroger Limited Partnership I and Kroger Limited Partnership II ("Kroger").

Plaintiffs filed their Motion to Sever (ECF No. 2989) after the close of business on Friday, December 13, 2019, requesting entry of an order severing all defendants from Track Two except for distributors AmerisourceBergen Drug Corporation, Cardinal Health, Inc. and McKesson Corporation.  In footnote 1 to their Motion, Plaintiffs announced their intention to "preserve their claims and causes of action against the severed defendants and seek to proceed against the same in a parallel track to CT1b."  ECF No. 2989 at 1 n. 1.  This Court granted Plaintiffs' Motion to Sever the morning of the following business day, Monday, December 16, 2019, without waiting for a response from any defendant and well before the fourteen days allowed by Local Rule 7.1(d) had elapsed.  *See* ECF No. 2990.  The Court's Marginal Entry Order did not specify whether Plaintiffs would be permitted to proceed with discovery against severed defendants in parallel to Track 1B.  This Motion seeks clarification of the Marginal Entry Order to make clear that the Court has not granted Plaintiffs such permission.

The approach Plaintiffs seek to pursue is not permissible.  While 28 U.S.C. § 1407 may allow the Court to remand claims, it does not allow simultaneous litigation of the same claim in the same suit in different federal courts, nor does it allow splitting up of defendants for that purpose.  If Plaintiffs have their way, the West Virginia case and claims will be multiplied into two simultaneous tracks:  (1) a discovery proceeding against severed defendants before this Court; and (2) a trial of the same case, involving the same claims, against non-severed defendants before a different federal judge in West Virginia.  There is no authority permitting such division and expansion of a lawsuit into simultaneous litigation of the same claims in multiple jurisdictions.  To the contrary, the purpose of Section 1407, and the entire rationale of MDL proceedings, is to consolidate litigation from multiple districts for pretrial proceedings, not to expand litigation of the same case and claims into multiple jurisdictions.  Plaintiffs should not be permitted to burden

the Pharmacy Defendants, who are already occupied with the discovery and pretrial phase of at least one other bellwether case, with simultaneous discovery in Track 2.  *See* In *re A.H. Robins Co., Inc.*, 610 F. Supp. 1099, 1101 (J.P.M.L. 1985) (denying motion to remand because "[t]he Panel does not have power to separate issues in civil actions, assigning one or more to the transferee court and one or more to transferor courts"); *In re Res. Expl., Inc., Sec. Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) ("[T]he Panel is not empowered to carve out issues for separate treatment under Section 1407."); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 489–90 (J.P.M.L. 1968) (describing "unequivocal and obviously deliberate withholding from the Panel of power to separate issues in a single civil action assigning one or more to the transferee court and one or more to the transferor court is a clear, precise and wise limitation on the powers of the Panel").

Moreover, such an approach is contrary to this Court's plan for selective remands, as well as its prior order severing defendants from Track 2.  Following the settlement of claims against most defendants in Track 1A, during the November 6, 2019 status conference, this Court announced its intention to "change the paradigm" by remanding select cases to their original venue in an effort to advance the proceedings and facilitate a global resolution.  *See* ECF No. 2913, at 3:2–5:4, 28:20–31:18.  This Court explained that this "selective remand" approach served to "advance the MDL" in an efficient manner, and observed that "if [the court] proceeds with the bellwether trial process as it has so far, it will simply take too long to reach each category of plaintiff and defendant, much less each individual plaintiff and defendant."  ECF No. 2941, at 3, 5.  The Court ordered the parties to propose four cases to remand:  (1) "a focused trial against the big three distributors," (2) "a focused trial against the manufacturers," (3) "a focused trial against the pharmacies," and (4) a case brought by an Indian tribal plaintiff.  ECF No. 2913, at 28:25–

29:11.  The Court explained that if the "pharmacy case" were to be the Track 1B case of Summit and Cuyahoga County against the pharmacies, plaintiffs would be precluded from doing exactly what they now attempt to do in their Motion to Sever:

> But if we're going to do that **there wouldn't be any more** **_severances_**.  These would be the cases.  There wouldn't be a West Virginia Track 1-BC, there would be a West Virginia case.  It would be just say hypothetical against the big three distributors, and one or two causes of action, and that would be it.  **The other causes of** **action would be _dismissed_ and so would the other defendants,** **and that's what would go forward**, and that judge would manage it.

ECF No. 2913, at 30:21-31:3 (emphasis added).

On November 22, 2019, the Court issued an Order Regarding Track Two Cases, stating that the Court would preside over discovery in Track 2 "for a short time" and then suggest remand. ECF No. 2950 at 1.  That order severed certain manufacturing and PBM defendants.  *See id.* at 2. It also stated that "the total number of defendants should be trimmed even further," explaining that "the Court believes the Track Two plaintiffs do not actually intend to pursue more than a small number of defendants in a single trial (as was true with the Track One plaintiffs), and certainly not all 14 of the distributor and national pharmacy defendants."  *Id.*  Accordingly, the Court directed the Plaintiffs to identify within seven days "those distributor and national pharmacy defendants against whom they do not have a true and serious intention of pursuing claims at trial on remand," and stated that the Court "will then sever these defendants as well."  *See* ECF No. 2950 at 2.  The Court emphasized that it would suggest remand of the Track 2 cases "only if plaintiffs pursue their claims against a practicable, triable number of defendants."  *Id.* at 2.

Plaintiffs did not comply with the Court's direction.  To the contrary, in their Motion to Sever Plaintiffs failed to identify **any** distributor and national pharmacy defendants they do not intend to pursue further.  Instead, Plaintiffs purportedly "preserve" all claims against the

defendants and apparently intend to pursue discovery now, in parallel with Track 1B.  This will subject the Pharmacy Defendants to defending simultaneously the West Virginia claims in Track 2 discovery in this Court, while also defending bellwether cases in this Court (Track 1B for the pharmacy defendants).

For the foregoing reasons, Pharmacy Defendants respectfully request clarification of this Court's December 16, 2019 Order granting Plaintiffs' Motion to Sever to make clear that the Court did not grant leave for Plaintiffs to pursue their Track 2 claims and causes of action through discovery against them "in a parallel track."

Dated: December 24, 2019                         Respectfully submitted,

                                                 */s/ Kelly A. Moore*
                                                 Kelly A. Moore
                                                 kelly.moore@morganlewis.com
                                                 Morgan, Lewis & Bockius LLP
                                                 101 Park Avenue
                                                 New York, NY 10178-0060
                                                 T: 212-309-6612
                                                 F: 212-309-6001

                                                 Elisa P. McEnroe
                                                 elisa.mcenroe@morganlewis.com
                                                 Morgan, Lewis & Bockius LLP
                                                 1701 Market Street
                                                 Philadelphia, PA 19103-2921
                                                 T: 215-963-5917
                                                 F: 215-963-5001

                                                 *Counsel for Rite Aid of Maryland, Inc., d/b/a*
                                                 *Rite Aid Mid-Atlantic Customer Support*
                                                 *Center, and Rite Aid of West Virginia, Inc.*

*/s/ Eric R. Delinsky (consent)*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc.; CVS Indiana, L.L.C.; CVS Rx Services, Inc.; CVS TN Distribution, L.L.C.; West Virginia CVS Pharmacy, L.L.C.*

*/s/ Kaspar Stoffelmayr (consent)*
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

*/s/ Tina M. Tabacchi (consent)*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

*/s/ Ronda L. Harvey (consent)*
Ronda L. Harvey (WVSB #6326)
Fazal A. Shere (WVSB #5433)
Unaiza R. Tyree (WVSB #13253)
Gabriele Wohl (WVSB #11132)
BOWLES RICE LLP
Post Office Box 1386
Charleston, West Virginia 25326-1386
rharvey@bowlesrice.com
fshere@bowlesrice.com
utyree@bowlesrice.com
gwohl@bowlesrice.com

*Counsel for Kroger*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 24, 2019, the foregoing was filed using the Court's CM/ECF

filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.


*/s/ Kelly A. Moore*　　　　　　　　
Kelly A. Moore

*Counsel for Defendants Rite Aid of
Maryland, Inc., d/b/a Rite Aid Mid-
Atlantic Customer Support Center,
and Rite Aid of West Virginia, Inc.*