**Motion Denied without prejudice to advancing the same arguments in a motion for summary judgement. The Track One-B Case Management Order was meant to direct defendants not to file any non-jurisdictional motions to dismiss.**
*/s/ Dan Aaron Polster* _____
**United States District Judge**
**12/26/2019**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*The County of Summit, Ohio,* et al. *v. Purdue Pharma L.P.,* et al.<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' MOTION TO DISMISS**
**THIRD AMENDED COMPLAINT AND AMENDMENT BY INTERLINEATION**

Defendants CVS, HBC/Giant Eagle, Rite Aid, Walgreens, and Walmart (the "Pharmacy Defendants") move to dismiss the Third Amended Complaint and the Amendment by Interlineation with prejudice to the extent they purport to state a claim based on the Pharmacy Defendants' dispensing, on the basis that they fail to state a claim upon which relief can be granted for the reasons stated in the accompanying memorandum of law.

The Pharmacy Defendants recognize that the Track One-B Case Management Order provides that "the Court will not receive additional motions to dismiss on *distributing* claims." ECF No. 2940 at 4 (emphasis added). The order by its terms, however, does not expressly foreclose motions to dismiss on *dispensing* claims, though further communications with the Special Master suggest that they too might not be received. While the Pharmacy Defendants will answer the Amendments by Interlineation as directed, they nevertheless believe it is important and appropriate to bring to the Court's attention certain reasons—completely independent of the Court's rulings on prior motions to dismiss only distribution claims—why Plaintiffs' new dispensing claims fail as a matter of Ohio law and federal pleading standards. *See* Fed. R. Civ. P.