**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re: National Prescription Opiate Litigation** | **MDL  No.  2804** |

**SUGGESTIONS OF REMAND**

***Cabell County Comm'n v. AmerisourceBergen Drug Corp., et al.,***
case no. 17-OP-45053 (N.D. Ohio)
(originally case no. 3:17-CV-1665 (S.D.W.V.); transferred to the MDL Court on Dec. 13, 2017)

***City of Huntington, W.V. v. AmerisourceBergen Drug Corp., et al.,***
case no. 17-OP-45054 (N.D. Ohio)
(originally case no. 3:17-CV-1362 (S.D.W.V.); transferred to the MDL Court on Dec. 13, 2017)

REQUEST FOR EXPEDITED HEARING

The Judicial Panel on Multidistrict Litigation ("JPML") transferred the two above-listed actions to the undersigned for coordinated or consolidated pretrial proceedings.  For the reasons stated below, and pursuant to Rule 10.1(b)(i) of the Rules of Procedure of the JPML, the undersigned transferee judge now **suggests** that these two cases be remanded to their respective transferor courts.  ***The parties have stipulated to this remand***.

In addition, due to time constraints explained below, the undersigned respectfully requests an expedited ruling from the JPML.

**REASONS FOR SUGGESTION OF REMAND**

This is the second Suggestion of Remand filed by the transferee court in the multidistrict litigation known as *In re: National Prescription Opiate Litigation*.  The undersigned filed the first Suggestion of Remand about a month ago.  *See* JPML docket no. 6242 (Nov. 20, 2019) (*"First Suggestion"*).

In the *First Suggestion*, the transferee court set forth a plan for remanding a few carefully-chosen cases in order "to advance the MDL strategically using 'parallel processing.'"  *Id.* at 3.  Specifically the *First Suggestion* noted that: (1) the transferee court had set its own trial date for a case known as *Cuyahoga County (II)* in 2020; and (2) remand to transferor courts of a few other cases for trial in 2020 would help advance resolution of the litigation.  *Id.* at 6.  The undersigned then: (a) recommended immediate remand of three cases to transferor courts in (i) Chicago, (ii) San Francisco, and (iii) Muskogee, Oklahoma; and (b) identified a handful of other cases that "the Court expects it will suggest [also be remanded] later."  *Id.* at 6.  The JPML promptly entered a conditional remand order of the Chicago, San Francisco, and Muskogee cases.  *See* JPML docket no. 6257 (Nov. 20, 2019).

Included in the handful of cases identified in the *First Suggestion* for possible later remand were *Cabell County Comm'n* and *City of Huntington, W.V.* – which are the two cases the MDL court now suggests be remanded.  *See First Suggestion* at 6 (listing these two cases and stating "[t]he undersigned will preside over discovery for a short time and then suggest remand."); *id.* at 8 ("The undersigned also intends to suggest remand of *City of Huntington, W.V.* and *Cabell County* soon, after some additional pretrial oversight.").  In other words, the instant Suggestion of Remand is simply carrying forward with the strategic plan explained in the *First Suggestion*, which the JPML

has adopted. Moreover, the parties in *City of Huntington, W.V.* and *Cabell County* have stipulated that remand is appropriate at this time.

In sum, the Court continues to believe that strategic remand of certain cases is the best way to advance resolution of various aspects of the *Opiate* MDL. As explained in the *First Suggestion*, the undersigned will remain as the "hub" of the MDL litigation and also the locus for global settlement, while the selected transferor courts will act as "spokes," supporting this global effort.

**REQUEST FOR EXPEDITED RULING**

The hub-and-spoke model suggested above is designed to accelerate and facilitate resolution of the *Opiate* MDL, in whole or in substantial part. The MDL Court is proceeding with its self-designated tasks with this model in mind. If the JPML concludes the Court's strategy is inappropriate or the particular suggestions of remand are not well-taken, the Court will need to modify this model. Accordingly, the undersigned respectfully requests an expedited ruling on the instant suggestions of remand.

**CONCLUSION**

For all the reasons stated above, the undersigned concludes that the just and efficient handling of the *Opiate* MDL will best be served by immediate remand of *City of Huntington, W.V.* and *Cabell County* to their transferor courts.

The undersigned appreciates the JPML's timely consideration of this matter and is available to provide to the JPML any additional information it may wish in support of this Suggestion.

Respectfully Submitted,

*/s/ Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**
**(MDL TRANSFEREE COURT)**

**Dated:** January 6, 2020