# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |
| THE COUNTY OF CUYAHOGA, OHIO, *et al.*,<br><br>       Plaintiffs,<br><br>  v.<br><br>PURDUE PHARMA, L.P., *et al.*,<br><br>       Defendants,<br><br>  and<br><br>CVS PHARMACY, INC.; OHIO CVS STORES, LLC; DISCOUNT DRUG MART, INC.; GIANT EAGLE, INC. AND HBC SERVICE COMPANY; RITE AID OF OHIO, INC.; WALGREEN CO.; WALGREEN EASTERN CO.; WALMART INC.,<br><br>       Defendants and Third-Party Plaintiffs,<br><br>  v.<br><br>JOHN AND JANE DOES 1-500,<br><br>       Third-Party Defendants. | Case No. 17-op-45004<br><br>DEMAND FOR JURY TRIAL |

## THIRD-PARTY COMPLAINT

Defendants and Third-Party Plaintiffs CVS Pharmacy, Inc.; Ohio CVS Stores, LLC;

Discount Drug Mart, Inc.; Giant Eagle, Inc. and HBC Service Company; Rite Aid of Ohio, Inc.;

Walgreen Co.; Walgreen Eastern Co.; and Walmart Inc. (the "Cuyahoga County Pharmacy Chains") bring this Third-Party Complaint against Third-Party Defendants John and Jane Does 1-500 (the "Prescriber Defendants").

1. The Prescriber Defendants are the licensed healthcare professionals who wrote and authorized the prescriptions for FDA-approved opioid medications that, according to Plaintiff Cuyahoga County ("Plaintiff"), should not have been filled by pharmacists employed by the Cuyahoga County Pharmacy Chains. Years after the fact, and without any knowledge about the patients under the Prescriber Defendants' care or the purpose of the prescriptions, Plaintiff now contends that these physicians and other practitioners wrote prescriptions for an "an excessive volume" of prescription opioid medications in Cuyahoga County. Doc. 2944 ¶¶ 32, 57, 66, 81.[1] The heart of Plaintiff's claim against the Cuyahoga County Pharmacy Chains is that they are liable because their pharmacists filled prescriptions that the Prescriber Defendants wrote. Plaintiff's own allegations make this Third-Party Complaint necessary.

2. To be clear, the Cuyahoga County Pharmacy Chains deny Plaintiff's contention that a vast number of Ohio physicians and other practitioners wrote an "excessive volume" of opioid prescriptions in bad faith or without a legitimate medical purpose, which pharmacists working for the Cuyahoga County Pharmacy Chains then filled. But that is Plaintiff's claim, and it is the basis for Plaintiff's attempt to impose liability on the Cuyahoga County Pharmacy Chains.

---

[1] No amount of artful pleading by Plaintiff can mask the obvious fact that when Plaintiff alleges that pharmacists working for the Cuyahoga Count Pharmacy Chains supposedly filled prescriptions for an "excessive volume" of opioid medications, somebody else must have written those prescriptions—*i.e.*, the Prescriber Defendants.

2

3. Although Cuyahoga County says that prescriptions written by the Prescriber Defendants are to blame for the opioids crisis in Cuyahoga County, it asserts liability against only the Cuyahoga County Pharmacy Chains and, somehow, not the Prescriber Defendants themselves. Plaintiff also ignores the "pill mills" for which Ohio has become notorious, unscrupulous pain clinics, the internet pharmacies that fed the illicit market for prescription opioids, and the hundreds of other independent and chain pharmacies, clinics, and practitioners across Cuyahoga County that dispensed prescription opioid medications, in many cases in greater volumes than pharmacies associated with the Cuyahoga County Pharmacy Chains. Indeed, according to data released by the Drug Enforcement Administration, over 40 percent of the opioids dispensed in Cuyahoga County did not come from the Cuyahoga County Pharmacy Chains. But in a misguided hunt for deep pockets without regard to actual fault or legal liability, Plaintiff has elected not to sue any of these other parties.

4. The truth is that the pharmacists who work for the Cuyahoga County Pharmacy Chains across the County (and across the country) are among the best, most caring, and most conscientious in the business. They are highly educated and well trained. These pharmacists live, work, and raise their families in Cuyahoga County. They care just as deeply about their communities as anyone else and could not take more seriously the responsible dispensing of controlled substances, including prescription opioid medications. At the same time, they are committed to serving the legitimate needs of patients across the community who must have access to these medications, as prescribed by their doctors for conditions that can range from pain in terminal cancer patients to severe pain after surgery to disabling chronic conditions.

5. The Cuyahoga County Pharmacy Chains have long been at the forefront of efforts to combat prescription opioid abuse. Their efforts include, for example, educational programs,

safe drug disposal and take-back programs, and pioneering the widespread availability of naloxone without a prescription, which has saved countless lives when administered to reverse the effects of an opioid overdose.

6. Perhaps unsurprisingly, Plaintiff's lengthy Complaint against the Cuyahoga County Pharmacy Chains *fails to identify even one prescription* that was supposedly filled improperly by any pharmacist working for any of the Cuyahoga County Pharmacy Chains. Not one.

7. Nevertheless, Plaintiff has opted to sue only the Cuyahoga County Pharmacy Chains rather than any of the many others involved in prescribing and dispensing prescription opioid medications in Cuyahoga County. The premise of Plaintiff's Complaint is nothing more than unsupported speculation that local pharmacists working for the Cuyahoga County Pharmacy Chains filled prescriptions for opioid medications that they should not have filled. Plaintiff makes these allegations despite its inability to support its claims with even one instance of an improperly filled prescription.[2]

8. But pharmacists do not write prescriptions and do not decide for doctors which medications are appropriate to treat their patients. A prescription for a controlled substance is an order for a medication that may be issued *only* by a physician or other authorized healthcare practitioner. While pharmacists are highly trained and licensed professionals, they did not attend medical school and are not trained as physicians. They do not examine or diagnose patients.

---

[2] For this reason alone, Plaintiff's Complaint against the Cuyahoga County Pharmacy Chains is deficient on its face and cannot state a claim in federal court under binding Supreme Court precedent. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court has not approved Plaintiff's fact-free approach to pleading. Rather, the Court ruled that it would not consider a motion to dismiss Plaintiff's claims against the Cuyahoga County Pharmacy Chains, which would have tested the legal adequacy of Plaintiff's Complaint. *See* Doc. No. 3054.

They do not write prescriptions. And with only very limited exceptions permitted by law, pharmacists are bound to respect a prescribing doctor's professional medical judgment about which medications are appropriate to treat a particular patient under the doctor's care. Indeed, the American Medical Association has strongly objected to what it calls "[i]nappropriate inquiries from pharmacies to verify the medical rationale behind prescriptions, diagnoses and treatment plans" as "an interference with the practice of medicine and unwarranted." Policy D-35.981, AMA Response to Pharmacy Intrusion Into Medical Practice (2013).

9. "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). And while pharmacists exercise a "corresponding responsibility," it is always the prescriber's own responsibility, which the prescriber cannot delegate to the pharmacist or anyone else, to ensure that prescriptions for controlled substances are proper in all respects: "The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner . . . ." *Id.*

10. The Cuyahoga County Pharmacy Chains deny Plaintiff's allegations and deny that they are liable in any respect. But if the Cuyahoga County Pharmacy Chains can be held liable to Plaintiff for filling prescriptions written by the Prescriber Defendants—which the Cuyahoga County Pharmacy Chains expressly deny—ultimate responsibility must rest with those who wrote the prescriptions: the Prescriber Defendants themselves.

11. If Plaintiff ever identifies the specific prescriptions it claims should not have been filled, the Cuyahoga County Pharmacy Chains will amend this Third-Party Complaint to name only the prescribers who wrote those prescriptions. In the meantime, the Cuyahoga County Pharmacy Chains lack the information necessary to accurately identify the relevant prescribers

and file this Third-Party Complaint against unidentified Third-Party Defendants John and Jane Does 1-500 in order to comply with the requirement of Federal Rule of Civil Procedure 14(a)(1) that, absent leave of the Court, a third-party complaint must be filed within 14 days after a third-party plaintiff serves its answer to the relevant claims.

## Parties

12. Third-Party Plaintiff CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island. Plaintiff alleges that Third-Party Plaintiff CVS Pharmacy, Inc. is liable to it in connection with dispensing prescription opioid medications in Cuyahoga County.

13. Third-Party Plaintiff Ohio CVS Stores, LLC is a limited liability company organized under the laws of Ohio, the sole member of which is CVS Pharmacy, Inc. Plaintiff alleges that Third-Party Plaintiff Ohio CVS Stores, LLC is liable to it in connection with dispensing prescription opioid medications in Cuyahoga County.

14. Third-Party Plaintiff Discount Drug Mart, Inc. is an Ohio corporation with its principal place of business in Ohio. Plaintiff alleges that Third-Party Plaintiff Discount Drug Mart, Inc. is liable to it in connection with dispensing prescription opioid medications in Cuyahoga County.

15. Third-Party Plaintiff Giant Eagle, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. HBC Service Company is an unincorporated division of Giant Eagle, Inc. Plaintiff alleges that Third-Party Plaintiff Giant Eagle, Inc. is liable to it in connection with dispensing prescription opioid medications in Cuyahoga County.

16. Third-Party Plaintiff Rite Aid of Ohio, Inc. is an Ohio corporation with its principal place of business in Pennsylvania. Plaintiff alleges that Third-Party Plaintiff Rite Aid of

Ohio, Inc. is liable to it in connection with dispensing prescription opioid medications in Cuyahoga County.

17. Third-Party Plaintiff Walgreen Co. is an Illinois corporation with its principal place of business in Deerfield, Illinois. Plaintiff alleges that Third-Party Plaintiff Walgreen Co. is liable to it in connection with dispensing prescription opioid medications in Cuyahoga County.

18. Third-Party Plaintiff Walgreen Eastern Co. is a New York corporation with its principal place of business in Deerfield, Illinois. Plaintiff alleges that Third-Party Plaintiff Walgreen Eastern Co. is liable to it in connection with dispensing prescription opioid medications in Cuyahoga County.

19. Third-Party Plaintiff Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. Plaintiff alleges that Third-Party Plaintiff Walmart Inc. is liable to it in connection with dispensing prescription opioid medications in Cuyahoga County.

20. Third-Party Defendants John and Jane Does 1-500 are the licensed doctors and other healthcare practitioners who wrote and/or authorized the prescriptions for opioid medications that, Plaintiff alleges, should not have been filled by pharmacists employed by the Cuyahoga County Pharmacy Chains and that give rise to the alleged liability of the Cuyahoga County Pharmacy Chains to Plaintiff. Despite their exercise of reasonable diligence, the Cuyahoga County Pharmacy Chains have not been able to determine the true identities of the Third-Party Defendants, as Plaintiff has refused to identify any of the relevant prescriptions underlying its claims either in its Complaint or in response to discovery requests. When Plaintiff identifies the prescriptions it alleges should not have been filled and the practitioners who wrote those prescriptions, the Cuyahoga County Pharmacy Chains will amend this Third-Party Complaint with the true names of the Third-Party Defendants.

**Jurisdiction and Venue**

21. This Court has jurisdiction under 28 U.S.C. § 1367(a). This Court has original jurisdiction over the claim giving rise to this Third-Party Complaint under 28 U.S.C. § 1331.

22. Venue in this judicial district is proper under 28 U.S.C. § 1391. A substantial portion of the events giving rise to Plaintiff's claims occurred in this district, and on information and belief one or more of the Prescriber Defendants are residents of this district.

**Factual Background**

23. The Cuyahoga County Pharmacy Chains incorporate the allegations of paragraphs 1 through 22 above and reallege them as if set forth verbatim herein.

24. Plaintiff initially filed its lawsuit against certain of the Cuyahoga County Pharmacy Chains in April 2018.

25. The claims that Plaintiff asserted at that time were not about the dispensing of opioid medications to patients. Rather, Plaintiff's claims had to do exclusively with the conduct of the Cuyahoga County Pharmacy Chains acting as DEA-regulated distributors, who delivered certain controlled substances from their own distribution centers to their own pharmacies. Plaintiff affirmatively disclaimed any intent to pursue claims against the Cuyahoga County Pharmacy Chains based on the dispensing of controlled substances. For example, Plaintiff told the Court that it does "not allege violations of statutes or regulations applicable specifically to retailers who sell opioids." Doc. No 654, p. 75 n.47. The Court stated that "the Retail Pharmacies may only be held liable as distributors." Doc. No. 1203, p. 2.

26. Late last year, after over a year of extraordinarily burdensome and broad discovery and extensive motion practice, Plaintiff walked away from its distribution-only case against the Cuyahoga County Chain Pharmacies. With respect to all but one of the Cuyahoga

County Pharmacy Chains, Plaintiff elected to sever its claims rather than take them to trial. The trial against the other Cuyahoga County Pharmacy Chain was cancelled on the morning of openings, after a jury was empaneled, when Plaintiff reached an unrelated settlement with other parties.

27. After Plaintiff spent over a year attempting to concoct a basis for its distribution-related claims against the Cuyahoga County Pharmacy Chains, Plaintiff made a complete about-face. Plaintiff told the Court that it had changed its mind and now wanted to plead entirely new claims against the Cuyahoga County Pharmacy Chains, this time on the dispensing theory that Plaintiff had previously said it had no interest in pursuing.

28. Over the objection of the Cuyahoga County Pharmacy Chains, the Court permitted Plaintiff to file an Amendment by Interlineation to add new dispensing claims and new dispensing defendants, which Plaintiff did on November 20, 2019. Doc. No. 2944.

29. The Cuyahoga County Pharmacy Chains answered the Amendment by Interlineation on December 23, 2019. Each Cuyahoga County Pharmacy Chain denied all liability to Plaintiff. Doc. Nos. 3038, 3040, 3041, 3044, 3046, 3047. The Cuyahoga County Pharmacy Chains also filed a motion to dismiss, which the Court ruled it would not consider. *See* Doc. Nos. 3036, 3054.

30. As explained above, Plaintiff's new theory is that the opioids crisis in Cuyahoga County can be traced to prescriptions filled by pharmacists working for the Cuyahoga County Pharmacy Chains—but, for some reason, not pharmacists working at any of the many other independent and chain pharmacies that also dispensed opioid medications in the County, often in greater volumes than pharmacies associated with the Cuyahoga County Pharmacy Chains, or anyone else involved in dispensing prescription opioids medications in Cuyahoga County.

9

Plaintiff's core assertion is that these pharmacists allegedly filled prescriptions for opioid medications that they should not have filled, ultimately resulting in harm to Plaintiff and/or a public nuisance. Plaintiff has not identified even one such prescription, but still claims that the Cuyahoga County Pharmacy Chains (but no other pharmacies or healthcare providers) are at fault and liable to Plaintiff.

31. All of the prescriptions at issue necessarily were written by physicians and other authorized healthcare practitioners who were duly licensed by the State of Ohio[3] to practice medicine (or in an affiliated field) and registered by the Drug Enforcement Administration. Plaintiff does not allege that a pharmacist working for any of the Cuyahoga County Chain Pharmacies ever dispensed a prescription opioid medication without a facially valid prescription written by a licensed and registered doctor or other practitioner.

32. At all times, both the State of Ohio and the DEA could suspend or revoke any practitioner's ability to prescribe controlled substances if they had any concern about his or her prescribing practices. What is more, Plaintiff itself had the ability to pursue criminal penalties against a practitioner engaged in misconduct that affected Cuyahoga County or its residents.

33. Every prescription for a controlled substance amounts to an affirmative representation by the prescriber to the pharmacist that the prescription is proper in all respects, that it was issued for a legitimate medical purpose, and that it was issued by the prescribing practitioner acting in the usual course of his or her professional practice. *See* 21 C.F.R. § 1306.04(a).

---

[3] In an unusual case, the prescriber may practice in another state, in which case he or she would need to be licensed by the local state medical board.

34. While pharmacists exercise a "corresponding responsibility" with respect to dispensing, they do not and cannot examine patients, take patients' medical histories, diagnose patients' medical conditions, or prescribe treatment. Without the prescriber's specialized medical training and knowledge, and familiarity with the patient and his or her medical history, a pharmacist will not be in a better position than the licensed and registered prescribing doctor or other practitioner to determine when a specific medication, including a prescription opioid medication, is appropriate therapy for a particular patient.

35. It is never permissible for a prescriber to write or otherwise authorize a prescription for a controlled substance except for a legitimate medical purpose and in the usual course of his or her professional practice. It is likewise never permissible for a prescriber to represent to a pharmacist, through the prescriber's signature or other authorization, that a prescription is proper, that it was issued for a legitimate medical purpose, and that it was issued in the usual course of his or her professional practice when it was not.

36. Plaintiff alleges that the Cuyahoga County Pharmacy Chains are liable in connection with the opioids crisis in Cuyahoga County because their pharmacists filled certain (unidentified) prescriptions that they allegedly should not have filled. Absent a criminal act of forgery—which Plaintiff does not allege—every one of the prescriptions at issue was written and/or authorized by one of the Prescriber Defendants.

37. The Cuyahoga County Pharmacy Chains deny Plaintiffs allegations and deny they are liable in any respect. But if the Cuyahoga County Pharmacy Chains were to be found liable to Plaintiff because their pharmacists filled these prescriptions, it would be only because the pharmacists relied in good faith on facially valid prescriptions written and/or authorized by one of the Prescriber Defendants.

38. Defending against Plaintiff's lawsuit has already caused the Cuyahoga County Pharmacy Chains to suffer harm in the form of attorneys' fees and other defense costs, which they continue to incur every day. In addition, if the Cuyahoga County Pharmacy Chains were to be found liable to Plaintiff, they would suffer additional harm in the form of damages or other remedies, all because their pharmacists reasonably relied in good faith on prescriptions written and/or authorized by one of the Prescriber Defendants and filled those prescriptions.

**Count One: Negligent Misrepresentation**

39. The Cuyahoga County Pharmacy Chains incorporate the allegations of paragraphs 1 through 38 and reallege them as if set forth verbatim herein.

40. Each of the Prescriber Defendants, in the course of his or her business and profession, had a special relationship with each of the Cuyahoga County Pharmacy Chains and/or the pharmacists employed by the Cuyahoga County Pharmacy Chains. By issuing prescriptions, the Prescriber Defendants provided information about which medications should be dispensed to particular patients. They provided this information as guidance for the Cuyahoga County Pharmacy Chains and/or pharmacists employed by the Cuyahoga County Pharmacy Chains.

41. With each prescription for a controlled substance, the Prescriber Defendant represented that the prescription was proper, was issued for a legitimate medical purpose, and was issued in the usual course of the Prescriber Defendant's professional practice. Among other things, pharmacists employed by the Cuyahoga County Pharmacy Chains must, in their practice of pharmacy, rely on prescriptions written by Prescriber Defendants in order to dispense medicine to patients.

42. If a pharmacist employed by one of the Cuyahoga County Pharmacy Chains ever filled a prescription that was not for a legitimate medical purpose, was not written in the usual

course of a prescriber's professional practice, or was otherwise improper, the pharmacist did so only because of his or her reasonable reliance on an affirmative representation by one of the Prescriber Defendants that the prescription was proper to fill, including being for a legitimate medical purpose and written in the usual course of the Prescriber Defendant's professional practice.

43. In such a case, while the pharmacist employed by one of the Cuyahoga County Pharmacy Chains justifiably relied on at least one of the Prescriber Defendant's representations, the Prescriber Defendant failed to exercise reasonable care or competence in making those representations, resulting in the pharmacist allegedly filling a prescription that should not have been filled.

44. In such a case, as a direct and proximate result of the pharmacist's reasonable reliance on the Prescriber Defendant's affirmative representation that the prescription was proper to fill, including being for a legitimate medical purpose and written in the usual course of the Prescriber Defendant's professional practice, the Cuyahoga County Pharmacy Chains have suffered damages in an amount to be proven at trial.

## Count Two: Common Law Negligence

45. The Cuyahoga County Pharmacy Chains incorporate the allegations of paragraphs 1 through 44 and reallege them as if set forth verbatim herein.

46. Each Prescriber Defendant had a duty to patients and dispensing pharmacies to exercise due care in their prescribing decisions and practices. Each Prescriber Defendant needed to ensure that every prescription for an opioid medication was proper in all respects, including being issued for a legitimate medical purpose and in the usual course of the Prescriber Defendant's professional practice.

47. To the extent that a Prescriber Defendant ever wrote a prescription for an opioid medication other than for a legitimate medical purpose, outside the usual course of the Prescriber Defendant's professional practice, or that was otherwise improper, the Prescriber Defendant breached his or her duties and acted negligently.

48. If a pharmacist employed by one of the Cuyahoga County Pharmacy Chains ever filled a prescription that was not for a legitimate medical purpose, was not written in the usual course of the prescriber's professional practice, or that was otherwise improper, the pharmacist did so only as a result of the negligence of one of the Prescriber Defendants.

49. In such a case, as a direct and proximate result of the Prescriber Defendant's negligence, the Cuyahoga County Pharmacy Chains have suffered damages in an amount to be proven at trial.

## Count Three: Intentional Fraud

50. The Cuyahoga County Pharmacy Chains incorporate the allegations of paragraphs 1 through 49 and reallege them as if set forth verbatim herein.

51. Pharmacists employed by the Cuyahoga County Pharmacy Chains would never knowingly dispense a prescription opioid medication without a valid prescription.

52. If a pharmacist employed by one of the Cuyahoga County Pharmacy Chains ever filled a prescription that was not for a legitimate medical purpose, was not written in the usual course of the prescriber's professional practice, or was otherwise improper, the pharmacist did so only because of his or her reasonable reliance on an affirmative representation by one of the Prescriber Defendants that the prescription was proper to fill, including being for a legitimate medical purpose and written in the usual course of the Prescriber Defendant's professional practice.

53. These representations were material to the transactions at hand—without such a prescription and the affirmative representations by a Prescriber Defendant embedded therein, the pharmacist would not have filled the prescription.

54. On information and belief, in certain cases, a Prescriber Defendant affirmatively misrepresented that a prescription was proper, was issued for a legitimate medical purpose, and/or was issued in the usual course of the Prescriber Defendant's professional practice, and did so with knowledge of the representations' falsity, or with such utter disregard as to whether they were true or false that knowledge may be inferred.

55. In such a case, the representations were made with the intent that a pharmacist would rely upon the Prescriber Defendant's misrepresentations and subsequently fill the prescription.

56. In such a case, the pharmacist employed by one of the Cuyahoga County Pharmacy Chains reasonably relied on the Prescriber Defendant's representations and medical expertise.

57. In such a case, as a direct and proximate result of the pharmacist's reasonable reliance on the Prescriber Defendant's affirmative representation that the prescription was proper to fill, including being for a legitimate medical purpose and written in the usual course of the Prescriber Defendant's professional practice, the Cuyahoga County Pharmacy Chains have suffered damages in an amount to be proven at trial.

### Count Four: Indemnification

58. The Cuyahoga County Pharmacy Chains incorporate the allegations of paragraphs 1 through 57 and reallege them as if set forth verbatim herein.

59. Each Prescriber Defendant had a duty to patients and dispensing pharmacies to exercise due care in their prescribing decisions and practices. Each Prescriber Defendant needed to ensure that every prescription for an opioid medication was proper in all respects, including being issued for a legitimate medical purpose and in the usual course of the Prescriber Defendant's professional practice.

60. To the extent that a Prescriber Defendant ever wrote a prescription for an opioid medication other than for a legitimate medical purpose, outside the usual course of the Prescriber Defendant's professional practice, or that was otherwise improper, the Prescriber Defendant breached his or her duties and acted negligently or engaged in intentional misconduct.

61. If a pharmacist employed by one of the Cuyahoga County Pharmacy Chains ever filled a prescription that was not for a legitimate medical purpose, was not written in the usual course of the prescriber's professional practice, or was otherwise improper, the pharmacist did so only as a result of the negligence or intentional misconduct of one of the Prescriber Defendants.

62. In such a case, the Prescriber Defendant's negligence or intentional misconduct was the primary cause—the active negligence—in the ultimate result of improper opioid prescriptions and/or the dispensing of opioid medications in response to prescriptions that allegedly should not have been filled. Even if there was negligence on the part of one of the Cuyahoga County Pharmacy Chains or a pharmacist employed by one of the Cuyahoga County Pharmacy Chains—which the Cuyahoga County Pharmacy Chains expressly deny—such negligence was at most passive and unknowing negligence in comparison to the Prescriber Defendant's active negligence.

63. If the Cuyahoga County Pharmacy Chains were to be found liable to Plaintiff, the Cuyahoga County Pharmacy Chains would have incurred liability without fault and/or as a result

of acts committed by the Prescriber Defendants and/or for wrongs committed by the Prescriber Defendants, giving rise to an obligation of indemnification by the Prescriber Defendants in an amount to be determined at trial.

### Count Five: Contribution

64. The Cuyahoga County Pharmacy Chains incorporate the allegations of paragraphs 1 through 63 and reallege them as if set forth verbatim herein.

65. Federal Rule of Civil Procedure 14 provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

66. For the reasons set forth above, the Prescriber Defendants are or may be liable to the Cuyahoga County Pharmacy Chains with respect to Plaintiff's claims against the Cuyahoga County Pharmacy Chains.

67. If the Cuyahoga County Pharmacy Chains were to be found to owe duties to Plaintiff and were to be found liable to Plaintiff, then so too would the Prescriber Defendants owe duties to Plaintiff, have breached those duties, and be liable to Plaintiff.

68. If the Cuyahoga County Pharmacy Chains were to be found liable to Plaintiff, the Prescriber Defendants would be joint alleged tortfeasors in comparison to whom the Cuyahoga County Pharmacy Defendants would be held responsible for more than their share of a common liability and/or liability that should have been allocated exclusively to one or more of the Prescriber Defendants, giving rise to a right of contribution against the Prescriber Defendants in an amount to be determined at trial.

## **Prayer for Relief**

The Cuyahoga County Pharmacy Chains respectfully request that the Court enter judgment in favor of the Cuyahoga County Pharmacy Chains and against the Prescriber Defendants, and each of them jointly and severally, as follows:

    A.    Compensatory damages in an amount to be determined at trial;

    B.    Attorney's fees, costs, and pre- and post-judgment interest; and

    C.    Such other and further relief as may be appropriate under applicable law.

## **Jury Demand**

The Cuyahoga County Pharmacy Defendants demand a jury trial on all issues so triable.

Dated: January 6, 2020                                                            Respectfully submitted,

| | |
|---|---|
| /s/ Eric R. Delinsky (consent) | /s/ Kaspar J. Stoffelmayr |
| Eric R. Delinsky | Kaspar J. Stoffelmayr |
| Alexandra W. Miller | Katherine M. Swift |
| ZUCKERMAN SPAEDER LLP | BARTLIT BECK LLP |
| 1800 M Street, NW, Ste. 1000 | 54 West Hubbard Street |
| Washington, DC 20036 | Chicago, IL 60654 |
| (202) 778-1800 | (312) 494-4400 |
| edelinsky@zuckerman.com | kaspar.stoffelmayr@bartlitbeck.com |
| smiller@zuckerman.com | kate.swift@bartlitbeck.com |
| *Counsel for CVS Pharmacy, Inc. and Ohio CVS Stores, LLC* | *Counsel for Walgreen Co. and Walgreen Eastern Co.* |

/s/ Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6612
kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5917
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Ohio, Inc.*


/s/ Timothy D. Johnson (consent)
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH  44114
(216) 621-78603939
tjohnson@cavitch.com
gobrien@cavitch.com

*Counsel for Discount Drug Mart, Inc.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
(412) 471-3490
rbarnes@marcus-shapira.com
livingston@marcus-shapira.com
kobrin@marcus-shapira.com

*Counsel for Giant Eagle, Inc. and HBC Service Company*


/s/ Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that this 6th day of January 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

                /s/ Kaspar J. Stoffelmayr
                Kaspar J. Stoffelmayr