UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION,     MDL NO. 2804
OPIATE LITIGATION

                                       Case No. 17-MD-2804

THIS DOCUMENT RELATES TO:

                                       Judge Dan Aaron Polster

*Salmons v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45268;

*Flanagan v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45405

*Doyle v. Purdue Pharma L.P., et al.*
MDL Case No. #1:18-op-46327

*Artz v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45459

**THE NAS GUARDIANS' NOTICE OF MOTION AND CONSOLIDATED
MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

        Now come Plaintiffs Jacqueline and Roman Ramirez, Melissa Barnwell, Michelle Frost, and Stephanie Howell, Guardians of NAS[1] Children (collectively "Class Representatives"), will and hereby do move for an order certifying classes defined as:

I.     **NATIONWIDE CLASSES**

      A.     **DEFINITION**

        **CLASS 1**. Legal Guardians[2] of United States residents born after March 16, 2000, who

---

[1] The children made the subject of these complaints were diagnosed at birth with Neonatal Abstinence Syndrome (NAS), also sometimes referred to as Neonatal Opioid Withdrawal Syndrome (NOWS), arising out of their birth mothers' use of opioids during pregnancy.

[2] The term "Legal Guardian" is further defined for purposes of this putative class action as "any natural person or entity who has the primary legal responsibility under law for an infant or child's physical, mental,

were medically diagnosed with opioid-related NAS[3] at or near birth and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.  Excluded from the class are any infants and children who were treated with opioids after birth, other than for pharmacological weaning.  Also excluded from the class are legal guardianships where a political subdivision, such as a public children services agency, has affirmatively assumed the duties of "custodian" of the child.

**CLASS 2**.  Legal Guardians[4] of United States residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS at or near birth and whose birth mother received and/or filled a prescription for opioids or opiates in the 10 months prior to the birth of said infant or child and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.

**B.     DEFENDANTS**

**(1)     MANUFACTURER DEFENDANTS**

- Actavis Entities:  Allergan PLC f/k/a Actavis PLC f/k/a Allergan, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-Florida.

- Cephalon Entities:   Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.

- Janssen Entities:  Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Noramco, Inc.; Ortho-McNeil-

---

and emotional development."   Expressly excluded from the class of "Legal Guardians" are any governmental entities.

"Legal Guardians" include natural and adoptive parents who have not otherwise lost legal custody of their children, legal custodians, legal caretakers, and court-appointed guardians (including guardians of the person), whether temporary or permanent.

[3]  The term "NAS" (Neonatal Abstinence Syndrome) is defined to include additional, but medically symptomatic identical, terminology and diagnostic criteria, including Neonatal Opioid Withdrawal Syndrome (NOWS) and other historically and regionally used medical and/or hospital diagnostic criteria for infants born addicted to opioids from *in utero* exposure.  Additional specifics on these readily identifiable and ascertainable terms are set forth in the accompanying Consolidated Memorandum of Law, ¶ II., p. 7.

[4]  The term "Legal Guardian" is defined at fn. 2.

Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Johnson & Johnson.

- <u>Endo Entities</u>: Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.

- <u>Mallinckrodt Entities</u>: Mallinckrodt plc; Mallinckrodt LLC; SpecGx LLC.

- <u>Co-Conspirator Purdue Entities</u>: Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Rhodes Technologies; Rhodes Technologies Inc.; Rhodes Pharmaceuticals L.P.; Rhodes Pharmaceuticals Inc.; Trust for the Benefit of Members of the Raymond Sackler Family; The P.F. Laboratories, Inc.

- <u>Non-Defendant, Co-Conspirator Purdue Entities</u>: Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.

**(2)  DISTRIBUTOR DEFENDANTS**

- Cardinal Health, Inc.

- AmerisourceBergen Drug Corp.

- Mckesson Corporation

**(3)  PHARMACY DEFENDANTS**

- HBC Service Company

- CVS Health Corporation; CVS Indiana, LLC; CVS Rx Services, Inc.

- Rite Aid Corporation; Rite Aid of Maryland, Inc.; Rite Aid of Maryland, Inc. d/b/a Rite-Aid Mid-Atlantic Customer Support Center, Inc.

- Walgreen Co.; Walgreens Boots Alliance, Inc.; Walgreen Eastern Co.

- Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc.

- Miami-Luken, Inc.

- Costco Wholesale Corporation

**C.  CLAIMS**

1.  First Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (against only Defendants Cephalon Entities, Janssen Entities, Endo Entities,

and Mallinckrodt Entities (the "RICO Marketing Defendants").

2. Second Cause of Action – Violation of RICO, 18 U.S.C. § 1961 et seq. – Opioid Supply Chain Enterprise (against only Defendants Cephalon Entities, Endo Entities, Mallinckrodt Entities, Actavis Entities, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants").

**D. RELIEF REQUESTED**

1. Order Defendants to provide for the benefit of the Plaintiff Legal Guardians and the Putative Class Members ongoing medical monitoring, testing, intervention, provision of caregiver training and information, and medical referral, all of which are medically necessary for the NAS Children in their care, and all future medical care reasonably necessary to treat these children. Any injunctive relief to which Plaintiffs may justly show themselves entitled, including injunctive relief designed to reduce the incidence of children born with NAS.

2. Order creation of a Science Panel.

3. Alternatively, all incidental compensatory damages and medical expenses incurred by Plaintiff Legal Guardians and the Putative Class Members in connection with their care of the NAS Children. It is expressly alleged that all compensatory damages sought in the alternative are incidental to the injunctive relief requested by Plaintiffs and the Class, and are for those caused by the *in utero* exposure to opioids and NAS diagnosis suffered by the NAS Children.

4. Punitive damages.

5. Attorneys' fees and costs incurred by Plaintiff Legal Guardians and the Putative Class Members.

## II.   CLASS 3 – OHIO STATEWIDE CLASS[5]

### A.   DEFINITION

1.   Legal Guardians[6] of Ohio residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[7] at or near birth and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.  Excluded from the class are any infants and children who were treated with opioids after birth, other than for pharmacological weaning.  Also excluded from the class are legal guardianships where the State of Ohio or one of its political subdivisions, such as a public children services agency, has affirmatively assumed the duties of "custodian" of the child.

2.   Legal Guardians[8] of Ohio residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[9] at or near birth and whose birth mother received and/or filled a prescription for opioids or opiates in the 10 months prior to the birth of said infant or child and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.

### B.   DEFENDANTS

#### (1)   MANUFACTURER DEFENDANTS

- Actavis Entities:  Allergan PLC f/k/a Actavis PLC f/k/a Allergan, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis

---

[5] The Ohio statewide class is sought by putative Class Representatives Michelle Frost and Stephanie Howell.

[6] The term "Legal Guardian" is defined at fn. 2.

[7] The term "NAS" is defined at fn. 3.

[8] The term "Legal Guardian" is defined at fn. 2.

[9] The term "NAS" is defined at fn. 3.

      Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-Florida.

- <u>Cephalon Entities</u>:  Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.

- <u>Janssen Entities</u>:  Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Noramco, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Johnson & Johnson.

- <u>Endo Entities</u>:  Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.

- <u>Mallinckrodt Entities</u>:  Mallinckrodt plc; Mallinckrodt LLC; SpecGx LLC.

- Insys Therapeutics, Inc.

- Depomed, Inc.

- Indivior, Inc.

- <u>Co-Conspirator Purdue Entities</u>:  Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Rhodes Technologies; Rhodes Technologies Inc.; Rhodes Pharmaceuticals L.P.; Rhodes Pharmaceuticals Inc.; Trust for the Benefit of Members of the Raymond Sackler Family; The P.F. Laboratories, Inc.

- <u>Non-Defendant, Co-Conspirator Purdue Entities</u>:  Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.

**(2)    DISTRIBUTOR DEFENDANTS**

- Cardinal Health, Inc.

- AmerisourceBergen Drug Corp.

- Mckesson Corporation

- Anda, Inc.

- H. D. Smith, LLC d/b/a HD Smith f/k/a H. D. Smith Wholesale Drug Co.; H. D. Smith Holdings, LLC; H. D. Smith Holding Company

- Discount Drug Mart, Inc.

- Prescription Supply, Inc.

6

**(3)  PHARMACY DEFENDANTS**

- HBC Service Company
- CVS Health Corporation; CVS Indiana, LLC; CVS Rx Services, Inc.
- Rite Aid Corporation; Rite Aid of Maryland, Inc.; Rite Aid of Maryland, Inc. d/b/a Rite-Aid Mid-Atlantic Customer Support Center, Inc.
- Walgreen Co.; Walgreens Boots Alliance, Inc.; Walgreen Eastern Co.
- Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc.
- Miami-Luken, Inc.
- Costco Wholesale Corporation

**C.  CLAIMS**

1. First Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (against only Defendants Cephalon Entities, Janssen Entities, Endo Entities, and Mallinckrodt Entities (the "RICO Marketing Defendants").

2. Second Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (against only Defendants Cephalon Entities, Endo Entities, Mallinckrodt Entities, Actavis Entities, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants").

3. Third Cause of Action — Negligence.

4. Fourth Cause of Action — Negligence *Per Se*.

5. Fifth Cause of Action — Civil Battery.

6. Sixth Cause of Action — Civil Conspiracy.

**D.  RELIEF REQUESTED** – *See* ¶ I.D., *supra,* which is incorporated by reference.

## III.  CLASS 4 – CALIFORNIA STATEWIDE CLASS[10]

### A.  DEFINITION

1.  Legal Guardians[11] of residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[12] at or near birth and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.  Excluded from the class are any infants and children who were treated with opioids after birth, other than for pharmacological weaning.  Also excluded from the class are legal guardianships where a political subdivision, such as a public children services agency, has affirmatively assumed the duties of "custodian" of the child.

2.  Legal Guardians[13] of California residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[14] at or near birth and whose birth mother received and/or filled a prescription for opioids or opiates in the 10 months prior to the birth of said infant or child and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.

3.  Legal Guardians[15] of California residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[16] at or near birth and whose birth mother received

---

[10]  The California statewide class is sought by putative Class Representatives Jacqueline Ramirez, Roman Ramirez, and Melissa Barnwell.

[11]  The term "Legal Guardian" is defined at fn. 2.

[12]  The term "NAS" is defined at fn. 3.

[13]  The term "Legal Guardian" is defined at fn. 2.

[14]  The term "NAS" is defined at fn. 3.

[15]  The term "Legal Guardian" is defined at fn. 2.

[16]  The term "NAS" is defined at fn. 3.

a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.

  **B.**  **DEFENDANTS** – *See* ¶ II.B., *supra,* which is incorporated by reference.

  **C.**  **CLAIMS**

  1.  First Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (against only Defendants Cephalon Entities, Janssen Entities, Endo Entities, and Mallinckrodt Entities (the "RICO Marketing Defendants").

  2.  Second Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (against only Defendants Cephalon Entities, Endo Entities, Mallinckrodt Entities, Actavis Entities, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants").

  3.  Third Cause of Action — Negligence.

  4.  Fourth Cause of Action — Negligence *Per Se*.

  5.  Fifth Cause of Action — Violations of the Unfair Competition Law.

  **D.**  **RELIEF REQUESTED**

  1.  Order Defendants to provide for the benefit of the Plaintiff Legal Guardians and the Putative Class Members ongoing medical monitoring, testing, intervention, provision of caregiver training and information, and medical referral, all of which are medically necessary for the NAS Children in their care, and all future medical care reasonably necessary to treat these children.  Any injunctive relief to which Plaintiffs may justly show themselves entitled, including injunctive relief designed to reduce the incidence of children born with NAS.

  2.  Order creation of a Science Panel.

  3.  Alternatively, all incidental compensatory damages and medical expenses incurred

by Plaintiff Legal Guardians and the Putative Class Members in connection with their care of the NAS Children.  It is expressly alleged that all compensatory damages sought in the alternative are incidental to the injunctive relief requested by Plaintiffs and the Class, and are for those caused by the *in utero* exposure to opioids and NAS diagnosis suffered by the NAS Children.

4. Disgorgement and other relief pursuant to the Unfair Competition Law.

5. Punitive damages.

6. Attorneys' fees and costs incurred by Plaintiff Legal Guardians and the Putative Class Members.

## IV. ALTERNATIVE SUBCLASSES

1. Legal Guardians[17] of United States, Ohio and California residents born after May 9, 2000, who were medically diagnosed with opioid-related "Neonatal Abstinence Syndrome" ("NAS")[18] at or near birth and whose birth mother received a prescription for opioids or opiates either (1) prior to the birth or (2) ten months prior to the birth and those opioids or opiates were manufactured or distributed by one or more of the "Cephalon Defendants";[19]

2. Legal Guardians[20] of United States, Ohio and California residents born after May 9, 2000, who were medically diagnosed with opioid-related "Neonatal Abstinence Syndrome" ("NAS")[21] at or near birth and whose birth mother received a prescription for opioids or opiates either (1) prior to the birth or (2) ten months prior to the birth and those opioids or opiates were

---

[17] The term "Legal Guardian" is defined at fn. 2.

[18] The term "NAS" is defined at fn. 3.

[19] Defined in the "Manufacturer Defendants" section for those respective political subdivisions.

[20] The term "Legal Guardian" is defined at fn. 2.

[21] The term "NAS" is defined at fn. 3.

10

manufactured or distributed by one or more of the "Endo Defendants";[22]

3. Legal Guardians[23] of United States, Ohio and California residents born after May 9, 2000, who were medically diagnosed with opioid-related "Neonatal Abstinence Syndrome" ("NAS")[24] at or near birth and whose birth mother received a prescription for opioids or opiates either (1) prior to the birth or (2) ten months prior to the birth and those opioids or opiates were manufactured or distributed by one or more of the "Mallinckrodt Defendants";[25]

4. Legal Guardians[26] of United States, Ohio and California residents born after May 9, 2000, who were medically diagnosed with opioid-related "Neonatal Abstinence Syndrome" ("NAS")[27] at or near birth and whose birth mother received a prescription for opioids or opiates either (1) prior to the birth or (2) ten months prior to the birth and those opioids or opiates were manufactured or distributed by one or more of the "Actavis Defendants";[28]

5. Legal Guardians[29] of United States, Ohio and California residents born after May 9, 2000, who were medically diagnosed with opioid-related "Neonatal Abstinence Syndrome" ("NAS")[30] at or near birth and whose birth mother received a prescription for opioids or opiates either (1) prior to the birth or (2) ten months prior to the birth and those opioids or opiates were manufactured or distributed by one or more of the "Janssen Defendants";[31]

---

[22] Defined in the "Manufacturer Defendants" section for those respective political subdivisions.
[23] The term "Legal Guardian" is defined at fn. 2.
[24] The term "NAS" is defined at fn. 3.
[25] Defined in the "Manufacturer Defendants" section for those respective political subdivisions.
[26] The term "Legal Guardian" is defined at fn. 2.
[27] The term "NAS" is defined at fn. 3.
[28] Defined in the "Manufacturer Defendants" section for those respective political subdivisions.
[29] The term "Legal Guardian" is defined at fn. 2.
[30] The term "NAS" is defined at fn. 3.
[31] Defined in the "Manufacturer Defendants" section for those respective political subdivisions.

    f.    Legal Guardians[32] of United States, Ohio and California residents born after May 9, 2000, who were medically diagnosed with opioid-related "Neonatal Abstinence Syndrome" ("NAS")[33] at or near birth and whose birth mother received a prescription for opioids or opiates either (1) prior to the birth or (2) ten months prior to the birth and those opioids or opiates were manufactured or distributed by one or more Defendant or Purdue entity.

## V. PLAINTIFFS HAVE SATISFIED ALL REQUIREMENTS OF RULE 23

As set forth more fully in the accompanying Consolidated Memorandum of Law, Plaintiffs have satisfied the requirements of Fed. R. Civ. P. 23(a):

- The members of the classes are so numerous that joinder is impracticable;
- Membership in the classes is ascertainable and based on readily identifiable and objective criteria;
- The claims of the class members involve common questions of law and fact;
- The claims of the named plaintiffs are typical of the claims of the other class members, and they will otherwise adequately represent the classes and have no conflicts of interest; and
- The putative class counsel will fairly and adequately represent the interests of the classes.

Furthermore, the proposed classes also satisfy Fed. R. Civ. P. 23(b)(2) and 23(b)(3):

- The parties opposing the classes have acted or refused to act on grounds generally applicable to the class;
- Common questions of law and fact predominate over individual issues; and
- Class certification is superior to other available means of adjudication.

Rule 23 was designed to facilitate the class-wide adjudication of similar claims and to achieve economies of time, effort, and expense while promoting uniformity of decision as to all

---

[32] The term "Legal Guardian" is defined at fn. 2.

[33] The term "NAS" is defined at fn. 3.

persons similarly situated.  The class action mechanism is not only the superior method to adjudicate claims such as those alleged here, but it is the only viable method of doing so.

Accordingly, Plaintiffs respectfully request the certification of their proposed classes.

DATED: January 7, 2020

Respectfully submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Emily C. White (0085662)
Whitney E. Kaster (0091540)
DANN LAW
2728 Euclid Avenue, Suite 300
Cleveland, OH  44115
(216) 373-0539
notices@dannlaw.com

*Putative Class Liaison Counsel for Guardians of NAS Children*

Thomas E. Bilek
Kelly Cox Bilek
THE BILEK LAW FIRM, L.L.P.
700 Louisiana, Suite 3950
Houston, TX  77002
(713) 227-7720
tbilek@bileklaw.com
kbilek@bileklaw.com

Celeste Brustowicz
Stephen Wussow
COOPER LAW FIRM
1525 Religious Street
New Orleans, LA  70130
Telephone:  504-399-0009
Facsimile:  504-309-6989
Email:  cbrustowicz@sch-llc.com

Scott R. Bickford
Spencer R. Doody
MARTZELL, BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, LA  70130

13

Telephone: 504-581-9065
Facsimile: 504-581-7635
Email:   srb@mbfirm.com

*Putative Class Co-Lead Counsel for Guardians of NAS Children*

Case: 1:17-md-02804-DAP  Doc #: 3066  Filed:  01/07/20  14 of 15.  PageID #: 477672

## **CERTIFICATE OF SERVICE**

    I certify that on January 7, 2020 a true and correct copy of the foregoing was automatically served on the parties registered with the Court's CM/ECF system.

                                          */s/ Marc E. Dann*
                                          Marc E. Dann (0039425)