UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION, OPIATE LITIGATION** | **MDL NO. 2804** |
| **THIS DOCUMENT RELATES TO:** | **Case No. 17-MD-2804** |
| | **Judge Dan Aaron Polster** |

*Salmons v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45268;

*Flanagan v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45405

*Doyle v. Purdue Pharma L.P., et al.*
MDL Case No. #1:18-op-46327

*Artz v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45459

## ORDER CERTIFYING THE NAS GUARDIAN CLASSES

The Court held a hearing on ____, 2020, to consider and determine the NAS Guardians' Consolidated Motion for Class Certification.  Dkt. ___.  Upon review and consideration of all papers and presentations submitted in connection with the proposed classes, this Court finds and **ORDERS** the following:

The following classes are certified:

## I.     NATIONWIDE CLASSES

### A.     DEFINITION

**CLASS 1**. Legal Guardians[1] of United States residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[2] at or near birth and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity. Excluded from the class are any infants and children who were treated with opioids after birth, other than for pharmacological weaning. Also excluded from the class are legal guardianships where a political subdivision, such as a public children services agency, has affirmatively assumed the duties of "custodian" of the child.

**CLASS 2**. Legal Guardians[3] of United States residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS at or near birth and whose birth mother received and/or filled a prescription for opioids or opiates in the 10 months prior to the birth of said infant or child and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.

### B.     DEFENDANTS

#### (1)     MANUFACTURER DEFENDANTS

- Actavis Entities: Allergan PLC f/k/a Actavis PLC f/k/a Allergan, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-

---

[1] The term "Legal Guardian" is further defined for purposes of this putative class action as "any natural person or entity who has the primary legal responsibility under law for an infant or child's physical, mental, and emotional development." Expressly excluded from the class of "Legal Guardians" are any governmental entities.

"Legal Guardians" include natural and adoptive parents who have not otherwise lost legal custody of their children, legal custodians, legal caretakers, and court-appointed guardians (including guardians of the person), whether temporary or permanent.

[2] The term "NAS" (Neonatal Abstinence Syndrome) is defined to include additional, but medically symptomatic identical, terminology and diagnostic criteria, including Neonatal Opioid Withdrawal Syndrome (NOWS) and other historically and regionally used medical and/or hospital diagnostic criteria for infants born addicted to opioids from *in utero* exposure. Additional specifics on these readily identifiable and ascertainable terms are set forth in the accompanying Consolidated Memorandum of Law, ¶ II., p.7.

[3] The term "Legal Guardian" is defined at fn. 2.

2

Florida.

- Cephalon Entities:  Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.

- Janssen Entities:  Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Noramco, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Johnson & Johnson.

- Endo Entities:  Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.

- Mallinckrodt Entities:  Mallinckrodt plc; Mallinckrodt LLC; SpecGx LLC.

- Co-Conspirator Purdue Entities:  Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Rhodes Technologies; Rhodes Technologies Inc.; Rhodes Pharmaceuticals L.P.; Rhodes Pharmaceuticals Inc.; Trust for the Benefit of Members of the Raymond Sackler Family; The P.F. Laboratories, Inc.

- Non-Defendant, Co-Conspirator Purdue Entities:  Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.

**(2)    DISTRIBUTOR DEFENDANTS**

- Cardinal Health, Inc.

- AmerisourceBergen Drug Corp.

- Mckesson Corporation

**(3)    PHARMACY DEFENDANTS**

- HBC Service Company

- CVS Health Corporation; CVS Indiana, LLC; CVS Rx Services, Inc.

- Rite Aid Corporation; Rite Aid of Maryland, Inc.; Rite Aid of Maryland, Inc. d/b/a Rite-Aid Mid-Atlantic Customer Support Center, Inc.

- Walgreen Co.; Walgreens Boots Alliance, Inc.; Walgreen Eastern Co.

- Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc.

- Miami-Luken, Inc.

- Costco Wholesale Corporation

3

**C.     CLAIMS**

1.     First Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (against only Defendants Cephalon Entities, Janssen Entities, Endo Entities, and Mallinckrodt Entities (the "RICO Marketing Defendants").

2.     Second Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (against only Defendants Cephalon Entities, Endo Entities, Mallinckrodt Entities, Actavis Entities, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants").

**D.     RELIEF REQUESTED**

1.     Order Defendants to provide for the benefit of the Plaintiff Legal Guardians and the Putative Class Members ongoing medical monitoring, testing, intervention, provision of caregiver training and information, and medical referral, all of which are medically necessary for the NAS Children in their care, and all future medical care reasonably necessary to treat these children.  Any injunctive relief to which Plaintiffs may justly show themselves entitled, including injunctive relief designed to reduce the incidence of children born with NAS.

2.     Order creation of a Science Panel.

3.     Alternatively, all incidental compensatory damages and medical expenses incurred by Plaintiff Legal Guardians and the Putative Class Members in connection with their care of the NAS Children.  It is expressly alleged that all compensatory damages sought in the alternative are incidental to the injunctive relief requested by Plaintiffs and the Class, and are for those caused by the *in utero* exposure to opioids and NAS diagnosis suffered by the NAS Children.

4.     Punitive damages.

5.     Attorneys' fees and costs incurred by Plaintiff Legal Guardians and the Putative

4

Class Members.

## II.   CLASS 3 – OHIO STATEWIDE CLASS[4]

### A.   DEFINITION

1. Legal Guardians[5] of Ohio residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[6] at or near birth and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity. Excluded from the class are any infants and children who were treated with opioids after birth, other than for pharmacological weaning. Also excluded from the class are legal guardianships where the State of Ohio or one of its political subdivisions, such as a public children services agency, has affirmatively assumed the duties of "custodian" of the child.

2. Legal Guardians[7] of Ohio residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[8] at or near birth and whose birth mother received and/or filled a prescription for opioids or opiates in the 10 months prior to the birth of said infant or child and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.

### B.   DEFENDANTS

#### (1)   MANUFACTURER DEFENDANTS

- Actavis Entities: Allergan PLC f/k/a Actavis PLC f/k/a Allergan, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals,

---

[4] The Ohio statewide class is sought by putative Class Representatives Michelle Frost and Stephanie Howell.

[5] The term "Legal Guardian" is defined at fn. 2

[6] The term "NAS" is defined at fn. 3.

[7] The term "Legal Guardian" is defined at fn. 2.

[8] The term "NAS" is defined at fn. 3.

- Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-Florida.

- Cephalon Entities:  Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.

- Janssen Entities:  Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Noramco, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Johnson & Johnson.

- Endo Entities:  Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.

- Mallinckrodt Entities:  Mallinckrodt plc; Mallinckrodt LLC; SpecGx LLC.

- Insys Therapeutics, Inc.

- Depomed, Inc.

- Indivior, Inc.

- Co-Conspirator Purdue Entities:  Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Rhodes Technologies; Rhodes Technologies Inc.; Rhodes Pharmaceuticals L.P.; Rhodes Pharmaceuticals Inc.; Trust for the Benefit of Members of the Raymond Sackler Family; The P.F. Laboratories, Inc.

- Non-Defendant, Co-Conspirator Purdue Entities:  Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.

**(2)    DISTRIBUTOR DEFENDANTS**

- Cardinal Health, Inc.

- AmerisourceBergen Drug Corp.

- Mckesson Corporation

- Anda, Inc.

- H. D. Smith, LLC d/b/a HD Smith f/k/a H. D. Smith Wholesale Drug Co.; H. D. Smith Holdings, LLC; H. D. Smith Holding Company

6

- Discount Drug Mart, Inc.
- Prescription Supply, Inc.

**(3)   PHARMACY DEFENDANTS**

- HBC Service Company
- CVS Health Corporation; CVS Indiana, LLC; CVS Rx Services, Inc.
- Rite Aid Corporation; Rite Aid of Maryland, Inc.; Rite Aid of Maryland, Inc. d/b/a Rite-Aid Mid-Atlantic Customer Support Center, Inc.
- Walgreen Co.; Walgreens Boots Alliance, Inc.; Walgreen Eastern Co.
- Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc.
- Miami-Luken, Inc.
- Costco Wholesale Corporation

**C.   CLAIMS**

1. First Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (against only Defendants Cephalon Entities, Janssen Entities, Endo Entities, and Mallinckrodt Entities (the "RICO Marketing Defendants")).

2. Second Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (against only Defendants Cephalon Entities, Endo Entities, Mallinckrodt Entities, Actavis Entities, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")).

3. Third Cause of Action — Negligence.

4. Fourth Cause of Action — Negligence *Per Se*.

5. Fifth Cause of Action — Civil Battery.

6. Sixth Cause of Action — Civil Conspiracy.

    **D.**    **RELIEF REQUESTED** – *See* ¶ I.D., *supra,* which is incorporated by reference.

**III.**    <u>**CLASS 4**</u> **– CALIFORNIA STATEWIDE CLASS**[9]

    **A.**    **DEFINITION**

1. Legal Guardians[10] of residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[11] at or near birth and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity. Excluded from the class are any infants and children who were treated with opioids after birth, other than for pharmacological weaning. Also excluded from the class are legal guardianships where a political subdivision, such as a public children services agency, has affirmatively assumed the duties of "custodian" of the child.

2. Legal Guardians[12] of California residents born after March 16, 2000, who were medically diagnosed with opioid-related NAS[13] at or near birth and whose birth mother received and/or filled a prescription for opioids or opiates in the 10 months prior to the birth of said infant or child and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.

3. Legal Guardians[14] of California residents born after March 16, 2000, who were

---

[9] The California statewjide class is sought by putative Class Representatives Jacqueline Ramirez, Roman Ramirez, and Melissa Barnwell.

[10] The term "Legal Guardian" is defined at fn. 2.

[11] The term "NAS" is defined at fn. 3.

[12] The term "Legal Guardian" is defined at fn. 2.

[13] The term "NAS" is defined at fn. 3.

[14] The term "Legal Guardian" is defined at fn. 2.

medically diagnosed with opioid-related NAS[15] at or near birth and whose birth mother received a prescription for opioids or opiates prior to the birth and those opioids or opiates were manufactured, distributed, or filled by a Defendant or Purdue entity.

    **B.**    **DEFENDANTS** – *See* ¶ II.B., *supra,* which is incorporated by reference.

    **C.**    **CLAIMS**

    1.    First Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (against only Defendants Cephalon Entities, Janssen Entities, Endo Entities, and Mallinckrodt Entities (the "RICO Marketing Defendants").

    2.    Second Cause of Action – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (against only Defendants Cephalon Entities, Endo Entities, Mallinckrodt Entities, Actavis Entities, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants").

    3.    Third Cause of Action — Negligence.

    4.    Fourth Cause of Action — Negligence *Per Se*.

    5.    Fifth Cause of Action — Violations of the Unfair Competition Law.

    **D.**    **RELIEF REQUESTED**

    1.    Order Defendants to provide for the benefit of the Plaintiff Legal Guardians and the Putative Class Members ongoing medical monitoring, testing, intervention, provision of caregiver training and information, and medical referral, all of which are medically necessary for the NAS Children in their care, and all future medical care reasonably necessary to treat these children. Any injunctive relief to which Plaintiffs may justly show themselves entitled, including injunctive relief designed to reduce the incidence of children born with NAS.

---

[15] The term "NAS" is defined at fn. 3.

2. Order creation of a Science Panel.

3. Alternatively, all incidental compensatory damages and medical expenses incurred by Plaintiff Legal Guardians and the Putative Class Members in connection with their care of the NAS Children. It is expressly alleged that all compensatory damages sought in the alternative are incidental to the injunctive relief requested by Plaintiffs and the Class, and are for those caused by the *in utero* exposure to opioids and NAS diagnosis suffered by the NAS Children.

4. Disgorgement and other relief pursuant to the Unfair Competition Law.

5. Punitive damages.

6. Attorneys' fees and costs incurred by Plaintiff Legal Guardians and the Putative Class Members.

The following counsel will fairly and adequately represent the interests of the classes:

1. The Dann Law Firm (Class Counsel and Liaison Counsel);

2. Martzell, Bickford & Centola (Class Counsel);

3. The Bilek Law Firm, L.L.P. (Class Counsel); and

4. The Cooper Law Firm (Class Counsel).

Class Counsel are authorized to (a) represent the classes in settlement negotiations with Defendants; (b) sign any filings with this or any other Court made on behalf of the classes; (c) assist the Court with functions relevant to a class action, such as but not limited to executing a satisfactory notice program; and (d) represent the classes in Court.

Plaintiffs have satisfied the requirements of Fed. R. Civ. P. 23(a):

- The members of the classes are so numerous that joinder is impracticable;

- Membership in the classes is ascertainable and based on readily identifiable and objective criteria;

- The claims of the class members involve common questions of law and fact;

- The claims of the named Plaintiffs are typical of the claims of the other class members, and they will otherwise adequately represent the classes and have no conflicts of interest; and

- The putative class counsel will fairly and adequately represent the interests of the classes.

The proposed classes also satisfy Fed. R. Civ. P. 23(b)(2) and 23(b)(3):

- The parties opposing the classes have acted or refused to act on grounds generally applicable to the classes;

- Common questions of law and fact predominate over individual issues; and

- Class certification is superior to other available means of adjudication.

The Court accordingly certifies the two RICO claims against the four and seven Defendants, respectively, under Rule 23(b)(3). These identified Defendants encompass families of companies.

The Class Representatives' claims are typical of those of the classes, and the proposed Class Representatives will adequately represent the classes. The Court accordingly appoints Jacqueline Ramirez, Roman Ramirez, Melissa Barnwell, Michelle Frost, and Stephanie Howell as Class Representatives.

Class Counsel are ordered to provide to this Court class notice that will be sent to class members as directed by further order of this Court.

SO ORDERED on _____, 2020.

_____
DAN AARON POLSTER
United States District Judge