# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION, OPIATE LITIGATION** | **MDL NO. 2804** |
| | **Case No. 17-MD-2804** |
| **THIS DOCUMENT RELATES TO:** | **Judge Dan Aaron Polster** |

*Salmons v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45268;

*Flanagan v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45405

*Doyle v. Purdue Pharma L.P., et al.*
MDL Case No. #1:18-op-46327

*Artz v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45459

I, Marc Edward Dann, hereby state and declare as follows:

1. I am an attorney of law, duly licensed and admitted to practice law before the United States District Court for the Northern District of Ohio. I am over the age of 18.

2. I am a partner in the law firm of Dann Law, which serves as co-counsel for Plaintiffs Jacqueline Ramirez, Roman Ramirez, Melissa Barnwell, Jennifer Artz, Michelle Frost and Stephanie Howell ("Plaintiffs") in the matter of *In Re: National Prescription, Opiate Litigation*, No. 17-md-2804 (the "Action").

3. I have personal knowledge of the following facts, and I am competent to testify to the following facts upon my own personal knowledge. I make this declaration in support of Plaintiffs' Motion for Class Certification.

4. Plaintiffs' counsel are experienced attorneys who have handled many complex civil litigation matters including other class actions and would be adequate to serve as lead and liaison counsel.

5. I and the other nine attorneys at Dann Law ("Dann Law") have significant experience litigating consumer class actions on behalf of Ohio citizens with extensive experience litigating in the Northern District of Ohio. I previously served as Ohio Attorney General and the State's chief consumer protection enforcer. Further I served on the National Association of Attorneys General Committee overseeing the continued implementation of the National Tobacco Settlement. Under my Direction the State of Ohio prosecuted and settled claims for off label marketing of opioid pharmaceuticals against Perdue Pharmaceuticals. *See* Dann Law Firm Bio, attached hereto as **Exhibit 1**.

6. Thomas Bilek has substantial experience litigating with over 33 years of experience. Bilek has taken a position as one of the top plaintiffs' trial lawyers in Texas and is sought by other law firms to serve as co- or lead counsel in cutting-edge securities fraud, consumer protection, environmental, and occupational injury cases throughout the United States. *See* Bilek Firm Resume attached hereto as **Exhibit 2**.

7. Celeste Brustowicz is a partner with Cooper Law Firm in New Orleans, Louisiana who has extensive experience in litigating complex and class cases. *See* Cooper Law Firm Resume attached hereto as **Exhibit 3**.

8. Scott R. Bickford, a principal in Martzell, Bickford and Centola, APC, in New Orleans, Louisiana is an associate professor at Tulane Law School where he serves as co-director or the Law School's Trial Advocacy program. Bickford also has extensive experience in

       complex litigation including several multi-district litigations as well as handling multiple class action cases. Bickford's resume is attached hereto as **Exhibit 4**.

9. The putative lead and liaison Counsel, Dann, Bilek, Brustowicz and Bickford have associated with a network of lawyers who represent guardians of NAS Babies throughout the United States and have sufficient resources to properly prosecute claims alleged in the third amended complaint on behalf of the Class. Evidence of the adequacy of resources is demonstrated by over thousands of hours of work already performed in researching claims alleged in the complaint and have retained the highly qualified and respected experts whose affidavits are offered in support of the Motion for Class Certification.

10. Attached hereto as **Exhibit 5** is the Curriculum Vitae and Declaration of Dr. Kanwaljeet S. Anand in support of Plaintiffs' Motion for Class Certification.

11. Attached hereto as **Exhibit 6** is the Curriculum Vita, Report, and List of Depositions of Dr. Charles L. Werntz III D.O. in support of Plaintiffs' Motion for Class Certification.

12. Attached hereto as **Exhibit 7** is the Curriculum Vitae and Declaration of Dr. Charles Vyvayan Howard in support of Plaintiffs' Motion for Class Certification.

13. Attached as **Exhibit 8** is "Increase in Prescription Opioid Use during Pregnancy among Medicaid-enrolled Women," Obstetrics and Gynecology, 123(5), 997-1002 (2014) R.J. Desai

14. Attached hereto as **Exhibit 9** is the NCHS Data Brief No. 329 "Drug Overdose Deaths in the United States 1999-2017" by Holly Hedegaard M.D., Arianldi M. Minino M.P.H. and Margaret Warner Ph.D., published November 2018.

15. Attached hereto as **Exhibit 10** is "Duties of a Guardian of the Person", https://www.courts.ca.gov/1211.htm (last visited Jan. 6, 2020).

16. Attached hereto as **Exhibit 11** is "Opioid use disorder in the United States: Diagnosed prevalence by payer, age, sex, and state", Stoddard Davenport and Katie Matthews (2018).

17. Attached hereto as **Exhibit 12** is "Cuyahoga County Announces How It'll Use $23 Million in Opioid Settlement Money on Treatment and Prevention Services," Vince Grzegorek, October 11, 2019, clevescene.com.

18. Attached hereto as **Exhibit 13** is "Ohio voters could decide constitutional amendment to split up opioid lawsuit cash," Darrel Rowland and Randy Ludow, The Columbus Dispatch, December 5, 2019.

I declare under penalty of perjury under the laws of the United States and the State of Ohio that the foregoing is true and correct.

EXECUTED in Cleveland, Ohio January 7, 2020

*/s/ Marc E. Dann*
Marc E. Dann