# Marc Dann Declaration in Support of Motion for Class Certification

# Exhibit 10



# Duties of a Guardian

## Duties of a Guardian of the Person

Before you decide to become a guardian, ask yourself these questions:

1. **Do you want legal responsibility for the child?**
   You will have the same legal responsibilities as a parent, including responsibility for intentional damages the child may cause or for negligent supervision of the child. As guardian, you must also manage the child's finances, keep careful records, give the court reports and ask the court for permission to handle certain financial matters.

2. **How will the guardianship affect you and your family?**
   You will be like the child's parent. This can affect your relationship with other family members. Think about your time, energy, and health to decide if you want to be, or can be, a guardian.

3. **Do you have enough money?**
   The child may get income from social security, public assistance, child support from the parents, or an inheritance from a deceased parent. But child support does not always arrive, even if it is ordered by the court, and the money you get for the minor may not be enough. You may have to spend your own money to raise the child.

4. **Will there be problems with the child's relatives?**
   If the child's parents are alive, will they support you as guardian, or will they be angry with you and try to interfere? Some parents may fight the guardianship, or the court may say that they can have regular visitation.

**Rights and responsibilities of guardians**

As guardian of the person, you will have these responsibilities:

- You decide where the child lives. If you move, you must tell the court in writing right away. If you want to move out of California, you have to get the court's permission.
- You decide where the child goes to school. You must stay involved in the child's education, and help the child get any special services, like tutoring, that he or she needs.
- You must take care of the child's medical and dental needs, making sure he or she gets proper care. In most cases, you can also make decisions about any medical treatment the child needs.
- You must get the child counseling or other mental health services if the child needs them. But you cannot place the child in a mental health institution without a court order unless the child agrees.
- At least once a year, you will turn in a status report to the court. You must also meet with any court investigators or social workers sent by the court and come to court when the court tells you to. The court can also order you to take on other duties or can place special conditions on you as guardian, if needed.

Also:

- In most cases, guardians, like parents, are responsible for harm or damages the child causes, including graffiti or getting in a car accident. Like a parent, a guardian is responsible for the intentional acts of the minor, and also for negligent supervision of the minor or the negligent entrustment of a motor vehicle (giving the child access to a car when he or she is unlicensed or otherwise not capable of handling the responsibility).
- You cannot let the child live with his or her parents or anyone else. The child must live with you unless the judge says otherwise. You can let the child stay with other people for visits or short periods of time without a court order, as long as the child continues to primarily live with you, the guardian.
- The parents may be able to visit and see their child, but you (or the court) decide when and how often. The parents may get custody of their child back in the future if the court decides that the child no longer needs to have a guardian.

You will have the right to make these decisions affecting the child:

- You may give the child permission to apply for a driver's license. Or you may choose to not give him or her permission.
    - If you let the child apply for a license, you must also get car insurance for the child.
    - If the child has an accident while driving your car, you may be responsible for any damages caused by the accident.
- You may give the child permission to enlist in the military.
    - If the child enters into active duty with the armed forces, the guardianship will end. California law will consider the child to be an adult (emancipated).
- Both you and the court must give permission for the child to get married.
    - If the child gets married, the guardianship will end. California law will consider the child to be an adult (emancipated).

# Help for guardians

If, as guardian of the child, you need help, there may be resources to help you:

**Financial help**
You may be able to get child support from the parents or help from the government, like TANF (Temporary Aid to Needy Families), CalWorks, social security, Department of Veterans Affairs, or Indian Child Welfare Act benefits.

For more information, call:

| Social Security Administration<br>1-800-772-1213<br>TTY 800-325-0778 |
|---|

| Department of Veterans Affairs<br>1-800-827-1000<br>TTY 800-829-4833 |
|---|

| Department of Child Support Services<br>1-866-249-0773 (toll free)<br>TDD 1-866-223-9529 (toll free) |
|---|

You can also contact your local child support agency. Or find your local county social services or human services department.

*Remember:* Any money you get for the child must be used for the child's benefit. The court may ask you to file reports from time to time showing how much money you received for the child and how it was spent. This is called "an accounting."

**Help if the child is having problems**

Every county has agencies to help children who come from troubled homes. Some children have physical or learning disabilities. Some have been abused. Some may need counseling or other services. Try to meet the special needs of the child in your care and get them the services they need.

Ask the court, or the child protective services agency near you, to tell you where you can get help.

Find your county's child protective services agency and check your county's website. You can also check the county listings in your telephone book.

# Duties of a Guardian of the Estate

As a guardian of the estate of the minor, you owe the highest duty the law recognizes to protect the assets of the child's estate. This duty is called a *fiduciary duty*. It is easy to violate this duty if you do not have special training or a probate lawyer giving you advice. For this reason, it is better to have a lawyer represent you when you are asking the court to appoint you guardian of the estate. The lawyer's fees are paid for by the estate, and must be approved by the court so there is protection for the minor.

Within 90 days after being appointed guardian, you must file financial reports with the court, including an inventory and appraisal signed by a referee showing the value of the assets in the estate. You must:

- Collect and make a list of all the child's property and find, get, and protect all money and property that are part of the estate; then
- Put all property in the estate's name; and,
- Record copies of the *Letters of Guardianship* (Form GC-250) with the County Recorder in every county where the child owns real property (land, houses or buildings).

To determine the value of the child's property, first, get a court-appointed referee, called a "probate referee," who will figure out how much the property was worth when you were appointed.

- You must do this unless the court specifically tells you not to.
- You, not the probate referee, have to figure out the value or worth of certain "cash items."

Managing the child's estate

- Keep all the child's money and property separate from everyone else's money and property, including your own. Unless there is a court order, a guardian cannot:
    - Pay him or herself or his or her lawyer with the estate's funds;
    - Give away any part of the estate;
    - Borrow money from the estate; or
    - Spend the estate's money.
- If the child has a parent who is still alive, or the child gets money or can get support from elsewhere, then you need the court's permission to use the estate money to pay for the child's support, maintenance, or education.

- You can file a petition explaining why you need to use the estate's money to support the child. Generally, the court can give you permission to use the minor's money for less than a year and for specific things.
- Keep complete and accurate financial records, including records of every transaction that has to do with the estate. Write down all of the money that comes in and all money that goes out, and keep receipts for everything you buy using estate money.
- Get and/or keep insurance coverage on the child's property.
- Prepare a report, called an "accounting," of:
    - All money collected and all interest earned;
    - All money you spent and for what;
    - The date of every transaction;
    - The purpose of every transaction; and
    - What is left after the estate's expenses are paid. (See Probate Code section 1061 for what the accounting must say.)
- File an accounting 1 year after you become guardian. After that, you must file a report every 2 years, unless:
    - The estate is worth less than $7,000 and there is less than $1,000 per month income from sources other than public assistance.
    - All guardianship funds are in blocked accounts.
    - If you do not file the accounting, the court could order you to do so or could remove you as the guardian.
    - If you believe you fall within an exception to the requirement for an accounting, you can file a motion with the court asking that you be relieved of the duty to file an annual accounting. You must file one unless the court orders that you do not have to.