# Marc Dann Declaration in Support of Motion for Class Certification

# Exhibit 13

# The Columbus Dispatch

## Ohio voters could decide constitutional amendment to split up opioid lawsuit cash

**By Darrel Rowland**
**The Columbus Dispatch**

**By Randy Ludlow**
**The Columbus Dispatch**
Posted Dec 5, 2019 at 1:55 PM

Ohio Attorney General Dave Yost wants to ensure that money for any settlement of opioid lawsuits goes to fight drugs, not for politicians' pet projects.

Under a new plan being circulated at the highest levels of state government, Ohioans would vote on a constitutional amendment in the March primary to put money from a possible multimillion-dollar settlement of opioid lawsuits into a "lockbox" to make sure the money is actually spent to combat the drug scourge, The Dispatch has learned.

The biggest immediate hurdle to the proposal of Attorney General Dave Yost: The legislature must OK the proposed amendment by Dec. 18, the filing deadline for the March 17 ballot. Approval is needed from three-fifths of the membership of each chamber: 60 of 99 in the House, 20 of 33 in the Senate.

Hurdles No. 2 and 3: Neither the House nor the Senate GOP caucuses, which control the chambers, have even discussed the idea.

Case: 1:17-md-02804-DAP Doc #: 3067-13 Filed: 01/07/20 3 of 5. PageID #: 478051

And hurdle No. 4: Gov. Mike DeWine opposes the measure.

DeWine told The Dispatch it is "frankly premature" to consider pursuit of a constitutional amendment before the state and local governments pressing claims in court reach agreement on how to handle and divide opioid settlement funds.

"The attorney general raised this with me the other day. I told him I would think about it. ... The discussion about that (a constitutional amendment) can't occur until we reach agreement with each other in Ohio.

"We need to finalize an agreement ... everyone needs to be united on this," the governor said. "We have made some very good progress in talking with the cities and counties. I think we are getting close. We are not there yet."

DeWine said a "real consensus" has been reached that settlement funds must be spent on addiction treatment programs to lessen opioids' hold on addicted Ohioans.

The governor did not directly respond when asked if he would support a constitutional amendment to lock in the long-term distribution of settlement funds once local and state officials strike a deal on how to allocate the money to help combat the crisis, which has eased but remains deadly.

The measure, which would divvy up money that has been or is still to be won in lawsuits filed by state and local governments in both state and federal courts, is designed to alleviate local governments' concerns that the state would fritter the money away like it did the state's tobacco lawsuit settlement in 1998.

Case: 1:17-md-02804-DAP Doc #: 3067-13 Filed: 01/07/20 4 of 5. PageID #: 478052

Two years later, the legislature had diverted some of the money for tobacco cessation efforts to school construction, law enforcement, biomedical research and education technology. In 2008, lawmakers diverted more than $200 million into a "jobs fund." The state's total payments under the tobacco settlement were to reach $10 billion over 25 years.

"Ohio is unlikely to have access to this level of financial resources again," Yost's office has argued in private meetings — including one at the Governor's Residence in Bexley — with representatives of the governor, local governments and the General Assembly. "This is literally a once-in-a-lifetime, do-or-die moment."

The proposed constitutional amendment would split opioid settlement money three ways: to local governments, the state and a new Ohio State and Local Government Opioid Crisis Recovery Foundation. The latter would get the majority of the cash, and local governments would get about twice as much as the state. The foundation's 12-member board would be chosen by state and local officials.

While some of the money would go to meet immediate needs in the battle against opioids, most would be invested so the fund could grow and meet future needs as well. The amendment — which could only be changed by another constitutional amendment — is designed to ensure "settlement dollars are spent on abatement, not pet projects."

Yost's office says it is working on an "all Ohio" settlement. The state has filed suit in Madison and Ross counties, while about 70 local governments are involved in a massive group of lawsuits filed against opioid manufacturers and distributors and drug chains by governments across the

Case: 1:17-md-02804-DAP Doc #: 3067-13 Filed: 01/07/20 5 of 5. PageID #: 478053

country that is now before a federal judge in Cleveland. A trial is set for October 2020 for two of the Ohio plaintiffs, Cuyahoga and Summit counties.

Kent Scarrett, executive director of the Ohio Municipal League, also said the group was unaware of the proposal until it received details Wednesday from Yost's office.

DeWine is scheduled to discuss the opioid crisis and potential settlements with the league's board Friday morning, Scarrett said.

"We don't have a position. This is a new thing that just landed on our radar yesterday," Scarrett said. "We need to look at how this would play out in the ability of local governments to receive relief from this epidemic."

Noting the disposition of Ohio's tobacco settlement, Scarrett said, "The legislature should have as little influence over the allocation process as possible."

Dispatch reporter Anna Staver contributed to this story.

drowland@dispatch.com

@darreldrowland

rludlow@dispatch.com

@RandyLudlow