UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>"All Cases" | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' EXPEDITED MOTION TO STAY CERTAIN DISCOVERY UNTIL FINAL RESOLUTION OF THEIR MANDAMUS PETITION**

Pursuant to Federal Rule of Civil Procedure 26(c), Pharmacy Defendants[1] hereby move the Court to issue an order staying certain discovery until their petition for writ of mandamus—currently pending before the U.S. Court of Appeals for the Sixth Circuit—has been finally resolved.  *See* Petition for Writ of Mandamus (submitted Jan. 17, 2020), Ex. 1.  Pharmacy Defendants ask that the discovery this Court has ordered of transaction-level dispensing data be stayed, with the exception of prescriptions that were filled within the two Ohio Counties, Cuyahoga County and Summit County, that are Plaintiffs in the "Track One-B Cases," and within three years dating back from November 20, 2019, when Plaintiffs served their amended complaints, *see* Docs. 2943, 2944.  Pharmacy Defendants respectfully ask this Court to expedite its ruling on this motion because, if it is not granted, Pharmacy Defendants will need to seek such relief in the Court of Appeals as soon as possible to ensure meaningful relief in light of the schedule in these proceedings.  *See* Docs. 2940, 2976, 3055.

---

[1] "Pharmacy Defendants" are CVS Pharmacy, Inc. and Ohio CVS Stores L.L.C. ("CVS"), Rite Aid of Maryland, Inc. d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp. ("Rite Aid"), Walgreen Co. and Walgreen Eastern Co. ("Walgreens"), HBC Service Company and Giant Eagle, Inc. ("Giant Eagle"), Discount Drug Mart, Inc. ("DDM"), and Walmart Inc. ("Walmart").

Pharmacy Defendants have filed today a petition for writ of mandamus with the Sixth Circuit.  This petition asks the Court of Appeals to clarify that multidistrict litigation remains subject to the binding procedures set forth in the Federal Rules of Civil Procedure and, therefore, order this Court to (1) strike the amended complaints filed by the Plaintiff Counties, (2) allow Pharmacy Defendants to file motions to dismiss as authorized by Rule 12(b), and (3) limit the scope of discovery in conformance with Rule 26(b).  If Pharmacy Defendants' petition is granted, the Track One-B Plaintiffs will have no need for transaction-level dispensing data (or perhaps for further discovery at all).

Under Federal Rule of Civil Procedure 26(c), this Court may for good cause issue an order to protect a party from undue burden or expense of discovery.  The pendency of a motion or petition presenting "preliminary questions that may dispose of the case" is generally good cause for an order staying burdensome discovery until such questions are determined.  *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  In ruling on a motion to temporarily stay discovery, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial [or delay] of discovery."  *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010).

The requested stay would protect Pharmacy Defendants from incurring substantial litigation expenses unnecessarily, should their petition for mandamus relief be granted.  As Pharmacy Defendants explained in their Motion for Reconsideration, Doc. 3029, and supporting declarations, the production of many years of records of every single prescription filled for a host of medications is a time-consuming and costly endeavor.  Expanding production beyond the boundaries of the two Plaintiff Counties increases the amount of data at issue by orders of

magnitude.  *Id.* at 13-14.  The burden of this production is further increased by the fact that much of the data at issue is protected health information subject to HIPAA and state analogs.  *Id.* at 16-17.  In addition to averting a potentially unnecessary discovery burden from being incurred by Pharmacy Defendants, the requested stay would ensure that the millions of Americans whose private and sensitive prescription history is contained within the data at issue are protected from unwarranted risk of a grave invasion of privacy.  *Id.* at 8-13.

The stay Pharmacy Defendants have requested, moreover, would not prejudice Plaintiffs.  In its December 27 Order on Reconsideration Regarding Scope of Discovery in Track One-B, this Court has limited the Track One-B Plaintiffs to using data for prescriptions filled within Ohio, and observed that data for prescriptions filled outside of Ohio is "less relevant" to their cases.  Doc. 3055 at 4, 5, n.5.  Indeed, Plaintiffs have not demonstrated any need for transaction-level dispensing data for prescriptions filled outside their jurisdictions, and the inherently local nature of the alleged dispensing conduct and allegedly associated injury suggests that no such need could be shown.  Plaintiffs also have not demonstrated any need for the full temporal scope of transaction-level dispensing data, particularly in view of the corresponding discovery that Pharmacy Defendants will need to defend themselves against any individual prescriptions Plaintiffs argue were erroneously filled.  What is more, if Pharmacy Defendants' petition is denied, there is no reason to think that this relatively short delay would create hardship for Plaintiffs.[2]

---

[2] Pharmacy Defendants are seeking expedited consideration of their petition for writ of mandamus.

Pharmacy Defendants have taken pains to request a stay of discovery that is appropriately tailored to protect Pharmacy Defendants, pending final resolution of their mandamus petition, from immediately pressing and undue discovery burdens, without prejudicing Plaintiff Counties.

## CONCLUSION

Pharmacy Defendants respectfully request that the Court stay discovery of transaction-level dispensing data, with the exception of prescriptions that were filled within Cuyahoga County or Summit County between November 20, 2016, and November 20, 2019, until final resolution of their pending mandamus petition.

Dated:  January 17, 2020

Respectfully submitted,

/s/  Tara A. Fumerton
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/  Alexandra W. Miller (consent)
Alexandra W. Miller
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: smiller@zuckerman.com
E-mail: edelinsky@zuckerman.com

*Attorneys for CVS Pharmacy, Inc. and Ohio CVS Stores L.L.C.*

/s/    Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp.*

/s/    Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreen Co. and Walgreen Eastern Co.*

/s/    Timothy D. Johnson (consent)
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415

5

Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Attorneys for Discount Drug Mart, Inc.*

/s/   Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on January 17, 2020.

/s/    *Tara A. Fumerton*
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*