UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

-------------------------------------------------------------X
                                              :

IN RE:  NATIONAL PRESCRIPTION        :     MDL No. 2804
OPIATE LITIGATION                           :
                                              :     Case No. 1:17-md-02804
                                              :
                                              :     Hon. Dan Aaron Polster
*APPLIES TO ALL CASES*                 :
-------------------------------------------------------------X

## ORDER OF COURT

WHEREAS, Defendants CVS Rx Services, Inc., and CVS Indiana, L.L.C. (together, the "CVS Distributors") have designated as privileged certain communications and documents related to activities conducted by Analysis Group, Inc. ("AGI") (the "AGI Documents");

WHEREAS, the Plaintiffs Executive Committee ("PEC") has challenged the CVS Distributors' privilege designations over the AGI Documents;

WHEREAS, the PEC and the CVS Distributors have agreed to resolve the PEC's privilege challenges to the AGI Documents; and

WHEREAS, the PEC and the CVS Distributors seek to memorialize their agreement, to have the Court accept the agreement, and to have the Court adopt it as an Order of the Court in order to avoid any misunderstanding, to protect the CVS Distributors and their affiliates against any future privilege challenges in this or any other litigation to the AGI Documents that are privileged in whole or in part under this Order, and to protect the PEC against any future claim in this or any other litigation regarding whether any other party's or non-party's documents involving a third party are privileged.

7120683.1

- 2 -

NOW THEREFORE, in consideration of the foregoing, the Court hereby ORDERS as follows:

1. The CVS Distributors shall withdraw their claims of privilege over AGI Documents identified in Exhibit A. The CVS Distributors shall produce these documents without any privilege redactions.

2. The CVS Distributors shall partially withdraw their claims of privilege over the AGI Documents identified in Exhibit B. The CVS Distributors shall produce these documents with privilege redactions. The PEC shall withdraw its challenges to the privilege redactions in these documents.

3. The PEC shall withdraw its privilege challenges to the AGI Documents identified in Exhibit C. The CVS Distributors will continue to withhold these documents as privileged.

4. The PEC shall withdraw its challenges to the privilege redactions in the AGI Documents identified in Exhibit D. The CVS Distributors will maintain their privilege redactions to these documents.

5. The CVS Distributors' withdrawal of their claims of privilege with respect to any AGI Documents addressed in this Order shall not constitute, nor shall it result in, a waiver of the CVS Distributors' (or any of their affiliates') right to assert, designate, or maintain as privileged any other communications or documents in this or any other litigation.

6. The PEC's withdrawal of its privilege challenges with respect to any AGI Documents addressed in this Order shall not constitute, nor shall it result in, a waiver of the PEC's right to bring or maintain a challenge to any other party's or non-party's privilege designations over any communications or documents involving a third-party, including a third-party vendor.

7120683.1

7. This Order is limited to the AGI Documents, shall not apply to any other communications or documents, and shall have no precedential effect. It shall not be used or relied upon by the PEC, the CVS Distributors, or any other party or non-party to assert that any other communications or documents are privileged or are not privileged.

SO ORDERED,

Dan Aaron Polster
United States District Judge