# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL 2804 |
| | | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | | Judge Dan Aaron Polster |
| *Track One-B Cases* | | **OPINION AND ORDER DENYING CVS'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is CVS's Motion for Summary Judgment (Doc. #: 1889). For the reasons set forth below, the Motion is **DENIED**.

Against CVS, Plaintiffs assert common law public nuisance and civil conspiracy claims based on an alleged failure to maintain effective controls against diversion.[1] CVS seeks summary judgment, asserting Plaintiffs cannot show that any prescription opioids CVS shipped to its own stores were actually diverted from appropriate medical use or caused the harm that Plaintiffs claim. CVS also maintains the statute of limitations bars any claims based on distribution activities occurring before April 25, 2014.

---

[1] Against the Pharmacy Defendants, the Court has severed all claims except absolute public nuisance and civil conspiracy. *See* Track One-B Case Mgmt. Order at 2, 4 n.5 (Doc. #: 2940); Pls. Revised Position Stmt. re: Continuing Litigation at 3 (Doc. #: 2935). The Court therefore does not address CVS's motion as to any severed claims. The Court has granted Plaintiffs leave to add dispensing claims and related dispensing entities, *see* Track One-B Case Mgmt. Order at 4 (Doc. #: 2940); those claims are not addressed in CVS's motion.

### I. Legal Standards.

The Court incorporates the legal standards set forth in the Court's Opinion and Order regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act. *See* Doc. #: 2483.

### II. Analysis.

#### A. Statute of Limitations.

CVS asserts the longest possible statute of limitations is four years, which would bar any claims based on opioid distributions occurring before April 25, 2014. Mem. at 2 n.2 (Doc. #: 1889-1). CVS asserts it stopped distributing opioids into Summit and Cuyahoga Counties on September 24, 2014; thus, only shipments from April 25 to September 24, 2014 may potentially subject it to liability.

In its earlier ruling on Defendants' motions for summary judgment, the Court ruled that, under Ohio law, no statute of limitations applies to public nuisance claims or to conspiracy claims based on a public nuisance. *See* SJ Order on SOL at 3-6, 12 (Doc. #: 2568). In light of this ruling, CVS's arguments concerning the statute of limitations are not well-taken.

#### B. Causation.

CVS argues it is entitled to summary judgment because Plaintiffs cannot show that "any CVS shipment to any of its pharmacies in Cuyahoga or Summit counties was diverted and contributed to the injuries claimed by plaintiffs." Mem. at 1 (Doc. #: 1889-1). Specifically, CVS asserts it distributed only one type of prescription opioid medication (hydrocodone combination

2

products, or HCPs) to its own pharmacies, and those distributions accounted for only 1.6% of the opioids shipped into the *Track One* Counties from 2006 through 2018. *Id.* at 4.  CVS maintains that, in light of its small market share and "the absence of any evidence that any pill distributed by CVS caused any harm," Plaintiffs cannot show CVS's conduct was a substantial factor in producing Plaintiffs' alleged damages.[2] *Id*. at 4-5.

Plaintiffs respond with evidence suggesting CVS's systems to monitor suspicious orders were makeshift, haphazard, and ineffectual.  For example, from 2006 to mid-2009, CVS did not have formal written policies or procedures to identify suspicious orders; it merely relied on line employee "Pickers and Packers" to flag orders based on a "gut feeling" that an order was "too big."  *Id.* at 2-3.[3]  Beginning in 2009, CVS utilized a computer-based algorithm system that generated Item Review Reports ("IRR") to flag potentially suspicious orders.  From 2009 to 2011, only one employee, John Mortelliti, had primary responsibility to review the IRR; during this time, Mortelliti did not identify any orders that were suspicious or report any orders to the DEA.  *See* Opp. at 4-5 (Doc. #: 2208).[4]  Reflecting these facts, in October of 2010, a CVS employee who was

---

[2] Based on its assertion that claims arising before April 25, 2014 are time-barred, CVS focuses its motion on the time period from April 25, 2014, to September 24, 2014. Specifically, CVS asserts that, in 2014, it implemented a new suspicious order monitoring system ("SOMS") that Plaintiffs have not challenged as inadequate. *See* Mem. at 2-3 (Doc. #: 1889-1). For the reasons discussed, CVS's premise is incorrect, *i.e.* the statute of limitations does *not* bar claims arising before April 25, 2014.  Thus, the Court considers evidence beyond the five-month window urged by CVS.  In so doing, the Court notes that CVS has not controverted Plaintiffs' factual assertions regarding the inadequacy of CVS's SOMS before 2014.  *See* CVS Reply at 5 (Doc. #: 2530) (asserting the Court should disregard Plaintiffs' facts regarding CVS's SOMS from earlier time periods as "irrelevant").  The Court further notes that Plaintiffs *do* contend CVS's new SOMS was also inadequate.  *See* Opp. at 7-8 (Doc. #: 2208).

[3] Vernazza Depo. at 197:1-9, 198:3 to 199:2 (Doc. #: 3027-34); Ellen Wilson Depo. at 61:11 to 62:9 (Doc. #: 3027-34).

[4] *See* Vernazza Depo. at 357:10-15, 365:6-13, 368:9-14, 371:15-23, 374:7-11 (Doc. #: 3027-34).

3

responsible for suspicious order monitoring reported, "The current IRR does not provide the proper information to meet the DEA's needs."[5]  Plaintiffs also point to internal emails between CVS employees suggesting CVS understaffed its program to review suspicious orders and utilized old data which was "irrelevant and pointless" by the time it reached the data analysts.[6]  Indeed, based on an investigation conducted in 2013, the DEA found CVS had failed "to design and maintain a system to detect suspicious and report suspicious orders," as required by the Controlled Substances Act and associated regulations.[7]

On the existing record, Plaintiffs have presented evidence sufficient to establish a triable issue of fact regarding the adequacy of CVS's suspicious order monitoring system.  In addition, Plaintiffs have submitted evidence upon which a jury could reasonably conclude that CVS's distribution of opioids in the *Track One* Counties contributed substantially to Plaintiffs' alleged harms, despite CVS's small market share.  The Court has previously denied the Distributor Defendants' Motion for Summary Judgment on Proximate Causation Grounds (Doc. #: 1920), concluding that, based on "the massive increases in the supply of prescription opioids into the *Track One* Counties, combined with evidence that suggests a complete failure by the Distributors and Pharmacies to maintain effective controls against diversion, a factfinder could reasonably infer these failures were a substantial factor in producing the alleged harm suffered by Plaintiffs."  SJ Order re: Causation at 9 (Doc. #: 2561).

The Court has also denied summary judgment motions brought by other arguably *de minimis* distributors of opioids, including one that purported to have shipped "only 0.03% of

---

[5] Pls. Ex. 6 (Doc. #: 2208-6).

[6] Pls. Exs. 11 and 12 (Docs. #: 2208-11, 2208-12).

[7] DEA Letter to CVS (Doc. #: 2208-20 at 2-3).

opioids sold in Summit County between 2006 and 2014." SJ Order re: Small Distributors (Doc. #: 2559).  In so ruling, the Court noted that "even a very small proportional contribution by one of numerous defendants could equate with a rather large and substantial absolute quantity, both in monetary terms and in terms of the consequent harms." *Id.* at 5.  Based on these earlier rulings and Plaintiffs' evidence of insubstantial anti-diversion efforts, the Court finds Plaintiffs have produced evidence upon which a jury could reasonably conclude CVS's distribution activities caused Plaintiffs' alleged injuries.  Accordingly, CVS is not entitled to summary judgment.

### III. Conclusion.

For the reasons stated above, the Motion is **DENIED**.

       **IT IS SO ORDERED.**

                                **/s/ Dan Aaron Polster  *January 27, 2020***
                                **DAN AARON POLSTER**
                                **UNITED STATES DISTRICT JUDGE**