# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**MOTION FOR ENTRY OF ORDER ESTABLISHING COMMON BENEFIT FUND**

Plaintiffs, through the undersigned Court-appointed Plaintiffs' Co-Lead Counsel and Plaintiffs' Liaison Counsel, and on behalf of the Plaintiffs' Executive Committee, respectfully submit this Motion for Entry of an Order Establishing Common Benefit Fund, in the exercise of the Court's case management authority as Transferee Court in these multidistrict proceedings, and pursuant to its earlier Case Management Order No. 5 ("CMO No. 5"), to provide for the reimbursement and compensation of expenses and work incurred and performed for the common benefit of plaintiffs in the federal courts (including proceedings in and on appeal from this Court, the federal courts on remand, and the bankruptcy courts) and state courts, as more fully described in the accompanying (Proposed) Order.  This Order is modeled on similar court orders that have become commonplace in MDL case management, as necessary and appropriate mechanisms to effectuate the purposes of the common benefit doctrine established by the United States Supreme Court nearly 150 years ago, and since applied specifically to complex multidistrict litigation by successive editions of the Manual for Complex Litigation, and utilized and endorsed by district and appellate courts throughout the country.

## **INTRODUCTION**

Since the very inception of commercial activity giving rise to what we now recognize as complex litigation, the Supreme Court has recognized both the equitable imperative and practical necessity of providing judicially supervised and enforced mechanisms to spread the costs of efforts undertaken for the common benefit among all beneficiaries.[1]  The Supreme Court's resulting "common benefit doctrine," empowering the district courts to apportion such fees and costs among all beneficiaries as a matter of federal equity jurisdiction, was the pre-existing principle that modern MDL courts have adopted and operationalized through common benefit orders.  Every edition of the Federal Judicial Center's *Manual for Complex Litigation* has prescribed both that a plaintiff's leadership structure be appointed at the outset of the litigation, and that provision be made to reimburse and pay these appointed counsel, on a contingent basis from all plaintiffs' recoveries, for the costs and services those they and other authorized counsel incur and provide to conduct and advance its prosecution and resolution.[2]  A robust jurisprudence of case management orders establishing common benefit funds through assessment of a modest percentage of plaintiffs' recoveries has developed, as reflected in the authorities cited here and in the accompanying (Proposed) Order, and courts and commentators have analyzed the norms and expectations arising from this jurisprudence, recognized the MDL common benefit mechanism as distinct from other fee award regimes (such as class action fees under

---

[1] *Trustees v. Greenough*, 105 U.S. 527 (1881); *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing v. Van Gemert*, 444 U.S. 472 (1980).

[2] *See Manual for Complex Litigation, Fourth* (Federal Judicial Center 2004), §§ 10.21-10.225; 14.21-14.216; 22.62, and corresponding sections in the Third (1995) and Second (1985) editions.  Similar provisions in the (revised) First Edition of the *Manual*, published in 1973, were the bases for the Fifth Circuit's landmark decision affirming MDL transferee courts' broad case management authority to provide for common benefit assessments in *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012-1019 (Fifth Cir. 1977).

Fed. R. Civ. P. 23), and provided a backdrop against which a reasonable amount in this particular case can be established.[3]

## ARGUMENT

Plaintiffs here request a common benefit assessment of 7% (6% fees, 1% costs) to be assessed and administered as set forth in greater detail in the accompanying (Proposed) Order, which, like the other MDL common benefit orders cited here, provides a systematic protocol for common benefit assessment, administration, supervision and award by the court.  (*See* (Proposed) Order Establishing Common Benefit Fund, Sections 1-4, pp. 4-9.

The Supreme Court's common benefit trinity of *Trustees v. Greenough*, *Central Railroad & Banking Co. v. Pettus*, and *Sprague v. Ticonic National Bank* predated the multidistrict litigation statute, modern class actions*,* and pharmaceutical and consumer products and services that give rise to most contemporary MDLs.  But these seminal and far-seeing decisions are far from dead letter, and their invocation of the federal district courts' equity powers to assess fees and costs from the recoveries of those benefitting from others efforts not only survived but thrived in the wake of the merger of law and equity, to find now routine expression in the common benefit orders of MDL courts.

The entry of common benefit orders by MDL courts long has been approved as a case management exercise, arising not only the courts' equity jurisdiction under the common benefit doctrine, but from the additional authority of MDL courts to assess common benefit fees and costs that "comes from the inherent 'managerial' power over the consolidated litigation."  *In re Cook Medical, Inc., Pelvic Repair* Systems, 365 F. Supp. 3d 685, 695 (MDL No. 2440) (S.D.W.V. 2019) (collecting cases).  *See also In re MGM Grand Hotel Fire Litig.*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977); *In re*

---

[3] *See, e.g.,* Rubenstein, "On What a Common Benefit Order Is, Is Not, and Should Be," Class Action Attorney Fee Digest 87 (March 2009); *In re Avandia Marketing Sales Practices, and Prods. Liab. Litig.* (MDL No. 1871), 2012 WL 6923367 (E.D. Pa. 2012).

*Zyprexa Prods. Liab. Litig.* (MDL No. 1596), 467 F. Supp. 2d 256, 265-267 (E.D.N.Y. 2009); *In re Sulzer Hip Prosthesis and Knee Prosthesis Prods. Liab. Litig.*, 268 F. Supp. 2d 907 (N.D. Ohio 2003), *affirmed*, 398 F.3d 778 (6th Cir. 2005); *Manual For Complex Litigation* § 14.215 (4th ed., Federal Judicial Center 2004). A trial court has managerial power that has been described as "the power inherent in every court to control the disposition of the causes on is docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 162, 166, 81 L. Ed. 153, 158 (1936), as cited in *Florida Everglades*, 549 F. 2d at 1012.

Assessments in the 7%-9% range are not uncommon in contemporary MDLs. *See, e.g., In re Aqueous Film-Forming Foam Prods. Liab. Litig.*, Case No. 2:28-MN-2873, Docket No. 72 (D.S.C. Apr. 29, 2019) (9%); *In re Actos (Pioglitazone) Prods. Liab. Litig.*, 274 F. Supp. 3d 485, 510 (W.D. La. 2017) (8.6%); *In re Bard IVC Filters Prods. Liab. Litig.*, Case No. 2-15-MD-02641, Docket No. 372 ( D. Ariz. Dec. 18, 2015) (8%); *see also Bard IVC Filters,* 2018 WL 4279834 at *1; *In re Ivokana Prods. Liab. Litig.*, Case No. 3:16-md-02750, Docket No. 58 (D.N.J. Mar. 21, 2017) (7%). In the *Gadolinium MDL*, this Court ordered a 6% assessment (5% fees/1% costs) in the exercise of its case management authority. *See In re Gadolinium Based Contrast Agents Prods. Liab. Litig.*, Case No. 08-GD-50000, Docket No. 277 (N.D. Ohio Feb. 20, 2009). The above-cited orders and decisions, and those included in the Rubenstein "Common Benefit " survey, supra, provide ample support for a 7% assessment in the instant *National Prescription Opiate* MDL proceedings, which is one of near-universally recognized, unprecedented challenge and complexity.

Despite the unusually intensive (and expensive) commitment made by common benefit counsel on dual litigation and resolution tracks of MDL 2804, both in this district and in the other federal and state courts to which its related remand, bellwether, and bankruptcy work has spread, Plaintiffs seek a midrange assessment of 7%. This is an ordinary assessment applied to truly

4

extraordinary proceedings, and, in this context, a modest one in recognition of the goals and priorities of this litigation.  It is a requested assessment grounded, both historically and operationally, in equity.

## CONCLUSION

As the Supreme Court perceived, and the experience of transferee courts in numerous MDLs has borne out, the reasonableness of a common benefit assessment is in the eye of the judicial beholder.  The court is intimately aware of the quantity and quality of the work performed for the common benefit to date, the magnitude of the out of pocket expenses it has required, the complexity of the legal and factual issues implicated in this litigation, the skill and commitment of the lawyers, and the benefit their work has conferred, and will continue to confer, on litigants across the country.  Plaintiffs respectfully request entry of a Common Benefit Order, in the accompanying form, that provides for a reasonable, indeed modest, 6%/1% set-aside, a percentage well within the mainstream of MDL assessments, in this extraordinary case.

Dated:  January 28, 2020                                    Respectfully submitted,

/s/ *Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/ Peter H. Weinberger*
Peter H. Weinberger