## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*The County of Summit, Ohio,* et al. *v. Purdue Pharma L.P.,* et al.<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio,* et al. *v. Purdue Pharma L.P.,* et al.<br>Case No. 1:18-op-45004<br><br>Track One-B | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### PHARMACY DEFENDANTS' POSITION STATEMENT
### REGARDING CASE MANAGEMENT SCHEDULE

On January 19, 2020, Special Master Cohen directed the parties to file position statements on the existing case management schedule. At that time, the parties were still discussing the scope of the dispensing data to be produced in this case. As the foundation of plaintiffs' requested discovery, the dispensing data necessarily impacts the discovery that comes after it and the schedule as well. After an all-day discovery conference on January 22, 2020 dedicated to data issues, Special Master Cohen ordered the Pharmacy Defendants to produce certain dispensing data for Summit and Cuyahoga counties by March 2, 2020. During that conference, the parties agreed, with Special Master Cohen's assent, that production of dispensing data would be the first step in a sequenced discovery process—the next step being a reciprocal production by plaintiffs of the prescriptions they and their experts identify from the data and their methodologies for selecting them, so that fact discovery then can be framed. On January 27, 2020, Special Master Cohen ordered such sequenced discovery with the second step to occur no later than March 30, 2020.

7137953.1

Doc. 3106. Accordingly, beginning with the March 2 production date, the Pharmacy Defendants propose the case management approach set forth below.

A.   **STATUS OF DISCOVERY**

Since the last Case Management Conference on December 4, 2019, the parties have been focused on the production of dispensing data. The process has been an involved one. Mindful of the fact that the production of dispensing data in Track One-B may serve as the template for such productions in other MDL cases and state cases alike, the parties have been appropriately deliberate. Further, since dispensing data is new to Track One, both sides conducted in-depth analyses as part of the meet-and-confer process. Plaintiffs needed to decide which data fields to request, and the Pharmacy Defendants needed to determine which data fields they could reasonably produce. The parties also have had to grapple with the serious patient privacy issues implicated by the production of dispensing data. Since the Case Management Conference in December, the parties have met and conferred and have participated in several discovery conferences with Special Master Cohen to address these issues. By way of background:

- On November 19, 2019, the Court granted Summit and Cuyahoga County leave to amend their complaints to add dispensing claims against the Pharmacy Defendants. Doc. 2940.

- On December 4, 2019, the Court held a Case Management Conference. Doc. 2966.[1]

- The parties met and conferred the following week about plaintiffs' written request for dispensing data. Plaintiffs' requests sought twenty data fields, but specified that "[p]atient's name and address shall be de-identified" (as in, not provided).

- Beginning on December 11, 2019, Pharmacy Defendants stated that they were prepared to begin processing dispensing data for Summit and Cuyahoga counties with the twenty fields requested in plaintiffs' written requests, to the extent the fields existed and subject to de-identification. Had plaintiffs agreed to proceed, dispensing data for the two counties would likely be in plaintiffs' hands today.

---

[1] Until this December 4, 2019 conference, plaintiffs indicated that they did not wish to proceed against Walmart in Track One-B. As a result, Walmart first joined the discovery process in December.

- Plaintiffs, however, indicated that they might want more fields, beyond their initial written requests.  Thus, at plaintiffs' request, the Pharmacy Defendants promptly provided data dictionaries, to the extent they existed, or other documents on the data fields they maintained.

- On January 3, 2020, plaintiffs requested an additional 122 fields of data.  Plaintiffs also requested—for the first time—that patient names and addresses be included in any production.

- On January 14, 2020, Special Master Cohen convened a teleconference to discuss dispensing data.

- On January 22, 2020, Special Master Cohen convened an all-day in-person hearing on dispensing data.  During the hearing, plaintiffs withdrew their requests for nearly one-hundred data fields and for patient names and addresses; Pharmacy Defendants agreed to several additional fields; and Special Master Cohen ruled on other disputed fields.  The Pharmacy Defendants now have a set of fields to produce, to the extent defendants maintain them. Special Master Cohen set a deadline of March 2, 2020 to produce such data for the two counties.

- Also, at the January 22nd hearing, the parties and Special Master Cohen reached agreement on the sequencing of discovery following the production of dispensing data, which sequencing the parties previously had discussed with the Court at the Case Management Conference in December.  *See* Doc. 2966.  There is agreement that (1) plaintiffs will provide their analyses—and identify the prescriptions at issue—upon receipt of dispensing data for the two counties, and (2) Pharmacy Defendants may then produce additional data related to those identified prescriptions, if necessary, and then conduct fact discovery about the prescriptions identified by plaintiffs.

- In their requests for production, plaintiffs sought dispensing data related to opioids and "cocktail drugs."  The parties disagreed about the definition of "cocktail drugs" for the purposes of producing dispensing data. Special Master Cohen convened a hearing on January 23, 2020 on this issue and requested that position statements be submitted on January 27, 2020.  Both parties made such submissions.

- On January 27, 2020, Special Master Cohen ruled that, in addition to the prescription opioids that have been the subject of discovery throughout Track 1A, the Pharmacy Defendants also shall produce 34 fields of dispensing data for (i) 14 benzodiazepines and (ii) 4 muscle relaxers requested by plaintiffs, more than doubling the number of drugs at issue.  *See* Doc. 3106 at 6.  He further ruled that: (1) the Pharmacy Defendants shall produce the required data on or before March 2, 2020; (2) no later than March 30, 2020, plaintiffs shall identify "the prescriptions they (and their experts) conclude should have been 'Red Flagged' as suspicious, and investigated or not filled;" and (3) "no later than 14 days from the date of plaintiffs' "'Red Flag' identification, Defendants shall produce, for all earlier-supplied prescriptions, any additional data fields upon which they or their experts intend to rely in defending against Plaintiffs' claims." *Id.* at 6-7.

3

7137953.1

In addition to dispensing data, the parties have requested other discovery.  The Pharmacy Defendants have begun to produce both custodial and non-custodial documents responsive to plaintiffs' requests.  Plaintiffs, however, have not produced *any* new documents, aside from six documents Summit County produced regarding the county's contract with ExpressMed, a PBM that formerly operated the SCRIPTS pharmacy in conjunction with the county.  On January 16, 2020, the parties exchanged categories of requested custodians.  The Pharmacy Defendants identified custodians likely to have documents responsive to plaintiffs' discovery requests on Thursday, January 24.  Plaintiffs failed to identify *any* custodians on January 24, and were subsequently ordered to do so by close of business on January 27.  On January 17, the Pharmacy Defendants produced organizational charts related to their dispensing businesses, to assist in identifying relevant witnesses.  Plaintiffs failed to identify any organizational charts, and were subsequently ordered to do so by close of business on January 27.  On January 27, plaintiffs identified custodians and organizational charts.  Plaintiffs also proposed search terms for Pharmacy Defendants' custodial documents on January 13, 2020, and a pharmacy defendant proposed alternative search terms on January 17, 2020.

To date, aside from the six contract documents produced by Summit County, plaintiffs have not produced *any* documents responsive to the Pharmacy Defendants' requests.

**B.     PROPOSED SCHEDULE**

The initial scheduling order in Track 1B, Doc. 2940, was entered on November 19, 2019, before any case management conference.  It did not reflect input from the Pharmacy Defendants; nor did it reflect the sequenced discovery approach that has been adopted since.  As the Court stated at the December 5, 2019 hearing: "it may not be feasible to try this case on October 13th. And if it's not, it's not."  Doc. 2966 at 6.  The Court explained: "we want this to be done right, not

4

in a slipshod way." *Id.* at 62. An October 2020 trial is ***not*** feasible, and the current schedule needs to be adjusted.

The dispensing claims at issue will be more, not less, time consuming than the distribution claims developed in Track 1A. By definition, there are many more prescriptions at issue than wholesale orders at issue, and dispensing claims directly implicate many more fact witnesses—indeed at least two medical professionals for each prescription (a prescribing doctor and a dispensing pharmacist(s)). Based on the three dispensing data production deadlines ordered by Special Master Cohen on January 27, 2020, Pharmacy Defendants propose the following:

| | |
|---|---|
| March 2, 2020 | Pharmacy Defendants produce dispensing data for Summit and Cuyahoga County (date already ordered by Special Master Cohen).[2] |
| March 30, 2020 | Plaintiffs identify prescriptions at issue (date already ordered by Special Master Cohen). |
| 14 days from the date when plaintiffs provide analyses and identify prescriptions | Pharmacy Defendants produce additional dispensing data fields, if any, in response to the prescriptions identified by plaintiffs (date already ordered by Special Master Cohen). |
| April 21, 2020 | Status conference to set schedule and trial date in light of the above disclosures. |

Pharmacy Defendants appreciate that the Court may wish to set a trial date now. But Pharmacy Defendants will continue to be in the dark on the scope of the case until plaintiffs disclose the prescriptions they challenge and methodologies they have applied to select them. Until then, Pharmacy Defendants cannot know how many prescriptions will be at issue (ten, one

---

[2] On January 27, 2020, Special Master Cohen ordered the Pharmacy Defendants to produce dispensing data for 18 non-opioid drugs (14 benzodiazepines and 4 muscle relaxers). *See* Doc. 3106. The Pharmacy Defendants object to producing data for these 18 drugs, including to the parameters specified in Special Master Cohen's Discovery Ruling, Doc. 3106, for the reasons stated in their submission to Special Master Cohen dated January 27, 2020. Due to this Ruling, the March 2 deadline may be unattainable.

5

hundred, one thousand or one million), what they look like, or who wrote them, and Pharmacy Defendants will continue to lack sufficient information to estimate what discovery will be needed. While the above approach may deviate from the Court's practice, Pharmacy Defendants respectfully submit that it is the best approach for setting a schedule in an informed way.

To the extent the Court wishes to set a trial date now over the objection noted above, Pharmacy Defendants propose the schedule set forth below in an effort to achieve the most orderly schedule the Court will permit, mindful that the dates could shift as plaintiffs disclose the basis for their claims and as the case otherwise progresses. The Pharmacy Defendants respectfully submit that this accelerated schedule may not suffice to allow adequate pretrial proceedings and to preserve all parties' due process rights.

| | |
|---|---|
| **March 2, 2020** | Pharmacy Defendants produce dispensing data for Summit and Cuyahoga County (date already ordered by Special Master Cohen)[3] |
| **March 30, 2020** | Plaintiffs provide analyses and identify prescriptions at issue (date already ordered by Special Master Cohen) |
| **14 days from the date that plaintiffs provide analyses and identify prescriptions** | Pharmacy Defendants produce additional dispensing data fields, if any, in response to the prescriptions identified by plaintiffs (date already ordered by Special Master Cohen)[4] |
| **May 1, 2020** <br><br> **(This and all following dates to be adjusted to reflect adjustments in any of the above dates)** | Pharmacy Defendants name third-party prescriber defendants |
| **Sept. 11, 2020** | Fact discovery closes |

---

[3] As noted *supra* n. 2, this date may be not be attainable due to the Special Master's January 27 ruling. *See* Doc. 3106.

[4] Fourteen days may well be an unrealistic time frame depending on the number of prescriptions identified by plaintiffs.

7137953.1

| **Oct. 12, 2020** | Plaintiffs' shall serve expert reports and, for each expert, provide two proposed deposition dates between **November 2, 2020 and November 20, 2020** |
|---|---|
| **Dec. 11, 2020** | Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **January 4, 2021 and January 21, 2021** |
| **February 26, 2021** | Deadline for dispositive motions and *Daubert* motions |
| **March 26, 2021** | Deadline for responses to dispositive motions and *Daubert* motions |
| **April 9, 2021** | Deadline for replies in support of dispositive motions and *Daubert* motions |
| **April 23, 2021** | Hearing on *Daubert* and dispositive motions, if necessary |
| **June 7, 2021** | Final Pretrial Conference |
| **June 14, 2021** | Trial Begins (Assuming six defendants, the defense estimates that it will require twelve weeks of trial time—exclusive of any trial time for plaintiffs.) |

The above schedule falls well within the guidelines for complex cases in the Local Rules.

*See* Civ. L.R. 16.2(a)(2) (24 months to trial for complex cases).

Date:  January 28, 2020

Respectfully submitted,

/s/    Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

7

7137953.1

*Counsel for CVS Pharmacy, Inc. and Ohio CVS Stores, L.L.C.*

/s/    Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp.*

/s/    Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

/s/ Timothy D. Johnson (consent)
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860

8

7137953.1

Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Counsel for Discount Drug Mart, Inc.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: kobrin@marchus-shapira.com

*Counsel for HBC Service Company*

/s/ Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

7137953.1