**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>  *The County of Summit, Ohio*, et al. *v. Purdue Pharma L.P.*, et al., Case No. 18-op-45090<br><br>  *The County of Cuyahoga, Ohio*, et al. *v. Purdue Pharma L.P.*, et al., Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT BASED
ON THE STATUTES OF LIMITATIONS**

Pursuant to Special Master Cohen's Order Regarding Pretrial Motions for "Track One" Trial, Dkt. No. 1653 (May 30, 2019), the Pharmacy Defendants[1] submit the following summary sheet relating to their Motion for Summary Judgment Based on the Statutes of Limitations:

- The Pharmacy Defendants are not named in the count that carries the longest statute of limitations (Ohio RICO).  They are not accused of fraud.  Several of them stopped distributing relevant opioid medication years ago.  All of them were sued months after most other defendants.  The applicable statutes of limitations therefore afford the Pharmacy Defendants even greater relief than other defendants.

- The longest possible statute of limitations applicable to the claims asserted against the Pharmacy Defendants is four years.

- Plaintiffs' claims accrued, and the limitations period began to run, when the allegedly wrongful conduct occurred (*i.e.*, when the allegedly suspicious orders shipped).

- Walgreens, CVS, Rite Aid, and Walmart were first sued on April 25, 2018.  HBC and DDM were first sued on May 18, 2018.  Plaintiffs therefore may not obtain relief from Walgreens, CVS, Rite Aid, and Walmart for any shipments that were made before

---

[1] The Pharmacy Defendants are:  CVS Indiana, L.L.C., CVS Rx Services, Inc., Rite Aid of Maryland, Inc. d/b/a Rite-Aid Mid Atlantic Customer Support Center, Inc., Walgreen Co., Walgreen Eastern Co., Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc., Discount Drug Mart, Inc., and HBC Service Company.

April 25, 2014, or from HBC and DDM for any shipments that were made before May 18, 2014.

- The discovery rule does not apply to plaintiffs' claims against the Pharmacy Defendants. But even if it did, plaintiffs knew long before April 2014 that they were incurring costs allegedly related to opioid use and abuse (because they were making the expenditures themselves). Thus, even under the discovery rule, the statute of limitations was running prior to April 2014.

- The statute of limitations runs regardless of whether plaintiffs knew the identities of any particular defendant prior to April 2014. Plaintiffs' access to ARCOS data produced in April 2018 therefore is irrelevant. In any event, plaintiffs had more than ample information before April 2014 to investigate the facts and circumstances relevant to their claims, including the identities of the Pharmacy Defendants.

- The fraudulent concealment and continuing tort doctrines do not toll the statutes of limitations as to the Pharmacy Defendants.