UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>  *The County of Summit, Ohio*, et al. *v. Purdue Pharma L.P.*, et al., Case No. 18-op-45090<br><br>  *The County of Cuyahoga, Ohio*, et al. *v. Purdue Pharma L.P.*, et al., Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT BY
<u>CVS INDIANA, L.L.C. AND CVS RX SERVICES, INC.</u>**

## INTRODUCTION

The CVS defendants – CVS Indiana and CVS Rx Services – supplement the group summary judgment motions filed by the Pharmacy Defendants with the following CVS-specific points, which require complete judgment in their favor:

<u>First</u>, CVS is entitled to summary judgment on the five months of shipments that remain after application of the statute of limitations. CVS's shipments to its pharmacies in Summit and Cuyahoga counties during this five-month period were monitored by a new suspicious order monitoring system. Plaintiffs do not challenge this system. Their DEA expert stated so expressly.

<u>Second</u>, there is no evidence that any CVS shipment to any of its pharmacies in Cuyahoga or Summit counties was diverted and contributed to the injuries claimed by plaintiffs. In response to a question about CVS, plaintiffs' expert testified that he "d[id]n't have any direct knowledge of what happened to any of the drugs that were distributed to each of the pharmacies" and that he "didn't conduct any analysis as of today that would give me that knowledge." For this and other reasons specific to CVS, summary judgment is required on causation.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party's burden can be satisfied by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To avoid summary judgment, the non-movant must offer "specific facts showing that there is a genuine issue [of material fact] for trial." *Id.* at 324. Those specific facts

"must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ARGUMENT

### I. Summary Judgment Is Required on the Sliver of Claims Remaining Against CVS Rx Services

As set forth in the Pharmacy Defendants' statute of limitations motion, no claims remain against CVS Indiana, which by April 9, 2014 stopped distributing any relevant opioid to any pharmacy in Cuyahoga or Summit counties. Dkt. No. 1703-1 at 3-4.[1] Only five months of claims, at most, remain against the other CVS defendant, CVS Rx Services. *Id.* This five-month period runs from April 25, 2014 to September 24, 2014, when CVS Rx Services itself stopped distributing any relevant opioid. *Id.*; Ex. A at 11.[2]

During this five-month period, orders shipped by CVS Rx Services to Cuyahoga and Summit counties were monitored by a new suspicious order monitoring system that was put in place in early 2014. Ex. B at 2. ***Plaintiffs do not challenge this new system***. Plaintiffs' DEA expert stated in his report that he was not even asked to provide an opinion on the new system. Specifically, he stated: "Due to the limited amount of time that CVS distributed opioids after the

---

[1] Discovery Ruling No. 2 limited discovery to prescription opioids that "are or ever were classified as Schedule II. Dkt. No. 693 at 3. The only prescription opioids within this definition that CVS distributed were hydrocodone combination products ("HCPs"). CVS stopped distributing HCPs when they were reclassified from Schedule III to Schedule II. Ex. A at 10.

[2] As explained in the statute of limitations motion, the longest possible statute of limitations applicable to plaintiffs' claims is four years. Dkt. No. 1703-1 at 2. Plaintiffs did not sue CVS until April 25, 2018, and thus cannot obtain relief from CVS for any shipments made before April 25, 2014. *Id.* at 1. CVS Indiana's last shipment of any relevant opioid into Summit and Cuyahoga counties occurred before this date. *Id.* at 4. All claims against CVS Indiana therefore are time-barred. *Id.* CVS Rx Services stopped distributing any relevant opioid into Summit and Cuyahoga counties on September 24, 2014. *Id.* All but five months of shipments by CVS Rx Services – from April 25, 2014 to September 24, 2014 – therefore are time-barred as well. *Id.*

introduction of the new SOM system, I have not been asked to opine on this system." Ex. C at 2.[3]  None of plaintiffs' other experts offers an opinion on the new system either.

The only expert opinion offered on the new system is that of CVS's DEA expert, who reviewed in person the operation of the new system and opined that it complied with regulatory requirements and was reasonable.  Ex. D at 23-24.  This opinion stands undisputed.  Accordingly, there is no dispute of fact that the new system satisfied applicable standards of care.  Insofar as the statute of limitations leaves intact claims against CVS Rx Services for the five-month period from April 25, 2014 to September 24, 2014, summary judgment on this sliver period must be granted in favor of CVS Rx Services.

## II. Summary Judgment for the CVS Defendants Is Required on Causation

The CVS defendants, along with the other Pharmacy Defendants, have submitted a joint motion for summary judgment on causation.  CVS incorporates that motion here and submits the following CVS-specific facts to further demonstrate why plaintiffs have not – and cannot – prove causation as to CVS.

It is axiomatic that "[p]roof of a causal relationship between a defendant's action and a plaintiff's injury is essential in every tort[.]"  *Cleveland v. JP Morgan Chase Bank, N.A.*, No. 98656, 2013 WL 1183332, at *4 (Ohio App. Mar. 21, 2013).  "Ohio common law has long required a plaintiff to prove that a *particular defendant* caused his or her injury through negligence."  *Sutowski v. Eli Lilly & Co.*, 696 N.E.2d 187, 190 (Ohio 1998) (emphasis added) (rejecting aggregate liability theory).  Here, this means that plaintiffs must show, among other things, that CVS's shipments of prescription opioids caused the injuries (namely, the added expenses) for which plaintiffs seek relief.

---

[3] The most he said about the new system was that he is "aware" of "issues" – none of which he identifies or offers opinions on – that CVS "raised internally."  Ex. C at 2.

3

Plaintiffs, however, do not show – through expert opinion or otherwise – that any pills from any CVS shipment were diverted and then caused them the harm for which they seek relief. Plaintiffs' DEA expert admitted as much:

> Q. And with respect to any of the orders that are flagged by these methodologies under your and Mr. McCann's analysis, you don't know what happened to any of the drugs that were actually shipped and delivered to CVS Pharmacies?
>
> A. I don't have any direct knowledge of what happened to any of the drugs that were distributed to each of the pharmacies. I didn't conduct any analysis as of today that would give me that knowledge.

Ex. E at 582:9-19.

This admission – and the concomitant absence of evidence that any pill distributed by CVS caused any harm to plaintiffs – is fatal to plaintiffs' claims against the CVS defendants. This wholesale absence of causation evidence is compounded by additional CVS-specific facts:

- The CVS Defendants accounted for only 1.6% of the relevant prescription opioids shipped into Summit and Cuyahoga counties from 2006 through 2018 (as measured by morphine milligram equivalents). Ex. A at 13.

- The CVS Defendants did not distribute any Schedule II drugs, such as oxycodone or fentanyl. Ex. A at 9-10. They distributed only one of the relevant prescription opioids, hydrocodone combination products (HCPs), and only when they were a Schedule III drug classified as having "moderate to low potential for physical and psychological dependence." Ex. A at 10-11; 21 U.S.C. § 812(b)(3).

- CVS only distributed HCPs to its own CVS pharmacies; it did not distribute to rogue internet pharmacies, rogue pain clinics, or dispensing practitioners. Ex. A at 7-8; Ex. D at 24.

These facts are undisputed.

In sum, CVS distributed one type of prescription opioid medication to its own pharmacies for part of the relevant period and accounted for only 1.6% of the total amount of prescription opioids distributed into Summit and Cuyahoga counties. Given these undisputed facts and the absence of any evidence that any pill distributed by CVS caused any harm to plaintiffs, plaintiffs

4

cannot even show that CVS's conduct was a substantial factor in producing the harm plaintiffs claim to suffer. *See Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*, 653 N.E.2d 661, 669 (Ohio 1995) ("Where a plaintiff suffers a single injury as a result of the tortious acts of multiple defendants, the burden of proof is upon the plaintiff to demonstrate that the conduct of each defendant was a substantial factor in producing the harm.").

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Pharmacy Defendants' group motions for summary judgment, summary judgment in favor of CVS Indiana, L.L.C. and CVS Rx Services, Inc. is required on all counts.

Dated: June 28, 2019

Respectfully submitted,

/s/   Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Rx Services, Inc. and CVS Indiana, L.L.C.*