# EXHIBIT 5

**(Plaintiffs The County of Cuyahoga, Ohio and the State of Ohio Ex Rel. Prosecuting Attorney of Cuyahoga County, Michael C. O'Malley's First Amended Responses to Distributor Defendants' Third Set of Interrogatories)**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804 |
| Case No. 17-OP-45004 (N.D. Ohio) | Judge Dan Aaron Polster |
| THE COUNTY OF CUYAHOGA, OHIO, and STATE OF OHIO EX REL., PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY, | PLAINTIFFS THE COUNTY OF CUYAHOGA, OHIO AND THE STATE OF OHIO *EX REL.* PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY'S FIRST AMENDED RESPONSES AND OBJECTIONS TO DISTRIBUTOR DEFENDANTS' THIRD SET OF INTERROGATORIES |
| Plaintiffs, | |
| vs. | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., NORAMCO, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, ALLERGAN FINANCE LLC, f/k/a ACTAVIS, INC., f/k/a WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., INSYS THERAPEUTICS, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, CARDINAL HEALTH, INC., McKESSON | |

| |
|---|
| CORPORATION, AMERISOURCEBERGEN CORPORATION, HEALTH MART SYSTEMS, INC., H. D. SMITH, LLC d/b/a HD SMITH, f/k/a H.D. SMITH WHOLESALE DRUG CO., H. D. SMITH HOLDINGS, LLC, H. D. SMITH HOLDING COMPANY, CVS HEALTH CORPORATION, WALGREENS BOOTS ALLIANCE, INC. a/k/a WALGREEN CO., and WAL-MART INC. f/k/a WAL-MART STORES, INC., <br><br>                         Defendants. |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), The County of Cuyahoga, Ohio and the State of Ohio *Ex Rel.* Prosecuting Attorney of Cuyahoga County, Michael C. O'Malley, ("Plaintiff") hereby responds to Distributor Defendants'[1] Third Set of Interrogatories (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seeks information that is not relevant to any party's claim or defense, or seeks to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the

---

[1] The Distributor Defendants are AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation.

2

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Interrogatory No. 15:**

State the maximum number of pills or other dosage units of Prescription Opioids that should properly have been distributed in Your geographic boundaries for legitimate medical purposes during the Timeframe. In Your response, explain how You calculated that number, including any per capita, per patient, drug family or other grouping, or any other basis on which you rely.

**Response to Interrogatory No. 15:**

Plaintiff objects to this Interrogatory to the extent the term "other dosage units" is vague and ambiguous and subject to varying interpretations. This Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2). Plaintiff also objects in that this Interrogatory seeks information already in the possession of Defendants and third-parties.

Plaintiff objects that it would be unduly burdensome and disproportionate to the needs of the case for Plaintiff to identify the maximum number of pills or other dosage units of prescription opioids that should properly have been distributed in its geographic boundaries for legitimate medical purposes during the Timeframe. Plaintiff states that discovery and analysis of the ARCOS database is ongoing related to these issues.

As discovery is ongoing, this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

**Interrogatory No. 16:**

Identify every specific prescription that You believe, suspect, or contend was diverted or used—in whole or in part—for other than legitimate medical, scientific, research, or industrial purposes in Your geographical area. Include in your response: the date the prescription was written; the name(s)

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

of the Controlled Substance(s) prescribed; the quantity of Controlled Substance(s) prescribed; the recipient of each prescription; the name of the prescriber; the name of the dispensing pharmacy, hospital, or clinic; the date the prescription was filled whether any Defendant was involved in the Distribution of that Controlled Substance (s); whether the Controlled Substance(s) were distributed as part of a Suspicious Order (and if so what made the order suspicious); and the reason(s) why you believe, suspect, or contend that all or part of the prescription was diverted.[2]

**Response to Interrogatory No. 16:**

Plaintiff objects to the term "identify every specific prescription" as overly broad and unduly burdensome with little or no relevance to the claims and defenses in this action.

The factual basis for Plaintiff's claims are specific: the conduct of the Manufacturing Defendants in engaging in a massive false advertising campaign about opioids, coupled with the Distributor Defendants and National Retail Pharmacy Defendants' conduct in failing to monitor and restrict the improper distribution of opioids, are substantial causes of a public health emergency in Plaintiff's jurisdiction. This is not a collection of personal injury cases and Plaintiff does not seek any personal injury damages suffered by their residents; instead, the lawsuit seeks to abate a public nuisance affecting the communities as a whole and to compensate Plaintiff for the additional expenses caused by Defendants' conduct and from which each profited.

This case concerns whether the cumulative effect of Defendants' marketing and distribution practices created the opioid public health crisis that currently exists within Plaintiff's jurisdiction. It

---

[2] Distributor Defendants acknowledge that the Court has required Plaintiff to provide some of this information by July 16, 2018. Distributor Defendants' request, however, is broader than the relevant provision of the CMO. And Defendants need the information they have requested more than one day in advance of the July 17, 2018 deadline for Defendants to add parties without leave of Court. *See* CMO 1 at 9. Defendants also require this information to conduct further discovery in Track One Cases.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

is not whether each opioid pill, prescription, overdose, or patient is a separate public nuisance or separate "epidemic;" it is not whether particular individuals in specific circumstances with individualized medical conditions abused or misused or were improperly prescribed opioids. Instead, Plaintiff's claims center on the aggregate effect of opioids on the public health, safety, and welfare within Plaintiff's jurisdiction.

Plaintiff will prove causation through aggregate proof demonstrating the link between Defendants' unlawful and tortious conduct and the exponential increase in prescribing and diversion of opioids and the resulting harms on a jurisdiction-wide basis. This will establish that the Defendants' actions were a substantial factor in the epidemic experienced by, and paid for by, Plaintiff. Whether a specific resident with a history of substance abuse received an opioid prescription, for example, is irrelevant because a definable percentage of residents who received opioids were bound to have a history of substance abuse. Discovery about individuals and individual health case and addiction issues is irrelevant to establishing that an opioid epidemic exists and is impermissible. *See* Fed. R. Evid. 402.

Plaintiff states that it does not have information concerning the identity of every person who received an opioid prescription or became addicted to opioids in Cuyahoga County – whether or not they ever received treatment – or access to the confidential, private health care records of residents who were prescribed opioids or treated for opioid addiction. In addition, Plaintiff objects to this Interrogatory to the extent it seeks Confidential Information.

The information sought is overly broad and vague in that it requests all medical records and all medical information related to every single person who was ever prescribed an opioid that ever made its way into Plaintiff's jurisdiction. Furthermore, this Interrogatory is so broad as to render resolution of this matter all but impossible to resolve within any reasonable amount of time while

10

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Defendants examine every record and then depose residents, doctors, treatment facilities, and the like about each individual case. Even if the Interrogatory was proper and reasonably circumscribed, the information that Plaintiff may have that would be arguably related to the Interrogatory (though irrelevant to the case) relates to Plaintiff's employees who received opioid treatment through Plaintiff's sponsored health insurance or worker's compensation programs.

Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, Subject to and without waiving all objections, Plaintiff states that it believes, suspects, or contends that the following distributors and pharmacies dispensed or distributed prescriptions that were diverted or used – in whole or in part – for other than legitimate medical, scientific, research, or industrial purposes in its geographical area:

- AmerisourceBergen Drug Corp.;
- Anda, Inc.
- Cardinal Health, Inc.;
- CVS Health Corp.;
- Discount Drug Mart, Inc.;
- HBC Service Company;
- McKesson Corp.;
- Prescription Supply, Inc.;
- Rite Aid Corp.;

11

- Rite Aid of Maryland, Inc. (d/b/a/ Rite Aid Mid-Atlantic Customer Support Center);

- Walgreens Boots Alliance, Inc.; and

- Walmart Inc.

Subject to and without waiving all objections, Plaintiff further states that data from the ARCOS database indicates that prescriptions of oxycodone, hydrocodone, hydromorphone, and fentanyl have been diverted or used – in whole or in part – for other than legitimate medical, scientific, research, or industrial purposes in its geographical areas.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 17:**

To the extent not already identified in response to Interrogatory Number 16, identify every pharmacy, clinic, or hospital inside or outside Your geographic boundaries whose conduct with respect to Prescription Opioids You believe, suspect, or contend caused harm within Your geographic boundaries. For each such pharmacy, clinic, or hospital that You know that support Your belief, suspicion, or contention, including (without limitation): the name of the pharmacy, clinic, or hospital; each prescription filled by the pharmacy, clinic, or hospital that You believe, suspect, or contend caused harm in Your geographic boundaries; the date that each such prescription was written; the name of the prescriber; the name of the recipient of the prescription; the name(s) of the Prescription Opioids prescribed; the quantity of Prescription Opioids prescribed; the date the prescription was filled; whether any Defendant was involved in the Distribution of that Controlled Substance(s); whether the Controlled Substance(s) were distributed as part of a Suspicious Order (and if so what made the order suspicious); and the reason(s) why You believe, suspect, or contend the prescription caused harm within Your geographic boundaries.

**Response to Interrogatory No. 17:**

Plaintiff objects that this Interrogatory is unduly burdensome to the extent it requests Plaintiff to search for and identify any such pharmacy, clinic, or hospital. Plaintiff further objects to this Interrogatory to the extent it calls for information in the Distributors' possession, custody, or control, or is just as available to Distributors from third-party sources as it may be available to Plaintiff, and thus places an undue burden on Plaintiff to gather. Plaintiff also objects to the extent that the terms "believe" and "suspect" are overbroad, vague, and burdensome to Plaintiff beyond any need proportional to this case. Plaintiff further objects to the term "every specific prescription" as overly broad, irrelevant, and highly burdensome. Plaintiff objects to the extent that this Interrogatory calls for expert opinions or conclusions and the expert discovery period in this litigation has not been commenced, let along concluded. Finally, Plaintiff objects to this Interrogatory because it is a premature contention interrogatory, discovery and investigation are on-going and Plaintiff will amend its response at the close of discovery.

Subject to and without waiving all objections, Plaintiff states that as alleged in Plaintiff's Corrected Second Amended Complaint, based on information, belief, and facts reasonably known to Plaintiff, the distributors and pharmacies who are listed below and as Defendants in this matter, including retail pharmacy defendants, are the parties whose conduct "with respect to Prescription Opioids [we] believe, suspect, or contend caused harm within [our] geographical boundaries":

- AmerisourceBergen Drug Corp.;
- Anda, Inc.
- HBC Service Company;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Cardinal Health, Inc.;
- CVS Health Corp.;
- Discount Drug Mart, Inc.;
- McKesson Corp.;
- Prescription Supply, Inc.;
- Rite Aid Corp.;
- Rite Aid of Maryland, Inc. (d/b/a/ Rite Aid Mid-Atlantic Customer Support Center);
- Walgreens Boots Alliance, Inc.; and
- Walmart Inc.

Plaintiff directs Defendants to the chart at paragraph 705 of Plaintiff's Second Amended Complaint for a breakdown of prescription opioids delivered in Cuyahoga County between 2006 and 2014.

Subject to and without waiving all objections, Plaintiff states that while its investigation is ongoing, Plaintiff's understanding and belief is that the Manufacturers and Distributors of opioids who are listed as Defendants in this matter, are the primary, if not sole, parties whose conduct "with respect to Prescription Opioids [Plaintiff] believe[s], suspect[s], or contend[s] caused harm within [its] geographic boundaries."

Additionally, as said investigation is ongoing, Plaintiff expects this topic will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Dated:  August 13, 2018

    Respectfully submitted,
    Plevin & Gallucci

    */s Frank Gallucci*
    Frank Gallucci (0072680)
    55 Public Square, Suite 2222
    Cleveland, Ohio 44113
    fgallucci@pglawyer.com
    Phone: (216) 861-0804
    Napoli Shkolnik PLLC

    */s Hunter J. Shkolnik*
    Hunter J. Shkolnik (admitted *pro hac vice*)
    Salvatore C. Badala (admitted *pro hac vice*)
    Joseph L. Ciaccio (admitted *pro hac vice*)
    360 Lexington Avenue
    New York, New York 10017
    hunter@napolilaw.com
    sbadala@napolilaw.com
    jciaccio@napolilaw.com
    Phone: (212) 397-1000

    Scott Elliot Smith L.P.A.

    */s Scott Elliot Smith*
    Scott Elliot Smith (0003749)
    5003 Horizons Dr., Suite 200
    Columbus, Ohio 43220
    Phone: (614) 846-1700
    ses@sestriallaw.com
    Thrasher Dinsmore & Dolan L.P.A.

    */s Leo M. Spellacy, Jr.*
    Leo M. Spellacy, Jr. (0067304)
    1111 Superior Avenue
    Suite 412
    Cleveland, Ohio 44114
    Phone: (216) 255-5450