# EXHIBIT 6

**(Cuyahoga County's Supplemental Response and Objections
to Distributor Defendants' Interrogatories)**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**CUYAHOGA COUNTY'S**
**SUPPLEMENTAL RESPONSE AND OBJECTIONS TO**
**DISTRIBUTOR DEFENDANTS' INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), Cuyahoga County ("Plaintiff") hereby provide its supplemental response and objections to Distributor Defendants' Interrogatories, as follows:

**OBJECTIONS**

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 16:**

Plaintiff objects to this Interrogatory to the extent the term "other dosage units" is vague, ambiguous, and subject to varying interpretations. Plaintiff objects in that this Interrogatory seeks information already in the possession of Defendants and third-parties. Plaintiff states that it would be unduly burdensome and wholly disproportionate to the needs of the case for Plaintiff to identify the "maximum number" of individual opioid pills or other dosage units of prescription opioids that "should properly" have been distributed in its geographic boundaries for "legitimate medical purposes" during the Timeframe. *DiOrio v. TMI Hosp.*, 2017 U.S. Dist. LEXIS 59676, at *6 (N.D. Ohio Apr. 19, 2017) (affirming magistrate ruling finding "discovery request overbroad, vague, unduly burdensome, and disproportionate to the needs of the case").

Plaintiff will not opine on the maximum number of pills that should have been distributed "for legitimate medical purposes" and this is not anticipated to be the subject of expert testimony. *Buckner v. Montgomery Cnty. Jobs & Family Servs.* Div., 2012 U.S. Dist. LEXIS 43251, at *6 (S.D. Ohio Mar. 29, 2012) (granting objection, in part, because interrogatory called for speculation).

However, as discovery is ongoing, should this information be deemed relevant, it could be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Plaintiff incorporates by reference its "Responses to the Amended and Clarified Discovery Ruling 12 Supplemental Interrogatory Issued to Plaintiffs" dated January 25, 2019 (Pharmacy Interrogatory No. 7 and Distributor Interrogatory No. 23); "Responses to Supplemental Interrogatory Issued in Discovery Ruling 12 to Plaintiffs" dated January 11, 2019 (Pharmacy Interrogatory No. 7 and Distributor Interrogatory No. 23); "Supplemental Amended Responses and Objections to the Manufacturer Defendants' First Set of Interrogatories, Submitted Pursuant to Discover Ruling No. 13" dated December 31, 2018 (Manufacturer Interrogatory No. 6);

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

"Supplemental Objections and Responses to Manufacturer Defendants' Interrogatory Nos. 27/28" dated December 21, 2018; "Fourth Amended Responses and Objections to Manufacturer Defendants' First Set of Interrogatories" dated December 14, 2018 (Manufacturer Interrogatory Nos. 6 & 10); "Supplemental Responses & Objections to Reformulated Suspicious Order Interrogatory Served by Manufacturer Defendants" dated November 27, 2018 (Manufacturer Interrogatory No. 27); "Amended Responses and Objections to the Manufacturer Defendants' First Set of Interrogatories and the National Retail Pharmacy Defendants' First Set of Interrogatories" dated November 2, 2018 (Manufacturer Interrogatory No. 10 and Pharmacy Interrogatory Nos. 2 & 3); "Amended Responses and Objections to the National Retail Pharmacy Defendants First Set of Interrogatories and Distributor Defendants' Fourth Set of Interrogatories" dated October 31, 2018 (Distributor Interrogatory No. 23 and Pharmacy Interrogatory No. 7); "Responses and Objections to Distributor Defendants' Fourth Set of Interrogatories" dated August 31, 2018 (Distributor Interrogatory Nos. 23 & 29); "First Amended Responses and Objections to Distributor Defendants' Third Set of Interrogatories" dated August 13, 2018 (Distributor Interrogatory Nos. 16 & 17); and "Initial Responses and Objections to Manufacturer Defendants' Second Set of Interrogatories" dated July 5, 2018 (Manufacturer Interrogatory No. 27).

**Interrogatory No. 17:**

To the extent not already identified in response to Interrogatory Number 16, identify every pharmacy, clinic, or hospital inside or outside Your geographic boundaries whose conduct with respect to Prescription Opioids You believe, suspect, or contend caused harm within Your geographic boundaries. For each such pharmacy, clinic, or hospital that You know that support Your belief, suspicion, or contention, including (without limitation): the name of the pharmacy, clinic, or hospital; each prescription filled by the pharmacy, clinic, or hospital that You believe, suspect, or contend caused harm in Your geographic boundaries; the date that each such

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Dated:  March 4, 2019

<div style="margin-left: 50%;">

Respectfully submitted,
Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

</div>