# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** <br> **Case No. 17-md-2804** <br> **Judge Dan Aaron Polster** |
| THIS DOCUMENT RELATES TO: | |
| *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,* <br> Case No. 18-op-45090 (N.D. Ohio) | |
| *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.,* <br> Case No. 17-op-45004 (N.D. Ohio) | |
| "Track One-B Cases" | |

## PHARMACY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL LIMITED ADDITIONAL DATA FROM THE <u>OHIO BOARD OF PHARMACY'S OARRS DATABASE</u>

The Board of Pharmacy's response to the Pharmacy Defendants'[1] motion to compel misses the mark in three important ways:

***First***, the Board misconstrues the nature of the data the Pharmacy Defendants seek, and what they intend to do with it.  The Board asserts that the Pharmacy Defendants "expressly admit that they want the data to identify specific patients."  Opp. at 5.  Not so.  The Pharmacy Defendants' motion expressly ***does not seek*** patient names, addresses, birthdates, or any other patient information protected by federal privacy laws.  Accordingly, the Board's arguments that the law precludes disclosure of such information do not apply.

To be clear, the Pharmacy Defendants ***only*** seek (1) the names of the prescribers that wrote, and (2) the pharmacies that filled, each prescription in the OARRS database—information that the pharmacies have already been ordered to produce from their own dispensing data.  The pharmacies need that information for the other pharmacies in the State in order to trace patients—by identification number, not by name—from doctor to doctor, pharmacy to pharmacy.  Doing so will not reveal the identity of any patient and is critical to the Pharmacy Defendants' defense.

While the Board argues that "it would be easy" for the Pharmacy Defendants "(especially if they work together) to match up patient identifiers with the patient names in their own databases," *Id.* at 6, there is no basis for the accusation that the Pharmacy Defendants intend to violate the confidentiality of their patients' sensitive health information by sharing it with

---

[1] "Pharmacy Defendants" are CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS Pharmacy, Inc., and Ohio CVS Stores, L.L.C. ("CVS"), Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp. ("Rite Aid"), Walgreen Co. and Walgreen Eastern Co. ("Walgreens"), HBC Service Company, an unincorporated operating division of Giant Eagle, Inc. ("Giant Eagle"), Discount Drug Mart ("DDM"), and Walmart Inc. ("Walmart").

2

competitors and others. Just the opposite, the Pharmacy Defendants have fought to *avoid* disclosing their patients' protected information—including in a writ of mandamus to the Sixth Circuit—because patient privacy is critical to the pharmacies and required by law. Moreover, the Board ignores the fact approximately 46 percent of the dispensing market in Cuyahoga and Summit Counties has not been sued by the Plaintiffs. Production of dispensing data from the Pharmacy Defendants that have been sued will do nothing to fill that gap.

*Second*, the Board improperly attempts to shift the burden of complying with a proper subpoena by telling the Pharmacy Defendants to obtain the same information by issuing scores of additional subpoenas and serving them on any number of third-party pharmacies and other dispensers that are not defendants in these cases. But doing so will not provide the necessary information that is in the possession of only the Board, while at the same time substantially delaying these cases.

Even if it were possible to obtain dispensing data from the forty six percent of the market that plaintiffs chose not to sue—a very big if—each of those dispensers presumably would de-identify their patients' data in a way that would not allow it to be tracked from database to database. And even if it were possible to de-identify patients consistently across databases, it would require the sharing of protected patient information among all of the parties and non-parties in question, something the Pharmacy Defendants, and likely any third-party subpoena targets, would strongly oppose. Each set of non-party dispensing data, even if it were obtainable, would therefore exist in isolation without any ability to trace patients from doctor to doctor and pharmacy to pharmacy. The OARRS database is truly the *only* source for the data the Pharmacy Defendants need.

Moreover, the Board's suggestion that the Pharmacy Defendants should issue third-party subpoenas to every dispenser in the state also would grind fact discovery to a halt while subpoenas are issued, served, negotiated, and litigated.  The Pharmacy Defendants already have issued subpoenas to certain of these third-party pharmacies, including MetroHealth and Summa Health, and have hit a brick wall.  MetroHealth has refused to produce any data at all.  If that is an indication of how others will respond, the Pharmacy Defendants may have to file motions to compel against each of these non-party pharmacies, further delaying critical discovery.  The Board, on the other hand, has already produced much of the data the pharmacies seek.  It should not take long or impose any significant burden for the Board to produce the rest.

*Finally*, the Board says nothing at all about any burden that would result from having to produce the two data fields requested, effectively conceding that the burden is slight or nonexistent.  The Board has failed to meet its burden to show good cause for resisting the subpoena.  *See* 9A C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2463.2 (3rd ed. Sept. 2017) (the party refusing to comply with a subpoena bears the burden of showing good cause).

Because the data the Pharmacy Defendants seek is not protected patient information, and because OARRS is not just the most efficient source but in fact the only source of that information, the Pharmacy Defendants' motion to compel should be granted.

4

Dated:  January 31, 2020

Respectfully submitted,

/s/  Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com
E-mail: kate.swift@bartlit-beck.com

*Attorneys for Walgreen Co. and Walgreen Eastern Co.*

/s/  Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/  Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS Pharmacy, Inc., and Ohio CVS Stores, L.L.C.*

5

/s/ Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp.*

/s/ Timothy D. Johnson
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Attorneys for Discount Drug Mart, Inc.*

6

/s/  Robert M. Barnes
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for HBC Service Company*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on January 31, 2020.

/s/  *Katherine M. Swift*
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kate.swift@bartlit-beck.com

*Attorneys for Walgreen Co. and*
*Walgreen Eastern Co.*
