IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*All cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**UNDERSIGNED DEFENDANTS' JOINDER TO CERTAIN DEFENDANTS' NOTICE OF POSITION REGARDING EVIDENTIARY ORDERS OF DECEMBER 26, 2019 AND JANUARY 3, 2020**

The Undersigned Defendants[1] join "Certain Defendants' Notice of Position Regarding Evidentiary Orders of December 26, 2019 and January 3, 2020," filed with this court on January 31, 2020. *See* Dkt. No. 3133. For the reasons discussed in that Notice, the Court lacked jurisdiction to enter the December 26 "Evidentiary Order" and January 3 "*Nunc Pro Tunc* Evidentiary Order" (collectively "Evidentiary Orders"). *See* Dkt. Nos. 3052, 3058. Undersigned Defendants write separately because—in addition to all the reasons raised in Dkt. 3133—the Evidentiary Orders simply do not apply to Undersigned Defendants. The Evidentiary Orders discuss motions that were filed by other defendants and were ruled on *after* Undersigned Defendants had settled and were dismissed with prejudice from the Track 1 cases.[2] Accordingly,

---

[1] The Undersigned Defendants include Mallinckrodt LLC; SpecGx LLC; Mallinckrodt plc; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.); Allergan Sales, LLC; Allergan USA, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. Mallinckrodt plc and Allergan plc f/k/a Actavis plc are Irish companies, and are not subject to and contest personal jurisdiction for the reasons explained in their motions to dismiss for lack of personal jurisdiction; they are specially appearing for this joinder, and, thus, they do not waive and expressly preserve their personal jurisdiction challenges.

[2] The "Track 1" cases refers to *Cty. of Summit v. Purdue Pharma L.P.*, No. 18-op-45090, and *Cty. of Cuyahoga v. Purdue Pharma L.P.*, No. 18-op-45004. Mallinckrodt LLC, SpecGx LLC, and Mallinckrodt plc reached a settlement in principle on September 6, 2019 and were dismissed on from the Track 1 cases on October 1, 2019. *See* Dkt. No.

the Evidentiary Orders plainly do not pertain to Undersigned Defendants in the Track 1 cases, much less in any other MDL case or case on remand.

It is black-letter law that, under Article III of the Constitution, courts can adjudicate only the cases and controversies before them. *See* U.S. Const. art. III, § 2; *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 709–10 (6th Cir. 2015) (explaining that Article III "prescribes that federal courts may exercise jurisdiction only where an actual 'case or controversy' exists"). That is, a court may decide only specific issues raised by the specific litigants in a given case. *See United States v. Raines*, 362 U.S. 17, 21 (1960); 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 3529–33 (3d ed. 2019). And when a court does issue a ruling as to certain litigants, "'[i]t is elementary that one is not bound by a judgment *in personam* resulting from litigation in which *he is not designated as a party*.'" *Cty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002) (emphasis added) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 112 (1969)); *see also Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (explaining that enforcing a judgment against a non-party offends due process).

Here, once Undersigned Defendants settled and were dismissed from the Track 1 cases, they were no longer parties to those cases. *See Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1024 n.1 (6th Cir. 1994) (after plaintiff settled it was "no longer a party to this suit"); *Boden v. Anaconda Minerals Co.*, 757 F. Supp. 848, 850 (S.D. Ohio 1990) (same). Any decisions rendered after that point thus did not—and constitutionally *could not*—have any effect on

---

2694. Allergan Finance, LLC, Allergan plc, Allergan Sales, LLC and Allergan USA, Inc. reached a settlement on August 29, 2019 and were dismissed from the Track 1 cases on September 24, 2019. *See* Dkt. No. 2628. Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc. reached a settlement on September 4, 2019, and were dismissed from the Track 1 cases on September 5, 2019. *See* Dkt. No. 2574. Janssen Pharmaceuticals, Inc. and Johnson & Johnson reached a settlement agreement on October 2, 2019, and were dismissed from the Track 1 cases on October 11, 2019. The Court's "oral rulings" on these motions took place on October 15, 2019. *See* Dkt. 2828.

Undersigned Defendants. This is particularly so for decisions on motions that Undersigned Defendants *did not file, join, or litigate*.

Further, it is clear that the law-of-the-case doctrine does not apply to Undersigned Defendants nor make them "parties" to all rulings ad infinitum. *See GMAC Mortgage, LLC v. McKeever*, 651 F. App'x 332, 340 (6th Cir. 2016) (noting that the law-of-the-case doctrine "presumes application within a single case, and thus an identity of parties and claims"). And rightfully so. "[A]lthough 'consolidation is permitted as a matter of convenience and economy and administration, [it] does not merge the suits into a single cause, or change the rights of the parties, *or make those who are parties in one suit parties in another*.'" *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412 (6th Cir. 1998) (second alteration in original) (emphasis added) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). Indeed, having law-of-the-case apply to previously settled parties would implicate not only Article III but also Undersigned Defendants' due process rights. *See GMAC Mortgage, LLC*, 651 F. App'x. at 339 ("Using the law-of-the-case doctrine to bar relitigation of similar issues across consolidated cases would therefore seem to implicate the bedrock principle of due process . . . .").

For these reasons, this Court's evidentiary rulings have no bearing on Undersigned Defendants in the Track 1 cases, and they have no effect on Undersigned Defendants in any other MDL case tried by this Court or any transferor court on remand.

Dated: February 2, 2020

Respectfully submitted,

*/s/ Brien O' Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower

3

800 Boylston Street
Boston, MA 02199-3600
(617) 235-4650
brien.o'connor@ropesgray.com
andrew.o'connor@ropesgray.com

*Counsel for Defendants*
*Mallinckrodt LLC, SpecGx LLC, and*
*specially appearing for Mallinckrot plc*


/s/ Donna M. Welch
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com
*Attorney for Defendants Allergan plc f/k/a*
*Actavis plc (appearing specially), Allergan*
*Finance, LLC (f/k/a/ Actavis, Inc. f/k/a*
*Watson Pharmaceuticals, Inc.), Allergan*
*Sales, LLC, and Allergan USA, Inc.*

/s/ Jonathan L. Stern
Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Jonathan.Stern@arnoldporter.com

*Attorneys for Endo Health Solutions Inc., Endo*
*Pharmaceuticals Inc., Par Pharmaceutical, Inc.,*
*and Par Pharmaceutical Companies, Inc.*

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com

*Counsel for Defendants Johnson &*
*Johnson; Janssen Pharmaceuticals, Inc.;*

4

*Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

6

## CERTIFICATE OF SERVICE

I, Brien T. O'Connor, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

<i>/s/ Brien T. O'Connor</i><br>
Brien T. O'Connor