# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | Judge Dan Aaron Polster |
| THIS DOCUMENT RELATES TO: "*Case Track One B*" | ) ) | |

PLAINTIFFS' (FIRST) COMBINED DISCOVERY REQUESTS
TO DISPENSERS

COMES now the Case Track One Plaintiffs, by counsel, and submit the following discovery requests pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure to the Defendants engaged in the dispensing of prescription opioids.

Plaintiffs assert that the geographic limitation for CT1B shall include Ohio, Kentucky, West Virginia, Michigan and Florida and that discovery period shall be from 1996 through the present. However, as to electronically maintained dispensing transactional data the scope of production shall be nationwide. Plaintiffs and Defendants disagree about the geographic and temporal limitations of discovery. Until further order of the Court, *Discovery Ruling 3* (Doc #: 762) (Filed: 07/17/18) remains in effect.

**Non-duplication of production**: To the extent a discovery request herein calls for responsive documents produced in discovery from Case Track One, please specifically reference the Bates stamp range of responsive documents.

**COMBINED DISCOVERY REQUESTS RELATED TO DISPENSING PRACTICES**

1. Please identify *each pharmacy* you own and/or operated at any time in CT1 including its former and current name, address, United States Drug Enforcement Agency ("DEA") registration number, historical ownership, opening date and for any pharmacy that you purchased, merged with and/or acquired produce the purchase agreement and any other documentation related

to the sellers' potential liabilities and Your assessment, if any of the sellers opioid dispensing practices.

2. Please produce all dispensing data, including 340B data, related to the dispensing of opioids and "cocktail drugs"[1] dispensed from all pharmacies from January 1, 1996, to the present. For each prescription, identify the drug name, prescription number, NDC number, date filled, quantity dispensed, dosage form, days' supply, MME, prescriber's name, prescriber's DEA number, dispensing pharmacist, patient's full name and address,[2] patient's identification number, quantity prescribed, number of refills authorized (if any), diagnostic code, method of payment, patient paid amount, and whether the prescription was covered by third party payers.

3. Please produce transactional data, including 340B data, for each pharmacy in CT1B, as well as all similarly situated pharmacies nationwide with sufficient detail to determine by year: (a) the actual number of controlled substances dispensed and the actual number of non-controlled substances dispensed; (b) the ratio of controlled substances dispensed to non-controlled substances dispensed; and (c) the ratio of payments for opioid and "cocktail" prescriptions paid in cash to those paid by a third party payer.

4. Please produce all ***policies and procedures*** and ***training materials*** regarding the proper dispensing of controlled substances.[3] If such ***policies and procedures and training***

---

[1] A "Cocktail Drug" is defined as a muscle relaxant, stimulant or benzodiazepines with an opioid. CVS-MDLT1-000000409 and its attachment at CVS-MDLT1-000000412.

[2] Patient's name and address shall be de-identified consistent with the Court's Order Governing Production of Medical and Pharmacy Claims Data in Track One Cases, Doc #1421, dated March 7, 2019. Consistent with the Court's order all other data fields shall be produced subject to the protective conditions described in the Court's order.

[3] A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances. 21 C.F.R. § 1306.04(a).

*materials* have been changed, altered or amended please provide all such versions and any related communications regarding such changes.

5. Please produce all documents related to Your systems and programs to monitor and identify potentially suspicious prescriptions and/or dispensing patterns, including all assessments, audits, or other reviews of prescribing and/or dispensing patterns nationally or in CT1.

6. Please produce all audits, reviews or other assessments of Your compliance with state and federal laws and regulations and professional standards regarding the dispensing of controlled substances, whether conducted internally or conducted or provided by an external vendor.

7. Please produce all policies, procedures and documents reflecting Your general practice regarding opioid prescriptions which are doubtful, questionable, of suspicious origin, potentially related to diversion, and/or not issued for a legitimate medical purpose.[4]

8. Identify each prescription and/or any prescriber of opioids that you refused to fill in CT1 and/or each prescription you determined was doubtful, questionable, of suspicious origin, potentially related to diversion, and/or not issued for a legitimate medical purpose in CT1.  Please produce all documents, communications and reports related thereto including all communications with the DEA and the Ohio Board of Pharmacy and any other government agency.  Such documents shall also include any review, investigations or internal or external audits of such prescriptions, prescribers or dispensing practices related thereto.

9. Please produce all documents in your possession, custody and/or control related to any physician engaged in diversion and or inappropriate prescribing of opioids and "cocktail

---

[4] See DEA's Pharmacist's Manual: An Informational Outline of the Controlled Substances Act.

drugs" include in your response, but do not limit your response to, all documents related to the following physicians:

- **Adolph Harper Jr.** (OH MD license #35.044503) formerly practicing medicine at 2569 Romig Rd, Akron, Summit County, OH.
- **Brian Heim** (OH MD license #35.071122) formerly practicing medicine at 3562 Ridge Park Drive Suite A, Akron, Summit County, OH.
- **Syed Jawed Akhtar-Zaidi** (OH MD license #35.068528) formerly practicing medicine at 34055 Solon Rd. 210, Solon, Cuyahoga County, OH.
- **Maged Fouad** (OH MD license #35.092644) formerly practicing medicine at 1934 Niles Cortland Rd. NE, STE B, Warren, Trumbull County, OH.
- **Jerome Yokiel** (OH MD license #35.059140) formerly practicing medicine at 3755 Orange Pl Ste 103, Beachwood, Cuyahoga County, OH.
- **Lorenzo Lalli** (OH MD license #35.055703) formerly practicing medicine at 18099 Lorain Ave Ste 312, Cleveland, Cuyahoga County, OH.
- **Frank Lazzerini** (OH MD license #35.092741) formerly practicing medicine at 7452 Fulton Dr. NW, Massillon, Stark County, OH.
- **Ronald Celeste** (OH MD license #35.066648) formerly practicing medicine at 29099 Health Campus Dr. 370, Westlake, Cuyahoga County, OH.
- **Christopher Stegawski** (OH MD license #35.044751) formerly practicing medicine at 4322 Airway Rd. Dayton, Montgomery County, OH.
- **Guang Yang** (OH MD license #35.088219) formerly practicing medicine at 2215 E Waterloo Rd. Ste 313, Akron, Summit County, OH.
- **James Bressi** (OH MD license #34.004592) formerly practicing medicine at 4302 Allen Rd. Suite 300, Stow, Summit County, OH.

10. Please produce all documents related to any potential dispensing and/or prescribing and/or pharmacist misconduct you investigated or discovered in CT1 and the investigation and corrective action you undertook.

11. Produce documents or communications sufficient to show the following on a monthly and yearly basis in CT1: (a) costs incurred and projections for each Opioid Product You have dispensed; (b) cash flow for each Opioid Product You have dispensed; (c) profit for each Opioid Product You have dispensed; and (d) all rebates, discounts, guaranteed payments, or other benefits from manufacturers, distributors, or other entities, from the purchase and sales of opioids.

12. Please identify each administrative action taken by the DEA and/or the Ohio Board of Pharmacy against You related to the dispensing of prescription opioids and produce all documents and communications with and about the agencies' investigations.

13. Please identify each investigation by the DEA and any and all other law enforcement agencies related to the dispensing of prescription opioids in CT1 and produce all documents related thereto.

14. Please produce all DEA Form 224 (New Pharmacy Registration), all DEA Form 224a ("Renewal of Pharmacy Registration"), all DEA Form 224b ("Affidavit for Renewal of Retail Chain Pharmacy Registration") and your DEA registration certificate for all pharmacies in CT1 and all documents related thereto.

15. Please identify the names, last known addresses and phone numbers of all current and former store managers, regional managers, pharmacy employees and regional pharmacy managers for each CT1 pharmacy. Please organize and list these names by each pharmacy, year and each position or positions they held.

16. Please produce all documents and communications for CT1 pharmacies related to pharmacy staffing, performance metrics, prescription quotas, accuracy rates, customer satisfaction, pharmacy profitability and all compensation and bonus information related to these criteria.


Dated: October 29, 2019            Respectfully submitted,

                                   /s/Paul J. Hanly, Jr.
                                   Paul J. Hanly, Jr.
                                   SIMMONS HANLY CONROY
                                   112 Madison Avenue, 7th Floor
                                   New York, NY 10016
                                   (212) 784-6400

(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

/s/Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

Michael Elsner
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
melsner@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*