**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF OHIO EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** <br><br> THIS DOCUMENT RELATES TO: <br> *Track One-B Cases*[1] | MDL NO. 2804 <br><br> Civ. No. 1:17-md-02804-DAP <br><br> HON. JUDGE DAN A. POLSTER |

**TRACK 1B RETAIL PHARMACY DEFENDANTS' SUPPLEMENTAL OBJECTION TO DISCOVERY RULING REGARDING PHARMACY DATA PRODUCTION (DKT. 3106)**

In addition to the Objections filed with the Court on February 3, 2020 (Dkt. No. 3149), the Track 1B Retail Pharmacy Defendants ("Pharmacy Defendants")[2] submit this supplemental objection regarding the Special Master's Discovery Ruling Regarding Pharmacy Data Production, issued on January 27, 2020 (the "Ruling") (Dkt. No. 3106).[3]  This supplemental objection follows a discovery conference with Special Master Cohen on February 6, 2020, at which the Special Master articulated a different understanding of a portion of the Ruling than was shared by the Pharmacy Defendants—one that is contrary to that articulated during the

---

[1] The Track One-B Cases are:  *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,* Case No. 18-op-45090 (N.D. Ohio); and *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.,* Case No. 17-op-45004 (N.D. Ohio).

[2] CVS Pharmacy, Inc. and Ohio CVS, L.L.C. ("CVS"), Rite Aid of Maryland, Inc. d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc. and Rite Aid Hdqtrs. Corp. ("Rite Aid"), Walgreen Co. and Walgreen Eastern Co. ("Walgreens"), HBC Service Company, an unincorporated operating division of Giant Eagle, Inc. ("Giant Eagle"), Discount Drug Mart Inc. ("DDM"), and Walmart Inc. ("Walmart").

[3] As set forth in their initial Objections (Dkt. No. 3149), the Pharmacy Defendants continue to preserve all objections previously asserted and now pending before the Sixth Circuit Court of Appeals.

January 22, 2020 discovery conference and would place additional and untenable burdens on the Pharmacy Defendants. The Pharmacy Defendants seek clarification and/or modification of the Ruling as set forth below.

Specifically, the subject of this supplemental objection is with respect to the following portion of the Ruling, which states:

> [N]o later than 14 days from the date of Plaintiffs' "Red Flag" identification, Defendants shall produce, *for all earlier-supplied prescriptions*, any additional data fields upon which they or their experts intend to rely in defending against Plaintiffs' claims.

Ruling at 7 (emphasis added).

The Pharmacy Defendants understood this to mean that they should produce additional data fields on which they or their experts intend to rely to defend against the specific prescriptions identified by Plaintiffs as purportedly containing "red flags" (Plaintiffs' "Red Flag Prescriptions") and, thus, that the production of additional data fields should be limited to only those Red Flag Prescriptions. At the February 6, 2020 discovery conference, however, Special Master Cohen stated that, to the extent they produce any additional data fields upon which they or their experts intend to rely in defending against Plaintiffs' claims, the Pharmacy Defendants must produce the additional fields for *all* dispensing data that the Pharmacies have produced—including for those prescriptions that the Plaintiff have not put at issue. This cannot be so.

*First*, the Ruling itself limits this obligation to only the "earlier-supplied prescriptions." Consistent with the phased discovery approach that has been established for this litigation, which calls for production of dispensing data by the Pharmacy Defendants followed by Plaintiffs identification of the purported Red Flag Prescriptions, it makes sense that the "earlier-supplied prescriptions" refers to those prescriptions identified by Plaintiffs as the purported Red Flag Prescriptions. This is also consistent with the discussion at the January 22, 2020 conference that

2

preceded the Ruling.  When counsel for the Pharmacy Defendants explained at that hearing that they would produce additional data fields only for those prescriptions Plaintiffs identified as having purported "Red Flags," Plaintiffs' counsel agreed.  *See* Jan. 22, 2020 Conference Tr. at 137:7-17 (excerpt attached hereto as Exhibit A).  Special Master Cohen appeared to have a similar understanding, as he acknowledged that the default would be that the Pharmacy Defendants would produce the additional fields for the prescriptions that Plaintiffs "identified." *Id.* at 138:2-5.  The Special Master further acknowledged the Pharmacy Defendants' concern that it may even be too burdensome in certain instances to produce such fields with respect to all of Plaintiffs' Red Flags Prescriptions, stating that "[i]f there is some field specific issue… [t]hat is a bridge we can cross when we get there."  *Id*. at  138:2-9.  This potential burden is even of a greater concern since Plaintiffs stated in the discovery conference held on February 6, 2020 that (even though they do not have the Pharmacy Defendants' dispensing data yet) they anticipate identifying hundreds of thousands, if not millions, of prescriptions they allege the Pharmacy Defendants should not have filled.

*Second*, requiring the production of additional data fields for *all* prescriptions would further exacerbate the improbability that the Pharmacy Defendants would be able to produce these additional fields within 14 days of Plaintiffs' identification of their Red Flag Prescriptions as contemplated by the Ruling.  As explained in the Pharmacy Defendants' Objections filed on February 3, 2020 (Dkt. No. 3149), even with respect to just Plaintiffs' Red Flag Prescriptions, it will be likely impossible for the Pharmacy Defendants to meet the 14 day deadline.  Allowing only 14 days for the Pharmacy Defendants to produce additional data fields for *all* of the prescriptions that they have produced is, simply, not enough time.  This is particularly true because the data that the Pharmacy Defendants may need to produce for their defense may

3

involve private health information, such as diagnosis or patient name, which will take longer to produce given the privacy issues with such data.

*Finally*, considering proportionality, the burden of such a production is not outweighed by appropriate need for Plaintiffs.  Because Plaintiffs will have already identified their Red Flag Prescriptions—the prescriptions on which Plaintiffs intend to base their case—any additional data fields that the Pharmacy Defendants produce for *other* prescriptions is likely to have little (if any) benefit to Plaintiffs' claims.  Requiring the Pharmacy Defendants to produce such data would be far from what the Federal Rules require.

For these reasons, the Pharmacy Defendants respectfully request an order confirming that their obligation to produce additional data fields is limited to Plaintiffs' Red Flag Prescriptions, and that depending on how many Red Flag Prescriptions Plaintiffs identify and the burden associated with producing specific fields, the Pharmacy Defendants may raise with the Special Master the possibility of producing additional fields with respect to a smaller subset of prescriptions.  As stated in their initial Objections, the Pharmacy Defendants further request an order that the deadline for any such production be set after Plaintiffs have produced the purported Red Flag Prescriptions, as well as all other relief requested in the initial February 3, 2020 Objections.

Dated: February 7, 2020	Respectfully submitted,

/s/ *Tara A. Fumerton*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/ Eric R. Delinsky (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Pharmacy, Inc. and Ohio CVS Stores, L.L.C.*

/s/ Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

5

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp.*

/s/    Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Attorney for Walgreen Co. and Walgreen Eastern Co.*

/s/    Timothy D. Johnson (consent)
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Attorneys for Discount Drug Mart, Inc.*

/s/    Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for HBC Service Company*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served electronically to all counsel of record on February 7, 2020.

/s/ *Tara A. Fumerton*
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*