I can do the telecon at the times listed below instead (all times EST). Please confer and let me know what works best for all of you.

-d

Tuesday 1/7 10:00a - 5:00p
Thursday 1/9 10:30a - 3:00p, 4:00p - 6:00p
Friday 1/10 2:00p - 6:00p

Thanks,

-David

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Friday, January 3, 2020 7:07 PM
**To:** Fumerton, Tara A. <tfumerton@JonesDay.com>; Kobrin (External), A. <Kobrin@marcus-shapira.com>; edelinsky@Zuckerman.com <edelinsky@Zuckerman.com>; Swift (External), M. <kate.swift@bartlitbeck.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Bush (External), W. <gbush@zuckerman.com>; Johnson (External), D. <TJohnson@cavitch.com>; Moore (External), Kelly A. <Kelly.Moore@MorganLewis.com>; Barnes (External), M. <rbarnes@marcus-shapira.com>; smiller@zuckerman.com <smiller@zuckerman.com>; McEnroe (External), Elisa P. <elisa.mcenroe@morganlewis.com>; Desh (External) <Sharon.desh@bartlitbeck.com>; Singer (External), Linda <lsinger@motleyrice.com>; Conroy (External), Jayne <jconroy@simmonsfirm.com>; Paul Farrell <Paul@greeneketchum.com>; Mougey, Peter <pmougey@levinlaw.com>; akearse@motleyrice.com <akearse@motleyrice.com>; Rice (External), Joseph F. <jrice@motleyrice.com>; melsner@motleyrice.com <melsner@motleyrice.com>; Sheila Schebek

**PLAINTIFF'S EXHIBIT 2**

<SMS@spanglaw.com>; Shkolnik (External), Hunter <Hunter@napolilaw.com>;
Fuller, Mike <mike@mchughfuller.com>; Michael Innes
<MInnes@carellabyrne.com>; James Cecchi <jcecchi@carellabyrne.com>;
Bonovich, Kelly Marino <kbonovich@jonesday.com>; Tabacchi, Tina M.
<tmtabacchi@JonesDay.com>; Laura Dunning <ldunning@levinlaw.com>;
'Ackerman, David (dackerman@motleyrice.com)' <dackerman@motleyrice.com>;
Goetz, Dan <DGoetz@weismanlaw.com>
**Cc:** David Cohen <david@davidrcohen.com>
**Subject:** Plaintiffs' Status Report in response to Meet and Confers with Pharmacy Defendants regarding Outstanding Discovery Requests to Pharmacy Defendants - CT 1 B

## Text

To all Pharmacy Defense Counsel:

Attached is a chart listing the priority items ("Dispensing Priority Items Tracker") we have requested and the status of your response to same. With respect to your responses to Plaintiffs' discovery requests and responses to initial disclosures, they are deficient in many ways. This is true, even though you all requested, and we granted to you, an additional 2 weeks to answer to the written discovery.

Most glaringly, Walgreens, Discount Drug Mart, & Giant Eagle/HBC provide no substantive responses to any requests, even requests seeking basic information such as the identification of pharmacies in the Bellwether jurisdictions. For its part, Rite Aid did provide substantive answers to several questions, but not to others, and included a blanket objection to providing information predating November 2016. (Walmart received an additional extension and has not yet answered). CVS has indicated in meet and confer discussions that it is working on substantive responses, though responses beyond objections and the vague agreements to produce some additional documents have not yet been provided. The parties have deadlines which require document production to be completed by 1/31 with fact depositions to be completed by 3/6. All of this requires coordination with CT2B.

Further, Defendants should be on notice that general references to their MDL productions or depositions are not sufficient responses to discovery requests absent reference to specific bates numbering. This issue was already decided by Special Master Cohen in CT1 and should not need to be re-litigated. Similarly inappropriate are the attempts by several defendants, including Rite Aid and HBC/Giant Eagle, to limit CT1b discovery to the last three years.

Finally, Walgreens and Giant Eagle/HBC specifically, and other defendants generally

indicate in their responses that they will only produce responsive documents "at the appropriate time" (Walgreens) or after the meet and confer regarding dispensing data has concluded (Giant Eagle/HBC).  The appropriate time for substantive responses and the production of documents was December 20th (December 23rd for CVS), a date which provided Defendants the courtesy of a two week extension.  Production of relevant and responsive documents should begin rolling immediately.

While most Defendants have to date provided at least partial lists of available data fields, including some of the fields that correspond to the example list of types of fields included by Plaintiffs in our requests, no Defendant has yet provided a comprehensive list of available data fields related to dispensing.  Additionally, Special Master Cohen has suggested on multiple occasions that each of the defendants provide Plaintiffs with a sampling of red flag analysis reports prepared by and/or available to Defendants, identifying the data fields necessary to create such reports.  No defendant has yet provided such information.  While certain documents already produced in the MDL identify some lists of reports, Plaintiffs are unable to determine whether those reports are a complete set or what data fields informed them.  For example, Walgreens has previously represented that RX Integrity Department was responsible for distribution and dispensing CSA requirements, but has not identified which fields were utilized to create the reports created by this group. *See, e.g.,* WAGMDL00094966 (list of "RX Integrity tools & reports as of August 13, 2014") (please note this is an example – there appear to have been many other dispensing related reports utilized by this group and others).  This type of information relates in part to the production of fields which the defendants use to identify their own red flags or evidence of abuse.  And, of course, this would be relevant to possible additional fields which Plaintiffs have not yet received or requested. Accordingly, Plaintiffs must reserve the right to supplement their lists of requested data fields once this information is provided.

Despite some of the large holes with priority discovery, Plaintiffs have created a list of fields necessary to run a red flag analysis.  Attached is the list of additional fields compiled from information available to Plaintiffs to date from which data must be pulled. ("Dispensing Fields Necessary"),  All of these fields are critical to the analysis required.  In light of the court's recent order, the data must be produced without de-identification which presumably will substantially shorten the time for production.

Per the last meet and confer, we request that each of you provide us with dates between 1/10 and 1/20/20 for a 30 b 6 depo of a tech person who can answer questions about technology/data information and resources for the discovery time period (we can discuss the scope and of this deposition but it is not intended to

include policies or procedures to identify red flags which will be the subject of a subsequent 30 b 6 which would be included in the 30 b 6 already noticed).  We provide this additional field list without prejudice to adding additional fields should subsequent investigation or discovery determine that additional fields are utilized to analyze red flags.  We specifically note that we require dispensing information specific to and identified with individual pharmacies.  Therefore, to the extent that the field identifies a DEA registration number that does not identify a specific pharmacy, we require that you identify the specific pharmacy that dispensed the specific prescription.

Also attached is a list of cocktail drugs, per the request of DDM's counsel.  This list is as comprehensive as we have been able to determine to date. To the extent we discover additional names of cocktail drugs, we will supplement. ("List of Cocktail Drugs").

We have a scheduled discovery conference with SM Cohen on 1/8/20.  We expect more substantive responses by that time.  If you wish to confer with us in that regard, we can schedule calls on 1/6 or 1/7.

Pete



Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com

Spangenberg Shibley & Liber

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.