| | |
|---|---|
| **Subject:** | Discovery Conference with SM Cohen addressing Pharmacy's Discovery Responses and Data - Tuesday 1/14 at 2 pm eastern. |
| **Date:** | Monday, January 13, 2020 at 7:36:36 PM Eastern Standard Time |
| **From:** | Peter H. Weinberger |
| **To:** | Fumerton, Tara A., Kobrin (External), A., edelinsky@Zuckerman.com, Swift (External), M., Kaspar Stoffelmayr, Bush (External), W., Johnson (External), D., Moore (External), Kelly A., Barnes (External), M., smiller@zuckerman.com, McEnroe (External), Elisa P., Desh (External), Singer (External), Linda, Conroy (External), Jayne, Paul Farrell, Mougey, Peter, akearse@motleyrice.com, Rice (External), Joseph F., melsner@motleyrice.com, Sheila Schebek, Shkolnik (External), Hunter, Fuller, Mike, Michael Innes, James Cecchi, Bonovich, Kelly Marino, Tabacchi, Tina M., Laura Dunning, Ackerman, David, Goetz, Dan, 2804 Discovery, MDL, 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com', Sheila Schebek |
| **CC:** | David R. Cohen |
| **Attachments:** | Proposed Search Terms 1.13.20 - FINAL.docx |

**To the Pharmacy Defendants.**

We look forward to a call tomorrow at 2 pm eastern with SM Cohen.

Each of you has failed to respond in any substantive way to my email of January 3, 2020. Since SM Cohen clarified on Friday January 10th that the defendants cannot delay in responding to our discovery requests, initial disclosures and deposition requests while dispensing data and transactional data is being produced, we would have expected detailed and robust answers to our discovery. With the postponement of today's conference with SM Cohen, I again implore you to comply with our discovery requests. We hope to address all of these issues with you and SM Cohen during Tuesday's 2 pm (eastern) call.

In particular, I note as follows:

1. On January 3rd, we provided you additional data fields we need to identify red flags. No defendant has responded with any objection or any comment.
2. On January 3rd, we provided you a discovery tracker chart which identifies the inadequacies of each defendant's responses to discovery requests. No defendant has responded.
3. On January 3rd, we provided a comprehensive list of cocktail drugs to be identified in your data. No defendant has responded with any objection or any comment.
4. On January 10th, the defendants agreed to provide us with a list of which of the 18 HIPPA fields you intended to require be de-identified. We received no response.

**PLAINTIFFS' EXHIBIT 3**

As you know, the Court's November 11, 2019 Case Management Order establishes a case management plan for CT1B, and "directs the parties to engage in discovery, motion practice, and trial preparation," and to "exchange lists of initial fact witness depositions" "**[a]s soon as practicable**." Dkt. No. 2940 at 4 (emphasis in original). Subsequent orders from both Judge Polster and Special Master Cohen require the Pharmacy Defendants to exchange discovery in CT1B on an expedited basis. *See*, *e.g.*, Dkt. No. 2976 at 2 (Defendants must produce transactional data "as quickly as possible"); December 9, 2019 Email from Special Master Cohen (Defendants must produce documents "as soon as possible"). Judge Polster's and Special Master Cohen's insistence on Pharmacy Defendants' expedited exchange of discovery in CT1B is particularly critical given the imminent pretrial deadlines set by the Case Management Order: January 31, 2020 (substantial completion of document production and 30(b)(6) depositions); March 6, 2020 (completion of all 30(b)(6) and fact depositions).

Our discovery requests encompass a focused but wide range of discovery that is required in order to enable us to conduct discovery depositions. Once again, Plaintiffs request that the Pharmacy Defendants immediately identify the following foundational information so that depositions can be scheduled and proceed per the above schedule:

(1) Proposed custodians – by name, job title, and time period of employment – from whom documents will be collected and produced, and from whom Plaintiffs may also seek deposition testimony;

(2) Organization charts that identify the corporate hierarchy for the employees responsible for, and/or involved in, the Pharmacy Defendants' dispensing activities (in the event such charts do not exist, please provide a detailed description of the applicable corporate hierarchy);

(3) Proposed search terms appropriately tied to Plaintiffs' dispensing claims and allegations -- to further assist and expedite the exchange of this information, Plaintiffs propose an initial list of search terms to aid the Pharmacy Defendants in their prompt production of documents. Plaintiffs' Proposed Search Terms are attached to this email; and

(4) Proposed deposition dates pursuant to Plaintiffs' December 5, 2019 Corrected Notice of Oral Videotaped 30(b)(6) Deposition of Pharmacy Defendants, regarding Pharmacy Defendants' dispensing data (last week, on Friday, January 3. I requested that the Pharmacy Defendants provide us with dates between January 10 and 20 for these depositions, but we have yet to receive a response).

Given the imminence of the upcoming pre-trial deadlines noted above, Plaintiffs request that Pharmacy Defendants provide this information by no later than the close of business on **January 15, 2020**.  Not only should this information be readily available and accessible to Pharmacy Defendants, but the Court's repeated insistence since mid-November that this information be immediately produced makes it clear that the Pharmacy Defendants have had ample time to collect it.  Further delay in providing Plaintiffs this foundational discovery information is unjustified, and will greatly prejudice Plaintiffs' ability to comply with the Court's pretrial deadlines.

Pete

---

**From:** Peter H. Weinberger
**Sent:** Friday, January 03, 2020 7:07 PM
**To:** Fumerton, Tara A.; Kobrin (External), A.; edelinsky@Zuckerman.com; Swift (External), M.; Kaspar Stoffelmayr; Bush (External), W.; Johnson (External), D.; Moore (External), Kelly A.; Barnes (External), M.; smiller@zuckerman.com; McEnroe (External), Elisa P.; Desh (External); Singer (External), Linda; Conroy (External), Jayne; Paul Farrell; Mougey, Peter; akearse@motleyrice.com; Rice (External), Joseph F.; melsner@motleyrice.com; Sheila Schebek; Shkolnik (External), Hunter; Fuller, Mike; Michael Innes; James Cecchi; Bonovich, Kelly Marino; Tabacchi, Tina M.; Laura Dunning; 'Ackerman, David (dackerman@motleyrice.com)'; Goetz, Dan
**Cc:** David R. Cohen (david@davidrcohen.com)
**Subject:** Plaintiffs' Status Report in response to Meet and Confers with Pharmacy Defendants regarding Outstanding Discovery Requests to Pharmacy Defendants - CT 1 B

To all Pharmacy Defense Counsel:

Attached is a chart listing the priority items ("Dispensing Priority Items Tracker") we have requested and the status of your response to same. With respect to your responses to Plaintiffs' discovery requests and responses to initial disclosures, they are deficient in many ways.  This is true, even though you all requested,

and we granted to you, an additional 2 weeks to answer to the written discovery.

Most glaringly, Walgreens, Discount Drug Mart, & Giant Eagle/HBC provide no substantive responses to any requests, even requests seeking basic information such as the identification of pharmacies in the Bellwether jurisdictions.  For its part, Rite Aid did provide substantive answers to several questions, but not to others, and included a blanket objection to providing information predating November 2016. (Walmart received an additional extension and has not yet answered).  CVS has indicated in meet and confer discussions that it is working on substantive responses, though responses beyond objections and the vague agreements to produce some additional documents have not yet been provided.  The parties have deadlines which require document production to be completed by 1/31 with fact depositions to be completed by 3/6.  All of this requires coordination with CT2B.

Further, Defendants should be on notice that general references to their MDL productions or depositions are not sufficient responses to discovery requests absent reference to specific bates numbering.  This issue was already decided by Special Master Cohen in CT1 and should not need to be re-litigated. Similarly inappropriate are the attempts by several defendants, including Rite Aid and HBC/Giant Eagle, to limit CT1b discovery to the last three years.

Finally, Walgreens and Giant Eagle/HBC specifically, and other defendants generally indicate in their responses that they will only produce responsive documents "at the appropriate time" (Walgreens) or after the meet and confer regarding dispensing data has concluded (Giant Eagle/HBC).  The appropriate time for substantive responses and the production of documents was December 20th (December 23rd for CVS), a date which provided Defendants the courtesy of a two week extension.  Production of relevant and responsive documents should begin rolling immediately.

While most Defendants have to date provided at least partial lists of available data fields, including some of the fields that correspond to the example list of types of fields included by Plaintiffs in our requests, no Defendant has yet provided a comprehensive list of available data fields related to dispensing.  Additionally, Special Master Cohen has suggested on multiple occasions that each of the defendants provide Plaintiffs with a sampling of red flag analysis reports prepared by and/or available to Defendants, identifying the data fields necessary to create such reports.  No defendant has yet provided such information.  While certain documents already produced in the MDL identify some lists of reports, Plaintiffs are unable to determine whether those reports are a complete set or what data fields informed them.  For example, Walgreens has previously represented that RX Integrity Department was responsible for distribution and dispensing CSA requirements, but has not identified which fields were utilized to create the reports created by this group. *See, e.g.,* WAGMDL00094966 (list of "RX Integrity tools & reports as of August 13, 2014") (please note this is an example – there appear to have been many other dispensing related reports utilized by this group and others). This type of information relates in part to the production of fields which the defendants use to identify their own red flags or evidence of abuse.  And, of course, this would be relevant to possible additional fields which Plaintiffs have not yet received or requested. Accordingly, Plaintiffs must reserve the right to supplement their lists of requested data fields once this information is provided.

Despite some of the large holes with priority discovery, Plaintiffs have created a list of fields necessary to run a red flag analysis.  Attached is the list of additional fields compiled from information available to Plaintiffs to date from which data must be pulled. ("Dispensing Fields Necessary"),  All of these fields are critical to the analysis required.  In light of the court's recent order, the data must be produced without de-identification which presumably will substantially shorten the time for production.

Per the last meet and confer, we request that each of you provide us with dates between 1/10 and 1/20/20 for a 30 b 6 depo of a tech person who can answer questions about technology/data information and resources for the discovery time period (we can discuss the scope and of this deposition but it is not intended to include policies or procedures to identify red flags which will be the subject of a subsequent 30 b 6 which would be included in the 30 b 6 already noticed).  We provide this additional field list without prejudice to adding additional fields should subsequent investigation or discovery determine that additional fields are utilized to analyze red flags.  We specifically note that we require dispensing information specific to and identified with individual pharmacies.  Therefore, to the extent that the field identifies a DEA registration number that does not identify a specific pharmacy, we require that you identify the specific pharmacy that dispensed the specific prescription.

Also attached is a list of cocktail drugs, per the request of DDM's counsel.  This list is as comprehensive as we have been able to determine to date. To the extent we discover additional names of cocktail drugs, we will supplement. ("List of Cocktail Drugs").

We have a scheduled discovery conference with SM Cohen on 1/8/20.  We expect more substantive responses by that time.  If you wish to confer with us in that regard, we can schedule calls on 1/6 or 1/7.

Pete



Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com






CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.