UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One-B Cases | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE OR SEVER
PHARMACY DEFENDANTS' THIRD PARTY COMPLAINT**

The Pharmacy Defendants' Opposition does not alter the conclusion that their Third-Party Doe Complaints should be struck, or at least severed and deferred. Fed. R. Civ. P. 14(a)(4).

Plaintiffs need not restate the timeliness grounds previously set out in their Motion. But, even assuming, *arguendo*, that the Pharmacy Defendants timely asserted their putative third-party claims, the claims still can and should be severed and deferred, pursuant to this Court's discretionary authority. Fed. R. Civ. P. 14(a)(4). The *Trane* decision relied on by Pharmacy Defendants is inapposite. In *Trane*, the defendant sought to add nine additional parties, these limited parties were known, and "no discovery" had yet occurred in the case besides a limited number of depositions. In contrast here, Pharmacy Defendants seek to add as many as 1,000 third-party defendants, the putative new parties are "Doe" defendants, and discovery among the existing parties is well advanced. *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 237 F.R.D. 679, 681 (N.D. Okla. 2006) (Judicial economy warranted severance and stay of the third-party claims where action was originally brought by two plaintiffs against 14 defendants, while defendants named over 160 third-party defendants and 150 "Doe"

defendants including new categories of defendants, and ultimate potential third-party defendants could number in the thousands).

Pharmacy Defendants' attempts to recast Plaintiffs' claims are not well taken.  Plaintiffs' theory of the case is set out in Plaintiffs' Position Statement Regarding Plaintiffs' CT1B Claims (dkt. # 3158), which Plaintiffs incorporate by reference here. Pharmacy Defendants failed to protect against diversion in both their wholesale distribution and their retail dispensing of dangerous, addictive opioid prescription drugs, failing to utilize the wealth of data that raised suspicions or "red flags" suggestive of diversion, and shipping and dispensing without resolving such suspicious or red flags. Pharmacy Defendants failed to design, implement, or follow policies that would have identified suspicious orders or red-flag prescriptions, and shipped suspicious orders and filled red-flag prescriptions without engaging in the due diligence necessary to determine that diversion was unlikely or that the prescriptions were legitimate. An examination of whether individual physicians should be held secondarily liable to these Pharmacy Defendants for causes of action not currently before this Court is not necessary or relevant to the claims currently before this Court, and injection of as many as 1,000 new parties who would also be entitled to take their own discovery would only interpose unnecessary delay and undue complication.

Accordingly, should the Court permit the third-party claims to survive at this time, those claims should be severed and deferred so as not to prejudice the streamlined Track 1-B bellwether trial setting.

## CONCLUSION

For the reasons set forth above and in Plaintiffs Motion, this Court should strike the Pharmacy Defendants' Third-Party Complaints, or, in the alternative, sever and defer the third-party claims.

Dated: February 12, 2020

Respectfully submitted,

*/s/ Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

3

>Hunter J. Shkolnik
>NAPOLI SHKOLNIK
>360 Lexington Ave., 11th Floor
>New York, NY 10017
>(212) 397-1000
>(646) 843-7603 (Fax)
>hunter@napolilaw.com
>
>*Counsel for Plaintiff Cuyahoga County, Ohio*
>
>Linda Singer
>MOTLEY RICE LLC
>401 9th St. NW, Suite 1001
>Washington, DC 20004
>(202) 386-9626 x5626
>(202) 386-9622 (Fax)
>lsinger@motleyrice.com
>
>*Counsel for Plaintiff Summit County, Ohio*

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 12, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/ Peter H. Weinberger*
>Peter H. Weinberger