# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-MD-2804 |
| NAS Baby Cases[1] | Judge Dan Aaron Polster |

## NAS BABY PLAINTIFFS' UNOPPOSED MOTION TO SEVER SACKLER DEFENDANTS AND NOTICE OF PARTIAL WITHDRAWAL OF MOTION FOR CLASS CERTIFICATION AS TO SACKLER DEFENDANTS

---

[1] The "NAS Baby Cases" are the following MDL member actions identified in the October 7, 2019 Second Amended Joint Proposed Scheduling Order (Doc. 2726), which the Court adopted in part in its October 7, 2019 Scheduling Order (Doc. 2738): *Rees v. McKesson Corporation,* 1:18-OP-45252; *Wood v. Purdue Pharma L.P.,* 1:18-OP-45264; *Salmons v. Purdue Pharma L.P.,* 1:18-OP-45268; *Ambrosio. v. Purdue Pharma L.P.,* 1:18-OP-45375; *Flanagan v. Purdue Pharma L.P.,* 1:18-OP-45405; *Whitley v. Purdue Pharma LP.,* 1:18-OP-45598; *Roach v. McKesson Corporation,* 1:18-OP-45662; *Hunt v. Purdue Pharma L.P.,* 1:18-OP-45681; *Hanlon v. Purdue Pharma L.P.,* 1:19-op-45052; *Doyle v. Actavis LLC,* 1:18-op-46327; *Moore v. Purdue Pharma L.P.,* 1:18-op-46305; *Artz v. Purdue Pharma, L.P.,* 1:19-op-45459; *Rodriquez v. Purdue Pharma, L.P.*, 1:19-op-45463; *Brant v. Purdue Pharma, L.P.,* 1:19-op-45494; *Williams, v. Purdue Pharma, L.P.,* 1:19-op-45485; *Esperenza v. Purdue Pharma, L.P.,* 1:19-op-45464; *DeMaro v. Purdue Pharma, L.P.,* 1:19-op-45465; *Cruz v. Purdue Pharma, L.P.,* 1:19-op-45466; *Paul v. Purdue Pharma, L.P.,* 1:19-op-45467; *Lechuga v. Purdue Pharma, L.P.,* 1:19-op-45468; *Brumbarger v. Purdue Pharma, LP.,* 1:19-op-45469; *Means v. Purdue Pharma, L.P.,* 1:19-op-45470; *Peterson v. Purdue Pharma, L.P.,* 1:19-op-45472; *Hempel v. Purdue Pharma, L.P.,* 1:19-op-45473; *Whittaker v. Purdue Pharma, L.P.,* 1:19-op-45475; *Tuttle v. Purdue Pharma, L.P.,* 1:19-op-45476; *Hamawi v. Purdue Pharma, L.P.,* 1:19-op-45477; *Gauthier v. Purdue Pharma, L.P.,* 1:19-op-45478; *Simonson v. Purdue Pharma, L.P.,* 1:19-op-45479; *Delancey v. Purdue Pharma, L.P.,* 1:19-op-45480; *Stewart v. Purdue Pharma, L.P.,* 1:19-op-45481; *Shewmake v. Purdue Pharma, L.P.,* 1:19-op-45482; *Weatherwax v. Purdue Pharma, LP.,* 1:19-op-45483; *Martinez v. Purdue Pharma, L.P.*, 1:19-op-45484; *Warren v. Purdue Pharma, L.P.*, 1:19-op-45486; *Carlson v. Purdue Pharma, L.P.*, 1:19-op-45487; *Flach v. Purdue Pharma, L.P.,* 1:19-op-45488; *Ivie v. Purdue Pharma, L.P.,* 1:19-op-45489; *Cherry v. Purdue Pharma, L.P.,* 1:19-op-45490; *Ortiz v. Purdue Pharma, L.P.,* 1:19-op-45492; and *Meinecke v. Purdue Pharma, L.P.,* 1:19-op-45493.

Now come the Plaintiffs in the NAS Baby Cases (the "NAS Baby Plaintiffs"), and pursuant Fed. R. Civ. P. 21, request the Court to sever the Sackler Defendants (as defined below) and all claims brought against the Sackler Defendants from the NAS Baby Cases.

NAS Baby Plaintiffs seek such a severance in view of the amended preliminary injunction issued on January 2, 2020 by the United States Bankruptcy Court for the Southern District of New York in the case styled *In re Purdue Pharma L.P. et al.*, No. 19-23649, Adv. Pro. No. 19-08289 (the "Bankruptcy Court Injunction").  *See* Exhibit 1 to Amended Notice of Fifth Amended Bankruptcy Court Order Granting Injunction Against Continuation of Proceedings As To Related Parties to Debtor Purdue Pharma L.P., Doc. 3088.  The Bankruptcy Court Injunction prohibits the commencement or continuation of all of the NAS Baby Cases against "Related Parties" to debtor Purdue Pharma, L.P. until at least April 8, 2020, including, but not limited to:  Richard S. Sackler, Jonathan D. Sackler, Mortimer D.A. Sackler, Kathe A. Sackler, Ilene Sackler Lefcourt, Beverly Sackler, Theresa Sackler, and David A. Sackler in their individual capacities; Richard S. Sackler, Jonathan D. Sackler and Beverly Sackler in their alleged capacities as trustees for the alleged Trust for the Benefit of Members of the Raymond Sackler Family (the "Trust"); and the Trust (collectively, the "Sackler Defendants").

In this MDL proceeding, this Court, on October 7, 2019, issued a Scheduling Order for the NAS Baby Cases. *See* Doc. 2738.  However, in view of the Bankruptcy Court Injunction, the NAS Baby Plaintiffs respectfully request the Court to sever the Sackler Defendants and all claims brought against the Sackler Defendants from the NAS Baby Cases so that the remaining portions of the NAS Baby Cases may proceed uninterrupted against the remaining defendants in accordance with the Court's October 7, 2019 Scheduling Order.

FED. R. CIV. P. 21 expressly provides that the "court may at any time, on just terms, … sever any claim against a party."  This rule "permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citations omitted).  Courts are permitted to, and routinely do, sever claims against parties that are protected by a bankruptcy stay or injunction. *See, e.g., In re Dow Corning Corp.*, 187 B.R. 919, 934 (E.D. Mich. Sept. 12, 1995) ("the MDL Judge may enter orders to remand, to dismiss and to sever any claims against non-debtors, including the Shareholders, in accordance with this Opinion and Order"); *Elec. Power Bd. v. Monsanto Co.*, 879 F.2d 1368, 1370 (6th Cir. 1989) (district court severed claims due to bankruptcy injunction); *Vindicator Printing Co. v. Boyles*, 2011 U.S. Dist. LEXIS 86578, *3 (N.D. Ohio Aug. 5, 2011) (Limbert, M.J.) (severing claims against party subject to bankruptcy injunction); *Ramazani v. Capital Restoration, Inc.*, 2014 U.S. Dist. LEXIS 62977, *2 n.1 (E.D. Tenn. May 7, 2014) (same).  Indeed, this Court has already done so earlier in this MDL proceeding, by severing Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. from the Track One Cases in view of those parties' bankruptcy filing.  *See* Stipulation and Order, Doc. 2612.

As in these cases, the NAS Baby Plaintiffs respectfully request the Court to sever the Sackler Defendants and any claims brought against them from the NAS Baby Cases.  Counsel for the NAS Baby Plaintiffs has communicated with counsel for the Sacklers in the MDL proceeding, and they do not oppose this motion though they do not join it inasmuch as the Sackler Defendants have not been served in the NAS Baby Cases.

The NAS Baby Plaintiffs are also clarifying that their Notice of Motion and Consolidated Motion for Class Certification and Appointment of Class Counsel, Docs. 3066 and 3066-1 (the "Motion for Class Certification"), does not apply to the Sackler Defendants.  On January 7, 2020,

NAS Baby Plaintiffs Jacqueline and Roman Ramirez, Melissa Barnwell, Michelle Frost and Stephanie Howell (the "NAS Guardians"), moved for certification of four classes as to certain claims and defendants in four NAS Baby Cases, including *Doyle, et al. v. Actavis LLC, et al.*, Case No. 1:18-op-46327 (the "*Doyle* Case") and *Artz, et al v. Purdue Pharma L.P., et al.*, Case No. 1:19-op-45459 (the "*Artz* Case").[2] The Motion for Class Certification identifies the Sackler Defendants as part of the group of "Manufacturer Defendants."

Accordingly, the NAS Guardians hereby withdraw the portions of their Motion for Class Certification as to the Sackler Defendants or any claims asserted against them. In addition, the NAS Guardians withdraw and delete all references to the Sackler Defendants as part of the "Manufacturer Defendants" from the Motion for Class Certification. The NAS Guardians do not seek to certify a class against the Sackler Defendants.

A proposed order is submitted herewith for the Court's consideration.

Respectfully submitted,

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Emily C. White (0085662)
Whitney E. Kaster (0091540)
DANN LAW
2728 Euclid Avenue, Suite 300
Cleveland, OH  44115
(216) 373-0539
notices@dannlaw.com

*Putative Class Liaison Counsel for Guardians of NAS Children*

---

[2] In the operative complaints in the *Doyle* Case, (*Doyle* Doc. 30, filed November 4, 2019) and the *Artz* Case (*Artz* Doc. 8, filed November 4, 2019), the NAS Guardians have asserted certain claims against the Sackler Defendants.

Thomas E. Bilek
Kelly Cox Bilek
THE BILEK LAW FIRM, L.L.P.
700 Louisiana, Suite 3950
Houston, TX  77002
(713) 227-7720
tbilek@bileklaw.com
kbilek@bileklaw.com

Celeste Brustowicz
Stephen Wussow
COOPER LAW FIRM
1525 Religious Street
New Orleans, LA  70130
Telephone:  504-399-0009
Facsimile:  504-309-6989
Email:  cbrustowicz@sch-llc.com

Scott R. Bickford
Spencer R. Doody
MARTZELL, BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, LA  70130
Telephone: 504-581-9065
Facsimile: 504-581-7635
Email:   srb@mbfirm.com

*Putative Class Co-Lead Counsel for Guardians of NAS Children*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on February 13, 2020 with the Clerk of Court and served upon all parties via CM/ECF at the party's registered email address.

/s/ *Marc E. Dann*
Marc E. Dann (OH #0039425)

*Counsel for NAS Opioid Plaintiffs*