# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Dan Aaron Polster |
| *Track One-B Cases* | ) |
| | ) **OPINION AND ORDER** |
| | ) |

Before the Court are Track 1B Retail Pharmacy Defendants' Objection to Discovery Ruling Regarding Pharmacy Data Production (Doc. #: 3106) and Defendants' Supplemental Objection to the same. Doc. ##: 3149, 3159. The Court previously entered two Orders regarding the scope of discovery of transactional dispensing data. *See* Doc. ## 2976, 3055.[1] Special Master Cohen met with the parties to determine which data fields Defendants must produce and issued the corresponding Discovery Ruling Regarding Pharmacy Data Production. Doc. #: 3106.

Defendants now object to the scope and timeframe of discovery set forth in the Special Master's Ruling. Specifically, Defendants object to: (i) the extent of data production for non-opioid drugs; (ii) the deadline to produce additional data fields after Plaintiffs identify "red flag" prescriptions; and (iii) the requirement to produce patient birth year or age. Doc. #: 3149 at 1-2. The Court reviews the Ruling for abuse of discretion. *See* Doc. #: 69 at 5 (citing Fed. R. Civ. P. 53(f)).

---

[1] The Sixth Circuit Court of Appeals has stayed the production of regional and national transaction-related dispensing data pending further order. *See In re CVS*, 20-3075, Doc. #: 42 at 4 (6th Cir. Feb. 12, 2020). Under the Sixth Circuit's Order, Defendants must comply with this Court's Orders to produce transaction-related dispensing data for Ohio dating back to 2006. *Id.*

Defendants first object to the scope of non-opioid drugs for which prescription data must be produced. The Special Master carefully summarized the parties' arguments and supporting authority and concluded Defendants shall produce data for 14 benzodiazepines and 4 muscle relaxers. Doc. #: 3016 at 4-5. The Special Master rejected the Plaintiffs' request for prescriptions including sleeps aids and the Defendants' narrow view of relevant prescriptions limited to drugs commonly known as the "Trinity." *Id.* The Court has thoroughly reviewed the Ruling, Defendants' objections, and Plaintiffs' response and reaches the same conclusion as the Special Master regarding the appropriate scope of prescriptions to be produced. Defendants also make repeated and unsubstantiated claims that this requirement is overbroad and unduly burdensome. But the Ruling provides Defendants options to tailor its burden, *see* Doc. #: 3016 at 6 n.8, and the claimed burden is not enough to overcome providing for relevant and proportional discovery. Thus, the Court finds the Special Master appropriately exercised discretion to confine the scope of discovery.

Next, Defendants ask the Court to remove the 14-day deadline to produce additional data after receiving Plaintiffs' "red flag" identification. The Ruling sets forth a phased-discovery approach whereby after Defendants produce the required data, Plaintiffs' must identify "red flag" prescriptions within 18 days,[2] and then Defendants have 14 days to produce any additional data fields upon which they or their experts intend to rely in their defense. Defendants acknowledge the scope of the additional data production will depend on the volume of prescriptions Plaintiffs identify and notably do not provide any affidavits supporting the claimed impossibility of meeting this deadline. The Court will not overrule the Special Master based on Defendants' speculating they might need additional time.

---

[2] The deadline in the Ruling was amended by Case Management Order No. 2 after Plaintiffs agreed to identify the "red flag" prescriptions prior to the case management conference on March 26, 2020. *See* Doc. #2116 at 2.

In addition to the timing objection, in their Supplemental Objection Defendants request clarification of the requirement to produce additional data fields "for all earlier-supplied prescriptions …" Doc. #: 3106 at 7. Defendants assert this requires them to produce additional data only related to the "red flag" prescriptions identified by Plaintiffs. Doc. #: 3159 at 2. The Court finds the Special Master's language is clear that Defendants must produce the additional data fields for *all* prescriptions they produce. Again, Defendants' claims regarding the burden of this requirement are unsupported and insufficient to overrule the provision for relevant and proportional discovery.

Finally, Defendants object to producing patient birth year or age. Plaintiffs initially sought from Defendants over 160 specific data fields from the transactional dispensing data. During the Special Master's conference with the parties, Plaintiffs agreed to reduce their request to 34 fields, including patient's birth year or age. The Court finds the narrowed set strikes an appropriate balance to provide Plaintiffs discovery proportional to the needs of the case and recognize Defendants' obligation to protect patient privacy. When viewed in light of the set of data fields to be produced, production of birth year or age does not risk patient privacy.[3]

The Special Master's Ruling reflects a reasoned exercise of discretion. Thus, Defendants' Objections are **OVERRULED** and the Discovery Ruling Regarding Pharmacy Data Production, Doc #: 3106, is **AFFIRMED**.

      **IT IS SO ORDERED.**

    */s/ Dan Aaron Polster_February 13, 2020_*
    **DAN AARON POLSTER**
    **UNITED STATES DISTRICT JUDGE**

---

[3] *See* 45 CFR 164.514(b)(2)(i)(C).