No. 20-3075

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 12, 2020
DEBORAH S. HUNT, Clerk

In re: NATIONAL PRESCRIPTION OPIATE )
LITIGATION                            )
                                      )    O R D E R
In re: CVS PHARMACY, INC., et al.,    )
                                      )
       Petitioners.                   )

Before:  SILER, GRIFFIN, and KETHLEDGE, Circuit Judges.

Defendant CVS Pharmacy, Inc. and ten other national retail pharmacies ("Retail Pharmacies") seek a writ of mandamus compelling the district court to: (1) strike amended complaints permitting plaintiffs Cuyahoga and Summit County, Ohio ("Counties") to bring transaction-related dispensing claims against the Retail Pharmacies; (2) consider the Retail Pharmacies' motions to dismiss those claims; and (3) limit the scope of discovery.  They ask that their petition be given expedited consideration.  Three motions for leave to file amicus briefs have been filed.  The Retail Pharmacies have also filed an emergency motion to stay discovery until final resolution of their mandamus petition.  The Counties oppose a stay.  The Retail Pharmacies reply in support of their stay motion.

A mandamus petition may be denied without an answer.  Otherwise, the court must order the respondent to file an answer within a fixed time.  Fed. R. App. P. 21(b)(1).  "The court of appeals may invite or order the trial-court judge to address the petition or may invite an amicus

curiae to do so." Fed. R. App. P. 21(b)(4). Upon review of the facts and arguments presented, we conclude that an answer would assist us in resolving this matter.

Turning next to the issue of a stay, we have the discretion to grant a stay or injunction pursuant to Federal Rule of Appellate Procedure 8(a)(2). We consider four factors: (1) whether the Retail Pharmacies have made a strong showing that they are likely to succeed on the merits; (2) whether they "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The first two factors are the most critical. *Nken*, 556 U.S. at 434.

The district court has ordered the Retail Pharmacies to produce transaction-related dispensing data for the United States from 2006 forward. The data may be produced in stages, beginning with Ohio, then nearby regions, including West Virginia and Kentucky, followed by the rest of the United States. The Counties' claims against the retail pharmacies (designated as Track One-B) are scheduled for trial on October 13, 2020. Of particular relevance to the issue of a stay is the district court's December 27, 2019 Order stating "that the evidence the parties' Track One-B experts may rely upon, or may adduce during the Track One-B trial, will be limited to Ohio data[.]" Pending a decision on their mandamus petition, the retail pharmacies seek to stay the district court's discovery order to the extent it requires the production of transaction-level dispensing records, with the exception of prescriptions that were filled within Cuyahoga County or Summit County, Ohio within the last three years. The Counties object to this limitation, arguing

that they cannot proceed to trial in October 2020 without the opportunity to assess the Retail Pharmacies liability based on all of the Ohio data going back to 2006. Upon consideration of the relevant factors, we are not persuaded that such a limitation on transaction-related distribution data for Ohio is warranted. The burden imposed by producing such data is not so onerous as to justify a stay. We conclude that the relevant factors weigh in favor of staying only the production of regional and national transaction-related dispensing data.

Accordingly, the Counties are **ORDERED** to file an answer to the mandamus petition within 15 days from the entry date of this order. The district court is **INVITED** to file a response, should it so choose, within that same time-period. Petitioners' motion for an emergency stay is **GRANTED IN PART AND DENIED IN PART**. Petitioners' production of regional and national transaction-related dispensing data is **STAYED** pending further order of this court. The Petitioners' request to place limitations on the production of transaction-related dispensing data for Ohio is **DENIED**. Petitioners shall comply with the district court's order to produce transaction-related dispensing data for Ohio dating back to 2006. The motions for leave to file amicus briefs filed by Lawyers for Civil Justice, the American Civil Liberties Union and American Civil Liberties Union Of Ohio, the U.S. Chamber of Commerce, and the National Association of Chain Drug Stores are **GRANTED**.

        ENTERED BY ORDER OF THE COURT

        _____
        Deborah S. Hunt, Clerk