UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **SPECIAL MASTER COHEN** |
| **THIS DOCUMENT RELATES TO:** "*Track One-B Cases*" | ) ) ) | |
| | ) ) ) | **ORDER REGARDING** <u>**CASE MANAGEMENT**</u> |

In an earlier case management order, the Court directed the undersigned to meet with the parties and set various case management deadlines for Track One-B. *See* docket no. 3116 at 3. This meeting occurred on the record on February 6, 2020, and the Special Master worked with the parties to negotiate various dates. Defendants maintained their existing objections to deadlines contained in earlier-entered discovery orders (*see, e.g.*, objections at docket nos. 3149 & 3159) and to the Court's November 9, 2020 trial date; nonetheless, defendants negotiated in good faith with plaintiffs regarding case management deadlines and discovery limitations. Having heard the parties'

positions, the Special Master now sets the following deadlines and makes the following rulings.[1,2]

- February 14, 2020 – Parties identify document custodians, including titles and timeframes of employment in their position.  Parties agree as much as possible to defendant-specific search terms.

- February 21, 2020 – Defendants identify with specificity all company-wide policies and procedures regarding dispensing during the relevant timeframe.  This includes: (a) training materials on how these policies and procedures were implemented; (b) compensation policies if they were tied to dispensing; (c) documents related to dispensing audits and due diligence files; (d) historical red flag analysis reports; and (e) documents related to regulatory actions concerning dispensing.  Also, defendants must make an affirmative representation that no such policies and procedures exist if they don't exist.[3]

- February 21, 2020 – Plaintiffs produce documents responsive to defendants' request for production no. 19 regarding doctors, or make an affirmative representation that no such documents exist for a given doctor if there are none.  Defendants identify what information they used to create the list of doctor names.

- April 24, 2020 – Full document production by all parties will be substantially completed.  Document production leading up to this deadline will be rolling and as full as possible, and should begin immediately.

- April 27, 2020 – All parties identify persons and entities with relevant knowledge.

- May 25, 2020 – Full document production by all parties will be totally completed.

---

[1] For the most part, this Order simply documents rulings made on the record during the February 6, 2020 conference.  Many of the deadlines set forth below were proposed by defendants and agreed to by plaintiffs, with the understanding that defendants' proposal remained subject to their objections and rulings thereon by the Court and the Sixth Circuit Court of Appeals.

All deadlines involving submission of documents to the Court are at **noon EST** on the date indicated.  The Court will issue a separate trial order, but the parties are advised now to refer to the trial orders for Track One-A (docket nos. 1598, as amended by docket no. 2072), which the Court generally intends to follow.

[2] The Special Master acknowledges that the parties have already fulfilled at least *in part* some of the obligations listed below.  For example, some of the parties have identified some custodians.  The deadlines below call for timely completion by all parties of these obligations.

[3] The obligations stated here apply principally to overarching policies and procedures.  More specific documents (e.g., due diligence files regarding specific prescriptions or pharmacists or pharmacies) may be produced later in discovery.

- June 15, 2020 – Close of fact discovery.  Plaintiffs may depose 30 fact witnesses of all defendants total, with no more than 7 witnesses of an individual defendant.  In addition to these 30 witnesses, plaintiffs may depose one 30(b)(6) witness from each defendant regarding document production, and one 30(b)(6) witness from each defendant regarding other topics.  Defendants may depose 18 fact witnesses of all plaintiffs total, with no more than 12 witnesses of an individual plaintiff.  In addition to these 18 witnesses, defendants may depose one 30(b)(6) witness from each plaintiff regarding document production, and one 30(b)(6) witness from each plaintiff regarding other topics.  All 30(b)(6) depositions will be limited to 4.5 hours each.  All depositions of fact witnesses who have already been deposed in the MDL will be limited to 4.5 hours each; otherwise the limit is 7.0 hours.  Deposition questioning of witnesses who have already been deposed in the MDL may not be repetitive.  Production of custodial files of a deponent shall be substantially completed 14 days before the deposition, and fully completed 7 days before the deposition.  The Deposition Protocol Order (docket no. 643) continues to apply except as modified by this Order.

- July 1, 2020 – Plaintiffs submit expert reports.

- July 22, 2020 – Deposition of plaintiffs' experts.

- July 27, 2020 – Defendants submit expert reports.

- August 14, 2020 – Deposition of defendants' experts.

- August 28, 2020 – Parties exchange affirmative designations of deposition testimony.

- August 24, 2020 – Summary judgment and *Daubert* motions.

- September 2, 2020 – Joint submission of proposed jury questionnaire and exhibit list form.

- September 8, 2020 – Response briefs for summary judgment and *Daubert* motions.

- September 9, 2020 – Exchange proposed witness and exhibit lists.  From these witness lists, Plaintiffs as a group and Defendants as a group will each jointly identify no more than 50 fact witnesses whom they are most likely to call at trial.  The parties then have until September 24, 2020 to depose any of these identified "most likely" witnesses who were not earlier deposed.  A party must show good cause to call at trial a witness who was not among the identified "most likely" witnesses.

- September 15, 2020 – Reply briefs for summary judgment and *Daubert* motions.

- September 25, 2020 – Parties exchange responsive deposition designations and objections to affirmative designations.

- October 14, 2020 – Parties exchange final deposition counter-designations.

- October 21, 2020 – Parties file objections to proposed deposition designations that cannot be resolved through the meet and confer process.

      **RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated:** February 17, 2020