**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-md-2804 |
| *"Track One-B Cases"* | ) ) ) ) ) | Judge Dan Aaron Polster  **ORDER REGARDING JURISDICTIONAL DISCOVERY OF RITE AID CORP.** |

Defendant Rite Aid Corporation ("RAC") filed a motion to dismiss for lack of personal jurisdiction (docket no. 3042).  The Court directed Special Master Cohen to attempt mediation to moot the motion, but the Special Master was not successful.  Accordingly, on February 12, 2020, Special Master Cohen directed the parties to "confer and present a proposed plan for [jurisdictional discovery and briefing Rite Aid's Motion] . . . (meaning, scope of discovery and deadlines)."  Email from SM Cohen (Feb. 12, 2020, 8:36 PM).  The parties conferred as requested but reported they were unable to reach consensus.

In addition to earlier formal discovery, Plaintiffs informally propounded via email several requests for production based on information available in the *2018 Rite Aid Corporation's Report to Stockholders on oversight of Risks related to Opioids*, a publicly available corporate document.  Plaintiffs' position is that only once RAC produces the requested documents will they be able to determine the appropriate scope of jurisdictional discovery, including deposition topics and what

interrogatories and additional requests for production, if any, need to be propounded. Defendants' contend Plaintiffs' refusal to discuss the scope of discovery until after receipt of the currently-requested documents constitutes an unwillingness to have meaningful discussions regarding the scope of discovery. Defendants maintain there is no need for discovery because Plaintiffs can offer full argument regarding personal jurisdiction based solely on the documents they already have.

The Court has already dealt with motions to dismiss for lack of personal jurisdiction in *Track One* of this MDL. *See, e.g.*, docket nos. 1258, 1264, 1266, 1512, 2131. Specifically, the Ruling Regarding Jurisdictional Discovery on Defendants Allergan, Teva, and Mallinckrodt, docket no. 1512, is instructive. In that ruling, Special Master Cohen laid out the legal standards for allowing jurisdictional discovery and determining its appropriate scope. That standard is adopted and incorporated herein by reference.

Regarding the scope of discovery to be permitted, the situation addressed in the Court's prior ruling began from a slightly different point in the negotiation between the parties. In the prior instance, the parties had exchanged several rounds of interrogatories and requests for production and reached consensus over most of them. They just needed the Court to get them over the finish line. Here, the parties cannot even agree on how to begin. The scope of discovery that was eventually adopted by the Court in its prior ruling, at least with respect to document production, was as follows:

(1) corporate organizational charts;

(2) tax returns including all schedules and attachments;

(3) policies regarding branding, marketing, sales, promotion, distribution, regulatory affairs, and pharmacovigilance, to the extent they apply to opioids;

(4) policies regarding accounting;

    (5) policies regarding corporate management to the extent such policies bear on opioid related subsidiaries; and

    (6) annual reports.

Document no. 1512 at 7.[1] The Court concludes that the scope of jurisdictional discovery from RAC should address points 1, 3, 5, and 6; and just to be perfectly clear, bullet number 3 above should be amended to include "policies regarding branding, marketing, sales, promotion, distribution, *dispensing,* regulatory affairs, and pharmacovigilance, to the extent they apply to opioids," and bullet number 5 above should be construed to encompass all of the documents already requested by Plaintiffs in Mr. Weinberger's Feb. 14, 2020, 8:04 AM email to Ms. Moore. The Court finds those documents to be relevant and shall be produced.

    With respect to the quantitative scope of discovery, RAC shall respond to written discovery previously served on October 29, 2019, and also the requests for productions made in Mr. Weinberger's email; may take no more than four fact witness depositions; and may depose no more than 2 corporate 30(b)(6) deponents for no more than 4.5 hours each (or if only a single 30(b)(6) deponent is required, no more than 7 hours).

    Finally, regarding the timing of discovery, RAC shall have 7 days (Mar. 2, 2020) from the entry of this Ruling to respond to written discovery, including production of documents requested in Mr. Weinberger's Feb. 14, 2020 email. Plaintiffs shall have 7 days (Mar. 9, 2020) to propound 30(b)(6) deposition topics, if required, based on those documents and within the scope articulated in this Ruling. As was provided in the Court's prior ruling, Rite Aid shall have 28 days (Apr. 6, 2020) to respond to Plaintiffs' requests. Plaintiffs shall have 21 days (Apr. 27, 2020) to schedule and take depositions, and from then 14 days (May 11, 2020) to file a response in opposition to Rite

---

[1] These factors are consistent with *Anwar v. Dow Chem. Co.*, 876 F.3d 841 (6th Cir. 2017) (setting out seven factors a Court should consider when determining whether a parent company is subject to jurisdiction).

Aid's motion to dismiss. Finally, Rite Aid shall have 14 days (May 25, 2020) to file their Reply in support of their Motion.

    **IT IS SO ORDERED.**

                                          **/s/ Dan Aaron Polster  February 24, 2020**
                                          **DAN AARON POLSTER**
                                          **UNITED STATES DISTRICT JUDGE**