UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>All Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**THE MAYOR AND CITY COUNCIL OF BALTIMORE'S OPPOSITION AS AMICUS CURIAE TO PLAINTIFFS' AMENDED MOTION FOR ENTRY OF ORDER ESTABLISHING COMMON BENEFIT FUND**

The Mayor and City Council of Baltimore ("the City") files as *amicus curiae* this Opposition to the Plaintiffs' Amended Motion for Entry of Order Establishing Common Benefit Fund ("the Motion") in response to the Court's February 4, 2020 order instructing "all interested parties" to file an opposition by February 28, 2020 at 12:00 p.m. eastern. The City's filing of this Opposition as an "interested party" and *amicus curiae* is made without consenting to this Court's jurisdiction—and without prejudice to the City and its attorneys' rights to contest this Court's jurisdiction—over the City, its counsel Susman Godfrey LLP, or Case No. 24-C-18-000515 pending in the Circuit Court for Baltimore City, Maryland, and without prejudice to the City's right to seek appellate review of any order the Court enters regarding the common benefit fund. The City's case, which was filed on January 31, 2018 has been litigated extensively and exclusively in state court; Baltimore is represented by counsel that is not litigating in the MDL; and Baltimore opted out of the negotiation class.

The City objects to the Plaintiffs' Motion to the extent the common benefit fund would require state court plaintiffs, like the City, to contribute part of a recovery or settlement to the

1

common benefit fund (at least where state court plaintiffs are not represented by MDL counsel or have opted out of the negotiation class). There are at least three reasons the Court should not force state court plaintiffs to contribute to the common benefit fund. First, this Court lacks jurisdiction over the state court proceedings, as this Court has already ruled when it determined that it could not force state court litigants to coordinate discovery with the MDL litigants and as the federal appellate courts have uniformly ruled when rejecting efforts by MDL counsel to extend a common benefit fund to state court proceedings. Second, the MDL Plaintiffs' request is inconsistent with common benefit fund jurisprudence, which requires a plaintiff to contribute to a common benefit fund only where another plaintiff achieves a recovery for the contributing plaintiff, where the benefits are measurable, and where the contributing plaintiff is not actively litigating its own case. State court plaintiffs that have opted out of the negotiation class, like the City, will not receive a recovery based on the MDL Plaintiffs' efforts, any other benefit is incidental and not measurable, and the state court plaintiffs' own counsel is actively litigating the state court cases, so it is inappropriate to apply the common benefit fund exaction to the state court cases. Third, the 7% tax on state court settlements will drive up the cost of state court settlements and thus deter resolution of opioid proceedings around the country, which is not in anyone's interest.

The City takes no position on whether the Court approves a common benefit fund for litigants within the MDL, but the Court should reject MDL plaintiffs' efforts to extend the common benefit fund to state court proceedings, especially where plaintiffs are represented by non-MDL counsel or have opted out of the negotiation class. Any order regarding the common benefit fund should state expressly that the order does not apply to state court proceedings (at least where plaintiffs have opted out of the negotiation class or where plaintiffs are represented

by counsel that is not counsel of record in a case within the MDL). At the very least, the Court should require that state court plaintiffs agree in writing that their proceeding is subject to the common benefit fund exaction (which they might do in exchange for work product or other benefits) before these plaintiffs are required to contribute a portion of their recovery to the common benefit fund.

I. **The Court should not apply the common benefit fund to state court proceedings.**

    a. **The Court cannot exact the 7% tax on state court recoveries and settlements because the Court lacks jurisdiction over the state court proceedings.**

The Court has already concluded that it lacks jurisdiction over state court proceedings, so it cannot impose the 7% contribution requirement on state court settlements and recoveries. In its June 20, 2018 Order Establishing Deposition Protocol, the Court explained: "The Court recognizes that the State courts are independent jurisdictions; the parties to this MDL, with the assistance of the special masters, shall facilitate communication with State courts to efficiently conduct discovery." Doc. 643 at 4. The Court reiterated this conclusion in its October 9, 2018 Protocol for State and Federal Court Coordination, ruling, "While there are important benefits to coordination for all parties, this Court has also recognized that 'state courts are independent jurisdictions,' Doc. 643, Section I(f)(1), and no party waives any jurisdictional rights or obligations with regard to discovery, trial setting, or trial by agreeing to coordinate with the MDL, including participating in MDL depositions that are cross-noticed in state cases." Doc. 1029 at 1. Based on the Court's rulings, the Court put in place a "cooperative effort to coordinate," Doc. 1029 at 1, rather than a mandatory system of federal-state cooperation, and only required coordination by state court plaintiffs who are also represented by MDL Counsel. For instance, "a state court plaintiff who is also represented by MDL Counsel" must undertake certain efforts in order to take a deposition in a state court proceeding of a witness that has

3

already been deposed in the MDL, but a state court plaintiff with non-MDL counsel is not subject to this requirement. Doc. 1029 at 10. The MDL Plaintiffs' current Motion disregards the Court's conclusions in its discovery rulings and improperly asks the Court to interfere with state court jurisdiction.

Consistent with this Court's discovery rulings, federal appellate courts have repeatedly and uniformly rejected the position the MDL Plaintiffs now take that a federal court may exercise jurisdiction over state court proceedings in order to require state court litigants to pay a portion of state court recoveries to a federal common benefit fund. In *In re Showa Denko K.K. L-Trytophan Products Liability Litigation-II*, the Fourth Circuit held that a district court could not compel state court litigants to contribute to a common benefit fund because the "the court has no jurisdiction to compel such a procedure" as to "plaintiffs in state and untransferred federal cases [that] have not voluntarily entered the litigation before the district court nor . . . been brought in by process." 953 F.2d 162, 166 (4th Cir. 1992). The Fourth Circuit held that it "has no power to extend the obligations of its order to them." *Id.* The Ninth Circuit similarly held in *Hartland v. Alaska Airlines* that a district court lacked jurisdiction to require state court plaintiffs to contribute to a common benefit fund related to MDL litigation regarding a plane crash, holding that the district court "had not even a semblance of jurisdiction—original, ancillary, or pendent—to order anything or anybody, and least of all to compel lawyers who were not parties to the action to pay $3,250 into a fund." 544 F.2d 992, 1001 (9th Cir. 1976). The Eighth Circuit reached the same conclusion in *In re Genetically Modified Rice Litigation* when it held the district court lacked the authority to "order parties in cases not before it to contribute to the Fund." 764 F.3d 864, 874 (8th Cir. 2014). In that case, as here, "Lead Counsel assert[ed] that the court has jurisdiction over [the defendant] and MDL attorneys, so the court can order

4

withholding from their 'related' state court-cases." *Id.* The Eighth Circuit rejected the argument, explaining, "But state-court cases, related or not, are not before the district court. The state-court plaintiffs at issue neither agreed to be part of the federal MDL nor participated in the MDL Settlement Agreement. Even if the state plaintiffs' *attorneys* participated in the MDL, the district court overseeing the MDL does not have authority over separate disputes between state-court *plaintiffs* and Bayer[, the defendant]." *Id.* The plaintiffs in *Genetically Modified Rice* argued, as do the MDL Plaintiffs here, that "state-court plaintiffs' counsel benefited from the MDL leadership group's work, so equity requires that they contribute to the fund." *Id.* The Court disagreed, holding that "equity is insufficient to overcome limitations on federal jurisdiction," so the "district court correctly held that it lacked jurisdiction to order holdbacks from state-court recoveries." *Id.*; *accord In re Sygenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2015 WL 2165341, at *3-4 (D. Kan. May 8, 2015) (holding "this Court's jurisdiction over the defendant and some attorneys with respect to cases in the MDL does not grant it jurisdiction to issue orders requiring assessments in cases not before this Court").[1]

The *In re MGM Grand Hotel Fire Litigation* case cited by the MDL Plaintiffs accords with this case law by showing that a federal common benefit fund may only apply to a state court recovery if the state court agrees to extend the common benefit fund to the litigation pending before it. In *In re MGM Grand Hotel Fire Litigation*, plaintiffs filed lawsuits against MGM following a fire that injured thousands of people. 570 F. Supp. 913, 916 (1983). Many of the state court suits were removed to federal court, but suits between non-diverse parties remained

---

[1] In *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, the Third Circuit agreed with the decisions the Fourth and Eighth Circuits reached, holding that a district court would have "exceeded its jurisdiction" if it had ordered "total strangers to the litigation to contribute to the common benefit fund from the settlement of its client's state-court cases," but the Third Circuit concluded the particular state court plaintiff attorney had agreed by contract to contribute to the common benefit fund, so it had to contribute. 617 F. App'x 136, 141-144 (3d Cir. July 2, 2015).

5

pending in California and Nevada state courts. *Id.* A common benefit fund was created in the MDL, and in "a spirit of cooperation often not seen between federal and state courts, . . . a similar fee assessment in the amount of five percent for [Plaintiffs' Legal Committee] fees and one and one-half percent (1½%) for PLC costs was approved by the Hon. J. Charles Thompson, District Judge for the Eighth Judicial District Court of the State of Nevada as the assessment to apply to Nevada state cases arising out of the fire." *Id.* at 917. The *MGM* court did not say the California state courts had agreed to the same fee assessment, and there is no indication in the order that the MDL court required California state court litigants to contribute to the common benefit fund. In *MGM*, the state and federal court plaintiffs reached a global settlement to which the common benefit fund applied, but the teaching of the *MGM* case is that a common benefit fund may only extend to a standalone state court recovery *if the state court agrees*. In this case, opt-out state court litigants will not receive a portion of any settlement the MDL plaintiffs reach and will instead have to obtain their own standalone state court recovery, so state court approval is necessary to apply the common benefit exaction to the opt-out state courts plaintiffs' recoveries. This Court lacks jurisdiction to make state court litigants contribute a portion of a state court recovery or settlement to the common benefit fund.

> **b.  Common benefit fund jurisprudence does not support extending the common benefit fund to state court plaintiffs outside the negotiation class because they will not receive any recovery based on the MDL Plaintiffs' efforts, any other benefits are not measurable, and the opt-out plaintiffs are actively litigating their own cases.**

Even if the Court could exercise jurisdiction over the opt-out state court litigants' state court recoveries, which it cannot, common benefit fund jurisprudence only allows a court to require a plaintiff to contribute to a common benefit fund where an actively litigating plaintiff

6

achieves a recovery that benefits the contributing plaintiff, which will not happen here. In *Boeing Co. v. Van Gemert*, the Supreme Court explained:

> Since the decision in *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1882), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116, 5. S.Ct. 387, 28 L.Ed. 915 (1885), this Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole. See *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Sprague v. Ticonic National Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); cf. *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).

444 U.S. 472, 478 (1980). The Supreme Court further explained that the "doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense" and "[j]urisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit." *Id.* The MDL Plaintiffs in this case will not recover anything for the state court plaintiffs that have opted out of the negotiation class, so there is no basis under the jurisprudence to apply the common benefit fund to these plaintiffs. The state court plaintiffs that are outside the negotiation class will only achieve a recovery if they litigate their own cases and either negotiate their own settlements or obtain their own recoveries.

The common benefit fund also cannot apply to the opt-out state court plaintiffs because the alleged benefits they receive from the MDL Plaintiffs are not measurable or traceable. In *Boeing*, when upholding the common benefit fund, the Supreme Court relied on the guidance of its prior holding in *Alyeska Pipeline Service Co. v. Wilderness Society* that a common benefit fund is appropriate where "[t]he benefits could be traced with some accuracy" and "there was reason for confidence that the costs [of litigation] could indeed be shifted with some exactitude to those benefiting." *Id.* (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S.

7

240, 265 n.39 (1980)) (internal quotation marks omitted) (alterations in original). The Court in *Boeing* reasoned that the *Alyeska* requirements were satisfied as to a class of shareholders seeking recovery after a company failed to alert them to their conversion rights because once "the class representatives have established the defendant's liability and the total amount of damages, members of the class can obtain their share of the recovery simply by proving their individual claims against the judgment fund." *Id.* at 479. The *Alyeska* factors are not satisfied here as to state court recoveries, which counsels against applying the common benefit fund to these recoveries. The benefits of the MDL Plaintiffs' work to the state court plaintiffs cannot "be traced with some accuracy" and the benefits "cannot be shifted with some exactitude to those benefiting." The benefits the MDL Plaintiffs have allegedly bestowed on the opt-out state court plaintiffs are incidental and impossible to measure with any accuracy. According to the MDL Plaintiffs, these benefits include unidentified "work product" the state court litigants might have received as well as ARCOS data that this Court ordered the MDL Plaintiffs to produce to state court litigants, without any suggestion that the cost of the ARCOS data would be a 7% tax on the state court litigants' recoveries. The benefits are not traceable or easily measurable, so the MDL Plaintiffs cannot recover them through the common benefit fund.

The common benefit fund jurisprudence also does not support application of the common benefit fund to opt-out state court plaintiffs because those plaintiffs are actively litigating their cases. In the common benefit fund cases cited by MDL Plaintiffs, courts have required plaintiffs that were not actively litigating to contribute to the costs of actively litigating plaintiffs to avoid a free-riding problem. Courts have not required plaintiffs to contribute to a common benefit fund where a plaintiff's attorneys were actively contributing to the plaintiff's recovery and there was no free-riding issue. The Fifth Circuit explained in *In re Air Crash Disaster at Florida*

8

*Everglades on December 29, 1972*, "One who hires and pays his own lawyer is not a free rider if the attorney is a contributor to the final results." 549 F.2d 1006, 1019 (5th Cir. 1977). Based on this reasoning, the Fifth Circuit approved the district court's decision to "exclud[e] from the 8% contributions attorneys who continued to be active." *Id.* Opt-out state court plaintiffs' attorneys will have to continue actively litigating their cases in order to achieve recovery, so under the common benefit fund jurisprudence, it is inappropriate to apply the common benefit fund requirement to these plaintiffs. Demonstrating the egregious nature of the MDL Plaintiffs' Motion, the MDL Plaintiffs would exact the same fee from a state court plaintiff represented by MDL counsel that has joined the negotiation class (and that may not even actively litigate its state court case) that it would exact from the City, which has hired non-MDL counsel. The MDL Plaintiffs' view appears to be that non-MDL counsel litigating state court cases contribute nothing to their clients. There is no justification for this position. Non-MDL attorneys in state courts are actively litigating their cases and pushing their cases toward resolution. The City's counsel, for instance, has spent thousands of hours writing briefs, participating in discovery, taking depositions, and arguing at hearings. There is no free-riding issue in the City's case, and the MDL Plaintiffs are not entitled to any of the City's recovery under the case law.

MDL Plaintiffs have overreached in violation of the common benefit fund jurisprudence. The Court should not extend the common benefit fund to state court plaintiffs, at least where the state court plaintiffs have opted out of the negotiation class or have counsel that does not represent a plaintiff in the MDL.

      **c.    The 7% tax on state court recoveries will drive up the cost of settlements and deter resolution of state court proceedings.**

If the Court imposes the common benefit fund requirement on state court proceedings, the common benefit fund requirement will drive up the cost of state court settlements and deter

9

resolution of state court proceedings. Opt-out plaintiffs will need to consider the 7% tax when they negotiate settlements on behalf of their clients. This will drive plaintiffs and defendants further apart and deter settlement and resolution of state court proceedings. The Court should not enter an order that causes this problematic result, which is not in the interests of the parties or the courts.

**II.     In the alternative, if the Court allows the common benefit fund to apply to state court plaintiffs, the Court should require that state court plaintiffs agree in writing before they must contribute to the common benefit fund.**

Before the MDL Plaintiffs are permitted to exact a 7% tax on any state court recovery or settlement, the MDL Plaintiffs should have to obtain the written consent of state court plaintiffs to contribute to the common benefit fund. In their Amended Motion, MDL Plaintiffs suggest that state court plaintiffs should have to contribute to the common benefit fund if they obtain work product from the MDL plaintiffs. The MDL Plaintiffs should not be able to make this decision unilaterally. If the MDL Plaintiffs want to condition the sharing of work product or anything else on a state court plaintiff's agreement to contribute to the common benefit fund, the MDL Plaintiffs should have to lay out the terms of the deal in writing and obtain written consent. As written, the MDL Plaintiffs' proposed order is vague and tortuous and renders it impossible for a state court plaintiff (or a state court defendant) to know when contribution to the common benefit fund is required. This will have a harmful effect on settlement and resolution of state court proceedings, as explained above. To resolve any uncertainty, the Court should require MDL plaintiffs to obtain the written agreement of state court plaintiffs to contribute to the common benefit fund before binding any state court plaintiff to the common benefit fund.

**III.     Conclusion**

The Court should not apply the common benefit fund requirement to state court litigants and should include a sentence in its order that says, "This order and the common benefit fund contribution requirement does not apply to state court proceedings or state court litigants."[2] This language is consistent with the Court's jurisdiction and the common benefit fund jurisprudence, and it will promote settlement and resolution of state court proceedings. In the alternative, the Court should not require any state court plaintiff to contribute to the common benefit fund unless and until that state court plaintiff agrees to contribute to the common benefit fund in writing.

Dated: February 27, 2020               Respectfully submitted,


                                       */s/ Seth Ard*

                                       ANDRE M. DAVIS
                                       City Solicitor
                                       Suzanne Sangree, Chief Solicitor
                                       Christopher R. Lundy, Chief Solicitor
                                       BALTIMORE CITY LAW DEPARTMENT
                                       100 N. Holliday Street, Room 101
                                       Baltimore, Maryland 21202
                                       Tel: 410-396-3930
                                       Fax: 410-547-1025
                                       andre.davis@baltimorecity.gov
                                       suzanne.sangree2@baltimorecity.gov
                                       christopher.lundy@baltimorecity.gov

                                       William Christopher Carmody
                                       Arun Subramanian
                                       Seth Ard
                                       Jillian Hewitt
                                       Max Straus
                                       SUSMAN GODFREY L.L.P.
                                       1301 Avenue of the Americas, 32nd Floor

---

[2] Alternatively, the Order should say: "This order and the common benefit fund contribution requirement does not apply to state court proceedings or state court litigants where the plaintiffs have opted out of the MDL negotiation class or where the state court plaintiffs' counsel does not represent an MDL plaintiff."

        New York, NY 10019
        Tel: 212-336-8330
        Fax: 212-336-8340
        bcarmody@susmangodfrey.com
        asubramanian@susmangodfrey.com
        sard@susmangodfrey.com
        jhewitt@susmangodfrey.com
        mstraus@susmangodfrey.com

        Ian Crosby
        SUSMAN GODFREY L.L.P.
        1201 Third Avenue, Suite 3800
        Seattle, Washington 98101
        Tel: 206-516-3880
        Fax: 206-516-3883
        icrosby@susmangodfrey.com

        Sylvanus M. Polky
        SUSMAN GODFREY L.L.P.
        1000 Lousiana Street, Suite 5100
        Houston, TX 77002
        Tel:  713-651-5096
        Fax: 713-651-9366
        spolky@susmangodfrey.com

        *Attorneys for Plaintiff Mayor & City Council of Baltimore*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        */s/ Seth Ard*
        Seth Ard