

February 28, 2020

*VIA ELECTRONIC MAIL*

Honorable Dan Aaron Polster
Carl B. Stokes United States Courthouse
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837
dan_polster@ohnd.uscourts.gov

RE:     Plaintiffs' Executive Committee Amended Motion for Entry of Order Establishing
        Common Benefit Fund and Proposed Order, Doc ## 3112, 3112-1.

Dear Judge Polster:

In response to your February 4, 2020 order, we write as *amici curiae* to oppose the
Plaintiffs' Executive Committee Amended Motion for Entry of Order Establishing Common
Benefit Fund and Proposed Order, Doc ## 3112 ("Motion") and 3112-1 ("Proposed Order").
Notwithstanding language in the Proposed Order carving out State Attorneys General's
"damages" claims, the Proposed Order appears intended to allow the PEC to assess a common
benefit fee against all abatement monies recovered by States (like Massachusetts, Connecticut
and Delaware) over whose claims this Court lacks jurisdiction and with which the PEC lacks any
form of agreement—contingency fee, participation or otherwise.[1]

As more fully set forth in the February 24, 2020 letter from the National Association of
Attorneys General, *see* Doc # 3181, the Motion seeks relief that is beyond this Court's
jurisdiction and which, if granted, would be an improper application of the common benefit
doctrine. Further, the States are diligently working to ensure that the bulk of all settlement
proceeds be directed to an abatement fund for state and local governments to remediate the
opioid crisis. Insofar as the Motion asks the Court to assess a 7% fee against that entire fund, it
is counterproductive and premature.[2]

---

[1] Although the Court's lack of jurisdiction means that it cannot mandate a State's participation in
any assessment for the common benefit fund, the Court may consider crafting an order creating a
common benefit fund that would permit State Attorneys General, in their sole discretion, to
participate voluntarily as they deem appropriate.

[2] *See In re Terrorist Attacks on September 11, 2001*, 2019 U.S. Dist. LEXIS 169698, at *294-295
(S.D.N.Y. Sept. 30, 2019) (rejecting as premature certain aspects of a common benefit motion).
*See also* Duke Law Center For Judicial Studies, *Standards And Best Practices For Large And
Mass-Tort MDLs* at 68 ("the court usually will defer setting the precise percentage of settlement

The PEC's Motion fails to reconcile the relief sought with the repeated assurances by the Court and the PEC itself that the State Attorneys General's voluntary participation in various MDL processes would not lead to an attempt to assert jurisdiction over the States' claims or assess common benefit fees against their recoveries. For example, in a January 24, 2018 Order inviting State Attorneys General to attend a January 31 MDL conference, the Court assured State Attorneys General: "the Court recognizes it has no jurisdiction over (i) the AGs or their representatives, (ii) the State cases they have filed, or (iii) any civil investigations[.]" *See* Doc #94 at 1.[3]  A month later, in a February 27, 2018 Order Regarding State Coordination, the Court stated further that "if a global settlement is achieved under the auspices of the MDL, this Court has no intention of imposing upon the States any common benefit fees." Doc # 146 at 2.

The State Attorneys General received similar assurances in the context of sharing MDL discovery. For example, on July 19, 2019, the PEC filed a "Sharing Agreement with States Attorneys General" about use of MDL discovery that stated: "Sharing these discovery materials will **not** result in a common benefit assessment by the PEC upon any recovery by the States." *See* Doc # 1856 (emphasis in original).[4]  It is impossible to square the Motion with these assurances—assurances upon which the State Attorneys General have relied.

---

proceeds that will fund the CBF until the MDL is resolved or settled when the value of the common benefit work is known.") (Dec. 19, 2014), available at https://judicialstudies.duke.edu/wp-content/uploads/2018/03/Common-Benefit-Fund-MDL-Standard-5-from-Standards-and-Best-Practices-for-Large-and-Mass-Tort-MDLs-Dec.-2014.pdf.

[3] *See also* Doc #111 ("the Attorneys General are not subject to the jurisdiction of this court" and their participation in settlement discussions is voluntary); Doc # 232 ("[t]he Court acknowledges it has no jurisdiction over related State court proceedings").

[4] *See also* Doc # 441 ¶¶ 33(*l*), 34(j) ("Neither the receipt of [MDL discovery] . . . nor the provision of the certification [to be bound by the Protective Order] shall in any way be deemed a submission, by the claimant represented by counsel in such outside litigation, to the jurisdiction of this Court or any other federal court or a waiver of any jurisdictional arguments available to such claimant, provided, however, that any such recipient of documents or information produced under this Order shall submit to the jurisdiction of this Court for any violations of this Order."); and Doc #602-1 ("Notwithstanding anything in this Order, under no circumstances is a State . . . by signing this Acknowledgement [to received ARCOS data], subjecting itself in any way to the jurisdiction of this Court for any purpose other than enforcement of the confidentiality provisions of the Protective Order.").

For the foregoing reasons, we respectfully request that this Court deny the Motion.

Respectfully submitted,


Maura Healey
Massachusetts Attorney General

William Tong
Connecticut Attorney General


Kathleen Jennings
Delaware Attorney General


Cc:
Helen Norton, Judicial Assistant
Helen_Norton@ohnd.uscourts.gov

Katherine King, Deputy Clerk
Katherine_King@ohnd.uscourts.gov