UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>ALL CASES | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' OBJECTIONS TO THE PEC'S
PROPOSED COMMON BENEFIT FUND ORDER**

The undersigned Pharmacy Defendants join and incorporate by reference the arguments made by other Defendants in their Memorandum in Opposition to the PEC's Amended Motion for Entry of Order Establishing Common Benefit Fund (Doc. # 3186).  We write separately to stress a practical issue with respect to *any* common-benefit fund order in these cases even if the PEC's proposed order is amended to address other concerns.  For the reasons discussed below, any common-benefit fund order should require that plaintiffs themselves deposit required assessments into the fund rather than saddling Defendants with this obligation.

1. It is a virtual certainty, given the unique characteristics of this litigation, that there will be post-settlement disputes among plaintiffs with competing interests over common-benefit assessments.  Under these circumstances, it is impractical and improper to place the burden on Defendants to withhold common-benefits funds from a settlement, which could put Defendants in an impossible position between competing court orders and only further exacerbate the extraordinary difficulties with settling these cases.  Rather, the obligation to deposit an assessment into the common-benefit fund should rest with the plaintiff who received the benefits

of common-benefit work product, which will allow any disputes over common-benefit fees to be worked out directly between the interested parties.

2. Among the features of this litigation that predictably will generate disputes over common-benefit fund assessments are (1) the enormous number of plaintiffs and potential plaintiffs, including public entities at different levels of government covering overlapping geographic regions, litigating in any number of federal and state courts; (2) the potential for large settlements that would generate outsize common-benefit fee assessments; and (3) the likelihood that substantial common-benefit assessments would meaningfully cut into the negotiated fees of retained counsel.

3. The Court and the parties should also expect objections to any large common-benefit assessment by MDL litigants who disagree with the PEC's litigation strategy, dispute the extent to which the PEC's efforts have assisted other plaintiffs' prosecute their cases, and/or believe that they have, based on their own contributions, secured more favorable settlements than PEC members could have obtained.  The various filings in opposition to the pending motion to establish a common-benefit fund highlight the divergences of opinion among plaintiffs and their counsel about how the PEC has discharged its responsibilities.

4. Transferor courts have held that they have authority to reduce the common-benefit assessment provided for in an order of the MDL Court, even when the plaintiff's attorneys signed a participation agreement.  *E.g.*, *Galinis v. Bayer Corp.*, 2020 WL 363039, at *3 (N.D. Cal. 2020).

5. There is no justification for putting Defendants between plaintiffs' attorneys competing for the same fees or, even worse, courts issuing inconsistent orders on Defendants' obligations with respect to the common-benefit fees.  These cases have proved difficult enough

to settle without additional complications that would require settling parties to negotiate protections that could include depositing funds into escrow accounts, providing indemnifications with respect to disputed payments, initiating interpleader actions, or reducing settlement amounts in light of the risk, all to the detriment of a settling plaintiff that wants to complete an agreement with a Defendant that also wants to settle.

6. For all of these reasons, Defendants should not be required to withhold common benefit funds from settlements in which the other party does not consent to the assessment. Instead, the obligation to pay the common benefit assessment should rest with the settling plaintiff itself, so that any disputes can be resolved directly between the interested parties and Defendants can promptly conclude and fund any settlements they reach.

Dated: February 28, 2020

Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreen Co. and Walgreen Eastern Co.*

/s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335

Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*


/s/  Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS Pharmacy, Inc., and Ohio CVS Stores, L.L.C.*


/s/  Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp.*

/s/  Timothy D. Johnson
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Attorneys for Discount Drug Mart, Inc.*


/s/  Robert M. Barnes
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for HBC Service Company*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on February 28, 2020.

/s/  *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreen Co. and Walgreen Eastern Co.*