IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*All Cases* | MDL NO. 2804<br><br>Civ. No. 1:17-md-02804-DAP<br><br>HON. JUDGE DAN A. POLSTER |

**NOTICE REGARDING EX PARTE COMMUNICATIONS**

Defendants listed in the margin[1] hereby give notice that they do not consent to *ex parte* communications by the Court or the Special Masters concerning settlement of any matter pending in this MDL, or concerning any other aspect of this litigation, including on any legal, factual, discovery, or case management issue such as case management orders, discovery deadlines, trial dates, case tracks, remands, and amendments.  For the avoidance of doubt, Defendants withdraw any prior consent to *ex parte* communications concerning any of these matters, including but not limited to *ex parte* communications between the Special Masters and "any relevant outside entities."  *See* Appointment Order, Dkt. No. 69, at 2.

As the Court has recognized, in the absence of consent, *ex parte* communications are forbidden by Canon 3(A)(4)(d) of the Code of Conduct for United States Judges.  *See* Non-Document Order, dated Dec. 5, 2019.  Therefore, the Court (as well as the Court's Special Masters) should not engage in any further *ex parte* communications with the Plaintiffs, Defendants or any other parties or non-parties in connection with these matters.  *See* Code of

---

[1] AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation.

Conduct for United States Judges, Canon 3(A)(4) cmt. (2019) ("The restriction on *ex parte* communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding."). The ethics rules further prevent any lawyer, including members of the Plaintiffs' Executive Committee, from engaging in *ex parte* communications with the Court (including the Court's Special Masters), in the absence of consent or authorization. ABA Model Rule 3.5(b).

| | |
|---|---|
| March 2, 2020 | Respectfully submitted, |
| | |
| */s/Mark H. Lynch* | */s/ Enu Mainigi* |
| Geoffrey E. Hobart | Enu Mainigi |
| Mark H. Lynch | F. Lane Heard III |
| COVINGTON & BURLING LLP | Ashley W. Hardin |
| One CityCenter | WILLIAMS & CONNOLLY LLP |
| 850 Tenth Street, N.W. | 725 Twelfth Street, N.W. |
| Washington, DC 20001 | Washington, DC 20005 |
| Tel: (202) 662-5281 | Tel.: (202) 434-5000 |
| ghobart@cov.com | Fax: (202) 434-5029 |
| mlynch@cov.com | emainigi@wc.com |
| | lheard@wc.com |
| | ahardin@wc.com |
| *Counsel for McKesson Corporation* | |
| | *Counsel for Cardinal Health, Inc.* |

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

## **CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

/s/*Mark H. Lynch*
MARK H. LYNCH