**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*All Cases* | MDL NO. 2804<br><br>Civil No. 1:17-md-02804-DAP<br><br>HON. JUDGE DAN A. POLSTER |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO NOTICE BY CERTAIN DEFENDANTS REGARDING *EX PARTE* COMMUNICATIONS**

Plaintiffs hereby respond in opposition to the notice by certain defendants who wish to "withdraw" their prior consent to "*ex parte* communications" by the Court or Special Masters concerning settlement or any other aspect of this litigation.[1]  Plaintiffs submit that—after more than two years of consenting to, and participating in, "*ex parte*" and other communications with the Special Masters and the Court—these defendants have waived any right to withdraw their prior consent.

The facts in this case show a lengthy, two-year, history of settlement discussions—"*ex parte*" and otherwise—among the parties, the Special Masters and the Court. The record also shows that any, and all, so-called "*ex parte*" communications in aid of settlement or other aspects of the litigation, were fully consented to by all the parties, including these defendants, and followed procedures carefully established by the Court to ensure their ethical and procedural propriety.

It is indisputable that from the inception of the litigation this Court has made clear to all the parties the great importance and necessity of resolving the national opioid crisis, and has done everything possible to encourage settlement discussions.  In fact, in one of the Court's earliest

---

[1] The defendants who have "withdrawn prior consent" to *ex parte* communications are AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation.

scheduling orders, the Court stated "it intends to explore early resolution with Counsel . . . and it will discuss resolution with Counsel representing the various parties separately."[2]

The Court also issued an Appointing Order utilizing its inherent authority under Federal Rule of Civil Procedure, Rule 53(b)(2)(B), to appoint Special Masters which clearly sets forth "the circumstances, if any, in which the master may communicate *ex parte* with the court of a party." The Court's Order set forth at great length the circumstances under which interactions and communications among the Court, the Special Masters, and the parties would proceed, including "*ex parte*" communications:

> **Communications with the Parties and the Court.**
>
> Rule 53(b)(2)(B) directs the court to set forth "the circumstances, if any, in which the [Special Masters] may communicate *ex parte* with the court or a party. The Special Masters may communicate *ex parte* with the Court at their discretion, without providing notice to the parties, regarding logistics, the nature of their activities, management of the litigation, and other appropriate procedural matters, and also to assist the Court with legal analysis of the parties' submissions. The Special Masters may communicate *ex parte* with any party or its attorney, as each Special Master deems appropriate, for the purposes of ensuring the efficient administration and management and oversight of this case, and for the purpose of mediating or negotiating a resolution of part or all of any dispute related to this case. The Special Masters shall not communicate to the Court any substantive matter the Special Master learned during an *ex parte* communication between the Special Master and any party.[3]

Moreover, the Court appointed, and the Defendants consented to, the appointment of Francis McGovern, one of the preeminent practitioners and scholars in the fields of alternative dispute resolution, products liability, and complex litigation, who has served successfully as a Special Master in aid of the resolution through settlement of numerous high profile complex

---

[2] *See* Doc. #4, *Minutes of Teleconference and Scheduling Order*, December 14, 2017.
[3] *See* Doc. # 69, *Appointment Order*.

litigations. In his role as Special Master, Professor McGovern was deeply involved in efforts to resolve this litigation through discussion and communications with the parties and the Court. Tragically, and a great loss for the bar, the Court, and this litigation, Professor McGovern passed away on February 15, 2020. Professor McGovern's expertise, wisdom, and integrity is now no longer available to aid in the resolution of this complex and important litigation.

The Court also very early on established a "settlement track" to run on a parallel track with a "litigation track," and thereafter undertook extensive efforts to assist the parties and the Special Masters regarding both tracks, including overseeing and assisting with negotiations directed at achieving global resolution of all opioid litigation.[4]

Defendants have already failed in their efforts to obtain recusal of this Court based on its "preference for a settlement and his participation in settlement negotiations despite being responsible for crafting any abatement remedy."[5] The Sixth Circuit denied the writ as moot and confirmed "Judges in complex litigation are encouraged to pursue and facilitate settlement early in a variety of ways."[6] And, more specifically, they also have failed in obtaining an Order granting their December 3, 2019 Motion for Order Prohibiting *Ex Parte* Communications.[7]

Under these circumstances, for these Defendants to now seek to withdraw their consent to the Court's carefully crafted procedures governing communications between the Court, the Special Masters, and the parties, is most unfortunate and places a tremendous burden on, and creates an impediment to, the settlement discussions and resolutions of the many issues in the litigation.

---

[4] *See Opinion and Order*, Doc. # 2676, pp. 5, 6 (setting forth the Court's efforts with the parties and the Special Masters on both tracks).
[5] *See* Case 19-3935, Dkt. No. 9-2 at 4 (6th Circuit Oct. 10, 2019).
[6] *Id.* (Citing Manual on Complex Litigation 13.1, pp. 167-68 (4th ed. 2004)).
[7] *See* Pharmacy Defendants' *Motion for Order Prohibiting Ex Parte Communications*, Doc. # 2963.

These Distributor Defendants and others have taken, appropriately, full advantage of the court's engagement, consenting to *ex parte* communications, which are essential to developing effective resolutions in this most complex of litigations arising from an unprecedented public health crisis.  Only now, over two years later, after these Defendants have reached an incomplete deal purportedly supported by some Attorneys General, opposed by many others, and considered still insufficient by the Plaintiffs' Executive Committee, do they decide, abruptly and strategically, to cut off the very communications that were essential in getting them to this point. This is not the expression of any legal or ethical principal or concern. It is gamesmanship.

It is also notable the Defendants have cited no case law in their notice which supports any right to give notice of waiver of consent at this late date and under these circumstances. Further, they have cited no factual basis to demonstrate the Court has violated any ethical or procedural strictures regarding *ex parte* communication, and have failed in all their efforts to obtain recusal of the Court based on any bias.[8] Moreover, given the Court's inherent authority and discretion under Fed. R. Civ. P. 53 and the careful craftsmanship of the Appointing Order, it is clear the Court is not now, nor would it be in the future, in violation of the Code of Conduct for United States Judges, Canon 3.

Plaintiffs submit these Defendants have waived any right to withdraw their prior consent to *ex parte* communications as presently permitted under the Appointing Order and as established under the Orders and procedures of this Court. This is not the time for the parties, unilaterally or otherwise, to cut off important channels of communication with the Court and Special Masters while lives are at stake and the more than 2,000 plaintiffs  continue to suffer the effects of the opioid epidemic for which remedy is sought in this MDL.  Plaintiffs respectfully submit that the

---

[8] *See* Doc. # 2676, *Opinion and Order* (September 26, 2019) (denying Defendants' Motion to Disqualify).

Court can and should exercise its case management authority and broad discretion to continue to provide appropriate channels for resolution-oriented communications.

                                              Respectfully submitted,

*/s/Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger
