UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*Michelle Frost, et al. v. Endo Health Solutions Inc. et al.*<br>Case No. 1:18-OP-46327 | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**DEFENDANTS'[1] OPPOSITION TO ASHLEY RACHEL DAWN POE'S MOTION TO INTERVENE AS PLAINTIFF AND CLASS REPRESENTATIVE**

The Court has instructed the NAS Plaintiffs in this litigation at least three times that their class certification complaints, including identification of class representatives, needed to be finalized by early October and that further amendments would not be permitted:

- "The Court is cognizant of Plaintiffs' issues with reviewing the incredible volume of discovery produced in this MDL, however, due to the impending Track One trial, no further extensions of time will be granted on this issue."  Order (non-document) (Sept. 17, 2019).

- "[T]he schedule **must** be arranged so that . . . (3) the discovery and briefing are triggered by fulsome complaints that need no further amendment nor additional identification of class representatives.  The Court made this extremely clear in its Order and its comments to the parties in Court."  Email from David Cohen to Emily Ullman (Sep. 28, 2019), attached to the Declaration of E. Ullman ("Ullman Decl.") as Ex. A.

- "The Court further made it very clear that no further extensions of time will be granted on this issue.  Thus, there is no doubt that NAS Plaintiffs request is untimely."  Order (non-document) (Jan. 2, 2020).

---

[1] Several defendants named in this litigation are not subject to personal jurisdiction in this matter. This opposition is filed subject to and without waiving all defenses, including but not limited to lack of personal jurisdiction, failure of service of process, and ineffective service of process.

Nonetheless, nearly five months into the discovery schedule, and while fact and expert discovery are fully underway, Plaintiffs seek to add a new class representative in a motion that is, in substance, yet another motion to amend their complaints.  Plaintiffs' motion is untimely, prejudicial, and should be denied consistent with the Court's previous orders on this subject.

**I.     Background**

This case has now been pending for almost two years.  It was originally filed in May 2018, purportedly by Erin Doyle,[2] birth mother to D.F.  Dkt. 3.  An amended complaint was filed approximately a year later, again ostensibly on behalf of Ms. Doyle.  Dkt. 20.

On July 1, 2019, a group of NAS Plaintiffs represented by counsel listed in this action suggested that they be allowed to further amend their complaints.  MDL Dkt. 1797.  At that time, they asked the Court for leave to serve additional discovery on Defendants, leave to amend their complaints after such discovery, and "leave to move to certify 1-4 putative classes within 45 days" of amending their complaints.  MDL Dkt. 1797-3 at 7.  On July 11, 2019, the Court granted Plaintiffs' motion in part, setting a briefing schedule on a class certification motion that would conclude by October 7, 2019.  MDL Dkt. 1829.  After Plaintiffs made two more requests for extensions to amend their complaints, *see* MDL Dkts. 2489, 2605, the Court gave Plaintiffs an extension until October 7, 2019 but cautioned them that "no further extensions of time will be granted on this issue."  Order (non-document) (Sept. 17, 2019).

Similarly, during the negotiation of the scheduling order for this group of cases, Special Master Cohen noted in an email to the parties that it was "clearly not acceptable" for Plaintiffs to

---

[2] Defendants recently learned during the deposition of Erin Doyle that Ms. Doyle never agreed to participate in this lawsuit.  Rather, attorneys filed the suit on her behalf without her knowledge.  *See* Tr. of the Deposition of Erin Doyle, 119:22-122:24 (Jan. 24, 2020), Ullman Decl. Ex. B.

2

reserve the right to amend their complaints or to add additional class representatives past early October. He continued:

> In any event, the schedule **must** be arranged so that . . . (3) the discovery and briefing are triggered by fulsome complaints that need no further amendment nor additional identification of class representatives. The Court made this extremely clear in its Order and its comments to the parties in Court.
>
> As Judge Polster stated, if plaintiffs cannot agree to a reasonable schedule triggered by early filing of fulsome complaints, they risk summary dismissal of their cases.

Ullman Decl., Ex. A.

Finally, on October 8, 2019,[3] Plaintiffs' counsel filed a 164-page Second Amended Complaint in this case. MDL Dkt. 2745. Erin Doyle was replaced with Michelle Frost, then-legal guardian of D.F., and Stephanie Howell, legal guardian of C.L. *Id.* Plaintiffs' counsel also filed amended complaints in three other related NAS putative class action cases.[4] Plaintiffs in these related cases had likewise originally filed their cases many months or even years earlier and amended their complaints multiple times.

On December 13, 2019, Plaintiffs in the *Salmons* case moved for leave to file a Fourth Amended Class Action Complaint that would drop named plaintiffs Walter and Virginia Salmons and alter various factual allegations, the proposed class definition, and the causes of action brought against Defendants. *See* MDL Dkts. 2986, 2991. The Court denied the request on January 2, 2020, stating as follows:

---

[3] Plaintiffs requested and received one more 24-hour extension, from October 7 to October 8. MDL Dkts. 2718, 2738.

[4] *Jennifer Artz v. Endo Health Solutions Inc., et al.,* Case No. 1:19-OP-45459; *Darren and Elena Flanagan v. McKesson Corp., et al.*, Case No. 1:18-OP-45405; and *Walter and Virginia Salmons, et al. v. McKesson Corp., et al.*, Case No. 1:18-OP-45268. *See* MDL Dkts. 2746, 2747, 2748.

> The Court further made it very clear that no further extensions of time will be granted on this issue. Thus, there is no doubt that NAS Plaintiffs' request is untimely. NAS Plaintiffs do not even attempt to assert that there is good cause for their failure to make these amendments by the Court's deadline, and despite their assertions to the contrary, the Court agrees with Defendants' Opposition . . . that the proposed amendments would prejudice Defendants.

Order (non-document) (Jan. 2, 2020).

Plaintiffs filed their motion for class certification on January 7, 2020. Although the motion was filed in all four cases in which amended complaints were prepared, the motion for the first time stated that Plaintiffs were now seeking to certify classes using putative representatives only from Ohio and California and that they were dropping their Tennessee and West Virginia state-specific claims. MDL Dkt. 3066.

Plaintiffs have not formally dismissed the claims of the *Salmons* plaintiffs, two of whom were putative class representatives, despite their not being part of the class certification motion. Plaintiffs' counsel has voluntarily dismissed the claims of all plaintiffs involved in the Tennessee *Flanagan* case, including the putative class representatives. Case No. 1:18-op-45405, Dkt. 42.

On January 30, 2020, Plaintiffs' counsel informed counsel for McKesson that Plaintiffs intended to dismiss the claim of Ms. Frost (at that point one of two Ohio class representatives). Ullman Decl. ¶ 9. Plaintiffs reversed course one week later and asserted that they would *not* be dismissing Ms. Frost or seeking to withdraw her as a class representative. Email from Marc Dann to David Cohen (Feb. 6, 2020), Ullman Decl. Ex. C. In a separate email later that night, two business days before Ms. Frost and Ms. Howell were scheduled to be deposed, Plaintiffs' counsel then informed Defendants that they would be dismissing Ms. Howell's claim instead. Email from Marc Dann to Emily Ullman (Feb. 6, 2020), Ullman Decl., Ex. D.

4

The current state of affairs with respect to the seven class representatives Plaintiffs identified in October (out of the dozens for whom they have filed complaints) is accordingly as follows:

| Class Representative Name(s) | Complaint (State of Residence) | Current Status of Claims |
|---|---|---|
| Melissa Barnwell | *Artz* (California) | Active |
| Jacqueline and Roman Ramirez | *Artz* (California) | Active |
| Michelle Frost | *Frost* (Ohio) | Active despite a now-withdrawn commitment to dismiss |
| Stephanie Howell | *Frost* (Ohio) | Voluntarily dismissed |
| Anthony Anderson | *Salmons* (West Virginia) | Not part of class certification motion |
| Haden Travis Blankenship | *Salmons* (West Virginia) | Not part of class certification motion |
| Sharon and David Walker | *Flanagan* (Tennessee) | Voluntarily dismissed |

On February 24, 2020, Plaintiffs' counsel filed a motion to intervene on behalf of proposed plaintiff and class representative Ashley Poe.  Mem. in Supp. of Ashley Rachel Dawn Poe's Mot. to Intervene as Pl. and Class Rep. ("Poe Mem."), *Doyle*, No. 1:18-op-46327, Dkt. 32-1.  In that motion, Plaintiffs disclosed for the first time that Ms. Howell had lost custody of C.L. in December and that they had failed to learn of this until late January, presumably in preparation for her imminent deposition.  Poe Mem. at 2-3.

II. **The Court Should Deny Poe's Request to Intervene**

Federal Rule of Civil Procedure 24 does not provide that motions to intervene are granted as a matter of course.  Indeed, "the Court must balance" the factors outlined in Rule 24 "against the public's and the litigants' interest in the expedient resolution of claims" and in doing so "should be wary of intervenors that delay proceedings or unnecessarily increase the complexity and cost of a suit."  *S.H. v. Stickrath*, 251 F.R.D. 293, 297 (S.D. Ohio 2008).  This motion is exactly the sort that should not be allowed.  Allowing Ms. Poe to intervene at the advanced stage

5

of this case would both cause unnecessary delay and needlessly increase the complexity and cost of this case, both of which will prejudice Defendants. Accordingly, analysis of the Rule 24 factors requires denial of the motion.

### A. Poe's Motion to Intervene Is Very Untimely

Whether intervention is sought as of right, under Rule 24(a), or by permission of the court, under Rule 24(b), a motion under Rule 24 must be timely. *NAACP v. New York*, 413 U.S. 345, 365 (1973). In the Sixth Circuit, five factors primarily govern the Court's determination of whether an intervenor's motion is timely:

1. the point to which the suit has progressed;
2. the purpose for which intervention is sought;
3. the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of her interest in the case;
4. the prejudice to the original parties due to the proposed intervenor's failure after she knew or reasonably should have known of her interest in the case to apply promptly for intervention; and
5. the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). On balance these factors weigh against a finding of timeliness:

1. **The point to which the suit has progressed:** This lawsuit has progressed much too far for the proposed intervention as class representative to be timely. Almost two years have passed since this case was originally filed, and nearly five months since Plaintiffs were supposed to identify their class representatives. It has been over four months (of a five-month discovery period) since Plaintiffs were supposed to have produced discovery responses and documents, *see* MDL Dkt. 2738, at 2. Defendants have sought by subpoena the medical records for class representatives and their children and deposed the class representatives. Both sides have worked

6

with their experts, using the known facts of these cases, to produce reports, and Defendants have already deposed all of Plaintiffs' experts.  And Defendants' opposition to class certification is due in less than a month.  Thus, the majority of class certification discovery has been completed, and Defendants have already invested significant resources in analyzing the active class representatives – not to mention the plaintiffs and class representatives whose claims have been dismissed – and crafting their response to the class certification motion around the circumstances of those representatives.

That Plaintiffs now seek to add a new class representative by intervention rather than by amendment is a distinction without a difference.  Just two months ago the Court denied as untimely a motion to amend the *Salmons* complaint, an amendment that included altering the named class representatives.  The Court agreed "that the proposed amendments would prejudice Defendants" and noted that it had previously made it very clear that it would not grant any further extensions of time on this issue.  The same prejudice concerns exist here, and Plaintiffs should not be allowed to subvert the Court's order by adding additional class representatives now that should have been included in prior amended complaints.

2 and 3.  **The purpose for intervention and length of time Poe should have known of her interest in the case:**  Ms. Poe's asserted purpose in seeking intervention is "to maintain a viable class representative" for the putative Ohio class because Stephanie Howell is no longer able to participate as a class representative.  She points to the steps Plaintiffs' counsel took after finding out that Ms. Howell was no longer a class member, including moving promptly for intervention after "find[ing]" Ms. Poe, as "weigh[ing] in favor of timeliness" under *In re Bridgestone Securities Litigation*, 430 F. Supp. 2d 728, 740 (M.D. Tenn. 2006).  Poe Mem. at 6.

7

But unlike in *Bridgestone*, and most of the other cases Ms. Poe cites, Ms. Poe is not an independent third-party intervening on her own accord. *In re Bridgestone Secs. Litig.*, 430 F. Supp. 2d 728, 740 (M.D. Tenn. 2006). Rather, as in *Clarke*, another case Ms. Poe relies on, Ms. Poe is represented by the same counsel representing Plaintiffs across all four related NAS cases and is now being put forth by Plaintiffs' counsel after the failure of another class representative. *Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 380 (W.D. Tenn. 2009). As in *Clark*, Plaintiffs' counsel has "allowed deadline after deadline to pass without filing a motion" to have Ms. Poe or another Ohio plaintiff intervene. *Id.*

Plaintiffs argue that they have only recently identified Ms. Poe and could not have moved to have her intervene any earlier. But that counsel only recently found Ms. Poe does not provide any evidence as to how long *Ms. Poe* knew of her potential claim or interest in this case, which is the inquiry under Rule 24. In fact, the records produced by Plaintiffs demonstrate that Ms. Poe was contacting law firms about a potential NAS claim as early as November 2018. Ullman Decl. Ex. G, P.P. Medical Records-000007.

Moreover, Plaintiffs' counsel have represented a number of Ohio plaintiffs for many months and chose not to identify them in any of the amended complaints they filed or to have them move to intervene at any point. *See, e.g.*, *Collier v. Purdue Pharma, L.P., et al.*, MDL Case No. #1:19-op-45506 (filed 6/17/19) (resident of Cuyahoga, Ohio); *Stewart v. Purdue Pharma, L.P., et al.*, MDL Case No. #1:19-op-45481 (filed 7/26/2019) (resident of Fairborn, Ohio). Thus, Plaintiffs' counsel cannot explain "this refusal to act" at any point in the preceding two years. *Clarke*, 264 F.R.D. at 380.

Furthermore, contrary to Ms. Poe's assertion, Plaintiffs' counsel has not made "maintaining a viable class representative . . . a top priority." First, Plaintiffs' counsel only

8

identified two class representatives for Ohio in their October amended complaint.  Poe Mem. at 10 (citing this as a "strategic decision").  Had Plaintiffs truly prioritized maintaining a viable representative, they could have found and put forward additional candidates in October, including the plaintiffs from Ohio that they already represent.  Second, that Plaintiffs have voluntarily dismissed or are not moving forward with most of the named class representatives across the four related NAS cases demonstrates both the fundamental flaws in Plaintiffs' claims and that Plaintiffs' counsel has failed to properly investigate and manage their putative class representatives.[5]  And third, because Plaintiffs' counsel failed to keep in contact with their client Stephanie Howell, two months passed before they discovered she had fallen outside of their proposed class definition.

    4. **Prejudice to original parties**:  The prejudice Defendants will suffer if Ms. Poe is allowed to intervene is clear.  Defendants will need to dedicate significant time and expense to reviewing Ms. Poe's materials, searching their own records, potentially adjusting their expert reports, which have already been drafted and produced, deposing Ms. Poe and potentially her or her child's medical providers—while simultaneously needing to complete their opposition to class certification.  It is unlikely that finishing this new discovery is even *possible* by Defendants' opposition deadline.

    Ms. Poe attempts to evade this clear prejudice by noting she has "provid[ed] Defendants with a completed and verified Fact Sheet . . . as well as hundreds of pages of relevant medical and other records concerning Poe and Child P.P.R.P."  Poe Mem. at 7.  Unsurprisingly—and

---

[5] Indeed, Ms. Poe, like Ms. Howell, may also fall outside the proposed class definition. Defendants note that the few records Plaintiffs have provided for Ms. Poe indicate she and P.P.R.P. may live or have lived sporadically in both Ohio and Washington, where P.P.R.P.'s father resides.  Thus, it is unclear whether Ms. Poe is, in fact, the legal guardian of an Ohio resident or if she will remain so.

consistent with the corresponding documents Plaintiffs have produced for the other class representatives—Ms. Poe's Fact Sheet is missing basic information and the provided medical records are incomplete. ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

Moreover, although Ms. Poe has produced 228 pages of records, there are significant records that are still missing. ███████████████████████████

███████████████████████████████████████

██████████████████████████ Ms. Poe's written responses to purported interrogatories[6] also note that medical records containing information about P.P.R.P.'s alleged injuries "have been requested but not received." Ans. to Interrogatories, Ullman Decl. Ex. F, at 9. Accordingly, Defendants will not only need to review the medical records that Plaintiffs have provided, but also subpoena additional records from Ms. Poe and P.P.R.P.'s medical providers, a

---

[6] That Plaintiffs have chosen to make up their own interrogatories and respond to them is in itself not evidence of compliance with discovery obligations. Defendants have not served any interrogatories on Ms. Poe and, while some of the information that they would seek presumably overlaps with what answers Plaintiffs have chosen to provide, this is hardly equivalent to allowing *Defendants* to conduct appropriate discovery. Furthermore, these responses, like the Fact Sheet, have meaningful gaps. ████████████████████████████████

████████████████████████████████████████████████████████

time-consuming process. These material omissions will prejudice Defendants' ability to timely strategize and defend their case now while preparing their opposition to class certification.

Even more troublingly, some of the information on Ms. Poe's Fact Sheet conflicts directly with Ms. Poe's medical records. ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████ Each of these issues will need to be explored by additional medical records collection and deposition, which will unnecessarily exhaust considerable time and resources.

In sum, the addition of Ms. Poe to this case will require extensive, expensive additional discovery by Defendants and will certainly delay the schedule imposed by the Court for completion of the class certification process. What Plaintiffs have provided in the way of discovery about Ms. Poe so far is only the tip of the iceberg.

5. **Existence of unusual circumstances**: Finally, counsel's repeated dismissal of class representatives after Defendants have invested money and time into discovery related to them is an unusual circumstance militating against intervention. Rule 24 was not designed to give putative class counsel infinite opportunities to find an adequate class representative. This point is especially salient in this case. Plaintiffs' voluntary dismissal of Ms. Howell's claim on the eve of her deposition demonstrates that legal guardianship over a child diagnosed with NAS, one of the prerequisites to class membership, can be an open and evolving question. Plaintiffs cannot be allowed to use Rule 24 to vet and replace class representatives who do not satisfy their self-described qualifications for class membership.

11

\* \* \*

Given that Ms. Poe's motion to intervene is untimely based on these five factors, the Court should stop its analysis here. For the sake of completeness, however, Defendants demonstrate below that Ms. Poe does not meet the additional criteria necessary for intervention under either Rule 24(a) or 24(b).

**B. Poe Is Not Entitled to Intervene Under Rule 24(a)**

To intervene under Rule 24(a), an intervenor must satisfy *all four factors* of the Sixth Circuit's four factor test. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000); *see also Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir. 1989) ( "Failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied.") In addition to (1) timeliness, the intervenor also has the burden to show: "(2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Ms. Poe has failed to meet the third or fourth requirements of this test.

Ms. Poe's motion to intervene under Rule 24(a) is premised on her assertion that she has an interest in the certification of the putative Ohio class, and "with only one [Ohio] representative remaining"—Michelle Frost—"the chances of success for class certification . . . are now diminished." Poe Mem. at 10. But, as noted above, Plaintiffs have failed to articulate why Michelle Frost will not adequately represent the class beyond saying Frost "will be subject to attack by Defendants." *Id.* It is expected that class representatives in all class actions will be "subject to attack" for lack of adequacy; accordingly, this assertion cannot justify intervention and Poe has not cited any legal authority to the contrary. Moreover, Ms. Poe can expect that her interests will be adequately represented considering her "own attorney will take part in

12

prosecuting" this class action. *See Gabriel v. Standard Fruit & S. S. Co.*, 448 F.2d 724, 726 (5th Cir. 1971) (intervenors "failed to prove that representation of their interests [was] inadequate since their own attorney" who represented multiple other plaintiffs in the case, was to "take part in prosecuting" the class action). For all these reasons, the Court should deny Ms. Poe's motion to intervene under Rule 24(a).

### C. Poe May Not Permissively Intervene Under Rule 24(b)

"To intervene permissively" under Rule 24(b), "a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

Again, as explained at length above, Ms. Poe's motion is not timely, it is unduly delayed, and it is prejudicial. For all of the reasons set forth in Section II.A, the motion should be denied.

### III. Conclusion

For all the reasons set forth above, the Court should deny Ms. Poe's motion to intervene under both Rule 24(a) and 24(b).

DATED:  March 3, 2020

*/s/ Mark H. Lynch*
Geoffrey E. Hobart
Mark H. Lynch
Emily S. Ullman
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001
Tel: (202) 662-5281
ghobart@cov.com
eullman@cov.com
*Counsel for McKesson Corporation*

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
*Counsel for AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation*

*/s/ Enu Mainigi*
WILLIAMS & CONNOLLY LLP
Enu A. Mainigi
Steven M. Pyser
Ashley W. Hardin
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

Respectfully submitted,

*/s/ Tina M. Tabacchi*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

*/s/ Charles C. Lifland*
Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
clifland@omm.com

*Attorneys for Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*


/*s/ James W. Matthews*
James W. Matthews
Katy E. Koski
Graham D. Welch
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel:     617.342.4000
Fax:    617.342.4001
Email:  jmatthews@foley.com
           kkoski@foley.com
           gwelch@foley.com

*Counsel for Defendants Anda, Inc. and
       Anda Pharmaceuticals, Inc.*

14

/*s/ Angela R. Vicari*
Andrew Solow
Angela R. Vicari
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th St.
New York, NY 10019
Telephone: (212) 836-7408
Facsimile: (212) 836-6495
andrew.solow@arnoldporter.com
angela.vicari@arnoldporter.com

Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
Jonathan.Stern@arnoldporter.com

Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44 Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
sean.morris@arnoldporter.com

*Counsel for Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.*

/*s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Katherine M. Swift
Sharon Desh
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

/*s/ John J. Haggerty*            .
John J. Haggerty
FOX ROTHSCHILD LLP
2700 Kelly Road, Suite 300
Warrington, PA 18976-3624
Tel.: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com

*Counsel for Prescription Supply Inc.*

15

*/s/ John P. Lavelle, Jr. (consent)*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid Corp. and Rite Aid of Maryland, Inc.*

*/s/ Robert M. Barnes*
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
Matthew R. Mazgaj
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com
Email: mazgaj@marcus-shapira.com

*Attorneys for HBC Service Company*

*/s/ Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com
*Attorney for Defendants Allergan plc (appearing specially), Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan, Inc., Allergan Sales, LLC, and Allergan USA, Inc.*

*/s/ William E. Padgett*
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel:    (317) 236-1313
Fax:    (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith, LLC, f/k/a. H. D. Smith Wholesale Drug Co.; H. D. Smith Holdings, LLC and H. D. Smith Holding Company*

16

/s/ Terry M. Henry
Terry M. Henry, Esquire
Melanie S. Carter, Esquire
Justina L. Byers, Esquire
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Tel.:  (215) 569-5644
Fax:  (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com
Byers@blankrome.com

*Attorneys for Defendants,*
*Teva Pharmaceutical Industries Ltd.,*
*Teva Pharmaceuticals USA, Inc.,*
*Cephalon, Inc.; Watson Laboratories, Inc.,*
*Actavis LLC and Actavis Pharma, Inc.*
*f/k/a Watson Pharma, Inc.*

/s/ Daniel G. Jarcho
Daniel G. Jarcho*
D.C. Bar No. 391837
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Tel: (202) 239-3254
Fax: (202) 239-333
Email: daniel.jarcho@alston.com

Cari K. Dawson*
Georgia Bar No. 213490
Jenny A. Hergenrother*
Georgia Bar No. 447183
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
Email: cari.dawson@alston.com
jenny.hergenrother@alston.com

*Counsel for Noramco, Inc.*

/s/   Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Health Corporation;*
*CVS Rx Services, Inc.; CVS Indiana, LLC*

/s/ Andrew J. O'Connor
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199-3600
Tel: (617) 235-4650
Brien.OConnor@ropesgray.com
Andrew.OConnor@ropesgray.com

*Counsel for Mallinckrodt LLC, SpecGx LLC,*
*and specially appearing for Mallinckrodt plc*

17

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2020, a true and accurate copy of the foregoing was furnished by electronic mail to the following counsel of record:

Marc E. Dann (0039425)
Emily C. White (0085662)
Whitney E. Kaster (0091540)
Dann Law
2728 Euclid Avenue, Suite 300
Cleveland, OH 44115
(216) 373-0539
notices@dannlaw.com

Thomas E. Bilek
Kelly Cox Bilek
THE BILEK LAW FIRM, L.L.P.
700 Louisiana, Suite 3950
Houston, TX 77002
(713) 227-7720
tbilek@bileklaw.com
kbilek@bileklaw.com

Celeste Brustowicz
Stephen Wussow
COOPER LAW FIRM
1525 Religious Street
New Orleans, LA 70130
Telephone: 504-399-0009
Facsimile: 504-309-6989
Email:cbrustowicz@sch-llc.com

Scott R. Bickford
Spencer R. Doody
MARTZELL, BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, LA 70130
Telephone: 504-581-9065
Facsimile: 504-581-7635
Email: srb@mbfirm.com

/s/*Mark H. Lynch*
Mark H. Lynch