

March 13, 2020

Honorable Dan Aaron Polster
Carl B. Stokes United States Courthouse
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837
dan_polster@ohnd.uscourts.gov

*Via Electronic Mail*

RE: Plaintiffs' Executive Committee Revised Proposed Corrected Order Establishing Common Benefit Fund, Doc # 3212-1.

Dear Judge Polster:

      As the co-sponsors of the February 24, 2020 letter from the National Association of Attorneys General ("NAAG"), we respond briefly to the revisions in the proposed common benefit fund order filed by the Plaintiffs' Executive Committee ("PEC") on March 7. We continue to oppose the motion.

      In response to NAAG's letter, the PEC submitted a revised proposed order that exempts all "cases or proceedings brought by the Attorneys General to assert State claims in any jurisdiction" and any "judgement or settlement in a State Attorney General action that resolves or satisfies that State's own claims." Doc # 3212-1 ¶¶ 1, 2(c), at 5, 7. The revised proposed order also now specifies that "nothing in this Order changes the provisions of this Court's earlier Orders, and the Sharing Agreements filed in this Court, that provided access to Attorneys General of MDL documents and work product, including ARCOS data, without subjecting them to a common benefit assessment as a result. . . . Nor is this Order an attempted exercise of jurisdiction over the Attorneys General." *Id*. at 2-3 n.1. We welcome both of these revisions.

      However, a new provision in the revised proposed order will effectively undo the stated exemption and disclaimer of jurisdiction. Specifically, the proposed order now provides that "[i]f a settlement includes funding for abatement that is shared among parties, including state Attorneys General, not subject to this Order, the parties participating in directing the fund shall agree on a method for determining what part of that fund will be subject to common benefit fees and costs. To the extent that no agreement can be reached, this Court will determine a fair assessment subject to this Order, pursuant to notice and an opportunity for the parties to be heard." *Id*. ¶ 4(d), at 11. The proposed order provides no criteria by which this Court would

establish the "fair assessment." Moreover, this Court would apparently be able to set an assessment contrary to an explicit term of a settlement agreement specifying the portion of the shared abatement fund subject to common benefit fund assessment, so long as any of "the parties participating in directing the fund" voiced disagreement with the term.[1]

By proposing that this Court serve as the arbitrator of any dispute between states and their constituent local governments over the portion of a shared abatement fund that is subject to common benefit fund assessment, the proposed order continues to assert erroneous jurisdiction to impose a common benefit fund assessment against State Attorneys General. For the reasons detailed in NAAG's February 24 letter, this exceeds an MDL court's permissible jurisdiction. *See In re Genetically Modified Rice Litig.*, 764 F.3d 864, 874 (8th Cir. 2014); *In re Showa Denko K.K. L.-Tryptophan Prods. Liability Litig.-II*, 953 F.2d 162, 165-66 (4th Cir. 1992); *Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir. 1976). It also raises profound federalism concerns in attempting to dictate the terms of negotiation between states and their subdivisions. *See, e.g.*, *City of Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424, 437 (2002); *Cmty. Commc'ns Co. v. City of Boulder*, 455 U.S. 40, 53-54 (1982). By creating a unilateral mechanism of appeal to this Court, the proposed order also harms efforts to reach a global settlement by enabling any dissenter to seek to undo a global settlement agreement's provision on fees.

In addition to this troubling new provision, the revised proposed order potentially continues to assert jurisdiction against an impermissibly broad swath of state court litigants. Although the revisions did remove the inappropriate effort to automatically sweep in all potential members of the Negotiation Class, it continues have a potentially overbroad inclusion of "any and all plaintiffs' attorneys and their clients in non-Attorney General cases who have relied upon, used, accepted, or have had access to MDL generated work product whether with the express approval of the PEC or not." This language appears potentially to cover any attorney representing a local government who has ever read any public filing made by the plaintiffs in the MDL. But it would raise substantial constitutional issues to tax a local government because its lawyer took advantage of her or his First Amendment right to access court filings. *See, e.g., Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) ("[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." (internal quotation marks omitted)).

Finally, the revised proposed order does not address several of the concerns raised in NAAG's February 24 letter. These include its hindrance of valuable settlement options with cash-poor companies that can provide free addiction treatment medication and its failure to require the reallocation of the attorneys' fees for MDL parties in a way that holds the clients harmless and ensures that attorneys' fees owed via contingency fee contracts are reduced by the common benefit assessment.

---

[1] The proposed order provides no detail on who falls within the definition of "parties participating in directing the fund." Arguably, this could include every local government in the United States (and every lawyer who represents any of those governments).

Accordingly, the PEC's revisions to the proposed common benefit fund order are insufficient to change our opposition to the motion for the reasons detailed in NAAG's February 24 letter. We and our colleagues continue to stand ready to work with the PEC and this Court to find a fair solution to this issue.

Respectfully submitted,

Josh Stein
North Carolina Attorney General

Ken Paxton
Texas Attorney General

Cc:
Helen Norton, Judicial Assistant
Helen_Norton@ohnd.uscourts.gov

Katherine King, Deputy Clerk
Katherine_King@ohnd.uscourts.gov