# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>ALL CASES | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO THE PEC'S AMENDED MOTION FOR ENTRY OF ORDER ESTABLISHING COMMON BENEFIT FUND

The PEC does not dispute that its original "common benefit" proposal was without legal basis.[1] Its follow-on proposal is likewise flawed. In the Revised Proposed Corrected Order (Dkt. No. 3212-1), the PEC still demands a slice of virtually every opioid-related resolution across the country—regardless of whether a plaintiff has filed a case, the court in which its opioid-related claims may be pending, or the structure of the settlement at issue. As Defendants have explained, this Court has no jurisdiction over cases or negotiations outside of the MDL. The bar is absolute, and the PEC cites no persuasive authority to the contrary.

In addition to MDL cases, the PEC seeks to impose fees wherever a non-State plaintiff or its counsel "had access to MDL generated work product." RPCO ¶ 1. The new proposal expressly covers "state court cases and/or tolled or unfiled claims." *Id.* On its face, that catch-all provision applies to the potential claims of thousands of political subdivisions and private

---

[1] In the Revised Proposed Corrected Order, the PEC no longer cites the purported "negotiation class" as a basis for imposing common-benefit fees. It also claims to have abandoned the unprecedented demand that Defendants "self-fund" the 7% assessment. *See* Reply at 2 (revised proposal imposes no "obligations on Defendants different from those imposed by 'hold back' orders in other MDLs"). However, the new proposal still purports to require "every settling Defendant" to withhold the 7% assessment "or, in the alternative, to self-fund an additional equivalent amount." RPCO ¶ 2(c). As Defendants have shown (Opp. 9-11), that is an illegal demand even as to cases pending in the MDL and also greatly complicates efforts to achieve a global resolution.

litigants that have not joined the MDL or even sued at all.  Such a broad and uncertain assessment would seriously jeopardize ongoing settlement negotiations.

There is no legal or equitable basis for the PEC's revised proposal.  As Defendants have shown, this Court has no jurisdiction over "cases not before it."  *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 874 (8th Cir. 2014); *accord In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig.-II*, 953 F.2d 162, 165-66 (4th Cir. 1992) (common-benefit authority limited to "cases transferred"); *Hartland* v. *Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir. 1976) (court "had not even a semblance of jurisdiction" to order non-parties to contribute to common-benefit fund); *see also* Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3866 (4th ed.) (authority to impose common-benefit fees "does not extend to parties or attorneys involved in related state court proceedings, un-transferred federal cases, or unfiled claims").  Nor does personal jurisdiction over a party create subject matter jurisdiction over claims pending in other courts, or in no court at all.  *See Toth* v. *United Auto. Aerospace & Agr. Implement Workers of Am. UAW*, 743 F.2d 398, 405-07 (6th Cir. 1984).

The PEC attempts to distinguish these authorities by claiming that this Court "is actively supervising and protecting" the ARCOS data, which the PEC calls a "*res*."  Reply at 7-8.  That makes no sense.  This MDL is not an *in rem* action and the ARCOS data is not a "*res*."  It is simply *evidence*.  The Court is not "supervising" or "protecting" the ARCOS data any differently than other evidence produced under a protective order.[2]  Production of materials subject to a protective order obviously does not create *in rem* jurisdiction or transform evidence into a "*res*."  Otherwise, every court in this country would have boundless jurisdiction arising from mountains

---

2      This case is thus nothing like the trust cases cited by the PEC (Reply at 8), where the underlying dispute concerned distribution of property under the court's control.  *See Trustees* v. *Greenough*, 105 U.S. 527, 527 (1881) ("The question i[n] this case is one of costs, expenses, and allowances awarded to the complainant below *out of a trust fund under the control of the court*.") (emphasis added); *see also Sprague* v. *Ticonic Nat'l Bank*, 307 US. 161, 163 (1938) (action "to impress upon the proceeds of the bonds a lien for [petitioner's] trust deposit").

2

of evidence, and the ongoing use of ARCOS data in other courts would already be "an inherent threat to [this] court's jurisdiction." *Gau Shan Co.* v. *Bankers Tr. Co.*, 956 F.2d 1349, 1356 (6th Cir. 1992).³

Moreover, in seeking to tax "MDL discovery beneficiaries," the PEC relies exclusively on *Deepwater Horizon*—an unreported decision from the Eastern District of Louisiana—and the cases cited therein. *See* Reply at 6-9. But *Deepwater Horizon* is simply wrong. No. 10-2771, 2011 WL 6817982, at *5 (E.D. La. Dec. 28, 2011). In that case, the MDL court disregarded the Eighth Circuit's analysis in *Rice*, the Fourth Circuit's analysis in *Showa Denko*, and the Ninth Circuit's analysis in *Hartland*. *Id.* Instead, it assessed fees in state court cases to spare plaintiffs' counsel the "dubious burden of utilizing [the] PSC's work product exclusively in federal court cases and not in the state court litigation." *Id.* (quoting *In re Latex Gloves Prods. Liab. Litig.*, 2003 U.S. Dist. Lexis 18118 (E.D. Pa. Sep. 5, 2003)). As other courts have squarely held, "reaching [that] result" is "not allowed by the law." *In re Genetically Modified Rice Litig.*, No. 4:06-md-1811, 2010 WL 716190, at *5 (E.D. Mo. Feb. 24, 2010), *aff'd*, 764 F.3d 864. "[E]quity is insufficient to overcome limitations on federal jurisdiction," even when "*all* . . . plaintiffs, including those in state court, ha[ve] benefited substantially from the work of Lead Counsel." *Id.* at 866, 874.⁴

---

³ Even the PEC is not "protecting" the ARCOS data. Within minutes of the issuance of the mandate vacating the ARCOS protective order, the PEC provided the ARCOS database to the Washington Post, which now maintains an online tool that enables anyone to explore the ARCOS data.

⁴ In any event, the cases cited by the *Deepwater Horizon* court do not support its holding. In *Latex Gloves*, an unreported trial court memorandum, the court only imposed common-benefit fees on state-court plaintiffs' counsel who "accessed materials in the depository" if counsel *also* "agreed to be subject to" the MDL common benefit order. 2003 U.S. Dist. Lexis 18118, at *2 n.2. Furthermore, unlike here, "[n]o objections to [the common benefit order] were made at the time of entry." *Id.* at *1. There were likewise no objections to the unreported common benefit order in *In re Fosamax Prods. Liab. Litig.*, also cited by the *Deepwater Horizon* court. No. 1:06-md-1789 (S.D.N.Y. 2011), ECF No. 1012 at 1 ("The order is presented by the Plaintiffs Steering Committee without opposition from Defendant.").

3

Further, the PEC's revised proposal continues to violate principles of comity and federalism. *See* Opp. 11-13.  The PEC's insistence that the Revised Order does not "constitute an attempted exercise of the Court's jurisdiction over" State Attorneys General is belied by its text, which provides for this Court to resolve controversies over assessments against "funding for abatement that is shared among parties, including state Attorneys General."  Reply at 1; RPCO ¶ 4(d).  The proposed order also requires that, in order to depart "from the holdback obligations," "*all* parties to a future settlement" show "exceptional circumstances" and "submit affidavits thereon and request appropriate relief from this Court."  RPCO ¶ 4(e) (emphasis added).  And, under the proposed order, "[a]ny disputes or requests for relief from or modification of this Order will be decided by this Court."  *Id.* ¶ 4(f).  These provisions expressly or implicitly contemplate subjecting State Attorneys General and localities with cases pending in state court — or that have not sued at all — to this Court's rulings.  Federalism therefore remains an additional bar to the PEC's efforts to reach non-MDL state cases to garner even larger fees.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' Opposition, the PEC's motion should be denied.

Dated:  March 16, 2020
        New York, NY                          Respectfully submitted,

<u>Mark H. Lynch</u>                          <u>Elaine Golin</u>
Geoffrey E. Hobart                           Elaine Golin
Mark H. Lynch                                Kevin M. Jonke
Sonya D. Winner                              51 W. 52nd Street
Christian J. Pistilli                        WACHTELL, LIPTON, ROSEN & KATZ
COVINGTON & BURLING LLP                      New York, NY 10019
One CityCenter                               Tel.:  (212) 403-1000
850 Tenth Street, NW                         Fax:  (212) 403-2000
Washington, DC  20001                        EPGolin@wlrk.com
Tel.:  (202) 662-5281                        KMJonke@wlrk.com
ghobart@cov.com
mlynch@cov.com                               Enu Mainigi
swinner@cov.com                              F. Lane Heard
cpistilli@cov.com                            Steven M. Pyser
                                             Ashley W. Hardin
*Counsel for McKesson Corporation*           WILLIAMS & CONNOLLY LLP
                                             725 Twelfth Street, N.W.
<u>Robert A. Nicholas</u>                    Washington, DC 20005
Robert A. Nicholas                           Tel.:  (202) 434-5000
Shannon E. McClure                           Fax:  (202) 434-5029
REED SMITH LLP                               emainigi@wc.com
Three Logan Square                           lheard@wc.com
1717 Arch Street, Suite 3100                 spyser@wc.com
Philadelphia, PA 19103                       ahardin@wc.com
Tel.:  (215) 851-8100
Fax:  (215) 851-1420                         *Counsel for Cardinal Health, Inc. and*
rnicholas@reedsmith.com                      *Cardinal Health 110, LLC*
smcclure@reedsmith.com
                                             <u>Charles C. Lifland</u>
*Counsel for AmerisourceBergen Drug*         Charles C. Lifland
*Corporation and AmerisourceBergen*          Sabrina H. Strong
*Corporation.*                               O'MELVENY & MYERS LLP
                                             400 South Hope Street
                                             Los Angeles, CA 90071
                                             Tel.:  (213) 430-6000
                                             clifland@omm.com
                                             sstrong@omm.com

                                             *Counsel for Johnson & Johnson; Janssen*
                                             *Pharmaceuticals, Inc.; Ortho-McNeil-*
                                             *Janssen Pharmaceuticals, Inc. n/k/a Janssen*
                                             *Pharmaceuticals, Inc.; and Janssen*

*Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

*James W. Matthews*
James W. Matthews
Katy E. Koski
Ana M. Francisco
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel.: (617) 342-4000
Fax: (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
afrancisco@foley.com

*Counsel for Anda, Inc.*

*Timothy D. Johnson*
Timothy D. Johnson (OH No. 0006686)
CAVITCH, FAMILO & DURKIN CO. LPA
1300 East Ninth Street – 20th Floor
Cleveland, Ohio 44114
Tel.: (216) 621-7860
Fax: (216) 621-3415
tjohnson@cavitch.com

*Counsel for Discount Drug Mart, Inc.*

*Eric W. Sitarchuk*
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel.: (215) 963-5000
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

*Counsel for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., and f/k/a Watson Laboratories, Inc.-Florida*

*Daniel G. Jarcho*
Daniel G. Jarcho (D.C. Bar No. 391837)
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Tel.: (202) 239-3254
daniel.jarcho@alston.com

Cari K. Dawson (GA Bar No. 213490)
Jenny A. Hergenrother
GA Bar No. 447183
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel.: (404) 881-7000
cari.dawson@alston.com
jenny.hergenrother@alston.com

*Counsel for Noramco, Inc.*

*John P. McDonald*
John P. McDonald
C. Scott Jones
Lauren M. Fincher
Brandan J. Montminy
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel.: (214) 740-8000
Fax: (214) 756-8758
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Counsel for Henry Schein, Inc. and Henry Schein Medical Systems, Inc.*

*John J. Haggerty*
John J. Haggerty
FOX ROTHSCHILD LLP
2700 Kelly Road, Suite 300
Warrington, PA 18976-3624
Tel.: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com

*Counsel for Prescription Supply Inc.*

*Jonathan L. Stern*
Jonathan L. Stern
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel.: (202) 942-5000
Jonathan.Stern@arnoldporter.com

*Counsel for Endo Health Solutions Inc.,
Endo Pharmaceuticals Inc., Par
Pharmaceutical, Inc., and Par
Pharmaceutical Companies, Inc.*

*William E. Padgett*
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel.: (317) 236-1313
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for H. D. Smith, LLC, f/k/a H. D.
Smith Wholesale Drug Co.*