UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re NATIONAL PRESCRIPTION OPIATE LITIGATION | No. 1:17-md-2804 |
| | Judge Dan A. Polster |
| This Document Relates To: | |
| TRACK ONE CASES. | |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE
SUR-REPLY IN OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR ENTRY OF ORDER ESTABLISHING COMMON BENEFIT

In their motion (ECF No. 3228), Defendants[1] contend that a sur-reply in opposition to Plaintiffs' reply in support of motion for entry of order establishing common benefit is warranted because: (i) Plaintiffs' reply (ECF No. 3212) is three times the length of their opening brief; (ii) Plaintiffs attach a Revised Proposed Corrected Order Establishing Common Benefit Fund; and (iii) the reply raises new arguments. These assertions are incorrect. **First**, Plaintiffs filed a mere 14-page reply in response to over 90 pages of oppositions, collectively responding to the main arguments they raised and clarifying any misunderstandings about the proposed order. Defendants cannot

---

[1] The motion was submitted by the following defendants: AmerisourceBergen Corporation; AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; Cardinal Health 110, LLC; McKesson Corporation; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Anda, Inc.; Actavis Elizabeth LLC; Actavis Laboratories FL, Inc., and f/k/a Watson Laboratories, Inc.-Florida; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis LLC; Actavis Mid Atlantic LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Cephalon, Inc.; Discount Drug Mart, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Co.; Henry Schein, Inc.; Henry Schein Medical Systems, Inc.; Noramco, Inc.; Prescription Supply Inc.; Teva Pharmaceuticals USA, Inc.; Warner Chilcott Company, LLC; and Watson Laboratories, Inc.

credibly argue that such length was unreasonable.  **Second**, while Plaintiffs did attach a revised proposed order, such revisions were only made to address the concerns raised in the oppositions and to clarify any misunderstandings.  **Third**, in their reply, Plaintiffs responded to the arguments raised in the objections; they did not offer new arguments.  "This is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797-98 (W.D. Tenn. 2012).  In their sur-reply, Defendants cite no new arguments, instead reiterating their own and acknowledging that Plaintiffs sought to distinguish the cases they cited.  *See, e.g.,* ECF No. 3228-1 at 1-2.

Even the case they cite in support of their motion acknowledges that "'[s]ur-replies are permitted **only in rare cases** where a movant improperly raises new arguments in a reply.'" *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010) (internal citation omitted; emphasis added).  Indeed, "[t]he local rules of this District do not provide for the filing of sur-replies," and "[a] party's mere desire to make new arguments, rather than respond to new arguments improperly raised in a reply, is not a valid reason for the court to grant leave to file a sur-reply." *Chartis Specialty Ins. Co. v. Lubrizol Corp.*, No. 1:11 CV 369, 2013 WL 12130642, at *4 (N.D. Ohio Mar. 29, 2013).  "As many courts have noted, '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found.*, 875 F. Supp. 2d at 797 (internal citation omitted).

Defendants offer no valid reason why their motion for leave to file sur-reply should be granted.  Should any further briefing be warranted on any particular issue, such order should come from this Court.

Dated:  March 17, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/*Paul J. Hanly, Jr.*
　　　　　　　　　　　　　　　　　　　　　　Paul J. Hanly, Jr.
　　　　　　　　　　　　　　　　　　　　　　SIMMONS HANLY CONROY
　　　　　　　　　　　　　　　　　　　　　　112 Madison Avenue, 7th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　　　　　　　　(212) 784-6400
　　　　　　　　　　　　　　　　　　　　　　(212) 213-5949 (fax)
　　　　　　　　　　　　　　　　　　　　　　phanly@simmonsfirm.com

　　　　　　　　　　　　　　　　　　　　　　Joseph F. Rice
　　　　　　　　　　　　　　　　　　　　　　MOTLEY RICE LLC
　　　　　　　　　　　　　　　　　　　　　　28 Bridgeside Blvd.
　　　　　　　　　　　　　　　　　　　　　　Mt. Pleasant, SC  29464
　　　　　　　　　　　　　　　　　　　　　　(843) 216-9000
　　　　　　　　　　　　　　　　　　　　　　(843) 216-9290 (Fax)
　　　　　　　　　　　　　　　　　　　　　　jrice@motleyrice.com

　　　　　　　　　　　　　　　　　　　　　　Paul T. Farrell, Jr., Esq.
　　　　　　　　　　　　　　　　　　　　　　FARRELL LAW
　　　　　　　　　　　　　　　　　　　　　　422 Ninth Street
　　　　　　　　　　　　　　　　　　　　　　Huntington, WV 25701
　　　　　　　　　　　　　　　　　　　　　　(304) 654-8281
　　　　　　　　　　　　　　　　　　　　　　paul@farrell.law

　　　　　　　　　　　　　　　　　　　　　　*Plaintiffs' Co-Lead Counsel*

　　　　　　　　　　　　　　　　　　　　　　Peter H. Weinberger (0022076)
　　　　　　　　　　　　　　　　　　　　　　SPANGENBERG SHIBLEY & LIBER
　　　　　　　　　　　　　　　　　　　　　　1001 Lakeside Avenue East, Suite 1700
　　　　　　　　　　　　　　　　　　　　　　Cleveland, OH  44114
　　　　　　　　　　　　　　　　　　　　　　(216) 696-3232
　　　　　　　　　　　　　　　　　　　　　　(216) 696-3924 (Fax)
　　　　　　　　　　　　　　　　　　　　　　pweinberger@spanglaw.com

　　　　　　　　　　　　　　　　　　　　　　*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

　　　　I hereby certify that on March 17, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　　*/s/Peter H. Weinberger*
　　　　　　　　　　　　　　　　　　　　　　Peter H. Weinberger