**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| | ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | |
| | ) | Judge Dan Aaron Polster |
| *Track One-B cases* | ) ) | **TRACK ONE-B** |
| | ) | **CIVIL JURY TRIAL ORDER** |

On February 17, 2020, Special Master Cohen issued an Order Regarding Case Management, which sets forth discovery and pre-trial deadlines for Track One-B. Doc. #: 3175. This Order amended two previously-issued Case Management Orders setting forth pre-trial deadlines and a trial date of **November 9, 2020**. *See* Doc. ##: 2940, 3116. The Court now supplements the foregoing orders with the following:

### I. FINAL PRETRIAL CONFERENCE

The Court has scheduled a Final Pretrial Conference in the consolidated cases beginning at **12:00 p.m. on Monday, November 2**. Pursuant to Local Rule 16.3(e), the parties and lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions, witness and exhibits lists, scheduling, and settlement. Counsel must confer with their clients and with each other regarding their final settlement posture no later than two (2) business days before the Final Pretrial Conference.

### II. TRIAL

The consolidated cases are scheduled for a Jury Trial beginning at **9:00 a.m. on Monday, November 9, 2020**, in the courtroom of the Honorable Dan A. Polster, Courtroom 18B of the Carl B. Stokes United States District Courthouse, 801 W. Superior Ave., Cleveland, Ohio. Opening statements and the presentation of evidence will begin at **9:00 a.m. on Monday, November 9, 2020**, and will conclude with closing arguments and final jury instructions no later than **5:30 p.m. on Monday, December 14, 2020**, with jury deliberations to follow. Trial will be not be conducted **November 25-27, 2020**.

Trial days begin at 9:00 a.m. and continue until approximately 5:30 p.m., unless circumstances dictate otherwise, and will include a one (1) hour lunch break and two (2) fifteen minute breaks in the morning and afternoon. Counsel shall be present in the courtroom at 8:30 a.m. on trial days in order to address matters outside the presence of the jury. All parties are to be present in the courtroom at all times when the jury is seated.

Plaintiffs and defendants will split trial time 50/50. This amounts to about 75 hours of time for presentation of evidence for each side (not including voir dire, opening statements, or closing arguments). The Court will keep a "chess clock" and tell parties what their time count is at the end of each day.

   a. **Jury Selection**

      1. **Jury Questionnaire Form**

The Court **DIRECTS** trial counsel to meet, confer, reach agreement, and email to Special Master Cohen **no later than noon on Wednesday, September 2, 2020**, a reasonably concise Jury Questionnaire. Special Master Cohen will resolve any issues the parties cannot agree on. Trial counsel shall take into consideration the questions on the Jury Department's form questionnaire,

located at https://www.ohnd.uscourts.gov/sites/ohnd/files/CivilRules_AppendixC.pdf, and also the Jury Questionnaire used by the Court for the Track One-A trial.

Approximately four (4) weeks before trial, the Jury Department will mail to prospective jurors the Jury Questionnaire prepared by trial counsel that prospective jurors can complete online or in hard copy. The completed questionnaires will be distributed to trial counsel no later than **October 23, 2020**. The Court will meet with trial counsel on **Friday, October 30, 2020 at 12:00pm** to review questionnaire responses and begin narrowing the jury pool.

## 2. Jury Selection Process and Deliberation

The Court expects to conduct jury *voir dire* the week preceding trial–beginning at **9:00 a.m. on November 4, 2020 and continuing through no later than 5:30 p.m. on Friday, November 6, 2020**. The Court expects to *voir dire* approximately 50 prospective jurors each day until such time as the parties agree on 12 jurors. Any juror remaining on the panel at the conclusion of the trial will participate in deliberations.

### b. Trial Documents

#### 1. Joint Preliminary Statement

Trial counsel must meet, confer, and prepare a single Joint Preliminary Statement (not to exceed two pages, double-spaced) describing the case in an impartial, easily understood, and concise manner for use by the Court at the outset of its *voir dire* and at the time the jury is impaneled. This statement will set the context of the trial for the jury and must be emailed to chambers no later than **noon on Wednesday, October 14, 2020**.

#### 2. Stipulations of Fact

Given the length and complexities of the trial, trial counsel need to work together to prepare written stipulations as to all uncontested facts to be presented at trial. Stipulations must be filed

3

with the Court no later than **noon on Wednesday, October 14, 2020**. A signed copy of the stipulations must be submitted to the Court at the Final Pretrial Conference.

### 3. *Voir Dire*

The Court will conduct initial *voir dire* of the venire and of individual venire members. The Court will thereafter allow one counsel for each party to question the venire briefly on issues not addressed by the Court. Plaintiffs collectively and Defendants collectively (2 total documents) shall file proposed questions for the Court's *voir dire* no later than **noon on Wednesday, October 14, 2020**. The Court will decide which questions to include in its own voir dire, after which it will email its final *voir dire* questions to trial counsel.

### 4. Motions *in Limine*

As with all other trial documents, motions *in limine* must be filed no later than **Wednesday, October 14, 2020**. The deadline for filing responses is **Wednesday, October 21, 2020**, and the deadline for filing replies is **Monday, October 26, 2020**.

### 5. Witness Lists and Exhibit Lists

All parties shall exchange proposed witness and exhibit lists no later than **September 9, 2020**. Trial counsel must file witness lists and exhibit lists no later than **Wednesday, October 14, 2020**.

Witness lists must provide a *brief* description and purpose of each witness.

Regarding exhibit lists, the Court recognizes that, due to the number of exhibits involved in a five-week trial, the Court's attached exhibit-list form may not be practical. The Court **DIRECTS** trial counsel to meet, confer, and agree upon an exhibit-list form that includes the columns on the attached form (i.e., Exhibit No., Description, I.D., Offered, Obj., Admitted, Not

4

Admitted) and email it to chambers for the Court's review no later than **Wednesday, September 2, 2020**. Trial counsel should take into consideration the exhibit-list form created by counsel for the Track One-A trial. **Joint exhibits are strongly encouraged.** Trial counsel shall meet, confer, and agree on a protocol for the marking of exhibits, and mark those exhibits before trial.

### i. Objections to Witnesses or Exhibits

Parties should be mindful that the Court has limited time and resources to address a large number of objections to exhibits and witnesses. Due to the large number of exhibits and witnesses expected to be produced at trial, counsel must make every effort to resolve objections before seeking the Court's assistance. Only those objections to a proposed witness or exhibit that have not been resolved among counsel must be filed no later than **Wednesday, October 21, 2020**. Such objections must include a succinct statement setting forth the reasons why the proposed witness or exhibit should not be permitted or admitted, as well as citations to legal authority.

### ii. Continuing Obligation

Each attorney has a continuing obligation to supplement its client's witness and exhibit lists immediately upon learning of any additional witness or exhibit. Absent a showing of good faith, witnesses not included on the witness list or added to the list *well before the trial starts* will not testify at trial, and exhibits not listed on the exhibit list or added to the list *well before the trial starts* will not be introduced at trial. This rule applies to lay and expert witnesses. A party may not call their own non-third-party witness at trial unless that party produced during discovery documents identified using required search terms from that witness's custodial file.

### 6. Trial Briefs

Trial counsel must file trial briefs no later than **noon on Wednesday, October 14, 2020**. A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law, together with citations to statutes and case law; and (c) a discussion of any evidentiary issues likely to arise at trial.

### 7. Jury Instructions, Verdict Forms, and Interrogatories

Counsel must provide jury instructions to the Court *__only__* on the issues of law that are the subject of the trial. To that end, the Court will email its boilerplate instructions to liaison counsel in advance of the below deadlines.

Counsel must exchange proposed jury instructions, verdict forms, and interrogatories no later than **Wednesday, September 30, 2020**. Counsel must then meet, confer, and make diligent efforts to reach agreement on their respective proposals prior to the below October 14th filing deadline.

No later than **Wednesday, October 14, 2020**, counsel shall file a single joint submission of (1) agreed-upon instructions, verdict forms, and interrogatories; (2) instructions and/or interrogatories proposed by plaintiffs but opposed by defendants; and (3) instructions and/or interrogatories proposed by defendants but opposed by plaintiffs. The joint submission must be filed as *one document*, divided by the above-described sections. All proposed instructions must be supported by citations to legal authority. *Any and all objections* to proposed jury instructions must be accompanied by **a __concise__ statement explaining why the Court should not give the instruction and citing legal authority**. A mere statement of "objection" is not sufficient and will not be considered.

### 8. Deposition Testimony

Deposition testimony shall only be designated and filed for witnesses not within the subpoena power of the Court pursuant to Fed. R. Civ. P. 45(c). The parties shall be permitted to undertake designations of deposition testimony for witnesses who are discovered to be unavailable after the deadlines set forth herein, upon reasonable notice to, and with an opportunity for objections and counter-designations by, other parties.

Counsel proposing to use as evidence at trial depositions (videotape or written) of witnesses unavailable to be called live during a party's case-in-chief must provide opposing counsel with affirmative designations of the deposition testimony no later than **August 28, 2020**. All parties shall exchange responsive designations and objections to affirmative designations no later than **September 25, 2020**. In addition to their responsive designations a party may make additional non-repetitive and non-responsive designations from the depositions previously affirmatively designated during this period. No later than **October 14, 2020**, all parties shall exchange **FINAL** counter designations and objections.

As with objections to witnesses and/or exhibits, the Court has neither the time nor resources to address a large number of objections to deposition testimony. Counsel shall file only those objections that have been raised and not resolved by the meet and confer process counsel no later than **Wednesday, October 21, 2020**. The brief shall contain citations to applicable legal authority.

Counsel is instructed to notify the Courtroom Deputy in writing, no later than **Thursday, October 29, 2020**, of those deposition transcripts that will be read into the record. The parties are responsible for providing transcripts to the Court.

When videotape depositions will be presented in lieu of live testimony, counsel must file a complete written transcript of the videotape deposition prior to its use and follow Local Civil Rule 32.1.

### 9. Emailing Trial Documents to Chambers

The following trial documents must, in addition to being filed, be emailed to Chambers in both WordPerfect *and* Word format no later than **Wednesday, October 14, 2020**: the joint preliminary statement, stipulations, proposed *voir dire* questions, witness lists, exhibit lists, and the single joint submission of jury instructions, verdict forms, and interrogatories.

**IT IS SO ORDERED.**

       */s/ Dan Aaron Polster  March 19, 2020*
       **DAN AARON POLSTER**
       **UNITED STATES DISTRICT JUDGE**