**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One-B | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

### PLAINTIFFS' RESPONSE TO PHARMACY DEFENDANTS' MOTION TO EXTEND ALL TRACK 1B DEADLINES BY 60 DAYS IN LIGHT OF THE COVID-19 PUBLIC HEALTH EMERGENCY

There is no denying the public health emergency that is COVID-19, but the ultimate impact of the virus and the extent and duration of the emergency are unknown. As the Pharmacy Defendants acknowledge in their motion for a 60-day extension of all Track 1B deadlines, "[s]ignificant uncertainty remains about the trajectory of the COVID-19 pandemic in the United States over the next weeks and months." Doc. # 3236, PageID 492269, n. 2.[1] What *is* understood is the catastrophe that has been, and continues to be, wrought by the opioid epidemic—which the President declared to be a public health emergency as of 2017 and which has already killed hundreds of thousands of Americans.[2]  Under the circumstances, therefore, Plaintiffs oppose the Pharmacy Defendants' motion and respectfully submit that the appropriate course of action is to hold the current litigation deadlines and reassess the situation in mid-April.

The Pharmacy Defendants' motion, other than invoking general feelings of panic and anxiety, fails to explain in any meaningful way why every single deadline in this case of great national importance should be extended 60 days. To be sure, many businesses, including law firms,

---

[1] South Korea has shown it is possible to flatten the curve swiftly. https://www.nytimes.com/2020/03/23/world/asia/coronavirus-south-korea-flatten-curve.html (last visited March 24, 2020).

[2] https://www.cms.gov/About-CMS/Agency-Information/Emergency/EPRO/Current-Emergencies/Ongoing-emergencies (last visited March 24, 2020).

1955898.1

are forced to work remotely and individuals are urged (if not ordered) to practice social distancing. This challenge affects all parties and all lawyers in this case equally; it does not disproportionately affect Defendants. Plaintiffs recognize, moreover, the important role of the Pharmacy Defendants in responding to COVID-19. But nothing in Defendants' motion explains why the restrictions or their response impair their ability to meet the current litigation deadlines or, conversely, why meeting those deadlines would impair their business obligations. There are ways of handling the logistical challenges presented by the current crisis that do not compromise the goal of moving this MDL forward.

Rather than change all the deadlines now, Plaintiffs urge the Court to hold the current deadlines, including the trial date, and reassess the situation on April 20 or before to determine whether any specific deadlines need to be adjusted. In the meantime, the parties should be able to begin scheduling depositions between April 24, the date by which the parties are to substantially complete full document production, and May 25, the deadline to totally complete full document production.

While our changed circumstances no doubt present challenges, current technology is more than adequate to allow the parties to proceed with discovery, including depositions. Consistent with determinations and directives from other courts and the Federal Rules, Plaintiffs' counsel have developed a comprehensive deposition protocol to enable the parties to take depositions remotely. The protocol includes the use of widely available videoconferencing technology that allows multiple individuals to participate in a deposition without requiring them to be physically present or proximate. The protocol will solve the logistical problems posed by COVID-19 in a workable fashion, and in a way that does not needlessly slow this important case down.

As the Court noted as early as January 2018, this MDL plays a central role in addressing the opioid epidemic and reducing the number of unnecessary opioid deaths. While the Pharmacy

Defendants tout their role in responding to COVID-19, they overlook the role they played in *creating* the opioid crisis.  As owners and operators of chain pharmacies that dispensed opioids throughout the relevant time period, these Defendants were the last line of defense in preventing diversion of these dangerous drugs. They were also in possession of vast amounts of data that could have helped them meet their obligations to do that.  Yet, as Plaintiffs recently disclosed, analysis of the Pharmacy Defendants' dispensing data shows that the Pharmacy Defendants dispensed literally millions of "red flag" prescriptions in Summit and Cuyahoga County that would have been flagged with one or more indicia of diversion.[3] The Pharmacy Defendants should not be permitted to use their role in responding to the COVID-19 health crisis as an excuse to further delay discovery and trial of the opioid health crisis. Any additional delay in this litigation will only serve to undermine the essential efforts to develop a nationwide solution to abate this *man-made* epidemic.

Indeed, a ProPublica article released early this morning provides a sober reminder of the danger of delaying this case.[4] The article reveals for the first time publicly that, in 2018, top political appointees at the DOJ scrapped a criminal investigation into Walmart's opioid dispensing practices after significant pressure was brought to bear on the DOJ. The criminal investigation, which had not been previously reported or disclosed, uncovered the fact that Walmart repeatedly filled prescriptions that had no legitimate medical purpose, "including large doses of opioids and mixtures of drugs the DEA considered red flags for abuse."[5] This was in apparent violation of the agreement Walmart reached with the DEA in 2011 "to install national procedures to identify bad prescribers and prescriptions not written for legitimate medical purposes and report them quickly to the DEA."[6]

---

[3] These "red flag" prescriptions represent anywhere from 20% to 96% of the opioid prescriptions they dispensed. *See* Plaintiffs' Supplemental Responses to Pharmacy Defendants' First Set of Discovery Requests Regarding Dispensing Issued to Plaintiffs, dated March 20, 2020., attached hereto as **Exhibit 1** (filed under seal).
[4] https://www.propublica.org/article/walmart-was-almost-charged-criminally-over-opioids-trump-appointees-killed-the-indictment (last visited March 25, 2020).
[5] *Id*.
[6] *Id*.

A lead prosecutor on the case resigned in protest over the DOJ's decision to terminate the investigation, writing in his resignation letter: "Corporations cannot poison Americans with impunity. Good sense dictates stern and swift action when Americans die."[7] The article confirms what this Court said at the outset of the MDL: Solving the opioid crisis has been left to the judiciary. This MDL appears to be the only way to hold the Pharmacy Defendants accountable and to abate the crisis.

WHEREFORE, Plaintiffs' respectfully request the Honorable Court deny the Pharmacy Defendants' Motion to Extend All Track 1B Deadlines By 60 Days.

Dated: March 25, 2020

Respectfully submitted,

*/s/Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

---

[7] *Id.*

        W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

1955898.1        5

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 25, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                 */s/Peter H. Weinberger*
                 Peter H. Weinberger