UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 14, PART 12 REGARDING CARDINAL PRIVILEGE CLAIMS |

**AGENDA ITEM NO. 231**

During Track One discovery, defendant Cardinal Health withheld production of certain documents based on attorney-client privilege. These include documents Cardinal exchanged with its third-party consultant Dendrite (currently owned by IQVIA). Plaintiffs challenge a number of these privilege designations. The parties agreed to submit a sampling of the challenged documents to the Special Master for *in camera* review, and submitted letter briefs in support of their positions. Having considered these submissions carefully, the Special Master now rules on the challenged documents as shown in the chart below.

**I.     Legal Standards.**

The Special Master earlier set forth the applicable legal standards and incorporates them by reference.[1] Most prominently, the Special Master's decisions below are based on the distinction between legal advice and business advice, applying the principle that compliance with regulations is usually a business matter, not a legal one. *See Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at

---

[1] *See* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, 1666, 1678, 2968, 2979, & 3071.

1

\*1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business advice.") (internal quotation marks and citations omitted, emphasis in original); *Fed Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at \*9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997).

## II.     The Documents.

The four documents Cardinal submitted for *in camera* review are emails between Dendrite staff, Cardinal personnel, and Cardinal's counsel (both in-house and outside), sent in December 2007 and January 2008. In general, these documents relate to compliance with DEA regulations under the Controlled Substances Act.

In prior Discovery Rulings, highly similar materials from the same timeframe were deemed not to relate to the provision of legal advice, but rather to business-related advice, and consequently not privileged. The Special Master is mindful of the fact that the four documents in question were written and transmitted in the immediate wake of DEA enforcement actions against Cardinal, including issuance of Administrative Inspection Warrants, Orders to Show Cause, and Immediate Suspensions of Registrations. Nevertheless, a careful analysis of these

documents and the context and timeframe in which they were written reveals that they fall squarely within the analysis of Discovery Order 14, Part 5 (docket no. 1498),[2] where the undersigned ruled that Dendrite's January 23, 2008 audit of Cardinal's SOMS (Suspicious Order Monitoring System) was not attorney-client privileged and not attorney work product. In that Order, the Special Master denied privilege with respect to a document that was, in itself, compliance-related, even though Cardinal's outside Counsel had commissioned it for the purpose of responding to the same DEA measures that are at issue in the present Order.

The analysis set out in Discovery Order 14, Part 5 is incorporated by reference here, with the same conclusion. Consequently, the following documents are not protected by attorney-client privilege or the work-product doctrine.

| Cardinal Priv. Log. No. | Date | Ruling |
| --- | --- | --- |
| IQVIA_MDL_PRIV_000016 | 1/3/2008 | *Overruled* |
| IQVIA_MDL_PRIV_000045 | 12/13/2007 | *Overruled* |
| IQVIA_MDL_PRIV_000048 | 12/26/2007 | *Overruled* |
| IQVIA_MDL_PRIV_000050 | 12/17/2007 | *Overruled* |

### III. Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before Monday, April 6, 2020.

        **RESPECTFULLY SUBMITTED,**

        /s/ David R. Cohen
        **David R. Cohen**
        **Special Master**

**Dated: March 30, 2020**

---

[2] *See also* Discovery Ruling No. 14, Part 1 (docket no. 1321) (administrative inspections are not litigation, and inspections requiring an administrative warrant are not necessarily followed by litigation.)