## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Dan Aaron Polster |
| *Track One-B Cases* | ) |
| | ) **OPINION AND ORDER** |
| | ) |

Before the Court is Plaintiffs' Motion to Strike or Sever Pharmacy Defendants' Third-Party Complaints (Doc. #: 3074). Pharmacy Defendants oppose the Motion (Doc. #: 3105) and Plaintiffs filed a Reply (Doc. #: 3167). After consideration of all the briefing and for the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion and **STRIKES** the Third-Party Complaints.

### I.  Background

In the case underlying the purported third-party claims, Plaintiffs allege, *inter alia*, the Pharmacy Defendants created an absolute public nuisance in the Plaintiff Counties by failing to protect against diversion in their retail dispensing of prescription opioids. *See generally* Amendments by Interlineation, doc. ##: 2943, 2944. Plaintiffs claim the Defendants failed to design or implement policies to protect against diversion and failed to perform adequate due diligence in violation of the federal Controlled Substances Act ("CSA") and state and federal laws and regulations applicable to opioid dispensing. *Id.* at 5-8. Plaintiffs point to extensive data Defendants had available that raised "red flags" requiring due diligence before filling prescriptions, in order to determine whether diversion was likely or instead the prescriptions were legitimate. *Id.*; Plaintiffs' Position Statement, doc. #: 3158 at 1.

Pharmacy Defendants characterize the heart of Plaintiffs' claims as "[Pharmacies] are liable because their pharmacists filled prescriptions that the Prescriber Defendants wrote." Third-Party Compls., doc. ##: 3064, 3065 at ¶ 1. The Pharmacies, as Third-Party Plaintiffs, allege ultimate responsibility for filling "bad" prescriptions must rest not with them, but with those who wrote the prescriptions: Jane and John Doe prescribers. *Id.* at ¶ 10. The Pharmacies thus assert third-party claims against the Prescribers, seeking recovery for losses incurred "only because the pharmacists relied in good faith on facially valid prescriptions written and/or authorized by one of the Prescriber Defendants." *Id.* at ¶ 37.

Plaintiffs ask the Court to strike the Third-Party Complaints, or alternatively to sever the claims for resolution after the trial set to begin November 9, 2020. Mot. at 1-2. Plaintiffs argue the purported third-party claims do not fall within the ambit of Federal Rule of Civil Procedure 14 and that adding them to the case would only delay trial.

## II. Legal Standard

Rule 14 of the Federal Rules of Civil Procedure permits a defendant to implead a nonparty "who is or may be liable to it for all or part of the claims against it." The essential criterion of a third-party claim is a "defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant." *Am. Zurich. Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Stiles v. Porter Paint Co.*, 75 F.R.D. 617, 619 (E.D. Tenn. 1976) (quoting Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.)).

Whether to allow a third-party claim to proceed is committed to the discretion of the trial court. *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 322 (N.D. Ohio 2008); *see also General Elec.*

2

*Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). The Court can decline to allow third-party claims that will prejudice plaintiff or unduly delay or complicate trial. *See Gutierrez-Morales v. Planck*, 318 F.R.D. 332, 335 (E.D. Ky. 2016) (denying leave to file third-party complaints where the claims were not dependent on the outcome of the main claim and would complicate and delay trial); *see also Galvan v. Honeywell Int'l*, No. 07-12670, 2008 WL 11355513, at *2 (E.D. Mich. May 21, 2008).

**III.  Analysis**

The Pharmacies allege that, if they are found liable to Plaintiffs for their conduct in dispensing prescription opioids, their liability will be based on the negligence or intentional misconduct of the Prescribers. Opp. at 7; *see also* Third-Party Compls., doc. ##: 3064, 3065 at ¶ 37. Plaintiffs' theory of the Pharmacies' liability for creating a public nuisance is the Pharmacies violated the CSA and related state laws and regulations when they failed to have in place or utilize effective screening systems and failed to perform due diligence to prevent diversion prior to filling prescriptions. Mot. at 7; *see generally* Plaintiffs' Position Statement, doc. #: 3158. Thus, whether the Pharmacies' claims satisfy Rule 14 turns on whether the Prescribers can be liable to the Pharmacies for the Pharmacies' liability to Plaintiffs for creating a public nuisance caused by failures of the Pharmacies' anti-diversion systems or due diligence.

All parties acknowledge pharmacists have a "corresponding responsibility" with prescribers. *See* Mot. at 6; Opp. at 5. The parties also agree a pharmacist must refuse to fill a prescription he knows or has reason to know was not written for a "legitimate medical purpose." *See* Mot. at 6 (citing *Medic-Aid Pharmacy*, 55 Fed. Reg. 30,043, 30,044 (DEA July 24, 1990)); Doc. ##: 2943, 2944 at 6, ¶ 4 (citing 21 C.F.R. § 1306.04(a)); Opp. at 7. Plaintiffs claim this requires pharmacists to scrutinize more than just the individual written prescriptions or other

representations made by prescribers. *See* Mot. at 7. As such, pharmacists exercise their responsibility separately and independently of the prescriber and cannot simply rely on the prescribers' representations. *See* Mot. at 6 (citing *East Main St. Pharmacy*, 75 Fed. Reg. 66149, 66157 n.30 (DEA 2010)). Moreover, Plaintiffs allege federal and state laws and regulations require Pharmacies to design and operate systems to guard against diversion of controlled substances, doc. ##: 2943, 2944 at 6-8, ¶ 3-7, and the Pharmacies have data that allows them to monitor for suspicious subscriptions and identify and prevent possible diversion, *id.* at 8-14. *See* Mot. at 7. Plaintiffs claim the Pharmacies' failure to fulfill these legal obligations created a public nuisance.

The third-party Prescribers' liability to the Pharmacies is not dependent on Plaintiffs' claims. While Plaintiffs' claims *implicate* whether the Pharmacies knew or had reason to know the Prescribers' prescriptions were for a legitimate medical purpose, Plaintiffs' theory and intended proof do not rely on whether Prescribers made negligent or fraudulent representations. That is, Plaintiffs do not merely allege the Pharmacies are liable for filling prescriptions the Prescribers wrote. Plaintiffs' proof will look beyond the Prescribers' representations and will focus on Pharmacies' policies and procedures, through analysis of aggregate dispensing data showing the entirety of the information the Pharmacies had when dispensing opioids. *See* Reply at 2; Doc. #: 3158 at 8. After hearing this evidence, the jury will be tasked with deciding whether the Pharmacies engaged in intentional or unlawful conduct. Thus, a finding of Defendants' liability will be based on the distinct duties of the Pharmacies, involving facts largely independent of any individual Prescriber or prescription.

Defendants primarily cite to their own Third-Party Complaints to argue their claims against the Prescribers are dependent on Plaintiffs' claims. *See* Opp. at 4-5 (citing ¶¶ 1, 10, 37). While acknowledging their corresponding responsibility, *see* Opp. at 5, the Pharmacies simultaneously

4

maintain that any improper dispensing was done *only* as a result of negligence or intentional misconduct of a Prescriber, *see* Third-Party Compls., doc. ## 3064, 3065 at ¶ 60; Opp. at 7. The Pharmacies do not identify any authority imposing on a prescriber liability for a pharmacist's failure to fulfill its corresponding responsibility, or apportioning liability between prescribers and pharmacies for injuries caused by illegitimate prescriptions. The Court finds no basis on which the Pharmacies can simply transfer to Prescribers their liability to Plaintiffs for failing to rely upon (or ignoring) information beyond an individual prescription or Prescriber's representations when dispensing opioids. Therefore, the Pharmacies have not asserted third-party claims within Rule 14.

Additionally, it is undisputed that the addition of these claims and parties will cause the trial to be much more complex and will force significant delay. Mot. at 10-11; Opp. at 9-10. The current schedule contemplates trial will begin November 9, 2020. *See* Civil Jury Trial Order, doc. #: 3234. This schedule cannot be maintained if the currently-unidentified third-party defendants are added to the case. The Pharmacies state they will identify prescribers after Plaintiffs identify red flag prescriptions, which Plaintiffs did on March 20th. The Pharmacies will first need to identify the Prescriber corresponding to each relevant prescription, amend the Complaint to name these Prescribers, then locate and serve each Prescriber. Only after that time-consuming process is complete will the parties be able to begin discovery of these new parties and claims. This additional discovery, including written discovery and depositions of possibly hundreds of Prescribers, undoubtedly would take many months. The Pharmacies have not suggested a timeline, but permitting the third-party claims would require an indefinite postponement of the November 9, 2020 trial.[1]

---

[1] While a finding of delay and prejudice might support severing, rather than striking, the third-party claims, because the Court concludes the claims do not fall within Rule 14, striking them is appropriate.

**IV. Conclusion**

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Strike or Sever Pharmacy Defendants' Third-Party Complaints, Doc. #: 3074, and **STRIKES** the Third-Party Complaints, Doc. ##: 3064, 3065.

**IT IS SO ORDERED.**

     /s/ Dan Aaron Polster  March 31, 2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**