# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

*This document relates to:*

ALL CASES

MDL No. 2804

Case No. 17-MD-2804

Judge Dan Aaron Polster

## CERTAIN DEFENDANTS' MOTION FOR CLARIFICATION
## OF NOTICE DISCLOSING SCOPE OF EXPERT WORK

Certain Defendants[1] respectfully request that the Court confirm that Professor Rubenstein's appointment at Dkt. No. 3218 to advise the Court on "complex and novel fee issues" and on the motion at Dkt. No. 3111 ("Common Benefit Motion") shall be subject to the reporting and review procedures of Federal Rule of Civil Procedure 53, as required by Article III of the U.S. Constitution.

Where, as here, the Court appoints an expert to assist with legal issues, it must comply with Federal Rule of Civil Procedure 53, including, but not limited to, the due process requirement for any analysis or recommendations to be placed on the public record for review, response, and, if necessary, objection by the parties. This requirement was incorporated in

---

[1] This Motion is submitted by the following Defendants: Allergan plc f/k/a Actavis plc, Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan Sales, LLC, Allergan USA, Inc.; AmerisourceBergen Drug Corporation, AmerisourceBergen Corporation; Anda, Inc.; Cardinal Health, Inc., Cardinal Health 110, LLC; Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, Actavis Laboratories FL, Inc., and f/k/a Watson Laboratories, Inc.-Florida; Discount Drug Mart, Inc.; CVS Pharmacy, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Par Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc.; H. D. Smith, LLC, f/k/a. H. D. Smith Wholesale Drug Co.; Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Mallinckrodt LLC, SpecGx LLC, Mallinckrodt plc; McKesson Corporation; Noramco, Inc.; Prescription Supply Inc.; Rite Aid of Maryland Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc., Rite Aid of Ohio, Inc., Rite Aid Hdqtrs. Corp.; Walgreen Co., Walgreen Eastern Co; and Walmart Inc.

Section II.D of the Court's prior Appointment Order at Dkt. No. 69, and Defendants believe that this requirement is contemplated already by the Appointment Order, but request confirmation from the Court that the requirement (and the other requirements set forth in the Appointment Order) are also fully applicable to Professor Rubenstein's work.

## ARGUMENT

The Sixth Circuit and other courts have drawn a distinction between "technical" experts that may assist a court and "legal" experts. Although district courts may possess some "inherent authority" to appoint *technical* experts to assist with scientific or specialized knowledge without compliance with Rule 53, the Sixth Circuit has made clear that a court cannot use this authority to appoint an advisor on *legal* questions, no matter how extensive the appointee's legal expertise. *Reed v. Bd. of Educ.*, 607 F.2d 737, 747–48 (6th Cir. 1979). "[C]ourts are presumed to be informed on legal issues, and the determination of purely legal questions is the responsibility of the court itself." *Id.*; *see also Reilly v. United States*, 863 F.2d 149, 158 (1st Cir. 1988) ("A judge may not, for example, appoint a legal advisor to brief him on legal issues.").

This rule ensures that judges do not unconstitutionally delegate their core function, and it protects the constitutional right of litigants to have controversies decided by an Article III judge. *See Stauble v. Warrob, Inc.*, 977 F.2d 690, 695 (1st Cir. 1992) ("[T]he Constitution prohibits us from allowing the nonconsensual reference of a fundamental issue of liability to an adjudicator who does not possess the attributes that Article III demands."). Further, although a district court may appoint its own expert witness pursuant to Federal Rule of Evidence 706(a), expert witnesses may not provide legal conclusions and are subject to depositions and cross examination, among other requirements, regarding their appointment and presentation of

2

evidence.  *See* Fed. R. Evid. 706; *United States v. Melcher*, 672 F. App'x 547, 553 (6th Cir. 2016) ("Rule 702 prohibits expert witnesses from testifying to legal conclusions.").

Professor Rubenstein has been appointed to analyze "complex and novel fee issues," and to "assist with questions posed both by the [Common Benefit] [M]otion and attorney's fees generally, as they may arise."  Dkt. No. 3218 at 1.  These issues do not require technical or scientific expertise, but rather legal expertise and analysis.  Nor does the Common Benefit Motion present factual issues that require non-legal technical assistance or specialized knowledge for the Court to understand.  Professor Rubenstein is a professor of law, and the issues identified in the Court's order appointing Professor Rubenstein are legal.  Therefore, under Article III and constitutional due process, the Court, not Professor Rubenstein, must ultimately decide the issues that Professor Rubenstein has been appointed to analyze.  And prior to that decision, the parties are entitled to respond and be heard with respect to Professor Rubenstein's analysis and recommendations.  *See* Fed. R. Civ. P. 53(f)(1) ("In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard[.]"); *Reed*, 607 F.2d at 747–48.

The Court's Order refers to Professor Rubenstein's prior appointment as an expert consultant to Special Master McGovern, who was subject to the procedural, reporting, and other due process requirements of the Appointment Order at Dkt. No. 69, Rule 53, and ultimately Article III.  Dkt. No. 3218 at 1 (citing Dkt. Nos. 877, 1618, and 1743).  Defendants therefore understand Professor Rubenstein's current appointment to be subject to the same requirements, including reporting requirements.

However, for the avoidance of doubt and to protect their constitutional and procedural rights, Defendants respectfully request that the Court confirm that the terms of Professor

3

Rubenstein's appointment include: (a) preparing a report and recommendation on the Common Benefit Motion; and (b) submitting that report and recommendation, including legal analysis and conclusions provided by Professor Rubenstein to the Court, on the public docket and subject to the parties' objections that will be considered under *de novo* review by the Court, as required by Section II.D of the Appointment Order and Rule 53(f).[2]

Dated: April 2, 2020

*/s/ Eric W. Sitarchuk*
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

*Counsel for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., and f/k/a Watson Laboratories, Inc.-Florida*

Respectfully submitted,

*/s/ Mark H. Lynch*
Geoffrey E. Hobart
Mark H. Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*

*/s/ Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
donna.welch@kirkland.com

*Counsel for Defendants Allergan plc f/k/a Actavis plc (appearing specially), Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan Sales, LLC, and Allergan USA, Inc.*

---

[2] The Court's order disclosing Professor Rubenstein's work also refers to assisting the Court with questions posed by "attorneys' fees generally, as they arise." Dkt. No. 3218. It is unclear what those issues might be, and they presumably could include issues or disputes that involve only a few defendants or that are entirely between and among plaintiffs and/or plaintiffs' counsel. Each defendant reserves the right to object to the use of Professor Rubenstein or to paying his fees for future work beyond resolution of the current Common Benefit Motion.

*/s/ John J. Haggerty*
John J. Haggerty
FOX ROTHSCHILD LLP
2700 Kelly Road, Suite 300
Warrington, PA 18976-3624
Telephone: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com

*Counsel for Prescription Supply Inc.*

*/s/ William E. Padgett*
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Fax: (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for Defendant H. D. Smith, LLC, f/k/a. H. D. Smith Wholesale Drug Co.*

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

*Counsel for the Walgreens Defendants*

*/s/ James W. Matthews*
James W. Matthews
Katy E. Koski
Ana M. Francisco
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: (617) 342-4000
Fax: (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
afrancisco@foley.com

*Counsel for Defendant Anda, Inc.*

*/s/ Charles C. Lifland*
Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
clifland@omm.com
sstrong@omm.com

*Counsel for Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

*/s/ Jonathan L. Stern*
Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Jonathan.Stern@arnoldporter.com

*Counsel for Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc.*

*/s/ Kelly A. Moore*
Kelly A. Moore
MORGAN LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178-0060
Telephone: (212) 309-6612
Fax: (212) 309-6001
kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-4824
Fax: (215) 963-5001
john.lavelle@morganlewis.com

*Counsel for Rite Aid of Maryland Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc.; Rite Aid of Ohio, Inc.; and Rite Aid Hdqtrs. Corp.*

*/s/ Brien O' Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4650
brien.o'connor@ropesgray.com
andrew.o'connor@ropesgray.com

*Counsel for Defendants Mallinckrodt LLC, SpecGx LLC, and specially appearing for Mallinckrodt plc*[3]

*/s/ Daniel G. Jarcho*
Daniel G. Jarcho
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Fax: (202) 239-3333
daniel.jarcho@alston.com

Cari K. Dawson
Jenny A. Hergenrother
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
jenny.hergenrother@alston.com

*Counsel for Noramco, Inc.*

*/s/ Timothy D. Johnson*
Timothy D. Johnson (OH No. 0006686)
Cavitch, Familo & Durkin Co. LPA
1300 East Ninth Street – 20th Floor
Cleveland, Ohio 44114
Telephone: (216) 621-7860
Fax: (216) 621-3415
tjohnson@cavitch.com

*Counsel for Defendant Discount Drug Mart, Inc.*

---

[3] Mallinckrodt plc is an Irish company and is not subject to and contests personal jurisdiction for the reasons explained in its motion to dismiss for lack of personal jurisdiction; it is specially appearing for this motion, and thus does not waive and expressly preserves its personal jurisdiction challenges.

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard
Steven M. Pyser
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc. and Cardinal Health 110, LLC*

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 778-1800
Fax: (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc.*

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation*

*/s/ Tina M. Tabacchi*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Telephone: (312) 269-4335
Fax: (312) 782-8585
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

4

## CERTIFICATE OF SERVICE

    I, Mark H. Lynch, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Mark H. Lynch*
Mark H. Lynch
