# Exhibit B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-md-2804 |
| *Cleveland Bakers and Teamsters Health and Welfare Fund, et al. v. Purdue Pharma L.P., et al.* | Hon. Dan Aaron Polster |
| *Case No. 1:18-op-45432-DAP* | |

## MEMORANDUM IN SUPPORT OF MANUFACTURER DEFENDANTS' MOTION TO CERTIFY THE COURT'S FEBRUARY 21, 2020 ORDER FOR IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(b)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................. ii

INTRODUCTION ......................................................................................................................... 1

BACKGROUND ........................................................................................................................... 3

ARGUMENT ................................................................................................................................. 5

    I.    THE ORDER PRESENTS A CONTROLLING QUESTION OF LAW ....................... 5

    II.    THE DEEP AND ACKNOWLEDGED CIRCUIT SPLIT HERE
        CONCLUSIVELY ESTABLISHES A SUBSTANTIAL GROUND FOR
        DIFFERENCE OF OPINION ....................................................................................... 6

    III.    IMMEDIATE REVIEW WOULD MATERIALLY ADVANCE THE ULTIMATE
        TERMINATION OF THE LITIGATION ................................................................... 9

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Desiano v. Warner-Lambert Co.*,
  326 F.3d 339 (2d Cir. 2003) ................................................................................. 7

*United States ex rel. Elliott v. Brickman Group Ltd., LLC*,
  845 F. Supp. 2d 858 (S.D. Ohio 2012) ................................................................ 9

*Hale v. Johnson*,
  845 F.3d 224 (6th Cir. 2016) ............................................................................... 1

*Holliday v. Xerox Corp.*,
  555 F. Supp. 51 (E.D. Mich. 1982), *aff'd*, 732 F.2d 548 (6th Cir. 1984) ................ 2

*In re Air Crash off Long Island, N.Y. on July 17, 1996*,
  27 F. Supp. 2d 431 (S.D.N.Y. 1998) .................................................................... 1

*In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*,
  804 F.3d 633 (3d Cir. 2015) .......................................................................... 6, 8, 9

*In re Baker & Getty Fin. Servs., Inc.*,
  954 F.2d 1169 (6th Cir. 1992) ........................................................................... 5, 6

*In re Blue Cross Blue Shield Antitrust Litig.*,
  No. 2:13-CV-20000-RDP, 2018 WL 3326850 (N.D. Ala. June 12, 2018) ......................... 2, 10

*In re Boardwalk Marketplace Sec. Litig.*,
  849 F.2d 89 (2d Cir. 1988) .................................................................................. 1

*In re Buccina*,
  657 F. App'x 350 (6th Cir. 2016) ....................................................................... 1, 6

*In re EpiPen Mkt., Sales Pracs. & Antitrust Litig.*,
  No. 17-md-2785, 2020 WL 1180550 (D. Kan. Mar. 10, 2020) .................................... 7

*In re Miedzianowski*,
  735 F.3d 383 (6th Cir. 2013) .......................................................................... 1, 6, 7

*In re Neurontin Mktg. & Sales Practices Litig.*,
  712 F.3d 21 (1st Cir. 2013) ................................................................................. 6

*Int'l Bhd. of Teamsters, Local 734 Health & Welfare Tr. Fund v. Philip Morris Inc.*,
  196 F.3d 818 (7th Cir. 1999) ............................................................................... 8

*Johnson v. Jones*,
  515 U.S. 304 (1995)................................................................6

*Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*,
  191 F.3d 229 (2d Cir. 1999), *as amended* (Aug. 18, 1999)......................8

*Miranda v. Ponce Fed. Bank*,
  948 F.2d 41 (1st Cir. 1991)......................................................10

*Negron v. United States*,
  553 F.3d 1013 (6th Cir. 2009) ...................................................6

*Negron v. United States*,
  No. 1:05CV2305, 2007 WL 9717673 (N.D. Ohio Oct. 5, 2007)........................6

*Newsome v. Young Supply Co.*,
  873 F. Supp. 2d 872 (E.D. Mich. 2012)..........................................5

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda
  Pharm. Co.*,
  943 F.3d 1243 (9th Cir. 2019) ...............................................6, 7, 9

*Perry v. Am. Tobacco Co.*,
  324 F.3d 845 (6th Cir. 2003) ..................................................5, 8

*Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*,
  806 F.3d 71 (2d Cir. 2015).....................................................6, 9

*Sidney Hillman Health Ctr. v. Abbott Labs.*,
  873 F.3d 574 (7th Cir. 2017) ...................................................7

*Southeast Laborers Health & Welfare Fund v. Bayer Corp.*,
  444 F. App'x 401 (11th Cir. 2011) .............................................7

*Sterk v. Redbox Automated Retail, LLC*,
  672 F.3d 535 (7th Cir. 2012) .................................................2, 10

*Susan B. Anthony List v. Driehaus*,
  No. 1:10-cv-720, 2011 WL 5299378 (S.D. Ohio Nov. 2, 2011) .....................10

*UFCW Local 1776 v. Eli Lilly & Co.*,
  620 F.3d 121 (2d Cir. 2010).................................................7, 8, 9

*United States v. Philip Morris USA Inc.*,
  No. 99-2496, 2004 WL 1514215 (D.D.C. June 25, 2004)...........................10

## Statutes

28 U.S.C. § 1292(b) ...................................................... *passim*

Pursuant to 28 U.S.C. § 1292(b), the undersigned pharmaceutical manufacturers (the "Manufacturer Defendants") respectfully move to certify for immediate appeal this Court's February 21, 2020 Opinion and Order, Doc. 3177 ("Order"), denying, as relevant here, their motion to dismiss the RICO claims brought by Plaintiffs Cleveland Bakers and Teamsters Health and Welfare Fund and Pipe Fitters Local Union No. 120 Insurance Fund (the "Third-Party Payors").

## INTRODUCTION

This case presents a recurring and important legal issue on which the circuits are deeply divided:  whether third-party payors suing pharmaceutical manufacturers for alleged misrepresentations concerning the risks of FDA-approved prescription medications can satisfy RICO's proximate cause requirement.  As this Court recognized, numerous circuits have reached varying conclusions on this purely legal question, and resolution of the issue could be dispositive of the Third-Party Payors' RICO claims here.  *See* Order at 16-23.  The Sixth Circuit repeatedly has held that § 1292(b) certification is warranted when "the circuits are split on the question."  *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation omitted); *see In re Buccina*, 657 F. App'x 350, 351 (6th Cir. 2016) (similar).  The acknowledged circuit split here is thus reason alone to certify.  Indeed, other courts have granted interlocutory review of the very issue here.  This Court should do the same.

Beyond that, "the importance of the issue[]"—particularly in the context of an MDL with more than 100 similar third-party payor actions pending—reinforces the need for immediate review.  *Hale v. Johnson*, 845 F.3d 224, 226 (6th Cir. 2016).  "The institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b).  Because the district court's efficiency concerns are greatest in large, complex cases, certification may be more freely granted in so-called 'big' cases."  *In re Air Crash off Long Island, N.Y. on July 17, 1996*, 27 F. Supp. 2d 431, 436 (S.D.N.Y. 1998) (citation omitted); *accord In re Boardwalk Marketplace Sec.*

*Litig.*, 849 F.2d 89, 90 (2d Cir. 1988) (mem. order) (similar); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2018 WL 3326850, at *6 (N.D. Ala. June 12, 2018) ("Given the nationwide scope and importance of this multidistrict litigation, the need for § 1292(b) review is particularly compelling.").

Early appellate resolution of this key legal question will also streamline this case by eliminating, or at least clarifying, the Third Party-Payors' RICO claims.  Reversal would result in the dismissal of these complex claims.  Even affirmance would provide guidance that could help decrease or avoid disputes concerning the scope of discovery and, if necessary, any trial.

In addition, immediate appellate review will eliminate the "uncertainty" regarding the threshold viability of the Third-Party Payors' RICO claims, a necessary prerequisite to any meaningful discussion about potential resolution of the litigation.  *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012); *see Holliday v. Xerox Corp.*, 555 F. Supp. 51, 59 (E.D. Mich. 1982), *aff'd*, 732 F.2d 548 (6th Cir. 1984) (facilitating settlement is a basis for § 1292(b) appeal).  Currently, some circuit decisions find that third-party payors can satisfy RICO's proximate cause requirement, while other circuit decisions reject the same types of claims for lack of proximate cause.  This divide skews each side's view of the potential value of the Third-Party Payors' RICO claims here—which seek treble damages.

For these and other reasons set forth below, the Court should certify its Order for interlocutory review.[1]

---

[1]  The Distributor Defendants have also filed a motion for leave to file a motion to certify the Order.  Doc. 3235.  The Manufacturer Defendants incorporate by reference, where relevant, the arguments made in support of the Distributor Defendants' motion to certify.  *See* Doc. 3235-1, 3235-2.

## BACKGROUND

The Third-Party Payors are Ohio-based union health and welfare funds that, "[s]imilar to insurance companies," provide health care and prescription benefits to their union members.  Order at 7.  They allege that they "indirectly purchased, paid for, and/or reimbursed others for the costs of opioids intended for consumption by their covered participants and their dependents."  *Id.*  They further allege that they "paid for hospital stays, emergency department visits, and medications associated with opioid misuse, addiction, and overdose."  *Id.*

The Third-Party Payors assert claims against the Manufacturer Defendants and other Defendants under the federal civil RICO statute and Ohio law.  *Id.* at 3.  They allege that the Manufacturer Defendants engaged in a "misinformation campaign" and "made numerous misrepresentations" concerning the risks of prescription opioid medications.  *Id.* at 9.  The Third-Party Payors further allege that the Manufacturer Defendants and other Defendants "acted to suppress evidence of opioid diversion" and "did not comply with their obligations to monitor and report suspicious activity under the Comprehensive Drug Abuse Prevention and Control Act."  *Id.* at 10.

The Third-Party Payors assert that this alleged conduct caused "economic losses . . . in two ways: (i) opioid pill payments and (ii) addiction treatment payments."  *Id.* at 11.  First, the Third-Party Payors claim that "Defendants' misrepresentations and failures to comply with their anti-diversion obligations induced Plaintiffs to make hundreds of thousands of dollars of payments for opioids which Plaintiffs would not have otherwise made."  *Id.*  "Second, Plaintiffs seek reimbursement for amounts paid for opioid-related medical treatment for their members, including reimbursement for increased payments for hospital and emergency department visits associated with opioid misuse, addiction, and overdose, and increased payments for medications used to treat illness and disease related to opioid misuse, addiction and overdose."  *Id.*

The Manufacturer Defendants moved to dismiss the Third Party Payors' lawsuit for failure to state a claim upon which relief can be granted.  Doc. 777.  On February 21, 2020, this Court denied the motion with the exception of the Third-Party Payors' statutory nuisance and negligence *per se* claims, which it dismissed.  Order at 64.

In denying dismissal of the Third-Party Payors' RICO claims, the Court recognized that the civil RICO statute "requires the alleged wrongful act to be a proximate cause of the plaintiff's alleged injury which, in turn, requires a direct relation between the injury asserted and the injurious conduct alleged."  *Id.* at 15.  With respect to the Third-Party Payors' claims seeking to recover the costs of opioid medications they paid or reimbursed for union members, the Court recognized that the circuits are deeply split on whether such third-party payor lawsuits satisfy RICO's proximate cause requirement.  *See id.* at 16-23.  In all of those cases, the Court said, third-party payors "sought damages based on their payments for various prescription pharmaceuticals (and not for medical expenses they paid as a result of pharmaceutical use)."  *Id.* at 16.  "Seven Circuits applying RICO's proximate cause analysis to TPP claims against pharmaceutical companies have reached varying conclusions concerning the viability of these claims . . . . Four cases allowed the TPP claims to proceed, and Plaintiffs rely on three of these cases to support their position.  Three cases rejected TPP claims against drug companies, and Defendants rely on these decisions to support their position."  *Id.* (citation and footnote omitted).  Ultimately, the Court found "more persuasive the analysis of the Circuits that have allowed TPP claims against pharmaceutical companies to proceed."  *Id.*[2]

---

[2]  With respect to the Third-Party Payors' RICO claims seeking "reimbursement for amounts paid for opioid-related medical treatment for their members," Order at 11, the Court acknowledged that in its earlier motion to dismiss ruling in *Summit County*, "the Court expressed reservations about whether a RICO plaintiff can recoup actual monetary costs paid as a result of treatment provided to or medical expenses incurred by third-party individuals for whom the RICO plaintiff had some obligation to provide or pay for care."  *Id.* at 35.  But the Court found that because not all of the Third-Party Payors' claims are "dependent on medical costs and expenses, the Court will not, at the motion to dismiss stage, deny Plaintiffs the opportunity to proceed with their claims."  *Id.* at 36.

## ARGUMENT

A district court may certify an interlocutory order for immediate appeal under § 1292(b) when (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The Court's Order denying dismissal of the Third-Party Payors' RICO claims for lack of proximate cause satisfies each of these elements.

## I.    THE ORDER PRESENTS A CONTROLLING QUESTION OF LAW

The Sixth Circuit has recognized that a motion to dismiss RICO claims for failure to satisfy the proximate cause requirement presents a threshold "question of law." *See Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003) (affirming Rule 12(b)(6) dismissal of third-party payors' RICO claims because they "failed to satisfy this proximate cause requirement").  And the Sixth Circuit has "set a low bar for a determination that a question of law is 'controlling' in the context of a motion for certification under § 1292(b)." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875-76 (E.D. Mich. 2012).  "The resolution of an issue need not necessarily terminate an action or have precedential value for a number of pending cases to be controlling." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (citation, alteration, and internal quotation marks omitted).  "Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id.* (citation omitted).  That standard is easily met here.

As this Court acknowledged, if the Third-Party Payors failed to adequately plead proximate cause, their claims can be dismissed. *See* Order at 14-30.  And even if the Sixth Circuit affirms this Court's ruling on the motion to dismiss, appellate review of this legal question would still "simplify, or more appropriately direct, the future course of litigation," and "thereby reduce the

burdens of future proceedings," by clarifying the contours of the Third-Party Payors' RICO claims for discovery and trial. *Johnson v. Jones*, 515 U.S. 304, 309 (1995).

## II.    THE DEEP AND ACKNOWLEDGED CIRCUIT SPLIT HERE CONCLUSIVELY ESTABLISHES A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

The Sixth Circuit has repeatedly held that there is "a substantial ground for difference of opinion" when "the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation omitted).  Indeed, as this District has explained, under Sixth Circuit precedent "a circuit split *establishes* substantial ground for difference of opinion under 28 U.S.C. § 1292(b)." *Negron v. United States*, No. 1:05CV2305, 2007 WL 9717673, at *2 (N.D. Ohio Oct. 5, 2007) (granting § 1292(b) certification) (emphasis added).[3]

There is a deep and acknowledged circuit split on the RICO proximate cause issue here. As this Court explained, "[s]even Circuits applying RICO's proximate cause analysis to TPP claims against pharmaceutical companies have reached varying conclusions concerning the viability of these claims."  Order at 16.  Three circuits—the First, Third, and Ninth Circuits—have held that such claims can satisfy RICO's proximate cause requirement. *See In re Neurontin Mktg. & Sales Practices Litig.*, 712 F.3d 21 (1st Cir. 2013); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 804 F.3d 633 (3d Cir. 2015); *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co.*, 943 F.3d 1243 (9th Cir. 2019), *cert. pet. pending* No. 19-1069. Three other circuits—the Second, Seventh, and Eleventh Circuits—have held the opposite. *See Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d 71 (2d

---

[3]  *Accord In re Buccina*, 657 F. App'x 350, 351 (6th Cir. 2016) ("Courts traditionally will find that a substantial ground for difference of opinion exists where . . . the circuits are split on the question." (citation and internal quotation marks omitted)); *Negron v. United States*, 553 F.3d 1013, 1015 (6th Cir. 2009) (noting that the District Court found "there was a substantial ground for difference of opinion considering the circuit split on the issue"); *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992) (finding that there was substantial ground for difference of opinion for purposes of § 1292(b) because "the circuits are split on this issue").

Cir. 2015); *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121 (2d Cir. 2010); *Sidney Hillman Health Ctr. v. Abbott Labs.*, 873 F.3d 574 (7th Cir. 2017); *Southeast Laborers Health & Welfare Fund v. Bayer Corp.*, 444 F. App'x 401 (11th Cir. 2011). Further highlighting the basis for a difference of opinion, another panel of the Second Circuit ruled for third-party payor plaintiffs under New Jersey proximate cause principles. *See Desiano v. Warner-Lambert Co.*, 326 F.3d 339 (2d Cir. 2003).

Other courts have acknowledged this entrenched circuit split. For instance, the Ninth Circuit—which this Court found "more persuasive" on the question presented here, Order at 16— explained that there is an "inter-circuit split" on the question whether "TPPs suing pharmaceutical companies for concealing an allegedly known safety risk about a drug can satisfy RICO's proximate cause requirement." *Painters*, 943 F.3d at 1253; *see id.* (stating that "our sister circuits have addressed this question in similar factual scenarios and have reached different results"); *id.* at 1257 (describing the Ninth Circuit's RICO proximate cause holding as the "opposite" of at least two other circuits); *accord In re EpiPen Mkt., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785, 2020 WL 1180550, at *48 (D. Kan. Mar. 10, 2020) (predicting that the Tenth Circuit would follow the First, Third, and Ninth Circuit side of split).

This case squarely raises the legal issue on which the circuits are split. Just as in all of the cases comprising the split, the Third-Party Payors here assert civil RICO claims against pharmaceutical manufacturers seeking to recover their expenditures for prescription medications based on alleged unlawful marketing and promotion by the manufacturers. Because the Sixth Circuit "has not answered" this question, *Miedzianowski*, 735 F.3d at 384, this Court's Order warrants interlocutory review under § 1292(b).

Notably, other district courts have certified this RICO proximate cause issue for immediate appeal under § 1292(b)—and circuit courts have permitted such appeals—including in cases comprising the circuit split.  *See In re Avandia*, 804 F.3d at 637 (noting that "the District Court certified its decision for interlocutory appeal under 28 U.S.C. § 1292(b)," and the Third Circuit "granted permission to appeal"); *UFCW Local 1776*, 620 F.3d at 130 (noting that "the district court certified its order denying summary judgment under 28 U.S.C. 1292(b)," and the Second Circuit "granted Lilly's petition" to permit the appeal).  District courts and courts of appeals have similarly granted § 1292(b) appeals to address RICO proximate cause and remoteness issues in other third-party payor cases.  *See Int'l Bhd. of Teamsters, Local 734 Health & Welfare Tr. Fund v. Philip Morris Inc.*, 196 F.3d 818, 821-22 (7th Cir. 1999) (interlocutory review of RICO proximate cause issue in tobacco litigation brought by third-party payor plaintiffs); *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 232 (2d Cir. 1999), *as amended* (Aug. 18, 1999) (same).

Interlocutory review is especially appropriate because, while the Sixth Circuit has not taken a side on the circuit split, it has previously addressed RICO's proximate cause requirement in the context of third-party payor lawsuits, and that precedent is relevant to resolution of the issue here. In *Perry v. American Tobacco Co.*, 324 F.3d 845 (6th Cir. 2003), a third-party payor asserted civil RICO claims against tobacco manufacturers seeking to recover "the costs of treating smoking-related illnesses" based on alleged unlawful marketing by the manufacturers.  *Id.* at 847.  In affirming the dismissal of those claims, the Sixth Circuit—following "eight other federal circuit courts of appeals"—held that "such claims must fail because the alleged injuries are too remote," and "plaintiffs' claims are inherently contingent on injury to third-party smokers."  *Id.* at 849.  In its Order, this Court distinguished *Perry* and other decisions addressing RICO proximate cause in cases against tobacco manufacturers, on the basis that "some of Plaintiffs' claims are not dependent

on medical costs and expenses."  Order at 36; *see id.* at 39 (similar).  An immediate appeal would permit the Sixth Circuit to conclusively determine the application of its prior precedent rejecting third-party payor RICO claims against tobacco manufacturers to third-party payor RICO claims against pharmaceutical manufacturers.  In decisions comprising the circuit split, other courts of appeals have addressed their own prior tobacco-related RICO precedents in resolving the question presented here.  *See Painters*, 943 F.3d at 1252 n.9; *In re Avandia*, 804 F.3d at 645-46; *Sergeants Benevolent*, 806 F.3d at 88; *UFCW*, 620 F.3d at 132.  Only immediate review by the Sixth Circuit can provide certainty on the application of the Sixth Circuit's prior tobacco-related RICO proximate cause precedent to third-party payor actions against pharmaceutical manufacturers.

In sum, the deep and acknowledged circuit split on a recurring and important legal issue, in a case of this magnitude and complexity, cries out for interlocutory review under § 1292(b).

## III.  IMMEDIATE REVIEW WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

"An interlocutory appeal will materially advance the litigation if it will save substantial judicial resources and litigant expense."  *United States ex rel. Elliott v. Brickman Group Ltd., LLC*, 845 F. Supp. 2d 858, 871 (S.D. Ohio 2012) (citation and internal quotation marks omitted); *see id.* (agreeing that "advancing the ultimate termination of the litigation does not necessarily mean dismissal of all claims in the event the Court of Appeals reverses the District Court").  "If a question of law is 'controlling,' and if an appeal definitively determines that question, then such an appeal will almost certainly 'materially advance the ultimate termination of the litigation,' and, 'save substantial judicial resources and litigant expense.'"  *Id.* (citation omitted)  That is the case here.

As noted, if the Sixth Circuit concludes that the Third-Party Payors failed to adequately plead proximate cause, their claims should be dismissed.  Civil RICO has been described as "the litigation equivalent of a thermonuclear device," so dismissal of the complex RICO claims

unquestionably would save the time and resources of the Court and parties.  *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991); *see United States v. Philip Morris USA Inc.*, No. 99-2496, 2004 WL 1514215, at *3 (D.D.C. June 25, 2004) ("There is no question that an interlocutory appeal of this discrete and central legal issue [under RICO] would conserve the resources of the Court and the parties.").  And even if the Sixth Circuit adopts the Third-Party Payors' side of the circuit split, immediate appellate review would still provide important guidance to the parties and the Court regarding the more than 100 other third-party payor suits pending in this Court, as well as other courts throughout the Sixth Circuit.  *See* Order at 7 n.9 (noting that this lawsuit "was designated as a representative TPP case by the Plaintiffs' Executive Committee").

At a minimum, certainty on a central legal question concerning the threshold viability of the RICO treble-damages claims could impact any settlement discussions.  Numerous courts have recognized that an interlocutory appeal is warranted when "uncertainty about the status of [one of plaintiffs'] claim[s] may delay settlement . . . and by doing so further protract the litigation."  *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012); *see, e.g.*, *Susan B. Anthony List v. Driehaus*, No. 1:10-cv-720, 2011 WL 5299378, at *2 (S.D. Ohio Nov. 2, 2011) (interlocutory appeal may "materially advance the ultimate termination of the litigation" in part because "an affirmance may well spur the parties to settle"); *In re Blue Cross Blue Shield Antitrust Litig.*, 2018 WL 3326850, at *6 n.5 (in a complex MDL, "it is . . . plain that [granting interlocutory review] will likely affect the parties' settlement prospects").  The lack of certainty on the threshold viability of the claims in a high-stakes, complex litigation like this inevitably impacts the parties' positions in any settlement discussions.  The Third-Party Payors' pursuit of treble damages under RICO magnifies this uncertainty.  All parties will benefit if the Sixth Circuit is given the opportunity to weigh in now on the legal issues addressed in the Order.

## CONCLUSION

The Manufacturer Defendants respectfully request that the Court enter an order certifying

for immediate interlocutory appeal the Court's February 21, 2020 Opinion and Order, Doc. 3177.

Dated: April 6, 2020                              Respectfully submitted,

/s/ *Jonathan L. Stern*
Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 942-5000
jonathan.stern@arnoldporter.com

Sean O. Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
sean.morris@arnoldporter.com

*Attorneys for Defendants Endo Health*
*Solutions Inc.; Endo Pharmaceuticals Inc.;*
*Par Pharmaceutical, Inc.; and Par*
*Pharmaceuticals Companies, Inc.*

/s/ *Donna M. Welch* (consent)
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendant Allergan Finance, LLC f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

/s/ *Steven A. Reed* (consent)
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals, USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

/s/ *Charles C. Lifland* (consent)
Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com

*Attorneys for Defendants Janssen*
*Pharmaceuticals, Inc.; Johnson & Johnson;*
*Janssen Pharmaceutica, Inc. n/k/a Janssen*
*Pharmaceuticals, Inc.; and Ortho-McNeil-*
*Janssen Pharmaceuticals, Inc. n/k/a Janssen*
*Pharmaceuticals, Inc.*

/s/ *Brien T. O'Connor* (consent)
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC*
*and SpecGx LLC*

13