# Exhibit A

**COMPARISON TABLE OF DEFENDANTS' TRACK 1 AND TRACK 2 DISCOVERY REQUESTS
PROPOUNDED ON THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION**

| Defendants' T2 Discovery Requests | Defendants' MDL T1 Discovery Requests | Notes |
|---|---|---|
| **1. Requests that are exact duplicates of those propounded in MDL** | | |
| **Request # 30:** All Documents and Communications concerning the determination of Aggregate Production Quotas for Prescription Opioids during the Relevant Time Period. | **Request # 22:** All Documents and Communications concerning the determination of Opioid Production Quotas and Opioid Procurement Quotas. | Here, Defendants simply added the word "Aggregate" prior to "Production Quotas" |
| **Request # 31:** All Documents concerning Communications with or about the Healthcare Distribution Alliance (HDA) or Healthcare Distribution Management Association (HDMA). | **Request # 23:** All Documents concerning Communications with or about the Healthcare Distribution Alliance or Healthcare Distribution Management Association. | |
| **Request # 33:** All Documents DEA has identified or determined were retained by Joseph Rannazzisi upon the conclusion of his employment with DEA, as well as all documents concerning DEA's investigation of whether documents were retained by Mr. Rannazzisi upon the conclusion of his employment with DEA. | **Request # 33:** All Documents DEA has identified or determined were retained by Joseph Rannazzisi upon the conclusion of his employment with DEA, as well as all documents concerning DEA's investigation of whether documents were retained by Mr. Rannazzisi upon the conclusion of his employment with DEA. | Notably, the DEA *already produced* these documents in the MDL. |
| **Request # 34:** The complete personnel file relating to the employment of Joseph Rannazzisi by the DEA. | **Request # 34:** The complete personnel file relating to the employment of Joseph Rannazzisi by the DEA. | |
| **Request # 35:** All Documents provided by the DEA or by any current or former employee of the DEA to the Washington Post and/or to 60 Minutes, and all Documents concerning DEA's investigation relating to Documents provided to the Washington Post and/or 60 Minutes. | **Request # 37:** All Documents provided by the DEA or by any current or former employee of the DEA to the Washington Post and/or to 60 Minutes, and all Documents concerning DEA's investigation relating to Documents provided to the Washington Post and/or 60 Minutes. | |

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| **2. Requests that are duplicative of those propounded in MDL or are otherwise not case specific** | | |
| **Request # 3:** All Documents describing, relating to, or reflecting efforts made by You to access or utilize ARCOS Data, Suspicious Order Reports, and/or West Virginia Controlled Substance Automated Prescription Program data to combat the diversion or misuse of Prescription Opioids in the City of Huntington, Cabell County, or any town, village, or city within Cabell County. | **Request # 9:** All Documents describing, relating to, or reflecting efforts made by DEA to utilize the ARCOS data, suspicious order reports, and/or other communications from Defendants to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances.<br><br>**Request # 10:** All Documents describing, relating to, or reflecting Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances including, but not limited to, all Documents describing, relating to, or reflecting the DEA's response to Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports. | This request is largely duplicative of Request Nos. 9 and 10 in the MDL. Although the current subpoena slightly expands the scope of the previous requests, which focused on DEA's efforts as it relates to ARCOS and SORs data *submitted by Defendants*, it is unclear how DEA's use of ARCOS/SORs data for entities unrelated to Defendants is relevant to the instant litigation. Moreover, Defendants have made clear in the course of meet and confers with DEA that they are interested in DEA's use of ARCOS/SORs data submitted by Defendants. |
| **Request # 4:** All Documents referring or relating to the unlawful use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>   a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>   b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids; | This request is duplicative of Request No. 11 in the MDL. Although this request is nominally limited to the geography at issue in the remanded case, the documents at issue were already sought in the MDL without any geographic limit following lengthy meet and confer discussions between the Defendants and the DEA. |

2

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| | c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | |
| **Request # 5:** All Documents and data referring, tracking, or relating to any arrests, investigations, and indictments for crimes relating to the unlawful use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | This request is duplicative of Request No. 11 in the MDL. Although this request is nominally limited to the geography at issue in the remanded case, the documents at issue were already sought in the MDL without any geographic limit following lengthy meet and confer discussions between the Defendants and the DEA. |

3

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| **Request # 6:** All Documents discussing, referring, or relating to Your efforts to combat the unlawful use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | This request is duplicative of Request No. 11 in the MDL.  Although this request is nominally limited to the geography at issue in the remanded case, the documents at issue were already sought in the MDL without any geographic limit following lengthy meet and confer discussions between the Defendants and the DEA. |
| **Request # 7:** All Documents and Communications identifying, discussing, or relating to the individuals or entities You suspect or know have unlawfully produced, transported, diverted, sold, and/or trafficked Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any | This request is duplicative of Request No. 11 in the MDL.  Although this request is nominally limited to the geography at issue in the remanded case, the documents at issue were already sought in the MDL without any geographic limit following lengthy meet and confer discussions between the Defendants and the DEA. |

| Defendants' T2 Discovery Requests | Defendants' MDL T1 Discovery Requests | Notes |
|---|---|---|
| | United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | |
| **Request # 8:** All Documents referring or relating to Your efforts to suspend, revoke, or seek the suspension or revocation of registrations or licenses of, or fine or otherwise sanction any distributors, doctors, pharmacies, pharmacists, healthcare providers or other persons or entities because of the alleged diversion or trafficking of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such | This request is duplicative of Request Nos. 11 and 29 in the MDL. Although this request is nominally limited to the geography at issue in the remanded case, the documents at issue were already sought in the MDL without any geographic limit following lengthy meet and confer discussions between the Defendants and the DEA. |

5

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| | complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports.<br>**Request # 29:** All Documents concerning the DEA registration of any of the Defendants, including but not limited to all Documents describing, relating to, or reflecting the revocation of Registration for any DEA Registrant relating to Prescription Opioids. | |
| **Request # 9:** All Documents that state, discuss, reflect, or suggest recommendations for actions to be taken by You or any federal, state, or local agency within the City of Huntington, Cabell County, or any town, village, or city within Cabell County, to combat the use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions | This request is duplicative of Request No. 11 in the MDL.  Although this request is nominally limited to the geography at issue in the remanded case, the documents at issue were already sought in the MDL without any geographic limit following lengthy meet and confer discussions between the Defendants and the DEA. |

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| | undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | |
| **Request # 11:** All Documents referring or relating to any Defendant regarding the use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | This request is duplicative of Request No. 11 in the MDL. Although this request is nominally limited to the geography at issue in the remanded case, the documents at issue were already sought in the MDL without any geographic limit following lengthy meet and confer discussions between the Defendants and the DEA. |

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| **Request # 12:** All Documents and Communications between You and any federal, state, or local agency (including but not limited to the West Virginia Board of Pharmacy, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia State Board of Examiners for Licensed Practical Nurses, the West Virginia State Board of Examiners for Registered Professional Nurses, the Department of Justice, the FBI, other federal, state, and local law enforcement entities), and the City of Huntington, Cabell County, or any town, village, or city within Cabell County regarding Illicit Opioids, Prescription Opioids, diversion, or the opioid epidemic. Included within this response are all Documents and Communications regarding efforts to combat drug-related crime, respond to the opioid epidemic, or form a joint task force to combat the opioid epidemic. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | This request is duplicative of Request No. 11 in the MDL. Although this request is nominally limited to the geography at issue in the remanded case, the documents at issue were already sought in the MDL without any geographic limit following lengthy meet and confer discussions between the Defendants and the DEA. |
| **Request # 13:** All Documents reflecting or relating to any completed inspection, audit, or investigation conducted by You of any Defendant located in or distributing to pharmacies in West Virginia, including inspections, audits, and investigations that did not lead to any further investigation or enforcement action. Defendants | **Request # 28:** All Documents concerning any visits by DEA personnel to any of Defendants' facilities, including but not limited to reports regarding audits and inspections, audit work papers, check sheets, and questions or inquiries concerning suspicious order monitoring, detecting, and reporting. | This request is duplicative of Request Nos. 28 and 30 in the MDL. |

8

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| can provide a list of registration numbers for the relevant distribution centers, if requested. | **Request # 30:** All Documents concerning any investigation or inquiry by DEA concerning the Defendants. | |
| **Request # 15:** All Documents reflecting or relating to the DEA's policies, procedures, and training with respect to distribution or dispensing controlled substances for the treatment of pain. | | This request is not case-specific; this information should have been sought in the MDL. |
| **Request # 16:** All Communication between DEA Headquarters and DEA field offices related to Your use of the Suspicious Order Reporting System (SORS), ARCOS data, or any other communications from Defendants to combat the diversion or misuse of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County. | **Request # 9:** All Documents describing, relating to, or reflecting efforts made by DEA to utilize the ARCOS data, suspicious order reports, and/or other communications from Defendants to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances. | This request is duplicative of Request Nos. 9, 10, 25, and 26 in the MDL. |
| | **Request # 10:** All Documents describing, relating to, or reflecting Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances including, but not limited to, all Documents describing, relating to, or reflecting the DEA's response to Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports. | |
| | **Request # 25:** All Communications or correspondence between DEA and any of the Defendants. | |
| | **Request # 26:** All Documents concerning Communications with or regarding the Defendants, including but not limited to Communications regarding their Suspicious Order Monitoring Program, the adequacy of | |

9

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| | Defendants' systems to safeguard against diversion, Quota, or Prescription Opioids. | |
| **Request # 17:** All Documents relating to Your use of suspicious order reports submitted by Defendants to DEA Headquarters relating to West Virginia registrants, including but not limited to the transmittal of such suspicious order reports to DEA Diversion Investigators responsible for West Virginia and/or other federal, state or local government agencies. | **Request # 9:** All Documents describing, relating to, or reflecting efforts made by DEA to utilize the ARCOS data, suspicious order reports, and/or other communications from Defendants to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances. | This request is duplicative of Request Nos. 9, 10, 25, and 26 in the MDL. |
| | **Request # 10:** All Documents describing, relating to, or reflecting Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances including, but not limited to, all Documents describing, relating to, or reflecting the DEA's response to Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports. | |
| | **Request # 25:** All Communications or correspondence between DEA and any of the Defendants. | |
| | **Request # 26:** All Documents concerning Communications with or regarding the Defendants, including but not limited to Communications regarding their Suspicious Order Monitoring Program, the adequacy of Defendants' systems to safeguard against diversion, Quota, or Prescription Opioids. | |
| **Request # 18:** All Documents related to any investigation of suspicious orders reported by Defendants for West Virginia pharmacies, | **Request # 9:** All Documents describing, relating to, or reflecting efforts made by DEA to utilize the ARCOS data, suspicious order reports, and/or other communications from | This request is duplicative of Request Nos. 9, 10, 25, and 26 in the MDL. |

10

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| hospitals, or other dispensers for the Relevant Time Period. | Defendants to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances. | |
| | **Request # 10:** All Documents describing, relating to, or reflecting Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances including, but not limited to, all Documents describing, relating to, or reflecting the DEA's response to Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports. | |
| | **Request # 25:** All Communications or correspondence between DEA and any of the Defendants. | |
| | **Request # 26:** All Documents concerning Communications with or regarding the Defendants, including but not limited to Communications regarding their Suspicious Order Monitoring Program, the adequacy of Defendants' systems to safeguard against diversion, Quota, or Prescription Opioids. | |
| **Request # 19:** All Documents relating to Your use of ARCOS data to investigate West Virginia pharmacies, pharmacists, or health care providers for the Relevant Time Period. | **Request # 9:** All Documents describing, relating to, or reflecting efforts made by DEA to utilize the ARCOS data, suspicious order reports, and/or other communications from Defendants to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances. | This request is largely duplicative of Request Nos. 9 and 10 in the MDL. Although the current subpoena slightly expands the scope of the previous requests, which focused on DEA's efforts as it relates to ARCOS and SORs data *submitted by Defendants*, it is unclear how DEA's use of ARCOS/SORs data for entities unrelated to Defendants is relevant to |
| | **Request # 10:** All Documents describing, relating to, or reflecting Defendants' efforts to obtain access to ARCOS data and/or | |

11

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| | suspicious order reports to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances including, but not limited to, all Documents describing, relating to, or reflecting the DEA's response to Defendants' efforts to obtain access to ARCOS data and/or suspicious order reports. | the instant litigation. Moreover, Defendants have made clear in the course of meet and confers with DEA that they are interested in DEA's use of ARCOS/SORs data submitted by Defendants. |
| **Request # 20:** All Documents and Communications relating to any proposed changes to 21 U.S.C. § 823, 21 C.F.R. § 1301.74, or any other DEA regulation and/or guidance with respect to suspicious orders for controlled substances, including but not limited to Your internal Communications and external Communications with registrants and the United States Congress. | **Request # 1:** All Documents concerning Communications between DEA and DEA Registrants regarding any actual or purported obligation under 21 U.S.C. § 823, 21 CFR 1301.74 or any other DEA regulation with respect to suspicious orders for controlled substances, including but not limited to letters, presentations, emails, conference materials, or other correspondence. | This request is duplicative of Request Nos. 1 and 2 in the MDL. |
| | **Request # 2:** All Documents concerning DEA's ability or willingness to provide guidance to DEA Registrants regarding their obligations under 21 U.S.C. § 823, 21 CFR 1301.74, or any other DEA regulation with respect to suspicious orders for controlled substances. | |
| **Request # 36:** All Documents and Communications between DEA registrants and the Office of Diversion Control's Liaison and Policy Section relating to registrants' obligations under 21 C.F.R. § 1301.74. | **Request # 1:** All Documents concerning Communications between DEA and DEA Registrants regarding any actual or purported obligation under 21 U.S.C. § 823, 21 CFR 1301.74 or any other DEA regulation with respect to suspicious orders for controlled substances, including but not limited to letters, presentations, emails, conference materials, or other correspondence. | This request is duplicative of Request Nos. 1 and 2 in the MDL. |

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| | **Request # 2:** All Documents concerning DEA's ability or willingness to provide guidance to DEA Registrants regarding their obligations under 21 U.S.C. § 823, 21 CFR 1301.74, or any other DEA regulation with respect to suspicious orders for controlled substances. | |
| **Request # 26:** All Documents relating to suspicious order reports for West Virginia pharmacies, hospitals, and other dispensers that were submitted directly to DEA field offices in West Virginia during the Relevant Time Period, and all actions taken resulting from the same. | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | This request is duplicative of Request No. 11 in the MDL. |
| **Request # 28:** All Documents and Communications with any federal, state, or local | **Request # 11:** All DEA files and records relating to diversion or misuse of Prescription | This request is largely duplicative of Request No. 11(d) in the MDL. Defendants have expanded this |

13

| Defendants' T2 Discovery Requests | Defendants' MDL T1 Discovery Requests | Notes |
|---|---|---|
| agency in or with jurisdiction over the City of Huntington, Cabell County, or any township, village, or city within Cabell County, and/or any distributor or manufacturer, regarding access to Suspicious Order Reporting System (SORS) and/or the ARCOS database. | Opioids, including but not limited to the following:<br>a. Correspondence related to potential or actual diversion or misuse of Prescription Opioids;<br>b. Correspondence from or to any other Department of Justice agency or office (including but not limited to, any United States Attorney's Office), any other federal agency, any state agency, or any federal, state, or local official relating to the diversion or misuse of Prescription Opioids;<br>c. Complaints made to DEA relating to the diversion or misuse of Prescription Opioids, documents and correspondence reflecting any actions undertaken by DEA relating to such complaints, and any other records relating to such complaints;<br>d. Correspondence with any federal, state, or local agency regarding Suspicious Order reports. | request slightly to now seek communications regarding access to ARCOS data in addition to SORs data; however, this information could and should have been sought in the MDL. |
| **Request # 29:** All Documents or Communications concerning the DEA's efforts to investigate any pharmacists, pharmacy interns, doctors or other prescribers in the City of Huntington, Cabell County, or any township, village, or city within Cabell County, prior to registering them or renewing their registration to lawfully prescribe or dispense controlled substances. | **Request # 9:** All Documents describing, relating to, or reflecting efforts made by DEA to utilize the ARCOS data, suspicious order reports, and/or other communications from Defendants to identify pharmacists, pharmacy interns, doctors or other prescribers, or patients who might be diverting controlled substances. | This request is largely duplicative of Request No. 9 in the MDL. Although the current subpoena slightly expands the scope of the previous request, which focused on DEA's efforts as it relates to ARCOS and SORs data *submitted by Defendants*, it is unclear how DEA's more general efforts to investigate pharmacists, pharmacy interns, doctors or other prescribers, unrelated to information submitted by |

| Defendants' T2 Discovery Requests | Defendants' MDL T1 Discovery Requests | Notes |
|---|---|---|
| | | Defendants, is relevant to the instant litigation. |
| **Request # 32:** All Documents concerning Communications with or about the Government Accountability Office (GAO) relating to the following report: *Drug Control: Actions Needed to Ensure Usefulness of Data on Suspicious Opioid Orders,* GAO-20-118 (Washington, D.C.: January 2020). | | This request is not case specific; this is a particularly good example of Defendants' use of remand as an opportunity to reopen discovery. |
| **3.   Additional requests with no direct corollary to the MDL requests** | | |
| **Request # 1:** All Documents submitted by You to the House Energy and Commerce Committee as part of its investigation that resulted in the report *Red Flags and Warning Signs Ignored: Opioid Distribution and Enforcement Concerns in West Virginia,* December 19, 2018, including but not limited to all Documents produced to the Committee, all written statements provided to Committee, and all notes, presentations, handouts and communications relating to the multiple briefings from DEA Staff to Committee Staff referenced in the Report. | | |
| **Request # 2:** All Documents and Communications concerning the determination of estimates of diversion for Prescription Opioids during the Relevant Time Period pursuant to the Substance Use Disorder Prevention that Promotes Opioid Recovery and Treatment for Patients and Communities Act (SUPPORT Act), Pub. L. 115-271, 132 Stat. 3894. *See* https://www.deadiversion.usdoj.gov/fedregs/quotas/2019/fr0912.htm. | | Given that the SUPPORT Act was signed into law on October 24, 2018, this request seeks documents created after the MDL was constituted. |

| **Defendants' T2 Discovery Requests** | **Defendants' MDL T1 Discovery Requests** | **Notes** |
|---|---|---|
| **Request # 14:** All Documents reflecting or relating to DEA's policies and procedures and training with respect to inspections, audits and/or investigations of registrations in West Virginia, and summary information of completed inspections, audits and/or investigations of licensees by year. | | |
| **Request # 22:** All Documents and Communications relating to DEA's decision to establish only one Tactical Diversion Squad for West Virginia until 2016. | | |
| **Request # 23:** All Documents arising out of the search and seizure warrant executed on Safescript Pharmacy #6 in the United States District Court for the Southern District of West Virginia, Huntington Division (3:12-mj-00010) (February 15, 2012). | | |
| **Request # 24:** All Documents relating to Your investigation of and decision to not prosecute Wendell Kent Freeman. | | |
| **Request # 25:** Documents sufficient to identify those individuals at DEA responsible for receiving, analyzing, and disseminating suspicious order reports submitted to DEA Headquarters relating to the distribution of Prescription Opioids to West Virginia pharmacies, hospitals, and other dispensers during the Relevant Time Period. | | |