**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION ) | CASE NO. 1:17-MD-2804 |
| OPIATE LITIGATION ) | |
| ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: ) | |
| "*All Cases*" ) | |
| ) | |
| ) | **ORDER REGARDING** |
| ) | **TRACK 1B and TRACK THREE** |

In light of the recent Order by the Sixth Circuit Court of Appeals granting the Pharmacy Defendants' petition for writ of mandamus,[1] the Court rules as follows.

First, the appellate court remanded the Track 1B cases[2] "with instructions to strike each County's November 2019 'Amendment by Interlineation.'" *Mandamus Order* at 9. Accordingly, the following documents are **stricken**: MDL master docket numbers 2943 and 2944. This works to remove Plaintiffs' "dispensing claims" against the Pharmacy Defendants in Track 1B. Plaintiffs have advised the Court they wish to proceed in Track 1B on their remaining "distribution claims" against the Pharmacy Defendants. Given that most of the discovery has been done on these claims,

---

[1] *In re: National Prescription Opiate Litig.*, case no. 20-3075, dkt no. 50-3 (6th Cir. April 15, 2020) ("*Mandamus Order*").

[2] The Track 1B cases are: (1) *The County of Cuyahoga, Ohio v. Purdue Pharma L.P.*, case no. 17-op-450041 (N.D. Ohio); and (2) *The County of Summit, Ohio v. Purdue Pharma L.P.*, case no. 18-op-450901 (N.D. Ohio).

the Court believes that, even with the exigencies of COVID-19, the current schedule culminating in a November, 2020 trial remains reasonable and realistic.

Second, the Court now **directs** as follows.  The Court will select a case for a Track 3 bellwether trial in the Northern District of Ohio, at which will be decided: (1) only public nuisance claims (2) against only the pharmacy defendants (2) in their roles as distributors and dispensers.  On or before noon EST on Thursday, April 23, 2020, the PEC shall identify potential cases for Track 3.[3]  The Pharmacy Defendants shall then meet and confer with the PEC to determine whether they can reach agreement on which case(s) will be selected for Track 3.  On or before noon EST on Tuesday, April 28, 2020, the parties shall report to the Court on the status of this issue.  If there is no agreement, the Court will choose.

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** April 16, 2020

---

[3] Among other characteristics, the potential cases must: (1) be triable in the Northern District of Ohio; (2) already name Pharmacies as defendants; and (3) be brought by municipal entity plaintiffs, that are willing to try only the above-described claims at the bellwether trial.  Plaintiffs may suggest that Track 3 proceed with a single plaintiff's case or with multiple cases (as has occurred with Track 1B).  If the potential cases currently state only distribution claims (as opposed to dispensing claims) against the Pharmacy Defendants, and if an answer has not yet been filed, the Court will allow the filing of amended complaints to state dispensing claims.  If the potential cases currently state only distribution claims and an answer *has* already been filed, the Court will later receive and decide motions to amend, unless the Pharmacy Defendants stipulate to amendment of the complaints to state dispensing claims.