# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track One Cases* | MDL NO. 2804<br><br>Civ. No. 1:17-md-02804-DAP<br><br>HON. JUDGE DAN A. POLSTER |

**AMERISOURCEBERGEN DRUG CORPORATION'S NOTICE REGARDING DEA'S MOTION FOR CLARIFICATION AND THE COURT'S RESPONSE THERETO**

AmerisourceBergen Drug Corporation ("ABDC") respectfully files this Notice Regarding DEA's Motion for Clarification ("DEA's Motion") (ECF No. 3260) and the Court's Response thereto (the "Response") (ECF No. 3263). The Court issued its Response before ABDC had an opportunity to respond to DEA's Motion—which, as explained below, sought a ruling from this Court on an issue that is properly before Judge Faber in the Southern District of West Virginia. This Notice sets forth what ABDC would have said in response to DEA's Motion, in order to correct the record and preserve ABDC's rights in this MDL and the remanded cases.

**I.    Introduction**

On April 15, 2020, DEA filed a "Motion for Clarification" regarding this Court's January 6, 2020 Suggestion of Remand. DEA purported to seek the MDL Court's guidance on ongoing discovery against DEA in remanded cases, essentially asking that it be absolved of all discovery obligations in those cases. The Court issued a Response to that Motion on April 17, 2020, before any party had a chance to respond to DEA's Motion. Because ABDC did not have an opportunity to respond to DEA's Motion, the record now contains certain misstatements about the status of

DEA discovery, in both the MDL and in the *Cabell* and *Huntington* cases currently pending before Judge Faber in the Southern District of West Virginia.

ABDC files this Notice to correct this record and object to DEA's Motion. DEA's Motion is an improper attempt at forum-shopping and an inappropriate request for an advisory opinion based on an incomplete record. On top of that threshold problem, DEA's Motion is based on numerous critical misstatements regarding the status of discovery in the MDL and in West Virginia. Moreover, ABDC's Notice is necessary not only to correct the record, but also to preserve their position and discourage future filings like DEA's Motion by parties and third parties alike.

## II. DEA Failed to Disclose a Pending Motion to Compel and Is Openly Engaged in Forum Shopping.

As the Court is aware, the *Cabell* and *Huntington* cases were among the first cases remanded to their original jurisdiction pursuant to the Court's Suggestions of Remand.[1] The cases are now consolidated and pending before the Honorable Judge Faber in the Southern District of West Virginia, and are proceeding only against Defendants ABDC, Cardinal Health, Inc., and McKesson Corporation ("Distributor Defendants"). As the Court noted in the Suggestion of Remand filed on November 19, 2019, the work done in the MDL up to that point "provide[d] a good base upon which the transferor courts can build," but the Court also acknowledged that not all pre-trial proceedings were complete. ECF 2941 at 5-6.

---

[1] On January 6, 2020, this Court issued a Suggestion of Remand for *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Case No. 17-OP-45053 (N.D. Ohio) and *City of Huntington, W.V. v. AmerisourceBergen Drug Corp., et al.*, Case No. 17-OP-45054 (N.D. Ohio) (ECF No. 3059). Before issuing its Suggestion of Remand specifically for the *Cabell* and *Huntington* cases, on November 19, 2019, this Court issued a Suggestion of Remand for three other cases pending in the MDL, and noted that it would "probably submit additional suggestions of remand at the appropriate time," including *Cabell County* and *City of Huntington* (ECF No. 2941).

Since the remand, the parties have engaged in discovery, including both party and non-party discovery. Indeed, as relevant here, both Plaintiffs and Distributor Defendants have served subpoenas on DEA. DEA has produced documents in response to Plaintiffs' subpoena in these cases, but has refused to even look for documents in response to Distributor Defendants' subpoena.

On February 21, 2020, Distributor Defendants served a subpoena to produce documents on DEA. *See Cabell County Comm'n v. AmerisourceBergen Drug Corp., et al*, Case No. 3:17-01665 (S.D.W. Va.) (ECF No. 321 at 1). Distributor Defendants and DEA engaged in three lengthy meet-and-confers during the weeks that followed. *Id.* During these lengthy meet-and-confers, it became clear that DEA would not commit to produce *any* additional discovery. *See id.* As a consequence, Distributor Defendants filed a Motion to Compel Discovery Responses from DEA on April 14, 2020. *See Cabell County Comm'n* (ECF Nos. 320 & 321). Distributor Defendants promptly served their Motion on the parties and counsel for DEA via electronic mail.

The very next day, DEA sought to bypass the West Virginia district court by filing its Motion for Clarification in *this Court*. Through that Motion, DEA requested that this Court issue an order that would "clearly defin[e] what discovery has been conducted in the MDL and what discovery, if any, has specifically been left for the transferor court to oversee." ECF No. 3206 at 15-16. And while DEA specifically included the Distributor Defendants' subpoena in the *Cabell* and *Huntington* cases as an example of the discovery it is seeking to avoid, DEA did *not* disclose to this Court that that same subpoena is the subject of a pending Motion to Compel properly before Judge Faber and Special Master Wilkes in the West Virginia district court. *See id.* at 7-8.

As this Court itself correctly acknowledged in its Response, the Court does not have jurisdiction over an active discovery dispute pending before a different federal judge in a different court. *See* Response at 3 ("That said, the undersigned is quick to add that discovery disputes in

the West Virginia remanded cases are no longer within this Court's jurisdiction."). The problems created by DEA's Motion were compounded by DEA's failure to inform this Court of the motion to compel pending before Judge Faber and Special Master Wilkes. The only conclusion that can be drawn from DEA's motion—both what it requested and what it omitted—is that DEA was hoping to obtain a procedural advantage by securing a quick advisory ruling from this Court—on a significantly faulty record, as discussed below—before briefing was complete on Distributor Defendants' Motion to Compel properly pending before Special Master Wilkes and Judge Faber. DEA's forum shopping should not be countenanced.

### III. DEA'S Motion Is Based on Several Critical Misstatements.

Beyond its procedural infirmities, DEA's Motion contains several factual inaccuracies, all of which deprived this Court and the record of an accurate summation of the state of play—including the circumstances surrounding DEA discovery in the *Cabell* and *Huntington* cases and the issues involved in the parties' dispute. ABDC will not provide a point-by-point rebuttal of DEA's lengthy Motion here, and instead will address it fully after DEA files its Opposition to Distributor Defendants' Motion to Compel in the proper forum. ABDC will, however, highlight several of the most critical issues here, for the benefit of the Court and clarity of the record.

*First*, contrary to DEA's assertions, the discovery Distributor Defendants seek in *Cabell* and *Huntington* is *not* redundant with discovery that has been completed in the MDL. To the contrary, during their meet-and-confers in *Cabell* and *Huntington*, Distributor Defendants prioritized eighteen discovery requests for DEA—none of which were previously sought in the MDL.[2] Each of these eighteen requests are specific to Cabell County, the City of Huntington,

---

[2] The priority requests are detailed in Distributor Defendants' Memorandum in Support of Defendants' to Compel Discovery Responses from DEA. *See Cabell County Comm'n*, ECF No. 321 at 6-9.

and/or West Virginia, or seek information learned of since discovery closed in the Track One Litigation.³ And critically, at no point during any of these lengthy meet-and-confers did DEA ever even offer to point Distributor Defendants to documents it believes it had already produced in response to these requests—nor could it since the requests are not duplicative.

*Second*, in its Motion, DEA asserts that it "*collected* roughly 65 million pages of documents" in the Track One Litigation. *See* DEA's Motion at 5 (emphasis added). DEA fails to mention, however, that it only *produced* just over 9,300 documents, totaling less than 41,000 pages of documents. This begs the question of what happened to the other 64,959,000 pages of documents. This is now a question to be addressed before Judge Faber and Special Master Wilkes in the *Cabell* and *Huntington* cases in connection with their adjudication of Distributor Defendants' Motion to Compel.

*Third*, DEA contends that "the majority of the documents requested contained privileged or law enforcement sensitive information." *Id.* DEA fails to mention, however, that Distributor Defendants are unable to even begin analyzing DEA's privilege assertions because DEA has failed to produce privilege logs for the likely thousands upon thousands of documents it has been withholding *for more than a year*. Indeed, DEA will not even disclose how many documents it is withholding or make a commitment on when it will produce privilege logs other than to say they will *begin* making rolling productions at the end of April—one year late.⁴

---

3   *See id.* at 7-9. For example, certain of the requests relate to the September 2019 Office of the Inspector General's Report entitled "Review of the Drug Enforcement Administration's Regulatory and Enforcement Efforts to Control the Diversion of Opioids" and the January 2020 Government Accountability Office's Report entitled "Drug Control: Actions Needed to Ensure Usefulness of Data on Suspicious Orders." Both of these reports are undoubtedly relevant to this litigation and were not— and could not have been—subject to discovery in the Track One Litigation.

4   Moreover, there is reason to be skeptical of DEA's privilege assertions. Indeed, in Track One-B, Special Master Cohen just recently disagreed with numerous DEA arguments about privilege. *See* April 10, 2020 Order Regarding Discovery from the Federal Government (ECF No. 3258).

## IV. The Court Correctly Acknowledged that It Does Not Have Jurisdiction Over Discovery Disputes in the Remanded Cases.

This Court oversaw "global" discovery of the MDL litigation through the Track One cases. As this Court knows, however, discovery in that context was unavoidably lopsided when it comes to the discovery needed outside of the Track One cases. In Track One, Plaintiffs conducted global discovery of Defendants, while Defendants conducted *case-specific* discovery into the Track One Plaintiffs, Summit and Cuyahoga Counties.[5] That case-specific discovery is irrelevant in a case brought by any other plaintiff, including *Cabell* and *Huntington* and the plaintiffs in the other remanded cases. The jurisdiction-specific discovery needed in the remanded cases involves not just discovery on Plaintiffs alone, but also discovery on third parties, including DEA. (Indeed, the Plaintiffs in *Cabell* and *Huntington* have also been pursuing exactly this type of third-party discovery.)

Key discovery is unavoidably incomplete in the remanded cases, and DEA cannot skirt its obligations to respond to a subpoena in those cases by making a one-sided and incomplete plea to this Court, which has correctly acknowledged that it no longer has jurisdiction over the remanded cases. *See* Response at 3. DEA is not without options, of course. It could file a Motion to Quash before Judge Faber (which it has not done), and it can and undoubtedly will oppose Distributor Defendants' Motion to Compel. But it cannot go forum shopping for advisory opinions from this Court every time it fears it will not obtain its preferred outcome from the court with jurisdiction over a remanded case.

The *Cabell* and *Huntington* consolidated cases are only one of several cases this Court has remanded at this point. And DEA is only one of many third parties that may be impacted by this

---

[5] The Court distinguished between this "global" defendant-focused discovery and the "specific" plaintiff-focused discovery in its Suggestion of Remand. ECF No. 2941 at 4.

litigation.  There is a real risk that such forum-shopping will continue with other parties and non-parties seeking advisory opinions from this Court, which lacks jurisdiction over such matters, rather than seeking a decision from the transferor court that does have jurisdiction.  There is an equally real risk that if ABDC remained silent in the face of DEA's Motion, that silence could be construed as consent.  ABDC accordingly files this Notice to correct the record and object to any future such filings.

**V.     Conclusion**

For the reasons set forth above, ABDC files this Notice to correct the record and to object to DEA's improper filing of its Motion for Clarification before this Court.

April 23, 2020                                              Respectfully submitted,

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 23, 2020, the foregoing Notice Regarding DEA's Motion for Clarification and the Court's Response Thereto was served on all counsel of record via the CM/ECF system and on counsel for DEA via electronic mail.

*/s/ Robert A. Nicholas*
Robert A. Nicholas