UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*"All Cases"* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' POSITION STATEMENT AND OBJECTION REGARDING SELECTION OF CASES FOR TRACK THREE**

The undersigned Defendants ("Pharmacy Defendants") submit this position statement and objection regarding this Court's Order Regarding Track One-B and Track Three (the "Order") entered on April 16 and the selection of cases for Track Three pursuant to that Order.

The Order directed the PEC to identify "potential cases for Track 3" that met certain criteria set forth by the Court regarding which defendants and which claims to pursue. Order at 2. The Order further directed the parties to meet and confer on which case(s) to select and report back to the Court on whether they reached agreement. Order at 2 & n.3. Instead of identifying a number of "potential cases" that meet these requirements for discussion, the PEC specified only two cases (brought by Lake County and Trumbull County), which the PEC says must be tried together. The PEC also says it was unaware of any other plaintiffs who would agree to the Court's conditions for selection as a Track 3 case, leaving no room to agree or disagree with the PEC's selection of cases.

In any event, the Pharmacy Defendants object more fundamentally to the way Track Three was created. The Order was entered *sua sponte*, with no opportunity for the Pharmacy Defendants to be heard. It sets Track Three in the Northern District of Ohio, a district that already has been the subject of extensive bellwether litigation. And it defines the precise contours of the case that

the Court would deem acceptable—down to the specific claims and defendants that should and should not be pleaded.

Three federal bellwethers already are proceeding against one or more of the Pharmacy Defendants—Track One-B, Cherokee Nation, and San Francisco—and no more are appropriate at this time, especially given the additional state cases proceeding against several Pharmacy Defendants amidst the exigencies of COVID-19. But if an additional federal bellwether were appropriate, it should not be another case from the Northern District of Ohio, where litigation has been proceeding for two years. To serve the purpose of bellwether litigation, it should be a case from a different jurisdiction where claims can be tested against different facts and a different state's law.

Pharmacy Defendants objected to the setting of Track One-B on these same grounds, *see* Doc. Nos. 2907, 2933. Given that Track One-B was selected nonetheless, Pharmacy Defendants' objection to the selection of yet another Northern District of Ohio bellwether, on top of Track One-B, is amplified. "[T]o have a meaningful impact on reaching global settlement, both sides must consider the selected bellwether case pool a fair sample of the docket, likely to provide an unbiased valuation of claims and the likelihood of success of defenses." *Bellwether Trials in MDL Proceedings*, Federal Judicial Center Pocket Series, at 22 (2019). The selection of an additional Northern District of Ohio bellwether case with artificially constructed sets of claims and defendants does not meet this standard.

Finally, a unilateral directive by the presiding judge to sever claims and defendants for trial in service of the Court's goals for the MDL—outside the record of any particular case and without consideration of the rules applicable to severing parties and claims—violates the Federal Rules of Civil Procedure (including, among others, Rules 8, 12, 18, 20, 21 and 42) and oversteps the Court's

role to preside over the cases before it rather than to recast the litigation in a form that the Court prefers. *See Ligon v. City of New York*, 736 F.3d 118, 126 n.17 (2d Cir. 2013), *vacated in part on other grounds*, 743 F.3d 362 (2d Cir. 2014) (holding that a trial judge acted improperly by "suggesting that the plaintiffs bring a lawsuit, outlining the basis for the suit, intimating her view of its merit, stating how she would rule on the plaintiffs' document request in that suit, and telling the plaintiffs that she would take it as a related case"). Any decision to try particular claims against particular defendants—whether under Rule 42 (setting a separate trial on particular claims) or Rule 21 (severing claims)—must be based on the facts of a particular case, rather than the perceived needs of the MDL as a whole. *See In re CVS Pharmacy, Inc.*, __ F.3d __, 2020 WL 1875174, *1 (Apr. 15, 2020) ("[A]n MDL court's determination of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, as applied to the record in that case alone."). And a district court's authority over the content of a complaint at the pleading stage is limited to Rule 12, which does not authorize the selection of claims and defenses. Rules 8, 18, and 20 make the pleading of a complaint—including the selection of claims and joinder of defendants—the responsibility of the plaintiff, not the court.

Dated: April 28, 2020

Respectfully submitted,

/s/ Tara A. Fumerton (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

3

/s/    Alexandra W. Miller (consent)
Alexandra W. Miller
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: smiller@zuckerman.com
E-mail: edelinsky@zuckerman.com

*Attorneys for CVS Indiana, LLC. and CVS Rx Services, Inc.*


/s/    Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-4824
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*

/s/    Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440

4

E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreen Co. and Walgreen Eastern Co.*

/s/    Timothy D. Johnson (consent)
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Attorneys for Discount Drug Mart, Inc.*

/s/    Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on April 28, 2020.

/s/    Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*