**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-md-2804 |
| *Cleveland Bakers and Teamsters Health and Welfare Fund, et al. v. Purdue Pharma L.P., et al.* | Hon. Dan Aaron Polster |
| *Case No. 1:18-op-45432-DAP* | |

**REPLY IN SUPPORT OF MANUFACTURER DEFENDANTS' MOTION TO CERTIFY THE COURT'S FEBRUARY 21, 2020 ORDER FOR IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(b)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 1

I. THE LEGAL QUESTION HERE IS CONTROLLING ........ 1

II. THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ........ 2

III. IMMEDIATE REVIEW WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION ........ 5

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Cleveland v. Ameriquest Mort. Securities, Inc.*, 615 F.3d 496 (6th Cir. 2010) ....................4

*Finder v. Leprino Foods Co.*, No. 113CV02059AWIBAM, 2016 WL 4095833 (E.D. Cal. Aug. 1, 2016) ....................6

*Holliday v. Xerox Corp.*, 555 F. Supp. 51 (E.D. Mich. 1982), *aff'd*, 732 F.2d 548 (6th Cir. 1984) ....................7

*Hunt. v. Commerce Energy, Inc.*, No. 1:12-cv-00758, 2015 WL 4629242 (N.D. Ohio Aug. 3, 2015) ....................1

*In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 804 F.3d 633 (3d Cir. 2015) ....................2

*In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169 (6th Cir. 1992) ....................1

*In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2018 WL 3326850 (N.D. Ala. June 12, 2018) ....................7

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-md-2785, 2020 WL 1180550 (D. Kan. Mar. 10, 2020) ....................3

*Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 29 F. Supp. 2d 825 (N.D. Ohio 1998) ....................5

*Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314, 2014 WL 6389382 (E.D. Cal. Nov. 14, 2014) ....................6

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243 (9th Cir. 2019) ....................3, 4

*Perry v. Am. Tobacco Co.*, 324 F.3d 845 (6th Cir. 2003) ....................2, 4

*Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535 (7th Cir. 2012) ....................6

*Susan B. Anthony List v. Driehaus*, No. 1:10-cv-720, 2011 WL 5299378 (S.D. Ohio Nov. 2, 2011) ....................6

*UFCW Local 1776 v. Eli Lilly & Co.*,
620 F.3d 121 (2d Cir. 2010)....................................................................................2, 4

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................................ *passim*

The Manufacturer Defendants respectfully submit this reply in support of their motion to certify the Court's February 21, 2020 Opinion and Order, Doc. 3177 ("Order"), for immediate appeal under 28 U.S.C. § 1292(b).

## ARGUMENT

### I. THE LEGAL QUESTION HERE IS CONTROLLING

The Third-Party Payors do not dispute that the question of whether they can satisfy RICO's proximate-cause requirement is a legal one. *See* Mot. at 5. Nor do they dispute that the Sixth Circuit's resolution of this legal question could result in dismissal of the complex RICO claims in this case and more than 100 other third-party payor cases in this MDL. *See id.* For these reasons alone, the Court should certify its Order for interlocutory appeal.

Nevertheless, the Third-Party Payors repeatedly urge this Court to deny certification because dismissal of their RICO claims would not "terminate" this action in its entirety. Opp. at 2, 3, 4, 9. But the Sixth Circuit has held that "[t]he resolution of an issue *need not necessarily terminate an action* . . . to be controlling." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (emphasis added) (citations and alterations omitted). Rather, "a question may be considered controlling if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Hunt. v. Commerce Energy, Inc.*, No. 1:12-cv-00758, 2015 WL 4629242, at *2 (N.D. Ohio Aug. 3, 2015) (quoting 16 Wright & Miller, *Federal Practice & Procedure Juris*. § 3930). Sixth Circuit review at this early stage would indisputably "save time" for the litigants in the event of an "interlocutory reversal." *Id.* It would greatly narrow the claims at issue and pave the way for more efficient resolution. Likewise, an appellate affirmance would yield economies by articulating legal principles to assist in structuring discovery, summary judgment, and instructional and evidentiary decisions, as well as settlement negotiations.

The Third-Party Payors contend that even if their RICO claims are dismissed, their Ohio Corrupt Practices Act ("OCPA") and common-law claims "would remain to be litigated" and "the scope of discovery would be unaffected." Opp. at 3. But that incorrectly presupposes that a Sixth Circuit ruling on RICO proximate cause would be irrelevant to the other claims. To the contrary, this Court's Order explained that "[t]he OCPA statute is patterned after the federal RICO statute; therefore, courts apply federal case law to analyze claims under OCPA." Order at 39. Further, the Sixth Circuit has recognized that because "the RICO statute incorporates general common law principles of proximate causation, remoteness principles are not limited to cases involving the RICO statute." *Perry v. Am. Tobacco Co.*, 324 F.3d 845 (6th Cir. 2003). And *both* of the two other cases that were certified under § 1292(b) on this very question also included other state-law claims. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 804 F.3d 633, 636 (3d Cir. 2015); *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 129 (2d Cir. 2010). Resolution of the Third-Party Payors' RICO claims thus presents a controlling question of law relevant to all of their claims as well as those in more than 100 other third-party payor actions.

Accordingly, immediate appellate review will inform whether and how the claims in this case and many others will proceed, save valuable time and resources, and provide much needed guidance from the Sixth Circuit on a critical legal issue that has divided the courts.

## II. THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

The Third-Party Payors do not dispute that a circuit split establishes "a substantial ground for difference of opinion" warranting certification under § 1292(b). *See* Mot. at 6 (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). Their brief opposing the Distributor Defendants' motion for certification expressly recognizes that this factor is satisfied if "the circuits are split on the issue." Doc. 3269, at 5 (quoting *In re Miedzianowski*, 735 F.3d at 384). The Third-

Party Payors suggest, however, that no circuit split exists here, going so far as to say that "the circuits are unanimous." Opp. at 8. That is demonstrably incorrect.

On its face, this Court's Order establishes the existence of the split:

- "Seven Circuits applying RICO's proximate cause analysis to TPP claims against pharmaceutical companies *have reached varying conclusions* concerning the viability of these claims." Order at 16 (emphasis added).
- "Four cases allowed the TPP claims to proceed . . . . Three cases rejected TPP claims . . . ." *Id.*
- "A discussion of both sides of this debate is warranted." *Id.*
- "The Court finds more persuasive the analysis of the Circuits that have allowed TPP claims against pharmaceutical companies to proceed." *Id.*
- "In contrast, three Circuits . . . have denied recovery in cases brought by TPPs against pharmaceutical manufacturers." *Id.* at 20.
- "The Court adopts the reasoning of the Circuits that have allowed TPP claims against drug manufacturers to proceed . . . ." *Id.* at 29.

This Court is not alone in acknowledging the conflict. *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243, 1253 (9th Cir. 2019) (noting "an apparent inter-circuit split"); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-md-2785, 2020 WL 1180550, at *48 (D. Kan. Mar. 10, 2020) (same).

Undeterred, the Third-Party Payors assert that circuits are not split on "the facts alleged in this case." Opp. at 4. But factual variations in third-party payor actions against pharmaceutical companies do not negate the clear circuit split on the core legal question: whether third-party payors can satisfy the proximate causation requirement for RICO claims against pharmaceutical manufacturers based upon alleged misrepresentations about FDA-approved prescription medicines. This Court recognized that numerous circuits "have reached varying conclusions concerning the viability of these claims," considered "both sides of this debate," and "adopt[ed] the

reasoning of the Circuits that have allowed TPP claims against drug manufacturers to proceed." Order at 16, 29. This Court found "more persuasive" the Ninth Circuit's decision, which states that "several of our sister circuits have addressed this question *in similar factual scenarios* and have reached different results." *Painters*, 943 F.3d at 1253 (emphasis added). If that is not a circuit split, nothing is.

The Third-Party Payors similarly assert that "proximate cause involves a highly fact-specific inquiry." Opp. at 6. But in the context of the remoteness doctrine at issue here, a motion to dismiss RICO claims for failure to plead proximate cause presents a threshold "question of law." Mot. at 5 (quoting *Perry*, 324 F.3d at 848); *see also City of Cleveland v. Ameriquest Mort. Securities, Inc.*, 615 F.3d 496, 503-04 (6th Cir. 2010) (rejecting argument that addressing RICO proximate cause at the pleading stage was "premature"). In any event, the Third-Party Payors do not identify any relevant factual dispute that could preclude the Sixth Circuit from deciding the RICO proximate-cause issue as a matter of law, as this and other courts have done. And the Third-Party Payors ignore that two of the cases contributing to this circuit split themselves arose from interlocutory appeals certified under § 1292(b). *See* Mot. at 8 (citing *In re Avandia*, 804 F.3d at 637; *UFCW Local 1776*, 620 F.3d at 130).

The Third-Party Payors acknowledge that this Court declined to follow the Sixth Circuit's prior precedent rejecting third-party payors' RICO claims against tobacco manufacturers on proximate-cause grounds. Opp. at 7-8 (discussing *Perry*, 324 F.3d 845). But they argue that this was correct because circuits on *their* side of the split have "distinguished prior tobacco-related RICO proximate cause cases." *Id.* at 7. Those distinctions, however, rested on the absence of any claim seeking recovery for third parties' medical expenses. Opp. at 7-8; *see, e.g.*, *Painters*, 943 F.3d at 1252 & n.9. The Third-Party Payors, who do seek to recover for third parties' medical costs, *see,*

*e.g.*, Compl. ¶ 928; Order at 27-29, cannot similarly distinguish *Perry* and other tobacco cases. Moreover, the Third-Party Payors gloss over the fact that circuits on the *other* side of the split have relied on their own prior tobacco-related RICO proximate cause cases to *reject* third-party payor claims against pharmaceutical manufacturers. *See, e.g.*, *UFCW Local 1776*, 620 F.3d at 133. Under § 1292(b), the relevant question is not who is right or wrong, but whether there is "substantial ground for difference of opinion." There clearly is.

## III. IMMEDIATE REVIEW WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

The Third-Party Payors acknowledge that this factor is satisfied if an immediate appeal would "appreciably shorten the time, effort, and expense" of litigating the case. Opp. at 8 (quoting *SEC v. Geswein*, 2 F. Supp. 3d 1074, 1088 (N.D. Ohio 2014)). That standard is easily met here.

To begin, the Third-Party Payors ignore case law holding that this factor is "almost certainly" satisfied whenever the case involves a "controlling question of law." Mot. at 9 (quoting *United States ex rel. Elliott v. Brickman Group Ltd., LLC*, 845 F. Supp. 2d 858, 871 (S.D. Ohio 2012)). For the reasons described above, that is the situation here.

Beyond that, the Third-Party Payors again contend that dismissing their RICO claims would not materially affect this litigation because "numerous other claims remain . . . including Plaintiffs' claims under the OCPA." Opp. at 8. But as noted, resolution of those other claims would, at minimum, be advanced by the Sixth Circuit's RICO proximate-cause ruling.

The Third-Party Payors' reliance on *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 29 F. Supp. 2d 825 (N.D. Ohio 1998), is misplaced. In denying § 1292(b) certification, the court there stressed that the case was "set for trial" in just two months, and thus "[a]ny intermediate appeal . . . will likely not have been briefed much less decided by" the time of trial. *Id.* at 835-36. By contrast, here, there is not even a discovery schedule, much less a trial date,

leaving ample time for the Sixth Circuit to decide an interlocutory appeal that could substantially winnow the issues for any trial. And Plaintiffs overlook that their Ohio case is not the only one in this MDL. This Court selected this case for early briefing and decision on motions to dismiss because this case was viewed as "representative" of the more than 100 other third-party payor lawsuits in this MDL. *See* Order at 7 n.9. "Courts have found that an appeal will materially advance the ultimate termination of the litigation in situations where an interlocutory appeal would resolve a legal issue implicated in a large number of other cases." *Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314, 2014 WL 6389382, at *2 (E.D. Cal. Nov. 14, 2014). By myopically focusing on the single Ohio case here, Plaintiffs fail to recognize the larger benefit of addressing the viability of the third-party payor RICO claims in all of these actions.

Last, the Third-Party Payors do not deny that the lack of certainty on the threshold viability of their RICO claims could impact the parties' perspectives in any settlement discussions. *See* Mot. at 10. They brush this consideration aside as "wholly conjectural." Opp. at 10. But as things now stand, the viability of the Third-Party Payors' RICO claims is the subject of a split among numerous circuits on which the Sixth Circuit has not yet opined. As long as that question remains unsettled in this Circuit, the parties' very different valuations of these claims—which seek treble damages—will be a serious obstacle to any potential settlement.

Although some courts have not considered potential settlement in deciding whether to grant certification, *see* Opp. at 10, numerous other courts have concluded that an interlocutory appeal is warranted when "uncertainty about the status of [one of plaintiffs'] claim[s] may delay settlement . . . and by doing so further protract the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012); *see, e.g.*, *Susan B. Anthony List v. Driehaus*, No. 1:10-cv-720, 2011 WL 5299378, at *2 (S.D. Ohio Nov. 2, 2011) (interlocutory appeal may "materially advance the

ultimate termination of the litigation" in part because "an affirmance may well spur the parties to settle"); *Finder v. Leprino Foods Co.*, No. 113CV02059AWIBAM, 2016 WL 4095833, at *5 (E.D. Cal. Aug. 1, 2016) ("[A]n immediate appeal could advance termination of litigation by increasing odds of settlement . . . ."); *Holliday v. Xerox Corp.*, 555 F. Supp. 51, 59 (E.D. Mich. 1982), *aff'd*, 732 F.2d 548 (6th Cir. 1984) (facilitating settlement is a basis for § 1292(b) appeal). Those interests are especially strong in a complex MDL like this one. *See In re Blue Cross Blue Shield Antitrust Litig.,* No. 2:13-CV-20000-RDP, 2018 WL 3326850, at *6 n.5 (N.D. Ala. June 12, 2018) (in a complex MDL, "it is . . . plain that [granting interlocutory review] will likely affect the parties' settlement prospects"). Review to provide certainty on the threshold viability of third-party payor RICO claims in this entire MDL can only facilitate meaningful settlement discussions.

In sum, given the clear circuit split on a legal question involving the threshold viability of RICO treble-damages claims in more than 100 cases in this MDL, interlocutory review is manifestly warranted.

**CONCLUSION**

The Manufacturer Defendants respectfully request that the Court certify its February 21, 2020 Opinion and Order, Doc. 3177, for immediate interlocutory appeal.

Dated: April 28, 2020

Respectfully submitted,

/s/ *Jonathan L. Stern*
Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 942-5000
jonathan.stern@arnoldporter.com

Sean O. Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
sean.morris@arnoldporter.com

*Attorneys for Defendants Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; and Par Pharmaceuticals Companies, Inc.*

/s/ *Donna M. Welch* (consent)
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendant Allergan Finance, LLC f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

/s/ *Steven A. Reed* (consent)
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals, USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

/s/ *Charles C. Lifland* (consent)
Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ *Brien T. O'Connor* (consent)
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and SpecGx LLC*

**CERTIFICATE OF SERVICE**

I certify that on April 28, 2020, I filed the foregoing with the Clerk of the Court using the ECF System which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

*/s/ Jonathan Stern*
Service Attorney