**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *County of Cuyahoga v.* | ) | |
| *Purdue Pharma L.P. et al,* | ) | **ORDER** |
| Case No. 17-op-45004 | ) | |
| | ) | |
| *County of Summit, Ohio et al v.* | ) | |
| *Purdue Pharma L.P. et al*, | ) | |
| Case No. 18-op-45090 | ) | |

On April 28, 2020 the Court held a case management teleconference in the above-captioned cases (the "Track One-B" cases). Present at the teleconference were lead and liaison counsel for Plaintiffs and Plaintiffs' Executive Committee and the Track One-B Defendants. The purpose of the conference was to discuss outstanding discovery issues and modification of pre-trial deadlines.

Based on the discussions during the conference, the Court now directs the following:

▪ **As soon as reasonably possible**, Pharmacy Defendants shall confer with the Ohio Board of Pharmacy ("OBOP") and determine how to apprise the Sixth Circuit Court of Appeals regarding the short-and long-term ramifications (e.g., in Track One-A and Track Three) of their issuance of a writ of mandamus (in *In re Nat'l Prescription Opiate Litig.*, 2020 WL 1875174 (6th Cir. Apr. 15, 2020)) on OBOP's pending petition for writ of mandamus.

▪ By **Tuesday, May 19, 2020, at 12:00 PM**, each of the Pharmacy Defendants shall either: (a) confirm that all related corporate entities may be referred to as a single entity at trial and on the verdict form (e.g, all Rite Aid entities may be simply referred to as Rite Aid, and not Rite Aid

Corporation, Rite Aid of Maryland, Inc., and so on); or (b) explain why, as a practical matter, this cannot occur.

- By **Tuesday, May 19, 2020, at 12:00 PM**, Defendants shall submit a notice identifying a *small* number of pharmacist witnesses whom they *actually intend* to call at trial. Defendants shall provide each pharmacist's name, store number, period of employment, and a brief description of their testimony. Defendants shall also explain: why that testimony is necessary; whether other, non-pharmacist witnesses can supply some or all of that testimony; and why the pharmacist's testimony is appropriate if that pharmacist was not involved in suspicious order due diligence or SOMS review when it occurred. Finally, Defendants shall explain the extent to which plaintiffs should be allowed to call pharmacist witnesses, and why.

- By **Tuesday, May 26, 2020, at 12:00 PM**, Plaintiffs shall submit a notice responding to Defendants' notice, including whether they intend to depose any of the pharmacists identified by Defendants. If Plaintiffs seek to depose any pharmacists, Plaintiffs shall state: (i) which pharmacists they intend to depose; (ii) why Plaintiffs did not depose pharmacists during discovery in Track One-A; (iii) why they now seek to depose the pharmacists in Track One-B; (iv) the subject(s) of the testimony sought; and (v) whether they intend to call pharmacist witnesses themselves, and if so, why. Plaintiffs shall also state whether any or all such pharmacist depositions can be completed by the close of discovery on June 15, 2020.

- The Court will conduct a case management conference with the parties on **Thursday, May 28, 2020, at 1:00 PM** via teleconference. The parties shall submit a joint status report by May 27, 2020 at 12:00 PM. The Court will provide the parties with the teleconference information at a later date.

**IT IS SO ORDERED.**

                         **/s/ Dan Aaron Polster  April 29, 2020**
                         **DAN AARON POLSTER**
                         **UNITED STATES DISTRICT JUDGE**