# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *All Cases* | ) | |
| | ) | **ORDER DE-DESIGNATING DEA** |
| | ) | **SUSPICIOUS ORDER REPORTS** |
| | ) | |

Before the Court is the "Media Intervenors"[1] Motion to De-Designate Suspicious Order Reports. Doc. #: 3277.  This motion is essentially a repeat of an earlier request filed by the same parties.

Specifically, on July 15, 2019, the Court entered an Order that: (1) lifted protections regarding certain ARCOS data, and (2) directed the parties to submit a proposed modified protective order regarding Suspicious Order Reports ("SORs").  Doc. #: 1845.  On July 26, 2019, the Media Intervenors and the DEA reached agreement on a proposed order to de-designate SORs, *see* doc. #: 2040-2, but certain Defendants[2] objected to the Proposed Order, *see* doc. #: 2080. The Media Intervenors and Plaintiffs each filed a response to Defendants' objections. Doc. ##: 2127; 2128; 2130. The Court, however, did not ever address the Defendants' objections or rule on the

---

[1] "Media Intervenors" are the W.P. Company, LLC, *dba* The Washington Post, and HD Media Company, LLC, *dba* Charleston Gazette-Mail.

[2] AmerisourceBergen Drug Corporation; Anda, Inc.; Cardinal Health, Inc.; Discount Drug Mart, Inc.; CVS Rx Services, Inc. and CVS Indiana, LLC; HBC Service Company; H.D. Smith LLC, *fka* H.D. Smith Wholesale Drug Company, H.D. Smith Holdings, LLC, and H.D. Smith Holding Company; Henry Schein, Inc. and Henry Schein Medical Systems, Inc.; McKesson Corporation; Rite Aid of Maryland, Inc. *dba* Rite Aid Mid-Atlantic Customer Support Center; Walgreen Co. and Walgreen Eastern Co.; Walmart, Inc., and Prescription Supply Inc.

request for entry of the Proposed Order. The Media Intervenors' present motion now asks the Court again to issue their Proposed Order. For the reasons that follow, Defendants' objection is **OVERRULED** and the proposed order is adopted, as set forth below.

In their objection, Defendants assert that: (1) harm to Defendants and third-parties would flow from disclosure of these SORs; and (2) the SORs are not judicial records subject to the strong presumption in favor of openness. The Court finds these objections unpersuasive.

Regarding harm, on November 5, 2019, Special Master Cohen issued a *Redaction Order* (doc. #: 2909) providing guidance to the parties on redaction and sealing of documents, in light of the Sixth Circuit's mandate[3] vacating this Court's ARCOS Protective Order. The *Redaction Order* stated that "all SORs shall be unsealed and/or unredacted unless a Defendant can demonstrate that ***specific*** information contained in the SOR provides a ***clear*** indication to a potential customer of a way to 'game the system' and defeat the Defendants' SOMS or lead to diversion." *Id.* at 6 (emphasis in original). Defendants have not made any such showing. Moreover, it is telling that the DEA itself – the very federal agency responsible for guarding against drug diversion, and ensuring its own future investigations will not be thwarted – has agreed to disclosure of the SORs.

As to the argument that the SORs are not judicial records subject to the strong presumption in favor of openness, the simple fact is that there is no meaningful distinction between the ARCOS data and the SORs. Both have been referred to equally on the judicial record, both are not recent, and as to both the "Defendants' interests are far outweighed by the specific, concrete interest Intervenors and the public have in disclosure." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 938 (6th Cir. 2019).

---

[3] *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919 (6th Cir. 2019).

2

**Accordingly**, the Court adopts the Media Intervenors' and DEA's Proposed Order as follows:

Pursuant to the agreement of the United States Department of Justice and the Media Intervenors, the Court hereby orders the de-designation, under Paragraph 11 of Opinion and Consolidated ARCOS Protective Order (ECF No. 1545), of the Suspicious Order Reports (SORs) produced by the Drug Enforcement Administration (DEA) in this litigation, as follows:

1.      Upon issuance of this order, the "electronic SORs data," which are defined as those SORs that registrants sent to DEA headquarters pursuant to memorandums of agreement, that were produced by the DEA to the parties, shall be de-designated confidential and its possession, use, and disclosure will no longer be restricted by the Protective Order;

2.      DEA shall have fourteen (14) days from the issuance of this order to review the remaining SORs data[4] it produced to determine whether any additional redactions are warranted for privileged information, including, but not limited to, law enforcement sensitive information, confidential source information, grand jury information, and privacy protected information. If the DEA determines additional redactions are warranted, it shall notify the parties and the Media Intervenors of such redactions and the basis therefore, and will provide the parties with a revised redacted version of that SOR that is not designated confidential. The Media Intervenors reserve the right to contest any additional redactions. The remaining SORs data produced by DEA to the parties shall be de-designated confidential no later than 14 days from the issuance of this order,

---

[4] The "remaining SORs data" includes: (1) submissions by registrants to DEA field offices, and (2) DEA-6 reports prepared by the DEA from SORs data. With respect to the first category, the DEA does not anticipate any redactions. However, due to the manner of the original production in which these two categories of documents were produced together, it is not possible to identify the two separate categories of documents without reviewing the full production.

and its possession, use, and disclosure will no longer be restricted by the protective order.

**IT IS SO ORDERED.**

                        **/s/ Dan Aaron Polster  April 30, 2020**
                        **DAN AARON POLSTER**
                        **UNITED STATES DISTRICT JUDGE**