UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *Cleveland Bakers and Teamsters Health and Welfare Fund et al. v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45432-DAP | ) ) **ORDER** ) |

Before the Court is the Manufacturer Defendants' Motion to Certify the Court's February 21, 2020 Order for Immediate Appeal Under 28 U.S.C. § 1292(b) (Doc. #: 3256). After consideration of all the briefing and for the reasons set forth below, the Court **DENIES** Defendants' Motion.

### I. BACKGROUND

On February 21, 2020, the Court issued an Opinion and Order denying in part Defendants' Motions to Dismiss Plaintiffs' claims. Doc. #: 3177. Defendants now ask the Court to certify the Order for appeal regarding whether Plaintiffs' allegations meet RICO's proximate cause requirement. Doc. #: 3256 at 1.

### II. ANALYSIS

A district court may certify an interlocutory order for immediate appeal when (1) the order involves a controlling question of law; (2) there exists a substantial ground for difference of opinion regarding the controlling question; ***and*** (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certifying appeal under § 1292(b) is warranted "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 351

(6th Cir. 2002). "[D]oubts regarding appealability [should be] resolved in favor of finding that the interlocutory order is not appealable." *Adell v. Cellco P'ship*, No. 1:18cv623, 2019 WL 5285627, at \*1 (N.D. Ohio Oct. 18, 2019) (quoting *United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir. 1995)).

It is undisputed, and the Court agrees, that the issue for appeal is a question of law. *See* Mot. at 5 (Doc. #: 3256-1); Pls' Opp. at 3 (Doc. #: 3268). The parties disagree as to whether the question is controlling.

A question of law is controlling if it could "materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. This does not require that reversal of the district court's order would terminate the action. *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). But an issue that may result in dismissal of some claims does not materially affect the outcome of the case if a number of claims or theories providing additional grounds for recovery will remain after dismissal. *See In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d 844, 852 (W.D. Tenn. 2010). Here, Plaintiffs' additional claims and theories of recovery—e.g., public nuisance, civil conspiracy, negligence, and common law fraud—survive independent of the RICO issues. Thus, the issue Defendants seek to appeal does not present a controlling question that will materially affect the outcome of the case. Because there is no controlling question, the Court need not decide whether there are substantial grounds for difference of opinion.

Resolution of the proximate causation issue likewise will not materially advance ultimate termination of the litigation, because "litigation will be conducted in substantially the same manner regardless of the court's decision." *In re City of Memphis*, 293 F.3d at 351; *see also S.E.C. v. Geswein*, 2 F. Supp. 3d 1074, 1088 (N.D. Ohio 2014) (immediate appeal advances ultimate termination of the litigation only if it would "appreciably shorten the time, effort, and expense

2

exhausted"). Appeal is not warranted when a plaintiff asserts similar claims involving the same evidence as the claims that would be appealed, such that litigation will proceed in substantially the same manner even if the appeal results in dismissal of those claims. *See Geswein*, 2 F. Supp. 3d at 1088; *see also In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d at 851; *Hurley v. Deutsche Bank Trust Co. Americas*, No. 1:08cv361, 2009 WL 1067314, at *4 (W.D. Mich. Apr. 21, 2009).

Defendants argue immediate review of the RICO issues will save the parties and the Court time and resources. Mot. at 9–10 (Doc. #: 3256-1). But they do not specify how the issues to be litigated and discovered would be significantly narrowed by a favorable outcome to them on appeal. Regardless of the outcome, the parties will litigate and conduct discovery on key issues relevant to Plaintiffs' remaining claims, including Defendants' alleged misrepresentations and failure to comply with anti-diversion obligations, and Plaintiffs' injuries. Thus, the case would be litigated in substantially the same manner and on a similar timeline. *See In re City of Memphis*, 293 F.3d at 351; *Geswein*, 2 F. Supp. 3d at 1088.

Defendants further argue appeal will advance termination of this suit because it will aid settlement discussions. The Court is not persuaded that this argument is relevant to certifying an appeal. *See Dunn v. Chattanooga Publ'g Co.*, No. 1:12cv252, 2013 WL 587493, at *2 (E.D. Tenn. Feb. 14, 2013) (comparing cases addressing whether settlement prospects are relevant to § 1292(b) certification). The Court agrees with Plaintiffs that this contention is speculative; it is equally plausible that preparing the RICO claims for summary judgment and trial will aid settlement. Nothing in the history of this case supports the contention that settlement will not occur unless and until these RICO issues are resolved. Thus, Defendants fail to show immediate appeal may materially advance ultimate termination of the litigation.

### III. CONCLUSION

The Court is not averse to certifying for interlocutory appeal questions that satisfy the standard set by § 1292(b). But for all the reasons stated above, Defendants' Motion does not meet that standard and does not present the "exceptional case" warranting appeal. *See In re City of Memphis*, 293 F.3d at 351. Therefore, Defendants' Motion (Doc. #: 3256) is **DENIED**.

    **IT IS SO ORDERED.**

         /s/ Dan Aaron Polster  May 5, 2020
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**