UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) ) ) | **MDL 2804** |
| **THIS DOCUMENT RELATES TO:** ) ) | **Case No. 1:17-md-2804** |
| ) | **Judge Dan Aaron Polster** |
| *Cleveland Bakers and Teamsters Health and Welfare Fund et al. v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45432-DAP ) ) ) | **ORDER** |

Before the Court is the Distributor Defendants' Motion to Certify for Immediate Appeal Under 28 U.S.C. § 1292(b) the Court's February 21, 2020 Order (Doc. #: 3257). After consideration of all the briefing and for the reasons set forth below, the Court **DENIES** Defendants' Motion.

### I.     BACKGROUND

On February 21, 2020, the Court issued an Opinion and Order denying in part Defendants' Motions to Dismiss Plaintiffs' claims. Doc. #: 3177. Defendants now ask the Court to certify for immediate appeal the following issues:

1. Whether the third-party payors' allegations meet RICO's direct injury and proximate causation requirement.

2. Whether the third-party payors' allegations satisfy RICO's requirement of injury to "business or property."

### II.    ANALYSIS

A district court may certify an interlocutory order for immediate appeal when (1) the order involves a controlling question of law; (2) there exists a substantial ground for difference of

opinion regarding the controlling question; *and* (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certifying appeal under § 1292(b) is warranted "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). "[D]oubts regarding appealability [should be] resolved in favor of finding that the interlocutory order is not appealable." *Adell v. Cellco P'ship*, No. 1:18cv623, 2019 WL 5285627, at *1 (N.D. Ohio Oct. 18, 2019) (quoting *United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir. 1995)).

It is undisputed, and the Court agrees, that the issues for appeal are questions of law. *See* Mot. at 4 (Doc. #: 3257-1) (quoting *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) ("[T]he sufficiency of a complaint is a question of law.")); Pls' Opp. at 3 (Doc. #: 3269). The parties disagree as to whether the questions are controlling.

A question of law is controlling if it could "materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. This does not require that reversal of the district court's order would terminate the action. *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). But an issue that may result in dismissal of some claims does not materially affect the outcome of the case if a number of claims or theories providing additional grounds for recovery will remain after dismissal. *See In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d 844, 852 (W.D. Tenn. 2010). Here, Plaintiffs' additional claims and theories of recovery—e.g., public nuisance, civil conspiracy, negligence, and common law fraud—survive independent of the RICO issues. Thus, the issues Defendants seek to appeal do not present controlling questions that will materially affect the outcome of the case. Because there are no controlling questions, the Court need not decide whether there are substantial grounds for difference of opinion.

Resolution of these issues likewise will not materially advance ultimate termination of the litigation, because "litigation will be conducted in substantially the same manner regardless of the court's decision." *In re City of Memphis*, 293 F.3d at 351; *see also S.E.C. v. Geswein*, 2 F. Supp. 3d 1074, 1088 (N.D. Ohio 2014) (immediate appeal advances ultimate termination of the litigation only if it would "appreciably shorten the time, effort, and expense exhausted"). Appeal is not warranted when a plaintiff asserts similar claims involving the same evidence as the claims that would be appealed, such that litigation will proceed in substantially the same manner even if the appeal results in dismissal of those claims. *See Geswein*, 2 F. Supp. 3d at 1088; *see also In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d at 851; *Hurley v. Deutsche Bank Trust Co. Americas*, No. 1:08cv361, 2009 WL 1067314, at *4 (W.D. Mich. Apr. 21, 2009).

Defendants argue immediate review of the RICO issues will "streamline" the case and has the potential to "avoid protracted and expensive litigation." Mot. at 18 (Doc. #: 3257-1) (quoting *In re Baker & Getty Fin. Servs.*, 954 F.2d at 1172). But regardless of the outcome of the appeal, the parties will litigate and conduct discovery on key issues relevant to Plaintiffs' remaining claims, including Defendants' alleged failure to comply with anti-diversion obligations, and Plaintiffs' injuries. Thus, the case would be litigated in substantially the same manner and on a similar timeline. *See In re City of Memphis*, 293 F.3d at 351; *Geswein*, 2 F. Supp. 3d at 1088.

Defendants further argue appeal will advance termination of this suit because it will aid settlement discussions. The Court is not persuaded that this argument is relevant to certifying an appeal. *See Dunn v. Chattanooga Publ'g Co.*, No. 1:12cv252, 2013 WL 587493, at *2 (E.D. Tenn. Feb. 14, 2013) (comparing cases addressing whether settlement prospects are relevant to § 1292(b) certification). The Court agrees with Plaintiffs that this contention is speculative; it is equally plausible that preparing the RICO claims for summary judgment and trial will aid settlement.

Nothing in the history of this case supports the contention that settlement will not occur unless and until these RICO issues are resolved. Thus, Defendants fail to show immediate appeal may materially advance ultimate termination of the litigation.

### III. CONCLUSION

The Court is not averse to certifying for interlocutory appeal questions that satisfy the standard set by § 1292(b). But for all the reasons stated above, Defendants' Motion does not meet that standard and does not present the "exceptional case" warranting appeal. *See In re City of Memphis*, 293 F.3d at 351. Therefore, Defendants' Motion (Doc. #: 3257) is **DENIED**.

**IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster  May 5, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**