UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>"*All Cases*" | ) CASE NO. 1:17-MD-2804<br>)<br>) SPECIAL MASTER COHEN<br>)<br>) *NUNC PRO TUNC*<br>) ORDER REGARDING<br>) REQUESTED MODIFICATIONS TO<br>) DISCOVERY RULING NO. 22[1] |

The MDL Court has entered numerous Orders regarding the parties' obligations to produce certain documents to the MDL Repository. *See Case Management Order No. 1* at 15, ¶9.k.ii (docket no. 232) (Polster, J.); *Discovery Ruling No. 22* (docket no. 2576) (Cohen, S.M.); *Amendment to Discovery Ruling No. 22* (docket no. 2712) (Cohen, S.M.); and *Order Regarding Document Production to MDL Repository* (docket no. 3178) (Polster, J.) ("*First Repository Order*")[2] (collectively, "*Repository Orders*").

Recently, the parties submitted letter briefs to the undersigned asking for certain changes to their obligations under these *Repository Orders*. Currently, defendants are obligated to produce to

---

[1] This *nunc pro tunc* Order is issued to add footnote 8, which corrects a statement made in the original Order. The original Order was filed at docket no. 3286.

[2] Although the caption of the *First Repository Order* stated it was applicable only to "Track One-B Cases," this was a typographical error. As the ruling in the *First Repository Order* made clear, "Discovery Ruling No. 22 shall apply to all defendants in all MDL cases." *First Repository Order* at 2.

the MDL Repository documents they earlier produced in any opioid-related "*closed* federal government investigation," but not documents they have produced in any *still-ongoing* or pending federal government investigation. Docket no. 2712 at 3 (emphasis added).[3] Defendants were not required to automatically produce all documents from ongoing investigations because, as the Department of Justice ("DOJ") noted, "if a Defendant produces in the MDL documents and other materials it produced in response to an *ongoing* federal government investigation (or a private federal government hearing), that could reveal to outside entities the thrust of that investigation, thereby jeopardizing both that investigation and any other, similar ones being pursued." *Id.* at 1 (emphasis added).

Plaintiffs do not seek reconsideration of this rule, but ask the Court to require defendants simply to identify the *existence* of any ongoing opioid-related federal investigation. Plaintiffs explain:

> Listing pending investigations is the only way that Plaintiffs can discover what matters fall under the purview of CMO 1 and DR-22. This would enable Plaintiffs to monitor when investigations would be closed and therefore trigger Defendants' production obligation, and is the only way to ensure that Defendants are abiding by the Amendment to DR-22. The mere *listing* of pending investigations does not invoke the concerns previously raised by DOJ or Defendants.

Letter from Jeff Gaddy to Special Master at 1 (April 17, 2020). Among other responses (including relevance and waiver), defendants assert that even simply listing a pending investigation still implicates the concerns raised by DOJ. Letter from Paul Hynes to Special Master at 4 (April 17,

---

[3] *But see* docket no. 2712 at 1-2 (further holding that, although "a Defendant [does] not have to automatically produce in the MDL a document it produced to the DOJ pursuant to a new or ongoing investigation, . . . the Defendant does still have to produce that document in the MDL if it is also responsive to another discovery request.").

2020).

The Special Master agrees with defendants that revelation to plaintiffs of the existence of an ongoing federal investigation may, at least sometimes, jeopardize the investigation or change its arc to ill effect. This is true even though, as plaintiffs point out, defendants sometimes voluntarily reveal the existence of a federal investigation, anyway.

Moreover, the Special Master can alleviate plaintiffs' main concerns with a less-onerous directive. Specifically, the Special Master now **ORDERS** that each defendant in this MDL shall promptly inform the Plaintiffs Executive Committee whenever it receives any notice that a pending federal investigation has concluded.[4] This obligation adheres to: (1) any civil, criminal, administrative, or other federal investigation; and (2) any investigation, even if a related investigation is still ongoing (e.g., a defendant must inform Plaintiffs if the defendant receives notice that a criminal investigation has concluded, even if a related civil investigation is still pending).[5]

As for defendants, they also seek to change their obligations under the above-listed Orders. Defendants rely on the Sixth Circuit's recent mandamus order[6] and argue their obligations under *Discovery Ruling No. 22* and the other *Repository Orders* should be vacated entirely, because DR 22 is "a blanket discovery order" that applies "regardless of whether [the] defendants are litigating

---

[4] "Notice that an investigation has concluded" may be any formal or informal communication from the federal government, including by letter, email, telephone call, or in-person oral statement. "Concluded" should be construed expansively.

[5] If, in fact, it occurs that one federal investigation of a defendant concludes and a closely-related federal investigation is ongoing, there may be some question whether documents produced to the government by the defendant come under only the rubric of the closed investigation (and so must be produced) or also the pending investigation (and so might not need to be produced). The Special Master will address this question if and when it arises.

[6] *In re Nat'l Prescription Opiate Litig.*, 2020 WL 1875174 (6th Cir. Apr. 15, 2020).

in an active MDL case and without regard to any particular plaintiff's needs." Hynes Letter at 2. Defendants also assert DR 22 does not create efficiencies, does not avoid duplication, and requires production of documents that "do not have broad relevance to cases in the MDL." *Id.*

These assertions are not well-taken. As an initial matter, MDL Courts routinely enter orders creating MDL document repositories that contain discovery from all related state and federal cases, investigations, and so on.[7] This MDL Court did so in its very first case management order.[8] *See* docket no. 232 at 15, ¶9.k.ii ("all Defendants shall review documents previously produced pursuant to any civil investigation, litigation, and/or administrative action by federal (including Congressional), state, or local government entities involving the marketing or distribution of opioids and shall produce to the PEC non-privileged documents relevant to the claims in this MDL proceeding."). Having committed to and engaged in this reasonable course of action from the beginning of the MDL, including as clarified and amended by subsequent *Repository Orders*, defendants cannot now avoid it; indeed, waiver of any argument otherwise is clear.

Moreover, it is simply wrong to contend the *Repository Orders* fail to create efficiencies or

---

[7] *See, e.g., In re Diet Drugs*, 582 F.3d 524, 548 (3rd Cir. 2009) (noting plaintiffs had administered "a repository of information concerning the litigation and settlement [and] . . . enforced a uniform procedure for the production of documents, deposition testimony, and expert disclosures that governed every MDL case against Wyeth"); *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 933 (N.D. Ohio 2003) (referring to a records repository containing documents from all related state and federal cases); *In re Actos (Pioglitazone) Prod. Liab. Litig.*, 274 F. Supp. 3d 485, 498 (W.D. La. 2017) (same); *see also Application of Am. Tobacco Co.*, 880 F.2d 1520, 1530 (2nd Cir. 1989) (observing the benefits of a repository: "It may be that any excessive burden could be averted by the creation of a central repository of such data to which current and future suitors could have access, with the proper provisions for confidentiality, or by resort to some other mechanism such as centralized discovery through multidistrict litigation").

[8] The original Order stated that the provision set out in CMO-1 at 15, ¶9.k.ii, **"was agreed to by defendants**." Docket no. 3286 at 4. In fact, some of the defendants objected to Plaintiffs' proposal of the requirement the Court eventually adopted with this provision.

avoid duplication, or that they require production of documents that "do not have broad relevance to cases in the MDL." These conclusory assertions are belied by the procedural and substantive history of this case (and related state court cases). Indeed, it is obvious that defendants have faced far fewer total discovery requests from far fewer total parties by virtue of the Repository; and plaintiffs in this court and other courts across the country have engaged in generous sharing of precisely the information required by the *Repository Orders* because it is broadly relevant.

Accordingly, the Special Master declines to abrogate DR 22 or any of the Court's other *Repository Orders*. All other currently-operative aspects of the *Repository Orders* remain in effect.

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** May 8, 2020