**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track Three Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**CASE TRACK THREE PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

The Case Track Three Plaintiffs, Lake County and Trumbull County, Ohio ("CT3") respectfully move this Court for leave to amend their complaints. *See* Fed. R. Civ. 15; *see also* Exh. A (Lake County's Proposed Supplemental and Amended Allegations to be Added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand); Exh. B (Trumbull County's Proposed Supplemental and Amended Allegations to be Added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand). In light of the Court's recent order establishing the CT3 bellwether trial in the Northern District of Ohio "to address public nuisance claims against pharmacy defendants in their roles as distributors and dispensers" (Dkt. # 3282, Order regarding CT3), Plaintiffs seek to amend their complaints to add specific allegations against the Chain Pharmacies concerning their conduct as dispensers and distributors of prescription opioids based on evidence developed in this multidistrict litigation ("MDL"), as well as addition of related entities to the already named defendants.[1]

---

[1] Chain Pharmacy Defendants include all Chain Pharmacy entities identified in Plaintiffs' proposed amendment to its Short Form Complaint, including CVS Health Corporation; CVS Indiana L.L.C.; CVS Rx Services, Inc.; CVS TN Distribution, LLC; CVS Pharmacy, Inc.; Omnicare Distribution Center LLC (Lake only); Ohio CVS Stores, LLC; Walgreen Co.; Walgreens Boots Alliance, Inc.; Walgreen Eastern Co., Inc.; Rite Aid Corp.; Rite Aid Hdqtrs. Corp.; Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center; Rite Aid of Ohio, Inc.; Rite Aid of Maryland, Inc.; HBC Service Company; Giant Eagle, Inc.; Walmart Inc. f/k/a Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; WSE Management LLC; WSE Investment LLC; and Wal-Mart Stores East, Inc. Plaintiffs

With the understanding that the Court only intends the CT3 bellwether trial to test Plaintiffs' public nuisance claims against pharmacies, Plaintiffs have limited the new and revised allegations in the attached amendments to those relevant to Plaintiffs' public nuisance claims against the Chain Pharmacies. The Counties are, however, retaining their other claims against the Chain Pharmacies, as well as all claims against the non-pharmacy Defendants, and in no way waive these claims; Plaintiffs nevertheless understand and consent to the Court's contemplated bifurcation of their claims in order to permit a separate CT3 trial limited to public nuisance claims against the Chain Pharmacies.[2] Plaintiffs preserve and incorporate the other claims and allegations from the Short Forms for Supplementing Complaint and Amending Defendants and Jury Demand ("Short Form Complaints") by reference, without any amendments at this time. *See* Lake County Short Form Complaint, 18-op-45032-DAP, Dkt. # 16 (Mar. 18, 2019); Trumbull County Short Form Complaint, 18-op-45079-DAP, Dkt. # 11 (Mar. 18, 2019). Plaintiffs reserve their right to seek leave to amend those claims and allegations at a later date as necessary.[3]

Plaintiffs timely move to amend under Rule 15(a) pursuant to this Court's case management orders. Dkt. # 371 (Order Clarifying CMO # 1) ("If a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide for another opportunity to amend."); Dkt. # 3282 (Order regarding Track Three) ("The Court directs Track Three Plaintiffs to amend their Complaints . . . on or before Friday, May 15, 2020."). Appropriately, this Court already freely gave leave for Plaintiffs to amend. Dkt. # 3282; Fed. R. Civ. P. 15(a). Even if Rule 16's "good

---

have used their best efforts to identify all related pharmacy entities, but reserve their right to supplement with any entities that have not yet been properly identified.

[2] The Counties are filing a contemporaneous Motion to Bifurcate Bellwether Claims, Join Bellwether Case for Trial, and to Stay Remaining Claims.

[3] If the Court would prefer that Plaintiffs also amend the claims that will not be tried in CT3 at this time, Plaintiffs would be happy to file a broader Rule 15 motion and to submit comprehensive proposed amended complaints at the Court's request.

cause" standard applies to Plaintiffs' request (which it does not), good cause exists to allow these amendments. *See* Fed. R. Civ. P. 16(b)(4). Amending the complaints would facilitate a decision on the merits against the Chain Pharmacies, Plaintiffs have been diligent in seeking amendment as these counties were only recently selected for the CT3 bellwether trial, and the amendments would not prejudice any party.

In addition, Plaintiffs' respectfully request an expedited briefing schedule related to this motion and ask that oppositions, if any, be filed on or before May 22, 2020 and reply, if any, be filed no later than May 27, 2020.

## BACKGROUND

The Court designated CT3 to test Plaintiffs' public nuisance claims against the pharmacy defendants in their roles as distributors and dispensers with a trial date to commence in May 2021. Dkt. # 3261 (Order regarding Track 1B and Track Three). Although the newly selected CT3 cases can take advantage of the significant discovery that has taken place in Case Track One ("CT1"), due in part to coming from the same geographic area and an overlap of some defendants, the Court has previously held the CT3 cases in "abeyance while proceeding with [other case tracks]." Dkt. # 3262 (Sixth Circuit Decision), at 8 (citing *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011)). As a result, no case-specific discovery (or discovery related to these amendments) has been conducted. Dkt. # 232 (CMO # 1) ("No party may conduct any discovery of another party in this MDL proceeding not expressly authorized by this Order absent further Order of this Court or express agreement of the parties."); Dkt. # 371 ("[A]ll cases not designated in paragraphs 2 or 3 of CMO-1 are stayed until further order of a Court.").

Lake and Trumbull Counties originally filed suit in the Ohio Court of Common Pleas in the respective counties in December 2017. The Counties did not initially name pharmacy defendants or dispensing-related claims. The cases were removed and became part of this MDL in January 2018. In

3

compliance with the Court's short-form complaint procedure (Dkt. # 1282, Short Form Compl. Order),[4] the Counties filed their Short Form Complaints in March 2019 after review of the relevant ARCOS data, in which they assert distributor- and dispensing-related claims against certain retail chain pharmacies,[5] among others. Since that time, the cases have remained dormant, in compliance with the Court's case management orders, as the designated case track cases proceeded to be worked-up towards trial.

Lake and Trumbull Counties now seek to amend their Short Form Complaints to add specific factual allegations against the Chain Pharmacies based on additional evidence developed during the course of this MDL and inclusion of related pharmacy entities that are currently known.

## ARGUMENT

### I. Courts freely grant leave to amend.

The Federal Rules dictate a liberal policy favoring amendments and leave to do so "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). The grant or denial of leave to amend is within this Court's discretion. *Id.* In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given. *Id.* Applying these principles, this Court already correctly granted the Plaintiffs leave to amend their complaints. *See* Dkt. # 3282. This is because Plaintiffs' good-faith amendments are timely, not futile, and do not create unfair prejudice to the Chain

---

[4] Note, the deadline of March 16, 2019 stated in the Order fell on a Saturday, thus the non-case track plaintiffs' deadline to file amended pleadings was March 18, 2019, when Lake and Trumbull Counties filed their Short Form Complaints.

[5] CVS Health Corporation ("CVS"); Rite Aid of Maryland, Inc. and Rite Aid Corp. (collectively "Rite-Aid"); Walgreens Boots Alliance, Inc., Walgreen Eastern Co., and Walgreen Co. (collectively "Walgreens"); Wal-Mart Inc.; and HBC Service Company.

Pharmacies. Indeed, even if the deadline for amending the pleadings had passed, good cause exists to allow these amendments. Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause" standard considers the diligence of the party seeking the amendment as well as the potential prejudice to the nonmovant. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

## II. Plaintiffs diligently seek leave to amend.

This Court properly exercised its authority to move forward with a bellwether trial process (i.e. case tracks), which were strategically designed to inform the Court and the parties of the various legal theories, evidence, parties, and claims. *See* Dkt. # 2941 (Suggestions of Remand); *see also* Dkt. # 3262, at 8 ("In discretionary matters going to the phasing, timing, and coordination of the cases, the power of the MDL court is at its peak." (citing *Korean Air Lines*, 642 F.3d at 700)). The Court's and the parties' efforts have rightly focused on working-up these selected case tracks, while the other pending matters in this MDL have laid temporarily dormant. *See* Dkt. # 232; Dkt. # 371. Lake and Trumbull Counties are examples of the latter, which the Court only recently selected for the CT3 bellwether trial and Plaintiffs now immediately move to amend their complaints.[6] In other words, based on the individual case record and the individual character of these cases, Plaintiffs diligently sought amendment of their complaints. Diligence must be measured from the time a case is no longer held in abeyance. Requiring Plaintiffs to amend their Short Form Complaints earlier would render this Court's authority to manage pretrial proceedings by holding some cases in abeyance illusory and strip the cases of "their separate identities." *See* Dkt. # 3262, at 7 (citing *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015)).

Alternatively, good cause exists to modify the Order Clarifying CMO # 1 (Dkt. # 371) and the Short Form Complaint Order (Dkt. # 1282), to allow 30 days for plaintiffs to amend their

---

[6] It bears mentioning that Defendants only recently produced dispensing data for Ohio, which provide further factual basis for these amendments that was previously unknown to Plaintiffs.

5

complaints as of right when selected as a bellwether. Indeed, this is routine practice in multidistrict litigation, particularly with use of short form complaints. *See, e.g.*, *In re: Zimmer M/L Taper Hip Prosthesis Prod. Liab. Litig.*, 18-md-2859 (S.D.N.Y. Feb. 7, 2019), Dkt. # 60, Direct Filing Order No. 9 at § II.7 ("[A] Plaintiff chosen for bellwether consideration may amend his/her complaint thirty (30) days after notice of bellwether consideration, without leave of the Court.") (Exh. C). It is axiomatic that special deference to this Court's case management schedule is "required in the context of [this] MDL. The ability for judges to enforce orders pertaining to the progress of their cases is most important in MDL cases, where the very purpose of the centralization before the transferee judge is the efficient progress of the cases in preparation for trial." *In re Deepwater Horizon*, 907 F.3d 232, 235 (5th Cir. 2018) (internal citations omitted); *see also In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013) (reviewing case management "orders with deference, particularly in the MDL context"). Allowing non-case track matters to amend their complaints following selection as a bellwether is in harmony with this Court's authority under § 1407 and consistent with the federal rules. *See* Abbe R. Gluck, *Unorthodox Civil Procedure: Modern Multidistrict Litigation's Place in the Textbook Understandings of Procedure*, 165 U. Pa. L. Rev. 1669, 1688 (2017) (describing the "creative case management that typifies the MDL" as "Rule 16 on steroids. In the MDL, you need to strategize more. You have to look beyond immediate deadlines and see how all the pieces fit together." (internal quotation marks omitted)); *see also In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009) ("[MDL] [d]istrict judges must have authority to manage their dockets, especially during massive litigation such as this, and we owe deference to their decisions whether and how to enforce the deadlines they impose.").[7]

---

[7] For the same reason, there is good cause for Lake and Trumbull Counties to limit the scope of their proposed amendment at this time to allegations relevant to the nuisance claims to be tried in the CT3 bellwether trial. Plaintiffs understand that their other causes of action will be bifurcated and remain dormant for the time being. For that reason, Plaintiffs reserve their rights to seek amendment of those other claims whenever the Court schedules those claims to move forward.

6

Plaintiffs have been diligent in prosecuting their claims here, and in the MDL at large, and timely move to amend Lake and Trumbull Counties' complaints.

### III.     Plaintiffs' claims are not futile.

A proposed amended complaint is futile if defendants demonstrate no claim has been presented that would survive a motion to dismiss. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). In other words, leave to amend should only be denied if the Chain Pharmacies show that Plaintiffs' claims are not plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasizing that "plausibility" is a lower standard than "probability"); *see also* Fed. R. Civ. P. 8(a)(2). The Chain Pharmacies cannot satisfy this burden. Indeed, this Court has already ruled that plaintiffs pled plausible claims for public nuisance against pharmacies as dispensers in addressing near identical (albeit less detailed) allegations as pled here. *See, e.g.*, *In re Nat'l Prescription Opiate Litig. ("Broward")*, No. 1:17-MD-2804, 2020 WL 1986589, at *6-8 (N.D. Ohio Apr. 27, 2020) (denying defendants' motion to dismiss plaintiff's nuisance claim acknowledging that "Florida, like Ohio, follows the Restatement (Second) of Torts"); *In re Nat'l Prescription Opiate Litig. ("West Boca")*, No. 1:17-MD-2804, 2020 WL 1669655, at *17-18 (N.D. Ohio Apr. 3, 2020) (same); *In re Nat'l Prescription Opiate Litig. ("Blackfeet")*, No. 1:17-CV-02804, 2019 WL 2477416, at *9-18 (N.D. Ohio Apr. 1, 2019), *report and recommendation adopted in relevant part*, No. 1:17-MD-2804, 2019 WL 3737023 (N.D. Ohio June 13, 2019) (finding plaintiff pleaded plausible claims for relief under common-law and Montana's statute for public nuisance).

### IV.     Defendants will not suffer prejudice by the amendments.

Prejudice to the opposing party is a critical consideration in evaluating a motion for leave to amend. *Pandora Distribution, LLC v. Ottawa OH, L.L.C.*, No. 3:12-CV-02858, 2015 WL 968007, at *1 (N.D. Ohio Mar. 4, 2015) ("Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."). The burden of showing prejudice is on the party opposing amendment. *See Empire Title Services, Inc. v. Fifth Third Mortg. Co.*, 298 F.R.D. 528,

7

531 (N.D. Ohio 2014) ("[I]n order to deny leave to amend for undue delay, Defendants must show prejudice. . . . Since Defendants do not demonstrate prejudice, the delay in filing the amendment is not a proper ground for denial of leave to amend."). Prejudice means "undue difficulty in prosecuting or defending a lawsuit as a result of a change in tactics or theories on the part of the other party." *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 913 (N.D. Ohio 2009) (internal citations omitted). Plaintiffs' amendments to their complaints do not change tactics nor assert new theories: the Chain Pharmacies will suffer no prejudice by the amendments.

Although the Parties have not engaged in case-specific discovery related to Lake and Trumbull Counties, extensive discovery has been conducted related to the distributor- and dispensing-related claims against the Chain Pharmacies in CT1 and to some degree CT1b. Without doubt that discovery is of equal significance here. If the Court grants Plaintiffs' motion, the parties will still have ample time to engage in any additional discovery needed and the trial, which was only recently scheduled and is a full year away, will not be delayed. *See Morataya v. Metro RTA*, 5:17-CV-1133, 2017 WL 5495123, at *2 (N.D. Ohio Nov. 16, 2017) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." (internal citations omitted)).

As there will be no prejudice to the Chain Pharmacies, the Court should grant Plaintiffs leave to amend. Indeed, if any party would be prejudiced, it is Plaintiffs: it would be manifest injustice to hold non-case track cases in abeyance and then not allow for amendment once the case is selected to be worked-up for trial.

8

## CONCLUSION

Plaintiffs respectfully request expedited briefing on their motion for leave to amend. Plaintiffs' request for leave to amend not only meets the standard under Rule 15, but Plaintiffs have shown good cause exists under Rule 16. It is well-within this Court's discretion and authority to grant the requested leave, which will aid in "the just, speedy, and inexpensive determination" of this litigation and fulfill the goals of the MDL. Fed. R. Civ. P. 1.

Dated: May 15, 2020                                         Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
FARRELL LAW
422 Ninth St., 3rd Floor
Huntington, WV  25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

9

/s/Peter H. Weinberger
Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/Peter H. Weinberger
Peter H. Weinberger

*Plaintiffs' Liaison Counsel*