# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/19

-----------------------------------------------------------------x

IN RE:

ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER
HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND
VERSYS FEMORAL HEAD PRODUCTS LIABILITY
LITIGATION

*This Document Relates to All Actions*

MDL No. 2859

18-MD-2859 (PAC)
18-MC-2859 (PAC)

**ORDER NO. 9**

-----------------------------------------------------------------x

PAUL A. CROTTY, United States District Judge:

## ORDER ON PROCEDURES FOR DIRECT FILING AND MASTER PLEADINGS

This Court sets forth instructions regarding the direct filing of Short-Form Complaints and responses thereto and a schedule and process for filing Master Pleadings in MDL Docket No. 2859 ("MDL No. 2859"). This order applies to those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("Panel") pursuant to its order of October 3, 2018, any tag-along action transferred to this Court by the Panel, and any related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto as part of MDL No. 2859.

### I.   DIRECT FILING OF COMPLAINTS

1.   To promote judicial efficiency and eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to MDL No. 2859 may file his or her claims directly in this District for consolidation with the MDL in accordance with the procedures set forth in this Order. The direct filing of actions in MDL No. 2859 is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407.

1689690.2

2.  Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc. stipulate and agree that they will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any cases filed directly in the Southern District of New York that emanate from forums outside of the Southern District of New York and that are filed in MDL No. 2859 for pretrial purposes.

3.  For cases filed directly into MDL No. 2859, the Parties preserve their right to seek transfer under 28 U.S.C. § 1404 to a venue deemed proper by the MDL Court at a time deemed appropriate by the MDL Court. In particular, the Parties have the right to have each case remanded to the federal district in which the Plaintiff would have filed his or her case in the absence of direct filing. *See, e.g., Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26 (1998).

4.  Any complaint filed in this District for consolidation with the MDL proceeding must be accompanied by a civil cover sheet designating the case as related to this MDL and the civil action filing fee.[1] The Complaint shall (1) comport with the Federal Rules of Civil Procedure and all MDL Orders in this proceeding, (2) specifically allege the district court in which the Plaintiff, absent this Order, otherwise would have filed the case, and (3) specifically allege both the jurisdictional and venue bases for filing in that Court.

5.  The inclusion of any case in MDL No. 2859, whether such case was or will be filed originally or directly in the Southern District of New York or transferred or removed to the Southern District of New York, does not constitute a determination by this Court that jurisdiction or venue is proper in this District or any other district.

6.  This Order does not prohibit a party from filing an appropriate motion to remand, transfer, or dismiss, or for such other relief as may be appropriate, challenging the inclusion in this MDL of an action transferred to, or directly filed in, MDL No. 2859. Specifically, actions

---

[1] If a complaint has been transferred into this District the filing fee is waived.

that are properly within the scope of this MDL involve the following product combinations: (1) a Zimmer M/L Taper Stem with a VerSys Femoral Head; or (2) a Zimmer M/L Taper Stem with Kinectiv Technology with a VerSys Femoral Head.

7. The direct filing of a case in this MDL pursuant to this Order will have no impact on choice of law, including with respect to the statute of limitations, that otherwise would apply to an individual case had it been filed in another court and removed and/or transferred to this Court pursuant to 28 U.S.C. § 1407.

8. Attorneys who appear in MDL No. 2859 are bound by all MDL Orders, including orders regarding attorney admissions, electronic filing and NextGen PACER accounts.

## II. PROCEDURES FOR MASTER COMPLAINT

1. In light of the number of Complaints filed to date and the likelihood of additional filings in the future in MDL No. 2859, and the inefficiencies of drafting those Complaints and individual Answers to those Complaints, the Parties have agreed to the following procedures for the use of Master Pleadings. Nothing in this Order is intended to (or does) alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Order. These procedures apply to all cases in MDL No. 2859 and to all actions that have been or will in the future be originally filed in, transferred to, or properly removed to this Court and assigned thereto as part of this MDL No. 2859.

2. The Plaintiffs' Executive Committee ("PEC") must file the Master Complaint, in both **18-md-2859 and 18-mc-2859** and submit the Short Form Complaint **within fourteen (14) days of the entry of this Order**. All allegations pled, and all parties named therein are deemed to be named, in any previously filed Complaint filed *nunc pro tunc* to the date each such Complaint was originally filed.

3. Any Plaintiff who filed (or files) a Complaint in MDL No. 2859 or had (or has) a Complaint transferred to this MDL before the date of this order must file a Short Form Complaint in the Plaintiff's individual docket within 30 days of the date of filing of the Master Complaint. For purposes of statute of limitations and statute of repose, any such Plaintiff shall be deemed to have filed his or her Complaint as the date he or she filed his or her original Complaint and not the date of the Master Complaint or the date he or she filed his or her Short Form Complaint.

4. Any Plaintiff who files a Complaint in this District for coordination with MDL No. 2859 on or after the date on which the PEC files the Master Complaint may file a Short Form Complaint. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his or her Complaint as of the date he or she files her Short Form Complaint and not the date of the Master Complaint.

5. Any Plaintiff who files a Complaint that is transferred to MDL No. 2859 on or after the date of this Order must file a Short Form Complaint within 30 days of the date of transfer (which shall be the date this Court posts the Transfer Order on its docket). For purposes of statute of limitations and statute of repose, any such Plaintiff shall be deemed to have filed his or her Complaint as of the date he or she filed his or her original Complaint in a different judicial district and not the date of the Master Complaint or the date he or she filed his or her Short Form Complaint.

6. Nothing in this Order shall limit Plaintiffs' right to seek leave of Court to amend a Short Form Complaint as provided in the Federal Rules of Civil Procedure.

7. Per the Master Complaint, a Plaintiff chosen for bellwether consideration may amend his/her complaint thirty (30) days after notice of bellwether consideration, without leave of the Court.

### III. PROCEDURES FOR MASTER ANSWER

1. Within thirty (30) days of the date of filing the Master Complaint, Defendants shall file a Master Answer to the Master Complaint or shall file, pursuant to the Federal Rules of Civil Procedure, a motion seeking dismissal, in whole or in part, of the Master Complaint. Defendants' response shall be filed in both **18-md-2859 and 18-mc-2859**. If the Defendants file a Motion to Dismiss the Master Complaint and such Motion does not result in the dismissal of the Master Complaint in its entirety, the Defendants shall file a Master Answer within thirty (30) days of the date on which the Court issues a ruling as to Defendants' Motion to Dismiss, provided that the Court does not grant the PEC leave to amend the Master Complaint. If the Court grants the PEC leave to amend the Master Complaint, within thirty (30) days of such Order, the PEC shall file an Amended Master Complaint. Defendants shall file a Master Answer or Motion to Dismiss the Amended Master Complaint, in whole or in part, within thirty (30) days after the date of filing the Amended Master Complaint.

2. The Master Answer shall be deemed to be the Answer to all properly served Complaints, whether Short Form Complaint or otherwise, in any case now or in the future pending in MDL No. 2859, including those cases transferred to MDL No. 2859 pursuant to 28 U.S.C. § 1407, filed directly in this District for coordination with MDL No. 2859 pursuant to any Order entered by this Court governing same, or removed to this Court and included in MDL No. 2859. Defendants are hereby relieved of the obligation to file any further Answer to any Complaint not yet answered and/or any Complaint in a case subsequently transferred to or consolidated with MDL No. 2859, unless otherwise ordered by this Court. For cases in MDL No.

2859 that do not utilize the Master Complaint (if any), the Master Answer will be deemed to answer those allegations that correspond to the allegations of the Master Complaint and will be deemed a denial of any allegations not contained in the Master Complaint.

3. The adoption of the Master Answer in every case is without prejudice to Defendants later moving to dismiss certain counts alleged in the Master Complaint (at the appropriate time in any individual Plaintiff's action), later asserting any additional affirmative defenses in individual actions, filing an Amended Answer to address specifically any individual Complaints, or otherwise challenging the sufficiency of any claim or cause of action in any Complaint under the applicable state's law, including cases that may be selected for inclusion in a discovery pool or bellwether trial pool. Any proposed Order submitted to this Court for a process for selecting cases for inclusion in a discovery pool or bellwether trial pool must include a proposed procedure for the filing of dispositive motions applicable to those cases. Furthermore, by agreeing to procedures for filing the Master Complaint and Short Form Complaints, Defendants have not agreed to or admitted the allegations set forth in those documents, nor have Defendants conceded or waived the right to dispute the legal validity of the claims alleged therein.

4. After the Master Answer has been filed in MDL No. 2859, it will be deemed adopted in every case. As a result, following the filing of the Master Answer, any Plaintiff who wishes to dismiss voluntarily any case filed in or transferred to MDL No. 2859 must comply with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

### IV. SERVICE

1. For Complaints that are properly filed in, removed to, or transferred to this MDL, Zimmer Inc., Zimmer US, Inc., Zimmer Biomet Holdings, Inc. agree to waive formal service of summons pursuant to Fed. R. Civ. P. 4 and will only accept service of Complaints filed in MDL

-6-

Docket No. 2859 on behalf of Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc. Service upon these entities will be deemed complete upon providing copies of the Complaint, Summons, and Civil Cover Sheet to the Zimmer Defendants' national counsel, Faegre Baker Daniels LLP, via email to the following email address: ZimmerSDNYMDL@FaegreBD.com, or upon counsel for these entities executing and returning a Waiver of Service of Summons sent to the same email address. Defendants' email system will generate an automated response to the sender upon receipt of an e-mail to the designated address. The automated response will confirm receipt of the e-mail and shall constitute proof of service upon Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc. Defendants will not otherwise respond to emails sent to the above e-mail address. Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(l) of the Federal Rules of Civil Procedures.[2] Acceptance of electronic service shall not constitute a waiver of any defense.

SO ORDERED.

Date: ___Feb. 7,___, 2019
New York, New York

/s/ Paul A. Crotty
Paul A. Crotty
United States District Judge

---

[2] Template Proof of Service, attached hereto as **Exhibit A**.

-7-

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER
HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND
VERSYS FEMORAL HEAD PRODUCTS LIABILITY
LITIGATION

MDL No. 2859

18-MD-2859 (PAC)
18-MC-2859 (PAC)

*This Document Relates to All Actions*

------------------------------------------------------------------------x

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within-entitled action. I certify that on _____, I served a true and correct copy of document(s) entitled:

 1. SUMMONS IN A CIVIL ACTION;

 2. COMPLAINT ;

 3. CIVIL COVER SHEET

on Zimmer, Inc.; Zimmer US, Inc.; and Zimmer Biomet Holdings, Inc. at ZimmerSDNYMDL@FaegreBD.com pursuant to the Order on Procedures for Direct Filing and Master Pleadings (Order No. \_\_\_) that was entered on _____.

Dated: _____     /s/_____
                              [Plaintiffs' Counsel Signature]