UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION | MDL 2804 |
| OPIATE LITIGATION | Case No. 17-md-2804 |
| *This document relates to:* | Hon. Dan Aaron Polster |
| Track Three Cases | |

## PLAINTIFFS' MOTION TO BIFURCATE BELLWETHER CLAIMS, JOIN BELLWETHER CASES FOR TRIAL, AND TO STAY REMAINING CLAIMS

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, and in keeping with this Court's April 16, 2020 Order (Dkt. # 3261) and April 30, 2020 Order (Dkt. # 3282), Track Three Plaintiffs, Lake County, Ohio and Trumbull County, Ohio, respectfully move the Court to:

(a) order a separate trial of and discovery regarding the Plaintiffs' common law public nuisance claims against the Chain Pharmacy Defendants,[1]

(b) join Plaintiffs' respective civil actions, *The County of Trumbull, Ohio v. Purdue Pharma, L.P., et al.*, Civil Action No. 1:18-op-45079-DAP and *The County of Lake, Ohio v. Purdue Pharma, L.P., et al.*, 1:18-op-45032-DAP, for a bellwether trial of the common law public nuisance claims against the Chain Pharmacy Defendants,

(c) stay Plaintiffs' other claims for later discovery and trial.

---

[1] The Chain Pharmacy Defendants include all Chain Pharmacy entities identified in Plaintiffs' proposed amendment to its Short Form Complaint, including CVS Health Corporation; CVS Indiana L.L.C.; CVS Rx Services, Inc.; CVS TN Distribution, LLC; CVS Pharmacy, Inc.; Omnicare Distribution Center LLC (Lake only); Ohio CVS Stores, LLC; Walgreen Co.; Walgreens Boots Alliance, Inc.; Walgreen Eastern Co., Inc.; Rite Aid Corp.; Rite Aid Hdqtrs. Corp.; Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center; Rite Aid of Ohio, Inc.; Rite Aid of Maryland, Inc.; HBC Service Company; Giant Eagle, Inc.; Walmart Inc. f/k/a Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; WSE Management LLC; WSE Investment LLC; and Wal-Mart Stores East, Inc.

## INTRODUCTION

Plaintiffs believe that ordering a separate trial of the Plaintiffs' common law public nuisance claims against the Chain Pharmacy Defendants, joining those claims for a single bellwether trial, and staying all remaining claims pursuant to Rule 42 would achieve the Court's objective of trying a common law public nuisance-based bellwether trial against Pharmacy Defendants regarding both distribution and dispensing claims (*see* Dkt. #s 3261 and 3282),[2] while preserving Plaintiffs' other claims for later, separate trial or settlement, and preventing prejudice against any parties.

## ARGUMENT

### A. The Legal Standard

This course of action is expressly permitted by Rule 42 in this circumstance, where the "actions before the court involve a common question of law or fact," in which instance "the Court may:"

(1) "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for reasons including "for convenience, to avoid prejudice, or to expedite and economize," (Fed. R. Civ. P. 42(b))

(2) "join for hearing or trial any or all matters at issue in the actions," (Fed. R. Civ. P. 42(a)(1)) and

(3) "issue any other orders necessary to avoid unnecessary cost or delay." (Fed. R. Civ. P. 42(a)(3))

---

[2] In contrast to severance under Federal Rule of Civil Procedure 21, which creates distinct actions and could potentially affect this Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367, ordering a separate trials under Rule 42 does not disrupt or diminish the Court's jurisdiction over the action or any of the claims. *See Richmond v. Weiner*, 353 F.2d 41, 45 (9th Cir. 1965) (holding that ordering separate trials under Rule 42 does not diminish "the Court's jurisdiction to determine the merits of the whole case, including the trial-separated non-federal issue as well as the remaining issues within its jurisdiction awaiting disposition."); *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("Rule 42(b) involves the separation of claims for trial under a format in which each claim remains part of the overall action.").

The motivating factor behind Rule 42(b) "is to enable the trial judge to dispose of a case in a way that advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988). Rule 42 "giv[es] the court virtually unlimited freedom to try the issues in whatever way trial convenience requires." *Id.* at 316–17 (citing C. Wright, A. Miller & F. Elliott, § 2387 at 278.) "The decision to bifurcate is within the sound discretion of the trial court." *United States Equal Employment Opportunity Comm'n v. Sherwood Food Distributors, LLC*, No. 1:16 CV 2386, 2017 WL 11450402, at *1 (N.D. Ohio Aug. 11, 2017) (citing *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004)). *Accord Moss v. Associated Transport, Inc.*, 344 F.2d 23, 25 (6th Cir. 1965); *Acme Resin Corp. v. Ashland Oil, Inc.*, 689 F. Supp. 751, 752 (S.D. Ohio 1987).

Bifurcation should be determined on "a case-by-case approach" because the question is dependent on the facts of each case. *In re Bendectin Litig.*, 857 F.2d at 307. *Accord Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *J-Way S., Inc. v. River Rd. Constr., Inc.*, No. 1:17-CV-1167, 2018 WL 1409285, at *1 (N.D. Ohio Mar. 21, 2018) (citing *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007)). However, "only one of th[e] criteria" of Rule 42(b) – *i.e.* furtherance of convenience, avoiding prejudice, or expediency and economy - "need be met to justify bifurcation." *Saxion.*, 86 F.3d at 556 (citation omitted).

Like the decision to order separate trials, a decision to join or consolidate under Rule 42 is a matter within the discretion of the Court and is reviewed only for abuse of discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Regarding joining the cases for trial, a district court considering a request for consolidation under Rule 42 should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties witnesses and available judicial resources posed by multiple lawsuits, the length of time required

3

to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell*, 999 F.2d at 1011; *See also Brewer v. Republic Steel Corp.*, 64 F.R.D. 591, 594 (N.D. Ohio 1974), aff'd, 513 F.2d 1222 (6th Cir. 1975) (consolidation may be found when there are some common questions of fact and analysis of the complaints indicate that the legal issues are almost identical.); *Sierra Club v. City of Holland, Michigan*, No. 1:08-CV-1183, 2013 WL 12226061, at *1 (W.D. Mich. Sept. 4, 2013) (same legal consideration and standards apply to consolidating and joining cases under Rule 42(a)(1) and (2)).

## B. The Facts Amply Support Bifurcation

The facts before the Court here amply support ordering a separate, initial trial of the Plaintiffs' common law public claims against the Chain Pharmacy Defendants.  Such bifurcation would serve the purposes of expedited and convenient litigation and efficient judicial administration of a bellwether action against these defendants by simplifying the trial, making the case administratively manageable, and allowing for focused assessment of claims and defenses relevant to a common law public nuisance action against the Chain Pharmacy Defendants. Proceeding against only Chain Pharmacy Defendants on a single public nuisance cause of action in the Track Three trial will allow the parties to provide a more coherent presentation of the legal issues specific to Chain Pharmacy's alleged liability for creating an opioid public nuisance. The Chain Pharmacy Defendants are all similarly situated and subject to the same claims, regulatory provisions, defenses, and types of proof. Each Chain Pharmacy distributed controlled substances, including prescription opioids, to its own stores and then dispensed those drugs from those same stores.  Bifurcating the common law public nuisance claims against the Chain Pharmacy Defendants will allow the Court to focus its attention on development and litigation of these issues and claims, which are likely to be applicable in many other MDL actions against these and similar defendants, on a bellwether basis. This, in turn, will undoubtedly help facilitate settlement.

Bifurcation of claims into separate trials is commonly used by MDL judges to appropriately organize and manage the complex issues and claims before them. *See, e.g., In re Bendectin Litig.* 857 F.2d

at 307, 306-321 (trial judge appropriately exercised discretion under Rule 42 to order separate trials on different issues in a complex case); *In re Genetically Modified Rice Litig.,* No. 4:06MD1811 CDP, 2010 WL 816157, at *1 (E.D. Mo. Mar. 3, 2010) (bifurcating trials against the two sets of defendants under Rule 42 into an initial bellwether trial against one defendant and then a later trial of other claims and defendants in order to "avoid … confusion…, streamline the evidence, and simplify the law and instructions to the jury.").[3]

This Court has recognized that a Plaintiff may properly seek bifurcation of its claims where one claim might require a much shorter discovery and trial period than other claims, for which discovery and trial may proceed later. *See Humenuik v. T-Mobile USA, Inc.*, No. 1:14-CV-02002, 2015 WL 3397861, at *1 (N.D. Ohio May 26, 2015) (citing *Henan Oil Tools, Inc. v. Eng'g Enters., Inc.*, 262 F.Supp. 629, 630 (S.D. Tex. 1966)). *See also In re Beverly Hills Five Litigation*, 695 F.2d 207 (6th Cir. 1982) (trial judge properly exercised discretion to order separate trials of complex issues, with a more focused and potentially dispositive trial coming first, noting Rule 42 permits separate trials of "*any* separate issue[s]") (emphasis original). A common law public nuisance trial against the Chain Pharmacy defendants may properly proceed without requiring development of the liability issues that are distinct to other classes of defendants and claims, leaving those more numerous claims and defendants for later discovery and trial.

Bifurcation is particularly appropriate where, as here, the complexity and numerosity of issues, parties, and claims could overwhelm or confuse the jury. *See J-Way S., Inc. v. River Rd. Constr., Inc.*, No.

---

[3] *See also In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00893-PHX-DGC, 2018 WL 4184950, at *3 (D. Ariz. Aug. 31, 2018) (bifurcating liability and compensatory damages to a first trial and amount of punitive damages to a second trial); *F.D.I.C. v. Safeco Ins. Co. of Am.*, No. 2:02-CV-01051-KJD, 2011 WL 4753416, at *2 (D. Nev. Oct. 7, 2011) (bifurcating certain equitable claims for an earlier trial); *In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 737 F. Supp. 391, 395 (E.D. Mich. 1989) (ordering bifurcated trials on liability and damages issues); *In re Methyl Tertiary Butyl Ether (MTBE) Prod.*, No. 1:00-1898, 2007 WL 1791258, at *1 (S.D.N.Y. June 15, 2007) (utilizing Rule 42 to order a separate bellwether trial of certain claims and issues).

1:17-CV-1167, 2018 WL 1409285, at *1–2 (N.D. Ohio Mar. 21, 2018) (ordering separate trials where the defendant in the second trial was not involved in the operations at issue in the first trial and combination of the issues and parties would likely confuse the jury); *In re Dow Corning Corp.*, 211 B.R. 545, 583–86 (Bankr. E.D. Mich. 1997) (finding the "risk of overwhelming the factfinder" and "risk of jury confusion" attendant to claims concerning various subsets of parties can be "greatly reduced" by ordering separate trials under Rule 42(b)).

No substantial prejudice will result from bifurcation. The parties to the initial bellwether trial will have ample time to complete necessary discovery against each other and third parties. This first phase of discovery and initial trial may help to focus the discovery and trial concerning the remaining bifurcated claims and defendants. While Plaintiffs may be required to respond to additional discovery requests from the remaining defendants in advance of the second trial, that is a burden to be borne by the Plaintiffs, and such burden does not outweigh the far greater prejudice that would result from jury confusion and a more protracted and complicated bellwether trial. *See Penton Media, Inc. v. Affiliated FM Ins. Co.*, No. 1:03 CV 2111, 2005 WL 8171362, at *2 (N.D. Ohio Mar. 23, 2005) (finding that the fact a party might have to engage in multiple waves of discovery did not outweigh the benefits of bifurcation, and noting that the initial wave of discovery would likely be "relevant and useful" to the second wave discovery and trial.)

Accordingly, bifurcation of Plaintiffs' common law public nuisance claims into an initial bellwether trial, to later be followed by discovery and trial of the remaining claims, is wholly appropriate under Rule 42.

## C.  The Facts Amply Support Joint Trial

Similarly, there are ample grounds to join the common law public nuisance claims of the two Track Three Plaintiffs for a single trial. *In re E. I. Du Pont De Nemours & Co. C-8 Pers. Injury Litig.*, No. CV 2:13-MD-2433, 2019 WL 2088768, at *15–16 (S.D. Ohio May 13, 2019) ("consolidating cases for

trial is a regular practice in MDL litigation" where the "benefits of consolidation outweigh any prejudice that a defendant may incur"); *In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.*, No. 3:07-CV-00101, 2010 WL 1998166, at *1 (M.D. Ga. May 18, 2010) (consolidating four plaintiffs' claims for a single bellwether over defendants' objections).  Here, the Plaintiffs are geographically close, and each Plaintiff has brought substantially identical claims against the same Chain Pharmacies based on identical theories of liability.  Joining the Plaintiffs' cases for trial of their common law public nuisance claims against the Chain Pharmacy Defendants will create judicial economies while diffusing Plaintiff specific issues which might interfere with bellwether precedence and is appropriate under Rule 42.

### D.  The Other Claims Should be Stayed

Finally, stay of the remaining bifurcated claims while Plaintiffs' common law public nuisance bellwether claims are proceeding, is proper under Rule 42 to prevent unnecessary costs to the non-bellwether Defendant and unnecessary complication of the bellwether discovery and pre-trial issues. *See Gagner v. Metro. Prop. & Cas. Ins. Co.*, No. 3:05-CV-222, 2005 WL 8161955, at *2 (S.D. Ohio Dec. 13, 2005) ("Rule 42(b) regarding separation of trials has a relation to the discovery rules and the court may limit discovery to the first issue to be tried until after its resolution.") (citing 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure Civil 2d § 2387 (2d ed. 1995)).

### CONCLUSION

Joining the Plaintiffs' common law public nuisance claims against the Chain Pharmacy Defendants for purposes of an initial bellwether trial and bifurcating and staying Plaintiffs' remaining claims and discovery against the other defendants under Rule 42 would effectuate the Court's request that a distribution and dispensing action against Pharmacy Defendants proceed to trial with a minimal number of Defendants and claims. Plaintiffs' motion represents Plaintiffs' good faith efforts to comply with the Court's directive. Accordingly, Plaintiffs' requests under Rule 42 should be granted.

Dated: May 15, 2020                        Respectfully submitted,

                                        /s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/ Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street, 3rd Floor
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &
LIBER 1001 Lakeside Avenue East,
Suite 1700 Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

8

Frank Gallucci
Plevin & Gallucci Company, L.P.A.
55 Public Square
Suite 2222
Cleveland, Ohio 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com


Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

*/s/Peter H. Weinberger*
Peter H. Weinberger

*Plaintiffs' Liaison Counsel*