# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

THIS DOCUMENT RELATES TO:

All Cases

**MDL No. 2804**
**Case No. 17-md-2804**
**Judge Dan Aaron Polster**

## PHARMACY DEFENDANTS' OBJECTION TO SPECIAL MASTER'S DISCOVERY RULING NO. 22

Pursuant to Rule 53(f), Pharmacy Defendants[1] respectfully submit this objection to the Special Master's Order Regarding Requested Modifications to Discovery Ruling No. 22 (Dkt. Nos. 3286 and 3291) and respectfully request that this Court vacate both that order and Discovery Ruling No. 22 itself (Dkt. Nos. 2576 and 2712).  The Sixth Circuit's issuance of a writ of mandamus requires vacatur of these orders, which are not based on the needs of any particular case and which require defendants to turn over all productions made in cases or investigations related to the dispensing or distribution of opioids, regardless of geography, relevance, or proportionality. The orders require the production of jurisdiction-specific documents that are not broadly relevant to cases in the MDL and cannot be justified on the basis that they will result in MDL-wide efficiencies.  Even if Discovery Ruling 22 as a whole survives, the Special Master's subsequent order expanding that ruling to require defendants to identify all closed investigations should be overruled.  Plaintiffs do not need this information, and its disclosure would prejudice Pharmacy Defendants.

---

[1] This objection is being filed on behalf of Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Walmart Inc., CVS Indiana, LLC., CVS Rx Services, Inc., Walgreen Co., Walgreen Eastern Co., Discount Drug Mart, Inc., Giant Eagle, Inc., and HBC Service Company.

**BACKGROUND**

Discovery Ruling No. 22 requires Pharmacy Defendants to produce documents that they have produced in any court case, state government investigation, or closed federal government investigation concerning the marketing, sales, distribution, or dispensing of opioids. Dkt. 2712. It applies to "all defendants in all MDL cases," regardless whether a defendant is subject to discovery in a specific MDL case and without regard to the needs of any particular MDL case or plaintiff. Dkt. 3178.

After the Sixth Circuit issued its writ of mandamus, both sides requested that Special Master Cohen modify or overrule Discovery Ruling No. 22. Pharmacy Defendants objected that in light of the Sixth Circuit's mandamus ruling, they cannot be required to provide discovery from all dispensing- and distribution-related cases and investigations to all MDL plaintiffs—an overbroad and burdensome requirement that would result in the disclosure of large quantities of completely irrelevant information in each individual case. Special Master Cohen rejected this argument, stating that "MDL Courts routinely enter orders creating MDL document repositories that contain discovery from all related state and federal cases" and that the order has created efficiencies. Dkt. 3291 at 4.

Plaintiffs asked that defendants be required to "identify the **existence** of any ongoing opioid-related federal investigations." Dkt. 3291 at 2. Special Master Cohen denied the full breadth of this request but ordered that "each defendant in this MDL shall promptly inform the Plaintiffs Executive Committee whenever it receives any notice that a pending federal investigation has concluded," regardless whether the investigation was civil or criminal and regardless whether the case was declined and the investigation was closed without prosecution. Dkt. 3291 at 3.

The Court should vacate both rulings.

2

**ARGUMENT**

I. **Defendants Should Not Be Required to Produce Document Discovery from All Cases and Investigations Regarding Distribution or Dispensing of Opioids.**

In issuing the writ of mandamus, the Sixth Circuit made clear that broad discovery rulings untethered to the needs of a particular case violate the Federal Rules of Civil Procedure. While this Court may "create efficiencies and avoid duplication . . . across cases within the MDL," it may not "distort or disregard the rules of law applicable to each of those cases." *In re Nat'l Opiate Litig.*, No. 20-30705, slip op. at 2 (Apr. 15, 2020). Cases within an MDL "retain their separate identities." Slip op. at 7. With respect to discovery, the Sixth Circuit explained, "for purposes of the litigation going forward," that "the question whether discovery is 'proportional to the needs of the case' under Rule 26(b)(1) must—per the terms of the Rule—be based on the court's determination of the needs of the particular case in which the discovery is ordered." Slip op. at 9. Efficiencies may be achieved "in the MDL generally" but only within the framework of the Federal Rules and only where "the needs of some cases are the same as those of many others." *Id.*

The only rationale that either Special Master Cohen or the Plaintiffs have ever used to justify requiring the Pharmacy Defendants to produce in the MDL all document discovery from other opioid-related litigation is that doing so creates "efficiencies" for the MDL. While this Court has the authority to "creat[e] efficiencies in the MDL," it does not have authority to order discovery in the MDL without respect to a specific case, much less for cases that are not even pending in federal court. Here, Discovery Ruling No. 22 does not apply to any particular MDL case; it applies "to all defendants in all MDL cases." Dkt. 3178 at 2.

Pharmacy Defendants do not deny that an MDL court can, in the right circumstances, create efficiencies in MDL discovery. Dkt. 3291 at 4-5. It may be appropriate, for example, to streamline

3

discovery of nationwide policies and procedures that may be relevant to other MDL cases filed across the country.

But the question before this Court is not whether document repositories could, in some circumstances, be efficient. The question is whether Discovery Ruling No. 22, with its very broad scope, truly creates any efficiencies for any specific case or cases within the MDL. It does not. Discovery Ruling No. 22 dramatically exceeds the scope of any discovery that might be generally relevant or proportional to the Track 1 plaintiffs' cases. Nor has this Court or the Special Master identified any other specific case in the MDL for which the discovery would be relevant and proportional. For example, data regarding opioids distributed in a county in Washington has no relevance at all to claims by plaintiffs in other counties in Washington (much less to claims by counties in Ohio).[2]

It is no answer that it somehow creates efficiency to order defendants to create a repository of documents that might someday be relevant to some issue in some case in the MDL. The Sixth Circuit has already rejected that logic. *In re Nat'l Opiate Litig.*, No. 20-30705, slip op. at 9. Future MDL Plaintiffs are welcome to start from the broad discovery taken of Defendants in Track 1 and explain why their cases require more. They are also welcome to explain why reproduction of document discovery produced in a particular state action or investigation would be efficient and proportional to their case. But proactively requiring all opioid-related discovery materials to be produced to a repository to be accessed by **any** MDL plaintiff, regardless of the needs of any particular case, neither avoids duplication nor creates any efficiencies. Discovery Ruling No. 22 thus fails to follow the Sixth Circuit's direction in issuing the writ of mandamus by compelling

---

[2] In this regard, the cases cited by Special Master Cohen for the proposition that MDL courts "routinely" order document repositories are distinguishable. They involve product liability claims brought against manufacturers concerning the design, development, and marketing of a product—not claims involving uniquely local conduct.

4

discovery that is not based on "the needs of the particular case in which the discovery is ordered" and failing to consider whether "the needs of some cases are the same as those of . . . others." Slip op. at 9.

In light of the Sixth Circuit's mandamus order, this Court should vacate Discovery Ruling No. 22 and limit any common production to documents that are truly relevant to all cases nationwide, to the extent that any exist besides the national policies and procedures that Pharmacy Defendants produced long ago.

**II.     This Court Should Not Require Defendants to Disclose Closed Investigations.**

Even if this Court does not vacate Discovery Ruling No. 22 as a whole, defendants should not be required to disclose closed governmental investigations to Plaintiffs. The scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Requiring identification of closed federal government investigations exceeds these limits and would prejudice Pharmacy Defendants.

This portion of Discovery Ruling 22 does not concern documents—it only concerns disclosing the fact of closed investigations. Pharmacy Defendants acknowledge that they must produce documents that are responsive to Plaintiffs' discovery requests, without regard to whether those documents were also produced as part of government investigations; that is not at issue.

But the fact that an investigation was closed exceeds the bounds of discovery. Whether the government conducted an investigation of a defendant is irrelevant—it does not make any material fact more or less likely. *See In re Urethane Antitrust Litig.*, 04-MD-1616-JWL, 2010 WL 5287675, at *7 (D. Kan. Dec. 17, 2010) ("[D]efendants have presented no persuasive argument or

5

authority that information about an investigation into a possible conspiracy by plaintiffs (as opposed to plaintiffs' underlying actions) is relevant to a claim or defense in this litigation."). Neither the Special Master nor Plaintiffs have identified any relevance that a list of closed investigations would have to the underlying allegations in the MDL. DR 22 applies to all MDL defendants. There is no possible way that the investigation status of defendants who are not currently litigating an MDL matter, or who have settled Track 1, are relevant.

The only purported need Plaintiffs have articulated for a list of closed investigations is "to [allow PEC to] ensure that Defendants are abiding by the Amendment to DR-22." Dkt. 3291 at 2 (quoting letter from Jeff Gaddy). But Rule 26 does not give any party the right to conduct discovery into whether another party is complying with its discovery obligations. If Plaintiffs believe that defendants are failing to comply with their discovery obligations—the Amendment to DR-22 or otherwise—they are free to file a motion to compel, but not to conduct discovery for the sole purpose of determining whether defendants are complying with other discovery. *See Scotts Co., LLC v. Liberty Mut. Ins. Co.*, No. CIV. A. 2:06-CV-899, 2007 WL 1723509, at *2 (S.D. Ohio June 12, 2007) (mere suspicion that defendant was withholding ESI is an insufficient basis to permit discovery on discovery, including forensic searches of defendant's computer systems, network servers, and databases).

Moreover, ordering the defendants to disclose closed governmental investigations would prejudice defendants by violating their privacy and reputational interests. "There is little question that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm." *Ocasio v. Dep't of Justice*, 70 F. Supp. 3d 469, 480–81 (D.D.C. 2014) (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991)). That harm is particularly acute in the case of closed investigations that

6

did not result in a public prosecution or lawsuit. Those investigations are, by nature, not public, and the investigating agency likely determined that the evidence did not support a finding of wrongdoing. *John Doe Co. No. 1 v. Consumer Protection Financial Bureau*, 195 F. Supp. 3d 9, 13 (D.D.C. 2016).

Courts regularly protect the targets of closed government investigations and prosecutions from this privacy and reputational harm by limiting discovery. Indeed, where such governmental action "ended in acquittal or dismissal," defendants "have a much stronger privacy interest in controlling information concerning those prosecutions than defendants who were ultimately convicted." *ACLU v. U.S. Dep't of Justice*, 750 F.3d 927, 933 (D.C. Cir. 2014).

In the criminal context, these principles are captured in Rule of Criminal Procedure 6(e), which protects the secrecy of grand jury proceedings, but the underlying principles are not limited to criminal investigations or grand juries: "[T]he possibility of improper disclosure is particularly troubling where a law-enforcement investigation is closed without even the submission of evidence to a grand jury." *Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 124 (D.D.C. 2016). "[D]isclosure of investigatory materials that have not been submitted to a grand jury or otherwise resulted in public criminal charges potentially deprives accused individuals of even the most basic protections of our criminal justice system and risks irreparably damaging the reputations and privacy of presumptively innocent citizens." *Id.* at 124–25.

The same principles apply outside of the grand jury context. Disclosing the existence of criminal or civil investigations through litigation is inappropriate, particularly where there is "no basis to believe that the [investigating agency] would have disclosed its ongoing investigation . . . had Plaintiffs not filed suit." *John Doe Co. No. 1*, 195 F. Supp. 3d at 13 (sealing name of CFPB investigation target to protect "legitimate interest in ensuring that the existence of otherwise

7

confidential government investigations are not publicly disclosed" and to save investigation target from "debilitating injury" that would likely result from disclosure); *see also* New York Exec. Law § 63(8) (restricting disclosure of materials provided during a government civil investigation); Wash Rev. Code § 19.86.110(7) (same).

Requiring defendants to disclose closed investigations would inflict precisely these reputational and privacy harms.  In any event, because the fact of a closed investigation is not relevant, such an order exceeds the scope of discovery available under the Federal Rules.

## CONCLUSION

For these reasons, this Court should vacate Discovery Ruling No. 22 and the Order Regarding Requested Modifications to Discovery Ruling No. 22 or, at a minimum, vacate the portion of the order requiring disclosure of closed investigations.


Dated:  May 21, 2020			Respectfully submitted,

/s/    Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-4824
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*

8

/s/   Tara A. Fumerton (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/   Alexandra W. Miller (consent)
Alexandra W. Miller
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: smiller@zuckerman.com
E-mail: edelinsky@zuckerman.com

*Attorneys for CVS Indiana, LLC. and CVS Rx Services, Inc.*

/s/   Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreen Co. and Walgreen Eastern Co.*

/s/    Timothy D. Johnson (consent)
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Attorneys for Discount Drug Mart, Inc.*

/s/    Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

10

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on May 21, 2020.

/s/    Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*