# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | |
| THIS DOCUMENT RELATES TO: *The County of Summit, Ohio,* et al. *v. Purdue Pharma L.P.,* et al. Case No. 18-op-45090 | MDL No. 2804 Case No. 1:17-md-2804 Judge Dan Aaron Polster |
| *The County of Cuyahoga, Ohio,* et al. *v. Purdue Pharma L.P.,* et al. Case No. 1:18-op-45004 | |
| Track One-B | |

**NOTICE REGARDING PHARMACIST WITNESSES**

Pursuant to the Court's Order of April 29, 2020 (Doc. No. 3280) (the "Order"), CVS Indiana, L.L.C. and CVS Rx Services, Inc. (together, the "CVS Defendants") submit this notice regarding pharmacist witnesses.  As set forth below, these witnesses were disclosed more than one year ago in Track One-A; their testimony is relevant to the plaintiffs' distribution claims and is tailored to those claims; and their presence on our witnesses list provides no basis to reopen discovery.

## OBJECTIONS

The CVS Defendants note their objection to the Order insofar as it requires them, six months before trial, to identify pharmacists they actually intend to call as witnesses.  *See* Doc. No. 3280 at 2.[1]  Such a requirement is premature.  Until plaintiffs present their case-in-chief, the CVS Defendants will not know with certainty who they will call as witnesses.  The CVS Defendants reserve the right to call all of the below witnesses, some (or one) of them, or none of them.  The CVS Defendants also reserve the right to call other pharmacists, not identified below, to the extent their testimony is required for rebuttal.

It also is premature to require the CVS Defendants, at this stage, to provide a description of the testimony they may adduce from these witnesses and to thereby disclose trial strategy.  Plaintiffs are not required to disclose their own witnesses, or a summary of their testimony, for several months.  *See* Doc. No. 3234 at 4.  Because the Order is not reciprocal, it affords plaintiffs unfair advantage.

The CVS Defendants further object to the Order to the extent it contemplates depositions.  As set forth below, the CVS Defendants disclosed these witnesses more than 14 months ago in accordance with deadlines in Track One-A, and discovery now is closed.  Plaintiffs had ample opportunity to pursue depositions of these witnesses before the CVS Defendants were severed from Track One-A, but did not.  On the eve of jury selection in the Track One-A trial, Special Master Cohen denied a request for depositions in these circumstances.  In a dispute involving, among other witnesses, several of the pharmacists disclosed herein (who another defendant sought to call at trial), the Special Master stated:

---

[1] The Court previously set a deadline of October 14, 2020 for filing witness lists.  Doc. No. 3234 at 4.  Under this earlier order, the parties would have prior notice of the other side's witnesses before finalizing their own witness lists and submitting them to the Court.  *Id.*  The prior order also sets a deadline—October 21, 2020—for objecting to a witness.  *Id.* at 5.

> [D]iscovery is closed.  It's been closed for a long time.  That includes depositions.
> If y'all want depositions of witnesses yet to be called who weren't deposed during
> the discovery period, that's something you have to agree to, otherwise they don't
> occur.  I don't grant them.

Doc. No. 2827 at 12-13.  This ruling applies here.

Finally, the CVS Defendants object to any other reopening of discovery or to the use of any dispensing-related discovery produced in connection with plaintiffs' stricken dispensing claims.  Discovery on plaintiffs' distribution claims closed long ago.  Had plaintiffs not severed the CVS Defendants from Track One-A, trial would have occurred last October.  It would have been based on the discovery record as it existed then and would have included testimony from the disclosed pharmacists.  It would be unjust and violative of the Federal Rules to alter the status quo simply because plaintiffs—without the CVS Defendants' consent—severed them from the October trial.  It would be equally unjust—and violative of the Sixth Circuit mandate—to allow plaintiffs to use at the upcoming trial discovery that they collected after distribution discovery closed, due to an impermissible amendment.  Because the below witnesses would be called to respond to plaintiffs' case-in-chief, there is no basis in law to find that their testimony opens the door to new discovery.

If the Court, over the CVS Defendants' objection, reopens discovery and/or permits plaintiffs to use the dispensing data or other discovery produced in connection with the stricken Track One-B claims, the CVS Defendants reserve the right to take responsive discovery and disclose responsive experts.  The CVS Defendants also reserve the right in this event to adduce trial testimony on additional topics from the below pharmacists and to call additional pharmacists as trial witnesses, so that it may respond to any such new evidence.

## PROCEDURAL HISTORY

The CVS Defendants initially disclosed pharmacists as potential witnesses 23 months ago (in June 2018) in Track One-A.  It identified "[p]harmacists who ordered … Schedule II Opioids at issue in the Track One cases" as persons with discoverable information.  Ex. A at p. 17.  Plaintiffs did not seek depositions of any such witnesses at the time.

A few months later, in September 2018, the CVS Defendants again identified "CVS and other pharmacists who submitted any orders that Plaintiffs claim should not have been shipped by the CVS Distributors."  Ex. B at p. 17.  Plaintiffs still did not seek depositions of any such witnesses.

In October 2018, in response to a request from plaintiffs, Special Master Cohen ordered the production of certain dispensing discovery in service of the plaintiffs' distribution claims (plaintiffs would not assert dispensing claims for another year).  *See* Doc. No. 1055.  Pursuant to that order, the CVS Defendants produced dispensing policies, pharmacist compensation policies, and a 30(b)(6) witness on these subjects.

In November 2018, the CVS Defendants once again identified "CVS pharmacists in Cuyahoga and Summit Counties" as relevant witnesses and stated that it would "provide a selection of names upon request."  Ex. C at p. 10.  Plaintiffs did not request names, nor did they seek depositions.

In January 2019, the CVS Defendants identified by name two of the individuals disclosed herein; and in March 2019 (14 months ago), the CVS Defendants identified the remaining four individuals.  *See* Ex. D at p. 11; Ex. E at p. 8.  Plaintiffs did not seek depositions of any of these individuals at any time before August 2019, when they severed the CVS Defendants from Track One-A.

4

Plaintiffs never sought depositions of any these witnesses until the eve of the Track One-A trial, when three appeared on the witness list of another defendant.  As noted above, when plaintiffs sought to compel depositions of these witnesses, Special Master Cohen denied such relief given that "discovery is closed" and has "been for a long time."  Doc. No. 2827 at 12.  Plaintiffs went on to select a jury without depositions of these individuals.

<b>REQUESTED INFORMATION</b>

Subject to and without waiving the objections stated above, the CVS Defendants state as follows:

**A.    Pharmacist Witnesses**

The CVS Defendants may call the following pharmacists who work in the Track One counties at trial in order to rebut evidence adduced, or arguments made, by plaintiffs:[2]

1.  Shadi Awadallah has been employed by CVS as a pharmacist or District Leader since 2011 and currently works at Store No. 4437.  He also has worked at CVS Store Nos. 3090, 4347, 4800 and 10209.

2.  Christa Altobelli has been employed by CVS as a pharmacist or District Leader since 2008 and is currently a District Leader.  She has worked as a pharmacist at CVS Store Nos. 3083, 3360 and 4333.

3.  Julie Deal has been employed by CVS as a pharmacist since 2000 and currently works at CVS Store No. 4300.  She also has worked at CVS Store No. 3322.

4.  Nancy Mitchner has been employed by CVS as a pharmacist since 2000 and currently works at CVS Store No. 4800.  She also has worked at CVS Store Nos. 3306, 3320, 4312 and 4802.

5.  Yasmine Parker has been employed by CVS as a pharmacist since 2013 and currently works at CVS Store No. 3333.

---

[2] This submission does not address corporate witnesses the CVS Defendants may call at trial who hold pharmacy degrees and may have worked as a pharmacist prior to being elevated to supervisory positions, but who never worked in a Track One pharmacy.  Nor does it include SOM reviewers who hold pharmacy degrees.  The CVS Defendants disclosed such witnesses no later than 18 months ago, well within the Track One-A discovery period.

5

6.  Christina Von Ahn worked as a pharmacist for CVS from 2010 to 2017.[3]  She worked at CVS Store Nos. 3041 and 4309.

Mr. Awadallah and Ms. Mitchner were disclosed more than 15 months ago on January 25, 2019.

Ms. Altobelli, Ms. Deal, Ms. Parker, and Ms. Von Ahn were disclosed more than 14 months ago

on March 4, 2019.

**B.  Brief Description of Pharmacist Testimony**

The above witnesses will testify about their involvement in ordering hydrocodone combination products from the CVS Defendants' warehouses;[4] how, when and why such orders were placed; and their knowledge and observations of the ordering process.[5]  As with any other witness, their testimony will include basic information about their job and appropriate personal and professional background.

To the extent plaintiffs are permitted to pursue a conspiracy claim against the CVS Defendants in Track One-B—which they should not be allowed to do, as they have abandoned their claim for damages—these witnesses also will testify about their interactions, if any, with alleged co-conspirators and about whether there was a conspiratorial agreement.  Finally, if plaintiffs open the door to any other subjects on which the witnesses are competent to testify, they may provide testimony on these additional rebuttal subjects as well.

The CVS Defendants do not intend to offer testimony from these witnesses on particular prescriptions or prescription data, but reserve the right to present any responsive testimony from these witnesses if plaintiffs present evidence or arguments that require rebuttal.

---

[3] Ms. Von Ahn is currently employed by another CVS entity.

[4] The only relevant opioids that the CVS Defendants shipped were hydrocodone combination products ("HCPs").  The CVS Defendants stopped distributing those products in October 2014.

[5] Long ago, the CVS Defendants produced to plaintiffs in Track One-A data showing each order of HCPs that the CVS Defendants shipped to each CVS pharmacy in Track One.  The data contains the date and amount of each order, as well the particular pharmacy to which the order shipped.

### C.    Relevance and Necessity of Pharmacist Testimony

The pharmacist testimony described above is relevant and necessary to respond to plaintiffs' allegations and evidence on their distribution claims.

The first fact plaintiffs must prove is that CVS pharmacies in the Track One counties placed suspicious orders with the CVS Defendants' warehouses.  Absent such proof, plaintiffs have no claim.  If such orders were not in fact suspicious, the shipment of those orders did not violate the standard of care—and could not have caused the harm for which plaintiffs seek relief—regardless of the sufficiency of any SOM system.  Accordingly, plaintiffs will adduce expert testimony to try to prove that the orders placed by CVS pharmacies in the Track One counties were suspicious.

Because it is essential for plaintiffs to prove that suspicious orders were placed by CVS pharmacies, and because plaintiffs will present evidence in an attempt to do so, it is self-evident that Track One pharmacists are relevant witnesses.  Testimony from these witnesses on how and why orders were placed is relevant to the jury's assessment of whether orders from Track One pharmacies were suspicious.  More specifically, such testimony is relevant to the jury's assessment of whether plaintiffs' proffered evidence of suspiciousness—retrospective statistical analysis presented by experts—is sufficient.  These witnesses worked at the pharmacies that were a party to the very transactions on which plaintiffs base their claims, and they can provide firsthand testimony on the ordering processes their pharmacies followed and on how and why orders were placed.

Pharmacist testimony also may be relevant to plaintiffs' conspiracy claim, to the extent plaintiffs are permitted to pursue it.  If plaintiffs' alleged conspiracy claim in any way relates to CVS pharmacies in Track One, the testimony of pharmacists who worked in those pharmacies—

regarding, for instance, their interactions with alleged coconspirators—is relevant to questions pertaining to whether the alleged conspiracy existed and/or its alleged effects.

The Order asks us to address "why the pharmacist's testimony is appropriate if that pharmacist was not involved in suspicious order due diligence or SOMs review when it occurred." Doc. No. 3280 at 2.  As explained above, such testimony is appropriate because it is relevant to *other* issues in the trial.  Suspicious order due diligence is just one of many issues in the case. Other elements of plaintiffs' claims—other issues—are no less important.  Indeed, if the orders placed with the CVS Defendants' warehouses were not suspicious in the first place, the jury will never even reach suspicious order due diligence.

### D.    Plaintiffs' Right to Call Pharmacists

It may or may not be appropriate for plaintiffs to call pharmacists at trial.  The CVS Defendants cannot make that determination without disclosure of the identity of the witness and the purpose and nature of her or his testimony.

## DEPOSITIONS

As set forth above, depositions of these witnesses should not be permitted.  They were disclosed long ago in Track One-A, plaintiffs did not timely pursue depositions of them, and discovery on the distribution claims is closed.  For these reasons, Special Master Cohen denied plaintiffs' request for pharmacist depositions on the eve of the Track One-A trial.  Doc. No. 2827 at 12-13.  Depositions of these essential health care workers are even less appropriate now in light of COVID-19.

If depositions are permitted out of time and while pharmacists are providing essential services amidst the COVID-19 crisis, the Court should apply Special Master Cohen's September 24, 2020 deadline for depositions of likely trial witnesses.  Doc. No. 3175 at 3.  CVS personnel

should not be put to the task of preparing and sitting for depositions until the press of pandemic lessens.  This is especially so given that trial is not until November and there rsmmiemains ample time for the depositions to proceed in early Fall.  Plaintiffs did not treat these depositions as urgent (or even necessary) in Track One-A and have no basis to characterize them differently now.

Given that plaintiffs did not pursue these depositions prior to severing the CVS Defendants and now seek to take them out of time, and given COVID-19, depositions should be limited to two hours if they are allowed.

Date:  May 19, 2020                         /s/ *Eric R. Delinsky*
                                            Eric R. Delinsky
                                            Alexandra W. Miller
                                            ZUCKERMAN SPAEDER LLP
                                            1800 M Street, N.W., Suite 1000
                                            Washington, D.C. 20036
                                            Tel:  (202) 778-1800
                                            Fax:  (202) 822-4106
                                            edelinsky@zuckerman.com
                                            smiller@zuckerman.com

                                            *Counsel for CVS Indiana, L.L.C. and CVS Rx*
                                            *Services, Inc.*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK ONE CASES | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### CVS HEALTH CORPORATION'S OBJECTIONS AND RESPONSES
### TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, CVS Health Corporation ("CVS Health") serves these Objections and Responses to Plaintiffs' First Set of Interrogatories (the "Interrogatories").

### RESERVATION OF RIGHTS

1.      Personal jurisdiction does not lie over CVS Health in Ohio, and CVS Health has moved to dismiss the Track One cases on this ground (Dkt. No. 495).   In making these Objections and Responses, CVS Health does not consent to jurisdiction.  Nor does it waive, or intend to waive, its position that the Court lacks personal jurisdiction over it.  Because its motion to dismiss for lack of jurisdiction has not been decided, CVS Health provides these Objections and Responses only to comply with the deadline for responding to the Interrogatories and to avoid waiving its rights and objections.

2.      These Objections and Responses are made without waiving, or intending to waive, (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility of information or documents produced in response to the Interrogatories; (ii) the right to object

Association of Chain Drug Stores (NACDS), National Association of Attorneys General, Republican Attorney General Association, and Democratic Attorney General Association and Federation of State Medical Boards from January 1, 1990 to present.  This includes when the contribution/payment was made, the amount, and to whom it was made.

**RESPONSE:**  CVS Health hereby incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  CVS Health objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional. CVS Health also objects to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases, such as information related to organizations that do not focus on distribution of Controlled Substances.

**INTERROGATORY NO. 15:**  Please Identify each Person, other than a Person intended to be called as an expert witness at trial, who likely has discoverable information that tends to support a position or defense that You have taken or intend to take in this action, and state the subject matter of the information possessed by that Person. This Interrogatory is intended to include but not be limited to any basis or claim You believe in any way limits Your duties as set forth in 21 U.S.C. §823(e),21 C.F.R. §1301.74(b), 21 C.F.R. §1301.71(a), and/or 21 C.F.R. §1306.04(a).  Please also Identify any Documents that would support this position as well as the custodian of said Documents.

**RESPONSE:**  CVS Health hereby incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  CVS Health objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and the attorney work product doctrine.  CVS Health objects to this Interrogatory because it is premature at this stage in the litigation.  CVS Health also objects to this

15

Interrogatory on the grounds that persons who are likely to have discoverable information, including current and former employees of Plaintiffs, current and former employees of other Defendants, and current and former employees of third parties such as the Drug Enforcement Administration and other federal, state, and local government agencies, are not subject to the CVS Health's control.   CVS Health further objects on the ground that Plaintiffs have not identified the particular conduct – namely, particular Suspicious Orders fulfilled by the CVS Distributors which caused damage to Plaintiffs – that forms the basis of their claims; in the absence of this information, this Interrogatory cannot be answered with any precision or detail. Finally, CVS Health objects to this Interrogatory's request for the identity of documents and the custodians thereof as unduly burdensome and premature.

Subject to and without waiving the foregoing objections, the CVS Distributors identify the persons listed in the response to Interrogatory No. 13.  The CVS Distributors also identify the following categories of individuals and entities:

- The Drug Enforcement Administration;
- The Food and Drug Administration;
- The Department of Health & Human Services;
- The Center for Disease Control;
- Centers for Medicare and Medicaid;
- The Ohio Board of Pharmacy;
- The Ohio Department of Medicaid;
- The State Medical Board of Ohio;
- Summit County, and its constituent departments and employees, as well as boards, agencies and commissions;
- Cuyahoga County, and its constituent departments and employees, as well as boards, agencies and commissions;
- The City of Cleveland, and its constituent departments and employees, as well as boards, agencies and commissions;
- Pharmaceutical manufacturers;
- Wholesale drug distributors;
- Hospitals located in the jurisdictions comprising the Track One cases;
- Physicians who prescribed Schedule II Opioids to patients in the jurisdictions comprising the Track One cases; and

- Pharmacists who ordered or dispensed Schedule II Opioids at issue in the Track One cases.
- Treatment centers for addiction to Schedule II Opioids located in the jurisdiction comprising the Track One cases.

The CVS Distributors reserve the right to identify additional individuals who possess discoverable information that tends to support a position or defense that it has taken or intends to take in this action.

**INTERROGATORY NO. 16:**  Describe in detail the corporate history of Your entities, subsidiaries and/or divisions that have, or have had, any role in the manufacture, marketing, sale, dispensing and/or distribution of Opioids or Opioid Products from January 1, 1990 to present, including the dates of acquisition or changes in relationships, and Identify the Persons or entities who hold or have assumed any known or unknown liabilities of each such entity, subsidiary, or division in relation to Opioids or Opioid Products.

**RESPONSE:**  CVS Health hereby incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  CVS Health objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  CVS Health also objects to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.

Subject to and without waiving the foregoing objections, the CVS Distributors did not distribute Schedule II Opioids into Cuyahoga and Summit Counties during the Subject Period.

**INTERROGATORY NO. 17:**  Identify each custodian whose records You have searched in order to locate information responsive to these Interrogatories and/or Documents responsive to the Plaintiffs' First Requests for Production.

**RESPONSE:**  CVS Health hereby incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  CVS Health objects to this

17

Subject to and without waiving the foregoing objections, during the Subject Period, the CVS Distributors had policies and procedures in place related to the distribution of Controlled Substances.  However, those policies and procedures did not apply to the CVS Distributors' distribution of Schedule II Opioids into Cuyahoga and Summit Counties during the Subject Period, as the CVS Distributors did not distribute such products during that time period.

Dated:  June 18, 2018                              Respectfully submitted,

                                                   */s/ Eric R. Delinsky*
                                                   Eric R. Delinsky
                                                   Alexandra W. Miller
                                                   Zuckerman Spaeder LLP
                                                   Suite 1000
                                                   1800 M Street, NW
                                                   Washington, DC 20036
                                                   202-778-1800
                                                   202-822-8106 (fax)
                                                   edelinsky@zuckerman.com
                                                   smiller@zuckerman.com

                                                   *Counsel for CVS Health Corporation*

## **VERIFICATION**

I have reviewed CVS Health Corporation's Objections and Responses to Plaintiffs' First Set of Interrogatories.  The factual information provided in the Responses is true and correct to the best of my knowledge, information, and belief.  To the extent that the Responses contain factual information that is not based on my personal knowledge, I am relying on information provided by others with relevant knowledge for the truthfulness and accuracy of the Responses. Subject to these limitations, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief as of this date.

Executed this 18th day of June, 2018.

Dean Vanelli
Senior Director, Supply Chain and Operations Support

## **CERTIFICATE OF SERVICE**

I, Paul B. Hynes, Jr., certify that on June 18, 2018, I caused CVS Health Corporation's Objections and Responses to Plaintiffs' First Set of Interrogatories to be served via electronic mail on the counsel identified in the attached service list.


/s/ *Paul B. Hynes, Jr.*
Paul B. Hynes, Jr.

# EXHIBIT B

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>TRACK ONE CASES | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### CVS INDIANA, L.L.C.'S AND CVS RX SERVICES, INC.'S AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES NO. 1 - 6, 8 - 10, 13, 15 - 18, 20 - 21 AND 30 OF PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, CVS Indiana, L.L.C. ("CVS Indiana") and CVS Rx Services, Inc. ("CVS Rx Services") (together, the "CVS Distributors") serve these Amended Objections and Responses to Interrogatories No. 1 - 6, 8 - 10, 13, 15 - 18, 20 - 21, and 30 of Plaintiffs' First Set of Interrogatories (the "Interrogatories").

### RESERVATION OF RIGHTS

1.     The Interrogatories were served on CVS Health Corporation ("CVS Health"), and CVS Health served objections to the Interrogatories on June 18, 2018.  Subsequently, on June 20, 2018, the Court granted Plaintiffs' Unopposed Motion to Dismiss CVS Health and to Add CVS Indiana and CVS Rx Services.  Accordingly, those entities are serving these Amended Objections and Responses.  CVS Health preserves, and does not waive, its objections to the Interrogatories, and the CVS Distributors hereby adopt and incorporate by reference CVS Health's June 18, 2018, objections, other than to the extent modified herein.

2.     These Amended Objections and Responses are made without waiving, or intending to waive, (i) any objections as to the competency, relevancy, materiality, privilege, or

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Name | Title | Approx. Relevant Time Period |
|---|---|---|
| Shauna Helfrich | Regulatory Compliance Analyst | 2013-14 |
| Aaron Burtner | SOM Manager | 2011-14 |
| Kelly Baker | SOM Analyst | 2012-13 |
| Paul Lawson | Loss Prevention Analyst | 2011-12 |
| Pam Hinkle | Senior Manager, Logistics Compliance (among others) | 2006-14 |
| Frank Devlin | Director of Logistics and Loss Prevention | 2006-10 |
| Gary Millikan | Operations Manager (among others) | 2006-14 |
| Analysis Group | Consultant | 2010-14 |
| BuzzeoPDMA | Consultant | 2008-13 |
| Pharma Compliance Group | Consultant | 2013-14 |

Further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the CVS Distributors will produce documents sufficient to identify individuals who developed, managed, and administered the monitoring systems for orders of hydrocodone combination products that were received from CVS CT1 Pharmacies during the Distribution Period.

The CVS Distributors' investigation is ongoing, and they reserve the right to modify or supplement this response.

**INTERROGATORY NO. 15:** Please Identify each Person, other than a Person intended to be called as an expert witness at trial, who likely has discoverable information that tends to support a position or defense that You have taken or intend to take in this action, and

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

state the subject matter of the information possessed by that Person. This Interrogatory is intended to include but not be limited to any basis or claim You believe in any way limits Your duties as set forth in 21 U.S.C. §823(e),21 C.F.R. §1301.74(b), 21 C.F.R. §1301.71(a), and/or 21 C.F.R. §1306.04(a).  Please also Identify any Documents that would support this position as well as the custodian of said Documents.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and the attorney work product doctrine.  The CVS Distributors further object to this Interrogatory because it is premature at this stage in the litigation.  The CVS Distributors also object to this Interrogatory on the grounds that persons who are likely to have discoverable information, including current and former employees of Plaintiffs, current and former employees of other Defendants, and current and former employees of third parties such as the DEA and other federal, state, and local government agencies, are not subject to the CVS Distributors' control.  Additionally, the CVS Distributors object to this Interrogatory on the ground that Plaintiffs have not identified the particular orders that form the basis of their claims against the CVS Distributors.  In the absence of this information, this Interrogatory cannot be answered with any precision or detail.  Finally, the CVS Distributors object to this Interrogatory's request for the identity of documents and the custodians thereof as unduly burdensome and premature.

Subject to and without waiving the foregoing objections, the CVS Distributors incorporate their Amended Response to Interrogatory No. 13.  In addition, the CVS Distributors identify the following categories of individuals and entities:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

- DEA;
- The Food and Drug Administration ("FDA");
- The Department of Health & Human Services;
- The Center for Disease Control;
- Centers for Medicare and Medicaid;
- The Ohio Board of Pharmacy;
- The Ohio Department of Medicaid;
- The State Medical Board of Ohio;
- Summit County, and its constituent departments and employees, as well as boards, agencies and commissions;
- Cuyahoga County, and its constituent departments and employees, as well as boards, agencies and commissions;
- The City of Cleveland, and its constituent departments and employees, as well as boards, agencies and commissions;
- Pharmaceutical manufacturers;
- Wholesale drug distributors;
- Hospitals located in the Track One jurisdictions;
- Practitioners who prescribed opioids;
- CVS and other pharmacists who submitted any orders that Plaintiffs claim should not have been shipped by the CVS Distributors or who filled the prescriptions that Plaintiffs claim should not have been filled (Plaintiffs, to date, have not  identified any such orders or prescriptions); and
- Treatment centers for opioid addiction located in the Track One jurisdictions.

The CVS Distributors' investigation is ongoing, and they reserve the right to identify additional individuals who possess discoverable information that tends to support a position or defense that it has taken or intends to take in this action.

**INTERROGATORY NO. 16:**  Describe in detail the corporate history of Your entities, subsidiaries and/or divisions that have, or have had, any role in the manufacture, marketing, sale, dispensing and/or distribution of Opioids or Opioid Products from January 1, 1990 to present, including the dates of acquisition or changes in relationships, and Identify the Persons or entities who hold or have assumed any known or unknown liabilities of each such entity, subsidiary, or division in relation to Opioids or Opioid Products.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response.

17

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Dated:  September 10, 2018                    Respectfully submitted,

                                              */s/ Eric R. Delinsky*
                                              Eric R. Delinsky
                                              Alexandra W. Miller
                                              Zuckerman Spaeder LLP
                                              Suite 1000
                                              1800 M Street, NW
                                              Washington, DC 20036
                                              202-778-1800
                                              202-822-8106 (fax)
                                              edelinsky@zuckerman.com
                                              smiller@zuckerman.com

                                              *Counsel for CVS Indiana, L.L.C., and CVS Rx
                                              Services, Inc.*

## <u>VERIFICATION</u>

I have reviewed CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 1 - 6, 8 - 10, 13, 15 - 18, 20 - 21, and 30 of Plaintiffs' First Set of Interrogatories.  The factual information provided in the Amended Responses is true and correct to the best of my knowledge, information, and belief.  To the extent that the Amended Responses contain factual information that is not based on my personal knowledge, I am relying on information provided by others with relevant knowledge for the truthfulness and accuracy of the Amended Responses.  Subject to these limitations, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief as of this date.

Executed this 10th day of September, 2018.

Dean Vanelli
Senior Director, Supply Chain and Operations Support

## <u>CERTIFICATE OF SERVICE</u>

I, Paul B. Hynes, Jr., certify that on September 10, 2018, I caused CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 1 - 6, 8 - 10, 13, 15 - 18, 20 - 21, and 30 of Plaintiffs' First Set of Interrogatories to be served via electronic mail on the counsel identified in the attached service list.


*/s/ Paul B. Hynes, Jr.*
Paul B. Hynes, Jr.

# EXHIBIT C

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>TRACK ONE CASES | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### CVS INDIANA, L.L.C.'S AND CVS RX SERVICES, INC.'S AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES NO. 11, 13 AND 30 OF PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, CVS Indiana, L.L.C. and CVS Rx Services, Inc. (the "CVS Distributors") serve these Amended Objections and Responses to Plaintiffs' First Set of Interrogatories (the "Interrogatories").

### RESERVATION OF RIGHTS

1.      These Amended Objections and Responses are made without waiving, or intending to waive, (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility of information or documents produced in response to the Interrogatories; (ii) the right to object on any ground to the use of the information or documents produced in response to the Interrogatories at any hearing or trial; (iii) the right to object on any ground at any time to a request for further responses to the Interrogatories; or (iv) the right to revise, correct, add to, supplement, or clarify any of the objections contained herein.

2.      The CVS Distributors' investigation is ongoing as to all matters addressed or referenced in these Objections and Responses.  The CVS Distributors reserve the right to modify or supplement these Amended Objections and Responses as necessary.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## SPECIFIC RESPONSES AND OBJECTIONS

The CVS Distributors object and respond to the Interrogatories as follows:

**INTERROGATORY NO. 11:**  For each Customer and/or pharmacy/dispenser that You own or control who purchased or acquired Opioids and/or Opioid Products from You from January 1, 1990 to the present, please Identify that entities [sic] threshold and/or Controlled Substance limit at the time of the Order, and Identify all personnel who were responsible for establishing and/or approving any threshold or Controlled Substance limit.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.  The CVS Distributors further object to the terms "threshold" and "Controlled Substance limit" as undefined, vague, ambiguous, and incapable of precise meaning.

Subject to and without waiving the foregoing objections, in approximately April and July 2014, weekly limits were imposed on orders of hydrocodone combination products from CVS pharmacies, including CVS CT1 pharmacies.  These weekly pharmacy-specific HCP limits were in place from April 2014 until the end of the Distribution Period, when the CVS Distributors stopped distributing hydrocodone combination products.

Individuals involved in establishing and calculating these limits for HCPs include Nicole Harrington and Joel McCrum.

**INTERROGATORY NO. 13:**  Please Identify all Persons who were responsible for administering, overseeing, developing and/or implementing any and all policies, procedures, systems or programs designed to detect and report Suspicious Orders or to maintain effective

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

controls against diversion of Controlled Substances from January 1, 1990 to present.  This includes but is not limited to, Persons responsible for review, verification, approval and release of Suspicious Orders or orders of interest, as well as all Persons with the ability to override any system, from January 1, 1990 to present.  For each Person listed, please provide their title and the time frame in which they served in a relevant position.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.  The CVS Distributors further object to this Interrogatory, including the phrase "override any system," as vague and ambiguous.

Subject to and without waiving the foregoing objections, based on the CVS Distributors' investigation to date, individuals who developed, managed, and administered the monitoring systems for orders of hydrocodone combination products that were received from CVS CT1 Pharmacies during the Distribution Period include without limitation:

| Name | Title | Approx. Relevant Time Period |
|---|---|---|
| Dean Vanelli | Senior Director, Supply Chain and Operations Support (among others) | 2012-14 |
| Annette Lamoureux | SOM Analyst (among others) | 2013-14 |
| Susan Delmonico | Director, Logistics Regulatory Compliance and Quality Assurance | 2014 |

8

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| Name | Title | Approx. Relevant Time Period |
|---|---|---|
| John Mortelliti | Director, Loss Prevention (among others) | 2010-12 |
| Khalil Mia | SOM Analyst | 2013-14 |
| Mark Nicastro | Director, Indianapolis Distribution Center | 2011-14 |
| Shauna Helfrich | Regulatory Compliance Analyst | 2013-14 |
| Aaron Burtner | SOM Manager | 2011-14 |
| Kelly Baker | SOM Analyst | 2012-13 |
| Paul Lawson | Loss Prevention Analyst | 2011-12 |
| Pam Hinkle | Senior Manager, Logistics Compliance (among others) | 2006-14 |
| Frank Devlin | Director of Logistics and Loss Prevention | 2006-10 |
| Gary Millikan | Operations Manager (among others) | 2006-14 |
| Analysis Group | Consultant | 2010-14 |
| BuzzeoPDMA | Consultant | 2008-13 |
| Pharma Compliance Group | Consultant | 2013-14 |
| Cricket Osment | Viper Analyst | 2010 |
| Steven Cain | Loss Prevention Analyst | 2011 |
| Shannon Miller | Loss Prevention Analyst | 2011 |
| Gary Lamberth | Pharmacy Manager | 2010 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Name | Title | Approx. Relevant Time Period |
|---|---|---|
| Warehouse Associates responsible for the picking and packing controlled substances at the Indianapolis and Chemung Distribution Centers, including Ellen Wilson and Sheri Hinkle | Warehouse Associate | 2006-14 |

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the CVS Distributors also have produced documents sufficient to identify individuals who developed, managed, and administered the monitoring systems for orders of hydrocodone combination products that were received from CVS CT1 Pharmacies during the Distribution Period.

Further, the CVS Distributors only distributed controlled substances to CVS retail pharmacies.  Other CVS entities that are not named in these cases maintained additional controls against diversion.  Persons with knowledge of these controls include without limitation:

1.      CVS pharmacists in Cuyahoga and Summit Counties and their direct and indirect supervisors.  We will provide a selection of names upon request.

2.      Corporate personnel, including but not limited to Nicole Harrington and the pharmacy operations group, who maintain and or implement policies, practices and programs related to the dispensing and possible diversion of controlled substances and who administer other programs to monitor for and protect against possible diversion.  *See, e.g.*, CVS-MDLT1-000055540 – 000055582, CVS-MDLT1-000061095, CVS-MDLT1-000081390 – 000081568, CVS-MDLT1-000099680 – 000099701.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

other documents produced in this case.  In addition, the CVS Distributors hereby incorporate their Response to Request No. 13.

Further, the CVS Distributors only distributed controlled substances to CVS retail pharmacies.  Other CVS entities that are not named in these cases maintained additional controls against diversion, including without limitation policies and procedures related to the dispensing of controlled substances, training programs, programs to monitor prescribers of controlled substances, and programs to monitor the inventory  and dispensing of CVS retail pharmacies.


Dated:  November 30, 2018                    Respectfully submitted,

                                             */s/ Eric R. Delinsky*
                                             Eric R. Delinsky
                                             Alexandra W. Miller
                                             Zuckerman Spaeder LLP
                                             Suite 1000
                                             1800 M Street, NW
                                             Washington, DC 20036
                                             202-778-1800
                                             202-822-8106 (fax)
                                             edelinsky@zuckerman.com
                                             smiller@zuckerman.com

                                             *Counsel for CVS Indiana, L.L.C., and CVS Rx Services, Inc.*

## **VERIFICATION**

I have reviewed CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories Nos. 11, 13 and 30 of Plaintiffs' First Set of Interrogatories.  The factual information provided in the Amended Responses is true and correct to the best of my knowledge, information, and belief.  To the extent that the Amended Responses contain factual information that is not based on my personal knowledge, I am relying on information provided by others with relevant knowledge for the truthfulness and accuracy of the Amended Responses.  Subject to these limitations, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief as of this date.

Executed this 30th day of November, 2018.

Mark Vernazza
Senior Legal Counsel

## <u>CERTIFICATE OF SERVICE</u>

I, Eric R. Delinsky, certify that on November 30, 2018, I caused CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 11, 13 and 30 of Plaintiffs' First Set of Interrogatories to be served on counsel of record for plaintiffs and defendants pursuant to the Order Concerning Service in the Track One Cases, dated September 17, 2018.

     For Plaintiffs:     mdl2804discovery@motleyrice.com

     For Defendants:     xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

/s/ Eric R. Delinsky
Eric R. Delinsky

# EXHIBIT D

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>TRACK ONE CASES | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### CVS INDIANA, L.L.C.'S AND CVS RX SERVICES, INC.'S AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES NO. 7, 12, 14, 15, 17, 19, AND 22 - 29 OF PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, CVS Indiana, L.L.C. ("CVS Indiana") and CVS Rx Services, Inc. ("CVS Rx Services") (together, the "CVS Distributors") serve these Amended Objections and Responses to Interrogatories No. 7, 12, 14, 15, 17, 19, and 22 - 29 of Plaintiffs' First Set of Interrogatories (the "Interrogatories").

### RESERVATION OF RIGHTS

1.      The Interrogatories were served on CVS Health Corporation ("CVS Health"), and CVS Health served objections to the Interrogatories on June 18, 2018. Subsequently, on June 20, 2018, the Court granted Plaintiffs' Unopposed Motion to Dismiss CVS Health and to Add CVS Indiana and CVS Rx Services. Accordingly, those entities are serving these Amended Objections and Responses. CVS Health preserves, and does not waive, its objections to the Interrogatories, and the CVS Distributors hereby adopt and incorporate by reference CVS Health's June 18, 2018, objections, other than to the extent modified herein.

2.      These Amended Objections and Responses are made without waiving, or intending to waive, (i) any objections as to the competency, relevancy, materiality, privilege, or

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**INTERROGATORY NO. 15:**  Please Identify each Person, other than a Person intended to be called as an expert witness at trial, who likely has discoverable information that tends to support a position or defense that You have taken or intend to take in this action, and state the subject matter of the information possessed by that Person. This Interrogatory is intended to include but not be limited to any basis or claim You believe in any way limits Your duties as set forth in 21 U.S.C. §823(e),21 C.F.R. §1301.74(b), 21 C.F.R. §1301.71(a), and/or 21 C.F.R. §1306.04(a).  Please also Identify any Documents that would support this position as well as the custodian of said Documents.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and the attorney work product doctrine.  The CVS Distributors further object to this Interrogatory because it is premature at this stage in the litigation.  The CVS Distributors also object to this Interrogatory on the grounds that persons who are likely to have discoverable information, including current and former employees of Plaintiffs, current and former employees of other Defendants, and current and former employees of third parties such as the DEA and other federal, state, and local government agencies, are not subject to the CVS Distributors' control.  Additionally, the CVS Distributors object to this Interrogatory on the ground that Plaintiffs have not identified the particular orders that form the basis of their claims against the CVS Distributors.  In the absence of this information, this Interrogatory cannot be answered with any precision or detail.  Finally, the CVS Distributors object to this Interrogatory's request for the identity of documents and the custodians thereof as unduly burdensome and premature.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing objections, the CVS Distributors incorporate their Amended Responses to Interrogatory No. 13 and to Interrogatory No. 17.  In addition, the CVS Distributors identify the following categories of individuals and entities:

- DEA;
- The Food and Drug Administration ("FDA");
- The Department of Health & Human Services;
- The Center for Disease Control;
- Centers for Medicare and Medicaid;
- The Ohio Board of Pharmacy;
- The Ohio Department of Medicaid;
- The State Medical Board of Ohio;
- Summit County, and its constituent departments and employees, as well as boards, agencies and commissions;
- Cuyahoga County, and its constituent departments and employees, as well as boards, agencies and commissions;
- The City of Cleveland, and its constituent departments and employees, as well as boards, agencies and commissions;
- Pharmaceutical manufacturers;
- Wholesale drug distributors;
- Hospitals located in the Track One jurisdictions;
- Practitioners who prescribed opioids;
- CVS pharmacists who may have submitted orders that Plaintiffs claim should not have been shipped by the CVS Distributors, who may have filled prescriptions that Plaintiffs claim should not have been filled, or who work(ed) at CVS Pharmacies that placed any such orders or filled any such prescriptions, including but not limited to Jenna Funk, Nancy Mitchner, and Shadi Awadallah, who work(ed) at CVS Pharmacy No. 4800, 590 East Market St., Akron, OH (the only CVS Pharmacy identified by Plaintiffs in their January 11, 2019, response to Discovery Ruling No. 12 as having placed suspicious orders);
- Other pharmacists who may have submitted orders that Plaintiffs claim should not have been shipped, who may have filled prescriptions that Plaintiffs claim should not have been filled, or who work(ed) at pharmacies that placed any such orders or filled any such prescriptions; and
- Treatment centers for opioid addiction located in the Track One jurisdictions.

The CVS Distributors' investigation is ongoing, and they reserve the right to identify additional individuals who possess discoverable information that tends to support a position or defense that it has taken or intends to take in this action.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

cases.  The CVS Distributors further object to this Interrogatory on the ground that the term "joint ventures" is vague and ambiguous.

Subject to and without waiving the foregoing objections, the CVS Distributors respond as follows.  In July 2014, a CVS entity not named in the Track One cases and Cardinal Health, Inc. ("Cardinal") established Red Oak Sourcing, LLC ("Red Oak"), a generic pharmaceutical sourcing entity in which the CVS entity and Cardinal each own 50%.  The Red Oak arrangement has an initial term of ten years.  Under this arrangement, the CVS entity and Cardinal contributed their sourcing and supply chain expertise to Red Oak and agreed to source and negotiate generic pharmaceutical supply contracts for both companies through Red Oak; however, Red Oak does not own or hold inventory on behalf of either company.  No physical assets (*e.g.*, property and equipment) were contributed to Red Oak by either company, and minimal funding was provided to capitalize Red Oak.

Dated: January 25, 2019

Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Indiana, L.L.C., and CVS Rx Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Paul B. Hynes, Jr., certify that, on January 25, 2019, I caused CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 7, 12, 14, 15, 17, 19, and 22 - 29 of Plaintiffs' First Set of Interrogatories to be served on counsel of record for plaintiffs and defendants pursuant to the Order Concerning Service in the Track One Cases, dated September 17, 2018.

For Plaintiffs:        mdl2804discovery@motleyrice.com

For Defendants:      xALLDEFENDANTS-MDL2804-Service@arnoldporter.com


/s/ *Paul B. Hynes, Jr.*
Paul B. Hynes, Jr.

## VERIFICATION

I have reviewed CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 7, 12, 14, 15, 17, 19, and 22 - 29 of Plaintiffs' First Set of Interrogatories.  The factual information provided in the Amended Responses is true and correct to the best of my knowledge, information, and belief.  To the extent that the Amended Responses contain factual information that is not based on my personal knowledge, I am relying on information provided by others with relevant knowledge for the truthfulness and accuracy of the Amended Responses.  Subject to these limitations, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief as of this date.

Executed this __ day of January, 2019.

Dean Vanelli
Senior Director, Supply Chain and Operations Support

# EXHIBIT E

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>TRACK ONE CASES | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### CVS INDIANA, L.L.C.'S AND CVS RX SERVICES, INC.'S
### AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 15
### OF PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, CVS Indiana, L.L.C. ("CVS Indiana") and CVS Rx Services, Inc. ("CVS Rx Services") (together, the "CVS Distributors") serve these Amended Objections and Responses to Interrogatories No. 15 of Plaintiffs' First Set of Interrogatories (the "Interrogatories").

### RESERVATION OF RIGHTS

1.      The Interrogatories were served on CVS Health Corporation ("CVS Health"), and CVS Health served objections to the Interrogatories on June 18, 2018.  Subsequently, on June 20, 2018, the Court granted Plaintiffs' Unopposed Motion to Dismiss CVS Health and to Add CVS Indiana and CVS Rx Services.  Accordingly, those entities are serving these Amended Objections and Responses.  CVS Health preserves, and does not waive, its objections to the Interrogatories, and the CVS Distributors hereby adopt and incorporate by reference CVS Health's June 18, 2018, objections, other than to the extent modified herein.

2.      These Amended Objections and Responses are made without waiving, or intending to waive, (i) any objections as to the competency, relevancy, materiality, privilege, or

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CVS Distributors object to providing information for this time period to the extent that it is unduly burdensome to identify, locate, gather, or produce or to the extent that it is not reasonably accessible.

        2.      The CVS Distributors object to the instruction that all ESI be produced in its native form.  The CVS Distributors will produce ESI in response to the Interrogatories in accordance with the ESI Protocol in Case Management Order No. 3 (Dkt. No. 443).

**SPECIFIC RESPONSES AND OBJECTIONS**

        The CVS Distributors object and responds to the Interrogatories as follows:

        **INTERROGATORY NO. 15:**   Please Identify each Person, other than a Person intended to be called as an expert witness at trial, who likely has discoverable information that tends to support a position or defense that You have taken or intend to take in this action, and state the subject matter of the information possessed by that Person. This Interrogatory is intended to include but not be limited to any basis or claim You believe in any way limits Your duties as set forth in 21 U.S.C. §823(e),21 C.F.R. §1301.74(b), 21 C.F.R. §1301.71(a), and/or 21 C.F.R. §1306.04(a).  Please also Identify any Documents that would support this position as well as the custodian of said Documents.

        **AMENDED RESPONSE:**   The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and the attorney work product doctrine.  The CVS Distributors further object to this Interrogatory because it is premature at this stage in the litigation.  The CVS Distributors also object to this Interrogatory on the grounds that persons who are likely to have discoverable information, including current and former employees of Plaintiffs, current and former employees of other Defendants, and current and former employees

7

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

of third parties such as the DEA and other federal, state, and local government agencies, are not subject to the CVS Distributors' control.  Additionally, the CVS Distributors object to this Interrogatory on the ground that Plaintiffs have not identified the particular orders that form the basis of their claims against the CVS Distributors.  In the absence of this information, this Interrogatory cannot be answered with any precision or detail.  Finally, the CVS Distributors object to this Interrogatory's request for the identity of documents and the custodians thereof as unduly burdensome and premature.

Subject to and without waiving the foregoing objections, the CVS Distributors incorporate their Amended Responses to Interrogatory No. 13 and to Interrogatory No. 17.  In addition, the CVS Distributors identify the following categories of individuals and entities:

- DEA;
- The Food and Drug Administration ("FDA");
- The Department of Health & Human Services;
- The Center for Disease Control;
- Centers for Medicare and Medicaid;
- The Ohio Board of Pharmacy;
- The Ohio Department of Medicaid;
- The State Medical Board of Ohio;
- Summit County, and its constituent departments and employees, as well as boards, agencies and commissions;
- Cuyahoga County, and its constituent departments and employees, as well as boards, agencies and commissions;
- The City of Cleveland, and its constituent departments and employees, as well as boards, agencies and commissions;
- Pharmaceutical manufacturers;
- Wholesale drug distributors;
- Hospitals located in the Track One jurisdictions;
- Practitioners who prescribed opioids;
- CVS pharmacists who may have submitted orders that Plaintiffs claim should not have been shipped by the CVS Distributors, who may have filled prescriptions that Plaintiffs claim should not have been filled, or who work(ed) at CVS Pharmacies that placed any such orders or filled any such prescriptions, including but not limited to Jenna Funk, Nancy Mitchner, Shadi Awadallah, Julie Deal, Yasmin Parker, Nathan Reese, Christina Von Ahn, Jeffrey Deucher and Christa Altobelli, who work(ed) at

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CVS Pharmacies identified by Plaintiffs in their January 11, 2019 and January 25, 2019, responses to Discovery Ruling No. 12 as having placed suspicious orders;

- Other pharmacists who may have submitted orders that Plaintiffs claim should not have been shipped, who may have filled prescriptions that Plaintiffs claim should not have been filled, or who work(ed) at pharmacies that placed any such orders or filled any such prescriptions; and

- Treatment centers for opioid addiction located in the Track One jurisdictions.

The CVS Distributors' investigation is ongoing, and they reserve the right to identify additional individuals who possess discoverable information that tends to support a position or defense that it has taken or intends to take in this action.

Dated: March 4, 2019                    Respectfully submitted,

                                        */s/ Eric R. Delinsky*
                                        Eric R. Delinsky
                                        Alexandra W. Miller
                                        Zuckerman Spaeder LLP
                                        Suite 1000
                                        1800 M Street, NW
                                        Washington, DC 20036
                                        202-778-1800
                                        202-822-8106 (fax)
                                        edelinsky@zuckerman.com
                                        smiller@zuckerman.com

                                        *Counsel for CVS Indiana, L.L.C., and CVS Rx Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Paul B. Hynes, Jr. certify that, on March 4, 2019, I caused CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 15 of Plaintiffs' First Set of Interrogatories to be served on counsel of record for plaintiffs and defendants pursuant to the Order Concerning Service in the Track One Cases, dated September 17, 2018.

      For Plaintiffs:      mdl2804discovery@motleyrice.com

      For Defendants:      xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

                                /s/ *Paul B. Hynes, Jr.*
                                Paul B. Hynes, Jr.