# EXHIBIT D

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

THIS DOCUMENT RELATES TO:

*"Track One Cases"*

**MDL No. 2804
Case No. 17-md-2804
Judge Dan Aaron Polster**

**RITE AID OF MARYLAND, INC.'S POSITION STATEMENT ON
PHARMACIST WITNESSES AND REFERENCES TO RITE AID ENTITIES AT TRIAL**

By order entered April 29, 2020 (Doc. 3280), the Court directed the Pharmacy Defendants to provide their positions on two issues.  First, the Court ordered the Pharmacy Defendants to either "(a) confirm that all related corporate entities may be referred to as a single entity at trial and on the verdict form (e.g. all Rite Aid entities may be simply referred to as Rite Aid, and not Rite Aid Corporation, Rite Aid of Maryland, and so on); or (b) explain why, as a practical matter, this cannot occur."  Second, the Court ordered the Pharmacy Defendants to identify "pharmacist witnesses" they intend to call at trial, and to describe those witnesses' anticipated testimony and explain why that testimony is necessary and appropriate.  Order at 1-2.  Defendant Rite Aid of Maryland, Inc. responds to the order as follows.

*References to Rite Aid entities at trial and on the verdict form*:  As a legal matter as well as a practical matter, related corporate entities within the Rite Aid family cannot be referred to as a single entity (e.g., "Rite Aid") at trial and on the verdict form.  Rite Aid of Maryland, Inc. is the **only** Rite Aid entity that is a defendant in Track 1B.  More specifically, a distribution center owned by Rite Aid of Maryland—the Mid-Atlantic Customer Support Center—was sued in this case in its capacity as a registered DEA distribution center for allegedly failing to maintain an adequate suspicious order monitoring program under the Controlled Substances Act.  *See* 21 C.F.R. §

1

1301.74(b).   The Rite Aid of Maryland distribution center distributed opioids to Rite Aid retail locations in Summit and Cuyahoga counties up until late 2014.  Those retail locations are owned and operated by Rite Aid of Ohio, Inc., which is not a defendant in the case.  Rite Aid of Ohio does not own or operate any distribution centers and the pharmacies it owns are registered with the DEA as pharmacies, which are "practitioners" under the CSA, *see* 21 U.S.C. § 823(f).  As such, they are not subject to the CSA requirement related to suspicious order monitoring.  21 U.S.C. § 1301.74 ("security controls for non-practitioners").

Rite Aid of Ohio, Rite Aid Corporation and Rite Aid Hdqtrs. Corp. were all added as additional defendants to Track 1B through the amendments by interlineation related to dispensing claims, which have now been stricken by the Sixth Circuit's mandamus order.  It would be inappropriate at trial to refer to the only remaining Rite Aid defendant—Rite Aid of Maryland—as "Rite Aid," and it would be equally problematic to list "Rite Aid" as an undifferentiated entity on the verdict form.

With respect to trial testimony, if this Court allows a witness to use "Rite Aid" generically, then plaintiffs will not have provided a legally sufficient basis for a jury to find Rite Aid of Maryland's Mid-Atlantic Customer Support Center—whose conduct in Ohio was limited to distribution of Schedule III opioids—liable.  If a witness testifying that "Rite Aid" took an action might have meant, for example, an action that occurred at a Rite Aid store operated by non-party Rite Aid of Ohio, then the jury "would not have a legally sufficient evidentiary basis to find for [Plaintiffs]."  Fed. R. Civ. P. 50(a); *Meredith v. Rockwell Int'l Corp*., 826 F.2d 463, 468 (6th Cir. 1987) ("key element of proof" not met where plaintiff failed to establish that the proper corporate entity knew of his alleged employment agreement), abrogated in part on unrelated grounds by Humphreys v. Bellaire Corp., 966 F.2d 1037 (6th Cir. 1992); *see also Imaging Fin. Servs., Inc. v.*

*Lettergraphics/Detroit, Inc*., 178 F.3d 1294 (table), at *5 (6th Cir. 1999) (rejecting counterclaimant's argument that "three distinct corporate entities … should be treated as one for the purpose of its claims"); *Hoover v. Langston Equip. Assocs., Inc*., 958 F.2d 742, 745 (6th Cir. 1992) (dismissing complaint that "identifies relationships between various of the defendants but … alleges misrepresentations without sufficiently identifying which defendants made them" and thus "does not enable a particular defendant to determine with what it is charged").

As to the verdict form, the Rite Aid defendant named in Track 1B should be referred to by its proper legal name, "Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center."  A verdict form that simply returned a verdict against "Rite Aid," without identifying the specific Rite Aid defendant, would suffer from the same defects as a verdict form that asked the jury about "defendants," without differentiating between them.  It would not be clear from such a verdict form whether the jury found Rite Aid of Maryland liable for distribution-related conduct (the case Plaintiffs must prove).  The plaintiffs would have failed to secure a finding of liability against the named Rite Aid defendant.

In addition, if there were insufficient evidence of liability for Rite Aid of Maryland specifically, then a new trial would be necessary.  *See Loesel v. City of Frankenmuth*, 692 F.3d 452, 468 (6th Cir. 2012) (general verdict requires a new trial when one of the underlying theories is factually insufficient); *see also Avins v. White*, 627 F.2d 637, 646 (3d Cir. 1980) ("Where a general verdict may rest on either of two claims one supported by the evidence and the other not a judgment thereon must be reversed." (internal quotation marks omitted)).

Plaintiffs must separately prove their case against the correct Rite Aid defendant. Attempting to allow witnesses (or the verdict form) to ambiguously refer to different entities with

a single term virtually guarantees that any verdict could not be upheld and require either a new trial or rendition of a judgment in favor of Rite Aid of Maryland.

***Information regarding pharmacist witnesses:***  The Court's order requires the Pharmacy Defendants to identify "pharmacist witnesses" they actually intend to call at trial, including each pharmacist witness's name, store number, period of employment, and a brief description of their testimony.  Order at 2.  Based on the April 29 order and on the discussion at the April 28 status conference, Rite Aid of Maryland understands the order's reference to a "pharmacist witness" to mean a witness who is (or who was at the relevant time) a licensed pharmacist working at a Rite Aid location in Cuyahoga or Summit County.  Rite Aid does not understand "pharmacist witnesses" to include any witness who may hold a pharmacist license, but who never worked as a practicing pharmacist at a Rite Aid location in the Track 1B jurisdictions.  Based on this understanding, Rite Aid of Maryland does not intend to call any "pharmacist witnesses" at the Track 1B trial.

The Court's order also requires that "Defendants shall explain the extent to which plaintiffs should be allowed to call pharmacist witnesses, and why."  Order at 2.  Plaintiffs should not be allowed to call pharmacist witnesses (defined as practicing pharmacists, as described above).  Track 1B is a distribution-only case.  Plaintiffs never indicated in Track 1A that they intended to call a Rite Aid of Ohio pharmacist witness in their distribution case, and the Sixth Circuit has struck Plaintiffs' dispensing claims. Plaintiffs should not be permitted to blur the line between distribution and dispensing by calling pharmacist witnesses when Rite Aid of Maryland will not be doing so.

As Pharmacy Defendants explained in their "Position Statement Regarding Effect of Mandamus on Track One-B Discovery and Case Management" submitted on April 23, 2020, fact

and expert discovery in Track 1B is and must remain closed.  Allowing Plaintiffs to use any dispensing-related discovery produced in Track 1B, including dispensing data, would run afoul of the mandamus ruling.

Dated:  May 19, 2020

Respectfully submitted,

/s/    *Kelly A. Moore*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-4824
Fax: (215) 963-5001
E-mail: john.lavelle@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via e-mail to the Court and to all counsel of record on May 19, 2020.

/s/    *Kelly A. Moore*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*