# EXHIBIT "H"

# JONES DAY

77 WEST WACKER • SUITE 3500 • CHICAGO, ILLINOIS 60601.1692

TELEPHONE: +1.312.782.3939 • FACSIMILE: +1.312.782.8585

Direct Number:  (312) 269-4335
tfumerton@JonesDay.com

October 12, 2018

VIA ELECTRONIC MAIL

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113
david@specialmaster.law

Re:  *In re National Prescription Opiate Litigation*, No. 1:17-MD-2804-DAP – Plaintiffs' Request for Dispensing-Related Information

Special Master Cohen:

Walmart Inc. ("Walmart") respectfully submits this letter in response to Plaintiffs' October 8, 2018 letter requesting that the Pharmacy Defendants produce (1) "documents concerning their dispensing practices, policies and procedures" and otherwise "provided updated discovery responses by a date certain that are not limited to their 'role as a distributor'"; and (2) "produce documents pursuant to Paragraph 9(k)(ii) of Case Management Order No. 1 concerning their alleged violations of dispensing laws and regulations."  *See* Oct. 4, 2018 Letter from M. Pifko to Special Master Cohen at 1, 4.[1]

As explained below, Plaintiffs' request should be denied because it improperly seeks to drastically expand the scope of fact discovery just three weeks before the Pharmacy Defendants, including Walmart, are required to complete production of documents.  Further, it seeks to compel production of information that is irrelevant and not proportional to needs of the case given the claims Plaintiffs' have asserted against the Pharmacy Defendants.  Finally, it seeks to compel information beyond what is required by the plain language of Case Management Order No. 1.

---

[1] Plaintiffs do not raise any purported discovery deficiencies with respect to Walmart in their October 8th letter.  Nor is it even clear exactly what information Plaintiffs seek to compel as they do not identify any specific discovery requests that they claim cover the information that they seek.  In any event, since Plaintiffs subsequently clarified that their letter is directed to "all defendants," Walmart submits this response opposing Plaintiffs' request.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Special Master David Cohen
October 12, 2018
Page 2

I. **Plaintiffs' 11th Hour Request To Expand Discovery Should be Denied As Untimely And Would Jeopardize Substantially Completion of Document Production Discovery by November 9.**

Plaintiffs have sued the Pharmacy Defendants in this litigation in their capacities as distributors of opioids. As recently as October 10, 2018, Plaintiffs represented to the Court that they have "specifically disclaimed any claim against the National Retail Pharmacy Defendants based on their retail dispensing of opioids." Plaintiffs' Objections to Discovery Ruling No. 5 [Dkt 1031], October 10, 2018 at 16, fn. 10 (referring to the positions taken in their June 22, 2018 response to defendants' motions to dismiss where, for example, they wrote: "Plaintiffs do not allege violations of statutes or regulations applicable specifically to retailers who sell opioids."). *See also* Summit County's Omnibus Opposition Brief at 75, fn. 47.[2] Plaintiffs should not be permitted to use their lack of dispensing allegations against the Pharmacy Defendants as a shield in opposing the Pharmacy Defendants' motion to dismiss and then turn around and seek information concerning the same in discovery.

To be clear, Walmart is not refusing to produce *any* information concerning its dispensing operations. For example, Walmart has agreed to produce documents explaining its order monitoring procedures with respect to its pharmacies and the investigation of flagged orders from the CTI jurisdictions. Walmart has also provided information regarding proactive measures taken by Walmart to address concerns arising from opioid misuse.

However, Walmart repeatedly has advised plaintiffs since at least May 2018 that, in light of Plaintiffs' claims against Walmart as a *distributor* of controlled substances into the Track One Jurisdictions, it would not agree to produce documents *solely* relating to *dispensing*. Rather, Walmart's responses to Plaintiffs' discovery requests would be limited to its distribution and order monitoring operations. Walmart's written objections to discovery have been consistent with this position. *See, e.g.*, Walmart's June 20, 2018 Objections and Responses to Plaintiffs' First Set of Requests for Production to Walmart (General Objection #15: "Walmart objects to these Requests to the extent they seek information regarding the dispensing operations of Walmart, which has been named as a 'Distributor Defendant' in the Track One Cases."); Walmart's September 21, 2018 Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production to Walmart (same).

---

[2] Plaintiffs have also represented to the Special Master and the Court that "Plaintiffs' claims do not turn on the contention that specific prescriptions were unauthorized, medically unnecessary, or ineffective." Plaintiffs' Objections to Discovery Ruling No. 5, at 15 (further noting that "the term 'medically unnecessary' does not appear anywhere in the Amended Complaints.")

JONES DAY

Special Master David Cohen
October 12, 2018
Page 3

Having been on notice for more than five months that Walmart would not agree to produce the information that it now seeks to compel just three weeks before the deadline for substantial completion of document production, Plaintiffs' request should be denied. Not only is the request untimely, but it would jeopardize (if not make impossible) completion of fact discovery by the November 9, 2018 deadline set by the Court.

II.     **Plaintiffs' Request Seeks Information That Is Not Relevant Nor Proportional To The Needs of The Case.**

As discussed above, Plaintiffs have specifically disclaimed any claim they have against the Pharmacy Defendants, including Walmart, based on their retail dispensing of opioids. And Walmart has agreed to produce certain pharmacy-related information relevant to the distribution claims that Plaintiffs have actually asserted in this case. What Walmart has not agreed to produce is information solely relating to its dispensing operations, *e.g.*, pharmacist compensation (RFP No. 8), all documents relating to dispensing of opioids (RFP No. 10), and cost and revenue information relating to dispensing of opioids (RFP No. 3). This information is facially irrelevant to Plaintiffs' allegations against the Pharmacy Defendants, which at their core allege that the Pharmacy Defendants, in their capacities as distributors, failed to adequately monitor and report suspicious orders of opioids in the CT1 jurisdictions.

Plaintiffs' request to expand discovery to include information solely relating to dispensing relating activities would drastically expand the scope of discovery in this case and is not proportional to the needs of the case. Federal Rule of Civil Procedure 26(b)(1) permits only discovery that is "relevant to any party's claim or defense and proportional to the needs of the case," and requires courts ordering discovery to consider "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See e.g., Waters v. Drake*, 222 F. Supp. 3d 582, 606 (S.D. Ohio 2016) (court should "tailor discovery so as to make it proportional to the needs of the case").

III.    **Plaintiffs Seek to Compel Information Beyond What Was Required By The Plain Language of Case Management Order No. 1.**

Case Management Order No. 1 ("CMO 1") was entered in April 2018 after extensive back and forth between the parties and consideration by the Court. Paragraph 9(k)(ii) requires defendants to "review documents previously produced pursuant to any civil investigation, litigation, and/or administrative action by federal (including Congressional), state, or local government entities *involving the marketing or distribution of opioids*[.]" (emphasis added). At the time CMO 1 was entered it was no secret to Plaintiffs (or anyone else) that the Pharmacy Defendants also had dispensing operations, yet that language was specifically not included in CMO 1.

JONES DAY

Special Master David Cohen
October 12, 2018
Page 4

The "dispensing" language was not included for good reason.  As discussed above, Plaintiffs have specifically disavowed that they are making any dispensing related allegations against the Pharmacy Defendants, which they sued as "distributors."  Thus, prior productions relating to any investigation, lawsuit, or administrative action related to the dispensing of pharmaceuticals to individual patients are irrelevant to Plaintiffs' claims in this case.

To expand the scope of the express language used by the Court's in CMO 1 through a motion to compel at this late stage of discovery is not only improper, but an overly burdensome expansion of discovery as defendants are working in good faith to meet the numerous and repeated demands for additional information, custodians and documents three weeks before the close of document discovery.

Nor is Plaintiffs' request limited in geographic or temporal scope.  It would be extremely burdensome to identify every civil investigation, litigation, and/or administrative action by federal (including Congressional), state, or local government entities across the country for the last decade (or more) to determine if any of these actions involved an opioid.  For example, Walmart frequently receives subpoenas and requests for information from the DEA, state boards of pharmacy, law enforcement, and other regulatory bodies relating to investigations of third parties.

Moreover, to the extent that such investigations involve pending law enforcement activities, various law enforcement agencies would likely have a view as to whether their investigations or the productions made by those providing information related to those investigations should be disclosed in this fashion.  Indeed, this was the reason DEA requested and the Court agreed to limit the ARCOS data production to data prior to January 1, 2014.

\*     \*     \*

For all of the reasons stated above, Walmart respectfully asks the Special Master to deny Plaintiffs' request to dramatically expand the scope of discovery at this late hour.  Plaintiffs have repeatedly disavowed any claims against the Pharmacy Defendants regarding their dispensing practices and, thus, under these circumstances, granting their request would not be proportional to the needs of the case and would jeopardize the discovery schedule set by the Court.

Respectfully submitted,

/s/ Tara A. Fumerton

Tara A. Fumerton

JONES DAY

Special Master David Cohen
October 12, 2018
Page 5


cc: Defendants' counsel (xALLDEFENDANTS-MDL2804-Service@arnoldporter.com)
    Plaintiffs' counsel (MDL2804discovery@motleyrice.com)
    Tina M. Tabacchi (tmtabacchi@jonesday.com)