# Exhibit "I"

## Lanche, Rouel

| | |
|---|---|
| **From:** | Kate Swift <kate.swift@bartlitbeck.com> |
| **Sent:** | Friday, October 12, 2018 11:04 AM |
| **To:** | Mark Pifko; David R. Cohen |
| **Cc:** | xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; MDL2804discovery@motleyrice.com |
| **Subject:** | RE: Dispute re the Relevance of "Dispensing" Information |

Special Master Cohen,

I write on behalf of Walgreens in response to Mark Pifko's letter about dispensing information.  This letter is just the latest in a string of letters to you where Plaintiffs have made broad brush attempts to raise non-specific issues that are not properly teed up as to any particular Defendant.  In response to your request for clarification on that point, Mr. Pifko asserted that his letter applies to *all* defendants.  But Plaintiffs have never specified which discovery requests are the subject of his letter, or how individual defendants' responses are deficient.

Plaintiffs have never raised the issues in Mr. Pifko's letter with Walgreens at all.

In any event, Plaintiffs' discovery requests to Walgreens do not ask for dispensing data.  They request dispensing policies, which Walgreens has produced.  Walgreens is also producing documents regarding its evaluation of Opioids orders from its pharmacies, before those orders are placed.  To the extent such an evaluation includes dispensing data, that data is being produced as well.  Otherwise, dispensing data is not responsive to Plaintiffs' requests.

Mr. Pifko asserts that dispensing data should have been produced in response to Paragraph 9(k)(ii) of Case Management Order No. 1.  But that provision has nothing to do with dispensing.  It states that Defendants were required to review their prior productions "involving the marketing or distribution of opioids" and produce non-privileged documents "relevant to the claims in this MDL proceeding."  This provision is appropriate in the context of Plaintiffs' claims, which relate to marketing and distribution—not dispensing.  Walgreens made clear to plaintiffs in June that we were not reviewing or producing any prior productions related to dispensing, because that's not what the CMO calls for.  Plaintiffs' counsel never pressed any disagreement with our position then, and it is too late to do so now.

The requests in Mr. Pifko's letter should be denied.

**BartlitBeck** LLP

Katherine M. Swift | p: 312.494.4405 | c: 773.531-6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Mark Pifko <MPifko@baronbudd.com>
**Sent:** Wednesday, October 10, 2018 11:26 AM
**To:** David R. Cohen <David@SpecialMaster.Law>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; MDL2804discovery@motleyrice.com
**Subject:** RE: Dispute re the Relevance of "Dispensing" Information

Special Master Cohen:

The letter is directed to all defendants.  To the extent they have "dispensing" information that is responsive to Plaintiffs' document requests, we ask that the order compel them to produce it, if they have not done so already.  The same goes for prior productions required under the CMO.  If any defendant has prior productions concerning alleged dispensing

violations, we ask that they be compelled to produce them immediately.  Note that the letter also specifically mentions Rite Aid in addition to the others, but again, the ask is for an order applying to all defendants.  We will send you the August 31 letter.

**Mark Pifko**
Baron & Budd, P.C. | Shareholder

818.839.2333 main
818.839.2325 direct
310.467.7799 mobile

www.baronandbudd.com

Dallas | Austin | Baton Rouge | New Orleans | Los Angeles
San Diego | New Jersey | New York | Washington, D.C.

---

**From:** David R. Cohen [David@SpecialMaster.Law]
**Sent:** Wednesday, October 10, 2018 9:10 AM
**To:** Mark Pifko
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; MDL2804discovery@motleyrice.com
**Subject:** RE: Dispute re the Relevance of "Dispensing" Information

With regard to the attached letter:

- it is not clear to which defendants exactly this letter is directed.  Mentioned are CVS and Walgreens, but it seems to suggest other defendants also.  I need to know exactly upon which defendants Ps seek to impose the requested order.
- the attached letter refers to an 8/31/18 letter where the same issue was raised.  I am not sure what the reference is; please send me this 8/31 letter.
- I need a response from defendants by noon Friday.

Thanks.

===========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**


-------- Original Message --------
Subject: Dispute re the Relevance of "Dispensing" Information
From: Mark Pifko <MPifko@baronbudd.com>
Date: Mon, October 08, 2018 1:59 pm
To: "David@SpecialMaster.Law" <David@SpecialMaster.Law>
Cc: "xALLDEFENDANTS-MDL2804-Service@arnoldporter.com" <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>,
"MDL2804discovery@motleyrice.com" <MDL2804discovery@motleyrice.com>

Special Master Cohen:

On behalf of Plaintiffs, please see the attached letter in connection with the above-referenced dispute.

**Mark Pifko**
Baron & Budd, P.C. | Shareholder

818.839.2333 main
818.839.2325 direct
310.467.7799 mobile

www.baronandbudd.com

Dallas | Austin | Baton Rouge | New Orleans | Los Angeles
San Diego | New Jersey | New York | Washington, D.C.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

3