# EXHIBIT N

| | |
|---|---|
| **From:** | 2804 Discovery, MDL |
| **To:** | MDL 2804 |
| **Subject:** | FW: EXTERNAL-RE: MDL 2804 - Walgreens response re request for hearing |
| **Date:** | Thursday, January 10, 2019 9:40:54 PM |

**From:** David R. Cohen <David@SpecialMaster.Law>
**Sent:** Friday, January 11, 2019 3:36:20 AM
**To:** Sharon Desh
**Cc:** Kate Swift; Kaspar Stoffelmayr; Mougey, Peter; jgaddy; ppoerschke; Dunning, Laura; Shkolnik, Hunter; Badala, Salvatore C.; Joseph L. Ciaccio; Gay, Josh; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; 2804 Discovery, MDL
**Subject:** EXTERNAL-RE: MDL 2804 - Walgreens response re request for hearing

Dear counsel:

Please find below an additional thought following today's discovery hearing on Walgreens-related issues.

Right now, Walgreens (like all pharmacy defendants) is making distinctions between "dispensing" information and "distribution" information, and withholding some but not all of the former.  This is allowed by Discovery Ruling no. 8.  But as was discussed at the hearing, Walgreens withholds dispensing information at its peril, to the extent that: (1) Walgreens insists the dispensing information is **not** used in the SOMS process or due diligence process in any way, such as to determine whether an order is suspicious, or is cleared for shipment after an order is flagged as possibly suspicious (via "override"), or to reduce an order's size, and so on (all of which goes to <u>distribution</u>); and (2) it is discovered later in this litigation that, in fact, the dispensing information **is** used in the SOMS process or due diligence process.

As I explained, Walgreens should make very sure that its basis for non-production of dispensing information is grounded in fact, especially in light of plaintiffs' assertion that knowledgeable Walgreens witnesses have testified that its SOMS/due diligence decision tree operates differently than stated by Walgreens' 30b6 witness.  I did not order Walgreens to produce dispensing data, but warned it should be careful with its risk/benefit analysis in its choice.  To be clear: the risk is a sanction, up to and including judgment as a matter of law, for failure to produce dispensing data or dispensing information that is used in SOMS/due diligence decisions.  If Walgreens is very confident that, in fact, dispensing data is not used in the SOMS/due diligence process, then it should stand pat.  But I have made clear the consequences of an incorrect choice.

I said all of the above during our conference.  Here is the additional thought:  I believe there is a high likelihood that, at some point in this litigation, Walgreens and other pharmacies WILL face dispensing claims, and therefore will eventually have to produce **all** relevant dispensing information.  So it seems a bit silly to run a risk of sanction for drawing the wrong line when the line will be moved soon anyway.  In other words, when making a risk/benefit analysis, the benefit of withholding discovery of dispensing information will probably eventually disappear anyway.

In sum: this MDL litigation has a long arc.  The long view counsels against aggressive decisions on resisting discovery.  Please be sure the information you are withholding as irrelevant really is.  As ordered, Walgreens is reviewing its production to make sure all

relevant dispensing information is or will promptly be produced.

-David

============================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**

> -------- Original Message --------
> Subject: MDL 2804 - Walgreens response re request for hearing
> From: Sharon Desh <Sharon.desh@bartlitbeck.com>
> Date: Wed, January 09, 2019 5:40 pm
> To: "David R. Cohen" <David@SpecialMaster.Law>
> Cc: Kate Swift <kate.swift@bartlitbeck.com>, Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>, Peter Mougey <pmougey@levinlaw.com>, Jeff Gaddy <jgaddy@levinlaw.com>, Page Poerschke <ppoerschke@levinlaw.com>, Laura Dunning <ldunning@levinlaw.com>, Hunter Shkolnik <Hunter@NapoliLaw.com>, Sal Badala <SBadala@NapoliLaw.com>, "Joseph L. Ciaccio" <JCiaccio@NapoliLaw.com>, Josh Gay <jgay@levinlaw.com>
>
> Special Master Cohen,
>
> Attached please find Walgreens' response to Plaintiffs' request for a discovery hearing. This PDF contains links to Walgreens' discovery letters in this matter, which confirm the identified issues are resolved (and have been for several months). As such, there is nothing additional to discuss tomorrow and Walgreens respectfully submits that no hearing is necessary during this busy time.
>
> If you have questions on any specific items, please let me know.
>
> Thank you,
>
> Sharon
>
> **BartlitBeck** LLP
>
> Sharon Desh | P: 312.494.4445 | C: 301.537.9638 | Sharon.Desh@BartlitBeck.com | 54 West Hubbard Street, Suite 300, Chicago, IL 60654
>
> This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message
>
>> On Jan 4, 2019, at 11:26 AM, Josh Gay <jgay@levinlaw.com> wrote:
>>
>> Special Master Cohen,

> Please see attached letter and zip file containing attachments sent on behalf of Peter Mougey.
>
> **Josh Gay**
> *Legal Investigator*
> *Opioid Department*
> Levin, Papantonio, Thomas, Mitchell,
> Rafferty & Proctor, P.A.
> 316 S. Baylen Street, Suite 600
> Pensacola, FL 32502-5996
> 850.435.7193 (office)
> 850.436.6193 (fax)
> jgay@levinlaw.com
>
> <image001.jpg><image002.jpg><image003.jpg><image004.jpg>
>
> THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR. THEN DELETE IT. THANK YOU.
>
> <2019-01-04 - Plaintiff Ltr to Walgreens and SM Cohen re Outstanding Defi....pdf><Attachments - Walgreens.zip>

---

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files   |   Leave group   |   Learn more about Office 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.