# EXHIBIT 13



Eric R. Delinsky
PARTNER
Zuckerman Spaeder LLP
edelinsky@zuckerman.com
202.778.1831

**ZUCKERMAN**
SPAEDER

August 31, 2018

**VIA E-MAIL**

David R. Cohen
24400 Chagrin Blvd.
Suite 300
Cleveland, OH  44122
David@SpecialMaster.Law

    Re:    *In Re: National Prescription Opiate Litigation*, MDL 2804

Dear Special Master Cohen:

    I write on behalf of the two CVS distribution entities named as defendants in the Track One cases ("CVS"). While there are three broad issues related to the Rule 30(b)(6) deposition of CVS that have not yet been resolved in full with plaintiffs, we do not believe these issues are ripe for decision. In the course of several meet and confers spanning many hours, we have made significant progress in narrowing our disputes with plaintiffs. We ask that you allow these discussions to continue until September 14, 2018. By that time, we believe that we will have resolved the remaining disputes or narrowed them for decision. The issues are as follows:

    **Temporal Scope:** CVS has not distributed any relevant opioid for nearly four years. Yet plaintiffs are seeking 30(b)(6) testimony through the present. Testimony about a four-year period during which CVS did not distribute any opioid at issue is not relevant. But, CVS – in the spirit of compromise – is willing to provide limited testimony about this time frame. Likewise, plaintiffs have indicated a willingness to limit their questioning in this area. Additional discussion should enable us to resolve this issue or to present you with a more precisely-defined dispute for resolution.

    **Pharmacy Testimony:** Plaintiffs also seek 30(b)(6) testimony relating to the dispensing of controlled substances by CVS pharmacists who fill prescriptions for patients. Dispensing activity is not the subject of plaintiffs' claims, which seek damages only for the wholesale distribution of opioids by two CVS distribution entities.

    Nevertheless, CVS has agreed to provide certain testimony related to dispensing to the extent it was considered by CVS's distribution operations in monitoring orders placed by CVS pharmacies and putting in place systems and processes for such monitoring. Plaintiffs themselves appear to be limiting the scope of their request to subjects with some meaningful

DAVID R. COHEN
AUGUST 31, 2018
PAGE 2

relationship to CVS's distribution operations. However, the devil is in the details, and the task of calibrating the appropriate balance is significant. Additional discussion is necessary to ascertain if agreement can be reached and, if not, to define the precise topics in dispute.

To the extent plaintiffs seek dispensing information that has no direct relationship to the order monitoring operations of the distribution centers that they have sued, CVS objects based on relevance and burden. This is especially so in light of plaintiffs' position that their claims are not based on illegitimate prescriptions filled by pharmacies. *See* Letter from P. Hanly to Special Master Cohen at 6 (Aug. 17, 2018) ("Plaintiffs do *not* contend that particular prescriptions were medically unnecessary, ineffective, or harmful") (emphasis in original) (emphasis added).

But again, we do not understand plaintiffs to be seeking dispensing information that is unrelated to suspicious order monitoring by CVS's distribution operations. For this reason, we believe that the best course is to continue our discussions on this topic.

**Written Responses:** Plaintiffs set the bar for written responses by allowing Cardinal Health to respond to 16 of the 30(b)(6) distributor topics in writing.[1] CVS has proposed that it respond in writing to the same 16 topics as Cardinal did, plus one additional topic. Thus far, however, plaintiffs are insisting on oral testimony from CVS on all but five of 49 topics. There is no basis for different treatment here. We continue to discuss this issue with plaintiffs and believe such discussions may narrow, if not resolve, this dispute.

For the foregoing reasons, we request that you allow us to continue our discussions with plaintiffs until September 14, 2018. We have been working hard to advance the ball and will continue to do so.[2]

Sincerely,

Eric R. Delinsky

cc: Liaison Counsel
Daniel P. Goetz, Esq.

---

[1] But for two topics, the 30(b)(6) notices to Cardinal Health and CVS are materially identical.

[2] In identifying the three issues discussed above, we do not mean to suggest there are not other areas of dispute, nor do we waive any of our other objections to the 30(b)(6) notice. But we agree with plaintiffs that the three issues discussed above are the major open issues. We also have agreed with plaintiffs that many of our objections to the 30(b)(6) notices (such as those related to privilege), as a practical matter, will not be able to be resolved until the deposition itself, in the context of specific questions.

6525225.2