# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |
| THIS DOCUMENT RELATES TO: | |
| *County of Lake, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45032 (N.D. Ohio); and *County of Trumbull, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45079 (N.D. Ohio) | |

## RESPONSE TO MOTION FOR LEAVE TO AMEND

Pharmacy Defendants[1] respectfully file this response to the motion for leave to amend filed on May 15, 2020, by Plaintiffs Lake County and Trumbull County.  On April 30, this Court entered an order designating the above-captioned cases—*County of Lake, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45032 (N.D. Ohio); and *County of Trumbull, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45079 (N.D. Ohio)—as "Track 3" and directing that the plaintiffs in those cases file any amendments to their complaints by May 15, 2020.  Lake and Trumbull Counties have now moved to amend their complaints, seeking to add numerous new defendants: CVS Indiana L.L.C.; CVS Rx Services, Inc.; CVS TN Distribution, LLC; CVS Pharmacy, Inc.; Ohio CVS Stores, LLC; Rite Aid Hdqtrs. Corp.; Rite Aid of Ohio, Inc.; Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center; Giant Eagle, Inc.; Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment LLC; and Wal-Mart Stores East, Inc.  Plaintiffs ask this Court for relief that conflicts with the writ of mandamus issued by the Sixth Circuit just one month ago, yet do not discuss that decision in their motion.  Plaintiffs' motion for leave to amend comes

---

[1] By appearing for purposes of this response, defendants do not waive any potential challenges to the Court's jurisdiction over them in this suit.

more than a year after the deadline set in the scheduling order.  They fail to demonstrate good cause for amendment, and the motion must be denied.

## ARGUMENT

**I.     The Track 3 Cases Are Subject to a Scheduling Order Under Which The Deadline for Amendment Has Passed.**

More than two years ago, this Court entered Case Management Order One (CMO-1).  The Order applies broadly:

> This Order and, unless otherwise specified, any subsequent pretrial or case management orders issued in this MDL, shall govern the practice and procedure in: (1) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order entered on December 5, 2017, (2) any tag-along actions transferred to this Court by the JPML pursuant to Rules 7.1 and 7.2 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of the Court, and (3) all related actions originally filed in this Court or transferred or removed to this Court and assigned thereto as part of *In re: National Prescription Opiate Litigation*, MDL No. 2804 ("MDL 2804").

CMO-1, Dkt. 232 at 1-2.

The order set the deadline for amendment of the cases selected for Track 3 as May 25, 2018:

> In cases other than those mentioned in paragraphs 2 and 3, Plaintiffs shall file any amended pleading, including any amendment to add a party to a case, **no later than Friday, May 25, 2018**.  After that date, no complaint shall be amended by Plaintiffs to add a party or otherwise, absent leave of Court or stipulation of the parties.

CMO-1, Dkt. 232 at 9.  Shortly before the deadline, this Court issued an order stating that it would later modify the case management order for cases designated as bellwethers, noting that plaintiffs could "move to file further amended pleadings if deemed appropriate, such as because additional defendants were identified by ARCOS data."  Dkt. 371, at 1–2.

This Court modified CMO-1 (and Dkt. 371[2]) in July 2018, concluding that amending the pleadings based on the ARCOS data would be appropriate and setting a deadline for doing so of November 16, 2018:

> Specifically, on or before July 19, 2018, the PEC shall file a report derived from the ARCOS data that lists, for every county, all manufacturers, distributors, and pharmacies that contributed directly to the presence of opioids in that county. . . . Plaintiffs in MDL cases may then use this information to amend their complaints, and **must do so on or before November 16, 2018** (that is, within 120 days from PEC's filing of the list.).

Dkt. 739 at 3-4 (emphasis added).

Then, in November 2018, this Court further extended the deadline, ordering the PEC to provide reports based on the ARCOS data, including "Pharmacy Reports reflecting all opioid shipments to each pharmacy in the relevant county or county equivalent."  Dkt. 1106 at 2.  This Court instructed that "Plaintiffs in MDL cases may then use this information to amend their complaints, and **must do so on or before March 16, 2019** (that is, within 120 days from PEC's filing of the reports)."  Dkt. 1106 at 2-3 (emphasis added).  This deadline—**March 16, 2019**—is the latest possible deadline for amendment by Lake and Trumbull Counties.

Lake County originally filed its complaint on January 11, 2018.  Lake County Complaint, Ex. __.  Trumbull County originally filed its complaint on January 18, 2018.  Both counties filed amended short form complaints adding dispensing claims and new parties—including Pharmacy Defendant entities—on March 18, 2019, shortly after the deadline.  Trumbull County Amended Short-form Complaint, Ex. __; Lake County Amended Short-form Complaint, Ex. __.

Although they now complain that "[r]equiring Plaintiffs to amend their Short Form Complaint earlier would render this Court's authority to manage pretrial proceedings by holding

---

[2] This Court has not—as Dkt. 371 suggested—modified the case management order in cases set as bellwethers, and, as detailed below, doing to so would require "good cause," which does not exist.

some cases in abeyance illusory," Dkt. 3294 at 5, Plaintiffs filed no contemporaneous objection to the March 16, 2019 deadline set by this Court and amended their complaints (almost) in compliance with that deadline.  More to the point, it hardly undermines the Court's authority for *the Court itself* set a deadline for complaints in all cases to be amended.

Now, more than one year after the deadline and more than one year after filing their amendments, Plaintiffs seek leave to file additional amendments to add additional Pharmacy Defendant entities and additional allegations and purport to reserve the right to seek further amendments.  That request should be denied.

## II.    There Is No Good Cause for Modification of the Scheduling Order.

There is no good cause for allowing further amendment.  As the Sixth Circuit recently reiterated, Rule 16(b)—not the liberal standard of Rule 15(a)—governs (and limits) a court's discretion to allow amendment "after the deadline set by the court's scheduling order."  *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, No. 20-3075, slip op. at 6 (6th Cir. 2020) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)).  A district court can grant leave to amend after the deadline "only if the [plaintiffs] showed 'good cause' for their failure to make the amendments" earlier, which requires plaintiffs to prove that "despite their diligence they could not meet the original deadline."  *Id.* (quoting Fed. R. Civ. P. 16(b)(4); *Leary*, 349 F.3d at 907).

Plaintiffs cannot meet that standard.  Plaintiffs' motion addresses good cause in a single paragraph, Dkt. 3294 at 5–6, and their arguments conflict with Rule 16 and the Sixth Circuit's recent mandamus ruling.  In essence, Plaintiffs argue that the Rules of Civil Procedure apply differently in MDL proceedings.  *See* Dkt. 3294 at 6 (suggesting that amendment "is routine practice in multidistrict litigation" when a case is selected as a bellwether).  The Sixth Circuit squarely and unequivocally rejected this argument: "[T]he law [including the Civil Rules] governs

an MDL court's decisions just as it does a court's decisions in any other case." *In re Nat'l Prescription Opiate Litig.*, slip op. at 6.  "[T]he requirements of the Civil Rules in an MDL case— indeed, the requirements for granting 'a motion to amend' in particular—'are the same as those for ordinary litigation on an ordinary docket.'" *Id.*, slip op. at 7 (quoting *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011)).

Plaintiffs fail to address Rule 16's legal standard or to offer any reason that "despite their diligence they could not meet the original deadline."  Plaintiffs do not deny that they were fully aware of the basis for the new claims they seek to assert for months, perhaps even years, before their current amendment requests.  Fact discovery had closed in Track 1A before the March 16, 2019 deadline, and Plaintiffs' counsel had the full benefit of that discovery and ample time to incorporate it into their March 2019 amendments.  Nor do Plaintiffs' deny that most of the new defendants—including "Rite Aid of Ohio, Inc." and "Ohio CVS Stores, L.L.C."—appear on the face of the ARCOS data.[3]  Had Plaintiffs acted diligently in reviewing the ARCOS data and amending their claims based on it, there is no reason that Plaintiffs could not have made the amendments they now request in compliance with the March 16, 2019 deadline.[4]

---

[3] The other new defendants were reflected in the fact discovery collected in Track 1A.  Indeed, the Track 1A plaintiffs named many of these defendants as far back as June 2018.  *See, e.g.,* Doc. No. 637 (adding CVS Indiana, L.L.C. and CVS Rx Services).  And both HBC and Giant Eagle were already included in both Counties' March 18, 2019 amendments, although neither was included in the definitions of "Retail Chain Pharmacies" or "Distributor Defendants."

[4] Nor is it clear that Plaintiffs' proposed amendments would have been timely if sought on the March 16, 2019 deadline, which only extended the deadline for amendments based on reports regarding ARCOS data provided by the PEC.  Dkt. 1106 at 2.  The Distributor Report did not include all distributors—it included only "the name of each distributor who distributed more than five percent (5%) of the market share of opioids distributed in the relevant county or county-equivalent in at least three of the nine years available in the ARCOS data."  Dkt. 1106 at 2.  To the extent that Lake and Trumbull County seek to assert claims against distributors that did not appear in these reports— such as Eckerd Corporation, which distributed far less than five percent of the market share of opioids distributed in the Counties, and Walmart, which distributed less than five percent of the market share of opioids in at least one of the Counties—their amendments were subject to the original, May 25, 2018, deadline.

Nor is Plaintiffs' lack of diligence justified by their description of the cases as "dormant." Dkt. 3294, at 5. Lake and Trumbull County state that "the Court's and the parties' efforts have rightly focused on working-up" the selected bellwether cases. Dkt. 3294 at 5. This statement fails to acknowledge that "the cases within an MDL 'retain their separate identities.'" *In re Nat'l Prescription Opiate Litig.*, slip op. at 7 (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015)). Although the Court and Pharmacy Defendants have focused on the Track 1B cases, Lake County and Trumbull County were not parties to the Track 1B cases; they had nothing to with "working-up" Track 1B.

Plaintiffs have failed to demonstrate "good cause" to amend because they have failed to show that they could not have satisfied the March 16, 2019 deadline. As a result, the Sixth Circuit's mandamus ruling does not permit modification of the scheduling order to allow the amendment Plaintiffs seek.

Moreover, there is no question that the new claims are prejudicial: new claims "obviously create prejudice because the defendant must contend with an entirely different substantive issue." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). The new entities that Plaintiffs propose to add open certain Pharmacy Defendants to new theories of liability, adding dispensing entities where previously only self-distributing entities were named. This prejudice is further amplified by the prejudice that Pharmacy Defendants have already identified in objecting to the Court's creation of Track 3 in the first place. Three federal bellwethers are already proceeding against one or more of the Pharmacy Defendants, and no more are appropriate at this time, particularly amid the exigencies of COVID-19. Additional bellwethers from the Northern District of Ohio, where litigation has been proceeding for two years, are especially unjustified and unlikely to promote the

parties' ability to determine "an unbiased valuation of claims." *Bellwether Trials in MDL Proceedings*, Federal Judicial Center Pocket Series, at 22 (2019).

## CONCLUSION

Because there is no good cause, this Court has no discretion to permit amendment after the deadline set by the scheduling order. This Court should enforce the scheduling order and deny the untimely amendments.

Dated:  May 26, 2020                  Respectfully submitted,

/s/   Tara A. Fumerton (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/   Alexandra W. Miller (consent)
Alexandra W. Miller
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: smiller@zuckerman.com
E-mail: edelinsky@zuckerman.com

*Attorneys for CVS Indiana L.L.C.; CVS Rx Services, Inc.; CVS TN Distribution, LLC; CVS Pharmacy, Inc.; and Ohio CVS Stores, LLC.*

/s/   Kelly A. Moore
Kelly A. Moore

MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-4824
Fax: (215) 963-5001
E-mail: john.lavelle@morganlewis.com

*Attorneys for Rite Aid Hdqtrs. Corp.; Rite Aid of Ohio, Inc.; Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center; and Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*


/s/ Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreen Co.; Walgreen Eastern Co.; and Walgreens Boots Alliance, Inc.*


/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490

8

Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for HBC Service Company*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's

ECF system to all counsel of record on May 26, 2020.

/s/    Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

*Attorneys for Rite Aid Hdqtrs. Corp.; Rite Aid of Ohio, Inc.; Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center; and Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*

10