**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>Track Three Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

This Court has discretion to modify its scheduling order if good cause exists to do so. *See* Fed. R. Civ. P. 16. The Sixth Circuit's opinion cited by the Defendants does not hold otherwise. Good cause exists here; Plaintiffs Lake and Trumbull Counties have shown diligence in seeking amendment and Defendants would not suffer any prejudice by the amendments. *See* Dkt. # 3294 at 5-8 (Pls.' Mot. for Leave to Amend). Additionally, as the transferee MDL court, this Court has discretion to select bellwether trial cases and properly did so when it selected the Counties for the Case Track Three ("CT3") bellwether trial.

Granting leave for Plaintiffs to amend their complaints is grounded in the Rules and Sixth Circuit precedent, including the recent mandamus ruling. Fed. R. Civ. P. 15 & 16; *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) (holding after the deadline to amend has expired, leave to do so requires a finding of good cause).

### ARGUMENT

The Sixth Circuit in its narrow decision about Case Track One-B ("CT1B") did not prohibit this Court from allowing the Parties to amend their pleadings if the Court found good cause to do so. The Circuit found instead that those amendments came only after Plaintiffs' "expressly chose not to bring" dispensing claims and long after the District Court's deadline to amend the pleadings.

1994512.7

*In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843. Defendants' interpretation of the decision reaches too far and is in direct conflict with the Circuit's holding and would defy the plain reading of the Rules. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). In essence, Defendants argue that the Circuit's limited opinion, which was based on the unique record of CT1B, would effectively preclude any of the other nearly 2,700 plaintiffs that are part of this MDL and whose cases were stayed for 2 years from amending their complaints at any future date. Lake and Trumbull Counties' cases contain none of the factual underpinnings that gave rise to the appellate court's ruling (i.e. Summit and Cuyahoga Counties "affirmatively disavowed [the amended] claims, and discovery as to the claims that the Counties actually did plead was already complete"). *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838 at 845. Rather, the Circuit confirmed that "of course" the Court has broad discretion in its management of pretrial proceedings, as long as it is "[w]ithin the limits of [the Federal Rules of Civil Procedure]." *Id.* at 841.

### I. Good cause exists.

In its May 3, 2018 Order Clarifying Case Management Order One, this Court advised the parties: "If a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide for another opportunity to amend." Dkt. # 371 at 1. When the Court selected Lake and Trumbull Counties to be the CT3 pharmacy bellwether, the deadline set by the Court for Lake and Trumbull Counties to amend their complaints was May 15, 2020. Dkt. # 3282 (Order regarding Track Three). Plaintiffs timely moved to amend, and leave to amend should be granted under Rule 15(a) because Plaintiffs do not need to show good cause when they

sought leave to amend prior to the deadline. *See* Dkt. # 3294 (Pls.' Mot. for Leave to Amend). The Defendants' assertion that this amendment deadline was actually March 2019 is not supported by the prior orders, nor the Court's bellwether trial process. The Court's interpretations of its own case management orders should be accorded deference. *See*, *e.g., In re Asbestos Prod. Liab. Litig. (No. VI),* 718 F.3d 236, 243 (3d Cir. 2013); *see also* Dkt. # 3304 at 4 (Defs' Resp.) (acknowledging it is within "the Court's authority for *the Court itself* [to]set a deadline for complaints" to be amended).

Even if the deadline to amend expired in March 2019, as Defendants argue, Rule 16 permits this Court to modify its scheduling order where good cause exists to do so. Rule 16's "good cause" standard considers the diligence of the party seeking the amendment as well as the potential prejudice to the nonmovant. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Plaintiffs demonstrated their diligence, as well as the absence of any prejudice to Defendants, in their opening brief, despite Defendants' claim to the contrary. *See* Dkt. # 3294 at 5-8.

Lake and Trumbull Counties' cases were stayed until April 30, 2020. Dkt. # 3282 (Order Regarding Track Three). Despite the stay, Defendants would have the Counties amend their complaints based on the information developed in Case Track One ("CT1") (or elsewhere), even though these Counties were not part of those proceedings. Dkt. # 3304 at 6 (Defs' Resp.) ("Lake County and Trumbull County were not parties to the Track 1B cases; they had nothing to [do] with 'working-up' Track 1B."). Defendants cannot have it both ways: they cannot advocate for Lake and Trumbull Counties to be treated as separate cases, but then argue that the Counties should have amended their complaints based on what occurred in CT1. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845 ("[T]he cases within an MDL retain their separate identities . . .[t]hat means a district court's decision *whether to grant a motion to amend in an individual case depends on*

1994512.7                                3

*the record in that case and not others*." (internal citation omitted) (emphasis added)). Instead, the Counties retained their own case identities and were held in abeyance until they were selected as the CT3 bellwethers. Then, without delay, Plaintiffs timely moved to amend their complaints. *See City of New York v. B.L. Jennings, Inc.*, 219 F.R.D. 255, 257 (E.D.N.Y. 2004) (finding good reason for "delay in making the motion to amend, more than three years since the original complaint was filed," because the case was stayed during this time).

Even if Plaintiffs had not been diligent, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Fee v. Millcreek-W. Unity Sch. Dist. Bd. of Educ.*, No. 3:12-CV-01723, 2013 WL 821521, at *2 (N.D. Ohio Mar. 5, 2013) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973)). There must be "at least some significant showing of prejudice to the opponent." *See Kesterson v. Kent State Univ.*, No. 5:16-CV-298, 2018 WL 2129610, at *6 (N.D. Ohio May 8, 2018) (quoting *Leary*, 349 F.3d at 909)). Here, Defendants will not suffer any prejudice by Plaintiffs' proposed amendments. First, the amendments do not change tactics nor assert new theories. *See In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 913 (N.D. Ohio 2009) (defining prejudice to mean "undue difficulty in prosecuting or defending a lawsuit as a result of a change in tactics or theories on the part of the other party."). Indeed, the public nuisance claims, which were in part grounded in legal obligations surrounding dispensing and which are asserted here, were in the process of being worked-up towards trial in CT1B prior to the Sixth Circuit's mandamus ruling. "[T]here is no reason [Defendants] would need to scrap all previously conducted discovery and start fresh." *Fee*, 2013 WL 821521, at *2 (finding "[u]ndue prejudice is not a talisman; it must be established by facts, and [Defendant] fails to offer any."). In fact, there has been no CT3 discovery yet that would be impacted by an amended complaint. Second, Defendants also readily admit the additional defendant entities were on notice

of these claims. *See* Dkt. # 3304 at 5 (Defs.' Resp.) (arguing that Plaintiffs' counsel had the benefit of Track 1A discovery and that the "new defendants [named in CT3] appear[ed] on the face of the ARCOS data" and "were reflected in the fact discovery collected in Track 1A."); *see also Pandora Distribution, LLC v. Ottawa OH, L.L.C.*, No. 3:12-CV-02858, 2015 WL 967980, at *1 (N.D. Ohio Mar. 4, 2015) ("Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."). Defendants cannot show prejudice by these amendments.

Here, good cause exists for the Counties to amend their complaints. Plaintiffs have shown they were diligent because they timely sought leave to amend once the stay was lifted and within the Court's deadline and Defendants will not suffer prejudice by the proposed amendments. Leave to amend should be granted.

## II. The Court's selection of Lake and Trumbull Counties as the CT3 bellwether trial cases was proper and within its authority.

Although this Court already overruled Defendants' objections to designation of these cases for CT3 bellwether trial, Defendants again press the same argument that this bellwether selection is improper. *See* Dkt. # 3304 at 6 (Defs.' Resp.); *see also* Dkt. # 3303 at 6-7 (Defs.' Resp. to Pls.' Mot. to Bifurcate). They are wrong. Exercising its wide discretion in pretrial case management, this Court appropriately selected Lake and Trumbull Counties as the CT3 bellwether trial cases. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2010 WL 4024778, at *1 (S.D. Ill. Oct. 13, 2010) ("[T]he holding of bellwether trials is within the discretion of the transferee judge.").

The Parties long ago agreed to this Court implementing a "litigation track" (i.e. bellwether process). *See* Dkt. # 232 (Case Management Order One) (Apr. 11, 2018). In the fall of 2019, the Court sought the Parties' participation in selection of future bellwether cases and "hub and spoke"

remands. *See* Dkt. # 2940 at 1 (Track One-B Case Management Order). After soliciting, receiving, and considering the Parties' positions, the Court provided "guiding principles" to advance the litigation, including "at least one [bellwether] case where liability could be tested against the pharmacies as dispensers." *Id.*; *see also In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845 (noting in discretionary case management matters, "the power of the MDL court is at its peak" (internal citation omitted)). To that end, prior to selecting the CT3 bellwether trial cases, the Court again invited input from the Parties in selection of the cases. *See* Dkt. # 3261 (Order Regarding Track 1B and Track Three). Rather than providing meaningful input, Defendants' objected to the Court's desire to select a case the Court could try within its jurisdictional boundaries, and instead only identified one case from Georgia, while refusing to waive *Lexecon* (Dkt. # 3276), in a bald attempt to prevent this MDL Court from itself trying the case.[1] *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998); Dkt. # 3282 (Order Regarding Track Three).

Defendants' complaints about the CT3 bellwether trial, or the structure of the bellwether process in general, is of their own making. Defendants' objections, moreover, are unfounded because they fail to recognize that there was no other case track designed to test "public nuisance claims against pharmacy defendants in their roles as distributors and dispensers." Dkt. # 3282

---

[1] Had the Court selected Defendants' suggested CT3 bellwether case to test "against different facts and a different state's law," one wonders if Defendants would also object to remand as prejudicial because it would require discovery specific to that jurisdiction; the same discovery that has largely been done in CT1 that is of equal significance to Lake and Trumbull Counties. *See* Dkt. # 3294 (explaining "the newly selected CT3 cases can take advantage of the significant discovery that has taken place in Case Track One"); *see also* JPML Case MDL No. 2804, Dkt. # 6477-1 (Memo of Law ISO Mot. to Vacate Conditional Remand Order) (opposing the Conditional Remand Order remanding *Cherokee Nation* and *San Francisco* claiming the "MDL's court's suggestions of remand are irrational and arbitrary"); Dkt. # 7033 (denying Defendants motion to vacate giving deference to the transferee judge, who "after all, supervises the day-to-day pretrial proceedings").

(Order Regarding Track Three). Track One-B is now limited to the pharmacy defendants' liability *as distributors*; *Cherokee Nation* "is an Indian Tribe case, with distinctive Tribal issues;" and *San Francisco* encompasses claims "brought by a large coastal city," designed to inform other coastal and Western cities, and the only named pharmacy defendant is Walgreens. *See* Dkt # 2913 at 23:21-23 (Tr. of Status Conf.); Dkt. # 2941 (Suggestions of Remand). And the other remanded bellwether cases, Case Track Two and *City of Chicago*, do not include pharmacy defendants.

CT3 is representative of the claims asserted by hundreds of cities and counties in this MDL and will accomplish the twin goals of bellwether trials "as informative indicators of future trends and catalysts for an ultimate resolution." Fallon, et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2343 (2008);[2] *see also* Dkt. # 3301 at 1 (Pls.' Mot. for Leave to Take National Discovery of Pharmacy Defs.) (explaining "[o]ne critical common factual issue in this MDL is opioid dispensing" with "[o]ver 1,400 plaintiffs in this MDL from at least 49 states already assert[ing] claims challenging the dispensing and/or distribution practices of Pharmacy Defendants."). It will also benefit from the efficiencies to be gained from continued litigation in Ohio, where significant discovery has already been taken, streamlining the burdens on the parties and third parties. The Court has acted within its authority to select Lake and Trumbull Counties for the CT3 bellwether trial.

---

[2] *See also* Manual on Complex Litigation, Fourth Ed., at § 22.315 ("MCL") (explaining the purpose of bellwether cases is to "produce a sufficient number of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis and what range of values the case may have if resolution is attempted on a group basis"); *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 2:12-CV-07263, 2015 WL 2417411, at *1 (E.D. Pa. May 20, 2015) ("'Bellwether' trials should produce representative verdicts and settlements. The parties can use these verdicts and settlements to gauge the strength of the common MDL claims to determine if a global resolution of the MDL is possible.").

## CONCLUSION

Plaintiffs' motion for leave to file their amend complaints should be granted. Plaintiffs have sufficiently demonstrated good cause exists under Rule 16(b)(4) and leave should be freely given under Rule 15(a). Granting their request is grounded in the Rules and the Court's authority.

Dated: May 29, 2020                              Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/ Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street, 3rd Floor
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank Gallucci
Plevin & Gallucci Company, L.P.A.
55 Public Square
Suite 2222
Cleveland, Ohio 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of May, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/Peter H. Weinberger
Peter H. Weinberger

*Plaintiffs' Liaison Counsel*

1994512.7

9