UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: "*Track One-B Cases*" | ) ) ) | |
| | ) ) ) | **WITHDRAWAL OF** **DISCOVERY RULING REGARDING** **"OARRS DATA"** |

On February 13, 2020, the Court entered a *Discovery Ruling Regarding "OARRS Data,"* which directed the Ohio Board of Pharmacy to produce third-party discovery consisting of certain prescription data. *See* docket no. 3168. Specifically, the *Discovery Ruling* directed OBOP to produce to the Pharmacy Defendants certain additional dispensing data from OBOP's database known as the Ohio Automated Rx Reporting System ("OARRS"). *See id.* at 8 ("OBOP shall promptly provide to the Pharmacy Defendants the same OARRS data it previously produced, but updated and with the pharmacy and prescriber fields included."). The Pharmacy Defendants had requested this additional data pursuant to subpoena. *Id.* at 4.

The Court entered its *Discovery Ruling* in order to provide Pharmacy Defendants with data they asserted they needed to defend against newly-added *dispensing* claims, not already-existing *distribution* claims. *Id.* at 3-4. Subsequently, however, the Sixth Circuit Court of Appeals granted

the Pharmacy Defendants' petition for writ of mandamus and directed this Court to strike the dispensing claims. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) ("*Dispensing Mandamus Order*"). Accordingly, the Pharmacy Defendants' asserted need for OARRS data in Track One-B was nullified.

Notably, the Court recently set for trial two new bellwether cases filed by Ohio plaintiffs ("Track Three"), which include dispensing claims against the Pharmacy Defendants. Accordingly, it is likely the Track Three Pharmacy Defendants will again move for production of the same OARRS data from OBOP, and that this Court will order it be produced. So it may occur that OBOP will again seek relief via mandamus in Track Three. Until that occurs, however, the *Discovery Ruling* pertains only to the cases in Track One-B, so it must be vacated.

Several weeks ago, this Court directed the Pharmacy Defendants to confer with OBOP and inform the Sixth Circuit of these circumstances. Regrettably, the parties apparently did not do so. The Sixth Circuit recently sought input on OBOP's mandamus petition, correctly questioning whether the petition had become moot. *See In re: State of OH Board of Pharmacy*, Case No. 20-3375, docket no. 4-2 (6th Cir. June 1, 2020) (noting the *Dispensing Mandamus Order* "raises a question as to whether the data at issue continues to be relevant now that the claims against the retail pharmacy defendants in their capacity as dispensers have been stricken").[1]

In any event, the Court hereby withdraws its Track One-B *Discovery Ruling Regarding "OARRS Data*. The obligations that this *Discovery Ruling* imposed upon OBOP no longer apply.

---

[1] The Sixth Circuit also directed the Track One-B Plaintiffs, Cuyahoga County and Summit County, to respond to OBOP's mandamus petition. But it is actually the Track One-B Pharmacy Defendants who filed the motion seeking to compel production of the OARRS data, not the Plaintiffs.

It remains to be seen whether those obligations will be re-imposed in Track Three.

Pharmacy Defendants shall ensure counsel for OBOP promptly receives a copy of this Ruling and shall also promptly convey a copy of this Ruling to the Sixth Circuit in Case No. 20-3375.

**IT IS SO ORDERED.**

                                       /s/ *Dan Aaron Polster*
                                       **DAN AARON POLSTER**
                                       **UNITED STATES DISTRICT JUDGE**

**Dated:** June 2, 2020