# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) | MDL 2804 |
| ) | |
| ) | Case No. 1:17-md-2804 |
| **THIS DOCUMENT RELATES TO:** ) | |
| ) | Judge Dan Aaron Polster |
| *Track Three Cases* ) | |
| ) | **ORDER** |
| ) | |

Before the Court is Case Track Three Plaintiffs' Motion for Leave to File Amended Complaints (Doc. #: 3294). Pharmacy Defendants oppose the Motion (Doc. #: 3304) and Plaintiffs filed a Reply (Doc. #: 3309). For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

On April 30, 2020, the Court designated as the Track Three cases: *County of Lake, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45032 (N.D. Ohio); and *County of Trumbull, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45079 (N.D. Ohio). Doc. #: 3282 at 1. The Court provided Plaintiffs the opportunity to amend their Complaints by Friday, May 15, 2020. *Id.* at 2. Plaintiffs then filed the Motion for Leave to File Amended Complaints. Defendants assert the Plaintiffs are late in seeking leave to amend, and that there is not good cause to modify existing scheduling orders to allow amendment. Doc. #: 3304 at 2.

Over two years ago, the Court issued Case Management Order One ("CMO-1"), Doc. #: 232, to govern the practice and procedure of the cases in this MDL. Among other things, CMO-1 identified cases for briefing on threshold legal issues, established Case Track One, and set deadlines for amendment of pleadings in those cases. Doc. #: 232 at 2–4, 6. CMO-1 also required plaintiffs in all other cases to file amended pleadings by May 25, 2018. A follow-up order

clarifying CMO-1, however, stated all cases not designated for briefing or Track One are stayed until further order of a court, and "[i]f a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide for another opportunity to amend." Doc. #: 371 at 1. The Court later extended the May 25, 2018 deadline to allow for amendment based on ARCOS data. Doc. ##: 739, 1106. Both extension orders reiterated that plaintiffs in cases later designated for bellwether trial would be provided another opportunity to amend. Doc. #: 739 at 4 n.3; Doc. #: 1106 at 3 n.6.

Pursuant to CMO-1 and subsequent orders, the Track Three cases were stayed for two years. Plaintiffs' only obligation during that time was to amend their complaints upon receipt of the ARCOS data, and Defendants concede Plaintiffs did so. Doc. #: 3304 at 4. The cases were not otherwise subject to any scheduling order. Thus, Rule 16's "good cause" standard for amending such an order is not at issue.[1] Instead, consistent with its prior statements and Rule 15, upon designating these cases for a bellwether trial, the Court freely "provide[d] for another opportunity to amend" and set a new deadline. *See* Doc. ##: 3282; 371; Fed. R. Civ. P. 15(a). Plaintiffs complied with that deadline and filed the instant motion. Nothing more is required to grant leave to amend.

Accordingly, Plaintiffs' Motion, Doc. #: 3294 is **GRANTED.**


**IT IS SO ORDERED.**


                                                **/s/ Dan Aaron Polster_June 2, 2020_**
                                                **DAN AARON POLSTER**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] Moreover, Rule 16 "ensure[s] that at some point both the parties and the pleadings will be fixed." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). The Court's repeated statements that bellwether plaintiffs will be provided an opportunity to amend, Doc. ##: 371, 739, 1106, show that the point of fixed pleadings had not yet been reached when these cases were designated for Track Three.