# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Dan Aaron Polster |
| *Track Three Cases* | ) |
| | ) **ORDER** |
| | ) |

Before the Court is Case Track Three Plaintiffs' Motion to Bifurcate Bellwether Claims, Join Bellwether Cases for Trial, and to Stay Remaining Claims (Doc. #: 3297). Pharmacy Defendants oppose the Motion (Doc. #: 3303) and Plaintiffs filed a Reply (Doc. #: 3310). For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

On April 30, 2020, the Court designated as the Track Three cases: *County of Lake, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45032 (N.D. Ohio); and *County of Trumbull, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45079 (N.D. Ohio). Doc. #: 3282 at 1. Plaintiffs now ask the Court to bifurcate claims in order to isolate for trial their common law public nuisance claims against the Chain Pharmacy Defendants; join their respective cases; and stay remaining claims.[1] Defendants argue the proposal: (i) is inefficient, unprecedented, and legally impermissible; (ii) is plaintiffs' attempt to gain an improper litigation advantage; (iii) would undermine a meaningful bellwether process; and (iv) violates the party-presentation rule.

Federal Rule of Civil Procedure 42(b) permits the Court to "order a separate trial of one or more separate issues, [or] claims" for reasons including "convenience, to avoid prejudice, or to expedite and economize." Rule 42 further permits the Court to "join for hearing or trial any or all

---

[1] The Track One-B cases similarly were streamlined for a bellwether trial of the plaintiffs' common law public nuisance claims against Chain Pharmacies in their role as distributors. Plaintiffs here will try the claim against Chain Pharmacies in their roles as distributors and dispensers.

matters at issue in the actions," and "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Such orders are in the sound discretion of the trial court. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *EEOC v. Sherwood Food Distributors, LLC*, No. 16cv2386, 2017 WL 11450402, at *1 (N.D. Ohio Aug. 11, 2017). In an MDL, "[i]n discretionary matters going to the phasing, timing, and coordination of the cases, the power of the MDL court is at its peak." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) (quoting *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011)).

In deciding whether to bifurcate claims, "the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *In re Bendectin Litig.*, 857 F.2d 290, 307–08 (6th Cir. 1988). Bifurcation is appropriate to avoid confusing the jury and to promote convenience and economy. *J'Way S., Inc. v. River Rd. Constr., Inc.*, No. 1:17cv1167, 2018 WL 1409285 at *1–2 (N.D. Ohio March 21, 2018).

Plaintiffs' proposal is permissible under Rule 42(b), as it will expedite and economize the resolution of these two cases and possibly the MDL. Narrowing claims and defendants will avoid combining issues that may confuse the jury, such as the legal obligations of Pharmacy Defendants distinct from those of other defendants. Bifurcation also will avoid delays in discovery and allow the parties to proceed to trial more efficiently because numerous issues have been resolved and substantial discovery completed in other MDL cases involving common law public nuisance claims against Pharmacy Defendants. Finally, as Plaintiffs state, "it is possible, even likely, that no future trial of Plaintiffs' remaining claims will be necessary if the bellwether trials lead to a

resolution of the MDL." Doc. #: 3310 at 2.[2] Thus, bifurcation may result in all parties avoiding the cost of litigating the other claims in this case and approximately 1,400 similar cases.[3]

Defendants argue joining the two cases will add length and complexity to the trial and will unfairly prejudice them by "diffus[ing]" plaintiff-specific defenses. Doc. #: 3303 at 5–6. Defendants do not dispute that the respective cases present common questions of both law and fact, which is what Rule 42(a) requires. While the need to introduce evidence for both Plaintiffs will cause an incremental increase in trial time and complexity, this is true any time multiple actions are joined, and the cost is far outweighed by the benefit. Indeed, Rule 42(a) would be useless if added time and complexity automatically forecloses joinder. Further, joinder of the cases does not alter each Plaintiff's burden of proof. Each Plaintiff still will be required to prove its case against each Defendant, and each Defendant can raise defenses against each Plaintiff. Thus, the Court finds joinder is proper and appropriate.

Further, Defendants argue that trying common law public nuisance claims against them is not representative of other cases in the MDL because, in other cases, Plaintiffs have a wide variety of claims against Pharmacy Defendants and other defendants. Doc. #: 3303 at 6. Defendants do not explain why narrowing this case to one claim and one category of defendants makes it non-representative of the 1,400 other cases of similar Plaintiffs that include the same claim against the same Pharmacy Defendants. Moreover, it is certain that the alternative the Pharmacy Defendants implicitly seek is simultaneous trial of *several* legal theories against them and many other defendants, which will be far more complex and costly. Resolving this case as bifurcated will "enable the parties and the court to determine the nature and the strength of the claims" and resolve

---

[2] In the Court's view, a second trial will not implicate the Reexamination Clause of the Seventh Amendment. However, in the unlikely event a second trial occurs, Defendants will be able to raise any issues at that time.

[3] The same principles warrant a stay of discovery on Plaintiffs' remaining claims. *See Gagner v. Metro. Prop. & Cas. Ins. Co.*, No. 3:05cv222, 2005 WL 8161955, at *2 (S.D. Ohio Dec. 13, 2005) ("Rule 42(b) regarding separation of trials has a relation to the discovery rules and the court may limit discovery to the first issue to be tried until after its resolution.") (citing 9 Charles Alan Wright and Arthur R. Miller, Federal Prac. & Proc. Civil 2d § 2387 (2d ed. 1995)).

legal issues common to many of the cases in the MDL. Manual for Complex Litigation (Fourth) § 22.315; *see* Doc. #: 3310 at 4–5 (citing Plaintiffs' 50-state nuisance survey showing Ohio nuisance law is representative of that of majority of states). Proceeding with this bellwether case may save the parties immeasurable cost and time.

Finally, Defendants argue accepting the proposal violates the party presentation principle. None of the cases they cite support this position.[4] Plaintiffs presented the common law public nuisance claims against Chain Pharmacy Defendants to the Court. As already stated, structuring this case as outlined here for a bellwether trial is well within the Court's discretion under the Federal Rules of Civil Procedure.

Accordingly, Plaintiffs' Motion, Doc. #: 3297 is **GRANTED.** It is hereby **ORDERED,** pursuant to Federal Rule of Civil Procedure 42, that Plaintiffs' common law public nuisance claims against Chain Pharmacy Defendants shall be separated from Plaintiffs' remaining claims for discovery and trial; **ORDERED** that Plaintiffs' respective actions are joined for bellwether trial of the common law public nuisance claims against Chain Pharmacy Defendants; and **ORDERED** that all Plaintiffs' claims against Chain Pharmacy Defendants other than common law public nuisance and all Plaintiffs' claims against all other Defendants are stayed for later discovery and trial.

**IT IS SO ORDERED.**

                                         /s/ Dan Aaron Polster  June 2, 2020
                                         **DAN AARON POLSTER**
                                         **UNITED STATES DISTRICT JUDGE**

---

[4] In *United States v. Sineneng-Smith*, the Supreme Court found the Court of Appeals abused its discretion when it reframed the case around an issue not raised by the parties and declined to address the party-presented controversy. 140 S. Ct. 1575, 1578-81 (2020). Likewise, in *Greenlaw v. United States*, the Supreme Court discussed the party presentation rule in the context of the Court of Appeals acting on its own initiative to increase a defendant's sentence despite no cross-appeal from the government. 554 U.S. 237, 244–45 (2008). Finally, in *Ligon v. New York*, the Court of Appeals found a district court judge acted improperly by encouraging a party to file a new lawsuit asserting a claim different from that already at issue. 7336 F.3d 118, 125–26 (2d Cir. 2013), *vacated in part on other grounds*, 743 F.3d 362 (2d Cir. 2014). Here, the Court has raised no legal issue that was not first raised by the parties, themselves.