# EXHIBIT B

```
                                                          Page 1
 1           IN THE UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF OHIO
 3                    EASTERN DIVISION
 4              ~~~~~~~~~~~~~~~~~~~~~
 5
 6   IN RE:   NATIONAL PRESCRIPTION OPIATE LITIGATION
 7               Case No: 1:17-md-2804-DAP
 8
 9   This document relates so:
10   All cases
11
12              ~~~~~~~~~~~~~~~~~~~~~
13
14                  AUDIO TRANSCRIPTION
15         11/15/2018 Discovery Telephonic Conference
16
17            Transcribed November 16, 2018
18
19
20
21              Veritext Legal Solutions
22           23 1100 Superior Avenue, Suite 1820
23                   Cleveland, Ohio
24
25              Sonya M. Ledanski Hyde
```

Page 23

1  this is -- if I might, just real quick, Special
2  Master Cohen, this is Jeff Gaddy on behalf of the
3  Plaintiffs.
4           I'm not going to respond to the
5  comments on Mr. Barnes's deposition, as you ruled
6  on that, but this goes more generally to an issue
7  that we originally raised last week with Special
8  Master Yanni, where Walgreens had taken an
9  interpretation of CMO1 and its requirement that a
10 privilege log must be produced within 45 days
11 after a production, that that enabled them to
12 withhold documents --
13          SPECIAL MASTER COHEN: Yeah, I saw.
14          MR. GADDY:  -- they were doing a
15 privilege review of.  So, that's something that
16 Special Master Yanni had indicated that she
17 thought was an important issue, she had indicated
18 that it should be on Judge Polster's agenda for
19 next week.
20          I don't know that your ruling directly
21 decided that issue and directly issued a mandate
22 as to whether or not it was appropriate to
23 schedule privilege review documents to be
24 released post-deposition.
25          We obviously don't agree that that's

Page 24

1  the intent of any of the rulings of the case, and
2  to the extent that that ruling has not been made,
3  that even documents from a privilege review
4  should be produced prior to a deposition.  That's
5  a ruling that we'll continue to seek.
6           But look, in a litigation as large in
7  scope and as complex as this one, it's inevitable
8  that, from time to time, there is going to be
9  documents that are found at a later date, or
10 discovered to be non-privileged at a later date,
11 and by no means is perfection the standard.  But
12 what we do ask is that both sides be transparent
13 with each other, that it's a level playing field,
14 and that every effort is made to comply with the
15 14-day requirement, including documents that are
16 undergoing privilege review.
17          SPECIAL MASTER COHEN: Well, right.  So,
18 on the privilege review issue, I agree with
19 Plaintiff that the privilege review 45-day rule
20 can't be -- that it can't stand for the
21 proposition that that's an excuse not to give
22 documents until after the deposition.
23          It may be that that has to happen, but
24 it can't be kind of a standard rule that, oh,
25 well, we were doing privilege review, so you get

Page 25

1  the documents after the deposition, sorry.  That
2  can't be the case.  And frankly, it's the
3  documents that are under review for privilege
4  which are then concluded not to be privileged and
5  are released that might be the most important, or
6  the ones that the Plaintiffs most want to ask
7  about.  And of course, I said Plaintiffs, but it
8  would go both ways.
9           Four percent, eight percent, privilege
10 review, I get it.  We're all undertaking a
11 Herculean task with very difficult deadlines to
12 get this done, and I can only call them as I see
13 them, and I'm going to have to, essentially, make
14 play-by-play calls.
15          As a general rule, I can tell you that
16 the privilege review cannot be the excuse for not
17 producing documents until after the deposition,
18 and as a general rule, 40 percent of documents
19 coming out after the deposition just ain't gonna
20 fly.
21          I don't know where the line is.  It
22 doesn't make sense for me to draw a bright line
23 of 80 percent or 90 percent or whatever it is.
24 It simply has to be the case that virtually all
25 of the documents are produced before the

Page 26

1  deposition so that the parties have a chance to
2  read them before the deposition, so the
3  questioning can be comprehensive, and you all
4  have to figure out how to do that.
5           If that means that potentially
6  privileged documents get produced with clawback
7  rights, which I know carries its own issues, you
8  know, very serious mop-up issues after the fact,
9  I get it.  I don't have a simple answer because
10 there isn't one, but maybe it's moving dates of
11 deponents back a little bit so that all of the
12 reviews can get finished and the productions can
13 get done.  I don't know what else to tell you.
14          MS. DESH:  And we are -- Special Master
15 Cohen, we are working on that.  I think, first of
16 all, we see these numbers a little bit
17 differently than Plaintiffs do, but -- and
18 frankly, we were just at a very early stage in
19 the production.
20          We were required to offer a deposition,
21 and we did everything that we could to get them
22 everything that we had.  This custodian's file is
23 a little bit -- it's just a little bit odd in
24 that way.
25          But I think that your instruction is

7 (Pages 23 - 26)