# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) | **MDL 2804** |
| ) | |
| ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** ) | |
| ) | **Judge Dan Aaron Polster** |
| *Track One-B Cases* ) | |
| ) | **ORDER** |
| ) | |

On May 26, 2020, Plaintiffs filed a Motion to Preclude Evidence Concerning Dispensing Practices at Select Retail Stores (Doc. #: 3302). Plaintiffs filed the Motion to address Defendants' stated intent to introduce testimony from individual pharmacists regarding dispensing. *See* Doc. #: 3302 at 1 n.1. According to Plaintiffs, this testimony should be precluded based on Defendants' prior representations that this information is not relevant to Plaintiffs' distribution claims. *See id.* at 4-5.

During the Court's May 28, 2020 telephonic Case Management Conference, the parties presented additional oral argument on this issue.  The Court then ruled that each Defendant that intends to call a retail pharmacist witness at trial shall produce opioid dispensing data for those retail pharmacies where the witness worked, during the period of the witness's employment. Tr. of Case Management Conference, Doc. #: 3307 at 35–36. The Court memorialized this ruling in the Revised Track One-B Civil Jury Trial Order, which requires that Defendants produce such data by June 12, 2020. Doc. #: 3308 at 1.

Accordingly, Plaintiffs' Motion, Doc. #: 3302, is **DENIED** in part and **GRANTED** in part. The Court will allow Defendants to introduce testimony at trial from individual pharmacists

regarding dispensing practices at their retail stores, subject to their compliance with the above-referenced ruling and any additional limitations imposed by the Federal Rules of Evidence.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  June 4, 2020  
**DAN AARON POLSTER**  
**UNITED STATES DISTRICT JUDGE**