UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>All Cases | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

**PHARMACY DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTION TO SPECIAL MASTER'S DISCOVERY RULING NO. 22**

Pursuant to Rule 53(f), Pharmacy Defendants[1] objected to the Special Master's Order Regarding Requested Modifications to Discovery Ruling No. 22 (Dkt. Nos. 3286 and 3291) and requested that this Court vacate both that order and Discovery Ruling No. 22 itself (Dkt. Nos. 2576 and 2712) after the Sixth Circuit's issuance of a writ of mandamus.  Pharmacy Defendants now file this reply in support of their objection.

Despite Plaintiffs' mischaracterization, Pharmacy Defendants do not contend that an MDL court cannot create efficiencies in discovery for documents that are relevant across the MDL.  The problem is that Discovery Ruling No. 22 (and its subsequent modification) does not actually create efficiencies, and exceeds the Court's MDL authority under the guise of doing so.  As Pharmacy Defendants stated in their objection: "[T]he question before this Court is not whether document repositories could, in some circumstances, be efficient.  The question is whether Discovery Ruling No. 22, with its broad scope, truly creates any efficiencies for any specific case or cases within the MDL."  Objection at 4.

---

[1] This reply is being filed on behalf of Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Walmart Inc., CVS Indiana, LLC., CVS Rx Services, Inc., Walgreen Co., Walgreen Eastern Co., Discount Drug Mart, Inc., Giant Eagle, Inc., and HBC Service Company.

Plaintiffs' (lengthy) response does not address the key issue with the orders. That they cannot explain how a general document repository creates MDL efficiencies is enough to sustain the Pharmacy Defendants' objections to DR-22 under the Sixth Circuit's mandamus ruling.

## ARGUMENT

**I.    Plaintiffs' Waiver Arguments Are Meritless.**

Plaintiffs spend much of their response discussing waiver, but the argument is meritless for two reasons. First, as Special Master Cohen recognized in his nunc pro tunc order regarding the amendment to DR-22, Pharmacy Defendants have consistently objected to the requirement of a central document repository that contains irrelevant, jurisdiction-specific information from opioids cases across the country. *See* Dkt. 3291 at 4 n.8 ("some of the defendants objected to Plaintiffs' proposal of the requirement the Court eventually adopted with this provision").

Second, the Sixth Circuit's issuance of the writ of mandamus—which holds unequivocally that document discovery in an MDL must be based on "the needs of the particular case in which the discovery is ordered," slip op. at 9—excuses any waiver. Pharmacy Defendants can hardly be faulted for relying on a decision that did not exist at the time. *See Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005) (explaining that a party "should not be barred from raising [an] issue on appeal" when the Sixth Circuit "did not clarify the issue until after [the] objection period had passed"); *accord Planned Parenthood Cincinnati Region v. Taft*, 444 F.3d 502, 516 (6th Cir. 2006)) (noting parties are not required "to either litter their pleadings with every argument which might conceivably be adopted during the pendency of a proceeding or forgo the benefit of any new relevant case law"). Pharmacy Defendants have not forgone the benefit of the Sixth Circuit's mandamus decision.

After the Sixth Circuit's ruling, Pharmacy Defendants timely moved to vacate Discovery Ruling No. 22 in its entirety. The writ of mandamus issued on April 15. Only two days later,

Pharmacy Defendants submitted a position paper explaining that the mandamus ruling required DR-22 to be vacated in its entirety: "The Sixth Circuit's ruling requires that DR 22 be vacated. DR 22 is not based on the needs of a particular case. And because it requires the production of jurisdiction-specific documents that are not broadly relevant to cases in the MDL, DR 22 cannot be saved on the basis that it results in the MDL-wide efficiencies that are permitted by the Sixth Circuit's ruling." Pharmacy Defendants' April 17, 2020 Letter to Special Master Cohen, Ex. A at 1. Plaintiffs make no argument that Pharmacy Defendants were dilatory in objecting after the mandamus decision.

Plaintiffs instead argue, in essence, that the MDL-specific objection procedures alter the ordinary rules of waiver. Although those procedures provide that failure to object will result in permanent waiver of an objection, Plaintiffs do not suggest that this Court should ignore the intervening mandamus decision or deem waived an objection timely filed after the writ issued. Plaintiffs' waiver argument disregards the mandamus ruling.

Plaintiffs' reliance on Federal Rule of Civil Procedure 60 to contend that CMO-1 prevents Discovery Ruling No. 22 from being reviewed is also misplaced. Rule 60 applies to final judgments. Fed. R. Civ. P. 60(b). CMO-1 is not a final judgment, and it has been modified by this Court several times.[2] *See, e.g.*, Dkt. 371; Dkt. 739; Dkt. 1106. Rule 54(b) expressly provides that other than final judgments, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the

---

[2] Plaintiffs themselves have sought modifications and clarifications of CMO-1. *See, e.g.*, Dkt. 371 ("Counsel for plaintiffs have contacted the Court asking whether paragraph 6.b applies to every case transferred to the MDL and whether there will be any other opportunities to amend."). Following Plaintiffs' course of practice, far from needing to meet the (inapplicable) requirements of Rule 60, all the Pharmacy Defendants needed to do was call this Court for clarification of CMO-1 following the issuance of the writ without need for written filings. CMO-1 has been modified multiple times to allow Plaintiffs additional time to amend complaints; there is no reason it cannot be modified now, if necessary, to ensure that the discovery provisions comply with binding Sixth Circuit law.

3

action as to any of the claims or parties and may be revised at any time before the entry of a [final] judgment." Fed. R. Civ. P. 54(b). To the extent that CMO-1 also needs to be modified to conform with the Sixth Circuit's case law, Pharmacy Defendants request that their objection to Discovery Ruling No. 22 be construed as requesting such relief.

## II. Discovery Ruling 22 Does Not Create MDL Efficiencies For Discovery.

On the merits, contrary to Plaintiffs' arguments, it is undisputed that an MDL court has discretion to create efficiencies in MDL discovery. Objection at 3-4 ("Pharmacy Defendants do not deny that an MDL court can, in the right circumstances, create efficiencies in MDL discovery.").

The problem is that the discovery ordered by DR 22 does **not** concern information that is relevant broadly to other MDL matters. For such discovery to be proper, Plaintiffs must show that the discovery is actually creating MDL-wide efficiencies. *See In re Nat'l Opiate Litig.*, No. 20-30705, slip op. at 2 (Apr. 15, 2020) (Although a court may "create efficiencies and avoid duplication . . . across cases within the MDL," it may not "distort or disregard the rules of law applicable to each of those cases.").

And on this point, Plaintiffs are largely silent. Their response never even attempts to argue how, for example, dispensing information that is specific to one jurisdiction has any relevance to cases outside that jurisdiction. A claim based on dispensing practices in Washington state might involve discovery into a particular pharmacist's background and that pharmacist's decision to fill a prescription issued by a particular doctor. Such information has no conceivable relevance to claims against pharmacies for dispensing in Ohio, where different pharmacists filled different prescriptions for different patients. Discovery Ruling No. 22 does not concern information that is

broadly relevant to other cases in the MDL—it orders production of information that will be relevant only to specific jurisdictions.

It is no answer to say that "dispensing information" will be relevant to all claims. One could just as easily say that "evidence" will be relevant to all claims. The question is whether the particular dispensing information being produced—the specific evidence at issue—is broadly relevant to all cases in the MDL. Because it is not, the order exceeds the scope of proper discovery.

There are numerous other examples like this in both the dispensing and non-dispensing context. And neither Special Master Cohen nor the Plaintiffs have even begun to do the work of explaining how each category of discovery is relevant to numerous MDL cases. Instead, they seem to assume that "the MDL" itself warrants certain categories of discovery. The Sixth Circuit's mandamus ruling specifically warned against such thinking, and required the Court to rule on issues as they arise in individual cases. In sum, Discovery Ruling No. 22 thus fails to follow the writ of mandamus by compelling discovery that is not based on "the needs of the particular case in which the discovery is ordered" and by ordering MDL-wide discovery when "the needs of some cases are [not] the same as those of many others." Slip op. at 9.

### III. DR 22 Improperly Orders Irrelevant Discovery Into Pharmacy Defendants' Compliance With Their Discovery Obligations.

At the very least, this Court should sustain Pharmacy Defendants' objection to the modification to Discovery Ruling No. 22 requiring that they disclose any closed investigation.

Plaintiffs are incorrect to suggest that Rule 26 permits the discovery of evidence that is irrelevant under Rule of Evidence 401. The Sixth Circuit has looked to Rule 401 in defining the proper scope of discovery under Rule 26. *See Bailey v. United States*, No. 19-5541, 2020 WL 2565318, at *4 (6th Cir. Feb. 28, 2020) ("Also off-topic was Bailey's discovery request on the Forest Service's contracts with local law enforcement agencies. That information would not have

5

resolved a fact of consequence, see Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401[.]"). And district courts routinely recognize that Rule 401 governs "relevance" under Rule 26:

> Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

*Baumer v. Schmidt*, 423 F. Supp. 3d 393, 398 (E.D. Mich. 2019); *see also King v. Harwood*, No. 3:15-CV-762-CHB, 2019 WL 4751553, at *5 (W.D. Ky. Sept. 30, 2019) (same*); Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, 3:17-CV-01078, 2020 WL 1532323, at *3 (M.D. Tenn. Mar. 31, 2020) ("Relevant evidence in this context is that which has any tendency to make a fact more or less probable than it would be without the evidence if the fact is of consequence in determining the action." (internal quotation marks omitted)).

In other words, "Rule 26(b)(1)'s clear focus on relevance" concerns whether discovery "'would be irrelevant to the underlying issue to be decided.'" *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x 43, 50 (6th Cir. 2010) (quoting *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999)).

And as Pharmacy Defendants explained, discovery regarding civil and criminal closed investigations, particularly investigations that ended with a declination by the investigating body—does not make any fact material to the claims or defenses more or less probable. Plaintiffs make no argument to the contrary. They instead argue that disclosure is proper, not because of any relevance to the underlying claims, but because of "questions about the completeness of Defendants' prior document productions." Dkt. 3317 at 20. Because it is undisputed that the closed investigations are irrelevant to the underlying issues to be decided (and irrelevant under Rule 401), it exceeds the scope of permissible discovery under Rule 26. Plaintiffs cite a number

6

of district court cases but offer no reason for this Court to disregard the Sixth Circuit's recognition that "relevance" under Rule 26 concerns the underlying issues and is the same as "relevance" under Rule 401.

Plaintiffs are not entitled to a list of closed investigations as a prophylactic to ensure that Pharmacy Defendants are complying with their discovery obligations. *See Scotts Co., LLC v. Liberty Mut. Ins. Co.*, No. CIV. A. 2:06-CV-899, 2007 WL 1723509, at *2 (S.D. Ohio June 12, 2007) (mere suspicion that defendant was withholding ESI is an insufficient basis to permit discovery on discovery, including forensic searches of defendant's computer systems, network servers, and databases). Indeed, even the case upon which Plaintiffs primarily rely on this point required a particularized showing of need before granting discovery. *Ruiz-Bueno v. Scott*, 2:12-CV-0809, 2013 WL 6055402, at *1 (S.D. Ohio Nov. 15, 2013) (allowing discovery into discovery only after a motion to compel demonstrated the need for the information). A standing order to preemptively turn over this information with no showing as to need for the information from a particular defendant cannot be justified.

There is no reason why Pharmacy Defendants should have to compromise their privacy and reputational interests by disclosing the existence and closure of government investigations, which is highly sensitive information. Plaintiffs have no response to *ACLU v. U.S. Dep't of Justice*, 750 F.3d 927, 933 (D.C. Cir. 2014), which recognizes the "potential [reputational and privacy] harm that may befall the acquitted" if news of the closed prosecution were to become publicly available. In response, Plaintiffs assert that defendants "assuredly will not find themselves in such a predicament by merely notifying the PEC when an opioid investigation is closed." Dkt. 3317 at 18. But notifying the PEC when an investigation is closed necessarily

requires informing the PEC that defendants were being investigated, thus infringing the strong privacy interests of "those charged with but not convicted of a crime." *ACLU*, 750 F.3d at 933.

The PEC describes *Ocasio v. U.S. Department of Justice* as "comically inapposite," Dkt. 3317 at 17, but aside from reciting the facts, they offer no argument distinguishing the case. *Ocasio* explains that under FOIA, law enforcement records are exempt from disclosure "to the extent that their disclosure 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.'" *Ocasio v. U.S. Dep't of Justice*, 70 F. Supp. 3d 469, 479 (D.D.C. 2014) (quoting 5 U.S.C. § 552(b)(7)(C)). And the case recognized that "[t]here is little question that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm." *Id.* at 480-81 (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991)). Because of Pharmacy Defendants' strong privacy interests, the PEC could not use FOIA to obtain information about closed investigations, and they should not be able to retrieve the same information through the discovery process, particularly given its (admitted) irrelevance to Plaintiffs' claims.

## CONCLUSION

For these reasons and those set forth in the Objection, this Court should vacate Discovery Ruling No. 22 and the Order Regarding Requested Modifications to Discovery Ruling No. 22 or, at a minimum, vacate the portion of the order requiring disclosure of closed investigations.

Dated:  June 8, 2020                    Respectfully submitted,

/s/   Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

8

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-4824
Fax: (215) 963-5001
E-mail: john.lavelle@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*

/s/   Tara A. Fumerton (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/    Alexandra W. Miller (consent)
Alexandra W. Miller
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: smiller@zuckerman.com
E-mail: edelinsky@zuckerman.com

*Attorneys for CVS Indiana, LLC. and CVS Rx Services, Inc.*

/s/    Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400

Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreen Co. and Walgreen Eastern Co.*

/s/  Timothy D. Johnson (consent)
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Attorneys for Discount Drug Mart, Inc.*

/s/  Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

## CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on June 8, 2020.

<div style="margin-left:3em">

/s/ Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*

</div>