# Exhibit A



Paul B. Hynes, Jr.
PARTNER
Zuckerman Spaeder LLP
phynes@zuckerman.com
+1.202.778.1890

April 17, 2020

**VIA E-MAIL**

Special Master David R. Cohen
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
David@SpecialMaster.Law

      Re:    <u>*In re National Prescription Opiate Litigation*</u>, MDL No. 2804

Dear Special Master Cohen:

      We write on behalf of the Pharmacy Defendants.  Last week you asked the parties to submit position papers regarding whether, in connection with Amended Discovery Ruling No. 22 ("DR 22"), the Pharmacy Defendants should be required to identify pending federal investigations.  In the interim, the Sixth Circuit issued a ruling on the Pharmacy Defendants' mandamus petition.  The Sixth Circuit's ruling requires that DR 22 be vacated.  DR 22 is not based on the needs of a particular case.  And because it requires the production of jurisdiction-specific documents that are not broadly relevant to cases in the MDL, DR 22 cannot be saved on the basis that it results in the MDL-wide efficiencies that are permitted by the Sixth Circuit's ruling.

      Even if DR 22 survives, plaintiffs' request that the Pharmacy Defendants identify pending federal investigations should be denied.  Requiring the disclosure of such information would not advance the needs of this litigation.  The Special Master has made clear that responsive documents should not be withheld simply because they were produced in connection with pending federal investigations.  Plaintiffs do not need to know about the existence of pending federal investigations, and disclosure would prejudice the Pharmacy Defendants and interfere with the conduct of the investigations.  Plaintiffs' request, to the extent it is considered, should be denied.

**I.**      <u>**DR 22 Should Be Vacated**</u>**.**

      In its ruling this week, the Sixth Circuit made clear that broad discovery rulings untethered to the needs of a particular case violate the Federal Rules of Civil Procedure (the "Federal Rules"). While this Court may "create efficiencies and avoid duplication . . . across cases within the MDL," it may not "distort or disregard the rules of law applicable to each of those cases." *In re Nat'l Prescription Opiate Litig.*, 2020 WL 1875174, at *1 (6th Cir. Apr. 15, 2020).  Each case in the

MDL "retains its individual character," and discovery rulings "in an individual case must be based" on the Federal Rules "as applied to the record in that case alone." *Id.* Whether discovery is proportional under Rule 26(b)(1) "must be based on the needs of the particular case in which the discovery is ordered." *Id.* at *5. Efficiencies may be achieved "in the MDL generally" but only within the framework of the Federal Rules and only where "the needs of some cases are the same as those of many others." *Id.* at *4-*5.

DR 22 violates these legal principles and must be vacated. DR 22 is not based on the needs of a particular case in the MDL. It is, instead, a blanket discovery order that applies to "all defendants in all MDL cases" regardless of whether those defendants are litigating in an active MDL case and without regard to any particular plaintiff's needs. Dkt. No. 3178. The prior productions required by DR 22 do not create efficiencies, nor do they avoid duplication. Prior productions related to the distribution or dispensing of opioids in particular jurisdictions do not have broad relevance to cases in the MDL. This is especially true for prior productions related to the dispensing of opioids. Those productions often involve documents concerning prescriptions filled by pharmacies in a particular jurisdiction, such as documents related to individual patients, prescribers, or pharmacists. These documents have no relevancy whatsoever to most cases in the MDL (many of which do not even have dispensing claims).[1] Requiring the production of such granular documents related to discrete conduct occurring in different jurisdictions is not proportional to the needs of a particular case and does not achieve the MDL-wide efficiencies contemplated by the Sixth Circuit. Nor are prior productions from matters that closed years ago easy to locate and produce.

Further, the only prior productions that arguably achieve MDL-wide efficiencies are prior productions of nationwide policies and procedures. But nationwide policies and procedures have already been subject to discovery in the MDL. Therefore, no part of DR 22 should survive the Sixth Circuit's ruling, and it should be vacated in its entirety.

---

[1] Prior productions related to dispensing became part of DR 22 without any request from plaintiffs and without any opportunity for the Pharmacy Defendants to brief the issue. *Compare* Dkt. No. 2576 at 1 (plaintiffs requested prior productions made in matters "regarding the marketing, sales, or distribution of Opioids"), *with id.* at 4 (ordering production of prior productions made in matters "regarding the marketing, sales, distribution, *or dispensing* of Opioids") (emphasis added).

## II. The Pharmacy Defendants Should Not Have to Disclose Pending Federal Investigations.

Even if DR 22 is not vacated, there is no reason to require Pharmacy Defendants to disclose pending federal investigations. Such disclosures would not advance the needs of this litigation. They also would prejudice the Pharmacy Defendants.

### A. The Pharmacy Defendants Already Are Required to Produce Responsive Documents from Pending Federal Investigations.

Plaintiffs' request for identification of pending federal investigations is wholly unnecessary. As DR 22 makes clear, the fact that relevant documents have been produced in pending federal investigations does not shield them from discovery:

> [A] Defendant's production of documents to the federal government in connection with an ongoing investigation does not inoculate those documents from discovery if production is otherwise appropriate. In other words, the Special Master agrees a Defendant should not have to automatically produce in the MDL a document it produced to the DOJ pursuant to a new or ongoing investigation, but the Defendant does still have to produce that document in the MDL if it is also responsive to another discovery request.

(Dkt. No. 2712 at 1-2.) DR 22, therefore, already imposes an obligation on the Pharmacy Defendants to produce documents produced in pending federal investigations that are responsive to discovery requests (as objected to and narrowed by the parties and the Court). There is no reason to expand it.

### B. Plaintiffs Have Waived Their Right to Challenge DR 22.

The only reason plaintiffs say they need to know about pending federal investigations is so they can determine whether to challenge DR 22's exclusion of those investigations.[2] Plaintiffs already know of some pending federal investigations and do not need more information in order to decide whether to bring a challenge.

---

[2] Tr. at 68:18-23, Mar. 9, 2020 ("[A] listing is important, so we can determine whether or not we want the challenge. Because in the absence of that, we don't know if we want to challenge it.").

More importantly, however, plaintiffs have *waived* their right to challenge DR 22's exclusion of pending federal investigations.  Plaintiffs' deadline for submitting a challenge was *over six months ago*.  Dkt. No. 2712 at 3 ("Any objections to this Ruling must be filed . . . on or before October 10, 2019.").  And their contemplated challenge is not based on any new intervening authority.

Even if plaintiffs' anticipated challenge were somehow permitted, it would be futile.  The exclusion of pending federal investigations from DR 22 was prompted by DOJ's concerns that disclosure of productions made in those investigations would reveal the thrust of, and result in interference with, those investigations.  E-mail from Natalie A. Waites (DOJ) to Special Master Cohen, Sept. 20, 2019.  Plaintiffs did not object to those concerns,[3] and the Special Master found them to be "valid."  Dkt. No. 2712 at 1.  There has been no change in facts or circumstances to alleviate DOJ's concerns, and an expansion of DR 22 certainly would not be appropriate in light of the Sixth Circuit's ruling.  Thus, no basis exists for modifying DR 22's exclusion of pending federal investigations.

        C.      <u>The Requested Information Is Not Relevant and Its Disclosure Would Prejudice the Pharmacy Defendants</u>.

Because responsive documents are required to be produced either way and a list of pending federal investigations would not facilitate an appeal of DR 22, the only remaining issue is whether the pendency of an investigation, standing alone, is relevant.  It clearly is not.  *See, e.g.*, *In re Urethane Antitrust Litig.*, 2010 WL 5287675, at *7 (D. Kan. Dec. 17, 2010) (the parties "have presented no persuasive argument or authority that information about an investigation into a possible conspiracy by plaintiffs (as opposed to plaintiffs' underlying actions) is relevant to a claim or defense in this litigation").  Indeed, plaintiffs themselves have resisted discovery into pending law enforcement investigations concerning the diversion of opioids *in their own jurisdictions*, contending that the details (and not just the existence) of such investigations have no relevance.  *See* Letter from James Ledlie (PEC) to Special Master Cohen at 4, Apr. 17, 2019.  In any event, even if the existence of pending federal investigations were somehow relevant, it would not be admissible at trial.  *See, e.g.*, *Park West Galleries, Inc. v. Global Fine Art Registry*, 2010 WL 848689, at *2 (E.D. Mich. Mar. 8, 2010) ("The Court finds that the prejudice of ongoing criminal or governmental investigations substantially outweighs whatever probative value that evidence might yield.").

---

[3]     Plaintiffs merely asked DOJ to clarify whether its concerns applied to sworn statements produced by the federal government to a defendant during a pending investigation.  *See* E-mail from Paul Farrell (PEC) to Natalie A. Waites (DOJ), Sept. 20, 2019.

While providing a list of pending federal investigations would not advance any legitimate needs of this litigation, it would prejudice the Pharmacy Defendants, and it would risk interference with the conduct of pending investigations—the exact concern raised by DOJ when it sought to limit DR 22 to closed federal investigations. Keeping pending federal investigations confidential promotes fairness by protecting the reputation of parties whose rights have not been adjudicated. *See, e.g.*, *John Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9, 19 (D.D.C. 2016) ("[T]he disclosure of an ongoing government investigation, even if not criminal and even if not subject to a statutory or regulatory prohibition, can cause substantial and unfair injury."). It also protects investigations from outside interference. Requiring the Pharmacy Defendants to disclose pending, non-public investigations would threaten fair and effective government enforcement. Plaintiffs' request for the disclosure of such investigations should be denied.

***

For the foregoing reasons, DR 22 should be vacated. To the extent it survives, the Pharmacy Defendants should not be required to identify pending federal investigations.

    Sincerely,

    */s/ Paul B. Hynes, Jr.*

    Paul B. Hynes, Jr.

cc: All Counsel of Record