UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) | MDL 2804 |
| ) | |
| ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge Dan Aaron Polster |
| *All Cases* ) | |
| ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Pharmacy Defendants' Objection to the Special Master's Order Regarding Requested Modifications to Discovery Ruling No. 22 (Doc. #: 3291). Doc. #: 3299. Pharmacy Defendants ask the Court to vacate both that order and Discovery Ruling No. 22. For the reasons stated below, Pharmacy Defendants' Objections are **OVERRULED IN PART** and **SUSTAINED IN PART**.

Nine months ago, on September 6, 2019, Special Master Cohen issued Discovery Ruling No. 22 ("DR 22"). Doc. #: 2576. The Ruling requires MDL Defendants to produce into the MDL Repository documents they have produced in any court case, state government investigation, or closed federal government investigation concerning the marketing, sales, distribution, or dispensing of opioids.[1] The Special Master issued a limiting amendment to DR 22 on October 3, 2019.[2] Doc. #: 2712. Defendants did not file any objection to DR 22 or the amendment.[3]

---

[1] DR 22 addressed and made ongoing a similar obligation initially imposed by the Court in CMO-1, Doc. #: 232 at 15, ¶9.k.ii.

[2] The DR 22 amendment states Defendants are not required automatically to produce in the MDL documents produced in ongoing investigations due to the possible sensitive nature of such investigations. Doc. #: 2712 at 1–2.

[3] Pharmacy Defendants sought clarification from the Special Master regarding DR 22 but did not object to the requirements they now contest. Doc. #: 3317 at 6–7. No Defendant previously filed any objection with the Court.

In April 2020, Plaintiffs and Pharmacy Defendants sought modifications of DR 22. Pharmacy Defendants urged that, in light of the Sixth Circuit's mandamus ruling, DR 22 should be modified or overruled because it applies without regard to any particular plaintiff's needs and requires production of documents that do not have broad relevance to cases in the MDL.[4] *See* Doc. #: 3291 at 3–4. Special Master Cohen rejected this request, finding Pharmacy Defendants' argument belied by the procedural and substantive history of the case, which demonstrates the efficiencies created by producing in the MDL broadly relevant information. *Id.* at 4–5. As for Plaintiffs, they asked that Defendants be required to identify the *existence* of any ongoing opioid-related federal investigations. *Id.* at 2. Special Master Cohen denied the full breadth of this request and instead ordered Defendants only to inform the Plaintiffs' Executive Committee of the *conclusion* of any relevant federal investigation. Doc. #: 3291. Pharmacy Defendants now object to both rulings. Doc. #: 3299.

Pharmacy Defendants' first objection is to the Special Master's ruling declining to vacate DR 22. This objection effectively is one to DR 22 itself, as Pharmacy Defendants request that the Court vacate DR 22 entirely. Doc. #: 3299 at 5. Defendants long ago waived this objection and therefore it is overruled. At the outset of this MDL, the Court set forth the procedure for objecting to Special Master rulings. Doc. #: 69 at 4. A party may file an objection within 21 days of a ruling, and "failure to meet this deadline results in permanent waiver of any objection." *Id.* Absent timely objection, a Special Master's ruling is deemed ordered by the Court. *Id.* Thus, no prior objections

---

[4] The Sixth Circuit ordered the Court to strike the Track One-B Plaintiffs' amended complaints, finding the decision to grant leave to amend was contrary to the Federal Rules of Civil Procedure. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020). This ruling rendered moot the Pharmacy Defendants' challenge to the Court's order regarding nationwide discovery of dispensing data. *Id.* at 846.

to DR 22 or the amendment having been filed, they have been orders of the Court for over eight months.

Moreover, the Court finds nothing in the Sixth Circuit's mandamus ruling that mandates vacating DR 22. The Sixth Circuit counseled that the requirement that discovery be proportional to the needs of the particular case in which it is ordered "does not prevent the MDL court from creating efficiencies in the MDL generally; to the contrary, presumably the very reason the cases were transferred to the MDL court in the first place is that the needs of some cases are the same as those of many others." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 846. Discovery Ruling 22 is consistent with this principle and undoubtedly promotes efficiency by requiring Defendants to reproduce in the MDL documents and information they already have produced elsewhere. Furthermore, the key word is "*re-*produce" – the information that DR 22 requires Defendants to produce in the MDL is discovery that Defendants have already located, collected, filtered for privilege, and produced elsewhere. The burden imposed by DR 22 is virtually zero.

As the Special Master stated, from the outset of the MDL, Defendants committed to and engaged in producing to the MDL Repository documents from related cases and investigations and have thus avoided the cost and burden of responding to numerous duplicative discovery requests. Doc. #: 3291 at 4 (citing CMO-1, Doc. #: 232 at 15, ¶9.k.ii). Indeed, this centralized discovery is a core purpose of the creation of this MDL. *See* 28 U.S.C. § 1407 (providing for "consolidated pretrial proceedings" in cases involving "common questions of fact" for the "convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions"); *JPML Transfer Order*, Doc. #: 328 at 3 ("[C]entralization will substantially reduce the risk of duplicative discovery [and] minimize the possibility of inconsistent pretrial obligations."). The use of a

3

document repository for common discovery—a routine practice in MDLs[5]—undeniably has fostered efficiency and has been a tremendous convenience to the parties (and the Court).[6] Nothing in DR 22 is inconsistent with these objectives or with the Sixth Circuit's guidance; it remains an effective and appropriate order.[7]

Pharmacy Defendants' second objection to the Special Master's Ruling is that, even if the Court does not vacate DR 22, it should not require Defendants to inform Plaintiffs of the conclusion of any federal investigation because this information is not relevant and thus is beyond the proper scope of discovery.[8] The Court finds this objection well taken and reverses the Special Master's Ruling on this point.

Neither the Special Master nor Plaintiffs identified any relevance that the fact of a closed investigation has to the claims or defenses in a particular case. Plaintiffs make the attenuated argument that the information is relevant because, upon an investigation's closure, materials from the investigation become discoverable; and Plaintiffs point to a closed criminal investigation of Walmart that Walmart did not disclose. Doc. #: 3317 at 15. Acknowledging Defendants already have an obligation under DR 22 to produce the investigative materials, Plaintiffs suggest the disclosures are necessary to confirm completeness of Defendants' document productions. *Id.* at

---

[5] *See, e.g.*, *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 933 (N.D. Ohio 2003) (referring to a records repository containing documents from all related state and federal cases); *In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92, 2011 WL 2732563, at *1–2 (S.D.N.Y. July 8, 2011).

[6] The efficiencies and convenience extend to the parties and courts in related state court cases and federal court cases that have been or will be remanded from the MDL.

[7] Pharmacy Defendants attempt to distinguish the requirements of DR 22 from common discovery by arguing it involves local conduct that has "no conceivable relevance" outside a particular jurisdiction. Doc. #: 3231 at 4. But local conduct has relevance to key issues regarding the adequacy and implementation of nationwide policies and procedures, which Pharmacy Defendants do not dispute are relevant throughout the MDL. Doc. #: 3299 at 3–4.

[8] This objection is timely, as this obligation was imposed by the Special Master's recent modification of DR 22. Doc. #: 3291 at 3.

4

20. But the stated aim of confirming discovery compliance does not make the fact of a closed investigation relevant.[9] If Plaintiffs are concerned Defendants are not meeting their discovery obligations, they can file a motion to compel. And Defendants are hereby reminded of their obligation. As such, the Court will not impose a broad requirement that Defendants disclose that an investigation has closed.

Based on the foregoing, the Court **OVERRULES** Pharmacy Defendants' objection to the Special Master's ruling declining to vacate DR 22. The Court **SUSTAINS** the Pharmacy Defendants' objection to the Special Master's ruling that Defendants must notify Plaintiffs regarding closed investigations.

**IT IS SO ORDERED.**

    /s/ Dan Aaron Polster  June 15, 2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[9] Pharmacy Defendants correctly point out that the case on which Plaintiffs primarily rely on this point addressed a motion to compel and required a particularized showing of the need for "discovery about discovery." *See Ruiz-Bueno v. Scott*, 2013 WL 6055402, at *3–4 (S.D. Ohio Nov. 15, 2013) ("[N]ot every case will justify directing counsel or a party to provide 'discovery about discovery.'").