## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

THIS DOCUMENT RELATES TO:

*The County of Trumbull v. CVS Health Corporation, et al.,*
Case No. 18-op-45079

*The County of Lake v. CVS Health Corporation, et al.,*
Case No. 18-op-45032

MDL No. 2804

Case No. 1:17-md-2804

Judge Dan Aaron Polster

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
<u>BY CVS HEALTH CORPORATION</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii
PRELIMINARY STATEMENT .............................................................................................1
BACKGROUND .....................................................................................................................2
LEGAL STANDARD..............................................................................................................4
ARGUMENT...........................................................................................................................4
      A.     There Is No Specific Jurisdiction over CVS Health Corporation in Ohio................5
      B.     There Is No General Jurisdiction over CVS Health Corporation in Ohio. ...............7
CONCLUSION........................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Best v. AT&T Inc.*,
  No. 1:12-cv-564, 2014 WL 12571407 (S.D. Ohio Sept. 16, 2014) .................................... 5, 6-7

*Bird v. Parsons*,
  289 F.3d 865 (6th Cir. 2002) ................................................................................................ 4

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017) ......................................................................................................... 8

*Buschle v. Coach, Inc.*,
  No. 1:16cv471, 2017 WL 1154089 (S.D. Ohio Mar. 28, 2017) ............................................. 4

*Callum v. CVS Health Corp.*,
  137 F. Supp. 3d 817 (D.S.C. 2015) .............................................................................. 1, 4, 6, 8

*Conn v. Zakharov*,
  667 F.3d 705 (6th Cir. 2012) ........................................................................................ 4, 5, 7, 8

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) ......................................................................... 1, 4, 6, 8

*Garlock v. Ohio Bell Tel. Co.*,
  No. 1:13CV02200, 2014 WL 2006781 (N.D. Ohio May 15, 2014) ..................................... 5, 6

*MacDonald v. Navistar Int'l Transp. Corp.*,
  143 F. Supp. 2d 918 (S.D. Ohio 2001) .................................................................................. 7

*Smith v. Turfway Park*,
  No. 3:97-145 (Mar. 13, 1998) (Rice, J.) ................................................................................. 7

*Tarkett USA, Inc. v. Harnix Corp.*,
  No. 1:16CV2400, 2017 WL 2443139 (N.D. Ohio June 6, 2017) .......................................... 7

*Theunissen v. Matthews*,
  935 F.2d 1454 (6th Cir. 1991) ............................................................................................... 4

## PRELIMINARY STATEMENT

This motion is straightforward—CVS Health Corporation should not be a party to this litigation. Plaintiffs[1] sued multiple CVS entities, including CVS Health Corporation, asserting claims relating to the distribution and dispensing of prescription opioids by certain CVS Health Corporation subsidiaries. Plaintiffs do not sue CVS Health Corporation for any actions it took in Ohio, instead relying on the alleged actions of other CVS entities.

CVS Health Corporation does not distribute or dispense prescription opioids. In fact, it does not provide or offer any product or service or place into the stream of commerce any product or service. CVS Health Corporation is a holding company, with no operations other than those related to its status as a holding company. Plaintiffs' claims do not arise out of any action taken by CVS Health Corporation, let alone any action that took place in Ohio. Personal jurisdiction therefore does not lie.

Other courts have dismissed CVS Health Corporation for lack of personal jurisdiction for the same reason CVS Health Corporation should be dismissed from these cases—it is a holding company with no relevant forum-state contacts. *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979–84 (N.D. Cal. 2016); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 835–37 (D.S.C. 2015). Just as in *Corcoran*, Plaintiffs here fail to provide any "allegations or evidence to support an assertion that CVS Health"—as opposed to one of its subsidiaries—"had any direct involvement in the scheme alleged" in their Supplemental Complaints. 169 F. Supp. 3d at 981. CVS Health Corporation should be dismissed. Indeed, Plaintiffs' counsel in this

---

[1] "Plaintiffs" refers to the County of Lake and the County of Trumbull, collectively. The County of Lake filed its Supplemental and Amended Allegations to be Added to "Short Form for Supplementing Complaint and Amended Defendants and Jury Demand" on June 5, 2020 (the "Lake Supp. Compl."). The County of Trumbull filed its Supplemental and Amended Allegations to be Added to "Short Form for Supplementing Complaint and Amended Defendants and Jury Demand" on June 5, 2020 (the "Trumbull Supp. Compl.").

multi-district litigation and in opioid-related state cases have voluntarily dismissed CVS Health Corporation on many occasions, including from the Track One cases, after it raised the same jurisdictional arguments that it asserts here.[2]

## BACKGROUND

Plaintiffs sued multiple CVS entities, including CVS Health Corporation and CVS Pharmacy, Inc.[3] CVS Pharmacy, Inc. is the main operating entity within the CVS family of companies, while CVS Health Corporation is a holding company with no operations other than those related to its status as a holding company. Ex. A, Declaration of Thomas S. Moffatt in Support of CVS Health Corporation's Motion to Dismiss ("Moffatt Decl.") ¶¶ 4, 6. Plaintiffs "collectively refer[] to [all of the CVS defendants] as 'CVS'" throughout their Supplemental Complaints. Trumbull Supp. Compl. ¶ 27; Lake Supp. Compl. ¶ 28. CVS Health Corporation contests jurisdiction. CVS Pharmacy, Inc., CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., and Ohio CVS Stores, L.L.C. do not contest jurisdiction.

Plaintiffs allege that the Court has personal jurisdiction over "all Defendants" because Plaintiffs' causes of action arise out of "each Defendants' transacting business in Ohio, contracting to supply services or goods in this state, [or] causing tortious injury by an act or

---

[2] *See, e.g.*, *County of Cuyahoga v. Purdue Pharma L.P.*, No. 17-op-45004 (N.D. Ohio June 20, 2018) (Docket Text Order); *County of Summit v. Purdue Pharma L.P.*, No. 18-op-45090 (N.D. Ohio June 20, 2018) (Docket Text Order); *City of Chicago v. Cardinal Health, Inc.*, No. 18-op-45281 (N.D. Ohio July 16, 2018) (Dkt. No. 24); *Broward County, Florida v. Purdue Pharma L.P.*, No. 18-op-45332 (N.D. Ohio July 16, 2018) (Dkt. No. 59); *West Boca Med. Ctr., Inc. v. AmerisourceBergen Drug Corp.*, No. 18-op-45530 (N.D. Ohio July 27, 2018) (Dkt. No. 48); *The Muscogee (Creek) Nation v. Purdue Pharma L.P.*, No. 18-op-45459 (N.D. Ohio Oct. 5, 2018) (Dkt. No. 85); *In re Opioid Litig.*, Index No. 400000/2017 (N.Y. Sup. Ct. Apr. 24, 2019) (Dkt. No. 971); *In re: South Carolina Opioid Litig.*, C.A. 2018-CP-23-01294 (S.C. Ct. Common Pleas Nov. 22, 2019); *Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. 24-C-18-000515 (Md. Cir. Ct. Mar. 12, 2019).

[3] The County of Trumbull sued CVS Health Corporation, CVS Pharmacy, Inc., CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., and Ohio CVS Stores, L.L.C. Trumbull Supp. Compl. ¶¶ 24–27. The County of Lake sued CVS Health Corporation, CVS Pharmacy, Inc., CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., Omnicare Distribution Center, L.L.C., and Ohio CVS Stores, L.L.C. Lake Supp. Compl. ¶¶ 24–28.

omission in this state" and because Defendants "regularly do or solicit business or engage in a persistent course of conduct or deriving substantial revenue from goods used or consumed or services rendered in this state."  Trumbull Supp. Compl. ¶ 21; Lake Supp. Compl. ¶ 21.  As to CVS Health Corporation specifically, Plaintiffs allege that "CVS Health, through its various DEA registered subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor and also operates retail stores, including in and around Plaintiff's geographical area, that sell prescription medicines, including opioids."  Trumbull Supp. Compl. ¶ 24; Lake Supp. Compl. ¶ 24.

Plaintiffs do not allege that CVS Health Corporation itself distributed or dispensed prescription opioids or had any contacts with Ohio.  For good reason.  CVS Health Corporation is a holding company with no operations other than those related to its status as a holding company.  Moffatt Decl. ¶ 4.  CVS Health Corporation does not hold, and has never held, a distributor or pharmacy license in Ohio.  *Id.* ¶ 7.  It does not distribute or dispense prescription opioids.  *Id.* ¶ 10.  In fact, CVS Health Corporation does not provide or offer any product or service, or place into the stream of commerce any product or service.  *Id.*

CVS Health Corporation does not have any offices, facilities, assets, income, employees, or operations in Ohio.  *Id.* ¶ 7.  None of its limited business functions regularly occur in Ohio.  *Id.*  It is organized under the laws of Delaware and maintains it principal place of business in Rhode Island.  *Id.* ¶ 5.  It is not qualified as a foreign corporation under the laws of Ohio, does not have a registered agent for service of process in the State, and is not regulated by any Ohio state agency.  *Id.* ¶ 7.

CVS Health Corporation is a separate and distinct company from its subsidiaries, each of which observe and enforce corporate formalities.  *Id.* ¶ 11.  It does not have any direct

3

involvement in directing, managing, or supervising the operations or employees of any of its subsidiaries. *Id.* ¶ 9. Nor does it direct or manage the day-to-day operations of any of its subsidiaries. *Id.*

## LEGAL STANDARD

Plaintiffs have the burden of establishing that personal jurisdiction exists over a non-resident defendant. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). "In the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction." *Buschle v. Coach, Inc.*, No. 1:16cv471, 2017 WL 1154089, at *2 (S.D. Ohio Mar. 28, 2017) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)); *see also Conn*, 667 F.3d at 711 (stating that a plaintiff must offer specific facts in support of jurisdiction).

## ARGUMENT

Where the Court's subject matter jurisdiction is based on a federal question, as Plaintiffs have alleged here,[4] personal jurisdiction is determined based on the forum state's long-arm statute and due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). The Due Process Clause permits two types of personal jurisdiction: (1) specific, where the cause of action arises from the defendant's conduct in the state; and (2) general, where the lawsuit does not arise from the defendant's contacts. *Conn*, 667 F.3d at 712–13. Neither applies here. *See Corcoran*, 169 F. Supp. 3d at 981 (rejecting both general and specific jurisdiction over CVS Health Corporation in California); *Callum*, 137 F. Supp. 3d at 836–37 (rejecting both general and specific jurisdiction over CVS Health Corporation in South Carolina).

---

[4] *See* Trumbull Supp. Compl. ¶ 20; Lake Supp. Compl. ¶ 20.

4

### A. There Is No Specific Jurisdiction over CVS Health Corporation in Ohio.

In Ohio, personal jurisdiction over a non-resident defendant exists only if the long-arm statute confers jurisdiction and jurisdiction is proper under the Due Process Clause. *Conn*, 667 F.3d at 711; *see also Garlock v. Ohio Bell Tel. Co.*, No. 1:13CV02200, 2014 WL 2006781, at *3 (N.D. Ohio May 15, 2014). Because Ohio's long-arm statute does not extend to the constitutional limits of the Due Process Clause, jurisdiction under the long-arm statute is a threshold issue. *Conn*, 667 F.3d at 712; *Garlock*, 2014 WL 2006781, at *3. Specific jurisdiction exists only where the cause of action arises out of the defendant's contacts with the forum. *Conn*, 667 F.3d at 712-13.

Plaintiffs' allegations do not (and cannot) satisfy Ohio's long-arm statute. Plaintiffs do not allege that CVS Health Corporation itself (as opposed to its subsidiaries) transacted business in Ohio, contracted to supply services or goods in the State, or caused tortious injury in the State. Ohio Rev. Code § 2307.382. Plaintiffs' use of the defined term "CVS" to refer to all of the CVS Defendants without specificity does not alter the result. CVS Health Corporation is a separate and distinct company from its subsidiaries. Moffatt Decl. ¶ 11; *see Best v. AT&T Inc.*, No. 1:12-cv-564, 2014 WL 12571407, at *7 (S.D. Ohio Sept. 16, 2014) (no specific jurisdiction over holding company because there was "simply no evidence showing that AT&T Inc., as an entity separate and apart from the conduct of its subsidiaries and affiliates, has the minimum contacts with the State of Ohio necessary to establish that this Court has personal jurisdiction over it").

Plaintiffs allege that certain CVS entities distributed and dispensed prescription opioids in Ohio. Trumbull Supp. Compl. ¶¶ 3, 10; Lake Supp. Compl. ¶¶ 3, 10. CVS Health Corporation does not distribute or dispense prescription opioids, has never held a distributor or pharmacy license in Ohio, and has no direct involvement in the distribution or dispensing of prescription opioids in the State. Moffatt Decl. ¶¶ 7, 9–10. Plaintiffs appear to acknowledge that

5

CVS Health Corporation does not itself engage in the activities alleged in their respective Supplemental Complaints; instead they allege that CVS Health Corporation "conducts business" "*through* its various DEA registered subsidiaries and affiliated entities." Trumbull Supp. Compl. ¶ 24 (emphasis added); Lake Supp. Compl. ¶ 24 (emphasis added).

The fact that certain subsidiaries of CVS Health Corporation may distribute or dispense prescription opioids in Ohio does not change the fact that no jurisdiction exists over CVS Health Corporation. In *Corcoran v. CVS Health Corporation*, the Northern District of California dismissed CVS Health Corporation for lack of personal jurisdiction because the plaintiffs—just like Plaintiffs here—failed to provide any "allegations or evidence to support an assertion that CVS Health had any direct involvement in the scheme alleged in the [complaint]." 169 F. Supp. 3d at 981. The court also held that the California contacts of CVS Health Corporation's subsidiary—CVS Pharmacy, Inc.—could not be imputed to CVS Health Corporation for purposes of jurisdiction. *Id.* at 981–84.

*Corcoran* applies with equal force here. To hold otherwise would ignore the fact that CVS Health Corporation is a separate and distinct company from its subsidiaries. Moffatt Decl. ¶ 11; *see also Callum*, 137 F. Supp. 3d at 836–37 (finding no specific jurisdiction where CVS Health Corporation had only sporadic contacts that did not relate to the cause of action); *Garlock*, 2014 WL 2006781, at *3 (finding no specific jurisdiction over AT&T Inc., a holding company, and noting that evidence offered by the plaintiff "shows that it is AT & T Inc.'s subsidiaries and affiliates that are conducting business in Ohio, not AT & T Inc. itself"); *Best*, 2014 WL 12571407, at *7 (no specific jurisdiction over holding company because there was

6

"simply no evidence showing that AT&T Inc., as an entity separate and apart from the conduct of its subsidiaries and affiliates, has the minimum contacts with the State of Ohio").[5]

### B.  There Is No General Jurisdiction over CVS Health Corporation in Ohio.

Plaintiff does not appear to allege that the Court may exercise general jurisdiction over CVS Health Corporation, and no such jurisdiction exists.  CVS Health Corporation is a Delaware corporation with its principal place of business in Rhode Island.  Moffatt Aff. ¶ 5.  CVS Health Corporation does no business in Ohio, and does not have any offices, facilities, assets, income, employees, or operations in the State.  *Id.* ¶ 7.  There is no ground whatsoever to subject CVS Health Corporation to general jurisdiction in Ohio.

In the first place, "Ohio law does not appear to recognize general jurisdiction over non-resident defendants."  *See Conn*, 667 F.3d at 717; *Tarkett USA, Inc. v. Harnix Corp.*, No. 1:16CV2400, 2017 WL 2443139, at *4 (N.D. Ohio June 6, 2017) (quoting *Conn*, 667 F.3d at 717); *MacDonald v. Navistar Int'l Transp. Corp.*, 143 F. Supp. 2d 918, 923 (S.D. Ohio 2001) ("[E]ven though the due process clause allows for general jurisdiction, Ohio's long-arm statute precludes general personal jurisdiction in this forum." (citing *Smith v. Turfway Park*, No. 3:97-145, Doc #13 (Mar. 13, 1998) (Rice, J.)).  "[I]t is clear that under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant *only if* specific jurisdiction can be found under . . . Ohio's long-arm statute."  *Conn*, 667 F.3d at 718 (emphasis added).  Because, as

---

[5] For the same reasons, personal jurisdiction is improper under the Due Process Clause, which looks to whether: (1) the defendant has purposefully availed itself of the privilege of acting in the forum; (2) the cause of action arises out of the defendant's activities in the state; and (3) whether there is a substantial enough connection with the forum to make jurisdiction reasonable.  *Conn*, 667 F.3d at 713.  CVS Health Corporation engages in only limited activities relating to its status as a holding company.  Plaintiffs' causes of action do not arise out of these activities, which did not take place in Ohio.  CVS Health Corporation did not avail itself of the privileges of Ohio and cannot be said to have a substantial connection at all to the state, where it has no property, assets, employees, operations, or income from Ohio.

explained above, specific jurisdiction under the long-arm statute does not exist, there is no jurisdiction over CVS Health Corporation.

Even if Ohio recognized general jurisdiction, it would not apply to CVS Health Corporation. Corporations are only subject to general jurisdiction where "their affiliations . . . are so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (citation omitted). A corporate defendant is usually only at home in its state of incorporation and its principal place of business. *Id.* Ohio is neither CVS Health Corporation's state of incorporation nor its principal place of business and general jurisdiction therefore does not exist. *See Corcoran*, 169 F. Supp. 3d at 980–81 (no general jurisdiction over CVS Health Corporation where plaintiffs alleged that CVS Health Corporation "has a substantial number of pharmacies, maintains two distribution centers, and solicits employees in California"); *Callum*, 137 F. Supp. 3d at 837 (no general jurisdiction over CVS Health Corporation notwithstanding the guaranty of leases on property in the state, the payment of settlement proceeds to the state, and an agreement to monitor day-to-day compliance activities of subsidiaries in the state); *BNSF*, 137 S. Ct. at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state); *Conn*, 667 F.3d at 718–19 (owning property, vehicles, and bank account in Ohio; traveling to Ohio on a yearly basis; and engaging in unrelated litigation in Ohio insufficient for general jurisdiction).

## CONCLUSION

For the foregoing reasons, CVS Health Corporation respectfully requests that the Court dismiss the claims against it with prejudice.

Date: June 16, 2020

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Health Corporation*

## LOCAL RULE 7.1(f) CERTIFICATION

The Court's Track Three Case Management Order ¶ B.5, Dkt. No. 3325 (June 5, 2020), states that the page limits for memoranda of motions to dismiss on jurisdictional grounds shall be subject to Local Rule 7.1(f).  Under the Court's Case Management Order One ¶ 2.h, Dkt. No. 232 (Apr. 11, 2018), the page limits applicable to complex cases shall apply to the length of memoranda filed in support of motions.  Rule 7.1(f) states that memoranda related to dispositive motions in complex cases may not exceed thirty pages.

I, Eric Delinsky, hereby certify that this *Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction by CVS Health Corporation* complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Date: June 16, 2020

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 16, 2020, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Eric R. Delinsky*
Eric R. Delinsky
