# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Dan Aaron Polster |
| *All Cases* | ) |
| | ) **ORDER** |
| | ) |

Before the Court is Plaintiffs' *Motion for Leave to Take Discovery of Pharmacy Defendants' Nationwide Dispensing Data*, **Doc. #: 3301**. On June 8, 2020, Pharmacy Defendants timely filed a *Response in Opposition*, Doc. #: 3330, and on June 15, 2020, Plaintiffs' timely filed a *Reply*, Doc. #: 3336. For the reasons that follow, Plaintiffs' Motion is **DENIED**.

## BACKGROUND

When Track One settled,[1] it became clear that the dispensing conduct and policies of the National Retail Pharmacy Defendants in this MDL would be of vital importance to many of the roughly 3,000 MDL cases going forward, and also to global resolution of the opioid litigation. Therefore, in an effort to economically and efficiently resolve dispensing-related issues, on November 19, 2019, the Court granted a motion by Summit and Cuyahoga Counties to amend their operative complaints to add dispensing claims. *See Track One-B Case Management Order*, Doc. #: 2940. The goal was to take advantage of the nationwide ARCOS data and party-specific discovery already conducted in the Track One litigation to expedite resolution of issues related to

---

[1] Track One consists of *County of Summit, Ohio v. Purdue Pharma L.P.*, Case No. 18-OP-45090 and *County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004.

the Pharmacy Defendants' distribution and dispensing practices, without having to start over from scratch with a new case.

Shortly after granting Plaintiffs leave to amend, the Court ordered the Pharmacy Defendants to begin producing nationwide dispensing data. *See Order Regarding Scope of Track One-B*, Doc. #: 2976 at 2 ("[T]he Pharmacy Defendants shall produce transactional dispensing data for the entire United States from 1996 forward. . . . [T]he Pharmacy Defendants shall first produce Ohio data; then nearby regional data . . . ; and then roll out data for the rest of the country.").[2] The Pharmacy Defendants, however, petitioned the Sixth Circuit for a writ of mandamus, objecting to this Court's order allowing Plaintiffs' to amend their complaints to assert dispensing claims, and also objecting to the scope of discovery. The Sixth Circuit granted a limited stay, directing Pharmacy Defendants to produce Ohio dispensing data but suspending their obligation to produce data outside of Ohio. *See Appeal Order*, Doc. #: 3171 at 3. The Sixth Circuit subsequently directed this MDL Court to strike the dispensing amendments, rendering moot the need for the Pharmacy Defendants to continue production of any other dispensing data in Track One-B. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838 (6th Cir. 2020); Doc. #: 3262.

This MDL Court then established a new bellwether Track—Track Three—involving plaintiffs Trumbull County and Lake County, Ohio. *See Order Regarding Track 1B and Track Three*, Doc. #: 3261; *Order Regarding Track Three*, Doc. #: 3282. Track Three was created to mirror what Track One-B was intended to be: a comprehensive case to test all theories of liability against the Pharmacy Defendants. The Track Three Case Management Order states discovery produced in Track One-B is deemed produced in Track Three. *See Track Three Case Management*

---

[2] The scope of discovery was subsequently narrowed temporally. *See Order on Reconsideration Regarding Scope of Discovery in Track One-B*, Doc. #: 3055.

*Order*, Doc. #: 3329 at 1. The instant motion asks the Court to reinstitute the requirement placed on the Pharmacy Defendants in Track One-B—that is, to "produce transactional dispensing data for the entire United States."

## ANALYSIS

This Court has always believed that, at a minimum, transactional dispensing data for the entire state of Ohio is relevant and proportional to the needs of Track One-B. *See* Doc. ##: 2976; 3055; *Opinion and Order*, Doc. #: 3170; *see also Discovery Ruling Regarding Pharmacy Data Production*, Doc. #: 3106. The Sixth Circuit, although expressing some reservations about the proportionality of nationwide dispensing data, implicitly also concluded that the production of transactional dispensing data for Ohio was appropriate for Track One-B. *See Appeal Order*, Doc. #: 3171 at 3 (refusing to stay production of Ohio dispensing data) ("The burden imposed by producing [Ohio transactional dispensing] data is not so onerous as to justify a stay. We conclude that the relevant factors weigh in favor of staying *only* the production of regional and national transaction-related dispensing data." (emphasis added)). Thus, as it was for Track One-B, transactional dispensing data for Ohio is likewise relevant and proportional to the needs of Track Three.[3] Furthermore, it has already been produced,[4] and if the Track Three Plaintiffs' dispensing claims survive motions to dismiss, Plaintiffs may use that data to try to prove their claims.

---

[3] The Court notes, as it has in the past, that transactional dispensing data discovery is, and will continue to be, relevant to Plaintiffs' distribution claims. *See, e.g., Discovery Ruling No. 8*, Doc. #: 1055 ("dispensing information is still relevant to plaintiffs' distribution claims").

[4] The *Track Three Case Management Order*, Doc. #: 3329, contains a provision that was adopted by the Court pursuant to an agreement between the parties that "Defendants shall reproduce or release from sequester transactional dispensing data for stores located within Lake and Trumbull Counties, Ohio" Doc. #: 3329 at 3 (¶E.1.). To be clear, this order confirms that production of transactional dispensing data for *all of Ohio* is relevant and proportional to Track Three and must be produced.

The Sixth Circuit expressly did not reach the merits regarding the relevance and proportionality of the nationwide dispensing discovery the MDL Court ordered in Track One-B. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 846 (stating that striking the dispensing claims "renders the petition moot as to the other grounds on which the Pharmacies sought relief— namely, . . . that the court had ordered nationwide discovery of prescription data in a case where the parties could use very little of that data."); Doc. #: 3262 at 9. The Circuit Court did, however, provide some guidance to the MDL Court on the issue. The Sixth Circuit provided that "discovery is 'proportional to the needs of the case' under Rule 26(b)(1) [if]—per the terms of the Rule—[it is] based on the court's determination of the needs of *the particular case* in which the discovery is ordered." *Id.* (emphasis added).[5]

Considering Plaintiffs' request for nationwide dispensing discovery in the context of Track Three is, at best, premature. Pharmacy Defendants have filed a motion to dismiss the Track Three Plaintiffs' dispensing claims. *See* Doc. #: 3340. If the claims survive the motions to dismiss and Plaintiffs believe discovery of the Pharmacy Defendants' transactional dispensing data outside of Ohio is relevant and proportional to their dispensing claims, they may, of course, propound those requests. The Pharmacy Defendants will then have an opportunity to object to the scope of Plaintiffs' discovery requests, and the Special Master and the Court will have an opportunity to rule on those specific objections within the context of Track Three, applying Rule 26's relevance

---

[5] The unique procedural posture of the specific issue before the Sixth Circuit when it provided this guidance makes it difficult to extrapolate the Circuit's intent. The MDL Court finds it unlikely, however, that the Circuit intended to effect a sea-change in the way MDL discovery is generally conducted. That is likely why the Sixth Circuit tempered it's guidance by further providing that Rule 26 "does not prevent the MDL court from creating efficiencies in the MDL generally; to the contrary, presumably the very reason the cases were transferred to the MDL court in the first place is that the needs of some cases are the same as those of many others." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 846; Doc. #: 3262 at 9. One of the primary purposes of the MDL process is, of course, to avoid duplicative discovery. Requiring an MDL court to conduct separate, independent discovery for each particular case transferred into an MDL—as the Pharmacy Defendants have interpreted the Sixth Circuit's guidance—would completely defeat this primary purpose.

and proportionality requirements. That is the appropriate procedure under the Sixth Circuit's guidance and the Federal Rules, and the one this Court will follow. The Court declines at this time to issue a ruling on dispensing discovery untethered to the Track Three cases.

Accordingly, Plaintiffs' *Motion for Leave to Take Discovery of Pharmacy Defendants' Nationwide Dispensing Data*, Doc. #: 3301, is **DENIED**.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  June 17, 2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**