# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *All Cases* | ) | |
| | ) | **ORDER** |
| | ) | |

Plaintiffs' Executive Committee filed a Motion to Compel Defendant AmerisourceBergen to Produce Discovery Improperly Withheld and to Show Cause Why It Should Not Be Sanctioned for Its Discovery Misconduct. Doc. #: 3300. Defendant AmerisourceBergen ("ABDC") opposes the Motion. Doc. #: 3322. Plaintiffs filed a reply (Doc. #: 3332) and ABDC filed a sur-reply (Doc. #: 3342).

This multidistrict litigation was established to, in part, provide for consolidated discovery in what are now nearly 3,000 cases from around the country. *See JPML Transfer Order*, Doc. #: 328 at 3. The Track One cases—which ultimately included cases brought by Cuyahoga and Summit counties in Ohio—were the first to proceed to discovery over two years ago. Consequently, the proper scope of Track One discovery was the subject of considerable attention by the Court and the parties. In Discovery Ruling Nos. 2 and 3, Special Master Cohen ruled on the geographic scope and distinguished "Category One Discovery" and "Category Two Discovery." Category One includes Defendants' centralized, broadly applicable information, and the Special Master ordered the scope of this discovery is nationwide. *Discovery Ruling No. 2*, Doc. #: 693 at 4. Accordingly, in Track One, Defendants were required to produce on a nationwide basis documents related to marketing and promotion, brand planning and strategy, sales training and

sales bulletins, prescriber educational materials, distribution monitoring, advocacy groups, speakers bureau programs, continuing medical education, diversion, suspicious order reports, adverse event reports, and regulatory activity. *Id.* Category Two includes Defendants' decentralized, customer-specific materials, and ultimately the Special Master limited the scope of Category Two discovery to Summit and Cuyahoga counties only. *Id.*; *Discovery Ruling No. 3*, Doc. # 762 at 4.[1]

Just prior to the start of the Track One trial on October 21, 2019, the Plaintiffs reached a settlement with certain defendants, including ABDC, and the claims against those defendants were dismissed. Doc. #: 3268. The Court then implemented a "hub and scope" strategic remand process to more efficiently resolve various legal issues and claims in the MDL. *See Suggestions of Remand*, Doc. ##: 2941, 3059. Cases were remanded to three federal courts and have continued or will continue with discovery to supplement the common discovery obtained through the MDL. Several defendants, including ABDC, also are defending claims in state courts. Case Management Order One and Discovery Ruling No. 22 require Defendants to reproduce into the MDL Repository any documents produced in these federal and state court cases. Doc. #: 232 at 15, ¶9.k; Doc. #: 2576; *see also Amendment to Discovery Ruling No. 22*, Doc. #: 2712.

Plaintiffs' Executive Committee now asserts ABDC produced documents in the MDL Repository months after the Track One settlement that fall within Category One and should have been produced in Track One. The PEC states the documents are relevant, directly contradict factual and legal positions taken by ABDC, and/or pertain to witnesses previously deposed. In the Motion and reply brief, the PEC identifies 110 exemplar documents that it claims are evidence of a

---

[1] Initially, Category Two encompassed seven states. The Special Master later determined that, while evidence from these states would have relevance in Track One, the scope was not proportional to the needs of the case. Doc. #: 762 at 3–4.

"systematic failure" by ABDC to respond to discovery.[2] Doc. ##: 3300 at 3, 3332-1. Plaintiffs ask the Court to sanction ABDC for discovery misconduct.[3]

ABDC responds that it did not commit any discovery violations and asserts this is merely a good faith dispute over whether certain documents are responsive. Doc. #: 3322 at 10–11; Doc. #: 3342 at 4–5. ABDC provides varying reasons why it did not produce the 110 documents identified by Plaintiffs in Track One. Responding specifically regarding 19 documents it designates as examples, ABDC states: eight were produced in Track One[4]; a near duplicate of one was produced in Track One[5]; four did not include agreed search terms[6]; two fall within Category Two and outside the geographic scope of Track One[7]; and four were "deemed non-responsive during initial review and then subsequently deemed responsive when ABDC moved to broader global discovery" after Track One settled.[8] The latter two explanations illuminate the dispute, as Plaintiffs claim all documents easily fall within Category One and therefore should have been produced in Track One.

The Court agrees with the parties and the Special Master that perfection is not the standard for discovery in this extraordinarily complex litigation. *See* Doc. #: 3322 at 12 (citations omitted). However, good faith compliance with discovery obligations is expected from all parties and is critical to achieving a fair trial and/or a just resolution. As consolidated discovery is a primary purpose of this MDL, the MDL Court has an obligation to ensure it has been and continues to be

---

[2] Plaintiffs describe certain documents as being shared among ABDC's co-defendants, and those co-defendants also did not produce the documents in Track One discovery, but presently Plaintiffs only address alleged discovery misconduct by ABDC.
[3] Plaintiffs' Motion is labeled as a motion to compel, but as ABDC points out, Plaintiffs' are not seeking to compel the production of any documents.
[4] Doc. #: 3322 at 10 n.4.
[5] Doc. #: 3342 at 5 n.4.
[6] Doc. #: 3322 at 11 n.7; Doc. #: 3342 at 4 n.2.
[7] Doc: #: 3322 at 10–11 n.5.
[8] Doc. #: 3322 at 11 n.8.

conducted appropriately and fairly. Further, the fact that ABDC reached a settlement in Track One in October 2019 does not divest the Court of jurisdiction to address a possible violation of ABDC's discovery obligations.

On the present papers, the Plaintiffs have not convinced the Court that sanctions are warranted, but neither has ABDC convinced the Court that it did nothing wrong. Accordingly, the Court **ORDERS** ABDC to file by Wednesday, July 1, 2020, a supplemental response to the 110 documents identified by Plaintiffs. Regarding each document, ABDC shall state: (i) the date the document was created; (ii) the date the document was produced in the MDL; (iii) the date(s) the document was disclosed in other proceeding(s) and identity of the proceeding(s); (iv) whether the document falls within Category One, and if not, why not; (v) why the document was not produced in Track One; (vi) whether the document is in the custodial file of a witness deposed in Track One; and (vii) whether the document included agreed search terms. ABDC's supplemental response should not include any additional argument and should be limited only to the information listed above.

**IT IS SO ORDERED.**

 **/s/ Dan Aaron Polster  June 17, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

4