# EXHIBIT A

Nos. 17-2445/18-0101

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| EMILY KOLLARITSCH, et al., ) | |
| ) | |
|     Plaintiffs-Appellees, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHIGAN STATE UNIVERSITY BOARD OF ) | |
| TRUSTEES, et al., ) | |
| ) | |
|     Defendants-Appellants, ) | |
| ) | |
| and ) | |
| ) | |
| LOU ANNA K. SIMON, in her individual and ) | |
| official capacity as President of the Michigan State ) | |
| University, et al., ) | |
| ) | |
|     Defendants. ) | |
| ─────────────────────────────────── ) | |
| ) | |
| In re: MICHIGAN STATE UNIVERSITY ) | |
| BOARD OF TRUSTEES, et al., ) | |
| ) | |
|     Petitioners. ) | |

Before: BATCHELDER, GRIFFIN, and LARSEN, Circuit Judges.

In No. 17-2445, Denise Maybank appeals an interlocutory order denying her qualified immunity on an equal protection claim alleging deliberate indifference to peer-on-peer harassment. The remaining defendants, Michigan State University and its Board of Trustees (collectively "MSU"), urge the court to exercise pendent jurisdiction over the Title IX claims against them.

Plaintiffs Emily Kollaritsch, Shayna Gross, and Jane Roes 1 and 2 ("Plaintiffs") move to dismiss MSU's request for pendent jurisdiction. In No. 18-0101, MSU petitions for permission to appeal, under 28 U.S.C. § 1292(b), the district court's denial of its motion to dismiss Plaintiffs' Title IX claims alleging deliberate indifference to peer-on-peer harassment. Finally, in No. 18-0101, Plaintiffs move the court to take judicial notice of two news articles.

A district court may certify its decision for interlocutory appeal if, together with satisfying prudential concerns, it involves a controlling question of law as to which there is a substantial ground for a difference of opinion, and immediate appeal may materially advance the termination of the litigation. 28 U.S.C. § 1292(b); *In re Donald J. Trump*, 874 F.3d 948, 950–51 (6th Cir. 2017). Once the district court has certified an order, we may permit an appeal in our discretion, using these criteria and other prudential considerations as guiding factors. *In re Trump*, 874 F.3d at 951 (citing 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2002)).

As an initial matter, the plaintiffs argue that the district court improperly granted certification because it did not decide the merits of the certified questions in the first instance, rendering the certification order an improper request for an advisory opinion. But, the district court's partial denial of MSU's motion to dismiss squarely addressed the first certified question and necessarily decided it in the negative because it found the plaintiffs' pleading to be sufficient. And in any event, "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199, 205 (1996). We may consider all issues material to the certified order and necessary for disposition of the case. *Id.*; *accord Pinney Dock and Transp. Co. v. Penn Cent.*

*Corp.*, 838 F.2d 1445, 1454–55 (6th Cir. 1988). The district court's order is a decision on the merits for purposes of § 1292(b).

"The sufficiency of a complaint is a question of law." *In re Trump*, 874 F.3d at 951 (quoting *Ctr. for Bio-Ethical Reform, Inc., v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)). Whether the district court erred in denying in part MSU's motion to dismiss based on its conclusion that the plaintiffs were not required to plead further acts of discrimination in their complaint is a question of law. It is controlling because clarifying the pleading requirement will "materially affect" whether the Title IX claims can proceed. *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). We have not directly addressed whether a plaintiff must plead further acts of discrimination to allege deliberate indifference to peer-on-peer harassment under Title IX.

Other circuits' holdings on this issue indicate potential conflict with the district court's decision. *See, e.g.*, *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1058 (8th Cir. 2017); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1296 (11th Cir. 2007). And the Tenth Circuit granted leave to appeal under § 1292(b) on this same issue in September 2017; that appeal is pending. *See Weckhorst v. Kan. State Univ.*, 241 F. Supp. 3d 1154 (D. Kan. 2017), *appeal docketed*, No. 17-3208 (10th Cir. Sept. 26, 2017).

An immediate appeal has the potential to dispose of one of the Plaintiff's Title IX claims, and, regardless, clarification of the pleading standard would shape the discovery process for the remaining Title IX claims and the arguments advanced at the summary judgment stage. Lastly, it is prudent to review this issue on appeal together with Maybank's qualified immunity claim. Because § 1292(b) is the preferred vehicle for interlocutory appeals, and we are granting an appeal, we decline to address MSU's request for pendent jurisdiction as moot.

Case: 1:17-md-02804-DAP Doc #: 3347-1 Filed: 06/22/20 5 of 5. PageID #: 495735  (5 of 5)
Case: 17-2445  Document: 27-2  Filed: 06/25/2018  Page: 4

Nos. 17-2445/18-0101
-4-

Finally, we consider the plaintiffs' motion to take judicial notice of two news articles. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because the statements in the articles are not "so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute," or "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy," we decline to take judicial notice. *See* Fed. R. Evid. 201(b) advisory committee's note to subdivision (b) (1975).

The permission for petition to appeal is **GRANTED**, the motion to dismiss is **DENIED AS MOOT**, and the motion to take judicial notice is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk