**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | **Case No.: 1-17-MD-2804-DAP**<br><br>**HON. DAN A. POLSTER** |

**MOTION TO LIFT SEALED TRANSCRIPT OF STATUS CONFERENCE HELD ON JANUARY 29, 2020 [DOC. #3113] IN ASSOCIATION WITH ORDER FOR BRIEFING ON REPORT AND RECOMMENDATION ADDRESSING MOTION FOR COMMON BENEFIT FUND [DOC. #3320]**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION AND SUMMARY ........................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 2

ARGUMENT ......................................................................................................... 3

    I.    The Burden of Overcoming the Strong Presumption in Favor of Open Courts Is a Heavy One. .................................................................................................................. 3

    II.   The Heavy Burden Necessary to Justify Judicial Secrecy Is Not, and Cannot Be, Met. .... 6

        A. Settlement Leverage Is an Improper Basis for the PEC's Motion or for Sealing Court Records. .............................................................................................................. 6

        B. Certain Counsels' Interest in Common Benefit Fees Is an Improper Basis for Sealing Court Transcripts. ................................................................................................. 7

        C. To the Degree that Counsel Allegedly Expected Secrecy, This Is an Insufficient Basis for Sealing Court Transcripts. ............................................................................... 8

REQUEST FOR HEARING ..................................................................................... 8

CONCLUSION ....................................................................................................... 9

CERTIFICATE OF SERVICE ................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Babcock & Wilcox Co. v. Cormetech, Inc.*,
  No. 5:14CV514, 2017 WL 4286776 (N.D. Ohio Sept. 27, 2017) .................................................. 5

*Baxter Int'l, Inc. v. Abbott Labs.*,
  297 F.3d 544 (7th Cir. 2002) ..................................................................................................... 4, 5

*Beauchamp v. Fed. Home Loan Mortg. Corp.*,
  658 F. App'x 202 (6th Cir. 2016) ................................................................................................ 6

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
  710 F.2d 1165 (6th Cir. 1983) .................................................................................................. 3, 5

*Danley v. Encore Capital Grp., Inc.*,
  680 F. App'x 394 (6th Cir. 2017) ................................................................................................ 5

*In re Energy Conversion Devices, Inc.*,
  596 B.R. 585 (Bankr. E.D. Mich. 2019) ..................................................................................... 5

*Gulf Oil Co. v. Bernard*,
  452 U.S. 89 (1981) ....................................................................................................................... 5

*Hardesty v. Kroger Co.*,
  No. 1:16-CV-298, 2019 WL 859228 (S.D. Ohio Feb. 22, 2019) ............................................... 6

*In re: High Sulfur Content Gasoline Prod. Liab. Litig.*,
  517 F.3d 220 (5th Cir. 2008) ....................................................................................................... 7

*In re Knoxville News–Sentinel Co.*,
  723 F.2d 470 (6th Cir. 1983) ....................................................................................................... 4

*Kondash v. Kia Motors Am., Inc.*,
  767 F. App'x 635 (6th Cir. 2019) ............................................................................................. 5, 7

*In re Nat'l Prescription Opiate Litig.*,
  927 F.3d 919 (6th Cir. 2019) .............................................................................................. 4, 5, 7, 8

*Nemir v. Mitsubishi Motors Corp.*,
  381 F.3d 540 (6th Cir. 2004) ....................................................................................................... 5

*Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*,
  464 U.S. 501 (1984) ..................................................................................................................... 4

*Richmond Newspapers v. Virginia*,
448 U.S. 555 (1980)..............................................................................................3

*Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*,
834 F.3d 589 (6th Cir. 2016)...................................................................4, 5, 6, 8

*Schmalenberg v. Dysphagia Mgmt. Sys., LLC*,
No. 1:18-CV-99, 2019 WL 978472 (S.D. Ohio Feb. 28, 2019).......................... 6

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
825 F.3d 299 (6th Cir. 2016)....................................................................*passim*

*Woods v. United States Drug Enf't Admin.*,
895 F.3d 891 (6th Cir. 2018)................................................................................7

**Other Authorities**

U.S. Const. amend. I [First Amendment].................................................................. 3

## INTRODUCTION AND SUMMARY

Without waiver of challenges and objections to jurisdiction, the below-identified political subdivisions proceeding in state-filed cases, or who have been improvidently-removed, and who have opted out of the Negotiation Class, file this Motion to Lift Sealed Transcript of Status Conference Held on January 29, 2020 [Doc. #3113] in association with this Court's Order [Doc. #3320] for Briefing on the Report and Recommendations Addressing the Motion for Common Benefit Fund.

The Sixth Circuit has penned several recent decisions underscoring that the right to open courts is not to be indiscriminately nullified. Closed-door proceedings, the sealing of transcripts, and secrecy over the parties' "position statements" violate well-established rights to access open courts. The undersigned have standing to access the sealed materials as members of the public.

Secrecy is an impediment to successful litigation and global resolutions. Moreover, the Plaintiffs' Executive Committee's ("PEC") overreaching fee demand makes the ongoing secrecy prejudicial to plaintiffs and counsel in state court opioid litigation, including the undersigned. The undersigned is compelled to participate in motion and briefing practice before this Court, because the PEC's Motion [Doc. #3112] threatens a court order that redirects compensation in opioid litigation to the PEC. The PEC decided, without any supporting evidence or authority, to demand fees that the PEC did not earn. Immediately after its Motion was filed, an unnoticed closed-door proceeding was conducted, followed by sealed court records. This motion seeks to lift the seal on transcripts of hearings, statements (and any other relevant material filed in MDL 2804) because, upon information and belief, this record would better inform the parties and the public as to the prospects of global resolution of this opioid crisis, as well as the reasons behind the PEC's Motion and the questions presented by Professor Rubenstein that this Court has Ordered be briefed.

## FACTUAL BACKGROUND

On January 28, 2020, the PEC filed a Motion for Entry of Order Establishing Common Benefit Fund. [Doc. #3112]. The PEC's premature demand for a share of funds generated by state court cases, and cases over which there is no federal subject matter jurisdiction, ignited opposition by interested parties nationwide. [*E.g.*, Doc #3181, #3185, #3186, #3189, #3190, #3191, #3192, #3193, #3194, #3195, #3196, #3197, #3198, #3209]. The very next day, a status conference was conducted in this Court. Not only was the conference conducted without notice, but the 63-page transcript of whatever transpired was subsequently sealed. [Doc. #3113]. Days after this closed-door conference, position statements by certain defendants were filed under seal. [*E.g.*, Doc. #3115].

In its opposition to the PEC's Motion, the undersigned objected to the unnoticed, closed-door proceedings, noting the contrast from procedures adopted by other MDL courts, as well as the fact that transcripts of status conferences had been routinely sealed. [Doc. #3189, pp. 26-28]. The widespread condemnation of the PEC's Motion underscores the overriding public interest in transparency and the impropriety of disregarding the open courts doctrine in general, and, in particular, in an MDL. Indeed, sealing of transcripts and filings has become somewhat routine in this MDL. Just since the filing of the PEC's Motion on January 28, 2020, sealed records include without limitation: (1) the exemplary plaintiff's Amended Complaints [Doc. #3309, #3294 and Docket Entry Granting Motion]; (2) the 46-page status conference held on May 28, 2020 [Doc. #3307]; (3) the exhibits to the exemplary plaintiff's Amended Complaint [Doc. #3295]; (4) the 36-page transcript of teleconference held on April 28, 2020, before Judge Dan Aaron Polster  [Doc. #3283]; (5) the Marginal Entry Order granting Pharmacy Defendants' Motion for Leave to file position statement under seal [Doc. #3108; Related Doc. #3115]; and (6) the 63-page Sealed

Transcript of status conference held on January 29, 2020 before Judge Dan A. Polster [Doc. #3113].  In addition, on March 3, 2020, shortly following the January 29, 2020 Status Conference, the Distributor Defendants abruptly issued a Notice Regarding Ex Parte Communications, withdrawing their consent to the Court or Special Master's engaging in *ex parte* communications relating to settlements or any other matters. [Doc. #3200].[1]

## ARGUMENT

### I.     The Burden of Overcoming the Strong Presumption in Favor of Open Courts Is a Heavy One.

The closed-door proceedings and sealed filings here violate the right to open courts. "The public has a strong interest in obtaining the information contained in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179). *See also Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 (1980) (stating that "the right to attend criminal trials is implicit in the guarantees of the First Amendment") (note omitted); *Brown & Williamson*, 710 F.2d at 1178 ("The Supreme Court's analysis of the justifications for access to the criminal courtroom apply as well to the civil trial.").

---

[1] Defendants' notice provided: "Defendants listed in the margin hereby give notice that they do not consent to *ex parte* communications by the Court or the Special Masters concerning settlement of any matter pending in this MDL, or concerning any other aspect of this litigation, including on any legal, factual, discovery, or case management issue such as case management orders, discovery deadlines, trial dates, case tracks, remands, and amendments. For the avoidance of doubt, Defendants withdraw any prior consent to *ex parte* communications concerning any of these matters, including but not limited to *ex parte* communications between the Special Masters and 'any relevant outside entities.' *See* Appointment Order, Dkt. No. 69, at 2."

The right to access court records in this case has been denied without any justification. To the knowledge of undersigned, no justification was even attempted, which is a clear violation of controlling precedent. The burden of overcoming the strong presumption of open judicial access "is borne by the party that seeks to seal" the records. *Shane Grp.*, 825 F.3d at 305 (citation omitted). "***The burden is a heavy one***: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)) (emphasis added); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) ("[o]nly the most compelling reasons can justify non-disclosure of judicial records.") (quoting *Shane Grp.*, 824 F.3d at 305). "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" is typically enough to overcome the presumption of access. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) (collecting cases) (parenthetically quoted by Sixth Circuit in *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016)).

Another clear violation of controlling precedent is the indiscriminate sealing of the entirety of court filings. "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp.*, 825 F.3d at 305 (citing *Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*

*Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).[2]

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). "To show good cause for a protective order, the moving party is required to make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 929 (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) [quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)]). Sealing transcripts and hearings constitutes "extraordinary relief," as hearings and trials held in the courtroom are open to the public and a strong presumption favors this public access. *In re Energy Conversion Devices, Inc.*, 596 B.R. 585, 586 (Bankr. E.D. Mich. 2019).

Simply put, the Sixth Circuit repeatedly has explained that a party moving to seal court records must overcome a significant burden. *See Rudd*, 834 F.3d at 593-96 (explaining presumptive right of public access and significant public interest); *Shane Grp.*, 825 F.3d at 305-06 (quoted above); *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 639 (6th Cir. 2019) ("proponents of closure bears the burden of showing that 'disclosure will work a clearly defined and serious injury") (quoting *Shane Grp.*, 825 F.3d at 307); *Danley v. Encore Capital Grp., Inc.*, 680 F. App'x 394, 399 (6th Cir. 2017) (noting "strong presumption in favor of openness as to court records" and reversing and remanding district court's seal order) (quoting *Shane Grp.*, 825 F.3d at

---

[2] *See also, e.g., Babcock & Wilcox Co. v. Cormetech, Inc.*, No. 5:14CV514, 2017 WL 4286776, at *3 (N.D. Ohio Sept. 27, 2017) ("Cormetech has articulated no reason why entire motions in limine and all exhibits thereto should be sealed, and the Court therefore DENIES Cormetech's Motion for Leave to File All Pre–Trial motions under seal").

305-06); *Beauchamp v. Fed. Home Loan Mortg. Corp*., 658 F. App'x 202, 207 (6th Cir. 2016) ("in light of the important rights involved, the district court's decision is not accorded the deference that standard normally brings") (quoting *Shane Grp.*, 825 F.3d at 306).[3] For this reason, even where the parties join together and ask for an order protecting confidentiality, the parties' agreement is an insufficient basis to justify the order.[4]

## II.    The Heavy Burden Necessary to Justify Judicial Secrecy Is Not, and Cannot Be, Met.

There is no record setting forth the required elements for sealing the transcripts at issue. Importantly, the Court's Status Conferences are routinely held without the hearings being noticed, without a public agenda on issues to be addressed, and are followed with transcripts being routinely sealed without a motion to seal or any explanation for the sealed record such that oppositions could be raised. Upon information and belief, the January 29, 2020, status conference at issue addressed the basis for the PEC's Motion and the status of global settlement negotiations—questions raised by Professor Rubenstein upon which this Court has now Ordered briefing by opposition parties who are not privy to the Court's sealed records.

### A.    Settlement Leverage Is an Improper Basis for the PEC's Motion or for Sealing Court Records.

Upon information and belief, the sealed transcripts, particularly those from January 2020, will shed light on the PEC's motive in filing its Motion, and this motive potentially relates to

---

[3] *See also Hardesty v. Kroger Co*., No. 1:16-CV-298, 2019 WL 859228, at *1 (S.D. Ohio Feb. 22, 2019) ("Three times in the past several years the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden.") (citing *Shane Grp., Rudd, Beauchamp*).
[4] *Schmalenberg v. Dysphagia Mgmt. Sys., LLC*, No. 1:18-CV-99, 2019 WL 978472, at *2 (S.D. Ohio Feb. 28, 2019) (denying joint motion to seal and reasoning that, "this Court has an obligation to keep its records open for public inspection and that obligation is not conditioned upon the desires of the parties to the case") (citing *Shane Grp*., 825 F.3d at 307).

animosity to settlements or state-litigant's counsel outside of MDL 2804. Regardless of motivation, machinations related to settlement leverage are an improper basis for closed-door judicial proceedings, particularly where, as here, those proceedings potentially threaten future proceeds with an unjustified, extra-jurisdictional court-ordered tax.

A desire to use the threat of public disclosure as a bargaining chip in settlement discussions is an improper basis for nullifying the right to access court records. *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 933 (if "a desire to use the threat of publicly disclosing the data as a bargaining chip in settlement discussions" was a basis for protective order then "the district court abused its discretion by considering an improper factor") (citation omitted). "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing—rather, 'the proponents of closure bears the burden of showing that "disclosure will work a clearly defined and serious injury."'" *Kondash*, 767 F. App'x at 639 (quoting *Shane Group*, 825 F.3d at 307); *cf. Woods v. United States Drug Enf't Admin.*, 895 F.3d 891, 893 (6th Cir. 2018) (denying motion to seal settlement agreement).

**B.    Certain Counsels' Interest in Common Benefit Fees Is an Improper Basis for Sealing Court Transcripts.**

In *In re: High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008), the Fifth Circuit Court of Appeals reversed a district court order allocating class action attorney fees among counsel, where the order was based on an ex parte hearing, without sufficient supporting data. The appeals court was so troubled by the closed-door proceedings that it not only vacated the fee order, but rather than asking for proceedings on remand consistent with the appellate decision, the Circuit Court specifically mandated that the allocation decision be based on "an adequate factual record," and that, "[n]o sealing or ex parte communications will be permitted." 517 F.3d at 235. The decision emphasizes that where counsel has an interest in

7

collecting fees, careful attention must be paid to the judicial procedure. *Id*. (citation omitted). Both the ex parte hearing in the district court and the district court's decision to seal relevant records was criticized in the appellate decision.

Here, the process is also significant. Secrecy surrounds a PEC demand for an order worth potentially billions of dollars. The PEC has not proven its factual claims, and it nonetheless demands a share of recovery in extra-judicial cases in which the PEC never performed any work.

### C.  To the Degree that Counsel Allegedly Expected Secrecy, This Is an Insufficient Basis for Sealing Court Transcripts.

Asking for secrecy, without any foundational showing so as to vitiate the right to access open courts, does not give rise to a reasonable expectation of confidentiality. The Sixth Circuit has made clear that counsel's mere proclamations, such as "serious business consequences at stake," are insufficient to justify a closed-door judicial system. *E.g., Rudd*, 834 F.3d at 594 ("Even taking Rudd at its word regarding the serious business consequences at stake should this case be unsealed, more is required."); *see also* cases cited above. In *Rudd*, the Sixth Circuit specifically addressed and rejected the argument that parties' alleged reliance on a seal changed the operative open courts standard. 834 F.3d at 595 (Rudd "argue[s] that a different standard should guide the district court's discretion in cases where, as here, one party relies on a seal in filing its documents with the court. This is too thin a reed."). The parties here are well aware of the Sixth Circuit's adherence to the right of public access to judicial records. *See, e.g., In re Nat'l Prescription Opiate Litig*., 927 F.3d 919.

### REQUEST FOR HEARING

The undersigned request notice and an opportunity to be heard. Court proceedings have been conducted without prior notice, the transcripts of those proceedings have been sealed, and parties' statements to the Court have been sealed. Here, the reasons for the secrecy have been

shrouded in secrecy at least as to non-PEC Lead Counsel. A hearing is respectfully requested or, alternatively, Movants request that the Court unseal the referenced transcripts and proceedings.

## CONCLUSION

Maintaining a seal on court transcripts and records violates the right of public access to judicial proceedings. Independently, upon information and belief, these closed-door proceedings have prejudiced the undersigned to the degree that the undersigned are subjected to the threat of being ordered to pay the PEC out of their contingent fees. There is no basis for sealing these transcripts and briefs, much less is there a basis for indiscriminately sealing them in their entirety. There is no justification for violating the right to open courts, and no such justification has been attempted. The undersigned respectfully request that this Court unseal the transcripts of all hearings and conferences held in MDL 2804, the "position statements" filed by the parties, and any sealed **material** relevant to the PEC's common benefit fee demand (including without limitation docket entries 3113, 3115, 3283, 3307).

Dated: June 23, 2020                          Respectfully Submitted,

                                              */s/ Michael T. Gallagher*
                                              THE GALLAGHER LAW FIRM
                                              Michael T. Gallagher
                                              SDOT Bar No. 5395
                                              Texas State Bar No.07586000
                                              Pamela McLemore
                                              Texas State Bar No. 24099711
                                              Boyd Smith
                                              Texas State Bar No. 18638400
                                              SDOT Bar No.: 8203
                                              2905 Sackett Street
                                              Houston, Texas 77098
                                              (713) 222-8080
                                              (713) 222-0066 – facsimile
                                              mike@gld-law.com

                                              *Counsel for Plaintiff, County of Harris, Texas*

9

Tommy Fibich
Texas State Bar No. 06952600
SDOT Bar #: 5482
Jay Henderson
Texas State Bar No. 09424050
Sara J. Fendia
Texas State Bar No. 06898800
FIBICH, LEEBRON, COPELAND BRIGGS
1150 Bissonnet Street
Houston, Texas 77005
Telephone:  (713) 751-0025
Facsimile:  (713) 751-0030
Email:  tfibich@fibichlaw.com

*Counsel for Plaintiff, County of Harris, Texas*


Dan Downey
Dan Downey, P.C.
SDOT Bar # 459
Texas State Bar No.  06085400
1609 Shoal Creek Blvd. #100
Austin, TEXAS 78701
Telephone: (713) 907-9700
Dandowney427@gmail.com

*Counsel for Plaintiff, County of Harris, Texas*


*/s/ Mikal C. Watts*
Mikal C. Watts
TX Bar No. 20981821
Shelly A. Sanford
TX Bar No. 00784904
Meredith Drukker Stratigopoulos
TX Bar No. 24110416
**WATTS GUERRA LLP**
811 Barton Springs Rd., Suite 725
Austin, TX 78704
Tel: (512) 479-0500
mcwatts@wattsguerra.com
ssanford@wattsguerra.com
mdrukker@wattsguerra.com

*State-Federal Liaison Counsel to the PSC for In Re:*
*Texas Opioid Litigation*

10

*/s/ Robert T. Eglet*
Robert T. Eglet
NV Bar No. 3402
Robert M. Adams
NV Bar No. 6551
Erica D. Entsminger
NV Bar No. 7432
**EGLET ADAMS**
400 S. 7th Street, 4th Floor
Las Vegas, NV 89101
Tel: (702) 450-5400
reglet@egletlaw.com
badams@egletlaw.com
eentsminger@egletlaw.com

*Counsel for Certain Opt-Out Entities within the State of Nevada (except Clark County)*

*/s/ Marc J. Bern*
Marc J. Bern
NY Bar No. 1859271
Joseph Cappelli
PA Bar No. 55166
**MARC J. BERN & PARTNERS LLP**
One Grand Central Place
60 E. 42nd Street, Suite 950
New York, NY 10165
Tel: (212) 702-5000
mbern@bernllp.com
jcappelli@bernllp.com

*Counsel for Opt-Out Entities within the States of Delaware, Ohio, Pennsylvania, South Carolina, and West Virginia*

*/s/ John B. White, Jr.*
John B. White, Jr.
SC Bar No. 5996
Marghretta H. Shisko
SC Bar No. 100106
**HARRISON WHITE, P.C.**
178 W. Main Street (29306)
P.O. Box 3547
Spartanburg, SC 29304
Tel: (864) 585-5100

11

jwhite@spartanlaw.com
mshisko@spartanlaw.com

*Counsel for Opt-Out Entities within the State of
South Carolina*

/s/ Jeff H. Reeves
Jeff H. Reeves
CA Bar No. 156648
Cheryl Priest Ainsworth
CA Bar No. 255824
Kevin N. Royer
CA Bar No. 312185
**THEODORA ORINGHER PC**
535 Anton Boulevard, 9th Floor
Costa Mesa, CA 92626
Tel: (714) 549-6200
Fax: (714) 549-6201
jreeves@tocounsel.com
cainsworth@tocounsel.com
kroyer@tocounsel.com

*Counsel for Opt-Out Entities within the States of
Arizona, Missouri, Kansas, and Maryland*

/s/ Jennifer K. Scifo
Jennifer K. Scifo
IL Bar No. 6300817
Jeffrey Li
IL Bar No. 6330031
**KRALOVEC JAMBOIS & SCHWARTZ**
60 W. Randolph, 4th Floor
Chicago, IL 60601
Tel: (312) 782-2525
Fax: (312) 855-0068
jscifo@kjs-law.com
jli@kjs-law.com

*Counsel for Opt-Out Entities within the State of
Illinois*

/s/ Matthew R. McCarley
Matthew R. McCarley
Texas Bar No. 24041426
Bryan Fears
Texas Bar No. 2400886

12

Majed Nachawati
Texas Bar No. 24038319
S. Ann Saucer
Texas Bar No. 00797885
**FEARS NACHAWATI, PLLC**
5473 Blair Rd.
Dallas, TX 75231
Tel. (214) 890-0711
Fax (214) 890-0712
mccarley@fnlawfirm.com
fears@fnlawfirm.com
mn@fnlawfirm.com
asaucer@fnlawfirm.com

*/s/ Matthew S. Daniel*
Matthew S. Daniel
Texas Bar No. 24047575
**FERRER POIROT** & **WANSBROUGH**
2603 Oak Lawn Ave. Ste. 300
Dallas, TX 75219
Tel. (214) 521-4412
Fax (866) 513-0115
mdaniel@lawyerworks.com

*Counsel for Certain Opt-Out Entities within the State of Texas*

*/s/ Jeffrey B. Simon*
Jeffrey B. Simon
TX Bar No. 00788420
**SIMON GREENSTONE PANATIER BARTLETT, P.C.**
3232 McKinney Avenue, Suite 610
Dallas, TX 75204
Tel: 214-276-7680
Fax: 214-276-7699
jsimon@sgpblaw.com

*Counsel for Texas Opt-Out Counties Dallas and Kendall*

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2020, a copy of the foregoing document was served on all counsel of record listed below via the Court's ECF system and/or via U.S. Mail.

*/s/ Michael T. Gallagher*
Michael T. Gallagher

14