# EXHIBIT B

## Executive Summary

The chart below is a collection of contemporary and recent MDL mass tort cases in which transferee courts have entered common benefit orders.[9] We list the percentages of the common benefit holdback (broken down by fees and expenses). If the case settled, we list the total settlement pool (if public). We also note whether the common benefit order included provisions for dealing with: contingency fees due to individually retained private attorneys ("IRPA"); satellite litigation in other courts; aggregation; etc. In addition, we include a column to indicate the source of the common benefit assessment (i.e., from the gross monetary recovery, or from private contingent attorney's fees only).

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| *In re Aredia and Zometa Prods. Liab. Litig.,* MDL 1760 (3:06-md-1760) (M.D. Tenn.)<br><br>• ECF No. 593, Aug. 30, 2007) | | Fees: 6%<br><br>Expenses: 2%<br><br>**Total: 8% of gross monetary recovery***<br><br>**[See Pg. 1-2 of** | See next column | Fees: to be subtracted from attorneys' fees portions of individual fee contracts<br><br>Expenses: to be | 1 | Individuals | *Magistrate judge later revoked the PTO (ECF No. 593) establishing the common benefit fund, stating that he |

---

[9] Although the court in the NFL Concussion MDL did not enter a common benefit order (due to its structure as a class action, in which Rule 23(h) substitutes for common benefit), we included that case to provide a reference point, in response to the R&R's Question 4, for the appropriate percentage for attorney's fees and costs on a recent, "supermega fund" billion dollar aggregate settlement that used the Rule 23 class mechanism.

1

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| • (ECF No. 815, Nov. 29, 2007)<br><br>• ECF No. 2219 (May 29, 2009)<br><br>• ECF No. 2428 (clarifying ECF No. 2219) | | **ECF No. 2219, which amended the initial CBO]** | | subtracted from the client portion of the individual fee contracts<br><br>[ECF No. 2219 at 1-2] | | | would consider a revised order "when notified there is an actual need." The final assessment amounts were sealed (ECF No. 7500). |
| *In re Baycol Prods. Litig.*, MDL 1431, 2002 WL 32155266, at *4 (D. Minn. June 14, 2002) | $1.143 billion | Fees: 4%<br><br>Expenses: 2%<br><br>**Total: 6% of gross monetary recovery** ("aggregate of the amount being paid and any amounts to be paid to the plaintiff in the future")<br><br>*Federal cases and qualifying state cases<br><br>[See Para. 9 of cited Westlaw case] | "In measuring the gross amount due or to become due to any plaintiff as such claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future and the respective individual plaintiff's counsel shall verify that plaintiff's counsel used the same present value calculation to measure both the amount due to | Fees: "to be subtracted from the attorneys' fees portion of individual fee contracts"<br><br>Expenses: "costs to be subtracted from the client portions of individual fee contracts"<br><br>[2002 WL 32155266 at *4] | 2 | Individuals | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
| | | | such plaintiff's counsel under the applicable contingency contract and the amount due to the MDL 1431 Fee and Cost Accounts." [See Para. 1(b) of cited Westlaw case] | | | | |
| *In re Bextra & Celebrex Mktg. Sales Practices. & Prods. Liab. Litig.*, MDL 1699, PTO 8 (Feb. 28, 2006) | $894 million | Fees: 2% Expenses: 2% **Total: 4% of gross monetary recovery** (Court adopted 8% assessment for later signers) [See Pg. 3 of Bextra PTO 8] | See next column | Fees: "to be subtracted from the attorneys' fees portions of individual fee contracts" Expenses: "costs to be subtracted from the client portion of individual fee contracts" [PTO 8 at 4] | 1 | Individuals | |
| *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, No. 3:12-MD-2391 (N.D. Ind.) | $56 million | Fees: 5% Costs: 1% **Total: 6% of gross** | "The Claimant's counsel shall be entitled to keep that portion of the rebated | Fees: Attorneys' fees portion of individual fee contracts [See CMO Est. | 1 | Individuals | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
| • CMO Establishing Common Benefit Fee and Expense Fund<br>• ECF No. 3022 (Amended CBO)<br>• 2018 WL 7683307, at *3 (N.D. Ind. Sept. 6, 2018) (Transfer Order) | | **monetary recovery**<br><br>*Pro se plaintiffs exempted.<br><br>[See cited Westlaw case at *3 (referencing Doc. No. 3022), as well as ECF No. 3022 at Pg. 5-6] | assessment which is consistent with the total percentage attorneys' fees properly chargeable under the Claimant's attorney- client contract and under applicable state's laws and ethics rules governing the proper handling of contingent attorneys' fees.2 The remainder of the rebated assessment shall be used by the Claimant's counsel to reduce the total attorneys' fees payable by the Claimant to ensure that the total attorney's fees paid by the Claimant in connection with the settlement do not exceed those properly | CB funds at 5-6]<br><br>Expenses: State-by-state [See CMO Est. CB funds at 4-5, n.1] | | | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
| | | | chargeable under the Claimant's attorney-client contract and under applicable state's laws and ethics rules governing the proper handling of contingent attorneys' fees."<br><br>[CMO Est. CB Funds at 5-6] | | | | |
| *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 553 F. Supp. 2d 442, 457-58, 491-96 (E.D. Pa. 2008), *aff'd*, 582 F.3d 524 (3d Cir. 2009) | $6.44 billion | 9% federal assessment (later reduced to 6%) (553 F. Supp. 2d at 490-91)<br><br>6% state assessment (later reduced to 4%) | "If a Class Member is represented by individual counsel, the "Common Benefit Percentage Amount" is deducted from the individual counsel's fee. *Id.* at § XV.T.1. Otherwise the "Common Benefit Percentage" is deducted from the "Individual Payment Amount." | Fees: "If a Class Member is represented by an attorney, the deduction is made from the attorney's individual fee. Otherwise it is deducted from the Class Member's benefits.<br><br>[553 F. Supp. 2d at 457] | 2+ | Individuals | See also 553 F. Supp. 2d at 486 (listing other fee awards in similar cases)<br><br><br>"The 'Common Benefit Percentage Amount' is calculated by multiplying the gross "Individual Payment Amount" due to each Class Member by the "Common Benefit |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| | | | "PTO No. 467 required that 9% of any payment made to a plaintiff whose case was transferred to MDL 1203 be set aside and placed in the MDL 1203 Fee and Cost Account. **Gross Monetary Recovery** *Id.* ¶ 2. As with the Fund B Attorneys' Fees Account and the Supplemental Class Settlement Fund, the assessment is taken from the fee of each plaintiff's individual attorney, if the plaintiff is represented. *Id.* ¶ 8" | | | | Percentage." |
| *In re E. I. Dupont De Nemours & Co. C-8 Pers. Injury Litig.,* MDL No. 2433 (S.D. Ohio)<br><br>• 2018 WL 4810290 (S.D. | $670 million | Fees: 6% (increased from initial 4% holdback)<br><br>Costs: 3%<br><br>**Total: 9% of** | | Unclear | 1 | Individuals | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
| Ohio 2018) (adopting R&R at 2018 WL 4771524)<br><br>• 2013 WL 12123871 (PTO 6 re Common Benefits) | | **gross monetary recovery**<br><br>**\*MDL plaintiffs and non- MDL counsel entering into participation agreement** | | | | | |
| *In re Ethicon, Inc., Power Morcellator Prods. Liab. Litig.*, No. 15-MD-2652-KHV, 2016 WL 1593879, at \*1-2 (D. Kan. Apr. 21, 2016) | Unclear, but likely ~100 cases settled between $100,000 and $1 million each | Sliding scale of 6-12% in assessments depending on date of judgment or case resolution (see 2016 WL 1593879 at \*2) | | Unclear | 1 | Individuals | |
| *In re Genetically Modified Rice Litig.. ("Bayer Rice")*, MDL No. 1811 (E.D. Missouri) (ECF No. 2574) | $750 million | Range for fees: 6-8%<br><br>Costs: 3%<br><br>**Total: 9-11% of gross monetary recovery**<br><br>[See ECF No. 2574 at 15] | | Unclear – only mentions gross recovery % but not actual source of assessments. | 1 | Individuals | "Although reaching the same result as Latex Gloves might be in the interest of justice, it is not allowed by the law. I have no jurisdiction over the state cases and I |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| | | | | | | | cannot order the defendants to withhold amounts they may end up owing the state plaintiffs." |
| *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.* <br> • 2008 WL 682174 (D. Minn. Mar. 7, 2008) <br> • PTO 6 (Feb. 15, 2006) | | Fees: 2% <br><br> Expenses: 2% <br><br> **Total: 4% of gross monetary recovery** <br><br> [PTO 6 at 3-4] | (2008 WL 682174 @ *9) "Here, the individual fee arrangements between the attorneys and their clients contemplated contingent fees. These contingent fee arrangements ranged from 20% to 50% of the client's recovery. Although "[a]ttorneys are entitled to be rewarded for taking the risk of nonpayment, [ ] they are not entitled to a windfall." *In re Infospace*, 330 F.Supp.2d at 1212 n. 13; *see also Hendrickson v.* | Fees: from attorney's fees portion of individual fee contract. <br><br> Expenses: from client portion of individual fee contract. <br> [PTO 6 at 4] | 1 | Individuals | *Court increased withholding if attorneys did not agree to sign within 90 days; court later awarded 14.4% of settlement as part of negotiated settlement, pursuant to Master Settlement Agreement. |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
|      |                 |                      | *Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) ("A reasonable fee is one that is 'adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.' ") (*quoting Blum*, 465 U.S. at 897). Therefore, [w]hether or not [a litigant] agreed to pay a fee and in what amount is not decisive.... [H]e might agree to pay his lawyer a percentage contingent fee that would be greater than the fee the court might ultimately set. Such arrangements should not determine the court's decision. The criterion for the court is not what the parties |  |  |  |  |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| | | | agreed but what is reasonable.<br><br>*Johnson*, 488 F.2d at 718 (*quoting Clark v. Am. Marine Corp.*, 320 F.Supp. 709, 711 (E.D.La. 1970)). As is explained below in section III regarding contingency fees, **the Court finds it reasonable to cap individual case contingency fees at 20%.** | | | | |
| *In re Davol, Inc. / C.R. Bard, Inc. Polypropylene Hernia Mesh Products Liability Litig.*, 2:18-md- 02846-EAS-KAJ (**"Hernia Mesh"**) ECF No. 70 (CMO No. 11) | Confidential | Fees: 7%<br><br>Expenses: 3%<br><br>**Total: 10%**<br><br>[See Order at 6] | | Unclear – only mentions gross recovery % but not actual source of assessments.<br><br>[See Order at 5-6] | 1 | Individuals | |
| *In re Invokana (Canagliflozin) Prods. Liab. Litig.,* | Confidential | Range for fees: 3%-9% (based on date of | | Gross Monetary Recovery | 3 | Individuals | Satellite Litigation – "The |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
| MDL No. 2750 (D.N.J.) ECF No. 58, (CMO No. 6). | | settlement and injury) Range for expenses: 2%-3% (based on date of settlement and injury) **Total: 5-12% of gross monetary recovery [CMO 6 at 18-19]** | | [CMO 6 at 18] | | | assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state court, unfiled, or tolled. |
| *In re Juul Labs, Inc., Mktg., Sales Prac., and Prods. Liab. Litig.,* MDL No. 2913 (N.D. Cal.) ECF No. 586 (CMO No. 5(A)) | N/A | "Early Participating Counsel" = 5% fees, 2% expenses "Late Participating Counsel" = 8% fees, 2% expenses **Total: 7- 10% of gross monetary recovery [CMO 5A at 11-** | "Nothing in this Order is intended to impair the attorney/client relationship or any contingency fee contract deemed lawful by the attorneys' respective bar rules and/or state court nor otherwise interfere with public entities' rights to, and exercise of, control | Unclear – only mentions gross recovery % but not actual source of assessments. | 1 | School districts, government entities, and individuals | Co-Lead Counsel for Individual Plaintiffs in the JCCP will seek entry of a similar order ("Parallel Common Benefit Order") from Hon. Ann I. Jones. The goal of the Parallel Common Benefit Order |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
|      |                 | 13]                  | in their respective cases". |        |         |        | will be to enable a substantially similar system in the JCCP action governing its fees, expenses, common benefit work assignments, and reporting as outlined in this Order. Co-Lead Counsel from the Lead Actions agree that parallel common benefit orders will facilitate cooperation and coordination between the federal and state cases.\n\nThis Order applies to:\n\nc) Coordinated Actions as that |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
| | | | | | | | term is defined in an anticipated Coordination Order, to the extent attorneys in those actions also have fee interests in cases filed or transferred to this MDL, sign the Participation Agreement, or utilize the work product of this MDL |
| *In re National Football League Players Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (2018 WL 1635648) (Apr. 5, 2018) | $1 billion | Fees: 11%<br><br>Expenses: 5% initial holdback | IRPA fees capped at presumptive 22% (so that aggregate fees (11% + 22%) would not exceed 33% of the class recovery. | N/A | 1 | Individuals | |
| *In re NuvaRing Prods. Liab. Litig.*, No. 4:08 MDL 1964 RWS (E.D. Mo.)<br><br>• ECF No. 1129 (CMO No. 3) | $100 million | Fees: 11%<br><br>Expenses: 4.5%<br><br>**Total: 15.5% of gross monetary** | | Fees: subtracted from attorneys' fees portion of individual fee contracts. | 1 | Individuals | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| Dec. 18, 2014<br>• ECF No. 1761 (R&R re CB allocation and distribution)<br>• 2014 WL 7271959 (E.D. Mo. Dec. 18, 2014) (Order approving R&R) | | **recovery**<br>[See ECF No. 1129 at 3]. | | Expenses: subtracted from client's portion of any recovery as set forth in individual fee contracts.<br>[CMO 3 at 3] | | | |
| *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, MDL 1407, ECF No. 695 (Amended CMO No. 8) (Jul. 9, 2002) | | **Total: 4%**<br>**(federal) 3% (state)**<br>[CMO No. 8 at 3] | | Unclear – only mentions gross recovery % but not actual source of assessments. | 2+ | Individuals | |
| *In re Propulsid Prods. Liab. Litig.*, MDL 1355 (E.D. La. Dec. 26, 2001) ECF No. 474 (PTO 16) | ~$90 million | 6% (federal) of gross monetary recovery<br>4% (state) of gross monetary recovery<br>[PTO 16 at 3-4] | | Unclear – only mentions gross recovery % but not actual source of assessments. | 1 | Individuals | Applied to all cases pending, later filed in, transferred to, or removed to the MDL, including cases later remanded to state court.<br>[PTO 16 at 3] |
| *In re Protegen Sling and Vesica System* | | 9% (federal) | | Fees: "Any sum ordered to be | 2 | Individuals | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
| *Prods. Liab. Litig.*, MDL 1387, 2002 WL 31834446, at *1-3 (D. Md. Apr. 12, 2002) | | [WL at *1]<br><br>6% (state)<br><br>[WL at *3] | | paid by the Court pursuant to this Order as an award of **counsel fees** shall be deducted from the total amount of counsel fees payable to individual plaintiff's counsel, it being understood that the Plaintiff's Steering Committee's portion shall not diminish the portion of the recovery that any plaintiff would have been entitled to receive had there been no participation by the Plaintiff's Steering Committee."<br><br>Expenses: "Any sum ordered to be paid by the | | | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| | | | | Court pursuant to this Order as reimbursement for **out-of-pocket costs** shall be prorated among the plaintiffs whose claim payments were deposited, in part, in the MDL Fee and Cost Account." [WL at *2] | | | |
| *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2002 WL 441342, at *1 (S.D.N.Y. Mar. 20, 2002) – PTO No. 67 | | 6% assessment (federal cases) of gross monetary recovery  4% assessment (participating state cases) of gross monetary recovery [PTO 67 at *1 ("Escrow Amount")]] | "In the event the Court awards attorneys' fees and costs in this case payable in whole or in part from funds deposited pursuant to this Order and the proceeds thereof, the amount of any such award of attorneys' fees shall be deducted from the total amount of counsel fees payable to individual plaintiffs' counsel so that the | Fees: "deducted from the total amount of counsel fees payable to individual plaintiffs' counsel so that the Common Benefit Attorneys' portion shall not diminish the net recovery that any plaintiff would have received had there been no such award." | 1 | Individuals | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| | | | Common Benefit Attorneys' portion shall not diminish the net recovery that any plaintiff would have received had there been no such award. Any award in respect of disbursements shall be prorated among the plaintiffs whose Claim Payments were deposited, in part, in the CRIS Account in proportion to their Recoveries." | Expenses: prorated among the plaintiffs whose Claim Payments were deposited, in part, in the CRIS Account in proportion to their Recoveries." [PTO 67 at *2, ¶5] | | | |
| *In re Syngenta AG MIR162 Corn Litig.*, MDL No. 2591 (D. Kan.) ECF No. 936 | $1.51 billion | Range for fees: 5.5%-11% of gross monetary recovery  Range for expenses: 2- 3% of gross monetary recovery  **Total: 7.5-14% of gross monetary recovery** | Court awarded 12% of total fee award to IRPAs. "The Court concludes that 12 percent of the total fee award  represents a reasonable total amount of fees awarded to IRPAs (in addition to any awards from the common benefit | Fees: "Under all scenarios (except to the extent the attorney is being paid an hourly rate), the fee assessment shall be paid from the attorney's portion of the recovery and shall not be borne by the client." | 1 | Individual corn producers, grain handlers, and ethanol plants. | Aggregate fees of 1/3 of $1.51 billion settlement ($503.33 million), with 12% to IRPAs. |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
| | | [ECF No. 936 at 20-23] | pools), and thus the entire 12 percent allocated to the IRPA pool shall be distributed to IRPAs on a pro rata basis tied to the recovery by IRPA clients. Thus, effective contingent fees for IRPAs are not capped at any particular percentage, but rather are limited only by the size of the IRPA pool." (ECF No. 3882). | | | | |
| *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545 (N.D. Ill.)<br>• ECF No. 488 (Corrected CMO 16)<br>• ECF No. 2894 (CMO No. 138 re Motion to Amend CMO No. 16) | Confidential Amount | Fees: 14.5%<br>Expenses: 5%<br>**Total: 19.5% of gross monetary recovery**<br>[ECF No. 2902 at 9-10] | "Both the Plaintiffs' Leadership Group and Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the | Unclear – only mentions gross recovery % but not actual source of assessments. | 4 | Individuals | This Order further applies to: (1) each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, regardless of whether the |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| • ECF No. 2902 (Am. CMO 16) | | | type of settlement or conclusion eventually made in either state or federal cases, Plaintiffs' Leadership Group will recommend to the MDL Court that appropriate consideration will be given to individual case contracts between attorneys and their clients." | | | | plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A, and regardless of whether the attorney also has cases outside the MDL (filed or unfiled) ("the MDL Plaintiffs' Counsel"); and (2) each attorney who represents only plaintiffs with cases filed in state court who elects to sign the Participation Agreement ("the Participating Non-MDL Plaintiffs' Counsel") (together with the MDL Plaintiffs' Counsel, |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| | | | | | | | "Participating Counsel"). [ECF No. 2902 at 2] |
| *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657<br>• 760 F. Supp. 2d 640 (E.D. La. 2010)<br>• ECF No. 24043 ("Disbursement of Costs") [PTO No. 51] | $4.85 billion | Fees: 6.5%* (from attorneys' fees portion)<br><br>Expenses: 1% (from client recovery), with provision for review of future expenses<br><br>Total: 7.5%<br><br>[Initial holdback was 2% fees, 1% expenses] | | Fees - **Attorneys' Fees Only** ("No part of this 6%* will come from the recovery of any Vioxx claimant; rather, it will be assessed against the contingent fee recoveries of all Vioxx primary plaintiffs' attorneys.")<br><br>[760 F. Supp. 2d at 655.]<br><br>Expenses – "Reimbursement of these expenses shall be deducted from the **client's net recovery."**<br><br>[PTO No. 51 at 1] | 1 | Individuals | *Court initially found 6% reasonable for attorneys' fees and then adjusted up by 0.5% (*see* 760 F. Supp. 2d at 658) |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|-----------------|----------------------|------------------|-------------------|---------|--------|--------------|
| *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, ECF No. 17634 | $775 million | Fees: 12%<br><br>Expenses: 2.75%<br><br>**Total: 14.75% of Settlement funds**<br><br>[ECF No. 17634 at 21-23] | [See next column] | Fees: "This [12%] common benefit fee is to come out of the fee charged by contract counsel and is not to be an addition to that fee."<br><br>Expenses – unclear, but court noted that "Common benefit counsel are also awarded 2.75% of the Settlement funds to cover costs and expenses."<br><br>[ECF No. 17634 at 23] | 1 | Individuals | |
| *In re Zyprexa Prods. Liab. Litig.*, MDL 1596<br><br>• 424 F. Supp. 2d 488 (EDNY Mar. 28, 2006)<br><br>• ECF No. 702 (Aug. 25, | $500 million | 1% (PSC I)<br><br>[ECF No. 702]<br><br>3% (second PSC) | | PSC I - Gross Settlement Amount [See ECF No. 702]<br><br>PSC II - Half (1.5%) from plaintiff's share of gross recovery and half (1.5%) from attorney fee | 1 | Individuals | |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|------|------|------|------|------|------|------|------|
| 2006) <br><br> • ECF No. 1369 (Aug. 17, 2007) | | | | portion of the gross recovery. <br><br> [See ECF 1369 at 1] | | | |
| *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 3:19-md-02885- MCR-GRJ ECF No. 488 (CBO No. 1) | N/A | N/A | N/A | N/A | 5 | Individuals | Satellite litigation – "Participating Counsel will be entitled to seek compensation for common benefit work and expenses. In return, Participating Counsel agree that, if at some future point the Court enters an Order establishing a common benefit assessment, **that assessment must be paid on all filed and unfiled cases or claims in** |

| Case | Settlement Pool | % CB Fees / Expenses | Contingency Fees | Assessment Source | # of Ds | P Type | Other Issues |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  | **state or federal court in which they share a fee interest."** |