# EXHIBIT C

# OPIOID LITIGATION PARTICIPATION AGREEMENT

This Agreement is made this _____ day of _____, 20__, by and between Plaintiffs' Co-Lead Counsel appointed by the United States District Court for the Northern District of Ohio in MDL 2804 and _____ [Name of Law Firm].

WHEREAS, the United States District Court for the Northern District of Ohio, Eastern Division (Polster, J.) has appointed Paul J. Hanly, Jr., Joseph F. Rice and Paul T. Farrell, Jr. to serve as Co-Lead Counsel, has appointed Peter T. Weinberger, Troy Rafferty and Steven Skikos as Liaison Counsel, and has appointed 17 additional attorneys as members of Plaintiffs' Executive Committee (all of the foregoing attorneys collectively referred to as the "PEC" for simplicity of reference) to conduct and facilitate the pretrial proceedings in the coordinated federal multidistrict actions entitled In Re: National Prescription Opiate Litigation;

WHEREAS, the PEC in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing common benefit work product which will be valuable in the litigation of federal and state court proceedings involving opioids ("PEC Common Benefit Work Product"); and

WHEREAS, undersigned counsel is not a member of the PEC and is desirous of acquiring the PEC Common Benefit Work Product and establishing an amicable, working relationship with the PEC for the mutual benefit of their clients ("Participating Counsel");

NOW THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

**I.     SCOPE OF AGREEMENT.**

    **A.     Purpose.**

This Participation Agreement is a voluntary Participation Agreement between plaintiffs' attorneys who have cases pending in the MDL and/or in state court. This Participation Agreement supplements and does not in any respect supplant any of the provisions of the Court's Order Regarding Plaintiff Attorneys' Fees and Expenses (Doc. #358), all of which provisions are incorporated herein by reference. This agreement is entered to provide the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation. This Participation Agreement is a private cooperative agreement among attorneys retained by governmental entities and other plaintiffs, to share common benefit work product both in this MDL and in the various state courts in this complex litigation. This Participation Agreement is not intended to encompass the Attorneys General of the 50 states, American Samoa, the District of Columbia, Guam, Northern Mariana Islands, Puerto Rico and the Virgin Islands. Participating Counsel who sign on to this Agreement thereby become entitled to receive the MDL PEC Common Benefit Work Product[10] and the state court work product of those attorneys who have signed the Participation Agreement if that work product has been provided to the PEC.

PEC Participating Counsel recognize that plaintiffs who have cases pending in separate and independent jurisdictions are *voluntarily* agreeing to share common benefit work product developed in these jurisdictions, including the MDL, California, Connecticut,

---

[10] This does not include the ARCOS/DADS data which is being made available under a separate agreement and procedure approved by the MDL Court.

Illinois, New York, Pennsylvania, Texas, and other states. Participating Counsel further recognize the separate and independent rights of each jurisdiction and of the litigants therein to fully represent the interests of their clients, including the right to conduct discovery, set cases for trial, conduct jury trials and/or resolve cases.  The Agreement and the Court's Order Regarding Plaintiff Attorneys' Fees and Expenses (Doc. #358) shall not be cited by a party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

### B. Governing Principles – The Common Benefit Doctrine.

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia, Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia, In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

The reimbursement of common benefit costs and the payment of common benefit fees is subject to further order of the court to assure adherence to the principles and objectives of the equitable common fund doctrine under the particular circumstances of any judgment or resolution.

### C. Rights and Obligations of Participating Counsel.

Upon execution of this Agreement, the PEC will provide to Participating Counsel

access to the PEC Common Benefit Work Product, including access to all documents and data produced to date and hereafter in the MDL as well as all transcripts, exhibits and sealed materials.[11] Participating Counsel agree that all cases in which they have a fee interest, including unfiled cases and cases filed in state and/or federal court, are subject to the terms of this Agreement. Participating Counsel shall provide to Co-Lead Counsel upon execution of this Agreement a list of each client represented by them who has filed a civil action related to the opioids crisis together with the Court and docket number of each such case, and shall further provide to Co-Lead Counsel a list of each client represented by them who has not yet filed a civil action related to the opioids crisis. Participating Counsel shall supplement these lists on a quarterly basis.

## II. AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

Participating Counsel hereby agree to pay a reasonable assessment on the gross recovery actually received by clients of the undersigned Participating Counsel, as defined below, on all claims against Defendants for monetary damages or for injunctive relief, whether said recovery is by way of settlements or judgments.  Such payment shall be paid from the fees of Participating Counsel, the client recovery, or by the settling defendant, depending on the circumstance of the settlement or judgment.

### A. Gross Recovery Defined.

Gross recovery includes any and all amounts actually paid to clients of Participating Counsel by Defendants. In measuring the "gross recovery," the parties are to (a) exclude court costs that are to be paid by the Defendants; and (b) include the present value of any fixed and certain payments agreed or ordered to be made in the future. The assessment shall

---

[11] The PEC reserves the right to implement additional restrictive requirements necessary for the receipt of certain third-party documents and data.

apply to all cases in which Participating Counsel have a fee interest, whether pending in the MDL or in state courts and whether tolled, filed, unfiled, or subsequently filed by Participating Counsel.

### B. Assessment Amount To Be Determined.

The assessment amount referenced above imposed upon the gross recovery of a client represented by Participating Counsel shall be a percentage of the gross recovery fixed by the Court following review of the recommendations of the Fee Committee established pursuant to section 2 of the Order Regarding Plaintiff Attorneys' Fees and Expenses (Doc #358) referenced above. In no event shall such percentage exceed the maximum percentage assessed upon the gross recovery of a client represented by any PEC member. The intent being to assure Participating Counsel they will be assessed a percentage no higher than that which a PEC member firm is assessed. The Court in its discretion may assess a greater percentage on the gross recovery of any counsel, other than any member of the PEC, who has not signed this Participation Agreement.

### C. Covered Cases.

The assessment provisions set forth above apply to all cases now pending or later filed in or transferred or removed to MDL 2804. Participating Counsel who sign the Participation Agreement further agree to pay the assessment amount on all cases in which they have a fee interest, whether unfiled or filed in state or other courts.

Counsel who do not sign the Participation Agreement are not required to pay an assessment on state court cases or on unfiled cases, provided, however, that such counsel may be subject to an increased assessment on all opioid cases in which they have a fee interest if they receive PEC Common Benefit Work Product or otherwise benefit from the

work performed in connection with the MDL.

      **D.**      **Attorney Fee Lien.**

With respect to each client whom they represent in connection with any opioid-related claims that are subject to the terms of this Participation Agreement and any Order implementing this Agreement, each counsel governed hereby shall deposit or cause to be deposited in the Opioid Fee and Expense Fund to be established in MDL 2804 the percentage assessments created hereby. Such counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PEC a lien upon and/or a security interest in any recovery by any client whom they represent in connection with opioid-related claims in order to secure payment in accordance with the provisions of this Participation Agreement. Such counsel will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest. This Participation Agreement is not intended to perfect a lien and/or security interest on any State Attorney General.

### III. COMMON BENEFIT FEES AND EXPENSES.

Participating Counsel subject to the prior Order Regarding Plaintiff Attorneys' Fees and Expenses (Doc #358) shall be eligible to the recovery of common benefit fees and expenses. The format for the recovery of authorized common benefit fees and expenses shall be in accordance with Exhibit A attached hereto. If any work performed on state court litigation is authorized as common benefit work, Participating Counsel agree to make available the state work product and documents to the MDL and PEC and other Participating Counsel. If Participating Counsel intend to seek payment for common benefit work, they shall comply with the federal court Order Regarding Plaintiff Attorneys' Fees and Expenses. In addition,

they shall provide Co-Lead Counsel a statement that a given case should be considered a bellwether case at the time they do the work.

IV. **INTENT OF THE PARTIES**

The parties to this Agreement confirm their mutual intent to pursue the payment of all attorney fees directly by any and all defendants and preserve the gross recovery for each client. Further the terms of this Agreement are intended to apply only if the defendants do not provide for an adequate direct payment of attorney fees and expenses.

V. **CONFIDENTIALITY**

Documents shall be produced to Participating Counsel upon entry of the MDL Protective Order or an appropriate state court protective order. The terms of the Participation Agreement and any documents and/or information exchanged and/or shared pursuant thereto shall be attorney work product and is confidential as between Participating Counsel and the MDL PEC.

|  | **FIRM NAME** |
|---|---|
|  | I elect to be a Participating Counsel |
|  | **PLAINTIFFS' EXECUTIVE COMMITTEE** |

Dated: _____