

**National Association of Attorneys General**

PRESIDENT
**Tim Fox**
*Montana Attorney General*

PRESIDENT-ELECT
**Karl A. Racine**
*District of Columbia
Attorney General*

VICE PRESIDENT
**Tom Miller**
*Iowa Attorney General*

IMMEDIATE PAST PRESIDENT
**Jeff Landry**
*Louisiana Attorney General*

EXECUTIVE DIRECTOR
**Chris Toth**

June 24, 2020

Honorable Dan Aaron Polster
Carl B. Stokes United States Courthouse
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

RE:     Order Regarding Report and Recommendation Addressing Motion for
Common Benefit Fund, Doc ##3319, 3320.

Dear Judge Polster:

As invited by your June 3, 2020 order, the 36 undersigned Attorneys
General write as *amici curiae* to address Professor Rubenstein's above-
referenced Report and Recommendation.  We agree with Professor
Rubenstein's conclusion that the common benefit fund motion "ask[s] [the
Court] to act on novel legal issues in a state of factual uncertainty."  Doc
#3319, at 6.  Based on this assessment, we request you defer ruling on the
motion while negotiations on a global settlement continue.  We believe a
successful conclusion to these negotiations will render the motion
unnecessary.  At the very least, there is no need to enter a common benefit
order while COVID-19 court disruptions delay further opioid trial dates.

As detailed in the National Association of Attorneys General's
February 24 letter to this court ("the first NAAG letter"), Doc #3181, work
done by the Attorneys General has inured to the benefit of plaintiffs in this
MDL.  The Attorneys General have made invaluable contributions to the
factual record, and they have brought critical pressure to bear on the MDL
defendants by creating the prospect of numerous state court trials raising
states' stronger legal claims.  *See, e.g.*, Doc #3322, at 8-9 ("Following the
conclusion of [MDL] Track One, as the scope of the litigation and, in turn,
discovery expanded" to a "national basis" that "resulted in the production of
many additional documents . . . in the state court litigation (which would later
result in production into the MDL . . .).").

For the reasons more fully explained in the first NAAG letter and the
February 28 letter sent by three Attorneys General, Doc #3195, subjecting
Attorneys General litigating in state courts to the proposed common benefit
fund order would exceed an MDL court's permissible jurisdiction.  *See In re
Genetically Modified Rice Litig.*, 764 F.3d 864, 874 (8th Cir. 2014); *In re
Showa Denko K.K. L.-Tryptophan Prods. Liability Litig.-II*, 953 F.2d 162,
165-66 (4th Cir. 1992); *Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th
Cir. 1976).  Moreover, subjecting Attorneys General to the proposed common
benefit order raises profound federalism concerns in attempting to dictate the
terms of negotiation between states and their subdivisions.  *See, e.g., City of*

1850 M Street, NW
Twelfth Floor
Washington, DC 20036
Phone: (202) 326-6000
https://www.naag.org/

*Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424, 437 (2002); *Cmty. Commc'ns Co. v. City of Boulder*, 455 U.S. 40, 53-54 (1982).  The modifications included in the revised proposed order do not fix these flaws, as explained by the March 13 letter sent by Attorneys General Paxton and Stein.  Doc #3225.

Although Professor Rubenstein did not evaluate our legal objections, he did take note of the concern expressed in the first NAAG letter about the impact the motion may have on the "complex, multi-party aggregate settlement negotiations [that] are underway."  Doc #3319, at 6.  Indeed, Attorneys General continue to negotiate with multiple defendants in the Opioid MDL in an effort to reach a global settlement that would provide substantial sums of money to abating the opioid epidemic.  Although the COVID-19 pandemic has created various challenges in connection with the negotiations, given the competing demands it has placed on Attorneys General staff and the financial uncertainties it has created for companies, progress continues to be made.

The Attorneys General engaged in these efforts have made clear to the participating defendants that they will have to create a fund for attorneys' fees and costs, on top of the money offered for abatement and damages, in order to obtain a consensus favoring a global settlement among state and local governments.  The Attorneys General also continue to engage in conversations with members of the PEC and private counsel litigating opioid matters in state court,[1] on the amounts, terms, and structure of an acceptable fund for attorneys' fees and costs.  The Attorneys General are encouraged by the progress being made on these issues with the interested parties.  As the first NAAG letter recognized, members of the PEC, and other lawyers retained by local government plaintiffs in this MDL, have engaged in valuable work pursuing the litigation on behalf of the parties in the MDL and have earned reasonable compensation from those parties.  The work of the Attorneys General to combat the opioid crisis, and to advance the states' investigations and litigation, has also benefitted the MDL parties, as well as the public at large.

Accordingly, in response to the first part of Professor Rubenstein's first question, it is nearly certain that any successful global settlement will include specific funds to compensate the common benefit claims of all attorneys.  Although significant hurdles still remain to reaching a global settlement that has consensus support, a common benefit fund order will not be necessary if such a settlement is reached.

In response to the second part of Professor Rubenstein's first question, the court can – and should – wait to see if a global settlement emerges before taking the intrusive step of requiring common benefit holdbacks.  There is no urgency to enter such an order now when COVID-19 has postponed all imminent state and federal court trial dates against MDL

---

[1] Evidencing the progress of these conversations, Attorney General Paxton announced on May 28 that he has entered an agreement with private counsel representing many Texas counties and cities in the Texas state court Opioid MDL proceeding on the allocation of proceeds, including attorneys' fees, in the event of a global settlement.  Obtaining their participation in a global settlement is a significant advance, as they represent several of Texas' most populous local governments that opted out of the federal Opioid MDL negotiation class.  Doc #3073-4, at 9-10.

defendants, making it impossible to obtain judgments or one-off settlements from defendants eager to avoid damning trials. But entry of a coercive common benefit fund order over the objection of a substantial number of Attorneys General, or private counsel litigating opioid matters in state court, will undo the progress made on reaching consensual resolution of attorneys' fees over the past several months. This risks leaving the parties at loggerheads over the issue – and therefore a global settlement – until it can be definitively resolved by a higher court.

We understand the remainder of Professor Rubenstein's questions to be focused on the relationship between the PEC and private attorneys representing local governments (or non-governmental plaintiffs) in state courts, so we leave them to others to answer.[2] However, because the fourth question relates to the size of a common benefit assessment, we reiterate the view expressed in the first NAAG letter that the overall percentage of any settlement devoted to attorneys' fees – including the amount paid into a common benefit fund – must be fair and appropriate. It must not improperly reduce relief to communities that have been harmed by the devastating opioid crisis. As stated there, we desire to find a reasonable and equitable way that all parties that have devoted substantial time and resources to this MDL and state court litigation are fairly compensated, including private attorneys and Attorneys General Offices.

We appreciate your thoughtful consideration of the issues that the Attorneys General have raised to the common benefit fund motion. We emphasize our continued desire to work collaboratively with you, the PEC, and the other private attorneys on finding resolution to the attorneys' fee issue, and our belief that no party involved in these complex negotiations can be coerced into a settlement.

Respectfully submitted,

Josh Stein
North Carolina Attorney General

Ken Paxton
Texas Attorney General

Kevin G. Clarkson
Alaska Attorney General

Mark Brnovich
Arizona Attorney General

---

[2] However, if the reference to "state court litigants" in Professor Rubenstein's third question, or to parties with "individually-retained plaintiffs' attorneys" in his fifth question, is intended to include the Attorneys General, we reiterate the jurisdictional and federalism objections raised in the first NAAG letter against the taxation of states through a common benefit order.

Xavier Becerra
California Attorney General

Phil Weiser
Colorado Attorney General

William Tong
Connecticut Attorney General

Kathleen Jennings
Delaware Attorney General

Karl A. Racine
District of Columbia Attorney General

Clare E. Connors
Hawaii Attorney General

Lawrence Wasden
Idaho Attorney General

Kwame Raoul
Illinois Attorney General

Curtis T. Hill, Jr.
Indiana Attorney General

Tom Miller
Iowa Attorney General

Derek Schmidt
Kansas Attorney General

Daniel Cameron
Kentucky Attorney General

Jeff Landry
Louisiana Attorney General

Aaron M. Frey
Maine Attorney General

Brian Frosh
Maryland Attorney General

Maura Healey
Massachusetts Attorney General

Dana Nessel
Michigan Attorney General

Keith Ellison
Minnesota Attorney General

Lynn Fitch
Mississippi Attorney General

Eric S. Schmitt
Missouri Attorney General

Douglas Peterson
Nebraska Attorney General

Aaron D. Ford
Nevada Attorney General

Gordon MacDonald
New Hampshire Attorney General

Gurbir S. Grewal
New Jersey Attorney General

Hector Balderas
New Mexico Attorney General

Wayne Stenehjem
North Dakota Attorney General

Ellen F. Rosenblum
Oregon Attorney General

Josh Shapiro
Pennsylvania Attorney General

Peter F. Neronha
Rhode Island Attorney General

Herbert H. Slatery III
Tennessee Attorney General

Mark R. Herring
Virginia Attorney General

Joshua L. Kaul
Wisconsin Attorney General