UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: *"Track Three Cases"* | ) ) ) ) ) ) | SPECIAL MASTER COHEN  **RULING REGARDING RE-DEPOSITION OF WITNESSES** |

During the course of discovery in the "Track One" MDL bellwether cases, counsel for the parties deposed nearly 500 party, non-party, and expert witnesses.[1] The parties are now pursuing discovery in the "Track Three" MDL bellwether cases. This raises the issue of what limitations should be imposed on the re-deposition of witnesses whom counsel earlier deposed in the "Track One" cases.

The Track Three plaintiffs and defendants submitted to the undersigned competing proposals. Having reviewed these proposals, the Special Master now rules as follows.

**Subject Matter**

The parties shall strive to ensure that questioning of a witness during re-deposition is not

---

[1] In addition, many of these same attorneys participated at depositions of witnesses in related opioid litigation pending in State courts.

duplicative of questioning that occurred at the witness's prior MDL deposition.  Thus, for example, if an expert witness submits opinions in Track Three that are entirely coterminous with those submitted in Track One, the mere fact that re-deposition of the expert for 3.0 hours is ***allowed*** does not mean 3.0 hours should be ***used*** – questioning at re-deposition may not be duplicative of prior questioning at the first deposition.[2]

**Agreement of the Parties**

The limitations below are bright-line default rules, issued in order to minimize disagreements and the need for numerous witness-specific rulings from the Special Master.  This means these limitations will, in some instances, not be as closely tailored as they could be to the needs of the parties or the circumstances of an individual witness.

Accordingly, the Special Master stresses that the limitations below may be overridden by agreement of the parties.  Thus, to offer some simple examples, the parties may negotiate agreements that: (1) each side may identify two expert witnesses from the other side who will be re-deposed for 8.0 hours, instead of the time allotted below; (2) defendants will depose plaintiff expert A for only 2.0 hours if allowed to depose plaintiff expert B for 10.0 hours; or (3) plaintiffs may re-depose a specific defendant's party fact-witness for two hours more than the time allotted below, in exchange for defendants being allowed to depose a new plaintiff's party fact witness for one hour more than normally allowed under Fed. R. Civ. P. 30(d)(1), plus being allowed to re-depose a specific plaintiff's expert for an additional hour.  Creative and multipartite agreements of this sort are

---

[2] That said, the parties should give each other reasonable, good-faith leeway.  The Special Master does not want to receive unnecessary mid-deposition requests for ruling on whether questioning is duplicative.

encouraged, to allow for better tailoring of re-deposition limits to the parties' needs surrounding a specific witness.

**Party Fact Witnesses**

Absent agreement otherwise by the parties, re-deposition of a party fact witness shall be limited to 3.5 hours.

**Expert Witnesses**

Absent agreement otherwise by the parties: (1) re-deposition of an expert witness who files an expert report in Track Three that is identical to their report in Track One shall be limited to: (a) 3.0 hours, or (b) 0.75 hours per defendant family that is the subject of that expert's defendant-specific opinions, whichever is longer;[3] (2) re-deposition of an expert witness who files in Track Three an expert report that is moderately amended compared to their report in Track One (i.e., contains some new or different opinions) shall be limited to: (a) 5.0 hours, or (b) 1.25 hours per defendant family that is the subject of that expert's defendant-specific opinions, whichever is longer;[4] and (3) re-deposition of an expert witness who files in Track Three an expert report that is

---

[3] To explain: if the expert's report contains ***defendant-specific opinions*** regarding all five Track Three defendant-families – that is, CVS, Rite Aid, Giant Eagle, Walgreens, and Walmart – then the deposition time limit is 5 x 0.75 hours = 3.75 hours.  If instead the expert opines generally about pharmacies (or addiction or any other topic) and does ***not*** offer defendant-specific opinions, then the deposition time limit is 2.75 hours.

[4] ***Any*** substantive amendment by the expert of the report they file in Track Three, as compared to the report they filed in Track One, means the re-deposition time limit is 6.0 hours.  The time limit is 2.5 hours if the Track Three report is identical to the Track One report, or if any amendments are only stylistic or truly *de minimis*.

largely new compared to their report in Track One (i.e., contains many new opinions) shall be limited to: (a) 7.0 hours, or (b) 1.75 hours per defendant family that is the subject of that expert's defendant-specific opinions, whichever is longer.[5]

**Non-Party Fact Witnesses**

Time limits for re-deposition of non-party fact witnesses will be determined on an ad hoc basis. The parties should undertake best efforts to come to agreement before seeking a ruling from the undersigned.

**Exceptions**

The Special Master is hesitant to write this, but he will allow for exceptions to the above-listed limitations for **very good cause shown**. The Special Master will be very reluctant to make exceptions, however, and directs the parties to instead manufacture their own exceptions by negotiating *quid pro quo* agreements.

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
DAVID R. COHEN
SPECIAL MASTER

**Dated:** June 25, 2020

---

[5] While there is no clear distinction between an expert's Track Three report that contains "some" new opinions and "many" new opinions compared to their Track One report, if more than roughly 40% of the expert report content is new, then it is "largely" new.