**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 |
| | ) |
| | ) **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) |
| | ) **Judge Dan Aaron Polster** |
| *County of Monroe, Michigan v.* | ) |
| *Purdue Pharma L.P., et al.,* | ) **ORDER** |
| Case No. 1:18-op-45158-DAP | ) |

Before the Court is the Distributors' Motion to Certify Under 28 U.S.C. § 1292(b) the Court's April 30, 2020 Order Denying In Part Their Motion to Dismiss Monroe County's Claims, for Purposes of Seeking Immediate Appeal. Doc. #: 3312. After consideration of all the briefing and for the reasons set forth below, the Court **DENIES** Distributors' Motion.

## I.    BACKGROUND

On April 30, 2020, the Court issued an Opinion and Order denying in part Defendants' Motions to Dismiss Plaintiff's claims. Doc. #: 3285. Distributors now ask the Court to certify for immediate appeal the following issues:

1.  Whether Plaintiff's allegations satisfy RICO's direct injury and proximate causation requirement.

2.  Whether Plaintiff's allegations satisfy RICO's requirement of injury to "business or property."

3.  Whether Plaintiff's remaining claims must be dismissed because they are state law claims that constitute a "product liability action" barred by the Michigan Product Liability Act ("MPLA").

## II. LEGAL STANDARD

A district court may certify an interlocutory order for immediate appeal when (1) the order involves a controlling question of law; (2) there exists a substantial ground for difference of opinion regarding the controlling question; *and* (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certifying appeal under § 1292(b) is warranted "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). "[D]oubts regarding appealability [should be] resolved in favor of finding that the interlocutory order is not appealable." *Adell v. Cellco P'ship*, No. 1:18cv623, 2019 WL 5285627, at *1 (N.D. Ohio Oct. 18, 2019) (quoting *United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir. 1995)).

## III. ANALYSIS

This Court previously considered and denied a similar request by Distributors to certify for interlocutory appeal the Court's partial denial of their motion to dismiss Plaintiffs' RICO claims in *Cleveland Bakers & Teamsters Health & Welfare Fund et al. v. Purdue Pharma, L.P. et al*, No. 18op45432. Doc. #: 3289. The instant motion presents an additional question regarding the MPLA, which was not at issue in *Cleveland Bakers*. Thus, the Court first considers whether the inclusion of this additional issue dictates a different outcome under § 1292(b).

### a. Michigan Product Liability Act[1]

Distributors seek review of whether the MPLA, which provides immunity for product liability actions against manufacturers and sellers, requires dismissal of Plaintiff's state law claims. This Court determined it does not because Plaintiff's claims against Distributors are not based on

---

[1] As Distributors note, the statute is not officially titled the "Michigan Product Liability Act," but courts routinely refer to it as such. Doc. #: 3312-1 at 16 n.11 (citing *Baye v. HBI Branded Apparel Enters.*, No. 12cv12869, 2013 WL 6546815, at *2 (E.D. Mich. Dec. 13, 2013)).

"production of a product" and therefore do not constitute a "product liability action" as defined by the MPLA. Doc. #: 3285 at 16–17.

Distributors seek to challenge the Court's conclusions regarding the sufficiency of Plaintiff's complaint and thus the issues for appeal are questions of law.[2] *See In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) ("The sufficiency of a complaint is a question of law."); *see also United States ex rel. Elliott v. Brickman Group Ltd., LLC*, 845 F. Supp. 2d 858, 865 (S.D. Ohio 2012) ("[T]he question of dismissal of a complaint pursuant to Rule 12(b)(6) is a question of law."); Doc. #: 3289 at 2. Distributors are not, as Plaintiff asserts, challenging the application of law to fact. The Court ruled Plaintiff stated claims sufficient to survive a 12(b)(6) motion to dismiss; the Sixth Circuit instructs this is a question of law. *In re Trump*, 874 F.3d at 951. Plaintiff attempts to distinguish *In re Trump* because it involved the of the President of the United States as a party. But that "unique circumstance" did not inform the Court's conclusion that the case involved a question of law. The Court followed prior Sixth Circuit authority in finding whether the district court's order finding the allegations of the complaint sufficiently stated valid claims presented a question of law. 874 F.3d at 951 (citing *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)). The remaining cases cited by Plaintiff are contrary to this authority or involve distinct legal issues and therefore do not alter the Court's conclusion.[3]

A question of law is controlling if it could "materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351; *see also In re Flint Water Cases*, No. 16cv10444, 2018 WL

---

[2] While any denied motion to dismiss could meet this requirement, it does not follow that all such rulings would satisfy § 1292(b) in its entirety. *Cf. In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, No. 08-1967, at *2 (W.D. Mo. Jan. 19, 2010).

[3] *See Sheet Metal Emp'r Indus. Promotion Fund v. Absolut Balancing Co.*, 830 F.3d 358, 361 (6th Cir. 2016) (reviewing district court's determination regarding applicable law); *In re Gen. Motors, LLC*, No. 19-0107, 2019 WL 8403402, at *1 (6th Cir. Sept. 25, 2019) (declining to review narrow question of law); *Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2019 WL 5684371 at *3 (E.D. Mich. Nov. 1, 2019) (finding, without citation and contrary to *In re Trump* and *Napolitano*, factual sufficiency of a complaint is not a legal question).

10467299 at *2 (E.D. Mich. Oct. 31, 2018) (A question for appeal "must do more than provide expeditious review of an issue that could otherwise be decided following final disposition. It must represent a question that, if appealed would have a tangible impact on the proceedings."). This does not require that reversal of the district court's order would terminate the action. *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). But an issue that may result in dismissal of some claims does not materially affect the outcome of the case if a number of claims or theories providing additional grounds for recovery will remain after dismissal. *See In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d 844, 852 (W.D. Tenn. 2010).

In *Cleveland Bakers*, this Court found the issues for appeal were not controlling because Plaintiffs' additional claims and theories of recovery would survive independent of those issues. Doc. #: 3289 at 2. Here, Distributors seek review on multiple issues that together could dispose of the entire case. Thus, whether the issue is controlling is a closer question. But the Court need not decide whether the MPLA issue on its own presents a controlling question, in light of the following conclusion regarding substantial ground for difference of opinion.[4]

Substantial ground for difference of opinion exists when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013); *United States ex rel. Elliott v. Brickman Group Ltd., LLC*, 845 F. Supp. 2d 858 (S.D. Ohio 2012).[5] This element has been

---

[4] The Court does, however, reject Plaintiff's contention that the issues are not controlling because a dismissal after appeal might be without prejudice. Courts routinely certify and review similar issues notwithstanding this reality. *See, e.g.*, *Kollaritsch v. Michigan State Univ. Bd. of Trustees*, 944 F.3d 613, 619 (6th Cir. 2019) (reviewing denial of motion to dismiss); *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d at 1172.

[5] Distributors argue difference of opinion exists where "reasonable jurists might disagree on an issue's resolution." Doc. #: 3312-1 at 6 (citing *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017)). This simplified interpretation comes from

characterized as requiring "genuine doubt or conflicting precedent as to the correct legal standard." *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 644 (N.D. Ohio 2016) (citation omitted) (declining to certify appeal where defendant cited no precedent calling into question court's interpretation of statute and failed to demonstrate difference of opinion within or among circuits).

The MPLA provides a defense to product liability actions involving FDA-approved drugs. *See* MCL § 600.2946(5). A product liability action is defined as "an action based on a legal or equitable theory of liability brought for the death of a person or for injury to a person or damage to property caused by or resulting from the production of a product." MCL § 600.2945(h). The definition of "production" includes "marketing, selling, advertising, packing, or labeling." MCL § 600.2945(i). In their motion to dismiss, Distributors argued that Plaintiff's claims premised on Defendants' alleged failure to identify, report, investigate, and not ship suspicious orders, *i.e.*, the anti-diversion theory, implicates the "selling" of opioids and thus are claims resulting from "production of a product" and are barred by the MPLA. This Court disagreed, finding Plaintiff's claims fall outside the definition of "production of a product." Doc. #: 3285 at 16. The Order refers to the dictionary definition of "sell" and concludes Plaintiff's claims are instead based on Defendants' distinct alleged conduct in "disregarding their legal duties to prevent diversion." Doc. #: 3285 at 16–17 ("[T]he claims depend on whether Defendants failed to adequately implement required controls, to ensure their otherwise safe and non-defective drugs were not diverted to the black market.").

As Distributors state, under Michigan law, "[t]he primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. It is presumed that the legislature intended the plain and obvious meaning it expressed." Doc. #: 3312-1 at 18 (citing

---

the Ninth Circuit. *In re Trump*, 874 F.3d at 952 (quoting *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). This Court instead looks to the standard endorsed in *In re Miedzianowski*, 735 F.3d at 384.

*Duronio v. Merck & Co.*, No. 267003, 2006 WL 1628516, at *2 (Mich. Ct. App. June 13, 2006)). The Court agrees. But Distributors do not contend the Court's conclusion that Plaintiff's claims fall outside the MPLA defies the plain meaning of the statute. Instead, they argue reasonable jurists could disagree with the conclusion that Plaintiff's claims are not based on "production of a product," asserting Michigan courts interpret the MPLA's immunity provisions "broadly." In support, Distributors rely on cases describing legislative intent and the "myriad of activities" protected by the statute. Doc. #: 3312-1 at 20 (citing *Taylor v. SmithKline Beecham Corp.*, 658 N.W.2d 127, 131 (Mich. 2003); *White v. SmithKline Beecham Corp.*, 538 F. Supp. 2d 1023, 1030 (W.D. Mich. 2008)). Distributors do not explain how these cases show substantial ground for difference of opinion regarding whether Plaintiff's claims are based on mere "selling" of opioids and are not product liability claims.

Nor does *Merck* support Distributors' position. There, the Court found the MPLA barred plaintiffs' claims alleging loss caused by *marketing* and *advertising*—conduct expressly covered by § 600.2945(i) separately from "selling." *See Attorney General v. Merck Sharp & Dohme Corp.*, 807 N.W.2d 343, 348 (Mich. Ct. App. 2011).[6] Distributors mistakenly focus on the injury component of the Court's analysis, which does not necessitate a broad reading of "production of a product" generally, or "selling" specifically.[7] *Id.* at 350 (concluding plaintiffs asserted claims for "damage to property" and MPLA is not limited to claims brought by consumers). Finally, this Court's Order did not, as Distributors imply, merely accept Plaintiff's assertion it is not pursuing a product liability action. Doc. #: 3312-1 at 21 (citing *Duronio*, 2006 WL 1628516, at *2). The

---

[6] Likewise, a case where the MPLA barred claims based on manufacture and testing is not instructive. *See Griffus v. Novartis Pharm. Corp.*, No. 06-10891, 2006 WL 2583129, at *2 (E.D. Mich. Sept. 6, 2006).

[7] Just as it is "for the Legislature, not the Court, to narrow the application of the statute by amending or redrafting its terms," 807 N.W.2d at 350, it is for the Legislature, not the Court, to expand the statute's scope.

Court considered the language of the MPLA and determined Plaintiff's claims fall beyond its plain meaning.

Distributors have not identified any precedent calling into question this Court's interpretation of the MPLA and have not otherwise demonstrated any substantial ground for difference of opinion regarding this question.[8] *See Jackson*, 219 F. Supp. 3d at 644. Considering the foregoing, the Court does not need to decide whether appeal of the MPLA question would materially advance ultimate termination of the litigation.

### b.  RICO

Having determined Distributors' objections to the ruling regarding the MPLA do not warrant immediate appeal, the Court is left with the RICO issues. This is precisely what the Court considered, and rejected, on Distributors' motion to certify appeal in *Cleveland Bakers*.[9] Thus, the Court incorporates the reasoning and conclusion in its Order in that case, Doc. #: 3289.

### IV.  CONCLUSION

For all the reasons stated above, Distributors' Motion does not meet the standard set by § 1292(b) and does not present the "exceptional case" warranting appeal. *See In re City of Memphis*, 293 F.3d at 351. Therefore, Distributors' Motion (Doc. #: 3312) is **DENIED**.

**IT IS SO ORDERED.**

 **/s/ Dan Aaron Polster  June 30, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[8] Because this Court determined Plaintiff's claims are not based on "production of a product" it did not need to address in the Order denying the motion to dismiss whether the claims are "brought for the death of a person or for injury to a person or damage to property." Doc. #: 3285 at 17 n.27. Distributors assert there is substantial ground for difference of opinion as to this element as well. The Court again need not reach this issue due to its conclusion regarding "production of a product."
[9] The Court notes plaintiffs in *Cleveland Bakers* are third-party payors and Plaintiff here is a county, but this distinction did not bear on the Court's prior ruling and does not require a different result here.