# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: | |
| *Track One Cases* | Judge Dan Aaron Polster |

### AMERISOURCEBERGEN DRUG CORPORATION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant AmerisourceBergen Drug Corporation ("ABDC"), by and through its undersigned counsel, hereby supplements its responses and objections to Plaintiff's First Set of Requests for Production of Documents (the "Requests").  ABDC reserves its right to further supplement these responses and objections as appropriate.

### <u>GENERAL OBJECTIONS[1]</u>

1.      ABDC asserts the following General Objections.  Each individual response to the Request is subject to, and limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth.  Although specific objections are also interposed in response to individual Requests, in part for clarity, the failure to repeat any part of these General Objections shall not be construed as a waiver of any objection.

---

[1] ABDC incorporates its November 12, 2018 Response to Plaintiffs' October 19, 2018 Letter Regarding ABDC's Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories as it relates to ABDC's General Objections and Objections and Modifications of Defined Terms.

2.     ABDC objects to the Requests to the extent that they fail to comply with, or seek to alter, the rights and obligations imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the Court, including to the extent that the discovery sought is not proportional to the needs of this case pursuant to Fed. R. Civ. P. 26(b)(1).

3.     ABDC objects to the Requests to the extent they seek information not relevant to the Track One Cases, as defined in Case Management Order No. 1 (Dkt. No. 232), and/or are inconsistent with Special Master Cohen's Discovery Rulings No. 2 and 3 (Dkt. Nos. 693, 762, 868).  Specifically, ABDC objects to the Interrogatories to the extent they seek discovery (other than transactional data and suspicious order) prior to 2006, and "Category Two Discovery" beyond the geographic scope of Cuyahoga and Summit Counties.

4.     ABDC objects to the Requests to the extent that they seek information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, Rule 26(b) of the Federal Rules of Civil Procedure relating to trial preparation materials, or is otherwise privileged and/or immune from discovery.  This objection includes, but is not limited to, information requested by Plaintiffs that relates to mental impressions, conclusions, opinions or legal theories of any attorney or representative of ABDC, and such information generated subsequent to the events upon which this lawsuit is based and during or in anticipation of litigation.

5.     ABDC objects to the Requests to the extent they seek information and/or documents already in the possession, custody, or control of the Plaintiffs, equally accessible to Plaintiffs, and/or available to Plaintiff in the public domain.  This includes, but is not limited to, information produced by the Drug Enforcement Administration pursuant to the Court's Orders dated April 11, 2018 (Dkt. No. 233) and May 8, 2018 (Dkt. No. 397).

6.      ABDC objects to the Requests on the grounds that they contain unwarranted factual and legal conclusions.  A response by ABDC shall not be construed as an admission by ABDC that any factual or legal conclusion or assertion contained in Plaintiffs' Requests is true or accurate.  ABDC's responses are not intended to be, and shall not be construed as, an agreement or concurrence with Plaintiffs' characterization of any facts or circumstances contained in those Requests.

7.      In providing the following responses to the Requests, ABDC has undertaken a reasonable effort to provide the documents requested, to the extent the requested documents are not subject to objection.  ABDC reserves the right to further supplement its responses.

8.      ABDC objects to the Requests to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost, including, to the extent they exist, backup media, storage media from legacy systems, audio recordings, and telephone records.

9.      Each of the above objections is incorporated into each response below.

## <u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

1.      ABDC objects to the definition of the terms "You" and "Your" on the grounds that the definition is overly broad, vague, and ambiguous, encompassing business units and individuals who have no connection to the issues presented in this matter and are not relevant to any claim or defense in the case.  For purposes of responding to the Requests, ABDC interprets the definition of "You" and "Your" to mean AmerisourceBergen Drug Corporation, which is the primary wholesale pharmaceutical distribution business of AmerisourceBergen Corporation.

2.      ABDC objects to the definition of the term "Customer" on the grounds that the definition is overly broad, confusing, vague, and ambiguous.  For purposes of responding to the Requests, ABDC interprets the definition of "Customer" to mean (a) ABDC's primary national retail and independent retail pharmacy customers and institutional healthcare provider customers who conduct business within the City of Cleveland, Cuyahoga County, or Summit County, and (b) manufacturers and suppliers from which ABDC obtained Opioids (as defined herein) that it distributed to pharmacy and healthcare provider customers within the City of Cleveland, Cuyahoga County, or Summit County.

3.      ABDC objects to the definitions of the terms "Opioid" and "Opioid Products" on the grounds that the definitions are overly broad, vague, and ambiguous.  As drafted, the definitions encompass all pain control medication, including non-controlled and over-the-counter medication.  For purposes of responding to the Requests, ABDC interprets the terms "Opioid" and "Opioid Products" in a manner consistent with the definition of "Opioids" set forth at 21 C.F.R. §§ 1308.12(b)(1), (c); 1308.13(e)(1), (e)(2)(i); and 1308.14(b).

4.      ABDC objects to the time frame proposed for its responses to the Requests on the grounds that the specified twenty-eight year time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of material relevant to any claim or defense in this action.  ABDC will produce documents and information from January 1, 2006 to the date of its original Response (May 29, 2018).

5.      ABDC objects to the Instruction concerning the form of production for ESI. ABDC will produce ESI in accordance with the ESI Protocol, Dkt. No. 443 (May 15, 2018).

- 4 -

## RESERVATION OF RIGHTS

1.      ABDC's investigation is ongoing as to all matters referred to in these Objections and Responses to Plaintiffs' Requests.   ABDC's Objections and Responses reflect its investigation to date.  ABDC reserves the right to modify and supplement its Objections and Responses as appropriate.

2.      These Objections and Responses are made without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information or documents produced in response to the Requests; (ii) the right to object on any ground to the use of the information or documents produced in response to the Requests at any hearings or at trial; (iii) the right to object on any ground at any time to a request for further responses to the Requests; or (iv) the right at any time to revise, correct, add to, supplement, or clarify any of the objections contained herein.

3.      The information and documents provided in response to these Requests are for use in this litigation and for no other purpose.  Any production of documents is subject to the Protective Order (Dkt. No. 441).

## REQUEST FOR PRODUCTION

**I.     Corporate Structure and Relationships, Business Model and Financial Information**

**Request No. 1.**      All agreements to purchase, procure and/or distribute Opioids or Opioid Products between You and any of the Defendants in this matter, and/or any manufacturer, supplier, wholesaler or any entity in the supply chain, including Documents sufficient to show Your compensation under those agreements.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request on the grounds that the phrase "any entity in the supply chain" is

vague, ambiguous, and subject to multiple interpretations.  ABDC further objects to this Request

as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

information or documents relevant to any claim or defense in this action to the extent it is not

limited to manufacturers, suppliers, wholesalers or other "entities in the supply chain" with a

connection to ABDC's distribution of Opioids to Summit or Cuyahoga Counties in Ohio or,

more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in

Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids

resulting in purported harm to Plaintiffs.

Subject to and without waiving its objections, ABDC has produced Master Services

Agreements and/or Prime Vendor Agreements with the named Defendant manufacturers, and for

a subset of Customers in the Track One Jurisdictions.

**Request No. 2.**        All agreements with any Customers to whom You distribute Opioid
Products or provide services or solutions, including but not limited to data analytics, outcomes
research, reimbursement and pharmaceutical consulting services, niche logistics services,
inventory management, pharmacy automation, pharmacy management, and packaging solutions,
assistance with product launches, promotional/marketing services, product data reporting,
logistical support, generic product purchasing/private label services, hospital/pharmacy
consulting to improve operation efficiencies, and  packaging solutions, outcome research,
contract field staffing, patent assistance and copay programs, adherence programs, risk
mitigation services. Documents should be sufficient to show Your compensation under said
agreements.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of information or documents relevant to any claim or defense in this

action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or

Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies

or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have

actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC further objects to this

Request to the extent that it seeks documents related to services beyond those associated with

ABDC's distribution of Opioids in Cuyahoga or Summit Counties in Ohio.

Subject to and without waiving its objections, ABDC has produced Master Services

Agreements and/or Prime Vendor Agreements with the named Defendant manufacturers, and for

a subset of Customers in the Track One Jurisdictions.

**Request No. 3.**        All Documents regarding the safety or efficacy of Opioids or Opioid
Products, including but not limited to all Documents evidencing any actions You took to
evaluate, analyze, study or ensure that the Opioid Products You distributed were safe and
effective and/or were safe and effective for chronic pain and long-term use.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request on the grounds that it is not reasonably calculated to lead to the

discovery of information or documents relevant to any claim or defense in this action.  As a

wholesale distributor, ABDC has a defined role in the closed and closely regulated system

governing the legal distribution of Opioids.  That role does not include challenging the FDA

approved label or FDA approval status of the Opioids it distributes, nor does it involve activities

by ABDC to evaluate, analyze, or study the safety and/or effectiveness of the Opioids it

distributes.  As such, ABDC has not identified any documents responsive to this Request.

**Request No. 4.**        All financial statements, revenue statements, costs incurred and
projections, budgets, cash flow analysis, and profit and loss statements for each Opioid Product
You have distributed.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request on the grounds that it calls for the assembly of information not maintained in the ordinary course of business.  Subject to and without waiving its objections, ABDC will produce documents responsive to this Request for the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 5.**　　All committee, departmental and/or Board of Directors meeting minutes, agendas, handouts, and attendance logs, including all draft versions of the same, relating to the marketing, sale, distribution, franchises, safety, efficacy, reimbursement, or diversion of Opioids or Opioid Products

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC further objects to this Request on the grounds that the term "marketing" is vague and ambiguous.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request for the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 6.**      Your marketing plans, business plans or strategic plans both nationally and by state and region for all Your business segments including but not limited to AmerisourceBergen Specialty Group, AmerisourceBergen Drug Corporation and Pharmaceutical Distribution Services, from 1990 to present, including any marketing or business plans relating to Opioids or Opioid Products.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it seeks documents for a period of twenty-eight years.   AmerisourceBergen Specialty Group, AmerisourceBergen Drug Corporation, and Pharmaceutical Distribution Services did not exist in their current form in 1990 and for much of the proposed time period.  ABDC further objects to this Request on the grounds that the terms "marketing plans," "business plans," and "strategic plans" are vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request for the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 7.**      All Documents concerning training of Your agents, employees or contractors (including but not limited to Your marketing and sales personnel) for all Your business segments including but not limited to AmerisourceBergen Specialty Group, AmerisourceBergen Drug Corporation and Pharmaceutical Distribution Services business segments, including but not limited to: (a) training manuals outlining the identification and

reporting of evidence concerning abuse, Suspicious Orders, or potential criminal activity and any measures You take regarding prevention of diversion, abuse or misuse of Opioid Products; (b) management training manuals instructing managers or trainers on how to provide such training; (c) job descriptions for each marketing or sales position related to Your Opioid Products, including any officer(s) and vice presidents in charge of sales.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to Subpart (c) of this Request as an improper attempt to impose obligations beyond those established in Case Management Order No. 1 regarding the number of Requests for Production which may be propounded to any party.  Subpart (c) is wholly unrelated to the remainder of Request No. 7 and should be stricken in its entirety.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request for the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 8.**　　　All Documents regarding the role of Your sales or marketing departments or any other departments with respect to Suspicious Orders from 1990 to present, including (a) whether persons responsible for overseeing, monitoring or reporting Suspicious Orders report, directly or indirectly, to persons in the sales or marketing departments; and (b) the role or authority of Your sales or marketing departments in the hiring, firing, promotion, compensation, demotion, admonition, discipline, commendation, or periodic performance reviews of persons responsible for overseeing, monitoring or reporting Suspicious Orders.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to the proposed time frame on the grounds that the specified twenty-eight year time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action.  ABDC further objects to this Request to the extent that it seeks documents related to services beyond those associated with ABDC's distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs. ABDC further objects to this Request on the grounds that the term "marketing" is vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving its objections, ABDC responds that there is no overlap between ABDC's sales and marketing functions and those personnel responsible for Suspicious Orders.  As such, ABDC has not identified any documents responsive to this Request.

**Request No. 9.**      All marketing and/or other Documents from 1990 to the present provided to Customers relating to the distribution of Opioids or Opioid Products and/or the provision of services or solutions including but not limited to data analytics, outcomes research, reimbursement and pharmaceutical consulting services, niche logistics services, inventory management, pharmacy automation, pharmacy management, and packaging solutions, assistance with product launches, promotional/marketing services, product data reporting, logistical support, generic product purchasing/private label services, hospital/pharmacy consulting to improve operation efficiencies, and packaging solutions, outcome research, contract field staffing, patent assistance and copay programs, adherence programs, risk mitigation services.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request on the grounds that the term "marketing and/or other Documents" is vague, ambiguous, and subject to multiple interpretations.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it seeks information or documents unrelated to ABDC's distribution of Opioids in Cuyahoga or Summit Counties in Ohio, and on the grounds that it seeks documents provided to Customers for a period of twenty-eight years.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 10.**      All Documents provided to any Customer regarding Opioids or Opioid Products whether created by You, received by You, or used or distributed by You from 1990 to present, regarding the safety, efficacy or risk of Opioids or Opioid Products or prevention of diversion, abuse or misuse of Opioids or Opioid Products. This should include but not be limited to education and educational materials provided by industry organizations like Healthcare Distribution Alliance or Healthcare Distribution Management Association or distributed to You at any DEA Conference (such as DEA's Pharmaceutical Industry Conference).

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action.  As a wholesale distributor, ABDC has a defined role in the closed and closely regulated system governing the legal distribution of Opioids.  That role does not include challenging the FDA approved label or FDA approval status of the Opioids it distributes, nor does it involve activities by ABDC to evaluate, analyze, or study the safety and/or effectiveness of the Opioids it

- 12 -

distributes.   ABDC further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of information or documents relevant to any claim

or defense in this action to the extent that it seeks information or documents unrelated to

ABDC's distribution of Opioids in Cuyahoga or Summit Counties in Ohio or, more specifically,

to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged

to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC further

objects on the grounds that it seeks documents provided to Customers for a period of twenty-

eight years.

Subject to and without waiving its objections, ABDC will produce non-privileged

documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018

to the extent such documents exist, can be located and have not already been produced.

**Request No. 11.**      All Documents regarding Your agreements with, membership in,
attendance, participation, or involvement in any meeting, council, committee, task force, or
working group of any industry trade group or association about the manufacture, development,
formulation, marketing, advertising, sale, reimbursement, pricing, distribution, Quotas or
diversion of Opioids or an Opioid Product or laws, rules or regulations or proposed laws, rules or
regulations applying to Opioids or Opioid Products, including but not limited to:

    a.  Healthcare Distribution Management Association (HDMA);
    b.  Healthcare Distribution Alliance (HDA);
    c.  Pain Care Forum (PCF);
    d.  National Association of Chain Drug Stores (NACDS); and
    e.  Pharmaceutical Research and Manufacturers of America (PhRMA).

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request on the grounds that the terms "marketing" and "advertising" are

vague, ambiguous, and subject to multiple interpretations.  ABDC further objects to the extent

- 13 -

that this Request implies ABDC is a member or has otherwise participated in any of the listed

organizations.

Subject to and without waiving its objections, ABDC will produce non-privileged

documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018

to the extent such documents exist, can be located and have not already been produced.

## II.    Quotas and Supply

**Request No. 12.**        All Documents regarding the assessment and establishment of thresholds, needs, Quotas, or rescheduling[2] for Opioids or Opioid Products. This should include, but not be limited to, Documents sent or received between You and any governmental entity, Customer, third party, manufacturer of Opioids or Opioid Products, distributor of Opioid or Opioid Products, lobbyist or lobbying entity and any trade association or member or employee thereof, as well as data and analyses prepared in connection with proposed Quotas, such as projected demand estimates, net disposal information, inventories and production cycles.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of information or documents relevant to any claim or defense in this

action to the extent it seeks documents beyond those related to ABDC's distribution of Opioids

in Cuyahoga or Summit Counties in Ohio.  ABDC further objects to this Request on the grounds

that the term "thresholds" is vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving its objections, ABDC does not participate in the

establishment of Quotas or the rescheduling of Opioid Products.  As such, ABDC has not

identified any documents responsive to this Request.

---

[2] This is specifically intended to include all Documents regarding the rescheduling of hydrocodone combination products from a Schedule III to a Schedule II drug in 2014, and any actions related to said rescheduling dating back to 1996.

**Request No. 13.**      All Documents related to any thresholds or Controlled Substance limits for each Customer of Your Opioid Products from January 1, 1990 to the present or Communications between You and any Customer regarding thresholds or Controlled Substance Limits, including but not limited to, all Documents, data or analytics generated from or used in Your Controlled Substances Threshold Management Program or any similar program, committee, or data analytics system.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request on the grounds that the terms "thresholds" and "Controlled Substance limits" are ambiguous, vague, and subject to multiple interpretations.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it seeks Documents from a twenty-eight year time period.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.


**Request No. 14.**      All Documents analyzing, examining or describing the effect that a reduction or failure to increase any Quota, threshold or Controlled Substance Limits for Opioids or an Opioid Product would have on Your business, profits, sales or financial outcome for any year between 1990 and the present.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request on the grounds that the terms "thresholds" and "Controlled Substance limits" are vague, ambiguous, and subject to multiple interpretations.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it seeks information or documents unrelated to ABDC's distribution of Opioids in Cuyahoga or Summit Counties in Ohio or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it seeks documents for a period of twenty-eight years.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

### III.    Interactions with the DEA and Other Government Entities

**Request No. 15.**     All Documents related to Your DEA registration to distribute Controlled Substances from January 1, 1990 to the present, including all Form DEA-225 and Form DEA-225A applications submitted by You regarding any of Your distribution centers that sold prescription Opioids or Opioid Products from January 1, 1990 to the present, and all Documents regarding any government actions affecting or potentially affecting Your DEA registration to distribute.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this

action to the extent that it is not limited to ABDC distribution centers that distributed or sold

Opioids to Summit or Cuyahoga Counties in Ohio or, more specifically, ABDC's distribution

centers that distributed or sold Opioids to pharmacies or healthcare providers in Summit or

Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in

purported harm to plaintiffs, and on the grounds that it seeks Documents from a twenty-eight

year time period.  ABDC further objects on the grounds that "potentially affecting Your DEA

registration" is vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving its objections, ABDC  will produced responsive non-

privileged documents covering the period of January 1, 2006 to May 29, 2018 relating to

ABDC's Lockbourne distribution center, which was ABDC's primary distribution center for the

Opioids distributed or sold by ABDC in Cleveland, Cuyahoga County, and Summit County in

Ohio during that period, to the extent such documents exist, can be located and have not already

been produced.

**Request No. 16.**      All Documents You sent to or received from any governmental entity,
including but not limited to the United States Congress, Food and Drug Administration (FDA),
Drug Enforcement Agency (DEA), United States Department of Justice (DOJ), United States
Patent Office, United States Government Accountability Office fka General Accounting Office
or any state attorney general regarding (a) Opioids or Opioid Products or (b) any government
investigation, inquiry, administrative action or criminal proceeding involving Opioids or an
Opioid Product from 1990 to the present. This request is intended to include, but not be limited
to:

- All Documents related to Suspicious Orders of Controlled Substances and any Suspicious
  Order or Controlled Substance monitoring programs, including but not limited to
  Documents regarding Your Suspicious Order Monitoring System or Controlled
  Substances Monitoring Program;
- All Documents related to the February 7, 2007, December 27, 2007 and September 27,
  2006 correspondence sent to You from the United States Drug Enforcement
  Administration (DEA) related to Suspicious Orders of Controlled Substances and Your
  response to those DEA Documents;

- All Documents related to "guidance letters" and/or "Dear Registrant" letters sent to You by the DEA related to the distribution of Controlled Substances, the reporting of Suspicious Orders or Suspicious Order monitoring programs;
- All Documents related to the DEA's Distributor Initiative Program, including but not limited to briefings provided by the Diversion Control Division.
- All Documents related to any DEA briefings, Letters of Admonitions (LOA), Orders to Show Cause (OTSC), Immediate Suspension Orders (ISO), Memoranda of Understanding (MOU), Notices of Inspection (NOI) and/or Administrative Inspection Warrants (AIW).

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it seeks information or documents unrelated to ABDC's distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio or, more specifically, ABDC's distribution and sale of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it seeks documents for a period of twenty-eight years.  ABDC further objects to this Request on the grounds that it seeks privileged communications.  ABDC further objects to the extent that it seeks information regarding criminal investigations, the production of which may hinder ongoing law enforcement efforts.

ABDC has produced prior civil document productions pursuant to the terms of Case Management Order No. 1. To the extent that this Request seeks the reproduction of documents produced by ABDC in response to criminal investigations, those items were specifically excluded by Case Management Order No. 1 and ABDC will not produce such documents. Subject to and without waiving its objections or the foregoing limitation, ABDC will produced

non-privileged documents responsive to this Request to the extent such documents exist, can be located and have not already been produced.

**Request No. 17.**        All Documents concerning Communications with any legislative or administrative body including efforts to lobby government officials or entities with respect to laws, regulations or administrative actions or determinations concerning Opioids or Opioid Products as well as all Documents and Communications with third parties You employed, worked with or collaborated with respect to those interactions with any legislative, governmental or administrative body or government official(s), including but not limited to Documents concerning lobbying or advocacy related to Opioids or Opioid Products (including Documents evidencing the money spent by You on lobbying or advocacy), statements of work or agreements with those third parties, and any work product You received from those third parties. Your response should include but is certainly not limited to any such information regarding:

- All Documents related to Communications with Rep. Tom Marino [R-PA] regarding distribution of controlled substances.
- All Documents related to the Ensuring Patient Access and Effective Drug Enforcement Act of 2016 enacted by the 114th United States Congress and signed into law by President Barack Obama on April 19, 2016.
- All Documents regarding Your response to or Communications with the Subcommittee on Oversight and Investigations of the United States House of Representatives Energy and Commerce Committee arising out of the *Letters to Distributors and the DEA Regarding Alleged Pill Dumping in West Virginia* dated May 9, 2017.

**RESPONSE:**

        ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution and sale of Opioids to Cuyahoga or Summit Counties in Ohio.

        Subject to and without waiving its objections, ABDC will produced responsive non-privileged Documents covering the period from January 1, 2006 to May 29, 2018 to the extent they exist, can be located and have not already been produced.

**Request No. 18.**        Transcripts of testimony, as well as any video-taped testimony by any of Your current or former employees, officers or directors, or agents, in any court case, mediation, government investigation, government hearing or arbitration regarding the distribution of Opioids or any Opioid Products, including any exhibits referred to in that testimony.

**RESPONSE:**        ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  Subject to and without waiving its objections, ABDC has produced responsive transcripts of testimony from *State of West Virginia ex rel. v. AmerisourceBergen Drug Corporation, et al.,* No. 12-C-141 (W. Va. Cir. Ct. - Boone Cnty.).

**IV.     Data, Internal Controls and Compliance**

**Request No. 19.**        All Documents, data, electronic data interchange (EDI) and databases You received, generated, had access to or maintained from 1990 to present regarding sales, distribution or channel data monitoring of Opioids or Opioid Products, including those received, generated or available from any Customer, and/or any EDI 844 (Product Transfer Account Adjustment/Chargeback submission), EDI 849 (chargeback reconciliation), EDI 845 (Contract notification), EDI 850 (purchase order), EDI 852 (Inventory & Sales), EDI 856 (Advanced Ship Notice), EDI 867 (Detailed Sales reconciliation), IMS Health, QuintilesIMS, Iqvia, Pharmaceutical Data Services, Source Healthcare Analytics, NDS Health Information Services, Verispan, Quintiles, SDI Health, ArcLight, Scriptline, ValueCentric, Wolters Kluwer, and/or PRA Health Science, and all of their predecessors or successors in interest (the "Data Vendors") and all agreements between You and any Data Vendor, Customer, or third party providing such data, including any fee-for-service and/or inventory management agreements. This should include any analysis of that data and all Documents sufficient to show all individuals who had knowledge of, created, received or participated in that analysis and sufficient to show Your ownership interest in any Data Vendor. This should also include, but is not limited to, all analysis of the supply or shipments into a particular geographic location in relation to the population size and past supply history, diversion or abuse.

**RESPONSE:**

        ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this

- 20 -

action to the extent it seeks documents related to services beyond those associated with ABDC's

distribution of Opioids in Cuyahoga or Summit Counties in Ohio, and on the grounds that it

seeks documents for a period of twenty-eight years.

Subject to and without waiving its objections, ABDC agrees to meet and confer with

Plaintiffs to discuss the scope of this Request.

**Request No. 20.**     Any Documents, reports, submission, data, or information that You were
required to maintain, deliver, make, or submit for or to the DEA pursuant to 21 U.S.C. § 801 et
seq. and 21 C.F.R. § 1301.01 et seq. as well as all drafts of those Documents.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of information or documents relevant to any claim or defense in this

action to the extent it seeks documents over a twenty-eight year period, to the extent that it is not

limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more

specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or

Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in

purported harm to Plaintiffs, and to the extent that it seeks drafts of Documents.  ABDC further

objects on the grounds that it seeks Documents already in the possession, custody, or control of

Plaintiffs or equally accessible to Plaintiffs, including information produced by the DEA

pursuant to the Court's Orders dated April 11, 2018 and May 8, 2018.

Subject to and without waiving its objections, ABDC will conduct a reasonable search

and produce those responsive non-privileged Documents that relate to its distribution and sale of

Opioids in Cuyahoga or Summit Counties in Ohio covering the period from January 1, 2006 to

May 29, 2018, or the diversion of such Opioids, to the extent they exist, can be located., and

have not already been produced.

**Request No. 21.**    All Documents regarding Your establishment and design of a system to detect, investigate and/or address any Suspicious Orders of Opioids or Opioid Products, monitor Controlled Substances (such as Your Controlled Substance Monitoring Program), or detect, investigate and/or address signs of diversion, abuse or misuse of Opioids or Opioid Products.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request on the grounds that it seeks privileged communications.  ABDC

further objects to the proposed time frame on the grounds that the specified twenty-eight year

time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the

discovery of information or documents relevant to any claim or defense in this action.

Subject to and without waiving its objections, ABDC will produce non-privileged

documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018

to the extent such documents exist, can be located and have not already been produced.

**Request No. 22.**    All Documents related to the basis for Your compensation of persons responsible for addressing, overseeing, monitoring or reporting Suspicious Orders or who ran Your Controlled Substances Monitoring Program from 1990 to present, including Documents that evidence whether compensation is based, in whole or part, on levels of sales of Controlled Substances, revenue or profitability and all annual or periodic performance reviews or evaluations of all persons responsible for overseeing, monitoring or reporting Suspicious Orders from 1990 to present, including all metrics or goals used for each review or evaluation, and all Documents regarding each review or evaluation, including any recommendation of adverse employment decisions due to the level of sales of controlled substances.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it seeks Documents from a twenty-eight year time period.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 23.**     All Documents related to Your procedures, policies, protocols, systems, oversight committees, internal controls or instructions to identify, prevent, investigate, report and/or halt potential abuse, diversion, unlawful sales, distribution or transfer of Opioids or Opioid Products, including but not limited to any procedures, policies, protocol, internal controls or instructions from 1990 to present regarding:

a. the detection and reporting of Suspicious Orders and/or to maintaining effective controls against diversion of Controlled Substances;
b. monitoring sales of controlled substances;
c. conducting an analysis of Suspicious Orders prior to completing a sale to determine whether the Controlled Substances are likely to be/being diverted from legitimate channels to illegitimate channels;
d. Your Suspicious Order Monitoring System (SOMS) and/or U.S. Pharmaceutical Controlled Substances Monitoring Program ("CSMP") including any metrics, tools, models, workflows, platforms, computer program[s] and/or protocol[s] used or utilized in that program or system;
e. defining, discussing, referring or related to criteria used to determine Suspicious Orders such as set forth in 21 C.F.R. § 1301.74(b);
f. Customer due diligence to evaluate whether Customers are engaged in excessive and/or Suspicious Purchasing and/or dispensing, including but not limited to, utilization reports, questionnaires, order histories, survey responses, and records of site visits;
g. threshold limits of controlled substances and/or the methodology used to establish thresholds and/or threshold limits; and

  h.  Standard Operating Procedures related to the monitoring, investigation, and reporting of
      Suspicious Orders.

This Request seeks but is not limited to All Documents related to Your procedures, policies, protocols, internal controls or instructions related to compliance with Your duty to:

- "maintain effective controls against diversion of prescription opiates into other than legitimate medical, scientific, and industrial channels," 21 U.S.C.A. § 823(b)(1);
- "design and operate a system to disclose to the registrant Suspicious Orders of Controlled Substances," 21 CFR 1301.74(b);
- "inform the Field Division Office of the Administration" of "Suspicious Orders when discovered by the registrant," 21 CFR 1301.74(b);
- address "orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency," 21 CFR 1301.74(b);
- address the shipment, fulfillment, prevention, or the halting of Suspicious Orders;
- act with due diligence regarding the discovery of Suspicious Orders;
- establish a "Know Your Customer" program; and
- conduct any due diligence performed for new customers prior to filling orders of Opioids.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to the terms "address," "threshold," and "threshold limits" as vague, ambiguous, and subject to multiple interpretations.  ABDC further objects to the proposed time frame on the grounds that the specified twenty-eight year time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action.  ABDC further objects to this Request on the grounds that it seeks to impose duties on ABDC greater than those required by federal or state law.

Subject to and without waiving its objections, ABDC has produced its Order Monitoring Program policies and procedures responsive to this Request, to the extent they could be located.

**Request No. 24.**    All Documents generated by the policies, procedures, protocols and controls described in Request 26 above from 1990 to present. This includes, but is not limited to, orders, order histories, pharmacy utilization reports, customer Communication, sales

representative notes, on site visit summaries, Customer files, due diligence files, "Know Your Customer" questionnaires, survey responses, Documentation of actual or proposed threshold limits and/or controlled substance limits, records of investigations, Communication with governmental entities, data and data analysis.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it seeks Documents from a twenty-eight year time period. ABDC further objects to this Request as vague, ambiguous, and confusing to the extent that it references "policies, procedures, protocols and controls described in Request 26," but Request 26 is wholly unrelated.  ABDC will interpret this Request as referring to Request 23.  ABDC further objects to this Request on the grounds that the terms "threshold limits" and "controlled substance limits" are vague, ambiguous, and subject to multiple interpretations.

ABDC has produced a substantial amount of documents responsive to this overbroad Request.  To the extent Plaintiffs' believe ABDC's response is deficient, or that there are categories of information not produced, ABDC agrees to meet and confer with Plaintiffs to discuss the scope of this Request.

**Request No. 25.**        All Documents concerning any audit, review, investigation or due diligence performed following any indication of Suspicious Orders received by You, including the date of the audit or investigation, the outcome, and any subsequent actions by You, including

any restrictions in the supply of Opioid Products as a result of such an audit, review, investigation or due diligence.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC objects to this Request on the grounds that the phrase "any indication of Suspicious Orders received by You" is vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving its objections, ABDC will conduct a reasonable search and produce responsive non-privileged documents to the extent they relate to Suspicious Orders reported by ABDC covering the period from January 1, 2006 to May 29, 2018 to the DEA for pharmacies or healthcare providers located in Cuyahoga or Summit Counties in Ohio to the extent they exist, can be located, and have not already been produced

**Request No. 26.**      All Documents relating to the ARCOS database or the data and information derived from the ARCOS database, including, but not limited to, all reports, analysis and/or summaries utilizing data contained in the ARCOS database; all statements, reviews, evaluations and/or comments regarding the value and/or utilization of the ARCOS database; and all policies, procedures and internal controls or instructions regarding ARCOS database reporting.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC further objects on the grounds that it seeks Documents already in the possession, custody, or control of the Plaintiffs or equally accessible to Plaintiffs, including information produced by the DEA pursuant to the Court's Orders dated April 11, 2018 and May 8, 2018.  ABDC further objects on the grounds that it seeks privileged communications.

Subject to and without waiving its objections, ABDC responds that it does not have access to data maintained in the ARCOS database in the ordinary course of business and does not utilize data and information derived from the ARCOS database.  To the extent that ABDC possesses documents relating to the ARCOS database, ABDC will produce non-privileged documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 27.**      All Documents relating to the Ohio Automated Rx Reporting Systems (OARRS) database or the data and information derived from the OARRS database including but not limited to all reports, analysis and/or summaries utilizing data contained in the OARRS database and all statements, reviews, evaluations and/or comments regarding the value and/or utilization of the OARRS database.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC further objects on the grounds that it seeks privileged communications.

Subject to and without waiving its objections, ABDC responds that it does not utilize data and information derived from the OARRS database.  To the extent that ABDC possesses documents relating to the OARRS database, ABDC will produce non-privileged documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 28.**    All Documents sufficient to show how You track and secure from receipt to delivery Your Opioid Products, Your interactions with Customers regarding volume of deliveries or Suspicious Orders, including Documents sufficient to show how You deliver Opioid Products and any data You provide to any manufacturers regarding the distribution or delivery of Opioid Products or the volume of Opioid Products delivered to each Customer.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or

Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies

or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have

actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it

seeks Documents from a twenty-eight year time period.

Subject to and without waiving its objections, ABDC will conduct a reasonable search

and produce those responsive non-privileged Documents that relate to its distribution and sale of

Opioids in Cuyahoga or Summit Counties in Ohio covering the period from January 1, 2006 to

May 29, 2018, or the diversion of such Opioids, to the extent they exist, can be located and have

not already been produced

**Request No. 29.**     All Documents summarizing, documenting, or evidencing reimbursement
to any Customers for Opioids or Opioid Products, including, but not limited to, Rebate
Management System (RMS) Letters, Customer or manufacturer reimbursement, rebates, spot
reduction discounts, or chargeback programs and/or fee-for-service, inventory management or
other agreements pertaining to any such reimbursements, rebates, chargebacks, or discounts.
This request is intended to include any and all Documents or information that was provided to
any Customer relating to or in exchange for chargebacks or any other type of rebate.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3. ABDC

further objects to this Request as confusing, vague, and ambiguous to the extent it implies ABDC

is involved with reimbursement and/or chargebacks provided to customers. ABDC further

objects on the grounds that "Rebate Management System (RMS) Letters," "spot reduction

discounts," and "other agreements" are ambiguous and subject to multiple interpretations.

ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of information or documents relevant to any claim or defense

in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or

Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies

or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have

actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it

seeks Documents from a twenty-eight year time period.

Subject to and without waiving its objections, ABDC agrees to meet and confer with

Plaintiffs regarding the scope of this Request.

**Request No. 30.**      All Documents related to the ongoing operational commitments You
announced on December 7, 2017. See
https://www.amerisourcebergen.com/abcnew/newsroom/press-releases/amerisourcebergen-
announces-operating-commitments-to-address-opioid-diversion-and-abuse , ("Operating
Commitments") including but not limited to: (a) all Documents regarding the development of the
Operating Commitments; (b) all aspects of the Operating Commitments that were considered but
not implemented and the reasons why; (c) all committees or task forces assigned to develop and
implement the Operating Commitments; (d) all presentations, slide decks, white papers, meeting
minutes or briefings regarding the Operating Commitments and all Documents regarding
whether any aspect of the Operating Commitments had ever been considered for implementation
by You; and (e) why it was not implemented. This should include but is not limited to
Documents evidencing whether You ever considered implementing these programs or operating
commitments prior to December 2017.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to

the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC

further objects to this Request on the grounds that it seeks privileged communications.  ABDC

further objects to Subparts (b), (d), and (e) as overbroad to the extent they seek Documents

relating to operating commitments which were not implemented by ABDC.

ABDC will produce non-privileged documents responsive to this Request covering the

period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located

and have not already been produced.

**Request No. 31.**      All Documents relating to Your role, input or contribution, whether direct or indirect, monetary or otherwise, in any marketing, sales, educational or promotional program conducted or created by any of Your Customers relating to Opioid or Opioid Products as well as any Documents that describes any of Your marketing, sales, educational or promotional program relating to Opioids or Opioid Products.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs, and on the grounds that it seeks Documents from a twenty-eight year time period.  ABDC further objects to this Request on the grounds that the phrase "marketing, sales, educational or promotional program" is vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 32.**      Please produce a transactional log or any Document that shows all distributions of prescription Opioids or Opioid Products for Summit and Cuyahoga Counties and the City of Cleveland separately from January 1, 1990 to present. This transactional log or other Document should include the following fields of information and be provided in a format that is readily searchable:

    a.  Reporter DEA Number
    b.  Reporter Business Activity Description
    c.  Reporter Name

d.  Reporter Address
e.  Reporter City
f.  Reporter State
g.  Reporter Zip
h.  Reporter County
i.  Buyer DEA Number
j.  Buyer Business Activity Description
k.  Buyer Name
l.  Buyer Address
m.  Buyer City
n.  Buyer State (Ohio)
o.  Buyer Zip Code
p.  Buyer County
q.  Transaction Code
r.  Drug Code (oxycodone(9143), hydrocodone (9193), hydromorphone(9150), and fentanyl (9801)
s.  NDC Number
t.  Drug Name
u.  Drug Quantity
v.  Unit
w.  Action Indicator
x.  Order Form Number
y.  Correction Number
z.  Strength
aa. Transaction Date (mmddyyyy)
bb. Calculated Base Weigh in Grams (Weight of Drug)
cc. Dosage Unit
dd. Transaction ID

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to the proposed time frame on the grounds that the specified twenty-eight year time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action.  ABDC

further objects to the specified fields of information to the extent that they do not overlap with fields of information maintained by ABDC in the ordinary course of business.

Subject to and without waiving its objections, ABDC has produced Opioid-related transactional data for Cleveland, Cuyahoga County, and Summit County the period from January 1, 2002 to the May 29, 2018 in a format consistent with how the transactional data is maintained by ABDC in the ordinary course of business.

**Request No. 33.**     Produce all Documents related to any and all Suspicious Orders that were identified by You or any system You employ related to orders for Opioid or Opioid Products from January 1, 1990 to present for Summit and Cuyahoga Counties and the City of Cleveland. This request includes but is not limited to all Documents related to due diligence regarding each Suspicious Order, the results of the due diligence, any reporting that was done to the DEA related to the Suspicious Order, any Documents or Communications regarding the decision not to report to the DEA, and any Documents that indicate whether the order was shipped or not.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects to the proposed time frame on the grounds that the specified twenty-eight year time period is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action.  ABDC further objects on the grounds that it seeks privileged communications.

Subject to and without waiving its objections, for the period from January 1, 1996 to May 29, 2018, ABDC has produced Documents sufficient to identify Suspicious Order reports made to DEA relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio to the extent they have been located.  ABDC has, and will continue to produce, due diligence files of  Cuyahoga or Summit County Customer placing any such Suspicious Order, including but not limited to account opening documents, tableau files and order monitoring program data.

**Request No. 34.**      Please produce all Documents to and/or from the DEA related to You consenting or objecting to the disclosure of ARCOS data to a third-party arising out of a FOIA request or otherwise. This request includes but is not limited to all responses to notices provided under 28 C.F.R. §16.8(e) and Your detailed written statement that specifies all grounds for withholding the particular information. *Also see Madel v. U.S. Dep't of Justice*, 784 F.3d 448 (8th Cir. 2015).

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects on the grounds that it seeks privileged communications.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.

Subject to and without waiving its objections, ABDC will produce non-privileged documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018 to the extent such documents exist, can be located and have not already been produced.

**Request No. 35.**      Please produce any and all Documents related to the DEA's release of ARCOS data to the West Virginia Attorney General including but not limited to correspondence with the federal government and any compact or agreement with any governmental entity related to the future release of ARCOS data.

**RESPONSE:**

ABDC incorporates herein by reference it's General Objections, and limits its response to the time period and geographic scope established by Discovery Ruling Nos. 2 and 3.  ABDC further objects on the grounds that it seeks privileged communications.  ABDC further objects to

this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the

discovery of information or documents relevant to any claim or defense in this action to the

extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties

in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare

providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted

Opioids resulting in purported harm to Plaintiffs.

Subject to and without waiving its objections, ABDC will produce non-privileged

documents responsive to this Request covering the period from January 1, 2006 to May 29, 2018

to the extent such documents exist, can be located and have not already been produced.

Dated: November 12, 2018                    Respectfully submitted,

                                            */s Robert A. Nicholas*
                                            Robert A. Nicholas
                                            Shannon E. McClure
                                            **REED SMITH LLP**
                                            1717 Arch Street, Suite 3100
                                            Philadelphia, PA 19103
                                            Phone: (215) 851-8100
                                            RNicholas@ReedSmith.com
                                            SMcClure@ReedSmith.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 12, 2018, the foregoing was sent by electronic mail to

Liaison Counsel for the Plaintiffs and Defendants as follows:

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114-1149
Telephone: (216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: (415) 546-7300

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL
RAFERTY & PROCTOR PA
316 S. Baylen Street
Suite 600
Penascola, FL 32502
Telephone: (805) 435-7000
trafferty@levinlaw.com

*Liaison Counsel for Defendants*

Mark Cheffo, Esq.
QUINN EMANUEL
51 Madison Avenue
New York, NY 10010
markcheffo@quinnemanuel.com

Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Fax: (216) 696-0740
crendon@bakerlaw.com

Enu Mainigi
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, DC 20005
emainigi@wc.com

Geoffrey E. Hobart
COVINGTON & BURLING
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr
BARTLIT BECK
54 West Hubbard Street, Ste 300
Chicago, IL 60654
kaspar.soffelmayr@bartlit-beck.com

Tina Tabacchi
JONES DAY
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
GORDON & REED
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

/s Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8100
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com