# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track One Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**AMERISOURCEBERGEN DRUG CORPORATION'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS'
COMBINED DISCOVERY REQUESTS**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant AmerisourceBergen Drug Corporation ("ABDC"), by and through its undersigned counsel, hereby responds and objects to Plaintiff's Combined Discovery Requests (the "Combined Requests"). ABDC reserves its right to supplement these responses and objections as appropriate.

**GENERAL OBJECTIONS**

1.  ABDC asserts the following General Objections. Each individual response to a Combined Request is subject to, and limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth. Although specific objections are also interposed in response to individual Combined Requests, in part for clarity, the failure to repeat any part of these General Objections shall not be construed as a waiver of any objection.

2.  ABDC objects to the Combined Requests to the extent that they fail to comply with, or seek to alter, the rights and obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or any Order of Court (including but not limited to Case

Management Order No. 1 (Dkt. No. 232)), including to the extent that the discovery sought is not proportional to the needs of this case pursuant to Fed. R. Civ. P. 26(b)(1).

3. ABDC objects to the Combined Requests to the extent they seek information not relevant to the Track One Cases as defined in Case Management Order No. 1.  Pursuant to Case Management Order No. 1, discovery is authorized only in the three cases specified.  ABDC will provide responsive information and documents only to the extent they relate to the allegations and defenses to the Track One Cases.

4. ABDC objects to the Combined Requests to the extent that they seek information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, Rule 26(b) of the Federal Rules of Civil Procedure relating to trial preparation materials, or is otherwise privileged and/or immune from discovery.  This objection includes, but is not limited to, information requested by Plaintiffs that relates to mental impressions, conclusions, opinions or legal theories of any attorney or representative of ABDC, and such information generated subsequent to the events upon which this lawsuit is based and during or in anticipation of litigation.

5. ABDC objects to the Combined Requests to the extent they seek information and/or documents already in the possession, custody, or control of the Plaintiffs, equally accessible to Plaintiffs, and/or available to Plaintiff in the public domain.  This includes, but is not limited to, information produced by the Drug Enforcement Administration pursuant to the Court's Orders dated April 11, 2018 (Dkt. No. 233) and May 8, 2018 (Dkt. No. 397).

6. ABDC objects to the Combined Requests on the grounds that they contain unwarranted factual and legal conclusions.  A response by ABDC shall not be construed as an

admission by ABDC that any factual or legal conclusion or assertion contained in Plaintiffs' Requests is true or accurate. ABDC's responses are not intended to be, and shall not be construed as, an agreement or concurrence with Plaintiffs' characterization of any facts or circumstances contained in those Combined Requests.

7. In providing the following responses to the Combined Requests, ABDC has undertaken a reasonable effort to provide the documents requested, to the extent the requested documents are not subject to objection. ABDC reserves the right to supplement its responses.

8. ABDC objects to the Combined Requests to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost, including, to the extent they exist, backup media, storage media from legacy systems, audio recordings, and telephone records.

9. ABDC objects to the Combined Requests to the extent that they seek to impose upon ABDC any obligation to produce documents beyond those sought through the 35 requests for production propounded through Plaintiffs' First Set of Requests for Production of Documents. Pursuant to Case Management Order No. 1, Plaintiffs may not propound more than 35 Requests for Production without leave of Court. Having neither sought nor received leave of Court, Plaintiffs may not propound any new Requests for Production through the Combined Requests. Further, to the extent that the Combined Requests contains requests for ABDC to provide information of a nature that would ordinarily be sought through an interrogatory, each such request should count against the 35 interrogatories that Case Management Order No. 1 permits Plaintiffs to propound in the absence of leave of Court.

10. Each of the above objections is incorporated into each response below.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. ABDC objects to the definition of the terms "You" and "Your" on the grounds that the definition is overly broad, vague, and ambiguous, encompassing business units and individuals who have no connection to the issues presented in this matter and are not relevant to any claim or defense in the case. For purposes of responding to the Combined Requests, ABDC interprets the definition of "You" and "Your" to mean AmerisourceBergen Drug Corporation, which is the primary wholesale pharmaceutical distribution business of AmerisourceBergen Corporation.

2. ABDC objects to the definitions of the terms "Opioid" and "Opioid Products" on the grounds that the definitions are overly broad, vague, and ambiguous. As drafted, the definitions encompass all pain control medication, including non-controlled and over-the-counter medication. For purposes of responding to the Combined Requests, ABDC interprets the terms "Opioid" and "Opioid Products" in a manner consistent with the definition of "Opioids" set forth at 21 CFR. §§ 1308.12(b)(1), (c); 1308.13(e)(1), (e)(2)(i); and 1308.14(b).

3. ABDC objects to the time frame proposed for its responses to the Combined Requests to the extent that, for any specific request, such time frame is inconsistent with the time frames established by Discovery Ruling Nos. 2 and 3 (Dkt. Nos. 693 and 762). ABDC will produce documents and information consistent with the time frames established pursuant to those Rulings.

4. ABDC objects to the geographic scope proposed for its responses to the Combined Requests to the extent that it is inconsistent with the geographic scope established by Discovery Ruling Nos. 2 and 3. ABDC will produce documents and information consistent with

the geographic scope for particular categories of documents established pursuant to those Rulings.

5. ABDC objects to the Instruction concerning the form of production for ESI. ABDC will produce ESI in accordance with the ESI Protocol, Dkt. No. 443 (May 15, 2018).

## RESERVATION OF RIGHTS

1. ABDC's investigation is ongoing as to all matters referred to in these Combined Requests. ABDC's Objections and Responses reflect its investigation to date. ABDC reserves the right to modify and supplement its Objections and Responses as appropriate.

2. These Objections and Responses are made without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information or documents produced in response to the Combined Requests; (ii) the right to object on any ground to the use of the information or documents produced in response to the Combined Requests at any hearings or at trial; (iii) the right to object on any ground at any time to a request for further responses to the Combined Requests; or (iv) the right at any time to revise, correct, add to, supplement, or clarify any of the objections contained herein.

3. The information and documents provided in response to these Combined Requests are for use in this litigation and for no other purpose. Any production of documents is subject to the Protective Order (Dkt. No. 441).

## COMBINED DISCOVERY REQUESTS

**Request No. 1.**  Please produce all *transactional data* related to Opioids and/or Opioid Products from January 1, 1996 to the present; please identify the Bates stamp range for each related to *Case Track* One.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions.  ABDC further objects to this Combined Request on the ground that the term "transactional data" is vague, ambiguous and subject to multiple interpretations.  ABDC further objects to this Combined Request to the extent that the geographic scope is greater than or inconsistent with that established pursuant to Discovery Ruling Nos. 2 and 3.

Subject to and without waiving its objections, to the extent that it possesses such information or that such information can be retrieved without unreasonable burden, ABDC has produced and/or will produce Opioid-related transactional data for Cleveland, Cuyahoga County, and Summit County during the period from January 1, 1996 to the date of this Response.  By way of further response, responsive documents have been produced at ABDCMDL00037402, ABDCMDL00037404, ABDCMDL00037406, and ABDCMDL00279848-ABDCMDL00279853.

**Request No. 2.**  Please produce each of your *Suspicious Order Monitoring System (SOMS)* policies and procedures since January 1, 2006 and identify the Bates stamp range for each; please identify the effective date(s) each was in force and effect.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions.  ABDC further objects to this Combined Request as overbroad,

- 6 -

unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.

Subject to and without waiving its objections, to the extent that it possesses such information, ABDC has produced and/or will produce its Order Monitoring Program policies and procedures in effect during the period from January 1, 2006 to May 29, 2018. By way of further response, responsive documents have been produced at ABDCMDL00000011-ABDCMDL00000190, ABDCMDL00002169-ABDCMDL00002231, ABDCMDL00002261-ABDCMDL00002440, ABDCMDL00002532-ABDCMDL00002604, ABDCMDL00003220-ABDCMDL00003282, ABDCMDL00172093-ABDCMDL00172134.

**Request No. 3.** Please identify and describe each *suspicious order* your Suspicious Order Monitoring System (SOMS) identified since January 1, 2006 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions. ABDC further objects to this Combined Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga

- 7 -

Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs. ABDC further objects to this Combined Request to the extent it implies that an order flagged by ABDC's Order Monitoring Program is a "suspicious order." To the contrary, once an order is flagged by ABDC's Order Monitoring Program, it is further reviewed to determine whether it is "suspicious." ABDC further objects on the grounds that it seeks privileged communications.

Subject to and without waiving its objections, to the extent that it possesses such information or that such information can be retrieved without unreasonable burden, ABDC has produced and/or will produce Documents sufficient to identify orders flagged pursuant to ABDC's Order Monitoring Program, as well as suspicious orders identified pursuant to ABDC's Order Monitoring Program, from July 1, 2007 to May 29, 2018, relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio. After a reasonable investigation, ABDC has not located documents that reflect the suspicious orders it reported to the DEA prior to July 1, 2007. By way of further response, responsive documents have been produced at ABDCMDL00279836-ABDCMDL00279847.

**Request No. 4.** Please identify each suspicious order you *reported* to the DEA since January 1, 1996 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track* One.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions. ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's

- 8 -

distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC further objects on the grounds that it seeks privileged communications.

Subject to and without waiving its objections, to the extent that it possesses such information or that such information can be retrieved without unreasonable burden, for the period from July 1, 2007 to May 29, 2018, ABDC has produced and/or will produce Documents sufficient to identify suspicious orders reported to the DEA relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio.  After a reasonable investigation, ABDC has not located documents that reflect the suspicious orders it reported to DEA prior to July 1, 2007.  By way of further response, responsive documents have been produced at ABDCMDL00279836-ABDCMDL00279838, ABDCMDL00279841, ABDCMDL00279844 and ABDCMDL00279847.

**Request No. 5.**        For each suspicious order you identified but did not report to the DEA since January 1, 2006, please describe in as much detail as possible the reasons and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties

- 9 -

in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs. ABDC further objects to this Combined Request to the extent it implies that an order flagged by ABDC's Order Monitoring Program is a "suspicious order." To the contrary, once an order is flagged by ABDC's Order Monitoring Program, it is further reviewed to determine whether it is "suspicious." ABDC further objects on the grounds that it seeks privileged communications.

Subject to and without waiving its objections, to the extent that it possesses such information or that such information can be retrieved without unreasonable burden, ABDC has produced and/or will produce Documents sufficient to identify the action taken for orders flagged pursuant to ABDC's Order Monitoring Program from July 1, 2007 to May 29, 2018, relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio. After a reasonable investigation, ABDC has not located documents that reflect its Order Monitoring Program data prior to July 1, 2007. By way of further response, responsive documents have been produced at ABDCMDL00279836-ABDCMDL00279847.

**Request No. 6.** For each suspicious order your reported to the DEA since January 1, 2006, please identify whether you declined the order or *shipped* the order and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions. ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's

distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs. ABDC further objects on the grounds that it seeks privileged communications.

Subject to and without waiving its objections, to the extent that it possesses such information or that such information can be retrieved without unreasonable burden, ABDC has produced and/or will produce Documents sufficient to identify whether suspicious orders reported to the DEA from July 1, 2007 to May 29, 2018, relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio, were declined or shipped. After a reasonable investigation, ABDC has not located documents that reflect the suspicious orders it reported to DEA prior to July 1, 2007. By way of further response, responsive documents from which such information can be determined have been produced at ABDCMDL00037402, ABDCMDL00037404, ABDCMDL00037406, ABDCMDL00279836-ABDCMDL00279838, ABDCMDL00279841, ABDCMDL00279844, and ABDCMDL00279847 - ABDCMDL00279853.

**Request No. 7.** For each suspicious order you reported and then shipped since January 1, 2006, please produce all documents related to your *"due diligence"* for each; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions. ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's

distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.

Subject to and without waiving its objections, ABDC incorporates by references its response to Combined Discovery Request No. 6. By way of further response, ABDC will produce the due diligence file for each Cuyahoga or Summit County Customer that placed a suspicious order that ABDC reported to the DEA from July 1, 2007 to May 29, 2018 relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio.

**Request No. 8.** Please produce and identify the Bates stamp range of all communications to and/or from the DEA since January 1, 2006, related to Opioids and/or Opioid Products (including the 2006/2007 *"Rannazzisi letters"*).

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions. ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution and sale of Opioids to Cuyahoga or Summit Counties in Ohio.

Subject to and without waiving its objections, for the period from January 1, 2006 to May 29, 2018, ABDC will produce its communications with the DEA that relate to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio. By way of further response, responsive documents have been produced at ABDCMDL00269683-ABDCMDL00269694,

Dated: July 31, 2018

Respectfully submitted,

*/s Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8100
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com

- 13 -

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2018, the foregoing was sent by electronic mail to Liaison Counsel for the Plaintiffs and Defendants as follows:

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114-1149
Telephone: (216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: (415) 546-7300

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL
RAFERTY & PROCTOR PA
316 S. Baylen Street
Suite 600
Penascola, FL 32502
Telephone: (805) 435-7000
trafferty@levinlaw.com

*Liaison Counsel for Defendants*

Mark Cheffo, Esq.
QUINN EMANUEL
51 Madison Avenue
New York, NY 10010
markcheffo@quinnemanuel.com

Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Fax: (216) 696-0740
crendon@bakerlaw.com

Enu Mainigi
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, DC 20005
emainigi@wc.com

Geoffrey E. Hobart
COVINGTON & BURLING
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr
BARTLIT BECK
54 West Hubbard Street, Ste 300
Chicago, IL 60654
kaspar.soffelmayr@bartlit-beck.com

Tina Tabacchi
JONES DAY
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
GORDON & REED
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

*/s Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8100
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com