UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Master Dkt.: 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | |
| R D Burns v. Purdue Pharma L.P. et al. CAC/8:18-cv-00745 | Hon. Dan Aaron Polster |

**MOTION FOR RELIEF FROM THE MORATORIUM
ON FILING MOTIONS AND FOR AN ORDER OF
SEVERANCE AND REMAND BROUGHT BY DEFENDANT,
AMERICAN ACADEMY OF PAIN MEDICINE, INC.**

Defendant, American Academy of Pain Medicine, Inc., hereby moves this Court for an order granting it relief from the moratorium on dispositive motions, discovery, and trial which is currently in place. (See Dkt. 4, 70, 130.) Where deteriorating health and terminal illness would interfere with a party's due process right to meaningfully present its claims or defenses at trial, unless the trial date is expedited, then good cause exists to expedite the proceedings. See 28 U.S.C. § 1657; *Wakefield v. Global Fin. Private Capital, LLC* (S.D.Cal. Sep. 17, 2015, No. 15cv0451 JM(JMA)) 2015 U.S.Dist.LEXIS 124527, at pp. 8-9.

This Motion is brought on the grounds that moving Defendant's sole authorized representative acting on its behalf in this litigation is currently suffering from a terminal illness and his health is quickly deteriorating. This individual, Philipp Lippe, M.D., is also moving Defendant's primary witness in support of its defense. Moving Defendant has submitted the declaration of one of Dr. Lippe's treating physicians, who has opined that, as a result of Dr. Lippe's multiple adverse health conditions, he is not expected to survive more than another nine months. (See Declaration of Dr. Haut, ¶¶ 2-5.) Moving Defendant will be severely prejudiced in presenting its defense if it is deprived of the participation of Dr. Lippe, both as its authorized representation and as a material witness.

1

Therefore, unless moving Defendant's request for relief from the moratorium and an order expediting proceedings is granted, moving Defendant will suffer severe prejudice in its ability to defend this action. Moving Defendant should not be made to suffer a deprivation of its due process right to meaningful present a defense to Plaintiff's unfounded allegations because of the delays imposed by the moratorium. Such a fundamentally inequitable result would constitute a miscarriage of justice.

The Court has authority to grant this moving Defendant relief from the moratorium and to set a preferential trial date under 28 U.S.C. § 1657 ("the court shall expedite the consideration of any action [meeting specific criteria], or any other action if good cause therefor is shown") and under the broad discretion conferred by Fed. R. Civ. P. 16. See *Wakefield, supra*, 2015 U.S.Dist.LEXIS 124527, at pp. 8-9. Here, however, because this case was transferred to the instant Court solely for pretrial proceedings, it would be more appropriate for the Court to order that Plaintiff R.D. Burns' causes of action against moving Defendant be severed and remanded back to the United States District Court for the Central District of California, which can then set an expedited trial date pursuant to its own calendar.

For these reasons, as more fully set forth in the Memorandum of Points and Authorities submitted herewith, moving Defendant respectfully requests that the Court order the following:

1. That the causes of action of Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., be severed from the other claims and causes of action in CAC/8:18-cv-00745 (*R.D. Burns v. Purdue Pharma L.P. et al.*) and that said causes of action proceed with discovery, motion practice, and trial separately from the other claims and causes of action therein;

2. That this Court order the proceedings for the causes of action by Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., shall be expedited, including an expedited trial date; and

3. That the action of Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., be ordered remanded to the United States District Court for the Central

District of California for further proceedings (including dispositive motions) and trial.

Alternatively, if the Court is not inclined to order a remand at this time, moving Defendant respectfully requests that the Court order the following:

1. That the causes of action of Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., be severed from the other claims and causes of action in CAC/8:18-cv-00745 (*R.D. Burns v. Purdue Pharma L.P. et al.*) and that said causes of action proceed with discovery, motion practice, and trial separately from the other claims and causes of action therein;

2. That this Court order the proceedings for the causes of action by Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., shall be expedited, including an expedited trial date;

3. That Defendant, American Academy of Pain Medicine, Inc., shall file a response to the Complaint it received from Plaintiff R.D. Burns, either by answer or by motion, within ten days of the Court's order on the instant Motion;

4. That the Court set a date for hearing moving Defendant's motions challenging Plaintiff's complaint, with said motions to be heard promptly after the ordered filing deadline, but allowing a reasonable time for any response and reply; and

5. That Plaintiff, R.D. Burns, and Defendant, American Academy of Pain Medicine, Inc., are each granted leave to engage in discovery with respect to said Plaintiff's action against said Defendant.

Dated: July 6, 2020         LA FOLLETTE, JOHNSON, DEHAAS, FESLER & AMES

                            BY:    /s/ Robert J. Iacopino                           .
                            Dennis K. Ames, Esq., Cal. State Bar# 81460
                            Robert J. Iacopino, Esq., Cal. State Bar# 279754
                            LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES
                            2677 N. Main Street, Suite 901, Santa Ana, CA 92705
                            Telephone: (714) 558-7008 / Facsimile: (714) 972-0379
                            E-mail: dames@ljdfa.com
                            E-mail: riacopino@ljdfa.com

                            *Counsel for Defendant,*
                            *American Academy of Pain Medicine, Inc.*

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, ii

I. INTRODUCTION ................................................................................................4

II. THERE IS GOOD CAUSE TO EXPEDITE PROCEEDINGS WHERE DETERIORATING HEALTH OR TERMINAL ILLNESS WILL OTHERWISE DEPRIVE A PARTY OF ITS ABILITY TO PRESENT ITS CASE ................................6

III. FACTS RELEVANT TO THE INSTANT MOTION ……………………………….. 9

IV. GOOD CAUSE EXISTS TO ORDER EXPEDITED PROCEEDINGS IN THIS ACTION, SO AS TO MAINTAIN MOVING DEFENDANT'S RIGHT TO DUE PROCESS AND PREVENT A MISCARRIAGE OF JUSTICE ……………………… 11

    A. Moving Defendant Is Entitled to an Order Expediting Proceedings ………………. 11

    B. The Appropriate Form of Relief……………………………………………………. 13

V. CONCLUSION………………………………………………………………………. 14

# TABLE OF AUTHORITIES

## CASES

*Berenson v. Adm'rs of the Tulane Univ. Educ. Fund* (E.D.La. Aug. 14, 2017, No. 17-329) 2017 U.S.Dist.LEXIS 128655, at pp. 2-4 ............................................................................ 7, 8, 13

*Davis v. SelectCare*, 834 F.Supp. 197, 198 (E.D.Mich. 1993) ................................. 8, 13

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998) ............ 13

*Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) .................................................... 6, 11

*Wakefield v. Global Fin. Private Capital, LLC* (S.D.Cal. Sep. 17, 2015, No. 15cv0451 JM(JMA)) 2015 U.S.Dist.LEXIS 124527, at pp. 7-8, 8-9 ............ 1, 2, 5, 7, 13

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1407 ............................................................................................ 13, 14

28 U.S.C. § 1657 ...................................................................................... 6, 7, 8, 12

28 U.S.C. § 1826 ..................................................................................................... 8

28 U.S.C. Chapter 153 ............................................................................................ 8

Fed. R. Civ. P., Rule 1 ..................................................................................... 7, 12

Fed. R. Civ. P., Rule 16 ............................................................................... 7, 12, 13

## CALIFORNIA STATUTES

*Cal. Code Civ. Proc.* § 36 ....................................................................................... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **INTRODUCTION**

Moving defendant, American Academy of Pain Medicine, Inc., is a ghost of a corporation.[1] For more than twenty-five years, it has been inactive: it held has held no meetings, has made no public statements, and has taken no actions. Until the instant lawsuit was filed, it was all but forgotten. The only members of the corporation are the three board members identified on the filings submitted to the California Secretary of State a number of years ago. Only one of those board members, Philipp Lippe, M.D., has participated in the defense of this action to date. He is also an essential witness to the case, with knowledge about the corporation's activities in the late 1980s and early 1990s, before the corporation became inactive. At this time, he is one of only a few witnesses known to moving Defendant with information regarding this time period and he is the only witness to whom moving Defendant currently has access. He is a crucial witness for moving Defendants and moving Defendant will be severely prejudiced if it is deprived of Dr. Lippe's knowledge and participation in the defense due to a further delay of the litigation and trial of this action. (See Declaration of Philipp Lippe, M.D., ¶¶ 3-7.)

Unfortunately, Dr. Lippe's health has been deteriorating over the past few years and he recently took a turn for the worse. Dr. Lippe is suffering from multiple medical conditions, including: chronic renal failure, end-stage renal disease, cardiomyopathy with aortic stenosis, chronic heart failure, and diabetes type II, on insulin. End-stage renal disease is a terminal condition. Dr. Lippe is currently being followed by multiple specialists, including Dr. Haut. Dr.

---

[1] Moving defendant, American Academy of Pain Medicine, Inc., is incorporated in California. It is not to be confused with another corporation with the same name—American Academy of Pain Medicine, Inc.—which is incorporated in Illinois. Moving Defendant believes the Illinois corporation remains an active professional society which engages with the public and which is likely the corporation most people think of when they hear the name American Academy of Pain Medicine. As explained further herein, the two corporations have a shared history, but moving Defendant has not participated in or had any control over the Illinois corporation for more than twenty-five years, and *vice versa*.

Haut has signed a declaration under oath that he believes it is unlikely Dr. Lippe will survive for more than another nine months. (See Declaration of Lewis Haut, M.D., ¶¶ 2-5.)

The Court has authority to expedite proceedings and set a preferential trial date where there is good cause to do so. See 28 U.S.C. § 1657; Fed. R. Civ. P. 16. Such good cause exists where a party is suffering from deteriorating health or a terminal illness. See *Wakefield v. Global Fin. Private Capital, LLC* (S.D.Cal. Sep. 17, 2015, No. 15cv0451 JM(JMA)) 2015 U.S.Dist.LEXIS 124527, at pp. 8-9. Here, although moving Defendant is a corporation, a corporation can only act through its authorized representatives. Thus, under the circumstances, good cause exists for setting a preferential trial date under 28 U.S.C. § 1657 and Fed. R. Civ. P. 16. See *Wakefield, supra*, 2015 U.S.Dist.LEXIS 124527, at pp. 8-9.

Although the merit (or lack thereof) of a plaintiff's claims is not part of the analysis when determining whether to grant a preferential trial date, it is worth noting that Plaintiff's action against moving Defendant can likely be resolved by dispositive motion. Plaintiff alleges in his complaint that his wife died as a result of the opioid crisis and that statements made by moving Defendant contributed to causing her death. However, moving Defendant stopped making public statements and essentially become inactive after 1992. Plaintiff's wife died in 2011. His operative complaint was filed in 2018. It seems unlikely Plaintiff will be able to withstand challenges to the complaint based on the statute of limitations and the doctrine of laches, not to mention the other deficiencies in the complaint.

Moving Defendant should have an opportunity to defend itself from Plaintiff's unfounded allegations, whether by dispositive motion or at trial, before it is deprived of the means to do so by the ravages of time and deteriorating health. Under the circumstances presented here, an order expediting proceedings is warranted and the instant Motion should be granted.

Therefore, moving Defendant respectfully requests that this Court either: (a) sever the action between Plaintiff and moving Defendant and remand it back to the District Court in California for further proceedings and trial; or (b) sever the action between Plaintiff and moving Defendant, order moving Defendant to respond to Plaintiff's operative complaint, either by answer or motion.

## II. THERE IS GOOD CAUSE TO EXPEDITE PROCEEDINGS WHERE DETERIORATING HEALTH OR TERMINAL ILLNESS WILL OTHERWISE DEPRIVE A PARTY OF ITS ABILITY TO PRESENT ITS CASE

Title 28 of the United States Code, Section 1657(a), provides: "Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that *the court shall expedite the consideration of* any action brought under chapter 153 [28 U.S.C. §§ 2241 et seq.] or section 1826 of this title [28 U.S.C. § 1826], any action for temporary or preliminary injunctive relief, or *any other action if good cause therefor is shown*." (Emphasis added.)

Section 1657(a) further provides that "(f)or purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." While this is not stated to be the exclusive means of establishing good cause, it is one means specifically recognized by the statute.

Thus, where expedited proceedings are necessary to maintain a party's constitutional rights, such as the right to due process as set forth in the Fifth and Fourteenth Amendments, then good cause exists for expediting the proceedings. See 28 U.S.C. § 1657(a). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge* (1976) 424 U.S. 319, 333 (citation omitted).

Although a concern over due process often arises when a party is not granted enough time to meaningfully prepare for a given proceeding, the converse is also true—a party can be deprived of due process where a proceeding is set so far out that the party loses its ability to meaningfully defend itself because of the loss of crucial representatives and witnesses. Thus, failing health or terminal illness constitute good cause for expediting proceedings under 28 U.S.C. § 1657(a) where the expedited handling is necessary to maintain the party's right to due process.

Additionally, under Federal Rules of Civil Procedure, Rule 16, the Court has broad discretion to manage its calendar and it may exercise that discretion for the purpose of "expediting disposition of the action" and "establishing early and continuing control." Fed. R. Civ. P. 16(a). See also Fed. R. Civ. P. 1 (directing that the Rules be employed in a manner that promotes "the just, speedy, and inexpensive determination of every action and proceeding.") To be employed in a manner that is "just," the Rules should be carried out in a manner that avoids undue prejudice to any party's ability to prepare and present its claims or defenses at trial.

Based on the foregoing authorities, Courts considering the issue have found good cause exists where a party's deteriorating health will impair the party's ability to try the case if proceedings are not expedited. See *Wakefield v. Global Fin. Private Capital, LLC* (S.D.Cal. Sep. 17, 2015, No. 15cv0451 JM(JMA)) 2015 U.S.Dist.LEXIS 124527, at pp. 8-9; Compare *Berenson v. Adm'rs of the Tulane Univ. Educ. Fund* (E.D.La. Aug. 14, 2017, No. 17-329) 2017 U.S.Dist.LEXIS 128655, at pp. 2-4 (request for expedited proceedings denied where plaintiff was elderly but had no specific health issues).

In *Wakefield*, the plaintiff requested a preferential trial date based on her deteriorating health, including her diminishing eyesight and hearing, as the loss of these senses would impair her right to testify at trial on her own behalf. See *Wakefield, supra*, 2015 U.S.Dist.LEXIS 124527, at pp. 7-8. The Court found these reasons were compelling and warranted the exercise of its

7

discretion to set a preferential trial date under the Federal Rules of Civil Procedure. The Court observed that 28 U.S.C. § 1657 may have provided an additional ground for setting a preferential trial date, but noted the plaintiff had not raised any argument under that section; instead the plaintiff's request was based only on a California statute and the Federal Rules of Civil Procedure. Nevertheless, the Court granted the motion for preferential trial setting, holding that setting an "earlier trial date for this action is fair, reasonable, and justified" based on the plaintiff's deteriorating health. *Id.*, at pp. 8-9. See also *Davis v. SelectCare* (E.D.Mich. 1993) 834 F.Supp. 197, 198, in which the court noted it had previously granted a request to expedite proceedings due to the plaintiff's terminal illness.

Although there do not appear to be any published appellate court opinions considering what constitutes good cause for an expedited trial date under the federal statutes, *Berenson v. Adm'rs of the Tulane Univ. Educ. Fund* (E.D.La. Aug. 14, 2017, No. 17-329) 2017 U.S.Dist.LEXIS 128655 is another informative District Court opinion. In *Berenson*, the plaintiff (a professor and researcher) requested a preferential trial date on the grounds that he was 94 years old and he needed the requested declaratory judgment in order to continue his research. The court considered the request for preference under 28 U.S.C. § 1657. The court found there was no showing of good cause, explaining: "Although plaintiff argues that an expedited trial is warranted because of his advanced age, he does not indicate that he is currently in poor health or that his age will impair his ability to present his case at trial." *Id.*, at p. 3. The implication is clear: if the plaintiff had shown that his health was deteriorating to the extent it would have interfered with his ability to try the case, that would have constituted good cause for purposes of expediting proceedings.

Also informative, though not controlling, is a California statute providing for preferential trial setting. This case originated in California state court and both moving Defendant and the plaintiff are California residents. Under California law, a terminally ill party of advanced age is

8

entitled to obtain a preferential trial date under *Cal. Code Civ. Proc.* § 36(a): "A party to a civil action who is over 70 years of age may petition the court for a preference, which the court shall grant if the court makes both of the following findings: (1) The party has a substantial interest in the action as a whole. (2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation." Another subdivision of the statute authorizes a court to grant a motion for preference if the movant "satisfies the court that the interests of justice will be served by granting [the] preference," such as when the criteria of subdivision (a) apply to a party's representative and key witness, rather than the party itself. *Cal. Code Civ. Proc.* § 36(e).

### III. FACTS RELEVANT TO THE INSTANT MOTION

The American Academy of Pain Medicine, Inc., was incorporated in California on October 17, 1983, under the name American Academy of Algology, Inc. Its name was changed to the American Academy of Pain Medicine, Inc., on December 26, 1989. During that time, and continuing for several years thereafter, moving Defendant acted as a professional society for physicians involved in the study and practice of pain medicine. Moving Defendant facilitated discussions amongst professionals in this field and made various public statements relevant to the practice of pain medicine. (Decl. of Philipp Lippe, M.D., hereafter "Lippe Decl.," ¶ 3.)

However, in the early 1990s, a decision was made by the board of directors and other members of the corporation to relocate to Chicago. On November 5, 1992, a new entity with the same name, American Academy of Pain Medicine, Inc., was incorporated in Illinois. Thereafter, the Illinois corporation took over the role of being an active professional society, holding events, facilitating and engaging in discussions of matters relevant to the study and practice of pain medicine, and growing its membership. (Lippe Decl., ¶ 4.)

With the arrival of the Illinois corporation, the California corporation (moving defendant in the instant action) essentially stopped functioning. However, the California corporation was not

9

dissolved. It remained registered with the California Secretary of State, but it had no membership other than its three directors. It did not hold any events, did not solicit or admit new members, did not arrange for or facilitate discussions amongst professionals, and did not make any statements. In fact, it did not do anything. Since approximately November 5, 1992, the California corporation has had essentially no interaction with the world. It remained wholly inactive until this lawsuit was filed. (Lippe Decl., ¶ 4-6.)

Although the California and Illinois corporations have a shared history, they are separate entities. The California corporation exercises no control over anything the Illinois corporation does or says. Likewise, the Illinois corporation exercises no control over anything the California corporation does or says. The Illinois corporation has had no involvement in the defense of this litigation. (Lippe Decl., ¶ 7.)

Although moving Defendant has three board members as a matter of record, two of them have been uninvolved in the litigation to date. Only one board member, Philipp Lippe, M.D., has acted as an authorized representative of the corporation in this litigation. Dr. Lippe was involved in its founding and was a member while it was an active corporation from 1983 to 1992. Therefore, his recollection of these events will be important to moving Defendant's defense in this action. (Lippe Decl., ¶ 3, 5.)

Shortly after the instant case was initiated, counsel for moving Defendant spoke with Plaintiff R.D. Burns (a self-represented party who is an attorney or former attorney) telephonically. Defense counsel advised Mr. Burns that, based on the allegations in the complaint about conduct and statements attributed to the American Academy of Pain Medicine after 1992, Plaintiff appeared to have named the wrong party and his allegations appeared to be directed at the Illinois corporation. However, Plaintiff stated some of his allegations pertained to the conduct of the American Academy of Pain Medicine prior to 1992 and he therefore intended to proceed against

10

moving Defendant based on those allegations. (See Declaration of Iacopino, ¶ 2.) Plaintiff has represented that he believes no statute of limitations applies to his claims. (See Plaintiff's Supplemental Complaint, pp. 8-9.) Therefore, as surprising as it may seem, Dr. Lippe's recollection of moving Defendant's activities from more than twenty-five years ago is directly relevant to the action and is crucial to moving Defendant's defense.

Unfortunately, Dr. Lippe's health is deteriorating. Dr. Lippe is 91 years old. He suffers from multiple medical conditions, including: chronic renal failure, end-stage renal disease, cardiomyopathy with aortic stenosis, chronic heart failure, and diabetes type II, on insulin. End-stage renal disease is a terminal condition. Recently, his health took a turn for the worse. One of his treating physicians, Dr. Haut, has opined that he does not expect Dr. Lippe to survive more than another nine months. (Declaration of Dr. Haut, ¶¶ 2-5; Lippe Decl., ¶ 2.)

## IV.   GOOD CAUSE EXISTS TO ORDER EXPEDITED PROCEEDINGS IN THIS ACTION, SO AS TO MAINTAIN MOVING DEFENDANT'S RIGHT TO DUE PROCESS AND PREVENT A MISCARRIAGE OF JUSTICE

### A. Moving Defendant Is Entitled to an Order Expediting Proceedings

Moving Defendant has a due process right to present its defense to Plaintiff's claims "at a meaningful time and in a meaningful manner." See *Mathews v. Eldridge* (1976) 424 U.S. 319, 333. As explained above, moving Defendant has only one authorized representative participating in the defense of this action and that same person, Philipp Lippe, M.D., is a key witness to its defense. However, Dr. Lippe suffers from multiple medical conditions, his health is deteriorating, and his remaining life expectancy is less than nine months. (See Declaration of Dr. Haut, ¶ 2-5.)

Unless the proceedings between Plaintiff and moving Defendant are expedited, moving Defendant will be deprived of its right to present its defense at a meaningful time and in a

meaningful manner. If these proceedings are not expedited, it is probable moving Defendant will be deprived of its sole representative and its most important witness to challenge Plaintiff's meritless and untimely claims. In other words, moving Defendant would be deprived of its due process right to present a meaningful defense solely because of the delay in proceedings caused by the moratorium in effect in the MDL. Such a result would constitute a miscarriage of justice.

Thus, an order expediting these proceedings is necessary to maintain moving Defendant's constitutional right to due process. As such, the current situation conforms to the definition of "good cause" set forth in 28 U.S.C. § 1657(a): i.e., that "'good cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.")

28 U.S.C. § 1657(a) further provides that "the court *shall* expedite the consideration of any action . . . if good cause therefor is shown." (Emphasis added.) Here, because good cause within the meaning of the statute has been shown, moving Defendant is entitled to an order expediting proceedings of Plaintiff's action against it.

In addition to the foregoing, there is also good cause for the Court to order expedited proceedings when exercising its discretion under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1 provides that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 16 gives the Court broad discretion to manage its calendar, including "expediting disposition of the action" before it and "establishing early and continuing control."

In the instant case, the just determination of the action will be furthered by expediting the proceedings so that moving Defendant can present its defense before its key witness succumbs to the medical conditions he is currently battling. Therefore, even if the Court does not agree that an order expediting proceedings is required by 28 U.S.C. § 1657, the Court should nevertheless

exercise its discretion under Fed. R. Civ. P. 16 and order that proceedings be expedited so as to avoid the miscarriage of justice that would result if moving Defendant were deprived of an essential witness while being subject to the moratorium on litigation currently in effect.

Other courts confronted with a similar situation—a party's foreseeable inability to present its case because of deteriorating health—have found such circumstances constitute good cause for expediting proceedings. See *Wakefield v. Global Fin. Private Capital, LLC* (S.D.Cal. Sep. 17, 2015, No. 15cv0451 JM(JMA)) 2015 U.S.Dist.LEXIS 124527, at pp. 8-9; *Davis v. SelectCare* 834 F.Supp. 197, 198 (E.D.Mich. 1993); Compare with *Berenson v. Adm'rs of the Tulane Univ. Educ. Fund* (E.D.La. Aug. 14, 2017, No. 17-329) 2017 U.S.Dist.LEXIS 128655, at pp. 2-4 (finding no good cause where the moving party showed he was of advanced age but he did not demonstrate any specific health concerns).

For each of the reasons stated above, moving Defendant respectfully requests that this Court reach the same conclusion and grant the instant Motion.

### B. The Appropriate Form of Relief

This case was transferred to the MDL for purposes of pretrial proceedings only. Therefore, it will necessarily be remanded to the United States District Court for the Central District of California when it is ready to be tried. See 28 U.S.C. § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach* 523 U.S. 26, 40 (1998).

In order to more effectively expedite these proceedings, moving Defendant respectfully requests that this case be remanded to the California District Court forthwith, so as to allow that court to set a trial date without further delay. Under 28 U.S.C. § 1407(a), a case may be remanded either "at ***or before*** the conclusion of such pretrial proceedings." (Emphasis added.) Moreover, if only part of an action is appropriate for remand, it may be severed and remanded "before the remainder of the action is remanded." See 28 U.S.C. § 1407(a).

However, it is also true that a case "shall be remanded . . . to the district from which it was transferred *unless it shall have been previously terminated*." See 28 U.S.C. § 1407(a). Therefore, if this Court is inclined to hear moving Defendant's dispositive motions challenging the complaint, which moving Defendant intends to file in response to the complaint, moving Defendant respectfully requests that the Court set a date for filing any such motions to be ten days from the date of the Court's order on the instant Motion and that the Court also set a prompt hearing date for the motions based on the filing deadline given. In the event Plaintiff's complaint somehow withstands the motions, moving Defendant we request remand at that time.

### V. CONCLUSION

For all of the reasons set forth herein, moving Defendant, American Academy of Pain Medicine, Inc., respectfully requests that the Court order the following:

1. That the causes of action of Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., be severed from the other claims and causes of action in CAC/8:18-cv-00745 (*R.D. Burns v. Purdue Pharma L.P. et al.*) and that said causes of action proceed with discovery, motion practice, and trial separately from the other claims and causes of action therein;

2. That this Court order the proceedings for the causes of action by Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., shall be expedited, including an expedited trial date; and

3. That the action of Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., be ordered remanded to the United States District Court for the Central District of California for further proceedings (including dispositive motions) and trial.

*Alternatively,* if the Court is not inclined to order a remand at this time, moving Defendant respectfully requests that the Court order the following:

14

1. That the causes of action of Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., be severed from the other claims and causes of action in CAC/8:18-cv-00745 (*R.D. Burns v. Purdue Pharma L.P. et al.*) and that said causes of action proceed with discovery, motion practice, and trial separately from the other claims and causes of action therein;

2. That this Court order the proceedings for the causes of action by Plaintiff, R.D. Burns, against Defendant, American Academy of Pain Medicine, Inc., shall be expedited, including an expedited trial date;

3. That Defendant, American Academy of Pain Medicine, Inc., shall file a response to the Complaint it received from Plaintiff R.D. Burns, either by answer or by motion, within ten days of the Court's order on the instant Motion;

4. That the Court set a date for hearing moving Defendant's motions challenging Plaintiff's complaint, with said motions to be heard promptly after the ordered filing deadline, but allowing a reasonable time for any response and reply; and

5. That Plaintiff, R.D. Burns, and Defendant, American Academy of Pain Medicine, Inc., are each granted leave to engage in discovery with respect to said Plaintiff's action against said Defendant.

Respectfully submitted.

Dated: July 6, 2020      LA FOLLETTE, JOHNSON, DEHAAS, FESLER & AMES

BY:    /s/ Robert J. Iacopino                   .
Dennis K. Ames, Esq., Cal. State Bar# 81460
Robert J. Iacopino, Esq., Cal. State Bar# 279754
LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES
2677 N. Main Street, Suite 901, Santa Ana, CA 92705
Telephone: (714) 558-7008 / Facsimile: (714) 972-0379
E-mail: dames@ljdfa.com
E-mail: riacopino@ljdfa.com
*ounsel for Defendant,*
*American Academy of Pain Medicine, Inc.*

15

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of La Follette, Johnson, De Haas, Fesler & Ames, 2677 N. Main Street, Suite 901, Santa Ana, California 92705.

On the below date, I electronically served a true and correct copy of the document entitled **MOTION FOR RELIEF FROM THE MORATORIUM ON FILING MOTIONS AND FOR AN ORDER OF SEVERANCE AND REMAND BROUGHT BY DEFENDANT, AMERICAN ACADEMY OF PAIN MEDICINE, INC.** on all parties in MDL No. 2804 via CM/ECF. I also e-mailed a copy to R.D. Burns, Plaintiff in Case No. CAC/8:18-cv-00745.

I declare that I am employed in the office of an attorney admitted to practice before this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 6, 2020, at Santa Ana, California.

*Monica Salt*
MONICA SALT