# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Master Dkt.: 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | |
| *R D Burns v. Purdue Pharma L.P. et al.* CAC/8:18-cv-00745 | Hon. Dan Aaron Polster |

**EVIDENTIARY DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANT, AMERICAN ACADEMY OF PAIN MANAGEMENT, INC.'S, MOTION FOR RELIEF FROM THE MORATORIUM ON FILING DISPOSITIVE MOTIONS AND FOR AN ORDER OF SEVERANCE AND REMAND**

**DECLARATION OF PHILIPP LIPPE, M.D.**

I, Philipp Lippe, M.D., hereby declare as follows:

1. I am the Chief Executive Officer of the American Academy of Pain Medicine, Inc., incorporated in California, which is a defendant herein. I am an officer of the corporation and am authorized to act on its behalf for purposes of this litigation. I make this declaration based upon my personal knowledge or, where stated, on information and belief. If called as a witness to testify thereto, I could and would do so competently.

2. I am currently 91 years old and in poor health. I am suffering from multiple medical conditions, including: chronic renal failure, end-stage renal disease, cardiomyopathy with aortic stenosis, chronic heart failure, and diabetes type II, on insulin. End-stage renal disease is a terminal condition. I am being followed by multiple specialists, including Lewis Haut, M.D., who have indicated to me that my remaining time for this world is not long.

3. The American Academy of Pain Medicine, Inc., was incorporated in California on October 17, 1983, under the name American Academy of Algology, Inc. I was among the founding members at that time and continued to be a member thereafter. I have some recollection of the events that transpired at that time and am prepared to testify as a witness in this matter. The corporation's name was changed to the American Academy of Pain Medicine, Inc., on December 26, 1989. During those intervening years, and continuing for several years thereafter, the American Academy of Pain Medicine, Inc., in California acted as a professional society for physicians who were involved in the study and practice of pain medicine. The corporation facilitated discussions amongst professionals in this field and made various public statements relevant to the practice of pain medicine.

4. However, in the early 1990s, a decision was made by the board of directors and other members of the corporation to relocate to Chicago. On November 5, 1992, a new entity with the same name, American Academy of Pain Medicine, Inc., was incorporated in Illinois. Thereafter, the Illinois corporation took over the role of being an active professional society,

1

holding events, facilitating and engaging in discussions of matters relevant to the study and practice of pain medicine, and growing its membership.

5. Around that time, I was asked to sit on the Board of Directors for the California corporation as its CEO. Two other members at the time were asked to sit as the other two board members since the Articles of Incorporation required a minimum of three. At the time, I believe there was a general plan to keep the California corporation active for limited purposes. However, that plan never materialized and within a few months of the group's transition to Illinois, the California corporation become inactive and forgotten. Although the corporation has three board members as a matter of record, two of them have not been materially involved in the litigation to date beyond staying informed on the status of the proceedings via updates provided by me.

6. With the arrival of the Illinois corporation, the California corporation essentially stopped functioning, though it was not formally dissolved. It remained registered with the California Secretary of State, but it had no membership other than its three directors. It did not hold any events, did not solicit or admit new members, did not arrange for or facilitate discussions amongst professionals, and did not make any statements. In fact, it did not do anything.

7. Although the two corporations have a shared history, they are separate entities. The California corporation exercises no control over anything the Illinois corporation does or says. Likewise, the Illinois corporation exercises no control over anything the California corporation does or says. The Illinois corporation has had no involvement in the defense of this litigation.

I declare under penalty of perjury under the laws of the United States, the State of California, and the State of Ohio that the foregoing is true and correct.

Executed on July _2_, 2020, at San Jose, California.

_____
PHILIPP LIPPE, M.D., Declarant

2

## DECLARATION OF LEWIS HAUT, M.D.

I, Lewis Haut, M.D., hereby declare as follows:

1. I am a physician licensed to practice in the State of California. I am board certified in nephrology. I make this declaration based upon my personal knowledge or, where stated, on information and belief. If called as a witness to testify thereto, I could and would do so competently.

2. I am one of multiple healthcare providers currently providing care and treatment to Philipp Lippe, M.D., and I am therefore generally familiar with the state of his health and his current diagnoses and prognoses. I understand that this declaration is going to be submitted in connection with litigation in which Dr. Lippe is involved in some capacity.

3. Dr. Lippe's current diagnoses include: chronic renal failure, end-stage renal disease, cardiomyopathy with aortic stenosis, chronic heart failure, and diabetes type II, on insulin. End-stage renal disease is a terminal condition.

4. Dr. Lippe is currently undergoing treatment for these conditions. These treatments are expected to continue indefinitely for the remainder of his life. He is not expected to make a meaningful recovery and, at this time, the goal of treatment is to prolong his life and his quality of life to the extent possible.

5. Nevertheless, Dr. Lippe's prognosis is not good. Based on my medical education, training, and experience, and based on my personal knowledge about his medical condition as a member of his medical team, it is my opinion that Dr. Lippe is unlikely to survive more than another nine months.

I declare under penalty of perjury under the laws of the United States, the State of California, and the State of Ohio that the foregoing is true and correct.

Executed on July 2, 2020, at San Jose, California.

_____
Lewis Haut, M.D., Declarant

1

## **DECLARATION OF ROBERT J. IACOPINO, ESQ.**

I, Robert J. Iacopino, Esq., hereby declare as follows:

1. I am an attorney at law licensed to practice before all of the Courts of the State of California and am an associate at La Follette, Johnson, De Haas, Fesler, and Ames, counsel of record for Defendant herein, American Academy of Pain Medicine, Inc. I make this declaration based upon my personal knowledge or, where stated, on information and belief. If called as a witness to testify thereto, I would and could competently do so.

2. On May 21, 2018, I spoke telephonically with Robert Burns, the self-represented Plaintiff in this action. At that time, I discussed with him that the American Academy of Pain Medicine incorporated in California had been dormant since the early 1990s and, therefore, his allegations regarding the conduct and statements of a corporation with that name appeared to pertain to the entity incorporated in Illinois. Therefore, I asked him if he would be willing to dismiss the California corporation, as it had not engaged in any conduct or made any statements in more than twenty-five years. Mr. Burns informed me that he was also critical of the corporation's conduct in the 1980s and early 1990s when the California corporation was still active. Therefore, he would not agree to dismiss the California corporation.

3. Based on research I have conducted, it is my understanding that Plaintiff's wife died in 2011, approximately eleven years before his wrongful death complaint was filed.

I declare under penalty of perjury under the laws of the United States, the State of California, and the State of Ohio that the foregoing is true and correct.

Executed on July __6__, 2020, at Santa Ana, California.

_____
ROBERT J. IACOPINO, ESQ., Declarant

## CERTIFICATE OF SERVICE

      I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of La Follette, Johnson, De Haas, Fesler & Ames, 2677 N. Main Street, Suite 901, Santa Ana, California 92705.

      On the below date, I electronically served a true and correct copy of the document entitled **EVIDENTIARY DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANT, AMERICAN ACADEMY OF PAIN MANAGEMENT, INC.'S, MOTION FOR RELIEF FROM THE MORATORIUM ON FILING DISPOSITIVE MOTIONS AND FOR AN ORDER OF SEVERANCE AND REMAND** on all parties in MDL No. 2804 via CM/ECF. I also e-mailed a copy to R.D. Burns, Plaintiff in Case No. CAC/8:18-cv-00745.

      I declare that I am employed in the office of an attorney admitted to practice before this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on July 6, 2020, at Santa Ana, California.

_____
MONICA SALT