UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION, OPIATE LITIGATION | MDL NO. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 17-MD-2804 |
| | Judge Dan Aaron Polster |

*Doyle v. Purdue Pharma L.P., et al.*
MDL Case No. 1:18-op-46327-DAP

*Artz v. Purdue Pharma L.P., et al.*
MDL Case No. 1:19-op-45459-DAP

### ASSERTIO THERAPEUTICS, INC.'S OBJECTION TO JOINT MOTION FOR AN ADDITIONAL 60 DAY STAY OF ALL REMAINING CLASS CERTIFICATION BRIEFING DEADLINES

Although Assertio does not object to an extension of the class certification deadlines as between the Plaintiffs and the other Defendants, Assertio asks that the Court permit class certification briefing to remain on its current schedule as between Plaintiffs and Assertio.[1] As shown in Assertio's Motion for Leave to File Motions for Summary Judgment, Plaintiffs cannot establish that their alleged injuries are attributable to Assertio, and no amount of additional discovery will change that fact. Most of the guardians' children were born before Assertio entered the opioids market, and as to the one remaining child, it is undisputed that his mother became addicted to opioids before Assertio entered the opioid market and that he was never exposed to Assertio's products. Accordingly, Assertio asks that the Court deny the joint motion as it pertains to the class certification briefing deadlines applicable to Plaintiffs' claims against Assertio.

---

[1] The Motion for Class Certification identifies Assertio as a defendant only with respect to the California and Ohio statewide classes. *See* Doc. 3066 at 5–6, ¶ II.B(1) (identifying manufacturer defendants for Ohio statewide class claims); *id.* at 8–9, ¶ III.B (identifying defendants for California statewide class claims). The motion does *not* identify Assertio as a defendant against whom nationwide class certification is sought. *See id.* at 2–3, ¶ I.B(1) (identifying manufacturer defendants for nationwide class claims).

Plaintiffs and Defendants, excluding Assertio, jointly sought a 60-day extension of the class certification deadlines in light of the COVID-19 pandemic. Doc. 3372 at 2. The parties assert that the extension is necessary to provide additional time to perform discovery on Plaintiff Ashley Poe and to complete the remaining fact and expert depositions. *Id.* at 3.

Although Assertio understands there may be a need for other parties to complete further discovery in order to appropriately brief the class certification issues, the same is not true regarding certification of the class against Assertio. Assertio is uniquely situated as compared to the other Defendants and is thus able to complete its briefing regarding class certification without further discovery.[2]

Assertio has already addressed the distinguishing aspects of its involvement as opposed to the other Defendants in its Motions for Leave to File Motions for Summary Judgment. *See* Case No. 1:18-op-46327, Doc. 43.[3] In sum, none of the class representatives[4] has a claim against Assertio based on the facts in the record.

Plaintiffs' claims against Assertio all fail as to the element of causation. With respect to Frost, Assertio could not have caused damage to the child under her legal guardianship because the child's birth mother's addiction began before Assertio entered the market. *See id.* at 4, 9. Assertio also could not have possibly caused harm to Ashley Poe, Jacqueline Ramirez, Roman Ramirez, or Melissa Barnwell, because the children under their respective legal guardianships were all born *before* Assertio entered the market. *See id.* at 3–4, 9–10. Plaintiffs' negligence

---

[2] Moreover, any delay associated with discovery sought from Ms. Artz does not merit an extension regarding any claims against Assertio given that Ms. Artz is not a proposed class representative in the California or Ohio statewide classes. *See* Doc. 3066 at 8 n.10.

[3] Assertio filed identical motions in both *Artz v. Purdue Pharma L.P., et al.* and *Doyle v. Purdue Pharma L.P., et al*. For clarity, citations will be made only to the *Doyle* filing, Case No. 1:18-op-46327, Doc. 43. The citation to the identical *Artz* filing is Case No. 1:19-op-45459, Doc. 12.

[4] The proposed NAS class representatives are: (1) Michelle Frost, (2) Ashley Rachel Dawn Poe, (3) Roman Ramirez, (4) Jacqueline Ramirez, and (5) Melissa Barnwell. *See* Doc. 3066 at 1; Case No. 1:18-op-46327, Doc. 40.

claims fail for the additional reason that Assertio did not owe a duty to protect them from alleged dangers posed by opioid products that Assertio did not market. *See id.* at 4, 9.  And Plaintiffs' claims of battery and civil conspiracy asserted by the purported Ohio statewide class are barred additionally and independently by the applicable one-year statute of limitations. *See id.* at 4, 9–10.

Further fact or expert discovery are unnecessary for the Court to conclude that class certification should be denied as to Assertio.  There is thus no reason to extend the class certification briefing deadlines as applied to the claims against Assertio.

For the foregoing reasons, Assertio respectfully requests that the Court deny, in part, the Joint Motion for an Additional 60 Day Stay of All Remaining Class Certification Briefing Deadlines, and maintain the current class certification briefing deadlines for the putative class claims against Assertio such that Assertio's Opposition to Class Certification will be due August 10, 2020, and Plaintiffs' Reply in Support of Class Certification will be due September 15, 2020.

Date: July 9, 2020    Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*
   Kevin M. Sadler
   Texas Bar No. 17512450
   kevin.sadler@bakerbotts.com
   Scott D. Powers
   Texas Bar No. 24027746
   scott.powers@bakerbotts.com
   David T. Arlington
   Texas Bar No. 00790238
   david.arlington@bakerbotts.com
   98 San Jacinto Blvd., Suite 1500
   Austin, Texas 78701
   (512) 322-2500 (Telephone)
   (512) 322-2501 (Facsimile)

ATTORNEYS FOR DEFENDANT ASSERTIO THERAPEUTICS, INC. F/K/A DEPOMED, INC.

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing document to be electronically filed on July 9, 2020, which will transmit service electronically through the Court's CM/ECF system to all counsel of record.

*/s/ Kevin M. Sadler*
Kevin M. Sadler