## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br>*"Track Three Cases"* | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

### TRACK THREE PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S RULING REGARDING RE-DEPOSITION OF WITNESSES

Track Three Plaintiffs ("Plaintiffs") hereby object to the Special Master's Ruling Regarding Re-deposition of Witnesses (Doc. # 3359) dated June 25, 2020 (the "Ruling Regarding Re-deposition" or "Ruling"). The Ruling is not only inefficient and impractical, it is also inconsistent with this Court's initial Order Regarding Deposition Protocol (Doc. 643), dated June 20, 2018 ("Deposition Protocol"), applicable to all cases in this MDL, and the Court's more recent Track Three Case Management Order *Nunc pro Tunc* (Doc. # 3329), dated June 8, 2020 (the "Nunc pro Tunc Order"), both of which are in keeping with the Federal Rules of Civil Procedure.

The Ruling Regarding Re-deposition imposes a set of bright-line rules on the parties that will likely reduce efficiencies and cause duplication within the MDL; it also treats the two sides inequitably.  While the Special Master's effort to streamline the re-deposition process is laudable, in practice this Ruling will result in extensive re-deposition of witnesses, in particular Plaintiffs' expert witnesses, which is unfair to the Plaintiffs and imposes upon them an undue litigation expense. Plaintiffs submit that the issue of re-deposition ought to be addressed based on specific circumstances in light of the guiding principles identified by the Court.  Plaintiffs therefore request that the Court vacate the

Ruling Regarding Re-deposition with instructions to revisit the issue closer to the time when the parties' expert reports are due, or, in the alternative, that the Court vacate the Ruling and amend the Court's own Nunc Pro Tunc Order to address more broadly the issue of re-deposition of witnesses.

## **Background**

In its initial Deposition Protocol applicable to all cases in this MDL, the Court ordered that "Depositions taken in this MDL pursuant to this Order shall not be retaken in this MDL without further order of the court upon good cause shown or an agreement of the parties."  Doc. # 643 at 4.  More specifically, in the Nunc Pro Tunc Order, the Court prohibited the parties from re-deposing party fact witnesses[1] in Track Three who have already been deposed in the MDL absent: (1) agreement of the parties, or (2) order of the Special Master, upon good cause shown," and presumptively limited such depositions to a maximum of 4.5 hours. Doc. # 3329 at 4. The Court also directed the parties to "endeavor to agree to similarly limit re-deposition of" fact witnesses who were deposed in non-MDL opioid litigation, as well as expert witnesses and third-party witnesses who were deposed in the MDL or in non-MDL opioid litigation. *Id.* The Court directed the parties to submit a joint proposal for re-deposition of witnesses who have been previously deposed, noting any areas of disagreement. *Id.*  Both the Deposition Protocol and the Nunc Pro Tunc Order are consistent with, and track the requirements of, Federal Rule of Civil Procedure 30.

---

[1] Because Case Track Three involves a different set of Plaintiffs, the only party fact witnesses who may be re-deposed here will be Defendants' witnesses.

Following a meet-and-confer, the parties submitted competing proposals for the re-deposition of witnesses to the Special Master on June 16, 2020.[2] After reviewing the parties' proposals, the Special Master issued a Ruling Regarding Re-deposition of Witnesses [Doc. #: 3359] that allows, among other things:

---

[2] Following a conference with Special Master Cohen and Defendants' Liaison, Kate Swift, the Parties provided their proposals to Special Master Cohen, noting areas of disagreement per the Court's order.  Plaintiffs opposed imposition of a bright line approach but, in the alternative, provided the more flexible proposed compromise position below which was based on the Defendants' Proposal with the underscored portions having been added by Plaintiffs):

> In light of the discussion this afternoon with you and Ms. Swift, Plaintiffs contend that there is insufficient information about the extent to which the re-deposition of experts will be needed to define a bright line rule at this time and propose that the parties and the Court revisit the issue when the parties have a better sense of which and how many experts will be designated in CT3.  If, however, the Court prefers to enter an order on this point now, Plaintiffs propose the following variation of the defendants' proposal below.

> (1) Party fact witnesses shall not be re-deposed except to address: a) jurisdiction-specific information, b) information pertaining to new or expanded claims or allegations, or c) information produced within one week prior or at any time after the previous deposition, absent agreement of the parties or court order for good cause shown.  Repeat fact depositions shall not be duplicative of previous MDL depositions, and shall be limited to no more than ~~3~~ 4.5 hours, except that each side may take up to six (6) depositions of previously deposed party fact witnesses for no more than 8 hours.

> (2) Experts shall not be re-deposed unless they serve a ~~new~~ report in Track 3 containing opinions not previously disclosed, ~~or upon~~ absent agreement of the parties or court order for good cause shown.  Repeat expert depositions shall not be duplicative, and shall be limited to no more than ~~either 7~~ 2 hours except that each side may redepose up to two (2) expert witnesses for no more than 8 hours~~, or 3 hours per defendant subject to that expert's opinions, whichever is longer~~.

Email to SM Cohen from P. do Amaral, copying all counsel, dated June 16, 2020. (Attached hereto as Exhibit 1.)

3

- re-deposition of  party fact witnesses for 3.5 hours;[3]

- re-deposition of an expert witness who files an expert report in Track Three that is "***identical***" to their report in Track One for 3 hours or .75 hours per defendant family that is the subject of that expert's defendant-specific opinions, whichever is longer;

- re-deposition of an expert witness who files an expert report in Track Three that is "moderately amended" compared to their report in Track One for 5 hours or 1.25 hours per defendant family that is the subject of that expert's defendant-specific opinions, whichever is longer; and,

- re-deposition of an expert witness who files an expert report in Track Three that is "largely new"[4] compared to their report in Track One for 7 hours or 1.75 hours per defendant family that is the subject of that expert's defendant-specific opinions, whichever is longer.

*Id.* at 3-4.[5]  The order provides for exceptions to the above bright line rules only where "very good cause" is shown; the term "very good cause" is not defined.

The expert reports served in Track One to which the Special Master's Order refers were submitted in Spring 2019 and many of those experts—including all experts designated by Plaintiffs—were subsequently deposed on those reports. Each of Plaintiffs' experts was deposed for between 7 and 14 hours on their Track One reports. Since then, many of the same Plaintiffs' experts have submitted substantially similar reports in the New York Opioid Litigation where they were again deposed, bringing their total deposition

---

[3] This portion of the Special Master's Ruling is also inconsistent with the Court's June 8, 2020, Nunc Pro Tunc Order which, on good cause shown, permitted party fact witnesses to be re-deposed for 4.5 hours. In so doing, the Ruling reduced the time that Plaintiff would have to re-depose these witnesses and appeared to eliminate the requirement that good cause be shown.  Plaintiffs object to these changes as well.

[4] The Special Master defined the term "largely new" as where "more than roughly 40% of the expert report content is new." It is not clear how this 40% is to be computed.

[5] There are several discrepancies between the instructions contained in the body of the Special Master's Ruling and the footnotes thereto.  For these purposes, Plaintiffs have assumed that the amounts noted in the body of the Ruling govern.

time thus far on related opinions to between 14 and 28 hours per witness, mostly on non-case specific matters.

## <u>ARGUMENT</u>

Since the outset of the MDL, this Court has adhered to the requirements of the Federal Rules in establishing its Deposition Protocol and, more recently, in the Nunc Pro Tunc Order. Therefore, absent a stipulation by the parties, a party may not take a second deposition of any person without leave of the court. Fed. R. Civ. P. 30(a)(2)(A)(ii). Leave of court shall be granted to the extent the second deposition is consistent with Rule 26(b). *Bilderback v. Barnhart Crane & Rigging*, No. 04-2951, 2007 WL 9711096, at *1 (W.D. Tenn. Nov. 14, 2007). Fed. R. Civ. P. 26(b) directs the court to limit discovery if it finds that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). "Generally, courts disfavor repeat depositions absent a showing of a need or good reason." *Bilderback*, 2007 WL 9711096, at *1; *see also Laethem Equip. Co. v. Deere & Co.*, No. 05-10113, 2009 WL 3064663, at *3 (E.D. Mich. Sept. 21, 2009) (A party "is free to move for leave to re-depose a witness if it can show good cause as required under Fed. R. Civ. P. 30(a)(2)(A)(ii)."); *Morrison v. Stephenson*, No. 2:06-CV-0283, 2008 WL 145017, at *1 (S.D. Ohio Jan. 10, 2008) (denying request to take a second deposition of witnesses

because "good cause has not been shown for a second deposition of either deponent.") *In re Ford Motor Co. Crown Victoria Police Interceptor Products Liability Litig.*, No.:1:02CV15000, 2003 WL 22331285, at *1 (N.D. Ohio May 2, 2003) (Absent a written stipulation, "it is up to the Plaintiffs to show good cause why the Court should . . . provide leave for a second deposition . . . ."). As noted above, this Court incorporated these requirements in its prior orders. *See* Doc. # 643 at 4; Doc. #: 3329, at 4.

The Ruling Regarding Re-deposition is inconsistent with the prior orders of this Court in two respects. First, the Ruling grants the parties blanket leave to re-depose experts who were previously deposed in Track One[6] or the New York litigation[7] without any

---

[6] Plaintiffs recognize that the witnesses deposed in Track One were not deposed in the individual Track Three cases. Nonetheless, the JPML created this MDL specifically to, *inter alia*, "reduce the risk of duplicative discovery." *See* JPML Order Dec. 5, 2017. The Sixth Circuit has specifically recognized that this Court has "broad discretion to create efficiencies and avoid duplication. . . across cases within the MDL. . . " *In re National Prescription Opiate Litig.*, 956 F.3d at 841. No such efficiencies could ever be accomplished in an MDL if duplicative depositions were not presumptively subject to the provisions of Rule 30. Moreover, whether or not Rule 30 applies in this circumstance, this Court's Deposition Protocol, issued more than two years ago, applies to "All Cases" and, absent good cause or party agreement, prohibits duplicative depositions within the MDL as a whole. There has been no suggestion that this Order was beyond the proper discretion of the Court. The same is true with respect to the Nunc Pro Tunc Order. Thus, the Ruling Regarding Re-deposition improperly conflicts with this Court's orders independently of any conflict with the Federal Rules. (Of course, as discussed in the text, the Federal Rules, and the prior orders of this Court, *do* permit MDL witnesses to be deposed again, but only after the kind of showing of good cause that ensures that the efficiencies of the MDL are preserved consistent with the interests of justice.)

[7] Plaintiffs also recognize that depositions taken in the State court proceedings in New York are not part of this MDL. In CMO 1, however, the Court stated its intention to "coordinate with State courts presiding over related cases to the greatest extent possible, in order to avoid unnecessary duplication and inconsistency. . . ." CMO 1 at 11. In considering whether there is good cause to re-depose a witness already examined in this MDL, it is surely appropriate for the Court to consider whether the parties that took the deposition in the MDL also have had an additional opportunity to depose the same witness with involvement of the same counsel with virtually the same interests in a state court proceeding. In this context, the New York depositions constitute "[an]other source [of the discovery] that is more convenient, less burdensome, or less expensive" that should be considered in determining whether re-deposition is appropriate pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i).

showing of good cause, and instead requires a party to show *very* good cause to *avoid* re-deposition of its experts.  This improperly removes the burden from the party seeking re-deposition to show good cause and places the burden on the opposing party to show  very good cause for preventing their experts from being deposed again.  *See* Doc. # 643 at 4; Doc. #: 3329, at 4; *see also Laethem*, 2009 WL 3064663, at *3 (A party may re-depose a witness "if it can show good cause as required under Fed. R. Civ. P. 30(a)(2)(A)(ii).").  Plaintiffs question whether SM Cohen really appreciated that his order would create this burden shifting as there appears to be no precedent in this Court's prior orders, which followed the directives of the Federal Rules in allocating the burden of showing good cause for re-deposition.

Second, the Ruling places no formal limitations (apart from time) on the subject matter or scope of any re-deposition without any individual examination of the factors required by Fed. R. Civ. P. 26(b)(2)(C).  The Special Master's admonition that the parties "shall strive to ensure that questioning of a witness during re-deposition is not duplicative of questioning that occurred at the witness's prior MDL deposition" [Doc. #: 3359, at 1-2] cannot substitute for the Court's obligation under the Rules to "limit the frequency or extent of discovery" if it determines that the discovery sought falls into one of the categories of discovery prohibited by Rule 26(b)(2)(C) ("[T]he court *must* limit the frequency or extent of discovery . . . .").  In particular, the Special Master's Ruling does not recognize the requirement in Rule 26(b)(2)(C)(i) that discovery must be limited if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Here, in most cases, it will inevitably be "more convenient, less burdensome, [and] less expensive" to require

Defendants' to rely on the prior depositions or trial testimony of Plaintiffs' expert witnesses, rather than to re-depose them in Track Three.

As noted above, the experts that Plaintiffs disclosed in Track One and elsewhere have already been deposed for between 14 and 28 hours each thus far.  Many of Defendants' experts have been deposed as well.  In addition, long before they serve their reports in Track Three, many of the parties' experts will likely have testified in the New York trial, and in the trials in Track Two and Track One B of this MDL. That is precisely why it is premature to order a bright line process for re-deposition at this time as opposed to waiting until early 2021 when Plaintiffs' expert reports in Track Three are due.  Because the Defendants will have had numerous opportunities to test Plaintiffs' experts' opinions prior to any depositions in Track Three, such re-deposition of these witnesses in Track Three as permitted by the Special Master's Ruling, absent a showing of good cause, is extremely inefficient, unfair, and without justification.[8]

Moreover, the Special Master's one-size-fits-all approach simply cannot take into account the extent to which re-deposition will be appropriate in January 2021, when so much of the potential testimony that may be relevant to this determination has not yet been given.  For these reasons, the Track Three Plaintiffs respectfully request that the Court vacate the portion of the Special Master's Ruling Regarding Re-deposition of Witnesses that relates to re-deposition of expert witnesses, Doc. #: 3359, and instruct the parties to

---

[8] Similar inefficiencies may arise with respect to re-deposition of Defendants' fact witnesses.  As noted above, the Special Master's Ruling both expanded Plaintiffs' ability to re-depose these witnesses as provided in the Nunc Pro Tunc Order, by appearing to eliminate the need to show good cause, and also constricted it, by reducing the number of hours for such depositions.  Plaintiffs object to the entirety of the Ruling, both as it affects re-deposition of Plaintiffs' experts and as it affects re-deposition of Defendants' fact witnesses.

revisit the issue in December 2020—around the time Plaintiffs' expert reports are due and shortly before such re-depositions would take place—when a more informed decision about the appropriate course can be made.[9]

If the Court prefers not to revisit the issue in December, Plaintiffs propose that the issue by addressed by amending paragraph E(7) of the Court's June 8, 2020 Nunc Pro Tunc Order to read as follows (with additions underscored):

> All depositions of party fact or expert witnesses who have already been deposed in this MDL shall not be re-taken in Track 3 absent: (1) agreement of the parties, or (2) order of the Special Master or the Court, upon good cause shown.  The parties should presume that, if re-deposition of such a witness is necessary, the additional deposition shall not be duplicative of previous deposition or trial testimony, and will be limited to 4.5 hours, absent good cause shown, and the parties should endeavor to agree to less time.

Dated: July 16, 2020                              Respectfully submitted,

                                                  /s/Paul J. Hanly, Jr.
                                                  Paul J. Hanly, Jr.
                                                  SIMMONS HANLY CONROY
                                                  112 Madison Avenue, 7th Floor
                                                  New York, NY 10016
                                                  (212) 784-6400
                                                  (212) 213-5949 (fax)
                                                  phanly@simmonsfirm.com

                                                  Joseph F. Rice
                                                  MOTLEY RICE LLC
                                                  28 Bridgeside Blvd.
                                                  Mt. Pleasant, SC 29464
                                                  (843) 216-9000
                                                  (843) 216-9290 (Fax)
                                                  jrice@motleyrice.com

---

[9] Because the Court's Nunc Pro Tunc Order addresses the deposition of party fact witnesses, and the Plaintiffs agree that the redeposition of third-party witnesses should be addressed on an *Ad Hoc* basis, vacating the Special Master Ruling will primarily impact the protocol for the re-deposition of experts.

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank Gallucci
PLEVIN & GALLUCCI COMPANY, L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and
Trumbull County, Ohio*

### CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger