UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Track Three Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### THE PHARMACY DEFENDANTS' OBJECTION TO THE ORDER REGARDING GEOGRAPHIC SCOPE OF DISCOVERY

Pursuant to the Appointment Order (Dkt. No. 69), the Pharmacy Defendants in Track Three object to the Order Regarding Geographic Scope of Discovery (Dkt. No. 3371)(the "Order"). Specifically, the Pharmacy Defendants object to the Order's expansion of the geographic scope of certain discovery requests from Lake and Trumbull Counties to the State of Ohio. Whereas Discovery Ruling No. 3 limited local discovery in Track One to the two plaintiff counties, the Order expands certain new local discovery requests in Track Three to the entire state. This would increase the geographic scope of certain requests from just over 60 pharmacies in the two counties at issue to nearly 1,200 pharmacies in 88 counties across the state.[1] While the Order restricts this expansion to certain discovery requests and addresses only the geographic scope of those requests,[2] the Pharmacy Defendants respectfully submit that even this limited expansion is not proportional.

---

[1] The Pharmacy Defendants have a combined total 62 pharmacies in Lake and Trumbull Counties (13 for CVS, 14 for Giant Eagle, 15 for Rite Aid, 13 for Walgreens, and 7 for Walmart) and 1,169 pharmacies across the state (388 for CVS, 108 for Giant Eagle, 254 for Rite Aid, 248 for Walgreens, and 171 for Walmart).

[2] The Pharmacy Defendants have other objections to the discovery requests at issue that have not yet been presented to, or decided by, the Special Master; the geographic scope issue was decided before the Pharmacy Defendants' deadline for serving their objections.

7312859.1

First, Track Three claims relate to prescription opioids that the Pharmacy Defendants distributed to and dispensed in Lake and Trumbull Counties.  What the Pharmacy Defendants distributed to and dispensed in Cincinnati or Dayton—or any other Ohio municipalities outside Track Three—is not relevant.  Lake and Trumbull Counties represent a small fraction of Ohio at large: 2 of 88 Ohio counties, 3.6% of Ohio's population, and a geographically limited region in Northeast Ohio comprising approximately 845 square miles out of the state's almost 41,000 square miles.  And the Pharmacy Defendants' combined 62 pharmacies in Lake and Trumbull Counties represent only 5% of their pharmacies in Ohio.  Thus, expanding discovery from Lake and Trumbull Counties to the entire State of Ohio is not proportional to the needs of the case.

Second, if plaintiffs are permitted to seek discovery concerning shipments and prescriptions outside Lake and Trumbull Counties, the Pharmacy Defendants will need to develop, through discovery, defenses pertaining to conduct outside the two Counties in response, in the event that evidence concerning conduct outside the two Counties is admitted at trial over their objection.  At the same time, the time allotted for Track Three discovery is shorter—by several months—than the time that was allotted for Track One-A discovery.  The burden of completing this additional discovery in the time allotted is undue.

Third, the court has reserved only four weeks for trial.  With respect to only the pharmacies in Lake and Trumbull Counties, Plaintiffs already are challenging almost *three million* opioid prescriptions. Even without expanding discovery, there will be insufficient time for the Pharmacy Defendants to defend the orders placed and the prescriptions filled by their 62 pharmacies in Lake and Trumbull Counties, let alone their other 1,107 pharmacies in Ohio.  Expanding discovery even further exacerbates the lack of trial time and is not proportional to the needs of the case.

7310127.4

Finally, Track One-A proceeded through jury selection with a geographic scope tailored to the two plaintiff counties.  It was sufficient there.  This itself illustrates that the Order's expansion of the geographic scope of certain discovery requests is not necessary.  For these reasons, the Pharmacy Defendants object to the Order and request that the geographic scope of Requests for Production Nos. 4, 6, 7, 8, 19, 24, 26, and 30, and Interrogatories Nos. 1, 2, 3, 6, and 8(a)-(d), be limited to Lake and Trumbull Counties.

Dated:  July 16, 2020

Respectfully submitted,

/s/    Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-4824
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center, and Rite Aid Hdqtrs. Corp.*

/s/ Tara A. Fumerton (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc. f/k/a Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment LLC; and Wal-Mart Stores East, Inc.*

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800

*Counsel for CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., CVS Pharmacy, Inc., and Ohio CVS Stores, L.L.C.*

/s/ Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Inc., Walgreen Co. and Walgreen Eastern Co.*

7310127.4

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

5

7310127.4

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on July 16, 2020.

        /s/   Kelly A. Moore
        Kelly A. Moore
        MORGAN, LEWIS & BOCKIUS LLP
        101 Park Avenue
        New York, NY 10178
        Phone: (212) 309-6612
        Fax: (212) 309-6001
        E-mail: kelly.moore@morganlewis.com

        *Attorneys for Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center, and Rite Aid Hdqtrs. Corp.*