UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) | MDL 2804 |
| ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) ) | Judge Dan Aaron Polster |
| *All Cases* ) ) | **ORDER** |
| ) | |

      Before the Court is the Motion to Compel Defendant AmerisourceBergen to Produce Discovery Improperly Withheld and to Show Cause Why It Should Not Be Sanctioned for Its Discovery Misconduct, filed by Plaintiffs' Executive Committee. Doc. #: 3300.

      The Court addressed the history relevant to this Motion in a prior Order, Doc. #: 3343. ABDC has since provided explanations as to why it did not produce certain documents during the Track One cases that began the consolidated discovery in this MDL. The primary reasons ABDC provided include that documents it later produced were initially: (i) withheld as privileged; (ii) designated as not responsive; or (iii) erroneously not produced. Doc. #: 3365 at 3–7. Nearly all the documents were in the custodial file of a witness deposed in Track One and contained agreed search terms. *Id.* at 2–3 (103 out of 110 documents hit agreed-upon search terms); Doc. #: 3376 at 1 (109 out of 110 documents were in custodial filed of witness deposed in Track One).

      While some amount of disagreement regarding the contours of responsiveness and privilege is typical, and "perfection is not the standard for discovery in this extraordinarily complex litigation," doc. #: 3343 at 3, the Court is concerned by the rate of changed privileged designations

and erroneous omissions in the sample of 110 documents.[1] The Court is also concerned that ABDC provides no explanation for its failure to timely produce documents that were: (a) clearly responsive to core discovery issues, (b) flagged by the parties' agreed search terms, and (c) contained in custodial files of designated witnesses. It is true that the possible harms to the Track One Plaintiffs have been alleviated because they reached a settlement with ABDC before trial, and the remaining MDL Plaintiffs now have access to ABDC's expanded production. But the document production in Track One was part of consolidated discovery that fulfills a core purpose of the MDL. This consolidated discovery also includes depositions. The sheer volume of documents ABDC produced after the Track One deadline and settlement, as well as ABDC's own explanations for the delay in producing certain documents, calls into question the completeness of depositions of ABDC witnesses that occurred prior to the significant expansion of its production.

The Court is charged with overseeing consolidated discovery in the MDL and ensuring it has been and continues to be conducted appropriately. Based on the foregoing, the Court directs the following:

A.   No later than **August 21, 2020**, ABDC shall re-examine the documents it continues to withhold as privileged and determine whether it should remove or reduce its privilege claim for any documents. In conducting this review, ABDC should consider the representations it has made to this Court and the Plaintiffs regarding its approach to privilege review, as well as prior rulings in the MDL regarding privilege, *e.g.*, doc. ##: 2282, 1666, 1359. ABDC shall produce any de-designated or redacted documents and provide Plaintiffs with an updated privilege log.[2]

---

[1] The Court notes Plaintiffs have not asserted the 110 documents they identified in support of the Motion and to which ABDC responded are representative of the 400,000+ documents that ABDC produced after the Track One discovery deadlines.

[2] The Court orders this privilege re-review to ensure a complete documentary record prior to re-opening depositions. The Court further directs ABDC to undertake a review of custodial files of all witnesses previously deposed in the

B.      No later than **September 4, 2020**, Plaintiffs shall submit to the Special Master a proposed order re-opening depositions of ABDC witnesses deposed during Track One for which additional documents from the witnesses' custodial file were produced after Track One. Plaintiffs should bear in mind that questioning may not be duplicative, and the mere fact that re-opening depositions will be allowed does not mean it should automatically be sought for each possible witness. The proposed order shall identify: (i) the proposed witnesses; (ii) the number of new documents produced from each witness's custodial files after Track One discovery closed; and (iii) the proposed time limit for the deposition. The depositions will be conducted at ABDC's expense.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  July 20, 2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

MDL to ensure all erroneous omissions have been corrected and all responsive, relevant, and non-privileged documents have been produced.