UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br>*"Track Three Cases"* | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**Track Three Plaintiffs Reply in Opposition to The Pharmacy Defendants' Objection to the Order Regarding Geographic Scope of Discovery**

The Court should overrule the Pharmacy Defendants' Objection to the Order Regarding Geographic Scope of Discovery (Doc. 3371). The "expansion" of certain discovery requests to include the state of Ohio is relevant and discoverable and likely admissible into evidence at the Track Three trial, it is consistent with the Court's order requiring production of Ohio dispensing data, and the defendants have failed to demonstrate any real burden that is disproportionate to the need and relevancy of the information sought.

Defendants' short brief repeats several arguments consistently made at every juncture of this litigation: It is too burdensome; it will expand other discovery; there is not enough time before trial; 4 weeks is too short for trial; etc. Repeating a fiction—defendants' standard fare—does not make it true.

Not only does the defendants' objection fail to quote a single case, statute, rule, or other legal authority, it fails to provide any real substance. Plaintiffs have maintained—and continue to believe— that the information sought should be produced on a nationwide basis. The opioid pills distributed and dispensed by these defendants to feed the opioid

epidemic do not restrict themselves to county borders let alone state boundaries.  While the defendants denied early in this litigation the migration of pills, recent discovery has revealed their denial to be false and further reveals the defendants' awareness of pill migration, even as the epidemic was heating up.  While the defendants argued early in this case that they do not maintain nationwide policies on dispensing, discovery has revealed that the corporate headquarters of each defendant does indeed promulgate nationwide rules ostensibly to guard against diversion.  And their distribution SOMS systems have always been utilized on a nationwide basis.  So national discovery commensurate with the defendants' nationwide rules and SOMs systems would be justified to demonstrate the inadequacy of the defendants' systems, their failure to adequately implement the systems, and their possession of records and reports that demonstrated knowledge of their CSA violations.  But the Special Master has not ordered nationwide discovery of the information which is the subject of his Order—he has limited discovery to the state of Ohio only.

While Discovery Ruling No. 3 limited category 2 discovery to the Track One counties, the Special Master has repeatedly stated that the limited geographic discovery would likely be revisited when the press of trial was not an overriding concern.  He stated:

> "First, this ruling (in 2018) is entered at this particular juncture within the span of the MDL.  The parties are spending terrific amounts of time and resources preparing for the first bellwether trial.  At some future juncture (e.g. after the first trial), the balance the Court must weigh under Rule 26 (b)(1) may well shift making additional requested discovery appropriate".[1]

---

[1] 9/30/2018 Email Ruling by Special Master Cohen regarding Plaintiffs' request for reconsideration of Discovery Ruling Nos. 2 and 3.  *See also*, Discovery Ruling No. 8 (Doc. 1055) (filed 10/23/2018) at p. 5 ("At some future juncture (e.g., after the first trial), the balance the Court must weigh under Fed. R. Civ. P. Rule 26(b)(1) may well shift, making plaintiffs' additional requested discovery appropriate. Accordingly, the Special Master makes clear here that defendants have no present obligation to *produce* the additional requested discovery, but they do have an obligation to

As the Special Master's order recognizes, that "future juncture" has now arrived.

Defendants have not supported their assertion about the burden of statewide discovery with any concrete evidence or data. Other than arguing that the number of pharmacies is significantly larger statewide than in the two Track Three counties – which is obvious and hardly a new fact – the defendants have provided the court with no information describing the quantity of documents or information that would be responsive to the discovery requests or the expense of retrieving the information. It is rather a fictionalized argument untethered to any real information that the court could use to analyze the claimed burden. It also ignores the modern-day retail chain pharmacy business model which tracks sales and customer information every day across the nation, which are then used to make forecasts and business decisions on an ongoing basis. On numerous prior occasions in this MDL, defendants' attempts to geographically narrow their production has resulted in additional discovery disputes and motions practice, often delaying the production rather than simply turning over the entire data set. Even if the defendants were to provide evidence that the discovery sought for the state of Ohio would result in a significant expense, that number would pale in comparison to the billions of dollars these defendants generated in opioid sales, let alone the cost of the epidemic to these two counties.

In his order, the Special Master noted that reports of orders flagged but nonetheless filled had also been requested by the plaintiffs. (Section IV, p. 12-13). He asked the parties to meet and confer and asked the plaintiffs to inform the defendants

---

*preserve* it") (emphasis in original); Discovery Ruling No. 18 (Doc. 1476) (filed 3/26/2019) at p. 6 fn.2 ("As the Special Master noted in DR No. 8, '[a]t some future juncture (e.g. after the first trial), the balance the Court must weigh under Fed. R. Civ. P. Rule 26(b)(1) may well shift, making plaintiffs' additional requested discovery appropriate'").

whether plaintiffs intended to seek this information for at least all of Ohio and whether the defendants will agree. If a defendant refused to do so, the Special Master ordered that defendant must disclose how many orders its SOM system flagged as suspicious but were not reported to the DEA. He required this for the Track Three counties and for all of Ohio so that he could assess the burden of responding to the requests (fn. 18). The plaintiffs thereafter notified the defendants that they were seeking discovery of these reports for the state of Ohio, at the least. But the Defendants have refused to provide plaintiffs with the number of orders that would be responsive to this request. In effect, and consistent with their objection, they simply will not provide information with which anyone, including the court, could reasonably assess the "burden" which they assert. Their burden argument is empty.

The defendants' objection, which is supported by neither facts nor law, should be overruled.

Dated: July 20, 2020            Respectfully submitted,

                                           */s/Paul J. Hanly, Jr.*
                                           Paul J. Hanly, Jr.
                                           SIMMONS HANLY CONROY
                                           112 Madison Avenue, 7th Floor
                                           New York, NY 10016
                                           (212) 784-6400
                                           (212) 213-5949 (fax)
                                           phanly@simmonsfirm.com

                                           Joseph F. Rice
                                           MOTLEY RICE LLC
                                           28 Bridgeside Blvd.
                                           Mt. Pleasant, SC 29464
                                           (843) 216-9000
                                           (843) 216-9290 (Fax)
                                           jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

<u>/s/Peter H. Weinberger</u>
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank Gallucci
PLEVIN & GALLUCCI COMPANY, L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 20, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                                */s/Peter H. Weinberger*
                                                Peter H. Weinberger
                                                *Plaintiffs' Liaison Counsel*