# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: ) ) | Case No. 1:17-md-2804 |
| *Track Three Cases* ) ) ) | Judge Dan Aaron Polster |
| | **ORDER** |

Before the Court are (1) the Plaintiffs' Objection to Special Master's Ruling Regarding Re-Deposition of Witnesses, Doc. #: 3382; and (2) the Pharmacy Defendants' Objection to the Order Regarding Geographic Scope of Discovery, Doc. #: 3383. For the reasons stated below, the objections are **OVERRULED**.

## I. Re-Deposition of Witnesses

Plaintiffs argue the Special Master's Order Regarding Re-deposition of Witnesses (Doc. #: 3359) ("Re-deposition Order") is inefficient and impractical and inconsistent with prior orders of the Court. Pls' Obj. at 1. To address the latter point first, the Special Master's orders can operate to amend orders of the Court. Special Master rulings become orders of the Court absent timely objection or upon review and adoption by the Court. Thus, if the Court overrules Plaintiffs' Objection and adopts the Special Master's ruling here, the Re-deposition Order becomes an Order of the Court and to the extent it is inconsistent with any prior orders, those orders are amended.

The Court finds the Special Master appropriately exercised discretion in setting limits regarding re-deposition of witnesses in Track Three. Significant time has passed since the initial deposition of many witnesses, and the claims, defenses, theories of the case, and scope of discovery have evolved during that time. Thus, there is good cause to allow *non-duplicative* re-deposition

of witnesses. Further recognizing the propriety of additional discovery while seeking to avoid repetitive testimony, the Special Master set tiered limits regarding expert witness depositions that appropriately account for the amount of amendment or addition to the expert's opinions.

The Re-deposition Order further promotes efficiency by establishing practical, bright line rules to minimize the need for witness-specific rulings. And the Court repeats the Special Master's instruction that just because the Court will allow the parties to re-depose witnesses, does not mean that the parties should do so as a matter of course. The Court encourages the parties to carefully consider the value and necessity of re-deposing a witness and to heed the Special Master's directive to negotiate and agree to exceptions to the limits in the Re-deposition Order.

## II. Geographic Scope of Discovery

The Pharmacy Defendants object to the expansion of the geographic scope of certain discovery requests from the Plaintiff Counties (Lake and Trumbull) to the state of Ohio in the Order Regarding Geographic Scope of Discovery (Doc. #: 3371) ("Geographic Scope Order").

First, the Defendants argue that what they distributed to and dispensed in Ohio outside the Plaintiff Counties is not relevant or proportional to the needs of the case. Obj. at 2. The Court and Special Master repeatedly have concluded in this MDL that certain evidence from beyond the plaintiff jurisdictions is relevant to their claims. *See, e.g.*, Order Regarding Nationwide Dispensing Data, Doc. #: 3341 at 3; Order Regarding Discovery Ruling No. 22, Doc. #: 3333 at 4 n.7; Discovery Ruling No. 3, Doc. #: 762 at 3–4. As Plaintiffs repeat in response to the Defendants' objection here, the information at issue in the Geographic Scope Order is relevant to their allegations regarding the adequacy of Defendants' policies and systems and to Defendants' awareness of pill migration, their legal obligations, and violations thereof. *See* Response at 2, Doc. #: 3386. Plaintiffs maintain discovery of this information on a nationwide basis is relevant and

appropriate. *Id.* Notwithstanding the relevance of the information from beyond the Plaintiff Counties and conceivably even beyond Ohio, the Special Master's Order reflects careful consideration of what is proportional to the needs of this case regarding an alleged public nuisance in Trumbull and Lake Counties. The Special Master's approach—a request-by-request determination of geographic scope—and the resulting determinations strike an appropriate balance of the factors in Fed. R. Civ. P. 26(b)(1).[1]

Second, the Defendants argue the expanded scope necessarily will require them to expand their defenses and the burden of completing this additional discovery in the time allotted is undue. Defs' Obj. at 2. The shorter time allotted for discovery in Track Three as compared to Track One-A accounts for the fact that significant portions of the discovery pertinent to Track Three was completed during Track One. A conclusory statement by the Defendants that the Geographic Scope Order imposes an undue burden to complete the additional discovery in the time allotted does not satisfy the Court that such a burden exists.

Third, the Defendants argue there will be insufficient time at trial to defend against Plaintiffs' case and the expanded scope of discovery exacerbates this concern. Defs' Obj. at 2. But the scope of discovery does not necessarily establish the scope of evidence admissible at trial, and it does not alter Plaintiffs' burden to prove the Defendants created a public nuisance in the Plaintiff Counties. The Court intends to provide each side equal time to present its case, and the Plaintiffs have not objected to the four-week period. The Plaintiffs will develop their case bearing in mind the time constraints of trial and will present their case in the time allotted, and the Pharmacy Defendants will have equal time to present their defense.

---

[1] The Defendants did not provide the Court with the discovery requests addressed by the Geographic Scope Order and their Objection. The Court obtained them from the Special Master in order to thoroughly review this issue.

Finally, the Defendants argue the geographic scope tailored to the two plaintiff counties in Track One-A was "sufficient" and shows an expanded scope is not "necessary" in Track Three. Defs' Obj. at 3. The Geographic Scope Order, and prior orders, demonstrate the distinct history and circumstances that led to the narrowed scope in Track One-A. *See* Geographic Scope Order at 4–6; Discovery Ruling No. 3, Doc. #: 762 at 4. The Pharmacy Defendants' belief that an expanded scope is not "necessary" in Track Three does not refute that the scope ordered by the Special Master is relevant and proportional to the needs of this case.

### III. Conclusion

Accordingly, the Plaintiffs' Objection, Doc. #: 3382, and the Pharmacy Defendants' Objection, Doc. #: 3383, are overruled.

**IT IS SO ORDERED.**

 **/s/ Dan Aaron Polster  July 21, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**