UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*County of Lake, Ohio v. Purdue Pharma L.P., et al.*,<br>Case No. 18-op-45032<br><br>*County of Trumbull, Ohio v. Purdue Pharma, L.P., et al.*,<br>Case No. 18-op-45079 | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

**PHARMACY DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL LIMITED ADDITIONAL DATA FROM THE
OHIO BOARD OF PHARMACY'S OARRS DATABASE**

1

The Board of Pharmacy's response to the Pharmacy Defendants' motion to compel OARRS data in Track 3 (a motion the Court granted in Track 1B, Dkt. 3168) continues to miss the mark in three critical ways.

***First***, the Board's argument relies on the misconception that some legal privilege applies to the limited data the pharmacies seek from OARRS, but it never states what that privilege might be. The Board cites cases (e.g., Opp. at 6) where litigants invoked the physician-patient privilege, the marital privilege, and a statutory mediation privilege, among others, but none of those privileges applies here. The Board offers no argument whatsoever for the application of *any* substantive legal privilege. To the extent the Board means to suggest that its statutory confidentiality claims are somehow equivalent to a substantive privilege claim, the Board has not made—and cannot make—any such showing. "[C]onfidentiality is not the same as privilege." *S.E.C. v. McCabe*, 2015 WL 2452937, at *5 (D. Utah May 22, 2015).[1]

Moreover, as the Board is well aware, the Pharmacy Defendants do not seek patient names, addresses, birthdates, or any other protected patient information. The only data the Pharmacy Defendants seek are the prescribers and pharmacies associated with the relevant prescriptions in the OARRS database.[2] Therefore, the state and federal laws the Board relies upon—which are premised entirely on the concern that disclosure of data would allow identification of patients—do not apply. They certainly do not justify the Board's refusal to produce the data.

---

[1] The Board's confidentiality arguments also ignore the fact that, in 2019, a wide variety of people accessed OARRS more than 240 million times, including thousands of healthcare providers, professional licensing boards, law enforcement personnel, drug court personnel, and hospital peer review committees. *See* OARRS 2019 Annual Report at 2, 3, 10, available at https://www.ohiopmp.gov/documents/Annual%20Report%20(2019).pdf.

[2] The Board asserts that the pharmacies seek pharmacy and prescriber information for ***all*** prescriptions in the OARRS database. (Opp. at 10.) That is not correct. The Pharmacy Defendants' Track 3 subpoena is limited to prescriptions for a specific list of medications, the same list that the Court has ordered the pharmacies to produce from their own data. Testosterone, Ambien, and Ritalin, for example, are not on that list.

The Board's confidentiality concerns are properly addressed by ordering production pursuant to a protective order, not by the withholding of data that is critical to the Pharmacy Defendants' defense.  The Court has repeatedly ordered the pharmacies to produce the very same data from their own databases for the entire state of Ohio.  *See* Dkt. 2976, Dkt. 3055, Dkt. 3341.  The Court also has ruled that the protective orders in this case are sufficient to protect that data.  *See* Dkt. 3055 at 2 ("The Court has put into place numerous protective orders specifically addressing health information protected under the Health Insurance Portability and Accountability Act ('HIPAA'), such as patient prescriptions.").[3]

*Second*, because there is no privilege claim at issue, there is no need to address whether state or federal law supplies the "rule of decision."  The Federal Rules of Civil Procedure—Rule 45, in particular—indisputably govern whether the Board must produce the data in question.  The Board has not met its burden to show good cause for resisting the subpoena.  In fact, the Board says nothing at all about any burden that would result from having to produce the requested data, effectively conceding that the burden is slight or nonexistent.

*Third*, the Board continues to misconstrue the nature of the data the Pharmacy Defendants seek, why the pharmacies need it, and what the pharmacies plan to do with it.  The pharmacies need to know the prescribers and dispensers associated with the relevant prescriptions in order to identify the doctors and pharmacies that may have actually caused the opioids crisis in Lake and Trumbull Counties as alleged by plaintiffs.  This data will ***not*** reveal the identity of any patient and is critical to the pharmacies' defense of alternative causation.

---

[3] The State of New York produced its PDMP data—including names of doctors and pharmacies associated with prescriptions—in the consolidated New York opioids litigation pursuant to similar protective order provisions.  *See* Ex. 1, Keller Tr. 268:20-270:25; Ex. 2, NY Protective Order.

The Board suggests that the Pharmacy Defendants intend to violate the confidentiality of their own patients' sensitive health information in order to "reverse engineer" the identity of patients in the OARRS data. (Opp. at 11.) The accusation is baseless. Just the opposite, the Pharmacy Defendants have fought to *avoid* disclosing their patients' protected information, because patient privacy is critical to the Pharmacy Defendants and required by law.

Moreover, the Board ignores the fact that Plaintiffs chose not to sue approximately 42 percent of the dispensing market in Lake and Trumbull Counties. The Pharmacy Defendants do not have any dispensing data from that significant portion of the market. The Pharmacy Defendants' own dispensing data does nothing to fill that gap. Nor does the data that the Board has already produced, as illustrated by the chart at page 12 of the Board's opposition brief:

| Field | Value |
|---|---|
| DateFilled | 01/01/2015 |
| RxNumber | 123456 |
| RefillCode | 0 |
| Quantity | 30 |
| DaysSupp | 30 |
| NDC | 54092038101 |
| Drug | ADDERALL XR 5 MG CER |
| TherClassCode | 2820040010 |
| TherClassDesc | Amphetamine & Comb. |
| DateWritten | 01/01/2015 |
| NumOfRefillsAuth | 0 |
| PaymentType | 4 |
| PharmacyHash | 1111AAAAA11AA1111A11AA1AA11AA1111AAAAA |
| PharmacyZip | 445 |
| PharmacyBACCode | A |
| PharmacyBACSubCode | 3 |
| PrescriberHash[5] | 1AA11AA111A1111AA111111AA11A111111AA111A1 |
| PrescriberZip | 445 |
| PrescriberBACCode | C |
| PrescriberBACSubCode | |
| PrescriberSpecialty | Pediatric medicine |
| PatientGroupIDHash | A1A1111A11111A11AAAAAAA1AA11111A11111A11A1 |
| PatientAge | 8 |
| PatientSex | 2 |
| PatientZip | 445 |

The Pharmacy Defendants cannot do anything with this data to identify the doctors and pharmacies who may have contributed to the opioids crisis alleged by plaintiffs.

4

The Board has nothing to say about other ways the Pharmacy Defendants might obtain this information and does not even respond to the argument that it would be impossible under the Court's schedule to obtain it from the dozens of third-party pharmacies plaintiffs chose not to sue in this litigation. In effect, the Board concedes that OARRS is the only source of the information the Pharmacy Defendants need.

Because the data in question is not protected patient information, because OARRS is the only source of that data, and because the Pharmacy Defendants' "need for the data in this litigation outweighs any countervailing concerns," Dkt. 3168 at 7, the Court should grant the Pharmacy Defendants' motion to compel.

Dated:  July 22, 2020

Respectfully submitted,

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com
E-mail: kate.swift@bartlit-beck.com

*Attorneys for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*

/s/ *Tina M. Tabacchi* (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

5

*Attorneys for Walmart Inc. f/k/a Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, WSE Management, LLC, WSE Investment LLC, and Wal-Mart Stores East, Inc.*

/s/ Alexandra W. Miller (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS Pharmacy, Inc., CVS TN Distribution L.L.C, and Ohio CVS Stores, L.L.C.*

/s/   Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: john.lavelle@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp., and Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston

Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on July 22, 2020.

/s/ *Katherine M. Swift*
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kate.swift@bartlit-beck.com

*Attorney for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*