UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of Santa Fe v. Purdue Pharma, et al.*, Case No. 1:20-op-45137-DAP<br><br>*City of Albuquerque v. Teva Pharma. USA, Inc. et al.*, Case No. 1:20-op-45136-DAP | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS CITY OF ALBUQUERQUE AND CITY OF SANTA FE'S MOTION FOR LEAVE TO FILE MOTION FOR REMAND PROCEDURE, OR IN THE ALTERNATIVE, SUGGESTION OF REMAND TO THE JPML**

Plaintiffs, City of Santa Fe and City of Albuquerque, respectfully request leave to file their Motion for Remand Procedure, or in the Alternative, Suggestion of Remand to the JPML. Plaintiffs state as follows:

**A. The Cities Filed Suit in State Court.**

1.  The Cities of Albuquerque and Santa Fe, New Mexico, initiated legal action in State court to protect citizens from the scourge of debilitating addiction, overdoses, and deaths caused by prescription opioids. *See* Exhibit 1 to Exhibit A hereto, First Am. Complaint ("Albuquerque FAC") [DNM No. 1:19-cv-01168, Doc. 1-1, Page 5 of 275]; Exhibit 2 to Exhibit A hereto, First Am. Complaint ("Santa Fe FAC") [DNM No. 1:19-CV-01105, Doc. 1-3, Page 152 of 278].

**B. There Is No Federal Subject Matter Jurisdiction Over the Cities' Cases.**

2.  There is no federal subject matter jurisdiction over either of the Cities' cases. Complete diversity jurisdiction does not exist because certain Defendants in each case are New Mexico citizens.

1

3. In its Notice of Removal of the City of Santa Fe's case, the removing Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (occ. "Endo") claimed that the Plaintiff is a citizen of New Mexico for purposes of diversity jurisdiction, and that the New Mexico citizenship of two Defendants named in the case, Dr. John Bray-Morris and nurse practitioner Nicole Renee Broderson, should be "ignored" and that these two defendants are "fraudulently misjoined." *See, generally,* Notice of Removal [DNM No. 1:19-cv-01105, Doc. 1]. Thus, it is uncontested that complete diversity of citizenship is lacking on the face of the City of Santa Fe's Complaint, and, yet, diversity of citizenship is the only purported basis for removing the case to federal court.

4. Similarly, in its Notice of Removal of the City of Albuquerque's case, Endo relied exclusively on the false assertion of diversity jurisdiction. *See, generally,* Notice of Removal [DNM No. 1:19-cv-01168, Doc. 1]. Endo argued that the Plaintiff is a citizen of New Mexico for purposes of diversity jurisdiction, and that the New Mexico citizenship of *seven* Defendants named in the case—Michael Gallegos, Bitu Sheth, PA, Laura LeBlanc, NP, Peter Pacheco, PA, Rebecca Duchon, PA, Marchell Woodruff, PA, and Andrei Marchenko, CNP—all should be "ignored" and that these seven defendants are "fraudulently misjoined." Thus, it also is uncontested that diversity of citizenship—the only removal theory alleged—is lacking on the face of the City of Albuquerque's Complaint.

C. **The Cities Filed Several Motions and Briefs Attempting to Return the Cases to the Tribunals with Subject Matter Jurisdiction.**

5. Defendants' removal theory, which has been rejected by courts nationwide, consists of the remarkable claim that a City cannot file one lawsuit to abate the same public nuisance, but rather had to sue the Defendants that caused the opioid crisis in two different lawsuits. No apposite authority supports Defendants' removal theory.

2

6. Shortly after Endo's wrongful removals to federal court, the Cities filed motions to remand. Plaintiff City of Albuquerque's Motion to Remand [DNM No. 1:19-cv-01168, Doc. 11] (Exhibit 3 to Exhibit A hereto); Plaintiff City of Santa Fe's Motion to Remand [DNM No. 1:19-cv-01105, Doc. 14] (Exhibit 4 to Exhibit A hereto).

7. The Cities also moved to expedite the proposed transferor courts' consideration of the remand motions. Plaintiff City of Albuquerque's Motion to Expedite Motion to Remand [DNM No. 1:19-cv-01168, Doc. 16] (Exhibit 5 to Exhibit A hereto); Plaintiff City of Santa Fe's Motion to Expedite Motion to Remand [DNM No. 1:19-cv-01105, Doc. 19] (Exhibit 6 to Exhibit A hereto). This would have avoided these cases further burdening this tribunal.

8. The Honorable James O. Browning, United States District Court Judge, District of New Mexico, granted the City of Albuquerque a hearing, wherein he announced his decision to take no action. Tr. of Mot. Hr'g, *City of Albuquerque v. Teva Pharmaceuticals USA, Inc., et al.*, 1:19-CIV-01168-JB/JHR (D.N.M. Jan. 24, 2020) ("Hr'g Tr.") (Exhibit 7 to Exhibit A hereto). During the hearing, Judge Browning noted:

- "[I]t does seem to me that the jurisdictional basis for this [removal] is suspect" (*id*. at 38:8-10);

- Endo's removal theory is "rarely used" (*id*. at 40:10-11);

- "[J]oinder in the federal courts is extremely broad" (*id.* at 42:10-11);

- Endo's argument "seems like a very unprincipled doctrine" (*id*. at 51:13-14);

- "That [Endo's argument] seems very unprincipled to me" (*id*. at 51:22-23);

- "I don't think you can articulate a principled rule that allows a district judge to" follow Endo's argument (*id*. at 52:14-15);

3

- "[I]t seems to me that it's very difficult to come up with a principled rule to say, 'Well, okay, we're just going to drop these people so that it remains in federal court.' That's where the corporation wants to be" (*id*. at 52:18-22);

- Endo "just do[esn't] like these people in there" (*id*. at 53:12-13).

Judge Browning concluded that, "[s]o it's with some reservation that I don't go ahead and reach the remand issues, but I do think that the better course of MDL practice in the nation and an orderly federal court suggest that I wait and see if this one gets transferred." *Id*. at 111:15-19.

9. Removing Defendant Endo made a number of accusations in the course of these proceedings. In response to the City of Albuquerque's argument that this Court has issued a moratorium on remand filings, Endo claimed to be personally "bothered" "the most" by "this extraordinarily misleading argument" (Hr'g Tr., 79:15-17), and that plaintiff's moratorium argument allegedly was "not only false and misleading, it is diametrically opposed to" the record in this Court (*id*. at 81:3-5). Upon questioning from Judge Browning, on the subject of whether it was in fact possible for the City's case to be remanded after a transfer to the MDL, Endo claimed that "two weeks ago [i.e., two weeks before January 24, 2020] Judge Polster ordered remand in two Missouri cases" (*id*. at 82:23-24), and that "[t]he state court actually reached out to the MDL." *Id*. at 83:6-7.

10. After Endo's counsel's contention that the City was dishonest in arguing that this Court had imposed a moratorium on City remand motions, and that cases had been remanded at the request of state Judges, both Cities wrote letters to the respective state Judges asking that they, too, ask this Court to remand each City's case to state court. Letter from S. Ann Saucer and Pia Salazar to the Honorable Carl J. Butkus (April 21, 2020) (Exhibit 8 to Exhibit A hereto); Letter

4

from S. Ann Saucer and Pia Salazar to the Honorable Bryan Biedscheid (April 21, 2020) (Exhibit 9 to Exhibit A hereto).

11. The Honorable Bryan Biedscheid, Judge in *City of Santa Fe v. Cephalon Inc.*, No. D-101-CV-2019-01809 (1st Jud. Dist. Ct.), granted the City of Santa Fe a hearing. Tr. of Proceedings at 16:3-17, *City of Santa Fe v. Cephalon Inc.*, No. D-101-CV-2019-01809 (1st Jud. Dist. Ct. May 13, 2020) (Exhibit 10 to Exhibit A hereto).

12. At the hearing, Endo's counsel expanded the scope of its accusations. Endo quoted both Code of Judicial Conduct Rule 21-102 and Code of Judicial Conduct Rule 21-210(A) in support of the argument that the letters to your Honor "represent a violation of the principle of judicial independence" and that such letters are "forbidden in the Rule." Tr. of Proceedings at 16-17.[1] Endo's counsel rounded out its accusations regarding the letter-writing remand procedure that had occurred in this Court—the very procedure that Endo had described to Judge Browning as an example of how a City could achieve a remand notwithstanding this Court's moratorium—with the opinion that, "it's a remarkably bad idea. It would set a terrible precedent[.]" *Id*. at 18:4-5.

13. In motion practice and briefing before the Judicial Panel on Multidistrict Litigation, the Cities opposed the transfer of their cases from the United States District Court, District of New Mexico, to this Court. *E.g.,* Mot. to Vacate CTO-125 and Br. in Supp., MDL No. 2804, Doc. 6663, Doc. 6663-1 (Exhibit 11 to Exhibit A hereto); Mot. to Vacate CTO-127 and Br. in Supp., MDL 2804, Doc. 6808, Doc. 6808-1 (Exhibit 12 to Exhibit A hereto). Obviously, those efforts were fruitless.

---

[1] As Plaintiff's counsel pointed out, because one such letter on its face referenced a preceding conversation with this Court, Endo's accusation might also be an accusation against this Court. *Id*. at 22:16-21.

5

### D. Contrary to Endo's Disingenuous Argument, This Court <u>Has</u> Entered a Moratorium on Certain Motions, Including City Remand Motions.

14. This Court has entered a moratorium on motions to remand filed by Cities and Counties (although these motions have been allowed if filed by States). *See* Order Regarding Remands, (Feb. 16, 2018) [Doc. 130]; Case Management Order No. 1 (April 11, 2018), at p. 11 ¶6.g ("No party may file any motion not expressly authorized by this Order absent further Order of this Court or express agreement of the parties.") [Doc. 232].

### E. This Court Has Remanded Selected Cases.

15. This Court has granted remands of other cases. *See* Suggestions of Remand, *Cabell County Comm'n v. AmerisourceBergen Drug Corp., et al.*, No. 17-OP-45053, *City of Huntington, W.V. v. AmerisourceBergen Drug Corp., et al.*, No. 17-OP-45054 (Jan. 6, 2020) [Doc. 3059]; Suggestions of Remand, *City and County of San Francisco, Cal., et al. v. Purdue Pharma L.P. et al.,* No. 1:19-OP-4502, *City of Chicago v. Purdue Pharma L.P. et al.,* No. 1:17-OP-45169, *Cherokee Nation v. McKesson Corp. et al.,* No. 1:18-OP-45695 (Nov. 19, 2019) [Doc. 2941]; Order of Severance and Order of Remand, *Jefferson County, et al. v. Williams, et al.,* No. 1:19-OP-45371 (July 24, 2019) [Doc. 1987]; Remand Order, *County of Carbon v. Purdue Pharma L.P., et al.,* Case No. 19-OP-45337, *Delaware County, Pennsylvania v. Purdue Pharma L.P., et al.*, Case No. 19-OP-45285 (July 2, 2019) [Doc. 1800].

### F. The Cities Seek Leave to File their Motion for Remand Procedures.

16. Defendants continue to remove cases without any legal or factual basis, enjoying interminable delays. This Court has itself acknowledged that "it's not fair to me to hold cases. . . . [A]ll these cities and counties are clamoring for their trials." Tr. of Status Conference Proceedings at 10:12-14, *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804 1/29/20 [Doc. #: 3113, PageID 482022].

6

17. Particularly considering that this Court has remanded other cases, the Cities should be allowed to re-argue their remand motion and/or to receive a hearing and opportunity to be heard on its remand motion. There is no substantive difference so as to make the different treatment among cases fair and just.

18. Guidelines for federal judges encourage MDL courts to rule promptly on remand motions. *See, e.g.*, Fed. Judicial Ctr., *Manual for Complex Litigation* § 22.36 (4th ed. 2004) ("If the transferor courts have not decided remand motions before the MDL Panel order is issued, the transferee court should try to resolve remand motions promptly[.]"); Fed. Judicial Ctr., *Ten Steps for Better Case Management: A Guide for Multidistrict Litigation Transferee Judges* 5 (2d ed. 2014) ("Take these [remand] motions seriously and rule upon them as soon as reasonably possible."); Judicial Conf. of the U.S., *Civil Litigation Management Manual* 61–62 (2010) ("You should always address all motions for remand as soon as possible to avoid potentially duplicative, costly, and unnecessary federal proceedings.").

19. As explained more fully in the attached proposed Motion that the Cities seek leave to file (Exhibit A hereto), federalism concerns also counsel that the Cities' cases, filed in state court, should not be further delayed in a tribunal which lacks subject matter jurisdiction over the claims.

**G. In the Alternative, the Cities Seek Leave to File their Suggestion of Remand.**

20. Plaintiffs, City of Santa Fe and City of Albuquerque, request that, in the interests of justice and judicial efficiency, the Court suggest remands of their actions, under JPML Rule

7

10.1, to the District of New Mexico, the transferor court, in order that the Cities' remand motions may be heard.

21. "Generally, the decision to remand turns on the question of 'whether the case will benefit from further coordinated proceedings as part of the MDL.'" *In re Baycol Prods. Litig.*, 265 F.R.D. 453, 455 (D. Minn. 2008) (citations omitted); *see also In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 17-MD-2785-DDC-TJJ, 2019 WL 294803, at *4 (D. Kan. Jan. 23, 2019) (quoting same).

22. As more fully discussed in the Motion attached hereto (Exhibit A), there is no cognizable benefit to retaining the Cities' cases in this MDL without a ruling on whether federal jurisdiction exists in the first instance. No pretrial order issued pursuant to the Federal Rules of Civil Procedure will advance a case over which there is no federal subject matter jurisdiction in the first instance.

23. Because there is no federal subject matter jurisdiction over the Cities' cases, allowing remand will not prejudice any party.

24. Because Section 6(g) of the Case Management Order One, ECF Doc. 232 ("CMO-1") precludes the filing of non-authorized motions before the Court absent further Order of this Court or express agreement of the parties and necessitates this request for leave, Plaintiffs request relief from Section 6(g) of CMO-1 and for permission to file the Cities' Motion, which is attached hereto as Exhibit A, and the proposed Orders submitted herewith.

Wherefore, the Cities respectfully request that this Honorable Court grant Plaintiffs' Motion for Leave to File the attached Motion for Remand Procedure, or in the Alternative, Suggestion of Remand to the JPML.

Date:  July 25, 2020                                       Respectfully Submitted,

/s/ Matthew R. McCarley
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com
S. Ann Saucer
Texas Bar No. 00797885
Louisiana Bar No. 21368
asaucer@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Pia Salazar
pia@salazar-sullivanlaw.com
Patrick Sullivan
pat@salazar-sullivanlaw.com
**SALAZAR, SULLIVAN & JASIONOWSKI**
100 Gold Avenue SW, Suite 201
Albuquerque, New Mexico 87102
Tel. (505) 314-1414
Fax. (505) 31401419

Matthew S. Daniel
Texas Bar No. 24047575
mdaniel@lawyerworks.com
**FERRER POIROT & WANSBROUGH**
2603 Oak Lawn Ave. Ste. 300
Dallas, Texas 75219
Tel. (214) 521-4412
Fax (866) 513-0115

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record at their email-addresses on file with the Court.

/s/ Matthew R. McCarley
Matthew R. McCarley

9