# Exhibit 11

**BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

IN RE: NATIONAL PRESCRIPTIONS OPIATE                    MDL No. 2804
LITIGATION

This Document Relates to the Following:

*City of Santa Fe, New Mexico v. Purdue Pharma L.P., et al.
D.N.M., 1:19-cv-1105*

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-125)**

Plaintiff, City of Santa Fe, through undersigned counsel, respectfully moves this Panel,

pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation,

for an order vacating its December 10, 2019 order conditionally transferring the City of Santa

Fe's above-referenced cause of action, for the reasons set forth below.

1.      City of Santa Fe is pursuing a lawsuit against the companies responsible for

causing an epidemic of opioid use and abuse plaguing the City. Exhibit A, Plaintiff's First

Amended Petition. The City's Petition raises seven causes of action based on New Mexico

state statutory and common law.

2.      It could not be clearer from the face of the Plaintiff's pleadings that the City's

Petition does not present complete diversity of citizenship.

3.      The City's Petition pleads causes of action against non-diverse, individual

defendants for their part in the opioid supply chain. Ex. A, 1st Am. Pet., pp. 3, 5-6 ¶¶ 3, 12.

4.      Notwithstanding a lack of federal subject matter jurisdiction, Defendants Endo

Health Solutions Inc. and Endo Pharmaceuticals Inc. filed a notice of removal on November

26, 2019, the alleged bases for which were severance of the non-diverse defendants per Rule 21 and fraudulent misjoinder. Exhibit B, Notice of Removal.

5.      Shortly thereafter, the City moved for remand to state court. Exhibit C, Motion to Remand.

6.      Following a Tag-Along, this Panel issued Conditional Transfer Order 125, on December 10, 2019. The City filed a timely Notice of Opposition and a Notice of Appearance on that date. Exhibit D. This Panel set a briefing schedule for the instant motion, with the due date of January 2, 2020. Doc. No. 6534, MDL No. 2804 (J.P.M.L. December 18, 2019) (promulgating January 2, 2020).

7.      The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U. S. A., Inc. v. Jackson*, No. 17-1471, 2019 WL 2257158, at *2 (U.S. May 28, 2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994)).

8.       "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.*" Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

9.      "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936)).

10.      By removing the case, Defendants seek to violate all of these principles. The proposed transferee court issued a moratorium on filings in 2017, and specifically included motions to remand as subject to the moratorium in 2018. Exhibit E, Order Regarding

Remands, No. 1:17-md-2804, Doc. 130 (N.D. Ohio Feb. 16, 2018). Months thereafter, the MDL court promulgated CMO 1, which allowed State Attorneys General to file remand motions, but otherwise did not grant relief as to the moratorium on remand motions. Exhibit F, CMO 1, No. 1:17-md-2804, Doc. 232 (N.D. Ohio April 11, 2018), at ¶ 6.g ("No party may file any motion not expressly authorized by this Order absent further Order of this Court or express agreement of the parties.").

11.     Thus, the proposed transfer will impose a stay of the City's case—notwithstanding the fact that the federal judiciary lacks subject matter jurisdiction in the first instance. Defendants are cynically using the removal process to achieve an unlawful ends, namely, to subject the City to federal transfer and stay orders notwithstanding the wholesale lack of federal judicial authority over the City's case.

**WHEREFORE,** for these reasons and for the reasons set forth in the accompanying brief, Plaintiff respectfully requests that the Panel vacate its December 10, 2019 order (CTO-125) conditionally transferring City of Santa Fe to the MDL.

Dated: January 2, 2020.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Matthew McCarley*
Matthew McCarley
Texas Bar Number 24041426
Fears Nachawati
5473 Blair Road
Dallas, TX 75231
Phone: (214) 980-0711
Fax: (214) 890-0712
mccarley@fnlawfirm.com
**Attorney for Plaintiff, City of Santa Fe**

</div>

BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION

———————————————————————

**IN RE: NATIONAL PRESCRIPTIONS OPIATE**                    MDL No. 2804
**LITIGATION**

———————————————————————

This Document Relates to the Following:

*City of Santa Fe, New Mexico v. Purdue Pharma L.P., et al.*
*D.N.M., 1:19-cv-1105*

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER (CTO-125)**

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ....................................................................1

II.     PROCEDURAL HISTORY .........................................................................2

III.    SUMMARY OF THE ARGUMENT ...........................................................2

IV.     STANDARD ..............................................................................................3

V.      ARGUMENT AND AUTHORITIES..........................................................4

        A.      Transfer Will Not Serve the Convenience of the Parties and Witnesses and Will Not Promote the "Just and Efficient" Conduct of this Litigation; Therefore, Transfer Will Violate Subsection 1407(a) of Title 28, United States Code. ..........5

                1.      The City of Santa Fe will be significantly prejudiced if the case is transferred. ....................................................................................6

                2.      Transferring the case between courts lacking subject matter jurisdiction is inefficient. ....................................................................................7

        B.      Because Federal Subject Matter Jurisdiction Is Obviously Lacking, Transfer Will Violate the Principle that Jurisdiction Be Established First in Priority and Will Violate Section 1404(a) of Title 28, United States Code.......................................8

                1.      Subject matter jurisdiction is obviously lacking. .........................8

                        a.      Subject matter jurisdiction cannot be created by severing the claims against the properly joined non-diverse Defendants. ......8

                        b.      Even if applicable, Defendants do not carry the heavy burden of establishing fraudulent joinder. ....................................................11

                2.      Because there is no subject matter jurisdiction, the only recourse is an immediate remand to state court; neither a cross-country transfer nor an indeterminate stay are allowed in the absence of federal authority over the action in the first instance. ........................................................14

VI.     REQUEST FOR RELIEF ............................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Air Crash Disaster at J.F.K. Int'l Airport,*
    MDL-227 (J.P.M.L. filed July 20, 1977).................................................................4

*Anne Arundel Cty., Maryland v. Purdue Pharma L.P.,*
    No. CV GLR-18-519, 2018 WL 1963789 (D. Md. Apr. 25, 2018)...................................10, 12

*Arbaugh v. Y&H Corp.,*
    546 U.S. 500 (2006)........................................................................................15

*Brown v. Endo Pharms., Inc.,*
    38 F. Supp. 3d 1312 (S.D. Ala. 2014)...................................................................10

*Clinton v. Jones,*
    520 U.S. 681 (1997)..........................................................................................6

*Conroy v. Fresh Del Monte Produce Inc.,*
    325 F. Supp. 2d 1049 (N.D. Cal. 2013).................................................................15

*Cordill v. Purdue Pharma, L.P.,*
    No. 1:02CV00121, 2002 WL 31474466 (W.D. Va. Nov. 5, 2002).......................................13

*Couch v. Astec Indus., Inc.,*
    71 F.Supp.2d 1145 (D.N.M.1999).........................................................................12

*Cty. of Anderson v. Rite Aid of S.C., Inc.,*
    No. 8:18-CV-1947-BHH, 2018 WL 8800188 (D.S.C. Aug. 20, 2018)...........................10, 12

*Cuevas v. BAC Home Loans Servicing, LP,*
    648 F.3d 242 (5th Cir.2011) ..............................................................................11

*In re Deering Milliken Patent,*
    328 F. Supp. 504 (J.P.M.L. 1970)..........................................................................5

*Dunaway, et al. v. Purdue Pharma L.P., et al.,*
    No. 2:19-cv-00038, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) ....................................7

*Dutcher v. Matheson,*
    733 F.3d 980 (10th Cir. 2013) .............................................................................11

*Echols v. OMNI Med. Group, Inc.,*
    751 F. Supp. 2d (N.D.Okla.2010)..........................................................................11

*Ellis v. Micron Tech., Inc.*,
    354 F. Supp. 2d 736 (E.D. Mich. 2005)....................................................................................15

*Ellis v. Wattenbarger*,
    361 F.3d 991 (7th Cir.2004) ....................................................................................................15

*Flores-Duenas v. Briones*,
    No. CIV 13-0660 JB/CG, 2013 WL 6503537 (D.N.M. Dec. 1, 2013)....................................12

*In re: Grain Shipment Litig.*,
    319 F. Supp. 533 (J.P.M.L. 1970).............................................................................................3

*Hampton v. Insys Therapeutics, Inc.*,
    319 F. Supp. 3d 1204 (D. Nev. 2018).........................................................................10, 11, 13

*Hart v. Bayer Corp.*,
    199 F.3d 239 (5th Cir. 2000) ..................................................................................................12

*Home Depot U. S. A., Inc. v. Jackson*,
    139 S. Ct. 1743 (2019)............................................................................................................14

*In re: IBM Antitrust Litig.*,
    316 F. Supp. 976 (J.P.M.L. 1970).............................................................................................3

*In re Kaehni Patent*,
    311 F. Supp. 1342 (J.P.M.L. 1970)...........................................................................................5

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U. S. 375 (1994)...............................................................................................................14

*In re L.E. Lay & Co. Antitrust Litig.*,
    391 F. Supp. 1054 (J.P.M.L. 1975)...........................................................................................4

*Lafalier v. State Farm Fire & Cas. Co.*,
    391 F. App'x 732 (10th Cir. 2010) ....................................................................................13, 14

*Mansfield, C. & L.M.R. Co. v. Swan*,
    111 U.S. 379 (1884)................................................................................................................14

*Mayor & City Council of Baltimore v. Purdue Pharma L.P.*,
    No. CV GLR-18-800, 2018 WL 1963816 (D. Md. Apr. 25, 2018)....................................10, 12

*Ex parte McCardle*,
    7 Wall. 506 (1868)..................................................................................................................14

*McDonal v. Abbott Laboratories*,
    408 F.3d 177 (5th Cir. 2005) ...................................................................................................15

*Mecklenburg Cty., Virginia v. Purdue Pharma, L.P.*,
  No. 3:19-CV-463, 2019 WL 3207795 (E.D. Va. July 16, 2019)............................................12

*Montano v. Allstate Indemnity Co.*,
  211 F.3d 1278, 2000 WL 525592 (10th Cir.2000) (unpublished table opinion)....................12

*In re National Prescription Opiate Litigation*,
  MDL 2804 (N.D. Ohio Feb. 16, 2018) ....................................................................................6

*Ohler v. Purdue Pharma, L.P.*,
  No. CIV.A. 01-3061, 2002 WL 88945 (E.D. La. Jan. 22, 2002)............................................12

*Pampillonia v. RJR Nabisco, Inc.*,
  138 F.3d 459 (2d Cir.1998)....................................................................................................11

*Perry v. Norwest Fin'l Ala., Inc.*,
  Case No. Civ. A 98-0260-CB-C, 1998 WL 964987 (N.D. Ala. Dec. 9, 1998) ......................10

*In re Plumbing Fixture Cases*,
  298 F. Supp. 484 (J.P.M.L. 1968)............................................................................................4

*In re Prof'l Hockey Antitrust Litig.*,
  352 F. Supp. 1405 (J.P.M.L. 1973)........................................................................................4, 5

*In re Resource Exploration, Inc., Securities Litig.*,
  483 F. Supp. (J.P.M.L. 1980)...................................................................................................4

*Ruhrgas AG v. Marathon Oil Co.*,
  526 U.S. 574 (1999).................................................................................................................15

*Sangha v. Navig8 ShipManagement Private Ltd.*,
  882 F.3d 96 (5th Cir. 2018) ....................................................................................................15

*St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.*,
  774 F. Supp. 2d 596 (D. Del. 2011)..........................................................................................6

*Staubus v. Purdue Pharma, L.P.*,
  No. 2:17-CV-122-TAV-CLC, 2017 WL 4767688 (E.D. Tenn. Oct. 20, 2017) ..........12, 13, 14

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)...................................................................................................................14

*Sundby v. Bank of New York Mellon*,
  No. 11CV627 DMS (RBB), 2011 WL 1670914 (S.D. Cal. May 3, 2011)................................6

*Tapscott v. MS Dealer Serv. Corp.*,
  77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office
  Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)....................................................................13, 14

iv

*Thee Sombrero, Inc. v. Murphy*,
No. EDCV 15-001004-VAP, 2015 WL 4399631 (C.D. Cal. July 17, 2015) .........................13

**Statutes**

28 U.S.C. § 1404(a) ...............................................................................................5, 8, 15

28 U.S.C. § 1407 ................................................................................................3, 4, 5, 15

28 U.S.C. § 1407(a) ............................................................................................1, 2, 3, 5

**Other Authorities**

Fed. R. Civ. P. 1 .................................................................................................................2

Fed. R. Civ. P. 11(b) ..........................................................................................................6

Fed. R. Civ. P. 19(a) ..........................................................................................................9

Fed. R. Civ. P. 20 (a)(2) .....................................................................................................9

Fed. R. Civ. P. 21 .............................................................................................. 1, 8, 10, 11

Fed. R. Civ. P. 82 .............................................................................................................11

H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. .......................................................................4, 7

H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 U.S.C.C.A.N. 1898 ........................3

NMRA, Rule 1-019(A) ......................................................................................................8

NMRA, Rule 1-020(A) ......................................................................................................9

Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor
Courts and Transferee Courts* ..................................................................................4

Pursuant to Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), City of Santa Fe, New Mexico ("Plaintiff" or "City") files this Brief in Support of its Motion to Vacate Conditional Transfer Order (CTO-125), and would show as follows:

## I.     PRELIMINARY STATEMENT

Plaintiff City of Santa Fe filed this action against Defendants in New Mexico state court asserting claims arising under New Mexico state law in order to obtain recovery for the damages the City incurred as a result of the opioid crisis. *See* Exhibit A, 1st Am. Petition. The federal judiciary does not have subject matter jurisdiction over this case.

Nonetheless, Defendants seek to delay Plaintiff's pursuit of its claims by securing a cross-country transfer into the multidistrict litigation ("MDL 2804"). As a delay stratagem, Defendants improperly removed Plaintiff's action to federal court, the alleged bases for which were severance of the non-diverse defendants per Rule 21 and fraudulent misjoinder. *See* Exhibit B, Notice of Removal. Seven days following the improper removal, the City requested that the United States District Court for the District of New Mexico remand this action.  *See* Exhibit C, Motion to Remand.

The most efficient course of action, both for the parties and for the courts, is to permit the District of New Mexico to determine the threshold jurisdictional issue: whether removal was proper. A transfer at this stage would not promote the "just and efficient" conduct of this action and would prejudice the City by causing further needless delay and unnecessary expense. *See* 28 U.S.C. § 1407(a). This is particularly true where, as here, the removal violates controlling precedent, violates the plain language of the federal statute, and attempts to apply an untenable

legal theory. *See* Exhibit C, Motion to Remand. Without subject matter jurisdiction, any judicial action, including a cross-country transfer, would be an improper exercise of judicial authority.

## II.   PROCEDURAL HISTORY

The City filed this action against the manufacturers and sellers of prescription opioids in New Mexico state court, asserting state law claims. *See* Exhibit A, 1st Am. Petition. Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. removed the case on November 26, 2019. *See* Exhibit B, Notice of Removal. On November 27, 2019, Defendants filed a Notice of Potential Tag-Along Actions. The City promptly moved to remand the action to a state court with subject matter jurisdiction over the claims. Exhibit C, Motion to Remand.

On December 10, 2019, the Panel issued its Conditional Transfer Order (CTO-125), to which Plaintiff timely filed its Notice of Opposition on December 10, 2019. Exhibit D. The City's motion to vacate is timely pursuant to this Panel's scheduling order. *See* Doc. No. 6534, MDL No. 2804 (J.P.M.L. December 18, 2019) (promulgating January 2, 2020).

## III.   SUMMARY OF THE ARGUMENT

Plaintiff respectfully requests that the Panel vacate its conditional transfer of this matter to the Northern District of Ohio in order for the District of New Mexico to address the pending motion to remand. Doing so will foster the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1. On the other hand, transferring the City of Santa Fe's case to the MDL court in Ohio will achieve the polar opposite objective of multidistrict litigation. Transfer to a multidistrict litigation court "shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Here, the interminable delay that the transfer will cause will

inconvenience the City and its witnesses and will promote injustice. Because the federal judiciary lacks subject matter jurisdiction, the penalty of an indefinite stay, which the transfer would impose, is unjust. And, bouncing the case between federal courts that lack subject matter jurisdiction in the first instance certainly is the antithesis of efficiency. In short, all purposes to be served by multidistrict litigation are violated here if CTO-125 is not vacated.

Plaintiff respectfully avers that this Panel should neither promote nor facilitate Defendants' lack of candor in the removal notice and their unvarnished gamesmanship of the legal system, i.e., the baseless removal from state to federal court for the sole purpose of a subsequent transfer and averting any timely judicial consideration of the City's pending motion to remand. To enable this stratagem flies in the face of Supreme Court precedent that federal courts are tribunals of limited jurisdiction and that subject matter jurisdiction is to be considered first in priority. The patent lack of subject matter jurisdiction creates particular injustice here because the proposed transferee court has declared its refusal to even allow a motion to remand to be filed. Exhibit E, Order Regarding Remands, MDL 2804, Doc. 130 (N.D. Ohio Feb. 16, 2018): Exhibit F, CMO 1, MDL 2804, Doc. 232 (N.D. Ohio April 11, 2018), at ¶ 6.g. Granting this motion to vacate is the only avenue of securing justice and efficiency, as commanded by Section 1407, Title 28, United States Code.

IV.  STANDARD

A conditional transfer order is an administrative act of the Panel Clerk "which can be and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (citing *In re: IBM Antitrust Litig.*, 316 F. Supp. 976 (J.P.M.L. 1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. *See* 28 U.S.C. § 1407(a); *see also* H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968

U.S.C.C.A.N. 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and before the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial administration may be obtained." *See* H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900.

Here, the statutory prerequisites for a transfer of the City's case are not met.

## V.    ARGUMENT AND AUTHORITIES

The Panel abstains from ordering transfer when important motions await decision by the originating court. *See, e.g., In re L.E. Lay & Co. Antitrust Litig.,* 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court") (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 496 (J.P.M.L. 1968)); *In re Prof'l Hockey Antitrust Litig.,* 352 F. Supp. 1405, 1407 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for preliminary injunction was *sub judice* because the Panel has "consistently adhered to well-founded principles of comity in deciding motions to transfer under Section 1407"); *In re Resource Exploration, Inc., Securities Litig.,* 483 F. Supp., 817, 822 (J.P.M.L. 1980) (declining to transfer an action "on principles of comity" due to the pendency of motion for summary judgment that had been submitted to the transferor judge). In particular, the Panel has stayed prior transfer decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss. *See In re Air Crash Disaster at J.F.K. Int'l Airport,* MDL-227 (J.P.M.L. filed July 20, 1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on *sub judice* motion to remand that action to state court) (cited by Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts,* 78 F.R.D. 575, 577, n. 15

(1978)); *see also, In re Prof'l Hockey Antitrust Litig.,* 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); *In re Kaehni Patent,* 311 F. Supp. 1342, 1344 (J.P.M.L. 1970) (transfer order stayed pending decision of court on motion to dismiss); *In re Deering Milliken Patent,* 328 F. Supp. 504, 505-06 (J.P.M.L. 1970) (transfer under §1407 moot if decided favorably).

The instant litigation is a perfect example of litigation in which abstention from transfer is warranted. As explained below, transfer will violate Sections 1404 and 1407 of Title 28, United States Code. There is no federal subject matter jurisdiction in the first instance, and the prejudice to the City of Santa Fe is clear.

> **A.    Transfer Will Not Serve the Convenience of the Parties and Witnesses and Will Not Promote the "Just and Efficient" Conduct of this Litigation; Therefore, Transfer Will Violate Subsection 1407(a) of Title 28, United States Code.**

Congress has promulgated explicit requirements for transfer of a case into one multidistrict litigation court: "Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Here, transfer could not possibly serve "the convenience of parties and witnesses," or the promotion of "just and efficient conduct" of the City's action. The only purpose of the transfer will be to achieve an indeterminably long, unjust delay.

It is a misuse of the MDL Panel procedures to file a baseless Notice of Removal and then immediately seek to exploit the MDL process by transferring a case form one federal court without jurisdiction to another federal court without jurisdiction for no identifiable purpose other than to indefinitely delay the litigation. Yet this is precisely what Defendants have done here. The proposed transferee court refuses to even allow plaintiffs to file motions to remand for the

foreseeable future. Exhibit E; Exhibit F, at ¶ 6.g. Thus, transfer will doom the City to a forum that refuses to timely consider its lack of jurisdiction over the claims. This is profoundly unjust, because there is no federal subject matter jurisdiction in the first instance. *See* Exhibit C; *see also* Section V.B *infra*.

**1.  The City of Santa Fe will be significantly prejudiced if the case is transferred.**

The prejudice to the City of Santa Fe is clear. Delay "increase[s] the danger of prejudice resulting from the loss of evidence." *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997). A party "has a right to proceed in a timely manner on its claim and to do so in a court having jurisdiction." *St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.*, 774 F. Supp. 2d 596, 601 (D. Del. 2011).

Defendant removed this action solely for the purposes of delay. Other courts have recognized that such manipulation of the federal courts is improper, for example:

> If in fact the removal of this action was done for the purpose of delay, the Court strongly disapproves of such gamesmanship of the legal system and waste of judicial resources. Rule 11 states, "[b]y presenting to the court a pleading, written motion, or other paper ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). Counsel should be mindful of this and cautious in pursuing such tactics in the future.

*Sundby v. Bank of New York Mellon*, No. 11CV627 DMS (RBB), 2011 WL 1670914, at *2 (S.D. Cal. May 3, 2011).

If this action is transferred, the City of Santa Fe will not have the opportunity to present its motion to remand in the proposed transferee court any time in the foreseeable future.  The proposed transferee court in *In re National Prescription Opiate Litigation* MDL 2804 will not even allow a city to file a motion to remand—much less will that court rule on one. Exhibit E, Order Regarding Remands, *In re National Prescription Opiate Litigation,* MDL 2804 (N.D. Ohio Feb. 16, 2018)

(entering moratorium on motions to remand); Exhibit F, Case Management Order No. 1 (N.D.

Ohio April 11, 2018), at ¶6.g ("No party may file any motion not expressly authorized by this

Order absent further Order of this Court or express agreement of the parties."). Thus, one recent

decision has explained that a Plaintiff will be prejudiced if its case is sent to MDL 2804:

> [T]he risk of hardship resulting from a postponement of a jurisdictional determination is **great**.... **The prospect of indefinitely postponing a jurisdictional ruling is especially troubling, given that this case involves Tennessee public officials, charged with representing the interests of the citizens of their respective judicial districts, seeking access to the state's courts to assert claims under the state's laws.**... If ... jurisdiction is lacking,... the case should be returned to the state courts as soon as reasonably practicable. Otherwise, the federal courts will not only waste the parties' time but impair the state's interest in the administration of justice.

*Dunaway, et al. v. Purdue Pharma L.P., et al.,* No. 2:19-cv-00038, 2019 WL 2211670 (M.D.

Tenn. May 22, 2019), at 5-6 (emphasis added). The City will suffer a prejudicial delay if its case

is transferred.

## 2. Transferring the case between courts lacking subject matter jurisdiction is inefficient.

Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-125) should be granted

because the most just and efficient course is to allow the District of New Mexico Court to decide

Plaintiff's pending Motion to Remand. Here, a transfer of this action would not promote

"significant economy and efficiency in judicial administration," but would delay the resolution of

the motion to remand. H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900. A transfer at this juncture

would result in additional, unnecessary delay because Judge Polster, presiding over the pretrial

consolidation in the Northern District of Ohio, has ordered a moratorium on all substantive filings,

including motions to remand. Exhibit E; Exhibit F at ¶ 6.g. A transfer at this juncture would also

result in inefficient use of judicial resources. Plaintiff has already filed and briefed its remand

motion in the proposed transferor court. The most efficient course of action would be to allow the

District of New Mexico to consider the threshold issue of subject matter jurisdiction before the City's case is transferred across the country.

Accordingly, the Panel should vacate Conditional Transfer Order (CTO-125) with respect to this action in order to promote the just, speedy, and inexpensive determination of this action.

**B.      Because Federal Subject Matter Jurisdiction Is Obviously Lacking, Transfer Will Violate the Principle that Jurisdiction Be Established First in Priority and Will Violate Section 1404(a) of Title 28, United States Code.**

**1.   Subject matter jurisdiction is obviously lacking.**

Defendants' removal of City of Santa Fe's case on grounds of diversity of citizenship—based on severance of the non-diverse defendants per Rule 21 and fraudulent misjoinder—is erroneous on each alleged basis. It could not be clearer from the face of the Plaintiff's pleadings that the City's Petition does not present complete diversity of citizenship. First, all Defendants are properly joined under the rules and removal cannot be justified by creating jurisdiction through severance. Second, the fraudulent misjoinder theory alternatively alleged is inapplicable and, independently, has not been adopted by Tenth Circuit.

***a.   Subject matter jurisdiction cannot be created by severing the claims against the properly joined non-diverse Defendants.***

The City's Petition pleads causes of action against non-diverse, individual defendants for their part in the opioid supply chain. *See* Exhibit A, 1st Am. Petition. Defendants are properly joined because four causes of action are brought jointly against all Defendants, because the liability of each and every Defendant arises out of the same transactions and series of transactions, because numerous questions of law and fact are common to all Defendants' liability, and because a court cannot accord the City complete relief if the prescribers are missing. NMRA, Rule 1-019(A) ("A person who is subject to service of

8

process shall be joined as a party in the action if: (1) in his absence complete relief cannot be accorded among those already parties"); NMRA, Rule 1-020(A) ("All persons may be joined in one action as defendants if there is asserted against them jointly, severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."). *Compare also* FED. R. CIV. P. 19(a) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties"); FED. R. CIV. P. 20 (a)(2) (Defendants "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

*All* Defendants created and fed the opioid crisis in Santa Fe. The City's Petition expressly alleges the connection and interplay of all Defendants, as all participated in the supply chain of these dangerously addictive drugs. The drug prescribers (non-diverse Defendants), the drug dispensing pharmacies, and the wholesale distributors are the channels through which opioids wrongfully flowed from the opioid manufacturers and into the City of Santa Fe. For each prescription New Mexico Defendants wrote, the pharmacy Defendants filled the prescriptions, the distributor Defendants ignored red flags in delivering the drugs to the pharmacies, and the manufacturer Defendants promoted their drugs through deceptive advertising for improper uses. Simply put, each category of Defendants named here are part of the same series of transactions

that delivered dangerously addictive drugs into illicit channels. The City has pleaded these connections between the non-resident and resident Defendants.  *See* Exhibit A, 1st Am. Petition; Exhibit C, Motion to Remand.

Nonetheless, Defendants' removal notice claims that the Court should create subject matter jurisdiction—which does not exist on the face of the Complaint—by severing the claims against non-diverse defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure. *See* Exhibit B, Notice of Removal at ¶¶57-67. Removal cannot be justified on these grounds. "Federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Hampton v. Insys Therapeutics, Inc*., 319 F. Supp. 3d 1204, 1213–14 (D. Nev. 2018) (quoting *Brown v. Endo Pharms., Inc*., 38 F. Supp. 3d 1312, 1326 (S.D. Ala. 2014) (collecting cases)). "[A] defendant lacking 'the proper jurisdictional key with which to open the doors of federal court' cannot rely on Rule 21 severance as a surreptitious means 'to climb in the window.'" *Hampton*, 319 F. Supp. 3d at 1214 (quoting *Perry v. Norwest Fin'l Ala., Inc*., Case No. Civ. A 98-0260-CB-C, 1998 WL 964987, at *2 (N.D. Ala. Dec. 9, 1998)). "The better approach is to have such severance arguments addressed to, and adjudicated by, the state court." *Hampton*, 319 F. Supp. 3d at 1214 (citations omitted).

Multiple federal decisions have rejected the same severance arguments the Defendants make here, specifically finding that claims against medical care providers should not be severed from the claims against manufacturer and/or distributor defendants. *See Anne Arundel Cty., Maryland v. Purdue Pharma L.P*., No. CV GLR-18-519, 2018 WL 1963789, at *5 (D. Md. Apr. 25, 2018); *Mayor & City Council of Baltimore v. Purdue Pharma L.P.,* No. CV GLR-18-800, 2018 WL 1963816, at *5 (D. Md. Apr. 25, 2018); *Cty. of Anderson v. Rite Aid of S.C., Inc*., No. 8:18-

CV-1947-BHH, 2018 WL 8800188, at *7 (D.S.C. Aug. 20, 2018); *Hampton*, 319 F. Supp. 3d at 1213.

Another reason why "an independent ground for subject matter jurisdiction must exist before the Rules are applied" is because Rule 21 severance of claims is also limited by Federal Rules Civil Procedure 82 which states: "These rules do not extend or limit the jurisdiction of the district courts." FED. R. CIV. P. 82; *see also Echols v. OMNI Med. Group, Inc.,* 751 F. Supp. 2d at 1215 (N.D.Okla.2010) (Rule 21 severance of claims is also limited by the language of Fed.R.Civ.P. 82: '[t]hese rules do not extend or limit the jurisdiction of the district courts.'").

### b. Even if applicable, Defendants do not carry the heavy burden of establishing fraudulent joinder.

Defendants do not attempt to carry the heavy burden of establishing fraudulent joinder, and the removal notice omits any explanation as to how the claims against the prescribers are not viable as a matter of state law. "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir.2011)). "The defendant seeking removal **bears a heavy burden** of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir.1998)) (emphasis added). The heavy burden means:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indemnity Co*., 211 F.3d 1278, 2000 WL 525592, at *2 (10th Cir.2000) (unpublished table opinion) (quoting *Hart v. Bayer Corp*., 199 F.3d 239, 246 (5th Cir. 2000)). "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc*., 71 F.Supp.2d 1145, 1146–47 (D.N.M.1999); *see also Flores-Duenas v. Briones*, No. CIV 13-0660 JB/CG, 2013 WL 6503537, at *18 (D.N.M. Dec. 1, 2013) (quoting *Couch*). Instead, Defendants rely on a suspect "fraudulent misjoinder" theory manufactured in an Eleventh Circuit case which has not been adopted in the Tenth Circuit.

Even assuming, for the sake of argument, that this theory is viable in the transferor court, the City's claims against the prescribers are not fraudulently misjoined with the other Defendants participating in the opioid supply chain because the "claims against all the defendants are factually, legally, and logically related, arising out of the alleged interconnected activities, from manufacturing the opioids to delivering them to patients." *See Mecklenburg Cty., Virginia v. Purdue Pharma, L.P*., No. 3:19-CV-463, 2019 WL 3207795, at *6 (E.D. Va. July 16, 2019). Multiple federal decisions have rejected the same fraudulent misjoinder argument the Defendants make, explaining that causes of action against prescribing and treating medical professionals share common issues of fact with the manufacturers and/or distributors of opioids. *See Anne Arundel Cty., Maryland v. Purdue Pharma L.P*., No. CV GLR-18-519, 2018 WL 1963789, at *5 (D. Md. Apr. 25, 2018); *Mayor & City Council of Baltimore v. Purdue Pharma L.P*., No. CV GLR-18-800, 2018 WL 1963816, at *5 (D. Md. Apr. 25, 2018); *Cty. of Anderson v. Rite Aid of S.C., Inc*., No. 8:18-CV-1947-BHH, 2018 WL 8800188, at *6 (D.S.C. Aug. 20, 2018); *Staubus v. Purdue Pharma, L.P.,* No. 2:17-CV-122-TAV-CLC, 2017 WL 4767688, at *5 (E.D. Tenn. Oct. 20, 2017). *See also Ohler v. Purdue Pharma, L.P.,* No. CIV.A. 01-3061, 2002 WL 88945, at *7 (E.D. La.

Jan. 22, 2002) (finding connexity between causes of action against opioid manufacturer and prescriber, rejecting misjoinder argument, and remanding case); *Cordill v. Purdue Pharma, L.P.*, No. 1:02CV00121, 2002 WL 31474466 (W.D. Va. Nov. 5, 2002) (rejecting fraudulent joinder and remanding case where prescribing defendants (doctor and clinic) and five pharmaceutical companies, including manufacturers, were named as defendants).

The fraudulent misjoinder theory can be rejected for the independent reason that the Tenth Circuit, having jurisdiction over the transferor court, declined the invitation to adopt it. The fraudulent misjoinder doctrine was created by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072–76 (11th Cir. 2000). *Tapscott* has come under intense scrutiny by skeptical courts outside the Eleventh Circuit. There is a "sheer volume of ... case law rejecting the fraudulent misjoinder doctrine." *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1211 (D. Nev. 2018) (collecting cases within Ninth Circuit). "The reasons against the doctrine are many and persuasive." *Hampton*, 319 F. Supp. 3d at 1211 (quoting *Thee Sombrero, Inc. v. Murphy*, No. EDCV 15-001004-VAP, 2015 WL 4399631, at *4 (C.D. Cal. July 17, 2015)). "Few courts have acknowledged it as a viable doctrine. Fewer still have affirmatively adopted it." *Staubus*, 2017 WL 4767688, at *6 (declining to adopt the doctrine).

Yet, the Defendants claim that the doctrine is hypothetically available in the Tenth Circuit. But conspicuous by omission is a citation to a decision in which federal subject matter jurisdiction was recognized in the transferor district or circuit on the basis of this doctrine. *See* Exhibit B, Notice of Removal ¶¶ 68-69. The Notice of Removal misplaces reliance on *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732 (10th Cir. 2010), suggesting that *Lafalier* is authority for the theory's recognition in this Circuit. Exhibit B, Notice of Removal ¶ 68 [Doc. 1, Page 19 of 32]. In

13

truth, however, this opinion expressly declines to adopt the fraudulent misjoinder/procedural misjoinder doctrine. *Lafalier*, 391 F. App'x at 739 ("we need not decide that issue today, because the record before us does not show that adopting the doctrine would change the result in this case."). The Tenth Circuit, along with the majority of courts, "have declined to adopt the fraudulent misjoinder doctrine." *Staubus,* 2017 WL 4767688, at *4 (citing *Lafalier* and collecting cases).

Finally, the Endo Defendants mischaracterize the fraudulent misjoinder theory by claiming that egregiousness is not the standard. According to the decision creating the doctrine, fraudulent/procedural misjoinder applies only to "egregious" cases where the claims against the non-diverse party are "wholly distinct" from the claims against the diverse party. *Tapscott*, 77 F.3d at 1360. There is simply no federal subject matter jurisdiction in this case.

> **2. Because there is no subject matter jurisdiction, the only recourse is an immediate remand to state court; neither a cross-country transfer nor an indeterminate stay are allowed in the absence of federal authority over the action in the first instance.**

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause*." Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994)).

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co*., 523 U.S. at 94–95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S.

379, 382 (1884)); *see also McDonal v. Abbott Laboratories*, 408 F.3d 177, 180 (5th Cir. 2005)
("we consider the threshold inquiry of subject matter jurisdiction"). Federal Courts have "an
independent obligation to determine whether subject-matter jurisdiction exists, even in the absence
of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas
AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The Court's "first duty" is "to determine the
existence of subject-matter jurisdiction." *Ellis v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir.2004).
*See also Sangha v. Navig8 ShipManagement Private Ltd.,* 882 F.3d 96, 100 (5th Cir. 2018) ("the
general expectation" is "that federal courts address subject-matter jurisdiction at the outset in the
'mine run of cases' and reach other issues first only where the jurisdictional issue is 'difficult to
determine' and the other grounds are relatively 'less burdensome.'") (citing *Ruhrgas*; further
citation omitted).

In addition to Supreme Court precedent commanding a jurisdictional first analysis, the
JPML statute itself compels this result. Title 28 United States Code, Section 1404(a) "limits
transfer of a civil action to 'any other district or division where it might have been brought'... In
other words, because a court may only transfer a case to a venue where the case could have been
brought originally, questions regarding subject matter jurisdiction must be resolved before any
such transfer." *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal.
2013). Put another way, "[a] transfer can be made by the Judicial Panel on Multidistrict Litigation
**if** the transferor district court has subject matter jurisdiction of the case." *Ellis v. Micron Tech.,
Inc.*, 354 F. Supp. 2d 736, 738 (E.D. Mich. 2005) (citing 28 U.S.C. § 1407; further citation
omitted). Here, subject matter jurisdiction is lacking. Therefore, the federal judiciary is without
power to transfer the case.

## VI.     REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Panel grant the City's motion to vacate in its entirety and vacate the December 10, 2019 order (CTO-125) conditionally transferring the City of Santa Fe's case to MDL 2804.

Dated: January 2, 2020.

Respectfully submitted,

/s/ Matthew McCarley
Matthew McCarley
Texas Bar Number 24041426
Fears Nachawati
5473 Blair Road
Dallas, TX 75231
Phone: (214) 980-0711
Fax: (214) 890-0712
mccarley@fnlawfirm.com
**Attorney for Plaintiff, City of Santa Fe**