# Exhibit 13



November 6, 2019

**VIA EMAIL**

The Hon. Dan Aaron Polster
Carl B. Stokes U.S. Court House
Courtroom 18B
801 West Superior Avenue
Cleveland, Ohio 44113-1837
dan_polster@ohnd.uscourts.gov

Francis E. McGovern II, Esq.
401 West Alabama Avenue
Houston, Texas 77006
mcgovern@law.duke.edu

David Rosenblum Cohen, Esq.
Law Office of David R. Cohen
24400 Chagrin Blvd., Ste. 300
Cleveland, Ohio 44122
david@davidcohen.com

    Re:    *In Re: National Prescription Opiate Legislation, 1:17-md-2804 (N.D. Ohio)*
                  "Selective Remands"

Dear Judge Polster, Special Master McGovern and Special Master Cohen,

      We are part of the multistate coalition that represents more than 1100 municipalities and cities seeking to address the devastating impact of the opioid epidemic in their communities. Our governmental clients' cases were filed in state courts nationwide and then improperly removed to federal court and transferred to this MDL where they have remained in fully-briefed-remand limbo for an extended period of time. This Court has declined to rule on motions that make clear its utter lack of subject matter jurisdiction over pure state law causes of action; governmental entities are actively being denied their due process rights to adjudicate thoughtfully-pleaded claims of significant public importance.

      Strikingly, and notwithstanding our good faith reliance on what we have been assured was a transparent process involving the PEC and Special Master McGovern, coalition counsel were only made aware of recent secret discussions on "selective remands" and today's conference when we received the Court's docket entry of November 5, 2019. We learned the actual conference time and call-in number only from defense counsel, and only upon inquiry. We learned that the cases proposed for "selective remand" – Chicago, San Francisco, San Francisco County, Cabell County, WV, and Huntington, WV -- are all PEC member associated cases already subject to the Court's jurisdiction, all of which were originally filed in federal court.

      In addition to being excluded from the discussion regarding "selective remands," our thousand plus governmental clients learned only yesterday that the submitted proposal would

November 6, 2019
Page 2

include a further moratorium on pending motions to remand until June 2021.  An over-reaching order of this nature, from a Court that- with all due respect- lacks subject-matter jurisdiction over the pending claims to begin with- is utterly untenable and would necessitate vigorous collective opposition.

The exclusion from this process of any state court litigants over whom this court has no jurisdiction vitiates the rights of these litigants for their cases to be heard in the proper forum under the proper jurisdiction of their state's laws. These entities, and many more like them that have had actions pending indefinitely before this Court, are entitled to the remand of their cases or a properly noticed hearing and meaningful participation with the Court itself on the subject of remand.

The multistate coalition's request is not only necessary under the law, it is prudent given the collective objective of expediting abatement of this unprecedented public health crisis.  Experience makes plain that only cases set for trial are resolving; hence, it is essential to the success of this endeavor to bring full pressure to bear on defendants.  Proper dispensation of our remand motions will permit trial settings in state courts throughout the country and fundamentally enhance efforts to achieve appropriate relief.  Further insistence on retaining control of cases over which this Court lacks subject matter jurisdiction benefits only the defendants and guarantees a large number of opt-outs on any interim proposed resolution or alleged "negotiation class," in which these same state litigants have no meaningful participation.

None of us are interested in expending precious resources on appellate practice or other challenges that distract from this collective objective.  But we will have no choice absent appropriate transparency and fairness of process.  We respectfully request prompt adjudication of our pending remand motions or, in the alternative, timely notice of an opportunity for a collective presentation to this Court on the essential points raised herein.

Respectfully submitted,

*/s/ Joanne Cicala*
Joanne Cicala
THE CICALA LAW FIRM PLLC
joanne@cicalapllc.com
101 College Street
Dripping Springs, Texas 78620
Tel: (512) 275-6550
*Co-Counsel for 42 Improperly-Removed*
*Virginia Municipalities*

November 6, 2019
Page 3

/s/ Kevin H. Sharp
Kevin H. Sharp
SANFORD HEISLER SHARP, LLP
ksharp@sanfordheisler.com
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Tel: (615) 434-7000
*Co-Counsel for 42 Improperly-Removed Virginia Municipalities*

/s/ Daniel M. Twetten
Daniel M. Twetten
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, Colorado 80302
Tel: (720) 583-6514
dan@loevy.com
*Counsel for Walker County, Texas*

/s/ Tommy Fibich
Tommy Fibich
FIBICH LEEBRON
COPELAND & BRIGGS LLP
1150 Bissonnet
Houston, Texas 77005
Tel: (713) 751-0025
*Counsel for Harris County, Texas*

/s/ Michael T. Gallagher
Michael T. Gallagher
THE GALLAGHER LAW FIRM
2905 Sackett Street
Houston, Texas 77098
Tel: (713) 222-8080
mike@gld-law.com
*Counsel for Harris County, Texas*

/s/ Francis O. Scarpulla
Francis O. Scarpulla
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery St., 17th Floor
San Francisco, California 94104
*Counsel for San Joaquin, City of Stockton, and Montezuma Fire Protection District, California*

November 6, 2019
Page 4

        */s/ Judith S. Scolnick*
        Judith S. Scolnick
        Beth A. Kaswan
        SCOTT+SCOTT ATTORNEYS AT LAW LLP
        The Helmsley Building
        230 Park Avenue, 17th Floor
        New York, NY 10169
        Tel: (212) 223-6444
        jscolnick@scott-scott.com
        bkaswan@scott-scott.com
        *Counsel for City of Jacksonville, Florida and City of Portsmouth, Virginia*

cc: Multistate Coalition (via email)