**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| | Judge Dan Aaron Polster |

**[PROPOSED] ORDER ESTABLISHING REMAND PROCEDURES**

In consideration of the need to establish procedures in MDL No. 2804 to ensure timely rulings on motions to remand, IT IS ORDERED THAT:

**A.** **Show Cause Procedure for Cases Removed under a Substantial Federal Question Theory.**

1.      This Court has rejected federal question jurisdiction removals based on both the federal Controlled Substances Act, and on the federal Food, Drug, and Cosmetic Act. Doc. #: 13 (granting the State of Kentucky's Motion to Remand); Doc. #: 899 (granting the State of Montana's Motion to Remand).

2.      The Court hereby issues an order to show cause to the removing defendants in all cases removed pursuant to 28 U.S.C. §§ 1441 and 1331, on the grounds of substantial federal question jurisdiction, under the theory articulated in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308 (2005). If a removing defendant, in a case removed on such grounds, wishes to contest remand of the case to state court, then the removing defendants must show cause, within fourteen (14) days of the date of this Order, why a particular case should not be remanded, and specifically, why the analysis articulated by this Court in the State of Kentucky and the State of Montana decisions does not apply in the particular case. A show cause showing must identify specific facts or points of law unique to the particular case, and must support these allegations with citations.

3.      It is HEREBY ORDERED THAT cases removed solely pursuant to 28 U.S.C. §§ 1441 and 1331, will be REMANDED to state court if, after fourteen (14) days from the date of this Order, the removing defendants have not filed pleadings to show cause why an exception should be made from this Court's analysis in the State of Kentucky and the State of Montana's cases.

4.      If a case has been removed on both the grounds of substantial federal question jurisdiction and another removal ground, then the removing defendants must, within fourteen (14) days of the date of this Order, comply with the terms of Paragraph 2, or any federal question argument is waived. If the removing defendant cannot show cause for excepting a particular case from this Court's decisions in the Kentucky and Montana cases, but believes in good faith that its removal notices are accurate with regard to removal grounds other than substantial federal question, then the removing defendants must, within fourteen (14) days of the date of this Order, file a letter with the Court stating the intention to proceed on other removal grounds. This letter will constitute another pleading signed under Rule 11 affirming the accuracy of the statements made in the apposite notices of removal. If the removing defendants, in cases removed on dual grounds, do not wish to proceed on any removal grounds, then the removing defendants should inform the court, within fourteen (14) days of the date of this Order, that the case will be remanded by consent.

5.      The Court has a duty to police federal subject matter jurisdiction *sua sponte*, and therefore the show cause provisions herein apply to cases removed on the grounds of alleged substantial federal question regardless of whether the plaintiffs have filed motions to remand. If a plaintiff in a decision removed on the basis of substantial federal question jurisdiction wishes to

2

remain in federal court, then the plaintiff shall, within fourteen (14) days of the date of this Order, file amended pleadings adding federal causes of action.

**B.      Briefing, Magistrate Referral, and Show Cause Procedure for Cases Removed on Grounds other than Substantial Federal Question Jurisdiction.**

6.      For cases removed on grounds other than or in addition to substantial federal question jurisdiction, a briefing schedule is promulgated as follows:

a.  Within thirty (30) days of this Order, any plaintiff whose case has been removed to federal court and who has not yet filed a motion to remand its case for lack of subject matter jurisdiction may do so.

b.  If a motion to remand has been filed but a memorandum in opposition has not been filed, the removing defendants in that case shall have fourteen (14) days from the date of this Order to file an opposition.

7.      After the completion of this forty-four (44) day briefing schedule, this Court will select one or more exemplar motions from each of the following categories:

a.  Removal under a diversity jurisdiction theory, 28 U.S.C. §§ 1332(a), 1441(b);

b.  Removal under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453; and

c.  Removal by Defendant McKesson under the federal officer statute, 28 U.S.C. § 1442.

8.      This Court will assign each of the exemplar motions to Magistrate Judge Ruiz to issue a report and recommendations. A party opposing the recommendation of the Magistrate Judge shall have fourteen (14) days from issuance in which to file any opposition; any other party shall have fourteen (14) days to file a reply to the opposition.

9.      Following *de novo* review of the Magistrate Judge's report and recommendations, and any objections and replies, the Court will grant or deny the exemplar motions and remand those case in which the motion has been granted.

10.      If this Court remands any of the exemplar cases, this Court will then issue an order to show cause. The order will issue to the removing defendants in each case of the same type as the exemplar motion(s) that were granted. The order will require removing defendants to show cause why that particular case should not be remanded on the same basis as the exemplar case. The removing defendants shall have fourteen (14) days to respond to the show-cause order.

11.      If this Court denies any of the exemplar motions, this Court will then issue an order to show cause. The order will issue to the movant plaintiffs in each case of the same type as the exemplar motion(s) that were denied. The order will require the movant plaintiffs to show cause why that particular motion should not be denied on the same basis as the exemplar case. The movant plaintiffs shall have fourteen (14) days to respond to the show-cause order.

12.      If no party subject to a show-cause order responds, this Court will promptly either grant the motion to remand and remand the case to state court or deny the motion, as appropriate on the basis of the resolution of the exemplar motion.

C.      **Omnibus Provisions Applicable to this Order**

13.      As it did when ruling on evidentiary motions prior to the first bellwether trial, the Court instructs parties that they should re-assert positions that were already addressed in the prior ruling "only if the party sincerely believes the particular circumstances of an individual case warrant a modification." Evidentiary Order at 74, *In re Nat'l Prescription Opiate Litig.,* 1:17-MD-2804 [Doc. #: 3052, PageID #: 477375].

4

14.     If a party responds to the order to show cause issued in this Order or pursuant to this Order, then this Court will consider the response and issue any appropriate orders.

15.     The moratorium on all substantive filings[1] is hereby LIFTED as necessary to allow the parties to comply with the terms of this Order.

SIGNED this _____ day of _____, 2020.


                                          _____
                                          Judge Dan Aaron Polster
                                          United States District Judge

---

[1] *E.g.,* Minutes of Initial Pretrial Conference, p. 2 (Court continues moratorium on all substantive filings) [Doc. #: 70]; Order Regarding Remands [Doc. #: 130]; Case Management Order No. 1, at p. 11 ¶6.g ("No party may file any motion not expressly authorized by this Order absent further Order of this Court or express agreement of the parties.") [Doc. #: 232].

**PROPOSED ORDER SUBMITTED BY:**

Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com
S. Ann Saucer
Texas Bar No. 00797885
Louisiana Bar No. 21368
asaucer@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Pia Salazar
pia@salazar-sullivanlaw.com
Patrick Sullivan
pat@salazar-sullivanlaw.com
**SALAZAR, SULLIVAN & JASIONOWSKI**
100 Gold Avenue SW, Suite 201
Albuquerque, New Mexico 87102
Tel. (505) 314-1414
Fax. (505) 31401419

Matthew S. Daniel
Texas Bar No. 24047575
mdaniel@lawyerworks.com
**FERRER POIROT & WANSBROUGH**
2603 Oak Lawn Ave. Ste. 300
Dallas, Texas 75219
Tel. (214) 521-4412
Fax (866) 513-0115

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2020, a copy of the foregoing proposed order was served on all counsel of record listed below via the Court's ECF system and/or via U.S. Mail.

*/s/ Matthew R. McCarley*
Matthew R. McCarley