UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track One Cases:*<br>*County of Summit, Ohio v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio);<br>*County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio) | Case No. 1:17-MD-2804<br><br>ORDER RE MOTIONS *IN LIMINE* IN TRACK ONE-B |

On January 3, 2020, in preparation for the Track 1A trial, the Court memorialized various evidentiary rulings on over 90 motions in limine ("MILs") filed by parties that had not been severed. *See* Doc. 3058 ("*Evidentiary Order*"). The Track 1A filing parties included Pharmacy Defendant Walgreens, which is also a defendant in Track 1B, but not any of the other Track 1B Pharmacy Defendants, who were severed in mid-August of 2019.

In the *Evidentiary Order*, the Court stated that its rulings on the MILs

> will apply to all future cases in this MDL that are tried by this Court. * * * In the future, the parties should generally not file in any MDL case a motion (including a motion for reconsideration) addressing an evidentiary issue already addressed below. Going forward, a party may file a motion in an MDL case to modify the contours of rulings documented in this Order only if that party can show that the particular circumstances of an individual case warrant a revision.

*Id.* at 1-2. Accordingly, the parties in Track 1B should consider the rulings in the *Evidentiary Order* applicable at their trial.

A1489111.2

The Special Master understands the Track 1B parties may disagree with some of the Court's Track 1A MIL rulings for various reasons, including a belief that: (1) the ruling was incorrect as delivered; or (2) the ruling is incorrect because of additional circumstances particular to them, or particular to Track 1B compared to Track 1A, which were not raised in the Track 1A briefing.  This possible disagreement is especially true of the Pharmacy Defendants that were severed from Track 1A before MIL briefing began, as they did not have an opportunity to set forth individual positions different from those argued by the Track 1A defendants that were preparing for trial.[1]

So that all Track 1B parties may ensure a complete record of their positions regarding all MILs, the Special Master rules as follows.

First, each party may file a document simply listing all of the MIL rulings contained in the *Evidentiary Order* regarding which they do ***not*** believe there are particular circumstances in Track 1B that warrant revision, but to which they object.  This document will work to ensure each party has preserved its objection to any MIL ruling contained in the *Evidentiary Order*, for the reasons stated in the original MILs and related briefing.

Second, the parties shall file additional MILs in Track 1B that: (1) raise new issues not addressed in the Track 1A MIL briefing, or (2) seek modification of a ruling contained in the *Evidentiary Order* because there are particular circumstances that warrant revision.  Regarding these additional MILs, the following procedures will apply.

---

[1] Multiple parties filed notices of position objecting to the Court's entry of the *Evidentiary Order* on multiple grounds.  *See* Doc ##3133, 3144, 3147, 3148 and 3157.  The Pharmacy Defendants objected on the grounds that they (except for Walgreens) had been severed from the CT1A trial before MILs were filed and had been provided no opportunity to be heard on the motions.  *See* Doc #3157.

A1489111.2

**Summary Sheets, Format, and Filing Deadlines**

Each brief subject to this Order shall include a Summary Sheet of issues addressed. Summary Sheets for an omnibus or combined brief may be no longer than 3 pages. Summary Sheets for individual briefs may be no longer than 1 page. Summary Sheets shall be made as succinct as possible, and shall not count against the parties' page limits referenced in this Order, nor shall caption/title pages, appendices, exhibits, certificates of service, or signature pages.

Summary Sheets for MIL that seek modification of a ruling in the *Evidentiary Order* must: (1) specifically reference the prior MIL and the relevant pages of the *Evidentiary Order*; and (2) incorporate by reference and append as an exhibit the relevant excerpts of prior MIL briefing (which may have been set out in several briefs).

All MIL briefs shall: (1) have at least 1-inch margins; (2) use at least 12-point type in the body of the document and at least 10-point type in footnotes; (3) be double spaced (except for Summary Sheets, headings, footnotes, and lengthy quoted material); and (4) have consecutively numbered pages. All briefs addressed in this Order shall be filed on or before 12:00 Noon ET on the date due.[2]

**Page Limits**

    A.    The parties may file omnibus briefs that collectively address common *in limine* issues, and/or individual briefs that address party-specific *in limine* issues. The total amount of pages for all such MILs shall adhere to the following limits: Plaintiffs, 40 pages; Defendants, 90 pages.

---

[2] The following deadlines are set out in the revised Track 1B trial order (docket no. 3308) at 4: MILs are due August 14, 2020; responses are due September 14, 2020; and replies are due September 28, 2020.

    B.       The total amount of pages for response briefs is the same number of pages permitted for opening motions. The total amount of pages for reply briefs is 1/2 of that number.

Dated:  July 28, 2020                **IT IS SO ORDERED.**

                                **/s/ David R. Cohen**
                                **DAVID R. COHEN**
                                **SPECIAL MASTER**