**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*Track Three Cases*" | ) ) ) ) ) ) ) | SPECIAL MASTER COHEN<br><br>**ORDER REGARDING TEMPORAL SCOPE OF DISCOVERY** |

During the course of discovery in this MDL, the Special Master and the Court have each addressed several times both the geographic and temporal scope of discovery. The most recent examples are found at docket nos. 3371 (Special Master ruling on geographic scope of discovery in Track Three cases) and 3389 (Court order overruling objections thereto). As noted in these and other orders, the appropriate scope of discovery varies as to certain types of information, and may change as the MDL progresses. For example, discovery from defendants of suspicious order reports has always been nationwide in scope, while discovery of transactional data was originally limited to two Ohio counties and later expanded to all of Ohio. *See* docket nos. 693 & 762 (setting a national scope for discovery of suspicious order reports. and a two-county scope for transactional data); docket no. 3341 (expanding the scope of dispensing data to all of Ohio).

Recently, Plaintiffs and Walmart came to dispute the proper temporal scope of discovery in the Track Three cases. Walmart wants the cutoff date to be April 25, 2018 (which it used in Track

One), while Plaintiffs want the date to be May 27, 2020 (which is when the Track Three Plaintiffs filed their amended complaint).  The parties each submitted a position paper.  *See* Letter from Derek Loeser to Special Master at 1 (July 24, 2020); Letter from Tara Fumerton to Special Master at 1 (July 28, 2020).

Walmart observes that, beginning with Track One-A, it has used April 25, 2018 as the discovery cutoff date, "expressly appl[ying this cutoff] for over two years without prior objection from Plaintiffs." Fumerton Letter at 1.  Walmart insists this date should remain unchanged in Track Three, offering these principal reasons: (1) given that the opioid crisis became acute well before 2016, extending the existing cutoff date by two years would provide additional discovery solely "for a period tangential to Plaintiffs' claims," *id.* at 2; (2) Walmart stopped self-distributing the relevant opioids in April 2018, *id.*; (3) in Track One, Walmart canvassed numerous custodial and general discovery sources using the April 2018 date, and requiring Walmart to "switch gears now" would be unreasonably burdensome, *id.* at 4; and (4) it is typical and reasonable for a standard discovery cutoff date to be applied to all cases in an MDL, and it would be inefficient "to force defendants to go back to the well, collect additional custodial ESI, and update document productions every time a new litigation track is created," *id.* at 5.

In contrast, Plaintiffs note that: (1) they never agreed the April 2018 date used in Track One should govern all MDL cases, Loeser Letter at 4; (2) although Track One included only distribution claims, Track Three also contains dispensing claims, so the fact that Walmart ceased self-***distribution*** of opioids in April of 2018 (while continuing through today to ***dispense*** opioids) cannot control, *id.* at 3; (3) even if the April 2018 date has some meaning, Fed. R. Civ. P. 26(e) still requires Walmart to supplement its discovery by producing responsive documents created thereafter, *id.* at

2

5; and (4) especially in major litigation where plaintiffs allege ongoing violations, case law often holds that "information and documents created after filing the Complaint can be relevant and must be produced," *id.* at 3 (citation omitted).

When the parties recently presented arguments regarding ***geographic*** scope of discovery, the undersigned concluded that "a reasonably surgical response to the parties' dispute . . . , rather than a single, blunt ruling, more closely adheres to the dictates of Rule 26(b)(1)." Docket no. 3371 at 9. Analogously, the undersigned concludes it is appropriate to extend the discovery cutoff date from April 25, 2018 to May 27, 2020 for *some*, but not all, of the discovery Plaintiffs seek. Indeed, Plaintiffs have apparently taken a cue from the recent ruling and allow that, even though they believe the "are entitled to broad discovery after April 25, 2018," they ask only for an order applying the later cutoff date to "narrow and specific information that pertains to core issues in the case." *Id.* at 5. And Walmart has apparently taken the same cue, asserting it "has already produced or agreed to produce discovery on the specific categories for which Plaintiffs seek expanded temporal scope." Fumerton Letter at 5. Therefore, the Special Master declines Plaintiffs' motion to enter an order requiring broad application of a new, later cutoff date to all discovery requests, but also declines Walmart's prayer to deny the motion in its entirety. Rather, the Special Master rules as follows.

The "narrow and specific information" Plaintiffs pursue is all related primarily to dispensing activity. Plaintiffs list the document categories they seek, which are "keyed to actions that Plaintiffs believe, based on Walmart's letters to the DOJ, were commenced or occurred after April 2018."

Loeser Letter at 5.[1]  As an example, Plaintiffs request documents "pertaining to 'improvements in [Walmart's] process and controls for dispensing controlled substances to combat opioid abuse" *Id.* (quoting Walmart's "8/10/18 letter to DOJ at p. 26").  The Special Master concludes Plaintiffs are entitled to any such documents, even if created after April 25, 2018, particularly because dispensing claims have not been litigated before.

Moreover, Walmart *agrees* Plaintiffs are entitled to this category of documents.  Walmart responds it

> has already long ago produced these materials to Plaintiffs or has agreed to produce them in Track 3 (because they relate only to dispensing issues).  For example, Walmart began its production of its Pharmacy Operating Manual policies and procedures ("POMs") relating to dispensing controlled substances in 2018, in compliance with the Special Master's Discovery Ruling 8, and has continued to update its production with certain relevant policies dated as late as March 2020.

Fumerton Letter at 7.  Walmart argues the undersigned should therefore reject Plaintiffs' request for a cutoff-date extension, because "Plaintiffs have not identified how the production they have already received is inadequate." *Id.* at 8.  But the better approach is to make clear that Walmart is required to produce these documents from identified custodial and other sources through the May 27, 2020 cutoff date, even though Walmart explains it has already mostly done so.

Essentially the same analysis applies to the other document categories Plaintiffs list, *see* Loeser Letter at 6.  The categories are all related to dispensing claims, which were not litigated in Track One, and Walmart explains it has already produced at least some post-April 2018 responsive

---

[1] Plaintiffs quote from two letters sent by Walmart to DOJ.  Walmart notes these letters were "improperly leaked documents published by ProPublica regarding an ongoing federal investigation."  Fumerton Letter at 5.  The categories Plaintiffs seek with their motion are narrower than their overall discovery requests.  *See* Loeser letter at 1-2 (listing four broader requests for production).

4

documents for those categories. Accordingly, the Special Master orders Walmart to produce responsive documents from these categories with a cutoff date of May 27, 2020.²

Finally, Plaintiffs ask for an order directing "Walmart to identify the appropriate custodians for the above identified categories, provide a meaningful explanation as to why they have been selected, and confirm that these identified custodians in fact possess responsive ESI." *Id.* at 7. These procedural discovery obligations apply to all parties in every instance.

Any objection to this Order must be filed with the Court on or before Friday, July 31, 2020.

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** July 29, 2020

---

² To be more precise, the Special Master provides these additional observations regarding the following bullet-point categories listed in the Loeser Letter: (a) regarding NarxCare materials, Walmart is correct to produce "information about Walmart policies concerning its use [of NarxCare]," Fumerton Letter at 8; (b) regarding the Walmart Global Investigations team (f/k/a Asset Protection), IROC, and IAI, Walmart is correct to "produce additional information about the role of [these entities] in its dispensing operations," *id.* at 9; (c) regarding the "team of field investigators," Walmart is correct to "produce the underlying, relevant information showing which prescribers its pharmacists refused to fill and it centrally blocked," and is also correct it need not produce information that would "potentially jeopardize ongoing investigations and cooperation with law enforcement," *id.* at 9, but Walmart must also produce underlying, relevant information (if any) showing which prescribers it or its pharmacists investigated but then did *not* refuse to fill or centrally block; (d) Walmart is correct to produce "significant information about the PRC in Track 1A and [to] continue to do so in Track 3," including Walmart's and PRC's decisions whether or not to centrally block prescribers, *id.* at 10; and (e) Walmart is correct to have produced documents regarding its Opioid Stewardship Initiative and, like the rest of the topics listed in this footnote, must produce documents through the May 27, 2020 cutoff date.