UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| THIS DOCUMENT RELATES TO: | MDL No. 2804 |
| *The County of Lake v. Purdue Pharma, L.P., et al.*, Case No. 18-op-45032 | Case No. 1:17-md-2804 |
| | Judge Dan Aaron Polster |

### PLAINTIFF LAKE COUNTY'S UNOPPOPOSED MOTION TO SEVER OMNICARE DISTRIBUTION CENTER, L.L.C. FROM TRACK THREE

Plaintiff Lake County hereby moves to sever Defendant Omnicare Distribution Center, L.L.C. ("ODC") from Track Three.  ODC does not oppose this Motion.  In further support of this Motion, Lake County state as follows:

1. ODC is a defendant in *The County of Lake v. Purdue Pharma, L.P., et al.*, Case No. 18-op-45032 (the "Action").[1]

2. On April 30, 2020, the Court entered an order designating the Action for Track Three, limited to claims against the national retail pharmacy defendants in their capacity as operators of retail pharmacies and as distributors to those retail pharmacies.  (Dkt. No. 3282 at 1.) That order directed Lake County to file any motion for leave to amend its complaint, or to sever any parties, by May 15, 2020.  (*Id.* at 2.)  On that date, Lake County moved for leave to file an amended complaint that included ODC.  (Dkt. No. 3294.)  On June 2, 2020, the Court granted that

---

[1] ODC is not a defendant in *County of Trumbull v. Purdue Pharma, L.P., et al.* (Case No. 18-op-45032).

motion.  (Dkt. No. 3314.)  Special Master Cohen subsequently granted a stay of discovery as to ODC while the parties discussed whether ODC should be severed from Track Three.

3. In view of the structure of Track Three set by the Court, severance of ODC is appropriate.  The claims against ODC (which concern distribution to residential facilities such as senior-living and rehabilitation facilities) involve different types of transactions than the claims against the retail pharmacy defendants (which concern distribution to, and dispensing by, retail pharmacies).  Accordingly, there are factual and legal differences between the claims against ODC and the claims against the retail pharmacy defendants, and severance of ODC from Track Three would facilitate judicial economy by, among other things, reducing the number of factual and legal issues to be discovered and presented at trial.

WHEREFORE, Lake Count respectfully requests that the Court grant this Motion and sever ODC from Track Three.

Date: August 5, 2020                                                                 Respectfully submitted,


*/s/Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076) SPANGENBERG
SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank Gallucci
PLEVIN & GALLUCCI COMPANY, L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County, Ohio*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 5, 2020, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/Peter H. Weinberger  
Peter H. Weinberger  
Plaintiffs' Liaison Counsel