UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*City of Santa Fe v. Purdue Pharma, et al.,*<br>Case No. 1:20-op-45137-DAP<br><br>*City of Albuquerque v. Teva Pharma. USA, Inc. et al.,*<br>Case No. 1:20-op-45136-DAP | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**ENDO HEALTH SOLUTIONS INC. AND ENDO
PHARMACEUTICALS INC.'S RESPONSE IN OPPOSITION TO
MOTION FOR LEAVE TO FILE MOTION FOR REMAND PROCEDURE**

Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") respectfully submit this response in opposition to the City of Albuquerque and City of Santa Fe's (collectively, "Plaintiffs") Motion for Leave to File Motion for Remand Procedure, or in the Alternative, Suggestion of Remand to the JPML ("the Motion"). (Dkt. 3396.) In opposition to the Motion, Endo states as follows:

1.  On December 14, 2017, this Court issued a "moratorium on all filings" (Dkt. No. 4), and later continued "the moratorium on all substantive filings" by order dated January 11, 2018 (Dkt. 70 at 2).

2.  On February 16, 2018, the Court issued a third order clarifying that "the moratorium on all substantive filings shall include all motions to remand." (Dkt. 130 at 1.) Explaining that a moratorium was necessary "in order to avoid unnecessary motion practice," the Court suspended all statutory deadlines regarding remand filings, and guaranteed that, "upon lifting the moratorium

. . . , the parties shall be allowed to file motions to remand without waiver of any rights or obligations related to timeliness." (*Id.*)

3. In clear violation of the moratorium, Plaintiffs filed the instant Motion—which amounts to a remand motion—on July 25, 2020. (Dkt. 3396.) The Motion effectively asks this Court to discard its own plan with respect to the resolution of remand motions and, with no apparent justification, to extend special treatment to Plaintiffs by pushing their cases to the front of the line.

4. Plaintiffs also propose a convoluted procedure for the consideration of all pending remand motions, one that would require the MDL defendants to redirect their resources away from the substantive progress of MDL trials and instead prepare and file a deluge of remand oppositions. But nothing has changed to justify reconsideration of the moratorium at this juncture and resolution of the MDL trials may ultimately moot a great number of the pending remand motions.

5. The Court's filing moratorium is a vital case management mechanism designed to reduce the costs and burdens of litigation for the parties and the Court. Indeed, filing moratoriums in MDL proceedings are routinely entered for the obvious reason that a coordinated proceeding including thousands of lawsuits would be impossible to manage if litigants in every case had the unfettered ability to file whatever they pleased, whenever they pleased.

6. Plaintiffs' disregard for the moratorium is reason alone to summarily deny the Motion. This is, however, not the first time that Plaintiffs' counsel have attempted to controvert orders of this Court and to undermine the rules and procedures designed to promote the uniform and efficient administration of the opiate MDL.

7. Plaintiffs' counsel wrote letters to the formerly presiding state court judges in *City of Santa Fe* and *City of Albuquerque* earlier this year, requesting that they ask this Court to remand each case. (Dkt. 3396 at 4.) Neither judge accepted the invitation—indeed, the Honorable Bryan Biedscheid explained in a status conference that he lacked jurisdiction to make any such request and thought it would compromise his judicial impartiality. Putting aside that Plaintiffs' requests were inappropriate, the tactic was especially remarkable in light of explicit guidance this Court provided a year ago, when the Court explained that it would "no longer entertain additional requests [from state court judges to remand cases]." (Dkt. 1927 at 3.)

8. In April of this year, Plaintiffs' counsel once again ignored this Court's orders when they filed substantially identical motions for leave to file remand motions in cases transferred to the opiate MDL from federal district courts in Texas. *See Ellis Cnty. v. Walgreens Boots Alliance, Inc. et al.*, Case No. 1:19-op-45860-DAP (N.D. Ohio) (Dkt. 39); *Rockwall Cnty. v. Purdue Pharma, et al.*, Case No. 1:19-op-45859-DAP (N.D. Ohio) (Dkt. 41). Within days, this Court summarily denied the motions. The Court should follow the same approach here.

9. And after this Court denied leave to file motions to remand in *Ellis County* and *Rockwall County*, Plaintiffs' counsel sought remand from the Judicial Panel on Multidistrict Litigation, despite the fact that this Court never issued suggestions of remand in those cases. Case TXS/4:19-cv-02181 (MDL No. 2804) (Dkt. 81). Plaintiffs' counsel sought to have *Ellis County* and *Rockwall County*, along with a third case, *Harris County v. Purdue Pharma, L.P.*, Case No. 1:19-op-45860-DAP (N.D. Ohio), sent back to the United States District Court for the Southern District of Texas to avoid the Court's filing moratorium. The motions are fully briefed and await decision by the JPML.

3

10. In sum, Plaintiffs' counsel have demonstrated a disregard for this Court's orders in an effort to put their own objectives before the uniform and efficient administration of the opiate MDL. Their tactics continue to waste judicial and party resources.  Granting the Motion would only reward this behavior and encourage others to similarly disregard the procedures this Court has established for handling issues related to remand, which are critical to achieve the overall goals of MDL litigation.  Accordingly, the Motion should be denied.[1]

Dated:  August 10, 2020

Respectfully submitted,

*/s/ Jonathan L. Stern*
Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Jonathan.Stern@arnoldporter.com

*Attorney for Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

---

[1] The Motion misrepresents the jurisdictional basis for Endo's removal, including the arguments made during a hearing on a motion to remand and motion to stay before the United States District Court for the District of New Mexico.  The Motion also mischaracterizes comments made by United States District Court Judge James O. Browning during the hearing concerning the merits of the jurisdictional argument.  In the event that the Court grants leave for Plaintiffs to file a motion to remand, Endo reserves its right to respond in full to Plaintiffs' attack on the well-established basis for federal jurisdiction described in Endo's notices of removal.

4

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on August 10, 2020.

>*/s/ Jonathan L. Stern*
>Jonathan L. Stern