**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*"Track One-B and Track Three Cases"*[1] | **MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster** |

**ORDER ESTABLISHING REMOTE DEPOSITION PROTOCOL
IN TRACK ONE-B AND TRACK THREE CASES DUE TO COVID-19**

This Order applies to depositions taken remotely, either by stipulation of the parties or order of the Court, during the COVID-19 pandemic, recognizing the special circumstances that prevent participants from physically attending depositions (the "Pandemic Period"). Nothing herein shall be interpreted as precluding any party from objecting to a particular deposition occurring remotely based on the specific circumstances of the deponent, the nature of the deposition, or other particularized facts. Except where inconsistent with this Order, the MDL Protocol for Depositions, dated September 6, 2018, shall apply.

1.  PROCEEDING WITH A REMOTE DEPOSITION

A party seeking to depose a witness must first notify national and local counsel for that witness in writing of its intent to depose that witness, following which, after a period of advance coordination, the party may notice the deposition. During the advance coordination, and prior to scheduling and noticing any remote deposition, counsel for the party seeking the deposition and counsel for the witness shall take into account the following:

---

[1] Track One-B cases are *County of Summit, Ohio et al. v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45090 (N.D. Ohio) and *County of Cuyahoga v. Purdue Pharma, L.P. et al.*, Case No. 17-op-45004 (N.D. Ohio). *Track Three cases are County of Lake, Ohio v. Purdue Pharma, L.P. et al.,* Case No. 1:18-op-45032 (N.D. Ohio) and *County of Trumbull, Ohio v. Purdue Pharma, L.P. et al.,* Case No. 1:18-op-45079 (N.D. Ohio).

A. **Public Health.** The conditions and procedures proposed for conducting a remote deposition must give due account to applicable health directives in place at the time of the deposition and recommendations and individual medical advice affecting Participants.[2] No person shall be required to violate or disregard applicable health directives and recommendations or the advice of his or her physician.

B. **Status of the Deponent**. The Court understands that certain individuals may have personal or professional circumstances relating to the current crisis that either prevent them from participating in a deposition altogether or significantly limit their ability to sit for a deposition for a sustained period of time, and it expects all parties to be respectful and accommodating of such circumstances. A deposition that is noticed to take place remotely without advance agreement that the witness is available and able to proceed remotely at the noticed time shall be deemed void and unenforceable ab initio, and no motion shall be necessary to quash such a notice. A witness or their attorney may reschedule remote depositions for good cause, which includes: (a) changed circumstances in their health or their family's health; and (b) a written representation of counsel that the deposition must be moved to accommodate the witness's professional obligations due to the COVID-19 pandemic. Any disagreements regarding the availability of the witness to be deposed remotely on a requested date shall be resolved by the Court or the Special Master. Absent the circumstances referenced above, however, the Court generally will not quash a deposition notice on the grounds that a party seeks a Remote Deposition.

C. **Right to Counsel**. A deponent has a presumptive right to receive in person the confidential advice and assistance of counsel in: (a) preparing for the deposition and (b) defending the deposition. This Order does not modify or abridge that right in any way; nor does this Order modify or abridge the right of any party taking a deposition to do so in person if it prefers to do so (subject to the deponent's right to insist on a deposition by remote video instead of in person during the pandemic period). But the noticing party's choice to participate in a deposition remotely shall not be reason to prevent the defending counsel from defending the deposition in person.

D. **Private, Quiet, and Secure Locations**. Participants must each have access to a private, quiet, and secure room where he or she will be uninterrupted and where confidentiality of the proceedings may be preserved for the entirety of the deposition. In addition, the deponent should have access to a neutral background that does not reveal or suggest details of that individual's personal family composition, financial situation, religion, or similarly personal matters.

E. **Confidentiality/Security**. To ensure the confidentiality of the deposition and any exhibits: (i) only those persons who are permitted pursuant to the Protective Order

---

[2] For purposes of this Order, "Participants" are those who are essential for a deposition, including the deponent, the deponent's attorney, the attorney(s) taking the deposition, the court reporter, the videographer, and any technician(s) providing support services. "Attendees" are other persons (such as lawyers for another party who wish to observe) who are entitled to attend the deposition.

entered in this case shall participate in, listen to, or view the deposition or exhibits; (ii) all Participants and Attendees must be able to participate through a secure audio/video conferencing platform that, at a minimum, provides verifiable end-to-end encryption, requires unique user-identity authentication, and employs a vendor-moderated "green room" or "lobby" feature; and (iii) Participants must receive and maintain any exhibits securely.

1. All Participants who connect to the audio/video platform must connect, through a private, password-protected network. Connection through a public Wi-Fi network is not permitted.

2. The noticing party shall ensure that technical and other information concerning the security of the proposed audio/video platform is available to all Participants on request at least ten days before the deposition.

F. **Access to Suitable Hardware and Software**.

1. When the party seeking a deposition first provides counsel for the witness with written notification of its intent to depose a witness remotely, and in no case less than 21 days prior to the deposition, the noticing party shall inform all parties of (1) the videoconferencing platform it intends to use; (2) the minimum technical specifications required for the secure and uninterrupted use of that platform, including equipment, software, and internet bandwidth requirements; (3) additional software, if any, that will be used during the deposition; and (4) the names and contact information of the individuals who will support the deposition and who can answer questions about technical requirements. The noticing party shall promptly inform all parties of any updates to the noticed videoconferencing platform that are implemented in the time between providing this notice and the date of the deposition.

2. Each Participant must possess a laptop, desktop, tablet, or other suitable device with internet, webcam, and microphone capabilities as well as necessary internet browser and other software. Devices to be used must be secured with appropriate firewalls, VPN, or similar security infrastructure. If the deponent does not have access to such a device, counsel for the deponent shall undertake reasonable efforts to provide the deponent with such device. If the deponent is a third party and not affiliated with a party, the noticing party shall be responsible for ensuring that the deponent possesses all necessary equipment and software.

G. **Connectivity**. The deponent must have sufficient internet connectivity and bandwidth to support a video deposition. Such capacity shall be sufficient to ensure that when used with the deposition platform, there will be (a) high-quality video

upload (from the deponent) and download (to other Participants), (b) no material time discrepancy between audio and video, and (c) consistent connectivity, with no material disruptions.

1. The available internet connection must be a Broadband connection (cable or satellite) of at least 10Mbps or better.

2. Where practicable, defending counsel shall arrange a test of the deponent's equipment with the deposition vendor using the planned system at least 48 hours in advance of the deposition. Any participating lawyer may also request such an advance test for his or her own equipment and internet connection, and such requests shall be reasonably accommodated.

H. **Special Circumstances of the Witness**. To the extent that the witness is confronted with special circumstances that require accommodation, the parties shall discuss in good faith reasonable options to proceed in a manner that avoids such conflicts. No such option for accommodating the special circumstances of the deponent shall impose unreasonable burdens on the deponent or others in the household or require the deposition to take place outside of normal business hours, absent consent of all Participants.

2. NOTICING A REMOTE DEPOSITION

   A. A party will not notice any remote deposition until it has confirmed that all of the conditions set forth in Section 2 have been satisfied or can be satisfied for the proposed deponent by the time of the deposition. All parties shall cooperate to provide the necessary confirmations in a timely manner.

   B. Counsel for the noticing party and the deponent will attempt to resolve any dispute concerning whether the conditions of Section 2 are satisfied for a particular witness/deposition. If such dispute cannot be resolved by counsel, the party seeking the deposition may seek guidance from the Court.

   C. The notice shall be served on all parties at least 15 days in advance of the deposition and shall specifically advise that the deposition will be taken remotely and include the date and time of the deposition. The notice shall identify the vendor that the noticing party has retained to facilitate the remote deposition and provide contact information (name, e-mail, and telephone number) for an official or responsible employee of the vendor and any other person(s) who have been appointed to provide technical support during the deposition.

3. CONDUCTING A REMOTE DEPOSITION

   A. Any remote deposition shall use a platform and system(s) that comply with all requirements of this Protocol, including providing high-quality and reliable video and audio streaming to all Participants and Attendees; full synchronization of audio and

video with each other and with real-time transmission from the court reporter; and the ability of every Participant to be heard clearly by all other Participants even if another Participant is speaking (*e.g.*, if an objection is being stated). If counsel for the deponent is in the same room with the deponent but the questioning attorney is not, the noticing party shall provide the witness and defending counsel a video display of the questioning attorney.

B.      No later than 24 hours in advance of a deposition, the parties shall provide names of all planned Participants and Attendees to the vendor retained to facilitate the deposition. Attendees other than Participants shall place their microphones on "mute" during the deposition except when needed to assert an objection. To the extent a party's designated Attendee is unable to attend the deposition for any reason within the final 24 hour period, that party may designate a new Attendee. Upon notice to all parties, that new Attendee may use the credentials and/or password provided to the original Attendee.

C.      The noticing party and/or its vendor must ensure that only registered Participants and Attendees are sent a link to join the deposition; no link should be posted on a website or otherwise made publicly available. The vendor facilitating the deposition shall allow only authorized Attendees to access the deposition by using features such as a "waiting room." The vendor shall maintain a list of all Participants and Attendees.

D.      The party noticing the deposition shall arrange for technical support for the duration of the deposition, to be available to any Participant or Attendee in the event of technological issues.

E.      The vendor shall provide a real-time transcript during the deposition that shall be available to all Participants and Named Attendees, upon request, via a feed that can be accessed through the same device on which the video feed is being viewed or via a second device.

F.      The vendor's software/application shall automatically alert the court reporter if any Participant is disconnected from the deposition. In the event, the questioning counsel, the deponent, or the deponent's counsel experience connectivity or other issues that affect participation in the remote deposition, such as issues relating to undue slowness, a loss of either of video or audio, or a mismatch between the audio and video feeds, the deposition shall be stopped immediately to resolve these issues. Any time during which the deposition is paused due to technical issues experienced by a Participant will not count against the 7-hour time limitation in Rule 30(d)(1).

G.      A videographer shall remotely capture the deposition video and provide a certified recording. The video recording shall be only of the deponent, and only time on the record in the deposition shall be recorded.

H.      If privileged information is disclosed during the deposition due to a technical disruption, or to the extent any privileged conversation between a

deponent and the deponent's counsel is captured by a videoconferencing or other recording device, such disclosure shall not be deemed a waiver of privilege.

I.     The questioning attorney shall wait until it is clear that a question has been fully answered before interjecting or asking another question. Any system and equipment used for a remote deposition must permit the defending lawyer(s) or other Attendees to assert objections in real time. If the defending lawyer is unable to do so, the deposition shall be suspended until the situation can be corrected. If any lawyer is prevented from asserting a timely objection on the record due to a technical disruption, that lawyer should attempt to assert the objection before the deposition ends, in which case it will be preserved as if it had been timely presented and recorded. If technical issues arise which prevent the objecting attorney from participating in the deposition whereby it becomes impossible for the objecting attorney to place a timely objection on the record before the deposition ends, and within five business days of receipt of the final transcript that attorney provides a sworn affidavit setting forth the facts on why the attorney was unable to place that objection on the record before the deposition ended, the objection will be preserved. Any dispute about the validity of such an objection may be presented to the Special Master. Any objection by any party is preserved for all other parties on the same side without the need to join in the same; thus, while any party may assert an objection that the defending counsel does not assert, counsel should not repeat or "join" an objection already made by another lawyer.

4.     AUTHORITY OF COURT REPORTER TO SWEAR DEPONENT IN REMOTELY

A.     The deposition shall be deemed to have been conducted before a court reporter even if the court reporter is not physically present with the deponent so long as the court reporter attends the deposition via reliable remote means (*e.g.*, videoconference) and so long as all Participants (including the court reporter) can hear and be heard by all other Participants at all times.

5.     EXHIBITS

A.     Counsel introducing exhibits during the deposition shall make all exhibits utilized during a particular deposition available in hard copy (paper) form to the deponent and other Participants prior to a deposition as set forth herein. The noticing party and any other party who intends to use exhibits during the deposition shall deliver complete copies of all potential exhibits to be used to all Participants so that they are received at least 48 hours before the scheduled start of the deposition. Each exhibit shall be in hard copy in a separate numbered envelope or binder, which may be sealed. Except as provided for in Paragraph 5.F below, parties are prohibited from using, introducing or asking questions about exhibits or other documents that were not provided by this deadline. (However, this limitation does not apply to defending counsel for purposes of follow-up examination or the noticing party for purposes of re-cross and/or re-direct examination where the noticing party could not have anticipated using such exhibit with the witness in accordance with Paragraph 5G below.) Complete copies of exhibits must also be made available to Attendees by the time they are used in the deposition, either in hard copy or in electronic form. Hard

copy exhibits provided in sealed envelopes or other containers may not be opened by the deponent and his/her counsel until instructed to do so by the questioning attorney. Any unused sealed envelopes shall be destroyed upon completion of the deposition.

B.      To permit delivery of exhibits, the noticing party may require that all Participants provide addresses to be used for this purpose. An address provided pursuant to this Section shall be regarded as highly confidential and may not be used by the noticing party for any purpose other than arranging for delivery of exhibits.

C.      When delivered, each exhibit shall be separated from the others in a clearly identifiable manner (e.g., by numbered tabs) so that they can be readily located by the deponent and other Participants. Parties are strongly encouraged to pre-mark each exhibit with exhibit numbers for use at the deposition. Exhibits need not be used during the deposition in numerical order.

D.      Counsel may elect to use an Elmo or similar technology at the deposition to assist in questioning the witness. The originals of any documents displayed or notes made by the questioning lawyer and/or the witness, must be part of the video record, marked as an exhibit and will be retained by the author(s) and provided electronically to the opposing party as soon as the examining attorney finishes creating the exhibit or immediately upon passing the witness, whichever occurs first.  Electronic copies of the same will be provided to the Court Reporter upon the close of the deposition.

E.      Following completion of the deposition, the deponent will secure the exhibits that were used in the deposition in an envelope or box immediately following the deposition and will not alter any exhibit (mark up, remove pages, etc) after the conclusion of the deposition. Participants shall store the exhibits in a secure location that protects confidentiality. Counsel for the deponent – or, in the case of an unrepresented deponent, noticing counsel – shall arrange for the delivery of the official set of exhibits from the deponent to the court reporter. To preserve confidentiality, unused exhibits in the possession of the deponent shall be returned or destroyed as the noticing party directs.

F.      If the noticing party wishes also to use an electronic version of an exhibit during the course of the deposition, it must identify where the corresponding hard-copy document can be located so that the deponent may review and answer questions based on the hard-copy document. The noticing party may direct the deponent to portions of the electronic version of the document on the video deposition screen, provided the noticing party indicates where in the hard-copy document those portions may be found. But the witness may not be required to review a document on the screen if he or she chooses not to do so and prefers instead to review the hard copy only. This protocol neither restricts nor enlarges a deponent's right to review portions of a document other than those to which the noticing party specifically directs the deponent.

G.      If an unusual circumstance arises where counsel conducting the witness examination could not have anticipated using an exhibit and therefore could not

provide a hard copy of the exhibit in advance of the deposition, that counsel may present the exhibit electronically using a shared screen. An exhibit provided only electronically in this manner must be made available to the deponent to review in its entirety, and the witness must be afforded the independent ability to review the exhibit in its entirety, and the witness must be afforded the independent ability to control manipulation of the document (scrolling, etc.) to facilitate that review. Full electronic copies of the exhibit must be transmitted to all Participants, and received by them, before questioning begins on the exhibit. The attorney using the exhibit will be responsible for providing the marked original to the court reporter.

6. CONDUCT DURING A DEPOSITION AND COMMUNICATIONS WITH THE WITNESS

   A. During live testimony on the record, attorneys shall not communicate in any manner with the deponent in any way that cannot be heard or seen by all Participants to the deposition. This includes silent signals and private messages of any kind, including but not limited to instant messages or text messages conveyed through phones, smart watches, or similar devices. Such prohibition shall not affect the right of the deponent and her/his lawyer(s) to communicate in private off the record to the extent otherwise permitted under the applicable rules.

      1. To the extent that the vendor's technology includes a "chat" feature or similar capabilities, the noticing party shall ensure that the vendor either:
         (a) disables the feature or (b) implements settings (if available) that require all communications to be seen by all Participants. Nothing in this provision is to be read as prohibiting otherwise appropriate communications among Participants and/or Attendees by other means.

      2. A deponent may consult privately with counsel during any time such consultation would be permissible if the deposition were taken live, including by asking for a break to seek advice on a possible issue of privilege.

   B. In instances where counsel for the deponent is in the same room with the deponent but the questioning attorney is not, the noticing party may provide for a second video camera to record the actions of the deponent's attorney and/or any other Participants present in the same room as the deponent during times that the deponent is on the record. Any such additional camera must be turned off during breaks and will not be considered part of the official record unless separately introduced as evidence in support of a noticed motion directed at the conduct of the lawyer during the deposition.

   C. All persons attending the deposition shall be identified on the record, and no person may attend the deposition who is not identified on the record.

7. MODIFICATION BY AGREEMENT

   The requirements of this Order may by modified with respect to an individual deposition upon written agreement of all parties.

8. RESERVATION OF RIGHTS

   Any party shall be entitled to oppose any procedure adopted for a remote deposition insofar as it contends that protections provided herein, or their implementation in a particular situation, are insufficient under the circumstances. Any party wishing to state such an objection shall give timely notice to other parties, who shall meet and confer about the objection and potential means of addressing it. Nothing in this Order limits a Participant's ability to seek judicial assistance, either before or during a deposition.

**IT IS SO ORDERED.**

 /s/Dan Aaron Polster 8/12/20

**Dan Aaron Polster**
**United States District Judge**