IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**PHARMACY DEFENDANTS' OMNIBUS MOTION**
**PRESERVING OBJECTIONS TO PRIOR MOTIONS *IN LIMINE***

After almost all of the Track 1-B Defendants ("Defendants") had been severed from the Track 1-A proceedings, the Court heard and ruled upon dozens of motions in limine filed by the remaining parties. *See* Dkt. 3058. On July 28, 2020, Special Master Cohen ruled that Defendants could preserve objections raised in Track 1-A motions by filing "a document simply listing all of the MIL rulings contained in the evidentiary order regarding which they do *not* believe there are particular circumstances in Track 1-B that warrant revision, but to which they object." Dkt. 3398 at 2.[1] By doing so, the objection previously raised is preserved.

Accordingly, pursuant to the Court's orders at Dkt. No. 3058 and 3398, the undersigned Defendants hereby raise and preserve the objections raised in Track 1-A in the following motions.[2] The briefing underlying each motion from Track 1-A is attached as an exhibit to Summary Sheet regarding this omnibus motion, as noted, and is hereby incorporated by reference:

---

[1] By following Special Master Cohen's order, Pharmacy Defendants do not waive their objections to the Court's Nunc Pro Tunc order (Dkt. 3058) in this or any other proceeding. Pharmacy Defendants hereby incorporate by reference their prior objections to that order, as set forth in Dkt. 3133, 3146.

[2] Defendants have selected the objections to preserve in reliance on Special Master Cohen's order (Dkt. 2298), which provides that absent further notice, the Court will follow all rulings granting objections from Track 1-A Defendants. Thus, Defendants are not preserving objections to matters that have already been ruled upon in their favor; they preserve only those objections that they believe were erroneously overruled, at least in part, and are not being separately briefed. To the extent required Defendants also preserve all objections made by any Track 1-A Defendant that were sustained, in whole or in part, in the Evidentiary Order.

- Individualized evidence concerning prescriptions, shipments, and other matters on which they successfully avoided discovery by claiming it was "irrelevant" (to the extent overruled) (Defendants' Motion in Limine #2, attached as Ex. A at 16–20);

- Testimony from witnesses about personal stories of opioid abuse or related harms to themselves or others (to the extent overruled) (Defendants' Motion in Limine #3, attached as Ex. A at 20–22);

- Lay and hearsay testimony about prescription opioids being a "gateway" to illicit opioid use (to the extent overruled) (Defendants' Motion in Limine # 4, attached as Ex. A at 22–24);

- Evidence of alleged wrongful shipments to places outside Track One jurisdictions (Defendants' Motion in Limine # 6, attached as Ex. A at 27–29);

- Exclude certain charts containing misleading and irrelevant data (Defendants' Motion in Limine # 9, attached as Ex. A at 36–38);

- Referring to "defendants" as a group if the testimony does not truly concern all Track 1B defendants (to the extent overruled) (Distributors Motion In Limine # 6, attached as Ex. B at 22–25);

- Evidence of lobbying and other protected First Amendment activity (Distributors' Motion in Limine # 5, attached as Ex. B at 21–22);

- Evidence that defendants violated alleged duties under the CSA or its regulations (Defendants' Motion in Limine # 7, attached as Ex. A at 29–33);

- Preclude questioning of witnesses concerning their feelings and opinions of personal responsibility, guilt, or sympathy concerning the opioid crisis (to the

- extent overruled) (Defendants' Motion in Limine #12, attached as Ex. A at 45–46).

- Preclude, e.g., evidence or argument referring to DEA witness Joseph Rannazzisi as the "60 Minute Man" (to the extent overruled) (Walgreens' Motion in Limine at III, attached as Ex. C at 6–10).

Moreover, to the extent the Court's *Nunc Pro Tunc* Order, Dkt. 3058, granted in whole or in part any of Plaintiffs' motions in limine to which Walgreens or other Track 1-A Defendants objected, Pharmacy Defendants also reasserts those arguments and preserves all objections. (*See* Ex. D).

Dated:  August 14, 2020          Respectfully submitted,

   /s/ Eric R. Delisnksy (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel:  (202) 778-1800
Fax:  (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com
*Attorneys for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

/s/ Timothy D. Johnson (consent)
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com
*Attorney for Defendant Discount Drug Mart, Inc.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

/s/ Kelly A. Moore (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

*/s/ Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400

Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreen Co.*

/s/    Tara A. Fumerton
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*