IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' OMNIBUS MOTION
<u>PRESERVING OBJECTIONS TO PRIOR MOTIONS *IN LIMINE*</u>**

- Defendants hereby raise and preserve the objections raised in Track 1-A in the following motions:[1]

    - Individualized evidence concerning prescriptions, shipments, and other matters on which they successfully avoided discovery by claiming it was "irrelevant" (to the extent overruled) (Defendants' Motion in Limine #2, *see* Ex. A at 16–20);

    - Testimony from witnesses about personal stories of opioid abuse or related harms to themselves or others (to the extent overruled) (Defendants' Motion in Limine #3, *see* Ex. A at 20–22);

    - Lay and hearsay testimony about prescription opioids being a "gateway" to illicit opioid use (to the extent overruled) (Defendants' Motion in Limine # 4, *see* Ex. A at 22–24);

    - Evidence of alleged wrongful shipments to places outside Track One jurisdictions (Defendants' Motion in Limine # 6, *see* Ex. A at 27–29);

    - Exclude certain charts containing misleading and irrelevant data (Defendants' Motion in Limine # 9, *see* Ex. A at 36–38);

    - Referring to "defendants" as a group if the testimony does not truly concern all Track 1B defendants (to the extent overruled) (Distributors Motion In Limine # 6, *see* Ex. B at 22–25);

    - Evidence of lobbying and other protected First Amendment activity (Distributors' Motion in Limine # 5, *see* Ex. B at 21–22);

    - Evidence that defendants violated alleged duties under the CSA or its regulations (Defendants' Motion in Limine # 7, *see* Ex. A at 29–33);

    - Preclude questioning of witnesses concerning their feelings and opinions of personal responsibility, guilt, or sympathy concerning the opioid crisis (to the extent overruled) (Defendants' Motion in Limine #12, *see* Ex. A at 45–46).

    - Preclude, e.g., evidence or argument referring to DEA witness Joseph Rannazzisi as the "60 Minute Man" (to the extent overruled) (Walgreens' Motion in Limine at III, *see* Ex C at 6–10).

    - To the extent the Court's *Nunc Pro Tunc* Order, Dkt. 3058, granted in whole or in part any motions in limine to which Walgreens or other Track 1-A Defendants objected, Pharmacy Defendants also reasserts those arguments and preserves all objections. (*See* Ex. D).

---

[1] The briefing underlying each motion from Track 1-A is attached as **Exhibits A** through **D**, and is hereby incorporated by reference.