IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE, ARGUMENT OR COMMENTS REGARDING: 1) THE MILITARY SERVICE, EMPLOYMENT, RELIGIOUS AFFILIATION OR PERSONAL EXPERIENCES OF COUNSEL AND STAFF, AND 2) THE WAIVING OR DONATION OF ATTORNEY'S OR EXPERT FEES, OR ANY PORTION OF ANY RECOVERY, TO CHARITY OR FOR THE BENEFIT OF THE COMMUNITY**

Plaintiffs may seek to introduce evidence, testimony or argument, or comment upon: 1) their counsel's or staff's military experience, employment, religious affiliation or personal experiences; and/or 2) the waiving or donation of attorney's fees or expert fees, or any portion of any recovery, to charity or for the benefit of the community.  All of this should be excluded as irrelevant and prejudicial.

**MILITARY SERVICE, EMPLOYMENT, RELIGIOUS AFFILIATION OR PERSONAL EXPERIENCES OF COUNSEL AND STAFF**

Recognizing the lack of relevance and likely prejudicial impact, the parties in Track 1-A stipulated and agreed that "neither party, their counsel, or their witnesses shall offer evidence or argument" regarding: "2. Any reference to or mention of military service, other or prior employment, religious affiliations or positions, or other personal experience of the parties' counsel (including staff)."  Doc #2647-*In Limine* Evidentiary Stipulations at 1.  Plaintiffs have now changed positions and refuse to agree to the same stipulation without explanation other than "Plaintiffs do not believe that this stipulation is necessary in this trial."  *See* 8/13/20 Email from P.

- 1 -

do Amaral to R. Barnes, attached as Exhibit 1.  This change is position is particularly troubling given Mr. Lanier's position as a Baptist pastor and preacher, *see* https://www.lanierlawfirm.com/attorney/w-mark-lanier/, and may indicate that Plaintiffs now plan to highlight and/or refer to such position(s) or similar positions of other counsel at trial.  Due to the lack of relevance of such information and likely prejudice, as recognized by the Track 1A parties, the Court should enter an order precluding evidence, argument or comments regarding the military service, employment, religious affiliation or personal experiences of counsel or staff.  *See, e.g., Whitfield v. Harris*, 474 F. Supp. 2d 822, 825 (N.D. Miss. 2007)(granting in part motion in limine and prohibiting "any counsel to mention or refer to any deity or make any religious reference in such a manner as can reasonably be construed to indicate that the jury should consider the teachings or beliefs of the deity or any religious references in addition to or to the exclusion of the law" and further prohibiting counsel "from making any reference to the religious beliefs or affiliations of any party or counsel in such a manner as can reasonably be construed to indicate that the jury should consider the religious beliefs or affiliations of the party, unless such matters are probative of an issue raised at trial.").

The Court should therefore enter an order precluding any evidence, argument or comments regarding the military experience, employment, religious affiliation or personal experience of counsel or staff.

**WAIVING OR DONATION OF ATTORNEY'S OR EXPERT FEES, OR ANY PORTION OF ANY RECOVERY, TO CHARITY OR FOR THE BENEFIT OF THE COMMUNITY**

The Court should also preclude any evidence or argument regarding the waiving or donation of attorney's or expert fees, or any portion of any recovery, to charity or community purposes, all of which is not relevant, any marginal probative value is substantially outweighed by

the danger of confusing the issues and/or misleading the jury. Further, such evidence improperly appeals to the personal and community interests of the jury.

Evidence or argument that counsel or an expert is waiving or donating fees, offered in an effort to bolster a party's position or a witness or expert's credibility, is irrelevant and improper. *Kuhne v. Reynolds*, No. 3:01cv1090 (WWE), 2017 U.S. Dist. LEXIS 222664, at *6 (D. Conn. Feb. 27, 2017) (granting motion in limine to exclude evidence that plaintiff's expert donates a portions of his fees); *cf. In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Product Liability Litig.*, 888 F.3d 753, 788-92 (5th Cir. 2018) (new trial ordered in part as a result of "counsel's misrepresentations" about plaintiffs' experts' alleged pro bono compensation arrangements). Even if such evidence had some marginal probative value, it would be substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid. 403. Further, Rule 608(a) allows the credibility of a witness to be bolstered in the form of opinion or reputation "only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." *Cousins v. Bray,* No. 2:03-cv-1071, 2005 U.S. Dist. LEXIS 63160, at *10 n.7 (S.D. Ohio Feb. 28, 2005).

The same reasoning applies to evidence or argument regarding the planned use of any portion of any award for charity or community purposes. Such evidence is an improper appeal to the personal and community interests of the jury. Plaintiffs already recognized that such appeals are improper in their Track 1-A *In Limine* Evidentiary Stipulations, Doc #2647 ("any reference to jurors' self-interest in the outcome of the litigation based on the jurors' status as taxpayers"). Such evidence should be excluded as irrelevant and unduly prejudicial under Rule 403. *United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001) (improper to incite the passions and prejudices of the jury by appealing to the national or community interests of jurors).

The Court should therefore enter an order precluding any evidence, argument or comments regarding the waiving or donation of attorney's or expert fees, or any portion of any recovery, to charity or community purposes.

Dated: August 14, 2020

Respectfully submitted,

/s/ Eric R. Delisnksy (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Attorneys for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

/s/ Timothy D. Johnson (consent)
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio 44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com

*Attorney for Defendant Discount Drug Mart, Inc.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758

- 4 -

E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

/s/ Kelly A. Moore (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

*/s/ Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

- 6 -

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreen Co.*

/s/   Tara A. Fumerton
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*