IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

### PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO PRECLUDE TESTIMONY OR ARGUMENT NEGATIVELY CHARACTERIZING DEFENDANTS AS LARGE CORPORATIONS

Defendants anticipate that Plaintiffs will attempt to argue or suggest that the jury should be more harsh in its judgment of Defendants because they are large corporations, whether based on their status as national retail pharmacy chains or simply based on their number of stores, employees, or other similar metrics. Such testimony or argument is irrelevant; it does not tend to prove or disprove any fact of consequence that is at issue in the Track 1B trial. *See* FED. R. EVID. 401, 402. It is also highly prejudicial to Defendants and would have a tendency to inflame jurors' emotions and/or appeal to their biases. *See* FED. R. EVID. 403.

The Sixth Circuit has stated that such evidence as irrelevant and prejudicial. *See Cleveland v. Peter Kiewitt Sons' Co.*, 624 F.2d 749, 756-57 (6th Cir. 1980) (finding statements were "obviously an appeal to passion and prejudice" and improperly allowed where plaintiff's counsel "sought to plant the seed in the mind of the jurors that [defendant] was a very large corporation with international operations, . . . made several other remarks, and asked other questions designed to convey to the jury the image of the defendant as a giant in the field"); *see also Guardian Life Ins. Co. of Am. v. Andraos*, CV 07-05732, 2009 WL 10674144, *3 (C.D. Cal. Sept. 10, 2009) (finding that "any slight probative value that evidence of Guardian's wealth and size may have . .

. is outweighed by the danger that such evidence might unfairly prejudice the jury into finding for [plaintiffs] based in part on Guardian's status as a large, wealthy corporation"); *Pearson v. Ill. Central R.R.*, No. 06-cv-0822, 2008 WL 905915, *1 (S.D. Ill. March 28, 2008) (excluding "any reference to the Defendant being a large corporation or the difference in the status of Plaintiff as an individual and this Defendant as a corporation" as "irrelevant and immaterial"); *King v. Lowe's HIW, Inc.*, CV-03-146, 2006 WL 8435705, *1 (D. Mont. April 20, 2006) (excluding "[a]ny evidence or attempts to characterize Lowe's as a 'large' corporation").

Indeed, this Court has already found that evidence or argument about Defendants' overall financial condition, assets, and profits—except as relates specifically to profits from prescription opioid medications—should be excluded as "irrelevant or unduly prejudicial." Dkt. No. 3058 at 58-59.  This motion seeks only to extend this Court's existing ruling to explicitly encompass any general references to or characterizations of Defendants as "large corporations," imply that they are somehow more culpable because they have many employees, that they can afford to pay any award because they are large, or that they bear more responsibility because of their size.[1]

## CONCLUSION

Defendants respectfully request that the Court enter an order precluding argument or testimony referring to or characterizing Defendants as large corporations.

Dated:  August 14, 2020

Respectfully submitted,

/s/ Eric R. Delisnksy (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000

---

[1] As this Court has held, each Defendant is allowed to "introduce and describe themselves accurately to the jury and explain how many people it employs and the work they do to ensure the safe . . . delivery of necessary medication to the people living in the Track One counties."  Dkt. No. 3058 at 68.  This motion seeks only to preclude improper attempts by Plaintiffs to appeal to jurors' emotions by negatively characterizing Defendants as large corporations.

Washington, D.C. 20036
Tel:  (202) 778-1800
Fax:  (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Attorneys for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

 /s/ Timothy D. Johnson  (consent)
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com

*Attorney for Defendant Discount Drug Mart, Inc.*


/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

/s/ Kelly A. Moore (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

/s/ Kaspar J. Stoffelmayr (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendant Walgreen Co.*

/s/    Tara A. Fumerton
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

- 5 -