IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO PRECLUDE EVIDENCE, ARGUMENT, AND TESTIMONY COMPARING DEFENDANTS' CONDUCT TO WARS, NATIONAL TRAGEDIES, TERRORIST ATTACKS, THE TOBACCO INDUSTRY, OR ANY COMPARISON OF DEFENDANTS TO SUCH ACTORS**

The Court should bar any testimony or argument during any phase of the trial—including voir dire, opening statement, witnesses' testimony, and closing argument—comparing Defendants' conduct or the alleged consequences of it to wars, national tragedies, terrorist attacks, the tobacco industry or other corporate scandals (e.g. Exxon Valdez, Enron, Tyco, British Petroleum, Ford Motor Company, Toyota, etc.), or any actors that participate in that other conduct (*i.e.* terrorists, instigators of national tragedies, tobacco companies or executives, etc.).  Such testimony or argument is irrelevant; it does not tend to prove or disprove any fact of consequence at issue in this case.  *See* Fed. R. Evid. 401, 402.  It is also highly prejudicial to Defendants and would have a tendency to inflame jurors' emotions.  *See* Fed. R. Evid. 403.

Only relevant evidence—that is, evidence that "has any tendency to make a fact more or less probable"—is admissible at trial.  Fed. R. Evid. 401; *see also United States v. Sosa-Baladron*, 800 F. App'x 313, 325 (6th Cir. 2020) ("Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without that evidence.").  The same rule applies to arguments of counsel.  *See, e.g., Ervin v. Desert View Reg'l Med. Ctr. Holdings, LLC*,

2017 WL 4038858, at *4 (D. Nev. Sept. 13, 2017) (limiting arguments of counsel "to relevant and proper facts and evidence of the case and the applicable governing law").  Indeed, an attorney's role in closing argument is limited "to assist[ing] the jury in analyzing, evaluating and applying [t]he evidence," and to the extent an attorney's argument "ranges beyond these boundaries it is improper."  *United States v. Garza*, 608 F.2d 659, 662–63 (5th Cir. 1979) (citation omitted); *see also United States v. Segal*, 649 F.2d 599, 604 (8th Cir. 1981) (same).

In this case, Plaintiffs seek damages for Defendants' alleged conduct related to the distribution of prescription opioids.  Wars, national tragedies, terrorist attacks, or the tobacco industry have no bearing on the issues in this case and would not aid the jury's understanding of those issues.  Any comparisons between Defendants and those situations would have no "tendency to make a fact more or less probable," and should be excluded from trial as irrelevant under Fed. R. Evid. 401 and 402.

Testimony or argument comparing Defendants' conduct to wars, national tragedies, terrorist attacks, or the tobacco industry should also be excluded under Fed. R. Evid. 403, which provides that courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."  Any discussion of the inherently emotional topics of wars, national tragedies, terrorist attacks, or the tobacco industry or other negatively perceived corporate actors, would have no purpose but to bias and inflame jurors against Defendants.  Indeed, any comparison of Defendants' conduct to such other conduct could only be interpreted as both an attempt to obscure the issues in this case and as an impermissible invitation for the jury to render its verdict based on emotion instead of fact.  *See, e.g.*, *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991) (stating "appeals to the jury" that are "calculated to incite the passions and prejudices of the jurors" are inadmissible);

*Stern v. Shouldice*, 706 F.2d 742, 750 (6th Cir. 1983) (concluding district court did not abuse its discretion in barring evidence that "might have inflamed or confused the jury"); *United States v. Akers*, 2019 WL 4934948, at *5 n.9 (E.D. Ky. Oct. 7, 2019) ("Of course, arguments or evidence intended specifically to inflame the jury or produce an emotional response would be improper and/or inadmissible."). The evidence should be precluded.

## CONCLUSION

Defendants respectfully request that the Court enter an order precluding argument or testimony comparing Defendants' conduct or the alleged effects of it to wars, national tragedies, terrorist attacks, the tobacco industry or other corporate scandal, or any actors that participate in such conduct.

Dated:  August 14, 2020

Respectfully submitted,

   /s/ Eric R. Delisnksy (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel:  (202) 778-1800
Fax:  (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Attorneys for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

  /s/ Timothy D. Johnson_ (consent)
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com

*Attorney for Defendant Discount Drug Mart, Inc.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

/s/ Kelly A. Moore (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

/s/ Kaspar J. Stoffelmayr (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street

    Chicago, IL 60654
    Phone: (312) 494-4400
    Fax: (312) 494-4440
    Email: kaspar.stoffelmayr@bartlitbeck.com
    Email: brian.swanson@bartlitbeck.com
    Email: kate.swift@bartlitbeck.com
    Email: sharon.desh@bartlitbeck.com
    Email: sten.jernudd@bartlitbeck.com

    Alex J. Harris
    BARTLIT BECK LLP
    1801 Wewatta Street, 12th Floor
    Denver, CO 80202
    Phone: (303) 592-3100
    Fax: (303) 592-3140
    Email: alex.harris@bartlitbeck.com

    *Counsel for Defendants Walgreen Co.*

    /s/    Tara A. Fumerton
    John M. Majoras
    JONES DAY
    51 Louisiana Avenue, N.W.
    Washington, D.C. 20001-2113
    Phone: (202) 879-3939
    Fax: (202) 626-1700
    E-mail: jmmajoras@jonesday.com

    Tina M. Tabacchi
    Tara A. Fumerton
    JONES DAY
    77 West Wacker
    Chicago, IL 60601
    Phone: (312) 269-4335
    Fax: (312) 782-8585
    E-mail: tfumerton@jonesday.com

    *Attorneys for Walmart Inc.*