# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO PRECLUDE EVIDENCE, ARGUMENT, AND TESTIMONY COMPARING DEFENDANTS' CONDUCT TO WARS, NATIONAL TRAGEDIES, TERRORIST ATTACKS, THE TOBACCO INDUSTRY, OR ANY COMPARISON OF DEFENDANTS TO SUCH ACTORS**

- The Court should bar any testimony or argument during any phase of the trial—including voir dire, opening statement, witnesses' testimony, and closing argument—comparing Defendants' conduct or the alleged consequences of it to wars, national tragedies, terrorist attacks, the tobacco industry or other corporate scandals (including, but not limited to, Exxon Valdez, Enron, British Petroleum, Ford Motor Company, Toyota, etc.), or any actors that participate in that other conduct (i.e. terrorists, instigators of national tragedies, tobacco companies or executives, etc.).

- Such testimony or argument is irrelevant because it does not tend to prove or disprove any fact at issue in this case. Here, Plaintiffs seek damages for Defendants' alleged conduct related to the distribution of prescription opioids. Wars, national tragedies, terrorist attacks, or the tobacco industry or other corporate scandals have no bearing on the issues in this case and would not aid the jury's understanding of those issues.

- Moreover, such testimony or argument would be highly prejudicial to Defendants and would have a tendency to inflame jurors' emotions.