IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE EVIDENCE OR ARGUMENT THAT DEFENDANTS COULD HAVE STOPPED DISTRIBUTING SCHEDULE II CONTROLLED SUBSTANCES**

- Plaintiffs should be barred from offering evidence or argument that Defendants' mere act of distributing opioid medications provides a basis for imposing liability.

- The Supreme Court, the Sixth Circuit, and courts across the country have rejected "stop-selling" a legal product or "never-start-selling" theories of liability. *See Mutual Pharm. Co. v. Bartlett*, 570 U.S. 472, 488 (2013); *Yates v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F.3d 281, 300 (6th Cir. 2015); *In re Darvocet, Darvon, & Propoxyphene Prods. Liability Litig.*, 756 F.3d 917, 925 (6th Cir. 2014). This Court should do the same, as it did for an analogous motion *in limine* in the Track 1-A litigation. *See* Evidentiary Order at 50, *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804 (N.D. Ohio Jan. 3, 2020)).

- Federal law expressly allowed Defendants to distribute Schedule II controlled substances, including the opioid medications at issue in this case, so long as they substantially complied with the Controlled Substances Act in the process. Consequently, Defendants may not be held liable based on the mere fact that they chose to exercise their lawful right to distribute the opioid medications at issue in this case. Plaintiffs should not be allowed to argue or suggest otherwise.