**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

## PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO PRECLUDE EVIDENCE OF CIVIL OR CRIMINAL INVESTIGATIONS OR OTHER LITIGATION

The Court should bar evidence, testimony, or argument related to: (1) civil or criminal investigations involving a Defendant or its employees; (2) other litigation involving a Defendant or its employees; and (3) media coverage or other secondhand accounts of the aforementioned evidence. Most if not all such evidence is hearsay and may not appropriately be offered for the truth of any matter asserted. *See* Fed. R. Evid. 803. Nor does such evidence have any relevance to any facts at issue in this trial. *See* Fed. R. Evid. 401, 402. And any alleged probative value would be far outweighed by the unfair prejudice caused by exposing the jury to such information. *See* Fed. R. Evid. 403. It should therefore be precluded.

A pre-trial, *in limine* ruling on this issue is critical. The Fifth Circuit has been forced to vacate a jury verdict because the same Plaintiffs' counsel in this case argued to the jury that it could decide in his client's favor based solely on a deferred prosecution agreement relating to Foreign Corrupt Practices Act allegations. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liab. Litig.*, 888 F.3d 753, 785 (5th Cir. 2018) (calling claim that deferred prosecution agreement was offered not as evidence of liability, but as evidence of knowledge and intent, "as dubious as it is vague," and holding that Mr. Lanier's argument relating to the agreement "alone

provides grounds for a new trial"). The same result should be avoided here, particularly for investigations that never culminated in any sort of official action.

## I.  THE COURT SHOULD PROHIBIT EVIDENCE OF INVESTIGATIONS INVOLVING DEFENDANTS

Plaintiffs should be precluded from offering evidence, asking questions, and making arguments related to investigations involving Defendants or their employees for any purpose.

It is well-settled that government investigations, whether criminal or civil, are inadmissible because they do not reflect a conclusion.[1]  Instead, they reflect only that an authority *investigated* whether, in the investigating body's view, wrongdoing occurred.  Unlike a conviction in a criminal case, the fact of an investigation does nothing to show whether any particular conduct occurred, let alone whether it was wrongful.

In part for this reason, courts have consistently held that evidence of indictments is inadmissible.  *See, e.g.*, *United States v. Chance*, 306 F.3d 356, 385 (6th Cir. 2002) ("an arrest or indictment" is "not any evidence of guilt"); *Ruffalo's Truck. Serv. v. Nat'l Ben-Franklin Ins. Co.*, 243 F.2d 949, 953 (2d Cir. 1957) ("The indictment, since it was only hearsay, was clearly inadmissible for any purpose."); 3 Fishman & McKenna, Jones on Evidence § 17:34 (7th ed.) (stating an indictment amounts to "no more than an accusation, *i.e.*, alleging that the defendant committed the crime").  Not surprisingly, if *formal charges* are not relevant to showing that underlying conduct occurred, courts have not hesitated to rule that *investigations that have not lead to charges* are also irrelevant.  *See, e.g.*, *Park W. Galleries, Inc. v. Global Fine Art Registry*,

---

[1] In the Track 1-A litigation, the Court prohibited "references to criminal investigations and indictments that did not result in a conviction," as well as references to grand jury proceedings. Evidentiary Order at 16–17, *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804 (N.D. Ohio Jan. 3, 2020)).  Defendants agree with that ruling and file this motion to clarify that the Court should similarly exclude civil investigations.

2010 WL 848689, at *2 (E.D. Mich. Mar. 8, 2010) ("That the FBI, or any other governmental entity . . . commenced an investigation does not assist Defendants in their truth defense, as there is no evidence that any conclusions or findings have been made in any such investigation. Presenting such evidence would therefore require the jury to predict the outcome of the pending investigations.").

For the same reasons, evidence of an investigation of a Defendant or its employees is not probative of any underlying allegations in the investigation.  *See, e.g.*, *United States v. Heine*, 2017 WL 4423408, at *23 (D. Ore. Oct. 5, 2017) (excluding "evidence, reference, or argument relating to the FDIC's civil investigation to the extent that it seeks to show that the FDIC decided to bring a civil enforcement action"); *Keys v. Wash. Metro. Area Transit Auth.*, 272 F.R.D. 243, 245 (D.D.C. 2011) (dismissing action for failure to abide by motion *in limine* ruling excluding evidence of investigation by the Equal Employment Opportunity Commission).

Not only are investigations irrelevant to prove that any underlying misconduct occurred, any minimal relevance they might have is handily outweighed by the substantial risk of unfair prejudice.  Such evidence should be excluded for that reason as well. *See* Fed. R. Evid. 403.  For example, courts have concluded that the official nature of investigations, particularly where misconduct is never charged, is unfairly prejudicial.  *See, e.g., Spencer v. McDonald*, 705 F. App'x 386, 390 (6th Cir. 2017) (affirming decision to exclude evidence of a criminal investigation because "[e]ven if the investigation were relevant" to the issues in the civil case, the district court did not abuse its discretion in excluding it as unduly prejudicial under Rule 403); *Fed. Ins. Co. v. Mertz*, 2016 WL 1572995, at *4 (S.D.N.Y. Apr. 18, 2016) ("Even if relevant, the probative value of the testimony would be significantly outweighed by the danger of unfair prejudice in that it risks the jury concluding that Sorge has a propensity to be involved in fraudulent conduct."); *TVT*

*Records v. Island Def Jam Music Grp.*, 250 F. Supp. 2d 341, 346–47 (S.D.N.Y. 2003) ("With respect to evidence of a putative criminal investigation . . . the Court sees minimal or no relevance of these events to the matters in dispute and recognizes the serious potential for prejudice . . . ."). *See also Baxter Health Care Corp. v. Spectramed Inc.*, 1992 WL 340763, at *3 (C.D. Cal. Aug. 27, 1992) ("official nature" of an indictment lends an undeserving imprimatur of credibility to its allegations that risks misleading and confusing the jury). It is to prevent precisely such conclusions that courts and investigative agencies often do not publicly reveal the targets of investigations. *John Doe Co. No. 1 v. Consumer Financial Protection Bureau*, 195 F. Supp. 3d 9, 13 (D.D.C. 2016) (sealing names of investigation targets due to "debilitating injury" that information could cause them, noting that such prejudice is particularly unfair where an investigating agency has "yet to make any allegations of wrongdoing—and may never do so," and has not "exercised its [own] administrative discretion to disclose the identities of the subjects of its investigations").

Accordingly, evidence of the fact of any investigation—whether civil or criminal, and regardless of which government body is the investigator—should be excluded, along with any media or other secondhand accounts of such investigations.

## II. THE COURT SHOULD PROHIBIT EVIDENCE OF OTHER LITIGATION INVOLVING DEFENDANTS

The Court should similarly preclude Plaintiffs from offering evidence of or making arguments about other litigation involving Defendants.[2] As a gateway issue, Plaintiffs should be barred from offering evidence of other litigation involving Defendants because "[a]llegations in

---

[2] A ruling on this aspect of Defendants' motion *in limine* is particularly important here, where Plaintiffs' counsel has previously referenced other lawsuits and litigation before a jury in a different case. *See In re DuPuy*, 888 F.3d at 785, 787 n.71 (noting counsel's prior reference to the "'thousands' of pending Ultamet suits" and encouraging the district court on remand to "carefully consider" Rules 403 and 404 and "issue specific instructions to avoid undue prejudice").

prior lawsuits are clearly hearsay, and should . . . be excluded if offered to prove the truth of the matter asserted." *Insignia Sys., Inc. v. News Am. Marketing In-Store, Inc.*, 2011 WL 382964, at *2 (D. Minn. Feb. 3, 2011); *see also T. I. Constr. Co. v. Kiewit E. Co.*, 1992 WL 382306, at *4 (E.D. Pa. Dec. 10, 1992) ("Complaints, and the charges and allegations they contain, are hearsay under the Federal Rules of Evidence.").

Additionally, because evidence of other lawsuits does not have "any tendency to make the existence of any fact that is of consequence . . . more or less probable," Fed. R. Evid. 401, it should be excluded as irrelevant.  Other lawsuits involving Defendants necessarily involve different geographic locations, different alleged misconduct, and were brought by different plaintiffs.  They say nothing about whether any alleged misconduct occurred in Cuyahoga or Summit Counties. *See, e.g.*, *In re Elevator Antitrust Litig.*, 502 F.3d 47, 52 (2d Cir. 2007) (rejecting Plaintiffs' attempt to submit evidence of extraterritorial misconduct to show "if it happened there, it could have happened here"); *Palmer v. Bd. of Regents of Univ. Sys. of Ga.*, 208 F.3d 969, 973 (11th Cir. 2000) (affirming district court's decision to exclude "evidence of the existence of other lawsuits against the [defendant]"); *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (stating "[e]vidence relating to previous litigation involving the parties . . . [is a] likely subject[] of exclusion").

Moreover, just as evidence regarding investigations involving Defendants would be unduly prejudicial, so too would evidence of other litigation involving Defendants be unduly prejudicial given "the risk that the jury will draw improper conclusions from other incidents in which the [defendant]'s actions allegedly caused injuries."  *Ross v. Am. Red Cross*, 2012 WL 2004810, at *5 (S.D. Ohio June 5, 2012).  For example, in *McLeod v. Parsons Corp.*, 73 F. App'x 846 (6th Cir. 2003), the Sixth Circuit affirmed the exclusion of evidence of other litigation in part because "the

potential for prejudice that would have accompanied this evidence would have substantially outweighed its probative value, and this evidence would have misled the jury." *Id.* at 854. *See also, e.g.*, *Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 390 (N.D. Ill. 1998) (evidence of other similar lawsuits filed against defendant "is only marginally relevant and, if relevant at all, is unfairly prejudicial, because it presents a serious potential for confusion and for decisions on an improper basis, such as conformance with other cases, rather than upon evaluation of the evidence and arguments in th[e] case"); *Nwegbo v. Borough*, 2013 WL 3463504, at *3 (E.D. Pa. July 10, 2013) (concluding "[t]o the extent [other] cases are relevant . . . the probative value of any testimony regarding these cases or their factual allegations . . . would be far outweighed by the risk of unfair prejudice, as well as the risk of confusing the jury and wasting time").

Accordingly, evidence of the fact of other lawsuits or allegations made in those lawsuits should be excluded as irrelevant and unduly prejudicial.

## III. MEDIA COVERAGE OF INVESTIGATIONS OR OTHER LITIGATION SHOULD ALSO BE EXCLUDED

Plaintiffs should also be precluded from offering media coverage relating to any of the aforementioned categories of evidence.

Media-coverage evidence, if offered for the truth of the matter asserted, is inadmissible hearsay. *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005) (stating newspaper articles are "inadmissible hearsay"); *Williams v. City of Lansing*, 2011 WL 5553782, at *3 (W.D. Mich. Nov. 15, 2011) (concluding "[t]he newspaper article itself is not admissible" and "the statements in the newspaper article are hearsay"); *Park W. Galleries, Inc.*, 2010 WL 987772, at *3 ("If offered for the truth of the matter asserted, newspaper articles and television clips constitute inadmissible hearsay."); *Barbo v. Kroger Co.*, 2007 WL 2350183, at *2 (W.D. Ky. Aug. 13, 2007) ("A

newspaper article is considered hearsay, and the general rule is that it is not admissible to prove the facts stated therein.").

Furthermore, media coverage involving Defendants' investigations or other litigation should be excluded as irrelevant and unfairly prejudicial.  If presented to a jury, it would be highly prejudicial and could erroneously be viewed as proof that Defendants have already been adjudged as having responsibility for the opioid crisis.  *See, e.g.*, *Griffith v. Goodyear Dunlop Tires N. Am. Ltd.*, 2018 WL 4658721, at *8 (W.D.N.Y. Sept. 28, 2018) (precluding plaintiffs "from introducing evidence pertaining to media coverage of the accident . . . on the basis that such media-coverage evidence is irrelevant, unfairly prejudicial, and constitutes inadmissible hearsay").  Admitting such coverage into evidence would create a substantial risk that the jury will decide this trial based on unsworn news articles—not based on the parties' proof.

## CONCLUSION

For all the foregoing reasons, Defendants request respectfully that the Court grant their motion in limine to exclude evidence—including media coverage—relating to: (1) investigations involving a Defendant or its employees; (2) other litigation involving a Defendant or its employees; (3) media coverage regarding any of the above.

Dated:  August 14, 2020

Respectfully submitted,

   /s/ Eric R. Delisnksy (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel:  (202) 778-1800
Fax:  (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Attorneys for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

_/s/ Timothy D. Johnson_ (consent)__
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com

*Attorney for Defendant Discount Drug Mart, Inc.*


/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

/s/ Kelly A. Moore (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

/s/ *Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreen Co.*

/s/   Tara A. Fumerton
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585

E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*