IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO PRECLUDE EVIDENCE OF CIVIL OR CRIMINAL INVESTIGATIONS OR <u>OTHER LITIGATION</u>**

- The Court should bar evidence, testimony, or argument related to: (1) civil or criminal investigations involving a Defendant or its employees; (2) other litigation involving a Defendant or its employees; and (3) media coverage or other secondhand accounts of the aforementioned evidence.  Any alleged probative value would be far outweighed by the unfair prejudice caused by exposing the jury to such information.

- Plaintiffs should be precluded from offering evidence, asking questions, and making arguments related to investigations, including civil investigations, involving Defendants or their employees for any purpose.

    - Government investigations, whether criminal or civil, are inadmissible because they do not reflect a conclusion.  Instead, they reflect only that an authority *investigated* whether, in the investigating body's view, wrongdoing occurred.  The fact of an investigation does nothing to show whether any particular conduct occurred, let alone whether it was wrongful.

    - Any minimal relevance an investigation might have is handily outweighed by the substantial risk of unfair prejudice.  Indeed, courts have concluded that the official nature of investigations, particularly where misconduct is never charged, is unfairly prejudicial.

- Separately, Plaintiffs should similarly be precluded from offering evidence of or making arguments about other litigation involving Defendants.

    - As a gateway issue, evidence of other litigation is hearsay.  Moreover, other lawsuits involving Defendants necessarily involve different issues, different geographic locations, different alleged misconduct, and were brought by different plaintiffs.  They say nothing about whether any alleged misconduct occurred in Cuyahoga or Summit Counties and are thus plainly irrelevant.

    - Evidence of other litigation would also be unduly prejudicial given the risk that the jury will draw improper conclusions regarding Defendants' character from the mere existence of other litigation.

- Lastly, Plaintiffs should be precluded from offering media coverage relating to any of the aforementioned categories of evidence.

    - Media-coverage evidence, if offered for the truth of the matter asserted, is inadmissible hearsay.

    - Additionally, such evidence would be irrelevant and unfairly prejudicial, and could erroneously be viewed as proof that Defendants have already been adjudged as having responsibility for the opioid crisis.