IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO PRECLUDE EVIDENCE OF SETTLEMENTS**

Throughout this litigation, Plaintiffs have cited to civil and administrative settlement agreements entered into by certain Defendants. The Court should exclude any evidence of, reference to, or arguments about these settlements (or consent decrees or fines), and media coverage or other secondhand accounts of the aforementioned evidence at trial. Not only does Rule 408 bar introduction of settlements to show liability, plaintiffs also have not and cannot show any basis for their introductions for any other purpose, such as "knowledge," "notice," or "bias."

Defendants recognize that the Court ruled to the contrary in its Evidentiary Order. Although Defendants object to that ruling (as detailed below), this motion emphasizes certain related issues, including issues unique to Defendants who had been severed from Track 1-A and who therefore were not involved in the prior briefing. Accordingly, even if the Court adheres to its prior ruling on Rule 408, the following evidence should be excluded under Rules 401, 403 and 408:

1. Evidence of the dollar amount of any settlements;

2. Evidence of settlements that pertained to dispensing (not distribution) conduct of pharmacies outside of Cuyahoga and Summit counties;

3. Evidence of settlements that were reached after a Defendant stopped distributing relevant prescription opioids, which therefore could not be relevant to state of mind or "notice" at the relevant time;

4. Evidence of settlements by corporate entities who are not parties to this case; and

5. Evidence of settlements concerning non-opioid medications.

Such settlement-related evidence not only is irrelevant and prejudicial, it will give rise to distracting and irrelevant "mini-trials" over the validity of the allegations that gave rise to that agreement. Such evidence should therefore be precluded.

### A.  Admitting Evidence of Settlement Agreements Violates Rule 408

Admitting evidence or allowing argument related to settlements contravenes the text and purpose of Rule 408:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Fed. R. Evid. 408.

Accordingly, it is axiomatic that evidence of settlements is not admissible "as evidence of liability for [a] claim," *Lindsay v. Yates*, 578 F.3d 407, 415 n.8 (6th Cir. 2009), or "to prove or disprove the validity or amount of a disputed claim," *United States v. Tevis*, 593 F. App'x 473, 476 (6th Cir. 2015). This rule exists "to encourage settlements which would be discouraged if such evidence were admissible." Fed. R. Evid. 408 advisory committee notes, 1974 Enactment; *see also Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 805 (6th Cir. 2007) ("[T]he purpose underlying Rule 408 . . . is 'the promotion of the public policy favoring the compromise and

settlement of disputes that would otherwise be discouraged with the admission of such evidence.'" (quoting *Manko v. United States*, 87 F.3d 50, 54 (2d Cir. 1996))).

This principle extends to both the existence ***and*** content of settlement agreements. For example, in *Massachusetts Mutual Life Insurance Co. v. DLJ Mortgage Capital, Inc.*, 251 F. Supp. 3d 329 (D. Mass. 2017), the court barred the plaintiff from relying on "certain facts set forth and acknowledged by Credit Suisse in a settlement agreement" with the Department of Justice to establish liability. *Id.* at 331. "[T]he letter, policy, and development of Rule 408" demonstrated that the DOJ settlement agreement, including the statement of facts expressly acknowledged by Credit Suisse therein, was "inadmissible" to establish liability. *Id.* at 332; *see also*, *e.g.*, *Hobart Corporation v. Dayton Power & Light Co.*, 2017 WL 5956911 at *21 (S.D. Ohio Nov. 30, 2017) (rejecting purported "admission[s]" by predecessor in a settlement agreement because "making the content of prior settlement agreements available for use in related litigation contravenes the very purpose of Rule 408."); *City of Mishawaka v. Uniroyal Holding, Inc.*, 2009 WL 499105, at *5 (N.D. Ind. Feb. 26, 2009) (rejecting plaintiff's attempt to use "prior settlement agreements" to "establish . . . liability by admission" because such a use of the agreements would be "precisely for the reasons prohibited by [Rule 408]").

Accordingly, under Rule 408, settlement agreements are inadmissible, and plaintiffs may not introduce them. While the Court ruled in the Track 1-A litigation that "prior enforcement actions and settlements" could potentially be admissible, despite Rule 408, "to show a particular Defendant's knowledge or notice of potential harm," Defendants believe this ruling to be incorrect, and ask the Court to reconsider. Evidentiary Order at 12–13, *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804 (N.D. Ohio Jan. 3, 2020)); *see also id*. at 14–15 (stating DEA enforcement actions and civil settlements could be admissible to show "knowledge or notice of potential harm"). Such

a "notice" exception is not set forth in Rule 408 and defeats the public policy it serves. If the Court nevertheless adheres to this ruling over Defendants' objection, it should require Plaintiffs to establish a foundation for such evidence at a hearing outside the jury's presence.

### B. Certain Categories of Settlement-Related Evidence Should Be Excluded

Even if the court should allow evidence, over Defendants' objection, to show a party's "notice" of alleged wrongful conduct, it still should not admit certain categories of settlement-related evidence. These categories, which the Court did not consider when making its Track 1-A ruling, are patently irrelevant, could not possibly establish notice, and can be excluded wholesale before trial ever begins.

#### 1. Dollar Amounts of Settlements Should Be Excluded

Even if settlements are admitted into evidence to show notice, there is no basis to admit the dollar amount of those settlements. It is the fact of the settlements themselves that might put defendant on notice, not the dollar amounts. This is especially so where, as here, the dollar amounts reflect per-violation amounts fixed by statute and not any estimation of damages suffered. *See* 21 U.S.C. § 842(c)(1)(A). To the extent that such amounts were marginally probative, their minimal relevance is far outweighed by the risk of undue prejudice.

For these reasons, courts regularly exclude evidence of settlements, and more specifically settlement amounts. *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 689 (7th Cir. 2011) (plaintiff could not use amount that parties "discussed during settlement negotiations" [two million dollars] as "benchmark for an award under the rubric of quantum meruit or unjust enrichment"); *Schmerling v. LM Gen. Ins. Co.*, 2018 WL 5848981, at *3 (E.D. Pa. Nov. 8, 2018) ("The settlement amount is irrelevant to the extent of [plaintiff]'s injuries and would not assist the jury in reaching a verdict. Moreover . . . any minimal probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading

the jury."); *In re E.I. Du Pont De Nemours & Co. C-8 Personal Injury Litig.*, 2016 WL 659112, at *53 (S.D. Ohio Feb. 17, 2016) (noting that prior EPA consent decree had been admitted, but "with the Court's guidance, all references to the amount of the $16.5 million settlement were redacted"); *Blair v. Nelson*, 2016 WL 10803753 (M.D. Tenn. July 21, 2016) (concluding although evidence of a settlement was admissible to prove "bias or prejudice," "the amount of settlement . . . is not relevant, and therefore is not admissible"); *Yue v. Chordiant Software, Inc.*, 2020 WL 11575579, at *4 (N.D. Cal. Apr. 22, 2010) (granting motion in limine because "evidence of the value of Plaintiffs' settlements . . . are not relevant"); *Cooper Tire & Rubber Co. v. Farese*, 2008 WL 4285546, (N.D. Miss. Sept. 12, 2008) ("The admissibility of a settlement amount would be very prejudicial to the [settling party], and a jury would likely be biased after hearing the figure."); *Pucci v. Litwin*, 1993 WL 405448, at *1 (N.D. Ill. Oct. 4, 1993) (granting motion *in limine* "to preclude the fact of other settlements or the amount of those settlements" because "[s]uch evidence would be irrelevant and prejudicial").

The dollar value of all settlements must therefore be excluded.

**2. Settlements Reached After the Relevant Time Period In This Case Should Be Excluded**

Settlements that were entered into or involve alleged conduct that occurred after the relevant time frame in this dispute are patently irrelevant. Such settlements could not even arguably have given a party notice, for example, of wrongful conduct, or at least not in any sense that is relevant to the issues the jurors will be asked to decide.

Most defendants in this case stopped distributing relevant opioids some time ago. Some stopped distributing them nearly six years ago. A settlement reached by a defendant *after* distribution had ceased, by definition, is not relevant to show the defendant's state of mind before that time, when it was still distributing.

### 3. Settlements Relating to Pharmacies Outside of Cuyahoga or Summit Counties Should Be Excluded

In Track 1-A, the Court ruled that distribution settlements were admissible in distribution cases. Most of the settlements involving Defendants, however, concern dispensing exclusively, and the Court has not ruled whether dispensing settlements are relevant to distribution claims. They are not.

In Track 1-B, the jury will be required to assess, *inter alia*, the Plaintiffs' allegation that Defendants lack effective systems to monitor for suspicious wholesale orders of prescription opioids that were of unusual size, pattern or frequency. Settlements relating to Defendants' alleged dispensing activities do not address these systems. And the conduct they do concern is subject to different regulations and different standards of care.

Moreover, none of the settlements concern pharmacies in Cuyahoga or Summit Counties; accordingly, their relationship to the distribution issues in this case (i.e, to the alleged suspicious orders placed by pharmacies in Cuyahoga and Summit Counties) is even more attenuated. They are patently irrelevant. Any reference to any such settlement agreements would necessarily depend on an "if it happened there, it must be happening here" premise—which is, as Plaintiffs have acknowledged, invalid.[1] ECF Doc. 2212 at 9, 30 ("[I]f Plaintiffs had brought an action based upon an 'if it happened there, it must be happening here' premise, such a complaint likely would have been dismissed."); *see also In re Chocolate Confectionary Antitrust Litig.*, 801 F.3d 383, 402–03 (3d Cir. 2015) (rejecting attempt to introduce "if it happened there, it could have happened here"

---

[1] To the extent that Plaintiffs allege that the conduct giving rise to a settlement relating to distribution outside of Track One counties directly resulted in opioids coming to Track One counties, they should be required to lay a foundation before offering such theory. *See* Pharmacy Defs.' Mot. in Lim. No. 8 to Preclude Evidence of Extraterritorial Conduct Without Establishing a Specific Nexus to Cuyahoga or Summit County and a Defendant. But even in the event they can do so, only the *conduct* need be discussed; the settlement itself would remain irrelevant, prejudicial, and subject to Rule 408.

- 6 -

evidence). *See also, e.g.*, *Salinero v. Johnson & Johnson,* 2019 WL 7753445 at *2 (S.D. Fla. Sept. 25, 2019) (concluding evidence that other products or company conduct has "been the subject of fines, consent decrees, recalls, and misdemeanor guilty pleas' is plainly inadmissible under Rule 402"); *In re Ethicon, Inc., Pelvic Repair Sys. Pelvic Repair Sys. Prods. Liab. Litig.*, 2014 WL 505234 at *4 (S.D.W.V. Feb. 5, 2014) (declining to admit evidence of "settlements or fines with the [Department of Justice]" because that evidence "is clearly irrelevant").

By way of example, CVS's Florida settlement concerned the dispensing conduct of two particular pharmacies in one Florida town. Such a settlement provided no notice to a distributor regarding distributing to pharmacies hundreds of miles away in Ohio, which were operated by entirely different pharmacists. Even if a dispensing settlement could in theory be relevant to show notice in a distribution case, that is not the case where the dispensing conduct occurred elsewhere and bore no relationship to the conduct in the venue at issue.

### 4. Settlements Relating to Corporate Entities Other Than Defendants In This Case Should Be Excluded

Plaintiffs brought this case against specific corporate entities, alleging that *those entities'* conduct was a substantial factor in causing a public nuisance in the Track 1 counties. Those entities are now the Defendants in this action. Settlements related to any other corporate entity are irrelevant to whether Plaintiffs' allegations against *Defendants* are true.

### 5. Settlements Unrelated to Opioid Medications Should Be Excluded

Finally, settlements involving medications other than opioids—including over-the-counter medications—should be excluded. This includes, for instance, settlements for medications such as pseudoephedrine (i.e., Sudafed), which are not even controlled substances, which do not require prescriptions, and which were handled by different persons both at the distribution and pharmacy level. Settlements that do not concern medications at all are even further afield. Such settlements

could not possibly have provided notice to a Defendant or show anything else relevant to the issues the jury will be tasked with deciding.

### C. Evidence of Settlements Should Also Be Excluded Under Rule 403 as Unduly Prejudicial

Settlements—particularly those in the categories listed above—are also inadmissible under Rule 403, which requires the exclusion of evidence "if its probative value is substantially outweighed" by the "danger" of "unfair prejudice" or "confusing the issues." Fed. R. Evid. 403. As the Sixth Circuit has explained, "the potential impact of evidence regarding a settlement agreement with regard to a determination of liability is profound" and would, if allowed, undermine the "'strong public interest' in encouraging settlement negotiations." *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 800, 805 (6th Cir. 2007) (quoting *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003)). Similarly, in *Ross v. American Red Cross*, the Southern District of Ohio concluded that "[e]vidence of settlement negotiations can . . . be viewed as a concession of liability, which is unfairly prejudicial for the same reasons as those underlying [Rule] 408." 2012 WL 2004810, at *4 (S.D. Ohio June 5, 2012), *aff'd* 567 F. App'x 296 (6th Cir. 2014). In short, "[t]he failure to exclude evidence of an offer or a completed agreement, after proper and timely objection, is sufficiently prejudicial to warrant a mistrial, even if there has been an admonition" to the jury. 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 408.11[1][a] (2d ed. 2017).

Not only that, introducing evidence of settlements invites distracting disputes about collateral issues as the parties argue about whether the settlement actually shows liability. Each settlement involves different language, new sets of allegations, pharmacies and/or personnel not at issue here, and disputed facts. Indeed, many expressly state that the settlement does not admit liability. These are exactly the sort of sideshows Rule 403 was designed to eliminate.

Risk of undue prejudice also exists if evidence regarding consent decrees or fines is allowed. Again in *Ross*, the Southern District of Ohio excluded evidence of a consent decree under Rule 403, explaining:

> Presenting the Consent Decree to the jury would very likely confuse the issues and lead the jury to believe that Plaintiff's claims derive from the Decree itself. The parties would then be forced to explain and relitigate old issues that have, at best, only minimal relevance to the present case.

*Id.*

*Ross* similarly prohibited evidence of "fines[] or penalties involving the [defendant] but not involving [plaintiffs]" in part because there was "a substantial risk that the jury" would look at those fines or penalties and "draw an improper conclusion regarding the [defendant]'s conduct in this case." *Id.* at *4–5; *see also In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liability Litig.*, 2017 WL 9807464, at *4 (N.D. Tex. Sept. 19, 2017) (prohibiting plaintiffs "from offering evidence or making arguments" regarding "any other civil or criminal action or investigation involving [defendants] . . . undertaken by any agency or branch of any state or national government, including . . . any fines, monetary penalties, or disgorgements of any sums of money by [defendants]" without "first asking for a ruling from the Court").

As in those cases, here evidence of settlements, consent decrees, or fines involving Defendants would be unduly prejudicial. Evidence about them should accordingly be excluded.

## CONCLUSION

For all the foregoing reasons, Defendants request respectfully that the Court grant their motion in limine to exclude evidence relating to settlements, consent decrees, or fines entered into or imposed on a Defendant or its employees and media coverage regarding same.

Dated:  August 14, 2020

Respectfully submitted,

   /s/ Eric R. Delisnksy (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel:  (202) 778-1800
Fax:  (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Attorneys for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

 /s/ Timothy D. Johnson_ (consent)
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com

*Attorney for Defendant Discount Drug Mart, Inc.*


/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

/s/ Kelly A. Moore (consent)

- 10 -

Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

*/s/ Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreen Co.*

- 11 -

/s/ Tara A. Fumerton
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*