IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO PRECLUDE EVIDENCE OF SETTLEMENTS**

- The Court should exclude any evidence of, reference to, or arguments about civil or administrative settlement agreements (or consent decrees or fines) entered into by certain Defendants. Defendants respectfully request that the Court reconsider its prior ruling regarding the admissibility of settlements. *See* ECF Doc. 3058 at 12–15.[1]

- Evidence concerning settlements should be excluded because admitting evidence or allowing argument related to settlements contravenes the text and purpose of Rule 408. Accordingly, evidence of settlements is not admissible to prove liability for a claim. Nor is there any basis for admitting this evidence for another purpose. This principle extends to the existence ***and*** content of settlement agreements.

- Additionally, evidence of settlements, consent decrees, and fines is inadmissible under Rule 403. And introducing such evidence invites distracting disputes about collateral issues as the parties argue about whether the evidence actually shows liability.

- At minimum, the Court should exclude the following categories of evidence: (1) The dollar amounts of settlements; (2) Settlements concerning conduct that occurred after the relevant time period in this case; (3) Settlements relating to pharmacies outside of the Counties; (4) Settlements relating to corporate entities other than Defendants; and (5) Settlements unrelated to opioid medications.

---

[1] Defendants incorporate by reference and append as an exhibit the relevant excerpts of prior motion *in limine* briefing relating to settlements. *See* **Exhibit A**.