**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO PRECLUDE EVIDENCE OF EXTRATERRITORIAL CONDUCT WITHOUT ESTABLISHING A SPECIFIC NEXUS TO CUYAHOGA OR SUMMIT COUNTY AND A TRACK 1-B DEFENDANT**

Plaintiffs may seek to introduce evidence, testimony, or argument concerning alleged conduct that occurred outside of Cuyahoga or Summit Counties ("the Counties"). The Court should bar such evidence, testimony, or argument unless Plaintiffs first establish—outside of the presence of the jury—a foundation showing a specific nexus connecting that extraterritorial conduct to harm suffered by one of the Counties **and** a specific Defendant's distribution conduct. Without an evidentiary nexus to Plaintiffs' claims, any extraterritorial-conduct evidence should be excluded as irrelevant to the facts at issue in this trial, *see* Fed. R. Evid. 401, 402, inadmissible "other bad acts," *see* Fed. R. Evid. 404(b), and unfairly prejudicial, *see* Fed. R. Evid. 403.

As an initial matter, evidence is inadmissible if it does not have a "tendency to make the existence of any fact that is of consequence . . . more or less probable." Fed. R. Evid. 401. Without question, evidence involving different geographic locations and different alleged misconduct involving different parties does not inform whether the Defendants in this case engaged in any misconduct affecting Cuyahoga or Summit Counties. *See, e.g.*, *In re Chocolate Confectionary Antitrust Litig.*, 801 F.3d 383, 402–03 (3d Cir. 2015) (rejecting attempt to introduce "if it happened

there, it could have happened here" evidence); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 52 (2d Cir. 2007) (same).

Accordingly, Plaintiffs should be barred from introducing evidence of any conduct outside of Cuyahoga or Summit Counties without first establishing a foundation demonstrating that extraterritorial conduct caused harm or is relevant to harm within one of the Counties ***and*** that the evidence concerns the distribution conduct of a Track 1-B Defendant. *See, e.g.*, *Worldwide Basketball & Sports Tours, Inc. v. Nat'l Collegiate Athletic Ass'n*, 2003 WL 21750835, at *5 (S.D. Ohio July 11, 2003) (granting motion *in limine* to the extent plaintiffs sought to introduce evidence that "a non-party . . . has suffered harm").  Put simply, without those nexuses, the evidence would have no "tendency to make a fact more or less probable."  Fed. R. Evid. 401.

The Track 1-A defendants sought to exclude all evidence of shipments outside of the Plaintiff counties.  In response to that motion in limine, Plaintiffs identified two kinds of purported evidence that they argued should be admitted in support of their claims.  ECF Doc. 2805 at 32. The first (and primary) support was evidence concerning prescriptions from or filled at unscrupulous pain clinics or "pill mills" in Florida that Plaintiffs alleged had "migrated" to Ohio. *See* ECF Doc. 2815 at 32 n.37.  The second kind of evidence was the expected expert testimony of James Rafalski.  Based on that limited evidence, this Court ruled that it would allow evidence of shipments outside of Plaintiff counties that might show that a Track 1-A Defendant "knew that opioids distributed in Florida were migrating to Ohio."  ECF Doc. 3058 at 9.

But Track 1-B is materially different from Track 1-A, and Plaintiffs' purported nexus between extraterritorial conduct and the Track 1-A defendants simply does not apply to Track 1-B claims and defendants. Here, Rafalski does not offer *any* opinions about most Track 1-B defendants.  While aspects of his testimony are objectionable for all manner of reasons, even

setting those objections aside, his testimony cannot possibly support the admission of extraterritorial conduct for those defendants about whom he offers no opinions.

As for evidence involving unscrupulous third-party "pill mills" and pain clinics in Florida, such evidence simply does not implicate *the distribution conduct* of *Track 1-B Defendants*. Track 1-B Pharmacy Defendants distributed only to themselves, and not to third-party "pill mills" or pain clinics. While certain "pill mills" and pain clinics undoubtedly dispensed opioids created by the manufacturers, some of which were allegedly distributed by the "Big 3" distributors—all of whom were defendants in Track 1-A—there is no connection between any of the Track 1-B Defendants and those actors.

Most fundamentally, if Plaintiffs seek to introduce any evidence of opioids distributed to Florida migrating to Ohio, they must first be required to tie that specific opioid distribution conduct to a particular Defendant, and explain how that specific distribution conduct outside of Cuyahoga or Summit County caused harm in and to Cuyahoga or Summit County. Without that evidentiary foundation, there is no connection between the out-of-state distribution and Plaintiffs' alleged harm. *See, e.g.*, *Bispo v. Robertshaw Controls Co.*, 2012 WL 13048223, at *3 (D. Or. Mar. 14, 2012) (concluding evidence of Plaintiff's code violations was inadmissible unless Defendant "lays a foundation to establish a causal connection between such a code violation and [the conduct at issue in the lawsuit] before introducing the evidence").

Indeed, while evidence of third-party actions are irrelevant to proving the liability of *Defendants,* to the extent evidence concerns a Defendant's conduct, but has no connection to the Plaintiff counties, it is classic inadmissible "other bad acts" evidence offered to prove that if a Defendant acted in a way at a different time and place, it likely did so on this occasion as well. *See* Fed. R. Evid. 404(b)(1) (stating "[e]vidence of a crime, wrong, or other act" is generally

inadmissible).  Although Rule 404 specifies limited permissible purposes for such evidence, none apply here.  Most of the exceptions are, on their face, not applicable.[1]  Rule 404(b)(2) permits evidence of "other bad acts" only to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  Before admitting evidence of "other bad acts" for one of these purposes, a court must determine (1) "whether one of the factors justifying the admission of "other acts" evidence is material, that is, 'in issue,' in the case"; (2) "whether the "other acts" evidence is probative of such factors"; and (3) "whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect."  *United States v. Merriweather*, 78 F.3d 1070, 1074 (6th Cir. 1996) (citation omitted).  To Defendants' knowledge, Plaintiffs have no extraterritorial evidence that would meet *any* of those factors but again, if they do, they should be required to lay that foundation outside of the jury's presence.

Lastly, evidence of conduct that occurred outside the Counties and lacks any connection to one of the Counties ***and*** a Defendant's distribution conduct would be unduly prejudicial.  Such evidence would concern different geographic locations, different alleged misconduct, different injured parties, and—most importantly—no connection to the specific conduct at issue in this case. It would confuse the issues and mislead the jury.  *See, e.g.*, *Stern v. Shouldice*, 706 F.2d 742, 750 (6th Cir. 1983) (concluding district court did not abuse its discretion in barring evidence that

---

[1] The Defendants' identities are not at issue.  *See, e.g., Lucijanic v. Ball*, 2006 WL 8442257, at *4 (S.D. Ohio Aug. 30, 2006) (concluding Rule 404(b)(2) exception did not apply where the defendant's identity "is not an issue in th[e] case").  It is not at issue in the case whether Defendants had the opportunity to distribute opioids or knew that they did.  *See, e.g., United States v. Ward*, 190 F.3d 483, 489 (6th Cir. 1999) (concluding district court erred in admitting Rule 404(b) evidence to demonstrate "opportunity" when that was not at issue); *United States v. Johnson*, 27 F.3d 1186, 1193–94 (6th Cir. 1994) (concluding district court erred in admitting Rule 404(b) evidence to demonstrate "knowledge" when that "was not at issue").  Nor have Defendants claimed that they distributed opioids by mistake or accident, so there is no basis to present evidence of shipments elsewhere to prove absence of mistake or lack of accident.  *See United States v. Semak*, 536 F.2d 1142, 1144 (6th Cir. 1976) (stating Rule 404(b) evidence may be admitted to show "absence of mistake" if the issue is "material . . . and there exists a dispute about it"); *see also, e.g., United States v. Shannon*, 766 F.3d 346, 352 n.9 (3d Cir. 2014) (stating Rule 404(b) evidence may only be admitted to prove "absence of mistake" or "lack of evidence" if it "is at issue in the case" (citation omitted)).

"might have inflamed or confused the jury").  Without connecting the extraterritorial conduct to a specific Defendant, Plaintiffs would effectively be asking the jury to attribute the alleged conduct of third parties (including some Track 1-A parties) to the Defendants in this case.  Any probative value of such evidence (there is none) is "substantially outweighed" by its potential for "unfair prejudice."  Fed. R. Evid. 403.  Indeed, any testimony or evidence conduct that *can* be attributed to a specific Defendant should be narrowly tailored toward the case against *that Defendant.* It should not be used as evidence against "Defendants" generally.

In sum, Plaintiffs should not be permitted to rest their case against Defendants on purportedly wrongful conduct in other jurisdictions without first establishing, outside of the presence of the jury, a connection to **both** the Counties **and** the distribution conduct of the Defendant against whom the evidence is offered.

## CONCLUSION

For all the foregoing reasons, Defendants request respectfully that the Court bar Plaintiffs from introducing evidence of extraterritorial conduct without first establishing—at a hearing outside the presence of the jury—a foundation tying such conduct to both (1) a concrete harm in Cuyahoga or Summit County, **and** (2) a specific Defendant's distribution conduct.

Dated:  August 14, 2020

Respectfully submitted,

   /s/ Eric R. Delisnksy (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel:  (202) 778-1800
Fax:  (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Attorneys for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

_/s/ Timothy D. Johnson_ (consent)_
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN,
CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com

*Attorney for Defendant Discount Drug
Mart, Inc.*


/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-
shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and
HBC Service
Company*

/s/ Kelly A. Moore (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP

1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

*/s/ Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email:
kaspar.stoffelmayr@bartlitbeck.com
Email:
brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreen Co.*

/s/   Tara A. Fumerton
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi

Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*