**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 8
TO PRECLUDE EVIDENCE OF EXTRATERRITORIAL CONDUCT WITHOUT
ESTABLISHING A SPECIFIC NEXUS TO CUYAHOGA OR SUMMIT COUNTY AND
<u>A TRACK 1-B DEFENDANT</u>**

- The Court should bar Plaintiffs from introducing evidence, testimony, or argument concerning alleged conduct that occurred outside of Cuyahoga or Summit Counties unless Plaintiffs first establish—outside of the presence of the jury—a foundation showing a specific nexus connecting the extraterritorial conduct to harm suffered by one of the Counties *and* a specific Defendant's distribution conduct.

- Without an evidentiary nexus to Plaintiffs' claims, any extraterritorial evidence should be precluded as irrelevant to the facts at issue in the trial, inadmissible "other bad acts," and unfairly prejudicial.

    - Evidence involving different geographic locations and different alleged misconduct involving different parties does not inform whether the Defendants in this case engaged in any misconduct affecting Cuyahoga or Summit Counties. Such evidence would thus be irrelevant.

    - To the extent evidence concerns a Defendant's conduct, but has no connection to the Counties, it is classic inadmissible "other bad acts" evidence offered to prove that if a Defendant acted in a way at a different time and place, it likely did so on this occasion as well. Although Rule 404 specifies limited permissible purposes for such evidence, none apply here.

    - Lastly, evidence of conduct that occurred outside the Counties and lacks any connection to one of the Counties *and* a Defendant's distribution conduct would be unduly prejudicial. Such evidence would concern different alleged misconduct, different injured parties, and—most importantly—no connection to the specific conduct at issue in this case. It would confuse the issues and mislead the jury.

- Although the Court expressed that it was inclined to permit certain evidence of shipments outside of the Plaintiff counties in the Track 1-A trial, *see* ECF Doc. 3058 at 9,[1] the Track 1-B trial is materially different. Plaintiffs' purported nexus between extraterritorial conduct and the Track 1-A Defendants simply does not apply to the Track 1-B claims and Defendants.

    - Evidence involving unscrupulous third-party "pill mills" and pain clinics in Florida does not implicate the distribution conduct of Track 1-B Defendants. Track 1-B Defendants distributed only to themselves, and not to third-party "pill mills," so there is no connection between the Track 1-B Defendants and those actors.

    - James Rafalski does not offer *any* opinions about most Track 1-B Defendants, so his testimony cannot possibly support the admission of extraterritorial conduct for defendants about whom he offers no opinions.

---

[1] Defendants incorporate by reference and append as an exhibit the relevant excerpts of prior motions *in limine* regarding evidence of conduct that occurred outside the relevant Counties. See **Exhibit A**.