UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**WALGREEN CO.'S OMNIBUS DOCUMENT TO PRESERVE
ARGUMENTS AND OBJECTIONS RELATED TO PRIOR MOTIONS *IN LIMINE*** 

In the Track 1A proceedings, the Court heard and ruled upon dozens of motions *in limine* filed by the Track 1A defendants.  *See* Dkt. 3058.  On July 28, 2020, Special Master Cohen ruled that "the parties in Track 1B should consider the rulings in the *Evidentiary Order* applicable at their trial."  Dkt. 3398 at 1.  Walgreen Co. ("Walgreens") therefore understands that all evidentiary rulings in the Track 1A defendants' favor apply in full in Track 1B.  Special Master Cohen further ruled that Track 1B Defendants could further preserve arguments and objections raised in Track 1A by filing "a document simply listing all of the MIL rulings contained in the evidentiary order . . . to which they object."  Dkt. 3398 at 2.[1]

Accordingly, pursuant to the Court's orders, Dkts. 3058 and 3398, for the avoidance of any doubt, and in addition to the arguments advanced in the Track 1B Defendants' separately filed joint motions *in limine*, Walgreens hereby reasserts all arguments and preserves all objections to the Court's rulings on the following motions.  The briefing underlying each motion from Track 1A is hereby incorporated by reference:

---

[1] By following Special Master Cohen's order, Walgreens does not waive its objections to the Court's *Nunc Pro Tunc* Order, Dkt. 3058, in this or any other proceeding.  Walgreens hereby incorporates by reference the Pharmacy Defendants' prior objections to that order, as set forth in Dkts. 3133 and 3146.

- Walgreens MIL No. 1 (Dkt. 2648): Evidence or argument about Walgreens' ownership interest in AmerisourceBergen.

- Walgreens MIL No. 2 (Dkt. 2648): Evidence or argument about Walgreens' Florida DEA enforcement action and related settlement.

- Walgreens MIL No. 3 (Dkt. 2648): Evidence or argument referring to DEA witness Joseph Rannazzisi as the "60 Minute Man."

- Defendants MIL No. 1 (Dkt. 2661): Evidence or argument to the jury concerning "future damages."

- Defendants MIL No. 2 (Dkt. 2661): Individualized evidence concerning prescriptions, shipments, and other matters on which plaintiffs successfully avoided discovery by claiming it was "irrelevant."

- Defendants MIL No. 3 (Dkt. 2661): Testimony from witnesses about personal stories of opioid abuse or related harms to themselves or others.

- Defendants MIL No. 4 (Dkt. 2661): Lay and hearsay testimony about prescription opioids being a "gateway" to illicit opioid use.

- Defendants MIL No. 5 (Dkt. 2661): Evidence concerning lobbying and other protected petitioning activity.

- Defendants MIL No. 6 (Dkt. 2661): Evidence of alleged wrongful shipments to places outside Track One jurisdictions.

- Defendants MIL No. 7 (Dkt. 2661): Evidence that defendants violated alleged duties under the CSA or its regulations.

- Defendants MIL No. 8 (Dkt. 2661): Requiring plaintiffs to establish the necessary foundation for their experts' testimony.

- Defendants MIL No. 9 (Dkt. 2661): Excluding certain charts presenting misleading and irrelevant data.

- Defendants MIL No. 10 (Dkt. 2661): Prohibiting counsel from offering personal opinions, using visual aids to belittle witnesses, and similar conduct.

- Defendants MIL No. 11 (Dkt. 2661): Evidence and argument concerning defendants' financial condition, revenues, or profitability.

- Defendants MIL No. 12 (Dkt. 2661): Questioning of witnesses concerning their feelings and opinions of personal responsibility, guilt, or sympathy concerning the opioid crisis.

- Defendants MIL No. 14 (Dkt. 2661): Any comment regarding the absence of a corporate representative at trial.

- Distributors MIL No. 2 (Dkt. 2666): Non-party corporate representatives testifying to matters outside their personal knowledge.

- Distributors MIL No. 3 (Dkt. 2666): Any evidence of criminal indictments and investigations without corresponding proof of a final judgment of conviction.

- Distributors MIL No. 4 (Dkt. 2666): Evidence or argument that the jury may infer that an older document never existed because it cannot be found

- Distributors MIL No. 5 (Dkt. 2666): Evidence or argument suggesting distributors committed a "fraud on the DEA."

- Distributors MIL No. 6 (Dkt. 2666): References broadly and generally to "defendants" when the statement, argument, or testimony relates only to certain specific defendants or groups of defendants.

Moreover, to the extent the Court's *Nunc Pro Tunc* Order, Dkt. 3058, granted in whole or in part any motions *in limine* to which Walgreens or other Track 1A Defendants objected, Walgreens also reasserts those arguments and preserves all objections.

Dated:  August 14, 2020

Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
Bartlit Beck LLP
54 W. Hubbard Street
Chicago, Illinois  60654
Phone:  (312) 494-4400
Fax:  (312) 494-4440
Email:  kaspar.stoffelmayr@bartlitbeck.com
Email:  brian.swanson@bartlitbeck.com
Email:  kate.swift@bartlitbeck.com
Email:  sharon.desh@bartlitbeck.com
Email:  sten.jernudd@bartlitbeck.com

Alex J. Harris
Bartlit Beck LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado  80202
Phone:  (303) 592-3100
Fax:  (303) 592-3140
Email:  alex.harris@bartlitbeck.com

*Counsel for Defendant Walgreen Co.*