**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR RITE AID'S MOTION *IN LIMINE***
**TO EXCLUDE ORDERS FROM NON-DEFENDANT DISTRIBUTORS**

- The Court should bar Plaintiffs from offering evidence concerning orders distributed to Rite Aid of Ohio pharmacies by any distributor other than Rite Aid of Maryland. Fed. R. Evid. 401 and 403.

- Plaintiffs sued Rite Aid of Maryland based on its distribution of Schedule III hydrocodone combination products to Rite Aid of Ohio pharmacies in Cuyahoga and Summit Counties.

- Rite Aid of Maryland did not distribute Schedule II opioid medications. Rather, a non-defendant distributor (McKesson) distributed those medications to Rite Aid of Ohio pharmacies.

- As a result, McKesson's distribution of Schedule II opioid medications, such as oxycontin, is irrelevant to Plaintiffs' claim against Rite Aid of Maryland based on its distribution of Schedule III hydrocodone combination products.

- Evidence that a Rite Aid pharmacy ordered medications from McKesson—particularly orders that were never distributed by Rite Aid of Maryland—would not demonstrate that Rite Aid of Maryland failed to monitor suspicious orders.

- Even if evidence of these orders had some marginal probative value, it would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time under Rule 403. This evidence would risk misleading the jury into believing that Rite Aid of Maryland can be held liable for alleged misconduct of a non-defendant distributor.