IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 9
TO LIMIT TESTIMONY OF CRAIG MCCANN**

Pharmacy Defendants respectfully ask this Court to exclude portions of Craig McCann's opinion, which other evidence has revealed to be irrelevant and likely to confuse the jury.

The report of Plaintiffs' expert Craig McCann includes five different calculations based on "a non-exhaustive set of algorithms" that he applied to DEA's ARCOS shipping data.  Ex. A, McCann Rpt. at 6; Ex. B, McCann Second Supp. Rpt. at 3.  From these five different calculations, McCann offers five alternative opinions regarding numbers of flagged orders.

McCann did not develop these algorithms, and he does not personally offer an opinion that any of these algorithms is a valid methodology for identifying suspicious orders.  The algorithms were given to McCann by Plaintiffs' counsel.  McCann acknowledges that he is simply "a calculator" and "a computer" who "took these approaches and implemented them."  Ex. C, McCann Tr. 129:6–15; 135:14–24.

Because McCann offers no opinion that these calculations measure anything relevant to this case, Plaintiffs attempt to fill the gap with another expert: James Rafalski.  Rafalski offers *no* opinion as to many of the Track 1-B Defendants.  But unlike McCann, Rafalski offers an opinion regarding the proper methodology for identifying suspicious orders.  He vouched, however, for only one of the five algorithms applied by McCann: the Six-Month Trailing Threshold.  See Ex.

D Rafalski Tr. 480:17–481:20 (describing it as "potentially suitable" for identifying suspicious orders). The other four methodologies, he testified, "aren't suitable suspicious order systems." Ex. E, Rafalski Tr. 174:5–10; 356:19–357:2.

As a result, McCann's calculations based on these four methodologies are irrelevant. No witness—neither McCann, nor Rafalski, nor anyone else—will opine that these calculations are based on a reliable methodology for identifying suspicious orders.

In light of Rafalski's testimony, it is unclear whether Plaintiffs still seek to offer McCann's opinions regarding calculations based on algorithms other than the Six-Month Trailing Threshold. Should they attempt to do so, the testimony should be excluded as irrelevant. This Court's *Daubert* ruling recognized that McCann's opinion regarding "application of . . . methods" was relevant only because of "Rafalski's opinions regarding [those] methods." Doc. 2944. Given this link, this Court should limit McCann to the method that Rafalski opined would be "potentially suitable." Calculations based on other methods do not have "any tendency to make a fact more or less probable than it would be without the [calculations." Fed. R. Evid. 401.

In the alternative, even if McCann's calculations under the other algorithms had some marginal probative value, it would be substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid. 403. Because no witness would testify that these calculations reliably measure suspicious orders, the presentation of the evidence to the jury would waste time and confuse the issues. The jury might also be misled and confuse McCann's calculations under the Sixth-Month Trailing Threshold (somewhat supported by Rafalski) with his other calculations (which are unsupported by anyone).

## CONCLUSION

Pharmacy Defendants acknowledge that in light of this Court's *Daubert* ruling, McCann will be permitted to testify, but his opinions should be limited to his calculations based on the Six-Month Trailing Threshold, the only potentially relevant algorithm in light of Rafalski's testimony.

Dated:  August 14, 2020

Respectfully submitted,

/s/ Kelly A. Moore  (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

/s/ Timothy D. Johnson (consent)
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com

*Attorney for Defendant Discount Drug Mart, Inc.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin

- 3 -

MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

/s/ *Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreen Co.*

/s/    Tara A. Fumerton
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939

Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

- 5 -