# EXHIBIT D

```
 1              UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION
 3    IN RE: NATIONAL          )   MDL No. 2804
      PRESCRIPTION OPIATE      )
 4    LITIGATION               )   Case No.
                               )   1:17-MD-2804
 5                             )
      THIS DOCUMENT RELATES TO )   Hon. Dan A.
 6    ALL CASES                )   Polster
                               )
 7

 8

 9                      __ __ __
10               Tuesday, May 14, 2019

                        __ __ __
11

12       HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
                 CONFIDENTIALITY REVIEW
                        __ __ __
13

14

15

16          Videotaped Deposition of JAMES E.
      RAFALSKI, VOLUME 2, held at Weitz &
17    Luxenburg PC, 3011 West Grand Avenue, Suite
      2150, Detroit, Michigan, commencing at
18    8:25 a.m., on the above date, before
      Michael E. Miller, Fellow of the Academy of
19    Professional Reporters, Registered Diplomate
      Reporter, Certified Realtime Reporter and
20    Notary Public.
21

22

23                      __ __ __
24          GOLKOW LITIGATION SERVICES
         877.370.3377 ph | fax 917.591.5672
25               deps@golkow.com
```

Highly Confidential - Subject to Further Confidentiality Review

1    distributor, when you were working as a

2    diversion investigator -- strike the

3    question.  Hold on a second.

4         A.    Can I speak to my counsel about

5    the --

6         Q.    No, that's okay.  We can move

7    on.

8         A.    -- Touhy authorization --

9         Q.    We can move on.

10        A.    -- that I have a question, with

11   him?

12        Q.    I don't have a lot of time, so

13   I'll just withdraw the last partial question

14   that I was just trying to ask --

15        A.    Okay.

16        Q.    -- and we'll move on.

17              Yesterday I believe you

18   testified that none of the five flagging

19   methods identified in your report are

20   suitable for suspicious order monitoring

21   systems.

22              Do you remember using the word

23   "suitable"?

24        A.    I do.  And I thought about that

25   testimony after I left yesterday, and I'd

Highly Confidential - Subject to Further Confidentiality Review

1    like to maybe correct it or make a statement

2    in regards to it.

3         Q.    Well, let me just ask you.

4    What did you mean when you said none of the

5    five flagging methods that you identify in

6    your report are suitable for suspicious order

7    monitoring systems?

8         A.    Well, specifically how they

9    would identify a suspicious order, two times,

10   three times, the 8,000 and the pickers and

11   packers program or the -- I think I don't use

12   that particular name -- the one -- the one

13   that I think that statement would indicate

14   that I would say that the Masters was not

15   suitable, and I -- I would disagree.

16           If I made that statement and

17   said that one was, I'd like to correct that

18   and say that I -- this would be a suitable --

19   potentially suitable suspicious order

20   program.

21        Q.    The Masters method that

22   identified 95% of Walgreens orders as

23   suspicious, that one is suitable?  Is that

24   your testimony, sir?  But none of the other

25   ones?