**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 9
TO LIMIT TESTIMONY OF CRAIG MCCANN**

- The Court should exclude portions of Plaintiffs' expert Craig McCann's opinion, which other evidence has revealed to be irrelevant and likely to confuse and mislead the jury. Fed. Rs. Evid. 401, 403.

- McCann's opinion includes five different calculations based on "a non exhaustive set of algorithms" that he applied to DEA's ARCOS shipping data. From these five different calculations, McCann offers five alternative opinions regarding numbers of flagged orders.

- McCann did not develop these algorithms, and he does not personally offer an opinion that any of these algorithms is a valid methodology for identifying suspicious orders.

- Plaintiffs therefore offer opinions from James Rafalski regarding the proper methodology for identifying suspicious orders. He vouched, however, for only one of the five algorithms applied by McCann: the Six-Month Trailing Threshold.

- No witness—neither McCann, nor Rafalski, nor anyone else—will opine that these other four calculations are based on a reliable methodology for identifying suspicious orders.

- This Court's *Daubert* ruling recognized that McCann's opinion regarding "application of . . . methods" was relevant only because of "Rafalski's opinions regarding [those] methods." Doc. 2944. Given this link, the Court should limit McCann to the method that Rafalski opined would be "potentially suitable."

- Even if McCann's calculations under the other algorithms had some marginal probative value, it would be substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, or wasting time because no witness would testify that those calculations reliably measure suspicious orders. Fed. R. Evid. 403.