IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' MOTION *IN LIMINE* NO. 10 TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO PARTICIPATION IN TRADE ASSOCIATIONS**

- The Court should bar Plaintiffs from offering evidence or argument that Defendants' participation in trade association activities provides a basis for imposing liability. The evidence is inadmissible under Federal Rules of Evidence 401 and 403 and under the Noerr-Pennington doctrine.

- Unlike the Track 1A Defendants, Defendants here were not members of the Healthcare Distribution Alliance. Rather, Defendants or their parents were members only of the National Association of Chain Drug Stores ("NACDS"). In addition, Plaintiffs' sole claim of public nuisance does not involve any conspiracy or RICO claims.

- In Track 1A, the Court found that lobbying or petitioning activity is "admissible for other purposes," but allowed that the defendants there "may argue that the probative value of any particular evidence on this matter is outweighed by a danger of unfair prejudice." (ECF 3052 at 50-51) Purpose, character and motive are not at issue here for Plaintiffs' absolute public nuisance claim. Participation in a trade association also does not demonstrate the intent necessary for a public nuisance claim.

- The Noerr-Pennington doctrine and the First Amendment protect Defendants' trade association activities.

- The danger of unfair prejudice and confusion, as well as waste of trial time, substantially outweighs any probative value of the evidence as trade association activity is likely to mislead and confuse jurors and cause them to use Defendants' constitutionally protected behavior against them.