UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL NO. 2804 |
| | ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO "*Track Three Cases*" | ) ) | Judge Dan Aaron Polster |

### WALGREENS' PARTIAL OBJECTION RE: SECOND ORDER REGARDING GEOGRAPHIC SCOPE OF DISCOVERY

Walgreen Co., Walgreen Eastern Co., and Walgreens Boots Alliance, Inc. ("Walgreens") submit the following Objection to one portion of the Special Master's Second Order Regarding Geographic Scope of Discovery.

On August 12, 2020, the Special Master rejected Plaintiffs' request that Defendants produce due diligence documents for the entire State of Ohio. The Special Master correctly recognized that the Court has already entered an Order limiting the geographic scope of due diligence files to the Track Three Counties, to which Plaintiffs did not object. ECF No. 3410 at 2 (citing ECF No. 3371). The Special Master concluded that finding and producing due diligence documents for the entire State of Ohio will be burdensome and expensive for Defendants and will not provide a proportional benefit to Plaintiffs. ECF No. 3410 at 3.

However, the Special Master created an exception to this rule based on an assessment of the burden of production for certain due diligence documents. The Special Master ruled that "Defendants must produce for all of Ohio due diligence documents *connected to SORs they sent to the DEA*." ECF No. 3410 at 4 (emphasis added). The Special Master explained that "Defendants have indicated that due diligence documents for these SORs are usually kept

together with documents chronicling the SORs themselves; accordingly, the additional burden of locating and producing due diligence documents related to those SORs is relatively small." *Id*.

This burden assessment does not apply to Walgreens.  Walgreens reported approximately 3,000 orders to the DEA for Lake and Trumbull Counties, but over 50,000 orders to the DEA for the entire State of Ohio.  Walgreens does not maintain its due diligence documents for these SORs together with documents chronicling the SORs themselves.  Accordingly, the burden on Walgreens to produce due diligence files for the entire state of Ohio is not "relatively small."  As Walgreens has previously explained, the burden would be significant.  *See* 7/27/20 Swift letter to Special Master Cohen (explaining that burden would entail searching, reviewing, producing, and analyzing documents related to this significant number of orders from both custodial files and other locations).  It is the same burden that the Special Master has twice ruled is not proportional to the needs of this case.  *See* ECF No. 3410; ECF No. 3371.

Walgreens therefore requests that the Second Order regarding Geographic Scope be amended to state that "Defendants must produce for all of Ohio due diligence documents connected to SORs they sent to the DEA *if* due diligence documents for these SORs are kept together with documents chronicling the SORs themselves."  We understand that to be the spirit of the Order, and request clarification accordingly.

Dated: August 17, 2020	Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 17th day of August 2020, I served a copy of the foregoing via the Court's ECF system to all counsel of record.

> */s/ Kaspar Stoffelmayr*
> Kaspar Stoffelmayr
>
> *Counsel for Walgreens Boots Alliance, Inc.,*
> *Walgreen Co., and Walgreen Eastern Co., Inc.*