# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION | ) | MDL NO. 2804 |
| OPIATE LITIGATION | ) | |
| | ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) | |
| *"Case Track Three"* | ) | Judge Dan Aaron Polster |

**WALGREENS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' (FIRST)**
**(MODIFIED) (COMBINED) TRACK THREE REQUESTS FOR PRODUCTION**

Walgreens Boots Alliance, Inc., Walgreen Co. and Walgreen Eastern Co. (collectively

"Walgreens") provide the following responses to Plaintiffs' Track Three First Set of Requests for

Production which were served on June 11, then modified by Plaintiffs' hand-written marginalia

on June 30, then modified by Plaintiffs' email on July 8, then modified by Plaintiffs' oral

communications on July 8, then modified by Special Master Cohen's order on July 8, all before

these objections and responses were due under the Federal Rules.

**GENERAL OBJECTIONS**

1.      Walgreens objects to the process by which Plaintiffs have requested, and the

Special Master has ordered, discovery in this litigation.  Plaintiffs modified their document

requests and Interrogatories by handwritten marginalia on June 30 to expand the geographic

scope.  Defendants were then directed to meet and confer with Plaintiffs about their expanded

scope.  But Plaintiffs not only refused to meet and confer with Defendants, they responded by

*further* expanding the geographic scope and substance of the documents they sought by email

on July 8, in a manner that conflicted with both their June 11 requests *and* their June 30

marginalia.  Then Plaintiffs served a new definition of "Suspicious Orders" on July 8, without

indicating which document request they intended it to apply to.  The Special Master then issued

a ruling on Plaintiffs' definition of Suspicious Orders and geographic scope, all before Defendants' responses were even due.

2.      As detailed below, Plaintiffs' expanded requests are objectionable because they impose burdens on Defendants that are not proportional to the needs of this case, and therefore violate the Federal Rules of Civil Procedure.  Only Lake and Trumbull Counties have sued Defendants in Track Three, as directed by Judge Polster.  Collecting documents and information from all Ohio pharmacies in a case brought by just two counties would be overbroad and unduly burdensome in any environment but is particularly difficult given the ongoing Covid-19 pandemic.  Indeed, collecting documents that would allow Defendants to defend the claims brought against them from just the pharmacies in Lake and Trumbull Counties will already be a significant challenge.

3.      Plaintiffs' expanded requests are also objectionable because they require Defendants to expand requests that will be made upon third parties in order to defend their claims.

4.      By responding to these Requests, Walgreens does not waive any objections that it may have to the admission into evidence of these responses, or any documents and things produced in response to these Requests, on any applicable grounds.  Walgreens reserves the right to object on any ground at any time to a request for further responses to these Requests, as well as the right to revise, correct, add to, supplement, or clarify any of the objections contained herein at any time.

5.      Walgreens objects to these Requests to the extent that any Request assumes facts and events or includes characterizations that are assumed to be accurate and contains legal conclusions.  By providing responses to these Requests, Walgreens does not admit or concede

that any assumed fact, event, characterization, or legal conclusion is correct or accurate, and

Walgreens expressly reserves the right to contest any and all assumed facts, events,

characterizations, and legal conclusions.

6.       Walgreens objects to these Requests to the extent that they purport to impose

obligations or burdens on Walgreens that go beyond those imposed by Federal Rules of Civil

Procedure 26 and 33, the Local Rules of the Northern District of Ohio, the Case Management

Orders, and the Discovery Rulings entered in this action (referred to collectively as "Discovery

Rules").  Walgreens will comply with the Discovery Rules but assumes no further obligation in

responding to these Requests.

7.       Any production of documents provided in response to these Requests is subject

to the Protective Order and its Amendments.  Walgreens will produce ESI in accordance with

the ESI Protocol.

8.       Walgreens' investigation and discovery are ongoing as to all matters referred to

in these Requests.  Walgreens' responses are based upon information that has been collected

and reviewed to date for the purpose of responding to these Requests, and they are not prepared

from the personal knowledge of any single individual.  Walgreens reserves the right to amend

and supplement these responses as discovery and this litigation proceed.

9.       Walgreens objects to the Definitions of "Opioid," "Opioids," "Opioid Product,"

and "Opioid Products" on the grounds that they are overly broad, vague, ambiguous, and

unduly burdensome and, as defined by Plaintiffs, seek discovery that is not relevant to any

party's claims or defenses, nor proportional to the needs of the case.  For purposes of

responding to these Requests, Walgreens will interpret "Opioid," "Opioids," "Opioid Product,"

and "Opioid Products" to mean oxycodone, hydrocodone, hydromorphone, fentanyl,

oxymorphone, morphine, methadone, and tapentadol, including the brand names for those

Opioids Oxycontin, Dilaudid, Hysingla, Targin, Kadian, Norco, Actiq, Duragesic, Nucynta,

Opana, Percocet, Subsys, Exalgo, Roxicodone, Xartemis, and Methadose.

10.     Walgreens objects to the Definition of "Suspicious Order" as vague and

ambiguous and to the extent that it differs from or extends beyond the Definition of "Suspicious

Order" that appears in 21 C.F.R. § 1301.74.  Walgreens further objects to the extent that

Plaintiffs' Definition of "Suspicious Order" incorporates Plaintiffs' Definitions of "Opioids"

and "Opioid Products" on the grounds that it is overly broad, vague, ambiguous, and unduly

burdensome and, as defined by Plaintiffs, seeks discovery that is not relevant to any party's

claims or defenses, nor proportional to the needs of the case.

11.     Walgreens incorporates its general objections, and objections to definitions and

instructions, from all other Requests served in this MDL.  All responses below are subject to

and without waiving any Objections, and all agreements to produce documents are contingent

upon those documents being maintained in the ordinary course of business and capable of being

located following a reasonable search.

## RESPONSES AND OBJECTIONS TO AS-MODIFIED REQUESTS

1.     *Request as served on June 11*: Produce all minutes of Your Board of Directors
meetings (including committees and subcommittees) from 1996 to the present that generally
refer to Opioids and that refer to diversion, Suspicious Order Monitoring, Due Diligence and
DEA Investigations related to dispensing or distribution of controlled substances.  Include all
materials prepared for or utilized in conjunction with any board or committee meeting or any
board or committee package relating to these two topics.  *Request as amended by Mr.
Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request

because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to

this Request because it is vague, overbroad, unduly burdensome, and not proportional to the

needs of this case, including through its request for information regarding drugs other than

- 4 -

Opioids.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional, in that it seeks data covering a 24-year period nationwide.  Walgreens objects to this Request because it seeks information that is duplicative of discovery taken in Track One as therefore in violation of the Track 3 CMO.  To the extent this Request extends beyond discovery taken in Track One, Walgreens objects that responding to this Request would require a burdensome re-review of securely stored, hard copy documents that may not be accessible to counsel during the pendency of the Covid-19 pandemic, and is unrelated to the allegations in Plaintiffs' Complaints.  Subject to and without waiving its Objections, Walgreens responds that it has produced board and audit committee meeting minutes concerning distribution, diversion, or DEA actions relating to dispensing of Opioids for the timeframe going back to January 1, 2006.

2.      *Request as served on June 11 (emphasis added)*: Produce all Documents concerning the risk of misuse, abuse, addiction, overdose, diversion, or death associated with the use of any Opioid which You distributed to and/or sold and/or dispensed **in Ohio**.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. **nationwide**).

**RESPONSE**: In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for information pertaining to FDA decisions concerning the classification and labeling of medications from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions for an unspecified timeframe.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Subject to and without waiving these objections, Walgreens will conduct a reasonable search for nonprivileged documents responsive to this Request that exist in the ordinary course of business relating to its evaluation of orders of Opioids from Walgreens pharmacies in Lake

and Trumbull Counties and Walgreens pharmacists' exercise of their corresponding responsibility regarding dispensing of Opioids in Lake and Trumbull Counties.

3.      *Request as served on June 11 (emphasis added):* Produce all Documents and Communications concerning the Opioid epidemic or crisis, including, but not limited to, the Opioid epidemic or crisis **in Ohio**. To the extent not previously produced in Track 1, produce documents sufficient to show the relationship between each of Your Corporate entities and the roles they play in all matters related to the dispensing and distribution of Opioids. *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. **nationwide**).

**RESPONSE**:  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for nationwide information for an unspecified timeframe.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Subject to and without waiving these objections, Walgreens directs Plaintiffs to its Second Amended Responses to Track One Plaintiffs' First Set of Interrogatories No. 16 and further responds that it will conduct a reasonable search for nonprivileged documents responsive to this Request that exist in the ordinary course of business relating to its evaluation of orders of Opioids from Walgreens pharmacies in Lake and Trumbull Counties and Walgreens pharmacists' exercise of their corresponding responsibility regarding dispensing of Opioids in Lake and Trumbull Counties.

## DISTRIBUTION ISSUES

4.      *Request as served on June 11 (emphasis added):* Please produce all transactional data related to the distribution of prescription Opioids **in Track 3** from January 1, 1996, to the present.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**).  *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to

this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for data from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions for a 24-year timeframe which conflicts with the Court's discovery orders.  Walgreens objects to this Request because it calls for information which is already in Plaintiffs' possession from the DEA ARCOS database.  Walgreens objects that the term "transactional data" is vague and ambiguous and is used different ways throughout Plaintiffs' requests.  Walgreens objects to this Request because Walgreens did not distribute Opioids into Lake or Trumbull Counties after 2014, and only ever distributed to its own pharmacies.  Subject to and without waiving these objections, Walgreens will produce a report reflecting Walgreens' self-distribution data of Opioids to Walgreens pharmacies in Ohio, to the extent that data is maintained in the ordinary course of business.

5.     *Request as served on June 11 (emphasis added):* Please produce the Due Diligence files for each of your Pharmacies **in Track 3**. Please identify the Bates range which corresponds to each Due Diligence file to enable the correlation between each Due Diligence file to each of your customers.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**).  *Request as amended by Mr. Weinberger's email and oral communications on July 8:* **nationwide**.  *Order of Special Master Cohen on July 9:* Lake and Trumbull Counties.

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case.  Walgreens further objects that Mr. Weinberger further re-wrote this request on July 8, in contravention of both the as-served discovery requests and his handwritten marginalia, by purporting to identify a new definition of "Suspicious Order Reports" that includes due diligence related to orders and requesting that such information be produced "nationwide."

Walgreens objects that expanding this request beyond the Track 3 jurisdictions would violate Special Master Cohen's July 8 ruling on this request, and would be overly broad, unduly burdensome, and not proportional to the needs of the case, particularly given the vague, ambiguous, and irrelevant categories of information described.  It would increase the number of Walgreens stores covered by the request from the 13 stores in Lake and Trumbull Counties to 248 stores statewide.  Doing so nationwide would increase the number of Walgreens stored covered by the request to over 9,000 stores nationwide.

Walgreens also objects that the term "due diligence files" is vague and ambiguous and is used different ways in different communications from Plaintiffs.  Walgreens objects to this Request to the extent it requires Walgreens to identify bates numbers, which is unduly burdensome and not proportional to the needs of the case given the ambiguity of "due diligence file."   Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Walgreens objects to this Request because Walgreens did not distribute Opioids into Lake or Trumbull Counties after 2014, and only ever distributed to its own pharmacies.  Subject to and without waiving these objections, and pursuant to the Order of Special Master Cohen, Walgreens will conduct a reasonable search for nonprivileged documents responsive to this Request that exist in the ordinary course of business relating to its evaluation of orders of Opioids from Walgreens pharmacies in Lake and Trumbull Counties.

6.      *Request as served on June 11 (emphasis added):* Please produce all Documents related to internal investigations, audits or reviews referencing, or related to, the distribution of Opioids **in Track 3**.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**).  *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to

this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for information from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions for an unspecified timeframe.  Walgreens objects to this Request as vague and ambiguous as to "investigations" or "reviews."  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Walgreens objects to this Request because Walgreens did not distribute Opioids into Lake or Trumbull Counties after 2014, and only ever distributed to its own pharmacies.  Subject to and without waiving these objections, Walgreens directs Plaintiffs to its Amended Responses to Track One Plaintiffs' First Set of Requests for Production No. 25 and further responds that to the extent that Walgreens will produce any additional nonprivileged documents responsive to this Request that exist in the ordinary course of business following a reasonable search relating to its evaluation of orders of Opioids from Walgreens pharmacies in Ohio.

7.  *Request as served on June 11:* Please produce all presentations, including PowerPoints or slide decks, referencing the distribution of prescription Opioids in Ohio.  *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for information from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions for an unspecified timeframe.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Walgreens objects to this Request because Walgreens did not distribute Opioids into Lake or Trumbull Counties after 2014, and only ever distributed to its own pharmacies.  Subject to and without waiving these objections, and pursuant to the Order of

Special Master Cohen, Walgreens will conduct a reasonable search for nonprivileged documents responsive to this Request that exist in the ordinary course of business referencing the distribution of prescription Opioids in Ohio.

8.    *Request as served on June 11:* Produce Documents sufficient to identify those distributions centers or facilities You owned or operated that delivered Opioids to Lake and Trumbull Counties from 1996 through the present, including, and for each, identify the Ohio Board of Pharmacy registration number, DEA license, and any other licenses or permits required to operate in the state where the facility is located and to distribute Opioids in Ohio.  Please include every application pertaining to controlled substances that You submitted to a regulatory agency in order to obtain the requisite license or permit to distribute Opioids to Ohio.  *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for information regarding drugs other than Opioids.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional, in that it seeks data covering a 24-year period from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO. Walgreens objects to this Request as duplicative of Plaintiffs' other discovery requests. Walgreens objects to this Request because Walgreens did not distribute Opioids into Lake or Trumbull Counties after 2014, and only ever distributed to its own pharmacies.  Subject to and without waiving its Objections, Walgreens directs Plaintiffs to its responses to Interrogatory No. 1 and Request for Production No. 4, as well as its Amended Responses to Track One Plaintiffs' First Set of Requests for Production No. 15.

9.    *Request as served on June 11 (emphasis added):* Produce all organizational charts for all employees with relevant knowledge of the claims asserted in Plaintiffs' complaints or Your defenses. Please include work charts for all of Your employees participating in Your Suspicious Order Monitoring System and Your Due Diligence review of Opioid orders from

pharmacies located in **Lake and Trumbull Counties** throughout the Relevant Time Period. In addition, please provide work charts for Your professional practice employees for pharmacists and any other groups responsible for pharmacies in **Lake and Trumbull Counties** including regional pharmacy managers, district leaders, and pharmacy employees. *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. **nationwide**).

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of this case including through its request for nationwide information for an unspecified timeframe.  Walgreens objects to this Request as vague and ambiguous as to, without limitation, "work charts."  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Subject to and without waiving its Objections, Walgreens directs Plaintiffs to its Second Amended Responses to Track One Plaintiffs' First Set of Interrogatories Nos. 5 and 17, to its correspondence of June 26, 2016 identifying pharmacists, pharmacy mangers, and District Managers covering Lake and Trumbull Counties, to its correspondence of September 7, 2018 identifying Ohio field leadership, to its May 19, 2020 identification of persons with knowledge, and to its MDL production, including organizational charts and other identification of employees provided throughout Track One.

## DISPENSING ISSUES

10.     *Request as served on June 11:* Please produce all data related to the dispensing of Opioids and "cocktail drugs" regarding prescriptions or scripts submitted to or filled by You in any and all pharmacies in Ohio from January 1, 2006, to the present. For each prescription, produce the data fields contained in "Exhibit A – List of Data Fields the Pharmacy Defendants Must Produce" to MDL 2804 Document 3106, Special Master Cohen's "Discovery Ruling Regarding Pharmacy Data Production" dated January 27, 2020 (the "Dispensing Data Order").[1] For purposes of this request, the term "cocktail drugs" shall mean the list of drugs contained in "Exhibit B – List of Drugs Plaintiffs want for a 'Red Flag' analysis" attached to the Dispensing Data Order. Consistent with the Dispensing Data Order, "[e]ach Defendant may choose to simply produce all of its data for benzodiazepine and muscle relaxer prescriptions, without limitation; or instead produce only data for such prescriptions where it dispensed a benzodiazepine or muscle relaxer to a patient and also dispensed an Opioid to the same patient within 14 days (before or after)." See Dispensing Data Order DE 3106 at 6. *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. Ohio). *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses. Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for voluminous data covering almost a 14-year period from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions. Walgreens objects to this Request as vague and ambiguous as to, without limitation, "cocktail drugs" which do not have a clear definition. Walgreens objects to this Request to the extent that it requests information that either is not maintained in the ordinary course of business, or that Walgreens is not authorized to disclose, including patient-identifying information. Subject to and without waiving its Objections, Walgreens responds that it has produced the data sought in this Request.

11.     *Request as served on June 11:* Please produce all data, information, policies, procedures, training materials, and reports available to You, reviewed by You, or created by You to determine, review, audit, or otherwise analyze dispensing and prescribing practices, potential diversion or compliance with statutory, regulatory, or other duties to prevent the diversion of

---

[1] To the extent that a Defendant refers to any other data field in its defense, all records in those data fields shall be produced throughout the relevant time period.

Opioids in the context of Your dispensing of controlled substances.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" data, information, policies, procedures, training materials, and reports for an unspecified timeframe, nationwide.  Walgreens objects to this Request as vague and ambiguous as to, without limitation, "data," "information," and "reports."  To the extent this Request asks for nationwide dispensing data, that is contrary to the orders of this Court and the Sixth Circuit.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Subject to and without waiving its Objections, Walgreens directs Plaintiffs to its MDL production and, in particular, Walgreens' Supplemental Response to Track One Plaintiffs' (First) Combined Discovery Request No. 2, Walgreens' Supplemental Response to Track One B Plaintiffs' (First) Combined Discovery Requests to Dispensers No. 4, as well as Walgreens' Response to Interrogatory No. 9 reflecting nationwide policies, procedures, and training materials.

12.    *Request as served on June 11:* Please produce all data, information, and reports You obtained or maintained, from internal or external sources, that You used during the relevant time period to track, record, review, audit, or otherwise analyze Your dispensing of prescription drugs.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" data, information, and reports for an unspecified timeframe, nationwide. Walgreens objects to this Request as vague and ambiguous

- 13 -

as to, without limitation, "data," "information," and "reports."  Walgreens objects to this Request

as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.

Walgreens objects to this Request to the extent it seeks documentation pertaining to Walgreens'

analysis of dispensing nationwide.  Subject to and without waiving its Objections, Walgreens

directs Plaintiffs to its MDL production and, in particular, Walgreens' Supplemental Response to

Track One Plaintiffs' (First) Combined Discovery Request No. 2, Walgreens' Supplemental

Response to Track One B Plaintiffs' (First) Combined Discovery Requests to Dispensers No. 4,

as well as Walgreens' Response to Interrogatory No. 9 reflecting nationwide policies,

procedures, and training materials.

13.     *Request as served on June 11 (emphasis added):* Please produce all Transactional data and reports for **each pharmacy** with sufficient detail to determine by year: (a) the actual number of controlled substances dispensed and the actual number of non-controlled substances dispensed; (b) the ratio of controlled substances dispensed to non-controlled substances dispensed; and (c) the ratio of payments for Opioids and "cocktail" prescriptions paid in cash to those paid by a third-party payer.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**).  *Order of Special Master Cohen on July 9:* Lake and Trumbull Counties.

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request

because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to

this Request because it is overbroad, unduly burdensome, and not proportional to the needs of

this case, including through its request for data for drugs other than Opioids for an unspecified

timeframe.  Walgreens objects that the term "transactional data" is vague and ambiguous and is

used different ways throughout Plaintiffs' requests.  Walgreens objects to this Request as vague

and ambiguous as to, without limitation, "cocktail" drugs.  Walgreens objects to this Request to

the extent it requests information that is not maintained in the ordinary course of business or that

Walgreens is not authorized to disclose.  Walgreens objects to this Request because it is not

relevant to the allegations in Plaintiffs' Complaints. Subject to and without waiving its

Objections, Walgreens responds that to the extent it is maintained in the ordinary course of business and can be located following a reasonable search, pursuant to the Order of Special Master Cohen, Walgreens will produce information reflecting the ratio of controls vs. non-controls, and the ratio of cash payments for controls, for Walgreens pharmacies in Lake and Trumbull Counties.

14.    *Request as served on June 11:* Produce all Documents containing information related to Communications between You and third-party Distributors related to Opioids including the following:

(a) All contracts and/or agreements and policies and practices between You and Cardinal, McKesson and/or any other outside vendors servicing Your pharmacies in Ohio relating to sales of Opioids, Opioid quotas or thresholds, due diligence investigations, reporting of suspicious orders and/or sales of Opioids to the DEA and/or other government authorities; and

(b) All documents concerning suspicious order monitoring programs, policies, procedures or systems to prevent the diversion of Opioids, the investigation, review and/or due diligence concerning any order of an Opioid or Opioid Product placed by You to an outside Distributor or to be shipped from an outside vendor directly to You **in Track 3.**

*Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. **nationwide**).

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" documents for an unspecified timeframe that are irrelevant to any claims or defenses in this litigation nationwide – where no distributors are named as Defendants.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Subject to and without waiving its Objections, Walgreens Subject to and without waiving these objections, Walgreens directs

- 15 -

Plaintiffs to its Amended Responses to Track One Plaintiffs' First Set of Requests for Production Nos. 1, 21, and 25.

15.     *Request as served on June 11:* Please produce all policies and procedures and training materials regarding the proper dispensing of controlled substances and the identification, reporting, and dispensing of Opioid prescriptions which were potentially suspicious or related to diversion and/or not issued for a legitimate medical purpose.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" policies, procedures and training materials for an unspecified timeframe, nationwide. Walgreens objects to this Request as vague and ambiguous as to, without limitation, "potentially suspicious," "related to diversion," and "not issued for a legitimate medical purpose."  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Walgreens objects to this Request as duplicative of Plaintiffs' other Requests.  Subject to and without waiving those objections, Walgreens directs Plaintiffs to its responses to Request Nos. 11 and 12.

16.     *Request as served on June 11 (emphasis added):* Please produce all records related to any prescriber that you refused to fill **in Track 3** and/or each prescription you determined was doubtful, questionable, of suspicious origin, potentially related to diversion, and/or not issued for a legitimate medical purpose **in Track 3**.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**).  *Order of Special Master Cohen on July 9:* Lake and Trumbull Counties.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including to the extent that it seeks decentralized sources that may not be accessible to counsel during the pendency of the Covid-19 pandemic.  Walgreens objects to this

Request as vague and ambiguous as to, without limitation, "doubtful, questionable, of suspicious origin, potentially related to diversion, and/or not issued for a legitimate medical purpose." Subject to and without waiving its Objections, Pursuant to the Order of Special Master Cohen, Walgreens will conduct a reasonable search for nonprivileged documents responsive to this Request that exist in the ordinary course of business relating to Walgreens pharmacists' exercise of their corresponding responsibility regarding dispensing of Opioids in Lake and Trumbull Counties.

17. *Request as served on June 11:* Please produce all documents in your possession, custody and/or control related to any physician engaged in diversion and or inappropriate prescribing of Opioids and "cocktail drugs" include in your response, but do not limit your response to, all documents related to the following prescribers:

- **Adolph Harper Jr.** (OH MD license #35.044503) formerly practicing medicine at 2569 Romig Rd, Akron, Summit County, OH.

- **Brian Heim** (OH MD license #35.071122) formerly practicing medicine at 3562 Ridge Park Drive Suite A, Akron, Summit County, OH.

- **Syed Jawed Akhtar-Zaidi** (OH MD license #35.068528) formerly practicing medicine at 34055 Solon Rd. 210, Solon, Cuyahoga County, OH.

- **Maged Fouad** (OH MD license #35.092644) formerly practicing medicine at 1934 Niles Cortland Rd. NE, STE B, Warren, Trumbull County, OH.

- **Jerome Yokiel** (OH MD license #35.059140) formerly practicing medicine at 3755 Orange Pl Ste 103, Beachwood, Cuyahoga County, OH.

- **Lorenzo Lalli** (OH MD license #35.055703) formerly practicing medicine at 18099 Lorain Ave Ste 312, Cleveland, Cuyahoga County, OH.

- **Frank Lazzerini** (OH MD license #35.092741) formerly practicing medicine at 7452 Fulton Dr. NW, Massillon, Stark County, OH.

- **Ronald Celeste** (OH MD license #35.066648) formerly practicing medicine at 29099 Health Campus Dr. 370, Westlake, Cuyahoga County, OH.

- **Christopher Stegawski** (OH MD license #35.044751) formerly practicing medicine at 4322 Airway Rd. Dayton, Montgomery County, OH.

- **Guang Yang** (OH MD license #35.088219) formerly practicing medicine at 2215 E Waterloo Rd. Ste 313, Akron, Summit County, OH.

- **James Bressi** (OH MD license #34.004592) formerly practicing medicine at 4302 Allen Rd. Suite 300, Stow, Summit County, OH.

- **Jerome Yokiel** (OH MD license #35.059140) formerly practicing medicine at 755 Orange PL Ste, 103, Beachwood, Ohio.

- **Reuben Gobezie** (OH MD license #35.088096) formerly practicing medicine at 9000 Mentor Ave 107, Mentor, Ohio.

- **James D'Ambrogio** (OH MD license #34.001861) formerly practicing medicine at 212 North Main St, Hubbard, Ohio.

- **Richard Hart** (OH MD license #35.056133) formerly practicing medicine at 213 Perkinswood NE, Warren, Ohio.

- **Frank Veres** (OH MD license #34.001609) formerly practicing medicine at 4861 Mahoning Ave NW, Warren, Ohio.

- **Genevieve Tryon** (OH RN license #APRN.CNP.03068) formerly practicing medicine at 1005 Oakwood Dr SE, Warren, Ohio.

- **Victor Georgescu** (PA MD license #MD417450) formerly practicing medicine at 2120 Likens Lane, Farrell, Pennsylvania.

- **Philip G Wagman** (PA MD license #MD045270E) formerly practicing medicine at 1712 Gretchen Road, New Castle, PA.

- **William Sonnenberg** (PA MD license #MD025681E) formerly practicing medicine at 119 E. Mechanic St, Titusville, PA.

- **Thomas Ranieri** (PA MD license #MD037844E) formerly practicing medicine at 3124 Wilmington Rd #305, New Castle, PA.

- **Thomas Wilkins** (PA Chiropractic license #AJ007143L) formerly practicing medicine at 2017 W State St, New Castle, PA.

- **Van Scott** (PA MD license #MD064157L) formerly practicing medicine at 214 Enclave Dr, New Castle, PA.

*Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. Ohio). *Order of Special Master Cohen on July 9:* Lake and Trumbull Counties.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses. Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" documents for an unspecified timeframe and to the extent it seeks decentralized sources that may not be accessible to counsel during the pendency of the Covid-19 pandemic. Walgreens objects to this Request as vague and ambiguous as to, without limitation, "cocktail drugs." Subject to and without waiving its Objections,

Pursuant to the Order of Special Master Cohen, Walgreens will conduct a reasonable search for nonprivileged documents responsive to this Request that exist in the ordinary course of business relating to Walgreens pharmacists' exercise of their corresponding responsibility regarding dispensing of Opioids in Lake and Trumbull Counties.

18.     *Request as served on June 11 (emphasis added)*: Please produce all documents related to any potential dispensing and/or prescribing and/or pharmacist misconduct you investigated or discovered **in Track 3** and the investigation and corrective action you undertook. *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**).  *Order of Special Master Cohen on July 9:* Lake and Trumbull Counties.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" documents for an unspecified timeframe.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Subject to and without waiving its Objections, Pursuant to the Order of Special Master Cohen, Walgreens will conduct a reasonable search for nonprivileged documents responsive to this Request that exist in the ordinary course of business relating to Walgreens pharmacists' exercise of their corresponding responsibility regarding dispensing of Opioids in Lake and Trumbull Counties.

19.     *Request as served on June 11 (emphasis added)*: Please produce all reports to the DEA and the Ohio Board of Pharmacy and any other government agency regarding pharmacies, employees, patients, prescribers, or others related to Opioid prescriptions that were potentially suspicious, related to diversion, and/or not issued for a legitimate medical purpose in **Track 3**. *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**).  *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the

needs of this case, including through its request for "all" reports for an unspecified timeframe from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions.  Walgreens objects to this Request as vague and ambiguous as to, without limitation, "potentially suspicious, related to diversion, and/or not issued for a legitimate medical purpose."  Walgreens objects to this Request to the extent the information is not maintained in the ordinary course of business and/or is equally accessible from third parties.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Subject to and without waiving its Objections, pursuant to the Order of Special Master Cohen, Walgreens will conduct a reasonable search for reports to the DEA or Ohio Board of Pharmacy that exist in the ordinary course of business regarding pharmacies, pharmacists, patients, or prescribers involved with the prescribing or dispensing of Prescription Opioids.

20.  *Request as served on June 11 (emphasis added):* Please produce all documents reflecting Due Diligence (such as site visits, pharmacy questionnaires, threshold reviews, or other reports or dashboards) related to potentially suspicious conduct related to the dispensing of Opioids **in Track 3**, whether or not reported, including lists of prescribers, patients, pharmacies, or other individuals or entities on "do not fill" or "do not ship" lists.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**).  *Order of Special Master Cohen on July 9:* Lake and Trumbull Counties.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" documents from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions for an unspecified timeframe. Walgreens objects to this Request as vague and ambiguous as to, without limitation, "potentially suspicious conduct."  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Subject to and without waiving its Objections, Pursuant to the Order of Special Master Cohen, Walgreens will conduct a reasonable search for

nonprivileged documents responsive to this Request that exist in the ordinary course of business relating to Walgreens pharmacists' exercise of their corresponding responsibility regarding dispensing of Opioids in Lake and Trumbull Counties.

21.   *Request as served on June 11:* Please produce all DEA Form 224 (New Pharmacy Registration), all DEA Form 224a ("Renewal of Pharmacy Registration"), all DEA Form 224b ("Affidavit for Renewal of Retail Chain Pharmacy Registration") and your DEA registration certificate for all pharmacies in Lake and Trumbull counties and all documents related thereto.

**RESPONSE:**  Walgreens objects to this Request as overbroad and unduly burdensome in that it seeks "all" forms for an unspecified timeframe and to the extent it requests information not maintained in the ordinary course of business.  Pursuant to the Order of Special Master Cohen, Walgreens will produce DEA 224 forms for Walgreens pharmacies in Lake and Trumbull Counties if any can be located after a reasonable search.

22.   *Request as served on June 11:* For each pharmacy you acquired in Track 3, produce all purchase agreements, evaluations of liabilities and evaluations related to that pharmacy's purchasing and dispensing of Opioids and any investigation into that pharmacy related to its handling of controlled substances.

**RESPONSE:**  Walgreens objects to this Request as overbroad and unduly burdensome in that it seeks "all" documents for an unspecified timeframe. Subject to and without waiving its Objections, Walgreens responds that Walgreens further responds that its records do not reflect any purchases or acquisitions of any pharmacies in Lake or Trumbull Counties.

23.   *Request as served on June 11:* Please produce all documents related to Your participation in pharmacy or prescription discount and/or savings cards or programs, including but not limited to certain Manufacturers' savings cards programs as well as Walgreens Prescription Saving Club Program, CVS Reduced RX, CVS ExtraCare Pharmacy & Health Rewards, Rite Aid Rx Savings Program as it concerns Opioid or Cocktail Drug prescriptions, and data created by or associated with such cards or programs.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the

needs of this case, including through its request for "all" documents nationwide for an unspecified timeframe.  Walgreens objects that this request seeks information that is not relevant to any claims or defenses, as no manufacturers of opioids are defendants in this litigation. Walgreens objects to this Request because it does not market opioids. Subject to and without waiving its Objections, Walgreens invites Plaintiffs to clarify why they believe the information sought in this Request is relevant to their allegations.

24.     *Request as served on June 11:* Please produce all Documents and Communications with Pharmacy Benefit Managers (PBM), as it pertains to Opioids, buprenorphine-naloxone, and naltrexone in Ohio, concerning: (a) the inappropriate dispensing and/or prescribing of Opioids; (b) restricted benefit coverage; (c) formulary drugs; (d) fraud, waste, and abuse investigations and audits; (e) policies and procedures for handling prescriptions not approved by a customer's PBM.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. Ohio).  *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" documents for an unspecified timeframe.  Walgreens objects to this Request as vague and ambiguous as to, without limitation, "all Documents and Communications."  Walgreens objects to this Request as calling for information that is not in Walgreens possession, custody, or control and/or that is equally as accessible from third parties.

25.     *Request as served on June 11:* Please produce all Documents and Communications reflecting any policies and procedures You may have in place to ensure that Opioids are not dispensed to: (a) patients receiving treatment for Opioid addiction; (b) patients with histories of substance use disorder or Opioid overdoses; and/or (c) concurrent prescriptions or other drugs indicative of substance use disorder, including Documents and Communications concerning the sufficiency and implementation of such policies and procedures and the findings of any reviews You conducted.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" documents, nationwide, for an unspecified timeframe. Walgreens objects to this Request as calling for information that is not in Walgreens' possession, custody, or control and/or that Walgreens is not authorized to disclose, including patient-protected health information.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO.  Walgreens objects to this Request as duplicative of Plaintiffs' other Requests.  Subject to and without waiving its Objections, Walgreens directs Plaintiffs to its responses to Requests Nos. 11 and 12.

26.     *Request as served on June 11:* Please produce all Documents concerning or reflecting complaints, litigation, settlements, payments, enforcement or disciplinary actions related to Your distribution centers distributing Opioids to Ohio and/or Your pharmacies dispensing Opioids in Lake and Trumbull counties. These records shall include, but shall not be limited, to any civil complaints filed against You by any entity or person related to the dispensing of Opioids in Ohio.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. Ohio).  *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for "all" documents from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions for an unspecified timeframe. Walgreens objects to this Request as unrelated to the allegations in Plaintiffs' Complaints, in particular as it relates to pharmacies outside of Lake and Trumbull Counties.  Walgreens objects to this Request as duplicative of discovery taken in Track One and as therefore in violation of the Track 3 CMO. Walgreens objects to this Request as duplicative of Plaintiffs' other Requests.  Subject to and

without waiving its Objections, Walgreens responds that it is not currently aware of any

administrative action taken by the DEA or the Ohio Board of Pharmacy relating to distribution to

or dispensing of Opioids from Walgreens pharmacies in Lake and Trumbull Counties, and

reserves the right to supplement this response as discovery continues.

### PHARMACY PERFORMANCE METRICS AND STAFFING

27. *Request as served on June 11 (emphasis added):* Please produce documents sufficient to detail and describe the systems and programs in place to track prescriptions filled at each of Your stores including the amount of time it takes to fill each prescription, the "promised time" given to each patient, whether a consultation with a patient was conducted, the length of that consultation, whether any criteria or "Red Flags" were identified related to diversion or a non-legitimate medical purpose for the medication, whether any investigation was performed on any Opioid prescriptions and the amount of time taken to perform that investigation.  Include all documents and reports related to these issues at Your **Track 3** pharmacies.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. **nationwide**).

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request

because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to

this Request because it is vague, overbroad, unduly burdensome, and not proportional to the

needs of this case, including through its request for documents on a series of topics that are

completely unrelated to the allegations in Plaintiffs' Complaints, for an unspecified timeframe

nationwide.  Walgreens objects to this Request as vague and ambiguous as to, without limitation,

"systems and programs" and "red flags."   Walgreens objects to this Request that, to the extent it

is duplicative of discovery taken in Track One, it is in violation of the Track 3 CMO.  Walgreens

objects to this Request as duplicative of Plaintiffs' other Requests.  Subject to and without

waiving its Objections, Walgreens directs Plaintiffs to  Walgreens' Supplemental Response to

Track One B Plaintiffs' (First) Combined Discovery Requests to Dispensers No. 4, as well as its

responses to Plaintiffs' Requests for Production Nos. 11 and 12 and Interrogatory No. 9 and

further responds that Walgreens will conduct a reasonable search for nonprivileged documents

that exist in the ordinary course of business relating to Walgreens pharmacists' exercise of their corresponding responsibility regarding dispensing of Opioids in Lake and Trumbull Counties.

28.     *Request as served on June 11 (emphasis added):* Please produce documents sufficient to detail and describe the systems and programs in place to monitor pharmacist performance including the accuracy in filling prescriptions, the speed in which prescriptions are filled, whether "promised time" goals were met, time calculations to review voicemails, administer flu shots, the number of patients signed up for automatic refills each month, bonus or performance review standards for pharmacists, as well as documents regarding any other duties or benchmarks pharmacists were required to perform in addition to filling prescriptions that would have been used to determine a determine a store's performance or a pharmacist's compensation.  Include all documents and reports related to these issues at Your **Track 3** pharmacies.  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. **nationwide**).

**RESPONSE:**  In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for documents on a series of topics that are completely unrelated to the allegations in Plaintiffs' Complaints for an unspecified timeframe nationwide.  Walgreens objects to this Request that, to the extent it is duplicative of discovery taken in Track One, it is in violation of the Track 3 CMO.  Subject to and without waiving its Objections, Walgreens directs Plaintiffs to  Walgreens' Supplemental Response to Track One B Plaintiffs' (First) Combined Discovery Requests to Dispensers No. 4, as well as its responses to Plaintiffs' Requests for Production Nos. 11 and 12 and Interrogatory No. 9 and further responds that Walgreens will conduct a reasonable search for nonprivileged documents that exist in the ordinary course of business relating to Walgreens pharmacists' exercise of their corresponding responsibility regarding dispensing of Opioids in Lake and Trumbull Counties.

29.     *Request as served on June 11 (emphasis added):* Please produce all Documents related to pharmacy staffing, dispensing incidents and errors, alert fatigue, and the issues described in December 15, 2016 Chicago Tribune article *Pharmacies Miss Half of Dangerous Drug Combinations* article, available at https://www.chicagotribune.com/investigations/ct-drug-interactions-pharmacy-met-20161214story.html and the January 13, 2020 New York Times

- 25 -

article, *How Chaos at Chain Pharmacies is Putting Patients at Risk* available at https://www.nytimes.com/2020/01/31/health/pharmacists_medication-errors.html. Please include all Documents related to these or other similar articles, any related audits or investigations and any refinements or enhancements to Your systems.   Include all documents, data and/or statements provided to or created by Tata Consulting Services and information described in the February 21, 2020 New York Times article *At Walgreens, Complaints of Medication Errors Go Missing*, available at https://www.nytimes.com/2020/02/21/health/pharmacies-prescription-errors.html?searchResultPosition=1.   In addition, please produce all Documents related to investigations brought by the Ohio Board of Pharmacy for improperly dispensing Opioid medications and any complaints submitted by patients concerning staffing, medication errors and improperly filling prescriptions at Your stores in **Track 3**.   *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. **nationwide**).

> **RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for a series of topics that are completely unrelated to the allegations in Plaintiffs' Complaints for an unspecified timeframe nationwide. Walgreens objects to this Request that, to the extent it is duplicative of discovery taken in Track One, it is in violation of the Track 3 CMO.  Walgreens objects that this Request seeks information more readily available from public sources.  Subject to and without waiving these objections, Walgreens has produced the reports at issue in the February 21, 2020 New York Times article at WAGNYNS00055618-WAGNYNS00056069 even though the Court in New York, where they were requested, twice stated that "the documents sought are insufficiently related to opioid prescriptions, never mind the Phase 1 liability trial for the public nuisance cause of action."

**OPIOID PRICING AGREEMENTS, THRESHOLDS AND QUOTAS**

30.      *Request as served on June 11 (emphasis added):* Please produce all Documents relating to any joint venture, partnership, equity agreement or other agreement with any other entity or party pertaining to the supply, sourcing and/or pricing of Opioids, in **Lake and Trumbull Counties**. This includes, but is not limited to, contracts and agreements establishing or amending the venture, partnership and/or agreement; strategic or business plans, forecasts and reports regarding sales, revenue, volume, data, or profits related to the joint venture, partnership, and/or agreement; and reports to Your Directors and Officers regarding the joint venture, partnership and/or agreement. Produce Documents or Communications sufficient to show the following on a monthly and yearly basis in Track 3: (a) costs incurred and projections for each Opioid Product You have dispensed; (b) cash flow for each Opioid Product You have dispensed; (c) profit for each Opioid Product You have dispensed; and (d) all rebates, discounts, guaranteed payments, or other benefits from manufacturers, distributors, or other entities, from the purchase and sales of Opioids. *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 2" (i.e. **Ohio**). *Order of Special Master Cohen on July 9:* Ohio.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for a series of topics that are completely unrelated to the allegations in Plaintiffs' Complaints from hundreds of Walgreens stores that are outside of the Track 3 jurisdictions for an unspecified timeframe.  Walgreens objects to this Request that, to the extent it is duplicative of discovery taken in Track One, it is in violation of the Track 3 CMO.  Walgreens objects to this Request to the extent it seeks documents that are not maintained in the ordinary course of business.  Walgreens objects to this Request to the extent it seeks documents available through other sources.  Subject to and without waiving its Objections, Walgreens directs Plaintiffs to its Amended Responses to Track One Plaintiffs' First Set of Requests for Production No. 1 and its Supplemental Responses to Track One Plaintiffs' (First) Combined Discovery Requests to Dispensers No. 11.

## OPIOID NOTICE AND PROMOTION

31.    *Request as served on June 11:* Please produce all Documents and communications or agreements from 1996 to the present with Opioid manufacturers and distributors related to the theft of Opioids, marketing, sale, promotion, adherence programs, dangers or medical efficacy of Opioids, training, or supply of Opioids with or without Cocktail Drugs, including without limitation Your utilization of continuing education or training programs provided or prepared by manufacturers, distributors, and/or trade organizations (e.g. National Association of Chain Pharmacies and Healthcare Distribution Alliance and Pain Care Forum), front groups (e.g. Partners Against Pain), key opinion leaders (e.g. Kenneth Jackson and Jennifer Bolen), or speaker bureaus[2].  *Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:**  In In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for a series of topics that are completely unrelated to the allegations in Plaintiffs' Complaints for an unspecified timeframe, nationwide. Walgreens objects to this Request that, to the extent it is duplicative of discovery taken in Track One, it is in violation of the Track 3 CMO.  Walgreens objects to this Request to the extent it seeks documents that are not maintained in the ordinary course of business or that are equally available from third parties and other sources.  Subject to and without waiving its Objections, Walgreens directs Plaintiffs to its Amended Responses to Track One Plaintiffs' First Set of Requests for Production Nos. 1 and 11.

32.    *Request as served on June 11:* Please produce all Documents from 1996 to the present related to any of the following entities including but not limited to documents demonstrating your support of, participation with or funding, payment, reimbursement, or the giving of anything of value to the following entities:

(a) American Academy of Pain Medicine;

(b) American Pain Society;

---

[2] See, The County of Lake Supplemental and Amended Allegations to be added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand, ¶¶ 121-127, 457-461, 471-476; The County of Trumbull Supplemental and Amended Allegations to be added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand, ¶¶ 120-126, 457-461, 471-476

(c) American Pain Foundation;

(d) American Geriatrics Society;

(e) American Chronic Pain Association;

(f) American Society of Pain Educators;

(g) The National Pain Foundation;

(h) Pain and Policy Studies Group;

(i) Federation of State Medical Boards;

(j) American Society of Pain Management Nursing;

(k) Academy of Integrative Pain Management;

(l) U.S. Pain Foundation;

(m) Cancer Action Network;

(n) Washington Legal Foundation;

(o) The Center for Practical Bioethics;

(p) The Joint Commission;

(q) Pain Care Forum;

(r) Conrad & Associates;

(s) Manufacturer Defendant(s); and

(t) Any other organization known to You to have published, issued, or developed guidelines concerning pain management or Opioid use.

*Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:** In In addition to its General Objections, Walgreens objects to this Request because it seeks information that is not relevant to any claims or defenses. Walgreens objects to this Request because it is vague, overbroad, unduly burdensome, and not proportional to the needs of this case, including through its request for a series of topics that are completely unrelated to the allegations in Plaintiffs' Complaints nationwide for a 24-year timeframe that conflicts with the Court's discovery rulings. Walgreens objects to this Request that, to the extent it is duplicative of discovery taken in Track One, it is in violation of the Track 3 CMO. Walgreens objects to this Request to the extent it seeks documents that are not maintained in the ordinary course of business or that are equally available from third parties or other sources.

Subject to and without waiving its Objections, Walgreens directs Plaintiffs to its Amended

Responses to Track One Plaintiffs' First Set of Requests for Production No. 11 and Second

Amended Responses to Plaintiffs' First Set of Interrogatories No. 14.

33.    *Request as served on June 11:* Please produce all Documents regarding Your agreements with, membership in, attendance, participation, or involvement in any meeting, council, committee, task force, or working group of any industry trade group or association about the manufacture, development, formulation, marketing, advertising, sale, dispensing, reimbursement, pricing, distribution, Quotas or diversion of Opioids or Opioid Products or laws, rules or regulations or proposed laws, rules or regulations applying to Opioids or Opioid Products, including but not limited to:

(a) Healthcare Distribution Management Association (HDMA);

(b) Healthcare Distribution Alliance (HDA);

(c) Pain Care Forum (PCF);

(d) National Association of Chain Drug Stores (NACDS); and

(e) Pharmaceutical Research and Manufacturers of America (PhRMA).

*Request as amended by Mr. Weinberger's handwritten marginalia on June 30:* "Category 1" (i.e. nationwide).

**RESPONSE:** In In addition to its General Objections, Walgreens objects to this Request

because it seeks information that is not relevant to any claims or defenses.  Walgreens objects to

this Request because it is vague, overbroad, unduly burdensome, and not proportional to the

needs of this case, including through its request for a series of topics that are completely

unrelated to the allegations in Plaintiffs' Complaints for an unspecified timeframe nationwide.

Walgreens objects to this Request that, to the extent it is duplicative of discovery taken in Track

One, it is in violation of the Track 3 CMO.  Walgreens objects to this Request to the extent it

seeks documents that are not maintained in the ordinary course of business or that are equally

available from third parties or other sources.  Subject to and without waiving its Objections,

Walgreens directs Plaintiffs to its Amended Responses to Track One Plaintiffs' First Set of

Requests for Production No. 11 and Second Amended Responses to Plaintiffs' First Set of

Interrogatories No. 14.

Dated: July 13, 2020           Respectfully submitted,

By: /s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
Sharon Desh
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com


Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*

### CERTIFICATE OF SERVICE

I hereby certify that, this 13th day of July 2020, I served a copy of the foregoing via email to the following:

mdl2804discovery@motleyrice.com

EXT_Track1BDefendants@jonesday.com

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.,*
*Walgreen Co., and Walgreen Eastern Co.*