UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL NO. 2804 |
| THIS DOCUMENT RELATES TO "*Track Three Cases*" | ) ) ) | CASE NO. 1:17-MD-2804  Judge Dan Aaron Polster |

### WALGREENS' REPLY SUPPORTING ITS OBJECTION TO THE SECOND ORDER REGARDING GEOGRAPHIC SCOPE OF DISCOVERY

Plaintiffs' response to Walgreens' objection to the court's order on the geographic scope of due diligence discovery misrepresents the factual record and entirely misses the point. Walgreens has ***always*** performed due diligence on orders for controlled substances. That due diligence has ***not***, however, always been associated with the suspicious order reports that Plaintiffs acknowledge Walgreens reported to DEA. Combing through decentralized files for the entire state of Ohio to find and produce diligence files associated with potentially suspicious orders dating back more than a decade, in a case involving just two Ohio counties, presents an undue burden.

Plaintiffs assert—without any record support—that Walgreens performed no due diligence on the suspicious orders that plaintiffs acknowledge Walgreens reported to DEA over the years. That is false. Walgreens documents and witness testimony clearly demonstrate that it performed due diligence on orders in a variety of ways during the timeframe when it distributed controlled substances, to ensure that Walgreens did not ship any orders that were likely to be diverted. *See, e.g.*, Ex. A, WAGFLDEA00000459 (pharmacy manager explaining to supervisor that Walgreens distribution center had called to investigate orders of oxycodone 30 mg and listing other diligence performed); Ex. B, WAGMDL00107532 (email re: Controlled Substance

Order Quantity Override Form providing reason and explanation for store's requested increased quantity of controlled substance); Ex. C, WAGMDL00400358 (excerpt from report showing diligence on orders that sought to exceed a store's "ceiling limit); Ex. D, Bish Tr. 487:7-20 (distribution center manager testifying that she took steps to ensure unusually large orders were not shipped); Ex. E, Polster Tr. 331:12-21 (corporate manager explaining that her team reviewed flagged orders and performed due diligence "before shipping or reporting to the DEA").

Plaintiffs focus exclusively on the fact that Walgreens' due diligence was not always associated with the suspicious order reports Walgreens sent to DEA. But that is exactly the point. Because the diligence documents related to orders reported to DEA were not kept with the suspicious order reports themselves, searching for and producing those diligence documents on a statewide basis would be unduly burdensome. The fact that Walgreens did not keep its diligence documents in the same place it kept its suspicious order reports in no way suggests that Walgreens did not ***perform*** due diligence, as Plaintiffs baselessly assert.

The Second Order regarding Geographic Scope should be amended to state that "Defendants must produce for all of Ohio due diligence documents connected to SORs they sent to the DEA ***if*** due diligence documents for these SORs are kept together with documents chronicling the SORs themselves."

Dated: August 21, 2020

Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: matthew.brewer@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 21st day of August 2020, I served a copy of the foregoing with via email to the following counsel of record:

mdl2804discovery@motleyrice.com

EXT_Track1BDefendants@jonesday.com

                                                 */s/ Kaspar Stoffelmayr*
                                                 Kaspar Stoffelmayr

                                                 *Attorney for Walgreen Co., and Walgreen Eastern Co., Inc.*