# EXHIBIT D

Highly Confidential - Subject to Further Confidentiality Review

```
                    UNITED STATES DISTRICT COURT

                     NORTHERN DISTRICT OF OHIO

                         EASTERN DIVISION


    ------------------------------) MDL No. 2804

    IN RE:  NATIONAL PRESCRIPTION )

    OPIATE LITIGATION             )

    ----------------------------  ) Case No. 17-md-2804

    THIS DOCUMENT RELATES TO:     )

    ALL CASES                     )

    ------------------------------) Hon. Dan A. Polster



                        HIGHLY CONFIDENTIAL

             SUBJECT TO FURTHER CONFIDENTIALITY REVIEW



                      VIDEOTAPED DEPOSITION OF

                            DEBORAH BISH


                          February 1, 2019


                            Toledo, Ohio
```

 1        MR. GADDY:  Objection to form.

 2   BY THE WITNESS:

 3        A.   Not if they had the large quantities in

 4   there that alerted us, they would have always been

 5   checked.

 6   BY MS. SWIFT:

 7        Q.   Do you have any personal knowledge of

 8   Walgreens ever shipping controlled substances into any

 9   illegitimate channels?

10        MR. GADDY:  Objection to form.

11   BY THE WITNESS:

12        A.   No.

13   BY MS. SWIFT:

14        Q.   Do you have any personal knowledge of

15   Walgreens ever shipping controlled substances to a

16   Walgreens store that then diverted those controlled

17   substances into an illegitimate channel?

18        A.   No.

19        Q.   Did you personally take steps in your job

20   to make sure that Walgreens did not ship unusually

21   large quantities of controlled substances to Walgreens

22   stores?

23        MR. GADDY:  Objection to form, leading.

24   BY THE WITNESS:

1    A.    In addition to calling the store or you

2  are saying -- is that the point you are try -- asking?

3  BY MS. SWIFT:

4    Q.    Let me see if I can ask it in a more

5  open-ended way.

6    A.    Sorry.

7    Q.    We've talked about a number of steps in

8  the ordering process where unusually large orders may

9  have been brought to your attention.

10   A.    Right.

11   Q.    In that process did you take steps to make

12  sure that Walgreens wasn't shipping unusually large

13  quantities of controlled substances to the stores?

14   MR. GADDY:  Objection to -- objection to form,

15  leading.

16  BY THE WITNESS:

17   A.    Yes, I would call the store and usually

18  mark the order down because they didn't really want

19  what they ordered, if it was an unusually large

20  amount.

21  BY MS. SWIFT:

22   Q.    If you would, please, pull out of your

23  stack of exhibits Exhibit 14.

24   A.    Okay.

Highly Confidential - Subject to Further Confidentiality Review

```
1       Q.    Exhibit 14 is the memorandum from
2  Mr. Todd -- I'm sorry -- it is from Justin Joseph to
3  Todd Polarolo dated May 27th, 2006, with the "re"
4  line:  "DEA audit preliminary response March 6th,
5  2006."
6             Correct?
7       A.    Yes.
8       Q.    Do you remember getting questions about
9  this memorandum earlier today?
10      A.    Yes.
11      Q.    I believe you testified you had never seen
12 it before, correct?
13      A.    Correct.
14      Q.    Okay.  I just have a couple of questions
15 about it.
16            Just to refresh your memory a little bit,
17 counsel asked you questions about the third paragraph
18 in the memo regarding the regulation with
19 No. 1301.74(b).
20            Do you see that?
21      A.    Yes.
22      Q.    Do you remember those questions?
23      A.    I don't remember the questions, no.
24      Q.    Do you remember the questions about the
```