# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) **MDL 2804** |
| THIS DOCUMENT RELATES TO: | ) **Case No. 1:17-md-2804** ) ) **Judge Dan Aaron Polster** |
| *Track Three Cases* | ) ) **ORDER** ) |

Before the Court is Walgreens' Partial Objection to the Second Order Regarding Geographic Scope of Discovery. Doc. #: 3410. Plaintiffs filed a response to Walgreens' objection, (Doc. #: 3433) and Walgreens filed a reply (Doc. #: 3435).

In the Second Order Regarding Geographic Scope of Discovery ("Order") the Special Master rejected Plaintiffs' request that Defendants be required to produce due diligence documents for the entire State of Ohio, accepting Defendants' assertions that such a scope would be unduly burdensome. Doc. #: 3410 at 3. Thus, the Order limits the required scope for these documents to the Track Three jurisdictions, with two exceptions, one of which is relevant to Walgreens' objection here. This exception requires Defendants to produce for all of Ohio due diligence documents connected to Suspicious Order Reports ("SORs") they sent to the DEA. *Id.* at 4. In creating this exception, the Special Master noted, "Defendants have indicated that due diligence documents for these SORs are usually kept together with documents chronicling the SORs,

themselves; accordingly, the additional burden of locating and producing due diligence documents related to those SORs is relatively small." *Id.*

Walgreens objects to the limited broadening of the geographic scope, asserting the burden assessment does not apply to it because it does not maintain its due diligence documents for the SORs together with documents chronicling the SORs themselves. Doc. #: 3430 at 2. Walgreens asks the Court to amend the Order to state that "Defendants must produce for all of Ohio due diligence documents connected to SORs they sent to the DEA *if* due diligence documents for these SORs are kept together with documents chronicling the SORs themselves." *Id.*

The essence of Walgreens' objection is that it keeps at least some due diligence documents in decentralized files and thus the burden of locating and producing them is not "relatively small," as the Order contemplates. The Court agrees with Walgreens that the Order recognizes that the burden on Defendants depends on how they maintain their documents. However, the fact that Walgreens does not maintain its due diligence documents together with documents chronicling the SORs themselves does not automatically raise the burden beyond that which is proportional to the needs of the case. If a Defendant maintains due diligence documents separately from the SORs documents but in a centralized location, the burden of locating and producing them remains relatively small.

Accordingly, the Court **sustains in part** Walgreens' objection and amends the Order (Doc. #: 3410 at 4) to state: "Defendants must produce for all of Ohio due diligence documents connected to SORs they sent to the DEA *if* (1) due diligence documents for these SORs are kept together with documents chronicling the SORs themselves, or (2) due diligence documents for these SORs are kept in a centralized location."  Further, to the extent a Defendant does not produce Ohio due

diligence documents connected to SORs it sent to the DEA because those documents do not fit in either of the two categories above, the Defendant must so state, and must preserve those documents.

**IT IS SO ORDERED.**

**/s/ Dan Aaron Polster  August 24, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**