# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*All Cases* | MDL NO. 2804<br><br>Civ. No. 1:17-md-02804-DAP<br><br>HON. JUDGE DAN A. POLSTER |

## NOTICE OF COMPLIANCE WITH COURT ORDER

Defendant AmerisourceBergen Drug Corporation ("ABDC"), by its undersigned counsel, hereby provides notice of its compliance with the directives set forth in the Court's July 20, 2020 Order (Dkt. no. 3385), as more fully set forth below.

1. Through its Order of July 20, 2020 (the "Order"), the Court directed ABDC to perform two tasks with respect to its production of documents and privilege log:

> No later than **August 21, 2020**, ABDC shall re-examine the documents it continues to withhold as privileged and determine whether it should remove or reduce its privilege claim for any documents. In conducting this review, ABDC should consider the representations it has made to this Court and the Plaintiffs regarding its approach to privilege review, as well as prior rulings in the MDL regarding privilege, *e.g.*, doc. ##: 2282, 1666, 1359. ABDC shall produce any dedesignated or redacted documents and provide Plaintiffs with an updated privilege log.
>
> . . .
>
> The Court further directs ABDC to undertake a review of custodial files of all witnesses previously deposed in the MDL to ensure all erroneous omissions have been corrected and all responsive, relevant, and non-privileged documents have been produced.

Order at 2 and n.2.

    2.     ABDC has satisfied both of these directives and, as of August 21, 2020, produced the following to Plaintiffs:

    a. Additional non-privileged documents from the custodial files of the 16 ABDC witnesses deposed during Track 1 that are potentially responsive to Plaintiffs' discovery requests in Track 1 *or* that fall within the broader parameters for responsiveness that ABDC is applying in conducting its ongoing Global State document review for opioid-related litigation pending in other federal and state courts;

    b. Non-privileged documents related to those same 16 ABDC witnesses that come from an additional set of documents identified by ABDC and that are potentially responsive to Plaintiffs' discovery requests in Track 1 *or* that fall within the broader parameters for responsiveness that ABDC is applying in conducting its ongoing Global State document review for opioid-related litigation pending in other federal and state courts;

    c. Documents for which ABDC has either withdrawn its prior privilege designation or limited its prior redactions for privilege; and

    d. An updated version of ABDC's MDL privilege log which reflects (i) the removal of certain entries from the log as a result of ABDC's withdrawal of its privilege claim regarding documents associated with those entries, and (ii) the downgrading of ABDC's privilege claims as to certain documents reflecting either documents previously withheld in full now being produced with redactions or documents previously redacted being produced with more limited redactions.

**Documents Produced By ABDC:**

3.      Further to the directive set forth by the Court in footnote 2 of the Order, ABDC conducted an additional review of documents from the custodial files of the 16 ABDC witnesses deposed in Track 1[1] to confirm that all non-privileged documents responsive to the discovery requests in Track 1 have been produced.

4.      As part of its review process, ABDC did not limit its determination of responsiveness solely to those documents responsive to the Track 1 discovery requests. Instead, ABDC also considered whether the documents being reviewed are responsive to the broader parameters ABDC is applying in the "Global State" document review that it is conducting for purposes of opioid-related litigation pending across the country.[2] Because of the breadth of responsiveness under ABDC's Global State document review – including the absence of any geographic limitations – all documents responsive in Track 1 fall within the parameters for responsiveness in ABDC's Global State review. By applying these broader parameters for responsiveness, ABDC sought to avoid any potential disagreement as to whether a document was or was not responsive in Track 1, including whether a document falls within Category One or Category Two as described in Special Master Cohen's Discovery Ruling Nos. 2 and 3. As a result, ABDC's supplemental production of documents is *over-inclusive* and goes beyond that directed by the Court.

---

[1]   These custodians are Chris Zimmerman, David May, Steve Mays, Edward Hazewski, Bruce Gundy, Eric Cherveny, Kevin Kreutzer, Sharon Hartman, Nikki Seckinger, Elizabeth Garcia, Marcelino Guerreiro, Joseph Tomkiewicz, Rita Norton, Celia Weber, Gabriel Weissman, and Nathan Elkins.

[2]   The search terms used by ABDC for its Global State review are based on the search terms ABDC used in Track 1 of the MDL, but include additional search terms and remove the geographic limitations present in the Track 1 search terms. As a result, ABDC's Global State search terms are materially broader than the Track 1 search terms and the parameters for responsiveness in its Global State document review are likewise broader. This was discussed in greater detail in ABDC's Opposition to Plaintiffs' Motion for Sanctions. *See* ECF No. 3322 at 8-9.

5. The documents produced by ABDC in response to the Court's directive to review the custodial files of the 16 individuals can be found within production volumes ABDCMDL_VOL291, ABDCMDL_VOL292, ABDCMDL_VOL293, ABDCMDL_VOL296 and ABDCMDL_VOL298.[3]

6. In addition to the foregoing, ABDC also produced certain documents for which it either: (a) has withdrawn its assertion of privilege, (b) is producing redacted versions of documents previously withheld as privileged, or (c) is producing previously redacted versions of documents with more limited redactions. These documents were produced in compliance with the Court's Order, directing ABDC to "re-examine the documents it continues to withhold as privileged and determine whether it should remove or reduce its privilege claim for any documents." Order at 2. The documents produced by ABDC in response to the Court's directive to re-examine the documents on its MDL privilege log are in production volumes ABDCMDL_VOL294, ABDCMDL_VOL295, ABDCMDLOVERLAY_VOL025, ABDCMDLOVERLAY_VOL026, ABDCMDLOVERLAY_VOL027, ABDCMDLOVERLAY_VOL031, ABDCMDLOVERLAY_VOL045, ABDCMDLOVERLAY_VOL132, ABDCMDL_VOLOVERLAY133, and ABDCMDLOVERLAY_VOL183.

7. ABDC's production also includes material from a distinct set of documents collected prior to the commencement of the cases pending in the MDL (the "Pre-MDL Collection"). Early in the MDL, ABDC's ESI vendor represented that the Pre-MDL Collection was entirely duplicative of the custodial files that were being collected in order to respond to

---

[3] For custodians Tomkiewicz, Norton, Weber, Weisman and Elkins, these documents are part of the custodial productions for these individuals made pursuant to ABDC's Global State document review, which was taking place concurrent with ABDC's response to the Court's Order.

discovery in the MDL.[4]  As a result, the Pre-MDL Collection was not included in ABDC's document review or production during Track 1.  In connection with its investigation of the documents that form the basis for Plaintiffs' Motion for Sanctions, ABDC discovered that the prior representation by its ESI vendor was inaccurate:  while the Pre-MDL Collection includes a substantial number of duplicates, it also contains unique documents not otherwise available in the custodial files collected for purposes of responding to discovery in the MDL.  Consistent with the spirit of the Court's directive that ABDC review the custodial files of the 16 witnesses, ABDC included the Pre-MDL Collection in its review and production of documents in response to the Court's Order.[5]  These documents are found within production volume ABDCMDL_VOL297.

**ABDC's Re-Examination of Its Privilege Log:**

8.  The Court further directed ABDC to "re-examine the documents it continues to withhold as privileged and determine whether it should remove or reduce its privilege claim for any documents."  Order at 2.

9.  As described in ABDC's briefing in opposition to Plaintiffs' Motion for Sanctions, pursuant to an agreement with Plaintiffs, ABDC undertook such an effort earlier this year, identifying categories of documents for which ABDC's claim of privilege had been further informed by rulings of the Court and of the Special Master during Track 1.  Further to that effort, on April 30, 2020, ABDC identified 1,477 log entries that it was removing from its privilege log

---

[4]  The Pre-MDL Collection does not contain metadata that identifies the custodians from whose files the documents were originally collected, making it more difficult to determine whether a document is a duplicate.

[5]  Because the Pre-MDL Collection does not include information regarding the original custodians of the documents contained therein, ABDC identified from within that collection all documents in which any of the 16 custodians described above is identified in the "to," "from," "cc," or "bcc" lines.

and an additional 559 entries for which ABDC maintained a claim of privilege, but produced redacted versions of the previously withheld documents. These documents were produced by ABDC on May 12, 2020, in production volume ABDCMDL_VOL253.

10. In addition to the work performed earlier this year, ABDC conducted a further review of its privilege log entries in response to the Order to ensure that all of the entries in ABDC's privilege log have been subject to re-examination. As a result of that process, ABDC withdrew its privilege claim for an additional 220 documents. In addition, 29 documents previously withheld in full were produced with redactions, and 11 documents previously redacted were produced with more limited redactions. As described above, these documents are in production volumes ABDCMDL_VOL294, ABDCMDL_VOL295, ABDCMDLOVERLAY_VOL025, ABDCMDLOVERLAY_VOL026, ABDCMDLOVERLAY_VOL027, ABDCMDLOVERLAY_VOL031, ABDCMDLOVERLAY_VOL045, ABDCMDLOVERLAY_VOL132, ABDCMDL_VOLOVERLAY133, and ABDCMDLOVERLAY_VOL183.

11. ABDC further revised its privilege log to identify previously logged documents that were subsequently produced, as well as documents previously logged where an exact duplicate was produced. In each situation, ABDC's log now identifies the Bates number for the produced document.

12. A revised privilege log, reflecting the changes described in the foregoing paragraphs, was served upon Plaintiffs on August 21, 2020.

Wherefore, as a result of the actions described above, ABDC has satisfied the directives set forth in the Court's July 20, 2020 Order, and provides Notice to the Court of its compliance with that Order.

- 7 -

Dated:  August 24, 2020                Respectfully submitted,

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 24, 2020, AmerisourceBergen Drug Corporation's Notice of Compliance with Court Order was served on all counsel of record via the CM/ECF system.

<u>/s/ Robert A. Nicholas</u>

Robert A. Nicholas