# EXHIBIT A

*Excerpts of Relevant Regulations*

## Part 1304. Records and Reports of Registrants.

**21 C.F.R. § 1304.04 Maintenance of records and inventories.**

. . .

(h) Each registered pharmacy shall maintain the inventories and records of controlled substances as follows:

(1) Inventories and records of all controlled substances listed in Schedule I and II shall be maintained separately from all other records of the pharmacy.

(2) Paper prescriptions for Schedule II controlled substances shall be maintained at the registered location in a separate prescription file.

(3) Inventories and records of Schedules III, IV, and V controlled substances shall be maintained either separately from all other records of the pharmacy or in such form that the information required is readily retrievable from ordinary business records of the pharmacy.

(4) Paper prescriptions for Schedules III, IV, and V controlled substances shall be maintained at the registered location either in a separate prescription file for Schedules III, IV, and V controlled substances only or in such form that they are readily retrievable from the other prescription records of the pharmacy. Prescriptions will be deemed readily retrievable if, at the time they are initially filed, the face of the prescription is stamped in red ink in the lower right corner with the letter "C" no less than 1 inch high and filed either in the prescription file for controlled substances listed in Schedules I and II or in the usual consecutively numbered prescription file for noncontrolled substances. However, if a pharmacy employs a computer application for prescriptions that permits identification by prescription number and retrieval of original documents by prescriber name, patient's name, drug dispensed, and date filled, then the requirement to mark the hard copy prescription with a red "C" is waived.

(5) Records of electronic prescriptions for controlled substances shall be maintained in an application that meets the requirements of part 1311 of this chapter. The computers on which the records are maintained may be located at another location, but the records must be readily retrievable at the registered location if requested by the Administration or other law enforcement agent. The electronic application must be capable of printing out or transferring the records in a format that is readily understandable to an Administration or other law enforcement agent at the registered location. Electronic copies of prescription records must be sortable by prescriber name, patient name, drug dispensed, and date filled.

**§ 1304.22 Records for manufacturers, distributors, dispensers, researchers, importers, exporters, registrants that reverse distribute, and collectors.**

1

. . .

(c) Records for dispensers and researchers. Each person registered or authorized to dispense or conduct research with controlled substances shall maintain records with the same information required of manufacturers pursuant to paragraph (a)(2)(i), (ii), (iv), (vii), and (ix) of this section. ==In addition, records shall be maintained of the number of units or volume of such finished form dispensed, including the name and address of the person to whom it was dispensed, the date of dispensing, the number of units or volume dispensed, and the written or typewritten name or initials of the individual who dispensed or administered the substance on behalf of the dispenser.== In addition to the requirements of this paragraph, practitioners dispensing gamma-hydroxybutyric acid under a prescription must also comply with § 1304.26.

. . .

## Part 1301.71 *et seq.* Security Requirements [for Registrants].

**21 C.F.R. § 1301.71 Security requirements generally.**

(a) All applicants and registrants shall provide effective controls and procedures to guard against theft and diversion of controlled substances. ==In order to determine whether a registrant has provided effective controls against diversion, the Administrator shall use the security requirements set forth in §§ 1301.72–1301.76 as standards for the physical security controls and operating procedures necessary to prevent diversion.== Materials and construction which will provide a structural equivalent to the physical security controls set forth in §§ 1301.72, 1301.73 and 1301.75 may be used in lieu of the materials and construction described in those sections.

. . .

**§ 1301.72 Physical security controls for non-practitioners; narcotic treatment programs and compounders for narcotic treatment programs; storage areas.**

. . .

**§ 1301.73 Physical security controls for non-practitioners; compounders for narcotic treatment programs; manufacturing and compounding areas.**

. . .

**§ 1301.74 ==Other security controls for non-practitioners==; narcotic treatment programs and compounders for narcotic treatment programs.**

(a) Before distributing a controlled substance to any person who the registrant does not know to be registered to possess the controlled substance, the registrant shall make a good faith inquiry either with the Administration or with the appropriate State controlled substances registration agency, if any, to determine that the person is registered to possess the controlled substance.

(b) ==The registrant shall design and operate a system to disclose to the registrant suspicious orders of controlled substances.== The registrant shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant. Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.

. . .

**§ 1301.75 Physical security controls for practitioners.**

(a) Controlled substances listed in Schedule I shall be stored in a securely locked, substantially constructed cabinet.

(b) Controlled substances listed in Schedules II, III, IV, and V shall be stored in a securely locked, substantially constructed cabinet. However, pharmacies and institutional practitioners may disperse such substances throughout the stock of noncontrolled substances in such a manner as to obstruct the theft or diversion of the controlled substances.

(c) Sealed mail-back packages and inner liners collected in accordance with part 1317 of this chapter shall only be stored at the registered location in a securely locked, substantially constructed cabinet or a securely locked room with controlled access, except as authorized by § 1317.80(d).

(d) This section shall also apply to nonpractitioners authorized to conduct research or chemical analysis under another registration.

(e) Thiafentanil, carfentanil, etorphine hydrochloride and diprenorphine shall be stored in a safe or steel cabinet equivalent to a U.S. Government Class V security container.

**§ 1301.76 Other security controls for practitioners.**

(a) The registrant shall not employ, as an agent or employee who has access to controlled substances, any person who has been convicted of a felony offense relating to controlled substances or who, at any time, had an application for registration with the DEA denied, had a DEA registration revoked or has surrendered a DEA registration for cause. For purposes of this subsection, the term "for cause" means a surrender in lieu of, or as a consequence of, any federal or state administrative, civil or criminal action resulting from an investigation of the individual's handling of controlled substances.

(b) The registrant shall notify the Field Division Office of the Administration in his area, in writing, of the theft or significant loss of any controlled substances within one business day of discovery of such loss or theft. The registrant shall also complete, and submit to the Field Division Office in his area, DEA Form 106 regarding the loss or theft. When determining whether a loss is significant, a registrant should consider, among others, the following factors:

> (1) The actual quantity of controlled substances lost in relation to the type of business;

(2) The specific controlled substances lost;

(3) Whether the loss of the controlled substances can be associated with access to those controlled substances by specific individuals, or whether the loss can be attributed to unique activities that may take place involving the controlled substances;

(4) A pattern of losses over a specific time period, whether the losses appear to be random, and the results of efforts taken to resolve the losses; and, if known,

(5) Whether the specific controlled substances are likely candidates for diversion;

(6) Local trends and other indicators of the diversion potential of the missing controlled substance.

(c) Whenever the registrant distributes a controlled substance (without being registered as a distributor as permitted in §§ 1301.13(e)(1), 1307.11, 1317.05, and/or 1317.10 of this chapter), he/she shall comply with the requirements imposed on non-practitioners in § 1301.74(a), (b), and (e).

(d) Central fill pharmacies must comply with § 1301.74(e) when selecting private, common or contract carriers to transport filled prescriptions to a retail pharmacy for delivery to the ultimate user. When central fill pharmacies contract with private, common or contract carriers to transport filled prescriptions to a retail pharmacy, the central fill pharmacy is responsible for reporting in-transit losses upon discovery of such loss by use of a DEA Form 106. Retail pharmacies must comply with § 1301.74(e) when selecting private, common or contract carriers to retrieve filled prescriptions from a central fill pharmacy. When retail pharmacies contract with private, common or contract carriers to retrieve filled prescriptions from a central fill pharmacy, the retail pharmacy is responsible for reporting in-transit losses upon discovery of such loss by use of a DEA Form 106.

## Part 1306. Prescriptions.

**21 C.F.R. § 1306.04 Purpose of issue of prescription.**

(a) A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but ==a corresponding responsibility rests with the pharmacist who fills the prescription==. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.

. . .

4