UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>*Track One Cases:*<br>*County of Summit, Ohio v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio);<br>*County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio) | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE ADDITIONAL MOTION *IN LIMINE* AFTER DEADLINE

Plaintiffs hereby seek leave to file an additional motion *in limine* for the Track 1B trial after the deadline. The motion *in limine* that Plaintiffs seek leave to file is attached hereto as Exhibit A.

The deadline for filing motions *in limine* for the Track 1B trial was August 14, 2020. Doc. #3308 at p. 4; Doc. #3398 at p. 3 n.2. Plaintiffs timely filed their Omnibus Motion *in Limine* and Motion to Modify Prior Evidentiary Rulings and Memorandum in Support on that date. Doc. #3419. Good cause exists for granting Plaintiffs leave to file one additional motion *in limine* after the deadline because Plaintiffs did not become aware of the circumstances necessitating this motion *in limine* until after the deadline had passed.

On August 8, 2020, two class actions were filed against certain pharmacy defendants based on their alleged "corporate wide discriminatory practices in refusing to fill, without a legitimate basis, valid and legal prescriptions for opioid medication of" the plaintiffs and class members. *See*

*Smith v. Walgreens Boots Alliance, Inc., et al.,* Case No. 3:20-cv-05451-JD (N.D. Cal. Aug. 6, 2020) ("*Smith* Action") at Dkt. No. 1, ¶ 2; *Fuog v. CVS Pharmacy, Inc., et al.,* Case No. 1:20-cv-00337-WES-LDA (D.R.I. Aug. 6, 2020) ("*Fuog* Action," and collectively with *Smith* Action, the "Class Actions") at Dkt. No. 1, ¶ 2.[1]  The filing of these Class Actions appear to be coordinated, as the plaintiffs in both are represented by most of the same counsel.  *Smith* Action, Dkt. 1 at pp. 1-2; *Fuog* Action, Dkt. 1 at pp. 30-31.  Notably, one of the law firms representing the plaintiffs in both Class Actions, Bailey & Wyant, PLLC, recently represented the West Virginia Board of Pharmacy as a **defendant** in several cases in the West Virginia Opioid Litigation (*In re: Opioid Litigation*, Circuit Civil Action No. 19-C-9000 (W. Va. Mass Litigation Panel)).[2]  Several of the Pharmacy Defendants were co-defendants in that litigation, represented by the same law firms representing them in this MDL.[3]

Plaintiffs did not become aware of these Class Actions until after the motion *in limine* deadline had passed.  Significantly, these Class Actions were filed **two days** after this Court denied the Track 3 Pharmacy Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaints ("CT3 MTD Order").  Doc. #3403.  On August 25, 2020, the Track 3 Pharmacy Defendants filed a motion for reconsideration of the CT3 MTD Order, arguing, among other things, that the Court's

---

[1] In both Class Actions, the plaintiffs assert violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Patient Protection and Affordable Care Act.  *Id.*

[2] *See* https://baileywyant.com/bailey-wyant-pllc-secures-win-for-wv-board-of-pharmacy/ ("Bailey & Wyant, PLLC . . . secured an excellent result for its client, the West Virginia Board of Pharmacy, recently in the West Virginia Opioid Litigation, obtaining a full voluntary dismissal of plaintiffs' claims.  The plaintiffs included several West Virginia cities and County Commissions seeking damages related to the opioid epidemic.").

[3] *See, e.g., Brooke County Commission, et al. v. Purdue Pharma L.P., et al.,* Case Nos. 17-C-248 – 255, 2018 WL 10604027 (W. Va. Cir. Ct. Oct. 1, 2018) (brief listing Morgan, Lewis & Bockius LLP as representing Rite Aid of Maryland, Inc. and Zuckerman Spaeder LLP as representing CVS Indiana, L.L.C.; Jones Day was listed as representing a Walmart affiliate, Wal-Mart Stores East, LP).

legal determinations regarding the duties of pharmacies under the CSA were based on "manifest errors of fact and law."  Doc. #3439 at pp. 1-2, 5-18.  As part of their argument, the defendants specifically referenced the Class Actions:

> At the same time that Plaintiffs here ask the Court to re-write the law to *require* corporate-level dispensing policies, Pharmacy Defendants' voluntary adoption of corporate-level dispensing policies for opioid prescriptions has been met with class action litigation alleging that such policies lead chain pharmacies to unlawfully refuse to fill valid prescriptions.

*Id.* at pp. 5-6.

Plaintiffs anticipate that the Pharmacy Defendants may intend to use these Class Actions in an attempt to justify or excuse their failure to comply with their legal obligations under the CSA.  Thus, a motion *in limine* is necessary to prevent the Pharmacy Defendants from improperly referencing or offering evidence regarding these Class Actions in the Track 1B trial.  *See* Ex. A.

Plaintiffs therefore request leave to file the attached motion *in limine* on this discrete issue.  Plaintiffs were not aware of the circumstances necessitating this motion *in limine* until after the August 14 deadline had passed.  As soon as it became evident that the Pharmacy Defendants may try to use these Class Actions in the upcoming trial, Plaintiffs promptly filed this motion for leave with their proposed motion *in limine* attached.  Defendants will not be prejudiced by the minor delay, as trial is not scheduled to start until November 9, 2020.  Doc. #3308 at p. 2.  Defendants have ample time to respond to Plaintiffs' new motion *in limine*, and the Court will have sufficient time to rule, before trial.

Dated: August 31, 2020

Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX  77069-3804
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Lead Trial Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY  10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 31, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                              */s/Peter H. Weinberger*
                                              Peter H. Weinberger
                                              Plaintiffs' Liaison Counsel