**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **JUDGE POLSTER** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *"All Cases"* | ) | |
| | ) | |
| | ) | **ORDER REGARDING** |
| | ) | **RECORDING OF** |
| | ) | **HEARINGS OR TRIAL** |

Although the Court issues this Order principally to address the upcoming Track One-B trial,

it applies to all hearings and cases in this MDL that take place during the COVID-19 public

emergency.

**I.      Prohibition on Recording.**

As of this writing, the Court intends to begin the Track One-B trial on November 9, 2020,

as scheduled.  The Court is taking steps to ensure the safety of jurors, counsel, witnesses, court staff,

and the public, including mechanisms to ensure social distancing.  For example, the Court will be:

(1)(a) arranging counsel tables at certain distances, (b) limiting the number of persons who may sit

at counsel table, and (c) using plexiglass dividers; (2) arranging for video feeds of courtroom

proceedings to two remote courtrooms, where other attorneys and the public may watch while

maintaining social distance; (3) keeping the jury in another, spacious courtroom, instead of the jury

room; (4) allowing counsel to arrange for video feeds of courtroom proceedings to their "war-

rooms;" and (5) permitting witnesses to testify live by video-conference, if they wish.[1]

Several of the mechanisms above implicate two rules that normally adhere in federal court. The first is Local Rule 83.1(a), which states: "The taking of photographs, recording, or broadcasting by any electronic device including cellular phones, cameras, radio, television, or other means is prohibited in the Federal Court facility, unless permission has been granted by the chief judge or presiding judge of a proceeding or ceremony."  The second is 28 U.S.C. §753(b), which instructs: "No transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter or other individual designated to produce the record."

The Court makes clear here that: (a) although attendance at trial via audio- or video-conference by witnesses[2] will be allowed, (b) recording, photographing, or broadcasting of any such audio- or video-conference is prohibited.  The only exception is the record of the court reporter.  To be clear, the operation of any device by any person, including the parties, their counsel, witnesses, and observing members of the public or press, to record or broadcast the Court's audio- or video-conferences, is prohibited.  This includes integral recording devices (for example, using the Zoom record function) as well as external recording devices (for example, using a cell phone to record a video screen).

Counsel shall instruct all witnesses and parties of this prohibition and undertake ongoing efforts to ensure general compliance.

---

[1]  *See* Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

[2]  In addition to witnesses, it is conceivable that trial participation by counsel and even the Court or jurors through audio- or video-conference may also become necessary.

**II.      Witness Attendance at the Track One-B Trial.**

Except as noted below, the ruling that a witness may choose to testify live at trial by video-conference, instead of appear in court, does not change whether a subpoena is required under Fed. R. Civ. P. 45, or whether testimony must instead be presented by pre-recorded video deposition. Thus, if a witness is outside of the subpoena power of the Court and does not want to voluntarily testify live (in person or via video-conference), then that witness either does not testify at all, or their testimony will be presented via recorded deposition.  (Put differently, the Federal Rules of Civil Procedure still apply; the only exception is that live testimony can be presented by video-conference instead of in-person.)

The exception to the subpoena requirement is that the Court will allow "live testimony from distant witnesses" at the Track One-B trial consistent with the provisions in the Track One Trial Order, *see* docket no. 2594 at 3.  Specifically, pursuant to Fed. R. Civ. P. 43, the Court will allow Plaintiffs to procure *one* live-stream video appearance of a distant witness *per defendant family*, via remote video connection (except for defendants Discount Drug Mart and HBC Service Company, which are within Plaintiffs' subpoena power).  Plaintiffs must designate by October 12, 2020 which specific distant witness for each defendant will be live-streamed.  If the defendant then chooses to produce this distant witness in Court in person, Plaintiffs do not get to choose a replacement distant witness.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 31, 2020