# EXHIBIT 7

# Tom Egler

| | |
|---|---|
| **From:** | Shephard, Jr., Richard G. <richard.shephard@morganlewis.com> |
| **Sent:** | Thursday, May 2, 2019 11:27 AM |
| **To:** | Tom Egler; kaitlyn.coverstone@kirkland.com; catie.ventura@kirkland.com; Welch, Donna M.; Stampfl, Karl; Hillyer, Rebecca J.; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; Maier, Jonathan E.; jlevy@kirkland.com |
| **Cc:** | Aelish Baig; Matthew Melamed; Mark Dearman; Dory Antullis; Kelli Black; Henry Rosen; Carissa Dolan; mcrawford@skikos.com; sskikos@skikos.com; Paul Geller; Evan M. Janush; 2804 Discovery, MDL; Peter H. Weinberger; Reed, Steven A.; Feinstein, Wendy West |
| **Subject:** | RE: EXTERNAL-RE: PEC's Motion to Compel SOMS Audit Reports. |
| **Attachments:** | Teva Letter to T. Egler (05.02.2019).pdf |

Tom,

Please see the attached correspondence responding to the requests in your letters dated April 9, 2019 and April 25, 2019 for information from the legacy Actavis SAP database. In your April 25 letter, you also requested that Teva defendants identify the location and Bates numbers for the Cegedim-Dendrite (Buzzeo) report referenced in exhibit 15 of Tom Napoli's deposition and that the Allergan/Actavis defendants identify any documents or communications regarding suspicious orders reported by Actavis to the DEA. We have performed extensive searches for documents related to your requests and have not located any responsive documents or information beyond what was previously provided to you.

We believe that this email, the attached correspondence, and our letter to Mark Crawford and Anthony Irpino sent on April 26, 2019, addresses all of your outstanding requests to the Teva Defendants.

Thanks,
Rich

**Richard G. Shephard, Jr.**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4899 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
richard.shephard@morganlewis.com | www.morganlewis.com
Assistant: Donna M. Shapley | +1.215.963.4827 | donna.shapley@morganlewis.com

---

**From:** Tom Egler <TomE@rgrdlaw.com>
**Sent:** Wednesday, May 01, 2019 9:23 PM
**To:** kaitlyn.coverstone@kirkland.com; catie.ventura@kirkland.com; Welch, Donna M. <dwelch@kirkland.com>; Stampfl, Karl <karl.stampfl@kirkland.com>; Hillyer, Rebecca J. <rebecca.hillyer@morganlewis.com>; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; Maier, Jonathan E. <jonathan.maier@morganlewis.com>; jlevy@kirkland.com
**Cc:** Aelish Baig <AelishB@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Dory Antullis <DAntullis@rgrdlaw.com>; Kelli Black <KBlack@rgrdlaw.com>; Henry Rosen <HenryR@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>; mcrawford@skikos.com; sskikos@skikos.com; Paul Geller <pgeller@rgrdlaw.com>; Evan M. Janush <Evan.Janush@lanierlawfirm.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>
**Subject:** Re: EXTERNAL-RE: PEC's Motion to Compel SOMS Audit Reports.

[EXTERNAL EMAIL]

External E-mail

Counsellors -

Plaintiffs sent the correspondence referred to in the email below last Thursday.  Can you please do us the courtesy of providing answers to it, as many of the issues have been pending since April 18?

Thanks

Tom Egler

On Apr 25, 2019, at 12:10 PM, Tom Egler <TomE@rgrdlaw.com> wrote:

> Counsellors –
>
> Please see the attached correspondence.
>
> Thanks
>
> Tom Egler
>
> ---
>
> **From:** Peter H. Weinberger [mailto:PWeinberger@spanglaw.com]
> **Sent:** Wednesday, April 24, 2019 2:39 PM
> **To:** Ventura, Catie; Tom Egler
> **Cc:** Levy, Jennifer; Welch, Donna M.; Stampfl, Karl; Coverstone, Kaitlyn L.; Hillyer, Rebecca J.; Maier, Jonathan E.; Aelish Baig; Matthew Melamed; Mark Dearman; Dory Antullis; Kelli Black; Henry Rosen; Carissa Dolan; mcrawford@skikos.com; sskikos@skikos.com; Paul Geller
> **Subject:** RE: EXTERNAL-RE: PEC's Motion to Compel SOMS Audit Reports.
>
> Catie –
>
> Don't spin my email exchange with S. Edelman into something it is not.   Mr. Edelman has NOT responded to my latest email to him.
>
> Pete
>
> ---
>
> **From:** Ventura, Catie [mailto:catie.ventura@kirkland.com]
> **Sent:** Wednesday, April 24, 2019 5:20 PM
> **To:** Tom Egler
> **Cc:** Levy, Jennifer; Welch, Donna M.; Stampfl, Karl; Coverstone, Kaitlyn L.; Hillyer, Rebecca J.; Maier, Jonathan E.; Peter H. Weinberger; Aelish Baig; Matthew Melamed; MDearman@rgrdlaw.com; DAntullis@rgrdlaw.com; KBlack@rgrdlaw.com; HenryR@rgrdlaw.com; CDolan@rgrdlaw.com; mcrawford@skikos.com; sskikos@skikos.com; pgeller@rgrdlaw.com
> **Subject:** RE: EXTERNAL-RE: PEC's Motion to Compel SOMS Audit Reports.
>
> Tom –
>
> With respect to the SOM-related questions posed in your April 16 email, Allergan has conducted an exhaustive search for the Cegedim-Dendrite (Buzzeo) written report that you reference, but has not found this report. Allergan has also asked IQVIA if it maintained a copy of this report; they did not. Additionally, responses to your April 9 email regarding SOM data were emailed to you on April 18. A copy of that email chain is attached for your review.

Additionally, as Pete Weinberger's April 19 email states, Teva's counsel has already responded to his request (see email from S. Edelman, dated April 18). That email invites Plaintiffs to raise any specific concerns directly with Morgan Lewis.

Best,

**Catie Ventura**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5907  **M** +1 202 344 5785
**F** +1 202 389 5200

catie.ventura@kirkland.com

>**From:** Tom Egler <TomE@rgrdlaw.com>
>**Date:** April 23, 2019 at 2:45:13 PM EDT
>**To:** "'Levy, Jennifer'" <jlevy@kirkland.com>, "'Welch, Donna M.'" <dwelch@kirkland.com>, "'Stampfl, Karl'" <karl.stampfl@kirkland.com>, "'rebecca.hillyer@morganlewis.com'" <rebecca.hillyer@morganlewis.com>, "'jonathan.maier@morganlewis.com'" <jonathan.maier@morganlewis.com>
>**Cc:** "'Peter H. Weinberger (pweinberger@spanglaw.com)'" <pweinberger@spanglaw.com>, Aelish Baig <AelishB@rgrdlaw.com>, "Matthew Melamed" <MMelamed@rgrdlaw.com>, Mark Dearman <MDearman@rgrdlaw.com>, "Dory Antullis" <DAntullis@rgrdlaw.com>, Kelli Black <KBlack@rgrdlaw.com>, "Henry Rosen" <HenryR@rgrdlaw.com>, Carissa Dolan <CDolan@rgrdlaw.com>, "'Mark Crawford'" <mcrawford@skikos.com>, 'Steven Skikos' <sskikos@skikos.com>, "Paul Geller" <pgeller@rgrdlaw.com>
>**Subject: [EXT] RE: EXTERNAL-RE: PEC's Motion to Compel SOMS Audit Reports.**
>
>Donna –
>
>With regard to your communication below to Pete Weinberger this morning, can you please address the related questions we asked the Allergan/Actavis defendants in the attached April 16, 2019 email?
>
>Because of your clients' interpretation of the Court's orders, can you also please include Teva's response to these questions, or coordinate with counsel for Teva and its subsidiaries?
>
>Thanks
>
>Tom Egler

>>**From:** Welch, Donna M. <dwelch@kirkland.com>
>>**Sent:** Tuesday, April 23, 2019 1:49:31 PM
>>**To:** Weinberger, Peter H.; David R. Cohen
>>**Cc:** Gay, Josh; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com'; 2804

3

Discovery, MDL; Farrell, Paul; Fuller, Mike; Evan .Janush; Irpino, Anthony
**Subject:** EXTERNAL-RE: PEC's Motion to Compel SOMS Audit Reports.

Pete -
This confirms that Allergan is not withholding SOM audit documents.
Regards, Donna

**Donna Welch, P.C.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2425  **M** +1 773 550 1743
**F** +1 312 862 2200

donna.welch@kirkland.com

---

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Friday, April 19, 2019 10:55 AM
**To:** David R. Cohen <David@SpecialMaster.Law>
**Cc:** Josh Gay <jgay@levinlaw.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; MRopioidserve <MDL2804discovery@motleyrice.com>; Paul Farrell <Paul@Greeneketchum.com>; Mike Fuller <Mike@mchughfuller.com>; Evan M. Janush <Evan.Janush@LanierLawFirm.com>; *airpino@irpinolaw.com <airpino@irpinolaw.com>
**Subject:** [EXT] PEC's Motion to Compel SOMS Audit Reports.

SM Cohen:

On Tuesday, as a result of the Court's affirming DR 14 part 5,  I sent an email to all defendants to provide plaintiffs with copies of all SOMS audit reports  including those that  have been withheld by the defendants as privileged.   I set a deadline of Thursday 4/18.  The email is in this chain.  No defendants have responded, except Teva's counsel sent an email to which I responded which is also in this chain.

Plaintiffs request that you set this for immediate hearing.  We ask that you compel production of these documents.   These SOMS audit reports are critical to our case and should be made available to our SOMS experts prior to their depositions.

Pete

---

**From:** Peter H. Weinberger
**Sent:** Thursday, April 18, 2019 2:19 PM
**To:** Edelman, Sagiv Y.
**Cc:** MaraCusker.gonzalez@dechert.com; Mark.Cheffo@dechert.com; kaspar.stoffelmayr@bartlitbeck.com; emanigi@wc.com; mlynch@cov.com; ghobart@wc.com; Shannon McClure; Hillyer, Rebecca J.; Reed, Steven A.; Jacobs, Evan K.; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com'; MRopioidserve
**Subject:** RE: NOTICE TO ALL DEFENDANTS RE:SOMS AUDIT REPORTS NOT PREVIOUSLY PRODUCED OR WITHHELD AS PRIVILEGED.

Sagiv –

4

Thank you for your email response.  Let me be crystal clear.   Within the last 6 months, Judge Polster on several occasions expressed his concerns about the parties over-designating privileged documents.   You now have clarity regarding what the "fact-intensive inquiry" you and all defense counsel must undertake to determine if you have a reasonable and supportable basis to assert a privilege with respect to SOMs audits and other SOMS related documents.  Judge Polster's order affirming SM Cohen's ruling sets forth the standards which you are obligated to apply.  If you don't produce the documents or give us some explanation how you have applied these  standards but nonetheless stand by the privilege, I can assure you that we will file a motion to compel and seek sanctions.

Pete

---

**From:** Edelman, Sagiv Y. [mailto:sagiv.edelman@morganlewis.com]
**Sent:** Thursday, April 18, 2019 1:16 PM
**To:** Peter H. Weinberger
**Cc:** MaraCusker.gonzalez@dechert.com; Mark.Cheffo@dechert.com; kaspar.stoffelmayr@bartlitbeck.com; emanigi@wc.com; mlynch@cov.com; ghobart@wc.com; Shannon McClure; Hillyer, Rebecca J.; Reed, Steven A.; Jacobs, Evan K.
**Subject:** RE: NOTICE TO ALL DEFENDANTS RE:SOMS AUDIT REPORTS NOT PREVIOUSLY PRODUCED OR WITHHELD AS PRIVILEGED.

Pete,

We disagree with your interpretation of Judge Polster's order concerning the SOMs audit that Dendrite prepared for Cardinal.  As that order makes clear, "determining whether a privilege exists is a fact-intensive inquiry."  The order did not mention any other defendant and did not include any references to SOMs generally.  Therefore, there is no basis to construe this order as applying to any defendant other than Cardinal.  Indeed, such an interpretation would eviscerate the "fact-intensive inquiry" that Judge Polster himself explained governs these questions.

We see no reason to deviate from the normal meet-and-confer process in this circumstance.  Should Plaintiffs have any concerns with the documents that the Teva Defendants are withholding as privileged, Plaintiffs may raise those specific concerns with us.  As always, we remain available to meet and confer.  Thank you.

Best,
Sagiv

**Sagiv Y. Edelman**
**Morgan, Lewis & Bockius LLP**
200 South Biscayne Boulevard, Suite 5300 | Miami, FL 33131-2339
Direct: +1.305.415.3336 | Main: +1.305.415.3000 | Fax: +1.305.415.3001
sagiv.edelman@morganlewis.com | www.morganlewis.com
Assistant:  Angela Winter | Direct: 1+305.415.3332 | angela.winter@morganlewis.com

---

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Date:** Tuesday, Apr 16, 2019, 3:48 PM
**To:** 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>, Cusker Gonzalez, Mara (MaraCusker.gonzalez@dechert.com) <MaraCusker.gonzalez@dechert.com>, Mark.Cheffo@dechert.com <Mark.Cheffo@dechert.com>,

5

kaspar.stoffelmayr@bartlitbeck.com <kaspar.stoffelmayr@bartlitbeck.com>, emanigi@wc.com <emanigi@wc.com>, mlynch@cov.com <mlynch@cov.com>, ghobart@wc.com <ghobart@wc.com>, Shannon McClure <smcclure@reedsmith.com>
**Cc:** MRopioidserve <MDL2804discovery@motleyrice.com>
**Subject:** NOTICE TO ALL DEFENDANTS RE:SOMS AUDIT REPORTS NOT PREVIOUSLY PRODUCED OR WITHHELD AS PRIVILEGED.

[EXTERNAL EMAIL]

TO ALL DEFENDANTS:

Today, Judge Polster affirmed Discovery Ruling no. 14 part 5. Specifically, he ordered Cardinal to analyze its documents to apply the analysis of SM Cohen in determining which of these documents should be produced. It gives notice that "the court will apply the reasoning of the Discovery Ruling to all of Cardinal's assertions of privilege over documents relating to SOMs and directing Cardinal to do the same".

Notice is hereby given to you to produce to plaintiffs previously withheld documents involving SOMs audits either done internally or by third party vendors. We expect the documents to be produced by COB on Thursday 4/18/19. Please do not bury these documents in other productions. Rather, please describe with particularity the documents produced and/or reference them by bates numbers and/or previous designations in privileged logs.

Non-compliance will cause us to file motions to compel with a request for sanctions.

Pete

Peter H. Weinberger

Spangenberg Shibley & Liber LLP

1001 Lakeside Avenue East, Suite 1700

Cleveland, Ohio 44114

216-696-3232 Office

216-407-5033 Cell

216-696-3924 Fax

6

PWeinberger@spanglaw.com | https://urldefense.proofpoint.com/v2/url?u=http-3A__www.spanglaw.com&d=DwIGaQ&c=wbMekZ1iboz3wtx3lILI8YgCUSSh7g3G58syakvKORs&r=amd3ez_JqPLN9E0ptHJHtjnp_12IYVmMMsZMNvpU65o&m=xAAd7X6malxBCG3FZISxDdbCEMA884w_jofrU0kCOj8&s=8mRimSmrD15w3BdLXVkWbUfKTtnKNg4nojWQFqUIoPk&e=<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.spanglaw.com&d=DwIGaQ&c=wbMekZ1iboz3wtx3lILI8YgCUSSh7g3G58syakvKORs&r=amd3ez_JqPLN9E0ptHJHtjnp_12IYVmMMsZMNvpU65o&m=xAAd7X6malxBCG3FZISxDdbCEMA884w_jofrU0kCOj8&s=qIvA9GOMfltt3-ffiNDxFFtPU_ZHTyGti40nsvDQryw&e=>

[Spangenberg Shibley & Liber] <https://urldefense.proofpoint.com/v2/url?u=https-3A__www.spanglaw.com&d=DwIGaQ&c=wbMekZ1iboz3wtx3lILI8YgCUSSh7g3G58syakvKORs&r=amd3ez_JqPLN9E0ptHJHtjnp_12IYVmMMsZMNvpU65o&m=xAAd7X6malxBCG3FZISxDdbCEMA884w_jofrU0kCOj8&s=qIvA9GOMfltt3-ffiNDxFFtPU_ZHTyGti40nsvDQryw&e=>

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

_____

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____

For more information about Arnold & Porter, click here:

https://urldefense.proofpoint.com/v2/url?u=http-3A__www.arnoldporter.com&d=DwIGaQ&c=wbMekZ1iboz3wtx3lILI8YgCUSSh7g3G58syakvKORs&r=amd3ez_JqPLN9E0ptHJHtjnp_12IYVmMMsZMNvpU65o&m=xAAd7X6malxBCG3FZISxDdbCEMA884w_jofrU0kCOj8&s=-1VmAnxfXxiitco4rRJtwO7jKO51PVyRvjBC18lR8oE&e=

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files  |  Leave group  |  Learn more about Office 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

<2019-04-25 Documents referred to in T Egler Letter.pdf>

<2019-04-25 T Egler Letter to Allergan-Actavis and Teva Counsel.pdf>

**NOTICE: This email message is for the sole use of the intended**

**recipient(s) and may contain information that is confidential and**

**protected from disclosure by the attorney-client privilege, as**

**attorney work product, or by other applicable privileges. Any**

**unauthorized review, use, disclosure or distribution is prohibited.**

**If you are not the intended recipient, please contact the sender**

**by reply email and destroy all copies of the original message.**

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# Morgan Lewis

**Rebecca J. Hillyer**
Partner
+1.215.963.5160
rebecca.hillyer@morganlewis.com

May 2, 2019

**CONFIDENTIAL**

**VIA E-MAIL**

Thomas E. Egler, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway Suite 1900
San Diego, CA 92101

RE: *In Re National Prescription Opiate Litigation*, Case No. 1:17-MD-2804 (N.D. Ohio), Legacy Actavis SAP Database

Dear Tom:

On behalf of Teva Pharmaceuticals USA, Inc. and Cephalon, Inc. (collectively, "Teva") and Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. (collectively, the "Acquired Actavis Entities"),[1] we write in response to your April 9, 2019 and April 25, 2019 letters and in follow-up to Catie Ventura's April 18, 2019 email concerning the legacy Actavis SAP database. Specifically, below are the Teva Defendants' responses to the questions in your April 9, 2019 letter, as rephrased in Catie Ventura's April 18, 2019 email.

**a) What is the source of the data for the report included in [Allergan's] March 20, 2019 "Second Amended Responses and Objections to the Third Set of Interrogatories" in this action and the database referenced in Allergan's responses to Interrogatories No. 33 and 34?**

The source of the data is the legacy Actavis SAP database. That database transferred to Teva upon its acquisition of the Acquired Actavis Entities.

**b) What information is available from that database, or others in Teva's possession, that would provide information responsive to Interrogatory No. 32-34 or any other interrogatory or 30(b)(6) response?**

---

[1] Teva and the Acquired Actavis Entities collectively will be referred to herein as the Teva Defendants.

Morgan, Lewis & Bockius LLP

1701 Market Street
Philadelphia, PA 19103-2921         ☏ +1.215.963.5000
United States                       📠 +1.215.963.5001

**CONFIDENTIAL**
May 2, 2019
Page 2


The legacy Actavis SAP database can generate direct sales data for products sold by Allergan, including generic opioids acquired by Teva Pharmaceuticals USA, Inc. through its acquisition of the Acquired Actavis Entities.  The Teva Defendants provided Allergan with the direct sales data for Kadian® and Norco® available in the legacy Actavis database.  As referenced in the response to question "g" below, from the legacy Actavis SAP database, the Teva Defendants produced direct sales data for legacy Watson's generic opioid products for 2004 – March 2017, direct sales data for legacy Actavis's generic opioids for 2011 – March 2017, and accounts receivable transaction data for legacy Actavis's generic opioids for 2013 – March 2017.[2]  The bates numbers for these documents are set forth below in response to question "g".  The Teva Defendants are presently working to generate direct sales data for legacy Actavis's generic opioid products for pre-2011 from a legacy Actavis database called QAD.

In addition, the database can generate ZVSUS reports, which contain information regarding orders that were held and ultimately released to the customer.  The Teva Defendants are presently working on generating these time intensive reports.

Also, the database can generate certain sales reports, which contain information regarding orders that were pended in the SOMS system and a reason code for why the order was deemed not suspicious and released.  Allergan provided the available sales reports from the database for Kadian and Norco in their March 20, 2019 Second Amended Objections and Responses to Plaintiffs' Third Set of Interrogatories.  The Teva Defendants are presently working on generating these time intensive reports for its generic opioids.

Finally, the Teva Defendants collected and produced SOM audit reports from QAD.  These materials can be found at: TEVA_MDL_A_13616178 – TEVA_MDL_A_13618545.

These materials are in addition to the information in the Teva Defendants' January 7, 2019 Responses and Objections to Plaintiffs' Third Set of Interrogatories, which contain responses to Interrogatories 32 – 34.

> c) Was that source listed in the Allergan Defendants' response to Interrogatory No. 8?

This question is directed to Allergan, not the Teva Defendants.

> d) When was the first time after its 2016 sale of the Actavis generic entities the Allergan Defendants sought information from this database from Teva?

This question is directed to Allergan, not the Teva Defendants.

> e) What is the reason or reason (sic) that "Teva has been unable to extract such data from its databases" with regard to "similar information from Teva for generic opioids and Kadian® and Norco® prior to 2016" as you state in your letter? What is the reason that financial data for generic opioids, Kadian, and Norco cannot be extracted from this database for years prior to 2016?

---

[2]  Financial data for legacy Actavis and legacy Watson generic products moved to Teva's financial systems in April 2017.

**CONFIDENTIAL**
May 2, 2019
Page 3

As previously stated here and as provided in the Teva Defendants' Responses and Objections to Plaintiffs Interrogatories, the Teva Defendants have produced a significant volume of financial data related to its opioid products.  In Donna Welch's April 3, 2019 letter to you, in which Allergan's counsel's stated that "Teva has been unable to extract such data from its databases" with regard to "similar information from Teva for generic opioids and Kadian® and Norco® prior to 2016," it was in reference to summary sales reports, requested in Interrogatories 33 and 34.  The Teva Defendants investigated whether the legacy Actavis SAP database could generate such summary sales reports for Kadian, Norco, and generic opioids but found that it could not.  However, direct sales data has been and will be produced from the legacy Actavis SAP database; only the summary sales reports are unavailable.

    f) **Does there exist to Allergan's knowledge one or more databases at Teva, at Allergan, or elsewhere, that contain the information sought by Interrogatory No. 32-34 concerning generic opioids sold from Allergan to Teva, and, if so, what database software does it (or they) run and what time periods are covered?**

This question is directed to Allergan, not the Teva Defendants.

    g) **Where is the database produced in this litigation?**

From the Actavis SAP database, the Teva Defendants produced direct sales data for legacy Watson's generic opioid products for 2004 – March 2017 at: TEVA_MDL_A_08637278 – TEVA_MDL_A_08637279; direct sales data for legacy Actavis's generic opioids for 2011 – March 2017 at: TEVA_MDL_A_02419962; and accounts receivable transaction data for legacy Actavis's generic opioids for 2013 – March 2017 at: TEVA_MDL_A_02419963 and TEVA_MDL_A_02419969.

    h) **As we asked before, with regard to reporting to the DEA, "[i]f the answer is that none of the orders were reported to the DEA, please indicate that."**

This question is directed to Allergan, not the Teva Defendants.

Please do not hesitate to contact me at the number above if you have any questions.

Sincerely,

**/s/ Rebecca J. Hillyer**

Rebecca J. Hillyer

cc:    *via e-mail*
        Steven Reed, Esq.
        Wendy West Feinstein, Esq.