# EXHIBIT 15

**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Thomas E. Egler
tome@rgrdlaw.com

May 22, 2019

<u>VIA EMAIL</u>

| Donna M. Welch | Rebecca J. Hillyer |
| KIRKLAND & ELLIS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| 200 North LaSalle | 1701 Market Street |
| Chicago, IL 60654 | Philadelphia, PA 19103-2921 |
| donna.welch@kirkland.com | rebecca.hillyer@morganlewis.com |

Jennifer Levy
Catie Ventura
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
jennifer.levy@kirkland.com
catie.ventura@kirkland.com

Jonathan E. Maier
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
jonathan.maier@morganlewis.com

Re: *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)

Counselors:

We have received various correspondence partially responding to the questions arising from your clients' various positions and activities. We ask that you address the following issues, each of which has remains pending.

### A. Lisa Pehlke Deposition

Please provide us with a date certain for the deposition of Lisa Pehlke. As you know, her deposition was scheduled for May 21 in Jacksonville, Florida, but, on May 3, 2019, Karl Stampfl wrote to say she could no longer make it on that date. This is the second cancellation of her deposition. By the end of this week, please provide a new date when she will be available.

### B. Destruction of Cegedim-Dendrite (Buzzeo) Audits and Reports

For more than two months, we have been asking for copies of the "Cegedim-Dendrite (Buzzeo) written report" referred to in Napoli Deposition, Ex. 15, and any other similar SOM report or audit your clients may possess. *See, e.g.*, April 22, 2019 email from T. Egler. On April 25, we asked "if any of these documents were previously in their possession but have been destroyed [. . .] please also tell us when they were destroyed." April 25, 2019 letter to Counsel for Allergan and

**Robbins Geller
Rudman & Dowd LLP**

Counsel for Allergan and Teva
May 22, 2019
Page 2

Teva.  Counsel for both Allergan and Teva have now asserted that they have searched for such documents but have not been able to find them.  *See* May 2, 2019 Richard Shephard email.

These documents, at least one of which is a "Written Report," apparently make clear that then-current SOM system at Allergan/Actavis, among other things:

- used a "Multiplier to Create [a] Monthly Threshold";
- was "[n]ot consistent with specific requirements noted within regulations and guidance";
- would "detect a certain percentage of suspicious orders, but not all";
- left open the "[p]ossibility of distributing orders across multiple SKUs without detection"; and
- did "Not Evaluate Listed Chemicals."

*See* Napoli Deposition, Ex. 15 at 9, attached.  The presentation from Napoli's files states that the Cegedim-Dendrite (Buzzeo) document served as the "Foundation" for the Allergan/Actavis SOM system upgrade project.  *Id*. at 8.  The defendant companies had "[b]udgeted" a new, purportedly compliant system designed by the Cegedim-Dendrite (Buzzeo) group "for 2012 implementation."  *Id*. at 11.  We now know, however, that Allergan/Actavis then abandoned any upgrade plans for maintaining the system it was told was "[n]ot consistent with specific requirements noted within regulations and guidance" until it abandoned having an SOM system at all for its prescription opioid drugs.

Considering the importance of the Cegedim-Dendrite (Buzzeo) documents above, as well as any other such reports or audits not specifically referred to, we repeat our request (for the third time) that your clients tell us if and when these documents were destroyed, by the end of this week.  Also, by May 31, 2019, we also ask for a statement from the companies regarding the circumstances surrounding their deletion or destruction.

C.  **Data Offloaded to Teva**

Starting on April 9, 2019, plaintiffs sought to clarify the location of, or confirm the production of, various sets of data by defendants.  By letter on May 2, 2019, counsel for Teva affirmed that Teva had possession of, but had not yet produced, various databases called for in the requests for production of documents served on it in this action.  In particular, the letter stated Teva only now had started to work on:

- generat[ing] direct sales data for legacy Actavis's generic opioid products for pre-2011 from a legacy Actavis database called QAD;

**Robbins Geller**
**Rudman & Dowd** LLP

Counsel for Allergan and Teva
May 22, 2019
Page 3

- generat[ing] ZVSUS reports, which contain information regarding orders that were held and ultimately released to the customer; and

- generat[ing] certain sales reports, which contain information regarding orders that were pended in the SOMS system and a reason code for why the order was deemed not suspicious and released, for "generic opioids."

*See* May 2, 2019 letter from R. Hillyer at 2. To date, plaintiffs have received none of this data or information. Please produce it by May 31, 2019.

Separately, the May 2, 2019 letter states that "direct sales data has been and will be produced from the legacy Actavis SAP database" regarding generic opioid prescription drugs. Please finish the production of this data, which was required to be fully produced many months ago by May 31, 2019.

### D. Incomplete Databases

The May 2, 2019 letter also references productions of the following datasets each produced from the Actavis SAP database:

- direct sales data for legacy Watson's generic opioid products for 2004 – March 2017;

- direct sales data for legacy Actavis's generic opioids for 2011 – March 2017; and

- accounts receivable transaction data for legacy Actavis's generic opioids for 2013 – March 2017.

May 2, 2019 letter from R. Hillyer at 2. We have been attempting to understand the various datasets, but have not been able to reconstruct a full picture of three sets of record codes, the SHIP_TO_ID, the SOLD_TO_ID, and the NDC_11 codes for most of the documents referred to. One of the eight documents referred to in the letter (Teva_mdl_A_02319662) was run to include the textual identities of the "sold to," "ship to" and "NDC 11."

For example, the first entry in that dataset lists:

| | |
|---|---|
| Sold To: | "1016311/QUEST PHARMACEUTICALS INC." |
| Ship To: | 1132034/QUEST PHARMACEUTICALS INC<br>RQ0188981<br>300 E CHESTNUT ST<br>MURRAY, Kentucky 42071 |
| NDC11 | "00591082501/OXYCODONE/APAP 10/650MG TAB 100" |

**Robbins Geller**
**Rudman & Dowd LLP**

Counsel for Allergan and Teva
May 22, 2019
Page 4

      The other documents have only the numeric codes, not the textual information. We have sought to use this and other documents from your clients' productions as a Rosetta Stone to decode the other datasets you refer to, but we have not been able to locate corresponding identities in the production for 193 of the listed "Sold_to" codes, 331 of the listed "Ship_to" codes and eight of the "item/NDC_11" codes. A spreadsheet of the codes we have not been able to identify is attached.

      We ask that your clients re-produce all the documents referred to in the above-noted section of your May 2, 2019 letter with the same textual columns that are included in the Teva_mdl_A_02319662 dataset by May 31, 2019.[1]

### E. DEA Reports

      On April 18, 2019, Catie Ventura stated that, during the time at issue in this action, the Allergan/Actavis defendants "made to the DEA by phone" a total of four reports regarding "customers and orders that were deemed suspicious" about six corporate entities and one doctor. *See* April 18, 2019 email from C. Ventura. As we subsequently noted, deponent Tom Napoli testified that he made three reports to the DEA about three entities (Capital Wholesale, Top RX, Inc., and Quality King), and never testified how he communicated the reports to the DEA. *See* April 25, 2019 letter to Counsel for Allergan and Teva at 3. We asked that the defendants clarify their positions in regard to the number and manner of the reports to the DEA, but no response has been forthcoming. Please respond to this issue.

      Further, Interrogatory No. 35 timely served on the Allergan/Actavis defendants asks the defendants to:

> [. . .]
> (d)    identify any of the Suspicious Orders that actually were reported to the DEA; and
> (e)    state whether the Order was shipped or Blocked.

      *See* Plaintiffs' Fourth Set of Interrogatories to Allergan PLC, et al. served January 24, 2019. The "Responses to the Fourth Set of Interrogatories" served by defendants on February 25, 2019 argues that responding to these interrogatories is overly burdensome. Defendants' Reponses to Plaintiffs' Fourth Set of Interrogatories at 11. In light of your clients' subsequent disclosure that the list of reports to the DEA contains, at maximum, seven entries, we reject the assertion of burden and ask that they amend these responses with a list of "any of the Suspicious Orders that actually were

---

[1]    This would include: Teva_MDL_A_08637278–Teva_MDL_A_08637279, TEVA_MDL_A_02419963 and TEVA_MDL_A_02419969.

Robbins Geller
Rudman & Dowd LLP

Counsel for Allergan and Teva
May 22, 2019
Page 5

reported to the DEA" by them between 2002 and the present.  With regard to these interrogatories, the Special Master has required the Allergan/Actavis defendants to answer them in concert with, or with the cooperation of, the Teva defendants, so we expect any responses to be comprehensive as to both generic and brand name opioid drugs, and expect that they will be served by May 31, 2019.

F.     IQVIA Manufacturer Codes for Pre-2018 Transactions

On May 2, 2019, we sought clarifying information on "Manufacturer Codes" listed in the IQVIA data the Allergan/Actavis defendants purchased in 2018 and produced in this litigation.  *See* May 2, 2019 email from T. Egler to K. Stampfl.  Because the data was purchased and run after Teva purchased Allergan's various generic opioid prescription drug lines, the dataset lists Teva as the manufacturer all historical transactions in the various drugs.  *See* May 7, 2019 email from T. Egler to K. Stampfl.  There are six manufacturer codes assigned to Teva in the dataset:  25837, 3, 26642, 25857, 27530, 26660.

We asked which of these manufacturer codes relate to which prior owners of the various prescription opioid drugs.  We ask this so we can agree among the parties to the litigation as to which prior company, (*e.g.*, Watson, Actavis, Inc., Actavis Inc., or others) should be recognized as the owner of the drug before Teva's purchase.

This question has been pending for more than two weeks.  Please answer it by the end of this week.

Thank you for your attention to these matters.

Very truly yours,

THOMAS E. EGLER

TEE:krj
Attachments

Cases\4834-5630-2743.v1-5/22/19