**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases:<br><br>*County of Summit, Ohio v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio);<br><br>*County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio) | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

### PLAINTIFFS' MOTION *IN LIMINE* NO. 43 TO PRECLUDE REFERENCE TO PHARMACY CLASS ACTIONS AND SIMILAR LITIGATION

On August 8, 2020, two class actions were filed against certain pharmacy defendants based on their alleged "corporate wide discriminatory practices in refusing to fill, without a legitimate basis, valid and legal prescriptions for opioid medication of" the plaintiffs and class members. *See Smith v. Walgreens Boots Alliance, Inc., et al.,* Case No. 3:20-cv-05451-JD (N.D. Cal. Aug. 6, 2020) ("*Smith* Action") at Dkt. No. 1, ¶ 2; *Fuog v. CVS Pharmacy, Inc., et al.,* Case No. 1:20-cv-00337-WES-LDA (D.R.I. Aug. 6, 2020) ("*Fuog* Action," and collectively with *Smith* Action, the "Class Actions") at Dkt. No. 1, ¶ 2.[1]  Significantly, these Class Actions were filed **two days** after this Court denied the Track 3 Pharmacy Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaints ("CT3 MTD Order").  Doc. #3403.  On August 25, 2020, the Track 3 Pharmacy Defendants filed a motion for reconsideration of the CT3 MTD Order, arguing, among other things, that the Court's legal determinations regarding the dispensing duties of pharmacies

---

[1] In both Class Actions, the plaintiffs assert violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Patient Protection and Affordable Care Act. *Id.*

under the CSA were based on "manifest errors of fact and law."  Doc. #3439 at pp. 1-2, 5-18.  As part of their argument, the defendants specifically referenced the Class Actions:

> At the same time that Plaintiffs here ask the Court to re-write the law to *require* corporate-level dispensing policies, Pharmacy Defendants' voluntary adoption of corporate-level dispensing policies for opioid prescriptions has been met with class action litigation alleging that such policies lead chain pharmacies to unlawfully refuse to fill valid prescriptions.

*Id*. at pp. 5-6.

Plaintiffs anticipate that the Pharmacy Defendants may intend to use these Class Actions in an attempt to justify or excuse their failure to comply with their legal obligations under the CSA.  Therefore, Plaintiffs hereby move to exclude the Pharmacy Defendants from referencing or offering evidence regarding these Class Actions or any other similarly-based litigation in the upcoming trial.

Such evidence has no relevance to any issue to be decided in this case.  Plaintiffs' nuisance claims against the Pharmacy Defendants in the upcoming trial are based on their distribution conduct, not their dispensing conduct.  Moreover, the mere "existence of other lawsuits is not evidence that any of the claims in those lawsuits are true, and admission of those allegations would be prejudicial.'"  *Walton v. Best Buy Co., Inc.*, No. 08-CV-15084, 2011 WL 13374383, at *11 (E.D. Mich. Apr. 6, 2011) (citation omitted).  *See also Ross v. Am. Red Cross*, No. 2:09-CV-00905-GLF, 2012 WL 2004810, at *5 (S.D. Ohio June 5, 2012) ("The Court finds that evidence of the filing or content of other lawsuits involving the [defendant] is inadmissible under Fed. R. Evid. 402 and 403. . . .  Unsubstantiated allegations from other individuals, in other cases and under different circumstances, are of minimal probative value in determining whether the [defendant's] alleged negligence proximately caused Plaintiff's injuries in this case."), *aff'd,* 567 F. App'x 296, 308 (6th Cir. 2014).  The Pharmacy Defendants' sole purpose in trying to elicit such information would be to potentially prejudice the jury.  Such evidence should therefore be excluded under

Rules 401, 402, and 403 because it is irrelevant to the jury questions on liability and any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading or inflaming the jury.  *Cf. McLeod v. Parsons Corp.*, 73 F. App'x 846, 854 (6th Cir. 2003) (trial court did not abuse its discretion in excluding evidence concerning other employment discrimination lawsuits filed against defendant); *Ross*, 2012 WL 2004810, at *5-6; *Hayes v. Sebelius*, 806 F. Supp. 2d 141, 144–45 (D.D.C. 2011) (granting motion to exclude evidence of third party's lawsuit against defendant); *Logistec USA, Inc. v. Daewoo Int'l Corp.*, No. 2:13-CV-27, 2015 WL 3767564, at *2 (S.D. Ga. June 17, 2015) (granting motion to preclude evidence regarding defendant's lawsuits with other parties); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 2:11-CV-1857 DMC JAD, 2013 WL 5286189, at *4 (D.N.J. Sept. 16, 2013) ("This Court agrees with Plaintiff's assertion that evidence of other litigation involving Stryker has no probative value in the present case.").

Dated: September 2, 2020

                                        Respectfully submitted,

                                        /s/Paul J. Hanly, Jr.
                                        Paul J. Hanly, Jr.
                                        SIMMONS HANLY CONROY
                                        112 Madison Avenue, 7th Floor
                                        New York, NY 10016
                                        (212) 784-6400
                                        (212) 213-5949 (fax)
                                        phanly@simmonsfirm.com

                                        Joseph F. Rice
                                        MOTLEY RICE
                                        28 Bridgeside Blvd.
                                        Mt. Pleasant, SC  29464
                                        (843) 216-9000
                                        (843) 216-9290 (Fax)
                                        jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX 77069-3804
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Lead Trial Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

4

>Linda Singer
>MOTLEY RICE LLC
>401 9th St. NW, Suite 1001
>Washington, DC 20004
>(202) 386-9626 x5626
>(202) 386-9622 (Fax)
>lsinger@motleyrice.com
>
>*Counsel for Plaintiff Summit County, Ohio*

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was served via the Court's ECF system to all counsel of record on September 2, 2020.

>/s/ Peter H. Weinberger
>Peter H. Weinberger