# EXHIBIT A

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Peter Weinberger; Kaspar Stoffelmayr |
| **Subject:** | Track 1B - Public Nuisance Instructions |
| **Date:** | Saturday, March 28, 2020 12:01:30 PM |
| **Attachments:** | Public Nuisance Instructions 3-24-20 - drc edits 2.pdf |

Dear Liaison Counsel:

Please forward this to the appropriate attorneys working on Track 1B.

The Court, Special Masters, and staff have worked hard to draft what we believe are clear and accurate Ohio public nuisance jury instructions for the Track 1B case.  This has proven to be a very difficult task.  Please review them carefully.  The Court will only entertain two types of comments:

1.  If you feel anything is incorrect as a matter of law, what is the error, what is the legal support for your position, and what do you propose as an alternative; or

2.  If you feel anything would not be understandable to the jury, or would create significant confusion, what you propose as an alternative with the appropriate legal support.

Please respond by April 10, 2020.

Thank you.

-David


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**1**

## CORPORATE DEFENDANTS

The Defendants are corporations. Corporations can be held liable for their acts or omissions, just as you or I can. As corporations, they can act or fail to act only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons.

## PUBLIC NUISANCE - INTRODUCTION

I will now instruct you on Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant caused a public nuisance based on its conduct in distributing or dispensing prescription opiates.

Let me define for you the legal terms "nuisance" and "public nuisance."

"**Nuisance**" means the wrongful invasion by one person of the legal right or interest of another.[1]

A **'public nuisance'** is an unreasonable interference with a right held by the public in common.[2] A public nuisance includes an interference with public health or public safety.[3]

For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1. The Defendant engaged in *intentional conduct* that caused a significant interference with a public right to health or safety; or

2. The Defendant engaged in *unlawful conduct* that caused a significant interference with a public right to health or safety.

---

[1] *Taylor v. Cincinnati*, 55 N.E.2d 724 (Ohio 1944); *Kramer v. Angel's Path, L.L.C.*, 882 N.E.2d 46 (Ohio Ct. App. 2007) (same).

[2] *See* Restatement (Second) of Torts § 821B cmt. g ("It is not, however, necessary that the entire community be affected by a public nuisance, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right or it otherwise affects the interests of the community at large.")

[3] *Id.*

**3**

Please remember that you are being asked to determine only whether one or more of the Defendants caused a public nuisance.  You are not being asked to determine whether there should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants caused a public nuisance, the Court will determine the remedy.

## PUBLIC NUISANCE – INTENTIONAL CONDUCT

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result.[4] A person intends an act when that act is done purposely, not accidentally.[5] The intent with which a person acts is known only to that person.[6] There are two ways to prove a person's intentional conduct.[7] One, when a person expresses its intent to others.[8] Or two, when a person somehow indicates its intent by its conduct.[9]

For you to find a person intended to cause a public nuisance, it is enough that the person intended to act and that the act caused the public nuisance.[10] It is not necessary for you to find that the person intended that the act would cause the public nuisance.[11]

---

[4] OJI 621.05(3).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017) (quoting *Angerman v. Burick*, 2003-Ohio-1469, ¶ 10, 2003 WL 1524505 (Ohio App. 2003); Doc #: 2715-2 at 17.

[11] *Id.*

**5**

## PUBLC NUISANCE – UNLAWFUL CONDUCT

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited, or failing to act in a certain way that is required.  Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by statute, ordinance, or regulation.  And unlawful conduct also occurs when a statute, ordinance, or regulation requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know that its conduct is unlawful for an unlawful act to occur.

**6**

**PUBLIC NUISANCE – CAUSATION**

Under both of the two ways of proving a public nuisance, a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety.  Let me explain something about causation.

An individual defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the type of conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if the Plaintiff can show, by the greater weight of the evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause the public nuisance.

**7**

## PUBLIC NUISANCE – CONCLUSION

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

Even if you find that a particular Plaintiff proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, if you also find that the same Plaintiff failed to prove its public nuisance claim by the greater weight of the evidence against any other Defendant, then your verdict must be for that other Defendant.

If you find that a Plaintiff did not prove its public nuisance claim by the greater weight of the evidence against any of the Defendants, then your verdict must be against that Plaintiff for all of the Defendants.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly.  Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor or any other Plaintiff or any other Defendant.

The verdict form will guide you through this process.

**8**

| | |
|---|---|
| **From:** | Peter H. Weinberger |
| **To:** | David R. Cohen (David@SpecialMaster.Law); Kaspar Stoffelmayr |
| **Subject:** | RE: Track 1B - Public Nuisance Instructions |
| **Date:** | Friday, April 10, 2020 8:18:55 AM |

SM Cohen:

Plaintiffs agree to these instructions and reserve the right to comment on or oppose any modifications suggested by the defendants.

Pete

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Saturday, March 28, 2020 1:01 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>; kaspar.stoffelmayr@bartlitbeck.com
**Subject:** Track 1B - Public Nuisance Instructions

Dear Liaison Counsel:

Please forward this to the appropriate attorneys working on Track 1B.

The Court, Special Masters, and staff have worked hard to draft what we believe are clear and accurate Ohio public nuisance jury instructions for the Track 1B case.  This has proven to be a very difficult task.  Please review them carefully.  The Court will only entertain two types of comments:

1.  If you feel anything is incorrect as a matter of law, what is the error, what is the legal support for your position, and what do you propose as an alternative; or

2.  If you feel anything would not be understandable to the jury, or would create significant confusion, what you propose as an alternative with the appropriate legal support.

Please respond by April 10, 2020.

Thank you.

-David


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com
Spangenberg Shibley & Liber

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

**10**

| | |
|---|---|
| **Subject:** | Track 1B - Defendants' Comments on Draft Instructions |
| **Date:** | Friday, April 10, 2020 at 4:03:41 PM Mountain Daylight Time |
| **From:** | Alex Harris |
| **To:** | David Cohen |
| **CC:** | xALLDEFENDANTS-MDL2804-Service, mdl2804discovery@motleyrice.com |
| **Attachments:** | MDL 2804 - Track 1B Defs' Comments on Draft Instructions.pdf |

Special Master Cohen,

As you requested, I have attached some comments from Defendants on the preliminary draft public nuisance jury instructions you circulated on March 28.

In Defendants' view, it is premature to draft instructions on public nuisance before the Court determines which, if any, of Plaintiffs' theories of liability are legally valid and supported by the evidence. As you noted, drafting these instructions can be a complicated and difficult task. Only after the Court's rulings will it be possible to craft instructions limited to viable theories of liability and capable of guiding the jury through those theories with the needed clarity and simplicity.

As you will see in the attached document, Defendants have provided some initial comments to improve the accuracy and clarity of the preliminary draft instructions. Based on the directions you gave us, rather than include all of the issues or arguments raised (or that will be raised) in our motions to dismiss and motions for summary judgment, we have focused on a limited number of issues we believe are most critical at this early stage.

These comments on the preliminary draft instructions should not be understood to waive any objections to any future draft or proposed jury charge. Our comments also should not be understood to waive any objections to these draft instructions, or our right to request different or additional instructions. Those objections and requests will be made at the appropriate time and in accord with the Court's scheduling orders. Furthermore, at the close of the evidence, we intend to preserve our full set of requests and objections on the record, as permitted by Rule 51.

Please let us know if you have any questions or issues accessing the PDF.

BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**11**

## CORPORATE DEFENDANTS

The Defendants are corporations. Corporations can be held liable for their acts or omissions, just as you or I can. As corporations, they can act or fail to act only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons.

Please also bear in mind that each corporate Defendant is a separate person under the law even if it is owned by or shares ownership with another Defendant.[1]

---------------------------------------------------------------------------------------------------------------------

Defendants have added a one-sentence clarifying instruction to prevent the jury from being confused regarding whether it may treat all of the corporations in a single family of affiliated entities as one for purposes of evaluating the evidence.  Such confusion could result because the instruction as drafted does not list each of the corporate defendants, nor does it explain to the jury the distinction between a corporation as a distinct legal entity and vernacular uses of the term corporation to refer to a business that may be comprised of multiple legally distinct corporations.  This distinction is potentially important in this case, where Plaintiffs have alleged distribution claims and dispensing claims.  Plaintiffs have alleged that certain named corporations have duties with respect to dispensing, and others have duties with respect to distribution, for example.  ECF 2943 ¶¶ 1-9; ECF 2944 ¶¶ 1-9.

---

[1] A parent and a wholly-owned subsidiary are distinct legal entities.  *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d  470, 477 (2006); *Mutual Holding Co. v. Limbach*, 71 Ohio St.3d 59, 60 (1994) (same). "Likewise, this distinction continues if the parent and the subsidiary act through common employees, have integrated operations, and carry on a close working relationship." *Mafcote, Inc. v. Cont'l Cas. Ins. Co.*, 144 F. App'x 449, 451 (6th Cir. 2005) (applying Ohio law).  Corporate affiliates with the same owner are also legally distinct, even when they coordinate operations and could have been organized as a single entity.  *Minno v. Pro-Fab, Inc.*, 121 Ohio St.3d 464,  467-68 (2009) (rejecting veil-piercing between "sister" corporations with a common owner); *Society Nat. Bank v. Security Fed. S & L*, 71 Ohio St.3d 321 (1994) (restrictive endorsement prohibited bank from crediting account of separate corporation with common owner); *Aedes Assocs. v. Lindley*, 1986 WL 941, *1, 5 (Ohio App. 1st Dist. Jan. 22, 1986) (sales between affiliates are taxable).

## PUBLIC NUISANCE – INTRODUCTION

I will now instruct you on Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant's conduct in [description of the precise conduct Court has found can constitute a public nuisance] constituted ~~caused a~~ a public nuisance.

Let me define for you the legal terms ~~"nuisance" and~~ "public nuisance."

~~"**Nuisance**" means the wrongful invasion by one person of the legal right or interest of another.[2]~~

A '**public nuisance**' is an unreasonable interference with a right held by the public in common.[3] A public nuisance includes an unreasonable interference with public health or public safety.[4]

For a Defendant to be held liable for ~~creating a~~ public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1. The Defendant engaged in ***intentional and unreasonable* conduct** that caused a significant interference with a public right to health or safety; or

2. The Defendant engaged in ***unlawful conduct*** that caused a significant interference with a public right to health or safety.

---

[2] ~~*Taylor v. Cincinnati*, 55 N.E.2d 724 (Ohio 1944); *Kramer v. Angel's Path, L.L.C.*, 882 N.E.2d 46 (Ohio Ct. App. 2007) (same).~~

[3] *See* Restatement (Second) of Torts § 821B cmt. g ("It is not, however, necessary that the entire community be affected by a public nuisance, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right or it otherwise affects the interests of the community at large.")

[4] *Id.*

Please remember that you are being asked to determine only whether one or more of the Defendants ~~caused a~~is liable for a public nuisance. You are not being asked to determine whether there should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants ~~caused~~ is liable for a public nuisance, the Court will determine the remedy.

-------------------------------------------------------------------------------------------------------------

Defendants propose four substantive changes to this instruction.

*First,* they propose clarifying that the public nuisance, if it exists, is Defendants' alleged *conduct,* not the effects of that conduct. As originally phrased, the sentence could be wrongly interpreted by the jury to mean that the nuisance was the condition that resulted from the conduct, as opposed to the conduct itself. Only the latter understanding is consistent with Ohio law. *Cleveland v. JP Morgan Chase Bank, N.A.*, 2013-Ohio-1035, ¶ 9 (8th Dist.) (noting that "the Beretta court . . . define[d] 'unreasonable interference'" to include "'those <u>acts</u> that significantly interfere with public health, safety, peace, comfort, or convenience, <u>conduct</u> that is contrary to a statute, ordinance, or regulation'" (emphasis added)).

*Second,* it is not the province of the jury to determine what constitutes the public nuisance. The Court must do that. *City of Hamilton v. Dilley,* 120 Ohio St. 127, 131 (1929) ("Under all the authorities, it is the province of the court to define a nuisance and the province of the jury to determine whether the circumstances of the particular case come within the definition of a nuisance."). Therefore, the instruction is also modified with a placeholder to add a description of what conduct the Court eventually finds can form a basis for an absolute public nuisance claim.

*Third*, Defendants propose deleting the definition of "nuisance," which, while potentially relevant to private nuisance claims, is not relevant to public nuisance claims like those at issue here. Nuisance is a label that covers two distinct torts: public nuisance and private nuisance. 72 Ohio Jur.3d § 6; Restatement (Second) of Torts § 821A, cmt. c.; *Brown v. County Commissioners of Scioto County*, 87 Ohio App.3d 704, 712 (4th Dist. 2003) (quoting Prosser & Keeton, *The Law of Torts* § 86 at 616 (5th ed. 1984)). Defining "nuisance" in addition to "public nuisance" is at best duplicative and, at worst, could confuse the jury into believing that they can or should find liability based on private nuisances, which have not been pled here.

*Fourth,* Defendants propose instructing the jury that nuisance liability attaches for intentional acts if conduct is both intentional "and unreasonable," which is the correct standard under Ohio law. *See supra* Public Nuisance – Intentional Conduct Instruction.

## PUBLIC NUISANCE – INTENTIONAL AND UNREASONABLE CONDUCT

I told you that a defendant can be held liable for public nuisance if a plaintiff shows, by the greater weight of the evidence, that the defendant engaged in conduct that was both intentional and unreasonable, which caused a significant interference with a public right to health or safety.[5]  Now, let me define some of the terms I just used.

One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result.[6] A person intends an act when that act is done purposely, not accidentally or negligently.[7] The intent with which a person acts is known only to that person.[8] There are two ways to prove a person's intentional conduct.[9] One, when a person expresses its intent to others.[10] Or two, when a person somehow indicates its intent by its conduct.[11]

For you to find a person intended ~~to cause~~ a public nuisance, ~~it is enough~~you must find that the person intended to act and either acted with the purpose to produce a significant interference with public health or safety; knew that the act was significantly interfering with public health or safety; or knew that the act was substantially certain to significantly interfere

---

[5] This change intended to clarify that the conduct must be *both* intentional *and* unreasonable.  *See* OJI 621.05.

[6] OJI 621.05(3).

[7] *Id.*; *see also Kramer v. Angels Path LLC*, 882 N.E.2d 47  (Ohio Ct. App. 2007) at ¶ 21 (negligent conduct constitutes qualified nuisance, as distinct from absolute nuisance).

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

with public health or safety~~caused the public nuisance~~.[12] ~~It is not necessary for you to find that the person intended that the act would cause the public nuisance.~~[13]

Another of those terms is ***"unreasonable conduct."***

***"Unreasonable conduct"*** occurs when the gravity of the harm outweighs the utility of the defendant's conduct.[14]

When deciding the ***gravity of the harm*** to the plaintiff, if any, you should consider factors such as the extent of the harm, the character of the harm, and the ease or difficulty with which the plaintiff could avoid the harm.[15]

When deciding the ***utility of the defendant's conduct***, if any, you should consider factors such as the social value of the primary purpose of the defendant's conduct and the impracticability of preventing or avoiding the defendant's conduct.[16]

---------------------------------------------------------------------------------------------------------------------

Defendants have three primary concerns with this proposed instruction as drafted.

*First,* the definition of the intent required to prove intentional public nuisance is legally incorrect and confusing.  The draft begins by correctly incorporating the model instruction's definition of "intentional conduct" as "when a person acts with the purpose to produce a specific result."  OJI 621.05(3).  But the last paragraph of the draft instruction implies that the only intent required is the intent to act, with no reference to the intended, known, or expected result. That is not the law.  The Restatement explains that "an interference with the public right is intentional if the actor (a) acts for the purpose of causing it, or (b) knows that it is resulting from or is substantially certain to result from his conduct."  Restatement (Second) of Torts §825.  Comment b to that section explains that intending to commit an act, without knowledge of potentially

---

[12] *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017) (quoting *Angerman v. Burick*, 2003-Ohio-1469, ¶ 10, 2003 WL 1524505 (Ohio App. 2003); Doc #: 2715-2 at 17; Restatement (Second) of Torts § 825.~~.~~

[13] ~~*Id.*~~

[14] OJI 621.05(4).

[15] OJI 621.05(5) (modified).

[16] OJI 621.05(6) (modified).

harmful consequences, is not sufficient to support a charge of public nuisance, but "[i]f the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." *Id.* at cmt. b. Ohio law is fully consistent with the Restatement in this respect, requiring that conduct sufficient to create liability for a public nuisance must be both intentional ***and culpable.*** *Kramer v. Angels Path LLC*, 882 N.E.2d 47 at ¶ 20 (Ohio Ct. App. 2007) (*citing Metzger v. Pennsylvania, Ohio & Detriot RR. Co.*, 146 Ohio St. 406 (1946)); *Barnett v. Carr ex rel. Estate of Carr*, No. CA2000-11-219, 2001 WL 1078980, at *13 (Ohio Ct. App. Sept. 17, 2001); 72 Ohio Jur.3d § 5. *See also City of Cincinnati v. Deutsche Bank*, 863 F.3d 474, 477 (6th Cir. 2017) (absolute public nuisance "requires the intentional creation of a public nuisance"); *see also* MDL Dkt. 2861-1, Preliminary Jury Charge Track 1A ("To find that a person intended to cause an interference with a public right means that it did so purposely, not accidentally.")

The *Nottke* case, a private nuisance case cited by the Court in support of its instruction, does not state otherwise. While a plaintiff need not show that the "existence of a nuisance was intended," the plaintiff must at least show that the defendant "intended to bring about the conditions which are in fact found to be a nuisance." *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017). As the opinion explains, activities like "maintenance of roads, buildings, trees, electrical wires, boilers, oil tanks" are not absolute nuisances—even though conducted intentionally—because they do not interfere with public health and welfare so long "properly" conducted. *Id.* On the other hand, intentionally operating a race track may be an absolute nuisance because race tracks are inherently noisy, so intending to operate the track is inherently intending to make noise. *Id.* Therefore, the jury instruction must be altered to make clear that to form the basis of a public nuisance, the defendant must have intentionally taken action that it knew was substantially certain to cause a danger to the public health. Thus, *Nottke* is consistent with the Restatement and Ohio law on this point, but even if it were not, the Restatement and Ohio law should govern.

*Second,* the final sentence of the "intent" paragraph should be deleted for the additional reason that it is erroneous as a matter of law. It defines the *effects* of the nuisance as the "public nuisance," when it is the *conduct* that constitutes the nuisance. *Cleveland v. JP Morgan Chase Bank, N.A.*, 2013-Ohio-1035, ¶ 9 (8th Dist.).

*Third,* the instruction fails to inform the jury that to prove public nuisance based on intentional conduct, Plaintiffs must prove that the conduct that they allege constitutes the nuisances is *both* intentional and unreasonable. Both are required under Ohio law. Restatement (Second) of Torts § 826, cmt. a ("For the common law crime of public nuisance, it was necessary that the interference with the public interest be unreasonable, in the sense that its utility is outweighed by the gravity of the interference with the public right."); *Soukoup v. Republic Steel Corp.*, 78 Ohio App. 87, 88 (Oh. Ct. App. 1946) (applying "intentional and unreasonable" test to case involving alleged air pollution); OJI 621.05; MDL Dkt. 2861-1, Preliminary Jury Instruction Track 1A at p. 10 ("An absolute public nuisance is an intentional and unreasonable interference with a public right."). The instruction as drafted also does not define for the jury what constitutes "unreasonable" conduct. Defendants propose including language based on the Ohio model instructions. *See* OJI 621.05(4)-(6).

**17**

**PUBLIC NUISANCE – UNLAWFUL CONDUCT**

I told you that a defendant can be held liable for public nuisance if a plaintiff shows, by the greater weight of the evidence, that the defendant engaged in unlawful conduct that caused a significant interference with a public right to health or safety.  ~~Next, I~~Let me define the term "*unlawful conduct*."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited, or failing to act in a certain way that is required.  ~~Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited~~. by certain statute~~s~~, ordinance~~s~~, or regulation~~s~~ designed to protect public safety.  ~~And unlawful conduct also occurs when a statute, ordinance, or regulation requires a person to engage in certain conduct, but the person fails to do so.~~ [17] It is not your function to determine what the law requires of Defendants.  That function is the Court's alone.  I will instruct you what the law requires of Defendants. You may not find liability based on any violation other than those I will describe to you in these instructions.

In this case, a Defendant has committed unlawful conduct for purposes of this element of Plaintiffs' claim if that Defendant took one or more of the following actions:

[Insert specific instruction on the elements of each statutory or regulatory violation the Court determines to be supported by the evidence as a possible cause of the alleged public nuisance]

The person does not need to know that its conduct is unlawful for an unlawful act to occur.  However, ~~a~~a

---

[17] Defendants propose deleting this language as duplicative.

**18**

-defendant's activity pursuant to and in compliance with specific statutory authority or a regulatory scheme cannot constitute a public nuisance.[18]

---------------------------------------------------------------------------------------------------------

Defendants' edits to this instruction are designed to address three primary errors of law.

*First,* the instruction, as drafted, would allow *any* violation of a statute or regulation to become the basis of public nuisance liability.  That is not a correct statement of law. The Sixth Circuit has specifically noted that "not every failure to comply with [a regulation] amounts to a public nuisance." *City of Cincinnati v. Deutsche Bank Nat'l Tr. Co.*, 863 F.3d 474, 479 (6th Cir. 2017).  Rather, to recover, a plaintiff must show that the violation "rise[s] to the level of interfering with public health or safety." *Id.  See also* OJI §621.01, *comment* ("The violation of a safety statute creates absolute liability if it is determined that the statute establishes a specific legal requirement for the protection of others.") (collecting authorities).  "Whether the applicable statute establishes a specific safety requirement is a question of law to be decided by the court." OJI § 621.01, *comment*.  Accordingly, Defendants have revised the instruction to make clear that liability can only rest on particular violations previously determined by the Court to be a proper basis for liability.  Defendants have proposed instructions to correct this error, and left a placeholder for the Court to describe which violations meet that standard.

*Second,* the instruction, as drafted, implies that it is the jury's function to determine what constitutes a violation of a safety statute.  But such legal determinations are for the Court, not the jury.  *United States v. Hill*, 167 F.3d 1055, 1069 (6th Cir. 1999) ("Furthermore, it is within the sole province of the court to determine the applicable law and to instruct the jury as to that law" (*quoting In re Air Crash Disaster,* 86 F.3d 498, 523 (6th Cir.1996)) (internal quotation marks omitted).  The jury can only determine whether the defendants committed whatever conduct the Court has previously ruled would be sufficient to establish nuisance liability.  Defendants have proposed changes in the instruction to make that clear.

*Third,* Defendants have proposed the instruction referenced in OJI § 621.09, which clarifies that if conduct fully complies with applicable regulations, that conduct cannot form the basis of nuisance liability.  The authority in support of that proposition is listed in footnote 19.

---

[18] OJI 621.09; *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 713 (1993) ("Since a pollution control facility operates under the sanction of law, it cannot be a common-law public nuisance. This is but another way of saying that although it would be a nuisance at common law, conduct which is fully authorized by statute or administrative regulation is not an actionable tort." (internal citations omitted)); Restatement (Second) of Torts § 821B, cmt. f ("Although it would be a nuisance at common law, conduct that is fully authorized by statute, ordinance or administrative regulation does not subject the actor to tort liability.")

### PUBLIC NUISANCE – CAUSATION

Under both of the two ways of proving a public nuisance, a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct foreseeably and directly ***caused*** an interference with a right to public health or safety.

***"Foreseeability"*** does not ask whether the Defendant should have foreseen the harm exactly as it happened to the specific Plaintiff. The test is whether under the circumstances a reasonably careful person would have anticipated that an act or failure to act would likely result in a significant interference with a right to public health or safety.[19]

***"Direct cause"*** is an act or failure to act that in the natural and continuous sequence directly produced the interference with public health or safety, and without which the interference would not have occurred.[20]

Let me further explain something about causation. ~~An individual defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes.~~ There may be more than one direct cause of a significant interference with a right to public health or safety ~~public nuisance~~. The fact that some other cause or causes combined with a Defendant's conduct in creating the ~~public nuisance~~interference does not

---

[19] OJI 401.07.

[20] OJI 405.01(2); see also *Cincinnati v. Deutsche Bank National Trust Co.*, 863, F.3d 474, 480 (6th Cir. 2017) (stating that in addition to foreseeability, proximate cause "requires some direct relation between the injury and the injurious conduct"); *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1147–48 (Ohio 2002) (stating that in addition to foreseeability, proximate cause "requires some direct relation between the injury and the injurious conduct").

relieve that Defendant from liability if the Plaintiff can prove that the ~~type of~~ conduct the

Defendant engaged in was a ***substantial factor*** in creating the ~~public nuisance~~interference.[21]

~~Conduct is a substantial factor if the Plaintiff can show, by the greater weight of the~~

~~evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause~~

~~the public nuisance.~~

--------------------------------------------------------------------------------------------------------------------

The draft instruction departs from Ohio law in at least four critical ways:

*First*, the draft instruction omits the model instruction's definition of direct causation[22] and includes only the "(ADDITIONAL)" instruction for when there are multiple direct causes. *See* OJI § 405.01.  Whether there are multiple direct causes that contributed to the alleged injury is a question of fact for the jury and requires a definition of direct causation.  Defendants suggest inserting "directly" before "***caused***" in the first sentence and inserting a paragraph derived from the model instruction. *See* OJI 405.01(2) ("PROXIMATE CAUSE DEFINED. '(Proximate) (Direct) cause' is an act or failure to act that in the natural and continuous sequence directly produced the (injury) (death) (damages) and without which the (injury) (death) (damages) would not have occurred."); *see also Cincinnati v. Deutsche Bank National Trust Co.*, 863 F.3d 474, 480 (6th Cir. 2017) (causation for Ohio public nuisance claim requires "some direct relation" between the injury and injurious conduct); *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1147–48 (Ohio 2002) (adopting same test for public nuisance); *Cleveland v. Ameriquest Mort. Secs., Inc.*, 615 F.3d 496, 502 (6th Cir. 2010) ("[T]he requirement of a direct injury . . . applies even if the Defendants intentionally caused the alleged course of events.").

*Second*, the draft instruction omits the threshold foreseeability requirement.  Causation for public nuisance claims under Ohio law must be both direct and foreseeable.  *Deutsche Bank*, 863 F.3d at 480 ("In addition to foreseeability, '[proximate cause] requires some direct relation between the injury and the injurious conduct.'"); *Cleveland v. Ameriquest Mort. Secs., Inc.*, 615 F.3d 496, 502 (6th Cir. 2010) ("[T]he requirement of a direct injury is . . . distinct from foreseeability . . . .").  Defendants propose inserting "foreseeably" in the first sentence and inserting a paragraph defining foreseeability based on the model instructions.  *See* OJI 401.07; *see also* OJI 405.03 (cross-referencing OJI 401.07).

*Third,* the draft instruction incorrectly and confusingly describes causation as based on the "type of conduct" rather than the actual conduct of the Defendant.  The model instruction requires a plaintiff to prove that the defendant's conduct caused plaintiff's alleged injury.  As written, the draft instruction would allow the jury to find causation even if it was definitively

---

[21] OJI 405.01(3)(B)

[22] The model instruction directs the Court to describe causation as either "proximate" or "direct."  *See* OJI 405.01.  Defendants believe the word "direct" is less confusing and more accessible to jurors.

shown that a defendant's conduct played no role in the alleged interference with a public right, which is incorrect as a matter of law.[23]

*Fourth*, the last sentence of the draft instruction incorrectly equates causation with foreseeability—*i.e.*, "reasonably be expected to cause the public nuisance"—which is contrary to binding Sixth Circuit precedent on causation for Ohio public nuisance claims.  *See, e.g.*, *Deutsche Bank*, 863 F.3d at 480; *Ameriquest*, 615 F.3d at 502.  The language in the last sentence of the draft instruction appears to be drawn from a Court order in Track 1-A that cites a Seventh Circuit decision describing the standard for denying summary judgment based on causation.  *See* Doc. # 2561 at 6, 8 (citing *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 758 (7th Cir. 2011)).  In addition to being contrary to Sixth Circuit precedent, whether or not evidence is sufficient to create a question of fact sufficient to withstand summary judgment is not the standard by which the jury determines liability.  The last sentence of the proposed instruction does not appear in the model instruction and should be omitted.

As noted in the cover email, the final causation instructions (like the other jury instructions) will need to be crafted in light of the theories and evidence presented at trial, and Defendants reserve their rights to take a final position on the correct causation standard at the appropriate time.

---

[23] As just one illustration, the draft instruction would permit a jury to conclude that a drunk driver caused an injury to the plaintiff even if she had nothing to do with the accident in which the plaintiff was injured.  After all, the "type of conduct" the drunk driver engaged in "could reasonably be expected to cause [an accident]."

## PUBLIC NUISANCE – CONCLUSION

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant, each of which is a separate person, even if the corporation is owned by or has the same ownership as another Defendant.[24]

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

Even if you find that a particular Plaintiff proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, if you also find that the same Plaintiff failed to prove its public nuisance claim by the greater weight of the evidence against any other Defendant, then your verdict must be for that other Defendant.

If you find that a Plaintiff did not prove its public nuisance claim by the greater weight of the evidence against any of the Defendants, then your verdict must be against that Plaintiff for all of the Defendants.

------------------------------------------------------------------------------------------------------------

Defendants have added language to clarify that each individual corporation must be

---

[24] Parent corporations are not liable for the torts of their subsidiaries and affiliates are not liable for each other's torts as long as they maintain a separate corporate existence. 11 Ohio Jur. 3d Business Relationships § 105; *Industrial Research Corp. v. General Motors Corp.*, 29 F.2d 623, 625 (N.D. Oh. 1928); *North v. Higbee Co.*,131 Ohio St. 507, 512 (1936); *Kentucky Electric Power Co. v. Norton Coal Mining Co.*, 93 F.2d 923, 926 (6th Cir. 1938).

**23**

evaluated individually, regardless of its corporate ownership structure.  Without the insertion, the jury would be confused regarding whether it should or could aggregate evidence concerning the legal duties of different corporations which belong to the same corporate family.

| | |
|---|---|
| **From:** | david@specialmaster.law |
| **To:** | Kaspar Stoffelmayr; Peter Weinberger |
| **Subject:** | Re: Jury Instruction Response - AMENDED |
| **Date:** | Tuesday, April 21, 2020 3:23:49 PM |

I set a due date of 4/24 but that is only 3 days from now, I meant 4/29, after the hearing with the Court.

-d

========================

This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, April 21, 2020 12:47 PM
**To:** kaspar.stoffelmayr@bartlitbeck.com <kaspar.stoffelmayr@bartlitbeck.com>; Peter Weinberger <pweinberger@spanglaw.com>
**Subject:** Jury Instruction Response

*[Kaspar and Pete, please forward as appropriate]*

Dear Counsel:

The paragraph below was written by JPolster regarding your submissions on the public nuisance instructions.  As noted there, he would like a response from Ps to Ds' suggested changes.  This is in addition to my earlier directive (also prompted by JP) regarding the corporate separateness instructions.

I know you are all working on other submissions, so let's set a due date of 4/24.

-d

Plaintiffs initially said they were fine with our proposed instructions, but reserved the right to respond to whatever defendants suggested.  Defendants made wholesale changes.  I want Plaintiffs to respond to what Defendants proposed.  Specifically, I want to know if Plaintiffs believe defendants have correctly stated the law, and if not, why not.

========================
This email sent from:

David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**Subject:**    Opiate: CT1B Jury Charge

**Date:**    Wednesday, April 29, 2020 at 3:45:50 PM Mountain Daylight Time

**From:**    Sheila Schebek

**To:**    David Cohen

**CC:**    mdl2804discovery@motleyrice.com, xALLDEFENDANTS-MDL2804-Service

**Attachments:** 20200429 SM Cohen re proposed jury charges w attachment.pdf

<span style="color:red">External E-mail</span>

Dear Special Master Cohen:  Please see the attached correspondence.

Sheila Schebek
Client and Case Services Manager
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
SMS@spanglaw.com | www.spanglaw.com
Spangenberg Shibley & Liber

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# SPANGENBERG

## SHIBLEY & LIBER

### TRIAL LAWYERS

—— COMMITMENT. INTEGRITY. RESULTS. ——

PETER H. WEINBERGER, OF COUNSEL
WILLIAM HAWAL
PETER J. BRODHEAD, OF COUNSEL
DENNIS R. LANSDOWNE
STUART E. SCOTT
NICHOLAS A. DICELLO
JEREMY A. TOR
DUSTIN B. HERMAN
KEVIN C. HULICK
JERADON Z. MURA

CRAIG SPANGENBERG
(1914-1998)

NORMAN W. SHIBLEY
(1921-1992)

JOHN D. LIBER
(1938-2013)

April 29, 2020

**<u>Via Email at david@specialmaster.law</u>**
Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113-1837

**Re:** ***In re: National Prescription Opiate Litigation***, MDL No. 2804

Dear Special Master Cohen:

This letter is in response to your April 21, 2020 request, on behalf of the Court, that Plaintiffs advise if Defendants' April 10, 2020 proposed modifications to the Court's proposed jury charge for CT1B correctly state the law and if not, why not. As set forth below, Defendants propose changes that are legally incorrect and attempt to reargue issues this Court has already resolved in previous summary-judgment rulings.[1] Plaintiffs enclose a redlined version of the instructions you circulated on March 28, 2020 with what Plaintiffs believe to be legally appropriate edits that address some of Defendants' concerns.

As an initial matter, it bears noting that, on March 28, you instructed the parties to identify any language in the Court's proposed public nuisance jury instruction for the Track 1B trial that they believed to be confusing or incorrect as a matter of law. On April 10, Defendants provided only a partial response. Defendants have taken the position that they may ignore the Court's instruction and instead may hold certain existing arguments regarding the legal sufficiency of this jury instruction until trial. Plaintiffs disagree. This Court has broad discretion to manage this litigation and if the defendants chose to ignore this deadline, they do so at their peril. Moreover, in the modifications they did propose, Defendants also appear to have ignored your March 28 instruction that the Court would only entertain two types of comments: (1) concerns that an instruction is "incorrect as a matter of law," or concerns that an instruction "would not be understandable to the jury, or would create significant confusion."

<u>*Defendants' Proposed Changes to "Corporate Defendants" Instruction:*</u>

Defendants previously agreed to use a standard instruction on defendant corporations among those agreed upon in CT1, in which multiple entities within the same corporate family were also defendants. *See* Doc. 2715-1 at 2. Defendants have not identified any differing law in CT1B that would require a different instruction here. Defendants

---

[1] In one respect, while disagreeing with Defendants' (deliberately incomplete) proposed language regarding the "Public Nuisance - Statutory Violations" instruction, Plaintiffs do agree that the Court should advise of the laws, designed to protect the public safety, allegedly violated.

suggest that a unique instruction is necessary here because some entities engaged in different conduct than others. That appears to be a moot point in the current posture. Moreover, the present context. Moreover, it is not meaningfully different than in CT1, where, for example, certain Actavis or Teva-owned entities asserted that they engaged in no branded marketing. As a compromise, however, Plaintiffs propose that rather than using Defendants' language, which interjects unnecessary commentary, the Court simply instruct that: "Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined."

<u>*Defendants' Proposed Changes to Public Nuisance – Introduction:*</u>

*First,* it bears noting that Defendants have done an about face on the nature and definition of a public nuisance. Previously, they asked the Court to instruct that: "The County Governments claim that the public nuisance is the crisis of opioid misuse and abuse in the counties." They also asked that the Court frame the public nuisance as "[an epidemic of prescription opioid abuse OR an epidemic of non-prescription, illegal opioid abuse.]" Doc. 2715-3. Now, Defendants claim that "the public nuisance, if it exists," is only "Defendants' alleged *conduct,* not the effects of that conduct." (emphasis in original). Then, they attempt to remove any reference to "causing" or "creating" a public nuisance from the public nuisance instructions. Plaintiffs also object to instructing that the conduct must be "unreasonable." Unreasonableness is already covered by their proposed language in the preceding instruction requiring an unreasonable interference. A second, separate unreasonableness requirement would only cause confusion.

This Court has already ruled on this issue. Defendants ignore that ruling, and also distort the same precedent cited by the Court. In its Opinion and Order on the Motion of Plaintiffs Cuyahoga and Summit Counties for Partial Summary Adjudication of their Equitable Claims for Abatement of an Absolute Public Nuisance, the Court described the "harm and conduct elements" of a public nuisance claim as "interrelated" and "intertwined." *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804, Doc. #1890, 2019 WL 4194272, at *1 (N.D. Ohio Sept. 4, 2019). It therefore found that "[w]hether the opioid crisis constitutes a public nuisance is a question that must await full airing of the facts at trial." *Id.* at *2. It did not suggest that the opioid epidemic could not be a public nuisance, nor did it suggest that the jury must receive a non-standard definition of public nuisance in this case.

In that ruling, the Court recognized that "[u]nder Ohio law, "it is the province of the court to define a nuisance and the province of the [finder of fact] to determine whether the circumstances of the particular case come within the definition of a nuisance." *Id.* at *3 (quoting *City of Hamilton v. Dilley*, 165 N.E. 713, 714 (Ohio 1929)) (alteration in original). Defendants now attempt to twist the case-law cited in that ruling to argue the court must define limited, case-specific facts or circumstances as a nuisance for the jury. That, of course is not what the Court held or Ohio law requires. The definition of a public nuisance is well settled: "Ohio follows the Restatement of the Law (Second) Torts, which broadly defines public nuisance as 'an unreasonable interference with a right common to the general public.'" *Id.* (quoting *Cincinnati v. Beretta U.S.A.*, 768 N.E.2d 1136, 1142 (Ohio 2002) (quoting Restatement § 821B(1)). That is the definition to be applied.

Notably, in that regard, the introductory language in the Ohio Pattern Jury Instructions, even in the context of damages claims, omit the type of case-specific nuisance definition Defendants seek here. *See* 1 CV Ohio Jury Instructions 621.05 ("Absolute nuisance–intentional acts") ("1. PLAINTIFF'S CLAIM. The plaintiff claims that the defendant created a nuisance and the nuisance caused damages to the plaintiff."); 1 CV Ohio Jury CV 621.01 (Absolute nuisance–statutory violation) (1. PLAINTIFF'S CLAIM. The plaintiff claims that the defendant created a nuisance and the nuisance caused damages to the plaintiff.). Although the Ohio Pattern Instructions (1 CV Ohio Jury Instructions 621.05) include a subsequent instruction on "Intentional Conduct" which may describe the specific conduct, they do not adopt the approach Defendants suggest. Further, it would only confuse the jury to interject Defendants' vague proposed placeholder regarding the nature of their conduct in this case.

Special Master Cohen
April 29, 2020
Page 3 of 7

*Second*, Defendants seek to remove any reference to whether they "caused" a public nuisance and replace it with a reference to being "liable" for public nuisance. The Court appropriately avoided legalese in favor of plain, understandable language. Plaintiffs therefore suggest that it reject this change. Alternatively, if the Court is inclined to revise this language, Plaintiffs suggest it use is "responsible for" rather than "liable."

*Third*, Plaintiffs have no issue with the deletion of a separate definition of "nuisance." A definition of "public nuisance" will suffice.

<u>*Defendants' Proposed Changes to Public Nuisance – Intentional Conduct:*</u>

*First*, Plaintiffs object to Defendants' proposed addition to the first paragraph, which purports to be a duplicative, unnecessary and potentially confusing summary of another instruction, and to impose a second, duplicative unreasonableness requirement. For the same reason, Plaintiffs object to Defendants' proposed addition of "Unreasonable" to the title of this instruction.

*Second,* Defendants' proposed language regarding what is necessary for this element is confusing and internally inconsistent. They suggest instructing that: "For you to find a person intended a public nuisance, you must find that the person intended to act and either acted with the purpose to produce a significant interference with public health or safety; . . ." In saying that to intend a nuisance, one must intend a significant interference with public health or safety, Defendants equate the "nuisance" with the "interference" – precisely what they said would be incorrect in any other instruction. They are not, however, entitled to pick and choose different definitions of "nuisance" depending on which element of the claim is at issue.

Further, Ohio law makes clear that it is the conduct which must be intentional, not the resulting injury. Defendants' attempt to distinguish *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017), is unavailing. There, the Court explained that: "Intentional, in this context, means not that a wrong or the existence of a nuisance was intended but that the creator of it intended to bring about the conditions which are in fact found to be a nuisance." *Id.* (quoting *Angerman v. Burick*, 2003-Ohio-1469, ¶ 10, 2003 WL 1524505 (Ohio App.)). It further stated that "[f]ollowing that rule," Courts have found that intentionally engaging in conduct such as building and operating a motorcross track, or in construction or manufacturing, could be a nuisance where those operations created a great deal of noise, even though the intent was to engage in the activity, not to cause noise. *See id.* (rejecting argument that certain case types should be written off as a "supposed 'outlier' approach"). Stated differently, "[w]here the harm and resulting damage are the necessary consequences of just what the defendant is doing. . ."the intentional conduct element is satisfied. *Id.* at 864(emphasis added). This is entirely consistent with the Restatement's understanding of intentional conduct. *See*Restatement (Second) of Torts §825. Nevertheless, as a compromise, Plaintiffs have proposed straightforward language tracking the Restatement in the attached redline.

*Third,* Defendants' proposed definition of intent is legally incorrect and confusing. As explained above, the jury need not find that Defendants' intended to harm the public health and safety. By Defendants' own admission, it is the acts, or conduct, that must be intentional (or unlawful). Specifically, they argue that it is their "conduct" that (allegedly) "constitute[s] a public nuisance." Moreover, Defendants' proposed language is found nowhere in the pattern instructions, which focus on the intent to perform "an act" — not to cause the harm.

Defendants also propose to add "or negligently" to the Court's language stating that: "A person intends an act when that act is done purposely, not accidentally.[5]" Adding an instruction on negligence would be an inappropriate modification. It would also likely confuse the jury, which is not being instructed on what negligence means. The Court's language is consistent with the pattern instructions and appropriate.

Additionally, Plaintiffs note that, to the extent that Defendants seek a specific mention of their alleged misconduct, this, would also be the place to include that language, not the preceding instruction. *See* 1 CV Ohio Jury Instructions 621.05 ("Absolute nuisance–intentional acts") (stating, in damages context, that "you must find by the greater weight of the evidence that the defendant intentionally and unreasonably (*describe intentional activity conducted by defendant*) which (caused [annoyance] [injury] [inconvenience] to) (endangered the [comfort] [health] [safety] of) the plaintiff).

*Fourth,* Defendants' lengthy proposed definition of "unreasonable" is based on their modification of Ohio Pattern Jury Instructions.  These modifications are a selective use of factors which are geared towards private nuisances, not a public nuisance such as this.  *Compare* Restatement 827 ("The rules stated in this Section are applied to conduct that results in a private nuisance, as defined in § 821D. Similar rules may be, and usually are, applied to conduct resulting in a public nuisance, as defined in § 821B.").  This analysis is already built into the definition of "unreasonable interference" applied in CT1.  That definition is the law of the case, and is also more concise and understandable to a jury.  Specifically, in its Opinion and Order regarding the Plaintiffs' summary-judgment motion on their equitable public nuisance claims, the Court stated:

> The Ohio Supreme Court has explained:

> > "Unreasonable interference" *includes those acts* that significantly interfere with public health, safety, peace, comfort, or convenience, conduct that is contrary to a statute, ordinance, or regulation, or conduct that is of a continuing nature or one which has produced a permanent or long-lasting effect upon the public right, an effect of which the actor is aware or should be aware. Id., Section 821B(2).

> *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804, 2019 WL 4194272, at *1 (N.D. Ohio Sept. 4, 2019) (emphasis in original).  The Court further noted "the Restatement's express inclusion of "significant interference with the public health" as one of the "(c)ircumstances that may sustain a holding that an interference with a public right is unreasonable."  *Id.* at *2 n.3 (quoting Restatement 821B(2)(a)).  Thus, the instructions may simply explain that conduct is unreasonable if it entails a significant interference with the public health or safety. (In this respect, the unreasonableness element is already addressed in other instructions, which require a finding of such a significant interference.  Its inclusion here is therefore unnecessary.

<u>*Defendants' Proposed Changes to Public Nuisance – Unlawful Conduct:*</u>

*First*, Plaintiffs object to the proposed addition to the first paragraph, which is a duplicative, unnecessary and potentially confusing summary of another instruction.

*Second,* Defendants propose to interject lengthy verbiage into the definition of "Unlawful conduct" which offers no guidance to the jury, and is likely to lead to confusion; at the same time, Defendants would delete concise, instructive language.  Plaintiffs object to Defendants proposal to alter the first three sentences of the definition of "Unlawful conduct."[2]  Plaintiffs further object to the addition of Defendants' proposed language stating:

> It is not your function to determine what the law requires of Defendants.  That function is the Court's alone. I will instruct you what the law requires of Defendants.  You may not find liability based on

---

[2] Plaintiffs would not, however, oppose editing the Court's language, if modified to state: "'Unlawful conduct' can occur either by acting in a certain way that is prohibited, or failing to act in a certain way that is required, by statutes, ordinances, or regulations designed to protect public safety."  To address both this proposed modification and Defendants' other comments, however, Plaintiffs have proposed a separate modification.

any violation other than those I will describe to you in these instructions.  In this case, a Defendant has committed unlawful conduct for purposes of this element of Plaintiffs' claim if that Defendant took one or more of the following actions. [Insert specific instruction on the elements of each statutory or regulatory violation the Court determines to be supported by the evidence as a possible cause of the alleged public nuisance].

To address Defendants' concerns regarding instruction on a "safety" statute, the Court could, however, instruct that: "The federal and Ohio Controlled Substances Acts and their accompanying regulations are specific legal requirements designed for the protection of others."

Defendants are also wrong to attempt to insert language stating: "However,  a defendant's activity pursuant to and in compliance with specific statutory authority or a regulatory scheme cannot constitute a public nuisance," after the sentence stating: "The person does not need to know that its conduct is unlawful for an unlawful act to occur."  By definition, unlawful conduct is not conduct that complies with a statutory or regulatory scheme.  Defendants' proposal is incorrect and falsely suggests a caveat that does not exist.  Actions in violation of a statutory scheme, such as the CSA, are not expressly authorized by law, and therefore are not shielded from nuisance liability. The only reason defendants seek to include their proposed language is thus to confuse the jury.

*Defendants' Proposed Changes to Public Nuisance – Causation:*

Defendants' attempt to rewrite the proposed causation instruction is both incorrect in multiple respects, and likely to confuse the jury.  Plaintiffs object to Defendants' proposal in its entirety.

*First*, Defendants are wrong to suggest that the requirement that Defendant's conduct be a direct cause is distinct from foreseeability.  This wrong premise is the foundation of their proposed instruction.  Such language is found nowhere in the model instructions and would confuse the jury.  And, their attempt to heighten the legal standard is particularly inappropriate in a public nuisance case.  On public nuisance claims, "where the welfare and safety of an entire community is at stake, the cause need not be so proximate as in individual negligence cases." *NAACP v. AcuSport, Inc.*, 271 F. Supp. 2d 435, 497 (E.D.N.Y. 2003); *see also City of New York v. Beretta U.S.A. Corp.*, 315 F. Supp. 2d 256, 282 (E.D.N.Y 2004).  Defendants are wrong to claim that *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1147–48 (Ohio  2002) held that "in addition to foreseeability, proximate cause 'requires some direct relation between the injury and the injurious conduct'"). The language they quote simply applied basic requirements referencing directness; it did not state that this requirement is "in addition to" foreseeability.

Defendants propose a requirement of "foreseeably and directly causing" an interference with a public right and then separate definitions of "direct cause" and "foreseeable" that implies they are separate concepts.  Their proposal is both incorrect and confusing.  If the court wishes to give a "proximate cause" or "direct cause" instruction" it could use the language from the Pattern Instructions, which provides only: *See* CV 405.01 Proximate cause [Rev. 2/11/17], 1 CV Ohio Jury Instructions 405.01 ("PROXIMATE CAUSE DEFINED. '(Proximate) (Direct) cause' is an act or failure to act that in the natural and continuous sequence directly produced the (injury) (death) (damages) and without which the (injury) (death) (damages) would not have occurred.')."  As explained below, however, the substantial factor language proposed, and the avoidance of legalese, is both a correct and preferred approach.

*Second*, any proximate cause instruction should make clear that the touchstone of proximate cause is foreseeability. Proximate cause has been defined as follows: "A person is not responsible for injury to another if his negligence is a remote cause and not a proximate cause. **A cause is remote when the result could not have been reasonably foreseen or anticipated as being the natural or probable cause of any injury.**" *Halloran v. Barnard*, 2017-Ohio-1069, ¶ 5 (emphasis added). "Directness" is also a matter for the "legal cause" prong. *See Ohio v. Carpenter*, 2019 WL

181898 (Ohio Ct. App. Jan. 14, 2019); *see also Liriano v. Hobart Corp.*, 170 F.3d 264, 271 (2d Cir. 1999) ("When a defendant's negligent act is deemed wrongful precisely because it has a strong propensity to cause the type of injury that ensued, that very causal tendency is evidence enough to establish a prima facie case of cause-in-fact."); *Brown v. Wal-Mart Stores, Inc.*, 198 F.3d 244 (6th Cir.1999). Further, under Ohio law, "proximate causation is broader with regard to intentional acts than it is for negligent acts." *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F.Supp.2d 771, 783 (N.D. Ohio 1998) (J. Gwinn); *see also* Restatement (Third) of Torts § 33(b) (2010). The Court captured this concept, concisely and without legalese, in proposing to instruct that: "Conduct is a substantial factor if the Plaintiff can show, by the greater weight of the evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause the public nuisance."

Here, again, Defendants are effectively seeking to overturn prior summary judgment rulings in CT1. In its Opinion and Order denying summary judgment motions challenging causation, the Court reasoned that "[b]ecause Plaintiffs have presented evidence that shows they have suffered the sort of injury that would be an expected consequence of the alleged wrongful conduct, Plaintiffs have done enough to withstand summary judgment on this issue," showing they could establish causation by meeting this standard. Opinion and Order Regarding Defendants' Summary Judgment Motions on Causation, *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804, 2019 WL 4178617, at *4 (N.D. Ohio Sept. 3, 2019) (explaining that "a factfinder could reasonably infer these failures were a substantial factor in producing the alleged harm suffered by Plaintiffs"); *see also, e.g., Empire Title Servs., Inc. v. Fifth Third Mortg. Co.*, 2013 WL 1337629, at *9 (N.D. Ohio Mar. 29, 2013) ("Once a plaintiff presents evidence that he suffered the sort of injury that would be the expected consequence of the defendant's wrongful conduct, he has done enough to withstand summary judgment on the ground of absence of causation.'") (quoting *BCS Services, Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 758 (7th Cir.2011).

To address what they believe to be Defendants' concerns, Plaintiffs have proposed language including an additional definition in the attached redline with additional language, including a definition of "substantial factor."

Overall, it is well established that the applicable standard is whether defendant's conduct was a substantial factor in causing the public nuisance. *See* Plaintiffs' Proposed Instruction No. 19; *Pang v. Minch*, 53 Ohio St.3d 186, 559 N.E.2d 1313 (1990) (quoting Restatement (Second) of Torts § 433B(2)). Under Ohio law, when multiple wrongdoers each contribute to a combined harm, courts routinely apply the "substantial factor" test to the issue of causation. Indeed, in such cases the substantial factor test "has found general acceptance" and "is an improvement over the 'but-for' rule." Prosser and Keeton, Law of Torts § 41, p. 267 (5th ed. 1984); *see also* Dan B. Dobbs, Paul T. Hayden and Ellen M. Bublick, The Law of Torts § 189, p. 635 (2nd ed. 2011) (succinctly stating the rule as "all defendants who are substantial factors in the harm are factual causes").[3]

---

[3] The threshold inquiry for the substantial factor rule is whether the defendant's wrongful conduct had "a substantial as distinguished from a merely negligible effect in bringing about plaintiff's harm." Restatement (Second) of Torts § 431, comment b (1965). The inquiry can be broken down into two separate questions: (1) whether "the evidence permits a reasonable finding that the defendant's conduct had some effect" in bringing about plaintiff's harm; and (2) "whether the effect was substantial rather than negligible." Restatement (Second) of Torts § 431, comment b (1965). "The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in a popular sense, in which there always lurks the idea of responsibility, rather than the so-called 'philosophical sense,' which includes every one of the great number of events without which any happening would not have occurred." *Horton v. Harwick Chem. Corp.*, 1995-Ohio-286, 73 Ohio St. 3d 679, 686, 653 N.E.2d 1196, 1202, *overturned due to legislative action* (Sept. 2, 2004) (quoting Restatement (Second) of Torts § 431, comment a). Plaintiffs have included language tracking this Restatement language regarding the substantial factor rule in the attached redline.

Special Master David Cohen
April 29, 2020
Page 7 of 7

_Defendants' Proposed Changes to Public Nuisance – Conclusion:_

Plaintiffs object to Defendants' attempt to add a needless, duplicate special instruction on corporate defendants that are within a corporate family.

Plaintiffs do, however, believe that there are a couple of paragraphs in the Court's proposed conclusion that are unnecessary, redundant, and could be confusing to a jury. We recommend their deletion in the attached redline.

Plaintiffs, in submitting this response and their April 10, 2020 response, have taken seriously the Court's admonition that they should not raise any issue other than perceived legal error or legitimate concern for confusion.  Because defendants have not abided by that admonition and have proposed numerous changes that are legally incorrect, Plaintiffs urge the Court to reject Defendants' proposed modifications, except as set forth above.

Respectfully submitted,

Peter H. Weinberger
_pweinberger@spanglaw.com_

PHW/ss
Enclosure

cc:     2804 Discovery, MDL <mdl2804discovery@motleyrice.com>;
        xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

## CORPORATE DEFENDANTS

The Defendants are corporations. Corporations can be held liable for their acts or omissions, just as you or I can. As corporations, they can act or fail to act only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.[1]

---

[1] Plaintiffs would accept this language to address Defendants' concerns.

## PUBLIC NUISANCE - INTRODUCTION

I will now instruct you on Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant caused a public nuisance based on its conduct in distributing or dispensing[2] prescription opiates.

Let me define for you the legal terms ~~"nuisance" and~~ "public nuisance."

~~**"Nuisance"** means the wrongful invasion by one person of the legal right or interest of another.[3][4]~~

A **'public nuisance'** is an unreasonable interference with a right held by the public in common.[5] A public nuisance includes an unreasonable[6] interference with public health or public safety.[7]

For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1. The Defendant engaged in ***intentional conduct*** that caused a significant interference with a public right to health or safety; or

2. The Defendant engaged in ***unlawful conduct*** that caused a significant interference with a public right to health or safety.

---

[2] Plaintiffs recognize "or dispensing" will be omitted.

[3] ~~*Taylor v. Cincinnati*, 55 N.E.2d 724 (Ohio 1944); *Kramer v. Angel's Path, L.L.C.*, 882 N.E.2d 46 (Ohio Ct. App. 2007) (same).~~

[4] Plaintiffs do not oppose Defendants' proposal to omit this "nuisance" definition.

[5] *See* Restatement (Second) of Torts § 821B cmt. g ("It is not, however, necessary that the entire community be affected by a public nuisance, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right or it otherwise affects the interests of the community at large.")

[6] Plaintiffs do not oppose this change, which Defendants have proposed.

[7] *Id*.

Please remember that you are being asked to determine only whether one or more of the Defendants caused a public nuisance. You are not being asked to determine whether there should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants caused a public nuisance, the Court will determine the remedy.

**PUBLIC NUISANCE – INTENTIONAL CONDUCT**

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result.[8] A person intends an act when that act is done purposely, not accidentally.[9] The intent with which a person acts is known only to that person.[10] There are two ways to prove a person's intentional conduct.[11] One, when a person expresses its intent to others.[12] Or two, when a person somehow indicates its intent by its conduct.[13]

For you to find a person intended to cause a public nuisance, it is enough that the person intended to act and knew or should have known that an interference with public health or public safety would result, or was substantially certain to result, from its conduct.[14]that the act caused the public nuisance.[15] It is not necessary for you to find that the person intended that the act would cause the public nuisance.[16]

---

[8] OJI 621.05(3).

[9] *Id*.

[10] *Id.*

[11] *Id*.

[12] *Id.*

[13] *Id.*

[14] Plaintiffs would accept this language to address Defendants' concerns.

[15] *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017) (quoting *Angerman v. Burick,* 2003-Ohio-1469, ¶ 10, 2003 WL 1524505 (Ohio App. 2003); Doc #: 2715-2 at 17.; Restatement (Second) of Torts §825.

[16] *Id.*

## PUBLC NUISANCE – UNLAWFUL CONDUCT

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited, or failing to act in a certain way that is required. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a "safety" statute, ordinance, or regulation. And unlawful conduct also occurs when a "safety" statute, ordinance, or regulation requires a person to engage in certain conduct, but the person fails to do so.  A "safety" law is one that imposes specific legal requirements for the protection of others.  The federal and Ohio Controlled Substances Acts and their accompanying regulations are specific legal requirements designed for the protection of others.[17] [18]

The person does not need to know that its conduct is unlawful for an unlawful act to occur.

---

[17] Plaintiffs would accept the proposed modifications reflected here to address Defendants' concerns.

[18] Congress expressly recognized in enacting the Controlled Substances Act ("CSA") that "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people."  21 U.S.C. § 801(2).  As the Drug Enforcement Administration ("DEA") has explained, "even just one distributor that uses its DEA registration to facilitate diversion can cause enormous harm."  Letter from Joseph T. Rannazzisi, Deputy Assistant Adm'r, Off. of Diversion Control, Drug Enf't Admin., U.S. Dep't of Justice, to Cardinal Health (Sept. 27, 2006), filed in *Cardinal Health, Inc. Inc. v. Holder*, No. 1:12-cv-00185-RBW (D.D.C. Feb. 10, 2012), ECF No. 14-51.  Ohio law likewise requires, among other things that wholesalers obtain licenses and comply with legal requirements concerning distribution of "dangerous drugs," for the protection of the public.  *See* R.C. § 4729.51.

### PUBLIC NUISANCE – CAUSATION

Under either~~both~~ of the two ways of proving a public nuisance, a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety. Let me explain something about causation.

An individual defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the ~~type of~~ conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has "some effect" and that effect is "substantial rather than negligible."[19]  In this context, the word "substantial" has a particular meaning, which may differ from the way you use the word in ordinary conversation. "The word 'substantial' is used to describe a Defendant's conduct that has such an effect in producing the harm as to lead reasonable person to regard that conduct as a cause of the harm.

In addition, the Plaintiff must ~~can~~ show, by the greater weight of the evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause an interference with public health and safety.[20]  Defendants do not, however, need to foresee the specific harm that occurred.[21]

.

---

[19] Restatement (Second) of Torts § 431, comment *b* (1965).
[20] *Halloran v. Barnard*, 2017-Ohio-1069, ¶ 5.
[21] Plaintiffs would accept the proposed language shown in redline to address Defendants' concerns.

**40**

## PUBLIC NUISANCE – CONCLUSION

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

Even if you find that a particular Plaintiff proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, if you also find that the same Plaintiff failed to prove its public nuisance claim by the greater weight of the evidence against any other Defendant, then your verdict must be for that other Defendant.

If you find that a Plaintiff did not prove its public nuisance claim by the greater weight of the evidence against any of the Defendants, then your verdict must be against that Plaintiff for all of the Defendants.[22]

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor or any other Plaintiff or any other Defendant.

---

[22] Because this language duplicates direction provided in the preceding paragraphs of this instruction, Plaintiffs suggest deleting these two paragraphs to avoid confusion.

The verdict form will guide you through this process.

| | |
|---|---|
| **From:** | Molly Rucki |
| **To:** | Peter H. Weinberger; Kaspar Stoffelmayr |
| **Cc:** | Dan Polster; david_specialmaster.law |
| **Subject:** | CT1B Public Nuisance Instructions |
| **Date:** | Thursday, May 28, 2020 7:24:46 AM |
| **Attachments:** | Public Nuisance Instructions.pdf |

Counsel:

Please see attached the public nuisance jury instructions that Judge Polster intends to use at trial. I am sending this email to you as liaison counsel; please forward as appropriate.

Thanks,
Molly


**Molly Rucki**

*In Re: National Prescription Opiate Litigation* MDL Clerk
Law Clerk to Hon. Dan A. Polster
216-357-7197
Molly_Rucki@ohnd.uscourts.gov

**43**

## CORPORATE DEFENDANTS

The Defendants are corporations. Corporations can be held liable for their acts or omissions, just as you or I can. As corporations, they can act or fail to act only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

## PUBLIC NUISANCE - INTRODUCTION

I will now instruct you on Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant distributed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance.

Let me define for you the legal term *"public nuisance."* A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1. The Defendant engaged in *intentional conduct* that caused a significant interference with a public right to health or safety; or

2. The Defendant engaged in *unlawful conduct* that caused a significant interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

## PUBLIC NUISANCE – INTENTIONAL CONDUCT

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew or should have known that an interference with public health or public safety would result, or was substantially certain to result, from their act. It is not necessary for you to find that the person intended that the act would cause the public nuisance.

**46**

## PUBLIC NUISANCE – UNLAWFUL CONDUCT

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

The person does not need to know that their conduct is unlawful for an unlawful act to occur.

**47**

## PUBLIC NUISANCE – CAUSATION

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct **_caused_** an interference with a right to public health or safety. Let me explain something about causation.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a **_substantial factor_** in creating the public nuisance. Conduct is a substantial factor if it has some effect and that effect is substantial, rather than negligible. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance.

In addition, the Plaintiff must show, by the greater weight of the evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

48

## PUBLIC NUISANCE – CONCLUSION

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict form will guide you through this process.