# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE** | ) | **CASE NO.  5:00 CV 0000** |
| | ) | |
| | ) | |
| **vs.** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| | ) | |
| | ) | **JURY  INSTRUCTIONS - CIVIL CASE** |
| **JANE ROE** | ) | |
| | ) | |
| | ) | |

Members of the Jury:

You have now heard all of the evidence as well as the closing arguments and it is time for me to instruct you about the law you must follow in deciding this case.  After I conclude my instructions, you will begin your deliberations.

## Duties of the Jury

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and

nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second job is to take the law that I give you, apply it to the facts, and decide if Plaintiff has proven by a preponderance of the evidence that Defendant is liable for [claims].  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have spoken about the law during final argument.  But if what they say is different from what I tell you, you must follow what I say.  What the Court instructs you about the law controls.

Do not let any bias, sympathy or prejudice that you feel toward either side influence your decision in any way.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  All parties are equal in the eyes of the law.  Corporations stand on equal footing, and size is not to be considered.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just decision regardless of the consequences.

**<u>Burden of Proof</u>**

In this case, Plaintiff is required to prove all the elements of its claim by a preponderance of the evidence. This duty is known as the burden of proof.

**Preponderance of the Evidence**

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it.  A preponderance means evidence that is more probable, more persuasive, more likely, or of greater probative value.  It is the quality of the evidence that must be weighed. Quality may, or may not, be related to the quantity of witnesses.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence, regardless of who produced it.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

The evidence in this case consists of testimony, and documents and other tangible items such as hose samples that were entered into evidence.  In your deliberations, you may review the documents and you may handle the hose samples or other tangible exhibits – all of which stand on equal footing with the testimony.

## **Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.   The lawyers' questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  And I may have ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all these things.  Do not even think about them. Do not speculate about what a witness might have said.  You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## **Consideration of Evidence**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Direct and Circumstantial Evidence**

Earlier, I instructed you on the two types of evidence: "direct evidence" and "circumstantial evidence."  As you may recall, direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

Legally, there is no difference between direct and circumstantial evidence.  The law does not say that one is necessarily any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**<u>Inferences from Evidence</u>**

The law permits you to draw reasonable inferences from the evidence that has been presented. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In other words, while you should consider only the evidence in the case, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in light of your common experience.

### Credibility of Witnesses

You may hear the lawyers talk about the "credibility" or the "believability" of the witnesses. These words mean the same thing. Part of your job as jurors is to decide how believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should, of course, act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  First, ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to clearly see or hear what was happening, and may make a mistake.

(B)  Next, ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)  Next, ask yourself how the witness looked and acted while testifying. Did the witness seem to be honestly trying to tell you what happened? Or did the witness seem to be lying?

(D)  Next, ask yourself if the witness had any relationship to either side of the case, or anything to gain or lose that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant testimony in favor of one side or the other.

(E)  Next, ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did anything off the stand that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less

believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(F)  Finally, ask yourself how believable the witness's testimony is in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## **<u>Impeachment</u>**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact, or whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## **Charts and Summaries**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the records, and other documents which are in evidence in the case.  However, such charts or summaries are not in and of themselves evidence or proof of the facts.  If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

### **Opinion Evidence  -  Expert Witness**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses."  Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  The credibility of an expert witness should be evaluated in the same manner as the credibility of any other witness.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

### **Number of Witnesses**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

### Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the law concerning an implied warranty of merchantability.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  You the jurors are the sole judges of the credibility of all witnesses, and the weight and effect of all evidence.  But remember that your decision must be based only on the evidence that you saw and heard here in court.

## APPLICABLE  LAW

### General

To be provided by counsel

**<u>Introduction to Deliberation Procedures</u>**

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will be your spokesperson for you here in court.

Once you start deliberating, do not talk to the courtroom deputy or to me or to anyone else about the case.  We must communicate in writing.  Write down your message, have the foreperson sign it, and then give it to the courtroom deputy.  He will give it to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-4, or 8-2, or whatever your vote happens to be.  That should remain secret until you are finished.

**Decision Based Only Upon the Evidence Presented**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. This means that you must not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial. Furthermore, do not use the internet to conduct any research concerning this case.

Make your decision based only on the evidence that you saw and heard here in court.

**<u>Unanimous Verdict</u>**

Your verdict, whether it be for Plaintiff or Defendant, must be unanimous.  This means that to find for Plaintiff, every one of you must agree that Plaintiff has proved each of the essential elements of its claim(s) by a preponderance of the evidence.

And to find for Defendant, every one of you must agree that Plaintiff has failed to prove each of the essential elements of its claim(s) by a preponderance of the evidence.

Either way, your verdict must be unanimous.

## **Duty to Deliberate**

When you enter the jury room following the arguments, you are free to talk about the case.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself.   Your sole interest is to seek the truth from the evidence in the case.

## **Verdict Forms**

I have prepared verdict form that you should use to record your verdict.  The form reads as follows:

### **READ VERDICT FORM.**

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in and date it, and then each of you shall sign the form.  Please complete the verdict form in ink.

After you have signed your unanimous verdict, ring the jury buzzer and you will be returned to the courtroom as soon as we have gathered the parties and their counsel.

## **Juror Questions**

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations.  These instructions should answer any question that you have.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## **Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

What time you will begin, what time you will end your day, and when to take a break are up to you.  The only limitation is that you may not begin your deliberating until *all* of you are present.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's jury instructions, the verdict form and the exhibits which have been admitted into evidence.