UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION )<br>)<br>)<br>This document relates to: *All Cases* )<br>)<br>) | MDL No. 2804<br><br>**JUDGE DAN AARON POLSTER**<br><br>Case No. 1:17-md-2804 |

**PLAINTIFFS' NOTICE OF COMPLIANCE WITH
JULY 20, 2020 ORDER (DOC. NO. 3385)**

Plaintiffs, through undersigned counsel, hereby provide notice of their compliance with the directives set forth in the Court's July 20, 2020 Order (Doc. #: 3385) ("*Order*") which was issued in connection with Plaintiffs' Motion to Compel Defendant AmerisourceBergen to Produce Discovery Improperly Withheld and to Show Cause Why It Should Not Be Sanctioned for Its Discovery Misconduct (Doc. #: 3300) (re-filed in un-redacted form at Doc. 3361). Relative to Plaintiffs, the *Order* required the following:

> No later than **September 4, 2020**, Plaintiffs shall submit to the Special Master a proposed order re-opening depositions of ABDC witnesses deposed during Track One for which additional documents from the witnesses' custodial file were produced after Track One. Plaintiffs should bear in mind that questioning may not be duplicative, and the mere fact that re-opening depositions will be allowed does not mean it should automatically be sought for each possible witness. The proposed order shall identify: (i) the proposed witnesses; (ii) the number of new documents produced from each witness's custodial files after Track One discovery closed; and (iii) the proposed time limit for the deposition. The depositions will be conducted at ABDC's expense.[1]

Earlier today Plaintiffs submitted to Special Master Cohen a Proposed Order Re-Opening Depositions of ABDC Track One Deponents ("Proposed Order"). The Proposed Order identified

---

[1] Doc. #: 3385 at p. 3. (Emphasis in original).

the ABDC witnesses proposed to be re-deposed, the number of new documents produced from said ABDC witnesses' custodial files after Track One discovery closed,[2] and the proposed time limit for each deposition. Consistent with the *Order*, Plaintiffs' Proposed Order does not seek to re-open the deposition of each Track One ABDC witness.[3]

Wherefore, as a result of the actions described above, Plaintiffs submit that they have satisfied the directives set forth in the *Order*, and hereby provide this notice to the Court of their compliance with the *Order*.

---

[2] Document totals in the Proposed Order submitted by Plaintiffs were calculated using the custodial information provided by ABDC's production cover letters as well as metadata. This is the same process Plaintiffs used for their initiating motion at Doc. 3300. Because ABDC did not typically include cross-custodial metadata, Plaintiffs did not attempt to assign one document to multiple custodians despite the fact many documents list/include/involve/implicate numerous custodians (*e.g.*, an email from person A to persons B and C should be deemed to be in the custodial files of persons A, B, and C, but ABDC typically only assigned the document to one of them, resulting in an under-counting of documents for certain custodians). Thus, the document totals in the Proposed Order are *understated*. Also, the Proposed Order includes a document total for the ABDC 30(b)(6) deposition, which was calculated using post-CT1 productions from CT1 custodians, CT1 deponents, non-custodial sources (*e.g.*, Energy & Commerce documents), and Volume 297 documents (identified by ABDC as "pre-MDL Collection," but lacking necessary metadata to objectively assign to individual custodians).

[3] Aside from re-opening the 30(b)(6) deposition of ABDC, the Proposed Order seeks to re-open the depositions of 10 of the 16 ABDC witnesses deposed during Track 1. The Proposed Order does not re-open depositions for the following ABDC CT1 deponents: Michael Amen, Elizabeth Garcia, Marcelino Guerreiro, and Celia Weber. Additionally, under a separate stipulation reached with ABDC, the Proposed Order does not currently re-open depositions for ABDC CT1 deponents David May, Steve Mays and Chris Zimmerman. The PEC, by and through Paul T. Farrell, Jr., Esq, as Co-Lead for the PEC and trial counsel in the CT2 bellwether, entered into a stipulation with ABDC for the live testimony of David May, Steve Mays and Chris Zimmerman during the CT2 bellwether trial in exchange for an agreement to exclude those individuals from the scope of the *Order*. The PEC reserves the right to seek re-opening the depositions of David May, Steve Mays and Chris Zimmerman, for good cause, if the CT2 bellwether trial resolves without eliciting testimony to cure evidentiary challenges to documents from these custodial files.

Dated: September 4, 2020

Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
FARRELL LAW
422 Ninth St., 3rd Floor
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*


/s/Peter H. Weinberger
Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of September, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/Peter H. Weinberger
Peter H. Weinberger

*Plaintiffs' Liaison Counsel*