UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) | MDL NO. 2804 <br><br> CASE NO. 1:17-MD-2804 <br><br> Judge Dan Aaron Polster |

### WALGREENS' PARTIAL OBJECTION RE: DISCOVERY RULING 23

Walgreen Co. ("Walgreens") submits the following Objection to Section II.B of the Special Master's Discovery Ruling 23.  ECF No. 3455.  That Ruling concluded that in an MDL, unlike a run-of-the-mill case, there is no limit to a party's ability to raise privilege challenges after fact discovery closes.  That holding is contrary to the mandamus order that the Sixth Circuit has previously issued in this case and other binding precedent.  The Sixth Circuit stated in no uncertain terms that "an MDL court's determination of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, as applied to the record in that case alone. . . . The rules at issue here are the Federal Rules of Civil Procedure, which have the same force of law that any statute does."  *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020).  That settled principle fully applies here.

### BACKGROUND

**I.      The parties negotiated privilege challenges during fact discovery.**

During fact discovery in Track One A, Plaintiffs and Walgreens worked cooperatively on challenges to Walgreens' privilege claims.  This process resulted in Walgreens independently withdrawing a series of privilege claims.  As explained in prior correspondence to the Special Master, Walgreens makes all of its privilege decisions cognizant of this Court's bellwether privilege rulings.  *See* Ex. 4 at 4.   Every time Walgreens has produced documents in response to

a privilege ruling or an agreement with Plaintiffs, it has also reviewed and produced similar documents alongside them. *Id.*; *see also* Ex. 2 at 2.

When Plaintiffs and Walgreens disagreed about further production of documents withheld as privileged in Track One A, Plaintiffs filed a motion for *in camera* review of selected documents. That motion resulted in Discovery Ruling No. 14, Part 4 and its Amendment in February 2019. *See* ECF No. 1387; ECF No. 1395. In those rulings, the Court overruled the vast majority of Plaintiffs' challenges to Walgreens' privilege assertions. *See id.* Walgreens completed its production pursuant to Discovery Ruling No. 14, Part 4 and its Amendment, including the production of similar documents implicated by that ruling, on March 1, 2019.

On March 14, 2019, six weeks after the close of fact discovery, Plaintiffs purported to send Walgreens their "next round" of challenges to documents on Walgreens' Track One A privilege logs. *See* Ex. 1. One week later, Walgreens responded that Plaintiffs' challenges were untimely. *See id.* Because all of the challenged documents (or privilege logs listing withheld documents) had been in Plaintiffs' possession for several months, these challenges could and should have been included among Plaintiffs' earlier challenges. Despite this tardiness, Walgreens nevertheless invited Plaintiffs to explain why any of their belated challenges merited attention after the close of fact discovery.

Plaintiffs never responded to that invitation. Instead, Walgreens did not hear from Plaintiffs again on these challenges for six months. Then, without attempting to meet and confer with Walgreens, and in anticipation of the upcoming Track One A trial, Plaintiffs abruptly requested that the Special Master review the documents in question *in camera*. In that correspondence, Plaintiffs offered no reason why they could not have brought these privilege challenges prior to the close of fact discovery.

2

**II.     The parties agreed to resolve outstanding privilege challenges raised after the close of fact discovery.**

The parties continued to negotiate discovery issues following the cancellation of the Track One A trial.  But over the following eight months, and despite Walgreens' repeated requests, Plaintiffs never offered any reason—much less good cause—for why their privilege challenges should be considered after the close of fact discovery.  Plaintiffs did, however, raise still more privilege challenges to Walgreens' Track One A privilege logs.

In March 2020, Plaintiffs and Walgreens engaged in several meet and confers for the purpose of resolving outstanding discovery issues, which included extended discussions regarding Plaintiffs' outstanding privilege claims.  On May 29, 2020 Walgreens and Plaintiffs reached an agreement that resolved all outstanding privilege challenges as of that date, as recognized by the Special Master in Discovery Ruling 23.  *See* ECF No. 3455 at 3.

In reliance on that agreement, Walgreens produced additional documents in June 2020.  Although not part of the parties' agreement, Walgreens also worked cooperatively with Plaintiffs to answer other questions and provide additional information regarding its production of documents previously withheld pursuant to a claim of privilege.

**III.    Plaintiffs raise additional privilege challenges more than a year after the close of fact discovery.**

In June 2020—more than a year after the fact discovery cut off in Track One A—Plaintiffs attempted to bring yet another round of privilege challenges to Walgreens' Track One A privilege logs.  By this time, all of Walgreens' privilege logs relating to Plaintiffs' Track One A had been in Plaintiffs' possession for at least a year.  Yet again, Plaintiffs did not provide any explanation, let alone good cause, for why their privilege challenges should be considered after the close of fact discovery.  Walgreens attempted to negotiate these privilege challenges with

3

Plaintiffs without Court intervention, but Plaintiffs refused and filed a motion for *in camera* review.  Discovery Ruling 23 followed, and Walgreens files this objection.

## ARGUMENT

Plaintiffs waited for more than a year after the close of fact discovery before raising the challenges at issue to Walgreens' Track One A privilege claims.  They offered no good cause for that significant delay.  Under binding precedent, Plaintiffs have waived these challenges.

**I.    Plaintiffs must show good cause to bring privilege challenges after the close of fact discovery.**

Fact discovery in Track One A closed in January 2019.  Now, more than a year after the close of discovery, Plaintiffs ask this Court to overrule Walgreens' privilege claims and compel production of additional documents.  As with any motion to compel filed after the close of fact discovery, that requires a showing of good cause.  *See United States v. Barron Collier Co*., 2015 WL 13811188, at *4 (D. Ariz. Dec. 24, 2015).

Under Rule 16(b), district courts are required to enter scheduling orders "that limit the parties' time to complete discovery."  *Gucci Am., Inc. v. Guess?, Inc*., 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) (citations omitted).  "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied."  *Id.* at 140 (collecting cases). "Numerous courts . . . have found that absent special circumstances, motions to compel discovery filed after the close of discovery are untimely."  *FedEx Corp. v. United States*, No. 08-2423 MA/P, 2011 WL 2023297, at *4 (W.D. Tenn. Mar. 28, 2011) (collecting cases).

That rule applies equally to privilege challenges.  In *Barron Collier*, the court held that good cause was not satisfied when a party "wait[ed] almost eight months to challenge the

4

Government's assertion of privilege." 2015 WL 13811188, at *4. Instead, the court denied a motion to compel where the challenging party could have brought the challenges "in time for the court to rule on the privilege well before the close of discovery." *Id.* Similarly, in *Cardiac Pacemakers*, the court rejected challenges that a privilege log did not sufficiently set forth the required elements for maintaining a privilege. The court observed that the privilege log had been served years before, and the challenges came "far too late" when they were asserted "long after discovery closed and just ten weeks before the long-scheduled trial." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 2001 WL 699889, at *1 (S.D. Ind. Apr. 26, 2001). Other courts similarly acknowledge that privilege challenges must be made in a timely manner or are waived. *See, e.g.*, *Acosta v. Min & Kim, Inc.*, No. CIV 15-14310, 2017 WL 11317619, at *1 (E.D. Mich. June 21, 2017) (good cause did not exist to compel production where the basis for the privilege was asserted before the fact discovery cut off).

The Sixth Circuit emphasized the requirement to adhere to Court-ordered deadlines in its recent mandamus order in this case. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843-44 (6th Cir. 2020) ("[T]he requirements of the Civil Rules in an MDL case—indeed, the requirements for granting a motion to amend in particular—are the same as those for ordinary litigation on an ordinary docket."). In this case as in any other, it is not permissible to ignore deadlines and good cause standards simply because it might be more efficient for future cases. *See id.*

Plaintiffs seek to limit the mandamus order artificially to its facts—suggesting that it only applies to motions to amend pleadings. That misses the mark. The Sixth Circuit expressly recognized that there is no special "MDL precedent" that alters the timeliness requirements of Rule 16 for an MDL. *Id*. at 844; *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332

5

(N.D. Ill. 2005) (MDL court citing exclusively non-MDL cases in determining the timeliness of a motion to compel filed the day discovery closed).

It is not surprising, then, that MDL courts, just like other federal courts, routinely deny untimely privilege challenges in circumstances exactly like those presented here.  For example, in *In re Seroquel Products Liability Litigation*, plaintiffs brought a motion to compel documents that appeared on a privilege log served ten months before.  No. 6:06-md-1769, 2009 WL 3739347, at *1 (M.D. Fla. Nov. 6, 2009).  The defendant filed a motion to strike for untimeliness, arguing that plaintiffs had raised the privilege challenge "nearly a year late without even attempting to show reasonable cause for the delay." *Id*. at *4.  The MDL court agreed, denying the motion as untimely.  *Id*. at *6.  The court did so despite the fact that discovery had not yet closed and even though plaintiffs argued that the defendant was improperly withholding documents in violation of the court's privilege rulings.  See *id*. at *1-2; *see also Durand v. Hanover Ins. Group, Inc*., 294 F. Supp. 3d 659, 671 (W.D. Ky. 2018) (a court "must first find that the moving party proceeded diligently," and "the movant who fails to show 'good cause' will not be accorded relief . . . merely because the opposing party will not suffer substantial prejudice.").

**II.     Plaintiffs cannot show good cause for their belated privilege challenges.**

In order to show good cause, Plaintiffs must demonstrate that "despite their diligence they could not meet the original deadline." *In re Nat'l Prescription Opiate Litig.,* 956 F.3d at 843-44 (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)).  The burden of establishing good cause lies with Plaintiffs.  *Id*.  Plaintiffs plainly fail to meet that standard here.

Plaintiffs' sole argument in support of "good cause" is that the Court issued "bellwether" privilege rulings when it ruled on individual challenges to other Defendants' privilege claims through December 2019.  *See* Ex. 3 at 2-3.  Plaintiffs argued that they should be permitted to use

6

these rulings to bring privilege challenges for "a decade" if this MDL lasts that long, because their privilege challenges purportedly serve not just the Track One A Plaintiffs, but all MDL Plaintiffs.

This argument fails for multiple reasons.  First, the Court's last privilege ruling cited by Plaintiffs issued in December 2019.  *See* Ex. 3 at 3.  The parties resolved all of their disputes regarding outstanding privilege challenges several months later in May 2020.  *See* ECF No. 3455 at 3.  Plaintiffs have identified no rulings after that date that could form the basis for new privilege challenges in June 2020.  Plaintiffs also failed to explain to the Special Master why *any* privilege ruling post-dating the close of fact discovery changed the privilege landscape in the MDL in a way that would justify additional challenges after January 2019.

Second, the MDL court in *Seroquel* rejected almost identical arguments to Plaintiffs' argument here.  In that MDL case, the defendant was obligated to comply with ongoing privilege rulings just like Defendants in this MDL.  Despite waiting nearly a year before bringing their motion, the plaintiffs argued that the defendant was "erroneously shielding" documents in violation of the court's prior privilege rulings.  2009 WL 3739347, at *3.  The court nonetheless held that plaintiffs' additional challenges—to a privilege log that the defendant "provided ten months prior to the motion"—were "untimely."  *Id.* at *6.

Plaintiffs essentially argue that "good cause" exists because this MDL is so complex that they did not have time to bring all of their privilege challenges before the close of fact discovery.  But the fact "[t]hat Plaintiff's counsel was busy is not a satisfactory justification for the untimely motion" to extend scheduling deadlines.  *Burgos-Martinez v. City of Worcester,* 345 F. Supp. 3d 105, 107 (D. Mass. 2018).  In *Burgos-Martinez*, the court observed that this same justification "has been tried before, and regularly found wanting . . . [m]ost attorneys are busy most of the

7

time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Id*. (quoting *de la Torre v. Cont'l Ins. Co.*, 15 F.3d 12, 15 (1st Cir. 1994)).

Nonetheless, upon a request for reconsideration, the Special Master ultimately concluded that "good cause" exists here largely because of the unique complexity of this MDL:

> Specifically, good cause for any putative delay by Plaintiffs inheres in the context of the parties' ongoing duty in the MDL to comply with serially-released Discovery Orders, the need to test and check parties' compliance with those orders (often with my help), and the overwhelming volume and complexity of discovery issues absorbing everyone's time and attention. Those considerations amount to good cause.

Ex. 5, 9/9/20 Cohen email to Desh.

This is contrary to clear binding precedent and serves to read the "good cause" standard out of Rule 16 all together. It also contradicts the Sixth Circuit's mandamus order. The Sixth Circuit rejected the premise that "efficiency" and the interests of the "MDL as a whole" can be sufficient to establish such cause. *In re Nat'l Prescription Opiate Litig*., 956 F.3d at 844. These considerations are "simply no substitute for the showing of diligence required by the Rule." *Id*.

Plaintiffs failed to meet their burden of showing good cause for their untimely privilege challenges, as the Federal Rules require. They failed to act with any diligence to bring those challenges for more than a year following the fact discovery cut off. The Special Master's Ruling allowing Plaintiffs' June 2020 challenges to Walgreens' Track One A privilege claims should be overruled.[1]

---

[1] Walgreens also objects to the short deadline for filing this Objection. Discovery Ruling 23 issued on September 7, 2020. The Special Master required that "[a]ny party choosing to object to any aspect of this Ruling must do so on or before Thursday, September 10, 2020." ECF No. 3455 at 8. The Special Master refused to extend this deadline at Walgreens' request, including while the parties were submitting motions for clarification and reconsideration. *See* Ex. 5. That is again inconsistent with the Federal Rules, and with the Appointment Order governing this case, both

Dated: September 10, 2020 Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Walgreen Co.*

---

of which provide for a minimum of 21 days to file an objection to the report of a Special Master.  Fed. R. Civ. P. 53(f)(2); ECF No. 69 at 4 & n.2.  For the same reason, Walgreens objects to the deadline to submit documents for *in camera* review, ECF No. 3455 at 8, while an active objection is pending.

9

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 10th day of September 2020, I served a copy of the foregoing via the Court's ECF system to all counsel of record.

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr

*Counsel for Walgreen Co.*