*In re National Prescription Opiate Litigation:* **MDL 2804 (Track 1B Cases)**

**PLAINTIFFS' OMNIBUS RESPONSE TO PHARMACY DEFENDANTS' MOTIONS *IN LIMINE* (DOCS. #3411, #3413-3418, #3420-3423, #3425-3426) AND MEMORANDUM IN SUPPORT**

**Summary Sheet of Concise Issues Raised**

**Response Name:**   Plaintiffs' Omnibus Response to Pharmacy Defendants' Motions *in Limine* (Docs. #3411, #3413-3418, #3420-3423, #3425-3426) and Memorandum in Support

**Responding Parties:** Plaintiffs Summit County and Cuyahoga County

**Exhibits to Response:**

*Exhibit A*: CVS-MDLT1-00009537-540 (Ex. 78 to the 7/30/20 deposition of John M. Gray).

*Exhibit B*: CVS-MDLT1-000099569-570 (Ex. 79 to the 7/30/20 deposition of John M. Gray).

**Concise Description of Requested Relief:**

- **Except as otherwise provided below, Plaintiffs request that the Court deny the Pharmacy Defendants' motions *in limine* in their entirety because they are overbroad, vague, premature, and/or the Pharmacy Defendants have not demonstrated that such evidence is clearly inadmissible on all potential grounds.**

***Pharmacy Defendants' MIL No. 1 (to preclude evidence, argument or comments regarding: 1) the military service, employment, religious affiliation or personal experiences of counsel and staff, and 2) the waiving or donation of attorney's or expert fees, or any portion of any recovery, to charity or for the benefit of the community) (Doc. #3413):*** Plaintiffs do not intend to reference any waiver or donation of attorneys' fees so long as the Pharmacy Defendants do not attack Plaintiffs' attorneys' fees in front of the jury. Plaintiffs also do not intend to offer evidence regarding any of their experts waiving or donating their fees on direct examination. However, to the extent the Pharmacy Defendants attack the expert regarding his or her fees on cross-examination, Plaintiffs should be permitted to rebut that attack with such evidence on re-direct. In all other respects, this MIL should be denied.

***Pharmacy Defendants' MIL No. 2 (To preclude evidence, argument or comments regarding the absence, presence or identity of Defendant's corporate representatives at trial) (Doc. #3414):*** Plaintiffs will comply with the Court's prior ruling regarding references to the absence of corporate representatives. In all other respects, this MIL should be denied.

***Pharmacy Defendants' MIL No. 3 (To preclude testimony or argument negatively characterizing Defendants as large corporations) (Doc. #3415):*** This MIL should be denied in its entirety.

***Pharmacy Defendants' MIL No. 4 (To preclude evidence, argument, and testimony comparing Defendants' conduct to wars, national tragedies, terrorist attacks, the tobacco industry, or any***

1

*comparison of Defendants to such actors) (Doc. #3416):* This MIL should be denied to the extent it would preclude relevant documents in which opioid distributors or others in the industry made similar comparisons themselves.

*Pharmacy Defendants' MIL No. 5 (To preclude evidence or argument that Defendants could have stopped distributing Schedule II controlled substances) (Doc. #3417):* This MIL should be denied in its entirety.

*Pharmacy Defendants' MIL No. 6 (To preclude evidence of civil or criminal investigations or other litigation) (Doc. #3418):* Plaintiffs will comply with the Court's prior rulings regarding evidence of criminal investigations. In all other respects, this MIL should be denied.

*Pharmacy Defendants' MIL No. 7 (To preclude evidence of settlements) (Doc. #3420):* Plaintiffs agree not to reference the dollar amounts of any settlements, or any settlements involving non-opioid products. In all other respects, this MIL should be denied.

*Pharmacy Defendants' MIL No. 8 (To preclude evidence of extraterritorial conduct without establishing a specific nexus to Cuyahoga or Summit County and a Track 1-B Defendant) (Doc. #3421):* This MIL should be denied in its entirety.

*Pharmacy Defendants' MIL No. 9 (To limit testimony of Craig McCann) (Doc. #3425):* This MIL should be denied in its entirety.

*Pharmacy Defendants' MIL No. 10 (To preclude evidence or argument relating to participation in trade associations) (Doc. #3426):* This MIL should be denied in its entirety.

*Rite Aid's MIL (to exclude orders from non-defendant distributors) (Doc. #3423):* This MIL should be denied in its entirety.

- **With respect to the Pharmacy Defendants' preserved objections to the Court's prior evidentiary rulings (Doc. #3411, 3422), Plaintiffs request that the Court enforce those rulings for the reasons set forth in the Evidentiary Order and Plaintiffs' prior motion *in limine* briefing.  See Doc. #3058 (Evidentiary Order); Doc. #2652 (CT1A Ps' MILs); Doc. #2815 (CT1A Ps' MIL Opp.); Doc. #2805 (CT1A Ps' MIL Reply).**

**Filing Date:** September 14, 2020

**Reply Date:** September 28, 2020