IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*ALL CASES* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## DECLARATION OF KARL LOMBERK

I, Karl Lomberk, declare as follows:

1. I am over eighteen years of age and am otherwise competent to make this Declaration.

2. I am the Director of Client Services for Epiq, an expert services and consulting firm that provides independent computer forensics, electronic discovery services, expert testimony and analysis and strategic consulting services to the business and legal community.

3. I have a Bachelor's of Arts degree in Sociology and over 18 years of experience in consulting and litigation technologies that focus on electronic discovery.

4. All the information set forth herein is based on my personal and firsthand knowledge except where otherwise indicated, and if called and sworn as a witness, I could and would competently testify thereto.

1. Between April and July of 2019, Epiq received and ingested data from IQVIA for a production in a matter internally known as IQV0008, and that we understood to be related to the Opioid MDL in the Northern District of Ohio.

2. As part of our service offerings, Epiq offers a technology solution that includes an email threading process that allows Epiq to display only the most "inclusive" email in a thread (i.e., the latest in time email). IQVIA requested that Epiq use the threading technology on the IQV0008 matter.

3. In conducting this threading process, during this time, Epiq used a third-party software tool, Equivio, as part of the email threading process.

4. During the threading process, the Equivio software analyzes the text from all emails and categorizes the emails into thread groupings all originating from the same email.

5. The Equivio software does a bit by bit comparison of the full text of the emails that it is analyzing and determines the most inclusive member of an email thread that contains all of the text of all of the prior emails that make up this thread.

6. Once the Equivio software has determined the inclusive member, any other email that has all of its text wholly contained within the text of the inclusive is marked as non-inclusive and not included in the review universe when conducting a review of emails that have been threaded.

7. Epiq's clients use threading to make the document review process more efficient by allowing the reviewers to see the entire conversation at one time without having to review duplicative documents.

8. While most of the threading process is automated, a secondary manual process is necessary to identify and include in the review universe emails in the thread that contain

"unique" attachments (that is, attachments to an email that were dropped earlier in the thread). This is because typically, when a user replies to an email, the email application removes the attachment from the reply.

9. Epiq used the threading process for review on IQV0008 in 2019.

10. On July 29, 2020, Adam Shoshtari, counsel for IQVIA contacted Epiq requesting that Epiq conduct a search for a specific email attachment that we were advised Plaintiff's counsel suggested may have been omitted from the review set.

11. On July 30, 2020, we advised Mr. Shoshtari that the document was identified as a non-inclusive by Equivio threading and therefore excluded from review.

12. On July 30, 2020, Mr. Shoshtari again asked for additional information because he advised us that the document had a unique attachment and requested a further explanation.

13. Between July 30 and August 4, Epiq continued to conduct its investigation into this issue to provide an explanation as requested by Mr. Shoshtari.

14. On August 4 we completed our investigation and advised IQVIA that the document was part of a set of unique attachments to emails that were neither identified nor included in the Epiq review universe.

15. Our investigation determined that the identified attachment, among other documents, were not included in the review set as a result of a process error during the secondary manual process of the threading procedure which resulted in the attachment not being included in the review set.

3

16. After identifying the error, the secondary manual process was run, and the document was identified within our hosting platform and added to the review universe which was made available to Mr. Shoshtari.

17. As a result of this exercise, Epiq conducted an audit of data processes and has put in place additional controls to mitigate the risk of a reoccurrence.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on this 9th day of September 2020.

Karl Lomberk