# EXHIBIT 3



March 14, 2019

**VIA ELECTRONIC MAIL**
Sharon Desh (sharon.desh@bartlitbeck.com)

Re: *IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION*
MDL No. 2804
PEC's Challenges to Walgreens' Privilege Claims

Dear Sharon:

I write this letter on behalf of the Plaintiffs' Executive Committee ("PEC"). The PEC hereby requests that Walgreens respond to the following questions, requests and challenges.

**Amended Discovery Ruling 14, Part 1**

Pursuant to Amended Discovery Ruling 14, Part 1 (Doc. #: 1380) ("Amended Ruling), Walgreens has waived any claims of privilege over all twenty-seven documents listed on Walgreens' 7/3/2018 privilege log. Moreover, on 3/12/2019 the Court overruled all of Walgreens' objections to the Amended Ruling. *See* Doc. #: 1428. Accordingly, these twenty-seven documents should be produced to the PEC before the end of this week – particularly since these documents are relatively small in number and have already been provided to Special Master Cohen. Please advise regarding the status of production, including when and with which volume they have been or will be produced, as well as the bates numbers for any such documents previously withheld in their entirety.

**PEC's 1/20/2019 & 2/18/2019 Challenges to Walgreens' Privilege Claims**

On January 20, 2019 and February 18, 2019, the PEC served Walgreens with separate rounds of sample challenges to Walgreens' SOMS-related privilege claims. As advised previously, these 1/20/2019 & 2/18/219 sample privilege claims (challenged by the PEC) appear to be SOMS-related, and fall under Judge Polster's 11/21/2018 order (Doc. 1147). Please also note that, as previously advised, we took into consideration Special Master Cohen's follow-up interpretations/directives regarding Judge Polster's 11/21/2018 order, which include that privilege claims relating to SOMS are "dicey" and should be viewed "extremely narrowly". The PEC previously asked Walgreens to advise if it disputed whether these privilege claims are SOMS-related, and if so, to identify which specific privilege claims are not so related, and provide your

specific basis and reasoning for same.  We also asked Walgreens if it was willing to downgrade or modify any of the privilege claims which were challenged by the PEC on 1/20/2019 and 2/18/2019.

We received your letters of 1/29/2019 and 2/18/2019 advising of the downgrades made by Walgreens.  We have not received anything further from Walgreens, so we will provide another round of sample challenges to Special Master Cohen for determination based upon the remaining challenges.  The PEC will be putting this on the agenda for next week's discovery teleconference, however, we will submit our motion for *in camera* review in the same manner as with our 12/18/2018 motion.  If you have any other information to provide consistent with the above or which you believe is important to consider, please advise in advance of next week's discovery teleconference so that we can narrow claims and challenges.

**PEC's Next Round of Sample Privilege Challenges**

The PEC hereby provides Walgreens with our next round of sample challenges to Walgreens' privilege claims.  As with prior challenges, these are being provided by way of the attached spreadsheet – which lists the privilege claims being challenged (incorporating the information from Walgreens privilege log) as well as example bases for the PEC's challenges thereto.  Please advise if Walgreens is willing to downgrade or modify any of the attached privilege claims which are challenged by the PEC, and/or if you have any other information to provide.  Finally, if you would like to discuss any of the matters addressed in this letter, or any other privilege-related matters, please let us know.

Sincerely,

/s/ Anthony Irpino

Anthony D. Irpino

ADI/bz

cc: (via e-mail)
Katherine Swift
Kaspar Stoffelmayr
Jeff Gaddy
Hunter Shkolnik
Salvatore Badala
Laura Dunning
Peter Mougey
Page Poeschke
Pearl Robertson
Plaintiffs' Counsel