# EXHIBIT 6



**From:** **David R. Cohen (David@SpecialMaster.Law)** David@SpecialMaster.Law
**Subject:** Ruling re: Reconsideration Letter
**Date:** September 9, 2020 at 12:43 PM
**To:** Sharon Desh  Sharon.desh@bartlitbeck.com
**Cc:** Pearl Robertson  probertson@irpinolaw.com

Dear Counsel:

I have received Walgreens' letter motion for reconsideration and clarification of my Discovery Ruling No. 23 regarding Privilege Claims (docket no. 3455).  As promised, I am responding promptly.

Although the conclusion on waiver I reached in DR-23 was explicitly couched primarily in terms of "diligence," rather than "good cause," the principal reasoning throughout pages 3-5 of the order was grounded in good cause.  Specifically, good cause for any putative delay by Plaintiffs inheres in the context of the parties' ongoing duty in the MDL to comply with serially-released Discovery Orders, the need to test and check parties' compliance with those orders (often with my help), and the overwhelming volume and complexity of discovery issues absorbing everyone's time and attention.  Those considerations amount to good cause.  Accordingly, I decline to reconsider my conclusion regarding Walgreens' assertion of waiver.

With respect to Walgreens' request for clarification, I grant it:  Privilege claims subject to the parties' agreement, namely those raised in Agenda Item Nos. 232, 252, and 253, are resolved.  To the extent any of Plaintiffs' 53 challenged documents were raised as part of Agenda Item Nos. 232, 252, or 253, those are excluded from the set of documents plaintiffs may challenge for in camera review.  Nor may plaintiffs replace those with other documents to reach the maximum number of challenges.

-David

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Sharon Desh <Sharon.desh@bartlitbeck.com>
**Sent:** Wednesday, September 9, 2020 12:03 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Pearl Robertson <probertson@irpinolaw.com>
**Subject:** Re: ? re 272

Thank you Special Master Cohen.  I have attached our submission.  We will move forward with the current deadlines (including those for identifying documents for in camera review of Plaintiffs' privilege claims) unless we hear otherwise from you.

Sharon

**BartlitBeck** LLP

Sharon Desh | P:  312.494.4445 | C:  301.537.9638 | Sharon.Desh@BartlitBeck.com | 54 West Hubbard Street, Suite 300, Chicago, IL 60654
This message may contain confidential and privileged information.   If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message

On Sep 8, 2020, at 6:53 PM, David R. Cohen (David@SpecialMaster.Law) <David@SpecialMaster.Law> wrote:

I am not inclined to extend these deadlines, as this matter has been pending a long time (which is partly my fault, but there was a lot to work through).  The earliest deadlines fall on Ps.  I will review your MF reconsideration quickly and if it has merit will extend the deadlines then.  Of course, if denied, this motion becomes the template for an objection, if you so choose.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Sharon Desh <Sharon.desh@bartlitbeck.com>
**Sent:** Tuesday, September 8, 2020 5:53 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Pearl Robertson <probertson@irpinolaw.com>
**Subject:** Re: ? re 272

Special Master Cohen,

We are in possession of your order from this morning.  We had been preparing a reply, but instead will submit it as a request for partial reconsideration and clarification.  It is my goal to provide that to you before noon Eastern tomorrow.  Could we ask for an extension of the deadlines in your attached order while that is under review?

Thank you,

Sharon

**BartlitBeck** LLP

Sharon Desh | P: 312.494.4445 | C: 301.537.9638 | Sharon.Desh@BartlitBeck.com | 54 West Hubbard Street, Suite 300, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message

On Aug 26, 2020, at 3:57 PM, Pearl Robertson <probertson@irpinolaw.com> wrote:

Special Master Cohen,

Please find attached the PEC's submission, responding to questions/issued raised during our August 14, 2020 telephone conference.

-Pearl

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Thursday, August 13, 2020 6:14 PM
**To:** Sharon Desh <Sharon.desh@bartlitbeck.com>; Pearl Robertson <probertson@irpinolaw.com>
**Subject:** Re: ? re 272

I believe I understand all of this but it would help for me to have a telecon with the two of you. Can we do a short telecon at 2:00p EST tomorrow?
Dial-in Number: 1.888.346.3950
Participant Entry Code: 7763-3882#

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Sharon Desh <Sharon.desh@bartlitbeck.com>
**Sent:** Thursday, August 13, 2020 9:36 AM
**To:** Pearl Robertson <probertson@irpinolaw.com>
**Cc:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Subject:** Re: ? re 272

I will not belabor the point. I think our positions are clear from the correspondence, and we agreed that future challenges would be dealt with separately. We still think our proposal was a win for both sides, but I suppose it's the nature of this process that we will never see exactly eye to eye on that.

Thanks,

Sharon

**BartlitBeck** LLP

Sharon Desh | P: 312.494.4445 | C: 301.537.9638 | Sharon.Desh@BartlitBeck.com | 54 West Hubbard Street, Suite 300, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message

On Aug 13, 2020, at 8:30 AM, Pearl Robertson <probertson@irpinolaw.com> wrote:

Sharon:

I think your statement is mostly accurate, however, Plaintiffs' would not have agreed to any sort of compromise had they been aware that Walgreens' position was that they would only participate in privilege meet and confers if Plaintiffs agreed to not go to the Court. If this position had been made clear in March 2020, following the DC discovery conference, Plaintiffs would have sought a motion to compel in camera review of the challenged documents and other relief described in the earlier agenda items and restated/incorporated in Agenda Item 272.

-Pearl

Get Outlook for iOS

**From:** Sharon Desh <Sharon.desh@bartlitbeck.com>
**Sent:** Thursday, August 13, 2020 5:10:09 AM
**To:** Pearl Robertson <probertson@irpinolaw.com>
**Cc:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Subject:** Re: ? re 272

Thank you Pearl. I think our understanding here is mostly the same.

To clarify, however, Plaintiffs did still bring challenges arising from March / September 2019 and February 2020 through Agenda Item 272 (both individual challenges and broader arguments), which is what I described as a breach of our agreement - and which is

confirmed by the response below.

I agree that the parties did not fully come to resolution on future discrete challenges to Track One A logs (as relevant here, those submitted in June 2020).  But Walgreens did propose the same compromise (as reflected in Exhibit F) - that we would consider downgrades based on Plaintiffs' requests as long as additional challenges were not brought to the Court.

I want emphasize that it is absolutely Walgreens' position that Plaintiffs have waived their June 2020 challenges (which I understand now to be the only challenges at issue in Agenda Item 272).   These challenges not only could have been brought during fact discovery, they could have also been brought at any time prior to the Track One A trial, or in the year following the close of fact discovery.  That is a cushion not available to most parties, and only available here due to Plaintiffs' strategic operation of the Track One A trial.  I also want to emphasize that no substantive response has been provided from Plaintiffs on the waiver point, where we feel the case law is clear.

The parties appear to agree - whether through Court orders or compromises - that all privilege challenges to Walgreens through May 2020 have been resolved.  Walgreens is always willing to entertain challenges to Track One B or Track Three privilege logs, but it is our position that challenges to Track One A privilege logs must be closed.

Thank you,

Sharon

**BartlitBeck** LLP

Sharon Desh | P:  312.494.4445 | C:  301.537.9638 | Sharon.Desh@BartlitBeck.com | 54 West Hubbard Street, Suite 300, Chicago, IL 60654

This message may contain confidential and privileged information.   If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message

> On Aug 12, 2020, at 11:55 PM, Pearl Robertson <probertson@irpinolaw.com> wrote:
>
> Special Master Cohen,
>
> I've reviewed various correspondences and notes in an effort to provide a wholesome response to your question.  First, I want to be clear that I interpret your question to relate only to the outstanding disputes relative to Plaintiffs' CT1A challenges (March 2019, submitted to you in September 2019) and Plaintiffs' February 2020 challenges.  (Agenda Items 232 & 253).  If this is incorrect, and you are asking over the existence of an absolute agreement, then my answer is much shorter: I don't believe that there is or was any sweeping agreement by Plaintiffs to never raise any future privilege dispute to the Court in order to engage in meet and confers with Walgreens; thus, once this position was made clear by Walgreens, plaintiffs submitted Agenda Item 272.
>
> Substantive response: Through meet and confers, the Parties narrowed the privilege disputes.  On May 29, 2020, Walgreens represented that they would downgrade documents from Plaintiffs prior challenges (Agenda Items 232, 253) <u>only if</u> Plaintiffs did not push challenges to the Court.  This offer was taken to the Plaintiffs' Walgreens team so they could decide to either receive select downgraded documents or push for in camera review as ordered during the March 2020 discovery conference.  Plaintiffs opted to receive the downgraded documents.  On June 4, 2020, Walgreens made their production and Plaintiffs' reviewed the documents and returned correspondence to Walgreens regarding a few production issues and 13 documents "still in dispute."  (June 11, 2020 letter, attached). Thereafter, Sharon and I conferred a number of times and quite nearly reached agreement to resolve the issues…however, on June 19, 2020, Plaintiffs served their next round of privilege challenges on Walgreens.  We met and conferred a week or so later and learned that Walgreens was only willing to engage in future/continuous privilege discussions if Plaintiffs agreed, prior to receiving any response from Walgreens, to forgo any right to escalate any (past, present, future) privilege disputes to the Court.  Consequently, meet and confer discussions ceased, Walgreens condition was reported to the Plaintiffs' team, and the July submission followed.  Plaintiffs did not at any time agree to any condition precedent for future privilege challenges with Walgreens (which is the impetus for Plaintiffs' submission of Agenda Item 272).
>
> If the above does not fully answer your question, or raises new questions, I am available to talk tomorrow at any time except between 2-3 ET.
>
> Thank you for your patience in waiting for my response,
>
> Pearl
>
> ---
>
> **From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
> **Sent:** Wednesday, August 12, 2020 6:25 PM
> **To:** Sharon Desh <Sharon.desh@bartlitbeck.com>
> **Cc:** Pearl Robertson <probertson@irpinolaw.com>
> **Subject:** Re: ? re 272
>
> **Sharon**, thank you for this response.  I agree you should not divulge informal correspondence between you and Pearl unless necessary, I understand there were references to other team members (I saw hints of this).  I await Pearl's response.  **Pearl**, I don't mean to put you in a difficult position vis-a-vis your team member, but I need to know what transpired and whether you agree with Sharon's understanding that there was an agreement.
>
> -d
>
> ========================
> This email sent from:
> David R. Cohen Co. LPA
> 24400 Chagrin Blvd., Suite 300
> Cleveland, OH 44122
> 216-831-0001 tel
> 866-357-3535 fax
> www.SpecialMaster.law

**From:** Sharon Desh <Sharon.desh@bartlitbeck.com>
**Sent:** Wednesday, August 12, 2020 6:16 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Pearl Robertson <probertson@irpinolaw.com>
**Subject:** Re: ? re 272

Special Master Cohen,

The agreement that we reached with Plaintiffs on May 29 was oral.  It resulted in my email to you explaining that we had resolved the agenda items that Plaintiffs now say have been resurrected.  Please see attached.

I acknowledge now that I should have followed up with Plaintiffs and gotten the terms of this agreement in writing.  However, as explained, we did produce documents in reliance on this agreement and I believed that both parties were operating pursuant to it.

I have had other correspondence with Pearl (both informal written correspondence and oral correspondence) which I believe confirms this.  I have not included all of that correspondence here, since I respect my relationship with Pearl and don't necessarily want to include things that were exchanged just between us.  But I believe that in good faith we did come to the agreement I described, that it resolved these agenda items, and that we were working cooperatively pursuant to that agreement up until the time of Plaintiffs' privilege filing.

Thank you,

Sharon

**BartlitBeck** LLP

Sharon Desh | P:  312.494.4445 | C:  301.537.9638 | Sharon.Desh@BartlitBeck.com | 54 West Hubbard Street, Suite 300, Chicago, IL 60654

This message may contain confidential and privileged information.   If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message

> On Aug 12, 2020, at 5:06 PM, David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> wrote:
>
> **Sharon**, I have reviewed your 7/29/20 letter to me regarding privilege issues, and the exhibits thereto.  Several of those exhibits refer to an agreement that you assert Walgreens and Ps reached, which included not submitting privilege issues to me.  Context suggests this understanding was obtained between you and Pearl, whom I copy on this email.
>
> Exhibit D to your 7/29/20 letter states, "on May 29 the parties came to an agreement on privilege downgrades."  But I am not seeing any letter / email of that date that documents this agreement ... am I missing something?  More broadly, although you refer several times in various emails and letters to Walgreens' agreement with Ps, I am not finding any document that shows **Plaintiffs**' statement that there is an agreement, or adoption of Walgreens' understanding.  Can you supply this?
>
> You need not make the point that, if there was no agreement, Ps would have said so in response to your various communications saying there was.  I get that, but this argument essentially asks me to accept a silent after-the-fact implication, rather than the showing me an explicit agreement itself.
>
> **Pearl**, I ask you also to supply any information on this point, including whether Ps assert there was no such agreement -- and if so, when and where they said so to Walgreens.
>
> -d
>
> ========================
> This email sent from:
> David R. Cohen Co. LPA
> 24400 Chagrin Blvd., Suite 300
> Cleveland, OH 44122
> 216-831-0001 tel
> 866-357-3535 fax
> www.SpecialMaster.law
>
> <2020-6-11 PEC Ltr re WAG Privilege Downgrades.pdf>

<2020-8-26 PEC Ltr Resp. to Walgreens' Waiver Argument.pdf>