IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) | MDL 2804 |
| | ) | Case No. 1:17-md-2804-DAP |
| This document relates to: | ) ) | |
| | ) | Judge Dan Aaron Polster |
| *All MDL Tribal Cases* | ) | |

**FOND DU LAC BAND OF LAKE SUPERIOR CHIPPEWA
REQUEST FOR LEAVE OF COURT TO FILE MOTION FOR REMAND
TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

The opiates epidemic is an existential threat to Tribes, with Indian Country being harmed at multiples above the rest of the U.S. population. The Fond du Lac Band of Lake Superior Chippewa, a federally-recognized Tribe and sovereign government under the U.S. Constitution and the laws of the United States, respectfully makes its Request for Leave of Court to File a Motion for Remand of its Complaint to the U.S. District Court for the District of Minnesota for discovery and trial, and for the Court to treat this filing as such a motion and to grant it.

1. Federally-recognized Tribes have a government-to-government relationship with the United States and are not subsumed within, nor are they subdivisions of, the States, or any municipality or county. See the *Amicus Curiae* Brief filed on behalf of Tribes and tribal organizations dated October 5, 2018 (Doc. # 1026). There are currently pending in MDL No. 2804 a total of 176 tribal cases on behalf of 408 federally-recognized Tribes and 17 inter-tribal organizations covering 85% of all Tribal citizens. In addition, Tribes and tribal organizations representing a total of 448 tribes signed the Amicus Curiae Brief in support of the Blackfeet Tribe and the Muscogee (Creek) Nation.

1

2.      On April 11, 2018, the Court specifically recognized the unique litigant status of Tribes and entered *Case Management Order One* (Doc. # 232), which states in paragraph 2(d), "[t]he Court will issue a supplemental case management order addressing the Indian Tribes cases." Additionally, this Court on June 4, 2018, entered *Order Re: Workload Reassignment* (Doc #459) establishing a separate MDL track for Tribes. Within this Tribe track and through the guidance of Special Master Cathy Yanni, scores of litigating Tribes established a Tribal Leadership Committee in this MDL that has been working closely together and cooperatively with the PEC in this MDL, as well as in the Purdue Pharma bankruptcy proceeding.

3.      National, generalized liability discovery in MDL No. 2804 is well advanced.

4.      The Court has implemented a "hub and spoke" approach that resulted in remand of a number of selected cases for trial, including a singular Tribal case filed by the Cherokee Nation. Additionally, the Cherokee Nation, with approximately 385,000 tribal members and the largest tribe in the United States with vast infrastructure and resources, presents as a different plaintiff than almost all the rest of the other federally-recognized Tribes.  So that small and medium size Tribes are represented in the "spoke," the Court should select additional, more typical Tribes for remand to, case-specific discovery, and trial in their original transferor U.S. District Courts.

5.      The Fond du Lac Band of Lake Superior Chippewa, located in Northern Minnesota with approximately 4,300 members, is representative of the vast majority of federally-recognized Tribes located in the lower 48 states in terms of tribal size, available resources, kind of on-reservation medical services, and proximity of addiction treatment facilities and services. The vast majority of Tribes in the United States are small to medium sized tribes, have a tribal population of less than 10,000 members, and are often rural in location.

6. Remand of Fond du Lac Band's case provides MDL No. 2804 with different circumstances than an Oklahoma Tribe such as Cherokee Nation. There are many tribes located in the Great Lakes Region of the United States, with Fond du Lac Band being one of them. Fond du Lac Band and many other Tribes are in rural areas of the United States. The Fond du Lac Band also may allow for claims to be made against different defendants under different state laws in a jurisdiction that is very familiar with multi-district litigation (Minnesota).

7. The Fond du Lac Band of Lake Superior Chippewa and its members are suffering from an existential crisis due to the prescription opiates epidemic. This is due to the smaller size of the Fond du Lac Band itself, the demographics of the Tribal members adversely impacted, the lack of addiction treatment facilities and services, and the ongoing ravages of the opiates epidemic inside the Band.

8. The Fond du Lac Band of Lake Superior Chippewa has sustained enormous past damages, plus needs significant funding for abatement of the prescription opiates epidemic within its Reservation lands and among its citizens – similar to the same harm and damages suffered by hundreds of small to medium sized Tribes in the United States. Small to medium sized Tribes do not have the infrastructure, resources, capital, or protections in relative comparison to large Tribes, and thus have unique and substantial challenges and damages.

9. Undersigned counsel for the Fond du Lac Band plan to integrate large portions of the evidence developed by the PEC, yet would need a minimum of additional liability discovery to complete the Tribal specific order of proof. Undersigned counsel for the Fond du Lac Band stand ready to respond quickly to the Defendants' need for plaintiff-specific discovery. A smaller Tribe, by that very fact alone, has fewer witnesses to be deposed, less data to be discovered, and

every incentive to get to trial quickly. Undersigned counsel are fully committed to preparing the case for trial and trying the case.

10. If permitted to go to trial in the District of Minnesota, the Fond du Lac Band of Lake Superior Chippewa will be in a fair position to give the Defendants an idea of what they would expect in trial against a small to medium-sized Tribe. This will not only enhance certainty for all parties, but also likely inure to the benefit of all small and medium size Tribes nationally, as well as serve the ends of justice in MDL No. 2804. There are many other more granular issues that will be positively affected and likely resolved by a remand of the Fond du Lac Band's case.

11. Undersigned counsel for Fond du Lac Band of Lake Superior Chippewa are members of the Tribal Leadership Committee of the Tribal Track in MDL No. 2804. The request for a remand by Fond du Lac Band for remand has been approved for filing by the Tribal Leadership Committee, including members of the PEC.

12. Fond du Lac Band of Lake Superior Chippewa requests this Court to honor the Tribe's sovereign right to control its own litigation destiny, to provide an opportunity to preserve its sovereign existence, and thus to allow its case to be remanded to the U.S. District Court for the District of Minnesota.

13. By remanding this case for trial, this Court will have given one more Tribe a chance to make a difference in this litigation for all Tribes.  The Fond du Lac Band of Lake Superior Chippewa should be granted the relief of becoming another spoke in the overall resolution of this most important litigation.

WHEREFORE, Plaintiff Fond du Lac Band of Lake Superior Chippewa respectfully requests that this Honorable Court grant it leave to file this *de facto* Motion to Remand and to grant this Motion to Remand.

Respectfully submitted:

**FOND DU LAC BAND OF
LAKE SUPERIOR CHIPPEWA**

*Through Its Attorneys*:

/s/ T. Roe Frazer II
FRAZER PLC
30 Burton Hills Blvd., Suite 450
Nashville, TN 37215
(615) 647-6464
roe@frazer.law

Archie C. Lamb
Of Counsel
LEVIN PAPANTONIO
Thomas Mitchell Rafferty Proctor P.A.
316 South Baylen St.
Pensacola, FL 32502
(850) 435-7000
alamb@levinlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 17, 2020, a copy of the above and foregoing was electronically filed using the CM/ECF system, which will send a notification to all counsel of record.

*/s/ T. Roe Frazer II*
