UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "All Cases" | ) ) ) ) ) | DISCOVERY RULING NO. 14, PART 14 REGARDING CUYAHOGA COUNTY'S PRIVILEGE CLAIMS |

During Track One discovery, plaintiff Cuyahoga County ("Cuyahoga") withheld production of certain documents based on attorney-client privilege. Walgreens took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents. Walgreens requested *in camera* review of a sample of 33 of these documents. Cuyahoga has submitted all 33 of the disputed documents to the Special Master for *in camera* review, and both parties submitted a chart summarizing their arguments regarding each contested document. Cuyahoga also agreed to downgrade and produce nine of these documents in their entirety and another seven with redactions to protect the personal health information of individuals. The Special Master assumes those redactions will not be broader than necessary. If Walgreens believes the redactions to be excessive, it may ask the Special Master to review them.

Having reviewed the parties' submissions on the remaining documents, the Special Master now rules as shown in the chart below. The Special Master has applied the legal standards and authorities set out in all prior "Discovery Rulings No. 14, Part x," and incorporates them by

1

reference.[1]  *See, e.g., Ziegler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney.  To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose").  Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000).  "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).

| | |
|---|---|
| CUYAHOGA_ESI_004050540 | **Overruled** |
| CUYAHOGA_ESI_004050186 | **Sustained** |
| CUYAHOGA_ESI_004046138 | **Sustained** |
| CUYAHOGA_ESI_004044403 | **Sustained** |
| CUYAHOGA_ESI_004041384 | **Sustained** |
| CUYAHOGA_ESI_003241333 | **Sustained** |
| CUYAHOGA_ESI_001660197 | **Sustained** |
| CUYAHOGA_ESI_001660249 | **Sustained** |
| CUYAHOGA_ESI_003237446 | **Overruled** |
| CUYAHOGA_ESI_004045087 | **Overruled** |
| CUYAHOGA_ESI_004051455 | **Overruled** |
| CUYAHOGA_ESI_004051736 | **Sustained** |
| CUYAHOGA_ESI_003236359 | **Sustained** |
| CUYAHOGA_ESI_003245300 | **Sustained** |
| CUYAHOGA_ESI_003245301 | **Sustained** |
| CUYAHOGA_ESI_003178670 | **Sustained** |
| CUYAHOGA_ESI_003161028 | **Sustained** |

---

[1] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

3

Plaintiffs shall produce to defendants those documents listed above where the claim of privilege is overruled.  If any party chooses to object to this ruling, it must do so on or before September 25, 2020.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: September 18, 2020**