**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Lake, Ohio v. Purdue Pharma L.P., et al.*,<br><br>Case No. 18-op-45032 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br><br>Hon. Dan Aaron Polster |

**DEFENDANTS HBC SERVICE COMPANY AND GIANT EAGLE, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO COUNTY OF
LAKE'S SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED
TO SHORT FORM FOR SUPPLEMENTING COMPLAINT**

HBC Service Company and Giant Eagle, Inc. (collectively referred to as "Giant Eagle") by and through its undersigned attorneys, Marcus & Shapira LLP, files the following Answer and Affirmative Defenses to Plaintiff County of Lake's Supplemental and Amended Allegations to be Added to Short Form for Supplementing Complaint ("Amended Complaint") as follows:

**GENERAL DENIAL AND PRELIMINARY STATEMENT**

Giant Eagle incorporates the following matters into the responses to each paragraph of the Amended Complaint.

A.     Giant Eagle submits this Answer only on behalf of itself.  Where allegations are made against "Defendants" or "Chain Pharmacies" as a group, however described, Giant Eagle's responses only apply to Giant Eagle/HBC.

B.     The Complaint contains purported references to several documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These third-party publications and statements should be considered, if at all, in context and in unmodified form, and Giant Eagle hereby respectfully refers the Court to the respective third-party publications and statements for their complete contents.

C.     In response to Plaintiff's incorporation of its Complaint and Short Form Complaint, Giant Eagle denies the averments generally to the extent they are directed at Giant Eagle and denies them specifically to the extent they claim Giant Eagle acted improperly or failed to comply with the law.  To the contrary, Giant Eagle at all times acted properly and in accordance with its legal obligations. Giant Eagle denies any and all liability to the Plaintiff in this matter.[1]

D.     Except as expressly stated herein, Giant Eagle expressly denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the numbered and unnumbered paragraphs, subparagraphs, headings, subheadings, footnotes, and exhibits of the Complaint, and specifically denies any liability to Plaintiff.  To the extent that the titles, headings, subheadings, paragraphs, and footnotes of the Complaint are intended to be allegations directed to Giant Eagle, they are denied.

E.     Giant Eagle reserves the right to seek to amend and supplement its Answer as may

---

[1] On September 7, 2020, Pharmacy Defendants contacted Special Master Cohen to confirm that, pursuant to the Court's Track 3 Case Management Order setting a deadline for "Answers to Amended Complaints" (Dkt. No. 3329), Pharmacy Defendants were to answer Plaintiffs' "Supplemental and Amended Allegations To Be Added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand" (the "Amended Complaints") (Dkt. Nos. 3326 and 3327).  On September 14, 2020, the Special Master informed Pharmacy Defendants that he did "NOT believe the Pharmacy defendants should have to file full answers to all 1000+ allegations in the composite Track 3 complaints," but clarified that he did not want any "misunderstandings (much less appellate issues) because of non-answered complaints or allegations" and thus instructed the parties to "document an agreement regarding the state of the pleadings in the Track 3 cases."  The parties subsequently agreed that (1) Pharmacy Defendants would answer the June 5 Amended Complaints filed by the Track Three Plaintiffs (Dkts. Nos. 3326 and 3327); (2) Pharmacy Defendants would not answer the prior complaints filed by the Track Three Plaintiffs; and (3) by not answering those prior complaints, the Pharmacy Defendants did not admit any of the allegations in those complaints or risk a default judgment with respect to any claims in those complaints.  For this reason, Giant Eagle only answers the averments specifically alleged in the Trumbull County Amended Complaint, regardless of Plaintiff's adoption or incorporation by reference of allegations from prior Complaints.

be appropriate or necessary.

## ANSWER TO THE SPECIFIC ALLEGATIONS CONTAINED IN COMPLAINT

1.      The averments contained in Paragraph 1 of Plaintiff's Amended Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations in Paragraph 1 are denied.

2.      The averments contained in Paragraph 2 of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments and to the extent they contain conclusions of law to which no responsive pleading is required.

3.      The averments contained in Paragraph 3 of Plaintiff's Amended Complaint are denied.

4.      The averments contained in Paragraph 4 of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments and to the extent they contain conclusions of law to which no responsive pleading is required.

5.      The averments contained in Paragraph 5 of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments and to the extent they contain conclusions of law to which no responsive pleading is required.

6.      The averments contained in Paragraph 6 of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments and to the extent they contain conclusions of law to which no responsive pleading is required.

7.      The averments contained in Paragraph 7 of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments and to the extent they contain conclusions of law to which no responsive pleading is required.

8.      The averments contained in Paragraph 8 of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments and to the extent they contain conclusions of law to which no responsive pleading is required.  Furthermore, the averments reference a quote and declaration which speak for themselves.  To the extent the averments are inconsistent with the quote and declaration, the same are denied as stated.

9.      The averments contained in Paragraph 9 of Plaintiff's Amended Complaint are denied.

10.      The averments contained in Paragraph 10 of Plaintiff's Amended Complaint are denied.

11.      The averments contained in Paragraph 11 of Plaintiff's Amended Complaint contain legal conclusions and references unsupported data that speaks for itself. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

12.      With respect to the averments contained in Paragraph 12 of Plaintiff's Amended Complaint, it is denied that Giant Eagle ever acted with a willful blindness or supported pill mills or rogue prescribers.  With respect to the remaining allegations, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

13.     The averments contained in Paragraph 13 of Plaintiff's Amended Complaint contain conclusions of law and reference reports that speak for themselves.  To the extent a response is deemed necessary, the averments are denied.  It is specifically denied that Giant Eagle engaged in any improper conduct related to the distribution or dispensing of prescription opioids and it is denied that Giant Eagle caused or contributed to a public health epidemic as described in Paragraph 13.

14.     The averments contained in Paragraph 14 of Plaintiff's Amended Complaint contain conclusions of law and reference reports that speak for themselves.  To the extent a response is deemed necessary, the same are denied as stated.  It is specifically denied that the conduct of Giant Eagle caused any ongoing harm or damages to Lake County.

15.     The averments contained in Paragraph 15 of Plaintiff's Amended Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the same are denied as stated.  It is specifically denied that the conduct of Giant Eagle caused any harm or damages to Lake County.

16.     The averments contained in Paragraph 16 of Plaintiff's Amended Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the same are denied as stated.  It is specifically denied that the conduct of Giant Eagle created a public nuisance or caused any harm or damages to Lake County.

17.     The averments contained in Paragraph 17 of Plaintiff's Amended Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the same are denied as stated.  It is specifically denied that Giant Eagle engaged in any misconduct or caused a crisis or public nuisance.

18.     The averments contained in Paragraph 18 of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments.

19.     The averments contained in Paragraph 19 of Plaintiff's Amended Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the same are denied as stated.  It is specifically denied that Giant Eagle caused an epidemic or crisis.

### JURISDICTION AND VENUE

20.     The averments contained in Paragraph 20 of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required.

21.     The averments contained in Paragraph 21 of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, it is specifically denied that Giant Eagle caused tortious injury at any time relevant hereto.

22.     The averments contained in Paragraph 22 of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required.

### PARTIES

23.     With respect to the averments in Paragraph 23 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

24.     The averments contained in Paragraph 24 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

25.     The averments contained in Paragraph 25 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

26.     The averments contained in Paragraph 26 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

27.     The averments contained in Paragraph 27 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

28.     The averments contained in Paragraph 28 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

29.     The averments contained in Paragraph 29 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

30.     The averments contained in Paragraph 30 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

31.     The averments contained in Paragraph 31 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

32.     The averments contained in Paragraph 32 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

33.     The averments contained in Paragraph 33 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

34.     The averments contained in Paragraph 34 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

35.     The averments contained in Paragraph 35 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

36.     The averments contained in Paragraph 36 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

37.     The averments contained in Paragraph 37 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

38.     The averments contained in Paragraph 38 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

39.     The averments contained in Paragraph 39 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

40.     The averments contained in Paragraph 40 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

41.     The averments contained in Paragraph 41 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

42.     The averments contained in Paragraph 42 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

43.     The averments contained in Paragraph 43 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

44.     The averments contained in Paragraph 44 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

45.     The averments contained in Paragraph 45 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

46.      The averments contained in Paragraph 46 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

47.      The averments contained in Paragraph 47 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

48.      The averments contained in Paragraph 48 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

49.      The averments contained in Paragraph 49 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

50.      The averments contained in Paragraph 50 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

51.      The averments contained in Paragraph 51 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

52.      The averments contained in Paragraph 52 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

53.     The averments contained in Paragraph 53 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

54.     The averments contained in Paragraph 54 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

55.     The averments contained in Paragraph 55 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

56.     The averments contained in Paragraph 56 of Plaintiff's Amended Complaint are directed at another Defendant and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

57.     With respect to the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint, it is admitted that Defendant HBC Services Company ("HBC") is an operating division of Giant Eagle, Inc. and HBC operated as a licensed wholesale distributor in Ohio, licensed by the State of Ohio Board of Pharmacy.  It is admitted that Giant Eagle, Inc. is a Pennsylvania corporation but its principal place of business is in Pittsburgh, Pennsylvania not Washington, Pennsylvania.  It is admitted that from 2016 to the present, Giant Eagle distributed prescription opioids through the GERXDC distribution center.  It is denied that, at all times, HBC distributed opioids in Ohio and Lake County.

58.     With respect to the averments contained in Paragraph 58 of Plaintiff's Amended Complaint, it is denied that Giant Eagle is rightfully categorized as a "Chain Pharmacy" similar to the other Defendants listed in Paragraph 58.  Giant Eagle answers the allegations on its own behalf,

11

and has no information or belief related to any other defendant included within the definition of "Chain Pharmacies."

59. The averments contained in Paragraph 59 of Plaintiff's Complaint contain conclusions of law to which no response is necessary. To the extent a response is deemed necessary, it is denied that Giant Eagle or its predecessors, successors, affiliates, subsidiaries, partnership or divisions have any liability in this matter.

60. The averments contained in Paragraph 60 of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the same are denied as stated. It is specifically denied that Giant Eagle engaged in any unlawful conduct.

61. The averments contained in Paragraph 61 of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the same are denied as stated. It is specifically denied that Giant Eagle is liable to Plaintiff or any party in this matter.

## FACTUAL ALLEGATIONS

62. With respect to the averments contained in Paragraph 62 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

63. With respect to the averments contained in Paragraph 63 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

64.     With respect to the averments contained in Paragraph 64 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

65.     With respect to the averments contained in Paragraph 65 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

66.     With respect to the averments contained in Paragraph 66 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

67.     The averments contained in Paragraph 67 of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required.

68.     With respect to the averments contained in Paragraph 68 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

69.     With respect to the averments contained in Paragraph 69 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

70.     With respect to the averments contained in Paragraph 70 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

71.     The averments contained in Paragraph 71 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

72.    The averments contained in Paragraph 72 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

73.    The averments contained in Paragraph 73 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that a public nuisance exists.  It is furthermore denied that Giant Eagle abused their position or fostered a black market for prescription opioids. To the contrary, Giant Eagle at all times relevant hereto complied with its legal obligations with respect to distributing and dispensing prescription opioids.  To the extent the averments misstate the law, the same are denied.

74.    The averments contained in Paragraph 74 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

75.    With respect to the averments contained in Paragraph 75 of Plaintiff's Amended Complaint, it is denied that Giant Eagle did substantial business across the United States.

76.    The averments contained in Paragraph 76 of Plaintiff's Amended Complaint references ARCOS data that speaks for itself and, to the extent the allegations are inconsistent with the ARCOS data, the allegations are denied.  It is specifically denied that Giant Eagle contributed to the diversion problem or failed to take appropriate action.

77.    The averments contained in Paragraph 77 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is admitted that Giant Eagle maintained limited data on opioids distributed and dispensed, as required by law.  The remaining averments are denied as stated.

78.    The averments contained in Paragraph 78 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

79.    The averments contained in Paragraph 79 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.   To the extent a response is necessary, Giant Eagle was required to register as a distributor or dispenser pursuant to 21 U.S.C §823 and 21 C.F.R §1301.11.

80.    The averments contained in Paragraph 80 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

81.    The averments contained in Paragraph 81 of Plaintiff's Amended Complaint are conclusions of law to which no response is required and reference data that speaks for itself.  To the extent a response is deemed necessary, it is denied that Giant Eagle ignored red flags or failed to maintain effective controls against diversion.  It is further denied that Giant Eagle put profits over the public health and safety or knowingly allowed widespread diversion to occur.

82.    The averments contained in Paragraph 82 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

83.    The averments contained in Paragraph 83 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

84.     The averments contained in Paragraph 84 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

85.     The averments contained in Paragraph 85 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

86.     The averments contained in Paragraph 86 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied.

87.     The averments contained in Paragraph 87 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

88.     The averments contained in Paragraph 88 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in the activity alleged in Paragraph 88 and it is denied that Giant Eagle breached any duty to exercise reasonable care.

89.     The averments contained in Paragraph 89 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.   To the extent the averments misstate the law, the same are denied.

90.     The averments contained in Paragraph 90 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary,

16

it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

91.     The averments contained in Paragraph 91 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

92.     The averments contained in Paragraph 92 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

93.     The averments contained in Paragraph 93 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is necessary, the same are denied.

94.     The averments contained in Paragraph 94 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

95.     The averments contained in Paragraph 95 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

96.     The averments contained in Paragraph 96 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary,

it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

97.    The averments contained in Paragraph 97 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

98.    The averments contained in Paragraph 98 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

99.    The averments contained in Paragraph 99 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

100.    The averments contained in Paragraph 100 of Plaintiff's Amended Complaint reference testimony and, to the extent the averments misstate the testimony or quote incomplete testimony, the same are denied.

101.    The averments contained in Paragraph 101 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

102.    The averments contained in Paragraph 102 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary,

it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

103.    The averments contained in Paragraph 103 of Plaintiff's Amended Complaint reference pharmacy order data that speaks for itself.  To the extent the averments misrepresent the data, the same are denied.

104.    The averments contained in Paragraph 104 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

105.    The averments contained in Paragraph 105 of Plaintiff's Amended Complaint are conclusions of law and reference an article which speaks for itself.  To the extent the averments misstate the law or the article, the same are denied.

106.    The averments contained in Paragraph 106 of Plaintiff's Amended Complaint are conclusions of law and reference an article which speaks for itself.  To the extent the averments misstate the law or the article, the same are denied.

107.    The averments contained in Paragraph 107 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent the averments misstate the law, the same are denied.

108.    The averments contained in Paragraph 108 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

109.     The averments contained in Paragraph 109 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

110.     The averments contained in Paragraph 110 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

111.     The averments contained in Paragraph 111 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

112.     The averments contained in Paragraph 112 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

113.     The averments contained in Paragraph 113 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

114.     The averments contained in Paragraph 114 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary,

it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

115.    The averments contained in Paragraph 115 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

116.    The averments contained in Paragraph 116 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle failed to comply with their legal obligations.

117.    The averments contained in Paragraph 117 of Plaintiff's Amended Complaint reference testimony and, to the extent the averments misstate the testimony or quote incomplete testimony, the same are denied.  The remaining averments are denied as stated.

118.    The averments contained in Paragraph 118 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied that Giant Eagle violated its obligations under the law.  To the extent the averments misstate the law, the same are denied.

119.    The averments contained in Paragraph 119 of Plaintiff's Amended Complaint reference testimony and, to the extent the averments misstate the testimony or quote incomplete testimony, the same are denied.

120.    The averments contained in Paragraph 120 of Plaintiff's Amended Complaint are directed at a party other than these Defendants and require no response from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied as stated.

121.    With respect to the averments contained in Paragraph 121 of Plaintiff's Amended Complaint, it is admitted that Giant Eagle was a member of the NACDS.  With respect to the remaining allegations, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

122.    With respect to the averments contained in Paragraph 122 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

123.    The averments contained in Paragraph 123 of Plaintiff's Amended Complaint reference a Manual which speaks for itself and, to the extent the averments misstate the manual or quote incomplete excerpts, the same are denied.

124.    The averments contained in Paragraph 124 of Plaintiff's Amended Complaint reference documents which speak for themselves and, to the extent the averments misstate the documents or quote incomplete excerpts, the same are denied.

125.    The averments contained in Paragraph 125 of Plaintiff's Amended Complaint reference a document which speaks for itself and, to the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

126.    The averments contained in Paragraph 126 of Plaintiff's Amended Complaint reference documents which speak for themselves and, to the extent the averments misstate the documents or quote incomplete excerpts, the same are denied.

127.    The averments contained in Paragraph 127 of Plaintiff's Amended Complaint contain legal conclusions and reference documents which speak for themselves.  To the extent the averments misstate the law or documents, the same are denied.

128.    The averments contained in Paragraph 128 of Plaintiff's Amended Complaint reference documents which speak for themselves and, to the extent the averments misstate the documents or quote incomplete excerpts, the same are denied.

129.    With respect to the averments contained in Paragraph 129 of Plaintiff's Amended Complaint, it is admitted that Giant Eagle was aware of their legal obligations under the CSA.  As to the remaining allegations and the description of the DEA's activities, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

130.    The averments contained in Paragraph 130 of Plaintiff's Amended Complaint are conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent the averments misstate the law or document or quote incomplete excerpts, the same are denied.

131.    The averments contained in Paragraph 131 of Plaintiff's Amended Complaint reference a document which speaks for itself and, to the extent the averments misstate the document or quote incomplete excerpts, the same are denied.  It is denied that this presentation was made to Giant Eagle.

132.    With respect to the averments contained in Paragraph 132 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

133.    With respect to the averments contained in Paragraph 133 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

134.    The averments contained in Paragraph 134 of Plaintiff's Amended Complaint reference a document which speaks for itself and, to the extent the averments misstate the

document or quote incomplete excerpts, the same are denied.  It is denied that the September 27, 2006 letter was distributed to Giant Eagle because Giant Eagle did not obtain its DEA registration until 2009.

135.    The averments contained in Paragraph 135 of Plaintiff's Amended Complaint reference a document which speaks for itself and, to the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

136.    The averments contained in Paragraph 136 of Plaintiff's Amended Complaint reference a document which speaks for itself and, to the extent the averments misstate the document or quote incomplete excerpts, the same are denied.  It is denied that the December 27, 2007 letter was distributed to Giant Eagle because Giant Eagle did not obtain its DEA registration until 2009.

137.    With respect to the averments contained in Paragraph 137 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

138.    With respect to the averments contained in Paragraph 138 of Plaintiff's Amended Complaint, they are directed at other defendants and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

139.    The averments contained in Paragraph 139 of Plaintiff's Amended Complaint reference documents which speak for themselves and, to the extent the averments misstate the documents, the same are denied.

140.    The averments contained in Paragraph 140 of Plaintiff's Amended Complaint are conclusions of law to which no response is required and reference documents that speak for

24

themselves.  To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

141.    The averments contained in Paragraph 141 of Plaintiff's Amended Complaint are conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

142.    The averments contained in Paragraph 142 of Plaintiff's Amended Complaint are conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

143.    The averments contained in Paragraph 143 of Plaintiff's Amended Complaint are directed at other defendants and include conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.  To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

144.    The averments contained in Paragraph 144 of Plaintiff's Amended Complaint are directed at other defendants and include conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.  To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

145.     The averments contained in Paragraph 145 of Plaintiff's Amended Complaint are directed at other defendants and include conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.  To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

146.     The averments contained in Paragraph 146 of Plaintiff's Amended Complaint are directed at other defendants and Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

147.     The averments contained in Paragraph 147 of Plaintiff's Amended Complaint are conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.  To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

148.     The averments contained in Paragraph 148 of Plaintiff's Amended Complaint are directed at other defendants and include conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.  To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

149.    With respect to the averments contained in Paragraph 149, it is admitted that Giant Eagle uses information and data to comply with its obligations under the CSA.   With respect to the remaining allegations contained in Paragraph 147, the same are denied as stated.

150.    The averments contained in Paragraph 150 of Plaintiff's Amended Complaint are directed at other defendants and include conclusions of law to which no response is required and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.    To the extent the averments misstate the law or documents or quote incomplete excerpts, the same are denied.

151.    The averments contained in Paragraph 151 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the averments are denied as stated.  It is specifically denied that Giant Eagle failed to comply with its obligations under the law.  To the extent the averments misstate the law, the same are denied.

152.    The averments contained in Paragraph 152 of Plaintiff's Amended Complaint are directed at other defendants and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.  To the extent the averments misstate the documents or quote incomplete excerpts, the same are denied.

153.    The averments contained in Paragraph 153 of Plaintiff's Amended Complaint are directed at other defendants and reference testimony that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.  To the extent the averments misstate the testimony, the same are denied.

154.    The averments contained in Paragraph 154 of Plaintiff's Amended Complaint reference data and information that speaks for itself.  To the extent a response is deemed necessary, the averments are denied as stated.  Giant Eagle maintains dispensing information as required by law.

155.    The averments contained in Paragraph 155 of Plaintiff's Amended Complaint are denied.

156.    The averments contained in Paragraph 156 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent the averments misstate the law, the same are denied.

### CVS – Failure to Maintain Effective Controls Against Diversion

157. – 212.    The averments contained in Paragraph 157 through 212 of Plaintiff's Amended Complaint contain legal conclusions and are directed at Defendant CVS and not Giant Eagle and, therefore, no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  To the extent the averments misstate the law, the same are denied.  Furthermore, it is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

### Walgreens – Failure to Maintain Effective Controls Against Diversion

213. – 293.    The averments contained in Paragraph 213 through 293 of Plaintiff's Amended Complaint contain legal conclusions and are directed at Defendant Walgreens and not Giant Eagle and, therefore, no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  To the extent the

28

averments misstate the law, the same are denied.  Furthermore, it is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

### Rite-Aid – Failure to Maintain Effective Controls Against Diversion

294. – 333.     The averments contained in Paragraph 294 through 333 of Plaintiff's Amended Complaint contain legal conclusions and are directed at Defendant Rite-Aid and not Giant Eagle and, therefore, no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  To the extent the averments misstate the law, the same are denied.  Furthermore, it is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

### Walmart – Failure to Maintain Effective Controls Against Diversion

334. – 389.     The averments contained in Paragraph 334 through 389 of Plaintiff's Amended Complaint contain legal conclusions and are directed at Defendant Walmart and not Giant Eagle and, therefore, no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  To the extent the averments misstate the law, the same are denied.  Furthermore, it is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

### Giant Eagle – Failure to Maintain Effective Controls Against Diversion

390.     The averments contained in Paragraph 390 of Plaintiff's Amended Complaint contain legal conclusions.  To the extent a response is deemed necessary, the allegations are denied as stated.   Giant Eagle at all times complied with its obligations under the law in distributing/dispensing prescription opioids.

391.     With respect to the averments contained in Paragraph 391 of Plaintiff's Amended Complaint, it is admitted that HBC stopped distributing controlled substances at issue in October 2014.  With respect to the remaining averments in Paragraph 391, the same are denied.

392.     The averments contained in Paragraph 392 of Plaintiff's Amended Complaint reference a SOM policy that speaks for itself.  To the extent a response is deemed necessary, the allegations are denied as stated.  In further response, Giant Eagle and HBC are the same company.

393.     The averments contained in Paragraph 393 of Plaintiff's Amended Complaint reference a SOM policy, testimony and written discovery responses that speak for themselves.  To the extent the averments misstate the policy, testimony or written discovery, the averments are denied.

394.     With respect to the averments in Paragraph 394 of Plaintiff's Amended Complaint, it is admitted that in October 2013, Giant Eagle voluntarily implemented a chain-wide automated ordering threshold system as a redundant additional control in its self-distribution system.  The remaining averments in Paragraph 394 are denied as stated.

395.     With respect to the averments in Paragraph 395 of Plaintiff's Amended Complaint, it is admitted that setting thresholds by a chain-wide average can result in both false positives and false negatives.  The remaining averments in Paragraph 395 are denied as stated.

396.     The averments contained in Paragraph 396 of Plaintiff's Amended Complaint contain legal conclusions.  To the extent a response is deemed necessary, the allegations are denied as stated.

397.     The averments contained in Paragraph 397 of Plaintiff's Amended Complaint contain legal conclusions.  To the extent a response is deemed necessary, the allegations are denied.

398.    The averments contained in Paragraph 398 of Plaintiff's Amended Complaint contain legal conclusions and reference ARCOS data that speaks for itself.  To the extent a response is deemed necessary, the allegations are denied.

399.    With respect to the averments contained in Paragraph 399 of Plaintiff's Amended Complaint, it is admitted that Giant Eagle did not report a suspicious order in Lake County from 2009 to 2014.  The remaining averments are denied as stated.

400.    With respect to the averments contained in Paragraph 400 of Plaintiff's Amended Complaint, it is admitted that Giant Eagle possesses certain data about each prescription filled at a Giant Eagle pharmacy.  The remaining averments in Paragraph 400 are denied as stated.  It is specifically denied that Giant Eagle ignored red flags.

401.    The averments contained in Paragraph 401 of Plaintiff's Amended Complaint contain legal conclusions.  To the extent a response is deemed necessary, the averments are denied.

402.    The averments contained in Paragraph 402 of Plaintiff's Amended Complaint are denied.

403.     The averments contained in Paragraph 403 of Plaintiff's Amended Complaint are denied.

404.    The averments contained in Paragraph 404 of Plaintiff's Amended Complaint are denied as stated.

405.    The averments contained in Paragraph 405 of Plaintiff's Amended Complaint are denied as stated.   There was an incident in another Ohio County where prescription drugs were stolen from a Giant Eagle pharmacy by a Giant Eagle employee which was self-reported by Giant Eagle.

406.    The averments contained in Paragraph 406 of Plaintiff's Amended Complaint are denied as stated.  There was an incident in another Ohio County where prescription drugs were stolen from a Giant Eagle pharmacy by a Giant Eagle employee which was self-reported by Giant Eagle.

407.    The averments contained in Paragraph 407 of Plaintiff's Amended Complaint are denied as stated.

408.    The averments contained in Paragraph 408 of Plaintiff's Amended Complaint are denied.

409.    The averments contained in Paragraph 409 of Plaintiff's Amended Complaint are denied.

410.    The averments contained in Paragraph 410 of Plaintiff's Amended Complaint are denied.

411.    The averments contained in Paragraph 411 of Plaintiff's Amended Complaint reference ARCOS data that speaks for itself.  To the extent the averments misrepresent the data, the same are denied.

412.    The averments contained in Paragraph 412 of Plaintiff's Amended Complaint reference ARCOS data that speaks for itself.  To the extent a response is deemed necessary, the averments in Paragraph 410 are denied.

413.    The averments contained in Paragraph 413 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments in Paragraph 411 are denied.

414.    The averments contained in Paragraph 414 of Plaintiff's Amended Complaint are directed at other defendants and reference a document that speaks for itself.  To the extent a

response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments. To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

415.    The averments contained in Paragraph 415 of Plaintiff's Amended Complaint are directed at other defendants and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments. To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

416.    The averments contained in Paragraph 416 of Plaintiff's Amended Complaint are directed at other defendants.  To the extent a response is deemed necessary, the allegations are denied as Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

417.    The averments contained in Paragraph 417 of Plaintiff's Amended Complaint are directed at other defendants and reference a documents that speaks for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments. To the extent the averments misstate the documents or quote incomplete excerpts, the same are denied.

418.    The averments contained in Paragraph 418 of Plaintiff's Amended Complaint are directed at other defendants and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments. To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

419.    The averments contained in Paragraph 419 of Plaintiff's Amended Complaint are directed at another defendant, Walgreens, and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments. To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

420.    The averments contained in Paragraph 420 of Plaintiff's Amended Complaint are directed at another defendant, Walgreens, and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.  To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

421.    The averments contained in Paragraph 421 of Plaintiff's Amended Complaint are directed at another defendant, CVS, and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments. To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

422.    The averments contained in Paragraph 422 of Plaintiff's Amended Complaint are directed at other defendants, Walgreens and CVS, and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments. To the extent the averments misstate the documents or quote incomplete excerpts, the same are denied.

423.    The averments contained in Paragraph 423 of Plaintiff's Amended Complaint are directed at another defendant, CVS, and reference documents that speak for themselves.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to

form a belief as to the truth of the averments. To the extent the averments misstate the documents or quote incomplete excerpts, the same are denied.

424.    The averments contained in Paragraph 424 of Plaintiff's Amended Complaint are directed at other defendants and reference a document that speak for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments. To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

425.    The averments contained in Paragraph 425 of Plaintiff's Amended Complaint contain legal conclusions and are directed at other parties.  To the extent a response is deemed necessary, the same are denied as stated.

426.    The averments contained in Paragraph 426 of Plaintiff's Amended Complaint contain legal conclusions and reference a document that speaks for itself.  To the extent a response is deemed necessary, the same are denied as stated.

427.    The averments contained in Paragraph 427 of Plaintiff's Amended Complaint reference a document that speaks for itself.  To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

428.    The averments contained in Paragraph 428 of Plaintiff's Amended Complaint contain legal conclusions and reference a document that speaks for itself.  To the extent a response is deemed necessary, the same are denied as stated.

429.    The averments contained in Paragraph 429 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge

or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

430.    The averments contained in Paragraph 430 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

431.    The averments contained in Paragraph 431 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

432.    The averments contained in Paragraph 432 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

433.    The averments contained in Paragraph 433 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

434.    The averments contained in Paragraph 434 of Plaintiff's Amended Complaint contain legal conclusions and are directed at parties other than Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

435.    The averments contained in Paragraph 435 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

436.    The averments contained in Paragraph 436 of Plaintiff's Amended Complaint contain legal conclusions and are directed at parties other than Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

437.    The averments contained in Paragraph 437 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

438.    The averments contained in Paragraph 438 of Plaintiff's Amended Complaint contain legal conclusions.  To the extent a response is deemed necessary, Giant Eagle lacks

knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

439. The averments contained in Paragraph 439 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

440. The averments contained in Paragraph 440 of Plaintiff's Amended Complaint contain legal conclusions and are directed at parties other than Giant Eagle. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

441. The averments contained in Paragraph 441 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

442. The averments contained in Paragraph 442 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

443. The averments contained in Paragraph 443 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself. To the

extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

444.    The averments contained in Paragraph 444 of Plaintiff's Amended Complaint contain legal conclusions and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle is a HDA member or affiliate or that Giant Eagle relied and employed the strategies in the HDA Crisis Handbook.

445.    With respect to the averments contained in Paragraph 445 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

446.    With respect to the averments contained in Paragraph 446 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

447.    With respect to the averments contained in Paragraph 447 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.  It is specifically denied that Giant Eagle engaged in any of the conduct identified in Paragraph 447.

448.    The allegations contained in Paragraph 448 of Plaintiff's Amended Complaint are denied.

449.    The averments contained in Paragraph 449 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the

extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

450.    The averments contained in Paragraph 450 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

451.    The averments contained in Paragraph 451 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

452.    The averments contained in Paragraph 452 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

453.    The averments contained in Paragraph 453 of Plaintiff's Amended Complaint are directed at parties other than Defendants Giant Eagle.  To the extent a response is deemed necessary, Defendants Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

454.    The averments contained in Paragraph 454 of Plaintiff's Amended Complaint are denied.

455.    The averments contained in Paragraph 455 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

456.    The averments contained in Paragraph 456 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

457.    The averments contained in Paragraph 457 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

458.    The averments contained in Paragraph 458 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

459.    The averments contained in Paragraph 459 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle.  To the extent a response is deemed necessary, Giant

Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

460. The averments contained in Paragraph 460 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

461. The averments contained in Paragraph 461 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

462. The averments contained in Paragraph 462 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

463. The averments contained in Paragraph 463 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

464. The averments contained in Paragraph 464 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself. To the

extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

465.    The averments contained in Paragraph 465 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

466.    The averments contained in Paragraph 466 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

467.    The averments contained in Paragraph 467 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

468.    The averments contained in Paragraph 468 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

469.    The averments contained in Paragraph 469 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

470.    The averments contained in Paragraph 470 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

471.    The averments contained in Paragraph 471 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

472.    The averments contained in Paragraph 472 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

473.    The averments contained in Paragraph 473 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to

form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.  It is specifically denied that Giant Eagle disseminated fraudulent information.

474.    The averments contained in Paragraph 474 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

475.    The averments contained in Paragraph 475 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

476.    The averments contained in Paragraph 476 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

477.    The averments contained in Paragraph 477 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

478.    The averments contained in Paragraph 478 of Plaintiff's Amended Complaint are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

479.    The averments contained in Paragraph 479 of Plaintiff's Amended Complaint contain legal conclusions.  To the extent a response is deemed necessary, the averments are denied as stated.

480.    With respect to the averments contained in Paragraph 480 of Plaintiff's Amended Complaint, it is denied that Giant Eagle flooded Ohio and other states with dangerous and unreasonable amounts of opioids.  It is admitted that Giant Eagle was committed to working with law enforcement and others to prevent diversion and, as a general matter, was public about such efforts.  To the extent the allegations are meant to refer to other Defendants, Giant Eagle lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

481.    The averments contained in Paragraph 481 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

482.    The averments contained in Paragraph 482 of Plaintiff's Amended Complaint contain legal conclusions and are directed at parties other than Giant Eagle.  To the extent a

response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments.

483.    The averments contained in Paragraph 483 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

484.    The averments contained in Paragraph 484 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

485.    The averments contained in Paragraph 485 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

486.    The averments contained in Paragraph 486 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

487.    The averments contained in Paragraph 487 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

488.    The averments contained in Paragraph 488 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

489.    The averments contained in Paragraph 489 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

490.    The averments contained in Paragraph 490 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

491.    The averments contained in Paragraph 491 of Plaintiff's Amended Complaint reference ARCOS data and a statement which speak for themselves.  To the extent that averments are inconsistent with the data or statement, the same are denied.

48

492. The averments contained in Paragraph 492 of Plaintiff's Amended Complaint contain legal conclusions, are directed at parties other than Giant Eagle and reference a document that speaks for itself. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial.

251 [second]. The averments in Paragraph 251 [second] of Plaintiff's Amended Complaint make reference to a pleading that speaks for itself. To the extent a response is deemed necessary, it is denied that Giant Eagle concealed their conduct or acted through the amicus brief filings of the HDA or NACDS.

493. With respect to the averments in Paragraph 493 of Plaintiff's Amended Complaint, it is admitted that Giant Eagle complied with their legal obligations. It is denied that Giant Eagle delayed efforts to address the growing opioid epidemic.

494. With respect to the averments in Paragraph 494 of Plaintiff's Amended Complaint, it is denied that Giant Eagle created false and misleading impressions regarding their compliance with their legal duties. To the contrary, Giant Eagle complied with the relevant law at all times material hereto.

495. With respect to the averments in Paragraph 495 of Plaintiff's Amended Complaint, it is denied that Giant Eagle failed to abide by state and federal law. It is likewise denied that Giant Eagle has been repeatedly penalized for illegal prescription opioid practices.

**CVS – Enforcement Actions**

496. – 512. The averments contained in Paragraph 496 through 512 of Plaintiff's Amended Complaint contain legal conclusions and are directed at Defendant CVS and not Giant Eagle and, therefore, no responsive pleading is required from Giant Eagle. To the extent a response

is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  To the extent the averments misstate the law, the same are denied.  Furthermore, it is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

**Walgreens – Enforcement Actions**

513. – 528.    The averments contained in Paragraph 513 through 528 of Plaintiff's Amended Complaint contain legal conclusions and are directed at Defendant Walgreens and not Giant Eagle and, therefore, no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  To the extent the averments misstate the law, the same are denied.  Furthermore, it is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

**Rite-Aid – Enforcement Actions**

529. – 534.    The averments contained in Paragraph 529 through 534 of Plaintiff's Amended Complaint contain legal conclusions and are directed at Defendant Rite-Aid and not Giant Eagle and, therefore, no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  To the extent the averments misstate the law, the same are denied.  Furthermore, it is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

**Walmart – Enforcement Actions**

535. – 537.    The averments contained in Paragraph 535 through 537 of Plaintiff's Amended Complaint contain legal conclusions and are directed at Defendant Walmart and not

Giant Eagle and, therefore, no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  To the extent the averments misstate the law, the same are denied.  Furthermore, it is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

538.    The averments contained in Paragraph 538 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

539.    The averments contained in Paragraph 539 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle violated the law or is in any way liable to Plaintiff.

540.    The averments contained in Paragraph 540 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, it is specifically denied that Giant Eagle ignored red flags of potential suspicious activity and diversion or violated the law at any time relevant hereto.

541.    The averments contained in Paragraph 541 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, the averments are denied.

542.    The averments contained in Paragraph 542 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, it is denied that Giant Eagle oversupplied or contributed to the diversion of prescription opioids.

543.    The averments contained in Paragraph 543 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, the averments are denied.

544.    The averments contained in Paragraph 544 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, the averments are denied.

545.    With respect to the averments contained in Paragraph 545 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.

546.    With respect to the averments contained in Paragraph 546 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.

547.    With respect to the averments contained in Paragraph 547 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle

distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.  It is furthermore denied that Giant Eagle dispensed or distributed opioids in Florida.

548.    With respect to the averments contained in Paragraph 548 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.  It is furthermore denied that Giant Eagle dispensed or distributed prescription opioids in Florida and denied that Giant Eagle was in any way involved in the examples provided in Paragraph 548.

549.    With respect to the averments contained in Paragraph 549 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.  It is furthermore denied that Giant Eagle was in any way involved in the examples provided in Paragraph 549.

550.    With respect to the averments contained in Paragraph 550 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.  It is furthermore denied that Defendants Giant Eagle was in any way involved in the examples provided in Paragraph 550.

551.     With respect to the averments contained in Paragraph 551 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.  It is furthermore denied that Giant Eagle was in any way involved in the examples provided in Paragraph 551.

552.     With respect to the averments contained in Paragraph 552 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.  It is furthermore denied that Giant Eagle distributed or dispensed prescription opioids in Georgia and denied that Giant Eagle was in any way involved in the examples provided in Paragraph 552.

553.     With respect to the averments contained in Paragraph 553 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes.  It is furthermore denied that Giant Eagle was in any way involved in the examples provided in Paragraph 553.

554.     With respect to the averments contained in Paragraph 554 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.  It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling

across state lines being used for improper purposes. It is furthermore denied that Giant Eagle distributed or dispensed prescription opioids in California and denied that Giant Eagle was in any way involved in the examples provided in Paragraph 554.

555.     With respect to the averments contained in Paragraph 555 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied. It is specifically denied that Giant Eagle distributed or dispensed opioids with actual or constructive knowledge that they were traveling across state lines being used for improper purposes. It is furthermore denied that Giant Eagle was in any way involved in the examples provided in Paragraph 555.

556.     The averments contained in Paragraph 556 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle. To the extent a response is deemed necessary, it is denied that Giant Eagle failed to comply with Ohio law regarding dispensing and distribution of prescription opioids at any time relevant hereto. Furthermore, to the extent the allegations misstate Ohio law, the same are denied.

557.     The averments contained in Paragraph 557 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle. To the extent a response is deemed necessary, it is denied that Giant Eagle failed to comply with Ohio law regarding dispensing and distribution of prescription opioids at any time relevant hereto. Furthermore, to the extent the allegations misstate Ohio law, the same are denied.

558.     The averments contained in Paragraph 558 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle. To the extent a response is deemed necessary, it is denied that Giant Eagle failed to comply with Ohio law

regarding dispensing and distribution of prescription opioids at any time relevant hereto. Furthermore, to the extent the allegations misstate Ohio law, the same are denied.

559.    The averments contained in Paragraph 559 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, it is denied that Giant Eagle failed to comply with Ohio law regarding dispensing and distribution of prescription opioids at any time relevant hereto. Furthermore, to the extent the allegations misstate Ohio law, the same are denied.

560.    The averments contained in Paragraph 560 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, it is denied that Giant Eagle failed to comply with Ohio law regarding dispensing and distribution of prescription opioids at any time relevant hereto. Furthermore, to the extent the allegations misstate Ohio law, the same are denied.

561.    The averments contained in Paragraph 561 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, it is denied that Giant Eagle failed to comply with Ohio law regarding dispensing and distribution of prescription opioids at any time relevant hereto. Furthermore, to the extent the allegations misstate Ohio law, the same are denied.

562.    The averments contained in Paragraph 562 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, it is denied that Giant Eagle failed to comply with Ohio law regarding dispensing and distribution of prescription opioids at any time relevant hereto. Furthermore, to the extent the allegations misstate Ohio law, the same are denied.

563.     With respect to the averments contained in Paragraph 563 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

564.     With respect to the averments contained in Paragraph 564 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

565.     The averments contained in Paragraph 565 of Plaintiff's Amended Complaint contain legal conclusions and references ARCOS data that speaks for itself. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

566.     The averments contained in Paragraph 566 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Defendants Eagle.  To the extent a response is deemed necessary, the averments are denied.

567.     The averments contained in Paragraph 567 of Plaintiff's Amended Complaint contain legal conclusions and no responsive pleading is required from Giant Eagle.  To the extent a response is deemed necessary, the averments are denied.

568.     The averments contained in Paragraph 568 of Plaintiff's Amended Complaint contain legal conclusions and reference data that speaks for itself.  To the extent a response is deemed necessary, it is denied that Giant Eagle improperly dispensed or distributed prescription opioids.  To the extent the averments misstate the relevant data, the same are denied.

569.     The averments contained in Paragraph 569 of Plaintiff's Amended Complaint are directed at other defendants and reference a document that speaks for itself.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a

belief as to the truth of the averments. To the extent the averments misstate the document or quote incomplete excerpts, the same are denied.

570. The averments contained in Paragraph 570 of Plaintiff's Amended Complaint contain legal conclusions and reference data that speaks for itself. To the extent a response is deemed necessary, it is denied that Giant Eagle improperly dispensed or distributed prescription opioids. To the extent the averments misstate the relevant data, the same are denied.

571. With respect to the averments of Paragraph 571 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied with strict proof demanded at time of trial. It is furthermore denied that Giant Eagle improperly dispensed or distributed prescription opioids.

572. The averments contained in Paragraph 572 of Plaintiff's Amended Complaint contain legal conclusions and, therefore, no responsive pleading is required. To the extent a response is deemed necessary, the averments are denied. It is specifically denied that Giant Eagle improperly dispensed or distributed prescription opioids, failed to report or suspend illicit orders or failed in any way to comply with Ohio law relevant hereto.

573. The averments contained in Paragraph 573 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

574. The averments contained in Paragraph 574 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

575.    The averments contained in Paragraph 575 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

576.    The averments contained in Paragraph 576 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

577.    The averments contained in Paragraph 577 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

578.    The averments contained in Paragraph 578 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

579.    The averments contained in Paragraph 579 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

580.    With respect to the averments contained in Paragraph 580 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

581. With respect to the averments contained in Paragraph 581 of Plaintiff's Amended Complaint, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

582. The averments contained in Paragraph 582 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

583. The averments contained in Paragraph 583 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

584. The averments contained in Paragraph 584 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

585. The averments contained in Paragraph 585 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

586. The averments contained in Paragraph 586 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

587.    The averments contained in Paragraph 587 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

588.    The averments contained in Paragraph 588 of Plaintiff's Amended Complaint contain legal conclusions. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

589.    The averments contained in Paragraph 589 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

590.    The averments contained in Paragraph 590 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

591.    The averments contained in Paragraph 591 of Plaintiff's Amended Complaint contain legal conclusions. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

592.    The averments contained in Paragraph 592 of Plaintiff's Amended Complaint contain legal conclusions.  To the extent a response is deemed necessary, Giant Eagle lacks

knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

593.   The averments contained in Paragraph 593 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

594.   The averments contained in Paragraph 594 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

595.   The averments contained in Paragraph 595 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

596.   The averments contained in Paragraph 596 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

597.   The averments contained in Paragraph 597 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

598.     The averments contained in Paragraph 598 of Plaintiff's Amended Complaint contain legal conclusions and references data and reports that speak for themselves. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

599.     The averments contained in Paragraph 599 of Plaintiff's Amended Complaint contain legal conclusions. To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

600.     The averments contained in Paragraph 600 of Plaintiff's Amended Complaint are denied.

601.     The averments contained in Paragraph 601 of Plaintiff's Amended Complaint are denied.

602.     The averments contained in Paragraph 602 of Plaintiff's Amended Complaint are denied.

603.     The averments contained in Paragraph 603 of Plaintiff's Amended Complaint are denied.

604.     The averments contained in Paragraph 604 of Plaintiff's Amended Complaint are denied.

605.     The averments contained in Paragraph 605 of Plaintiff's Amended Complaint are denied.

606.     The averments contained in Paragraph 606 of Plaintiff's Amended Complaint are denied.

607.     The averments contained in Paragraph 607 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle caused any harm to Plaintiff.

608.     The averments contained in Paragraph 608 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle acted unlawfully or tortiously.  It is furthermore denied that Giant Eagle created a public nuisance or caused any harm to Plaintiff.

609.     The averments contained in Paragraph 609 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is admitted that Giant Eagle was working to curb the opioid epidemic and undertaking to comply with  their obligations under the law.  The remaining averments are denied.

610.     The averments contained in Paragraph 610 of Plaintiff's Amended Complaint are denied.

611.     The averments contained in Paragraph 611 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is admitted that Giant Eagle was working to curb the opioid epidemic, undertaking to comply with their obligations under the law and working with law enforcement.  The remaining averments are denied.

612.     The averments contained in Paragraph 612 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in misconduct or caused any damages to Plaintiff.

613.     The averments contained in Paragraph 613 of Plaintiff's Amended Complaint are conclusions of law and reference a Court Order that speaks for itself.  To the extent a response is deemed necessary, the averments are denied.

614.     The averments contained in Paragraph 614 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions.

615.     The averments contained in Paragraph 615 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is admitted that Giant Eagle complied with their obligations under the law.  The remaining averments are denied.

## CAUSES OF ACTION
### Common Law Absolute Public Nuisance
### (Against All Defendants)

616.     Paragraph 616 of Plaintiff's Amended Complaint is an incorporation clause to which no response is required.  To the extent a response is deemed necessary, Giant Eagle incorporates by reference the foregoing paragraphs of the within Answer.

617.     The averments contained in Paragraph 617 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

618.     The averments contained in Paragraph 618 of Plaintiff's Amended Complaint are conclusions of law and, to the extent the averments misstate the law, the same are denied.

619.     The averments contained in Paragraph 619 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

620.     The averments contained in Paragraph 620 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

621.     The averments contained in Paragraph 621 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

622.     The averments contained in Paragraph 622 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

623.    The averments contained in Paragraph 623 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

624.    The averments contained in Paragraph 624 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

625.    The averments contained in Paragraph 625 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

626.    The averments contained in Paragraph 626 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

627.    The averments contained in Paragraph 627 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

628.    The averments contained in Paragraph 628 of Plaintiff's Amended Complaint are conclusions of law and, to the extent the averments misstate the law, the same are denied.

629.    The averments contained in Paragraph 629 of Plaintiff's Amended Complaint are conclusions of law and, to the extent the averments misstate the law, the same are denied.

630.    The averments contained in Paragraph 630 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

631.    The averments contained in Paragraph 631 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

632.    The averments contained in Paragraph 632 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

633.    With respect to the averments in Paragraph 633 of Plaintiff's Amended Complaint, it is admitted that Giant Eagle is in the business of self-distributing and dispensing

through its pharmacies prescription drugs which are scheduled by the DEA based on potential for abuse and addiction criteria.  The remaining averments in Paragraph 633 are denied as stated.

634.    The averments contained in Paragraph 634 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

635.    The averments contained in Paragraph 635 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied as stated.  At all times relevant hereto, Giant Eagle distributed and dispensed prescription drugs in compliance with the law.

636.    The averments contained in Paragraph 636 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions or created a public nuisance and harm to Plaintiff.

637.    The averments contained in Paragraph 637 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions or created a public nuisance and harm to Plaintiff.

638.    The averments contained in Paragraph 638 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

639.    The averments contained in Paragraph 639 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions or created a public nuisance and harm to Plaintiff.

640.    The averments contained in Paragraph 640 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

641.     The averments contained in Paragraph 641 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions or created a public nuisance and harm to Plaintiff.

642.     The averments contained in Paragraph 642 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions or created a public nuisance and harm to Plaintiff.

643.     The averments contained in Paragraph 643 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, the averments are denied.

644.     The averments contained in Paragraph 644 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in misconduct.

645.     The averments contained in Paragraph 645 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, Giant Eagle lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, the same are denied.

646.     The averments contained in Paragraph 646 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions or created a public nuisance and harm to Plaintiff.

647.     The averments contained in Paragraph 647 of Plaintiff's Amended Complaint are conclusions of law.  To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions or created a public nuisance and harm to Plaintiff.

648. The averments contained in Paragraph 648 of Plaintiff's Amended Complaint are conclusions of law. To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in improper actions or omissions or created a public nuisance and harm to Plaintiff.

649. The averments contained in Paragraph 649 of Plaintiff's Amended Complaint are conclusions of law. To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in tortious conduct or created a public nuisance and harm to Plaintiff.

650. The averments contained in Paragraph 650 of Plaintiff's Amended Complaint are conclusions of law. To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in tortious conduct or created a public nuisance and harm to Plaintiff.

651. The averments contained in Paragraph 651 of Plaintiff's Amended Complaint are conclusions of law. To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in tortious conduct or created a public nuisance and harm to Plaintiff.

652. The averments contained in Paragraph 652 of Plaintiff's Amended Complaint are conclusions of law. To the extent a response is deemed necessary, the averments are denied.

653. The averments contained in Paragraph 653 of Plaintiff's Amended Complaint are conclusions of law. To the extent a response is deemed necessary, it is denied that Giant Eagle engaged in tortious conduct or created a public nuisance and harm to Plaintiff.

654. The averments contained in Paragraph 654 of Plaintiff's Amended Complaint are conclusions of law. To the extent a response is deemed necessary, it is denied that Giant Eagle is liable to Plaintiff for any legal or equitable relief.

## AFFIRMATIVE DEFENSES

Giant Eagle raises the following affirmative defenses to the Complaint. By designating the following affirmative defenses, Giant Eagle does not concede that it bears the burden of

proof and/or the burden of persuasion as to any such defenses. Giant Eagle reserves the right to (1) rely on any other applicable defenses that may become apparent during fact or expert discovery; (2) rely on any other applicable defenses set forth in any answer or list of affirmative defenses filed or submitted by any other Defendant in this action; and (3) amend this document and/or its answer to assert any such defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Giant Eagle upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more necessary and indispensable parties, including but not limited to: third parties that were allegedly injured; third parties that failed to properly store and safeguard and/or wrongfully diverted prescriptions; third parties that were responsible for the oversight and regulation of the manufacture, distribution and dispensing of prescription opioids, including the DEA and the Ohio State Board of Pharmacy; and/or doctors and other medical practitioners that issued the prescriptions at issue.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Giant Eagle did not owe or breach any common law, statutory or other duty to Plaintiff. Giant Eagle appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint and the Amendment.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing, capacity and/or authority to assert their claims against Giant Eagle, including claims indirectly maintained on behalf of their citizens and claims brought as *parens patriae*.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private

right of action under the relevant laws and regulations and/or Plaintiff is not the real party in interest.

## SIXTH AFFIRMATIVE DEFENSE

Giant Eagle did not proximately cause Plaintiff's injuries and/or damages. Plaintiff is unable to plead or prove that any act or failure to act of Giant Eagle, including with respect to the dispensing and distribution of opioid prescriptions, including design and operation of a system to detect and report suspicious orders with respect to distribution activities, caused anybody any harm or resulted in any expenditures or damages by Plaintiff. Giant Eagle denies all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against Giant Eagle.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege a legally cognizable injury for their claims. Plaintiff's alleged injuries are wholly derivative of alleged personal injuries of others and do not affect a "public right".

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the independent, intervening and/or superseding acts or failures to act of third parties, including but not limited to: the intentional and/or criminal acts of third parties; the intentional and/or criminal acts of doctors and other medical providers who issued the prescriptions at issue; and/or the intentional acts of third parties that were responsible for the oversight and regulation of the manufacture, distribution and dispensing of prescription opioids, including the DEA and the Ohio State Board of Pharmacy. Such acts or failures to act were not reasonably foreseeable to Giant Eagle and Giant Eagle is not liable for such acts or failures to act, and Giant Eagle had no duty to prevent such acts. Any and all losses or claims allegedly sustained by Plaintiff are the result of acts and/or omissions of

persons over whom Giant Eagle does not, or did not, have any direction or control, and for whose actions or omissions Giant Eagle is not liable.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's comparative and/or contributory negligence, including but not limited to: Plaintiff's superior knowledge of the alleged crisis, including Plaintiff's access to detailed distribution and dispensing information through the OARRS database, access to law enforcement information and access to abuse and treatment information; Plaintiff's failure to effectively enforce the law and prosecute violations thereof; Plaintiff's own distribution and/or dispensing of prescription opioids by its own employees; and Plaintiff's failure to communicate with Defendants with respect to the distribution and/or dispensing of prescription opioids.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law and/or Ohio law, including (without limitation) the federal Controlled Substances Act ("CSA"), the Food, Drug, and Cosmetic Act ("FDCA") and/or Title 47 XLVII Occupations-Profession of the Ohio Revised Code, and they conflict with Congress' and/or Ohio's purposes and objectives in enacting relevant federal and Ohio legislation and authorizing regulations, including the Hatch-Waxman amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000). Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's tort claims, including common law and statutory public nuisance claims and negligence claims, are abrogated in whole or in part by the Ohio Product Liability Act.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's public nuisance claims are barred or limited because Giant Eagle did not unreasonably interfere with a public right.  No action of Giant Eagle involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against a self-distributor or a pharmacy sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Giant Eagle is too remote from the alleged injury as a matter of law and due process.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the learned intermediary doctrine.  All orders filled by HBC were only for Giant Eagle pharmacies which only ordered and dispensed controlled substances pursuant to legitimate prescriptions issued by adequately warned doctors and other authorized medical practitioners, which HBC and Giant Eagle had a duty to fill.

## FOURTEENTH AFFIRMATIVE DEFENSE

Giant Eagle did not manufacture, advertise, promote or market any prescription opioids at any time.  Giant Eagle is not liable for any statements or omissions in the manufacturers' branded or unbranded materials, advertisements, promotions or marketing materials.

## FIFTEENTH AFFIRMATIVE DEFENSE

HBC only distributed prescription opioids to affiliated Giant Eagle pharmacies and did not distribute prescription opioids or any other pharmaceutical products to any third parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all relevant times HBC's DEA Distributor registration was limited to Schedule 3, 4 and 5 controlled substances.  As a result, HBC never distributed Schedule 2 prescription opioids (the prescription opioids at issue in this case), and only self-distributed certain generic

hydrocodone combination products ("HCPs") to Giant Eagle pharmacies only from November 2009 to October 2014 when HCPs were classified as Schedule 3 controlled substances.  When HCPs were reclassified from Schedule 3 to Schedule 2 in approximately October of 2014 HBC stopped distributing HCPs and no longer distributed any opioids at issue in this case.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

At all relevant times Giant Eagle and HBC substantially and/or fully complied with the DEA's and Ohio's security requirements set forth in applicable regulations, including federal Regulation §§ 1301.71 and 1301.74(b), based upon their overall integrated system of controls at the HBC warehouse facility, Giant Eagle corporate headquarters and Giant Eagle pharmacies. These controls were reasonable in light of, among other factors, the types and quantities of controlled substances HBC handled (never Schedule 2's, etc.), physical buildings and security systems and operation of multiple other internal controls.  The DEA's and Ohio Board of Pharmacy's knowledge and audits of such systems and controls without any complaints or deficiencies further establishes their adequacy and compliance with the regulations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim against Giant Eagle and its affiliates, including the Giant Eagle Rx Distribution Center which is a separately licensed and separate distribution warehouse facility that opened in January of 2016 that has not been named as a defendant in any case.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the economic loss rule.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's "Injury Through Criminal Acts" claim is barred by the absence of any criminal conviction and the absence of any injury to Plaintiff's "person or property" and/or Defendants are "specifically excepted by law" from liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

At all relevant times Giant Eagle pharmacies and pharmacists fully complied with all applicable regulations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because there is no "malicious combination" between Giant Eagle and any other defendant and there is no underlying unlawful act or intentional tort.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, waiver, estoppel, laches, acquiescence, ratification, consent, settlement, release and/or in *pari delicto*.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by Plaintiff's failure to mitigate damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff would be unjustly enriched if allowed to recover on any of their claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the products at issue, and their labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that Giant Eagle and/or HBC was grossly negligent and neither acted or failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury

consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendant the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead the allegations with sufficient particularity. Plaintiff failed to plead any actionable misrepresentation or omission made by or attributable to Giant Eagle or HBC. Plaintiff's claims are barred in whole or in part because no conduct of Giant Eagle or HBC was misleading, unfair, or deceptive.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and/or the municipal cost recovery doctrine.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Giant Eagle and HBC because both complied with all applicable federal and Ohio State rules and regulations related to distribution and dispensing of the subject prescription medications.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

## THIRTY-SIXTH AFIRMATIVE DEFENSE

Plaintiff is barred from recovery by application of the informed consent doctrine.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on any Defendant.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred or limited from recovery by the principles of assumption of risk, including that users of the medications at issue used them after they knew, or should have known, of their alleged risks.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Giant Eagle and HBC, and in the event that Giant Eagle and/or HBC is found to be liable to Plaintiffs, Giant Eagle and HBC will be entitled to indemnification, contribution, and/or apportionment.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the subject prescription medications were misused, modified, altered, or changed from the condition in which they were sold, which misuse, modification, alteration, or change caused or contributed to cause Plaintiff's alleged injuries or damages, and over which Giant Eagle had no control.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Giant Eagle is not liable for any injuries or expenses allegedly incurred by Plaintiff to the extent the injuries or expenses as alleged may have resulted from the pre-existing and/or unrelated medical conditions of the users of the subject prescription medications.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff may not recover against Giant Eagle because the methods, standards, or techniques of distributing and dispensing of the subject prescription medications complied with and were in conformity with the generally recognized state of the art processes at the time the product was designed, manufactured, labeled, and distributed.  If Plaintiff incurred the damages alleged, which is expressly denied, Giant Eagle is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDA and the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food &

Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish Defendant's regulatory duties, such informal guidance cannot enlarge Defendant's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injuries or damages as a result of any action by HBC or Giant Eagle.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and Amendment are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that they allegedly made on behalf of their residents to reimburse any expenses for health care, pharmaceutical care, and other public services.  The alleged injuries and damages asserted by

80

Plaintiff are too remote and/or speculative from the alleged conduct of HBC or Giant Eagle to be a basis for liability as a matter of law and due process and derive solely from the claims of others. Plaintiff, to the extent they are seeking any damages in their capacity as a third-party payor, cannot recover as damages the costs of healthcare provided to insureds.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintifs's claims are barred, reduced, and/or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs. A specific percentage of the tortious conduct that proximately caused the injury or loss to person or property is attributable to one or more persons from whom Plaintiff does not seek recovery in this action. Should HBC and/or Giant Eagle be held liable to Plaintiff, which liability is specifically denied, HBC and/or Giant Eagle is entitled to a credit or set-off for all sums of money received or available from or on behalf of any tortfeasor(s), by way of judgment or settlement, for the same injuries alleged in Plaintiff's Complaint and/or Amendment.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff's injuries, losses, or damages, if any, were caused by or contributed to by other persons or entities, whether named or not named as parties to this action, who may be jointly and severally liable for all or part of Plaintiff's alleged injuries, losses, or damages, if any. HBC and Giant Eagle will request apportionment of the fault pursuant to Ohio Revised Code section 2307.23, *et seq*, of all named parties to this action, whether or not they remain parties at trial. If HBC and/or Giant Eagle is found liable for Plaintiffs' alleged injuries and losses (which liability is specifically denied), HBC and/or Giant Eagle are liable only for its proportionate share of the damages that represent economic loss. Ohio Revised Code 2307.22.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Any damages that Plaintiff may recover against Giant Eagle must be reduced to the extent that Plaintiff are seeking to damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiff may recover against Giant Eagle must be reduced to the extent they unjustly enrich Plaintiff.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Giant Eagle's liability, if any, will not result from Giant Eagle's conduct but solely the result of an obligation imposed by law, and thus Giant Eagle is entitled to complete indemnity, express or implied, by other parties.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks relief for Defendant's conduct occurring before enactment of the applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims relate to Giant Eagle's or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply, such claims are barred.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Giant Eagle has valid defenses which bar recovery by those persons on whose behalf Plaintiff purportedly seek recovery.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Giant Eagle adopt by reference all defenses asserted in any defendant's motion to dismiss and/or answer filed herein.  Giant Eagle assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Ohio Rules of Civil Procedure 8(C) and 12(B), as investigation and discovery proceeds.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the political question and separation of powers doctrines and because this claim implicates issues of statewide importance that are reserved for state regulation.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

The claims asserted against Giant Eagle and other Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

## SIXTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they are based on a theory of market share liability.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and hypothetical.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe, and/or have been mooted.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

HBC and Giant Eagle hereby give notice that they reserves the right to rely upon any other applicable defenses set forth in any Answer of any other Defendant in this Action, reserves the right to rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and reserves their right to amend their Answer and to assert any such defenses.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

Giant Eagle followed good faith dispensing practices and its pharmacists properly fulfilled their corresponding responsibility to review prescriptions for indications that they were not issued in the usual course of professional treatment. 21 CFR §1306.04(a). Giant Eagle pharmacists did not knowingly fill any prescriptions that they knew were not legitimate.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

Giant Eagle pharmacists at all times followed dispensing practices that they were trained to follow, including pharmacy school, licensing board (OHBOP) and continuing education, and they reasonably relied upon such sources.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

Giant Eagle and its pharmacists reasonably relied upon the OHBOP inspections which concluded that Giant Eagle pharmacies' dispensing practices complied with applicable law including OHBOP requirements and regulations.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

Giant Eagle and its pharmacists reasonably relied upon the prescribers who issued the prescriptions and have the primary "responsibility for the proper prescribing and dispensing of controlled substances".  21 CFR 1306.04(a).

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Giant Eagle and its pharmacists reasonably relied upon the DEA which set annual national quotas for controlled substances based upon the country's legitimate medical needs and is responsible for the enforcement of the CSA.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

Giant Eagle cannot control and is not responsible for what patients do with prescription drugs after they are dispensed by pharmacists.  Patients have a duty to use the drugs properly and store them safely.

## SEVENTIETH AFFIRMATIVE DEFENSE

Giant Eagle pharmacists cannot interfere with and cannot be held responsible for the legitimate medical judgment of licensed prescribers.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

The DEA and the CSA regulations do not impose the system requirements claimed by Plaintiff.  At all times, Giant Eagle's systems satisfied all legal requirements.

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

Giant Eagle adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## DEMAND FOR JURY TRIAL

Giant Eagle hereby demands a jury trial as to all issues or claims for which a jury trial is

allowed.

## **PRAYER FOR RELIEF**

HBC and Giant Eagle deny that Plaintiff is entitled to judgment or any relief, remedies or damages sought against either HBC and/or Giant Eagle as defined in the Amended Complaint (or any other pleading).  HBC and Giant Eagle request that the Court enter judgment in its favor and against Plaintiffs on all Counts, award HBC and Giant Eagle their reasonable attorney's fees and costs with interest, and grant HBC and Giant Eagle any and all other appropriate legal and equitable relief the Court deems appropriate.

Dated: September 21, 2020                           Respectfully submitted,

                                                                    */s/ Robert M. Barnes*
                                                                    Robert M. Barnes
                                                                    rbarnes@marcus-shapira.com
                                                                    Joshua A. Kobrin
                                                                    kobrin@marcus-shapira.com

                                                                    MARCUS & SHAPIRA LLP
                                                                    35th Floor, One Oxford Centre
                                                                    301 Grant Street
                                                                    Pittsburgh, PA  15219
                                                                    Telephone: (412) 471-3490
                                                                    Facsimile: (412) 391-8758
                                                                    *Counsel for Defendant HBC Service Company*

## CERTIFICATE OF SERVICE

I certify that on September 21, 2020, I electronically filed the foregoing document with the Clerk of the United States District Court, Northern District of Ohio.  The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Robert M. Barnes
Robert M. Barnes, Esq.