# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: Case No. 18-op-45079 | Judge Dan Aaron Polster |
| *County of Trumbull* | |

## DEFENDANTS WALGREENS BOOTS ALLIANCE, INC., WALGREEN CO. AND WALGREEN EASTERN CO., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTY OF TRUMBULL'S SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO "SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND"

Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc. (collectively or individually, as the context requires, "Walgreens") hereby answer the Supplemental and Amended Allegations to Be Added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand ("Complaint") filed in *County of Trumbull v. Purdue Pharma, L.P., et al.*, Case No. 18-op-45079 (*In re Nat'l Prescription Opiate Litig.*, Case No. 17-md-2804 (N.D. Ohio)).

Unless expressly stated otherwise, Walgreens denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered and numbered paragraphs, titles, headings, subheadings, table of contents, footnotes, exhibits, characterization of documents, and stricken paragraphs, and specifically denies any liability to Plaintiff. Walgreens reserves the right to seek to amend or supplement this Answer.

1.     Walgreens admits that Plaintiff purports to bring an action against the listed Defendants. Walgreens otherwise denies the allegations.[1]

**INTRODUCTION**

2.     This paragraph represents a characterization of Plaintiff's claims as to which no response is required. Walgreens agrees that drug addiction and the misuse and abuse of drugs, including prescription opioid medications, illicit opioids such as heroin, and other drugs, represents a public health crisis.

3.     While the allegations of the first sentence of this paragraph are vague, in particular what Plaintiff means by being affected "indirectly" and what they mean to include within the term "opioid disaster," Walgreens agrees that drug addiction and the misuse and abuse of drugs, including prescription opioid medications, illicit opioids such as heroin, and other drugs, represents a public health crisis. To the extent that the remaining allegations in this paragraph are meant to refer to Walgreens, Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations. To the extent those allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

---

[1] Pursuant to Section C of the Track Three Case Management Order, Dkts. 3325 & 3329, and with the Special Master's approval, the parties have agreed (1) that Defendants will answer the Supplemental and Amended Allegations to Be Added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand, Dkt. 3326, (2) that Defendants will not answer the prior complaints filed by Plaintiff, and (3) that by not answering those prior complaints, Defendants do not admit any of the allegations in those complaints or risk default judgment with respect to any claims in those complaints. Out of an abundance of caution, and to the extent the allegations in the prior complaints are meant to refer to Walgreens, Walgreens states that Walgreens, its distribution centers, pharmacies, and pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations and any liability to Plaintiff. To the extent the allegations in the prior complaints are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

4.      Plaintiff does not identify the source of the numbers it cites in this paragraph. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

5.      Plaintiff does not identify the source of the numbers it cites in this paragraph. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

6.      The allegations in this paragraph are vague, including the references to "most of the overdoses," "directly related," "many opioid users," and "closely resemble." Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

7.      Plaintiff does not identify the source of the numbers it cites in this paragraph. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

8.      Walgreens admits that Robert Anderson has been reported to have made the quoted statement and that President Donald Trump has declared a public health emergency related to the misuse and abuse of opioids.

9.      To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

10.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to

other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

11.    Plaintiff does not identify the source of the numbers it cites in this paragraph. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

12.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. Walgreens admits the existence of what have sometimes been called "pill mills" and "rogue prescribers."

13.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. Walgreens does not know what Plaintiff means when it says that increased volumes of opioid prescriptions "correlate directly" to various things, but Walgreens agrees that drug addiction and the misuse and abuse of drugs, including prescription opioid medications, illicit opioids such as heroin, and other drugs, represents a public health crisis. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

14.    Walgreens denies that any of its actions have caused "ongoing harm and damages to Trumbull County." Walgreens admits that the second sentence of the paragraph purports to quote a statement by the then-director of the CDC.

4

15.     To the extent that the allegations in the first sentence of this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations in the first sentence of this paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. Walgreens admits that certain governmental entities have spent money responding to opioid abuse, but denies that Walgreens is legally responsible for those expenditures.

16.     To the extent that the allegations in the first three sentences of this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. The allegations of the final sentence in this paragraph are vague; Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

17.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

18.     Plaintiff does not identify the source of the numbers it cites in this paragraph. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

19.     Walgreens admits that this paragraph purports to identify the reason Plaintiff brought this suit. To the extent that the allegation about being "responsible for the crisis" is meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegation is

meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegation and therefore denies them.

## JURISDICTION AND VENUE

20.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens denies that subject matter jurisdiction is proper in this Court.

21.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens does not dispute this Court's personal jurisdiction over Walgreen Co. and Walgreen Eastern Co., Inc. but denies that this Court has personal jurisdiction over Walgreens Boots Alliance, Inc.

22.     This paragraph states legal conclusions as to which no response is necessary. To the extent that a response is found to be required, Walgreens denies that venue is proper in this Court.

## PARTIES

23.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

24.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

25.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

26.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

27.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

28.     Walgreens admits that Walgreen Co. has operated various retail pharmacies in the United States. Walgreens denies that Walgreen Co. became Walgreens Boots Alliance, Inc. and states that Walgreen Co. became a subsidiary of Walgreens Boots Alliance, Inc. in December 2014 pursuant to a merger and corporate reorganization into a holding company structure.

29.     Walgreens admits that Walgreens Boots Alliance, Inc. is a Delaware corporation, that Walgreen Co. is an Illinois corporation, and that Walgreens Boots Alliance, Inc. and Walgreen Co. have their principal place of business in Illinois. Walgreens otherwise denies the allegations.

30.     Walgreens admits that Walgreen Co. is a subsidiary of Walgreens Boots Alliance, Inc. and is commonly referred to as Walgreens. Walgreens otherwise denies the allegations.

31.     Walgreens admits that its distribution centers in Jupiter, Florida, Perrysburg, Ohio, and Mount Vernon, Illinois previously engaged in the distribution of certain prescription opioid medications and other prescription medications to certain of its own pharmacies,

including pharmacies located in Ohio and Trumbull County. Walgreens otherwise denies the allegations.

32.　　Walgreens admits that Walgreen Eastern Co., Inc. is a New York corporation with its principal place of business in Deerfield, Illinois, and that Walgreen Eastern Co., Inc. is an indirect subsidiary of Walgreens Boots Alliance, Inc.

33.　　Walgreens admits that Plaintiff purports to use the term "Walgreens" as defined in this paragraph.

34.　　Walgreens admits that it previously engaged in the distribution of certain prescription opioid medications to certain of its own retail pharmacies. Walgreens admits that Walgreens pharmacists have dispensed prescription medications, including controlled substances, when presented with a valid prescription. Walgreens otherwise denies the allegations.

35.　　Walgreens admits that Walgreen Co. and Walgreen Eastern Co., Inc. have held DEA registrations to distributed controlled substances and that Walgreen Co. previously engaged in the distribution of certain prescription opioid medications to certain of its own retail pharmacies in Trumbull County. Walgreens otherwise denies the allegations and Plaintiff's characterizations.

36.　　Walgreens admits that Walgreen Co. has created, implemented, and enforced policies, practices, and training for its employees.

37.　　Walgreens admits that Walgreen Co. holds individual DEA registrations for each Walgreens pharmacy in Trumbull County.

38.　　Walgreens admits that it acquired certain Rite Aid stores. Walgreens otherwise denies the allegations.

39.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

40.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

41.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

42.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

43.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

44.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

45.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

46.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

47.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

48.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

49.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

50.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

51.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

52.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

53.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

54.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

55.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

56.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

57.     Walgreens admits that Plaintiff purports to use the term "Chain Pharmacies" as defined in this paragraph.

58.     Walgreens admits that Plaintiff purports to include the listed entities in their definitions of Defendants, but denies that such inclusion is legally justified in each and every case.

59.     Denied.

60.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to hold defendants liable on the grounds stated but it denies that Plaintiff has any legal entitlement to relief.

## **FACTUAL ALLEGATIONS**

61.     Walgreens admits that the term "opioids" is often used to refer to a group of agents, including legal prescription opioid medications and illicit drugs such as heroin, that interact with opioid receptors found in the central nervous system and elsewhere in the human body, including natural opioids, semi-synthetic opioids, and fully synthetic opioids. Walgreens denies that all opioids have the same effects on the human body, but admits that certain opioids are effective in the treatment of pain (analgesia) and that certain opioids have been associated

under some circumstances—in particular, misuse—with feelings of euphoria and with respiratory depression.

62.     Walgreens admits that the medicinal use of certain opioids and the potential for addiction among opioid users has long been recognized. Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies them.

63.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

64.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

65.     The allegations of this paragraph are vague, including the references to "little difference" and "similar molecular structures." Walgreens therefore denies the allegations.

66.     Walgreens admits that certain prescription opioid drugs have been regulated as Schedule II controlled substances by the DEA since 1970.

67.     Plaintiff does not identify the source of the allegations found in this paragraph. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

68.     The allegations of this paragraph are vague, including the references to "relatively quickly," "typically requires," and "often do." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

69.     Walgreens admits that some patients discontinuing opioid therapy after more than a few weeks may suffer withdrawal symptoms.

70.     Denied.

71.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegation and therefore denies them. Walgreens admits that some persons believe that problems of opioid abuse could be ameliorated by the policies identified in the paragraph.

72.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens denies the allegations to the extent they are meant to refer to Walgreens. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

73.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

74.     Walgreens admits that it operates pharmacies in many communities across the United States and that those pharmacies dispense a large variety of different medications pursuant to prescriptions written for patients by their licensed and registered medical providers, including certain prescription opioid medications. Walgreens admits that it previously engaged in the distribution of certain prescription opioid medications to certain of its own retail pharmacies. To the extent that the remaining allegations are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

75.     Walgreens admits that it previously distributed a variety of prescription medications to certain of its own retail pharmacies in Trumbull County and in other states, including certain prescription opioid medications such as fentanyl, hydrocodone, and oxycodone, and that it has dispensed a variety of prescription medications in Trumbull County and in other states, including certain prescription opioid medications such as fentanyl, hydrocodone, and oxycodone. To the extent that the remaining allegations are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

76.     Walgreens admits that it has maintained certain data about its distribution and dispensing activities, including with respect to prescription opioid medications. To the extent that the remaining allegations are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

77.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

78.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that at all times it has complied with all registration requirements for dispensers of prescription opioid medications and that at all times it complied with all registration requirements for distributors of prescription opioid medications during the time period when it acted as a distributor of those medications.

79.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

80.     Plaintiff does not identify the source of the numbers it cites in this paragraph. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the numbers cited in this paragraph and therefore denies them. The remaining sentences of this paragraph state legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent those allegations are meant to refer to Walgreens, Walgreens denies the allegations. To the extent those allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

81.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

82.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to

other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

83.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

84.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

85.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

86.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

87.     The first sentence of this paragraph states legal conclusions as to which no response is required. To the extent that the allegations in the second sentence of this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

88.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens denies the allegations of the paragraph to the extent they are meant to refer to Walgreens. To the extent that the allegations of the paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

89.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations. To the extent the allegations in this paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

90.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and

pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

91.     The first three sentences of this paragraph state legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens admits that the last sentence of this paragraph purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens otherwise denies the allegations.

92.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and

pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

93.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

94.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate

20

prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

95.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

96.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

97.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution

centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

98.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

99.     Walgreens admits that Plaintiff purports to characterize a document. To the extent those characterizations state legal conclusions, no response is required. To the extent that a response is found to be required, Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

100.     Walgreens admits that Plaintiff purports to quote a document. To the extent those quotations state legal conclusions, no response is required. To the extent that a response is found to be required, Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the document for its true and correct content. Walgreens otherwise denies the allegations.

101.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when

22

Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

102.    This paragraph states legal conclusions and consists of Plaintiff's characterizations rather than statements of fact; therefore, no response is required. In addition, the allegations in this paragraph are vague, including the reference to "pharmacy order data." To the extent a response is found to be required, Walgreens states that pharmacy orders may contain information about products ordered, volume ordered, frequency of orders, and dosages ordered for controlled and non-controlled substances. Walgreens otherwise denies the allegations and Plaintiff's characterizations..

103.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

104.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the

Court to the referenced document for its true and correct content. To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

105.    Walgreens admits that Plaintiff purports to quote from a document. Walgreens denies Plaintiff's characterization, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

106.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and

pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

107.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

108.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person

25

involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

109. The allegations in this paragraph are vague, including the reference to "industry standards." Walgreens therefore denies the allegations.

110. This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

111. This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own

pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

112.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

113.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person

involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

114.    This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

115.    This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

116.    Walgreens admits that Plaintiff purports to characterize a document. To the extent those characterizations state legal conclusions, no response is required. To the extent that a response is found to be required, Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

117.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

118.     Walgreens admits that Plaintiff purports to quote a document. To the extent that quotation states legal conclusions, no response is required. To the extent that a response is found to be required, Walgreens denies Plaintiff's characterizations, states that the document speaks for itself and respectfully refers the Court to the document for its true and correct content. Walgreens otherwise denies the allegations.

119.     To the extent that the allegations in this paragraph refer to Walgreens, Walgreens agrees that the diversion of prescription opioid medications can result in the misuse and abuse of those medications but denies that Walgreens caused any such diversion. Walgreens otherwise denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

120.     Walgreens admits that Walgreens is a member of NACDS, that Walgreens employees or officers have served on the NACDS Board of Directors and have participated in NACDS activities, and that NACDS has made statements over the years on a wide variety of topics that may include compliance and regulatory matters. As to the remaining allegations of this paragraph, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

121.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

122.     Walgreens admits that Plaintiff purports to describe a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

123.     Walgreens admits that Plaintiff purports to describe a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens further states that Walgreens has not been a member of HDA or HDMA. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

124.     Walgreens admits that Plaintiff purports to describe a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens further states that Walgreens has not been a member of HDA. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

125.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

126.     Walgreens admits that Plaintiff purports to quote or describe certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents. The quoted language also states legal conclusions as to which no response is required and refers to parties other than Walgreens. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent further response is found to be required, Walgreens admits that the DEA has given limited and inconsistent guidance concerning suspicious orders. Walgreens otherwise denies the allegations.

127.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. The quoted language also states legal conclusions as to which no response is required. To the extent a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

128.     Walgreens admits that the DEA has given limited and inconsistent guidance concerning suspicious orders. The remaining allegations of this paragraph state legal conclusions as to which no response is required. To the extent a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

129.     Walgreens admits that the DEA has given limited and inconsistent guidance concerning suspicious orders. The remaining allegations of this paragraph state legal conclusions as to which no response is required. To the extent a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

130.     Walgreens admits that the DEA has given limited and inconsistent guidance concerning suspicious orders. The remaining allegations of this paragraph state legal conclusions as to which no response is required. To the extent a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

131.     Walgreens admits that the DEA has given limited and inconsistent guidance concerning suspicious orders. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in the paragraph and therefore denies them.

132.     Walgreens admits that the DEA has given limited and inconsistent guidance concerning suspicious orders. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in the paragraph and therefore denies them.

133.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

134.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

135.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

136.     Walgreens admits that certain Walgreens employees have attended conferences and other meetings with DEA, including in 2007, and that the DEA has given limited and inconsistent guidance concerning suspicious orders. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

137.    Walgreens admits that the DEA has brought various enforcement actions against various wholesale distributors and that certain distributors have entered into settlement agreements with the DEA. To the extent that the remaining allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations in this paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

138.    Walgreens admits that the DEA has at various times given certain guidance concerning the dispensing of controlled substances by pharmacists. Walgreens otherwise denies the allegations.

139.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens admits that some of the listed items may be relevant to a pharmacist's evaluation of a specific prescription presented by a patient and may result in a decision not to fill the prescription. Walgreens further states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

140.    Walgreens admits that some of the listed items may be relevant to a pharmacist's evaluation of a specific prescription presented by a patient and may result in a decision not to fill the prescription. Walgreens otherwise denies the allegations.

141.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens admits that at times certain Walgreens employees have met with certain representatives of the DEA. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

142.    Walgreens admits that some of the listed items may be relevant to a pharmacist's evaluation of a specific prescription presented by a patient and may result in a decision not to fill the prescription. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

143.    Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in 2011 and that the DEA issued an order to show cause to a Walgreens pharmacy in San Diego in 2009. Walgreens otherwise denies Plaintiff's characterization of the settlement, denies the DEA's allegations in the order to show cause, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens otherwise denies the allegations.

144.    Walgreens admits that Plaintiff purports to refer to other allegations in the complaint.

145.    Walgreens admits that some of the listed items may be relevant to a pharmacist's evaluation of a specific prescription presented by a patient and may result in a decision not to fill the prescription. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

146.    Walgreens admits that it participated in creating a document identifying certain characteristics that may be relevant to a pharmacist's evaluation of a specific prescription

presented by a patient. Walgreens otherwise denies the allegations and Plaintiff's characterization

and respectfully refers the Court to the referenced document for its true and correct content.

147.     To the extent that the allegations in this paragraph are meant to refer to

Walgreens, Walgreens admits that it possesses certain data about dispensing of controlled

substances but otherwise denies the allegations. To the extent the allegations are meant to refer to

other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity

of the allegations and therefore denies them.

148.     To the extent that the allegations in this paragraph are meant to refer to

Walgreens, Walgreens admits that some of the listed items may be relevant to a pharmacist's

evaluation of a specific prescription presented by a patient and may result in a decision not to fill

the prescription. Walgreens otherwise denies the allegations. To the extent the allegations are

meant to and do refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief

as to the truth or falsity of the allegations and therefore denies them.

149.     This paragraph states legal conclusions as to which no response is required. To

the extent that a response is found to be required, Walgreens states that federal and state law

impose various obligations with respect to controlled substances on Walgreens pharmacies and

pharmacists. The contents of those obligations have varied depending on the entity or person

involved and their respective roles in the dispensing of controlled substances. Walgreens

pharmacists are highly trained professionals committed to dispensing legitimate prescriptions

that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always

complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise

denies the allegations.

150.    To the extent that the allegations in this paragraph refer to Walgreens, Walgreens admits that it possesses certain data about dispensing of controlled substances, that data analytics companies may seek to purchase some of that data, and that Walgreens has from time to time purchased prescription files, such as when a pharmacy winds down its business, which may be treated as intangible assets for accounting purposes. To the extent the allegations in this paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. Walgreens otherwise denies the allegations.

151.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

152.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens admits that it possesses certain data about dispensing and distribution of controlled substances but otherwise denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

153.    To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens states that the production of dispensing data in this case has proceeded pursuant to orders of the Court regarding what data should be produced and how the parties may use it. Walgreens otherwise denies the allegations. To the extent the allegations in this paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to

the truth or falsity of the allegations and therefore denies them. Walgreens otherwise denies the allegations.

154.    Denied.

155.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

156.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

157.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

158.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

159.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

160. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

161. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

162. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

163. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

164. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

165. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

166.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

167.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

168.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

169.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

170.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

171.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

172.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

173.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

174.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

175.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

176.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

177.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

178.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

179.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

180.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

181.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

182.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

183.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

184.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

185.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

186.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

187.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

188.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

189.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

177.*   The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

190.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

191.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

192.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

193.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

194.    To the extent that the allegations in this paragraph are directed at parties other than Walgreens, no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent the allegations in this paragraph refer to Walgreens, Walgreens denies Plaintiff's characterizations, states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, states that the data speaks for itself, and respectfully refers the Court to the data for its true and correct contents. Walgreens otherwise denies the allegations.

195.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

196.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

197.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

198.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

199.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

200.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

201.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

202.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

203.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

204.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

205.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

206.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

207.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

208.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

209.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

210.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

211.    This paragraph states legal conclusions and consists of Plaintiff's characterizations rather than statements of fact; therefore, no response is required. To the extent a response is found to be required, Walgreens admits that one or more Walgreens entities operates pharmacies and that one or more Walgreens entities previously engaged in the distribution of prescription medications to Walgreens' own retail pharmacies. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

212.    Walgreens admits that it possesses certain data about dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

213.    Walgreens admits that it used various algorithms over the years to identify orders from its pharmacies that were potentially suspicious, based on, and in keeping with, DEA guidance. Walgreens admits that for certain periods of time such orders were listed on a report called the Suspicious Control Drug Order report. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

214.    Walgreens admits that, among other methods of preventing diversion, Walgreens used algorithms to identify potentially suspicious orders from its pharmacies. Walgreens admits that it used a different algorithm for identifying potentially suspicious orders before 2007 than it used after 2007. Walgreens admits that all of the algorithms it has used to identify potentially suspicious orders have been based on, and in keeping with, DEA guidance, including the DEA Chemical Handler's Manual. Walgreens admits that prior to 2012, it used algorithms for identifying potentially suspicious orders based on the DEA's recommended multiplier of three times a calculated average, with the method of calculating the average changing over time based on DEA guidance. Walgreens admits that prior to 2012, a potentially suspicious order was reported if it met the criteria provided in the DEA Chemical Handler's Manual, *e.g.*, if the orders exceeded the level set by the algorithm for two consecutive months. Walgreens and its

distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

215.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens admits that it received a letter from the DEA in May 2006 regarding its Perrysburg Distribution Center. Walgreens admits that Plaintiff purports to quote the May 2006 DEA letter. Walgreens denies Plaintiff's characterizations, states that the letter speaks for itself, and respectfully refers the Court to the referenced letter for its true and correct content. Walgreens admits that it responded to the May 2006 DEA letter in July 2006, informing DEA that it was changing the formula it used to monitor for suspicious orders in accordance with the formula listed in the DEA's Chemical Handler's Manual, and that Walgreens expected those changes to be completed in six months. Walgreens admits that those changes were implemented by March 2007. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

216.    Walgreens admits that Plaintiff purports to quote from a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

217.    Walgreens admits that its Suspicious Control Drug Order reports could be thousands of pages in length. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

218.    Denied.

219.    This paragraph states legal conclusions and consists of Plaintiff's characterizations rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that its Suspicious Control Drug Order reports were submitted to the DEA on a monthly basis. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

220.    Walgreens admits that the DEA issued an immediate suspension order to one of Walgreens' distribution centers in Florida in September 2012. Walgreens otherwise denies Plaintiff's characterization of the document, denies the DEA's allegations in the immediate suspension order, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens, its distribution centers, pharmacies, and pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

221.    Walgreens admits that the DEA issued an immediate suspension order to one of Walgreens' distribution centers in Florida in September 2012. Walgreens otherwise denies Plaintiff's characterization of the document, including any characterization of the document as containing "findings of fact and conclusions of law," denies the DEA's allegations in the immediate suspension order, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

50

222.     This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

223.     This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

224.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

225.     Walgreens admits that Plaintiff purports to cite and quote certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents.

Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

226.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

227.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

228.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

229.    This paragraph states legal conclusions and includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct

content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

230.     This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

231.     This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

232.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

233.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the

Court to the referenced document for its true and correct contents. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

234.    This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens states that Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

235.    This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote various documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents. Walgreens admits that it formed a team to develop a new SOM system in 2008, and that the team worked to implement and improve that system over the course of the next few years, while the existing SOM system and other anti-diversion methods were in place and operational. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

236.    This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens states that Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

237. This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

238. This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Walgreens pharmacies sometimes placed orders with outside vendors, who are subject to their own suspicious order monitoring obligations under federal and state law, in order to ensure that Walgreens was able to meet its patients' legitimate medical needs for prescription medications. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

239. This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Walgreens sometimes transferred properly ordered medication from one Walgreens pharmacy to another, or placed orders on an expedited basis, in order to meet its patients' legitimate medical needs for prescription medications. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

240.    Walgreens admits that Plaintiff purports to quote certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

241.    Walgreens admits that Walgreens began automatically reducing orders that exceeded tolerance thresholds set by its SOM system starting in 2010. Walgreens admits that the DEA issued an immediate suspension order to one of Walgreens' distribution centers in Florida in September 2012. Walgreens otherwise denies Plaintiff's characterization of the document, denies the DEA's allegations in the immediate suspension order, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

242.    This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote from a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

243.    This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that it has identified members of its loss prevention team, its

inventory control team, and its distribution center teams, among many others, as being involved in conducting diligence on potentially suspicious orders in the 2009 to 2012 timeframe. Walgreens admits that Plaintiff purports to quote from certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

244.    Walgreens admits that Plaintiff purports to quote or cite certain documents, including the DEA's immediate suspension order from September 2012. Walgreens denies Plaintiff's characterizations, denies the DEA's allegations in the immediate suspension order, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

245.    This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote or cite from certain documents, including the DEA's immediate suspension order from September 2012. Walgreens denies Plaintiff's characterizations, denies the DEA's allegations in the immediate suspension order, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

57

246.     Walgreens admits that the DEA issued an immediate suspension order to one of Walgreens' distribution centers in Florida in September 2012. Walgreens otherwise denies Plaintiff's characterization of the document, denies the DEA's allegations in the immediate suspension order, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

247.     This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is necessary. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote from documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens admits that the DEA served a subpoena and warrant of inspection on the Perrysburg distribution center in 2013. Walgreens admits that it discontinued distribution from the Perrysburg distribution center in 2013. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

248.     Walgreens admits that it distributed prescription opioid medications into Ohio from its Perrysburg, Ohio distribution center before May 2013. Walgreens admits that it distributed prescription opioid medications into Ohio from its Jupiter, Florida distribution center before March 2007. Walgreens otherwise denies the allegations.

249.     Walgreens admits that Plaintiff purports to quote documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully

refers the Court to the referenced documents for their true and correct content. Walgreens admits that certain Walgreens employees met with the DEA at various times to describe different aspects of its SOM program. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

250. Denied.

251. The allegations in this paragraph are vague; therefore Walgreens lacks knowledge sufficient to form a belief as to their truth or falsity and therefore denies them. Walgreens further states that Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations.

252. Walgreens admits that it formed a Pharmaceutical Integrity group in 2012. Walgreens admits that the Pharmaceutical Integrity group's role includes ensuring that Walgreens complies with DEA guidance and regulations. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

253. This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent a response is found to be required, Walgreens admits that Plaintiff purports to quote from a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens admits that at various points, the Pharmaceutical Integrity group consisted of fewer than 12 people. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

254. This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent a response is found to be required, Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

255. Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

256. Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

257. Walgreens admits that the MDL Court has denied a motion for summary judgment in a different case. Walgreens otherwise denies Plaintiff's characterization of the MDL Court's order and the remaining allegations in this paragraph and respectfully refers the Court to the referenced order for its true and correct content.

258.    Walgreens admits that it has had its Good Faith Dispensing policies in place for many years. Walgreens otherwise denies the allegations.

259.    This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent a response is found to be required, Walgreens admits that Plaintiff purports to quote certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully direct the Court to the referenced documents for their true and correct content. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

260.    Walgreens admits that it has revised its Good Faith Dispensing and Target Drug Good Faith Dispensing policies over the years. Walgreens otherwise denies Plaintiff's characterizations of those changes and the remaining allegations in this paragraph and respectfully refers the Court to the referenced documents for their true and correct content.

261.    This paragraph states legal conclusions and includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens states that Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

262.     This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote from certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

263.     Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in 2011. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

264.     Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

265.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content.

266.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and

respectfully refers the Court to the referenced document for its true and correct content. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

267.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. As to the remaining allegations, Walgreens admits that, depending on the year, it has employed over 26,000 pharmacists, who review prescriptions presented at Walgreens pharmacies across the country. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

268.    This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote from various documents. Walgreens denies Plaintiff's characterization of the documents, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

269. This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens admits that Plaintiff purports to quote from various documents. Walgreens denies Plaintiff's characterization of the documents, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

270. Walgreens admits that Plaintiff purports to quote from various documents. Walgreens denies Plaintiff's characterization of the documents, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

271. The allegations in this paragraph are directed at parties other than Walgreens, and include Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations directed at parties other than Walgreens and therefore denies them. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

272.    The allegations in this paragraph are directed at parties other than Walgreens, and include Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations directed at parties other than Walgreens and therefore denies them. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

273.    Walgreens admits that it entered into an agreement with AmerisourceBergen Corporation in 2013 and that Plaintiff purports to quote document. Walgreens otherwise denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

274.    This paragraph includes Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. This paragraph also includes allegations directed at parties other than Walgreens. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of those allegations and therefore denies them. Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens admits that Walgreens Boots Alliance, Inc. holds a non-controlling minority equity interest in AmerisourceBergen Corporation, that Walgreens Boots Alliance, Inc. currently has the ability to appoint one member of the board of directors of AmerisourceBergen Corporation, and that the Co-Chief Operating Officer of Walgreens Boots

Alliance, Inc. currently serves on the nine-member AmerisourceBergen Corporation board of directors. Walgreens denies that Walgreens Boots Alliance, Inc. exercises any control or influence over the management or policies of AmerisourceBergen Corporation by virtue of its minority equity interest. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

275.    Walgreens admits that Walgreens Boots Alliance, Inc. currently owns approximately 27% of AmerisourceBergen Corporation's outstanding common stock. Walgreens denies that Walgreens Boots Alliance, Inc. exercises any control or influence over the management or policies of AmerisourceBergen Corporation by virtue of its minority equity interest. Walgreens otherwise denies the allegations.

276.    Denied.

277.    The allegations in this paragraph are vague, including the reference to "dosage units." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiff purports to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, states that the data speaks for itself, and respectfully refers the Court to the data for its true and correct contents.

278.    Denied.

279.    Denied.

280.    Denied.

281.    The allegations in this paragraph are vague, including the references to "dosage units." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. To the extent Plaintiff purports to characterize ARCOS data, Walgreens states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, states that the data speaks for itself, and respectfully refers the Court to the data for its true and correct contents.

282.    Walgreens admits that it distributed prescription opioid medications to its own pharmacies in states other than Ohio during the time it previously distributed prescription medications. Walgreens and distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

283.    As to the first sentence of this paragraph, Walgreens denies the allegations. As to the remaining allegations, Walgreens admits that Plaintiff purports to quote various documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents. Walgreens, its distribution centers, its pharmacies, and is pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

284.    Walgreens admits that it maintains inventory management systems but otherwise denies the allegations.

285.    Walgreens admits that it possesses certain data about dispensing of controlled substances but otherwise denies the allegations.

286.    Walgreens admits that it possesses certain data about each prescription filled at a
Walgreens pharmacy but otherwise denies the allegations.

287.    Denied.

288.    Denied.

289.    Denied.

290.    The first two sentences of this paragraph state legal conclusions as to which no
response is required. To the extent that a response is found to be required, Walgreens denies the
allegations. As to the last sentence of this paragraph, Walgreens states that federal and state law
impose various obligations with respect to controlled substances on Walgreens pharmacies and
pharmacists. The contents of those obligations have varied depending on the entity or person
involved and their respective roles in the dispensing of controlled substances. Walgreens
pharmacists are highly trained professionals committed to dispensing legitimate prescriptions
that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always
complied with all applicable legal, regulatory, and professional obligations. Walgreens denies
that its conduct has contributed to the illegal diversion of controlled substances and otherwise
denies the allegations.

291.    Walgreens admit that Plaintiff purports to quote documents without citation.
Walgreens denies Plaintiff's characterizations of those documents, states that the documents
speak for themselves, and respectfully refers the Court to the underlying documents for their true
and correct content. Walgreens otherwise denies the allegations.

292.    The allegations in this paragraph are directed at parties other than Walgreens and
therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

293.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

294.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

295.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

296.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

f.*    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

297.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

298.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

299.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

300.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

301.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

302.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

303.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

304.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

305.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

306.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

307.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

308.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

309.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

310.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

311.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

312.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

313.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

314.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

315.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

316.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

317.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

318.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

319.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

320.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

321.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

322.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

323.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

324.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

325.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

326.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

327.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

328.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

329.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

330.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

331.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

332.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

333.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

334.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

335.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

336.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

337.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

338.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

339.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

340.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

341.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

342.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

343.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

344.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

345.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

346.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

347.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

348.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

349.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

350.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

351.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

352.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

353.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

354.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

355.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

356.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

357.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

358.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

359.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

360.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

361.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

362.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

363.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

364.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

365.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

366.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

367.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

368.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

369.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

370.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

371.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

372.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

373.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

374.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

375.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

376.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

377.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

378.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

379.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

380.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

381.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

382.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

383.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

384.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

385.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

386.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

387.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

388.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

389.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

390.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

391.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

392.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

393.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

394.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

395.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

396.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

397.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

398.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

399.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

400.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

401.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

402.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

403.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

404.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

405.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

406.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

407.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

408.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

409.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

410.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

411.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

412.    Walgreens admits that the DEA issued an immediate suspension order to one of Walgreens' distribution centers in Florida in September 2012. Walgreens denies Plaintiff's characterization of the document, denies the DEA's allegations in the immediate suspension

90

order, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

413.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

414.    Walgreens admits that one factor taken into account when setting bonus compensation at certain times for certain employees related to overall prescription volume. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

415.    Walgreens admits that Plaintiff purports to quote certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists

have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

416.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens further states that Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

417.     Walgreens admits that Plaintiff purports to describe certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents. Walgreens admits that, as part of the settlement entered into with DEA and the United States Department of Justice in June 2013, Walgreens agreed to exclude controlled substances from bonus calculation for certain employees. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

418.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists

always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

419.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

420.    As to the first sentence of this paragraph, Walgreens incorporates by reference its responses to prior allegations and otherwise denies the allegations. The last three sentences of this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

421.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

422.    This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens denies the allegations.

423.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. To the extent that the allegations are meant to refer to Walgreens, Walgreens states that Walgreens

pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations. To the extent that the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

424.    This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens denies the allegations.

425.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent that the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

426.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent that the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

427.    This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent a response is found to be required, Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and

respectfully refers the Court to the referenced document for its true and correct contents. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

428.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations. To the extent that the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

429.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations. To the extent that the allegations are meant to refer to other

Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

430.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations. To the extent that the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

431.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

432.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

433.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the quoted document for its true and correct contents. Walgreens otherwise denies the allegations. To the extent that the allegations are meant to refer to other

Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

434.     To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations and states that Walgreens was not a member of HDA. To the extent the allegations in this paragraph refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

435.     Walgreens admits that Plaintiff purports to quote certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents. To the extent the remaining allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the remaining allegations in this paragraph refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

436.     To the extent that the allegations in this paragraph refer to Walgreens, Walgreens admits that it has paid membership dues to NACDS and in some years may have been among the members with the highest dues, and otherwise denies the allegations. To the extent that the allegations in this paragraph are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

437.     Walgreens admits that Plaintiff purports to quote certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents. To

the extent the remaining allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the remaining allegations in this paragraph refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

438.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterization, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. The remaining allegations in this paragraph state legal conclusions and consist of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

439.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

440.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

441.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the

Court to the referenced document for its true and correct content. To the extent that the remaining allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

442.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

443.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations and states that Walgreens was not a member of HDA. To the extent the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

444.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants or third parties, Walgreens lacks

knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

445.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations and states that Walgreens was not a member of HDA. To the extent the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

446.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations and states that Walgreens was not a member of HDA. To the extent the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

447.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

448.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens admits that Walgreens Boots Alliance, Inc. holds a non-controlling minority equity interest in AmerisourceBergen Corporation but otherwise denies the allegations. To the extent the allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

449.     Walgreens admits that Walgreens Boots Alliance, Inc. holds a non-controlling minority equity interest in AmerisourceBergen Corporation, that Walgreens Boots Alliance, Inc. currently has the ability to appoint one member of the board of directors of AmerisourceBergen Corporation, and that the Co-Chief Operating Officer of Walgreens Boots Alliance, Inc. currently serves on the nine-member AmerisourceBergen Corporation board of directors. Walgreens further admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens otherwise denies the allegations.

450.     Denied.

451.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

452.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

101

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

453. To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

454. To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

455. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

456. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

457. The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

458.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

459.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

460.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

461.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

462.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

463.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

464.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

465.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

466.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

467.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

468.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

469.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

470.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. To the extent the remaining allegations refer to Walgreens, Walgreens denies the allegations. To the extent the remaining allegations refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

471.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens further admits that Walgreens pharmacists have access to continuing education materials from a variety of sources. Walgreens otherwise denies the allegations.

472.     Walgreens admits that Plaintiff purports to quote certain documents. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct contents. To the extent the remaining allegations refer to Walgreens, Walgreens denies the allegations. To the extent the remaining allegations refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

473.     Walgreens admits that Plaintiff purports to quote or describe various documents or materials. Walgreens denies Plaintiff's characterizations, states that the documents or materials speak for themselves, and respectfully refers the Court to the referenced documents or materials for their true and correct contents. To the extent the remaining allegations are meant to refer to Walgreens, Walgreens admits that Walgreens pharmacists have access to continuing education materials from a variety of sources and otherwise denies the allegations. To the extent the remaining allegations refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

474.     Walgreens admits that Plaintiff purports to quote or describe various documents or materials. Walgreens denies Plaintiff's characterizations, states that the documents or materials speak for themselves, and respectfully refers the Court to the referenced documents or materials for their true and correct contents. To the extent the remaining allegations are meant to refer to Walgreens, Walgreens admits that Walgreens pharmacists have access to continuing education materials from a variety of sources and otherwise denies the allegations. To the extent the remaining allegations refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

475.     Walgreens admits that Plaintiff purports to quote or describe various documents or materials. Walgreens denies Plaintiff's characterizations, states that the documents or materials speak for themselves, and respectfully refers the Court to the referenced documents or materials for their true and correct contents. To the extent the remaining allegations are meant to refer to Walgreens, Walgreens admits that Walgreens pharmacists have access to continuing education materials from a variety of sources and otherwise denies the allegations. To the extent

the remaining allegations refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

476.     Walgreens admits that Plaintiff purports to quote or describe various documents or materials. Walgreens denies Plaintiff's characterizations, states that the documents or materials speak for themselves, and respectfully refers the Court to the referenced documents or materials for their true and correct contents. To the extent the remaining allegations are meant to refer to Walgreens, Walgreens admits that Walgreens pharmacists have access to continuing education materials from a variety of sources and otherwise denies the allegations. To the extent the remaining allegations refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

477.     Walgreens admits that Plaintiff purports to quote or cite certain documents, including Walgreens' settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens denies Plaintiff's characterizations, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens otherwise denies the allegations.

478.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

479.     This paragraph states legal conclusions and consists of Plaintiff's characterizations rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens agrees that the illegal diversion of controlled substances can contribute to overdoses. Walgreens further states that federal and state law

impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

480. This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent a response is found to be required, and to the extent the allegations are meant to refer to Walgreens, Walgreens states that it has long been committed to working with law enforcement and other stakeholders to address problems related to the diversion and abuse of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

481.    Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in 2011 and that the DEA issued an immediate suspension order to one of Walgreens' distribution centers in Florida in September 2012. Walgreens denies Plaintiff's characterizations, denies the DEA's allegations in the immediate suspension order, states that the documents speak for themselves, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

482.    Walgreens states that it has long been committed to working with law enforcement and other stakeholders to address problems related to the diversion and abuse of controlled substances. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

483.    Walgreens admits giving a statement to the Washington Post in August 2018 and states that it has long been committed to working with law enforcement and other stakeholders to address problems related to the diversion and abuse of controlled substances. Walgreens further states that Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens otherwise denies the allegations, including Plaintiff's characterizations, states that the Washington Post article speaks for itself, and respectfully refers the Court to the referenced article for its true and correct contents.

484.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the

Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

485.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

486.    Walgreens admits that Plaintiff purports to quote a document. To the extent the allegations refer to Walgreens, Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations. To the extent the allegations refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

487.    Walgreens admits that Plaintiff purports to quote a document. To the extent the allegations refer to Walgreens, Walgreens denies Plaintiff's characterization of the document, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the

allegations. To the extent the allegations refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

488.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

489.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

490.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

491.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

492.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

251.*   Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. To the extent that the remaining allegations in this paragraph are meant to refer to Walgreens, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens further states that it was not a member of HDA. To the extent that the remaining allegations are meant to refer to other Defendants or third parties, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

493.    Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations.

To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

494.    Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

495.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

496.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

497.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

498.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

499.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

500.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

501.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

502.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

503.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

504.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

505.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

506.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

507.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

508.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

509.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

510.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

511.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

512.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

513.    Walgreens admits the allegations of the second sentence but denies the remaining allegations of this paragraph. The allegation that Walgreens is the "second-largest pharmacy

store chain" is vague and undefined. Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of that allegation and therefore denies it.

514.    Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

515.    Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in 2011. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

516.    Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in 2011. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

517.    Walgreens admits that the DEA issued an immediate suspension order to one of Walgreens' distribution centers and orders to show cause to certain of Walgreens' pharmacies in Florida. Walgreens denies Plaintiff's characterizations, denies the DEA's allegations in the immediate suspension order and orders to show cause, and respectfully refers the Court to the referenced documents for their true and correct content. Walgreens, its distribution centers, its pharmacies, and its pharmacists always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

518.    Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiff's

characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

519. Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

520. Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

521. Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

522. Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

523. Walgreens admits that it entered into a settlement agreement with the DEA and the United States Department of Justice in June 2013. Walgreens otherwise denies Plaintiff's

characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced settlement agreement for its true and correct content.

524.     Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations.

525.     Walgreens admits that it has entered into settlement agreements with the Massachusetts and West Virginia attorneys general. Walgreens otherwise denies Plaintiff's characterization of the settlements and the remaining allegations in this paragraph and respectfully refers the Court to the referenced documents for their true and correct content.

526.     Walgreens admits that it has entered into a settlement agreement with the Massachusetts attorney general. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced document for its true and correct content.

527.     Walgreens admits that it has entered into a settlement agreement with the Massachusetts attorney general. Walgreens otherwise denies Plaintiff's characterization of the settlement and the remaining allegations in this paragraph and respectfully refers the Court to the referenced document for its true and correct content.

528.     Denied.

529.     The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be

required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

530.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

531.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

532.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

533.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

534.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

535.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

536.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

537.    The allegations in this paragraph are directed at parties other than Walgreens and therefore no response by Walgreens is required. To the extent that a response is found to be required, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

538.    The allegations of this paragraph are vague, including the reference to "numerous prosecutions." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

539.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

540.    The allegations of this paragraph are vague, including the references to "numerous red flags" and "potential suspicious activity and diversion." Walgreens therefore lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

541.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

542.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

543.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

544.     To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

545.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

546.     Walgreens admits that prescriptions for opioid medications may be written in one state and filled in another state for a variety of reasons. Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

547.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

548.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

549.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

550.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

551.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

552.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

553.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

554.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

555.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

556.     This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their

respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

557. This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

558. This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution of controlled substances. Walgreens and its distribution centers always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

559. This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person

involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

560.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

561.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

562. This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that federal and state law impose various obligations with respect to controlled substances on Walgreens pharmacies and pharmacists and imposed certain obligations on Walgreens distribution centers during the time period when Walgreens previously acted as a distributor of controlled substances to its own pharmacies. The contents of those obligations have varied depending on the entity or person involved and their respective roles in the distribution or dispensing of controlled substances. Walgreens pharmacists are highly trained professionals committed to dispensing legitimate prescriptions that meet the needs of their patients. Walgreens, its distribution centers, its pharmacies, and its pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens otherwise denies the allegations.

563. Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

564. Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

565. Walgreens admits that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, states that the data speaks for itself, and respectfully refers the Court to the data for its true and correct contents.

566. This paragraph consists of Plaintiff's characterizations and conclusions rather than statements of fact; therefore, no response is required. To the extent that a response is found to be required, Walgreens denies the allegations.

567. Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

568.     To the extent Plaintiff purports to characterize ARCOS data, Walgreens denies Plaintiff's characterization, states that the United States Government provided certain data from its ARCOS database pursuant to the Court's order, states that the data speaks for itself, and respectfully refers the Court to the data for its true and correct contents. Walgreens otherwise denies the allegations.

569.     Walgreens admits that Plaintiff purports to quote and describe a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. To the extent that the remaining allegations are meant to refer to Walgreens, Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances and otherwise denies the allegations. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

570.     Walgreens admits that public sources have reported that fatal overdoses from prescription opioid medications have, in general, increased over time. Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of this paragraph and therefore denies them. To the extent that the allegation in the third sentence of this paragraph is meant to refer to Walgreens, Walgreens denies the allegation. To the extent the allegation in the third sentence of this paragraph is meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegation and therefore denies it.

571.     Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

572.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

573.    To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies the allegations. To the extent the allegations in this paragraph are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

574.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them. Walgreens agrees that drug addiction and the misuse and abuse of drugs, including prescription opioid medications, illicit opioids such as heroin, and other drugs, represents a public health crisis.

575.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

576.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

577.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

578.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

579.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

580.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

581.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

582.    Walgreens admits that Plaintiff purports to quote a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct contents. Walgreens otherwise denies the allegations.

583.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

584.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

585.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

586.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

587.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

588.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

589.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

590.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

591.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

592.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

593.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

594.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

595.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

596.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

597.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

598.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

599.    Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

600.    Denied.

601.    Denied.

602.    Denied.

603.    Denied.

604.    Denied.

605.    Denied.

606.    Denied.

607.    Walgreens admits that Plaintiff contends it has suffered harm from unlawful actions by the Defendants, but Walgreens denies the allegation.

608.    Denied.

609.    Denied.

610.    Denied.

611.    Denied.

612.    Walgreens denies that it is guilty of any misconduct, and denies all other allegations in this paragraph.

613.    Walgreens denies the allegations in the first sentence of this paragraph. Walgreens admits that Plaintiff has quoted a document. Walgreens denies Plaintiff's characterizations, states that the document speaks for itself, and respectfully refers the Court to the referenced document for its true and correct content. Walgreens otherwise denies the allegations.

614.    Denied.

615.    Denied.

## CAUSES OF ACTION

## ELEVENTH CLAIM FOR RELIEF

616.    Walgreens incorporates its responses to all earlier paragraphs, including its responses to prior complaints.

617.    Denied.

618.    This paragraph states legal conclusions as to which no response is required. To the extent that a response is found to be required, Walgreens states that Plaintiff's allegation is

not a complete and accurate description of the law of public nuisance as it applies to the claims that Plaintiff purports to bring.

619.    Denied.

620.    Denied.

621.    Denied.

622.    Denied.

623.    Denied.

624.    Denied.

625.    Denied.

626.    Denied.

627.    Denied.

628.    Denied.

629.    Denied.

630.    Denied.

631.    Denied.

632.    Denied.

633.    Denied.

634.    Denied.

635.    Denied.

636.    Denied.

637.    Denied.

638.    Denied.

639.    Denied.

640. Denied.

641. Denied.

642. To the extent that the allegations in this paragraph are meant to refer to Walgreens, Walgreens denies that it has created or contributed to a nuisance. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

643. Denied.

644. Denied.

645. Denied.

646. Walgreens admits that Plaintiff purports to want to abate a nuisance. To the extent that the other allegations in this paragraph are meant to refer to Walgreens, Walgreens denies that it has created or contributed to a nuisance. To the extent the allegations are meant to refer to other Defendants, Walgreens lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

647. Denied.

648. Denied.

649. Denied.

650. Denied.

651. Denied.

652. Denied.

653. Walgreens admits that Plaintiff purports to bring this claim as a public nuisance claim, but Walgreens denies that it has any legal entitlement to relief.

654.     Walgreens admits that Plaintiff seeks the identified relief, but denies that it has any legal entitlement to the relief.

## PRAYER FOR RELIEF

607.*   Walgreens admits that Plaintiff seeks the identified relief, but denies that it has any legal entitlement to the relief.

## WALGREENS' AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations of Plaintiff's Complaint, and having denied any liability whatsoever, Walgreens further denies any allegations that have not been expressly admitted and sets forth below its defenses. By setting forth these defenses, Walgreens does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, Walgreens does not intend these defenses to be, nor shall they be construed as, an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Walgreens does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense. Upon completion of discovery, if the facts warrant, Walgreens may withdraw any of these defenses as may be appropriate.

Walgreens further reserves the right to (i) rely on any other applicable defenses set forth in any Answer or listing of affirmative defenses of any other Defendant in this Action, (ii) rely on any other defenses that may become apparent during fact or expert discovery in this matter, and (iii) to amend its Answer to assert any such defenses.

1.     This Court lacks personal jurisdiction over Walgreens Boots Alliance, Inc.

2.     The Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

3.     Plaintiff's claims are barred by the applicable statutes of limitation.

134

4.      Plaintiff's claims are barred by the doctrine of laches.

5.      Plaintiff's claims are barred by the applicable statutes of repose.

6.      Plaintiff's claims are barred or limited for lack of standing.

7.      Plaintiff's claims are barred by the doctrine of primary jurisdiction.

8.      Plaintiff's claims are barred by the voluntary payment doctrine.

9.      Plaintiff's claims are barred by the doctrine of unclean hands.

10.     Plaintiff's claims are barred by the doctrine of *in pari delicto*.

11.     Venue may be improper and/or inconvenient in this Court.

12.     Plaintiff's claims are not ripe and/or have been mooted.

13.     Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

14.     Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because their claims implicate issues of statewide importance that are reserved for state regulation.

15.     Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on Walgreens.

16.     Plaintiff's claims are barred because Plaintiff is not the real party in interest.

17.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims maintained, even indirectly, on behalf of its citizens and/or claims brought as *parens patriae*.

18.     Plaintiff's claims are barred to the extent Walgreens has valid defenses which would bar recovery by those persons on whose behalf Plaintiff seeks recovery.

19.    Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf Plaintiff seeks to recover.

20.    Plaintiff has failed to comply with the requirement that it identifies each patient in whose claim(s) they have a subrogation interest and on whose behalf it has incurred costs.

21.    Plaintiff fails to plead that they reimbursed any prescriptions for any opioid distributed by Walgreens that harmed patients and should not have been written, that Walgreens alleged improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any prescription was unauthorized, medically unnecessary, ineffective, harmful, or caused any of the injuries or harms for which Plaintiff seeks recovery.

22.    Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

23.    Plaintiff's claims against Walgreens do not arise from the same transactions or occurrences as their claims against other defendants, as required for joinder of parties.

24.    Plaintiff failed to join all necessary and indispensable parties, including without limitation the DEA, health care providers, prescribers, patients, and other third parties whom Plaintiff alleges engaged in or contributed to the prescription, dispensing, diversion, or use of opioids.

25.    Walgreens denies all types of causation, including without limitation cause in fact, proximate cause, and producing cause, as to the claims asserted against Walgreens.

26.    Plaintiff's claims are barred, in whole or in part, because Walgreens did not proximately cause the Plaintiff's alleged damages, and because the acts of other persons, including without limitation individuals engaged in the illegal sale and/or use of opioids, intervened between Walgreens' acts and Plaintiff's alleged harms. Walgreens had no legal duty

136

to protect Plaintiff from the intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

27.     Plaintiff's claims are barred to the extent they are based on the intentional criminal acts of third parties, which Walgreens had no duty to control or prevent and which act as superseding and/or intervening causes that extinguish any liability.

28.     Plaintiff's claims are barred because their alleged injuries and damages resulted from intervening and/or superseding causes, and any act or omission by Walgreens was not the proximate and/or producing cause of Plaintiff's alleged injuries and damages.

29.     Plaintiff's claims are barred, in whole or in part, because their alleged injuries or damages, if any, were due to illicit use or abuse of the medications at issue by the medication users.

30.     Plaintiff's claims are barred to the extent their alleged injuries and damages were caused or contributed to by the negligence or conduct of Plaintiff and/or third parties over whom Walgreens had no control and for whom it is not responsible.

31.     Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of its residents to reimburse any expenses for health care, pharmaceutical care, and/or other public services.

32.     The alleged injuries and damages asserted by Plaintiff are too remote and/or speculative from the alleged conduct of Walgreens to be a basis for liability as a matter of law and due process and derive solely from the claims of others.

33.     Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

34.     Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action by Walgreens.

35.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable or uncontrollable forces over which Walgreens had no control, including without limitation pre-existing or unrelated medical conditions.

36.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by the misuse of the medications involved, by failure to use the medications properly, by the alteration, modification, or criminal misuse of medications, and/or the improper prescription of medications by third parties over whom Walgreens had no control.

37.     Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine.

38.     Any injuries and/or damages sustained by Plaintiff was caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

39.     Any recovery by Plaintiff may be barred or limited by the principle of comparative or contributory fault.

40.     Any recovery by Plaintiff may be barred or limited by the principles of informed consent and/or assumption of the risk, whether primary, express, or implied.

41.     Walgreens asserts its right to a proportionate reduction, based on the negligence or other conduct of any settling tortfeasor, responsible third party, or plaintiff, of any damages found against Walgreens.

42.     Plaintiff's claims are barred to the extent their alleged damages are speculative, uncertain, or hypothetical.

138

43.     Plaintiff's damages, if any, were caused by the direct and proximate negligence or other conduct of entities or persons other than Walgreens, and in the event Walgreens is found liable to Plaintiff, Walgreens will be entitled to indemnification, contribution and/or apportionment.

44.     Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

45.     In the event of liability against Walgreens (which liability is specifically denied), a percentage of the tortious conduct that proximately caused Plaintiff's injury or loss is attributable to (1) each Plaintiff; (2) other parties from whom Plaintiff seeks recovery; and (3) persons from whom Plaintiff does not seek recovery in this action, including but not limited to opioid prescribers, their associates, and employers, including hospitals; non-party manufacturers of prescription opioids; non-party distributors of prescription opioids; non-party pharmacies and pharmacists employed or formerly employed by those pharmacies; other individuals or entities involved in the manufacture, import, distribution, diversion, procurement, sale, dispensing, use, misuse, or abuse of prescription opioids and/or other medications or illegal drugs; delivery services; federal, state, and local government entities; health insurers and pharmacy benefit managers; and any other individuals or entities identified by Plaintiff or any other defendant as a non-party whose tortious conduct proximately caused Plaintiff's injury or loss.  *See* OHIO REV. CODE § 2307.23.

46.     In the event of liability against Walgreens (which liability is specifically denied), the facts will show that they caused fifty percent or less of the conduct that proximately caused

Plaintiff's alleged injuries or loss, and Walgreens is therefore liable only for its proportionate share of damages that represent economic loss.  *See* OHIO REV. CODE §§ 2307.22-23.  Any recovery by Plaintiff must be reduced pursuant to OHIO REV. CODE §§ 2315.32-35 and 2307.23 to account for the acts or omissions attributable to Plaintiff.

47.     Plaintiff failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

48.     Plaintiff's claims are barred or limited by the economic loss rule.

49.     Plaintiff's claims are barred or limited by the free public services and/or municipal cost recovery doctrine.

50.     Plaintiff's claims are barred to the extent they relate to Walgreens' or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply.

51.     The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21.

52.     Any damages that Plaintiff may recover against Walgreens must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs. Any damages that Plaintiff may recover against Walgreens must be reduced to the extent they unjustly enrich Plaintiff.

53.     Plaintiff's claims are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

54.     To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

55.     Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or Ohio constitutions.

56.     Defendants' rights under the Due Process Clause of the U.S. Constitution and applicable state constitutions or statutes are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

57.     Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

58.     Plaintiff's claims are preempted by federal law, including without limitation the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

59.     Walgreens' conduct conformed with the FDCA and the requirements of the FDA, and the activities of Walgreens alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

60.     Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mutual Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013).

61.     Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Motor Co.*, 529 U.S. 861 (2000).

62.     To the extent Plaintiff asserts claims that depend on violations of federal law, including any claims of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

63.     To the extent Plaintiff asserts claims that depend on violations of federal law, including any claims of "fraud on the DEA" with respect to Walgreens' compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

64.     Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

65.     Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies or to satisfy other procedural prerequisites.

66.     If Plaintiff incurred the damages alleged, which is expressly denied, Walgreens is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the

FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

67.     Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

68.     Walgreens did not owe or breach any statutory or common law duty to Plaintiff.

69.     Walgreens appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

70.     Plaintiff's claims are barred, in whole or in part, because Walgreens complied at all relevant times with all applicable laws, including all legal, regulatory, and professional duties.

71.     To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish Walgreens' regulatory duties, such informal guidance cannot enlarge Walgreens' regulatory duties in the absence of compliance by the DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

72.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

73.     Plaintiff's claims are barred, in whole or in part, by the RESTATEMENT (SECOND) OF TORTS § 402A, cmts. j and k, and RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 6.

74.     Walgreens is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

75.     Plaintiff's claims are barred in whole or in part, or are subject to other limitations, by the Ohio Product Liability Act, OHIO REV. CODE § 2307.71, *et seq*.

76.     Plaintiff's nuisance claims are barred to the extent that it lacks the statutory authority to bring a nuisance claim under Ohio law or its own applicable county or municipal codes or regulations.

77.     Plaintiff's common law and statutory public nuisance claims are barred or limited to the extent that they have been abrogated or otherwise curtailed by the Ohio Products Liability Act, OHIO REV. CODE § 2307.71, *et seq*.

78.     Plaintiff's claim of public nuisance is barred or limited because no action of Walgreens involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Walgreens is too remote from the alleged injury as a matter of law and due process.

79.     Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

80.     Plaintiff's claims are barred, reduced, and/or limited to the extent that Walgreens is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

81.     To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

82.     Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to Walgreens.

83.     Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

84.     Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment or settlement, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

85.     Plaintiff's claims are barred in whole or in part because no conduct of Walgreens was misleading, unfair, or deceptive.

86.     Plaintiff's claims may be barred because neither the users, nor the prescribers of the medications distributed by Walgreens, nor Plaintiff itself, relied to their detriment upon any statement by Walgreens in determining to use or prescribe the medications at issue.

87.     Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

88.     Walgreens' liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Walgreens is entitled to complete indemnity, express or implied, by other parties.

89.     To the extent that Plaintiff pleads punitive or exemplary damages or other civil penalties, any such damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the Due Process clauses of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the Double

145

Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Sixth  Amendment to the United States Constitution, and applicable provisions of the Constitution of Ohio or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it:

(1)     lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any;

(2)     is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties;

(3)     unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs;

(4)     permits the imposition of punitive damages where the burden of proof is less than clear and convincing evidence;

(5)     permits the imposition of punitive damages without bifurcating the trial and trying all punitive damages issues separately, only if and after a finding on the merits of the liability of the Defendants;

(6)     permits the imposition of punitive damages without any predetermined limit on any such award;

(7)    permits an imposition of punitive damages that allows for multiple punishments for the same alleged act(s) or omission(s);

(8)    unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any;

(9)    unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants;

(10)    lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties;

(11)    lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties;

(12)    would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and

(13)    otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

90.    To the extent that Plaintiff pleads punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

91.     To the extent that Plaintiff pleads punitive or exemplary damages, any such damages are barred because Plaintiff cannot prove by clear and convincing evidence that Walgreens was grossly negligent and Walgreens has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

92.     Plaintiff cannot obtain relief on its claims based on actions undertaken by Walgreens of which Walgreens provided notice of all material facts.

93.     Walgreens is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

94.     Walgreens asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Ohio Rules of Civil Procedure 8(C) and 12(B), as investigation and discovery proceeds.

95.     Walgreens reserves the right to assert any other defense available under the Ohio Revised Code, Ohio common law, the Ohio Constitution, and/or any other state constitution, statute, or regulation that may apply.

96.     To the extent they are not otherwise incorporated herein, Walgreens incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Pharmacy Defendants in this case.

97.     Plaintiff's public nuisance claim is precluded by OHIO REV. CODE § 4729.25 and the Ohio Legislature's comprehensive regulation of drugs of abuse.

98.     Walgreens, its distribution centers, pharmacies, and pharmacists have always complied with all applicable legal, regulatory, and professional obligations. Walgreens denies that its conduct has contributed to the illegal diversion of controlled substances.

99.     Walgreens adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

## **DEMAND FOR JURY TRIAL**

Walgreens hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

Dated:  September 21, 2020    Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr*

Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 W. Hubbard Street
Chicago, Illinois  60654
Phone:  (312) 494-4400
Fax:  (312) 494-4440
Email:  kaspar.stoffelmayr@bartlitbeck.com
Email:  brian.swanson@bartlitbeck.com
Email:  kate.swift@bartlitbeck.com
Email:  sharon.desh@bartlitbeck.com
Email:  sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado  80202
Phone:  (303) 592-3100
Fax:  (303) 592-3140
Email:  les.houtz@bartlitbeck.com
Email:  alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.;
Walgreen Co.; and Walgreen Eastern Co., Inc.*