# EXHIBIT 2

Page 1

1    IN THE UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF OHIO
3                 EASTERN DIVISION
4
5
6
7    IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION VS.
8               Case No:  1:17-md-2804-DAP
9
10   This document relates to:
11   All cases
12
13                  AUDIO TRANSCRIPTION
14       4/30/2019 Discovery Telephonic Conference
15
16               Transcribed May 1, 2019
17
18
19
20
21
22
23
24
25

Page 2

1          A P P E A R A N C E S
2  SPEAKERS:
3       Special Master David Cohen
4       Tom Mahlum (ph)
5       Donna Welch
6       Tim Knapp
7       Shannon McClure
8       Pete Weinberger
9       Paul Heinz (ph)
10      Dan Gatz (ph)
11      Dale Rice (ph)
12      Suzanne Delgado (ph)
13      Paul Ferrell
14      Neal Ludwani (ph)
15      Mike Fuller (ph)
16      Evan Janush (ph)
17      Amy Lucas (ph)
18      Hunter Shkolnik
19
20
21
22
23
24
25

Page 3

1           P R O C E E D I N G S
2       SPECIAL MASTER DAVID COHEN:  Good morning,
3  everybody.  This is David Cohen.
4       UNKNOWN MALE:  Good morning.
5       DONNA WELCH:  Good morning, David.
6       UNKNOWN MALE:  Morning.
7       SPECIAL MASTER DAVID COHEN:  All right.  So,
8  we'll start with the usual reminders that if you're
9  not speaking, please put yourself on mute.  I do hear
10 some folks typing in the background and that will help
11 keep this orderly.  And, also, because this is being
12 recorded and will be transcribed, please, every time
13 you say something, say who you are as well.  So, thank
14 you all for making yourself available.
15      I thought that a telecon was probably going
16 to be easier for everybody to avoid travel time.  I
17 know a lot of folks are involved with expert
18 depositions and also the number of topics we have to
19 talk about is actually not very long, compared to some
20 other agenda lists that we have gone through.
21      And I think that I want to start with the
22 United Health issue that is agenda item no. 202
23 because outside counsel, who is involved with United
24 Healthcare, is involved with that issue only and so we
25 can address that and then they can get off the telecon

Page 4

1  and get back to the rest of their life.
2       So, let me begin.  I know I heard Donna
3  Welch.  Do we have counsel for United Healthcare on
4  the line?
5       TOM MAHLUM:  We do.  This is -- we do.  This
6  is Tom Mahlum.
7       SPECIAL MASTER DAVID COHEN:  Hi, Tom.  How
8  are you?
9       TOM MAHLUM:  Good.
10      SPECIAL MASTER DAVID COHEN:  Good morning.
11 So, I thought we would start, Tom, with your topic
12 because, as I say, we can hopefully chat about that
13 and then I've got about five other issues that have
14 nothing to do with you so you can, you know, get off
15 the line after we're done.
16      So, I received, Tom, your letter and I also
17 received Donna Welch's email in response.  And I think
18 I understand the issues and where things stand, but I
19 do want to hear a little bit more about it.  And I
20 guess we have both procedural and substantive concerns
21 here.
22      And, procedurally, you know, the way we have
23 been working things, we, all of the parties, have been
24 working things in this MBL (ph) is a little bit less
25 formal than you might be used to and that's because

Page 5

1  the filing of motions with 14-day or 30-day responses
2  and replies on the docket just doesn't work, given the
3  timetable the judge has set and the massive number of
4  issues.  And, so, in many cases we have been
5  addressing things via letter motion and these sorts of
6  telecons.
7       And, so, it's my view that this issue is
8  ripe.  I think that the record reveals that there has
9  certainly been a dialogue between the defendants and
10 United Health via email and otherwise, some of which
11 has included me and much of which has not.  But,
12 nonetheless, it's pretty clear that we all know what
13 the issues are.
14      And I understand your point that formality
15 can't be ignored and that the subpoena itself still
16 constrains what it is that has been requested of you.
17 So, that if there is information that defendants want
18 that is not listed in the subpoena, well, that's a
19 problem.  But, as to the information that has been
20 listed in the subpoena that you all have been talking
21 about now for several months, that's fair game.  So,
22 that's my observation with regard to the procedural
23 aspect.
24      With regard to the substantive aspect, the
25 essence of what's going on here, of course, is that

Page 26

1  less in the order that they are listed.
2       The first one is 189. This is something that
3  I ruled on (inaudible) data when we were together last
4  and I thought that the issue that was ripe at the time
5  was a question of whether Cuyahoga and Summit County
6  were going to -- maybe it was only Cuyahoga, I don't
7  remember -- produce case files on a rolling basis or
8  wait until they had collected them all, redacted them,
9  and then produce them. And I ordered that it be done
10 in a rolling basis. So, I thought that that was all
11 we needed to address.
12      I know a letter recently --
13      UNKNOWN MALE: And on that telecon we did
14 that. We started.
15      SPECIAL MASTER DAVID COHEN: Right.
16      DONNA WELCH: Yes, Your Honor.
17      SPECIAL MASTER DAVID COHEN: Yes. I
18 understand that you did start doing that and the
19 issue, though, is that now that defendants have
20 started to receive that rollout process, that a letter
21 that I skimmed this morning suggested that the
22 redactions are excessive to the point that the data --
23 excuse me -- that the documents are unusable and,
24 also, that they are coming out in a fashion that is
25 not organized, making them even more unusable.

Page 27

1       I'm not going to get in the middle of that,
2  except to say that you all need to get on the phone
3  and fix that. It cannot be the case that these
4  redactions are coming out in a way that leaves the
5  documents deidentified to the extent that there is no
6  way to use them. And it cannot be the case that the
7  documents are coming out in a way that is so haphazard
8  that it's impossible to understand how to organize and
9  which files they go with.
10      I mean, I ultimately ruled largely in
11 Cuyahoga County and Summit County's favor by saying
12 that only 10 case-file documents had to be produced.
13 It could have been 100. It could have been 25. It
14 was whittled all the way down to 10 and the Court
15 affirmed that. But my expectation is that the
16 documents that are going to be produced in connection
17 with those 10 files need to be produced in a usable
18 manner.
19      And it seems like initial returns in the
20 election are showing that that's not happening. So,
21 I'm not going to hear arguments on it. I am just
22 directing the parties to get on the phone with each
23 other and come to an understanding of how this needs
24 to work so that the defendants can use these
25 documents.

Page 28

1       UNKNOWN MALE: We will do that and --
2       SHANNON MCCLURE: Special Master Cohen?
3       UNKNOWN MALE: -- I haven't even seen this
4  letter from this morning. I apologize. I was in a --
5  doing some other matters, so I didn't even know this
6  issue was -- this was an issue. So, we need to meet
7  and confer because I think it's quite overstated, but
8  we'll discuss it with them.
9       SHANNON MCCLURE: Special Master Cohen, we're
10 happy to get on the phone at the plaintiff's
11 convenience. This is Shannon McClure on behalf of
12 AmerisourceBergen so that we can get usable documents.
13 Thank you.
14      SPECIAL MASTER DAVID COHEN: Thank you. All
15 right. So, now, I'm going to just go through -- I
16 think there are only, I don't know, half a dozen or so
17 other agenda items that I either need a status report
18 for or we tabled the last time we were together and I
19 promised I would take up again. If, at the end of
20 that, there are any agenda items that I skipped over
21 that the parties want to raise, they are free to do
22 that.
23      Okay. The next agenda item no. 191 is the
24 motion to compel from (inaudible) audit reports. I
25 did some instructions last week that the parties had

Page 29

1  to identify any -- first of all, identify whether they
2  were withholding any (inaudible) audit reports.
3  Second of all, if they were, make sure that they were
4  listed on a privilege log. Third of all, as to those
5  that are on a privilege log, submit them to me. And,
6  fourth, also submit, although it didn't have to be at
7  the same time, a letter giving context and explanation
8  as to why those audits have been withheld.
9       I've seen the parties largely adhere to those
10 instructions. So, I have seen folks send out simple
11 emails saying, we are not withholding any (inaudible)
12 audits. I've seen some folks say, we are withholding
13 some (inaudible) audits and they're on privilege logs
14 and here they are for your review. And here is a
15 letter explaining them or you will be getting a letter
16 explaining them. And I have seen a couple parties say
17 something less than that. For example, we are
18 withholding (inaudible) audits. They are on a
19 privilege log, period. No production to me for in-
20 camera review, no explanation.
21      And, so, I'm just reminding everybody of what
22 their obligations are. It seems like the process is
23 working as I instructed with most folks. But as to
24 any defendant that has not produced all of its
25 (inaudible) audits and is withholding (inaudible)

8 (Pages 26 - 29)

Page 30

1 audits, I remind you that, A, it needs to be on a
2 privilege log. B, it needs to be produced to me for
3 in-camera review. C, needs to come with a letter
4 giving me context and explaining the basis for
5 withholding it.
6     Having said that, I think that addresses this
7 as fully as it needs to be addressed at this juncture.
8 Does anybody have anything to add?
9     UNKNOWN MALE: Special Master Cohen --
10     PETE WEINBERGER: Special Master Cohen, this
11 is Pete Weinberger. You have accurately described
12 what the responses -- the breadth or the scope of the
13 responses. I just have a request. I realize that I
14 have sort of been the clearing house for this on
15 behalf of the PEC and I would simply ask that when the
16 defendants respond on this issue, that they respond to
17 our LISTSERV, as well as to the -- and in some
18 instances to other people -- but please do not respond
19 just to me. Respond to the LISTSERV so that our team
20 that are assigned to each of the defendants get a copy
21 of your response. Thank you.
22     PAUL HEINZ: Special Master Cohen, this is
23 Paul Heinz for CDS. We had understood your ruling to
24 be that we identify the reports are being withheld to
25 plaintiffs, have an opportunity to meet and confer

Page 31

1 with them this week, and then if we couldn't work it
2 out, submit them to you for in-camera review by this
3 Friday. Were we mistaken? We have identified --
4     SPECIAL MASTER DAVID COHEN: No. No, you're
5 correct. I forgot that I wanted to give you all a
6 chance to take something off of my plate. There are
7 many defendants who already know that -- you know,
8 that a meet and confer is not going to achieve any
9 progress because they are quite certain that they are
10 going to invoke the privilege and there is no
11 discussion that would change that. And, so,
12 appropriately, have simply gone ahead and provided
13 those (inaudible) audits for in-camera review and so
14 on. But, certainly, if there is a chance that the
15 parties can come to some sort of agreement so that I
16 don't have to undertake all of that, then that's fine.
17     PAUL HEINZ: And, then, the deadline would be
18 this Friday, if we can't reach an agreement, to submit
19 any documents to you for in-camera review?
20     SPECIAL MASTER DAVID COHEN: Correct.
21     UNKNOWN FEMALE: Along with a letter?
22     SPECIAL MASTER DAVID COHEN: Correct.
23     UNKNOWN FEMALE: Thank you.
24     SPECIAL MASTER DAVID COHEN: Thank you. And
25 let me add that I have instructed Josh Gay to add into

Page 32

1 the agenda items for future agendas for each such
2 defendant. So, we're not going to have an agenda item
3 like this one, which simply says, (inaudible) audits,
4 because it will kind of be a mess with given how many
5 defendants we are. So, 191 will essentially turn into
6 a number of new items, each defendant specific.
7     DAN GATZ: Special Master Cohen, this is Dan
8 Gatz. Will the plaintiffs give a copy of that letter
9 that is submitted to you?
10     SPECIAL MASTER DAVID COHEN: Well, I assume
11 that much of that letter would include information
12 that itself would be privileged. In other words, I am
13 not going to get a full explanation of why something
14 is being withheld unless they can submit the
15 explanation in-camera to me as well. So, I think the
16 answer is no, at least at first. I guess the
17 defendants should kind of think about that.
18     I guess let me ask everybody for their views
19 on that. I can see both sides of that coin. For
20 example, it makes sense to me that a waiver argument
21 is something that plaintiffs should be allowed to try
22 and answer. You know, that's strictly because we're
23 talking about attorney-client privilege information
24 and the argument as to whether something is attorney-
25 client privileged are there to be made. But some of

Page 33

1 the information that goes to it is itself privileged.
2 Any thoughts?
3     PETE WEINBERGER: Yes, this is Pete. I think
4 that as much as possible, we should be able to see the
5 complete submission because this is -- I mean,
6 arguments regarding the context by which the document
7 was initially produced is really important to our
8 being able to argue, you know, why it's not
9 privileged. And, so, I think that perhaps a summary
10 to us regarding that and to you is appropriate. And,
11 then, to the extent that it is -- there are specifics
12 that they don't want to disclose, they can do that in
13 a supplement to you.
14     SPECIAL MASTER DAVID COHEN: Right. It could
15 be done that way, I suppose, or it could be done by
16 sending me a letter and then redacting parts that are
17 privileged, which ever is easier for defendants. Any
18 thoughts from (inaudible)?
19     DALE RICE: Special Master Cohen, this is
20 Dale Rice from McKesson (ph) and I think we may be the
21 only ones that are on our second submission. What we
22 did is provided you with some limited information
23 about the documents when we made the in-camera
24 submission. And, then, when we did our letter
25 yesterday, we framed it so that we didn't have to take