# EXHIBIT 7

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Donna M. Welch, P.C.
To Call Writer Directly:
+1 312 862 2425
donna.welch@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

March 11, 2019

**By E-mail**

Aelish M. Baig
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Re: *In re: National Prescription Opiate Litigation*, MDL No. 2804

Dear Aelish:

In the Court's February 15 order denying Plaintiffs' Motion for Default Judgment against Allergan plc, the Court directed "Allergan" to "produce to Plaintiffs a list of all [] affiliates from whom documents have already been produced[.]" [Dkt. No. 1377 at 2.] As you know, Allergan has confirmed in each of its discovery responses that "its previous and ongoing discovery investigation and production of documents -- regarding Kadian®, Norco®, and generic opioids manufactured and/or sold by the Actavis Generics Entities sold to Teva (and where appropriate, 'opioids generally' or unbranded marketing) -- has included all responsive documents and information reasonably accessible to all of its current affiliates, including Allergan plc." To be clear, "Allergan" has identified and produced responsive documents reasonably accessible to all of its current affiliates, i.e., its direct and indirect subsidiaries, based on the use of agreed upon-custodians and search terms.

In the interest of efficiency, and consistent with standard practice in corporate groups, Allergan plc and affiliates store email and other documents on common, shared servers. For example, emails for all current Allergan affiliates are stored on the same Enterprise Vault Discovery.cloud.

Thus, when Allergan collected documents to respond to plaintiffs' discovery requests, Allergan did not collect documents on an entity-by-entity basis, but instead identified the custodians and non-custodial sources most likely to contain documents related to the opioid medicines at issue in these lawsuits, regardless of what affiliate(s) such documents related to. We have worked with you over the last year to identify and agree on those custodians and non-custodial sources. Allergan collected those documents for Allergan plc and all of its affiliates and applied the parties' agreed upon search terms. Then, after reviewing the hits, Allergan produced the

# KIRKLAND & ELLIS LLP

Aelish M. Baig
March 11, 2019
Page 2

relevant non-privileged documents that hit on those search terms and logged the relevant, privileged documents.

Allergan previously identified for Plaintiffs all corporate affiliates that owned, manufactured, distributed, monitored, or sold one or more of the opioid medicines at issue (Allergan Finance, LLC, Allergan Sales, LLC, Allergan USA, Inc., Warner Chilcott Company, LLC*, Watson Laboratories, Inc.*, Actavis Elizabeth LLC*, Actavis Pharma, Inc.*, Actavis LLC*, Actavis Mid Atlantic LLC*, Actavis Kadian LLC*, Actavis Totowa LLC*, Actavis South Atlantic LLC*, Actavis Laboratories UT, Inc.*, and Actavis Laboratories FL, Inc.*).  Allergan confirms that none of these entities were excluded from the discovery process outlined above, and to the extent that any of these entities were associated with the negotiated custodians or documents generated by the agreed-upon search terms, the information was collected, reviewed, and produced if relevant and not privileged.  Because of the way Allergan and its affiliates store email and other documents and the fact that documents were collected from shared servers, there is no practical way for Allergan to identify for any document which specific corporate entity it was produced by or for.

Allergan confirms further that while Allergan plc did not control any of these entities for purposes of corporate governance or veil piercing, and while Allergan plc did not independently have any involvement with the opioids at issue, Allergan did not withhold documents from Allergan plc.

Sincerely,

/s/ Donna M. Welch, P.C.

cc:   All Counsel

---

* Documents were collected subject to the agreed custodial and non-custodial sources to the extent they remained in Allergan's possession following the sale of this entity to Teva.