# EXHIBIT B

# Anthony Irpino

| | |
|---|---|
| **From:** | Pearl Robertson |
| **Sent:** | Wednesday, March 25, 2020 12:40 PM |
| **To:** | David R. Cohen (David@SpecialMaster.Law); Sharon Desh |
| **Cc:** | Anthony Irpino; Peter Mougey; jgaddy@levinlaw.com; Laura Dunning; Hunter Shkolnik; Salvatore C. Badala; Kate Swift; Kaspar Stoffelmayr |
| **Subject:** | Agenda Items 232 and 253 & Walgreens' Privilege Challenges to Plaintiffs |

Special Master Cohen,

Consistent with Sharon's recent email, the parties have been discussing ways to resolve Plaintiffs' long outstanding privilege challenges. In short, and as detailed in the highlighted sentence below, Plaintiffs are willing to attempt further efforts to meet and confer (with some oversight on your part) prior to requiring *in camera* review, and we believe that Walgreens is genuinely interested in same. We respect and appreciate the substance and tone of discussions with Walgreens since the 3/9 hearing in D.C. Walgreens does appear to have taken to heart your admonitions to be more cooperative and productive. Plaintiffs are cautiously optimistic we can move forward with Walgreens in a collaborative manner to address the many outstanding privilege issues – as Plaintiffs have already done with nearly all other Defendants.

==With the above in mind, Plaintiffs are willing to look and move forward.  Accordingly, the following is how Plaintiffs and Walgreens will proceed==:

Plaintiffs and Walgreens will meet and confer regarding Plaintiffs' March 2019 & September 2019 (Agenda Item #232) and February 2020 (Agenda Item #253) privilege challenges to certain entries on Walgreens' Track 1A privilege logs and will meet and confer regarding Walgreens' February 2020 privilege challenges to certain entries on Cuyahoga's Track 1A privilege log. The parties have agreed to provide substantive, written responses to the outstanding challenges by April 3, 2020, which shall include identification of documents both parties are willing to downgrade as well as enhanced descriptions to certain privilege claims, as appropriate. Thereafter, the Parties will set a telephonic meet and confer to discuss questions related to review of the responses as well as further narrow disputes. Because both Parties believe they have strong arguments to challenge and withhold documents on grounds of privilege, we respectfully request your participation in the first meet and confer (and potentially others) to ensure collaborative progress is made as the meet and confer process is intended to be applied with/to privilege issues that may arise in CT1B.

If you need any further information, or have concerns with any of the above, we are available to discuss at any time.

Pearl A. Robertson
Irpino Avin Hawkins
2216 Magazine Street
New Orleans, LA  70130

T: (504) 525-1500
F: (504) 525-1501
www.irpinolaw.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION**
**DO NOT FORWARD WITHOUT PERMISSION**

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail or via telephone at (504) 525-1500 and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*IRS CIRCULAR 230 NOTICE: Pursuant to recently enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. Tax Law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor*