# **EXHIBIT 2**

# BartlitBeck LLP

Sharon Desh
Sharon.Desh@BartlitBeck.com

November 14, 2018

Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
main: (312) 494-4400
direct: (312) 494-4445

Anthony Irpino
Irpino, Avin Hawkins
2216 Magazine Street
New Orleans, LA 70130

BartlitBeck.com

Re: *MDL 2804 – Walgreens' Privilege Review*

Dear Anthony,

This letter follows up on your correspondence from October 8 and October 26, the parties' meet and confer on November 6, and my correspondence of November 9 regarding Walgreens' privilege logs.

First, we incorporate and re-state the objection in Josh Davis's November 12, 2018 letter that any negotiation of privilege challenges must be done in the presence of counsel representing a particular Plaintiff who has authority to negotiate on behalf of that Plaintiff. Plaintiffs' own privilege logs have serious failings that go beyond the purported deficiencies you identify for Walgreens. *See, e.g.*, O'Connor 11/13 letter to Ackerman (identifying deficiencies with Summit County's privilege logs including (1) tens of thousands of entries claiming non-existent privileges; (2) failure to provide any information about the sort of legal advice rendered; and (3) failure to identify legal counsel).

In contrast to Plaintiffs, Walgreens' privilege logs comply with all requirements of the Federal Rules and the orders in this case by providing, among other things, the subject, date, author, all recipients (including ccs), specific privilege asserted, and the factual basis for the privilege including: manner of communication, type of legal advice sought or received, and subject of that legal advice. *See* Dkt. 232 at 13.

During our meet and confer you agreed that Walgreens' privilege descriptions are quite standard and provide the same level of detail as other privilege logs in complex litigations. This is for good reason. Privilege logs follow this format because the information that Walgreens has provided is generally the maximum amount of information allowable without revealing privileged information itself.

However, in the spirit of compromise, Walgreens will agree to provide a limited amount of additional information (attached here as Exhibit A) without revealing the substance of any privileged document. Walgreens provides this information with the understanding that, with this information, Plaintiffs can recognize that all of Walgreens' privilege claims are legitimate.

**BartlitBeck** LLP

11/14/2018
Page 2 of 2

Indeed, Plaintiffs have simultaneously complained that Walgreens' privilege review has been too lengthy (despite the fact that it is also in compliance with the orders in this case). Walgreens has spent this time on its privilege review to ensure that Plaintiffs have all reasonably available and truly non-privileged information accessible to them.

    Walgreens reiterates that the meet and confer process must be bilateral and there is no reason why Walgreens should take on obligations beyond those imposed by the Rules unless Plaintiffs agree to do the same. We expect Plaintiffs to provide similar information regarding challenged entries on their privilege logs before Walgreens provides any additional information, including in response to your November 12 letter.

                                           Thank you,

                                           Sharon Desh

# EXHIBIT A

## I. Plaintiffs' October 8 letter

Most of the entries listed in Plaintiffs' October 8 letter pertain to redacted documents. For these documents, the non-redacted portions of the documents provide the necessary context for assessing any privilege claim. Limited additional information is provided below.

**A.** Emails where no attorney is listed in the metadata

| | |
|---|---|
| WAG00000432 | This email relays the author's conversations with counsel. |
| WAG00000612 | This is a 46-page redacted document for which only a single sentence has been redacted. That sentence reflects a request for advice made to counsel Dwayne Pinon. |
| WAG00000742 | This is a 22-page redacted document which contains redactions on 2 pages. The redactions relate to a conversation Wesley Rohn had with the legal department regarding dispensing controlled substance prescriptions. |
| WAG00001045 | The redacted portion of this document references discussions with counsel Dwayne Pinon regarding dispensing prescriptions. |
| WAG00001104 | This is an email with an attached draft document prepared in consultation with counsel Dwayne Pinon relating to dispensing of CII drugs in Florida. |
| WAG00001114 | This email string relates to legal advice from counsel Dwayne Pinon and Regulatory Law relating to dispensing of CII drugs in Florida. |
| WAG00001175 | The redactions in this document reflect a request for legal advice relating to prescriptions. |
| WAG00001286 | The redactions in this document reflect a request for legal advice from counsel Dwayne Pinon regarding a DEA inquiry of pharmacist practices at individual stores. |

| WAG00001784 | This is a draft document from the files of counsel Patty Zagami. |

**B.** Emails where an attorney is copied on the top-level privileged chain

| WAG00000512 | The redacted portion of this document reflect legal advice regarding refusals to fill prescriptions. |
| WAG00000884 | The redacted portion of this document provides information to counsel Dwayne Pinon in connection with a request for legal advice. |
| WAG00000889 | This is a 13-page documents with redactions on 3 pages. The redacted portion of this document provides information to Dwayne Pinon in connection with a request for legal advice. |
| WAG00001085 | This document relates to legal advice from counsel Dwayne Pinon and Regulatory Law relating to dispensing of CII drugs in Florida. |
| WAG00001290 | This is a 10-page document with redactions on 3 pages. The redacted portion of this document provides information to counsel Dwayne Pinon in connection with a request for legal advice. |
| WAG00001302 | This is another 10-page document with redactions on 3 pages. The redacted portion of this document provides information to counsel Dwayne Pinon in connection with a request for legal advice. |
| WAG00001312 | The redacted portion of this document provides information to counsel Dwayne Pinon in connection with a request for legal advice. |
| WAG00001374 | The redacted portion of this document reflects legal advice regarding refusals to fill prescriptions. |
| WAG00001375 | The redacted portion of this document reflects legal advice regarding refusals to fill prescriptions. |

**C.** Entry with no recipients

| WAG00001784 | This is a draft document from the files of counsel Patty Zagami. |

**D. Additional information**

Walgreens has left the subject column blank only when populating that field would itself reveal privileged information.  Walgreens also provides the following information about email conventions used by Walgreens:

| MGR | Manager |
| --- | --- |
| RxM | Pharmacy Manager |
| Numbers | Reflect either a specific store or a specific district (as provided by context) |

## II. Plaintiffs' October 26 letter

**A.** Identity of the attorney and/or substance of legal advice at issue

1. The following entries are email communications concerning the work of Walgreens' Opioid Task Force, requesting legal advice regarding specific topics to be addressed at OTF meetings or identifying legal advice provided at prior meetings of the OTF. These communications all include one or more Walgreens attorneys, including Dwayne Pinon and sometimes Jennifer Molinar.

   a) EM00347257, EM00096641, EM00021582, EM00020720, EM00182648, EM00020988, EM00020540, EM00020448, EM00020571, EM00019993, EM00039284, EM00038865, EM00038799, EM00039622, EM00038373, EM00038133, EM00037557, EM00034644, EM00029633, EM00024404, EM00022785, EM00038599, EM00028552, EM00024842, EM00182557, EM00182452, EM00020441, EM00022626, EM00145768, EM00145801, EM00020410, EM00145596, EM00019976, EM00181795, EM00181248, EM00039634, EM00039224, EM00039008, EM00180300, EM00038221, EM00038391, EM00148554, EM00143014, EM00153458, EM00136617, EM00030659, EM00119563, EM00028667, EM00097238

2. The following entries reflect requests for legal advice or legal advice provided regarding Walgreens' naloxone dispensing programs and state regulations regarding the same.  These

- 3 -

communications include multiple attorneys from Walgreens, identified as follows:

    **a)** EM00119251 (Simko), EM00275129 (Simko), EM00069250 (Pinon), EM00153646 (Sisson), EM00147177 (Sisson)

3. The following entries concern legal advice regarding controlled substance ordering from ABC, including multiple attorneys from Walgreens identified as follows:

    **a)** EM00199818 (Simko and Zagami), EM00235034 (Walgreens Legal Department and Simko), EM00199819 (Simko and Zagami), EM00213015 (Simko)

4. The following entries concern legal advice regarding Walgreens' development of or participation in education and prevention programs concerning opioid abuse, including multiple attorneys from Walgreens identified as follows:

    **a)** EM00037248 (Zagami), EM00060239 (Pinon), EM00060241 (Pinon), EM00060972 (Pinon), EM00182890 (Pinon), EM00020390 (Pinon and Molinar), EM00180500 (Raymond), EM00180272 (Pinon and Spritz)

5. The following entries concern legal advice regarding various state regulations concerning dispensing of controlled and non-controlled substances and Walgreens' policies for compliance with the same, including multiple attorneys from Walgreens identified as follows:

    **a)** EM00130732 (Walgreens Legal Department); EM00239099 (Zagami, Sisson and Pinon), EM00239095 (Zagami, Sisson and Pinon), EM00053160 (Simko), EM00023647 (Zagami and Pinon), EM00320944 (Sisson), EM00372593 (Simko), EM00022905 (Zagami), EM00184274 (Pinon and Walgreens Legal Department), EM00029664 (Pinon and Zagami) EM00143666 (Zagami via Rx Integrity)

6. The following entries concern legal advice regarding Walgreens inventory management and procedures regarding loss of controlled

   substances, including multiple attorneys from Walgreens identified as follows:

       **a)** EM00126108 (Bruns), EM00123808 (Bruns), EM00200410 (Walgreens Legal Department), EM00199974 (Bruns), EM00284604 (Zagami and Molinar)

**B.** Identity of authors or recipients of legal advice

  **1.** The following include recipients with readily identifiable internal Walgreens email addresses which forward emails to internal Walgreens employees:

    **a)** EM00095884, EM00215036, EM00037709 EM00143666, EM00285936, EM00147311, EM00182308, EM00101066, EM00108958, EM00115884, EM00160233, EM00163056, EM00164238, EM00182308, EM00186310, EM00206075, EM00267420, EM00267420, EM00284430, EM00256615, EM00129764, EM00300348

    **b)** For example, stor03929 refers to Walgreens store number 3929, MGR.03929 refers to the store manager for store 3929, District450mgr refers to the district manager for district 450, etc.

    **c)** These emails also include internal Walgreens email addresses for Pharmacy Quality, RxIntegrity, DEARecordsRequest, RVP (Regional Vice President), RDH (Regional Healthcare Director), DPR (Director of Pharmacy and Retail Operations), HCS (Healthcare Supervisor), DMS (District Manager) etc.

  **2.** The following are documents, rather than emails, and the metadata of the document populates the "author" field of the privilege log:

    **a)** EM00107839 (draft press release provided to Simko for legal advice), EM00070018 (Colorado Naloxone Standing Order), EM00042357 (draft presentation regarding DEA 106 process in connection with Project DeLorean prepared at the request of counsel), EM00107811 (spreadsheet listing stores provided in connection with review by Simko of draft press release), EM00062348 (umblebym appears to refer to

      Walgreens employee Michael Umbleby), EM00329417 (agenda requesting legal advice from Simko and Freeman), EM00112519 (presentation provided to Simko for legal advice)

**C.** Additional detail on privilege description

| | |
|---|---|
| EM00141382 | Email chain involving outside counsel and Dwayne Pinon regarding Perrysburg distribution center. |
| EM00247127 | Email from Mills to attorney Zagami requesting legal advice related to providing information to DEA about denied orders. |
| EM00111658 | Email communication to Karen Sisson requesting legal advice regarding compliance with Ohio Naloxone Standing Order. |
| EM00006169 | Email chain and accompanying redlined draft reflecting legal advice from Patricia Zagami regarding TDGFD Policy and draft communications to Pharmacy Managers regarding the same. |
| EM00029007 | Email chain regarding response to the South Carolina Attorney General involving counsel Pete Wilson. |
| EM00002718 | Email chain regarding response to the South Carolina Attorney General involving counsel Michael Freeman, Dwayne Pinon, Pete Wilson, and others. |
| EM00000624 | Email reflecting request for legal advice from Bratton to attorneys Pinon and Zagami, among others, regarding reconciliation of CII inventory levels. |
| EM00183050 | Email involving Dwayne Pinon and Jennifer Molinar regarding CVS. |
| EM00020170 | Email chain regarding response to the South Carolina Attorney General involving counsel Pete Wilson. |
| EM00020632 | Email forwarding draft materials to Dwayne Pinon and Jennifer Molinar, among others, requesting feedback and revisions. |

| EM00067137 | Email communications with legal advice and requests for legal advice provided by Gary Peters regarding displaying brochures in certain Illinois stores. |
|---|---|
| EM00002555 | Draft presentation regarding South Carolina Attorney General inquiry. |
| EM00097326 | Email communications involving legal advice from Patricia Zagami and Michael Simko regarding Ohio regulations for dispensing Naloxone. |
| EM00097092 | Email communications involving legal advice from Patricia Zagami and Michael Simko regarding Ohio regulations for dispensing Naloxone. |
| EM00182803 | Email chain involving Dwayne Pinon regarding training on opioid dispensing. |
| EM00247531 | Email chain involving outside counsel and Dwayne Pinon regarding Perrysburg distribution center. |