# **EXHIBIT 7**

# BartlitBeck LLP

Sharon Desh
Sharon.Desh@BartlitBeck.com

September 23, 2020

Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
main: (312) 494-4400
direct: (312) 494-4445

**VIA EMAIL**

BartlitBeck.com

Re: *MDL 2804 – Discovery Ruling 14, Part 14*

Dear Hunter,

We are in possession of your letter from September 21 regarding Cuyahoga's production of "the documents (including downgrades) referenced in Special Master Cohen's September 18, 2020."

As a reminder, Walgreens submitted 33 sample Cuyahoga privilege claims to Special Master Cohen for in camera review. At the instruction of Special Master Cohen, Walgreens selected this narrow set so that it would represent the systemic problems we viewed with Cuyahoga's privilege log as explained to Plaintiffs on May 21:

- Plaintiffs appear to believe that they can claim privilege whenever a lawyer's advice or requests are discussed, even though no lawyer is involved in the communication
- Plaintiffs appear to claim privilege over any document that will eventually be sent
- We see several privilege claims over consultancy work. We understand that to be an area Plaintiffs have fought hard to remove from privilege protection when it related to Defendants' documents
- Plaintiffs are withholding documents containing "patient information," even though the Court and Special Master Cohen have ruled that is not a valid basis to withhold documents
- Plaintiffs are maintaining other privilege claims which similarly appear to lack a valid basis through the description or otherwise

Facing in camera review, Cuyahoga voluntarily downgraded 16 of those 33 documents. That is consistent with our previous interactions with Cuyahoga, which, when challenged, has consistently agreed that at least half of the documents on its privilege log are not privileged. Of the remaining privilege claims submitted to Special Master Cohen, another four privilege claims were overruled. ECF No. 3477. In other words, of the 33 sample challenges presented, two thirds of these were not privileged. These non-privileged documents reflect documents from each of the categories above.

Plaintiffs frequently argue that Special Master Cohen's orders are intended to be "bellwether" privilege rulings that parties are supposed to apply to all other documents on their

# BartlitBeck<sub>LLP</sub>
9/23/2020
Page 2 of 2

privilege logs.  As we have also repeatedly told you, Walgreens has done this with its own privilege rulings, searching for and producing any documents subject to similar claims.  But Plaintiffs still maintain that Walgreens' efforts were inadequate, although even in their most recent briefing they have never explained how.  8/26/20 Robertson letter to Cohen (alleging, without evidence, that Walgreens "has not properly applied these privilege rulings to its privilege claims."); ECF No. 3502 at 5 (alleging, without explanation, that Walgreens "has not reasonably applied the Court's privilege rulings to other privilege claims.").

      Now, faced with the obligation to do the same, Plaintiffs have completely failed to live up to the amorphous standard they claim Walgreens has not met.  As a case in point, your September 21 production consists only of 42 documents, which we understand to be *entirely* comprised of the challenged documents and their family members.  Plaintiffs made *no* effort to identify whether these privilege rulings applied to other, similar privilege claims in the categories above.

      Please immediately identify what Plaintiffs are doing to apply Special Master Cohen's "bellwether" privilege rulings to the rest of your privilege claims and also immediately explain why Plaintiffs' efforts are different than what Walgreens has done all throughout fact discovery.  In the alternative, we demand that you withdraw your complaint against Walgreens.

      Thank you,

*Sharon Desh*
Sharon Desh