**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track One-B Trial* | Case No. 1:17-MD-2804 |

**RITE AID'S REPLY IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE ORDERS FROM NON-DEFENDANT DISTRIBUTORS**

Defendant Rite Aid of Maryland, Inc. respectfully files this reply in support of its motion *in limine* asking this Court to exclude evidence of opioid orders by Rite Aid pharmacies from non-defendant distributors.[1]

As an initial matter, there is no question that orders by pharmacies operated by Rite Aid of Ohio, Inc. of Schedule II opioids—such as oxycodone—from McKesson should be excluded. Rite Aid of Maryland never distributed *any* Schedule II controlled substances.

Plaintiffs respond to this point with a single, incoherent sentence: "In order to properly monitor suspicious orders, they should have been taking into consideration the total amount of opioids (Schedule II and Schedule III) received by their pharmacies." Dkt. 3464 at 53. Notably, Plaintiffs offer no citation in support of this sentence. Plaintiffs have identified no expert testimony whether (or how) a distributor should account for orders of Schedule II opioids in determining whether to distribute a completely different order only for Schedule III opioids. Without such

---

[1] Giant Eagle, Inc. and its distribution warehouse divisions HBC Service Company ("HBC") and Giant Eagle Rx Distribution Center ("GERX"), both of which exclusively supplied Giant Eagle pharmacies, join in this motion with respect to orders placed directly by Giant Eagle pharmacies to McKesson.

evidence, orders of Schedule II opioids would be irrelevant to a distributor (like Rite Aid of Maryland) that distributed only Schedule III opioids.

Nor is Plaintiffs' argument facially rational. One opioid is not a substitute for another. It would be absurd (as Plaintiffs apparently suggest) to infer that a pharmacy had no need for Schedule III opioids because it had an ample supply of Schedule II opioids. Dkt. 3464 at 53.

Plaintiffs identify no way in which orders by pharmacies operated by Rite Aid of Ohio, Inc. of Schedule II opioids from McKesson would be relevant to their claims against Rite Aid of Maryland. Even if evidence of these orders had some marginal probative value, it would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time and should be excluded under Rule 403. Allowing evidence of "Rite Aid" orders of oxycodone—which Rite Aid of Maryland never distributed—would be highly prejudicial, would confuse the jury, and would waste the time of the parties and the court. There is no serious argument that Schedule III orders from McKesson should be admitted.

With respect to Schedule III opioids, Plaintiffs' arguments rely on a mischaracterization of the record. Plaintiffs argue that Rite Aid of Maryland "had complete visibility into all dispensing-level data from their own pharmacies." Dkt. 3464 at 52.

No evidence supports this assertion. The testimony from Rick Chapman cited by Plaintiffs, for example, was merely that the stores (*i.e.*, Rite Aid of Ohio) purchased opioids from McKesson.[2] Dkt. 2169-10 (R. Chapman Tr.) at 29-30 ("I do know that we purchased from McKesson, yes."). Indeed, Chapman expressly clarified that he was not testifying that there was any reporting of these

---

[2] In other places (see 53 n. 67), Plaintiffs neglect to inform this Court that Chapman was testifying about his role at Rite Aid Headquarters and not a role or any action in a position at Rite Aid of Maryland, which was the distribution entity. See Chapman 27:9-15 (testifying about his role as Vice President of Logistics at Rite Aid Headquarters).

orders to Rite Aid of Maryland, the only defendant in this case.  *See* Dkt. 2169-10 (R. Chapman Tr.) at 153 ("I'm not aware of any orders -- any reporting that came back to the distribution center[.]").  To the extent there was any reporting of stores' orders from McKesson, it was reported to Rite Aid Hdqtrs. Corp., *id.*, an entity that it is not a defendant.

There is similarly no support for Plaintiffs' representation that McKesson would notify Rite Aid of Maryland "when their pharmacies were approaching or exceeding McKesson's thresholds."  Response at 53.  Rite Aid of Maryland is a distributor—it does not "have" any pharmacies at issue in this case.  What other Rite Aid corporate entities knew has no relevance to Plaintiffs' claims against Rite Aid of Maryland.

Far from demonstrating that the evidence is relevant and should be admitted, Plaintiffs' response to Rite Aid of Maryland's motion *in limine*—in which Plaintiffs show themselves to be confused about the different Rite Aid legal entities—confirms the inevitability of confusion by the jury, the waste of time that would be required by Rite Aid of Maryland's attempts to correct this confusion, and the extreme prejudice that Rite Aid of Maryland would suffer if Plaintiffs are permitted to introduce evidence regarding the actions of Rite Aid of Ohio stores (such as their orders from McKesson) or other Rite Aid entities in attempting to prove their claims against Rite Aid of Maryland.

Evidence of orders from McKesson would be relevant, if it all, only to Plaintiffs' distribution claims against McKesson.  *Davis v. Siemens Medical Solutions USA, Inc.*, 279 F. App'x 378, 378-79 (6th Cir. 2008) and *Surface v. Conklin*, No. 1:15-CV-40, 2018 WL 6257984, at *6 (S.D. Ohio Nov. 30, 2018) are directly on point.  Because McKesson is no longer a defendant, there is no basis to admit the evidence of any opioid shipments to non-defendant pharmacy entities.

## CONCLUSION

This Court should exclude evidence of specific orders placed by non-defendant Rite Aid of Ohio pharmacies with non-defendant McKesson (and any argument that the orders placed with McKesson were suspicious).


Dated:  September  28, 2020                Respectfully submitted,

_/s/_ (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

_Counsel for Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center_

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that the foregoing document was served electronically to all counsel of record on September 28, 2020.

*/s/ Kelly A. Moore*
Kelly A. Moore