# EXHIBIT 1

**Nortey, James A.**

| | |
|---|---|
| **From:** | Peter H. Weinberger <PWeinberger@spanglaw.com> |
| **Sent:** | Friday, February 14, 2020 7:04 AM |
| **To:** | Moore, Kelly A. |
| **Cc:** | Lavelle, Jr., John P.; MPifko@baronbudd.com; do Amaral, Paulina; Paul Farrell; 'lsinger@motleyrice.com'; Shkolnik, Hunter; dmigliori@motleyrice.com; 'WML@LanierLawFirm.com'; Jayne Conroy |
| **Subject:** | RE: Rite Aid's Motion to Dismiss for lack of personal jurisdiction |

[EXTERNAL EMAIL]
Kelly -

I am not available this afternoon for a call. How about Monday morning? In the meantime, I can tell you that plaintiffs will need time to obtain from Rite Aid the following categories of documents and will also need 30 (b) (6) depositions of witnesses most familiar with the subjects covered by the documents in order to respond to RAC's motion to dismiss:

1. In the 2018 Rite Aid Corporation's Report to Stockholders on oversight of Risks related to Opioids, it states as follows:

   "Rite Aid's Board of Directors, which is chaired by an independent director, oversees risk management and considers specific risk topics on an ongoing basis, including the risks associated with prescription opioids. The Board also receives periodic updates from internal subject matter experts with regard to the overall effectiveness of Rite Aid's risk management program and significant areas of risk to Rite Aid, including areas of risk identified by the Board, a Board committee, or management, such as through the Corporate Compliance Committee, as described below."

We will need the custodial files of all of Rite Aid's Board of Directors from 2006 to the present to the extent those files include any documents related to the activities discussed in this statement.

2. That same report goes on to state:

   "Rite Aid also utilizes external advisors as necessary to assist with its risk management program. These risks include those concerning prescription opioid dispensing-related activities and initiatives to combat addiction in the communities Rite Aid serves. Rite Aid's head of compliance, its Group Vice President of Privacy, Compliance and Internal Assurance updates the full Board of Directors and specific committees of the Board of Directors, as applicable. In addition, Rite Aid's General Counsel presents a legal update to the Audit Committee and to the Board of Directors. To oversee and address more specific categories of risk, the

> Board maintains the following committees: the Audit Committee, the Compensation Committee and the Nominating and Governance Committee."

For the years, 2006 to the present, we will need the files of the Audit committee, the Privacy, compliance and internal assurance committee, the Compensation committee, and the Nominating and Governance committee regarding any documents related to opioid risks, risk management, compliance, or regulation. We will need the names of the individuals who chaired the committees described and their custodial files related to these opioid issues. We will also need the names and custodial files of the external advisors.

3. That same Report goes on to state:

> "The Audit Committee, which consists solely of independent directors, oversees our compliance program and therefore has the primary oversight role with respect to many of the risks related to the opioid crisis. The Audit Committee's charter specifically states that the purpose of the Audit Committee is, in part, to "[p]rovide assistance to the Board of Directors in fulfilling its legal and fiduciary obligations with respect to . . . [c]ompliance by [Rite Aid] with legal and regulatory requirements . . . " With respect to discussions of the Corporate Compliance Committee relating to regulatory matters, including those involving prescription opioids, which are described further below, the Group Vice President of Privacy, Compliance and Internal Assurance updates both the full Board of Directors and the Audit Committee on regulatory and compliance matters. Rite Aid's Group Vice President of Privacy, Compliance and Internal Assurance, General Counsel, and any necessary subject matter experts all participate in providing reports to the Audit Committee. The Audit Committee also receives and reviews quarterly reports on risk management and patient safety. Further, the General Counsel provides regular reports to the Audit Committee and to the Board of Directors about material litigation, material investigations and any other material compliance matters, including those related to prescription opioids. The Audit Committee has executive sessions with our Group Vice President of Privacy, Compliance and Internal Assurance. Through the Audit Committee, Rite Aid's Board of Directors is committed to ensuring that Rite Aid is developing cutting edge solutions to curb prescription opioid abuse through the development and expansion of education, safe prescription drug disposal, and pharmacy safeguards as further described below."

For the years 2006 to the present, we need copies of all of the types of documents referenced in this paragraph to the extent they relate to opioid issues.

4. The same report goes on to state:

> "Rite Aid has a compliance committee structure comprised of several sub-committees of the Corporate Compliance Committee that focus on specialized areas such as, but not limited to, Human Resources, Data Protection, and Pharmacy. Of specific import to the oversight of prescription opioid matters is the Pharmacy Compliance Sub-Committee. The Pharmacy Compliance Sub-Committee meets every other month (including prior to the quarterly Corporate Compliance Committee Meeting), and is comprised of a cross-functional team of subject matter experts from multiple departments within Rite Aid which include, but are not limited to, Pharmacy Operations, Legal, Regulatory Affairs, Human Resources, Internal Assurance & Compliance Monitoring, and Risk Management. Rite Aid's Group Vice President of Privacy, Compliance and Internal Assurance attends each Pharmacy Compliance Sub-Committee meeting. Pursuant to its charter, the Pharmacy Compliance Sub-Committee is tasked with overseeing compliance with laws and regulations and certain operational policies and procedures, as considered necessary, pertaining to the pharmacy areas of Rite Aid stores, and guiding Rite Aid's compliance and improvement efforts in these areas. As a result, the Pharmacy Compliance Sub-Committee discusses pharmacy-related regulatory and compliance concerns, including regulatory concerns regarding prescription opioids. The Pharmacy Compliance Sub-Committee considers areas of risk and exposure and works to develop solutions and/or recommendations to mitigate such risks and exposures. Many of the initiatives described in Section III below originated pursuant to discussions among members of the Pharmacy Compliance Sub-Committee.

> The Pharmacy Compliance Sub-Committee provides updates on pertinent matters, including prescription opioid risks, to the Corporate Compliance Committee. The Corporate Compliance Committee, which meets at least on a quarterly basis, consists of Rite Aid Senior Management, including, but not limited to, the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Chief Human Resources Officer, General Counsel, and Executive Vice President of Retail and Pharmacy Operations. The Corporate Compliance Committee is chaired by the Group Vice President of Privacy, Compliance and Internal Assurance. The Chair of the Pharmacy Compliance Sub-Committee, which is a position held by Rite Aid's Senior Vice President of Pharmacy Operations, is tasked with updating the Corporate Compliance Committee and presenting possible solutions and recommendations.  Critical subject matter experts also attend Corporate Compliance Committee meetings and present on the pertinent regulatory issues currently facing Rite Aid. Rite Aid Senior Management remains engaged and involved with all of the issues discussed at the Corporate Compliance Committee meetings, including issues related to the opioid crisis, and works with the

> Pharmacy Compliance Sub-Committee and subject matter experts to develop plans to address concerns that have been raised and otherwise mitigate risks."

For the years 2006 to the present, we need any documents generated or received by the Pharmacy Compliance Subcommittee, the names of all members of the subcommittee, and their custodial files relating to opioid issues.

We request that you provide the case captions including jurisdiction and case number of any case in which RAC was a named defendant and argued that the court had no personal jurisdiction over RAC.

If you deem it necessary, we will formalize this into a pleading detailing these discovery requests.  Please let us know how long it will take to produce these documents or if they have been produced, please identify the documents by bates nos.   When we receive that information, we will be in a position to determine how many depositions we need so that we can determine how much time we will need to do this jurisdictional discovery.

Pete

---

**From:** Moore, Kelly A.
**Sent:** Thursday, February 13, 2020 6:40 PM
**To:** Peter H. Weinberger
**Cc:** Lavelle, Jr., John P.
**Subject:** FW: Rite Aid's Motion to Dismiss for lack of personal jurisdiction

Pete – please let me know when you would like to meet and confer about jurisdictional discovery.  I am free tomorrow after 3 p.m.

**Kelly A. Moore**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6612 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
kelly.moore@morganlewis.com | www.morganlewis.com
Assistant: Donna C. Weekes | +1.212.309.7172 | donna.weekes@morganlewis.com

---

**From:** David Cohen <david@davidrcohen.com>
**Sent:** Wednesday, February 12, 2020 8:36 PM
**To:** Moore, Kelly A. <kelly.moore@morganlewis.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>
**Cc:** pmougey@levinlaw.com; MPifko@baronbudd.com; Paul Farrell (Paul@Greeneketchum.com) <Paul@Greeneketchum.com>; do Amaral, Paulina <pdoamaral@lchb.com>; Rice, Joe <jrice@motleyrice.com>; hunter@napolilaw.com; 'WML@LanierLawFirm.com' <WML@LanierLawFirm.com>; dmigliori@motleyrice.com; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; 2804 Discovery,

4

MDL <mdl2804discovery@motleyrice.com>
**Subject:** Re: Rite Aid's Motion to Dismiss for lack of personal jurisdiction

[EXTERNAL EMAIL]
Thanks for copying me on your mutual attempts to get the other side to stand down.  As you remain basically where you were two days ago, I reiterate what I wrote then:

Plaintiffs will be allowed to undertake jurisdictional discovery and then the Court will receive a response and reply.

Please confer and present a proposed plan for this to occur (meaning, scope of discovery and deadlines).  I imagine that the necessary discovery need not exceed a small handful of depos and interrogatories.  The Court will accept any reasonable plan.

I look forward to receiving by the end of the week a joint proposed order with discovery scope, discovery deadlines, and briefing deadlines.

-d
========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Moore, Kelly A. <kelly.moore@morganlewis.com>
**Sent:** Wednesday, February 12, 2020 4:34 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** pmougey@levinlaw.com <pmougey@levinlaw.com>; MPifko@baronbudd.com <MPifko@baronbudd.com>; Paul Farrell (Paul@Greeneketchum.com) <Paul@Greeneketchum.com>; do Amaral, Paulina <pdoamaral@lchb.com>; Rice, Joe <jrice@motleyrice.com>; hunter@napolilaw.com <hunter@napolilaw.com>; 'WML@LanierLawFirm.com' <WML@LanierLawFirm.com>; dmigliori@motleyrice.com <dmigliori@motleyrice.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: Rite Aid's Motion to Dismiss for lack of personal jurisdiction

Dear Special Master Cohen:

Plaintiffs apparently believe they currently possess evidence that Rite Aid Corporation's motion to dismiss for personal jurisdiction is frivolous.  While we obviously disagree, in light of that position, we see no basis for an argument on their part that they would need any discovery to respond to the motion.  The original date for them to respond under the local rules was January 22.  We are now 21 days past that date.  Respectfully, we ask that you set the date for their response for two weeks from now - February 26, 2020.

Respectfully,

Kelly Moore

5

Kelly A. Moore
Morgan, Lewis & Bockius LLP
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6612 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
kelly.moore@morganlewis.com | www.morganlewis.com
Assistant: Donna C. Weekes | +1.212.309.7172 | donna.weekes@morganlewis.com


-----Original Message-----
From: Peter H. Weinberger <PWeinberger@spanglaw.com>
Sent: Monday, February 10, 2020 6:03 PM
To: Moore, Kelly A. <kelly.moore@morganlewis.com>; David R. Cohen <David@SpecialMaster.Law>
Cc: pmougey@levinlaw.com; MPifko@baronbudd.com; Paul Farrell (Paul@Greeneketchum.com) <Paul@Greeneketchum.com>; do Amaral, Paulina <pdoamaral@lchb.com>; Rice, Joe <jrice@motleyrice.com>; hunter@napolilaw.com; 'WML@LanierLawFirm.com' <WML@LanierLawFirm.com>; dmigliori@motleyrice.com; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
Subject: Rite Aid's Motion to Dismiss for lack of personal jurisdiction

[EXTERNAL EMAIL]

Dear Ms. Moore:

As you know SM Cohen has asked that we meet and confer to determine what discovery is needed to respond to RAC's motion to dismiss on personal jurisdiction grounds.

Your motion to dismiss claims that RAC has no involvement in opioid dispensing monitoring or operations.  Specifically,  your motion cites an affidavit of Ron Chima and states as follows:

"RAC is a holding company.. . And it does not "establish[] national policies and procedures governing the dispensing of controlled substances" that are in turn implemented by its subsidiaries as Plaintiffs now allege without basis. Chima Decl. ¶ 7.


The attached Rite Aid Board Report on Opioids Oversight contradicts that representation.  The document clearly states that Rite Aid Corporation and its board are intimately involved in opioid dispensing oversight and risk management.   The attached 2018 proxy statement reiterates the same in response to a shareholder request that Rite Aid Corporation take a more active role in opioid dispensing oversight.

If you insist on prosecuting this motion, we will seek Rule 11 sanctions.

Pete

Peter H. Weinberger

Spangenberg Shibley & Liber LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | https://urldefense.proofpoint.com/v2/url?u=http-3A__www.spanglaw.com&d=DwIFAw&c=wbMekZ1iboz3wtx3lILI8YgCUSSh7g3G58syakvKORs&r=W-FNRUGNUrR4W-FvnAtCmeHle6lXfQyQq3jCqtPLikY&m=aEvYwCWho2tCZtObhLB-EfXeC1LHiNakR9uvKCXaXoQ&s=zJU9aqzpMQ8Il_6YRw8ID6n-Aa5oXtCICqWdf-x8dLg&e=

<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.spanglaw.com&d=DwIFAw&c=wbMekZ1iboz3wtx3lILI8YgCUSSh7g3G58syakvKORs&r=W-FNRUGNUrR4W-FvnAtCmeHle6lXfQyQq3jCqtPLikY&m=aEvYwCWho2tCZtObhLB-EfXeC1LHiNakR9uvKCXaXoQ&s=9PN2pAh4ZgYYgZsXm5CUTyNaMPlR8zExuJjZoiTfkU4&e=> [Spangenberg Shibley & Liber] <https://urldefense.proofpoint.com/v2/url?u=https-3A__www.spanglaw.com&d=DwIFAw&c=wbMekZ1iboz3wtx3lILI8YgCUSSh7g3G58syakvKORs&r=W-FNRUGNUrR4W-FvnAtCmeHle6lXfQyQq3jCqtPLikY&m=aEvYwCWho2tCZtObhLB-EfXeC1LHiNakR9uvKCXaXoQ&s=9PN2pAh4ZgYYgZsXm5CUTyNaMPlR8zExuJjZoiTfkU4&e=>

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.