# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO EASTERN
DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL NO. 2804 |
| | ) | CASE NO. 1:17-MD-2804 THIS |
| DOCUMENT RELATES TO: | ) | |
| "*Case Track Three*" | ) | Judge Dan Aaron Polster |

**TRACK THREE PLAINTIFFS' (FIRST) REQUESTS FOR PRODUCTION
TO DEFENDANT RITE AID HDQTRS. CORP.**

COMES now the Case Track Three Plaintiffs, LAKE COUNTY and TRUMBULL COUNTY, by counsel, and submit the following discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure to Defendant Rite Aid Hdqtrs. Corp. ("RAHQ").

**I.     DEFINITIONS**

1.      "You," "Your," or "RAHQ" means Defendant Rite Aid Hdqtrs. Corp. and its officers, directors, employees, partners, representatives, agents, divisions, predecessors or successors-in- interest and other persons or entities acting on their behalf or controlled by them. These terms also include any pharmacies providing Rite Aid Hdqtrs. Corp. with income.

2.      "RAC" means Defendant Rite Aid Corporation and its officers, directors, employees, partners, representatives, agents, divisions, predecessors or successors-in- interest and other persons or entities acting on their behalf or controlled by them. These terms also include any pharmacies providing Rite Aid Corporation with income.

3.      "Cocktail Drugs" means muscle relaxants, stimulants and/or benzodiazepines taken, prescribed, or dispensed in combination with opiate drugs, as defined and set forth in Dkt. 3106, January 27, 2020 Discovery Ruling Regarding Pharmacy Data Production.

4. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and, with respect to oral communications, includes any document evidencing such oral communications or in-person meetings. It includes the transmittal of information by any means, including e-mail, SMS, MMS or other "text" messages, messages on messaging apps or communication platforms (e.g. Slack, Microsoft Teams, etc.), messages on "social networking" sites (including, but not limited to, Facebook, Google+, MySpace, Instagram, Snapchat and Twitter), messages through sales platforms (e.g. Salesforce and its partners), shared applications from cell phones or by any other means. "Communications" also shall include, but is not limited to, all originals and copies that are provided by you or to you by others.

5. "Controlled Substances" shall be defined by the Controlled Substances Act.

6. "DEA" means the U.S. Drug Enforcement Agency.

7. "Document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Rule 33. A draft or non-identical copy is a separate document within the meaning of this term. In all events, the definition of "document" shall include "communications" as defined above.

8. "Marketing" refers to any effort undertaken with the goal, at least in part, of increasing sales.

9. "Opioid(s)" means that class of analgesic drugs, legal or illegal, natural or synthetic, including but not limited to the drugs referenced in Plaintiffs' Supplemental and Amended Allegations in the above-referenced matter regardless of schedule designation and whether alone or in combination pill form. Opioid(s) further includes Opioid-related products, including coatings, capsule configurations, delivery systems or mechanisms that include, but are not limited to, anti-abuse, tamper resistance and crush-proof mechanisms and mechanisms to deter immediate release. Opioids include both name-brand and generic products.

10. "Person" means any natural person or any business, legal or governmental entity or association.

11. The term "relating to" shall mean to relate, reference, refer, associate, connect, pertain, compare, concern, have to do with, correspond with, or any other commonly understood meaning of "relating to."

## II. INSTRUCTIONS

1. **Relevant time period:** These requests seek information for the period consistent with *Discovery Ruling 3* (Doc #: 762) (Filed: 07/17/18) except where noted in the requests.

### REQUESTS FOR PRODUCTION

1. All Documents relating to the nature and extent of RAHQ's relationship with RAC, Rite Aid of Maryland, Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center, and Rite Aid of Ohio.

2. All Documents relating to the organizational structure of RAHQ, including but not limited to:

   a. The composition and roles of its board of directors and its officers, the composition and roles of its committees and subcommittees, and how RAHQ is organized as a legal entity;

   b. The organizational responsibilities of RAHQ, including but not limited to the business enterprise(s) in which RAHQ is engaged;

   c. The nature and status of employees of RAHQ, including but not limited to, documents showing the number of employees, identity of different departments, locations of employees, and their job responsibilities; and

  d. The location and ownership of any physical locations such as its headquarters office including whether any location is shared with any RAHQ subsidiary, including but not limited to shared office space, facilities and phone numbers.

3. All Documents relating to the identities, formation, and role of RAHQ's subsidiaries, including but not limited to:

  a. The identity of any RAHQ subsidiaries;

  b. RAHQ's relationship with its subsidiaries;

  c. The extent that RAHQ exerts control over its subsidiaries; and

  d. The extent of RAHQ's operational role in human resources for any of its subsidiaries, including employee payroll operations, performance evaluations, and compensation, and information relating to the sharing/overlap of employees or corporate officers with any of its subsidiaries or parent corporations and employee payroll operations, performance evaluations, and compensation.

4. All Documents relating to the extent of RAHQ's involvement in ensuring regulatory and legal compliance for itself, RAC, Rite Aid of Maryland, Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center, Rite Aid of Ohio, Rite Aid pharmacies, Rite Aid distribution centers, or any of its other subsidiaries, including but not limited to:

  a. RAHQ's efforts to comply with the Controlled Substances Act, including but not limited to how RAHQ ensures that its efforts are enforced or implemented at its subsidiaries;

  b. RAHQ's efforts to prevent and report diversion of controlled substances, including but not limited to how RAHQ ensures that its efforts are enforced or implemented at its subsidiaries; and

  c. Interactions or communications relating to controlled substances between RAHQ

    and federal, state, or local governmental entities or agencies, such as DEA, including but not limited to settlement agreements and investigations or audits into RAHQ or any of its subsidiaries.

5. All Documents related to RAHQ's finances, including but not limited to:

  a. The amount of RAHQ's income derived from its subsidiaries;

  b. The amount of RAHQ's income derived from business conducted in Ohio including business conducted by any of its subsidiaries;

  c. The amount of RAHQ's income derived from its pharmacies;

  d. The amount of RAHQ's income derived from sales of controlled substances;

  e. RAHQ's assets and liabilities; and

  f. RAHQ's financial filings (*e.g.* SEC filings and tax returns), how those financial filings are prepared, who prepares those financial filings, how information is gathered for those financial filings, and where those financial filings are filed.

6. All Documents relating to RAHQ's retention of corporate records, including retention policies and storage locations.

7. All Documents relating to RAHQ's relationship with Rite Aid pharmacies, including but not limited to:

  a. RAHQ's role in conducting audits of Rite Aid pharmacies or distribution centers;

  b. RAHQ's role in maintaining pharmacy or distribution center records or data;

  c. RAHQ's role in pharmacy or distribution center licensing or accreditation;

  d. RAHQ's role in training employees of its subsidiaries' pharmacies or distribution centers; and

  e. RAHQ's role in developing, formulating, implementing, and enforcing policies and/or procedures for pharmacy operation, including but not limited to, controlled

substance dispensing policies.

8. All Documents relating to RAHQ's role in the Rite Aid entities' response to address the opioid crisis, including how RAHQ ensures that its decisions are enforced or implemented at its subsidiaries.

9. All Documents relating to RAHQ's risk management, including compliance risks, including but not limited to how RAHQ ensured that its efforts and decisions were enforced or implemented at its subsidiaries.

10. All Documents relating to the nature and extent of RAHQ's contacts with the State of Ohio, including but not limited to documents related to business transacted in Ohio.

Dated: June 23, 2020　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　TRUMBULL COUNTY

　　　　　　　　　　　　　　　　　　　　　　*/s/ Frank Gallucci*
　　　　　　　　　　　　　　　　　　　　　　Frank Gallucci (0072680)
　　　　　　　　　　　　　　　　　　　　　　**PLEVIN & GALLUCCI COMPANY, L.P.A**
　　　　　　　　　　　　　　　　　　　　　　55 Public Square Suite 2222
　　　　　　　　　　　　　　　　　　　　　　Cleveland, Ohio 44113
　　　　　　　　　　　　　　　　　　　　　　FGallucci@pglawyer.com

　　　　　　　　　　　　　　　　　　　　　　Hunter Shkolnik
　　　　　　　　　　　　　　　　　　　　　　Joseph L. Ciaccio
　　　　　　　　　　　　　　　　　　　　　　Salvatore C. Badala
　　　　　　　　　　　　　　　　　　　　　　**NAPOLI SHKOLNIK, PLLC**
　　　　　　　　　　　　　　　　　　　　　　400 Broadhollow Road – Suite 350
　　　　　　　　　　　　　　　　　　　　　　Melville, New York 11747


　　　　　　　　　　　　　　　　　　　　　　Peter H. Weinberger (0022076)
　　　　　　　　　　　　　　　　　　　　　　**SPANGENBERG SHIBLEY & LIBER LLP**
　　　　　　　　　　　　　　　　　　　　　　1001 Lakeside Avenue, Ste 1700
　　　　　　　　　　　　　　　　　　　　　　Cleveland, OH 44114
　　　　　　　　　　　　　　　　　　　　　　pweinberger@spanglaw.com
　　　　　　　　　　　　　　　　　　　　　　Plaintiffs' Liaison Counsel

**CERTIFICATE OF SERVICE**

The foregoing document has been served via email only on June 23, 2020 to the following:

Katherine M Swift, Esq.
Bartlit Beck
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
kate.swift@bartlitbeck.com

Eric Delinsky, Esq.
Zuckerman Spaeder
1800 M Street NW, Suite 1000
Washington, Dc 20036-5807
edelinsky@zuckerman.com

Kelly A. Moore, Esq.
Morgan Lewis
101 Park Avenue
New York, NY 10178
Kelly.Moore@MorganLewis.com

Robert M. Barnes, Esq.
Marcus Shapira
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219
rbarnes@marcus-shapira.com

Tara A. Fumerton, Esq.
Jones Day
77 West Wacker, Ste 3500
Chicago, IL 60601
tfumerton@JonesDay.com

*/s/Peter H. Weinberger*
Peter H. Weinberger
Plaintiffs' Liaison Counsel