UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br><br>*Track One Cases:*<br>*County of Summit, Ohio v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio);<br><br>*County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio) | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**MOTION TO STRIKE PHYSICIANS ON DEFENDANTS' WITNESS LISTS**

Pursuant to Federal Rules of Civil Procedure 7, 26, and 37, Plaintiffs hereby move to strike certain physician-witnesses only recently disclosed by Defendants CVS, Walgreens, and Giant Eagle/HBC (hereinafter "Defendants"). Such relief is appropriate for two reasons. First, Defendants' disclosure of these witnesses is untimely because they were not identified until almost a year and a half after the Court's deadline for identifying trial witnesses. Second, the physicians should be precluded from testifying for the independent reason that Defendants seek to evade this Court's prior ruling, which holds that evidence of after-the-fact due diligence is not relevant to the distribution claims at issue here.

Defendants CVS, Walgreens, and Giant Eagle/HBC supplied preliminary witness lists on September 2, 2020, and then filed witness lists with the Court on September 21, 2020. Doc. Nos. 3480, 3479, 3478. In those lists, Defendants named as witnesses the following physicians, who had never been identified previously:

- Brendan Astley, M.D. (CVS, Walgreens, HBC)
- Theresa Dews, M.D. (CVS, Walgreens, HBC)
- Anne Grantham, M.D. (CVS, Walgreens, HBC)
- Andrew Haas Jr., M.D. (CVS, Walgreens, HBC)
- Louis Keppler, M.D. (CVS, Walgreens, HBC)
- Warren Van, M.D. (CVS, Walgreens, HBC)

- Ruben Escuro, M.D. (HBC)
- Patrick Litam, M.D. (HBC)
- Mark Panigutti, M.D. (HBC)
- William Stanfield, M.D. (HBC)
- Robert Zanotti, M.D. (HBC)

Defendants' lists similarly describe that the physicians are "expected to testify concerning matters related to [their] background; employment; experiences, including the prescribing of opioid medications; and the claims in this litigation." *See, e.g.*, Doc. No. 3480 at 3-5.

## ARGUMENT

### I. THIS COURT SHOULD STRIKE THE PHYSICIANS ON DEFENDANTS' WITNESS LISTS BECAUSE THEY WERE NOT TIMELY DISCLOSED

The witnesses listed above should be struck because they were not disclosed in a timely manner. Special Master Cohen previously ruled that, absent compelling circumstances or agreement by the parties, no witnesses could be called who were not identified prior to March 4, 2019 (*i.e.,* the extended deadline for fact discovery for Track One). *See* Doc. No. 3305, Order of 5/26/20 at 5 (noting that the ruling regarding witnesses was "issued when Track One included only distribution claims against pharmacies—which, following the Sixth Circuit's mandamus ruling, is also true now"); *id.* at 6-7 (noting exception that parties may agree to further discovery); *see also* Doc. No. 2827, Transcript of Final Pretrial Proceedings Before Special Master David R. Cohen, at 13 (Oct. 15, 2019) ("if a witness was identified during discovery before March 4, [2019], that witness may be called"). Although the Special Master noted that there was additional time leading up to the Track One-B trial such that additional discovery regarding the distribution claims might be feasible, he nevertheless generally declined to reopen discovery. Doc. No. 3305 at 5-6; *id.* at 6 ("The Special Master is confident that the parties have nearly all the discovery they need to win or

lose the Track One-B case on the merits, and deadlines must be respected.").[1] Accordingly, only witnesses identified prior to March 4, 2019, may be called during the Track One-B trial.

Despite that deadline, Defendants did not disclose the doctors listed above until almost a year and a half later. For that reason alone, these late-disclosed physicians should be precluded from testifying at trial. *See* Fed. R. Civ. P. 26(a) (requiring parties to exchange, *inter alia*, potential witnesses); Fed. R. Civ. P. 26(e) (duty to supplement initial disclosures); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness" at trial "unless the failure was substantially justified or is harmless.").

Courts have routinely barred witnesses from testifying at trial where the party has failed to comply with the court's deadline for identifying such witnesses. *See, e.g., Ferreri v. City of Strongsville*, No. 1:10-cv-01014, 2011 WL 2457404, at *3 (N.D. Ohio June 16, 2011) (precluding testimony of untimely disclosed witnesses); *Kovacic v. Tyco Valves & Controls, L.P.*, No. 06-cv-2357, 2009 WL 3857344, at * 4 (N.D. Ohio Nov. 17, 2009) (same); *Max Rack, Inc. v. Core Health & Fitness, LLC*, No. 2:16-cv-01015, 2019 WL 6496722, at *3 (S.D. Ohio Dec. 3, 2019) (same); *Weckbacher v. Memorial Health Sys. Marietta Memorial Hosp.*, No. 2:16-cv-01187, 2019 WL 5725048, at *6 (S.D. Ohio Nov. 5, 2019) (same); *Thomas v. McDowell*, No. 2:10-cv-152, 2014 WL 5305501, at *6 (S.D. Ohio Oct. 15, 2014) (same). Indeed, Rule 37(c)(1) "mandates" sanctions for such misconduct and presumes that exclusion of a late-identified witness is the appropriate remedy. *See, e.g., Vance v. United States*, 182 F.3d 920, 1999 WL 455435, *3 (6th Cir. 2018) (unpublished) (noting that exclusion is "automatic" under Rule 37); Advisory Committee Notes to

---

[1] The Special Master noted a couple of exceptions, including his power "to resolve discovery disputes that 'relate back' to Track One-A," such as disputes over documents improperly withheld. Doc. No. 3305 at 7.

1993 Amendments to Rule 37 (referring to Rule 37(c)(1)'s preclusion of evidence as a "self-executing sanction" that is "automatic").

Exclusion of the late-disclosed physicians' testimony is likewise warranted here, where Defendants cannot demonstrate that the late disclosure is harmless or substantially justified. Because of Defendants' untimely disclosure, Plaintiffs, who had no prior notice that these physicians were likely to be called as witnesses, have not had any opportunity to depose these individuals or take relevant fact discovery.[2]  Moreover, as explained more fully below, the physicians' testimony is not even for a proper purpose, as Plaintiffs understand that it is intended to provide evidence of after-the-fact due diligence, evidence which this Court has held is irrelevant. Thus, permitting Defendants' untimely-disclosed physicians to testify will prejudice Plaintiffs. Nor have Defendants offered any rationale to justify their untimely disclosure.  Thus, pursuant to Rule 37, this Court should preclude the physician witnesses identified above from testifying at trial.

## II. THE PHYSICIANS' TESTIMONY SHOULD BE EXCLUDED FOR THE INDEPENDENT REASON THAT DEFENDANTS IMPROPERLY SEEK TO INTRODUCE AFTER-THE-FACT EVIDENCE OF DUE DILIGENCE, WHICH THIS COURT HAS FORBIDDEN

The Court has previously ruled that pharmacists may not testify during the Track One-B trial unless:  (1) those pharmacists played a role in due diligence prior to the shipment of the order, and (2) Defendants produce dispensing data for the stores where those pharmacist witness worked during the relevant time period.  *See* Doc. No. 3323, Order of June 4, 2020 at 1-2 ("The Court will allow Defendants to introduce testimony at trial from individual pharmacists regarding dispensing practices at their retail stores, subject to their compliance" with the requirement that Defendants

---

[2] Although Defendants have indicated that they would not oppose Plaintiffs deposing the physician witnesses prior to trial, that would not remedy Plaintiffs' inability to conduct other fact discovery relevant to these witnesses.

"shall produce opioid dispensing data for those retail pharmacies where the witness worked, during the period of the witness's employment."); *see also* Doc. No. 3308 at 1, Revised Track One-B Civil Jury Trial Order (requiring Defendants to produce any such dispensing data for pharmacist witnesses by June 12, 2020). The Court's ruling was based largely on its determination that dispensing information or evidence is irrelevant to Plaintiffs' distribution claims to the extent it post-dates (or is independent of) Defendant's due diligence process, which occurs *prior to* shipping. *See* Doc. No. 3307, Hearing Tr. of 5/28/20 at 30-32 (due diligence is what happens at the corporate offices, not in pharmacies; pharmacists do not do due diligence); *id.* at 28 (filling prescriptions is not part of due diligence). Thus, Defendants are precluded from introducing any dispensing evidence or pharmacist testimony that does not concern due diligence performed prior to the order being shipped to the pharmacy, or that was not produced by June 12, 2020. *See also* Doc. No. 3283, Hearing Tr. of 4/28/20 at 29 (noting that the "only way [Defendants] put on a pharmacist is if somehow that pharmacist's testimony is relevant to the due diligence").

Defendants state that their late-disclosed physicians will testify about their "employment; experiences, including the prescribing of opioid medications; and the claims in this litigation." *See, e.g.,* Doc. No. 3478, Giant Eagle-HBC Witness List (dated Sept. 21, 2020).[3] While Defendants' words are vague, their intent is clear. Defendants seek to introduce the physicians' testimony to demonstrate that certain prescriptions were for a legitimate medical purpose. Such testimony, however, does not concern Defendants' due diligence process prior to shipping, but is analogous to the after-the-fact due diligence evidence Defendants sought to introduce through pharmacists, and should therefore be excluded for the same reason. Because Defendants have not

---

[3] Defendants note that they have not had any contact with the physician witnesses in connection with this case. *See, e.g.,* Doc. No. 3478, Giant Eagle-HBC Witness List at 6 n.4 (dated Sept. 21, 2020). Given that, it is unclear how Defendants would know the specific topics on which the physicians would testify.

demonstrated that these physicians have any relevant distribution evidence (*e.g.,* that Defendants consulted with these physicians at the time they performed their due diligence), the Court should bar Defendants from calling the specified physicians as witnesses.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike the physicians specified above from Defendants' witness lists and preclude them from testifying at trial.

September 28, 2020

Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX  77069-3804
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Lead Trial Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY  10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

**CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served via the Court's ECF system to all counsel of record on September 30, 2020.

/s/ Peter H. Weinberger
Peter H. Weinberger