# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  MDL No. 2804

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in eight actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions, which are listed on Schedule A, to MDL No. 2804. Various defendants[1] oppose the motions.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

Despite some variances among the actions before us, all share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* These actions therefore fall within the MDL's ambit.

Plaintiffs oppose transfer by principally arguing that federal jurisdiction is lacking over their cases. But opposition to transfer based on a jurisdictional challenge is insufficient to warrant vacating

---

[*] Judges Ellen Segal Huvelle did not participate in the decision of this matter.

[1] Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Cardinal Health, Inc.; and McKesson Corp. (distributor defendants); Actavis, LLC, Actavis Pharma, Inc., Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC, Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc.; and Actavis Laboratories FL, Inc.; Allergan Finance LLC; Allergan Sales, LLC; Allergan USA, Inc.; Amneal Pharmaceuticals, LLC; Amneal Pharmaceuticals, Inc.; Assertio Therapeutics, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Mallinckrodt Brand Pharmaceuticals, Inc.; Mallinckrodt PLC, and Mallinckrodt LLC; Noramco, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Par Pharmaceuticals, Inc., Par Pharmaceutical Companies, Inc.; Sandoz, Inc.; SpecGx LLC; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Warner Chilcott Company, LLC, and Watson Laboratories, Inc. (manufacturing defendants).

-2-

conditional transfer of factually related cases.[2] Most opponents of transfer also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions, including the resolution of their remand motion. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor      Catherine D. Perry
Nathaniel M. Gorton      Matthew F. Kennelly
David C. Norton

---

[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION					MDL No. 2804

## SCHEDULE A

<u>Northern District of Alabama</u>

FULTONDALE, ALABAMA, CITY OF, ET AL. v. AMNEAL PHARMACEUTICALS LLC, ET AL., C.A. No. 2:20−00848

<u>Central District of California</u>

CITY OF DUBLIN, ET AL. v. CEPHALON, INC., ET AL., C.A. No. 8:20−01202

<u>Northern District of Illinois</u>

MARION HOSPITAL CORPORATION, ET AL. v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:20−04111

<u>Eastern District of New York</u>

TOWN OF POUGHKEEPSIE v. TEVA PHARMACEUTICALS USA, INC. ET AL., C.A. No. 2:20−02431

<u>Eastern District of Oklahoma</u>

CHOCTAW COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA LP, ET AL., C.A. No. 6:20−00156
HUGHES COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA LP, ET AL., C.A. No. 6:20−00160
MCCURTAIN COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA LP, ET AL., C.A. No. 6:20−00200

<u>Western District of Oklahoma</u>

GREER COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA LP, ET AL., C.A. No. 5:20−00456