UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |
| THE COUNTY OF TRUMBULL, OHIO,<br><br>    Plaintiff,<br><br>v.<br><br>PURDUE PHARMA, L.P., *et al.*,<br><br>    Defendants, and<br><br>CVS PHARMACY, INC.; OHIO CVS STORES, L.L.C.; WALGREEN CO.; RITE AID OF OHIO, INC.; RITE AID HDQTRS. CORP.; GIANT EAGLE, INC.; WALMART INC..,<br><br>    Defendants and Third-Party Plaintiffs,<br><br>v.<br><br>JOHN AND JANE DOES 1-5000,<br><br>    Third-Party Defendants. | Case No. 18-op-45079<br><br>DEMAND FOR JURY TRIAL |

**THIRD-PARTY COMPLAINT**

Defendants and Third-Party Plaintiffs CVS PHARMACY, INC.; OHIO CVS STORES, L.L.C.; WALGREEN CO.; RITE AID HDQTRS. CORP.; RITE AID OF OHIO, INC.; GIANT EAGLE, INC.; AND WALMART INC. (collectively, the "Trumbull County Pharmacy Defendants") bring this Third-Party Complaint against Third-Party Defendants John and Jane Does 1-5000 (the "Prescriber Defendants").

A1507673.1

1. The Prescriber Defendants are the licensed healthcare professionals who wrote and authorized the prescriptions for FDA-approved opioid medications that, according to Plaintiff Trumbull County, Ohio ("Plaintiff," collectively with Lake County, Ohio the "Track 3 Plaintiffs"), should not have been filled by pharmacists employed by the Trumbull County Pharmacy Defendants. Years after the fact, and without any knowledge about the patients under the Prescriber Defendants' care or the purpose of the prescriptions, Plaintiff now contends that these physicians and other practitioners wrote prescriptions for an "an excessive volume" of prescription opioid medications in Trumbull County. Doc. 2943 ¶¶ 32, 60, 70, 84.[1] The heart of Plaintiff's claim against the Trumbull County Pharmacy Defendants is that they are liable because their pharmacists filled prescriptions that the Prescriber Defendants wrote. Plaintiff's own allegations make this Third-Party Complaint necessary.

2. To be clear, the Trumbull County Pharmacy Defendants deny Plaintiff's contention that a vast number of Ohio physicians and other practitioners wrote an "excessive volume" of opioid prescriptions in bad faith or without a legitimate medical purpose. But that is Plaintiff's claim.  Indeed, Plaintiff's claim based on preliminary disclosures is that over 7,500 physicians and other healthcare providers—including doctors practicing medicine at the most prestigious medical centers in Ohio—wrote improper prescriptions that pharmacists working for the Trumbull County Pharmacy Chains should have refused to fill in Trumbull and Lake Counties.  And it is the basis for Plaintiff's attempt to impose liability on the Trumbull County Pharmacy Defendants.

---

[1] No amount of artful pleading by Plaintiff can mask the obvious fact that when Plaintiff alleges that pharmacists working for the Trumbull Count Pharmacy Chains supposedly filled prescriptions for an "excessive volume" of opioid medications, somebody else must have written those prescriptions—*i.e.*, the Prescriber Defendants.

3. Although Trumbull County says that prescriptions written by the Prescriber Defendants are to blame for the opioids crisis in Trumbull County, it asserts liability against only the Trumbull County Pharmacy Defendants and, somehow, not the Prescriber Defendants themselves. Plaintiff also ignores the "pill mills" for which Ohio has become notorious, unscrupulous pain clinics, the internet pharmacies that fed the illicit market for prescription opioids, and the hundreds of other independent and chain pharmacies, clinics, and practitioners across Trumbull County that dispensed prescription opioid medications, in many cases in greater volumes than pharmacies associated with the Trumbull County Pharmacy Defendants. But in a misguided hunt for deep pockets without regard to actual fault or legal liability, Plaintiff has elected not to sue any of these other parties.

4. The truth is that the pharmacists who work for the Trumbull County Pharmacy Defendants across the County (and across the country) are among the best, most caring, and most conscientious in the business. They are highly educated and well trained. These pharmacists live, work, and raise their families in Trumbull County. They care just as deeply about their communities as anyone else and could not take more seriously the responsible dispensing of controlled substances, including prescription opioid medications. At the same time, they are committed to serving the legitimate needs of patients across the community who must have access to these medications, as prescribed by their doctors for conditions that can range from pain in terminal cancer patients to severe pain after surgery to disabling chronic conditions.

5. The Trumbull County Pharmacy Defendants have long been at the forefront of efforts to combat prescription opioid abuse. Their efforts include, for example, educational programs, safe drug disposal and take-back programs, and pioneering the widespread availability

of naloxone without a prescription, which has saved countless lives when administered to reverse the effects of an opioid overdose.

6. Perhaps unsurprisingly, Plaintiff's lengthy Complaint against the Trumbull County Pharmacy Defendants *fails to identify even one prescription* that was supposedly filled improperly by any pharmacist working for any of the Trumbull County Pharmacy Defendants. Not one.

7. Nevertheless, Plaintiff has opted to sue only the Trumbull County Pharmacy Defendants rather than any of the many others involved in prescribing and dispensing prescription opioid medications in Trumbull County. The premise of Plaintiff's Complaint is nothing more than unsupported speculation that local pharmacists working for the Trumbull County Pharmacy Defendants filled prescriptions for opioid medications that they should not have filled. Plaintiff makes these allegations despite its inability to support its claims with *even one instance* of an improperly filled prescription.

8. But pharmacists do not write prescriptions and do not decide for doctors which medications are appropriate to treat their patients. A prescription for a controlled substance is an order for a medication that may be issued *only* by a physician or other authorized healthcare practitioner. While pharmacists are highly trained and licensed professionals, they did not attend medical school and are not trained as physicians. They do not examine or diagnose patients. They do not write prescriptions. And with only very limited exceptions permitted by law, pharmacists are bound to respect a prescribing doctor's professional medical judgment about which medications are appropriate to treat a particular patient under the doctor's care. Indeed, the American Medical Association has strongly objected to what it calls "[i]nappropriate inquiries from pharmacies to verify the medical rationale behind prescriptions, diagnoses and treatment

plans" as "an interference with the practice of medicine and unwarranted." Policy D-35.981, AMA Response to Pharmacy Intrusion Into Medical Practice (2013).

9. "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). And while pharmacists exercise a "corresponding responsibility," it is always the prescriber's own responsibility, which the prescriber cannot delegate to the pharmacist or anyone else, to ensure that prescriptions for controlled substances are proper in all respects: "The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner . . . ." *Id.*

10. The Trumbull County Pharmacy Defendants deny Plaintiff's allegations and deny that they are liable in any respect. But if Plaintiff prevails on its claims, the Trumbull County Pharmacy Defendants can be held liable to Plaintiff for filling prescriptions written by the Prescriber Defendants—which the Trumbull County Pharmacy Defendants expressly deny—ultimate responsibility must rest with those who wrote the prescriptions: the Prescriber Defendants themselves.  The Prescriber Defendants are therefore fully liable to Plaintiff on Plaintiff's claims against the Trumbull County Pharmacy Defendants, and therefore fully liable to the Trumbull County Pharmacy Defendants in the event they are held liable on such claims.

11. Track 3 Plaintiffs Lake and Trumbull Counties have identified preliminary lists of prescriptions that they believe should have activated "red flags" with Trumbull County Pharmacy Defendants and thus not been filled.  Those lists encompasses prescriptions written by over 7,500 providers. Those providers range from being affiliated with some of the largest and most respected medical practices in the region to individual practitioners.

12. Plaintiffs have expressly reserved the right to narrow that unwieldy list with the benefit of more discovery. Therefore, at this time, Defendants cannot name the providers that Plaintiff actually claims wrote medically unnecessary prescriptions that should not have been dispensed. The Trumbull County Pharmacy Defendants believe that a vanishingly small number of these providers—if any at all—actually wrote improper prescriptions. This third-party complaint is intended to be strictly limited to those provider that *Plaintiffs* allege wrote improper prescriptions. Once Plaintiff provides a final list of the prescribers who it alleges wrote improper prescriptions, the Trumbull County Pharmacy Defendants can amend this Third-Party Complaint to name only those prescribers. In the meantime, the Trumbull County Pharmacy Defendants refuse to burden thousands of innocent prescribers and the Court by filing and serving any prescriber who could *possibly* fall into that category. Thus, the Trumbull County Pharmacy Defendants lack the information necessary to accurately identify the relevant prescribers and file this Third-Party Complaint against unidentified Third-Party Defendants John and Jane Does 1-5000 in order to comply with the requirement of Federal Rule of Civil Procedure 14(a)(1) that, absent leave of the Court, a third-party complaint must be filed within 14 days after a third-party plaintiff serves its answer to the relevant claims.

### Parties

13. Third-Party Plaintiff CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island. Plaintiff alleges that Third-Party Plaintiff CVS Pharmacy, Inc. is liable to it in connection with dispensing prescription opioid medications in Trumbull County.

14. Third-Party Plaintiff Ohio CVS Stores, L.L.C. is an Ohio limited liability company with its principal place of business in Rhode Island. Plaintiff alleges that Third-Party

Plaintiff Ohio CVS Stores, L.L.C. is liable to it in connection with dispensing prescription opioid medications in Trumbull County.

15. Third-Party Plaintiff Giant Eagle, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. Plaintiff alleges that Third-Party Plaintiff Giant Eagle, Inc. is liable to it in connection with dispensing prescription opioid medications in Trumbull County.

16. Third-Party Plaintiff Rite Aid Hdqtrs. Corp. a Delaware corporation with its principal place of business in Pennsylvania. Plaintiff alleges that Third-Party Plaintiff Rite Aid Hdqtrs. Corp. is liable to it in connection with dispensing prescription opioid medications in Trumbull County.

17. Third-Party Plaintiff Rite Aid of Ohio, Inc. is an Ohio corporation with its principal place of business in Pennsylvania. Plaintiff alleges that Third-Party Plaintiff Rite Aid of Ohio, Inc. is liable to it in connection with dispensing prescription opioid medications in Trumbull County.

18. Third-Party Plaintiff Walgreen Co. is an Illinois corporation with its principal place of business in Illinois. Plaintiff alleges that Third-Party Plaintiff Walgreen Co. is liable to it in connection with dispensing prescription opioid medications in Trumbull County.

19. Third-Party Plaintiff Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. Plaintiff alleges that Third-Party Plaintiff Walmart Inc. is liable to it in connection with dispensing prescription opioid medications in Trumbull County.

20. Third-Party Defendants John and Jane Does 1-5000 are the licensed doctors and other healthcare practitioners who wrote and/or authorized the prescriptions for opioid medications that, Plaintiff alleges, should not have been filled by pharmacists employed by the

Trumbull County Pharmacy Defendants and that give rise to the alleged liability of the Trumbull County Pharmacy Defendants to Plaintiff. Because Plaintiffs have identified thousands of prescriptions that have raised "red flags," implicating thousands of providers, and reserved the right to later narrow that list to a more manageable number, the Trumbull County Pharmacy Defendants have not been able to determine the true identities of the actual Third-Party Defendants at issue. When Plaintiff finally identifies the prescriptions alleges should not have been filled and the practitioners who wrote those prescriptions, the Trumbull County Pharmacy Defendants will amend this Third-Party Complaint with the true names of the Third-Party Defendants.

## Jurisdiction and Venue

21. This Court has jurisdiction under 28 U.S.C. § 1367(a). This Court has original jurisdiction over the claim giving rise to this Third-Party Complaint under 28 U.S.C. § 1331.

22. Venue in this judicial district is proper under 28 U.S.C. § 1391. A substantial portion of the events giving rise to Plaintiff's claims occurred in this district, and on information and belief one or more of the Prescriber Defendants are residents of this district.

## Factual Background

23. The Trumbull County Pharmacy Defendants incorporate the allegations of paragraphs 1 through 22 above and reallege them as if set forth verbatim herein.

24. Plaintiff initially filed its lawsuit against certain of the Trumbull County Pharmacy Defendants in December 2017. It amended its complaint in March 2019, and filed the operative, supplemental and amended complaint, in June 2020.

25. The Trumbull County Pharmacy Defendants answered the Supplemental and Amended Allegations in the Track 3 complaints, on September 21, 2020. Each Trumbull County

Pharmacy Chain denied all liability to Plaintiff. Doc. Nos. 3490, 3488, 3489, 3491, 3492, 3495, 3493, 3494, 3498, 3497. The Trumbull County Pharmacy Defendants also filed a motion to dismiss, which the Court denied. *See* Doc. Nos. 3340, 3403.

26. As explained above, Plaintiff's case theory is that the opioids crisis in Trumbull County can be traced to prescriptions filled by pharmacists working for the Trumbull County Pharmacy Defendants—but, for some reason, not pharmacists working at any of the many other independent and chain pharmacies that also dispensed opioid medications in the County, or anyone else involved in dispensing prescription opioids medications in Trumbull County. Plaintiff's core assertion is that these pharmacists allegedly filled prescriptions for opioid medications that they should not have filled, ultimately resulting in harm to Plaintiff and/or a public nuisance. Plaintiff has not identified even one such prescription, but still claims that the Trumbull County Pharmacy Defendants (but no other pharmacies or healthcare providers) are at fault and liable to Plaintiff.

27. Prescriptions filled by the Trumbull County Pharmacy Chains were written by physicians and other authorized healthcare practitioners who were duly licensed by the State of Ohio[2] to practice medicine (or in an affiliated field) and registered by the Drug Enforcement Administration. Plaintiff does not allege that a pharmacist working for any of the Trumbull County Chain Pharmacies ever dispensed a prescription opioid medication without a facially valid prescription written by a licensed and registered doctor or other practitioner.

28. All prescriptions issued by practitioners and filled by the Trumbull County Chain Pharmacies were reported to OARRS.  At all times, both the State of Ohio and the DEA could

---

[2] In an unusual case, the prescriber may practice in another state, in which case he or she would need to be licensed by the local state medical board.

suspend or revoke any practitioner's ability to prescribe controlled substances if they had any concern about his or her prescribing practices. What is more, Plaintiff itself had the ability to pursue criminal penalties against a practitioner engaged in misconduct that affected Trumbull County or its residents.

29. Every prescription for a controlled substance amounts to an affirmative representation by the prescriber to the pharmacist that the prescription is proper in all respects, that it was issued for a legitimate medical purpose, and that it was issued by the prescribing practitioner acting in the usual course of his or her professional practice. *See* 21 C.F.R. § 1306.04(a).

30. While pharmacists exercise a "corresponding responsibility" with respect to dispensing, they do not and cannot examine patients, take patients' medical histories, diagnose patients' medical conditions, or prescribe treatment. Without the prescriber's specialized medical training and knowledge, and familiarity with the patient and his or her medical history, a pharmacist will not be in a better position than the licensed and registered prescribing doctor or other practitioner to determine when a specific medication, including a prescription opioid medication, is appropriate therapy for a particular patient.

31. It is never permissible for a prescriber to write or otherwise authorize a prescription for a controlled substance except for a legitimate medical purpose and in the usual course of his or her professional practice. It is likewise never permissible for a prescriber to represent to a pharmacist, through the prescriber's signature or other authorization, that a prescription is proper, that it was issued for a legitimate medical purpose, and that it was issued in the usual course of his or her professional practice when it was not.

32. Plaintiff alleges that the Trumbull County Pharmacy Defendants are liable in connection with the opioids crisis in Trumbull County because their pharmacists filled certain prescriptions that they allegedly should not have filled. Absent a criminal act of forgery—which Plaintiff does not allege—every one of the prescriptions at issue was written and/or authorized by one of the Prescriber Defendants.

33. The Trumbull County Pharmacy Defendants deny Plaintiffs allegations and deny they are liable in any respect. But if the Trumbull County Pharmacy Defendants were to be found liable to Plaintiff because their pharmacists filled these prescriptions, it would be only because the pharmacists relied in good faith on facially valid prescriptions written and/or authorized by one of the Prescriber Defendants.

34. Defending against Plaintiff's lawsuit has already caused the Trumbull County Pharmacy Defendants to suffer harm in the form of attorneys' fees and other defense costs, which they continue to incur every day. In addition, if the Trumbull County Pharmacy Defendants were to be found liable to Plaintiff, they would suffer additional harm in the form of damages or other remedies, all because their pharmacists reasonably relied in good faith on prescriptions written and/or authorized by one of the Prescriber Defendants and filled those prescriptions.

### Count One: Negligent Misrepresentation

35. The Trumbull County Pharmacy Defendants incorporate the allegations of paragraphs 1 through 34 and reallege them as if set forth verbatim herein.

36. Each of the Prescriber Defendants, in the course of his or her business and profession, had a special relationship with each of the Trumbull County Pharmacy Defendants and/or the pharmacists employed by the Trumbull County Pharmacy Defendants. By issuing prescriptions, the Prescriber Defendants provided information about which medications should

be dispensed to particular patients. They provided this information as guidance for the Trumbull County Pharmacy Defendants and/or pharmacists employed by the Trumbull County Pharmacy Defendants.

37. With each prescription for a controlled substance, the Prescriber Defendants represented that the prescription was proper, was issued for a legitimate medical purpose, and was issued in the usual course of the Prescriber Defendant's professional practice. Among other things, pharmacists employed by the Trumbull County Pharmacy Defendants must, in their practice of pharmacy, rely on prescriptions written by Prescriber Defendants in order to dispense medicine to patients.

38. If a pharmacist employed by one of the Trumbull County Pharmacy Defendants ever filled a prescription that was not for a legitimate medical purpose, was not written in the usual course of a prescriber's professional practice, or was otherwise improper, the pharmacist did so only because of his or her reasonable reliance on an affirmative representation by one of the Prescriber Defendants that the prescription was proper to fill, including being for a legitimate medical purpose and written in the usual course of the Prescriber Defendant's professional practice.

39. In each such case, while the pharmacist employed by one of the Trumbull County Pharmacy Defendants justifiably relied on at least one of the Prescriber Defendant's representations, the Prescriber Defendant failed to exercise reasonable care or competence in making those representations, resulting in the pharmacist allegedly filling a prescription that should not have been filled.

40. In such a case, as a direct and proximate result of the pharmacist's reasonable reliance on the Prescriber Defendant's affirmative representation that the prescription was proper

to fill, including being for a legitimate medical purpose and written in the usual course of the Prescriber Defendant's professional practice, the Trumbull County Pharmacy Defendants have suffered damages in an amount to be proven at trial.

## Count Two: Common Law Negligence

41. The Trumbull County Pharmacy Defendants incorporate the allegations of paragraphs 1 through 40 and reallege them as if set forth verbatim herein.

42. Each Prescriber Defendant had a duty to patients and dispensing pharmacies to exercise due care in their prescribing decisions and practices. Each Prescriber Defendant needed to ensure that every prescription for an opioid medication was proper in all respects, including being issued for a legitimate medical purpose and in the usual course of the Prescriber Defendant's professional practice.

43. To the extent that a Prescriber Defendant ever wrote a prescription for an opioid medication other than for a legitimate medical purpose, outside the usual course of the Prescriber Defendant's professional practice, or that was otherwise improper, the Prescriber Defendant breached his or her duties and acted negligently.

44. If a pharmacist employed by one of the Trumbull County Pharmacy Defendants ever filled a prescription that was not for a legitimate medical purpose, was not written in the usual course of the prescriber's professional practice, or that was otherwise improper, the pharmacist did so only as a result of the negligence of one of the Prescriber Defendants.

45. In such a case, as a direct and proximate result of the Prescriber Defendant's negligence, the Trumbull County Pharmacy Defendants have suffered damages in an amount to be proven at trial.

**Count Three: Intentional Fraud**

46. The Trumbull County Pharmacy Defendants incorporate the allegations of paragraphs 1 through 45 and reallege them as if set forth verbatim herein.

47. Pharmacists employed by the Trumbull County Pharmacy Defendants would never knowingly dispense a prescription opioid medication without a valid prescription.

48. If a pharmacist employed by one of the Trumbull County Pharmacy Defendants ever filled a prescription that was not for a legitimate medical purpose, was not written in the usual course of the prescriber's professional practice, or was otherwise improper, the pharmacist did so only because of his or her reasonable reliance on an affirmative representation by one of the Prescriber Defendants that the prescription was proper to fill, including being for a legitimate medical purpose and written in the usual course of the Prescriber Defendant's professional practice.

49. These representations were material to the transactions at hand—without such a prescription and the affirmative representations by a Prescriber Defendant embedded therein, the pharmacist would not have filled the prescription.

50. On information and belief, in certain cases, a Prescriber Defendant affirmatively misrepresented that a prescription was proper, was issued for a legitimate medical purpose, and/or was issued in the usual course of the Prescriber Defendant's professional practice, and did so with knowledge of the representations' falsity, or with such utter disregard as to whether they were true or false that knowledge may be inferred.

51. In such a case, the representations were made with the intent that a pharmacist would rely upon the Prescriber Defendant's misrepresentations and subsequently fill the prescription.

52. In such a case, the pharmacist employed by one of the Trumbull County Pharmacy Defendants reasonably relied on the Prescriber Defendant's representations and medical expertise.

53. In such a case, as a direct and proximate result of the pharmacist's reasonable reliance on the Prescriber Defendant's affirmative representation that the prescription was proper to fill, including being for a legitimate medical purpose and written in the usual course of the Prescriber Defendant's professional practice, the Trumbull County Pharmacy Defendants have suffered damages in an amount to be proven at trial.

### Count Four: Indemnification

54. The Trumbull County Pharmacy Defendants incorporate the allegations of paragraphs 1 through 53 and reallege them as if set forth verbatim herein.

55. Each Prescriber Defendant had a duty to patients and dispensing pharmacies to exercise due care in their prescribing decisions and practices. Each Prescriber Defendant needed to ensure that every prescription for an opioid medication was proper in all respects, including being issued for a legitimate medical purpose and in the usual course of the Prescriber Defendant's professional practice.

56. To the extent that a Prescriber Defendant ever wrote a prescription for an opioid medication other than for a legitimate medical purpose, outside the usual course of the Prescriber Defendant's professional practice, or that was otherwise improper, the Prescriber Defendant breached his or her duties and acted negligently or engaged in intentional misconduct.

57. If a pharmacist employed by one of the Trumbull County Pharmacy Defendants ever filled a prescription that was not for a legitimate medical purpose, was not written in the usual course of the prescriber's professional practice, or was otherwise improper, the pharmacist

did so only as a result of the negligence or intentional misconduct of one of the Prescriber Defendants.

58. In such a case, the Prescriber Defendant's negligence or intentional misconduct was the primary cause—the active negligence—in the ultimate result of improper opioid prescriptions and/or the dispensing of opioid medications in response to prescriptions that allegedly should not have been filled. Even if there was negligence on the part of one of the Trumbull County Pharmacy Defendants or a pharmacist employed by one of the Trumbull County Pharmacy Defendants—which the Trumbull County Pharmacy Defendants expressly deny—such negligence was at most passive and unknowing negligence in comparison to the Prescriber Defendant's active negligence.

59. If the Trumbull County Pharmacy Defendants were to be found liable to Plaintiff, the Trumbull County Pharmacy Defendants would have incurred liability without fault and/or as a result of acts committed by the Prescriber Defendants and/or for wrongs committed by the Prescriber Defendants, giving rise to an obligation of indemnification by the Prescriber Defendants in an amount to be determined at trial.

### Count Five: Contribution

60. The Trumbull County Pharmacy Defendants incorporate the allegations of paragraphs 1 through 59 and reallege them as if set forth verbatim herein.

61. Federal Rule of Civil Procedure 14 provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

62. For the reasons set forth above, the Prescriber Defendants are or may be liable to the Trumbull County Pharmacy Defendants with respect to Plaintiff's claims against the Trumbull County Pharmacy Defendants.

63. If the Trumbull County Pharmacy Defendants were to be found to owe duties to Plaintiff and were to be found liable to Plaintiff, then so too would the Prescriber Defendants owe duties to Plaintiff, have breached those duties, and be liable to Plaintiff.

64. If the Trumbull County Pharmacy Defendants were to be found liable to Plaintiff, the Prescriber Defendants would be joint alleged tortfeasors in comparison to whom the Trumbull County Pharmacy Defendants would be held responsible for more than their share of a common liability and/or liability that should have been allocated exclusively to one or more of the Prescriber Defendants, giving rise to a right of contribution against the Prescriber Defendants in an amount to be determined at trial.

### **Prayer for Relief**

The Trumbull County Pharmacy Defendants respectfully request that the Court enter judgment in favor of the Trumbull County Pharmacy Defendants and against the Prescriber Defendants, and each of them jointly and severally, as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Attorney's fees, costs, and pre- and post-judgment interest; and

C. Such other and further relief as may be appropriate under applicable law.

### **Jury Demand**

The Trumbull County Pharmacy Defendants demand a jury trial on all issues so triable.

Dated: October 5, 2020                                Respectfully submitted,

/s/ Eric R. Delinsky (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Ste. 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc. and Ohio CVS Stores, LLC*


/s/ Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6612
kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5917
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid Hdqtrs. Corp. and Rite Aid of Ohio, Inc.*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

*Counsel for Walgreen Co.*


/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
(412) 471-3490
rbarnes@marcus-shapira.com
livingston@marcus-shapira.com
kobrin@marcus-shapira.com

*Counsel for Giant Eagle, Inc.*

/s/ Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that this 5th day of October 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Robert M. Barnes
Robert M. Barnes
