# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | **MDL NO. 2804** |
| THIS DOCUMENT RELATES TO: | **Case No. 17-md-2804** |
| *Jennifer Artz, et al. v. Endo Health Solutions Inc., et al.*, Case No. 1:19-OP-45459 | **Judge Dan Aaron Polster** |
| *Michelle Frost, et al. v. Endo Health Solutions Inc., et al.*, Case No. 1:18-OP-46327 | |
| *Salmons v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45268 | |

**ASSERTIO THERAPEUTICS, INC. (f/k/a DEPOMED, INC.)'S
<u>OPPOSITION TO NAS GUARDIANS' MOTION FOR CLASS CERTIFICATION</u>**

Plaintiffs would have this Court drag Assertio into two class actions notwithstanding the fact that Plaintiffs have produced nothing to show Assertio had any connection with any of Plaintiffs' claims. Plaintiffs barely mention Assertio in their motion. Their fact sheets, expert reports, and depositions of class representatives and experts are virtually silent as to Assertio. The record makes plain that Plaintiffs have indiscriminately sued Assertio without any regard for whether Assertio is a proper defendant based on the law or the facts. Assertio should not simply be swept along in the current of this litigation. Therefore, Assertio submits this individual opposition to highlight the facts unique to Assertio which demonstrate that there is no basis to include Assertio in any proposed class action.

Assertio is a small, specialty pharmaceutical company involved in relatively few opioid cases nationwide. In this set of cases, Assertio is included only in the alleged California and Ohio statewide classes, and only as to some of the claims in those cases. The motion for class certification mentions Assertio by name only to identify it as a defendant. But identifying a party as a defendant is not enough. A class may not be certified as to a defendant if the putative class representative lacks standing to assert a claim against that defendant. *See Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 951 (N.D. Ohio 2009) (Polster, J.) (where named representatives "do not have standing to represent the class, the Court could deny class certification solely on these grounds"), *aff'd*, 395 F. App'x 152 (6th Cir. 2010).

The facts plainly establish that the putative class representatives cannot possibly establish that their alleged injuries are traceable to any actions taken by Assertio:

1) Assertio marketed only two opioid medications for a brief period of time—July 2013 through December 2017;

2) none of the children of the proposed NAS class representatives (the "NAS Children") was ever exposed to an opioid product marketed by Assertio;

3) all but one of the NAS Children were born *before* Assertio entered the opioid market, and

1

the remaining child's birth mother began using opioids *before* Assertio entered the market;

4) none of Plaintiffs' fact sheets produced in connection with the proposed class certification mentions Assertio or its products; and

5) the voluminous reports and depositions of Plaintiffs' experts fail to include any opinions about Assertio or its products, or even the slightest suggestion of a connection between Assertio and any of the Plaintiffs' alleged injuries.[1]

The class representatives' lack of any valid claim against Assertio also precludes a finding that any of the Rule 23 requirements are satisfied as to Assertio. The NAS Guardians' motion for class certification should be denied.[2]

## STATEMENT OF FACTS

Assertio first began marketing any opioid product in July 2013, when it acquired the right to market an FDA-approved opioid drug Lazanda. *See* Ex. A, Declaration of J. K. Borgerding ¶ 2, App. at 1–3. In April 2015, Assertio acquired the right to market FDA-approved opioid drugs Nucynta and Nucynta ER (collectively, "Nucynta"). *Id.* Assertio divested its rights to market Lazanda and Nucynta in November 2017 and December 2017, respectively. *Id.*

The complaints in the above-captioned cases allege that several dozen defendants are responsible for the NAS Children's *in utero* exposure to opioids, but neither complaint alleges that the birth mother of a specific NAS child took either of Assertio's opioid medications. Indeed, apart from identifying Assertio as a defendant, Plaintiffs do not say anything at all about Assertio in their class certification motion. *See* Doc. 3066 at 6; Doc. 3066-2 at 5; Doc. 3066-3 at 6.

Plaintiffs seek to include Assertio as a defendant in the proposed Ohio and California statewide classes and related alternative subclasses, all of which include children born after May

---

[1] *See* Doc. 3067-5 (report of Dr. Kanwaljeet S. Anand); Doc. 3067-6 (report of Dr. Charles L. Werntz, III); Doc. 3067-7 (report of Dr. C. V. Howard).

[2] The Defendants' Joint Opposition to NAS Plaintiffs' Motion for Class Certification (the "Joint Opposition") demonstrates the impropriety of class certification as to any Defendant. Assertio adopts the arguments set forth in the Joint Opposition, which also demonstrate that Plaintiffs' class certification motion should be denied.

2

9, 2000. *See* Doc. 3066 at 5–12. Plaintiffs do not assert either of their two federal RICO causes of action against Assertio,[3] and they do not seek to include Assertio as a defendant in their proposed nationwide classes. *See id.* at 1–4.

Additionally, the evidentiary record developed by Plaintiffs during class certification discovery does not contain a shred of evidence regarding Assertio. *See supra* pp. 1–2. Regarding the NAS Children of the California class representatives, the evidence conclusively establishes that each of them was born *before* Assertio began marketing any opioid product.[4] Regarding the NAS Children of the Ohio class representatives, the evidence conclusively establishes that Child P.P.R.P. was born in ▇—years *before* Assertio entered the market.[5] And although Child D.F. was born in ▇,[6] Child D.F.'s mother never took any opioid product marketed by Assertio,[7] had never heard of any such drug,[8] and began taking opioid drugs *before* Assertio began marketing any opioid drug.[9]

## ARGUMENT

### I. Named representatives in a class action must have claims against *each* defendant.

The class certification requirements under Rule 23 are set forth in detail in the Defendants' Joint Opposition. It bears emphasizing here that Plaintiffs must establish standing, as well as the

---

[3] *See* Case No. 1:18-op-46327-DAP, Doc. 41, Third Amended Complaint ¶¶ 409–12; Case No. 1:19-op-45459-DAP, Doc. 8, Second Amended Complaint ¶¶ 409–12.

[4] Child R.R. was born on ▇ Ex. B, Child R.R. Birth Cert., App. at 4–5. Child C.G. was born on ▇ *See* Ex. C, Child C.G. Birth Cert., App. at 6–7. Although Melissa Barnwell bases her claims on injuries to Child C.G. and not Child E.G, *see* Doc. 3066-1 at 8, Assertio notes that Child E.G. was born on ▇ —before Assertio began marketing any opioid product. *See* Ex. D, Child E.G. Birth Cert., App. at 8–9.

[5] *See* Ex. E, Sept. 1, 2020 Deposition of Ashley Poe at 89–90, App. at 16–17.

[6] *See* Ex. F, Child D.F. Medical Records, App. at 20–21.

[7] *See* Ex. G, Jan. 24, 2020 Deposition of ▇ ("▇ Dep.") at 127–30, App. at 25–28; *see also* Ex. H, Frost Fact Sheet at 8–9, App. at 43–44.

[8] *See* Ex. G, ▇ Dep. at 221, App. at 32.

[9] *See id.* at 130–33, App. at 28–31 ▇ *see also* Ex. I, Feb. 10, 2020 Deposition of Michelle Frost at 53, App. at 56 ▇

3

requirements for class certification under Rule 23, with respect to *each* defendant. *See Thompson v. Bd. of Educ. of Romeo Cmty. Schs.*, 709 F.2d 1200, 1204–06 (6th Cir. 1983) (reversing class certification where plaintiffs lacked "standing to sue the defendant school boards for which they have not worked"); *Dash v. FirstPlus Home Loan Owner Tr. 1996-2*, 248 F. Supp. 2d 489, 504 (M.D.N.C. 2003) ("In a multi-defendant action or class action, the named plaintiffs must establish that they have been harmed by each of the defendants."); *see also* Joint Opposition § I.D.4. A class representative cannot simply name a defendant based on the theoretical possibility that some unnamed class member might have a claim against that defendant. *See Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 996 (D. Md. 2002) (Plaintiffs' "categorization of their suit as a putative class action in no way cures this defect [of lack of standing]. . . . Otherwise, any plaintiff could sue a defendant against whom the plaintiff has no claim in a putative class action, on the theory that some member of the hypothetical class, if a class were certified, might have a claim." (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976))), *aff'd*, 92 F. App'x 933 (4th Cir. 2004) (per curiam).

**II. Class certification is improper as to Assertio because no named representative has a claim against Assertio.**

None of the putative class representatives has alleged—or can allege—an injury arising from the conduct of Assertio, and thus, the Court cannot certify any class against Assertio.

Assertio did not begin marketing any opioid drug until July 2013. *See supra* p. 2. This means that none of the class representatives (or potential class members) whose claims are based on alleged injuries to NAS Children born before July 2013 can possibly show that they were harmed by Assertio. Accordingly, the named representatives whose claims are based on Children P.P.R.P., R.R., C.G., and E.G. lack standing to sue Assertio.

That leaves Child D.F. as the lone NAS Child of the proposed class representatives with a

birth date that suggests even the theoretical possibility of a plausible claim against Assertio. But although Child D.F. was born after Assertio began marketing its two opioid medications, the alleged injuries to Child D.F. and his legal guardian, Michelle Frost, cannot be attributable to Assertio because the record establishes that Child D.F.'s birth mother, ▮▮▮▮, never took an opioid product marketed by Assertio. *See supra* p. 3. Moreover, the evidence conclusively establishes that ▮▮ began to use and became addicted to opioids *before* Assertio's July 2013 entry into the opioid market. *See supra* p. 3. Based on the record, Assertio's marketing activities could not have caused or contributed to ▮▮ opioid addiction, much less any alleged injury to Child D.F. or Frost. Thus, as with the other named class representatives, Frost does not have a plausible claim against Assertio and therefore cannot serve as a class representative as to Assertio.

The fact that class representatives lack a valid claim against Assertio also means that the Rule 23(a) and Rule 23(b) requirements cannot be satisfied as to Assertio. In particular, because the class representatives have no potential claim against Assertio, they cannot establish (1) that their claims are typical of the claims of the class, *see* Joint Opposition § I.A.3, (2) that they share common interests with and can adequately represent the class, *see id.* § I.D, (3) that common questions predominate over individual issues, *see id.* § II.B.1, or (4) that a class-wide trial involving necessarily individualized questions of law and fact could be manageable, *see id.* § II.B.2. Class certification is therefore foreclosed as to Assertio.

## CONCLUSION

For the reasons set forth herein, Assertio respectfully asks that the Court deny certification of any class against Assertio and award any and all other relief to which Assertio may be entitled.

Date: October 9, 2020        Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*
    Kevin M. Sadler
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    Scott D. Powers
    Texas Bar No. 24027746
    scott.powers@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    98 San Jacinto Blvd., Suite 1500
    Austin, Texas 78701
    (512) 322-2500 (Telephone)
    (512) 322-2501 (Facsimile)

ATTORNEYS FOR DEFENDANT ASSERTIO THERAPEUTICS, INC. F/K/A DEPOMED, INC.

## CERTIFICATE OF SERVICE

      I certify that I caused a true and correct copy of the foregoing document to be electronically filed on October 9, 2020, which will transmit service electronically through the Court's CM/ECF system to all counsel of record.

                                            */s/ Kevin M. Sadler*
                                            Kevin M. Sadler