# EXHIBIT 2

| | |
|---|---|
| **From:** | 2804 Discovery, MDL |
| **To:** | MDL 2804 |
| **Subject:** | FW: EXTERNAL-Rite Aid Jurisdictional Discovery |
| **Date:** | Monday, March 2, 2020 2:05:14 PM |

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Monday, March 2, 2020 8:01:39 PM
**To:** Moore, Kelly A. <kelly.moore@morganlewis.com>; Weinberger, Peter H.
<PWeinberger@spanglaw.com>; Lavelle, Jr., John P. <john.lavelle@morganlewis.com>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; EXT Track1BDefendants
<EXT_Track1BDefendants@jonesday.com>
**Subject:** Re: EXTERNAL-Rite Aid Jurisdictional Discovery

Following today's telecon with the parties to discuss the issues raised in the email thread
below, I now submit the following rulings and clarifications.

**FIRST**

   Rite Aid may file a motion for reconsideration of Judge Polster's Order Regarding
Jurisdictional Discovery (docket no. 3180) ("Order-3180") on or before Wednesday March 4,
2020.  Order-3180, however, is modified as set forth below; accordingly, arguments for
reconsideration must take into account the following rulings and clarifications.  Moreover,
unless and until the Court grants a motion for reconsideration, the parties must proceed in
accordance with Order-3180 as modified below.

**SECOND**

   Order-3180 states that "RAC shall respond to written discovery previously served on
October 29, 2019, and also the requests for productions made in Mr. Weinberger's email,"
and shall do so by March 2, 2020.  Order-3180 at 3.  *This deadline is hereby extended by 32
days to April 3, 2020.*

**THIRD**

Regarding "the requests for productions made in Mr. Weinberger's email," the Special Master
clarifies that these requests are as follows:

   a. Documents sent to or received by RAC's Board of Directors, and/or any of the Board's
Committees,**\*** during the relevant period, regarding: (1) opioid dispensing policies, (2) opioid
distribution policies, (3) risk assessment and management related to distribution/dispensing of
opioids; and (4) compliance with laws and regulations, and policies and procedures, governing
opioids. [Note that all four of these categories are limited to **opioid** subject matter.]  These
documents include (but are not limited to) opioid-related documents sent to the Board and/or
its Committees by (a) internal subject matter experts,**\*\*** (b) external advisors, (c) Rite Aid's

head of compliance and Rite Aid's Group Vice President of Privacy, Compliance and Internal Assurance; and (d) Rite Aid's General Counsel, to the extent those documents are not privileged.

b. The names and titles of all of the individuals who, during the relevant period, comprise: (1) RAC's Board of Directors and/or any of the Board's Committees and sub-committees who sent or received the above-described documents; and (2) the experts, advisors, and others who sent the above-described documents;

c. The case captions, including jurisdiction and case number, of any case in which RAC was a named defendant and argued the court had no personal jurisdiction over RAC.
-----
**\*** For example: the Audit Committee; the Compensation Committee; the Nominating and Governance Committee; the Corporate Compliance Committee (and its Human Resources, Data Protection, and Pharmacy Compliance subcommittees).  As noted above, documents sent (for example) to the Data Protection Subcommittee by an external advisor that do ***not*** address opioids do ***not*** have to be produced.

**\*\*** For example, internal experts on: Pharmacy Operations, Legal, Regulatory Affairs, Human Resources, Internal Assurance & Compliance Monitoring, and Risk Management.


**FOURTH**

All of the other dates in the last paragraph of Order-3180 are also extended by 32 days.


-David


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Moore, Kelly A. <kelly.moore@morganlewis.com>
**Sent:** Thursday, February 27, 2020 3:38 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; EXT Track1BDefendants <EXT_Track1BDefendants@jonesday.com>
**Subject:** FW: EXTERNAL-Rite Aid Jurisdictional Discovery

Special Master Cohen,

I am about to board a plane and will be largely unavailable for the rest of the day.  To address your two questions:

First, the documents listed at the end of my email are Rite Aid Hdqtrs Corp documents concerning the policies that are referenced in the 2018 Rite Aid Corporation's Report to Stockholders.

Second, as to the part you quoted from my email, Judge Polster's order states: "bullet number 5 above should be construed to encompass all of the documents already requested by Plaintiffs in Mr. Weinberger's Feb. 14, 2020, 8:04 AM email to Ms. Moore."  That email (attached) was not a formally-served discovery request that we had an opportunity to object to, and it far exceeds all of the requests in the October 29 document requests and far exceeds "policies and procedures" listed in bullet 5 of the order by including extensive, far reaching and in many instances privileged Board of Director (and sub-committee) materials. The October 29 requests did not request any Board materials and pertained to dispensing conduct—a far cry from what Mr. Weinberger's Feb. 14 email seeks.

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Date:** Thursday, Feb 27, 2020, 2:25 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>, David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>, EXT Track1BDefendants <EXT_Track1BDefendants@jonesday.com>, Moore, Kelly A. <kelly.moore@morganlewis.com>
**Subject:** Re: EXTERNAL-Rite Aid Jurisdictional Discovery

[EXTERNAL EMAIL]
Sorry, another question.  Kelly writes "Rite Aid never formally received any discovery requests from Plaintiffs."  The Judge's order says "RAC shall respond to written discovery previously served on October 29, 2019."  What am I missing?

-d
=========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Thursday, February 27, 2020 1:18 PM
**To:** David R. Cohen (David@SpecialMaster.Law)
<david@specialmaster.law>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; EXT
Track1BDefendants <EXT_Track1BDefendants@jonesday.com>; Moore,
Kelly A. <kelly.moore@morganlewis.com>
**Subject:** FW: EXTERNAL-Rite Aid Jurisdictional Discovery

SM Cohen:

This email borders on the absurd because first Ms. Moore requests
clarification from you and then portends a request for reconsideration to
Judge Polster.  Clarification and reconsideration spells further "delay".

When I sent my email of 2/14/20 to Rite Aid's counsel, a copy of which is
attached, I based it on a RAC document to its shareholders it which it
represented to the shareholders and to the world that RAC oversees the
risks associated with prescription opioids.  If Ms. Moore bothered to read
the email, she would have realized that the requests I made were specific
to opioid dispensing policies and risk management and not a broad array
of documents that have nothing to do with opioids.   And to the extent
that RAC or its subsidiaries have failed to produce the documents
referenced in this shareholder, RAC and its subsidiaries have denied
plaintiffs the right to see to what extent RAC has been involved in the
controls, policies, procedures, risk assessment, or training related to the
dispensing of opioids.   This goes to the heart of the jurisdictional motion
filed by RAC and the fact that it might be merits discovery related to RAC's
subsidiaries as well is irrelevant.   A perusal of the titles of the documents
listed by Ms. Moore when compared to the documents referenced in my
email based upon the shareholder letter must lead one to the conclusion
that not a single document referred to in the letter has yet to be
produced.

Whether these documents prove personal jurisdiction over RAC is not the
issue;  whether they are discoverable is the issue and these documents
clearly are.   The documents should have been retrieved starting in
October, 2019.  The deadline the court has set is reasonable.  Obfuscation
and delay must come to end.  Otherwise, sanctions are warranted.

Pete

**From:** Moore, Kelly A. <kelly.moore@morganlewis.com>
**Sent:** Thursday, February 27, 2020 4:33:35 PM
**To:** David R. Cohen <David@SpecialMaster.Law>

**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>;
EXT_Track1BDefendants@jonesday.com
<EXT_Track1BDefendants@jonesday.com>; Peterson, William R.
<william.peterson@morganlewis.com>
**Subject:** EXTERNAL-Rite Aid Jurisdictional Discovery


Dear Special Master Cohen:

We write to request clarification of the Judge Polster's February 24 order regarding jurisdictional discovery.  Specifically, Judge Polster ordered Rite Aid to produce "policies regarding corporate management to the extent such policies bear on opioid related subsidiaries" and stated that this should be construed to include "the documents already requested by Plaintiffs in Mr. Weinberger's Feb. 14, 2020, 8:04 AM email to Ms. Moore."  To the extent that Rite Aid has been ordered to produce policies regarding opioid dispensing—including those referenced in the Board Report to Stockholders on Oversight of Risk Related to Opioids—Rite Aid has already produced all relevant materials regarding these policies or they are publicly available.  See below for policy Bates numbers or public sources reflecting Rite Aid's practices.

To the extent that the order is understood more broadly—to include Board notes and materials requested by Mr. Weinberger beyond these policies—such as materials within "the custodial files of all of Rite Aid's Board of Directors from 2006 to the present," the order is extraordinarily burdensome and physically impossible to comply with by the Court's deadline.  Many of the materials requested by Mr. Weinberger—such as materials related to reports by Rite Aid's General Counsel to Board Committees—are, on their face, covered by privilege.  Rite Aid estimates that collection, review, and production of the voluminous materials sought by Mr. Weinberger would require months of attorney time. Because Rite Aid never formally received any discovery requests from Plaintiffs, neither you nor the district court (which received no briefing on the issue) had the opportunity to receive briefing regarding the relevance of these requests, their proportionality, or what a reasonable time for response might be.

Please clarify the scope of the Court's order, particularly whether it is intended to require only the production of "policies regarding corporate management to the extent such policies bear on opioid related subsidiaries" or truly intends to include the far broader requests by Mr. Weinberger, which physically could not be produced in any reasonable period of time, much less by Monday.

Regardless of the clarification, Rite Aid intends to seek reconsideration of Judge Polster's order.  The discovery requests are premised on the false assumption that there is some "policy" exception to personal

jurisdiction.  As well-established law makes clear, corporate parents—such as Rite Aid Corporation—are subject to personal jurisdiction based on the activities of their subsidiaries in a state only if the parent corporation is an alter ego of the subsidiary.  Plaintiffs have not alleged that Rite Aid Corporation is the alter ego of any its subsidiaries.  Their theory of jurisdiction based on policies is meritless and unsupported by any authority.

We also intend to note that we had no opportunity to be heard by Judge Polster before he issued his order regarding discovery, particularly on such an accelerated deadline.

Respectfully,

Kelly Moore


Proprietary Prescription Dispensing System/Controlled Substance Validation Process

- Procedures for Validation and Dispensing of High Alert Controlled Substances (Rite_Aid_OMDL_0059009 - Rite_Aid_OMDL_0059014)
- NexGen Automated Red Flag Documentation Process for High Alert Controlled Substances (Rite_Aid_OMDL_0044351 - Rite_Aid_OMDL_0044357)
- NexGen Automated Red Flag Documentation Process for High Alert Controlled Substances (updated January 2019) (Rite_Aid_OMDL_0060196 - Rite_Aid_OMDL_0060202)

NarxCare—Prescription Monitoring Program Analytics Tool

- NarxCare – Prescription Monitoring Program Analytics Tool (Rite_Aid_OMDL_0060626 - Rite_Aid_OMDL_0060634)


Prescription Drug Monitoring Programs

- Procedures for Validation and Dispensing of High Alert Controlled Substances (Rite_Aid_OMDL_0059009 - Rite_Aid_OMDL_0059014) ("All Pharmacists MUST register for access to the PMP/PDMP in their state (where available).").
- Ohio Prescription Monitoring Program (PMP) – OARRS (Rite_Aid_OMDL_0060069 - Rite_Aid_OMDL_0060069)

Proactive Controlled Substance Prescription Review

- Prescriber review program (Rite_Aid_OMDL_0060217)

Early Refill Intercepts

- NexGen Controlled Substance Refill Too Soon Functionality (Rite_Aid_OMDL_0044316 - Rite_Aid_OMDL_0044317)

Access to Critical Opioid Overdose-Reversal Drug/Opioid Overdose Training

- A Naloxone Protocol for Opioid Overdose Prevention and Response (Rite_Aid_OMDL_0045806 - Rite_Aid_OMDL_0045823)

Notice of Fraudulent Prescriber Activity

- E.g., "Fraudulent Promethazine-Codeine Prescriptions – Alert (Rite_Aid_OMDL_0060060)

Patient Education
- Required Opioid and Naloxone Counseling (Rite_Aid_OMDL_0044343 - Rite_Aid_OMDL_0044347)
- Procedures for Dispensing and Counseling of Naloxone Formulations (Rite_Aid_OMDL_0060369 - Rite_Aid_OMDL_0060380)
- Opioid Sticker, Naloxone Signage Refresh, and Narcan Shelf Tag Shipment (Rite_Aid_OMDL_0060238 - Rite_Aid_OMDL_0060239)

Safe Prescription Drug Disposal
- DisposeRx – Safe Opioid Disposal System (Rite_Aid_OMDL_0044291 - Rite_Aid_OMDL_0044295)

National Take-Back Days
- National Prescription Take Back Day Initiative (Rite_Aid_OMDL_0060350 - Rite_Aid_OMDL_0060351)

Good Samaritan Policy
- Rite_Aid_OMDL_0060349 - Rite_Aid_OMDL_0060349

Ongoing Pharmacist Education and Training
- Pharmacist DEA training
  o 2013/2014: Rite_Aid_OMDL_0053094
  o 2015: Rite_Aid_OMDL_0053680 - Rite_Aid_OMDL_0053783
  o 2016: Rite_Aid_OMDL_0055317 - Rite_Aid_OMDL_0055379
  o 2017: Rite_Aid_OMDL_0055419 - Rite_Aid_OMDL_0055488
  o 2018: RA_DR22_0000551 - RA_DR22_0000771
  o 2019: Rite_Aid_OMDL_0060556 - Rite_Aid_OMDL_0060613
- Communications/reminders concerning dispensing of controlled substances
  o Weekly newsletters, e.g., Rite_Aid_OMDL_0058989 - Rite_Aid_OMDL_0058998, Rite_Aid_OMDL_0059805 - Rite_Aid_OMDL_0059809, Rite_Aid_OMDL_0059821 - Rite_Aid_OMDL_0059829
  o Management planners, e.g., Rite_Aid_OMDL_0033911 - Rite_Aid_OMDL_0033912, Rite_Aid_OMDL_0044342, Rite_Aid_OMDL_0044341

Safe Medication Disposal Units
- Available publicly: https://www.riteaid.com/corporate/news/-/pressreleases/news-room/2019/rite-aid-partners-with-google-maps-to-promote-safe-

medication-disposal

KidCents Safe Medication Disposal Program
- Available publicly: https://www.riteaid.com/about-us/the-rite-aid-foundation/kidcents-charity/safe-medication-disposal-program

Drug Safety and Disposal Resource
- Available publicly: https://www.riteaid.com/pharmacy/drug-information/medication-disposal-and-safety.

Youth Education Programs
- Available publicly: https://www.riteaid.com/corporate/news/-/pressreleases/news-room/2019/rite-aid-foundation-launches-new-prescription-drug-safety-initiative-in-akron-area-high-schools

Store Bonus Guides
- FY 2014 Store Bonus Guide
  - Rite_Aid_OMDL_0035153 - Rite_Aid_OMDL_0035159
  - [note: FY 2014 guide does not explicitly exclude controlled substances from script count]
- FY 2015 Store Bonus Guide
  - Rite_Aid_OMDL_0035161 - Rite_Aid_OMDL_0035168
- FY 2016 Store Bonus Guide
  - Rite_Aid_OMDL_0035282 - Rite_Aid_OMDL_0035289
- FY 2017 Store Bonus Guide
  - Rite_Aid_OMDL_0035274 - Rite_Aid_OMDL_0035281
- FY 2018 Store Bonus Guide
  - RA_DR22_0000789 - RA_DR22_0000796
- FY 2019 Store Bonus Guide
  - RA_DR22_0000772 - RA_DR22_0000780

**Kelly A. Moore**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6612 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
kelly.moore@morganlewis.com | www.morganlewis.com
Assistant: Donna C. Weekes | +1.212.309.7172 | donna.weekes@morganlewis.com
DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files  |  Leave group  |  Learn more about Office 365 Groups

Confidential & Privileged
Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.