# EXHIBIT 3

# Morgan Lewis

**Gregory T. Fouts**
Partner
+1.312.324.1776
gregory.fouts@morganlewis.com

July 7, 2020

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
airpino@irpinolaw.com

**VIA ELECTRONIC MAIL**

Re:    In re National Prescription Opiate Litigation - 17-cv-2804-DAP (N.D. Ohio)

Dear Mr. Irpino:

I write on behalf of Rite Aid Corporation ("RAC") and Rite Aid Hdqtrs. Corporation ("RAHC") in response to your letter dated July 1, 2020, and to follow up on issues the PEC raised during our June 30, 2020 meet and confer.

**Redacted Versions of Fully Withheld Documents.**  The PEC asked Rite Aid to produce redacted versions of documents withheld on the basis of privilege that would show the "title of the document as well as any header or logo maintained on the document."  We have re-reviewed the RAHC Compliance Committee and Pharmacy Compliance Sub-Committee documents withheld as privileged and these documents do not contain logos, cover pages, or any information in their titles concerning a specific Rite Aid entity.  And while Rite Aid understands the PEC's request to be limited to RAHC's Compliance Committee and Pharmacy Compliance Sub-Committee materials, please note that generally, Board of Directors and Audit Committee documents produced in redacted form were produced with their title pages unredacted, except for documents collected in hardcopy.  Fully withheld documents relating to the Board of Directors and Audit Committee are affiliated with Rite Aid Corporation.  To the extent these fully withheld documents contain title pages or entity information, Rite Aid declines to produce redacted versions because these documents have properly been withheld as privileged.

**Morgan, Lewis & Bockius LLP**

77 West Wacker Dr.
Chicago, IL  60601-5094
United States

☎ +1.312.324.1000
🖷 +1.312.324.1001

July 7, 2020
Page 2

**Identification of Attorneys.**  The PEC asked whether Rite Aid's privilege claims regarding RAHC's Compliance Committee and Pharmacy Compliance Sub-Committee documents are based on attorneys' presence at these committees' meetings.  Rite Aid's privilege claims are based on (i) the fact that attorneys sat on these committees and attended these meetings to give legal advice to the committees in their capacity as attorneys; and/or (ii) the committee materials reflect communications with counsel or discussions of ongoing legal and regulatory matters.  For example, meeting minutes may reflect a privileged communication between a committee member and counsel concerning an opioid-related litigation matter.

The PEC also asked whether Rite Aid would identify attorneys giving rise to the privilege claims involving RAC's Board of Directors or Audit Committee.  Rite Aid responds that the General Counsel was generally present at Board of Directors and Audit Committee meetings, and these materials may also have been withheld for the reasons described above.

**Identification and Confirmation of Authors**.  As discussed during our June 30, 2020 meet and confer, Rite Aid did not provide author information where the author could not be identified through metadata or on the face of the document.  At the PEC's request, we have investigated further and now provide the following information:

- Tony Bellezza presented Document Nos. 62, 69, 71, 79, 86, 91, 97, 102, 113, 117, and 129.
- Andy Palmer presented Document Nos. 159, 166*, 170, 176, 180*, 189, 191*, and 198*.
- Janet Hart likely authored Document No. 145.
- Jim Comitale likely authored Document Nos. 188, 192, and 202.

For the remainder of the documents with no author listed, we could not determine a specific individual who authored or presented that document for the reasons we explained previously.  However, the current process for putting together regulatory updates for the Board of Directors or Audit Committee involves Rite Aid's Director of Compliance, Connie Infantino, working with personnel from various departments (e.g., Regulatory Affairs, Human Resources, etc.) to obtain updates relevant to their departments.  Ms. Infantino compiles this information into a presentation, which is reviewed, edited, and finalized by Andy Palmer prior to presentation to the Board or Audit Committee.  Legal updates presented to the Board of Directors or Audit Committee are generally drafted by members of RAHC's in-house legal team.

**Privilege Descriptions**.  The PEC asked Rite Aid whether Rite Aid would stand on the document descriptions in its April 10, 2020 privilege log.  As discussed in our June 30 call, Rite Aid confirms that it stands on these descriptions because they are legally sufficient.

---

* Jennifer Smith, Director of Internal Assurance Services, is also listed as a presenter for these materials.

July 7, 2020
Page 3

**Production of Additional RAHC Compliance Committee or Pharmacy Compliance Sub-Committee Materials.**  Rite Aid confirms that it has not produced other RAHC Compliance Committee or Pharmacy Compliance Sub-Committee materials.

**Documents Withheld that Reference SOMS.**  The PEC asked whether any materials or information withheld by Rite Aid refer to Suspicious Order Monitoring Systems. Document Nos. 66, 70, 74, 84, 89, 90, 92 and 96 reference Suspicious Order Monitoring Systems.

**Production of Final Versions of Draft Documents.**  The PEC also asked whether any documents Rite Aid withheld on the basis of privilege are draft documents, final versions of which have been produced.  No documents withheld or redacted fit this description.

**Additional Documents.**  We are reviewing custodial data consisting of Tony Bellezza's emails and documents, and have initiated requests for documents related to the Human Resources and Data Protection Sub-Committees, and will produce responsive documents and/or supplement Rite Aid's April 10, 2020 privilege log as soon as possible.  Certain other documents remain inaccessible because they are maintained in hard copy at Rite Aid's headquarters, which remain closed due to the COVID-19 pandemic, such as Audit Committee documents from September 2011 to March 2012 (to the extent they exist).

**Names of Internal and External Advisors or Experts.**  With respect to the PEC's request for names of internal and external advisors or experts, Rite Aid notes that Special Master Cohen's March 2, 2020 order requires disclosure of "names and titles of all of the individuals who, during the relevant period, comprise . . . the experts, advisors, and others who *sent*" documents "*received by* RAC's Board of Directors, and/or any of the Board's Committees . . . regarding: (1) opioid dispensing policies, (2) opioid distribution policies, (3) risk assessment and management related to distribution/dispensing of opioids; and (4) compliance with laws and regulations, and policies and procedures, governing opioids" (emphasis added).  Rite Aid has complied with this portion of the order, and has explained the process by which materials were sent to the Board.  The PEC now requests the names of individuals who did not send opioid-related materials to the Board, but only provided content or information relevant to their departments for inclusion in these documents (and even appears to request documents that were prepared by internal or external advisors but were never sent to the Board).  This request exceeds the clear terms of Special Master Cohen's order.

**Other Matters.**  The remainder of your letter provides the PEC's summary of other issues discussed during our June 30, 2020 meet and confer.  Rite Aid takes no position with respect to the accuracy of this summary, but reiterates the following.  Plaintiffs' questions concerning merits discovery—for example, documents concerning pharmacist training and dispensing policies, prescriber review files, and internal audits of stores at issue in Track 3—do not relate to jurisdictional discovery or to the materials required to be produced under the Court's and Special Master Cohen's orders, and Rite Aid will address these issues in the ordinary course of Track 3 merits discovery.  In addition, Mr. Weinberger's

July 7, 2020
Page 4

questions concerning Tony Bellezza's, Andy Palmer's, and Ron Chima's email signature lines, performance reviews, and paychecks are inappropriate in that they are new requests based on a new theory of personal jurisdiction, and exceed the bounds of jurisdictional discovery that has been ordered.  Rite Aid objects to these requests, and to the broader jurisdictional discovery requests Plaintiffs served without authorization on June 23. Finally, Rite Aid confirms that it will respond to Plaintiffs' 30(b)(6) deposition notice prior to any such deposition taking place.

*        *        *

We look forward to discussing these issues with you during our next meet and confer.


Very truly yours,


*/s/ Gregory T. Fouts*


Gregory T. Fouts

cc:     Peter Weinberger
        Mark Pifko
        Peter Mougey
        Hunter Shkolnik
        Pearl Robertson
        Plaintiffs' Counsel