# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO EASTERN
DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL NO. 2804 |
| DOCUMENT RELATES TO: "*Case Track Three*" | ) ) ) | CASE NO. 1:17-MD-2804 THIS Judge Dan Aaron Polster |

**TRACK THREE PLAINTIFFS' (FIRST) REQUESTS FOR PRODUCTION
TO DEFENDANT RITE AID CORP.**

COMES now the Case Track Three Plaintiffs, LAKE COUNTY and TRUMBULL COUNTY, by counsel, and submit the following discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure to Defendant Rite Aid Corp. ("RAC").

**I.  DEFINITIONS**

1. "You," "Your," or "RAC" means Defendant Rite Aid Corporation and its officers, directors, employees, partners, representatives, agents, divisions, predecessors or successors-in- interest and other persons or entities acting on their behalf or controlled by them. These terms also include any pharmacies providing Rite Aid Corporation with income.

2. "RAHQ" means Defendant Rite Aid Hdqtrs. Corp. ("RAHQ") and its officers, directors, employees, partners, representatives, agents, divisions, predecessors or successors-in- interest and other persons or entities acting on their behalf or controlled by them. These terms also include any pharmacies providing Rite Aid Hdqtrs. Corp. with income.

3. "Cocktail Drugs" means muscle relaxants, stimulants and/or benzodiazepines taken, prescribed, or dispensed in combination with opiate drugs, as defined and set forth in Dkt. 3106, January 27, 2020 Discovery Ruling Regarding Pharmacy Data Production.

1

4. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and, with respect to oral communications, includes any document evidencing such oral communications or in-person meetings. It includes the transmittal of information by any means, including e-mail, SMS, MMS or other "text" messages, messages on messaging apps or communication platforms (e.g. Slack, Microsoft Teams, etc.), messages on "social networking" sites (including, but not limited to, Facebook, Google+, MySpace, Instagram, Snapchat and Twitter), messages through sales platforms (e.g. Salesforce and its partners), shared applications from cell phones or by any other means. "Communications" also shall include, but is not limited to, all originals and copies that are provided by you or to you by others.

5. "Controlled Substances" shall be defined by the Controlled Substances Act.

6. "DEA" means the U.S. Drug Enforcement Agency.

7. "Document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Rule 33. A draft or non-identical copy is a separate document within the meaning of this term. In all events, the definition of "document" shall include "communications" as defined above.

8. "Marketing" refers to any effort undertaken with the goal, at least in part, of increasing sales.

9. "Opioid(s)" means that class of analgesic drugs, legal or illegal, natural or synthetic, including but not limited to the drugs referenced in Plaintiffs' Supplemental and Amended Allegations in the above-referenced matter regardless of schedule designation and whether alone or in combination pill form. Opioid(s) further includes Opioid-related products, including coatings, capsule configurations, delivery systems or mechanisms that include, but are not limited to, anti- abuse, tamper resistance and crush-proof mechanisms and mechanisms to deter immediate release. Opioids include both name-brand and generic products.

10. "Person" means any natural person or any business, legal or governmental entity or association.

11. The term "relating to" shall mean to relate, reference, refer, associate, connect, pertain, compare, concern, have to do with, correspond with, or any other commonly understood meaning of "relating to."

## II. INSTRUCTIONS

1. **Relevant time period:** These requests seek information for the period consistent with *Discovery Ruling 3* (Doc #: 762) (Filed: 07/17/18) except where noted in the requests.

### REQUESTS FOR PRODUCTION

1. All Documents relating to the nature and extent of RAC's relationship with RAHQ, Rite Aid of Maryland, Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center, and Rite Aid of Ohio.

2. All Documents relating to the organizational structure of RAC, including but not limited to:

   a. The composition and roles of its board of directors and its officers, the composition and roles of its committees and subcommittees, and how RAC is organized as a legal entity;

   b. The organizational responsibilities of RAC, including but not limited to the business enterprise(s) in which RAC is engaged;

   c. The nature and status of employees of RAC, including but not limited to, documents showing the number of employees, identity of different departments, locations of employees, and their job responsibilities; and

        d.        The location and ownership of any physical locations such as its headquarters office, including whether any location is shared with any RAC subsidiary, including but not limited to shared office space, facilities and phone numbers.

3.        All Documents relating to the identities, formation, and role of RAC's subsidiaries, including but not limited to:

        a.        The identity of any RAC subsidiaries;

        b.        RAC's relationship with its subsidiaries;

        c.        The extent that RAC exerts control over its subsidiaries; and

        d.        The extent of RAC's operational role in human resources for any of its subsidiaries, including employee payroll operations, performance evaluations, and compensation, and information relating to the sharing/overlap of employees or corporate officers with any of its subsidiaries or parent corporations.

4.        All Documents relating to the extent of RAC's involvement in ensuring regulatory and legal compliance for itself, RAHQ, Rite Aid of Maryland, Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center, Rite Aid of Ohio, Rite Aid pharmacies, Rite Aid distribution centers, or any of its other subsidiaries, including but not limited to:

        a.        RAC's efforts to comply with the Controlled Substances Act, including but not limited to how RAC ensures that its efforts are enforced or implemented at its subsidiaries;

        b.        RAC's efforts to prevent and report diversion of controlled substances including but not limited to how RAC ensures that its efforts are enforced or implemented at its subsidiaries; and

        c.        Interactions or communications relating to controlled substances between RAC and federal, state, or local governmental entities or agencies, such as DEA,

        including but not limited to settlement agreements and investigations or audits into RAC or any of its subsidiaries.

5. All Documents related to RAC's finances, including but not limited to:

    a. The amount of RAC's income derived from its subsidiaries;

    b. The amount of RAC's income derived from business conducted in Ohio, including business conducted by any of its subsidiaries;

    c. The amount of RAC's income derived from its pharmacies;

    d. The amount of RAC's income derived from sales of controlled substances;

    e. RAC's assets and liabilities; and

    f. RAC's financial filings (*e.g.* SEC filings and tax returns), how those financial filings are prepared, who prepares those financial filings, how information is gathered for those financial filings, and where those financial filings are filed.

6. All Documents relating to RAC's retention of corporate records, including retention policies and storage locations.

7. All Documents relating to RAC's relationship with Rite Aid pharmacies, including but not limited to:

    a. RAC's role in conducting audits of Rite Aid pharmacies or distribution centers;

    b. RAC's role in maintaining pharmacy or distribution center records or data;

    c. RAC's role in pharmacy or distribution center licensing or accreditation;

    d. RAC's role in training employees of its subsidiaries' pharmacies or distribution centers; and

    e. RAC's role in developing, formulating, implementing, and enforcing policies and/or procedures for pharmacy operation, including but not limited to, controlled substance dispensing policies.

8. All Documents relating to RAC's role in the Rite Aid entities' response to address the opioid crisis, including but not limited to Rite Aid Corporation's Board Report to Stockholders On Oversight of Risk Related to Opioids and how RAC ensures that its decisions are enforced or implemented at its subsidiaries.

9. All Documents relating to RAC's risk management, including compliance risks, including but not limited to how RAC ensured that its efforts and decisions were enforced or implemented at its subsidiaries.

10. All Documents relating to the nature and extent of RAC's contacts with the State of Ohio, including but not limited to documents related to business transacted in Ohio.

Dated: June 23, 2020                                     Respectfully Submitted,

| LAKE COUNTY | TRUMBULL COUNTY |
|---|---|
| /s/ *Frank Gallucci*<br>Frank Gallucci (0072680)<br>**PLEVIN & GALLUCCI COMPANY, L.P.A**<br>55 Public Square Suite 2222<br>Cleveland, Ohio 44113<br>FGallucci@pglawyer.com<br><br>Hunter Shkolnik<br>Joseph L. Ciaccio<br>Salvatore C. Badala<br>**NAPOLI SHKOLNIK, PLLC**<br>400 Broadhollow Road – Suite 350<br>Melville, New York 11747 | */s/ Frank Gallucci*<br>Frank Gallucci (0072680)<br>**PLEVIN & GALLUCCI COMPANY, L.P.A**<br>55 Public Square Suite 2222<br>Cleveland, Ohio 44113<br>FGallucci@pglawyer.com<br><br>Hunter Shkolnik<br>Joseph L. Ciaccio<br>Salvatore C. Badala<br>**NAPOLI SHKOLNIK, PLLC**<br>400 Broadhollow Road – Suite 350<br>Melville, New York 11747<br><br>Peter H. Weinberger (0022076)<br>**SPANGENBERG SHIBLEY & LIBER LLP**<br>1001 Lakeside Avenue, Ste 1700<br>Cleveland, OH 44114<br>pweinberger@spanglaw.com<br>Plaintiffs' Liaison Counsel |

7

## **CERTIFICATE OF SERVICE**

The foregoing document has been served via email only on June 23, 2020 to the following:

Katherine M Swift, Esq.
Bartlit Beck
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
kate.swift@bartlitbeck.com

Eric Delinsky, Esq.
Zuckerman Spaeder
1800 M Street NW, Suite 1000
Washington, Dc 20036-5807
edelinsky@zuckerman.com

Kelly A. Moore, Esq.
Morgan Lewis
101 Park Avenue
New York, NY 10178
Kelly.Moore@MorganLewis.com

Robert M. Barnes, Esq.
Marcus Shapira
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219
rbarnes@marcus-shapira.com

Tara A. Fumerton, Esq.
Jones Day
77 West Wacker, Ste 3500
Chicago, IL 60601
tfumerton@JonesDay.com

>*/s/Peter H. Weinberger*
>Peter H. Weinberger
>Plaintiffs' Liaison Counsel