## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

THIS DOCUMENT RELATES TO:

*The Track Three Cases*

**MDL No. 2804**

**Case No. 17-md-2804**

**Judge Dan Aaron Polster**

### REPLY IN SUPPORT OF OBJECTIONS TO ORDER REGARDING
### PERSONAL JURISDICTION DISCOVERY OVER RITE AID CORPORATION

In their argument seeking jurisdictional discovery on their unpleaded alter ego theory against Rite Aid Corporation, Plaintiffs ask this Court to disregard black-letter law. As Rite Aid explained, Plaintiffs' alter ego theory of personal jurisdiction is meritless (bordering on frivolous). Plaintiffs do not deny that finding a holding company to be the alter ego of one of its subsidiaries would be unprecedented. This Court should deny jurisdictional discovery, grant Rite Aid Corporation's motion to dismiss, and avoid further waste of the parties' and this Court's time and resources.

Plaintiffs concede that they have not pleaded an alter ego theory of jurisdiction (much less any facts supporting such a theory),[1] but they contend that "the alter ego theory of personal jurisdiction does not need to be explicitly stated in the complaint." Op. at 11. The Sixth Circuit disagrees: "It is axiomatic that the basis for 'hailing' a foreign defendant into court must be clearly articulated when establishing personal jurisdiction," and a plaintiff "'must allege in his pleading the facts essential to show jurisdiction.'" *Malone v. Windsor Casino Ltd.*, 14 F. App'x 634, 636

---

[1] Plaintiffs' suggestion that this argument was waived is meritless. *See* Rite Aid's 7/23/20 Ltr. Mot. for Protective Order Regarding Additional Jurisdictional Discovery, at 7 (noting that the alter ego theory was not pleaded).

Plaintiffs' sole authority—*Microsys Computing, Inc. v. Dynamic Data Sys., LLC*, 2006 WL 2225821, at *4 (N.D. Ohio Aug. 2, 2006)—discusses what a court should consider in ruling on a motion to dismiss. The case says nothing about whether alter ego must be pled.

(6th Cir. 2001) (quoting *McNutt v. General Motors*, 298 U.S. 178, 189 (1936)). This Court should follow the Sixth Circuit's holding and, on this ground alone, deny the discovery and grant the motion.

Even if Plaintiffs' failure to plead alter ego were not fatal, the Special Master correctly recognized that "[b]efore granting jurisdictional discovery, the Court must find Plaintiffs have presented a prima facie basis for asserting jurisdiction." Order at 19 (quoting *Beightler v. Produkte Fur Die Medizin AG*, 2007 WL 2713907, at *4 (N.D. Ohio Sept. 17, 2007)).

To their credit, Plaintiffs do not defend the Special Master's erroneous conclusion that they have presented a prima facie basis for asserting jurisdiction. As Rite Aid detailed in its objections, the alter ego factors confirm that a holding company such as RAC cannot be the alter ego of its subsidiaries.[2] *See Sung Hwan Co., Ltd. v. Rite Aid Corp.*, Index No. 112444/2001 (N.Y. Sup. Ct. Jan. 5, 2015), *aff'd*, 52 N.Y.S. 3d 627 (App. Div. 2017) at 44 (holding that RAC cannot be an alter ego of a subsidiary because it is merely "a holding company that owned investments in subsidiaries"). Nor have Plaintiffs ever addressed the independent, "second-prong of the alter ego theory of personal jurisdiction," which requires "that failure to disregard [their separate identities] would result in fraud or injustice." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 849-50 (6th Cir. 2017)

---

[2] The Special Master's prima facie analysis of alter ego is indefensible. The alter ego factors are facially inapplicable to the relationship between a holding company and a subsidiary:

> There is no plausible allegation that RAHC was undercapitalized for its undertaking or insolvent, no plausible allegation that RAC and RAHC failed to observe corporate formalities, and no plausible allegation that RAC siphoned funds from RAHC. RAC does not even have a bank account—there is nowhere to which it could have "siphoned" any funds.

Doc. 3510 at 12. None of this is disputed by Plaintiffs. Nor do Plaintiffs dispute that, in light of these factors, they cannot possibly satisfy the alter ego test.

Because Plaintiffs do not contend that they established a prima facie case of (or even a plausible argument regarding) alter ego under the law of any state, this Court need not resolve the choice of law dispute, although it is clear that Delaware law applies. None of the cases cited by Plaintiffs (at 16-17) perform any type of choice-of-law analysis. *Cf. Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 604 (6th Cir. 2005) (this Court applies Ohio choice of law, not Ohio substantive law).

(quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015)); accord Doc. 3510 at 12 & n.7 (noting the same requirement under Delaware and Ohio law).[3]  If (as the Special Master held and Rite Aid contends), Plaintiffs were required to present a prima facie basis before the Special Master granted jurisdictional discovery, then it is undisputed that the Special Master erred, and Rite Aid's objections should be sustained.

Instead of defending the Special Master, Plaintiffs urge this Court to overrule Rite Aid's objections on an alternate ground, asking this Court to conclude that the Special Master erred and "was not required to determine whether Plaintiffs had established a prima facie case before he ordered discovery."  Doc. 3528 at 13; *see also id.*  at 12 ("[T]hat is not the applicable standard as to whether jurisdictional discovery should be permitted[.]"); *id.* at 12 ("Rite Aid's invocation of the prima facie standard is premature[.]"); *id.* at 13 n. 4 ("[T]his is not the standard[.]").  According to Plaintiffs, it appears, neither any pleading nor any preliminary showing is required before a court orders exceptionally intrusive and burdensome jurisdictional discovery into an alter ego theory—all plaintiffs need to get this discovery is a hunch and the desire to go on a fishing expedition.

Plaintiffs' criticisms are wrong, and the Special Master stated the rule correctly.  Courts across the country regularly hold that plaintiffs must make a preliminary prima facie showing before ordering such intrusive jurisdictional discovery:  "It is the obligation of the plaintiff to undertake at least enough minimal investigation prior to filing a complaint as to permit it to allege a basis for jurisdiction in the complaint. It would be an abuse of the discovery process to allow

---

[3] Even independent of the "control" prong, Plaintiffs' failure to address the "fraud or injustice" prong mandates that Rite Aid Corporation's motion to dismiss be granted.  *See, e.g.*, *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 465 (N.D. Cal. 2019) (granting a motion to dismiss and denying jurisdictional discovery because nothing in the complaint "mentions a possible inequitable result"—"a plaintiff must plead facts sufficient to demonstrate that conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form"); *Nolte v. CEC Entm't Inc.*, No. CV 19-2463 PA (JPRX), 2019 WL 4543102, at *7 (C.D. Cal. Aug. 2, 2019) ("CEC's showing fails at least the second prong of the alter ego test.").

discovery when the plaintiff fails to meet the minimal jurisdictional requirements." *Milligan Elec. Co. v. Hudson Const. Co.*, 886 F. Supp. 845, 850 (N.D. Fla. 1995).[4]  In the absence of plaintiffs "articulat[ing] with reasonable particularity the requisite disregard of corporate formalities," allowing "'discovery into the alter ego theory of personal jurisdiction would constitute no more than a fishing expedition in the hopes of discovering some basis of jurisdiction.'" *Krausz Indus. Ltd. v. Smith-Blair, Inc.*, 188 F. Supp. 3d 545, 557 (E.D.N.C. 2016) (quoting *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 (4th Cir. 2002)).

The Sixth Circuit has not parted ways with its sister circuits on this issue: "If, in the complaint, it is unrefuted that the court has no jurisdiction, certainly no hearing or further development of the facts is necessary." *Drexel Chem. Co. v. SGS Depauw & Stokoe*, 59 F.3d 170, 1995 WL 376722, at *2 (6th Cir. 1995).  This is Rite Aid's argument.  Based on Plaintiffs' Complaints and on the (limited) facts they allege in response to the motion to dismiss and in their requests for discovery, it is "unrefuted" that this Court lacks jurisdiction over Rite Aid Corporation, and this Court should not permit "hearing or further development of the facts." *Id.*;

---

[4] *FTC - Forward Threat Control, LLC v. Dominion Harbor Enterprises, LLC*, No. 5:19-CV-06590-EJD, 2020 WL 5545156, at *12 (N.D. Cal. Sept. 16, 2020) (allowing jurisdictional discovery only because the plaintiff's "alter ego allegations" regarding the various alter ego factors were "not speculative or conclusory"); *Luc v. Korean Air Lines Co., Ltd.*, No. 1:18-CV-05900-LMM, 2019 WL 7824584, at *2 (N.D. Ga. June 4, 2019) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is not a vehicle for a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction." (quoting *Atlantis Hydroponics. Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013)); *Channel One Russia Worldwide v. Infomir LLC (www.infomirusa.com)*, No. 16CIV1318GBDBCM, 2018 WL 4666069, at *2–3 (S.D.N.Y. Sept. 28, 2018) (granting a motion to dismiss without allowing jurisdictional discovery because "[e]ven '[p]rior to discovery,' a plaintiff must plead 'legally sufficient allegations of jurisdiction'") (quoting *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013)); *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 4d 524, 562 (S.D. Tex. 2017) (denying jurisdictional discovery because the plaintiff "has not met the preliminary showing of jurisdiction"); *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1030 (E.D. Mo. 2015) ("Numerous cases hold that district courts have the discretion to deny jurisdictional discovery when, as here, the complaint fails to make a prima facie case of personal jurisdiction."); *Osborn & Barr Communications, Inc. v. EMC Corp., Inc.*, 4:08-CV-87 CAS, 2008 WL 341664, at *2 (E.D. Mo. Feb. 5, 2008) (noting that it would be an abuse to allow discovery in the absence of a prima facie case); *Ticor Title Ins. of Florida v. Nations Holding Co.*, No. 07-2456-CM, 2008 WL 4427655, at *7 (D. Kan. Sept. 25, 2008) (denying discovery because "on the record before it, the court is able to determine that plaintiffs have failed to meet their burden of establishing a prima facie case" and "[f]urther discovery regarding plaintiffs' alter ego theory is not necessary").

*see also Quantum Sail Design Group, LLC v. Jannie Reuvers Sails, Ltd.*, 2014 WL 266409, at *7
(W.D. Mich. Jan. 23, 2014) (refusing to permit jurisdictional discovery over an entity because
"none of [the plaintiff's] evidence shows, or even suggests, that [the defendant] is an alter ego of
[the other entity]").

The Special Master articulated the correct rule: Jurisdictional discovery, especially into an
alter ego theory, is not allowed as a fishing expedition but is appropriate only if Plaintiffs have
adequately alleged a prima facie case.  Because it is undisputed that Plaintiffs have not done so,
permitting jurisdictional discovery into their alter ego theory would be clear abuse of discretion.

To the extent that jurisdictional discovery is permissible, the scope ordered by the Special
Master is excessive.  Plaintiffs do not deny that the Special Master's Order required Rite Aid
Corporation to produce far more (and more intrusive) jurisdictional discovery than any other
defendant and to produce discovery that exceeds the "appropriate scope" previously set out.  Doc.
3510 (quoting Doc. 3180 at 2-3).

With respect to the proportionality and burden of the ordered discovery, Plaintiffs have no
response.  Their argument is a non-sequitur, contending that that the discovery the Special Master
ordered must be proportional because "the Special Master carefully considered requests related to
each of these and concluded that they addressed the Sixth Circuit factors used to evaluate whether
two companies are alter egos."  Doc. 3528 at 10.  This is no answer—as Rite Aid acknowledged
in its objections, discovery can request relevant information but still be wildly disproportionate to
the need.  *See* Doc. 3510 at 17-18 (discussing means of learning basic information).

Plaintiffs repeat precisely the same error committed by the Special Master, "conflating the
relevance of information with the proportionality of a request for producing all documents relating

to that information." *Id.*  Plaintiffs do not defend this approach to discovery; they simply make the same mistake.

Indeed, Plaintiffs do not deny that only limited, specific facts might be relevant to their alter ego argument.  *See* Doc. 3510 at 17 (explaining that "Plaintiffs could receive [all the information they need] through simple interrogatories").  Plaintiffs' response does not deny this truth—they admit that they seek burdensome document production merely because they "distrust" Rite Aid's interrogatory responses.  Doc. 3528 at 21.  But "distrust" cannot overcome the Rules' requirements of proportionality, and Plaintiffs identify no authority that allows a party—because of its "distrust"—to demand discovery that would otherwise be disproportionate and unavailable.  Nor is such a "distrust" theory found anywhere in the Special Master's analysis.

Plaintiffs also fail to defend the Special Master allowing discovery into *all* employees, *all* physical locations, and *all* organizational structure of both entities, when only *shared* employees, *shared* locations, and *shared* structure could conceivably be relevant.  Doc. 3510 at 18-19.

Plaintiffs have no real answer to the Special Master's failure to consider the burden and proportionality of their requests.  As best Rite Aid understands it, Plaintiffs' argument is that because the Special Master ordered the discovery, he must necessarily (albeit implicitly) have considered proportionality.  Plaintiffs represent, for example, that "the Special Master concluded that each request was both relevant and proportional."  Doc. 3528 at 19.  But Plaintiffs never identify any portion of the Order in which the Special Master analyzed whether the discovery requests are proportional—they do not do so because there is no such analysis in the Order.

Plaintiffs feign confusion regarding "why [Rite Aid] cannot identify the internal subject matter experts and external advisors who provided information to its Board or why the burden to do so would be unjustified."  Doc. 3528 at 22.  But Rite Aid explained precisely why it cannot

provide this information in its objections—no internal subject matter expert or external advisor provided information directly to the Board.  Doc. 3510 at 16.  Rite Aid can readily identify (and has identified) the single individuals who sent materials to the Board during particular time periods, but identifying all individuals who somehow indirectly contributed any information that was included in material that was later prepared and sent to the Board by someone else is practically impossible.  *Id.*  Nor do Plaintiffs make any attempt to articulate any conceivable relevance of this information to this Court's jurisdiction over Rite Aid Corporation.  *See* Doc. 3528 at 22 (failing to describe any relevance of this information).

Finally, with respect to redactions of non-opioid related information provided to the Board, Rite Aid made clear to the Special Master that it redacted portions of the board materials unrelated to opioids because board materials—by their nature—are "extremely sensitive" (i.e., highly confidential) and could result in business harm if disclosed.  These redactions were permitted by CMO No. 2.  Doc. 3510 at 19-20.

Plaintiffs' cite the Special Master's statement that Rite Aid redacted its board materials "solely on grounds of relevance."  Doc. 3528 at 23 (citing Doc. 3457 at 7 n.9).  But the Special Master was incorrect.  Rite Aid redacted the irrelevant information because the board materials are sensitive and confidential.  Doc. 3510 at 20.  Repeating the Special Master's error is not a response to Rite Aid's objections.

In any event, the redaction issue may now be moot.  Plaintiffs apparently acknowledge that Rite Aid can redact board materials in accordance with CMO No. 2.  *See* Doc. 3528 at 23 (admitting that board materials can be "redacted on . . . grounds permitted under CMO No. 2").  Given that board materials fit squarely within the definition of Highly Confidential Information— "information which, if disclosed, disseminated, or used by or to a Competitor of the Producing

Party or any other person . . . could reasonably result in possible antitrust violations or commercial, financial, or business harm," Doc. 441 at 4—Plaintiffs appear to acknowledge that Rite Aid can redact segregated, non-responsive information from the produced board materials.  Doc. 441 at 9.

<b>Conclusion</b>

Plaintiffs admit that they failed to plead an alter ego theory, and do not deny that they failed to make out a prima facie case that would justify jurisdictional discovery.  The Special Master erred in permitting Plaintiffs to conduct burdensome, disproportionate, and intrusive jurisdictional discovery.  The order should be reversed; no additional discovery regarding alter ego should be permitted; and this Court should dismiss Rite Aid Corporation for lack of personal jurisdiction.

Dated:  October 16, 2020                       Respectfully submitted,

/s/  *Kelly A. Moore.*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-4824
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid Corporation and Rite Aid Hdqtrs. Corp.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on October 16, 2020.

/s/ *Kelly A. Moore*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

*Attorney for Rite Aid Corporation and Rite Aid Hdtqrs. Corp.*