# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: ) ) | Case No. 1:19-op-46042-DAP |
| BOARD OF EDUCATION OF CHICAGO PUBLIC SCHOOLS, DISTRICT 299,[1] MIAMI-DADE COUNTY PUBLIC SCHOOL DISTRICT, BALTIMORE PUBLIC SCHOOL DISTRICT, ROCHESTER PUBLIC SCHOOL DISTRICT, MINNETONKA PUBLIC SCHOOL DISTRICT, EAST AURORA PUBLIC SCHOOLS, DISTRICT 131, THORNTON HIGH SCHOOLS, DISTRICT 205, THORNTON FRACTIONAL HIGH SCHOOLS, DISTRICT 215, JOLIET PUBLIC SCHOOLS, DISTRICT 86, FAYETTE COUNTY PUBLIC SCHOOLS, LARUE COUNTY PUBLIC SCHOOLS, BULLITT COUNTY PUBLIC SCHOOLS, BREATHITT COUNTY PUBLIC SCHOOLS, ESTILL COUNTY PUBLIC SCHOOLS, HARRISON COUNTY PUBLIC SCHOOLS, HART COUNTY PUBLIC SCHOOLS, JEFFERSON COUNTY PUBLIC SCHOOLS, JOHNSON COUNTY PUBLIC SCHOOLS, LAWRENCE COUNTY PUBLIC SCHOOLS, MARTIN COUNTY PUBLIC SCHOOLS, MENIFEE COUNTY PUBLIC SCHOOLS, OWSLEY COUNTY PUBLIC SCHOOLS, WOLFE COUNTY PUBLIC SCHOOLS, BANGOR SCHOOL DEPARTMENT, CAPE ELIZABETH SCHOOL DISTRICT, MAINE REGIONAL SCHOOL UNIT ("RSU") 10, MAINE RSU 13, MAINE RSU 25, MAINE RSU 26, MAINE RSU 29, MAINE RSU 34, MAINE RSU 40, MAINE RSU 50, MAINE RSU 57, MAINE RSU 60, MAINE RSU 71, | [Consolidated with 1:19-op-45913-DAP] Judge Dan Aaron Polster |

---

[1] For the purpose of brevity, each Plaintiff hereafter will omit the preceding "Board of Education" from their name.

| | |
|---|---|
| **MAINE RSU 9, MAINE SCHOOL ADMINISTRATIVE DISTRICT ("SAD") 11, MAINE SAD 15, MAINE SAD 28/FIVE TOWN CENTRAL SCHOOL DISTRICT, MAINE SAD 35, MAINE SAD 44, MAINE SAD 53, MAINE SAD 55, MAINE SAD 6, MAINE SAD 61, MAINE SAD 72, PORTLAND SCHOOL DISTRICT, SCARBOROUGH SCHOOL DISTRICT, SOUTH PORTLAND SCHOOL DISTRICT, ST. GEORGE MUNICIPAL SCHOOL DISTRICT, WATERVILLE SCHOOL DISTRICT, ELLSWORTH SCHOOL DEPARTMENT; GOSHEN SCHOOL DISTRICT, KEARSARGE RSU-SCHOOL ADMINISTRATIVE UNIT 65, LEBANON SCHOOL DISTRICT, PITTSFIELD SCHOOL DISTRICT, TAMWORTH SCHOOL DISTRICT,** on behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **v.** | ) ) |
| **CEPHALON, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., ENDO INTERNATIONAL PLC, ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS INC., JANSSEN PHARMACEUTICALS, INC., ORTH-MCNEIL-JANSSEN PHARMACEUTICALS, INC., n/k/a/ JANSSEN PHARMACEUTICA, INC., n/k/a JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a/ WATSON PHARMA, INC., AMERISOURCEBERGEN CORPORATION, CARDINAL HEALTH, INC., McKESSON CORPORATION, CVS HEALTH CORPORATION, CVS INDIANA L.L.C., CVS RX SERVICES, INC., CVS PHARMACY, INC., OMNICARE DISTRIBUTION CENTER LLC, OHIO CVS** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

2

STORES, LLC, WALGREENS BOOTS
ALLIANCE, INC., a/k/a WALGREEN CO.,
WALGREEN EASTERN CO., and
WALMART INC., f/k/a WAL-MART
STORES, INC., WAL-MART STORES EAST,
LP, WSE MANAGEMENT, LLC, WSE
INVESTMENT, LLC, WAL-MART STORES
EAST, INC., RITE AID CORPORATION,
RITE AID HDQTRS. CORP., RITE AID OF
MARYLAND, INC., d/b/a RITE AID MID-
ATLANTIC CUSTOMER SUPPORT
CENTER, INC., ECKERD CORPORATION
d/b/a RITE AID LIVERPOOL
DISTRIBUTION CENTER, RITE AID OF
OHIO, INC.

**Defendants.**

## MOTION FOR LEAVE TO FILE FIRST AMENDED
## CONSOLIDATED COMPLAINT

Pursuant to Fed. R. Civ. P. 15, Plaintiffs respectfully move this Court for leave to file First Amended Consolidated Complaint, attached here as Exhibit A. Plaintiff Chicago Public Schools filed this action directly in the Multi-District Litigation on November 20, 2019. Plaintiffs seek to amend their class action complaint to consolidate proceedings with the *Board of Education of Miami Dade v. Endo Health Solutions, et al*., 1:19-op-45913-DAP, which is also pending in the MDL, and to add 56 additional class representative school districts from eight states throughout the country. As described below, the nation's public schools are on the frontlines of the opioid crisis and are uniquely positioned to mitigate the crisis by deploying special education resources for children with permanent neurological damage due to opioid exposure *in utero* as well as deploying other resources due to the fall out of opioid afflicted families. Plaintiffs' counsel have retained nationally recognized experts who opine that just the increased costs to public schools due to the opioid crisis for special education alone exceed $120

billion dollars. Public schools can be part of the solution saving lives of children impacted by the opioid crisis by identifying their needs early in life (ages 3-5) and providing life skills all the way until their early twenties. Plaintiffs also seek to add Rite Aid and its subsidiaries, and subsidiaries of CVS, Walgreens, and Walmart as Defendants based on information that has become available in the past year about their distribution and dispensing of prescription opioids. In support of their motion, Plaintiffs state as follows:

1. The Federal Rules dictate a liberal policy favoring amendments and leave to do so "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). The grant or denial of leave to amend is within this Court's discretion. *Id.* In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility, the leave sought should be freely given. *Id*.

2. Plaintiffs good-faith amendments are timely, not futile, and do not create unfair prejudice to the Defendants. To the extent this motion seeks exception to the Court's Case Management Order 1, Plaintiffs have good cause to amend their complaint. *See* Case Management Order 1, Dkt. 232, ¶ 6.a (setting a deadline of May 25, 2018 for amended pleadings), ¶ 1.c. ("This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order"). *See also* Fed. R. Civ. P. 16(4). Rule 16's "good cause" standard considers the diligence of the party seeking the amendment as well as the potential prejudice to the nonmovant. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

### A. Public School Districts Have Exercised Diligence In Developing Their Claims.

3. Plaintiffs are government entities that are required to provide education to any geographically eligible child who walks in their doors. They are also required by federal law to provide mandated special education and related services for students with disabilities and other special needs. 24 C.R.F. §§ 300.20-24 (IDEA regulations); 24 C.F.R. § 104.35 (Section 504 regulations); 20 U.S.C. § 1412 (a)(10) (school districts must also pay for services for students with disabilities at private schools within their boundaries).

4. Plaintiffs seek to represent a class of approximately 13,000 public school districts nationwide.

5. Plaintiffs exercised diligence in developing their claims against Defendants. Public school districts could not have known about the bulk of their claims against Defendants until recently because the research underpinning their claims to recover damages for the cost of providing special education services to students who were exposed to opioid *in utero* has been evolving.

6. Children who are exposed to opioids *in utero*—including those born with Neonatal Abstinence Syndrome (NAS)—often suffer permanent physiological and cognitive injuries. These children face a lifetime of difficulties, particularly because they are at a significantly heightened risk of developing serious—and permanent—behavioral and cognitive disabilities.

7. Since the onslaught of the opioid epidemic, the rates of hospital NAS diagnoses— which severely undercount the number of children who are born with prenatal opioid exposure— have been exponentially rising. Rates of children diagnosed with prenatal opioid exposure more than quadrupled between 1999 and 2014. These rates show no signs of slowing down, especially

5

because the Covid-19 pandemic has effectively erased any previous progress in ameliorating ramped opioid use.

8. The first birth cohorts of children born during the onslaught of the opioid epidemic more than twenty years ago have now made their way through school, and public schools throughout the nation have seek the impact. Public schools will continue to suffer damages well into the future. Indeed, a child born today with prenatal opioid exposure will attend public school from approximately 2025-2043.

9. Until recently, public schools had no way of knowing the profound impact of the opioid epidemic on their already strained resources. In the past two years, enormous strides have been made in research about the costs that have and will continue to burden our nation's public schools because of the opioid crisis. Specifically, researchers have published the first studies establishing that children born with prenatal opioid exposure are significantly more likely to require special education, and attempting to quantify that impact.[2] Plaintiff Chicago Public Schools filed its complaint in November, 2019, which is the earliest it could have possibly evaluated the research and thoroughly investigated its claims. Now, Plaintiffs seek to add more public school class representatives from throughout the nation who are only now learning about their most significant claim for damages against Defendants.

### B. Public School Districts' Claims Are Distinct From Other Government Entities.

10. Plaintiffs should be permitted to amend their complaint because their claims are

---

[2] Mary-Margaret A. Fill, et al., Educational Disabilities Among Children Born with Neonatal Abstinence Syndrome, 142 Pediatrics 3 (2018), https://pediatrics.aappublications.org/content/142/3/e20180562; Paul L. Morgan, Yangyang Wang, The Opioid Epidemic, Neonatal Abstinence Syndrome, and Estimated Costs for Special Education Services, 25 Am J. Manag. Care (2019), https://www.ajmc.com/view/opioid-epidemic-neonatal-abstinence-syndrome-estimated-costs-special-education-services.

6

plausible, not futile, and because justice so requires that Plaintiffs be permitted to pursue their own claims. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

11. Plaintiffs are government entities. This Court has already denied Defendants' motions for summary judgment against counties on nearly all of Plaintiffs' causes of action. *See, e.g.* Docs. 2561, 2563, 2564, 2565, 2567, 2568, 2569, 2578, 2580, 3099, 3100, 3102. However, unlike the other government entities that have brought claims against the Defendants, Plaintiffs are the only government entities responsible for educating this nation's children.

12. Indeed, school districts are not derivative of any public entities' claims. There is no guarantee whatsoever that public schools will see any recovery from these proceedings unless they are able to pursue their own claims against Defendants. And public school districts are positioned to provide direct, remediating services to abate the ravages of the opioid crisis in ways that few, if any, government plaintiffs are. Furthermore, school districts will provide that abatement to some of the most vulnerable victims of the crisis—children exposed to opioids while *in utero*.

13. Plaintiffs seek to amend their complaint to add a broad national coalition of public school district class representatives in order to ensure that public schools have a voice in the MDL. Up until now, a small number of other public schools have filed claims in the MDL, and unlike Plaintiffs, none of them have articulated injuries based on the cost of educating students with prenatal opioid exposure.[3]

14. The damages inflicted by Defendants on our nation's public schools are considerable, quantifiable, and directly attributable to the opioid crisis that Defendants created.

---

[3] *See, e.g. Iberia Parish School Board v. Amerisourcebergen*, et al., 1:18-op-46245-DAP; *St. Mary Parish School Board v. Amerisourcebergen, et al.*, 18-op-46232-DAP; *Skagit County, La Conner School District, Mt. Vernon School District, et al. v. Purdue Pharma*, 1:18-op-45173-DAP.

Inevitably, the outcome of these proceedings will be judged, in part, by whether the recovery—if any—goes to the problem: whether recovery goes to the entities responsible for, and actually paying for, the costs created by Defendants' wrongdoing. With 45 years of experience providing special education and supplemental education services, since the passage of the Education for All Handicapped Children Act of 1975 (now known as the Individuals with Disabilities Education Act) school districts are well positioned to provide direct services to children most impacted by the opioid crisis—as long as they are given a meaningful opportunity to pursue their considerable damages.

15. Plaintiffs additionally seek to add allegations against National Retail Pharmacies and claims against their subsidiaries based on information that was not available until Track 1B and Track 3 filed amended complaints.[4]

16. For these reasons, Plaintiffs respectfully request that the Court grant them leave to file First Amended Consolidated Class Action Complaint.

Date:  October 26, 2020                                  Respectfully submitted,

                                                         */s/ Matthew J. Piers*
                                                         One of the Attorneys for Plaintiffs

---

[4] Supplemental and Amended Allegations to be Added to "Short Form For Supplementing Complaint And Amending Defendants And Jury Demand." *County of Lake v. CVS Health Corp., et al.*, Doc. 3306-2; Amendment By Interlineation, *Cuyahoga County, et al. v. Purdue Pharma, et al.*, 1:17-op-45005-DAP, Doc. 119 (N.D. Oh.).

Cyrus Mehri
cmehri@findjustice.com
Steve Skalet
sskalet@findjustice.com
Aisha Rich
arich@findjustice.com
MEHRI & SKALET, PLLC
1250 Connecticut Ave., NW
Washington, D.C. 20036
202.822.5100

Neil Henrichsen
nhenrichsen@hslawyers.com
HENRICHSEN SIEGAL, PLLC
301 W. Bay Street, Suite 1400
Jacksonville, FL 32202
904.381.8183

Matthew J. Piers
mpiers@hsplegal.com
Charles D. Wysong
cwysong@hsplegal.com
Emily R. Brown
ebrown@hsplegal.com
Margaret Truesdale
mtruesdale@hsplegal.com
HUGHES SOCOL PIERS
RESNICK &DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
312.580.0100

Wayne Hogan
hogan@terrellhogan.com
Leslie Goller
lgoller@terrellhogan.com
TERREL HOGAN, P.A.
233 E. Bay Street, Suite 80
Jacksonville, FL 32202
904.722.2228

*Attorneys for the Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, I electronically filed the attached **MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT** with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

Respectfully submitted,

*/s/ Matthew J. Piers*
One of the Attorneys for Plaintiffs