# EXHIBIT A

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Kaspar Stoffelmayr; Peter Weinberger |
| **Subject:** | Question re: Jury Instructions |
| **Date:** | Monday, October 26, 2020 2:59:24 PM |

*[Liaison Counsel: Please forward as appropriate.]*

Dear Peter and Kaspar:

The Court is examining your Track 1B submission regarding jury instructions (docket no. 3449) and using it to formulate instructions it intends to give in Track 3.

The Court believes it will be appropriate to quote in the instructions certain provisions of the federal and Ohio CSAs, so that the jury knows upon what law it is basing its decision whether any defendant did something "unlawful."  To oversimply slightly, Defendants have urged the Court to do this, and Plaintiffs did not disagree.  *See* docket no. 3449 at 33 ("To be an accurate statement of the law, the instruction must make clear that liability can only rest on particular violations previously determined by the Court to be a proper basis for liability. Defendants previously proposed instructions to correct this error, with a placeholder for the Court to "[i]nsert specific instruction[s] on the elements of each statutory or regulatory violation the Court determines to be supported by the evidence as a possible cause of the alleged public nuisance." See Ex. A at 18."); *id.* at 85-86 ("As a threshold matter, the Court has already identified the controlled substances laws and regulations as the statutes at issue in the Court's Instructions. Although it might wish to add the language of those provisions, it is not necessary to do so, and it would be inappropriate not to focus on the plain language.").

Accordingly, the Court asks that you simply identify which "statutes, ordinances, or regulations" you believe should be quoted in the jury instructions.  The parties may choose to refer to many legal provisions throughout the trial, but in your response please submit only the critical legal provisions that are necessary for inclusion in the jury instructions.

As an example, the following regulations from the federal CSA are probably appropriately included:

 All applicants and registrants shall provide effective controls and procedures to guard against theft and diversion of controlled substances. In order to determine whether a registrant has provided effective controls against diversion, the Administrator shall use the security requirements set forth in Secs. 1301.72-1301.76 as standards for the physical security controls and operating procedures necessary to prevent diversion.
21 C.F.R. § 1301.71(a).

Substantial compliance with the standards set forth in Secs. 1301.72-1301.76 may be deemed sufficient by the Administrator after evaluation of the overall security system and needs of the applicant or registrant.
21 C.F.R. § 1301.71(b).

The registrant shall design and operate a system to disclose to the registrant suspicious orders of controlled substances. The registrant shall inform the Field Division Office of the [DEA] in his area of suspicious orders when discovered by the registrant. Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.
21 C.F.R. § 1301.74(b).

And certain provisions from OAC 4729:6-3-05 should also probably be included.

The Court understands that Defendants' submission in response to this request remains subject to their objections recited at pp. 32-34 of docket no. 3449, including that "the violation of a regulation is patently insufficient for per se liability."

Finally, the Court asks you only to identify the provisions you believe should be included; it does not want additional discussion or analysis of, for example, what the "elements" of those provisions are.

Please respond by COB Friday Oct. 30.  If you have any questions, please let me know.

Thanks,

-David


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law