UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*Track Three Cases*" | ) ) ) ) ) ) | Judge Dan Aaron Polster <br><br> **ORDER REGARDING** <br> **PHARMACY DATA PRODUCTION** |

On July 24, 2020, the Court granted a motion to compel and ordered the Ohio Board of Pharmacy ("OBOP") to produce certain data from its OARRS Database. *See OARRS Data Order* (docket no. 3395). OBOP challenged the *Order* by filing a petition for writ of mandamus. The Sixth Circuit Court of Appeals granted OBOP's motion for a stay of data production pending briefing. Shortly thereafter, however, the Sixth Circuit vacated the stay and denied the petition "for substantially the reasons stated by the district court in its response" – referring to the letter the district court submitted, at the Sixth Circuit's invitation, in response to the petition. *In re: State of Ohio Board of Pharmacy*, case no. 20-3875, docket no. 24 at 3.

OBOP then filed with the Sixth Circuit a motion for rehearing, which is currently pending. *Id.* docket no. 25.[1] Through subsequent communications with Special Master Cohen, the parties set

---

[1] The essential basis for OBOP's motion for rehearing is that: (1) although the *OARRS Data Order* addressed OBOP's privilege arguments, the district court's letter in response to the petition explicitly did not; and (2) because the appellate court stated the petition was denied "for substantially the reasons stated by the district court in its ***response***," and not "response and *Order*," the Sixth Circuit must have ignored OBOP's privilege arguments.

out the following positions: (1) OBOP asks that its obligation to comply with the *OARRS Data Order* be suspended until the Sixth Circuit rules on the motion for rehearing; and (2) the Pharmacy Defendants ask the Court to order OBOP to comply with the *OARRS Data Order* immediately. Defendants note their expert reports are due on January 20, 2021, and assert their experts need the data right away to begin their analyses. Defendants add they will destroy the OARRS data if the Sixth Circuit grants the motion for rehearing and reverses the *OARRS Data Order*.

Accordingly, the Court orders as follows. The deadline for OBOP to comply fully with the *OARRS Data Order* is as shown below:

- if the Sixth Circuit *does not rule* on the motion for rehearing before November 20, 2020, then OBOP shall produce the required data on November 20, 2020.

- if the Sixth Circuit *denies* the motion for rehearing before November 20, 2020, then OBOP shall produce the required data the following day.

- if the Sixth Circuit *grants* the motion for rehearing before November 20, 2020, then OBOP's obligation to produce the required data shall be stayed until the Sixth Circuit rules on the merits of the motion.

- if the Sixth Circuit *grants* the motion for rehearing *after* November 20, 2020 (and therefore after OBOP has produced the required data pursuant to the first bullet-point above), then the Pharmacy Defendants shall immediately retrieve and sequester all copies of the data and not allow any person (including experts) access to the data, pending the Sixth Circuit's ruling on the merits of the motion; and Pharmacy Defendants shall destroy the data if later required by the Sixth Circuit's ruling.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** November 12, 2020