# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL NO. 2804 |
| | Case No. 17-MD-2804 |
| THIS DOCUMENT RELATES TO: | |
| | Judge Dan Aaron Polster |
| *Salmons v. Purdue Pharma L.P., et al.* MDL Case #1:18-OP-45268; | **MOTION TO EXCEED PAGE LIMITATIONS** |
| *Flanagan v. Purdue Pharma L.P., et al.* MDL Case #1:18-OP-45405 | |
| *Doyle v. Purdue Pharma L.P., et al.* MDL Case No. #1:18-op-46327 | |
| *Artz v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45459 | |

Pursuant to Local Rule 7.1, NAS Opioid Plaintiffs ("Plaintiffs") respectfully move this Court for leave to file a reply memorandum in support of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel to exceed page limits[1] (because Plaintiffs are replying to two separate briefs in opposition to the pending motion for Class Certification the current page limit is 30 pages).

Plaintiffs request leave to file a reply memorandum of no more than 40 pages.

Page limits are important but so are the rights of 500,000 Guardians putative class who have the responsibility of ensuring the health and future growth and development of children born with Neonatal Abstinence Syndrome ("NAS").

On January 7, 2020, Plaintiffs filed their Motion for Class Certification and Appointment of Class Counsel (the "Motion"). (Doc. # 3066). Prior to filing this motion, Plaintiffs filed a

---

[1] Because Plaintiffs are replying to two separate briefs in opposition to the pending motion for Class Certification the current page limit is 30 pages.

1

Consent Motion for Leave to Exceed Page Limitations requesting up to 70 pages for the Motion for Class Certification and Appointment of Class Counsel. (Doc. # 3063). Through a non-document order, Judge Polster granted the consent motion on January 7, 2020.

On October 9, 2020, a majority of the Defendants filed an Opposition to the Motion for Class Certification (the "Opposition"). (Doc. # 3523). Prior to filing the Opposition, these defendants filed a Consent Motion for Leave to Exceed Page Limitations requesting up to 65 pages for the Motion. (Doc. # 3514). Through a non-document order, Judge Polster granted the consent motion on October 6, 2020.

Also on October 9, 2020, Defendant Assertio Therapeutics, Inc. filed a separate opposition to the Motion for Class Certification. (Doc. # 3522).

Plaintiffs request a page extension for their reply in support of the Motion for four reasons:

First, the unique nature of the scheduling order requires Plaintiffs to summarize evidence that was developed during class discovery which contrary to usual procedures took place only **after** the filing of the Motion but before filing of the Opposition. At the date of filing the putative class representatives did not have access to any information about the 5 experts proffered by the Defendants. Under normal circumstances Plaintiffs would have had the benefit of this class discovery before filing the Motion. Thirteen depositions were taken **after** the Class Certification Motion was filed but **before** Defendant's opposition was due. Specifically, the parties engaged in eight depositions of expert witnesses and five depositions of members of the putative class all after the Motion for Class Certification was filed.

Secondly, a thorough discussion of the huge volume of class discovery in this matter is necessary. In the Opposition, Defendants engage in an extensive discussion of the discovery

materials that were developed after the filing of the Class Certification Motion and state that Plaintiffs have failed to present actual evidence in support of the Motion. (e.g., Doc. # 3532, p. 21). Plaintiffs did not have the opportunity to submit such evidence with the motion as it was developed after the filing of the Motion. Further, Plaintiffs believe that Defendants' arguments in support of the Opposition are contradicted by the testimony of their own expert witnesses.

Third, Defendants devote a substantial portion of the Opposition to discussing Plaintiffs' likelihood of success on the merits which is only tangentially related to the Class Certification motion. Although some merit analysis must be conducted in a class certification motion, Plaintiffs are not required to show any likelihood of success on the merits of their underlying claims before a class can be certified. *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 553 (6th Cir. 2006). Nonetheless, Plaintiffs would like an opportunity to completely respond to these arguments.

Finally, Defendant Asserto, despite prior agreements to the contrary insisted on filing a second brief in opposition to the motion for Class Certification which requires additional pages in the briefing.

**WHEREFORE** NAS Opioid Plaintiffs respectfully request that this Court permit them to file a memorandum of no more than 40 pages in support of Plaintiffs' reply to their Motion for Class Certification and Appointment of Class Counsel.

Respectfully submitted,

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Emily C. White (0085662)
Dann Law
P.O. Box 6031040
Cleveland, OH 44115
Telephone: (216) 373-0539
Facsimile: (216) 373-0536

notices@dannlaw.com

*Putative Class Liaison Counsel for Guardians of NAS Children*

Thomas E. Bilek
Kelly Cox Bilek
The Bilek Law Firm, L.L.P.
700 Louisiana, Ste. 3950
Houston, TX 77002
Telephone: (713) 227-7720
tbilek@bileklaw.com
kbilek@bileklaw.com

*Putative Class Co-Lead Counsel for Guardians of NAS Children*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on November 13, 2020 with the Clerk of Court and served upon all parties via CM/ECF at the party's registered email address.

/s/ *Marc E. Dann*
Marc E. Dann (0039425)

4