# EXHIBIT 20



# To Serve With Honor

A Guide on the Ethics Rules
That Apply to Advisory Committee
Members Serving as Special
Government Employees



U.S. Office of Government Ethics
www.usoge.gov
March 2008

Public Service: "I don't know what your destiny will be, but one thing I do know: The only ones among you who will be really happy are those who have sought and found how to serve."

*Albert Schweitzer*

## Agency Ethics Points of Contact

Name of Committee Official:

Telephone:

Name of Ethics Official:

Telephone:

You should obtain this information prior to
beginning your committee work or shortly
thereafter.



# Contents

| | |
|---|---|
| 3 | Government Employee Status |
| 4 | Screening for Conflicts of Interest |
| 5 | Financial Disclosure Reports |
| 6 | Financial Conflicts of Interest |
| 6 | Financial Conflicts of Interest—Imputed Interests |
| 7 | Resolving Financial Conflicts of Interest |
| 7 | Considering Appearance Issues |
| 8 | Outside Consulting Work |
| 8 | Standards of Ethical Conduct Rules |
| 10 | Other Ethics Rules |
| 10 | Post-Employment Laws |
| 10 | Some Final Thoughts |
| 12 | SGE Game Plan for Peak Ethical Performance |



# To Serve With Honor

## A Game Plan for Success

A Guide on the Ethics Rules
That Apply to Advisory Committee
Members Serving as Special
Government Employees

**C**ongratulations on becoming a member of the Government's advisory team!  In your new committee position, you may be helping to shape public policy or making other contributions that impact important issues facing our country.  Your service on the committee will be a rewarding experience.  But, while your membership has it rewards, it also has its ethical obligations.  Being a member of the Government's team means you'll have to learn to play by the Government's ethics rules.  These ethics rules help promote public confidence and trust in our Government and in the recommendations that your committee will make to the Government.  These rules will also help ensure that you serve the Government and your committee honorably.

In this summary, you will learn more about the ethics laws and rules that apply to your service as a member of a Federal advisory committee.  We will highlight some of the ethics rules that are most likely to affect you during your Government service.  After you've read this pamphlet, you may want to learn more about specific ethics rules.   Agency ethics officials and committee management officials are there to answer any of your questions or to point you in the right direction.  They will help you even after your committee has finished its work and your Government service is done.

Whether your time on a committee is short or long, understanding these basic ethics rules will make your Government service more rewarding for you and for your fellow committee members.

## Government Employee Status

*I will be serving on a committee only for a few days a year.  Am I a Government employee just because I am a member of an advisory committee?*

**N**ot necessarily.  However, if you have been given this pamphlet by the agency sponsoring your advisory committee, it's likely that you are serving as a **special Government employee (SGE)** [1] and are subject to the Government's ethics rules.  An agency official should determine your employment status and then inform you whether you are serving on an advisory committee in an employee status.

_____

[1] *An SGE is defined as an "officer or employee . . . who is retained, designated, appointed, or employed" by the Government to perform temporary duties, with or without compensation, for not more than 130 days during any period of 365 consecutive days.  See Title 18, United States Code, Section 202(a).*

In general, your status will depend upon what role you will be expected to have on the committee. It is very important for you and every member of your committee to understand your role on the committee before you even start your committee work. If you have not been told, you should ask a committee official or ethics official to explain your status so you will know whether you are subject to any of the Government's ethics rules.

If you are serving in an SGE status, you are considered a Government employee. Your role as an employee will be to provide your best judgment in committee matters that will be presented to you for discussion. As someone serving on a committee in an SGE status, you will be subject to most of the Government's ethics rules. Many of these rules will be discussed in this pamphlet.

Keep in mind that some committee members may be regular Government employees. Other members may not be serving as employees at all. These non-employee members may be serving as representatives of outside organizations. Representative members are not subject to the Government's ethics rules because they are only on a committee to provide the views of outside interest groups or stakeholders.

If you are ever unsure about your role or status on an advisory committee, talk to a committee or ethics official. In some cases, your committee appointment papers will say what your status is and/or the role you will



have on the committee. However, don't ever begin your committee work until you know what your status is going to be while serving on a committee.

## Screening for Conflicts of Interest

*Is there anything that I should be doing to comply with the Government ethics rules before I begin my committee service?*

Yes. You'll need to get an "ethics checkup" before you begin your committee's work. We've all read press stories about athletes having to pass a physical examination before they can start playing for a sports team. One reason that teams require athletes to pass such exams is to make sure they are able to perform to the very best of their ability. In much the same way, the Government wants to ensure that you will be able to perform to the best of your ability when you begin working on one of its advisory committee teams.

Your best service is possible only when you are not affected by conflicts of interests or appearances of conflicts of interest. Conflicts of interest can arise if you have extensive outside

activities and financial holdings or other interests that relate to the subject matter of your committee service.  An "ethics checkup", or a conflict of interest screening helps the Government ensure that your committee work is done in a manner that will uphold the Government's high ethical standards.

## Financial Disclosure Reports

*What does an "ethics checkup" involve?  Is this exam a one-time event?  How will I know if I have passed this ethics checkup?*

As with any physical exam, there is always a little bit of paperwork to fill out.  In general, one of the first forms you have to complete prior to beginning your committee work is a financial disclosure report.  This report collects information about you, your spouse, and dependent children.  You will have to fill this report out before you give any advice to the agency and in no event later than your first committee meeting.  You will have to complete this report annually if you are reappointed.

As you know, no exam is ever complete without some amount of probing by the doctor.  In much the same way, ethics officials will probe and look closely at your report to see if any of your financial interests or affiliations may raise any ethical flags.  In some cases, they may have to ask you additional questions about your finances.  Keep in mind that this checkup will ultimately benefit both you and your committee's work.  An ethics checkup will protect you from unintentionally violating ethics laws and rules.  The ethics laws can sometimes carry very serious penalties and fines if you violate them by allowing your conflicts to go untreated.  This exam will help the Government ensure that your advice is free from any actual or perceived conflicts of interest.

Your agency ethics official can tell you more about the financial disclosure report, including the type of report you will be required to fill out.  Even after you have filed your report, you may want to sit down and talk to your ethics official about your report if you believe your committee is going to work on a matter that may affect one or more of your financial holdings.  In some cases, a matter that would raise



concerns may not have been apparent during your initial "ethics checkup."  You should immediately consult with an agency official about this matter.  Remember, an ethics checkup is only as good as the information you provide to your agency.

## Financial Conflicts of Interest

*I work for a pharmaceutical company, and over the years have received a fair amount of stock in the company.  What should I do if the work of my advisory committee will affect my employer?*

Generally, you may not work on a committee matter that will affect your own, or your employer's, financial interest. For example, let's say you were serving on an advisory committee that is advising an agency on whether it should continue a health program that provides nutrition information and free vitamins to children.  The Government purchases some of the vitamins it distributes from your company.  It would be a conflict of interest for you to participate in committee matters relating to the distribution of the vitamins, because you both own stock in, and are employed by, a company that has a financial interest in the issue.

Whether you can be involved in committee matters that relate generally to the agency's nutrition program depends on how the program will affect your company. The agency's ethics official or committee management official will advise you on how to proceed.

## Financial Conflicts of Interest—Imputed Interests

*Would I still have a conflict of interest if I didn't work for the pharmaceutical company or own any stock, but my spouse owned stock in the company that she bought through her broker?*

Yes.  The ethics laws treat the financial interests of the following as if they were your own financial interests:

☐ Your spouse;

☐ Your minor child;

☐ Your employer;

☐ Your general partner;

☐ An organization in which you serve as officer, director, trustee, or general partner; or

☐ A person with whom you are negotiating or have an arrangement for prospective employment.

So, if your spouse owned stock in the pharmaceutical company described above, you would still have the same conflict of interest concern described in the previous question.

Conflicts of interest concerns that are not addressed can penalize you and your committee's work.  Ethics officials or committee officials will work with you to make sure that you can continue to do your committee work ethically and honorably.

## Resolving Financial Conflicts of Interests

*What steps should I take to avoid violating the Government's ethics rules if I have a conflict of interest?*

There are several ways to avoid a conflict of interest while working on a committee matter. The most common way is simply not to work on a particular committee matter if it raises a conflict of interest for you.  For example, in the situations discussed above, to avoid what otherwise would be a conflict of interest because of your financial interest in the pharmaceutical company, you could simply not participate in those committee matters that would affect the financial interests of the company.  We call this remedy a recusal.

If you have a conflict of interest, you should consult an ethics official because ethics regulations may resolve some of your conflicts of interests.  For example, there are some exceptions that apply if the value of your stock is below a certain amount.  Another exception may permit you to participate in matters affecting your non-Federal employer in certain cases.

## Considering Appearance Issues

*Am I required to do anything if I have an outside business relationship that is not a financial conflict of interest, but just looks bad for my committee?*

Because you serve the Government, you should always conduct yourself in a manner that is above ethical reproach.  So, even if there is no financial conflict of interest, your outside relationships may at times raise questions in the public's mind about how fair you can be while working on a particular committee matter.  For example, "appearance" concerns may arise when you are asked to work on a committee matter that you know may affect a member of your household or your former employer or client.  In general, you should be alert for situations where—

❑ a former employer,

❑ a client of yours or your spouse,

❑ a person or organization with which you have some kind of business or contract relationship, or

❑ your spouse's employer



7

**8**

will be specifically affected by your committee's activities. In some cases, it may be appropriate for you not to work on a certain committee matter because of appearance concerns.

Because you are part of the Government's team, you are never alone in dealing with these kinds of appearance concerns. If you are not sure whether a potential situation could raise an appearance problem, you should stop your work on that committee matter and contact your agency's ethics official or committee official to discuss your concerns. These officials can help you address possible appearance problems.

## Outside Consulting Work

*I have an outside consulting business that requires me to represent clients before the Government. Is this O.K.?*

In general, you may not represent another person, whether or not you are compensated for the representation, before a Federal agency or court in connection with a matter that you have worked on as an SGE. The types of representational services covered include written and oral communications, as well as making physical appearances on behalf of someone else with the intent to influence or persuade the Government.

Once you have served more than 60 days as an SGE within the previous 365 days, you may not represent anyone on any matter pending in the agency where you serve. Remember,

you should always talk to an agency official if you are thinking about representing a client before the Government on a matter that involves the subject matter of your committee's work or the overall programs of the agency that is sponsoring your committee.

## Standards of Ethical Conduct Rules

*Are the conflict of interest laws the only ethics rules that I must know before I start my work as a committee member?*

There are a number of other important ethics rules that will guide your conduct while you are serving as an SGE. Most of these rules are part of "The Standards of Ethical Conduct for Employees of the Executive Branch (Standards of Conduct)." As a committee member, you are expected to be aware of and follow these basic ethics rules while in Government service. Some of the rules you should know include:

❏ *Don't accept improper gifts.*

Don't ask for or accept gifts that are given because of your committee position or that come from certain "prohibited sources." For example, a company that does business with, or is regulated by, the agency that sponsors your committee is a prohibited source.

There are many exceptions to this general rule.  Find out more about these gift exceptions by talking to a committee or ethics official.

□ **_Don't use public office for private gain._**

For example, you may not use your committee position, title or any authority associated with your advisory committee to coerce or induce a benefit for yourself or others.

□ **_Don't misuse Government information._**

If you get information that has not been made available to the general public, don't use (or allow the improper use of) that nonpublic information to further any private interest, either your own or another's.  Contact a committee official or agency ethics official if you have any questions about whether you may release certain types of information.

□ **_Use Government property and time properly._**

Always use Government property only for authorized purposes. Government property includes office supplies, telephones, computers, copiers and any other thing purchased with Government funds.  Also, be sure to use your official time to carry out committee work.

□ **_Don't accept compensation for teaching, speaking, and writing related to your Government duties._**

This restriction applies in narrow circumstances to SGEs.  It does not apply at all if the compensation is for teaching university courses.  And it applies in very limited cases if you are an SGE who is expected to serve less than 60 days.  If you intend to receive



compensation for teaching, speaking, and writing that is related to the subject of your committee's work, talk to an ethics official first so that you are sure the compensation is acceptable.

□ **_Abide by expert witness rules._**

In general, you cannot be an expert witness in a judicial or administrative proceeding if you participated as a Government employee in the matter that is the subject of the proceeding. Moreover, if you are appointed by the President, serve on a commission established by statute, or have served or are expected to serve more than 60 days in a

10

period of 365 days, this bar applies to any proceeding in which your employing agency is a party or has a direct and substantial interest.

The rules that govern service as an expert witness can be very complex, so you should always get advice from an agency ethics official before you agree to serve as an expert.

## Other Ethics Rules

*Are there any ethics rules that may limit my political activities during my service on a committee?*

Yes, a law known as the Hatch Act limits certain political activities of Government employees, including SGEs when they are engaged in committee work.  The law has been substantially amended to allow most Government employees to engage in many types of political activities. However, you should check with your agency ethics official to ensure your activities comply with these laws.  You may also want to check the U.S. Office of Special Counsel's website (the agency responsible for enforcing this law) for more information and guidance at www.osc.gov.

## Post-Employment Laws

*Do any ethics rules apply to me after my service on an advisory committee has ended?*

Yes.  Post-employment laws may limit the types of communications you may make back to the Government on behalf of another person.

For example, you may be permanently barred by a criminal law from representing anyone else before a Federal agency or court on certain matters (such as a contract, grant or even an investigation) that you worked on while serving on an advisory committee.

There are some other restrictions that could apply to your post-Government activities, depending on your agency and the function you served in on a committee.  Your agency's ethics official can help you to understand these and other post-employment rules, either before or after your committee service ends.

## Some Final Thoughts

The Government is very grateful for your dedicated service. Your commitment in upholding the integrity of Government service before and even after your committee