## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

*This document relates to*:

*"Track Three Cases"*

MDL 2804

Case No. 17-md-2804

Hon. Dan Aaron Polster

## PLAINTIFFS' REPLY IN SUPPORT OF
## MOTION TO STRIKE DEFENDANTS' THIRD-PARTY COMPLAINTS

The Court should grant Plaintiffs' motion to strike Pharmacy Defendants' Third-Party Complaints. *See* Dkt. 3542 (motion to strike), Dkts. 3515, 3517 (Third-Party Complaints). Pharmacy Defendants' opposition ignores by turns the Court's prior rulings, Plaintiffs' arguments in support, and the controlling legal standard.

**I.     Pharmacy Defendants Fail to Address the Court's March 31, 2020, Order**

Pharmacy Defendants do not dispute these Third-Party Complaints are nearly identical to those stricken by the Court in Case Track One-B. *See* Br. Supp. 1 ("near-identical third-party complaints");[1] Order, Mar. 31, 2020, Dkt. 3246 (granting motion to strike). So Pharmacy Defendants ought to explain why the Court's order striking those complaints should not control here. They have not.

Pharmacy Defendants dismiss the Court's order as "the beginning, not the end, of the analysis." Br. Opp. 2. They do not explain what analysis the Court failed to conduct. Instead, Pharmacy Defendants' opposition rehashes—sometimes verbatim—arguments the Court previously rejected without offering a reason why the Court was wrong. *Compare, e.g.*, Br. Opp.

---

[1] "Br. Supp." refers to *Plaintiffs' Motion to Strike Defendants' Third-Party Complaints*. Dkt. 3542. "Br. Opp." refers to Pharmacy Defendants' *Opposition to Plaintiffs' Motion to Strike the Pharmacy Defendants' Third-Party Complaints*. Dkt. 3551.

4–6 ("The Third-Party Claims Are Factually and Legally Dependent on the Outcome of Plaintiffs' Intertwined Dispensing Claims Against the Pharmacy Defendants"), *with* Dkt. 3105, at 2–4 ("The Third-Party Claims Are Factually and Legally Dependent on the Outcome of Plaintiffs' New Dispensing Claims Against the Pharmacy Defendants").

Because these Third-Party Complaints are nearly identical to those the Court already struck and Pharmacy Defendants offer no new arguments against striking them, the Court's March 31, 2020, Order should be the beginning and the end of the analysis. *Cf.* Order, Jan. 3, 2020, at 2, Dkt. 3058 (Court's rulings on motions in limine bind future cases unless proponent of modification can show "particular circumstances" warranting different result).

## II. Pharmacy Defendants Fail to Show an Attempt to Transfer Liability for Plaintiffs' Claims

The parties agree the "essential criterion" of a proper third-party claim is an attempt to transfer defendant's liability for plaintiff's claims against it to the third-party defendant. *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). This "secondary or derivative" character of the third-party defendant's liability to defendant—and correlatively of defendant's liability to plaintiff—is "central" to impleader. 6 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1446 (3d ed. supp. 2020); *see American Zurich*, 512 F.3d at 806 (dismissal not abuse of discretion where "continuing viability" of third-party complaint "as a derivative action" doubtful); *Laughlin v. Dell Fin. Servs., L.P.*, 465 F. Supp. 2d 563, 566 (D.S.C. 2006) (impleader presupposes "technical or secondary or partial" liability of defendant to plaintiff (quoting *Watergate Landmark Condo Unit Owners Ass'n v. Wiss, Janey, Elstner Assocs.*, 117 F.R.D. 576, 578 (E.D. Va. 1987))).

Pharmacy Defendants' opposition broadly fails to honor this requirement and specifically fails to apply it to the five third-party claims pleaded.

2

### A.    Pharmacy Defendants Fail to Address Plaintiffs' Basic Argument

In their opening brief, Plaintiffs argued that they seek to hold Pharmacy Defendants liable for breaches of duties owed independently of Prescriber Defendants' misconduct and not assignable to them. Br. Supp. 3–6. The Court accepted that argument in Case Track One-B. *See* Order, Mar. 31, 2020, at 4, Dkt. 3246. Without explanation, Pharmacy Defendants reject it here as irrelevant. Br. Opp. 4 ("[Plaintiffs'] selective decisions about what to 'focus' on and which duties to assert have no bearing on whether these third-party claims are properly before the Court."). But its relevance is basic: because there is no sense in which Pharmacy Defendants' liability to Plaintiffs is only technical, secondary, or partial, *see Watergate Landmark*, 117 F.R.D. at 576, there is nothing for Pharmacy Defendants to pass on to Prescriber Defendants by a third-party claim. *See*, *e.g.*, *City of Orange Beach v. Scottsdale Ins. Co.*, 166 F.R.D. 506, 511–12 (S.D. Ala. 1996) (in action by plaintiff insured, dismissing defendant insurer's third-party complaint for malpractice and fraud against insurer's law firm because defendant had "independent" duties to plaintiff "to exercise honest judgment" and "to fully investigate claims").

### B.    Pharmacy Defendants Conflate Dependence on the Facts Underlying Plaintiffs' Claims with Dependence on Plaintiffs' Claims

Pharmacy Defendants argue that a judgment in Plaintiffs' favor will necessarily rest on factual findings that Pharmacy Defendants could turn against Prescriber Defendants. *See* Br. Opp. 2 (Plaintiffs' proof necessarily points to Prescriber Defendants as "original wrongdoers who successfully evaded the efforts of the Pharmacy Defendants"); Third-Party Compls. ¶ 33 (if Pharmacy Defendants found liable, "it would be only because the pharmacists relied in good faith on facially valid prescriptions"). That is not true. As the Court ruled in Case Track One-B: "Plaintiffs' theory and intended proof do not rely on whether Prescribers made negligent or

fraudulent representations. . . . [A] finding of Defendants' liability will be based on the distinct duties of the Pharmacies, involving facts largely independent of any individual Prescriber or prescription." Order, Mar. 31, 2020, at 4, Dkt. 3246. In any event, such dependence on the facts underlying Plaintiffs' claims is not the sort of dependence on Plaintiffs' claims required for proper impleader. *See American Zurich*, 512 F.3d at 805 (finding impleader improper where third-party claim not dependent on plaintiff's claim "even though arising out of the same occurrence underlying" it).

Pharmacy Defendants rely on *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319 (N.D. Ohio 2008). *See* Br. Opp. 5. That case illustrates their error. The court there held impleader proper as to third-party defendants who had received proceeds from transactions that were challenged as unlawful by plaintiff in the original action. *See* 250 F.R.D. at 322 (derivative requirement satisfied because "whether the [third-party defendant] salesmen violated fiduciary duties or unjustly enriched themselves will turn on whether [employer defendant] is found liable for non-compliance with the MOPP"). Third-party liability flowed directly from the success of plaintiff's claim: if defendant were liable to plaintiff on the unlawful transactions, third-party defendants holding proceeds from those unlawful transactions would be unjustly enriched at defendant's expense. *See id.* Here, Pharmacy Defendants have shown no such dependent relationship between the success of Plaintiffs' claims—as opposed to the facts required to prove them—and Prescriber Defendants' third-party liability.

C.    **Pharmacy Defendants' Misrepresentation Claims (Counts I–III) Are Independent of Plaintiffs' Claims**

In their opening brief, Plaintiffs argued that Pharmacy Defendants' misrepresentation claims seek to impose independent and primary, not dependent and derivative, liability on Prescriber Defendants. *See* Br. Supp. 9. Pharmacy Defendants' counterargument that a

reasonable jury could find reasonable reliance by Pharmacy Defendants on Prescriber Defendants, Br. Opp. 8, is not responsive. It does not address the nature of the liability to be imposed by the misrepresentation claims.

That liability is independent of Plaintiffs' claims because it does not turn on their outcome. Pharmacy Defendants admit as much by pleading complete and present causes of action against Prescriber Defendants for harm "already caused" by having to defend Plaintiffs' suit. Third-Party Compls. ¶ 34. In other words, Pharmacy Defendants could be found not liable to Plaintiffs and still recover from Prescriber Defendants. *See Mitchell v. Hood*, 614 F. App'x 137, 140 (5th Cir. 2015) (unpublished) ("[Defendant] specifically alleges that he has been harmed by [third-party defendant] simply by becoming embroiled in this conflict, and the existence of [plaintiff's] lawsuit, regardless of whether [plaintiff] prevails."). Such claims "stand on their own." *Id.* They are not proper third-party claims. *Id.* (ordering dismissal of third-party defendant because improperly impleaded).

### D.     Indemnification (Count IV) Is Unavailable Under Ohio Law

As both opening briefs discuss, Ohio recognizes an implied right to indemnification between a passive, secondarily negligent tortfeasor and an active, primarily negligent tortfeasor who share a common duty to plaintiff. *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, 307 F. Supp. 3d 719, 728, 731 (S.D. Ohio 2018). Pharmacy Defendants' opposition does not support such indemnification here.

First, as this Court has held, pharmacists and prescribers are under "distinct," not common, antidiversion duties. Order, Mar. 31, 2020, at 4, Dkt. 3246; *see* Br. Supp. 8 (same). Citing *CSX*, Pharmacy Defendants respond that their relationship to Prescriber Defendants with respect to Plaintiffs is like the relationship between a construction manager and a project engineer with respect to the project owner who hired them both. Br. Opp. 10; *see CSX*, 307 F.

Supp. 3d at 730 (holding defendant manager sufficiently alleged common duty with impleaded engineer to plaintiff owner). That is implausible on its face. The Third-Party Complaint allegations Pharmacy Defendants offer in support indeed say nothing about "a shared goal . . . for the benefit of the injured parties," *CSX*, 307 F. Supp. at 730, only that Pharmacy Defendants reasonably relied on Prescriber Defendants. *See* Br. Opp. 10 n.2.

Second, Plaintiffs do not charge Pharmacy Defendants with merely passive misconduct secondary to Prescriber Defendants' misconduct. As Pharmacy Defendants acknowledge, not all red flags are raised by prescribers. *See* Br. Opp. 3. Even when they are, Pharmacy Defendants are wrong to liken themselves to the *CSX* defendant, who was hired only to follow and implement plans of the third-party defendant. *See* 307 F. Supp. 3d at 732 (holding defendant plausibly alleged passive negligence relative to third-party defendant's active negligence). Here, Pharmacy Defendants' passive deference to Prescriber Defendants is precisely what the law prohibits. *See* Br. Supp. 4 (same).

### E.      Contribution (Count V) Is Unavailable Under Ohio Law

In their opening brief, Plaintiffs argued Ohio does not allow contribution for absolute public nuisance caused by "intentional and unlawful" conduct. Br. Supp. 9. Pharmacy Defendants respond that this argument is inconsistent with Plaintiffs' allegations that Pharmacy Defendants' conduct was "intentional . . . and/or violated statutes." Br. Opp. 10, quoting Pls.' Am. Compls. ¶ 620, Dkts. 3326, 3327. Pharmacy Defendants are wrong.

This Court has rejected Pharmacy Defendants' argument that Plaintiffs' absolute public nuisance claims "fundamentally sound in negligence" because "Plaintiffs clearly allege Defendants engaged in *intentional* conduct." Order, Aug. 6, 2020, at 27, Dkt. 3403 (denying motion to dismiss); *see also id.* at 28 (intent requirement satisfied where "the harm and resulting damage are the necessary consequences of just what the defendant is doing"). Pharmacy

Defendants offer no reason why the Ohio rule barring contribution for intentional torts would not apply here.

### III.     Pharmacy Defendants Fail to Justify a Favorable Exercise of Discretion

In their opening brief, Plaintiffs argued Pharmacy Defendants' third-party claims should be stricken or alternatively severed and deferred because the late addition of "as many as ten thousand new defendants" would throw this carefully managed bellwether litigation into disarray. Br. Supp. 6; *see id.* at 6–7 (striking), 10–12 (severance). Pharmacy Defendants argue it is Plaintiffs' fault for creating so many potential third-party defendants. Br. Opp. 6–7. This argument fails to address the fact that Pharmacy Defendants' attempt to exercise their Rule 14 option, *see* Fed. R. Civ. P. 14(a)(1) (defendant "may" serve third-party complaint), threatens necessarily to distract from and delay the approaching bellwether trial against national defendants by adding thousands of one-time individual defendants from whom no discovery has yet been taken.

The Court has already rejected a similar attempt by Pharmacy Defendants to obscure this basic fact. *Compare* Dkt. 3105, at 9 (raising same "it's their fault" argument in Case Track One-B), *with* Order, Mar. 31, 2020, at 5, Dkt. 3246 (finding that allowing third-party claims would cause unacceptable prejudice and delay). The Court should do so here.

### CONCLUSION

For the reasons given above and in Plaintiffs' opening brief, the Court should grant Plaintiffs' motion to strike Pharmacy Defendants' Third-Party Complaints or in the alternative sever and defer their determination.

Dated: November 16, 2020      Respectfully submitted,

*/s/ Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

*/s/ Joseph F. Rice*
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

*/s/ Paul T. Farrell, Jr.*
Paul T. Farrell, Jr., Esq.
FARRELL LAW
422 Ninth Street, 3rd Floor
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank Gallucci
PLEVIN & GALLUCCI COMPANY, L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and*
*Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16th, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/ Peter H. Weinberger*
Peter H. Weinberger

*Plaintiffs' Liason Counsel*