**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) | MDL 2804 |
| ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) ) | Judge Dan Aaron Polster |
| *Track Three Cases* ) ) ) | **OPINION AND ORDER** |

Before the Court is Plaintiffs' Motion to Strike or Sever Pharmacy Defendants' Third-Party Complaints (Doc. #: 3542). Pharmacy Defendants oppose the Motion (Doc. #: 3551) and Plaintiffs filed a Reply (Doc. #: 3556).

In the Track One-B cases in this multidistrict litigation, the Plaintiffs alleged, *inter alia*, Pharmacy Defendants created an absolute public nuisance in the Plaintiff Counties by failing to protect against diversion in their retail dispensing of prescription opioids. *See generally* Doc. ##: 2943, 2944. Pharmacy Defendants filed third-party complaints against John and Jane Doe prescribers, alleging that if Pharmacy Defendants were found liable to Plaintiffs, "it would be only because the pharmacists relied in good faith on facially valid prescriptions written and/or authorized by one of the Prescriber Defendants." Doc. #: 3064 at ¶ 36; Doc. #: 3064 at ¶ 37. Plaintiffs moved to strike or sever the third-party complaints. Doc. #: 3074. The Court struck the third-party complaints on the grounds that Pharmacy Defendants' claims are not dependent on Plaintiffs' claims against them and therefore are not proper third-party claims under Rule 14 and adding the claims and parties would cause undue delay. Doc. #: 3246.

Now, the Track Three Plaintiffs[1] similarly allege Pharmacy Defendants are liable for creating a public nuisance in the Plaintiff Counties for failing to protect against diversion in their retail dispensing of prescription opioids. *See generally* Doc. ##: 3326, 3327. Pharmacy Defendants again filed third-party complaints against John and Jane Doe prescribers. Doc. #: 3515, 3517. Pharmacy Defendants allege that if they are found liable to Plaintiffs "it would be only because the pharmacists relied in good faith on facially valid prescriptions written and/or authorized by one of the Prescriber Defendants" and the prescribers will be "fully liable" to them. Doc. ##: 3515, 3517 at ¶¶ 10, 33. Plaintiffs move to strike or sever the complaints, and they rely on the Court's Opinion and Order striking the nearly identical third-party complaints in Track One-B to support their arguments that the Pharmacy Defendants' claims are not proper third-party claims under Rule 14 and adding these claims will result in undue prejudice and delay. Doc. #: 3542.

The Court incorporates by reference its Rule 14 analysis of the Pharmacy Defendants' nearly identical purported third-party claims in Track One-B. *See* Doc. #: 3246 at 2–5. Pharmacy Defendants do not argue that analysis does not apply here or identify anything in this case that requires a different outcome. In fact, they agree with the Court that Plaintiffs' dispensing-related allegations pertain to the Pharmacy Defendants' own duties not shared with others. Opp. at 2 (Doc. #: 3551). However, they claim that is only the beginning of the analysis. But their next step is to repeat substantially the same arguments the Court already rejected. *Compare* Opp. at 4–6 (Doc. #: 3551) *with* Track One-B Opp. at 2–4 (Doc. #: 3105) (both making similar arguments that the third-party claims are factually and legally dependent on the outcome of Plaintiffs' claims).[2] As

---

[1] As the parties well know, the Sixth Circuit struck the Plaintiffs' dispensing-related allegations in Track One-B, and the Court established Track Three for bellwether trial of this theory of Pharmacy Defendants' liability.

[2] Pharmacy Defendants' reliance on *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319 (N.D. Ohio 2008) is unavailing. In *Trane*, a manufacturer sued a franchisee for violating its policies and procedures, and the franchisee sought to implead engineers involved in the allegedly violative transactions. The issue of whether the engineers violated fiduciary duties or unjustly enriched themselves turned on whether the franchisee was liable to the manufacturer for the *same* violations of policies and procedures, and so the Court found the claims were suitable third-party claims. 250 F.R.D. at 322.

the Court stated, "a finding of Defendants' liability will be based on the distinct duties of the Pharmacies, involving facts largely independent of any individual Prescriber or prescription …. The Court finds no basis on which the Pharmacies can simply transfer to Prescribers their liability to Plaintiffs." Doc. #: 3246 at 4–5. Pharmacy Defendants again have not asserted third-party claims within Rule 14.[3]

As in Track One-B, it is undisputed that the addition of these claims and parties will cause the trial to be more complex and will force significant delay. Mot. at 6–7 (Doc. #: 3542); Opp. at 6–7 (Doc. #: 3551). The current schedule contemplates trial will begin May 10, 2021. Doc. #: 3329 at 7. This schedule cannot be maintained if the currently unidentified third-party defendants are added to the case. *See* Doc. #: 3246 (describing time-consuming steps Pharmacy Defendants must take to identify prescribers and conduct discovery). Accordingly, striking the third-party claims is appropriate.[4]

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Strike or Sever Pharmacy Defendants' Third-Party Complaints, Doc. #: 3542, and **STRIKES** the Third-Party Complaints, Doc. ##: 3515, 3517.

**IT IS SO ORDERED.**

    /s/ Dan Aaron Polster  November 18, 2020
**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

---

Here, Plaintiffs' claims against the Pharmacy Defendants are based on duties and injuries distinct from those alleged in the Third-Party Complaints. *See* Doc. #: 3246 at 3–5.

[3] Due to this conclusion, the Court need not consider the parties' arguments regarding whether the claims are obviously unmeritorious or whether trying them separately from Plaintiffs' claims creates unacceptable risk of inconsistent outcomes.

[4] While a finding of delay and prejudice might support severing, rather than striking, the third-party claims, because the Court concludes the claims do not fall within Rule 14, striking them is appropriate.