UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) ) ) ) | SPECIAL MASTER COHEN<br><br>DISCOVERY RULING NO. 14, PART 15 REGARDING WALGREENS' PRIVILEGE CLAIMS |

During Track One discovery, defendant Walgreens withheld production of certain documents based on attorney-client privilege. Plaintiffs took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents. Plaintiffs requested *in camera* review of a sampling of the remaining disputed documents. After some disagreement over the timeliness of this request, the Court granted it.[1]

Walgreens submitted the disputed documents to the Special Master for *in camera* review and both parties submitted a chart summarizing their positions regarding each contested document. Walgreens also submitted a letter brief detailing its arguments in support of privilege. Having considered these submissions carefully, the Special Master now rules on the challenged documents.

---

[1] Doc. #: 3527 affirming and adopting Modified Discovery Ruling 23 (Doc. #: 3461).

## I. Legal Standards.

### A. General Standards.

The Special Master has applied the legal standards and authorities set out in all prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[2] *See, e.g., Ziegler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).

### B. Additional Explanation.

The Special Master adds the following explanation, in an effort to help the parties address privilege issues on their own, going forward. In ruling on Walgreens' privilege claims, the Special Master had to draw distinctions lying along two principal dividing lines. First, many of the claims required determination of whether the relevant communication involved a request for or provision

---

[2] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

of *legal advice* as opposed to *regulatory advice for a business purpose*.  If Walmart did not carry its burden of showing the communication was for legal advice, then the privilege claim was overruled.  The Special Master repeatedly applied this distinction in previous Discovery Rulings.  The Special Master highlights it again, however, because Walgreens repeatedly claims a document is privileged merely because it provides legal advice, and the Special Master then finds this assertion not well-taken.  To repeat, simply *saying* a document contains legal advice – and not simply regulatory advice for a business purpose – is insufficient; it is Walgreens' burden to show how and explain why this is true.

Second, numerous documents required determination of whether an internal communication arose in the context of: (a) Walgreens' ongoing implementation of suspicious order monitoring systems to comply with DEA regulations; or (b) Walgreens' response to a current DEA audit or enforcement action.  When the communications arose in the latter context, the Special Master generally upheld the claim of privilege, even though the subject matter was otherwise regulatory in nature.  In other words, if a document reflects (for example) Walgreens' internal discussion with counsel regarding how to respond to a current DEA investigation, it is privileged, even though DEA is investigating regulatory compliance.   In contrast, if a document reflects (for example) Walgreens' internal discussion with counsel on how to comply with DEA regulations as a matter of normal business operations, then it is not privileged.

Finally, the Special Master notes that some of these privilege rulings were close calls requiring subtle judgments about the context, intent, and nature of the communications, and whether Walgreens carried its burden.  Even though Walgreens' privilege claims are not always well-taken, the Special Master does not find Walgreens is over-using privilege designations inappropriately.

Accordingly, the Special Master rules as shown in the chart below.[3]

## II. Rulings.

| | | |
|---|---|---|
| E04435487 | | All redactions overruled. |
| E04435492 | | All redactions overruled. |
| E04436083 | | Redactions on pages 16, 26, and 47 overruled. Redactions on pages 63-67 sustained. |
| E04190311 | | All redactions sustained. |
| E04190341 | | All redactions sustained. |
| EM00443110 | | All redactions sustained. |
| E04434561 | | All redactions sustained. |
| E04435251 | | Redactions on page 3 overruled. Redactions on pages 12-20, 50-51 sustained. |
| E04435252 | | All redactions sustained. |
| E04435256 | | All redactions sustained. |
| E04435258 | | All redactions sustained. |
| E04435259 | | All redactions sustained. |
| E04435508 | | All redactions overruled. |
| E04435655 | | All redactions sustained. |
| E04436579 | | Overruled. |
| E04435666 | | Redactions on pages 1-5 overruled. Redactions on pages 9-11 sustained. |
| EM00141424 | | All redactions sustained. |
| EM00197484 | | All redactions sustained. |
| EM00250399 | | All redactions sustained. |
| EM02381423 | | All redactions sustained. |
| EM00511818 | | All redactions sustained. |
| EM00247614 | | All redactions sustained. |
| EM00509206 | | All redactions overruled. |
| EM00510536 | | Overruled. |
| EM00511951 | | All redactions overruled. |
| E04435293 | | All redactions sustained. |
| E04436520 | | All redactions sustained. |
| EM00510897 | | Walgreens has withdrawn its privilege claim. |
| EM02381092 | | Walgreens has withdrawn its privilege claim. |
| EM00511243 | | Walgreens has withdrawn its privilege claim. |
| EM00206972 | | Walgreens has withdrawn its privilege claim. |
| EM00247615 | | Walgreens has withdrawn its privilege claim. |

---

[3] In almost every case, Walgreens produced these documents in partly-redacted form and submitted the redacted documents for *in camera* review. Consequently, the Special Master rules on Walgreens' redactions, except in the cases of E04436579 and EM00510536, as to which the rulings relate to the entire document.

### III. Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before December 1, 2020.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: November 19, 2020**