UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL NO. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 17-md-2804 |
| *Jennifer Artz, et al. v. Endo Health Solutions Inc., et al.*, Case No. 1:19-OP-45459 | Judge Dan Aaron Polster |
| *Michelle Frost, et al. v. Endo Health Solutions Inc., et al.*, Case No. 1:18-OP-46327 | |
| *Salmons v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45268 | |

**ASSERTIO THERAPEUTICS, INC. (f/k/a DEPOMED, INC.)'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO NAS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Assertio Therapeutics, Inc. ("Assertio") respectfully requests leave to file a short, two-page surreply in response to Plaintiffs' Reply in Support of Their Consolidated Motion for Class Certification (Doc. 3555) (the "Reply"). Assertio's proposed surreply is attached hereto as Exhibit A.

There is good cause to grant Assertio's leave to file a surreply. Surreplies are appropriate when "new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)); *see Wilson v. Adrock*, 2019 WL 5866585, at *1 (E.D. Ky. May 21, 2019) (same). Courts in this district routinely grant requests to file surreplies where new issues are raised on reply. *See, e.g.*, *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010) ("This Court grants leave to file a

1

sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply."); *Ferguson v. Lorillard Tobacco Co., Inc.*, 475 F. Supp. 2d 725, 728 n.4 (N.D. Ohio 2007) (same); *Elliott Co. v. Liberty Mut. Ins. Co.*, 239 F.R.D. 479, 480 n.1 (N.D. Ohio 2006) (same).

Here, Plaintiffs requested and were granted leave to file an overlength reply in support of their motion for class certification. Doc. 3554, Order (Nov. 13, 2020). In an email to Special Master Cohen regarding that request, Plaintiffs stated they were "amenable to allowing Defendants to file a 10 page sur-reply." *See* Doc. 3563-2. Furthermore, the Reply raises a new issue that implicates Plaintiffs' claims against Assertio.

In their Reply, Plaintiffs note that Michelle Frost has withdrawn her request to be appointed as a class representative in the NAS lawsuits. Doc. 3555 at 2, n.4. This new development means that *all* of the children of the remaining proposed NAS class representatives were born before Assertio entered the opioid market. Assertio seeks leave to briefly address this new development, as well as Plaintiffs' conditional request to add another proposed class representative, in a narrowly-tailored surreply.

Accordingly, Assertio requests that the Court grant its motion for leave to file Exhibit A as a surreply.

Date: November 23, 2020                          Respectfully submitted,

                                                          **BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*
     Kevin M. Sadler
     Texas Bar No. 17512450
     kevin.sadler@bakerbotts.com
     Scott D. Powers
     Texas Bar No. 24027746
     scott.powers@bakerbotts.com
     David T. Arlington
     Texas Bar No. 00790238
     david.arlington@bakerbotts.com
     98 San Jacinto Blvd., Suite 1500
     Austin, Texas 78701
     (512) 322-2500 (Telephone)
     (512) 322-2501 (Facsimile)

ATTORNEYS FOR DEFENDANT ASSERTIO
THERAPEUTICS, INC. F/K/A DEPOMED, INC.

## CERTIFICATE OF SERVICE

      I certify that I caused a true and correct copy of the foregoing document to be electronically filed on November 23, 2020, which will send notification of such filing through the Court's CM/ECF system to all counsel of record.

                                              */s/ Kevin M. Sadler*
                                              Kevin M. Sadler