# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>BOARD OF EDUCATION OF CHICAGO PUBLIC SCHOOLS, DISTRICT 299, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CEPHALON, INC., *et al.*<br><br>    Defendants. | MDL No. 2804<br><br>Case No. 1:19-op-46042-DAP<br><br>[Consolidated with 1:19-op-45913-DAP]<br><br>Judge Dan Aaron Polster |

## PHARMACY DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT

Pharmacy Defendants[1] hereby oppose the motion for leave to file a first amended consolidated complaint filed by Plaintiff Chicago Public Schools. ECF #6 (Case 19-46042).[2] Under this Court's order on amendments, plaintiffs had 90 days from the filing of their complaint to amend as of right. ECF #1106 at 3 n.7 (Case 17-02804). Plaintiff missed this deadline. Accordingly, this Court's moratorium on non-bellwether filings, designed to bring order to this MDL and to prevent an unmanageable deluge of filings, applies, and the Court should deny the

---

[1] Pharmacy Defendants are CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., Walgreens Boots Alliance, Inc., Walgreen Co., Walgreen Eastern Co., Walmart Inc. f/k/a/ Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, WSE Management Inc., WSE Investment LLC, Wal-Mart Stores East, Inc., Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center, and Rite Aid of Ohio, Inc.

[2] Because this action has a separate case number, citations herein are to the ECF docket number followed by the relevant case number.

motion to amend without prejudice. This is especially so given that the motion raises issues that overlap with one of the bellwether cases already selected by the Court and already in process. Indeed, the propriety of asserting class-action claims based on the effects of neonatal abstinence syndrome should, at a minimum, await the Court's rulings on such issues in the NAS bellwether. If, however, the Court takes up the motion notwithstanding the moratorium, the motion should be denied on the merits because Plaintiff fails to satisfy the "good cause" standard of Rule 16.

## I. BACKGROUND

On November 20, 2019, Plaintiff Chicago Public Schools filed a class action complaint in the MDL. In accordance with the moratorium on substantive filings, the docket reflects no substantive activity thereafter until October 26, 2020, when Plaintiff filed the instant motion for leave to file a first amended complaint.[3] According to Plaintiff, the proposed first amended complaint makes two substantive changes. First, it would "add a broad national coalition of public school district class representatives in order to ensure that public schools have a voice in the MDL." ECF #6 ¶ 13 (Case 19-46042). The "broad national coalition" means over 50 new named plaintiffs. Second, Plaintiff "seek[s] to add allegations against National Retail Pharmacies and claims against their subsidiaries based on information that was not available until Track 1B and Track 3 filed amended complaints." *Id.* ¶ 15. Plaintiff does not explain those new allegations in its motion. It appears, however, that the proposed amended complaint would add some 40 pages of allegations against the Pharmacy Defendants. *Compare* ECF #1 at 158–166 (Case 19-46042) *with* ECF #6-1 at 163–216 (Case 19-46042). Almost all of the new allegations describe events from years ago; Plaintiff's apparent position is that it did not know of these events until other plaintiffs

---

[3] On October 30, 2020, Plaintiff filed a series of waivers of service, reflecting that various Defendants had accepted service of the initial complaint prior to the motion for leave.

2

filed amended complaints. *See* ECF #6 ¶ 15 & n.4 (Case 19-46042). Finally, although Plaintiff does not mention this change, the proposed amended complaint would add five new causes of action against all Defendants. *See* ECF #6-1 at 249–253 (Case 19-46042).

## II. ARGUMENT

### A. The Court's Moratorium on Non-Bellwether Filings Prohibits Plaintiff's Motion for Leave to Amend

On December 14, 2017, this Court issued a 60-day moratorium on "all filings" in the MDL other than a few enumerated exceptions. ECF #4 at 4 (Case 17-02804). On January 11, 2018, the Court continued the moratorium indefinitely "on all substantive filings." ECF #70 at 2 (Case 17-02804). On February 16, 2018, the Court reconfirmed the moratorium. ECF #130 at 1–2 (Case 17-02804). It also clarified that "the parties may not file responsive pleadings (e.g. answers or motions to dismiss)" and, "upon lifting of the moratorium by subsequent order of this Court, the parties shall be allowed to file responsive pleadings and motions without waiver of any rights or obligations related to timeliness." *Id.* at 2. Most parties have complied with these orders for nearly two years and not made substantive filings other than in the active bellwether cases or where a Case Management Order specifically permits filings. When parties have filed motions in non-bellwether cases, the Court has enforced the moratorium. *E.g.*, ECF #1074 (Case 17-02804) (denying without prejudice Edge Pharmacy's motion to dismiss or for a more definite statement in non-bellwether case because case was subject to the moratorium); Minute Order, Aug. 26, 2019 (Case 17-02804) ("Pursuant to the Court's moratorium on substantive filings (Doc #: 70), Defendant Dipre's and Weinreb's Motion to Extend Time to File Responsive Pleading (Doc #: 2509) is DENIED as MOOT.").

Plaintiff's motion for leave to file an amended complaint is a "substantive filing" barred by the moratorium. The proposed amended complaint would add more than 50 new class

3

representatives, 5 new causes of action, and 40+ pages of new allegations. Accordingly, the Court should enforce the moratorium here just as it has done in prior instances when parties have violated its terms. If the Court overlooks the violation here, it would invite countless other parties to disregard the moratorium.

But enforcing the moratorium against Plaintiff is not warranted merely to ensure future adherence to the Court's orders. The moratorium was designed to allow the Court and the parties to focus on the most important issues driving the MDL. To that end, the Court has identified a select number of cases to proceed through preliminary motions or toward bellwether trials on the expectation that resolution of the issues in those cases will impact other cases, including this one. In fact, many issues presented in the proposed amended complaint are currently under consideration in a similar case.

Plaintiff's chief grievance is the alleged damage incurred by public schools in educating children who were exposed to opioids *in utero*, including children born with Neonatal Abstinence Syndrome (NAS). *See* ECF #6 ¶ 6 (Case 19-46042). But the Court has already selected several NAS class action cases for advancement on its calendar, and the parties in those cases have briefed a comprehensive motion for class certification of many NAS issues that would overlap with the issues raised by Plaintiff here. *See* ECF #3066 (Case 17-02804) (motion for class certification); ECF #3523 (Case 17-02804) (opposition to motion). For instance, defendants have argued that NAS cases are unsuited for class adjudication because "NAS encompasses symptoms that can be caused by many different substances, including alcohol, nicotine, and common non-opioid prescription medications like antidepressants and benzodiazepines." ECF #3523 at 24 (Case 17-02804). The Court's rulings regarding whether claims relating to the effects of NAS can be disputed on a class-wide basis will likely affect the viability of class claims filed by Plaintiff here.

The point is not to adjudicate Plaintiff's claims for class certification in this opposition. On the contrary, the point is that the Court's existing case management plan, including its moratorium on substantive filings in non-bellwether cases, will only work if the Court and the parties actually adhere to the plan. If the Court permits Plaintiff to amend its complaint now, it will distract the Court and affected parties from the issues in active litigation, some of which overlap with issues that are sure to arise in Plaintiff's case. The Court should deny the motion for leave to amend without prejudice. At the appropriate time, the Court and the parties can determine whether leave to amend should be granted in light of the rulings in other comparable cases.

**B.     Alternatively, the Court Should Deny Leave to Amend for Plaintiff's Failure to Show Good Cause for Missing the Court's Deadline**

If the Court takes up the merits of Plaintiff's motion notwithstanding the moratorium, it should deny it. This Court's November 8, 2018 order addressed amendment deadlines for cases later added to the MDL: "With respect to cases transferred into this MDL after the entry of this Order, any amended complaints to be filed without seeking leave of Court must be filed the later of March 16, 2019, the applicable deadline under Fed. R. Civ. Pro. 15(a)(1), or 90 days following transfer into this MDL." ECF #1106 at 3 n.7 (Case 17-02804).  In this case, the latest is 90 days from the filing of the complaint in the MDL: Plaintiff's deadline to amend was February 18, 2020.[4]

Because Plaintiff's motion to amend comes more than eight months after the deadline set in the scheduling order, Rule 16 requires Plaintiff to show "good cause" for the untimely amendment—that is, that "despite [Plaintiff's] diligence [Plaintiff] could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Although Plaintiff's motion

---

[4] The scheduling orders provide that Plaintiff will again be permitted to amend "[i]f a case is later designated as a bellwether for motion practice or trial." ECF #371 at 1 (Case 17-02804). This Court explained that the scheduling order permitted the amendment of the complaints in Track 3 because those cases had been designated as bellwethers.

5

nods to the "good cause" standard of Rule 16, ECF #6 at ¶ 2 (Case 19-46042), only one sentence of the motion makes any attempt at justifying the untimely amendment, stating that the new allegations are "based on information that was not available until Track 1B and Track 3 filed amended complaints." *Id.* at ¶ 15.

This argument does not constitute "good cause." Plaintiff makes no attempt to demonstrate what this "information" might be or why—if Plaintiff had acted with diligence—the original deadline could not have been met. To the contrary, the motion for leave to file the Track 1B Amendment by Interlineation was filed on October 29, 2019, nearly one month before Plaintiff filed its original complaint. *See* ECF #2880 (Case 17-02804). To the extent that Plaintiff needed the information from the Track 1B complaint, it was available to Plaintiff within the deadline set by the scheduling order. Because Plaintiff cannot rely on the unavailability of this information to demonstrate "good cause" for failing to meet the original deadline, this Court's scheduling order bars the amendment.

### III. CONCLUSION

For the foregoing reasons, the Court should deny the motion for leave to amend the complaint without prejudice to Plaintiff's filing a comparable motion when the moratorium is lifted. Alternatively, if the Court considers the merits of Plaintiff's motion, it should deny it with prejudice for failure to show good cause.

Dated: November 24, 2020

Respectfully submitted,

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-4106

6

7551745.5

edelinsky@zuckerman.com
smiller@zuckerman.com

*Attorneys for CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS Pharmacy, Inc., and Ohio CVS Stores, L.L.C.*


/s/ Kelly A. Moore (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center, and Rite Aid of Ohio, Inc.*

*/s/* Kaspar J. Stoffelmayr (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com

7

Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*

/s/   John M. Majoras (consent)
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc. f/k/a/ Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, WSE Management Inc., WSE Investment LLC, and Wal-Mart Stores East, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 24, 2020, the foregoing was served via the Court's ECF system to all counsel of record.

/s/ *Eric R. Delinsky*
Eric R. Delinsky

7551745.5