# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re:  NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) | MDL NO. 2804 |
| | ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO | ) | |
| "*All cases*" | ) | Judge Dan Aaron Polster |

## WALGREENS OBJECTION RE: DISCOVERY RULING NO. 14, PART 15

Walgreens Boots Alliance, Inc., Walgreen Co. and Walgreen Eastern Co. ("Walgreens")
submit the following Objection to the Special Master's Discovery Ruling No. 14, Part 15
concerning Walgreens' privilege claims.  The Special Master's ruling was based, at least in part,
on a misapplication of the law and must be reversed.

## INTRODUCTION

On November 20, 2020, the Special Master issued a ruling on a sample of Walgreens'
privilege claims.  ECF 3562.  That Order upheld the vast majority of Walgreens' privilege claims
and recognized that "Walgreens is [not] over-using privilege designations inappropriately." *Id*.
at 3-4.

But the Special Master rejected Walgreens' privilege claims on a small number of
documents—most of which contained only limited redactions—on the following basis:

> [N]umerous documents required determination of whether an internal
> communication arose in the context of: (a) Walgreens' ongoing implementation of
> suspicious order monitoring systems to comply with DEA regulations; or (b)
> Walgreens' response to a current DEA audit or enforcement action . . . if a
> document reflects (for example) Walgreens' internal discussion with counsel
> regarding how to respond to a current DEA investigation, it is privileged, even
> though DEA is investigating regulatory compliance. **In contrast, if a document
> reflects (for example) Walgreens' internal discussion with counsel on *how to
> comply* with DEA regulations as a matter of normal business operations, then
> it is not privileged.**

*Id.* at 3 (emphasis added).[1]

The Special Master was wrong to conclude that attorney-client communications regarding "compli[ance] with DEA regulations" in the absence of a "current DEA audit or enforcement action" are excluded from the protections of the attorney-client privilege.  A request from a corporation to in-house counsel to determine whether its practices are compliant with federal regulations is a classic request for legal advice.  *See, e.g.*, *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2012 WL 5495514, at *9 (S.D. Ohio Nov. 13, 2012).  Unlike the work product doctrine, moreover, the attorney-client privilege is not dependent on the status of ongoing litigation or enforcement actions.  *See, e.g*, *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621 (7th Cir. 2010).  The Court should overturn the Special Master's holding because it is at odds with settled law.

## ARGUMENT

I. **Requests to in-house counsel regarding how to comply with federal regulations are requests for legal advice protected by the attorney-client privilege.**

Contrary to the conclusion of the Special Master, communications with counsel regarding compliance with federal regulations fit squarely within the attorney-client privilege.  When attorneys are counseling their clients on "***how to comply*** with the law" including a "complex regulatory framework," courts observe that "their advice in this regard is generally protected by the attorney-client privilege."  *See Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 630 (D. Nev. 2013) (emphasis added) (citing *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002)).

---

[1] The Special Master did not provide an individualized basis for overruling Walgreens' assertions of privilege.  Also absent was any individualized fact finding with respect to which communications were made pursuant to a "current DEA audit."

Thus, the Southern District of Ohio has held that work of a third party to "assess [Defendant's] compliance with regulatory requirements and company policies" is "legal advice" subject to protection.  *Graff*, 2012 WL 5495514, at *9.  And in *Wilkinson v. Greater Dayton Reg'l Transit Auth.*, the Southern District of Ohio held that communications regarding "compli[ance] with the FMLA and its accompanying Regulations" were protected by the attorney-client privilege, recognizing the importance of encouraging corporations "to engage in the open and frank discussions necessary to promote" such compliance.  2014 WL 953546, at *2 (S.D. Ohio March 11, 2014) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 392 (1981)).  *See also In re Morning Song Bird Food Litig.*, No. 12cv1592 JAH (RBB), 2015 WL 12791473 at *3 (S.D. Cal. July 17, 2015) (documents reflecting assessments of "regulatory compliance, including [Defendant's] compliance with federal, state, and local regulations" are privileged); *accord Upjohn*, 449 U.S. at 392 ("In light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike most individuals, constantly go to lawyers to find out how to obey the law, particularly since compliance with the law in this area is hardly an instinctive matter.") (quotation marks and citation omitted).

That result is consistent with the core principles governing attorney-client privilege. "Fundamentally, legal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct." *Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558, 570 (6th Cir. 2015) (quoting *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). "It requires a lawyer to rely on legal education and experience to inform judgment." *Cnty. of Erie*, 473 F.3d at 419.  "When a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of

3

compliance measures—is legal advice." *Id*. at 422. As applicable here, when a lawyer provides advice on corporate conduct that has "important legal implications" including "the potential for legal liability," those communications are entitled to protection. *Alomari*, 626 F. App'x at 571.

The protections of the attorney-client privilege work in the same way whether legal advice is sought concerning obligations under statutory law, case law, or binding regulations. Here, Plaintiffs base their entire case on allegations of non-compliance with regulations. The attorney-client privilege plainly protects counsel's interpretation of those regulations, including "advice and opinions" regarding the regulatory consequences of corporate policies. *Graff*, 2012 WL 5495514 at *9.

II.     **The attorney-client privilege is not dependent on the pendency of governmental investigations or litigation.**

The Special Master also erred in holding that the applicability of the attorney-client privilege depends on whether a "current DEA investigation" is ongoing. It is well established that the attorney-client privilege, unlike the work product doctrine, "protects not only the attorney-client relationship in imminent or ongoing litigation but also the broader attorney-client relationship outside the litigation context." *Sandra T.E.*, 600 F.3d at 621. And that is the desired outcome, because "[c]onfidential legal advising promotes the public interest by advising clients to conform their conduct to the law and by addressing legal concerns that may inhibit clients from engaging in otherwise lawful and socially beneficial activities." *Id*. (citation omitted). *See also, e.g.*, *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014) (granting a petition for a writ of mandamus and observing that "[i]n the context of an organization's internal investigation, if one of the significant purposes of the internal investigation was to obtain or provide legal advice, the privilege will apply. That is true regardless of whether an internal investigation was conducted pursuant to a company compliance program required by statute or

4

regulation, or was otherwise conducted pursuant to company policy."); *accord Graff*, 2012 WL

5495514 at *9-13; *In re Morning Song*, 2015 WL 12791473 at *3.

Here, Plaintiffs claim that Walgreens may be liable if it failed to comply with regulations

promulgated under the Controlled Substances Act.  When Walgreens asks its internal counsel for

advice about how to comply with those regulations, those communications are privileged

attorney-client communications regardless of whether they took place in connection with a

current DEA audit.  Indeed, that is "the exact sort of behavior the privilege seeks to encourage."

*Doe 1 v. Baylor Univ.,* 320 F.R.D. 430, 437 (W.D. Tex. 2017).

### III.     No cases cited by the Special Master support a contrary conclusion.

The cases cited by the Special Master's Order arrive at the unremarkable conclusion that

many aspects of a business may be subject to federal regulations, and not all communications

about such business practices are automatically protected from disclosure.  *See* ECF 3562 at 2.

Following this general rule, this Court also has observed that "Defendants shall not interpose

attorney-client privilege as a reason for not producing discovery of all details of their SOMS."

ECF 1147 at 1.  But that is not the point here.  Walgreens has produced copious documents

revealing the underlying details of how its suspicious order monitoring systems work.  The

narrow redactions at issue, on the other hand, specifically concern legal advice sought or

provided on regulatory matters.  There is no basis for exempting these communications from the

protection of the attorney-client privilege.  Instead, such communications must be protected to

encourage "open and frank discussions" about regulatory compliance, *Wilkinson*, 2014 WL

953546 at *2, and promote "otherwise lawful and socially beneficial activities," *Sandra T.E.*, 600

F.3d at 621, as multiple authorities acknowledge.

**CONCLUSION**

Discovery Ruling No. 14, Part 15 is based on a misapplication of the law.  Walgreens'

discussions with counsel on how to comply with DEA regulations are entitled to protection

regardless of the presence of a current DEA audit or enforcement action.  The Special Master's

holding to the contrary must be reversed, and Walgreens' assertions of privilege reviewed under

the correct legal standard.


Dated: December 1, 2020                              Respectfully submitted,

                                                     /s/ Kaspar J. Stoffelmayr
                                                     Kaspar J. Stoffelmayr
                                                     Brian C. Swanson
                                                     Katherine M. Swift
                                                     Sharon Desh
                                                     BARTLIT BECK LLP
                                                     54 West Hubbard Street
                                                     Chicago, IL 60654
                                                     Phone: (312) 494-4400
                                                     Fax: (312) 494-4440
                                                     Email: kaspar.stoffelmayr@bartlitbeck.com
                                                     Email: brian.swanson@bartlitbeck.com
                                                     Email: kate.swift@bartlitbeck.com
                                                     Email: sharon.desh@bartlitbeck.com

                                                     Alex J. Harris
                                                     BARTLIT BECK LLP
                                                     1801 Wewatta Street, 12th Floor
                                                     Denver, CO 80202
                                                     Phone: (303) 592-3100
                                                     Fax: (303) 592-3140
                                                     Email: alex.harris@bartlitbeck.com

                                                     *Counsel for Walgreens Boots Alliance,*
                                                     *Walgreen Co. and Walgreen Eastern Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of December 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

<u>*/s/ Kaspar Stoffelmayr*</u>
Kaspar Stoffelmayr

*Attorney for Walgreens Boots Alliance,*
*Walgreen Co., and Walgreen Eastern Co., Inc.*