UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL NO. 2804 |
| | | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO "*All cases*" | ) ) | Judge Dan Aaron Polster |

**WALGREENS' REPLY IN SUPPORT OF ITS OBJECTION RE:
DISCOVERY RULING NO. 14, PART 15**

Plaintiffs make no effort to address the fundamental question at stake in this appeal: does advice from in-house counsel on how to comply with regulations constitute legal advice even if there is no ongoing governmental investigation? The Special Master erred in issuing a broad rule excluding such communications from protection of the attorney-client privilege. That holding is incorrect under any standard. Tellingly, *Plaintiffs do not attempt to defend it in their response*. Discovery Ruling 14, Part 15 must be reversed on that basis.

**I.      Plaintiffs' response does not support the Special Master's broad conclusion.**

Plaintiffs spend the majority of their brief on arguments that are irrelevant to this dispute. Walgreens does not disagree, for example, with the standards governing privilege challenges or that communications about business practices subject to regulation are not automatically protected from disclosure. ECF 3571 at 5. Plaintiffs accomplish nothing by citing extensive case law that confirms these unremarkable principles.[1]

---

[1] None of the cases cited by Plaintiffs otherwise offers support for the Special Master's categorical and unprecedented holding here. *See, e.g.*, *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 29 F. Supp. 3d 142, 146 (E.D.N.Y. 2014) (noting that close review of the documents reflected "human resources and thus business advice" but acknowledging that protected legal advice "involves the interpretation and application of legal principles to guide future conduct or to assess past conduct." (citations omitted); *Sherwood v. BNSF Ry. Co.*, 325 F.R.D. 652, 661-62 (D. Idaho 2018) (rejecting a "blanket assertion" that communications re policies or procedures were

The Special Master's ruling went well beyond this established precedent, however. Although he recognized that Walgreens' communications reflected requests for, or the provision of, advice from in-house counsel about ***how to comply*** with regulatory obligations, the Special Master refused to extend the attorney-client privilege to such communications where they did not occur in connection with a specific, active, and ongoing DEA investigation.  ECF 3562 at 3.  In other words, the Special Master concluded that legal advice can never be the "predominant purpose" of a communication with in-house counsel on regulatory matters in the absence of such an action.

That conclusion is clearly erroneous as a matter of law, and Plaintiffs do not attempt to argue otherwise in their response.  Instead, Plaintiffs' own cases confirm that when counsel provides advice about how to comply with regulations, the attorney-client privilege applies because "society has every interest in assuring that legal advice is sought about how contemplated business transactions can be made to conform to the law." *United States v. Skeddle*, 989 F. Supp. 890, 900 (N.D. Ohio 1997) (internal alterations and citations omitted). This question "should be assessed dynamically"—not on a categorical basis as the Special

---

privileged because they could contain "business-related considerations," but acknowledging that "[t]here remains, nonetheless, the potential that a particular document (or documents) is privileged or protected."); *accord In re Grand Jury Matter,* 147 F.R.D. 82, 85 (E.D. Pa. 1992) (privilege does not extend to all communications with accountants, scientists, and investigators simply because they communicate with attorneys); *Solis v. Milk Specialties Co.,* 854 F. Supp. 2d 629, 633 (E.D. Wis. 2012) (privilege did not extend to "technical process diagrams"); *Intl. Brotherhood of Elec. Workers Loc. 212 v. American Laundry Machinery, Inc.*, 2009 WL 81114, at *2 (S.D. Ohio Jan.9, 2009) (privilege did not extend to "technical" advice); *Glazer v. Chase Home Finance* LLC, 2015 WL 12733394 at *4 (N.D. Ohio Aug. 5, 2015) (privilege did not extend to documents establishing "parameters under which [a] law firm may act as a business or commercial agent"); *cf., e.g., National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, Inc., 967 F.2d 980, 984 (4th Cir. 1992) (applying only the work product doctrine); *United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, 1329 (N.D. Ga. 2015) (not implicating requests to, or advice from, counsel).

Master held—by looking to whether the advice involves "interpretation and application of legal principles to guide future conduct or to assess past conduct." *Alomari v. Ohio Dep't of Pub. Safety*, 626 Fed. Appx. 558, 570 (6th Cir. 2015) (quoting *In re Cnty. of Erie*, 473 F.3d 413, 419-21 (2d Cir. 2007)); *accord Shahbabian v. Trihealth, Inc.*, 2019 WL 4958114, at *6 (S.D. Ohio Oct. 8, 2019) (recognizing that legal advice applies where "persons communicating with counsel [are] seeking advice on the potential ramifications of a business decision.").[2]

Plaintiffs also do not defend the Special Master's broad conclusion that the existence of an ongoing governmental investigation determines the applicability of the attorney-client privilege. Nor could they, as their own cases show the opposite. *See, e.g.*, *In re Trans-Indus., Inc.*, 2011 WL 1130431, at *3 (N.D. Ohio Mar. 28, 2011) ("Privileged information is always excluded from production unless an exception applies or there has been a waiver of the privilege."); *see also Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980) (Attorney-client privilege "is not limited to communications made in the context of litigation or even a specific dispute, but extends to all situations in which an attorney's counsel is sought on a legal matter."); *accord* ECF 3571 at 4-5.

---

[2] Additional cases cited by Plaintiffs further support Walgreens' position. *See, e.g., Dewitt v. Walgreen Co.*, 2012 WL 3837764, at *3-4 (D. Idaho Sept. 4, 2012) (looking to whether advice involved "business-related reasons" or "legal reasons" for a particular course of conduct and holding that "conversations between Walgreens personnel and in-house counsel for the purpose of obtaining legal advice are privileged."); *Rowe v. E.I. duPont de Nemours and Co.*, 2008 WL 4514092, at *8-11 (D. N.J. Sept. 30, 2008) (considering whether an attorney is using his or her legal "expertise" when giving advice on "legal implications of a proposed course of conduct" and holding that communications with in-house counsel regarding interpretations of a federal statute are privileged (internal citations omitted)); *Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514, at *9-13 (S.D. Ohio Nov. 13, 2012) (same); *Wilkinson v. Greater Dayton Reg'l Transit Auth.*, 2014 WL 953546, at *2-4 (S.D. Ohio March 11, 2014) (same); *see also FTC v. Boehringer Ingelheim Pharm., Inc.*, 892 F.3d 1264, 1267-69 (D.C. Cir. 2018) ("[E]nsur[ing] compliance with the antitrust laws" is a "legal purpose" subject to protection even if it implicates business concerns); *accord* ECF 3571 at 2-5.

Finally, it is undisputed that when an attorney is providing legal advice, the lawyer's status as in-house counsel "does not dilute the privilege." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 758 (D.C. Cir. 2014) (citations omitted); *see also* In-house counsel, 1 Attorney-Client Privilege in the U.S. § 3:14 ("The confidential communications between in-house counsel and this client are privileged to the same extent as communications between outside retained counsel and the clients who have consulted him for legal advice or assistance.") (collecting cases).[3]

For all of these reasons, the Special Master erred in holding that Walgreens' communications with in-house counsel on how to comply with DEA regulations are excluded from the attorney-client privilege unless made in the specific context of a current DEA audit or enforcement action. That holding must be reversed.

II.     **This litigation shows why advice on regulatory compliance is legal advice.**

The Special Master's error is particularly clear in the context of this litigation. The DEA regulations in question instruct registrants to "design and operate a system to disclose to the registrant suspicious orders of controlled substances" and require the registrant to "inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant." 21 CFR 1301.74(b). While Defendants disagree, Plaintiffs maintain that the regulations also require more, including application of "due diligence" and "do not ship"

---

[3] Plaintiffs cite a number of cases discussing the distinction between in-house and outside counsel. ECF 3577 at 3-4. But to the extent they are applicable here, those cases reach only the unremarkable conclusion that not "all communications between a corporation's employees and its counsel are *per se* privileged." *Equal Employment Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017). That is, they might be privileged, or they might not be, based on all of the relevant facts and circumstances. *See, e.g.*, *Zigler v. Allstate Ins. Co.*, 2007 WL 1087607, at *1 (N.D. Ohio Apr. 9, 2007) ("[D]ocuments prepared for the purpose of obtaining or rendering legal advice are protected even though the documents also reflect or include business issues. The mere fact that business considerations are weighed in the rendering of legal advice does not vitiate the attorney-client privilege." (internal citations omitted)). None of the Plaintiffs' cases supports a conclusion that a lawyer's role as an in-house lawyer rather than outside counsel removes protection from otherwise privileged communications.

4

obligations that arise through registrant letters, DEA presentations, and informal agency guidance. And Plaintiffs maintain that failure to satisfy these alleged requirements constitutes a violation of federal law, providing a legal basis for massive civil liability.

Against this backdrop, requests by Walgreens employees to their in-house counsel for advice on how to comply with 21 CFR 1301.74(b) and other applicable regulations fit squarely within the traditional bounds of the attorney-client privilege. Rendering such advice requires counsel's "interpretation and application of legal principles" informed by his or her "legal education and experience," to advise which conduct "complies (or better complies) which the legal obligation" in order to avoid "the potential for legal liability." *Alomari*, 626 Fed.Appx. at 570-71; *In re Cnty. of Erie*, 473 F.3d at 419-22. And Plaintiffs' cases recognize that protecting such communications is necessary "in the interest and administration of justice," to secure advice which "can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." *In re Trans-Indus., Inc.*, 2011 WL 1130431, at *1 (quoting *Hunt v. Blackburn*, 128 U.S. 464 (1888)); *accord In re Grand Jury Subpoenas*, 454 F.3d 511, 519-20 (6th Cir. 2006) (cataloguing the history and importance of protecting the privilege within our legal system).

***

The Special Master erred in concluding that "internal discussion[s] with counsel on how to comply with DEA regulations" are not privileged absent an ongoing DEA investigation. ECF 3562 at 3. Plaintiffs make no effort to defend that broad holding. Discovery Ruling No. 14, Part 15 must be reversed on that basis.

5

Dated: December 15, 2020  Respectfully submitted,

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance,*
*Walgreen Co., and Walgreen Eastern Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

                */s/ Kaspar Stoffelmayr*
                Kaspar Stoffelmayr

                *Attorney for Walgreens Boots Alliance,*
                *Walgreen Co., and Walgreen Eastern Co., Inc.*