**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Dan Aaron Polster |
| *All Cases* | ) |
| | ) **ORDER** |
| | ) |

On November 20, 2020, the Special Master issued a ruling on a sample of Walgreens' privilege claims. *Discovery Ruling No. 14, Part 15*, Doc. #: 3562. In that Order, the Special Master upheld the majority of Walgreens' privilege claims.

On December 1, 2020, Walgreens' filed its Objection re: Discovery Ruling No. 14, Part 15. Doc. #: 3571. Walgreens asserted that the Special Master improperly denied its privilege claim**s** with respect to 10 documents. Plaintiffs filed their Response in Opposition December 8, 2020. Doc. #: 3577. Walgreens filed its Reply December 15, 2020. Doc. #: 3581.

While the black letter law is clear and easy to recite, it is not easy to apply in this case. The burden is on the proponent to prove that the documents are privileged; and to be privileged, the communication must have the primary purpose of soliciting or receiving legal, as opposed to business, advice. That line is sometimes very difficult to draw when, as here, Walgreens operates in a heavily regulated business and regulatory compliance advice from in-house counsel is therefore part of Walgreens' day-to-day business operations.

The Court has carefully reviewed the 10 questioned documents. Applying de novo review, the Court upholds the Special Master's rulings on all the documents except EO4435508, where the Court sustains Walgreen's' redactions on the basis of attorney-client privilege.

**IT IS SO ORDERED.**

 **/s/ Dan Aaron Polster  December 21, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**