UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*Track Three Cases*" | ) ) ) ) | Judge Dan Aaron Polster |
| | ) ) ) ) | **ORDER REGARDING "PERSONS WITH RELEVANT KNOWLEDGE"** |

In its Case Management Order, the Court required the Track Three parties to "identify persons and entities with relevant knowledge" two months before the close of fact discovery. CMO at 6, ¶E.6 (docket no. 3329). The point of this requirement was for the parties to begin to narrow down – both for themselves and for their opposition – the universe of persons most likely to be called as witnesses at trial. This would allow the parties to better identify persons worthy of deposition. The CMO also sets forth a subsequent obligation requiring further narrowing and identification of witnesses before trial, as well as narrowed additional depositions. *See id.* ¶K.8 (setting a deadline for "Parties to file witness lists and exhibit lists. Plaintiffs as a group and Defendants as a group will each jointly identify no more than 50 fact witnesses whom they are most likely to call at trial."); *id.* ¶K.9 (setting a deadline for "depos[ing] 'most likely' witnesses who were not earlier deposed.").

The two County Plaintiffs responded collectively to their initial obligation by identifying about 111 individuals as persons with relevant knowledge. As noted, Plaintiffs will later be

obligated to further narrow this list to 50.

The five Pharmacy Defendants responded collectively by identifying about 75,000 individuals. Obviously, this latter list did not help Plaintiffs, the Defendants themselves, or the Court to better understand whom defendants were most likely to call at trial. Defendants will also later be obligated to further narrow their list to 50, but – absent an additional order from the Court – Plaintiffs will have received no helpful narrowing until then.

Accordingly, the Court held a teleconference with the parties on December 2, 2020, where the Court asked for suggestions on how to rectify Defendants' 75,000-person submission. The Court received letters from both Plaintiffs and Defendants. Having reviewed those submissions, the Court now orders as follows.

On or before January 8, 2021, Defendants shall submit a revised list of persons with relevant knowledge. Defendants have three choices on how this list may be comprised, and their choice will carry a consequence regarding the number of depositions Plaintiffs are allowed. (Plaintiffs are currently allowed 28 fact discovery depositions total, with no more than 7 per defendant family, *see* CMO ¶F.1) The three choices for Defendants are as follows:

- **(A)** Each Defendant shall identify **50 named employees** who have not already been deposed. Of these, no more than 15 employees on each Defendant's list will be from corporate. The remainder will be field personnel in the Track Three counties—namely pharmacists and their supervisors. Rather than the existing deposition limits, Plaintiffs shall be allowed 52 fact discovery depositions total, with no more than 13 per Defendant.

- **(B)** Each Defendant shall identify **40 named employees** who have not already been deposed. Of these, no more than 15 employees on each Defendant's list will be from corporate. The remainder will be field personnel in the Track Three counties—namely pharmacists and their supervisors. Rather than the existing deposition limits, Plaintiffs shall be allowed 40 fact discovery depositions total, with no more than 10 per Defendant.

- **(C)** Each Defendant shall identify **30 named employees** who have not already been deposed. Of these, no more than 15 employees on each Defendant's list will be from corporate. The remainder will be field personnel in the Track Three counties—namely pharmacists and their supervisors. The existing deposition limits for Plaintiffs will remain unchanged.

The Court also reminds all parties of the provisions at CMO ¶K.9. If a Defendant includes a person on its list of "fact witnesses whom they are most likely to call at trial," but did not earlier name that individual on its list of persons with relevant knowledge, then good cause under ¶K.9 is almost certainly established.

The Court declines to adopt any of the other suggestions made by the parties in their letters. The Court has received the parties' proposed revisions to CMO deadlines, which they sent separately, and the Court will issue an amended Case Management Order shortly.

    **IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 23, 2020