**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

### WALGREENS' MOTION FOR CLARIFICATION AND RECONSIDERATION WITH RESPECT TO CERTAIN PRIVILEGE CLAIMS

The basis for Walgreens' objection to the Special Master's privilege ruling was that the Special Master applied an incorrect legal standard when he held that "discussion[s] with counsel on how to comply with DEA regulations" are not privileged if the advice is sought in connection with "normal business operations" rather than in the context of "a current DEA investigation." Doc. # 3562 at 3. This Court's Order on Walgreens' objection (Doc. # 3584) did not address the Special Master's legal standard but still concluded, based on the Court's own review, that the Court would overrule Walgreens' claims of privilege with respect to nine of the ten documents still at issue.

Walgreens brings this motion for clarification and reconsideration for two reasons. First, the Court's Order leaves unclear whether the Court meant to adopt or reject the legal standard articulated by the Special Master for evaluating claims of privilege. The parties need clarity about the Court's views on this question. Second, the Court overruled Walgreens' claims of privilege without the benefit of input from Walgreens on the relevant facts, as Walgreens' objection addressed only the legal issue that formed the basis for the Special Master's decision. While Walgreens does not seek to re-raise every claim of privilege here, it respectfully submits that the Court should reconsider its decision at least with respect to certain redactions to just

three documents in order to protect important attorney-client communications reflecting requests for legal advice on the issues that go to the heart of this litigation.

I.  **The Court Should Clarify that the Attorney-Client Privilege Extends to Legal Advice on How to Comply with Regulatory Obligations.**

The Special Master's decision followed from his views that (1) the attorney-client privilege applies differently to requests for legal advice concerning regulatory obligations than it does to requests for advice regarding other legal obligations, and (2) when a party seeks legal advice on "how to comply with" regulatory obligations, the privilege depends on whether the request comes in the context of an active government investigation. The law does not recognize either distinction.

As Walgreens explained in its objection to the Special Master's ruling (*see* Doc. # 3571; Doc. # 3581), nothing turns on whether a party seeking legal advice is looking for guidance on how to comply with legal obligations imposed by a regulation, as opposed to those imposed by a statute or the common law. This Court could not be clearer that it views DEA regulations (and perhaps also the agency's sub-regulatory guidance) as imposing legal obligations on which it intends to instruct a jury. Likewise, the privilege does not depend on whether a party seeks legal advice before, during or after a government investigation. In their response to Walgreens' objection (Doc. # 3577), Plaintiffs do not take issue with either of these points. Indeed, it would subvert all of the goals of the attorney-client privilege if it did not extend to communications in which a party seeks legal advice about how to comply with a complex regulatory regime before the government arrives to investigate alleged non-compliance. The law seeks to encourage such communications with counsel by guaranteeing their confidentiality. But it would clearly discourage these valuable communications if courts permitted their use in private litigation

against the party that did not wait for the government to initiate an investigation before seeking legal advice on how to meet its regulatory obligations.

The Court's Order did not address the legal issues raised by Walgreens' objection, but they are certain to recur in this litigation. Accordingly, Walgreens requests that the Court clarify that the Special Master's statement of the law is incorrect. The Court should clarify that (1) the attorney-client privilege applies in the same way to requests for legal advice about how to comply with regulatory obligations as it does to requests for legal advice about how to comply with other legal obligations, and (2) the privilege applies to requests for legal advice about how to comply with legal obligations during regular business operations as well as during government investigations.

## II. The Court Should Reconsider the Order with Respect to Certain Redactions to Three Documents.

While Walgreens' objected to the faulty legal premise of the Special Master's ruling, the Court's Order addressed a different, factual question that was not briefed: whether the "primary purpose" of the communications at issue was "soliciting or receiving legal, as opposed to business, advice." Doc. # 3584 at 1. In the context of this motion, Walgreens requests that the Court reconsider its answer to that question for just a handful of redactions to three documents with the benefit of a more complete record.[1]

---

[1] It appears from the Order that the Court has had access in camera to the unredacted documents. Walgreens is not aware whether the Court has reviewed the complete set of its submissions to the Special Master regarding these privilege claims.

**E04435492 (Redactions on Fourth Page[2]).** This document is a 2008 memorandum that attaches a chart reflecting a November 2008 "Exit Meeting Outline" at the conclusion of an internal audit of DEA compliance issues at Walgreens' Perrysburg distribution center. In general terms, the Exit Meeting Outline identifies: a wide range of potential compliance issues and topics (first column); in each case the "Risk" (second column) of an event that could result in non-compliance under certain circumstances; the internal auditors' "Recommendation" (third column) to help prevent the risk event from occurring; and a "Response" (fourth column) identifying, for example, steps underway and action items. In almost all instances, none of this reflects communications seeking or providing legal advice, and Walgreens produced the document to Plaintiffs with only minimal redactions.

Item 2 on the fourth page of the full document, however, plainly reflects privileged communications seeking legal advice. The unredacted portion of the third column shows the auditors' recommendation to assemble a cross-functional team that includes lawyers to address the issue under discussion. Then the fourth column specifically reflects that "Corporate & Regulatory Law" (*i.e.*, in-house lawyers) is already "currently in process of addressing this Issue." The redacted text explains what "this Issue" is and demonstrates that it specifically relates to compliance with the company's legal obligations under an identified regulation. The only possible basis for Corporate & Regulatory Law to be "addressing this Issue" is to help the company understand and comply with its legal obligations—not to provide business advice. To unredact the text on this page would improperly reveal the substance of the request for legal advice directed to these lawyers.

---

[2] For convenience, this brief refers to pages of the entire unredacted version of the document. As the documents themselves include memoranda with attachments or are compilations of documents, internal page numbering may be inconsistent.

**E04435487 (Redactions on Fourth and Fifth Pages).** This document reflects the conclusions of the same 2008 internal audit. Again, Walgreens has produced the entire document with only minimal redactions. The redactions on the fourth and fifth pages of the full document mirror those on the prior document, concerning the same issue and recommendation to obtain legal advice (rather than business advice) regarding the same regulatory compliance issues—a recommendation that the company followed by consulting in-house counsel, as the prior document and this document (on the fifth page) demonstrate. Again, to unredact this text would improperly reveal the substance of a request for legal advice directed at the company's in-house lawyers.

**E04436083 (Redactions on 26th Page).** This document is part of a large compilation of documents assembled several years after the first two, also originating with the internal audit department and relating to the Perrysburg distribution center. Walgreens has produced this entire 285-page compilation of internal audit documents with a negligible number of redactions. Here, the redactions on the 26th page relate back to the prior 2008 audit. They reflect similar legal issues and reflect the steps that Walgreens employees took to implement the legal advice they received following the 2008 requests to counsel discussed above. If unredacted, comparison of this document to the prior two would permit the reader to determine much of the substance of the same requests for advice concerning legal rather than business issues.

\* \* \*

Walgreens appreciates the Court's consideration of this unusual application and respectfully asks the Court to clarify and grant limited reconsideration of its Order on Walgreens' objections to the Special Master's privilege ruling.

Dated: December 29, 2020                              Respectfully submitted,


                                                            */s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
(303) 592-3100
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance,
Walgreen Co., and Walgreen Eastern Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Kaspar Stoffelmayr*
Kaspar Stoffelmayr

*Attorney for Walgreens Boots Alliance,
Walgreen Co., and Walgreen Eastern Co., Inc.*