**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 14, PART 16 REGARDING WALGREENS' PRIVILEGE CLAIMS |

During Track Three discovery, defendant Walgreens withheld production of certain documents based on attorney-client privilege. Plaintiffs took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents. Plaintiffs requested *in camera* review of ten of the remaining disputed documents. Walgreens submitted the disputed documents to the Special Master for *in camera* review and both parties submitted a chart summarizing their arguments regarding each contested document. Walgreens also submitted a letter brief detailing its arguments in support of privilege. Having considered these submissions carefully, the Special Master now rules on the challenged documents.

I.  **Legal Standards.**

The Special Master has applied the legal standards and authorities set out in all prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[1] *See, e.g., Ziegler v.*

---

[1] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

1

*Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).

## II. Rulings.

| | | |
|---|---|---|
| E04192158 | | All redactions sustained. |
| E04192456 | | All redactions overruled. |
| EM00609142 | | Walgreens has withdrawn its privilege claim. |
| EM02522884 | | Walgreens has withdrawn its privilege claim. |
| EM02545852 | | Walgreens has withdrawn its privilege claim. |
| EM04247400 | | Walgreens has withdrawn its privilege claim. |
| EM04303979 | | Sustained. |
| EM04442268 | | Sustained. |
| EM04499994 | | Walgreens has withdrawn its privilege claim. |
| EM04688198 | | Sustained as to the language on page 1 beginning with "Forwarded by Suzanne Hanson" though the language at the bottom of page 1 ending with "please contact the sender at . . . ," and overruled as to the remainder. |

### III. Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before January 11, 2021.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: January 4, 2021**