# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION ) | MDL 2804 |
| ) | |
| OPIATE LITIGATION ) | Case No. 1:17-md-2804 |
| ) | |
| *This Document Relates to*: ) | Hon. Dan Aaron Polster |
| ) | |
| *All Cases* ) | |
| ) | |

**PLAINTIFFS' EXECUTIVE COMMITTEE'S EMERGENCY MOTION FOR LEAVE TO TAKE TRIAL PRESERVATION DEPOSITION OF DAVID KESSLER, M.D.**

The Plaintiffs' Executive Committee (PEC), on behalf of all MDL Plaintiffs with cases pending in the MDL, hereby moves pursuant to Federal Rules of Civil Procedure 30(a)(2) and 32(a)(4) for leave to take the deposition of David Kessler, M.D. on January 13, 2021 for the purpose of preserving his expert witness testimony for its possible use at forthcoming trials of MDL cases.

In the CT1 cases, Dr. Kessler, a former Commissioner of the Food and Drug Administration (FDA), provided an expert report for the Plaintiffs and was deposed by all Defendants over two days. He subsequently provided an expert report and discovery deposition in the New York litigation as well. None of the opinions offered by Dr. Kessler in either expert report or deposition were specific to the plaintiffs in those cases.

Dr. Kessler has recently been asked to serve as the Co-Chair of the COVID-19 Advisory Board, a task force of physicians and scientists to advise the incoming Biden administration on matters related to the COVID-19 pandemic.[1] Because of his role on the Advisory Board, and the urgent, unprecedented, and unpredictable nature of the pandemic and the associated work he will be called upon to do, Dr. Kessler has requested that the MDL Plaintiffs conduct a trial-preservation deposition

---

[1] *See The Washington Post*, 11/9/2020, available at https://www.washingtonpost.com/health/2020/11/09/biden-coronavirus-task-force/.

on **January 13, 2021**. This will ensure that his testimony exists for Plaintiffs to seek to offer in their cases-in-chief pursuant to Rule 32(a)(4), regardless of his future availability. Accordingly, Plaintiffs have duly noticed his deposition for that date. See Deposition Notice attached hereto as Exhibit 1.

It is well within the Court's authority to authorize a trial preservation deposition in this setting in anticipation of a key expert witness's potential unavailability. *See, e.g.*, *Weist v. E.I. Dupont De Nemours & Co.*, No. 050cv-0534S, 2009 U.S. Dist. LEXIS 138325, at *8 (W.D.N.Y. Aug. 27, 2009) ("Although the factual wrinkle in this case is that *the witness to be deposed de bene esse is an expert retained by the plaintiff whose availability for trial is in question because of his nomination to a government position in which he would be precluded from testifying as an expert at trial*, it is the opinion of the undersigned that the better course is to preserve Dr. Michael's testimony now . . . ."); *McDermott v. Liberty Maritime Corp.*, No. 08-cv-1503, 2010 U.S. Dist. LEXIS 96992, at *4 (E.D.N.Y. Sept. 16, 2010) ("If the parties do not agree, Plaintiff is permitted to make an application to the Court, following the close of expert discovery, to conduct '*de bene esse*' depositions of his experts."); *In re NC Swine Farm Nuisance Litig.*, No. 5:15-cv-00013, 2016 U.S. Dist. LEXIS 89074, at *153 (E.D.N.C. July 7, 2016) ("The court has found no authority that would preclude the taking of a *de bene esse* deposition on the basis that the deponent is an expert as opposed to a fact witness.").[2]

To be clear, the scope of this motion is quite limited. Plaintiffs seek leave solely to maintain the status *quo* by preserving Dr. Kessler's testimony now. Whether or not his deposition testimony ultimately will be admitted at trial in any case is a question for another day to be decided in the particular case in which the testimony would be admitted and in light of the specific circumstances at

---

[2] No court order is required for Plaintiffs to proceed with a trial preservation deposition. *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."). However, given the likelihood that Defendants will challenge Plaintiffs' efforts and the limited time available to accomplish this deposition, Plaintiffs seek this Court's approval to proceed on an expedited basis. Plaintiffs have also noticed the deposition of Dr. Kessler in the New York litigation. Defendants there have filed a motion for protective order which will not be heard until after the date Dr. Kessler is available for deposition.

issue. *See, e.g.*, *Weist*, 2009 U.S. Dist. LEXIS 138325, at *8 ("[T]he better course is to preserve Dr. Michaels' testimony now and permit defendant to raise issues regarding the admissibility of that testimony before the trial judge when the trial is imminent and when facts have replaced speculation as to Dr. Michaels' availability, notoriety, and necessity as a witness."); *In re NC Swine Farm*, 2016 U.S. Dist. LEXIS 89074, at *151 (distinguishing prior decision on the grounds that the discussion in the earlier case [*Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 534-35 (2d Cir. 1972)] "was regarding the *use* of prior testimony, not the *taking* of a *de bene esse* deposition.") (emphasis in original). The only question presented now is whether Dr. Kessler's trial testimony may be preserved through the noticed deposition.

## CONCLUSION

For all of the reasons set forth herein, the Court should order that Plaintiffs may take the trial preservation deposition of Dr. Kessler on January 13, 2021.

Dated: January 6, 2021

                                        Respectfully submitted,

                                        */s/ Paul J. Hanly, Jr.*
                                        Paul J. Hanly, Jr.
                                        SIMMONS HANLY CONROY
                                        112 Madison Avenue, 7th Floor
                                        New York, NY 10016
                                        (212) 784-6400
                                        (212) 213-5949 (fax)
                                        phanly@simmonsfirm.com

                                        Joseph F. Rice
                                        MOTLEY RICE LLC
                                        28 Bridgeside Blvd.
                                        Mt. Pleasant, SC 29464
                                        (843) 216-9000
                                        (843) 216-9290 (fax)
                                        jrice@motleyrice.com

Paul T. Farrell, Jr.
FARRELL LAW
422 Ninth Street, 3rd Floor
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

/s/ *Peter H. Weinberger*
Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2021, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ *Peter H. Weinberger*
Peter H. Weinberger

*Plaintiffs' Liaison Counsel*