UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*"TRACK 3 CASES"* | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## JOINT TRIAL EXHIBIT STIPULATION

To facilitate the identification and exchange of trial exhibits, the parties jointly stipulate as follows:

I. **Trial Exhibits**

   A. **Numbering Exhibits for Identification.** The parties shall assign unique exhibit numbers using the prefixes specified below. Each prefix group shall begin with the number 1 and maintain a constant length of five numeric digits (including zero-digit padding).

| Party | Exhibit Prefix | Beginning Exhibit Number |
|---|---|---|
| **Plaintiffs** | | |
| All Plaintiffs | P- | P- |
| **Defendants** | | |
| All Defendants | DEF-MDL- | DEF-MDL-00001 |
| CVS | CVS-MDL- | CVS-MDL-00001 |
| Rite Aid | RA-MDL- | RA-MDL-00001 |
| Walgreen Co. | WAG-MDL- | WAG-MDL-00001 |
| Walmart | WMT-MDL- | WMT-MDL-00001 |

| **HBC/Giant Eagle** | HBC/GE-MDL- | HBC/GE-MDL-00001 |
|---|---|---|

    B.    **Branding Exhibits for Identification.**  Each exhibit will be branded with (1) an "Exhibit Sticker" that identifies the unique exhibit number; and (2) an "Exhibit Endorsement" that identifies the unique exhibit number and page number of each exhibit.

        1.    **Exhibit Stickers**.  Each party will place an Exhibit Sticker on the first page of each exhibit in a location that does not overlap with or obstruct any text or content of the exhibit.  Plaintiffs will use yellow stickers; Defendants will use blue stickers.  The Exhibit Stickers shall identify the unique exhibit number.  Electronically generated stickers shall be acceptable.

        2.    **Exhibit Endorsements.**  Each party will include on each page of their exhibits an endorsement that identifies the unique exhibit number and page number of the exhibit.  The page number shall maintain a constant length of five numeric digits (including zero-digit padding).  The Exhibit Endorsement shall conform to the following format: [Exhibit Number].[5-Digit Page Number] (*e.g.*, "P-00001.00001"; "WAG-MDL-00001.00001").

    C.    **Production Format for Exhibits.**

        1.    **PDF Format.**  All exhibits shall be properly branded and stickered (as specified in this stipulation), and individually produced in PDF format, to the extent an exhibit can reasonably be converted to PDF format and remain usable.  The file name of each PDF exhibit shall correspond to the unique exhibit number.

        2.    **Native Format.**  If a document cannot reasonably be converted to PDF format and remain usable (*e.g.*, Excel file, audio, video, animation), then the exhibit shall be produced in native format.  The file name of a native file shall correspond to the unique exhibit number (*e.g.*, "WAG-MDL-00001.xls"; "P-00001.wav").  A slipsheet (PDF) of the native document shall also be provided that includes the Bates number, confidentiality designation, and the trial exhibit sticker.

        3.    **Extracted Text for PDFs.**  The parties are not required to provide extracted text for exhibits produced in PDF format, but all PDFs shall be OCRed so they are otherwise searchable.

        4.    **Transcriptions for Audio and Video Recordings.**  The parties shall provide written transcriptions for any audio and video files,

and shall label such transcripts so they are easily traceable to the original media file (*e.g.*, "P-00001.wav-Transcript").

5. **Document Size**: The parties will not alter or shrink original documents to smaller than full page size.

D. **Method of Production.** The Parties may produce their exhibits via a secure FTP site, similar secure share file, or production media (*e.g.*, external drive). If a party produces its exhibits via production media, that production media must be delivered to the other party by the deadline for doing so.

II. **Trial Exhibits Lists**

A. **Format of Exhibit Lists**. The parties shall list their exhibits, in order, on a separate Excel spreadsheet consistent with the attached Exhibit List template, which shall include columns with the following headings (the "Exhibit List")

| Column | Column Name | Description |
|---|---|---|
| A | Ex. No. | Parties' unique exhibit numbers |
| B | Date | Date of exhibit |
| C | Description | Short description of exhibit |
| D | BegBates | First production Bates number of exhibit |
| E | EndBates | Last production Bates number of exhibit |
| F | Admission Stip. | Whether a document is subject to a stipulation that it is admissible |
| G | Plaintiffs' Limited Advance Objections | List of Plaintiffs' authenticity (FRE 901), relevance (FRE 401-415)[1], and best evidence rule (FRE |

---

[1] The parties recognize that certain relevance and best evidence objections may not be able to be resolved until it is demonstrated how the exhibits will be introduced at trial. Such relevance and best evidence objections will be automatically reserved and are not waived even if not included in the parties' Limited Advanced Objections.

| | | |
|---|---|---|
| | | 1002) objections to Defendants' exhibits[2] |
| H | Plaintiffs Other Objections | List of Plaintiffs' non-Limited Advance Objections to Defendants' exhibits |
| | | The parties agree that all non-authenticity objections are reserved until the time of an exhibit's introduction as set forth in sections III A and III B of this stipulation. |
| I | Defendants' Limited Advance Objections | List of Defendants' authenticity (FRE 901), relevance (FRE 401-415), and best evidence rule (FRE 1002) objections to Plaintiffs' exhibits |
| J | Defendants' Other Objections | List of Defendants' non-Limited Advance Objections to Plaintiffs' exhibits |
| | | The parties agree that all non-authenticity objections are reserved until the time of an exhibit's introduction as set forth in sections IIIA and IIIB of this stipulation. |
| K | Family Exhibit Over 10 Documents | For any exhibits containing more than 10 documents (attachments, native files, etc.) the parties agree to separately identify which documents the parties intend to offer at trial.  By **July 23, 2021**, the parties shall identify any exhibits on an opposing party's final exhibit list for which the party requests identification of the specific documents intended to be offered at trial.  The parties shall |

---

[2] To the extent the Parties wish to assert non-authenticity objections on a core set of documents listed on the opposing parties' exhibit lists, the Parties are free to do so.  The Parties will work in good faith to present objections to only those documents where advance rulings are required. Nothing here is meant to supplant the default procedures regarding non-authenticity objections laid out below.

4

|   |   |   | respond to any such requests by **July 30, 2021**. |
|---|---|---|---|
|   | L | Joint | Whether an identical exhibit was listed on an opposing parties' exhibit list and the exhibit number(s) of that identical exhibit |
|   | M | Offered | Whether the exhibit was offered at trial |
|   | N | Admitted/Not Admitted | Whether the Court admitted or excluded the exhibit ("A" or "NA") |

B. **Static Exhibit Numbers.** For tracking purposes, the parties shall maintain, and not change, the unique exhibit numbers assigned to the exhibits listed on their Exhibit Lists. To the extent an exhibit was previously listed on a party's Track 1B exhibit list, the exhibit shall be assigned the same exhibit number as in Track 1B. To the extent an exhibit was previously listed on a party's Track 1A exhibit list and was given a different exhibit number in Track 1B or Track 3, the parties will provide upon request a comparative list identifying as much.

C. **Family Exhibits.** The parties may list whole document families as a single entry on their Exhibit Lists. For any exhibit family comprising more than 10 documents, the offering party shall, upon request, separately identify the individual documents within the exhibit intended for use on direct or cross examination as set forth in Column K of the exhibit list. This provision does not apply to aggregate datasets or compilation exhibits, which are governed by sections II.D and II.E of this stipulation.

D. **Aggregate Datasets.** The parties may list as a single entry on their Exhibit Lists aggregate datasets that cannot reasonably be broken into individual entries, provided that the offering party shall identify the specific portions of those aggregate datasets intended to be used—for example, a specific "order from X warehouse to Y pharmacy contained in the U.S. Drug Enforcement Agency data from its Automation of Reports and Consolidated Orders System (ARCOS)" or specific portions of "the ARCOS data cited by Plaintiffs' Expert Craig McCann on Page X of his Report for Defendant Y."

E. **Compilation Exhibits.** The parties may list documents of similar type and category intended to serve as evidence pursuant to federal law under a single entry, provided that the exhibit shall be specifically and separately identified on the exhibit list [e.g. ingredient limit reports for Lake and Trumbull counties]. For such compilation exhibit, the offering party shall both identify the individual Bates ranges of the documents comprising the

5

      exhibit and separately identify the individual documents within the compilation exhibit intended for use on direct or cross examination as set forth in Column K of the exhibit list.

    F.    **FRE Rule 1006 Summaries**.  Each party intending to call a summary witness pursuant to FRE 1006 to use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court, must provide the opposing party with the summary and a listing by Bates number of all of the summarized documents and/or data, as well as a brief explanation of the manner in which the documents and/or data were summarized, no later than **August 27, 2021.** Any objections to the Rule 1006 summary must be lodged no later than **September 10, 2021** and be included on the objections to be filed with the Court by **September 17, 2021** if not otherwise resolved. The Rule 1006 summary should otherwise be given an Exhibit number in accordance with the procedure listed above.

III.    **Content of Exhibit Lists**

    A.    **Direct Examination Documents.**  The parties must include on their Exhibit Lists all exhibits they intend to use on direct examination (other than for purposes of impeachment or rebuttal).  A party conducting a direct examination must disclose the specific exhibits from its Exhibit List that it intends to use on direct examination of the witness by 7 PM on the day prior to their expected use at trial.  Any non-Limited Advance Objections to those exhibits shall be disclosed by 10 PM that same day.

    B.    **Cross Examination Documents.**  The parties must include on their Exhibit Lists all exhibits they intend to use on cross-examination (other than for purposes of impeachment or rebuttal).  In light of the complexity of this litigation, the parties may use on cross-examination exhibits that were not previously identified on an Exhibit List, but only if they disclose those previously unlisted exhibits by 7 PM on the day prior to their expected use at trial.  Any objections to those exhibits shall be disclosed by 12:00 a.m. midnight that same day.  Parties shall only disclose at 7 PM on a day prior to a trial day those cross-examination exhibits that they reasonably and in good faith believe may be used to cross-examine a witness the next day.  Recognizing that the purpose of this provision is to provide all parties with fair notice, the parties acknowledge that this "14 hour" exception is not intended to excuse any party from its general obligation to put forth good-faith efforts to identify exhibits on its Exhibit List that it intends to use on cross-examination.

    C.    **Expert Reliance Materials.**  The parties must include on their respective exhibit lists individual entries for the exhibits the parties intend to be marked as an exhibit during an expert's direct or cross examination.  This does not affect the ability of an expert witness to refer to his/her file during

an examination as is customary. However, to the extent any document from an expert's file will be offered into evidence during an expert witness direct- or cross-examination, that document must have its own unique identifying exhibit number.

D. **Potential Trial Exhibits That Do Not Need To Be Listed on the Exhibit Lists.** The parties agree that the following groups of documents need not be listed on their Exhibit Lists, except to the extent that a party intends to introduce into evidence any of the items listed below.

1. **Expert Reports** - Written reports from the parties' designated experts that were produced in this litigation.

2. **Written Discovery Responses** - The parties' written responses to Interrogatories and Requests for Admission.

3. **Statutes and Regulations** - State and federal statutes and regulations.

4. **Demonstratives** - Demonstratives that parties intend to use at trial.

5. **Other** - Exhibits used solely to impeach or refresh a witness's recollection, and exhibits used on rebuttal or sur-rebuttal.

IV. **Deadlines**

A. **Deadline to Exchange Exhibit Lists.** The parties shall exchange Exhibit Lists by no later than the end of the day **July 16, 2021.** The parties shall complete the following columns, as applicable and defined in Section II.A, for their Exhibit List: A–E.

B. **Deadline for Exchanging Copies of Unproduced Exhibits.** The parties shall exchange Bates numbered copies of the exhibits on their Exhibit List that have not previously been produced with Bates numbers by no later than **July 23, 2021.**

C. **Deadline for Filing Exhibit Lists.** The parties shall file their exhibit lists, including any unresolved Limited Advance Objections, with the Court no later than noon on **September 10, 2021.**

D. **Deadline for Exchanging Copies of Branded Exhibits.** The parties shall exchange branded and stickered copies of their exhibits, in accordance with Section I of this stipulation, by no later than **August 27, 2021.**

V. **Procedure for Exhibit Objections**

| Procedure for Exhibit Objections | |
|---|---|
| **Disclosure of Limited Advance Objections to all exhibits on an opposing party's final exhibit list** | August 13, 2021 |
| **Responses to Limited Advance Objections to all exhibits on an opposing party's final exhibit list[3]** | August 20 , 2021 |
| **Submit Advance Exhibit Objections to SM for Ruling** | September 3, 2021 |
| **Disclosure of all exhibits expected to be used on direct examination of a witness** | 7 p.m. on the day prior to anticipated use at trial |
| **Disclosure of other objections to all exhibits expected to be used on direct examination of a witness** | 10 p.m. on the day prior to anticipated use at trial |

VI. **Demonstratives**

The parties agree that demonstratives that parties intend to use at trial do not need to be listed on their Exhibit Lists.  A party conducting a direct examination must disclose any demonstratives that it intends to use on direct examination of the witness by 10 PM on the day prior to their expected use at trial.  Any objections to the demonstrative shall be asserted by 12:00 a.m. midnight that same day.

VII. **Reservation of Rights**

    A.    Subject to the deadlines set forth in this Stipulation, the parties reserve the right to object to the introduction and/or admissibility of any document listed on any exhibit list.

    B.    The parties agree that the inclusion of any exhibit on the exhibit list does not waive or affect any prior confidentiality designation in this litigation.

    C.    The parties agree that the inclusion of a particular document on a party's exhibit list is not intended to be a waiver of that party's right to object to the introduction and/or admissibility of that document for any purpose.

---

[3] Upon exchanging responses to Limited Advance Objections, the parties will meet and confer in good faith during the weeks of August 23 and August 30.

D. The parties reserve the right to use any and all documents or materials listed by another party in this litigation on their exhibit list, even if any such party settles, is severed, or is otherwise dismissed.

E. The parties reserve the right to modify, withdraw, or supplement their trial exhibit lists prior to and during trial, including under the following circumstances:

1. the document was produced in this litigation by an opposing party on or after July 2, 2021 (two weeks prior to the deadline for parties to exchange exhibit lists);.

2. upon receipt of other parties' exhibit lists, witness lists, and/or amendments to deposition designations or counter-designations;

3. in the event that additional relevant documents or materials are produced in this action, identified in supplemental expert reports, or discovered subsequent to the date of service of their exhibit lists;

4. for purposes of adding any medical or scientific literature, or other data, or regulatory filings or communications issued or published after the date of submission;

5. as required to cure an evidentiary objection;

6. in the event the parties pursue claims, defenses, or theories not set forth in their pleadings to date and to the extent such claims, defenses, or theories are allowed by the Court to proceed;

7. in response to rulings of the Court on pretrial motions, including any motions in limine, or any other Court decisions that affect the scope of evidence in this trial; and

8. as necessary based on the future severance, settlement and/or dismissal involving any party.