# Attachment 1

```
 1              THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF OHIO
 2                       EASTERN DIVISION
 3                          -  -  -
 4    IN RE:  NATIONAL      :
      PRESCRIPTION OPIATE   :    MDL NO. 2804
 5    LITIGATION            :
      ---------------------------------------------
 6                          :    CASE NO.
      THIS DOCUMENT         :    1:17-MD-2804
 7    RELATES TO ALL CASES:      Hon. Dan A. Polster
 8                          -  -  -
 9              Thursday, April 25, 2019
10                          -  -  -
11      HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
12                 CONFIDENTIALITY REVIEW
13                          -  -  -
14         Videotaped deposition of DAVID A.
15    KESSLER, M.D. (Day 1), taken pursuant to
16    notice, was held at Baron & Budd, 600 New
17    Hampshire Avenue NW, Floor G, Washington, DC
18    20037, beginning at 9:28 a.m., on the above
19    date, before Lisa V. Feissner, RDR, CRR, Notary
20    Public.
21
22                          -  -  -
23              GOLKOW LITIGATION SERVICES
          877.370.3377 ph | 917.591.5672 fax
24                   deps@golkow.com
```

Highly Confidential - Subject to Further Confidentiality Review

1              Q.    And the errata sheet, which I'll
2     mark as Exhibit 3, is that something you did?
3     You went through your report and decided what
4     needed to be fixed?
5              MR. RAFFERTY:  Object to form.
6         A.   In some instances, yes.  Much of
7     this is typographicals.  What I did ask for --
8     again, I'm going to say with the assistance of
9     counsel --
10             THE WITNESS:  And you're going to
11        say, stop.
12        A.   But with the assistance of counsel,
13    I asked for cite checking.  And sometimes when
14    people do cite checking, you find certain
15    mistakes in quotes.  When I asked for things to
16    be highlighted, things get identified as
17    mistakes that are in the report.  So I did ask
18    for people to keep track when they
19    cite-checked.
20             (Exhibit Kessler-3 marked for
21        identification and attached to the
22        transcript.)
23    BY MS. FREIWALD:
24        Q.   Before issuing your report in this

1 case focused on six manufacturers, did you do
2 anything to investigate the full scope of
3 mistakes or missed opportunities by any number
4 of other entities?
5           MR. RAFFERTY:  Object to the form,
6      vague.
7      A.   It's a broad question.  Can you be
8 a little more specific?
9      Q.   I meant it to be a broad question.
10           MR. RAFFERTY:  Object to the form.
11           You can answer it if you understand
12      what she's asking.
13           THE WITNESS:  Well, I think I
14      understand what she's --
15      A.   I certainly gave a good -- a good
16 deal of thought to FDA's role in this.  We
17 discussed that initially.  So I did that.  I
18 tried to gain an understanding of -- even
19 though I'm not -- if there's any distributor in
20 the room, I'm not -- I have no opinions on
21 distributors.  You can go take the day off.
22           I try to have some understanding of
23 DEA's role.  The database has distributor
24 information.  I certainly looked at -- for

Highly Confidential - Subject to Further Confidentiality Review

1  example, there are documents from the counties
2  on the database.  Looked at those.
3              So I looked at a broad range of
4  documents.  The scope of the question that I
5  was asked, though, was the manufacturer, so
6  I -- but certainly I think I have some
7  understanding with regard to FDA, certainly
8  with regard to HHS, a limited fashion with
9  regard to how FDA and DEA interacts on
10 legitimate medical need.
11      Q.   Did you -- did you look --
12           MR. RAFFERTY:  Are you finished
13      with your answer, Doctor?  That was a
14      vague question.
15           You said you meant it to be broad
16      and vague.
17      A.   But I will say that I tried in the
18 report to focus on the question that I was
19 asked, which focused on the manufacturers.  But
20 I -- but I did put it in the context -- the
21 broader context, yes.
22      Q.   Were you asked to focus
23 specifically on six manufacturers?
24      A.   I believe that was the -- yes.  I

Highly Confidential - Subject to Further Confidentiality Review

```
 1                C E R T I F I C A T E
 2

 3        I, Lisa V. Feissner, RDR, CRR, CLR,
 4   Notary Public, certify that the foregoing is a
 5   true and accurate transcript of the deposition
 6   of said witness, who was first duly sworn by me
 7   on the date and place hereinbefore set forth.
 8

 9        I further certify that I am neither
10   attorney nor counsel for, nor related to or
11   employed by, any of the parties to the action
12   in which this deposition was taken, and
13   further, that I am not a relative or employee
14   of any attorney or counsel employed in this
15   action, nor am I financially interested in this
16   case.
17

18        [signature: Lisa V. Feissner]
19        Lisa V. Feissner, RDR, CRR, CLR
          Notary Public
20        Dated: APRIL 29, 2019
21

22        (The foregoing certification of this
     transcript does not apply to any reproduction
23   of the same by any means, unless under the
     direct control and/or supervision of the
24   certifying reporter.)
```

Golkow Litigation Services                                 Page 415