# Attachment 2

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

```
 1       SUPREME COURT OF THE STATE OF NEW YORK
 2                  COUNTY OF SUFFOLK
 3                Index No. 400000/2017
 4   - - - - - - - - - - - - - - - - x
     IN RE: OPIOID LITIGATION         :
 5                                    :
     This document relates to:        :
 6   The County of Nassau,            :
     New York vs. Purdue Pharma       :
 7   L.P., Case No. 400001/2017       :
     _____  :
 8   The County of Suffolk,           :
     New York, vs. Purdue Pharma      :
 9   L.P., Case No. 400008/2017       :
     _____  :
10   The People of the State of       :
     New York vs. Purdue Pharma       :
11   L.P., Case No. 400016/2018       :
     - - - - - - - - - - - - - - - - x
12
13      CONFIDENTIAL - ATTORNEYS' EYES ONLY
14
15   VIDEOTAPED
16   DEPOSITION OF: DAVID KESSLER, M.D.
17   DATE:          Friday, January 17, 2020
18   TIME:          9:03 a.m.
19   LOCATION:      Ritz Carlton
20                  1150 22nd Street, N.W.
21                  Washington, D.C.
22
23   REPORTER:      Denise M. Brunet, RPR
24                  Reporter/Notary
25
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 298

1  interchangeably?
2      A    That would be correct.
3      Q    And those terms don't encompass
4  pharmaceutical distributors, correct?
5      A    Generally not.
6      Q    And as you used them in your report, they
7  don't encompass pharmaceutical distributors.  Do
8  you agree?
9      A    I think that would be fair.
10     Q    And so throughout your report when you
11 offer opinions about compliance with various
12 obligations under U.S. laws or regulations and so
13 forth of a drug sponsor or a manufacturer, you're
14 not criticizing any pharmaceutical distributor's
15 conduct?
16     A    I'm just not dealing with it.
17     Q    And the same would be true at trial
18 unless someone were to ask you a question about
19 that, correct?
20     A    If you ask me questions about it, I'm
21 happy to answer your questions.
22     Q    Okay.  You also say in paragraph 12 that
23 you've been asked to review the discovery records
24 of specified defendant opioid manufacturers.  My
25 question is whether you were asked to review any

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 299

1  discovery records of any of the pharmaceutical
2  distributor defendants in connection with your
3  report.
4      A   I don't think I -- I think it would be
5  fair to say I have -- that's a correct statement,
6  but it should be, for the record, that the
7  discovery searches that I do do bring up the
8  distributors' documents.
9      Q   So just so that I'm clear, is it the case
10 that you have access to documents that have been
11 produced by the pharmaceutical distributors?
12     A   They are part of the discovery database,
13 I mean, that I have access to, and I may have
14 looked at some of those documents.
15     Q   Okay.  I'm not going to ask you to go
16 line by line through appendix C of your report,
17 but I will represent to you that there are no
18 documents listed that I was able to identify,
19 including in the supplemental list that was
20 produced yesterday, of documents that were
21 produced by any of the distributor defendants.
22 Does that sound right to you?
23     A   That sounds right, because I don't have
24 any opinions -- I don't have opinions on the
25 distributors; therefore, I don't rely on that.

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 300

1  But I don't want to give you the impression that I
2  have not seen certain documents.
3     Q    There is a section of your report,
4  part B, called standards, and there is a section
5  within part B that talks about responsibilities
6  under the Food, Drug and Cosmetics Act.  Do you
7  recall generally that section of your report?
8     A    I do.
9     Q    Okay.  These are responsibilities that
10 you summarize that relate both to the approval of
11 prescription drugs as well as to their marketing
12 and promotion, correct?
13    A    Correct.
14    Q    And those responsibilities, again, just
15 in general terms, include things like the fact
16 that information about a drug must be truthful,
17 correct?
18    A    Correct.
19    Q    And again, generally, these
20 responsibilities include things like the fact that
21 a drug's risks and benefits must be presented in a
22 balanced fashion.
23    A    Fair.
24    Q    And similarly, promotional statements
25 require substantial supporting evidence, and we've

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 333

CERTIFICATE OF NOTARY PUBLIC

I, Denise M. Brunet, the officer before whom the foregoing deposition was taken, do hereby certify that the witness whose testimony appears in the foregoing deposition was sworn by me; that the testimony of said witness was taken by me stenographically and thereafter reduced to print by means of computer-assisted transcription by me to the best of my ability; that I am neither counsel for, related to, nor employed by any of the parties to this litigation and have no interest, financial or otherwise, in the outcome of this matter.

*Denise M. Brunet*

Denise M. Brunet
Notary Public in and for
The District of Columbia

My commission expires:
December 14, 2022