# Exhibit 2

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DEPARTMENT C-65    HONORABLE RONALD F. FRAZIER

Teagan Hamilton and Cardwell    )
Hamilton, minors, by and        )
through their Guardian          )
Ad Litem, Chris Hamilton,       ) Case No.:
                                ) 37-2013-00070440-CU-
         Plaintiffs,            ) MM-CTL
                                )
    v.                          )
                                ) EX PARTE MOTION
Novartis Pharmaceuticals        )
Corporation, et al,             )
                                )
         Defendants.            )
_____)

REPORTER'S TRANSCRIPT - COURTCALL

DECEMBER 22, 2020

STEPHANIE Y. BRYANT, RPR, CSR NO. 13160
PRO TEMPORE REPORTER
SUPERIOR COURT OF SAN DIEGO

1  APPEARANCES OF COUNSEL:

2  For Plaintiffs:

3      THORSNES, BARTOLOTTA & McGUIRE LLP
    BY: VINCENT J. BARTOLOTTA
4         KEVIN F. QUINN
    2550 Fifth Avenue, Eleventh Floor
5      San Diego, California 92103
    (619) 236-9363
6      Bartolotta@tbmlawyers.com

7         - and -

8      SIMINOU APPEALS, Inc.
    BY: BENJAMIN I. SIMINOU
9      2305 Hisoric Decatur Road, Suite 100
10     San Diego, California 92106
    (858) 877-4184
11     Ben@siminouappeals.com

12 For Defendants:

13     MORRISON & FOERSTER LLP
    BY: JULIE Y. PARK
14     707 Wilshire Boulevard
    Los Angeles, California 90017
15     (213) 892-5296
    Juliepark@mofo.com

16

17        - and -

18     HOLLINGSWORTH LLP
    BY: ROBERT E. JOHNSTON
19        KATHRYN JENSEN
    1350 I Street, North West
20     Washington, D.C. 20005
    (202) 898-5800
21     Rjohnston@hollingsworthllp.com

22        - and -

23     SHOECRAFT & ASSOCIATES
    BY: ROBERT D. SHOECRAFT
24     750 B Street, Suite 2610
    San Diego, California 92101
25     (619) 794-2280
    Lawyers@sbcivillaw.com

26

27

28

| | |
|---|---|
| 1 | SAN DIEGO, CALIFORNIA; TUESDAY, DECEMBER 22, 2020 |
| 2 | 8:45 A.M. |
| 3 | -o0o- |
| 4 | THE COURT:  All right.  On the 8:45 calendar, |
| 5 | Hamilton versus Novartis Pharmaceuticals. |
| 6 | Video operator, I think we've got lots of |
| 7 | folks. |
| 8 | And, Ms. Jensen, you made everyone else go |
| 9 | away. |
| 10 | Oh, here we go:  Mr. Quinn, Mr. Bartolotta. |
| 11 | Good morning to everyone.  And I know I |
| 12 | saw Mr. -- |
| 13 | UNIDENTIFIED SPEAKER:  Hello, your Honor. |
| 14 | THE COURT:  -- Johnston in there, briefly. |
| 15 | I'm sure he'll be back. |
| 16 | Ms. Park, good morning. |
| 17 | VIDEO OPERATOR:  One moment, your Honor.  We're |
| 18 | trying to get Mr. Johnston back on. |
| 19 | THE COURT:  We have Mr. Johnston, and then I |
| 20 | think we have Mr. Siminou. |
| 21 | And, Mr. Shoecraft, are you on the phone? |
| 22 | MR. SHOECRAFT:  I am, your Honor. |
| 23 | Good morning to you. |
| 24 | Robert Shoecraft also associating in on behalf |
| 25 | of defendant Novartis Pharmaceuticals Corporation. |
| 26 | THE COURT:  Good morning. |
| 27 | Is this your first appearance? |
| 28 | MR. SHOECRAFT:  It is, your Honor. |

1  MR SIMINOU:  I've done so.
2  THE COURT:  All right.  Well, if you come on,
3  video-wise, halfway through, that will be fine, but
4  we'll go ahead and get started.
5  All right.  I read through the papers.  I'm
6  going to consider my words carefully, because I want to
7  make sure everyone understands I truly get -- there's
8  Mr. Siminou -- truly get the concern that is present on
9  behalf of the plaintiffs, but I'm seeing a lot -- I
10  guess -- here's what I was thinking I would drive in
11  this morning, how to phrase this.
12  And the status quo is he hasn't been -- I know
13  he's spent some time helping out as the chief medical
14  advisor, but he hasn't -- Dr. Kessler is "he" --
15  Dr. Kessler hasn't been appointed to the FDA yet.  He
16  hasn't -- I'm seeing a lot of press clippings and "might
17  have beens" and "may happen," and I get the concern from
18  the plaintiffs' side, because what you're saying is,
19  then, Dr. Kessler -- if that happens, Dr. Kessler
20  wouldn't be available for the 2-19 trial date.  I get
21  that.
22  We're in the middle of a pandemic.  That has so
23  many tentacles and issues that are already overlapping
24  in this case because of all these possible
25  responsibilities that may now affect Dr. Kessler.  I get
26  that.
27  The down side for the defendants is that -- now
28  you're asking this emergency on "might have beens" and

1  let me put everything on it," meaning on the record.
2      So it's clear that Dr. Kessler believed that
3  all of his opinions were on that transcript.  Now,
4  again, if Dr. Kessler's head of the FDA, I'm going to
5  oppose playing that deposition, as well, because of the
6  prejudice.  But there are options, other than forcing us
7  to take the second deposition, that the Court has
8  available to it.
9      The plaintiffs created this situation by moving
10 for a trial preference.  And they have it within their
11 power to ameliorate that situation, in the middle of a
12 pandemic, to require this trial to go forward in
13 February, by allowing you to withdraw that trial
14 preference, and we ask the Court please deny this second
15 request.
16     MR. BARTOLOTTA:  Judge, I would like to address
17 those points he made, very quickly, if I may.
18     THE COURT:  No.  I've got seven other cases
19 this morning.  I normally would, Mr. Bartolotta, but I
20 have seven other cases, and we are already past our --
21     MR. BARTOLOTTA:  I ask permission --
22     (Unreportable crosstalk.)
23     THE COURT:  No.  All right.  This is --
24     MR. BARTOLOTTA:  Judge, could you give me 30
25 seconds?
26     THE COURT:  No.
27     All right.  The plaintiffs have persuaded me at
28 this point to allow the deposition.  I am not making any

1  ruling on whether that deposition will ever see the
2  light of day in front of the jury, if, in fact,
3  Dr. Kessler ends up being the head of the FDA.  Okay.
4  I'm not prejudging that issue.
5       And I'm going to allow the deposition on the
6  4th, because it is only six days before the earliest
7  date.
8       And, Mr. Johnston, you would have won this
9  argument 99 times out of 100.  This is that one time.
10 And it's because of our circumstances.
11      I'm not making a ruling on the FDA issue.  I'm
12 going to strongly urge the plaintiffs to start doing
13 some work on whether you might want to consider asking
14 me to augment your expert witness list and put someone
15 else in if Kessler's in charge of the FDA.  I'm not
16 prejudging it.  I'm just saying I don't want you caught
17 by surprise.
18      And Mr. Johnston's basically indicating to me
19 that he's not going to be opposed to that if it means
20 that Kessler doesn't testify if he's in charge of the
21 FDA.  I'm not prejudging it.  I'm just saying I don't
22 want you caught by surprise.
23      All right.  Mr. Johnston, I realize this is a
24 significant prejudice to you and your team, and these
25 are almost unique circumstances, and that's why I'm
26 doing it.  It's the one out of 100.
27      MR. JOHNSTON:  Your Honor, may I ask you one
28 question?  I know you have other matters.  But if this