# Exhibit 4



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------x
                                                                        Index No. 400000/2017

IN RE OPIOID LITIGATION                                                 **DECISION & ORDER**

------------------------------------------------------------------x

Order and Decision re: 2200-2210, 2211-2221, 2290, 2314

Presented to the Court is the request of various Defendants to direct Suffolk County to produce five witnesses and to add three of those witnesses as custodians and for Nassau County to produce six witnesses and add three of those witnesses as custodians. In addition, they request (2242-2250) that the two Counties produce eight and fourteen priority witnesses with knowledge relevant to a public nuisance liability trial.

First - 2200-2211, 2211-2221—The Defendants have requested to be able to depose five witnesses (Detective Baron, Detective Pizzurro, Deputy Inspector Valencia, Detectives Leake and Mercado and add custodians Baron, Pizzurro and Leake. It is asserted that these are the only witnesses with personal knowledge regarding critical aspects of Suffolk County's nuisance claim. They also assert that Detectives Lopez, Gibson, Hill, Occhino, Maniet and Rozzi are key witnesses and in some cases the only ones with personal knowledge regarding critical aspects of Nassau County's public nuisance claim. They also wish to add as custodians Lopez and Gibson and Hill similarly claiming that these witnesses have personal knowledge of critical aspects of the Nassau County's public nuisance claim. The arguments regarding the two Counties are basically the same.

In NYSCEF Doc No. 2314 filed December 27, 2019 Defendants assert that they are not responsible for any delay and that the law enforcement privilege does not apply.

These witnesses' depositions are said to be essential to the public nuisance liability trial. They state that since the Counties intend to prove that Defendants caused a public nuisance through their failure to control the supply chain for, and maintain effective controls against diversion of, dangerous prescription opioids, that the requested witnesses have personal knowledge of drug overdosing and diversion. For example, Detective Baron is the only witness who can speak to the diversion of prescription drugs in Suffolk County today. Detective Pizzuro has served as an overdose investigator in Suffolk County and can testify as to opioid overdoses and the alleged failure to control the supply chain for dangerous prescription opioids. Moreover, Detectives Valencia, Leake and Mercado investigated illegal drug trafficking in Suffolk.

Plaintiffs' response to all of the requests is that the testimony of these witnesses is duplicative, unwarranted, unduly burdensome and is nothing more than an effort to delay the scheduled trial. Plaintiffs state that the depositions of these witnesses will impair the ability to carry out their law enforcement missions. In addition, it is claimed that the testimony is subject

to privilege, sealing requirements, confidentiality and that the information sought is of marginal relevance.

With respect to the Suffolk County requested witnesses it appears that their testimony would be relevant to the issues presented by the Plaintiffs regarding public nuisance since it is alleged that the defendants caused the "opioid epidemic" and created, maintained or joined in the drug trafficking, diversion and drug overdoses. Therefore, Suffolk Country is directed to produce for deposition Detective Christopher Baron, Detective Sergeant John Pizzurro and Detective Lawrence Leake and to add them as custodians. As to the other requested Suffolk witnesses, that is denied and held in abeyance pending the directed depositions and upon further application to the Court.

As to the Nassau County requests (NYSCEF 2211-2221), Plaintiff is directed to produce for deposition Detectives Nelson Lopez, Debra Gibson, and Joseph Dwight Hill and to add them as custodians. As to the other requested Nassau County depositions set forth in NYSCEF Doc No. 2211, they are denied and held in abeyance pending the directed depositions and upon further application to the Court.

Defendants have further requested that Suffolk and Nassau Counties produce a total of 22 additional "priority" witnesses with knowledge relevant to a public nuisance trial. Plaintiff has responded objecting to those witnesses, however has agreed (NYSCEF Doc No. 2293) to produce Jayne Greene, Scott Tusa and Chris Ferro from Nassau and Robert DeLagi, William Burke and James Tomarken from Suffolk. The Court will hold in abeyance its determination of the additional requested depositions pending further application to the Court subsequent to the agreed to depositions.

In the event that objections are raised based on law enforcement privilege, application can be made to the Court for a ruling.

Dated: January 2, 2020

ENTER

Hon. Jerry Garguilo, J.S.C.

**HON. JERRY GARGUILO**