# **<u>EXHIBIT</u>**

# **<u>2</u>**

**SIMMONS HANLY CONROY**
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

December 24, 2020

**VIA NYSCEF**

The Honorable Jerry Garguilo
Supreme Court of the State of New York
Suffolk County
John P. Colahan, Jr. Courthouse
400 Carleton Avenue
Central Islip, NY 11722

    Re:    Index No. 400000/2017 - *In Re Opioid Litigation*
           **Plaintiffs' request for a telephonic pretrial compliance conference concerning Plaintiffs' timely-noticed trial preservation deposition of Plaintiffs' expert David Kessler, M.D. to be conducted January 13, 2021**

Dear Justice Garguilo,

    I write on behalf of Plaintiffs Suffolk County, Nassau County, and the State of New York to request a telephonic pretrial compliance conference to expeditiously address Defendants' objection to Plaintiffs' scheduled January 13, 2021 videorecorded trial-preservation deposition of their expert witness, David Kessler, M.D.

    As the Court may recall from his testimony during the *Frye* hearings, Dr. Kessler is a former Commissioner of the FDA. His background and the nature of the expert testimony he will offer in this case are summarized in the synopsis filed by Plaintiffs in advance of his *Frye* testimony, and are memorialized in the Court's order denying the Defendants' *Frye* motions. *See* NYSCEF Nos. 7328 and 7633. In summary, he will offer opinions about the Manufacturer Defendants' conduct in promoting the use of opioids and how that conduct deviated from FDA standards.

*We stand for our clients.*

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
| | | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 | |

Hon. Jerry Garguilo
December 24, 2020
Page 2



  Plaintiffs had expected to call Dr. Kessler as a live witness at trial, and they still hope that he may be available to provide in-person testimony. However, Dr. Kessler was recently appointed to Co-Chair the Covid-19 Advisory Board, a task force of physicians and scientists to advise the incoming administration on matters related to the COVID-19 pandemic.[1] Because of his role on the Advisory Board, and the urgent and unpredictable nature of those matters, Dr. Kessler has requested that we conduct a trial-preservation deposition pursuant to CPLR 3101(d)(iii) on January 13, 2021. This will ensure that his testimony can be offered in Plaintiffs' case-in-chief pursuant to CPLR 3117(4), regardless of his availability. Accordngly, Plaintiffs have duly noticed his deposition for that date.

  Plaintiffs have a statutory right to proceed with this timely-noticed deposition without a court order, notwithstanding the prior close of discovery and the filing of a note of issue. *See* CPLR 3101(d)(iii) ("a party, without court order, may take the testimony of a person authorized to practice medicine…who is the party's treating or retained expert."); *Brandes v. N. Shore Univ. Hosp.*, 22 A.D.3d 779 (2d Dep't 2005) ("An affidavit showing unusual or unanticipated circumstances…after the filing of a note of issue…was not required here since the relief sought, [a trial-preservation] deposition of a nonparty treating physician, was not in the nature of discovery") (*citing* CPLR 3101(d)(iii)); *Jones v. Gelbu Pemba Sherpa*, 5 A.D.3d 634 (2d Dep't 2004) (same, and noting that deposition would be automatically admissible at trial pursuant to CPLR 3117(4)).[2]

  The purpose of this statutory entitlement was succinctly explained by the court in *Matter of Doe*, 13 Misc. 3d 497, 502 (Sup. Ct. Oneida Cty. 2006):

> CPLR 3117(a)(4) allows a party to use a deposition of a physician without a prior showing of unavailability or special circumstances. The court is authorized…to admit into evidence depositions of physicians as the statute permits these *as of right*. [22 NYCRR] § 202.15 permits the taking of videotaped depositions, which may be used pursuant to any of the CPLR 3117 exceptions to the hearsay rule. *The most broad exception relates to physicians, and the policy reason therefore is obvious*. Physicians' schedules are hectic, and live appearances by them are costly to the parties, the physician, and the health care system overall. Utilizing this technique to

---

[1] *See The Washington Post*, 11/9/20, available at https://www.washingtonpost.com/health/2020/11/09/biden-coronavirus-task-force/.

[2] *See also Calvao v. St. John's Riverside Hosp.*, 261 A.D.2d 350 (2d Dep't 1999) (same, reversing lower court and permitting deposition of physician as of right even though legal entitlement under CPLR 3101(d)(iii) raised for first time on appeal); *Hill v. Sheehan*, 154 A.D.2d 912 (4th Dep't 1989) (same, reversing court that abused its discretion in precluding plaintiff from deposing her physician, who had moved to California and was not available to testify at trial).

Hon. Jerry Garguilo
December 24, 2020
Page 3



record their testimony, without a judge present, prior to a trial, *has specific statutory sanction*.

(emphasis added). While the *Doe* court did not cite the Advisory Committee's written recommendation of the amendments codifying this statutory entitlement to support its legislative interpretation, it certainly could have:

> There remains a need for statutory provision clearly permitting a party to take the deposition, without the necessity of showing special circumstances, of a person authorized to practice medicine who has… been retained by him as an expert witness. *This [amendment of CPLR 3101(d)(iii) would supply just such a provision* and thereby provide an additional and valuable tool... *It would ease the burden on litigants, lawyers, courts and physicians*… Coupled with CPLR 3117(a)(4), it would reduce the expense of litigation occasioned by physicians personally testifying at trial.[3]

The Advisory Committee's additional notes regarding CPLR 3117(a)(4) make clear that this statutory entitlement is premised on the identity of the witness as a physician, and not on the nature of that witness' testimony or the nature of the litigation:

> CPLR 3117(a) (4), as amended in 1977, permits the use of a deposition of a "medical witness" at the trial without the laying of a foundation or showing of special circumstances. *Since the term "medical witness" may be ambiguous, this measure would also amend that provision to substitute the term "a person authorized to practice medicine."* Amended in such fashion, it would permit the use at trial of the deposition of a person authorized to practice medicine which was properly taken under CPLR 3101(a), with or without a court order, without showing special circumstances.[4]

Plaintiffs met and conferred with Defendants on December 18 regarding the scheduling of this deposition, but Defendants objected to any deposition at all, without

---

[3] *See* 1978 Recommendations of the Committee to Advise and Consult with the Judicial Conference and the Chief Administrator of the Courts on the Civil Practice Law and Rules (emphasis added).

[4] *Id.* (emphasis added)

Hon. Jerry Garguilo
December 24, 2020
Page 4



providing a reason for their opposition.⁵ Instead, they offered to allow Plaintiffs to designate a new expert in Dr. Kessler's place, which would of course dramatically increase expense, delay, and risk for all parties and the Court—precisely the opposite of the policy objectives of the operative statutes in question.

Defendants cannot claim unfair prejudice as a result of Plaintiffs' proposed deposition. Their able counsel are doubtless fully prepared to cross-examine Dr. Kessler; they did so at length during his *Frye* hearing, and much of that cross-examination (as the Court noted) involved substantive, "trial-related" cross-examination rather than being limited to *Frye* matters. They also conducted a full-day, videotaped deposition of Dr. Kessler in this case, *and* a two-day, videotaped deposition of him in the MDL, further obviating any claims of prejudice.

Plaintiffs' request for a pretrial compliance conference is intended to ensure that Dr. Kessler's testimony is actually taken on the date he has made available for that purpose, and not be derailed by a last-minute filing of a motion to quash or for a protective order, neither of which could have any colorable basis under these circumstances. Plaintiffs respectfully submit that such a conference will provide the Court with the most efficient and effective way to: (i) pre-emptively address any reasonable issues or concerns raised by Defendants; (ii) safeguard Plaintiffs' statuory entitlement to preserve the testimony of this important trial witness; (iii) allow Dr. Kessler to focus on the national-level pandemic-response work instead of trial-scheduling matters in this proceeding; and (iv) protect the public's right to the benefit of Dr. Kessler's undivided attention in doing that essential work.

                                               */s/ Justin Presnal*
                                                    Justin Presnal (*pro hac vice*)
                                               Paul J. Hanly, Jr.
                                               Jayne Conroy
                                               Thomas I. Sheridan, III
                                               SIMMONS HANLY CONROY LLC
                                               112 Madison Avenue

---

⁵ Even if Plaintiffs were not entitled to take Dr. Kessler's deposition as a matter of right due to his status as a physician, it would be appropriate for the Court to allow a trial-preservation deposition given the articulable basis to believe he may actually unavailable to testify at trial. *See, e.g., Sadowsky v Chat Noir, Inc.*, 64 A.D.2d 697 (2d Dep't 1978) (granting application to examine nonparty witness before trial because witness was only independent eyewitness of accident); *Sigman-Weiss Consultants, Inc. v Raiff*, 149 Misc.2d 111 (Sup. Ct. Kings Cty. 1990) (plaintiff corporation permitted to depose defendant's partner when aged defendant's death could preclude the witness from testifying pursuant to the dead man's statute). Fortunately, CPLR 3101(d)(iii) relieves the Court of the need for such discretionary analysis.

Hon. Jerry Garguilo
December 24, 2020
Page 5



New York, NY 10016
(9790 224-2036
jpresnal@simmonsfirm.com
phanly@simmonsfirm.com
jconroy@simmonsfirm.com
tsheridan@simmonsfirm.com

*Counsel for Suffolk County*


*/s/ Hunter J. Shkolnik*
    Hunter J. Shkolnik
Salvatore C. Badala
Joseph L. Ciaccio
NAPOLI SHKOLNIK PLLC
400 Broadhollow Road, Suite 305
Melville, New York 11747
Phone: (212) 397-1000
Facsimile: (646) 843-7603
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com

*Counsel for Nassau County*


*/s/ David E. Nachman*
    David E. Nachman
*Counsel for Opioids and Impact Litigation*
Office of the New York State
Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8390
David.Nachman@ag.ny.gov

John Oleske
*Senior Enforcement Counsel*

*Counsel for Plaintiff The People of the State of New York*