No. 21-3041

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 12, 2021
DEBORAH S. HUNT, Clerk

In re: NATIONAL PRESCRIPTION OPIATE )
LITIGATION )
                                    )
In re: ENDO HEALTH SOLUTIONS, INC., et al., )    O R D E R
                                    )
    Petitioners.                    )

Before: MOORE, GIBBONS, and THAPAR, Circuit Judges.

In this multidistrict litigation arising from Petitioners' allegedly improper distribution and dispensation of prescription opioids, the district court scheduled a trial preservation deposition of Dr. David Kessler to begin on January 13, 2021. Petitioners−several defendants below—petition for a writ of mandamus to compel the district court to issue an order preventing that deposition. Separately, they move to stay the district court's order. The Plaintiffs Executive Committee ("PEC") and the district court judge respond in opposition. Petitioners reply.

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [our] discretion." *Nken v. Holder*, 556 U.S. 418, 433−34 (2009). We balance four factors to determine whether a stay is appropriate: (1) whether the petitioners have "made a strong showing that [they are] likely to succeed on the merits"; (2) whether the petitioners "will be irreparably injured absent a stay"; (3) whether issuance of a stay will "substantially injure" other interested parties; and (4) "where the public interest lies." *Id.* at 434 (citation omitted). More than a "possibility" of relief and of irreparable injury is necessary to satisfy the first two factors, respectively. *Id.* at 434−35. The first two factors are also "the most critical." *Id.* at 434.

Petitioners argue that they have a likelihood of success in mandamus because the district court's order permitting the use of the preservation deposition at trial in unspecified cases is clearly erroneous; the order violates mandatory Federal Rules of Civil Procedure governing discovery; the PEC failed to show Dr. Kessler would be actually unavailable; and permitting preservation depositions in MDL cases will have enormous consequence in all MDL cases.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). We balance five factors in determining whether mandamus relief is appropriate: (1) whether petitioners have "no other adequate means, such as direct appeal, to attain the relief desired"; (2) whether petitioners "will be damaged or prejudiced in a way not correctable on appeal"; (3) whether "the district court's order is clearly erroneous as a matter of law"; (4) whether "the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules"; and (5) whether "the district court's order raises new and important problems, or issues of law of first impression." *John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008). "These factors need not all be met, and some factors will often be balanced in opposition to each other." *Id.*

The first two factors weigh against or do not strongly support mandamus relief. Although there are alternative methods they could pursue to bring an immediate appeal, *see, e.g.*, 28 U.S.C. § 1292(b), these remedies are not reasonably available to challenge a deposition scheduled for tomorrow. But, critically, the admissibility of the deposition or Kessler's testimony at trial has not yet been addressed by the district court, and adverse rulings on the admission of that testimony may be raised on direct appeal. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 270 (6th Cir. 2010); *see also Manley v. AmBase Corp.*, 337 F.3d

237, 247 (2d Cir. 2003) (reviewing the exclusion of testimony from a preservation deposition at trial based on the scope of the testimony).

Nor does the district court's order appear clearly erroneous as a matter of law or constitute an oft-repeated error. Federal Rule of Civil Procedure 26 generally governs discovery, including for expert witnesses. Preservation depositions, however, also known as *de bene esse* depositions, are "provisional examination[s] of a witness whose testimony is important and might otherwise be lost, for use at trial in case the witness is unable to attend in person at the time or cannot be produced." *Weist v. E.I. DuPont De Nemours & Co.*, No. 05-CV-0534S, 2009 WL 10681127, at * 1 (W.D. N.Y. Aug. 27, 2009) (citing Black's Law Dictionary 401 (6th ed. 1993)). As a result, courts generally recognize the distinct purposes of preservation depositions as compared to depositions taken during the normal course of discovery when considering admissibility. *See id.* (collecting cases). And Federal Rule of Civil Procedure 30 permits a party to conduct a deposition with leave of court before the time specified in Rule 26 if the deponent will be unavailable after that time. Fed. R. Civ. P. 30(a)(2)(A)(iii); *see also Rayco Mfg., Inc. v. Deutz Corp.*, No. 5:08 CV 00074, 2010 WL 183866, at *3 (N.D. Ohio Jan. 14, 2010) (concluding that preservations depositions are not treated as part of the general discovery process) (collecting cases). The PEC represented that Kessler will soon be advising or appointed to a position in the incoming Biden administration. The parties agree that this will render him unavailable, at least for some period of time. The district court directed the PEC to provide certain information to Petitioners before the deposition, and placed limits on the scope of the deposition. Cross-examination will occur on the second day of the deposition. Under these circumstances, we find no abuse of discretion. *See Weist*, 2009 WL 10681127, at * 3 (permitting a preservation deposition of an expert witness who would be unavailable due to his federal

appointment, preserving for later any issues regarding admissibility, when discovery was largely complete and not specific to a particular case but on a product and its warnings). Finally, Kessler's Track One deposition testimony may be produced in these cases, per a prior discovery order from the district court.

Petitioners appear correct that the final factor weighs in their favor: the lack of significant binding authority suggests that this is a novel issue on which this court's decision could have consequence. But, at this juncture, and under the circumstances of this case where the ultimate admissibility of the evidence has not yet been considered, it does not outweigh the other factors.

Petitioners next argue that they will suffer irreparable harm because deposing Dr. Kessler will waste resources in the midst of a pandemic when there is no imminent trial date, the PEC has ample time to obtain another expert witness, Petitioners lack adequate time to prepare, and they will be foreclosed from cross-examining him when better prepared at trial. We consider three factors in evaluating irreparable harm: the "substantiality of the injury alleged"; whether the injury will likely occur; and whether the movant provided adequate proof of the alleged injury. *Mich. Coal. of Radioactive Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). "Mere injuries, however substantial, in terms of money, time and energy expended in the absence of a stay are not enough." *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Additionally, any alleged harm must be "certain and immediate, rather than speculative or theoretical." *Id.* Petitioners' harms are not certain, given that no decision on admissibility of the evidence has been made.

The PEC counters that they will be substantially harmed if Kessler's deposition is not taken. The district court judge agreed: "Dr. Kessler is not just any expert witness. He is an

attorney, a doctor, and was Commissioner of the FDA when the opioid epidemic began to take root." (Judicial Resp. at 2). The public also has a strong interest in the case. "President Trump has declared the opioid epidemic a national emergency, and . . . the circumstances in this case, which affect the health and integrity of the entire country, are certainly compelling." *In re: Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 923 (6th Cir. 2019).

The motion to stay is **DENIED**. A ruling on the mandamus petition is **RESERVED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk