## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION　　　　　MDL No. 2804

### TRANSFER ORDER

**Before the Panel**: Plaintiffs in eight actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions, which are listed on Schedule A, to MDL No. 2804. Various responding defendants[1] oppose the motions. Additionally, defendant Hikma Pharmaceuticals USA, Inc., moves to transfer, under 28 U.S.C. § 1407, the two Northern District of Mississippi actions, which also are listed on Schedule A, to the Northern District of Ohio for inclusion in MDL No. 2804. The motion to transfer the Northern District of Mississippi actions is unopposed.

　　　After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

　　　Despite some variances among the actions before us, all share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* The Northern District of Mississippi actions subject to defendant's motion to transfer involve personal injuries arising from the use of the addiction treatment drug Suboxone, which itself is an opioid medication and at issue in certain MDL actions. *See, e.g., Town of Cottage City, et al. v. Allergan plc, et al.,* D. Maryland, C.A. No. 8:20-796, Compl. at ¶ 58. All actions therefore fall within the MDL's ambit.

---

[1] Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Cardinal Health, Inc.; and McKesson Corp. (distributor defendants); Actavis, LLC, Actavis Pharma, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Hikma Pharmaceuticals USA Inc.; Janssen Pharmaceutica, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Par Pharmaceuticals, Inc., Par Pharmaceutical Companies, Inc.; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; and Watson Laboratories, Inc. (manufacturing defendants).

Plaintiffs which are moving to vacate their respective conditional transfer orders oppose transfer by principally arguing that federal jurisdiction is lacking over their cases. But opposition to transfer based on a jurisdictional challenge is insufficient to warrant vacating conditional transfer of factually related cases. Most opponents of transfer also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions, including the resolution of their remand motion. Given the undisputed factual overlap with the MDL proceedings, transfer is justified to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**   MDL No. 2804

## SCHEDULE A

<u>Northern District of Illinois</u>

VILLAGE OF ADDISON, ET AL. v. CEPHALON, INC., ET AL., C.A. No. 1:20-05534

<u>Northern District of Mississippi</u>

SMITH v. INDIVIOR, INC., ET AL., C.A. No. 3:20-00187
BLANKENSHIP v. INDIVIOR, INC., ET AL., C.A. No. 4:20-00135

<u>Eastern District of Missouri</u>

BARRY COUNTY v. ALLERGAN PLC, ET AL., C.A. No. 4:20-01452

<u>Northern District of Oklahoma</u>

CITY OF TULSA v. CEPHALON, INC., ET AL., C.A. No. 4:20-00493

<u>Western District of Oklahoma</u>

ELK CITY CITY OF v. CEPHALON, INC., ET AL., C.A. No. 5:20-00998

<u>Eastern District of Pennsylvania</u>

LABORERS' DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:20-04804
SHEET METAL WORKERS LOCAL 19 HEALTH FUND v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:20-04805
DISTRICT ATTORNEY OF CLEARFIELD COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:20-05171
ASBESTOS WORKERS LOCAL UNION NO. 2 WELFARE FUND v. ALLERGAN, PLC, ET AL., C.A. No. 2:20-05191