UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) | |
| | ) ) ) ) | **ORDER REGARDING PRODUCTION OF "SIMILAR" DOCUMENTS WITH PRIVILEGE CLAIMS** |

As the parties are aware, during the "discovery dispute resolution process, [the undersigned has issued numerous] . . . 'bellwether discovery rulings.'" Order at 7 (docket no. 3527). Specifically, after issuing rulings resolving disputes over whether certain documents are protected from discovery by attorney-client privilege or the work-product doctrine, "the Special Master ordered all parties to apply the legal reasoning, as applied to the specific privilege claims resolved by the ruling, to other **similar documents** over which the parties had asserted privilege." *Id.* at 7-8 (emphasis added). Thus, if the undersigned overruled a Defendant's claim of privilege, and therefore ordered a certain document must be produced to Plaintiffs, "[a]ll Defendants are [thereafter] required to review [all other] documents marked privileged and to 'self-downgrade'

privilege claims as appropriate pursuant to these bellwether privilege rulings." *Id.* at 8.[1]

Recently, defendant Walgreens expressed concern that production of these "similar documents" pursuant to "self-downgrading" could create a waiver issue. In particular, while Walgreens understands its obligation to apply all bellwether discovery rulings regarding privilege to all other withheld documents, it did not want its production of "similar documents" to be: (1) construed as a withdrawal of its claim of privilege; (2) construed as a failure to object to production; or (3) grounds for argument by Plaintiffs on appeal that the claim of privilege was waived.

Accordingly, the Special Master clarifies as follows. Walgreens may produce any such "similar documents" with a cover letter that makes clear Walgreens is maintaining its assertions that the documents are privileged, but is producing them over objection pursuant to its affirmative, Court-ordered obligations. Further, this Order confirms that Walgreens' past or future compliance with the Court's orders does not suggest Walgreens has waived its rights on appeal to argue that such documents are privileged, or that the Court's orders of production were not correct. Finally,

---

[1] *See also* docket no. 2909 at 2-3 ("[T]he parties submitted a number of exemplar documents and ask for rulings from the Special Master, which they will then apply to other disputed documents. . . . The parties must adhere to these rulings regarding . . . already-filed documents, as well as any documents that are later filed."); docket no. 1498 at 2 n.1 ("Plaintiffs have identified numerous documents as representative of the types of documents withheld by defendants based on privilege, and have asked the undersigned to review these representative documents in camera. The parties understand they should apply rulings on these representative documents to other, similar documents."); docket no. 1666 at 2 ("The Special Master applied [certain legal] standards to a SOMS audit . . . and directed the parties to apply the precepts of that *Ruling* to their [other] SOMS audit documents.").

The parties agreed to a similar process in connection with mutual negotiation of "withdrawing or narrowing of privilege claims, privilege redactions, other redactions, or work product claims": "To the extent that any such [privilege] claims or redactions are downgraded, modified, or withdrawn by the Designating Party, as a result of the meet-and-confer process . . . the Designating Party shall . . . apply any such downgrades, modifications, or withdraw[al]s to any other similar or emblematic claims or redactions." Docket no. 2882 at 5.

any other party besides Walgreens may use this same cover-letter procedure, and the same rules apply.

      **IT IS SO ORDERED.**

                                            /s/ *David R. Cohen*
                                            **DAVID R. COHEN**
                                            **SPECIAL MASTER**

**Dated:** February 16, 2021