# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 14, PART 19 REGARDING WALGREENS' PRIVILEGE CLAIMS |

**AGENDA ITEM 301**

During Track Three discovery, defendant Walgreens withheld production of certain documents based on attorney-client privilege. Plaintiffs took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents. Plaintiffs requested *in camera* review of eleven of the remaining disputed documents. Walgreens agreed to downgrade the majority of these documents to "Not Privileged" and submitted the remaining disputed documents to the Special Master for *in camera* review. Both parties submitted a chart summarizing their arguments regarding each contested document. Walgreens also submitted a letter brief detailing its arguments in support of privilege. Having considered these submissions carefully, the Special Master now rules on the challenged documents.

1

I.  **Legal Standards.**

The Special Master has applied the legal standards and authorities set out in **all** prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[1] *See, e.g., Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000). *See also* docket no. 3584 at 1 ("The burden is on the proponent to prove that the documents are privileged; and to be privileged, the communication must have the primary purpose of soliciting or receiving legal, as opposed to business, advice. That line is sometimes very difficult to draw when . . . [a company] operates in a heavily regulated business and regulatory compliance advice from in-house counsel is therefore part of [the company's] day-to-day business operations."). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).

---

[1] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

II. Rulings.

| | |
|---|---|
| EM00310592 | Privilege Claim Voluntarily Downgraded to Not Privileged |
| EM06218603 | Privilege Claim Voluntarily Downgraded to Not Privileged |
| EM06932581 | Privilege Claim Voluntarily Downgraded to Not Privileged |
| EM06963043 | Privilege Claim Voluntarily Downgraded to Not Privileged |
| EM06982800 | Privilege Claim Sustained (cover email) Redactions to Attachment (EM05982801) Sustained |
| EM08756471 | Cover email previously produced (WAGMDL01175449) Redactions to Attachment (EM08756472) Overruled |
| EM11809039 | Privilege Claim Voluntarily Downgraded to Not Privileged |
| EM11851907 | Privilege Claim Voluntarily Downgraded to Not Privileged |
| EM11871841 | Privilege Claim Voluntarily Downgraded to Not Privileged |
| EM12298733 | Privilege Claim Voluntarily Downgraded to Not Privileged |
| EM12298735 | Privilege Claim Voluntarily Downgraded to Not Privileged |

III. Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before March 8, 2021.

RESPECTFULLY SUBMITTED,

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: March 1, 2021**

3