UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 14, PART 20 REGARDING RITE AID'S PRIVILEGE CLAIMS |

**AGENDA ITEM 298**

During Track Three discovery, defendant Rite Aid withheld production of certain documents based on attorney-client privilege. Plaintiffs took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents. Plaintiffs requested *in camera* review of fourteen of the remaining disputed documents. Rite Aid submitted the disputed documents to the Special Master for *in camera* review and both parties submitted a chart summarizing their arguments regarding each contested document. The parties also submitted letter briefs and supporting documents detailing their arguments. Having considered these submissions carefully, the Special Master now rules on the challenged documents.

I. **Legal Standards.**

The Special Master has applied the legal standards and authorities set out in **all** prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[1] *See, e.g., Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not

---

[1] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

1

privileged simply because it is made by or to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000). *See also* docket no. 3584 at 1 ("The burden is on the proponent to prove that the documents are privileged; and to be privileged, the communication must have the primary purpose of soliciting or receiving legal, as opposed to business, advice. That line is sometimes very difficult to draw when . . . [a company] operates in a heavily regulated business and regulatory compliance advice from in-house counsel is therefore part of [the company's] day-to-day business operations."). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).

## II. Rulings.

| | |
|---|---|
| CTRL002:00908509 | Sustained |
| CTRL002:00396893 | Sustained |
| CTRL002:00392178 | Withdrawn |
| CTRL002:00391216 | Withdrawn |
| CTRL002:00391499 | Withdrawn |
| CTRL001:00044555 | Withdrawn |
| CTRL002:00542965 | Sustained |
| CTRL001:00114511 | Sustained |
| CTRL001:00092663 | Sustained |
| CTRL001:00235515 | Sustained |

| | | |
|---|---|---|
| CTRL004:00886905 | | Sustained |
| CTRL001:00473452 | | Sustained |
| CTRL002:00023947 | | Sustained |
| CTRL002:01161138 | | Sustained |

### III. Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before March 8, 2021.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: March 2, 2021**

3