# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION  This document relates to:  *Track Three Cases* | MDL No. 2804  Case No. 17-MD-2804  Judge Dan Aaron Polster |

## OPPOSITION TO PLAINTIFFS' MOTION TO REVISE THE ORDER REGARDING TIME LIMITS FOR EXPERT DEPOSITIONS

Almost nine months ago, in June 2020, Special Master Cohen issued his Ruling Regarding Re-Deposition of Witnesses (Dkt. 3359), based on his review of the parties' competing proposals. Plaintiffs did not object to Special Master Cohen's ruling at the time. Even now, in a motion filed without any prior effort to meet and confer, plaintiffs do not point to anything in his ruling that would interfere with their asserted goal of requesting that "generic" expert opinions be useable in remanded cases without the need for additional depositions. Assuming there are good reasons to limit expert depositions in remanded cases, plaintiffs do not explain how their proposed amendments would promote that goal. On the other hand, it is clear how their proposal would unfairly hamstring defendants' ability to take expert discovery.

If it turns out that that Special Master Cohen's protocol for expert depositions is unworkable or inappropriate for particular experts, the parties should address the issue with Special Master Cohen after reports have been served, in the context of a specific expert's actual report and opinions. In the meantime, there is no basis for revising Special Master Cohen's ruling on the Track Three depositions of experts who previously were deposed in Track One.

**I.      Plaintiffs Do Not Identify Any Problems with Special Master Cohen's Ruling on Expert Depositions.**

Special Master Cohen set out the following rules to govern the Track Three depositions of experts in who already were deposed in Track One:

- If the expert's Track Three report is identical to the expert's Track One report, the deposition time limit is between 3.0 and 3.75 hours, calculated as the longer of (a) 3.0 hours or (b) 0.75 hours per defendant family (of the five defendant groups that are Track Three defendants) that is a subject to the expert's opinions.

- If the expert's Track Three report is "moderately amended compared to their report in Track One," the deposition time limit is between 5.0 and 6.25 hours, calculated as the longer of (a) 5.0 hours or (b) 1.25 hours per defendant family that is a subject of the expert's opinions.

- If the expert's Track Three report is "largely new," the deposition time limit is between 7.0 and 8.75 hours, calculated as the longer of (a) 7.0 hours or (b) 1.75 hours per defendant family that is a subject of the expert's opinions.

Dkt. 3359 at 3-4.

Plaintiffs do not suggest any way in which Special Master Cohen's protocol for expert depositions would create difficulties. They say that the point of their motion is to permit a request at a later time that generic expert opinions not tied to the facts of any particular plaintiff's case may be used beyond Track Three in remanded cases. They say nothing, however, about how Special Master Cohen's ruling is supposedly inconsistent with such a request or how the additional restrictions on depositions they propose would support it.

## II. Plaintiffs' Proposed Revisions Would Have Bizarre and Unfair Consequences.

While plaintiffs provide no rationale for their requested revisions to Special Master Cohen's expert deposition protocol, the results of their proposal would be as strange as they would be unfair.

In a more typical MDL that separates expert discovery on "generic" topics and case-specific topics, plaintiffs' experts with opinions that fall into both categories would provide separate expert reports on their generic opinions that might be offered in numerous MDL cases and on their case-specific opinions relevant only to a particular case. These experts would then sit for separate, full-length depositions on each set of opinions. Here, however, plaintiffs propose that their experts with both generic and case-specific opinions should provide just one report and sit for just one deposition that would be subject to a time-allocation scheme that plaintiffs' proposal arbitrarily dictates to the defense lawyers taking the deposition.

Consider what would happen if a previously deposed expert offers new opinions relevant to four of the five defendant families that are both generic (and unrelated to any specific geography) and case-specific (concerning conduct specifically in Lake and Trumbull Counties). Special Master Cohen's ruling would give defendants seven hours of deposition time to allocate as they see fit based on the relative importance of the issues and the number and complexity of the opinions offered.

Under plaintiffs' proposal, on the other hand, the four affected defendant families would be limited to a collective total of four hours of deposition time on all generic opinions. This would be true no matter how many opinions the expert offers on generic topics, and no matter how important, complex or numerous those opinions are relative to the expert's case-specific opinions. Similarly, if the expert offers only straightforward generic opinions but numerous

3

critical and highly complex case-specific opinions involving the four defendant families, plaintiffs' proposal would limit defendants to just three hours collectively to depose the expert on all of his or her case-specific opinions.

Plaintiffs also fail to address the impractical nature of trying to divide a deposition regarding a single report by topic area in the sharp manner they to envision, especially when the same expert's generic and case-specific opinions will most often be closely related. For example, a defendant may be questioning the witness about case-specific opinions as to that defendant, and either the questioner or the witness may refer back to the expert's generic opinion about the same defendant. No deposition follows the precise path laid out in an attorney's outline. That is why allocations of the time between the defendant families as agreed among defense counsel using their best judgment is a practical approach, while plaintiffs' attempt to impose hard time allocations by topic area is not workable.

Plaintiffs offer no justification for a proposal makes no sense.

## Conclusion

If there are individual experts for whom it would be appropriate to modify Special Master Cohen's deposition protocol, defendants naturally stand willing to discuss the issue with plaintiffs once expert reports have been served and, if necessary, to seek Special Master Cohen's guidance. For now, however, plaintiffs have offered only a pointlessly unfair proposal that should be rejected.

Dated: March 9, 2021

Respectfully submitted,

/s/ Eric R. Delinsky (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Ste. 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc. and Ohio CVS Stores, LLC*

/s/ Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6600
kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Ohio, Inc.*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
(412) 471-3490
rbarnes@marcus-shapira.com
livingston@marcus-shapira.com
kobrin@marcus-shapira.com

*Counsel for Giant Eagle, Inc. and HBC Service Company*

/s/ Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

**Certificate of Service**

I hereby certify that this 9th day of March, 2021, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*