UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) | *AMENDED* |
| | ) | DISCOVERY RULING NO. 14, PART 22 |
| | ) | REGARDING WALMART'S |
| | ) | PRIVILEGE CLAIMS |

On reconsideration, the Special Master issues this *amended* Ruling, which modifies docket no. 3650. The rulings set out in bold in the table at the end of this Ruling are changed.

**AGENDA ITEM 299**

During Track Three discovery, defendant Walmart withheld production of certain documents based on attorney-client privilege. Plaintiffs took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents. Plaintiffs requested *in camera* review of seventeen of the remaining disputed documents. Walmart submitted the disputed documents to the Special Master for *in camera* review and both parties submitted a chart summarizing their arguments regarding each contested document. Walmart also submitted a letter brief detailing its arguments in support of privilege and other supporting documents. Having considered these submissions carefully, the Special Master now rules on the challenged documents.

## I. Legal Standards.

The Special Master has applied the legal standards and authorities set out in **all** prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[1] *See, e.g., Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000). *See also* docket no. 3584 at 1 ("The burden is on the proponent to prove that the documents are privileged; and to be privileged, the communication must have the primary purpose of soliciting or receiving legal, as opposed to business, advice. That line is sometimes very difficult to draw when . . . [a company] operates in a heavily regulated business and regulatory compliance advice from in-house counsel is therefore part of [the company's] day-to-day business operations."). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).

---

[1] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

II. **Rulings.**

| | | |
|---|---|---|
| WMT_PRIV_00002046 | | Privilege designation sustained. |
| WMT_PRIV_00002194 | | Overruled. |
| WMT_PRIV_00002198 | | Sustained. |
| WMT_PRIV_00002199 | | Sustained. |
| WMT_PRIV_00002200 | | Sustained. |
| WMT_PRIV_00002277 | | **Sustained**. |
| WMT_PRIV_00002278 | | **Sustained**. |
| WMT_PRIV_00002495 | | Sustained. |
| WMT_PRIV_00002565 | | Sustained. |
| WMT_PRIV_00002620 | | Sustained. |
| WMT_PRIV_00003122 | | Sustained. |
| WMT_PRIV_00003415 | | **Sustained**. |
| WMT_PRIV_00003610 | | Sustained. |
| WMT_PRIV_00003615 | | Sustained. |
| WMT_PRIV_00003711 | | Sustained. |
| WMT_PRIV_00003757 | | Sustained. |
| WMT_PRIV_00003812 | | Overruled. |

III. **Objections.**

Any party choosing to object to any aspect of this Ruling must do so on or before March 24, 2021.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: March 20, 2021**