# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: *"All Cases"* | ) ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 24 REGARDING TIMELINESS OF TRACK ONE PRIVILEGE CLAIMS |

**AGENDA ITEM 310**

As part of an ongoing process of privilege designations, challenges, and downgrades in response to "bellwether" privilege rulings by the undersigned, Walgreens has, over time, downgraded thousands of documents it previously maintained were privileged. In a March 5, 2021 submission to the Special Master, Plaintiffs seek to compel the downgrading of 274 documents Walgreens continues to designate as attorney-client privileged.[1] Walgreens argues Plaintiffs' request is untimely, as the documents "were withheld and logged in Track 1A of the MDL, over two years ago."[2] The Special Master agrees with Walgreens and denies Plaintiffs' request.

Plaintiffs' challenges to these privilege designations must be understood in the context of a similar challenge to Walgreens' privilege designations Plaintiffs raised in August 2020. At that time, Walgreens strenuously opposed Plaintiffs' request for *in camera* review on the ground that fact discovery in Track One had been closed for some time. Despite this concern, the Special Master granted *in camera* review and Walgreens filed an objection to that ruling. *See Modified*

---

[1] Letter from Anthony Irpino to Special Master (Mar. 5, 2021).
[2] Letter from Sten Jernudd to Special Master at 1 (Mar. 12, 2021).

*Discovery Ruling No. 23* (docket no. 3461); *Objection to Modified Discovery Ruling 23* (docket no. 3470).

The Court expressed sympathy with Walgreen's position that Plaintiffs' challenges came long after Walgreens had originally supplied its Track One privilege logs; ultimately, however, the Court affirmed *Modified DR-23*. The Court reasoned that Plaintiffs "are permitted (arguably obligated) to test and check whether Walgreens is complying with the Special Master's discovery rulings so long as they do so within a reasonable time period, which the Court concludes they have." Docket. no. 3527 at 13. The Court clarified, however, that it would not "permit Plaintiffs to challenge Track One A privilege logs forever. * * * To be perfectly clear, Track One discovery is now closed. The Court will not resolve any new disputes except [upon] an appropriate showing on a motion to reopen discovery." *Id*. at 14-15.

Plaintiffs' present request presents the first dispute requiring the Special Master to consider whether a party has made such an "appropriate showing." Plaintiffs have not. In their submission of March 20, 2021, Plaintiffs argue their challenges are consistent with the Court's statement that they may "test and check whether Walgreens is complying with the Special Master's discovery rulings."[3] While that may be true, Plaintiffs fail to meaningfully address the timeliness aspect of the above-quoted Order. Plaintiffs fall short of making a showing sufficient to persuade the Special Master to review documents that appeared on Track One privilege logs.

Plaintiffs argue they are entitled to the instant privilege challenges because Walgreens recently "identified and produced more than 2,000 additional documents beyond those challenged by Plaintiffs," and that "these recent downgrades have included Track 1 privilege claims. However, Walgreens should have downgraded other Track 1 privilege claims."[4] In response,

---

[3] Email from Anthony Irpino to Special Master (Mar. 20, 2021).
[4] *Id*.

2

Walgreens notes that Plaintiffs "fail to explain how any of these 274 documents relate to any other document Walgreens has produced following a privilege ruling thus far."[5] Walgreens further asserts that Plaintiffs' submission did not include any references to prior discovery rulings, but only included the generalized assertion that the challenged documents "[s]hould have been downgraded as similar to privilege claims self-downgraded and/or overruled in Discovery Rulings."[6] Moreover, Walgreens explains that, "had Plaintiffs checked or cross-referenced Walgreens' emblematic downgrades, they would have noticed that Walgreens had already produced several of the documents on Plaintiffs' list, because they were similar to other downgraded documents."[7]

The Special Master agrees with Walgreens that Plaintiffs have not made the requisite showing to challenge these Track One privilege claims. To carry the threshold burden of showing present review of documents listed in Track One privilege logs is appropriate, a party seeking a ruling from the Special Master must demonstrate with particularity that the documents it challenges are similar or related to specific documents that have: (a) previously been downgraded pursuant to a bellwether privilege ruling, or (b) already been produced as non-privileged. Such a showing should cite to a relevant bellwether privilege ruling and specific non-privileged documents and explain why the challenged documents resemble those non-privileged documents. Reference to other circumstances relating to the origin and character of the documents (both the non-privileged and the challenged documents), or parties' prior designations and agreed resolutions of privilege disputes, may also be appropriate. To make this showing, a party may also rely on meta-data and other evidence from the privilege logs and any other indicia it may have at

---

[5] Jernudd Letter at 6.
[6] *Id*.
[7] *Id*. In this regard, Walgreens points out that, "with every production of similar or emblematic downgraded documents, it supplies a cross-reference chart to make this process as simple as it reasonably can be."

its disposal. But simple invocation of the usual bases for timely privilege challenges, coupled with bald assertions or speculation that a document should "also" be downgraded, does not suffice.[8]

Because Plaintiffs have failed to make the requisite showing, the Special Master denies Plaintiffs' request.

Any party choosing to object to any aspect of this Ruling must do so on or before March 29, 2021.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: March 22, 2021**

---

[8] To be sure, for each of the 274 challenged privilege designations, Plaintiffs provided substantive bases for their privilege challenges. By denying the present motion, the Special Master does not otherwise cast doubt on the adequacy of those bases for privilege challenges.