# EXHIBIT F

# JONES DAY

77 WEST WACKER • SUITE 3500 • CHICAGO, ILLINOIS 60601.1692

TELEPHONE: +1.312.782.3939 • FACSIMILE: +1.312.782.8585

Direct Number: (312) 269-4335
tfumerton@jonesday.com

February 5, 2021

**VIA E-MAIL**

Special Master David R. Cohen
24400 Chagrin Blvd., Ste. 300
Cleveland, Ohio 44122
david@davidrcohen.com

Re: *In re National Prescription Opiate Litig.*, MDL No. 2804, 1:17-md-02804-DAP
Walmart Response To Plaintiffs' January 29, 2021 Letter Re Geographic Scope

Dear Special Master Cohen:

We write on behalf of Walmart Inc. ("Walmart") in response to plaintiffs' letter seeking to compel Walmart to produce documents "without geographic limitation" for 14 MDL custodians. Plaintiffs essentially argue that every single distribution- or dispensing-related communication from these custodians necessarily relates to the implementation and administration of Walmart's dispensing and distribution policies in the Track 3 Counties, and thus, must be produced—***even if those documents relate to specific issues that occurred in specific jurisdictions outside the Track 3 Counties (and even Ohio)***. In fact, every document that plaintiffs claim Walmart should have produced relates to a specific pharmacy outside of Ohio. Plaintiffs are wrong and their request for such unlimited discovery should be denied.

As explained further below, Rule 26(b)(1) of the Federal Rules of Civil Procedure mandates that discovery be proportional to the needs of a particular case. The Sixth Circuit has made clear that this rule applies in this MDL and that nationwide discovery is not appropriate in bellwether cases. The MDL Court and Special Master similarly have made clear—many times now—that discovery without geographic limitations is not appropriate. *See, e.g.,* the Special Master's Discovery Ruling Nos. 2 and 3 from 2018, his July 8, 2020 and August 12, 2020 Orders Regarding Geographic Scope, and Judge Polster's July 21, 2020 Order. Plaintiffs should not be permitted to re-litigate these issues that have already been decided—especially now just one month from the close of party fact discovery.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Special Master David R. Cohen
February 5, 2021
Page 2

I.   **PLAINTIFFS' DEMAND FOR DISCOVERY "WITHOUT GEOGRAPHIC LIMITATION" IS CONTRARY TO BOTH THE FEDERAL RULES AND THE DISCOVERY RULINGS IN THIS CASE**

   A.   **Plaintiffs' Motion Is Inconsistent With The Federal Discovery Rules.**

In multidistrict litigation, as in all civil litigation, discovery must be proportional to the needs of the case.  *See e.g., United States ex rel. CKD Project, LLC v. Fresenius Med. Care AG & Co. KGAA*, No. 14-cv-6646, 2019 WL 6223828, at *2 (E.D.N.Y. Nov. 8, 2019) (finding nationwide discovery disproportionate where claims were limited to a single state); *United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896, 904 (S.D. Ind. 2018) (same).  Moreover, "the court need not compel discovery of material, even if relevant, if it concludes that the request is "unreasonably cumulative or duplicative . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit."  *See Mehmedi v. La Dolce Vita Bistro, LLC*, No. 1:10-cv-1591, 2011 WL 13160124, at *2 (N.D. Ohio Aug. 9, 2011) (denying motion to compel in part because movants' "requests are unreasonably cumulative"); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

The Sixth Circuit has confirmed the rules are no different in this MDL, explaining that "whether discovery is 'proportional to the needs of the case' under Rule 26(b)(1) must—per the terms of the Rule—be based on the court's determination of the needs ***of the particular case in which the discovery is ordered***."  *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 846 (6th Cir. 2020) (emphasis added).  Judge Polster has similarly ruled that the geographic scope of Track 3 discovery must be proportional to the specific needs of the case.  *See* Exhibit A, July 21, 2020 Judge Polster Order (Dkt. 3389) at 3 (noting that the Special Master's ruling regarding the geographic scope of discovery "reflects careful consideration of what is ***proportional to the needs of this case regarding an alleged public nuisance in Trumbull and Lake Counties.***") (emphasis added).  That is precisely why the Sixth Circuit confirmed that nationwide discovery in these bellwether cases is not appropriate, observing in the context of dispensing data, for example, that, even if the Pharmacy Defendants produced nationwide dispensing data, "the parties could use very little of that data" in a given bellwether track.  956 F.3d at 846.[1]

As discussed further below, each of the documents that plaintiffs reference in support of their motion relates to specific issues occurring at a pharmacy outside of Ohio and has nothing to do with whether Walmart created a public nuisance in the Track 3 Counties.  That the documents

---

[1] Plaintiffs' reliance on a discovery ruling entered by the discovery commissioner in opioid litigation pending in West Virginia state court (the "state ruling") is misplaced.  For starters, the state ruling is contrary to the Special Master's and Judge Polster's rulings on geographic scope in this case.  *See* Section I.B, *infra*.  In addition, the state ruling does not address proportionality at all, which as the Sixth Circuit and the Federal Rules of Civil Procedure make clear, must be considered in this MDL.

JONES DAY

Special Master David R. Cohen
February 5, 2021
Page 3

plaintiffs seek might come from the files of Walmart's Home Office custodians—or as plaintiffs try to characterize them, "central, national-level compliance personnel," Pltfs' Mot. at 7—does not change this analysis. Walmart has already produced tens of thousands of documents from these custodians regarding relevant nationwide policies and procedures generally (as applied to pharmacies nationwide) and the implementation of those policies in the Track 3 Counties. Requiring Walmart to produce additional documents from these custodians about specific issues arising in stores that have no connection to the Track 3 Counties—would be far from proportional to what plaintiffs need for the Track 3 litigation. It would also be burdensome, as Walmart would need to go back and re-review documents for both relevance and privilege before any documents could be produced.

### B. The Existing MDL Discovery Rulings On Geographic Scope Confirm Plaintiffs' Request For Nationwide Discovery Must Be Denied.

The documents plaintiffs cite in support of their request for nationwide discovery all relate to specific issues that arose at specific pharmacies outside of Ohio. For example:

- A document about the reactions of three specific pharmacies in Texas to a specific Texas prescriber. Pltfs' Mot. at 6;

- A document regarding a Pennsylvania-area Market Director's request for guidance regarding a specific prescriber. *Id.* at 7;

- Communications from a specific pharmacy in Wisconsin regarding a specific prescriber in Florida. *Id.*

- Communications regarding a potential issue at a specific pharmacy in Nevada. *Id.* at 8;

- Documents concerning Over 20 Reports[2] that do not identify any Ohio pharmacies and discussions about specific non-Ohio pharmacies related to the same. *Id.* at 9-12;

- Documents regarding a Home Office custodian's response to opioid order data regarding specific pharmacies in South Carolina and Florida. *Id.* at 14;

---

[2] The Over 20 Reports were not suspicious order reports and were not submitted to the DEA. They were used by Walmart to monitor opioid orders and flag potential orders of interest placed by specific stores for further follow up.

JONES DAY

Special Master David R. Cohen
February 5, 2021
Page 4

- Documents concerning specific orders placed by pharmacies outside the Track 3 Counties and reviewed by ABDC or McKesson. *Id.* at 16.

The Special Master and Judge Polster have already rejected plaintiffs' efforts to obtain nationwide discovery on such issues. In Discovery Rulings 2 and 3, the Special Master granted nationwide discovery for documents falling into Category One, but limited the geographic scope for Category Two to only the bellwether jurisdictions. A Category One document is a "nonspecific jurisdictional type of document that applies to an overriding policy or procedure." Exhibit B, excerpts of June 11, 2020 Discovery Conference Tr. at 154:25-155:4. Category Two is intended to exclude "information for cities and counties whose claims are not being tried." July 17, 2018 Special Master Cohen Discovery Ruling 3 (Dkt. 762) at p. 2-4; *see also* Exhibit B, June 11, 2020 Discovery Conference Tr. at 157:1-8 ("…category 2 documents or anywhere other than Ohio . . . don't need to be produced just as any other category two documents for anywhere outside of Ohio from any other source don't need to be produced."). The documents that plaintiffs now demand Walmart produce reflect "information for cities and counties whose claims are not being tried" and, thus, are Category Two documents for which the geographic scope of discovery is limited to the Track 3 bellwether jurisdictions.[3]

The Court's and Special Master's subsequent rulings in the Track 3 cases further confirm that the discovery plaintiffs seek is not Category One discovery. The substantive issues raised in plaintiffs' motion concern specific prescribers and "potential illegitimate prescribing and diversion" in specific jurisdictions (Pltfs' Mot. at 4-7, 14) and issues relating to follow up on opioid order monitoring in specific stores outside of Ohio (*id.* at 9-15). The Special Master has already ruled that such discovery is limited to the Track 3 Counties. *See* Exhibit C, July 8, 2020 Special Master Order Regarding Geographic Scope of Discovery (Dkt. 3371) at 11-12 (limiting the geographic scope for RFPs 5, 16, 17, 18, 20 to the Track 3 Counties); *see also id.* at 13 ("[T]he geographic scope of this discovery [on order monitoring investigations] will ***not*** be national.") (emphasis in original); *see also* Exhibit D, Aug. 12, 2020 Special Master Second Order Regarding Geographic Scope of Discovery (Dkt. 3410) at 3 ("Plaintiffs will discover sufficient evidence of [documents reflecting efforts to investigate or review flagged orders] from

---

[3] Plaintiffs' motion largely ignores these well-settled MDL rulings. And where plaintiffs do reference prior rulings, they misstate them. For example, plaintiffs manipulate a footnote in Judge Polster's ruling on Discovery Ruling 22 to suggest that the Court sanctioned wholesale production of documents relating to nationwide "local conduct" in individual bellwether cases. Pltfs' Mot. at 2, 7. The Court did no such thing. In fact, Judge Polster's ruling considered the burden of producing documents from outside the bellwether jurisdictions and gave great weight to the fact that Discovery Ruling 22 required only **re**productions of documents that had already been produced. *See* Exhibit E, June 15, 2020 Judge Polster Opinion and Order (Dkt. 3333) at 3 ("[T]he key word is '***re***-produce'—the information that DR 22 requires Defendants to produce in the MDL is discovery that Defendants have already located, collected, filtered for privilege, and produced elsewhere.") (emphasis in original). That clearly is not true as to the documents plaintiffs now demand, and the burden of what plaintiffs seek is significant.

JONES DAY

Special Master David R. Cohen
February 5, 2021
Page 5

Track Three alone to allow their claims to be decided on the merits. . . .").[4] Judge Polster confirmed that the Special Master's approach "reflects careful consideration of what is ***proportional to the needs of this case regarding an alleged public nuisance in Trumbull and Lake Counties.*** The Special Master's approach—a request-by-request determination of geographic scope—and the resulting determinations strike an appropriate balance of the factors in Fed. R. Civ. P. 26(b)(1)." Exhibit A, July 21, 2020 Judge Polster Order (Dkt. 3389) at 3 (emphasis added).

Indeed, as the following chart makes clear, the Special Master has already resolved the geographic scope of the discovery plaintiffs now seek, ruling that plaintiffs are not entitled to nationwide discovery on these issues. In fact, even where plaintiffs sought *statewide* discovery on these issues, the Special Master largely limited the scope of discovery to only the Track 3 Counties.

| RFP | Request | PEC Scope[5] | Special Master Ruling[6] |
|---|---|---|---|
| 5 | Please produce the *[distribution] Due Diligence files* for each of your Pharmacies in Track 3. Please identify the Bates range which corresponds to each Due Diligence file to enable the correlation between each Due Diligence file to each of your customers. | Category Two (Ohio) (later amended to request national production) | Lake and Trumbull Counties |

---

[4] This ruling included two exceptions, not applicable here, for which the geographic scope was expanded to Ohio only.

[5] Exhibit F, June 30, 2020 P. Weinberger email to D. Cohen (attaching copies of discovery requests with handwritten notes reflecting plaintiffs' position as to whether each request is Category One or Category Two); *see also* Exhibit G, July 7, 2020 P. Weinberger email to K. Swift.

[6] Exhibit C, July 8, 2020 Special Master Order Regarding Geographic Scope of Discovery (Dkt. 3371); Exhibit D, Aug. 12, 2020 Special Master Second Order Regarding Geographic Scope of Discovery (Dkt. 3410); *see also* Exhibit A, July 21, 2020 Judge Polster Order (Dkt. 3389) (overruling objections to the Special Master's July 8, 2020 Order and finding that ruling reflected "careful consideration of what is proportional to the needs of this case").

JONES DAY

Special Master David R. Cohen
February 5, 2021
Page 6

| RFP | Request | PEC Scope[5] | Special Master Ruling[6] |
|---|---|---|---|
| 16 | Please produce all records related to any prescriber that you refused to fill in Track 3 and/or *each prescription you determined was doubtful, questionable, of suspicious origin, potentially related to diversion, and/or not issued for a legitimate medical purpose in Track 3*. | Category Two (Ohio) | Lake and Trumbull Counties |
| 17 | Please produce all documents in your possession, custody and/or control related to *any physician engaged in diversion and or inappropriate prescribing* of Opioids and "cocktail drugs" include in your response, but do not limit your response to, all documents related to the following prescribers: [23 individual prescribers licensed in OH or PA]. | Category Two (Ohio) | Lake and Trumbull Counties, and individual prescribers listed |
| 18 | Please produce all documents related to *any potential dispensing and/or prescribing and/or pharmacist misconduct you investigated or discovered in Track 3* and the investigation and corrective action you undertook. | Category Two (Ohio) | Lake and Trumbull Counties |
| 20 | Please produce all documents reflecting *Due Diligence (such as site visits, pharmacy questionnaires, threshold reviews, or other reports or dashboards) related to potentially suspicious conduct related to the dispensing of Opioids in Track 3*, whether or not reported, including lists of prescribers, patients, pharmacies, or other individuals or entities on "do not fill" or "do not ship" lists." | Category Two (Ohio) | Lake and Trumbull Counties |

JONES DAY

Special Master David R. Cohen
February 5, 2021
Page 7

Plaintiffs should not be permitted to re-litigate these issues now. Their motion should be denied.

## II.  WALMART HAS ALREADY PRODUCED TRACK THREE DOCUMENTS ABOUT THE ISSUES PLAINTIFFS RAISE

Plaintiffs' motion also ignores the fact that Walmart's production already includes documents relating to the issues plaintiffs raise.

The geographic scope of Walmart's production is not as limited as plaintiffs claim. Walmart applied a nationwide scope to its production of documents concerning its opioid distribution or dispensing policies and procedures, including the policies and procedures themselves, as well as documents regarding how those policies and procedures apply to its pharmacies generally. Walmart also has produced documents concerning its opioid distribution to or dispensing at its pharmacies located in the Track 3 Counties. The only geographic "screen" that Walmart applied was drawn from the rulings discussed above.

Applying that scope, Walmart has produced substantial documents regarding prescriber issues, including guidance from the Home Office about those issues and relevant policies and procedures applicable throughout the Relevant Time Period. *See, e.g.*, WMT_MDL_000459663 (forwarding a pharmacist's summary regarding an Ohio prescriber to the Home Office); *see also* WMT_MDL_000327758, WMT_MDL_000502921 (circulating Mr. Nelson's commentary among Practice Compliance custodians); *see also* WMT_MDL_000118337 (Controlled Substances Update webinar discussing Home Office message to pharmacists regarding review of controlled substance prescriptions, including red flags); WMT_MDL_000042962 (POM 1311, which concerns evaluation and resolution of potential red flags); WMT_MDL_000665095 (script for Home Office video message to pharmacists about review of controlled substance prescriptions, including red flags).[7]

Walmart also has produced many documents showing follow up on Over 20 Reports that—unlike the documents plaintiffs identify in their motion—actually do concern a Track 3 pharmacy. *See, e.g.*, WMT_MDL_000016380 (follow up by a Walmart Home Office custodian, based on order data circulated in an Over 20 Report that includes a Track 3 store). The production also includes documents about the involvement of Global Investigations in that follow up and discussions about the same with Home Office custodians. *See, e.g.*,

---

[7] Walmart has not attached to this response any of the production documents referenced, but can provide them to the Special Master if requested.

JONES DAY

Special Master David R. Cohen
February 5, 2021
Page 8

WMT_MDL_000032882 (G. Beam email to S. Hiland, G. Chapman regarding review of Over 20 Reports and related follow up).

   Finally, Walmart has produced a large volume of communications with ABDC and McKesson regarding order monitoring procedures that apply generally and, thus, are relevant to orders distributed by ABDC and McKesson nationwide as well as to the specific pharmacies in the bellwether jurisdictions.  *See, e.g.*, WMT_MDL_000431152 (notes from a "McKesson due diligence call," including reflecting McKesson processes for order monitoring); *see also* WMT_MDL_000064243 (correspondence with ABDC regarding sharing information to improve order monitoring processes).

*******

   For the foregoing reasons, Walmart respectfully requests that the Special Master deny plaintiffs' request for discovery "without geographic limitation" for the 14 custodians plaintiffs identify.

Sincerely,

*/s/ Tara A. Fumerton*

Tara A. Fumerton

cc: Tina M. Tabacchi
   Paula S. Quist
   Irene S. Fiorentinos
   Kelly M. Bonovich
   Derek Loeser, Dean Kawamoto, Alison Gaffney (Keller Rohrback)
   James Cecchi, Michael Innes, Zachary Bower (Carella Byrne)
   David Ackerman
   Peter Weinberger