# EXHIBIT H

| | |
|---|---|
| **From:** | Peter H. Weinberger <PWeinberger@spanglaw.com> |
| **Sent:** | Tuesday, June 30, 2020 3:42 PM |
| **To:** | David R. Cohen (David@SpecialMaster.Law); Stoffelmayr (External), Kaspar |
| **Cc:** | EXT Track1BDefendants |
| **Subject:** | RE: Discovery t/c - Track 3 |
| **Attachments:** | Plaintiffs (first) Combined Discovery Requests To Dispensers.PDF; Plaintiffs (First) Combined Track Three Requests for Production Chain Pharmacy Defendants.PDF; Plaintiffs (first) Combined Track Three Interrogatories To Chain Pharmacy Defendants.PDF; RE: Opiate CT3:  Plaintiffs' First Combined Interrogatories and Requests for Production |

**\*\* External mail \*\***

SM Cohen:

In response to your email below,  attached are the following documents:

1. The first Combined Discovery requests served on the defendants in Track 1 B
2. The Discovery Requests (Documents and Rogs) served on the defendants in Track Three.

I have handwritten notes  next to each request that references Category 1 vs Category 2.

Also attached is my email to defense counsel for the Pharmacy defendants dated June 12, 2020 in which I indicated that after the Walmart Hearing and the partie'trs submissions regarding geographic scope under Categories 1 and 2, I would provide our position regarding which of our discovery requests implicated Category 1 vs Category 2.  Which is what I have done now with this submission.

With respect to the telecon at 2 pm tomorrow, the Pharmacy defendants and I will have to be on a zoom call with Judge Gandhi at 3 pm.

Pete

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, June 30, 2020 11:36 AM
**To:** kaspar.stoffelmayr@bartlitbeck.com; Peter H. Weinberger <PWeinberger@spanglaw.com>
**Subject:** Discovery t/c - Track 3

Greetings.  Having reviewed the parties' position papers regarding geographic scope of discovery, I would like to have a telecon to discuss "Category Two Discovery."  Defendants write in their letter that they "must guess as to precisely what discovery Plaintiffs seek."  Hynes letter at 1.  I assume by now Plaintiffs have propounded Track 3 RFPs and ROGs, and can point to which requests address what Ps believe is Cat-2 discovery.  Ps should please forward to me those discovery requests and, if possible: (1) identify the Cat-2 requests, and (2) state for which of those (if any) they seek a geographic scope of Lake and Trumbull Ctys only, and which of those they seek a wider scope (presumably  Ohio-wide).

We will then discuss these discovery requests at a telecon on Wednesday July 1, 2020 at 2:00p EST, using the numbers below.

Thanks.

-David

Dial-in Number: 1.888.346.3950
Participant Entry Code: 7763-3882#


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION | ) | **CASE NO. 1:17-MD-2804** |
| **OPIATE LITIGATION** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *"Case Track One B"* | ) | |

**PLAINTIFFS' (FIRST) COMBINED DISCOVERY REQUESTS
TO DISPENSERS**

COMES now the Case Track One Plaintiffs, by counsel, and submit the following

discovery requests pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure to the

Defendants engaged in the dispensing of prescription opioids.

Plaintiffs assert that the geographic limitation for CT1B shall include Ohio, Kentucky,

West Virginia, Michigan and Florida and that discovery period shall be from 1996 through the

present. However, as to electronically maintained dispensing transactional data the scope of

production shall be nationwide. Plaintiffs and Defendants disagree about the geographic and

temporal limitations of discovery. Until further order of the Court, *Discovery Ruling 3* (Doc #:

762) (Filed: 07/17/18) remains in effect.

**Non-duplication of production**: To the extent a discovery request herein calls for

responsive documents produced in discovery from Case Track One, please specifically reference

the Bates stamp range of responsive documents.

**COMBINED DISCOVERY REQUESTS RELATED TO DISPENSING PRACTICES**

1.     Please identify *each pharmacy* you own and/or operated at any time in CT1

including its former and current name, address, United States Drug Enforcement Agency ("DEA")

registration number, historical ownership, opening date and for any pharmacy that you purchased,

merged with and/or acquired produce the purchase agreement and any other documentation related

to the sellers' potential liabilities and Your assessment, if any of the sellers opioid dispensing practices.

2.  Please produce all dispensing data, including 340B data, related to the dispensing of opioids and "cocktail drugs"[1] dispensed from all pharmacies from January 1, 1996, to the present. For each prescription, identify the drug name, prescription number, NDC number, date filled, quantity dispensed, dosage form, days' supply, MME, prescriber's name, prescriber's DEA number, dispensing pharmacist, patient's full name and address,[2] patient's identification number, quantity prescribed, number of refills authorized (if any), diagnostic code, method of payment, patient paid amount, and whether the prescription was covered by third party payers.

3.  Please produce transactional data, including 340B data, for each pharmacy in CT1B, as well as all similarly situated pharmacies nationwide with sufficient detail to determine by year:  (a) the actual number of controlled substances dispensed and the actual number of non-controlled substances dispensed; (b) the ratio of controlled substances dispensed to non-controlled substances dispensed; and (c) the ratio of payments for opioid and "cocktail" prescriptions paid in cash to those paid by a third party payer.

4.  Please produce all *policies and procedures* and *training materials* regarding the proper dispensing of controlled substances.[3] If such *policies and procedures and training*

---

[1]  A "Cocktail Drug" is defined as a muscle relaxant, stimulant or benzodiazepines with an opioid. CVS-MDLT1-000000409 and its attachment at CVS-MDLT1-000000412.

[2]  Patient's name and address shall be de-identified consistent with the Court's Order Governing Production of Medical and Pharmacy Claims Data in Track One Cases, Doc #1421, dated March 7, 2019. Consistent with the Court's order all other data fields shall be produced subject to the protective conditions described in the Court's order.

[3]  A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances. 21 C.F.R. § 1306.04(a).

*materials* have been changed, altered or amended please provide all such versions and any related communications regarding such changes.

5. Please produce all documents related to Your systems and programs to monitor and identify potentially suspicious prescriptions and/or dispensing patterns, including all assessments, audits, or other reviews of prescribing and/or dispensing patterns nationally or in CT1.

6. Please produce all audits, reviews or other assessments of Your compliance with state and federal laws and regulations and professional standards regarding the dispensing of controlled substances, whether conducted internally or conducted or provided by an external vendor.

7. Please produce all policies, procedures and documents reflecting Your general practice regarding opioid prescriptions which are doubtful, questionable, of suspicious origin, potentially related to diversion, and/or not issued for a legitimate medical purpose.[4]

8. Identify each prescription and/or any prescriber of opioids that you refused to fill in CT1 and/or each prescription you determined was doubtful, questionable, of suspicious origin, potentially related to diversion, and/or not issued for a legitimate medical purpose in CT1. Please produce all documents, communications and reports related thereto including all communications with the DEA and the Ohio Board of Pharmacy and any other government agency. Such documents shall also include any review, investigations or internal or external audits of such prescriptions, prescribers or dispensing practices related thereto.

9. Please produce all documents in your possession, custody and/or control related to any physician engaged in diversion and or inappropriate prescribing of opioids and "cocktail

---

[4] See DEA's Pharmacist's Manual: An Informational Outline of the Controlled Substances Act.

drugs" include in your response, but do not limit your response to, all documents related to the following physicians:

- **Adolph Harper Jr.** (OH MD license #35.044503) formerly practicing medicine at 2569 Romig Rd, Akron, Summit County, OH.
- **Brian Heim** (OH MD license #35.071122) formerly practicing medicine at 3562 Ridge Park Drive Suite A, Akron, Summit County, OH.
- **Syed Jawed Akhtar-Zaidi** (OH MD license #35.068528) formerly practicing medicine at 34055 Solon Rd. 210, Solon, Cuyahoga County, OH.
- **Maged Fouad** (OH MD license #35.092644) formerly practicing medicine at 1934 Niles Cortland Rd. NE, STE B, Warren, Trumbull County, OH.
- **Jerome Yokiel** (OH MD license #35.059140) formerly practicing medicine at 3755 Orange Pl Ste 103, Beachwood, Cuyahoga County, OH.
- **Lorenzo Lalli** (OH MD license #35.055703) formerly practicing medicine at 18099 Lorain Ave Ste 312, Cleveland, Cuyahoga County, OH.
- **Frank Lazzerini** (OH MD license #35.092741) formerly practicing medicine at 7452 Fulton Dr. NW, Massillon, Stark County, OH.
- **Ronald Celeste** (OH MD license #35.066648) formerly practicing medicine at 29099 Health Campus Dr. 370, Westlake, Cuyahoga County, OH.
- **Christopher Stegawski** (OH MD license #35.044751) formerly practicing medicine at 4322 Airway Rd. Dayton, Montgomery County, OH.
- **Guang Yang** (OH MD license #35.088219) formerly practicing medicine at 2215 E Waterloo Rd. Ste 313, Akron, Summit County, OH.
- **James Bressi** (OH MD license #34.004592) formerly practicing medicine at 4302 Allen Rd. Suite 300, Stow, Summit County, OH.

10. Please produce all documents related to any potential dispensing and/or prescribing and/or pharmacist misconduct you investigated or discovered in CT1 and the investigation and corrective action you undertook.

11. Produce documents or communications sufficient to show the following on a monthly and yearly basis in CT1: (a) costs incurred and projections for each Opioid Product You have dispensed; (b) cash flow for each Opioid Product You have dispensed; (c) profit for each Opioid Product You have dispensed; and (d) all rebates, discounts, guaranteed payments, or other benefits from manufacturers, distributors, or other entities, from the purchase and sales of opioids.

12.     Please identify each administrative action taken by the DEA and/or the Ohio Board of Pharmacy against You related to the dispensing of prescription opioids and produce all documents and communications with and about the agencies' investigations.

13.     Please identify each investigation by the DEA and any and all other law enforcement agencies related to the dispensing of prescription opioids in CT1 and produce all documents related thereto.

14.     Please produce all DEA Form 224 (New Pharmacy Registration), all DEA Form 224a ("Renewal of Pharmacy Registration"), all DEA Form 224b ("Affidavit for Renewal of Retail Chain Pharmacy Registration") and your DEA registration certificate for all pharmacies in CT1 and all documents related thereto.

15.     Please identify the names, last known addresses and phone numbers of all current and former store managers, regional managers, pharmacy employees and regional pharmacy managers for each CT1 pharmacy. Please organize and list these names by each pharmacy, year and each position or positions they held.

16.     Please produce all documents and communications for CT1 pharmacies related to pharmacy staffing, performance metrics, prescription quotas, accuracy rates, customer satisfaction, pharmacy profitability and all compensation and bonus information related to these criteria.

Dated: October 29, 2019                    Respectfully submitted,

                                           /s/Paul J. Hanly, Jr.
                                           Paul J. Hanly, Jr.
                                           SIMMONS HANLY CONROY
                                           112 Madison Avenue, 7th Floor
                                           New York, NY 10016
                                           (212) 784-6400

(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

/s/Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

Michael Elsner
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
melsner@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re: NATIONAL PRESCRIPTION** | ) | **MDL NO. 2804** |
| **OPIATE LITIGATION** | ) | |
| | ) | **CASE NO. 1:17-MD-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| **"*Case Track Three*"** | ) | **Judge Dan Aaron Polster** |

## PLAINTIFFS (FIRST) COMBINED TRACK THREE REQUESTS FOR PRODUCTION CHAIN PHARMACY DEFENDANTS

COMES now the Case Track Three Plaintiffs, LAKE COUNTY and the TRUMBULL COUNTY, by counsel, and submit the following discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure to the Defendants.

### I. DEFINITIONS

1.     "You" or "Your" means Defendant and its officers, directors, employees, partners, representatives, agents, divisions, predecessors or successors-in- interest and other persons or entities acting on their behalf or controlled by them. These terms also include any pharmacies providing Defendant with income.

2.     "Cocktail Drugs" means muscle relaxants, stimulants and/or benzodiazepines taken, prescribed, or dispensed in combination with opiate drugs.

3.     "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and, with respect to oral communications, includes any document evidencing such oral communications or in-person meetings. It includes the transmittal of information by any means, including e-mail, SMS, MMS or other "text" messages, messages on messaging apps or communication platforms (e.g. Slack, Microsoft Teams, etc.), messages on "social networking" sites (including, but not limited to, Facebook, Google+, MySpace, Instagram,

Snapchat and Twitter), messages through sales platforms (e.g. Salesforce and its partners), shared applications from cell phones or by any other means. "Communications" also shall include, but is not limited to, all originals and copies that are provided by you or to you by others.

    4.    "Controlled Substances" shall be defined by the Controlled Substances Act.

    5.    "DEA" means the U.S. Drug Enforcement Agency.

    6.    "Document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Rule 33. A draft or non-identical copy is a separate document within the meaning of this term. In all events, the definition of "document" shall include "communications" as defined above.

    7.    "Due Diligence" shall be defined to include any and all investigatory materials related to each distribution order, prescription, particular pharmacy's dispensing practices and all documents relating to the decision to hold or ship the order, increase the threshold or quota for a particular pharmacy and/or whether to dispense the medication.

    8.    "Marketing" refers to any effort undertaken with the goal, at least in part, of increasing sales.

    9.    "Opioid(s)" means that class of analgesic drugs, legal or illegal, natural or synthetic, including but not limited to the drugs referenced in Plaintiffs' Supplemental and Amended Allegations in the above-referenced matter regardless of schedule designation and whether alone or in combination pill form. Opioid(s) further includes Opioid-related products, including coatings, capsule configurations, delivery systems or mechanisms that include, but are not limited to, anti-abuse, tamper resistance and crush-proof mechanisms and mechanisms to deter immediate release. Opioids include both name-brand and generic products.

2

10. "Person" means any natural person or any business, legal or governmental entity or association.

11. "Plaintiffs" means all the named Plaintiffs in the above-captioned matter.

12. "Red Flag" is defined as indicia that a prescription for an Opioid should not be dispensed in the absence of due diligence.

## II. INSTRUCTIONS

1. **Relevant time period:** These requests seek information for the period consistent with *Discovery Ruling 3* (Doc #: 762) (Filed: 07/17/18) except where noted in the requests.

2. **Non-duplication of prior discovery or production**: Plaintiffs do not intend to seek duplicative discovery to the discovery previously propounded in Track 1 in view of the Court's Order in its Track 3 CMO (Doc# 3325) that all discovery propounded or produced in Track 1 shall be deemed propounded and/or produced in Track 3. To the extent an Interrogatory was propounded and answered in Track 1 discovery, Plaintiffs' seek an updated response and/or supplementation as required by the Civil Rules.

## COMBINED DISCOVERY REQUESTS

1. Produce all minutes of Your Board of Directors meetings (including committees and subcommittees) from 1996 to the present that generally refer to Opioids and that refer to diversion, Suspicious Order Monitoring, Due Diligence and DEA Investigations related to dispensing or distribution of controlled substances. Include all materials prepared for or utilized in conjunction with any board or committee meeting or any board or committee package relating to these two topics.

*category 1*

3

*(handwritten: Category 1)*

2.  Produce all Documents concerning the risk of misuse, abuse, addiction, overdose, diversion, or death associated with the use of any Opioid which You distributed to and/or sold and/or dispensed in Ohio.

*(handwritten: Category 1)*

3.  Produce all Documents and Communications concerning the Opioid epidemic or crisis, including, but not limited to, the Opioid epidemic or crisis in Ohio. To the extent not previously produced in Track 1, produce documents sufficient to show the relationship between each of Your Corporate entities and the roles they play in all matters related to the dispensing and distribution of Opioids.

## DISTRIBUTION ISSUES

*(handwritten: Category 2 Ohio)*

4.  Please produce all ***transactional data*** related to the distribution of prescription Opioids in Track 3 from January 1, 1996, to the present.

*(handwritten: Category 2 Ohio)*

5.  Please produce the ***Due Diligence files*** for each of your Pharmacies in Track 3. Please identify the Bates range which corresponds to each Due Diligence file to enable the correlation between each Due Diligence file to each of your customers.

*(handwritten: Category 2 Ohio)*

6.  Please produce all Documents related to internal investigations, audits or reviews referencing, or related to, the distribution of Opioids in Track 3.

*(handwritten: Category 2 Ohio)*

7.  Please produce all presentations, including PowerPoints or slide decks, referencing the distribution of prescription Opioids in Ohio.

*(handwritten: Category 2 Lake Trumbull)*

8.  Produce Documents sufficient to identify those distributions centers or facilities You owned or operated that delivered Opioids to Lake and Trumbull Counties from 1996 through the present, including, and for each, identify the Ohio Board of Pharmacy registration number, DEA license, and any other licenses or permits required to operate in the state where the facility is located and to distribute Opioids in Ohio. Please include every application pertaining to

4

controlled substances that You submitted to a regulatory agency in order to obtain the requisite license or permit to distribute Opioids to Ohio.

9.     Produce all organizational charts for all employees with relevant knowledge of the claims asserted in Plaintiffs' complaints or Your defenses. Please include work charts for all of Your employees participating in Your Suspicious Order Monitoring System and Your Due Diligence review of Opioid orders from pharmacies located in Lake and Trumbull Counties throughout the Relevant Time Period. In addition, please provide work charts for Your professional practice employees for pharmacists and any other groups responsible for pharmacies in Lake and Trumbull Counties including regional pharmacy managers, district leaders, and pharmacy employees.

*Category 1* [handwritten annotation]

## DISPENSING ISSUES

10.     Please produce all data related to the dispensing of Opioids and "cocktail drugs" regarding prescriptions or scripts submitted to or filled by You in any and all pharmacies in Ohio from January 1, 2006, to the present. For each prescription, produce the data fields contained in "Exhibit A – List of Data Fields the Pharmacy Defendants Must Produce" to MDL 2804 Document 3106, Special Master Cohen's "Discovery Ruling Regarding Pharmacy Data Production" dated January 27, 2020 (the "Dispensing Data Order").[1]  For purposes of this request, the term "cocktail drugs" shall mean the list of drugs contained in "Exhibit B – List of Drugs Plaintiffs want for a 'Red Flag' analysis" attached to the Dispensing Data Order. Consistent with the Dispensing Data Order, "[e]ach Defendant may choose to simply produce all of its data for benzodiazepine and muscle relaxer prescriptions, without limitation; or instead produce only data for such prescriptions

*Category 2*
*Ohio* [handwritten annotation]

---

[1] To the extent that a Defendant refers to any other data field in its defense, all records in those data fields shall be produced throughout the relevant time period.

where it dispensed a benzodiazepine or muscle relaxer to a patient and also dispensed an Opioid to the same patient within 14 days (before or after)." See Dispensing Data Order DE 3106 at 6.

*Category 1*

11.     Please produce all data, information, policies, procedures, training materials, and reports available to You, reviewed by You, or created by You to determine, review, audit, or otherwise analyze dispensing and prescribing practices, potential diversion or compliance with statutory, regulatory, or other duties to prevent the diversion of Opioids in the context of Your dispensing of controlled substances.

*Category 1*

12.     Please produce all data, information, and reports You obtained or maintained, from internal or external sources, that You used during the relevant time period to track, record, review, audit, or otherwise analyze Your dispensing of prescription drugs.

*Category 2 Ohio*

13.     Please produce all Transactional data and reports for each pharmacy with sufficient detail to determine by year: (a) the actual number of controlled substances dispensed and the actual number of non-controlled substances dispensed; (b) the ratio of controlled substances dispensed to non-controlled substances dispensed; and (c) the ratio of payments for Opioids and "cocktail" prescriptions paid in cash to those paid by a third-party payer.

14.     Produce all Documents containing information related to Communications between You and third-party Distributors related to Opioids including the following:

*Category 1*

(a) All contracts and/or agreements and policies and practices between You and Cardinal, McKesson and/or any other outside vendors servicing Your pharmacies in Ohio relating to sales of Opioids, Opioid quotas or thresholds, due diligence investigations, reporting of suspicious orders and/or sales of Opioids to the DEA and/or other government authorities; and

*Category 1*

(b) All documents concerning suspicious order monitoring programs, policies, procedures or systems to prevent the diversion of Opioids, the investigation, review and/or due diligence concerning any order of an Opioid or Opioid Product placed by You to an outside Distributor or to be shipped from an outside vendor directly to You in Track 3.

6

*Category 1*

15.    Please produce all *policies and procedures* and *training materials* regarding the proper dispensing of controlled substances and the identification, reporting, and dispensing of Opioid prescriptions which were potentially suspicious or related to diversion and/or not issued for a legitimate medical purpose.

*Category 2 Ohio*

16.    Please produce all records related to any prescriber that you refused to fill in Track 3 and/or each prescription you determined was doubtful, questionable, of suspicious origin, potentially related to diversion, and/or not issued for a legitimate medical purpose in Track 3.

*Category 2 Ohio*

17.    Please produce all documents in your possession, custody and/or control related to any physician engaged in diversion and or inappropriate prescribing of Opioids and "cocktail drugs" include in your response, but do not limit your response to, all documents related to the following prescribers:

- **Adolph Harper Jr.** (OH MD license #35.044503) formerly practicing medicine at 2569 Romig Rd, Akron, Summit County, OH.
- **Brian Heim** (OH MD license #35.071122) formerly practicing medicine at 3562 Ridge Park Drive Suite A, Akron, Summit County, OH.
- **Syed Jawed Akhtar-Zaidi** (OH MD license #35.068528) formerly practicing medicine at 34055 Solon Rd. 210, Solon, Cuyahoga County, OH.
- **Maged Fouad** (OH MD license #35.092644) formerly practicing medicine at 1934 Niles Cortland Rd. NE, STE B, Warren, Trumbull County, OH.
- **Jerome Yokiel** (OH MD license #35.059140) formerly practicing medicine at 3755 Orange Pl Ste 103, Beachwood, Cuyahoga County, OH.
- **Lorenzo Lalli** (OH MD license #35.055703) formerly practicing medicine at 18099 Lorain Ave Ste 312, Cleveland, Cuyahoga County, OH.
- **Frank Lazzerini** (OH MD license #35.092741) formerly practicing medicine at 7452 Fulton Dr. NW, Massillon, Stark County, OH.
- **Ronald Celeste** (OH MD license #35.066648) formerly practicing medicine at 29099 Health Campus Dr. 370, Westlake, Cuyahoga County, OH.
- **Christopher Stegawski** (OH MD license #35.044751) formerly practicing medicine at 4322 Airway Rd. Dayton, Montgomery County, OH.
- **Guang Yang** (OH MD license #35.088219) formerly practicing medicine at 2215 E Waterloo Rd. Ste 313, Akron, Summit County, OH.

7

- **James Bressi** (OH MD license #34.004592) formerly practicing medicine at 4302 Allen Rd. Suite 300, Stow, Summit County, OH.
- **Jerome Yokiel** (OH MD license #35.059140) formerly practicing medicine at 755 Orange PL Ste, 103, Beachwood, Ohio.
- **Reuben Gobezie** (OH MD license #35.088096) formerly practicing medicine at 9000 Mentor Ave 107, Mentor, Ohio.
- **James D'Ambrogio** (OH MD license #34.001861) formerly practicing medicine at 212 North Main St, Hubbard, Ohio.
- **Richard Hart** (OH MD license #35.056133) formerly practicing medicine at 213 Perkinswood NE, Warren, Ohio.
- **Frank Veres** (OH MD license #34.001609) formerly practicing medicine at 4861 Mahoning Ave NW, Warren, Ohio.
- **Genevieve Tryon** (OH RN license #APRN.CNP.03068) formerly practicing medicine at 1005 Oakwood Dr SE, Warren, Ohio.
- **Victor Georgescu** (PA MD license #MD417450) formerly practicing medicine at 2120 Likens Lane, Farrell, Pennsylvania.
- **Philip G Wagman** (PA MD license #MD045270E) formerly practicing medicine at 1712 Gretchen Road, New Castle, PA.
- **William Sonnenberg** (PA MD license #MD025681E) formerly practicing medicine at 119 E. Mechanic St, Titusville, PA.
- **Thomas Ranieri** (PA MD license #MD037844E) formerly practicing medicine at 3124 Wilmington Rd #305, New Castle, PA.
- **Thomas Wilkins** (PA Chiropractic license #AJ007143L) formerly practicing medicine at 2017 W State St, New Castle, PA.
- **Van Scott** (PA MD license #MD064157L) formerly practicing medicine at 214 Enclave Dr, New Castle, PA.

*Category 2*
*Ohio*

18.     Please produce all documents related to any potential dispensing and/or prescribing and/or pharmacist misconduct you investigated or discovered in Track 3 and the investigation and corrective action you undertook.

*Category 2*
*Ohio*

19.     Please produce all reports to the DEA and the Ohio Board of Pharmacy and any other government agency regarding pharmacies, employees, patients, prescribers, or others related to Opioid prescriptions that were potentially suspicious, related to diversion, and/or not issued for a legitimate medical purpose in Track 3.

8

Category 2
Ohio

20.     Please produce all documents reflecting Due Diligence (such as site visits, pharmacy questionnaires, threshold reviews, or other reports or dashboards) related to potentially suspicious conduct related to the dispensing of Opioids in Track 3, whether or not reported, including lists of prescribers, patients, pharmacies, or other individuals or entities on "do not fill" or "do not ship" lists.

Category 2
Lake
Trumbull

21.     Please produce all DEA Form 224 (New Pharmacy Registration), all DEA Form 224a ("Renewal of Pharmacy Registration"), all DEA Form 224b ("Affidavit for Renewal of Retail Chain Pharmacy Registration") and your DEA registration certificate for all pharmacies in Lake and Trumbull counties and all documents related thereto.

Category 2
Lake
Trumbull

22.     For each pharmacy you acquired in Track 3, produce all purchase agreements, evaluations of liabilities and evaluations related to that pharmacy's purchasing and dispensing of Opioids and any investigation into that pharmacy related to its handling of controlled substances.

Category 1

23.     Please produce all documents related to Your participation in pharmacy or prescription discount and/or savings cards or programs, including but not limited to certain Manufacturers' savings cards programs as well as Walgreens Prescription Saving Club Program, CVS Reduced RX, CVS ExtraCare Pharmacy & Health Rewards, Rite Aid Rx Savings Program as it concerns Opioid or Cocktail Drug prescriptions, and data created by or associated with such cards or programs.

Category 2
Ohio

24.     Please produce all Documents and Communications with Pharmacy Benefit Managers (PBM), as it pertains to Opioids, buprenorphine-naloxone, and naltrexone in Ohio, concerning: (a) the inappropriate dispensing and/or prescribing of Opioids; (b) restricted benefit coverage; (c) formulary drugs; (d) fraud, waste, and abuse investigations and audits; (e) policies and procedures for handling prescriptions not approved by a customer's PBM.

9

25. Please produce all Documents and Communications reflecting any policies and procedures You may have in place to ensure that Opioids are not dispensed to: (a) patients receiving treatment for Opioid addiction; (b) patients with histories of substance use disorder or Opioid overdoses; and/or (c) concurrent prescriptions or other drugs indicative of substance use disorder, including Documents and Communications concerning the sufficiency and implementation of such policies and procedures and the findings of any reviews You conducted.

26. Please produce all Documents concerning or reflecting complaints, litigation, settlements, payments, enforcement or disciplinary actions related to Your distribution centers distributing Opioids to Ohio and/or Your pharmacies dispensing Opioids in Lake and Trumbull counties. These records shall include, but shall not be limited, to any civil complaints filed against You by any entity or person related to the dispensing of Opioids in Ohio.

## PHARMACY PERFORMANCE METRICS AND STAFFING

27. Please produce documents sufficient to detail and describe the systems and programs in place to track prescriptions filled at each of Your stores including the amount of time it takes to fill each prescription, the "promised time" given to each patient, whether a consultation with a patient was conducted, the length of that consultation, whether any criteria or "Red Flags" were identified related to diversion or a non-legitimate medical purpose for the medication, whether any investigation was performed on any Opioid prescriptions and the amount of time taken to perform that investigation. Include all documents and reports related to these issues at Your Track 3 pharmacies.

28. Please produce documents sufficient to detail and describe the systems and programs in place to monitor pharmacist performance including the accuracy in filling prescriptions, the speed in which prescriptions are filled, whether "promised time" goals were met,

10

time calculations to review voicemails, administer flu shots, the number of patients signed up for automatic refills each month, bonus or performance review standards for pharmacists, as well as documents regarding any other duties or benchmarks pharmacists were required to perform in addition to filling prescriptions that would have been used to determine a determine a store's performance or a pharmacist's compensation. Include all documents and reports related to these issues at Your Track 3 pharmacies.

29.     Please produce all Documents related to pharmacy staffing, dispensing incidents and errors, alert fatigue, and the issues described in December 15, 2016 Chicago Tribune article *Pharmacies Miss Half of Dangerous Drug Combinations* article, available at https://www.chicagotribune.com/investigations/ct-drug-interactions-pharmacy-met-20161214-story.html and the January 13, 2020 New York Times article, *How Chaos at Chain Pharmacies is Putting Patients at Risk* available at https://www.nytimes.com/2020/01/31/health/pharmacists-medication-errors.html. Please include all Documents related to these or other similar articles, any related audits or investigations and any refinements or enhancements to Your systems. Include all documents, data and/or statements provided to or created by Tata Consulting Services and information described in the February 21, 2020 New York Times article *At Walgreens, Complaints of Medication Errors Go Missing*, available at https://www.nytimes.com/2020/02/21/health/pharmacies-prescription-errors.html?searchResultPosition=1. In addition, please produce all Documents related to investigations brought by the Ohio Board of Pharmacy for improperly dispensing Opioid medications and any complaints submitted by patients concerning staffing, medication errors and improperly filling prescriptions at Your stores in Track 3.

11

## OPIOID PRICING AGREEMENTS, THRESHOLDS AND QUOTAS

30.     Please produce all Documents relating to any joint venture, partnership, equity agreement or other agreement with any other entity or party pertaining to the supply, sourcing and/or pricing of Opioids, in Lake and Trumbull Counties. This includes, but is not limited to, contracts and agreements establishing or amending the venture, partnership and/or agreement; strategic or business plans, forecasts and reports regarding sales, revenue, volume, data, or profits related to the joint venture, partnership, and/or agreement; and reports to Your Directors and Officers regarding the joint venture, partnership and/or agreement. Produce Documents or Communications sufficient to show the following on a monthly and yearly basis in Track 3: (a) costs incurred and projections for each Opioid Product You have dispensed; (b) cash flow for each Opioid Product You have dispensed; (c) profit for each Opioid Product You have dispensed; and (d) all rebates, discounts, guaranteed payments, or other benefits from manufacturers, distributors, or other entities, from the purchase and sales of Opioids.

## OPIOID NOTICE AND PROMOTION

31.     Please produce all Documents and communications or agreements from 1996 to the present with Opioid manufacturers and distributors related to the theft of Opioids, marketing, sale, promotion, adherence programs, dangers or medical efficacy of Opioids, training, or supply of Opioids with or without Cocktail Drugs, including without limitation Your utilization of continuing education or training programs provided or prepared by manufacturers, distributors, and/or trade organizations (e.g. National Association of Chain Pharmacies and Healthcare Distribution Alliance and Pain Care Forum), front groups (e.g. Partners Against Pain), key opinion leaders (e.g. Kenneth Jackson and Jennifer Bolen), or speaker bureaus[2].

---

[2] *See*, The County of Lake Supplemental and Amended Allegations to be added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand, ¶¶ 121-127, 457-461, 471-476;

12

32.    Please produce all Documents from 1996 to the present related to any of the following entities including but not limited to documents demonstrating your support of, participation with or funding, payment, reimbursement, or the giving of anything of value to the following entities:

(a) American Academy of Pain Medicine;

*Category 1*

(b) American Pain Society;

(c) American Pain Foundation;

(d) American Geriatrics Society;

(e) American Chronic Pain Association;

(f) American Society of Pain Educators;

(g) The National Pain Foundation;

(h) Pain and Policy Studies Group;

(i) Federation of State Medical Boards;

(j) American Society of Pain Management Nursing;

(k) Academy of Integrative Pain Management;

(l) U.S. Pain Foundation;

(m) Cancer Action Network;

(n) Washington Legal Foundation;

(o) The Center for Practical Bioethics;

(p) The Joint Commission;

(q) Pain Care Forum;

(r) Conrad & Associates;

---

The County of Trumbull Supplemental and Amended Allegations to be added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand, ¶¶ 120-126, 457-461, 471-476

13

(s) Manufacturer Defendant(s); and

(t) Any other organization known to You to have published, issued, or developed guidelines concerning pain management or Opioid use.

33. Please produce all Documents regarding Your agreements with, membership in, attendance, participation, or involvement in any meeting, council, committee, task force, or working group of any industry trade group or association about the manufacture, development, formulation, marketing, advertising, sale, dispensing, reimbursement, pricing, distribution, Quotas or diversion of Opioids or Opioid Products or laws, rules or regulations or proposed laws, rules or regulations applying to Opioids or Opioid Products, including but not limited to:

*Category 1*

(a) Healthcare Distribution Management Association (HDMA);

(b) Healthcare Distribution Alliance (HDA);

(c) Pain Care Forum (PCF);

(d) National Association of Chain Drug Stores (NACDS); and

(e) Pharmaceutical Research and Manufacturers of America (PhRMA).

14

Dated: June 11, 2020

LAKE COUNTY

/s/ *Frank Gallucci*
Frank Gallucci (0072680)
**PLEVIN & GALLUCCI COMPANY, L.P.A**
55 Public Square Suite 2222
Cleveland, Ohio 44113
FGallucci@pglawyer.com

Hunter Shkolnik
Joseph L. Ciaccio
Salvatore C. Badala
**NAPOLI SHKOLNIK, PLLC**
400 Broadhollow Road – Suite 350
Melville, New York 11747

Leo M. Spellacy, Jr. (0067304)
**THRASHER DISMORE & DOLAN LPA**
1111 Superior Avenue, Suite 412
Cleveland, OH 44114
lspellacy@tddlaw.com

Scott Elliot Smith (003749)
**SCOTT ELLOT SMITH LPA**
5003 Horizons Dr. Ste. 200
Columbus, OH 43220
ses@sestriallaw.com

James A. Marinella, Esq (0073449)
**DEMER & MARNIELLA, LLC**
2 Berea Commons, Suite 200
Berea, OH 44017

Respectfully Submitted,

TRUMBULL COUNTY

/s/ *Frank Gallucci*
Frank Gallucci (0072680)
**PLEVIN & GALLUCCI COMPANY, L.P.A**
55 Public Square Suite 2222
Cleveland, Ohio 44113
FGallucci@pglawyer.com

Hunter Shkolnik
Joseph L. Ciaccio
Salvatore C. Badala
**NAPOLI SHKOLNIK, PLLC**
400 Broadhollow Road – Suite 350
Melville, New York 11747

Leo M. Spellacy, Jr. (0067304)
**THRASHER DISMORE & DOLAN LPA**
1111 Superior Avenue, Suite 412
Cleveland, OH 44114
lspellacy@tddlaw.com

Scott Elliot Smith (003749)
**SCOTT ELLOT SMITH LPA**
5003 Horizons Dr. Ste. 200
Columbus, OH 43220
ses@sestriallaw.com

Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue, Ste 1700
Cleveland, OH 44114
pweinberger@spanglaw.com
Plaintiffs' Liaison Counsel

15

## CERTIFICATE OF SERVICE

The foregoing document has been served via email only this 11th day of June, 2020 to the following:

Katherine M Swift, Esq.
Bartlit Beck
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
kate.swift@bartlitbeck.com

Eric Delinsky, Esq.
Zuckerman Spaeder
1800 M Street NW, Suite 1000
Washington, Dc 20036-5807
edelinsky@zuckerman.com

Kelly A. Moore, Esq.
Morgan Lewis
101 Park Avenue
New York, NY 10178
Kelly.Moore@MorganLewis.com

Robert M. Barnes, Esq.
Marcus Shapira
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219
rbarnes@marcus-shapira.com

Tara A. Fumerton, Esq.
Jones Day
77 West Wacker, Ste 3500
Chicago, IL 60601
tfumerton@JonesDay.com

/s/Peter H. Weinberger
Peter H. Weinberger
Plaintiffs' Liaison Counsel

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re: NATIONAL PRESCRIPTION** | ) | **MDL NO. 2804** |
| **OPIATE LITIGATION** | ) | |
| | ) | **CASE NO. 1:17-MD-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *"Case Track Three"* | ) | **Judge Dan Aaron Polster** |

## PLAINTIFFS (FIRST) COMBINED TRACK THREE INTERROGATORIES TO CHAIN PHARMACY DEFENDANTS

COMES now the Case Track Three Plaintiffs, LAKE COUNTY and TRUMBULL COUNTY, by counsel, and submit the following discovery requests pursuant to Rule 33 of the Federal Rules of Civil Procedure to the Defendants.

### I. DEFINITIONS

1. "You" or "Your" means Defendant and its officers, directors, employees, partners, representatives, agents, divisions, predecessors or successors-in- interest and other persons or entities acting on their behalf or controlled by them. These terms also include any pharmacies providing Defendant with income.

2. "Cocktail Drugs" means muscle relaxants, stimulants and/or benzodiazepines taken, prescribed, or dispensed in combination with opiate drugs.

3. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and, with respect to oral communications, includes any document evidencing such oral communications or in-person meetings. It includes the transmittal of information by any means, including e-mail, SMS, MMS or other "text" messages, messages on messaging apps or communication platforms (e.g. Slack, Microsoft Teams, etc.), messages on "social networking" sites (including, but not limited to, Facebook, Google+, MySpace, Instagram,

Snapchat and Twitter), messages through sales platforms (e.g. Salesforce and its partners), shared applications from cell phones or by any other means. "Communications" also shall include, but is not limited to, all originals and copies that are provided by you or to you by others.

    4.      "Controlled Substances" shall be defined by the Controlled Substances Act.

    5.      "DEA" means the U.S. Drug Enforcement Agency.

    6.      "Document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Rule 34. A draft or non-identical copy is a separate document within the meaning of this term. In all events, the definition of "document" shall include "communications" as defined above.

    7.      "Due Diligence" shall be defined to include any and all investigatory materials related to each distribution order, prescription, particular pharmacy's dispensing practices and all documents relating to the decision to hold or ship the order, increase the threshold or quota for a particular pharmacy and/or whether to dispense the medication.

    8.      "Marketing" refers to any effort undertaken with the goal, at least in part, of increasing sales.

    9.      "Opioid(s)" means that class of analgesic drugs, legal or illegal, natural or synthetic, including but not limited to the drugs referenced in Plaintiffs' Supplemental and Amended Allegations in the above-referenced matter regardless of schedule designation and whether alone or in combination pill form. Opioid(s) further includes opioid-related products, including coatings, capsule configurations, delivery systems or mechanisms that include, but are not limited to, anti-abuse, tamper resistance and crush-proof mechanisms and mechanisms to deter immediate release. Opioids include both name-brand and generic products.

2

10.     "Person" means any natural person or any business, legal or governmental entity or association.

11.     "Plaintiffs" means all the named Plaintiffs in the above-captioned matter.

12.     "Red Flag" is defined as indicia that a prescription for an Opioid should not be dispensed in the absence of due diligence.

## II. INSTRUCTIONS

1.     **Relevant time-period:** These requests seek information for the period consistent with *Discovery Ruling 3* (Doc #: 762) (Filed: 07/17/18) except where noted in the requests.

2.     **Non-duplication of prior discovery or production:** Plaintiffs do not intend to seek duplicative discovery to the discovery previously propounded in Track 1 in view of the Court's Order in its Track 3 CMO (Doc# 3325) that all discovery propounded or produced in Track 1 shall be deemed propounded and/or produced in Track 3. To the extent an Interrogatory was propounded and answered in Track 1 discovery, Plaintiffs' seek an updated response and/or supplementation as required by the Civil Rules.

## COMBINED INTERROGATORIES

1.     Identify each distribution center or facility You owned or operated from 1996 to the present which delivered Opioids to pharmacies and/or other customers in Lake and Trumbull Counties, include the name and address for each distribution center or facility and, state:

Category 2
Ohio

(a) the registration number, controlled substance license number and/or any permit numbers issued by the DEA, state of Ohio, Ohio Board of Pharmacy and by the state where the facility is located;

(b) by year the total number of Opioids each such distribution center or facility delivered in Lake and Trumbull counties from 1996 through the present;

(c) the name, address and DEA and/or Ohio Board of Pharmacy registration number for each pharmacy and entity in Lake and Trumbull Counties that received opioids from Your distribution centers from 1996 through the present;

3

(d) by year the actual number of Opioids You distributed to each pharmacy and entity identified in (c) by of your distribution center or facility you owned or operated from 1996 to the present;

(e) by year the actual number of controlled substances You distributed to each pharmacy or entity identified in (c) by each of Your distribution centers; and

(f) by year the actual number of non-controlled substances You distributed to each pharmacy or entity identified in (c) by each such distribution center.

2.      Please identify each opioid order you performed Due Diligence on. After each entry, identify the Bates ranges which corresponds to the Due Diligence performed.

3.      Please identify each *suspicious order* you reported to any regulatory body, including the DEA, the Ohio Board of Pharmacy and/or any other law enforcement entity, arising out of Track 3. After each entry, please identify the Bates range which corresponds to each suspicious order to enable a jury to correlate each suspicious order in your written answer to each document produced. For each Suspicious Order You identify:

(a) State the date of each such Suspicious Order;

(b) State the date You reported each such Suspicious Order;

(c) State to whom each such Suspicious Order was reported;

(d) State the date you discovered each such Suspicious Order;

(e) State how you discovered each such Suspicious Order;

(f) Identify the Opioid or cocktail drugs involved in each such Suspicious Order;

(g) State whether you filled the order and/or delivered the Opioid or cocktail drugs which were the subject of each such Suspicious Order;

(h) Identify the Bates number and/or Bates range of each such Suspicious Order if produced to enable a jury to correlate the Suspicious Order in your written answers concerning the Document produced;

4

(i) State in detail all Due Diligence You performed concerning each such Suspicious Order before and after delivery of the controlled substances in Lake or Trumbull Counties;

(j) State in detail all efforts made by You to confirm the legitimacy of each such Suspicious Order prior to filling the order; and

(k) State in detail all analysis You conducted prior to completing the sale of each such Suspicious Order to determine whether the controlled substances were likely to be diverted from legitimate channels.

4.    Please identify each Track 3 Pharmacy store visit performed by You, or any third-party related to potential diversion, suspicious orders, and/or the maintenance of and dispensing of controlled substances. Identify the following regarding each visit:

(a) The date of the visit;

(b) The pharmacy name, address and store number;

(c) The name and title of the Person conducting the visit;

(d) The finding(s) of the visit; and

(e) Identify all Documents by Bates ranges containing the information in (a) through (d).

5.    Identify any algorithm, program or system used by You to identify prescribers, pharmacies, pharmacists and patients using or prescribing or dispensing opioids for a non-legitimate medical purpose and/or engaged in conduct suspicious of diversion. Please identify by year for each algorithm, program or system its:

(a) Name;

(b) The Date(s) it was in use by You;

(c) An explanation of why it was created and how it has been used by You;

5

(d) The individuals employed by You and any third party companies and individuals that designed, developed and supervised its operation;

(e) The specific data points and information it uses to operate;

(f) How those data points or that information is compiled and calculated;

(g) The individuals employed by You and/or any third-party companies that run, monitor and oversee its operation;

(h)The names of all reports or data outputs and the frequency in which those reports or updates are generated and reviewed; and

(i) A list of all individuals and their titles that review those reports or the information generated by its operation.

6.      Please identify each of Your prescriptions in Track 3 which:  (i) triggered Your own "Red Flag Analysis," (ii) is suspicious, (iii) which you completed due diligence on, and (iv) which should not have been filled.  For each prescription, identify the reason and the criteria used to identify the prescription and all dispensing data fields contained in "Exhibit A – List of Data Fields the Pharmacy Defendants Must Produce" to MDL 2804 Document 3106, Special Master Cohen's "Discovery Ruling Regarding Pharmacy Data Production" dated January 27, 2020 (the "Dispensing Data Order").

7.      Please identify the name and title of each of Your employees, by year, who had compliance responsibilities and/or were responsible for conducting due diligence on opioid orders shipped to Lake and Trumbull Counties from 2006 to present.

8.      For each pharmacy or entity You owned or operated in Lake or Trumbull Counties from 1996 through the present:

(a) State the name including its former names, and address of each such pharmacy or entity You own or operated;

(b) Identify the DEA Registration number and Ohio Board of Pharmacy Registration Number;

6

(c) State the Dates You have owned or operated each pharmacy;

(d) If You purchased or acquired the pharmacy, please state who You acquired the pharmacy from and the date of acquisition; and

(e) Identify each regional pharmacy manager, district leader, and pharmacy manager for each pharmacy.

9.    Please identify, define and explain by year any criteria or "Red Flags" You advised Your pharmacists to monitor for and the specific steps that You advised Your pharmacists to take, if any, before dispensing each Opioid or Cocktail Drug. (By way of example, if You included "Cocktail Drugs" in Your "Red Flag" criteria, explain the specific drugs that make up Your definition of "Cocktail Drug" by year).

10.   List all employees and third parties who have discoverable information related to the dispensing of opioids in Track 3, including any investigations and Due Diligence of suspicious opioid and Cocktail Drug prescriptions in Track 3.

11.   Please identify each Person, other than a Person intended to be called as an expert witness at trial, who likely has discoverable information that tends to support a position or defense that You have taken or intend to take in this action, and state the subject matter of the information possessed by that Person.

12.   Describe in detail which of Your entities, subsidiaries and/or divisions that have, or had, any role in the marketing, sale, distribution and/or dispensing of Opioids or Opioid Products from January 1, 1996 to present.

13.   Please identify each administrative action taken by the DEA and/or the Ohio Board of Pharmacy against You related to the dispensing of prescription opioids.

7

Dated: June 11, 2020

Respectfully Submitted,

LAKE COUNTY

TRUMBULL COUNTY

*/s/ Frank Gallucci*
Frank Gallucci (0072680)
**PLEVIN & GALLUCCI COMPANY, L.P.A**
55 Public Square Suite 2222
Cleveland, Ohio 44113
FGallucci@pglawyer.com

*/s/ Frank Gallucci*
Frank Gallucci (0072680)
**PLEVIN & GALLUCCI COMPANY, L.P.A**
55 Public Square Suite 2222
Cleveland, Ohio 44113
FGallucci@pglawyer.com

Hunter Shkolnik
Joseph L. Ciaccio
Salvatore C. Badala
**NAPOLI SHKOLNIK, PLLC**
400 Broadhollow Road – Suite 350
Melville, New York 11747

Hunter Shkolnik
Joseph L. Ciaccio
Salvatore C. Badala
**NAPOLI SHKOLNIK, PLLC**
400 Broadhollow Road – Suite 350
Melville, New York 11747

Leo M. Spellacy, Jr. (0067304)
**THRASHER DISMORE & DOLAN LPA**
1111 Superior Avenue, Suite 412
Cleveland, OH 44114
lspellacy@tddlaw.com

Leo M. Spellacy, Jr. (0067304)
**THRASHER DISMORE & DOLAN LPA**
1111 Superior Avenue, Suite 412
Cleveland, OH 44114
lspellacy@tddlaw.com

Scott Elliot Smith (003749)
**SCOTT ELLOT SMITH LPA**
5003 Horizons Dr. Ste. 200
Columbus, OH 43220
ses@sestriallaw.com

Scott Elliot Smith (003749)
**SCOTT ELLOT SMITH LPA**
5003 Horizons Dr. Ste. 200
Columbus, OH 43220
ses@sestriallaw.com

James A. Marinella, Esq (0073449)
**DEMER & MARNIELLA, LLC**
2 Berea Commons, Suite 200
Berea, OH 44017

Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue, Ste 1700
Cleveland, OH 44114
pweinberger@spanglaw.com
Plaintiffs' Liaison Counsel

8

## CERTIFICATE OF SERVICE

The foregoing document has been served via email only this 11th day of June, 2020 to the following:

Katherine M Swift, Esq.
Bartlit Beck
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
kate.swift@bartlitbeck.com

Eric Delinsky, Esq.
Zuckerman Spaeder
1800 M Street NW, Suite 1000
Washington, Dc 20036-5807
edelinsky@zuckerman.com

Kelly A. Moore, Esq.
Morgan Lewis
101 Park Avenue
New York, NY 10178
Kelly.Moore@MorganLewis.com

Robert M. Barnes, Esq.
Marcus Shapira
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219
rbarnes@marcus-shapira.com

Tara A. Fumerton, Esq.
Jones Day
77 West Wacker, Ste 3500
Chicago, IL 60601
tfumerton@JonesDay.com

/s/Peter H. Weinberger
Peter H. Weinberger
Plaintiffs' Liaison Counsel

9

| | |
|---|---|
| **From:** | Peter H. Weinberger <PWeinberger@spanglaw.com> |
| **Sent:** | Friday, June 12, 2020 7:46 PM |
| **To:** | Swift (External), Kate; edelinsky@Zuckerman.com; Moore (External), Kelly A.; Barnes (External), M.; Fumerton, Tara A. |
| **Cc:** | Frank Gallucci; Shkolnik (External), Hunter; Sheila Schebek; Salvatore C. Badala |
| **Subject:** | RE: Opiate CT3:  Plaintiffs' First Combined Interrogatories and Requests for Production |

Counsel for Pharmacy Defendants in CT3:

Yesterday afternoon, prior to the Walmart discovery conference with Special Master Cohen, Plaintiffs served discovery requests to the Track 3 defendants.  During that discovery conference,  there were discussions about how category 1 and category 2 discovery was defined, as set forth in Discovery Orders 2 and 3.  Also, the defendants were granted until next Friday to brief this issue, at least as it applies to suspicious order reports.   So there is no ambiguity associated with our discovery requests, and subsequent to  any further clarification by SM Cohen, plaintiffs will designate in a separate discovery pleading which of those requests plaintiffs contend implicate category 1 documents and therefore are national in scope, and which of our requests implicate category 2 documents and are the State of Ohio in scope.

Pete

---

**From:** Sheila Schebek <SMS@spanglaw.com>
**Sent:** Thursday, June 11, 2020 1:36 PM
**To:** kate.swift@bartlitbeck.com; edelinsky@zuckerman.com; Kelly.Moore@MorganLewis.com; rbarnes@marcus-shapira.com; tfumerton@JonesDay.com
**Cc:** Frank Gallucci <fgallucci@pglawyer.com>; hunter shkolnik <hunter@napolilaw.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>
**Subject:** Opiate CT3: Plaintiffs' First Combined Interrogatories and Requests for Production

Dear Counsel:  Please see the attached documents.  Best, Sheila

Sheila Schebek
Client and Case Services Manager
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
SMS@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.