UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track Three* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**RITE AID'S OBJECTION TO THE
COURT'S ORDER REGARDING FURTHER BELLWETHER CASES**

Defendants Rite Aid Hdqtrs. Corp., Rite Aid of Maryland Inc., Rite Aid of Ohio, Inc., and Eckerd Corp. ("Rite Aid") respectfully object to the Court's March 11, 2021 order (Doc. 3649), which requires Rite Aid to be a party to five additional bellwether cases based on two factual mistakes regarding Rite Aid.[1]  First, the order mischaracterizes Rite Aid as a "national pharmacy."  Rite Aid is not a national pharmacy.  It currently has stores in only 18 states, and at its largest operated in only 32 states.  Second, contrary to the Court's statement at the March 10 hearing that "the Defendants all have tons of money," Rite Aid has reported net losses in the hundreds of millions of dollars in the past few years, to which the enormous cost of opioid litigation contributes, including active litigation of not only the Track 3 cases but opioid lawsuits in states around the country.

**Background**

During the March 10, 2021 teleconference in the Track 3 cases, the Court announced that it would select five additional bellwether pharmacy cases to remand for trial.  In its March 11

---

[1] Rite Aid does not waive its objections to the Court's order creating new bellwether cases against the pharmacies generally, and reserves the right to join in any objection to the order or motion for reconsideration by Pharmacy Defendants.

order, the Court stated that "the five selected cases will be set for bellwether trials against pharmacies only and must include the four national pharmacies that are in Track Three." Doc. 3649, at 2. The Court directed the parties to work with one another and with Special Master Cohen to develop a list of proposed cases.

**Argument**

Rite Aid objects to the order's requirement that Rite Aid be included in five new bellwether cases on the basis that it is one of "four national pharmacies" and has "tons of money" for unlimited litigation. *See* Doc. 3649; 3/11 Tr. at 11:2.

Rite Aid has never been a national chain. At its height, Rite Aid had locations in 32 states. In 2017, Rite Aid sold about 2,000 stores to a competitor. It now has stores in only 18 states.

Moreover, it is unnecessary for the Court to create additional bellwethers against Rite Aid. Although its geographic footprint is far smaller than its competitors, Rite Aid has been sued in over 1,700 opioid lawsuits, including nearly 500 jurisdictions where it does not have any stores. As the Court is aware, many of these cases are moving steadily toward trial. In addition to the Track 3 cases set for trial in October, Rite Aid is a defendant in cases set for trial this year and next year in New York, Maryland, West Virginia, Massachusetts, and Alabama. Rite Aid is also actively engaged in discovery in numerous state court cases in states including Pennsylvania (the state where Rite Aid has its largest presence), South Carolina, and Utah. Additional bellwethers are unnecessary given this active litigation of both dispensing and distribution issues.

The Court's assumption that Rite Aid has "tons of money" to litigate or settle these cases is also not correct. 3/11 Tr. at 11:2. It is public knowledge that for the past several years, Rite Aid has posted net losses of hundreds of millions of dollars annually. Rite Aid reported net

2

losses of $469.2 million in fiscal year 2020[2] and $667 million in fiscal year 2019[3] and has announced that it expects to incur net losses of $90-100 million in fiscal year 2021.[4]

At present, enormous litigation costs are contributing to Rite Aid's financial losses. In short, additional bellwether cases would not make a global resolution of the claims against Rite Aid any more likely.

## Conclusion

For these reasons, Rite Aid respectfully objects to the Court's order characterizing Rite Aid as a "national pharmacy" and directing Rite Aid's inclusion in five new bellwethers on that basis.

---

[2] *See* https://www.riteaid.com/corporate/investor-relations/quarterly-results/-/pressreleases/rite-aid-corporation-reports-fiscal-2020-fourth-quarter-and-full-year-results (visited March 25, 2021).

[3] *See* https://www.riteaid.com/corporate/news/-/pressreleases/news-room/2019/rite-aid-reports-fiscal-2019-fourth-quarter-and-full-year-results (visited March 25, 2021).

[4] *See* https://finance.yahoo.com/news/rite-aid-provides-fiscal-2021-200500812.html (visited March 25, 2021).

3

Dated: March 26, 2021            Respectfully submitted,

/s/ *Kelly A. Moore*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid*

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on March 26, 2021.

                                                                         /s/   *Kelly A. Moore*