UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) )  ) | CASE NO. 1:17-MD-2804 |
| | | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: | ) | |
| *"All Cases"* | ) | |
| | ) | DISCOVERY RULING NO. 14, PART 24 |
| | ) | REGARDING WALGREENS' |
| | ) | PRIVILEGE CLAIMS |

**AGENDA ITEM 309**

During Track Three discovery, defendant Walgreens withheld production of certain documents based on attorney-client privilege.  Plaintiffs took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents.  Plaintiffs requested *in camera* review of twenty-three of the remaining disputed documents.  Walgreens agreed to downgrade four of these documents to "Not Privileged" and submitted the remaining disputed documents to the Special Master for *in camera* review.  Both parties submitted a chart summarizing their arguments regarding each contested document.  Walgreens also submitted a letter brief detailing its arguments in support of privilege. Having considered these submissions carefully, the Special Master now rules on the challenged documents.

## I.     Legal Standards.

The special master has applied the legal standards and authorities set out in **all** prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[1]  *See, e.g., Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney.  To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose").  Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000).  *See also* docket no. 3584 at 1 ("The burden is on the proponent to prove that the documents are privileged; and to be privileged, the communication must have the primary purpose of soliciting or receiving legal, as opposed to business, advice.  That line is sometimes very difficult to draw when . . . [a company] operates in a heavily regulated business and regulatory compliance advice from in-house counsel is therefore part of [the company's] day-to-day business operations.").  "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'"  *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).[2]

---

[1] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

[2] Beyond these generally applicable rules regarding privilege, the Court has also instructed the parties that "Defendants shall not interpose attorney-client privilege as a reason for not producing discovery of all the details of their SOMS [suspicious order monitoring systems]."  Docket no. 1147 at 1.  The Special Master understands this instruction to require strict application of the rules regarding privilege when assessing documents that address SOMS.

**II.      Rulings.**

| | | |
|---|---|---|
| EM04267358 | | Privilege Claim Withdrawn. |
| EM06309748 | | Privilege Claim Withdrawn. |
| EM06310574 | | Overruled. |
| EM06310742-43 | | Overruled with permitted redactions.[3] |
| EM06311698 | | Privilege Claim Withdrawn. |
| EM63123458 | | Redactions Sustained. |
| EM06342051 | | Redactions Sustained. |
| EM06429298 | | Redactions Sustained. |
| EM06951889 | | Privilege Claim Withdrawn. |
| EM08167072 | | Redactions Sustained. |
| EM08263293 | | Redactions sustained. |
| EM08997586 | | Sustained. |
| EM09273594 | | Sustained. |
| EM11776595 | | Overruled. |
| EM11833715 | | Redactions sustained. |
| EM11844121 | | Sustained. |
| EM11854183 | | Redactions sustained. |
| EM11862180 | | Sustained. |
| EM11865493 | | Redactions sustained. |
| EM11857244-45 | | Overruled. |
| EM11904016 | | Sustained. |
| EM11923998 | | Privilege Claim Withdrawn. |
| EM11924023-24 | | Overruled. |

The Special Master adds the following observations.  Throughout the course of making these bellwether privilege rulings, the Special Master has repeatedly notified all parties that privilege claims will be construed narrowly and that the proponent of a privilege designation bears the burden of demonstrating that the subject documents are privileged.  In overruling a privilege claim, **the Special Master is frequently ruling that the proponent has not carried its burden**. For example, a legend or footer on a document asserting that it is privileged does not, without

---

[3] This entry must be produced with redactions as communicated *ex parte* to Walgreens by the Special Master.

more, satisfy the burden; nor does the bare assertion in a letter brief that the document "reflects

legal advice."  Unless the proponent demonstrates with context, facts, and explanations that the

document is privileged, the party will have failed to sustain its burden.


**III.    Objections.**

Any party choosing to object to any aspect of this Ruling must do so on or before April 5,

2021.


**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**


**Dated: March 30, 2021**

4