**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) ) ) ) | SPECIAL MASTER COHEN  **ORDER REGARDING FLORIDA DISPENSING DATA** |

**AGENDA ITEM 313**

Via letter brief, Plaintiffs complain that Defendants Walgreens and CVS have failed to comply with *Discovery Ruling No. 22* ("DR-22"), which generally requires "Defendants to produce in this MDL, on an ongoing basis, certain discovery that they are required to produce in other matters, including 'any [other] court case, government investigation, or government hearing, regarding the marketing, sales, distribution, or dispensing of Opioids or Opioid Products.'" Docket no. 3341 at 1 (quoting (docket no. 2576 at )). Specifically, Plaintiffs observe that: (1) in opioid-related litigation in Florida state court, Walgreens and CVS were ordered to (and did) produce Florida transactional prescription dispensing data; but (2) Walgreens and CVS both did not then produce this data to the MDL Repository. Plaintiffs therefore ask the undersigned to direct Walgreens and CVS to comply with DR-22 and produce the Florida dispensing data in the MDL.

The Pharmacy Defendants object that DR-22 does not apply. For the reasons below, this

objection is not well-taken.

First, Defendants observe that, in Track Three, the Court declined to order production of dispensing data outside of Ohio. *See* docket no. 3341 at 3-5 (concluding that "transactional dispensing data for [all of] Ohio is . . . relevant and proportional to the needs of Track Three," and "Plaintiffs' request for nationwide dispensing discovery in the context of Track Three is, at best, premature"). Defendants therefore assert Plaintiffs are not entitled to the Florida dispensing data, especially because Plaintiffs have not made any showing this data is relevant in Track Three.

The analysis of whether discovery of dispensing data from jurisdictions outside of Ohio is relevant and proportional in Track Three, however, is a separate question from Defendants' obligations under DR-22. As the Court has noted earlier, the former analysis requires weighing of "whether the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(1), while the latter involves only *re*-production of discovery already produced. *See* docket no. 3333 at 3 ("the information that DR 22 requires Defendants to produce in the MDL is discovery that Defendants have already located, collected, filtered for privilege, and produced elsewhere. The burden imposed by DR 22 is virtually zero."). Indeed, simple re-production of the Florida dispensing data in the MDL says nothing about whether it is admissible at trial of the Track Three Plaintiffs' claims.[1] The convenience and efficiency interests that animate DR-22 apply to dispensing data as much as any other discovery.

---

[1] Track Three Plaintiffs do allege that opioids prescribed in Florida contributed to the public nuisance they are suffering in Ohio. *See* docket no. 3294-1 at ¶547 ("Residents of Ohio and other states would simply drive to Florida, stock up on pills from a pill mill, and transport them back to home to sell. The practice became so common that authorities dubbed these individuals 'prescription tourists.'"). But the Court has not been presented with arguments regarding the relevance or admissibility of Florida dispensing data in the Track Three cases.

Second, Defendants contend they are not required to produce Florida dispensing data to the MDL Repository because DR-22 itself (as amended) provides they "are not obligated . . . to produce in the MDL any discovery provided to a government entity that contains HIPAA-protected information." Docket no. 2712 at 2. In the Florida state-court litigation, Defendants were ordered to produce 71 dispensing data fields for 39 different drugs. *See State of Florida v. Purdue Pharma L.P. et al.*, No. 2018-CA-001438 (Fl. Cir. Ct., Pasco Cty.) (Nov. 20, 2020) ("*Florida Order*"). Those data fields include prescription-date-written, prescription-date-filled, prescription number, and patient zip code. *Id.* at appendix 1 (field nos. 23, 3, 35 & 10, respectively). Defendants note that federal regulations allow disclosure of "protected health information" only if the data is "de-identified," including removal of these types of fields. *See* 45 C.F.R. § 164.514(b)(2)(i).

The Special Master addressed the issue of HIPAA and de-identification of dispensing data in Track Three, ordering the Pharmacy Defendants to produce 34 different data fields out of the 160 fields originally requested by Plaintiffs. *See* docket no. 3106 at 8 ("*Pharmacy Data Production Order*") ("The end result is that no person who obtains the data will learn what medications any identifiable individual has received."). The first 34 of the 71 data fields that the Florida state court ordered Walgreens and CVS to produce are identical to those in the *Pharmacy Data Production Order*. The other 37 data fields ordered by the Florida state court make it no more likely that a "person who obtains the data will learn what medications any identifiable individual has received." *Id.*[2]

---

[2] This statement is made with the understanding that the Florida state court ordered redaction of "the content of all narrative inputs in fields 40, 43, and 44." *Florida Order* at 2. Review by the undersigned of relevant briefs filed on the Florida court's docket reveals that protection of patient privacy interests were fully briefed and considered by the parties and the court.

Accordingly, the Special Master rejects Defendants' contentions that: (1) producing to the MDL Repository the same dispensing data that Defendants have already produced in the Florida state-court action will result in a violation of HIPAA; and (2) production of the Florida dispensing data is not required by DR-22 itself. Defendants must produce the Florida dispensing data to the MDL Repository.

Finally, the Special Master notes that the Florida dispensing data is "Protected Health Information ('PHI')," and the extent to which PHI produced in the MDL (either directly or pursuant to DR-22) may be shared is addressed in the *Protective Order* entered at docket no. 3666 (*see* pp. 8-9).

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** March 30, 2021