# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**               MDL No. 2804

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in three actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions, which are listed on Schedule A, to MDL No. 2804.  Various responding defendants[1] oppose the motions.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set forth in our order directing centralization.  In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country.  *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).  Despite some variances among the actions before us, all share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs.  *See id.*  All actions therefore fall within the MDL's ambit.

Plaintiffs move to vacate their respective conditional transfer orders, principally by arguing that federal jurisdiction is lacking over their cases.  Several plaintiffs also request that the respective transferor courts be allowed to rule on their motions to remand to state court. We are not persuaded by these arguments.  The Panel has held that such jurisdictional objections generally

---

[*]  Judge Catherine D. Perry did not participate in the decision of this matter.

[1]  Amerisourcebergen Corporation, Amerisourcebergen Drug Corporation, Cardinal Health, Inc., McKesson Corp. (collectively, distributor defendants); Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Johnson & Johnson (collectively, manufacturer defendants).

-2-

do not present an impediment to transfer.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Plaintiffs also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions, including the resolution of their remand motions. Given the undisputed factual overlap with the MDL proceedings, transfer is justified to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton              Matthew F. Kennelly
David C. Norton                  Roger T. Benitez
Dale A. Kimball

---

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**          MDL No. 2804

## SCHEDULE A

Eastern District of Missouri

ST. CLAIR COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:20-01641

Western District of Oklahoma

CITY OF ALTUS v. CEPHALON, INC., ET AL., C.A. No. 5:20-01180
CITY OF STILLWATER v. CEPHALON, INC., ET AL., C.A. No. 5:20-01269