**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804<br>Case No. 1:17-md-2804 |
| *This Document Relates to*: | ) ) | Hon. Dan Aaron Polster |
| *All Cases* | ) ) ) | |

**PLAINTIFFS' EXECUTIVE COMMITTEE'S SUBMISSION**
**REGARDING PHARMACY BELLWETHER CASES**

In response to the Court's March 11, 2021 Order (ECF No. 3649), the Plaintiffs' Executive Committee ("PEC" or "Plaintiffs") has selected the following five bellwether candidates (P1-P5):

**P1.  Santa Fe County, New Mexico**

*Board of County Commissioners of the County of Santa Fe v. Purdue Pharma L.P. et al.,* - New Mexico, 1:18-cv-00534

**P2.  Montgomery County, Ohio**

*Montgomery County Board of County Commissioners et al v. Cardinal Health, Inc. et al.,* - S.D. Oh., 3:18-cv-00295

**P3.  Boyd County, Kentucky**

*Boyd County Fiscal Court v. AmerisourceBergen Drug Corporation et al.,* - E.D. Ky., 0:17-cv-00104

**P4.  Escambia County, Florida**

*Escambia County, Florida v. AmerisourceBergen Drug Corporation et al.,* - N.D. Fla., 3:18-cv-01370

**P5.  Tarrant County, Texas**

*County of Tarrant v. Purdue Pharma LP et al.,* - N.D. Tex., 3:18-cv-00518.

To assist the Court in its consideration of these selections, Plaintiffs provide Exhibit A, a chart listing, for each of the above cases, the relevant defendants, individual market shares, county populations, pill counts and other metrics deemed by Plaintiffs to be useful to the bellwether evaluation. The chart also includes the same information and data for the five defense candidates. Plaintiffs can make available a more extensive electronic chart that provides different filters or more refined data, if the Court desires.

The filtering criteria used by Plaintiffs to narrow the approximately 800 or more cases filed against the chain pharmacies to five bellwether candidates include:

1. A county in litigation that has named a chain pharmacy (Walmart, Walgreens, CVS, Krogers and/or Rite Aid);

2. The combined market share of the chains in each county approaches or exceeds 50% versus other pharmacies;

3. Data concerning drug overdose deaths, pills per capita and county population that indicate a significant impact to the county as a result of the oversupply of opioids;

4. Whether at least three chains contributed to the pills in the county and their respective market shares exceed 10%; and

5. Whether there is any impediment to the county's selection as a bellwether.

Plaintiffs believe that each of their five candidates are not only representative of the litigation nationwide, but provide no unfair advantage to either side. Plaintiffs have selected counties with a combined chain pharmacy market share from 40% to 60% and where at least two or more of the chains present have an individual market share in the county of over 10% each. Plaintiffs' candidates are not outliers.

Plaintiffs have the following specific comments about the five defense candidates (D1-D5):[1]

> **D1. Cobb County, Georgia – MDL Case No. 1:18-op-45817**
>
> Cobb County is located in the Atlanta metropolitan area. In addition to a high population, which can complicate discovery, the pills per capita are below average at 24.11 per year. Also, two of the four chains, Walmart and Rite Aid, have a very low market share of 6% and 1.2%, respectively. This selection does not satisfy Plaintiffs' numbered criteria 2, 3, or 4.
>
> **D2. County of Ingham, Michigan – MDL Case No. 1:18-op-46178**
>
> Ingham County is located in central Michigan and includes Lansing within its borders. Both CVS and Walmart have market shares of only 6% and 4%, respectively. The Rite Aid market share of 22.25% is the second highest individual share of any of the chains in the defense picks. This selection does not satisfy Plaintiffs' numbered criteria 2 or 4. While the pills per capita of 37.05 is higher than the other four defense picks, it remains smaller than four of the five plaintiff picks by a substantial amount.
>
> **D3. Big Stone County, Minnesota – MDL Case No. 1:20-op-45102**
>
> Big Stone County has a total population of about 5,000. Our data indicate zero market share for any of the chain pharmacies. The inclusion of this county as a defense chain pharmacy bellwether is puzzling; plaintiffs need neither bellwether discovery nor a trial to acknowledge that causation will be difficult to prove where a chain has nominal market share. When the case was brought to the PEC's attention, the named pharmacies were dismissed. This selection does not satisfy Plaintiffs' numbered criteria 2, 3, 4, or 5.
>
> **D4. Sussex County, New Jersey – MDL Case No. 1:19-op-45616**
>
> Sussex County is the northernmost county in New Jersey. It has a population of about 150,000. The combined market share of Walgreens, Walmart and CVS is only 17.9%, a significantly weaker percentage when compared to the range of 40-60% market share for plaintiffs' candidates. Walgreens, Walmart, and Rite Aid are particularly poorly represented with only 2.1%, 5.7% and 7.9% county market share, respectively. Additionally, New Jersey is reported to have the worst federal case backlog in the country, which could be an impediment to a fair and

---

[1] The Chart attached as Exhibit A also includes data for the five defense picks.

3

speedy trial.  This selection does not satisfy Plaintiffs' numbered criteria 2, 3, 4, or 5.

**D5.      Durham County, North Carolina – MDL Case No. 1:19-op-45346**

With the exception of CVS at 23.7% county market share, Walmart, Walgreens, and Rite Aid shares are all well below 10%.  While only a small percentage of litigating counties have a combined chain market share of 40% or more, and where each individual chain has a market share over 10%, it does not seem practical to ignore those counties and instead select counties with such disparate market shares, unless defense criteria were an attempt to target a specific defendant in a specific bellwether.  Plaintiffs did not interpret the Court's bellwether directive in that way and instead sought counties that exhibited sufficient chain market share and in relatively comparable percentages.  This selection does not satisfy Plaintiffs' numbered criteria 2, 3, or 5.

The PEC does not believe that any of the defense candidates are suitable as bellwethers because they are all objectionable for the reasons stated above.  With that caveat, the two cases that are the least objectionable are Cobb County (a Walgreens and CVS target case) and Durham County (a CVS target case).

The PEC reserves the right to substitute or amend its candidates with the Court's guidance.

Dated:       March 31, 2021

                                      Respectfully submitted,

                                      Paul J. Hanly, Jr.
                                      SIMMONS HANLY CONROY
                                      112 Madison Avenue, 7th Floor
                                      New York, NY 10016
                                      (212) 784-6400
                                      phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                                */s/Peter H. Weinberger*
                                                Peter H. Weinberger