UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Cases* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' POSITION PAPER ON MARCH 11, 2021
ORDER DIRECTING SELECTION OF ADDITIONAL BELLWETHER CASES**

On March 11, 2021, following directives given during a status conference the day before, the Court ordered the Plaintiffs' Executive Committee ("PEC") and the "Track 3" Pharmacy Defendants[1] to identify five additional bellwether cases to proceed to trial for the express purpose of "advance[ing] a global settlement." ECF Doc. No. 3649 ("Order") at 1. The parties were ordered to identify five additional bellwether cases that: (1) include CVS, Rite Aid, Walgreens, and Walmart; and (2) contain only one cause of action—"presumably either public nuisance or RICO." *Id.* The Order also directed the parties to explain "how the submitted list is representative of the plaintiffs, defendants and causes of action pending before the Court and how those case will provide the parties with new necessary data to advance a global settlement." *Id.* By email dated March 30, 2021, Special Master Cohen specified additional details this submission should include.

Pharmacy Defendants objected to the Order during the status conference and have since filed a motion to reconsider it. ECF. Doc. No 3664. As the reconsideration motion explains, the suggestion that additional bellwether data is needed to advance a global settlement is premature at

---

[1] The four "Pharmacy Defendants" are CVS Pharmacy, Inc. and its subsidiaries ("CVS"), Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp. ("Rite Aid"), Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co. ("Walgreens"), and Walmart Inc. ("Walmart").

1

best. Pharmacy Defendants currently expect to go to trial in nearly a dozen state and federal bellwethers over the next two years, and they are in discovery in many others. Moreover, by requiring the additional five new bellwether cases to be against only certain pharmacies—not, for instance, manufacturers or distributors—the Order singles out the four Pharmacy Defendants for more onerous treatment than the *hundreds* of other defendants in the MDL. The Order cannot be justified as a mechanism for pressuring a global resolution, because the Sixth Circuit previously has held in this litigation that a discretionary ruling cannot be justified by a desire to pressure certain parties to settle. *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 933 (6th Cir. 2019). The Pharmacy Defendants accordingly respectfully request that the Court reconsider its Order and adopt other, more effective alternatives for promoting settlement—including by certifying critical legal issues for interlocutory appeal.

Rite Aid also filed a separate objection to being including in any additional bellwether, explaining that it is not a national pharmacy and has limited financial resources. *See* ECF Doc. No. 3663. Rite Aid joins this submission subject to its objection solely to comply with the Court's order, which required Rite Aid to be a party in Pharmacy Defendants' proposed cases.

Given these concerns, Pharmacy Defendants continue to object to the Court's Order and submit that appellate decisions on key legal issues will provide the most useful information upon which to assess potential resolutions to these cases. Pursuant to the Order, and without waiving any of the aforementioned objections, Pharmacy Defendants identified to the PEC the following five cases that could serve as additional bellwether cases:

1. *Cobb County, Georgia v. Purdue Pharma L.P., et al.*, MDL Case No. 1:18-op-45817.

    a. <u>Defendants</u>: Actavis LLC; Allergan Finance LLC f/k/a Actavis Inc. f/k/a Watson Pharmaceuticals, Inc.; Cardinal Health, Inc.; H.D. Smith, LLC d/b/a H.D. Smith f/k/a H.D. Smith Wholesale Drug Company; Insys

Therapeutics, Inc.; Mallinckrodt PLC; McKesson Corporation; Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc.; Teva Pharmaceuticals USA, Inc.; AmerisourceBergen Corporation; Endo Health Solutions Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Purdue Pharma L.P.; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Endo Pharmaceuticals Inc.; Mallinckrodt LLC; Wal-Mart, Inc. f/k/a Wal-Mart Stores, Inc.; Allergan PLC f/k/a Actavis PLC; Cephalon, Inc.; CVS Health Corp.;[2] H.D. Smith Holding Company; H.D. Smith, LLC; Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Miami-Luken, Inc.; Noramco Inc.; Purdue Pharma Inc.; Teva Pharmaceutical Industries Ltd.; The Kroger Co.; The Purdue Frederick Company, Inc.; Walgreens Boots Alliance, Inc. a/k/a Walgreen Company;[3] Watson Laboratories Inc; SpecGX LLC; Par Pharmaceutical, Inc.; Mylan Pharmaceuticals, Inc.; Sandoz, Inc.; West-Ward Pharmaceuticals Corp.; Eckerd Corp. (Rite Aid); Publix Super Markets, Inc.; Smith Drug Company; Beverly Sackler; David A. Sackler; Jonathan D. Sackler; Ilene Sackler Lefcourt; Kathe A. Sackler; Mortimer D.A. Sackler; Richard S. Sackler; Theresa Sackler; Stuart Baker; Raymond Sackler Trust; Rhodes Pharmaceuticals Inc.; Rhodes Pharmaceuticals L.P.; Rhodes Technologies; Rhodes Technologies, Inc.; P.F. Laboratories, Inc.

b. Pharmacy Defendants' Estimated Market Shares[4]:
   i. CVS: 16%
   ii. Rite Aid: 9%
   iii. Walgreens: 16%
   iv. Walmart: 5%

c. Other Named Defendant Pharmacies:
   i. The Kroger Co.
   ii. Publix Super Markets, Inc.

---

[2] The potential bellwethers identified often list a CVS entity that is not an appropriate defendant (such as CVS Health or CVS Health Corp.). To the extent the Court selects any case where CVS Health Corp., or another inappropriate entity is named as a defendant, Plaintiffs will have to substitute the correct entities. CVS and any CVS entity named as a defendant, including CVS Health Corp., reserve all rights and objections, including that CVS Health Corp. is not subject to personal jurisdiction.

[3] The potential bellwethers identified often list Walgreens Boots Alliance, Inc. ("WBA"). To the extent the Court selects any case where WBA is named as a defendant, WBA reserves all rights and objections, including that WBA is not subject to personal jurisdiction.

[4] These estimates are based on ARCOS data produced in the litigation, which runs from 2006 to 2014.

2. *County of Ingham, Michigan v. Purdue Pharma L.P., et al.*, MDL Case No. 1:18-op-46178.

   a. <u>Defendants</u>: Allergan PLC f/k/a Actavis PLC; AmerisourceBergen Corporation; Endo Health Solutions Inc.; Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.; Jonathan D. Sackler; Mortimer D.A. Sackler; Mylan Pharmaceuticals Inc.; Noramco Inc.; Omnicare Distribution Center LLC; Omnicare, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Rite Aid of Michigan, Inc.; Teva Pharmaceutical Industries Ltd.; Theresa Sackler; Trust For The Benefit Of Members Of The Raymond Sackler Family; Walmart, Inc. f/k/a Walmart Stores, Inc.; Watson Laboratories Inc.; Actavis LLC; Cardinal Health, Inc.; Endo International PLC; Kathe A. Sackler; McKesson Corporation; Mylan N.V. f/k/a Mylan Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.; Purdue Frederick Company, Inc.; Purdue Pharma L.P.; Teva Pharmaceuticals USA, Inc.; Walgreens Boots Alliance, Inc.; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Allergan Finance LLC f/k/a Actavis Inc. f/k/a Watson Pharmaceuticals, Inc.; David A. Sackler; Insys Therapeutics, Inc.; Mallinckrodt PLC; Par Pharmaceutical Inc.; Rhodes Pharmaceuticals, LP; Richard S. Sackler; Sandoz International GMBH; Woodward Detroit CVS, LLC; Anda, Inc.; Beverly Sackler; Cephalon, Inc.; Costco Wholesale Corporation; CVS Health, Corp.; CVS Pharmacy, Inc.; Endo Pharmaceuticals Inc.; Ilene Sackler Lefcourt; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Mallinckrodt LLC; Masters Pharmaceutical, Inc.; Novartis AG Corp.; Purdue Pharma Inc.; Rite Aid Corp.;[5] Sandoz, Inc.; SpecGx, LLC; Walgreens Company.

   b. <u>Pharmacy Defendants' Estimated Market Shares</u>:
      i. CVS: 5%
      ii. Rite Aid: 18%
      iii. Walgreens: 12%
      iv. Walmart: 3%

   c. <u>Other Named Defendant Pharmacies</u>:
      i. Costco Wholesale Corporation

---

[5] The potential bellwethers identified often list Rite Aid Corporation as a defendant. Rite Aid Corporation is not an appropriate defendant because it is a holding company that is not subject to bellwether courts' personal jurisdiction. To the extent the Court selects any case where Rite Aid Corporation is named as a defendant, Rite Aid Corporation reserves all rights and objections.

    d. <u>Additional Pharmacies/Dispensers With Presence in Jurisdiction</u>[6]:
        i. Meijer
        ii. Edward W. Sparrow Hospital
        iii. Lansing Pharmacy Services LLC

3. *Big Stone County, Minnesota v. Teva Pharmaceuticals USA, Inc., et al.*, MDL Case No. 1:20-op-45102.[7]

    a. <u>Defendants</u>: Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Allergan Finance LLC f/k/a Actavis Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan PLC f/k/a Actavis PLC; AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; Cephalon, Inc.; Covidien PLC; <span style="color:red">CVS Health</span>; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Knoll Pharmaceutical Company; Mallinckrodt Brand Pharmaceuticals, Inc.; Mallinckrodt PLC; Mallinckrodt LLC; McKesson Corporation; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Quest Pharmaceuticals, Inc.; <span style="color:red">Rite Aid Corp</span>.; SpecGx, LLC; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; <span style="color:red">The Kroger Co.; Walgreens Boots Alliance, Inc. d/b/a Walgreen Company; Walmart Stores, Inc</span>.; Watson Laboratories Inc.; AbbVie Inc.; Qualitest Pharmaceuticals, Inc.; Does 1-100.

    b. <u>Pharmacy Defendants Estimated Market Share</u>:
        i. CVS: 0%
        ii. Rite Aid: 0%
        iii. Walgreens: 0%
        iv. Walmart: 0%

    c. <u>Other Named Defendant Pharmacies</u>:
        i. The Kroger Co.

    d. <u>Additional Pharmacies/Dispensers With Presence in Jurisdiction</u>:
        i. Carlson Drug Inc.
        ii. Liebe Drug, Inc.
        iii. Lewis Family Drug
        iv. Ortonville Municipal Hospital
        v. Essentia Health – Graceville

---

[6] While many other pharmacies/dispensers operate within these jurisdictions, for present purposes only, Pharmacy Defendants identify additional pharmacies/dispensers reflected in the ARCOS data as having a larger dispensing market share than at least one Pharmacy Defendant in the proposed selected case.

[7] Pharmacy Defendants discuss *Big Stone County* further below, *supra* pages 7-8.

4. *Sussex County, New Jersey v. Purdue Pharma L.P., et al.*, MDL Case No. 1:19-op-45616.

   a. <u>Defendants</u>: Purdue Pharma, LP; Richard Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler; Abbott Laboratories; Cephalon, Inc.; Teva Pharmaceutical Industries, Inc.; Endo International PLC; Janssen Pharmaceuticals, Inc; Insys Therapeutics, Inc.; Mallinckrodt PLC; Amerisourcebergen; McKesson; Cardinal Health; <span style="color:red">CVS Health Corp.; Walgreens Boots Alliance, Inc.; Costco Wholesale Corporation; Rite Aid Corporation</span>; ABC Distributors; ABC Manufacturers; ABC Corporations.[8]

   b. <u>Pharmacy Defendants' Estimated Market Share</u>:
      i. CVS: 10%
      ii. Rite Aid: 20%
      iii. Walgreens: 2%
      iv. Walmart: 5%

   c. <u>Other Named Defendant Pharmacies</u>:
      i. Costco Wholesale Corporation

   d. <u>Additional Pharmacies/Dispensers With Presence in Jurisdiction</u>:
      i. Shop Rite Pharmacy/Shoprite
      ii. The Great Atlantic & Pacific
      iii. North Country Pharmacy, Inc.
      iv. Stop & Shop Supermarket
      v. Weis Pharmacy
      vi. Baker's Pharmacy Inc.
      vii. The Medicine Shoppe
      viii. Family Drug Shops
      ix. Andover Apothecary

5. *Durham County, North Carolina v. AmerisourceBergen Drug Corporation et al.*, MDL Case No. 1:19-op-45346.

   a. <u>Defendants</u>: Actavis LLC; Actavis Pharma, Inc.; Allergan PLC; AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; Cephalon, Inc.; <span style="color:red">CVS Health Corporation; Eckerd Corporation (Rite Aid)</span>; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Janssen Pharmaceutica, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; KVK Tech, Inc.; Mallinckrodt PLC; Mallinckrodt LLC; McKesson Corporation; Mylan Pharmaceuticals Inc.; Noramco Inc.; North Carolina Mutual Wholesale Drug Company, Inc.; Nucare Pharmaceuticals; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Par Pharmaceutical Companies, Inc.; Par

---

[8] The *Sussex County, N.J.* complaint does not currently name Walmart as a defendant, but Walmart operates pharmacies within the jurisdiction, as shown in the market share data.

6

        Pharmaceutical Inc.; Pd-Rx Pharmaceuticals Inc.; Purdue Frederick Company, Inc.; Purdue Pharma Inc.; Purdue Pharma L.P.; Sandoz, Inc.; SpecGx, LLC; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Walgreens Boots Alliance, Inc.; Walmart, Inc.; Watson Laboratories Inc.; Watson Pharmaceuticals, Inc.

  b. <u>Pharmacy Defendants Estimated Market Share</u>:
     i. CVS: 13%
     ii. Rite Aid: 7%
     iii. Walgreens: 12%
     iv. Walmart: 3%

  c. <u>Additional Pharmacies/Dispensers With Presence in Jurisdiction</u>:
     i. Department of Veterans Affairs, VAMC
     ii. Duke University Hospital

These proposed cases are representative of cases pending in the MDL and satisfy the parameters identified in the Court's order, so the Court should select them if it is to add new bellwethers over Pharmacy Defendants' objections. These cases do not duplicate existing state and federal cases, because they arise in jurisdictions where the Pharmacy Defendants are not actively litigating. No Pharmacy Defendant is actively litigating in Georgia, Minnesota, New Jersey, or North Carolina, so those cases would inject diversity of both geography and state law, as well as federal circuits; and only Walgreens is currently engaged in active litigation in Michigan.

Pharmacy Defendants proposed *Big Stone County, Minnesota*, to the PEC as representative of a significant number of cases in which political subdivisions have sued Pharmacy Defendants in search of monetary recoveries even though Pharmacy Defendants do no business in their jurisdiction at all or have, at most, *de minimis* market share.[9] To the extent the PEC might object that Pharmacy Defendants have zero or *de minimis* market share in any given case, that is a product of the PEC's own making. Certain pharmacies have previously highlighted this widespread defect,

---

[9] In fact, two of the five cases selected by the PEC name Pharmacy Defendants who have no market share in the jurisdiction according to ARCOS data. Moreover, Rite Aid has never had any stores or done any business in Florida, New Mexico, or Texas.

and in fact the Court modified the case management order to give Plaintiffs time to amend their complaints to "not only add, *but also remove* defendants based on Plaintiffs' analysis of the ARCOS data." ECF Doc. No. 1429 at 2 (emphasis added).  If the PEC does not want a *de minimis* case to be selected as a bellwether, then all such cases should be dismissed with prejudice.  After all, streamlining the number of cases pending against Pharmacy Defendants would surely mark progress toward a global resolution.  But if the PEC refuses to dismiss these cases—apparently on their still-unsupported theory that controlled substances "migrated" from Pharmacy Defendants' businesses into counties where the Pharmacy Defendants have no pharmacies—then Pharmacy Defendants are entitled to test that "migration" theory.

Plaintiffs themselves have now vividly illustrated Pharmacy Defendants' point.  On March 30, 2021, after learning of Pharmacy Defendants' proposal and without providing any notice to Pharmacy Defendants, Plaintiffs in *Big Stone County* filed a notice of voluntary dismissal removing Pharmacy Defendants from the case.  *Big Stone Cty., Minnesota v. Teva Pharmaceuticals USA, Inc. et al.*, Case No. 1:20-op-45102, ECF Doc. No. 7 (N.D. Ohio Mar. 30, 2021).  Plaintiffs stated that their voluntary dismissal was "without prejudice," *id*.—apparently wishing to leave open the possibility of re-adding Pharmacy Defendants once the case is passed over as a bellwether.  To ameliorate this risk of even more gamesmanship by the PEC, the Court should order Plaintiffs to dismiss Pharmacy Defendants from the case *with prejudice*, and also direct the PEC to promptly file notices of dismissal in all other cases that it does not actually intend to pursue.

Given the dismissal of *Big Stone County*, Pharmacy Defendants now propose that the Court select *Pembina County, North Dakota v. Purdue Pharma L.P., et al.*, MDL Case No. 1:19-op-

45674, as a representative bellwether in which Pharmacy Defendants can test the PEC's apparent "migration" theory.

*Pembina County, North Dakota v. Purdue Pharma L.P., et al.*, MDL Case No. 1:19-op-45674:

    a. <u>Defendants</u>: Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Allergan Finance LLC f/k/a Actavis Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan PLC f/k/a Actavis PLC; AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; Cephalon, Inc.; Covidien PLC; CVS Health; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Knoll Pharmaceutical Company; Mallinckrodt Brand Pharmaceuticals, Inc.; Mallinckrodt PLC; Mallinckrodt LLC; McKesson Corporation; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Purdue Pharma Inc.; Purdue Pharma L.P.; Quest Pharmaceuticals, Inc.; Rite Aid Corp.; SpecGx, LLC; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; The Kroger Co.; The Purdue Frederick Company, Inc.; Walgreens Boots Alliance, Inc. d/b/a Walgreen Company; Walmart Stores, Inc.; Watson Laboratories Inc.; AbbVie Inc.; Does 1-100.

    b. <u>Pharmacy Defendants Estimated Market Share</u>:
        i. CVS: 0%
        ii. Rite Aid: 0%
        iii. Walgreens: 0%
        iv. Walmart: 0%

    c. <u>Additional Pharmacies/Dispensers With Presence in Jurisdiction</u>:
        i. Thrifty White
        ii. Ye Olde Medicine Shoppe
        iii. Walhalla Prescription Shop
        iv. Drayton Drug
        v. Pembina County Memorial Hospital

In contrast to Pharmacy Defendants' representative proposals, the PEC's selections would merely supply duplicative information that would not advance the Court's stated purposes. The PEC seems to have cherry-picked cases conveniently located in the backyard of plaintiffs' counsel, yielding cases in or near jurisdictions where opioid litigation is already active. Some if not all of the Pharmacy Defendants already are involved in active litigation in Florida, Kentucky, New

Mexico, Texas, and Ohio. In fact, trials against Pharmacy Defendants already are scheduled to occur by the end of 2022 in *three* of those jurisdictions—namely, the Track 3 trial in Ohio (October 2021) as well as cases set for trial in Florida (April 2022) and New Mexico (September 2022). *See* ECF Doc. No. 3664, at 9-10. On top of the fact that opioid litigation is active in Kentucky, moreover, the PEC's selection there—Boyd County—is just across the state line from both Ohio and West Virginia, and just miles from the Track 2 jurisdiction of Cabell County and City of Huntington, West Virginia. A bellwether there would therefore duplicate other cases in multiple respects.[10] As for the Texas case, it does not comply with the Court's order because it names only three of the four Pharmacy Defendants.

The Court has determined that additional bellwether trials are necessary to provide additional data for the purpose of advancing global settlement. Implicit in the Court's commentary is that it is the Pharmacy Defendants that need additional data. The Pharmacy Defendants disagree. If however, the Court is to proceed in this fashion over the Pharmacy Defendants' objections, the Court should select as bellwethers the cases that Pharmacy Defendants have identified.

Dated: March 31, 2021                     Respectfully submitted,

/s/   *Tara A. Fumerton*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

---

[10] In his March 30 email, Special Master Cohen asked Pharmacy Defendants to agree upon and identify the two least objectionable cases proposed by the PEC. Pharmacy Defendants were unable to reach consensus on this request.

*Attorneys for Walmart Inc.*

/s/ *Eric R. Delinsky* (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS Pharmacy, Inc., and Ohio CVS Stores, L.L.C.*

/s/ *Kelly A. Moore* (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Rite Aid Hdqtrs. Corp.*

/s/ *Kaspar Stoffelmayr* (consent)
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400

Fax: (312) 494-4440
E-mail: <u>kaspar.stoffelmayr@bartlit-beck.com</u>

*Attorney for Walgreens Boots Alliance, Inc.,
Walgreen Co., and Walgreen Eastern Co.*

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on March 31, 2021.

      /s/   *Tara A. Fumerton*
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*