UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **SPECIAL MASTER COHEN** |
| **THIS DOCUMENT RELATES TO:** *"All Cases"* | ) ) ) | |
| | ) ) ) | **ORDER REGARDING 30(b)(6) DEPOSITION DOCUMENTS** |

This Order documents a ruling the Special Master issued earlier via email, to resolve a dispute that arose on short notice.

The dispute that gave rise to the earlier email ruling was connected to an imminent 30(b)(6) deposition of a Defendant.[1] Plaintiffs asserted they were entitled to learn the identity of documents consulted by the 30(b)(6) deponent in preparation for the deposition. Defense counsel objected, asserting this would be invasion of work-product. The parties submitted arguments, including case law. The Special Master ruled as set forth below, and no party filed any objection. Accordingly, this ruling will apply to all MDL cases going forward.

The Special Master agrees with Plaintiffs that questioning counsel is entitled to learn the

---

[1] *See* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf.").

identity of documents consulted by a party's 30(b)(6) deponent in preparation for the deposition. (Of course, this is equally true whether the party is a Plaintiff or a Defendant). Numerous cases conclude "the balance favors disclosure of the documents selected by the company and provided to the corporate representative witnesses to prepare them for their depositions under FRCP 30(b)(6) on the specified topics." *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 402 (D. Or. 2017). *See also Nutramax Labs., Inc. v. Twin Labs. Inc.*, 183 F.R.D. 458, 472 (D. Md. 1998) ("Sharbaugh was a Rule 30(b)(6) designee, and therefore his testimony was not limited to facts personally known to him, but also to those reasonably available to the plaintiff. Fed. R. Civ. P. 30(b)(6). Because of this, the defendants had a heightened need to discover the factual basis for his testimony.") (ordering disclosure of "documents, some selected by him, and others by plaintiff's attorneys" in preparation for a 30(b)(6) deposition).

Having concluded a party is entitled to learn the identity of documents used to prepare an opposing party's 30(b)(6) deponent, the next issue is when those documents must be produced. To be sure, there are cases describing a procedure involving: (1) questioning of the 30(b)(6) witness on what documents s/he reviewed and relied upon, and (2) ***thereafter*** the production of those documents. But there are also cases which simply require production ***before*** the deposition, and for numerous reasons related to efficiency and fairness I conclude this approach is the better one. *See, e.g., In re Seroquel Prods. Liab. Litig.*, 2008 WL 591929 at *1 (M.D. Fla. Feb. 28, 2008) (affirming the Magistrate Judge's ruling, which agreed with Plaintiffs who "sought to compel AstraZeneca to identify and produce any documents reviewed by defense witnesses ***prior to their deposition***, unless such documents were individually privileged or protected as attorney work product.") (emphasis added).

2

Accordingly, all party 30(b)(6) deponents (whether for Plaintiffs or Defendants) must identify for opposing counsel the documents they reviewed in preparation for their deposition, unless those documents were created by counsel specifically for the deposition or they are otherwise protected by an independent privilege.[2] This identification must be completed by noon the day before the deposition. It may be achieved by simply providing Bates numbers, to the extent the documents have already been produced in discovery. If a "consulted document" was not already produced, then counsel must produce the actual document. Alternatively, counsel may produce hard copies of all of the consulted documents.

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** April 1, 2021

---

[2] By "independent privilege," I refer to documents that had previously been marked as privileged and included on a privilege log.