# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-md-2804 |
| *All Cases* | ) ) ) ) ) | Judge Dan Aaron Polster  ORDER |

Before the Court are Rite Aid's Objection to the Court's Order Regarding Additional Bellwethers, Doc. #: 3663, and the Pharmacy Defendants' Motion for Reconsideration of the same Order. Doc. #: 3664. For the reasons stated below, Rite Aid's Objection is OVERRULED and the Pharmacy Defendants' Motion for Reconsideration is DENIED. Although the Court denies the Motion for Reconsideration, it clarifies its Order as described below.

On March 10, 2021, the Court conducted a telephonic status conference with the Track Three parties. The Court announced it would choose five additional bellwether cases to be worked up for trial. On March 11, 2021, the Court formalized its announcement in a short order, Doc. #: 3649, which provided the following parameters for the parties to use to identify potential new bellwether cases. Each case:

(1) must include the four national pharmacies;

(2) may, but need not, include regional or local pharmacies (subject to discussion between the parties facilitated by Special Master Cohen); and

(3) should only have one cause of action (presumably public nuisance or RICO).

*See* Order at 1.

The Pharmacy Defendants correctly state the legal standard for reconsideration.

> A court may grant a motion for reconsideration if it "calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 642 (N.D. Ohio 2016) (internal quotation marks omitted). Reconsideration is warranted where, among other things, "there is . . . a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).[1]

Motion at 8. (sentence order reversed). The Pharmacy Defendants do not, however, identify any argument or controlling authority the Court overlooked or disregarded, any evidence or argument that could not previously have been submitted during the teleconference, or any manifest error of fact or law. Nor could they, because the Court did not make any legal or factual determinations in its Order. The Court merely directed the parties to provide it with information and set out a tentative litigation plan.[2]

In their motion, the Pharmacy Defendants assert the Court should reconsider its Order primarily because it "will impose a massive and unjustified additional litigation burden—particularly on the four Pharmacy Defendants in question, who already are running a gauntlet of opioid trials in state and federal courts across the country" and "cannot be squared with MDL guidance and established best practices." Motion at 8. In order to make these arguments, the Pharmacy Defendants assume many things that have not yet been decided or ordered, so their motion is at best premature. What the Pharmacy Defendants ask is for the Court to reconsider an order ***setting*** additional bellwether trials that has not yet issued; but even then, the Court disagrees with the merits of the request.

---

[1] *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).

[2] The Court has not yet decided the extent to which it will work-up these cases (e.g., whether they will be worked-up through fact or expert discovery or all the way through summary judgment motions).

The Sixth Circuit made clear that, in an MDL, "[i]n discretionary matters going to the phasing, timing, and coordination of the cases, the power of the MDL court is at its peak." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) (quoting In re Korean Air Lines Co., 642 F.3d 685, 700 (9th Cir. 2011)). Further, it is not uncommon for a case of this size and complexity to require many bellwether trials in order to refine and value a plaintiff's claims and a defendant's defenses.[3] *Cf., In re Welding Fume Prods. Liab. Litig.*, Case: 1:03-cv-17000-KMO, Doc. #: 2389-1 (N.D. Ohio Jun. 4, 2010) (summarizing results of nine bellwether trials in an MDL that was inarguably less complex);[4] *see also* Manual for Complex Litigation Fourth, § 22.315 (bellwether trials "should produce *a sufficient number* of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims.") (emphasis added). The Court stands by its conclusion that additional bellwether trials are necessary and will "enable the parties and the court to determine the nature and strength of the claims." MCL 4th § 22.315. However, the Court now clarifies that it does intend to include any and all regional or local pharmacy defendants that were named in each operative complaint of a bellwether case.[5]

In its separate objection, Rite Aid asserts it is not a national pharmacy chain because it "has stores in only 18 states, and at its largest operated in only 32 states." Objection at 1. While the Court understands that Rite Aid is not as large as the other "national" pharmacy chains, it is likely

---

[3] The Pharmacy Defendants imply that the proposed bellwether trials appear to be intended to penalize them for not settling. *See* Motion at 16-20. This overlooks the simpler explanation that the focus of the MDL has turned to them in the normal course. Several Distributor Defendants and at least one Manufacturer Defendant have announced a global settlement and other Manufacturer Defendants have declared bankruptcy. The Court's focus is, properly, on resolving all of the MDL cases. Setting bellwether trials is a conventional and important part of that process. *See* MCL 4th § 22.315.

[4] For comparison, even counting cases already remanded, each Pharmacy Defendant is currently in fewer than five federal cases.

[5] The Court notes, as it has several times, that a case asserting 10 or more claims with 20 or more defendants from all the various interconnected sectors of the pharmaceutical industry would be unworkable. The Court remains confident that tailoring additional bellwethers is the only way to reach meaningful verdicts.

too large to be classified as only a regional pharmacy chain. And in any event, as stated above, regional and local pharmacies will be included in the additional bellwether trials. Therefore, although the Court overrules Rite Aid's objection—and will continue, primarily out of convenience, to refer to Rite Aid as a national chain—the Court will take Rite Aid's relative size into account in selecting bellwether trials that comport with the Court's stated purpose: "to provide a sufficient and representative number of verdicts, along with Track Three and any state cases that are tried, to provide a basis for global settlement." Order at 1.

Accordingly, the Pharmacy Defendants' Motion is **DENIED** and Rite Aid's separate Objection is **OVERRULED**.

       **IT IS SO ORDERED.**

                                        /s/ Dan Aaron Polster  April 5, 2021
                                        **DAN AARON POLSTER**
                                        **UNITED STATES DISTRICT JUDGE**