# EXHIBIT B



Paul B. Hynes, Jr.
PARTNER
Zuckerman Spaeder LLP
phynes@zuckerman.com
+1.202.778.1890

January 18, 2021

**VIA E-MAIL**

Special Master David R. Cohen
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
David@SpecialMaster.Law

Re: <u>MDL 2804 - CVS's Opposition to Motion to Compel on Metrics and Staffing</u>

Dear Special Master Cohen:

We write on behalf of CVS in response to Plaintiffs' motion to compel CVS on performance metrics and staffing discovery. The main dispute between CVS and Plaintiffs concerns the geographic scope to be applied to pharmacy-specific documents related to metrics and staffing (*i.e.*, "Category Two" documents). There is no dispute over documents related to policies and procedures (*i.e.*, "Category One" documents), which CVS already has agreed to produce on a nationwide basis.

After months of negotiations, CVS and Plaintiffs reached a compromise on metrics and staffing search terms to be run against three specific custodians requested by Plaintiffs. Then Plaintiffs upended the deal by requesting that CVS produce responsive Category Two documents on a nationwide basis. Plaintiffs' request runs counter to prior rulings that limited the geographic scope of Category Two documents to the Plaintiff jurisdictions or, in some instances, to Ohio. No exception to these rulings is warranted here. CVS should be required to produce Category Two documents related to metrics and staffing only for the Track Three jurisdictions.

Plaintiffs' motion also concerns another request made after agreement on search terms had been reached—that the terms be run against a fourth custodian. From the start of the parties' negotiations, Plaintiffs requested that the terms be run against only three specific custodians, and CVS negotiated on that basis. Nevertheless, because the addition of the fourth custodian (a district leader for CVS's Track Three pharmacies) is consistent with the applicable geographic scope for Category Two documents, CVS will agree to add the custodian.

Plaintiffs' motion on the remaining issue—geographic scope—should be denied.

### I. Metrics and Staffing Discovery Should Be Subject to the Same Geographic Scope Limitations as Other Discovery in the MDL.

Throughout this MDL, defendants have been required to produce documents related to policies and procedures on a nationwide basis ("Category One" documents) and documents that are pharmacy, prescriber, or transaction-specific on a limited geographic basis ("Category Two" documents). ***No defendant has been required to produce Category Two documents on a nationwide basis.***

In Track One-A, the Special Master limited Category Two discovery to the Track One jurisdictions. Discovery Ruling No. 3 (Dkt. No. 726) at 4. In Track One-B, the Court ordered Pharmacy Defendants to produce dispensing data on a nationwide basis, but that order was struck down by the Sixth Circuit. *In re CVS Pharmacy*, No. 02-3075, Dkt. 42-2 at 3 (6th Cir. Feb. 12, 2020). Earlier in Track Three, Plaintiffs asked the Special Master to expand the geographic scope of certain Category Two discovery to Ohio. The Special Master ruled that the majority of the Category Two discovery at issue should be limited to the Track Three jurisdictions—including, notably, documents related to the conduct of pharmacies, pharmacists, and prescribers (Requests for Production Nos. 16-18, 20). Order Regarding Geographic Scope of Discovery (Dkt. No. 3371) at 7-12.[1] The Special Master subsequently ruled that, with one small exception, the geographic scope of "due diligence" documents for opioid orders placed with Pharmacy Defendants' distribution centers also should be limited to the Track Three jurisdictions. Second Order Regarding Geographic Scope of Discovery (Dkt. No. 3410).[2]

Under the foregoing precedent, Category Two documents related to metrics and staffing for particular pharmacies should be produced only for the Track Three jurisdictions. Discovery on metrics and staffing should not be broader than core discovery on the distribution and dispensing of opioids—which, again, largely has been limited to the Track Three jurisdictions.

---

[1]  Plaintiffs note that the "scope of metrics and staffing discovery requests was not limited" in this order. Mot. at 2. That is because the applicable requests (RFPs Nos. 27-29) were not addressed in the order. Plaintiffs did not ask the Special Master to rule on the geographic scope of those requests.

[2]  The exception was due diligence documents related to suspicious order reports ("SORs") filed with DEA. The Special Master required those due diligence documents to be produced on a statewide basis. But the Court modified the Special Master's ruling to require statewide production only for those due diligence documents that are appended to SORs or maintained in a central location. Order (Dkt. No. 3437) at 2-3.

CVS strongly objects to the relevance of metrics and staffing discovery.[3] Plaintiffs' claims are not about the staffing or working conditions at CVS pharmacies—far from it. Their claims are about whether CVS pharmacists improperly filled opioid prescriptions. If metrics and staffing issues were "[c]entral to the claims against CVS" as Plaintiffs contend (Mot. at 1), then Plaintiffs would not have waited more than six months into discovery to bring this issue to the Special Master's attention and would not have agreed to withdraw the sole staffing topic from their Rule 30(b)(6) notice to CVS. In addition, the media reports cited by Plaintiffs are not about the dispensing of opioids or pharmacists' exercise of corresponding responsibility. Those reports concern other, non-opioid medications.

The operations at CVS's non-Track Three pharmacies also are not relevant. ***CVS has nearly 10,000 pharmacies across the United States. These cases are about only the 15 pharmacies in Track Three.*** Plaintiffs contend that there "is no geographic limitation to the impact on pharmacists' performance caused by working conditions." Mot. at 2. Not true—working conditions are inherently pharmacy-specific. Each pharmacy is different, from the personnel it employs to the patients it serves. The volume of prescriptions filled by a pharmacy can vary significantly—some fill several thousand prescriptions per week while others fill several hundred per week.

Plaintiffs argue that a "national scope of discovery is appropriate" because they "allege CVS's national policies and practices caused harm in their communities." Mot. at 5. But Plaintiffs make the same allegation concerning CVS's dispensing practices. It has not resulted in Category Two discovery related to those practices on a nationwide basis. Plaintiffs also contend that "CVS metrics and staffing programs are national." Mot. at 2. But CVS policies, procedures, programs, and systems related to the dispensing of opioids also are national. Plaintiffs did not obtain Category Two discovery related to those matters on a nationwide basis—that discovery was limited to the Track Three jurisdictions.

Plaintiffs suggest that metrics and/or staffing complaints from pharmacists in other jurisdictions could be used in an attempt to convince the jury that CVS pharmacists in the Track Three jurisdictions had similar complaints. Mot. at 2-3. That would be improper. Complaints from pharmacists in other jurisdictions cannot be imputed to pharmacists in the Track Three jurisdictions. If CVS's Track Three pharmacists did not complain about metrics or staffing, then it does not matter that a CVS pharmacist in California did. Plaintiffs' claims are about whether CVS pharmacists *in the Track Three jurisdictions* filled opioid prescriptions that should not have been filled. Even assuming Plaintiffs' theory that working conditions may impact a pharmacist's ability to identify improper opioid prescriptions, the question would be whether the working

---

[3] CVS negotiated a compromise on search terms in an effort to avoid further discovery disputes with Plaintiffs. CVS preserves, and does not waive, its objections to this discovery.

7597861.1

conditions *in the Track Three jurisdictions* impacted pharmacists' ability to identify improper opioid prescriptions. Working conditions for pharmacists in other jurisdictions simply are not relevant.

Plaintiffs contend that production of Category Two documents on a nationwide basis would be less burdensome. Mot. at 1. They are wrong. Production of Category Two documents on a nationwide basis—which, again, has never been required in this MDL—would not decrease the number of documents that CVS has to review. CVS still would have to review all documents that hit on the search terms for responsiveness and privilege, and expanding the geographic scope of the production would increase the number of documents that have to go through second-level and privilege review.[4] Moreover, it is possible that CVS would need to search for and produce other documents, not captured by the negotiated search terms, to defend against allegations that Plaintiffs make about pharmacies in other jurisdictions. It also is possible that CVS would need to identify and then call at trial additional witnesses—including pharmacists from other jurisdictions—to rebut Plaintiffs' allegations about those other jurisdictions. Thus, contrary to Plaintiffs' assertions, nationwide production of Category Two documents related to metrics and staffing would be more burdensome and would further complicate an already truncated trial.

Consistent with the precedent established in this litigation, Category Two documents related to metrics and staffing should be produced only for the Track Three jurisdictions. Plaintiffs' request that such documents be produced on a nationwide basis should be denied.

## II. CVS Will Add the Fourth Custodian.

CVS agreed to a compromise on the metrics and staffing search terms based on Plaintiffs' agreement that the search terms would be run against only three specific custodians requested by Plaintiffs. A fourth custodian was not part of the parties' discussions. However, because the fourth custodian (a district leader for CVS's Track Three pharmacies) is consistent with the applicable geographic scope for Category Two, pharmacy-specific discovery, CVS will agree to add the custodian.

---

[4] As recent experience with Plaintiffs' document productions has shown, merely producing documents that hit on search terms without responsiveness or privilege review results in claw-backs and additional disputes between the parties.

7597861.1

SPECIAL MASTER DAVID R. COHEN
JANUARY 18, 2021
PAGE 5

\*\*\*

       For the foregoing reasons, Plaintiffs' motion to compel nationwide production of Category Two documents related to performance metrics and staffing should be denied.

       Respectfully submitted,

       */s/ Paul B. Hynes, Jr.*

       Paul B. Hynes, Jr.