```
 1              IN THE DISTRICT COURT OF THE UNITED STATES
                 FOR THE NORTHERN DISTRICT OF OHIO
 2                        EASTERN DIVISION

 3
       IN RE:                         Case No. 1:17MD2804
 4     NATIONAL PRESCRIPTION          Cleveland, Ohio
       OPIATE LITIGATION
 5                                    April 7, 2021
                                      12:03 p.m.
 6

 7

 8                           - - - - -

 9

10         TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS

11            BEFORE THE HONORABLE DAN A. POLSTER,

12                UNITED STATES DISTRICT JUDGE.

13

14                           - - - - -

15

16

17

18

19   Official Court Reporter: Susan Trischan,RMR,CRR,FCRR,CRC
                              7-189 U.S. Court House
20                            801 West Superior Avenue
                              Cleveland, Ohio  44113
21                            216-357-7087
                              Susan_Trischan@ohnd.uscourts.gov
22

23

24

25
```

```
 1    APPEARANCES:
 2
      For the Plaintiffs:      Peter H. Weinberger, Esq.
 3                             Hunter J. Shkolnik, Esq.
                               Steven J. Skikos, Esq.
 4                             Troy Rafferty, Esq.
                               W. Mark Lanier, Esq.
 5                             Paul Farrell, Esq.
                               Salvatore C. Badala, Esq.
 6                             Joseph Rice, Esq.
                               Jayne Conroy, Esq.
 7

 8

 9
      For Walgreen Defendants: Kaspar J. Stoffelmayr, Esq.
10                             Kate Swift, Esq.

11
      For CVS Defendants:      Eric R. Delinsky, Esq.
12                             Sasha Miller, Esq.
                               Graeme Bush, Esq.
13
      For HBC/Giant Eagle
14    Defendants:              Robert M. Barnes, Esq.
                               Josh Kobrin, Esq.
15                             Scott D. Livingston, Esq.

16
      For Rite Aid Defendants: Kelly A. Moore, Esq.
17                             John Lavelle, Esq.

18

19    For Walmart Defendants:  John Majoras, Esq.
                               Tina M. Tabacchi, Esq.
20                             Tara Fumerton, Esq.

21

22
      ALSO PRESENT:            Special Master David Cohen
23

24
      Proceedings recorded by mechanical stenography;
25    transcript produced by computer-aided transcription.
```

|  |  |
|---|---|
| 1 | <u>WEDNESDAY, APRIL 7, 2021, 12:03 P.M.</u> |
| 2 | THE COURT: All right. Dan Polster calling |
| 3 | in. |
| 4 | We're all set? |
| 12:03:43 5 | THE CLERK: We are all set, Judge. |
| 6 | I've made sure that your team is on and Sue |
| 7 | Trischan is on, and I've gone through the list. I'll |
| 8 | e-mail it to you when you're done to save you time. |
| 9 | THE COURT: Okay. Thanks. |
| 12:03:53 10 | All right. Well, good afternoon, everyone. |
| 11 | This is our monthly Track Three status |
| 12 | call. I hope everyone had a good holiday. |
| 13 | There are a number of things I want to |
| 14 | cover. |
| 12:04:07 15 | First, in the -- in the course of |
| 16 | identifying the potential cases for the five Bellwethers, |
| 17 | I learned for the first time that there are a number of |
| 18 | cases in the MDL including pharmacies when they have a |
| 19 | zero percent market share, and I thought that, you know, |
| 12:04:32 20 | I had issued prior orders to clean up the docket to take |
| 21 | care of this. |
| 22 | It obviously hasn't happened. |
| 23 | I planned to raise this independent of the |
| 24 | defendants' motion, so I guess I'd like to hear from the |
| 12:04:48 25 | plaintiffs why do we still have all these cases pending |

1       against pharmacies when they have zero market share in
2       jurisdictions?
3                   MR. RICE:  This is Joe.
4                   THE COURT:  Joe, you're breaking up.  I
12:05:14 5      can't hear you.
6                   MR. RICE:  There are firms that we got
7       information from, and most of the information we got back
8       was related to the -- basically, the blue highway
9       migration of pill, those kind of theories.
12:05:31 10                 Frankly, when that mediation ended, that
11      investigation ended.
12                  We do think it's an appropriate thing for
13      us to try to pick back up.  Rite Aid's given us the
14      information that allows us to contact the law firms.
12:05:48 15                 We'd like to talk with Rite Aid about
16      getting some type of affidavit or document about the
17      states they were in and when they were there, so that we
18      can attach that to a letter that we would send out to law
19      firms telling them that the Court's made this inquiry,
12:06:07 20     and see what explanations we get or maybe what success we
21      have in resolving the issue.
22                  If not, it may be a situation where the
23      Court has to consider some type of a show cause process.
24                  THE COURT:  Well, I can do that.
25                  MR. RICE:  As to the pharmacies, it appears

1 to be --

2 THE COURT: I can do that, Joe, but it
3 isn't just Rite Aid.

4 MR. RICE: -- a much smaller volume, but we
5 don't have the information to know who to reach out to.

6 So if they would give us additional
7 information that allows us to contact the counsel, then
8 we're certainly prepared to look into that for them as
9 well.

10 THE COURT: Well, it goes beyond Rite Aid,
11 Joe, because there was one case which the defendants
12 designated and the national pharmacies all had zero and
13 then the plaintiffs dismissed that case, and then the
14 defendants put another one like that on their list where
15 they are all zero, so it isn't just Rite Aid.

16 There are apparently cases in this MDL
17 where none of the -- none of the national pharmacies have
18 any market share and they are still named, so I --

19 MR. RICE: We do not know who the counsel
20 are for the -- Rite Aid gave us the counsel list in their
21 chart. The other defendants have just given us case
22 numbers. So we just need to work with them to get the
23 data that they know to identify the counsel for the case
24 so we can reach out.

25 We understand it's all defendants; it's not

|  |  |
|---|---|
| 1 | just Rite Aid. |
| 2 | THE COURT: Well, I want it -- I want to |
| 3 | right now get a process to quickly get, get this cleaned |
| 4 | up, and if I have to do it by show cause order, I'll do |
| 12:07:51 5 | it, but that's cumbersome and expensive. |
| 6 | So I'm going to direct that counsel work |
| 7 | together. Apparently defendants all know these cases |
| 8 | where they have zero market share. Identify those for |
| 9 | the plaintiff, and I -- and in my view it shouldn't just |
| 12:08:16 10 | be dismissal without prejudice. If the defendants have |
| 11 | no market share, they shouldn't be in the case, period. |
| 12 | If they've got no pharmacies, no jury's |
| 13 | going to find them responsible under RICO or public |
| 14 | nuisance if they have no pharmacies in the jurisdiction. |
| 12:08:32 15 | So it's April, April the 7th. I'm going to |
| 16 | direct that this be done by the end of the month, or else |
| 17 | if it's not, I'm going to have to just issue a show cause |
| 18 | order and make each one of these lawyers come into court |
| 19 | and say why their case should be maintained against these |
| 12:08:55 20 | pharmacies. |
| 21 | So I'm going to just direct by noon on |
| 22 | Friday, April 30th, that this be done and that the |
| 23 | parties, you know, submit some report. |
| 24 | MR. RICE: Judge, we're certainly going to |
| 12:09:12 25 | start on it. |

|  |  |
|---|---|
| 1 | Part of the timing is when we get the data |
| 2 | from the defendants as to who the counsel is, where the |
| 3 | case is filed. |
| 4 | We can start on the Rite Aid immediately |
| 12:09:32  5 | because they gave us that. |
| 6 | THE REPORTER:  I'm sorry, who was that just |
| 7 | talking? |
| 8 | MR. RICE:  I'm sorry. |
| 9 | Joe Rice. |
| 12:09:34 10 | THE COURT:  All right.  Well, Rite Aid is |
| 11 | in only about 18 states. |
| 12 | So I want to make sure -- good point -- so |
| 13 | Sue can get the names, when someone speaks, they should |
| 14 | identify themselves. |
| 12:09:44 15 | So far it's just been me and Joe Rice. |
| 16 | Okay.  So I want the defendants to promptly |
| 17 | submit to the PEC the case names and who the plaintiffs' |
| 18 | lawyers are. |
| 19 | And then the PEC is going to go back and |
| 12:10:03 20 | contact these lawyers and, you know, I guess I'll want |
| 21 | some sort of a report by April 30th as to how this is |
| 22 | going. |
| 23 | And if it's not going anywhere, I'm going |
| 24 | to have to issue a bunch of show cause orders, but I'd |
| 12:10:20 25 | rather not do that. |

| | |
|---|---|
| 1 | Okay. |
| 2 | MR. RICE: And, Judge, to follow that, I'm |
| 3 | not certain they gave us the Court for all of the cases, |
| 4 | but if they did, then most times -- some of these, I |
| 12:10:33  5 | don't know if these are all federal-filed cases or some |
| 6 | of them are state-filed cases. |
| 7 | So we need that as well. |
| 8 | THE COURT: All right. Well, the |
| 9 | state-filed cases -- well, you know, I don't have control |
| 12:10:43 10 | over them, but we might as well get those cleaned up as |
| 11 | well. |
| 12 | MR. RICE: We'll include the State Court |
| 13 | filings. |
| 14 | THE COURT: So we'll just do that. |
| 12:10:53 15 | All right. So selection of the five cases, |
| 16 | you know, my plan was to take, you know, at least two |
| 17 | from the plaintiffs and two from the defendants and then |
| 18 | figure out some, some way to get the fifth because that |
| 19 | seemed to be the fairest. |
| 12:11:10 20 | And that was Special Master Cohen's idea to |
| 21 | ask each side which -- I guess which were the two cases |
| 22 | they disliked the least, and I want five, and I could use |
| 23 | that for four. |
| 24 | The plaintiffs did that, and they |
| 12:11:31 25 | identified which of the two defendants' cases they |

1  disliked the least, so I'm going to pick those.  And that
2  was Cobb County, Georgia and Durham County, North
3  Carolina.
4        And in picking these cases, I mean, one of
5  the things I'm trying to do is get as many different
6  circuits as possible.
7        And, you know, I want to clarify something:
8  You know, in the pharmacies' motion to reconsider, there
9  was a suggestion that I was somehow punishing them or
10 penalizing them because they didn't want to settle these
11 cases now.
12        And I'm not doing that at all.  It's, you
13 know, each pharmacy has the right to decide when or if
14 they ever wish to engage in settlement discussions, but
15 in the meantime I'm electing to provide a meaningful
16 number of opportunities for the plaintiffs to test their
17 theories and facts supporting liability, and the
18 pharmacies to test their defenses.
19        And if the pharmacies win all these trials,
20 presumably the plaintiffs will give up.  If not, these
21 verdicts should both serve to give both sides sufficient
22 data to engage in meaningful settlement discussions, and
23 they will also give a number of Courts of Appeal the
24 opportunity to address the important legal issues that
25 these cases raise under the Controlled Substances Act.

1             So that's why I'm trying to get cases that
2   involve many different circuit courts, so if need be,
3   they can all weigh in on these legal issues.
4             So obviously Cobb County is the Eleventh
5   Circuit; Durham County, North Carolina is the Fourth.  So
6   then I need three other cases.
7             And then I thought I would -- I would take
8   from the plaintiffs' list Santa Fe, New Mexico, that gets
9   the Tenth Circuit, and Tarrant, I think it's Tarrant
10  County, Texas which gets the Fifth Circuit.
11            Now, you know, and there are a couple of
12  these, one or two of these cases that Rite Aid is not in.
13  Well, that's okay.  Rite Aid, you know, is only in 18
14  states so you wouldn't expect them to be in all of the
15  Bellwethers, so that isn't a problem.
16            That leaves a fifth case.  And I have been
17  thinking that if either side identified a case in the
18  Southern District of Ohio, I would strongly consider that
19  case because that may be the least expensive to work up
20  because, of course, all dispensing data for the State of
21  Ohio has already been produced in Track Three.  So if we
22  have another Ohio case, it's all there.
23            The plaintiffs suggested Montgomery County,
24  Ohio, so I think I'm going to take that for the fifth
25  case.

|  |  |
|---|---|
| 1 | So that gives us -- that gives us the five. |
| 2 | Now, I'm going to ask the parties to |
| 3 | generate litigating schedules, and some of these cases |
| 4 | involve where the plaintiffs in those cases have named |
| 5 | pharmacies beyond the, you know, the four national chains |
| 6 | plus Rite Aid, beyond what I'll call the Big Five.  And |
| 7 | that's okay.  Those pharmacies are in.  I think Kroger's |
| 8 | are in some and Albert sons may be in others, one or two |
| 9 | others. |
| 10 | So it's up to the lawyers if they want to |
| 11 | keep those pharmacies in the case or not; if they want to |
| 12 | dismiss them, settle, whatever.  But obviously when |
| 13 | you're generating litigating schedules, if those |
| 14 | pharmacies are in, you're going to have to involve |
| 15 | lawyers for those to work them up. |
| 16 | And I would think that the schedules for |
| 17 | four, the non-Ohio cases, should be the same.  It may be |
| 18 | it seems to me you can have a shorter period of discovery |
| 19 | for the Montgomery, Ohio case because, candidly, there |
| 20 | shouldn't be much more discovery the plaintiffs need from |
| 21 | the defendants.  The defendants, of course, will need |
| 22 | county-specific discovery from the plaintiffs. |
| 23 | And, you know, build in dispositive |
| 24 | motions, summary judgment and *Daubert*. |
| 25 | I -- my plan is to keep these cases, at |

1 least through discovery. I think it's more efficient
2 that way. I will discuss with Judge Caldwell, who shares
3 the JPML, her preference on whether I keep the cases all
4 the way through dispositive motions.
5 I know that my five colleagues around the
6 country would prefer that. It's a lot more work for me,
7 but I'll, you know, I'll see what Judge Caldwell says.
8 Now, of course, I need to give the
9 defendants the opportunity to file whatever motions to
10 dismiss they want to file on these five Bellwethers, but
11 I want to work out a process to streamline these.
12 We don't need to waste time and money
13 filing the same -- the same grounds that were filed in
14 Track Three. We should be able to work out a stipulation
15 that any, any arguments on motions to dismiss the
16 pharmacies made in Track Three, presumably they would
17 make in all five of these Bellwethers. And those
18 arguments would be preserved because the Court -- the
19 defendants -- the plaintiffs, I'm sorry, would make the
20 same responses and the Court would make the same ruling.
21 So I'm going to ask the parties to, you
22 know, generate a stipulation for that.
23 Obviously the defendants are free to make
24 any new arguments on motions to dismiss that they want,
25 and I'll entertain those after they're fully briefed.

1    And again, if the plaintiffs -- if the
2    plaintiffs choose to dismiss or settle or whatever with
3    the pharmacies that have been named in these cases
4    outside of the main five, that's up to them.  Otherwise,
12:18:11  5    they're -- they're in there.
6            And I have strongly suggested that for
7    these five cases that plaintiffs elect one theory of
8    liability, RICO or public nuisance, but not both.  And I
9    think that's still my directive.  I think the idea is to
12:18:29 10    make these as straightforward as possible.
11            So what do you think is a reasonable time
12    frame for producing the litigating schedule?  Obviously
13    if the parties disagree, you can point out where you
14    disagree and I'll set it, but hopefully you can agree.
12:18:59 15            MR. RICE:  Judge, this is Joe again.
16            I think we'd like to have a few days to
17    talk with the local counsel on each of these cases and
18    the clients in the cases, and then to get some feel for
19    the timing, explaining to them what will be involved, and
12:19:18 20    then we should be able to talk the first of the week with
21    the defendants.
22            THE COURT:  Well, I was going to give at
23    least two weeks for that, two to three weeks.
24            Does that, you know -- I was thinking,
12:19:32 25    like, two weeks or maybe three weeks to do this.

1               I want to give enough time so you try and
2     work things out.  And if you can't, then you each
3     propose -- you know, point out where you disagree and
4     then I'll obviously pick it.  You know, we have -- my
5     recollection is that Track Three, there were a couple
6     differences, but largely you agreed.
7               So I mean, two weeks would be April 21st.
8     Three weeks, April 28th.  I -- you know, given that there
9     are a lot of individual counsel, you know, how is three
10    weeks, April 28th?  Does that seem reasonable for all
11    sides?
12              MR. STOFFELMAYR:  Judge, it's Kaspar
13    Stoffelmayr for defendants.
14              Yeah, I think three weeks is probably
15    better than two weeks if we need to involve some
16    additional parties and lawyers on our side as well, and
17    these are the kinds of issues that I think we typically
18    had pretty good success working with Special Master Cohen
19    on.
20              We haven't agreed on everything, but we've
21    been able to narrow areas of disagreement pretty
22    successfully so what the Court has to decide is, you
23    know, contained.
24              THE COURT:  Okay.  All right.  Well, that's
25    fine, Kaspar.  I appreciate that.  And that's been the

|  |  |
|---|---|
| 1 | practice in the past. |
| 2 | There were a couple areas where there were |
| 3 | a couple months' difference, and I think I ended up |
| 4 | splitting them is what I did, largely. |
| 12:21:01 5 | So why don't we just say by noon on April |
| 6 | the 28th, why don't you -- you know, hopefully you can |
| 7 | file your proposed schedules and where you disagree, |
| 8 | point out where you disagree. And again, it strikes me |
| 9 | that the Southern District of Ohio case, you may need |
| 12:21:24 10 | less time for discovery. |
| 11 | So but, you know, you can discuss that. |
| 12 | And obviously work with Special Master |
| 13 | Cohen, if that will help. |
| 14 | I will be issuing my ruling soon, hopefully |
| 12:21:48 15 | this week, on the two objections to Special Master |
| 16 | Cohen's discovery order. That's fully briefed, and I |
| 17 | will get out a ruling shortly. |
| 18 | I think that's the only item pending in |
| 19 | Track Three. So I'll get that out shortly. |
| 12:22:12 20 | And I think that was all I had on my list, |
| 21 | other than set next month's conference. And I'm |
| 22 | proposing -- I know we've been generally doing these on |
| 23 | Wednesday. |
| 24 | The first Wednesday of the month would be |
| 12:22:33 25 | May the 5th. I am going to be in trial that day so it's |

1  not a good day for me to do it, so I'm proposing 1:00
2  o'clock on Friday, May the 7th.
3              After this May, we'll probably go back to
4  Wednesdays, but unless I'm in trial.
5              So how is Friday, May the 7th at 1:00
6  o'clock?  And then if we do that, we'd have a joint
7  status report noon on Thursday, the 6th.
8              MR. FARRELL:  Thank you, Judge.  Judge,
9  this is Paul Farrell.
10              I start a trial on May 3rd so I may have to
11  beg leave to miss the next status conference.
12              THE COURT:  Yeah, that's fine.
13              I mean, you know, if people are in trial,
14  they're in trial.  I know that case is set to go that
15  week and I expect -- is the Judge going all days or just
16  some days?
17              MR. FARRELL:  My understanding is we go
18  Monday through Thursday and then half days on Fridays.
19              THE COURT:  Okay. All right.  If you're in
20  trial, that's fine.  Anyone in trial, you don't need my
21  permission to be excused.  That's pretty obvious.
22              All right.  So I know that that case is
23  going forward, and I guess the New York case is set to go
24  forward in June if that Judge gets permission to try his
25  case, June 8th, or whenever -- whenever he gets

1    permission.

2    I know Judge Garguilo has been very eager

3    to start that trial.

4    MS. CONROY: Jayne Conroy.

12:24:26  5    That's correct, Your Honor.

6    THE COURT: And a number of pharmacies are

7    in that.

8    All right. I think that was -- that was

9    everything I wanted to cover.

12:24:34 10    Does anyone else have anything they want to

11    bring up?

12    MR. STOFFELMAYR: Judge, it's Kaspar.

13    Not from our end.

14    Thank you.

12:24:51 15    MR. WEINBERGER: Nothing further. Nothing

16    further.

17    Pete Weinberger.

18    THE COURT: All right. And again, the

19    Court is always available to assist in any settlement

12:25:01 20    discussions, if both sides want me to do it.

21    So everyone knows how to reach me. But I'm

22    not going to, you know, I'm not going to push it. It's

23    up to -- up to each side when and if there's a resolution

24    in the discussions with the Big Three distributors and

12:25:23 25    Johnson & Johnson, and when and if. And if there is,

1    people will see what structure those four defendants are

2    using with the plaintiffs, and so people will see it and

3    they can look at it.

4              Until that happens, obviously no one can

5    see any structure or know any details.  It's all

6    confidential.  So that's just the reality.

7              All right.  Stay safe, everyone.

8              Everyone who hasn't gotten their vaccine,

9    it's my strong recommendation you do.  I think it's a

10   public service announcement, but in my view we are all

11   safer the more people who get vaccinated, so I'm using my

12   bully pulpit to encourage that.

13             Okay.  Thanks, everyone.

14             And I'll talk to you next month.

15             (Proceedings concluded at 12:26 p.m.)

16                        - - - -

17                    C E R T I F I C A T E

18             I certify that the foregoing is a correct
     transcript from the record of proceedings in the
19   above-entitled matter.

20

21   **/s/Susan Trischan**
     /S/ Susan Trischan, Official Court Reporter
22   Certified Realtime Reporter

23   7-189 U.S. Court House
     801 West Superior Avenue
24   Cleveland, Ohio 44113
     (216) 357-7087
25