# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track Three Cases[1]* | MDL NO. 2804<br><br>Civ. No. 1:17-md-02804-DAP<br><br>HON. JUDGE DAN A. POLSTER |

## REPLY IN SUPPORT OF
## WALMART INC.'S OBJECTION TO SPECIAL MASTER COHEN'S ORDER ON AGENDA ITEM 304 REGARDING GEOGRAPHIC SCOPE (DOC. 3655)

In their response to Walmart's Objection to Special Master Cohen's Order on Agenda Item 304 Regarding Geographic Scope (the "Objection"), Plaintiffs implicitly concede nearly every point Walmart raised in its Objection.  For example, they tacitly concede that the Special Master's Ruling departed from the established "Category 1" and "Category 2" discovery framework Special Master Cohen had long enforced in this case.  *See* Plfs' Resp. (Doc. 3684) at 9-11. And Plaintiffs do not and cannot dispute that allowing Plaintiffs to successfully relitigate issues that have already been decided will exponentially and unnecessarily increase the workload of the parties and the Court.  Instead, they attempt to distract from these points by arguing that any burden on Walmart as a result of the Special Master's sudden course change is "self-created" because Walmart could have voluntarily chosen not to follow his prior rulings in the first place.  *See id.* at 11.  The error in that argument is self-evident.

---

[1] The Track Three Cases are: *County of Lake, Ohio v. Purdue Pharma, et al*., Case No. 18-op-45032 and *County of Trumbull, Ohio v. Purdue Pharma, et al*., Case No. 18-op-45079.

More substantively, Plaintiffs admit that Walmart has already produced to them localized documents from more than 20 states—including each and every one of the documents mentioned in their response brief. *Id.* at 7 n.1. They forcefully argue that the documents they already possess show some sort of undefined corporate knowledge. *Id.* at 5-8. But they cannot and do not explain why more of the same type of discovery is helpful, let alone likely to be admitted at trial despite the Court's clear ruling that such documents will generally not be permitted. They certainly do not explain how their need for the discovery they seek is remotely proportionate to the effort required to re-review and produce 14 Home Office custodians' data. Indeed, as Plaintiffs' response makes clear, should the Court uphold the Special Master's ruling, Plaintiffs have every intention of using any additional discovery they receive to launch distracting side shows at trial. The protracted arguments about relevance and nexus that would surely follow would make trial unwieldy for the parties and the Court, and unnecessarily burdensome on the jury.

If anything, then, Plaintiffs' response gives the Court more reason to overturn the Ruling than to sustain it. But Walmart separately submits this reply to correct certain factual errors in Plaintiffs' response.

*First,* Plaintiff claims without citation that because "Walmart has already collected and reviewed the documents from [the 14 Home Office] custodians," "any additional burden [on Walmart from complying with the Ruling] is minimal[.]" Plfs' Resp. at 1. There is a reason that assertion is unsupported. It is false. As even the Special Master acknowledged, complying with the Ruling will require Walmart to essentially re-review each custodians' documents for both responsiveness and privilege. In other words, Walmart will be functionally starting over with respect to those custodians' data. That is burdensome on its face, particularly when the additional

2

work is only necessary because Walmart followed then-governing orders when doing the work the first time.

*Second,* the Plaintiffs invite the Court to ignore the needs of Track 3 specifically and order discovery under the guise of the efficiency of the MDL as a whole.  That invitation, of course, is directly contrary to the Sixth Circuit's explicit instructions on that point. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 846 (6th Cir. 2020) ("[W]hether discovery is 'proportional to the needs of the case' under Rule 26(b)(1) must—per the terms of the Rule—be based on the court's determination of the needs *of the particular case in which the discovery is ordered*.")

*Third,* Plaintiffs make much of the fact that Walmart produced approximately 650 documents after the close of discovery.  Plfs' Resp. at 4, 13.  Plaintiffs neglect to inform the Court that nearly all of those documents were produced as a result of recent meet and confer discussions with Plaintiffs (e.g., privilege downgrades in light of recent Special Master Cohen rulings or responses to Plaintiffs' Omnibus List of Additional Requests, served in late January).  Such productions indicate only that Walmart continues to cooperate in good faith with Plaintiffs.  They say precisely nothing about the propriety of Walmart's Objection to the Ruling.

The Court should sustain Walmart's Objection to Special Master Cohen's Ruling.

Dated:  April 8, 2021          Respectfully submitted,

/s/   *Tara A. Fumerton*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's

ECF system to all counsel of record on April 8, 2021.


/s/   *Tara A. Fumerton*
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*