UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) *All Cases* ) ) ) ) | MDL 2804 Case No. 1:17-md-2804 Judge Dan Aaron Polster **ORDER** |

Before the Court are CVS's (Doc. #: 3659) and Walmart's (Doc. #: 3661) Objections to the Special Master's Order Regarding Various Discovery Issues (Doc. #: 3655). Plaintiffs' filed Opposition Responses to both objections. Doc. ##: 3678 (CVS); 3684 (Walmart). Walmart filed a Reply in support of its objection. Doc. #: 3686. For the reasons described below, both objections are OVERRULED and the Special Master's Discovery Order is AFFIRMED.

Early in this MDL, in order to manage the geographic scope of discovery, the Special Master used Federal Rule of Civil Procedure 26(b)(1)'s proportionality analysis to define two broad categories of discovery. *See* Discovery Ruling No. 2 (Doc. ##: 693). The scope of discovery was geographically limited based on the category into which the requested discovery was classified. Those Categories were: Category 1, which focused on documents related to "primarily *centralized* and over-arching [subjects], applying broadly to [Defendants'] opioid products," and were ordered to be produced nationally. *Id.* at 4 (emphasis added).[1] And Category 2, which included "documents related to *decentralized*, customer-specific materials, such as sales call notes

---

[1] More specifically, but not exclusively, Category 1 included "documents related to marketing and promotion, brand planning and strategy, sales training and sales bulletins, prescriber educational materials, distribution monitoring, advocacy groups, speakers bureau programs, continuing medical education, diversion, suspicious order reports, adverse event reports, and regulatory activity." DR-2 at 4.

and transactional data," and were, generally, ordered to be produced only in Plaintiffs' counties.[2] *Id.* (emphasis added). The categories have been, and will continue to be, a useful tool for analyzing and resolving discovery disputes; but, as the Special Master points out, "not all types of discovery fall neatly into Category One or Two." Discovery Order at 4, 7. The documents that are the subject of the Special Master's Discovery Order are such documents.

Broadly speaking, CVS objects to producing documents that pertain to national staffing and performance metrics as applied to or by local pharmacies in non-Track Three counties. The national character of the performance metrics implicates Category 1, while the fact that the documents are specific to non-Track Three pharmacies implicates Category 2. Similarly, the documents to which Walmart objects relate to internal "Home Office" communications among various national-level executives in which they discuss potential problems at pharmacies in non-Track Three counties. The fact that these documents are contained in the custodial files of national-level employees implicates Category 1, while the subject of the documents pertains to non-Track Three pharmacies, also implicating Category 2. Thus, the documents touch both categories, but fall neatly into neither.

In a dispute such as this, where contested documents defy categorization under the Special Master's rubric, the Special Master wisely relied on, as he put it, "the animating principle undergirding the bright-line rules set out in *Discovery Ruling No. 2*." Discovery Order at 8. That is, of course, Federal Rule of Civil Procedure 26(b)(1). The dispute here is whether Track Three Plaintiffs are entitled, under Rule 26(b)(1) of the Federal Rules of Civil Procedure, to obtain documents that, although facially about non-Track Three pharmacies, nevertheless concern the

---

[2] This was not a hard and fast rule. Upon consideration of Fed. R. Civ. P. 26's balancing test, some documents were ordered produced state-wide. *See* Discovery Order at 4 (citing supporting orders). The question at issue here, however, is only whether documents need to be produced nationally or in the Track Three counties.

effectiveness of the Pharmacy Defendants' national policies—policies that necessarily affect pharmacies located within Track Three counties.

Under Rule 26, "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Both CVS's and Walmart's objections fall into three broad categories: relevance, proportionality, and reliance on past MDL-discovery precedent. Each category is discussed below.

Both Pharmacy Defendants argue that the discovery sought by Plaintiffs is not relevant because the requested documents are specific to pharmacies that are not located in Track Three counties. It is true that the pharmacies referred to in these documents are not in the Track Three counties. That fact alone, however, does not make those documents irrelevant. In fact, the Court concludes these documents are highly relevant.

Both CVS and Walmart had national policies. When any Pharmacy Defendant issues a national policy, it should expect feedback from its pharmacies about the effectiveness of that policy. That feedback could conceivably come from any of its pharmacies, anywhere in the country. It does not matter which pharmacy the feedback comes from. The feedback is necessarily national in scope because it implicates the effectiveness of the national policy. There is no reason to believe, for example, that feedback regarding CVS's national staffing and performance metrics is **only** relevant if it comes from Lake or Trumbull counties, rather than from anywhere else in the country. Anything that affects a national policy necessarily affects the Track Three pharmacies. Therefore, because these documents tend to show the effectiveness of the Pharmacy Defendants' national policies—an issue that is at the very heart of this litigation—they are highly relevant.

Walmart and CVS both argue that, even if the Court finds the documents relevant, it should not find their production proportional to the needs of Track Three because of the burden associated with retrieving, reviewing, and producing the documents. Federal Rule 26(b)(1) provides several factors a Court should consider when weighing the proportionality of discovery. The Pharmacy Defendants' objections focus primarily on the sixth factor: "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).[3]

The dispute at issue is whether the re-review of a relatively small number of custodial files is so burdensome that it outweighs the likely benefit of producing these documents.[4] Both CVS and Walmart assert that it does. The Court disagrees. Beyond the conclusory assertion itself, the Pharmacy Defendants provide little, if any, support for their assertion that the burden of this discovery will outweigh the benefit. The primary example of burden provided by CVS and Walmart is that an undisclosed number of documents will have to be re-reviewed for responsiveness and privilege. The Court finds that the Special Master correctly weighed the burden to CVS and Walmart against the likely benefit of the discovery, and agrees with the Special Master's analysis. The burden, as described by CVS and Walmart, does not outweigh the likely benefit to be gained from production of the ordered discovery.

Finally, Walmart and CVS assert that the Special Master's Discovery Order represents a "last-minute course-change" in MDL discovery order precedent that they "extensively litigated and relied upon for years." Walmart Objection at 1. These arguments, however, rely on the

---

[3] The Rule states the Court's proportionality analysis should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although the Court does not analyze these factors individually, each tend to favor production in this context, further strengthening the Court's conclusion.

[4] For reference, Plaintiffs seek discovery from only four custodial files in the case of CVS and fourteen in the case of Walmart.

Pharmacy Defendants' own classification of these documents as Category 2. But, as stated above—and by the Special Master in his Discovery Order—these documents defy classification. In the end, the Court does not believe that the Special Master's Discovery Order constitutes a departure from the Court's prior discovery orders. Instead, what this dispute represents is a special case where documents do not fit neatly into either category.[5]

CVS separately objects to the "drug scope" of the Special Master's Discovery Order. *See* CVS Objection at 4–5. The Court finds the Special Master's analysis well-reasoned and articulate and sees no reason to disturb it. In any event, CVS asserts that "no such metric exists at CVS," CVS Objection at 4, and so, presumably, the burden of producing such a metric will be essentially zero.

Finally, the Court notes that, at this point, there is no way to know who will be helped by the production of these documents. If, for example, there was very little negative feedback from CVS pharmacies nationwide, then that evidence will be very helpful to CVS at the Track Three trial. Conversely, if CVS was receiving lots of negative feedback from around the country, yet did nothing in response, that evidence would be very helpful to Plaintiffs. The same is true regarding the Walmart documents: if it turns out that there were very few complaints from pharmacists around the country, that will be very helpful to Walmart at trial in defending their corporate practices. On the other hand, should it turn out that there were a significant number of complaints from pharmacists around the country and Walmart did nothing, that evidence would strengthen Plaintiffs' case.

---

[5] The Pharmacy Defendants' classification is not without some merit. As Walmart points out, the documents contain some characteristics of other Category 2 documents. *See* Walmart Objection at 10-13. However, they also have some characteristics of Category 1. For example, when documents are retrievable from the custodial files of "primarily centralized" national-level employees, that should suggest that those documents also have at least some national relevance and, thus, implicate Category 1. *See* DR-2 at 4.

5

Accordingly, CVS's and Walmart's Objections to the Special Master's Order Regarding Various Discovery Issues are OVERRULED.

**IT IS SO ORDERED.**

  **/s/ Dan Aaron Polster  April 9, 2021**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**