# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: *"All Cases"* | ) ) ) | |
| | ) ) ) ) | DISCOVERY RULING NO. 14, PART 27 REGARDING PLAINTIFFS' CLAW-BACK DOCUMENTS |

**AGENDA ITEM 309**

During Track Three discovery, Plaintiff Lake County produced certain documents that made reference to an ongoing criminal investigation. Those documents were subsequently introduced by defendants during the depositions of Lake County employees Jeffrey B. Belle and Joseph M. Matteo. Several weeks after these depositions, Plaintiffs' counsel sought to claw back these documents on the ground of law enforcement privilege. Plaintiffs also sought to claw back certain previously-produced Trumbull County documents on the basis of attorney-client privilege and the attorney work-product doctrine. Thereafter, the parties engaged in a meet-and-confer process in an attempt to resolve the status of the documents.

The parties have been unable to reach agreement about the privilege or work-product status of the documents, or whether claw-back is appropriate. Plaintiffs submitted the disputed documents for *in camera* review. Both parties submitted letter briefs and supporting documents detailing their arguments. Walgreens argues that none of the documents are privileged, and that even if the Lake County privilege claims had merit, Plaintiffs waived those privilege claims by

waiting two months after introducing them at deposition to claw them back.[1] Walgreens asks the Special Master to order Plaintiffs to re-produce the Lake County documents with the criminal defendant's name redacted. In response, Plaintiffs insist the documents are all privileged and deny they have waived their privilege claims. Plaintiffs further deny that Walgreens has demonstrated it needs any of the documents.[2] Having considered these submissions carefully, the Special Master now rules as follows.

**The Lake County Documents**.

LAKE004148565 (Matteo Exhibit 15) is an email chain among Lake County employees; it makes two glancing references to an ongoing criminal investigation of a suspect whom the Special Master will refer to as "S." Walgreens marked Matteo Exhibit 15 at Matteo's deposition on November 16, 2020, unredacted and without objection from Plaintiffs. At that time, the criminal investigation of "S" was underway and had been reported in the media,[3] though counsel for Plaintiffs claimed to be unaware of the investigation.[4]

LAKE000108944 (Belle Exhibit 13) is a police report from the Lake County Sheriff's Office. Walgreens marked Belle Exhibit 13 at Belle's deposition on November 30, 2020, again unredacted and without objection. Evidently, by this time counsel for Plaintiffs were aware of the ongoing criminal investigation of "S."[5] Plaintiffs sought to claw back both documents over two months later, on January 19, 2021.[6]

---

[1] *See* Walgreens' letter from Sharon Desh to Special Master at 1-3 (March 25, 2021).
[2] *See* Plaintiffs' letter from Hunter Shkolnik to Special Master (April 2, 2021).
[3] *See* Walgreens' letter at 1.
[4] *See* Plaintiffs' letter at 3.
[5] *See* Walgreens' letter at 3 (citing 11/30/20 letter from Shkolnik to Desh, referring to the matter as an "open investigation").
[6] *See* Plaintiffs' letter at 3, 4.

With little argument and no citation to case law, Plaintiffs rely on the existence of the ongoing criminal investigation of "S" as the basis for their invocation of the law enforcement privilege. The undersigned has repeatedly instructed the parties that assertions of privilege will be construed narrowly and that the burden of establishing privilege rests with the proponent of the privilege claim.[7] Plaintiffs have failed to carry that burden. The Special Master remains wary of ordering any document production that could hinder a criminal investigation; however, the references in Matteo Exhibit 15 to the criminal matter in question are so oblique that the redaction of the criminal defendant's name will sufficiently serve the purpose of the privilege, which is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Goodwin v. City of Cleveland*, 2016 WL 1588650 at *2 (N.D. Ohio April 20, 2016) (internal quotation marks and citation omitted).

The references to the ongoing criminal investigation in Belle Exhibit 13 are more substantial, but the result is the same. Although there may be a colorable argument for law enforcement privilege, Plaintiffs have not actually made that argument and, in any event, have waived privilege through delay.

Finally, the Special Master does not agree with Plaintiffs that Walgreens has failed to demonstrate any need for these documents. Plaintiffs must produce the Lake County documents with redactions as communicated off the record by the Special Master. The documents must, however, be marked "HIGHLY CONFIDENTIAL" and treated accordingly per Case Management Order No. 2: Protective Order (docket no. 441).

---

[7] *See, e.g.* Discovery Ruling No. 14-24 at 3 (docket no. 3665).

3

**The Trumbull County Documents.**

TRUM004848352 and TRUM004892727 are deposition transcripts transmitted as attachments to emails sent to Trumbull County First Assistant Prosecutor Christopher Becker by his attorney.[8]  Walgreens does not challenge the privilege claim as to the parent emails, but argues that "[d]eposition transcripts plainly are not attorney-client communications, regardless of who transmits them."[9]  Plaintiffs make no more than a half-hearted attempt to argue in support of their assertion of attorney-client privilege.  Plaintiffs have not sustained their burden with respect to TRUM004848352 and TRUM004892727; these privilege claims are overruled and Plaintiffs must re-produce the documents.

TRUM004848418 is an informational flowchart depicting the attorney disciplinary process in Ohio.  Like the other Trumbull County documents, this document was transmitted as an attachment to an email sent to Christopher Becker from his attorney.  Plaintiffs assert the attorney work-product doctrine supports non-production, arguing the "documents are clearly between an attorney and a client and include the attorney's advice to an active disciplinary action."[10]  Walgreens contends the factual information "does not become privileged because an attorney provides it to a client."[11]

The work-product doctrine allows an attorney to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories, and plan his strategy without undue and needless interference."  *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  The doctrine is set out in Fed. R. Civ. P. 26(b)(3)(A): "Ordinarily, a party may not discover

---

[8] The deposition in question, dated October 28, 2020, was of Mr. Becker in a matter unrelated to any MDL case.
[9] Walgreens' letter at 3.
[10] Plaintiffs' letter at 6.
[11] Walgreens' letter at 4.

documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)," but those materials may be discovered if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

The Special Master is satisfied that TRUM004848418 is attorney work-product and is not persuaded that Walgreens has substantial need for it.  Plaintiffs' designation of this document is sustained and Plaintiffs are entitled to claw it back.

**Objections.**

Any party choosing to object to any aspect of this Ruling must do so on or before April 23, 2021.

       **RESPECTFULLY SUBMITTED,**

                                         /s/ David R. Cohen
                                         **David R. Cohen**
                                         **Special Master**

**Dated: April 16, 2021**