# EXHIBIT B



Eric R. Delinsky
PARTNER
Zuckerman Spaeder LLP
edelinsky@zuckerman.com
202-778-1831

March 18, 2021

**VIA EMAIL**

Special Master David R. Cohen
24400 Chagrin Blvd.
Suite 300
Cleveland, OH  44122
Email:  David@SpecialMaster.Law

      Re:    *In Re: National Prescription Opiate Litigation*, Case No. 1:17-md-02804

Dear Special Master Cohen:

      I write on behalf of CVS and Walgreens in response to plaintiffs' March 14 letter regarding dispensing data produced in a state court case brought by the Florida Attorney General.  Plaintiffs contend that Discovery Ruling No. 22 ("DR 22") requires CVS and Walgreens to produce this data in the MDL.  Plaintiffs are incorrect.

      <u>First</u>, DR 22 expressly excludes "any discovery provided to a government entity that contains HIPAA-protected information."  Doc. 2712 at 2.  It therefore excludes dispensing data.  For each one of the many millions of prescription records produced in the Florida case, the data contains protected health information such as:

- The patient's full zip code—45 CFR §164.514(b)(2)(i)(B) ("All geographic subdivisions smaller than a State, including … zip code…");

- The date of the prescription, and the date it was filled—45 CFR § 164.514(b)(2)(i)(C) ("All elements of dates…"); and,

- The unique identifying number assigned to each prescription by each pharmacy—45 CFR § 164.514(b)(2)(i)(R) ("Any other unique identifying number…").

      Plaintiffs address none of these fields.  Instead, they suggest that HIPAA protection only extends to "name, street address, or Social Security number."  Ackerman March 14, 2021 Letter at 2.  This is flat wrong.  HIPAA regulations state expressly that "[a] covered entity may determine that health information is not individually identifiable health information *only if*" a much broader array of identifiers—including zip code, dates, and unique identifying numbers—"are removed." 45 CFR § 164.514(b)(2)(i) (emphasis added).  These identifiers therefore are protected equally by

HIPAA's plain terms—as well they should be when, as here, they are coupled with identification of a patient's age, doctor, drug therapy, and pharmacy. DR 22 does not apply.

Second, Judge Polster has addressed dispensing data separately, in an altogether different order in which he denied plaintiffs' motion to obtain dispensing data from outside of Ohio "untethered to the Track Three cases." Doc. 3341 at 3-5. Plaintiffs do not meet—indeed, they do not even try to meet—the requirements of this order. Noting the Sixth Circuit's decision to stay discovery of dispensing data outside of Ohio, and its subsequent holding that the proportionality of discovery must be measured based on the "needs of the particular case," Judge Polster's order outlined the "appropriate procedure" moving forward if plaintiffs sought additional dispensing data: plaintiffs were to propound formal requests for such data, the pharmacy defendants were to have the opportunity to object, and the Special Master and the Court would rule on those specific objections "within the context of Track Three, applying Rule 26's relevance and proportionality requirements." *Id.* at 4-5.

Plaintiffs, however, concede in their submission that they do not seek the data under this data order, but rather seek it exclusively under DR 22. Ackerman March 14, 2021 Letter at 3 ("this dispute presents *not* a CT3 proportionality question, but a DR-22 question…"). And for good reason. Plaintiffs have not initiated the procedure required by Judge Polster, and they cannot meet Rule 26's relevance and proportionality requirements. Plaintiffs never propounded a Track Three discovery request for data outside of Ohio.[1] Nor have they made any showing of the relevance and proportionality of Florida data to this Ohio case. Plaintiffs have not met the requirements of Judge Polster's order.[2]

We make two additional points in closing. First, the PEC never before has taken the position it takes today. Lead PEC lawyers—as lead counsel not only in the MDL, but simultaneously for the plaintiff-counties in the New York state court litigation—sought, negotiated and obtained dispensing data on behalf of the New York bellwether counties more than one year ago. Perhaps recognizing that such data contains HIPAA-protected information and is thus excluded from DR 22, they never even suggested that the New York dispensing data should be reproduced into the MDL. Second, plaintiffs attempt to blur the issues in arguing that Florida dispensing data should be produced because there is "virtually zero" burden in doing so. The question in this instance is not just litigation burden (which, as described above, is *not* virtually zero in Track Three, as it would entail *additional* late and burdensome discovery related to the

---

[1] Plaintiffs' request for production of dispensing data sought only Ohio data. *See* Plaintiffs (First) Combined Track Three Requests for Production [to] Chain Pharmacy Defendants at Request No. 10.

[2] If production of this data were required in Track Three, it would require significant additional discovery regarding the prescriptions in question—discovery in a state completely untethered to Track Three—after the Court's discovery deadline already has passed.

produced data), it is also privacy intrusion.  DR 22 plainly excludes from its scope protected health information that infringes on privacy interests.

      Plaintiffs never pursued Florida data under the order that addresses the procedure for seeking data outside of Ohio and now pursue it under a different order that excludes it from production.  Their request should be denied.

Very truly yours,

*/s/ Eric R. Delinsky*

Eric R. Delinsky
*Counsel for the CVS Defendants*