# EXHIBIT C

**MotleyRice**®
LLC
ATTORNEYS AT LAW
www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9ᵗʰ St. NW, Suite 1001
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**David I. Ackerman**
*Licensed in DC, NJ, NY*
direct: 202.849.4962
dackerman@motleyrice.com

March 21, 2021

**VIA EMAIL**

Special Master David Cohen
2400 Chagrin Boulevard, Suite 300
Cleveland, OH 44122
david@specialmaster.law

> Re:     *In re National Prescription Opioid Litigation*, Case No. 17-md-2804
>         Reply in Support of Dispute regarding Defendants' Production of Florida Dispensing Data

Dear Special Master Cohen,

We write on behalf of both Plaintiffs in CT3 and all MDL Plaintiffs in reply to CVS's and Walgreens' opposition to producing in the MDL pursuant to DR-22 Florida dispensing data they produced in state court litigation.

**1.    Discovery Ruling No. 22 Does Not Exclude Production of the Florida Dispensing Data.**

Defendants first argue that "DR 22 expressly excludes 'any discovery provided to a government entity that contains HIPAA-protected information.'" Defs' Letter at 1 (quoting Dkt. 2712 at 2). This argument misreads DR-22 and is a remarkable about-face from these Defendants' prior representations to this Court. As Defendants' own prior arguments confirm, the HIPAA exception upon which Defendants now rely applies only in the context of a government investigation, not litigation like the state-court case at issue. Regardless, the Florida dispensing data does not include HIPAA-protected information of the type that this Court intended to exclude.

**A.    Defendants' Prior Arguments Demonstrate that Discovery Ruling No. 22's HIPAA Exception Applies Only to Identified Material Produced in the Course of a Government Investigation.**

The Pharmacy Defendants' September 24, 2019 letter requesting modifications to DR-22 offered the exact opposite argument to the one they assert here. In that letter, the very same Defendants who now object to production made clear: "***The Retail Pharmacy Defendants do not object to producing documents relating to retail opioid sales or dispensing (collectively 'dispensing') that are produced in opioid cases similar to Track 2 (i.e. opioid cases filed by states or municipalities seeking damages and/or abatement)***." Exh. A attached hereto at 4 (emphasis added). Defendants' concern at that time was that the ruling would be applied to government investigations, not litigation, because "dispensing materials produced to the government as part of an investigation often include health information" pursuant to a HIPAA "exception for producing documents with protected health information to government entities. 45 C.F.R. 164.512(f)." *Id.*

Special Master David Cohen
March 21, 2021
Re: Reply in Support of Dispute regarding Defendants' Production of Florida Dispensing Data
Page 2

Consistent with the Pharmacy Defendants' arguments, the Court modified DR-22 to confirm that "Pharmacy Defendants are not obligated by DR-22 to produce in the MDL any discovery provided to a government entity that contains HIPAA-protected information." Dkt. 2172 at 2 (emphasis in original). The Court's use of the phrase "discovery provided to a government entity" should be read to refer only to material produced to a government entity in a government investigation. Indeed, the provision cited in Defendants' September 24, 2019 letter – 45 C.F.R. § 164.512(f) – authorizes disclosure of Protected Health Information "for a law enforcement purpose to a law enforcement official."

The Pharmacy Defendants' argument thus not only represents a misinterpretation of the amended language of Discovery Ruling No. 22, it is barred by judicial estoppel. Judicial estoppel exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *N.H. v. Maine*, 532 U.S. 742, 749-50 (2001) (internal quotations omitted). That is precisely what the Pharmacy Defendants have done here. In seeking the amendment to DR-22, the Pharmacy Defendants stated unequivocally that they did not object to producing dispensing data that had been produced in "opioid cases filed by states or municipalities seeking damages and/or abatement." Exh. A at 4 (emphasis added). Now, faced with the prospect of *actually producing the data*, Defendants raise objections.

These positions cannot be reconciled. The Court should both dismiss Pharmacy Defendants' newfound objections and clarify its earlier order to eliminate any ambiguity that Pharmacy Defendants have now seized by making clear that the DR-22 HIPAA exception refers to protected information produced in response to a government investigation, not litigation.

**B. The Florida Dispensing Data Does Not Contain Information Implicating the HIPAA Concerns Expressed in DR-22.**

Even if DR-22 did apply to material produced in opioid litigation brought by the State of Florida seeking abatement, both the Special Master and the Court largely rejected Defendants' arguments that the material cannot be produced pursuant to HIPAA.[1]

As noted in our original letter, the data fields largely mirror those this Court ordered produced with respect to Ohio dispensing data. Specifically, Defendants contend that three fields ordered produced by the Florida court are barred from production in this litigation by HIPAA:

- (1) "Date filled" (Fla. Data Field #3);
- (2) "Patient's zip code" (Fla. Data Field #10); and
- (3) "Prescription number" (Fla. Data Field # 35).

*See* Defs' Letter Brief at 1. The Special Master previously ordered production of the first two of these data fields[2], finding that the "end result" of their production "is that no person who obtains the data will learn what medications any identifiable individual has received." Dkt. 3106 at 2-3. The Court affirmed this ruling

---

[1] Defendants' letter relies on out-of-context quotations to misrepresent Plaintiffs' arguments. Contrary to Defendants' claims, Plaintiffs did not "suggest that HIPAA protection only extends to 'name, street address, or Social Security number.'" Defs' Letter at 1. Rather, Plaintiffs wrote: "The Florida court-ordered data fields do not include patient-identifying information *like* name, street address, or Social Security number." Pls' 3/14 letter at 2 (emphasis added). That Defendants must misrepresent Plaintiffs' arguments in order to support their own analysis is telling.

[2] *See* Discovery Ruling Regarding Pharmacy Data Production (Dkt. 3106) at Ex. A (Data Fields 3 ("Date Filled"), 10 ("Patient Zip Code"))

Special Master David Cohen
March 21, 2021
Re: Reply in Support of Dispute regarding Defendants' Production of Florida Dispensing Data
Page 3

over Defendants' objections. *See* Op. and Order (Dkt. 3170) at 3. Defendants raise no grounds for reconsideration of these rulings, nor do they point to any other fields in the Florida data that somehow render this Court's prior analysis inapplicable. The Special Master should thus re-apply its prior ruling and confirm that DR-22 production of the Florida litigation dispensing data, including Fields 3 and 10, is required.

As to Florida Data Field #35 ("Prescription Number"), a similar analysis applies. Knowledge of the prescription number alone–without any corresponding reference to the individual's name, address or other identifying information–does not provide sufficient information from which a person may be identified. Nor do Defendants explain why the HIPAA provisions in ¶¶ 70-77 of CMO-2 do not authorize production of this limited information.

Moreover, these same Defendants again are seeking more information from the bellwether Plaintiffs than they are willing to produce themselves. The day before Defendants provided their opposition to the Court, another lawyer from the same law firm requested that the Lake and Trumbull ADAMHS Boards supplement their productions of Substance Abuse Treatment claims data to include the date each prescription was paid. *See* emails at Exhibit B. It simply cannot be the case the inclusion of a prescription fill date entitles Defendants to withhold dispensing data, but Defendants are entitled to information regarding dates of service from Plaintiffs.

## 2.  Plaintiffs' Properly Requested Production Pursuant to Discovery Ruling No. 22.

Defendants' argument that pharmacy dispensing data falls outside of DR-22 altogether[3] likewise is incorrect and contrary to the Special Master's and the Court's prior rulings. Defendants contend that production of pharmacy dispensing data is governed *solely* by the Court's separate ruling on nationwide dispensing data in CT3.  *See id.* (citing Dkt. 3341 (6/17/20 Order)). That ruling, however, only addressed discovery in CT3 and even there merely found that the question of proportionality of nationwide dispensing data to the CT3 case was premature. *See* Dkt. 3341 at 4 ("Considering Plaintiffs' request for nationwide dispensing discovery *in the context of Track Three* is, at best premature.") (emphasis added). That ruling thus did not even decide the question of proportionality of nationwide dispensing data to CT3, let alone address the question of whether DR-22 required production of dispensing data ordered produced in other cases.

The DR-22 question presented here thus is controlled by the Special Master's and the Court's orders denying Defendants' request to vacate DR-22 as it applies to them. *See* Dkt. 3291 (*Nunc Pro Tunc* Order Regarding Requested Modifications to Discovery Ruling No. 22) at 4-5 ("Moreover, it is simply wrong to contend the *Repository Orders* fail to create efficiencies or avoid duplication, or that they require production of documents that do not have broad relevance to cases in the MDL."); Dkt. 3333 (Op. and Order) at 5 ("[T]he Court OVERRULES Pharmacy Defendants' objection to the Special Master's ruling declining to vacate DR 22."). Moreover, as the Court explained in rejecting Defendants' wholesale objection to DR-22, "the information that DR 22 requires Defendants to produce in the MDL is discovery that Defendants have already located, collected, filtered for privilege, and produced elsewhere.  The burden imposed by DR 22 is virtually zero." Dkt. 3333 at 3. Since Defendants, again, raise no grounds for reconsideration of these rulings, the Special Master should re-apply them here and rule that DR-22 production of the Florida litigation dispensing data is required.

To the extent that Defendants protest that producing dispensing data would somehow entail "additional late and burdensome discovery related to the produced data," this is a consequence of their own inaction. The

---

[3] *See* Defs' Letter Brief at 2 ("Judge Polster has addressed dispensing data separately . . . .")

Special Master David Cohen
March 21, 2021
Re: Reply in Support of Dispute regarding Defendants' Production of Florida Dispensing Data
Page 4

Florida Order was entered November 20, 2020. Defendants chose to ignore their obligations under DR-22 and did not produce the dispensing data into the MDL. Plaintiffs should not be deprived of this court-ordered, relevant information simply because Defendants did not comply with the Court's order. Such a ruling would only encourage these and other Defendants to ignore DR-22's clear mandates. Indeed, the Defendants' conduct here—withholding dispensing data despite their own prior acknowledgement that they had no objection to production of such data—is in and of itself concerning.

Finally, Pharmacy Defendants contend that "the PEC never before has taken the position it takes today." Defs' Letter at 2. This is not true. The PEC has repeatedly sought the Court's intervention where it has learned that Defendants have ignored their DR-22 obligations. The Pharmacy Defendants' reference to dispensing data produced in New York is a non-sequitur. Whether or not Plaintiffs sought DR-22 production from different litigation in another state has no bearing on Plaintiffs' right to demand the Florida dispensing data at issue here, which is uniquely relevant both in CT3 and throughout the MDL. *See, e.g.*, Lake County Suppl. and Amended Allegations (Dkt. 3294-1), ¶ 551 ("The route from Florida and Georgia to Kentucky, Ohio, and West Virginia was so well traveled that it became known as the Blue Highway, a reference to the color of the 30mg Roxicodone pills manufactured by Mallinckrodt.").

\*　　　　\*　　　　\*

DR-22 is a court order. Yet too many Defendants—like the Pharmacy Defendants here—produce materials only after the PEC learns of productions in other cases. Here, Defendants voiced no objection to producing information in 2019, but then silently withheld the information once they became obligated to produce it. The Court should not countenance such behavior.

Respectfully,

*/s/ David I. Ackerman*

David I. Ackerman

cc:　　　All counsel of record

# EXHIBIT A

# Morgan Lewis

**Kelly A. Moore**
Partner
+1.212.309.6612
kelly.moore@morganlewis.com

September 24, 2019

<u>VIA E-MAIL</u>

Special Master David R. Cohen
24400 Chagrin Blvd., Ste. 300
Cleveland, OH 44122
david@specialmaster.law

Re:    <u>Request for Reconsideration and Clarification of Discovery Ruling 22</u>

Dear Special Master Cohen:

We write on behalf of defendants[1] (the "Defendants") to request clarification of Discovery Ruling 22, issued on September 6, 2019 (Dkt. 2576) ("DR 22"). At the outset, we note that Defendants do not object to producing to Track 2 MDL Plaintiffs' Counsel ("Plaintiffs") materials they are producing in similar opioid litigations for damages and/or abatement filed by other municipalities or states. We write, however, to obtain clarification on certain other issues.

Plaintiffs' request resulting in DR 22 was for ongoing production of "discovery produced by Defendants in parallel state and other federal opioid proceedings." 7/19/19

---

[1] Moving defendants are AmerisourceBergen Drug Corp.; Allergan Finance, LLC f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.; Anda, Inc.; Cardinal Health, Inc.; CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS Tennessee Distribution, L.L.C., CVS Pharmacy, Inc., West Virginia CVS Pharmacy, L.L.C.; Discount Drug Mart, Inc.; Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; H.D. Smith, LLC d/b/a HD Smith, f/k/a H.D. Smith Wholesale Drug Co.; Henry Schein, Inc. and Henry Schein Medical Systems, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Mallinckrodt LLC, Mallinckrodt plc, and SpecGx LLC; McKesson Corporation; Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center; Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Walgreen Co. and Walgreen Eastern Co.; Walmart Inc. Mallinckrodt plc is an Irish company that is not subject to and contests personal jurisdiction. It is specially appearing to join this motion and does not waive and expressly preserves its personal jurisdiction challenge.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060
United States

**☎** +1.212.309.6000
**🖷** +1.212.309.6001

Letter from Skikos et al. at 1.  Defendants opposed Plaintiffs' request.  7/15/19 Letter from D. Rice; 7/24/19 Letter from A. Lucas.

DR 22, however, can be read to include far more than what Plaintiffs requested. For example, while Plaintiffs asked for "discovery" produced in other "opioid proceedings," DR 22 appears to require production of materials produced in pending government investigations.  Similarly, Plaintiffs asked for materials related to the "marketing" and "distribution" of opioids, but DR 22 requires production of materials related to "dispensing" of opioids.  Such "dispensing" material, by its very nature, often contains private Protected Healthcare Information that does not need to be redacted when produced to the government during an investigation but which cannot be provided to Plaintiffs under federal privacy laws.  Requiring production of that material may also implicate cases with minimal, if any, relevance to claims filed by Plaintiffs.[2]  Defendants do not believe DR 22 was intended to risk interference with law enforcement objectives and violations of individual privacy interests.

Accordingly, for the reasons set forth below, Defendants request that you clarify or reconsider certain aspects of DR 22 consistent with the proposed language set forth in the conclusion of this letter.

**A.    Government Investigations.**  As worded, DR 22 requires production of any testimony or documents provided as part of "government investigations," whether civil or criminal, whether in public litigation or in a confidential or cooperative posture, whether the subject of the investigation is the defendant or a third party, so long as the "investigation" has any relationship to marketing, sales, distribution, or dispensing of opioids.  That result would be contrary to public interest and in many instances is expressly prohibited by state or federal law.

It is well established, for example, that grand jury proceedings are secret – to protect the investigations themselves and the reputations of those who may be investigated and cleared of any wrongdoing.  *See, e.g., Matter of Grand Jury Proceedings, Special Sept., 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991) ("The courts long have recognized several distinct interests served by safeguarding the confidentiality of grand jury proceedings…. [P]erhaps most fundamentally, by preserving the secrecy of the proceedings, we assure that persons who are accused, but exonerated, by the grand jury will not be held up to public shame or ridicule.") (citing *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 221, 219 (1979)).[3]  In fact, the interest in grand jury secrecy is so well-established that courts do not have the authority to order grand jury information produced absent a particularized, three-factor showing that Plaintiffs have not even attempted to make here.  *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222 (1979) (setting forth test); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682-83

---

[2]  Plaintiffs' request that precipitated DR 22 did not seek production of dispensing materials and, accordingly, the Pharmacy Defendants did not have an opportunity to object to the inclusion of such language at that time.

[3]  Revealing grand jury information can result in criminal contempt or other criminal charges.  *See United States v. Jeter,* 775 F.2d 670, 679-682 (6th Cir. 1985) (affirming criminal conviction of man who obtained grand jury information from a court report and disseminated it to grand jury target).

(1958) (mere showing that disclosure of grand jury materials would be helpful to civil proceedings does not meet "particularized need" standard); *S.E.C. v. Oakford Corp.*, 141 F. Supp. 2d 435, 437 (S.D.N.Y. 2001) ("While . . . a witness is [generally] free to voluntarily disclose his testimony before a grand jury, he may not be compelled to do so by another person; and even a court may not overcome the presumption of grand jury secrecy absent a strong showing of necessity.").

Similarly, ongoing government civil investigations are afforded protections under the law and many states have statutes that expressly prohibit the disclosure of materials and testimony provided during the course of such investigations.  *See, e.g.*, NEW YORK EXEC. LAW § 63(8) (any investigating agent or witness "who shall disclose to any person … the name of any witness examined or any information obtained upon such inquiry … shall be guilty of a misdemeanor"); WASH. REV. CODE §19.86.110(7) ("No documentary material, answers to written interrogatories, or transcripts of oral testimony produced pursuant to a demand, or copies thereof, shall, unless otherwise ordered by a superior court for good cause shown, be produced for inspection or copying by, nor shall the contents thereof be disclosed to, other than an authorized employee of the attorney general, without the consent of the person who produced such material, answered written interrogatories, or gave oral testimony.").

But even when not expressly prohibited by statute, there are obvious public policy interests implicated by requiring disclosure of materials that could reveal the targets of civil investigations or potentially disrupt or interfere with such investigations.  *See, e.g.*, *John Doe Co. No. 1. v. CFPB*, 195 F. Supp. 3d 9, 21-24 (D.D.C. 2016) (disclosure of subjects of ongoing CFPB investigation risked "debilitating reputational and financial hardship" that outweighed public interest in disclosure and warranted pseudonymous treatment).  As noted by DOJ in its September 20 email, DR 22, as currently written, "would provide all parties in the MDL with a roadmap of the federal government's investigatory activities, both criminal and civil, including the government's targets, key witnesses, legal theories, and areas of inquiry.  By creating such a roadmap, the federal government's investigations may be significantly compromised."  9/20/19 e-mail from N. Waites to D. Cohen.

Defendants believe that the intended objectives of DR 22 are achieved by amending the order to include productions being made in similar opioid litigations for damages and/or abatement filed by other municipalities or states, without reference to "government investigations."

**B.  Lack of express relevance requirement.**  DR 22 is also overbroad because, unlike CMO-1, it does not include a requirement in the order that the production be "relevant to the claims in this MDL proceeding."  *See* CMO-1 at ¶ 9(k)(ii).  Read literally, it would encompass an array of cases that have minimal relevance to Track 2 claims.  For example, without any sort of relevance requirement, DR 22 encompasses patent cases, which have already been ruled outside the scope of CMO-1.  *See* Discovery Ruling 2.  It could also encompass third-party subpoena requests or cases that may involve, only in part, an opioid, but have little to no bearing on the type of claims being filed by the MDL plaintiffs.

**C.    Retail Sales and Dispensing.**  The Retail Pharmacy Defendants[4] do not object to producing documents relating to retail opioid sales or dispensing (collectively "dispensing") that are produced in opioid cases similar to Track 2 (*i.e.*, opioid cases filed by states or municipalities seeking damages and/or abatement).  The Retail Pharmacy Defendants do object, however, to applying DR 22 more broadly to encompass other litigation or government investigations involving dispensing of opioids for the same reasons stated above, as well as for two additional reasons unique to dispensing claims.

First, pharmacy dispensing material necessarily implicates individual patient non-party privacy interests.  While dispensing materials produced to the government as part of an investigation often include health information about the patients to whom the drugs were dispensed, HIPAA includes an exception for producing documents with protected health information to government entities.  45 C.F.R. 164.512(f).  There is no such exception for Plaintiffs or their lawyers and, indeed, the law expressly prohibits the disclosure of such information.  Defendants would be required to manually re-review every document provided to a government entity—and extensively redact many—to comply with federal privacy laws.  There is no good justification for requiring that kind of wholesale, line-by-line re-review of hundreds of thousands of documents—most of which will provide no useful, admissible evidence for Plaintiffs.

Second, while Plaintiffs have asserted "dispensing" claims in the Track 2 cases, it is not at all clear that such claims are viable or can survive a motion to dismiss under West Virginia law.  The West Virginia Medical Professional Liability Act provides that no plaintiff can file a medical professional liability action against a health care provider (such as a pharmacy) without first meeting certain pre-filing requirements, including serving a certificate of merit, which Plaintiffs failed to do.  *See* W. VA. CODE §§ 55-7B-6.  West Virginia law also immunizes pharmacies against liability for allegations relating to the "quality" of drugs dispensed, absent allegations that the pharmacy altered the drug from its original form.  *See* W. VA. CODE § 30-5-21(a).  We expect that the dispensing claims in the Track 2 cases will be the subject of extensive motion-to-dismiss briefing.  The legal uncertainty surrounding these claims further supports limiting DR 22 to dispensing productions made in similar opioid cases filed by states and municipalities.

*                              *                              *

For the reasons stated above, Defendants respectfully request that the order be clarified as set forth below:

> Defendants shall produce in discovery for Track 2 in the MDL copies of all sworn statements, testimony, video-taped testimony, written discovery responses, expert reports, and other documents and discovery that they produce in any Opioid Litigation.

---

[4] The Retail Pharmacy Defendants are CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS Tennessee Distribution, L.L.C., CVS Pharmacy, Inc., West Virginia CVS Pharmacy, L.L.C.; Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center; Walgreen Co. and Walgreen Eastern Co.; Walmart Inc.

Opioid Litigation shall mean a similar opioid litigation regarding the marketing, distribution or dispensing of Opioids seeking damages or abatement filed by municipalities or states.

The productions shall be made on an ongoing basis until the close of fact discovery for the Track 2 cases.  Defendants shall not produce any privileged materials, and instead shall produce privilege logs listing those materials, as has been the existing practice.  Geography limitations and product limitations shall be consistent with those set out in Discovery Orders 2 and 3 or any subsequent ruling issued concerning the appropriate geographic and temporal scope of discovery for Track 2.

This order shall supersede the language used in the September 6 version of Discovery Ruling 22.

Defendants also request that the Special Master issue an order extending the deadline to appeal DR 22, along with any ruling issued in response to this request, until two weeks after the ruling on this request is served.

Respectfully submitted,

Kelly A. Moore
*Counsel for Defendant Rite Aid of Maryland, Inc.*

Cc:
Plaintiffs' Counsel (mdl2804discovery@motleyrice.com);
Defendants' Counsel (xALLDEFENDANTS-MDL2804-Service@arnoldporter.com)

# EXHIBIT B

## Ackerman, David

---

| | |
|---|---|
| **From:** | Fotiades, Adam L. <AFotiades@zuckerman.com> |
| **Sent:** | Thursday, March 18, 2021 1:04 PM |
| **To:** | Ackerman, David; Leyimu, Temitope "Tope" |
| **Cc:** | Haileselassie, Jade; Kouba, Annie |
| **Subject:** | RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents |

**EXTERNAL**

We believe it is important to our analysis of the claims data to have date paid information in the same claim-by-claim format as the other fields you have provided, as it allows greater flexibility in analyzing the data than aggregated statistics.

---

**From:** Ackerman, David <dackerman@motleyrice.com>
**Sent:** Wednesday, March 17, 2021 5:36 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>; Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Cc:** Haileselassie, Jade <jhaileselassie@motleyrice.com>; Kouba, Annie <akouba@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**


Why do you need that on a claim-by-claim basis?

**David Ackerman** | Attorney at Law | Motley Rice LLC
401 9th St. NW, Suite 1001 | Washington, DC 20004 | dackerman@motleyrice.com
o. 202.849.4962 x5962 | c. 202.997.1217 | f. 202.386.9622

---

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Wednesday, March 17, 2021 5:06 PM
**To:** Ackerman, David <dackerman@motleyrice.com>; Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Cc:** Haileselassie, Jade <jhaileselassie@motleyrice.com>; Kouba, Annie <akouba@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**

David – The date paid field is relevant to determining the total amount the Board paid on  OUD-related claims during each calendar year.  Given the potential lag between when a service is performed and when the corresponding claim is paid, the service date may not reflect the actual year of payment.

---

**From:** Ackerman, David <dackerman@motleyrice.com>
**Sent:** Wednesday, March 17, 2021 4:20 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>; Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Cc:** Haileselassie, Jade <jhaileselassie@motleyrice.com>; Kouba, Annie <akouba@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**

Adam – what is the relevance of the date paid?

**David Ackerman** | Attorney at Law | Motley Rice LLC
401 9th St. NW, Suite 1001 | Washington, DC 20004 | dackerman@motleyrice.com
o. 202.849.4962 x5962 | c. 202.997.1217 | f. 202.386.9622

---

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Wednesday, March 17, 2021 4:14 PM
**To:** Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Cc:** Ackerman, David <dackerman@motleyrice.com>; Haileselassie, Jade <jhaileselassie@motleyrice.com>; Kouba, Annie <akouba@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**

Tope,

We received last week your production of Lake County ADAMHS Board claims data.  Thank you for producing that information.  In reviewing the data, we noticed that it contains two date fields, ServiceYear and SERVDATE, which we understand correspond with the year and date of the procedure or service for which a claim was paid.  In addition to those dates, Defendants are interested in information regarding the date each claim was actually paid or, alternatively, was approved for payment, as those dates often differ, and may even occur in a different year, from the date of service.  Can you please let me know whether the Board's claims data includes a date paid field or, if not, a date approved field?  If it does, Defendants ask that the Board supplement its claims data production with a date paid field or, in the event that field is not available, a date approved field.

Regards,
Adam

---

**From:** Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Sent:** Thursday, February 25, 2021 1:19 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Cc:** Ackerman, David <dackerman@motleyrice.com>; Haileselassie, Jade <jhaileselassie@motleyrice.com>; Kouba, Annie <akouba@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**

Adam- Thanks for that information.  it Is our understanding that the board will be able to provide fields that contain information re: demographic information,  payor of the claim, vendor/agency utilized, approved amount paid, diagnosis code and short description, service year/date rendered.

Thanks,

**Temitope "Tope" Leyimu** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9107 | f. 843.216.9450 | tleyimu@motleyrice.com

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Thursday, February 25, 2021 11:15 AM
**To:** Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Cc:** Ackerman, David <dackerman@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**

Tope,

Thank you for the update and for the additional production.  With respect to the de-identified claims data, are you able to identify the fields that the Board will be producing?

Separately, I wanted to confirm that you and Ms. Lakomiak have access to Veritext's remote deposition platform for tomorrow's deposition.  If you do not, please email opioid@veritext.com or call (216) 523-1313 to gain access.  Veritext also will be able to give you access to the electronic exhibit share.

Thanks,
Adam

---

**From:** Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Sent:** Thursday, February 25, 2021 8:55 AM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Cc:** Ackerman, David <dackerman@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**


Thanks Adam.

By way of update, supplementary documents for RFP Nos. 9, 12 and 13 were reflected in the production earlier this week; it is our understanding and belief that this  is extent of what the board possesses on those categories. As discussed, the Board queried their system for documents responsive to No. 16 ( re: communications with pharmacies) and found no other responsive documents outside of the ones already produced.  The Board has agreed to produced de-identified claims data in response to request No.4 and are currently in process of doing so, based on our conversations and the RFP.  If there is still a need to discuss further, we can discuss this afternoon between 1 and 3.


Thanks,

**Temitope "Tope" Leyimu** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9107 | f. 843.216.9450 | tleyimu@motleyrice.com

---

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Thursday, February 18, 2021 1:23 PM
**To:** Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>

**Cc:** Ackerman, David <dackerman@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

# EXTERNAL

Tope,

Attached please find a new subpoena for Ms. Fraser's deposition on March 8.

Also, are you able to provide an update regarding the items we discussed during our meet and confer on February 4?  In particular, we would like to know whether the ADAMHS Board will agree to produce de-identified claims data in response to RFP No. 4 of our subpoena.  If it will, I would like the opportunity to discuss specific data fields with you.  Please let me know.

Adam

---

**From:** Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Sent:** Wednesday, February 17, 2021 4:40 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Cc:** Ackerman, David <dackerman@motleyrice.com>
**Subject:** RE: EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**

Yes, that date works for all. Thanks Adam.

**Temitope "Tope" Leyimu** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9107 | f. 843.216.9450 | tleyimu@motleyrice.com

---

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Friday, February 12, 2021 12:27 PM
**To:** Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Cc:** Ackerman, David <dackerman@motleyrice.com>
**Subject:** EXTERNAL-RE: Kim Fraser Deposition & Update Re: Documents

# EXTERNAL

Tope,

We are available to depose Ms. Fraser on March 8.  Please confirm that date works for you and Ms. Fraser and we will send a revised subpoena.

Regards,
Adam

---

**From:** Leyimu, Temitope "Tope" <tleyimu@motleyrice.com>
**Sent:** Thursday, February 11, 2021 5:44 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>

4

**Cc:** Ackerman, David <dackerman@motleyrice.com>
**Subject:** Kim Fraser Deposition & Update Re: Documents

**EXTERNAL**


Adam ,

By way of update we are in communications with the LC ADAMHS board to identify and produce additional responsive information based on our discussions on the meet and confer last week. I believe we flagged that Kim Fraser's deposition date may need to be moved in light of scheduling and these requests for documents. She is available to be deposed on March 8th.  Does that date work for you? Please advise.

Thanks,

**Temitope "Tope" Leyimu** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9107 | f. 843.216.9450 | tleyimu@motleyrice.com


Confidential & Privileged


Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged


Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged


Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged


Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

**Ackerman, David**



**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Thursday, March 18, 2021 6:28:20 PM
**To:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** Frank Gallucci <FGallucci@pglawyer.com>; Joseph L. Ciaccio <JCiaccio@NapoliLaw.com>
**Subject:** RE: MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Sal,

The date paid field is relevant to determining what the Board paid on opioid-related claims during each calendar year.  Given the potential lag between when a service is performed and when the corresponding claim is paid, the service date may not reflect the actual year of payment.  The date paid will show when the Board actually incurred the expense.

Separately, you may have seen from my email correspondence with David Strup that the SACWIS data provided earlier this week did not cover the entire time period that Defendants requested.  I have followed up with him and am waiting to hear back.  In the meantime, it has been my assumption that the Counties would produce the SACWIS data with Trumbull and Lake Bates numbers once the complete data set is provided, as was done by Cuyahoga and Summit Counties in Track 1A.  If that is not how the Counties intend to proceed, though, please let me know.

**From:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Sent:** Thursday, March 18, 2021 6:03 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Cc:** Frank Gallucci <FGallucci@pglawyer.com>; Joseph L. Ciaccio <JCiaccio@NapoliLaw.com>
**Subject:** Re: MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Adam,

What is the relevance of the date paid?

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Wednesday, March 17, 2021 2:06 PM
**To:** Salvatore C. Badala
**Cc:** Frank Gallucci; Joseph L. Ciaccio
**Subject:** RE: MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Sal, Joe, and Frank,

I write regarding the Trumbull County Mental Health and Recovery Board claims data that was produced last month.  In reviewing the data, we noticed that it contains two date fields, ServiceYear and SERVDATE, which we understand correspond with the year and date of the procedure or service for which a claim was paid.  In addition to those dates, Defendants are interested in information regarding the date each claim was actually paid or, alternatively, was approved for payment, as those dates often differ, and may even occur in a different year, from the date of service.  Can you please let me know whether the Board's claims data includes a date paid field or, if not, a date approved field?  If it does, Defendants ask that the Board supplement its claims data production with a paid date field or, in the event that field is not available, a date approved field.

Regards,
Adam

---

**From:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Sent:** Friday, February 19, 2021 5:18 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Cc:** Frank Gallucci <FGallucci@pglawyer.com>; Joseph L. Ciaccio <JCiaccio@NapoliLaw.com>; dstrup@shumaker.com
**Subject:** RE: MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Adam,

We are looking into this and will be reaching out to you early next week with a follow up.

Also, the Trumbull MHRB claims data should be produced by mid next week.

Have a good weekend.

Thanks,
Sal

---

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Wednesday, February 17, 2021 6:29 PM
**To:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** Frank Gallucci <FGallucci@pglawyer.com>; Joseph L. Ciaccio <JCiaccio@NapoliLaw.com>; dstrup@shumaker.com
**Subject:** RE: MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Sal,

Thank you for the update.  I want to be sure I understand your position regarding our request for SACWIS data.  Are Plaintiffs claiming that they do not have possession, custody, or control over the requested SACWIS data and that Defendants should direct our inquiry to the State?  Or are you agreeing to produce the data we have requested if the State does not object to its production?  Cuyahoga and Summit Counties produced this data in CT1A, and we would expect Lake and Trumbull Counties to do the same.  Please let me know your position.

Best,
Adam

---

**From:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Sent:** Wednesday, February 17, 2021 3:56 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Cc:** Frank Gallucci <FGallucci@pglawyer.com>; Joseph L. Ciaccio <JCiaccio@NapoliLaw.com>; dstrup@shumaker.com
**Subject:** RE: MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Adam,

Thanks for speaking with us the other day.

As you probably saw from our production last night the MHAS documents you requested were produced. We are following up regarding the Trumbull MHRB claims data and will have an update for you soon.

As for your SACWIS inquiry, I am copying David Strup who is counsel for the Ohio Department of Jobs and Family Services since the data you requested is State data.

Thanks,
Sal

---

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Friday, February 12, 2021 4:27 PM
**To:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Subject:** RE: MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Sal,

Yes, Monday at 10 EST works for me.  I'm at (202) 778-1893.

Adam

---

**From:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Sent:** Friday, February 12, 2021 4:22 PM
**To:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Subject:** RE: MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Adam,

Can you discuss with me on Monday at 10:00am est?

---

**From:** Fotiades, Adam L. <AFotiades@zuckerman.com>
**Sent:** Tuesday, February 9, 2021 5:30 PM

**To:** Hunter Shkolnik <Hunter@NapoliLaw.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>; Joseph L. Ciaccio <JCiaccio@NapoliLaw.com>; Frank Gallucci <FGallucci@pglawyer.com>
**Cc:** mdl2804discovery@motleyrice.com; EXT-TRACK3DEFENDANTS@GROUPS.JONESDAY.COM
**Subject:** MDL CT3 - Plaintiffs' production deficiencies re certain data and documents

EXTERNAL

Counsel,

Please see the attached correspondence.

Regards,
Adam



**Adam L. Fotiades**
Zuckerman Spaeder LLP
AFotiades@zuckerman.com

1800 M STREET NW, SUITE 1000 •  WASHINGTON,  DC 20036-5807
202.778.1893 direct • 202.822.8106 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**Salvatore C. Badala**
Partner

NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

(212) 397-1000 Ext. 1045 | SBadala@NapoliLaw.com
400 Broadhollow Rd, Suite 305, Melville, NY 11747 | vCard

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

**Salvatore C. Badala**
Partner

NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

(212) 397-1000 Ext. 1045 | SBadala@NapoliLaw.com

4

400 Broadhollow Rd, Suite 305, Melville, NY 11747 | vCard

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

### Salvatore C. Badala
**Partner**



(212) 397-1000 Ext. 1045 | SBadala@NapoliLaw.com
400 Broadhollow Rd, Suite 305, Melville, NY 11747 | vCard

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

### Salvatore C. Badala
**Partner**



(212) 397-1000 Ext. 1045 | SBadala@NapoliLaw.com
400 Broadhollow Rd, Suite 305, Melville, NY 11747 | vCard

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

### Salvatore C. Badala
**Partner**



(212) 397-1000 Ext. 1045 | SBadala@NapoliLaw.com
400 Broadhollow Rd, Suite 305, Melville, NY 11747 | vCard

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the

sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.