# EXHIBIT D



Eric R. Delinsky
PARTNER
Zuckerman Spaeder LLP
edelinsky@zuckerman.com
202-778-1831

March 23, 2021

**VIA EMAIL**

Special Master David R. Cohen
24400 Chagrin Blvd.
Suite 300
Cleveland, OH  44122
Email:  David@SpecialMaster.Law

Re: *In Re: National Prescription Opiate Litigation*, Case No. 1:17-md-02804

Dear Special Master Cohen:

On behalf of CVS and Walgreens, we submit this letter in response to plaintiffs' March 21 reply letter regarding the applicability of DR 22 to dispensing data produced in a state-court suit by the Florida Attorney General.  We only address herein the new exhibits and new arguments raised in plaintiffs' reply submission.  Plaintiffs' new assertions are meritless, and their remaining points are refuted in our prior letter.

First, citing a letter from September 2019, plaintiffs suggest that Pharmacy Defendants agreed to produce pursuant to DR 22 dispensing data containing protected health information. This is incorrect.  The letter plaintiffs cite made clear that Pharmacy Defendants objected to DR 22 insofar as it would require them to produce to MDL plaintiffs dispensing material that contained protected health information.  *See* 9/24/19 Letter from K. Moore at 2 (stating that "'dispensing' material, by its very nature, often contains private Protected Healthcare information that does not need to be redacted when produced to the government during an investigation, *but which cannot be provided to Plaintiffs under federal privacy laws.*") (emphasis added), attached as Exhibit A to Plaintiffs' 3/21/21 Reply Letter; *see also id.* at 4 (stating that "pharmacy dispensing material necessarily implicates individual patient non-party privacy interests" and explaining that there is no "exception" under HIPAA that permits disclosure of such material to MDL plaintiffs).  As a result, DR 22 expressly carved out protected health information.[1]

---

[1] Plaintiffs rely on language from the September 2019 letter in which Pharmacy Defendants meant to convey that, while they objected to production of all materials produced in investigations, they were not categorically objecting to producing under DR 22 dispensing-related documents (*e.g.,* dispensing policies and procedures) produced to other opioid plaintiffs.  The letter plainly objects, however, to producing dispensing material insofar as it contains protected health information.

SPECIAL MASTER DAVID R. COHEN
MARCH 23, 2021
PAGE 2

      To the extent plaintiffs' complaint is that the 2019 letter did not address more specifically dispensing data produced in comparable opioid cases rather than in government investigations, that is because ***no such data productions had been made at the time***.  Indeed, the letter was sent during Track One-A, when there were no dispensing claims in the case, four months before the contours of dispensing-data productions even began to be set; more than five months before dispensing data was produced for the first time; and nearly one year before the Florida state court, over CVS's privacy objections, first ordered the production of Florida dispensing data.  Especially given that Pharmacy Defendants objected plainly in the 2019 letter to the production of protected health information, there is no basis to read the letter as an advance agreement by Pharmacy Defendants to produce protected health information that had not even been ordered or defined yet.  There was no such agreement.

      DR 22 expressly excludes protected health information, and the 2019 letter provides no basis to narrow that exclusion.  Whether protected health information is contained in an investigative or litigation production is irrelevant.  It is protected all the same, and it is not subject to production under DR 22.

      <u>Second</u>, citing a recent request in Track Three by Pharmacy Defendants of the ADAMHS Boards of Lake and Trumbull Counties, plaintiffs conflate case-specific discovery with DR 22 discovery.  That Pharmacy Defendants are seeking—pursuant to Rule 26 as applied in the specific context of Track Three—similar information from the ADAMHS Boards as was sought and obtained in Track Three from them does not remotely mean that protected health information is no longer protected or otherwise is subject to DR 22.  It most certainly does not mean that the production of protected health information is appropriate when, as in the case of the Florida dispensing data, the Rule 26 standard is *not* met, when Judge Polster's standard for production of data outside of Ohio is *not* met, and when the *only* asserted basis for production is DR 22, which itself excludes protected health information.

      Sincerely,

      */s/ Eric R. Delinsky*

      Eric R. Delinsky

7662229.1