UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Track Three Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

# GIANT EAGLE, RITE AID AND KROGER'S OBJECTION TO SPECIAL MASTER COHEN'S PROTECTIVE ORDER PERMITTING THE SHARING OF CONFIDENTIAL MDL NON-DISPENSING DATA DISCOVERY INFORMATION WITH THE ATTORNEYS GENERAL OF HAWAII, MICHIGAN AND MISSISSIPPI (DOC. 3666)

Giant Eagle, Inc. ("Giant Eagle"), Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., Rite Aid of Maryland, Inc. and Eckerd Corp. ("Rite Aid"), and The Kroger Co., Kroger Limited Partnership I and Kroger Limited Partnership II ("Kroger") (collectively, the "Defendants") object to the portion of Special Master Cohen's March 30, 2021 Protective Order (Doc. 3666) permitting the sharing of their Confidential and Highly Confidential MDL non-dispensing data discovery information (the "Confidential Discovery Information" or "CDI") with the Attorneys General of Hawaii, Michigan and Mississippi (the "Requesting AGs"). *See* EX A (Doc. 3666, the "Ruling"). The Ruling permits Plaintiffs to produce the CDI to the Requesting AGs ***even though Defendants are not parties to any litigation with the Requesting AGs.*** Indeed, Giant Eagle ***has never conducted business*** in the Requesting AGs' states, Rite Aid and Kroger have never conducted business in Hawaii, and Rite Aid does not currently conduct business in Mississippi.[1] Since this sharing is not permitted by Case Management Order No. 2: Protective Order (the "CMO") and

---

[1] For example, Giant Eagle's closest store to these three states is: Hawaii, approximately 4300 miles to Giant Eagle's Indianapolis, IN store; Mississippi, approximately 550 miles to Giant Eagle's Indianapolis, IN store; and Michigan, approximately 110 miles to Giant Eagle's Elyria, OH store. Kroger has stores in Michigan and Mississippi, and Rite Aid has stores in Michigan.

A1563514.1

there is no legitimate reason for the Requesting AGs to receive such confidential information the Protective Order should be reversed to the extent that it permits the sharing of Defendants' CDI with the Requesting AGs.

## I. INTRODUCTION AND BACKGROUND

The background of this matter is accurately summarized in Part I of the Ruling. For purposes of this Objection Defendants note only that the Special Master accurately stated that "none of three AGs have sued CVS, Rite Aid, Publix, Kroger, Giant Eagle, or any of the other MDL Pharmacy Defendants"[2], "the three AGs are not parties to any case pending in the MDL" and "the AGs have been careful to note that the MDL Court does not have jurisdiction over them or their cases." Ruling at 3. The Special Master noted that Plaintiffs assert that they need to share all of the Pharmacy Defendants' MDL discovery with the Requesting AGs-clients because otherwise it would "hinder our representation of those clients" and because those AGs are involved in (unspecified) settlement negotiations. *Id*. at 3-4.

After properly rejecting most of Plaintiffs' claimed bases in the CMO for sharing CDI with the Requesting AGs, *see* Ruling at 5-7, the Special Master found that the "law enforcement" provision found in sub-paragraphs 33.j and 34.h of the CMO supported Plaintiffs' request—but only after a *sua sponte* retroactive amendment. *Id*. at 7-8. Specifically, the Special Master rejected any requirement that the Requesting AGs be actually exercising a law enforcement function in connection with their receipt of the CDI and gave no effect to the language in paragraphs 33 and 34 of the CMO which expressly restricts the use of the shared information to "solely for purposes of **this Litigation,**" which is defined to include only cases in the MDL. *Id*. Indeed, the Special

---

[2] The Special Master did note that the Michigan AG only sued Walgreens, the Mississippi AG only sued Walgreens and Walmart and the Hawaii AG did not sue any Pharmacy Defendants. Ruling at 3.

A1563514.1                                     2

Master retroactively modified the CMO to make the law enforcement provisions additional exceptions to the "this Litigation" restriction. *Id*. at 8 n.5.

With respect to the dispensing data portion of the Ruling (which is not objected to), the Ruling gave effect to CMO language that prohibits the use or disclosure of Protected Health Information "for any purpose other than **the Litigation**", and noted that "Plaintiffs have not offered any convincing reason why, for example, the Hawaii Attorney General would obtain any meaningful insight from Ohio dispensing data" and the fact that the AGs are engaging in collective settlement efforts "does not explain why they need extra-jurisdictional dispensing data, nor does counsel's naked assertion that their representation of AG clients will somehow be hindered without data-sharing." *Id*. at 9. The Special Master did not apply this same reasoning to the CDI portion of his Ruling even though paragraphs 33 and 34 of the CMO contain almost identical restrictive "this Litigation" language and there is similarly no need for the Receiving AGs to obtain CDI related to Defendants who have no connection to their states or cases.

## II.   ARGUMENT

The Ruling mistakenly permits the Plaintiffs to share CDI produced by the Defendants in the MDL with any law enforcement personnel in the United States in violation of the express restrictive language of the CMO, which only permits sharing for purposes of cases in the MDL, and regardless of any legitimate need or any connection between the Defendants and the receiving jurisdictions. And even if the CMO could be construed to permit sharing outside of the MDL it should be interpreted to require a showing of legitimate need by the receiving jurisdiction.

### A. Paragraphs 33 and 34 of the CMO Expressly Restrict Sharing of CDI Within the MDL and the Single Exception For Non-MDL Counsel With Claims Against a Producing Defendant Does Not Apply

Paragraphs 33 and 34—the only sections of the CMO that could possibly support Plaintiffs' requested sharing with the Receiving AGs—allow sharing of Confidential and Highly Confidential

Information "*solely for purposes of this Litigation*", which the CMO defines as "all actions in MDL No. 2804". (Doc. Nos. 441 at ¶ 22, 2688 at ¶¶ 33, 34 (emphasis added); *see also* Doc. Nos. 441, 2688 at ¶ 33(k) and ¶ 34(i) (permit sharing with a "Plaintiff *with a case pending in MDL 2804*") (emphasis added).)[3] Plaintiffs do not even try to explain how the Requesting AGs will use the Defendants' CDI for MDL purposes—nor can they—where the Requesting AGs do not even have any cases pending against Defendants at all, let alone in the MDL. As a result, Plaintiffs cannot share the Pharmacy Defendants' MDL discovery with the Requesting AGs under Paragraphs 33 and 34 of the CMO—even if those AGs could show that they are seeking the information as part of their law enforcement duties—because the law enforcement provisions in ¶¶ 33(j) and 34(h) are subject to the general prohibition that Confidential and Highly Confidential Information can be share only for purposes of "this Litigation." The Special Master failed to give effect to the plain language of ¶¶ 33 and 34 of the CMO, which expressly restrict disclosure of confidential information produced in the MDL to cases in the MDL, even though he gave effect to nearly identical language in paragraph 75 of the CMO with respect to dispensing data. *See* Ruling at 8. There is no legitimate basis to construe the same language in different provisions of the CMO differently.

### B. The Special Master's Retroactive Modification of the CMO to Permit Sharing Was Improper

The Special Master's retroactive modification of paragraphs 34.h and 33.j of the CMO to allow sharing outside the MDL is improper and based upon flawed reasoning. First, the

---

[3] The only allowed exception to that general prohibition is when a Defendant in the MDL is also a defendant in a case outside the MDL, in which case MDL CDI can be shared with counsel for plaintiffs in the non-MDL case. *See* Paragraphs 33(l) and 34(j) which provide that MDL confidential information may be provided to: "Counsel for claimants in litigation pending outside this Litigation and arising from one or more Defendants' manufacture, marketing, sale, distribution, or dispensing of opioid products," but only once they agree to abide by the terms of the CMO and only "for use in this or such other action **in which the Producing Party is a Defendant in that litigation**." Doc. 2688 ¶¶ 33, 33(l) (emphasis added); *id.* at ¶¶ 34, 34(j) (emphasis added). This exception does not apply to Giant Eagle, Rite Aid or Kroger since they have not been sued by any of the Requesting AGs.

A1563514.1          4

fundamental purpose of the CMO is to restrict MDL confidential information to cases within the MDL except when a producing Defendant is also a defendant in a case outside the MDL.

Second, the law enforcement provisions in the CMO are for the MDL parties' benefit only since they would likely (and actually did) seek review and discovery from law enforcement agencies in the active MDL cases, including local law enforcement.

Third, had law enforcement parties outside of the MDL wanted access to MDL information they could have appeared and/or sought a provision permitting such access.  Instead, they distanced themselves from the MDL and insisted that the MDL Court does not have any jurisdiction over them or their cases.  *See* Ruling at 3.  It would be unfair and inconsistent with the Requesting AGs' own conduct to provide them with unfettered access to MDL information, especially since they have not even sued the Defendants.

Fourth, the Special Master's assumption that the CMO must have contemplated sharing of confidential MDL information to "outside" law enforcement agencies, and that law enforcement agencies which are "an arm of an MDL Plaintiff" don't need to use the law enforcement provisions in the CMO, in order to retroactively modify the CMO to permit sharing makes no sense.  The fact that the CMO does not except sharing with law enforcement from the MDL Litigation-only restriction when it specifically does so for other provisions demonstrates that the non-exception was intended.  And, whether *some* law enforcement agencies would not need to utilize the law enforcement provisions because they are essentially part of a Plaintiff is beside the point, because many law other enforcement agencies are *not* part of a Plaintiff and would need to utilize such provisions.

### C. Even if the CMO Permits Sharing of MDL CDI With Any Law Enforcement Agencies Such Agencies Must Show They Have a Legitimate Need for Such Information in Connection with their Law Enforcement Function

Finally, even if Paragraphs 33 and 34 permit, pre- or post-amendment by the Special Master, sharing of MDL CDI with any law enforcement agencies, such agencies must show that they have a legitimate need for such information in connection with their law enforcement function. When the requesting agency has no bases to consider the conduct of an MDL Defendant, such as when the Defendant has never conducted business in the subject jurisdiction, there can be no legitimate need. Further, when the requesting agency is simply fishing for evidence in connection with a pending civil suit or a possible future civil suit (assuming counterfactually that such out of state evidence would even be relevant to such an investigation) it is not exercising a law enforcement function and instead is simply a civil party.

### III. CONCLUSION

For all of the above reasons Defendants respectfully request the Court to SUSTAIN their objections to the Protective Order and order Plaintiffs to not share Defendants' confidential MDL information with the Requesting AGs. In the alternative, the Court should order the Receiving AGs to first demonstrate a legitimate law enforcement need for the information before any sharing occurs.

Dated:  April 20, 2021

Respectfully submitted,

*/s/ Robert M. Barnes*
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219
Phone:  (412) 471-3490
Fax:  (412) 391-2315

rbarnes@marcus-shapira.com
livingston@marcus-shapira.com
kobrin@marcus-shapira.com

*Counsel for Giant Eagle, Inc. and HBC Service Company*


/s/ Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid*


/s/ Ronda L. Harvey
Ronda L. Harvey Esq. (WVSB 6326)
Fazal A. Shere, Esq. (WVSB 5433)
Gabriele Wohl, Esq. (WVSB 11132)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia  25301
304-347-1100
rharvey@bowlesrice.com
fshere@bowlesrice.com
gwohl@bowlesrice.com

*Counsel for Defendant The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II*

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on April 20, 2021.

                              */s/ Robert M. Barnes*
                              Robert M. Barnes

A1563514.1