# EXHIBIT A

A1563514.1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **SPECIAL MASTER COHEN** |
| **THIS DOCUMENT RELATES TO:** *"All Cases"* | ) ) ) ) ) ) | **PROTECTIVE ORDER** |

Via letter briefs, several Pharmacy Defendants move for a Protective Order to prevent Plaintiffs from disclosing to various outside parties certain discovery the Pharmacy Defendants produced in the MDL.

Specifically, the Pharmacy Defendants seek an Order prohibiting Plaintiffs "from sharing the Pharmacy Defendants' Ohio dispensing data and other MDL discovery with the Attorney Generals of Hawaii, Michigan and Mississippi." Letter from Robert Barnes to Special Master at 1 (Mar. 17, 2021). Defendants also ask "that the Special Master enter a protective order preventing Plaintiffs from producing documents that [a defendant] was compelled to produce over privilege objection in the MDL to any entity that does not have a lawsuit pending in the MDL, including representatives of the Hawai'i, Michigan, or Mississippi Attorney General." Letter from Tara Fumerton to Special Master at 1 (Mar. 17, 2021); *see also* letter from Sten Jernudd to Special Master at 1 (Mar. 17, 2021).

For the reasons and to the extent stated below, the motion for protective Order is

**GRANTED IN PART**.

**I.      Background.**

During the course of discovery in this MDL, the Pharmacy Defendants have produced great amounts of discovery. This includes: (1) transactional prescription dispensing data for the entire State of Ohio from 2006 forward; and (2) documents regarding which the Court overruled a Defendant's claim of privilege.

Regarding the former, the Defendants always marked the dispensing data as "Highly Confidential Protected Health Information." *See* Case Management Order No. 2 ("CMO-2") (docket no. 441) at ¶8 (a producing party may designate discovery as "Confidential" or "Highly Confidential"); *id.* at ¶70 (defining "Protected Health Information").[1] Regarding the latter, after the Court overruled their privilege claims, the Defendants produced the documents but always preserved their objections and reserved their right to appeal the Court's privilege rulings.

Recently, Plaintiffs' counsel notified all defendants it would provide to the Attorneys General ("AGs") of Hawaii, Michigan, and Mississippi "all Defendants' MDL discovery productions and deposition transcripts." Email from Jennifer Connolly to Defendants (Feb. 23, 2021). Connolly noted that the three AGs had each executed the required agreement to be bound by the MDL Court's protective order. *See* CMO-2 at ¶33 (allowing certain entities to receive Confidential Information produced in the MDL if they signed this agreement). The Pharmacy Defendants all objected to Plaintiffs' plan to share this MDL discovery, however, asserting the three

---

[1] CMO-2 was amended by docket no. 2688, which added and clarified various provisions regarding the sharing of confidential information.

AGs were not eligible to receive it.[2]  Accordingly, the Pharmacy Defendants move for a Protective Order.

As further background, the Special Master observes that the Michigan AG has initiated opioid-related litigation in State Court, but the only Pharmacy Defendant named in that litigation is Walgreens.  Similarly, the Mississippi AG has initiated opioid-related litigation in State Court, but the only Pharmacy Defendants named in that litigation are Walgreens and Walmart.  The Hawaii AG has named no Pharmacy Defendants in its opioid-related State Court litigation.  This means none of the three AGs have sued CVS, Rite Aid, Publix, Kroger, Giant Eagle, or any of the other MDL Pharmacy Defendants.  Indeed, Giant Eagle does not even do business in Michigan, Mississippi, or Hawaii.

Moreover, the three AGs are not parties to any case pending in the MDL.  Indeed, the AGs have been careful to note the MDL Court does not have jurisdiction over them or their cases.  *See* docket no. 94 at 1 ("the Court recognizes it has no jurisdiction over (i) the AGs or their representatives, (ii) the State cases they have filed, or (iii) any civil investigations.").

Plaintiffs assert, however, they need to share *all* of the Pharmacy Defendants' MDL discovery with their three "AG clients because [not] doing so would hinder our representation of those clients."  Email from Jennifer Connolly to Special Master (Mar. 15, 2021).  Plaintiffs add that "all AGs are regularly involved in discussions regarding litigation and settlement of claims against

---

[2] The Manufacturing Defendants and Distributor Defendants did not object to Plaintiffs' notice.

3

all opioid defendants, and access to documents and information plays an important role." *Id.*[3]

---

[3] Plaintiffs also note they earlier notified the Pharmacy Defendants of their intention to share MDL Discovery with ***other*** State AGs, and then did so without objection. Pharmacy Defendants respond that, among other things, Plaintiffs served nearly all of those notices before the Pharmacy Defendants had produced in the MDL their Ohio dispensing data. In any event, the Pharmacy Defendants have not waived their right to bring the current motion.

## II. Analysis.

### A. Confidential and Highly Confidential Information *other than* Dispensing Data.

CMO-2 – which was an agreed Court Order negotiated by the parties – provides that all of the Confidential or Highly Confidential information a Defendant produces to Plaintiffs in the MDL are to be used "solely for purposes of this Litigation," which is defined as "all actions in MDL No. 2804." Docket no. 441 at ¶¶33 &34, 22.[4] This means that MDL Discovery marked Confidential or Highly Confidential may not normally be shared with any entities that are not parties in the MDL, including State Attorneys General. There are certain exceptions, however, including "written permission from the Producing Party or an order of the Court." Docket no. 441 at ¶¶33, 34. Of course, the Pharmacy Defendants have not given Plaintiffs written permission to share their MDL discovery with the three AGs.

Plaintiffs nonetheless point to other provisions of CMO-2 as authority for disclosing to the AGs the Pharmacy Defendants' Ohio dispensing data and other MDL discovery, including discovery marked "Confidential" or "Highly Confidential." The Special Master examines these provisions below.

**Sub-Paragraphs 33.k and 34.i**

Plaintiffs note that, although paragraphs 33 and 34 generally prohibit disclosure of discovery marked as containing Confidential or Highly Confidential Information, *sub*-paragraphs 33.k and 34.i state an exception is allowed for "Plaintiff's counsel of record to any Plaintiff with a case pending in MDL 2804."

---

[4] *See also* docket no. 2688 at ¶33, ¶34.

The undersigned is not sure why Plaintiffs invoke these sub-paragraphs, however, because the three AGs are clearly *not* "counsel of record to any Plaintiff with a case pending in MDL 2804." As noted, the AGs have not filed a case in the MDL and have carefully insisted they are not subject to the MDL Court's jurisdiction. Accordingly, these provisions do not help Plaintiffs.

**Sub-Paragraphs 33.a and 34.a**

Another exception allows a Plaintiff to share Confidential or Highly Confidential Information with "Outside Counsel and In-House Counsel of any Plaintiff, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel." It is clear, however, that this provision refers to *an MDL Plaintiff*, not any plaintiff in any opioid-related litigation in any court. None of the three AGs are counsel to an MDL Plaintiff, so this provision is also not helpful to Plaintiffs.

**Sub-Paragraphs 33.l and 34.j**

CMO-2 also provides an exception allowing disclosure of a Defendant's confidential MDL discovery to "Counsel for claimants in litigation pending outside this Litigation . . . for use in this or such other action in which the Producing Party is a Defendant in that litigation." Plaintiffs fare better under this provision, which allows disclosure to counsel for claimants in litigation outside the MDL. Even here, however, disclosure is allowed only when the MDL discovery that Plaintiffs want to share was produced by the *same Defendant* in the outside litigation. This means, for example, that Plaintiffs may share with the Michigan AG confidential MDL discovery produced by Walgreens, but not confidential MDL discovery produced by any other Pharmacy Defendant,

6

because the Michigan AG has not sued any other Pharmacy Defendant besides Walgreens. Similarly, Plaintiffs may not share with any of the three AGs confidential MDL Discovery produced by Giant Eagle, because none of the AGs have sued Giant Eagle.

**Sub-Paragraphs 33.j and 34.h**

Another exception in CMO-2 relied upon by Plaintiffs provides that MDL Discovery may be shared with "State or federal law enforcement agencies, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound." The three AGs have executed this certification.

The three Attorneys General are clearly heads of state law enforcement agencies. Defendants nonetheless contend that "Plaintiffs have not established that any of the individuals with whom they intend to share documents are exercising law enforcement authority, as opposed to merely litigating (or considering whether to pursue) civil lawsuits." Fumerton letter at 3.

Sub-paragraphs 33.j and 34.h, however, do not limit sharing of confidential MDL discovery only to circumstances where the law enforcement agency is "exercising law enforcement authority." Moreover, this Court is not in a position to ascertain or second-guess whether a State AG is actually or intending to exercise law enforcement authority or instead only considering whether to pursue a civil lawsuit. The plain language of these sub-paragraphs allow Plaintiffs to share confidential

information with the three AGs.[5] Thus, except as set forth below, the Pharmacy Defendants are not entitled to a Protective Order limiting Plaintiffs from sharing with the three AGs discovery that the Pharmacy Defendants produced in this MDL.

**B. Dispensing Data.**

The provisions cited above all relate to "ordinary" discovery designated as "Confidential" or "Highly Confidential." CMO-2 contains a separate provision, however, addressing "Protected Health Information," which is automatically designated as "Confidential." *See* CMO-2 at ¶72 ("Any Party who produces Protected Health Information in this Litigation shall designate such discovery material 'Confidential Protected Health Information'"). CMO-2 treats this subset of discovery more carefully: "The Parties shall not use or disclose Protected Health Information *for any purpose other than the Litigation*, including any appeals." *Id.* at ¶75 (emphasis added). And CMO-2 delineates specifically who *is* allowed to obtain Protected Health Information: "The Parties may, inter alia, disclose Protected Health Information to (a) counsel for the Parties and employees of counsel who have responsibility for the Litigation; (b) the Court and its personnel; (c) Court reporters; (d) experts and consultants; and (e) other entities or persons involved in the Litigation." *Id.* Sharing Protectged

---

[5] The Pharmacy Defendants note that: (1) ¶34 states that all of the exceptions in sub-paragraphs 34.a-k, *except for 34.j*, still require that the "Highly Confidential Information . . . shall be used solely for purposes of *this Litigation*" (emphasis added); and (2) "this Litigation" is defined to include only cases in the MDL. *See also* ¶33 (excepting sub-paragraph 33.l; same regarding Confidential Information). Therefore, according to Pharmacy Defendants, the AGs may not be given access to any confidential MDL discovery because the AGs have no role in any MDL case. This does not make sense, however, as by definition there is no *outside* "state or federal law enforcement agency" that *is* a part of the MDL, and a law enforcement agency that is an arm of an MDL Plaintiff does not need sub-paragraph 34.h to obtain discovery access. For sub-paragraph 34.h to make sense, then, it must be excepted along with 34.j. Analogously, for sub-paragraph 33.j to make sense, it must be excepted along with 33.l. This Order hereby modifies CMO-2 accordingly.

Health Information with other entities is thus disallowed, including outside law enforcement agencies.

Unlike paragraphs 33 and 34, there are no exceptions regarding disclosure of Protected Health Information to entities who are not parties in the MDL. For example, there is no exception allowing for disclosure of Protected Health Information to "Counsel for claimants in litigation pending outside this Litigation . . . for use in this or such other action in which the Producing Party is a Defendant in that litigation." CMO-2 at ¶34.j. Further, Plaintiffs have not offered any convincing reason why, for example, the *Hawaii* Attorney General would obtain any meaningful insight from *Ohio* dispensing data. That the AGs are engaging in "collective settlement efforts" does not explain why they need access to extra-jurisdictional dispensing data, nor does counsel's naked assertion that their representation of AG clients will somehow be hindered without data-sharing.

Accordingly, a plain reading of CMO-2 prohibits Plaintiffs from sharing the Pharmacy Defendants' dispensing data with the three AGs, who are not parties nor counsel to any party in the MDL. This means, for example, that even though Plaintiffs may share with the Mississippi Attorney General certain MDL Discovery produced by Walgreens and Walmart pursuant to ¶34.j, and may share with the Mississippi Attorney General almost all other MDL Discovery produced by other Pharmacy Defendants pursuant to ¶34.h, Plaintiffs may *not* share with Mississippi's Attorney General the Ohio dispensing data produced by Walgreens and Walmart or any other Pharmacy Defendant.

**C.    MDL Discovery Not Designated as Confidential.**

9

The discussion above addresses MDL discovery designated as Confidential or Highly Confidential. None of the provisions in CMO-2 cited by the parties limit disclosure of MDL Discovery that does not carry such a designation. The Pharmacy Defendants suggest in passing that Plaintiffs may not share *any* MDL Discovery (such as deposition transcripts) with the three AGs, but the Special Master finds no support for this limitation. *See* CMO-2 at ¶6 ("This Protective Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential.").

### D. Documents Claimed by Defendants as Privileged.

The Pharmacy Defendants argue that Plaintiffs should not be allowed "to provide to any state Attorney General . . . documents that [the Defendant] believes are privileged but has produced—over objection—in [the MDL]." Fumerton letter at 3; *see also* Jernudd letter at 1. Defendants argue this limitation should apply even to AGs who actually sued them (so, for example, the proffered limitation would extend even to preclude Plaintiffs' sharing of such documents produced by Walmart with Mississippi's AG). Defendants argue they have "continued to assert in other jurisdictions privilege claims over documents [they were] compelled to produce in the MDL" and they are "entitled to preserve [their] privilege objections." Fumerton letter at 3.

As an alternative to ordering that Plaintiffs may not share with the three AGs any documents the Pharmacy Defendants claim are privileged, but were ordered to produce over objection by the MDL Court, Walmart suggests as follows:

> At minimum, Walmart requests that the Special Master enter an order stating that because any documents that Walmart was compelled to produce over privilege

10

>objection were produced under protest, such documents are similarly produced under protest to any parties with whom Plaintiffs share them, and Plaintiffs' actions do not constitute waiver by Walmart of any privilege claim or right to appeal any prior privilege ruling. Finally, the Special Master should order that if Walmart is successful in any later privilege challenge over such documents, Plaintiffs shall be responsible to ensure that any electronic or hard copies of Walmart's privileged documents are destroyed, including any that Plaintiffs have distributed to other parties pursuant to CMO-2.

Fumerton letter at 4.

Plaintiffs note correctly that the Special Master already ruled on this issue, concluding that documents produced in Track Three MDL discovery regarding which this Court overruled a Defendant's claim of privilege could be shared with other MDL Plaintiffs and also qualifying outside counsel. *See* letter from Mark Pifko to Special Master at 6-7 Mar. 24, 2001). Still, the Special Master concludes Walmart's "minimum" request is well-taken and should apply to all such documents produced to the three AGs by any Pharmacy Defendant (not just Walmart). Accordingly, the Special Master orders as follows regarding any documents a party was compelled to produce in the MDL over privilege objection: (1) such production does not constitute waiver by the objecting party of the privilege claim or right to appeal the privilege ruling; and (2) if the objecting party later succeeds with a privilege challenge regarding a given document on appeal, all other parties shall ensure that any electronic or hard copies of the privileged documents are destroyed, including copies distributed to other entities pursuant to CMO-2.

E.  **Discovery Produced in Other Litigation.**

Finally, the Special Master makes the obvious observation that this Protective Order addresses only discovery produced by the Pharmacy Defendants in this MDL. This Order does not address or limit the extent to which discovery produced by a party in State-court litigation may be shared with any other entity. That question is up to the State court to determine, except as required by *Discovery Ruling No. 22*.

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** March 30, 2021