UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Track Three Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### REPLY IN SUPPORT OF
### CVS AND WALGREENS' OBJECTION TO THE ORDER
### REGARDING FLORIDA DISPENSING DATA

The Florida Data Order recognizes both (1) that the dispensing data at issue contains protected health information and (2) that Discovery Ruling 22 expressly exempts "HIPAA-protected information" from production. Doc. 3667 at 3-4. Despite this, the Order compels production of the data. As explained in CVS and Walgreens' Objection, this violates three orders—Discovery Ruling 22, this Court's separate order regarding dispensing data, and the Sixth Circuit's mandamus opinion. The error of the Order is magnified by its reach. It will create a repository of millions of protected health records from cases across the country that will be readily available to all litigants in the MDL, even though these records are untethered to any active case in the MDL. The Court should overrule the Florida Data Order.

CVS and Walgreens respond to plaintiffs' specific points as follows:

1. **Discovery Ruling 22**. Plaintiffs do not dispute that the Florida dispensing data contains protected health information. Nor could they. It contains data fields that HIPAA specifically identifies as subject to protection, *see* Doc. 3698 at 4, and the Special Master agreed that the data contains protected health information, Doc. 3667 at 4.

7691452.1

Instead, plaintiffs assert that the exemption for protected health information in Discovery Ruling 22 applies only to material produced in government investigations, not civil litigation. Discovery Ruling 22 contains no such limitation, however. To the contrary, it states that "discovery" containing protected health information is exempt. *See* 2712 at 2 ("Pharmacy Defendants are not obligated by DR-22 to produce in the MDL any *discovery* provided to a government entity that contains HIPAA-protected information.") (emphasis added). Discovery is a term of art that applies to litigation. Indeed, it would make no sense to exempt protected health information from some productions and not others. Such information merits protection no matter where it is produced. The bottom line is that Discovery Ruling 22 contains an express carve out for "discovery" containing protected health information, and that exemption applies here.

Citing a letter from September 2019, plaintiffs suggest that Pharmacy Defendants *agreed* to produce dispensing data containing protected health information pursuant to Discovery Ruling 22. This is incorrect. The letter expressly *objected* to Discovery Ruling 22 insofar as it would require Pharmacy Defendants to produce dispensing material that contained protected health information. *See* Exhibit 1 at 2 (stating that "'dispensing' material, by its very nature, often contains private Protected Healthcare information that does not need to be redacted when produced to the government during an investigation *but which cannot be provided to Plaintiffs under federal privacy laws.*") (emphasis added); *see also id.* at 4 (stating that "pharmacy dispensing material necessarily implicates individual patient non-party privacy interests" and explaining that there is no "exception" under HIPAA that permits disclosure of such material to MDL plaintiffs). As a result, Discovery Ruling 22 expressly carved out protected health information.[1]

---

[1] Plaintiffs point to language from the September 2019 letter in which Pharmacy Defendants conveyed that they were not categorically objecting to producing under Discovery Ruling 22 dispensing-related documents (*e.g.,* dispensing policies and procedures) produced to other opioid plaintiffs. The letter plainly objects, however, to producing dispensing material insofar as it contains protected health information.

To the extent plaintiffs' complaint is that the 2019 letter did not address more specifically dispensing data produced in comparable opioid litigations rather than in government investigations, that is because *no such data productions had been made at the time*.  Indeed, the letter was sent during Track One-A, when there were no dispensing claims in the case.  It was sent four months before the contours of dispensing-data productions began to be set; more than five months before dispensing data was produced for the first time; and nearly one year before the Florida state court, over CVS's privacy objections, first ordered the production of Florida dispensing data.  Given that the 2019 letter plainly expressed Pharmacy Defendants' objection to producing protected health information, there is no basis to read it as an advance agreement by Pharmacy Defendants to produce protected health information that had not been ordered or defined yet in any case anywhere.  There was no such agreement.

    2.    **Plaintiffs' New Rule 26 Argument**.  Plaintiffs suggest for the first time that they also are entitled to the Florida dispensing data under Rule 26 in the Track Three cases.  This is a new position that Plaintiffs never raised before Special Master Cohen.  In their briefing to the Special Master, plaintiffs relied solely on Discovery Ruling 22 as the basis for their data request.  *See* Doc. 3698-1at 3 ("this dispute presents *not* a CT3 proportionality question, but a DR-22 question…").  The Special Master recognized this limitation.  *See* Doc. 3667 at 2 n.1 ("the Court has not been presented with arguments regarding the relevance … of Florida dispensing data in the Track Three cases").  Because they did not present this argument to Special Master Cohen and it was not briefed, plaintiffs have waived it.

Plaintiffs waived their Rule 26 argument in another respect as well.  In its order denying plaintiffs' motion seeking the production of nationwide dispensing data, this Court established the process for requesting out-of-jurisdiction data under Rule 26.  *See* Doc 3341 at 4-5.  Plaintiffs did

7691452.1

not follow that process. They did not even serve a Rule 34 request for the data, as the Court required. It is too late now to serve such a request. The discovery cut-off has passed. Having disregarded the Court-ordered process laid out in Doc. 3341, plaintiffs' last-minute attempt to shoehorn this dispute into Rule 26 should be rejected.

Even if plaintiffs could overcome their waiver (which they cannot), insofar as they argue that the data is proportional to Track Three under Rule 26 because they believe it would be easy to reproduce, they overlook the fact that CVS and Walgreens have had no opportunity to take discovery to develop their defenses to any use of the data by plaintiffs. Discovery would need to be reopened in order for them to do so. That burden is clearly not proportional.

3. **HIPAA.** Plaintiffs deny that the establishment of a repository containing many millions of protected dispensing records for individual patients around the country would violate HIPAA. But plaintiffs do not even address the HIPAA principle that disclosure be limited to "the minimum necessary." 45 C.F.R. § 164.502(b)(1). They make no attempt to explain how they could possibly satisfy this principle here, where the data does not pertain to any active MDL case, where it would be made available to attorneys and law firms without any cases in the jurisdictions that it pertains to, and where it does not even meet the threshold requirements of Rule 26. Not surprisingly, plaintiffs do not cite a single case authorizing the discovery of protected heath information when it is untethered to any case being litigated and does not meet the requirements of the Federal Rules.

Plaintiffs seem to rely on the fact that patient names are not included in the data. This ignores the fact that HIPAA regulations state plainly that their protections extend to other information as well. *See* 45 CFR § 164.514. The regulations identify data elements, beyond names, that contain information that can be used to identify patients and that must remain

protected. *See id.* Plaintiffs do not dispute that the Florida data contains these data elements. Nor did the Special Master.

4. **Waiver Allegation.** Finally, plaintiffs suggest that CVS and Walgreens waived their objections to Discovery Ruling 22. That argument has nothing to do with the issue before the Court—whether Discovery Ruling 22 even applies to dispensing data given this Court's prior data order and, if so, whether Discovery Ruling 22 should be enforced *as written* to exempt material containing protected health information.

In any event, the allegation of waiver is meritless. Special Master Cohen did not find waiver, and it is not before this Court. And for good reason. Whether Discovery Ruling 22 requires production of dispensing data is a question of first impression, and CVS and Walgreens objected the moment plaintiffs raised the issue for the first time in March. *See* Doc. 3698-2.[2]

---

[2] We note that, as far back as 2018, CVS and Walgreens objected *in full* to plaintiffs' proposal for a "prior production" provision in CMO-One. *See* Exhibit 2. The Court included the provision in CMO-One over this objection. CVS and Walgreens subsequently objected on multiple occasions to Discovery Ruling 22 (both in full and in part) and to other orders and motions regarding dispensing data outside of Track Three. *See*, *e.g.*, Exhibit 1; Doc. 3029; Doc. 3299; Doc. 3330. There is no basis whatsoever to suggest that CVS and Walgreens waived their objection to the production of dispensing data pursuant to Discovery Ruling 22 or otherwise. Plaintiffs cite waiver language in this Court's ruling in June 2020 denying a facial challenge to the "prior production" provision based on the Sixth Circuit's mandamus ruling. *See* Doc. 3333 at 2. At issue there, however, was a facial challenge to Discovery Ruling 22—not the question here related to whether it encompasses dispensing data containing protected health information. Moreover, the Court's ruling on the subject appears to have been based on language in a Special Master opinion that referenced waiver pertinent to *other* defendants who had not filed an initial objection to the "prior production" provision, as CVS and Walgreens did in March 2018. *See* Doc. 3333 at 2 (citing Doc. No. 3291). When we subsequently advised the Special Master of our initial objection to the "prior production" provision in 2018, *see* Exhibit 3, the Special Master added footnote 8 to the opinion to correct any misunderstanding.

## CONCLUSION

For the reasons set forth above and in their Objection, CVS and Walgreens respectfully request that the Court sustain their Objection to the Florida Data Order.

Dated:  April 27, 2021

Respectfully submitted,

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc.*

/s/    Kaspar Stoffelmayr
Kaspar Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*