# Neff, Lisa

| | |
|---|---|
| **From:** | Delinsky, Eric |
| **Sent:** | Thursday, March 22, 2018 5:24 PM |
| **To:** | 'Hardin, Ashley'; Cathy Yanni; McClure, Shannon E. |
| **Cc:** | mcgovern@law.duke.edu; David R. Cohen (David@SpecialMaster.Law); MDL Opioid All Distributors (S); markcheffo@quinnemanuel.com; crendon@bakerlaw.com; phanly@simmonsfirm.com; paul@greeneketchum.com; ZZ-Rice, Joseph; ZZ-Moore, Kelly; elisa.mcenroe@morganlewis.com; Miller, Sasha |
| **Subject:** | RE: Revised Distributor CMO MDL 2804 |
| **Attachments:** | 2018-03-22 Objections to Plaintiffs CMO.PDF |

Dear Special Masters,

On behalf of the following defendants (CVS Indiana, LLC; Walgreens Boots Alliance, Inc.; Rite Aid of Maryland, Inc.; Kroger Limited Partnership I; Kroger Limited Partnership II; Wal-Mart Stores East, LP; Wal-Mart Stores, Inc.; Masters Pharmaceutical, Inc.; Brenn Distribution, Inc. f/k/a Qualitest Pharmaceuticals, Inc.; KeySource Medical, Inc.; Top Rx, LLC; J M Smith Corporation d/b/a Smith Drug Company; H. D. Smith, LLC and Miami-Luken, Inc.), we hereby submit for your review the attached objections to Plaintiffs' Proposed Case Management Order No. 1.

We are mindful that you have not invited the parties to respond to each other's proposed CMOs.  But we are sufficiently concerned about certain provisions of Plaintiffs' Proposed CMO that we thought it important to weigh in so that you would have the benefit of our views when evaluating the different proposals.  If you prefer that we present our concerns in a different manner, please let us know, and we will do so immediately.

Thank you for your consideration.

--Eric Delinsky

Eric R. Delinsky
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, DC 20036
(202) 778-1831
edelinsky@zuckerman.com

---

**From:** Hardin, Ashley [mailto:AHardin@wc.com]
**Sent:** Thursday, March 22, 2018 4:59 PM
**To:** Cathy Yanni; McClure, Shannon E.
**Cc:** mcgovern@law.duke.edu; David R. Cohen (David@SpecialMaster.Law); MDL Opioid All Distributors (S); markcheffo@quinnemanuel.com; crendon@bakerlaw.com; phanly@simmonsfirm.com; paul@greeneketchum.com; ZZ-Rice, Joseph; ZZ-Moore, Kelly; elisa.mcenroe@morganlewis.com; Delinsky, Eric; Miller, Sasha; Hardin, Ashley
**Subject:** Revised Distributor CMO MDL 2804

Dear Special Masters:
Per discussion on Friday, March 16, please find attached a Revised Proposed Case Management Order #1 submitted by AmerisourceBergen, Cardinal, and McKesson.  The following additional distributor defendants have indicated their approval of this proposed CMO:

H.D. Smith
JM Smith

KeySource Medical, Inc.
Masters Pharmaceutical, Inc.
Miami-Luken, Inc.
Rite Aid of Maryland, Inc.
Top Rx

Regards-
Ashley Hardin (emailing on behalf of Enu Mainigi)


Ashley W. Hardin
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5960 | (F) 202-434-5029
ahardin@wc.com | www.wc.com/ahardin

**From:** Cathy Yanni [mailto:cathy@cathyyanni.com]
**Sent:** Friday, March 16, 2018 4:02 PM
**To:** McClure, Shannon E. <SMcClure@reedsmith.com>
**Cc:** mcgovern@law.duke.edu; David R. Cohen (David@SpecialMaster.Law) <David@specialmaster.law>; MDL Opioid All Distributors (S) <rsMDLOpioidAllDistributors@reedsmith.com>; markcheffo@quinnemanuel.com; crendon@bakerlaw.com; phanly@simmonsfirm.com; paul@greeneketchum.com; ZZ-Rice, Joseph <jrice@motleyrice.com>; ZZ-Moore, Kelly <kelly.moore@morganlewis.com>; elisa.mcenroe@morganlewis.com; ZZ-Delinsky, Eric <edelinsky@zuckerman.com>; ZZ-Miller, Alexandra <smiller@zuckerman.com>
**Subject:** Re: Distributor Initial CMO MDL 2804

Thanks, Shannon

On Fri, Mar 16, 2018 at 12:55 PM, McClure, Shannon E. <SMcClure@reedsmith.com> wrote:

> Dear Special Masters,
>
> Attached please find Proposed Case Management Order #1 submitted by AmerisourceBergen, Cardinal, and McKesson.  In light of the ongoing discussions among the distributor defendants, I invite any distributor defendant not in agreement with the attached to so advise.  Consistent with prior discussions with the Special Masters, distributors will supplement this CMO by Thursday, March 22, 2018.  Thank you.
>
> Respectfully,
>
> Shannon McClure
>
> Co-Distributor Liaison Counsel
>
> **Shannon McClure Roberts**
>
> **Complex Litigation Group**

d +1 215 851 8226 | m + 1 267 342 1243

smcclure@reedsmith.com

ReedSmithLLP

Three Logan Square
1717 Arch Street, Suite 3100

Philadelphia, PA 19103

d: 215.851.8226 | rs: 77048226

m: 267.342.1243 | f: 215.851.1420
LinkedIn | Website | Email

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

--

Cathy Yanni
Cell: (415) 215-6572

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| | Case No. 17-md-2804 |
| *This document relates to:* All Cases | Judge Dan Aaron Polster |

## OBJECTIONS TO PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER NO. 1

Defendants CVS Indiana, LLC; Walgreens Boots Alliance, Inc.; Rite Aid of Maryland, Inc.; Kroger Limited Partnership I; Kroger Limited Partnership II; Wal-Mart Stores East, LP; Wal-Mart Stores, Inc.; Masters Pharmaceutical, Inc.; Brenn Distribution, Inc. f/k/a Qualitest Pharmaceuticals, Inc.; KeySource Medical, Inc.; Top Rx, LLC; J M Smith Corporation d/b/a Smith Drug Company; H. D. Smith, LLC and Miami-Luken, Inc. hereby submit to the Special Masters these objections to Plaintiffs' March 16, 2018 Proposed Case Management Order No. 1 ("Plaintiffs' Proposed CMO") to highlight the overreaching nature of certain of its provisions and the degree to which they usurp Defendants' rights under the Federal Rules of Civil Procedure.  Those provisions: (1) allow Plaintiffs to file "model complaints" of unknown content in two of the four bellwether jurisdictions while simultaneously limiting what grounds defendants may raise to dismiss those complaints; and (2) require the immediate production of documents that are, among other things, nationwide in scope, not tailored to the bellwether jurisdictions, and virtually unrestricted by date.  Such discovery evades the process provided for in Fed. R. Civ. P. 26 & 34, including the rights of Defendants to assert, pursue, and be heard on objections.

We are mindful that the Special Masters have not invited the parties to respond to each other's proposed CMOs.[1] But Plaintiffs' proposal, if adopted, would deny Defendants important rights to which they are entitled under the Federal Rules of Civil Procedure, and we therefore deem it necessary to respond. If the Special Masters prefer that we present these concerns in a different manner, we will do so immediately.

### A. Motions to Dismiss

**1. Plaintiffs propose using "model" complaints in lieu of complaints already filed.** Plaintiffs identify four jurisdictions for motions practice. In two of those jurisdictions, plaintiffs propose that already-filed complaints serve as a basis for motions practice – namely, the *State of Alabama* case and the *City of Chicago v. Cardinal Health* case. *See* Plaintiffs' Proposed CMO ¶ 9. In the remaining two jurisdictions (Ohio and West Virginia), plaintiffs propose a different approach. *Id.* Rather than designating for motions practice any of the complaints actually on file in each of these jurisdictions, plaintiffs propose instead the use of "model" complaints that they say they will file next month. *Id.* This suggested approach is particularly inexplicable with regard to West Virginia, where Plaintiffs identify two filed cases as bellwether cases (*id.* ¶ 4), but seek to use a model complaint for motions practice in lieu of the existing complaints. Plaintiffs suggest no rationale for using "model" complaints rather than complaints already filed and pending before the Court. Nor do Plaintiffs specify the cases in which these "model" complaints will be operative, which Plaintiffs will be bound by the Court's rulings on such complaints, what allegations such complaints will contain, or which parties they will name as defendants.

---

[1] For this reason, this submission does not address *all* of Defendants' objections to Plaintiffs' proposal, but addresses instead only the most egregious provisions.

**2. Plaintiffs seek to unilaterally restrict the legal arguments that Defendants may raise.** Plaintiffs not only seek to use "model" complaints, but they seek to restrict Defendants' ability to challenge them. They unilaterally limit Defendants to just six legal issues – picked by Plaintiffs themselves – that may be raised in the first instance on a motion to dismiss. *See* Plaintiffs' Proposed CMO ¶ 12. In doing so, Plaintiffs not only exclude critical issues from their list that have already been identified by Defendants – such as the applicability of statutes of limitation – but they seek to limit the issues that Defendants may raise before Defendants even see, much less analyze, the supposed "model" complaints. Neither Defendants nor the Court can determine an appropriate list of threshold issues appropriate for initial motions practice without seeing the pleading to which the motions will be directed. Plaintiffs proposed use of "model" complaints is unnecessary and inappropriate, and it should not be permitted.

Even as to the existing complaints that Plaintiffs identify, Defendants cannot be limited by Plaintiffs to a list of legal challenges of Plaintiffs' own selection. Defendants have a right under Rules 12 and 56 to assert a failure to state a claim – or to seek summary judgment – on any ground they wish. Plaintiffs' Proposed CMO vitiates this right.

**3. Plaintiffs' Proposed CMO would require Defendants to answer complaints before the Court passes on them.** Plaintiffs' Proposed CMO would require that Defendants file an answer to each of the bellwether complaints, even if Defendants choose to file motions to dismiss under Rule 12(b)(6). *See* Plaintiffs' Proposed CMO ¶ 11. This violates Rule 12 of the Federal Rules of Procedure, which states plainly that a Defendant need not answer a complaint the viability of which it challenges through a

motion to dismiss.  Plaintiffs should not be permitted to end run the Rules and deny Defendants important rights to file challenges to a deficient complaint *in lieu of* answering.

Plaintiffs' Proposed CMO similarly requires the filing of counter- and cross-claims before motions to dismiss are decided (indeed, even before Plaintiffs file oppositions to such motions to dismiss).  *See* Plaintiffs' Proposed CMO ¶ 17.  This is improper as well.  Under the Federal Rules of Civil Procedure, a party may file a motion to dismiss, and if that motion is denied, it may then file an answer with third-party complaints and cross-claims.  Plaintiffs' proposal would strip Defendants of these rights, would require Defendants to prepare and file counter- and cross-claims in cases that may not even assert viable claims, and would deny Defendants the ability to tailor their counter- and cross-claims to the claims, if any, that survive motions practice.[2]

**B. Discovery**

**1. Plaintiffs' Proposed CMO improperly mandates broad discovery without providing the process called for by the Federal Rules.**  Plaintiffs' Proposed CMO requires Defendants to produce immediately (i.e., within two weeks of the date of entry of the CMO) a vast quantity of documents that are not limited in scope to the bellwether process.  It requires, for instance, "all documents produced by any Defendant … in … any civil investigation by federal (including Congressional), state, or local government entities related to the marketing or distribution of opioids."  Plaintiffs' Proposed CMO ¶ 20.  This broad provision not only extends discovery far beyond the bellwether jurisdictions, but it even could be read to require discovery of *all* Defendants,

---

[2] To the extent Plaintiffs' Proposed CMO also requires the filing of counter- and cross-claims in non-bellwether cases that are stayed (Plaintiffs' Proposed CMO is unclear on this), it is even more untenable.

4

even though many are named only in a small number of cases and not in any of the bellwether cases.³ By way of further example, Plaintiffs' Proposed CMO requires the production of "documents and information identifying the total number of, and revenue from, prescriptions for Opioids that were dispensed in the United States since 1999 …." *See* Plaintiffs' Proposed CMO ¶ 22.⁴

Fixing discovery in such a manner not only is unnecessary for an initial CMO, it is violative of the Federal Rules. As indicated by the examples set forth above, Plaintiffs seek, among other things, to obtain nationwide discovery in their CMO – nationwide discovery that is untethered to the particular bellwether jurisdictions Plaintiffs identify, that is not limited to any reasonable date range, the limits of which are impossible to discern for companies operating in a highly-regulated environment, and that, most significantly, has not been the subject of any document request to which a Defendant

---

³ Other discovery-related provisions of Plaintiffs' Proposed CMO could just as easily be read to apply to all Defendants, not just Defendants in the bellwether cases. *See* Plaintiffs' Proposed CMO ¶ 21 (requiring initial disclosures of "*all* Defendants" but only "*Bellwether* Plaintiffs") (emphasis added). Plaintiffs' intent is unclear, as elsewhere they suggest that discovery in cases other than the bellwether cases remains stayed. *Id.* ¶ 18. To the extent Plaintiffs intend to require discovery of Defendants who are not named in a bellwether case, their proposed CMO is improper in this respect as well. There is no basis to require initial disclosures or other discovery in cases that are stayed. There most certainly is no basis to require such discovery of defendants but not plaintiffs (as Paragraph 21 of Plaintiffs' Proposed CMO could be read to suggest).

⁴ In other respects as well, Plaintiffs' Proposed CMO imposes requirements for Defendants' initial disclosures that go beyond what is required for an initial disclosure under Fed. R. Civ. P. 26(a)(1). *See* Plaintiffs' Proposed CMO ¶¶ 22, 24. At the same time, Plaintiffs in certain respects seek to dilute the requirements for their own disclosures. *See id.* ¶ 23 (requiring Plaintiffs to provide a mere damages "summary" rather than the "computation of each category damages," with supporting documents, required by Rule 26). Defendants object to any initial disclosure requirement that exceeds the requirements of Rule 26(a)(1) or that lessens Plaintiffs' obligations. Indeed, the initial disclosure requirements of Rule 26 stand on their own. There is no need for Plaintiffs to modify them.

might lodge objections, much less pursue motion practice on the propriety of such discovery requests in particular cases, as to particular Defendants.

This is improper. The Federal Rules set forth a process for obtaining discovery that protects the rights of both Plaintiffs and Defendants. Under that process, Plaintiffs have the right to serve document requests. *See* Fed. R. Civ. P. 34. Defendants have the right to assert objections. *Id.* Then, if the parties are unable to resolve any objections through good faith discussions, Plaintiffs may move to compel and Defendants may seek a protective order. Plaintiffs cannot bypass this process – and the important rights attendant to it – through a CMO.

**2.     Plaintiffs' proposed discovery timeline is unachievable, especially in view of the one-sided discovery they propose.** This underscores another fundamental flaw in Plaintiffs' Proposed CMO – a discovery cutoff of October 1, 2018. *See* Plaintiffs' Proposed CMO ¶ 28. As we sit here today, Plaintiffs have not identified even a single opioid order, in even a single jurisdiction, that they say a Defendant should not have fulfilled, and they provide no indication of when, if ever, they will provide that information. Plaintiffs' identification of the faulty orders on which their claims are based is the single most important item of information necessary to guide discovery and its proper scope. Yet notwithstanding their failure to provide such information or to even specify when they intend to provide it, Plaintiffs leave only 18 weeks for fact discovery (from the May 15, 2018 date for initial disclosures to the October 1, 2018 cutoff). This is an obvious attempt to deny Defendants the time needed to conduct discovery in the orderly fashion called for by the Federal Rules and to pursue their rights under the Rules to litigate the proper scope (and sequence) of discovery and to collect the evidence necessary to defend against the claims.

## Conclusion

As noted above, the objections set forth herein are by no means exhaustive. But because Plaintiffs' Proposed CMO undercuts the fairness of these proceedings and the basic rights of any litigant under the Federal Rules of Civil Procedure, we are compelled to lodge these particular objections with the Special Masters.

Respectfully submitted,

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Zuckerman Spaeder LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Indiana, LLC*

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Ste. 300
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreens Boots Alliance, Inc.*

/s/ Kelly A. Moore
Kelly A. Moore
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
Telephone: 212.309.6612
kelly.moore@morganlewis.com

/s/ Webster J. Arceneaux, III
Webster J. Arceneaux, III
Lewis Glasser PLLC
300 Summers Street
Suite 700
Charleston, WV 25301
Telephone: 304.345.2000
wjarceneaux@lewisglasser.com

*Counsel for Rite Aid of Maryland, Inc.*

/s/ Gerard R. Stowers
Gerard R. Stowers (WVSB # 3633)
Ronda L. Harvey (WVSB # 6326)
Bowles Rice LLP
600 Quarrier Street
Post Office Box 1386
Charleston, WV  25325-1386
(304) 347-1100
(304) 347-1746 - Fax
gstowers@bowlesrice.com
rharvey@bowlesrice.com

*Counsel for Kroger Limited Partnership I and Kroger Limited Partnership II*

/s/ James R. Wooley
James R. Wooley
Christopher S. Dodrill
Jones Day
North Point
901 Lakeside Ave.
Cleveland, OH 44114-1190
(216) 586-3939
jrwooley@jonesday.com
cdodrill@jonesday.com

/s/ Tina M. Tabacchi
Tina M. Tabacchi
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
(312) 782-3939
tmtabacchi@jonesday.com

*Counsel for Wal-Mart Stores East, LP and Wal-Mart Stores, Inc.*

/s/ John Andrew "Jack" Smith
John Andrew "Jack" Smith

Flaherty Sensabaugh Bonasso PLLC
P.O. Box 3843
Charleston, WV 25338
*Overnight:*
200 Capitol Street
Charleston, WV 25301
Direct Dial: 304.205.6386
Phone: 304.345.0200
Fax: 304.345.0260
jsmith@flahertylegal.com

*Counsel for Masters Pharmaceutical, Inc.*

/s/ Claude F. Reynaud, Jr.
Claude F. Reynaud, Jr. (LA Bar Roll #11197)
Danielle L. Borel (LA Bar Roll #35669)
Breazeale, Sachse & Wilson, LLP
One American Place, 23rd Floor (70802)
P.O. Box 3197
Baton Rouge, LA 70821
Telephone: (225) 387-4000
Telecopier: (225) 381-8029
Email: claude.reynaud@bswllp.com
Email: danielle.borel@bswllp.com

*Counsel for Defendant Brenn Distribution, Inc. f/k/a Qualitest Pharmaceuticals, Inc.*

/s/ Clifford F. Kinney, Jr.
Clifford F. Kinney, Jr. (WVSB #6220)
Spilman Thomas & Battle, PLLC
Post Office Box 273
Charleston, WV 25321-0273
Telephone: 304.340.3844
Fax: 304.340.3801
CKinney@spilmanlaw.com

*Counsel for KeySource Medical, Inc.*

8

/s/ Robert J. Ridge
Robert J. Ridge
Allen M. Lopus
Clark Hill PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219
rridge@clarkhill.com
alopus@clarkhill.com

*Counsel for Top Rx, LLC*


/s/ Dean T. Barnhard
Dean T. Barnhard
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN  46204-3535
(317) 231-7501
Dean.Barnhard@btlaw.com

*Counsel for H. D. Smith, LLC*


/s/ Laurie K. Miller
Thomas J. Hurney, Jr.
Laurie K. Miller
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
Charleston, WV 25301
Telephone: (304) 340-1000
thurney@jacksonkelly.com
lmiller@jacksonkelly.com

*Counsel for Miami-Luken, Inc.*

/s/ Craig G. Pelini
Craig G. Pelini (OH Bar #0019221)
Paul Ricard (OH Bar #0088207)
Pelini, Campbell & Williams, LLC
8040 Cleveland Ave., NW
Suite 400
North Canton, OH 44720
Phone:  (330) 305-6400
Fax:  (330) 305-0042
E-mail: cgp@pelini-law.com
E-mail: pbricard@pelini-law.com

/s/ John D. Hoblitzell III
John D. Hoblitzell III
Kay Casto & Chaney PLLC
707 Virginia Street, East
Suite 1500
Charleston, WV  25301
(304) 345-8900
jdhoblitzell@kaycasto.com

*Counsel for J M Smith Corporation d/b/a Smith Drug Company*