# EXHIBIT A

| | |
|---|---|
| **From:** | 2804 Discovery, MDL <mdl2804discovery@motleyrice.com> |
| **Sent:** | Monday, March 22, 2021 2:06 PM |
| **To:** | MDL 2804 |
| **Subject:** | FW: EXTERNAL-RE: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2) |

**From:** Ackerman, David <dackerman@motleyrice.com>
**Sent:** Monday, March 22, 2021 6:03:22 PM
**To:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Bonovich, Kelly Marino <kbonovich@jonesday.com>; sjernudd@bartlitbeck.com <sjernudd@bartlitbeck.com>; Opioid Defs' Group Listserv (xALLDEFENDANTS-MDL2804-Service@arnoldporter.com) <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; Fumerton, Tara A. <tfumerton@JonesDay.com>; Tabacchi, Tina M. <tmtabacchi@JonesDay.com>; Fiorentinos, Irene S. <ifiorentinos@JonesDay.com>; nhenning@jonesday.com <nhenning@jonesday.com>
**Subject:** RE: EXTERNAL-RE: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)

Special Master Cohen,

In addition to the notices below, Plaintiffs have served the following additional notices of sharing material produced by Pharmacy Defendants pursuant to CMO-2:

Alaska – notice (all Defendants) served 6/5/19
Kentucky – two notices: (1) for Walmart on 9/14/20; (2) for CVS on 12/9/2020
Montana – notice (all Defendants) served 6/3/19
New Hampshire – notice (all Defendants) served 5/24/19
New York AG – notice served for Walgreens and CVS on 2/4/19
Puerto Rico – notice (all Defendants) served 6/6/19
Rhode Island – two notices: (1) for CVS & Walgreens on 5/2/19; (2) for all Defendants on 5/24/19
South Carolina – notice (all Defendants) served 5/29/19
Utah – notice (all Defendants) served 5/24/19
West Virginia – notice served for Walmart, Rite-Aid, CVS and Walgreens on 5/14/2020

We did not receive objections to any of those notices.

Respectfully,
David Ackerman

**David Ackerman** | Attorney at Law | Motley Rice LLC
401 9th St. NW, Suite 1001 | Washington, DC 20004 | dackerman@motleyrice.com
o. 202.849.4962 x5962 | c. 202.997.1217 | f. 202.386.9622

**From:** 2804 Discovery, MDL
**Sent:** Monday, March 22, 2021 9:34 AM
**To:** DL - MDL 2804 <dl-mdl2804@motleyrice.com>
**Subject:** FW: EXTERNAL-RE: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)

**From:** Jennifer Connolly <jconnolly@baronbudd.com>
**Sent:** Monday, March 22, 2021 1:31:11 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Bonovich, Kelly Marino <kbonovich@jonesday.com>
**Cc:** Jernudd (External), Sten <Sten.jernudd@bartlitbeck.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; Fumerton, Tara A. <tfumerton@JonesDay.com>; Tabacchi, Tina M. <tmtabacchi@JonesDay.com>; Fiorentinos, Irene S. <ifiorentinos@JonesDay.com>; Henning, Nicole C. <nhenning@jonesday.com>
**Subject:** EXTERNAL-RE: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)

Special Master Cohen:

I can't speak about all plaintiffs, but on July 24, 2019 I provided notice under CMO2 for the States of Arkansas, Louisiana, New Mexico, South Dakota, and Ohio and never received an objection from the Pharmacy Defendants (or any other defendant). Jeff Gaddy also provided notice for Nevada and never received an objection.

Jennifer

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Sunday, March 21, 2021 11:26 PM
**To:** Bonovich, Kelly Marino <kbonovich@jonesday.com>
**Cc:** Jennifer Connolly <jconnolly@baronbudd.com>; Jernudd (External), Sten <Sten.jernudd@bartlitbeck.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; Fumerton, Tara A. <tfumerton@JonesDay.com>; Tabacchi, Tina M. <tmtabacchi@JonesDay.com>; Fiorentinos, Irene S. <ifiorentinos@JonesDay.com>; Henning, Nicole C. <nhenning@jonesday.com>
**Subject:** Re: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)

Hi,

I do not believe it is relevant but I am still curious:

Have Ps already shared Pharmacy Defendants' MDL discovery (including Ohio dispensing data) with **other** AGs without objection?

-d
=======================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Bonovich, Kelly Marino <kbonovich@jonesday.com>
**Sent:** Wednesday, March 17, 2021 10:42 PM

2

**To:** David Cohen <david@davidrcohen.com>
**Cc:** Connolly (External), Jennifer <jconnolly@baronbudd.com>; Jernudd (External), Sten <Sten.jernudd@bartlitbeck.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; Fumerton, Tara A. <tfumerton@JonesDay.com>; Tabacchi, Tina M. <tmtabacchi@JonesDay.com>; Fiorentinos, Irene S. <ifiorentinos@JonesDay.com>; Henning, Nicole C. <nhenning@jonesday.com>
**Subject:** RE: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)


Special Master Cohen,


Please find attached the Walmart-specific submission on this issue.  Walmart has also joined in the Pharmacy Defendants' submission made earlier this evening by Mr. Barnes.


Thank you,


Kelly


Kelly Marino Bonovich
Partner

**JONES DAY® - One Firm Worldwide℠**

77 West Wacker Drive
Chicago, IL 60601-1693
Office +1.312.269.4118

Facsimile +1.312.782.8585

kbonovich@jonesday.com

---

**From:** David Cohen <david@davidrcohen.com>
**Sent:** Monday, March 15, 2021 1:32 PM
**To:** Bonovich, Kelly Marino <kbonovich@jonesday.com>
**Cc:** Connolly (External), Jennifer <jconnolly@baronbudd.com>; Jernudd (External), Sten <Sten.jernudd@bartlitbeck.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>
**Subject:** Re: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)

**\*\* External mail \*\***

Thanks.  I look forward to receiving Defendants' position paper(s) on Wednesday, as promised by Sten below.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
[www.SpecialMaster.law](www.SpecialMaster.law)

---

**From:** Bonovich, Kelly Marino <kbonovich@jonesday.com>
**Sent:** Monday, March 15, 2021 1:44 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Connolly (External), Jennifer <jconnolly@baronbudd.com>; Jernudd (External), Sten <Sten.jernudd@bartlitbeck.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>
**Subject:** FW: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)


Special Master Cohen,

We wanted to note that Walmart appears to have been inadvertently excluded from the below list of pharmacy defendants that have asserted objections, and to confirm that Walmart also objects to these productions.

Thank you,

Kelly


Kelly Marino Bonovich
Partner
**JONES DAY® - One Firm Worldwide℠**
77 West Wacker Drive
Chicago, IL 60601-1693
Office +1.312.269.4118

Facsimile +1.312.782.8585
kbonovich@jonesday.com

**From:** Jennifer Connolly
**Sent:** Monday, March 15, 2021 12:45:30 PM (UTC-05:00) Eastern Time (US & Canada)
**To:** David R. Cohen (David@SpecialMaster.Law); Jernudd (External), Sten
**Cc:** 2804 Discovery, MDL; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Subject:** RE: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)

** External mail **

External E-mail

Special Master Cohen:

I write in response to Sten Jernudd's email to provide some context for the relevant issues.

As Mr. Jernudd notes, Plaintiffs provided notice under CMO2 of our intent to provide MDL productions to Baron & Budd clients, the States of Mississippi, Hawaii, and Michigan, and indicated that the respective deputy attorneys general had executed the MDL protective order. We received no objections from the Manufacturer Defendants or the Distributor Defendants, but certain Pharmacy Defendants objected to disclosure of various types of information.

Specifically, Walgreens objected to disclosure of two specific production volumes - WAGMDLPER001 and WAGMDLPER002 (consisting of Walgreens documents produced pursuant to a privilege Discovery Ruling entered in all cases). Because the parties were unable to reach agreement on whether those documents should be disclosed to my AG clients, Walgreens has indicated it intends to seek (and now has sought) a protective order.

Separately, a number of Pharmacy Defendants objected to providing certain information to these 3 state AGs on different grounds:

- Certain Pharmacy Defendants (specifically, Giant Eagle, Rite Aid, Publix, Kroger, CVS, and Walgreens) objected to our providing their dispensing data to any of the three state AGs.
- Giant-Eagle objected to providing any information to the State of Hawaii, because Giant-Eagle does no business there.

During this broader meet and confer, I agreed not to provide dispensing data to these state AGs pending a resolution of their contemplated motion for protective order. I declined to agree not to provide those defendants' remaining MDL productions to those state AG clients because doing so would hinder our representation of those clients, and because sharing these documents with our client representatives (who have executed the MDL Protective Order) is permitted by CMO2. Two of the three AG clients—Michigan and Mississippi--have active litigation against certain pharmacy defendants. Moreover, all AGs are regularly involved in discussions regarding litigation and settlement of claims against all opioid defendants, and access to documents and information plays an important role.

In our view, the above-identified Pharmacy Defendants have provided no basis for emergency relief and no basis for preventing us from sharing the productions with our state AG clients. As we have done with our six other state AG clients, we fully complied with CMO2. Notably, four separate provisions of that order (as well as the amended order) permit us to share the documents: 34(a) (documents can be disclosed to in-house counsel for any plaintiff if outside counsel determines in good faith that disclosure is reasonably necessary); 34(h) (allowing MDL documents to be provided to "state or federal law enforcement agencies" after they have executed Exhibit A and after notice is given); 34(i) (allowing Plaintiff's counsel of record to any Plaintiff with a case pending in MDL 2804 to receive access); and 34(j)

(allowing access to "[c]ounsel for claimants in litigation pending outside this Litigation and arising from one or more Defendants' manufacture, marketing, sale, distribution, or dispensing of opioid products . . ." provided they execute Exhibit A).

For these reasons, I believe that we are permitted to share the MDL productions with our other 3 state AG clients.  Further, I'm unaware that Pharmacy Defendants have objected to the disclosure of any MDL discovery to any other state AG.

Please let me know if you have questions about any of the above.

Jennifer

**Jennifer Fountain Connolly**
Opioid Litigation | Shareholder

202.333.4562 main
202.333.4873 direct
202.258.8234 mobile
www.baronandbudd.com

Dallas | Austin | Baton Rouge | New Orleans | Los Angeles
San Diego | Chico | New York | Washington, D.C

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Saturday, March 13, 2021 10:56 PM
**To:** Sten Jernudd <Sten.jernudd@bartlitbeck.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; Jennifer Connolly <jconnolly@baronbudd.com>
**Subject:** Re: Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)

I did not see this until just now.  I am not sure how I missed it.  It is my fault for not seeing it, but if something is an emergency you should call me and make sure I am looped in.

Anyway, Defendants have requested an emergency order barring Plaintiffs from sharing certain information until I rule on the issue.  Plaintiffs have offered no response to this emergency request, such as that sharing the information is also an emergency.  Accordingly, Ds' request is granted until I receive position papers and understand what it going on.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Sten Jernudd <Sten.jernudd@bartlitbeck.com>
**Sent:** Friday, March 12, 2021 7:04 PM

**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; David Cohen <david@davidrcohen.com>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; Jennifer Connolly <jconnolly@baronbudd.com>
**Subject:** Emergency Request -- MDL 2804 (Notice Pursuant to CMO2)

Special Master Cohen,

On February 23, Plaintiffs gave notice, pursuant to CMO 2, that they planned to provide Defendants' MDL discovery productions (including confidential Ohio dispensing data) and deposition transcripts to representatives from the Hawaii, Michigan, and Mississippi AGs' offices. Defendants timely objected with respect to certain documents and data, also objected that certain Defendants' information should not be shared at all when those Defendants never did any business in the jurisdictions at issue, and requested meet and confers. Certain of the meet and confers took place on Wednesday and today; a meet and confer specific to Walmart remains pending. Plaintiffs have refused to agree to any limitations on their productions.

Defendants requested that Plaintiffs hold off on sharing these productions and transcripts until we could seek relief from you. Plaintiffs agreed to hold off on sharing confidential dispensing data but refused to hold off on sharing any other MDL discovery. As such, Defendants request an emergency order barring Plaintiffs from sharing this information until you rule on this issue. In the meantime, Walmart will again reach out to Plaintiffs for a meet and confer. We will have our papers to you by Wednesday.

Thanks,

Sten

# BartlitBeck LLP

Sten A. Jernudd | p: 312.494.4439 | c: 206.271.5594 | sten.jernudd@bartlitbeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files | Leave group | Learn more about Microsoft 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.