UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DISTRICT

|  |  |  |
|---|---|---|
| In Re: National Prescription Opiate | ) | MDL 2804 |
| Litigation | ) | Case No. 1;17-MD-2804 |
|  | ) |  |

FILED

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**MOTION FOR LEAVE TO INTERVENE OF RIGHT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 24(a)(2), AND FOR CLASS
CERTIFICATION PURSUANT TO RULE 23(a)(1) THRU (4)**

To: The Honorable Dan Aaron Polster.

**NOW COMES** the Petitioners, Salih, formerly known as Cecil La'Roy Hall, Mark Brown, Jason Hall, Jerome Roberts, Waltona Winchester, and Jackie Brooks, representing all those similarly situated (The Cognizable Class), and move this Honorable Court, Pursuant to Federal Rules of Civil Procedure, Rule 24(a)(2), for an order granting leave to Intervene in this Multi-District Litigation as named Plaintiffs. Petitioners will show the following in support of this motion for leave to intervene as a right:

1. First, the Petitioners, who are moving to intervene in this Multi-District Litigation as named Plaintiffs, assert, and humbly submit, that they are the real party in interest in this cause of action within the meaning of the substantive law. Under the substantive law, the real party in interest is the one who actually possesses the substantive right being asserted and has a legal right to enforce the claim, as opposed to one who has only a nominal, formal, or technical interest in connection with it. Petitioners submit that they are the actual or real party of interest because they are the class of people who have suffered the harm that is asserted in this cause of action personally.

2. Petitioners can establish, through evidence of public and medical records, to have incurred injury and actual damages from the products manufactured and distributed by the defendants. Petitioners are actual victims of over prescription of opiate drugs at center of the central controversy around which this Multi-District Litigation is framed, and also so suffered devastating life damages from the consequences of using these drugs to treat pain, which forms the basis of this litigation, once again.

3. Petitioners assert and submit that all the other plaintiffs are nominal under the meaning of the substantive law and are acting as fiduciary to their class. As the real party in interest, petitioners have standing to be heard by the court, particularly in matters to be decided in a bankruptcy case.

4. Under the Federal Rules of Civil Procedure, Rule 17(a) provides that "every action shall be prosecuted in the name of the real party in interest," so that the named plaintiffs must have, under the governing substantive law, the right sought to be enforced.

5. Petitioners further argue that their legal status as the real party of interest is significant as it relates to the language of Federal Rules of Civil Procedure, Rule 24 (a)(2). Federal Rule 24(a)(2) provides in pertinent part as follows:

> "Rule 24, Intervention.
>
> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (2) Claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant ability to protect its interest unless existing parties adequately represent that interest."

6. Petitioners assert that they now move to represent a cognizable class that are situated at center of this cause of action, have suffered actual and personal injury and damages from the prescription drugs at issue, and submit that they are the real party in interest under the substantive law because of the actual harm suffered, and that the existing named Plaintiffs are merely nominal plaintiffs, as they can establish with evidence their actual injuries, and therefore have standing, perhaps greater than the existing named plaintiffs.

7. Petitioners, having asserted the argument that they, and the class they represent, are the real parties in interest under the substantive law, draw the court's attention to media coverage of settlement negotiations ongoing in this case demonstrate that the Petitioners interest are not adequately represented by existing parties, and that existing Plaintiffs now impair or impede the interest of their entire class. It appears that states are adequately represented in settlement negotiations, and even future victims to the ill effect of the prescription drugs at center of this controversy, but the actual injured parties are not provided for in any meaningful way.

8. Recent media coverage of the settlement discussions demonstrate that all parties, besides, or for the exception of Petitioners, have been dividing settlement figures between the lawyers, and with the 39 states, potentially providing treatment opportunity for future victims of opiates. However, nothing is set aside to compensate the actual injured parties arising out of the conduct of the defendants, who have suffered life devastating harm incurred from the drug epidemic caused by the defendants greed and illegal practices which form this cause of actions.

9. Petitioners argue that Federal Rules of Civil Procedure, Rule 24(a)(2), provides them with a right to intervene, as they are clearly and currently so situated that disposing of the action under existing arrangements may (will) as a practical matter, impair or impede their ability to protect their interest unless existing parties are required to adequately represent that interest.

10. To this end, Petitioners have established an non-profit, tax exempt agency, pursuant to section 501(c)(3) of the Internal Revenue Code, which has expressly been organized to serve as a platform for ex-offenders who are recovering people, who have successfully completed treatment programming, and who have sought and obtained advanced education, and who have worked in the helping fields, particularly in the mental health and treatment for chemical dependency, and who have dedicated themselves to the improvement and elevation of these areas of treatment. The agency herein described is called the Zep Tepi Institute, Inc.

11. Petitioners further submit that a license attorney will enter appearance in this matter on their behalf, and on behalf of their class if intervention is granted, and consequently, petitioners further seek class certification pursuant to Federal Rules of Civil Procedure, Rule 23, for the purpose of the Petitioners representation of the cognizable class for which they now apply for intervention as a matter of right. Petitioners move the court for an order granting intervention, and then allowing them a reasonable time to obtain counsel to move for class certification under Rule 23.

12. Petitioners have developed a new and innovative treatment modality which has been named "Self Concept Restructuring," and seek to establish a research demonstration program model to be studied to evaluate its efficacy and effectiveness, and to compare it with the effectiveness of existing treatment program celebrated by experts in the field or in prior research.

13. Petitioners now move this court to require existing parties, consistent with the spirit of Federal Rule 24(a)(2), to adequately represent the interest of their class by including $500,000,000.00 (Five Hundred Million Dollars), to be administered by the Zep Tepi Institute, Inc., $12,000,000.00 (Twelve Million Dollars) expressly for the funding of their research

demonstration modeled program which is proposed to be studied by the University of Delaware's Center for Drug, Alcohol, and Mental Health Studies.

14. The remaining portion of the requested set aside compensation would be used to fund innovative programs proposed and generated from within the class. The Zep Tepi Institute< Inc., will organize an entity or team to receive, evaluate and fund program proposals which show promise with helping the population devastated by the drug epidemic exasperated by the defendants complained of actions.

15. If class certification is required for Petitioners to represent the class that it herein declares, they now formally move for class certification pursuant to Federal Rules of Civil Procedure, Rule 23(a)(1) thru (4).

**WHEREFORE**, Petitioners move this Honorable Court for leave to intervene is this Multi-District Litigation as Plaintiffs of right pursuant to Federal Rules of Civil Procedure, Rule 24(a)(2), and begin the class certification process pursuant to Federal Rules of Civil Procedure, Rule 23(a)(1) thru (4), with prayer that relief be granted.

**Dated:** 4-26-21

**Respectfully Submitted,**

Salih
464 Bethune Drive
Wilmington, DE 19801
302-761-0731

Mark Brown
839 N. Tattnall Street
Wilmington, DE 19801

Jason Hall
1401 Maryland Avenue
Apartment # D-13
Wilmington, DE 19805

_____
Jerome Roberts
110 W. 20th Street
Wilmington, DE 19802

_____
Waltona Winchester
459 Morehouse Drive
Wilmington, DE 19801

_____
Jackie Brooks
77 Oakmont Drive
New Castle, DE 19720

## VERIFICATION AND CLOSING

    Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

    We, Now Certify, to the best of our knowledge, information and belief that the contentions presented in these moving papers are true and correct, and are presented in pursuit of justice and truth.

Dated: 4-20-21

Respectfully Submitted,

_____
Salih
464 Bethune Drive
Wilmington, DE 19801
302-761-0731

_____
Mark Brown
839 N. Tattnall Street
Wilmington, DE 19801

_____
Jason Hall
1401 Maryland Avenue
Apartment # D-13
Wilmington, DE 19805

_____
Jerome Roberts
110 W. 20th Street
Wilmington, DE 19801

_____
Waltona Winchester
459 Morehouse Drive
Wilmington, DE 19801

_____
Jackie Brooks
77 Oakmont Drive
New Castle, DE 19720

Sworn to, and subscribed, before me a Notary Public, this 20th day of April, 2021.

_____
Notary Public

MICHELLE DINEEN SAMUELS
MY COMMISSION EXPIRES
March 19, 2024
NOTARY PUBLIC
STATE OF DELAWARE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| In RE: National Prescription Opiate Litigation | ) MDL 2804<br>) Case No. 1:17-MD-2804 |

## AFFIDAVIT OF SALIH, FORMERLY KNOWN AS
## <u>CECIL LA'ROY HALL</u>

I, Salih, who was formerly known as Cecil La'Roy Hall, hereby declare and affirm, that I am of sound mind and make this affidavit based on my own experience, information and belief, and state the following:

1. I am a recovering person who suffers from the disease of chemical dependency to opiates.
2. In 2004, I suffered severe pain, and was prescribed Vicodin, OxyContin and Percocet as treatment for my pain. While simultaneously, I was being treated for Hepatitis C Virus with a drug called interferon. On December 1, 2005, I was incarcerated and sentenced to a Ten (10) year term for criminal behavior that was caused by an opiate addiction, and the neuro-psychiatric side effects of the drug called Interferon.
3. I was released from prison in 2015, and while on work release I was injured at work and once again treated for my pain with drugs, an abundance of opiate.
4. I am currently disabled due to permanent nerve damage, depression, my chemical dependence and a host of issues associated with these limitations.
5. I am an actual victim of the behavior of the defendants as described in this case, and am entitle to redress for my damages.

Dated: 4-20-21

_____
Salih
464 Bethune Drive
Wilmington, DE 19801
302-761-0731

Sworn and subscribed before me, a Notary Public, this 28th day of April, 2021.

_____
Notary Public

## CERTIFICATE OF SERVICE

      I, Salih, hereby certify under the penalty of perjury that I have served a true and correct copy of the attached "Motion for Leave to Intervene of Right Pursuant to Federal Rules of Civil Procedure, Rule 24(a)(2) and for Class Certification Pursuant to Rule 23(a)(1) Thru (4)," by placing the same in the United States Mail, addressed to the below mentioned parties and their representatives, as follows:

**Plaintiffs Liaison Counsel:**

    Peter H. Weinberger, Esq.
    Spangenberg, Shibley & Liber
    Suite 1700
    1001 Lakeside Avenue, East
    Cleveland, OH 44114

    Steven J. Skikos, Esq.
    Skikos Crawford, Skikos Joseph & Millican – San Francisco
    Suite 2830
    1 Sansome Street
    San Francisco, CA 94104

    Troy A. Rafferty, Esq.
    Levin Papantonio Thomas Mitchell Rafferty & Proctor
    Suite 600
    316 South Baylen Street
    Pensacola, FL 32502

**Manufacturer- Defendants Liaison Counsel:**

    Mark S. Cheffo, Esq.
    Dechert, LLP
    Three Bryant Park
    1095 Avenue of the Americas
    New York, NY 10036-6797

    Carole S. Rendon, Esq.
    Baker & Hostetler – Cleveland
    2000 Key Tower, 127 Public Square
    Cleveland, OH 44114

| | |
|---|---|
| **Distributor Defendants Liaison Counsel:** | Enu Mainigi, Esq.<br>Williams & Connolly<br>725 Twelfth Street, NW<br>Washington, DC 20005<br><br>Shannon E. McClure, Esq.<br>Reed Smith – Philadelphia<br>Suite 3100<br>Three Logan Square<br>1717 Arch Street<br>Philadelphia, PA 19103<br><br>Geoffrey E. Hobart, Esq.<br>Covington & Burling LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, DC 20001-4956 |
| **Physician-Defendants Liaison Counsel:** | Tyler G. Tarney, Esq.<br>Gordon & Rees – Columbus<br>Suite 2495<br>41 South High Street<br>Columbus, OH 43215 |
| **Chain Pharmacy Defendants Liaison Counsel:** | Kaspar Stoffelmayr, Esq.<br>Bartlit Beck Herman Palenchar & Scott<br>54 West Hubbard Street<br>Suite 300<br>Chicago, IL 60654 |
| **Special Master**: | David R. Cohen, Esq.<br>24400 Chagrin Blvd.<br>Suite 300<br>Cleveland, OH 44122 |

I declare under penalty of perjury that service has been made on this __20TH__ day of __April__, 2021, through United States Mail.

_____
Salih
464 Bethune Drive
Wilmington, DE 19801

Sworn and scribed before me a Notary Public, this __20th__ day of __April__, 2021.

_____
Notary Public

MICHELLE DINEEN SAMUELS
MY COMMISSION EXPIRES
March 19, 2024
NOTARY PUBLIC
STATE OF DELAWARE