UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DISTRICT

FILED
APR 29 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

|  |  |  |
|---|---|---|
| In Re: National Prescription Opiate | ) | MDL 2804 |
| Litigation | ) | Case No. 1;17-MD-2804 |
|  | ) |  |

**MOTION FOR LEAVE TO INTERVENE OF RIGHT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 24(a)(2), AND FOR CLASS
CERTIFICATION PURSUANT TO RULE 23(a)(1) THRU (4)**

To: The Honorable Dan Aaron Polster.

**NOW COMES** the Petitioners, Salih, formerly known as Cecil La'Roy Hall, Mark Brown, Jason Hall, Jerome Roberts, Waltona Winchester, and Jackie Brooks, representing all those similarly situated (The Cognizable Class), and move this Honorable Court, Pursuant <u>to Federal Rules of Civil Procedure</u>, Rule 24(a)(2), for an order granting leave to Intervene in this Multi-District Litigation as named Plaintiffs. Petitioners will show the following in support of this motion for leave to intervene as a right:

1. First, the Petitioners, who are moving to intervene in this Multi-District Litigation as named Plaintiffs, assert, and humbly submit, that they are the real party in interest in this cause of action within the meaning of the substantive law. Under the substantive law, the real party in interest is the one who actually possesses the substantive right being asserted and has a legal right to enforce the claim, as opposed to one who has only a nominal, formal, or technical interest in connection with it. Petitioners submit that they are the actual or real party of interest because they are the class of people who have suffered the harm that is asserted in this cause of action personally.

2. Petitioners can establish, through evidence of public and medical records, to have incurred injury and actual damages from the products manufactured and distributed by the defendants. Petitioners are actual victims of over prescription of opiate drugs at center of the central controversy around which this Multi-District Litigation is framed, and also so suffered devastating life damages from the consequences of using these drugs to treat pain, which forms the basis of this litigation, once again.

[Margin annotation, left side:] Motion denied. Movants have failed to show that resolution of the MDL may as a practical matter impair or impede their ability to protect their interests, or that existing parties do not adequately represent their interests. See Fed. R. Civ. P. 24(a)(2)
/s/Dan Aaron Polster  4/29/21