# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) **MDL 2804** |
| | ) |
| THIS DOCUMENT RELATES TO: | ) **Case No. 1:17-MD-2804** |
| | ) |
| *All Cases* | ) **Judge Dan Aaron Polster** |
| | ) |
| | ) **ORDER REGARDING THE SHARING OF CONFIDENTIAL MDL NON-DISPENSING DATA DISCOVERY INFORMATION WITH THE ATTORNEYS GENERAL OF HAWAII, MICHIGAN, AND MISSISSIPPI** |

On March 30, 2021, Special Master David R. Cohen issued a Protective Order (Doc. 3666) permitting Plaintiffs to share certain Confidential and Highly Confidential MDL discovery ("Confidential Discovery Information" or "CDI") with the Attorneys General of Hawaii, Michigan, and Mississippi ("the State AGs").  On April 20, 2021, Defendants filed an objection to permitting the sharing of this CDI.  (Doc. 3701).  On April 27, 2021, Plaintiffs filed their opposition to defendants' objection.  (Doc. 3705).

For the reasons set forth below, defendants' objection is conditionally **SUSTAINED**. Specifically, unless and until the State AGs directly (i.e., not through Plaintiffs' counsel) request CDI and aver they need it for a law enforcement purpose, sharing of CDI is not permitted

Special Master Cohen concluded *Case Management Order No. 2* (Doc. 441; amended at Doc. 2688) ("*CMO 2*") permitted the disclosure of the CDI to the State AGs under sub-paragraphs 33.j and 34.h.  These sub-paragraphs permit the release of "Confidential Information" (33.j) and "Highly Confidential Information" (34.h) to "State or federal law enforcement agencies, but only

after such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound." *CMO 2* at 12, 15.

The Court agrees with Special Master Cohen's initial conclusion that CDI may be disclosed to ***outside*** law enforcement agencies – which, of course, includes the State AGs.  As Special Master Cohen correctly described (*Protective Order* at 8), sub-paragraphs 33.j and 34.h would be rendered meaningless if they were limited to only those law enforcement agencies that use MDL discovery for MDL litigation, because those entities would not need 33.j and 34.h to access the discovery at issue.  Accordingly, Defendants' argument that CDI can only be shared "solely for the purposes of this Litigation" (*objection* at 3–4) fails.

The Court now holds, however, that for the State AGs to obtain CDI, they must request it personally.  To date, the Court is unaware of any State AG requesting the CDI directly.  Instead, ***Plaintiffs' counsel*** have sought sharing of CDI, asserting the State AGs need it.  While Special Master Cohen correctly noted "this Court is not in a position to ascertain or second-guess whether a State AG is actually or intending to exercise law enforcement authority," (*Protective Order* at 7) the Court does agree with Defendants that, to obtain CDI, the State AGs must themselves state explicitly they need it for some law enforcement purpose.  To satisfy this new requirement, the State AGs must themselves submit a request for the CDI and aver they need it for a law enforcement purpose.  For Plaintiffs' counsel to do so is insufficient, as they cannot speak for the State AGs as to whether any law enforcement function exists.

2

Accordingly, the Court hereby conditionally **SUSTAINS** defendants' objection unless and until the State AGs, themselves, submit a request averring they need the CDI for a law enforcement purpose.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  May 3, 2021
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**