UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) ) ) **THIS DOCUMENT RELATES TO:** ) ) *Track Three Cases* ) ) ) ) | **MDL 2804** **Case No. 1:17-MD-2804** **Judge Dan Aaron Polster** <u>**ORDER REGARDING FLORIDA DISPENSING DATA**</u> |

On March 30, 2021, Special Master David R. Cohen's issued the *Order Regarding Florida Dispensing Data* (Doc. 3667) ("the *Florida Data Order*"). This Order compels production of Florida prescription data produced in a Florida state court into the MDL repository pursuant to *Discovery Ruling No. 22* (Doc. 2576; amended at Doc. 2712) ("DR-22"). On April 16, 2021, CVS and Walgreens ("Defendants") objected to the *Florida Data Order* (Doc. 3698) ("*Defendants' Objection*") on grounds set forth below. Plaintiffs responded to Defendants' objection on April 22, 2021 (Doc. 3703), and Defendants replied in support of their objection on April 27, 2021 (Doc. 3704).

For the reasons set forth below, the objection is **OVERRULED** and the *Florida Data Order* is **AFFIRMED**.

I. **DR-22 Re-production Versus Rule 26 Discovery**

First, Defendants argue the data at issue here does not meet the relevancy threshold set forth in Federal Rule of Civil Procedure 26 and, on that basis, the Court has denied previous attempts by Plaintiffs to compel production of prescription data outside Ohio. Accordingly, Defendants say, the Court should similarly deny production of the Florida prescription data at issue

here. This argument is not well-taken. As the *Florida Data Order* describes, whether discovery of data from jurisdictions outside Ohio is warranted in a particular bellwether case under Rule 26 is a separate question from whether Defendants must **re**-produce documents, pursuant to DR-22, that were previously produced elsewhere. Here, the data at issue has already been produced in Florida state court in a case regarding the marketing, sales, distribution, or dispensing of opioids. Thus, these documents fall squarely within the parameters of DR-22 and warrant re-production in the MDL repository. The Court therefore need not determine whether this discovery meets the relevancy standard of Rule 26.

II. **The Status of HIPAA-protected Information**

In addition, Defendants contend DR-22 excludes any HIPAA-protected information from production. *Defendants' Objection* at 4. Specifically, Defendants point to the following language from the October 3, 2019 Amendment to DR-22: "Pharmacy Defendants are not obligated by DR-22 to produce in the MDL any discovery provided to a government entity that contains HIPAA-protected information." *Amendment to DR-22* (Doc. 2712) at 2. Defendants further contend that even if this language does not prevent the production of the requested data, producing the data would violate HIPAA. *Defendants' Objection* at 5–6.

First, the full context *Amendment to DR-22* shows the above-quoted language cited by Defendants applies specifically to documents produced in government investigations:

> DOJ is concerned that, if a Defendant produces in the MDL documents and other materials it produced in response to an ongoing **federal government investigation** (or a private federal government hearing), that could reveal to outside entities the thrust of that investigation, thereby jeopardizing both that investigation and any other, similar ones being pursued. . . . Defendants reiterate the DOJ's position **regarding government investigations** and also ask for clarification of several other issues. The Special Master agrees several other requested clarifications should be made, and now does so by ruling as follows: . . . Pharmacy Defendants are not obligated by DR-22 to produce in the MDL any discovery provided to a government entity that contains HIPAA-protected information.

*Amendment to DR-22* at 1–2 (emphasis added).  Accordingly, the exception Defendants cite does not apply here.

As for a potential HIPAA violation resulting from producing this data, the essential basis for this general exclusion of HIPAA-protected information, however, stems from the privacy concerns surrounding individuals' protected health information ("PHI").  Federal regulations aim to safeguard such PHI,[1] of which HIPAA-protected data is an example.  Defendants are correct that, left in its original state, PHI should be excluded from production.  However, federal regulations allow for disclosure of PHI when certain identifying information (e.g., names, addresses, and Social Security numbers) is removed.[2]  Here, Special Master Cohen ordered such de-identification, which works to protect individuals' privacy.  De-identification generally involves the following measures:

> (1) a patient's name and social security number will be withheld, but she will be given a new, unique identifying number across databases to allow cross-reference; (2) her street address will not be produced, but her zip code will be; (3) her full date of birth will not be produced, but her birth year will be; and so on. The end result is that no person who obtains the data will learn what medications any identifiable individual has received.

*Discovery Ruling Regarding Pharmacy Data Production* (Doc. 3106) at 2–3.

The Court appreciates the privacy concerns surrounding the dissemination of PHI, but has also allowed production of PHI numerous times while simultaneously taking steps to safeguard it.  Specifically, the Court has issued numerous protective orders addressing HIPAA-protected health information.  *See e.g.*, *Track One Discovery Order Regarding Health-Related Information* (Doc. 703) (ordering the production of HIPAA-protected data with a unique identifier that does not include patient-identifying information, and requiring that all data be designated "Highly

---

[1] *See generally*, 45 C.F.R. §§ 164.502, 164.512, 164.514.
[2] *See* 45 C.F.R. § 164.514(b)(2)(i).

Confidential – Attorneys' Eyes Only."); *November 21, 2018 Order* (Doc. 1147) (requiring that certain opioid-related claims data be de-identified as to individual information); *Order Governing Production of Medical and Pharmacy Claims Data in Track One Cases* (Doc. 1421) (ordering the deletion, destruction, or return of all versions of prior-produced opioid-related claims data to ensure de-identified data cannot be identified); *Order Governing Production of Non-Party OptumRx, Inc.'s Pharmacy Claims Data for Track One Cases* (Doc. 1635) (ordering the production of opioid-related claims data "in an encrypted, password-protected form that can be accessed, decrypted, and downloaded only by those individuals identified in [the Order]").

While the privacy concerns surrounding PHI are real, the Court finds that the de-identification ordered by Special Master Cohen balances the need to address these concerns with the need to re-produce documents produced in related state court actions into the MDL pursuant to DR-22.

Accordingly, Defendants' objection is **OVERRULED** and the *Florida Data Order* is **AFFIRMED**.

        **IT IS SO ORDERED.**

        **/s/ Dan Aaron Polster  May 3, 2021**
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**