**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*Track Three Cases*" | ) ) ) | |
| | ) ) ) ) ) | **ORDER ON WALMART'S MOTION TO COMPEL THE DEPT. OF VETERANS AFFAIRS TO PRODUCE DISCOVERY** |

Walmart served a subpoena and *Touhy* letter on the Department of Veterans Affairs ("the VA"), demanding production of certain discovery.  The VA essentially refused.  After some negotiation, the VA agreed to produce only a modicum of the requested information.[1]  Accordingly, Walmart moves to compel production.  For the reasons stated below, the motion is **DENIED**, except that the VA is ordered to produce the information it agreed to produce.

Walmart's subpoena contains 23 different requests for production, but Walmart characterizes the sum of the information it seeks as follows:

> Walmart requested materials that will show VA's knowledge, policies, procedures, and practices relevant to the prescribing and dispensing of prescription opioids.  The requested materials will show VA's practices with respect to the prescribing and dispensing of prescription opioids, allowing the parties in Track 3 to compare the VA's practices to the standards to which Plaintiffs seek to hold Walmart and the

---

[1] Specifically, the VA wrote it would produce: (1) current and prior versions of national policies; (2) identification of VA healthcare facilities in Ohio; (3) accessible reports and audits that are not privileged; and (4) accessible guidance and training materials.  Letter from Natalie Waites to Special Master at 9 (April 9, 2021).

other Pharmacy Defendants in this litigation.

Letter from Kristin Morrison to Special Master at 2 (March 29, 2021). The VA responds with various arguments, including that the requested information is not relevant and is unduly burdensome to produce. The Special Master agrees that the information Walmart seeks has very low probative value, and also that the substantial burden on third-party VA makes production "disproportionate to the needs of the case." *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).

Put simply, Walmart has not shown that comparison of the VA's prescribing and dispensing practices to Walmart's own practices helps prove or disprove any issue in contention in this case. To state the obvious, the VA is not a retail pharmacy. Whether **the VA's** prescribing and dispensing practices met **the VA's** legal obligations says virtually nothing about whether **Walmart's** prescribing and dispensing practices met **Walmart's** legal obligations. Moreover, as the VA notes, it does not "have [any] role in interpreting or enforcing the Controlled Substances Act, or drafting public guidance regarding the safe use and handling of opioids." Letter from Natalie Waites to Special Master at 4 (April 9, 2021). And Walmart does not even mention, much less claim it relied upon, any VA rules, regulations, guidance, or communications, nor does Walmart contend the VA was responsible for causing a public nuisance.

Walmart notes that Plaintiffs assert it breached duties "under *federal* . . . law to report and to halt suspicious orders and not to dispense . . . 'suspicious' prescriptions;" and Walmart then argues the requested discovery would show "the *federal* government's own policies and practices in relation to the statutes and regulations at issue." Letter from Kristin Morrison at 3 (April 14, 2021) (emphasis added). That the VA is a federal agency, however, says nothing about what federal

2

laws and regulations are applicable to Walmart, and whether Walmart complied with those requirements. Walmart has failed, as a threshold matter, to show the requested information "possesses sufficient probative value to justify receiving it in evidence." Fed. R. Evid. 401, Notes of Advisory Committee. Weighing the low likely benefit of discovery against the VA's burden of production, *see* Waites letter at 4-6 (explaining the burden in detail), the Special Master concludes the motion to compel is not well-taken. *See* Fed. R. Civ. P. 26(b)(2)(iii) (a court may limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues").

As noted at the outset, the VA offered to produce certain responsive materials that are less onerous to collect and deliver. The Special Master directs the VA to do so, only because the burden of production is so low. In all other respects, however, Walmart's motion to compel is denied.

Walmart shall ensure counsel for the VA receives a copy of this Order.

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** May 4, 2021

3