# EXHIBIT
# 5

# FW: EXTERNAL-RE: Notes Field Ruling - Plaintiffs' reply and plan.

## 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>

Tue 5/4/2021 8:18 AM

To: MDL 2804 <MDL2804@motleyrice.com>;

📎 1 attachments (100 KB)

2021.05.04 Plaintiffs Revised Proposal for Due Diligence Notes Production.pdf;

---

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Tuesday, May 4, 2021 1:07:31 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; kaspar.stoffelmayr@bartlitbeck.com <kaspar.stoffelmayr@bartlitbeck.com>
**Cc:** EXT-TRACK3DEFENDANTS@GROUPS.JONESDAY.COM <EXT-TRACK3DEFENDANTS@GROUPS.JONESDAY.COM>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** EXTERNAL-RE: Notes Field Ruling - Plaintiffs' reply and plan.

SM Cohen and Pharmacy  Defendants:

Pursuant to your ruling below, Plaintiffs submit their attached plan for the retrieval of the data/documents regarding the "Notes Field" topic.

Pete

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Sunday, May 2, 2021 9:11 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>; kaspar.stoffelmayr@bartlitbeck.com
**Subject:** Notes Field Ruling - please distribute this email as appropriate

Greetings.  Thank you for your written submissions and discussions with me regarding the "Notes Field" topic.

Having carefully weighed all of your arguments and positions, and assessed the relevant factors set out in FRCP 26, I rule as follows.

Each Defendant will produce to Plaintiffs the Notes Fields that are associated with <u>250 of Plaintiffs' Red Flag Prescriptions ("RFRx") per year</u>, chosen randomly.  I leave it to you how this random choosing will occur.  If you can't agree, I will decide.

By "Notes Fields," I mean any information that is associated with the particular RFRx, including transactional prescription data fields, hard-copy scans of the front or back of paper Rxs, and anything else that a Defendant asserts was a part of its documentation of due diligence for RFRxs.

I decline to order Defendants to produce anything else related to Notes Fields.  Thus, for example, I deny Plaintiffs' request for blank fields for **all** RFRxs, and their request for supplemental identifiers for Walgreens' already-

produced TDGFD checklists.  (Of course, Walgreens must still produce these checklists, if any, for the randomly-chosen RFRxs.)

This leaves the question as to which RFRxs will be included in the universe from which the random sampling is done.  Kate Swift's 4/30/21 email urges the universe should include only the 27 red flags originally disclosed in June 2020.  Plaintiffs urged during the telecon that the universe should be the 11 red flags upon which Catizone relies in his expert report.

I am not going to unravel now the extent to which these two universes overlap.  Rather, I leave the choice up to Plaintiffs, with the understanding that (as Kate promises) a motion to strike is forthcoming, and I have no forecast on how the Court will rule.  Thus, Plaintiffs may choose to define the universe from which RFRx Notes Fields data will be produced to include only the Catizone 11 red flags, but later learn the Court grants Defendants' motion and strikes all reference to those RFRXs.  Alternatively, Plaintiffs may agree to limit the universe as Kate proposes (only the original 27 red flags).  Or Plaintiffs may choose some combination in between (e.g., 125 per year from each of these two 'universes', or 250 per year from a combined universe of the 27+11=38 red flags).  I also do not and cannot now have any forecast on how Plaintiffs' choice will dovetail with their experts' existing opinions.  As I stated before, however, there will be allowed short addenda to the reports of relevant experts.  We will have to determine deadlines for those later.

Finally, there will be no additional discovery beyond what is described above (e.g. no depositions of prescribing doctors).  FYI - I spoke with Judge Polster specifically about this question and he so stated.

Plaintiffs must identify for Defendants what they choose for their RFRx universe by COB Wednesday 5/5.  Ps and Ds should start discussing now how RFRxs will be chosen "randomly" and let me know by COB Wednesday whether they agree; and if not, what their proposals are for "random".  Ds will immediately start rolling out this discovery once the random RFRxs are identified.  By "rolling out," I mean both by Note Field (e.g., data fields first, paper scans later) and by Rx (e.g., paper scans in batches as they are located).

Please let me know if you need me to clarify anything above.

-David
=========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com

Spangenberg Shibley & Liber

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and

could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

_____

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files   |   Leave group   |   Learn more about Microsoft 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

**Plaintiffs' Revised Proposal for Due Diligence Notes Production**
**Pursuant to 5.02.2021 Ruling**

a. **Random Sampling** – The parties will randomly identify 250 red flagged prescriptions per year, per Defendant by a series of formulas run through the universe of red flagged prescriptions defined below.

 i. The sampling will be performed on the universe of approximately 840,000 prescriptions which are flagged <u>both</u> by the 27 calculations first set out in Plaintiffs' June 2020 red flag submission <u>and</u> the additional calculations arising from Catizone's expert report (i.e., the overlapping set of prescriptions between both sets).

 ii. In order to perform the random sampling, Plaintiffs will provide Defendants with a list of unique identifiers (MD5 hash values) for all prescriptions within the universe of 840,000 prescriptions described above.  The list will be broken out by Defendant and Year (for years 2006-2019).  No other information will be provided to Defendants at this time beyond the unique identifiers, so that the actual prescriptions will be masked and any selection will be blind. Defendants will then utilize an algorithm to randomly select 250 prescriptions per Defendant, per year from the provided list of unique identifiers. The algorithm utilized by Defendants to select the prescriptions shall be disclosed to Plaintiffs.  Once the universe of 250 prescriptions per Defendant, per year is selected by Defendants using the random algorithms from the blind data, Plaintiffs will provide unmasked data (and the MD5 hash value computed for each) back to each Defendant of the prescriptions that each Defendant selected. Plaintiffs will also provide at that time the subset of fields upon which the MD5 hash value was generated such that Defendants can verify the returned prescriptions match the MD5 hash value. Should for any reason additional selection of prescriptions be necessary, new MD5 hash values would be generated for the remaining set.

 iii. Defendants will produce all due diligence notes, data, and information for all of the 250 prescriptions per Defendant, per year, including "any information that is associated with the particular [red flagged prescription], including transactional prescription data fields, hard-copy scans of the front or back of paper Rxs, and anything else that a Defendant asserts was a part of its documentation of due diligence" for those prescriptions.  *See* SM Cohen May 2, 2021 Ruling.

b. **Prescription Specific ID for Data and Information**: Each piece of data and information produced as part of this production shall be produced in such a way that it can be correlated with a specific red flagged prescription. This requirement applies to populated data fields, blank data fields, and images of prescriptions. To facilitate this production, as stated above, Plaintiffs will provide unique identifying numbers for each red flagged prescription in the data pull, and Defendants shall then incorporate those identifiers into the associated data for Defendants' due diligence productions.