UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

THIS DOCUMENT RELATES TO:

*The Track Three Cases*

MDL No. 2804

Case No. 17-md-2804

Judge Dan Aaron Polster

**Pharmacy Defendants' Reply in Support of Motion to Strike Untimely Identified Prescriptions That Plaintiffs Contend Caused Harm for Which They Seek Relief**

Plaintiffs argue in opposition to Defendants' motion to strike that they have not identified 16 new "red flags" in their experts' reports, but merely new "computations" based on earlier red flags. That surely would be news to their experts, who refer to the untimely disclosures as "red flags" throughout their reports. *See, e.g.*, Doc. 3716, Ex. 4, Excerpt of Catizone Report at 32 ("I have relied upon … Craig McCann to review and calculate the number of prescriptions dispensed, the amount of dosage units dispensed, and the morphine milligram equivalents dispensed for each red flag by pharmacy chain that I have identified below. These summaries can be found in Dr. McCann's report as red flags 1-16 ('Red Flags'); Doc. 3716, Ex. 5, Excerpt of McCann Report at 150 (describing "43 Red Flags," including the 16 untimely disclosed red flags identified by Mr. Catizone).

More important, whether they are new "red flags" or new "computations," Plaintiffs do not deny that when they "slightly modified the *computations*" they identified ***more than one million new prescriptions*** that were not disclosed by the June 2020 deadline. *See* Doc. 3719 at 5 ("These eleven 'highlighted' computations capture a little more than 2 million red flagged

prescriptions. Approximately 840,000 of those prescriptions are also captured by the set of 27 computations that were identified in June 2020."). That is not simply a supplement under Rule 26(e). It is a different opinion about an entirely new and different universe of prescriptions. The Court should disallow this untimely disclosure. *See, e.g.*, *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (striking untimely expert opinion because it "was not supplementation, but merely an out-of-time disclosure"); *Keener v. United States*, 181 F.R.D. 639, 641-42 (D. Mont. 1998) (excluding expert report due to one month delay and a dramatically different opinion).

Plaintiffs' argument that these untimely disclosures are somehow justified by two documents produced after the June 2020 "red flag" disclosure deadline does not bear the weight Plaintiffs put on it. For one thing, both documents involve well-known industry discussions about the proper dispensing of controlled substances—discussions that included not just the Pharmacy Defendants but also the National Association of Boards of Pharmacy (NABP), the group that Mr. Catizone worked for at the time. *See* Pls.' Ex. 2 at 1 ("Circling back around with you regarding the NABP response documents."). But even if Plaintiffs could support their assertion that these two documents contained information they did not previously have, however (they cannot), the proper course would have been to move for an extension of the Court-ordered schedule, not to sandbag Defendants with more than a million newly identified red flag prescriptions after the close of fact discovery.

Finally, Plaintiffs repeatedly acknowledge that about 840,000 prescriptions were flagged in both their initial red flag disclosure in June 2020 and their untimely disclosure in April 2021. If the Court neither grants Defendants' motion to strike Plaintiffs' untimely red flags (and the million-plus new prescriptions they flag), nor gives Defendants additional time to conduct

discovery on this new information, then the Court should at the very least preclude Plaintiffs from referencing at trial any flagged prescriptions other than the 840,000 overlapping prescriptions identified in both Plaintiffs' June 2020 disclosure and their untimely April 2021 disclosure.

Dated: May 7, 2021                                  Respectfully submitted,

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc.*

/s/ *Kelly A. Moore*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612

3

Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., Rite Aid Hdqtrs. Corp., and Eckerd Corporation*


/s/ Robert M. Barnes
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-2315
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Counsel for Giant Eagle, Inc. and HBC Service Company*

/s/   Tara A. Fumerton
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that, this 7th day of May 2021, I served a copy of the foregoing via the Court's ECF system to all counsel of record.

                                                            */s/ Kaspar J. Stoffelmayr*
                                                              Kaspar J. Stoffelmayr

                                                              *Attorney for Walgreens Boots Alliance,*
                                                             *Walgreen Co., Walgreens Eastern Co., Inc.*