**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | **CASE NO. 1:17-MD-2804** |
| OPIATE LITIGATION | ) | |
| | ) | **SPECIAL MASTER COHEN** |
| THIS DOCUMENT RELATES TO: | ) | |
| *"All Cases"* | ) | |
| | ) | **DISCOVERY RULING NO. 14, PART 28** |
| | ) | **REGARDING WALMART'S** |
| | ) | **PRIVILEGE CLAIMS** |

**AGENDA ITEM 315**

During Track Three discovery, defendant Walmart withheld production of certain documents based on attorney-client privilege. Plaintiffs took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents. Plaintiffs requested *in camera* review of nine of the remaining disputed documents. Walmart agreed to downgrade two of these documents to "Not Privileged" and submitted the remaining disputed documents to the Special Master for *in camera* review. Both parties submitted a chart summarizing their arguments regarding each contested document. Walmart also submitted a letter brief detailing its arguments in support of privilege. Having considered these submissions carefully, the Special Master now rules on the challenged documents.

## I.      Legal Standards.

The Special Master has applied the legal standards and authorities set out in **all** prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[1]  *See, e.g., Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney.  To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose").  Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it."  *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000).  *See also* docket no. 3584 at 1 ("The burden is on the proponent to prove that the documents are privileged; and to be privileged, the communication must have the primary purpose of soliciting or receiving legal, as opposed to business, advice.  That line is sometimes very difficult to draw when . . . [a company] operates in a heavily regulated business and regulatory compliance advice from in-house counsel is therefore part of [the company's] day-to-day business operations.").  "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'"  *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).

---

[1] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

## II.      Rulings.

| WMT_PRIV_00005687 | Privilege designation sustained. |
| WMT_PRIV_00005714 | Sustained. |
| WMT_PRIV_00005782 | Downgraded by Walmart to Not Privileged. |
| WMT_PRIV_00005999 | Redactions sustained. |
| WMT_PRIV_00006051 | Downgraded by Walmart to Not Privileged. |
| WMT_PRIV_00006056 | Overruled. |
| WMT_PRIV_00006130 | Overruled with permitted redactions.[2] |
| WMT_PRIV_00006139 | Sustained. |
| WMT_PRIV_00006345 | Overruled. |

## III.     Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before May 18, 2021.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: May 10, 2021**

---

[2] This entry must be produced with redactions as communicated *ex parte* to Walmart by the Special Master.

3