**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DISTRICT**



|   |   |   |
|---|---|---|
| In Re:  National Prescription Opiate | ) | MDL  2804 |
| Litigation | ) | Case No.  1;17-MD-2804 |
|   | ) |   |

**MOTION FOR RECONSIDERATION OF DISTRICT COURT'S ORDER DENYING INTERVENTION, OR IN THE ALTERNATIVE, NOTICE OF APPEAL**

To:  The Honorable Dan Aaron Polster.

**NOW COMES** the Petitioners, Salih, formerly known as Cecil La'Roy Hall, Mark Brown, Jason Hall, Jerome Roberts, Waltona Winchester, and Jackie Brooks, representing all those similarly situated (The Cognizable Class), and move this Honorable Court for re-consideration of its order, dated, April 29, 2021, denying their motion to intervene in this Multi-District Litigation as a right, or alternatively, treat these moving papers as a Notice of Appeal pursuant to Appellate Procedure Rule 3.  The Plaintiffs / Petitioners move this Court for re-consideration pursuant to Federal Rules of Civil Procedure, Rules 59(e) and 60(b).  More specifically, Plaintiffs / Petitioners move this court for re-consideration pleading Rule 59(e) provides the court with authority to correct a clear error of law or to prevent manifest injustice and Rule 60(b) allows to correct mistake arising from oversight or omission whenever one is found in a judgment.

Petitioners / Plaintiffs will show the following in support of this motion:

1.   Plaintiffs / Petitioners first, and once again, re-assert that they are, and represent, the real party of interest, and that it is abundantly evident in the news coverage of the settlement of this case that no party has sought to assert, protect, or represent the direct interest of the actual victims of the opiate epidemic.  Nothing is set aside to compensate the victims of the defendants actions for their personal damages, such as for health conditions created by opiate dependency through the spectrum of medical and mental health consequences associated with opiates, exposure to illicit drugs, criminal episodes that are the direct result of prescribed opiate treatment, as well as loss of career, homes and even death.  Nothing has been even remotely considered in settlement negotiations to compensate the real party in interest that represents the harm done to individuals and entire families devastated by the opiate

epidemic caused by the defendants.  Only the nominal parties will divide the settlement when none of them have suffered any direct harm.

2.  The court in its Two (2) sentence denial of their motion to intervene found that the "movants have failed to show that resolution of the MDL may as a practical matter impair or impede their ability to protect their interest, or that existing parties do not adequately represent their interest."  It is submitted that this finding is in error.  A simple in camera review of settlement negotiations today will evidence that nothing is provided for in relief for damages directly suffered by the actual victims of the opiate epidemic.  Instead compensation is designed to provide future services and to compensate state governments.  It is abundantly clear that once this case is settled, if relief is not provided for the actual victims of the opiate epidemic in these negotiations and any subsequently agreement entered in by the existing parties the real party in interest will have no recourse to take a second bite of the apple.  The defendants will be essentially immune to any future liability.  In fact, this is the very function of MDL.

3.  The Plaintiffs / Petitioners reassert their legal and factual claim of being the real party in interest as being central to a just disposition of their legal effort to intervene pursuant to Federal Civil Rule 24(a)(2).  Rule 24(a)(2) requires the intervener to demonstrate an interest relating to the property or transaction which is the subject of the action.  Federal Rules of Civil Procedure, Rule 24(a) (2).  While the precise and authoritative definition has not pronounced by a court, Harris v. Pernsley, 820 F.2d 592, 597 (3rd Cir. 1987), 3B Moores Federal Practice, 24.07(2) at 24-57 (2d Fed. 1982); 7C Wright, Miller and Kane, Federal Practice and Procedure, Section 1908, 263 (1986), some general guidelines have emerged.  According to the Supreme Court, an intervener interest must be one that is "significantly protectable." Donaldson v. United States, 400 US 517, 531, 91 S.Ct. 531, 542, 27 L.Ed. 2nd 580 (1971).  In defining the contours of a "significantly protectable" legal interest as distinguished from interest of a general and indefinite character.  The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.  See Harris, 820 F.2d at 601 (citation omitted).

4.  In the original moving papers or motion for intervention filed by plaintiffs / petitioners, we asserted that we were the real party in interest in this matter, and went to lengths to distinguish their interest, being the real party in interest, from the nominal interest of the existing named plaintiffs who primarily are acting in the capacity of fiduciary.  Once again, it is asserted that the movants herein suffered

actual and ongoing damages and injuries from the defendant's actions which form the basis of this litigation.

5. The court needs to go no further than its own records to plainly see that nothing in any of settlement discussions to date even remotely go to protect the interest of the movants to provide for relief from their actual damages incurred from over prescription of opiates to them in treating their pain. The very case itself is premised on the over-prescription of opiates as the proximate cause of action sustaining any settlement. While at the same time this court is more than aware that the very purpose of the MDL is to bring about a conclusion of the action and limit any future liability. Unless this court is ruling that the movants are not the real party in interest under the substantive law as originally asserted in their original motion for intervention of right, and unless this court is ruling that the records and media coverage of the settlement negotiations before the court establish that the interest of the actual damaged parties are provided for therein, which the movants assert is the exact opposite, then this court incorrectly denied the original relief sought, intervention as a right pursuant to Rule 24(a)(2).

6. The court in Harris made a determination in that case which we think should apply here. That court said, "We will reverse a district court's determination only if the court has applied an improper legal standard or reached a decision that we are confident is incorrect. Harris v. Pernsley, 820 F.2d 592, 597 (3rd Cir. 1987). The media coverage of settlement negotiations in this case, and the court's own records of said negotiations, does not support the court's denial rationalization of their motion for intervention. In fact, the very nature of the MDL means preclusion of future actions. Thus, this court should reconsider its order denying the movants' motion for intervention, and grant intervention of right pursuant to Rule 24(a) (2).

7. In the event that this court declines to reconsider its April 29, 2021, order denying relief, petitioners / plaintiffs now move this court to consider this as a notice of appeal pursuant to Appellate Rule 3.

WHEREFORE, Petitioners / Plaintiff submit prayer that this court will reconsider its order, dated, April 29, 2021, denying intervention of right pursuant to Rule 24(a) (2), and alternatively, receive this as notice of appeal to the United States Court of Appeals for the Sixth Federal Judicial Circuit pursuant to Appellate Rule 3.

**Dated**:

**Respectfully Submitted,**

Salih
464 Bethune Drive
Wilmington, DE 19801
302-761-0731

Mark Brown
839 N. Tattnall Street
Wilmington, DE 19801

Jason Hall
1401 Maryland Avenue
Apartment # D-13
Wilmington, DE 19805

Jerome Roberts
110 W. 20th Street
Wilmington, DE 19802

Waltona Winchester
459 Morehouse Drive
Wilmington, DE 19801

Jackie Brooks
77 Oakmont Drive
New Castle, DE 19720

MICHELLE DINEEN SAMUELS
MY COMMISSION
EXPIRES
March 19, 2024
NOTARY PUBLIC
STATE OF DELAWARE

May 13, 2021

<u>VERIFICATION AND CLOSING</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:  (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

We, Now Certify, to the best of our knowledge, information and belief that the contentions presented in these moving papers are true and correct, and are presented in pursuit of justice and truth.

Dated:

Respectfully Submitted,

Salib
464 Bethune Drive
Wilmington, DE 19801
302-761-0731

Mark Brown
839 N. Tattnall Street
Wilmington, DE 19801

Jason Hall
1401 Maryland Avenue
Apartment # D-13
Wilmington, DE 19805

Jerome Roberts
110 W. 20th Street
Wilmington, DE 19801

Waltona Winchester
450 Morehouse Drive
Wilmington, DE 19801

Jackie Brooks
77 Oakmont Drive
New Castle, DE 19720

Sworn to, and subscribed, before me a Notary Public, this 13th day of

_____, 2021.

Notary Public

MICHELLE DINEEN SAMUELS
MY COMMISSION
EXPIRES
March 19, 2024
NOTARY PUBLIC
STATE OF DELAWARE