UNITED STATES COURT OF APPEALS

FOR THE SIXTH FEDERAL CIRCUIT

RECEIVED MAY 17 2021 Clerk of Courts U.S. District Court, N.D.O.

| | |
|---|---|
| Salih, Formerly Known as Cecil La'Roy Hall, Mark Brown, Jason Hall, Jerome Roberts, Waltona Winchester, and Jackie Brooks,<br>　　Appellant(s),<br><br>In Re: National Prescription Litigation In the Northern District of Ohio. | Appeal No. _____<br><br>MDL 2804<br>District Court Case No. 1:17-MD-2804 |

## MOTION FOR STAY PENDING REVIEW AND OR INJUNCTION PENDING APPEAL
## PURSUANT TO FEDERAL APPELLATE RULES 8 AND 18

**NOW COMES** the petitioners/plaintiffs, herein appellant, named in the above caption, and move this Honorable Federal Circuit Court of Appeals for an order staying any disbursements of funds or ratification of a settlement agreement in the National Prescription Opiate Litigation in the United States District Court, Northern District of Ohio, Eastern District, before District Judge Dan Aaron Polster, MDL 2804, Case No. 1:17-MD-2804, and appeal the District Court's order, dated, April 29, 2021, denying the Appellants motion for intervention as a right, as named plaintiffs, and the real party in interest, pursuant to Federal Civil Rule 24(a)(2).

The Appellants move this court pursuant to Federal Appellate Rules 8, and 18. The Appellants will show the following in support of this motion:

1. First, Appellants incorporate by reference their motion for reconsideration of the District Court's order denying intervention, or in the alternative, notice of appeal. Dated, May 10, 2021, filed in the District Court of Northern Ohio Eastern District. Appellants incorporated this motion herein to assist in the clarification of their argument in that court and can help to frame this appeal so as to give this Circuit Court of Appeals the opportunity to speak in the controversy over Multi-District Litigation and its impact on American Jurisprudence.

2. Appellants, having been denied by the District Court the right to intervene as the real party of interest, now seek a stay of the District Court in ratification of any settlement agreement or disbursement of funds pending review of the District Court's decision and order, denying their motion for intervention as a right pursuant

to Federal Civil Rule 24(a)(2). Appellants submit to this court that the District Court's denial of their motion for intervention is clearly erroneous, because the appellants are the real party in interest within the meaning of the substantive law, and that media coverage of settlement negotiations in the Multi-District Litigation concerning the National Prescription Opiate case demonstrate that as a practical matter impair or impede their ability to protect their interest as is prescribed in Federal Civil Rule 24(a)(2).

3. Appellants submit that media coverage, and indeed the records of these settlement negotiations in the District Court establish that nothing is being considered as direct compensation for damages incurred by the actual individuals who were the subject of the over prescription of opiates, which is the proximate cause of action upon which the entire Multi-District Litigation is founded which is the criticism of the MDL among legal scholars. Thus, appellants asserting that they are, and represent, the real party in interest as they are the actual victims of the transaction which is the basis of any recovery in this case, more specifically, the actual victims of the opiate epidemic brought about by the defendants.

4. Appellants submit that, particularly since the Shackle family in this case are pursuing bankruptcy discharge, and once a settlement is ratified and disbursed, the appellants will have no recourse for recovery, which is the very purpose and function of Federal Civil Rule 24(a)(2) upon which it stands to provide remedy against.

5. Appellants have submitted a reasonable plan for compensation for the use of settlement figures sought that would be a benefit to them and their class in their original motion for intervention in the District Court, without which the States and Attorneys will benefit from the suffering of the real party in interest and gain a windfall, while the actual injured party is forgotten by the nominal parties who have stolen their claims through the MDL process. Such a result is totally contrary to the substantive law by granting recovery to the nominal parties alone.

6. This appears to be a trend developing in these recent times as the mega Multi-District Litigation emerges in the arena of American jurisprudence. These kinds of MDL product liability case, some argue, are morphing our legal system. Just like in the national foreclosure cases, billions of dollars were dowelled out and divided between the states and attorneys, leaving the actual victims, the people who suffered the harm, without any compensation, even though some marginal assistance was provided to future people having problems with foreclosure. Standing of a party has to mean something, and have impact, otherwise language like "nominal party" and real party will be of none effect when dealing with factual situations involving damages and harm concerning the right of action.

7. Appellants argue that in order to justly deny their motion for intervention of right pursuant to Rule 24(a)(2), the District Court would have had to have found that the appellants are not the real party in interest, within the meaning of the substantive law, and that the appellants have an avenue, even after this litigation, to pursue their recovery in some other forum. The District Court is well aware that if this case settles without including the appellants interest that their right to recover will be forever lost. As this is the very function of a MDL. Particularly since Rule 24(a)(2) recognizes a right to intervene, to which appellants continue to declare and assert that they are the real party in interest, and that all other plaintiffs are nominal parties. From this premise, the appellants assert and declare that the real party of interest has a greater standing then nominal parties under the substantive law and that all of the named parties in the District Court proceeding are nominal plaintiffs acting as fiduciary. Appellants argue to this court that standing must be recognized and given its degree of legal effect even in MDL mass tort settlement case such as this.
8. In law, standing or locus standi is the ability of a party to demonstrate to the court sufficient connection to, and harm from, the law or action challenged to support that party's participation in the case. The irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redresses by a favorable judicial decision.
9. Once again, the appellants do not waive standing in this case, and assert it, and submit that their lives, medical and social records easily establish that they have suffer injury in fact, and that is fairly traceable to the challenge conduct of the defendants in this Prescription Opiate Litigation, and that it is our factual and experiential damages and injuries that are what is likely to be redressed by a favorable judicial decision. Then legal standing of being the real party in interest gives the moving and appealing party the locus standi as it relates to the intervention as a right pursuant to Rule 24(a)(2), and as to the very right to recover.
10. Finally, the ratification of a settlement in this Multi-District Litigation will be tantamount to establishing a trust. Involving trust, especially with regard to the relationship between a trustee and beneficiary. Under this factual and legal situation, this National Prescription Opiate Litigation is impacted by the question of standing, and existing named plaintiffs being nominal and acting fiduciary. This legal situation naturally cast the fiduciary into the legal role of trustee. Particularly when the nominal parties seek to benefit from a trust created on the basis of the injuries and damages of the real party in interest under the substantive law. When under the substantive law, as a nominal plaintiff acting as a fiduciary, the factual

relationship between trustee and beneficiary cast a legal responsibility upon existing plaintiffs to behave in a representative capacity to the interest of the real party. These relationships are the very essence of the substantive law, whether or not the parties recognize the question of standing with respect to this effort to force a trust upon the defendants.  Essentially, a settlement in this case is being pushed as being a Multi-District Litigation.  Questions of standing and subsequent legal relationship arising from the facts of this case must be shaped by the meaning and purpose of the substantive law.  Substantive law referring to the body of rules that determine the rights and obligations of individuals and collective bodies.  The currently named plaintiffs not being the real party in interest, but nominal under the substantive law are included in a lawsuit because of a technical connection with the matter in dispute, and necessary for the court to decide all issues and make a proper judgment, but with no responsibility, no fault, and no right to recovery absent the real party in interest.

11. Appellants argue and assert that any settlement generating a fund is a trust within the meaning of the law, and appellants are in fact the legal and rightful beneficiaries of any trust arising out of the facts of this case as have already been established in these proceedings through the pleas and admissions of the defendants and factual findings of the court.

12. It is on the basis of the substantive law that appellants move this court for an order to stay any ratification of a settlement or disbursement of fund, or issue an injunction pending appeal enjoining any such settlement or disbursement of funds, until it is determined by this court whether the appellants are entitled to intervention of right pursuant to Rule 24(a)(2) in this Nation Prescription Opiate Litigation.

13. Appellants submit that moving in the District Court has been made and proven to be impracticable as is required by Rule 8(a)(2)(A)(i) as the District denied their motion with a single sentence.  Arguments have been made by legal scholars that Multi-District Litigations are pulling away from the substantive law in that its very nature leads to expedient settlement as a priority, even against many of the principles of due process of law.  Appellants participation in this case would be an inconvenience to its prompt settlement.

14. The practice of Multi-District Litigation or MDL settlement of product liability cases has been subjected to devastating criticism on multiple grounds, and yet it keeps on flying.  According to Christopher B. Mueller, "Taking a Second Look at MDL Product Liability Settlements: Somebody Needs to do it," MDL in these kinds of settlements can actually be called "illegal."  As critics have persuasively argued, this use of MDL is not authorized by law, does not operate within the purpose of the statute on which

it rest; it is purposefully employed to avoid the safeguards that Federal courts, including the Supreme Court, erected to protect the rights of claimants. Equally concerning as expressed by Mueller, MDL settlements of product liability cases are unfair to many claimants and the lawyers that represent them, lead the lawyer driving these things into questionable (if not unethical) behavior, lead courts to perform functions they are ill suited for, may well violate standards of due process, and have only the most tenuous claim to democratic legitimacy.

15. Appellants submit that one of the most relevant criticisms of Multi-District Litigation is the re-conceptualization of rights in group terms. At least some rights, apparently those arising from mass torts that happen every day are "owned" by classes" or "groups" of people, not by individuals, and in effect the "party" in mass tort cases is already the "class" or "group," not the individual. See Samuel Issacharoff, Preclusion, Due Process, and the right to opt out of classaction,77 Notre Dame L. Rev. 1057, 1060 (2002) (classes take on the form of an entity to borrow Professor Shapiro's term, and is hard to view due process in terms of whether an individual right of action may be recreated in class suits). David L. Shapiro, class action: the class as party and client, 73 Notre Dame L. Rev. 913, 938-42 (1998) (endorcing entity model in mass tort cases involving personal injuries, which has important implications for role of judges and choice of law); Edward H. Cooper, Rule 23: Challenges to Rulemaking Process, 71 N.Y.Y. L. Rev. 13, 29 (1996) (Imaginative use of the entity concept might even support a more rational approach to choice of law (in class suits). Appellant submit that there is no basis in law for this move and it isn't plausible to assert that individual rights turn into group rights simply because there are many violations.

16. Appellants are asking this Circuit Court to issue a stay while this appeal of District Court's order denying intervention is fully decided on the merits, so as to not deny them their standing in this judicial process and to preserve the substantive law as it applies to appellant and MDL. Notes of Advisory Committee on these rule-1967, "while the power of a court of appeals to stay proceedings in the district court during the pendency of an appeal is not explicitly conferred by statute, it exists by virtue of the all writs statute, 28 U.S.C. section 1651. See Eastern Greyhound Lines v. Fusco, 310 F.2d 632 (6th Cir. 1962); United States v. Lynd, 301 F.2d 818 (5th Cir. 1962). The United States Supreme Court has termed the power "inherent" (In Re McKenzie, 180 U.S 536, 551, 21 S.Ct. 468, 45 L.Ed. 6547 (1901) and part of its (the Court of Appeals) traditional equipment for the administration of justice." ( Scripps – Howard Radio v. F.C.C., 316 USD 4, 9-10, 62 S.Ct. 875, 86 L.Ed. 1229 (1942).

17. It is for these reasons that we humbly request this court to please be heard in this case, and impact the development of the law in this area of MDL toward balance and justice.

**WHEREFORE**, Appellants move this Honorable Court for a Stay pending review pursuant to Appellate Rule 18, and or injunction pending appeal pursuant to Appellate Rule 8, so as to protect the rights of appellants under the substantive law during appeal and to protect the sanctity of the substantive law and the pillars of this system of jurisprudence.

Dated: 5-13-21

Respectfully Submitted,

_____
Salih
464 Bethune Drive
Wilmington, DE 19801
302-761-0731

_____
Mark Brown
839 N. Tatnall Street
Wilmington, DE 19801

_____
Jason Hall
1401 Maryland Avenue
Apartment # D-13
Wilmington, DE 19805

_____
Jerome Roberts
110 W. 20th Street
Wilmington, DE 19801

_____
Waltona Winchester
451 Morehouse Drive

Wilmington, DE 19801

*Jackie R Brooks*

Jackie Brooks
77 Oakmont Drive
New Castle 19720

*Michelle Dineen Samuels*

May 13, 2021

[Notary Seal: MICHELLE DINEEN SAMUELS, MY COMMISSION EXPIRES March 19, 2024, NOTARY PUBLIC, STATE OF DELAWARE]

## CERTIFICATE OF SERVICE

I, Salih, hereby certify under the penalty of perjury that I have served a true and correct copy of the attached "Motion for reconsideration of District Court's Order Denying Intervention, or in the alternative, Notice of Appeal," Notice of Appeal, and Motion for Stay Pending Review and or Injunction Pending Appeal Pursuant to Federal Appellate Rules 8and 18, by placing the same in the United States Mail, addressed to the below mentioned parties and their representatives, as follows:

**Plaintiffs Liaison Counsel:**    Peter H. Weinberger, Esq.
Spangenberg, Shibley & Liber
Suite 1700
1001 Lakeside Avenue, East
Cleveland, OH 44114

Steven J. Skikos, Esq.
Skikos Crawford, Skikos Joseph & Millican – San Francisco
Suite 2830
1 Sansome Street
San Francisco, CA 94104

Troy A. Rafferty, Esq.
Levin Papantonio Thomas Mitchell Rafferty & Proctor
Suite 600
316 South Baylen Street
Pensacola, FL 32502

**Manufacturer- Defendants Liaison Counsel:**    Mark S. Cheffo, Esq.
Dechert, LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797

Carole S. Rendon, Esq.
Baker & Hostetler – Cleveland
2000 Key Tower, 127 Public Square
Cleveland, OH 44114

| | |
|---|---|
| **Distributor Defendants Liaison Counsel:** | Enu Mainigi, Esq.<br>Williams & Connolly<br>725 Twelfth Street, NW<br>Washington, DC 20005<br><br>Shannon E. McClure, Esq.<br>Reed Smith – Philadelphia<br>Suite 3100<br>Three Logan Square<br>1717 Arch Street<br>Philadelphia, PA 19103<br><br>Geoffrey E. Hobart, Esq.<br>Covington & Burling LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, DC 20001-4956 |
| **Physician-Defendants Liaison Counsel:** | Tyler G. Tarney, Esq.<br>Gordon & Rees – Columbus<br>Suite 2495<br>41 South High Street<br>Columbus, OH 43215 |
| **Chain Pharmacy Defendants Liaison Counsel:** | Kaspar Stoffelmayr, Esq.<br>Bartlit Beck Herman Palenchar & Scott<br>54 West Hubbard Street<br>Suite 300<br>Chicago, IL 60654 |
| **Special Master:** | David R. Cohen, Esq.<br>24400 Chagrin Blvd.<br>Suite 300<br>Cleveland, OH 44122 |

The Entire Bench of the United States Northern District of Ohio
The Entire Bench of the Sixth Circuit Court of Appeals

I declare under penalty of perjury that service has been made on this __13TH__ day of __MAY__, 2021, through United States Mail.

_____
Salih
464 Bethune Drive
Wilmington, DE 19801

    Sworn and scribed before me a Notary Public, this _____ day of _____, 2021.

_____
Notary Public