UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION  *This document relates to:*  *County of Tarrant, Texas v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45274;  *Durham County, North Carolina v. AmerisourceBergen Drug Corporation, et al.*, Case No. 1:19-OP-45346;  *Board of County Commissioners of the County of Santa Fe, New Mexico v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45776;  *Cobb County, Georgia v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45817;  *Montgomery County, Ohio Board of County Commissioners, et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-OP-46326 | MDL No. 2804  Case No. 1:17-md-2804  Judge Dan Aaron Polster |

**PLAINTIFFS' MOTION TO BIFURCATE BELLWETHER CLAIMS FOR SEPARATE NUISANCE TRIALS, AND TO STAY REMAINING CLAIMS**

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, and in keeping with this Court's March 11 and April 9, 2021 Orders (ECF Nos. 3649 and 3688), in which the Court named five new bellwether cases for trials limited to either public nuisance or civil RICO claims against only pharmacy defendants, Plaintiffs in the five new bellwether cases: *Board of County Commissioners of the County of Santa Fe, New Mexico v. Purdue Pharma L.P., et al.*,  Case No. 1:18-OP-45776; *Cobb County, Georgia v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45817; *County of Tarrant, Texas v. Purdue Pharma L.P ., et al.*, Case No. 1:18-OP-45274; *Durham*

*County, North Carolina v. AmerisourceBergen Drug Corporation, et al.*, Case No. 1:19-OP-45346; and *Montgomery County, Ohio Board of County Commissioners, et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-OP-46326, respectfully move the Court to:

(a) Order separate trials of and discovery regarding the Plaintiffs' public nuisance claims[1] against the Pharmacy defendants named in the Supplemental and Amended Allegations to be Added to "Short Form for Supplementing Complaint and Amending Defendants and Jury Demand" filed herewith in each of the five new bellwether cases; and

(b) Stay Plaintiffs' other claims for later discovery and trial.

## INTRODUCTION

Plaintiffs believe that ordering separate trials of the Plaintiffs' public nuisance claims against the Pharmacy Defendants, and staying all remaining claims, pursuant to Rule 42 would achieve the Court's objective of holding additional public nuisance-based bellwether trials against the Pharmacy Defendants regarding both distribution and dispensing claims, while preserving Plaintiffs' other claims for later, separate trial or settlement, and preventing prejudice against any parties.[2] This is the identical procedure that this Court approved in granting Plaintiffs'

---

[1] Under Texas law, public nuisance is not a cause of action, but rather a type of legal injury, as reflected in the supplemental amended complaint filed in the Tarrant County action; to sustain a claim, Plaintiff must plead and prove intentional, negligent, or abnormally dangerous conduct that caused the public nuisance and resulting harm. Nevertheless, for simplicity, when this motion uses the term "public nuisance causes of action" or "public nuisance claims," Plaintiffs intend that term to include the specific causes of action set forth in the supplemental Tarrant County complaint, as well as the public nuisance actions set forth in the supplemental amended complaints in the other new bellwethers.

[2] In contrast to severance under Federal Rule of Civil Procedure 21, which creates distinct actions and could potentially affect this Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367, ordering separate trials under Rule 42 does not disrupt or diminish the Court's jurisdiction over the action or any of the claims. *See Richmond v. Weiner*, 353 F.2d 41, 45 (9th Cir. 1965) (holding that ordering separate trials under Rule 42 does not diminish "the Court's jurisdiction to determine the merits of the whole case, including the trial-separated non-federal issue as well as the remaining issues within its jurisdiction awaiting disposition."); *In re Brand-Name Prescription*

motion to bifurcate for a separate pharmacy bellwether trial in Case Track 3. (ECF No. 3315) ("Plaintiffs' proposal . . . will expedite and economize the resolution of these two cases and possibly the MDL" and "will avoid combining issues that may confuse the jury").

## ARGUMENT

### A. The Legal Standard

This course of action is expressly permitted by Rule 42 in this circumstance, where the "actions before the court involve a common question of law or fact," in which instance "the Court may:"

(1) "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for reasons  including "for convenience, to  avoid prejudice, or to expedite and economize," (FED. R. CIV. P. 42(b)); and

(2) "issue any other orders necessary to avoid unnecessary cost or delay." (FED. R. CIV. P. 42(a)(3)).

The motivating factor behind Rule 42(b) "is to enable the trial judge to dispose of a case in a way that advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988). Rule 42 "giv[es] the court virtually unlimited freedom to try the issues in whatever way trial convenience requires." *Id.* at 316–17 (citing C. Wright, A. Miller & F. Elliott, *Federal Practice and Procedure* § 2387 at 278). "The decision  to  bifurcate  is  within the  sound  discretion  of  the  trial  court." *United States Equal Employment Opportunity Comm'n v. Sherwood Food Distributors, LLC*, No. 1:16 CV 2386, 2017 WL 11450402, at *1 (N.D. Ohio Aug.  11, 2017) (citing *American Trim, L.L.C. v. Oracle Corp.*,  383  F.3d  462,  475 (6th Cir.

---

*Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("Rule 42(b) involves the separation of claims for trial under a format in which each claim remains part of the overall action.").

2004)). Moreover, in an MDL, "[i]n discretionary matters going to the phasing, timing, and coordination of the cases, the power of the MDL court is at its peak." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) (quoting *In re Korean Air Lines Co.,* 642 F.3d 685, 700 (9th Cir. 2011)).

Bifurcation should  be determined on "a  case-by-case  approach" because the question is dependent on the facts of each case. *In re Bendectin Litig*., 857 F.2d at307. *Accord Saxion v. Titan-C-Mfg., Inc*., 86 F.3d 553, 556 (6th Cir. 1996). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *J-Way S., Inc. v. River Rd. Constr., Inc*., No. 1:17-CV-1167, 2018 WL1409285, at *1 (N.D. Ohio Mar. 21, 2018) (citing *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007)). However, "only one of th[e]criteria" of Rule 42(b)–*i.e*. furtherance of convenience, avoiding prejudice, or expediency and economy--"need be met to justify bifurcation." *Saxion*, 86 F.3d at 556 (citation omitted).

## B.  The Facts Amply Support Bifurcation

The facts before the Court here amply support ordering separate, initial trials of the Plaintiffs' public nuisance claims against the Pharmacy Defendants. Such bifurcation would serve the purposes of expedited and convenient litigation and efficient judicial administration of bellwether actions against these defendants by simplifying the trial, making the case administratively manageable, and allowing for focused assessment of claims and defenses relevant to a public nuisance action against the Pharmacy Defendants. Just as in Case Track Three, proceeding only against Pharmacy Defendants on the public nuisance cause of action in the five new bellwether trials will allow the parties to provide a more coherent presentation of the legal issues specific to the Pharmacy Defendants' alleged liability for creating an opioid public nuisance.

The Pharmacy Defendants are all similarly situated and subject to the same claims, regulatory provisions, defenses, and types of proof. Each Pharmacy Defendant distributed controlled substances, including prescription opioids, to its own stores and/or then dispensed those drugs from those same stores. Bifurcating the public nuisance claims against the Pharmacy Defendants will allow the Court to focus its attention on development and litigation of these issues and claims, which are likely to be applicable in many other MDL actions against these and similar defendants, on a bellwether basis. This, in turn, will undoubtedly help facilitate settlement. Bifurcation of claims into separate trials is commonly used by MDL judges to appropriately organize and manage the complex issues and claims before them. *See, e.g., In re Bendectin Litig.*, 857 F.2d at 307, 306-321(trial judge appropriately exercised discretion under Rule 42 to order separate trials on different issues in a complex case); *In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2010 WL 816157, at *1 (E.D.Mo. Mar. 3, 2010) (bifurcating trials against the two sets of defendants under Rule 42 into an initial bellwether trial against one defendant and then a later trial of other claims and defendants in order to "avoid ... confusion..., streamline the evidence, and simplify the law and instructions to the jury.").

This Court has recognized that a plaintiff may properly seek bifurcation of its claims where one claim might require a much shorter discovery and trial period than other claims, for which discovery and trial may proceed later. *See Humenuik v. T-Mobile USA, Inc.*, No. 1:14-CV-02002, 2015 WL 3397861, at *1 (N.D. Ohio May 26, 2015) (citing *Henan Oil Tools, Inc. v. Eng'g Enters., Inc.*, 262 F.Supp. 629, 630 (S.D. Tex. 1966)). *See also In re Beverly Hills Five Litigation*, 695 F.2d 207 (6th Cir.1982) (trial judge properly exercised discretion to order separate trials of complex issues, with a more focused and potentially dispositive trial coming first, noting Rule 42 permits separate trials of "*any* separate issue[s]") (emphasis in original). Bellwether public

5

nuisance trials against the Pharmacy defendants may properly proceed without  requiring development of the liability issues that are distinct to other classes of defendants and claims, leaving those more numerous claims and defendants for later discovery and trial.  Bifurcation is particularly appropriate where, as here, the complexity and numerosity of issues, parties, and claims could overwhelm or confuse the jury. *See J-Way S., Inc. v. River Rd. Constr., Inc.*, No. 1:17-CV-1167, 2018 WL 1409285, at *1–2 (N.D. Ohio Mar. 21, 2018) (ordering separate trials where the defendant in the second trial was not involved in the operations at issue  in the first trial and combination of the issues and parties would likely confuse the jury); *In re Dow Corning Corp.*, 211 B.R. 545, 583–86 (Bankr. E.D. Mich. 1997) (finding the "risk of overwhelming the factfinder" and "risk of jury confusion" attendant to claims concerning various subsets of parties can be "greatly reduced" by ordering separate trials under Rule 42(b)).

No substantial prejudice will result from bifurcation. The parties to the initial bellwether trials will have ample time to complete necessary discovery against each other and third parties. This first phase of discovery and initial trial may help to focus the discovery and trial concerning the remaining bifurcated claims and defendants.   While Plaintiffs may be required to respond to additional discovery requests from the remaining defendants in advance of the second trial, that  is a burden to be borne by the Plaintiffs, and such burden does not outweigh the far greater prejudice that would result from jury confusion and a more protracted and complicated bellwether trial. *See Penton Media, Inc. v. Affiliated FM Ins. Co.*, No. 1:03 CV 2111, 2005 WL 8171362, at *2 (N.D. Ohio Mar. 23, 2005) (finding that the fact a party might have to engage in multiple waves of discovery did not outweigh the benefits of bifurcation, and noting that the initial wave of discovery would likely be "relevant and useful" to the second wave discovery and trial).

6

Accordingly, bifurcation of Plaintiffs' public nuisance claims for initial bellwether trials, to later be followed by discovery and trial of the remaining claims, is wholly appropriate under Rule 42.

## C. The Other Claims Should Be Stayed

Finally, stay of the remaining bifurcated claims, while Plaintiffs' public nuisance bellwether claims are proceeding, is proper under Rule 42 to prevent unnecessary costs to the non-bellwether Defendants and unnecessary complication of the bellwether discovery and pre-trial issues. *See Gagner v. Metro. Prop. & Cas. Ins. Co.*, No. 3:05-CV-222, 2005 WL 8161955, at *2 (S.D. Ohio Dec. 13, 2005) ("Rule 42(b) regarding separation of trials has a relation to the discovery rules and the court may limit discovery to the first issue to be tried until after its resolution.") (citing 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure Civil 2d* § 2387 (2d ed. 1995)). Again, this is precisely the approach adopted by this Court in Case Track Three. (ECF No. 3315).

## CONCLUSION

Bifurcating the Plaintiffs' public nuisance claims against the Pharmacy Defendants from their remaining claims against those same defendants as well as their claims against other defendants in order to hold initial bellwether trials limited to those claims, while staying Plaintiffs' remaining claims and discovery against the other defendants under Rule 42 would effectuate the Court's instruction that additional distribution and dispensing actions against Pharmacy Defendants proceed to trial with a reduced number of Defendants and claims. It will also promote the just and efficient resolution of these actions and, ideally, of the MDL as a whole. Accordingly, Plaintiffs' requests under Rule 42 should be granted.

Dated: May 19, 2021                    Respectfully submitted,

                                       Paul J. Hanly, Jr.
                                       SIMMONS HANLY CONROY
                                       112 Madison Avenue, 7thFloor
                                       New York, NY 10016
                                       (212) 784-6400
                                       (212) 213-5949 (fax)
                                       phanly@simmonsfirm.com

                                       Joseph F. Rice
                                       MOTLEY RICE LLC
                                       28 Bridgeside Blvd.
                                       Mt. Pleasant, SC 29464
                                       (843) 216-9000
                                       (843) 216-9290 (Fax)
                                       jrice@motleyrice.com

                                       Paul T. Farrell, Jr., Esq.
                                       FARRELL & FULLER LLC
                                       1311 Ponce de Leon Ave., Suite 202
                                       San Juan, PR 00907
                                       (304) 654-8281
                                       paul@farrellfuller.com

                                       *Plaintiffs' Co-Lead Counsel and Lead Counsel for
                                       Plaintiffs County of Santa Fe* (Simmons), *Durham
                                       County* (Farrell), and *Montgomery County* (Motley)

                                       /s/ Peter H. Weinberger
                                       Peter H. Weinberger (0022076)
                                       SPANGENBERG SHIBLEY & LIBER
                                       1001 Lakeside Avenue East, Suite 1700
                                       Cleveland, OH 44114
                                       (216) 696-3232
                                       (216) 696-3924 (Fax)
                                       pweinberger@spanglaw.com

                                       *Plaintiffs' Liaison Counsel*

8

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Parkway N.
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (fax)
wml@lanierlawfirm.com

*Lead Counsel for Plaintiff Tarrant County*

Erin K. Dickinson
CRUEGER DICKINSON LLC
4532 N. Oakland Ave.
Whitefish Bay, WI 53211
(414) 210-3868
ekd@cruegerdickinson.com

*Lead Counsel for Plaintiff Cobb County*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/Peter H. Weinberger
Peter H. Weinberger

*Plaintiffs' Liaison Counsel*