UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>Track Three Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE
MILLIONS OF ADDITIONAL UNTIMELY IDENTIFIED PRESCRIPTIONS**

Defendants' dramatically styled "Motion to Strike Millions of Additional Untimely Identified Prescriptions" is without basis and should be denied. Contrary to the assertion in Defendants' motion, Plaintiffs fully and timely complied with this Court's Order to identify the universe of prescriptions that they intend to rely on at trial. Plaintiffs elected to, and will, rely on the overlapping red-flagged prescriptions (The "Combination Red Flagged Prescriptions"[1]) during their case-in-chief.  (Plaintiffs initially estimated this number to be 840,000 overlapping prescriptions.  The final tally is 884,166 (884K)).  The section of the Second Supplemental Report of Craig McCann ("McCann 2d Supp.") about which Defendants complain merely identifies the number of unique prescribers and unique patients within the 884k Combination Red Flagged Prescriptions and the number of additional prescriptions written by those same doctors or dispensed to those same patients after the initial prescription identified in the Combination Red Flagged Prescriptions.  These prescriptions are illustrative of the continuing ramifications of Defendants' due diligence failures and, at the very least, are potential rebuttal material, to be used

---

[1] The Combination Red Flagged Prescriptions those prescriptions that were triggered by a *combination* of at least one of the 16 red flag computations (1 to 16) (the prescriptions identified by Plaintiffs' dispensing expert Carmen Catizone), and at least one of the subsequent 27 red flag computations (17 to 43)(the prescriptions identified by Plaintiffs in June 2020).

(or not) depending on how Defendants address the 884K prescriptions in their response to Plaintiffs' case-in-chief. Defendants' motion to "strike" is nothing more than an improper and premature attempt to limit the scope of Plaintiffs' rebuttal. They seek to obtain in advance an evidentiary ruling on an issue that cannot properly be addressed until Defendants have presented the defense which this material might rebut, at which time the Court will be able to determine whether some or all of the additional prescriptions identified in the McCann 2d Supp are admissible and for what purpose. In the meantime, the Defendants' motion should be denied and the issue of the appropriate use of this portion of the McCann 2d Supp should be reserved for trial.

## ARGUMENT

Plaintiffs have ***not*** expanded the number of red-flagged prescriptions that Plaintiffs will rely on at trial. Following the May 7 status conference, and consistent with this Court's May 10 Order, Plaintiffs elected to use at trial the "overlapping prescriptions" (the "Combination Red Flagged Prescriptions"). *See,* Doc. 3726. Thus, Plaintiffs have fully complied with the Court's May 10 order. Because this set only includes prescriptions identified in Plaintiff's June 2020 disclosure, Defendants had all the time they professed to need to conduct discovery about whether these prescriptions are properly characterized as red-flag prescriptions and, if so, whether Defendants performed adequate due diligence. These 884K prescriptions are the ones from which the random samples are selected in regard to the notes field discovery order. These 884K prescriptions are the ones relied on by plaintiffs' two experts who have supplemented their reports– Catizone and Cutler.

The "millions" of prescriptions about which Defendants now complain are summarized in Section V of the McCann 2d Supp titled "Unique Doctors and Patients". The section of the report 1) identifies the number of unique prescribers and patients contained in the Combination Red

2

Flagged Prescriptions and 2) identifies the prescriptions that were either (a) written by a prescriber after the initial prescription identified in the Combination Red Flagged Prescriptions, or (b) dispensed to a patient after the initial prescription identified in the Combination Red Flagged Prescriptions was dispensed to the patient. Prescriptions written by the same doctors or dispensed to the same patients after a prescription is red-flagged under Plaintiffs' analysis provides an understanding of the continuing consequences of a failure to properly identify red flags or to perform due diligence at the time the red flags are discovered.

These prescriptions may become important because of the variety of ways in which the Defendants might attack McCann's analysis or otherwise open the door to evidence about the consequences of the Defendants' failure to perform due diligence. For example, McCann shouldn't be impeached over failing to take into account for additional prescriptions written by these doctors or dispensed to these patients without Plaintiffs' being able to respond and show the numbers of prescriptions dispensed. Defendants may open the door to use of these prescriptions in a variety of other ways. Indeed, if Plaintiffs were to attempt to introduce rebuttal evidence at trial that had never been disclosed to Defendants, surely Defendants would complain about unfair surprise. They should not now be heard to complain that Plaintiffs have not given them fair warning of what evidence may be used if Defendants open the door to this kind of rebuttal. Furthermore, in subsequent trial tracks where McCann does the same analysis, he should not be set up for impeachment over failing to compute those numbers in this case. Of course, in subsequent trials, Plaintiffs will not be restricted to a set such as the one Plaintiffs have chosen in this case.

Inclusion of the prescriptions set out in the Unique Doctors and Patients section of the McCann 2d Supp in no way violated the Court's scheduling order or its order on the earlier motion

to strike, nor does it prejudice Defendants in any way. The Second Supplemental McCann Report fully complied with Plaintiffs' Rule 26(e)(1) requirement to supplement the McCann Report, which, was incomplete in light of Plaintiffs' election to rely on the Combination Red Flagged Prescriptions. Moreover, because Plaintiffs will rely on the Combination Red Flagged Prescriptions to prove their case, Defendants' claims of extreme prejudice ring hollow. Finally, Defendants' request for the alternative relief of a continuance is entirely misplaced. Because the Combination Red Flagged Prescriptions were all identified in June 2020, no additional discovery is needed. All issues pertaining to the proper scope of rebuttal at trial should be reserved for trial.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike Millions of Additional Untimely Identified Prescriptions in its entirety.

> Jayne Conroy
> SIMMONS HANLY CONROY
> 112 Madison Avenue, 7th Floor
> New York, NY 10016
> (212) 784-6400
> (212) 213-5949 (fax)
> jconroy@simmonsfirm.com
>
> Joseph F. Rice
> MOTLEY RICE LLC
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC 29464
> (843) 216-9000
> (843) 216-9290 (Fax)
> jrice@motleyrice.com
>
> Paul T. Farrell, Jr., Esq.
> FARRELL & FULLER LLC
> 1311 Ponce de Leone Ave., Suite 202
> San Juan, PR 00907
> (304)654-8281
> paul@farrellfuller.com
>
> *Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

*/s/Frank Gallucci*
Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017 (212)
397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                      */s/Peter H. Weinberger*
                                      Peter H. Weinberger