UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION

THIS DOCUMENT RELATES TO:

*County of Tarrant, Texas v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45274

*Durham County, North Carolina v. AmerisourceBergen Drug Corporation, et al.*, Case No. 1:19-OP-45346

*Board of County Commissioners of the County of Santa Fe, New Mexico v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45776

*Cobb County, Georgia v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45817

*Montgomery County, Ohio Board of County Commissioners, et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-OP-46326

MDL No. 2804

Case No. 1:17-md-2804

Judge Dan Aaron Polster

**PHARMACY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE CLAIMS AND STAY PROCEEDINGS IN FIVE NEW BELLWETHER CASES**

The Pharmacy Defendants in the five new bellwether cases subject to Plaintiffs' motion to bifurcate and stay proceedings (Doc. 3734) recognize that the Court granted a similar motion in the Track 3 cases.[1] However, there is a critical difference between these cases and the Track 3

---

[1] The Pharmacy Defendants opposing Plaintiffs' motion include Albertsons Companies, Inc.; Caremark, L.L.C. d/b/a CVS Specialty; CVS Health Corporation; CVS Health Solutions L.L.C.; CVS Holding, Inc.; CVS Indiana L.L.C.; CVS Orlando FL Distribution, L.L.C.; CVS Pharmacy, Inc.; CVS Rx Services, Inc.; CVS TN Distribution, L.L.C.; CVS Wellness Rediscovery L.L.C.; Georgia CVS Pharmacy, L.L.C.; North Carolina CVS Pharmacy, L.L.C.; ProCare Pharmacy Direct, L.L.C. d/b/a CVS Specialty; Oakwood CVS, Inc.; Ohio CVS Stores, L.L.C.;

cases, which Plaintiffs' motion does not address: other judges in different federal courts, not this Court, will try the new bellwether cases.

Considering the unprecedented nature of Plaintiffs' motion and significant questions about whether the relief they seek is appropriate or even legally permissible, this Court should not tie the hands of the transferor judges who will try these cases and commit those judges to trial plans with which they may disagree. Rather, at the suitable time, this Court should ask the JPML to remand the new bellwether cases intact, including all claims against all parties, giving the trial judges the flexibility they need to try the cases in the manner they believe is most appropriate.

**<u>Argument</u>**

The brief in opposition to the Track 3 motion to bifurcate explained that no other court has sanctioned a bifurcation scheme like the one that Plaintiffs propose here, which (1) promises the inefficiency of holding multiple trials involving the same and additional defendants regarding a combination of identical and closely overlapping factual issues; (2) would improperly allow Plaintiffs to take multiple runs at establishing liability against the Pharmacy Defendants based on a single set of underlying facts until Plaintiffs find a jury that agrees with them; (3) violates the Reexamination Clause of the Seventh Amendment by requiring successive juries to pass on the same questions of fact; and (4) will result in unrepresentative bellwether trials of hypothetical cases that look nothing like the lawsuits actually filed, consuming enormous judicial and party

---

Omnicare Distribution Center L.L.C.; Omnicare Pharmacy of TX 1, LP a/k/a/ Omnicare of Fort Worth; Omnicare, Inc.; and ProCare Pharmacy L.L.C.; The Kroger Co.; Kroger Limited Partnership I; Kroger Limited Partnership II; Smith's Food & Drug Centers, Inc.; Kroger Texas LP; Harris Teeter, LLC; Publix Super Markets, Inc.; Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center; Rite Aid Hdqtrs. Corp.; Rite Aid Corp.; Rite Aid of Ohio, Inc.; Rite Aid of Georgia, Inc.; Eckerd Corporation; Rite Aid of North Carolina, Inc.; Walgreens Boots Alliance, Inc.; Walgreen Co.; Walgreen Eastern Co. Inc.; and Walmart Inc. Several of these entities are not subject to personal jurisdiction in this Court or the transferor courts, including at least CVS Health Corporation, Rite Aid Corp., and Walgreens Boots Alliance, Inc. Defendants file this opposition subject to and without waiving any rights or defenses, including those based on the lack of personal jurisdiction.

resources without advancing the goal of providing meaningful information about the universe of pending cases. Doc. 3303 at 1-5, 6-7. The Pharmacy Defendants incorporate that filing by reference.

This Court ultimately granted the Track 3 motion to bifurcate such that the Track 3 cases will now proceed to an initial trial in this Court against only the subset of the Track 3 defendants that operate retail pharmacies. But other federal and state courts have determined that similar opioids cases should go to trial as the plaintiffs brought them, against all of the defendants that the plaintiffs elected to sue. Judge Breyer has thus set the *City and County of San Francisco* case, remanded from this Court to the Northern District of California, for trial in April 2022 against all defendants, including manufacturers, distributors, and a pharmacy chain. Judge White has set the *Cherokee Nation* case, remanded from this Court to the Eastern District of Oklahoma, for trial in September 2022 against all of the defendants in that case, including multiple distributors and multiple pharmacy chains. State judges across the country have done the same.[2] While this Court may believe that a trial involving all defendants is too complicated to proceed, other judges could reasonably conclude that it is up to plaintiffs' counsel to figure out how to try the cases they have filed.

---

[2] *See In re: Opioid Litigation, West Virginia Mass Litigation Panel*, Civil Action No. 19-C-9000 (Circuit Court of Kanawha County, West Virginia) (trial set for November 1, 2021); *State of Florida v. Purdue Pharma L.P.*, et al., Case No. 2018-CA-001438, (Circuit Court of the Sixth Judicial Circuit, Pasco Court, Florida) (trial set for April 4, 2022); *Jefferson County, Missouri v. Dannie E. Williams, M.D., et al.*, Case No. 20JE-CC00029 (Circuit Court of Jefferson County, State of Missouri, Twenty-Third Judicial Circuit) (trial set for June 6, 2022); *DCH Healthcare Authority et al. v Purdue Pharma L.P., et al.*, Case No. 21-CV-2019-000007 (Circuit Court of Conecuh County, Alabama) (trial set for July 18, 2022); *State of New Mexico, ex rel., Hector Balderas, Attorney General v. Purdue Pharma L.P., et al.,* Case No. D-101-CV-2017-02541 (First Judicial District Court, County of Santa Fe) (trial set for September 6, 2022); *State of Michigan, ex rel., Dana Nessel, Attorney General v. Cardinal Health, Inc., et al.,* Case No. 19-016896-NZ (Circuit Court for the County of Wayne, Michigan) (trial set for October 3, 2022); *State of Nevada v. McKesson Corp., et al.,* Case No. A-10-796755-B, (District Court for the State of Nevada, Clark County) (trial set for January 3, 2023).

Under these circumstances, the better course would be for this Court to deny Plaintiffs' motion and to suggest to the JPML at the appropriate time that the five new bellwether cases be remanded in their entirety, including all claims against all remaining Defendants at that time. There would be no additional delay, when discovery against other defendants is largely complete and certainly much further along than discovery involving the numerous new Pharmacy Defendants that are not in the Track 3 cases. The transferor judges who will try these cases will then be free to decide whether they believe bifurcation is advisable (and legally permissible) or if they believe a single trial involving all parties is the better plan considering the posture of the cases at that time. Plaintiffs offer no reason why this Court must answer the question for five other federal judges rather than let them exercise their own judgment.[3]

## Conclusion

For all of these reasons, the Pharmacy Defendants respectfully request that the Court deny Plaintiffs' motion to bifurcate and stay proceedings and that the Court instead allow the transferor judges, who will try the five new bellwether cases, to decide the issues that Plaintiffs raise.

Dated: June 1, 2021

Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

---

[3] Any suggestion by Plaintiffs that this Court should grant their motion in the interest of exerting settlement pressure on particular parties would be manifestly improper. *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 933 (6th Cir. 2019) (use of procedural orders "as a bargaining chip in settlement discussions" would be an abuse of discretion).

*Attorneys for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

*/s/ Eric R. Delinsky (consent)*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

*Attorneys for Caremark, L.L.C. d/b/a CVS Specialty; CVS Health Corporation; CVS Health Solutions L.L.C.; CVS Holding, Inc.; CVS Indiana L.L.C.; CVS Orlando FL Distribution, L.L.C.; CVS Pharmacy, Inc.; CVS Rx Services, Inc.; CVS TN Distribution, L.L.C.; CVS Wellness Rediscovery L.L.C.; Georgia CVS Pharmacy, L.L.C.; North Carolina CVS Pharmacy, L.L.C.; ProCare Pharmacy Direct, L.L.C. d/b/a CVS Specialty; Oakwood CVS, Inc.; Ohio CVS Stores, L.L.C.; Omnicare Distribution Center L.L.C.; Omnicare Pharmacy of TX 1, LP a/k/a/ Omnicare of Fort Worth; Omnicare, Inc.; and ProCare Pharmacy L.L.C.*

*/s/ Kelly A. Moore (consent)*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6612
kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-4824
john.lavelle@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center; Rite Aid Hdqtrs. Corp.; Rite Aid Corp.; Rite Aid of Ohio, Inc.; Rite Aid of Georgia, Inc.; Eckerd Corporation; Rite Aid of North Carolina, Inc.*

/s/ Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 269-4335
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/ Ronda L. Harvey (consent)
Ronda L. Harvey
BOWLES RICE LLP
600 Quarrier Street
Charleston, WV 25301
(304) 347-1100
rharvey@bowlesrice.com

*Attorney for The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II, Smith's Food & Drug Centers, Inc., Kroger Texas LP, and Harris Teeter, LLC*

/s/ Francis A. Citera (consent)
Francis A. Citera
Gretchen N. Miller
GREENBERG TRAURIG, LLP
77 West Wacker, Suite 3100
Chicago, IL 60601
(312) 456-8400
citeraf@gtlaw.com
millerg@gtlaw.com

6

Michele Stocker
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-8271
stockerm@gtlaw.com

*Attorneys for Albertsons Companies, Inc.*


<u>/s/ Gregory S. Chernack (consent)</u>
Gregory S. Chernack
Robert E. Johnston
HollingsworthLLP
1350 I Street, NW
Washington, DC 20005
(202) 898-5800
gchernack@hollingsworthllp.com
rjohnston@hollingsworthllp.com

*Attorneys for Publix Super Markets, Inc.*

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on June 1, 2021.

                                                                       */s/ Kaspar J. Stoffelmayr*
                                                                       Kaspar J. Stoffelmayr
                                                                       BARTLIT BECK LLP
                                                                       54 West Hubbard Street
                                                                       Chicago, IL 60654
                                                                       (312) 494-4400
                                                                       kaspar.stoffelmayr@bartlitbeck.com

                                                                       *Attorney for Walgreens Boots Alliance, Inc.,*
                                                                       *Walgreen Co., and Walgreen Eastern Co., Inc.*