UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Track Three Cases* | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**Reply in Support of Motion to Strike
Millions of Additional Untimely Identified Prescriptions**

A1606019.1

The Track 3 Schedule required Plaintiffs to identify "the prescriptions they (and their experts) conclude caused them the harm for which they seek relief" by June 19, 2020. Doc. 3329 at 3. Plaintiffs assert that they complied with this requirement by limiting themselves to roughly 884,000 red-flagged prescriptions, which they claim is "the universe of prescriptions that they intend to rely on at trial." Doc. 3743 at 1. But in almost the same breath, Plaintiffs contradict this assertion by claiming that *more than four million* prescriptions "are illustrative of the continuing ramifications of Defendants' due diligence failures." *Id.* Whether Plaintiffs call them "red-flagged prescriptions," prescriptions "illustrative of the continuing ramifications of Defendants' due diligence failures," or prescriptions that show the "continuing consequences of a failure to properly identify red flags," *id.* at 1-3, makes no difference. All of these terms refer to the same thing: the universe of prescriptions that Plaintiffs allege caused them the harm for which they seek relief. They were required to identify *all* of those prescriptions by June 2020. Plaintiffs concede that they failed to do so with respect to millions of prescriptions. The Court should preclude Plaintiffs from referencing those prescriptions at any point during trial.

That should be the end of it. Even Plaintiffs acknowledge that they cannot rely on millions of prescriptions in their case-in-chief, as this Court already ruled. *Id*. at 1-2 (citing the Court's order granting the Pharmacy Defendants' previous motion to strike, Doc. 3726). But Plaintiffs still seek to use these millions of prescriptions, arguing that they may be appropriate as rebuttal evidence. *See* Doc. 3743 at 2-3. That argument is incorrect and cannot justify Plaintiffs' untimely disclosure for at least three reasons.

*First*, Plaintiffs must present evidence on the issues for which they bear the burden of proof in their case-in-chief—not in rebuttal. Plaintiffs bear the burden to establish which prescriptions caused them harm. As to the millions of late-disclosed prescriptions, Plaintiffs

2

either contend that these prescriptions caused harm (in which case Plaintiffs were required to disclose them last June) or they do not (in which case they are irrelevant). In any event, Plaintiffs cannot wait until rebuttal and then sandbag the Pharmacy Defendants with millions of additional prescriptions on which Pharmacy Defendants were prevented from conducting any discovery. As a result of Plaintiffs' untimely disclosure, Defendants have had no opportunity to investigate any of the facts surrounding these prescriptions to prepare their defense. There is no excuse for Plaintiffs' late disclosure and no way to allow Plaintiffs to use millions of prescriptions at an October trial without causing severe prejudice to Pharmacy Defendants.

*Second*, Plaintiffs argue that "McCann shouldn't be impeached over failing to take into account for [sic] additional prescriptions written by these doctors or dispensed to these patients without Plaintiffs' being able to respond and show the numbers of prescriptions dispensed." *Id.* at 3. This is nonsense. The late disclosure does not simply identify the total "numbers of prescriptions dispensed" by the Pharmacy Defendants. It identifies a specific selection of those prescriptions—albeit a selection comprising 94% of the prescriptions produced in the case—that Plaintiffs intend to tell the jury were problematic. But McCann is not a subject matter expert who could have anything to say about whether the doctors or patients associated with these prescriptions were suspicious. Plaintiffs offer no justification for the Court to excuse their violation of the Court's orders merely so McCann can attempt to explain whether and why he considered, or did not consider, the late-disclosed prescriptions.

Perhaps more fundamentally, if Plaintiffs concede that limiting their case to 884,000 prescriptions somehow renders their expert's testimony impeachable—*e.g.*, because Plaintiffs actually believe millions more prescriptions are problematic—then they have not really limited themselves at all, and the Court's prior order requires that the trial date be continued.

***Finally***, Plaintiffs assert that "Defendants may open the door to use of these prescriptions in a variety of other ways." *Id.* Yet Plaintiffs offer nothing to suggest how millions of prescriptions, all of which fall outside of the Court's order regarding the identification of prescriptions alleged to have caused harm, could ever become permissible rebuttal evidence. Instead, they say that McCann might be impeached ***in other cases before different courts*** for failing to conduct a particular analysis in ***this*** case. But that is not an issue that will ever be before this Court. *See id.* The courts hearing those other cases will determine the appropriate scope of cross-examination at those trials.[1]

Plaintiffs' late disclosure of millions of prescriptions violates the Court's scheduling order and its order on the prior motion to strike. If the late disclosure is allowed, it will cause severe prejudice to the Pharmacy Defendants. Plaintiffs' gambit represents just the latest in a parade of attempts to keep the Pharmacy Defendants in the dark about what case they are actually defending, and to deprive them of a fair opportunity to prepare their defense. The Court gave Plaintiffs the option of expanding the scope of their cases at this stage in the proceedings, but recognized there was no way to do so without continuing the trial date. *See* Doc. 3726 at 2. Plaintiffs declined to exercise that option and now must be held to that choice. As this Court has ruled, maintaining the current trial date requires Plaintiffs to abide by the universe of 884,000 prescriptions they have chosen. *See id.* at 1-2.

---

[1] The Pharmacy Defendants disagree with Plaintiffs' assertion that McCann's Second Supplemental Report complies with Plaintiffs' Rule 26(e)(1) obligation to supplement McCann's initial report, *see* Doc. 3743 at 4, but that disagreement is not material to this motion to strike.

4

Dated:  June 1, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/    Kaspar J. Stoffelmayr*
　　　　　　　　　　　　　　　　　　　　Kaspar J. Stoffelmayr
　　　　　　　　　　　　　　　　　　　　Katherine M. Swift
　　　　　　　　　　　　　　　　　　　　BARTLIT BECK LLP
　　　　　　　　　　　　　　　　　　　　54 West Hubbard Street
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　　Phone: (312) 494-4400
　　　　　　　　　　　　　　　　　　　　Fax: (312) 494-4440
　　　　　　　　　　　　　　　　　　　　E-mail: kaspar.stoffelmayr@bartlitbeck.com
　　　　　　　　　　　　　　　　　　　　E-mail: kate.swift@bartlitbeck.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Walgreens Boots Alliance, Inc.,*
　　　　　　　　　　　　　　　　　　　　*Walgreen Co., and Walgreen Eastern Co., Inc.*

　　　　　　　　　　　　　　　　　　　　*/s/ Eric R. Delinsky*
　　　　　　　　　　　　　　　　　　　　Eric R. Delinsky
　　　　　　　　　　　　　　　　　　　　Alexandra W. Miller
　　　　　　　　　　　　　　　　　　　　ZUCKERMAN SPAEDER LLP
　　　　　　　　　　　　　　　　　　　　1800 M Street, NW, Suite 1000
　　　　　　　　　　　　　　　　　　　　Washington, DC  20036
　　　　　　　　　　　　　　　　　　　　Phone: (202) 778-1800
　　　　　　　　　　　　　　　　　　　　Fax: (202) 822-8106
　　　　　　　　　　　　　　　　　　　　E-mail: edelinsky@zuckerman.com
　　　　　　　　　　　　　　　　　　　　E-mail: smiller@zuckerman.com

　　　　　　　　　　　　　　　　　　　　*Counsel for CVS Pharmacy, Inc.*

　　　　　　　　　　　　　　　　　　　　*/s/ Kelly A. Moore*
　　　　　　　　　　　　　　　　　　　　Kelly A. Moore
　　　　　　　　　　　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP
　　　　　　　　　　　　　　　　　　　　101 Park Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY 10178
　　　　　　　　　　　　　　　　　　　　Phone: (212) 309-6612
　　　　　　　　　　　　　　　　　　　　Fax: (212) 309-6001
　　　　　　　　　　　　　　　　　　　　E-mail: kelly.moore@morganlewis.com

　　　　　　　　　　　　　　　　　　　　Elisa P. McEnroe
　　　　　　　　　　　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP
　　　　　　　　　　　　　　　　　　　　1701 Market Street
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　Phone: (215) 963-5917
　　　　　　　　　　　　　　　　　　　　Fax: (215) 963-5001
　　　　　　　　　　　　　　　　　　　　E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., Rite Aid Hdqtrs. Corp., and Eckerd Corporation*

/s/ Robert M. Barnes
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-2315
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Counsel for Giant Eagle, Inc. and HBC Service Company*

/s/   Tara A. Fumerton
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, this 26th day of May 2021, I served a copy of the foregoing via the Court's ECF system to all counsel of record.

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Attorney for Walgreens Boots Alliance, Walgreen Co., Walgreens Eastern Co., Inc.*
