UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*All Cases* | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

## PLAINTIFFS' STATUS REPORT

Plaintiffs provide this report in response to the Court's directive that plaintiffs consider dismissing pharmacy defendants who have no "market share" in the jurisdiction where the defendants were named. As previously recognized by Special Master Cohen, this requires more than simply determining whether the defendants had a store located within the geographic confines of the plaintiff subdivision. If a defendant's store dispensed opioids to customers residing outside the subdivision's geographic borders where no store existed but the dispensing had an impact on the opioid prescription epidemic of that subdivision, the defendant's "market share" analysis may result in an appropriate joinder of the defendant in that case. While the nationwide ARCOS data which the DEA produced to the MDL tracks every opioid pill from manufacturer to distributor to pharmacy, it does not track where or to whom the pills were dispensed. Without that dispensing data, plaintiffs are forced to rely on public reports of a chain pharmacy's national retail market share and proximity of geographic locations of defendants' stores to the political subdivision. If the defendants were ordered to produce their nationwide dispensing data, plaintiffs would be able to track the dispensed pills to the customer's residence and thereby identify with specificity in which political subdivision the pills landed and had an impact. Because discovery has been stayed in all but the bellwether cases and actively litigated

state court cases, most plaintiffs have been unable to obtain this vital information.  Defendants have produced only dispensing data for Ohio, dispensing data from only Walgreens and CVS in Florida, and a smattering of dispensing data in a few other states.

Nonetheless, the PEC, through liaison counsel, have reached out to all plaintiffs' counsel in the cases listed by the defendants.  While liaison counsel has not received responses from plaintiffs' counsel on every one of the listed cases,  I can report as follows:

**CVS:** The PEC received responses noting that 34 cases will be dismissed and an additional 6 will be dismissed subject to client approval. One case did not have Defendant CVS named in the complaint.  55 cases are being further investigated while 138 plaintiffs intend to pursue their claims against CVS.

**Rite Aid:** The PEC received responses noting that 141 cases will be dismissed against all Rite Aid/Harco/Eckerd defendants noted in their complaints and an additional 64 will be dismissed subject to client approval.  One case will dismiss Harco and Eckerd but not the Rite Aid defendants; 3 cases will dismiss Harco but not Rite Aid defendants, and 8 cases will dismiss the Rite Aid defendants but not Harco.  There are two duplicate cases on the list.  37 cases are being further investigated while 70 plaintiffs intend to pursue their claims against Rite Aid.

**Walgreens:**  The PEC received responses that 73 cases will be dismissed   18 cases are being further investigated while 168 plaintiffs intend to pursue their claims against Walgreens.

**Walmart:**  The PEC received responses that 131 cases will be dismissed.   15 cases are being further investigated while 136 plaintiffs intend to pursue their claims against Walmart.

**Giant Eagle**: Plaintiffs' counsel continue to analyze the cases.

                */s/Peter H. Weinberger*
                Peter H. Weinberger (0022076)
                SPANGENBERG SHIBLEY &LIBER
                1001 Lakeside Avenue East, Suite 1700
                Cleveland, OH 44114
                (216) 696-3232
                (216) 696-3924 (Fax)
                pweinberger@spanglaw.com

                *Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 2, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                */s/Peter H. Weinberger*
                Peter H. Weinberger