UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *Track Three Cases* | ) ) **ORDER** ) |

On June 2, 2021, the Court held a phone status conference with the parties. The Court's findings as articulated during that teleconference are set forth below.

**I.  Motion to Strike Additional Prescriptions**

On May 26, 2021, Pharmacy Defendants moved to strike as untimely millions of prescriptions identified in Plaintiffs' May 19, 2021 supplemental report from data consultant Craig McCann (Doc. 3741; Doc. 3741-3 at 10–11). Plaintiffs filed their opposition to Pharmacy Defendants' motion to strike on June 1, 2021 (Doc. 3743). Pharmacy Defendants' motion to strike is **GRANTED**. Accordingly, Plaintiffs are **ORDERED** to refrain from referencing these additional prescriptions at trial in proving their case against the Pharmacy Defendants. However, should Pharmacy Defendants open the door to the existence of these additional prescriptions at trial, Plaintiffs may seek permission from the Court to reference the prescriptions to rebut Pharmacy Defendants' claims.

## II.     Motion to Bifurcate

On May 19, 2021, Plaintiffs filed a motion to bifurcate the bellwether claims for separate trials in the five bellwether cases designated by this Court,[1] and to stay the remaining claims (Doc. 3734).  Pharmacy Defendants filed their opposition to this motion on June 1, 2021 (Doc. 3746).  For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion.

Plaintiffs contend ordering separate trials of the public nuisance claims against the Pharmacy Defendants, and staying all remaining claims, pursuant to Federal Rule of Civil Procedure 42 would "serve the purposes of expedited and convenient litigation and efficient judicial administration of bellwether actions against these defendants by simplifying the trial, making the case administratively manageable, and allowing for focused assessment of claims and defenses relevant to a public nuisance action against the Pharmacy Defendants."  (Doc. 3734 at 4).  Pharmacy Defendants contend, however, the preferable course of action would be for the Court to request the United States Judicial Panel on Multidistrict Litigation ("the JPML") to remand the bellwether cases in their entirety at the appropriate time so the judges to whom the cases are transferred will be able to decide whether bifurcation is advisable (Doc. 3746 at 4).

The motivating factor behind Rule 42(b) "is to enable the trial judge to dispose of a case in a way that advances judicial efficiency and is fair to the parties."  *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988).  Rule 42 "giv[es] the court virtually unlimited freedom to try the issues in whatever way trial convenience requires."  *Id.* at 316–17 (citing C. Wright, A. Miller & F. Elliott, *Federal Practice and Procedure* § 2387 at 278). "The decision to bifurcate is within the

---

[1] These cases, as set forth in Doc. 3688, are: *Board of County Commissioners of the County of Santa Fe, New Mexico v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45776; *Cobb County, Georgia v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45817; *County of Tarrant, Texas v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45274; *Durham County, North Carolina v. AmerisourceBergen Drug Corporation, et al.*, Case No. 1:19-OP-45346; and *Montgomery County, Ohio Board of County Commissioners, et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-OP-46326.

sound discretion of the trial court." *United States Equal Employment Opportunity Comm'n v. Sherwood Food Distributors, LLC*, No. 1:16 CV 2386, 2017 WL 11450402, at *1 (N.D. Ohio Aug. 11, 2017) (citing *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004)). Moreover, in an MDL, "[i]n discretionary matters going to the phasing, timing, and coordination of the cases, the power of the MDL court is at its peak." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) (quoting *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011)). In deciding whether to bifurcate claims, "the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *In re Bendectin Litig.*, 857 F.2d 290, 307–08 (6th Cir. 1988). Furthermore, bifurcation is appropriate to avoid confusing the jury and to promote convenience and economy. *J'Way S., Inc. v. River Rd. Constr., Inc.*, No. 1:17cv1167, 2018 WL 1409285 at *1–2 (N.D. Ohio March 21, 2018).

Plaintiffs' proposal is permissible under Rule 42(b) as it will expedite and economize the resolution of these cases by simplifying the trial, make the case administratively manageable, and allow for focused assessment of claims and defenses relevant to a public nuisance action against the Pharmacy Defendants. Just as in Track Three, proceeding only against Pharmacy Defendants on the public nuisance cause of action in the five new bellwether trials will allow the parties to provide a more coherent presentation of the legal issues specific to the Pharmacy Defendants' alleged liability for creating an opioid public nuisance. The Pharmacy Defendants are all similarly-situated and subject to the same claims, regulatory provisions, defenses, and types of proof. Each Pharmacy Defendant distributed controlled substances, including prescription opioids, to its own stores and dispensed those drugs from those same stores. Bifurcating the public nuisance claims asserted against the Pharmacy Defendants will allow the Court to focus its attention on development and litigation of these issues and claims, which are likely to be applicable in many

other MDL actions against these and similar defendants, on a bellwether basis. This may also help facilitate settlement.

Additionally, a stay on the remaining bifurcated claims while Plaintiffs' public nuisance bellwether claims are proceeding is proper under Rule 42 to prevent unnecessary costs to the non-bellwether defendants and unnecessary complication of the bellwether discovery and pre-trial issues. *See Gagner v. Metro. Prop. & Cas. Ins. Co.*, No. 3:05-CV-222, 2005 WL 8161955, at *2 (S.D. Ohio Dec. 13, 2005) ("Rule 42(b) regarding separation of trials has a relation to the discovery rules and the court may limit discovery to the first issue to be tried until after its resolution.") (citing 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure Civil 2d* § 2387 (2d ed. 1995)).

Accordingly, Plaintiffs' motion to bifurcate is **GRANTED**.

### III. Bellwether Case Management Orders

The Court previously ordered the parties to submit proposed case management orders ("CMOs") for the five new bellwether cases by June 3, 2021 (Doc. 3723 at 39). On June 2, the Pharmacy Defendants informed Special Master Cohen that the process for negotiating the CMOs is taking longer than expected, and requested additional time to complete them.

Pharmacy Defendants' request for an extension is **GRANTED**. The proposed CMOs are now due by **June 9, 2021**.

IV.     **Conclusion**

The next Track Three teleconference is scheduled for **July 7, 2021 at 1:00 p.m. EDT**. Counsel shall use the same dial-in instructions used for the previous teleconference, and shall submit to the Court a joint status report by **3:00 p.m. EDT on July 6, 2021**.

      **IT IS SO ORDERED.**

                                     /s/ Dan Aaron Polster  June 3, 2021
                                     **DAN AARON POLSTER**
                                     **UNITED STATES DISTRICT JUDGE**