UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION     MDL No. 2804


TRANSFER ORDER


**Before the Panel**: Plaintiff in a Southern District of Florida action (*MSP Recovery*) moves under Panel Rule 7.1 to vacate the order conditionally transferring its action, which is listed on Schedule A, to MDL No. 2804.  CVS defendants[1] oppose the motion.

After considering the arguments of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set forth in our order directing centralization.  In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country.  *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).  The action now before us shares a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs.  *See id.*  The action thus falls within the MDL's ambit.

Plaintiff moves to vacate the conditional transfer order, principally by arguing that federal jurisdiction is lacking over its case.  We are not persuaded by this argument.  The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[2]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Plaintiff also argues that transfer is not needed because it will cause it an inconvenience.  Further, it argues that transfer is not needed because the MDL is advanced and has completed its primary purpose.  We are not convinced by these arguments.  Nearly three thousand cases remain

---

[1]  CVS Pharmacy, Inc. and Holiday CVS, LLC.

[2]  Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

pending in this MDL, including other cases brought by related plaintiffs.[3]  Settlements have been reached with many defendants, those settlements are not yet finalized, and not all defendants have settled.  Indeed, the transferee judge recently selected an additional five bellwether cases to test claims involving pharmacy defendants.   Given the undisputed factual overlap with the MDL proceedings, transfer is justified to facilitate the efficient conduct of the litigation as a whole.  *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

---

[3] *See, e.g., MSP Recovery Claims, Series LLC v. Purdue Pharma L.P. et al.*, N.D. Ohio, C.A. No. 1:18-op-45091; *MSPA Claims 1, LLC, et al. v. Purdue Pharma L.P. et al.*, N.D. Ohio, C.A. No. 1:18-op-45057.

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION        MDL No. 2804

## SCHEDULE A

<u>Southern District of Florida</u>

SERIES 17−03−615, A DESIGNATED SERIES OF MSP RECOVERY CLAIMS, SERIES LLC, A DELAWARE SERIES LIMITED LIABILITY COMPANY v. PAR PHARMACEUTICAL, ET AL., C.A. No. 1:21−20797