UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  )<br><br>THIS DOCUMENT RELATES TO:  )<br>  )<br>*Track Three Cases*  )<br>  )<br>  )<br>  )<br>  ) | MDL 2804<br><br>Case No. 1:17-MD-2804<br><br>Judge Dan Aaron Polster<br><br>**TRACK THREE CIVIL JURY TRIAL ORDER** |

On May 19, 2021, Special Master David R. Cohen issued the Second Revised Case Management Order for Track Three, which sets forth discovery and pre-trial deadlines for Track Three.  Doc. 3735.  This Order superseded a previous Revised Case Management Order for Track Three dated January 6, 2021 (Doc. 3595), which itself incorporated by reference the Track Three Case Management Order *Nunc Pro Tunc* dated June 8, 2020 (Doc. 3329).  The Court now supplements the foregoing orders with the following:

    I.    **FINAL PRETRIAL CONFERENCE**

The Court has scheduled a Final Pretrial Conference in the consolidated cases beginning at **12:00 p.m. on Tuesday, September 28**.  Pursuant to Local Rule 16.3(e), the parties and lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions, witness and exhibits lists, scheduling, and settlement.  Counsel must confer with their clients and with each other regarding their final settlement posture no later than two business days before the Final Pretrial Conference.

## II. TRIAL

The consolidated cases are scheduled for a Jury Trial beginning at **1:00 p.m. on Monday, October 4, 2021**, in the courtroom of the Honorable Dan A. Polster, Courtroom 18B of the Carl B. Stokes United States District Courthouse, 801 W. Superior Ave., Cleveland, Ohio. Opening statements and the presentation of evidence will begin at **1:00 p.m. on Monday, October 4, 2021**.

Other than on October 4 where trial begins at 1:00 p.m., **trial days begin at 9:00 a.m. and continue until approximately 5:30 p.m.**, unless circumstances dictate otherwise, and will include a one hour lunch break and two fifteen minute breaks, one in the morning and one in the afternoon. Counsel shall be present in the courtroom at 8:30 a.m. on trial days to address matters outside the presence of the jury. All parties must be present in the courtroom at all times when the jury is seated.

Plaintiffs and defendants will split trial time 50/50. This amounts to about 75 hours of time for presentation of evidence for each side (not including *voir dire*, opening statements, or closing arguments). The Court will keep a "chess clock" and tell parties what their time count is at the end of each day.

### a. Jury Selection

#### i. Jury Questionnaire Form

The Court **DIRECTS** trial counsel to meet, confer, reach agreement, and email to Special Master Cohen **no later than 12:00 p.m. on Thursday, July 8, 2021** a reasonably concise Jury Questionnaire. Special Master Cohen and the Court will resolve any issues the parties cannot agree on. Trial counsel shall take into consideration the questions on the Jury Department's form questionnaire, located at

https://www.ohnd.uscourts.gov/sites/ohnd/files/CivilRules_AppendixC.pdf, and also the Jury Questionnaire used by the Court for the Track One-A trial.

On or about **Monday, August 23, 2021**, the Jury Department will mail to prospective jurors the Jury Questionnaire, which prospective jurors can complete online or in hard copy. The completed questionnaires will be distributed to trial counsel **no later than Friday, September 17, 2021**. The Court will meet with trial counsel on **Tuesday, September 21, 2021 at 12:00 p.m.** to review questionnaire responses and begin narrowing the jury pool. Before the September 21 meeting, counsel should confer and identify prospective jurors whom they agree should be dismissed for cause.

### ii. Jury Selection Process and Deliberation

The Court expects to conduct jury *voir dire* the week preceding trial, beginning at **9:00 a.m. on Wednesday, September 29, 2021 and continuing through no later than 5:30 p.m. on Friday, October 1, 2021**. The Court expects to *voir dire* approximately 50 prospective jurors each day until such time as the parties agree on 12 jurors. Any juror remaining on the panel at the conclusion of the trial will participate in deliberations.

Additionally, to ensure the safety of everyone involved in the trial, the Court will only allow individuals who have been fully vaccinated against COVID-19 to serve as jurors.[1] The Court also strongly encourages all attorneys and witnesses set to appear at trial to ensure they are fully vaccinated by the start of trial.

---

[1] On June 2, 2021, the Court asked the parties if they had any objection to this approach. Plaintiffs did not object and agreed with this approach. Defendants asked for time to consider the question, but did not respond.

b. **Trial Documents**

i. **Joint Preliminary Statement**

Trial counsel must meet, confer, and prepare a single Joint Preliminary Statement (not to exceed two pages, double-spaced) describing the case in an impartial, easily understood, and concise manner for use by the Court at the outset of its *voir dire* and at the time the jury is impaneled. This statement will set the context of the trial for the jury and must be emailed to Chambers no later than **12:00 p.m. on Thursday, July 15, 2021**.

ii. **Stipulations of Fact**

Given the length and complexities of the trial, trial counsel must work together to prepare written stipulations as to all uncontested facts to be presented at trial. Stipulations must be filed with the Court **no later than 12:00 p.m. on Wednesday, July 28, 2021**. A signed copy of the stipulations must be submitted to the Court at the Final Pretrial Conference.

iii. *Voir Dire*

The Court will conduct initial *voir dire* of the venire in the courtroom, and then of individual venire members in chambers. After Court questioning, one counsel for each party may question the venire briefly on issues not addressed by the Court, and may question individual venire members in chambers. Plaintiffs collectively and Defendants collectively (2 total documents) shall file proposed questions for the Court's *voir dire* **no later than 12:00 p.m. on Monday, August 9, 2021**. The Court will decide which questions to include in its own *voir dire*, after which it will email its final *voir dire* questions to trial counsel.

### iv.  Motions *in Limine*

Motions *in limine* must be filed **no later than Monday, August 9, 2021**.  The deadline for filing responses is **Monday, August 30, 2021**, and the deadline for filing replies is **Tuesday, September 7, 2021**.

### v.  Witness Lists and Exhibit Lists

All parties shall exchange proposed witness lists **no later than Tuesday, June 15, 2021** and exhibit lists by **no later than Friday, July 16, 2021**.  Trial counsel must file witness lists **no later than Monday, July 26, 2021** and exhibit lists **no later than Friday, September 10, 2021**.

Witness lists must provide a brief description and purpose of each witness.

Regarding exhibit lists, the Court recognizes that, due to the number of exhibits involved in this trial, the Court's standard exhibit-list form may not be practical.  Trial counsel previously stipulated to certain formatting for exhibit lists.  Doc. 3595-2.  The Court **DIRECTS** trial counsel to adhere to this exhibit-list formatting in preparing for trial.  Trial counsel shall meet and confer to address issues that may arise regarding this formatting, and shall further confer with Special Master Cohen as necessary to resolve any disputes.

#### 1.  Objections to Witnesses or Exhibits

Parties should be mindful that the Court has limited time and resources to address excessive objections to exhibits and witnesses.  Due to the large number of exhibits and witnesses expected to be produced at trial, counsel must make every effort to resolve objections before seeking the Court's assistance.  Only those objections to a proposed witness that have not been resolved among counsel must be filed **no later than Monday, August 23, 2021**.  Objections to exhibits must be filed **no later than Friday, September 3, 2021**.  Such objections must include a succinct statement

setting forth the reasons why the proposed witness or exhibit should not be permitted or admitted, as well as citations to legal authority.

### 2. Continuing Obligation

Each attorney has a continuing obligation to supplement its client's witness and exhibit lists immediately upon learning of any additional witness or exhibit. Absent a showing of very good cause, witnesses not included on the witness list or added to the list well before the trial starts will not testify at trial, and exhibits not listed on the exhibit list or added to the list well before the trial starts will not be introduced at trial. This rule applies to lay and expert witnesses. A party may not call their own non-third-party witness at trial unless that party produced during discovery documents identified using required search terms from that witness's custodial file.

### vi. Trial Briefs

Trial counsel must file trial briefs **no later than 12:00 p.m. on Thursday, August 19, 2021**. A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law, together with citations to statutes and case law; and (c) a discussion of any evidentiary issues likely to arise at trial.

### vii. Jury Instructions, Verdict Forms, and Interrogatories

During the course of this MDL, the Court and numerous parties in the bellwether cases (including entities who are not parties in Track Three) have spent enormous amounts of time proposing, drafting, and trading versions of Ohio public nuisance jury instructions, endeavoring to make these instructions concise, understandable, and legally-correct. *See, e.g.*, docket nos. 2715, 2840, 2860, 2861, 3449, 3450, 3548, 3550, 3615, 3616. Using all of the parties' input, the Court drafted and, on April 27, 2021, circulated to the Track Three parties the jury instructions and verdict forms it intends to use at trial.

For appellate purposes, the Court acknowledges that each party has a continuing objection to any deviation in the Court's draft instructions from that party's earlier-proposed jury instructions. Accordingly, in connection with the following paragraphs, the parties are directed *not* to submit proposals or objections that they submitted earlier but which the Court did not accept.

Counsel shall exchange proposed modifications to the Court's jury instructions, verdict forms, and interrogatories **no later than Thursday, July 1, 2021**. Counsel must then meet, confer, and make diligent efforts to reach agreement on their respective modifications.

**No later than Thursday, July 15, 2021**, counsel shall file a single joint submission of (1) agreed-upon instructions and verdict forms; (2) instructions and verdict forms proposed by plaintiffs but opposed by defendants; and (3) instructions and verdict forms proposed by defendants but opposed by plaintiffs. The joint submission must be filed as one document, divided by the above-described sections. All proposed modifications must be supported by citations to legal authority. Any new objection to the Court's draft jury instructions must be accompanied by **a concise statement explaining why the Court should not give the instruction and citing legal authority**. A mere statement of "objection" is not sufficient and will not be considered.

### viii. Deposition Testimony[2]

Deposition testimony shall only be designated and filed for witnesses not within the subpoena power of the Court pursuant to Fed. R. Civ. P. 45(c). The parties shall be permitted to undertake designations of deposition testimony for witnesses who are discovered to be unavailable after the deadlines set forth herein, upon reasonable notice to, and with an opportunity for objections and counter-designations by, other parties.

---

[2] *See* Parties' Stipulation at docket no. 3595-1.

Counsel proposing to use as evidence at trial depositions of witnesses not previously exchanged in Track One-B and unavailable to be called live during a party's case-in-chief must provide opposing counsel with affirmative designations of the deposition testimony **no later than Wednesday, July 23, 2021**. All parties shall exchange responsive designations to those affirmative designations **no later than Wednesday, August 11, 2021**.

For other witnesses, counsel must provide opposing counsel with affirmative designations of the deposition testimony **no later than Friday, August 20, 2021**. Objections to those affirmative designations are due **no later than Friday, August 27, 2021**. Objections to limited advance completeness and counter-designations as well as reply designations to limited advance designations are due **no later than Friday, September 3, 2021**. Counsel shall submit limited advance deposition designations and related objections for ruling by Special Master Cohen **by no later than Monday, September 13, 2021**.

In addition to their responsive designations, a party may make additional non-repetitive and non-responsive designations from the depositions previously affirmatively designated during this period. **No later than the deadline set forth in the parties' stipulation**, all parties shall exchange **FINAL** counter designations and objections.

As with objections to witnesses and exhibits, the Court has neither the time nor resources to address excessive objections to deposition testimony. Counsel shall file only those objections that have been raised and not resolved by the meet and confer process counsel **no later than Monday, September 13, 2021**. The brief shall contain citations to applicable legal authority.

Counsel is instructed to notify the Court in writing, **no later than Thursday, September 23, 2021**, of those deposition transcripts that will be read into the record, if any. The parties are responsible for providing transcripts to the Court.

When videotape depositions will be presented in lieu of live testimony, counsel must file a complete written transcript of the videotape deposition prior to its use and follow Local Civil Rule 32.1.

### ix. Emailing Trial Documents to Chambers

The following trial documents must, in addition to being filed, be emailed to Chambers by the following dates:

- **Thursday, July 15, 2021**—The joint preliminary statement, and the single joint submission of jury instructions and verdict forms;

- **Monday, July 26, 2021**—Witness lists;

- **Wednesday, July 28**—Stipulations of uncontested facts;

- **Monday, August 9, 2021**— Proposed *voir dire* questions; and

- **Friday, September 10, 2021**—Exhibit lists.

**IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster  June 14, 2021**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**