UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *"Track Three Cases"* | ) ) | **ORDER REGARDING** **TRIAL MATTERS** |

So that the parties may better plan for the upcoming trial, the Court sets out below several matters regarding trial procedure.[1]

- **Peremptory challenges.** At voir dire, the number of peremptory challenges that may be exercised by Defendants as a group will be equal to the number of individual Defendant families at trial, but no less than three. Thus, if there are five Defendant families at trial, then Defendants as a group will be entitled to five peremptory challenges; and if there are two Defendant families at trial, then Defendants as a group will be entitled to three peremptory challenges. Plaintiffs as a group will receive the same number of peremptory challenges as Defendants.

- **Back Strikes.** At voir dire, back-strikes are allowed. As an example, Plaintiffs may use a peremptory strike on venire member 7, Defendants may then use a peremptory strike on venire member 13, and Plaintiffs may then "go back" and use a peremptory strike on venire member 2.

- **Witness Introduction.** The Court will permit counsel to give a very short, non-argumentative introduction of each witness and their role in the litigation, to provide context to the jurors.

- **Note-Taking.** The Court will allow jurors to take notes during trial.

---

[1] The Court issued similar orders in Track One and incorporates their reasoning by reference, *see* docket nos. 2594, 2689, & 3442. Some of the matters discussed in these Track One Orders have already been incorporated into the Track Three Trial Order.

- **Juror Questions.** The Court will allows jurors to ask questions during trial, using the following procedure. Jurors may submit written questions to the Court. The Court will then give them to counsel, who will decide whether to ask the questions and, if so, who will ask them.

- **Witness and Exhibit Disclosure.** Each day, counsel must disclose to the other side the witnesses they intend to call and the demonstrative exhibits they intend to use during the next trial day. At the end of each week, counsel must give the other side a list of witnesses they expect will be called the following week.[2]

- **Video Depositions.** A party wishing to present videotaped deposition of a fact witness in its case-in-chief must show to the jury, all at once, *all* of the designated portions of the videotaped deposition, including those designated by the opposing party. The only two exceptions to this rule are: (1) if one party's designations are very short and the other party's designations are much longer, the Court may allow the first party to present only the short designation, by itself; and (2) when the Plaintiff wants to play in its case-in-chief portions of a videotaped deposition of *a party opponent on cross-examination,* the Defendant may not force the Plaintiff to present concurrently the Defendant's own designations.[3]

- **Live Testimony from Distant Witnesses.** Pursuant to Fed. R. Civ. P. 43, the Court will allow Plaintiffs to procure one live-stream appearance of a distant witness per Defendant family, via remote video connection (except for Defendants within Plaintiffs' subpoena power). Plaintiffs must designate by September 6, 2021 which specific distant witness for each Defendant family will be live-streamed. If the Defendant then chooses to produce this distant witness live, Plaintiffs do not get to choose a replacement distant witness. Presentation of live testimony from a distant witness is subject to the Court's technological limitations and requirements, and the parties shall work closely with Special Master Cohen and the Court to administer the process.

- **Admissibility.** The Court will address admissibility of exhibits at the end of each trial day.

---

[2] Plaintiffs shall disclose to Defendants the witnesses they expect to call during the first week of trial no later than Friday, October 1, 2021. The Parties shall exchange opening statement presentations (e.g. PowerPoint slides) no later than 6:00 p.m on October 3, 2021, and the Court will provide opportunities to object outside the presence of the jury before openings proceed.

[3] Regarding the second exception: (a) it applies to both Plaintiffs and Defendants equally; (b) "a party-opponent" generally means a 30(b)(6) witness or a high-level manager/executive that can bind the party; and (c) the party-opponent may still seek inclusion of its own designations if truly necessary under the rule of completeness.

- **Authentication.** The Court expects the parties will stipulate to authenticity of all documents produced in discovery unless there is truly an issue, such as alleged forgery or serious chain-of-custody questions.

- **Deposition Designations.** The parties shall meet and confer with Special Master Cohen regarding the format for submission to the Court of deposition designations and objections.

- **Recordings and Witness Attendance.** The parties should take notice of the Court's *Order Regarding Recording of Hearings or Trial*, docket no. 3442. All provisions of that Order also apply in the Track Three trial.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 14, 2021