UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>ALL CASES | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' EXECUTIVE COMMITTEE'S AND PLAINTIFFS SUMMIT AND CUYAHOGA COUNTIES' AGREED MOTION FOR PAYMENT OF SUMMIT/CUYAHOGA HOLDBACK INTO MDL NO. 2804 COMMON BENEFIT FUND AND FOR REIMBURSEMENT TO PEC OF CT 1 BELLWETHER COSTS**

**INTRODUCTION**

MDL No. 2804 Co-Lead Counsel, on behalf of the Court-appointed Plaintiffs' Executive Committee ("PEC") and counsel of record for bellwether plaintiffs Summit County and Cuyahoga County jointly and respectfully submit this **Agreed Motion** to implement this Court's December 11, 2019 Order Regarding Track One Settlement Funds (Doc. #2980). That Order assessed 7.5% of the settlement reached, literally on the eve of the Track One bellwether trial, on behalf of bellwether plaintiffs Summit and Cuyahoga counties, as a holdback in anticipation of a future, general common benefit assessment order.[1]

The Track One Cases were prepared for trial by members of the PEC and other authorized lawyers and this resulted in the monetary cash payment of $284,000,000 and $37,650,000 in Product or Services in settlement. Pursuant to its Order of December 11, 2019, this Court

---

[1] As set forth in the December 11, 2019 Order, the Court stated, "Each of the Track One Plaintiffs shall place into escrow 7.5% of any settlement funds they receive or received from any defendant in this case. The Court will not ever require the Track One Plaintiffs or their counsel to pay any common benefit assessment from the remaining 92.5% of their settlement funds" (Doc. #2980).

established a 7.5% hold-back assessment of the amount of monetary recovery; here agreed to as 7.5% of the cash payment of $284,000,000, or $21,300,000. The PEC Co-leads and Track One Plaintiffs' counsel seek through this motion to establish the MDL No. 2804 Common Benefit Fund under this Court's jurisdiction, as contemplated in the December 11, 2019 Order. The Order provided for the creation of a fund for payment of common benefit fees and for the reimbursement of litigation costs. The MDL PEC and related firms have collectively incurred over $110 million in total litigation costs. Following review of all the costs attributable to the CT 1 trial, the MDL Co-Leads believe that it is reasonable and fair that 2.5% of the $284,000,000, to wit, $7,100,000.00 be paid by the bellwether plaintiffs, pro rata in accordance with their respective share of the settlement, from the holdback, in that said amount represents a portion of the litigation expenses incurred by the PEC in the preparation for the CT 1 trial. The total CT 1 litigation costs incurred by the PEC, which were paid by the PEC MDL Capital Account (derived from assessments paid by the PEC), as of October 2019 equals $13,695,365.20, as demonstrated by the accompanying Declaration of Plaintiffs' Liaison Counsel Peter H. Weinberger. The PEC seeks an order permitting reimbursement of $7,100,000 of the litigation costs, and will seek reimbursement of the balance of the CT 1 litigation expenses from future Opioid settlements. The December 11, 2019 Order creating the hold-back assessment also contemplated the award of a Common Benefit fee to compensate the PEC, as MDL court-appointed counsel, for their work in bringing about a successful resolution of the nation's first bellwether trial. The PEC seeks an order approving of 5% of the settlement, to wit $14,200,000, as common benefit fees payable into the Common Benefit fund to be held until further order of the Court.

## I. The Establishment of a Common Benefit Fund With the Track One " Hold-Back" Assessment is Timely and Appropriate

This Court's December 11, 2019 Order noted its ongoing consideration of an order addressing the issue of MDL common benefit fees and expenses, and an appropriate "hold-back" assessment amount, noting several examples of assessment in its own, and other, MDL cases.(Doc. # 2980, 1).[2]

In 2020, the PEC moved for a general common benefit assessment, which the Court denied without prejudice, essentially deferring it until the impending Distributors' settlement (contemplated to feature its own, distinct, attorneys' fees/costs structure), is known and evaluated by the Court.  (See July 27, 2020 Order Denying Without Prejudice the PEC's Motion For Common Benefit Fee Order, Doc. #3397).  The parties continue to work intensively on the Distributors' settlement terms, and this Agreed Motion does not ask for a general hold-back assessment amount applicable to that settlement or other future settlement at this time.

The movants seek a payment of 5% of the net monetary cash recovery received by Summit County and Cuyahoga County as a contribution to the MDL No. 2804 Common Benefit Fund (the "Fund"), to be paid by each County based on its pro-rata share of the total cash recovery. Such funds will remain in the Fund until further order of this Court. The funds being held by the Counties pursuant to this Court's Order of December 11, 2019 (Doc. #2980) in excess of the fee/cost payment authorized by the Court's order shall be released to the appropriate County. The Common Benefit fee award shall be funded from fees charged pursuant to each counties'

---

[2] *See e.g.*, *In re Gadolinium-Based Contrast Agents Prods. Liab. Litig.*, case no. 08-GD-50000, docket no. 277 (N.D. Ohio Feb. 20, 2009) (setting a 6% common benefit assessment – 5.0% for fees and 1.0% for expenses); *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 919 n.19 (N.D. Ohio 2003) (setting a 5.5% common benefit assessment – 4.8% for fees and 0.7% for expenses); *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 2012 WL 6923367 at *1 (E.D. Pa. Oct. 19, 2012) (awarding common benefit fees and expenses after having set a 7% assessment); *In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 661 (E.D. La. 2010) (awarding 6.5% of the total settlement amount for common benefit fees).

contract with Counsel (and as appropriate, the 5% holdback for fees shall either be used for payment to the common benefit fee fund or reimbursed to the respective county.)[3]

This motion seeks the establishment of an MDL No. 2804 Common Benefit Fee Fund, as described in the accompanying (Proposed) Order, and the deposit into that Fund of the Track One Common Benefit Fee assessment monies, and for immediate payment of the common benefit litigation expense reimbursement, as specified in the accompanying Declaration of Liaison Counsel Peter H. Weinberger, payable to the PEC MDL Capital Account.  (Although this is not the subject of this **Agreed Motion**, it is the intent of the PEC to seek a similar assessment in all Bellwether and Bellwether Remand cases.)

## CONCLUSION

The undersigned, on behalf of the Track One Plaintiffs and the PEC, respectfully request the entry of the accompanying (Proposed) Order to accomplish the reimbursement of Track One bellwether expenses, the payment of a common benefit fee from the CT 1 settlement, and to commence and facilitate the operation of an MDL No. 2804 Common Benefit Fund in anticipation of a future common benefit allocation order and approval process that will accompany future Opioid litigation settlements.

Dated:  June 17, 2021                           Respectfully submitted,

                                                Jayne Conroy
                                                SIMMONS HANLY CONROY
                                                112 Madison Avenue, 7th Floor
                                                New York, NY 10016
                                                (212) 784-6400
                                                (212) 213-5949 (fax)
                                                jconroy@simmonsfirm.com

---

[3] For Cuyahoga, the 7.5% holdback is held in an IOLTA account.

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr.
FARRELL & FULLER, LLC
1311 Ponce de Leon Ave., Suite 202
San Juan, Puerto Rico  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

*s/Peter H. Weinberger*
Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

Frank L. Gallucci, III
PLEVIN & GALLUCCI
55 Public Square, #2222
Cleveland, OH  44113
(216) 861-0804
(216) 861-5322 (Fax)
fgallucci@pglawyer.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

5

>Linda Singer
>MOTLEY RICE LLC
>401 9th St. NW, Suite 1001
>Washington, DC 20004
>(202) 386-9626 x5626
>(202) 386-9622 (Fax) lsinger@motleyrice.com
>
>*Counsel for Plaintiff Summit County, Ohio*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger