UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Montgomery County Board of County Commissioners & the State of Ohio Ex. Rel. Mathias H. Heck, Jr., Prosecuting Attorney v. Cardinal Health, Inc. et al.*,<br>Case No. 1:18-op-46326-DAP | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
<u>SUPPLEMENTAL COMPLAINT</u>**

Plaintiff Board of County Commissioners of Montgomery County, Ohio, by and through the Montgomery County Prosecutor's Office (the "County"), is proceeding with its common law public nuisance claims against Pharmacy Defendants. No. 17-md-2804, Doc. 3734 at 1, 7. For reasons previously briefed in the Track One and Track Three proceedings, the Court should dismiss the County's common law public nuisance claims under Federal Rules 12(b)(1) and 12(b)(6).

To avoid redundant briefing, Pharmacy Defendants respectfully submit that this Court erred in rejecting their previously raised arguments and hereby incorporate them to preserve them for appellate review. *See, e.g.*, No. 17-md-2804, Doc. 497 (Pharmacy Defendants' motion to dismiss); Doc. 491 (Distributor Defendants' motion to dismiss); Doc. 1874 (Pharmacy Defendants' motion for summary judgment on statute of limitations); Doc. 1883 (Pharmacy Defendants' motion for summary judgment on preemption); Doc. 1885 (Pharmacy Defendants' motion for summary judgment on causation); Doc 2159 (opposition to Track One Plaintiffs' motion for partial summary adjudication of Defendants' duties under the Controlled Substance Act ("CSA")); Doc. No. 3340 (Pharmacy Defendants' motion to dismiss). Without limitation, arguments incorporated and preserved include:

- The County lacks Article III standing to sue for indirect injuries incurred in the first instance by third parties not before the Court.

- The Ohio Product Liability Act abrogates the County's public nuisance cause of action. Ohio Rev. Code § 2307.71(A)(13).

- Ohio law does not permit a common law public nuisance claim based on a pharmacy's alleged failure to detect and prevent the diversion of drugs of abuse. The Ohio legislature has comprehensively regulated the field of controlled substance dispensing and distribution, and has provided only for injunctive relief against a pharmacy. *See* Ohio Rev. Code § 4729.35.

- The County's claims are preempted by federal law, including CSA provisions that give DEA discretion to enforce the dispensing and distribution-related provisions of that law.

1

- The derivative nature of the County's injuries defeats proximate cause.

- The County cannot establish proximate cause because liability is cut off by numerous intervening factors, including intervening unlawful conduct.

- The County cannot establish proximate cause given the role of doctors as learned intermediaries.

- The economic loss doctrine bars the County's claims.

- The statewide concern doctrine bars the County's claims.

- The County's claims for public nuisance fail because they do not allege interference with a public right.

- The County's claims for public nuisance fail because they are directed at authorized and regulated activities.

- The County's claims for public nuisance fail because there is no enforceable duty to monitor and halt apparently suspicious orders before shipping.

- The claims must be dismissed to the extent they seek to establish liability based on unlawful conduct with respect to the dispensing of prescription opioid medications. The responsibility to guard against the dispensing of illegitimate prescriptions falls on the individual pharmacists who must exercise their professional judgment when they are presented with a prescription. Neither the CSA nor equivalent Ohio law impose relevant corporate-level dispensing duties. Pharmacy-operating corporations cannot make the types of judgments entrusted exclusively to professional pharmacists under federal and state law. And the County comes nowhere close to adequately alleging that any of Pharmacy Defendants' pharmacists engaged in unlawful dispensing conduct that would support a claim under Ohio's public nuisance doctrine.

- The County's claims are barred by the applicable statute of limitations.

For the foregoing reasons, the County's public nuisance claims against Pharmacy Defendants should be dismissed with prejudice. Pharmacy Defendants expressly reserve all challenges to the County's additional causes of action, which will be briefed, if necessary, at a later time to be set by the Court.

Dated:  June 18, 2021                              Respectfully submitted,

                                                   /s/   *Tara A. Fumerton*
                                                   Tara A. Fumerton

Tina M. Tabacchi
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc., f/k/a Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment LLC; and Wal-Mart Stores East, Inc.*

/s/    Alexandra W. Miller (consent)
Alexandra W. Miller
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: smiller@zuckerman.com
E-mail: edelinsky@zuckerman.com

*Attorneys for CVS Health Corporation; CVS Pharmacy, Inc.; CVS Indiana, L.L.C.; CVS Rx Services, Inc.; CVS TN Distribution, LLC; Ohio CVS Stores LLC; and Oakwood CVS, Inc.*

/s/    Ronda L. Harvey (consent)
Ronda L. Harvey Esq. (WVSB 6326)
Fazal A. Shere, Esq. (WVSB 5433)
Jennifer B. Hagedorn (WVSB 8879)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia  25301
Phone: (304) 347-1100
Fax: (304) 343-2867
E-mail: rharvey@bowlesrice.com
E-mail: fshere@bowlesrice.com
E-mail: jhagedorn@bowlesrice.com

*Attorneys for Defendants The Kroger Co.; Kroger Limited Partnership I; and*

3

*Kroger Limited Partnership II*

/s/    *Kelly A. Moore* (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-4824
Fax: (215) 963-5001
E-mail: john.lavelle@morganlewis.com

*Attorneys for Rite Aid Corp.; Rite Aid Hdqtrs. Corp.; Rite Aid of Ohio, Inc.; and Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center*

/s/    *Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, Illinois 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: brian.swanson@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com
E-mail: sharon.desh@bartlitbeck.com
E-mail: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200

4

Denver, Colorado  80202
Phone: (303) 592-3100
Fax: (303) 592-3140
E-mail: <u>alex.harris@bartlitbeck.com</u>

*Attorneys for Walgreens Boots Alliance, Inc.; and Walgreen Co.*

5

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on June 18, 2021.

                                          /s/   *Tara A. Fumerton*
                                          Tara A. Fumerton
                                          JONES DAY
                                          77 West Wacker
                                          Chicago, IL 60601
                                          Phone: (312) 269-4335
                                          Fax: (312) 782-8585
                                          E-mail: tfumerton@jonesday.com

                                          *Counsel for Walmart Inc.*