# EXHIBIT G

# Considerations about Collecting Information on COVID-19 Vaccine Status from Prospective Jurors

## A Pandemic Resource from NCSC

May 4, 2021 | Version #1



COVID-19 vaccination rates are increasing rapidly across the country, increasing the likelihood of resuming or expanding in-person jury trials.  Judicial policymakers are now asking under what conditions, if any, courts may ask prospective jurors to disclose whether they have received a COVID-19 vaccine as well as how to use that information when summoning and qualifying jurors for service.  This document identifies questions that state courts should consider when developing policies related to the collection and use of information about the vaccine status of prospective jurors in the summoning, excusal, and in-court jury selection process.

**Consult Sources of Reliable Information**
Information about COVID-19 infection rates, the accessibility and distribution of vaccines, side effects, and mitigation strategies may vary from jurisdiction to jurisdiction and can change quickly in response to local conditions.  Judicial policymakers should consult federal, state, and local health departments, the Center for Disease Control (CDC), and other reliable sources for new information as it becomes available.  [Currently, the CDC recommends that even persons who have been fully vaccinatted should continue precautionary measures such as wearing facemasks, staying 6 feet from others, and avoiding crowds and poorly ventilated spaces in public places.]  Courts should likewise continue to observe state and local health recommendations about how to resume in-person jury trials as safely as possible.  Demonstrating to the public that the court is taking responsible steps to reduce the risk of infection will encourage citizens to report for jury service when they are summoned.

**May a court legally request personal health information, including information about vaccine status, from prospective jurors?**
Many courts require jurors who request to be excused from jury service due to medical hardship to provide some form of documentation about their health status.  Requesting such information does not violate the federal Health Insurance Portability and Accountability Act (HIPAA).  HIPAA prohibits healthcare providers and health insurance companies from using or disclosing health information without patient consent; it does not apply to courts. State law may have more stringent requirements.



ncsc.org/pandemic
#COVIDandtheCourts

**For what purpose will the court use information about vaccine status?**
As of mid-April 2021, less than one-quarter of the American population has been fully vaccinated.  Persons most likely to be vaccinated are elderly, those with serious health conditions that made them especially vulnerable to COVID-19, and healthcare workers who routinely care for COVID-19 patients.  Many of these persons would likely be excused from service due to advanced age, medical hardship, or occupational inconvenience.  Based on currently available information, persons who are fully vaccinated are no longer at high risk for serious illness, and thus should no longer be excused for that reason.  As vaccine rates increase, courts can expect to see a decline in the number of persons requesting to be excused or deferred due to COVID-19.  Jurors' vaccine status is irrelevant for cases in which prospective jurors are summoned for remote jury selection or jury trials.

**What impact will the use of vaccine status information have on the integrity of the jury system?**  Restricting the jury pool to persons who are fully vaccinated may make it more difficult to secure enough prospective jurors to select juries.  Along with the coronavirus' differential impact on people of color, public health experts have noted ongoing challenges in making vaccine distribution accessible to these communities, including higher rates of vaccine hesitancy in these communities.  Excluding persons who are not fully vaccinated may make the jury pool less likely to reflect a fair cross section of the community, which in turn may also increase the risk of jury challenges.

**From whom will the court collect information about vaccine status?**
Prospective jurors are not the only participants of in-person jury trials.  Other trial participants include the trial judge, lawyers, parties, court staff, and witnesses.  Consistency dictates that if the court collects information about vaccine status, it should do so for all persons entering the courthouse, not just prospective jurors.

**To whom may prospective jurors' vaccine status information be disclosed, if collected by the court?**  Although prospective jurors can choose to disclose their own personal health information to the court upon request, they maintain a privacy interest in that information and may have a reasonable expectation that the court will use the information only for legitimate court purposes related to jury service and will otherwise take steps to maintain its confidentiality.



#COVIDandtheCourts
ncsc.org/pandemic