UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*"Track Seven: Montgomery County, OH"* | MDL 2804<br>Case No. 1:17-md-2804<br><br>**Judge Dan Aaron Polster** |

### TRACK SEVEN CASE MANAGEMENT ORDER FOR MONTGOMERY COUNTY, OHIO

On April 9, 2021, the Court entered an order identifying five additional bellwether cases against the Pharmacy Defendants, including *Montgomery County, Ohio Board of County Commissioners, et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-OP-46326. Doc. #3688. The Court directed the parties to meet and confer with Special Master Cohen regarding proposed case management schedules for each case. The *Montgomery County* case is designated as "Track Seven" or "CT7." Montgomery County and the Pharmacy Defendants named in the operative Amended Complaint (Doc. #3738) each submitted proposed CMOs for CT7. The Court has reviewed the Parties' submission(s) and hereby orders as follows.[1]

> A. **Treatment of Defendant Corporate Families**: Plaintiffs have named as defendants certain defendant families previously named in CT3 (CVS, Rite Aid, Walgreens and Walmart) ("Track 3 Defendant Families" or "Track 3 Defendants")) and two new defendant families not named in CT3 (Kroger and Meijer) ("New Defendant Families" or "New Defendants"). Consistent with prior directives, the parties shall meet and confer by no later than June 30, 2021 and seek to reach agreement to streamline the case as to the treatment of multiple named defendants that are part of a single corporate family. The parties shall file any stipulations as to the dismissals or

---

[1] The Court recognizes that the Plaintiff and certain New Defendants have not been subject to discovery in this MDL and have not previously participated in fact or expert discovery and that those parties, and any other party, may seek to modify any provision of this CMO for good cause shown. Because New Defendant Meijer has not previously been in any active case and has not previously participated in fact or expert discovery, Meijer may request reasonable extensions from any fact or expert discovery deadline in this Order, and the parties will meet and confer in good faith to determine if they can stipulate to revised deadline(s) for Meijer.

other treatment of named defendants that are part of a single corporate family by July 9, 2021.[2]

**B. Previous Discovery**:

All discovery produced by the Track 3 Defendants in any MDL case or pursuant to DR 22 shall be deemed produced in *Montgomery County*. To promote efficiency and consistent with the Court's and Special Master's directives, the parties will meet and confer regarding how to ensure that discovery requests issued in *Montgomery County* is specific to this case and non-duplicative of the discovery requests already issued in Track 1 and Track 3, while ensuring that the record is clear as to what discovery is at issue in *Montgomery County*, without requiring the parties to reissue discovery unnecessarily.

Discovery served in Track 7 will be tailored to Track 7 as appropriate. New discovery requests served upon Track 1 and Track 3 Defendants shall be limited to geographic-specific discovery to the extent possible; however, national discovery of Track 1 and Track 3 Defendants is not disallowed in Track 7.

The Parties shall not be limited or prejudiced by their lack of participation in prior third-party discovery.

**C. Motions to Dismiss**

1. **Motions to Dismiss on Substantive Issues:** For purposes of preservation of appellate issues, Defendants filed a short pro forma motion to dismiss on previously-raised issues on June 18, 2021 – the deadline earlier agreed to by the parties. Pursuant to party agreement, Plaintiffs did not respond. On June 23, 2021, the Court adopted its previous rulings in Tracks 1 and 3 on the motion asserted in this case, as it had stated it would.[3] *See* docket no. 3767. No party shall be deemed to have waived any argument that has been addressed in Track 1 or Track 3 by any ruling on a motion to dismiss.[4]

---

[2] "Track 1" or "CT1" refers the cases brought by Cuyahoga County and Summit County, Ohio that were designated by the Court as bellwether cases in CMO-1, Doc. #: 232. "Track 3" or "CT3" refers to the cases brought by Lake and Trumbull Counties that were designated as bellwethers by the Court in Order, Doc. #: 3282.

[3] The Court earlier advised the parties it intended to adhere to its applicable, existing rulings on legal issues, and directed Defendants not to file motions to dismiss the *Montgomery County* Amended Complaint on grounds or theories already asserted and decided in any earlier motions to dismiss filed in other Tracks. *See, e.g.*, Transcript from June 2, 2021 Hearing at 15:2-10. The Court also made clear that "the defendants are free to make whatever ***new*** arguments on motions to dismiss that they want . . . ." Transcript from Apr. 7, 2021 Hearing at 12. Defendants did not offer any new arguments in their motion to dismiss.

[4] Pursuant to Rule 12(a)(1)(A)(ii), Meijer will file any motion to dismiss or joinder (other than on jurisdictional grounds, addressed below) by **August 6, 2021**, which is the date set for Meijer's response under the Rule 4 Waiver

2. **Motions to Dismiss on Jurisdictional Grounds:** Defendants shall file any motions to dismiss the Montgomery County Amended Complaint on jurisdictional grounds by **August 13, 2021**. Plaintiffs shall file any responses by **September 13, 2021**. Defendants shall file their replies in support of their motions by **September 27, 2021**. The page limits for the memorandum in support, responses, and replies on these defendant-specific jurisdictional issues shall be subject to the limitations set forth in Local Rule 7.1(f).

   Following the filing of any jurisdictional motions to dismiss on August 13, 2021, the parties shall meet and confer promptly to discuss whether jurisdictional discovery is necessary, incorporating the reasoning set out in the Court's Order at docket no. 3180. The parties will promptly raise any disputes about the necessity or scope of jurisdictional discovery with Special Master Cohen. If jurisdictional discovery is deemed appropriate, oppositions will be due within 30 days after said discovery is complete. Replies will follow within 14 days thereafter.

3. **Answers to Montgomery County Amended Complaint.** Due to length of the complaints and this Court's desire to move these cases forward efficiently, the parties shall meet and confer and propose to the Court a method of answering, which a defendant may choose to employ, that promotes efficiency and avoids needless duplication of answers in this case, earlier cases, and the other four new bellwether cases. If necessary, the parties shall involve Special Master Cohen in these discussions and, if the parties reach an impasse, competing proposals shall be submitted to Special Master Cohen. Such proposals shall include a deadline for when the Answers will be due; but in no event shall a party have less than 60 days from service of the Montgomery County Amended Complaint to answer, unless an earlier deadline is agreed to by the parties. Defendants expressly preserve, and will not be deemed to have waived, any defenses while the parties work on the best way for them to respond to Plaintiff's complaint(s).

4. **Third Party Complaints.** Defendants shall file any third-party complaints within fourteen (14) days after service of their answers. To the extent defendants seek to assert Third Party Complaints against Doe doctors, as was done in Track 3, Plaintiff may file a *pro forma* motion to strike incorporating the Track 3 motion to strike (Doc. # 3542) and identifying the briefing in support and in opposition as well as the Court's ruling by docket number and date.

---

of Service. Like other Defendants, Meier should not file a motion to dismiss on grounds or theories already asserted and decided in any earlier motions to dismiss filed in other Tracks.

D. **Fact Discovery**

1. **Dispensing Data:**

    i. **Track 3 Defendants:** Plaintiff will rely on the Ohio transactional dispensing data previously produced by the Track 3 Defendants in the Track 3 cases.

    ii. **August 27, 2021** – New Defendants shall produce transactional dispensing data for stores located within Montgomery County, Ohio, consistent with the Special Master's Discovery Ruling Regarding Pharmacy Data Production for Track One-B Cases, dated January 27, 2020 (Doc. #: 3106).

    iii. **September 28, 2021** – New Defendants shall produce transactional dispensing data for all other stores located within the State of Ohio, consistent with the Special Master's Discovery Ruling Regarding Pharmacy Data Production for Track One-B Cases, dated January 27, 2020 (Doc. #: 3106).

    **Defendants' Due Diligence/Notes Fields Production**: The parties shall meet and confer by no later than **August 15, 2021** regarding Defendants' production of due diligence information, including notes field data, checklists, and documents as described in Special Master Cohen's ruling concerning notes field information in Track 3, but specific to prescriptions in Montgomery County.

    Defendants expressly reserve their right to object to the production of any notes fields or due diligence information, and Plaintiff expressly reserves its right to ask for any notes fields or due diligence information.

2. **Plaintiffs' Identification of "Red Flagged" Prescriptions:** Plaintiff and its experts shall identify for Defendants (i) the prescriptions they conclude caused the harm for which Plaintiff seeks relief; (ii) the methodology or methodologies they used to reach such a conclusion; and (iii) the electronic scripts, code and analytical programs used by Plaintiff and/or its experts to implement that methodology.

    **Deadline For Track 3 Defendants:** No later than **September 24, 2021**.

**Deadline For New Defendants:** Within two (2) weeks after complete production of the New Defendants' Ohio dispensing data referred to above in Section D. 1. iii.

**Amendment**: Plaintiffs and their experts may amend the identifications required by this paragraph within three weeks after the Court issues its last ruling on any Red-Flag-related *Daubert* or dispositive motions filed in Track 3, or by **November 1, 2021**, whichever is later.

3. **September 15, 2021 -- Identification of Plaintiff Document Custodians**

    i. Plaintiff shall identify its proposed document custodians, including titles and timeframes of employment in their relevant position(s).

    ii. Defendants shall identify the proposed search terms for Plaintiff's custodians.

4. **October 1, 2021** – **Identification of Defendant Document Custodians**

    Each Defendant shall identify seven (7) custodians, including title and timeframes of employment in the custodian's relevant position, for Montgomery County. For each Track 3 Defendant Family, no more than two (2) of those custodians may be national custodians. The search terms agreed upon in Track 3 for the Track 3 Defendants shall be the search terms applicable to the Track 3 Defendants' custodians in Track 7.[5]

    New Defendants shall not necessarily be limited to seven (7) total custodians. Plaintiff and New Defendants shall meet and confer over the necessary number of custodians and bring any disputes to Special Master Cohen.

5. **October 15, 2021 –** Deadline to Serve Written Discovery.

6. **March 11, 2022 –** Document production by all parties will be substantially completed. Document production leading up to this deadline should occur on a rolling basis.

---

[5] Parties may, however, amend search terms as necessary to address new, relevant matters that could not reasonably have been addressed earlier, such as: (1) jurisdiction-specific issues (e.g., Montgomery-County-specific prescribers and pharmacy store numbers); (2) newly-identified relevant nomenclature (e.g. names of newly-identified red-flag programs not earlier included in search terms); and (3) other new information. Any disagreements over amendments to search terms shall be resolved by the Special Master.

7. **April 8, 2022** – Deadline to serve third party subpoenas.

8. **May 6, 2022** – Close of party fact discovery.

9. **May 27, 2022** – Close of third-party discovery.

E. **Depositions**

1. **Depositions of Track 3 Defendants – Fact Witnesses**: Plaintiff may depose no more than 18 party-defendant fact witnesses for the four Track 3 Defendant Families, with a maximum of 5 witnesses per Track 3 Defendant Family.

2. **Depositions of New Defendants – Fact Witnesses**: Plaintiff may depose no more than 25 party-defendant fact witnesses for each of the two New Defendant Families.

3. **Depositions of Plaintiff – Fact Witnesses**: Defendants may depose 35 fact witnesses affiliated with Plaintiff.

4. **All Party-Fact-Witness Depositions**: Depositions of party fact witnesses who have already been deposed in this MDL shall not be re-taken in Montgomery County absent: (1) agreement of the parties, or (2) order of the Special Master or the Court, upon good cause shown. The parties should presume that, if re-deposition of such a witness is necessary, the additional deposition will be limited to 3.5 hours absent good cause shown, and the parties should endeavor to agree to less time. Depositions of fact witnesses who have not been previously deposed in this MDL shall be limited to 7 hours each.

5. **Rule 30(b)(6) Depositions**: Plaintiff may depose one 30(b)(6) witness from each Track 3 Defendant Family regarding substantive topics other than data. Plaintiff may depose one 30(b)(6) witness from each New Defendant Family regarding data or document production, and one 30(b)(6) witness from each New Defendant Family regarding substantive topics. Defendants may depose one 30(b)(6) witness from Plaintiff regarding data or document production, and one 30(b)(6) witness from Plaintiff regarding substantive topics.

6. **Duration of Rule 30(b)(6) Depositions**: The 30(b) deposition of Track 3 Defendants will be limited to 2 hours and three (3) topics and may not be repetitive of 30(b)(6) depositions of Track 3 Defendants taken in other MDL cases. All 30(b)(6) depositions of New Defendants will be limited to 7 hours per New Defendant Family and may not be repetitive of 30(b)(6) depositions of New Defendants taken in other MDL cases. All 30(b)(6) depositions of

      Plaintiff will be limited to 7 hours each. As occurred in Track 3, the parties shall meet and confer and seek to identify topics where the 30(b)(6) deponent will not be questioned and instead the Defendant will provide written responses.

7. **All Depositions**: The parties shall endeavor to ensure that deposition questioning of any witness who was already deposed in any MDL or non-MDL opioid litigation will not be repetitive. The parties shall also endeavor to agree to limit re-deposition of expert witnesses and third-party witnesses who were deposed in this MDL. Re-deposition of a witness should be principally focused upon (but is not strictly limited to) geographic-specific issues.

8. The foregoing limitations do not apply to the depositions of third parties or place a limit on the number of depositions the parties may take of third parties.

9. The Deposition Protocol Order (Doc. #643) and Revised Remote Deposition Protocol (Doc. #3589) continue to apply, except as modified by this Order.

10. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

**F. Expert Discovery Deadlines**

1. **June 24, 2022** – Except for expert witnesses who will testify *only* in the abatement-phase of the Track 7 trial, Plaintiff shall serve expert reports and, for each expert, provide two proposed deposition dates between **July 11-25, 2022**.

2. **August 5, 2022** – Except for expert witnesses who will testify *only* in the abatement-phase of the Track 7 trial, Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **August 22 - September 9, 2022.**

3. A schedule for the submission of reports from expert witnesses who are testifying *only* in the abatement-phase of the Track 7 trial (in the event that one becomes necessary), and the deposition of such abatement experts, will be set after the conclusion of the liability phase of the Track 7 trial.

**G. Briefing**

1. *Daubert* and Dispositive Motions

      i. **September 16, 2022** – Deadline for *Daubert* and dispositive motions.

     ii. **October 14, 2022** – Deadline for responses to *Daubert* and dispositive motions.

    iii. **October 28, 2022** – Deadline for replies in support of *Daubert* and dispositive motions.

2. With respect to *Daubert* and dispositive motions, the parties will meet and confer on mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL and will make a separate proposal with regard to page limits.

**IT IS SO ORDERED.**

**June 25, 2021**

                                                 */s/ Dan Aaron Polster*
                                                 **DAN AARON POLSTER**
                                                 **UNITED STATES DISTRICT JUDGE**