**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: *"Track Three Cases"* | Special Master Cohen |

**ORDER COMPELLING NON-PARTY UNITED**
**HEALTHCARE SERVICES, INC. TO CONSENT TO THE**
**PRODUCTION OF CERTAIN DATA IN TRACK THREE CASES**

WHEREAS, this Court previously authorized discovery to proceed in the "Track Three Cases";

WHEREAS, Case Management Order No. 2 [Dkt. 441] authorized disclosure of certain Protected Health Information as that term is defined in 45 C.F.R. § 160.103;

WHEREAS, in the March 16, 2021 Order Regarding Various Discovery Issues [Dkt. 3655] (the "March 16 Order"), Special Master David Cohen and the Court ordered plaintiffs in the Track Three Cases (the "Track Three Plaintiffs") to produce certain pharmacy claims data for persons insured under Track Three Plaintiffs' employee health benefit plans and workers' compensations programs who received an opioid prescription during the Relevant Time Period;

WHEREAS, certain relevant health plans offered by Track Three Plaintiff Trumbull County, were administered by third-party United HealthCare Services, Inc. ("United");

WHEREAS, Track Three Plaintiff Trumbull County requested that United produce pharmacy claims data consistent with the March 16 Order;

WHEREAS, United has informed counsel for Trumbull County and counsel for the Defendants that because of privacy concerns, including concerns under the Health Insurance

Portability and Accountability Act ("HIPAA"), it cannot voluntarily release the requested pharmacy claims data in the absence of a subpoena or court order directed to United; and

WHEREAS, United has indicated that it would not object to a subpoena or court order requiring the production of the requested pharmacy claims data, consistent with the March 16 Order, with the understanding that all fields that were ordered to be produced pursuant to the Discovery Ruling Regarding Pharmacy Data Production [Dkt. 3106] (the "Pharmacy Data Discovery Ruling") shall be produced in their entirety and will not be redacted or altered except as ordered in the Pharmacy Data Discovery Ruling, and provided that a unique identifier is utilized with respect to individual members so as to de-identify the member's personal information;

WHEREAS, the production is to be provided by United's vendor, Rawlings, consistent with previous productions in other opioid-related matters; and

WHEREAS, all costs associated with the production will be borne by Plaintiffs consistent with the March 16 Order;

IT IS HEREBY ORDERED that United is compelled to provide the necessary consent to Rawlings to allow Rawlings to produce, to the extent reasonably available, the requested opioid-related pharmacy claims data associated with the Trumbull County employee health benefit plans administered by United (the "Rawlings/United Track Three Pharmacy Claims Data").

To ensure the protection of sensitive personal health information in the Rawlings/United Track Three Pharmacy Claims Data and to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services, the production of the Rawlings/United Track Three Pharmacy Claims Data shall be made consistent with the findings, principles, procedures, and limitations in the Order Governing Production of Medical and Pharmacy Claims Data in Track One Cases [Dkt. 1421], including and in addition to the following principles:

a)  Only those parts of the patients' records that are essential to fulfill the objective of this Order shall be disclosed, which shall include all data fields or substantively equivalent fields to those that were ordered to be produced pursuant to the Pharmacy Data Discovery Ruling.

b)  All claims data shall be de-identified as to individual information consistent with the approach ordered in the Pharmacy Data Discovery Ruling.  All Parties to this action and their counsel are hereby precluded from attempting to identify such de-identified Claims Data, including, but not limited to, using information from the Defendants' own files to seek to ascertain the identities of de-identified members.

c)  Only those attorneys for the parties in this action and consulting or testifying experts for the parties in this action who reasonably require the Rawlings/United Track Three Pharmacy Claims Data for purposes of this litigation may receive claims data produced pursuant to this Order.  No other individuals—other than court personnel, court staff, and the Special Masters appointed in this action and their assistants—shall be permitted to access the Rawlings/United Track Three Pharmacy Claims Data, and all individuals and entities who receive or transmit any claims data produced in this litigation will institute reasonable and appropriate steps to prevent against unauthorized disclosure of claims data.

d)  Claims data produced pursuant to this Order shall be produced in an encrypted, password-protected form that can be accessed, decrypted, and downloaded only by those individuals identified in paragraph (c) above.

e)  Claims data produced pursuant to this Order shall be produced with the following legend appearing in either the title of the electronic file or on the face of the

document:  "CONFIDENTIAL HEALTH CARE CLAIMS DATA – ACCESS RESTRICTED TO ATTORNEYS AND EXPERTS."

f)  All claims data produced pursuant to this Order shall be produced solely for purposes of this litigation, and shall only be used for purposes of this litigation.

g)  All claims data produced pursuant to this Order shall be immediately destroyed upon the final resolution, termination, or settlement of the claims asserted by the Track Three Plaintiffs in this litigation.

Any and all costs associated with the production of the Rawlings/United Track Three Pharmacy Claims Data under this Order are to be borne by Plaintiffs.

IT IS SO ORDERED.

/s/ *David R. Cohen*
DAVID R. COHEN
SPECIAL MASTER

Dated: July 2, 2021