UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| This document applies to All Cases | ) ) ) ) ) ) ) | Case No. 17-md-2804 Special Master Cohen ORDER REGARDING SHARING OF DEA DOCUMENTS |

Pursuant to agreement of the interested parties, it is hereby **ORDERED** as follows:

**1.     Scope.** This Order applies to all documents or electronically stored information ("ESI"), other than ARCOS data and Suspicious Order Reports (which are addressed separately in the Court's April 12, 2019 Opinion and Consolidated ARCOS Protective Order, Dkt. 1545), produced to the parties in the above-captioned litigation by the U.S. Drug Enforcement Administration ("DEA") pursuant to a request under the U.S. Department of Justice's ("DOJ") *Touhy* regulations.[1] This Order further applies to depositions of current and former DEA employees who testified as fact witnesses pursuant to an authorization under DOJ's *Touhy* regulations. Collectively, the materials identified in this Paragraph are referred to herein as DEA Productions.

**2.     Authorized Individuals.**  Subject to the restrictions contained in this and any other subsequent Order, the MDL Plaintiffs and MDL Defendants (together, the "MDL Parties") and DOJ agree that disclosure of DEA Productions may be made to counsel for plaintiffs and counsel

---

[1] For avoidance of doubt, this Order does not apply to cases in which the United States or any of its agencies are a party.

for defendants in Opioid Litigation.[2]  Collectively, such counsel are referred to herein as Authorized Individuals.

3.  **Authorized Sharing.** Counsel for Plaintiffs and for Defendants in the above-captioned litigation can provide access to DEA Productions to Authorized Individuals to mediate, settle, prosecute, or defend Opioid Litigation in any court throughout the United States.

4.  **MDL Protective Order.** At all times and in any court in the United States, the MDL DEA Productions, and the Non-MDL DEA Productions deposited into the MDL Repository pursuant to Paragraph 6, shall be governed by the MDL Protective Order.  Doc. #441, *as amended by* Doc. ## 2686, 2687, 2688.[3]  By requesting and receiving access to the DEA Productions, the Authorized Individuals agree to be bound by the MDL Protective Order and shall sign Exhibit A attached hereto prior to requesting and receiving DEA Productions.  By agreeing to be bound by the terms of the MDL Protective Order, Authorized Individuals do not consent to jurisdiction by the MDL Court for their state court cases except as to issues concerning the enforcement of the terms of the MDL Protective Order and the terms herein, including the confidentiality designation of documents and transcripts within the DEA Productions, which shall be adjudicated by the MDL Court or the appropriate U.S. District Court as further explained in Paragraph 9 below.

5.  **Jurisdiction.**  All Authorized Individuals, MDL Parties, and counsel for the MDL Parties agree that any disputes arising from this Order, including the confidentiality designation of documents and transcripts within the DEA Productions, shall be adjudicated by the appropriate U.S. District Court and/or the MDL Court.

---

[2] Opioid Litigation is defined as court proceedings brought by state and local governments, government entities, Native American Tribes, and hospitals against manufacturers, distributors, and/or dispensers of prescription opioids related to the alleged overprescribing of prescription opioids and consequences from such alleged overprescribing.
[3] The MDL Protective Order shall not, however, apply to the use of Non-MDL DEA Productions by the parties to the Opioid Litigation in which those materials were originally produced. The use of Non-MDL DEA Productions by those parties shall continue to be governed by any applicable protective order in that case where the production occurred.

6. **Reciprocal Sharing.** In order to receive the DEA Productions, the Authorized Individuals agree to deposit into the MDL Repository any and all documents or ESI produced by the DEA in the Authorized Individual's Opioid Litigation pursuant to a request under the DOJ's *Touhy* regulations. This Reciprocal Sharing provision further applies to depositions of current and former DEA employees who testified in the Authorized Individual's Opioid Litigation as fact witnesses pursuant to an authorization under DOJ's *Touhy* regulations. The non-MDL DEA materials identified in this Paragraph are referred to herein as Non-MDL DEA Productions.

7. **Exemption for Documents Designated as for "Attorneys Eyes Only."** In the event that DOJ or DEA has designated a document or a deposition transcript (or a portion thereof) as "Attorneys Eyes Only," such document or transcript shall not be authorized to be shared under the terms herein. In the event that DOJ or DEA has designated a document or transcript (or a portion thereof) as "Attorneys Eyes Only," then the party seeking to obtain such document or transcript shall submit a request to the DEA consistent with the applicable *Touhy* regulations and release of such document or transcript shall only occur if the authorizing official specifically authorizes the release of the materials or if a U.S. District Court so orders.

8. **Clawback.**

    a. To the extent that any document produced by the DEA has been subsequently clawed back, those documents should not be further produced.

    b. In the event that DOJ notifies the MDL Parties that one or more documents or transcripts are subject to clawback pursuant to the MDL Protective Order, the MDL Parties shall ensure that, if the documents or transcripts subject to the clawback notification were shared with Authorized Individuals pursuant to this Order, the Authorized Individuals comply with the clawback provisions of the

MDL Protective Order. Within twenty-one days after notification, MDL Parties shall certify to DOJ that the Authorized Individuals with whom the MDL Parties shared the documents or transcripts subject to clawback, have complied with the applicable provisions of the MDL Protective Order.

9. **Notification.** Before sharing materials covered by this Order, the MDL Party requesting to share the DEA Production(s) will notify the DOJ and the other MDL Parties of any intended sharing of DEA Productions.

   a. Notification by an MDL Party to DOJ and the other MDL Parties shall be made by email to all DOJ trial attorneys whose names are listed on the signature block of the most recent MDL court filing at the time of the notification and to the primary MDL Parties' list serves (xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; mdl2804discovery@motleyrice.com) and shall sufficiently identify the document(s) and transcript(s) seeking to be shared, including but not limited to the Authorized Individual(s) with whom the document(s) and transcript(s) will be shared; the case caption of the Opioids Litigation in which the Authorized Individual(s) is/are a party; and any other detail that would expedite DEA and DOJ review of same.

   b. The DOJ shall have fourteen (14) days after a notification that complies with the terms of paragraph 9(a) of this Order to raise any objection, and any additional amount of time upon agreement of the MDL Parties and DOJ, or for good cause shown. If DOJ is able to determine in advance of any applicable deadline that it does not intend to raise any objection, DOJ shall notify the MDL Parties of same by email. If no objection is timely made or if DOJ notifies MDL

    Parties that it does not intend to raise any objection, MDL Parties may produce the DEA Productions in accordance with the notification.

c. In the event that the DOJ interposes a timely objection, the party requesting such documents shall submit a request to the DEA via the United States Attorney's Office in the jurisdiction of requesting party's underlying litigation consistent with the applicable *Touhy* regulations.  The United States does not waive its sovereign immunity, and any disputes over DOJ's timely objection shall be resolved consistent with the applicable *Touhy* regulations and only in the United States District Court in the jurisdiction of the requesting party's underlying litigation.

d. MDL Plaintiffs and MDL Defendants shall maintain a list of all parties with whom it shares documents or transcripts.

e. In the event that DOJ determines an objection to a sharing request is appropriate after the notification period in paragraph 9(b) of this Order has expired, DOJ counsel shall send such an objection to the primary MDL Parties' list serves ([xALLDEFENDANTS-MDL2804-Service@arnoldporter.com](mailto:xALLDEFENDANTS-MDL2804-Service@arnoldporter.com); [mdl2804discovery@motleyrice.com](mailto:mdl2804discovery@motleyrice.com)), and the MDL Special Master.  Within twenty-four (24) hours after DOJ counsel sends an objection to the MDL Parties, the MDL Parties shall contact any Authorized Individual(s) with whom they shared the documents and transcripts subject to DOJ's objection, supply the applicable Authorized Individual(s) with a copy of DOJ's objection, and direct the Authorized Individual(s) to not use or rely on the materials subject to DOJ's objections until such a time as the MDL Court or other U.S. District

Court resolves DOJ's objection, DOJ withdraws its objection, the MDL Party and/or the Authorized Individual(s) withdraws its sharing request, or DOJ and the MDL Parties reach an agreed-upon resolution concerning the use of the documents and transcripts at issue in the sharing request and objection.  In the event that the court sustains DOJ's objection, or the Authorized Individual(s) and/or the MDL Party seeking to share the documents and transcript subject to DOJ's objection agree to withdraw the sharing request, the Authorized Individual(s) who received the documents and transcripts at issue shall comply with the applicable clawback provisions of the MDL Protective Order.  *See, e.g.,* Dkt. 441 at ¶¶ 55-61.

**IT IS SO ORDERED.**

/s/   *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** July 8, 2021

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) | MDL No. 2804<br><br>Case No. 17-md-2804 |
| **This document applies to All Cases** | ) | |

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
AND ORDER ON SHARING OF DOCUMENTS PRODUCED BY DEA

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Protective Order (CMO No. 2) that was issued by the United States District Court for the Northern District of Ohio on May 15, 2018 in In re: National Prescription Opiate Litigation (the "Protective Order") and the Court's order on _____ permitting the sharing of documents produced by the Drug Enforcement Administration ("DEA") in certain circumstances (the "Order on Sharing of Documents Produced by DEA").

I agree to comply with and to be bound by all the terms of the Protective Order and the Order on Sharing of Documents Produced by DEA, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order or to the Order on Sharing of Documents Produced by DEA to any person or entity except in strict compliance with the provisions of those orders.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Ohio for the purposes of enforcing terms of the Protective Order, even if such enforcement proceedings occur after termination of these proceedings.  I also agree to submit to the jurisdiction of the United States District Court in the jurisdiction of the underlying state court litigation to resolve any disputes over DOJ's or DEA's objection to share documents pursuant to the Order on Sharing of  Documents Produced by DEA.


Printed Name:

Signature:

Date:

City and State where sworn and signed:

Caption of the underlying state court litigation: