UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Cases* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' POSITION PAPER REGARDING THE SEQUENCE OF ADDITIONAL BELLWETHER CASES**

In March, the Court ordered the parties to identify five additional bellwether cases for the express purpose of providing certain Pharmacy Defendants[1] and the Plaintiffs' Executive Committee ("PEC") "with the necessary data to advance a global settlement." ECF Doc. 3649 at 1; 3/10/21 Status Conf. 13:23–14:23. Pharmacy Defendants and the PEC each submitted a list of five preferred bellwether cases. *See* ECF Doc. Nos. 3672, 3674. The Court selected three of the PEC's cases (*Board of County Commissioners of the County of Santa Fe, New Mexico v. Purdue Pharma L.P., et al.* ("Santa Fe County"); *County of Tarrant, Texas v. Purdue Pharma L.P., et al.* ("Tarrant County"); and *Montgomery County, Ohio Board of County Commissioners, et al. v. Cardinal Health, Inc., et al.* ("Montgomery County")) and two of Pharmacy Defendants' cases (*Cobb County, Georgia v. Purdue Pharma L.P., et al* ("Cobb County") and *Durham County, North*

---

[1] This process was initiated with the four "Pharmacy Defendants" in the Track 3 cases - CVS Pharmacy, Inc. and its subsidiaries, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland Inc. d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Eckerd Corp., Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., and Walmart Inc.  These defendants and other pharmacy chains, such as Albertson's, Kroger, Meijer, and Publix Super Market, Inc., are named as defendants in certain bellwether jurisdictions.  Not every pharmacy defendant is named in each of the proposed bellwether cases.  Throughout this submission, the term "Pharmacy Defendants" shall refer only to the defendants named in the particular action being discussed.

1

*Carolina v. AmerisourceBergen Drug Corporation, et al.* ("Durham County")). *See* ECF Doc. 3688. The Court then ordered that Montgomery County, one of the PEC cases, would proceed first. ECF Doc. 3769.

In the course of discussions over proposed Case Management Orders ("CMOs"), Plaintiffs proposed that the cases proceed in the following order: Montgomery County, Tarrant County, Cobb County, Durham County, Santa Fe County. The Pharmacy Defendants proposed that Santa Fe County be the next case after Montgomery County. The Special Master subsequently directed the parties, over the Pharmacy Defendants' objections, to prioritize Tarrant County as the next case ready for remand and trial. *See* ECF Doc. 3771.

Pharmacy Defendants objected to Special Master Cohen's sequencing. The Pharmacy Defendants maintained that *Santa Fe County* should proceed next as a matter of efficiency, given the current ongoing discovery of the Pharmacy Defendants in a New Mexico state case. In stark contrast, *Tarrant County* was the least efficient choice, given the size of the jurisdiction, number of pharmacies, and the fact that no pharmacy discovery had yet taken place there. The Pharmacy Defendants also objected to the selection of two back-to-back bellwether cases handpicked by the PEC as neither fair nor representative. ECF Doc. 3649 at 1. The Court ordered the parties to file position papers regarding the sequencing of the remaining bellwether cases. ECF Doc. 3771.

The Federal Judicial Center ("FJC") and the Judicial Panel on Multidistrict Litigation ("JPML") instruct that the "ultimate goal" in the selection of bellwether cases "should be to **obtain representative data** to assist with global settlement or **move the MDL proceeding forward efficiently**." Fed. Judicial Center & Judicial Panel on Multidistrict Litig., *Bellwether Trials in MDL Proceedings: A Guide for Transferee Judges* (2019), at 28, *available at* https://www.fjc.gov/sites/default/files/materials/19/Bellwether%20Trials%20in%20MDL%20Pro

2

*ceedings.pdf* ("FJC & JPML, *Bellwether Trials*") (emphasis added). Although an MDL court may divide case selection between both sides, as was done here, it must "be aware of perceived party advantages and the potential for gamesmanship" "when seeking the input of the parties on bellwether calendars and case selection protocols." *Id.* at 9.

The Court decided to prioritize *Montgomery County* based on perceived efficiencies from Track 3 discovery, which arguably advanced the FJC and JPML's stated goal of efficiency. After *Montgomery County*, *Santa Fe County* best serves efficiency interests. "[S]elected cases must be suitable for fast-tracking case-specific discovery or *already have had sufficient discovery completed* to allow for trial within a reasonable time frame." FJC & JPML, *Bellwether Trials* at 21 (emphasis added). Each Pharmacy Defendant named in the *County of Santa Fe* case is already actively litigating in New Mexico state court. *See State of New Mexico, ex rel. Hector Balderas, Attorney General v. Purdue Pharma L.P., et al.*, No. D-101-CV-2017-02541 (N.M. Sup. Ct.).[2] Document production in that case is expected to be substantially completed this summer, providing similar efficiencies to those offered by *Montgomery County* through Track 3.

By contrast, *Tarrant County* serves neither efficiency nor informational interests. In fact, it is the bellwether that is least suited "to allow for trial within a reasonable time frame." FJC & JPML, *Bellwether Trials* at 21. The Pharmacy Defendants estimate that they operate approximately 250 pharmacies in Tarrant County—***five times*** as many as in the Track 3 counties.[3]

---

[2] In its request to Special Master Cohen, the PEC suggested that *Santa Fe County*—one of the cases it selected—proceed last. If the PEC has changed its mind about whether the case provides useful information to the parties in light of the pending state case, it should withdraw its selection of the case altogether. In that event, the Court should proceed with one of the cases the Pharmacy Defendants selected.

[3] By way of comparison, Pharmacy Defendants estimate they have fewer than 25 pharmacies in Santa Fe County, fewer than 50 in Durham County, fewer than 100 stores in Montgomery County, and just over 125 pharmacies in Cobb County.

As the Court knows, completing fact discovery for the Track 3 stores has been arduous and time consuming, in spite of the national and Ohio discovery previously done in connection with Track 1. Sequencing Tarrant County after Montgomery County will not "move the MDL proceeding forward efficiently." *Id.* at 28. Instead, it will divert an enormous amount of time and resources away from the other bellwether cases.

As important, choosing yet another[4] bellwether case in a jurisdiction cherry-picked by the PEC will not "advance a global settlement." ECF Doc. 3649 at 1. To the contrary, back-to-back trials in jurisdictions chosen by the PEC could cause the PEC to overvalue the rest of their case portfolio, or cause the Pharmacy Defendants to dismiss the outcomes as aberrations. Data from PEC-chosen cases must be counterbalanced by data from cases tried in jurisdictions that the Pharmacy Defendants view as more representative bellwethers. That is particularly true now because, to date, the PEC's choices for bellwether cases have been given preference. Indeed, when it previously requested bellwether recommendations, the Court did not select either of the two cases the Pharmacy Defendants recommended. ECF No. 2933. Instead, the Court adopted the PEC's selections wholesale. ECF Nos. 2935 & 2941. Continuing this pattern by frontloading cases the PEC proposed and then sequencing them as PEC requests only exacerbates the problem. As the FJC and JPML have cautioned, if the parties are not "comfortable with extrapolating case-specific findings and valuations from bellwether cases to other cases in the litigation," then "the bellwether process could slow, rather than facilitate, a global resolution." *See* FJC & JPML, *Bellwether Trials* at 10.

To maximize the value to both sides of the data to be generated by the next series of

---

[4] The PEC chose *Montgomery County* even though two cases from Ohio would soon proceed to trial in Track 3. The PEC thus necessarily perceived that it would gain some advantage from designating yet another Ohio case.

bellwether cases, the Court should select (1) *Santa Fe County*, which maximizes efficiency for the reasons noted above, or (2) one of the two cases the Pharmacy Defendants proposed.[5] Either *Cobb County* or *Durham County* would inject diversity of both geography and state law, as well as of federal circuits, thus providing the parties with new data that maintains a proper balance between each side's preferred bellwether cases.[6] And, they would do so more efficiently than *Tarrant County*, because each of Cobb and Durham counties has less than half the number pharmacies as Tarrant County. *See supra* p. 4, n.3.

In short, the Court should ensure that the sequencing of bellwether cases proceeds fairly, not merely for the sake of fairness (although that should be reason enough), but also to advance the stated goals of the MDL process. Pharmacy Defendants respectfully request that the Court select the *Santa Fe County* or, in the alternative, one of Pharmacy Defendants' two preferred bellwether cases, to proceed after *Montgomery County*. Thus, the order of the cases should be:

- *Montgomery County, Santa Fe County, Cobb County* and *Durham County* (in either order)*, and Tarrant County*;

    or, in the alternative

- *Montgomery County,* [*Cobb County* or *Durham County*], *Santa Fe County*, [*Cobb County* or *Durham County*], and *Tarrant County*.[7]

---

[5] In the event the Court agrees to alternate the sequencing between a Pharmacy Defendant's preferred bellwether case and a PEC's preferred bellwether case, then *Santa Fe County* should follow whichever Pharmacy Defendant case the Court selects for efficiency reasons.

[6] Publix, which has not been involved in any active opioid cases in either federal or state court, is a party in *Cobb County*. Any deadlines, regardless of where *Cobb County* appears in the sequence, should reflect the time that will be required for Publix to engage in and respond to discovery.

[7] As important as the order of the cases is the need to allow for sufficient time to complete fact and expert discovery in these new jurisdictions. The Pharmacy Defendants will address those issues in the proposed Case Management Orders to be provided to the Special Master.

5

Dated:  July 9, 2021                                    Respectfully submitted,

/s/   *Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Attorney for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*

/s/   *Eric R. Delinsky* (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS TN Distribution, L.L.C., CVS Pharmacy, Inc., and Ohio CVS Stores, L.L.C., North Carolina CVS Pharmacy, L.L.C., and Georgia CVS Pharmacy, L.L.C.*

/s/   *Kelly A. Moore* (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917

6

Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid Hdqtrs. Corp., Rite Aid of Maryland Inc. d/b/a Mid-Atlantic Customer Support Center, Rite Aid of Ohio, Inc., and Eckerd Corp.*


/s/   *Tina M. Tabacchi* (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*


/s/   *Rhonda L. Harvey* (consent)
Ronda L. Harvey Esq. (WVSB 6326)
Fazal A. Shere, Esq. (WVSB 5433)
Jennifer Hagedorn, Esq. (WVSB 8879)
Gabriele Wohl, Esq. (WVSB 11132)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia  25301
304-347-1100
rharvey@bowlesrice.com
fshere@bowlesrice.com
jhagedorn@bowlesrice.com
gwohl@bowlesrice.com

*Counsel for Defendants The Kroger Co., Kroger Limited Partnership I and Kroger Limited Partnership II*

/s/   *Gregory S. Chernack* (consent)
Gregory S. Chernack
Hollingsworth LLP
1350 I Street, NW
Washington, DC 20005
(202) 898-5800

7

*Counsel for Publix Super Market, Inc.*

/s/    *Francis A. Citera*  (consent)
Francis A. Citera
Gretchen Miller
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601

Michele Stocker
Greenberg Traurig, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301

8

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on July 9, 2021.

      /s/   *Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Attorney for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*