UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: ) ) | Case No. 1:17-MD-2804 |
| *All Cases* ) ) ) ) | Judge Dan Aaron Polster |
| | **ORDER** |

In March, the Court ordered the parties to identify five additional bellwether cases to help provide "the necessary data to advance a global settlement." Doc. 3649 at 1. Pharmacy Defendants and the Plaintiffs each submitted a list of five preferred bellwether cases. *See* Docs. 3672; 3674. The Court selected two of Plaintiffs' cases (*Board of County Commissioners of the County of Santa Fe, New Mexico v. Purdue Pharma L.P., et al.* ("Santa Fe County") and *County of Tarrant, Texas v. Purdue Pharma L.P., et al.* ("Tarrant County")) and two of Pharmacy Defendants' cases (*Cobb County, Georgia v. Purdue Pharma L.P., et al.* ("Cobb County") and Durham County, *North Carolina v. AmerisourceBergen Drug Corporation, et al.* ("Durham County")). Doc. 3688. The Court also stated it wanted to select one Ohio case for efficiency-based reasons, noting that dispensing data and other Ohio-specific discovery had already been produced. Doc. 3685 at 9–11. Plaintiffs were the only parties to submit an Ohio case, specifically *Montgomery County, Ohio Board of County Commissioners, et al. v. Cardinal Health, Inc., et al.* ("Montgomery County").[1]  Accordingly, the Court selected this case and, due to the

---

[1] The Court also takes issue with Pharmacy Defendants' characterization of the selection of Montgomery County to go first as favoring Plaintiffs' "handpicked" cases over Pharmacy Defendants'.  See Doc. 3782 at 2.  As described above, the Court selected Montgomery County specifically due to the efficiency considerations implicated in that case, and in any event, Pharmacy Defendants did not propose an alternative.

aforementioned efficiency considerations, ordered that it proceed first among the bellwether cases. Doc. 3769.

Subsequently, the Court directed Tarrant County be the next case parties make ready for remand and trial. Doc. 3771. Pharmacy Defendants objected to this sequence, so the Court directed both parties to formalize their positions on the best sequence for the five bellwether cases. Docs. 3782; 3786. Pharmacy Defendants argued (1) Tarrant County would be the least efficient choice of cases to prepare at this stage, and (2) the fundamental unfairness of the Court selecting two Plaintiff-selected cases to proceed back to back as the next two bellwether cases. Doc. 3782 at 2. Pharmacy Defendants proposed two possible sequences, with Tarrant County sequenced last in both:

1) Montgomery County, Santa Fe County, Cobb County and Durham County (in either order), and Tarrant County; or

2) Montgomery County, [Cobb County or Durham County], Santa Fe County, [Cobb County or Durham County], and Tarrant County.

Doc. 3782 at 5. Conversely, Plaintiffs proposed keeping Tarrant County as the second bellwether case, followed by the remaining cases "ordered as the Defendants choose or the Court sees fit." Doc. 3786 at 5.

The Court disagrees with Pharmacy Defendants that efficiency concerns warrant sequencing Tarrant County last. Indeed, Plaintiffs raise compelling facts demonstrating likely discovery efficiencies found in Tarrant County, including that significant third-party discovery has already been accomplished in the Texas state court MDL. Doc. 3786 at 4. Additionally, Plaintiffs note (and the Court agrees) that Tarrant County "strongly serves the goal of 'enhancing prospects

2

of settlement' and 'resolving common issues or claims'" due to the large population and number of pharmacies located in that county. Doc. 3786 at 3.

Nonetheless, the Court is willing to accommodate Pharmacy Defendants' request to stagger those cases identified by Plaintiffs with those identified by Pharmacy Defendants. However, the Court is not willing to sequence Tarrant County last due to the above-described benefits of sequencing it earlier. Accordingly, the Court **ORDERS** the bellwether sequencing be as follows: Montgomery County, Cobb County, Tarrant County, Durham County, and Santa Fe County. Parties have until **3:00 p.m. EDT on July 23** to submit agreed upon case management schedules for the latter four cases.

Lastly, the Court emphasizes that these cases are to move forward together, *not* seriatim. Put differently, although parties should begin preparing earlier-sequenced cases before subsequent cases, that does not mean parties must completely finish such work with one case before moving on to the next. Thus, these bellwether cases are to be worked up simultaneously on an overlapping schedule.

**IT IS SO ORDERED.**

    /s/ Dan Aaron Polster  July 16, 2021
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**