# EXHIBIT A

*In re National Prescription Opiate Litigation: MDL 2804-Track Three*
*Summary Sheet of Concise Issues Raised*

**Motion:** Defendants' Motion to Exclude Certain Opinions and Testimony of Dr. Katherine Keyes

**Concise Description of the Issues:**

1. Should this Court, as it did in Track One and Judge Faber did in Track Two, exclude Dr. Katherine Keyes' Marketing Opinions as to the Defendants?

    *Answer*: Yes, in Track One and Track Two, this Court and the Honorable David A. Faber excluded Dr. Keyes' marketing opinions, because she lacks the qualifications to offer them. Dr. Keyes' marketing opinions should be excluded again for that reason in Track Three, as her qualifications have not changed.

    Dr. Keyes' marketing opinions as to Defendants should also be excluded, because they are not based on a reliable methodology and do not "fit" the case: (1) Dr. Keyes did not review any materials produced by Defendants, or any of Defendants' testimony; (2) she did not assess what, if any, marketing materials any prescriber in Lake or Trumbull Counties saw, or how any such material may, or may not, have influenced any prescribing decision; and (3) she previously testified (correctly), under oath, that the articles that she relies on for her opinions point to entities other than Defendants. She also lacks any opinions specific to any specific Defendant, and, while none of Defendants are discussed in any of the articles she cites for her marketing opinions, she testified that she was only qualified to opine as to entities specifically mentioned in those articles.

    Lastly, any attempt by Dr. Keyes to suggest that her marketing opinions relate to Defendants should be barred, pursuant to Federal Rule of Evidence 403, as misleading, confusing, and unfairly prejudicial. She lacks any basis to apply her marketing opinions, which go to the core issue of causation, to Defendants.

2. Should this Court exclude Dr. Keyes' opinions and testimony that assert that prescription opioids are "responsible" for harms caused by drug dealers' adulteration of the illegal drug supply with illicit synthetic opioids?

    *Answer*: Yes, Dr. Keyes statements that prescription opioids are "responsible" for such harm are the product of unsound reasoning, not any reliable scientific methodology.

3. Should this Court exclude Dr. Keyes testimony and opinions regarding causation—or at least limit them with an instruction that her definition differs from legal causation—because such testimony and opinions will mislead and confuse the jury, causing unfair prejudice to Defendants?

    *Answer*: Yes, as explained in the briefing, Dr. Keyes should not be allowed to mislead and confuse the jury by offering opinions on jury questions of causation (or what will appear to be opinions on causation), causing unfair prejudice to Defendants. Her opinions

2

ascribing blame to prescription opioids for harms from illicit synthetic opioids illustrates the danger.

**Previous Briefing and Opinions:** The previous briefing from Track One on Dr. Keyes' marketing opinions is located at ECF Nos. 1781, 1868, 2110, 2166, 2451, 2479, 2481.  This Court's opinion is located at ECF No. 2549.  This Court previously allowed testimony by Dr. Keyes regarding the "gateway hypothesis."  ECF No. 2518.  The briefing regarding whether Dr. Keyes' opinions and testimony regarding the "gateway hypothesis is located at ECF Nos. 1780, 1858, 2111, 2197, 2446, 2515.