# EXHIBIT 1

*In re National Prescription Opiate Litigation: MDL 2804-Track Three*
*Summary Sheet of Concise Issues Raised*

**Motion:** Motion for Summary Judgment on the Counties' Public Nuisance Claim (Count XI) filed by Defendants HBC Service Company and Giant Eagle, Inc. (together, "Giant Eagle")

**Concise Description of the Issue:** Should this Court grant summary judgment in favor of Giant Eagle on the Counties' claim for absolute public nuisance?

*Answer*: Yes, the Court should grant summary judgment in Giant Eagle's favor.

- Giant Eagle is entitled to "safe harbor" immunity from liability for absolute public nuisance because the undisputed facts show that Giant Eagle performed in accordance with its regulatory obligations at all times.  The DEA conducted at least seven in-depth physical investigations of Giant Eagle's distribution operations relating to the controlled substances at issue in CT3, including its Suspicious Order Monitoring systems.  The DEA repeatedly determined, in writing and without qualification, that Giant Eagle was in "full compliance" with the governing CSA security regulations.  Similarly, the Ohio Board of Pharmacy ("BOP") conducted ninety-two (92) inspections of Giant Eagle's pharmacies in the Counties, including their dispensing and security systems, and repeatedly determined that Giant Eagle was acting lawfully and in compliance with applicable regulations.

- A record of "full compliance," as this Court has recognized, provides registrants like Giant Eagle with "safe harbor" immunity from absolute nuisance liability.  *See* Doc. # 3403 at 29-30 ("under Ohio law, 'safe harbor' immunity from absolute nuisance liability is available only to those who perform in accordance with their applicable licensing regulatory obligations.").

- Giant Eagle justifiably relied on these agencies' repeated determinations in building, maintaining, and improving its anti-diversion controls.  The Counties' attempt to retroactively change the results of Giant Eagle's 100-plus regulatory inspections from "pass" to "fail" also violates Giant Eagle's due process rights because Giant Eagle never received "fair notice" that the agencies' determinations could or would be changed based solely on the opinion of hired experts in private litigation a decade later.

- Giant Eagle is also entitled to summary judgment because the Counties have not and cannot offer any evidence that Giant Eagle's distribution and dispensing of controlled substances was the *proximate cause* of a significant and unreasonable interference with a public right.

- Giant Eagle also moves, at minimum, for partial summary judgment for all conduct relating to GERX, which began distributing Schedule II controlled substances in March 2016, because there is a complete failure of proof that GERX violated any regulation.

A1620818

**Previous Briefing and Opinions:** Giant Eagle filed for summary judgment in Track One, and the briefing is located at ECF Nos. 1923, 2178, and 2510.  This Court's opinion denying Giant Eagle's Motion for Summary Judgment in Track One is located at ECF No. 3101.  Giant Eagle's Memorandum in Support also references the following filings: ECF No. 3158 (Position Statement Regarding Plaintiffs' CT1B Claims); ECF No. 3177 (Opinion and Order Denying Defendants' Motion to Dismiss) (*Cleveland Bakers and Teamsters Health and Welfare Fund, et al. v. Purdue Pharma, L.P., et al., Case No. 1:18-op-45432-DAP*); ECF No. 3327 (Supplemental and Amended Allegations to be Added to "Short Form For Supplementing Complaint and Amending Defendants and Jury Demand") (County of Lake Complaint); ECF No. 3403 (Opinion and Order Denying Pharmacy Defendants' Motion to Dismiss) (Track Three).