# EXHIBIT A

*In re National Prescription Opiate Litigation: MDL 2804-Track Three*

*Summary Sheet of Concise Issues Raised*

**Motion:** Pharmacy Defendants' Motion to Exclude Carmen Catizone

**Concise Description of the Issue:** Should this Court Exclude Carmen Catizone's expert liability opinions against Defendants concerning red flags and diversion?

*Answer*: Yes.  Carmen Catizone is a licensed pharmacist and the former Executive Director of the National Association of Boards of Pharmacy.  He identified the "list and description of certain red flags of diversion" that Dr. Craig McCann applied to the prescriptions dispensed by the Pharmacy Defendants to identify prescriptions as subject to red flags.  Mr. Catizone opines that Pharmacy Defendants "fill[ed] thousands of prescriptions presenting significant red flags" and that a "significant number of those prescriptions were diverted."   His opinions concerning "red flags" and diversion are unreliable and speculative.  His opinions should be excluded entirely or, at a minimum, significantly narrowed.

As to "red flags," he attempts to identify these prescriptions mechanistically, applying bright-line rules and flagging all prescriptions that meet one of his tests, without regard to any context or other information about the prescription.  He admits that his methodology erroneously identifies some prescriptions as having red flags, but he never tested his methodology as he did not review any of the underlying prescriptions.  Critically, he admits that the fact that a prescription was flagged by his analysis does *not* mean that the prescription was written for an illegitimate purpose.  He likewise admits that he didn't make any effort to determine how many of his flagged prescriptions were not written for a legitimate medical purpose.  If he is permitted to testify at all about his "red flags" (and he shouldn't be), the Court should limit that testimony to prescriptions *potentially* subject to red flags.

As to diversion, he admits that his methodology fails to identify prescriptions that were actually diverted, and he made no attempt to quantify which, if any flagged prescriptions were actually diverted.  Mr. Catizone predicates his diversion opinion on ipse dixit speculation based on the total number of opioids--including prescriptions written for legitimate medical purposes—dispensed in Lake and Trumbull Counties from all sources and "the number of people who died from drug overdoses" (without any regard to the cause of those overdoses or any attempt to link them to opioids dispensed by Pharmacy Defendants).  Mr. Catizone offers no basis for his assumption that the number of drug overdoses correlates directly with diversion of prescription opioid medication, and nothing in his background, experience, or education qualifies him to testify about any link between the number of overdoses (or overall number of dispensed opioids) and the number of diverted opioid prescriptions.  His methodology also failed to address or account for other sources of diversion, including diversion that occurs after a legitimate prescription is dispensed.  Mr. Catizone engaged in rank speculation.

**Previous Briefing and Opinions:** None.