**EXHIBIT A:**
**SUMMARY SHEET FOR DEFENDANTS' MOTION TO EXCLUDE**
**THE OPINIONS AND TESTIMONY OF DANIEL C. MALONE**

**Motion:** Defendants' Motion to Exclude the Opinions and Testimony of Daniel C. Malone

**Concise Description of the Issue:** Whether this Court must properly exclude the opinions and testimony of purported expert Daniel C. Malone pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny.

The Court should grant Defendants' Motion to Exclude the Opinions and Testimony of Daniel C. Malone for three related reasons: Malone does not support his opinions with reliable sources; Malone's methodology is not discernable, much less reliable; and Malone's analysis and conclusions will not assist the factfinder in this matter.

Malone claims that one of his areas of experience is "studying the issue of drug-drug interactions and how to provide useful information to both prescribers and pharmacists to reduce exposure to harmful combination." Venturing far beyond that claimed experience—and his review of approximately two dozen documents over approximately 17 hours—he draws broad and generalized conclusions about what five major retail pharmacy chains supposedly "could have" done with "data available" to them at some unstated point in time to detect undefined "red flags" and circumstances such as "inappropriate use of opiates."

The analysis supporting those sweeping conclusions is brief, devoid of any citation, and based on opaque methodology. Malone could not identify a single pharmacy anywhere in the country that has ever utilized the system he claims Defendants should have utilized; nor could he name any other expert or peer in the industry who agrees with him that pharmacies should utilize such systems.

Malone's conclusions also are not supported by reliable data. Despite concluding that each Defendant's system is inadequate, he did not familiarize himself with any of those systems, let alone the technical intricacies and capabilities, as would be necessary to opine regarding what Defendants "could have done" at any time in particular, much less at all times over the course of decades.

**Previous Briefing and Opinions***:* None.