# EXHIBIT A

*In re National Prescription Opiate Litigation: MDL 2804-Track Three*

*Summary Sheet of Concise Issues Raised*

**Motion:** Pharmacy Defendants' Motion to Exclude Anna Lembke

**Concise Description of the Issue:** Should this Court Exclude Anna Lembke's expert liability opinions against Defendants concerning the practice of pharmacy?

*Answer*: Yes.  Anna Lembke, M.D., is "a medical expert in the scientific disciplines of psychiatry, addiction, and pain" and is qualified to testify on matters "involv[ing] medical facts and science" that fall within her areas of expertise.  ECF 2549 at 11-12.  But she has never practiced pharmacy, never studied the practice of pharmacy, and has never worked in a pharmacy and lacks the qualifications under Federal Rule of Evidence 702 to give any pharmacy-related opinions.

Dr. Lembke lacks the education, training or experience to express any opinions concerning Defendants' pharmacy policies, the dispensing of opioid medicines, whether Defendants' pharmacists properly exercised their corresponding responsibility, or the operation of a pharmacy.  In Track One, she admitted that she "wouldn't hold [herself] out as having expertise with respect to pharmacy[.]"  Yet she now offers supposedly expert opinions regarding Defendants' national policies and dispensing practices from reading for this lawsuit articles, regulations, and Defendants' national policies and other documents.

Dr. Lembke's pharmacy opinions also are unreliable.  She has performed no analysis or investigation specific to Defendants' operations at their pharmacies in Lake and Trumbull County concerning dispensing, staffing or anything else.  She also did not review any of the prescriptions at issue in the case.  Instead, she interpreted Defendants' national pharmacy policies at a high level and read articles generally discussing pharmacies and assumes, without any basis, that her conclusions apply to Defendants' specific pharmacies and pharmacists in Lake and Trumbull Counties.

Finally, Dr. Lembke's opinion that Defendants' pharmacists dispensed prescriptions that lacked a legitimate medical purpose is internally contradictory, conflicts with her expert testimony regarding the effect of marketing on physicians' prescribing habits, and rests on an incorrect understanding of "legitimate medical purpose" as a matter of law.  Her concession—that most prescribers were writing prescriptions in good faith in the exercise of medical judgment for medical purposes—confirms that these prescriptions were, in fact, written for a legitimate medical purpose.  She should not be permitted to testify to the contrary.

**Previous Briefing and Opinions:**

Memorandum in support of defendants' motion to exclude the marketing causation opinions of Mark Schumacher, Anna Lembke, and Katherine Keyes, 1:17-md-02804, Dkt. # 1868-2.

Plaintiffs' memorandum in opposition to defendants' motion to exclude "marketing causation" of Drs. Schumacher, Lembke, and Keyes, 1:17-md-02804, Dkt. # 2166.

Reply in support of defendants' motion to exclude the marketing causation opinions of Mark Schumacher, Anna Lembke, and Katherine Keyes, 1:17-md-02804, Dkt. # 2451.

Opinion and Order granting in part defendants' motion to exclude marketing causation opinions of Schumacher, Lembke, and Keyes, 1:17-md-02804, Dkt. # 2549.