# **Exhibit A**

*In re National Prescription Opiate Litigation: MDL 2804-Track Three*

*Summary Sheet of Concise Issues Raised*

**Motion:**   Certain Defendants' *Daubert* Motion to Exclude the Opinions Offered by James Rafalski

**Concise Description of the Issue:**  Should this Court exclude the opinions of James Rafalski as to Defendants Giant Eagle, Inc. and HBC Service Company, Rite Aid,[1] and Walmart Inc. ("Moving Defendants")?

*Answer*:  Yes.  Rafalski did not provide opinions as to Moving Defendants in Track One, but his legal opinions and ultimate conclusions as applied to Moving Defendants should again be excluded in Track Three for the same reasons that the Court excluded such opinions in Track One.

In addition, Rafalski's opinions analyzing Moving Defendants' security systems should be excluded as unreliable because although Rafalski was offered as an expert based on his experience as a DEA Diversion Investigator, he admitted that for the purposes of preparing his opinions as to Moving Defendants, he did not follow any of the methods he was trained to use, actually used, and advised others to use when he was with the DEA.  In fact, he did not review Moving Defendants' DEA investigation reports, nor relevant Ohio BOP inspector testimony, and he had no explanation for why actual DEA investigators, using the DEA's standard methods, repeatedly approved and renewed Moving Defendants' licenses.  He also had no explanation for why when he was a DEA Diversion Investigator, he found about 50 percent of distributors to have noncompliant SOM systems, but as a paid expert for Plaintiffs, he has found 100 percent of the SOM systems he has examined with his made-for-litigation methods to be in violation.

Rafalski's causation opinions as to Moving Defendants' contributions to the opioid crisis in Lake and Trumbull Counties should also be excluded as unreliable and unhelpful.  Although he admitted that Moving Defendants could only have contributed to that crisis if there was substantial diversion at Moving Defendants' pharmacies in those counties, he did nothing to analyze whether there was actual diversion at their pharmacies, including failing to use the standard investigation methods he learned at the DEA, on the impermissible excuse that Plaintiffs simply did not ask him to.  He also did not consider any of many possible confounding factors he admitted existed, again because Plaintiffs did not ask him to.  Causation opinions that fail to actually connect Moving Defendants to the harms alleged by Plaintiffs, and that fail to consider confounding factors, are inadmissible under Supreme Court and Sixth Circuit caselaw.

**Previous Briefing and Opinions:**  The previous briefing from Track One on this issue is located at ECF Nos. 1785, 1900, 2112, 2260, and 2507.  This Court's opinion is located at ECF No. 2494.

---

[1] Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center and Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center.