# The Dugan Law Firm
## A Professional Law Corporation

James R. Dugan, II.
Attorney at Law

jdugan@dugan-lawfirm.com

August 3, 2021

**VIA ECF**
The Honorable Dan Aaron Polster
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

    Re:  Third Party Payor actions in *In re National Prescription Opiate Litigation*,
          MDL No. 2804

Dear Judge Polster:

    The undersigned, like several other plaintiff counsel, represents third party payors ("TPPs"), whose cases were transferred to this MDL before Your Honor.  To date, there are 108 TPP cases, some individual cases and some class cases, that have been filed in, or transferred to, this MDL.  Specifically, I represent the plaintiff, United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania ("UFCW NEPA"), on behalf of a putative class of TPPs in Case No. 17-op-45177-DAP.  On January 4, 2018, I was appointed to the Plaintiffs' Executive Committee ("PEC"), *see* ECF No. 37, following this Court's recognition of the need for TPP representation on the PEC.  *See* ECF No. 22.  I write to request a lifting of the current stay of litigation for the TPP cases and placement of the status of the TPP cases on the Court's Agenda for the previously scheduled August 11, 2021 Telephone Conference.

    I would be remiss if I did not begin by congratulating the Court for its significant achievement in connection with the recent $26 billion settlements with defendants, Johnson & Johnson, and the "Big Three" opioid distributors.  But despite the successful resolution of numerous states' and local governments' claims, much remains which will require this Court's oversight, including the October 2021 trial of CT3 and the prosecution of the TPPs' claims.

    The unique claims of the TPPs were addressed by the Court in its detailed Opinion and Order in *Cleveland Bakers and Teamsters Health and Welfare Fund, et al. v. Purdue Pharma, L.P., et al.,* Case No. 1:18-op-45432-DAP, dated February 21, 2020.  ECF No. 3177.  On May 5, 2020, this Court issued Orders denying the Manufacturer Defendants' and the Distributor Defendants' motions to certify the February 21, 2020 Opinion and Order for immediate appeal under 28 U.S.C. § 1292(b).  *See* ECF Nos. 3288 and 3289.  However, pursuant to the stay order contained in the Court's Case Management Order One, dated April 11, 2018 (ECF No. 232), the TPPs have not engaged in discovery specific to their cases.

**The Dugan Law Firm**

Page 2

      As the Court is no doubt aware, on June 8, 2021, the Judicial Panel on Multidistrict Litigation ("JPML") created a new MDL, *In re: McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, MDL No. 2996, 21-md-02996-CRB (N.D. Ca.). The Panel transferred the opioid-related cases filed against McKinsey & Co., including those filed by TPPs, to the Honorable Charles R. Breyer in the Northern District of California. Judge Breyer is presiding over *San Francisco v. Purdue Pharma. LP*, Case No. 3:18-cv-07591 (N.D. Ca.), which is currently scheduled for trial in April 2022, consistent with this Court's suggestion that the case be selected for bellwether remand and trial. The Panel remanded the case on February 13, 2020. *See* ECF Nos. 80 (JPML Order) and 80-1 (this Court's Suggestion of Remand) in 18-cv-07591 (N.D. Ca.). Thus, like this Court, Judge Breyer is intimately familiar with the claims alleged and defenses asserted in connection with the opioid crisis.

      Judge Breyer held an initial status conference in *In re: McKinsey* on July 29, 2021. At the conference, he made clear his intention to proceed swiftly with respect to the cases of those plaintiffs whose claims are not subject to the releases executed in the prior settlements with McKinsey. Among those claims he recognized as not affected by the releases were those of the TPPs.

      I am cognizant of this Court's July 23, 2021 Order entering a new Case Management Order Applicable to Cases of "Non-Participating Subdivisions" Asserting Claims Against Settling Defendants, which lifted in part the stay issued by this Court in its April 11, 2018 Case Management Order One (ECF No. 232), but also providing that "[t]he stay shall remain in effect with respect to all other litigation activity (including discovery) until authorized by a subsequent CMO to be issued at an appropriate time after full compliance with this CMO." ECF No. 3795. Although I understand that the continuing stay of discovery under this Order is applicable to TPPs, I thought it best to bring to the Court's attention the plan which Judge Breyer recently announced for MDL No. 2996.

      Because I and other counsel representing TPPs believe it would be most efficient for the litigation of the TPPs' claims in MDL No. 2996 to move in lockstep with their claims in this MDL, I respectfully request that Your Honor reconsider the July 23rd Order continuing the stay as to the TPPs' cases. Should the Court be inclined to lift the stay as to TPPs, we are happy to work with the defendants and the Special Master to develop a Case Management Order specific to the TPP cases, including the class action case mentioned above, UFCW NEPA. Further, we would welcome the opportunity to discuss these matters on the August 11 Telephone Conference, or at another time that is convenient for the Court.

      Respectfully submitted,

      /s/James R. Dugan, II

      James R. Dugan, II

cc: All counsel of record who have registered for ECF notification
    Special Master, David R. Cohen