# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>"Track Nine: Tarrant County, Texas" | MDL 2804<br>Case No. 1:17-MD-2804<br><br>Case No. 1:18-OP-45274<br><br>Judge Dan Aaron Polster |

## TRACK NINE CASE MANAGEMENT ORDER
## FOR TARRANT COUNTY, TEXAS

On April 9, 2021, the Court entered an order identifying five additional bellwether cases against the Pharmacy Defendants, including *County of Tarrant, Texas v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45274. Doc. #3688. The Court directed the Parties to meet and confer with Special Master Cohen regarding proposed case management schedules for each case.[1] The Tarrant County case is designated as "Track Nine" or "CT9." Tarrant County and the Pharmacy Defendants named in the operative Amended Complaint (Doc. #3739) each submitted proposed CMOs for CT9. The Court has reviewed the Parties' submission(s) and hereby orders as follows.[2]

---

[1] The proposed schedule set forth herein was prepared at the direction of the Court and Special Master Cohen. The Pharmacy Defendants have complied with the Special Master Cohen's direction as to the timing of discovery for Tracks 7-11, but continue to preserve all objections as to the sequencing, timing and scope of discovery for the bellwether cases designated as Tracks 7-11 and further reserve their right to seek extensions of the proposed schedule, as needed.

[2] The Court recognizes that the Plaintiff and certain New Defendants have not been subject to discovery in this MDL and have not previously participated in fact or expert discovery and that those Parties, and any other party, may seek to modify any provision of this CMO for good cause shown. Because New Defendant Albertsons has not previously been in any active case and has not previously participated in fact or expert discovery, Albertsons may request reasonable extensions from any fact or expert discovery deadline in this Order, and the Parties will meet and confer in good faith to determine if they can stipulate to revised deadline(s) for Albertsons.

A. **Treatment of Defendant Corporate Families**

Plaintiffs have named as defendants certain defendant families previously named in CT3 (CVS, Walgreens and Walmart) ("Track 3 Defendant Families" or "Track 3 Defendants") and two defendant families not named in CT3 (Kroger and Albertsons) ("Kroger Defendant Family," "Albertsons Defendant Family"). Consistent with prior directives, the Parties shall meet and confer by no later than **August 13, 2021** and seek to reach agreement to streamline the case as to the treatment of multiple named defendants that are part of a single corporate family. The Parties shall file any stipulations as to the dismissals or other treatment of named defendants that are part of a single corporate family by **August 20, 2021**.[3]

B. **Previous Discovery:**

All discovery produced by Defendants in any MDL case or pursuant to DR 22 shall be deemed produced in *Track 9*. To promote efficiency and consistent with the Court's and Special Master's directives, the Parties will meet and confer regarding how to ensure that discovery requests issued in *Track 9* is specific to this case and non-duplicative of the discovery requests already issued in Track 1, Track 3, or other MDL case tracks, while ensuring that the record is clear as to what discovery is at issue in *Track 9*, without requiring the Parties to reissue discovery unnecessarily.

Discovery served in Track 9 will be tailored to Track 9 as appropriate.

New discovery requests served upon Defendants from previous MDL case tracks shall be limited to geographic-specific discovery to the extent possible; however, national discovery of Defendants from previous case tracks is not disallowed in Track 9.

The Parties shall not be limited or prejudiced by their lack of participation in prior third-party discovery.

C. **Motions to Dismiss** - Discovery may proceed while the Motions to Dismiss are pending.

    1. **Motions to Dismiss on Substantive Issues:** Defendants shall file any motions to dismiss the Tarrant County Amended Complaint by **Monday, September 27, 2021**. Plaintiff shall file any responses by **Wednesday, October 27, 2021**. Defendants shall file their replies in support of their motions to dismiss by **Wednesday, November 10, 2021**.

---

[3] "Track 1" or "CT1" refers to the cases brought by Cuyahoga County and Summit County, Ohio that were designated by the Court as bellwether cases in CMO-1, Doc. #232. "Track 3" or "CT3" refers to the cases brought by Lake and Trumbull Counties that were designated as bellwethers by the Court in Order, Doc. #3282. "Track 7" or "CT7" refers to the case brought by Montgomery County, Ohio that was designated by the Court as a bellwether case in its Order, dated April 9, 2021, Doc. #3688; "Track 8" or "CT8" refers to the case brought by Cobb County, GA that was designated by the Court as a bellwether case in its Order, dated April 9, 2021, Doc. #3688.

      i.      The Parties shall coordinate and consolidate all briefing on all motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.

      ii.      Defendants may file a joint memorandum of up to **30 pages** in length on common issues in support of their motions to dismiss the claims against them. Plaintiff may file response brief of up to **30 pages** addressing Defendants' joint memorandum on common issues. Defendants may file a joint reply of up to **15 pages** in length in support of their joint memorandum.

      iii.      Each of the Defendant families may also file an individual memorandum of up to **10 pages** for New Defendants and **5 pages** for all other Defendants concerning issues specific to it. Responses to such memorandum shall also be limited to **10 pages** each for New Defendants and **5 pages** for all other Defendants, and reply memoranda shall be limited to **5 pages** for New Defendants and **3 pages** for all other Defendants.

      iv.      The Parties may use the pages above as they see fit, though opposition briefs shall not exceed the total number of pages permitted in opening briefs.

2.   **Motions to Dismiss on Jurisdictional Grounds:** Defendants shall file any motions to dismiss the Tarrant County Amended Complaint by **Monday, September 27, 2021**. Plaintiffs shall file any responses by **Wednesday, October 27, 2021**. Defendants shall file their replies in support of their motions by **Wednesday, November 10, 2021**. The page limits for the memorandum in support, responses, and replies on any defendant-specific jurisdictional issues shall be subject to the limitations set forth in Local Rule 7.1(f).

    Following the filing of any jurisdictional motions to dismiss, the Parties shall meet and confer promptly to discuss whether jurisdictional discovery is necessary, incorporating the reasoning set out in the Court's Order at docket no. 3180. The Parties will raise any disputes about the necessity or scope of jurisdictional discovery with Special Master Cohen by **Monday, October 4, 2021**. If jurisdictional discovery is deemed appropriate, oppositions will be due within 30 days after said discovery is complete. Replies will follow within 14 days thereafter.

3.   **Answers to Tarrant County Amended Complaint.** Due to length of the complaints and this Court's desire to move these cases forward efficiently, the Parties shall meet and confer and propose to the Court by **August 9, 2021** a method of answering, which a defendant may choose to employ, that promotes efficiency and avoids needless duplication of answers in this case, earlier cases, and the other four new bellwether cases. If necessary,

the Parties shall involve Special Master Cohen in these discussions and, if the Parties reach an impasse, competing proposals shall be submitted to Special Master Cohen. Such proposals shall include a deadline for when the Answers will be due; but in no event shall a party have less than 90 days from the entry of this Order to answer, unless an earlier deadline is agreed to by the Parties. Defendants expressly preserve, and will not be deemed to have waived, any defenses while the Parties work on the best way for them to respond to Plaintiff's complaint(s).

4. **Third Party Complaints.** Defendants shall file any third-party complaints within fourteen (14) days after service of their answers. To the extent defendants seek to assert Third Party Complaints against Doe doctors, as was done in Track 3, Plaintiff may file a *pro forma* motion to strike incorporating the Track 3 motion to strike (Doc. # 3542) and identifying the briefing in support and in opposition as well as the Court's ruling by docket number and date.

D. **Fact Discovery**

1. Dispensing Data:

    i. **Friday, November 12, 2021** – Defendants shall produce transactional dispensing data for all stores located within the State of Texas, consistent with the Special Master's Discovery Ruling Regarding Pharmacy Data Production for Track One-B Cases, dated January 27, 2020 (Doc. #: 3106).

    **Defendants' Due Diligence/Notes Fields Production:** The Parties shall meet and confer by no later than **August 30, 2021** regarding Defendants' production of due diligence information, including notes field data, checklists, and documents as described in Special Master Cohen's ruling concerning notes field information in Track 3, but specific to prescriptions in Tarrant County.

    Defendants expressly reserve their right to object to the production of any notes fields or due diligence information, and Plaintiff expressly reserves its right to ask for any notes fields or due diligence information.

2. **Plaintiff's Identification of "Red Flagged" Prescriptions:** Plaintiff and its experts shall identify for Defendants (i) the prescriptions they conclude caused the harm for which Plaintiff seeks relief; (ii) the methodology or methodologies they used to reach such a conclusion; and (iii) the electronic scripts, code and analytical programs used by Plaintiff and/or its experts to implement that methodology.

    **Deadline:** Within two (2) weeks after complete production of Defendants' transactional dispensing data referred to above in Section D. 1. i.

3. **Wednesday, December 1, 2021** – Identification of Plaintiff Document Custodians

    i. Plaintiff shall identify its proposed document custodians, including titles and timeframes of employment in their relevant position(s).

    ii. Defendants shall identify the proposed search terms for Plaintiff's custodians.

4. **Thursday, December 16, 2021 – Identification of Defendant Document Custodians**

    Each Defendant shall identify five custodians, including title and timeframes of employment in the custodian's relevant position, for Tarrant County. For each Track 3 Defendant Family and the Kroger Defendant Family, none of those custodians may be national custodians without leave of Court for good cause shown. The search terms agreed upon in Track 8 for the Track 3 Defendants shall be the search terms applicable to the Track 3 Defendants' custodians in Track 9; and the search terms agreed upon in Track 8 for the Kroger Defendant Family shall be the search terms applicable to the Kroger Defendant Family custodians in Track 9.[4]

    Albertsons Defendant Family shall not necessarily be limited to five total custodians. Plaintiff and Albertsons Defendant Family shall meet and confer over the necessary number of custodians and bring any disputes to Special Master Cohen.

5. **Tuesday, January 18, 2022** – Deadline to Serve Written Discovery.

6. **Friday, June 17, 2022** – Document production by all Parties will be substantially completed. Document production leading up to this deadline should occur on a rolling basis.

7. **Friday, July 15, 2022** – Deadline to serve third party subpoenas.

8. **Tuesday, August 16, 2022** – Close of party fact discovery.

9. **Monday, August 29, 2022** – Close of third-party discovery.

---

[4] Parties may, however, amend search terms as necessary to address new, relevant matters; that could not reasonably have been addressed earlier, such as: (1) jurisdiction-specific issues (*e.g.*, Tarrant County-specific prescribers and pharmacy store numbers); (2) newly-identified relevant nomenclature (*e.g.*, names of newly-identified red-flag programs not earlier included in search terms); and (3) other new information. Any disagreements over amendments to search terms shall be resolved by the Special Master.

E. **Depositions**

1. **Depositions of Track 3 Defendants – Fact Witnesses:** Plaintiff may depose no more than 14 party-defendant fact witnesses for the three Track 3 Defendant Families, with a maximum of 5 witnesses per Track 3 Defendant Family. Depositions of national fact witnesses of any Track 3 Defendant shall not be allowed absent good cause shown.

2. **Depositions of New Defendants – Fact Witnesses:** Plaintiff may depose no more than 25 party-defendant fact witnesses each for the Kroger Defendant Family and the Albertsons Defendant Family.

3. **Depositions of Plaintiff – Fact Witnesses:** Defendants may depose 35 fact witnesses affiliated with Plaintiff.

4. **All Party-Fact-Witness Depositions:** Depositions of party fact witnesses who have already been deposed in this MDL shall not be re-taken in Tarrant County absent: (1) agreement of the Parties, or (2) order of the Special Master or the Court, upon good cause shown. The Parties should presume that, if re-deposition of such a witness is necessary, the additional deposition will be limited to 2 hours absent good cause shown, and the Parties should endeavor to agree to less time. Depositions of fact witnesses who have not been previously deposed in this MDL shall be limited to 7 hours each.

   Defendants reserve the right to object to the redeposition of any fact witnesses previously deposed in any opioid-related state court proceeding.

5. **Rule 30(b)(6) Depositions:** Plaintiff may submit a request to the Special Master to depose one 30(b)(6) witness from each Track 3 Defendant Family and the Kroger Defendant Family for good cause shown. Plaintiff may depose one 30(b)(6) witness from the Albertsons Defendant Family regarding data or document production, and one 30(b)(6) witness from the Albertsons Defendant Family regarding substantive topics. Defendants may depose one 30(b)(6) witness from Plaintiff regarding data or document production, and one 30(b)(6) witness from Plaintiff regarding substantive topics.

6. **Duration of Rule 30(b)(6) Depositions:**

   If Special Master Cohen finds good cause and orders any 30(b)(6) deposition of any Track 3 Defendant Family or the Kroger Defendant Family, such deposition will be limited to the time and scope necessary to address the topic for which good cause was shown. The presumption will be that any such deposition will be no more than 2 hours.

   All 30(b)(6) depositions of the Albertsons Defendant Family will be limited to 7 hours and may not be repetitive of 30(b)(6) depositions of the

        Albertsons Defendant Family taken in other MDL cases. All 30(b)(6) depositions of Plaintiff will be limited to 7 hours each. As occurred in Track 3, the Parties shall meet and confer and seek to identify topics where the 30(b)(6) deponent will not be questioned and instead the Albertsons Defendant family will provide written responses. To the extent the Special Master or the Court orders a 30(b)(6) deposition of a Track 3 Defendant Family or the Kroger Defendant family witness, Plaintiff and Defendant may confer and agree to a written response.

7. **All Depositions:** The Parties shall endeavor to ensure that deposition questioning of any witness (including a 30(b)(6) witness) who was already deposed in any MDL or non-MDL opioid litigation will not be repetitive. The Parties shall also endeavor to agree to limit re-deposition of expert witnesses and third-party witnesses who were deposed in this MDL. Re-deposition of a witness should be principally focused upon (but is not strictly limited to) geographic-specific issues.

8. The foregoing limitations do not apply to the depositions of third Parties or place a limit on the number of depositions the Parties may take of third Parties.

9. The Deposition Protocol Order (Doc. #643) and Revised Remote Deposition Protocol (Doc. #3589) continue to apply, except as modified by this Order.

10. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

F. **Expert Discovery Deadlines**

1. **Monday, September 26, 2022** – Except for expert witnesses who will testify *only* in the abatement-phase of the Track 9 trial, Plaintiff shall serve expert reports and, for each expert, provide two proposed deposition dates between **Thursday, October 13 – Thursday, October 27, 2022**.

2. **Wednesday, November 9, 2022** – Except for expert witnesses who will testify *only* in the abatement-phase of the Track 9 trial, Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **Monday, November 28 – Monday, December 12, 2022**.

3. Defendants believe that Plaintiff should be required to produce its abatement plan and all expert reports relating to abatement issues during fact discovery. The Court has denied that request in connection with its issuance of the Track 7 CMO. Pursuant to the direction of the Special Master, Defendants are not re-raising the issue in this submission, but reserve all rights to seek detailed discovery pertaining to abatement during fact discovery.

    G.    **Briefing**

        1.    *Daubert* and Dispositive Motions

            i.    **Monday, December 19, 2022** – Deadline for *Daubert* and dispositive motions.

            ii.    **Tuesday, January 17, 2023** – Deadline for responses to *Daubert* and dispositive motions.

            iii.    **Tuesday, January 31, 2023** – Deadline for replies in support of *Daubert* and dispositive motions.

        2.    With respect to *Daubert* and dispositive motions, the Parties will meet and confer on mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL and will make a separate proposal with regard to page limits.

**IT IS SO ORDERED.**

**August 10, 2021**

                                                          /s/Dan Aaron Polster
                                                          **DAN AARON POLSTER**
                                                          **UNITED STATES DISTRICT JUDGE**