UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>"Track Ten: Durham County, North Carolina" | MDL 2804<br>Case No. 1:17-MD-2804<br><br>Case No.: 1:19-OP-45346<br><br>Judge Dan Aaron Polster |

## TRACK TEN CASE MANAGEMENT ORDER
## FOR DURHAM COUNTY, NORTH CAROLINA

On April 9, 2021, the Court entered an order identifying five additional bellwether cases against the Pharmacy Defendants, including *County of Durham, North Carolina v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45346. Doc. #3688. The Court directed the Parties to meet and confer with Special Master Cohen regarding proposed case management schedules for each case.[1] The Durham County case is designated as "Track 10" or "CT10." Durham County and the Pharmacy Defendants named in the operative Amended Complaint (Doc. #3740) each submitted proposed CMOs for CT10. The Court has reviewed the Parties' submission(s) and hereby orders as follows.

A. **Treatment of Defendant Corporate Families**

Plaintiff has named as defendants certain defendant families previously named in CT3 (CVS, Rite Aid, Walgreens and Walmart) ("Track 3 Defendant Families" or "Track 3 Defendants") and one defendant family not named in CT3 (Kroger) (the "Kroger Defendant Family"). Consistent with prior directives, the Parties shall meet and confer by no later than **August 13, 2021** and seek to reach agreement to streamline the case as to the treatment of multiple named defendants that are part of a single corporate family. The Parties shall file any

---

[1] The proposed schedule set forth herein was prepared at the direction of the Court and Special Master Cohen. The Pharmacy Defendants have complied with the Special Master Cohen's direction as to the timing of discovery for Tracks 7-11, but continue to preserve all objections as to the sequencing, timing and scope of discovery for the bellwether cases designated as Tracks 7-11 and further reserve their right to seek extensions of the proposed schedule, as needed.

stipulations as to the dismissals or other treatment of named defendants that are part of a single corporate family by **August 20, 2021**.[2]

    B.    **Previous Discovery:**

All discovery produced by Defendants in any MDL case or pursuant to DR 22 shall be deemed produced in *Track 10*. To promote efficiency and consistent with the Court's and Special Master's directives, the Parties will meet and confer regarding how to ensure that discovery requests issued in *Track 10* is specific to this case and non-duplicative of the discovery requests already issued in Track 1, Track 3, or other MDL case tracks, while ensuring that the record is clear as to what discovery is at issue in *Track 10*, without requiring the Parties to reissue discovery unnecessarily.

Discovery served in Track 10 will be tailored to Track 10 as appropriate.

New discovery requests served upon Defendants from previous MDL case tracks shall be limited to geographic-specific discovery to the extent possible; however, national discovery of Defendants from previous case tracks is not disallowed in Track 10.

The Parties shall not be limited or prejudiced by their lack of participation in prior third-party discovery.

    C.    **Motions to Dismiss** – Discovery may proceed while the Motions to Dismiss are pending.

        1.    **Motions to Dismiss on Substantive Issues:** Defendants shall file any motions to dismiss the Durham County Amended Complaint by **Monday, October 11, 2021**. Plaintiff shall file any responses by **Wednesday, November 10, 2021**. Defendants shall file their replies in support of their motions to dismiss by **Wednesday, November 24, 2021.**

            i.    The Parties shall coordinate and consolidate all briefing on all motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.

            ii.    Defendants may file a joint memorandum of up to **30 pages** in length on common issues in support of their motions to dismiss the claims against them. Plaintiff may file a response brief of up to **30**

---

[2] "Track 1" or "CT1" refers to the cases brought by Cuyahoga County and Summit County, Ohio that were designated by the Court as bellwether cases in CMO-1, Doc. #: 232. "Track 3" or "CT3" refers to the cases brought by Lake and Trumbull Counties that were designated as bellwethers by the Court in Order, Doc. #: 3282. "Track 7" or "CT7" refers to the case brought by Montgomery County, Ohio that was designated by the Court as a bellwether case in its Order, dated April 9, 2021, Doc. #3688; "Track 8" or "CT8" refers to the case brought by Cobb County, GA that was designated by the Court as a bellwether case in its Order, dated April 9, 2021, Doc. #3688; "Track 9" or "CT9" refers the case brought by Tarrant County, TX that was designated by the Court as a bellwether case in its Order, dated April 9, 2021, Doc. #3688.

        **pages** addressing Defendants' joint memorandum on common issues. Defendants may file a joint reply of up to **15 pages** in length in support of their joint memorandum.

    iii.    Each of the Defendant families may also file an individual memorandum of up to **5 pages** concerning issues specific to it. Responses to such memorandum shall also be limited to **5 pages**, and reply memoranda shall be limited to **3 pages**.

    iv.    The Parties may use the pages above as they see fit, though opposition briefs shall not exceed the total number of pages permitted in opening briefs.

2. **Motions to Dismiss on Jurisdictional Grounds:** Defendants shall file any motions to dismiss the Durham County Amended Complaint by **Monday, October 11, 2021**. Plaintiff shall file any responses by **Wednesday, November 10, 2021**. Defendants shall file their replies in support of their motions by **Wednesday**, **November 24, 2021**. The page limits for the memorandum in support, responses, and replies on any defendant-specific jurisdictional issues shall be subject to the limitations set forth in Local Rule 7.1(f).

    Following the filing of any jurisdictional motions to dismiss, the Parties shall meet and confer promptly to discuss whether jurisdictional discovery is necessary, incorporating the reasoning set out in the Court's Order at docket no. 3180. The Parties will raise any disputes about the necessity or scope of jurisdictional discovery with Special Master Cohen by **Monday, October 18, 2021**. If jurisdictional discovery is deemed appropriate, oppositions will be due within 30 days after said discovery is complete. Replies will follow within 14 days thereafter.

3. **Answers to Durham County Amended Complaint.** Due to length of the complaints and this Court's desire to move these cases forward efficiently, the Parties shall meet and confer and propose to the Court **by August 9, 2021** a method of answering, which a defendant may choose to employ, that promotes efficiency and avoids needless duplication of answers in this case, earlier cases, and the other four new bellwether cases. If necessary, the Parties shall involve Special Master Cohen in these discussions and, if the Parties reach an impasse, competing proposals shall be submitted to Special Master Cohen. Such proposals shall include a deadline for when the Answers will be due; but in no event shall a party have less than 90 days after entry of this Order to answer, unless an earlier deadline is agreed to by the Parties. Defendants expressly preserve, and will not be deemed to have waived, any defenses while the Parties work on the best way for them to respond to Plaintiff's complaint(s).

4. **Third Party Complaints.** Defendants shall file any third-party

complaints within fourteen (14) days after service of their answers. To the extent defendants seek to assert Third Party Complaints against Doe doctors, as was done in Track 3, Plaintiff may file a *pro forma* motion to strike incorporating the Track 3 motion to strike (Doc. # 3542) and identifying the briefing in support and in opposition as well as the Court's ruling by docket number and date.

**D.** **Fact Discovery**

1. **Dispensing Data:**

    i. **Monday, December 13, 2021** – Defendants shall produce transactional dispensing data for all stores located within the State of North Carolina, consistent with the Special Master's Discovery Ruling Regarding Pharmacy Data Production for Track One-B Cases, dated January 27, 2020 (Doc. #: 3106).

    **Defendants' Due Diligence/Notes Fields Production:** The Parties shall meet and confer by no later than **August 30, 2021** regarding Defendants' production of due diligence information, including notes field data, checklists, and documents as described in Special Master Cohen's ruling concerning notes field information in Track 3, but specific to prescriptions in Durham County.

    Defendants expressly reserve their right to object to the production of any notes fields or due diligence information, and Plaintiff expressly reserves its right to ask for any notes fields or due diligence information.

2. **Plaintiffs' Identification of "Red Flagged" Prescriptions:** Plaintiff and its experts shall identify for Defendants (i) the prescriptions they conclude caused the harm for which Plaintiff seeks relief; (ii) the methodology or methodologies they used to reach such a conclusion; and (iii) the electronic scripts, code and analytical programs used by Plaintiff and/or its experts to implement that methodology.

    **Deadline:** Within two (2) weeks after complete production of Defendants' transactional dispensing data referred to above in Section D. 1. i.

3. **Tuesday, February 1, 2022** – Identification of Plaintiff Document Custodians

    i. Plaintiff shall identify its proposed document custodians, including titles and timeframes of employment in their relevant position(s).

    ii. Defendants shall identify the proposed search terms for Plaintiff's custodians.

4. **Tuesday, February 15, 2022** – **Identification of Defendant Document Custodians**

   Each Defendant shall identify five custodians, including title and timeframes of employment in the custodian's relevant position, for Durham County. For each Defendant Family, none of those custodians may be national custodians without leave of Court for good cause shown. The search terms agreed upon in Track 9 for the Track 3 Defendants shall be the search terms applicable to the Track 3 Defendants' custodians in Track 10; and the search terms agreed upon in Track 9 for the Kroger Defendant Family shall be the search terms applicable to the Kroger Defendant Family custodians in Track 10.[3]

5. **Tuesday, March 1, 2022** – Deadline to Serve Written Discovery.

6. **Friday, September 2, 2022** – Document production by all Parties will be substantially completed. Document production leading up to this deadline should occur on a rolling basis.

7. **Friday September 30, 2022** – Deadline to serve third party subpoenas.

8. **Tuesday, November 1, 2022** – Close of party fact discovery.

9. **Tuesday, November 15, 2022** – Close of third-party discovery.

E. **Depositions**

1. **Depositions of Defendants – Fact Witnesses:** Plaintiff may depose no more than 22 party-defendant fact witnesses for the five Defendant Families, with a maximum of 5 witnesses per Defendant Family. Depositions of national fact witnesses of any Defendant shall not be allowed absent good cause shown.

2. **Depositions of Plaintiff – Fact Witnesses:** Defendants may depose 35 fact witnesses affiliated with Plaintiff.

3. **All Party-Fact-Witness Depositions:** Depositions of party fact witnesses who have already been deposed in this MDL shall not be re-taken in Durham County absent: (1) agreement of the Parties, or (2) order of the Special Master or the Court, upon good cause shown. The Parties should presume that, if re-deposition of such a witness is necessary, the additional

---

[3] Parties may, however, amend search terms as necessary to address new, relevant matters that could not reasonably have been addressed earlier, such as: (1) jurisdiction-specific issues (e.g., Durham County-specific prescribers and pharmacy store numbers); (2) newly-identified relevant nomenclature (e.g. names of newly-identified red-flag programs not earlier included in search terms); and (3) other new information.

deposition will be limited to 2 hours absent good cause shown, and the Parties should endeavor to agree to less time. Depositions of fact witnesses who have not been previously deposed in this MDL shall be limited to 7 hours each.

Defendants reserve the right to object to the redeposition of any witnesses previously deposed in any opioid-related state court proceeding.

4. **Rule 30(b)(6) Depositions:** Plaintiff may submit a request to the Special Master to depose one 30(b)(6) witness from each Defendant for good cause shown. Defendants may depose one 30(b)(6) witness from Plaintiff regarding data or document production, and one 30(b)(6) witness from Plaintiff regarding substantive topics.

5. **Duration of Rule 30(b)(6) Depositions:**

   If Special Master Cohen finds good cause and orders any 30(b)(6) deposition of any Defendant Family, such deposition will be limited to the time and scope necessary to address the topic for which good cause was shown. The presumption will be that any such deposition will be no more than 2 hours.

   All 30(b)(6) depositions of Plaintiff will be limited to 7 hours each.

   To the extent the Special Master or the Court orders a 30(b)(6) deposition of any Defendant Family witness, Plaintiff and Defendant may confer and agree to a written response.

6. **All Depositions:** The Parties shall endeavor to ensure that deposition questioning of any witness (including a 30(b)(6) witness) who was already deposed in any MDL or non-MDL opioid litigation will not be repetitive. The Parties shall also endeavor to agree to limit re-deposition of expert witnesses and third-party witnesses who were deposed in this MDL. Re-deposition of a witness should be principally focused upon (but is not strictly limited to) geographic-specific issues.

7. The foregoing limitations do not apply to the depositions of third Parties or place a limit on the number of depositions the Parties may take of third Parties.

8. The Deposition Protocol Order (Doc. #643) and Revised Remote Deposition Protocol (Doc. #3589) continue to apply, except as modified by this Order.

9. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

F. **Expert Discovery Deadlines**

1. **Thurs., December 15, 2022** - Except for expert witnesses who will testify *only* in the abatement-phase of the Track 10 trial, Plaintiff shall serve expert reports and, for each expert, provide two proposed deposition dates between **Tuesday, January 3 – Tuesday, January 17, 2023**.

2. **Thursday, January 26, 2023** - Except for expert witnesses who will testify *only* in the abatement-phase of the Track 10 trial, Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **Monday, February 13 – Monday, February 27, 2023**.

3. Defendants believe that Plaintiff should be required to produce its abatement plan and all expert reports relating to abatement issues during fact discovery. The Court has denied that request in connection with its issuance of the Track 7 CMO. Pursuant to the direction of the Special Master, Defendants are not re-raising the issue in this submission, but reserve all rights to seek detailed discovery pertaining to abatement during fact discovery.

G. **Briefing**

1. *Daubert* and Dispositive Motions

    i. **Tuesday March 7, 2023** - Deadline for *Daubert* and dispositive motions.

    ii. **Monday, April 10, 2023** - Deadline for responses to *Daubert* and dispositive motions.

    iii. **Monday, April 24, 2023** - Deadline for replies in support of *Daubert* and dispositive motions.

2. With respect to *Daubert* and dispositive motions, the Parties will meet and confer on mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL and will make a separate proposal with regard to page limits.

**IT IS SO ORDERED.**

**August 10, 2021**

>  /s/ Dan Aaron Polster
>  **DAN AARON POLSTER**
>  **UNITED STATES DISTRICT JUDGE**