**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO: *Track Three Trial* | Case No: 1:17-MD-2804 |
|---|---|

**DEFENDANTS' MOTION *IN LIMINE*
TO PRECLUDE THE USE OF MISLEADING HANDWRITTEN NOTES AND
PREVENT THEM FROM BEING ADMITTED AS EVIDENCE**

The Court should bar Plaintiffs from showing the jury misleading handwritten notes and drawings created by counsel during depositions or similar drawings created at trial. These inaccurate, misleading, and self-serving "summaries" distort witness testimony, are irrelevant, *see* Fed. R. Evid. 401, 402, and are designed to – and will – distract and mislead the jury, *see* Fed R. Evid. 403. The Defendants[1] therefore move *in limine* to exclude them in their entirety. At minimum, the Court should order that any handwritten summaries of testimony shown to the jury must accurately reflect the witness's testimony and will be treated as mere demonstratives, not admitted into evidence. *See* Fed R. Evid. 611(a).

**BACKGROUND**

During several depositions, Plaintiffs' counsel wrote or drew on blank paper to purportedly "summarize" the witness's testimony in real-time. Those "summaries" often contradicted the witnesses' testimony, intentionally omitted crucial context, and were otherwise

[1] CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., CVS Indiana, L.L.C., Walgreens Boots Alliance, Inc., Walgreen Co., Walgreen Eastern Co., Inc., Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center, Giant Eagle, Inc./HBC Service Company, and Walmart Inc.

misleading and inaccurate. Perhaps for that reason, the witnesses were not asked to (and did not) agree to any inaccurate or misleading portions, including each of the problematic examples outlined below.

For example, during the deposition of CVS witness Nicole Harrington, the demonstrative created by Plaintiffs' counsel often summarized statements made by Plaintiffs' counsel or testimony that Plaintiffs' counsel attempted to elicit, rather than testimony that actually was given by the witness. For example, the demonstrative states that "you repeatedly post on the opioid epidemic." Ex. A, Harrington Dep. Ex. 16 at 3. Plaintiffs' counsel asked Harrington to "agree . . . that you repeatedly post on the opioid epidemic," and she did not agree. Ex. B, Harrington Dep. 39:23-25. Instead, she explained that there are "a few postings that have that language in it," and that the one Plaintiffs' counsel asked about "was not written by me." *Id.* at 40:4-9. The demonstrative also states that "CVS & Purdue were hand-in-hand on opioid issues as early as 2001." Ex. A, Harrington Dep. Ex. 16 at 5. That was a statement made by Plaintiffs' counsel, not by Ms. Harrington. Ex. B, Harrington Dep. 129:23-130:1 ("I'm going to suggest to you that I believe CVS and Purdue were hand-in-hand on opioid issues going back as far as 2001."). For her part, Harrington testified that she was "not familiar with the relationship between CVS and Purdue." *Id.* at 130:9-12. The demonstrative also states that "CVS repeatedly got caught." Ex. A, Harrington Ex. 16 at 5. But that phrase ("got caught") was used only by Plaintiffs' counsel; it was never used by Ms. Harrington.

Plaintiffs' counsel also created handwritten notes during the deposition of Brad Nelson, a former Senior Manager of Controlled Substances for Walmart. Again, counsel's notes consistently mischaracterized Nelson's testimony. [redacted]

As another example, one of Plaintiffs' counsel's handwritten lists falsely attributed a quote to Walgreens' pharmacist. During the deposition of Julie DeMay, counsel wrote that

pharmacies are "Last line of defense" (including the quotation marks) despite the fact that DeMay never uttered those words. Ex. E, DeMay Dep. Ex. 1 at 3. In reality, she testified that pharmacies are "the last person to touch the prescription before it gets dispensed to the patient." Ex. F, DeMay Dep. 37:4-17. In placing quotation marks around the phrase, counsel necessarily implied that his argument was the witness's own testimony. The handwritten deposition exhibit is misleading in other ways, as well, rearranging the order of topics discussed to create a false impression of the witness's testimony. *See* Ex. E, DeMay Dep. Ex. 1. On a purported "summary" page, counsel wrote "red flag indicators," which he discussed last during the deposition, at the very top. *Compare* Ex. F, DeMay Dep. 27:20-40:10 (sequentially discussing the dangers of opioids, opioid side effects, the registrant system—including counsel's assertion that pharmacies are the "last line of defense"—and only *then* discussing red flag indicators). In so doing, counsel's drawing wrongly created the impression that DeMay had suggested that pharmacies were the last line of defense to prevent the filling of a red flag prescription. DeMay testified to nothing of the sort. While she testified about red flag indicators generally, and about her understanding of the registrant system, she never connected the two (nor did counsel ask her to).

In addition to misconstruing testimony of defense witnesses, at times Plaintiffs' counsel's writings seemed designed to lead their *own* witnesses into giving preferred answers. For example, during the Track 1A deposition of Joseph Rannazzisi, formerly with the Drug Enforcement Administration, defendants objected to plaintiffs' counsel writing down answers before his own witness answered questions. *See* Ex. G, Rannazzisi Dep. 478:18-20 (objecting to counsel's writing answers before witness testifies); 504:25-505:7 (objecting that counsel's

writing is leading); 508:16-22 (objecting to counsel's writing in advance of witness providing that testimony).

These incidents were not isolated. There are other examples of Plaintiffs' counsel creating misleading and incorrect handwritten notes during deposition.[2]

## ARGUMENT

The Court should bar Plaintiffs from using handwritten "summaries" created during witness depositions and similar demonstratives created at trial during witness testimony.

*First*, the "summaries" at issue are inaccurate, distracting and misleading, not to mention irrelevant. *See* Fed. R. Evid. 401, 402. Courts have repeatedly ruled that even accurate summaries of substantive evidence that will already be readily available to the jury have no evidentiary value. *See United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998) (stating that summaries intended to summarize testimonial evidence "are not evidence"); *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 706 (7th Cir. 2013) (explaining that a document "that could be displayed to the jurors to help them understand the substantive evidence" is "not itself evidence."). The handwritten notes at issue in this motion have even less probative value than accurate summaries, because they inaccurately characterize the testimony they purport to summarize or include plaintiffs' counsel's own statements, not the witnesses' testimony. *See, e.g.,* Ex. E, DeMay Dep. Ex. 1 at 3 (falsely attributing quote to witness and implying the witness suggested pharmacists were the last line of defense against filling red flag prescriptions); [redacted]

[2] In addition to the handwritten demonstratives discussed below, demonstratives were also created during Plaintiffs' deposition of CVS employees Joseph Grimes and Tara Hartman, American Medical Association corporate representative Daniel Blaney-Koen, Blaney-Koen Dep. Ex. 42, and former-DEA employee, Michael Mapes Dep. Ex. 32.

[redacted]; Ex. A, Harrington Ex. 16 at 5 (including plaintiffs' counsel's statement that "CVS repeatedly got caught," even though the witness never used the phrase "got caught."). In short, they are completely irrelevant and can be excluded on that ground alone.

*Second,* the handwritten notes should also be excluded under Federal Rule of Evidence 403. Inaccurate "summaries" have no probative value and high tendency to cause prejudice. They could cause jurors to incorrectly recall the witness testifying to counsel's self-serving, argumentative, and misleading statements. *See Baugh*, 730 F.3d at 706 ("As jurors have become more visually oriented, counsel in modern trials seek to persuade them with an ever-expanding array of . . . summaries."). The prejudice is compounded by the real-time writing, which draws the jury's attention away from the live presentation of actual, admissible evidence and focuses it instead on counsel's argument as to what the testimony *should* be. Moreover, as shown during the Rannazzisi deposition, counsel's demonstratives could allow counsel to lead his own witness's testimony.[3] In accord with Rule 403's balancing test, and to prevent juror confusion or unfair questioning, the Court should prohibit counsel's use at trial of the handwritten notes created during depositions—or similar ones created during in-court witness examination. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994) (Rule 403 "permits relevant evidence to be excluded if its probative value is substantially outweighed by the danger of . . . misleading the jury ") (citation omitted)).

In the alternative, the Court should rule that handwritten summaries of witness testimony (1) may be used only if they reflect the testimony given and (2) are not themselves evidence, but instead demonstratives that do not follow the jury into the jury room. *See* Fed. R. Evid. 611(a);

[3] Even if Plaintiffs used deposition exhibits as a guide for their own witness's testimony at trial, as opposed to writing the demonstrative in real time, that would constitute impermissible leading of a witness.

*Bray*, 139 F.3d at 1111 (observing that pedagogical devices "are more properly considered under Rule 611(a)."). The handwritten summaries do not satisfy Rule 1006 because the deposition testimony they purport to summarize can be conveniently examined in court. In addition, "illustrative aid[s] such as information presented on a chalkboard, flip chart, or drawing" that are "used to summarize or illustrate [admitted] evidence" are "*not* admitted into evidence," but "may reflect to some extent, through captions or other organizational devices or descriptions, the inferences and conclusions drawn from the underlying evidence by the summary's proponent." *Bray*, 139 F.3d at 1111 (emphasis added). Such demonstratives are "more akin to argument than evidence." *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.3d 250, 257 (6th Cir. 1986) (citation omitted). Because they are not evidence, they should not be provided to the jury during deliberations. *See United States v. Munar*, 419 Fed. App'x 600, 608 (6th Cir. 2011) ("Pedagogical devices/illustrative aids used at trial should not be allowed into the jury room without consent of all parties since they are more akin to argument than evidence."); *Baugh*, 730 F.3d at 705 ("[M]aterials not admitted into evidence simply should not be sent to the jury for use in its deliberations."); *Gomez*, 803 F.2d at 257-58 (observing that demonstratives do not constitute evidence).

As discussed above, Plaintiffs' counsel's drawings in this case do far more than "summarize" or set forth permissible "inferences and conclusions" of the advocate. Thus, they are not permissible under Rule 611(a). However, if the Court concludes otherwise, it should, at minimum, rule that any such demonstratives are not admitted as evidence, may not be displayed to the jury after witness testimony, and may not accompany the jury into the jury room.

**CONCLUSION**

For the foregoing reasons, the Court should exclude from trial under Rules 401, 402, and 403 the misleading demonstratives created by Plaintiffs' counsel during witness depositions, or

similar ones created during witness testimony at trial. In the alternative, the Court should clarify that any handwritten drawings created during witness testimony must (1) accurately reflect the testimony given and (2) may be used solely as demonstrative exhibits that cannot be displayed after the witness is done testifying or allowed into the jury room during deliberations.

Dated: August 12, 2021

Respectfully submitted,

/s/ Kaspar J. Stoffelmayr (consent)
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co. and Walgreen Eastern Co., Inc.*

/s/ Eric R. Delinsky (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, LLC, CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
(412) 471-3490
rbarnes@marcus-shapira.com
livingston@marcus-shapira.com
kobrin@marcus-shapira.com

*Counsel for Giant Eagle, Inc. and HBC Service Company*

/s/ John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Email: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

/s/ Kelly A. Moore (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6612
kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street

Philadelphia, PA 19103
(215) 963-5917
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center and Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on August 12, 2021.

/s/ John M. Majoras

John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
E-mail: jmmajoras@jonesday.com

*Counsel for Walmart Inc.*