# EXHIBIT G

```
                                                          Page 364
 1           IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION
 3
     _____
 4
     IN RE:  NATIONAL PRESCRIPTION      MDL No. 2804
 5   OPIATE LITIGATION                  Case No. 17-md-2804
 6
     This document relates to:          Judge Dan
 7                                      Aaron Polster
 8   The County of Cuyahoga v. Purdue
     Pharma, L.P., et al.
 9   Case No. 17-OP-45005
10   City of Cleveland, Ohio vs. Purdue
     Pharma, L.P., et al.
11   Case No. 18-OP-45132
12   The County of Summit, Ohio,
     et al. v. Purdue Pharma, L.P.,
13   et al.
     Case No. 18-OP-45090
14   _____
15
16
17                    VOLUME II
18      Videotaped Deposition of Joseph Rannazzisi
19                 Washington, D.C.
20                  May 15, 2019
21                    8:43 a.m.
22
23
24   Reported by:  Bonnie L. Russo
25   Job No. 3301884
```

Page 365

1  Videotaped Deposition of Joseph Rannazzisi held
2  at:
8         Covington & Burling, LLP
9         850 10th Street, N.W.
10        Washington, D.C.
13 Pursuant to Notice, when were present on behalf
14 of the respective parties:

Page 478

1  A. Yes, sir.
2  Q. On or about September 27, 2006,
3  February 7, 2007, and December 27, 2007, DEA's
4  deputy assistant administrator, office of
5  diversion control, sent letters to every entity
6  in the U.S. that was registered with DEA to
7  manufacture or distribute controlled substances
8  including McKesson. Those are called the DEA
9  letters.
10  Do you see that?
11  A. Yes, sir.
12  Q. Now, this DEA deputy administrator,
13  assistant administrator, office of diversion
14  control, that is you, isn't it?
15  A. Back then, yes.
16  MR. EPPICH: I will object.
17  MR. LANIER: I'm sorry.
18  MR. EPPICH: My objection is, you
19  are writing his name before he even responds to
20  the question.
21  BY MR. LANIER:
22  Q. That is you, Joe Rannazzisi, isn't
23  it?
24  A. Yes, sir.
25  Q. Did your answer change on whether or

1    MR. BENNETT: Objection. Vague.
2    THE WITNESS: I don't know if it
3    necessarily presents a problem. I would hope
4    that those former employees are trying to guide
5    or help guide the -- the particular registrants
6    through what their requirements are and what
7    their obligations are.
8    BY MR. LANIER:
9    Q. If a company is confused about the
10   law, should they just keep selling the opioids
11   in the midst of their confusion?
12   MR. EPPICH: Objection.
13   THE WITNESS: The company has -- all
14   the companies, all the registrants have many
15   avenues to try and get their -- their questions
16   answered, through the local DEA offices, the
17   headquarters has a liaison and policy section
18   and that liaison and policy section, their sole
19   job is to provide guidance to the distributors.
20   We have on-site people, on-site
21   people who go in to do inspections at the -- at
22   the distributors and they can ask those people.
23   BY MR. LANIER:
24   Q. Would you tell me --
25   MS. McCLURE: Counsel, are you

Page 505

1  representing what is up on the board --
2          MR. LANIER: I'm clarifying. No,
3  I'm not. I'm about --
4          MS. McCLURE: -- that the witness
5  has not actually stated in advance of him
6  suggesting that, so I also object to the fact
7  that your writing tends to be leading.
8          BY MR. LANIER:
9      Q.  Sir, if you will look at my writing
10 and excuse the interruption for a moment.
11         My question to you is: If they are
12 confused, should they stop selling until their
13 questions are answered?
14         MS. MAINIGI: Objection. Scope.
15         BY MR. LANIER:
16     Q.  Yes or no?
17         MS. MAINIGI: Foundation. Form.
18         MR. BENNETT: Objection. Incomplete
19 hypothetical.
20         MS. MAINIGI: Vague.
21         THE WITNESS: If they are confused
22 and they're -- and they -- and they continue to
23 sell in the midst of their confusion, no, they
24 shouldn't be selling.
25         BY MR. LANIER:

Page 508

1  wouldn't be in a position of having to do that
2  if you would simply let the witness -- you ask
3  the question with the witness supplying the
4  answer rather than supplying them for him.
5           MR. LANIER:  With due respect to the
6  way you are reciting the record here, I am able
7  to write down questions that I'm going to be
8  asking, as well as questions that I have asked
9  and if I am doing that and I'm covering it up,
10 that's a fine thing to do.
11          And if there is a question that's
12 down here that is not one that he agrees with,
13 he will make it clear.  You all will make it
14 clear, you will have this, so I want to make
15 sure you are clear on that.
16          MS. McCLURE:  Special Master Cohen,
17 I request a instruction given to counsel to
18 advise him to stop writing on a sheet that is
19 visible to the screen, to the jury, to
20 counsels' room, and most importantly especially
21 to the witness in advance of the witness
22 providing that testimony.
23          SPECIAL MASTER COHEN:  So you can do
24 what you are doing at the risk of it being not
25 allowed in a trial.

Page 682

1 CERTIFICATE OF NOTARY PUBLIC
2 I, Bonnie L. Russo, the officer before
3 whom the foregoing deposition was taken, do
4 hereby certify that the witness whose testimony
5 appears in the foregoing deposition was duly
6 sworn by me; that the testimony of said witness
7 was taken by me in shorthand and thereafter
8 reduced to computerized transcription under my
9 direction; that said deposition is a true
10 record of the testimony given by said witness;
11 that I am neither counsel for, related to, nor
12 employed by any of the parties to the action in
13 which this deposition was taken; and further,
14 that I am not a relative or employee of any
15 attorney or counsel employed by the parties
16 hereto, nor financially or otherwise interested
17 in the outcome of the action.

18
19 *Bonnie L Russo*
20 Notary Public in and for
21 the District of Columbia
22
23 My Commission expires: June 30, 2020
24
25