UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### CERTAIN DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF REMOTE SHIPMENTS AND PRESCRIPTIONS

Pursuant to Rules 401, 402, 403, and 611 of the Federal Rules of Evidence, CVS and Rite Aid[1] (collectively, "Defendants") hereby move *in limine* to exclude evidence of remote conduct by Defendants. Plaintiffs are challenging tens of thousands of Defendants' shipments and prescriptions since 2006. The Court should impose a reasonable temporal cutoff on the presentation of such evidence for at least three reasons. First, at some point in time, shipments made and prescriptions filled by Defendants are too remote to be material to Plaintiffs' sole claim that a public nuisance exists in their counties *today*. Second, evidence of shipments and prescriptions from many years ago will waste precious trial time, will be needlessly cumulative and unfairly prejudicial, and will confuse the jury. And third, the Court has not allotted Defendants enough time or witnesses to defend tens of thousands of shipments and prescriptions over a fifteen-year period.

Excluding evidence of Defendants' shipments and prescriptions before 2015 would be reasonable under the circumstances and consistent with Federal Rules of Evidence ("Rules") 403

---

[1] CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., CVS Indiana, L.L.C., Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, and Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center.

and 611. It would allow Plaintiffs at least five years of conduct from which to prove their claims and would mitigate some of the prejudice to be suffered by Defendants as a result of the Court's limitations on trial time and witnesses.

Defendants are separately joining Defendants' motion *in limine* to exclude evidence of post-2010 conduct because Plaintiffs' causation expert only provides causation opinions on pre-2010 conduct. This motion may be granted in alternative to, or along with, that separate motion.[2]

## I.     BACKGROUND

The issue presented for trial is whether Defendants created a present-day public nuisance by wrongfully distributing and dispensing prescription opioids in Plaintiffs' counties. The only relief sought by Plaintiffs is abatement of any nuisance that exists in their counties today. Plaintiffs do not seek relief for any costs they previously have incurred related to the abuse or misuse of prescription opioids.

Pretrial discovery generally has covered conduct dating back to January 1, 2006. ECF No. 762 at 4. Defendants were ordered to produce transactional dispensing data back to January 1, 2006. ECF No. 3055 at 4-5. From that data, Plaintiffs identified tens of thousands of supposed "red flag" prescriptions that they contend Defendants should not have filled. ECF No. 3725 at 2. Recently, however, when Plaintiffs requested that Defendants produce "notes" evidence for a sample of those prescriptions, the Court ruled that production of such evidence should date back to January 1, 2010, and not to January 1, 2006. *Id.* The Court explained: "I think we're going to have 10 years, 2010 to 2019. I don't think we need 2006, '7, '8 and '9. If this doesn't show anything, you know, 2010 is far enough back." ECF No. 3723 at 30:6-9.

---

[2] Depending on the temporal cutoff selected by the Court, granting both motions could effectively extinguish Plaintiffs' public nuisance claims against Defendants. But that is a problem of Plaintiffs' own making; they have restricted their claims to a present-day nuisance, yet they simultaneously have failed to provide a causation expert on post-2010 conduct. Regardless of the result that would ensue, both motions are meritorious and should be granted.

Separately, the Court, over Defendants' objections, has imposed severe limits on the presentation of evidence at trial. ECF No. 3758. Defendants—five separate chain pharmacies and affiliated entities—collectively are limited to 75 hours for presentation of evidence and, absent a showing of good cause, 50 fact witnesses. *Id.* at 2; ECF No. 3735 at 4-5.[3] Defendants filed a motion to enlarge these constraints. ECF No. 3773. Plaintiffs opposed the motion, ECF No. 3777, and the Court denied it. Minute Order, July 7, 2021.

## II.    ARGUMENT

The Court should impose a reasonable temporal limit on the presentation of evidence related to shipments made and prescriptions filled by Defendants in Plaintiffs' counties. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 611(a) separately provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

Taken together, these rules give trial courts ample discretion to exclude evidence of remote conduct, even if the evidence satisfies the relevance standards of Rules 401 and 402. Although "common sense dictates that 'temporal remoteness reduces the probative value' of prior conduct," *United States v. Asher*, 910 F.3d 854, 861 (6th Cir. 2018) (citation omitted), "[t]here is . . . no bright line rule for determining when evidence is too remote to be relevant." *Ansell* v. *Green Acres Constr. Co.*, 347 F.3d 515, 525 (3d Cir. 2003). Such a determination is

---

[3] While Plaintiffs are subject to the same constraints, there are only two Plaintiffs, meaning each Plaintiff is afforded much more time and witnesses than each Defendant.

"based on the potential the evidence has for giving rise to reasonable inferences of fact which are 'of consequence to the determination of the action." *Id.* (citations omitted).

Thus, in *Surles ex rel. Johnson* v. *Greyhound Lines, Inc.*, 474 F.3d 288, 298 (6th Cir. 2007), the Sixth Circuit affirmed the trial court's decision to exclude reports of bus-injury incidents occurring more than four years before the incident in question. And in *Fabec* v. *STERIS Corp.*, No. 1:04 CV 2062, 2005 WL 2313916, at *6 (N.D. Ohio Sept. 21, 2005), the court concluded that a manager's two statements that he "need[ed] to get rid of the old people," made one and one-and-a-half years before the plaintiff's termination, were too remote to constitute direct evidence in an age discrimination claim. *See also Hurley* v. *Atl. City Police Dep't*, 174 F.3d 95, 112 (3d Cir. 1999) (it was error to admit evidence of sexual harassment of plaintiff from 1979 to 1981 when claim focused on harassment from 1990 to 1992); *Dupre* v. *Fru-Con Eng'g Inc.*, 112 F.3d 329, 337 (8th Cir. 1997) (district court did not abuse its discretion in declining to admit testimony of discriminatory comments made four years before the plaintiff's termination).

Here, Plaintiffs have identified tens of thousands of Defendants' shipments and prescriptions since 2006 that they are challenging. Having already imposed limits on trial time and witnesses, the Court should impose a reasonable temporal limit on evidence of Defendants' shipments and prescriptions for at least three reasons. First, Plaintiffs' claims are limited to remedying a *present-day* nuisance. An order shipped or a prescription filled by Plaintiffs ten or fifteen years ago is simply too remote to be material. Again, Plaintiffs seek no past damages for any prior costs incurred by them.

Second, evidence of shipments made or prescriptions filled many years ago will be wasteful, needlessly cumulative, and unfairly prejudicial, especially when considering the

4

compressed trial schedule imposed by the Court. Plaintiffs have identified tens of thousands of so-called "red flag" prescriptions filled by Defendants since 2006 that they contend should not have been filled. Many of the prescriptions have similar characteristics—including the same supposed "red flags" identified by Plaintiffs or their experts. Evidence of prescriptions filled many years ago will be cumulative of evidence of prescriptions filled in recent years but may require Defendants to call different witnesses or introduce different evidence to defend.  Indeed, less was known about the abuse of opioid medications in 2009 than was known in 2019, and defending an opioid prescription filled in 2009 may require, for example, proof of different guidance from government regulators and proof of an entirely different standard of care. Evidence of prescriptions filled many years ago also will risk confusion—large quantities of supposed "red flag" prescriptions filled many years ago are not germane to what exists in Plaintiffs' counties *today*, and such evidence risks a verdict based on dated conduct rather than on present-day conditions.

Third, there is not enough trial time or witnesses for Defendants to defend shipments made or prescriptions filled many years ago.  Under the constraints imposed by the Court—75 hours and 50 fact witnesses for all Defendants—Defendants each will be limited to 15 hours and 10 fact witnesses—total!—to present their own case *and* to cross-examine Plaintiffs' witnesses. These constraints on Defendants' ability to defend themselves prevent any effective determination of the truth for the fifteen years of shipments and prescriptions that Plaintiffs seek to introduce at trial, especially when most of those shipments and prescriptions are too attenuated from the question to be decided at trial (whether Defendants engaged in wrongful conduct that contributed to a *present-day* nuisance in Plaintiffs' counties).  Rule 611(a) (authorizing the Court to exercise "procedures effective for determining the truth").

Indeed, the cases discussed above had much smaller universes of potential evidence and no reported restrictions on trial time or witnesses. Yet the courts in those cases imposed reasonable temporal cutoffs on the presentation of evidence at trial. By contrast, it is difficult to imagine a case where the ratio of the volume of available evidence to the time and witnesses allotted for trial is more imbalanced than this one. That reality alone means the Court should impose a reasonable temporal cutoff on evidence related to Defendants' shipments and prescriptions.

A cutoff of January 1, 2015, for evidence of Defendants' shipments and prescriptions would be reasonable under the circumstances and consistent with Rules 403 and 611. It would give Plaintiffs at least five years of conduct by Defendants and tens of thousands of so-called "red flag" prescriptions filled by Defendants from which to prove their case about the condition in their counties *today*. It is eminently reasonable and even generous to Plaintiffs while simultaneously mitigating some of the prejudice to be suffered by Defendants as a result of the Court's limitations on trial time and witnesses. A cutoff of January 1, 2015, to the present would preclude evidence of Defendants' shipments, because Defendants have not shipped any opioid medications into Plaintiffs' counties since October 2014. But Plaintiffs have limited their claims to a present-day nuisance, and shipments made by Defendants *more than seven years ago* are simply too remote to be relevant or material.

In the alternative, the Court could impose a cutoff of January 1, 2013, to allow Plaintiffs to produce evidence of shipments made by Defendants or a cutoff of January 1, 2010, to be consistent with the temporal cutoff on "notes" evidence. Allowing evidence of Defendants' shipments and prescriptions over an eight or eleven-year period would not be consistent with Rules 403 and 611. It also would impose a tremendous and unfair burden on Defendants when

6

considering, among other things, the Court's limitations on trial time and witnesses. But it would be more reasonable than a cutoff of January 1, 2006, which, under the circumstances, is not fair or practical.

### III. CONCLUSION

For the foregoing reasons, CVS and Rite Aid respectfully request that the Court impose a reasonable temporal cutoff on the presentation of evidence related to their shipments and prescriptions, and issue an order excluding evidence of their shipments and prescriptions before 2015.

Dated: August 12, 2021                                                                Respectfully submitted,

| | |
|---|---|
| /s/ Kelly A. Moore | /s/ Eric R. Delinsky |
| Kelly A. Moore | Eric R. Delinsky |
| MORGAN, LEWIS & BOCKIUS LLP | Alexandra W. Miller |
| 101 Park Avenue | ZUCKERMAN SPAEDER LLP |
| New York, NY 10178 | 1800 M Street NW, Suite 1000 |
| (212) 309-6612 | Washington, DC 20036 |
| kelly.moore@morganlewis.com | Tel: (202) 778-1800 |
| | E-mail: edelinsky@zuckerman.com |
| Elisa P. McEnroe | E-mail: smiller@zuckerman.com |
| MORGAN, LEWIS & BOCKIUS LLP | |
| 1701 Market Street | *Counsel for CVS Pharmacy, Inc., Ohio CVS* |
| Philadelphia, PA 19103 | *Stores, LLC, CVS TN Distribution, L.L.C., CVS* |
| (215) 963-5917 | *Rx Services, Inc., and CVS Indiana, L.L.C.* |
| elisa.mcenroe@morganlewis.com | |

*Counsel for Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center and Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing motion was served on all counsel of record via the Court's ECF system on August 12, 2021.

/s/ Eric R. Delinsky
Eric R. Delinsky