IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track Three Trial* | Case No. 1:17-MD-2804 |

**PHARMACY DEFENDANTS' OMNIBUS MOTION**
**PRESERVING OBJECTIONS TO PRIOR MOTIONS *IN LIMINE***

After almost all of the Track 3 Defendants ("Defendants") had been severed from the Track 1-A proceedings, the Court heard and ruled upon dozens of motions in limine filed by the remaining parties. *See* Dkt. 3058. On July 28, 2020, Special Master Cohen ruled that Defendants could preserve objections raised in Track 1-A motions by filing "a document simply listing all of the MIL rulings contained in the evidentiary order regarding which they do *not* believe there are particular circumstances in Track 1-B that warrant revision, but to which they object." Dkt. 3398 at 2. By doing so, the objection previously raised would be preserved. Defendants did as ordered.[1] Dkt. 3411. They also filed additional motions in limine in Track 1-B, which the Court later ruled upon. Dkt. 3546.

Defendants wish to preserve all prior evidentiary objections from Tracks 1-A and 1-B in this Track 3. Accordingly, following the procedure set forth in the Court's orders at Dkt. No. 3058 and 3398, the undersigned Defendants hereby raise and preserve the objections raised in Track 1-

---

[1] Defendants did not then, and do not now waive their objections to the Court's Nunc Pro Tunc order (Dkt. 3058) in any proceeding. Defendants hereby incorporate by reference their prior objections to that order, as set forth in Dkt. 3133, 3146.

A and Track 1-B in the following motions.[2] The briefing underlying each motion from Track 1-A and Track 1-B is attached as an exhibit to Summary Sheet regarding this omnibus motion, as noted, and is hereby incorporated by reference:

- Individualized evidence concerning prescriptions, shipments, and other matters on which they successfully avoided discovery by claiming it was "irrelevant" (to the extent overruled) (Defendants' Motion in Limine #2, attached as Ex. A at 16–20);

- Testimony from witnesses about personal stories of opioid abuse or related harms to themselves or others (to the extent overruled) (Defendants' Motion in Limine #3, attached as Ex. A at 20–22);

- Lay and hearsay testimony about prescription opioids being a "gateway" to illicit opioid use (to the extent overruled) (Defendants' Motion in Limine # 4, attached as Ex. A at 22–24);

- Evidence of alleged wrongful shipments to places outside Track One jurisdictions (Defendants' Motion in Limine # 6, attached as Ex. A at 27–29);

- Exclude certain charts containing misleading and irrelevant data (Defendants' Motion in Limine # 9, attached as Ex. A at 36–38);

---

[2] Defendants have selected the objections to preserve in reliance on Special Master Cohen's order (Dkt. 3398), which provides that absent further notice, the Court will follow all rulings granting objections from Track 1-A Defendants, and this Court's order indicating that the Track One-B rulings would "apply to all future cases in the MDL tried by this Court." Dkt. 3546 at 1-2. Thus, Defendants are not preserving objections to matters that have already been ruled upon in their favor; they preserve only those objections that they believe were erroneously overruled, at least in part, and are not being separately briefed. To the extent required, Defendants also preserve all objections made by any Track 1-A Defendant that were sustained, in whole or in part, in the Evidentiary Order.

- Referring to "defendants" as a group if the testimony does not truly concern all Track 1B defendants (to the extent overruled) (Distributors Motion In Limine # 6, attached as Ex. B at 22–25);

- Evidence of lobbying and other protected First Amendment activity (Distributors' Motion in Limine # 5, attached as Ex. B at 21–22);

- Evidence that defendants violated alleged duties under the CSA or its regulations (Defendants' Motion in Limine # 7, attached as Ex. A at 29–33);

- Preclude questioning of witnesses concerning their feelings and opinions of personal responsibility, guilt, or sympathy concerning the opioid crisis (to the extent overruled) (Defendants' Motion in Limine #12, attached as Ex. A at 45–46).

- Preclude, e.g., evidence or argument referring to DEA witness Joseph Rannazzisi as the "60 Minute Man" (to the extent overruled) (Walgreens' Motion in Limine at III, attached as Ex. C at 6–10).

- Evidence or argument regarding counsel' military experience, employment, religious affiliation, or personal experiences (to the extent overruled) (Track 1-B Pharmacy Defendants' MIL No. 1, Dkt. 3413, attached as Ex. D).

- Preclude Plaintiffs from negatively characterizing Defendants as large corporations (Track 1-B Pharmacy Defendants' MIL No. 3, Dkt. 3415, attached as Ex. D).

- Testimony or argument comparing Defendants' conduct to wars, national tragedies, terrorist attacks or unrelated corporate scandals (Track 1-B Pharmacy Defendants' MIL No. 4, Dkt. 3416, attached as Ex. D).

- Evidence or argument that Defendants' mere act of distributing opioid medications provides a basis for imposing liability (Track 1-B Pharmacy Defendants' MIL No. 5, Dkt. 3417, attached as Ex. D).

- Evidence, testimony, or argument regarding (1) civil or criminal investigations regarding a Pharmacy Defendant or its employees, other litigation involving a Pharmacy Defendant or its employees, or media coverage or other secondhand accounts of such investigations or litigation (Track 1-B Pharmacy Defendants' MIL No 6, Dkt. 3418, attached as Ex. D).

- Evidence of civil settlements with governmental entities or specific categories of settlement-related evidence (to the extent overruled) (Track 1-B Pharmacy Defendants' MIL No. 7, Dkt. 3420, attached as Ex. D).

- Evidence, testimony, or argument concerning conduct that occurred outside of Cuyahoga or Summit Counties unless Plaintiffs first establish a foundation showing a nexus connecting that conduct to a harm suffered by a Plaintiff (Track 1-B Pharmacy Defendants' MIL No. 8, Dkt. 3421, attached as Ex. D).

- Exclude portions of expert Craig McCann's opinion (Track 1-B Pharmacy Defendants' MIL No. 9, Dkt. 3425, attached as Ex. D).

- Evidence or argument concerning Defendants' participation in trade associations and protected petitioning activity (Track 1-B Pharmacy Defendants' MIL No. 10, Dkt. 3426, attached as Ex. D).

- Evidence or argument referencing Defendant pharmacies' opioid orders from non-defendant distributors (to the extent overruled) (Track 1-B Rite Aid and Giant Eagle MIL, Dkt. 3423, attached as Ex. D).

Moreover, to the extent the Court's *Nunc Pro Tunc* Order, Dkt. 3058, granted in whole or in part any of Plaintiffs' motions in limine to which Walgreens or other Track 1-A Defendants objected, Defendants also reassert those arguments and preserves all objections. (*See* Ex. E).

Dated: August 12, 2021                Respectfully submitted,

    /s/ Eric R. Delisnksy (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com
*Attorneys for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

/s/ Timothy D. Johnson (consent)
Timothy D. Johnson (0006686)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio 44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com
*Attorney for Defendant Discount Drug Mart, Inc.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com

E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*

/s/ Kelly A. Moore (consent)
Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

John P. Lavelle, Jr., Esq.
John.lavelle@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland*

*/s/ Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100

Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreen Co.*

/s/    John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on August 12, 2021.

/s/    John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone:  (202) 879-3939
E-mail: jmmajoras@jonesday.com

*Counsel for Walmart Inc.*