IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Track Three Trial* | Case No. 1:17-MD-2804 |

**SUMMARY SHEET FOR DEFENDANTS' OMNIBUS MOTION PRESERVING
<u>OBJECTIONS TO PRIOR MOTIONS *IN LIMINE*</u>**

- Defendants hereby raise and preserve the objections raised in Track 1-A and Track 1-B in the following motions:[1]

    - Individualized evidence concerning prescriptions, shipments, and other matters on which they successfully avoided discovery by claiming it was "irrelevant" (to the extent overruled) (Defendants' Motion in Limine #2, *see* Ex. A at 16–20);

    - Testimony from witnesses about personal stories of opioid abuse or related harms to themselves or others (to the extent overruled) (Defendants' Motion in Limine #3, *see* Ex. A at 20–22);

    - Lay and hearsay testimony about prescription opioids being a "gateway" to illicit opioid use (to the extent overruled) (Defendants' Motion in Limine # 4, *see* Ex. A at 22–24);

    - Evidence of alleged wrongful shipments to places outside Track One jurisdictions (Defendants' Motion in Limine # 6, *see* Ex. A at 27–29);

    - Exclude certain charts containing misleading and irrelevant data (Defendants' Motion in Limine # 9, *see* Ex. A at 36–38);

    - Referring to "defendants" as a group if the testimony does not truly concern all Track 1B defendants (to the extent overruled) (Distributors Motion In Limine # 6, *see* Ex. B at 22–25);

    - Evidence of lobbying and other protected First Amendment activity (Distributors' Motion in Limine # 5, *see* Ex. B at 21–22);

    - Evidence that defendants violated alleged duties under the CSA or its regulations (Defendants' Motion in Limine # 7, *see* Ex. A at 29–33);

    - Preclude questioning of witnesses concerning their feelings and opinions of personal responsibility, guilt, or sympathy concerning the opioid crisis (to the extent overruled) (Defendants' Motion in Limine #12, *see* Ex. A at 45–46).

    - Preclude, e.g., evidence or argument referring to DEA witness Joseph Rannazzisi as the "60 Minute Man" (to the extent overruled) (Walgreens' Motion in Limine at III, *see* Ex C at 6–10).

    - Preclude Plaintiffs from negatively characterizing Defendants as large corporations (Track 1-B Pharmacy Defendants' MIIL No. 3, Dkt. 3415, attached as Ex. D).

---

[1] The briefing underlying each motion from Track 1-A and Track 1-B is attached as **Exhibits A** through **E**, and is hereby incorporated by reference.

- o Testimony or argument comparing Defendants' conduct to wars, national tragedies, terrorist attacks or unrelated corporate scandals (Track 1-B Pharmacy Defendants' MIL No. 4, Dkt. 3416, attached as Ex. D).

- o Evidence or argument that Defendants' mere act of distributing opioid medications provides a basis for imposing liability (Track 1-B Pharmacy Defendants' MIL No. 5, Dkt. 3417, attached as Ex. D).

- o Evidence, testimony, or argument regarding (1) civil or criminal investigations regarding a Pharmacy Defendant or its employees, other litigation involving a Pharmacy Defendant or its employees, or media coverage or other secondhand accounts of such investigations or litigation (Track 1-B Pharmacy Defendants' MIL No 6, Dkt. 3481, attached as Ex. D).

- o Evidence of civil settlements with governmental entities or specific categories of settlement-related evidence (to the extent overruled) (Track 1-B Pharmacy Defendants' MIL No. 7, Dkt. 3420, attached as Ex. D).

- o Evidence, testimony, or argument concerning conduct that occurred outside of Cuyahoga or Summit Counties unless Plaintiffs first establish a foundation showing a nexus connecting that conduct to a harm suffered by a Plaintiff (Track 1-B Pharmacy Defendants' MIL No. 8, Dkt. 3421, attached as Ex. D).

- o Exclude portions of expert Craig McCann's opinion (Track 1-B Pharmacy Defendants' MIL No. 9, Dkt. 3425, attached as Ex. D).

- o Evidence or argument concerning Defendants' participation in trade associations and protected petitioning activity (Track 1-B Pharmacy Defendants' MIL No. 10, Dkt. 3426, attached as Ex. D).

- o Evidence or argument referencing Defendant pharmacies' opioid orders from non-defendant distributors (to the extent overruled) (Track 1-B Rite Aid and Giant Eagle MIL, Dkt. 3423, attached as Ex. D).

- o To the extent the Court's *Nunc Pro Tunc* Order, Dkt. 3058, granted in whole or in part any motions in limine to which Walgreens or other Track 1-A Defendants objected, Pharmacy Defendants also reasserts those arguments and preserves all objections. (*See* Ex. E).