## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION**

This document relates to:

*County of Trumbull, Ohio v.
CVS Health Corp., et al.,*
 Case No. 1:18-op-45079

*County of Lake, Ohio v.
CVS Health Corp., et al.,*
 Case No. 1:18-op-45032

"Track 3 Cases"

**MDL No. 2804**

**Case No. 1:17-md-2804**

**Judge Dan Aaron Polster**

## RITE AID DEFENDANTS' MEMORANDUM IN SUPPORT OF
## THEIR MOTION IN LIMINE TO EXCLUDE EXHIBIT P-20533

Plaintiffs have included in their exhibit list a 2011 report entitled "Analysis and

Improvement of Rite Aid Dispensing Systems" ("Report") that involved ten Rite Aid stores, only

two of which were in  Ohio and neither of which was in Lake and Trumbull Counties

("Counties").  (Exhibit P-20533) (Rite_Aid_OMDL_0128106-413)[1]  Two of Plaintiff's putative

experts (Carmen Catizone and Anna Lembke, MD) reference the Report in their expert reports,

but neither analyzed actual dispensing activities at any of Rite Aid's pharmacies in the Counties

to determine whether the Report potentially applied to those pharmacies (or for any other

reasons).  Nor did they analyze particular prescriptions.  Because the Report did not involve any

Rite Aid stores in the Counties, and Plaintiffs' experts did not evaluate actual pharmacy

operations or prescriptions in the Counties, the Report is inadmissible under Federal Rules of

Evidence 401, 402 and 403.

---

[1] The Report is attached as Exhibit A.

## BACKGROUND

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████ ██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████

Plaintiffs' putative experts Carmen Catizone (dispensing) and Anna Lembke, MD (addiction) each cite the Report in their reports for the same principle:

- 

(Catizone Report, p.98)[3]

---

[2] ████████████████████████████████████████████████████████
[3] Defendants filed a Daubert motion to exclude Carmen Catizone as an expert at trial.  ECF No. 3800.

-  (Lembke Report, p.151)[4]

Dr. Lembke confirmed that the Report involved an analysis of all prescriptions filled by those stores and not just controlled substances.   Ex. B, May 28, 2021 Lembke Track 3 Dep., 153:20-25.  The Report did not purport to analyze the specific amount of time (on an average basis or otherwise) that Rite Aid pharmacists expend in evaluating and dispensing prescriptions for opioid medicines.

Neither Catizone nor Dr. Lembke, however, evaluated staffing, prescription filling performance, individual prescriptions, or any store characteristics for the fifteen Rite Aid pharmacies in Lake (5) and Trumbull Counties (10) to have a basis for potentially applying any of the findings in the Report to the Rite Aid pharmacies in the Counties.  Ex. C, June 15-16, 2021 Catizone Dep. 463:24-464:6 (could not identify any flagged script for which the pharmacist failed to clear a flag because the pharmacist was under time pressure); 462:20-463:1 (did not analyze Rite Aid's staffing to determine whether it was adequate); 75:19-76:24 (did not review specific scripts except for 10-20 where the prescriber information allegedly was incorrect); 186:1-8 (cannot identify any individual script for which a pharmacist violated corresponding responsibility); Ex. B May 28, 2021 Lembke Track 3 Dep., 153:17-24 (did not do any analysis of the time to fill prescriptions for any of the chain defendants in Lake or Trumbull Counties); 150:3-6 (does not know average duration for filling prescriptions for controlled substances by

---

[4] Defendants filed a Daubert motion to exclude any pharmacy- or pharmacist-related opinions by Dr. Lembke at trial.  ECF No. 3802.

any of the chain pharmacies); 159:2-22 (does not know how many stores or pharmacists any pharmacy defendant has in Lake or Trumbull); 136:5-12 (did not review any prescriptions in this case to determine whether they contained any red flags); 215:21-216:5 ("My opinion is not based on every pharmacy and every pharmacist.  My opinion is looking at the aggregate evidence to determine what the policies and procedures were in defendant chains' pharmacies and to form my opinion based on that."); 215:8-19 ("[M]y opinions on Lake and Trumbull County are based on my review of national policies of the defendants' policies and procedures, and so my opinion of those policies and procedures for good and for bad are the same nationally as they are in Lake and Trumbull County because I have no evidence to suggest that Lake and Trumbull Counties are outliers.")

## ARGUMENT

The Court should exclude the Report as irrelevant under Rules 401 and 402.

First, Plaintiffs predicate their theory on "aggregate data," running various algorithms to identify prescriptions with potential red flags.  They did not actually review individual prescriptions and the information available to the pharmacists filling those prescriptions to determine the presence of red flags and why the pharmacists elected to fill the prescriptions.  As a result, any evidence about the duration to fill prescriptions is irrelevant to that theory especially when, as here, none of Plaintiffs' experts analyzed the actual processing of prescriptions at Rite Aid's pharmacies in the Counties.

Second, the Report neither involved any of the stores in Lake and Trumbull Counties nor specifically analyzed filling prescriptions for the specific opioid medicines at issue in the trial.

Given the age of the Report and that it does not analyze Rite Aid's dispensing of the specific

opioid medicines on which Plaintiffs predicate their claim, the Report is irrelevant.  In that

regard, Plaintiffs' putative experts Catizone and Lembke failed to do any pharmacy-specific

analysis of Rite Aid's pharmacies in Lake and Trumbull Counties and therefore have no basis to

apply the findings of the Report involving those specific non-forum pharmacies to those in the

Counties.  That is especially true given that the Report did not purport to specifically analyze

filling times for the relevant opioid medicines at issue here.

Finally, the Court should exclude the Report under Rule 403 because its probative value

(if any) is substantially outweighed by the danger of unfair prejudice, confusing the issues, and

misleading the jury.  Fed. R. Evid. 403.   Because Plaintiffs' experts failed to analyze

staffing and filling at Rite Aid's pharmacies in Lake and Trumbull, it would be unfairly

prejudicial, misleading and confusing to the jury for Plaintiffs to use the Report to argue

And even more critically, the Report is not specific to dispensing opioid medications.

For Plaintiffs to use the Report

to suggest to the jury that Rite Aid's pharmacists in Lake and Trumbull spent the same amount

of time filling all prescriptions—including prescriptions for opioids in general (and prescriptions

flagged by Plaintiffs in particular)—would be false, misleading, and highly prejudicial to Rite Aid, requiring a new trial in the event of an adverse finding.

At a minimum, introduction of the Report would waste time as the parties will need to litigate whether the pharmacies at issue in the Report are substantially similar to the pharmacies in the Counties such that a comparison is or is not appropriate, as well as the different reasons why the jury should or should not consider the Report probative of the actual issues at trial.  And Rite Aid would need to rebut Plaintiffs' mischaracterizations and introduce evidence regarding the different amounts of time spent by pharmacists filling different types of descriptions.  Given the very limited time that the Court has allocated to Defendants for their cases-in-chief, Rite Aid will be forced to waste precious time on a document without probative value to the issues at trial.

## CONCLUSION

For the foregoing reasons, Defendants Rite Aid of Ohio, Inc., Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center and Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center ask the Court to exclude Plaintiffs' Exhibit P-20533.

Dated:  August 12, 2021                    Respectfully submitted,


                                           */s/ Kelly A. Moore*_____

                                           Kelly A. Moore
                                           kelly.moore@morganlewis.com
                                           Morgan, Lewis & Bockius LLP
                                           101 Park Avenue
                                           New York, NY 10178-0060
                                           T: 212-309-6612
                                           F: 212-309-6001


                                           Elisa P. McEnroe
                                           elisa.mcenroe@morganlewis.com
                                           Morgan, Lewis & Bockius LLP
                                           1701 Market Street
                                           Philadelphia, PA 19103-2921
                                           T: 215-963-5917
                                           F: 215-963-5001


                                           *Counsel for Rite Aid Hdqtrs. Corp., Rite Aid
                                           of Ohio, Inc., Rite Aid of Maryland, Inc. d/b/a
                                           Rite Aid Mid-Atlantic Customer Support
                                           Center and Eckerd Corp. d/b/a Rite Aid
                                           Liverpool Distribution Center*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 12, 2021, the foregoing was electronically filed using the Court's

CM/ECF system, and all counsel of record were served by operation of that system.

*/s/ Kelly A. Moore*
Kelly A. Moore