UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track Three Cases* | Case No. 1:17-MD-2804 |

**WALGREENS' OMNIBUS DOCUMENT TO PRESERVE
ARGUMENTS AND OBJECTIONS RELATED TO PRIOR MOTIONS *IN LIMINE*__**

In the Track 1A proceedings, the Court heard and ruled upon dozens of motions *in limine* filed by the Track 1A defendants. *See* Dkt. 3058. On July 28, 2020, Special Master Cohen ruled that "the parties in Track 1B should consider the rulings in the *Evidentiary Order* applicable at their trial." Dkt. 3398 at 1. Special Master Cohen further ruled that Track 1B Defendants could further preserve arguments and objections raised in Track 1A by filing "a document simply listing all of the MIL rulings contained in the *Evidentiary Order* . . . to which they object." *Id* at 2. Walgreens and the Track 1B Defendants did as ordered. Dkts. 3411 & 3422.[1] They also filed additional motions *in limine* in Track 1B, on which the Court ruled. Dkt. 3546.

Walgreens understands that all evidentiary rulings in the Track 1A or Track 1B defendants' favor apply in full in Track 3. *See* Dkts. 3058, 3398 & 3546. For the avoidance of doubt, following the procedure set forth in the Court's orders, Dkts. 3058 and 3398, and in addition to the arguments advanced in the Track 3 Defendants' separately filed motions *in limine*, Walgreens hereby reasserts all arguments and preserves all objections to the Court's

---

[1] By following Special Master Cohen's order, Walgreens does not waive its objections to the Court's prior motions *in limine* orders, Dkts. 3058 & 3546, in this or any other proceeding. Walgreens hereby incorporates by reference the Pharmacy Defendants' prior objections to that order, as set forth in Dkts. 3133 & 3146.

rulings on the following motions.  The briefing underlying each motion from Track 1A or Track 1B is hereby incorporated by reference:

- Walgreens MIL No. 1 (Dkt. 2648): Evidence or argument about Walgreens' ownership interest in AmerisourceBergen.

- Walgreens MIL No. 2 (Dkt. 2648): Evidence or argument about Walgreens' Florida DEA enforcement action and related settlement.

- Walgreens MIL No. 3 (Dkt. 2648): Evidence or argument referring to DEA witness Joseph Rannazzisi as the "60 Minute Man."

- Defendants MIL No. 1 (Dkt. 2661): Evidence or argument to the jury concerning "future damages."

- Defendants MIL No. 2 (Dkt. 2661): Individualized evidence concerning prescriptions, shipments, and other matters on which plaintiffs successfully avoided discovery by claiming it was "irrelevant."

- Defendants MIL No. 3 (Dkt. 2661): Testimony from witnesses about personal stories of opioid abuse or related harms to themselves or others.

- Defendants MIL No. 4 (Dkt. 2661): Lay and hearsay testimony about prescription opioids being a "gateway" to illicit opioid use.

- Defendants MIL No. 5 (Dkt. 2661): Evidence concerning lobbying and other protected petitioning activity.

- Defendants MIL No. 6 (Dkt. 2661): Evidence of alleged wrongful shipments to places outside Track One jurisdictions.

- Defendants MIL No. 7 (Dkt. 2661): Evidence that defendants violated alleged duties under the CSA or its regulations.

- Defendants MIL No. 8 (Dkt. 2661): Requiring plaintiffs to establish the necessary foundation for their experts' testimony.

- Defendants MIL No. 9 (Dkt. 2661): Excluding certain charts presenting misleading and irrelevant data.

- Defendants MIL No. 10 (Dkt. 2661): Prohibiting counsel from offering personal opinions, using visual aids to belittle witnesses, and similar conduct.

- Defendants MIL No. 11 (Dkt. 2661): Evidence and argument concerning defendants' financial condition, revenues, or profitability.

- Defendants MIL No. 12 (Dkt. 2661): Questioning of witnesses concerning their feelings and opinions of personal responsibility, guilt, or sympathy concerning the opioid crisis.

- Defendants MIL No. 14 (Dkt. 2661): Any comment regarding the absence of a corporate representative at trial.

- Distributors MIL No. 2 (Dkt. 2666): Non-party corporate representatives testifying to matters outside their personal knowledge.

- Distributors MIL No. 3 (Dkt. 2666): Any evidence of criminal indictments and investigations without corresponding proof of a final judgment of conviction.

- Distributors MIL No. 4 (Dkt. 2666): Evidence or argument that the jury may infer that an older document never existed because it cannot be found

- Distributors MIL No. 5 (Dkt. 2666): Evidence or argument suggesting distributors committed a "fraud on the DEA."

- Distributors MIL No. 6 (Dkt. 2666): References broadly and generally to "defendants" when the statement, argument, or testimony relates only to certain specific defendants or groups of defendants.

- Track 1B Pharmacy Defendants' MIL No. 1 (Dkt. 3413): Evidence or argument regarding counsel or staff's military experience, employment, religious affiliation, or personal experiences and the waiver or donation of attorney's or expert fees, or any portion of any recovery, to charity or for the benefit of the community.

- Track 1B Pharmacy Defendants' MIL No. 2 (Dkt. 3414): Evidence, argument or comments regarding the absence, presence or identity of defendants' corporate representatives at trial.

- Track 1B Pharmacy Defendants' MIL No. 3 (Dkt. 3415): Testimony or argument negatively characterizing defendants as large corporations.

- Track 1B Pharmacy Defendants' MIL No. 4 (Dkt. 3416): Evidence, argument, and testimony comparing defendants' conduct to wars, national tragedies, terrorist attacks, the tobacco industry, or any comparison of defendants to such actors.

- Track 1B Pharmacy Defendants' MIL No. 5 (Dkt. 3417): Evidence or argument that defendants could have stopped distributing Schedule II controlled substances.

- Track 1B Pharmacy Defendants' MIL No. 6 (Dkt. 3418): Evidence of civil or criminal investigations or other litigation.

- Track 1B Pharmacy Defendants' MIL No. 7 (Dkt. 3420): Evidence of settlements.

- Track 1B Pharmacy Defendants' MIL No. 8 (Dkt. 3421): Evidence of extraterritorial conduct without establishing a specific nexus to Cuyahoga or Summit County and a Track 1B defendant.

- Track 1B Pharmacy Defendants' MIL No. 9 (Dkt. 3425): To limit testimony of Craig McCann.

- Track 1B Pharmacy Defendants' MIL No. 10 (Dkt. 3426): Evidence or argument relating to participation in trade associations.

- Rite Aid and Giant Eagle MIL (Dkt. 3423): Evidence or argument referencing Defendant pharmacies' opioid orders from non-defendant distributors.

Moreover, to the extent the Court's prior orders on motions *in limine*, Dkts. 3058 & 3546, granted in whole or in part any motions *in limine* to which Walgreens or other Defendants objected, Walgreens also reasserts those arguments and preserves all objections.

Dated: August 12, 2021                                Respectfully submitted,

                                                                                      */s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
Bartlit Beck LLP
54 W. Hubbard Street
Chicago, Illinois 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
Email: kaspar.stoffelmayr@bartlitbeck.com
Email: brian.swanson@bartlitbeck.com
Email: kate.swift@bartlitbeck.com
Email: sharon.desh@bartlitbeck.com
Email: sten.jernudd@bartlitbeck.com

Alex J. Harris
Bartlit Beck LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
Email: alex.harris@bartlitbeck.com

*Counsel for Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*