# EXHIBIT 8

Page 397

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                  NORTHERN DISTRICT OF OHIO
 3                       EASTERN DIVISION
 4
                      ~~~~~~~~~~~~~~~~~~~~
 5
 6      IN RE:  NATIONAL PRESCRIPTION   MDL No. 2804
        OPIATE LITIGATION
 7                                      Case No. 17-md-2804
 8                                      Judge Dan Aaron
        This document relates to:      Polster
 9
10      The County of Cuyahoga v. Purdue
        Pharma L.P., et al.
11      Case No. 18-OP-45090
12      City of Cleveland, Ohio v. Purdue
        Pharma L.P., et al
13      Case No. 18-OP-45132
14      The County of Summit, Ohio, et al.
        v. Purdue Pharma L.P., et al.
15      Case No. 17-OP-45004
16                    ~~~~~~~~~~~~~~~~~~~~
17                         Volume III
                    Continued deposition of
18                        JOHN PRINCE
19
                         May 23, 2019
20                        1:04 p.m.
21
                          Taken at:
22                      Ulmer & Berne
                 1660 W. 2nd Street, Suite 1100
23                     Cleveland, Ohio
24
25            Renee L. Pellegrino, RPR, CLR
```

Page 454

1          Q.    And at a general level, how is ARCOS
2     data helpful for diversion investigations?
3          A.    I understand that I have access to
4     it.  I have not used ARCOS, so my understanding
5     of ARCOS is very limited.
6          Q.    As a TFO, have you ever initiated an
7     investigation into potential overprescribing
8     solely on the basis of the quantity of
9     medications that the physician was prescribing?
10               MR. CLUFF:  Objection.  Vague.
11     Lacks foundation.
12               MR. BENNETT:  Objection.  Vague.
13               You can answer that question yes or
14     no.
15          A.    No.
16          Q.    And as a TFO, have you ever
17     initiated any investigation into diversion based
18     solely on the quantity of medication, whether
19     that's medication being prescribed, medication
20     being dispensed?
21               MR. CLUFF:  Same objections and
22     assumes facts.
23               MR. BENNETT:  Same objection.  Same
24     instruction.
25               You can answer yes or no only.

Page 455

1         A.     No.

2         Q.     Why not?

3                MR. BENNETT:  Objection.  Scope.

4                You are not authorized to disclose

5    the internal deliberative process of the

6    Department of Justice.  To the extent you can

7    answer the question without disclosing the

8    internal deliberative process or disclosing

9    matters of prosecutorial discretion, you may

10   answer.

11        A.     The way we receive complaints is

12   multi-tiered, and that's not how -- that's not

13   what we do.

14        Q.     Could you tell whether someone is

15   diverting prescription medication looking only

16   at how many prescriptions they're writing?

17                MR. CLUFF:  Calls for an expert

18   opinion.  Lacks foundation.  Vague.

19                MR. BENNETT:  Objection.  Scope.

20                You can answer if you know.

21        A.     Diverting prescription medication --

22   as the question is asked, by diverting, can I

23   tell, sometimes I can tell that a person is

24   diverting because it's a false prescription or a

25   copy or an altered prescription.  That is

Page 456

1   diverting.

2        Q.    I'm saying you know Dr. X has

3   written Y number of prescriptions for oxycodone.

4   Do you know whether Dr. X -- just with that

5   information, do you know whether Dr. X is

6   diverting?

7              MR. CLUFF:   Incomplete hypothetical.

8   Vague.  Assumes facts.

9        A.    So as you've proposed this, without

10  a whole lot more information and protocols that

11  we would follow, the answer is no.

12                  -   -   -   -   -

13             (Thereupon, Deposition Exhibit 28,

14             Two-Page Document Entitled "Police

15             Department, Cleveland, Ohio,

16             Departmental Information," Dated

17             November 4, 2012, Beginning Bates

18             Number CLEVE_002712031, was marked

19             for purposes of identification.)

20                  -   -   -   -   -

21       Q.    I hand you what's been marked as

22  Prince Exhibit 28, which is a two-page document

23  Bates labeled CLEVE_002712031 through 32 from --

24  is there a date on this?  This is from November

25  4th, 2012.  And the first question is whether

Page 457

1    you recognize this, sir.

2           A.    Yes, sir.

3           Q.    And what is this document?

4           A.    This is a document that was produced

5    or compiled by myself at the direction of the

6    lead prosecutor handling this investigation.

7           Q.    And what information were you

8    reporting?

9           A.    At the direction of the county

10   prosecutor, I compiled an amount of work hours

11   that was spent on this investigation.

12          Q.    And this is an investigation that

13   resulted in an arrest?

14                MR. CLUFF:    Lacks foundation.

15          Q.    Do you know?

16          A.    The person under investigation was

17   not arrested but was indicted and pled by

18   information.

19          Q.    So this resulted in a conviction?

20          A.    Yes, it did.

21          Q.    Do you remember who the person was?

22                MR. CLUFF:    This is during your work

23   as a Cleveland officer, and since it's somebody

24   that's been convicted, you can answer.

25          A.    Yes.    I believe that this is the