UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) *"Track Three"* ) ) ) ) ) | MDL 2804 Case No. 1:17-md-2804 Special Master Cohen **ORDER RE DEPOSITION OF JOSEPH RANNAZZISI IN WASHINGTON STATE LITIGATION** |

After carefully reviewing the letter briefs and all caselaw cited therein, the undersigned concludes that Plaintiffs' request for the Court to enjoin Defendants' properly-noticed deposition of Joseph Rannazzisi should be **DENIED**.

"Defendants in the Washington Attorney General action [filed in Washington State court] issued the subpoena for Mr. Rannazzisi after the State identified Mr. Rannazzisi on its witness list for trial." Dist. Def. Ltr. Br. at 1 (via email July 22, 2021). The foreign deposition notice was properly domesticated and served on Mr. Rannazzisi in Virginia, where he lives, and Mr. Rannazzisi's personal counsel filed a motion to quash in Virginia State court. After the Virginia State court held a hearing and denied the motion to quash, the PEC filed the instant motion asking this Court to enjoin, or at least limit, the deposition.

The Special Master, like the DOJ, is concerned about exposing Mr. Rannazzisi to multiple, potentially harassing depositions, especially where Defendants have fought to keep their own executives from the same fate. *See* DOJ Ltr. Br. (*via email* July 21, 2021). However, the cases cited by Plaintiffs—where federal courts did or attempted to enjoin state court proceedings in order to protect the federal court's jurisdiction or enforce its orders—are simply not analogous to the

present situation. In those cases, federal courts that issued injunctions against state court proceedings were primarily concerned with: (1) a party's attempt to use a parallel state court proceeding to get a second bite at an issue decided against it in federal court, *see, e.g., Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996); or (2) preventing adjudication of an issue that would undermine efficient resolution of an MDL (generally, that means adversely affect an impending settlement), *see, e.g., In re Life Invs. Ins. Co. of Am.*, 589 F.3d 319, 331 n.11 (6th Cir. 2009) (citing cases). Neither situation is present here. Instead, Defendants have explicitly warranted, both in front of the Virginia State court and in briefing to the Special Master, that they will ***not*** attempt to circumnavigate the MDL Court's rulings, and therefore will ***not*** explore any topics about which they have already inquired in any prior deposition. *See* Dist. Def. Ltr. Br. at Ex. I, C. Eppich Email to R. Cox (June 10, 2021) ("Defendants 'do not seek materials related to Mr. Rannazzisi's expert work that is otherwise not discoverable under the rules.'"); *id*. at 2 (*via email* July 22, 2021) ("Defendants' Washington subpoena does not seek materials protected by this Court's rulings at his MDL deposition.").

It is clear the Virginia State court judge made her decision to allow the deposition based on representations by Defendants that their deposition of Rannazzisi would ***not*** be duplicative. *See id.*, Ex. A, Hearing Tr. (July 9, 2021) at 18:12-14 ("the foreign subpoena is reasonable because it's not duplicative"); *id*. at 19:9-12 (concluding that she would not quash the subpoena "because it's not unreasonable and it's not oppressive"). Further, the Defendants have offered Rannazzisi a workaround to limit some of their requests: Defendants have stated they "'will not pursue Rannazzisi's invoices' if the Plaintiff provides Defendants '(1) the date Mr. Rannazzisi first performed consulting work for the State or its attorneys, and (2) the total amount of compensation

Mr. Rannazzisi has been paid for his work' on that case." Dist. Def. Ltr. Br. at 7 (via email Aug. 2, 2021).

Relying on these representations, the Special Master is confident that Defendants will not violate their ethical duties of candor to this Court and the Virginia and Washington State courts under Federal Rules of Civil Procedure 11 and 26, or the applicable provisions analogous to Ohio Rule of Professional Conduct 3.3. Violations of the duties described in those rules would expose them to possible sanctions in three different courts if they do.

Accordingly, the Special Master will not risk violating the principles of comity and federalism this Court has carefully curated throughout this MDL. Plaintiffs' request for the MDL Court to intervene in a properly noticed and upheld deposition of Joseph Rannazzisi is **DENIED**.

**RESPECTFULLY SUBMITTED,**

     **/s/ David R. Cohen**
**David R. Cohen**
**Special Master**

**Dated: AUGUST 13, 2021**