UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| | ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Special Master Cohen |
| *"Track Three"* | ) ) | |
| | ) ) ) | **RULING RE TRACK THREE DEPOSITION OF JOSEPH RANNAZZISI** |

The dispute before the Special Master is whether a late-noticed deposition of Joseph Rannazzisi by *Track Three* Defendants should be allowed to proceed. The Special Master concludes it should not.

On or about August 5, 2021, counsel representing the Pharmacy Defendants notified the Plaintiffs they intended to serve a subpoena on Rannazzisi for deposition testimony related to his knowledge of dispensing issues for *Track Three*. Plaintiffs immediately objected and raised the issue to the Special Master for a ruling. An informal ruling issued via email on August 9, 2021, after Defendants issued the subpoena. The Special Master disallowed the additional deposition, and Defendants then timely asked the undersigned to formalize that ruling. This is the formal ruling.

Fact discovery for *Track Three* closed nearly five months ago. *See* docket no. 3595 at 2 (setting deadlines of February 26, 2021 to serve third party subpoenas and March 19, 2021 for the close of third-party discovery). Defendants have long known the importance of Rannazzisi as a witness. Nevertheless, Defendants contend they had "no reason to seek an additional deposition" of Rannazzisi until two weeks ago. Email from K. Swift to P. Weinberger (Aug. 6, 2021, 4:20PM).

In support of showing good cause for their untimely notice, Defendants state only that Plaintiffs did not disclose their intent to seek testimony from Rannazzisi *on dispensing issues* – as opposed to distribution issues – until July 30, 2021. *Id.* Defendants also observe Plaintiffs have not requested from the Department of Justice *Touhy* authorization for Rannazzisi to testify regarding dispensing issues.

There is absolutely no question the Pharmacy Defendants know that *Track Three* was specifically ***designed*** to include claims regarding the Pharmacies' *dispensing* practices. Moreover, Defendants have long known that Rannazzisi's DEA job responsibilities included enforcement of CSA-related dispensing duties, and that he would be a witness for Plaintiffs in *Track Three*. There is simply no basis for the Pharmacy Defendants to expect or assume that Rannazzisi's testimony in *Track Three* would (or even might) ***not*** cover dispensing-related issues. Defendants had reason to pursue and could have pursued a deposition of Rannazzisi regarding dispensing issues earlier, even if that would have required their own *Touhy* request.[1]

Furthermore, Rannazzisi has already provided testimony in both *Track One* (via discovery deposition) and *Track Two* (via two-plus days of trial testimony); and recently, the Special Master denied Plaintiffs' request to enjoin a properly-noticed deposition of Rannazzisi in a Washington State court case. There is a wealth of Rannazzisi testimony under oath available to Defendants, and any 'new' dispensing-related subject matter will not be so substantively different that Defendants will be surprised by anything Rannazzisi might say at trial in *Track Three*. Furthermore, Defendants have complained about repeated depositions of their own employees; the same concerns weigh even more strongly against allowing repeated deposition of a third party.

---

[1] Of course, if a *Touhy* request by either Plaintiffs or Defendants was or is denied and not successfully appealed, the issue raised by Defendants becomes moot.

In sum, Defendants' request to depose Rannazzisi comes well after the applicable deadline, and Defendants have not come close to showing good cause for their late request. Accordingly, Plaintiffs' motion to quash the notice for the additional late-noticed deposition of Rannazzisi is **granted**. The Pharmacy Defendants' objection, if they choose to submit one, must be filed on or before 5:00 p.m. ET on August 23, 2021.

**RESPECTFULLY SUBMITTED,**

      /s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: AUGUST 16, 2021**