UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Track Seven, Eight, Nine, Ten, and Eleven Cases* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

## STIPULATED ORDER REGARDING ANSWERING THE MAY 19, 2021 AMENDED COMPLAINTS IN THE FIVE NEW PHARMACY BELLWETHER CASES

WHEREAS, the Parties agreed that: "Due to the length of the complaints and this Court's desire to move these cases forward efficiently, the parties shall meet and confer and propose to the Court a method of answering, which a defendant may choose to employ, that promotes efficiency and avoids needless duplication of answers in this case, earlier cases, and the other four new bellwether cases."

WHEREAS, the Parties' proposed language was included in the Case Management Order entered on June 25, 2021.  ECF No. 3769.

WHEREAS, the Parties met and conferred and reached agreement on a streamlined process for answering Plaintiff Montgomery County's Supplemental and Amended Allegations to be Added to the "Short Form For Supplementing Complaint and Amending Defendants and Jury Demand," which was filed on May 19, 2021 (the "Amended Complaint"), as well as the Supplemental and Amended Allegations in the four other new Pharmacy Bellwethers.

To facilitate moving this case forward efficiently, the Parties submitted this Stipulated Order and agreed that a Defendant may answer in the following manner:

1. Defendants shall answer Montgomery County's Amended Complaint by September 21, 2021, except that any Defendant that files a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) on or before August 13, 2021 shall not be required to answer the Amended Complaint unless and until its Rule 12(b)(2) motion is denied; in that event, that Defendant shall be deemed to have preserved any objection to jurisdiction and to have joined the answer filed by the other entities that are part of the same corporate family as the Defendant.

2. In the four other new bellwether cases, if no motions to dismiss, other than motions to dismiss for lack of personal jurisdiction, are filed, Defendants shall file their answers within 45 days of the deadline for filing such motions. If any such motions to dismiss are filed and subsequently denied, Defendants shall answer within 45 days after denial.

3. Any Defendant that files a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), shall not be required to answer unless and until its Rule 12(b)(2) motion is denied; in that event, that Defendant shall be deemed to have preserved any objection to jurisdiction and to have joined the answer filed by the other entities that are part of the same corporate family as the Defendant.

4. Defendants shall only be required to answer the allegations set forth in the Amended Complaint and shall have no obligation to answer any prior complaints and pleadings incorporated by reference into the Amended Complaint. By not answering such prior complaints and pleadings, Defendants do not admit any of the allegations in those prior complaints or pleadings and reserve all defenses to the claims and allegations of the prior complaints or pleadings. The Parties stipulate and agree that Defendants' failure to answer any prior complaint or pleading in responding to the allegations of the Amended Complaint shall not be construed as

an admission of any allegation in those prior complaints or pleadings and shall not be a basis for a default judgment with respect to any claims asserted in those prior complaints or pleadings.

5. A Defendant has no obligation to answer any allegation or paragraph directed solely to other Defendants and may so state in its Answer.

6. A Defendant may include in its Answer a general statement to the effect that all allegations in the Amended Complaint that Defendant does not specifically admit, in whole or part, shall be denied. A Defendant may identify by paragraph number the paragraphs that it denies in their entirety. For example, a Defendant could state that it denies paragraphs 1-10, 40, and 50-200 in their entirety.

7. Similarly, a Defendant may identify by paragraph number the paragraphs that it admits in their entirety. For example, a Defendant could state that it admits paragraphs 1-10, 40, and 50-200 in their entirety.

8. To the extent that a Defendant does not admit or deny the allegations contained in a paragraph in their entirety, the Defendant shall respond to that paragraph separately to specifically identify the allegations that are admitted, in whole or part, and those allegations that are denied.

9. Defendants may include, at the start of their Answers, a statement that, to the extent that a Plaintiff cites to, quotes from, or paraphrases a document, the document speaks for itself.

10. If they desire to do so, Defendants may make a jury demand.

11. Defendants shall state their affirmative defenses to the claim(s) expressly asserted in the Amended Complaint.

12. The parties agree that Defendants, by entering into this Stipulation, do not waive any defenses to Plaintiffs' claims, including jurisdictional defenses.

**SO ORDERED**

Dated: August 17, 2021

/s/ Dan A. Polster
The Honorable Dan A. Polster

4