# UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br><br>*Track Three Cases* | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

# DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
# *DAUBERT* MOTION TO EXCLUDE
# THE OPINIONS OFFERED BY CALEB ALEXANDER

## TABLE OF AUTHORITIES

**Cases**

*Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244 (6th Cir. 2001) .................................................. 2

**Rules**

F.R.E. 702(a) ................................................................................................................................... 1

F.R.E. 702(d) ................................................................................................................................... 2

Track 3 Plaintiffs retained Caleb Alexander, a practicing general internist and Professor of Epidemiology and Medicine, "to discuss ways to abate or reduce the harms caused by the opioid epidemic." Alexander's reported opinions are indeed primarily about abatement, and yet Plaintiffs listed Alexander as a Phase One witness. Phase One, of course, has only to do with the question of liability. *See* Doc. 3579 at *2-4. Issues related to abatement will be relevant, if ever, only in the event there is a Phase Two. *See id.* at *4. Therefore, the Court should exclude all of Alexander's abatement opinions from the Phase One trial as irrelevant.[1] *See id.* at *5 (holding "presentation of evidence during the two phases of trial will be limited accordingly"); F.R.E. 702(a) ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.").

Alexander also reported, "In addition to the Redress Models, I was asked to review the literature on certain potential indicators of high-risk opioid distribution and describe their evidence base. See Appendix F." Rep. at 6. Alexander admits that the list of indicators in Appendix F were derived from the opinions of another of Plaintiffs' experts, Carmen Catizone. Tr. at 141:8-13, 143:1-144:7.

Alexander also admits that his discussion of the indicators in Appendix F, standing alone, has no direct relevance to the issues in Track 3, as he has not in any way attempted to apply them to Defendants. Instead, to the extent anyone has made any effort to connect the Appendix F indicators to the facts of this case, that was done by Catizone or other experts. Tr. at 122:15-18

---

[1] Defendants reserve the right to move to exclude Alexander's abatement opinions on other grounds in accord with *Daubert* deadlines set in advance of the abatement phase, if any.

("But my development of that appendix did not require me to evaluate the specific actions of pharmacies to date. And I would leave it to Mr. Catizone or other experts to do so."), 156:1-10 ("Q. Did you study, in relation to Appendix F, and what you've placed in your – the contents of Appendix F, did you study the specific actions of any of the defendant pharmacies and their pharmacists related to Appendix F? A. Well, I reviewed Mr. Catizone's report, and I believe he does so. But the development of my Appendix F did not require me or wasn't predicated on having studied the specific actions of defendants in this case."); *see also* id. at 156:15-157:12, 170:18-171:1, 174:14-176:9.

Defendants have moved to exclude Catizone's opinions and testimony. If the Court grants that motion, even in part, it also should exclude Alexander's related opinions as reported in Appendix F. Without a connection to Defendants, his opinions are irrelevant and would not assist the jury. *See* F.R.E. 702(d) (providing expert testimony is only admissible if "the expert has reliably applied the principles and methods to the facts of the case"); *see also Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250-54 (6th Cir. 2001) (excluding expert opinion on possible causes of plaintiffs' harm because the expert's opinions left too many unaddressed gaps in the proposed causation chain).

For these reasons, the Court should exclude Alexander's abatement opinions as irrelevant in this phase and exclude his Appendix F indicators opinions as irrelevant and unhelpful to the extent it also excludes Catizone's related opinions.

Dated: July 23, 2021          Respectfully submitted,

                                                */s/ Scott D. Livingston*
                                                Robert M. Barnes
                                                Scott D. Livingston
                                                Joshua A. Kobrin
                                                MARCUS & SHAPIRA LLP
                                                35th Floor, One Oxford Centre 301 Grant Street

Pittsburgh, PA 15219
Phone: (412) 471-3490
Email: rbarnes@marcus-shapira.com
Email: livingston@marcus-shapira.com
Email: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle and HBC Service Company*

*/s/ Tara A. Fumerton* (consent)
Tara A. Fumerton
Tina M. Tabacchi
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

*/s/ Alexandra W. Miller* (consent)
Alexandra W. Miller
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: smiller@zuckerman.com
E-mail: edelinsky@zuckerman.com

*Attorneys for CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS Pharmacy, Inc., CVS TN Distribution, L.L.C., and Ohio CVS Stores, L.L.C.*

*/s/ Kelly A. Moore* (consent)
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001

3

E-mail: kelly.moore@morganlewis.com

*/s/ Elisa P. McEnroe* (consent)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Email: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center and Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center*

*/s/ Kaspar J. Stoffelmayr* (consent)
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, Illinois 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: brian.swanson@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com
E-mail: sharon.desh@bartlitbeck.com
E-mail: sten.jernudd@bartlitbeck.com

*/s/ Alex J. Harris* (consent)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado  80202
Phone: (303) 592-3100
Fax: (303) 592-3140
E-mail: alex.harris@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Inc., Walgreen Co. and Walgreen Eastern Co., Inc.*

4

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on July 23, 2021.

<i>/s/ Scott D. Livingston</i>