# ATTACHMENT 1

*In re National Prescription Opiate Litigation: MDL 2804 Track Three*

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OFFERED BY DR. G. CALEB ALEXANDER

**Summary Sheet of Concise Issues Raised**

**Motion**: Defendants' *Daubert* Motion to Exclude the Opinions Offered by Caleb Alexander (Dkt # 3805)

**Concise Description of the Issues:**

This Court should not exclude the opinions of Dr. Caleb Alexander from Phase One of the Track Three trial because Dr. Alexander's opinions are not limited to the subject of abatement. Plaintiffs may call Dr. Alexander to testify as to the existence and impact of an opioid epidemic nationally and in Lake and Trumbull Counties. Plaintiffs may also call Dr. Alexander to testify about the scientific literature on potential indicators of high-risk opioid distribution and the role that pharmacies and pharmacists play in addressing the opioid epidemic. As a pharmacoepidemiologist, Dr. Alexander is qualified to offer opinions on these topics, which are encompassed by his expert report and are relevant to Phase One of the trial. Nor are these opinions dependent on the testimony of Carmen Catizone.

Although Dr. Alexander's report also addresses issues pertaining to abatement/remedies, Plaintiffs do not intend to offer this testimony at Phase One of the trial. Nonetheless, for the reasons set forth in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Exclude Expert Testimony Purporting to Relate to Abatement Costs and Efforts (Dkt No. 2175) and in this Court's order dated August 26, 2019 (Dkt No. 2519), this testimony is relevant, reliable, and admissible at the appropriate time and should not be excluded under Rule 702.