# Attachment 1

## *In re National Prescription Opiate Litigation: MDL 2804 Track Three*

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF CRAIG MCCANN

#### SUMMARY SHEET OF CONCISE ISSUES RAISED

**Motion**: Defendants' Motion to Exclude the Opinions and Testimony of Craig McCann

**Concise Description of the Issues:**

Dr. Craig McCann's opinions and testimony with respect to distribution are admissible for the same reasons this Court found them to be admissible in CT1. This Court should adhere to its prior decision because the record and circumstances are sufficiently similar to those in CT1 that no different result is warranted.

Dr. McCann's opinions and testimony with respect to dispensing are also reliable and admissible. Dr. McCann provides computations that demonstrate the results of applying certain red-flag algorithms to the Defendants' data. That Dr. McCann is a sophisticated "human calculator" – that is, that he is able to apply complicated algorithms to a dataset – demonstrates why his opinions are reliable (because they are grounded in universally-accepted mathematical techniques), relevant (because they demonstrate the results of applying certain red-flag metrics to Defendants' actual dispensing), and helpful to the factfinder (because the computations, while simply reflecting math, are complex and not within the ability of laypersons to perform). Dr. McCann's opinions do not depend on those of Carmen Catizone because several of the red-flag methodologies that Dr. McCann applied are those identified by the Defendants themselves, not Mr. Catizone. To the extent that Dr. McCann does apply metrics identified by Mr. Catizone, his reliance on Mr. Catizone is appropriate and in no way undermines the admissibility of his computations.

Dr. McCann's identification of a set of 884,000 prescriptions (the "Test Set") flagged by at least one of the 16 red flag computations disclosed in the April 2021 expert reports *and* at least one of the 27 red flag computations first disclosed in June 2020 is admissible. Dr. McCann applied no new or different methodology to identify the Test Set. Rather, the Test Set represents a summary or compilation, the results of comparing two sets of data (the prescriptions flagged by the first 16 algorithms and the prescriptions flagged by the remaining 27 algorithms) and identifying those that appear on both lists. The use of the Test Set has already been approved by the Court. Indeed, it was one of the options identified by the Defendants themselves to address their concerns about the number of algorithms identified in the April 2021 reports. Thus, Dr. McCann is not opining on the appropriateness of the selection of the Test Set; he is simply compiling the list of prescriptions that meet the criteria ordered by the Court. Any further question about the appropriate universe of prescriptions to consider goes to the weight, not the admissibility, of Dr. McCann's testimony.