# ATTACHMENT 1

*In re National Prescription Opiate Litigation: MDL 2804 Track Three*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO PHARMACY DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF DANIEL C. MALONE**

**SUMMARY SHEET OF CONCISE ISSUES RAISED**

**Motion**:  Defendants' Motion to Exclude the Opinions and Testimony of Daniel C. Malone (Dkt #3857)

**Concise Description of the Issues:**

Defendants' motion to exclude the opinions of Daniel C. Malone, M.S., Ph.D., FACMP, should be denied. Prof. Malone offers opinions about the data available to chain pharmacies and the feasibility of using that data to improve the safety of opioid prescribing. Prof. Malone has the requisite expertise and experience to offer these background opinions.

Prof. Malone is a professor of pharmacotherapy whose research career over more than 25 years has focused on improving medication and patient safety. In particular, Prof. Malone has conducted research, and published peer-reviewed articles, on the use of machine learning to predict problematic opioid use. He has significant experience using data from pharmacies, pharmacy administrative claims data, prescriber DEA registration files, electronic health record data, and various healthcare databases including data from insurance companies and various payers such as Medicare, Department of Veterans Affairs; and Medicaid; and has developed algorithms and written computer code to identify medication-related safety issues, especially as it relates to drug-drug interactions. He has devoted a substantial portion of his academic career to understanding and analyzing what information is available to pharmacies and how pharmacies can use that information to improve patient safety and detect problematic prescriptions.

Defendants claim that Prof. Malone's opinions are not supported by a reliable methodology and that he can point to no real world examples of what he says it is possible for pharmacy chains to do. Neither of these is true. For background opinions of the kind offered by Prof. Malone, the primary assurance of reliability comes from the expert's own training and experience. Courts applying the *Daubert* standard routinely recognize that no special methodology is required for an expert to educate the factfinder on the basics of his or her own field of study. Nor is it the case that Prof. Malone cites no examples. In his report, Prof. Malone cites and discusses an article published by CVS describing how pharmacy chains can use data available to them to detect problematic opioid prescriptions. As he testified at his deposition, his professional research has involved collaboration with CVS and Walgreens and using the data available within their systems. At his deposition, Prof. Malone identified the additional example of Defendant Rite Aid using this kind of data to provide alerts to its pharmacists for other (non-opioid related) patient safety issues. Based on his experience with the pharmacy industry in general, his experience with CVS and Walgreens, and his review of case-specific documents, Prof. Malone can reliably testify about the feasibility of Defendants' using the data available to them to alert their pharmacists about potentially inappropriate opioid prescriptions.