*In re National Prescription Opiate Litigation: MDL 2804 Track Three*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO PHARMACY DEFENDANTS' MOTION TO EXCLUDE CARMEN CATIZONE**

**SUMMARY SHEET OF CONCISE ISSUES RAISED**

**Motion**: Pharmacy Defendants' Motion to Exclude Carmen Catizone (Dkt. 3800).

**Concise Description of the Issues:**

The "red-flag" analysis performed by Carmen Catizone is reliable and admissible. Mr. Catizone is one of the foremost authorities on the practice and regulation of pharmacies, with more than thirty years' experience in pharmacy regulation, including work with state boards of pharmacy to develop, implement, and enforce uniform standards of pharmacy practice to protect public health and safety. He has been at the forefront of work with the National Association of Boards of Pharmacy ("NABP") to understand the impact of pharmacy practice on the opioid epidemic, and to develop a consensus set of "red flag" warning signs for pharmacists to apply in dispensing opioids.

Far from being arbitrary, Mr. Catizone's red-flag analysis is grounded in the uniform standards he has been involved in developing. To the extent those standards call for the application of judgment in applying them, Mr. Catizone has the requisite experience to exercise that judgment. Moreover, with respect to the only metric that Defendants actually challenge as "arbitrary," Mr. Catizone's judgment is consistent with that of the DEA and of CVS. Nor are Defendants correct that Mr. Catizone's analysis has a high rate of error. That a suspicious prescription sometimes has an innocuous explanation does not mean it was not suspicious; and a red flag is not rendered "erroneous" merely because it is resolved by due diligence.

Given the sheer volume of red-flag prescriptions sold by defendants in Ohio, there is no basis to exclude Mr. Catizone's opinion that Defendants' failure to guard against diversion had serious impact on public health. Mr. Catizone's whole career has been concerned with how pharmacy practice impacts public health. As he explains, the high risk of opioid diversion is the very reason pharmacists have red flag obligations to begin with; when they breach those obligations on the scale that occurred here, the risks materialize. This Court has already upheld Plaintiffs' use of aggregate proof with respect to diversion. Mr. Catizone need not identify individual prescriptions that were diverted in order to provide reliable testimony about the aggregate effect of Defendants' conduct. Moreover, Mr. Catizone's specialized experience provides the requisite foundation for his opinions about causation. The heart of his work at NABP included identifying when opioid dispensing or distribution practices were likely to harm the public. His opinions on that very subject are both reliable and admissible.