# Exhibit A

*In re National Prescription Opiate Litigation: MDL 2804-Track Three*
*Summary Sheet of Concise Issues Raised*

**Response:** Plaintiffs' Response in Opposition to Defendants HBC Service Company and Giant Eagle, Inc.'s Motion for Summary Judgment, and, Alternatively, Plaintiffs' Showing Pursuant to Federal Rule of Civil Procedure 56(d) and Brief in Support, filed by Plaintiffs Lake and Trumbull Counties.

**Concise Description of the Issue:** Should this Court deny the GE Defendants' Motion for Summary Judgment on Plaintiffs' claims for absolute public nuisance in its entirety and/or defer consideration of the Motion as it relates to Giant Eagle's dispensing conduct until the notes field discovery has been completed?

**Answer:** Yes, the Court should deny the Motion in its entirety. Alternatively, the Court should defer ruling on the portion of the Motion dealing with Plaintiffs' dispensing-based claims until Giant Eagle's notes field production is complete and Plaintiffs' experts have provided supplemental opinions.

- The GE Defendants are not entitled to "safe harbor" immunity from liability. There are triable issues of fact as to whether they fully complied with their statutory and regulatory obligations when (i) distributing opioids from their HBC and GERX distribution centers, and (ii) dispensing opioids, or whether their conduct was unlawful.

- The DEA's and Ohio BOP's inspections and inaction do not establish the GE Defendants' conduct was lawful and any reliance on those inspections or that inaction by the GE Defendants is unreasonable. The inspections were limited in scope and the GE Defendants had fair notice of their statutory and regulatory obligations and that they were not complying with same.

- There are also triable issues of fact as to whether the GE Defendants' distribution and dispensing conduct caused a public nuisance in Lake and Trumbull Counties.

- Alternatively, any ruling regarding Giant Eagle's dispensing conduct should be deferred pursuant to FCRP 56(d) until the notes field discovery (and consequent supplementation of Plaintiffs' expert reports) is complete.

**Previous Briefing and Opinions:** CT1 Ps' M for Partial SJ re: CSA Compliance [Dkt. #3015-1]; HBC MSJ [Dkt. #1912-1]; CT1 Ps' Opp. to HBC MSJ [Dkt. #3009-1]; CT1 Ps' Opp. to Ds' Causation MSJs [Dkt. #3002-1]; CT1 Ps' Reply to M for Partial SJ on CSA [Dkt. #3017-1]; CSA MSJ Order [Dkt. #2483]; Rafalski Daubert Order [Dkt #2494]; Causation MSJ Order [Dkt #2561]; *De Minimis* MSJ Order [Dkt. #2559]; CT1 Ps' MILs [Dkt. #2652]; HBC MSJ Order [Dkt. #3101]; Cleveland Bakers MTD Order [Dkt. #3177]; CT3 Ps' Opp. to MTDs [Dkt. #3366]; CT3 MTD Order [Dkt. #3403]; CT3 Ps' Opp. to Reconsideration M [Dkt. #3456]; Order Denying Reconsideration [Dkt. #3499]; Apportionment Order [Dkt. #3579]; Amended Red Flag Order [Dkt. #3726]; Second Revised CT3 CMO [Dkt. #3735].