# EXHIBIT 1

# Ruiz, Anthony

| | |
|---|---|
| **From:** | Peter H. Weinberger <PWeinberger@spanglaw.com> |
| **Sent:** | Friday, July 30, 2021 4:29 PM |
| **To:** | Ruiz, Anthony |
| **Cc:** | Mark Lanier; melsner@motleyrice.com |
| **Subject:** | RE: MDL 2804 - T3 - Rannazzisi |

**EXTERNAL**

Anthony -

During our call yesterday, you asked me a number of questions on behalf of the pharmacy defendants regarding the scope of Joe Rannazzisi's live testimony in the CT 3 trial. You asked me to confirm certain issues. Rather than focus on one or two issues, and in the interest of being transparent, I thought it would be helpful to provide the topics for which we will seek a Touhy authorization for Joseph Rannazzisi's testimony in the CT 3 trial. They are:

1. His personal employment history with the DEA.

2. His general duties in various positions held in DEA.

3. His personal recollection of communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74, including the letters he authored in 2006 and 2007.

4. His personal recollection regarding interactions with manufacturers, distributors, and dispensers of opioids during his tenure at the Office of Diversion Control.

5. His personal recollection regarding DEA's practices and procedures relating to ARCOS data and suspicious order reports.

6. His personal recollection of requests that DEA may have received from registrants for de-identified ARCOS data and any responses by DEA thereto.

7. His role within DEA in establishing procurement and manufacturing quotas for opioid medications.

8. Any information regarding the non-privileged documents obtained in the course of your DEA employment that he retained at the time of his departure.

9. His personal understanding of DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823; and 21 C.F.R. §§ 1304.22; 1301.71(a); 1301.74; and 1306.04(a) as well as his personal understanding of DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders to the extent covered by the foregoing specific topics.

10. His personal recollection of communications with DEA registrants about 21 U.S.C. § 823; and 21 C.F.R. §§ 1304.22; 1301.71(a); 1301.74; and 1306.04(a) and the dispensing of opioids.

11. His personal recollection of guidance documents provided to pharmacies and pharmacists related to proper dispensing of prescription opioids and/or red flags indicative of potential diversion.

12. His personal recollection of meetings and communications with the National Retail Pharmacies related to the diversion of prescription opioids.

13. His personal recollection of publicly disclosed information related to administrative actions taken against the National Retail Pharmacies or individual pharmacies or pharmacists related to the dispensing of controlled substances under the CSA and the diversion of prescription opioids.

14. His personal recollection of meetings and communications with trade organizations such as the National Association of Chain Retail Drug Stores and the National Association of Board of Pharmacies related to the dispensing of controlled substances under the CSA and the diversion of prescription opioids.

I can confirm that we do not intend to ask Mr. Rannazzisi any questions specific to the CT 3 pharmacy stores or with respect to due diligence notes generated from those stores.

Pete.

---

**From:** Peter H. Weinberger
**Sent:** Wednesday, July 28, 2021 1:03 PM
**To:** Ruiz, Anthony <ARuiz@zuckerman.com>
**Subject:** RE: MDL 2804 - T3 - Rannazzisi

Tomorrow works during that time slot.

---

**From:** Ruiz, Anthony <ARuiz@zuckerman.com>
**Sent:** Wednesday, July 28, 2021 12:53 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Subject:** MDL 2804 - T3 - Rannazzisi

Pete,

I'm reaching out to find a time to meet and confer regarding Rannazzisi's testimony in the Track Three trial, based on the emails between you, Mark, and Eric earlier this week. I'm available this afternoon between 3:00-5:00pm ET or tomorrow between 1:00-3:00pm ET. If there is a time that works in that window, let me know and I can send an invite.

Thanks,
Anthony



**Anthony Ruiz**
Zuckerman Spaeder LLP
ARuiz@zuckerman.com

1800 M STREET NW, SUITE 1000 • WASHINGTON, DC 20036-5807
202.778.1823 direct • 202.822.8106 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.