UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL CASES* | **MDL 2804**<br>**Case No. 1:17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**[PROPOSED] ORDER OF COURT**

WHEREAS, Defendants CVS Rx Services, Inc., CVS Indiana, L.L.C., CVS TN Distribution, L.L.C., CVS Pharmacy, Inc., and Ohio CVS Stores, L.L.C. (together, "CVS") have designated certain communications and documents as privileged (the "CVS Documents");

WHEREAS, the Plaintiffs' Executive Committee in MDL 2804 (the "PEC") has challenged CVS's privilege designations over certain of the CVS Documents;

WHEREAS, the PEC and CVS have reached an agreement concerning CVS's privilege claims over the CVS Documents and the PEC's challenges to same;

WHEREAS, the PEC and CVS seek to memorialize their agreement, to have the Court accept the agreement, and to have the Court adopt it as an Order of the Court in order to avoid any misunderstanding, to protect CVS and their affiliates against any future privilege challenges in this or any other litigation to the CVS Documents that are privileged in whole or in part under this Order, and to protect the PEC against any future claim in this or any other litigation regarding whether any other party's or non-party's documents are privileged.

NOW THEREFORE, in consideration of the foregoing, the Court hereby orders as follows:

1. CVS shall withdraw its claims of privilege over the CVS Documents identified in Exhibit A. CVS shall produce these documents without any privilege redactions.

2. CVS shall partially withdraw their claims of privilege over the CVS Documents identified in Exhibit B. CVS shall produce these documents with privilege redactions. The PEC shall withdraw its challenges to the privilege redactions in these documents after receipt of the produced versions.  However, if the PEC identifies a redaction that the PEC, in good faith, believes to be overbroad, it shall notify CVS and the parties will address the issue. If the parties cannot resolve the issue, they will submit same to the Special Master for determination.

3. The PEC shall withdraw its privilege challenges to the CVS Documents identified in Exhibit C. CVS will continue to withhold these documents as privileged.

4. CVS's withdrawal of their claims of privilege with respect to any CVS Documents addressed in this Order shall not constitute, nor shall it result in, a waiver of CVS's (or any of their affiliates') right to assert, designate, or maintain as privileged any other communications or documents in this or any other litigation.

5. The PEC's withdrawal of its privilege challenges with respect to any CVS Documents addressed in this Order shall not constitute, nor shall it result in, a waiver of the PEC's right to bring or maintain a challenge to any other CVS documents not covered by this or any similar prior order, or to any other party's or non-party's privilege designations.

6. This Order is limited to the CVS Documents, shall not apply to any other communications or documents, and shall have no precedential effect. It shall not be used or relied upon by the PEC, CVS, or any other party or non-party to assert that any other communications or documents are privileged or are not privileged.

**IT IS SO ORDERED.**

_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE