UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION, <br><br> THIS DOCUMENT RELATES TO: <br><br> *"Track Three Cases"* | MDL 2804 <br><br> Case No. 1:17-md-2804 <br><br> Judge Dan Aaron Polster |

### PLAINTIFFS' OPPOSITION TO CERTAIN PHARMACY DEFENDANTS' OBJECTION TO THE SPECIAL MASTER'S RULING RE: THE TRACK THREE DEPOSITION OF JOSEPH RANNAZZISI

Plaintiffs oppose certain Pharmacy Defendants' attempt to circumvent the deadlines in the CMO and seek eleventh hour discovery from a senior DEA official more than five months after the close of fact discovery without good cause.[1]

Defendants have known since the inception of CT3, and indeed since CT1, that Mr. Rannazzisi was a relevant witness to dispensing issues and that Plaintiffs could – and likely would – call Mr. Rannazzisi as a live trial witness at an MDL trial in the Northern District of Ohio. Plaintiffs' disclosures regarding Mr. Rannazzisi in CT3 were timely and appropriate and do not give rise to good cause for late discovery. Defendants sought dispensing related deposition testimony from other DEA senior officials within the CT3 fact discovery period but chose not to

---

[1] CVS's counsel, Mr. Ruiz, first reached out to plaintiffs in late July 2021 seeking details regarding the scope of Mr. Rannazzisi's trial testimony in CT3. Plaintiffs responded in a phone call and later in an email from Mr. Weinberger on July 30, 2021. CVS has not joined in the objection filed by the other Pharmacy Defendants, including Rite Aid, whose case is now severed.

1

timely seek Mr. Rannazzisi's. Defendants should not now, on the eve of trial, be permitted to take an untimely discovery deposition that could have been taken long ago. Special Master Cohen's well-reasoned Order quashing the CT3 deposition (Dkt. # 3851) should be affirmed.

**I.     Late Fact Discovery in Contravention of the CMO May Only be Permitted Upon a Showing of Good Cause, which Defendants Have Failed to Demonstrate.**

The close of third-party fact discovery pursuant to the CT3 CMO was March 19, 2021. Dkt. # 3595. Because Pharmacy Defendants did not request Mr. Rannazzisi's deposition until after the deadline set by the Court's scheduling order, the Court's discretion to allow the discovery is limited by Civil Rule 16(b). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). That rule provides that "the district judge . . . must issue a scheduling order" that itself "must limit the time[,]" among other things, in which the parties must "complete discovery" in the case. Fed. R. Civ. P. 16(b)(1), (3)(A). The Court may only permit discovery in contravention of the fact discovery deadline if Defendants show "good cause" for their failure to seek the discovery before the deadline. *See* Fed. R. Civ. P. 16(b)(4); *see also, e.g.*, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("the application of Rule 16(b)'s good-cause standard is not optional.").

Here, despite Plaintiffs' numerous and timely disclosures listing Mr. Rannazzisi as a relevant witness, Defendants chose not to seek a deposition of Mr. Rannazzisi in CT3 until the eve of trial – more than five months after the close of fact discovery, in contravention of the CT3 CMO. One cannot overlook the irony of the Pharmacy Defendants' disregard for CMO deadlines here when, just over a year ago, these same Defendants challenged this Court's decision to allow the CT1B Plaintiffs to amend their complaint after the CMO deadline and, on that basis, obtained a writ of mandamus striking the predecessor CT1B dispensing claims from that case track. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020).

Defendants' failure to timely seek Mr. Rannazzisi's deposition was not an inadvertent omission.[2] As discussed below, Pharmacy Defendants affirmatively pursued and took the depositions of numerous DEA witnesses, including Mr. Rannazzisi's successor at the DEA Office of Diversion Control, well within the confines of the applicable fact discovery period, but chose not to seek Mr. Rannazzisi's.

Plaintiffs had no obligation to ever seek to depose Mr. Rannazzisi on dispensing issues or to seek *Touhy* authorization for his dispensing testimony at trial any earlier than Plaintiffs have done.[3]  Having long disclosed Mr. Rannazzisi as a witness relevant to dispensing – a fact already well known to Pharmacy Defendants – Plaintiffs had no further obligation to Pharmacy Defendants. Defendants were on notice of Mr. Rannazzisi's potential to testify about dispensing issues at trial. Plaintiffs' *Touhy* request for trial testimony was timely issued and, as discussed below, in accordance with the timing of the same kind of request in CT1.

## II. Defendants Cannot Show Good Cause for Obtaining a Late Discovery Deposition of Mr. Rannazzisi in Contravention of the CMO.

Pharmacy Defendants have not established good cause for obtaining a discovery deposition of Mr. Rannazzisi five months after the close of fact discovery and on the eve of trial, in contravention of CMO deadlines, nor can they.

---

[2] This failure stands in contrast, for example, to Defendants' inadvertent omission of three intended witnesses on their witness disclosure, or Plaintiffs' inadvertent failure to serve the deposition designations for a long disclosed and intended trial witness. Each of these exemplar inadvertent omissions occurred in preparation for this CT3 trial, and, as soon as the omissions were discovered, the parties sought to correct them and substantially no prejudice ensued. While Plaintiffs did not object to Defendants' late addition of three new witnesses to their witness list, Walgreens has thus far refused to consent to Plaintiffs' service of deposition designations for the Joseph Kneller, the head of Walgreens's primary CT3 distribution center who was included on Plaintiffs' 50 "Most Likely to Call" fact witness list as well as Walgreens's list of "Additional Fact Witnesses Likely to be Called at Trial."

[3] Indeed, Pharmacy Defendants have taken the position in writing that *Touhy* authorization is not even required for testimony by former DEA employees.  *See* Exh. 1 (CT3 Ashley and Milione *Touhy* Deposition Request, Nov. 11, 2020).

3

### a. Pharmacy Defendants Were on Notice of Mr. Rannazzisi's Relevance as a Dispensing Witness.

Pharmacy Defendants cannot credibly claim not to have known Mr. Rannazzisi could testify at trial regarding dispensing issues. Mr. Rannazzisi is a pharmacist, and he was involved in DEA investigations of Defendants' dispensing practices which have been the subject of other deposition testimony in Track 3. As Special Master Cohen stated in the formalized Order denying Defendants' request to take a late deposition of Mr. Rannazzisi:

> There is absolutely no question the Pharmacy Defendants know that *Track Three* was specifically ***designed*** to include claims regarding the Pharmacies' *dispensing* practices. Moreover, Defendants have long known that Rannazzisi's DEA job responsibilities included enforcement of CSA-related dispensing duties, and that he would be a witness for Plaintiffs in *Track Three*. There is simply no basis for the Pharmacy Defendants to expect or assume that Rannazzisi's testimony in *Track Three* would (or even might) ***not*** cover dispensing-related issues.

Dkt. # 3851 at 2.

To that end, Plaintiffs have disclosed Mr. Rannazzisi as a dispensing witness since the very beginning of the CT3 litigation. Plaintiffs' May 16, 2020 Amended Complaint repeatedly cites Mr. Rannazzisi's declaration in the *Holiday CVS, L.L.C. v. Holder* litigation on dispensing red flags and a pharmacy's corresponding responsibility to ensure proper dispensing under the CSA. *See, e.g.*, Dkt. # 3295 (Lake County Amended Complaint) at pp. 38 and 57. Plaintiffs' July 9, 2020 interrogatory responses specifically disclose Mr. Rannazzisi as having provided "information about alleged diversion…by a pharmacy." Exh. 2 (Plaintiffs' Responses to Defendants Interrogatories, No. 16) at pp. 30-31. Plaintiffs have further disclosed Mr. Rannazzisi as a key witness to Plaintiffs' case on each of Plaintiffs' affirmative witness disclosures, including:

- o Plaintiffs' disclosure of persons with knowledge (October 30, 2020) (Exh. 3);
- o Plaintiffs' Witness List (June 15, 2021) (Exh. 4);
- o Plaintiffs' 50 fact witnesses most likely to call at trial (June 24, 2021) (Exh. 5); and

- o   Plaintiffs' Final Witness List (July 26, 2021), final witness list (Dkt. # 3809).

Of note, Mr. Rannazzisi has *also* been listed on *Pharmacy Defendants'* CT3 affirmative witness disclosures:

- o   Defendants' disclosures of persons with knowledge (October 30, 2020) (*see, e.g.,* Walgreens's Disclosure at Exhibit C (Exh. 6) and CVS's Disclosure at Exhibit A (Exh. 7));
- o   Pharmacy Defendants' Witness List (June 17, 2021) (Exh. 8);
- o   Pharmacy Defendants' Additional Fact Witnesses Likely to Be Called at Trial (July 1, 2021) (Exh. 9); and
- o   Pharmacy Defendants' Joint Final Witness List (July 26, 2021) (Dkt. # 3808-1).

As demonstrated by the very premise of the CT3 litigation and the parties' respective disclosures, Mr. Rannazzisi's relevance as a dispensing witness in the CT3 trial is of no surprise to Defendants.

### b. Pharmacy Defendants' Deliberate Disparate Treatment of Demetra Ashley and Mr. Rannazzisi Exposes the Hypocrisy of their Position.

Pharmacy Defendants fail to mention that, with respect to *other* DEA Office of Diversion Control witnesses, they *did* timely seek dispensing related depositions, but chose not to timely seek a dispensing related deposition of Mr. Rannazzisi.

Ms. Demetra Ashley was one of Mr. Rannazzisi's immediate successors at the DEA Office of Diversion Control. *See* Dkt. # 1956-7 at 22. Both Mr. Rannazzisi and Ms. Demetra Ashley were deposed in the MDL in 2019 pursuant to *Touhy* authorizations sought by the Defendants. *See* Exh. 10 (CT1 DEA *Touhy* Response re: Ashley, Rannazzisi, and Wright, 12/10/2018).

On November 11, 2020, well within the fact discovery period for CT3, Pharmacy Defendants sought DOJ permission to take an additional deposition of Ms. Ashley as well as

5

another successor of Mr. Rannazzisi from the DEA Office of Diversion Control on dispensing issues but chose *not* to include Mr. Rannazzisi in their re-deposition request. *See* Exh. 1 (CT3 Ashley and Milione *Touhy* Deposition Request, Nov. 11, 2020). As bases for their re-deposition request, Defendants stated:

> The plaintiffs in this case … claim *inter alia* that Pharmacy Defendants violated duties arising under the Controlled Substances Act in dispensing controlled substances. Plaintiffs' allegations span a broad timeframe throughout which these DEA personnel developed specialized knowledge of DEA policies, practices and procedure. Thus, Pharmacy Defendants believe each fact-witness possesses particularized knowledge about DEA communications, policies, practices, procedures, and other topics necessary to the case.

*Id.* at 2.

Of course, the exact same statements are true of Mr. Rannazzisi as Ms. Ashley's immediate predecessor and yet Defendants chose *not* to seek Mr. Rannazzisi's deposition on dispensing issues at that time. If Defendants were on notice within the discovery period that Mr. Rannazzisi's immediate successors at the DEA Office of Diversion Control were relevant dispensing witnesses, they were certainly on notice that Mr. Rannazzisi was as well. Indeed, during each of Mr. Rannazzisi's two 2019 depositions, Mr. Rannazzisi provided some testimony regarding pharmacists' corresponding responsibility, dispensing red flags, and chain pharmacies, and was questioned by counsel for Walmart.[4] *See* Dkt. # 1969-20 (Rannazzisi Dep., 04/26/2019, at, *e.g.*,

---

[4] Defendants' arguments that Mr. Rannazzisi's CT3 trial testimony should be limited to the scope of his prior deposition testimony, in the same manner as his trial testimony was limited in the New York and CT2 litigation, are inapposite. There were no dispensing claims at issue in either case when the limiting orders were issued. While Walgreens was a defendant in the New York litigation, Plaintiffs' dispensing claims were dismissed from that case on April 9, 2020 (*see In re Opioid Litigation*, Index No. 400000/2017, Decision and Order on Pharmacy Defendants' Motions for Summary Judgment, dismissing dispensing claims under New York law for failure to establish "vicarious liability."). The order limiting Mr. Rannazzisi's testimony in New York was issued on May 7, 2020, nearly a month later, at which time no dispensing claims remained in the case. *See* Def. Mot. at Exh. 6.

5, 10, 131, 196, 212-216); Dkt # 1969-21 (Rannazzisi Dep., 05/15/2019, at *e.g.* 373, 395-396, 446, 450, 610-631).[5]

In fact, throughout an extended meet and confer process with the Department of Justice and Special Master Cohen over these (and other non-Rannazzisi) DEA depositions sought by Pharmacy Defendants, Defendants argued that they should be entitled to conduct fact witness deposition of Mr. Rannazzisi's successors *because* Plaintiffs would be calling Mr. Rannazzisi as a fact witness to testify at trial. *See,* Exh. 11 (Declaration of Mike Elsner, 08/30/2021). Ultimately, Defendants agreed with the DOJ that they would take two additional DEA depositions and *selected* Ms. Ashley and another DEA witness, Denise Foster. After the deposition of Ms. Ashley, Defendants withdrew their request to depose Ms. Foster. *See,* Exh. 12 (Email cancelling Foster deposition, 03/12/2021).

In that same vein, Defendants cannot plausibly claim surprise at the topics on which Plaintiffs seek trial testimony from Mr. Rannazzisi. Plaintiffs' CT3 *Touhy* trial testimony request tracks both the previously issued *Touhy* authorizations for Mr. Rannazzisi as well as the dispensing related topics contained in the *Touhy* authorization Defendants received on March 5, 2021 for Ms. Ashley, Mr. Rannazzisi's successor. *See* Exh. 13 (CT3 Rannazzisi *Touhy* Request for Trial Testimony, 8/23/2021); Exh. 14 (CT3 Ashley *Touhy* Authorization for Deposition Testimony, 3/05/2021).

### c. Defendants were on Notice Mr. Rannazzisi Could Appear Live at the CT3 Trial

Defendants further cannot credibly claim not to have known Plaintiffs would call Mr. Rannazzisi live at an Ohio bellwether trial or not to have known until after he testified in the CT2

---

[5] In addition to counsel for Walmart, Pharmacy Defendant liaison counsel, who represents defendant Walgreens, also attended the CT1 deposition of Mr. Rannazzisi, as did counsel for Pharmacy Defendants CVS and counsel for now-severed Rite Aid.

7

trial that Mr. Rannazzisi would appear live at a bellwether trial outside of the presiding court's subpoena power. Defendants were on notice that Mr. Rannazzisi was also scheduled to testify live at the CT1 bellwether trial in this same Court in October 2019.

Approximately one month before the CT1 trial, on September 17, 2019, Plaintiffs issued a *Touhy* request seeking the DOJ's permission for Mr. Rannazzisi to testify live at the CT1 trial. *See* Exh. 15 (CT1 Rannazzisi *Touhy* Request for Trial Testimony, 9/17/2019). The "All Defendants" listserv was copied on that request. *Id.* CT3 Defendant Walgreens, represented by the Pharmacy Defendants' liaison counsel, was also a CT1 trial defendant at that time. *See* Dkt. # 2863. The DOJ issued a *Touhy* Authorization for Mr. Rannazzisi's live trial testimony on October 11, 2019, ten days before the scheduled beginning of the CT1 trial. *See* Exh. 16 (CT1 Rannazzisi *Touhy* Trial Authorization, 10/11/2019).

Defendants cannot now pretend ignorance of Mr. Rannazzisi's willingness and ability to appear live at a trial in this Court, nor can they claim to have been surprised by the timing of Plaintiffs' Touhy trial testimony request. Indeed, the CT3 Plaintiffs' *Touhy* Request for Trial Testimony of Mr. Rannazzisi, issued six weeks before the start of the CT3 trial, was issued earlier than the analogous request in CT1. *See* Exh. 13 (CT3 Rannazzisi *Touhy* Request for Trial Testimony, 8/23/2021).

Perhaps the real reason that Defendants chose not to depose Mr. Rannazzisi on dispensing issues during the discovery period is that his testimony is anticipated to be devastating to the defense. Mr. Rannazzisi, in his former role as DEA Deputy Assistant Administrator of the Office of Diversion Control, consistently sought to hold chain pharmacies accountable for failing to meet their obligations under the Controlled Substances Act, including by issuing immediate suspension orders to protect the public and enforce the law. As a result, Defendants have been attacking Mr.

8

Rannazzisi since 2010, when the DEA clamped down on Walmart, Walgreens and CVS for their dispensing practices and their failures to set up systems that would identify red flagged prescriptions.

Rather than accept the truth of their clients' conduct, defense counsel have resorted to the same smear campaign. They have falsely alleged that Mr. Rannazzisi is a hired testifier[6] and "apparently working with Plaintiffs behind the scenes" and have wrongly claimed that he demonstrates some bias because he was willing to "voluntarily travel[] hundreds of miles from his home to testify for plaintiffs at the Track 2 trial in West Virginia." Dkt. # 3887 (Def. Obj.) at 4. These baseless attacks are an obvious attempt to discredit Mr. Rannazzisi's service, tarnish his reputation, and deter him from testifying, while distracting the focus from the facts of the Pharmacy Defendants' own conduct. To the extent that Pharmacy Defendants have a foundation for any of their allegations other than their Objection's bald assertions which are unsupported by any record or evidence, they will have an opportunity to pursue them in cross-examining Mr. Rannazzisi at trial.

Defendants chose not to depose Mr. Rannazzisi on dispensing issues within the fact discovery period for CT3, despite seeking and obtaining depositions from multiple other DEA witnesses,[7] and have demonstrated no good cause for obtaining a late deposition now.

## CONCLUSION

For the reasons state herein, the Pharmacy Defendants' Objection to the Special Master's Ruling regarding the Track Three Deposition of Joseph Rannazzisi is due to be denied.

---

[6] The PEC's payments to Mr. Rannazzisi have been *de minimis* and comprise few thousand dollars paid for provision of background information to the MDL court during the 2018 "science day" and reimbursement for travel expenses for CT1 and CT2 trial and deposition testimony. *See* Exh. 11 (Declaration of Mike Elsner, 8/30/2021).

[7] In addition to take a second deposition of Ms. Ashley during the CT3 fact discovery period, Pharmacy Defendants also took other DEA witness depositions, including the depositions of Claire Brennan and Lewis Colosimo.

Respectfully Submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Suite 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*
/s/Peter H. Weinberger
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
Fpweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

10

                        Frank L. Gallucci
                        PLEVIN & GALLUCCI CO., L.P.A.
                        55 Public Square, Suite 222
                        Cleveland, OH 44113 (216) 861-0804
                        (216) 861-5322 (Fax)
                        FGallucci@pglawyer.com

                        Hunter J. Shkolnik
                        NAPOLI SHKOLNIK
                        360 Lexington Ave., 11th Floor
                        New York, NY 10017 (212) 397-1000
                        (646) 843-7603 (Fax)
                        hunter@napolilaw.com

                        *Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 30, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                        */s/Peter H. Weinberger*
                        Peter H. Weinberger