# EXHIBIT 1

November 11, 2020

**VIA EMAIL**

James R. Bennett, Esq.
Assistant United States Attorney
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
James.Bennett4@usdoj.gov

>      Re:    *In re National Prescription Opiate Litig.*, MDL No. 2804 Track Three Cases
>             (N.D. Ohio) – Louis Milione and Demetra Ashley

Dear Mr. Bennett:

    I write on behalf of Pharmacy Defendants[1] in *In re National Prescription Opiate Litigation, Track Three Cases,* MDL No. 2804, pending in the United States District Court for the Northern District of Ohio. As a courtesy, we notify you that we will subpoena Louis Milione and Demetra Ashley for depositions. Mr. Milione led the DEA's Diversion Control Division as Assistant Administrator from 2015-2017. Ms. Ashley served as Acting Assistant Administrator and Deputy Assistant Administrator at DEA from 2015 to 2018. Please let us know whether you will represent either witness.

    The Pharmacy Defendants seek testimony from Mr. Milione and Ms. Ashley in one of the cases selected as a pharmacy bellwether case by the court presiding over the above-referenced multidistrict litigation. The plaintiffs in this case are two Ohio counties—Lake and Trumbull County—that claim *inter alia* that Pharmacy Defendants violated duties arising under the Controlled Substances Act in dispensing controlled substances. Plaintiffs' allegations span a broad timeframe throughout which these DEA personnel developed specialized knowledge of DEA policies, practices and procedure. Thus, Pharmacy Defendants believe each fact-witness possesses particularized knowledge about DEA communications, policies, practices, procedures, and other

---

[1] The Pharmacy Defendants are CVS Pharmacy, Inc.; CVS Indiana, LLC; CVS RX Services, Inc.; CVS TN Distribution, LLC; Ohio CVS Stores, LLC; Giant Eagle, Inc.; HBC Service Company; Walgreen Co.; Walgreen Eastern Co.; Rite Aid Hdqtrs. Corp.; Rite Aid of Maryland, Inc. d/b/a Rite Aid-Mid-Atlantic Customer Support Center; Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center; Walmart Inc.

JAMES R. BENNETT, ESQ.
NOVEMBER 11, 2020
PAGE 2

topics necessary to the case.

Pharmacy Defendants seek testimony relating to, but not limited to, the following topics:

1. The role and responsibilities of DEA and its organizational structure.

2. The role and responsibilities of Demetra Ashley and Louis Milione at DEA.

3. The statutory and regulatory duties of pharmacists, pharmacies and pharmacy owners, if any, in dispensing controlled substances.

4. Guidance, publications, notices, statements or other communications by, from or within DEA and/or its officials regarding Prescription Opioids[2], including but not limited to communications relating to proper prescribing or dispensing of Prescription Opioids (alone or in combination with other prescriptions), corresponding responsibility, red flags indicative of potential diversion, or any requirement that pharmacies and/or companies that own them analyze data to detect potentially suspicious prescriptions, prescribers, patients, pharmacists, or pharmacies.

5. Diversion or misuse of Prescription Opioids, including but not limited to DEA communications related to potential or actual diversion, overprescribing, improper dispensing, or misuse of Prescription Opioids

6. Meetings with any Pharmacy Defendant and/or any other pharmacy, pharmacy chain, or pharmacy trade association related to the prescribing, dispensing or diversion of Prescription Opioids.

Neither the federal housekeeping statute, 5 U.S.C. § 301, nor the Department of Justice's ("DOJ") *Touhy* regulations require defendants to obtain the agency's authorization before seeking testimony from former DEA employees. Because Mr. Milione and Ms. Ashley are former DEA employees, they are not covered by the federal housekeeping statute, which authorizes DOJ to regulate only the "conduct of its employees." *See Koopmann v. United States Dep't of Transp.*, 335 F. Supp. 3d 556, 565 (S.D.N.Y. 2018) ("In sum, the text, structure, and purpose of the Housekeeping Statute lead to only one reasonable conclusion: that the term 'employees' in the statute refers solely to current employees. It follows that USDOT's Touhy regulations are invalid to the extent that they extend to former employees"). And, in any event, "nothing in the text of the [housekeeping] statute

---

[2] "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in Ohio only through prescriptions filled by dispensers duly licensed and regulated by DEA.

empowers a federal agency to withhold documents or testimony from federal courts." *In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995).

Nevertheless, the *Touhy* standard would be met here. Under DOJ's *Touhy* regulations, the Deputy or Associate Attorney General assesses the following considerations in determining whether disclosure is warranted:

> (a)(1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose;
>
> (a)(2) Whether disclosure is appropriate under the relevant substantive law of privilege.

The depositions satisfy both considerations. As explained above, the testimony directly concerns the allegations in this lawsuit. Plaintiffs allege that Pharmacy Defendants violated regulatory duties arising under the CSA, and the requested information is relevant to determining the nature of the alleged regulatory duties, the reasonableness of Pharmacy Defendants' conduct, and Plaintiffs' allegations that the Pharmacy Defendants caused them harm. Moreover, Pharmacy Defendants do not request privileged information.

Additionally, DOJ's *Touhy* regulations prohibit disclosure, subject to certain exceptions, if any of the following factors exist:

> (b)(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. § 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, Fed. R. Cr. P. 6(e);
>
> (b)(2) Disclosure would violate a specific regulation;
>
> (b)(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency;
>
> (b)(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection;
>
> (b)(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired;
>
> (b)(6) Disclosure would improperly reveal trade secrets without the owner's consent.

JAMES R. BENNETT, ESQ.
NOVEMBER 11, 2020
PAGE 4

The depositions are not intended to implicate any of these considerations. The requested information is within the scope of ordinary subpoena practice and does not seek disclosure of information prohibited by statute or regulation, nor information that is classified or that would reveal the source of an informant. To the extent Pharmacy Defendants inquire about investigatory information compiled for law enforcement purposes, Pharmacy Defendants would not seek investigatory information that would interfere with ongoing enforcement proceedings. Further, in an abundance of caution and to avoid any concern that disclosure of investigatory records would reveal "investigative techniques and procedures the effectiveness of which would thereby be impaired," Pharmacy Defendants will provide DEA with the opportunity to designate information as Highly Confidential pursuant to the protective order governing this matter.

The fact discovery deadline is December 21, 2020. *See* Track Three Case Management Order, In re: National Prescription Opiate Litig., 17-md-2804, ECF No. 3329 (June 8, 2020). Accordingly, we will be scheduling these depositions immediately.

Please contact me directly at (202) 778-1825 or kcrawford@zuckerman.com if you have questions concerning this request or require additional information.

    Sincerely,

    */s/ Kyle A. Crawford*

    Kyle A. Crawford

cc:    Kelly Phipps, Kelly.E.Phipps@usdoj.gov
       David Sobotkin, David.M.Sobotkin@usdoj.gov
       Jonathan Hoerner, Jonathan.K.Hoerner@usdoj.gov
       Natalie Waites, Natalie.A.Waites@usdoj.gov
       Andrew Jaco, James.A.Jaco@usdoj.gov
       mdl2804discovery@motleyrice.com
       xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

7534166.3