# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** |
| | **Case No. 17-md-2804** |
| This document relates to: | **Judge Dan Aaron Polster** |
| *The County of Lake, Ohio v. Purdue Pharma L.P., et al.,* Case No. 18-op-45032 | |
| *The County of Trumbull, Ohio v. Purdue Pharma L.P., et al.,* Case No. 18-op-45079 | |

## PLAINTIFFS THE COUNTIES OF LAKE AND TRUMBULL'S RESPONSES AND OBJECTIONS TO THE NATIONAL PHARMACY DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 3329), The Counties of Lake and Trumbull, Ohio (collectively, "Plaintiffs") hereby respond to the National Retail Pharmacy Defendants[1] First Set of Interrogatories (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

---

[1] The National Retail Pharmacy Defendants are CVS Pharmacy, Inc.; CVS Rx Services, Inc.; Ohio CVS Stores, L.L.C.; CVS Indiana, L.L.C.; CVS TN Distribution, L.L.C.; Giant Eagle, Inc. and HBC Service Company; Rite Aid Hdqtrs. Corp.; Rite Aid of Maryland, Inc.; Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center; Walgreen Co.; Walgreen Eastern Co.; and Walmart Inc. (collectively "Defendants" or "National Retail Pharmacy Defendants").

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiffs object to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2.      These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein.  All such objections and the grounds therefore are hereby reserved.

3.      No admission of any nature whatsoever is to be implied or inferred in these responses.  The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

4.      Plaintiffs object to each Interrogatory to the extent Plaintiffs have not yet received adequate discovery from Defendants. As a result, Plaintiffs have not completed their investigation of the facts relating to this action and have not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiffs at this time.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

5.      Plaintiffs object to each Interrogatory to the extent they purport to require Plaintiffs to produce documents that are in the public domain or otherwise available to Pharmacies as easily from other sources as from Plaintiffs.

6.      Plaintiffs object to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

7.      Plaintiffs object to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

8.      Whenever in the responses Plaintiffs employ the phrase "subject to and without waiving all objections," Plaintiffs are responding to the Interrogatory as it may be narrowed by their general and specific objections and without waiver of any objection.

9.      Any response stating that Plaintiffs will produce documents shall be deemed followed by the phrase "as are within Plaintiffs' possession, custody, or control."

10.      Plaintiffs object to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiffs do not admit the factual or legal premise of any Interrogatory.

11.      Plaintiffs object to each Interrogatory to the extent they seek information that is not within Plaintiffs' possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiffs on behalf of an entity or individual other than Plaintiffs. Plaintiffs' responses may reference documents and/or information provided by other parties in this

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

litigation.  Plaintiffs' reference to such documents is not intended to signify that Plaintiffs maintain possession, custody, or control of these documents.

12.     Plaintiffs object to each Interrogatory to the extent it prematurely seeks expert opinion(s).  All expert opinions will be disclosed on the dates set forth in the Case Management Order.

13.     Plaintiffs reserve the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

14.     Plaintiffs object to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that they seek discovery that is not relevant to any party's claims or defenses.

15.     Plaintiffs object to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that they are overly burdensome and not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Plaintiffs object to these Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, because they seek discovery that is not relevant to this litigation. As appropriate, Plaintiffs will limit its Responses to information that relates to Lake and Trumbull Counties.

17.     Plaintiffs object to these Interrogatories to the extent that they include multiple subparts. Plaintiffs further object to these Interrogatories on the grounds that they are individually

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

and collectively overbroad and unduly burdensome and seek discovery that is not relevant to any party's claims or defenses and not proportional to the needs of the cases. To the extent that Plaintiffs agrees to respond to these Interrogatories, Plaintiffs is agreeing to produce only the information it identifies in its Response.

18.     Plaintiffs object to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that they seek information that: (a) is in Defendants' possession, custody, or control; (b) is equally or more readily available from sources other than Plaintiffs; (c) can be obtained from other sources that are more convenient, less burdensome, and/or less expensive than requiring Plaintiffs to provide the information; (d) is not reasonably accessible to Plaintiffs; and/or (e) is publicly available to Defendants. With regard to any Response that Plaintiffs provide, Plaintiffs' Response will be limited to relevant, responsive, and non-privileged information in its possession, custody, or control located after a reasonable search that is proportional to the needs of the case.

19.     Plaintiffs object to these Interrogatories to the extent that they contain terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

20.     Plaintiffs object to these Interrogatories, and to the Interrogatories' Definitions and Instructions, to the extent that any Interrogatory, Definition, or Instruction: (a) is unduly burdensome, oppressive, overbroad, ambiguous, confusing, or vague; (b) is duplicative or unreasonably cumulative of other discovery in this investigation; or (c) calls for Plaintiffs to draw a legal conclusion in order to respond.

21.     Plaintiffs object to the Interrogatories that purport to require that Plaintiffs provide discovery with regard to "any," "each," "every," "all," or similar all-encompassing wording, on the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

grounds that such Interrogatories are overly broad, unduly burdensome, seek discovery that is not relevant to any party's claims or defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

22.     Plaintiffs object to the Interrogatories to the extent that they seek premature expert discovery or disclosure of expert opinions and go beyond the scope of permissible expert discovery under the Discovery Rules. Plaintiffs will provide expert discovery and disclosures in compliance with the Discovery Rules but assumes no further obligation.

23.     Plaintiffs' investigation and discovery are ongoing as to all matters referred to in these Objections and Responses to Defendants' Interrogatories. Plaintiffs' Responses are based upon information that has been collected and reviewed to date for the purpose of responding to these Interrogatories, and they are not prepared from the personal knowledge of any single individual. Plaintiffs reserve the right to amend and supplement these Amended Responses as discovery and this litigation proceed.

24.     Responding to these Interrogatories does not waive bellwether Plaintiffs' rights to prove their claims, in whole or in part, through aggregate proof or statistical evidence. Bellwether Plaintiffs reserve their rights to assert that the use of any individualized prescription information is inappropriate, irrelevant, or inadmissible. See Report and Recommendation, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); In re Neurontin Litigation, 712 F.3d 21, 29-39 (1st Cir. 2013); United States v. Life Care Centers of Am., Inc., 114 F. Supp. 3d 549 (E.D. Tenn. 2014); United States v. Life Care Centers of Am., Inc., 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, In re: National Prescription Opiate Litig., Case No. 1:17-MD-

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, bellwether Plaintiffs do not concede that this information is relevant or admissible.

25.     Plaintiffs object to these Interrogatories to the extent they seek individual proof. Individual proof is not relevant here. Defendants misapprehend the nature of the case at hand. This is not an individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case.

26.     Plaintiffs object to these Interrogatories to the extent they seek discovery regarding any of Plaintiffs' claims other than Public Nuisance.   As set forth in the Court's Order granting Plaintiffs' motion for bifurcation, all other claims are stayed.  Dkt. # 3315 at 4 ("[A]ll Plaintiffs' claims against all other Defendants are stayed for later discovery and trial.")

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to the Definitions of "Plaintiff," "Plaintiffs," and "You" on the grounds that they are overly broad, vague, and seek to extend the requests beyond the Plaintiff entities that are named as Plaintiffs in this litigation. For purposes of its Responses, Plaintiffs will consider "Plaintiff," "Plaintiffs," and "You" to mean the Counties of Lake and Trumbull and will respond with regard to information and documents in those entities' possession, custody, or control.

2.     Plaintiffs object to the Definitions of "Document" and "Communication" to the extent that they seek to impose obligations on Plaintiffs beyond those imposed by the Discovery Rules. Plaintiffs will respond in accordance with the applicable Discovery Rules and assumes no further obligation.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

3.      Plaintiffs object to the Definition of  "related to" or "relating to" to the extent that the Definition goes beyond common usage of the term, results in Interrogatories that are overbroad, vague, ambiguous, and unduly burdensome and, using Defendants' Definition of "related to" or "relating to," seeks discovery that is not relevant to any party's claims or defenses, nor proportional to the needs of the case, purports to impose obligations or burdens on Plaintiffs that go beyond the Discovery Rules, and makes demands for information and documents that are not in Plaintiffs' possession, custody, or control. Plaintiffs further objects to this Definition to the extent that it seeks to add requirements to a Interrogatory not otherwise stated in the actual Interrogatory and creates a compound Interrogatory. Plaintiffs will respond to the Interrogatory as propounded, subject to its Objections, and does not agree to respond with regard to additional requirements or questions that Plaintiffs purport to impose through their Definition of "related to" or "relating to."

4.      Plaintiffs object to any ESI Instruction to the extent that it varies from or goes beyond any ESI Protocol agreed to by the parties or ordered by the Court.

5.      Plaintiffs objects to Definitions 1 through 20 and Instructions 1 through 7 on the grounds that they are overly burdensome and seek to impose obligations or burdens on Plaintiffs that go beyond those imposed by the Discovery Rules. Plaintiffs will comply with the Discovery Rules.

## **NON-WAIVER**

6.      Plaintiffs' responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

7.      If Plaintiffs, in response to any Interrogatory, inadvertently produce information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

8.      Plaintiffs' failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

9.      Plaintiffs respond herein based upon information they been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

For each category of damages identified in paragraph 3 of Your MDL Government Plaintiff Fact Sheet, as of the date of Your response, identify the amount of each category of damages, equitable or monetary relief, describe how and by whom the damages, equitable or monetary relief were calculated and identify the individual or entity that paid the costs or expenses identified as of the date of Your response to these Interrogatories.

**Response to Interrogatory No. 1:**

Plaintiffs object to this request as premature under the expert deadlines in the CMO, and premature given the ongoing Plaintiffs collections and productions.  Plaintiffs object to this interrogatory as vague, overly broad to the extent it requests "each category of damages, equitable or monetary relief"  Plaintiff also objects to this interrogatory to the extent that it calls for disclosure of Privileged and Confidential Information.   Plaintiffs object to this interrogatory as calling for an

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with the CMO and the Federal Rules of Civil Procedure.

Subject to and without waiving objections, Plaintiffs respond that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2).  For purposes of responding to this contention interrogatory, Plaintiffs incorporate the factual allegations and Counts in the Complaint and further answer that the categories of damages, equitable or monetary relief sought include but are not limited to:

• Plaintiffs seek abatement of the continuing harm caused by the public nuisance created by the opioid epidemic.  Plaintiffs continue to investigate and determine the scope of equitable relief they are entitled to under applicable causes of action, including abatement.  Plaintiffs anticipate including at a minimum the following categories of programs and services related to the abatement of the opioid epidemic:

- o Academic detailing

- o Continued healthcare provider education

- o Mass media campaigns

- o Drug take-back programs

- o Syringe service programs

- o Fentanyl testing strips

- o Drug checking machines

- o Prescription drug monitoring

- o Opioid Abatement Coordinating Unit and data-informed systems

- o Helpline, medical social workers, transportation assistance, and bridge programs for connecting individuals to care

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

o        Quick Response Teams

o        Treatment for Opioid Use Disorder (OUD), including for pregnant women, adolescents, homeless and housing insecure, and people in detention facilities/jails/prisons

o        Maintenance, expansion and improvement of treatment facilities to address OUD

o        Programs to manage complications of OUD, including HIV and hepatitis C screening and treatment, and endocarditis treatment

o        Prenatal screening for opioid exposure

o        Prenatal and postpartum biopsychosocial services

o        Prenatal and postpartum housing services

o        Interventions for infants exposed to opioids in utero

o        School-based prevention programs for adolescents

o        Adolescents screening for OUD

o        Naloxone distribution and training

o        Naloxone public lock boxes

o        Programs for diversion from criminal justice system

o        Specialized overdose investigation units

o        Stigma reduction training for first responders

o        Programs to reduce burnout/compassion fatigue for first responders

o        Drug courts and opioid-related court-system resources

o        Reentry and reintegration programs and transitional housing for formerly incarcerated people

o        Recovery Initiatives, including peer recovery support services, employment opportunities, and recovery housing

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

    o       Programs to support children living with parents with OUD

    o       Programs to support children in foster care and adopted children and families affected by opioid use

    o       Permanent supportive housing and recovery housing for homeless and housing insecure individuals

    o       Programs for individuals with opioid misuse

    o       Surveillance of opioid use

    o       Restrictions on the marketing and promotion of opioids. Subject to and without waiving objections, Plaintiffs further answer that the categories of "damages, equitable or monetary relief" sought in this interrogatory also include but are not limited to:

- Past and ongoing lost tax revenue

- Reasonable attorneys' fees and costs as permitted by law.

- The maximum amount of punitive damages that is constitutionally permissible as determined by the trier of fact.

- Recovery of costs imposed on it by Defendants' conduct, along with disgorgement of profits, under unjust enrichment theories. The costs borne by Plaintiff are past damages described above. Plaintiff, however, does not include in this Answer an estimate for disgorgement of profits, which is not "damages." Moreover, estimating Defendants' profits to be disgorged would require financial information not yet produced, or fully produced, by Defendants, and upon expert analysis, and therefore cannot be provided at this time.

- All applicable statutory pre and post-judgment interest to the fullest extent permissible by state and federal law.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

To the extent Plaintiff is seeking future relief or damages as set forth above, various components and subparts may either overlap, be a component part of, or be incidental to the equitable remedy sought as part of a comprehensive abatement plan should the Court enter such a plan, including the provision of funds necessary to implement the abatement plan. Discovery into these topics is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO and the Federal Rules of Civil Procedure.

Plaintiffs reserve the right to supplement or amend this response as discovery proceeds.

**Interrogatory No. 2:**

Identify each instance in which You contend a National Retail Pharmacy knowingly allowed diversion of Prescription Opioids or Illicit Opioids to occur and the details You have regarding each such instance.

**Response to Interrogatory No. 2:**

Plaintiffs object as responding to this Interrogatory does not waive Plaintiffs' rights to prove their claims, in whole or in part, through aggregate proof or statistical evidence. Plaintiffs reserve their rights to assert that the use of any individualized prescription information is inappropriate, irrelevant, or inadmissible. See Report and Recommendation, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); In re Neurontin Litigation, 712 F.3d 21, 29-39 (1st Cir. 2013); United States v. Life Care Centers of Am., Inc., 114 F. Supp. 3d 549 (E.D. Tenn. 2014); United States v. Life Care Centers of Am., Inc., 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, Plaintiffs do not concede that this information is relevant or admissible.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Individual proof is not relevant here. Once again, Defendants misapprehend the nature of the case at hand. This is not an individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case.

Plaintiffs object to this request as a contention interrogatory better answered at the close of fact and expert discovery. *See* F.R.C.P. 26.

Plaintiffs object to the term "each instance" as overly broad and disproportionately burdensome to Plaintiffs. Plaintiffs object to this interrogatory as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with the CMO and the Federal Rules of Civil Procedure. Plaintiff also objects to this request as unreasonably burdensome and not proportional to the needs of the case in that it seeks information from personal medical files or relating to individuals. Requiring production of these materials would impose an unreasonable cost on Plaintiff and would cause substantial harm to strong privacy interests held by the individuals whose private medical files are the subject of this Request. Plaintiffs are not claiming any damages on behalf of any individual or group of individuals who were harmed by Defendants' conduct, and the claims asserted by Plaintiff do not require a showing that any third-party individuals were harmed. Subject to and without waiving their objections, Plaintiffs respond:

Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, motion to dismiss briefing, and Plaintiffs' responses and objections to Interrogatory No. 25 served on June 19, 2020, and to Plaintiffs' response and objections to Interrogatory No. 5 herein, all which detail facts regarding diversion.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Plaintiffs also object to this request in that it calls for information uniquely in the Defendants' possession or control. The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.

Discovery into this topic is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO and the Federal Rules of Civil Procedure.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 3:**

Identify each Person in Your Geographic Area who during the Relevant Time Period forged or otherwise improperly altered any prescription for any Prescription Opioid or who sought to obtain any Prescription Opioid or Illicit Opioid through a forged or otherwise improper prescription.

**Response to Interrogatory No. 3:**

Plaintiffs object to "each person" who "forged or otherwise improperly altered any prescription for any prescription opioid" as overly broad and unduly burdensome.

Plaintiff also objects to this request as unreasonably burdensome and not proportional to the needs of the case in that it seeks information from personal medical files or relating to individuals. Requiring production of these materials would impose an unreasonable cost on Plaintiff and would cause substantial harm to strong privacy interests held by the individuals whose private medical files are the subject of this Request.  Plaintiff is not claiming any damages on behalf of any individual or

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

group of individuals who were harmed by Defendants' conduct, and the claims asserted by Plaintiff do not require a showing that any third-party individuals were harmed.

Individual proof is not relevant here. Once again, Defendants misapprehend the nature of the case at hand. This is not an individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case.

Subject to and without waiving objections, Plaintiffs respond that while it would be impossible to ever know each person who forged or altered a prescription. Plaintiffs will produce any documents containing information responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).

Plaintiffs will meet and confer with counsel for Defendants to agree on the production of non-privileged documents maintained in the ordinary course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**<u>Interrogatory No. 4:</u>**

Identify every instance during the Relevant Time Period in which You requested information relating to Prescription Opioids from the Ohio Automated Rx Reporting System ("OARRS"), Ohio's prescription monitoring program, including the date of the request, the subject matter of the request, the information requested, the information obtained in response to the request, any action You took based on that information, the Person who made the request, all Persons who received the information obtained, and all Persons employed by You or an entity affiliated with You who possessed an account with OARRS, or otherwise had access to information on OARRS, during the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Relevant Time Period (i.e., all OARRS Supervisors and OARRS Officers for each of Your agencies that had access to OARRS). For each such Person identified, state that Person's employment or other relationship or association with You or any entity affiliated with You and when access to OARRS was first obtained and, if applicable, discontinued.

**Response to Interrogatory No. 4:**

Plaintiffs object to "every instance" of "requested information" related to the OARRS database as so overly broad in its language as to render it meaningless. Plaintiff objects on the grounds of the massive burden involved in providing information that is uniquely not in the Plaintiffs possession, but in the possession of the Board of Pharmacy of Ohio. Plaintiffs further lodges a relevance objection given the limited application of the OARRS database.

Plaintiff objects to this Interrogatory as to the vast over breadth of "each person employed by or associated with You," or "whom You compensated," "who possessed an account with OARRS," who "otherwise had access to information on OARRS," when obtained and when/if discontinued. Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case. Plaintiff further objects in that the requested information is in the possession of a third party or third parties.

Subject to and without waiving all objections, Plaintiff answers as follows: The Automated Rx Reporting System (OARRS) is governed by Section 4729.80 of the Ohio Revised Code. This statute provides specific and strict criteria for when someone may access OARRS information; access to OARRS for a particular and specific reason does not give the individual unfettered use of the database. For example, (1) a law enforcement officer may request an Rx history report on an individual only if there is an active investigation of the individual and the investigation involves a drug abuse offense as defined in O.R.C. Section 2925.01; (2) a medical examiner may be authorized

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to obtain information in conducting a death investigation on a particular individual, but he or she is not permitted to run a report on any anyone who may be associated with the investigation (such as a family member, friend, etc.); (3) a physician/prescriber may be authorized to request an OARRS report on a current patient who has made an appointment for an initial visit and has been referred to the practice; and (4) a probation or parole officer may be authorized to request an OARRS report on an individual only if the officer is currently investigating (pre- sentence) or the officer is monitoring the individual in relation to a drug abuse offense. Accordingly, the fact that a physician, examiner, or law enforcement officer has an account and access to OARRS cannot be construed to insinuate that the individual has unfettered access to the OARRS database or is free to use the information outside its statutorily defined purpose because Ohio law strictly prohibits the use of the OARRS database outside the statute's criteria. The use and dissemination of an OARRS report is strictly protected because it contains confidential protected health information and violations of OARRS policies and guidelines may carry criminal and/or civil penalties. The information provided to OARRS and access to OARRS has evolved over the years.

Plaintiffs further respond they will produce documents containing information responsive to this Interrogatory pursuant to F.R.C.P. 33(d).   Plaintiffs further respond that the OARRS database is of limited utility and available only to physicians, pharmacists or other licensed persons, it is not a tool widely used to control opioid use and dependence.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 5:**

Identify all Suspicious Orders for Prescription Opioids that You allege were shipped to a pharmacy, including the National Retail Pharmacies, in Your Geographic Area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and amount of the medication that was ordered and shipped, the reason(s) why the order was suspicious, Your criteria for determining that a Prescription Opioid order is a Suspicious Order, and, for all criteria identified, any support or sources for those criteria.

**Response to Interrogatory No. 5:**

Plaintiffs object to this request as a contention interrogatory better answered at the close of fact and expert discovery.  *See* F.R.C.P. 26.  In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with the scheduling orders in this case and the Federal Rules of Civil Procedure. Plaintiffs object to this interrogatory to extent it calls for an expert opinion. Plaintiffs object to this interrogatory on the grounds the information sought is under the possession and control of the Defendants or the DEA.  Plaintiffs further object to this interrogatory because the Defendants have failed to answer substantially similar discovery requests yet demand the Plaintiffs do so without an adequate record and/or the benefit of expert witness testimony. Plaintiffs' ability to respond is further limited by Defendants' failure to produce all information, including due diligence files, necessary to complete the requested analysis.

In a good faith effort to meet Plaintiffs' discovery obligations and to comply with the Court's existing Discovery Rulings regarding substantially similar requests, and subject to and without waiving any objections or reservations of rights, Plaintiffs respond with the suspicious orders, and information regarding the same, as set out in **Exhibit A** to these responses, along with the contemporaneous production referenced therein.

For the purposes of responding to this interrogatory, Plaintiffs have not attempted to identify every suspicious order, nor have Plaintiffs applied every reasonable method for identifying

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

suspicious orders, but have provided responses consistent with the Court's previous rulings, including, *inter alia*, Discovery Ruling 12.

Plaintiffs reserve the right to supplement this answer through expert witnesses pursuant to the Scheduling Order entered by the Court. The answer to this contention interrogatory "does not limit [Plaintiffs'] experts from using different criteria to identify suspicious orders, and therefore from concluding that there exist suspicious orders in addition to those identified [herein]." *See* Discovery Ruling No. 7, p. 6. Plaintiffs further reserve the right to supplement this answer based on additional discovery, including, without limitation any disclosure by Defendants of the system(s) the Defendants designed and/or operated to detect suspicious orders using Defendants' own metrics and production of Defendants' due diligence files.

**Interrogatory No. 6:**

Identify all Suspicious Orders for Prescription Opioids that You allege were shipped to a pharmacy, including the National Retail Pharmacies, in Your Geographic Area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and amount of the medication that was ordered and shipped, the reason(s) why the order was suspicious, Your criteria for determining that a Prescription Opioid order is a Suspicious Order, and, for all criteria identified, any support or sources for those criteria.

**Response to Interrogatory No. 6:**

In addition to the General Objections, Plaintiff object to the word "affiliated" as undefined and overly broad. Subject to and without waiving, Plaintiffs answer:

There are no county employees who prescribe opioids in the scope of their County employment.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 7:**

Identify each employee, contractor, or other Person to whom You provided compensation during the Relevant Time Period who was involved in the endorsement, approval or reimbursement of opioid treatment therapies for residents or employees in Your Geographic Area. For each Person, identify the Person's place(s) of work and title(s) during the Relevant Time Period.

**Response to Interrogatory No. 7:**

Plaintiffs object to this interrogatory as vague and ambiguous. Plaintiffs object to having to identify any "residents or employees" in or of Lake and Trumbull Counties as seeking reimbursement for opioid treatment as overly broad and disproportionately burdensome. Plaintiffs object to the use of the word "each" in this interrogatory to the extent it asks for individualized proof.

Subject to and without waiving any objection, Plaintiffs will produce documents containing information responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 8:**

Identify all pharmacies that, during the Relevant Time Period, were affiliated with You, including through any public health care systems or facilities, and all pharmacists and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies during the Relevant Time Period. For each individual, identify their place(s) of work and title(s) during the Relevant Time Period.

**Response to Interrogatory No. 8:**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving any objection, Plaintiffs will produce documents containing information responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d).

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

## Interrogatory No. 9:

Identify each instance in which a Person was allegedly involved in the diversion of Prescription Opioids or Illicit Opioids in Your Geographic Area during the Relevant Time Period, including without limitation the alleged improper prescribing of, or filling prescriptions for, Prescription Opioids or the submission to a distributor of a Suspicious Order. For each instance, identify the Person, the nature of their involvement in the alleged diversion, and the date of the alleged diversion.

## Response to Interrogatory No. 9:

Plaintiffs object as responding to this Interrogatory does not waive Plaintiffs' rights to prove their claims, in whole or in part, through aggregate proof or statistical evidence. Plaintiffs reserve their rights to assert that the use of any individualized prescription information is inappropriate, irrelevant, or inadmissible. See Report and Recommendation, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); In re Neurontin Litigation, 712 F.3d 21, 29-39 (1st Cir. 2013); United States v. Life Care Centers of Am., Inc., 114 F. Supp. 3d 549 (E.D. Tenn. 2014); United States v. Life Care Centers of Am., Inc., 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, Plaintiffs do not concede that this information is relevant or admissible.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Individual proof is not relevant here. Once again, Defendants misapprehend the nature of the case at hand. This is not an individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case.

Plaintiffs objects to the phrase "each instance" of involvement in opioid diversion or improper prescribing in the Counties as overly broad, unnecessary, and disproportionately burdensome.

Plaintiff also objects to this request as unreasonably burdensome and not proportional to the needs of the case in that it seeks information from personal medical files or relating to individuals. Requiring production of these materials would impose an unreasonable cost on Plaintiff and would cause substantial harm to strong privacy interests held by the individuals whose private medical files are the subject of this Request.  Plaintiff is not claiming any damages on behalf of any individual or group of individuals who were harmed by Defendants' conduct, and the claims asserted by Plaintiff do not require a showing that any third-party individuals were harmed.

Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, motion to dismiss briefing, and Plaintiffs' responses and objections to Interrogatory No. 25 served on June 19, 2020, and Plaintiffs' responses and objections to Interrogatory 5, herein, all which detail such facts.

Discovery into this topic is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO and the Federal Rules of Civil Procedure.

Subject to and without waiving its objections, Plaintiffs will meet and confer with counsel for Defendants to agree on the production of non-privileged documents maintained in the ordinary

course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 10:**

Identify all Communications during the Relevant Time Period between any of the individuals identified in response to Interrogatory Nos. 6, 7, 8, or 9 and any National Retail Pharmacies, or anyone who You maintain was acting on behalf of or in concert with any National Retail Pharmacy, or other manufacturer, distributor, or dispenser of Prescription Opioids, including the date of the Communication, the substance of the Communication, and the parties to the Communication.

**Response to Interrogatory No. 10:**

Plaintiffs object to this Request as overly broad and unreasonably burdensome in that it requests that Plaintiffs identify "each" instance in which there was any communication with any pharmacy in Plaintiffs' geographic area regarding prescription opioids. Plaintiffs further objects to this Request as to the vast over breadth of "without limitation." The scope of this request creates an objectionable burden beyond what is appropriate and proportional to the needs of this case as it is simply not practicable for Plaintiff to specifically identify each and every communication relating to Prescription Opioids in their Counties or document every responsive document.

Plaintiffs also object to this request in that it calls for information uniquely in the Defendants' possession or control. The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.

Subject to and without waiving all objections, Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

and detailed expert witness opinion(s) that will be disclosed in accordance with the scheduling orders in this case and the Federal Rules of Civil Procedure. Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, and motion to dismiss briefing, all which detail such facts.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 11:**

Identify any fees, reimbursements, honoraria, gifts or other items of value received in the Relevant Time Period by any individual identified in response to Interrogatory Nos. 6, 7, 8, or 9 from any National Retail Pharmacy or from anyone who You maintain was acting on behalf of or in concert with any National Retail Pharmacy or other manufacturer, distributor, or dispenser of Prescription Opioids.

**Response to Interrogatory No. 11:**

Subject to and without waiving any objections, Plaintiffs will produce documents responsive to this interrogatory pursuant to Federal Rule of Civil Procedure 33(d). Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with the scheduling orders in this case and the Federal Rules of Civil Procedure.

Plaintiffs also object to this request in that it calls for information uniquely in the Defendants' possession or control. The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.

Subject to and without waiving all objections, Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with the scheduling orders in this case and the Federal Rules of Civil Procedure. Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, and motion to dismiss briefing, all which detail such facts.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 12:**

Identify each administrative action or investigation taken by federal, state, county, or local law enforcement authorities, or other governmental entities, against any pharmacies or prescribers in Your Geographic Area, including but not limited to pharmacies or prescribers affiliated with You, arising out of the dispensing of Prescription Opioids.

**Response to Interrogatory No. 12:**

Subject to and without waiving any objection, Plaintiffs will produce non-privileged documents maintained in the ordinary course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control pursuant to Federal Rule of Civil Procedure 33(d).

**Interrogatory No. 13:**

Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including Your health care and law enforcement agencies, communicated with any pharmacy in the Geographic Area about Prescription Opioids, including any National Retail Pharmacy. This includes without limitation each instance a pharmacy or pharmacy employee in Your Geographic Area notified You of suspected diversion, as well as each instance You or anyone acting on Your behalf notified any pharmacy in the Geographic Area that You suspected or believed

26

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Prescription Opioids were being diverted from it. For each such Communication, identify the pharmacy with which You had the Communication, the substance of the Communication, the date of the Communication, and the Persons who were party to it.

**Response to Interrogatory No. 13:**

Plaintiff objects to this Request as overly broad and unduly burdensome in that it requests that Plaintiff identify "each" instance in which there was any communication with any pharmacy in Plaintiff's geographic area regarding prescription opioids. Plaintiff further objects to this Request as to the vast over breadth of "without limitation." The scope of this request creates a burden beyond what is appropriate and proportionate to the needs of this case as it is simply not practicable for Plaintiff to specifically identify each and every communication relating to Prescription Opioids in their Counties.

Plaintiffs also object to this request in that it calls for information uniquely in the Defendants' possession or control. The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.

Subject to and without waiving all objections, Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2). Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, and motion to dismiss briefing, all which detail such facts.

Subject to and without waiving any objection, Plaintiffs will produce non-privileged documents maintained in the ordinary course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control pursuant to Federal Rule of Civil Procedure 33(d).

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Interrogatory No. 14:**

Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including Your health care and law enforcement agencies, communicated with any distributor of Prescription Opioids about Prescription Opioids, including the National Retail Pharmacies. This includes without limitation each instance a distributor for Your Geographic Area notified You of suspected diversion, as well as each instance You or anyone acting on Your behalf notified any such distributor that You suspected or believed that Prescription Opioids shipped by the distributor were being diverted in the Geographic Area. For each such Communication, identify the distributor with which you had the Communication, the substance of the Communication, the date of the Communication, and the Persons who were party to it.

**Response to Interrogatory No. 14:**

Plaintiffs object to this interrogatory as overly broad as drafted.

Plaintiffs also object to this request in that it calls for information uniquely in the Defendants' possession or control. The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.

Subject to and without waiving all objections, Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2). Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, and motion to dismiss briefing, all which detail such facts.

Subject to and without waiving any objection, Plaintiffs will produce non-privileged documents maintained in the ordinary course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control pursuant to Federal Rule of Civil Procedure 33(d).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 15:**

Identify each instance in which You, or anyone acting on Your behalf, communicated with any federal, state, or local government official or agency (including the United States Drug Enforcement Administration, the United States Department of Justice, the Federal Bureau of Investigation, a United States Attorney's Office, or any other law enforcement agency including your own agencies, the Ohio Board of Pharmacy, the Ohio Department of Children and Families and its constituent providers, the Ohio Office of the Attorney General, or the Ohio Medical Board), or any insurer about diversion of Prescription Opioids or Illicit Opioids, actual or suspected Suspicious Orders of Prescription Opioids, or unlawful or excessive prescribing or dispensing of Prescription Opioids during the Relevant Time Period. Include in Your response a description of the information and date it was provided.

**Response to Interrogatory No. 15:**

Plaintiffs object to the term "each instance" as overly broad and disproportionately burdensome. Plaintiffs object to this interrogatory as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with the CMO and the Federal Rules of Civil Procedure.

Plaintiffs also object to this request in that it calls for information uniquely in the Defendants' possession or control. The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.

Subject to and without waiving all objections, Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

33(a)(2). Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, and motion to dismiss briefing, all which detail such facts.

Subject to and without waiving any objection, Plaintiffs will produce non-privileged documents maintained in the ordinary course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control pursuant to Federal Rule of Civil Procedure 33(d).

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 16:**

Identify all Persons (other than Your attorneys in this action) from whom You have obtained information about alleged diversion in the Geographic Area by a pharmacy during the Relevant Time Period. Describe the information that each Person possesses.

**Response to Interrogatory No. 16:**

Plaintiffs object to this interrogatory to extent it asks for information covered by the attorney-client or work product privilege. Plaintiff objects to this Interrogatory as overly broad, vague, and ambiguous as to the term "obtained information." Plaintiffs further object to this Interrogatory as overly broad as propounded, and in that it calls for Plaintiffs to identify the specific conduct of each Defendant ("identify the National Retail Pharmacy Defendant to which it pertains"). Plaintiffs object to the extent that the information requested is not in its possession, custody, or control. Plaintiffs also object to this Interrogatory as premature.

Subject to and without waiving all objections, Plaintiff responds that it has received ARCOS information from the DEA, and that responsive documents, if they exist, are included in the documents Plaintiff has already produced, or will produce, in this litigation. Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

See Fed. R. Civ. P. 33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with the scheduling orders in this case and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, Plaintiff identifies Joseph T. Rannazzisi, Deputy Assistant Administrator, Office of Diversion Control, Drug Enforcement Agency, U.S. Department of Justice. Plaintiffs further answer for Lake County: Sergeant Christopher Begley, and for Trumbull County: Captain Tony Villanueva.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 17:**

Identify each employee, contractor or other Person to whom You provided compensation during the Relevant Time Period (other than Your attorneys in this action) who worked on addressing, or who provided information to You about, the problems You experienced or expenses You incurred from the diversion of Prescription Opioids or Illicit Opioids as alleged in Your Complaint.

**Response to Interrogatory No. 17:**

Plaintiffs object as this request is overbroad and unduly burdensome as drafted in that it essentially requests the identity of every employee, contractor or "other person" employed by or otherwise compensated by Plaintiffs.

Subject to and without waiving all objections, plaintiffs respond that fact discovery is underway in this bellwether and this interrogatory in more appropriately answered at the close of discovery. Plaintiffs further identify the following County departments and individuals from these departments with the most knowledge:

Trumbull County:

31

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- County Auditor – Adrian Biviano;

- County Coroner's Office – Dr. Thomas James;

- Drug Court – Darryl Rodgers;

- Children and Family Services Board – Timothy Schaffner, Rick Tvaroch;

- County Prosecutor – Gina Buccino-Arnaut, Charles L. Morrow;

- TAG – Cpt. Tony Villaneuva;

- Jail – Major Daniel Mason;

- Sheriff's Office – Chief Ernest Cook, Cpt. Tony Villaneuva, Major Daniel Mason;

- 911 – Chief Ernest Cook;

- Mental Health and Recovery Board – April Caraway, Lauren Thorp;

- Probation – Keith Evans.

Lake County:

- County Auditor – Christopher Galloway;

- Budget – Michael Matas, Joel DiMare;

- County Coroner – Dr. Mark Komar;

- Probation – Craig Berry;

- Job and Family Services – Michael Battiatio;

- Adult and Child Protective Services – Lori O'Brien, David Tressler, Anne Rasic;

- Probation – Karen Kowall;

- Narcotics – Sgt. Christopher Begley;

- Sheriff's Office – Cpt. Cynthia Brooks, Cpt. Ronald Walters; Det. Jeffrey Belle

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Jail – Cpt. Cynthia Brooks; Diane Snow, R.N.;

- Crime Lab – LeAnne Suchanek.

**Interrogatory No. 18:**

Identify all medical or forensic examinations in Your Geographic Area during the Relevant Time Period relating to ingestion of Opioids. For each examination, state the date, location, and name of the Person who conducted the examination.

**Response to Interrogatory No. 18:**

Plaintiffs object as responding to this Interrogatory does not waive Plaintiffs' rights to prove their claims, in whole or in part, through aggregate proof or statistical evidence. Plaintiffs reserve their rights to assert that the use of any individualized prescription information is inappropriate, irrelevant, or inadmissible. See Report and Recommendation, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); In re Neurontin Litigation, 712 F.3d 21, 29-39 (1st Cir. 2013); United States v. Life Care Centers of Am., Inc., 114 F. Supp. 3d 549 (E.D. Tenn. 2014); United States v. Life Care Centers of Am., Inc., 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, Plaintiffs do not concede that this information is relevant or admissible.

Individual proof is not relevant here. Once again, Defendants misapprehend the nature of the case at hand. This is not an individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Plaintiffs object to identifying "all medical or forensic examinations" as so overly broad as to render it disproportionately burdensome to Plaintiffs to individually identify "each examination" the date and who conducted it.  Plaintiffs object on the basis of the relevance to identifying "all medical and forensic examinations." Plaintiffs object to the term related to "ingestion" of Opioids as an attempt to recast Plaintiffs theories, and ignore the realities of the opioid epidemic, namely that ingestion is not the only means of Opioid delivery. Plaintiffs also objects to this request as unreasonably burdensome and not proportional to the needs of the case in that it seeks information from personal medical files or relating to individuals.  Requiring production of these materials would impose an unreasonable cost on Plaintiffs and would cause substantial harm to strong privacy interests held by the individuals whose private medical files are the subject of this Request.  Plaintiff is not claiming any damages on behalf of any individual or group of individuals who were harmed by Defendants' conduct, and the claims asserted by Plaintiff do not require a showing that any third-party individuals were harmed.

Subject and without waiving objections, Plaintiffs respond that they will meet and confer with Defendants regarding this request.

**Interrogatory No. 19:**

Identify every Person likely to have discoverable information related to Your claims, including every Person You intend to rely on in proving your claims, whether at summary judgment or trial, and every Person likely to have discoverable information that supports or contradicts a position or claim that You have taken or intend to take in this action. For each Person named in response to this Interrogatory, state the subject matter of the information possessed by that Person.

**Response to Interrogatory No. 19:**

Subject to and without waiving objections, Plaintiffs identify the following County departments and individuals from these departments with discoverable information:

TRUMBULL COUNTY

| Name | Current Title | Subject Matter |
|---|---|---|
| Adrian Biviano | County Auditor | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Dr. Thomas James | County Coroner | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Darryl Rodgers | Drug Court Coordinator | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Timothy Schaffner | Executive Director, Trumbull County Children Services Board | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Rick Tvaroch | QA Supervisor, Trumbull County Children Services Board | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Richard Jackson | Director, Human Resources | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Gina Buccino-Arnaut | Prosecutor, Drug Prosecution Division | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Charles L. Morrow | Prosecutor – Chief of Criminal Division/Drug Prosecution Division | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Cpt. Tony Villanueva | Sheriff's Office, Commander: TAG | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Maj. Daniel Mason | Sheriff's Office, Jail | Knowledge of the impact of |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Name | Current Title | Subject Matter |
|---|---|---|
|  | Administrator | the opioid crisis on their respective County department(s). |
| Chief Ernest Cook | 911 Director; Former Chief Deputy Sheriff and Jail Manager | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| April Caraway | Executive Director, Mental Health and Recovery Board | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Lauren Thorp | Director of Recovery and Youth Programs at  Mental Health and Recovery Board | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Sam Lamancusa | County Treasurer | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Keith Evans | Chief Probation Officer | Knowledge of the impact of the opioid crisis on their respective County department(s). |

LAKE COUNTY

| Name | Current Title | Subject Matter |
|---|---|---|
| Christopher Galloway | County Auditor | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Michael Matas | Budget Director, Commissioners' Office Former Chief Deputy Auditor | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Joel DiMare | Director of Administrative Services Former Budget Director, Commissioners' Office | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Dr. Mark Komar | County Coroner | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Craig Berry | Chief Probation Officer | Knowledge of the impact of the opioid crisis on their respective County department(s). |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Name | Current Title | Subject Matter |
|---|---|---|
| Matthew Battiato | Director, Job and Family Services | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Lori O'Brien | Administrator of Adult and Child Protective Services | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| David Tressler | Program Administrator Caley Home; Lake County Department of Job And Family Services | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Anne Rasic | Business Administrator at Lake County Department of Job And Family Services | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Karen Kowall | Chief Prosecuting Attorney, Criminal Division | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Sgt. Christopher Begley | Lake County Narcotics, Supervisor – Pharmaceutical Diversion Unit | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Cpt. Cynthia Brooks | Sheriff's Office – Jail Administrator | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Cpt. Ronald Walters | Sheriff's Office – Detective Bureau Captain | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Lorraine Fende | County Treasurer | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Diane Snow, RN | Sheriff's Office – Jail Medical Coordinator | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| Det. Jeffrey Belle | Sheriff's Office Heroin Task Force | Knowledge of the impact of the opioid crisis on their respective County department(s). |
| LeAnne Suchanek | Crime Lab Director | Knowledge of the impact of the opioid crisis on their respective County department(s). |

By indicating the general subject matter(s) of discoverable information these individuals may possess, Plaintiff is in no way limiting its right to call other individuals (or entities) to testify

concerning other subjects. Plaintiff also identifies all individuals identified by Defendants as custodians in CT1, CT2, and CT3.

Plaintiff specifically reserves the right to rely on these and any other individuals for testimony in any trial or in a summary judgement motion in this action, and is not limited to the individuals listed herein. Plaintiff reserves its right to amend or supplement this response based on facts learned in expert discovery, third party discovery, or otherwise discoverable in this litigation prior to trial.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 20:**

Identify all false, fraudulent, and/or misleading information that You allege that any National Retail Pharmacy supplied to You, the DEA, the Ohio Board of Pharmacy, and/or any other Person or entity (including the United States Department of Justice, the Federal Bureau of Investigation, a United States Attorney's Office, the Ohio Department of Children and Families and its constituent providers, the Ohio Office of the Attorney General, and the Ohio Board of Medicine, and any other state or local law enforcement agency) about Suspicious Orders and/or Prescription Opioids, including as alleged in sections I.E., I.F., and I.K. of Your Complaint. Identify the name of the individual Person who made such Communication, the date of the Communication, the format of the Communication, and the recipient(s) of the Communication) about Suspicious Orders and/or Prescription Opioids.

**Response to Interrogatory No. 20:**

Plaintiffs object to the term "fraudulent" as requiring a legal determination more appropriate for the Court. Plaintiffs object to producing documents that are uniquely in the Defendants

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

possession and control. Plaintiffs also object to this Interrogatory as irrelevant as the only claim in this bifurcated track is public nuisance.

Plaintiffs also object to this request in that it calls for information uniquely in the Defendants' possession or control. The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources. Plaintiffs object to this interrogatory as prematurely calling for expert report or opinion.

Plaintiffs respond that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2). Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, and motion to dismiss briefing, all which detail such facts.

Subject to and without waiving any objection, Plaintiffs will produce non-privileged documents maintained in the ordinary course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control pursuant to Federal Rule of Civil Procedure 33(d).

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 21:**

Identify all material facts about Suspicious Orders and/or Prescription Opioids that You allege any National Retail Pharmacy failed to supply to You, the DEA, the Ohio Board of Pharmacy, and/or any other Person or entity (including the United States Department of Justice, the Federal Bureau of Investigation, a United States Attorney's Office, the Ohio Department of Children and Families and its constituent providers, the Ohio Office of the Attorney General, the Ohio Medical Board, and any other state or local law enforcement agency), including as alleged in sections I.E., I.F., and I.K. of Your Complaint.

**Response to Interrogatory No. 21:**

Plaintiffs object to this interrogatory as requiring Plaintiffs to identify material facts in the possession and control of the Defendants.

Plaintiffs respond that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2). Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, and motion to dismiss briefing, all which detail such facts. Subject to and without waiving objections, "Suspicious Order Report" is a report or documentation of an order for Opioids or Opioid Products of unusual size, an order deviating substantially from a normal pattern, or an order of unusual frequency including any order that was flagged pursuant to any of Defendants algorithms, formulas, or tests used to identify those orders. "Suspicious Order Report" includes any documentation of the analysis of an order of opioids which Defendants flagged including any due diligence performed on that order.  "Suspicious Order Report" includes documentation of those orders that were reported to the DEA and those that were not.

Subject to and without waiving any objection, Plaintiffs will produce non-privileged documents maintained in the ordinary course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control pursuant to Federal Rule of Civil Procedure 33(d).

Plaintiffs reserve the right to amend or supplement this response consistent with ongoing discovery

**Interrogatory No. 22:**

Identify any instances of improper conduct, including any improper personal or financial relationships, You allege involved a National Retail Pharmacy employee and any prescriber or patient in Your Geographic Area during the Relevant Time Period.

**Response to Interrogatory No. 22:**

Plaintiffs object as responding to this Interrogatory does not waive Plaintiffs' rights to prove their claims, in whole or in part, through aggregate proof or statistical evidence. Plaintiffs reserve their rights to assert that the use of any individualized prescription information is inappropriate, irrelevant, or inadmissible. *See* Report and Recommendation, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); In re Neurontin Litigation, 712 F.3d 21, 29-39 (1st Cir. 2013); United States v. Life Care Centers of Am., Inc., 114 F. Supp. 3d 549 (E.D. Tenn. 2014); United States v. Life Care Centers of Am., Inc., 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, In re: National Prescription Opiate Litig., Case No. 1:17-MD-2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, Plaintiffs do not concede that this information is relevant or admissible.

Plaintiffs object to the terms "improper conduct, including and improper personal or financial relationships" as so vastly overly broad as to render this interrogatory largely incomprehensible.  Plaintiffs object on relevance grounds given this overbreadth.  Plaintiffs object to "any prescriber or patient" in Lake or Trumbull Counties as overly broad, irrelevant, and creating a burden on Plaintiffs to identify any prescriber (doctor) or patient (any person) involved with Defendants employees, a request that is disproportionately burdensome to Plaintiffs.

Plaintiffs respond that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2). Subject to and without waiving

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

objections, Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, and motion to dismiss briefing, all which detail such facts.

Plaintiffs reserve the right to amend or to supplement this response consistent with further investigation and discovery.

**Interrogatory No. 23:**

Identify any and all forms of data that You allege pharmacies, including the National Retail Pharmacies, were required to use in order to satisfy the standard of care You claim is applicable in this case and the time period you contend that data was available and should have been used. For each form of data that You identify as required, please identify (a) the support and/or sources for the requirement to use it in such fashion, and (b) how it was communicated to pharmacies that such use of data was required.

**Response to Interrogatory No. 23:**

Plaintiffs object to the term "standard of care" as undefined, potentially irrelevant and more appropriately the subject of expert testimony.  Plaintiffs object to "all forms of data" as overly broad.  Plaintiffs object to this interrogatory as requiring Plaintiffs to identify data sets in the possession, custody and control of defendants or third parties.

Plaintiffs respond that this Interrogatory is contention discovery more appropriately answered once discovery is complete. See Fed. R. Civ. P. 33(a)(2).

Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, motion to dismiss briefing, and Plaintiffs' responses and objections to Interrogatory No. 25 served on June 19, 2020, all which detail such facts.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Discovery into this topic is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO and the Federal Rules of Civil Procedure.

Subject to and without waiving objections, Plaintiffs answer that the Defendants should have used any and all data that they used for any purpose or had in their actual possession, whether they used it or not, including but not limited to all distribution data, all dispensing data, all customer data and all data involving prescribers or patients.

**Interrogatory No. 24:**

Identify the specific provision(s) of each governmental or industry regulation, standard, guideline, recommendation, accepted practice, or custom that You contend was applicable to the lawful distribution of Prescription Opioids by the National Retail Pharmacies during each year of the Relevant Time Period.

**Response to Interrogatory No. 24:**

Plaintiffs object to the overbreadth of the term "custom" as vague and ambiguous.

Plaintiffs refer Defendants to the operative Complaint for the provisions of law they deem "applicable to the lawful distribution of Opioids."

**Interrogatory No. 25:**

Identify each prescription which you contend (i) supports Your claims in this case, (ii) caused harm for which You seek to recover in this case, or (iii) should not have been filled. For each prescription, identify the same 34 fields that the Pharmacy Defendants were ordered to provide in the Court's 1/27/20 Discovery Ruling Regarding Pharmacy Data Production, Case No. 17-md-2804, Doc. 3106 at 8.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 25:**

Plaintiffs' have already responded to this Interrogatory separately on June 19, 2020, and incorporate that response here.

**Interrogatory No. 26:**

Identify any and all training that You allege pharmacies, including the National Retail Pharmacies, were required to provide in order to satisfy the standard of care You claim is applicable in this case. For each aspect of training that You identify as required, please identify (a) to whom the training was required to be provided, (b) any support and/or sources for the training requirement, and (c) how it was communicated to pharmacies that such training was required.

**Response to Interrogatory No. 26:**

Plaintiffs object to the term "standard of care" as undefined and more appropriately the subject of expert testimony, if any. Plaintiffs object to the term "training" as vague, ambiguous and undefined.  Plaintiffs object on the basis this information is within the Defendants' possession and control.

Subject to and without waiving objections, Plaintiffs refer Defendants to Judge Polster's SOMS A Ruling (Docket # 2483) and Plaintiffs' motion to dismiss oppositions in CT3.

Discovery into this topic is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO and the Federal Rules of Civil Procedure.

Plaintiffs reserve the right to supplement or amend this response as discovery proceeds.

**Interrogatory No. 27:**

Identify any and all policies and procedures that You allege pharmacies, including the National Retail Pharmacies, were required to put in place in order to satisfy the standard of care You

44

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

claim is applicable in this Action and the years you claim each policy or procedure was required. For each policy or procedure that you identify as required, please identify (a) any support and/or sources for the requirement for such a policy or procedure, and (b) how it was communicated to pharmacies that such a policy or procedure was required. For each policy or procedure that You identify, please explain it in detail, including without limitation by explaining: what it requires; how it works; what data, if any, it uses; how, if at all, it applies to pharmacists or should be used by pharmacists on receipt of a prescription; how it impacts, and/or whether it limits, the exercise of judgment by pharmacists on receipt of a prescription; whether it imposes quantity limits, and, if so, how; and how, if at all, it limits dispensing. Please also state for each policy or procedure who developed it; when it was developed; what pharmacies put these policies or procedures in place and when they did so; and when it became required. Finally, for each policy or procedure, please identify all federal and state authority—and any other material—that indicates it was required.

**<u>Response to Interrogatory No. 27</u>:**

Plaintiffs object to this interrogatory on the basis of the burden it attempts to create for Plaintiffs beyond what is proportional to the needs of this case. Plaintiffs are being asked to provide the Pharmacy Defendants with "all policies and procedures," something squarely in Defendants' possession and control.  Plaintiffs object to the term "standard of care" as undefined and more properly the subject of expert testimony, if any.

Subject to and without waiving objections, Plaintiffs respond this contention interrogatory more appropriately answered at the close of discovery on the dispensing claims.  F.R.C.P. 26.  The issue of what "policies and procedures" are and were in place is the subject of Plaintiffs ongoing discovery requests of Defendants here, making this request premature.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, motion to dismiss briefing, and Plaintiffs' responses and objections to Interrogatory No. 26 and 28, all which detail such facts.

Discovery into this topic is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO and the Federal Rules of Civil Procedure.

Subject to and without waiving objections, Plaintiffs refer Defendants to Judge Polster's SOMS A Ruling (Docket # 2483 and Plaintiffs' motion to dismiss oppositions in CT3.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 28:**

Identify any and all systems and/or programs that You allege pharmacies, including the National Retail Pharmacies, were required to implement in order to satisfy the standard of care You claim is applicable in this case. For each system that You identify, please explain it in detail, including without limitation by explaining: how it works in practice; what data, if any, it uses; whether it is automated or not; whether it identifies "red flags" retrospectively or concurrently with the filling of prescriptions; how, if at all, it applies to pharmacists or should be used by pharmacists on receipt of a prescription; how it impacts, and/or whether it limits, the exercise of judgment by pharmacists on receipt of a prescription; whether it imposes quantity limits and, if so, how; and how, if at all, it limits dispensing. Please also state for each system: who developed it; when it was developed; what pharmacies first put it in place and when they did so; and when it became required. Finally, for each system, please identify all federal and state authority—and any other material—that indicates it was required.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 28:**

Plaintiffs object to the term "standard of care" as undefined, irrelevant, and more appropriately the subject of expert testimony, if any. Plaintiffs object in that the identity of "all systems and/or programs" defendants were "required to implement" to safeguard against the proliferation of opioids are in the possession and control of the defendants.  Subject to and without waiving all objections, plaintiffs answer as follows:

Subject to and without waiving objections, Plaintiffs respond this contention interrogatory more appropriately answered at the close of discovery on the dispensing claims.  F.R.C.P. 26.  The issue of what "systems and programs" are and were in place is the subject of Plaintiffs ongoing discovery requests of Defendants here, making this request premature.

Plaintiffs refer Defendants to the Complaints in this case, summary judgment briefing, motion to dismiss briefing, and Plaintiffs' responses and objections to Interrogatory No. 26 and 27.

Discovery into this topic is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO and the Federal Rules of Civil Procedure.

Subject to and without waiving objections, Plaintiffs refer Defendants to Judge Polster's SOMS A Ruling (Dkt #2483) and Plaintiffs' motion to dismiss oppositions in CT3 (Dkt. #3366). Plaintiffs further respond with the following:

**Red Flag Criteria**

Doctor Shopping – Patient Traveled Abnormal Distance to a Prescribes

1)        An opioid was dispensed to a patient that traveled for more than 25 miles to visit their prescriber and [the patient received at least 1 other opioid prescription from the same prescriber on a different day in any 30-day period or the patient received a benzodiazepine or muscle

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

relaxer prescription from the same prescriber, written on the same day as the original opioid prescription].

2)      An opioid was dispensed to a patient that traveled for more than 25 miles to visit their prescriber and the patient received at least 1 other opioid prescription (written by a different prescriber) within 20 days of the original opioid prescription.

3)      An opioid was dispensed to a patient that traveled for more than 25 miles to visit their prescriber and the patient received at least 2 other opioid prescriptions (written by different prescribers) in any 45-day period.

4)      An opioid was dispensed to a patient that received opioids from at least 2 other prescribers in any 45-day period.

5)      An opioid was dispensed to a patient that received opioids from at least 2 other prescribers (such that all the prescribers have different zip codes) in any 60-day period.

Pharmacy Shopping – Patient Traveled Abnormal Distance to Pharmacy

6)      An opioid was dispensed to a patient that traveled for more than 25 miles to visit the pharmacy and the patient subsequently received at least 1 other opioid prescription dispensed from at least 1 other pharmacy within 20 days of the original opioid prescription.

7)      An opioid was dispensed to a patient that traveled for more than 25 miles to visit the pharmacy and the patient was dispensed at least 2 other opioid prescriptions (written by any prescribers and dispensed by at least 1 other pharmacy) in any 45-day period.

8)      An opioid was dispensed to a patient that had received opioids from at least 1 other pharmacy (such that both pharmacies have different zip codes) in any 45-day period.

Pattern Prescribing - Prescriber Writes Same Drug of Same Strength to Multiple Patients

9)      An opioid was dispensed to at least 4 different patients on the same day and the opioid prescriptions were for the same drug and strength and were written by the same prescriber.

10)      An opioid was dispensed to at least 3 different patients within an hour and the opioid prescriptions were for the same drug and strength and were written by the same prescriber.

11)      An opioid was dispensed on the same day by the same pharmacy to at least 2 different patients from the same zip code that is more than 25 miles away from the pharmacy, and the opioid prescriptions were for the same drug and strength (written by any prescriber) and were paid by cash.

12)      An opioid was dispensed on the same day by the same pharmacy to at least 2 different patients from the same zip code that is more than 25 miles away from the pharmacy, and the opioid prescriptions were for the same drug and strength and were written by the same prescriber.

<u>Excessive Dispensing – Dispensing Too Frequently or Abnormal Volume</u>

13)      An opioid prescription was refilled (indicated when the number of the fill of the prescription is 2 or more) more than 5 days before the patient's previous prescription should have run out (as indicated by the "days of supply" of the previous prescription). Only the refill is flagged.

14)      An opioid prescription was filled more than 5 days before the patient's last opioid prescription should have run out and the two opioid prescriptions were for the same drug and strength, regardless of the number of dosage units being filled. Only the subsequent prescription is flagged.

15)      The "days of supply" in any 6-month period for any individual type/dosage of opioid is greater than 210 days (this is done separately for each type/dosage of opioid the patient received, e.g., Oxy 15 and Oxy 30 prescriptions are counted separately).

16)      A patient was dispensed the same opioid in excess of 90 dosage units at least 2 times in a 20-day period and the payment indicates cash or other non-insurance payment for at least one of the prescriptions.

17)      A patient was dispensed more than 1 immediate-release opioid and more than 1 extended-release opioid in a 20-day period.

Illegitimate Prescribing – Abnormal Quantity, Strength, or Frequency

18)      At least 3 opioid prescriptions of the same drug and strength were written to a patient by the same prescriber on the same day.

19)      At least 4 opioid prescriptions were written to a patient by the same prescriber over a 45-day period, and each prescription was written on a different date within the 45-day period.

20)      A prescriber wrote opioid prescriptions to at least 2 patients over a 5-day period, and each patient resides in a zip code that is more than 25 miles away from the prescriber.

21)      A pharmacy filled an opioid prescription written by a prescriber that is a top 5% prescriber (in terms of total dosage units) for any opioid, and the specific opioid for which the prescriber is a top 5% prescriber accounts for more than 50% of the total opioid prescriptions issued by the prescriber (measured by volume of dosage units prescribed and regardless of pharmacy dispensing ), and more than 50% of the patients who received these specific opioid prescriptions paid cash (regardless of pharmacy dispensing).

Suspicious or Illicit Use – Illegitimate Cocktails or Combinations

22)      An opioid and a [benzodiazepine or muscle relaxer] were dispensed to a patient on the same day (by any pharmacy in the chain) and both prescriptions were written by the same prescriber.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

23) An opioid, a benzodiazepine and a muscle relaxer were dispensed to a patient on the same day (by any pharmacy in the chain) and all the prescriptions were written by the same prescriber.

24) 3 or more opioid prescriptions were dispensed to a patient on the same day (by any pharmacy in the chain).

25) A patient received an opioid and a [benzodiazepine or muscle relaxer] on two separate days within a 30-day period.

26) A patient received at least 2 opioid prescriptions and at least 2 [benzodiazepine or muscle relaxer] prescriptions within a 14-day period.

<u>Multiple Opioids, Cocktails, Combination and Cash Payments</u>

At least 3 opioid prescriptions were dispensed to a patient within a 30-day period (written by any prescriber and filled by any pharmacy); and the patient paid cash for each of these prescriptions and had no other non-cash payment transactions for controlled substances during the same 30-day period; and this patient had at least 2 [benzodiazepine or muscle relaxer] prescriptions (written by any prescriber and filled by any pharmacy) filled in the same 30-day period.

Plaintiffs reserve the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 29**:

Identify any complaints, formal or informal, that You received—including complaints that any pharmacist, prescriber, or other Healthcare Provider employed by or affiliated with You received—regarding any prescriber or other Healthcare Provider, or any pharmacy or pharmacist, related to Prescription Opioids or Illicit Opioids, including complaints regarding any potential or alleged misuse, diversion, improper dispensing, failure to dispense, improper prescribing, refusal or failure to prescribe, violation of state or federal law or regulation, or any wrongful conduct related to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Prescription Opioids or Illicit Opioids. For each Communication, please identify the date of the Communication, who the Communication was from, to whom the Person communicated the complaint, and describe the substance of the Communication.

**Response to Interrogatory No. 29:**

Plaintiff objects to this Request as vague and ambiguous to the extent that it fails to define what is meant by a "formal complaint" or "informal complaint." Plaintiff further objects to this Request as overly broad and unduly burdensome as it requires Plaintiff to identify all instances in which Plaintiff or "any pharmacist, prescriber, or other healthcare provider employed, funded by, or affiliated with Plaintiff" received any "complaints" relating to Prescription Opioids regarding "any" prescriber, healthcare provider, or pharmacy, without limitation.

Plaintiffs object to this Request as vague and ambiguous to the extent that it fails to define what is meant by a "formal complaint", "informal complaint", "improper prescribing" and "improper dispensing." Plaintiffs further object to this Request as overly broad and disproportionately burdensome in requires Plaintiffs to identify any instance in which Plaintiffs or "any pharmacist, prescriber, or other healthcare provider employed, funded by, or affiliated with Plaintiff" received any "complaints" relating to Prescription Opioids regarding "any" prescriber, healthcare provider, or pharmacy, without limitation.

Subject to and without waiving objections, Plaintiffs will produce non-privileged documents maintained in the ordinary course of business and could be located following a reasonable diligent search, after running agreed upon search terms, as are within Plaintiffs' possession, custody, or control pursuant to Federal Rule of Civil Procedure 33(d).

Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Requests, consistent with further investigation, fact and expert discovery.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Interrogatory No. 30:**

Identify all Persons with knowledge of Your claims against the National Retail Pharmacies, including all of Your employees, representatives, and or agents with knowledge regarding the abuse, use, misuse, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids by County residents.

**Response to Interrogatory No. 30:**

Plaintiffs object to this interrogatory as overly broad as drafted.

Subject to and without waiving objections, Plaintiffs respond that this interrogatory will or may be the subject of an expert report, and identify the following Persons "with knowledge" regarding the Opioid Epidemic:

TRUMBULL COUNTY

| Name | Title |
| --- | --- |

Adrian Biviano - County Auditor

Dr. Thomas James - County Coroner

Darryl Rodgers - Drug Court Coordinator

Timothy Schaffner - Exec. Director, Children Services Board

Rick Tvaroch - QA Supervisor Children Services Board

Gina Buccino-Arnaut - Prosecutor, Drug Prosecution Division

Charles L. Morrow - Chief Prosecutor, Criminal/Drug Prosecution Division

Cpt. Tony Villanuega - Commander TAG

Maj. Daniel Mason -Jail Administrator

Chief Ernest Cook - 911 Director/Former Chief Deputy Sheriff

April Caraway - Exec. Director, Mental Health and Recovery Board

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Lauren Thorp - Director of Recover and Youth Programs at Mental Health and Recovery Board

Keith Evans - Chief Probation Officer

<u>LAKE COUNTY</u>

Name                    Title

Christopher Galloway - Auditor

Michael Matas - Budget Director

Joel DiMare - Director of Admin Services/Former Budget Director

Dr. Mark Komar - Coroner

Craig Berry - Chief Probation Officer

Matthew Battiato - Director, Job & Family Services

Lori O'Brien - Admin of Adult and Child Protective Services

David Tressler - Program Admin Caley Home

Anne Rasic - Business Admin at Lake County Dept of Job and Family Services

Karen Kowall - Chief Prosecuting Attorney

Sgt. Christopher Begley - Narcotics Supervisor, Pharmaceutical Diversion Unit

Cpt. Cynthia Brooks - Jail Admin

Cpt. Ronald Walters - Detective Buerau Captain

Diane Snow, RN - Jail Medical Coordinator

Det. Jeffrey Belle - Sheriff's Detective

LeAnne Suchanek - Crime Lab Director

**Interrogatory No. 31:**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Identify all of your employees, representatives, officers, agents, or others acting on Your behalf throughout the Relevant Time Period, including the positions (or their equivalent) listed in item I.A.8 of the Government Plaintiff Fact Sheet You were required to complete in this MDL.

**Response to Interrogatory No. 31:**

Plaintiffs reserve their right to amend and/or to supplement its objections and responses to the Requests, consistent with further investigation and discovery.

Plaintiffs further object to this request as overly broad and burdensome as it seeks to identify "all of your employees, representatives, officers, agents, or others acting on Your behalf..."

Subject to and without waiving objections, Plaintiffs respond as follows:

Lake County

•   Mayors: N/A

•   City councilmembers: N/A

•   County commissioners: Robert Aufuldish, Ray Sines, Daniel Troy, Judy Moran, Kevin Malecek, Jerry Cirino, John Hamercheck (President), Ron Young (Vice President)

•   County supervisors: Ken Gauntner, Jason Boyd (County Administrators)

•   County executives: N/A

•   Chief health officers: N/A

•   Auditors: Ed Zupancic (Retired 2019 after 32 years), Christopher A. Galloway (April 2019 – Present)

•   Recorders: Ann Radcliffe, Jason Wuliger, Frank Zuponcic, Becky Lynch

•   Sheriffs or Police Chiefs: Daniel Dunlap (1993-2019), Frank Leonbruno, Sheriff (2019 – Present)

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

- Coroners or Medical Examiners: Sal Rizzo, Mark Komar, Lynn Smith (2010-2016), Mark Komar, Coroner (2017 – Present), David Keep, Deputy Coroner (2008 – Present)

- Treasurers: John Crocker (Deceased), Lorraine Fende (2013 – Present)

- Chief accountants: N/A

- Chief financial officers: Michael Matas, Joel DiMare

- Correctional facility supervisors: Frank Leonbruno, Cynthia Brooks

- Wardens: N/A

- Heads of Department of Public Health: N/A

- Fire chiefs: N/A

- Directors of Emergency Medical Services: N/A

Trumbull County

- Mayors: N/A

- City councilmembers: N/A

- County commissioners: Frank Fuda, Dan Polivka, Mauro Cantalamessa, Joseph Angelo, & Paul Heltzel (deceased)

- County Supervisors:  N/A

- County executives: Interim administrator, Richard Jackson; April Caraway Exec. Director T.C. Mental Health & Recovery Board; Timothy Shaffner Director Trumbull County Children Services Board

- Chief health officers: Not Applicable

- Auditors: Adrian Biviano

- Recorders:  Diana Marchese & Todd Latell

- Sheriffs: Thomas Altiere & Paul Monroe

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Coroners or Medical Examiners: Dr. Germanick (deceased); Dr. Thomas James

- Treasurer: Sam Lamancusa

- Chief accountants: Debbie Santangelo & Mark Delfratte

- Chief financial officers: N/A

- Correctional facility supervisors: Dan Mason

- Wardens: Dan Lester, Jeffrey Palmer

- Heads of Department of Public Health: Not Applicable

- Fire chiefs: N/A

- Directors of Emergency Medical Services: Linda Beil

**Interrogatory No. 32:**

Identify any lay or expert opinions You intend to offer at trial

**Response to Interrogatory No. 32**:

Plaintiffs object to the interrogatory as premature under the scheduling Order in this matter.

Subject to and without waiving objections, Plaintiffs respond they will provide names of trial and expert witnesses pursuant to the CMO already in place.

**Interrogatory No. 33:**

Identify all Persons and entities whose conduct You believe was a substantial factor in creating the alleged public nuisance and state the bases for such belief, including: Opioid Manufacturers; Opioid Distributors (not including self-distributors); FDA; DEA; Ohio Board of Pharmacy; doctors, Healthcare Providers, and other prescribers of opioids; internet pharmacies; pill mills; independent (non-chain) pharmacies; criminal actors; patients; drug abusers; and insurance companies.

**Response to Interrogatory No. 33:**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Plaintiffs object to use of the pejorative term "drug abusers."  Plaintiffs object to the term "substantial factor" as undefined and requiring a legal determination. Plaintiffs further object to this Interrogatory as it is irrelevant due to joint and several liability. Polster Or. (Dkt. 2572).

Subject to and without waiving any objections, Plaintiffs answers that the following entities are and were a substantial factor in creating the public nuisance at issue in this case: the Opioid Manufacturer defendants, the Opioid Distributor defendants, and the Opioid Pharmacy defendants as those terms have been used and are understood in standard practice of this MDL.  Specific to CT3 and relevant to this case, Plaintiffs identify CVS, Walgreens, Walmart, Rite Aid and Giant Eagle as substantial factors in creating the public nuisance that is the Opioid Epidemic. Whether any other person or entity is a substantial factor in creating the nuisance is irrelevant to these defendants' liability due to joint and several liability.  *Id.*

**Interrogatory No. 34:**

For any Person or entity identified in response to Interrogatory No. 33, state whether You have sought to recover from such Person or entity for any damage or harm alleged in this case, and if not why not.

**Response to Interrogatory No. 34:**

Plaintiffs object on the grounds of relevance. Plaintiffs object to the extent this calls for attorney client or work product protected material.

Subject to and without waiving all objections, Plaintiffs initiated lawsuits against the entities identified in their response to Interrogatory No. 33.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Dated:  July 9, 2020

Respectfully submitted,
Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Salvatore C. Badala, certify that on this 9th day of July 2020, I caused the foregoing to be served via electronic mail on Defendants via EXT_Track1BDefendants@jonesday.com.

*s/ Salvatore C. Badala*