Case: 1:17-md-02804-DAP Doc #: 3908-13 Filed: 08/30/21 1 of 5. PageID #: 535832

# EXHIBIT 13



www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 1001
Washington, DC 20004
**o.** 202.232.5504   **f.** 202.232.5513

**Linda Singer**
*Licensed in DC, NY*
direct:  202.386.9626
lsinger@motleyrice.com

August 23, 2021

**VIA ELECTRONIC MAIL**
Mr. James R. Bennett II
Assistant U.S. Attorney
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1853
Attorney for the United States Department of Justice
Drug Enforcement Administration
*James.Bennett4@usdoj.gov*

      RE:    **Authorization for Trial Testimony of Joseph Rannazzisi;**
                *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804;
                *County of Trumbull, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 18-op-45079;
                *The County of Lake, Ohio v. Purdue Pharma L.P., et al.*, Case No. 18-op-45032.

Dear Mr. Bennett:

      Plaintiffs' counsel for Lake and Trumbull counties, request, pursuant to 28 C.F.R. § 16.21 *et seq.*, the Department of Justice ("DOJ") *Touhy* regulations, a limited authorization to permit the trial testimony of Joseph Rannazzisi in the upcoming Track 3 MDL trial.  The trial is scheduled to begin on October 4, 2021.  Plaintiffs seek testimony from Mr. Rannazzisi on the specific topics set forth below.  Consistent with 28 C.F.R. § 16.24(c) and Local Rule 37.1, we are willing to discuss the scope of this request as well as the most efficient means to move forward at your earliest convenience.

**I. Summary of Information Sought and its Relevance to the Proceeding**

      The County of Trumbull and Lake County have brought claims against the chain pharmacies for their dispensing and distribution of opioids into the counties and for their roles in causing the devastating opioid epidemic in these communities by facilitating or failing to prevent the diversion of opioids, despite their duties under state and federal law.  Plaintiffs seek trial testimony from Mr. Rannazzisi on the following topics:

      1.    Your personal employment history with the DEA.

      2.    Your general duties in your various positions held in DEA.



Touhy Letter from Linder Singer to James Bennett
August 23, 2021
Re: Authorization for Trial Testimony of Joseph Rannazzisi in MDL 2804 CT3
Page 2

3. Your personal recollection of your communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74, including the letters you authored in 2006 and 2007.

4. Your personal recollection regarding your interactions with distributors and dispensers of opioids during your tenure at the Office of Diversion Control.

5. Your personal recollection regarding DEA's practices and procedures relating to ARCOS data and suspicious order reports.

6. Your personal recollection of requests that DEA may have received from registrants for de-identified ARCOS data and any responses by DEA thereto.

7. Your role within DEA in establishing procurement and manufacturing quotas for opioid medications.

8. Any information regarding the non-privileged documents you obtained in the course of your DEA employment that you retained at the time of your departure.

9. Your personal understanding of DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823; and 21 C.F.R. §§ 1304.22; 1301.71(a); 1301.74; and 1306.04(a) as well as your personal understanding of DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders to the extent covered by the foregoing specific topics.

10. Your personal recollection of your communications with DEA registrants about 21 U.S.C. § 823; and 21 C.F.R. §§ 1304.22; 1301.71(a); 1301.74; and 1306.04(a) and the dispensing of opioids.

11. Your personal recollection of guidance documents provided to pharmacies and pharmacists related to proper dispensing of prescription opioids and/or red flags indicative of potential diversion.

12. Your personal recollection of meetings and communications with the National Retail Pharmacies related to the diversion of prescription opioids.



Touhy Letter from Linder Singer to James Bennett
August 23, 2021
Re: Authorization for Trial Testimony of Joseph Rannazzisi in MDL 2804 CT3
Page 3

> 13. Your personal recollection of publicly disclosed information related to administrative actions taken against the National Retail Pharmacies or individual pharmacies or pharmacists related to the dispensing of controlled substances under the CSA and the diversion of prescription opioids.
>
> 14. Your personal recollection of meetings and communications with trade organizations such as the National Association of Chain Retail Drug Stores and the National Association of Board of Pharmacies related to the dispensing of controlled substances under the CSA and the diversion of prescription opioids.

The proposed topics for examination are relevant to: the companies' knowledge or understanding of their legal duties with respect to diversion; their noncompliance with those duties, and the companies' knowledge or notice of deficiencies in their programs and practices.

**II. Disclosure is Consistent with 28 C.F.R. § 16.21 et seq. and Rule 45 of the Federal Rules of Civil Procedure.**

DOJ's *Touhy* regulations provide that when deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider: (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege. 28 C.F.R. § 16.26(a).

Here, both considerations are satisfied. First, DOJ has previously granted similar requests from the parties in Case Track One ("CT1" and "CT1B") and Case Track Two ("CT2") of this litigation, therefore determining disclosure of the requested information to be appropriate under the governing rules. Next, although *Touhy* regulations prohibit disclosure in certain circumstances,[1] Plaintiffs' requests are not intended to, and would not, implicate any of these required exclusions.

---

[1] Subject to certain exceptions, disclosure of information is prohibited pursuant to 28 C.F.R. 16.26(b) if:
(b)(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, Fed. R. Crim. P. 6(e),
(b)(2) Disclosure would violate a specific regulation;
(b)(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,
(b)(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
(b)(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,
(b)(6) Disclosure would improperly reveal trade secrets without the owner's consent.



Touhy Letter from Linder Singer to James Bennett
August 23, 2021
Re: Authorization for Trial Testimony of Joseph Rannazzisi in MDL 2804 CT3
Page 4

      The requested information is consistent with ordinary subpoena practice and does not seek disclosure of information prohibited by statute, rule, or regulation; information that is classified or that would reveal the source of an informant or confidential source; information that that would interfere with ongoing enforcement proceedings; or, information that would improperly reveal trade secrets without the owner's consent.

      If you have any questions or concerns concerning this subpoena or require additional information, please contact me at (202) 386-9626 or lsinger@motleyrice.com.

      Respectfully yours,

      /s/ Linda Singer

Enclosures as referenced.

cc:    All Plaintiffs Counsel, mdl2804discovery@motleyrice.com
       All Defense Counsel, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
       Michael Elsner, melsner@motleyrice.com
       Alex K. Haas, Alex.Haas@usdoj.gov
       Alice S. LaCour, Alice.S.LaCour@usdoj.gov
       Eric J. Soskin, Eric.Soskin@usdoj.gov