# EXHIBIT 15



www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 1001
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**Linda Singer**
*Licensed in DC, NY*
direct:  202.386.9626
lsinger@motleyrice.com

September 17, 2019

**VIA USPS CERTIFIED MAIL AND EMAIL**
James R. Bennett II
Assistant U.S. Attorney
801 W. Superior Avenue
Suite 400
Cleveland, Ohio  44113-1852

Re:    Touhy Request in *National Prescription Opiate Litig.,* MDL No. 2804, 1:17-md-02804-DAP

Dear Mr. Bennett:

I write on behalf of the Plaintiffs to request the appearance of Joseph Rannazzisi and Patrick Leonard to appear in person and in the trial in the above captioned case, which begins on October 21, 2019.  These are the only two DEA witnesses whose appearances Plaintiffs request at trial.

Joseph Rannazzisi

Mr. Rannazzisi's testimony would cover non-privileged, factual matters within his personal knowledge and limited to the scope of his prior Tuohy authorization, dated December 10, 2018.  A copy of the subpoena to Mr. Rannazzisi is attached as Exhibit A.

As demonstrated by his deposition in this matter, Mr. Rannazzisi's testimony goes to issues at the heart of the litigation.  Plaintiffs contend that Defendants failed to maintain effective controls to prevent diversion and to detect, report, and reject suspicious orders of opioids, creating a public nuisance and causing other grave harm to Summit and Cuyahoga Counties.  As Deputy Assistant Administrator of the Office of Diversion Control, Mr. Rannazzisi was directly and personally involved in interacting with DEA registrants about their obligations with respect to suspicious orders and in interpreting and enforcing federal law regarding diversion and suspicious order monitoring.  He also has direct and personal knowledge of DEA's policies and practices relating to suspicious order reports, ARCOS data, and quotas for opioids.



401 9th St. NW, Suite 1001
Washington, DC 20004
**o.** 202.232.5504   **f.** 202.232.5513

**Linda Singer**
*Licensed in DC, NY*
direct:  202.386.9626
lsinger@motleyrice.com

<u>Patrick Leonard</u>

Mr. Leonard's testimony also cover non-privileged, factual matters within his personal knowledge and limited to the scope of his prior Tuohy authorization, dated May 7, 2019.  A copy of the subpoena to Mr. Leonard is attached as Exhibit B.

Mr. Leonard would testify regarding his experience as a DEA Task Force Officer assigned to the Tactical Diversion Squad covering the Plaintiff jurisdictions, Cuyahoga and Summit Counties.  His on-the-ground knowledge regarding the diversion of prescription drugs into or within Summit and Cuyahoga County, the Task Force's efforts to combat diversion and to respond to the opioid epidemic, and the opioid epidemic in these Counties related will also be critically important to issues to be presented at trial.

Because compliance with the subpoena is subject to the *Touhy* process pursuant to 28 C.F.R. §16.21 *et seq*., we have not affected formal service of process and hope that it will be unnecessary.  If, however, the Department of Justice requires us to effect formal service on Mr. Rannazzisi and Mr. Leonard prior to entertaining this request, please let me know and we will do so.

Thank you for your consideration of this request.  Given prior correspondence and hearings on these issues, I have not restated all of the relevant history and justifications for this request for Mr. Rannazzisi's and Mr. Leonard's appearance.  Please let me know if you need more information or to discuss the request.

Sincerely,
/s/_____
Linda Singer

CC:   Natalie Waites, USDOJ
Renee Bacchus, USDOJ
xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

# EXHIBIT A

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| Cabell County Commission, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| Purdue Pharma L.P., et al. | ) |
| *Defendant* | ) |

Civil Action No.   1:17-md-2804-DAP

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Joseph Rannazzisi

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place:  801 W Superior Ave, Cleveland, OH 44113 | Courtroom No.: |
|---|---|
| | Date and Time:  10/21/2019 9:00 am |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/17/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Linda Singer |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Cabell County Commission, et al._____ , who issues or requests this subpoena, are:
Linda Singer, lsinger@motleyrice.com, 202-386-9626
401 9th St. NW, Suite 1001 Washington, DC 20004

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:17-md-2804-DAP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| Cabell County Commission et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:17-md-2804-DAP |
| Purdue Pharma L.P., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Patrick Leonard

_____

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: 801 W Superior Ave, Cleveland, OH 44113 | Courtroom No.: |
|---|---|
| | Date and Time: 10/21/2019 9:00 am |

     You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/17/2019

     *CLERK OF COURT*

                                       OR

| | /s/ Linda Singer |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Cabell County Commission, et al. , who issues or requests this subpoena, are:

Linda Singer, lsinger@motleyrice.com, 202-386-9626
401 9th St. NW, Suite 1001 Washington, DC 20004

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:17-md-2804-DAP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____  .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____  ; or

❏ I returned the subpoena unexecuted because: _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $ _____  for travel and $ _____  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print        Save As...        Add Attachment        Reset

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

December 10, 2018

Enu Mainigi
Williams and Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005-5901

    Re: *Touhy* Requests in *In re: National Prescription Opiate Litigation*,
    MDL No. 2804 (N.D. Ohio)

Dear Ms. Mainigi:

  By letter dated July 10, 2018, the defendants in the above-captioned matter (the MDL Defendants) requested testimony from thirteen current and former employees of the United States Drug Enforcement Administration (DEA), one former employee of the FBI, and certain 30(b)(6) testimony under the Department of Justice (DOJ's) *Touhy* regulations, 28 C.F.R. § 16.21, *et seq.* The MDL Defendants' *Touhy* requests were later modified on September 4, 2018, when you proposed "prioritizing" the following eight individuals: Demetra Ashley, Gregory Brodersen, Michael Mapes, Keith Martin, Louis Milione, Joseph Rannazzisi, Dr. Christine Sannerud and Kyle Wright. Defendants also provided revised summaries of requested testimony and statements of relevance for the prioritized witnesses. This letter summarizes DOJ's response to the MDL Defendants' prioritized *Touhy* requests. Attached hereto are copies of the decision letters issued under the *Touhy* regulations in response to defendants' requests.

  As you are aware, federal regulations govern the disclosure of official DEA information by federal employees. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951); *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994). Under these regulations, current and former DEA employees are prohibited from disclosing official information in proceedings in which the United States is not a party without express authorization from the DOJ. *See* 28 C.F.R. 16.22(a). "[N]either FOIA nor a third-party subpoena will provide the private litigant with guaranteed access, at public expense, to the testimonial evidence of agency employees. When the government is not a party, the decision to permit employee testimony is committed to the agency's discretion." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999).

**GOVERNMENT EXHIBIT**

**A**

I have considered the list included in your September 4, 2018, letter of the eight current and former DEA employees whose testimony you seek. After careful consultation with the DEA, I have determined that your request for the disclosure of official government information should be granted in part and denied in part. Specifically, the following individuals are authorized to give deposition testimony on the topics set forth in their authorization letters and summarized below:

**Demetra Ashley:** Ms. Ashley is authorized to give non-privileged, factual testimony within her personal knowledge relating to her former position as the Acting Assistant Administrator for the Office of Diversion Control. Specifically, she is authorized to provide testimony regarding her personal recollections of her communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74; advice she provided regarding registrants' obligation to monitor orders placed with third-party registrants; and her interactions with manufacturers and distributors of opioids during her tenure at the Office of Diversion Control.

I am also authorizing Ms. Ashley to provide testimony on "DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74" and "DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders" to the extent covered by the foregoing specific topics on which she is authorized to testify.

**Joseph T. Rannazzisi:** Mr. Rannazzisi is authorized to give non-privileged, factual testimony within his personal knowledge relating to his former position as a Deputy Assistant Administrator of the Office of Diversion Control. Specifically, he is authorized to provide testimony regarding his personal recollections of his communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74, including the letters he authored in 2006 and 2007; advice he provided regarding registrants' obligation to monitor orders placed with third-party registrants; his interactions with opioid manufacturers and distributors during his tenure at the Office of Diversion Control; his understanding of DEA's practices and procedures relating to ARCOS data and suspicious order reports; his personal recollection of requests the DEA may have received from registrants for de-identified ARCOS data and any responses by DEA thereto; his role within DEA in establishing procurement and manufacturing quotas for opioid medications; and documents obtained by him during his DEA employment and retained by him following his departure.

Mr. Rannazzisi is further authorized to provide testimony on "DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74" and "DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders" to the extent covered by the foregoing specific topics on which he is authorized to testify. Mr. Rannazzisi is not authorized to testify about "DEA's decision not to allow Distributors access to de-identified ARCOS data prior to February 2018," because Mr. Rannazzisi retired from DEA in 2015 and, therefore, has no personal knowledge of any agency action announced in February 2018.

**Kyle J. Wright:** Mr. Wright is authorized to give non-privileged, factual testimony within his personal knowledge relating to his former position as a Staff Coordinator in the Regulatory Division of the Office of Diversion Control and in the Targeting & Analysis Unit of the Office of Diversion Control. Specifically, Mr. Wright is authorized to testify regarding his personal recollections of his practices and procedures relating to ARCOS data and suspicious order reports, and his interactions with registrants when a distributor terminated its relationship with a customer due to the risk of diversion.

Mr. Wright is further authorized to provide testimony on "DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74" to the extent covered by the foregoing specific topics on which he is authorized to testify. Mr. Wright is not authorized to provide testimony on "DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders placed with other third party registrants and/or the use or potential use of Chargeback data in connection with any obligation under 21 U.S.C § 823 or any other provision of the Controlled Substances Act and 21 C.F.R. § 1301.74 or any other implementing regulation of the Controlled Substances Act" because this request is cumulative.

***

The above-named witnesses are not authorized to give testimony on any matter other than that which concerns the above-stated topics and information. Topics on which these witnesses are not authorized to testify include:

- matters requiring a statement of their personal opinions regarding non-public facts or information acquired as part of the performance of their official duties;
- non-public recommendations concerning proposed agency action;
- information concerning an ongoing investigation;
- materials prepared by counsel; or
- other information that may be privileged or otherwise non-releasable.

Although I have authorized certain testimony, I have determined that Gregory Brodersen, Michael Mapes, and Louis J. Milione will not be authorized to testify in connection with the subject matters identified in your July 10 and September 4 letters. After an interview of each of these witnesses, I have concluded that the witnesses either lack first-hand knowledge of the proposed topics, or the requested testimony would be duplicative of other testimony that I have authorized. *See, e.g., United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000) (affirming the denial of request to subpoena witnesses whose testimony, although relevant, would be cumulative); *see also* Fed. R. Civ. P. 26(b)(2)(C).

As your September 4 letter "de-prioritizes" your July 10 requests for the testimony of Denise Foster, Michele Leonhart, Charles P. Rosenberg, Alan G. Santos, Derek Siegle, and Matthew Strait, I have not considered these specific requests. Nonetheless, I also note that no subpoenas were issued for Ms. Foster or Ms. Leonhart; Mr. Santos has not

been served; and Mr. Siegle is not a current or former DEA employee. Finally, although Dr. Christine Sannerud and Keith Martin remain on your "priority" list, I have not considered your request for their testimony. I did not consider your request for Mr. Martin because you did not issue a subpoena for him. Regarding Dr. Sannerud, I understand that she was served just this morning so I will follow up on the request for authorization for her separately. I do note that contrary to Fed. R. Civ. P. 45, her deposition was noticed at a location more than 100 miles from where she resides.

Please contact Assistant U.S. Attorney James Bennett (216-622-3988) to discuss mutually agreeable times for the deposition testimony I have authorized.

Sincerely,

AVA ROTELL DUSTIN
Executive Assistant United State Attorney
Office of the U.S. Attorney for the Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C § 515



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

December 10, 2018

Joseph Rannazzisi

Annandale, VA 22003

      Re: Subpoena in *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)

Dear Mr. Rannazzisi:

      You have been requested by counsel for defendants in the above captioned case to appear at a deposition and testify regarding official Department of Justice information. The Drug Enforcement Administration (DEA) was notified of this request and has stated that it has no objections to a limited authorization as set forth below for you to appear and testify. Therefore, pursuant to 28 C.F.R. § 16.24, you are hereby authorized to appear and to give non-privileged, factual testimony within your personal knowledge regarding the following:

1.     Your general employment history with the DEA;

2.     Your general duties in your various positions held in DEA;

3.     Your personal recollection of your communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74, including the letters you authored in 2006 and 2007;

4.     Your personal recollection of advice you provided third-parties regarding registrants' obligation to monitor orders placed with third-party registrants;

5.     Your personal recollection regarding your interactions with manufacturers and distributors of opioids during your tenure at the Office of Diversion Control;

6.     Your personal recollection regarding DEA's practices and procedures relating to ARCOS data and suspicious order reports;

**GOVERNMENT**
**EXHIBIT**

**C**

7.  Your personal recollection of requests that DEA may have received from registrants for de-identified ARCOS data and any responses by DEA thereto;

8.  Your role within DEA in establishing procurement and manufacturing quotas for opioid medications;

9.  Any information regarding the non-privileged documents you obtained in the course of your DEA employment that you retained at the time of your departure;

10. Your personal recollection regarding "DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74" and "DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders" to the extent covered by the foregoing authorized specific topics.

With regard to these authorized areas of testimony, you are <u>not</u> authorized to disclose any information that would disclose privileged information, including, but not limited to, the following:

A.  Information regarding any specific DEA investigations or activities;

B.  Classified and classifiable information;

C.  Information that would reveal the internal deliberative process within the United States Department of Justice, including the DEA, the United States Attorney's Office, and/or any other federal departments or agencies;

D.  Information that would reveal a confidential source or informant;

E.  Information the disclosure of which would violate a statute, including laws governing grand jury proceedings;

F.  Information that could threaten the lives or safety of any individual, including home addresses of law enforcement personnel;

G.  Information that could interfere with ongoing investigations and/or prosecutions;

H.  Information that could reveal investigative or intelligence gathering and dissemination techniques whose effectiveness would be thereby impaired;

I.  Privileged attorney-client information;

J.  Information that would reveal attorney work product or matters of prosecutorial discretion;

K.  Expert opinion testimony related to non-public facts or information acquired as part of your performance of your official duties;

L.  Personal opinions regarding non-public facts or information acquired as part of your performance of your official duties; and

M.  Any non-public recommendations you made or you were aware of concerning any proposed agency action.

If you are asked to testify beyond the limits stated above, you should respectfully decline to answer and explain that 28 C.F.R. § 16.22(a) precludes you from doing so. Further, you are not authorized to disclose official information on any other subject. If you have any questions, please do not hesitate to contact DEA Assistant Deputy Chief Counsel Sandra Stevens or Assistant U.S. Attorney James Bennett (216-622-3988).

AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Office of the United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 515

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | CASE NO. 1:17-MD-2804 |
| OPIATE LITIGATION | ) | |
| | ) | JUDGE DAN A. POLSTER |
| | ) | |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| | ) | |
| | ) | NOTICE OF SUPPLEMENTAL |
| | ) | AUTHORIZATION |

PLEASE TAKE NOTICE that the United States of America received a request for the disclosure of official Department of Justice ("DOJ") information in the above-captioned case. Specifically, on March 20, 2019, DEA Task Force Officers Lori Baker-Stella, Patrick Leonard, and John Prince were authorized to disclose certain official DOJ information and were subsequently deposed by Defendants. During those depositions, questions were asked that sought official DOJ information outside of the scope of the authorizations. After review, DOJ has issued supplemental authorizations to disclose official DOJ information to the three TFOs. Those authorizations are attached hereto as Government Exhibits A, B, and C.

Respectfully submitted,

AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By:     /s/ James R. Bennett II
        JAMES R. BENNETT II (OH #0071663)
        Assistant U.S. Attorney
        Carl B. Stokes U.S. Courthouse
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio  44113-1852
        Telephone:  (216) 622-3600
        Facsimile:  (216) 522-4982
        E-mail:  James.Bennett4@usdoj.gov

        Attorney for United States Department of Justice,
        Drug Enforcement Administration

<u>CERTIFICATE OF SERVICE</u>

I certify that, on May 8, 2019, I filed a copy of the foregoing electronically.  The Court's electronic filing system will send notice of this filing to all parties.  Parties may access this filing through the Court's system.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney

2



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

May 7, 2019

Task Force Officer Patrick Leonard
United States Drug Enforcement Administration
Detroit Division
431 Howard Street
Detroit, MI 48226

       Re: Subpoena in *In re: National Prescription Opiate Litigation*, MDL No. 2804
(N.D. Ohio)

Dear Officer Leonard:

      You have been requested by counsel for defendants in the above captioned case to appear at a continued deposition and testify regarding additional official Department of Justice information. The Drug Enforcement Administration (DEA) was notified of this request and has stated that it has no objections to a limited authorization as set forth below for you to appear and testify. Therefore, pursuant to 28 C.F.R. § 16.24, you are hereby authorized to appear and to give non-privileged, factual testimony within your personal knowledge regarding the following:

1. Your career as a deputized DEA Task Force Officer (TFO) assigned to the Tactical Diversion Squad;

2. Your general duties in your position as a TFO;

3. Your general command structure as a TFO;

4. Your personal knowledge regarding any public payments or remissions between the DEA and Akron Police Department related to your position as a Task Force Officer;

5. Your personal knowledge of the diversion of prescription drugs into or within Summit County and/or Cuyahoga County generally;

6. Your personal knowledge of the general efforts of the task force to investigate or track the illegal entry, distribution, trafficking, diversion or use of opioids within Summit County and/or Cuyahoga County;

**GOVERNMENT EXHIBIT**

**B**

7. Your personal knowledge of the general efforts of the task force to combat diversion, respond to the opioid epidemic, or assist others in doing so in Cuyahoga County and/or Summit County;

8. Your personal knowledge of the identities of any pharmacists, pharmacy technicians, nurses, doctors, other prescribers, patients, or other individuals who were charged and convicted of diverting controlled substances and/or unlawfully trafficking controlled substances into or within Summit County and/or Cuyahoga County;

9. Your personal recollection of any general, non-investigation specific communications you had with government officials within Cuyahoga County, government officials within Summit County, and/or the MDL defendants;

10. Your personal knowledge regarding when the opioid epidemic began in the Akron area;

11. Your personal knowledge regarding any causes of the opioid epidemic;

12. Your personal recollection regarding whether you have investigated any of the defendants in this litigation that resulted in public charges against such defendant;

13. Your personal knowledge about whether any defendant has been publically charged with selling or distributing an opioid in the absence of a prescription from a licensed practitioner;

14. Your personal knowledge about whether any defendant has marketed an opioid to any doctor identified in Summit County and/or the Cuyahoga County's interrogatory responses;

15. Your personal knowledge regarding whether the task force maintains statistics on the rate of diversion in Akron, Summit County, or Norther Ohio;

16. Your personal knowledge regarding the percentage of opioids that have been diverted from areas outside of the City of Akron that are diverted into Akron;

17. Your personal knowledge of the general types of information that you have access to as a task force officer and whether you have access to any publically known databases;

18. Your personal recollection regarding whether you have used ARCOS and/or OARRS to investigate diversion;

19. The titles of any persons on the task force responsible for investigating suspicious order reports for Registrants in Summit County;

20. Your general practice when you receive diversion-related tips;

21. Your personal knowledge of any publically disclosed factors that indicate a physician may be over-prescribing;

22. Your personal recollection of whether you ever attempted to determine the total number of opioids prescribed to residents in Akron, Summit County, or Cuyahoga County;

23. Your personal knowledge of whether fentanyl and its analogs are the primary drug threat in Northern Ohio;

24. Your personal knowledge of whether Mexican drug trafficking organizations are the primary source of fentanyl in Ohio; and

25. Your personal knowledge of any publically disclosed facts in *United States of America v. Adolph Harper, Jr.*, N.D. Ohio Case No. 5:14-CR-0096. Adolph Harper, Jr.

With regard to these authorized areas of testimony, you are not authorized to disclose any information that would disclose privileged information, including, but not limited to, the following:

A. Information regarding any specific DEA investigations or activities;

B. Classified and classifiable information;

C. Information that would reveal the internal deliberative process within the United States Department of Justice, including the DEA, the United States Attorney's Office, and/or any other federal departments or agencies;

D. Information that would reveal a confidential source or informant;

E. Information the disclosure of which would violate a statute, including laws governing grand jury proceedings;

F. Information that could threaten the lives or safety of any individual, including home addresses of law enforcement personnel;

G. Information that could interfere with ongoing investigations and/or prosecutions;

H. Information that could reveal investigative or intelligence gathering and dissemination techniques whose effectiveness would be thereby impaired;

I. Privileged attorney-client information;

3

J.     Information that would reveal attorney work product or matters of prosecutorial discretion;

K.     Expert opinion testimony related to non-public facts or information acquired as part of your performance of your official duties; and

L.     Personal opinions regarding non-public facts or information acquired as part of your performance of your official duties.

If you are asked to testify beyond the limits stated above, you should respectfully decline to answer and explain that 28 C.F.R. § 16.22(a) precludes you from doing so.  Further, you are not authorized to disclose official information on any other subject.  If you have any questions, please do not hesitate to contact DEA Assistant Deputy Chief Counsel Sandra Stevens or Assistant U.S. Attorney James Bennett (216-622-3988).

AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Office of the United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 515