# EXHIBIT B

**MotleyRice** LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

**Linda Singer**
*Licensed in NY, DC*
direct: 202.386.9636
lsinger@motleyrice.com

December 1, 2020

**VIA ELECTRONIC MAIL**

Special Master David R. Cohen
24400 Chagrin Blvd., Suite 30
Cleveland, OH 44122
david@specialmaster.law

    Re:     MDL 2804 – Drug Enforcement Administration Touhy Requests for 30(b)(6) testimony and testimony of Third Party Former DEA Witnesses

Dear Special Master Cohen:

    An urgent issue has arisen in the context of third party discovery of the Drug Enforcement Administration (DEA) which Plaintiffs believe needs your attention and guidance as it has the potential to impact the discovery schedule in the Track Three cases. Over the summer, Defendants and Plaintiffs issued *Touhy* requests to the DEA seeking document discovery and 30(b)(6) deposition testimony. The DEA filed objections, meet and confers were conducted, and the DEA has produced documents in response to a portion of the requests. The parties were also negotiating with the DEA to narrow their lists of 30(b)(6) topics in order that a witness could be prepared and a deposition conducted before the close of Track Three discovery on December 21, 2020.

    On November 11, 2020, the Chain Pharmacy Defendants informed the Department of Justice (DOJ) that they intend to serve deposition notices on two former DEA employees—Louis Milione and Demetra Ashley. Mr. Milione led the DEA's Diversion Control Division from 2015-2017 and Ms. Ashley was the Acting Assistant Administrator and Deputy Assistant Administrator of the DEA from 2015-2018. The Touhy letter identifies six topics of examination of these fact witnesses, which largely overlapped with the Defendant's list of 30(b)(6) topics.[1] Meet and confers were held between the DOJ and the parties on November 16th and November 20th. At the conclusion of the meet and confer on the 20th of November, at the request of the DOJ, the parties agreed to work together to create a single list of topics for 30(b)(6) testimony. On Monday, counsel for the Chain Pharmacies informed the DOJ and Plaintiffs during a further meet and confer on the depositions that they would withdraw their 30(b)(6) notice and proceed instead with depositions of Mr. Milione and Ms. Ashley.

    Plaintiffs object to this process and procedure consistent with the objections we presented to the DOJ and the Defendants in our meet and confer on November 20th and in our correspondence

---

[1] November 11, 2020 Letter attached here as Exhibit A.

MT. PLEASANT, SC | PROVIDENCE, RI | HARTFORD, CT | NEW YORK, NY | WASHINGTON, DC
MORGANTOWN, WV | CHARLESTON, WV | NEW ORLEANS, LA | KANSAS CITY, MO



Letter from Linda Singer to David Sobotkin
December 1, 2020
Re: Letter to Cohen on Defendants Touhy Request
Page 2

of November 24, 2020[2]. There is no reason to have multiple DEA witnesses testify as to the same topics, particularly given the short window before the close of fact discovery. Plaintiffs respectfully request that the Court order one single 30(b)(6) deposition to cover the narrow topics presented in Defendants' and Plaintiffs' revised lists of 30(b)(6) topics. I am confident that Plaintiffs and Defendants could agree on a set of topics if the Court were to adopt this proposal.

The selection of these DEA employees at the close of discovery is also inappropriate in that Ms. Ashley was deposed by Defendants in the Track 1 cases on March 15, 2019 and Mr. Milione served as an expert witness for Purdue in this MDL and was deposed on June 6, 2019. Defendants have failed to give any explanation as to why they have chosen to seek testimony on the same topics as their 30b6 notice from specific fact witnesses, rather than from the DEA itself. Given the limited time before the close of fact discovery and the complications implicit in managing multiple depositions concerning the same topics, the Court should order one 30(b)(6) deposition, which is the only way – especially at this late date – of securing testimony on the issues sought by the parties.

Defendants have also sought multiple fact depositions of former DEA inspections of Defendants distribution centers and diversion investigators in the Cleveland area. It is Plaintiffs' position that DEA third party fact depositions and 30(b)(6) depositions related to distribution topics and investigations are untimely. The Track 3 CMO contemplates that "new discovery propounded in Track 3 will not be duplicative of discovery previously propounded" and that additional discovery in Track 3 will be tailored to Track 3 as appropriate."[3] The parties negotiated the Track 3 CMO recognizing that general distribution discovery was complete and that distribution discovery would be limited to Track 3 orders and due diligence related to those orders. Defendants' growing list of 30(b)(6) notices related to general distribution investigations and the same distribution centers that served the Track 1 jurisdictions should not be permitted. In the event that 30(b)(6) depositions move forward on general distribution DEA investigations, Plaintiffs reserve the right to cross notice their own distribution topics and potentially seek DEA witnesses concerning Defendants' distribution centers. Permitting this type of discovery risks reopening Track 1 distribution depositions -- in which Defendants participated, and have no cause now to revisit.

The DOJ informed the parties that they are unable to prepare multiple witnesses to meet the discovery deadlines. Defendants' late-additions to and changes in DEA discovery threatens the discovery and trial schedule. We request the Court's participation in this process to streamline the discovery sought from the DEA to a 30(b)(6) deposition on dispensing related topics.

---

[2] Singer November 24, 2020 Letter Attached as Exhibit B.

[3] Track Three Case Management Order (Dkt. No. 3329)



Letter from Linda Singer to David Sobotkin
December 1, 2020
Re: Letter to Cohen on Defendants Touhy Request
Page 3

                                                                                                    Respectfully yours,
                                                                                                    */s/Linda Singer*


Cc:      Michael E. Elsner melsner@motleyrice.com
           Natalie A. Waites Natalie.A.Waites@usdoj.gov;
           Kelly E. Phipps Kelly.E.Phipps@usdoj.gov
           Jonathan K. Hoerner Jonathan.K.Hoerner@usdoj.gov
           Andrew J. Jaco James.A.Jaco@usdoj.gov
           Renee A. Bacchus Renee.Bacchus@usdoj.gov
           James R. Bennett James.Bennett4@usdoj.gov
           David M. Sobotkin David.M.Sobotkin@usdoj.gov
           All Plaintiffs' Counsel, mdl2804discovery@motleyrice.com
           All Defense Counsel, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

# EXHIBIT A

November 11, 2020

**VIA EMAIL**

James R. Bennett, Esq.
Assistant United States Attorney
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
James.Bennett4@usdoj.gov

      Re:    *In re National Prescription Opiate Litig.*, **MDL No. 2804 Track Three Cases (N.D. Ohio) – Louis Milione and Demetra Ashley**

Dear Mr. Bennett:

    I write on behalf of Pharmacy Defendants[1] in *In re National Prescription Opiate Litigation, Track Three Cases,* MDL No. 2804, pending in the United States District Court for the Northern District of Ohio. As a courtesy, we notify you that we will subpoena Louis Milione and Demetra Ashley for depositions. Mr. Milione led the DEA's Diversion Control Division as Assistant Administrator from 2015-2017. Ms. Ashley served as Acting Assistant Administrator and Deputy Assistant Administrator at DEA from 2015 to 2018. Please let us know whether you will represent either witness.

    The Pharmacy Defendants seek testimony from Mr. Milione and Ms. Ashley in one of the cases selected as a pharmacy bellwether case by the court presiding over the above-referenced multidistrict litigation. The plaintiffs in this case are two Ohio counties—Lake and Trumbull County—that claim *inter alia* that Pharmacy Defendants violated duties arising under the Controlled Substances Act in dispensing controlled substances. Plaintiffs' allegations span a broad timeframe throughout which these DEA personnel developed specialized knowledge of DEA policies, practices and procedure. Thus, Pharmacy Defendants believe each fact-witness possesses particularized knowledge about DEA communications, policies, practices, procedures, and other

---

[1] The Pharmacy Defendants are CVS Pharmacy, Inc.; CVS Indiana, LLC; CVS RX Services, Inc.; CVS TN Distribution, LLC; Ohio CVS Stores, LLC; Giant Eagle, Inc.; HBC Service Company; Walgreen Co.; Walgreen Eastern Co.; Rite Aid Hdqtrs. Corp.; Rite Aid of Maryland, Inc. d/b/a Rite Aid-Mid-Atlantic Customer Support Center; Eckerd Corp. d/b/a Rite Aid Liverpool Distribution Center; Walmart Inc.

JAMES R. BENNETT, ESQ.
NOVEMBER 11, 2020
PAGE 2

topics necessary to the case.

Pharmacy Defendants seek testimony relating to, but not limited to, the following topics:

1. The role and responsibilities of DEA and its organizational structure.

2. The role and responsibilities of Demetra Ashley and Louis Milione at DEA.

3. The statutory and regulatory duties of pharmacists, pharmacies and pharmacy owners, if any, in dispensing controlled substances.

4. Guidance, publications, notices, statements or other communications by, from or within DEA and/or its officials regarding Prescription Opioids[2], including but not limited to communications relating to proper prescribing or dispensing of Prescription Opioids (alone or in combination with other prescriptions), corresponding responsibility, red flags indicative of potential diversion, or any requirement that pharmacies and/or companies that own them analyze data to detect potentially suspicious prescriptions, prescribers, patients, pharmacists, or pharmacies.

5. Diversion or misuse of Prescription Opioids, including but not limited to DEA communications related to potential or actual diversion, overprescribing, improper dispensing, or misuse of Prescription Opioids

6. Meetings with any Pharmacy Defendant and/or any other pharmacy, pharmacy chain, or pharmacy trade association related to the prescribing, dispensing or diversion of Prescription Opioids.

Neither the federal housekeeping statute, 5 U.S.C. § 301, nor the Department of Justice's ("DOJ") *Touhy* regulations require defendants to obtain the agency's authorization before seeking testimony from former DEA employees. Because Mr. Milione and Ms. Ashley are former DEA employees, they are not covered by the federal housekeeping statute, which authorizes DOJ to regulate only the "conduct of its employees." *See Koopmann v. United States Dep't of Transp.*, 335 F. Supp. 3d 556, 565 (S.D.N.Y. 2018) ("In sum, the text, structure, and purpose of the Housekeeping Statute lead to only one reasonable conclusion: that the term 'employees' in the statute refers solely to current employees. It follows that USDOT's Touhy regulations are invalid to the extent that they extend to former employees"). And, in any event, "nothing in the text of the [housekeeping] statute

---

[2] "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in Ohio only through prescriptions filled by dispensers duly licensed and regulated by DEA.

JAMES R. BENNETT, ESQ.
NOVEMBER 11, 2020
PAGE 3

empowers a federal agency to withhold documents or testimony from federal courts." *In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995).

Nevertheless, the *Touhy* standard would be met here. Under DOJ's *Touhy* regulations, the Deputy or Associate Attorney General assesses the following considerations in determining whether disclosure is warranted:

> (a)(1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose;
>
> (a)(2) Whether disclosure is appropriate under the relevant substantive law of privilege.

The depositions satisfy both considerations. As explained above, the testimony directly concerns the allegations in this lawsuit. Plaintiffs allege that Pharmacy Defendants violated regulatory duties arising under the CSA, and the requested information is relevant to determining the nature of the alleged regulatory duties, the reasonableness of Pharmacy Defendants' conduct, and Plaintiffs' allegations that the Pharmacy Defendants caused them harm. Moreover, Pharmacy Defendants do not request privileged information.

Additionally, DOJ's *Touhy* regulations prohibit disclosure, subject to certain exceptions, if any of the following factors exist:

> (b)(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. § 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, Fed. R. Cr. P. 6(e);
>
> (b)(2) Disclosure would violate a specific regulation;
>
> (b)(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency;
>
> (b)(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection;
>
> (b)(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired;
>
> (b)(6) Disclosure would improperly reveal trade secrets without the owner's consent.

JAMES R. BENNETT, ESQ.
NOVEMBER 11, 2020
PAGE 4

The depositions are not intended to implicate any of these considerations. The requested information is within the scope of ordinary subpoena practice and does not seek disclosure of information prohibited by statute or regulation, nor information that is classified or that would reveal the source of an informant. To the extent Pharmacy Defendants inquire about investigatory information compiled for law enforcement purposes, Pharmacy Defendants would not seek investigatory information that would interfere with ongoing enforcement proceedings. Further, in an abundance of caution and to avoid any concern that disclosure of investigatory records would reveal "investigative techniques and procedures the effectiveness of which would thereby be impaired," Pharmacy Defendants will provide DEA with the opportunity to designate information as Highly Confidential pursuant to the protective order governing this matter.

The fact discovery deadline is December 21, 2020. *See* Track Three Case Management Order, In re: National Prescription Opiate Litig., 17-md-2804, ECF No. 3329 (June 8, 2020). Accordingly, we will be scheduling these depositions immediately.

Please contact me directly at (202) 778-1825 or kcrawford@zuckerman.com if you have questions concerning this request or require additional information.

Sincerely,

*/s/ Kyle A. Crawford*

Kyle A. Crawford

cc: Kelly Phipps, Kelly.E.Phipps@usdoj.gov
David Sobotkin, David.M.Sobotkin@usdoj.gov
Jonathan Hoerner, Jonathan.K.Hoerner@usdoj.gov
Natalie Waites, Natalie.A.Waites@usdoj.gov
Andrew Jaco, James.A.Jaco@usdoj.gov
mdl2804discovery@motleyrice.com
xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

7534166.3

# EXHIBIT B

**MotleyRice** LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Linda Singer**
*Licensed in NY, DC*
direct:  202.386.9636
lsinger@motleyrice.com

November 24, 2020

**VIA ELECTRONIC MAIL**

David M. Sobotkin
Trial Attorney
Fraud Section | Civil Division
U.S. Department of Justice
David.M.Sobotkin@usdoj.gov

  RE:  **Civil Discovery Request;**
  *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
  *County of Trumbull, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 18-op-45079;
  *The County of Lake, Ohio v. Purdue Pharma L.P., et al.*, Case No. 18-op-45032

Dear Mr. Sobotkin:

I write on behalf Plaintiffs in *In re National Prescription Opiate Litigation Track Three* Cases, MDL No. 2804, confirming in writing the positions expressed in the meet and confer on Friday, November 17th related to Plaintiffs' June 19, 2020 subpoena seeking 30(b)(6) testimony and requesting an update on Plaintiffs' document requests.

Concerning the 30(b)(6) deposition notice, Plaintiffs identified five topics for examination which correlate with the document subpoena.  Plaintiffs' proposed examination topics largely overlap with the Pharmacy Defendants revised 30(b)(6) examination topics.  The only exception is Plaintiffs request for testimony on certain specific DEA investigations of the Pharmacy Defendants *dispensing* practices.  After a meet and confer, Plaintiffs narrowed the scope of these investigations and provided a specific list on July 27, 2020.  Plaintiffs remain willing to limit this list of investigations for which we seek deposition testimony further.

We understand that according to the *Touhy* authorizations given in the opioid litigation, the DOJ is not permitting specific testimony related to these investigations beyond publicly available information and prior DEA statements.  If the DOJ and DEA continue to adhere to these restrictions as they confirmed during the meet and confer last Friday, then Plaintiffs are willing to limit our discovery to the noticed 30(b)(6) examination topics and investigations and not seek additional third party DEA witnesses.  If DOJ and DEA intend to permit testimony as to specific investigations and actions undertaken by the DEA either through 30(b)(6) testimony or specific fact witnesses, beyond what is in the public record, then we reserve the right to seek depositions of additional DEA witnesses that were involved in these specific investigations.  As we discussed during the meet and confer, Plaintiffs are willing to meet and confer with Defendants in an effort to agree on a uniform description of each overlapping 30(b)(6) topic.



Letter from Linda Singer to David Sobotkin
November 24, 2020
Re: Civil Discovery Request in MDL 2804 CT3
Page 2

      Defendants have recently noticed a series of 30(b)(6) depositions seeking testimony concerning DEA investigations of their distribution centers. It is Plaintiffs' position that DEA third party fact depositions and 30(b)(6) depositions related to distribution topics and investigations are untimely. The Track 3 CMO contemplates that "new discovery propounded in track 3 will not be duplicative of discovery previously propounded" and that additional discovery in Track 3 will be tailored to Track 3 as appropriate." The parties negotiated the Track 3 CMO recognizing that general distribution discovery was complete and that distribution discovery would be limited to Track 3 orders and due diligence related to those orders. Defendants growing list of 30(b)(6) notices related to general distribution investigations should not be permitted. In the event that 30(b)(6) depositions move forward on general distribution DEA investigations, Plaintiffs reserve the right to cross notice their own distribution topics and potentially seek DEA witnesses concerning Defendants' distribution centers. Permitting this type of discovery risks reopening Track 1 distribution depositions -- in which Defendants participated -- threatens the discovery and trial schedule.

      We are also in receipt of the DEA's October 16, 2020 production of documents. The production consisted of materials responsive to requests 1, 2 and 5 of plaintiffs' subpoena issued to the DEA dated June 19, 2020.

      As an initial matter, can you confirm the production of materials responsive to Requests 1, 2 & 5 is complete, or should Plaintiffs expect additional responsive materials to these requests? If additional materials are expected to be produced, please provide a timeline to which we can expect an additional production of responsive materials.

      As to the remaining requests in our June 19, 2020 subpoena:

      Request number 3 seeks, "All **internal memoranda** summarizing meetings with the National Retail Pharmacies related to the diversion of prescription opioids." In the DEA's initial objections and responses dated July 17, 2017, you state that DEA will search for additional responsive documents to the request. Is the DEA still reviewing materials for responsiveness? If so, when will these materials be produced?

      Request number 4 asks for, "All documents related to administrative actions taken against any entity registered as a dispenser under the CSA related to the diversion of prescription opioids." On the July 23, 2020 meet and confer, Plaintiffs agreed to narrow and clarify the scope of this Request. On July 27, 2020, Plaintiffs provided clarification into the investigatory materials sought related to Defendants' pharmacies in Ohio. It was suggested that these materials may be produced first for Lake and Trumbull counties and then subsequently expanded to the state of Ohio.



Letter from Linda Singer to David Sobotkin
November 24, 2020
Re: Civil Discovery Request in MDL 2804 CT3
Page 3

  The Requests also seek discovery of specific investigations resulting in administrative actions taken against Defendants and we attached a list of those national investigations.

  Has the DEA conducted a search resulting in responsive documents that will be produced in response to Plaintiffs Request number 4? If so, when will these materials be produced.

  Lastly as to Plaintiffs Request number 6, "All discovery (including all documents, photos and data) arising out of the prosecution and conviction of the following prescribers:

- Syed Akhtar-Zaidi (DEA # BA3842259) formerly practicing at 34055 Solon Rd, Solon, OH.
- Thomas Craig (DEA # BC1883405) formerly practicing at 2227 Noble Rd, Cleveland Heights, OH.
- Lorenzo Lalli (DEA # BL1126172) formerly practicing at 18099 Lorain Ave Ste 312, Cleveland, OH.
- Samuel Nigro (DEA # AN2941183) formerly practicing at 3800 Park East Dr., Beachwood, OH.
- Stephen Bernie (DEA # BB8029565) formerly practicing at 26300 Euclid Ave., Euclid, OH.
- James Bressi (DEA # BB1531107) formerly practicing at 4302 Allen Rd. Suite 300, Stow, OH.
- William Paloski (DEA # AP6607494) formerly practicing at 3100 Market St, Youngtown, OH
- Toni Carman (DEA # AC9054343) formerly practicing at 3733 Park E Dr., Beachwood, OH.
- Ronald Celeste (DEA # BC3975781) formerly practicing at 29099 Health Campus Dr. 370, Westlake, OH.
- Martin Escobar (DEA # FE4450413) formerly practicing at 17674 Mahoning Ave, #B, Lake Milton, OH.

  We discussed the scope of this request and believe we reached agreement in our July 23rd meet and confer. Has the DEA conducted a search resulting in responsive documents that will be produced in response to Plaintiffs Request number 6 and do you have a timeline for production?

  We look forward to scheduling a time when we can meet and confer further on these document requests and our 30(b)(6) subpoena.

              Respectfully yours,
              */s/Linda Singer*



Letter from Linda Singer to David Sobotkin
November 24, 2020
Re: Civil Discovery Request in MDL 2804 CT3
Page 4

cc:     Donald A. Migliori, dmigliori@motleyrice.com
        Michael E. Elsner, melsner@motleyrice.com
        James W. Ledlie, jledlie@motleyrice.com
        Natalie A Waites, Natalie.A.Waites@usdoj.gov;
        Kelly E. Phipps, Kelly.E.Phipps@usdoj.gov
        Jonathan K Hoerner, Jonathan.K.Hoerner@usdoj.gov
        Andrew J Jaco,  James.A.Jaco@usdoj.gov
        Renee A. Bacchus Renee.Bacchus@usdoj.gov
        James R. Bennett James.Bennett4@usdoj.gov
        All Plaintiffs Counsel, mdl2804discovery@motleyrice.com
        All Defense Counsel, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com