# EXHIBIT C

**From:** Elsner, Mike <melsner@motleyrice.com>
**Sent:** Friday, December 18, 2020 2:00 PM
**To:** External User - Eric Delinsky <edelinsky@zuckerman.com>; Jaco, Andrew J (CIV) <James.A.Jaco@usdoj.gov>; james.bennett4@usdoj.gov; Kate Swift <kate.swift@bartlitbeck.com>; External User - A Crawford <KCrawford@zuckerman.com>; Migliori, Don <dmigliori@motleyrice.com>; Singer, Linda <lsinger@motleyrice.com>; Shkolnik, Hunter <Hunter@NapoliLaw.com>; Laura Fitzpatrick <lsingletary@simmonsfirm.com>; Ledlie, James W. <jledlie@motleyrice.com>
**Subject:** RE: EXTERNAL-Opioid MDL--Plaintiffs' Potential DEA Fact Witness


Dear Andrew,

On the call earlier this week, you requested the identification of any potential DEA fact witnesses that Plaintiffs may wish to call in the event that the government authorizes DEA fact testimony requested by Defendants and/or if the Court overrules the government's objections and orders Defendants' DEA fact depositions to go forward.  To be clear, Plaintiffs continue to believe that 30(b)(6) testimony from the DEA instead of individual fact witnesses is the correct and most efficient way to proceed.  We do not believe that there are any admissibility issues regarding 30(b)(6) testimony from the DEA and to the extent that any may exist, Plaintiffs remain willing to stipulate to use of such testimony at trial.  Nevertheless, if Defendants' DEA fact depositions move forward, Plaintiffs reserve the right, in addition to 30(b)(6) testimony on our topics, to seek the testimony of Susan Langston or another former DEA employee involved in DEA guidance including presentations to the pharmacy defendants.

Thanks,

Mike

**Michael Elsner** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9250 | f. 843.216.9450 | melsner@motleyrice.com

**From:** Delinsky, Eric <edelinsky@zuckerman.com>
**Sent:** Tuesday, December 1, 2020 7:52 PM
**To:** Jaco, Andrew J (CIV) <James.A.Jaco@usdoj.gov>; james.bennett4@usdoj.gov; Kate Swift (kate.swift@bartlitbeck.com) <kate.swift@bartlitbeck.com>; Crawford, Kyle <KCrawford@zuckerman.com>; Elsner, Mike <melsner@motleyrice.com>; Migliori, Don <dmigliori@motleyrice.com>; Singer, Linda <lsinger@motleyrice.com>; Shkolnik, Hunter <Hunter@NapoliLaw.com>; Laura Fitzpatrick <lsingletary@simmonsfirm.com>
**Subject:** EXTERNAL-Opioid MDL--Narrowed Deposition Subjects

# EXTERNAL

Andrew,

Per your request, below are narrowed subject areas for the fact depositions under discussion (Foster, Moluse, Milione, and Ashley).  Not sure I captured everyone on this email, so I defer to you to forward it to members of your respective groups who may wish to receive it.

**Moluse and Foster**
1. Diversion or misuse of Prescription Opioids.
2. The roles and responsibilities of Denise Foster and Stephen Moluse throughout their tenure at DEA.
3. The role and responsibilities of DEA's Cleveland and Youngstown, Ohio offices and their organizational structure, including without limitation their roles, responsibilities, and practices in regulating pharmacists, pharmacies, companies that own pharmacies, prescribers, and persons who divert prescription drugs.  This includes policies and procedures for the inspection of pharmacies and for the investigation of potential violations of the Controlled Substances Act; access to, review and use of data pertaining to pharmacies and practitioners; and available remedies against pharmacists, pharmacies, companies that own pharmacies, prescribers and any other persons or entities for failing to comply with DEA regulations and policies and procedures for pursuing them.
4. Guidance, publications, notices, or other Communications from DEA to Healthcare Providers regarding Prescription Opioids, including but not limited to all Documents provided to Healthcare Providers relating to proper prescribing or dispensing of Prescription Opioids (alone or in combination with other prescriptions) and/or red flags indicative of potential diversion.
5. Enforcement actions (including but not limited to fines, suspensions, revocations, and letters or other formal warnings or notices) taken by DEA against any licensee relating to the prescribing, dispensing, failure to dispense, diversion, or misuse of Prescription Opioids or "Cocktail Prescriptions" in Ohio.
6. Any and all efforts to combat diversion, respond to the Opioid epidemic, or form a joint task force to combat the Opioid epidemic in Lake County, OH; Trumbull County, OH; or any township, village, or city therein.
7. Complaints, problems, or concerns relating to, or harm resulting from, the refusal or failure of a Healthcare Provider to prescribe or dispense Prescription Opioids.

**Ashley and Milione**
1. The role and responsibilities of DEA and its organizational structure.
2. The role and responsibilities of Demetra Ashley and Louis Milione at DEA.
3. The statutory and regulatory duties of pharmacists, pharmacies and pharmacy owners, if any, in dispensing controlled substances.
4. Guidance, publications, notices, statements or other communications by, from or within DEA and/or its officials regarding Prescription Opioids, including but not limited to communications relating to proper prescribing or dispensing of Prescription Opioids (alone or in combination with other prescriptions), corresponding responsibility, red flags indicative of potential diversion, or any requirement that pharmacies and/or companies that own them analyze data to detect potentially suspicious prescriptions, prescribers, patients, pharmacists, or pharmacies.
5. Diversion or misuse of Prescription Opioids, including but not limited to DEA communications related to potential or actual diversion, overprescribing, improper dispensing, or misuse of Prescription Opioids



Eric Delinsky
Zuckerman Spaeder LLP
edelinsky@zuckerman.com

1800 M STREET NW, SUITE 1000 •  WASHINGTON,  DC 20036-5807
202.778.1831 direct • 202.822.8106 fax

► **Download vCard | zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distr bution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.