# EXHIBIT D



401 9th St. NW, Suite 1001
Washington, DC 20004
o. 202.232.5504   f. 202.232.5513

**Linda Singer**
*Licensed in DC, NY*
direct:  202.386.9626
lsinger@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

February 2, 2021

**VIA ELECTRONIC MAIL**
*Via email to James.A.Jaco@usdoj.gov*
Mr. J. Andrew Jaco
Trial Attorney
U.S. Department of Justice
Civil Division, Fraud Section
175 N Street NE, Room 9.1305
Washington, DC 20002

      RE:    **Civil Discovery Request;**
               *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
               *County of Trumbull, Ohio v. Purdue Pharma, L.P. et al.*, Case No. 18-op-45079;
               *The County of Lake, Ohio v. Purdue Pharma L.P., et al.*, Case No. 18-op-45032

Dear Mr. Jaco:

      This letter is submitted pursuant to 28 C.F.R. § 16.21 *et seq.*, the Department of Justice ("DOJ") *Touhy* regulations on behalf of Lake County and Trumbull County, Ohio ("Plaintiffs"). Consistent with 28 C.F.R. § 16.24(c) and Local Rule 37.1, we are willing to discuss the scope of this request as well as the most efficient means to move forward.

      Please confirm that this service of process is acceptable.

**I. Summary of Testimony Sought and its Relevance to the Proceeding**

      The County of Trumbull and Lake County have brought claims against the distributors and dispensers of opioids for their roles in causing the devastating opioid epidemic in their communities by facilitating or failing to prevent the diversion of opioids, despite their duties under state and federal law. Plaintiffs seek the testimony of fact witness, Ms. Lynette Wingert. Ms. Wingert has been with the DEA for over twenty-eight years. In the course of her career, we believe that she has become very familiar with investigations and enforcement actions against pharmacies under the Controlled Substances Act, and the guidance that DEA provided to pharmacies about their compliance duties.

      Plaintiffs seek the testimony of Ms. Wingert related to, but not limited to, the following topics:



Touhy Letter from Linda Singer to J. Andrew Jaco
February 2, 2021
Re: Civil Discovery Request in MDL 2804 CT3
Page 2

1. Guidance provided to pharmacists and/or pharmacies related to proper dispensing of prescription opioids and/or red flags indicative of potential diversion.

2. The Role and Responsibilities of Ms. Wingert in her position as a Supervisory Diversion Investigator with the DEA.

3. Communications to and/or from the National Retail Pharmacies related to the diversion of prescription opioids.

4. Meetings with the National Retail Pharmacies related to the diversion of prescription opioids.

5. Administrative actions and investigations concerning CVS, Walgreens, Walmart, Rite-Aid, and/or Giant Eagle.

6. The duties of pharmacies under the CSA;

7. Red flags of potential diversion that should be reviewed by pharmacies;

8. Communications to and/or from the National Association of Chain Drug Stores related to the diversion of prescription opioids.

The requested testimony of Ms. Lynette Wingert is relevant to the companies' knowledge or understanding of their legal duties with respect to diversion; their noncompliance with those duties, and the companies' knowledge or notice of deficiencies in their programs and practices. Each of these topics will be key issues in the upcoming litigation.

**II. Disclosure is Consistent with 28 C.F.R. § 16.21 et seq. and Rule 45 of the Federal Rules of Civil Procedure.**

DOJ's *Touhy* regulations provide that when deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider: (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege. 28 C.F.R. § 16.26(a).

Here, both considerations are satisfied. First, DOJ has previously granted similar requests from the parties in Case Track One ("CT1" and "CT1B") and Case Track Two ("CT2") of this litigation, therefore determining disclosure of the requested information to be appropriate under the



Touhy Letter from Linda Singer to J. Andrew Jaco
February 2, 2021
Re: Civil Discovery Request in MDL 2804 CT3
Page 3

governing rules.  Next, although Touhy regulations prohibit disclosure in certain circumstances,[1] Plaintiffs' requests are not intended to, and would not, implicate any of these required exclusions.

      The requested testimony is consistent with ordinary subpoena practice and does not seek disclosure of information prohibited by statute, rule, or regulation; information that is classified or that would reveal the source of an informant or confidential source; information that that would interfere with ongoing enforcement proceedings; or, information that would improperly reveal trade secrets without the owner's consent.  In addition, to avoid any concern that disclosure "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired," DEA has the option to provide information as highly confidential pursuant to the protective order governing this matter.  Plaintiffs are willing to work with DOJ, as appropriate, to adjust the scope of the request.

### III. Expedited Responses

      We ask that you continue to work with Plaintiffs to establish a reasonable schedule for the fact witness testimony of Ms. Lynette Wingert.  If you have any questions or concerns concerning this subpoena or require additional information, please contact directly either me or Linda Singer at (202) 386-9626 or lsinger@motleyrice.com.

      Respectfully yours,

      */s/ Linda Singer*

---

[1] Subject to certain exceptions, disclosure of information is prohibited pursuant to 28 C.F.R. 16.26(b) if:

(b)(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, Fed. R. Crim. P. 6(e),
(b)(2) Disclosure would violate a specific regulation;
(b)(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,
(b)(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
(b)(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,
(b)(6) Disclosure would improperly reveal trade secrets without the owner's consent.



Touhy Letter from Linda Singer to J. Andrew Jaco
February 2, 2021
Re: Civil Discovery Request in MDL 2804 CT3
Page 4

cc:    All Plaintiffs Counsel, mdl2804discovery@motleyrice.com
       All Defense Counsel, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
       Michael Elsner, melsner@motleyrice.com
       Alex K. Haas, Alex.Haas@usdoj.gov
       Alice S. LaCour, Alice.S.LaCour@usdoj.gov
       Eric J. Soskin, Eric.Soskin@usdoj.gov
       James R. Bennett, James.Bennett4@usdoj.gov