# EXHIBIT F



Eric R. Delinsky
PARTNER
Zuckerman Spaeder LLP
edelinsky@zuckerman.com
202-778-1831

December 3, 2020

**VIA EMAIL**

Special Master David R. Cohen
24400 Chagrin Blvd.
Suite 300
Cleveland, OH 44122
David@SpecialMaster.Law

      Re:     Track Three Depositions of DEA Witnesses

Dear Special Master Cohen:

      On behalf of the Track Three Defendants, we respond to Plaintiffs' December 1, 2020 letter regarding DEA depositions. Plaintiffs request that Defendants be limited to a single deposition of Plaintiffs' own selection—a 30(b)(6) deposition of the DEA. If granted, Pharmacy Defendants would be precluded from taking *any* DEA fact depositions on dispensing issues, notwithstanding DEA's central role as the agency that writes and enforces the regulations on which Plaintiffs predicate their claim. At issue are only four DEA fact depositions (in contrast to the 10 fact depositions of DEA taken on distribution issues in Track One-A), and Pharmacy Defendants remain open to reducing that number further. Another meet and confer, in fact, was scheduled for this Friday to discuss such issues. Plaintiffs' request should be denied.[1]

      **Standing:** At the outset, Plaintiffs have no standing to complain about our subpoenas to DEA. "[A]bsent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *See e.g.*, *Hopp v. Arthur J. Gallagher & Co.*, No. 18-CV-507, 2018 WL 6676326, at *1 (N.D. Ohio Dec. 19, 2018).

      **Timing:** Plaintiffs complain that it is too late for these depositions. Pharmacy Defendants, however, sought two of them—Mr. Moluse and Ms. Foster of DEA's Cleveland field office – in July. We sought the remaining two—Ms. Ashley and Mr. Milione, formerly of DEA headquarters—on November 11. In contrast, Plaintiffs noticed depositions of two third parties as

---

[1] Giant Eagle and Rite Aid separately are pursuing authorized DEA depositions unique to them, regarding particular inspections of their specific distribution facilities. As Plaintiffs well know, this defendant-specific discovery is a carryover from unfinished discovery in Tracks 1A/1B and/or discovery which was specifically permitted by the Special Master for Track 3 in the hearing on June 17, 2020. *See* 6/17/20 Tr. 2-18 (discussion of Rite Aid deposition of Agent Tush and production of documents) and 19-21 (discussion of Giant Eagle deposition of the DEA inspector of its distribution warehouses, later identified as Agent Colosimo). As a result, Plaintiffs' complaint about those depositions are also unfounded and should be overruled.

**1800 M STREET NW, STE. 1000, WASHINGTON, DC 20036-5807 |** T **202.778.1800 |** F **202.822.8106**

ZUCKERMAN SPAEDER LLP  |  WASHINGTON, DC  |  NEW YORK  |  TAMPA  |  BALTIMORE

recently as 40 hours ago, on December 1 (Interactive Services and McKinsey).  Our notices were not too late.

**30(b)(6) Testimony:**  Plaintiffs suggest that our decision to withdraw our own 30(b)(6) notice to DEA was somehow improper.  It was not.  DEA raised burden concerns with our deposition requests, and we withdrew our 30(b)(6) notice to accommodate those concerns.  We determined that fact testimony from witnesses with personal knowledge is more important to our defense than 30(b)(6) testimony, in part because it was more likely admissible at trial.  We therefore offered to drop our 30(b)(6) request.

There is nothing improper about narrowing our requests of DEA to what is most important to us, as the Special Master has urged us to do throughout the MDL.  To the extent Plaintiffs suggest that we initially offered to drop fact depositions and then switched course, or that there was some agreement to focus on 30(b)(6) to exclusion of fact depositions, that is false.  Dropping all fact depositions never was on the table for Pharmacy Defendants.

We understand Plaintiffs prefer 30(b)(6) testimony.  But their strategy on how best to prosecute their case is not binding on us.

**Additional Narrowing:**  Pharmacy Defendants have made clear that we are open to additional narrowing.  On Tuesday, as discussed during a meet and confer the day before, we sent over a reduced list of topics for the Moluse and Foster depositions.  And we are open to taking fewer than all four fact depositions.  Our understanding was that this would have been discussed at the meet and confer that we had scheduled for Friday.

**Alleged Duplication:**  While Plaintiffs do not challenge either Mr. Moluse or Ms. Foster as duplicative, they contend that depositions of Ms. Ashley and Mr. Milione would be.  But Ms. Ashley was deposed in Track One-A, when Plaintiffs' only claims related to the distribution of prescription opioids.  She was not deposed on dispensing issues.  Such claims were not at issue at the time of her deposition.  Likewise, Mr. Milione was deposed as an expert witness who had been engaged by another defendant.  He never was subject to a fact deposition, much less a fact deposition regarding his work at DEA in connection with the dispensing of controlled substances.  The depositions therefore would not be duplicative.

Plaintiffs' request should be denied.

Respectfully submitted,

*/s/ Eric R. Delinsky*

Eric R. Delinsky