**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>**Track Three Cases** | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF OHIO BOARD OF PHARMACY REPORT
ON WORKLOAD SURVEY [DKT. #3835] AND MEMORANDUM IN SUPPORT**

Defendants have moved to exclude a report from the Ohio Board of Pharmacy concerning workplace conditions under Federal Rules of Evidence 802, 702, 703, 402, and 403. For the reasons set forth herein, Defendants' motion *in limine* should be denied.

**BACKGROUND**

The Ohio Board of Pharmacy ("the Board") issued a report on April 20, 2021 concerning a survey that the Board disseminated in July 2020 to all licensed pharmacists working in Ohio (the "Report"). Dkt. #3835-1 (Report). The Board concluded that the data from the survey revealed "similar trends reported by national organizations and other states." *Id*. at p. 1. For example, "almost half of survey respondents (49%) indicated that they did not have adequate time to complete their job in a safe and effective manner." *Id*. The survey "also found that 57% of pharmacists reported they felt pressure by their employer or supervisor to meet standards or metrics that may interfere with safe patient care." *Id*.

**LEGAL STANDARD**

The applicable legal standard for motions *in limine* is set forth in Plaintiffs' Opposition to Certain Defendants' Motion *in Limine* to Exclude Evidence of Remote Shipments and

Prescriptions and Memorandum in Support, filed contemporaneously herewith. Plaintiffs incorporate this legal standard by reference, as if fully set forth herein.

## ARGUMENT

The Court can exclude evidence *in limine* only when it is "clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard," the Court should address evidentiary challenges at trial, on an individual basis, and within their proper context. *Id*. When the Court cannot determine whether particular evidence is admissible without the context of trial, a motion *in limine* should be denied. *Id*.

Defendants ask the Court to exclude the Report "in its entirety" without regard for which statements, if any, Plaintiffs intend to offer in trial and for what purpose Plaintiffs intend to offer those statements. Because the Court cannot make a blanket admissibility ruling as to the Report and all of its contents at this point and because Defendants cannot show the Report is clearly inadmissible on all potential grounds, Defendants' motion should be denied.

**A.  Defendants cannot show the Report is wholly inadmissible on hearsay grounds.**

Defendants first argue the Report "is inadmissible in its entirety as double hearsay under Rule 802." Ds' MIL at 4. They are wrong for at least two reasons.

First, a hearsay analysis should be conducted on a statement-by-statement basis, not on the Report as a whole. "[T]o determine if a statement constitutes inadmissible hearsay, facts must be presented regarding the purpose for which the statement will be introduced and the identity of the declarant." *Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC*, No. 2:08-CV-12247, 2010 WL 987772, at *1 (E.D. Mich. Mar. 12, 2010). For that reason, hearsay determinations are best left for trial, once a particular statement has been identified and the purpose for which it is offered has been explained. *See id*. at *2; *United States v. Akers*, No. 7:19-CR-7-REW-EBA, 2019 WL

4934948, *6 (E.D. Ky. Oct. 7, 2019). At this point, the Court cannot make a blanket determination that the Report as a whole, and all of its contents, are inadmissible hearsay because the Court has no context in which to consider the objection properly.

The sheer variety of pharmacist comments included within the Report's appendix illustrate this point well. As Defendants have pointed out, comments include, among others: "CVS is the worst," "vast amounts of time spent on Opioids and policing doctors," "I am willing to work and relocate anywhere in Ohio but it is extremely difficult to find employment," and "This has to stop." Ds' MIL at 3-4. To rule on any one of those statements, the Court would need to consider (1) whether it was being offered to prove the truth of the matter asserted, and (2) if so, whether any hearsay exceptions apply. A one-size-fits-all motion *in limine* cannot do that effectively.

Second, to the extent the Report can be evaluated as a whole, it should not be excluded on hearsay grounds. As Defendants correctly recognize, there are two layers of statements here—the Report itself and the survey responses on which it is based. Both are presumptively admissible at this point. The Report itself meets the public records exception to the rule against hearsay. *See* FED. R. EVID. 803(8); *State v. Toudle*, No. 98609, 2013 WL 1697600, at *4 (Ohio Ct. App. Apr. 18, 2013) (finding a report of the state pharmacy board admissible under public records exception). Under Rule 803(8), factual findings from a legally authorized investigation by a public office are not excluded as hearsay unless "the source of the information or other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803(8).

Defendants rely on *Miller v. Field* to argue the public records exception applies only to statements "based on evidence actually observed" by the report's authors. Ds' MIL at 4 (citing *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994)). But *Miller* is not reflective of current Sixth Circuit authority. "[T]he personal knowledge requirement does not extend to official reports

3

admissible under Rule 803(8)." *Alexander v. CareSource*, 576 F.3d 551, 562 (6th Cir. 2009); *see also Combs v. Wilkinson*, 315 F.3d 548, 555 (6th Cir. 2002) (recognizing investigative reports "are often not the product of the declarant's firsthand knowledge"). Thus, "it is not necessary that the person who prepares the report have first-hand knowledge of the events for the report to be admissible pursuant to Rule 803(8)." *Nowell v. City of Cincinnati*, No. 1:03CV859, 2006 WL 2619846, at *4 (S.D. Ohio Sept. 12, 2006).

The real question is whether the sources of information or surrounding circumstances indicate an apparent lack of trustworthiness. FED. R. EVID. 803(8). And the burden to make that showing falls squarely on Defendants. Under Rule 803(8), there is a presumption of admissibility, which is displaced only if the party opposing the admission of a report proves that it is not trustworthy. *Bank of Lexington & Tr. Co. v. Vining-Sparks Sec., Inc.*, 959 F.2d 606, 616 (6th Cir. 1992) (citing *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 558 (6th Cir. 1978)); *see also Patterson v. Central Mills, Inc.*, 64 Fed. Appx. 457, 462 (6th Cir. 2003). "To determine whether a report is trustworthy, courts consider the following four factors: (1) the timeliness of the investigation upon which the report is based, (2) the special skill or experience of the investigators, (3) whether the agency held a hearing, and (4) possible motivational problems." *Chavez v. Carranza,* 559 F.3d 486, 496 (6th Cir. 2009). Defendants have not even attempted to address those factors, and certainly have not met their burden to overcome the presumption of admissibility here.

The second layer of statements—the pharmacist survey responses on which the Report is based—are likely admissible as well, as there is no indication they will be offered for the truth of the matter asserted. And even if they were, they would likely be subject to an exception such as the responding pharmacists' then-existing state of mind. *See* FED. R. EVID. 803(3). In any event, an *in limine* ruling is not the proper vehicle for addressing Defendants' concerns.

4

They will have ample opportunity to raise specific objections at trial, and will also have the opportunity to cross-examine witnesses regarding the underlying credibility of any disputed statements.

### B. Defendants have not demonstrated the Report is unreliable.

Defendants next challenge the reliability of the Report under Rules 403, 702, and 703. But Defendants' 702 and 703 challenges are misplaced here, as their proposed motion *in limine* concerns the Report and its contents—not expert opinion testimony. *See* FED. R. EVID. 702 & 703. And although Defendants invoke Rule 403 in their reliability argument, they do nothing to explain why or how they think it applies in this context.

Presumably, Defendants "reliability" argument is meant to supplant the "trustworthiness" inquiry under the public records hearsay exception. On that point, they offer no authority that is binding on this Court, or even persuasive, given that nearly all of Defendants' cited cases pertain to the reliability of surveys conducted by expert witnesses. The distinction between those cases and this one is important; under Rule 803(8), public records are *presumptively* admissible, but evidence offered by expert witnesses is *only* admissible if it meets the standards of Rules 702 and 703. Stated differently, the cases Defendants rely on are predicated upon a burden of proof not present here.

Much of Defendants' objection to the Report's admissibility centers on potential bias of survey respondents. But nothing prevents Defendants from directly attacking the credibility the Report at trial. *See Moss v. Ole S. Real Est., Inc.*, 933 F.2d 1300, 1306 (5th Cir. 1991) (recognizing that "[c]redibility is not the focus of the trustworthiness inquiry."). To the contrary, credibility concerns can easily and effectively be raised at trial through cross-examination. *Dortch v. Fowler*, 588 F.3d 396, 404 (6th Cir. 2009) (police report admitted under public records exception was proper and opposing party could raise issues with the report on cross-examination).

### C. An *in limine* ruling on relevance and unfair prejudice is unwarranted.

The Report is also relevant under Rule 401, because it makes "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Pharmacists' working conditions and performance metrics (and Defendants' knowledge thereof) go to the heart of this case: Pharmacy Defendants' failure to implement effective controls against diversion under the Controlled Substances Act, thereby increasing the risk of diversion and contributing to the creation of a public nuisance in both Lake and Trumbull Counties. Dkt. #3883 (Ps' Trial Br.) at 3, 7.

Unreasonable volume and speed demands on pharmacists coupled with too little staff means pharmacists cannot properly review prescriptions to ensure their appropriateness and validity and resolve any red flags. Further, it is probable that a pharmacist pressured to work too quickly who misses dangerous drug interactions and does not have sufficient time to perform safety reviews is likewise at risk of missing red flags of diversion. The Report, which compiles the experiences and perceptions of pharmacists across the state, is certainly relevant to those issues.

As to Defendants' argument that the Report should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, their contention that some of the statements contained in the Report may be inflammatory is all the more reason to address these issues on a statement-by statement basis, and not with a blanket *in limine* ruling.

### CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny in its entirety Defendants' Motion *in Limine* to Exclude Ohio Board of Pharmacy Report on Workload Survey.

Dated:  September 2, 2021

    Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

>*/s/ Peter H. Weinberger*
>Peter H. Weinberger (0022076)
>SPANGENBERG SHIBLEY & LIBER
>1001 Lakeside Avenue East, Suite 1700
>Cleveland, OH  44114
>(216) 696-3232
>(216) 696-3924 (Fax)
>pweinberger@spanglaw.com
>
>*Plaintiffs' Liaison Counsel*
>
>Frank L. Gallucci
>PLEVIN & GALLUCCI CO., L.P.A.
>55 Public Square, Suite 222
>Cleveland, OH 44113 (216) 861-0804
>(216) 861-5322 (Fax)
>FGallucci@pglawyer.com
>
>Hunter J. Shkolnik
>NAPOLI SHKOLNIK
>270 Munoz Rivera Avenue, Suite 201
>Hato Rey, Puerto Rico 00918
>(787) 493-5088, Ext. 2007
>hunter@napolilaw.com
>
>*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger