UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: ) ) | Case No. 1:17-MD-2804 |
| *Track Three Cases* ) ) ) ) | Judge Dan Aaron Polster |
| | **ORDER REGARDING DEPOSITION OF JOSEPH RANNAZZISI** |

Before the Court is a dispute regarding whether a deposition of former DEA administrator Joseph Rannazzisi noticed by *Track Three* Defendants should be allowed to proceed. The Court concludes Defendants may depose Rannazzisi for 2.0 hours, assuming the DOJ grants *Touhy* authorization.

On August 16, 2021, Special Master Cohen issued a ruling quashing Defendants' *Track Three* deposition notice of Rannazzisi (Doc. #: 3851). Defendants' objected to the Special Master's ruling on August 23 (Doc. #: 3887). Plaintiffs filed a response opposing the objection on August 30, (Doc. #: 3908), and Defendants filed a reply on September 1, 2021 (Doc #: 3917).

Boiled down to its essence: (1) Plaintiffs argue Defendants should have noticed Rannazzisi's deposition months ago, before the fact discovery deadline expired; (2) Defendants respond they had no reason to notice Rannazzisi's deposition until recently, because it was only several days ago that Plaintiffs asked DOJ to grant *Touhy* authorization for Rannazzisi to testify about dispensing issues; and (3) Plaintiffs reply that Defendants certainly knew Rannazzisi would be asked to testify about dispensing issues at trial and could have earlier sought *Touhy* authorization themselves.

Having reviewed the parties' briefs, the Court believes both sides have good points. The Court concludes a fair resolution is to allow the Pharmacy Defendants a two-hour deposition of Rannazzisi, wherein they may elicit testimony regarding Plaintiffs' dispensing claims. Defendants may also examine Rannazzisi regarding his relationships with Plaintiffs' counsel in this and other Opioid cases. However, Defendants' examination may ***not*** be duplicative of any prior questioning of Rannazzisi by any defense counsel in this or any other related Opioid case, including questioning in all prior state court and federal court depositions and trial testimony. Moreover, the Court will not authorize any additional non-expert deposition of Rannazzisi in any future MDL case, absent good cause. Special Master Cohen shall oversee the two-hour deposition.

The Court adds that, in future MDL cases, parties should seek *Touhy* authorization for potential trial witnesses as early as possible during the discovery period.

Finally, on an unrelated note, Walgreens' objection to Plaintiffs' introduction at trial of the deposition of Steven Kneller, based on Plaintiffs' late submission of deposition designations, is overruled; Walgreens shall respond to those designations accordingly.

**IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster  September 2, 2021**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**