# EXHIBIT H

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
**JUDGE GARGUILO, JERRY**



IN RE OPIOID LITIGATION

- v. -

per order

Index No. 400000/2017

**COURT NOTICE**
**(RE McCANN TESTIMONY)**

After the Frye hearings conducted in this case, the Court said as follows concerning the proposed expert testimony of Dr. Craig McCann:

"As held by Judge Polster and as concurred by this Court, McCann applied *Rafalski's* five methods to DEA's Automation of Reports and Consolidation Orders System's ("ARCOS") data and Defendants' transactional data to identify suspicious transactions for specific Defendants. The Defendants point out that McCann has no experience in suspicious order monitoring. He has nothing to say about whether the methods he used are generally accepted, whether the orders he flagged were actually suspicious, or whether any of those orders were diverted or caused any harm in New York. This is entirely true.

However, it does not matter as McCann has not [been] proffered as an expert in anything other than methodology (arithmetic) and his statistical analysis. Dr. McCann is a statistician with no history in the pharmaceutical industry. That is immaterial and irrelevant. He was engaged to use his skills, statistical and otherwise, applying the same to the models constructed by Mr. *Rafalski.* As to Dr. McCann and only Dr. McCann, the Court can find no basis to exclude his testimony provided good data (not garbage) went into his calculations, and Mr. *Rafalski's* means and methods comport with historical evidentiary mandates." NYSCEF 7633, at 15 (emphasis added).

Defendant Anda seeks to preclude (NYSCEF 8244) so much of the proposed testimony of Dr. McCann relating solely to his "flagged order analysis," saying "in the absence of testimony by Mr. Rafalski, Dr. McCann's 'flagged order analysis' lacks foundation as to any defendant." Id.

1

at 3. Anda's application was prompted by plaintiffs' recent indication that Mr. Rafalski would not be called as an expert witness by Plaintiffs. Id. at 2-3. (Moreover, with respect to Anda specifically, the application points out that Mr. Rafalski had not offered any opinion concerning Anda in his expert report in any event.) Defendant Anda further argues that, without the foundation of Mr. Rafalski's testimony concerning the models he constructed concerning suspicious orders monitoring on which Dr. McCann performed certain calculations, Dr. McCann's proposed testimony concerning "flagged order analysis" is inadmissible.

Defendant Anda has raised significant objections concerning the admissibility of that portion of Dr. McCann's proposed testimony, in the absence of Mr. Rafalski's foundation testimony. As this Court has previously noted:

"A court may reject the admission of expert testimony when "there is simply too great an analytical gap between the data and the opinion proffered" (*Cornell v 360 W. 51st St. Realty, LLC*, 22 NY3d 762, 780, 986 NYS2d 389,402, quoting *General Elec. Co. v Joiner*,522US 136, 146,1 l8 S Ct 512,519 [1997])." NYSCEF 7633, at 3.

On August 4, 2021 Plaintiffs advised the Court that they "do not intend to elicit any testimony from Dr. McCann regarding the suspicious order monitoring protocols that were discussed in his report and during his *Frye* testimony." NYSCEF 8271, at 1. It is so ORDERED.

It appears that between 6:38pm and 9:00pm on August 3, 2021, Plaintiffs emailed Defendants that they intended to offer the next day at least one dozen exhibits that do not appear on their exhibit list that they intend to use during the direct examination of Dr. McCann, which were not listed in Dr. McCann's expert report as materials relied upon.

Between 11:47pm on August 3, 2021 and 12:52am on August 4, 2021, letters objecting to the exhibits and proposed testimony about them were filed by Manufacturer Defendants Endo and Par (NYSCEF 8262), Allergan (NYSCEF 8263), and Teva and Cephalon (NYSCEF 8269). The Manufacturer Defendants argue that the exhibits, calculations, and proposed testimony constitute undisclosed opinions that do not appear in Dr. McCann's report, nor his deposition or Frye testimony. Manufacturer Defendants also argue that Dr. McCann had not previously offered any opinions or calculations about any manufacturer defendant. Additional objections have been raised by the Manufacturer Defendants with respect to specific exhibits.

This Court has previously ruled that opinions and documents not in an expert's report are "out of bounds," July 7, 2021 Trial Transcript, at 259, and that documents "disclosed last night and not specifically referenced in the report" cannot come in. July 12 Trial Transcript, at 151.

Plaintiffs filed their response the morning of August 4, 2021 and argue that the new exhibits are basically summaries and compilations of ARCOS data that are otherwise admissible. Plaintiffs offer no explanation for the lateness of their disclosures, nor discuss the applicability of Rule 13(c) of the Commercial Division Rules, which requires that an expert report disclose any exhibits that will be used to **summarize** or support the opinions. Rather, Plaintiffs argue that Dr. McCann's testimony about the new exhibits "is not expert testimony, it is fact testimony." NYSCEF 8271, at 2.

2

Consistent with this Court's prior rulings, it is ORDERED that Dr. McCann shall not be permitted to offer any opinion testimony concerning any opinions not previously disclosed in his expert report. To the extent that Plaintiffs contend that Dr. McCann is testifying as a fact witness, however, different factors come into play.

Plaintiffs state that Dr. McCann has prepared summaries of the ACROS data produced by the DEA, and that such summaries will assist the Court and jury in this trial. "The summaries are not opinions, they are factual; and Dr. McCann's testimony about them is not expert testimony, it is fact testimony," argue Plaintiffs. Id., NYSCEF 8271 at 2. Plaintiffs cite §10.11 of the Guide to New York Evidence which provides for the admission of the content of voluminous writings by means of a summary chart provided certain conditions are met. Id.

Plaintiffs argue that they will be able to establish the four foundational requirements necessary to use such summaries at trial. Plaintiffs argue that: (1) first, the original information from which the summaries were prepared will be shown to be too voluminous for convenient examination in Court; (2) second, the original information from which the summaries were prepared, the ARCOS database produced by the DEA, will be shown to be admissible; (3) third, the summaries will be shown to be an accurate representation of the original information from which they were prepared; and (4) fourth, Plaintiffs have been furnished an adequate opportunity to challenge its accuracy. Id. NYSCEF 8271 at 2-5.

Given the late disclosure of the proposed exhibits and testimony, the Court deferred the testimony of Dr. McCann pending a deposition of him limited to four hours concerning his proposed testimony about the summary evidence. This deposition was conducted on August 5, 2021. As indicated above, Plaintiffs' counsel claim that Dr. McCann is testifying as a fact witness, not an expert witness, concerning the summary evidence. This was repeated by Plaintiffs' counsel at the deposition: "MR. SHKOLNIK: He is not giving any opinions. He's not giving any opinions, and the Judge knows that." Deposition Transcript at 205-206. It appears from the deposition transcript, however, that Dr. McCann expects to get paid at his expert rates for his work and testimony concerning the summary evidence. (Plaintiffs have not addressed any ethical issues that may be implicated in the compensation of a fact witness.)

After the mid-trial deposition of Dr. McCann, the Manufacturer Defendants submitted supplemental letters in support of their application to preclude Dr. McCann's recently disclosed proposed testimony and exhibits. See NYSCEF 8448-8453 submitted on behalf of Defendant Allergan Finance, LLC, and NYSCEF 8454-8462 filed on behalf of Defendants Cephalon, Inc. Teva Pharmaceuticals USA, Inc. Actavis, LLC, Actavis Pharma, Inc. and Watson Laboratories, Inc., both dated August 12, 2021. Defendants Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. filed NYSCEF 8463-8467 on August 13, 2021. The Court was also provided and reviewed the transcript of the deposition of Dr. McCann.

The Manufacturer Defendants contend that after Plaintiffs settled with the big three Distributor Defendants, Plaintiffs decided to "repackage" Dr. McCann's expert opinions to target the Manufacturer Defendants who remained in this case, which explains why Dr. McCann was

3

asked, mid-trial, to do new arithmetic calculations concerning Nassau County, Suffolk County and New York State opioid dosage units attributed to the Manufacturer Defendants. Apart from the lateness of the disclosures, the Manufacturer Defendants complain of numerous alleged errors in Dr. McCann's work, such as attributing 12 of the same NDC numbers to both Cephalon and Teva (NYSCEF 8454, at 7), the taking of NDC codes identified in interrogatory responses of the Teva Defendants and attributing them to Allergan, upon the instruction of Plaintiffs' counsel (NYSCEF 8448, at 5), and attributing five years of dosage units to Par during a time period when Par did not sell schedule II opioids at all (NYSCEF 8463, at 3), among others. The deposition testimony of Dr. McCann is replete with admissions that the recent arithmetic calculations performed by him or his team were specifically done at the behest or instruction of Plaintiffs' counsel.

Once again, the parties seek rulings in advance about future trial testimony that they project will be offered, as well as rulings on exhibits before an opportunity to hear foundation testimony has taken place. Such rulings must necessarily await trial where the Court will have an opportunity to hear the proffered foundation evidence, and any pertinent objections thereto. Similarly, with respect to Dr. McCann's proposed exhibits, any rulings must necessarily await the offer of the particular exhibit to determine whether a proper foundation has been laid, and the Court has heard the objections of Defendants, and any *voir dire* that may be granted the Defendants with respect to a particular exhibit.

Accordingly, the Court ORDERS that it will permit Dr. McCann to be called to testify concerning the summary arithmetic calculations, reserving all rulings concerning the testimony and exhibits to trial. The allowance of testimony by Dr. McCann, however, is conditioned upon his prior prompt production of detailed time records and invoices for the work conducted by Dr. McCann and his staff since the date of the last invoice that he produced, and the production of communications between Plaintiffs' counsel and Dr. McCann and/or his staff in connection with the summaries and proposed testimony, which has been previously requested by Defendants. See NYSCEF 8454 at 2.

The Court is compelled to note that significant time and expense, as well as scarce judicial resources, could have been conserved if the parties had engaged in good faith efforts to stipulate to the number of dosage units, and notwithstanding the orders contained herein the parties are still ORDERED to engage in a good faith meet and confer to attempt to enter into such a stipulation prior to calling Dr. McCann.

Dated: August 20th, 2021

Hon. Jerry Garguilo