UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
OHIO BOARD OF PHARMACY REPORT ON WORKLOAD SURVEY**

Defendants[1] submit this reply in support of their motion *in limine* to exclude a 2021 report (the "Report") by the Ohio Board of Pharmacy ("Ohio BOP") regarding a survey on workplace conditions (copy attached at Doc. 3835-1). The Court should exclude the Report in its entirety for at least three reasons.

First, the Report is classic hearsay within hearsay that is inadmissible under Rule 802. Contrary to Plaintiffs' contention, the Report does not meet the public records exception in Rule 803(8)(A)(iii) because it does not make factual findings or concern an investigation. The Report does not satisfy any other hearsay exception, and Plaintiffs do not explain how they could possibly use the Report or the underlying survey responses except in an attempt to prove the truth of their contents. These problems cannot be resolved through cross-examination, as Plaintiffs suggest. Cross-examination is not sufficient to overcome a valid hearsay objection, and even if it were, it is not available here because the Report does not identify the person(s) who conducted the survey or the individuals who responded to it.

---

[1]   CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., CVS Indiana, L.L.C., Walgreens Boots Alliance, Inc., Walgreen Co., Walgreen Eastern Co., Inc., Giant Eagle, Inc./HBC Service Company, and Walmart Inc.

Second, the Report is inadmissible under Rules 803(8)(b), 702, and 703 because it is untrustworthy and unreliable. The Report discloses almost nothing about the survey's methodology, but what it does disclose demonstrates that the survey suffers from a flawed methodology and extreme bias—defects Plaintiffs do not even attempt to address. And because Plaintiffs have not identified a sponsor of the survey or even a witness who has knowledge of how it was conducted, these are not defects the jury can be expected to weigh at trial.

Third, the Report is irrelevant and unduly prejudicial, and thus inadmissible under Rules 402 and 403. The survey did not address the dispensing of prescription opioid medications or the exercise of corresponding responsibility, and it is unknown which responses, if any, concern any Defendant pharmacies, much less any Defendant pharmacies in the Track Three counties. Even if the Report has some marginal relevance, it is substantially outweighed by the risk of unfair prejudice. The survey is untrustworthy and unreliable due to the flaws in its methodology, and the Report is littered with inflammatory comments from anonymous persons who cannot be identified let alone cross-examined. For all of these reasons, the Court should exclude Report in its entirety.

I.  **ARGUMENT**

   A.  **The Report is inadmissible hearsay.**

Plaintiffs argue that "a hearsay analysis should be conducted on a statement-by-statement basis, not on the Report as a whole." Doc. 3920 at 2. Not so. The entire Report is plainly hearsay, and Plaintiffs have failed to show that an exception to the hearsay rules applies. The Report must be excluded in its entirety.

The Report is not merely hearsay, it is 100-percent double hearsay. It simply repackages the hearsay that was received in response to the Ohio BOP survey. The Report aggregates the responses to each survey question in a series of colorful graphs, Doc. 3835-1 at 6 – 33, and then

2

reprints raw comments received from respondents.  *Id.* at 34 – 178.  That is the entirety of the Report.  It does not contain any analysis of the survey results, nor does it make any findings or recommendations based on the survey results.

Plaintiffs contend that the Report meets the public records exception in Rule 803(8)(A)(iii) for "factual findings from a legally authorized investigation."  Doc. 3920 at 3.  The Report does not meet any aspect of that exception.  It is not the product of an investigation, nor does it make any factual findings.  *See*, *e.g.*, *Randle v. Tregre*, 147 F. Supp. 3d. 581, 597-98 (E.D. La. 2015) (summary of witness interviews was "a classic example of hearsay within hearsay" that was not admissible under Rule 803(8)(A)(iii)); *United States v. Various Gold, Silver and Coins*, 2013 WL 5947292, at *8 (D. Or. Oct. 30, 2013) (responses to a survey conducted by the U.S. Food and Drug Administration were "not factual findings" for Rule 803(8)(A)(iii) purposes).[2]  The one-page transmittal letter to Ohio pharmacists that precedes the Report makes this clear.  It states that the Report concerns a "survey," not an investigation conducted pursuant to the Ohio BOP's investigative powers.  Doc. 3835-1 at 5.  It also explains that "the survey *will be used* to inform discussions regarding pharmacist practice in the state," *id.* (emphasis added), not that it has been used to make any findings or recommendations that are reflected in the Report.  *See also id.* at 2 (explaining that the Ohio BOP is creating a "Pharmacist Workload Advisory Committee" that will "analyz[e] survey and other data and make recommendations to the [Ohio BOP] to address pharmacist working conditions").

---

[2] Even if the responses to the survey were used to make factual findings, which they plainly were not, that still would not make the responses themselves admissible under Rule 803(8)(A)(iii).  *United States v. Coughlin*, 821 F. Supp. 2d 8, 30 (D.D.C. 2011) ("valuation tables" that were "tools used to make factual findings" were "not the findings themselves" and, therefore, were not admissible).

3

Plaintiffs' arguments that the raw, anonymous comments that are reprinted in the Report may be admissible is without merit. Plaintiffs contend that the anonymous comments may be admissible "as there is no indication they will be offered for the truth of the matter asserted." Doc. 3920 at 4. To be fair, though, it is *Plaintiffs* who wish to introduce the comments into evidence, yet they do not even attempt to explain how they could possibly use the anonymous comments at trial, much less how they could use them if not for the truth of the matter asserted.

Next, Plaintiffs argue that the anonymous comments could "be subject to an exception such as the responding pharmacists' then-existing state of mind." Doc. 3920 at 4. As with their prior argument, Plaintiffs do not even attempt to explain how this exception could apply or how the state of mind of anonymous responding pharmacists (whomever they are, whomever they worked for, and whenever they supposedly made the comments) could possibly be a relevant issue at trial. *E.g., T. Harris Young & Associates, Inc. v. Marquette Electronics, Inc.*, 931 F.2d 816, 828 (11th Cir. 1991) ("Before a statement can be admitted under Rule 803(3) to show the declarant's then existing state of mind, the declarant's state of mind must be a relevant issue."); *see also United Parcel Service, Inc. v. N.L.R.B.*, 228 F.3d 772, 781 n.3 (6th Cir. 2000) (Rule 803(3) is "an exception to the hearsay rule. It is not an exception to the rules of relevance, however."). Whatever state of mind Plaintiffs believe the anonymous comments of some unknown pharmacists may show, the comments do not pertain to issues *in the case*—the exercise of corresponding responsibility by Defendants' pharmacists in the Track Three counties and their filling of prescriptions for opioid medications. To the extent Plaintiffs wish to inferentially extend the anonymous comments to such topics, they cannot lay the foundation needed to do so. Plaintiffs are unable to identify—much less examine—the declarants on what they meant. Plaintiffs cannot even establish that any of the declarants, in fact, worked at any Defendant

4

pharmacies, much less that they worked at any Defendant pharmacies in the Track Three counties.

Finally, Plaintiffs argue that the survey responses should be admissible because Defendants "will have the opportunity to cross-examine witnesses regarding the underlying credibility of any disputed statements." Doc. 3920 at 5. That is nonsensical. *The comments are entirely anonymous*, making it impossible for Defendants to even identify the persons who made the comments, let alone cross-examine them.

The Report is pure double hearsay. Because Plaintiffs have not identified any plausible basis for overcoming the hearsay rule, the Court should exclude the Report in its entirety.

### B. The Report is inadmissible because it is unreliable and lacks trustworthiness.

Even if the Report somehow satisfies the public-records exception in Rule 803(8)(A)(iii) (it does not), it is inadmissible under Rule 803(8)(B) if "the source of information or other circumstances indicate a lack of trustworthiness" and under Rules 702 and 703 if it is unreliable. Plaintiffs erroneously contend that Defendants did not address these issues. Doc. 3920 at 4. In reality, Defendants set forth concrete and specific arguments showing why the survey results and anonymous comments lack trustworthiness and reliability. Defendants explained that the survey, which had a nonresponse rate of 75%, is tainted by extreme nonresponse bias, Doc. 3835 at 6-7; that the survey violated a cardinal rule of survey science to prevent bias by disclosing who was conducting the survey and for what purpose, *id.* at 7; and that the Report fails to disclose basic information about the survey's methodology, suggesting that the survey did not in fact have a rigorous methodology and making it impossible to fully evaluate the survey's results. *Id.* These arguments focused on survey evidence, relying in large measure on the Federal Judicial Center's guide for admissibility of surveys and federal court decisions considering the admissibility of surveys, *because the Report concerns a survey*. *Id.* at 5-7.

5

Plaintiffs make no credible attempt to respond to these arguments.  Instead, Plaintiffs argue that Defendants have not addressed the factors for addressing the trustworthiness of public records making factual findings from an investigation, as set forth in *Chavez v. Carranza*, 559 F.3d 486, 496 (6th Cir. 2009).  Doc. 3920 at 4.  But those factors do not apply here.  As discussed above, the Report concerns a survey, not an investigation, and makes no factual findings whatsoever.  Even if those factors did apply, however, three of the four heavily favor Defendants:  (1) there is no indication that the unidentified person(s) who conducted the survey possessed any special skill or experience; (2) the Ohio BOP did not hold a hearing on the survey; and (3) the survey is plagued by the likely bias of the anonymous responding pharmacists.  The fourth factor ("the timeliness of the investigation upon with the report is based") does not apply as the Report does not concern an investigation of a particular incident or event.

Completely ignoring the "special skill or experience" factor from *Chavez* that they contend applies, Plaintiffs argue that the expertise of the unidentified person(s) who conducted the Ohio BOP survey is not a relevant consideration.  *Id.* at 5.  Of course it is.  Unlike investigative reports of particular events or incidents, surveys aim to identify and articulate the opinions of whole populations. Conducting a survey requires expertise and training in survey design and methodology; otherwise, the circumstances of the survey indicate a lack of trustworthiness.  That is true whether the survey is conducted for litigation or outside litigation for a government agency.  It would be absurd to conclude that the absence of expertise in survey design and methodology somehow *promotes* the admissibility of the Ohio BOP survey.

Plaintiffs once again seek refuge in the totem that "credibility concerns can easily and effectively be raised at trial through cross-examination."  *Id.* at 5.  But, again, *Defendants have no one to cross-examine.*  The Report does not disclose who conducted the survey.  Plaintiffs

6

have not identified a sponsor of the survey or a witness with knowledge of how the survey was conducted—and seemingly intend to introduce the survey in the abstract without a sponsoring witness with knowledge.  And the responses to the survey that are reflected in the Report are entirely anonymous.  Thus, Plaintiffs are just wrong when they baldly assert that the "credibility" of the survey can be "easily and effectively" addressed through cross-examination.

For these reasons, the Court should also grant Defendants' motion *in limine* because the Ohio BOP survey is not trustworthy or reliable.

### C. The Report also should be excluded under Rules 402 and 403.

Plaintiffs argue that the Report is relevant based on a series of assumptions that have no basis in the record.  Doc. 3920 at 6.  Plaintiffs fail to address the fact that the survey did not ask a single question about the dispensing of prescription opioids or the exercise of corresponding responsibility.  Nor do they address the fact that the Report does not indicate which responses, if any, were received from pharmacists working at any Defendant pharmacies, much less any Defendant pharmacies in the Track Three counties.

Plaintiffs also fail to address Defendants' argument that the Report is inadmissible under Rule 403.  Even if working conditions and performance metrics had some relevance, Rule 403 requires exclusion if the Report is unfairly prejudicial or is likely to confuse or mislead the jury.  An unreliable survey is likely to do just that.  As Defendants already explained, the Report is not a reliable or trustworthy study of pharmacy workplace conditions.  Admitting the Report into evidence would be unfairly prejudicial because it would suggest to the jury that it expresses a scientific and representative sample of pharmacists' opinions on workplace conditions, when the available evidence demonstrates an absence of scientific rigor and a substantial likelihood of bias.

Plaintiffs also have no response to the fact that the Report is filled with unsupported and inflammatory statements made by anonymous individuals who had an obvious incentive to disparage their employers or, perhaps, former employers or current competitors. Instead, Plaintiffs seem to desire a mini-trial on the admissibility of each statement. It is worth remembering that the anonymous comments take up 144 pages of the Report. In light of the extreme time pressure the Court has imposed on the trial, it simply is not practical to consider even a fraction of the comments on a statement-by-statement basis. Nor is it necessary.

## II. CONCLUSION

For the foregoing, the Court should preclude Plaintiffs and their experts from introducing, citing, or relying on the Report.

Dated: September 10, 2021                                       Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co. and Walgreen Eastern Co., Inc.*

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, LLC, CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ Robert M. Barnes
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
(412) 471-3490
rbarnes@marcus-shapira.com

/s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

livingston@marcus-shapira.com  *Counsel for Walmart Inc.*
kobrin@marcus-shapira.com

*Counsel for Giant Eagle, Inc. and HBC Service Company*

9

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on September 10, 2021.

                                              /s/ Eric R. Delinsky
                                              Eric R. Delinsky