**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**REPLY IN SUPPORT OF CVS'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF REMOTE SHIPMENTS AND PRESRIPTIONS**

CVS[1] submits this reply in support of its motion *in limine* to exclude evidence of remote shipments and prescriptions. Nothing in Plaintiffs' opposition changes the fact that a reasonable temporal cutoff on the presentation of evidence related to shipments and prescriptions is not only fair but necessary under the unique circumstances of this case.

First, Plaintiffs concede, as they must, that their only claim is to abate a "public nuisance *that exists today*." Doc. 3919 at 1 (emphasis added). Plaintiffs therefore concede, as well, that to prevail on this claim, they similarly must show that CVS was a substantial factor in causing a nuisance *that exists today*. *Id.* Plaintiffs cite a discovery ruling from Track One-A for the proposition that "decades-old policies, procedures, and actions" should be admissible at trial notwithstanding the contours of this claim. *Id.* at 5. But this discovery ruling was made when the Track One plaintiffs were pursuing claims for past damages in addition to their claim to abate a present-day nuisance. And in any event, rulings made in discovery do not determine the admissibility of evidence at trial.

---

[1] CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C. Rite Aid originally joined this motion but has since been severed from the case.

Second, to allow Plaintiffs an opportunity to show that past prescriptions were a substantial factor in causing any nuisance that exists today, CVS proposes a six-year look-back (*i.e.*, back to January 1, 2015).  This is more than reasonable and still would allow Plaintiffs many thousands of *dated* prescriptions—prescriptions dating back four, five, even six years—to try to prove their claim.  Plaintiffs do not explain why they need even more dated prescriptions to prove their present-day claim.  Indeed, it is at best a remote proposition to say that a prescription filled fifteen years ago was diverted, contributed to a citizens' addiction, and the harm to the community purportedly caused by that situation continues today.  When Plaintiffs' only claim is to abate a nuisance that exists today, there is no basis in law, fact, or logic to admit evidence of shipments and prescriptions from many years ago.  They are just too attenuated from Plaintiffs' limited present-day claim.

Third, allowing Plaintiffs to present evidence of shipments or prescriptions from more than six years ago would be unfairly prejudicial.  Allowing Plaintiffs to introduce evidence of such transactions when they, at best, have only a remote connection to the conditions that exist in Plaintiffs' communities today will confuse and mislead the jury—and risk a verdict based on past rather than current conditions.  This prejudice is compounded by the fact that, under the limits imposed by the Court, CVS will not have enough time or witnesses to defend shipments or prescriptions from many years ago, much less the tens of thousands of prescriptions from the last six years.

Fourth, Plaintiffs argue that the cases cited in CVS's opening memorandum are distinguishable.  Doc. 3919 at 6 - 7.  That may be true, but this case is unprecedented.  Rarely, if ever, has there been a jury trial involving four large companies and hundreds of thousands of different transactions, with their own different facts and circumstances, occurring over a fifteen-

year period, where the only issue to be decided at trial is whether those transactions caused a present-day harm (and not past damages) and where the four defendants collectively are limited to 75 hours and 50 fact witnesses to present their evidence.

Finally, Plaintiffs are correct that CVS's opening memorandum raises concerns raised previously in Defendants' motion to enlarge the trial time. But this motion seeks different relief: a reduction in the temporal scope of certain evidence rather than an enlargement of the trial time. The limits on trial time and witnesses imposed by the Court are onerous and prejudicial to CVS. If the Court will not enlarge those limits, then the temporal scope of evidence to be introduced at trial should be reduced. Plaintiffs contend that the limits on trial presentation are reasonable because "Plaintiffs intend to prove their case through aggregate proof, not by individual shipments or prescriptions." *Id.* at 2. This argument exposes the flaw with the current framework of the trial. It is based entirely on the method Plaintiffs have chosen to prove their case. Indeed, even Plaintiffs recognize that "[m]ovants can certainly choose to defend the case however they want," *id.* at 2, but they utterly fail to recognize that CVS cannot do that under limits that accommodate only Plaintiffs' method of proof.

For these reasons, and the reasons more fully articulated in CVS's opening memorandum, the Court should exclude evidence of CVS shipments and prescriptions before 2015.

Dated: September 10, 2021     Respectfully submitted,

.
/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

3

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, LLC, CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

4

## CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on September 10, 2021.

                                                 /s/ Eric R. Delinsky
                                                 Eric R. Delinsky