**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This Document Relates To: | |
| | Judge Dan Aaron Polster |
| *Track Three Cases* | |

## PHARMACY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' JULY 26, 2021 WITNESS LIST DISCLOSURE

Pursuant to this Court's Second Revised Case Management Order for Track Three (Dkt. No. 3735) and Track Three Civil Jury Trial Order (Dkt. No. 3758), CVS Pharmacy, Inc., CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., and Ohio CVS Stores, L.L.C.; Giant Eagle, Inc. and HBC Service Company; Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.; and Walmart Inc. (collectively the "Pharmacy Defendants"), submit the following objections to plaintiffs' July 26, 2021 Witness List.  .

On July 26, 2021, plaintiffs served their Track 3 trial witness list identifying 59 potential fact and expert witnesses.[1]  Pursuant to Track Three Civil Jury Trial Order [Dkt 3758], the parties were originally scheduled to submit unresolved objections to witnesses to the Court on August 23, 2021.  Given the number of witness at issue, the remaining disclosures still to be made, and the time before trial, the parties sought, and were granted, from Special Master David Cohen two extensions, until September 6, 2021, to serve their objections.  The Pharmacy Defendants maintain that these objections are still premature and that many issues may be resolved as the

---

[1] Two witnesses (Scott Jacobson and Janet Hart) appeared to be fact witnesses directed solely at Rite Aid.  In light of the Rite Aid settlement, the Pharmacy Defendants assume those witnesses will no longer be called, but reserve all rights to assert additional objections as to those two witnesses (if that assumption is incorrect).

parties get closer to trial.   Pharmacy Defendants specifically reserve the right to amend, supplement, or otherwise modify these objections.  Pharmacy Defendants also reserve the right to supplement and/or amend these objections in response to rulings of the Court on pretrial motions. Pharmacy Defendants further reserve all rights to object to specific deposition designations as set forth in the August 11, 2021 Order Amending Section VIII of the Track Three Civil Trial Order and Establishing Procedure for Designation and use of Deposition Testimony at Trial (Dkt. 3825).

**General Objections[2]**

**General Objection 1:** Pharmacy Defendants object to the testimony of any witness who gave 30(b)(6) testimony to the extent the plaintiffs intend to elicit or designate testimony outside of the witness's personal knowledge.  *See* Fed. R. Evid. 602.  *See also, e.g.*, *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc*., No. 8:12-cv-691, 2014 WL 4983912, at *3 (M.D. Fla.

---

[2] Pharmacy Defendants also preserve their objection to the Court's order permitting remote live testimony from a witness who is outside of the Court's Rule 45 subpoena power.  Numerous courts have held that Rule 43 should not be used as an end-run around Rule 45's geographic limitations, and that parties should be limited to live testimony of those witnesses voluntarily produced or within the Court's Rule 45 subpoena power.  *See, e.g., Roundtree v. Chase Bank USA, N.A*., 2014 WL 2480259, at *2 (W.D. Wash. 2014); *Broumand v. Joseph*, --- F.Supp. ---, 2021 WL 771387, at *10 (S.D.N.Y. Feb. 27, 2021); *Cross v. Wyeth Pharms., Inc*., 2011 WL 2517211, at *9 (M.D. Fla. June 23, 2011); *Lea v. Wyeth LLC*, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011); *In re EpiPen Antitrust Litig*., 2021 WL 2822535, at *4.

Even those courts that have allowed remote testimony under Rule 43 from witnesses outside of the court's subpoena power have generally done so only after evaluating the witness individually under the five-factor Rule 43 "good cause" test.  *See, e.g., In re DePuy Orthopedica, Inc. Pinnacle Hip Implant Prods. Liab. Litig*., No. 3:11-md-2244-k, 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016); *In re: 3M Combat Arms Earplug Prods Liab. Litig*., No. 3:19-md-2885, 2021 WL 2605957, at *4-5 (N.D. Fla. May 28, 2021).  *See also Lea*, 2011 WL 13195950 at *1 (denying motion to compel remote testimony in part because "even if this court could circumvent Rule 45's requirements, [plaintiff] has failed to show the good cause and compelling circumstances mandated by Rule 43(a)").

Here, the Court has not analyzed the five factors as to any individual witness (and indeed could not, as they had not yet been identified when the Court issued its order on the subject). Plaintiffs just served their choices for their Rule 43 witnesses today and the Pharmacy Defendants are still evaluating whether to object to any of plaintiffs' choices.

Oct. 6, 2014) ("While Rule 30(b)(6) permits [a corporate representative's] deposition testimony to be based on matters outside his personal knowledge, Rule 602 limits his trial testimony to matters that are within his personal knowledge."); *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases).

**General Objection 2:**  Pharmacy Defendants object to plaintiffs' request to introduce any third-party witness's deposition testimony as substantive evidence absent a showing that the witness is unavailable as defined in Fed. R. Civ. P. 32(a)(4)(A)-(E).

**General Objection 3**:  Pharmacy Defendants do not know with any precision what testimony plaintiffs intend to elicit from its witnesses and therefore cannot assert all or even most objections here. Suffice it to say, Pharmacy Defendants object to any attempt to elicit testimony from the below witnesses that violates, or is inconsistent with, the Federal Rules of Evidence. This includes but certainly is not limited to attempts to elicit hearsay in violation of Rule 802, lay opinions in violation of Rule 701, irrelevant testimony in violation of Rule 401 and prejudicial, confusing, or cumulative testimony in violation of Rule 403. Pharmacy Defendants further object to any attempt to elicit testimony from the below witnesses that violates, or is inconsistent with, the Federal Rules of Civil Procedure.  This includes but certainly is not limited to undisclosed expert testimony in violation of Rule 26. In serving these objections to plaintiffs' witness list, Pharmacy Defendants expressly preserve, and do not waive, any such objections.

**<u>Specific Objections</u>**

In addition to the general objections set forth above, the Pharmacy Defendants object to the following fact witnesses for the reasons set forth below:

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 1 | Prevoznik, Thomas | DEA, Associate Section Chief for Pharmaceutical Investigations Section of Diversion Control Division | **Fed. R. Evid. 602**<br>Mr. Prevoznik testified as the corporate representative of the Drug Enforcement Administration pursuant to Federal Rule of Civil Procedure 30(b)(6).  Pharmacy Defendants object to any testimony on matters outside of the witness's personal knowledge.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 2 | Rannazzisi, Joseph | DEA, Former Head of Office of Diversion Control | **No *Touhy* Authorization**<br>To Pharmacy Defendants' knowledge, plaintiffs have notreceived authorization from the Department ofJustice for Mr. Rannazzisi to disclose any Department of Justice information at trial.  Pharmacy Defendants object to any attempt to elicit testimony from Mr. Rannazzisi regarding any Department of Justice information that plaintiffs or the Department of Justice prevented defendants from asking about at Mr. Rannazzisi's prior deposition or any future deposition of him.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 3 | Ashley, Demetra | DEA, Former Acting Assistant Administrator | **Fed. R. Evid. 602**<br>To the extent that Ms. Ashley testified as the corporate representative of the Drug Enforcement Administration pursuant to Federal Rule of Civil Procedure 30(b)(6), Pharmacy Defendants object to any testimony on matters outside of the witness's personal knowledge.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 4 | Cutler, David | Expert | Pharmacy Defendants filed a *Daubert* motion against Mr.Cutler and preserve all objections to the admissibility of his opinions made therein.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 5 | Keyes, Katherine | Expert | Pharmacy Defendants filed a *Daubert* motion against Dr. Keyes and preserve all objections to the admissibility of her opinions made therein.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 6 | Lembke, Anna, Dr. | Expert | Pharmacy Defendants filed a *Daubert* motion against Dr. Lembke and preserve all objections to the admissibility of her opinions made therein.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 7 | McCann, Craig | Expert | Pharmacy Defendants filed a *Daubert* motion against Dr. McCann and preserve all objections to the admissibility of her opinions made therein.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 8 | Alexander, Caleb | Expert | **Fed. R. Evid. 402 and 403**<br>Mr. Alexander's opinions relate to the abatement of the alleged public nuisance. On September 24, 2019, the Court ordered that "the jury will… determine nuisance liability.  Thereafter, if necessary, the Court will try all aspects of equitable remedies for any nuisance liability, bound by the jury's findings of relevant facts." Mr. Alexander's opinions are thus irrelevant to the upcoming jury trial, and allowing him to testify would confuse the jury, prolong the trial, and cause undue prejudice to Pharmacy Defendants.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 9 | Rafalski, Jim | Expert | Pharmacy Defendants filed a *Daubert* motion against Mr. Rafalski and preserve all objections to the admissibility of his opinions made therein.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|-----|--------------|-------|-----------|
| 10 | Young, Nancy | Expert | **Fed. R. Evid. 402 and 403**<br>The Second Revised Case Management Order makes clear that Nancy Young "will only testify during a potential abatement phase of the Track 3 trial." ECF No. 3737 at § G.1. Yet plaintiffs have included her on their witness list for the liability phase. She should be stricken.<br>Consistent with the directive in Section G.1 of the Second Revised Case Management Order, the Order also stated that: "A schedule for the disclosure and discovery of Defendants' expert witnesses who are testifying only in the abatement-phase of the Track 3 trial (in the event one becomes necessary), and the deposition of plaintiffs' abatement experts [e.g., Nancy Young and Harvey Rosen] will be set after the conclusion of the liability phase of the Track 3 trial." *Id.* at § G.4. Ms. Young's opinions are irrelevant to the upcoming jury trial, and allowing her to testify would confuse the jury, prolong the trial, and cause undue prejudice to Pharmacy Defendants who were unable to depose her.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 11 | Malone, Daniel | Expert | Defendants preserve all objections to the admissibility of Mr. Malone's opinions as stated in their *Daubert* motion against him.<br><br>**Fed. R. Evid. 402 and 403**<br>The question to be decided at trial is whether the Pharmacy Defendants engaged in intentional or unlawful conduct that caused a present-day public nuisance. The opinions offered by Mr. Malone – what systems or technology the Pharmacy Defendants could have implemented – are wholly irrelevant to that question. They would not assist the factfinder in determining what was required under the law, whether the programs and systems used by the Pharmacy Defendants were sufficient under the law, or whether the Pharmacy Defendant engaged in any wrongful conduct that was intentional  Further, allowing Mr. Malone to present his opinions at trial would confuse the jury and cause unfair prejudice to the Pharmacy Defendants.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 12 | Catizone, Carmen | Expert | Pharmacy Defendants filed a *Daubert* motion against Mr. Catizone and preserve all objections to the admissibility of his opinions made therein.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 13 | Fraser, Kim | Lake County, ADAMHS Board, Executive Director | **Fed. R. Evid. 602**<br>Ms. Fraser provided videotaped deposition testimony on behalf of Lake County pursuant to Rule 30(b)(6). Pharmacy Defendants object to any attempt by plaintiffs to elicit testimony from Ms. Fraser that is outside of her personal knowledge.<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to  the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV- 00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13- CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010).<br><br>**Fed. R. Evid. 802**<br>Significant portions of Ms. Fraser's testimony appear to be based on what other persons told her and, therefore, is inadmissible hearsay.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 14 | Walters, Ronald | Lake County Sheriff's Office- Det. Capt. | **Fed. R. Evid. 802**<br>Significant portions of Mr. Walters's testimony appear to be based on what other persons told him and, therefore, is inadmissible hearsay.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 15 | Caraway, April | Trumbull County MHRB – Executive Director | **Fed. R. Evid. 602**<br>Ms. Caraway provided videotaped deposition testimony on behalf of Lake County pursuant to Rule 30(b)(6). Pharmacy Defendants object to any attempt by plaintiffs to elicit testimony from Ms. Caraway that is outside of her personal knowledge.<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to  the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV- 00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13- CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010).<br><br>**Fed. R. Evid. 802**<br>Significant portions of Ms. Caraway's testimony appear to be based on what other persons told her and, therefore, is inadmissible hearsay.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial |
| 16 | Villanueva, Tony | Trumbull County TAG – Commander | **Fed. R. Evid. 802**<br>Significant portions of Mr. Walters's testimony appear to be based on what other persons told him and, therefore, is inadmissible hearsay.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 17 | Blasko, Melanie | Third Party, Lake Geauga Recovery Centers – CEO | All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|-----|-------------|-------|-----------|
| 18 | McCallion, Nicole | Third Party, Foster Parent | **Fed. R. Evid. 402 and 403**<br>The individualized testimony of a single Foster Parent is not relevant to plaintiffs' claims that that a public nuisance exists or that Pharmacy Defendants were a substantial cause.  Moreover, any probative value of such testimony is outweighed by the unfair prejudice of such testimony on Pharmacy Defendants.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 19 | Difrangia, William | Third Party, OH Board of Pharmacy | All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 20 | Lau, Curtis | Third Party, Lake County ADAMHS Board Member | **Fed. R. Evid. 402 and 403**<br>On August 12, 2021, Special Master Cohen granted Pharmacy Defendants' Motion to Strike Mr. Lau. |
| 21 | Anderson, Kim | Third Party, Ohio Medical Board | All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 22 | Tokarski, Justin | Third Party, Tata Consulting | **Fed. R. Evid. 402, 403, 611, 802**<br>Testimony from Mr. Tokarski is not relevant to this litigation, and Mr. Tokarski (a former employee of a third-party IT consultant) lacks personal knowledge on any issue in this case.  *See, e.g.,* Tokarski Tr. at 226-290.  Testimony from Mr. Tokarski would confuse the jury, unfairly prejudice Walgreens, and needlessly prolong the trial. Walgreens separately has objections to certain of plaintiffs' designated testimony from Mr. Tokarski's deposition.<br><br>**Fed. R. Civ. P. 45**<br>Mr. Tokarski is outside of the subpoena power.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 23 | TBD | Third Party, Medispan | Plaintiffs still have not identified the specific individual from Medispan who they anticipate calling to testify at trial, so the Pharmacy Defendants reserve all rights to object to that witness when he or she is identified, including, but not limited to, plaintiffs' untimely disclose of the witness's name.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 24 | TBD | Third Party, NACDS | Plaintiffs still have not identified the specific individual from NACDS who they anticipate calling to testify at trial, so the Pharmacy Defendants reserve all rights to object to that witness when he or she is identified, including, but not limited to, plaintiffs' untimely disclose of the witness's name.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 25 | Mortelliti, John | CVS - Director of Asset Protection SupplyChain; Lumberton DC Supervisor of Loss Prevention | **Fed. R. Civ. P. 45**<br>Mr. Mortelli is outside of the subpoena power. CVS separately has objections to certain of Plaintiffs' designated testimony from Mr. Mortelliti's deposition.<br><br>**Fed. R. Evid. 402, 403, 611**<br>Testimony from Mr. Mortelliti is not relevant to whether CVS was a substantial factor in causing a present-day nuisance in plaintiffs' counties, and such testimony would confuse the jury, unfairly prejudice CVS, and needlessly prolong the trial.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 26 | Propatier, Amy | CVS - Logistics Rx Services Manager | **Fed. R. Civ. P. 45**<br>Ms. Propatier is outside of the subpoena power. CVS separately has objections to certain of Plaintiffs' designated testimony from Ms. Propatier's deposition.<br><br>**Fed. R. Evid. 402, 403, 611**<br>Testimony from Ms. Propatier is not relevant to whether CVS was a substantial factor in causing a present-day nuisance in plaintiffs' counties, and such testimony would confuse the jury, unfairly prejudice CVS, and needlessly prolong the trial.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|-----|--------------|-------|-----------|
| 27 | Vernazza, Mark | CVS - Senior Legal Counsel | CVS has separately objected to certain of plaintiffs' designated testimony from Mr. Vernazza's deposition.<br><br>**Fed. R. Civ. P. 45**<br>Mr. Vernazza is outside of the subpoena power.<br><br>**Fed. R. Evid. 602**<br>Mr. Vernazza provided videotaped deposition testimony on behalf of two CVS entities (CVS Rx Services, Inc. and CVS Indiana, LLC) pursuant to Rule 30(b)(6). CVS objects to any attempt to elicit, designate, or play Rule 30(b)(6) testimony at trial on topics that are outside of Mr. Vernazza's personal knowledge.<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV- 00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13- CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010).<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 28 | Burtner, Aaron | CVS - SOM Manager and Loss Prevention Analyst | **Fed. R. Civ. P. 45**<br>Mr. Burtner is outside of the subpoena power. CVS separately has objections to certain of Plaintiffs' designated testimony from Mr. Burtner's deposition.<br><br>**Fed. R. Evid. 402, 403, 611**<br>Testimony from Mr. Burtner is not relevant to whether CVS was a substantial factor in causing a present-day nuisance in plaintiffs' counties, and such testimony would confuse the jury, unfairly prejudice CVS, and needlessly prolong the trial.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 29 | Baker, Kelly | CVS - SOMS Analyst | **Fed. R. Civ. P. 45**<br>Mr. Baker is outside of the subpoena power.  CVS separately has objections to certain of Plaintiffs' designated testimony from Mr. Baker's deposition.<br><br>**Fed. R. Evid. 402, 403, 611**<br>Testimony from Mr. Baker is not relevant to whether CVS was a substantial factor in causing a present-day nuisance in plaintiffs' counties, and such testimony would confuse the jury, unfairly prejudice CVS, and needlessly prolong the trial.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 30 | Davis, Thomas | CVS - Vice President Professional Services, Senior DirectorPharmacy Operations | **Fed. R. Civ. P. 45**<br>Mr. Davos is outside of the subpoena power.  CVS separately has objections to certain of plaintiffs' designated testimony from Mr. Davis's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 31 | Grimes, Joseph | CVS - Pharmacy Professional Practices, Manager | **Fed. R. Civ. P. 45**<br>Mr. Grimes is outside of the subpoena power.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 32 | Hartman, Tara | CVS - CT3 Pharmacist | All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|-----|-------------|-------|-----------|
| 33 | Harrington, Nicole | CVS - Professional Services Senior Director Pharmacy Professional Services | **Fed. R. Civ. P. 45**<br>Ms. Harrington is outside of the subpoena power. CVS separately has objections to certain of Plaintiffs' designated testimony from Ms. Harrington's deposition.<br><br>**Fed. R. Evid. 602**<br>Ms. Harrington provided videotaped testimony in Track Three pursuant to Rule 30(b)(6). CVS objects to any attempt to elicit Rule 30(b)(6) testimony at trial on topics that are outside of Ms. Harrington's personal knowledge.<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to  the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.,* 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV- 00022-JHM, 2017 WL 3426043, at \*5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13- CV-1066, 2016 WL 6585007, at \*2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc*., No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at \*3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co*., 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010).<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 34 | Tankut, Papatya | CVS - Pharmacy Professional Practice | **Fed. R. Civ. P. 45**<br>Mr. Tankut is outside of the subpoena power.  CVS separately has objections to certain of Plaintiffs' designated testimony from Ms. Tankut's deposition.<br><br>**Fed. R. Evid. 402, 403, 611**<br>Testimony from Ms. Tankut is not relevant to whether CVS was a substantial factor in causing a present-day nuisance in plaintiffs' counties, and such testimony would confuse the jury, unfairly prejudice CVS, and needlessly prolong the trial.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 35 | Travassos, Michelle | CVS - Pharmacy Professional Practice | **Fed. R. Civ. P. 45**<br>Mr. Travassos is outside of the subpoena power. CVS has separately objected to certain of plaintiffs' designated testimony from Ms. Travassos's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 36 | Aivazis, John | CVS – CT3 District Leader | All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 37 | Chunderlik, George | HBC/Giant Eagle-Corporate and/or Regional Employee; Manager, Pharmacy Training and Compliance | **Fed. R. Civ. P. 45**<br>Mr. Chunderlik is outside of the subpoena power.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 38 | Tsipakis, James | HBC/Giant Eagle- Executive Vice President Pharmacy/Health and Wellness | **Fed. R. Civ. P. 45** Mr. Tsipakis is outside of the subpoena power. **Fed. R. Evid. 602**: Mr. Tsipakis provided videotaped testimony on behalf of Giant Eagle pursuant to Rule 30(b)(6). Giant Eagle objects to any attempt to elicit Rule 30(b)(6) testimony at trial on topics that are outside of Mr. Tsipakis's personal knowledge. At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV- 00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13- CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010). Giant Eagle has separately objected to certain of plaintiffs' designated testimony from Mr. Tsipakis's deposition. All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 39 | Jacobson, Scott | Rite Aid- Corporate Personnel; VP Pharmacy Operations | Rite Aid witness, presumably withdrawn by plaintiffs in light of settlement. |
| 40 | Hart, Janet | RiteAid- Director, Government Affairs | Rite Aid witness, presumably withdrawn by plaintiffs in light of settlement. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|-----|--------------|-------|-----------|
| 41 | Joyce, Brian | Walgreens Pharmacy Supervisor/ District Manager | **Fed. R. Civ. P. 45**<br>Mr. Joyce is a former employee. Walgreens has objections to certain of plaintiffs' designated testimony from Mr. Joyce's deposition, and further objects to his inclusion on the witness list to the extent he is outside of the subpoena power.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 42 | Demay, Julie | Walgreens- Pharmacist, Pharmacy Manager for CT3stores | All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 43 | Provost-Gorman, Kristie | Walgreens Director Strategic Planning and Analytics LossPrevention | **Fed. R. Civ. P. 45**<br>Ms. Provost-Gorman is a former employee who is outside of the subpoena power. Walgreens separately has objections to certain of plaintiffs' designated testimony from Ms. Provost-Gorman's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 44 | Kneller, Steve | Walgreens General Manager; Director of Distribution | **Fed. R. Civ. P. 45**<br>Mr. Kneller is a former Walgreens employee who is outside of the subpoena power, and plaintiffs failed to submit timely deposition designations for Mr. Kneller. Walgreens separately has objections to certain of plaintiffs' designated testimony from Mr. Kneller's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 45 | Creek, Cheryl | Walgreens Director Pharmacy Ops Optimization | **Fed. R. Civ. P. 45**<br>Ms. Creek is outside of the subpoena power. Walgreens separately has objections to certain of plaintiffs' designated testimony from Ms. Creek's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 46 | Malusa, Sherry | Walgreens- Sr. Director Compliance | **Fed. R. Civ. P. 45**<br>Ms. Malusa is a former employee who is outside of the subpoena power.  Walgreens separately has objections to certain of plaintiffs' designated testimony from Ms. Malusa's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 47 | Polster, Tasha | Walgreens - Vice President of Pharmacy Quality, Compliance, and Patient Safety. | **Fed. R. Evid. 602**<br>Ms. Polster provided videotaped testimony on behalf of Walgreens pursuant to Rule 30(b)(6). Walgreens objects to any attempt to elicit Rule 30(b)(6) testimony at trial on topics that are outside of Ms. Polster's personal knowledge.<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.,* 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV- 00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13- CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc*., No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co*., 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010).<br><br>**Fed. R. Civ. P. 45**<br>Ms. Polster is outside of the subpoena power. Walgreens separately has objections to certain of plaintiffs' designated testimony from Ms. Polster's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 48 | Martin, Barbara | Manager, Inventory Management / Manager - Rx Supply Chain, Stores | **Fed. R. Civ. P. 45**<br>Ms. Martin is outside of the subpoena power. Walgreens separately has objections to certain of plaintiffs' designated testimony from Ms. Martin's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 49 | Bratton, Edward | Manager, Pharmaceutical Integrity (Southern Operation (FL)) | **Fed. R. Evid. 602**<br>Mr. Bratton provided videotaped testimony on behalf of Walgreens pursuant to Rule 30(b)(6). Walgreens objects to any attempt to elicit Rule 30(b)(6) testimony at trial on topics that are outside of Mr. Bratton's personal knowledge.<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec.Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010).<br><br>**Fed. R. Civ. P. 45**<br>Mr. Bratton is outside of the subpoena power. Walgreens separately has objections to certain of plaintiffs' designated testimony from Mr. Bratton's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 50 | Bish, Deb | Walgreens – Function Manager | **Fed. R. Civ. P. 45**<br>Ms. Bish is a former employee who is outside of the subpoena power.  Walgreens separately has objections to certain of plaintiffs' designated testimony from Ms. Bish's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 51 | Swords, Rex | Walgreens – VP, Pharmacy Retail Operations and Planning | **Fed. R. Civ. P. 45**<br>Mr. Swords is outside of the subpoena power. Walgreens separately has objections to certain of plaintiffs' designated testimony from Mr. Swords's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 52 | Nelson, Brad | Walmart - Director, Health and Wellness Practice Compliance | **Fed. R. Civ. P. 45**<br>Mr. Nelson is outside of the subpoena power. Walmart separately has objected to certain of plaintiffs' designated testimony from Mr. Nelson's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 53 | Militello, Lori | Walmart CT3 Pharmacist | All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 54 | Mosher-Parker, Elizabeth | Walmart - Digital Operations | **Fed. R. Civ. P. 45**<br>Ms. Mosher-Parker is outside of the subpoena power.  Walmart separately has objections to certain of plaintiffs' designated testimony from Ms. Mosher-Parker's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |
| 55 | Abernathy, Jeff | Walmart- Operations Manager (DC 6045); Manager, Pharmacy Order Monitoring; Operations Manager (DC 6045) | **Fed. R. Civ. P. 45**<br>Mr. Abernathy is outside of the subpoena power. Walmart separately has objected to certain of plaintiffs' designated testimony from Mr. Abernathy's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|---|---|---|---|
| 56 | Johnson, Miranda | Walmart - Director, Controlled Substances, Health & Wellness Practice Compliance | **Fed. R. Civ. P. 45**<br>Ms. Johnson is outside of the subpoena power. Walmart separately has objections to certain of plaintiffs' designated testimony from Ms. Johnson's deposition.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial |
| 57 | Mack, Deborah | Walmart - Director of Pharmacy Practice Compliance | **Fed. R. Civ. P. 45**<br>Ms. Mack is outside of the subpoena power. Plaintiffs have not designated any of her deposition testimony.  If plaintiffs choose to do so, Walmart reserves the right to separately object to certain of plaintiffs' designated testimony from Ms. Mack, including, but not limited, to the designations being untimely.<br><br>All objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial |
| 58 | McMillon, Doug | Walmart - President and Chief Executive Officer | **Fed. R. Civ. P. 45**<br>Mr. McMillon is outside of the subpoena power. Plaintiffs have not designated any of his deposition testimony.  If plaintiffs choose to do so, Walmart reserves the right to separately object to certain of plaintiffs' designated testimony from Mr. McMillon, including, but not limited, to the designations being untimely.<br><br>All other objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial. |

| NO. | WITNESS NAME | TITLE | OBJECTION |
|-----|--------------|-------|-----------|
| 59 | Hiland, Susanne | Walmart - Director, Pharmacy Professional Services and Government Relations | **Fed. R. Civ. P. 45**<br>Ms. Hiland is outside of the subpoena power. Walmart separately has objections to certain of plaintiffs' designated testimony from Ms. Hiland's individual and 30(b)(6) depositions.<br><br>**Fed. R. Evid. 602**: Ms. Hiland provided videotaped testimony on behalf of Walmart pursuant to Rule 30(b)(6). Walmart objects to any attempt to elicit Rule 30(b)(6) testimony at trial on topics that are outside of Ms. Hiland's personal knowledge.<br><br>At trial, a corporate representative may not testify "to matters outside [her] own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.,* 404 F. App'x 899, 907–08 (5th Cir. 2010); *see also Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV- 00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017); *Stryker Corp. v. Ridgeway*, No. 1:13- CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) (collecting cases); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc*., No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Cooley v. Lincoln Elec. Co*., 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010).<br><br>All other objections to specific testimony based on Fed. R. Civ. P. and Fed. R. Evid. preserved for trial |

Dated:       September 6, 2021

/s/ Alexandra W. Miller (consent)
Alexandra W. Miller
Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: smiller@zuckerman.com
E-mail: edelinsky@zuckerman.com

*Attorneys for CVS Pharmacy, Inc., CVS
Indiana, L.L.C.. CVS Rx
Services, Inc., CVS TN Distribution, L.L.C.,
and Ohio CVS Pharmacy, L.L.C.*

/s/ Robert M. Barnes (consent)
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC
Service Company*

Respectfully Submitted,

/s/ Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Inc.,
Walgreen Co., and Walgreen Eastern Co.,
Inc.*

/s/ Tara A. Fumerton
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939
Email: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

### CERTIFICATE OF SERVICE

The foregoing Pharmacy Defendants' Objections to Plaintiffs' Witness List were served by e-mail on September 6, 2021. Pursuant to a request from Special Master Cohen, these Objections are now being filed on the public docket. I hereby certify that the foregoing Objections were filed electronically this 10th day of September 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties.

*/s/ Tara A. Fumerton*

Tara A. Fumerton

*Counsel for Walmart Inc.*