IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track Three Trial* | Case No: 1:17-MD-2804 |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO PRECLUDE THE USE OF MISLEADING HANDWRITTEN NOTES AND
PREVENT THEM FROM BEING ADMITTED AS EVIDENCE**

In their response to Defendants'[1] Motion *in limine* to preclude the use of misleading handwritten notes, Plaintiffs concede all of the motion's primary premises. First, they agree that their counsel's handwritten notes and drawings are not admissible evidence and as such should not be allowed in the jury room. Resp. at 1, 2. Second, they do not seriously dispute that it would be inappropriate for counsel to lead a witness at trial by writing preferred answers on a "demonstrative" exhibit before the witness vocalizes his or her own answer. *Id.* at 16. Finally, they appear to agree that the purported "summaries" highlighted in Defendants' motion actually do not summarize witness testimony, but rather counsel's own statements (or at minimum an argumentative interpretation of witness testimony). *See id.* at 8-9 (Harrington), 12-13 (Nelson), 13 (DeMay).

Indeed, instead of disputing any of the motion's primary premises, Plaintiffs instead ask that the Court resolve any disputes regarding the exemplar deposition exhibits highlighted in the

---

[1] CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., CVS Indiana, L.L.C., Walgreens Boots Alliance, Inc., Walgreen Co., Walgreen Eastern Co., Inc., Giant Eagle, Inc./HBC Service Company, and Walmart Inc. This motion was also initially filed on behalf of Rite Aid defendants. Rite Aid was severed from the Track 3 Cases on August 26, 2021.

motion during the deposition designation process, rather than during the motion *in limine* process. *See id.* at 7.  Defendants see little point in deferring a ruling, given that Plaintiffs have conceded that the exhibits in question are not admissible.  Resp. at 1, 2.  While obtaining rulings on the specific deposition exhibits highlighted through the deposition designation process could narrow the scope of the disputes the Court must resolve, inadmissible exhibits will be inadmissible whether the Court makes that ruling now or later.[2]  That said, should the Court prefer to use the designation mechanism, Defendants do not object.

In any event, the Court should clarify for trial that, contrary to Plaintiffs' apparent belief, it is not appropriate for the jury to see exhibits containing Plainitffs' counsel's argumentative characterizations of witness testimony, or summaries of counsel's testimony rather than witness testimony, in purportedly pedagogical handwritten "summaries." *See, e.g.*, Resp. at 12.  Plaintiffs' argument to the contrary is based on wholesale mischaracterization of how and when pedagogical summaries are (and are not) permissible at trial.  Therefore, the Court should clarify that any handwritten summaries or demonstratives offered at trial must be accurate and fair summaries of complex evidence or they will be prohibited.

## ARGUMENT

Plaintiffs appear to have at least three misconceptions regarding what is permissible at trial with respect to handwritten summaries of evidence.

---

[2] The Federal Rules of Civil Procedure allow deposition testimony and related exhibits to be introduced only to the extent the testimony "would be admissible under the Federal Rules of Evidence" if the deponent were testifying live.  *See* Fed. R. Civ. P. 32(a)(1)(B); *Stansbury v. Hopkins Hardwoods, Inc.*, 2018 WL 2977439 at *2 (W.D. Ky. Mar. 3, 2018) ("Because the report would be hearsay and inadmissible if [the witness] were to testify live at trial, it remains inadmissible if his testimony is instead presented through his deposition.").

*First,* any pedagogical summaries used at trial must be *accurate* summaries of evidence. This cannot be seriously questioned. Plaintiffs have cited no authority that would allow handwritten "summaries" that argumentatively characterize witness testimony or misleadingly attempt to pass off counsel's own testimony as witness testimony; indeed, the Federal Rules of Evidence expressly forbid it. *See* Fed. R. Evid. 401 (forbidding irrelevant testimony); Fed. R. Evid. 403 (forbidding, among other things, evidence that might confuse or mislead the jury). The Ninth Circuit decision on which the Sixth Circuit's *Bray* decision is premised makes the matter plain: Before allowing a party to display an otherwise inadmissible summary to the jury, the Court should "carefully examine [it] to determine that everything contained in [it] is supported by the proof." *United States v. Wood*, 943 F.2d 1048, 1054 (9th Cir. 1991) (quoting *United States v. Soulard*, 730 F.3d 1292, 1300 (9th Cir. 1984)); *Gordon v. United States*, 438 F.2d 858, 876 (5th Cir. 1971) ("when summaries are used . . . the court must ascertain with certainty that they are based upon and fairly represent competent evidence already before the jury…"). Such verification is critical because, as the Sixth Circuit has acknowledged, pedagogical summaries present numerous dangers, including that "[t]he jury might rely upon the alleged facts in the summary as if these facts had already been proved," or as "a substitute for addressing the credibility of witnesses." *United States v. Scales*, 594 F.2d 558, 564 (6th Cir. 1979) (affirming district court's allowance of summary charts cataloging voluminous evidence that the Court deemed non-misleading and non-deceptive, but cautioning that "[t]rial courts may take care that" "unfair summaries," including those "too conclusory" or "present[ing] incompetent facts," "are not presented to juries"). Accordingly, the Court should clarify that any handwritten pedagogical summaries offered at trial must *accurately* reflect the evidence or testimony they purport to summarize.

*Second,* and relatedly, *Bray* most certainly does not give counsel license to handwrite any argumentative statement he or she desires in the midst of taking evidence, and then pass it off to the jury as a permissible form of "pedagogy." *See* Resp. at 3-4. On the contrary, *Bray* merely states that pedagogical summaries of complicated evidence need not be entirely neutral—their "captions or other organizational devices or descriptions" might reflect counsel's view of the case, *i.e.,* "inferences and conclusions" counsel encourages the jury to draw concerning "complex testimony or other information." *United States v. Bray*, 139 F.3d 1104, 1111 (1998). Because information in the summary need not be organized in a strictly neutral fashion, the jury must be aware that the devices are not themselves evidence, but instead "more akin to argument." *Id.*

Plaintiffs take *Bray* a step too far, however, when they argue that, because counsel is allowed to frame evidence somewhat through pedagogical summaries, such summaries can be as argumentative or inaccurate as counsel desires. That is not the case. Sixth Circuit law is clear that statements (including captions and organizational devices) must be accurate and cannot be misleading. A "summary" including argumentative propositions—particularly propositions with which the witness has expressly disagreed—do not meet that standard. *See, e.g.*, ECF No. 3836, Mot. at 3 (describing exchange in which summary contained argumentative heading with which the witness disagreed). The Court should clarify before trial that pedagogical summaries must fairly and non-argumentatively summarize complex evidence.

*Finally,* contrary to Plaintiffs' argument, the prejudice from misleading handwritten drawings cannot be ameliorated through a mere jury instruction that counsel's arguments are not evidence. *See* Resp. at 6-7. As the Sixth Circuit has pointed out, "[e]ven with [a specific jury instruction regarding a pedagogical summary], a summary may still be considered too

conclusory or inaccurate," which is why permitting even relevant summaries is "committed to the sound discretion of the trial court."  *See United States v. Paulino*, 935 F.2d 739, 753 (6th Cir. 1991), *superseded on other grounds, U.S. v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). *See also Scales*, 594 F.2d at 564 (6th Cir. 1979) (trial courts should "take care that" "unfair summaries" "are not presented to juries," even with a limiting instruction).  Misleading or argumentative summaries should be prevented entirely.

## CONCLUSION

For the foregoing reasons, the Court should exclude handwritten summaries used at deposition in this matter from evidence at trial, because even Plaintiffs concede they are not admissible evidence.  It should also clarify that any handwritten drawings created at trial during witness testimony must (1) accurately reflect the testimony given, (2) fairly summarize complex information, and (3) be used solely as demonstrative exhibits that cannot be displayed after the witness is done testifying or allowed into the jury room during deliberations.

Dated:  September 10, 2021                                    Respectfully submitted,


/s/ Kaspar J. Stoffelmayr (consent)                           /s/ Eric R. Delinsky (consent)
Kaspar J. Stoffelmayr                                          Eric R. Delinsky
Katherine M. Swift                                             Alexandra W. Miller
BARTLIT BECK LLP                                               ZUCKERMAN SPAEDER LLP
54 West Hubbard Street                                         1800 M Street NW, Suite 1000
Chicago, IL 60654                                              Washington, DC  20036
(312) 494-4400                                                 Tel: (202) 778-1800
kaspar.stoffelmayr@bartlitbeck.com                             E-mail: edelinsky@zuckerman.com
kate.swift@bartlitbeck.com                                     E-mail: smiller@zuckerman.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co. and Walgreen Eastern Co., Inc.*

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, LLC, CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ Robert M. Barnes (consent)                                /s/ John M. Majoras
Robert M. Barnes                                               John M. Majoras
Scott D. Livingston                                            JONES DAY
Joshua A. Kobrin                                               51 Louisiana Avenue, N.W.
MARCUS & SHAPIRA LLP                                           Washington, DC 20001
35th Floor, One Oxford Centre                                  Phone: (202) 879-3939
301 Grant Street                                               Email: jmmajoras@jonesday.com
Pittsburgh, PA 15219
(412) 471-3490                                                 Tina M. Tabacchi
rbarnes@marcus-shapira.com                                     Tara A. Fumerton
livingston@marcus-shapira.com                                  JONES DAY
kobrin@marcus-shapira.com                                      77 West Wacker
                                                               Chicago, IL 60601
*Counsel for Giant Eagle, Inc. and HBC Service Company*        (312) 782-3939
                                                               tmtabacchi@jonesday.com
                                                               tfumerton@jonesday.com

                                                               *Counsel for Walmart Inc.*

- 7 -

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on September 10, 2021.

/s/   John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone:  (202) 879-3939
E-mail: jmmajoras@jonesday.com

*Counsel for Walmart Inc.*