**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>**Track Three Cases** | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

### PLAINTIFFS' BENCH BRIEF REGARDING EXCLUDING UNVACCINATED JURORS FROM VENIRE PANEL

Of the remaining potential jurors (those who remain eligible after the parties reached their agreement to strike a number of others) who have filled out the jury questionnaires, 39 have not been vaccinated against COVID-19. Plaintiffs request that these potential jurors be excluded from the jury pool. *See United States v. Elder,* 18-CR-92 (WFK), 2021 WL 4137532, at *1 (E.D.N.Y. Sept. 2, 2021) (rejecting defendants' objection "to the Court's decision to exclude individuals who are not vaccinated against COVID-19 from the impaneled jury" and denying defendants' request that "the Court impanel jurors who are both inoculated and non-inoculated from contracting COVID-19").

Pursuant to the Jury Selection and Service Act:

> any person summoned for jury service may be (1) excused by the court, or by the clerk under supervision of the court if the court's jury selection plan so authorizes, upon a showing of *undue hardship or extreme inconvenience* . . . or (2) excluded by the court on the ground that such person may be unable to render impartial jury service or *that his service as a juror would be likely to disrupt the proceedings* . . .

28 U.S.C. § 1866(c) (emphasis added).[1] In this case, allowing unvaccinated jurors on the jury is likely to disrupt the proceedings and will cause undue hardship and extreme inconvenience to many of the vaccinated jurors, as well as the unvaccinated jurors.

---

[1] "Undue hardship or extreme inconvenience" is defined as "great distance, either in miles or traveltime, from the place of holding court, grave illness in the family or any other emergency which outweighs in immediacy and urgency the obligation to serve as a juror when summoned, *or any other factor which the court determines to constitute an undue hardship or to create an extreme inconvenience to the juror* . . ." 28 U.S.C. § 1869(j) (emphasis added). *See also* FED. R. CIV. P. 47, Advisory Committee (footnote continues on next page)

Recent studies by the CDC show that unvaccinated people are nearly five times more likely to be infected with COVID-19 than those who are fully vaccinated.[2] Moreover, they are approximately 29 times more likely to be hospitalized with COVID-19 than those who are fully vaccinated. *Id*. Serving on a six-week jury trial unquestionably increases the risk that an unvaccinated juror will become infected with COVID-19 and potentially hospitalized (or worse). And, although more protected from severe COVID-19, vaccinated people can still become infected and spread the disease. In other words, an infected unvaccinated juror could potentially infect the other vaccinated members of the jury (or the court staff), who then could pass along the virus to their own unvaccinated children or other immunocompromised friends and family members. Subjecting the vaccinated jurors to such risks constitutes an undue hardship and extreme inconvenience warranting the unvaccinated jurors' exclusion. 28 U.S.C. § 1866(c)(1). Moreover, forcing the unvaccinated jurors to take such risks with their own health and safety constitutes an undue hardship and extreme inconvenience to those jurors as well. *Id*.[3]

---

Notes, 1991 Amendment (noting "sickness" is an "appropriate ground[ ] for excusing a juror").

[2] *See, e.g.,* Lovelace, Jr., Berkeley, "CDC Study shows unvaccinated people are 29 times more likely to be hospitalized with Covid," CNBC (Aug. 24, 2021), *available at* https://www.cnbc.com/2021/08/24/cdc-study-shows-unvaccinated-people-are-29-times-more-likely-to-be-hospitalized-with-covid.html.

[3] Courts have excluded or excused jurors in much less serious circumstances. *See, e.g., United States v. Shelton*, 669 F.2d 446, 459-60 (7th Cir. 1982) ("Juror Burnett telephoned on the morning of the 14th day of the trial to report that she was ill and that she would not be able to make it to court that day, a Friday. Juror Burnett did not indicate whether she was so ill that she would be unable to return on Monday. We do not feel that the trial judge was required to delay the trial, however, in the hope that Juror Burnett would be well enough to return on Monday. This lengthy trial was encountering numerous scheduling difficulties given the number of defendants and other commitments of counsel and of the trial judge. . . . We find that the district judge did not abuse his discretion in excusing Juror Burnett under the circumstances."); *United States v. Wilson*, 493 F. Supp. 2d 438, 445 (E.D.N.Y. 2006) ("I also find that this juror is excludable for cause on the ground of hardship. This juror lives in East Hampton, which is approximately 100 miles from the courthouse in which trial will be conducted. If he drives, he claims it will take him three hours to travel in each direction. If he instead travels by public transportation, he will need to wake up at 4:30 am each day of trial and will probably return home after 9:00 pm each day. In light of the fact that this juror is sixty-four years old, I find that it would be cruel to require this juror to serve.") (internal citations omitted).

Allowing unvaccinated jurors to serve on this jury would also be likely to disrupt the proceedings. A significant number of potential jurors indicated on their questionnaires that they would not feel comfortable or safe serving on a jury with unvaccinated individuals. If they were forced to do so, they would likely be distracted and focusing more on their own anxiety than on the trial itself. *Cf. Shelton,* 669 F.2d at 459 ("A judge 'may remove a juror and replace (her) with an alternative juror whenever facts are presented which convince the trial judge that the juror's ability to perform his duty as a juror is impaired.'") (citation omitted).[4] Moreover, with unvaccinated individuals on the jury, the chances that one or more jurors become infected with COVID-19 is high and, in turn, increases the likelihood of a mistrial. Given the extensive time, money, and effort put into this case by all the parties and the Court, anything that increases the risk of a mistrial should be avoided if at all possible.

Excluding unvaccinated jurors will not violate the requirement that the juror be drawn from a fair cross-section of the community. As one court noted:

> It does not violate [the fair-cross-section] requirement, we said, to disqualify a group for a reason that is related to the ability of members of the group to serve as *jurors in a particular case*. The representativeness constitutionally required at the venire stage can be disrupted at the jury panel stage, to serve a State's legitimate interest.

*Miller v. Borg*, 899 F.2d 19, 1990 WL 35218, at *2 (9th Cir. 1990) (unpublished) (citation and internal quotation marks omitted).[5] Certainly protecting the public health serves a legitimate state

---

[4] In *Shelton*, for example, the Seventh Circuit found that the trial judge did not abuse his discretion in excusing a juror who did not want to serve on the jury because her young niece was in town visiting her. 669 F.2d at 460 ("The district judge also dismissed Juror Guy after the selection of the jury but prior to the opening arguments. Juror Guy asked to be released because she did not realize that she would be obligated from 9:00 a. m. to 5:00 p. m. for each day of the trial. She desired to be excused because a 14-year old niece from out of town was visiting her and her children. After some discussion, Juror Guy indicated that she could still serve despite having to leave her niece stranded without transportation. After considerable deliberation, the district judge discharged Juror Guy. *The judge was concerned about the effect of a potentially impatient and disgruntled juror on the jury in the context of a lengthy trial likely to have frequent interruptions*.") (internal citation omitted) (emphasis added).

[5] Nor do unvaccinated individuals constitute a "cognizable group" that should not be excluded from the jury pool. *Cf. United States v. Armsbury,* 408 F. Supp. 1130, 1137 n.5 (D. Or. 1976) ("Certain groups which the defendant contends are underrepresented have not been analyzed because they are not

(footnote continues on next page)

interest. Moreover, a review of the questionnaires of the vaccinated jurors reveals that this group reflects a significant cross-section of the community and does not demonstrate that it discriminates against any particular demographic.

## Conclusion

For the foregoing reasons, Plaintiffs request that the Court excuse any potential jurors who have not been vaccinated against COVID-19.

Dated: September 21, 2021

                                            Respectfully submitted,

                                            */s/ Jayne Conroy*
                                            Jayne Conroy
                                            SIMMONS HANLY CONROY
                                            112 Madison Avenue, 7th Floor
                                            New York, NY 10016
                                            (212) 784-6400
                                            (212) 213-5949 (fax)
                                            jconroy@simmonsfirm.com

                                            */s/ Joseph F. Rice*
                                            Joseph F. Rice
                                            MOTLEY RICE LLC
                                            28 Bridgeside Blvd.
                                            Mt. Pleasant, SC  29464
                                            (843) 216-9000
                                            (843) 216-9290 (Fax)
                                            jrice@motleyrice.com

                                            Paul T. Farrell, Jr., Esq.
                                            FARRELL & FULLER LLC
                                            1311 Ponce de Leone Ave., Suite 202
                                            San Juan, PR  00907
                                            (304) 654-8281
                                            paul@farrellfuller.com

                                            *Plaintiffs' Co-Lead Counsel*

---

cognizable. They are the unemployed, the retired, the student, the uninformed, the politically dormant, the poor, the lazy, the young, the apathetic, the disillusioned, the selfish, and the uneducated.")

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088, Ext. 2007
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 21, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

               */s/Peter H. Weinberger*
               Peter H. Weinberger