# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*The Montgomery County Board of County Commissioners et al. v. Cardinal Health, Inc., et al.*<br>Case No. 1:18-op-46326-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## CVS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MONTGOMERY COUNTY'S SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO "SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND"

Defendants CVS Indiana L.L.C., CVS Rx Services, Inc., CVS TN Distribution, LLC, CVS Pharmacy, Inc., Ohio CVS Stores, LLC, and Oakwood CVS, Inc. (collectively, "CVS") hereby answer Plaintiff's Supplemental and Amended Allegations to be Added to "Short Form For Supplementing Complaint And Amending Defendants And Jury Demand" (the "Complaint") (Doc. 3738)[1] filed in *The Montgomery County Board of County Commissioners and The State of Ohio ex rel. Mathias H. Heck, Jr., Prosecuting Attorney v. Cardinal Health, Inc., et al.*, No. 1:18-op-46326-DAP (N.D. Ohio).[2]

---

[1] Citations to the docket in this Answer refer to the MDL docket, 1:17-md-2804.

[2] Pursuant to ¶ 4 of the Stipulated Order Regarding Answering the May 1, 2021 Amended Complaints in the Five New Pharmacy Bellwether Cases (the "Answer Stipulation") (Doc. 3853), CVS and Plaintiff have agreed, and the Court has ordered, that CVS shall answer only the allegations set forth in the Complaint (Doc. 3738), and CVS has no obligation to answer any allegations set forth in any prior complaints filed by Plaintiff. By not answering the allegations of any prior complaint, CVS does not admit any of the allegations in those complaints, waive any defenses to the claims in those complaints, or risk a default judgment with respect to any claims in those complaints. Doc. 3853.

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into CVS's responses to each paragraph of the Complaint:

A.      The Complaint names CVS Health Corporation ("CVS Health") as a Defendant. On July 9, 2021, the Court granted Plaintiff's motion to dismiss CVS Health.  Accordingly, CVS Health is not responding to the Complaint.

B.      Where allegations are made against "Defendants" as a group, however described, CVS's responses apply only to themselves.

C.      Most of the allegations in the Complaint are not directed at CVS and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

D.      The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and CVS respectfully refers the Court to the respective materials for their true and complete contents.

E.      Except as otherwise expressly stated herein, CVS denies each and every allegation contained in the Complaint, including any allegations contained in the preamble, unnumbered paragraphs, paragraphs, titles, headings, subheadings, table of contents, footnotes, and exhibits, and specifically denies any liability to Plaintiff. To the extent not expressly denied, all allegations for which CVS denies possessing knowledge or information sufficient to form a belief are denied.

F.      CVS reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER

Pursuant to the Answer Stipulation, CVS states as follows:

A.     Pursuant to paragraph 5 of the Answer Stipulation, paragraphs 46–86, 174, 253–498, 501–04, 507–12, 532–33, 537–38, 555–56, 558, 584–94, 601–06, 609–12, 640–65 and 768 of the Complaint are directed solely to other defendants, and CVS has no obligation to answer.  To the extent CVS is required to respond to the allegations in those paragraphs, CVS states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

B.     Pursuant to paragraph 6 of the Answer Stipulation, CVS denies the allegations in paragraphs 179, 192–93, 206, 217, 233, 235, 237–42, 249–51, 522, 545, 565–66, 568–73, 575, 578, 595–98, 634, 639, 677–84, 693, 697, 703–04, 709, 807, and 817–20 of the Complaint in their entirety.

C.     Pursuant to paragraph 7 of the Answer Stipulation, CVS admits the allegations in paragraphs 198 and 203, but denies that it has committed any wrongdoing and denies that Plaintiffs are entitled to any relief.

CVS answers the remaining allegations of the Complaint as follows:

1.     CVS denies the allegations in paragraph 1 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1. To the extent any further response is required, CVS denies the allegations.

2.     CVS denies the allegations in paragraph 2 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 2. To the extent any further response is required, CVS denies the allegations.

3. CVS denies the allegations in paragraph 3 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

4. The allegations in paragraph 4 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

5. The allegations in paragraph 5 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

6. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6. To the extent any further response is required, CVS denies the allegations.

7. While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7. To the extent any further response is required, CVS denies the allegations.

8. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8. To the extent any further response is required, CVS denies the allegations.

9. While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9. To the extent any further response is required, CVS denies the allegations.

10.     While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10. To the extent any further response is required, CVS denies the allegations.

11.     CVS denies the allegations in paragraph 11 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11. To the extent any further response is required, CVS denies the allegations.

12.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12. To the extent any further response is required, CVS denies the allegations.

13.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 except to admit, upon information and belief, that Mr. Anderson has made the quoted statement in news reports, and that the President declared opioid abuse a national public health emergency under federal law on October 26, 2017. To the extent any further response is required, CVS denies the allegations.

14.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14. To the extent any further response is required, CVS denies the allegations.

15.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15. To the extent any further response is required, CVS denies the allegations.

16.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16. To the extent any further response is required, CVS denies the allegations.

17.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17. To the extent any further response is required, CVS denies the allegations.

18.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18. To the extent any further response is required, CVS denies the allegations.

19.     CVS denies the allegations in paragraph 19 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19. To the extent any further response is required, CVS denies the allegations.

20.     CVS denies the allegations in paragraph 20 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20. To the extent any further response is required, CVS denies the allegations.

21.     CVS denies the allegations in paragraph 21 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and respectfully refers the Court to the cited document, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

22.     CVS denies the allegations in paragraph 22 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 22. To the extent any further response is required, CVS denies the allegations.

23.     While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23. To the extent any further response is required, CVS denies the allegations.

24.     While individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24. To the extent any further response is required, CVS denies the allegations.

25.     CVS denies the allegations in paragraph 25 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

26.     CVS denies the allegations in paragraph 26 insofar as alleged against it except to admit, upon information and belief, that a former CDC director has made the quoted statement in news reports. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26. To the extent any further response is required, CVS denies the allegations.

27.     CVS denies the allegations in paragraph 27 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27. To the extent any further response is required, CVS denies the allegations.

28.     CVS denies the allegations in paragraph 28 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28. To the extent any further response is required, CVS denies the allegations.

29.     CVS denies the allegations in paragraph 29 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29. To the extent any further response is required, CVS denies the allegations.

30.     While CVS is aware of reports on opioid overdoses and addiction, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30. To the extent any further response is required, CVS denies the allegations.

31.     CVS denies the allegations in paragraph 31 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31. To the extent any further response is required, CVS denies the allegations.

32.     The allegations in paragraph 32 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

33.     The allegations in paragraph 33 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

34.     The allegations in paragraph 34 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

35.     The allegations in paragraph 35 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

36.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36. To the extent any further response is required, CVS denies the allegations.

37.     CVS denies the allegations in paragraph 37 except to admit that CVS Health is a Delaware corporation with its principal place of business in Rhode Island.

38.     CVS denies the allegations in paragraph 38 except to admit that CVS Indiana, L.L.C. is an Indiana limited liability company with its principal place of business in Rhode Island.

39.     CVS denies the allegations in paragraph 39 except to admit that CVS Rx Services, Inc. is a New York corporation with its principal place of business in Rhode Island.

40.     CVS denies the allegations in paragraph 40 except to admit that CVS TN Distribution, LLC is a Tennessee limited liability company with its principal place of business in Rhode Island.

41.     CVS denies the allegations in paragraph 41 except to admit that CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island, is a subsidiary of CVS Health, and is registered to do business in Ohio, and CVS Pharmacy, Inc. directly or indirectly owns CVS distribution centers that are licensed with DEA to distribute Schedule III, IV, and V controlled substances and directly or indirectly owns CVS Pharmacy retail stores in Ohio that are licensed with DEA to dispense Schedule II, III, IV, and V controlled substances.

42.     CVS denies the allegations in paragraph 42 except to admit that Ohio CVS Stores, LLC is an Ohio limited liability company with its principal place of business in Rhode Island.

43.     CVS denies the allegations in paragraph 43 except to admit that distribution centers directly or indirectly owned by CVS Pharmacy, Inc., CVS TN Distribution, L.L.C., CVS Indiana,

L.L.C., and CVS Rx Services, Inc. are licensed with DEA to distribute Schedule III, IV, and V controlled substances; CVS Pharmacy retail stores owned by Ohio CVS Stores, L.L.C. are licensed with DEA to dispense Schedule II, III, IV, and V controlled substances; distribution centers owned by CVS TN Distribution, L.L.C., CVS Indiana, L.L.C., and CVS Rx Services, Inc. have distributed Schedule III, IV, and V controlled substances into Ohio; and CVS Pharmacy retail stores owned by Ohio CVS Stores, L.L.C. have dispensed Schedule II, III, IV, and V controlled substances in Ohio.

44.     CVS admits that CVS Pharmacy, Inc. acquired Omnicare, Inc. in 2015.

45.     CVS denies the allegations in paragraph 45 insofar as alleged against it except to admit that it acquired certain assets from certain Clark's Pharmacy stores in Ohio in or around 2011 and 2017.

87.     CVS denies the allegations in paragraph 87 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87. To the extent any further response is required, CVS denies the allegations.

88.     CVS denies the allegations in paragraph 88 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88. To the extent any further response is required, CVS denies the allegations.

89.     CVS denies the allegations in paragraph 89 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89. To the extent any further response is required, CVS denies the allegations.

90.     CVS admits opioids are a class of substances that include legal, prescription medication that doctors may prescribe to treat pain. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90. To the extent any further response is required, CVS denies the allegations.

91.     CVS admits opioids are a class of substances that include legal, prescription medication that doctors may prescribe to treat pain. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91. To the extent any further response is required, CVS denies the allegations.

92.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92. To the extent any further response is required, CVS denies the allegations.

93.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93. To the extent any further response is required, CVS denies the allegations.

94.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94. To the extent any further response is required, CVS denies the allegations.

95.     CVS admits that certain prescription opioids are classified as Schedule II under the Controlled Substances Act. CVS otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 95. To the extent any further response is required, CVS denies the allegations.

96.     CVS admits that medical professionals may describe the strength of prescription opioids in terms of morphine milligram equivalents (or "MME"). CVS otherwise lacks knowledge

or information sufficient to form a belief about the truth of the allegations in paragraph 96. To the extent any further response is required, CVS denies the allegations.

97.      CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97. To the extent any further response is required, CVS denies the allegations.

98.      CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98. To the extent any further response is required, CVS denies the allegations.

99.      CVS denies the allegations in paragraph 99 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99. To the extent any further response is required, CVS denies the allegations.

100.     CVS denies the allegations in paragraph 100 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100. To the extent any further response is required, CVS denies the allegations.

101.     CVS denies the allegations in paragraph 101 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101. To the extent any further response is required, CVS denies the allegations.

102.     CVS denies the allegations in paragraph 102 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 102. To the extent any further response is required, CVS denies the allegations.

103.    CVS denies the allegations in paragraph 103 insofar as alleged against it except to admit that CVS distribution centers distribute Schedule III, IV, and V controlled substances to CVS Pharmacy retail stores and that CVS Pharmacy retail stores dispense Schedule II, III, IV, and V controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103. To the extent any further response is required, CVS denies the allegations.

104.    CVS denies the allegations in paragraph 104 insofar as alleged against it except to admit that CVS distribution centers distributed hydrocodone combination products when those products were classified as Schedule III under the Controlled Substances Act and that CVS Pharmacy retail stores have dispensed prescription opioids classified as Schedule II and III under the Controlled Substances Act. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104. To the extent any further response is required, CVS denies the allegations.

105.    CVS denies the allegations in paragraph 105 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS distribution centers' distribution of controlled substances and CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105. To the extent any further response is required, CVS denies the allegations.

106.    CVS denies the allegations in paragraph 106 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 106. To the extent any further response is required, CVS denies the allegations.

107.    The allegations in paragraph 107 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

108.    CVS denies the allegations in paragraph 108 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108. To the extent any further response is required, CVS denies the allegations.

109.    CVS denies the allegations in paragraph 109 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109. To the extent any further response is required, CVS denies the allegations.

110.    CVS denies the allegations in paragraph 110 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110. To the extent any further response is required, CVS denies the allegations.

111.    CVS denies the allegations in paragraph 111 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111. To the extent any further response is required, CVS denies the allegations.

112.    CVS denies the allegations in paragraph 112 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 112. To the extent any further response is required, CVS denies the allegations.

113.    CVS denies the allegations in paragraph 113 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113. To the extent any further response is required, CVS denies the allegations.

114.    The allegations in paragraph 114 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

115.    The allegations in paragraph 115 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

116.    The allegations in paragraph 116 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

117.    The allegations in paragraph 117 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and regulations for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

118.    The allegations in paragraph 118 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and regulations for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

119.    The allegations in paragraph 119 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations and

documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

120.    The allegations in paragraph 120 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations, case law and testimony for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

121.    The allegations in paragraph 121 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

122.    The allegations in paragraph 122 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

123.    The allegations in paragraph 123 state legal conclusions and argument to which no response is required. CVS further lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123, to the extent those allegations are directed to Defendants other than CVS. To the extent any further response is required, CVS denies the allegations.

124.    The allegations in paragraph 124 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

125.    The allegations in paragraph 125 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulation for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

126.    The allegations in paragraph 126 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

127.    The allegations in paragraph 127 state legal conclusions and argument as to which no response is required and contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

128.    The allegations in paragraph 128 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited case law for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

129.    The allegations in paragraph 129 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited case law for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

130.    CVS denies the allegations in paragraph 130 except to admit that a pharmacy's ordering history may provide information on the controlled and non-controlled substances that the pharmacy previously has ordered. To the extent any further response is required, CVS denies the allegations.

131.    CVS denies the allegations in paragraph 131 insofar as alleged against it except to aver that the cited document speaks for itself. To the extent that any further response is required, CVS denies the allegations.

17

132.    CVS denies the allegations in paragraph 132 insofar as alleged against it except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

133.    The allegations in paragraph 133 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

134.    The allegations in paragraph 134 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

135.    The allegations in paragraph 135 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

136.    The allegations in paragraph 136 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

137.    The allegations in paragraph 137 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

138.    The allegations in paragraph 138 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

139.    The allegations in paragraph 139 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

140.    The allegations in paragraph 140 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

141.    The allegations in paragraph 141 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

142.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142. To the extent any further response is required, CVS denies the allegations.

143.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 143 to the extent they concern Defendants other than CVS, and therefore denies the same. CVS admits that pharmacists employed at CVS retail pharmacies in Ohio have access to the Ohio Automated Rx Reporting System. CVS further states that the allegations of this paragraph contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

144.    CVS denies the allegations in paragraph 144 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances and other prescription drugs. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144 to the extent those allegations relate to other Defendants. CVS denies the remaining allegations of this paragraph.

145.    The allegations in paragraph 145 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

146.    CVS denies the allegations in paragraph 146 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146. To the extent any further response is required, CVS denies the allegations.

147.    The allegations in paragraph 147 contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

148.    The allegations in paragraph 148 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

149.    The allegations in paragraph 149 contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

150.    CVS denies the allegations in paragraph 150 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150. To the extent any further response is required, CVS denies the allegations.

151.    CVS denies the allegations in paragraph 151 insofar as alleged against it except to admit that the National Association of Chain Drug Stores ("NACDS") is a trade association for retail pharmacies and that a CVS entity is a member of NACDS, has held a seat on the Board of

Directors of NACDS, and has served on committees of NACDS. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151. To the extent any further response is required, CVS denies the allegations.

152.    CVS denies the allegations in paragraph 152 except to admit that Healthcare Distribution Alliance ("HDA"), formerly known as Healthcare Distribution Management Association ("HDMA")) is a trade association whose members are pharmaceutical distributors; that CVS Health acquired in or around 2007 an entity, Caremark Rx Inc., that was an affiliate member of HDA; and that a subsidiary of CVS Health for a period thereafter maintained that affiliate membership in HDA.

153.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

154.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

155.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

156.    CVS denies the allegations in paragraph 156 except to admit that HDA and NACDS submitted an amicus brief in the *Masters Pharmaceutical* case and to refer the Court to the amicus brief for its true and correct contents. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156. To the extent any further response is required, CVS denies the allegations.

157.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 157 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

158.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

159.     CVS denies the allegations in paragraph 159 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159. To the extent any further response is required, CVS denies the allegations.

160.     CVS admits that the DEA launched the "Distributor Initiative" in or around 2005 but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the "Distributor Initiative." The remaining allegations in paragraph 160 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

161.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161. To the extent any further response is required, CVS denies the allegations.

162.     CVS admits that the DEA has hosted Pharmacy Diversion Awareness Conferences. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162. To the extent any further response is required, CVS denies the allegations.

163.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

164.    CVS denies the allegations in paragraph 164 except to admit that the DEA sent a September 27, 2006 letter to certain registrants that contained the quoted language. CVS denies Plaintiff's characterization of this letter, and respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

165.    CVS denies the allegations in paragraph 165 except to admit that the DEA sent a September 27, 2006 letter to certain registrants that contained the quoted language. CVS denies Plaintiff's characterization of this letter and respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

166.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166 except to admit that DEA sent a December 27, 2007 letter to certain registrants that contained the quoted language. CVS respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

167.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167. To the extent any further response is required, CVS denies the allegations.

168.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168 except to aver that the referenced settlement agreements speak for themselves. To the extent any further response is required, CVS denies the allegations.

169.     The allegations in paragraph 169 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited case law and administrative decisions for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

170.     The allegations in paragraph 170 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulation and case law for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

171.     The allegations in paragraph 171 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

172.     CVS denies the allegations in paragraph 172 insofar as alleged against it except to admit that representatives from CVS and the DEA met on December 8, 2010, and to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 172. To the extent any further response is required, CVS denies the allegations.

173.     CVS denies the allegations in paragraph 173 except to aver that the cited document speaks for itself.

175.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

176.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176 except to aver that the allegations purport to cite documents and

those documents speak for themselves. To the extent any further response is required, CVS denies the allegations.

177.    CVS denies the allegations in paragraph 177 insofar as alleged against it except to aver that the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177. To the extent any further response is required, CVS denies the allegations.

178.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

180.    The allegations in paragraph 180 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

181.    CVS denies the allegations in paragraph 181 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181. To the extent any further response is required, CVS denies the allegations.

182.    CVS denies the allegations in paragraph 182 except to aver that the complete public statements made by CVS speak for themselves and are the best evidence of their contents.

183.    CVS denies the allegations in paragraph 183 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183. To the extent any further response is required, CVS denies the allegations.

184.    The allegations in paragraph 184 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

185.    CVS denies the allegations in paragraph 185 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 185. To the extent any further response is required, CVS denies the allegations.

186.    CVS denies the allegations in paragraph 186 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186. To the extent any further response is required, CVS denies the allegations.

187.    CVS denies the allegations in paragraph 187 except to aver that the cited document speaks for itself.

188.    CVS denies the allegations in paragraph 188 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188. To the extent any further response is required, CVS denies the allegations.

189.    The allegations in paragraph 189 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

190.    CVS denies the allegations in paragraph 190 except to admit that there are currently more than 9,900 CVS Pharmacy retail stores in the United States; that CVS Pharmacy retail stores

26

were supplied with Schedule III hydrocodone combination products by CVS distribution centers and by outside vendors; that CVS distribution centers stopped distributing hydrocodone combination products when they were reclassified as Schedule II under the Controlled Substances Act in October 2014; and that CVS Pharmacy retail stores are supplied with Schedule II prescription opioids by outside vendors.

191.    CVS denies the allegations in paragraph 191 except to admit that CVS Pharmacy retail stores have placed orders for Schedule III, IV, and V controlled substances with CVS distribution centers through a computerized ordering system.

194.    CVS denies the allegations in paragraph 194 except to admit that, in 2007, CVS worked with an outside consultant to develop a written standard operating procedure for its distribution centers' handling of controlled substances, and to aver that the referenced documents speak for themselves.

195.    CVS denies the allegations in paragraph 195 except to aver that the referenced documents speak for themselves.

196.    CVS denies the allegations in paragraph 196 except to aver that the referenced document speaks for itself.

197.    CVS denies the allegations in paragraph 197 except to admit that the DEA commenced a routine inspection of CVS's Indianapolis distribution center on August 24, 2010.

199.    CVS denies the allegations in paragraph 199 except to aver that the cited documents speak for themselves.

200.    CVS denies the allegations in paragraph 200 except to aver that the cited documents speak for themselves.

201.    CVS denies the allegations in paragraph 201 except to aver that the cited document must be considered in context and in unmodified form, and to respectfully refer the Court to the cited document for its true and complete contents.

202.    CVS denies the allegations in paragraph 202 except to admit that, in or around 2008, an outside consultant delivered to CVS a set of computer algorithms to identify orders of interest of controlled substances placed with CVS distribution centers.

204.    CVS denies the allegations in paragraph 204 except to admit that the original set of computer algorithms delivered by the outside consultant pended orders with a score of 0.15 or higher, that the score was adjusted to 0.65 in consultation with the outside consultant, and that the outside consultant performed a "retunement" of the algorithm.

205.    CVS denies the allegations in paragraph 205 except to aver that the cited document must be considered in context and in unmodified form, and to respectfully refer the Court to the cited document for its true and complete contents.

207.    CVS denies the allegations in paragraph 207 except to admit that the computer algorithms delivered to CVS in 2008 flagged orders by drug name and were subsequently revised to flag orders by active ingredient.

208.    CVS denies the allegations in paragraph 208 except to aver that the cited documents speak for themselves.

209.    CVS denies the allegations in paragraph 209 except to admit that, in 2012, it hired new outside consultants to assist with the development of suspicious order monitoring systems.

210.    CVS denies the allegations in paragraph 210 except to aver that the cited document speaks for itself.

211.    CVS denies the allegations in paragraph 211 except to admit that CVS implemented a new suspicious order monitoring system in 2014 and stopped distributing hydrocodone combination products by October 6, 2014.

212.    CVS denies the allegations in paragraph 212 except to admit that the DEA commenced a routine inspection of CVS's distribution center in Indianapolis, Indiana, in August 2013.

213.    CVS denies the allegations in paragraph 213 except to aver that the cited documents speak for themselves.

214.    CVS denies the allegations in paragraph 214 except to admit that CVS had a closing meeting with the DEA concerning its inspection of the CVS distribution center in Indianapolis, Indiana, in May 2014, and to aver that the cited documents speak for themselves.

215.    CVS denies the allegations in paragraph 215 except to aver that the letter of admonition issued by the DEA on December 31, 2015, speaks for itself.

216.    CVS denies the allegations in paragraph 216 except to aver that the cited deposition transcript speaks for itself.

218.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218. To the extent any further response is required, CVS denies the allegations.

219.    CVS denies the allegations in paragraph 219 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 219. To the extent any further response is required, CVS denies the allegations.

220.    CVS denies the allegations in paragraph 220 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 220. To the extent any further response is required, CVS denies the allegations.

221.    CVS denies the allegations in paragraph 221 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 221. To the extent any further response is required, CVS denies the allegations.

222.    CVS denies the allegations in paragraph 222 insofar as alleged against it except to aver that to the extent this paragraph purports to quote from, summarize, or paraphrase a document or documents, the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 222. To the extent any further response is required, CVS denies the allegations.

223.    CVS denies the allegations in paragraph 223 insofar as alleged against it except to aver that to the extent this paragraph purports to quote from, summarize, or paraphrase a document or documents, the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 223. To the extent any further response is required, CVS denies the allegations.

224.    CVS denies the allegations in paragraph 224 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 224. To the extent any further response is required, CVS denies the allegations.

225.     CVS denies the allegations in paragraph 225 except to admit that CVS Pharmacy, Inc. acquired Omnicare, Inc. in 2015 and to aver that the ARCOS data produced by DEA speaks for itself.

226.     CVS denies the allegations in paragraph 226 except to admit that Omnicare, Inc. publicly disclosed in 2010 SEC filings the existence of an investigation by the DEA, and that the U.S. Attorney's Office for the Northern District of Ohio announced that it had reached a settlement with Omnicare, Inc. in 2012, and to aver that the cited documents speak for themselves. CVS denies Plaintiff's characterization of the settlement. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 226. To the extent any further response is required, CVS denies the allegations.

227.     CVS denies the allegations in paragraph 227 except to admit that Omnicare, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Northern District of Ohio in 2012. CVS denies Plaintiff's characterization of this settlement agreement and respectfully refers the Court to the referenced settlement agreement for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

228.     CVS denies the allegations in paragraph 228 except to admit that Omnicare, Inc. entered into a settlement agreement with the U.S. Attorney's Offices for the Central District of California, the Eastern District of California, the District of Colorado, the District of Oregon, and the District of Utah in May 2020. CVS denies Plaintiff's characterization of this settlement agreement, and respectfully refers the Court to the referenced settlement agreement for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

229.     CVS denies the allegations in paragraph 229 except to aver that the cited press release speaks for itself.

31

230.    CVS denies the allegations in paragraph 230 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 230. To the extent any further response is required, CVS denies the allegations.

231.    CVS denies the allegations in paragraph 231 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 231 except to aver that the cited ARCOS data speaks for itself. To the extent any further response is required, CVS denies the allegations.

232.    CVS denies the allegations in paragraph 232 except to aver that the ARCOS data produced by DEA speaks for itself.

234.    The allegations in paragraph 234 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

236.    CVS denies the allegations in paragraph 236 except to aver that the ARCOS data produced by DEA speaks for itself.

243.    CVS denies the allegations in paragraph 243 except to aver that the cited document speaks for itself.

244.    CVS denies the allegations in paragraph 244 except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances.

245.    CVS denies the allegations in paragraph 245 except to admit that there are currently more than 9,900 CVS Pharmacy retail stores in the United States and that those CVS Pharmacy retail stores dispense Schedule II, III, IV, and V controlled substances.

32

246.    CVS denies the allegations in paragraph 246 except to admit that, pursuant to DEA procedures, the DEA registrations of CVS Pharmacy retail stores are renewed on a chain-wide basis and that, in November 2013, a fee of $5,553,407 (determined in accordance with the applicable DEA fee schedule) was paid to renew the DEA registrations of 7,597 CVS Pharmacy retail stores for a three-year period.

247.    CVS denies the allegations in paragraph 247 except to admit that, through September 2014, CVS Pharmacy retail stores were supplied with Schedule III hydrocodone combination products by CVS distribution centers and by outside vendors, and that CVS Pharmacy retail stores are supplied with Schedule II prescription opioids by outside vendors.

248.    CVS denies the allegations in paragraph 248 except to admit that a system was put in place to monitor for suspicious orders of controlled substances that CVS Pharmacy retail stores placed with CVS distribution centers.

252.    CVS denies the allegations in paragraph 252 except to aver that the cited ruling speaks for itself.

499.    CVS denies the allegations in paragraph 499 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 499. To the extent any further response is required, CVS denies the allegations.

500.    The allegations in paragraph 500 state legal conclusions and argument as to which no response is required. The allegations in paragraph 500 also contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form,

and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

505.    CVS denies the allegations in paragraph 505 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 505. To the extent any further response is required, CVS denies the allegations.

506.    CVS denies the allegations in paragraph 506 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 506. To the extent any further response is required, CVS denies the allegations.

513.    CVS denies the allegations in paragraph 513 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 513. To the extent any further response is required, CVS denies the allegations.

514.    CVS denies the allegations in paragraph 514 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 514. To the extent any further response is required, CVS denies the allegations.

515.    CVS denies the allegations in paragraph 515 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 515. To the extent any further response is required, CVS denies the allegations.

516.     CVS denies the allegations in paragraph 516 except to aver that the cited document speaks for itself.

517.     CVS denies the allegations in paragraph 517 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 517. To the extent any further response is required, CVS denies the allegations.

518.     CVS denies the allegations in paragraph 518 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 518. To the extent any further response is required, CVS denies the allegations.

519.     CVS denies the allegations in paragraph 519 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 519. To the extent any further response is required, CVS denies the allegations.

520.     CVS denies the allegations in paragraph 520 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 520. To the extent any further response is required, CVS denies the allegations.

521.     CVS denies the allegations in paragraph 521 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 521. To the extent any further response is required, CVS denies the allegations.

35

523.     CVS denies the allegations in paragraph 523 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 523. To the extent any further response is required, CVS denies the allegations.

524.     CVS denies the allegations in paragraph 524 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 524. To the extent any further response is required, CVS denies the allegations.

525.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 525 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

526.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 526 except to aver that the cited document speaks for itself.  To the extent any further response is required, CVS denies the allegations.

527.     CVS denies the allegations in paragraph 527 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 527. To the extent any further response is required, CVS denies the allegations.

528.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 528 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

529.     CVS denies the allegations in paragraph 529 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 529. To the extent any further response is required, CVS denies the allegations.

530.    CVS denies the allegations in paragraph 530 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 530. To the extent any further response is required, CVS denies the allegations.

531.    CVS denies the allegations in paragraph 531 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 531. To the extent any further response is required, CVS denies the allegations.

532.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 532 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

533.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 533 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

534.    CVS denies the allegations in paragraph 534 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 534. To the extent any further response is required, CVS denies the allegations.

535.    CVS denies the allegations in paragraph 535 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 535. To the extent any further response is required, CVS denies the allegations.

536.    CVS denies the allegations in paragraph 536 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 536. To the extent any further response is required, CVS denies the allegations.

539.    CVS denies the allegations in paragraph 539 insofar as alleged against. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 539. To the extent any further response is required, CVS denies the allegations.

540.    CVS denies the allegations in paragraph 540 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 540. To the extent any further response is required, CVS denies the allegations.

541.    CVS denies the allegations in paragraph 541 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 541. To the extent any further response is required, CVS denies the allegations.

542.    CVS denies the allegations in paragraph 542 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 542. To the extent any further response is required, CVS denies the allegations.

543.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 543. To the extent any further response is required, CVS denies the allegations.

544.     CVS denies the allegations in paragraph 544 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 544. To the extent the allegations in paragraph 544 also state legal conclusions and argument, no response is required. To the extent any further response is required, CVS denies the allegations.

546.     CVS denies the allegations in paragraph 546 except to admit that the Alliance to Prevent the Abuse of Medicines ("APAM") was founded in 2013, that a CVS entity was a member of APAM, and that HDMA's members have included the American Medical Association, Cardinal Health, the Healthcare Distribution Management Association, Prime Therapeutics, and Teva Pharmaceuticals. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 546. To the extent any further response is required, CVS denies the allegations.

547.     CVS denies the allegations in paragraph 547 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 547. To the extent any further response is required, CVS denies the allegations.

548.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 548. To the extent any further response is required, CVS denies the allegations.

549.    CVS denies the allegations in paragraph 549 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 549 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

550.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 550. To the extent any further response is required, CVS denies the allegations.

551.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 551. To the extent any further response is required, CVS denies the allegations.

552.    CVS denies the allegations in paragraph 552 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 552. To the extent any further response is required, CVS denies the allegations.

553.    CVS denies the allegations in paragraph 553 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 553. To the extent any further response is required, CVS denies the allegations.

554.    CVS denies the allegations in paragraph 554 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 554. To the extent any further response is required, CVS denies the allegations.

557.    CVS denies the allegations in paragraph 557 except to aver that the cited website speaks for itself and to admit that Red Oak Sourcing, LLC ("Red Oak") was formed in July 2014, that a CVS entity and a Cardinal Health entity each own a 50% interest in Red Oak; that Red Oak has an initial term of ten years; that the CVS entity and the Cardinal Health entity contributed sourcing and supply chain expertise to Red Oak and agreed to source and negotiate generic pharmaceutical supply contracts for both companies through Red Oak; that Red Oak does not own or hold inventory on behalf of either company; that no physical assets (e.g., property and equipment) were contributed to Red Oak by either company; and that the Cardinal Health entity has been required to pay the CVS entity certain quarterly payments since October 2014, and that, as milestones are met, the quarterly payments increase. To the extent any further response is required, CVS denies the allegations.

559.    CVS denies the allegations in paragraph 559 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 559. To the extent any further response is required, CVS denies the allegations.

560.    CVS denies the allegations in paragraph 560 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 560. To the extent any further response is required, CVS denies the allegations.

561.    CVS denies the allegations in paragraph 561 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 561. To the extent any further response is required, CVS denies the allegations.

41

562.     CVS denies the allegations in paragraph 562 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 562. To the extent any further response is required, CVS denies the allegations.

563.     CVS denies the allegations in paragraph 563 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 563. To the extent any further response is required, CVS denies the allegations.

564.     CVS denies the allegations in paragraph 564 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 564. To the extent any further response is required, CVS denies the allegations.

567.     CVS denies the allegations in paragraph 567 except to aver that the cited document speaks for itself.

574.     CVS denies the allegations in paragraph 574 except to aver that the cited document speaks for itself.

576.     CVS denies the allegations in paragraph 576 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 576. To the extent any further response is required, CVS denies the allegations.

577.     CVS denies the allegations in paragraph 577 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 577. To the extent any further response is required, CVS denies the allegations.

579.    CVS denies the allegations in paragraph 579 except to aver that the cited document speaks for itself.

580.    CVS denies the allegations in paragraph 580 except to aver that the cited document speaks for itself.

581.    CVS denies the allegations in paragraph 581 except to aver that the cited document speaks for itself.

582.    CVS denies the allegations in paragraph 582 except to aver that the cited document speaks for itself.

583.    CVS denies the allegations in paragraph 583 except to aver that the cited document speaks for itself.

599.    CVS denies the allegations in paragraph 599 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 599. To the extent any further response is required, CVS denies the allegations.

600.    CVS denies the allegations in paragraph 600 insofar as alleged against it except to admit that CVS entities have collaborated with various stakeholders, including law enforcement, to address prescription drug abuse. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 600. To the extent any further response is required, CVS denies the allegations.

607.    CVS denies the allegations in paragraph 607 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 607. To the extent any further response is required, CVS denies the allegations.

608.    CVS denies the allegations in paragraph 608 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 608. To the extent any further response is required, CVS denies the allegations.

613.    CVS denies the allegations in paragraph 613 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 613 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

614.    CVS denies the allegations in paragraph 614 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 614 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

615.    CVS admits that NACDS filed an amicus brief in *United States of America v. Walmart Inc., et al.*, C.A. No. 20-1744-CFC (D. Del.), but denies the allegations in paragraph 615 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 615. To the extent any further response is required, CVS denies the allegations.

616.    CVS denies the allegations in paragraph 616 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 616. To the extent any further response is required, CVS denies the allegations.

44

617.    CVS denies the allegations in paragraph 617 insofar as alleged against it except to admit that certain CVS entities have entered into settlement agreements with regulators relating to opioids. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 617. To the extent any further response is required, CVS denies the allegations.

618.    CVS denies the allegations in paragraph 618 except to admit that CVS Health disclosed in public filings that it had yearly net revenue of more than $150 billion between 2015 and 2017, and that there are currently more than 9,900 CVS Pharmacy retail stores in the United States.

619.    CVS denies the allegations in paragraph 619 except to admit that certain CVS entities have entered into various settlement agreements with the DEA and the United States Department of Justice. CVS otherwise denies Plaintiff's characterization of the settlements and denies the remaining allegations in paragraph 619.

620.    CVS denies the allegations in paragraph 620 except to admit that Omnicare, Inc. entered into a settlement agreement with the U.S. Attorney's Offices for the Central District of California, the Eastern District of California, the District of Colorado, the District of Oregon and the District of Utah in May 2020. CVS denies Plaintiff's characterization of this settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

621.    CVS denies the allegations in paragraph 621 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Rhode Island in March 2019. CVS respectfully refers the Court to the referenced settlement agreement

and press release, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

622.     CVS denies the allegations in paragraph 622 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Northern District of Alabama in August 2018. CVS otherwise denies Plaintiff's characterization of this settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

623.     CVS denies the allegations in paragraph 623 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Eastern District of New York in June 2018. CVS otherwise denies Plaintiff's characterization of the settlement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

624.     CVS denies the allegations in paragraph 624 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Eastern District of California in July 2017. CVS otherwise denies Plaintiff's characterization of the settlement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

625.     CVS denies the allegations in paragraph 625 except to admit that certain CVS entities have entered into various settlement agreements with the DEA and the United States Department of Justice. CVS otherwise denies Plaintiff's characterization of the settlement agreements and respectfully refers the Court to the referenced settlement agreements, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

626.    CVS denies the allegations in paragraph 626 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Maryland in February 2016. CVS otherwise denies Plaintiff's characterization of the settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

627.    CVS denies the allegations in paragraph 627 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Connecticut in October 2016. CVS otherwise denies Plaintiff's characterization of the settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

628.    CVS denies the allegations in paragraph 628 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the Massachusetts Attorney General in or around September 2016. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

629.    CVS denies the allegations in paragraph 629 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the United States Department of Justice and its Drug Enforcement Administration for the New England Field Division in June 2016. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

630.    CVS denies the allegations in paragraph 630 except to admit that CVS Health entered into a settlement agreement with the U.S. Attorney's Office for the District of Rhode Island

in August 2015. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

631.    CVS denies the allegations in paragraph 631 except to admit that CVS Health entered into a settlement agreement with the U.S. Attorney's Office for the Middle District of Florida in May 2015. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

632.    CVS denies the allegations in paragraph 632 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Southern District of Texas in September 2014. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

633.    CVS denies the allegations in paragraph 633 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Western District of Oklahoma in April 2013. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

635.    CVS denies the allegations in paragraph 635 except to admit that representatives from CVS and DEA met on December 8, 2010 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

636.    CVS denies the allegations in paragraph 636 except to admit that representatives from CVS and DEA met on December 8, 2010 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

637.    CVS denies the allegations in paragraph 637 except to admit that representatives from CVS and DEA met on August 12, 2011 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

638.    CVS denies the allegations in paragraph 638 except to admit that representatives from CVS and DEA met on August 12, 2011 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

666.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 666. To the extent any further response is required, CVS denies the allegations.

667.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 667. To the extent any further response is required, CVS denies the allegations.

668.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 668. To the extent any further response is required, CVS denies the allegations.

669.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 669. To the extent any further response is required, CVS denies the allegations.

670.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 670. To the extent any further response is required, CVS denies the allegations.

671.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 671. To the extent any further response is required, CVS denies the allegations.

672.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 672. To the extent any further response is required, CVS denies the allegations.

673.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 673. To the extent any further response is required, CVS denies the allegations.

674.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 674. To the extent any further response is required, CVS denies the allegations.

675.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 675. To the extent any further response is required, CVS denies the allegations.

676.    CVS denies the allegations in paragraph 676 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 676. To the extent any further response is required, CVS denies the allegations.

685.    The allegations in paragraph 685 state legal conclusions to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

686.    The allegations in paragraph 686 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

687.    The allegations in paragraph 687 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

688.    The allegations in paragraph 688 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

689.    The allegations in paragraph 689 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

690.    The allegations in paragraph 690 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case

law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

691.    The allegations in paragraph 691 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

692.    The allegations in paragraph 692 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

694.    The allegations in paragraph 694 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

695.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 695. To the extent any further response is required, CVS denies the allegations.

696.    CVS denies the allegations in paragraph 696 insofar as alleged against it. While CVS is aware of reports of overdose rates, CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 696. To the extent any further response is required, CVS denies the allegations.

698.    CVS denies the allegations in paragraph 698 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 698. To the extent any further response is required, CVS denies the allegations.

699.    CVS denies the allegations in paragraph 699 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 699. To the extent any further response is required, CVS denies the allegations.

700.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 700. To the extent any further response is required, CVS denies the allegations.

701.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 701. To the extent any further response is required, CVS denies the allegations.

702.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 702. To the extent any further response is required, CVS denies the allegations.

705.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 705. To the extent any further response is required, CVS denies the allegations.

706.    CVS denies the allegations in paragraph 706 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 706. To the extent any further response is required, CVS denies the allegations.

707.     CVS denies the allegations in paragraph 707 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 707. To the extent any further response is required, CVS denies the allegations.

708.     CVS denies the allegations in paragraph 708 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 708. To the extent any further response is required, CVS denies the allegations.

710.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 710. To the extent any further response is required, CVS denies the allegations.

711.     While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 711. To the extent any further response is required, CVS denies the allegations.

712.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 712. To the extent any further response is required, CVS denies the allegations.

713.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 713. To the extent any further response is required, CVS denies the allegations.

714.     While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 714 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

715.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 715 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

716.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 716 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

717.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 717 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

718.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 718 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

719.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 719 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

720.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 720 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

721.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 721 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

722.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 722 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

723.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 723 and respectfully refers the Court to any cited

documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

724.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 724 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

725.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 725 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

726.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 726. To the extent any further response is required, CVS denies the allegations.

727.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 727. To the extent any further response is required, CVS denies the allegations.

728.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 728. To the extent any further response is required, CVS denies the allegations.

729.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 729. To the extent any further response is required, CVS denies the allegations.

730.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 730. To the extent any further response is required, CVS denies the allegations.

731.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 731. To the extent any further response is required, CVS denies the allegations.

732.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 732. To the extent any further response is required, CVS denies the allegations.

733.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 733. To the extent any further response is required, CVS denies the allegations.

734.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 734. To the extent any further response is required, CVS denies the allegations.

735.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 735. To the extent any further response is required, CVS denies the allegations.

736. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 736. To the extent any further response is required, CVS denies the allegations.

737. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 737. To the extent any further response is required, CVS denies the allegations.

738. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 738. To the extent any further response is required, CVS denies the allegations.

739. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 739. To the extent any further response is required, CVS denies the allegations.

740. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 740. To the extent any further response is required, CVS denies the allegations.

741. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 741. To the extent any further response is required, CVS denies the allegations.

742. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 742. To the extent any further response is required, CVS denies the allegations.

743.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 743. To the extent any further response is required, CVS denies the allegations.

744.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 744. To the extent any further response is required, CVS denies the allegations.

745.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 745. To the extent any further response is required, CVS denies the allegations.

746.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 746. To the extent any further response is required, CVS denies the allegations.

747.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 747. To the extent any further response is required, CVS denies the allegations.

748.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 748. To the extent any further response is required, CVS denies the allegations.

749.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 749. To the extent any further response is required, CVS denies the allegations.

750.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 750. To the extent any further response is required, CVS denies the allegations.

751.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 751. To the extent any further response is required, CVS denies the allegations.

752.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 752. To the extent any further response is required, CVS denies the allegations.

753.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 753. To the extent any further response is required, CVS denies the allegations.

754.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 754. To the extent any further response is required, CVS denies the allegations.

755.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 755. To the extent any further response is required, CVS denies the allegations.

756.    CVS denies the allegations in paragraph 756 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 756. To the extent any further response is required, CVS denies the allegations.

757.    CVS denies the allegations in paragraph 757 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 757. To the extent any further response is required, CVS denies the allegations.

758.    The allegations in paragraph 758 state legal conclusions as to which no response is required. To the extent any further response is required, CVS denies the allegations in paragraph 758 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 758.

759.    The allegations in paragraph 759 state legal conclusions as to which no response is required. To the extent any further response is required, CVS denies the allegations in paragraph 759 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 759.

760.    CVS denies the allegations in paragraph 760 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 760. To the extent any further response is required, CVS denies the allegations.

761.    CVS denies the allegations in paragraph 761 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 761. To the extent any further response is required, CVS denies the allegations.

762.    CVS denies the allegations in paragraph 762 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 762. To the extent any further response is required, CVS denies the allegations.

763.    CVS denies the allegations in paragraph 763 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 763. To the extent any further response is required, CVS denies the allegations.

764.    CVS denies the allegations in paragraph 764 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 764. To the extent any further response is required, CVS denies the allegations.

765.    CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

766.    CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

767.    The allegations contained within paragraph 767 do not contain factual allegations requiring a response.  To the extent any further response is required, CVS denies the allegations.

769.    The allegations contained within paragraph 769 do not contain factual allegations requiring a response.  To the extent any further response is required, CVS denies the allegations.

770.    In response to paragraph 770, CVS repeats and realleges its responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

771.     The allegations in paragraph 771 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

772.     The allegations in paragraph 772 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

773.     The allegations in paragraph 773 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

774.     The allegations in paragraph 774 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

775.     The allegations in paragraph 775 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

776.     The allegations in paragraph 776 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

777.     The allegations in paragraph 777 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

778.     The allegations in paragraph 778 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

779.     The allegations in paragraph 779 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

800.     The allegations in paragraph 800[3] state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

801.     The allegations in paragraph 801 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

---

[3] The Complaint does not include paragraphs numbered 780-799.

802.    The allegations in paragraph 802 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

803.    The allegations in paragraph 803 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

804.    The allegations in paragraph 804 state legal conclusions as to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

805.    The allegations in paragraph 805 state legal conclusions as to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

806.    The allegations in paragraph 806 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

808.    The allegations in paragraph 808 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

809.    The allegations in paragraph 809 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

810.    The allegations in paragraph 810 state legal conclusions as to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

811.    The allegations in paragraph 811 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

812.    The allegations in paragraph 812 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

813.    The allegations in paragraph 813 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

814.    The allegations in paragraph 814 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

815.    The allegations in paragraph 815 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

816.    The allegations in paragraph 816 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

821.    The allegations in paragraph 821 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

822.    The allegations in paragraph 822 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

823.    The allegations in paragraph 823 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

824.    The allegations in paragraph 824 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

825.    The allegations in paragraph 825 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

826.    The allegations in paragraph 826 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

827.    The allegations in paragraph 827 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

828.    The allegations in paragraph 828 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

829.    The allegations in paragraph 829 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

830.    The allegations in paragraph 830 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

831.    The allegations in paragraph 831 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

832.    The allegations in paragraph 832 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

833.    The allegations in paragraph 833 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

834.    The allegations in paragraph 834 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

835.    The allegations in paragraph 835 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

836.    The allegations in paragraph 836 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

837.    The allegations in paragraph 837 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

838.    The allegations in paragraph 838 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

839.    The allegations in paragraph 839 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

840.    The allegations in paragraph 840 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

841.    The allegations in paragraph 841 state legal conclusions as to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

842.    The allegations in paragraph 842 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

843.    CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

844.    CVS incorporates by reference its responses to the RICO cause of action set forth as the Second Claim of Relief and all allegations related thereto as if fully set forth herein. To the extent any further response is required, CVS denies the allegations.

845.    CVS denies that Plaintiff is entitled to any relief.

846.    CVS hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## AFFIRMATIVE DEFENSES

CVS raises the following affirmative defenses to the Complaint. By designating the following defenses as affirmative defenses, CVS does not concede that it bears the burden of proof and/or the burden of persuasion as to any such defense. CVS reserves the right to (1) rely on any other applicable defenses that may become apparent during fact or expert discovery; (2) rely on any other applicable defenses set forth in any answer or list of affirmative defenses filed or submitted by any other Defendant in this action; and (3) amend this document and/or its answer to assert any such defenses.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of repose.

### FIFTH DEFENSE

Plaintiff lacks standing to bring all or some of their claims.

### SIXTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## NINTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

## TENTH DEFENSE

Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent CVS have valid defenses which would bar recovery by those persons on whose behalf Plaintiff seeks recovery.

## FOURTEENTH DEFENSE

Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf Plaintiff seeks to recover.

## FIFTEENTH DEFENSE

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

## SIXTEENTH DEFENSE

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by CVS that harmed patients and should not have been written, or that CVS's allegedly improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any specific prescription was unauthorized, medically unnecessary, ineffective, or harmful.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

## EIGHTEENTH DEFENSE

Plaintiff's claims against CVS do not arise from the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

## NINETEENTH DEFENSE

Plaintiff failed to join all necessary parties, including without limitation prescribers, patients, and other third parties whom Plaintiff alleged engaged in the unauthorized, improper, or illicit prescription, dispensing, diversion, or use of opioids.

## TWENTIETH DEFENSE

CVS denies all types of causation, including without limitation cause in fact, proximate cause, and producing cause, as to the claims asserted against CVS.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of superseding and intervening causation.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because CVS has no legal duty to protect Plaintiff from the intentional criminal acts of third persons. Such criminal acts are superseding causes that extinguish any liability.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were due to illicit use or abuse of medications.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent their alleged injuries and damages were caused or contributed to by the negligence or conduct of Plaintiff and/or third parties over whom CVS had no control and for whom it is not responsible.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of its residents to reimburse any expenses for health care, pharmaceutical care, and other public services.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action by CVS.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable or uncontrollable forces over which CVS had no control, including without limitation pre-existing medical conditions.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by the misuse of the medications involved, by failure to use the medications properly, and/or by the alteration, modification, or criminal misuse of medications prescribed by third parties over whom CVS had no control.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by CVS in determining to use or prescribe the subject prescription medications.

## THIRTIETH DEFENSE

Any injuries and/or damages sustained by Plaintiff were caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

## THIRTY-FIRST DEFENSE

Any recovery by Plaintiff is barred or limited by the principle of comparative or contributory fault.

## THIRTY-SECOND DEFENSE

Any recovery by Plaintiff may be barred or limited by the principles of informed consent and assumption of the risk, whether primary, express, or implied.

## THIRTY-THIRD DEFENSE

CVS asserts its right to a proportionate reduction, based on the negligence or other conduct of any settling tortfeasor, responsible third party, or Plaintiff, of any damages found against CVS.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent its alleged damages are speculative, uncertain, or hypothetical.

## THIRTY-FIFTH DEFENSE

In the event of liability against CVS (which liability is specifically denied), a specific percentage of the tortious conduct that proximately caused Plaintiff's injury or loss is attributable to (1) Plaintiff; (2) other parties from whom Plaintiff seeks recovery; and (3) persons from whom Plaintiff does not seek recovery in this action, including but not limited to prescribers of opioids, their associates, and employers, including hospitals; non-party manufacturers of prescription opioids; non-party distributors of prescription opioids; non-CVS pharmacies and pharmacists employed or formerly employed at those pharmacies; individuals and entities involved in the distribution and/or sale of illegal opioids; individuals involved in procuring diverted prescription opioids and/or illegal drugs; delivery services; federal, state, and local government entities; and any other person identified by Plaintiff or any other defendant as a non-party whose tortious conduct proximately caused Plaintiff's injury or loss. Ohio Revised Code §§ 2307.22-.23; *id.* §§ 2315.32-.35.

## THIRTY-SIXTH DEFENSE

In the event of liability against CVS (which liability is specifically denied), the facts will show that it caused fifty percent or less of the conduct that proximately caused Plaintiff's alleged injuries or loss, and CVS is therefore liable only for their proportionate share of damages that represent economic loss. *See* Ohio Revised Code §§ 2307.22-.23. Any recovery by Plaintiff must be reduced pursuant to Ohio Rev. Code §§ 2315.32-35 and 2307.23 to account for the acts or omissions attributable to Plaintiff.

## THIRTY-SEVENTH DEFENSE

74

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred or limited by the economic loss rule.

### THIRTY-NINTH DEFENSE

Plaintiff's claims are barred or limited by the free public services and/or municipal cost recovery doctrines.

### FORTIETH DEFENSE

Plaintiff's claims are barred to the extent they relate to CVS's or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply.

### FORTY-FIRST DEFENSE

The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21, and pursuant to all federal and Ohio constitutional limitations on the assessment of punitive or exemplary damages.

### FORTY-SECOND DEFENSE

Any damages that Plaintiff may recover against CVS must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the

subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

## FORTY-FOURTH DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

## FORTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or Ohio constitutions to the extent Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FORTY-SIXTH DEFENSE

Defendant's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

## FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

## FORTY-NINTH DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

## FIFTIETH DEFENSE

CVS's conduct conformed with the FDCA and the requirements of the FDA, and the activities of CVS alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

## FIFTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

## FIFTY-SECOND DEFENSE

Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

## FIFTY-THIRD DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to the manufacturers disclosure of information related

to the safety of their medications at issue, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## FIFTY-FOURTH DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of "fraud on the DEA" with respect to CVS's compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## FIFTH-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## FIFTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## FIFTY-SEVENTH DEFENSE

If Plaintiff incurred the damages alleged, which is expressly denied, CVS is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## FIFTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 *et seq.*), as amended, or Section 351, Public Health Service Act (42 U.S.C. § 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine.

## SIXTIETH DEFENSE

CVS did not owe or breach any statutory or common law duty to Plaintiff.

## SIXTY-FIRST DEFENSE

CVS appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## SIXTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because CVS complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## SIXTY-THIRD DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish CVS's regulatory duties, such informal guidance cannot enlarge CVS's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

## SIXTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

## SIXTY-FIFTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## SIXTY-SIXTH DEFENSE

CVS is not liable for any statements in the manufacturers' branded or unbranded materials.

## SIXTY-SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part, or are subject to other limitations, by the Ohio Product Liability Act, Ohio Revised Code § 2307.71, *et seq*.

## SIXTY-EIGHTH DEFENSE

Plaintiff's nuisance claims are barred to the extent that it lacks the statutory authority to bring a nuisance claim under Ohio law or its own applicable county or municipal codes or regulations.

## SIXTY-NINTH DEFENSE

Plaintiff's common law and statutory public nuisance claims are barred or limited by the Ohio Products Liability Act.

## SEVENTIETH DEFENSE

Plaintiff's claim of public nuisance is barred or limited because no action of CVS involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a

claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Defendant is too remote from the alleged injury as a matter of law and due process.

### SEVENTY-FIRST DEFENSE

Plaintiff's claim for unjust enrichment is barred or limited because CVS did not receive and retain any alleged benefit from Plaintiff.

### SEVENTY-SECOND DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### SEVENTY-THIRD DEFENSE

Plaintiff's claims are barred, reduced, and/or limited to the extent that CVS is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

### SEVENTY-FOURTH DEFENSE

To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

### SEVENTY-FIFTH DEFENSE

Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to CVS.

### SEVENTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because no conduct of CVS was misleading, unfair, or deceptive.

### SEVENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users, nor their prescribers of the medications distributed by CVS, nor Plaintiff itself, relied to their detriment upon any statement by CVS in determining to use the medications at issue.

## SEVENTY-EIGHTH DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties;

(7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## SEVENTY-NINTH DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## EIGHTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to assert their claims, including claims indirectly maintained on behalf of their citizens and claims brought as *parens patriae*.

## EIGHTY-FIRST DEFENSE

CVS followed good faith dispensing practices and its pharmacists properly fulfilled their corresponding responsibility to review prescriptions for indications that they were not issued in the usual course of professional treatment. 21 CFR §1306.04(a). CVS pharmacists did not knowingly fill any prescriptions that they knew were not legitimate.

## EIGHTY-SECOND DEFENSE

CVS and its pharmacists reasonably relied upon the prescribers who issued the prescriptions and have the primary "responsibility for the proper prescribing and dispensing of controlled substances." 21 CFR 1306.04(a).

### EIGHTY-THIRD DEFENSE

CVS and its pharmacists reasonably relied upon the DEA which set annual national quotas for controlled substances based upon the country's legitimate medical needs and is responsible for the enforcement of the CSA.

### EIGHTY-FOURTH DEFENSE

CVS cannot control and is not responsible for what patients do with prescription drugs after they are dispensed by pharmacists. Patients have a duty to use the drugs properly and store them safely.

### EIGHTY-FIFTH DEFENSE

Plaintiff's public nuisance claim is precluded by Ohio Rev. Code § 4729.25 and the Ohio Legislature's comprehensive regulation of drugs of abuse.

### EIGHTY-SIXTH DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because CVS has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

### EIGHTY-SEVENTH DEFENSE

Plaintiff cannot obtain relief on its claims based on actions undertaken by CVS of which CVS provided notice of all material facts.

### EIGHTY-EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

### EIGHTY-NINTH DEFENSE

Plaintiff's damages, if any, were caused by the direct and proximate negligence or other conduct of entities or persons other than CVS, and in the event CVS is found liable to Plaintiff, CVS will be entitled to indemnification, contribution, and/or apportionment.

### NINETIETH DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that already have indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

### NINETY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

### NINETY-SECOND DEFENSE

CVS is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

### NINETY-THIRD DEFENSE

CVS asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Ohio Rules of Civil Procedure 8(C) and 12(B), as investigation and discovery proceeds.

### NINETY-FOURTH DEFENSE

To the extent they are not otherwise incorporated herein, CVS incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Defendants in this case.

### NINETY-FIFTH DEFENSE

85

CVS adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## DEMAND FOR JURY TRIAL

CVS hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## PRAYER FOR RELIEF

CVS prays that (a) judgment be entered dismissing Plaintiff's Complaint with prejudice, and (b) this Court grant it such other relief as it deems just and appropriate including costs and reasonable attorney's fees.


Date: September 21, 2021                          Respectfully submitted,

                                                  */s/ Eric R. Delinsky*
                                                  Eric R. Delinsky
                                                  Alexandra W. Miller
                                                  ZUCKERMAN SPAEDER LLP
                                                  1800 M Street, N.W., Suite 1000
                                                  Washington, D.C. 20036
                                                  Tel: (202) 778-1800
                                                  Fax: (202) 822-4106
                                                  edelinsky@zuckerman.com
                                                  smiller@zuckerman.com


                                                  *Counsel for CVS Indiana L.L.C., CVS Rx Services, Inc., CVS TN Distribution, LLC, CVS Pharmacy, Inc., Ohio CVS Stores, LLC, and Oakwood CVS, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 21, 2021, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

*/s/ Eric R. Delinsky*
Eric R. Delinsky