# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| This document relates to: *The Montgomery County Board of County Commissioners and The State of Ohio Ex Rel. Mathias H. Heck, Jr., Prosecuting Attorney v. Cardinal Health, Inc., et al.* | Case No. 1:17-md-2804 <br><br> Hon. Dan Aaron Polster |
| Case No. 18-op-46326 ("Track 7") | |

## RITE AID DEFENDANTS' ANSWER TO COUNTY OF MONTGOMERY'S SUPPLEMENTAL AND AMENDED ALLEGATIONS

Defendants Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center ("Rite Aid of Maryland, Inc."), Rite Aid Hdqtrs. Corp., and Rite Aid of Ohio, Inc. (sometimes collectively referred to as "Rite Aid") by and through counsel, hereby answer Plaintiff the County of Montgomery, Ohio's ("Plaintiff") operative Complaint[1] in accordance with the numbered paragraphs thereof.[2]

## GENERAL DENIAL AND PRELIMINARY STATEMENT

Rite Aid incorporates the following matters into the responses to each paragraph of the Complaint.

---

[1] As of this filing, Plaintiff's operative complaint is the Supplemental and Amended Allegations to be Added to Short Form for Supplementing Complaint And Amending Defendants and Jury Demand filed on May 19, 2021 (the "Complaint").

[2] Rite Aid Corporation is named as a defendant in the operative complaint. Rite Aid Corporation has filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and therefore Rite Aid Corporation is not required to file an answer and is not filing an answer at this time. Fed. R. Civ. P. 12(a)(4).

A.      Rite Aid submits this Answer only on behalf of itself.  Where allegations are made against "Defendants" or "Chain Pharmacies" as a group, however described, Rite Aid's responses only apply to it.

B.      The Complaint contains purported references to several documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These third-party publications and statements should be considered, if at all, in context and in unmodified form, and Rite Aid hereby respectfully refers the Court to the respective third-party publications and statements for their complete contents.

C.      Except as expressly stated herein, Rite Aid expressly denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the numbered and unnumbered paragraphs, subparagraphs, headings, subheadings, footnotes, and exhibits of the Complaint, and specifically denies any liability to Plaintiff.  To the extent that the titles, headings, subheadings, paragraphs, and footnotes of the Complaint are intended to be allegations directed to Rite Aid, they are denied.

D.      Rite Aid answers the Complaint pursuant to and in compliance with the Stipulated Order Regarding Answering the May 19, 2021 Amended Complaints in the Five New Pharmacy Bellwether Cases ("Answer Stipulation").  Dkt. No. 3853.

E.      Pursuant to the Answer Stipulation, Rite Aid denies the following paragraphs in their entirety: 1 – 5; 11; 19 – 22; 24 – 29; 31 – 35; 87 – 89; 99 – 102; 105 – 107; 109 – 116; 118 – 142; 144 – 149; 151; 157; 176; 180 – 181; 183 – 185; 188 – 189; 499 – 500; 505; 524; 527; 547; 554; 560; 562 – 564; 595 – 600; 613; 616 – 617; 677 – 694; 709; and 757 – 844.

F.      Pursuant to the Answer Stipulation, Rite Aid lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in

the following paragraphs: 6 – 10; 12 – 18; 23; 30; 36; 90 – 98; 103 – 104; 108; 117; 152 – 156;
158 – 171; 177 – 179; 525 - 526; 528 – 531; 534 – 541; 543 – 546; 548 – 553; 561; 614 – 615; 666
– 676; 695 – 708; and 710 – 756.

G.      Pursuant to the Answer Stipulation, Rite Aid is not required to answer the following
paragraphs, which relate solely to other defendants: 37 – 55; 69 – 86; 143; 150; 172 – 175; 182;
186 – 187; 190 – 341; 401 – 498; 501 – 504; 506 – 522; 532 – 533; 542; 555 – 559; 565 – 591;
593 – 594; 601 – 610; 612; 618 – 655; and 662 – 665.

H.      Rite Aid reserves the right to seek to amend and supplement its Answer as may be
appropriate or necessary.

## ANSWER TO SPECIFIC ALLEGATIONS CONTAINED IN COMPLAINT

## PARTIES

56.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of
personal jurisdiction and therefore no answer is required at this time.  *See* Answer Stipulation at
2 ("Defendants shall answer Montgomery County's Amended Complaint by September 21,
2021, except that any Defendant that files a motion to dismiss for lack of personal jurisdiction …
shall not be required to answer the Amended Complaint unless and until its Rule 12(b)(2) motion
is denied.").

57.     Rite Aid Hdqtrs. Corp. admits that Rite Aid Hdqtrs. Corp. is a Delaware
Corporation with its principal office located in Camp Hill, Pennsylvania.  Rite Aid Hdqtrs. Corp.
denies the remaining allegations of Paragraph No. 57.

58.     Rite Aid of Maryland, Inc. admits the allegations in the first sentence of
Paragraph No. 58.  Further answering, Rite Aid of Maryland, Inc. admits that it distributed

Schedule III controlled substances to Rite Aid pharmacies in Montgomery County.  Rite Aid of Maryland, Inc. denies the remaining allegations of Paragraph No. 58.

59.     Rite Aid of Ohio, Inc. admits that Rite Aid of Ohio, Inc. owned and operated retail Rite Aid pharmacies in Ohio, including in Montgomery County.  Rite Aid of Ohio, Inc. further admits that at certain times it ordered Schedule III controlled substances from Rite Aid of Maryland, Inc.  Rite Aid of Ohio, Inc. and Rite Aid of Maryland, Inc. deny the remaining allegations of Paragraph No. 59.

60.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit only that Plaintiff refers to Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc., and Rite Aid of Ohio, Inc. collectively as "Rite Aid" in its Complaint.  Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., and Rite Aid of Maryland, Inc. deny that it is proper to refer to separate and independent corporations collectively as "Rite Aid" for purposes of alleging facts generally that cannot be answered generally by all of the separate and independent corporations, and deny that Rite Aid entities can be held liable for the conduct of other, independent corporations.  Rite Aid Corporation has filed a motion to dismiss for lack of personal jurisdiction and therefore no answer is required at this time.

61.     Rite Aid of Maryland, Inc. admits that it is a licensed wholesale distributor.  Rite Aid of Ohio, Inc. admits that Rite Aid of Ohio, Inc. operated retail Rite Aid pharmacies in Ohio, including in Montgomery County, that sell prescription medicines.

62.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.  Rite Aid Hdqtrs. Corp. denies the allegations of Paragraph No. 62.

63.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.  Rite Aid Hdqtrs. Corp. admits the allegations of Paragraph No. 63.

64.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.

65.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.

66.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.

67.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.

68.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 68.

## FACTUAL ALLEGATIONS

342.     Rite Aid of Maryland, Inc. admits the allegations of Paragraph No. 342.  Further answering, no other Rite Aid entity distributed Schedule III controlled substances to Rite Aid pharmacies in Montgomery County.

343.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations in the first sentence of Paragraph No. 343.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that a computerized "auto-replenishment system" (ARS) was used to generate suggested orders.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 343.

344.     Rite Aid Hdqtrs. Corp. admits that it used the Navicase/Naviscript system to monitor inventory.  Rite Aid of Maryland, Inc. admits that Paragraph No. 344 contains quotations from a deposition in Case Track 1A.  Rite Aid of Maryland, Inc. denies any characterization of that testimony.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny any remaining allegations of Paragraph No. 344.

345.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 345.

346.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 346.

347.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 347.

348.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 348.

349.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations in the first sentence of Paragraph No. 349.  Rite Aid of Maryland, Inc. admits that the second paragraph of Paragraph No. 349 quotes from a document produced by Rite Aid of Maryland, Inc. in discovery, but denies any characterization of that document.

350.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 350.

351.     Rite Aid of Maryland, Inc. admits that the MDL Court denied Rite Aid of Maryland, Inc.'s motion for summary judgment.  Rite Aid of Maryland, Inc. denies any remaining allegations of Paragraph No. 351.

352.    Rite Aid Hdqtrs. Corp. and Rite Aid of Ohio, Inc. admit that McKesson supplied opioids to certain Rite Aid entities at various times.  Rite Aid Hdqtrs. Corp. and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 352.

353.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 353.

354.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 354.

355.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 355.

356.    The allegations of Paragraph No. 356 are conclusions of law to which no response is required.  To the extent a response is required, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations.

357.    To the extent the allegations of Paragraph No. 357 are based on information within the ARCOS data, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny any characterization of that information.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 357.

358.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 358.

359.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 359.

360.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 360.

361.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 361.

362.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 362.

363.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 363.

364.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 364.

365.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 365.

366.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 366.

367.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 367.

368.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 368.

369.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 369.

370.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 370.

371.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 371.

372.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 372.

373.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 373.

374.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 374.

375.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 375.

376.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 376.

377.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 377.

378.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 378.

379.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 379.

380.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 380.

381.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 381.

382.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that the second sentence of Paragraph No. 382 quotes from a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite

Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 382.

383.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that Paragraph No. 383 quotes from a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 383.

384.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that Paragraph No. 384 quotes from a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 384.

385.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that Paragraph No. 385 quotes from a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 385.

386.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that Paragraph No. 386 references a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 386.

387.    Rite Aid of Ohio, Inc. and Rite Aid Hdqtrs. Corp. admit that for a limited time in 2011 and 2012 there was a program in which customers received a $5 gift card if certain prescriptions were not filled in 15 minutes or less.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny that such a program has existed since 2012.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that Paragraph

No. 387 references a document produced by Rite Aid in discovery, but deny any characterization of that document. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 387.

388. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations in the first two sentences of Paragraph No. 388. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. lack knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph No. 388, and therefore deny the allegations.

389. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 389.

390. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 390.

391. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that Paragraph No. 391 quotes from documents produced by Rite Aid in discovery, but deny any characterization of those documents. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 391.

392. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that Paragraph No. 392 quotes from documents produced by Rite Aid in discovery, but deny any characterization of those documents. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 392.

393. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 393.

394.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 394.

395.    To the extent the allegations of Paragraph No. 395 are based on information within the ARCOS data, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny any characterization of that information. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 395.

396.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 396.

397.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 397.

398.    Rite Aid denies the allegations of Paragraph No. 398. To the extent the allegations of this paragraph are based on information within the ARCOS data, Rite Aid denies any characterization of that information. To the extent these allegations pertain to other defendants, Rite Aid lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

399.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 399.

400.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 400.

523.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of the second sentence of Paragraph No. 523. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of Paragraph No. 523, and therefore deny the allegations.

592.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 592.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. further deny Plaintiff's characterizations of the referenced documents.

611.    Rite Aid Hdqtrs. Corp. admits that Paragraph No. 611 quotes language from a Rite Aid website, but denies any characterization thereof.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 611.

656.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 656.

657.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny that any Rite Aid entity that is a party in this action was a party to the referenced settlement agreement.  The referenced settlement agreement is not admissible nor relevant to this action. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 657.

658.    Rite Aid Hdqtrs. Corp. admits that it entered into a settlement agreement with the Rhode Island Office of the Attorney General and Drug Enforcement Administration in December 2018.  The referenced settlement agreement is not admissible nor relevant to this action.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 658.

659.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that a settlement agreement with the United States Attorney's Office for the Southern District of California was executed in 2017.  The referenced settlement agreement is not

admissible nor relevant to this action.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 659.

660.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. admit that a settlement agreement with DEA was executed in 2009 involving Rite Aid pharmacies in certain states, not including Ohio.  The referenced settlement agreement is not admissible nor relevant to this action.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the remaining allegations of Paragraph No. 660.

661.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., and Rite Aid of Ohio, Inc. deny the allegations of Paragraph No. 661.

## PRAYER FOR RELIEF

845.    Rite Aid denies that Plaintiff is entitled to any relief set forth in its Complaint.

## GENERAL DENIAL

Rite Aid denies all allegations not specifically admitted in this Answer.

## RESERVATION OF RIGHTS

Rite Aid reserves the right to amend its Answer to the Complaint, and to raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigation.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

To the extent they are not otherwise incorporated herein, Defendant incorporates all the defenses and arguments raised in the Pharmacy Defendants' motion to dismiss in this case.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of standing.

## FIFTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to assert its claims, including claims indirectly maintained on behalf of its citizens and claims brought as *parens patriae*.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are not ripe or have become moot.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

**FIFTEENTH DEFENSE**

Rite Aid is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

Plaintiff has failed to join all necessary parties, including without limitation health care providers, prescribers, patients, and other third parties whom Plaintiff alleges engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

## EIGHTEENTH DEFENSE

Plaintiff's claims against Rite Aid do not arise out of the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they relate to Rite Aid's alleged speech, petitioning, or associational activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Due Process or Ex Post Facto clauses of the Constitution of the United States or the Constitution of the State or Ohio.

## TWENTY-FIRST DEFENSE

Rite Aid's rights under the Due Process Clause of the United States Constitution and Constitution of the State of Ohio are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate the dormant Commerce Clause of the United States Constitution.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Rite Aid did not proximately cause the damages complained of, including because the acts of other persons (including individuals engaged in the illegal distribution or use of opioids without a proper prescription) intervened between Rite Aid's alleged acts and Plaintiff's alleged harms and constitute superseding causes that would extinguish any liability; because any injuries or damages sustained by Plaintiff were caused or contributed to by the negligence or actual conduct of Plaintiff and other persons, firms, corporations, or entities over whom Rite Aid had no control or right of control and for whom it is not responsible; because any injuries or damages sustained by Plaintiff were caused by unforeseeable and uncontrollable circumstances or other forces over which Rite Aid had no control and for which Rite Aid is not responsible, including pre-existing medical conditions; because any injuries or damages sustained by Plaintiff were caused by misuse of products, failure to use products properly, or alteration of prescription medications by third parties over whom Rite Aid had no control and for whom Rite Aid is not responsible.

## TWENTY-FOURTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf its residents to reimburse any expenses for health care, pharmaceutical care, and other public services.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Rite Aid has valid defenses which bar recovery by those persons on whose behalf Plaintiff purportedly seeks recovery.  Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

### TWENTY-SEVENTH DEFENSE

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

### TWENTY-EIGHTH DEFENSE

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by Rite Aid of Maryland, Inc. that harmed patients and should not have been written and fails to plead that Rite Aid's allegedly improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions.

### TWENTY-NINTH DEFENSE

Plaintiff's claims seeking equitable relief are barred because Plaintiff has an adequate remedy at law.

### THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principle of comparative or contributory fault.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles of assumption of the risk and informed consent.

### THIRTY-SECOND DEFENSE

Rite Aid asserts its right to a proportionate reduction of any damages found against Rite Aid based on the negligence or other conduct of any settling tortfeasor, responsible third party, or Plaintiff.

### THIRTY-THIRD DEFENSE

A specific percentage of the tortious conduct that proximately caused the alleged injury or loss to person or property is attributable to (i) Plaintiff, (ii) other parties from whom Plaintiff seeks recovery, and (iii) persons from whom Plaintiff does not seek recovery in this action, including, but not limited to, prescribing practitioners; individuals and entities involved in unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioids; individuals and entities involved in importation, distribution, sale, or use of illegal opioids; individuals involved in procuring diverted prescription opioids or illegal drugs; delivery services; and federal, state, and local government entities.  Ohio Revised Code § 2307.23.

### THIRTY-FOURTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

### THIRTY-FIFTH DEFENSE

If Rite Aid is found liable for Plaintiff's alleged injuries and losses, the facts will show that Rite Aid caused fifty percent or less of the conduct that proximately caused such injuries or loss and is liable only for its proportionate share of the damages that represent economic loss.  *See* Ohio

Revised Code §§ 2307.22-.23.  Any recovery by Plaintiff must be reduced pursuant to Ohio Rev. Code §§ 2315.32-35 and 2307.23 to account for the acts or omissions attributable to Plaintiff.

### THIRTY-SIXTH DEFENSE

The damages which Plaintiff may be entitled to recover if liability is established are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21.

### THIRTY-SEVENTH DEFENSE

Any damages that Plaintiff may recover against Rite Aid must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiff may recover against Rite Aid must be reduced to the extent they unjustly enrich Plaintiff.

### THIRTY-EIGHTH DEFENSE

To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

### THIRTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

### FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

### FORTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.  Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize

damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made.

### FORTY-SECOND DEFENSE

Plaintiff's claims for public nuisance are barred, in whole or in part, because the alleged public nuisance would have impermissible extraterritorial reach and because the alleged conduct of Rite Aid is too remote from the alleged injury as a matter of law and due process.

### FORTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

### FORTY-FOURTH DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act; the Food, Drug, and Cosmetic Act (FDCA); and conflict with the Drug Enforcement Administration's regulatory authority.  Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013). Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

### FORTY-FIFTH DEFENSE

The activities of Rite Aid alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Complaint.

### FORTY-SIXTH DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, such claims are barred and should be dismissed.  *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by DEA under the Controlled Substances Act.  Rite Aid passed all audits conducted by DEA.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims for nuisance are barred, in whole or in part, because it lacks the statutory authority to bring a nuisance claim under Ohio law or its own applicable county or municipal codes or regulations.

### FORTY-NINTH DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from DEA to establish Rite Aid's regulatory duties, such informal guidance cannot enlarge Rite Aid's regulatory duties in the absence of compliance by DEA with the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

### FIFTIETH DEFENSE

Plaintiff's common law and statutory public nuisance claims are barred, in whole or in part, because of abrogation by the Ohio Products Liability Act.

### FIFTY-FIRST DEFENSE

Plaintiff's claims are barred, reduced, or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## FIFTY-SECOND DEFENSE

Plaintiff's claims are barred, reduced, and/or limited to the extent that Rite Aid is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

## FIFTY-THIRD DEFENSE

Rite Aid's liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Rite Aid is entitled to complete indemnity, express or implied, by other parties.

## FIFTY-FOURTH DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred, in whole or in part, by the due process protections afforded by the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply.  Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff

24

and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Rite Aid; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Rite Aid the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## FIFTY-FIFTH DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTY-SIXTH DEFENSE

Rite Aid followed good faith dispensing practices and its pharmacists properly fulfilled their corresponding responsibility to review prescriptions for indications that they were not issued in the usual course of professional treatment. 21 CFR §1306.04(a). Rite Aid pharmacists did not knowingly fill any prescriptions that they knew were not legitimate.

### FIFTY-SEVENTH DEFENSE

Rite Aid and its pharmacists reasonably relied upon the prescribers who issued the prescriptions and have the primary "responsibility for the proper prescribing and dispensing of controlled substances."  21 CFR 1306.04(a).

### FIFTY-EIGHTH DEFENSE

Rite Aid and its pharmacists reasonably relied upon DEA which set annual national quotas for controlled substances based upon the country's legitimate medical needs and is responsible for the enforcement of the CSA.

### FIFTY-NINTH DEFENSE

Rite Aid cannot control and is not responsible for what patients do with prescription drugs after they are dispensed by pharmacists.  Patients have a duty to use the drugs properly and store them safely.

### SIXTIETH DEFENSE

Rite Aid adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

WHEREFORE, Defendants Rite Aid Hdqtrs. Corp., Rite Aid of Ohio, Inc., and Rite Aid of Maryland, Inc. respectfully request that the claims alleged in the Complaint be dismissed in its entirety with prejudice, and that they be awarded their costs of defense, including reasonable attorneys' fees.

Dated:  September 21, 2021

Respectfully submitted,

*/s/ Kelly A. Moore*
Kelly A. Moore
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

Elisa P. McEnroe
elisa.mcenroe@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland, Inc. d/b/a*
*Rite Aid Mid-Atlantic Customer Support*
*Center, Rite Aid of Ohio, Inc., and Rite Aid*
*Hdqtrs. Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 21, 2021, the foregoing was electronically filed using the
Court's CM/ECF system, and all counsel of record were served by operation of that system.

*/s/ Kelly A. Moore*
Kelly A. Moore
