UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Lake, Ohio v. Purdue Pharma L.P., et al.*,<br>   Case No. 18-op-45032 (N.D. Ohio)<br><br>*County of Trumbull, Ohio v. Purdue Pharma, L.P., et al.*,<br>   Case No. 18-op-45079 (N.D. Ohio)<br><br>"Track 3 Cases" | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

### WALMART JOINDER IN CVS MOTION FOR RECONSIDERATION REGARDING ADMISSIBILITY OF SETTLEMENTS

Walmart joins in CVS's recently filed Motion for Reconsideration Regarding Admissibility of Settlements. ECF No. 3972. As CVS explains, the Court's email ruling that prior, extra-jurisdictional settlements with DEA are admissible to show notice of CSA violations is erroneous in multiple respects.

First, as the Sixth Circuit has flatly explained, Federal Rule of Evidence Rule 408 "bars the admission of settlement agreements when offered 'to prove or disprove the validity or amount of a disputed claim.'" *United States v. Tevis*, 593 F. App'x 473, 476 (6th Cir. 2014) (quoting Fed. R. Evid. 408 and advisory committee's notes (2006 amendments)). The Court's statement in its email ruling that "settlement negotiations are privileged" but "the existence of settlement agreements is not" confuses the issue of *privilege from discovery* with the issue of *admissibility at trial*. The text of Rule 408, and the Sixth Circuit's application of it, could not be plainer.

1

Second, the settlement agreements involving Walmart are not admissible to show notice either.  Plaintiffs have made no effort to lay a foundation for how any of the DEA settlements are relevant to show Walmart was on notice of anything.  Instead, Plaintiffs transparently intend to introduce the settlements for the very purpose the Court has said is impermissible: to establish the validity of the allegations prompting the settlement.  ECF No. 3058 at 12–15 (evidence of civil settlements not relevant or admissible to prove the validity of a disputed claim); ECF No. 3546 at 30 n. 48 (noting the Court "agrees with th[e] proposition" that "evidence of settlement agreements cannot be used to establish liability").  Walmart did not admit liability in *any* of the settlements at issue, and all of the settlements related to localized allegations far from Northeast Ohio.  So even if the agreements were admissible for some purpose under Rule 408, they are not relevant under Rule 402, and they are more prejudicial than probative under Rule 403.

Moreover, Walmart's settlement agreements are excludable as hearsay.  They cannot show notice, as the Court's order suggests, without first accepting the truth of the hearsay allegations contained within them.

For these reasons and others offered by CVS in the reconsideration motion that Walmart joins, the Court should exclude evidence of settlement agreements outside the Plaintiff Counties.

Dated:  September 23, 2021  Respectfully submitted,

/s/  *John M. Majoras*
John M. Majoras
Benjamin C. Mizer
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com
E-mail: bmizer@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on September 23, 2021.

/s/  *John M. Majoras*
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

*Counsel for Walmart Inc.*
