UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**WALGREENS' MOTION FOR RECONSIDERATION
REGARDING ADMISSIBILITY OF SETTLEMENTS**

Walgreens joins CVS in seeking reconsideration of the Court's ruling, through the Special Master, that extraterritorial dispensing-related settlements are admissible to show "notice." As CVS's motion explains, the Court's ruling fundamentally misapplies Rule 408 and the Court's "notice" theory assumes the truth of unproven, settled allegations—the very type of prejudicial inference Rule 408 is intended to avoid. *Compare Hobart Corp. v. Dayton Power & Light Co.*, 2017 WL 5956911, *19-21 (S.D. Ohio Nov. 29, 2017) (holding that using evidence of settlement of claims involving one location to support a finding of liability at a different location "contravenes the very purpose of Rule 408"), *with* Ruling ("Plaintiffs may, in opening statements and at trial, refer to settlements related to extraterritorial dispensing conduct, because such settlements tend to show 'CSA violations . . . in other parts of the country for failure to follow a national policy or protocol also applicable to . . . the Plaintiff Counties[.]'").

The Court's ruling also suffers from additional defects that demand reconsideration: First, the Court's ruling is premature. Second, as to Walgreens, it is factually inaccurate.

*The Court's ruling is premature.* Even if a settlement agreement could in theory be admissible for the narrow purpose of showing "notice" related to a Defendant's "national policy

or protocol," that is at most a reason to deny Defendants' pre-trial motions to exclude settlement evidence without prejudice, as the Court has done before. Dkt. 3546 at 29 (granting Pharmacy Defendants' motion to exclude "evidence of settlements" in part and otherwise denying "without prejudice," because "such evidence *could be* relevant and admissible"). It is no reason for a blanket, pre-trial ruling ***admitting*** settlement evidence, as the Court's ruling through the Special Master purports to do. The determination of admissibility is necessarily fact-dependent, turning on which settlements Plaintiffs seek to use and the precise way they seek to use them.[1]

*As to Walgreens, the Court's ruling is factually inaccurate.* Unlike the allegations related to the distribution practices of Walgreens' distribution center in Jupiter, Florida, there is no suggestion that any dispensing violations at a single San Diego pharmacy or six Florida pharmacies reflect "national policies and procedures" rather than "evidence that is specific in nature and does not have a nexus to the Plaintiff Counties." Dkt. 3546 at 33. To the contrary, the dispensing allegations underlying the settlement involved very specific and unusual fact patterns—a point that could only be made to the jury by unfairly requiring Walgreens to walk the jurors through inflammatory allegations regarding events that are alleged to have occurred more than one thousand miles from Lake and Trumbull Counties and are completely unlike even Plaintiffs' most exaggerated allegations about what happened here.

---

[1] Defendants have ***never*** briefed dispensing-related settlements; there were no dispensing claims in Track 1A or 1B, and the Court's new ruling was issued in response to an email from a single Track 3 Defendant inquiring about an appropriate time to brief the issue.

Dated: September 23, 2021                                  Respectfully submitted,

                                                         /s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com
sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado 80202
(303) 592-3100
alex.harris@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Inc.,*
*Walgreen Co., and Walgreen Eastern Co., Inc.*