IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track 3 Cases* | )<br>)<br>)<br>)<br>)<br>) MDL No. 2804<br>)<br>) Hon. Judge Dan A. Polster<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' SUBMISSION REGARDING THE COURT'S PROPOSED
<u>NEUTRAL STATEMENT AND PRELIMINARY CHARGE</u>**

Defendants submit these objections to the Court's proposed neutral statement (attached as Exhibit A)[1] and proposed preliminary charge (attached as Exhibit B). Defendants have limited their submission to succinctly identifying inaccuracies or critical omissions in the two documents and do not thereby waive their right to their proposed instructions, their objections to Plaintiffs' proposed instructions, or their objections to the Court's prior rulings. Nor do Defendants waive their right to submit objections to the Court's final jury instructions at a later date.

Defendants attach their proposed changes to the neutral statement as Exhibit C and their proposed changes to the preliminary charge as Exhibit D, but provide a narrative explanation for those objections and proposed changes, along with supporting authority, below.

---

[1] To protect the privacy of the Court's staff, Defendants attach a version of the Court's proposed neutral statement that omits the *voir dire* questions, to which they do not object.

**Neutral Statement of the Case**

Defendants propose a number of changes to ensure the fairness and accuracy of the Court's proposed neutral statement. Some of those changes are self-explanatory, such as listing the Defendants in alphabetical order or clarifying that Plaintiffs' claim is asserted (and must be proved) against "each" Defendant individually and not the Defendants as a group.[2] Defendants also propose inserting "or third-party distributors" in the third paragraph because not all Defendants purchased opioid medications directly from manufacturers.

Defendants propose that the Court's neutral statement include language clarifying that the jury must determine whether and to what extent a public nuisance "exists today" in the Plaintiff Counties. Plaintiffs do not seek past damages, only abatement. Accordingly, they must prove that a Defendant caused an "ongoing" public nuisance. If no public nuisance exists today, or if a Defendant did not cause the public nuisance that exists today, there is nothing to abate, and no claim lies. Defendants' proposed language is consistent with the Court's orders.[3]

Defendants also propose modifying the last paragraph of the neutral statement to more accurately reflect their defense. The final clause of the second sentence simply repeats the first

---

[2] This latter change also conforms the paragraph with the language of the prior paragraphs, which refer to the conduct or role of "each" Defendant. It is also consistent with the Court's instructions. Ex. E, Track 3 Jury Instructions at 20 ("*Each* Plaintiff alleges that *each* Defendant distributed or dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, *each* Plaintiff claims that *each* Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.") (emphases added).

[3] Dkt. 3967 at 19 (discussing evidence relevant to "the existence of a public nuisance in the Plaintiff Counties *today*") (emphasis added); *id.* at 21 ("In the upcoming trial, evidence of alleged misconduct after 2010 is obviously relevant to the existence of a public nuisance in the Plaintiff Counties *today*.") (emphasis added); *id.* at 23 (discussing "a causal link between the Pharmacy Defendants' post-2010 conduct and the opioid crisis existing in Plaintiffs' counties *today*") (emphasis added).

sentence of the paragraph.  In its place, Defendants propose inserting their contention that any public nuisance that exists today in the two Counties was caused by others.

### Summary of Claims and Applicable Law

Defendants propose the changes described above for the Court's neutral statement, which is virtually identical.  In addition, they propose changing the references to "five" Defendants to "four" Defendants and to refer to "CVS" rather than "two related CVS entities."

### Count One—Public Nuisance

Defendants propose a number of changes to conform the Court's preliminary charge on public nuisance to the preliminary charge in Track 1A and to more accurately reflect the law as stated in the Court's various orders and proposed Track 3 jury instructions.

*First*, consistent with the Track 1A preliminary charge and Track 3 instructions, Defendants propose inserting a sentence defining the concept of "unreasonableness."[4]

*Second*, Defendants propose clarifying that conduct that forms the basis for public nuisance liability must "not [be] authorized by law."  Without this insertion, jurors could believe that Defendants can be found liable based on conduct fully authorized by statute, regulation, or ordinance, which is contrary to this Court's instructions and black-letter law.[5]

---

[4] Ex. E, Track 3 Jury Instructions at 26 ("When you consider whether an interference with a public right is significant or unreasonable, some of the factors you may consider include the nature, extent, and duration of the interference, and the social value of the Defendant's conduct."); Ex. F, Track 1A Preliminary Charge at 10 ("Further, to conclude that the person's interference was unreasonable means that the harm caused by the interference exceeded the benefits of the action."); *see also* OJI 621.05(4)-(6) Absolute nuisance-intentional acts; RESTATEMENT (SECOND) OF TORTS §§ 826-28.

[5] Ex. E, Track 3 Jury Instructions at 23 ("Conduct that is fully authorized by a statute, ordinance, or regulation cannot create a public nuisance, because it is lawful conduct."); *see also* OJI 621.09 Regulated activity, cmt. ("A defendant's activity pursuant to and in compliance with specific statutory authority or a regulatory scheme cannot constitute an absolute nuisance."); RESTATEMENT (SECOND) OF TORTS § 821B, cmt. f ("Although it would be a nuisance at common law, conduct that is fully authorized by statute, ordinance or administrative regulation does not subject the actor to tort liability."); *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App. 3d 704, 713 (1993) (same).

*Third*, as explained above, Defendants propose clarifying that the case involves allegations of an "ongoing" substantial interference (*i.e.*, "an existing public nuisance").

*Finally*, Defendants propose modifying the sentence on the element of causation to better match the claims and remedies at issue in Track 3. The current language is based on the Court's preliminary charge in Track 1A, where the plaintiffs asserted federal and state RICO claims, as well as civil conspiracy claims, in addition to the public nuisance claim.[6] In its place, Defendants propose language from the Court's instructions, using the more accessible concept of "substantial factor" rather than "proximate cause" for purposes of the preliminary charge.[7]

---

[6] *See* Ex. F, Track 1A Preliminary Charge at 10-12 (Counts 1-4); *id.* at 12 (causation instruction).

[7] Ex. E, Track 3 Jury Instructions at 24 (requiring Plaintiffs to "prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance"); *see also* RESTATEMENT (SECOND) OF TORTS §§ 431-33; *Pang v. Minch*, 559 N.E.2d 1313, 1324 (Ohio 1990).

4

September 24, 2021                                Respectfully submitted,

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com
sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado 80202
(303) 592-3100
alex.harris@bartlitbeck.com
*Attorneys for Walgreens Boots Alliance, Inc.,
Walgreen Co., and Walgreen Eastern Co., Inc.*


*/s/ Robert M. Barnes (consent)*
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC
Service Company*

5

/s/  *John M. Majoras (consent)*
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/ *Eric R. Delinsky (consent)*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*