# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | **MDL 2804** |
| | ) | **Case No. 1:17-MD-2804** |
| THIS DOCUMENT RELATES TO: | ) ) | **Judge Dan Aaron Polster** |
| *Track Three Cases* | ) ) | **PRELIMINARY JURY CHARGE** |
| *County of Lake, Ohio v.* *Walgreen Co., et al.,* *Case No. 18-OP-45032* | ) ) ) ) | |
| *County of Trumbull, Ohio v.* *Walgreen Co., et al.,* *Case No. 18-OP-45079* | ) ) ) | |

Members of the Jury, now that you have been sworn in, I will give you some preliminary instructions to guide you in your participation in the trial. This is merely a summary and not the complete statement of the law that I will give you at the end of the case, which instructions will control your deliberations and verdicts. But to help you follow the evidence, I will give you a brief summation of what Plaintiffs must prove to establish their claims.

\*     \*     \*

### Admonition

First, however, it is my duty to give you what is called the "Admonition." This is a standing court order that applies throughout the trial. I will try to remind you of the Admonition at every recess, but if I forget to remind you, it still applies.

Ladies and gentlemen, you have been selected as jurors in this case. We have taken the time to seat a neutral jury so this case can be decided based just on what goes on in the courtroom, and not on outside influences. You are required to decide this case based solely on the evidence

that is presented to you in this courtroom. It is my role as the judge to determine what evidence is admissible and what is not admissible. It would be a violation of your duties, and unfair to the parties, if you should obtain other information about the case, which might be information that is not admissible as evidence.

You must carefully listen to all the evidence, and evaluate all of it. Do not reach any conclusions until you have heard all the evidence, the arguments of the attorneys, and my instructions of law. Otherwise, you will have an incomplete picture of the case.

Do not discuss this case among yourselves or with anyone outside the jury until the case is over, and do not discuss it at all outside the jury deliberation room. The reason for this is you might be given information or an opinion that could alter the way in which you view the evidence or the instructions or even how the case should come out. Such an opinion or conclusion would be based on an incomplete or inaccurate view of the evidence and therefore would be clearly unfair.

### Warning on Outside Information

In addition, you absolutely must not try to get information from any other source outside the courtroom. The ban on sources outside the courtroom applies to information from all sources such as family, friends, the internet, reference books, newspapers, magazines, television, radio, an iPhone, Android, Blackberry, or other smart phone, iPad and any other electronic device. This ban on outside information also includes any personal investigation, looking into news accounts, talking to possible witnesses, re-enacting the allegations in the Complaint, or any other act that would otherwise affect the fairness and impartiality that you must have as juror. If you see anything in the print media about this case, do not read it. If something on the TV comes on about the case, change the channel.

**Warning on Outside Influence**

The effort to exclude misleading information and outside-influences information also puts a limit on getting legal information from television entertainment. This would apply to popular TV shows such as Law and Order, Suits, Judge Judy, older shows like Boston Legal, Perry Mason, or Matlock, and any other fictional show dealing with the legal system. In addition, this would apply to shows such as CSI and NCIS, which present the use of scientific procedures to resolve criminal investigations. These and other similar shows may leave you with an improper preconceived idea about the legal system. As far as this case is concerned, you are not prohibited from watching such shows. However, there are many reasons why you cannot rely on TV legal programs, including the fact that these shows:

1) Are not subject to the rules of evidence and legal safeguards that apply in this courtroom, and

2) Are works of fiction that present unrealistic situations for dramatic effect.

While they are entertaining, TV legal dramas condense, distort, or even ignore many procedures that take place in real cases and real courtrooms. No matter how convincing they try to be, these shows simply cannot depict the reality of an actual trial or investigation. You must put aside anything you think you know about the legal system that you saw on TV.

On top of legal dramas, there are also TV programs specifically related to opioid addiction in the United States.  News programs such as 60 Minutes have broadcasted segments on this topic.  If you have seen any such programs, you are not to consider them during this trial.  Additionally, on or about the second week of this trial, Hulu will be releasing a miniseries called "Dopesick" about opioid addiction.  You are instructed to avoid this and similar programs throughout the duration of the trial, and to not consider any such programming during your deliberations.

**Warning on Outside Contact**

Finally, you must not have contact with anyone about this case, other than the judge and court employees. This includes sending or receiving email, Twitter, text messages or similar updates, using blogs and chat rooms, and the use of Facebook, Instagram, LinkedIn, and other social media sites of any kind regarding this case or any aspect of your jury service during the trial. If anyone tries to contact you about the case, directly or indirectly, do not allow that person to have contact with you. If any person persists in contacting you or speaking with you, that could be jury tampering, which is a very serious crime. If anyone contacts you in this manner, report this to my courtroom deputy as quickly as possible.

**Conclusion**

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and for taxpayers, namely you and your neighbors. No one wants to see money, especially tax dollars, wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial, and could also be punished for contempt of court.

*       *       *

**Duty of the Jury**

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts to the law as the Court will summarize now, and give to you in more detail at the end of the case. You must follow that law whether you agree with it or not.

Nothing that I may say or do during this trial is intended to indicate, nor should be taken by you, as indicating what your verdicts should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1)      Statements, arguments, and questions by lawyers are not evidence.

2)      Objections to questions are not evidence. Lawyers have an obligation to their client to make an objection when they believe evidence being offered is improper under the rules of evidence. The objections serve to help the Court. The purpose of objections is to ensure the presentation of evidence that is proper and to keep out all irrelevant matters. As jurors, you should not hold objections against either party, or feel that either side is trying to keep something from you. And you should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3)      Testimony that I have excluded or told you to disregard is not evidence and must not be considered. At times, the jury will be excused from the courtroom, or the attorneys and I will have discussions, regarding objections or other matters, during which white noise will play in the courtroom so members of the jury cannot hear what is discussed. This is because under the law, various matters <u>must</u> be heard outside the presence of the jury.

5

4)      Delays during trial should not be considered by you or held against any party. When a case on trial is recessed or adjourned for further hearing, and the trial does not commence promptly at the designated time, the delay may be caused by the court's administrative duties or its transaction of emergency or other matters. Also, when a trial is necessarily interrupted or delayed for any of these reasons, you should not feel that your time is being wasted.

5)      Again, as stated in my Admonition, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that, during the trial, you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools such as smart phones and iPads to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence it was raining.

Circumstantial evidence, by contrast, is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that there is no legal difference between direct or circumstantial evidence; one is not better than the other. You should consider both kinds of evidence.

**Credibility of Witnesses**

You may hear the lawyers talk about the "credibility" or the "believability" of witnesses. These words mean the same thing. Part of your job as jurors is to decide how believable each witness is. This is your job, not mine. It is up to you to decide if a witness's testimony is believable, and how much weight you think it deserves. You are free to believe everything that a witness says, or only part of it, or none of it at all. But you should, of course, act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A)     First, ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to clearly see or hear what was happening, and may make a mistake.

(B)     Next, ask yourself how good the witness's memory seems to be. Does the witness seem able to accurately remember what happened?

(C)     Ask yourself how the witness looks and acts while testifying.  Does the witness seem honest in trying to tell you what happened?  Or does the witness seem to be lying?

(D)     Next, ask yourself if the witness has any relationship to either side of the case, or anything to gain or lose that might influence the witness's testimony.  Does the witness have any bias, prejudice, or reason for testifying that might cause him or her to lie or to slant testimony in favor of one side or the other?

(E)     Ask yourself if the witness testifies inconsistently while on the witness stand, or if the witness says or does anything off the stand that is inconsistent with what the witness said while testifying. If you believe that the witness is inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency is about something important, or about some unimportant detail. Ask yourself if it seems like an innocent mistake, or if it seems deliberate.

(F)     Finally, ask yourself how believable the witness's testimony is in light of all the other evidence. Is the witness's testimony supported or contradicted by other evidence that you find believable? If you believe that a witness's testimony is contradicted by other evidence, remember that people sometimes forget things and that even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness is. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight you think it deserves.

**Court's Questions to Witnesses**

During the trial, I may occasionally ask questions of a witness to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all the Court's comments in arriving at your own factual findings.

**Burden of Proof—Preponderance of the Evidence**

In a civil action, like this one, the burden of proof is by "a preponderance of the evidence." To establish something by a preponderance of the evidence means to prove that something is more

8

likely true than not true. Another term for preponderance of the evidence is "greater weight of the evidence."

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Summary of Claims and Applicable Law**

The Plaintiffs in this case are Lake County and Trumbull County. There are five Defendants, all of which are national and regional pharmacy chains. The Defendants are: (1) Walmart, (2) Walgreens, (3) two related CVS entities, and (4) HBC Giant Eagle. The five Pharmacy Defendants each bought prescription opioids from pharmaceutical manufacturers and then distributed those prescription opioids to their pharmacy stores or bought and received prescription opioids from other distributors. The pharmacy stores then used these opioids to fill prescriptions for patients written by doctors and other healthcare practitioners.

The Pharmacy Defendants each played two related roles during their business dealings with prescription opioids—one as distributor and one as dispenser. First, they acted as a distributor when they bought opioids from manufacturers and then distributed the drugs to their pharmacy stores. Second, they acted as a dispenser when their pharmacy stores filled prescriptions for patients.

The two Counties allege the Pharmacy Defendants failed to monitor, detect, investigate, report, and stop certain suspicious shipments and illegitimate prescriptions of opioids, which allowed the opioids to be diverted to illegal use. The Counties allege these suspicious shipments and illegitimate prescriptions caused a public nuisance, which is defined as a substantial interference with public health in their Counties.

9

The Pharmacy Defendants deny the Counties' claims that they caused a public nuisance. The Defendants contend that they complied with their legal obligations, violated no duties, and did not cause a substantial interference with public health in the two Counties.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But to help you follow the evidence, I will now give you a brief summary of what Plaintiffs must prove in order to establish their claim.

Note that my summary of the claim I will use the word "person" or "persons." Please bear in mind that for this claim, corporations are considered persons.

**Count One—Public Nuisance**

A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1) The Defendant engaged in intentional conduct that caused a significant interference with a public right to health or safety; or

2) The Defendant engaged in unlawful conduct that caused a significant interference with a public right to health or safety.

For this claim, the Plaintiffs must prove that one or more Defendants caused its injuries.

This concludes the summary of the law that will help guide you as you hear the evidence.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial you are not to discuss the case with anyone or permit anyone to even attempt to discuss it with you or in your presence. As to anyone who you may come to recognize as having some connection with the case, such as the attorneys, the parties, the witnesses, or members of my staff, to avoid even the appearance of impropriety, you should have no conversation whatsoever with them while you are serving on the jury. If you see any of these people in the hall, or in the elevator, or on the street, just ignore them. They will understand that you are not being impolite, but that you are obeying the Court's instructions. They have also been instructed not to speak to you, so they are not being rude if they ignore you. They are also under court order. The point of this is that if someone sees you talking with anyone connected to this case, even if you are only exchanging greetings, then the Court may have to hold a hearing to find out what was said, and that becomes cumbersome. So, have no conversation whatsoever with anyone connected with this case, and do not discuss this case with anyone. If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, you, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As discussed in my Admonition, this means that during the trial you must not conduct any independent research, reading, or investigation about this case, the matters in the case, and the individuals involved in the case. In other words, you should not read or listen to anything touching on the case in anyway, consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. If you come across an article in the newspaper regarding this trial, simply put it aside and save it for reading after the conclusion of this case. Do not try to find out information from any source outside the confines of this courtroom.

11

Until you retire to deliberate, you may not discuss this case with anyone, <u>even your fellow jurors</u>. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

Finally, do not form any opinion until all the evidence is presented. Keep an open mind until you start your deliberations at the end of the case.

In my courtroom, I allow jurors to take notes. If you wish, you may take notes on the notepads that the Court has provided. If you do take notes, please leave them in the jury room when you go home at night. The notes are for your own personal use and will not be distributed or read by anyone for any purpose. After the trial is concluded, they will be destroyed.

**Course of the Trial**

The trial will now begin. First, Plaintiffs will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, Defendants will make an opening statement. Opening statements are neither evidence nor arguments.

Plaintiffs will then present their witnesses and physical evidence, and counsel for the Defendants will cross examine those witnesses. Defendants will then present witnesses and physical evidence. Plaintiffs may then present rebuttal evidence.

In my courtroom, I allow jurors to ask questions. This is how the procedure works. If, after a witness has been cross-examined, a juror has a proposed question, he or she may write that question down on a piece of paper and raise his or her hand. The courtroom deputy clerk, Robert Pitts or Katie King, will take the question and give it to me. After I have reviewed it, I will give the proposed question to the attorneys for both sides for their review. The attorneys may choose to ask the question or they may not. If they do not ask the question, it may be because the answer

sought is irrelevant or because counsel may believe that the question can be answered by the testimony of a subsequent witness. You must not read anything into the fact that counsel do not ask a juror's proposed question.

After all the evidence is presented, the Court will instruct you on the law. Then, the attorneys will present their closing arguments to summarize and interpret the evidence for you. After that you will retire to deliberate on your verdicts.