# EXHIBIT D

**Summary of Claims and Applicable Law**

The Plaintiffs in this case are Lake County and Trumbull County. There are ~~five~~ four Defendants, ~~all~~ three of which are national pharmacy chains and one of which is a regional pharmacy chain~~s~~. The Defendants are, in alphabetical order, (1) ~~Walmart~~ CVS, (2) ~~Walgreens~~ HBC Giant Eagle, (3) ~~two related CVS entities~~ Walgreens, and (4) ~~HBC Giant Eagle~~ Walmart. The ~~five~~ four Pharmacy Defendants each bought prescription opioids from pharmaceutical manufacturers and then distributed those prescription opioids to their pharmacy stores or bought and received prescription opioids from other distributors. The pharmacy stores then used these opioids to fill prescriptions for patients written by doctors and other healthcare practitioners.

The Pharmacy Defendants each played two related roles during their business dealings with prescription opioids—one as distributor and one as dispenser. First, they acted as a distributor when they bought opioids from manufacturers or third-party distributors and then distributed the drugs to their pharmacy stores. Second, they acted as a dispenser when their pharmacy stores filled prescriptions for patients.

The two Counties allege ~~the~~ that each Pharmacy Defendant~~s~~ failed to monitor, detect, investigate, report, and stop certain suspicious shipments and illegitimate prescriptions of opioids, which allowed the opioids to be diverted to illegal use. The Counties allege these suspicious shipments and illegitimate prescriptions caused a public nuisance, which is defined as a~~~~n ongoing substantial interference with public health in their Counties.

The Pharmacy Defendants deny the Counties' claims that they caused a public nuisance. The Defendants contend that they complied with their legal obligations, violated no duties, and ~~did not cause a substantial interference with public health in the two Counties~~ that, if a public nuisance exists today in the two Counties, it was caused by persons other than the Pharmacy Defendants.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But to help you follow the evidence, I will now give you a brief summary of what Plaintiffs must prove in order to establish their claim.

Note that my summary of the claim I will use the word "person" or "persons." Please bear in mind that for this claim, corporations are considered persons.

**Count One—Public Nuisance**

A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety. Further, to conclude that a person's interference was unreasonable means that the harm caused by the interference exceeded the social value of the person's conduct.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1) The Defendant engaged in intentional conduct, not authorized by law, that caused a significant and ongoing interference with a public right to health or safety; or

2) The Defendant engaged in unlawful conduct that caused a significant and ongoing interference with a public right to health or safety.

For this claim, the Plaintiffs must prove that the conduct of one or more Defendants ~~caused its injuries~~ was a substantial factor in causing an existing public nuisance. This concludes the summary of the law that will help guide you as you hear the evidence.