UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*Track Three Cases* | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUBMISSION
REGARDING THE COURT'S PROPOSED
NEUTRAL STATEMENT AND PRELIMINARY CHARGE**

Plaintiffs submit this response to Defendants' objections to the Court's proposed neutral statement and proposed preliminary charge. Plaintiffs oppose a number of the Defendants' objections and proposed changes as improperly and unduly argumentative or unnecessarily detailed for the Court's pretrial instructions to the jury. For ease of reference, Plaintiffs frame their response to Defendants' submission with citations to Exhibits C and D attached to Defendants' submission.

**Exhibit C – Defendants' Edits to Neutral Statement of the Case**

1st paragraph: Plaintiffs have no objection to distinguishing the one "regional pharmacy chain" from the "three national pharmacy chains," nor with listing the defendants in alphabetical order.

3rd paragraph: Plaintiffs have no objection to Defendants' proposed addition that they sometimes bought opioids from third-party distributors, as well as from manufacturers. Plaintiffs believe that this level of detail is probably unnecessary, but have no objection if the Court is inclined to make this change.

4th paragraph: Plaintiffs do not have a problem with Defendants' proposed rephrasing of the first sentence from "the Pharmacy Defendants" plural to "each Pharmacy Defendant." Plaintiffs do object to Defendants' second proposed change, defining a public nuisance as "*an ongoing* substantial interference with the public health." A public nuisance is a substantial interference, period; whether the nuisance is ongoing may be relevant to liability for abatement, but it isn't part of the definition of the nuisance.

5th paragraph: Plaintiffs object to Defendants' proposed changes to this paragraph. Plaintiffs do not care whether the Court repeats or deletes the stricken phrase repeating "a substantial interference with the public health in the two Counties." But Plaintiffs object to Defendants' proposed addition "that, if a public nuisance exists today in the two Counties, it was caused by persons other than the Pharmacy Defendants." The law is clear that multiple persons can be liable for causing a public nuisance, so long as each is a "substantial factor" in bringing it about. Defendants' language wrongly implies that if others bear responsibility for the nuisance, they cannot be responsible. That mischaracterizes the applicable law. Separately, Plaintiffs note that Defendants proposed language is in tension with their insistence in paragraph 4 of treating each Pharmacy Defendant separately.

### Exhibit D – Defendants' Proposed Edits to Preliminary Jury Charge

Summary of Claims and Applicable Law: This language tracks that in the Neutral Statement of the Case above, so Plaintiffs incorporate by reference their objections to Defendants' proposed changes to the Neutral Statement, set forth above. Defendants' one additional proposed change concerns the reference to "four" defendants, rather than "five," because it treats the two CVS entities as one. CVS had already agreed to referring to CVS as one entity for purpose of the

neutral statement and the preliminary jury instructions. (See Delinsky email to Julian Veintimilla, law clerk to Judge Polster dated September 24, 2021 at 10:41 am).

Count One – Public Nuisance, 1st paragraph: Plaintiffs oppose Defendants' proposed change to add that "to conclude that a person's interference was unreasonable means that the harm caused by the interference exceeded the social value of the person's conduct". Defendants want to treat their conduct in distributing and dispensing drugs generally to be viewed as socially valuable conduct, whereas—in Plaintiffs' view--it is only their allegedly actionable conduct in not conducting sufficient suspicious order monitoring, leading to diversion, that is at issue. That debate is addressed in the post-trial jury instructions. It doesn't belong in the Preliminary Charge.

2nd paragraph: Both of defendants' proposed changes are problematic. First, defendants try to reintroduce the concept of conduct "not authorized by law." This is designed to confuse the jury, because it conflates the fact that defendants were legally authorized to distribute and dispense controlled substances with the fact that they were not authorized to do so without adequate SOMS and Red Flag programs in place. Again, the place to address this is at the end of trial. The second change  Defendants' attempt to reintroduce the concept of an "ongoing" nuisance which at this preliminary stage of the proceedings is unnecessary.

3rd paragraph: Plaintiffs do not have any particular problem with Defendants' proposed change to the first sentence, which adds references to Defendants' "conduct" and substitutes "was a substantial factor in causing an existing public nuisance" for "caused [Plaintiffs'] injuries."

Respectfully submitted,

    Jayne Conroy
    SIMMONS HANLY CONROY
    112 Madison Avenue, 7th Floor
    New York, NY 10016
    (212) 784-6400
    (212) 213-5949 (fax)
    jconroy@simmonsfirm.com

    Joseph F. Rice
    MOTLEY RICE LLC
    28 Bridgeside Blvd.
    Mt. Pleasant, SC 29464
    (843) 216-9000
    (843) 216-9290 (Fax)
    jrice@motleyrice.com

    Paul T. Farrell, Jr., Esq.
    FARRELL & FULLER LLC
    1311 Ponce de Leone Ave., Suite 202
    San Juan, PR  00907
    (304)654-8281
    paul@farrellfuller.com

    *Plaintiffs' Co-Lead Counsel*

    W. Mark Lanier
    THE LANIER LAW FIRM
    10940 W. Sam Houston Pkwy N., Suite 100
    Houston, TX  77064
    (713) 659-5200
    (713) 659-2204 (Fax)
    wml@lanierlawfirm.com

    *Trial Counsel*

    */s/Peter H. Weinberger*
    Peter H. Weinberger (0022076)
    SPANGENBERG SHIBLEY &LIBER
    1001 Lakeside Avenue East, Suite 1700
    Cleveland, OH 44114
    (216) 696-3232
    (216) 696-3924 (Fax)
    pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(347) 379-1688
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger

5