# EXHIBIT 1

**Subject:** FW: Track Three Evidentiary Issue

**Date:** Wednesday, September 22, 2021 at 12:43:19 PM Eastern Daylight Time

**From:** 2804 Discovery, MDL

**To:** MDL 2804

**Attachments:** image001.png

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Wednesday, September 22, 2021 4:37:20 PM
**To:** Delinsky, Eric <edelinsky@zuckerman.com>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>; 2804 Discovery, MDL
<mdl2804discovery@motleyrice.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Mark Lanier
<Mark.Lanier@LanierLawFirm.com>
**Subject:** Re: Track Three Evidentiary Issue

CAUTION:EXTERNAL

Eric, Judge Polster asked me to send the following response to your email.

In its Track One-A Evidentiary Order, the Court laid out the general principles for the admission of prior settlements. *See* CT1A Evidentiary Order at 12–13 (dkt. 3058). Under Federal Rule of Evidence 408, evidence of "conduct or a statement made during compromise negotiations" is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." *Id.* at 12 (quoting Fed. R. Evid. 408(a)). However, "Rule 408's protection applies only to the communications made during settlement negotiations; existence of the settlement itself is not privileged." *Id.* at 12, n.24 (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981-82 (6th Cir. 2003)). In sum, settlement negotiations are privileged; the existence of settlement agreements is not.

In Track One-B, the Court made the following rulings with respect to two (of five) specific aspects of prior settlement agreements raised by the Pharmacy Defendants: Plaintiffs cannot refer to dollar amounts of settlements or relative size of settlements (absent Defendants opening the door), or settlements unrelated to opioid medications (absent obtaining prior leave of the Court). CTIB Evidentiary Order at 30; 32 (dkt. 3546).Those rulings stand.

The Court deferred judgment on whether Plaintiffs may refer to settlements relating to: (1) extraterritorial dispensing conduct, (2) conduct occurring after Defendants stopped distributing

opioids, or (3) other non-related, non-party corporate entities. *Id.* at 30–32 (dkt. 3546).

Here is the ruling regarding those three previously deferred categories. Plaintiffs may, in opening statements and at trial, refer to settlements related to extraterritorial dispensing conduct, because such settlements tend to show "CSA violations . . . in other parts of the country for failure to follow a national policy or protocol also applicable to . . . the Plaintiff Counties," and therefore, demonstrate notice. *Id.* at 33. Plaintiffs may also refer to settlements pertaining to dispensing conduct that occurred at any time, however, they may not refer to settlements related to distribution conduct that occurred after a Defendant stopped self-distributing prescription opioids. Finally, Plaintiffs may not refer to settlements entered into by other non-related, non-party corporate entities.

Let me know if you have any questions or concerns.

-David

=========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Delinsky, Eric <edelinsky@zuckerman.com>
**Sent:** Monday, September 20, 2021 11:48 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>
**Subject:** Track Three Evidentiary Issue

Dear Special Master Cohen,

I write on behalf of CVS to seek guidance on an evidentiary issue that the Court has kept open for trial: which, if any, of the 12 settlement agreements between CVS and DEA that plaintiffs list in their trial brief are admissible to show notice. Doc. 3883 at 8-9. These settlements were the subject of a previous motion to exclude by the Pharmacy Defendants. Doc. 3420 at 2-8. The Court granted the motion in part and deferred other admissibility questions regarding the settlements for when they arise "in the context of trial."  Doc. 3546 at 31. The Court, for instance, excluded the dollar amounts of settlements, but explained that it would

decide at trial whether settlements from outside of the plaintiff counties may be admissible for notice. *Id.* at 30-31.

To avoid unfair prejudice, we want to ensure that plaintiffs do not raise these settlements in opening statements, or with witnesses, until and unless admissibility is determined in their favor. In this regard, at the appropriate time, we wish to file with the Court a brief on the open issues regarding notice. The open issues on notice are not insignificant, and we can file as soon as the Court wishes. Before filing, however, we seek your guidance on how the Court wishes to proceed. The priority for the moment simply is to ensure that settlements are not used before admissibility is determined.

Thank you in advance.

Respectfully submitted,

--Eric



**Eric Delinsky**
**Zuckerman Spaeder LLP**
edelinsky@zuckerman.com

1800 M STREET NW, SUITE 1000 •  WASHINGTON,  DC 20036-5807
202.778.1831 direct • 202.822.8106 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files  |  Leave group  |  Learn more about Microsoft 365 Groups

Confidential & Privileged
Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.