# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: *"All Cases"* | ) ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 14, PART 31 REGARDING WALMART'S PRIVILEGE CLAIMS |

During Track Three discovery, defendant Walmart withheld production of certain documents related to its Prescriber Review Committee (PRC) based on attorney-client privilege and attorney work product.[1]  Plaintiffs took issue with a significant number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents.  During this process, Plaintiffs asked the Special Master to rule, *inter alia*, that "facts gathered for or presented to the PRC are not privileged."[2]  The undersigned declined to so rule, and suggested the parties agree to submit a sampling of PRC-related documents for *in camera* review.[3]  Plaintiffs subsequently requested *in camera* review of thirty of the remaining disputed documents and Walmart submitted those documents to the Special Master.  Both parties submitted a chart summarizing their arguments regarding each contested document.  Both parties also submitted letter briefs detailing their arguments in support of their positions.  Having considered these submissions carefully, the Special Master now rules on the challenged documents.

---

[1] PRC membership always included in-house counsel.
[2] Plaintiffs' letter brief from Carella, Byrne, Cecchi, Brody& Agnello to Special Master at 2 (May 21, 2021).
[3] Email from Special Master to Irene S. Fiorentinos, Michael A. Innes, Peter H. Weinberger, Kelly Marino Bonovich (May 27, 2021).

1

## I. Legal Standards.

The Special Master has applied the legal standards and authorities set out in **all** prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[4] *See, e.g., Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000). *See also* docket no. 3584 at 1 ("The burden is on the proponent to prove that the documents are privileged; and to be privileged, the communication must have the primary purpose of soliciting or receiving legal, as opposed to business, advice. That line is sometimes very difficult to draw when . . . [a company] operates in a heavily regulated business and regulatory compliance advice from in-house counsel is therefore part of [the company's] day-to-day business operations."). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collins*, 128 F.3d 313, 320 (6th Cir. 1997)).

The work-product doctrine "is distinct from and broader than the attorney-client privilege." *In re Antitrust Grand Jury*, 805 F.2d at 163 (quoting *United States v. Nobles*, 422 U.S. 225, 238 n.

---

[4] *See, e.g.,* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, and 1666.

11 (1975)). The doctrine is designed to allow an attorney to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Hickman v. Taylor*, 329 U.S. 495, 51 (1947). The doctrine is set out in Fed. R. Civ. P. 26(b)(3)(A): "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)," but those materials may be discovered if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

So-called "fact" work product, which is the "written or oral information transmitted to the attorney and recorded as conveyed by the client," *In re Antitrust Grand Jury*, 805 F.2d at 163, may be obtained upon a showing of substantial need and inability to otherwise obtain without material hardship. *Toledo Edison Co. v. G.A. Technologies, Inc.*, 847 F.2d 335, 339–40 (6th Cir.1988). Absent waiver, however, a party may not obtain the "opinion" work product of his adversary – that is, "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." *In re Antitrust Grand Jury*, 805 F.2d at 163–64 (citations omitted). Documents "prepared by a corporation as part of efforts to ensure compliance with federal regulatory agencies . . . and not because of possible litigation, are not protected by work-product doctrine." *Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514 at *6 (S.D. Ohio Nov. 13, 2012) (quoting *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 2009 WL 4641707 at *3 (E.D. Pa. Dec.7, 2009)).

3

**II.     Rulings.**

As shown in the chart below, the Special Master concludes that all of Walmart's privilege designations were appropriate. Pursuant to the legal authority discussed in Section I, a decision to block a prescriber is, in isolation, a business decision. However, the challenged documents, when viewed in the context of the circumstances under which the PRC was acting, are privileged and/or attorney work-product because the PRC's decision to block a prescriber inevitably raised a real risk of private or governmental litigation. Thus, documents that reveal the PRC's decisions, themselves, are privileged; and documents revealing the specific data gathered by and for the PRC for the purpose of making those decisions are also privileged, because that data was curated and collected pursuant to direction from counsel in the context of the PRC's work.

However, Plaintiffs are entitled to some of what they seek. Specifically, Plaintiffs may properly discover: (1) the identity of every Walmart blocked prescriber and the date the prescriber was blocked; and (2) Walmart's designations of RTF (Refusal to Fill) and BRTF (Blanket Refusal to Fill), including the name of the prescriber and the date of each RTF or BRTF. Plaintiffs are already in possession of some of this information, as Walmart produced a nationwide list of blocked prescribers as of December 22, 2020 (WMT_MDL_SD_00002424). However, this list does not include the dates of the block decisions.

Ultimately, Plaintiffs are entitled to discover, and so Walmart must produce, a list of blocked prescribers with the dates of the blocks, and a similar list of RTFs and BRTFs, for the relevant time period.[7] Walmart can do this by either: (1) redacting pre-existing documents

---

[7] The Special Master is mindful that in ordering the production of this information, he is not specifically ruling on a particular document submitted for *in camera* review. However, the process of negotiation between the parties, mediated by the Special Master, that led to the submission of the thirty documents submitted *in camera*, contemplated that these thirty documents were representative of some 800 documents Plaintiffs sought to challenge. After carefully reviewing these thirty documents, the Special Master is confident that the overall set of 800 includes the RTF, BRTF and block data mentioned above. Moreover, in ordering this limited production of specific underlying data, the Special Master has sought to avoid specifying any privileged documents containing the

4

containing this information, or (2) simply creating new lists setting out this information. But Walmart is not otherwise required to produce any documents that reveal the PRC's bases for these designations, or the specific data requested, gathered for, and considered by the PRC.

| | |
|---|---|
| WMT_PRIV_00003334 | Designation Sustained. |
| WMT_PRIV_00003335 | Sustained. |
| WMT_PRIV_00005325 | Sustained. |
| WMT_PRIV_00005960 | Sustained. |
| WMT_PRIV_00006304 | Sustained. |
| WMT_PRIV_00006416 | Sustained. |
| WMT_PRIV_00006420 | Sustained. |
| WMT_PRIV_00006421 | Sustained. |
| WMT_PRIV_00006436 | Sustained. |
| WMT_PRIV_00006465 | Sustained. |
| WMT_PRIV_00006492 | Sustained. |
| WMT_PRIV_00006548 | Sustained. |
| WMT_PRIV_00006579 | Sustained. |
| WMT_PRIV_00006581 | Sustained. |
| WMT_PRIV_00006584 | Sustained. |
| WMT_PRIV_00006617 | Sustained. |
| WMT_PRIV_00006954 | Sustained. |
| WMT_PRIV_00007253 | Sustained. |
| WMT_PRIV_00007524 | Sustained. |
| WMT_PRIV_00007546 | Sustained. |
| WMT_PRIV_00007553 | Sustained. |
| WMT_PRIV_00007697 | Sustained. |
| WMT_PRIV_00007817 | Sustained. |
| WMT_PRIV_00007836 | Sustained. |
| WMT_PRIV_00007910 | Sustained. |
| WMT_PRIV_00007926 | Sustained. |
| WMT_PRIV_00007952 | Sustained. |
| WMT_PRIV_00009724 | Sustained. |
| WMT_PRIV_00009747 | Sustained. |
| WMT_PRIV_00009856 | Sustained. |

---

information ordered to be produced. If requested, the Special Master will direct Walmart's attention to examples of those specific documents *ex parte*, and Walmart can redact them to shield information not ordered to be produced.

### III. Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before October 5, 2021.

**RESPECTFULLY SUBMITTED,**

<u>/s/ David R. Cohen</u>
**David R. Cohen**
**Special Master**

**Dated: September 27, 2021**