# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) Case No. 1:17-md-2804 ) |
| | ) Judge Dan Aaron Polster |
| *Track Three Cases:* | ) |
| | ) **ORDER REGARDING** |
| *County of Lake, Ohio v.* | ) **ADMISSIBILITY OF PRIOR** |
| *Purdue Pharma, L.P., et al.,* | ) **SETTLEMENT AGREEMENTS** |
| Case No. 18-op-45032 | ) |
| | ) |
| *County of Trumbull, Ohio v.* | ) |
| *Purdue Pharma, L.P., et al.,* | ) |
| Case No. 18-op-45079 | ) |

On September 20, 2021, CVS asked the Special Master for additional guidance regarding the admissibility of prior settlement agreements. The Court had previously declined to rule on this issue, stating it would "address the admissibility of this evidence based on the context in which it arises at trial." CT1B Evid. Order at 31 (Doc. #: 3546). On September 22, 2021, via the Special Master, the Court addressed this issue again, ruling that "Plaintiffs may, in opening statements and at trial, refer to settlements related to extraterritorial dispensing conduct, because such settlements tend to . . . demonstrate notice."[1] 9/22/21 Email from SM Cohen to E. Delinsky.

On September 23, 2021, CVS moved for reconsideration of this last order, Doc. #: 3972, and Walmart and Walgreens joined CVS's motion. Doc. ##: 3973 & 3974. On September, 27, 2021 Plaintiffs filed a response in opposition to CVS's motion. Doc. #: 3978.

---

[1] The Court's ruling included nuanced exceptions for certain conduct and temporal scope that are not applicable to the present order.

At the Final Pretrial Conference on September 28, 2021, the Court reaffirmed its prior evidentiary rulings and directed Plaintiffs to identify for the Court which settlement agreements they sought to introduce in opening statements and at trial so the Court could evaluate them individually for admissibility. Plaintiffs supplied those agreements, and now the Court rules as follows.[2]

Plaintiffs supplied 24 total prior settlement agreements between CVS, Walgreens, and Walmart that they would like to use at trial.[3] However, Plaintiffs indicated they only seek to introduce three of CVS's prior settlement agreements, P-08954, P-08955, and P-08956, and one of Walgreen's prior settlement agreements, P-15, during opening statements. The first two of CVS's and Walgreen's prior settlements contain admissions that bear directly on the type of dispensing conduct at issue in the *Track Three* trial. Thus, those settlements are admissible to show notice of potential national-level policy failures equally applicable to all locations, including Lake and Trumbull counties. Plaintiffs may refer to those settlements during opening statement.

The third CVS settlement (P-08956), however, is primarily focused on theft and record keeping, and CVS expressly ***did not admit*** that any of those record keeping failures led to diversion of controlled substances. The probative value of this conduct, which is far more attenuated than the conduct at issue in the other settlement agreements, is substantially outweighed by the danger of unfair prejudice to CVS. Therefore, Plaintiffs may not refer to this settlement during opening statement.

---

[2] CVS and Walgreens both sent letters to the Court on September 30, 2021. Plaintiffs submitted two letters to the Court on October 1 in response to the letters from CVS and Walgreens. Walgreens submitted a reply letter on October 1.

[3] Regarding settlement agreements between the DEA and Pharmacy Defendants, there are: 17 total CVS settlement agreements/memorandums of understanding ("MOUs"); 2 total Walgreens MOUs; and 5 total Walmart MOUs.

The Walgreens settlement (P-15), which is from 2013, also references a separate 2011 settlement agreement. Upon providing the Court copies of the 24 settlement agreements they would like to use at trial, Plaintiffs did not identify the 2011 agreement as one they would like to use in their opening statement. Instead, they only referenced it in their October 1, 2021 correspondence, where they asked that it be admitted. Because Plaintiffs did not originally identify the 2011 agreement as one they would like to use in their opening statement, they may not do so.

Finally, as stated in the CT1B Evidentiary Order, and reaffirmed at the Final Pretrial Conference, the Court declines to rule on the remaining prior settlement agreements now, in the abstract. Instead, the Court will review each settlement agreement carefully and be prepared to make proper rulings on the admissibility of each agreement in the context in which it arises at trial.

Accordingly, the Pharmacy Defendants' motions for reconsideration are **GRANTED** to the extent the Court's September 22, 2021 ruling constituted a blanket ruling of admissibility, but **DENIED** to the extent the Pharmacy Defendants argue that none of their prior settlement agreements are admissible in any context.

**IT IS SO ORDERED.**

    /s/ Dan Aaron Polster  October 1, 2021  
DAN AARON POLSTER  
UNITED STATES DISTRICT JUDGE