# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**  MDL No. 2804

## TRANSFER ORDER

**Before the Panel**: Plaintiffs in six Eastern District of Wisconsin actions move under Panel Rule 7.1 to vacate the order conditionally transferring their actions, which are listed on Schedule A, to MDL No. 2804. Distributor defendants AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Cardinal Health Inc., and McKesson Corporation oppose the motion.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017). The actions now before us share a factual core with the MDL actions: the manufacturer, distributor, and pharmacist defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* These actions thus fall within the MDL's ambit.

Plaintiffs move to vacate the conditional transfer order, principally by arguing that federal jurisdiction is lacking over their cases. We are not persuaded by this argument. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge."). Plaintiffs also argue that including the actions in this large MDL will delay their progress. Given the undisputed factual overlap with the MDL proceedings, transfer is justified to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F.

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Finally, plaintiffs opine that trial of all claims in their transferor courts is the only way to resolve the opioid litigation.  This argument about how best to resolve all opioid cases is more appropriately presented to the transferee judge.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
_____
Karen K. Caldwell
Chair

Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly         David C. Norton
Roger T. Benitez            Dale A. Kimball

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**          MDL No. 2804

**SCHEDULE A**

<u>Eastern District of Wisconsin</u>

CITY OF CUDAHY v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00742
THE CITY OF FRANKLIN v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00747
CITY OF GREENFIELD v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00751
CITY OF OAK CREEK v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00754
CITY OF WAUWATOSA v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00757
THE CITY OF WEST ALLIS v. ACTAVIS PHARMA, INC., ET AL.,
   C.A. No. 2:21−00759