## STIPULATED AGREEMENT

This agreement is made and entered into this 2nd day of September, 2014 between the United States of America ("United States"), acting by and through the United States Attorney's Office for the Southern District of Texas on behalf of the Drug Enforcement Administration ("DEA"), and CVS Pharmacy, Inc., ("CVS"), 1 CVS Drive, Woonsocket, Rhode Island, 02895.

### I. RECITALS

1) CVS is incorporated in Delaware, and the corporate office is in Woonsocket, Rhode Island. CVS Pharmacy, Inc. is the retail pharmacy division of CVS Caremark Corporation and is the largest pharmacy health care provider in the United States. CVS owns and operates retail pharmacies throughout the United States and is in the business of dispensing branded and generic prescription drugs, as well as over-the-counter medications, to retail consumers throughout the United States. In furtherance of this business objective, CVS operates a network of retail pharmacies throughout the United States, including the pharmacies that are listed in Paragraph 7 hereof.

2) Each pharmacy is separately registered with DEA and is assigned a unique DEA registration number to dispense controlled substances as required by the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, ("the CSA").

3) CVS is required to operate all of the pharmacies in accordance with the statutory and regulatory provisions of the CSA.

4) DEA is the Department of Justice component agency primarily responsible for administering the CSA and is vested with the responsibility of investigating CSA violations.

PLAINTIFFS TRIAL EXHIBIT
P-10214_Redact

HIGHLY CONFIDENTIAL

CVS-MDLT1-000060907

P-10214_00001

5) The Attorney General, through the United States Attorneys, has primary authority to bring civil actions to enforce the CSA in the District noted above. *See* 21 U.S.C. § 871 *and* 28 C.F.R. § 0.55(c).

6) The United States contends that CVS has engaged in violations of the CSA, and the regulations promulgated thereunder. CVS specifically denies any culpability or wrongdoing but wishes to resolve the matter without commencement of litigation.

7) The United States contends that it has certain civil claims against CVS for engaging in the following conduct from April 1, 2012 to July 31, 2012: During a DEA investigation into the prescription writing practices of Dr. Pedro Garcia, it was discovered that eight, (8), separate CVS pharmacies filled one hundred, fifty-three, (153), prescriptions for controlled substances written by Dr. Garcia during a time period during which his Texas Department of Public Safety Controlled Substances registration was expired. Specifically, the following CVS pharmacies filled the invalid prescriptions for controlled substances issued by Dr. Garcia: CVS Pharmacy #06989, 4102 Ayers Street, Corpus Christi, Texas, 78415, DEA Registration Number BC5352098; CVS Pharmacy #06991, 4166 South Staples Street, Corpus Christi, Texas, 78441, DEA Registration Number BC5352101; CVS Pharmacy #07004, 6601 Everhart Road, Corpus Christi, Texas, 78413, DEA Registration Number BC5352137; CVS Pharmacy #07220, 1627 Wildcat Drive, Portland, Texas, 78374, DEA Registration Number BC5352377; CVS Pharmacy #07401, 4101 U.S. Highway 77, Corpus Christi, Texas, 78380, DEA Registration Number BC5353886; CVS Pharmacy #00248, 2121 West Trenton Road, Edinburg, Texas, 78539, DEA Registration Number FC1003184; CVS Pharmacy #02580, 7442 South Staples Street, Corpus Christi, Texas, 78380, DEA Registration Number FC1363100; and

2

**HIGHLY CONFIDENTIAL**

CVS-MDLT1-000060908

P-10214 _ 00002

CVS Pharmacy #07080, 363 West Avenue J, Robstown, Texas, 78380, DEA Registration Number BC5352202. The above detailed actions were in violation of 21 U.S.C. §§ 829 and 842 (a)(1), and the applicable regulations promulgated thereunder (hereinafter referred to as the "Covered Conduct").

8) At all times relevant to the activity alleged in these Recitals, the CSA, 21 U.S.C. § 842 (c) (1) (A), authorized the imposition of a civil penalty of up to $25,000 for each violation of § 842 (a) (1).

9) To avoid the delay, expense, inconvenience, and uncertainty of litigation of these claims, the Parties agree to settle, compromise, and resolve all existing or potential claims for civil penalties the United States may have against CVS under § 842 of the CSA based on the Covered Conduct as described in Paragraph 7 above.

10) The parties to this Stipulated Agreement have arrived at an accord intended to resolve this matter without civil litigation of the above described statutory violations.

11) This Agreement is neither an admission of liability by CVS, nor a concession by the United States that its claims are not well founded. In consideration of the mutual promises, covenants, and obligations set forth in this Agreement, the Parties agree as follows:

## II. TERMS AND CONDITIONS

**NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants contained herein, the parties hereto hereby agree as follows:

3

**HIGHLY CONFIDENTIAL**

CVS-MDLT1-000060909

P-10214 _ 00003

12) The United States agrees to waive the filing of a complaint in the United States District Court for the Southern District of Texas against CVS, provided that they comply with all of the terms and conditions set forth below. Should CVS fail to perform as stipulated herein, the United States reserves the right to rescind this agreement and seek the maximum penalties provided under the law for all violations of the CSA referred to above. Without regard to this agreement, the United States reserves the right to seek the maximum penalties provided under the law for any violations occurring after July 31, 2012.

[redacted]

14) In consideration of the undertakings by CVS, the United States fully and finally settles and relinquishes all claims for civil penalties which it has asserted, could have asserted, or may assert in the future under 21 U.S.C. § 842 against CVS for possible violations of the CSA, and the regulations promulgated thereunder, based on the Covered Conduct as defined above.

15) In consideration of the undertakings by the United States, CVS fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which it has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the investigation, prosecution and settlement of this matter.

4

HIGHLY CONFIDENTIAL

CVS-MDLT1-000060910

P-10214 _ 00004

16) Notwithstanding any term of this Agreement, specifically reserved and excluded from its scope and terms as to any entity or person are the following:

    A. Any potential criminal liability;

    B. Any criminal, civil or administrative claims arising under Title 26, U.S. Code (Internal Revenue Service);

    C. Any administrative liability, including mandatory exclusion from any federal programs;

    D. Any liability to the United States for any conduct other than that covered by the release in Paragraph 14; and

    E. Any claims based on such obligations as are created by this Agreement.

17) This Stipulated Agreement does not release CVS from DEA administrative liability under statute, contract, or regulation.

18) The United States does not release CVS from any claims arising under Title 26, U.S. Code (Internal Revenue Code). ███████████████████████████████████████████████████████████████████████████████████████

19) All terms used in this Stipulation which are not defined herein shall be defined in accordance with the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, and regulations promulgated thereunder, whenever possible.

20) This Agreement is not intended by the Parties to be, and shall not be interpreted to constitute, a release of any person or entity not identified or referred to herein.

**HIGHLY CONFIDENTIAL**

CVS-MDLT1-000060911

P-10214 _ 00005

21) This Agreement shall be governed by the laws of the United States. If a dispute arises under this Agreement between CVS and the Office of the United States Attorney signing this Agreement, exclusive jurisdiction and venue shall lie in the federal judicial district of the Southern District of Texas in which the dispute arose, and to the extent that state law applies to the dispute, the law of the State within the jurisdictional district shall apply.

22) The Parties agree that this Agreement does not constitute evidence or an admission by any person or entity, and shall not be construed as an admission by any person or entity, with respect to any issue of law or fact.

23) This Agreement constitutes the entire agreement between the Parties and cannot be amended except in writing and when signed by all the Parties to this Agreement.

24) It is agreed by all parties ███████ ███████ ███████ ████████████████████████████████████████████ that each party will bear its own costs, fees and expenses, including any and all attorney's fees associated with this matter including those incurred during the course of the investigation, administrative proceedings, litigation and compromise, settlement and disposition all matters described in and the subject of this agreement.

25) Each person who signs this Agreement in a representative capacity warrants that he or she is fully authorized to do so.

26) The United States and CVS agree that this Stipulated Agreement, including all terms and conditions of the Agreement and any additional agreements relating thereto, and the facts which gave rise to the investigation by DEA and this Stipulation, may be made public in their entirety.

HIGHLY CONFIDENTIAL

CVS-MDLT1-000060912

P-10214 _ 00006

IN WITNESS WHEREOF, CVS, and the United States, through its duly authorized representative, Jill O. Venezia, Assistant United States Attorneys, have executed this Stipulation as of the date indicated below.

**AGREED AND EXECUTED** by the parties hereto:

Approved as to Form and Content:

By: _____  Dated: 26 Aug 2014
Elizabeth S. Ferguson
1 CVS Drive
Woonsocket, Rhode Island
02895
On behalf of Defendant, CVS

7

**HIGHLY CONFIDENTIAL**

CVS-MDLT1-000060913

P-10214 _ 00007

UNITED STATES OF AMERICA
Through its attorneys,

KENNETH MAGIDSON
United States Attorney

By: *Jill D. Venezia*  Dated: *September 2, 2014*
JILL O. VENEZIA
Assistant U.S. Attorney
United States Attorney's Office
Texas Bar Number 24010764
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9511
Facsimile: (713) 718-3303

8

**HIGHLY CONFIDENTIAL**  CVS-MDLT1-000060914

P-10214 _ 00008