**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Trumbull v. CVS Health Corporation et al.*, Case No. 18-op-45079,<br><br>and<br><br>*The County of Lake v. CVS Health Corporation et al.*, Case No. 17-md-45032<br><br>"Track Three Cases"<br><br>and<br><br>[Pharmacy Bellwether Case Tracks 7-11]<br><br>And<br><br>All MDL Cases Involving Chain Pharmacy Defendants | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' EMERGENCY MOTION TO VIDEOTAPE TRIAL TESTIMONY OF DEA WITNESS JOSEPH RANNAZZISI TO PRESERVE IT FOR POTENTIAL USE AT FUTURE OPIOIDS TRIALS**

The Plaintiffs' Executive Committee (PEC), on behalf of all MDL Plaintiffs with cases pending in the MDL involving any of the national chain pharmacy defendants, hereby moves for leave to videotape the trial testimony of Joseph Rannazzisi for potential use at future opioids trials. Mr. Rannazzisi's testimony as a fact witness concerning his service as a DEA employee is not specific to Defendants' conduct in the two plaintiff counties, but rather will be equally applicable to all future cases involving pharmacy

defendants. Moreover, Defendants have had more than ample opportunity to depose Mr. Rannazzisi in both this and other opioids cases, so that there can be no argument that they have not had sufficient opportunity to prepare to cross-examine him on this generic testimony. Finally, while Plaintiffs do not ask the Court now to determine whether Mr. Rannazzisi's recorded testimony will be admissible in lieu of live testimony at any future trial, there can be no doubt that videotaping that testimony now preserves the possibility of reducing future burdens on the witness.  Reducing the burden on a former government employee who has given testimony in numerous settings, taxing both his mental and personal health, as well as, the resources of the Department of Justice, which must both approve and monitor such former government employee testimony in future cases, is in the interest of fairness and judicial efficiency.  Mr. Rannizzisi is also retired and had open heart, triple bypass surgery in 2017, and its continued effects make his participation in future trials particularly burdensome. Given that his testimony in the present case is likely to closely replicate his testimony in future cases, there is simply no reason to foreclose the possibility of using his present testimony, including both direct and cross-examination, at subsequent trials. At a minimum, preserving the testimony makes it possible to avoid a redundant appearance at a subsequent trial. More significantly, it preserves Mr. Rannazzisi's testimony in case future circumstances make such testimony unavailable.

But it is not just the witness who may be relieved of future testimonial burdens. The federal government likewise has obligations and responsibilities when a former employee testifies.  DOJ and DEA must review the scope of potential testimony and

2

authorize it to occur under the department's *Touhy* regulations. Moreover, DOJ must devote personnel to ensure that the scope of a former employee's testimony at trial does not extend beyond his or her authorization. *See, e.g.*, Natalie Waites letter to Special Master Cohen regarding PEC's emergency request to limit deposition of Mr. Rannazzisi in the Washington State litigation (July 21, 2021), attached as Exhibit 2. Thus, by preserving Mr. Rannazzisi's testimony for future use, this Court may not only relieve potential burdens on the witness himself but, also on the government.

**I.   Mr. Rannazzisi's Fact Testimony, as a Former DEA Employee, Is Not Specific to Lake and Trumbull Counties and Will Be Equally Applicable to Any Future Trials Involving These Same Defendants.**

Mr. Rannazzisi is a former DEA administrator who spent years enforcing the requirements of the Controlled Substances Act with respect to registrants, including drug manufacturers, distributors and dispensers. Mr. Rannazzisi is also a licensed pharmacist. Plaintiffs in the Lake and Trumbull litigation have called Mr. Rannazzisi to testify as a fact witness regarding his work at the DEA.

Unlike a normal fact witness, as a former government employee testifying regarding his prior work for the federal government, Mr. Rannazzisi's testimony is necessarily circumscribed by the scope of the *Touhy* authorization he has received from the Department of Justice (DOJ). Mr. Rannazzisi has been authorized to testify regarding his work at DEA on both distribution and dispensing of controlled substances. Specifically, DOJ has authorized Mr. Rannazzisi to testify regarding his personal knowledge relating to his former position as Deputy Assistant Administrator of DEA's Office of Diversion Control including, *inter alia*:

3

> his communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74, including the letters he authored in 2006 and 2007; advice he provided regarding registrants' obligation to monitor orders placed with third-party registrants; his interactions with opioid manufacturers and distributors during his tenure at the Office of Diversion Control; his understanding of DEA's practices and procedures relating to ARCOS data and suspicious order reports; his personal recollection of requests the DEA
> may have received from registrants for de-identified ARCOS data and any responses by DEA thereto; his role within DEA in establishing procurement and manufacturing quotas for opioid medications; and documents obtained by him during his DEA employment and retained by him following his departure.

Letter from Executive Asst. U. S. Attorney Dustin to Enu Mainigi (Dec. 10, 2018), Exhibit 15 to Dkt. 3908 (authorizing deposition testimony in MDL). Later, in 2019, DOJ further authorized Mr. Rannazzisi to testify regarding:

> Your general employment history with the DEA; Your general duties in your various positions held in DEA; . . . your communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74, including the letters you authored in 2006 and 2007; . . . advice you provided third-parties regarding registrants' obligation to monitor orders placed with third-party registrants; . . . your interactions with manufacturers and distributors of opioids during your tenure at the Office of Diversion Control; . . . DEA's practices and procedures relating to ARCOS data and suspicious order reports; . . . requests that DEA may have received from registrants for de-identified ARCOS data and any responses by DEA thereto; Your role within DEA in establishing procurement and manufacturing quotas for opioid medications; Any information regarding the non-privileged documents you obtained in the course of your DEA employment that you retained at the time of your departure; and Your personal understanding of DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74, as well as . . . DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders to the extent covered by the foregoing specific topics . . .

Letter from Dustin to Rannazzisi (Oct. 11, 2019), Exhibit 16 to Dkt. 3908 (authorizing testimony at CT1 trial). Further on September 17, 2021, DOJ expressly authorized Mr. Rannazzisi to testify at trial in the Lake and Trumbull litigation. Letter from Dustin to Rannazzisi (Sept. 17, 2021), attached as Exhibit 1 hereto.

As the attached *Touhy* authorization letters make clear, none of Mr. Rannazzisi's testimony in the current trial will be specific to Defendants' conduct in Lake and Trumbull counties. Rather, it will be generic testimony regarding the requirements of the CSA and the Defendants' compliance or lack of compliance therewith, equally applicable to opioids cases across the country, including each of the five new pharmacy bellwether trials scheduled by the Court CT 7-11. There is simply no reason why Mr. Rannazzisi's testimony in this trial, including both direct testimony and cross examination, shouldn't be equally applicable to any future opioids trial involving, at a minimum, the National Chain Pharmacy Defendants. Through this motion, Plaintiffs seek to preserve Mr. Rannazzisi's testimony for such possible future use, without asking the Court now to decide the question of the preserved testimony's admissibility at any future trial.[1]

## II. Defendants Have Had Ample Opportunity to Examine Mr. Rannazzisi on His Testimony

Given the generic nature of Mr. Rannazzisi's forthcoming testimony, the National Chain Pharmacy Defendants should have no reason to complain about the preservation of that testimony for potential future use. Defendants have long known that any testimony from Mr. Rannazzisi will be entirely generic, without regard to the particular plaintiff jurisdiction in any case.

---

[1] This is entirely analogous to the situation the Court confronted when the PEC moved to take the *de bene esse* deposition testimony of Dr. David Kessler prior to his re-entry into government service at the start of the current Presidential administration. The Court permitted Plaintiffs to take the preservation deposition of Dr. Kessler, while reserving the question of that testimony's future admissibility. Order (Jan. 11, 2021), Dkt. 3603.

Moreover, Defendants have had repeated opportunities to question Mr. Rannazzisi regarding his prospective testimony. With DOJ authorization, he submitted to a lengthy deposition in CT1. He also testified on the stand for multiple days at the distributor trial in CT2. In CT3, Defendants sought to take a supplemental deposition of Mr. Rannazzisi, long after discovery had closed which the Court allowed over Plaintiffs' objection that the deposition was untimely. Defendants thus have no grounds to complain that they did not have an adequate opportunity to question Mr. Rannazzisi before trial on topics that may be of relevance to future trials as well. Nor will they be limited in fully cross-examining Mr. Rannazzisi in this trial on any of the topics that may be raised again in any future trial.

### III. Other MDL Courts have Permitted Videotaping of Trial Testimony Under Similar Circumstances

A similar issue arose in the *Mentor Corp. ObTape Transoblurator Sling Prod. Liab.* MDL. *In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.,* No. 3:07-CV-00101, 2010 WL 1998166, at *4 (M.D. Ga. May 18, 2010). Plaintiffs intended to have certain witnesses from Europe, including former employees of the defendant, testify live at trial. Because their testimony would relate to "most, if not all, of the cases that comprise this multidistrict litigation," Plaintiffs sought "permission to have their trial testimony recorded by video, so that they will have an option to introduce that testimony in future trials rather than incur the cost, and subject the witnesses to the inconvenience associated with multiple trial appearances." *Id.* The MDL Court found that local court rules permitted the Court to authorize video recording of witness testimony, and that it was

"appropriate to permit videotaping of the testimony of Plaintiffs' foreign witnesses for use in the actions comprising the multidistrict litigation proceeding." *Id.*

The present circumstances are, if anything, even more compelling to justify such an order. Plaintiffs' request to videotape Mr. Rannazzisi's testimony to preserve it for future trials implicates not just the plaintiffs' cost and the witness's convenience, but the burden on governmental resources to review and approve that testimony. Moreover, unlike here, there appears to have been no showing in the *Mentor Corp.* MDL that the witness's anticipated testimony would be entirely generic, equally applicable to all future MDL cases. The *Mentor Tape* precedent strongly supports the relief requested here.

## CONCLUSION

There is simply no reason to prohibit the video recording of Mr. Rannazzisi's forthcoming testimony. Both Plaintiffs and Defendants will have a full opportunity to examine Mr. Rannazzisi in this proceeding. Ideally, the availability of that recorded testimony will relieve both Mr. Rannazzisi from having to appear and testify at a future trial and also relieve the government of the burden of monitoring that testimony to ensure that it conforms to the scope of his *Touhy* authorization. It also furthers one of the fundamental goals of the MDL process to have common discovery available for all litigants. Moreover, Plaintiffs do not seek to use the recorded testimony for any purpose other than presentation at future trials and are prepared to abide by any appropriate limitations on use of the recording outside of litigation that the Court deems appropriate.

For the foregoing reasons, the Court should grant the PEC's Emergency Motion to Videotape the Trial Testimony of DEA Witness Joseph Rannazzisi to Preserve it for Potential Use at Future Opioids Trials.

    Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR 00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Suite 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(347) 379-1688
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger