# EXHIBIT 1



U.S. Department of Justice

*United States Attorney*
*Northern District of Ohio*

United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852

September 17, 2021

Joseph Rannazzisi

Re: *In Re: National Prescription Opiate Litigation.*
N.D. Ohio Case No. 1:17-MD-2804

Dear Mr. Rannazzisi:

You have been requested by counsel for defendants in the above captioned case to appear at a deposition and testify regarding official Department of Justice information. Further, you have been requested by counsel for plaintiffs in the above captioned case to appear at trial in Track 3 and testify regarding official Department of Justice information. On September 2, 2021, the Court issued an order allowing defendants "a two-hour deposition of [you], wherein they may elicit testimony regarding Plaintiff's dispensing claims." Order, ECF No. 3921 PageID # 536088-89. The Court further ordered that defendants' examination "may *not* be duplicative of any prior testimony…" and that the Court "will not authorize any additional non-expert depositions of [you] in any future MDL case, absent good cause." Id. at PageID #536089 (emphasis in original).

The Drug Enforcement Administration was notified of these requests and has stated, based on the decision by the Court and the conditions the Court set forth, that the DEA has no objections to a limited authorization as set forth below for you to appear and testify. Therefore, pursuant to 28 C.F.R. § 16.24, you are hereby authorized to appear at the deposition and to give non-privileged, factual testimony regarding official Department of Justice information within your personal knowledge regarding the topics listed below. This authorization is issued expressly because the Court believes that your deposition is "a fair resolution," the deposition will be limited to two hours by defendants, questions may not be duplicative of prior deposition examinations, and the Court will not order you to sit for another non-expert deposition absent good cause. Further, you are also authorized to appear at the Track 3 trial and to give non-privileged, factual testimony regarding official Department of Justice information within your personal knowledge regarding the topics listed below and the topics previously authorized in my letters dated December 10, 2018 and October 11, 2019.

## AUTHORIZED TOPICS

1. Your personal recollection regarding your personal interactions with dispensers of prescription opioids during your tenure at the Office of Diversion Control.

2. Your personal recollection regarding DEA's interpretation and enforcement of, and practices related to, 21 C.F.R. 1304.22, 1301.71(a) and 1306.04(a), as it relates to dispensing prescription opioids.

3. Your personal recollection regarding DEA's interpretation, enforcement, and practices regarding the obligation of dispensers of prescription opioids to monitor orders.

4. Your personal recollection of your personal communications with DEA registrants about 21 U.S.C. § 823, 21 C.F.R. §§ 1304.22, 1301.71(a), and 1306.04(a), as they relate to dispensing prescription opioids.

5. Your personal recollection of guidance provided by DEA to pharmacies and pharmacists related to proper dispensing of prescription opioids, including guidance related to red flags indicative of potential diversion.

6. Your personal recollection of your personal meetings and communications with the National Retail Pharmacies related to the diversion of prescription opioids.

7. Your personal recollection of any publicly disclosed information related to administrative actions taken against pharmacies, pharmacy chains, and/or pharmacists related to the dispensing and/or of prescription opioids.

8. Your personal recollection of your personal meetings and communications with trade organizations representing pharmacies and/or pharmacists, including the National Association of Chain Retail Drug Stores and the National Association of Board of Pharmacies, related to the dispensing and/or diversion of prescription opioids.

With regard to these authorized areas of testimony, you are *not* authorized to disclose any information that would disclose privileged information, including, but not limited to, the following:

A. Information regarding any specific non-public DEA investigations or activities;

B. Classified and classifiable information;

C. Information that would reveal the internal deliberative process within the United States Department of Justice, including the DEA, the United States Attorney's Office, and/or any other federal departments or agencies;

D. Information that would reveal a confidential source or informant;

E. Information the disclosure of which would violate a statute, including laws governing grand jury proceedings;

2

F. Information that could threaten the lives or safety of any individual, including home addresses of law enforcement personnel;

G. Information that could interfere with ongoing investigations and/or prosecutions;

H. Information that could reveal investigative or intelligence gathering and dissemination techniques whose effectiveness would be thereby impaired;

I. Privileged attorney-client information;

J. Information that would reveal attorney work product or matters of prosecutorial discretion;

K. Expert opinion testimony related to non-public facts or information acquired as part of your performance of your official duties;

L. Personal opinions regarding non-public facts or information acquired as part of your performance of your official duties; and

M. Any non-public recommendations you made or you were aware of concerning any proposed agency action.

If you are asked to testify beyond the limits stated above, you should respectfully decline to answer and explain that 28 C.F.R. § 16.22(a) precludes you from doing so. Further, you are not authorized to disclose official information on any other subject. If you have any questions, please do not hesitate to contact DOJ Trial Attorney Andrew Jaco (202-305-4589) or Assistant U.S. Attorney James Bennett (216-622-3988).

AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Office of the United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 515