# EXHIBIT 2



                          **U.S. Department of Justice**

                          Civil Division
                          Commercial Litigation Branch

MDG:NAWaites               Fraud Section

---

| | | |
|---|---|---|
| *Natalie A. Waites* | *175 N Street, N.E.* | *P.O. Box 261* |
| *Telephone:  (202) 616-2964* | *Room 10.222* | *Ben Franklin Station* |
| *E-Mail:  Natalie.A.Waites@usdoj.gov* | *Washington, DC 20002* | *Washington, D.C.  20044* |
| | [Overnight Address] | [Regular Mail Address] |

July 21, 2021

<u>VIA EMAIL</u>

Special Master David Cohen
U.S. District Court, N.D. Ohio
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113
david@specialmaster.law

      Re:    PEC's Request to Limit Abusive Discovery by McKesson, Cardinal Health, and AmerisourceBergen Drug Corporation Against Joseph Rannazzisi

Dear Special Master Cohen:

     The United States writes to provide its views on the PEC's emergency request to limit the deposition of Mr. Joseph Rannazzisi in the State of Washington litigation.  The United States is highly concerned that Mr. Rannazzisi, and potentially other former federal employees, may be repeatedly subpoenaed to provide deposition testimony on the same topics on which they were already deposed in the MDL.[1]  In addition to the burdens that such depositions may pose for the witness, duplicative and cumulative depositions have the significant potential to burden the Drug Enforcement Administration (DEA) and the Department of Justice (DOJ), who must prepare for and attend these depositions.[2]

---

    [1] To be clear, the United States takes no position here on depositions related to a former government employee's non-federal or expert work.

    [2] The United States is troubled by the PEC's statement that Defendants have repeatedly opposed depositions of their own personnel on the grounds that those individuals have already sat for depositions in the MDL.  The United States has not engaged in discussions with parties regarding depositions that have no nexus to the federal government and, therefore, the United States has no direct knowledge of the Defendants' position on this issue.  However, to the extent that the PEC's statement is accurate, there is considerable unfairness in the Defendants' shielding their own employees from serial depositions while seeking to subject third parties to that burden.

- 2 -

Further, duplicative depositions undermine the very purpose of the Court's Order Regarding Sharing of DEA Documents (Dkt. 3780), which was entered just days ago on July 8, 2021 after weeks of extensive discussions between the plaintiffs, the defendants, and the DOJ.

*****

Thank you for your consideration, and please do not hesitate to contact me if you have further questions.

Respectfully submitted,

/s/Natalie A. Waites

JAMIE ANN YAVELBERG
NATALIE A. WAITES
ALLISON C. CARROLL
JONATHAN K. HOERNER
J. ANDREW JACO
KELLY E. PHIPPS
DAVID M. SOBOTKIN

United States Department of Justice
Civil Division/Fraud Section
175 N Street, N.E., Room 10.222
Washington, D.C. 20002
(202) 616-2964
Natalie.A.Waites@usdoj.gov

*Attorneys for U.S. Department of Justice*

Cc:  MDL2804@motleyrice.com
     mlynch@cov.com
     emainigi@wc.com
     rnicholas@reedsmith.com
     rcox@brigliahundley.com
     Ashley.Burns@usdoj.gov