# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### CVS'S MOTION TO LIMIT TESTIMONY OF JOSEPH RANNAZZISI ON CVS-SPECIFIC ISSUES AND TO EXCLUDE RELATED EXHIBIT

Plaintiffs will call former DEA official Joseph Rannazzisi as their next witness. Mr. Rannazzisi has not been disclosed—and is not testifying—as an expert witness. He is testifying only as a fact witness. The undersigned counsel conferred with plaintiffs' counsel on Sunday afternoon and understand that plaintiffs may question Mr. Rannazzisi on certain subjects related to CVS. Those subjects may include:

(1) <u>Witness Interviews and Meetings Related to DEA Investigation in Florida</u>. Mr. Rannazzisi testified during his deposition that he did not participate in these witness interviews and meetings. He therefore lacks personal knowledge. Even if he had personal knowledge, any probative value of these meetings and interviews in Florida (there is none, given their attenuation from Lake and Trumbull Counties) is substantially outweighed by the unfair prejudice to CVS; and

(2) <u>CVS Settlements with DEA</u>. When asked about CVS settlements during his deposition, Mr. Rannazzisi testified that he did not have personal knowledge of any DEA investigations of, or settlements with, CVS other than the Florida matter. Therefore, he cannot provide fact testimony on any other settlements. Moreover,

the Court, over CVS's objections, admitted settlements for only one purpose—notice—and there already has been ample testimony on that subject from CVS witness Tom Davis. When a settlement is introduced to show notice, "the evidence pertaining to the settlement [must] be presented *as briefly as possible*" in order to "protect against the risk of prejudice or confusion." *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 90 (D.D.C. 2013) (emphasis added). No additional evidence about any settlement—including Florida—is needed to show notice.

For these reasons, CVS hereby moves to exclude testimony and evidence from Mr. Rannazzisi on the foregoing two subjects.

Out of an abundance of caution, CVS also moves to exclude testimony from Mr. Rannazzisi on a third subject as well:

(3) Expert Opinions by Mr. Rannazzisi on CVS. Mr. Rannazzisi also should not be permitted to give expert opinions about CVS, including without limitation any expert opinions he has offered in *State of Ohio ex rel. Mike Dewine v. McKesson Corporation, et al.* (No. CV2018055, Ct. Common Pleas, Madison Cnty., Ohio). CVS was not a party to that case and, even if it were, Mr. Rannazzisi has not been disclosed as an expert in this case (or in any other case involving CVS).

In further support of this Motion, CVS states as follows:

**SUMMARY OF MR. RANNAZZISI'S TRACK THREE DEPOSITION**

Pursuant to this Court's order, Defendants deposed Mr. Rannazzisi last month, on September 22, 2021. As to CVS, Mr. Rannazzisi testified as follows:

He did *not* participate in any meetings or interviews with CVS personnel in the Florida matter. Ex. A, Rannazzisi Dep. Tr. at 35:1-6, Sept. 22, 2021. This includes the meetings and

interviews that are described in the declaration he executed in connection with litigation against CVS regarding the Florida matter. *Id.* at 33:6-34:6.

He did not participate in any DEA investigations of CVS other than the Florida investigation. *Id.* at 35:6-12.

He does not have personal knowledge of CVS pharmacies in Ohio filling illegitimate prescriptions or prescriptions that were diverted. *Id.* at 16:5-13, 20:12-24

He never visited a CVS pharmacy in his professional capacity during his tenure at DEA and is not familiar with CVS's pharmacy computer system. *Id.* at 21:7-20, 24:8-11.

## SETTLEMENTS

Allowing Mr. Rannazzisi to testify about any CVS settlements other than the Florida one would violate Rule 602. DEA has authorized Mr. Rannazzisi to testify about investigations or settlements that are public. Mr. Rannazzisi testified that he did not participate in any public DEA investigations of CVS other than the investigation that preceded the Florida settlement. Ex. A at 35:6-12. Therefore, Mr. Rannazzisi lacks personal knowledge of, and cannot testify about, any other investigations or settlements.

Additional evidence related to CVS settlements with DEA—including the Florida settlement—also would be cumulative, a waste of time, and unduly prejudicial to CVS, in violation of Rule 403. Over CVS's repeated objections, plaintiffs have introduced evidence of CVS settlements with DEA concerning conduct in other jurisdictions. The Court permitted introduction of these settlements for a limited purpose: to show notice. Doc. 3390 at 2; Ex. B, Trial Tr. at 338-51, Oct. 5, 2021. When a settlement is introduced to show notice, "the evidence pertaining to the settlement [must] be presented ***as briefly as possible***" in order to "protect against the risk of prejudice or confusion." *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 90 (D.D.C. 2013) (Judge Royce Lamberth quoting and affirming an opinion by Magistrate Judge John Facciola)

(emphasis added).  Plaintiffs already have established that CVS was on notice of the settlements through the testimony of CVS witness Tom Davis.  Ex. B, Trial Tr. at 338-51, Oct. 5, 2021.  Plaintiffs also have elicited considerable evidence of notice provided by the *CVS Holiday* decision in the Florida matter.  Introduction of even more testimony on these subjects is completely unnecessary to show notice, now that it has been established, and it would needlessly magnify the unfair prejudice to CVS.

## ADDITIONAL FLORIDA EVIDENCE

Testimony from Mr. Rannazzisi about meetings and interviews with CVS in connection with the Florida matter—and his declaration about those meetings and interviews—should be excluded as well and should not be published to the jury.  Such matters are not within Mr. Rannazzisi's personal knowledge, and his testimony about them would be based on rank hearsay.  Mr. Rannazzisi has testified that he did not participate in the meetings or interviews with CVS, or ever meet with anyone at CVS about the investigation.  Ex. A, Rannazzisi Dep. Tr. at 33:6-34:6, 35:1-5.  His statements about the meetings and interviews are not based on his personal knowledge but, rather, on what he learned about the meetings and interviews from DEA personnel who actually participated.  For these reasons, his testimony about the Florida investigation and settlement should be excluded under Rules 602 and 802.

Mr. Rannazzisi's declaration, a copy of which is attached as Exhibit C, also should be excluded.  It is rank hearsay as well and, beyond that, untrustworthy.  Not only was it executed for litigation purposes against CVS, two of the CVS witnesses whose interviews are addressed in the declaration submitted their own declarations in the Florida matter disputing the contentions made in Mr. Rannazzisi's declaration about their interviews. Ex. D, Decl. of Paras Priyadarshi ¶ 7; Ex. E, Decl. of Jessica Merrill ¶¶ 10-12, 14.

4

Further, any additional evidence regarding the Florida investigation and settlement—including not only the declaration itself but also further testimony on the *CVS Holiday* decision—should be excluded because the only purpose for which such evidence could be offered (notice) already has been conclusively established. And even if it had not been, granular details of what allegedly occurred in Florida (none of which is within Mr. Rannazzisi's personal knowledge) are not needed for notice. All that is needed for notice is testimony on the decision, the settlement, and the acknowledgment therein, and plaintiffs already have secured testimony and introduced evidence on those issues. To the extent any further detail is relevant at all (it is not), its probative value is substantially outweighed by the unfair prejudice to CVS. Over CVS's objection, the Court already has allowed evidence regarding DEA actions in other jurisdictions which, in CVS's view, violated Rules 402, 403, and 408. Anything further would be piling on and only would magnify the obvious prejudice and risk of confusion.

## EXPERT OPINIONS

Mr. Rannazzisi was not disclosed as an expert witness in this case (or in any other case against CVS), provided no report in this case summarizing any expert opinions, and sat for no expert deposition in this case. Accordingly, he may not provide any expert opinions regarding CVS, including but not limited to any expert opinions that he provided on behalf of the State of Ohio in its case against wholesale distributors.

**WHEREFORE,** CVS respectfully requests that the Court grant this Motion and exclude the testimony and evidence described above.

Dated: October 11, 2021

Respectfully submitted,

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zuckerman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, LLC, CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*