# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track Three Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## WALGREENS' MOTION TO LIMIT TESTIMONY OF JOSEPH RANNAZZISI ON WALGREENS-SPECIFIC ISSUES

Walgreens moves *in limine* to preclude former DEA official and Plaintiffs' witness Joseph Rannazzisi from offering (1) testimony about any public investigation or settlement involving Walgreens other than in Florida, due to a lack of personal knowledge under Rule 602 and (2) undisclosed expert testimony about Walgreens' policies, procedures, or systems, in Florida or elsewhere, because he has not been disclosed as an expert under Rule 26.

*First*, Mr. Rannazzisi lacks the personal knowledge needed to testify as a fact witness about any public investigation or settlement involving Walgreens outside of Florida.  FED. R. EVID. 602 (permitting a witness to testify on a matter only if that witness has personal knowledge of the matter).  In his deposition last month, Mr. Rannazzisi testified that, with the exception of Florida, he has no "personal knowledge" based on "[public] investigations . . . conducted by DEA" of any instances of "Walgreens filling illegitimate prescriptions."  Ex. A, 9/22/21 Rannazzisi Dep. Tr. at 15:12-25; *see also id.* at 16:20-17:3 (testifying that he has no personal knowledge based on public information of a Walgreens pharmacist filling a prescription that was "later diverted" anywhere except Florida).  Mr. Rannazzisi further testified that he has no personal knowledge—whether based on "public information" related to DEA investigations or his own "interactions . . . unrelated to DEA activities"—of any "Walgreens pharmacist in Ohio ever filling an illegitimate prescription."  *Id.* at 14:3-13.  Because Mr. Rannazzisi lacks personal knowledge about any public investigation or settlement involving Walgreens outside of Florida, any testimony on these topics should be excluded under Rule 602.

*Second*, Mr. Rannazzisi may not testify as an expert witness because he was not disclosed as an expert in this case (or in any other case against Walgreens); he provided no report in this case summarizing any expert opinions; and he sat for no expert deposition in this case.  FED R. CIV. P. 26(a)(2).  Accordingly, Mr. Rannazzisi may not provide any expert opinions regarding

1

Walgreens, including but not limited to any expert opinions that he provided on behalf of the State of Ohio in its case against non-defendant wholesale distributors.

For these reasons, the Court should preclude Joseph Rannazzisi from offering (1) testimony about any public investigation or settlement involving Walgreens other than in Florida and (2) undisclosed expert testimony about Walgreens' policies, procedures, or systems.

Dated: October 11, 2021

Respectfully Submitted,

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
Bartlit Beck LLP
54 West Hubbard Street
Chicago, Illinois 60654
Phone: (312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com
sten.jernudd@bartlitbeck.com

Alex J. Harris
Bartlit Beck LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado 80202
Phone: (303) 592-3100
alex.harris@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*