**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>Track Three Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**PLAINTIFFS' OPPOSITION TO (I) CVS'S MOTION TO LIMIT TESTIMONY OF JOSEPH RANNAZZISI ON CVS-SPECIFIC ISSUES AND TO EXCLUDE RELATED EXHIBITS AND (II) WALGREENS' MOTION TO LIMIT TESTIMONY OF JOSEPH RANNAZZISI ON WALGREENS-SPECIFIC ISSUES**

Both CVS and Walgreens have filed motions *in limine* to preclude certain testimony of Joseph Rannazzisi. CVS seeks to preclude Mr. Rannazzisi from offering: (1) testimony or evidence regarding the DEA's *CVS Holiday* investigation and decision, including any witness interviews and meetings related to that investigation and the declaration Mr. Rannazzisi submitted in that action; (2) testimony or evidence regarding any settlements between CVS and the DEA, including the Florida settlement related to the *CVS Holiday* matter; and (3) any expert opinions regarding CVS. Similarly, Walgreens seeks to preclude Mr. Rannazzisi from offering: (1) testimony about any public investigation or settlement involving Walgreens other than in Florida; and (2) undisclosed expert testimony regarding Walgreens' policies, procedures, or systems.

As a preliminary matter, the exclusion of broad categories of evidence via motion *in limine* is disfavored in this Circuit; rather, the "better practice is to deal with questions of admissibility of evidence as they arise" at trial so that the court has the context necessary to make its rulings. *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975). Regardless, each of CVS's and Walgreens' substantive arguments are without merit (or otherwise moot) and should be rejected.

### A.  Testimony and Evidence Related to *CVS Holiday* Investigation and Decision.

CVS argues that any testimony or evidence related to the *CVS Holiday* investigation or decision should not be offered during Mr. Rannazzisi's testimony because: (1) such matters are not within his personal knowledge because he did not participate in any of the relevant meetings or interviews with CVS; (2) his declaration is "rank hearsay" and "untrustworthy" because it was "executed for litigation purposes against CVS" and is disputed by declarations submitted by other CVS witnesses in that case; and (3) the only purpose for which such evidence could be offered is notice, which has already been conclusively established, so any relevance is outweighed by its unfair prejudice. CVS Mot., pp. 4-5. Each of these arguments is without merit and should be rejected.

Contrary to CVS's assertions, Mr. Rannazzisi does have personal knowledge of the *CVS Holiday* investigation and decision, as he will explain at trial. During that time period, he was the Deputy Assistant Administrator for DEA's Office of Diversion Control. In that role, he was responsible for all cases in which there was an Order to Show Cause. Although he did not personally attend the meetings with CVS, Susan Langston, a DEA Group Supervisor, did attend those meetings. Mr. Rannazzisi spoke with Ms. Langston prior to those meetings and specifically approved the messages Ms. Langston ultimately communicated to CVS in those meetings. Moreover, in preparing his declaration for the CVS Holiday case, Mr. Rannazzisi reviewed all of the underlying documents related to the administrative record. Indeed, he specifically states in his declaration:

> Matters contained in this declaration are based upon my personal knowledge, training, experience, and upon conclusions and determinations reached by me. I participated in the decision-making process that led to the issuance of an Immediate Suspension Orders (ISOs) against [CVS] on February 2, 2012.

Dkt. #4010-1 at Ex. C, ¶ 3.[1]

---

[1] CVS also claims that even if Mr. Rannazzisi has personal knowledge of these matters, any probative value is outweighed by undue prejudice because the *CVS Holiday* case dealt with CVS pharmacies in Florida, rather than the Counties. CVS Mot., p. 1. The Court has repeatedly rejected arguments that evidence of extra-territorial conduct is irrelevant in this case, particularly when the conduct occurred (footnote continues on next page)

CVS also claims that Mr. Rannazzisi's declaration is hearsay. But the declaration was written by Mr. Rannazzisi himself, who will testify at trial. CVS will have the opportunity to cross-examine him on his statements contained therein. Notably, CVS does not identify which of the statements in the 25-page declaration are purportedly inadmissible hearsay.[2] Certainly any statements by CVS or its agents contained therein would not be hearsay under FED. R. EVID. 801(d)(2). Moreover, at the time he wrote the declaration, Mr. Rannazzisi was the Deputy Assistant Administrator for the DEA's Office of Diversion Control and a Special Agent of the DEA. Dkt. #4010-1 at Ex. C, ¶¶ 1-2. In that capacity, he prepared his declaration, and it was prepared as a result of a DEA enforcement action against CVS. The declaration thus falls within the public records hearsay exception, as it contains statements "of a public office" that set out: "(i) the office's activities; (ii) a matter observed while under a legal duty to report, . . .; or (iii) in a civil case . . ., factual findings from a legally authorized investigation[,]" and CVS has not shown "that the source of information or other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803(8); *see also Griffin v. Condon*, 744 Fed. Appx. 925, 930 (6th Cir. 2018) ("Opinions or conclusions contained the [public record] count as factual findings.").

CVS asserts that the declaration is untrustworthy because it was prepared for litigation purposes against CVS, and because two CVS witnesses whose interviews are summarized in the declaration disputed Mr. Rannazzisi's contentions in their own declarations. However, Mr. Rannazzisi's declaration is not a declaration of a private party, but rather a declaration of a

---

in Florida. *See, e.g.,* Dkt. #3058 (CT1A Evidentiary Order) at pp. 14-15; Dkt. #3546 (CT1B Evidentiary Order) at p. 31.

[2] *See United States v. Cobb*, CR-2-07-0186, 2008 WL 2002546, at *3 (S.D. Ohio May 7, 2008), *aff'd*, 397 Fed. Appx. 128 (6th Cir. 2010) (denying defendant's motion *in limine* where defendant failed to identify particular hearsay statements); *Jacqueline Prado v. Mazeika*, 3:16-CV-320, 2019 WL 1301729, at *1, n.2 (S.D. Ohio Mar. 21, 2019) (declining to strike any paragraph in affidavit offered as summary judgment evidence, where party failed to identify any specific paragraph as containing hearsay, and holding that party objecting to affidavit has an "obligation to specifically identify which statements in the affidavits should be stricken" (internal brackets omitted)); *Smith v. Interim HealthCare of Cincinnati, Inc.,* 1:10-CV-582, 2011 WL 6012971, at *4 (S.D. Ohio Dec. 2, 2011) (party objecting to affidavit has the "obligation to specifically identify which statements in the affidavits should be struck").

federal agent. And it was prepared as a result of a federal enforcement action against CVS. Any factual disputes may be addressed through the cross-examination of Mr. Rannazzisi.

The burden is on the party challenging a record's admissibility to show that the statements of fact contained in the record are untrustworthy. *United States v. Seventy Thousand One Hundred Fifty Dollars in U.S. Currency ($70,150.00)*, 1:02-CV-00874, 2009 WL 3614871, at *3 (S.D. Ohio Oct. 28, 2009). In assessing trustworthiness, courts look to factors like the timeliness of the investigation, the investigator's skill or experience, and any evidence of bias." *Griffin*, 744 Fed. Appx. at 930. Mr. Rannazzisi was the Deputy Assistant Administrator for the DEA's Office of Diversion Control and a Special Agent of the DEA. Dkt. #4010-1 at Ex. C, ¶¶ 1-2. At the time he wrote his declaration, he had worked for the DEA since 1986. *Id.* at ¶ 2. The declaration, which was prepared in the regular course of DEA's business in 2012, involves facts relating to the diversion of drugs that occurred between 2005 and 2011, and the DEA's enforcement actions between 2010 and 2012. The investigation was timely, and there is no evidence of bias. *See Seventy Thousand One Hundred Fifty Dollars*, 2009 WL 3614871, at *5 (declaration of FBI special agent, including statements of two individuals, could be considered on summary judgment under Rule 803(8)). Finally, Rule 803(8) does not require that the declarant have personal knowledge of the facts in the statement. *See id.* at *3 ("Notably, there is no requirement that the person charged with making the 'factual findings' have personal knowledge of the incident; it is enough that the report 'embody the results of [his] investigation.'") (quoting *Combs v. Wilkinson*, 315 F.3d 548, 555-556 (6th Cir. 2002)); *see also Griffin*, 744 Fed. Appx. at 931 ("lack of personal knowledge is not a proper basis for exclusion of a report otherwise admissible under Rule 803(8)").

The declaration also falls within the residual hearsay exception, which states that "a hearsay statement is not excluded by the rule against hearsay" if:

> (1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which

it is offered than any other evidence that the proponent can obtain through reasonable efforts.

FED. R. EVID. 807. Considering the totality of the circumstances, Mr. Rannazzisi's declaration is supported by sufficient guarantees of trustworthiness. Mr. Rannazzisi was the Deputy Assistant Administrator for the DEA's Office of Diversion Control and a Special Agent of the DEA. Dkt. #4010-1 at Ex. C, ¶¶ 1-2. At the time he wrote his declaration, he coordinated the day-to-day operations of the Diversion Control Program. *Id.* at ¶ 1. His declaration and anticipated testimony about the matters stated therein are more probative on the points for which they are offered than any other evidence that Plaintiffs can obtain through reasonable efforts. The matters in his declaration are based upon his personal knowledge, training, experience, and upon conclusions and determinations that he reached based on his participation in the decision-making process that led to the issuance of Immediate Suspension Orders (ISOs) against CVS. *Id.* at ¶ 3. Its contents include history, facts, conclusions, and determinations that were before the DEA prior to the issuance of the ISOs against CVS. *Id.* His declaration explains the factual background with great detail, and he may be cross-examined about those facts at trial. Considering the extensiveness of the investigation, the litany of DEA personnel involved, and confidentiality concerns, Mr. Rannazzisi's declaration, and testimony about the facts in the declaration, are more probative than any other evidence that can be reasonably obtained.

### B. Testimony and Evidence Related to Non-Florida DEA Settlements Involving CVS or Walgreens.

Both CVS and Walgreens seek the exclusion of testimony by Mr. Rannazzisi regarding any DEA investigations or settlements involving CVS or Walgreens outside of Florida based on a purported lack of personal knowledge. CVS Mot., p.3; WAG Mot., p. 1.[3] Regarding CVS, although Plaintiffs do not concede that Mr. Rannazzisi lacks personal knowledge of other CVS settlements or investigations, for purposes of his trial testimony in this case, Plaintiffs will agree

---

[3] CVS does not dispute that Mr. Rannazzisi has personal knowledge of its 2015 Florida settlement with the DEA. CVS Mot., pp. 1, 3. Similarly, Walgreens does not dispute that Mr. Rannazzisi has personal knowledge regarding DEA's investigation of, and settlement with, Walgreens in Florida. WAG Mot., p. 1.

not to question him regarding any CVS settlements or investigations other than the 2015 Florida settlement and related *CVS Holiday* investigation. Regarding Walgreens, the only other settlement/investigation about which Plaintiffs intend to question Mr. Rannazzisi is Walgreens' 2011 settlement regarding its pharmacy in San Diego, California (based on a 2009 Order to Show Cause). P-15 at Appx. A.[4] The 2011 settlement agreement was not only signed by Mr. Rannazzisi,[5] it was incorporated into the 2013 Florida settlement agreement, of which Mr. Rannazzisi certainly has personal knowledge. P-15 at Appx. A.

CVS separately argues that any further evidence or testimony regarding its settlements with the DEA is unnecessarily cumulative and unduly prejudicial, because the Court only allowed introduction of these settlements to show notice, which has already been established. CVS Mot., pp. 3-4. Contrary to CVS's assertions,[6] evidence of its settlements with DEA is not *solely* relevant and admissible for the limited purpose of showing notice. Although DEA settlements are certainly relevant to notice,[7] they are relevant to other issues as well, as this Court has recognized. *See, e.g.,* P-8954 at pp. 2-3 (2015 Florida settlement contains admissions); Dkt. #3995 (10/5/21 Trial Tr.) at

---

[4] Although the 2011 settlement arose from conduct in one Walgreens pharmacy in California, the agreement applied to all Walgreens' pharmacy locations and required Walgreens to "maintain a compliance program to detect and prevent diversion of controlled substances as required under the [CSA] and applicable DEA regulations." *Id.* at 019-20. The obligations set forth under the 2011 settlement were later superseded by the obligations set forth under the 2013 settlement. *Id.* at 005.

[5] The 2009 Order to Show Cause upon which the 2011 settlement was based was also signed by Mr. Rannazzisi. P-20642 at 003.

[6] In support of its argument, CVS cites to "Doc. 3390 at 2" and "Ex. B, Trial Tr. At 338-51, Oct. 5, 2021." The first cite presumably is a typo, as Dkt. #3390 is a JPML Order Lifting Stay of Conditional Transfer Order that has nothing to do with the admissibility of settlements. The second cite is to 14 pages of trial testimony, in which the Court permitted Plaintiffs' counsel to question CVS witness, Tom Davis, regarding various CVS settlements with the DEA; there was no discussion in these 14 pages as to the purpose for which the settlement evidence/testimony was admitted. Dkt. #3995 (10/5/21 Trial Tr.) at 338-51.

[7] Moreover, the fact that other settlement evidence has been admitted demonstrating notice does not mean all additional evidence of notice is irrelevant. For example, evidence of Walgreens' 2013 settlement with the DEA may demonstrate notice by at least that date. That does not render irrelevant, however, evidence of Walgreens' 2011 settlement with the DEA, which demonstrates Walgreens had notice of the same types of issues years earlier. The relevance of any one particular settlement to notice (or any other issue) is a context-specific inquiry.

187:13-17 ("[I]t's direct evidence that the Government didn't think that that defendant was complying with its obligations under the CSA. Settlement after settlement after settlement."), 187:22-25 ("And what's relevant is what the company did or didn't do in response to what the Government was doing. So that's why it's relevant."), 435:25 – 436:3 ("[P-]8954, all right, that comes in over objection. That's the Florida settlement with admissions.").[8]

### C. Expert Opinions on CVS or Walgreens.

Finally, both CVS and Walgreens seek to preclude Mr. Rannazzisi from offering any expert testimony at trial. CVS Mot., p. 5; WAG Mot., pp. 1-2. Plaintiffs have no intention of offering any expert opinion testimony through Mr. Rannazzisi. He is a fact witness and will provide appropriate lay witness testimony, which may include lay opinion testimony that is: (a) "rationally based on [his] perception;" (b) "helpful to clearly understanding [his] testimony or to determining a fact in issue; and (c) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. To the extent CVS and Walgreens believe any particular testimony offered by Mr. Rannazzisi constitutes expert testimony, they can object at the time the testimony is offered.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny in their entirety (1) CVS's Motion to Limit Testimony of Joseph Rannazzisi on CVS-Specific Issues and To Exclude Related Exhibit, and (2) Walgreens' Motion to Limit Testimony of Joseph Rannazzisi on Walgreens-Specific Issues.

Dated: October 12, 2021

---

[8] CVS cites to a District of Columbia District Court case for the proposition that "[w]hen a settlement is introduced to show notice, 'the evidence pertaining to the settlement [must] be presented *as briefly as possible*' in order to 'protect against the risk of prejudice or confusion.'" CVS Mot., p. 3 (emphasis in original) (quoting *Barnes v. District of Columbia,* 924 F. Supp.2d 74, 90 (D.D.C. 2013)). But the *Barnes* court was not stating a general rule; rather, it held that under the circumstances of *that particular case*, evidence of a settlement of a related class action, which contained *no admissions* and was offered *only* to show notice, should be presented as briefly as possible. 924 F. Supp.2d at 85-86, 90-91.

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR 00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

8

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088, Ext. 2007
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

/s/Peter H. Weinberger
Peter H. Weinberger