# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*All actions* | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

## MOTION TO MODIFY PROTECTIVE ORDER

Plaintiffs' Co-Lead Counsel, on behalf of the Plaintiffs' Executive Committee ("PEC"), respectfully move this Court to modify Case Management Order No. 2: Protective Order (Dkt. No. 441) (the "Protective Order") to allow the parties in *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig*, MDL No. 2996, access to the McKinsey-related discovery produced in this MDL.[1] *See* Protective Order at ¶¶ 4, 80. The MDL No. 2996 Plaintiffs sought support from McKinsey for this request, but McKinsey refused absent full access to the Discovery Material produced in MDL No. 2804.

As background, on May 15, 2018, the Court entered the Protective Order to protect the confidentiality of non-public confidential, proprietary, and/or private information that may be disclosed in connection with the MDL No. 2804 proceedings. *See* Protective Order ¶ 1. Since the entry of the Protective Order, numerous parties filed suit against McKinsey in connection with the opioid-related consulting work it performed for various defendants in this litigation. The Judicial Panel on Multidistrict Litigation formed a separate multidistrict litigation, MDL No. 2996, for these actions against McKinsey and transferred them to the Northern District of

---

[1] McKinsey & Company Inc.; McKinsey & Company Inc. United States; McKinsey & Company, Inc. United States; and McKinsey & Company, Inc. Washington D.C. have all been named as defendants in MDL No. 2996. This Motion refers to those entities collectively as "McKinsey."

California for proceedings before Judge Charles R. Breyer.[2] *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, No. MDL 2996, 2021 WL 2351628 (J.P.M.L. June 7, 2021).

McKinsey is not a party in MDL No. 2804. Nevertheless, because of the opioid-related consulting work it did for certain defendants here, it produced Discovery Material pursuant to a subpoena and is thus a Producing Party for purposes of the Protective Order. *See* Protective Order ¶¶ 3, 16. McKinsey produced just over 6,200 documents in MDL No. 2804, which McKinsey re-produced in MDL No. 2996 subject to a protective order in that action. *See McKinsey* Joint Status Conf. Submission at 3 (Exhibit A). Additionally, certain defendants in this MDL produced documents concerning the opioid-related consulting work McKinsey performed for them. Those documents, which the defendants largely designated as Confidential Information pursuant to the Protective Order, are not accessible by the parties in MDL No. 2996 to be used in that litigation.[3] *See* Protective Order at ¶¶ 33, 34 (restricting Confidential and Highly Confidential Information to be "used solely for purposes of this Litigation").

Because of the overlapping factual allegations and circumstances in both MDLs, the Plaintiffs seek modification of the Protective Order to facilitate coordination of discovery and the sharing of Discovery Material between the MDLs.[4] District courts have the power to modify a

---

[2] Judge Breyer presides over Case Track 4, *City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*, 18-cv-07591-CRB (JSC).

[3] To be clear, MDL No. 2996 Plaintiffs are not seeking that they have unfettered access to the Discovery Material in MDL No. 2804 and that McKinsey should not have that same access. Instead, Plaintiffs are seeking that the parties in MDL No. 2996 have equal access to the McKinsey-related documents that were previously produced in MDL No. 2804.

[4] There is overlapping membership between the Plaintiffs' Executive Committee ("PEC") here and the McKinsey Plaintiffs' leadership. For example, Co-Leads Jayne Conroy and Joe Rice were appointed to the McKinsey Plaintiffs' Steering Committee ("PSC") and Elizabeth Cabraser is both a member of this MDL's PEC as well as Lead Counsel in MDL No. 2996. *See* Dkt. 34 (17-md-02804); *McKinsey* Pretrial Order No. 2 (Exhibit B).

protective order upon a showing of good cause. *H.H. v. G6 Hosp., LLC*, No. 2:19-CV-00755, 2020 WL 5417559, at *2 (S.D. Ohio Sept. 10, 2020); *see also* 8A Fed. Prac. & Proc. Civ. § 2044.1 (3d ed.) ("[D]istrict courts generally have substantial latitude in deciding whether to modify protective orders in light of the circumstances presented by the case."); Protective Order ¶ 80 (allowing "any person . . . to pursue . . . appropriate judicial action to seek modification or amendment of this Protective Order").

Here, good cause exists where modification of the protective order would facilitate discovery in other litigation. *See In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 12747962, at *1 (N.D. Ohio Feb. 24, 2015) ("[P]rotective orders may be subject to modification to meet the reasonable requirements of parties in other litigation.") (quoting *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987)). Coordination with MDL No. 2996 would avoid duplicative discovery and unnecessary costs and reduce discovery-related burdens on the MDL No. 2804 Defendants, McKinsey, and Plaintiffs' counsel in both MDLs. *See, e.g.*, MANUAL FOR COMPLEX LITIGATION ("MCL") § 11.423 (recognizing that coordination of common discovery in related litigation may save costs and prevent duplication and conflicts). Avoidance of duplicative discovery and its attendant delay and expense is a core purpose of the MDL statute itself. *See* 28 U.S.C. § 1407. Indeed, it is common MDL practice to "coordinate parallel or related litigation so as to reduce the costs, delays, and duplication of effort . . . ." *Id.* at § 20.31; *see also* Fed. R. Civ. P. 1 (mandating the "just, speedy, and inexpensive determination of every action and proceeding"). Enabling the McKinsey litigation to proceed without undue delay was a factor articulated by the Judicial Panel on Multidistrict Litigation in creating the McKinsey MDL and in assigning it to a Transferee Judge with MDL 2804 bellwether experience. *See In re McKinsey*, 2021 WL 2351628, at *2.

Modification of the Protective Order can be tailored to preserve necessary confidentiality and simultaneously promote coordination between related actions. *See* MCL § 11.432. The *Manual for Complex Litigation* has recognized the balancing of these interests when coordinating discovery in related cases: "Relevant discovery already completed should ordinarily be made available to litigants in the other cases. If the material is subject to a protective order, the court usually may accommodate legitimate privacy interests by amending the order to include the new litigants within the order's restrictions." *Id.* § 20.14 (footnotes omitted). Moreover, the MDL No. 2996 court issued a protective order that closely follows the Protective Order entered here and will allow defendants in this action to designate any previously produced documents as confidential in MDL No. 2996. *See McKinsey* Pretrial Order No. 4 (Exhibit C). In other words, the confidential nature of the discovery will be preserved and the practical and cost-saving effect of the proposed amendments to the Protective Order will avoid the parties and third-parties from re-producing documents in MDL No. 2996 that were previously produced in this MDL.

To that end, the Plaintiffs' Co-Lead Counsel respectfully submit the attached Proposed Amended Protective Order with modifications shown in redline. The relief requested in this motion, if granted, will be reflected in a case management order in MDL No. 2996.

Dated: October 14, 2021          Respectfully submitted,

>                    Jayne Conroy
>                    SIMMONS HANLY CONROY
>                    112 Madison Avenue, 7th Floor
>                    New York, NY 10016
>                    (212) 784-6400
>                    (212) 213-5949 (fax)
>                    jconroy@simmonsfirm.com

2299098.6

        Joseph F. Rice
        MOTLEY RICE LLC
        28 Bridgeside Blvd.
        Mt. Pleasant, SC 29464
        (843) 216-9000
        (843) 216-9290 (Fax)
        jrice@motleyrice.com

        Paul T. Farrell, Jr., Esq.
        FARRELL & FULLER LLC
        1311 Ponce de Leone Ave., Suite 202
        San Juan, PR  00907
        (304)654-8281
        paul@farrellfuller.com

        *Plaintiffs' Co-Lead Counsel*


        */s/Peter H. Weinberger*
        Peter H. Weinberger (0022076)
        SPANGENBERG SHIBLEY &LIBER
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        (216) 696-3232
        (216) 696-3924 (Fax)
        pweinberger@spanglaw.com

        *Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2021, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.


        By: */s/ Peter H. Weinberger*
            Peter H. Weinberger