**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION** | **MDL 2804** |
| **OPIATE LITIGATION** | **Case No. 17-md-2804** |
| *This document relates to:* | **Hon. Dan Aaron Polster** |
| **Track Three Cases** | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCES TO JUDICIAL**
**OPINIONS FROM NON-OPIOID CASES DISCUSSING DR. CRAIG MCCANN**

Plaintiffs anticipate that Defendants may attempt to cross-examine or impeach Dr. McCann regarding certain prior judicial rulings or opinions in non-opioid cases in which Dr. McCann's testimony or opinions were excluded or criticized, including, but not limited to: (i) *Morgan Keegan & Co. v. Garrett*, 816 F. Supp. 2d 439, 442 (S.D. Tex. 2011), *rev'd and remanded,* 495 F. App'x 443 (5th Cir. 2012); (ii) *In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Sec. Litig.*, 281 F.R.D. 174, 179-82 (S.D.N.Y. 2012); and (iii) *Falic v. Legg Mason Wood Walker, Inc.*, Case No. 9:03-cv-80377-KLR, Order Granting Defendant's Motion in Limine to Exclude Craig J. McCann from Testifying, Dkt. #169 (S.D. Fla. Jan. 18, 2005) (collectively, the "Judicial Rulings").

These collateral attacks should not be permitted for the following reasons: (i) the Judicial Rulings are inadmissible hearsay; (ii) the Judicial Rulings are irrelevant to the issues in this case; (iii) admission of the Judicial Rulings would unduly prejudice Plaintiffs, confuse the jury, and waste time; and (iv) the Judicial Rulings cannot be used to impeach Dr. McCann's credibility. Accordingly, Plaintiffs request that Defendants be precluded from referencing the Judicial Rulings in front of the jury.

**ARGUMENT**

**A.      Evidence of the Judicial Rulings Is Inadmissible Hearsay.**

Evidence of the Judicial Rulings is inadmissible hearsay.  They are out-of-court statements and Defendants' only purpose in offering or inquiring about them would be to prove the truth of the matters asserted therein (*i.e.*, that Dr. McCann's opinions in those cases were unreliable or

otherwise problematic).  FED. R. EVID. 801(c).  Courts regularly hold that judicial findings and opinions from other cases constitute hearsay.  *See Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 12748002, at *4 (N.D. Ohio Mar. 6, 2015) (granting motion *in limine* to exclude references to judicial opinions discussing expert witnesses, noting "[a]t least some of what Defendants seek to admit is inadmissible hearsay); *Brooks v. Schults*, 333 F. Supp. 2d 678, 680 (E.D. Tenn. 2004) (statements of county court in another proceeding constituted inadmissible hearsay); *see also U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1287–88 (11th Cir. 2001) ("factual findings made in a separate case by another district court" are hearsay and cannot "be either judicially noticed or admitted under the public records exception to the hearsay rule"); *Nipper v. Snipes*, 7 F.3d 415, 416-18 (4th Cir. 1993) (district court abused its discretion in admitting state court judge's order in separate case involving one of the same parties as instant case because it was hearsay and did not fall within the public records exception of Rule 803(8)); *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001) ("Judicial findings in other cases proffered as evidence are generally characterized as inadmissible hearsay."); *Off. Comm. of Unsecured Creditors v. CalPERS Corp. Partners LLC*, No. 1:18-CV-00068-NT, 2021 WL 3264272, at *3 (D. Me. July 30, 2021) (same); *Thompson v. Glenmede Tr. Co.*, No. CIV. A. 92-5233, 1996 WL 529693, at *2 (E.D. Pa. Sept. 17, 1996) ("It is black letter law that a court decision is inadmissible as hearsay[.]").[1]

---

[1]  Judicial decisions from judges in civil trials are distinguishable from decisions by administrative law judges, or other agencies and offices of the executive branch, which do fall within the public records hearsay exception.  *See, e.g., Complaint of Paducah Towing Co., Inc.*, 692 F.2d 412, 420 (6th Cir. 1982) (findings of fact of administrative law judge at Coast Guard hearing were admissible as factual findings under Rule 803(8)); *Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238, 242 (4th Cir. 1999) ("Because *Nipper* is limited to excluding the findings of judges in the judicial branch, it does not require us to exclude the decision of an ALJ who is an officer in the executive branch."); *Nipper*, 7 F.3d at 417 ("A judge in a civil trial is not an investigator, rather a judge.  In fact, a review of the advisory committee note to Rule 803 makes plain that the drafters intended this portion of the rule to relate to findings of agencies and offices of the executive branch.").

**B.**      **Evidence of the Judicial Rulings Is Irrelevant to This Case.**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.  "Irrelevant evidence is not admissible." FED. R. EVID. 402.  The four Judicial Rulings that Plaintiffs anticipate Defendants will attempt to offer into evidence, or question Dr. McCann about, are not relevant to the issues before this Court and should be excluded. None of those cases involve the supply, dispensing, or sale of opioids.  None involve calculating red flag prescriptions or suspicious orders.  And none have anything to do with Plaintiffs' claims or Dr. McCann's testimony in this case.  Instead, all of the opinions involve or relate to investments and the calculation of stocks and bonds.

In *Morgan Keegan*, a group of investors retained Dr. McCain as their technical expert in an action against Morgan Keegan. 816 F.Supp.2d at 441.  Dr. McCann incorrectly calculated Morgan Keegan's internal pricing and its bond fund's valuation, resulting in a large arbitration award for the investors.  *Id.* at 441-442.  He realized the error during his testimony, and told Morgan Keegan's lawyers after his testimony but before the award was issued.  *Id.*  Morgan Keegan moved to vacate the award after it was rendered, which the district court granted.  *Id.*  The Fifth Circuit reversed the vacatur.  *Morgan Keegan*, 495 Fed. Appx. 443.  It noted that Dr. McCann told Morgan Keegan's lawyers of his error almost two weeks before the arbitration award was issued.  *Id*. at 445.  And it held that there was no evidence that the "allegedly" false testimony was not discoverable by Morgan Keegan by due diligence before or during the arbitration.  *Id.* at 447-48.

In *Fed. Home*, Dr. McCann was retained to calculate stock and market index returns in a securities-fraud action.  281 F.R.D. at 179.  The court determined his testimony was unreliable and unpersuasive as a result of significant errors and internal inconsistencies in his studies.  *Id.* at 179, 181-82.  In *Falic*, Dr. McCann was retained to testify in a defamation action based on allegedly false and disparaging statements about plaintiffs made by the defendant to institutional bondholders that held bonds in a company that the plaintiffs acquired.  Case No. 9:03-cv-80377,

Dkt. 169 at pp. 1-2.  Dr. McCann offered testimony regarding defendant's alleged failure to comply with certain industry norms and own internal policies.  *Id.* at p. 3.  The district court granted the defendant's motion to exclude his testimony for lack of qualifications, untimeliness, and because his opinions intruded on role of trier of fact.  *Id.* at pp. 3-6.

None of these opinions have any tendency to make a fact more or less probable in the instant case, and their holdings as to Dr. McCann are not of consequence in determining this action.  FED. R. EVID. 401.  Therefore, these opinions are irrelevant and inadmissible.  FED. R. EVID. 402.

### C.    Admitting Evidence of the Judicial Rulings Would Cause Unfair Prejudice, Confusion, and Waste Time.

Even if the Judicial Rulings had any probative value (and they do not), it is substantially outweighed by the risk of unfair prejudice, confusion, and wasting time.  FED. R. EVID. 403.  "[T]he majority rule is that judicial findings regarding purported expert testimony from other cases are unfairly prejudicial."  *Polyurethane*, 2015 WL 12748002, at *3 (citing cases).  *See also Blue Cross*, 141 F. Supp. 2d at 323-25; *CalPERS*, 2021 WL 3264272, at *3; *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-CV-5032-DGK, 2016 WL 593910, at *6 (W.D. Mo. Feb. 12, 2016).  "This is because judicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.'"  *Nipper*, 7 F.3d at 418 (citation omitted); *U.S. Steel*, 261 F.3d at 1287 (same).  *See also Brooks*, 333 F. Supp. 2d at 680 (statements of county court, concerning criminal charges against arrestee, were inadmissible in arrestee's § 1983 action because they "may unduly influence the jury to adopt that court's credibility determinations, rather than make their own evaluation of the evidence"); *Blue Cross*, 141 F. Supp. 2d at 323 ("The difficulty in assessing the probative force of comments by a judge on the credibility of a witness is especially great for a jury, which may give exaggerated weight to a judge's supposed expertise on such matters."); *Kirk*, 2016 WL 593910, at *6 (evidence of expert's exclusion in another case was "inadmissible under Rule 403"; "The probative value of admitting the *Harvey* court's *Daubert* ruling would be outweighed by the

danger of unfair prejudice since a jury might give it disproportionate weight and abandon its duty to independently consider [the expert's] qualifications and methodology as applied to the facts and circumstances of this case."); *Thompson*, 1996 WL 529693, at *3.

Moreover, allowing evidence or argument regarding the Judicial Rulings would distract and confuse the jury, and would also waste precious trial time by necessitating "mini-trials" over why Dr. McCann was excluded or had his credibility questioned in these other cases.  *See, e.g., Polyurethane*, 2015 WL 12748002, at *4 ("[W]ading into the facts of other cases would be both confusing and unproductive."); *Blue Cross*, 141 F. Supp. 2d at 325 ("When a judge attacks a witness there is no effective defense. . . . To appropriately meet the evaluations of another judge would require the jury to delve deeply into the case that judge was trying.  This enterprise is not appropriate under Rule 403."); *CalPERS*, 2021 WL 3264272, at *3 ("[W]hile I fail to see how [the expert's] opinion in an entirely separate case, or the judicial assessment of that opinion, is relevant in the first place, delving into another judge's analysis of an entirely separate opinion would also necessitate a trial within a trial.  Thus, even if it were relevant, the likelihood that discussion of the *Bachrach* court's assessment of [the expert's] other opinion would confuse the issues and mislead the jury substantially outweighs whatever probative value this evidence might have.") (internal citation omitted); *Kirk*, 2016 WL 593910, at *6 (allowing evidence of another court's *Daubert* ruling excluding expert would "likely result in undue delay and waste of time as the parties conduct a mini-trial over exactly why the *Harvey* court excluded [the expert's] testimony and discussed the differences between the two cases").

### D.      The Judicial Rulings Cannot Be Used To Impeach Dr. McCann's Credibility.

The Judicial Rulings are not admissible to impeach Dr. McCann's credibility. Dr. McCann's character for truthfulness is not at issue.  Thus, the Judicial Rulings, and any inquiry about them, are not relevant and should be prohibited.  FED. R. EVID. 608(a).  Moreover, under Federal Rule of Evidence 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack…the witness's character for truthfulness."  FED. R. EVID. 608(b).  Defendants are also prohibited from referencing any consequences that Dr. McCann

suffered as a result of the subject of the Judicial Rulings.  *See* FED. R. EVID. 608, Advisory Committee Notes, 2003 Amendments ("It should be noted that the extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act."); *Waymire v. Miami County Sheriff's Office*, 3:15-CV-159, 2017 WL 4324760, at *2 (S.D. Ohio Sept. 29, 2017) (same).

Further, Defendants' counsel should be prohibited from inquiring into the matters in the Judicial Rulings because, as discussed above, their probative value, if any, is outweighed by the danger of unfair prejudice.  FED. R. EVID. 608(b); *United States v. Cooks*, 455 Fed. Appx. 584, 588 (6th Cir. 2012) ("Even under Rule 608(b), however, the probative value of such evidence must not be outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."); *Waymire*, 2017 WL 4324760, at *2 (granting plaintiff's motion *in limine* to preclude defendant from cross-examining plaintiff regarding disciplinary proceedings, where doing so would result in significant prejudice, and such unfair prejudice significantly outweighed slight probative value).

## CONCLUSION

For the foregoing reasons, Plaintiffs request that Defendants be precluded from offering into evidence, or otherwise referencing, the Judicial Rulings.


Dated: October 15, 2021



Respectfully submitted,

*/s/ Jayne Conroy*
Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

*/s/ Joseph F. Rice*
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

7

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088, Ext. 2007
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and*
*Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger