# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) ) ) ) ) | JUDGE POLSTER<br><br>**ORDER REGARDING FEE PANEL,<br>FUND ADMINISTRATOR,<br>AND ASSISTANTS** |

In connection with certain Settlement Agreements, the Court appointed David R. Cohen, Randi S. Ellis, and David R. Herndon as Arbiters to constitute a Fee Panel and oversee awards of contingent fees and common benefit fees. *See* docket no. 3828 at 8. Further, the Court appointed Mr. Cohen as Administrator of the Qualified Settlement Fund ("QSF"). *Id.* at 7.[1] The Settlement Agreements contemplate that the Fee Panel and Administrator will, in turn, hire various assistants and consultants. *See, e.g.*, Distributor Settlement, Exhibit R at R-4 (noting that contingent fee awards will be calculated using a Model created "by Joseph Tann and Andrew Arnold," and that "[t]he Fee Panel is encouraged to continue working with those counsel in application of the Model"); docket no. 3828 at 7 (QSF Administrator is "responsible for making any necessary tax filings and

---

[1] The Court also appointed Mr. Cohen as Cost and Expense Fund Administrator. *See* docket no. 3828 at 15; Distributor Settlement, Exhibit R at R-11. All of the provisions in this Order apply equally to him in this role.

payments of taxes, estimated taxes, and associated interest and penalties, if any, by the [Attorney Fee] Fund"). Accordingly, the Court provides as follows.

**PACER Access**

In order to more easily and inexpensively assist the Court and the Fee Panel, the costs and fees associated with accessing cases through the Public Access to Court Electronic Records (PACER) shall be waived for the following persons. The Court will also provide Westlaw access.

| | | |
|---|---|---|
| Joseph Tann | Andrew Arnold | Amy Collins |
| 7735 N. 78th Street | Motley Rice LLC | 2925 Richmond Ave, #1725 |
| Scottsdale, AZ 85258 | 28 Bridgeside Blvd. | Houston, TX 77098 |
| 602-432-4241 | Mt. Pleasant, SC 29464 | 281-788-7697 |
| josephtann@josephtann.com | 843.216.9229 | acollins@amylcollinspc.com |
| | aarnold@motleyrice.com | |

**Immunity**

As agents and officers of the Court, the Arbiters and the Administrator[2] shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions. Specifically, the Arbiters and the

---

[2] Whenever the Court refers in this Order to the Arbiters or the Administrator, it includes any person acting as assistant or consultant to the Arbiters or Administrator in relation to their responsibilities under the Settlement Agreements.

Administrator are protected by absolute quasi-judicial immunity.³ All parties will make readily available to the Arbiters and Administrator any and all facilities, files, databases, and documents that may be necessary to fulfill their functions.

**Indemnity**

The Arbiters and the Administrator shall be indemnified and held harmless by the QSF and the attorney claimants seeking payment from the QSF from any claims made by any alleged lien holder, or other person or entity that attempts to assert a right of payment, reimbursement or garnishment against the Fund. Should an Arbiter or the Administrator be named as a party to, or threatened to be made a party to, or named as a witness in, any threatened, pending, or completed action, suit, or proceeding of any kind, whether civil, administrative, or arbitrative, and whether brought by or against or otherwise involving the Fund, by reason of the Administrator or Arbiter

---

³ *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("[A]bsolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties. Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.") (footnote and citations omitted); *Smith v. Leis*, 407 F. App'x 918, 929 (6th Cir. 2011) (same).

See also *Atkinson-Baker & Associates, Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a Special Master); *Coyazo-Hernandez v. Davis and Feder*, 2005 WL 2296403, *5 (D.N.M.) (recognizing that the Special Master and Claims Administrator for the Fen-Phen Qualified Settlement Fund, whose tasks included distributing compensation to the plaintiffs who agreed to the settlement, "served in a quasi-judicial capacity"); *Houck v. Folding Carton Admin. Committee*, 121 F.R.D. 69, 72 (N.D. Ill. 1988) ("Defendants were called upon to evaluate claims and make recommendations concerning final disposition of the remaining funds. No doubt, these are judicial functions."); *Berning v. UAW Local 2209*, 2007 WL 1385367 (N.D. Ind.) (recognizing that "a general bar exists against probing the mental processes involved in administrative decision-makers' deliberations. Just as a judge cannot be subjected to such scrutiny, so the integrity of the administrative process must be equally respected.") (internal citations omitted); *McGoldrick v. Koch*, 110 F.R.D. 153, 155 (S.D.N.Y. 1986) ("Where, as here, the administrator is acting in the role of a judicial officer, the principles underlying immunity from discovery apply with full force.").

having served in any capacity on behalf of the Fund, the Administrator and/or Arbiter shall be indemnified and held harmless by the QSF and the attorney claimants seeking payments from the QSF against reasonable expenses, costs and fees (including attorneys' fees), judgment, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by the Administrator or Arbiter in connection with or resulting from such actual or threatened action, suit or proceeding; except to the extent that it is finally determined by this Court that the Administrator or Arbiter was grossly negligent or acted with willful misconduct in connection with the administration of this Fund.

**Jurisdiction**

The Attorney Fee Fund is "under this Court's ongoing jurisdiction." Docket no. 3828 at 8; *see e.g.*, Distributor Settlement, Exhibit R at R-20 ("The MDL Court shall have exclusive and ongoing jurisdiction over the enforcement and implementation of this Fee Agreement as set forth herein."). Accordingly, the MDL Court retains jurisdiction over any dispute related to the responsibilities of the Administrator or Arbiters.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 15, 2021