**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Track Three Trial* | Case No: 1:17-MD-2804 |

**DEFENDANT WALMART INC.'S OPPOSITION TO PLAINTIFFS'
MOTION FOR SANCTIONS
<u>FOR ALLEGED FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS</u>**

Apparently dissatisfied with their recorded video deposition of Brad Nelson, Plaintiffs now seek a second chance to question him before the jury.  To that end, they have ginned up a request for sanctions based primarily on a few documents produced months and weeks ago that have nothing to do with Lake or Trumbull Counties and are substantively identical to documents they had in their possession well before they questioned Mr. Nelson the first time.  Indeed, as Plaintiffs are aware, Mr. Nelson did not even have responsibility for the State of Ohio—that was assigned to another Sr. Manager of Controlled Substances, Ms. Caroline Riogi, whom Plaintiffs have also deposed.

Defendant Walmart Inc. ("Walmart") received Plaintiffs' motion at midnight last night and is responding, at the Court's request, within 12 hours of receiving it.  Walmart reserves the right to submit a fuller opposition raising additional arguments when it has had more time to review the relevant discovery and case law.

That said, Plaintiffs' motion should be denied.  Walmart has committed no discovery violations.  Even assuming for the sake of argument that it had, however, the sanctions Plaintiffs request are inappropriate.

I.     **PLAINTIFFS' REQUEST FOR SANCTIONS IS UNFOUNDED**

Plaintiffs' request for sanctions is unfounded for at least three reasons.  First, there was no discovery violation to sanction.  Second, the cherry-picked documents in Plaintiffs' motion do not support the relief requested.  Finally, Plaintiffs' request is untimely.

A.     **Walmart Did Not Commit a Discovery Violation**

First and foremost, Plaintiffs are simply wrong when they argue that Walmart has committed a discovery violation.  Although Plaintiffs imply otherwise in their motion, the fact of the matter is that Mr. Nelson's documents relevant to Lake and Trumbull Counties were produced prior to his deposition.  After the close of discovery, when the Court ordered Walmart to expand the scope of its production nationwide, roughly 90% of the Brad Nelson documents at issue in the Court's expanded geography ruling were produced by August.  And most of the remainder were produced before trial started.  Only 30 Brad Nelson documents have been produced since trial started, and only three of those are highlighted in Plaintiffs' motion.  As even Plaintiffs' motion concedes on close examination, the vast majority of the documents highlighted in the motion were produced *months* ago.  Indeed, although Walmart has had limited time to evaluate the documents that Plaintiffs highlighted in their motion, at least two of the documents—including one of the three produced after trial began—are exact duplicates of a document produced before Plaintiffs even filed their expanded geographic scope motion. *Compare* P-26888 (produced 9/3 and highlighted in Pls' Mot. at 8) with WMT_MDL_001075116 (same document produced in February 2021); *compare* P-14660 (produced 10/5 and highlighted in Pls' Mot. at 5) with WMT_MDL_000702473 at WMT_MDL_000706106-07 (same webform RTF from Brad Nelson to Health and Wellness Rx Notification).

In short, there has been no discovery misconduct here.  As Walmart repeatedly advised during motion practice, re-reviewing 13 years of documents from the 14 home office custodians to expand the scope of the production beyond issues involving the five Lake and Trumbull County Ohio pharmacies at issue in the Track 3 trial to include the entire United States has been a significant undertaking.[1]  Yet, Walmart has done it as ordered, and has produced documents with all due speed.  The fact that Plaintiffs had received "only" 90% of these expanded-geography Nelson documents in the month leading up to trial is not remotely a ground for sanctions.

**B.  The Cherry-Picked Documents Highlighted in Plaintiffs' Motion Do Not Support the Relief Requested**

Plaintiffs' request for sanctions should also fail because the documents Walmart has produced from Nelson's custodial files—and certainly those produced since the start of trial—are either irrelevant, substantively duplicative of documents produced long ago, or both.

Notably, the 3 documents produced after the start of trial and highlighted in Plaintiffs' motion are exactly or substantively duplicative of documents produced long ago.  As discussed above, one is an exact duplicate.  *See* P-14660.  The remaining two are duplicates in substance if not form.  P-14658 is an email chain discussing a Webform RTF for prescriber William Bacon in Illinois.  A copy of that Webform RTF was produced in January 2021.  *See* WMT MDL 000710027.  Similarly, P-14659 relates to an RTF for a prescriber K.M. Sheridan in Georgia.  This prescriber (and the exact concerns raised in P-14659) were discussed in documents

---

[1] Nationwide policies were produced years ago; the documents in question are largely comprised of specific inquiries and other communications arising from pharmacies outside of Ohio.  In addition, because many of the documents contain individual patient health information, the documents needed to be reviewed and redacted before production.

produced in January 2021.  *See*  WMT_MDL_000708568-69; WMT_MDL_000708708-09; WMT MDL 000709450-51; WMT_MDL_000709734-35.

Nearly all of the remaining documents discussed in Plaintiffs' motion are substantively similar to extraterritorial documents Plaintiffs not only possessed, but questioned Nelson about at his deposition.  Plaintiffs claim that they have somehow been severely prejudiced by "late" (but notably still pre-trial) production of emails in which pharmacists sought guidance from Nelson concerning specific prescribers with no nexus to Track 3 counties. But Plaintiffs have already questioned Nelson regarding numerous documents with a similar theme.  *See* Nelson Dep. Ex. 23; Ex. 25; Ex. 27; Ex. 30; Ex. 33; Ex. 37; Ex 38.  In fact, Plaintiffs' argument seems to be that these emails are relevant because they showed that Nelson gave *substantially the same response* to each inquiry.  *See id.*

That is enough to show that Plaintiffs have simply not been prejudiced by any "late" production.  The emails in question concern individual prescribers outside of Plaintiffs' jurisdiction. Under this Court's ruling, they can thus only be relevant to how Walmart's national policies and procedures operated.  *See* Dkt. 3546 at 32-33 ("[W]here evidence tends to show . . . systemic failures that are national in scope and become clear in the aggregate, the Court will *generally* permit such evidence—so long as it is otherwise admissible under the Federal Rules. . . . On the other hand, evidence that is specific in nature and does not have a nexus to the Plaintiff Counties, without more, will *generally* not be permitted.") (emphasis in original). Plaintiffs have already had the chance to explore those issues with Nelson.  Most of the highlighted documents in Plaintiffs' motion are therefore merely cumulative of information Plaintiffs possessed long ago.  *See* P-17698; P-26885; P-26888; P-26890; P-26892; P-26811; P-26874; P-26881.  That hardly warrants trial sanctions.

### C.     Plaintiffs' Motion Is Untimely

Finally, Plaintiffs' motion for sanctions should be denied as untimely.  As both the Court and Plaintiffs acknowledged in the course of briefing the motion to expand geographical scope for the 14 custodians, the Court's orders permitted Walmart to limit its production by geographic scope.  The Court changed that standard for 14 custodians, including Brad Nelson, through an order issued in early April.  Notably, that order was entered *after* Nelson's deposition, which occurred March 23, 2021.  Similarly, it was entered *after* Plaintiffs' deposition of Susanne Hiland (March 26, 2021) and any other Walmart witnesses mentioned in the documents.  It is hardly sanctionable conduct to follow the Court's orders.

## II.     PLAINTIFFS' REQUESTED SANCTIONS ARE INAPPROPRIATE

Plaintiffs' request for sanctions is legally deficient as well as factually deficient.  All the cases Plaintiffs cite involve "bad-faith" disobedience of a discovery order.  Pls.' Mot. at 14.  Walmart has not disobeyed a discovery order, let alone in bad faith.  C*ompare with ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 582 (6th Cir. 2018) (in case involving "at least six" discovery warnings, only discovery produced was deficient); *Trimboli v. Maxim Crane Works*, L.P., No. 3:18-CV-00346, 2020 WL 1031871, at *14–15 (M.D. Tenn. Mar. 3, 2020), *on reconsideration in part*, No. 3:18-CV-00346, 2020 WL 3546810 (M.D. Tenn. June 30, 2020) (in case involving workplace accident, defendants "studiously avoided" revealing a key witness and failed to produce plaintiff's post-accident questionnaire that was later found in obvious location); *Kidwell v. Ruby IV, L.L.C.*, No. CV 18-02052, 2020 WL 6391260, at *4, 10 (E.D. La. Nov. 2, 2020) (failure to comply with "specific order directing Defendants to present a knowledgeable witness" was latest entry in defendants' treatment of "this lawsuit as a game from the start"); *Sacks v. Four Seasons Hotel Ltd.*, No. 5:04CV73, 2008 WL 11348388, at *2 (E.D. Tex. Feb. 20, 2008) (in action alleging hotel had negligently responded to guests' medical emergency,

plaintiffs withheld reports showing they had purchased ecstasy soon before the emergency—an issue not revealed in other discovery).

Plaintiffs' brief goes so far as to suggest that a default judgment is warranted. But they provide no case support for that request, nor could they. The severe and drastic remedy of default is warranted only where a party acts "in willful bad faith" after having been warned "that failure to cooperate could result in a default judgment" and where "less drastic sanctions were imposed or considered." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). As explained, Walmart has never acted in bad faith, and in fact an additional factor—"whether the opposing party suffered prejudice," *id*.—is not even present here.

Plaintiffs' request to force Brad Nelson to testify live at trial, in addition to his video deposition testimony, also fails. The Court lacks authority under the federal rules to require a former employee who is outside of the Court's Rule 50 subpoena power to appear in court. Fed. R. Civ. P. 45(c)(1)(A) (protecting non-party witnesses from subpoena at trial when they live more than 100 miles from the courthouse).[2] As the Seventh Circuit has held, it is inappropriate for a Court to exceed its subpoena authority as to an individual witness as sanction for an employer's alleged discovery violation. *See In re Boehringer Ingelheim Pharms. Prod. Liab. Litig*, 745 F.3d 216, 218-19 (7th Cir. 2014) (granting mandamus and vacating discovery sanction requiring employees of German company to appear in New York for deposition when it lacked subpoena power to do so). The *Boehringer* court held that a discovery sanction forcing German

---

[2] The Court similarly lacks authority to order remote testimony under Rule 43(a). *See, e.g.*, *Lea v. Wyeth LLC*, No. 1:03-CV-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011); *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *4 (D. Wyo. Dec. 2, 2020). It also lacks "good cause" to order remote testimony under that rule. *Off. Comm. of Unsecured Creditors v. Calpers Corp. Partners LLC*, 2021 WL 3081880, at *4 (D. Me. July 20, 2021) (refusing to permit remote live testimony because the party wanting to call the witness live knew of the circumstances for a while and had a "lengthy deposition" it could use); *Cline v. Bos. Sci. Corp*., 2021 WL 1614326, at *2 (W.D. Ark. Apr. 26, 2021) ("[N]either 'good cause' nor 'compelling circumstances' will warrant ordering a witness to give testimony at trial by contemporaneous transmission if that same witness previously sat for a videotaped deposition." ).

employees to attend deposition in New York, as opposed to Amsterdam as previously planned, was "a judicial usurpation of power or a clear abuse of discretion," and rhetorically asked if "using an employer's leverage over his employees [is] a proper means of circumventing limitations" on the court's subpoena powers.  *Id.* at 219. *See also id.* (criticizing district court for allowing employees "to be punished for the sins of their employer" as part of discovery sanction, particularly where the employees were not executives).  The argument is even stronger here, where Nelson is a *former,* non-executive employee who Plaintiffs have already had a chance to depose.

**CONCLUSION**

For the foregoing reasons, Walmart requests the Court DENY Plaintiffs' motion for sanctions.

Dated: Oct. 18, 2021

/s/   John M. Majoras

John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by e-mail on all parties to the above-captioned case on this 18th day of October 2021.

/s/ Tara A. Fumerton
Tara A. Fumerton

*Counsel for Walmart Inc.*