# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### MOTION TO PRECLUDE TESTIMONY FROM PLAINTIFFS' FACT WITNESSES ABOUT PRESCRIPTION OPIOIDS BEING A "GATEWAY" TO OTHER DRUG USE

This week, Plaintiffs will call April Caraway, Executive Director of the Trumbull County Mental Health and Recovery Board; Kim Fraser, Executive Director of the Lake County Alcohol, Drug Addiction and Mental Health Services Board; and Captain Tony Villanueva of the Trumbull County Sheriff's Office as fact witnesses. The Court should preclude these witnesses from testifying about a causal connection, or "gateway," between prescription opioid medications and heroin or other illicit drug use because it is: (1) based on what they have "heard" from other persons and therefore comprises inadmissible hearsay from witnesses lacking personal knowledge; and (2) improper and undisclosed expert opinion.

When deposed, Ms. Caraway, Ms. Fraser, and Captain Villanueva opined that prescription opioid medications are a "gateway" to illicit drug use. Ex. A, April Caraway Tr. at 283:22-25 ("The opioids are a gateway to the heroin and to the fentanyl and to this opiate epidemic."); Ex. B, Kim Fraser Tr. at 82:13-14; (prescription opioids "bec[a]me a gateway to other substances impacting our community."); Ex. C, Tony Villanueva Tr. at 64:18-19 ("The gateway is prescription pills."). In Track 1, the Court held that for "lay testimony" about the "gateway effect" to be admissible "Plaintiffs must show the proposed testimony is 'factual' and otherwise

admissible, *i.e.* it has foundation, is relevant, and is not inadmissible hearsay." Dkt. 3058 at 30 n.59. Plaintiffs cannot make this showing.

*First*, Ms. Caraway, Ms. Fraser, and Captain Villanueva's testimony about the "gateway effect" is not based on their personal knowledge but is based, instead, on inadmissible hearsay. When deposed, all three cited conversations with others as the basis for their gateway opinions.

- Ms. Caraway testified:

  o "I take a lot of phone calls from people **who tell** me that [prescription opioid abuse leads to illicit opioid abuse] and "[w]hat they were calling about was their opiate use, and what they consistently **told me** was they started out on prescription opioids." Ex. A, April Caraway Tr. at 90:23-91:9-11.

  o "[W]e've **heard stories** from young people where **they said** they first tried [prescription opioids] taking it out of their mom's purse or their grandma's medicine cabinet or something like that, that it was somebody else's prescription opioid that they took." *Id.* at 87:10-14.

- Ms. Fraser testified:

  o "[**W]e have heard** this from the sheriff's office, **we've heard** this from Job and Family Services, **we've heard** this from LCNA, **we've heard** this from our treatment providers, **we've heard** this more than anything from family members, that what happens is individuals have this addiction that's been created by the prescription opioids." Ex. B, Kim Fraser Tr. at 184:23-185:4.

  o "We know it [gateway effect] because **we talk** to the people who are living with these addictions. **We talk** to the people who are treating individuals. **We talk** to the people who are incarcerating these individuals. **We talk** to the families who have lost loved ones. **We talk** to the foster parents of the children who have been removed from custody because of this." *Id.* at 192:21-193:3.

  o "[T]hrough the ADAMHS Board, through our provider network, through our Lake County Drug Court, through our children services, through virtually all the members of our Lake County Opiate Task Force, time and time and time again, **what we hear** is individuals who began with a prescription opioid . . . They became addicted, and that becomes the gateway to what is just the devastation in their lives." *Id.* at 263:3-12.

2

- Captain Villanueva testified:

    o His source of information about the gateway effect "is **coming from** victims, victims of addiction and also victims' families, parents, relatives of those who passed away from overdoses" and the "Trumbull County Mental Health & Recovery Board[.]" Ex. C, Tony Villanueva Tr. at 28:14-18; 29:3-7 (Nov. 30, 2020).

    o He has conducted "more than a dozen" **interviews** with "victims or family members in which they've described this [gateway] effect" and that he "can't think of a time" when he personally "investigate[d] more than **what they actually told me** about [why] they started off with prescription pills." *Id.* at 29:20-31:10.

Such "gateway" testimony is inadmissible even if none of the witnesses recount the content of specific conversations with others because the basis for those "gateway" opinions is what others told them and not any personal knowledge. The Federal Rules of Evidence make clear that a witness may testify only about matters for which "the witness has personal knowledge[.]" FED. R. EVID. 602. And the Advisory Notes explain that this also bars a witness "from testifying to the subject matter of [a] hearsay statement, as he has no personal knowledge of it." Advisory Notes, Fed. R. Evid. 602; *see also* McCormick On Evid. § 10 (8th ed.) ("[A] person who has no knowledge of a fact except what another has told her does not satisfy the requirement of knowledge from observation for that fact."). This includes lay opinion testimony, which must be based on personal knowledge. *See United States v. Kilpatrick*, 798 F.3d 365, 379 (6th Cir. 2015) ("lay opinion is admissible" only when the witness has "personal knowledge[.]); *Bard v. Brown Cty., Ohio.*, No. 15-CV-643, 2018 WL 11357533, at *3 (S.D. Ohio Dec. 31, 2018) (concluding witness without "firsthand knowledge . . . cannot offer opinion testimony as a lay witness."). Any "gateway" testimony of these witnesses that is recast as based on "experience," "observation," "understanding," or the like is still inadmissible because it is not based on personal knowledge but on what others have told them.

3

*Second,* to the extent plaintiffs seek to call the witnesses as experts, they were not disclosed as such, they have provided no reports, and they have sat for no expert depositions. Accordingly, expert opinions may not be elicited from them. To the extent plaintiffs seek to elicit "lay" opinions from them under Rule 701, the rule, as noted above, only permits lay opinions based on personal knowledge and prohibits opinions based on hearsay. *See Kilpatrick*, 798 F.3d at 379; *Bard*, 2018 WL 11357533, at *3. Separate and apart from this basis for exclusion, Rule 701 does not permit lay opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. This rule "is designed to prevent a party from conflating expert and lay opinion testimony, thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pretrial disclosure requirements set forth in . . . [Rule 26]." *Kilpatrick,* 798 F.3d at 381.[1] Courts therefore exclude lay witness testimony on issues related to, for instance, medical conditions. *See, e.g.*, *Parillo v. Lowe's Home Centers, LLC*, No. 3:14-CV-369, 2017 WL 4124585, at *1 (S.D. Ohio Sept. 18, 2017) ("[L]ay witness opinions regarding the cause of complex medical conditions are…prohibited under Rule 701.").

For these reasons, Defendants hereby move to exclude testimony from Ms. Caraway, Ms. Fraser, and Captain Villanueva about the "gateway" theory. To the extent any of Plaintiffs' other fact witnesses offer similar testimony, Defendants also seek to exclude it.

---

[1] Plaintiffs have already called Dr. Anna Lembke, an expert witness, to opine on the "gateway" effect, *see* Dkt. 4000 at 194, and they intend to call Dr. Katherine Keyes, another expert witness, who opines on this topic.

October 18, 2021 — Respectfully submitted,

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*


/s/ John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
Email: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com
sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.; Walgreen Co., and Walgreen Eastern Co., Inc.*

*/s/ Diane Sullivan*
Diane Sullivan
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street
Suite 201
Princeton, New Jersey 08540
E-mail: Diane.Sullivan@Weil.com
Telephone: (212) 310-8897

Chantale Fiebig
2001 M Street NW, Suite 600
Washington, DC 20036
E-mail: Chantale.Fiebig@Weil.com
Telephone: (202) 682-7200

Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*