UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**CVS'S MOTION TO EXCLUDE FURTHER EVIDENCE OF
THE *HOLIDAY CVS* DECISION AND CVS SETTLEMENTS WITH DEA**

CVS hereby moves to exclude any further testimony and exhibits related to (1) DEA's decision in the *Holiday CVS* matter and (2) CVS settlements with DEA. Over CVS's objections to its admission, such evidence has been repeated time and again throughout the trial. It already has been presented through several different witnesses—including CVS witness Tom Davis, Plaintiffs' expert witness Anna Lembke, DEA witness Joseph Rannazzisi, and, today, through extensive testimony from a former employee of *another* defendant. The risk of confusion and unfair prejudice to CVS from the ongoing repetition of this evidence—namely, that the jury will find against CVS based on settlements and conduct by CVS pharmacies in other places, in plain violation of Rules 403, 404(b)(1), and 408—is self-evident. The increasingly cumulative nature of the evidence is self-evident as well.

When settlement and related evidence is admitted, "the evidence . . . [must] be presented ***as briefly as possible***" in order to "protect against the risk of prejudice or confusion." *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 90 (D.D.C. 2013) (emphasis added).

Accordingly, in light of the repetition of this evidence that already has occurred, the obvious risk of confusion and prejudice that attaches to this evidence and that is magnified with

every additional mention of it, and the fact that more evidence has been introduced about two CVS pharmacies in Sanford, Florida, than evidence about any particular CVS pharmacy in Lake and Trumbull Counties, CVS respectfully requests that the Court exclude under Rules 403, 404(b)(1), and 408 any further testimony and exhibits regarding the *Holiday CVS* matter and CVS settlements with DEA.

We note that this evidence was admitted in the first place over CVS's objections under Rules 402, 403, 408 and 802. CVS reasserts here these objections to the testimony and exhibits that the Court already has admitted.[1]

Respectfully submitted,

Date:  October 18, 2021

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

---

[1] We further note for the record that CVS objected in advance to testimony on these subjects that was admitted through former Walmart employee Brad Nelson.  These objections were submitted to Special Master Cohen on October 6, 2021, through the deposition designation process, via an e-mail submission from Plaintiffs aggregating the objections by all parties.  CVS also submitted objections to Special Master Cohen, via handwritten notations to Mr. Nelson's deposition transcript, on October 13, 2021.  CVS was not late in asserting these objections and did not waive these objections, as suggested by the Court when CVS counsel repeated these objections when Mr. Nelson's testimony was played at trial on October 18, 2021.