**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>**Track Three Cases** | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**PLAINTIFFS' BENCH BRIEF REGARDING ADMISSIBILITY OF INVESTIGATIONS ABOUT WHICH CAPTAIN VILLANUEVA HAS PERSONAL KNOWLEDGE**

On Tuesday, October 19, Plaintiffs will call Captain Tony Villanueva to testify in this trial. Captain Villanueva is currently a captain with the Trumbull County Sheriff's Office, and a commander of the Trumbull Action Group (TAG) drug task force. Prior to becoming a captain, Captain Villanueva worked for some time as a detective assigned to the TAG drug task force. In that role, Captain Villanueva conducted a number of investigations related to the diversion of opioids in Trumbull County. Plaintiffs seek to question Captain Villanueva regarding some of these investigations and admit related investigative reports (P-04600 & P-04603)[1] into evidence.

**A. Captain Villanueva has personal knowledge regarding these investigations and they are relevant to the issues in this case.**

Plaintiffs want to question Captain Villanueva regarding two investigations he conducted while working as a detective on the TAG drug task force. First, in 2010, then-Detective Villanueva "began an investigation on Douglas Winland after viewing an OARRS report indicating that he was getting prescribed Oxycodone and Hydrocodone from several different Doctors." P-04600 at 022. According to that OARRS report, Mr. Winland had been prescribed 2,340 pills during a five-month period from September 2009 through January 2010 by thirteen different doctors. *Id*. Mr. Winland went to six different pharmacies in Trumbull County to get those prescriptions filled, including two Walgreens pharmacies, one CVS pharmacy, and Franklin Pharmacy. *Id*. at 023,

---

[1]  Plaintiffs will provide the Court with courtesy copies of P-04600 and P-04603 by e-mail.

026.[2]  The OARRS report further shows that Mr. Winland filled prescriptions for hundreds of opioids pills in July and August 2009 at various pharmacies, including Overholts Pharmacy, Franklin Pharmacy, two CVS pharmacies, and one Walgreens pharmacy.  *Id*. at 034.  Some of the opioids dispensed to Mr. Winland from one of the CVS pharmacies had been prescribed by Dr. Frank Veres.  *Id*.  As this Court knows, there has already been testimony offered in this trial that Dr. Veres was a well-known high-volume opioid prescriber in the community.  Dkt. #4026 (10/14/21 Trial Tr.) at 1996:9-10 ("Dr. Veres has been a problem in the Mahoning Valley for a long time"), 1997:8-10, 2000:24 – 2002:3, 2002:18-19, 2004:1-2 ("Every pharmacist in Trumbull and Mahoning County knows Dr. Veres, you got to be careful.").  Mr. Winland was eventually indicted for deception to obtain a dangerous drug, pled guilty, and was sentenced to jail time.  **Ex. A** (Winland Case Docket).

Additionally, in 2012, then-Detective Villanueva conducted an investigation of another individual ("Patient X") who had obtained thousands of prescription opioids over a fifteen-month period (from December 2011 through February 2013) from various pharmacies in Trumbull County, including Franklin Pharmacy, one CVS pharmacy, one Walgreens pharmacy, one Walmart pharmacy, and one Giant Eagle pharmacy.  P-04603 at 030-33, 049-51, 058-63, 076-78.  During this same time period, several pharmacies, including one Walgreens pharmacy and Franklin Pharmacy, were dispensing other cocktail drugs (benzos and muscle relaxers) to Patient X.  *Id.*

These investigations, which were conducted by then-Detective Villanueva and involve instances of pharmacy-shopping and doctor-shopping for opioids that were dispensed not only by Franklin Pharmacy and Overholts Pharmacy, but also by Defendants' pharmacies, are relevant to a number of issues in this case.  They are instances of diversion in Trumbull County, and relevant

---

[2]  During this same time period, Mr. Winland was filling prescriptions for other cocktail drugs (*e.g.*, benzos) at various pharmacies, including Giant Eagle, Walmart, Walgreens, CVS, Franklin Pharmacy, and Overholts Pharmacy.  *Id*. at 032-35.

to Defendants' arguments that Franklin and Overholts Pharmacies were the only pharmacies primarily responsible for flooding Trumbull County with prescription opioids.

Defendants have argued that Plaintiffs should not be able to question Captain Villanueva regarding these investigations because during his deposition he disclaimed any knowledge of specific wrongful acts by Defendants in Trumbull County concerning the dispensing of opioids. Dkt. #4041 (10/18/21 Trial Tr.) at 2689:1-6. But Captain Villanueva was not investigating the wrongful conduct of the pharmacies in these investigations. Rather, he was investigating the individuals filling the prescriptions. Thus, he does not know, and cannot opine, whether any Defendant violated the CSA when dispensing to these individuals. But he will not be offering that testimony. Instead, he will testify regarding the investigations he conducted, the diversion that occurred in Trumbull County, and the fact that the individuals he investigated filled some of their opioid prescriptions at Defendants' pharmacies.

### B. P-4600 and P-4603 are not inadmissible hearsay.

The Sixth Circuit has recognized that a law enforcement report qualifies as a public record and report under Federal Rule of Evidence 803(8). *Baker v. Elcona Homes Corp.,* 588 F.2d 551, 556 (6th Cir. 1978). *See also Dortch v. Fowler*, 588 F.3d 396, 403 (6th Cir. 2009). Rule 803(8) provides that "a record or statement of a public office" that sets out "a matter observed while under a legal duty to report" or "in a civil case . . . factual findings from a legally authorized investigation" is only excluded by the hearsay rule if the opponent shows that "the source of information or other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803(8). The guarantee of accuracy of public records admissible under Rule 803(8) depends on "the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." FED. R. EVID. 803, advisory committee note to Paragraph (8). "In light of this presumption, the party opposing the admission of the report must prove that the report is not trustworthy." *Nowell v. City of Cincinnati*, No. 1:03CV859, 2006 WL 2619846, *4 (S.D. Ohio Sept. 12, 2006). *See also Hickson Corp. v. Norfolk S. Ry. Co.*, Nos. 03-5801, 03-5910, 03-5911, 124 Fed. Appx. 336, 344 (6th Cir. Feb. 16, 2005) (unreported).

Moreover, Rule 803(8) allows for the admission of reports containing opinions and conclusions, as well as facts. *See Alexander v. CareSource*, 576 F.3d 551, 561-62 (6th Cir. 2009) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988)). Further, "lack of personal knowledge is not a proper basis for exclusion of a report otherwise admissible under Rule 803(8)." *Id.* at 562-63. *See also Combs v. Wilkinson*, 315 F.3d 548, 555-56 (6th Cir. 2002); *Jones v. Sandusky Cnty., Ohio*, 652 F. App'x 348, 356 (6th Cir. 2016) (unreported); *Hickson*, 124 F. App'x at 345 (noting government officials may rely on colleagues or subordinates who have the requisite knowledge to prepare official report).[3] "Investigative reports 'embody the results of investigation and accordingly are often not the product of the declarant's firsthand knowledge.'" *Combs*, 315 F.3d at 555 (quoting 2 McCormick on Evidence § 296 (5th ed. 1999)). Here, Captain Villanueva's investigative reports are properly admissible under Rule 803(8) because they contain factual findings from a legally authorized investigation. *See Jones*, 652 F. App'x at 356 (concluding lower court's exclusion of detective's investigative report on hearsay grounds was error). Captain Villanueva also has personal knowledge of the events contained in his investigative reports.

The OARRS reports contained within P-04600 and P-04603 are also admissible under Rule 803(8). They are reports compiled by the Ohio State Board of Pharmacy, a public office, that set out matters observed while under a legal duty to report. *See* OHIO REV. CODE ANN. § 4729.75 ("In establishing and maintaining the database, the board shall electronically collect information pursuant to sections 4729.77, 4729.771, 4729.772, 4729.78, and 4729.79 of the Revised Code and

---

[3] The Sixth Circuit's holdings in *Alexander* and *Combs* that the person who prepares the report need not have firsthand knowledge of the events for the report to be admitted under Rule 803(8) signifies a departure from the Sixth Circuit's earlier position, articulated in *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994), that "'factual findings' in a report qualifying for a Rule 803(8)(C) exception to the hearsay rule must . . . be based upon the knowledge or observations of the preparer of the report." Accordingly, numerous courts in this Circuit have recognized that *Miller* is not controlling on the issue of firsthand knowledge under Rule 803(8). *See, e.g.*, *Malee v. Anthony & Frank Ditomaso, Inc.*, No. 1:16CV490, 2018 WL 2938970, *3 (N.D. Ohio May 2, 2018) ("As the Sixth Circuit has held, the personal-knowledge requirement does not apply to reports admissible under the public-records exception found in Fed. R. Evid. 803(8)."); *Pfeifer v. Hiland*, No. 5:15-CV-7-TBR, 2019 WL 1767567, *3 (W.D. Ky. Apr. 22, 2019); *Nowell*, 2006 WL 2619846, at *4 n.2; *Moore v. Bannon*, No. 10-12801, 2012 WL 2154274, *9 (E.D. Mich. June 13, 2012).

shall disseminate information as authorized or required by sections 4729.80 and 4729.81 of the Revised Code."); *State v. Toudle*, 2013-Ohio-1548, ¶ 20, 2013 WL 1697600, at *4 (Ohio Ct. App. April 18, 2013) (finding OARRS report admissible under public records exception to hearsay in Ohio Evid. R. 803(8); "Here, as authorized by law, the state pharmacy board maintains a drug database to monitor misuse and diversion of controlled substances. R.C. 4729.75. It compiles the database from information submitted by Ohio pharmacies, which are required by law to submit to the board information regarding the prescriptions they have filled for inclusion in the database. R.C. 4729.77. Accordingly, we find that an OARRS report is an official record of the state pharmacy board and is admissible under Evid. R. 803(8).").

Finally, both the investigative reports and OARRS reports are admissible for reasons other than to prove the truth of the matter asserted. "An out-of-court statement offered to prove something other than the truth of the matter asserted falls outside the definition of hearsay and is admissible." *United States v. Boyd*, 640 F.3d 657, 663–64 (6th Cir. 2011). The Sixth Circuit has held that extrajudicial statements admitted not for the truth of their contents, but rather to establish background information as an explanation for the government's investigation can be admissible under Rule 801(c).[4] Further, the OARRS reports are admissible to show Defendants' notice or knowledge, or lack thereof. *See Mich. First Credit Union v. CUMIS Ins. Soc., Inc.*, 641 F.3d 240, 251 (6th Cir. 2011) (noting statements offered to prove knowledge or lack of knowledge are not hearsay). In particular, the OARRS reports are relevant to show what information Defendants

---

4    *See, e.g., United States v. Deitz*, 577 F.3d 672, 683–84 (6th Cir. 2009) (holding officer's testimony admissible for background purposes of "explaining how certain events came to pass or why the officers took the actions they did"); *United States v. Davis*, 577 F.3d 660, 666–68 (6th Cir. 2009) ("[T]he woman's statement could be admitted because it was being offered not to prove the truth of the matter asserted, but to aid in understanding the officer's subsequent actions.") (citing *United States v. Martin*, 897 F.2d, 1368, 1371 (6th Cir. 1990)) ("In some circumstances, out-of-court statements offered for the limited purpose of explaining why a government investigation was undertaken had been determined not to be hearsay."). *See also Patterson v. Miller*, 451 F. Supp. 3d 1125, 1141 (D. Ariz. 2020), aff'd, No. 20-15860, 2021 WL 3743863 (9th Cir. Aug. 24, 2021) (permitting admission of CPS report in civil case to show why CPS conducted investigation and the course of investigation).

5

would have gleaned had their pharmacists run OARRS reports before dispensing to Mr. Winland and Patient X.[5]

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court permit them to question Captain Villanueva regarding the above-referenced investigations and admit P-04600 and P-04603, or at least portions thereof, into evidence.

Dated: October 19, 2021

        Respectfully submitted,

        */s/ Jayne Conroy*
        Jayne Conroy
        SIMMONS HANLY CONROY
        112 Madison Avenue, 7th Floor
        New York, NY 10016
        (212) 784-6400
        (212) 213-5949 (fax)
        jconroy@simmonsfirm.com

        */s/ Joseph F. Rice*
        Joseph F. Rice
        MOTLEY RICE LLC
        28 Bridgeside Blvd.
        Mt. Pleasant, SC  29464
        (843) 216-9000
        (843) 216-9290 (Fax)
        jrice@motleyrice.com

---

[5] Mr. Delinsky represented to this Court that "in 2009 when this occurred, OARRS wasn't even available to pharmacists.  It was only available to law enforcement." Dkt. #4041 (10/18/21 Trial Tr.) at 2690:17-19.  Not so.  OARRS has been available to pharmacists as a tool to use to detect and prevent controlled substance misuse and diversion since October 2006. Dkt. #3852-3 (5/19/21 Catizone Supp. Rep.) at pp. 16-18, 20.

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

>Hunter J. Shkolnik
>NAPOLI SHKOLNIK
>270 Munoz Rivera Avenue, Suite 201
>Hato Rey, Puerto Rico 00918
>(787) 493-5088, Ext. 2007
>hunter@napolilaw.com
>
>*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger