# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## MOTION TO PRECLUDE TESTIMONY FROM NICOLE MCCALLION

On September 10, 2021, pursuant to the Court's Second Revised Case Management Order (Dkt. 3735) and Track Three Civil Jury Trial Order (Dkt. 3758), Defendants objected to Nicole McCallion appearing on Plaintiffs' witness list (Dkt. 3941 at 9). The morning of opening statements, Defendants renewed this objection. (Dkt. 3992 at 12-13). Ms. McCallion is a Lake County foster parent, and Plaintiffs now intend to call her on Friday. Defendants therefore request that the Court resolve Defendants' objections to this witness.

Defendants anticipate that Ms. McCallion will testify about how she has cared for children whose parents used heroin, but that she has no knowledge that any child she cared for had parents who abused prescription opioids, much less that they graduated from prescription opioids to heroin. She also has no knowledge of any harm suffered by any foster child that is related to any Defendant's actions. The Court should preclude Plaintiffs from calling Ms. McCallion to testify because her testimony is: (1) not relevant to any issues in the case and; (2) unfairly prejudicial insofar as it would unfairly arouse sympathy and emotion.

Ms. McCallion's deposition confirmed that her testimony is not relevant to this case. She testified:

1

- She has never "cared for a child whose parents had abused prescription opioids[.]" Ex. A., Nicole McCallion Tr. at 98:7-10

- She has never "cared for a child whose parent had taken prescription opioids while pregnant[.]" *Id.* at 98:11-14.

- She is not "aware of any child being placed with a foster family in Lake County because a parent abused prescription opioids[.]" *Id.* at 99:5-9.

- She has never "heard of an increased need for foster families due to prescription opioid abuse[.]" *Id.* at 154:21-24.

- She has attended no "trainings where prescription opioids were discussed[.]" *Id.* at 103:22-25.

- She is not aware of any "children in foster care in Lake County who are impacted by prescription opioid abuse[.]" *Id.* at 127:12-16.

- She is not aware of any "harm suffered by any child in foster care in Lake County [that can be traced] to the filling of an opioid prescription by a pharmacy defendant in this case[.]" *Id.* at 161:4-8.

- She is not aware of "any harm caused by a Defendant in this case in Lake County related to opioids[.]" *Id.* at 162:7-10.

The Court previously held that the admissibility of anecdotal personal stories relating to opioid use and related harms "depends on the individual circumstances surrounding each witness's testimony" and it "will address Defendants' objections when a party seeks to introduce specific testimony at trial." Dkt. 3058 at 43. Here, Ms. McCallion's potential testimony is not relevant because she has no knowledge of any child in Lake County foster care being impacted by prescription opioid abuse and cannot connect any harm suffered by any child in Lake County foster care to any of the Defendants. In addition, her testimony would serve only to arouse the jurors' sympathies, with no proof tying any child's experiences to prescription opioids let alone any particular Defendant's conduct. To the extent there is any probative value at all to this testimony (there is none), it is at best marginal, and any such marginal value is "substantially outweighed" by its potential for "unfair prejudice." Fed. R. Evid. 403. Although Plaintiffs are likely counting

2

on purely emotional reactions motivating the jury to find in their favor, that is patently improper and unfairly prejudicial to defendants. For these reasons, Defendants hereby move to exclude Ms. McCallion from testifying at trial.

October 19, 2021

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ *John M. Majoras*
John M. Majoras
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
Email: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com
sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.; Walgreen Co., and Walgreen Eastern Co., Inc.*

/s/ Diane Sullivan
Diane Sullivan
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street
Suite 201
Princeton, New Jersey 08540
E-mail: Diane.Sullivan@Weil.com
Telephone: (212) 310-8897

Chantale Fiebig
2001 M Street NW, Suite 600
Washington, DC 20036
E-mail: Chantale.Fiebig@Weil.com
Telephone: (202) 682-7200

Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for Giant Eagle, Inc., and HBC Service Company*