UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION *This document relates to:* Track Three Cases | MDL 2804 Case No. 17-md-2804 Hon. Dan Aaron Polster |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE TESTIMONY FROM PLAINTIFFS' FACT WITNESSES ABOUT PRESCRIPTION OPIOIDS BEING A "GATEWAY" TO OTHER DRUG USE

Defendants have moved to preclude the testimony of Plaintiffs' witnesses April Caraway, Executive Director of the Trumbull County Mental Health and Recovery Board, and Kim Fraser, Executive Director of the Lake County Alcohol, Drug Addiction and Mental Health Services ("ADAMHS") Board, from testifying about a connection, or "gateway," between prescription opioids and other drug use.[1] Specifically, Defendants contend that: (i) Plaintiffs' witnesses lack personal knowledge because their opinions are based on hearsay; and (ii) their testimony is improper expert opinion. Both arguments should be rejected.

### A. The testimony of Ms. Caraway and Ms. Fraser is properly based on their particularized knowledge and experience acquired through their employment.

Defendants first argue that the testimony of Plaintiffs' witnesses about the gateway connection is based on inadmissible hearsay and thus lacks foundation. As support, Defendants cite portions of the witnesses' deposition testimony in which they describe their discussions with individuals and agencies in the community. Motion at 2-3. As shown below, the testimony of Ms. Caraway and Ms. Fraser is properly based on their knowledge and experience gleaned through

---

[1] Defendants also sought to preclude Captain Tony Villanueva from offering such testimony. Captain Villanueva has already testified at this point, so the motion as to him is moot.

their employment. As such, there is sufficient foundation for their testimony, and Defendants' objections are better suited for trial.

A lay witness may offer an opinion if it is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Numerous courts, including in the Sixth Circuit, have held that perceptions based on industry experience are a sufficient foundation for lay opinion testimony under Rule 701. *See, e.g.*, *United States v. Kerley*, 784 F.3d 327, 338 (6th Cir. 2015).[2] Ohio state courts have similarly permitted lay witness testimony based on personal knowledge gained by virtue of the witness' employment.[3] Further, "[t]he personal knowledge requirement in Rule 701 is not a requirement that a witness be personally present or involved in every interaction that he or she is testifying to." *Joshua David Mellberg LLC v. Will*, 386 F. Supp. 3d 1098, 1102 (D. Ariz. 2019). "Personal knowledge is also not knowledge that a witness possesses only if it is a party to an event." *Id.*[4]

---

[2] *See also States v. Valencia*, 600 F.3d 389 (5th Cir. 2010); *U.S. Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 690 (8th Cir. 2009); *United States v. Rigas*, 490 F.3d 208, 222-24 (2d Cir. 2007); *Authentic Apparel Grp., LLC v. United States*, 134 Fed. Cl. 78, 83 (2017) ("Courts have admitted opinion testimony from lay witnesses even when based on the witnesses' experience or knowledge obtained in their profession, rather than on their own observations and personal perceptions respecting the incident in question . . . .") (internal quotation marks omitted).

[3] *See, e.g.*, *Hetzer-Young v. Elano Corp*., 2016-Ohio-3356, ¶ 59, 66 N.E.3d 234, 249 (permitting lay witness testimony from flight instructor about airplane engine "based on the knowledge and experience [the witness] had accumulated over many years around airplanes"); *State v. Jones*, 2015-Ohio-4116, 43 N.E.3d 833, ¶ 107 (2d Dist.) (police detective could testify about typical behavior of children in child abuse cases based on his training and experience in such cases).

[4] *See also States v. Gadson*, 763 F.3d 1189, 1209 (9th Cir. 2014) (concluding district court's decision to permit witness to testify based upon his knowledge of the case, including information contributed by others "rather than merely his personal observations" was not erroneous); *HM Compounding Servs., LLC v. Express Scripts, Inc*., 349 F. Supp. 3d 781, 792 (E.D. Mo. 2018) ("Personal knowledge acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience, is a sufficient foundation for such testimony.").

Here, Ms. Caraway has worked on the opioid crisis as a board member for nearly 18 years. **Ex. A** (Caraway (Trumbull County 30(b)(6)) Tr.) at 37:10-12. Her duties as Executive Director include providing a system of care to treat and reduce addiction issues through prevention efforts, and working with agencies to provide specific programs to effectuate care and prevention. **Ex. B** (Caraway Tr.) at 40:2-41:2. She is "very involved in community meetings, state meetings, regional meetings, addressing the opiate crisis that is across Ohio." *Id.* Ms. Caraway also serves as a board member on the Trumbull County Opiate Death Review Committee, for which her duties include reviewing and compiling opioid-related data and publicizing press releases and education campaigns. *Id.* at 62:18-63:9. She also serves as the liaison to government agencies and recovery centers to ensure proper client care and share data concerning overdoses. *Id.* at 57:1-2, 60:1-25.

Ms. Caraway testified in her deposition:

> *So in my professional experience*, when opiate pain meds are prescribed, it is a gateway to long-term addiction and death just, again, *what I've seen* 80 percent of the time.

*Id.* at 72:1-4 (emphasis added). It is clear that Ms. Caraway's testimony concerning whether prescription opioids are a "gateway" to other drug use is based on her particularized knowledge and perceptions acquired through her extensive experience on the Board. Such perceptions based on industry experience squarely satisfy Rule 701's personal knowledge requirement. *See Kerley*, 784 F.3d at 337-38; *Valencia*, 600 F.3d at 416.

Likewise, Ms. Fraser's knowledge about the gateway connection is derived from her duties and experience as Executive Director of Lake County ADAMHS Board. Ms. Fraser has worked in Lake County for over 25 years, has served on the ADAMHS Board since 1999, and has been "intimately involved in the response to the prescription opioid epidemic for over a decade." **Ex. C** (Fraser (Lake County 30(b)(6)) Tr.) at 34:8-11. As Executive Director, Ms. Fraser is

3

responsible for overseeing the substance use disorder services that are provided throughout the County and evaluating what the needs are for the community. *Id.* at 21:2-3, 19:23-20:3. She also works with local individuals in need of services to identify new needs within the community. *Id.* at 21:4-18. Her duties also include overseeing contracted partners that provide addiction services throughout the County, as well as working with county, state, and federal partners to address the County's needs. *Id.* at 23:3-9.

Ms. Fraser's opinions concerning the gateway connection are derived from her knowledge and expertise gleaned from 10 years of work focusing on the opioid epidemic. *See id.* at 48:13-15. She testified that the ADAMHS Board constantly gathers information and reviews data of opioid abuse among Lake County residents. *Id.* at 57:20-58:2. Based on her professional experience and review of data, Ms. Fraser knows that many individuals' addiction can be traced back to prescription opioids. *Id.* at 58:7-11, 62:3-9. As such, her opinions are proper under Rule 701. *See Kerely*, at 448 (permitting lay witness testimony despite lack of personal involvement in underwriting loans at issue because witnesses applied experience and knowledge gained through employment to their review of the loan documents).

In short, Ms. Caraway's and Ms. Fraser's director positions necessitate an understanding of the opioid epidemic's impact on their local communities. It is precisely within their duties to remain apprised of local trends, data, and information provided both by agencies and individuals seeking treatment. It follows then that their testimony concerning the gateway connection is based on their personal perceptions and is proper under Rule 701. *See Fecho v. Eli Lilly & Co.*, 914 F. Supp. 2d 130, 142 (D. Mass. 2012) (holding surgeon possessed requisite knowledge under Rule 701 to opine about standard medical practice in the Hazleton area because he practiced medicine there for decades and was intimately familiar with the community of doctors).

4

**B.  Plaintiffs' witnesses' testimony is not improper expert opinion under Rule 702.**

Defendants' second argument that the testimony of Ms. Caraway and Ms. Fraser is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702" also fails. FED. R. EVID. 701.

It is well established that witness testimony that is based on particularized knowledge gained through employment is not "specialized knowledge" within the purview of Rule 702. *See Kerley*, 784 F.3d at 339-40; *Appalachian Reg'l Healthcare, Inc. v. U.S. Nursing Corp*., 824 F. App'x 360, 370 (6th Cir. 2020) ("Testimony based on particularized knowledge gained through personal experience, especially by virtue of one's position in a business, . . . is treated as lay opinion.").[5] Further, a witness' executive position in a company permits "a broader range of testimony than a traditional lay witness would possess when testifying to matters concerning [the witness's] business." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co*., 597 F.3d 729, 737 (5th Cir. 2010). "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." 2000 Advisory Comm. Notes, FED. R. EVID. 701.[6]

---

[5]  *See also Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143 (5th Cir. 2017) (holding lower court did not abuse its discretion by allowing company president to testify as lay witness regarding training expenses since it was a routine matter within witness' personal knowledge as company president); *United States v. Munoz-Franco*, 487 F.3d 25 (1st Cir. 2007) (holding bank officers did not testify beyond scope of personal knowledge by expressing lay opinion based on knowledge of business operations and practices acquired during employment).

[6]  *See generally Lativafter Liquidating Tr. v. Clear Channel Commc'ns, Inc*., 345 F. App'x 46, 51 (6th Cir. 2009) (finding district court did not abuse discretion by permitting an investor who researched a company's financial condition and later served as a member of the company's board to provide lay testimony about the company's projected value because he "had personal, particularized knowledge" of the company's value); *Texas A&M Research Found. v. Magna Transp., Inc*., 338 F.3d 394, 403 (5th Cir. 2003) ("Indeed, an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert.").

As explained above, Ms. Caraway and Ms. Fraser's testimony is based on their numerous years of experience and their personal knowledge and perceptions gained by virtue of their positions as Executive Directors. Further, their gateway testimony is limited to their personal knowledge of the affected communities they encounter. *See, e.g.,* **Ex. B** (Carraway Tr.) at 72:4-6 (stating prevalence of prescription opioids as gateway to other drugs is "what I've seen 80 percent of the time. I can't speak for the general population because I'm entrenched in the work that I do."); **Ex. D** (Fraser Tr.) at 82:12-14 (stating "the biggest impact that we were seeing on our community was this – the prescription opioid crisis and how it had become a gateway to other substances impacting our community"). As such, it is not the kind of specialized reasoning subject to Rule 702. *See Appalachian Reg'l*, 824 F. App'x at 370 (testimony of Chief Nursing Officer was proper under Rule 701 because it was based on witness' review of the applicable medical records and her knowledge and position as lead nursing official); *Kerley*, 784 F.3d at 336-37.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Defendants' motion to preclude the testimony of Ms. Caraway and Ms. Fraser concerning the gateway connection between prescription opioids and other illicit drug use.


Dated: October 19, 2021

<div style="margin-left:40%">

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

</div>

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088, Ext. 2007
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and
Trumbull County, Ohio*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger