# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### CVS'S AND WALGREENS' OBJECTION TO CERTAIN RULINGS ON DEPOSITION DESIGNATIONS AND EXHIBITS BY THE SPECIAL MASTER

CVS and Walgreens hereby seek review of just one portion of the Special Master's decision overruling CVS's and Walgreens' objections to testimony plaintiffs have designated from the deposition of Demetra Ashley, who formerly served as the Acting Assistant Administrator of the DEA's Office of Diversion Control, regarding (a) settlement agreements, (b) press releases about those settlement agreements, and (c) the *Holiday* decision.[1] These exhibits should be excluded under Rules 402, 403, 408, and 802, and testimony about them should be excluded as well.[2] *See* ECF No. 4044.

Special Master Cohen issued his ruling on these matters on October 7, 2021.[3] But, yesterday, in response to CVS's Motion to Exclude Further Evidence of the *Holiday* Decision and CVS Settlements with DEA, the Court ruled: "At this point, it's only relevant if the plaintiffs . . . are seeking to elicit testimony from a witness *either from CVS or from another company* that knew

---

[1] Consistent with this Court's directions, CVS and Walgreens only raise limited issues with Special Master Cohen's rulings on its objections, but they preserve all of their objections.

[2] This Court and Special Master Cohen have already excluded any information in the testimony and exhibits regarding the amount or size of settlements. Tr. 1707:15-21; Dkt. 3546 at 29-32.

[3] Plaintiffs decided not to play Ms. Ashley's designations in their case a few days later; therefore, CVS and Walgreens did not appeal at that time.

about it and either did or didn't take action as a result." Tr. 2982:12-16 (emphasis added). During the same discussion, the Court also excluded press releases about actions taken by the DEA against two CVS pharmacies in Florida. Tr. 2974:12-2976:16, 2980:17-2981:13.

Based on those rulings, last night, CVS and Walgreens requested that Plaintiffs withdraw their designation of Demetra Ashley's deposition testimony about their DEA settlements and press releases about those settlements. CVS and Walgreens also requested, consistent with the Court's rulings yesterday, that Plaintiffs not to seek to introduce the press releases into evidence. Plaintiffs refused, necessitating this filing.

Ms. Ashley is not an employee of either CVS or Walgreens, and her testimony does not address what either company did or did not do in response to the settlements or the *Holiday* decision. For example, Ms. Ashley's testimony on the settlements and press releases consists of Plaintiffs' counsel reading portions of the documents to Ms. Ashley and asking her to confirm that he read them correctly. *See* Ex. A.[4] As CVS pointed out in the motion it filed at ECF No. 4044, the Court already has permitted, over CVS's objections, testimony from numerous witnesses about these settlements and the *Holiday* decision. No further testimony is necessary, and such cumulative testimony only serves to further prejudice CVS and Walgreens. *Id.* Therefore, CVS and Walgreens request that this Court enforce its ruling from yesterday, sustain this objection, and exclude any testimony and exhibits about CVS's and Walgreens' DEA settlements, and the *Holiday* decisions, from Ms. Ashley's deposition designations.[5]

---

[4] Exhibit A is the testimony excerpt that that has been designated about the CVS settlements and press releases about them, and the testimony excerpt that has been designated about the Walgreens settlement and press release about it. Exhibit B is the testimony excerpt that has been designated about the Holiday decision.

[5] While the Court should not allow hearsay press releases to be admitted into evidence at all, at the very least, they should be redacted to exclude statements that were not even used to question Ms. Ashley.

| | |
|---|---|
| Dated: October 20, 2021 | Respectfully submitted, |

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zuckerman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, LLC, CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com
sten.jernudd@bartlitbeck.com


Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140

3

alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.; Walgreen Co., and Walgreen Eastern Co., Inc.*