# SETTLEMENT AGREEMENT

## I. PARTIES

This Settlement Agreement ("Agreement") is entered into by and between the **United States of America** ("the United States"), acting through the United States Department of Justice, and on behalf of the Drug Enforcement Administration of the United States Department of Justice ("DEA"), and **Wal-Mart Stores, Inc.** (collectively referred to as "the Parties").

## II. PREAMBLE

As a preamble to this Agreement, the Parties agree as follows:

A. Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation that maintains its corporate offices in Bentonville, Arkansas. Wal-Mart operates more than 3000 pharmacies in retail stores and supercenters throughout the United States.

B. Each Wal-Mart pharmacy is registered with the Attorney General of the United States under the provisions of the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 801 et seq., popularly known as the Controlled Substance Act ("CSA") and is assigned a DEA registration number. Wal-Mart Store #2292, 1275 North Azusa Avenue, Covina, CA 91722, is a retail store operated by Wal-Mart that runs a pharmacy as part of its operations. The Wal-Mart Store #2292 pharmacy is assigned DEA Registration No. BW5604447.

C. In July and August 2006, DEA conducted an investigation into certain prescriptions filled at Wal-Mart Store #2292 under DEA registration number AM7602394, the DEA registration number assigned to retired physician David B. Murray, M.D.

D. As a result of its investigation, DEA has contended that Wal-Mart #2292 has violated the CSA, and the related provisions of the Code of Federal Regulations, by (1) filling 104 prescriptions for controlled substances written by Daniel J. Healy, M.D. under Dr. Murray's



HIGHLY CONFIDENTIAL

PLAINTIFFS TRIAL EXHIBIT
P-21113_00001

WMT_MDL_000043479
P-21113_00001

DEA number (21 U.S.C. § 827(a)(3); 21 CFR 1304.21(a)); (2) failing to include all required information on 39 prescriptions for controlled substances written by Dr. Healy (21 U.S.C. § 829; 21 CFR 1306.05, 1306.21, and 1306.24); and (3) filling the 104 prescriptions referenced above notwithstanding the absence of a legitimate medical purpose for those prescriptions (21 U.S.C. § 829 and 21 CFR 1306.04(a)). The conduct identified in this paragraph shall be referred to as "the Covered Conduct."

E. The United States contends that it has claims for civil penalties against Wal-Mart for the violations of the CSA identified in paragraph D above.

F. This Agreement is neither an admission of liability by Wal-Mart, nor is it a concession by the United States that its claims are not well-founded.

G. In order to avoid the delay, uncertainty, inconvenience and expense of protracted litigation of these claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions set forth below.

### III. TERMS AND CONDITIONS

THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

1. ███████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████.

2. Subject to the exceptions in Paragraph 4 below, in consideration of the obligations of Wal-Mart set forth in this Agreement, and conditioned upon Wal-Mart's payment in full of the Settlement Amount, the United States (on behalf of itself, its officers, agents,



HIGHLY CONFIDENTIAL

WMT_MDL_000043480
P-21113_00002

agencies and departments) agrees to release Wal-Mart from any civil or administrative monetary claim the United States has or may have under the CSA, 21 U.S.C. § 801, et seq., and the related provisions of the Code of Federal Regulations, for the Covered Conduct.

3. Subject to the exceptions in Paragraph 4 below, in consideration of the obligations of Wal-Mart set forth in this Agreement, and conditioned upon Wal-Mart's payment in full of the Settlement Amount, DEA agrees to release and refrain from instituting, directing, or maintaining any administrative claim or administrative action against Wal-Mart or seeking revocation of Wal-Mart's DEA registrations described in Paragraph B, based upon the Covered Conduct. However, notwithstanding the preceding sentence, in any civil, criminal or administrative proceedings against Wal-Mart as permitted in Paragraph 4, and as otherwise permitted by law, DEA may consider the Covered Conduct as a matter in aggravation in connection with any other CSA violations committed by Wal-Mart that take place after the Effective Date of the Agreement or which were not the subject of a pending investigation by the DEA and not included in the Covered Conduct as of the Effective Date of the Agreement.

4. Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement, including its releases, are the following:

A. Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

B. Any criminal liability;

C. <u>Except as explicitly stated in Paragraph 3 of this Agreement</u>, any administrative claims or liability, including claims for revocation of DEA authorization to possess or distribute controlled substances and/or listed chemicals;



HIGHLY CONFIDENTIAL

WMT_MDL_000043481
P-21113_00003

D. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and,

E. Any claims based upon such obligations as are created by this Agreement.

5. Wal-Mart fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Wal-Mart has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, or agents, related to the Covered Conduct or the United States' investigation or prosecution thereof.

6. Nothing in this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of any proceeding under Title 26 of the Internal Revenue Code.

7. This Agreement is intended to be for the benefit of the Parties only, and by this instrument the Parties do not release any claim against any other person or entity.

8. The United States and Wal-Mart will bear their own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement. Wal-Mart agrees that it will not, directly or indirectly, charge the Settlement Amount or its legal or other costs incurred in connection with this matter to any federal contract or any federal health insurance program.

9. Wal-Mart represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever, and that it has been advised with respect to this Agreement by counsel.

10. The Agreement is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between or among the Parties

HIGHLY CONFIDENTIAL

WMT_MDL_000043482
P-21113_00004

under this Agreement will be the United States District Court for the Central District of California, Western Division.

11. This Agreement constitutes the complete agreement between the Parties with respect to the subject matter hereof, and supersedes all prior discussions between the Parties. This Agreement may not be amended except by written consent of the Parties.

12. Each signatory to this Agreement who is signing this Agreement in a representative capacity warrants and represents that he or she is authorized by this or her principal to executed this Agreement.

13. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

14. This Agreement is effective on the date of signature of the last signatory to this Agreement ("Effective Date").

**THE UNITED STATES OF AMERICA**

DATED: ~~January~~ February 12, 2007        BY: _____
                                                SHANA T. MINTZ
                                                Assistant United States Attorney

**WAL-MART STORES, INC.**

DATED: January 31, 2007        BY: _____
                                   Print Name: RONALD J. CHOMIUC
                                   Its: VP PHARMACY OPERATIONS

Approved as to form and content:

DATED: ~~January~~ February 15, 2007        BY: _____
                                                 John F. Libby
                                                 Manatt, Phelps & Phillips, LLP
                                                 Counsel for Wal-Mart Stores, Inc.

Page 5 of 5