**2. Separation from Employment.** Associate will terminate his employment with Walmart on March 17, 2017 (the "Termination Date").

**3. Severance Payment.** Associate will receive a lump sum payment in the amount of $124,211.80 less lawful taxes and deductions. The Severance Payment will be provided to the Associate, as soon as practical after the Effective Date of this Agreement. Associate understands and agrees that he would not receive the Severance Payment specified in this Paragraph but for his execution of this Agreement and fulfillment of the promises contained herein.

{ 1 }

HIGHLY CONFIDENTIAL

PLAINTIFFS TRIAL EXHIBIT
P-08075_00001

WMT_MDL_001217518

P-08075 _ 00001

HIGHLY CONFIDENTIAL

WMT_MDL_001217519

P-08075 _ 00002

HIGHLY CONFIDENTIAL

WMT_MDL_001217520

P-08075 _ 00003

HIGHLY CONFIDENTIAL

WMT_MDL_001217521

P-08075 _ 00004

**11. Cooperation.** Associate may from time to time after the Termination Date be asked to testify or provide information to Walmart in connection with employment-related and other legal proceedings involving Walmart. Associate will provide reasonable assistance to, and will cooperate with, Walmart in connection with any government investigation, litigation, arbitration, judicial, non-judicial, or administrative proceedings that may exist or may arise regarding events about which Associate has knowledge. Walmart will compensate Associate for reasonable travel expenses and other expenses incidental to any such cooperation provided to Walmart, based on mutually agreeable terms and conditions to be negotiated by the Parties. Nothing in this agreement limits in any way Associate's right to give truthful testimony under oath in any proceeding. In addition, nothing in this Agreement requires Associate to cooperate in the defense of any case in which Associate is a claimant or class member that was pending against Walmart as of the Effective Date of this Agreement.

HIGHLY CONFIDENTIAL

HIGHLY CONFIDENTIAL

WMT_MDL_001217523

P-08075 _ 00006

HIGHLY CONFIDENTIAL

WMT_MDL_001217524

P-08075 _ 00007

**CONFIDENTIAL GENERAL RELEASE AND SEPARATION AGREEMENT**

EXHIBIT A

Date 3-7-2017

Ms. Becky Schmitt
SVP, Global People Division
702 SW 8th Street
Bentonville, AR 72712

Re: Agreement and General Release

Dear Ms. Schmitt:

On 3-6-2017 2017, I executed a confidential Release and Separation Agreement (the ("Agreement") between Walmart and me. I was advised by Walmart, in writing, to consult with an attorney of my choosing prior to executing the Agreement.

I acknowledge more than seven (7) calendar days have elapsed since I executed the Agreement. I have at no time revoked my acceptance or execution of the Agreement and hereby reaffirm my acceptance of the Agreement. Therefore, in accordance with the terms of the Agreement, I hereby request payment of the monies described in paragraph 3 of the Agreement.

Very truly yours,

*[signature]*
Brad W. Nelson

{ 9 }

## CONFIDENTIAL GENERAL RELEASE AND SEPARATION AGREEMENT

the Notice sent. Any party will have the right from time to time to change the address or individual's attention to which notices to it will be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder will be as follows:

Wal-Mart Stores, Inc.  
C/o Becky Schmitt  
SVP, Global People Division  
702 SW 8th Street  
Bentonville, AR 72712

Associate  
Brad W. Nelson  
PII

**21. Right to Engage in Protected Activity.** Nothing in this AGREEMENT including, but not limited to, the General Release of Claims, Future Employment, Confidentiality, Non-Disparagement, Conditions paragraphs, or any other paragraphs whether referencing this paragraph or not, prevents Associate from filing a charge or complaint with, from participating in an investigation or proceeding conducted by, providing information to, or otherwise assisting the EEOC, NLRB, Securities Exchange Commission, or any other federal, state or local agency charged with the enforcement of any laws ("Governmental Agencies"); or, from exercising rights under Section 7 of the NLRA to engage in joint activity with other employees; Associate also understands that this Agreement does not limit the Associate's ability to provide documents or other information, without notice to the Company, to any Government Agencies. Furthermore, Associate understands that by signing this AGREEMENT, Associate is waiving rights to individual relief (including front pay, back pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint or other proceeding brought by Associate or on his behalf by any third party; except for any right Associate may have to receive a payment from a government agency (but not the Company) for information provided to the government agency or otherwise prohibited.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE CONSIDERATION IN PARAGRAPH 3 ABOVE, ASSOCIATE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.**

**ACCEPTED AND AGREED:**

_____  
Brad W. Nelson

3-6-2017  
Date

**And**

WAL-MART STORES, INC.

By: _____  
Becky Schmitt  
SVP, Global People Division

_____  
Date

{ 8 }

FOR: YONI WARFIELD

From: BRAD NELSON

ext: 3.4427

HIGHLY CONFIDENTIAL

WMT_MDL_001217527

P-08075 _ 00010