**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** <br> *This document relates to:* <br><br> **Track Three Cases** | **MDL 2804** <br> **Case No. 17-md-2804** <br> **Hon. Dan Aaron Polster** |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE TESTIMONY FROM NICOLE MCCALLION

On Friday, October 22, Plaintiffs anticipate calling Nicole McCallion to testify at trial. Ms. McCallion is a resident of Lake County.  **Ex. A** (McCallion Tr.) at 23:11-12.  She has been a licensed foster parent since 2012.  *Id*. at 46:7-9, 51:10-12.  Since that time, she and her husband have fostered ten children, two of whom they eventually adopted.  *Id*. at 88:25 – 89:4. They were even named Lake County foster parents of the year in 2017.  *Id*. at 53:19-21.  Ms. McCallion has received extensive training related to fostering children, including training concerning "caring for children that had neonatal abstinence syndrome."  *Id*. at 36:17-19, 37:2 – 38:3, 90:16-19, 104:1-13, 111:6-21, 121:14-22.  She has also educated herself on these issues through her own personal research.  *Id*. at 122:18 – 123:8.  Ms. McCallion has personally fostered several children whose parents had abused heroin, including one infant who had been placed in foster care because she had neonatal abstinence syndrome as a result of exposure to heroin.  *Id*. at 66:22-25, 90:2-15, 91:14 – 92:2, 92:12 – 93:5, 93:9-23, 156:25 – 157:4.  She has seen firsthand the impact of the opioid crisis on the foster care system in Lake County.  *Id*. at 69:11-3, 74:4-7, 158:2-20, 161:18 – 162:6.

Ms. McCallion will testify, based on her own personal experience fostering children of parents who abuse heroin, how such substance abuse affects children in the foster care system (*supra*).  She will also testify to the training she received (*supra*), and the need for more robust

training on these issues for foster parents in Lake County. *Id*. at 120:16 – 121:13, 121:23 – 122:17, 123:15 – 127:11, 158:21-24, 160:12-23. This testimony is directly relevant to the harms suffered by Lake County as a result of the opioid epidemic.

Defendants claim her testimony is irrelevant and unfairly prejudicial because she has no personal knowledge that (i) "any child she cared for had parents who abused prescription opioids, much less that they graduated from prescription opioids to heroin," or (ii) "any harm suffered by any foster child that is related to any Defendant's actions." Mot., p. 1. They also claim her testimony will "unfairly arouse sympathy and emotion." *Id*. Defendants' arguments are without merit and should be rejected. Ms. McCallion will not be offering expert opinions on causation or the gateway effect. Plaintiffs have other witnesses who have and will provide such evidence to the jury. The Sixth Circuit has been clear that "a piece of evidence does not need to carry a party's evidentiary burden in order to be relevant; it simply has to advance the ball":

> "It is enough if the item could reasonably show that a fact is slightly more probable than it would appear without that evidence. Even after the probative force of the evidence is spent, the proposition for which it is offered still can seem quite improbable. Thus, the common objection that the inference for which the fact is offered 'does not necessarily follow' is untenable. It poses a standard of conclusiveness that very few single items of circumstantial evidence could ever meet. A brick is not a wall."

*Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (quoting Edward W. Cleary et al., McCormick on Evidence § 185, at 542–43). "The standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Id*. at 400.

Nor is the probative value of this evidence outweighed by the risk of unfair prejudice. To be excluded on prejudice grounds, the evidence cannot just be prejudicial; it must be *unfairly* prejudicial. *Robinson v. Runyon*, 149 F.3d 507, 514 (6th Cir. 1998). " 'Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis.' " *Id*. at 515 (citation omitted). Even when the evidence is "shaky," " 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional

and appropriate means of attacking' such evidence, not exclusion." *Id*. (citation omitted).  The opioid epidemic, to which Defendants substantially contributed, has had a devastating effect on Plaintiffs' communities, including on families, children, and infants.  It is entirely legitimate for Plaintiffs to provide, and for the jury to rely on, evidence demonstrating that impact.

## Conclusion

For the foregoing reasons, Plaintiffs request that the Court deny in its entirety Defendants' Motion to Preclude Testimony from Nicole McCallion.


Dated: October 20, 2021

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088, Ext. 2007
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger