UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**CVS'S OBJECTION TO CERTAIN RULINGS ON DEPOSITION DESIGNATIONS AND EXHIBITS BY THE SPECIAL MASTER**

CVS seeks review of just two rulings by the Special Master on testimony and exhibits that plaintiffs seek to introduce through the deposition of CVS employee Michelle Travassos. Mindful of the Court's admonitions, we have streamlined this submission and understand this to be the last CVS deposition to be played at trial.[1]

First, the Court has ruled that testimony about a document should not be elicited from a witness who lacks knowledge of the document, nor should the document be admitted through that witness.[2] Yet plaintiffs seek to introduce testimony about an e-mail concerning a prescriber that Ms. Travassos did not send or receive and that she was not familiar with.[3] Plaintiffs also seek to

---

[1] Consistent with the Court's direction, CVS seeks review of only certain of the Special Master's rulings on its objections, but CVS preserves all of its objections.

[2] *E.g.*, Trial Tr. 308:18–20 ("He can look at this document. If he has some recollection, he can testify. If not, we'll have to move on."), 1961:1–4 ("So he can ask one . . . or maybe two questions. If the witness doesn't have knowledge, I'm going to cut it off."), 435:15–17 ("[H]e is familiar with the format but doesn't recall the document so I don't think that should be offered."), 2977:8–10 ("[T]his shouldn't come in. If he knew nothing about it. All right. That's out.").

[3] Ex. A at 203:25–204:3 ("I haven't seen this before. I'm not familiar with it to know, other than what's here, what's said."), 210:10–13 (explaining that she was "not familiar with the prescriber" who was the subject of the e-mail).

introduce testimony about an interview of a prescriber that was conducted not by Ms. Travassos but by other CVS employees. Ms. Travassos was unable to answer questions about the interview because, when it was conducted, she was not part of the team that interviewed prescribers.[4] Plaintiffs also seek to introduce the e-mail and the interview notes themselves (Exhibits B and C, respectively) through Ms. Travassos. Plaintiffs contend that these documents were generated through a program that she administered. They are wrong. When these documents were generated in 2014–15, Ms. Travassos administered a different program.[5] She did not have personal knowledge of these documents.

Second, plaintiffs seek to admit testimony and exhibits about certain programs and systems that CVS explored but did not implement (or has not yet implemented). This evidence should be excluded under Rules 402 and 403. This is not a negligence case. The question is not what CVS "could have" done; it is whether CVS engaged in unlawful conduct. Evidence of what programs or systems CVS could have implemented is not relevant to whether CVS filled illegitimate prescriptions, any probative value it has (none) is substantially outweighed by the danger of unfair prejudice and jury confusion, and admission of the evidence would be contrary to public policy.

***

For the foregoing reasons, the Court should sustain this objection and exclude (1) Exhibits B and C, as well as Ms. Travassos's testimony about those documents, and (2) testimony and exhibits about programs and systems that CVS has not implemented. Copies of Exhibits A, B, and C will be e-mailed separately to Chambers.

---

[4] Ex. A at 212:15–17 ("I don't know. As not being part of the team, I don't know what the usual is."), 212:21–24 ("I can't say without, you know, being part of the team. . . ."), 213:16–17 ("That's what's written here, but I don't know what he's referring to.").

[5] Ms. Travassos briefly worked on CVS's prescriber suspension program, but her involvement ended longer before these documents were generated.

Dated: October 20, 2021 Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zuckerman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, LLC, CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*