**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>**Track Three Cases** | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

### PLAINTIFFS' OPPOSITION TO CVS'S OBJECTION TO CERTAIN RULINGS ON DEPOSITION DESIGNATIONS AND EXHIBITS BY THE SPECIAL MASTER

CVS claims that it is only seeking review of two rulings by Special Master Cohen related to the designations and exhibits from the deposition of CVS employee Michelle Travassos. In actuality, it seeks to overturn rulings on two specific areas of testimony, two exhibits, and then apparently all testimony or exhibits (none of which has been identified by CVS) relating to a particular subject matter. Each of CVS's arguments are without merit and its motion should be rejected.

In 2012, Ms. Travassos became a manager in CVS's pharmacy professional services department. Ex. 1 (Travassos Tr.) at 27:3-6, 27:18-22, 41:16 – 42:3. This small department was focused on "all aspects [of controlled substances] insofar as dispensing, ordering, prescribing and safer community aspects." *Id*. at 27:18-22, 29:2-8, 40:8 – 42:8; Ex. 2 (P-06048). Additionally, for some period of time Ms. Travassos worked on CVS's prescriber monitoring program. Ex. 1 (Travassos Tr.) at 85:2 – 86:15. While working in the pharmacy professional services department, Ms. Travassos was involved in implementing CVS's policy prohibiting its pharmacists from instituting blanket refusals to fill for problematic prescribers. *Id*. at 153:9 – 155:16, 193:8-15, 194:18 – 195:16, 197:14-21, 198:2 – 200:1. When questioned regarding this policy, she emphasized that CVS pharmacists simply had to escalate any concerns regarding a problematic prescriber to the prescriber monitoring team, where the CVS governance committee would decide whether to block the prescriber on a national basis. *Id*. at 193:8-15, 194:18 – 195:12.

She also insisted that if a CVS "pharmacist ha[d] knowledge that the prescriber is a pill mill, that would be something they couldn't resolve, so they would refuse to fill." *Id*. at 200:11-15.

In order to impeach this testimony, Plaintiffs' counsel questioned Ms. Travassos regarding a 2014 e-mail in which one CVS store in Lake County escalated its concerns regarding a problematic prescriber (Dr. Demangone) and the store was told that "CVS Corporate is currently investigating the practice[,]" but that, despite Dr. Demangone's office "exhibit[ing] many red flags of a 'pill mill[,]'" "[f]illing these scripts are completely up to you and your professional judgment." CVS Obj., Ex. B; *see also* Ex. 1 (Travassos Tr.) at 202:24 – 210:25.  Plaintiffs' counsel next presented Ms. Travassos with the notes from the prescriber monitoring team's interview of Dr. Demangone, which did not occur until over four months after the Lake County store had escalated its concerns regarding that prescriber.  CVS Obj., Ex. C; Ex. 1 (Travassos Tr.) at 211:4 – 214:4.  Despite numerous red flags regarding his practice, the prescriber monitoring team declined to institute a blanket refusal to fill. *Id*.

CVS argues that these two documents, and the testimony related to same, should not be offered at trial because Ms. Travassos lacks personal knowledge of these matters.  But as discussed above, Ms. Travassos was directly involved in the implementation of CVS's blanket refusal to fill policies through her position in the pharmacy professional services department.  She also worked for a time on CVS's prescriber monitoring program and was familiar with how its investigations were conducted.  Given her personal knowledge of, and involvement with, these policies and programs, it is appropriate to question her regarding the implementation of those policies and programs in Lake County.  Special Master Cohen properly overruled CVS's objections to this evidence.

CVS also argues that any "testimony and exhibits about certain programs and systems that CVS explored but did not implement (or has not implemented). . . .  should be excluded under Rules 402 and 403" because such evidence is not relevant to "whether CVS engaged in unlawful conduct."  CVS Obj., p. 2. Notably, CVS does not identify a single exhibit or line of testimony that should be precluded on this basis.  Its vague and broad objection should be rejected on this

basis alone. Moreover, its substantive argument is incorrect. Plaintiffs' public nuisance claims can be based on *either* intentional or unlawful conduct or omissions by CVS. Dkt. #2572 (CT1 Order on Ps' Nuisance MSJ) at pp. 2-3. Evidence of programs and systems related to diversion-prevention that CVS chose not to implement is directly relevant to whether its nuisance-causing conduct or omissions were intentional. There is no risk of unfair prejudice or jury confusion.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny in its entirety CVS's Objection to Certain Rulings on Deposition Designations and Exhibits by the Special Master.

Dated: October 21, 2021

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088, Ext. 2007
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on October 21, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                          */s/Peter H. Weinberger*
                                          Peter H. Weinberger