**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Trumbull v. CVS Health Corporation et al.*, Case No. 18-op-45079,<br><br>and<br><br>*The County of Lake v. CVS Health Corporation et al.*, Case No. 17-md-2804<br><br>"Track Three Cases" | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' COUNTERPROPOSAL FOR JURY INSTRUCTIONS ON**
**APPLICABLE CSA DUTIES**

Plaintiffs hereby submit for the Court's consideration our counterproposal to Defendants' proposed jury instructions on the legal requirements applicable to dispensers and distributors of controlled substances under the Controlled Substances Act ("CSA") and Ohio law. *See* Exhibit A, attached. Plaintiffs agree with Defendants that the jury must be instructed on the applicable legal requirements in order to determine whether the Defendants engaged in "unlawful" conduct. Plaintiffs, nevertheless, strongly disagree with Defendants' proposed instructions on this subject, which improperly focus on the duties of other parties, such as prescribers, under the law, while ignoring this Court's rulings regarding the Defendants' own legal responsibilities applicable to this case. For example, Defendants' proposed instruction entitled "Unlawful Conduct—Distribution" utterly ignores the legal duty, recognized by this Court, not to ship

suspicious orders unless investigation first shows them to be legitimate. *See* Opinion and Order Regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act, *In re: National Prescription Opiate Litig.*, 2019 WL 3917575, at *7 & 9 (N.D. Ohio Aug. 19, 2019). Similarly, Defendants' proposed instruction entitled "Unlawful Conduct—Dispensing" focuses heavily on the duties of prescribers, while providing little to no guidance on the legal obligations actually applicable to dispensers; in particular, Defendants' proposal ignores a pharmacy's duty to "maintain systems, policies, or procedures to identify prescriptions that bear indicia ('red flags') that the prescription is invalid, or that the prescribed drugs may be diverted for illegitimate use" and to "check for and conclusively resolve red flags of possible diversion prior to dispensing those substances." Dkt. 3403 at 21-22 & 24-25. Unlike Defendants' proposal, Plaintiffs' proposed instructions track this Court's prior rulings and accurately reflect the legal requirements applicable to the Defendants in this case.

Defendants' proposal also included an instruction on "Unlawful Conduct—Substantial Compliance." Plaintiffs do not believe such an instruction is appropriate, for two reasons. First, although the DEA is permitted under the regulations to maintain and not revoke the registration of a registrant despite violations of the CSA, so long as the registrant is deemed to have substantially complied with the law, 21 C.F.R. § 1301.71(b), that does not make the conduct lawful; it simply means that not all unlawful conduct must necessarily lead to the loss of DEA registration. Ohio nuisance law contains no such limitation; *any* unlawful conduct that gives rise to an unreasonable interference with the public health or safety can constitute a public nuisance. *See Cincinnati v. Beretta U.S.A.,*

768 N.E.2d 1136, 1142 (Ohio 2002) (under Restatement § 821(B), public nuisance is broadly defined as "an unreasonable interference with a right common to the general public" and "'unreasonable interference' includes . . . conduct that is contrary to a statute, ordinance, or regulation"). Moreover, the second paragraph of Defendants' proposed substantial compliance instruction unnecessarily repeats the definition of the elements of public nuisance set forth elsewhere in the Court's jury instructions. It has nothing to do with the requirements of the CSA.

Plaintiffs therefore urge the Court to adopt Plaintiffs' proposed jury instructions regarding unlawful conduct.

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Suite 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(347) 379-1688
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and
Trumbull County, Ohio*

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that on October 25, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger