**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases.* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>**Judge Dan Aaron Polster** |

## MOTION TO MODIFY AMENDED CASE MANAGEMENT ORDER NO. 2

McKinsey & Company, Inc., McKinsey & Company, Inc. United States, and McKinsey & Co., Inc. Washington D.C. (collectively, "McKinsey") respectfully move this Court to modify Amended Case Management Order No. 2: Protective Order (Dkt. 4028) to allow the parties in *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, MDL No. 2996, to access and use relevant discovery produced in this MDL on equal terms.

### INTRODUCTION

Many of the plaintiffs who sued opioid manufacturers and distributors in cases transferred to MDL 2804 have also sued McKinsey in cases transferred to MDL 2996. Not surprisingly, therefore, the MDL 2996 plaintiffs are eager to deploy discovery they received in MDL 2804 to prosecute their case. Indeed, the MDL 2996 plaintiffs wish to access and use such discovery immediately, before they have even filed master complaints.

Meanwhile, McKinsey is not a party to MDL 2804. McKinsey thus has not received, and currently has no mechanism to access, any of the 2804 discovery. McKinsey seeks to rectify this imbalance, and the unfairness it creates, through this motion. McKinsey does not oppose use of 2804 discovery in MDL 2996. McKinsey seeks only to ensure that all parties to MDL 2996 – plaintiffs and McKinsey – have equal rights to access and use all relevant discovery from MDL 2804, not just the selective discovery plaintiffs sought by way of their motion.

1

More specifically, plaintiffs' motion sought to permit the use of "McKinsey-related" discovery – and only "McKinsey-related" discovery – from MDL 2804 in MDL 2996. Plaintiffs' proposed modifications, which the Court has now incorporated into Amended Case Management Order No. 2: Protective Order, create significant asymmetries between the MDL 2996 plaintiffs and McKinsey. First, plaintiffs can immediately use documents they received in MDL 2804 in MDL 2996. By contrast, McKinsey's reciprocal right to use 2804 discovery is hollow at this time because McKinsey does not have and cannot presently access 2804 discovery. Second, even if McKinsey could secure access to 2804 materials, the amended protective order permits McKinsey to receive only materials that are "related to opioid-related consulting work performed by McKinsey," whereas plaintiffs continue to possess the full universe of 2804 discovery. While providing McKinsey with "McKinsey-related" documents may appear sensible at first blush, the problem with limiting what can be used in MDL 2996 to materials concerning "opioid-related consulting work performed by McKinsey" is that there are many, many documents produced in MDL 2804 that are not necessarily related to McKinsey's work but are nonetheless highly relevant to defenses and arguments McKinsey intends to make – for example, documents reflecting advice given to opioid manufacturer by *other* advisers, and documents relating to strategies that manufacturers pursued that deviated from McKinsey's advice.

To repair these asymmetries, McKinsey respectfully submits that the Court should make two adjustments to the amended protective order. First, the Court should redefine "McKinsey Discovery Material" to include all discovery from MDL 2804 that is relevant to the claims asserted in MDL 2996. Second, the Court should revise the protective order to require equal access to McKinsey Discovery Material before any such material can be used in MDL 2996. With these adjustments, the modified protective order will permit all parties to MDL 2996 to obtain and use the same materials, on the same timetable, in the same proceeding.

## BACKGROUND

On June 7, 2021, the Judicial Panel on Multidistrict Litigation issued an order transferring to the Northern District of California various actions filed against McKinsey arising out of

McKinsey's opioid-related consulting work. The JPML assigned these cases, in MDL No. 2996, to the Honorable Charles R. Breyer.

On July 29, 2021, the parties in MDL 2996 appeared for an initial status conference. Thereafter, Judge Breyer appointed a Plaintiffs Steering Committee (PSC) and ordered the PSC to meet and confer with McKinsey about case management issues, including a schedule for the filing of master consolidated complaints and motions directed to those pleadings.

On September 2, 2021, the parties in MDL 2996 appeared for a second status conference. At that conference, Judge Breyer directed plaintiffs to file master consolidated complaints on or before November 23, 2021.

On or about September 21, 2021, the PSC advised McKinsey that plaintiffs wished to file a motion in this Court to modify the protective order in MDL 2804 to permit discovery from MDL 2804 to be used in MDL 2996. Between September 22, 2021 and October 14, 2021, the parties in MDL 2996 met and conferred about plaintiffs' proposed motion.

On October 14, 2021, the PSC filed its motion to modify the protective order without McKinsey's agreement.

On October 15, 2021, this Court granted plaintiffs' motion to modify the protective order and entered an Amended Case Management Order No. 2: Protective Order.

Later the same day, McKinsey filed a motion to vacate the Court's order granting plaintiffs' motion and set a briefing schedule on the motion. On October 18, 2021, the Court entered an order denying McKinsey's motion to vacate but setting a briefing schedule to allow McKinsey to explain its position.

**ARGUMENT**

McKinsey does not oppose modification of the 2804 protective order to permit discovery from MDL 2804 to be used in MDL 2996. However, any such modification should apply to all relevant discovery from MDL 2804, not just so-called "McKinsey Discovery Material." In addition, no party should be able to use discovery from MDL 2804 in MDL 2996 until all parties can access that discovery on equal terms.

### A. The Protective Order Should Be Modified to Authorize Both Sides to Receive and Use All Relevant 2804 Discovery in MDL 2996

Plaintiffs' proposed modifications to the 2804 protective order included the insertion of a new defined term into the paragraphs of the protective order that govern disclosure of Confidential and Highly Confidential materials: "McKinsey Discovery Material." CMO No. 2, ¶ 9. As defined by plaintiffs, "McKinsey Discovery Material" means "any Discovery Material related to opioid-related consulting work performed by McKinsey & Company …, whether produced by McKinsey or by any other Party." *Id.*

As amended, the protective order now authorizes disclosure of Confidential and Highly Confidential material to the parties in MDL 2996 for use in MDL 2996. *Id.* ¶¶ 34(m), 35(k). Critically, however, the amended protective order limits the scope of this authorization to this narrowly defined set of "McKinsey Discovery Material." *See id.* ("Disclosure of any Confidential [or Highly Confidential] Information pursuant to this paragraph shall be limited to McKinsey Discovery Material."). Thus, under the terms of protective order as modified per plaintiffs' request, McKinsey can only obtain discovery from MDL 2804 that relates specifically to McKinsey's opioid-related consulting work.

There are at least three problems with this amendment. First, plaintiffs' definition of "McKinsey Discovery Material" is much too narrow. The universe of 2804 discovery that is relevant to any party's claim or defense in MDL 2996 goes well beyond materials that relate directly to McKinsey's consulting work. To give but one example, plaintiffs in MDL 2996 seek to hold McKinsey accountable for actions taken by McKinsey's clients, ostensibly on the basis of McKinsey's advice. As such, a critical issue in the case will be whether and to what extent McKinsey's clients accepted, rejected, modified, and/or implemented McKinsey's recommendations. To determine this issue, the parties must examine not only discovery relating directly to McKinsey's advice, but also discovery relating to the actual conduct of the companies McKinsey advised. By limiting the disclosure and use of 2804 discovery in MDL 2996 to "McKinsey-related" discovery, the amended protective order constrains the universe of relevant

4

discovery in ways that will distort the truth-seeking process. As a further example, McKinsey provided opioid-related advice only to a small number of manufacturers in MDL 2804, but the conduct of other parties to MDL 2804 will certainly be relevant in MDL 2996, including, for example, other consulting firms that provided advice to these manufacturers, marketing companies that worked for the manufacturers in MDL 2804, as well as distributors and pharmacies. Materials pertaining to the conduct of such parties is directly relevant to issues of duty and causation that underlie plaintiffs' claims in MDL 2996. But none of those materials fall within the current definition of McKinsey Discovery Material.

Second, the amended protective order perpetuates the current informational asymmetry. As modified per plaintiffs' motion, the protective order grants plaintiffs full access to all discovery produced in MDL 2804, while McKinsey is permitted to receive only discovery that relates specifically to McKinsey's opioid-related consulting work. Though both sides are equally constrained in their *use* of McKinsey-related discovery in MDL 2996, plaintiffs retain a significant advantage by virtue of their unilateral access to the entire discovery database. This access enables plaintiffs – and only plaintiffs – to use 2804 discovery to, for example, issue third-party discovery, craft interrogatories and requests for admissions, subpoena witnesses and documents for trial, and draft witness examinations.

Third, the amended protective order leaves it up to plaintiffs to determine unilaterally what materials are "McKinsey-related" and thus disclosable to McKinsey and usable in MDL 2996. This introduces a further layer of unfairness, for without access to all relevant 2804 discovery, McKinsey cannot determine whether the discovery included within plaintiffs' definition captures the full range of relevant materials or, conversely, how much is left out.

Fortunately, the solution to these problems is straightforward: the Court should modify the definition of "McKinsey Discovery Material" to mean "any and all Discovery Material relevant to the litigation of claims asserted in *In re McKinsey & Co., Inc., National Prescription Opiate*

5

*Consultant Litigation*, MDL No. 2996 (N.D. Cal.)."[1]  This revision will achieve the aim of permitting relevant discovery from MDL 2804 to be used in MDL 2996 by both sides on equal terms.[2]

### B. The Use of Relevant Discovery from MDL 2804 in MDL 2996 Should Be Permitted When All Parties to MDL 2996 Can Access That Discovery

Redefining "McKinsey Discovery Material" as discussed above will equalize the *use* of relevant 2804 discovery in MDL 2996.  The problem remains, however, that McKinsey does not presently have *access* to the discovery that the protective order nominally permits McKinsey to use.  This inequality of access places McKinsey at a severe disadvantage to plaintiffs, as plaintiffs alone can reap the strategic and tactical benefits of early and far-reaching discovery (*e.g.*, to propound interrogatories and requests for admission, craft third-party discovery, prepare for depositions, etc.).  The PSC in MDL 2996 has agreed to meet and confer with McKinsey to "resolve access issues," but any such resolution will take time.[3]  In the meantime, the playing field should remain level and no party to MDL 2996 should be able to use materials from MDL 2804 until all parties have full and equal access to all relevant 2804 discovery.

To address this issue, McKinsey submits that the Court should modify the amended protective order to state, in newly inserted paragraphs 34(m) and 35(k), that the parties to MDL 2996 may use discovery from MDL 2804 in MDL 2996 once all parties to MDL 2996 have access to the McKinsey Discovery Material.  More specifically, McKinsey proposes that the Court modify paragraphs 34(m) and 35(k) to authorize disclosure of Confidential and Highly Confidential

---

[1] The parties to MDL 2996 are presently discussing the contours of relevant discovery and how access to that discovery can be assured for all parties.

[2] Of course, any issues concerning the admissibility or use of a particular item of discovery from MDL 2804 in MDL 2996 will be adjudicated by Judge Breyer in MDL 2996.

[3] Email from PSC to McKinsey Counsel (Oct. 15, 2021).  The PSC has relayed to McKinsey that the total volume of discovery in MDL 2804 is approximately 50 terabytes; that there is no central database to which McKinsey can be granted credentials; and that the cost and complexity of identifying and exporting relevant data to McKinsey remains to be determined.  Each of these considerations will impact the timing of McKinsey's access to pertinent 2804 discovery.

Information, respectively, to:

> Counsel and other parties of the types listed in Paragraphs 34.b – 34.j [35.b – 35.h] and 34.n [35.l] in *In re McKinsey & Co., Inc., National Prescription Opiate Consultant Litigation*, MDL No. 2996 (N.D. Cal.), for use in MDL No. 2996, **provided that all parties to MDL No. 2996 have been granted access to McKinsey Discovery Material, and** provided that the proposed recipient agrees to be bound by this Protective Order and completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound.

In this way, the Court can ensure that the amendments to the protective order effectuate the use of discovery from MDL 2804 in a manner that does not advantage any one party to MDL 2996 over another.

## CONCLUSION

For the reasons stated, McKinsey respectfully urges the Court to make the requested modifications to Amended Case Management Order No. 2: Protective Order. A proposed Second Amended Case Management Order No. 2: Protective Order is attached for the Court's consideration, with McKinsey's proposed modifications in redline.

Dated:  October 25, 2021                    Respectfully submitted,

*/s/ Amanda K. Baker*
Amanda K. Baker
Ohio Bar #95531
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Tel: (702) 222-2572
Fax (702) 430-2658
AKBaker@hollandhart.com

*Attorney for Defendant McKinsey & Company, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>                                 */s/ Amanda K. Baker*
>                                 Amanda K. Baker
>                                 Ohio Bar #95531
>                                 HOLLAND & HART LLP
>                                 9555 Hillwood Drive, 2nd Floor
>                                 Las Vegas, NV 89134
>                                 Tel: (702) 222-2572
>                                 Fax: (702) 430-2658
>                                 AKBaker@hollandhart.com
>
>                                 *Attorney for Defendant McKinsey & Company, Inc.*

17627310_v1