UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**This document relates to**:<br><br>*Track Three Cases* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

## GIANT EAGLE'S BENCH MEMORANDUM
## REGARDING INCIDENTS OF EMPLOYEE THEFT

### ISSUES PRESENTED

**Issue**: Can Plaintiffs introduce evidence of settlement agreements between Giant Eagle and the Ohio Board of Pharmacy when the settlements relate to allegations of employee theft and product loss from Giant Eagle pharmacies outside of Lake and Trumbull Counties?

**Answer**: No. Both the settlement agreements themselves and evidence relating to the agreements are **inadmissible**. Plaintiffs should not be permitted to refer to those settlement agreements during this case.

### STATEMENT OF FACTS

There are three settlements at issue:

1. The *Bracken* Settlement in Canton, Stark County, Ohio, which is between an individual pharmacist and the Ohio Board of Pharmacy. (Ex. 1 [P-20751].) Giant Eagle was not a party to this settlement.

   • This is a 2009 adjudication between the Ohio Board of Pharmacy and a pharmacist (Mr. Bracken) who formerly worked at a Giant Eagle pharmacy in Canton, Ohio. The Board found that the pharmacist stole certain drugs from his employer, Giant Eagle. (Ex. 1 at 18 [P-20751_00012-18].) The Board treated Mr. Bracken as the "responsible person" under the regulations and suspended his license to practice pharmacy. Giant Eagle was not a party to either the settlement or the underlying proceeding so there was no admission of liability or even allegation of liability as to Giant Eagle.

A1644184

2. The *Chappell* Settlement in Chardon, Geauga County, Ohio, which is between Giant Eagle and the Ohio Board of Pharmacy. (Ex. 2 [P-20752].)

- This is a 2011 Settlement Agreement between Giant Eagle store number 4098 and the Ohio Board of Pharmacy relating to the <u>alleged theft</u> of controlled substances by "an inadequately supervised technician who admitted to a Board agent that the drugs were diverted to her addicted husband and also sold to another individual." (Ex. 2 at 5 [P-20752-00005].) Giant Eagle <u>did not admit</u> liability. (Ex. 2 at 6 [P-20752_00006].) The allegations of employee theft are unrelated to Plaintiffs' allegations here about dispensing, not theft, and specifically that the Defendants' corporate policies lead to failure to properly evaluate suspicious prescriptions.

3. The *Ricker* Settlement in Columbus, Franklin County, Ohio, which is between Giant Eagle and the Ohio Board of Pharmacy. (Ex. 3 [P-15047_00001].)[1]

- This is a 2016 Settlement between Giant Eagle and a pharmacist (Shawna Ricker) on the one hand and the Ohio Board of Pharmacy on the other hand. The Board had accused Giant Eagle and the pharmacist of "failure to report significant drug losses to the Board." (Ex. 3 at 2 [P-15047_00002].) Giant Eagle expressly <u>did not</u> admit any of the allegations. (Ex. 3 at 2, ¶ 2 [P-15047_00002].)

- The allegations leading to the Settlement Agreement describe that an unnamed Giant Eagle employee stole a "stock bottle containing 365 tablets of Xanax." Ex. 3 at P-15047_00006. Upon further investigation, Ms. Ricker, a "Responsible Person" cooperating with law enforcement, allegedly discovered other amounts of alprazolam (Xanax) and promethazine with codeine syrup that were lost from inventory and not reported to the Board. Ex. 3 at P-15047_00006-7. Neither of these drugs are at issue in the present case, and there is no indication in either the allegations or the settlement that the stolen and/or lost Xanax or codeine syrup, has any relation whatsoever to alleged opioid diversion in Lake County or Trumbull County. In addition, the allegations of employee theft have no relation to Plaintiffs' allegations in this case that Defendants' dispensing policies, and failure to properly evaluate suspicious prescriptions lead to diversion.

## ARGUMENT

Plaintiffs cannot admit either the settlement agreements themselves or any evidence concerning them for at least three reasons.

---

[1] A different version of this Settlement is contained at P-20753_00001 and should also be excluded.

A1644184                                                  2

1. **This case is not about employee theft or drug loss; accordingly, the settlement agreements are irrelevant and prejudicial under Federal Rules of Evidence 401, 402, and 403.**

Plaintiffs have made clear in describing their own case and claims that this matter is *not* about any alleged failures by Giant Eagle to comply with the DEA promulgated regulations relating to the physical security of controlled substances. The settlements above, however, arise from incidents of <u>employee theft or product loss</u>, which were squarely matters of physical security. For example:

- In Plaintiffs' Trial Brief, they do not suggest—or purport to offer any proof—that Giant Eagle had any deficiencies in its physical security, or ever violated any law or regulation governing such physical security. Instead, the Trial Brief is entirely focused on Giant Eagle's <u>distribution and dispensing</u> activities—i.e., shipping controlled substances to its pharmacies, and then dispensing those controlled substances to customers upon being presented with a prescription. Neither of these activities have anything to do with employee theft or loss of inventory while those pills are in the pharmacy's inventory. (*See* Doc. # 3883.)

- These isolated incidents of theft and product loss have nothing to do with the "aggregate proof" theories upon which Plaintiffs have built their case, but instead involve the precise type of "granular information" that Plaintiffs steadfastly disavow having to address. (*See* Plaintiffs' Opp. to Giant Eagle's Motion for Summary Judgment at 47 ("Plaintiffs need not present granular information on a patient-by-patient, prescription-by-prescription, shipment-by-shipment, or medical claim-by-medical claim basis to demonstrate that Giant Eagle's conduct caused a public nuisance.") (Notice at Doc. # 3877).) For these incidents to be admissible, Plaintiffs would need to demonstrate that these specific extra-territorial incidents actually were substantial causes of the alleged over-supply of opioids in Lake and Trumbull Counties. Plaintiffs have no such evidence and, in fact, have disavowed any obligation to present such evidence.

Beyond Plaintiffs' own description of their case, the Public Nuisance Jury Instruction provides: "Each Plaintiff alleges that each Defendant distributed or dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety." (Jury Instruction "Applicable Law – Public Nuisance – Introduction.") There is nothing in this instruction (or any other) that remotely suggests that the Plaintiffs are alleging—or that the jury should consider—whether isolated extra-territorial incidents of theft and/or product loss was a <u>substantial</u> contributor to the alleged opioid epidemic in these two counties.

Ultimately, there is no probative value to those settlements and the unfair prejudice that Giant Eagle would face if the Court admitted those settlements would be substantial. *See Haydar v. Amazon Corp., LLC*, No. 19-2410, 2021 U.S. App. LEXIS 28182, at *23 (6th Cir. Sep. 16, 2021)

(unpublished) (affirming district court's exclusion of alleged misconduct that "was not at issue in the case" because it "risked distracting and confusing the jury.").

2. **Plaintiffs cannot show any nexus between the extra jurisdictional settlements and the Plaintiff counties.**

The pharmacies at issue in each of these three settlements are located outside of Lake County and Trumbull County. There is no indication, either in the settlement agreements or anywhere else in the record, that the events leading to these settlements have any "nexus" whatsoever to the two counties. Accordingly, under the Court's prior evidentiary order in Track One-B (which is applicable here), these settlements are not admissible. (*See* Doc. # 3546 at 43 (Court order re Pharmacy Defendants' Motions in Limine) ("[T]he Court will also generally allow specific extraterritorial evidence that has some demonstrable nexus to the Plaintiff Counties. . . . On the other hand, evidence that is specific in nature and does not have a nexus to the Plaintiff Counties, without more, will generally not be permitted.").)

3. **The Court recently restricted Plaintiffs from admitting evidence regarding extra jurisdictional settlement agreements. (*See* Doc. # 3990.)**

The Court recently excluded a CVS settlement agreement (P-08956) because it was "primarily focused on theft and record keeping, and CVS expressly did not admit that any of those record keeping failures led to diversion of controlled substances. The probative value of this conduct, which is far more attenuated than the conduct at issue in the other settlement agreements, is substantially outweighed by the danger of unfair prejudice to CVS. Therefore, Plaintiffs may not refer to this settlement during opening statement." (Doc. # 3990 at 2.)

The same holding should apply here. Giant Eagle did not admit any liability in these three settlements—in fact, Giant Eagle was not even a party to one of the settlements (the *Bracken* settlement). Moreover, none of the settlements involved conduct at issue in this case, i.e., identifying and resolving potential "red flag" prescriptions. Instead, the settlements related to alleged employee thefts or product loss. Thus, there is no connection between the incident on which the settlements were based and the Plaintiffs' allegations in this case.

## CONCLUSION

In sum, even if these incidents occurred as described in the Settlement Agreements, they do not tend to show that Giant Eagle's dispensing activities—i.e., investigating and clearing red flag prescriptions—violated any law. Accordingly, this evidence is not relevant under Federal Rules of Evidence 401 and 402. These Settlement Agreements should be excluded under Federal Rule of Evidence 403 because their "probative value is substantially outweighed" by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Indeed, given that the Plaintiffs have expressly disclaimed that this case is about physical security and have emphasized that they are not trying to tie any of the stolen or lost pills to any actual diversion (or harm) in the two counties, the only possible explanation for Plaintiffs even wanting this evidence to come in is to unfairly prejudice the jury against Giant Eagle. Thus, consistent with the Federal Rules of Evidence and the Court's prior orders, the Court should exclude this evidence.

Dated: October 25, 2021

Respectfully submitted,

*/s/ Robert M. Barnes*
Robert M. Barnes
*rbarnes@marcus-shapira.com*
Scott D. Livingston
*livingston@marcus-shapira.com*
Joshua A. Kobrin
*kobrin@marcus-shapira.com*
Daniel J. Stuart
*Stuart@marcus-shapira.com*

MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758


Diane P. Sullivan
**WEIL, GOTSHAL & MANGES LLP**
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone:  (609) 986-1100
diane.sullivan@weil.com
*Admitted pro hac vice*

Chantale Fiebig
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7200
E-mail: Chantale.Fiebig@Weil.com
*Admitted pro hac vice*


*Attorneys for Defendant Giant Eagle, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on October 25, 2021, the foregoing was served via e-mail to the following:

>Judge Dan A. Polster
>*Dan_Polster@ohnd.uscourts.gov*
>
>Special Master David R. Cohen
>*david@specialmaster.law*
>
>Counsel for Plaintiffs
>*mdl2804discovery@motleyrice.com*
>
>Counsel for CT3 Defendants
>*ext-track3defendants@groups.jonesday.com*

*/s/ Robert M. Barnes*
