# EXHIBIT 1

**PLAINTIFFS TRIAL EXHIBIT**

**P-20751_00001**

> **Note:  These Minutes are provided for informational purposes only.**
> If you would like to obtain an official copy of the Minutes, please contact
> the State Board of Pharmacy at 614-466-4143 for instructions and fee information.

| | | |
|---|---|---|
| Ohio State Board of Pharmacy | 77 South High Street, Room 1702 | Columbus, Ohio 43215-6126 |
| telephone:  614-466-4143 | fax:  614-752-4836 | email:  exec@bop.state.oh.us |

## Minutes of the November 2-4 , 2009
## Meeting of the Ohio State Board of Pharmacy

### Monday, November 2, 2009

| | |
|---|---|
| 10:03 a.m. | The Ohio State Board of Pharmacy convened in Room East B, 31st Floor, of the Vern Riffe Center for Government and the Arts, 77 South High Street, Columbus, Ohio, with the following members present: |

Elizabeth I. Gregg, R.Ph., *President*; Heather L. Pasquale, R.Ph., *Vice-President*; Donald M. Casar, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

Also present were William T. Winsley, *Executive Director*; Timothy Benedict, *Assistant Executive Director*; Mark Keeley, *Legislative Affairs Administrator*; Kyle Parker, *Licensing Administrator*; Chris Reed, *Compliance Supervisor*; David Rowland, *Legal Affairs Administrator*; Danna Droz, *Prescription Drug Monitoring Program Director*; and Tracy Greuel, *Assistant Attorney General*.

| | |
|---|---|
| 10:03 a.m. | Mr. Casar moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code and to confer with an attorney for the Board regarding pending or imminent court action pursuant to Section 121.22(G)(3) of the Ohio Revised Code. The motion was seconded by Mr. Wiesenhahn and a roll-call vote was conducted by President Gregg as follows: Casar – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*. |
| 11:34 a.m. | The Executive Session ended and the meeting was opened to the public. |
| R-2010-064 | Ms. Pasquale moved that the settlement offer in the matter of **Justin Allen Bracken**, R.Ph. (03-2-26310) Canton, Ohio, be denied. The motion was seconded by Ms. Lange and approved by the Board: *Aye* – 5; *Abstained* – Casar. |
| R-2010-065 | Mr. Casar moved that the settlement offer in the matter of **Brian Lee Martin**, R.Ph. (03-3-25201) Morgantown, Ohio, be denied. The motion was seconded by Mr. Joyce and approved by the Board: *Aye* – 4; *Nay* – 2. |
| R-2010-066 | Ms. Lange moved that a settlement offer in the matter of **J. Todd Kata**, R.Ph. (03-1-17211) Hubbard, Ohio, be denied and that a counter offer be tendered, as amended by the Board. The Board's acceptance of a settlement would be contingent on the respondent's agreeing to the changes made by the Board. The motion was seconded by Mr. Wiesenhahn and approved by the Board: *Aye* – 4; *Nay* – 2. |
| 11:40 a.m. | The Board recessed briefly. |
| R-2010-067 | Mr. Keeley presented a request from **The Collaborative Education Institute** and **Drug Store News** for approval of their immunization training program. Mr. Kolezynski moved that the request be approved; the motion was seconded by Mr. Casar, and approved by the Board: *Aye* – 6. |

Mrs. Droz presented the Ohio Automated Prescription Reporting System update.

Mr. Keeley and Ms. Lange reported on the current status of the pharmacy technician exams.

Mr. Keeley presented the Legislative Report.

Mr. Benedict said there was no Medical Board Prescribing Committee Report this month.

Mr. Casar reported on his participation in the Accreditation Council for Pharmacy Education program survey that met at the Raabe College of Pharmacy at Ohio Northern University, Ada, Ohio, October 13-15, 2009.

Ms. Lange reported on the October meeting of the Medical Board's Physician Assistant Policy Committee.

Mr. Casar said the Medical Board Committee on Prescriptive Governance did not meet this month.

| | |
|---|---|
| 12:26 p.m. | The Board recessed for lunch. |

Mr. Gahm joined the Board meeting following the lunch break.

1:30 p.m.  The public hearing concerning the new and amended rules began in Room South A, 31st Floor of the Riffe Center, with the following members in attendance:

Elizabeth I. Gregg, R.Ph.; Heather L. Pasquale, R.Ph.; Donald M. Casar, R.Ph.; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; and Jerome J. Wiesenhahn, R.Ph. Also attending were Legislative Affairs Administrator, Mark Keeley; Executive Director William Winsley and Assistant Attorney General Tracy Greuel.

1:38 p.m.  The public hearing ended.

1:45 p.m.  The Board meeting reconvened in Room East B.

Mr. Winsley discussed with the Board a letter from the Ohio Pharmacists Association concerning the possibility of a pharmacist putting his or her license in an "inactive" state.

After discussion, Ms. Pasquale moved that the Board minutes of October 5-7, 2009, be approved as amended. Mr. Kolezynski seconded the motion and it was approved by the Board: $Aye - 7$.

2:19 p.m.  The Board recessed briefly.

2:30 p.m.  The Board was joined by Assistant Attorney General Tracy Greuel to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Robert A. Berkowitz**, R.Ph. (03-2-08019) Lyndhurst, Ohio.

3:49 p.m.  The hearing ended and the record was closed.

3:49 p.m.  Mr. Kolezynski moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Mr. Joyce and a roll-call vote was conducted by President Gregg as follows: Casar – $yes$; Gahm – $yes$; Joyce – $yes$; Kolezynski – $yes$; Lange – $yes$; Pasquale – $yes$; and Wiesenhahn – $yes$.

4:05 p.m.  The Executive Session ended and the meeting was opened to the public.

4:06 p.m.
**R-2010-068**    After votes were taken in public session, the Board adopted the following order in the matter of **Robert A. Berkowitz**, R.Ph. (03-2-08019) Lyndhurst, Ohio.

## ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-090513-137
*in the matter of*:

**ROBERT A. BERKOWITZ, R.Ph.**
5529 Kilbourne Drive
Lyndhurst, Ohio 44124

R.Ph. Number 03-2-08019

### INTRODUCTION

The matter of Robert A. Berkowitz came for hearing on November 2, 2009, before the following members of the Board:  Elizabeth I. Gregg, R.Ph. (*presiding*); Donald M. Casar, R.Ph.; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Heather L. Pasquale, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

Robert A. Berkowitz was not represented by counsel. The State of Ohio was represented by Tracy M. Greuel, Assistant Attorney General.

### SUMMARY OF EVIDENCE

State's Witnesses:    Greg Whitney, Ohio State Board of Pharmacy
                      Robert A. Berkowitz, R.Ph., Respondent

Respondent's Witness:    Robert A. Berkowitz, R.Ph., Respondent

State's Exhibits:
1.  Copy of Notice of Opportunity for Hearing letter  [05-13-09]
1A-1G.  Procedurals
2.  Digital recording of Robert A. Berkowitz's interview/confession  [11-25-08]
3.  Cardinal Health Invoice 4276810  [08-21-08]
4.  Cardinal Health Invoice 4446506  [09-25-08]
5.  Marc's Coventry #64 Prescription Register  [09-24-08]
6.  Inventory count sheet by Melenie Petropoulos and John Miller, R.Ph. [09-26-08]
7.  Inventory count sheet by Melenie Petropoulos and John Miller, R.Ph. [09-29-08]
8.  Marc's Coventry #64 Prescription Register  [09-27-08]
9.  Marc's Pharmacy #64 inventory count sheet by John Miller, R.Ph.  [10-28-08]
10.  Marc's Coventry #64 Prescription Register  [10-29-08]
11.  Marc's Coventry #64 Transaction Inquiry report for Robert Berkowitz, R.Ph. [10-30-08]
12.  Inventory count sheet by John Miller, R.Ph.  [10-30-08]
13.  Marc's Pharmacy #32 Prescription Register  [11-25-08]
14.  Marc's Pharmacy #32 daily prescription signature log with R.Ph. Berkowitz's signature  [11-25-08]
15.  Photocopy of Marc's Pharmacy #32 prescription bottles for RX #135276 and RX #135277 in the name of Robert Berkowitz  [date not visible]
16.  Copy of Marc's Pharmacy #32 Cardinal Health inventory search document re; Norvasc 5 mg. Search reveals a current inventory of 87 tabs. Actual count by DM Petropoulos and Agent Whitney reveals 57 tabs  [11-25-08]
17.  Statement of Marc's Pharmacy Loss Prevention Agent, Mike Santarelli  [11-28-08]
18.  Marc's Pharmacy #32 daily prescription signature log with R.Ph. Berkowitz's signature  [11-25-08]
19.  Ohio State Board of Pharmacy Order in re Robert A. Berkowitz, R.Ph. [03-07-02]

Respondent's Exhibit:     Statement of Robert A. Berkowitz, R.Ph., Respondent
[11-02-09]

## FINDINGS OF FACT

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1) Records of the State Board of Pharmacy indicate that Robert A. Berkowitz was originally licensed in the State of Ohio on August 19, 1963, pursuant to examination, and Robert A. Berkowitz is currently licensed to practice pharmacy in the State of Ohio. Records further reflect that Robert A. Berkowitz was previously disciplined by the Board on March 7, 2002.

(2) Robert A. Berkowitz did, on or about September 27, 2008, with purpose to deprive, knowingly obtain or exert control over dangerous drugs, the property of Marc's Pharmacy #64, beyond the express or implied consent of the owner, to wit: without privilege to do so, Robert A. Berkowitz substituted 30 doses of Norvasc 5 mg for the generic amlodipine 5mg in his own RX #114699. Robert A. Berkowitz took the drugs and paid for the prescription as if it had been the much lower priced generic. Such conduct is in violation of Section 2913.02 of the Ohio Revised Code.

(3) Robert A. Berkowitz did, on or about September 27, 2008, knowing that he had no privilege to do so, and with purpose to defraud, falsify computer data, to wit: when Robert A. Berkowitz filled his own RX #114699, with 30 doses of Norvasc 5 mg rather than the generic amlodipine 5mg, Robert A. Berkowitz entered information into the pharmacy's computer that he had actually filled with the generic rather than the brand drug. Such conduct is in violation of Section 2913.42 of the Ohio Revised Code.

(4) Robert A. Berkowitz did, on or about October 29, 2008, with purpose to deprive, knowingly obtain or exert control over dangerous drugs, the property of Marc's Pharmacy #64, beyond the express or implied consent of the owner, to wit: without privilege to do so, Robert A. Berkowitz substituted 30 doses of Norvasc 5 mg for the generic amlodipine 5mg in his own RX #114699. Robert A. Berkowitz took the drugs and paid for the prescription as if it had been the much lower priced generic. Such conduct is in violation of Section 2913.02 of the Ohio Revised Code.

(5) Robert A. Berkowitz did, on or about October 29, 2008, with purpose to deprive, knowingly obtain or exert control over dangerous drugs, the property of Marc's Pharmacy #64, beyond the express or implied consent of the owner, to wit: without privilege to do so, Robert A. Berkowitz substituted 30 doses of Altace 10 mg for the generic ramipril 10 mg in his own RX #114700. Robert A. Berkowitz took the drugs and paid for the prescription as if it had been the much lower priced generic. Such conduct is in violation of Section 2913.02 of the Ohio Revised Code.

(6) Robert A. Berkowitz did, on or about October 29, 2008, knowing that he had no privilege to do so, and with purpose to defraud, falsify computer data, to wit: when Robert A. Berkowitz filled his own RX #114700, with 30 doses of Altace 10 mg rather than the generic ramipril 10 mg, Robert A. Berkowitz entered information into the pharmacy's computer that he had actually filled with the generic rather than the brand drug. Robert A. Berkowitz also filled his own RX #114699, with 30 doses of Norvasc 5 mg. rather than the generic

OBPM_MDL_000000031.0003

P-20751 _ 00004

amlodipine 5 mg., Robert A. Berkowitz entered information into the pharmacy's computer that he actually filled with the generic rather than the brand drug. Such conduct is in violation of Section 2913.42 of the Ohio Revised Code.

(7) Robert A. Berkowitz did, on or about November 25, 2008, with purpose to deprive, knowingly obtain or exert control over dangerous drugs, the property of Marc's Pharmacy #32, beyond the express or implied consent of the owner, to wit: without privilege to do so, Robert A. Berkowitz substituted 30 doses of Norvasc 5 mg for the generic amlodipine 5 mg in his own RX #135276. Robert A. Berkowitz took the drugs and paid for the prescription as if it had been the much lower priced generic. Such conduct is in violation of Section 2913.02 of the Ohio Revised Code.

(8) Robert A. Berkowitz did, on or about November 25, 2008, with purpose to deprive, knowingly obtain or exert control over dangerous drugs, the property of Marc's Pharmacy #32, beyond the express or implied consent of the owner, to wit: without privilege to do so, Robert A. Berkowitz substituted 30 doses of Altace 10 mg for the generic ramipril 10 mg in his own RX #135277. Robert A. Berkowitz took the drugs and paid for the prescription as if it had been the much lower priced generic. Such conduct is in violation of Section 2913.02 of the Ohio Revised Code.

(9) Robert A. Berkowitz did, on or about November 25, 2008, knowing that he had no privilege to do so, and with purpose to defraud, falsify computer data, to wit: when Robert A. Berkowitz filled his own RX #135277, with 30 doses of Altace 10 mg rather than the generic ramipril 10 mg, Robert A. Berkowitz entered information into the pharmacy's computer that he had actually filled with the generic rather than the brand drug. Robert A. Berkowitz also filled his own RX #135276, with 30 doses of Norvasc 5 mg rather than the generic amlodipine 5 mg, Robert A. Berkowitz entered information into the pharmacy's computer that he had actually filled with the generic rather than the brand drug. Such conduct is in violation of Section 2913.42 of the Ohio Revised Code.

## CONCLUSIONS OF LAW

(1) The State Board of Pharmacy concludes that paragraphs (2) through (9) of the Findings of Fact constitute being guilty of gross immorality as provided in Division (A)(1) of Section 4729.16 of the Ohio Revised Code.

(2) The State Board of Pharmacy concludes that paragraphs (2) through (9) of the Findings of Fact constitute being guilty of dishonesty and unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code.

## DECISION OF THE BOARD

Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy hereby suspends for five years the pharmacist identification card, No. 03-2-08019, held by Robert A. Berkowitz and such suspension is effective as of the date of the mailing of this Order.

(A) Robert A. Berkowitz, pursuant to Rule 4729-9-01(F) of the Ohio Administrative Code, may not be employed by or work in a facility licensed by

the State Board of Pharmacy to possess or distribute dangerous drugs during such period of suspension.

(B)  Robert A. Berkowitz, pursuant to Section 4729.16(B) of the Ohio Revised Code, must return his identification card and license (wall certificate) to the office of the State Board of Pharmacy within ten days after receipt of this Order unless the Board office is already in possession of both. The identification card and wall certificate should be sent by certified mail, return receipt requested.

On the basis of the Findings of Fact and Conclusions of Law set forth above, the State Board of Pharmacy hereby imposes on Robert A. Berkowitz a monetary penalty of five thousand dollars ($5,000.00) due and owing within thirty days of the issuance of this Order. The monetary penalty should be made payable to the "Treasurer, State of Ohio" and mailed with the enclosed form to the State Board of Pharmacy, 77 South High Street, Room 1702, Columbus, Ohio 43215-6126.

On the basis of the Findings of Fact and Conclusions of Law set forth above, the State Board of Pharmacy hereby places Robert A. Berkowitz on probation for five years effective upon reinstatement of his identification card. The terms of probation are as follows:

(A)  Robert A. Berkowitz may not dispense prescriptions for himself or for any member of his family.

(B)  Robert A. Berkowitz must not violate the drug laws of Ohio, any other state, or the federal government.

(C)  Robert A. Berkowitz must abide by the rules of the State Board of Pharmacy.

(D)  Robert A. Berkowitz must comply with the terms of this Order.

(E)  Robert A. Berkowitz's license is deemed to be not in good standing until successful completion of the probationary period.

(F)  Any violation of probation may result in a Board hearing to consider alternative or additional sanctions under Section 4729.16 of the Ohio Revised Code.

Robert A. Berkowitz is hereby advised that the Board may at any time revoke probation for cause, modify the conditions of probation, and reduce or extend the period of probation. At any time during this period of probation, the Board may revoke probation for a violation occurring during the probation period.

Richard Kolezynski moved for Findings of Fact; Deborah Lange seconded the motion.  Motion passed (Aye-7/Nay-0).

Troy Gahm moved for Conclusions of Law; Jerome Wiesenhahn seconded the motion.  Motion passed (Aye-7/Nay-0).

Troy Gahm moved for Action of the Board; Jerome Wiesenhahn seconded the motion.  Motion passed (Aye-7/Nay-0).

4:08 p.m.    Ms. Lange moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code and to confer with an attorney for the Board regarding pending or imminent court action pursuant to Section 121.22(G)(3) of the Ohio Revised Code. The motion was seconded by

Mr. Gahm and a roll-call vote was conducted by President Gregg as follows: Casar – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*.

4:34 p.m.     The Executive Session ended and the meeting was opened to the public.

4:34 p.m.
**R-2010-069**     Mr. Gahm moved that the Board summarily suspend the license to practice pharmacy belonging to **John Patrick Thomas**, R.Ph. (03-2-15436) Brookfield, Ohio, pursuant to Ohio Revised Code 3719.121(A) and (B). Ms. Lange seconded the motion and it was approved by the Board: *Aye* – 7.

4:35 p.m.     The Board recessed for the day.


### Tuesday, November 3, 2009

8:49 a.m.     The Ohio State Board of Pharmacy convened in Room East B, 31st Floor, of the Vern Riffe Center for Government and the Arts, 77 South High Street, Columbus, Ohio, with the following members present:

Elizabeth I. Gregg, R.Ph., *President*; Heather L. Pasquale, R.Ph., *Vice-President*; Donald M. Casar, R.Ph.; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

A request to be registered as a Continuing Pharmacy Education provider was received from **Lexi-Comp**, Hudson, Ohio. After discussion, Mr. Gahm moved that the request be approved. Ms. Lange seconded the motion and it was approved by the Board: *Aye* – 7.

8:57 a.m.     The Board was joined by Assistant Attorney General Tracy Greuel to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Noah Lee Sharp**, R.Ph. (03-3-28869) Chillicothe, Ohio.

12:12 p.m.     The hearing ended and the record was closed.

12:12 p.m.     Mr. Kolezynski moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Mr. Casar and a roll-call vote was conducted by President Gregg as follows: Casar – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*.

12:17 p.m.     The Executive Session ended and the meeting was opened to the public.

12:19 p.m.
**R-2010-070**     After votes were taken in public session, the Board adopted the following order in the matter of **Noah Lee Sharp**, R.Ph. (03-3-28869) Chillicothe, Ohio.

### ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-090629-140
*in the matter of*:

**NOAH LEE SHARP, R.Ph.**
767 Hopetown Road, Apt. A2
Chillicothe, Ohio 45601

R.Ph. Number 03-3-28869

### INTRODUCTION

The matter of Noah Lee Sharp came for hearing on November 3, 2009, before the following members of the Board: Elizabeth I. Gregg, R.Ph. (*presiding*); Donald M. Casar, R.Ph.; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Heather L. Pasquale, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

Noah Lee Sharp was represented by Daniel D. Connor. The State of Ohio was represented by Tracy M. Greuel, Assistant Attorney General.

### SUMMARY OF EVIDENCE

State's Witnesses:      Kevin J. Kinneer, Ohio State Board of Pharmacy
                        Noah Lee Sharp, R.Ph., Respondent

Respondent's Witnesses:  Noah Lee Sharp, R.Ph., Respondent
                         Jarrod Warren Grossman, R.Ph.
                         Linda Sharp

State's Exhibits:
1.  Copy of Summary Suspension Order/Notice of Opportunity for Hearing letter [06-29-09]
1A-1E.  Procedurals
2.  Notarized Statement of Angela Ward  [06-23-09]
3.  Notarized Statement of Erik L. Swope  [06-23-09]
4.  Seven Drug Accountability Statements at Walgreens Pharmacy #11158 for lorazepam 1 mg; hydrocodone/APAP 7.5/650 mg; hydrocodone/APAP 10/660 mg; hydrocodone/APAP 5/500 mg; lorazepam 2 mg; hydrocodone/APAP 7.5/750 mg; oxycodone/APAP 5/325 mg  [10-13-09]
5.  Twenty-one Drug Accountability Statements at Walgreens Pharmacy #077799 for alprazolam XR 0.5 mg; Percocet 7.5/500 mg; oxycodone/APAP 5/500 mg; oxycodone/APAP 5/325 mg; oxycodone/APAP 10/650 mg; oxycodone/APAP 10/325 mg; oxycodone/APAP 7.5/325 mg; lorazepam 1 mg; alprazolam .5 mg; alprazolam 2 mg; diazepam 10 mg; diazepam 5 mg; hydrocodone/APAP 10/650 mg; hydrocodone/APAP 10/325 mg; hydrocodone/APAP 5/500 mg; hydrocodone/APAP 7.5/750 mg; hydrocodone/APAP 7.5/500 mg; hydrocodone/APAP 2.5/500 mg; hydrocodone/APAP 7.5/650 mg; hydrocodone/APAP 7.5/325 mg; alprazolam 1 mg  [10-13-09]

Respondent's Exhibits:
A.  PRO Pharmacist's Recovery Contract for Noah Sharp  [08-18-09]
B.  Questhouse Patient Records  [07-06-09 to 08-03-09]
C.  Cornerstone of Recovery Treatment and Aftercare Records [08-12-09 to 10-14-09]
D.  Questhouse Recovery Report  [07-06-09 to 08-03-09]
E.  Cornerstone of Recovery progress letter from Todd B. Feasel, MA, PCC-S to Daniel D. Connor, Esq.  [10-14-09]
F.  Questhouse Urine Screen Report  [07-06-09 to 08-03-09]
G.  First Lab OHPRO Test History Report   [10-02-09 and 10-13-09]; Drug Testing Panel  [10-11-06]
H.  Support Group Attendance Records  [08-04-09 to 11-01-09]; Calendar pages for June 2009 to November 2009; List of names and locations of support groups attended  [not dated]
I.  Continuing Education credits and certificates  [07-29-08 to 09-04-09]
J.  Restitution documentation  [08-01-09 to 10-20-09]
K.  Ohio Northern University transcript of Noah Lee Sharp  [10-19-09]
L.  Resume and credentials of Noah L. Sharp  [August 2009]
M.  Five letters of support  [10-05-09 to 10-21-09]

P-GEN-00150

## FINDINGS OF FACT

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1) Records of the Board of Pharmacy indicate that Noah Lee Sharp was originally licensed in the State of Ohio on July 21, 2008, pursuant to examination, and his license to practice pharmacy in Ohio was summarily suspended on June 29, 2009.

(2) Noah Lee Sharp is addicted to or abusing drugs and/or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy, to wit: Noah Lee Sharp has admitted to Board agents that he is addicted to opiates and lorazepam. Noah Lee Sharp has admitted to stealing drugs from his employers and abusing drugs while practicing pharmacy. Noah Lee Sharp has been observed practicing pharmacy while impaired and unable to function physically or mentally. Such conduct indicates that Noah Lee Sharp is within the ambit of Sections 3719.121 and/or 4729.16(A)(3) of the Ohio Revised Code.

## CONCLUSIONS OF LAW

(1) The State Board of Pharmacy concludes that paragraph (2) of the Findings of Fact constitutes being guilty of gross immorality as provided in Division (A)(1) of Section 4729.16 of the Ohio Revised Code.

(2) The State Board of Pharmacy concludes that paragraph (2) of the Findings of Fact constitutes being guilty of dishonesty and unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code.

(3) The State Board of Pharmacy concludes that paragraph (2) of the Findings of Fact constitutes being addicted to or abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy as provided in Division (A)(3) of Section 4729.16 of the Ohio Revised Code.

## DECISION OF THE BOARD

Pursuant to Section 3719.121 of the Ohio Revised Code, the State Board of Pharmacy hereby removes the Summary Suspension Order issued to Noah Lee Sharp on June 29, 2009.

Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy hereby suspends indefinitely the pharmacist identification card, No. 03-3-28869, held by Noah Lee Sharp and such suspension is effective as of the date of the mailing of this Order.

(A) Noah Lee Sharp, pursuant to Rule 4729-9-01(F) of the Ohio Administrative Code, may not be employed by or work in a facility licensed by the State Board of Pharmacy to possess or distribute dangerous drugs during such period of suspension.

OBPM_MDL_000000031.0008

P-20751 _ 00009

(B) Noah Lee Sharp, pursuant to Section 4729.16(B) of the Ohio Revised Code, must return his identification card and license (wall certificate) to the office of the State Board of Pharmacy within ten days after receipt of this Order unless the Board office is already in possession of both. The identification card and wall certificate should be sent by certified mail, return receipt requested.

Further, after two years from the effective date of this Order, the Board will consider any petition filed by Noah Lee Sharp for a hearing, pursuant to Ohio Revised Code Chapter 119., for reinstatement. The Board will only consider reinstatement of the license to practice pharmacy in Ohio if the following conditions have been met:

(A) Noah Lee Sharp must enter into a **new** contract, signed within thirty days after the effective date of this Order, with an Ohio Department of Alcohol and Drug Addiction Services (ODADAS) treatment provider or a treatment provider acceptable to the Board for a period of not less than five years and, upon signing, submit a copy of the contract to the Board office. The contract must provide that:

    (1) Random, **observed** urine drug screens shall be conducted at least once each month.

        (a) The urine sample must be given within twelve hours of notification. The urine drug screen must include testing for creatinine or specific gravity of the sample as the dilutional standard.

        (b) Results of all drug screens must be negative. Refusal of a drug screen or a diluted drug screen is equivalent to a positive result. Any positive results, including those which may have resulted from ingestion of food, but excluding false positives which resulted from medication legitimately prescribed, indicates a violation of the contract.

    (2) Attendance is required a minimum of three times per calendar week (Sunday through Saturday), at an Alcoholics Anonymous, Narcotics Anonymous, and/or similar support group meeting.

    (3) The program shall immediately report to the Board any violations of the contract and/or lack of cooperation.

(B) Noah Lee Sharp must demonstrate satisfactory proof to the Board that he is no longer addicted to or abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy.

(C) Noah Lee Sharp must provide, at the reinstatement petition hearing, documentation of the following:

    (1) Compliance with the contract required above (e.g.-proof of giving the sample within twelve hours of notification and copies of all drug and alcohol screen reports, meeting attendance records, treatment program reports, etc.);

    (2) Compliance with the continuing pharmacy education requirements set forth in Chapter 4729-7 of the Ohio Administrative Code as applicable and in effect on the date of petitioning the Board for reinstatement;

(3)  Compliance with the terms of this Order.

(D)  If reinstatement is not accomplished within three years of the effective date of this Order, Noah Lee Sharp must also show successful completion of the North American Pharmacist Licensure Examination (NAPLEX) or an equivalent examination approved by the Board.

Richard Kolezynski moved for Findings of Fact; Brian Joyce seconded the motion.  Motion passed (Aye-7/Nay-0).

Troy Gahm moved for Conclusions of Law; Heather Pasquale seconded the motion.  Motion passed (Aye-7/Nay-0).

Deborah Lange moved for Action of the Board; Troy Gahm seconded the motion. Motion passed (Aye-7/Nay-0).

12:20 p.m.  The Board recessed for lunch.

1:15 p.m.
R-2010-071  The following candidates for licensure by reciprocity met with Kyle Parker, Licensing Administrator; Tim Benedict, Assistant Executive Director, and Donald Casar, R.Ph., Board Member, in Room South A, 31st Floor of the Vern Riffe Center. The candidates introduced themselves to Member Casar on behalf of the Board, and then participated in a discussion of pharmacy laws and rules.

| | |
|---|---|
| Mark Bachara | *Illinois* |
| Laura Kay Carps | *Michigan* |
| Padmesh Chhita | *Pennsylvania* |
| Anna Marie Dintini | *West Virginia* |
| Dana L. Dzvonik | *Pennsylvania* |
| Ronnie Ray Hurst | *Tennessee* |
| Archie Leon McKnight, II | *South Carolina* |
| Craig Olsen | *Pennsylvania* |
| Brian Lee Osterberg | *Florida* |
| Mariellen Rich | *Oregon* |
| Erin Elizabeth Rudge | *West Virginia* |
| Therese E. Schneider | *Texas* |
| Bridgette Sharif | *Michigan* |
| Cynthia Lynn Sieck | *Arizona* |
| Amanda Mae Sprinkle | *Alabama* |
| Uzuazomaro Ewomazino Ubogu | *Florida* |
| Ryan William Weller | *California* |
| Steven Alexander Wilson | *Pennsylvania* |

1:32 p.m.  The Board reconvened in Room East B.

The Board was joined by Assistant Attorney General Tracy Greuel to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Justin Allen Bracken**, R.Ph. (03-2-26310) Canton, Ohio.

Mr. Casar recused himself from this hearing.

4:39 p.m.  The hearing ended and the record was closed.

4:39 p.m.  Ms. Pasquale moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1)

of the Ohio Revised Code. The motion was seconded by Mr. Gahm and a roll-call vote was conducted by President Gregg as follows: Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes.*

5:01 p.m.      The Executive Session ended and the meeting was opened to the public.

5:02 p.m.
**R-2010-072**      After votes were taken in public session, the Board adopted the following order in the matter of **Justin Allen Bracken**, R.Ph. (03-2-26310) Canton, Ohio.

### ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-091006-019
*in the matter of*:

**JUSTIN ALLAN BRACKEN, R.Ph.**
7511 Market Avenue North
Canton, Ohio 44721

R.Ph. Number 03-2-26310

#### INTRODUCTION

The matter of Justin Allan Bracken came for hearing on November 3, 2009, before the following members of the Board:  Elizabeth I. Gregg, R.Ph. (*presiding*); Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Heather L. Pasquale, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

Donald M. Casar, R.Ph.; Board Member, recused.

Justin Allan Bracken was represented by James Lindon. The State of Ohio was represented by Tracy M. Greuel, Assistant Attorney General.

#### SUMMARY OF EVIDENCE

State's Witnesses:      David Gallagher, Ohio State Board of Pharmacy
                        Justin Allan Bracken, R.Ph., Respondent

Respondent's Witness:   Thomas Oswald, R.Ph.

State's Exhibits:
1. Copy of Summary Suspension Order/Notice of Opportunity for Hearing letter [10-06-09]
1A-1C. Procedurals
2. City of Olmsted Falls Police Department Call for Service Report  [01-24-09]
3. City of Olmsted Falls Police Department Uniform Incident/Offense Report for Incident 09-00029 [01-24-09]
4. Google map documenting location of Pharmacist Bracken's Olmsted Falls, Ohio arrest  [09-03-09]
5. City of Olmsted Falls against Justin A. Bracken, Ticket #046357 coversheet for case 09TRC00044 [01-24-09]
6. Certified copy of Olmsted Falls Mayor's Court "Case Summary" for Case 09TRC00044 [01-24-09]
7. Certified copy of Olmsted Falls Mayor's Court "Case Amendment Summary" for case 09TRC00044 [03-24-09]

8. Bureau of Criminal Identification and Investigation Form 2-71 "Final Disposition" with attachment  [03-24-09]
9. Stark County Sheriff's Office Investigative Report for incident 09-005081 [05-20-09]
10. Two photocopies of recovered 100 lot size temazepam 15 mg stock container  [05-20-09]
11. IDENTIDEX Imprint Identification of 53 temazepam 15 mg capsules [received 08-31-09]
12. One color photocopy (taken after analysis was made) of round dark green tablet with butterfly imprint recovered on May 20, 2009  [09-02-09]
13. EcstasyData.org description sheet  [09-01-09]
14. Two photocopies of recovered Giant Eagle #6378 dispensing vial with label information for RX #6093635  [09-02-09]
15. IDENTIDEX Imprint Identification for temazepam capsule 30 mg [received 08-31-09]
16. IDENTIDEX Imprint Identification for clonazepam tablet 2 mg [received 08-31-09]
17. IDENTIDEX Imprint Identification for Lunesta oral tablet 3 mg [received 08-31-09]
18. IDENTIDEX Imprint Identification for lorazepam tablet 2 mg [received 08-31-09]
19. Notarized copy of Canton-Stark County Crime Laboratory Lab Report #118080  [05-28-09]
20. Stark County Sheriff's Office Voluntary Statement of Randall A. Garcia  [05-21-09]
21. Notarized Statement of Stephen J. Ash  [08-24-09]
22. Notarized Statement of Stephen J. Ash  [09-15-09]
23. Notarized Statement of Kyle R. Nussbaum  [08-24-09]
24. Notarized Statement of Kyle R. Nussbaum  [09-02-09]
25. Notarized Statement of Kathy Bordenkircher  [09-03-09]
26. Stark County Sheriff's Office Voluntary Statement of Justin Allan Bracken [05-20-09]
27. Two photocopies of Stark County Sheriff's Office evidence bag regarding Justin Bracken arrest  [05-20-09]
28. Stark County Sheriff's Office Arrest Report for Justin Allan Bracken [05-20-09]
29. Canton Municipal Court Docket Sheet for Case 2009 CRB 02474 Justin Allan Bracken  [05-26-09 to 07-21-09]
30. Judgment Entry Criminal/Traffic, State of Ohio vs. Bracken, Justin Allan, Case No. 2009 CRB 02474, Canton Municipal Court, Canton Ohio  [06-08-09]
31. Canton Municipal Court, Stark County Ohio Supplemental Order for Justin Bracken, Case #09 CRB 02474  [06-08-09]
32. Letter of representation from James Lindon, Pharm.D., Ph.D. Re:  Justin Bracken  [08-12-09]
33. Letter from James Lindon, Pharm.D., Ph.D. to David Rowland, Esq., Ohio State Board of Pharmacy  [08-12-09]
34. Copy of Email from James Lindon to Ohio State Board of Pharmacy Agent David Gallagher  [08-31-09]
35. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for temazepam 15 mg [08-31-09]
36. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for temazepam 30 mg [08-31-09]
37. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for clonazepam 2 mg [08-31-09]
38. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for lorazepam 2 mg [08-31-09]
39. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for alprazolam .25 mg [08-31-09]
40. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for alprazolam .5 mg [08-31-09]
41. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for alprazolam 1 mg [08-31-09]
42. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for alprazolam 2 mg [08-31-09]

43. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for clonazepam .5 mg  [08-31-09]
44. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for clonazepam 1 mg  [08-31-09]
45. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for lorazepam .5 mg  [08-31-09]
46. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for lorazepam 1 mg  [08-31-09]
47. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for hydrocodone/APAP 5/500 mg  [08-31-09]
48. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for hydrocodone/APAP 7.5/750 mg  [08-31-09]
49. Copy of Ohio Board of Pharmacy Pharmacist Renewal for Justin Allan Bracken, R.Ph.  [08-21-09]

Respondent's Exhibits:
A. Letter from Thomas A. Oswald, R.Ph., PRO  [10-16-09]
B. FirstLab Test History Report  [09-05-09 and 10-03-09]
C. PRO Pharmacist's Recovery Contact for Justin Bracken  [07-20-09]
D-E.  Support Group Attendance Records  [07-19-09 to 09-21-09]
F. LabCare Plus urine and blood screen test results  [05-22-09]
G. Letter from Keith Hochadel of Quest Services to Attorney James Lindon  [not dated]

**FINDINGS OF FACT**

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1) Records of the Board of Pharmacy indicate that Justin Allan Bracken was originally licensed in the State of Ohio on June 22, 2004, pursuant to examination, and his license to practice pharmacy in Ohio was summary suspended on October 6, 2009.

(2) Justin Allan Bracken is addicted to or abusing drugs and/or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy, to wit: Justin Allan Bracken is addicted to the use of controlled substances, and Justin Allan Bracken has stolen drugs from his employer to supply his addiction. Justin Allan Bracken was, on or about May 20, 2009 observed passed out in a vehicle in front of a liquor store, and observed acting impaired once aroused. Such conduct indicates that Justin Allan Bracken is within the ambit of Sections 3719.121 and/or 4729.16(A)(3) of the Ohio Revised Code.

(3) Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule I controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed 1 tablet of methylenedioxymethamphetamine, commonly known as "Ecstasy." Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(4) Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule IV controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed outside the confines of a pharmacy and without a valid prescription 53 capsules of temazepam 15 mg and 13

capsules of temazepam 30 mg for his personal abuse. Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(5) Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule IV controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed outside the confines of a pharmacy and without a valid prescription 12 tablets of clonazepam 2 mg for his personal abuse. Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(6) Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule IV controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed outside the confines of a pharmacy and without a valid prescription 4 tablets of Lunesta 3 mg for his personal abuse. Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(7) Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule IV controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed outside the confines of a pharmacy and without a valid prescription 25 tablets of lorazepam 2 mg for his personal abuse. Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(8) Justin Allan Bracken did, from April 30, 2007 to May 20, 2009, with purpose to deprive, knowingly obtain or exert control over dangerous drugs, the property of Giant Eagle Pharmacy #4152, beyond the express or implied consent of the owner, to wit: Justin Allan Bracken possessed a stock container of temazepam 15 mg from his employer. Audit figures indicate shortages of the same drugs Justin Allan Bracken possessed.

| Drug | Strength | Quantity |
|------|----------|----------|
| temazepam | 15 mg | 53 |
| temazepam | 30 mg | 13 |
| clonazepam | 2 mg | 12 |
| lorazepam | 2 mg | 25 |

Such conduct is in violation of Section 2913.02 of the Ohio Revised.

(9) Justin Allan Bracken, as the responsible person, between April 30, 2007 and May 20, 2009, failed to provide supervision and control and adequate safeguards over the listed Giant Eagle #4152 dangerous drug stocks, to wit: the following dangerous drugs were diverted without detection:

| Drug | Strength | Quantity |
|------|----------|----------|
| alprazolam | .25 mg | 199 |
| alprazolam | . 5 mg | 143 |
| alprazolam | 1 mg | 74 |
| alprazolam | 2 mg | 57 |
| clonazepam | .5 mg | 701 |
| clonazepam | 1 mg | 214 |
| clonazepam | 2 mg | 61 |
| lorazepam | .5 mg | 335 |
| lorazepam | 1 mg | 10 |
| lorazepam | 2 mg | 115 |

P-GEN-00150

| temazepam | 15 mg | 113 |
| temazepam | 30 mg | 67 |
| hydrocodone/APAP | 5/500 mg | 513 |
| hydrocodone/APAP | 7.5/750 mg | 706 |

Such conduct is in violation of Section 4729-9-11(A)(1) of the Ohio Revised.

Further, The Board finds Respondent Bracken's testimony to be unbelievable. As part of his 12 step recovery program, his first step indicates that he must "recognize you are powerless over your addiction." Respondent clearly abuses drugs and alcohol, yet he refuses to accept his guilt of addiction.

### CONCLUSIONS OF LAW

(1) The State Board of Pharmacy concludes that paragraphs (3) through (8) of the Findings of Fact constitute being guilty of gross immorality as provided in Division (A)(1) of Section 4729.16 of the Ohio Revised Code.

(2) The State Board of Pharmacy concludes that paragraphs (3) through (9) of the Findings of Fact constitute being guilty of dishonesty and unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code.

(3) The State Board of Pharmacy concludes that paragraph (2) of the Findings of Fact constitutes being addicted to or abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy as provided in Division (A)(3) of Section 4729.16 of the Ohio Revised Code.

(4) The State Board of Pharmacy concludes that paragraphs (3) through (8) of the Findings of Fact constitutes being guilty of willfully violating, conspiring to violate, attempting to violate, or aiding and abetting the violation of provisions of Chapter 2925. of the Revised Code as provided in Division (A)(5) of Section 4729.16 of the Ohio Revised Code.

### DECISION OF THE BOARD

Pursuant to Section 3719.121 of the Ohio Revised Code, the State Board of Pharmacy hereby removes the Summary Suspension Order issued to Justin Allan Bracken on October 6, 2009.

Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy hereby suspends indefinitely the pharmacist identification card, No. 03-2-26310, held by Justin Allan Bracken and such suspension is effective as of the date of the mailing of this Order.

(A) Justin Allan Bracken, pursuant to Rule 4729-9-01(F) of the Ohio Administrative Code, may not be employed by or work in a facility licensed by the State Board of Pharmacy to possess or distribute dangerous drugs during such period of suspension.

(B) Justin Allan Bracken, pursuant to Section 4729.16(B) of the Ohio Revised Code, must return his identification card and license (wall certificate) to the office of the State Board of Pharmacy within ten days after receipt of this Order unless the Board office is already in possession of both. The

identification card and wall certificate should be sent by certified mail, return receipt requested.

On the basis of the Findings of Fact and Conclusions of Law set forth above, the State Board of Pharmacy hereby imposes on Justin Allan Bracken a monetary penalty of six thousand five hundred dollars ($6,500.00) due and owing within thirty days of the issuance of this Order. The monetary penalty should be made payable to the "Treasurer, State of Ohio" and mailed with the enclosed form to the State Board of Pharmacy, 77 South High Street, Room 1702, Columbus, Ohio 43215-6126.

Further, after three years from the effective date of this Order, the Board will consider any petition filed by Justin Allan Bracken for a hearing, pursuant to Ohio Revised Code Chapter 119., for reinstatement. The Board will only consider reinstatement of the license to practice pharmacy in Ohio if the following conditions have been met:

(A) Justin Allan Bracken must enter into a **new** contract, signed within thirty days after the effective date of this Order, with an Ohio Department of Alcohol and Drug Addiction Services (ODADAS) treatment provider or a treatment provider acceptable to the Board for a period of not less than five years and, upon signing, submit a copy of the contract to the Board office. The contract must provide that:

  (1) Random, **observed** urine drug screens shall be conducted at least once each month.

    (a) The urine sample must be given within twelve hours of notification. The urine drug screen must include testing for creatinine or specific gravity of the sample as the dilutional standard.

    (b) Results of all drug screens must be negative. Refusal of a drug screen or a diluted drug screen is equivalent to a positive result. Any positive results, including those which may have resulted from ingestion of food, but excluding false positives which resulted from medication legitimately prescribed, indicates a violation of the contract.

  (2) Attendance is required a minimum of three times per calendar week (Sunday through Saturday), at an Alcoholics Anonymous, Narcotics Anonymous, and/or similar support group meeting.

  (3) The program shall immediately report to the Board any violations of the contract and/or lack of cooperation.

(B) Justin Allan Bracken must demonstrate satisfactory proof to the Board that he is no longer addicted to or abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy.

(C) Justin Allan Bracken must provide, at the reinstatement petition hearing, documentation of the following:

  (1) Compliance with the contract required above (e.g.-proof of giving the sample within twelve hours of notification and copies of all drug and alcohol screen reports, meeting attendance records, treatment program reports, etc.);

(2) Compliance with the continuing pharmacy education requirements set forth in Chapter 4729-7 of the Ohio Administrative Code as applicable and in effect on the date of petitioning the Board for reinstatement;

(3) Compliance with the terms of this Order.

Brian Joyce moved for Findings of Fact; Heather Pasquale seconded the motion. Motion passed (Aye-6/Nay-0).

Troy Gahm moved for Conclusions of Law; Richard Kolezynski seconded the motion. Motion passed (Aye-6/Nay-0).

Brian Joyce moved for Action of the Board; Deborah Lange seconded the motion. Motion passed (Aye-6/Nay-0).

| | |
|---|---|
| 5:07 p.m. | The Board was joined by Assistant Attorney General Tracy Greuel to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Robert Oberlin Urfer**, R.Ph. (03-1-09283) Toledo, Ohio. |
| | Mr. Kolezynski recused himself from this hearing. |
| 5:58 p.m. | The hearing ended and the record was closed. |
| 5:59 p.m. | Mr. Gahm moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Ms. Pasquale and a roll-call vote was conducted by President Gregg as follows: Casar – *yes*; Gahm – *yes*; Joyce – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*. |
| 6:04 p.m. | The Executive Session ended and the meeting was opened to the public. |
| 6:05 p.m. R-2010-073 | After votes were taken in public session, the Board adopted the following order in the matter of **Robert Oberlin Urfer**, R.Ph. (03-1-09283) Toledo, Ohio. |

## ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-090806-006
*in the matter of*:

**ROBERT OBERLIN URFER, R.Ph.**
4245 Brookside Road
Toledo, Ohio 43606

R.Ph. Number 03-1-09283

## INTRODUCTION

The matter of Robert Oberlin Urfer came for hearing on November 3, 2009, before the following members of the Board:  Elizabeth I. Gregg, R.Ph. (*presiding*); Donald M. Casar, R.Ph.; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Deborah A. Lange, R.Ph.; Heather L. Pasquale, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

Richard F. Kolezynski, R.Ph., Board Member, recused.

Robert Oberlin Urfer was not represented by counsel. The State of Ohio was represented by Tracy M. Greuel, Assistant Attorney General.

## SUMMARY OF EVIDENCE

State's Witnesses:      Paul Kover, R.Ph., Ohio State Board of Pharmacy
Robert Oberlin Urfer, R.Ph.

Respondent's Witness:    Robert Oberlin Urfer, R.Ph.

State's Exhibits:
1. Copy of Notice of Opportunity for Hearing letter  [08-06-09]
1A-1C.  Procedurals
2. Dangerous Drug Distributor Inspection Report for K-Mart Pharmacy #3302 [04-16-09]
3. K-Mart Pharmacy explanation of corrective action taken after dispensing error and explanation of KARxE program  [received 05-12-09]
4. Photocopy of RX #6881264 for patient S.M.  [06-08-07]
5. K-Mart Pharmacy #3302 prescription profile for patient S.M. [01-01-04 to 03-30-09]
6. Patient prescription drug label for RX #6881264 with prescription information fact sheet [09-16-07]
7. Computer screen printout indicating pop up screen showing if GPI does not match  [not dated]
8. Sample of a "Hard Halt" pharmacy computer screen  [not dated]
9. Copy of computer transaction screen for RX #6881264  [not dated]
10. Copy of patient prescription pick up/counseling log  [09-16-07]
11. Copies of two pages from pharmacy prescription daily log  [09-16-07]
12. Copy of Medical Malpractice Payment Report  [01-15-09]
13. Ohio State Board of Pharmacy Order in the matter of Robert Oberlin Urfer, R.Ph.  [03-13-97]

Respondent's Exhibits:
A. Letter of explanation to State Board of Pharmacy  [not dated]
B. Example of KARxE fill with GPI  [not dated]
C. Copy of two certified mail receipts  [05-11-09 and 05-15-09]

## FINDINGS OF FACT

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1) Records of the State Board of Pharmacy indicate that Robert Oberlin Urfer was originally licensed in the State of Ohio on August 4, 1969, pursuant to examination, and is currently licensed to practice pharmacy in the State of Ohio. Records further reflect that Robert Oberlin Urfer was previously disciplined by the Board on March 13, 1997.

(2) Robert Oberlin Urfer did, on or about September 16, 2007, misbrand a drug to wit:  when he received a prescription for Januvia 100 mg, RX #6881264, Robert Oberlin Urfer dispensed warfarin 10 mg, which had not been specifically prescribed by the physician. The patient was harmed. Such conduct is in violation of Section 3715.52(A)(2) of the Ohio Revised Code.

## CONCLUSIONS OF LAW

The State Board of Pharmacy concludes that paragraph (2) of the Findings of Fact constitutes being guilty of unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code.

**DECISION OF THE BOARD**

Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy hereby imposes a monetary penalty of two hundred and fifty dollars ($250.00) on Robert Oberlin Urfer and payment in full is due and owing within thirty days of the mailing of this Order. The remittance should be made payable to the "Treasurer, State of Ohio" and mailed with the enclosed form to the State Board of Pharmacy, 77 South High Street, Room 1702, Columbus, Ohio 43215-6126.

Further, Robert Oberlin Urfer must obtain, within six months from the effective date of this Order, three hours of approved continuing pharmacy education (0.3 CEUs) in medication error prevention, which may not also be used for license renewal.

Jerome Wiesenhahn moved for Findings of Fact; Deborah Lange seconded the motion.  Motion passed (Aye-6/Nay-0).

Heather Pasquale moved for Conclusions of Law; Troy Gahm seconded the motion.  Motion passed (Aye-6/Nay-0).

Troy Gahm moved for Action of the Board; Heather Pasquale seconded the motion.  Motion passed (Aye-6/Nay-0).

| | |
|---|---|
| 6:06 p.m. | The Board recessed for the day. |

## Wednesday, November 4, 2009

| | |
|---|---|
| 8:16 a.m. | The Ohio State Board of Pharmacy convened in Room East B, 31st Floor, of the Vern Riffe Center for Government and the Arts, 77 South High Street, Columbus, Ohio, with the following members present: |

Elizabeth I. Gregg, R.Ph., *President*; Heather L. Pasquale, R.Ph., *Vice-President*; Donald M. Casar, R.Ph.; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

| | |
|---|---|
| 8:20 a.m. | Mr. Gahm moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Ms. Lange and a roll-call vote was conducted by President Gregg as follows: Casar – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*. |
| 9:16 a.m. | The Executive Session ended and the meeting was opened to the public. |
| | The Board recessed briefly. |
| 9:28 a.m. | The Board was joined by Assistant Attorney General Tracy Greuel to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **John Joseph Perry**, R.Ph., Richmond, Indiana. |
| | Mr. Wiesenhahn recused himself from this hearing. |
| 10:57 a.m. | The hearing ended and the record was closed. |
| | The Board recessed briefly. |

| | |
|---|---|
| 11:01 a.m. | Mr. Casar moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code and to confer with an attorney for the Board regarding pending or imminent court action pursuant to Section 121.22(G)(3) of the Ohio Revised Code. The motion was seconded by Mr. Gahm and a roll-call vote was conducted by President Gregg as follows: Casar – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; and Pasquale – *yes*. |
| 11:23 a.m. | The Executive Session ended and the meeting was opened to the public. |
| 11:25 a.m. **R-2010-074** | After votes were taken in public session, the Board adopted the following order in the matter of **John Joseph Perry**, R.Ph., Richmond, Indiana. |

### ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-090724-003
*in the matter of*:

### JOHN JOSEPH PERRY, R.Ph.
3769 S A Street #55
Richmond, Indiana 47374

### INTRODUCTION

The matter of John Joseph Perry came for hearing on November 4, 2009, before the following members of the Board:  Elizabeth I. Gregg, R.Ph. (*presiding*); Donald M. Casar, R.Ph.; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; and Heather L. Pasquale, R.Ph.

Jerome J. Wiesenhahn, R.Ph., Board Member, recused.

John Joseph Perry was represented by David W. Grauer. The State of Ohio was represented by Tracy M. Greuel, Assistant Attorney General.

### SUMMARY OF EVIDENCE

State's Witnesses:    George Pavlich, Ohio State Board of Pharmacy
                      John Joseph Perry, R.Ph., Respondent

Respondent's Witness:    John Joseph Perry, R.Ph., Respondent

State's Exhibits:
1.  Copy of Proposal to Deny/Notice of Opportunity for Hearing letter  [07-24-09]
1A-1.B  Procedurals
2.  National Association of Boards of Pharmacy Application for Transfer of Pharmacist License  [04-27-09]
3.  Judgment In A Criminal Case, United States of America vs. John Joseph Perry, United States Case No. 4:94CR0417, United States District Court, Northern District of Ohio  [06-20-95]
4.  Ohio State Board of Pharmacy Order in re John Joseph Perry, R.Ph. [01-31-95]
5.  Ohio State Board of Pharmacy Order in re John Joseph Perry, R.Ph. [04-07-99]

Respondent's Exhibits:
A.  Resume of John Joseph Perry, R.Ph.  [not dated]
B.  Copy of State of Illinois Registration as a Pharmacist for John Joseph Perry [expires 03-31-10]
C.  Copy of Indiana Pharmacist License for John Joseph Perry [expires 06-30-10]

OBPM_MDL_000000031.0020
P-20751 _ 00021

D.  Purdue University 2007-2008 Advanced Practice Clerkship Assignments for Joe Perry  [03-05-07]
E.  Approval notification from National Provider Identifier in re John Joseph Perry, R.Ph.  [02-29-08]
F-M.    Eight letters of support  [10-07-09 to 10-29-09]
N.  Self-Certification of Compliance  for Fagen Pharmacy #28 Demotte Drugs Inc.  [01-26-07]
O.  Illinois Poison Center Poison Prevention Education Verification  [06-13-07]
P.  Preferred Care Services, Inc. Prescription Drug Fraud, Waste and Abuse Training Affidavit  [date not legible]
Q.  E-Mail from Linda Lawton to John Perry in re Service Section Leaders [07-07-09]
R.  Copy of Wal-Mart Pharmacy Department business card for John J. Perry, R.Ph.  [not dated]

## FINDINGS OF FACT

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1)  John Joseph Perry is a registered pharmacist in the states of Illinois, Indiana, West Virginia, and Nevada, and on or about May 8, 2009, applied for reciprocal registration into the State of Ohio.

(2)  Records further indicate that John Joseph Perry was originally licensed to practice pharmacy in the State of Ohio on May 24, 1978, and his license to practice pharmacy in Ohio was revoked on January 31, 1995.

(3)  Records of the Board of Pharmacy indicate that John Joseph Perry submitted an application for examination as a pharmacist on or about September 16, 1998. Further, the Board denied the application for examination as a pharmacist on April 7, 1999.

(4)  John Joseph Perry does not meet the qualifications for reciprocal registration, to wit:  John Joseph Perry is not of good moral character and habits; John Joseph Perry has been convicted of a felony; John Joseph Perry has been disciplined by the Ohio Board of Pharmacy; and John Joseph Perry has been found by the Board of Pharmacy to be guilty of a felony and gross immorality, dishonesty and unprofessional conduct in the practice of pharmacy and/or guilty of willfully violating provisions of Chapter 2925. of the Ohio Revised Code.

## CONCLUSIONS OF LAW

(1)  The State Board of Pharmacy concludes that paragraph (4) of the Findings of Fact constitutes having been found by the Board of Pharmacy to be guilty of a felony and gross immorality as provided in Division (A)(1) of Section 4729.16 of the Ohio Revised Code; being guilty of dishonesty and unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code; and being guilty of willfully violating, conspiring to violate, attempting to violate, or aiding and abetting the violation of provisions of Chapter 2925. of the Revised Code as provided in Division (A)(5) of Section 4729.16 of the Ohio Revised Code.

(2)  The State Board of Pharmacy concludes that paragraph (4) of the Findings of Fact constitutes having been found by the Board of Pharmacy not to be of

good moral character and habits as provided in paragraph (C) of Rule 4729-5-04 of the Ohio Administrative Code.

(3) The State Board of Pharmacy concludes that paragraph (4) of the Findings of Fact constitutes having been convicted of a felony as provided in paragraph (A) of Rule 4729-5-04 of the Ohio Administrative Code.

(4) The State Board of Pharmacy concludes that paragraph (4) of the Findings of Fact constitutes having been disciplined by the State Board of Pharmacy pursuant to section 4729.16 of the Ohio Revised Code as provided in paragraph (E) of Rule 4729-5-04 of the Ohio Administrative Code.

## DECISION OF THE BOARD

Pursuant to Sections 4729.08 and 4729.16 of the Ohio Revised Code and Rule 4729-5-04 of the Ohio Administrative Code, and on the basis of the foregoing Findings of Fact and Conclusions of Law, the State Board of Pharmacy hereby denies the issuance of a certificate of registration or an identification card to practice as a pharmacist in Ohio and, therefore, denies the application for registration by reciprocity submitted by John Joseph Perry on or about May 8, 2009.

Donald Casar moved for Findings of Fact; Deborah Lange seconded the motion. Motion passed (Aye-6/Nay-0).

Deborah Lange moved for Conclusions of Law; Brian Joyce seconded the motion. Motion passed (Aye-4/Nay-3; tie vote broken by vote of the President).

Deborah Lange moved for Action of the Board; Heather Pasquale seconded the motion. Motion passed (Aye-4/Nay-3; tie vote broken by vote of the President).

| | |
|---|---|
| 11:30 a.m. | The adjudication hearing in the matter of **Gary Alan Evankovich**, R.Ph. (03-2-13226) Youngstown, Ohio, was resumed from the October 7, 2009, Board meeting. Mr. Casar and Mr. Joyce who had recused themselves in October, did not attend the hearing. |
| 12:00 p.m. | The Board recessed for lunch and Mr. Casar and Mr. Joyce left the meeting. |
| 1:00 p.m. | The meeting reconvened and the **Gary Alan Evankovich** hearing resumed. |
| 4:21 p.m. | The Board recessed briefly. |
| 4:33 p.m. | The hearing resumed. |
| 4:34 p.m. | The hearing ended and the record was closed. |
| 4:34 p.m. | Mr. Kolezynski moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Ms. Pasquale and a roll-call vote was conducted by President Gregg as follows: Gahm – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*. |
| 5:12 p.m. | The Executive Session ended and the meeting was opened to the public. |

5:14 p.m.
**R-2010-075**       After votes were taken in public session, the Board adopted the following order in the matter of **Gary Alan Evankovich**, R.Ph. (03-2-13226) Youngstown, Ohio.

## ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-080806-011
*in the matter of*:

### GARY A. EVANKOVICH, R.Ph.
4470 Devonshire Drive
Youngstown, Ohio 44512

R.Ph. Number 03-2-13226

### INTRODUCTION

The matter of Gary A. Evankovich came for hearing on September 14, and 15, 2009, October 7, 2009 and November 4, 2009, before the following members of the Board:  Elizabeth I. Gregg, R.Ph. (*presiding*); Troy A. Gahm, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Heather L. Pasquale, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

Brian M. Joyce, R.Ph., Board Member, recused.
Donald M. Casar, R.Ph., Board Member, recused.

Gary A. Evankovich was represented by Harry R. Reinhart and Walter Hoff. The State of Ohio was represented by Tracy M. Greuel, Assistant Attorney General.

### SUMMARY OF EVIDENCE

State's Witnesses:            John A. Petracci, R.Ph.
                             JoAnn Gibb, Ohio Bureau of Identification and Investigation
                             George Pavlich, Ohio State Board of Pharmacy
                             Gary A. Evankovich, R.Ph., Respondent
                             Timothy J. Benedict, R.Ph., Ohio State Board of Pharmacy, Assistant Executive Director

Respondent's Witnesses:      Scott L. Hall
                             Thomas P. Fischer
                             Danna Droz, R.Ph., Esq.
                             Rick Shantery
                             Gregory Gett, CPA
                             Douglas T. Putnam
                             Lois Colley

State's Exhibits:
1.       Copy of Notice of Opportunity For Hearing letter  [08-06-08]
1A-1G. Procedurals
1H.      Amendment Notice  [ 05-21-09]
1I-1S.  Procedurals
2.       OARRS notification for pharmacist compliance requirements  [01-09-06]
3.       Dangerous Drug Distributor Inspection Report at Mill Creek Square Pharmacy with attachments  [08-02-06]
3A.     Samples of prescriptions dispensed on January 3, 2006  [08-02-06]
3B.     Samples of prescriptions dispensed on June 15, 2006  [08-02-06]
4.       Photographs of Mill Creek Square Pharmacy  [08-03-06]

5. Letter from Ansel R. Marks, M.D., J.D. to Herbert Louis Gould, M.D.  [02-23-06]; New York State Board for Professional Medical Conduct Consent Order with attachment in re Herbert Louis Gould, M.D.  [02-22-06]

6. Letter to Ohio State Board of Pharmacy from Gary Evankovich, R.Ph. closing Mill Creek Square Pharmacy  [10-28-06]

7. Common Pleas Court of Mahoning County Ohio Affidavit for Search Warrant served on December 20, 2006  [12-19-06]

8. Photographs of storage warehouse and evidence  [12-20-06]

9. Youngstown Police Department Rights Waiver and notarized statement of Gary Evankovich, R.Ph.  [12-20-06]

10. Mahoning Valley Law Enforcement Task Force Consent to Search  [12-20-06]

11. Faxed internet advertisement  [not dated]

12. Faxed copy of internet communication from Joe of AllAmericanRx, Pharmacies Recruiter  [06-22-05]

13. Pharmacy Contract between Mill Creek Square Pharmacy and AllAmericanRx  [09-13-05]

14. Mahoning County Ohio Common Pleas Court Affidavit for Search Warrant  [01-09-07]

15. Mahoning County Ohio Common Pleas Court Search Warrant  [01-30-07]; Ohio Bureau of Criminal Identification Investigation CCU Analysis Report  [04-10-07]

16. Bureau of Criminal Identification CD with case information; printed documentation  [04-07-07]

17. Audit of List of Drugs Diverted with Agent entries noted  [03-18-08]

18. DVD of scanned internet prescriptions  [10-07-05 to 06-15-06]

19. Samples of internet prescriptions for various time periods  [10-18-05 to 06-06-06]

20. Notarized statement of John A. Petracci  [05-28-09]

21. Telephone records of John A. Petracci, R.Ph.  [06-08-06]

Respondent's Exhibits:

A. Copy of Ohio State Board of Pharmacy Mission Statement

B. Copy of Ohio Northern University College of Pharmacy Diploma for Gary Alan Evankovich  [05-21-78]

C. Affidavit of Terri O'Dea; Affidavit of Roland Messing; Affidavit of Sarah Vestal; Affidavit of Leslie Dirienzo  [09-12-09]

D. Ohio Administrative Code §4729-5-21 Manner of processing a prescription  [not dated]

E. Ohio Administrative Code §4731-11-09 Prescribing to persons not seen by the physician  [eff.10-01-99]

F. Copy of Ruth Ann Holzhauser, M.D., Litigation  [Final 02-20-08]

G. Notarized Statement of John A. Petracci  [05-28-09]; Deposition  [08-27-09]

H. Hearing Officer Rules against Holzhauser  [12-16-05] See Exhibit F

I. Ohio State Board of Pharmacy letter from Danna E. Droz, R.Ph., J.D., announcing Ohio Automated Rx Reporting System program (OARRS)  [03-20-06]

J. State Medical Board Adopts Findings Against Holzhauser  [02-08-06] See Exhibit F

K. Ohio State Board of Pharmacy Minutes - No mention of Holzhauser  [02-08-06]

L. Copy of E-mail from Gary Evankovich to Danna Droz  [05-18-06]; response  [05-19-06]; Letter from Danna E. Droz to Gary Evankovich  [05-20-06]; Letter from Danna E. Droz regarding Ohio Automated Rx Reporting System accepting reports on May 1, 2006  [03-20-06]; Letter From Danna E. Droz to Gary Evankovich  [05-20-06]

M. Ohio State Board of Pharmacy newsletter [February 2001 through February 2009]

N.     Copy of Report of Investigation by Agent George Pavlich [10-09-06 to 05-16-08]

O.     Letter from Danna E. Droz to Gary Evankovich [05-20-06]

P.     Gary Evankovich terminates All American Rx internet pharmacy [06-14-09] See Patracci deposition, Exhibit G

Q.     Dangerous Drug Distributor Inspection Report at Mill Creek Square Pharmacy [08-02-06]; Youngstown Police Department Receipt/Inventory [12-20-06]

R.     Letter from Gary Evankovich, R.Ph. to Ohio State Board of Pharmacy with attachments about closing Mill Creek Square Pharmacy [10-28-06]

S.     Holzhauser case becomes final [02-20-08] See Exhibit F

T.     State of Ohio, Montgomery County Court of Common Pleas, Case No. 2008 CR 01559 Indictment in the matter of Jonathan Price Shelton [05-09-08]

U.     Ohio State Board of Pharmacy hearing schedule letter for Gary A. Evankovich, R.Ph. [08-25-08]

V.     One hundred Tenth Congress of the United States of America Ryan Haight on Line Consumer Protection Act and related Federal Register Publication [10-15-08]

W.     Indictment, State of Ohio vs. Gary Evankovich, R.Ph., Case No. 09 CR 38 County of Mahoning, Court of Common Pleas [01-15-08]

X.     Decision and Entry Finding the Defendant Not Guilty After Trial to The Court, State of Ohio vs. Jonathan Shelton, Case No. 08-CR-1559 [02-06-09]

Y.     Memorandum Re Internet Physicians/License History & Disciplinary Actions [02-19-09 to 02-27-09]

Z.     Ohio Administrative Code: Prescription Format Rule 4729-5-13; Manner of Issuance of a Prescription Rule 4729-5-30

AA.     Internet prescribing information for KwikMed [not dated]

BB.     Jurisprudence Quiz 2004 through 2009

CC.     Ohio State Board of Pharmacy Permission for Installation of Video Equipment [04-25-05]; Dangerous Drug Distributor Inspection Report for Mill Creek Square Pharmacy [11-05-02]; Dangerous Drug Distributor Inspection Report for Mill Creek Square Pharmacy [10-05-99]; Dangerous Drug Distributor Inspection Report for Mill Creek Square Pharmacy [10-31-95]; Dangerous Drug Distributor Inspection Report for Mill Creek Square Pharmacy [01-02-96];

DD.     Trial Stipulations, State v. Jonathan Price Shelton, Case 2008-CR-1559, Montgomery County, Ohio [02-02-09]

EE.     Resume of Scott L. Hall; Findings regarding Internet Sale for IPG (Independent Pharmacy Group) [October 2005 thru June 2006]

EE-2.     Print out of Scott Hall's Power Point Presentation [09-15-09]

FF.     Affidavit of Todd M. Zevchik [not dated]

GG.     Resume of Rick Shantery; Forensic Computer Analysis Report

HH.     Transcript of Interrogation of Gary Evankovich [12-20-06]

II.     One hundred Sixth Congress of the United States of America Title I - Electronic Records and Signatures in Commerce [01-24-00]

JJ1-10½     Exhibits to investigator Tom Fisher's testimony

AAA.     Receipt for delivery of OARRS Compliance CD [09-10-09]

BBB.     Proffered Exhibit Affidavit of Douglas T. Putnam [11-02-09]

CCC.     Ohio Revised Code §119.02 [January 2008]

DDD.     Judgment Entry, State of Ohio vs. Gary Evankovich, Case No. 09 CR 38 [09-30-09]

EEE.     Exhibit Withdrawn

FFF.     Exhibit Withdrawn

GGG.     Letter from Michael J. McGee, Esq. to Harry Reinhart, Esq. [11-03-09]

HHH.     Corrected Affidavit of Terri O'Dea [09-13-09]

## FINDINGS OF FACT

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1) Records of the State Board of Pharmacy indicate that Gary A. Evankovich was originally licensed in the State of Ohio on August 9, 1978, pursuant to examination, and is currently licensed to practice pharmacy in the State of Ohio.

(2) Gary A. Evankovich did, from October 7, 2005, through June 15, 2006, a period of approximately 8 months, sell at retail dangerous drugs when the conduct was not in accordance with Chapters 4729. and 4731. of the Ohio Revised Code, to wit: Gary A. Evankovich dispensed the following dangerous drugs or their generic equivalents without valid prescriptions. These were generated from Internet sales and the electronic signature authorization of physicians for patients who reside primarily in states other than Ohio.  In total, there were 15,380 purported prescriptions written for 1,491,171 doses of dangerous drugs, summarized as follows:

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| Aciphex | 20 mg | 1 X 30 tablets | 30 tablets |
| acyclovir | 200 mg | 8 X 30 capsules | 240 capsules |
| acyclovir | 200 mg | 9 X 90 capsules | 810 capsules |
| acyclovir | 400 mg | 4 X 30 tablets | 120 tablets |
| acyclovir | 400 mg | 36 X 90 tablets | 3240 tablets |
| acyclovir | 800 mg | 56 X 90 tablets | 5040 tablets |
| acyclovir | 800 mg | 7 X 30 tablets | 210 tablets |
| Aldactone | 100 mg | 2 X 30 tablets | 60 tablets |
| Aldara | 5% | 4 X 12 pack | four 12 packs |
| Alesse | 0.1/0.02 mg | 3 X 84 tablets | 254 tablets |
| Alesse | 0.1/0.02 mg | 2 X 28 tablets | 56 tablets |
| Aldactone | 100 mg | 3 X 30 tablets | 90 tablets |
| Allegra-D | 120 mg | 1 X 30 tablets | 30 tablets |
| Allegra-D | 120 mg | 2 X 60 tablets | 120 tablets |
| amoxicillin | 250 mg | 17 X 30 tablets | 510 tablets |
| amoxicillin | 500 mg | 85 X 30 tablets | 2550 tablets |
| Antivert | 12.5 mg | 2 X 30 tablets | 60 tablets |
| Atarax | 50 mg | 5 X 30 tablets | 150 tablets |
| Bentyl | 20 mg | 5 X 90 tablets | 450 tablets |
| BuSpar | 10 mg | 5 X 30 tablets | 150 tablets |
| BuSpar | 10 mg | 3 X 90 tablets | 270 tablets |
| BuSpar | 15 mg | 4 X 90 tablets | 360 tablets |
| Celexa | 20 mg | 2 X 30 tablets | 60 tablets |
| Celexa | 20 mg | 4 X 90 tablets | 360 tablets |
| Celexa | 40 mg | 5 X 30 tablets | 150 tablets |
| Cialis | 10 mg | 18 X 3 tablets | 54 tablets |
| Cialis | 10 mg | 54 X 5 tablets | 270 tablets |
| Cialis | 10 mg | 62 X 10 tablets | 620 tablets |
| Cialis | 10 mg | 18 X 15 tablets | 270 tablets |
| Cialis | 10 mg | 19 X 20 tablets | 380 tablets |
| Cialis | 10 mg | 12 X 30 tablets | 360 tablets |
| Cialis | 20 mg | 20 X 3 tablets | 60 tablets |
| Cialis | 20 mg | 56 X 5 tablets | 280 tablets |

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| Cialis | 20 mg | 148 X 10 tablets | 1480 tablets |
| Cialis | 20 mg | 54 X 15 tablets | 810 tablets |
| Cialis | 20 mg | 94 X 20 tablets | 1880 tablets |
| Cialis | 20 mg | 116 X 30 tablets | 3480 tablets |
| colchicine | 0.6 mg | 4 X 90 tablets | 360 tablets |
| condylox | 0.50% | 28 X 1 tube | 28 tubes |
| condylox | 0.50% | 3 X 3 tubes | 9 tubes |
| cyclobenzaprine | 10 mg | 7 X 30 tablets | 210 tablets |
| cyclobenzaprine | 10 mg | 67 X 90 tablets | 6030 tablets |
| Denavir | 1% | 2 X 1 tube | 2 tubes |
| Diflucan | 150 mg | 3 X 1 tablet | 3 tablets |
| Diflucan | 150 mg | 5 X 3 tablets | 15 tablets |
| Diflucan | 150 mg | 3 x 5 tablets | 15 tablets |
| Diflucan | 200 mg | 3 X 5 tablets | 15 tablets |
| Diflucan | 200 mg | 4 X 10 tablets | 40 tablets |
| Diprolene | 0.05% | 2 X 1 tube | 2 tubes or 30 gm |
| Effexor-XR | 37.5 mg | 2 X 30 capsules | 60 capsules |
| Effexor-XR | 75 mg | 6 X 30 capsules | 180 capsules |
| Effexor-XR | 75 mg | 8 X 90 capsules | 720 capsules |
| Effexor-XR | 150 mg | 11 X 30 capsules | 330 capsules |
| Elavil | 25 mg | 1 X 90 tablets | 90 tablets |
| Elavil | 50 mg | 1 X 90 tablets | 90 tablets |
| Esgic-Plus | 50/40/325 mg | 3 X 60 tablets | 180 tablets |
| Esgic-Plus | 50/40/325 mg | 25 X 90 tablets | 2250 tablets |
| estradiol | 2 mg | 8 X 90 tablets | 720 tablets |
| Famvir | 250 mg | 1 X 30 tablets | 30 tablets |
| Famvir | 250 mg | 1 X 60 tablets | 60 tablets |
| Flexeril | 10 mg | 20 X 30 tablets | 600 tablets |
| Flexeril | 10 mg | 54 X 90 tablets | 4860 tablets |
| Flonase | 0.05% | 3 x 1 Bottles / 16 gm | 3 Bottles / 16 gm |
| Flonase | 0.05% | 3 X 3 Bottles / 16 gm | 9 Bottles / 48 gm |
| fluoxetine | 20 mg% | 9 X 90 capsules | 810 capsules |
| Fosamax | 70 mg | 1 X 2 units | 2 units |
| Fioricet | 40 mg | 67 X 30 tablets | 2010 tablets |
| Fioricet | 40 mg | 4415 X 90 tablets | 397,350 tablets |
| Imitrex | 50 mg | 2 X 9 tablets | 18 tablets |
| Imitrex | 100 mg | 38 X 9 tablets | 342 tablets |
| Levitra | 5 mg | 3 X 5 tablets | 15 tablets |
| Levitra | 5 mg | 11 X 10 tablets | 110 tablets |
| Levitra | 5 mg | 1 X 15 tablets | 15 tablets |
| Levitra | 5 mg | 1 X 20 tablets | 20 tablets |
| Levitra | 5 mg | 2 X 30 tablets | 60 tablets |
| Levitra | 10 mg | 3 X 3 tablets | 9 tablets |
| Levitra | 10 mg | 12 X 5 tablets | 60 tablets |
| Levitra | 10 mg | 19 X 10 tablets | 190 tablets |
| Levitra | 10 mg | 1 X 15 tablets | 15 tablets |
| Levitra | 10 mg | 7 X 20 tablets | 140 tablets |
| Levitra | 10 mg | 7 X 30 tablets | 210 tablets |
| Levitra | 20 mg | 6 X 3 tablets | 18 tablets |
| Levitra | 20 mg | 12 X 5 tablets | 60 tablets |
| Levitra | 20 mg | 43 X 10 tablets | 430 tablets |
| Levitra | 20 mg | 12 X 15 tablets | 180 tablets |
| Levitra | 20 mg | 12 X 20 tablets | 240 tablets |

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| Levitra | 20 mg | 31 X 30 tablets | 930 tablets |
| Lexapro | 10 mg | 3 X 30 tablets | 90 tablets |
| Lexapro | 10 mg | 2 X 60 tablets | 120 tablets |
| Lexapro | 10 mg | 2 X 90 tablets | 180 tablets |
| Lexapro | 20 mg | 12 X 30 tablets | 360 tablets |
| Lexapro | 20 mg | 6 X 60 tablets | 360 tablets |
| Lexapro | 20 mg | 5 X 90 tablets | 450 tablets |
| Lipitor | 10 mg | 2 X 90 tablets | 180 tablets |
| Lipitor | 20 mg | 1 X 90 tablets | 90 tablets |
| Lipitor | 40 mg | 1 X 90 tablets | 90 tablets |
| Lipitor | 80 mg | 3 X 90 tablets | 270 tablets |
| Motrin | 600 mg | 1 X 60 tablets | 60 tablets |
| Motrin | 800 mg | 8 X 60 tablets | 480 tablets |
| Naprosyn | 500 mg | 1 X 30 tablets | 30 tablets |
| Naprosyn | 500 mg | 2 X 60 tablets | 120 tablets |
| Nasacort AQ | 55 mcg | 4 X 16.5 gm | 66 gm |
| Nexium | 20 mg | 2 x 30 tablets | 30 tablets |
| Norvasc | 2.5 mg | 1 X 30 tablets | 60 tablets |
| Norvasc | 5 mg | 2 x 30 tablets | 60 tablets |
| Norvasc | 5 mg | 1X 90 tablets | 90 tablets |
| Norvasc | 10 mg | 3 X 30 tablets | 90 tablets |
| Norvasc | 10 mg | 3 X 90 tablets | 270 tablets |
| Ortho Tri-Cyclen | 35 mcg | 9 X 28 tablets | 252 tablets |
| Ortho Tri-Cyclen | 35 mcg | 38 X 84 tablets | 3192 tablets |
| Ortho Evra | 6 mg | 3 X 3 patches | 9 patches |
| Ortho Evra | 6 mg | 5 X 6 patches | 30 patches |
| Patanol | 0.10% | 2 X 5 mL | 10 mL |
| Paxil CR | 20 mg | 4 X 30 tablets | 120 tablets |
| Paxil | 20 mg | 4 X 90 tablets | 360 tablets |
| Paxil CR | 25 mg | 6 X 30 tablets | 180 tablets |
| Paxil CR | 25 mg | 1 X 90 tablets | 90 tablets |
| Paxil | 30 mg | 1 X 30 tablets | 30 tablets |
| Paxil | 37.5 mg | 3 X 30 tablets | 90 tablets |
| Paxil | 40 mg | 2 X 30 tablets | 60 tablets |
| Paxil | 40 mg | 5 X 90 tablets | 450 tablets |
| Prevacid | 30 mg | 4 X 30 capsules | 120 capsules |
| Prilosec | 20 mg | 1 X 90 capsules | 90 capsules |
| Prilosec | 20 mg | 1 X 30 capsules | 30 capsules |
| Propecia | 1 mg | 10 X 30 tablets | 300 tablets |
| Propecia | 1 mg | 14 X 60 tablets | 840 tablets |
| Propecia | 1 mg | 37 X 90 tablets | 3330 tablets |
| Propecia | 1 mg | 22 X 180 tablets | 3960 tablets |
| Prozac | 20 mg | 4 X 30 capsules | 120 capsules |
| Prozac | 20 mg | 35 X 90 capsules | 3150 capsules |
| Renova | 0.05% | 2 X 40 gm tube | 80 gm |
| Retin-A | 0.03% | 3 X 15 gm gel | 45 gm gel |
| Retin-A | 0.10% | 5 X 45 gm | 225 gm |
| Retin-A | 0.01% | 1 X 15 gm | 15 gm tube |
| Retin-A | 0.10% | 1 X 20 gm tube | 20 gm tube |
| Skelaxin | 800 mg | 3 X 30 tablets | 90 tablets |
| Skelaxin | 800 mg | 5 X 60 tablets | 300 tablets |
| Skelaxin | 800 mg | 3 X 90 tablets | 270 tablets |
| Soma | 350 mg | 45 X 30 tablets | 1350 tablets |

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| Soma | 350 mg | 1289 X 90 tablets | 116,010 tablets |
| Tamiflu | 75 mg | 3 X 10 tablets | 30 tablets |
| Tamiflu | 75 mg | 7 X 20 tablets | 140 tablets |
| Tamiflu | 75 mg | 36 X 30 tablets | 1080 tablets |
| tetracycline | 250 mg | 3 X 30 capsules | 90 capsules |
| tetracycline | 500 mg | 3 X 30 capsules | 90 capsules |
| tetracycline | 250 mg | 3 X 60 capsules | 180 capsules |
| tetracycline | 500 mg | 2 X 60 capsules | 120 capsules |
| tetracycline | 250 mg | 3 X 90 capsules | 270 capsules |
| tetracycline | 500 mg | 11 X 90 capsules | 990 capsules |
| tramadol | 50 mg | 77 X 30 tablets | 2310 tablets |
| tramadol | 50 mg | 1 X 88 tablets | 88 tablets |
| tramadol | 50 mg | 2211 X 90 tablets | 198,990 tablets |
| tramadol | 50 mg | 3264 X 180 tablets | 587,520 tablets |
| Transderm-Scop | 1.5 mg | 1 X 4 patches | 4 patches |
| Ultram | 50 mg | 35 X 30 tablets | 1,050 tablets |
| Ultram | 50 mg | 424 X 90 tablets | 38,160 |
| Ultracet | 37.5 mg | 35 X 30 tablets | 1050 tablets |
| Ultracet | 37.5 mg | 47 X 60 tablets | 2820 tablets |
| Ultracet | 37.5 mg | 286 X 90 tablets | 25,740 tablets |
| Viagra | 100 mg | 67 X 3 tablets | 201 tablets |
| Viagra | 100 mg | 107 X 5 tablets | 535 tablets |
| Viagra | 100 mg | 260 X 10 tablets | 2600 tablets |
| Viagra | 100 mg | 76 X 15 tablets | 1140 tablets |
| Viagra | 100 mg | 114 X 20 tablets | 2280 tablets |
| Viagra | 100 mg | 102 X 30 tablets | 3060 tablets |
| Valtrex | 500 mg | 14 X 30 tablets | 420 tablets |
| Valtrex | 1000 mg | 9 X 21 tablets | 189 tablets |
| Vaniqa | 13.90% | 4 X 30 gm | 120 gm |
| Wellbutrin | 75 mg | 3 X 30 tablets | 90 tablets |
| Wellbutrin | 75 mg | 2 X 60 tablets | 120 tablets |
| Wellbutrin | 75 mg | 3 X 90 tablets | 270 tablets |
| Wellbutrin | 100 mg | 1 X 30 tablets | 30 tablets |
| Wellbutrin | 100 mg | 2 X 60 tablets | 120 tablets |
| Wellbutrin | 100 mg | 25 X 90 tablets | 2250 tablets |
| Wellbutrin | 150 mg | 25 X 30 tablets | 750 tablets |
| Wellbutrin | 150 mg | 56 X 90 tablets | 5040 tablets |
| Xenical | 120 mg | 165 X 90 capsules | 14,850 capsules |
| Xenical | 120 mg | 14 X 180 capsules | 2,520 capsules |
| Yasmin | 30 mcg | 14 X 28 tablets | 392 tablets |
| Yasmin | 30 mcg | 35 X 84 tablets | 2940 tablets |
| Zanaflex | 2 mg | 1 X 30 tablets | 30 tablets |
| Zanaflex | 4 mg | 2 X 30 tablets | 60 tablets |
| Zanaflex | 4 mg | 13 X 90 tablets | 1170 tablets |
| Zithromax | 250 mg | 74 x 6 tablets | 444 tablets |
| Zithromax | 250 mg | 50 X 12 tablets | 600 tablets |
| Zithromax | 250 mg | 61 X 18 tablets | 1098 tablets |
| Zoloft | 25 mg | 1 X 30 tablets | 30 tablets |
| Zoloft | 50 mg | 7 X 30 tablets | 210 tablets |
| Zoloft | 50 mg | 1 X 90 tablets | 90 tablets |
| Zoloft | 100 mg | 20 X 30 tablets | 600 tablets |
| Zoloft | 100 mg | 5 X 60 tablets | 300 tablets |
| Zoloft | 100 mg | 8 X 90 tablets | 720 tablets |

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| Zovirax | 5% | 1 X 15 gm | 15 gm tube |
| Zyban | 150 mg | 1 X 30 tablets | 30 tablets |
| Zyban | 150 mg | 10 X 90 tablets | 900 tablets |

Such conduct is in violation of Section 4729.51(C)(1) of the Ohio Revised Code.

(3) Gary A. Evankovich did, from October 7, 2005, through June 15, 2006, a period of approximately 8 months, intentionally make and/or knowingly possess false or forged prescriptions, to wit: Gary A. Evankovich possessed the following purported prescriptions to cover for Internet sales of drugs or their generic equivalents not for a legitimate medical purpose. In total, there were 15,380 purported prescriptions summarized as follows:

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| Aciphex | 20 mg | 1 X 30 tablets | 30 tablets |
| acyclovir | 200 mg | 8 X 30 capsules | 240 capsules |
| acyclovir | 200 mg | 9 X 90 capsules | 810 capsules |
| acyclovir | 400 mg | 4 X 30 tablets | 120 tablets |
| acyclovir | 400 mg | 36 X 90 tablets | 3240 tablets |
| acyclovir | 800 mg | 56 X 90 tablets | 5040 tablets |
| acyclovir | 800 mg | 7 X 30 tablets | 210 tablets |
| Aldactone | 100 mg | 2 X 30 tablets | 60 tablets |
| Aldara | 5% | 4 X 12 pack | four 12 packs |
| Alesse | 0.1/0.02 mg | 3 X 84 tablets | 254 tablets |
| Alesse | 0.1/0.02 mg | 2 X 28 tablets | 56 tablets |
| Aldactone | 100 mg | 3 X 30 tablets | 90 tablets |
| Allegra-D | 120 mg | 1 X 30 tablets | 30 tablets |
| Allegra-D | 120 mg | 2 X 60 tablets | 120 tablets |
| amoxicillin | 250 mg | 17 X 30 tablets | 510 tablets |
| amoxicillin | 500 mg | 85 X 30 tablets | 2550 tablets |
| Antivert | 12.5 mg | 2 X 30 tablets | 60 tablets |
| Atarax | 50 mg | 5 X 30 tablets | 150 tablets |
| Bentyl | 20 mg | 5 X 90 tablets | 450 tablets |
| BuSpar | 10 mg | 5 X 30 tablets | 150 tablets |
| BuSpar | 10 mg | 3 X 90 tablets | 270 tablets |
| BuSpar | 15 mg | 4 X 90 tablets | 360 tablets |
| Celexa | 20 mg | 2 X 30 tablets | 60 tablets |
| Celexa | 20 mg | 4 X 90 tablets | 360 tablets |
| Celexa | 40 mg | 5 X 30 tablets | 150 tablets |
| Cialis | 10 mg | 18 X 3 tablets | 54 tablets |
| Cialis | 10 mg | 54 X 5 tablets | 270 tablets |
| Cialis | 10 mg | 62 X 10 tablets | 620 tablets |
| Cialis | 10 mg | 18 X 15 tablets | 270 tablets |
| Cialis | 10 mg | 19 X 20 tablets | 380 tablets |
| Cialis | 10 mg | 12 X 30 tablets | 360 tablets |
| Cialis | 20 mg | 20 X 3 tablets | 60 tablets |
| Cialis | 20 mg | 56 X 5 tablets | 280 tablets |
| Cialis | 20 mg | 148 X 10 tablets | 1480 tablets |
| Cialis | 20 mg | 54 X 15 tablets | 810 tablets |
| Cialis | 20 mg | 94 X 20 tablets | 1880 tablets |
| Cialis | 20 mg | 116 X 30 tablets | 3480 tablets |
| colchicine | 0.6 mg | 4 X 90 tablets | 360 tablets |

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| condylox | 0.50% | 28 X 1 tube | 28 tubes |
| condylox | 0.50% | 3 X 3 tubes | 9 tubes |
| cyclobenzaprine | 10 mg | 7 X 30 tablets | 210 tablets |
| cyclobenzaprine | 10 mg | 67 X 90 tablets | 6030 tablets |
| Denavir | 1% | 2 X 1 tube | 2 tubes |
| Diflucan | 150 mg | 3 X 1 tablet | 3 tablets |
| Diflucan | 150 mg | 5 X 3 tablets | 15 tablets |
| Diflucan | 150 mg | 3 x 5 tablets | 15 tablets |
| Diflucan | 200 mg | 3 X 5 tablets | 15 tablets |
| Diflucan | 200 mg | 4 X 10 tablets | 40 tablets |
| Diprolene | 0.05% | 2 X 1 tube | 2 tubes or 30 gm |
| Effexor-XR | 37.5 mg | 2 X 30 capsules | 60 capsules |
| Effexor-XR | 75 mg | 6 X 30 capsules | 180 capsules |
| Effexor-XR | 75 mg | 8 X 90 capsules | 720 capsules |
| Effexor-XR | 150 mg | 11 X 30 capsules | 330 capsules |
| Elavil | 25 mg | 1 X 90 tablets | 90 tablets |
| Elavil | 50 mg | 1 X 90 tablets | 90 tablets |
| Esgic-Plus | 50/40/325 mg | 3 X 60 tablets | 180 tablets |
| Esgic-Plus | 50/40/325 mg | 25 X 90 tablets | 2250 tablets |
| estradiol | 2 mg | 8 X 90 tablets | 720 tablets |
| Famvir | 250 mg | 1 X 30 tablets | 30 tablets |
| Famvir | 250 mg | 1 X 60 tablets | 60 tablets |
| Flexeril | 10 mg | 20 X 30 tablets | 600 tablets |
| Flexeril | 10 mg | 54 X 90 tablets | 4860 tablets |
| Flonase | 0.05% | 3 x 1 Bottles / 16 gm | 3 Bottles / 16 gm |
| Flonase | 0.05% | 3 X 3 Bottles / 16 gm | 9 Bottles / 48 gm |
| fluoxetine | 20 mg% | 9 X 90 capsules | 810 capsules |
| Fosamax | 70 mg | 1 X 2 units | 2 units |
| Fioricet | 40 mg | 67 X 30 tablets | 2010 tablets |
| Fioricet | 40 mg | 4415 X 90 tablets | 397,350 tablets |
| Imitrex | 50 mg | 2 X 9 tablets | 18 tablets |
| Imitrex | 100 mg | 38 X 9 tablets | 342 tablets |
| Levitra | 5 mg | 3 X 5 tablets | 15 tablets |
| Levitra | 5 mg | 11 X 10 tablets | 110 tablets |
| Levitra | 5 mg | 1 X 15 tablets | 15 tablets |
| Levitra | 5 mg | 1 X 20 tablets | 20 tablets |
| Levitra | 5 mg | 2 X 30 tablets | 60 tablets |
| Levitra | 10 mg | 3 X 3 tablets | 9 tablets |
| Levitra | 10 mg | 12 X 5 tablets | 60 tablets |
| Levitra | 10 mg | 19 X 10 tablets | 190 tablets |
| Levitra | 10 mg | 1 X 15 tablets | 15 tablets |
| Levitra | 10 mg | 7 X 20 tablets | 140 tablets |
| Levitra | 10 mg | 7 X 30 tablets | 210 tablets |
| Levitra | 20 mg | 6 X 3 tablets | 18 tablets |
| Levitra | 20 mg | 12 X 5 tablets | 60 tablets |
| Levitra | 20 mg | 43 X 10 tablets | 430 tablets |
| Levitra | 20 mg | 12 X 15 tablets | 180 tablets |
| Levitra | 20 mg | 12 X 20 tablets | 240 tablets |
| Levitra | 20 mg | 31 X 30 tablets | 930 tablets |
| Lexapro | 10 mg | 3 X 30 tablets | 90 tablets |
| Lexapro | 10 mg | 2 X 60 tablets | 120 tablets |
| Lexapro | 10 mg | 2 X 90 tablets | 180 tablets |
| Lexapro | 20 mg | 12 X 30 tablets | 360 tablets |

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| Lexapro | 20 mg | 6 X 60 tablets | 360 tablets |
| Lexapro | 20 mg | 5 X 90 tablets | 450 tablets |
| Lipitor | 10 mg | 2 X 90 tablets | 180 tablets |
| Lipitor | 20 mg | 1 X 90 tablets | 90 tablets |
| Lipitor | 40 mg | 1 X 90 tablets | 90 tablets |
| Lipitor | 80 mg | 3 X 90 tablets | 270 tablets |
| Motrin | 600 mg | 1 X 60 tablets | 60 tablets |
| Motrin | 800 mg | 8 X 60 tablets | 480 tablets |
| Naprosyn | 500 mg | 1 X 30 tablets | 30 tablets |
| Naprosyn | 500 mg | 2 X 60 tablets | 120 tablets |
| Nasacort AQ | 55 mcg | 4 X 16.5 gm | 66 gm |
| Nexium | 20 mg | 2 x 30 tablets | 30 tablets |
| Norvasc | 2.5 mg | 1 X 30 tablets | 60 tablets |
| Norvasc | 5 mg | 2 x 30 tablets | 60 tablets |
| Norvasc | 5 mg | 1X 90 tablets | 90 tablets |
| Norvasc | 10 mg | 3 X 30 tablets | 90 tablets |
| Norvasc | 10 mg | 3 X 90 tablets | 270 tablets |
| Ortho Tri-Cyclen | 35 mcg | 9 X 28 tablets | 252 tablets |
| Ortho Tri-Cyclen | 35 mcg | 38 X 84 tablets | 3192 tablets |
| Ortho Evra | 6 mg | 3 X 3 patches | 9 patches |
| Ortho Evra | 6 mg | 5 X 6 patches | 30 patches |
| Patanol | 0.10% | 2 X 5 mL | 10 mL |
| Paxil CR | 20 mg | 4 X 30 tablets | 120 tablets |
| Paxil | 20 mg | 4 X 90 tablets | 360 tablets |
| Paxil CR | 25 mg | 6 X 30 tablets | 180 tablets |
| Paxil CR | 25 mg | 1 X 90 tablets | 90 tablets |
| Paxil | 30 mg | 1 X 30 tablets | 30 tablets |
| Paxil | 37.5 mg | 3 X 30 tablets | 90 tablets |
| Paxil | 40 mg | 2 X 30 tablets | 60 tablets |
| Paxil | 40 mg | 5 X 90 tablets | 450 tablets |
| Prevacid | 30 mg | 4 X 30 capsules | 120 capsules |
| Prilosec | 20 mg | 1 X 90 capsules | 90 capsules |
| Prilosec | 20 mg | 1 X 30 capsules | 30 capsules |
| Propecia | 1 mg | 10 X 30 tablets | 300 tablets |
| Propecia | 1 mg | 14 X 60 tablets | 840 tablets |
| Propecia | 1 mg | 37 X 90 tablets | 3330 tablets |
| Propecia | 1 mg | 22 X 180 tablets | 3960 tablets |
| Prozac | 20 mg | 4 X 30 capsules | 120 capsules |
| Prozac | 20 mg | 35 X 90 capsules | 3150 capsules |
| Renova | 0.05% | 2 X 40 gm tube | 80 gm |
| Retin-A | 0.03% | 3 X 15 gm gel | 45 gm gel |
| Retin-A | 0.10% | 5 X 45 gm | 225 gm |
| Retin-A | 0.01% | 1 X 15 gm | 15 gm tube |
| Retin-A | 0.10% | 1 X 20 gm tube | 20 gm tube |
| Skelaxin | 800 mg | 3 X 30 tablets | 90 tablets |
| Skelaxin | 800 mg | 5 X 60 tablets | 300 tablets |
| Skelaxin | 800 mg | 3 X 90 tablets | 270 tablets |
| Soma | 350 mg | 45 X 30 tablets | 1350 tablets |
| Soma | 350 mg | 1289 X 90 tablets | 116,010 tablets |
| Tamiflu | 75 mg | 3 X 10 tablets | 30 tablets |
| Tamiflu | 75 mg | 7 X 20 tablets | 140 tablets |
| Tamiflu | 75 mg | 36 X 30 tablets | 1080 tablets |
| tetracycline | 250 mg | 3 X 30 capsules | 90 capsules |

| Drug Diverted | Strength | Total RX's times Qty | Total Qty dispensed |
|---|---|---|---|
| tetracycline | 500 mg | 3 X 30 capsules | 90 capsules |
| tetracycline | 250 mg | 3 X 60 capsules | 180 capsules |
| tetracycline | 500 mg | 2 X 60 capsules | 120 capsules |
| tetracycline | 250 mg | 3 X 90 capsules | 270 capsules |
| tetracycline | 500 mg | 11 X 90 capsules | 990 capsules |
| tramadol | 50 mg | 77 X 30 tablets | 2310 tablets |
| tramadol | 50 mg | 1 X 88 tablets | 88 tablets |
| tramadol | 50 mg | 2211 X 90 tablets | 198,990 tablets |
| tramadol | 50 mg | 3264 X 180 tablets | 587,520 tablets |
| Transderm-Scop | 1.5 mg | 1 X 4 patches | 4 patches |
| Ultram | 50 mg | 35 X 30 tablets | 1,050 tablets |
| Ultram | 50 mg | 424 X 90 tablets | 38,160 |
| Ultracet | 37.5 mg | 35 X 30 tablets | 1050 tablets |
| Ultracet | 37.5 mg | 47 X 60 tablets | 2820 tablets |
| Ultracet | 37.5 mg | 286 X 90 tablets | 25,740 tablets |
| Viagra | 100 mg | 67 X 3 tablets | 201 tablets |
| Viagra | 100 mg | 107 X 5 tablets | 535 tablets |
| Viagra | 100 mg | 260 X 10 tablets | 2600 tablets |
| Viagra | 100 mg | 76 X 15 tablets | 1140 tablets |
| Viagra | 100 mg | 114 X 20 tablets | 2280 tablets |
| Viagra | 100 mg | 102 X 30 tablets | 3060 tablets |
| Valtrex | 500 mg | 14 X 30 tablets | 420 tablets |
| Valtrex | 1000 mg | 9 X 21 tablets | 189 tablets |
| Vaniqa | 13.90% | 4 X 30 gm | 120 gm |
| Wellbutrin | 75 mg | 3 X 30 tablets | 90 tablets |
| Wellbutrin | 75 mg | 2 X 60 tablets | 120 tablets |
| Wellbutrin | 75 mg | 3 X 90 tablets | 270 tablets |
| Wellbutrin | 100 mg | 1 X 30 tablets | 30 tablets |
| Wellbutrin | 100 mg | 2 X 60 tablets | 120 tablets |
| Wellbutrin | 100 mg | 25 X 90 tablets | 2250 tablets |
| Wellbutrin | 150 mg | 25 X 30 tablets | 750 tablets |
| Wellbutrin | 150 mg | 56 X 90 tablets | 5040 tablets |
| Xenical | 120 mg | 165 X 90 capsules | 14,850 capsules |
| Xenical | 120 mg | 14 X 180 capsules | 2,520 capsules |
| Yasmin | 30 mcg | 14 X 28 tablets | 392 tablets |
| Yasmin | 30 mcg | 35 X 84 tablets | 2940 tablets |
| Zanaflex | 2 mg | 1 X 30 tablets | 30 tablets |
| Zanaflex | 4 mg | 2 X 30 tablets | 60 tablets |
| Zanaflex | 4 mg | 13 X 90 tablets | 1170 tablets |
| Zithromax | 250 mg | 74 x 6 tablets | 444 tablets |
| Zithromax | 250 mg | 50 X 12 tablets | 600 tablets |
| Zithromax | 250 mg | 61 X 18 tablets | 1098 tablets |
| Zoloft | 25 mg | 1 X 30 tablets | 30 tablets |
| Zoloft | 50 mg | 7 X 30 tablets | 210 tablets |
| Zoloft | 50 mg | 1 X 90 tablets | 90 tablets |
| Zoloft | 100 mg | 20 X 30 tablets | 600 tablets |
| Zoloft | 100 mg | 5 X 60 tablets | 300 tablets |
| Zoloft | 100 mg | 8 X 90 tablets | 720 tablets |
| Zovirax | 5% | 1 X 15 gm | 15 gm tube |
| Zyban | 150 mg | 1 X 30 tablets | 30 tablets |
| Zyban | 150 mg | 10 X 90 tablets | 900 tablets |

Such conduct is in violation of Section 2925.23(B)(1) of the Ohio Revised Code.

(4) Gary A. Evankovich as the Responsible Pharmacist did, from January 1, 2006, through June 15, 2006, fail to submit to the Board prescription information, to wit: after having inquired and being told by Board personnel that Gary A. Evankovich was required to submit prescription information to the Ohio Automated Rx Reporting System (OARRS) program, Gary A. Evankovich failed to submit prescription information for internet dispensings of Soma 350 mg, Ultram 50 mg, and Tramadol 50 mg. Such conduct is in violation of Section 4729.77 of the Ohio Revised Code.

The Board further finds the Respondent introduced an exorbitant amount of testimony from several witnesses that was marginally relevant at best, largely irrelevant and clearly not useful or persuasive to the issues raised in the Notice of Opportunity for Hearing letter of August 6, 2008.

## CONCLUSIONS OF LAW

(1) The State Board of Pharmacy concludes that paragraphs (2) through (4) of the Findings of Fact constitute being guilty of a gross immorality as provided in Division (A)(1) of Section 4729.16 of the Ohio Revised Code.

(2) The State Board of Pharmacy concludes that paragraphs (2) through (4) of the Findings of Fact constitute being guilty of unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code.

(3) The State Board of Pharmacy concludes that paragraphs (2) through (4) of the Findings of Fact constitute being guilty of willfully violating, conspiring to violate, attempting to violate, or aiding and abetting the violation of provisions of Chapter 2925. of the Revised Code.

## DECISION OF THE BOARD

Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy adjudicates the matter of Gary A. Evankovich as follows:

(A) On the basis of the Findings of Fact and paragraph (1) of the Conclusions of Law, the State Board of Pharmacy hereby revokes permanently the pharmacist identification card, No. 03-2-13226, held by Gary A. Evankovich effective as of the date of the mailing of this Order.

(B) On the basis of the Findings of Fact and paragraph (2) of the Conclusions of Law, the State Board of Pharmacy hereby revokes permanently the pharmacist identification card, No. 03-2-13226, held by Gary A. Evankovich effective as of the date of the mailing of this Order.

(C) On the basis of the Findings of Fact and paragraph (3) of the Conclusions of Law, the State Board of Pharmacy hereby revokes permanently the pharmacist identification card, No. 03-2-13226, held by Gary A. Evankovich effective as of the date of the mailing of this Order.

(D) On the basis of the Findings of Fact and paragraph (4) of the Conclusions of Law, the State Board of Pharmacy hereby revokes permanently the

pharmacist identification card, No. 03-2-13226, held by Gary A. Evankovich effective as of the date of the mailing of this Order.

Gary A. Evankovich, pursuant to Section 4729.16(B) of the Ohio Revised Code, must return his license to practice (pocket ID card) and registration (wall certificate) to the office of the State Board of Pharmacy within ten days after receipt of this Order unless the Board office is already in possession of both. The identification card and wall certificate should be sent by certified mail, return receipt requested.

Troy Gahm moved for Findings of Fact; Richard Kolezynski seconded the motion.  Motion passed (Aye-5/Nay-0).

Heather Pasquale moved for Conclusions of Law; Troy Gahm seconded the motion.  Motion passed (Aye-5/Nay-0).

Jerome Wiesenhahn moved for Action of the Board; Deborah Lange seconded the motion.  Motion passed (Aye-5/Nay-0).

5:16 p.m.  Ms. Lange moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code and to confer with an attorney for the Board regarding pending or imminent court action pursuant to Section 121.22(G)(3) of the Ohio Revised Code. The motion was seconded by Mr. Kolezynski and a roll-call vote was conducted by President Gregg as follows: Gahm – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*.

5:40 p.m.  The Executive Session ended and the meeting was opened to the public.

OBPM_MDL_000000031.0035

P-20751 _ 00036

Mr. Gahm moved that the Board receive Per Diem as follows:

| PER DIEM | 9/21 | 10/13 | 11/02 | 11/03 | 11/04 | Total |
|----------|------|-------|-------|-------|-------|-------|
| Casar | 1 | - | 1 | 1 | 1 | 4 |
| Gahm | - | - | 1 | 1 | 1 | 3 |
| Gregg | - | - | 1 | 1 | 1 | 3 |
| Joyce | - | - | 1 | 1 | 1 | 3 |
| Kolezynski | - | - | 1 | 1 | 1 | 3 |
| Lange | - | 1 | 1 | 1 | 1 | 4 |
| Pasquale | - | - | 1 | 1 | 1 | 3 |
| Wiesenhahn | - | - | 1 | 1 | 1 | 3 |

Ms. Lange seconded the motion and it was approved by the Board: $Aye - 5$.

Mr. Gahm moved that the meeting be adjourned. The motion was seconded by Ms. Pasquale and approved by the Board: $Aye - 5$.

---

### The Ohio State Board of Pharmacy approved these Minutes December 8, 2009