# EXHIBIT 2

**Note:  These Minutes are provided for informational purposes only.**
If you would like to obtain an official copy of the Minutes, please contact the
State Board of Pharmacy at 614-466-4143 for instructions and fee information.

Ohio State Board of Pharmacy  77 South High Street, Room 1702  Columbus, Ohio 43215-6126
*telephone*: 614-466-4143          *fax*: 614-752-4836          *email*: exec@bop.ohio.gov

## Minutes of the December 5-7, 2011
## Meeting of the Ohio State Board of Pharmacy

PLAINTIFFS TRIAL
EXHIBIT
**P-20752_00001**

### Monday, December 5, 2011

10:00 a.m.  The Ohio State Board of Pharmacy convened in Room East B, 31st Floor, of the Vern
Riffe Center for Government and the Arts, 77 South High Street, Columbus, Ohio,
with the following members present:

Donald M. Casar, R.Ph., *President*; Brian M. Joyce, R.Ph., *Vice-President*; Edward T.
Cain, Public Member; Troy A. Gahm, R.Ph.; Richard F. Kolezynski. R.Ph.; Deborah
A. Lange, R.Ph.; Kevin J. Mitchell, R.Ph.; and Michael A. Moné, R.Ph.

Also present were William T. Winsley, *Executive Director*; John Whittington,
*Assistant Executive Director*; Mark Keeley, *Legislative Affairs Administrator*; Kyle
Parker, *Licensing Administrator*; Chris Reed, *Compliance Supervisor*; David Rowland,
*Legal Affairs Administrator*; Danna Droz, *Prescription Drug Monitoring Program
Director*; and Tracy Nave, *Assistant Attorney General*.

10:03 a.m.  Ms. Lange moved that the Board go into Executive Session for the purpose of the
investigation of complaints regarding licensees and registrants pursuant to Section
121.22(G)(1) of the Ohio Revised Code and to confer with an attorney for the Board
regarding pending or imminent court action pursuant to Section 121.22(G)(3) of
the Ohio Revised Code. The motion was seconded by Mr. Gahm and a roll-call
vote was conducted by President Casar as follows: Cain – *yes*; Gahm – *yes*; Joyce –
*yes*; Kolezynski – *yes*; Lange – *yes*; Mitchell – *yes*; Moné – *yes*.

11:21 a.m.  The Executive Session ended and the meeting was opened to the public.

Mr. Rowland said that the following Settlement Agreements have been signed and
are now effective:

### R2012-101  SETTLEMENT AGREEMENT WITH THE STATE BOARD OF PHARMACY
### VOLUNTARY SURRENDER WITH DISCIPLINARY ACTION
### PENDING PERMANENT SURRENDER
Docket Number D-090803-004

*in the matter of:*

John Robert Stone, R.Ph.
1034 Vernon Heights Boulevard
Marion, Ohio 43302

R.Ph. Number 03-2-17547

This Settlement Agreement is entered into by and between John Robert Stone and the Ohio State Board of Pharmacy, a state agency charged with enforcing the Pharmacy Practice Act and Dangerous Drug Distribution Act, Chapter 4729. of the Ohio Revised Code.

John Robert Stone enters into this Agreement being fully informed of his rights afforded under Chapter 119. of the Ohio Revised Code, including the right to representation by counsel and the right to a formal adjudication hearing on the issues contained herein.

John Robert Stone is knowingly and voluntarily acknowledging that, in order to settle the disciplinary charges that have been filed by the Board against him and in order to obviate the need to conduct an administrative hearing to consider possible disciplinary sanctions against John Robert Stone's license to practice pharmacy in the State of Ohio, this Agreement is entered into on the basis of the following stipulations, admissions, and understandings:

(A)  The Ohio State Board of Pharmacy is empowered by Section 4729.16 of the Ohio Revised Code to suspend, revoke, place on probation, refuse to grant or renew an identification card, or impose a monetary penalty on the license holder for violation of any of the enumerated grounds.

(B)  John Robert Stone neither admits nor denies the allegations pending in the Board's investigation; however, the Board has initiated and conducted an investigation pursuant to the mandate of Sections 3719.18 and 4729.25 of the Ohio Revised Code.

(C)  John Robert Stone acknowledges that he has been made aware of the investigation and has not failed to cooperate in said investigation. John Robert Stone further acknowledges that he has not been promised or given anything to indicate that the

P-GEN-00148

State of Ohio will not proceed with criminal charges; that criminal charges may be or may have been filed pursuant to the discretion of the appropriate prosecuting attorney and/or grand jury. The execution of this agreement does not affect, and is not affected by, any such criminal proceedings.

Wherefore, in consideration of the foregoing and mutual promises hereinafter set forth, and in lieu of the filing of formal ADMINISTRATIVE charges and/or holding a 119. hearing at this time, John Robert Stone knowingly and voluntarily **SURRENDERS PERMANENTLY TO THE STATE BOARD OF PHARMACY** HIS **LICENSE AND REGISTRATION TO PRACTICE PHARMACY, WITH DISCIPLINARY ACTION PENDING**. Pursuant to Rule 4729-9-01(F),

John Robert Stone may not be employed by, or work in, any facility licensed by the State Board of Pharmacy to possess or distribute dangerous drugs.

John Robert Stone acknowledges that he has had an opportunity to ask questions concerning the terms of this agreement and that all questions asked have been answered in a satisfactory manner.

John Robert Stone waives any and all claims or causes of action he may have against the State of Ohio or the Board, and members, officers, employees, and/or agents of either, arising out of matters which are the subject of this Agreement. John Robert Stone waives any rights of appeal pursuant to Chapter 119. of the Ohio Revised Code.

John Robert Stone must return the identification card and license (wall certificate) to the office of the State Board of Pharmacy within ten days after receipt of this Agreement unless the Board office is already in possession of both. The identification card and wall certificate should be sent by certified mail, return receipt requested.

This Settlement Agreement shall be considered a public record, as that term is used in Section 149.43 of the Ohio Revised Code, and shall become effective upon the date of the Board President's signature below.

OBPM_MDL_000000063.0002

P-20752 _ 00003

|  |  |
|---|---|
| s/  John Robert Stone, R.Ph. | Date Signed: 11/01/2011 |
| *Respondent* | |
| /s/  Daniel D. Connor | Date Signed: 11/01/2011 |
| *Attorney for Respondent* | |
| /s/  Donald M. Casar | Date Signed: 12/05/2011 |
| *President; Ohio State Board of Pharmacy* | |
| /s/  Tracy Marie Nave | Date Signed: 12/05/2011 |
| *Ohio Assistant Attorney General* | |

## R2012-102  SETTLEMENT AGREEMENT WITH THE STATE BOARD OF PHARMACY

Docket Number D-110714-197

*in the matter of:*

**GIANT EAGLE #4098**

c/o Kelly Ann Chappell, R.Ph.

351 Center Street

Chardon, Ohio 44024

Terminal Distributor Number 02-1214700

This Settlement Agreement is entered into by and between Giant Eagle #4098 and the Ohio State Board of Pharmacy, a state agency charged with enforcing the Pharmacy Practice Act and Dangerous Drug Distribution Act, Chapter 4729. Of the Ohio Revised Code.

Giant Eagle #4098 enters into this Agreement being fully informed of its rights afforded under Chapter 119. Of the Ohio Revised Code, including the right to representation by counsel, the right to a formal adjudication hearing on the issues contained herein, the right to appeal. Giant Eagle #4098 acknowledges that by entering into this Agreement it has waived its rights under Chapter 119. of the Revised Code.

WHEREAS, the State Board of Pharmacy is empowered by Section 4729.57 of the Ohio Revised Code to suspend, revoke, refuse to renew any license issued to a Terminal Distributor of Dangerous Drugs pursuant to section 4729.54 of the Revised Code, or may impose a monetary penalty on the license holder, for violation of

any of the enumerated grounds of Section 4729.57 of the Ohio Revised Code.

WHEREAS, Giant Eagle #4098 is a licensed terminal distributor of dangerous drugs in the State of Ohio.

WHEREAS, on or about July 14, 2011, pursuant to Chapter 119. of the Ohio Revised Code, Giant Eagle #4098 was notified of the allegations or charges against it, its right to a hearing, its rights in such hearing, and its right to submit contentions in writing. Further, a hearing was scheduled and continued by the Board. The July 14, 2011, Notice of Opportunity for Hearing contains the following allegations or charges:

(1)    Records of the Board of Pharmacy indicate that Giant Eagle #4098 is licensed with the State Board of Pharmacy as a Terminal Distributor of Dangerous Drugs. Records further reflect during the relevant time periods stated herein, Kelly Ann Chappell was the Responsible Pharmacist pursuant to Rule 4729-5-11 of the Ohio Administrative Code and Sections 4729.27 and 4729.55 of the Ohio Revised Code.

(2)    Giant Eagle Pharmacy #4098 did, from May 1, 2009, through January 21, 2011, fail to provide effective and approved controls and procedures to deter and detect theft and diversion of dangerous drugs, to wit: the following controlled substances and dangerous drugs were stolen from the pharmacy yet internal control procedures failed to deter or detect the theft. The drugs were stolen by an inadequately supervised technician who admitted to a Board agent that the drugs were diverted to her addicted husband and also sold to another individual.

(3)    Giant Eagle Pharmacy #4098 did, from May 1, 2009, through January 21, 2011, fail to provide effective and approved controls and procedures to deter and detect theft and diversion of dangerous drugs, to wit: the following controlled substances and dangerous drugs were stolen from the pharmacy yet internal control procedures failed to deter or detect the theft. The drugs were stolen by an inadequately supervised technician who admitted to a Board agent that the

drugs were diverted to her addicted husband and also sold to another individual.

| Drug | Strength | Shortage | Percent of stock |
|---|---|---|---|
| hydrocodone with APAP | 5/325 | 1,321 | 53.92 |
| hydrocodone with APAP | 5/500 | (-648) | 0.65 |
| hydrocodone with APAP | 7.5/325 | 5,237 | 67.49 |
| hydrocodone with APAP | 7.5/500 | 6,161 | 72.06 |
| hydrocodone with APAP | 7.5/750 | 30,566 | 57.67 |
| hydrocodone with APAP | 10/325 | 5,282 | 75.67 |
| hydrocodone with APAP | 10/500 | 14,586 | 75.19 |
| hydrocodone with APAP | 10/650 | 5,523 | 82.07 |
| hydrocodone with APAP | 10/660 | 17,512 | 82.22 |
| hydrocodone with ibuprofen | 7.5/200 | 1,057 | 52.33 |
| carisoprodol | 350 | 7,556 | 27.68 |
| Suboxone | 8 | 553 | 20.04 |

Such conduct is in violation of Rule 4729-9-05 of the Ohio Administrative Code.

Giant Eagle #4098 neither admits nor denies the allegations stated in the Notice of Opportunity for Hearing letter dated July 14, 2011.

Wherefore, in consideration of the foregoing and mutual promises hereinafter set forth, and in lieu of a formal hearing at this time, Giant Eagle #4098 knowingly and voluntarily agrees with the State Board of Pharmacy to the following:

(A)  Giant Eagle #4098 agrees to adopt and implement the policies as submitted to the Ohio State Board of Pharmacy in its letter dated September 27, 2011. These policies are incorporated into this Agreement as if fully rewritten herein.

(B)  Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy hereby imposes a monetary penalty of one thousand dollars ($1,000.00) on Giant Eagle #4098 and payment in full is due and owing within thirty days of the mailing of this Order. The remittance should be made payable to the "Treasurer, State of Ohio" and mailed with the enclosed form to the State Board of Pharmacy, 77 South High Street, Room 1702, Columbus, Ohio 43215-6126.

Giant Eagle #4098 acknowledges that it has had an opportunity to ask questions concerning the terms of this Agreement and that all questions asked have been answered in a satisfactory manner. Any action initiated by the Board based on alleged violation of this Agreement shall comply with the Administrative Procedure Act, Chapter 119. of the Ohio Revised Code.

Giant Eagle #4098 waives any and all claims or causes of action it may have against the State of Ohio or the Board, and members, officers, employees, and/or agents of either, arising out of matters which are the subject of this Agreement. Giant Eagle #4098 waives any rights of appeal pursuant to Chapter 119. of the Ohio Revised Code.

This Agreement embodies the entire Agreement between and of the parties. There are no express or implied promises, guarantees, terms, covenants, conditions, or obligations other than those contained herein; and this agreement supersedes all previous communications, representations or agreements, either verbal or written, between the parties.

This Settlement Agreement shall be considered a public record, as that term is used in Section 149.43 of the Ohio Revised Code, and shall become effective upon the date of the Board President's signature below.

/s/  Giant Eagle #4098 c/o Kelly A. Chappell, R.Ph.                                                  Date Signed:  11/11/2011
_____
*Respondent*
/s/  Stephen S. Zubrow                              Date Signed:  11/14/2011
_____
*Attorney for Respondent*
/s/  Brian M. Joyce, R.Ph.                          Date Signed:  12/05/2011
_____
*Vice-President; Ohio State Board of Pharmacy*  (sitting as President due to recusal)
/s/  Tracy Marie Nave                               Date Signed:  12/05/2011
_____
*Ohio Assistant Attorney General*

**R2012-103**   **SETTLEMENT AGREEMENT WITH THE STATE BOARD OF PHARMACY**

Docket Number D-110714-195

*in the matter of:*

### DOUGLAS E. URBANIAK, R.Ph.

411 E. Barrington

Chardon, Ohio 44024

R.Ph. Number 03-3-10687

This Settlement Agreement is entered into by and between Douglas E. Urbaniak and the Ohio State Board of Pharmacy, a state agency charged with enforcing the Pharmacy Practice Act and Dangerous Drug Distribution Act, Chapter 4729. of the Ohio Revised Code. Douglas E. Urbaniak voluntarily enters into this Agreement being fully informed of his rights afforded under Chapter 119. of the Ohio Revised Code, including the right to representation by counsel, the right to a formal adjudication hearing on the issues contained herein, and the right to appeal. Douglas E. Urbaniak acknowledges that by entering into this Agreement he has waived his rights under Chapter 119. of the Revised Code.

Whereas, the Board is empowered by Section 4729.16 of the Ohio Revised Code to suspend, revoke, limit, place on probation, refuse to grant or renew an identification card or enforce a monetary penalty on the license holder for violation of any of the enumerated grounds therein.

Whereas, Douglas E. Urbaniak is licensed to practice pharmacy in the State of Ohio.

Whereas, on or about July 14, 2011, pursuant to Chapter 119. of the Ohio Revised Code, Douglas E. Urbaniak was notified of the allegations or charges against him, his right to a hearing, his rights in such hearing, and his right to submit contentions in writing. Douglas E. Urbaniak requested a hearing; it was scheduled and continued. The July 14, 2011, Notice of Opportunity for Hearing contains the following allegations or charges:

(1)   Records of the State Board of Pharmacy indicate that Douglas E. Urbaniak was originally licensed in the State of Ohio on February 22, 1974, pursuant to reciprocity, and is currently

P-GEN-00148

licensed to practice pharmacy in the State of Ohio. Records further reflect during the relevant time periods stated herein, Douglas E. Urbaniak was the Responsible Pharmacist at Giant Eagle #4098, 351 Center Street, Chardon, Ohio 44024, pursuant to Sections 4729.27 and 4729.55 of the Ohio Revised Code and Rule 4729-5-11 of the Ohio Administrative Code.

(2) Douglas E. Urbaniak as the Responsible Pharmacist did, from May 1, 2009, through December 10, 2010, fail to provide "supervision and control" of dangerous drugs as required in division (B) of section 4729.55 of the Revised Code, and "adequate safeguards" to assure that dangerous drugs are being distributed in accordance with all state and federal laws as required in section 4729.55 of the Revised Code, to wit: the following controlled substances and dangerous drugs were stolen from the pharmacy yet internal control procedures failed to deter or detect the theft over the time period of May 1, 2009 to January 21, 2011, these drugs were stolen by an inadequately supervised technician who admitted to a Board agent that the drugs were diverted to her addicted husband and also sold to another individual.

| Drug | Strength | Shortage | Percent of Stock |
| --- | --- | --- | --- |
| hydrocodone with APAP | 5/325 | 1,321 | 53.92 |
| hydrocodone with APAP | 5/500 | (-648) | 0.65 |
| hydrocodone with APAP | 7.5/325 | 5,237 | 67.49 |
| hydrocodone with APAP | 7.5/500 | 6,161 | 72.06 |
| hydrocodone with APAP | 7.5/750 | 30,566 | 57.67 |
| hydrocodone with APAP | 10/325 | 5,282 | 75.67 |
| hydrocodone with APAP | 10/500 | 14,586 | 75.19 |
| hydrocodone with APAP | 10/650 | 5,523 | 82.07 |
| hydrocodone with APAP | 10/660 | 17,512 | 82.22 |
| Hydrocodone with ibuprofen | 7.5/200 | 1,057 | 52.33 |
| carisoprodol | 350 | 7,556 | 27.68 |
| Suboxone | 8 | 553 | 20.04 |

Such conduct is in violation of Rule 4729-9-11 of the Ohio Administrative Code.

Douglas E. Urbaniak neither admits nor denies the allegations stated in the Notice of Opportunity for Hearing letter dated July 14, 2011.

OBPM_MDL_000000063.0008

P-20752 _ 00009

Wherefore, in consideration of the foregoing and mutual promises hereinafter set forth, and in lieu of a formal hearing at this time, Douglas E. Urbaniak knowingly and voluntarily agrees with the State Board of Pharmacy to the following:

(A)  Douglas E. Urbaniak may not be employed as a responsible pharmacist within one year from the effective date of this Agreement.

(B)  Douglas E. Urbaniak must obtain, within one year from the effective date of this Agreement, one hour of approved continuing pharmacy education on managing controlled substances (0.1 CEU), which may not also be used for license renewal.

(C)  Douglas E. Urbaniak agrees to the imposition of a monetary penalty of five hundred dollars ($500.00) due and owing within thirty days from the effective date of this Agreement. Checks should be made payable to the "Treasurer, State of Ohio" and mailed with the enclosed forms to the State Board of Pharmacy, 77 South High Street, Room 1702, Columbus, Ohio 43215-6126.

Douglas E. Urbaniak acknowledges that he has had an opportunity to ask questions concerning the terms of this Agreement and that all questions asked have been answered in a satisfactory manner. Any action initiated by the Board based on alleged violation of this Agreement shall comply with the Administrative Procedure Act, Chapter 119. of the Ohio Revised Code.

Douglas E. Urbaniak waives any and all claims or causes of action he may have against the State of Ohio or the Board, and members, officers, employees, and/or agents of either, arising out of matters which are the subject of this Agreement. Douglas E. Urbaniak waives any rights of appeal pursuant to Chapter 119. of the Ohio Revised Code.

This Settlement Agreement shall be considered a public record, as that term is used in Section 149.43 of the Ohio Revised Code, and shall become effective upon the date of the Board President's signature below.

| | |
|---|---|
| s/  Douglas E. Urbaniak, R.Ph. | Date Signed:  11/02/2011 |
| *Respondent* | |
| /s/  Stephen S. Zubrow | Date Signed:  11/14/2011 |
| *Attorney for Respondent* | |
| /s/  Brian M. Joyce, R.Ph. | Date Signed:  12/05/2011 |
| *Vice-President, Ohio State Board of Pharmacy*  (sitting as President due to recusal) | |
| /s/  Tracy Marie Nave | Date Signed:  12/05/2011 |
| *Ohio Assistant Attorney General* | |

**R2012-104**     **SETTLEMENT AGREEMENT WITH THE STATE BOARD OF PHARMACY**
**VOLUNTARY SURRENDER WITH DISCIPLINARY ACTION**
**PENDING PERMANENT SURRENDER**
*in the matter of:*

**KeySource Medical, Inc.**
7820 Palace Drive
Cincinnati, Ohio 45249

WCSW - 1858

This Settlement Agreement is entered into by and between KeySource Medical, Inc., and the Ohio State Board of Pharmacy, a state agency charged with enforcing the Pharmacy Practice Act and Dangerous Drug Distribution Act, Chapter 4729. of the Ohio Revised Code.

KeySource Medical, Inc., enters into this Agreement being fully informed of his rights afforded under Chapter 119. of the Ohio Revised Code, including the right to representation by counsel and the right to a formal adjudication hearing on the issues contained herein.

KeySource Medical, Inc., is knowingly and voluntarily acknowledging that, in order to settle the disciplinary charges that would be filed by the Board against it and in order to obviate the need to conduct an administrative hearing to consider possible disciplinary sanctions against KeySource Medical, Inc.'s license to distribute controlled substances at wholesale in the State of Ohio, this Agreement is entered into on the basis of the following stipulations, admissions, and understandings:

P-GEN-00148

(A)   The Ohio State Board of Pharmacy is empowered by Chapters 3719. and 4729. of the Ohio Revised Code to suspend, revoke, place on probation, refuse to grant or renew a license to distribute controlled substances, or impose a monetary penalty on the license holder for violation of any of the enumerated grounds.

(B)   KeySource Medical, Inc., neither admits nor denies the allegations pending in the Board's investigation; however, the Board has initiated and conducted an investigation pursuant to the mandate of Sections 3719.18 and 4729.25 of the Ohio Revised Code. KeySource Medical, Inc., had initiated the contact with the Board and has cooperated with the Board in all respects.

Wherefore, in consideration of the foregoing and mutual promises hereinafter set forth, and in lieu of the filing of formal ADMINISTRATIVE charges and/or holding a 119. hearing at this time, KeySource Medical, Inc., knowingly and voluntarily **SURRENDERS PERMANENTLY TO THE STATE BOARD OF PHARMACY ITS LICENSE AND REGISTRATION TO DISTRIBUTE CONTROLLED SUBSTANCES, WITH DISCIPLINARY ACTION PENDING**.

KeySource Medical, Inc., acknowledges that it has had an opportunity to ask questions concerning the terms of this agreement and that all questions asked have been answered in a satisfactory manner.

KeySource Medical, Inc., waives any and all claims or causes of action it may have against the State of Ohio or the Board, and members, officers, employees, and/or agents of either, arising out of matters which are the subject of this Agreement. KeySource Medical, Inc., waives any rights of appeal pursuant to Chapter 119. of the Ohio Revised Code.

This Settlement Agreement shall be considered a public record, as that term is used in Section 149.43 of the Ohio Revised Code, and shall become effective upon the date of the Board President's signature below.

OBPM_MDL_000000063.0011

P-20752 _ 00012

|  | Date Signed: |
| /s/ KeySource Medical, Inc. by | 11/03/11 |

*Dennis J. Engel, President*

|  | Date Signed: |
| /s/  Donald M. Casar, R.Ph. | 12/05/11 |

*President; Ohio State Board of Pharmacy*

|  | Date Signed: |
| /s/  Tracy Marie Nave | 11/17/11 |

*Ohio Assistant Attorney General*

<u>R2012-105</u>  After discussion, Mr. Cain moved that the settlement offer in the matter of **The Kroger Company, Store #216,** Reynoldsburg, Ohio, Terminal Distributor of Dangerous Drugs license (02-0404900) be accepted as amended by the Board. The Board's acceptance of a settlement would be contingent on the respondent's agreeing to the changes made by the Board. Ms. Lange seconded the motion and it was approved by the Board: *Aye* – 6; *Nay* – 1.

<u>R2012-106</u>  After discussion, Mr. Moné moved that the settlement offer in the matter of **William M. Aring**, R.Ph. (03-1-12306) Toledo, Ohio, be accepted as amended by the Board. The Board's acceptance of a settlement would be contingent on the respondent's agreeing to the changes made by the Board. Mr. Kolezynski seconded the motion and it was approved by the Board: *Aye* – 4; *Nay* – 3.

<u>R2012-107</u>  After discussion, Mr. Joyce moved that the Notice of Opportunity for a Hearing issued to **Baltec Singh Randhawa**, R.Ph. (03-3-23974) Solon, Ohio, be withdrawn. Mr. Gahm seconded the motion and it was approved by the Board: *Aye* – 7.

The Board recessed briefly.

11:27 a.m.  The meeting resumed and Mr. Parker presented the following Prescription pick-up station requests:

<u>R2012-108</u>  The Board considered a request for an exemption to Ohio Administrative Code Rule 4729-5-10 (Prescription pick-up station) received for the following sites:

> **Humana RightSource RX**, Ohio          (02-1972850)
> Multiple physician offices as listed on the letter of request

After discussion, Mr. Gahm moved that the Board approve the request as long as the parties to the request comply with the requirements in the rule for such an exemption. The motion was seconded by Mr. Moné and approved by the Board: *Aye* – 7.

**R2012-109**  The Board considered a request for an exemption to Ohio Administrative Code Rule 4729-5-10 (Prescription pick-up station) received for the following sites:

>**SBH Medical LTD.,** Worthington, Ohio                              (02-1260150)
>**Back and Spine Center of West Chester**, West Chester, Ohio        (02-1771400)

After discussion, Mr. Kolezynski moved that the Board approve the request as long as the parties to the request comply with the requirements in the rule for such an exemption. The motion was seconded by Mr. Joyce and approved by the Board: *Aye – 7.*

**R2012-110**  The Board considered a request for an exemption to Ohio Administrative Code Rule 4729-5-10 (Prescription pick-up station) received for the following sites:

>**Central Admixture Pharmacy Services. Inc.,** Pittsburgh, Pennsylvania (02-2162500)
>**Life Line Hospital**, Wintersville, Ohio                              (02-1996500)

After discussion, Mr. Joyce moved that the Board approve the request as long as the parties to the request comply with the requirements in the rule for such an exemption. The motion was seconded by Mr. Kolezynski and approved by the Board: *Aye – 7.*

**R2012-111**  After discussion, Mr. Gahm moved that **Dr. Wilfred J. G. Ellis**, Lima, Ohio, be permitted to withdraw his application for licensure as a pain-management clinic. The motion was seconded by Mr. Joyce and approved by the Board: *Aye – 7.*

Mrs. Droz presented the OARRS report.

Mr. Keeley presented the Legislative report.

12:13 p.m.  The Board recessed for lunch.

1:30 p.m.  The meeting resumed with the following members present:

Edward Cain, Donald Casar, Troy Gahm, Brian Joyce, Richard Kolezynski, Deborah Lange, Kevin Mitchell, Michael Moné.

1:34 p.m.  The Board was joined by Assistant Attorney General Tracy Nave to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Karen Paula Littman**, R.Ph. (03-3-14408) Cincinnati, Ohio.

3:07 p.m.  The hearing ended and the record was closed.

3:07 p.m.     Mr. Kolezynski moved that the Board go into executive session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Ms. Lange and a roll-call vote was conducted by President Casar as follows: Cain – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Mitchell – *yes*; Moné – *yes*.

3:18 p.m.     The executive session and the meeting was opened to the public.

**R2012-112**   After votes were taken in public session, the Board adopted the following order in the matter of **Karen Paula Littman**, R.Ph. (03-3-14408) Cincinnati, Ohio.

## ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-110414-179
*in the matter of*:

### KAREN PAULA LITTMAN, R.Ph.
6547 Cliff Ridge Lane
Cincinnati, Ohio 45213

R.Ph. Number 03-3-14408

## INTRODUCTION

The matter of Karen Paula Littman came for hearing on December 5, 2011, before the following members of the Board:  Donald M. Casar, R.Ph. (*presiding*); Edward T. Cain, Public Member; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Kevin J. Mitchell, R.Ph. and Michael A. Moné, R.Ph.

Karen Paula Littman was represented by Harry B. Plotnick. The State of Ohio was represented by Tracy M. Nave, Assistant Attorney General.

## SUMMARY OF EVIDENCE

State's Witness:          None

Respondent's Witness:  Karen Paula Littman, R.Ph., Respondent

State's Exhibits:
1.     Copy of reinstatement hearing request letter  [04-05-11]

1A-1B. Procedurals

2. State Board of Pharmacy Order in re Karen Paula Littman, R.Ph. [11-06-09]

3. Confidential Patient Information Prescription Profile for Karen Littman [10-06-09 to 11-09-11]

Respondent's Exhibits:

A. State Board of Pharmacy Order in re Karen Paula Littman [11-06-09]

B. PRO Pharmacist's Recovery Contract for Karen Littman [12-10-09]; PRO Pharmacist's Treatment Contract for Karen Littman [11-25-09]

C. Support group attendance records [10-07-09 to 12-01-11]

D. FirstLab Test History Report [01-07-10 to 11-08-11]

E. Letter from Jonathan Small, M.D., Diplomate, American Board of Psychiatry and Neurology to Tim Benedict [12-07-09]; Letter from Elizabeth Kelly, Adjunct Therapist, The Watershed [08-12-09]; Letter from Kelly Rogan, MS, LSW, LICDC, Tri Health [12-07-10]; Letter from Jonathan Small, M.D., Diplomate, American Board of Psychiatry and Neurology, Cincinnati Psychotherapy Associates to Harry B. Plotnick [10-11-11]; Letter from Mark Heintzelman, Ph.D., Clinical Psychologist [not dated]

F. Letter from Charles Rush, County of Hamilton Probation Department to Harry B. Plotnick [12-16-10]

G. Continuing education credits and certificates [11-11-09 to 10-24-11]

H. Letter from George D. Waissbluth, M.D., Ohio Gastroenterology & Liver Institute [12-29-10]; Letter from Joseph Pflum, M.D, TJHP Kenwood Family Medicine [11-28-11]; Letter from James F. Liebetrau, R.Ph., Vice-President, Pharmacist's Rehabilitation Organization, Inc. [11-17-11]

I. Ohio PRO Client Self-Report for Karen Littman [10-02-11]; E-mail correspondence from Karen Littman to Michael D. Quigley, R.Ph., Executive Director, Pharmacist's Rehabilitation Organization [12-02-11]

## **FINDING OF FACT**

After having heard the testimony, observed the demeanor of the witness, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds that Karen Paula Littman

has substantially complied with the terms set forth in the Order of the State Board of Pharmacy, Docket Number D-090604-138, effective November 6, 2009.

## DECISION OF THE BOARD

On the basis of the Finding of Fact set forth above, and after consideration of the record as a whole, the State Board of Pharmacy hereby approves the reinstatement of the pharmacist identification card, Number 03-3-14408, held by Karen Paula Littman to practice pharmacy in Ohio subject to a period of probation for ten years beginning on the effective date of this Order, with the following conditions:

(A)  Karen Paula Littman must enter into a **new** contract, signed within thirty days after the effective date of this Order, with an Ohio Department of Alcohol and Drug Addiction Services (ODADAS) approved treatment provider or a treatment provider acceptable to the Board for a period of not less than five years and submit a copy of the signed contract to the Board office before her pharmacist identification card is issued.  The contract must provide that:

(1)  <u>Random</u>, **observed** urine drug screens shall be conducted at least once each month for the first year and then at least once every three months for the remaining four years.

(a)  The urine sample must be given within twelve hours of notification. The urine drug screen must include testing for creatinine or specific gravity of the sample as the dilutional standard.

(b)  Results of all drug screens must be negative. Refusal of a urine screen or a diluted urine screen is equivalent to a positive result. Any positive results, including those which may have resulted from ingestion of food, but excluding false positives which resulted from medication legitimately prescribed, indicates a violation of the contract.

(2)    The intervener/sponsor shall submit reports to the Board, in a format acceptable to the Board, indicating drug screens and their results in a timely fashion. Actual copies of drug screens shall be made available to the Board upon request.

(3)    Attendance is required a minimum of three times per calendar week (Sunday through Saturday), at an Alcoholics Anonymous, Narcotics Anonymous, and/or similar support group meeting.

(4)    The program shall immediately report to the Board any violations of the contract and/or lack of cooperation.

(B)    Karen Paula Littman must submit quarterly progress reports to the Board (due January 10, April 10, July 10, and October 10 of each year of probation) that include:

(1)    The written report and documentation provided by the treatment program pursuant to the contract, and

(2)    A written description of Karen Paula Littman's progress towards recovery and what Karen Paula Littman has been doing during the previous three months.

(C)    Other terms of probation are as follows:

(1)    The State Board of Pharmacy hereby declares that Karen Paula Littman's pharmacist identification card is not in good standing and thereby denies the privilege of being a preceptor and training pharmacy interns pursuant to paragraph (D)(1) of Rule 4729-3-01 of the Ohio Administrative Code.

(2)    Karen Paula Littman may not serve as a responsible pharmacist.

(3)    Karen Paula Littman may not destroy, assist in, or witness the destruction of controlled substances.

(4)   Karen Paula Littman must abide by the contract with her treatment provider and must immediately report any violation of the contract to the Board.

(5)   Karen Paula Littman must not violate the drug laws of Ohio, any other state, or the federal government.

(6)   Karen Paula Littman must abide by the rules of the State Board of Pharmacy.

(7)   Karen Paula Littman must comply with the terms of this Order.

(8)   Karen Paula Littman's license is deemed not in good standing until successful completion of the probationary period.

(D)   Any violation of probation may result in a Board hearing to consider alternative or additional sanctions under Section 4729.16 of the Ohio Revised Code.

Karen Paula Littman is hereby advised that the Board may at any time revoke probation for cause, modify the conditions of probation, and reduce or extend the period of probation. At any time during this period of probation, the Board may revoke probation for a violation occurring during the probation period.

Deborah Lange moved for Findings of Fact; Troy Gahm seconded the motion.  Motion passed (Aye-7/Nay-0).

Deborah Lange moved for Action of the Board; Michael Moné seconded the motion.  Motion passed (Aye-7/Nay-0).

3:25 p.m.   The Board was joined by Assistant Attorney General Tracy Nave to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Troy Dale Whaley**, R.Ph. (03-1-13060) South Point, Ohio.

5:00 p.m.   The meeting recessed for the day and the **Troy Dale Whaley** adjudication hearing was continued until 11:00 a.m., Tuesday, December 6, 2011.

**Tuesday, December 6, 2011**

8:00 a.m.    The meeting continued with the following members present:

Edward Cain, Donald Casar, Troy Gahm, Brian Joyce, Richard Kolezynski, Deborah Lange, Kevin Mitchell.

Ms. Lange presented the tech-exam report.

Ms. Lange said the Medicalv Board Physician Assistant Policy Committee would not meet again until January.

Mr. Whittington said there was no report from the Medical Board Prescribing Committee.

Mr. Casar said there was no report from Nursing Board Committee on Prescriptive Governance.

8:14 a.m.    Ms. Lange moved that the Board go into executive session for the purpose of discussing personnel matters pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Mr. Gahm and a roll-call vote was conducted by President Casar as follows: Cain – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Mitchell – *yes*.

8:15 a.m.    Mr. Moné arrived and joined the meeting in progress.

8:42 a.m.    The executive session ended and the meeting was opened to the public.

**R2012-113**    Mr. Kolezynski moved that the following resolution be made part of the record. Mr. Mitchell seconded the motion and it was approved by the Board: *Aye* – 7.

P-GEN-00148

# RESOLUTION OF THE BOARD

In recognition of your contributions so selflessly given to the enhancement of pharmacy, law enforcement, and the health and welfare of the citizens of Ohio;

for your contributions nationally to the National Association of Boards of Pharmacy as an Executive Committee Member and as President, to other states' boards, to states' and federal law enforcement agencies, for giving invited testimony to the United States Congress and the Ohio Legislature on numerous issues;

for aid and advice given to other Ohio agencies, the Ohio Legislature, and Ohio's public officials, and to the employees who humbly served under your tutelage;

this Board expresses its profound appreciation and gratitude to

### WILLIAM T. WINSLEY, M.S., R.PH.

for 23 years of exemplary service and performance.

*December 5, 2011*

The Board recessed briefly.

9:03 a.m.    The Board was joined by Assistant Attorney General Tracy Nave to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Erica M. Kremer (NKA Burton)**, R.Ph., Erie, Pennsylvania.

10:08 a.m.    The hearing ended and the record was closed.

10:08 a.m.    Mr. Kolezynski moved that the Board go into executive session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Mr. Joyce and a roll-call vote was conducted by President Casar as follows: Cain – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Mitchell – *yes*; Moné – *yes*.

10:27 a.m.    The executive session ended and the meeting was opened to the public.

**R2012-114**    After votes were taken in public session, the Board adopted the following order in the matter of **Erica M. Kremer (NKA Burton)**, R.Ph. (03-3-29132) Erie, Pennsylvania.

P-GEN-00148

## ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-110318-173
*in the matter of*:

### ERICA M. KREMER (NKA BURTON), R.Ph.

1014 Weschler Avenue
Erie, Pennsylvania 16502

R.Ph. Number 03-3-29132

## INTRODUCTION

The matter of Erica M. Kremer (NKA Burton) came for hearing on December 6, 2011, before the following members of the Board; Donald M. Casar, R.Ph. (*presiding*); Edward T. Cain, Public Member; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Kevin J. Mitchell, R.Ph. and Michael A. Moné, R.Ph.

Erica M. Kremer (NKA Burton) was represented by Robert J. Garrity. The State of Ohio was represented by Tracy M. Nave, Assistant Attorney General.

## SUMMARY OF EVIDENCE

State's Witness:              None

Respondent's Witness:  Erica M. Kremer (NKA Burton), R.Ph.

State's Exhibits:
1.     Reinstatement hearing request letter  [02-21-11]
1A-1C.  Procedurals
2.     State Board of Pharmacy Order in re Erica M. Kremer, R.Ph. [03-11-11]

Respondent's Exhibits:
A.     S.A.R.P.H. Monitoring/Treatment Contract for Erica Kremer [09-10-10]
B.     Intervention in Lieu of Conviction Evaluation  [not dated]
C.     Judgment Entry, The State of Ohio vs. Erica Kremer, Case No. 2010 CR 463, Ashtabula County, Ohio Common Pleas Court [10-04-11]

D.   Pennsylvania Board of Probation and Parole Violation Warning/Instruction [12-01-11]

E.   Support Group Attendance Records [10-04-10 to 11-27-11]

F.   Letter from Kathie Simpson, S.A.R.P.H. Executive Director of Operations to Robert Garrity [11-30-11]

G.   Erica Kremer cover letter  [December 2011];  Erica Kremer Résumé [not dated]

H.   Five letters of support [09-02-11 to 12-02-11]

## FINDING OF FACT

After having heard the testimony, observed the demeanor of the witness, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds that Erica M. Kremer (NKA Burton) has substantially complied with the terms set forth in the Order of the State Board of Pharmacy, Docket Number D-100908-145, effective March 11, 2011.

## DECISION OF THE BOARD

On the basis of the Finding of Fact set forth above, and after consideration of the record as a whole, the State Board of Pharmacy hereby approves the reinstatement of the pharmacist identification card, Number 03-3-29132, held by Erica M. Kremer, (NKA Burton) to practice pharmacy in Ohio subject to a period of probation for ten years beginning on the effective date of this Order, with the following conditions:

(A)   Erica M. Kremer (NKA Burton) must enter into a **new** contract, signed within thirty days after the effective date of this Order, with an Ohio Department of Alcohol and Drug Addiction Services (ODADAS) approved treatment provider or a treatment provider acceptable to the Board for a period of not less than ten years and submit a copy of the signed contract to the Board office before her pharmacist identification card is issued. The contract must provide that:

(1)   <u>Random</u>, **observed** urine drug screens shall be conducted at least once each month for the first year and then at least once every three months for the remaining nine years.

      (a)   The urine sample must be given within twelve hours of notification. The urine drug screen must include testing for creatinine or specific gravity of the sample as the dilutional standard.

      (b)   Results of all drug screens must be negative. Refusal of a urine screen or a diluted urine screen is equivalent to a positive result. Any positive results, including those which may have resulted from ingestion of food, but excluding false positives which resulted from medication legitimately prescribed, indicates a violation of the contract.

(2)   The intervener/sponsor shall submit reports to the Board, in a format acceptable to the Board, indicating drug screens and their results in a timely fashion. Actual copies of drug screens shall be made available to the Board upon request.

(3)   Attendance is required a minimum of three times per calendar week (Sunday through Saturday), at an Alcoholics Anonymous, Narcotics Anonymous, and/or similar support group meeting.

(4)   The program shall immediately report to the Board any violations of the contract and/or lack of cooperation.

(B)   Erica M. Kremer (NKA Burton) must attend workplace intervention counseling monthly for one year from date of hire.

(C)   Erica M. Kremer (NKA Burton) must obtain, and submit to the Board semi-annual reports from the Forensic Psychiatric Center of Northeast Ohio or equivalent as approved by the Board for a period of three years.

(D)   Erica M. Kremer (NKA Burton) must submit quarterly progress reports to the Board (due January 10, April 10, July 10, and October 10 of each year of probation) that include:

(1)   The written report and documentation provided by the treatment program pursuant to the contract, and

(2)   A written description of Erica M. Kremer (NKA Burton's) progress towards recovery and what Erica M. Kremer (NKA Burton) has been doing during the previous three months.

(E)   Other terms of probation are as follows:

(1)   The State Board of Pharmacy hereby declares that Erica M. Kremer (NKA Burton's) pharmacist identification card is not in good standing and thereby denies the privilege of being a preceptor and training pharmacy interns pursuant to paragraph (D)(1) of Rule 4729-3-01 of the Ohio Administrative Code.

(2)   Erica M. Kremer (NKA Burton) may not serve as a responsible pharmacist.

(3)   Erica M. Kremer (NKA Burton) may not destroy, assist in, or witness the destruction of controlled substances.

(4)   Erica M. Kremer (NKA Burton) must abide by the contract with her treatment provider and must immediately report any violation of the contract to the Board.

(5)   Erica M. Kremer (NKA Burton) must not violate the drug laws of Ohio, any other state, or the federal government.

(6)   Erica M. Kremer (NKA Burton) must abide by the rules of the State Board of Pharmacy.

(7)   Erica M. Kremer (NKA Burton) must comply with the terms of this Order.

(8)   Erica M. Kremer (NKA Burton's) license is deemed not in good standing until successful completion of the probationary period.

(F)   Any violation of probation may result in a Board hearing to consider alternative or additional sanctions under Section 4729.16 of the Ohio Revised Code.

Erica M. Kremer (NKA Burton) is hereby advised that the Board may at any time revoke probation for cause, modify the conditions of probation, and reduce or extend the period of probation. At any time during this period of probation, the Board may revoke probation for a violation occurring during the probation period.

Deborah Lange moved for Findings of Fact; Troy Gahm seconded the motion.  Motion passed (Aye-4/Nay-3).

Troy Gahm moved for Action of the Board; Michael Moné seconded the motion.  Motion passed (Aye-5/Nay-2).

10:30 a.m.   The Board recessed briefly.

10:50 a.m.   The Board reconvened and the adjudication hearing in the matter of **Troy Dale Whaley**, R.Ph. (03-1-13060) South Point, Ohio, continued.

12:45 p.m.   The hearing ended and the record was closed.

The Board recessed for lunch.

1:30 p.m.    The following candidates for licensure by reciprocity met in Room South A, 31st Floor, of the Vern Riffe Center for Government and the Arts. They introduced themselves and participated in a discussion of pharmacy laws and rules with the Board and Mr. Parker, Licensing Administrator.

| | |
|---|---|
| Tenika Daniella Akinkuolie | *Wisconsin* |
| Gretchen Aufman | *Pennsylvania* |
| Michael Bloemer | *Kentucky* |
| Jerry Alan Brandon | *Georgia* |
| Christopher Robert Cicuto | *Pennsylvania* |
| Teresa Cox | *Michigan* |
| Jennifer Nicole Collett | *Kentucky* |
| Robert Phillip Dasilva | *Arizona* |
| Jerod Michael Downing | *New York* |
| Sheila M. McCracken | *Kentucky* |
| Marcy Nicole Myerholtz | *Indiana* |
| Brittany Ladawn Riley | *Kentucky* |
| Matthew Sean Shellenbarger | *Pennsylvania* |
| Jennifer Sparks | *West Virginia* |
| Jennifer Liles Stevens | *Kentucky* |
| Erica Linn Streyle | *Indiana* |

1:51 p.m.   Mr. Kolezynski moved that the Board go into executive session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Ms. Lange and a roll-call vote was conducted by President Casar as follows: Cain – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Mitchell – *yes*; Moné – *yes*.

2:06 p.m.   The executive session ended and the meeting was opened to the public.

**R2012-115**  After votes were taken in public session, the Board adopted the following order in the matter of **Troy Dale Whaley**, R.Ph. (03-1-13060) South Point, Ohio.

## ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-110322-177
*in the matter of*:

### TROY DALE WHALEY, R.Ph.
106 High Street
South Point, Ohio 45680

R.Ph. Number 03-1-13060

## INTRODUCTION

The matter of Troy Dale Whaley came for hearing on December 5, 2011, before the following members of the Board:  Donald M. Casar, R.Ph. (*presiding*); Edward T. Cain, Public Member; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Kevin J. Mitchell, R.Ph. and Michael A. Moné, R.Ph.

Troy Dale Whaley was represented by Richard A. Cline. The State of Ohio was represented by Tracy M. Nave, Assistant Attorney General.

## SUMMARY OF EVIDENCE

State's Witnesses:   Travis Woodyard, Ohio State Highway Patrol
Eric Griffin, Ohio State Board of Pharmacy

Respondent's Witness:  Troy Dale Whaley, R.Ph., Respondent

P-GEN-00148

State's Exhibits:

1. Copy of Summary Suspension Order/Notice of Opportunity for Hearing letter  [03-22-11]

1A-1H.    Procedurals

2. Ohio State Highway Patrol Initial Incident Report  [03-04-11]

3. Patient Profile for Troy Dale Whaley, R.Ph.  [03-22-11]

Respondent's Exhibits:

A. PRO Pharmacist's Recovery Contract for Troy D. Whaley  [06-21-11]; PRO Pharmacist's Treatment Contract for Troy D. Whaley  [07-01-11]

B. Report from William P. Shepherd, LSW, LCDCIII to Richard Cline & Co, LLC [11-30-11]; E-mail from Richard Cline to Bill Shepherd  [11-30-11]

C. E-mail from Troy D. Whaley to Amanda Morrison, FirstLab [07-01-11]

D. E-mail from Michael D. Quigley, R.Ph., Executive Director, Pharmacist's Rehabilitation Organization  [12-02-11]

E. FirstLab Test History Report for Troy Whaley  [07-01-11 to 11-29-11]; Drug screen documentation  [various dates]

F. Questhouse, Inc. Continuing Care Plan for Troy D. Whaley [04-20-11 to 06-06-11]

G. Prestera Center for Mental Health Services, Inc., records [various dates]

H. Client Monitoring Sheet and Support Group Attendance Records [06-08-11 to 12-03-11]

I. Letter from Matt Nourse, R.Ph., PRO Regional Coordinator, Southern Ohio to Ohio State Board of Pharmacy  [08-25-11]

## FINDINGS OF FACT

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1) Records of the Board of Pharmacy indicate that Troy Dale Whaley was originally licensed in the State of Ohio on March 6, 1978, pursuant to examination, and his license to practice pharmacy in Ohio was summarily suspended effective March 22, 2011.

OBPM_MDL_000000063.0027

P-20752 _ 00028

(2)    Troy Dale Whaley is abusing drugs and/or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy, to wit: Troy Dale Whaley was arrested during a traffic stop for possessing 904 pills of 36 different types, two bottles of codeine, one bottle of Paregoric, and approximately 100 other pills that had been broken or crushed and unable to be counted. Troy Dale Whaley possessed these pills in various unmarked prescription vials, envelopes, wrapped in "post-it" notes and foil. Troy Dale Whaley indicated to the arresting officer that the drugs were for his personal abuse. Such conduct indicates that Troy Dale Whaley is within the ambit of Sections 3719.121 and/or 4729.16(A)(3) of the Ohio Revised Code.

(3)    Troy Dale Whaley did, on or about March 4, 2011, possess the following controlled substances when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Troy Dale Whaley possessed the following controlled substances outside the confines of a pharmacy, when not for a legitimate medical purpose, and without a valid prescription; the possession being under circumstances indicative of drug trafficking:

| Quantity | Drug |
| --- | --- |
| 206 | hydrocodone with acetaminophen 10/325 mg |
| 147 | alprazolam 0.25 mg |
| 157 | alprazolam 0.5 mg |

| Quantity | Drug |
| --- | --- |
| 10 | pentazocine/naloxone 0.5/50 mg |
| 10 | pentazocine/naloxone 0.5/50 mg |
| 10 | propoxyphene napsylate with acetaminophen 650/100 mg |
| 25 | phentermine 37.5 mg |
| 5 | butalbital with aspirin, caffeine and codeine 325/50/40/30 mg |
| 8 | oxycodone 30mg |

| Quantity | Drug |
| --- | --- |
| 36 | diphenoxylate with atropine |
| 1 | propoxyphene napsylate with acetaminophen 650/100 mg |
| 3 | belladonna/phenobarbital 16.2 mg |
| 2 | phenobarbital/hyoscyamine/atropine/scopolamine |
| 2 | bottles Cheratussin |

| | |
|---|---|
| 1 | bottle paregoric |
| 2 | chlordiazepoxide/clidinium 5/2.5 mg |

Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(4)    Troy Dale Whaley did, on or about March 4, 2011, possess for sale at retail dangerous drugs when the conduct was not in accordance with Chapters 4729. and 4731. of the Ohio Revised Code, to wit: Troy Dale Whaley possessed the following dangerous drugs outside the confines of a pharmacy, when not for a legitimate medical purpose, and without a valid prescription; the possession being under circumstances indicative of drug trafficking:

| Quantity | Drug |
|---|---|
| 18 | butalbital with acetaminophen and caffeine 325/50/40 mg |
| 45 | butalbital with acetaminophen and caffeine 325/50/40 mg |
| 3 | Viagra 100 mg |
| 75 | butalbital with acetaminophen and caffeine 325/50/40 mg |
| 1 | Viagra unknown strength |
| 31 | diphenhydramine 50 mg |
| 3 | bisoprolol/hydrochlorothiazide 5/6.25 mg |
| 4 | atenolol 25 mg |
| 2 | hydrochlorothiazide 25 mg |
| 1 | dicyclomine 20 mg |
| 1 | lisinoproil 20 mg |
| 2 | Cialis 20 mg |
| 1 | Levitra unknown strength |
| 2 | Viagra 50 mg |

Such conduct is in violation of Section 4729.51(C)(2) of the Ohio Revised Code.

The Board specifically notes that Troy Dale Whaley had no intake records, first evaluation, or labs; though Troy Dale Whaley stated he went through rehabilitation. The Board opines that Troy Dale Whaley is not addicted, though he said he was. Troy Dale Whaley was abusing drugs, yes, but he we not addicted.  Thus Troy Dale Whaley fabricated his defense and was therefore not believable.

OBPM_MDL_000000063.0029

P-20752 _ 00030

## CONCLUSIONS OF LAW

(1)   The State Board of Pharmacy concludes that paragraphs (3) and (4) of the Findings of Fact constitute being guilty of a felony and gross immorality as provided in Division (A)(1) of Section 4729.16 of the Ohio Revised Code.

(2)   The State Board of Pharmacy concludes that paragraphs (3) and (4) of the Findings of Fact constitute being guilty of dishonesty and unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code.

(3)   The State Board of Pharmacy concludes that paragraph (2) of the Findings of Fact constitutes abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy as provided in Division (A)(3) of Section 4729.16 of the Ohio Revised Code.

(4)   The State Board of Pharmacy concludes that paragraphs (3) and (4) of the Findings of Fact constitute being guilty of willfully violating, conspiring to violate, attempting to violate, or aiding and abetting the violation of provisions of Chapter 2925. of the Revised Code as provided in Division (A)(5) of Section 4729.16 of the Ohio Revised Code.

## DECISION OF THE BOARD

Pursuant to Section 3719.121 of the Ohio Revised Code, the State Board of Pharmacy hereby removes the Summary Suspension Order issued to Troy Dale Whaley on March 22, 2011.

Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy adjudicates the matter of Troy Dale Whaley as follows:

(A)   On the basis of the Findings of Fact and paragraph (1) of the Conclusions of Law, the State Board of Pharmacy hereby revokes permanently the pharmacist identification card, Number 03-1-13060, held by Troy Dale Whaley effective as of the date of the mailing of this Order.

(B)  On the basis of the Findings of Fact and paragraph (2) of the Conclusions of Law, the State Board of Pharmacy hereby revokes permanently the pharmacist identification card, Number 03-1-13060, held by Troy Dale Whaley effective as of the date of the mailing of this Order.

(C)  On the basis of the Findings of Fact and paragraph (3) of the Conclusions of Law, the State Board of Pharmacy hereby revokes permanently the pharmacist identification card, Number 03-1-13060, held by Troy Dale Whaley effective as of the date of the mailing of this Order.

(D)  On the basis of the Findings of Fact and paragraph (4) of the Conclusions of Law, the State Board of Pharmacy hereby revokes permanently the pharmacist identification card, Number 03-1-13060, held by Troy Dale Whaley effective as of the date of the mailing of this Order.

Troy Dale Whaley, pursuant to Section 4729.16(B) of the Ohio Revised Code, must return his license to practice (pocket ID card) and registration (wall certificate) to the office of the State Board of Pharmacy within ten days after receipt of this Order unless the Board office is already in possession of both.  The identification card and wall certificate should be sent by certified mail, return receipt requested.

Michael Moné moved for Findings of Fact; Deborah Lange seconded the motion.  Motion passed (Aye-7/Nay-0).

Deborah Lange moved for Conclusions of Law; Troy Gahm seconded the motion.  Motion passed (Aye-7/Nay-0).

Brian Joyce moved for Action of the Board; Deborah Lange seconded the motion.  Motion passed (Aye-7/Nay-0).

2:11 p.m.  The Board was joined by Assistant Attorney General Tracy Nave to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Anthony James Mink**, R.Ph. (03-3-16127) Cuyahoga Falls, Ohio.

4:00 p.m.  The hearing ended and the record was closed.

4:00 p.m.     Mr. Gahm moved that the Board go into executive session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Mr. Moné and a roll-call vote was conducted by President Casar as follows: Cain – *yes*; Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Mitchell – *yes*; Moné – *yes*.

4:20 p.m.     The executive session and the meeting was opened to the public.

4:21 p.m.
<u>R2012-116</u>     After votes were taken in public session, the Board adopted the following order in the matter of **Anthony James Mink**, R.Ph. (03-3-16127) Cuyahoga Falls, Ohio.

### ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-110630-189
*in the matter of:*

**ANTHONY JAMES MINK, R.Ph.**

874 E. Waterloo Road
Akron, Ohio 44306

R.Ph. Number 03-3-16127

### INTRODUCTION

The matter of Anthony James Mink came for hearing on December 6, 2011, before the following members of the Board:  Donald M. Casar, R.Ph. (*presiding*); Edward T. Cain, Public Member; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Kevin J. Mitchell, R.Ph. and Michael A. Moné, R.Ph.

Anthony James Mink was not represented by counsel. The State of Ohio was represented by Tracy M. Nave, Assistant Attorney General.

### SUMMARY OF EVIDENCE

<u>State's Witness:</u>  James Amend, R.Ph., Ohio State Board of Pharmacy

<u>Respondent's Witnesses:</u>  Anthony James Mink, R.Ph., Respondent
                                        James Robertson

<u>State's Exhibits:</u>
1.     Copy of Notice of Opportunity for Hearing letter  [06-30-11]

1A-1D.    Procedurals

1E.    Affirmation of Intent Not to Practice Pharmacy [10-01-11]

1F.    Procedural

2.    Pharmacist Renewal form   [02-03-10]; Consent Order, <u>In the Matter of Pharmacist License of Anthony J. Mink, R.Ph.,</u> Case No. 2008-0285, Oregon State Board of Pharmacy   [09-03-09]; Notice of Proposed Disciplinary Action; Answer Required, <u>In the Matter of Pharmacist License of Anthony J. Mink, R.Ph.,</u> Case No. 2008-0285, Oregon State Board of Pharmacy [01-26-09]

3.    Amended Consent Order, <u>In the Matter of the Pharmacist License of Anthony J. Mink.,</u> Case No. 2008-0285, Oregon State Board of Pharmacy [06-14-10]; Letter from Anthony J. Mink to Gary Miner, R.Ph., Oregon Board of Pharmacy   [07-26-10]; Report of Substantial Non-Compliance   [08-09-10]; Notice of Proposed Disciplinary Action; Answer Required, <u>In the Matter of the Pharmacist License of Anthony J. Mink, R.Ph.,</u> Case No. 2010-0496, Oregon State Board of Pharmacy  [10-28-10]; Letter from Gary Miner, R.Ph., Compliance Director to Anthony J. Mink, R.Ph.  [10-28-10]; E-mail from Kim Oster, Compliance Assistant, Oregon Board of Pharmacy to Anthony Mink  [11-23-10]; Second Amended Consent Order, <u>In the Matter of the Pharmacist License of Anthony J. Mink,</u> Case No. 2008-0285, Oregon Board of Pharmacy  [12-15-10]

4.    Investigation Report for Anthony J. Mink with attached documentation  [various dates]

5.    Clackamas County Sheriff Custody Report for Anthony J. Mink with attached documentation [various dates]

6.    Treatment Services Northwest Treatment Plan for Anthony Mink [05-07-08]

7.    Pioneer Alcohol and Drug Evaluation Services, Inc., documentation of referral  [not dated]

8.    St. Vincent Charity Hospital; History and Physical Report for Anthony J. Mink [02-02-95]

9.    Rosary Serenity Centers Chemical Dependency Evaluation Biopsychosocial Assessment [03-10-95]; St. Vincent Charity Hospital and Health Center Rosary Hall Discharge/ Continuing Care Treatment Plan  [not dated]

10.    Information of District Attorney, <u>State of Oregon v. Anthony James Mink,</u> Court No. 06-11-53844, Multnomah County Circuit Court, State of Oregon   [11-07-06]; Judgment and Sentence, <u>State of Oregon v. Anthony James Mink,</u> Case No.

OBPM_MDL_000000063.0033

P-20752 _ 00034

0611-53844, Multnomah County Circuit Court, State of Oregon [05-07-07]

<u>Respondent's Exhibits:</u>
A.  Letter from Anthony J. Mink, R.Ph. to Ohio State Board of Pharmacy [12-06-11]
B.  Treatment Services Northwest Successful Completion [not dated]
C.  Consent Order, <u>In the Matter of the Pharmacist License of Anthony J. Mink, R.Ph.,</u> Case No. 2008-0285, Oregon State Board of Pharmacy [09-03-09]; Amended Consent Order, <u>In the Matter of the Pharmacist License of Anthony J. Mink,</u> Case No. 2008-0285, Oregon State Board of Pharmacy [06-14-10]; Second Amended Consent Order, <u>In the Matter of the Pharmacist License of Anthony J. Mink,</u> Case No. 2008-0285, Oregon State Board of Pharmacy [12-15-10]
D.  PRN Program Treatment Contract [10-05-09]
E.  Letter from Gary Miner, R.Ph., Compliance Director [06-04-10] Authorization to Transfer Files – Document "A" [06-11-10]; Monitoring Agreement – Document "B" [06-11-10]
F.  Letter from Kim Whitson, Compliance Specialist with attached documentation [various dates]
G.  Letter from Gary Miner, R.Ph., Compliance Director [06-04-10]; E-mail Consent Form [06-18-10]
H.  E-mail from Anthony J. Mink to Gary Miner, R.Ph. [07-26-10]
I.  Letter from Anthony J. Mink to Kim Whitson [03-09-10]
J.  Oregon Revised Statute 163 [not dated]; Petition to Plead Guilty/No Contest and Waiver of Jury or Court Trial, <u>State of Oregon v. Anthony James Mink,</u> Case No. 061153814, Multnomah County Circuit Court, State of Oregon [11-21-06]
K.  Oregon Medical Marijuana Program Registry Identification Card with attached documentation [various dates]
L.  Oregon Medical Marijuana Act [not dated]
M.  Department of Justice Memos [10-19-09]
N.  Letter from Edwin Schneider, Program Director, Oregon Pharmacy Recovery Network to Anthony Mink [11-12-09]
O.  Monitoring Compliance Summary Report [11-02-09 to 06-30-10]

## FINDINGS OF FACT

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1)   Records of the State Board of Pharmacy indicate that Anthony James Mink was originally licensed in the State of Ohio on August 2, 1985, pursuant to examination and Anthony James Mink's license to practice pharmacy in the State of Ohio lapsed on September 16, 2011.

(2)   Anthony James Mink is addicted to or abusing liquor or drugs and/or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy, to wit: Anthony James Mink was arrested and pled guilty to the Oregon equivalent of driving while under the influence of alcohol and/or drugs in January of 2008. Anthony James Mink was disciplined by the Oregon Board of Pharmacy for alcohol and drug abuse; Anthony James Mink has undergone treatment for alcohol and benzodiazepine abuse. Anthony James Mink was noncompliant with the terms of his treatment in Oregon. Anthony James Mink has been a continual abuser of marijuana, a Schedule I Controlled Substance. Anthony James Mink had previously been arrested for, and pled guilty to, Domestic Violence in November of 2006. Anthony James Mink has admittedly been diagnosed with alcohol abuse. Such conduct indicates that you are within the ambit of Sections 3719.121 and/or 4729.16(A)(3) of the Ohio Revised Code.

(3)   Anthony James Mink was disciplined by the Oregon Board of Pharmacy on or about September 3, 2009, the terms of which included: the payment of a civil penalty; a 10-year probation term; a requirement that he join the Pharmacy Recovery Network (PRN). Anthony James Mink has failed to comply with the terms of the discipline imposed.

(4)   Anthony James Mink did, on or about April 27, knowingly make a false statement with purpose to mislead a public official in performing the public official's official function, to wit: Anthony James Mink indicated to a Board agent that he had completed a 28-day inpatient treatment program when he

had actually attended a 30-day outpatient treatment program. Anthony James Mink further indicated to the agent that he was treated for marital problems but he had lied on the assessments to indicate benzodiazepine use so as to obtain insurance coverage. The history and physical report for the program indicates that he was alcohol and polysubstance dependent. Such conduct is in violation of Section 2921.13 of the Ohio Revised Code.

## CONCLUSIONS OF LAW

(1)  The State Board of Pharmacy concludes that paragraphs (3) and (4) of the Findings of Fact constitute being guilty of dishonesty and unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code.

(2)  The State Board of Pharmacy concludes that paragraphs (2) and (3) of the Findings of Fact constitute being addicted to or abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy as provided in Division (A)(3) of Section 4729.16 of the Ohio Revised Code.

## DECISION OF THE BOARD

Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy hereby suspends indefinitely the pharmacist identification card, Number 03-3-16127, held by Anthony James Mink and such suspension is effective as of the date of the mailing of this Order.

(A)  Anthony James Mink, pursuant to Rule 4729-9-01(F) of the Ohio Administrative Code, may not be employed by or work in a facility licensed by the State Board of Pharmacy to possess or distribute dangerous drugs during such period of suspension.

(B)  Anthony James Mink, pursuant to Section 4729.16(B) of the Ohio Revised Code, must return his identification card and license (wall certificate) to the office of the State Board of Pharmacy within ten days after receipt of this Order unless

P-GEN-00148

the Board office is already in possession of both. The identification card and wall certificate should be sent by certified mail, return receipt requested.

Further, after two years from the effective date of this Order, the Board will consider any petition filed by Anthony James Mink for a hearing, pursuant to Ohio Revised Code Chapter 119., for reinstatement. The Board will only consider reinstatement of the license to practice pharmacy in Ohio if the following conditions have been met:

(A)  Anthony James Mink must enter into a **new** contract, signed within thirty days after the effective date of this Order, with an Ohio Department of Alcohol and Drug Addiction Services (ODADAS) treatment provider or a treatment provider acceptable to the Board for a period of not less than five years and, upon signing, submit a copy of the contract to the Board office. The contract must provide that:

  (1)  Random, **observed** urine drug screens shall be conducted at least once each month.

    (a)  The urine sample must be given within twelve hours of notification. The urine drug screen must include testing for creatinine or specific gravity of the sample as the dilutional standard.

    (b)  Results of all drug screens must be negative. Refusal of a drug screen or a diluted drug screen is equivalent to a positive result. Any positive results, including those which may have resulted from ingestion of food, but excluding false positives which resulted from medication legitimately prescribed, indicates a violation of the contract.

  (2)  Attendance is required a minimum of three times per calendar week (Sunday through Saturday), at an Alcoholics Anonymous, Narcotics Anonymous, and/or similar support group meeting.

  (3)  The program shall immediately report to the Board any violations of the contract and/or lack of cooperation.

P-GEN-00148

(B)  Anthony James Mink must demonstrate satisfactory proof to the Board that he is no longer addicted to or abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy.

(C)  Anthony James Mink must provide, at the reinstatement petition hearing, documentation of the following:

(1)  Compliance with the contract required above (e.g.-proof of giving the sample within twelve hours of notification and copies of all drug and alcohol screen reports, meeting attendance records, treatment program reports, etc.);

(2)  Compliance with the continuing pharmacy education requirements set forth in Chapter 4729-7 of the Ohio Administrative Code as applicable and in effect on the date of petitioning the Board for reinstatement;

(3)  Compliance with the terms of this Order.

(D)  If reinstatement is not accomplished within three years of the effective date of this Order, Anthony James Mink must also show successful completion of the North American Pharmacist Licensure Examination (NAPLEX) or an equivalent examination approved by the Board.

(E)  Should Anthony James Mink change his residence from the State of Ohio, all periods of time as set forth in this Order shall be tolled until such time as he once again makes his permanent residence in Ohio.

Deborah Lange moved for Findings of Fact; Troy Gahm seconded the motion.  Motion passed (Aye-7/Nay-0).

Troy Gahm moved for Conclusions of Law; Richard Kolezynski seconded the motion.  Motion passed (Aye-7/Nay-0).

Troy Gahm moved for Action of the Board; Deborah Lange seconded the motion.  Motion passed (Aye-4/Nay-3).

P-GEN-00148

4:23 p.m.  The meeting recessed.

### Wednesday, December 7, 2011

9:00 a.m.  The meeting resumed with the following members present:

Donald Casar, Troy Gahm, Brian Joyce, Deborah Lange, Kevin Mitchell, Michael Moné.

Mr. Gahm moved that the Board minutes of October 31-November 1, 2011, be approved as amended. Ms. Lange seconded the motion and it was approved by the Board: *Aye* – 5.

**R2012-117**  The Board considered a request for an exemption to Ohio Administrative Code Rule 4729-5-11 (Responsible Person) requesting that **Erin Kay Scott**, R.Ph. (03-1-24797) Cincinnati, Ohio, be permitted to be the responsible person for the following sites:

**Drake Center Inpatient Pharmacy**, Cincinnati, Ohio  (02-0592200)
**HealthSouth Rehab at Drake**, Cincinnati, Ohio       (TDDD pending)

After discussion, Mr. Gahm moved that the Board approve the request for one year. The motion was seconded by Mr. Moné and approved by the Board: *Aye* – 5.

**R2012-118**  The Board considered a request for an exemption to Ohio Administrative Code Rule 4729-5-10 (Prescription pick-up station) received for the following sites:

**College Pharmacy**, Colorado Springs, Colorado    (02-1615900)
**Dr. John Moore**, Bellbrook, Ohio                  (TDDD pending)

After discussion, Ms. Lange moved that the Board approve the request as long as the parties to the request comply with the requirements in the rule for such an exemption and pending final approval of Dr. Moore's TDDD license application. The motion was seconded by Mr. Gahm and approved by the Board: *Aye* – 5.

9:41 a.m.  Mr. Joyce moved that the Board go into executive session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code and to confer with an attorney for the Board regarding pending or imminent court action pursuant to Section 121.22(G)(3) of the Ohio Revised Code. The motion was seconded by Mr. Mitchell and a roll-call vote was conducted by President Casar as follows: Gahm – *yes*; Joyce – *yes*; Lange – *yes*; Mitchell – *yes*; Moné – *yes*.

11:13 a.m.   The executive session ended and the meeting was opened to the public.

11:19 a.m.   Mr. Gahm moved that the Board receive Per Diem as follows:

| PER DIEM | 12/05 | 12/06 | 12/07 | Total |
|----------|-------|-------|-------|-------|
| Cain | 1 | 1 | - | 2 |
| Casar | 1 | 1 | 1 | 3 |
| Gahm | 1 | 1 | 1 | 3 |
| Joyce | 1 | 1 | 1 | 3 |
| Lange | 1 | 1 | 1 | 3 |
| Kolezynski | 1 | 1 | - | 2 |
| Mitchell | 1 | 1 | 1 | 3 |
| Moné | 1 | 1 | 1 | 3 |

Mr. Joyce seconded the motion and it was approved by the Board: *Aye* – 5.

11:19 a.m.   Mr. Gahm moved that the meeting be adjourned. The motion was seconded by Mr. Joyce and approved by the Board: *Aye* – 5.

# The Ohio State Board of Pharmacy
## approved these Minutes January 10, 2012