UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*Track Three Cases* | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ADMIT PROCESSED ARCOS DATA AND DEFENDANTS' DISPENSING DATA**

Plaintiffs seek the admission of ARCOS data and the Defendants' dispensing data. Doc. 4070. Plaintiffs seek the admission of this data to complete the record and lay the foundation for the use of this data at trial. *Id.* at p.1; Day 14 Trans. at p. 3610. When Plaintiffs moved for the admission of the data, the Court indicated that it would abide by its previous rulings. *Id.* The Court should overrule the Defendants' objections and admit the data.

**ARGUMENT**

**I.    The Court Correctly Ruled That the Underlying Data is Admissible.**

In the order granting Plaintiffs' motion in limine, Doc. 3967, the Court made numerous findings that the underlying data that is the subject of this motion is admissible. The Court should confirm those findings and admit the data.

In finding that Plaintiffs' Rule 1006 summaries were admissible under the test set forth in *U.S. v. Bray*, 139 F.3d 1104, 1109-1110 (6th Cir. 1998), the Court explicitly found several times that the data was admissible. For example, the Court noted:

> The Court's determination of this "rule now or later" dispute is guided by the Sixth Circuit's five preconditions to admitting Rule 1006 summary charts. *See U.S. v. Bray*, 139 F.3d 1104, 1109-1110 (6th Cir. 1998). *Applied*

> *here, the preconditions counsel strongly in favor of a pretrial ruling that the proposed charts **and underlying data are admissible***.

Doc. 3967 at p. 6 (emphasis added).  In discussing the third *Bray* factor, the Court noted the Defendants' previous concessions and again expressly held the data was admissible:

> The third *Bray* precondition requires the proponent of 1006 summaries to "establish that the underlying documents are admissible in evidence." *Bray,* 139 F.3d at 1109-1110. *Here, the parties stipulated that the ARCOS data is admissible; Defendants do not deny admissibility of their own data; and the data from government sources is admissible as public records.*

Doc. 3967 at p. 7 (emphasis added). Indeed, the Court further noted that Defendants conceded admissibility of much of the underlying data.  *Id.* ("*Defendants do not refute admissibility. . . .*").

Defendants' argument that it was necessary that a foundation be laid at trial confuses the admissibility of Rule 1006 summaries other than the ones attached to the motion in limine with the Court's express rulings on the underlying data and the attached Rule 1006 summaries.

> In sum, the charts at issue that were submitted with the briefing fully meet all the *Bray* requirements, and a Court ruling now will save significant time at trial. *Accordingly, the Court rules all of the Rule 1006 summary charts provided in Plaintiffs' Motion are admissible,* **as is the underlying data (being McCann's processed ARCOS data, Defendants' distributing and dispensing data, and the associated government data).** Regarding other charts the parties refer to, which are still under consideration pursuant to their stipulated process and so were not submitted with the briefing, the Court directs as follows. In light of the instant ruling, Defendants shall determine whether there is any reason (other than protecting the appellate record) that this ruling should not apply to Plaintiffs' other Rule 1006 summaries. Defendants can then file a brief if they deem it necessary.

Doc. 3967 at p. 9 (emphasis added).  And, with respect to the summaries discussed by Dr. McCann, Defendants did not object to their admission, implicitly conceding that *Bray's* requirement *of admissibility was met. See, e.g.,* Day 10 Trans. at pp. 2672-73.

### II. Dr. McCann Laid a Proper Foundation for the Admission of the Underlying Data During His Trial Testimony.

A review of Dr. McCann's testimony also supports the foundation for its admissibility. In his testimony, Dr. McCann identified the sources of the data and described how he processed the data to make it searchable. Day 8 Trans. at pp. 1924- 2123. Defendants have not contested the accuracy of McCann's processing of the ARCOS or transactional data – either before trial or during McCann's testimony. While this foundation is not as detailed as Dr. McCann's CT2 testimony, the Court's pre-trial ruling made more testimony unnecessary – indeed that was the purpose of the pretrial ruling.

### CONCLUSION

The Court should grant the motion and admit the ARCOS and dispensing data to complete the record and lay the foundation for the use of this data at trial.

    Respectfully submitted,

    Jayne Conroy
    SIMMONS HANLY CONROY
    112 Madison Avenue, 7th Floor
    New York, NY 10016
    (212) 784-6400
    (212) 213-5949 (fax)
    jconroy@simmonsfirm.com

    Joseph F. Rice
    MOTLEY RICE LLC
    28 Bridgeside Blvd.
    Mt. Pleasant, SC 29464
    (843) 216-9000
    (843) 216-9290 (Fax)
    jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR 00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Suite 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(347) 379-1688
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>	*/s/Peter H. Weinberger*
>	Peter H. Weinberger