UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**CVS'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
EVIDENCE OF IMS CONTRACTS**

CVS hereby submits this reply in support of its motion to exclude evidence of IMS / IQVIA contracts. Plaintiffs seek to walk the Court into reversible error by injecting into this case patently irrelevant and unfairly prejudicial evidence, on top of the large volume of other collateral evidence related to pharmacies outside Lake and Trumbull Counties that the Court already has admitted. This case is about shipments to, and prescriptions filled in, Lake and Trumbull Counties—not contracts with data vendors.

  **A. The IMS Contracts Are Not Relevant.**

Plaintiffs assert that CVS's *possession* of data sold to IMS may be relevant. But they provide no explanation for why "*selling*" the data may be relevant. We address each issue—possessing and then "selling"—below.

There is zero dispute about whether CVS possessed the data it sold to IMS. Not only did CVS produce the data to plaintiffs in this case, it produced the data in real time to the Ohio Board of Pharmacy's OARRS office, provided the data to its pharmacists via Rx Connect, and utilized the data in corporate-level programs it operated. Indeed, plaintiffs already have admitted summaries of CVS's data and have adduced testimony on the "red-flag" analysis plaintiffs ran on

the data. Plaintiffs also took an entire 30(b)(6) deposition of a CVS corporate representative about the data. That CVS maintained this data is so uncontroverted that CVS would stipulate to it. There is more than ample evidence in the record for plaintiffs to argue that CVS maintained this data and did not put it to sufficient use, if the Court allows such argument.

On the flip side, whether CVS contracted to "sell" the data—and the nature and amount of the consideration they received—is utterly irrelevant. Whether CVS sold this data bears on no question in the case. The mere fact that CVS sold this data does not bear on any argument that CVS could have put the data to better use internally. And beyond that, the unfair prejudice and confusion that would result from evidence about CVS "selling" data for sums that may appear large to a jury—a hot-button issue that inflames emotions—is self-evident.

Therefore, evidence regarding the "selling" of data to third parties is not necessary for the argument that plaintiffs seek to make about the data and is inadmissible under Rules 402 and 403.

**B.  Plaintiffs Need a Witness with Knowledge to Admit the Contracts.**

In accordance with the Court's rulings during this trial, if the contracts were to be admitted over CVS's objections, they must be admitted through a witness with knowledge of them. Plaintiffs may not attribute sinister interpretations to the contracts without testimonial support for their interpretation and without an opportunity for CVS to conduct cross-examination on any such testimony.

Plaintiffs identified no witness, at any juncture, on this issue. The declaration they have obtained from IQVIA does not support their interpretation of the contracts. And because plaintiffs themselves injected this issue into trial, they have no means to establish "good cause" for deviating from their witness list, as this Court's pre-trial orders require.

There is no basis to depart from the Court's prior ruling requiring witness testimony to sponsor the introduction of documents at trial.  To do so would not only subject CVS to unfair prejudice resulting from the denial of an opportunity for cross examination, it also would expose CVS to unfair surprise and reward plaintiffs for failing to include on their witness list any person with knowledge of the contracts.

## CONCLUSION

For the reasons stated above and the reasons previously stated in CVS's motion, the Court should exclude evidence of CVS contracts with IMS.

Dated:  October 26, 2021	Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*