## Controlled Substance Prescriptions & Good Faith Dispensing

### Policy

The pharmacist **must** use the elements of good faith dispensing in conjunction with state and federal controlled substance laws when filling **all** prescriptions.

| | |
|---|---|
| **Note:** | Controlled substances may only be dispensed to patients who have a prescription for a valid medical purpose issued by a practitioner acting in the usual course of professional practice. A **corresponding responsibility** rests with the pharmacist to ensure that controlled substance prescriptions are issued for a legitimate medical purpose by an individual practitioner in the usual course of professional practice. |

### Elements

The following should alert a pharmacist to questionable circumstances:

- Numerous controlled substance prescriptions written by the same prescriber or several different prescribers
- Numerous controlled substance prescriptions presented by the same patient
- Increased frequency of prescriptions for the same or similar controlled drugs:
    - by one prescriber
    - for large numbers of patients
    - for quantities beyond those normally prescribed
- Unusual dosages or directions in conflict with approved labeling
- Consistent requests for early refills
- Individuals picking up controlled substance prescriptions on behalf of multiple patients who do not reside at the same address
- Unusual geographical distances between patient, pharmacist and prescriber
- Consistent prescriptions for habit-forming drugs
- Lack of consistent prescriber/patient relationship
- Prescriptions that appear to be issued pursuant to an online diagnosis questionnaire
- Unusual presentation – prescriber's handwriting too legible, written in different color inks, different handwriting or with erasure marks.

| | |
|---|---|
| **Note:** | **Dispensing a prescription that the pharmacist knows is fraudulent is a violation of state and federal law. If asked by law enforcement to dispense a fraudulent prescription, do NOT dispense and inform law enforcement that this is a violation of state and federal law. Knowingly dispensing a prescription with anything other than what is written on the prescription (i.e., candy, OTC medication, etc.) is a violation of company policy. Violation of state and federal law and/or company policy will result in disciplinary action, up to and including termination of employment.** |

### Prescription Validation Procedures

If the pharmacist receives a questionable prescription:

1. Ask for government issued identification, verify and document identity of patient.

**DEFENDANT EXHIBIT**

**WAG-MDL-00211**

WAGMDL00008104

CONFIDENTIAL

**WAG-MDL-00211.00001**

2. Confirm that the prescriber has authority to prescribe controlled substances and verify the validity of the practitioner's information including the DEA number and state license number.
3. Contact the prescriber for verification or to clarify the prescription. If the prescriber cannot be reached, do not dispense the prescription.
4. If the prescriber confirms the validity of the prescription, document the date, name of the individual spoken to and any other pertinent information (i.e., diagnosis) on the hard copy or annotate the image and then process the prescription as normal.
If the prescriber informs the pharmacist that a prescription for a controlled substance is not valid or authorized, notify the local DEA office.

**Important: A copy of the prescription must be faxed to the local DEA office within two days of a pharmacist's refusal to fill the prescription after confirming that it was forged, altered, and/or issued outside of the usual course of professional practice. (**DEA Fax template**)**

Hide Borders below

5. Maintain a copy of the prescription in a California folder marked "fraudulent prescriptions." File with the other hard copy prescription records for future reference along with any additional documentation.
6. Contact local law enforcement if required by your State. A copy of the scanned image may be given to local law enforcement upon verbal request.

## Office-Use Prescriptions

Prescriptions must be issued for a specific patient. Prescriptions written for "office use" are not valid.

## Emergency Schedule II Dispensing

Notify your district pharmacy supervisor if a prescriber fails to provide a hard copy for an emergency Schedule II telephone prescription within the legally required time period. The pharmacy supervisor will evaluate the situation and then contact the appropriate regulatory agencies, if necessary.

## Additional Resources:

1. DEA Diversion Website
- Pharmacist Guide to Preventing Fraud
- Pharmacist Responsibility to recognizing drug abuse
2. DEA Fax template Link
3. State Specific Identification Procedures

Revised 6/20/2011
Revised 3/28/2007
Revised 2/7/2007

CONFIDENTIAL

WAGMDL00008105

WAG-MDL-00211.00002