# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) | **MDL 2804** |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) ) | |
| | ) | **Judge Dan Aaron Polster** |
| *Track Three Cases:* | ) ) | |
| | ) | **FINAL JURY INSTRUCTIONS** |
| *County of Lake, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45079* | ) | |

## Introduction

Members of the Jury:

You have heard all of the evidence and it is now time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements, or parts, of the claims that the Plaintiffs assert against the Defendants. As I have explained before, there are two Plaintiffs in this case: (1) Lake County, Ohio; and (2) Trumbull County, Ohio. Further, there are three Defendants in this case: (1) Walgreen Company; (2) CVS Pharmacy, Inc.; and (3) Walmart Inc.

After I explain the elements of the claims that the two Plaintiffs assert against the three Defendants, the lawyers will present their closing arguments.

Following closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the interrogatories and verdicts that you may return.

Please listen very carefully to everything I say.

**<u>Jurors' Duties</u>**

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if each Plaintiff has proven by a preponderance of the evidence that each Defendant is liable. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. All parties are equal in the eyes of the law. Corporations stand on equal footing, and size is not to be considered. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just decision regardless of the consequences.

3

## **<u>Burden of Proof – Preponderance of the Evidence</u>**

In a civil action, like this one, Plaintiffs are required to prove all the elements of their claim "by a preponderance of the evidence." This duty is known as the burden of proof. To establish something "by a preponderance of the evidence" means to prove that something is more likely true than not true.

A preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, more likely, or of greater probative value. Remember, it is the quality of the evidence that must be weighed, not the quantity of evidence.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. You may have also heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof that applies in criminal cases only. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the party who has the burden of proof has not established that issue by a preponderance of the evidence.

4

### **Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Evidence is all the testimony received from the witnesses including depositions, the exhibits admitted during the trial, the stipulations that the lawyers agreed to, and any facts which the Court requires you to accept as true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. And I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**<u>Consideration of Evidence</u>**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## **Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testifies that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walks into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; the law does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7

**<u>Inferences from Evidence</u>**

The law permits you to draw reasonable inferences from the evidence that has been presented. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In other words, while you should consider only the evidence in the case, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, reasonable inferences that you feel are justified in light of your common experience.

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said or only part of it or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to Plaintiffs or Defendants or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, if the witness said or did something, or failed to say or do something, at any other time that is inconsistent

9

with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things; even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**<u>Opinion Testimony</u>**

You have heard the testimony of numerous individuals, sometimes referred to as expert witnesses, who offered their professional opinions about the matters at issue in this lawsuit.

You do not have to accept their opinions. In deciding how much weight to give each opinion, you should consider the witnesses' qualifications and how they reached their conclusions. Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that an expert witness's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### **Number of Witnesses**

One more point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**<u>Charts and Summaries</u>**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by books, records and other documents that are in evidence in this case. However, these charts or summaries are not in and of themselves evidence or proof of the facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

## **Admissions and Interrogatory Answers**

In this case, evidence may have been introduced consisting of written questions and answers previously submitted to one of the parties. This type of evidence is to be considered according to the usual tests that apply to witnesses. You may consider the fact that these questions were formally submitted and the answers made in writing.

[[To be removed if no Admissions or Interrogatory Answers are introduced as evidence.]]

14

## **Stipulations of Fact**

Statements and arguments of counsel are not evidence in this case. However, if the attorneys on both sides stipulate (that is, agree) to the existence of a fact, you should accept that this fact has been established by a preponderance of the evidence.

Here are the facts to which the parties have agreed or stipulated:

[[Marked so that stipulations can be added or the section can be removed if none.]]

## <u>Lawyers' Objections</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**<u>Introduction</u>**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of Plaintiffs' claims.

But before I do that, I want to mention the following.

## **Corporate Defendants**

Each of the Defendants are corporations. Corporations can be held liable for their acts or omissions just as you or I can. As corporations, they can act, or fail to act, only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

**<u>Applicable Law – Public Nuisance – Introduction</u>**

I will now instruct you on the elements of Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant distributed or dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.

Let me define for you the legal term "***public nuisance***." A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded.   For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1.     The Defendant engaged in ***intentional conduct*** that caused a significant and ongoing interference with a public right to health or safety; or

2.     The Defendant engaged in ***unlawful conduct*** that caused a significant and ongoing interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there should

19

be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

**<u>Public Nuisance – Intentional Conduct</u>**

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew, or was substantially certain, that the circumstances resulting from that act would interfere with public health or public safety. It is not necessary for you to find that the person intended to cause a public nuisance.

If a person learns that circumstances resulting from their conduct interfere with public health or public safety, and the person continues that conduct, then the subsequent conduct is intentional.

21

## **Settlement Agreements**

You are hearing testimony about settlements that certain defendants entered into with the DEA. This settlement evidence has been admitted for a limited purpose. You may consider these settlements only to the extent you believe they bear on what notice or knowledge the defendant received as a result of the settlements, or to the extent you believe they bear on the defendant's intent. You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon the fact that it entered into these settlements.

## **Public Nuisance – Unlawful Conduct**

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know their conduct is unlawful for an unlawful act to occur.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

Conduct that is fully authorized by a statute, ordinance, or regulation cannot create a public nuisance, because it is lawful conduct. But if a person's conduct does not comply with what is authorized by law, then that conduct may be unlawful conduct.

Plaintiffs contend each Defendant's conduct with respect to their dispensing and distribution of controlled substances did not comply with the Federal and Ohio Controlled Substances Acts, and their accompanying regulations. Prescription opioids are controlled substances within the meaning of Federal and Ohio law and regulations.

The Federal and Ohio Controlled Substances Acts and their accompanying regulations do not require strict or perfect compliance. Only substantial compliance is required. In other words, not every act that is in violation of the law can be a public nuisance. Only unlawful conduct that causes a significant interference with a public right to health or safety can be a public nuisance.

23

**Unlawful Conduct – Distribution**

Under both Federal and Ohio laws and regulations, distributors of controlled substances are required to: (1) design and operate a system to identify suspicious orders; (2) inform the DEA and Ohio Board of Pharmacy of suspicious orders when discovered; and (3) not ship those orders unless investigation first shows them to be legitimate. Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.

**Unlawful Conduct – Dispensing**

Under both Federal and Ohio laws and regulations, entities that are authorized to dispense controlled substances are required to provide effective controls and procedures to guard against theft and diversion. A prescription for a controlled substance must be issued for a legitimate medical purpose by a doctor, or other registered prescriber, acting in the usual course of his or her professional practice. The Federal and Ohio Controlled Substances Acts and their accompanying regulations also provide that the pharmacist who fills the prescription has a corresponding responsibility to ensure the prescription is dispensed for a legitimate medical purpose. The corresponding responsibility to ensure the dispensing of valid prescriptions extends to the pharmacy itself.

**<u>Public Nuisance – Causation</u>**

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety. Let me explain something about causation.

You may find a Defendant liable only if you conclude the Defendant was a ***proximate cause*** of a public nuisance. A public nuisance may be proximately caused by a Defendant's act or failure to act. A Defendant's conduct proximately caused a public nuisance if the circumstances that constitute the nuisance are the natural and foreseeable result of that conduct. There may be more than one proximate cause of a public nuisance, but causes that are merely incidental are not proximate causes. To be a proximate cause, the acts or omissions of a Defendant must be a substantial factor in producing circumstances that unreasonably interfere with a public right to health or safety.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some material, meaningful, or considerable effect and that effect is not trivial, negligible, remote, or insignificant. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance. If you find that the conduct

25

of any Defendant proximately caused a public nuisance, it is not a defense to liability that some other entity may also be to blame.

In addition, the Plaintiff must show, by the greater weight of the evidence, that the conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

**<u>Public Nuisance – Significant and Unreasonable</u>**

I have instructed you that a public nuisance is an ***unreasonable*** interference with a right held by the public in common, and I have used the phrase "***significant*** interference with a public right to health or safety." Let me define the terms "significant" and "unreasonable."

An interference with a public right may range from a petty annoyance to serious harm. An interference with a public right is not significant or unreasonable if it causes only a relatively slight amount of inconvenience. An interference with a public right is significant or unreasonable if it causes greater harm than the public should be required to bear, considering all the circumstances. When you consider whether an interference with a public right is significant or unreasonable, some of the factors you may consider include the nature, extent, and duration of the interference, and the social value of the Defendant's conduct.

## **Public Nuisance – Conclusion**

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict form will guide you through this process.

## **Introduction**

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will be your spokesperson for you here in court.

Once you start deliberating, do not talk to the courtroom deputy or to me or to anyone else about the case. We must communicate in writing. Write down your message, have the foreperson sign it, and then give it to the courtroom deputy. He will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should remain secret until you are finished.

## **Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## **Experiments, Research, Investigation and Outside Communications – Admonition**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

31

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and the Court. No one wants to see money wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

In summary, make your decision based only on the evidence that you saw and heard here in court.

## **Unanimous Verdict**

Your verdict, whether it be for a Plaintiff or a Defendant, must be unanimous. This means that, for you to find for a specific Plaintiff and against a specific Defendant, every one of you must agree that that specific Plaintiff has proved all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Similarly, for you to find for a specific Defendant and against a specific Plaintiff, every one of you must agree that that specific Plaintiff has failed to prove all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Either way, your verdict must be unanimous.

### **Duty to Deliberate**

When you enter the jury room following the arguments, you are free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if Plaintiff has proved its claim(s) by a preponderance of the evidence. Your sole interest is to seek the truth from the evidence in the case.

## **Verdict Forms**

I have prepared verdict forms that you should use to record your verdict. The form reads as follows:

### **READ JURY VERDICT FORMS.**

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in each answer, sign his or her name, and date the form in the bottom right-hand corner. Each of you will then sign the Verdict Forms indicating your agreement with that answer. You will then repeat that process for each question that requires a response. Please complete these documents in ink. Unless all of you agree, you may not return an answer to any question.

After you have all signed the appropriate documents, ring the jury buzzer, and you will be returned to the courtroom as soon as we have gathered all of the parties and their counsel.

## **Juror Questions**

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations. These instructions should answer any question that you have.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**<u>The Court Has No Opinion</u>**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury. You shall decide for yourselves if Plaintiff has proved by a preponderance of the evidence its claim(s) against Defendant.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's charge, the verdict forms and the exhibits which have been admitted into evidence.