**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | CASE NO. 1:17-MD-2804 |
| OPIATE LITIGATION | ) | |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: | ) | |
| *"All Cases"* | ) | |
| | ) | |
| | ) | **ORDER REGARDING** |
| | ) | **SETTLEMENT EFFORTS** |

Nearly four years ago, the Court entered an *"Order Regarding Settlement Discussions"* (docket number 204).  In it, the Court concluded that ongoing efforts by the parties in "negotiating and implementing a settlement that includes information-sharing in furtherance of improvements in monitoring and/or reporting is activity immune from federal antitrust laws." *Id.* at 2.

Happily, the parties' lengthy settlement discussions eventually did lead to two Settlement Agreements.  *See* docket no. 3823 (motion to establish qualified settlement funds in connection with two Settlement Agreements).  Those Settlement Agreements contemplate certain injunctive relief, including requiring the settling defendants to work together to establish a national clearinghouse that will collect certain opioid-related information and issue certain reports.  *See, e.g.*, Distributor Settlement Agreement, Section XVII at pp. P-23 *et seq.*

The Court makes clear here that the Defendants' efforts in consummating and implementing these Settlement Agreements are also immune from federal antitrust laws.  Specifically, the Court finds that information-sharing, including the sharing of confidential and or proprietary information, in furtherance of implementation of the injunctive relief terms in the Distributor Settlement

Agreement, is activity immune from federal antitrust laws. Accordingly, the Distributor Defendants may and should continue to prepare to implement the injunctive relief terms in the Distributor Settlement Agreement so that, if the Agreement becomes fully and finally effective, the injunctive relief may be implemented on the time-lines set forth in the Agreement; and the Distributor Defendants may and should share with each other any confidential and proprietary information necessary to achieve that goal without fear of antitrust liability.

      **IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** November 4, 2021