# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>BOARD OF EDUCATION OF THORNTON TOWNSHIP HIGH SCHOOLS, DISTRICT 205, *et al.*, on behalf of themselves and others similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>CEPHALON, INC., *et al.*,<br><br> Defendants. | MDL No. 2804<br><br>Case Nos. 1:20-op-45281, 1:19-op-45913<br><br>Judge Dan Aaron Polster |
| SCHOOL BOARD OF MIAMI-DADE COUNTY,<br><br> Plaintiff,<br><br>v.<br><br>ENDO HEALTH SOLUTIONS, INC., *et al.*,<br><br> Defendants. | |

**JANSSEN DEFENDANTS' OPPOSITION TO CERTAIN PUBLIC SCHOOL DISTRICTS' MOTION FOR LEAVE TO FILE, *INSTANTER*, A MOTION TO MODIFY THE JULY 23, 2021 CASE MANAGEMENT ORDER AND TO REQUEST FOR COURT-ORDERED MEDIATION**

Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a/ Janssen Pharmaceuticals, Inc. (collectively "Janssen") hereby oppose the October 22, 2021 motion (ECF No. 4066) by certain public school districts (the "Moving School Districts") for leave to file a motion (ECF No. 4066-1) requesting a modification of this Court's July 23, 2021 Case Management Order (ECF No. 3795) (the "July 23 CMO") and requesting court-ordered

1

mediation.  Janssen opposes the motion for substantially the reasons stated in the opposition filed by Defendants McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Corporation (collectively the "Distributors") (ECF No. 4119).  It is based on a misconstruction of the Janssen Settlement ("JS"), the relief requested would be disruptive to the settlement process put in place by the parties with the assistance of the Court, and the motion is in any event premature at best in light of the ongoing settlement process.

The Moving School Districts do not accurately describe the role of school districts in the Janssen Settlement.  As with the Distributors' Settlement, the Janssen Settlement explicitly includes school districts, defining "Special District" to include "school districts, fire districts, healthcare & hospital districts, and emergency services districts."  JS § I.70.[1]  School districts may participate in the Janssen Settlement by executing participation forms whether they are currently litigating against Janssen or not.  JS § VII.J- M.  Nothing in the Janssen Settlement bars states from distributing funds to school districts.  *See, e.g.*, JS § VI.D; *id.* Ex. B, Sched. B, at B.14, G.8-12.  And like under the Distributors' Settlement, whether school districts participate in the Janssen Settlement can affect incentive payments to settling states, *see* JS §§ V.E.4, .5, .7, and the determination of the "Participation Tier," *see* JS Ex. H, which may affect potential payment adjustments, *see* JS § IX.  Although there are minor differences between the two settlements in terms of the treatment of school districts, those differences are immaterial for purposes of determining the applicability of the July 23 CMO.  The key point is that, just as with the Distributors' Settlement, the school districts are an "integral part" of the Janssen Settlement,

---

[1] The Janssen Settlement treats "Special Districts" as separate from "Subdivisions," whereas in the Distributors' Agreement school districts are a subcategory of "Subdivision."  (*See* ECF No. 4119 at 3).  Contrary to the Moving School Districts' suggestion, however, the difference in labeling does not result in any ambiguity as to the "intended scope of the July 23 CMO" (ECF No. 4066-1 at 3), because the CMO uses "Subdivision" as that term is defined in the Distributors' Settlement.  (*See* ECF No. 3795 at 1) ("Any capitalized terms used but not otherwise defined in this CMO shall have the same meaning as in the *Distributor Settlement Agreement*." (emphasis added)).  The CMO unambiguously applies to school districts.

and whether they participate has "meaningful consequences for other participating states and subdivisions." (ECF No. 4119 at 5).

The Moving School Districts' motion would also be disruptive to the settlement process put in place by the parties with the assistance of the Court. The Court's July 23 CMO made clear to all eligible settlement participants in the MDL the benefits of settlement and the reality of continuing to litigate after most cases have settled. The Moving School Districts' motion offers no reason to alter that message at this stage of the settlement process. And any motion for relief is at best premature in any event, because the CMO imposes no obligations on non-settling parties before the initial settlement participation process concludes next year.

For these reasons, and for the reasons stated in the Distributors' opposition (ECF No. 4119), the Moving School Districts' motion should be denied.

Dated: November 5, 2021

Respectfully submitted,

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com

*Attorney for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Dated: November 5, 2021 | /s/ Charles C. Lifland<br>Charles C. Lifland<br>O'MELVENY & MYERS LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407<br>clifland@omm.com<br><br>*Attorney for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.* |