UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## MOTION TO STRIKE

During their cross examination of Robert Hill, plaintiffs introduced a prior statement made by Mr. Hill. The prior statement, which plaintiffs introduced as a demonstrative, took the form of a video clip that plaintiffs played in the courtroom. CVS hereby moves to strike from the record the prior statement (Plaintiffs' Demonstrative 128) and all testimony thereon. The video clip—which plaintiffs had not previously disclosed as an exhibit or demonstrative—was not inconsistent with any testimony by Mr. Hill. It therefore did not meet the requirements of the rules on prior statements, and its use is flatly prohibited. At the bare minimum, plaintiffs should be precluded from referencing or using the statement during the remainder of the trial and closing argument.

The admissibility of a prior statement by a witness is governed by Rule 613 and Rule 801(d)(1). Under Rule 613, extrinsic evidence of "a prior inconsistent statement by a witness . . . is admissible to impeach the credibility of the declarant." *Williams v. United Dairy Farmers*, 188 F.R.D. 266, 273 (S.D. Ohio 1999); *see also Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (6th Cir. 1990). Prior statements also are admissible under Rule 801(d)(1) only when the prior statement "is inconsistent with the declarant's testimony." Fed. R. Evid. 801(d)(1).[1] Under both

---

[1] Rule 801(d)(1) is not applicable here, not only because the prior statement in question was not inconsistent with any testimony, but also because the rule requires the prior statement to be "given under penalty of perjury[.]" Fed. R. Evid. 801(d)(1). Rule 613 is the applicable rule.

rules, the prior statement must be "in fact inconsistent." *Williams*, 188 F.R.D. at 273 ("It is axiomatic that a statement may not be used pursuant to Rule 613(b) unless it is in fact inconsistent[.]"); *United States v. LaVictor*, 848 F.3d 428, 451 (6th Cir. 2017) (permitting prior inconsistent statement under Rule 801(d)(1) that was "in fact inconsistent" with prior statements).

The prior statement played by plaintiffs was not inconsistent with any testimony provided by Mr. Hill and therefore did not meet this test. The video clip contained criticism by Mr. Hill of the prescribing of opioid medications for long-term chronic pain. Mr. Hill, however, provided no testimony on this subject before the video was played. He most certainly provided no testimony that was inconsistent with the content of the video.[2] Accordingly, there was no inconsistent testimony that triggered the video's use. The video statement therefore cannot be used and is inadmissible hearsay.

While CVS did not object contemporaneously, the method and manner of plaintiffs' presentation of the video clip did not permit it. Plaintiffs did not disclose the video clip prior to Mr Hill's testimony.[3] And in the colloquy with the witness prior to playing the video, counsel did not indicate what the video concerned or why it was being played.[4] Without any notice of the

---

[2] The only trial testimony provided by Mr. Hill prior to the video clip on the subject of opioids did not concern chronic pain and, if anything, was entirely *consistent* with his statements in the video. He testified that there is an "opioid epidemic," 11/5/21 Trial Tr. 6377:1-2, and that "if you are not careful with prescription drugs and if you do not, you know, use them in the correct manner, they could be harmful and dangerous, just like a loaded weapon," *id.* at Tr. 6378:4-7.

[3] Because plaintiffs marked the video clip only as a demonstrative, it was not subject to the Court's disclosure requirements, which only require disclosure of demonstratives used in direct examination. *See* Dkt. 3595-2 at 8.

[4] The lead up was as follows:

> Q. I think I've got as Plaintiffs' Demonstrative 128 -- are you able to play it? I think I've got about a two-minute cut of one of your speeches, if His Honor will let me play it. It will make you famous here in court. (Video still photo displayed.) And you were looking good too there, man. You've got a good suit going. . . Do you remember giving this speech?
>
> A. Yes. I believe that would have been at the Ravenwood Medical Center in Chardon, Ohio.

content of the clip or the intended purpose for playing it, CVS had no fair opportunity to object prior to the playing of the video. And once the video had been played, the damage was done, and it only would have magnified the prejudice to object.

Finally, to the extent the informal response captured in the video clip has any probative value, it is substantially outweighed by its potential for unfair prejudice and jury confusion. *See* Fed. R. Evid. 403. The jury may be left with the impression, based on the video, that DEA took the position that opioids are not allowed for the use of chronic pain when, in fact, there is no law or regulation that prohibits doctors from prescribing opioids for chronic pain and DEA publicly declined to issue "medical guidelines on prescribing controlled substances for the treatment of pain." *See Dispensing Controlled Substances for the Treatment of Pain*, DEA, 71 Fed. Reg. 172 (Sep. 6, 2006), Dkt. 4029-4, DEF-MDL-01096.00005. On top of this, the reference to death undoubtedly risks inflaming passions.

## CONCLUSION

For the foregoing reasons, the Court should strike from the record the prior statement and all testimony thereon. Alternatively, plaintiffs should be precluded from referencing or using the statement during the remainder of the trial and closing argument.

---

Q.  Okay. And to set this up, I think you're at kind of a Q&A point, or maybe it was just as you were doing the speech, people would interrupt you with questions. This is about an hour into the evening, and so I want to ask you a couple of questions about this, but first give the jury an idea of what you did.

(Video played.)

*See* 11/5/21 Trial Tr. at 6446:3-21.

3

Dated:  November 7, 2021                    Respectfully submitted,

                                            */s/ Eric R. Delinsky*
                                            Eric R. Delinsky
                                            Alexandra W. Miller
                                            Graeme W. Bush
                                            Paul B. Hynes, Jr.
                                            ZUCKERMAN SPAEDER LLP
                                            1800 M Street NW, Suite 1000
                                            Washington, DC  20036
                                            Tel: (202) 778-1800
                                            E-mail: edelinsky@zuckerman.com
                                            E-mail: smiller@zuckerman.com
                                            E-mail: gbush@zucerkman.com
                                            E-mail: phynes@zuckerman.com

                                            *Counsel for CVS Pharmacy, Inc., Ohio
                                            CVS Stores, L.L.C., CVS TN Distribution,
                                            L.L.C., CVS Rx Services, Inc., and CVS
                                            Indiana, L.L.C.*