UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br><br>**Track Three Cases** | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINITFF'S RESPONSE TO CVS MOTION TO STRIKE**

CVS moves to strike "from the record" a demonstrative video clip that is not in the record and questions about the video that were not objected to while the witness was on the stand. Doc. 4125. The motion is frivolous and should be denied.

First, with respect to the video, a motion to strike it from the record is unnecessary because the video itself was presented as a demonstrative exhibit. Demonstrative exhibits are not evidence:

> Demonstratives are not included as part of the appellate record because it is undisputed that they are not evidence. *See Stoker v. Stemco*, No. 2:11-cv-00214-JRG-RSP, 2013 WL 3786346 *4–5, 2013 U.S. Dist. LEXIS 99461 *13-14 (E.D. Tex. Jul. 16, 2013) ("[D]emonstratives are jury aids only; they are not exhibits and not evidence. By definition, demonstratives are never part of the record.") (internal quotation marks omitted); *Baugh v. Cuprum S.A. De C. V.*, 730 F.3d 701, 707 (7th Cir. 2013) ("[D]emonstrative exhibits are not evidence at all.").

*Everlight Elecs. Co. v. Nichia Corp.*, No. 12-CV-11758, 2015 WL 13620574, at *1 (E.D. Mich. June 29, 2015). Plaintiffs did not seek to move the video into evidence, and it does not appear in the transcript. November 5, 2021 Tr. at p. 6446-47. The Court cannot "strike from the record" something that is not there.

Second, the statements were inconsistent with Mr. Hill's prior testimony. Plaintiffs' counsel asked four questions about the video:

> Q Now, you gave that speech and you meant what you said, right?
>
> A Yes.
>
> Q And you mean what you say when you say people shouldn't be on opioids longer than six months; that means you're an addict, right?
>
> A It means that they shouldn't be on it for long-term. If you notice, I also talked about it where I said six months and then I also talked about it being very long-term, yes.
>
> Q Yeah. And by the same token, you talked about how at the DEA y'all would joke about it being a cocktail. That's where you got more than one opiate and another drug working in tandem, right?
>
> A Well, yes, but what that was -- what I was talking about there is when you're talking about people that are abusing it with that.
>
> Q Well, you were talking about, I think, somebody who said, I got a hurt back, I want an OxyContin; that's a good thing. And if I really want a great thing, give me a cocktail, or something like that.
>
> A Yes, the abuse of it. Yes.

*Id.* CVS contends that the use of the video amounts to improper extrinsic evidence because the statements in the video were not inconsistent with the witnesses' testimony. CVS is wrong.

Two of the red flags identified by Mr. Catizone were long term use of opioids for chronic pain and the prescription of opioids with other controlled substances ("drug cocktails"). In his direct examination, however, Mr. Hill testified that he did not believe that Mr. Catizone's methodology was correct and that Mr. Catizone's red flags did not necessarily require resolution. *Id.* at p. 6437 ("Q In your opinion, is Mr. Catizone's methodology correct? A No. . . . Q Do the potential red flags that Mr. Catizone identifies in his methodology necessarily require resolution? A No."). Mr. Hill's statements on the video were inconsistent with his criticism of Mr. Catizone. Plaintiffs' impeachment with his prior inconsistent statements were fair cross-examination of the witness.

2

Third, CVS's motion to strike after the witness has left the stand is far too little and much too late.  The Federal Rules of Evidence require a motion to strike be "timely" or it is waived. Fed. R. Evid 103(a)(1)(A).  "Timeliness of objection under the Rule requires that it be made at the time the evidence is offered." *United States v. Parodi*, 703 F.2d 768, 783 (4th Cir. 1983) (internal quotations omitted) (defendant's failure to object to prior *consistent* testimony deemed waived). The appropriate time to raise an objection [or move to strike] is as soon as the party knows or reasonably should know of the grounds for objection."   *Univ. of Pittsburgh of the Com. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, No. 08CV1307, 2012 WL 1413989, at *2 (W.D. Pa. Apr. 23, 2012) (quoting *Gov't of Virgin Islands v. Archibald*, 987 F.2d 180, 184 (3d Cir.1993)); *cf. In re Souza*, No. AP 14-01082, 2016 WL 7436452, at *5 (B.A.P. 9th Cir. Nov. 17, 2016) (finding waiver of lack of personal knowledge objection when no objection was raised when testimony was given; motion to strike testimony after witness later testified he lacked personal knowledge deemed too late). Waiting until the witness is off the stand cannot be deemed timely when, as here, the basis for the objection was evident at the time the testimony was given.

CVS attempts to excuse its failure to move to strike the evidence arguing that "once the video had been played, the damage was done, and it only would have magnified the prejudice to object." Motion at 3.  CVS doesn't explain why striking the testimony now would not cause the same problem.  And, CVS cites no authority for excusing its failure to timely object after it made an admittedly tactical decision not to object.  It is too late for second thoughts on that decision.

Had CVS timely objected or moved to strike, Plaintiffs would have been able to lay a different foundation for the same questions that are ultimately in evidence had the Court sustained the CVS objection or granted the motion.   Given Mr. Hill's criticisms of Mr. Catizone's red flags, the questions were certainly fair game for expert cross examination independent of the video.

3

Finally, CVS argues that admission of the testimony violates Rule 403 because the "jury may be left with the impression, based on the video, that DEA took the position that opioids are not allowed for the use of chronic pain." Motion at 3. This argument is also waived for the same reasons as above. Moreover, Mr. Hill did not state in either the video or his testimony that his position on use of opioids for chronic pain was anything other than his personal opinion, Tr. at 6446-47, and the jury was informed on direct examination that the DEA did not endorse Mr. Hill's opinions. *Id.* at 6420-21. Of course, CVS was free to clarify that point on redirect, but did not choose to do so.

In addition to striking the statement, CVS asks for an order precluding Plaintiffs "from referencing or using the statement during the remainder of the trial and closing argument." Motion at 3. Plaintiffs intend to follow the rules. The prior statement on the video is not in evidence, but Mr. Hill's sworn, unobjected to testimony is in evidence. There is no basis for precluding the use of this testimony in closing or otherwise.

Dated: November 8, 2021

           Respectfully submitted,

           Jayne Conroy
           SIMMONS HANLY CONROY
           112 Madison Avenue, 7th Floor
           New York, NY 10016
           (212) 784-6400
           (212) 213-5949 (fax)
           jconroy@simmonsfirm.com

           Joseph F. Rice
           MOTLEY RICE LLC
           28 Bridgeside Blvd.
           Mt. Pleasant, SC  29464
           (843) 216-9000
           (843) 216-9290 (Fax)
           jrice@motleyrice.com

        Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*


*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

5

>Hunter J. Shkolnik
>NAPOLI SHKOLNIK
>270 Munoz Rivera Avenue, Suite 201
>Hato Rey, Puerto Rico 00918
>hunter@napolilaw.com
>(347) 379-1688
>
>*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger

6