**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Trumbull v. CVS Health Corporation et al.*, Case No. 18-op-45079,<br><br>and<br><br>*The County of Lake v. CVS Health Corporation et al.*, Case No. 17-md-2804<br><br>"Track Three Cases" | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE COURT'S FINAL JURY INSTRUCTIONS**

Plaintiffs hereby respond to the objections to the Court's final proposed jury instructions submitted last Friday by Walgreens and Walmart, and separately by CVS. With one limited exception, Defendants' proposed "fixes" to the Court's jury instructions do not clarify matters for the jury or avoid confusion, but rather either misstate the applicable law and/or improperly narrow the scope of their potential liability.

The one exception concerns Walgreens and Walmart's proposal to modify the Court's proposed "Unlawful Conduct – Dispensing" instruction to clarify the scienter requirement for a CSA dispensing violation. Plaintiffs agree with those defendants that the applicable regulation prohibits only *knowing* violations of the duty to dispense only prescriptions written for a legitimate medical purpose and also that a defendant acts knowingly when it willfully blinds itself to whether

a prescription is legitimate or acts with deliberate ignorance of whether or not that is the case. Plaintiffs would therefore agree to the following modification of the Court's proposed instruction:

> **Unlawful Conduct – Dispensing**
>
> Under both Federal and Ohio laws and regulations, entities that are authorized to dispense controlled substances are required to provide effective controls and procedures to guard against theft and diversion. A prescription for a controlled substance must be issued for a legitimate medical purpose by a doctor, or other registered prescriber, acting in the usual course of his or her professional practice. The Federal and Ohio Controlled Substances Acts and their accompanying regulations also provide that the pharmacist who fills the prescription has a corresponding responsibility to ~~ensure the prescription is dispensed~~dispense only for a legitimate medical purpose. The corresponding responsibility to ~~ensure the dispensing of~~dispense valid prescriptions extends to the pharmacy itself.
>
> A violation of the corresponding responsibility occurs when a pharmacist or pharmacy **knowingly** fills or allows to be filled an illegitimate prescription. "Knowingly" in this context means a pharmacy may not fill a prescription that it knows or has reason to know is invalid and may not remain deliberately ignorant or willfully blind to information in its possession that may bear on a prescription's legitimacy.

Plaintiffs object to each and every one of the other changes to the Court's proposed jury instructions requested by Defendants. Because most of these other changes involve issues previously briefed by the parties and decided by the Court, Plaintiffs will only address them briefly.

First, Plaintiffs object to Walgreens and Walmart's proposal that the jury not be instructed on "intentional" conduct that causes a public nuisance. As this Court has repeatedly recognized, an absolute public nuisance under Ohio law may be established by a defendant's conduct that is either unlawful or intentional. While Plaintiffs certainly believe that Defendants' dispensing conduct violates the CSA, a jury may find them liable for a public nuisance based on intentional misconduct even if the jury does not agree that Defendants' actions were unlawful. Defendants' argument presumes that their dispensing conduct can only be either prohibited by the CSA or "fully authorized" by it. That is not the case. Intentional conduct that is neither expressly

2

authorized nor expressly prohibited by the CSA can be the legal cause of a public nuisance, and the jury is entitled to find liability on that basis as well.

Plaintiffs also object to all of the changes to the Court's jury instructions proposed by CVS. CVS's first proposed change, concerning the requirement that CSA dispensing violations be "knowing," has already been addressed above. CVS's second proposal, that the sentence in the jury instructions concerning a pharmacy's "corresponding responsibility" not to dispense improper prescriptions be stricken, because the regulation is silent as to the pharmacy's corporate responsibility, has been repeatedly rejected by this Court and is inconsistent with case law recognizing corporate responsibility in these circumstances. Opinion and Order denying Defendants' motion to dismiss, Dkt. 3403 at 13-25; *Holiday CVS, L.L.C., d/b/a CVS/Pharmacy Nos. 219 and 5195*; Decision and Order, 77 FR 62316-01 ("When considering whether a pharmacy has violated its corresponding responsibility, the Agency considers whether the entity, not the pharmacist, can be charged with the requisite knowledge."); *Top RX Pharmacy*; Decision and Order, 78 FR 26069, 62341 (DEA Oct. 12, 2012) (same); *cf. Jones Total Health Care Pharmacy LLC and SND Health Care LLC v. Drug Enforcement Administration*, 881 F.3d 82 (11th Cir. 2018); *accord Linden Med. Pharm. v. Ohio State Bd. of Pharm.*, 2001 Ohio App. LEXIS 2041, at *24 (Ohio Ct. App. 11th Dist. May 8, 2001) (explaining that "licensees electing to operate a business through employees are responsible to the licensing authority for their conduct").[1]

---

[1] Contrary to CVS's argument, the Court's proposed instruction regarding "Corporate Defendants," which notes that "[t]he conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation," is hardly an adequate substitute for expressly advising the jury that Defendants have their own duty under the CSA not to dispense illegitimate prescriptions.

Plaintiffs also object to CVS's proposed modifications to the Court's causation instruction concerning the definition of a "substantial factor." This issue has been repeatedly considered by the Court and CVS simply disagrees with the definition of a substantial factor under the Restatement of Torts and Ohio law. The Court's proposed instruction: "Conduct is a substantial factor if it has some material, meaningful, or considerable effect and that effect is not trivial, negligible, remote, or insignificant. A Defendant's conduct is 'substantial' if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance." is entirely consistent with that precedent. While CVS may wish that case law imposed more substantive requirements on whether conduct constitutes a "substantial factor," it cannot credibly argue that the Court's proposed instruction departs from precedent.

Finally, Plaintiffs object to the two brand new instructions that CVS seeks to add to the Court's jury instructions. These not only far exceed the Court's request to the parties to identify elements of the proposed instructions that might be confusing to the jury, they also introduce irrelevant considerations into the jury instructions. For example, whether a pharmacist may "second-guess" a prescriber's medical judgment about the legitimate medical purpose of a prescription is utterly irrelevant to the issues for the jury to consider. Moreover, CVS's first proposed additional instruction assumes that this Court has already agreed with its argument that only unlawful conduct is at issue; Defendants' proposed instruction would read intentional misconduct completely out of the case.

For the foregoing reasons, Plaintiffs ask the Court to reject Defendants' proposed changes to the jury instructions, apart from the clarification to the instruction regarding unlawful dispensing conduct to which Plaintiffs accede set forth above.

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Suite 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

5

        Frank L. Gallucci
        PLEVIN & GALLUCCI CO., L.P.A.
        55 Public Square, Suite 222
        Cleveland, OH 44113 (216) 861-0804
        (216) 861-5322 (Fax)
        FGallucci@pglawyer.com

        Hunter J. Shkolnik
        NAPOLI SHKOLNIK
        270 Munoz Rivera Avenue, Suite 201
        Hato Rey, Puerto Rico 00918
        (347) 379-1688
        hunter@napolilaw.com

        *Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 8, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        */s/Peter H. Weinberger*
        Peter H. Weinberger