UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All actions* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### PLAINTIFFS' OPPOSITION TO MCKINSEY'S MOTION TO MODIFY AMENDED CASE MANAGEMENT ORDER NO. 2

McKinsey[1] does not dispute that it is appropriate to amend the protective order in this action; nor could it given the obvious need for coordination between the two MDLs. Instead, McKinsey seeks only delay of such amendment until it has equal access to "all discovery from MDL 2804 that is relevant to the claims asserted in MDL 2996." Dkt. 4080 at 2. But this Court's order does not create unequal or unfair access to one MDL 2996 party over the other. Instead, this Court's order simply allows coordination and promoted efficiency between the two MDLs, which the protective order here precluded. *See* Dkt. 441 at ¶¶ 33, 34 (Case Management Order No. 2: Protective Order) (restricting Confidential and Highly Confidential Information to be "used solely for purposes of this Litigation"). Even putting aside the hurdle that McKinsey lacks standing to challenge the use of documents produced by other parties, McKinsey's motion should be denied. Plaintiffs have been actively working with McKinsey to facilitate its requested access. And McKinsey's stance would inhibit, rather than promote, efficient and economical coordination between two related MDLs, in frustration of Section 1407's animating goals. *See* 28 U.S.C. § 1407.

---

[1] "McKinsey" collectively refers to McKinsey & Company Inc.; McKinsey & Company, Inc. United States; and McKinsey & Company, Inc. Washington D.C.

## BACKGROUND

Following the Judicial Panel on Multidistrict Litigation's order transferring actions filed against McKinsey regarding its opioid-related consulting work to the Northern District of California, Judge Breyer set an ambitious schedule for the filing of master complaints, due December 6, 2021, and initial motions to dismiss, due December 23, 2021. The discovery conducted in MDL 2804 is important to Plaintiffs' ability to file complete master complaints, and by definition unnecessary for McKinsey to file a motion to dismiss. McKinsey acknowledges that the MDL 2804 discovery is instead relevant to "defenses and arguments McKinsey intends to make – for example, documents reflecting advice given to opioid manufacturer[s] by *other* advisers, and documents relating to strategies that manufacturers pursued that deviated from McKinsey's advice." Dkt. 4080 at 2. These issues will not be raised in McKinsey's initial motions.

The PEC agrees that coordination between the two MDLs is proper. Plaintiffs also do not object to redefining the phrase "McKinsey Discovery Material" to "any and all Discovery Material relevant to the litigation of claims asserted in *In re McKinsey & Co., Inc., National Prescription Opiate Consultant Litigation*, MDL No. 2996 (N.D. Cal.)," Dkt. 4080-1, rather than documents "related to the opioid-related consulting work performed by McKinsey." Dkt. 4080 at 2. But Plaintiffs oppose McKinsey's request that plaintiffs in MDL 2996 be prohibited from using the MDL 2804 discovery until McKinsey has access to that discovery.

Plaintiffs' counsel in MDL 2996 has been proactively working with McKinsey to define the scope of relevant discovery and to effectuate access to that discovery. *See generally* Declaration of Kelly K. McNabb (Exhibit A) (outlining the meet and confer process). The sheer volume of documents produced in MDL 2804—approximately 50 terabytes of data—has created logistical and proportional hurtles in giving McKinsey the immediate access demanded. But while

the parties continue to meet and confer, Plaintiffs in MDL 2996 should not be denied access to the MDL 2804 discovery for use in their master complaints.[2] Of course, McKinsey can be assured that any documents Plaintiffs use in their master complaints will be immediately accessible to McKinsey.

## ARGUMENT

**I.   A Motion to Modify the Protective Order Is Not the Right Vehicle to Negotiate the Scope of MDL 2996 Discovery.**

Through a series of meet-and-confers, Plaintiffs' counsel in MDL 2996 has reiterated multiple times to McKinsey's counsel that counsel is willing and available to discuss the scope of "McKinsey Discovery Material," *see* Dkt. 4028 at ¶ 9, and will work with the PEC in MDL 2804 to coordinate those efforts such that the parties are working off the same set of documents. *See* McNabb Decl. at ¶¶ 8, 10. If McKinsey and Plaintiffs' counsel from MDL 2996 cannot come to an agreement on what is "McKinsey Discovery Material," Judge Breyer or Magistrate Judge Sallie Kim, overseeing MDL 2996 discovery, are capable of resolving this disagreement.

McKinsey, recognizing that its prior request for "*all* materials from MDL 2804," *see* Dkt. 4033 at 2, is clearly not reasonable or proportional, now seeks to redefine "McKinsey Discovery Material" to mean "any and all Discovery Material relevant to the litigation of claims asserted in *In re McKinsey & Co., Inc., National Prescription Opiate Consultant Litigation*, MDL No. 2996 (N.D. Cal.)." Dkt. 4080 at 5-6. Within the massive volume of discovery produced in this MDL, even with a clear definition, such production will take time and money. As Plaintiffs' counsel in MDL 2996 told McKinsey's counsel, over *50 terabytes* of data have been produced by *hundreds*

---

[2] Because of the overlapping allegations in both MDLs, some Plaintiffs' counsel in MDL 2996 are also Plaintiffs' counsel in MDL 2804 and have access to the MDL 2804 database. This does not mean that the Plaintiffs in MDL 2996 have "unfettered access" to the MDL 2804 database as McKinsey claims. Dkt. 4033 at 2.

of parties in MDL 2804. *See* Dkt. 4080 at 6 n.3. Storage costs for this amount of data alone *exceed $350,000 a month*. Producing this data to McKinsey is estimated to cost over $50,000 and take approximately 2 months. This delay and cost are what the MDL 2996 Plaintiffs are trying to avoid. Plaintiffs' counsel in MDL 2996 continue to work with McKinsey to come to agreement on what data is relevant and proportional to the needs of MDL 2996; it is clear that the entire 50 terabytes of data produced in MDL 2804 is not.

While the parties can negotiate the scope of discovery (with intervention from Judge Breyer or Judge Kim as necessary), McKinsey's motion to modify the protective order is not made at the right time, in the right forum, or using the right mechanism to do so. As McKinsey notes, "[t]he parties to MDL 2996 are presently discussing the contours of relevant discovery and how access to that discovery can be assured for all parties." *Id.* at 6 n.1. McKinsey's claim that the amended protective order leaves it up to Plaintiffs to determine the scope of relevant discovery in MDL 2996 ignores this fact and basic rules of discovery.

Ultimately, McKinsey is missing the point: the scope of McKinsey Discovery Material should not be litigated before this Court. Indeed, the JPML declined to transfer the McKinsey-related actions to MDL 2804. *See generally In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, No. MDL 2996, 2021 WL 2351628 (JPML June 7, 2021). Rather, all MDL 2996 parties' access to discovery materials, whether already produced in MDL 2804 or not, is best negotiated within the normal scope of discovery while promoting coordination with this MDL.

**II.     McKinsey's Motion Ignores the Procedural Posture of MDL 2996 and Plaintiffs' Need for MDL 2804 Discovery.**

In accordance with the schedule set by Judge Breyer, the MDL 2996 Plaintiffs are in the process of drafting master complaints, which are due approximately a month from today.[3] To include a full set of allegations against McKinsey and thus promote efficiency of the proceedings, the Plaintiffs must be able to use documents produced in MDL 2804. The protective order as modified by this Court (*see* Dkt. 4028) allows them to do so. McKinsey's proposed course will require lengthy negotiations and a potentially long production timeline. *See* Dkt. 4080 at 6 ("[A]ny such resolution will take time."). If the Plaintiffs are not able to use McKinsey-related materials for the pleading purposes, they may not be able to develop fulsome complaints, and thus, re-pleading may prove necessary, causing delays. Allowing the protective order, as currently entered, to stand will thus promote efficiency in MDL 2996.

McKinsey asserts that the distinction between access to and use of MDL 2804 discovery creates an "informational asymmetry." Dkt. 4080 at 5. But informational asymmetry at the outset of litigation is the norm; for example, Plaintiffs do not currently have "access" to all the documents in *McKinsey's* possession, but do not claim that the use of relevant documents should be precluded until they are given such access. McKinsey's position also ignores the procedural posture of MDL 2996. Plaintiffs are currently analyzing the facts available to them in drafting master complaints. Any initial motions McKinsey makes in response to the master complaints will not require access to or use of discovery. Indeed, that is the very nature of Rule 12 motions. Plaintiffs are confident that they can reach agreement with McKinsey on the proper scope of "McKinsey Discovery Material" and thereafter McKinsey will have access as soon as practicable for use in MDL 2996.

---

[3] The complaints were due sooner, but McKinsey missed its own deadline by two weeks to establish the Attorneys General Database of its opioid-related documents, which the MDL 2996 Plaintiffs intend to review prior to filing their master complaints.

## CONCLUSION

The PEC remains willing to coordinate discovery with MDL 2996, and Plaintiffs' counsel in MDL 2996 remain committed to working with McKinsey to define the scope of "McKinsey Discovery Material" so that both parties are working from the same set of documents in MDL 2996. The Court should deny McKinsey's motion, allow negotiations in MDL 2996 to continue, and allow the MDL 2996 Plaintiffs to proceed with their use of McKinsey Discovery Material in the master complaints.

Dated: November 8, 2021          Respectfully submitted,

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (Fax)
jconroy@simmonsfirm.com

FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR 00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

        */s/ Peter H. Weinberger*
        Peter H. Weinberger (0022076)
        SPANGENBERG SHIBLEY & LIBER
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        (216) 696-3232
        (216) 696-3924 (Fax)
        pweinberger@spanglaw.com

        *Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2021, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.


        By: */s/ Peter H. Weinberger*
            Peter H. Weinberger