**Applicable Law – Public Nuisance – Introduction**

I will now instruct you on the elements of Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.

Let me define for you the legal term "***public nuisance***." A "public nuisance" is an unreasonable interference with a right held by the public in common that is ongoing today. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1. The Defendant engaged in ***intentional conduct*** that caused a significant and ongoing interference with a public right to health or safety; or

2. The Defendant engaged in ***unlawful conduct*** that caused a significant and ongoing interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there should

19

*DRAFT – November 8, 2021*

be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

*DRAFT – November 8, 2021*

**Public Nuisance – Causation**

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct *caused* an interference with a right to public health or safety that is ongoing today. Let me explain something about causation.

You may find a Defendant liable only if you conclude the Defendant was a *proximate cause* of a public nuisance. A public nuisance may be proximately caused by a Defendant's act or failure to act. A Defendant's conduct proximately caused a public nuisance if the circumstances that constitute the nuisance are the natural and foreseeable result of that conduct. There may be more than one proximate cause of a public nuisance, but causes that are merely incidental are not proximate causes. To be a proximate cause, the acts or omissions of a Defendant must be a substantial factor in producing circumstances that unreasonably interfere with a public right to health or safety.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a *substantial factor* in creating the public nuisance. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause, or one of the material, meaningful, or considerable causes, of the nuisance.  If you find that the conduct of any Defendant proximately caused a public nuisance, it is not a defense to liability that some other entity may also be to blame.

*DRAFT – November 8, 2021*

In addition, the Plaintiff must show, by the greater weight of the evidence, that the conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

## **Multiple Nuisances**

Because Plaintiffs are required to prove that a Defendant was a substantial factor is causing a public nuisance that is ongoing today, it is not sufficient for Plaintiffs to prove that a Defendant caused a past public nuisance that is not ongoing today. If you find a public nuisance has changed in nature over time, it is for you determine if any unlawful or intentional conduct by a Defendant caused the nuisance that is ongoing today.