UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## CVS MOTION TO PRECLUDE CERTAIN ARGUMENT

Defendant CVS hereby moves to preclude in closing argument use of, or reference to, testimony containing questions from counsel embedded with data analyses or other information not in the record, of which the witness on the stand lacked knowledge.

It is well-settled that attorney questions are not evidence. The Court has instructed the jury as much during trial, and this motion seeks enforcement of this rule. At times throughout the trial, plaintiffs' counsel asked questions—often over attorney objection—containing information outside the record. Witnesses then testified, almost invariably, that they lacked knowledge of the information embedded in the question. No substantive, admissible testimony on the matter therefore was provided. An example is as follows from the testimony of CVS pharmacist Ken Cook:

> Q: But in the meantime, did you bother to check to see whether or not the dosage data that ya'll have given us shows that CVS filled 2,765,660 dosage units for Dr. Demangone over the last number of years that ya'll have given us the data?
>
> Ms. Miller: Objection.
>
> Q: Did you look?
>
> The Court: Overruled.
>
> The Witness: The question is did I look?

Q: Yea, to see how much ya'll filled of the gentleman, aside from just seeing the sign in his window now?

Ms. Miller: Objection, Your Honor.

The Court: Overruled.

The Witness: With all due respect, I don't know if I'd have access to that company-wide data.

ECF No. 4132 at 6591:23-6592:13.

The statistic used in this passage is not in evidence, and there was no further questioning on the subject. Use of this exchange (or ones like it) in closing argument—and ones like it—would serve no permissible purpose. Its only purpose would be to inject unadmitted matter into the jury room and to circumvent the rule that attorney questions are not evidence.

Wherefore, CVS respectfully requests that the Court preclude plaintiffs from any use in closing argument of testimony reflecting questions from counsel embedded with data analyses or other information not in the record.

Dated:  November 9, 2021         Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*