```
                IN THE DISTRICT COURT OF THE UNITED STATES
                   FOR THE NORTHERN DISTRICT OF OHIO
                             EASTERN DIVISION


  IN RE:                              Case No. 1:17-md-2804
  NATIONAL PRESCRIPTION               Cleveland, Ohio
  OPIATE LITIGATION
                                      November 10, 2021
  CASE TRACK THREE                    9:00 A.M.


                                - - - - -


                              VOLUME 27

                                - - - - -


            TRANSCRIPT OF JURY TRIAL PROCEEDINGS,

            BEFORE THE HONORABLE DAN A. POLSTER,

               UNITED STATES DISTRICT JUDGE,

                          AND A JURY.



                                - - - - -



 Official Court Reporter:  Heather K. Newman, RMR, CRR
                           7-189 U.S. Court House
                           801 West Superior Avenue
                           Cleveland, Ohio  44113
                           216-357-7035


 Proceedings recorded by mechanical stenography; transcript
 produced by computer-aided transcription.
```

```
 1      APPEARANCES:
        For the Plaintiffs:        Peter H. Weinberger, Esq.
 2                                 Spangenberg, Shibley & Liber
                                   1001 Lakeside Avenue, Ste. 1700
 3                                 1900 East Ninth Street
                                   Cleveland, Ohio   44114
 4                                 216-696-3232

 5                                 W. Mark Lanier, Esq.
                                   Rachel Lanier, Esq.
 6                                 M. Michelle Carreras, Esq.
                                   Mildred Conroy, Esq.,
 7                                 The Lanier Law Firm
                                   6810 FM 1960 West
 8                                 Houston, Texas    77069
                                   813-659-5200
 9
                                   Frank L. Gallucci, III, Esq.
10                                 Plevin & Gallucci Company, LPA
                                   The Illuminating Building
11                                 Suite 2222
                                   55 Public Square
12                                 Cleveland, Ohio   44113
                                   216-861-0804
13
                                   Salvatore C. Badala, Esq.
14                                 Maria Fleming, Esq.
                                   Napoli Shkolnik
15                                 360 Lexington Ave.,
                                   11th Floor
16                                 New York, New York   10017
                                   212-397-1000
17
                                   Laura S. Fitzpatrick, Esq.,
18                                 Simmons Hanly Conroy
                                   112 Madison Avenue
19                                 7th Floor
                                   New York, NY 10016
20                                 212-784-6400

08:53:44 21                        Michael A. Innes, Esq.,
                                   Carella, Byrne, Cecchi, Olstein,
22                                 Brody & Agnello
                                   5 Becker Farm Road
23                                 Roseland, NJ 07068
                                   973-944-1700
24

25
```

| | | |
|---|---|---|
| 1 | For Walgreen Defendants: | Kaspar J. Stoffelmayr, Esq. |
| 2 | | Brian C. Swanson, Esq. |
| | | Katherine M. Swift, Esq. |
| 3 | | Alex Harris, Esq. |
| | | Sharon Desh, Esq. |
| | | Bartlit Beck LLP |
| 4 | | 54 West Hubbard Street, Ste.300 |
| | | Chicago, Illinois   60654 |
| 5 | | 312-494-4400 |
| 6 | For CVS Defendants: | Graeme W. Bush, Esq. |
| | | Eric R. Delinsky, Esq. |
| 7 | | Alexandra W. Miller, Esq. |
| | | Paul B. Hynes, Jr., Esq. |
| 8 | | Zuckerman Spaeder - Washington |
| | | Suite 1000 |
| 9 | | 1800 M Street, NW |
| | | Washington, DC   20036 |
| 10 | | 202-778-1831 |
| 11 | For Walmart Defendants: | John M. Majoras, Esq. |
| | | Robert H. Hendricks, Esq., |
| 12 | | Jones Day - Columbus |
| | | Suite 600 |
| 13 | | 325 John H. McConnell Blvd. |
| | | Columbus, Ohio   43215 |
| 14 | | 614-281-3835 |
| 15 | | Tara A. Fumerton, Esq. |
| | | Tina M. Tabacchi, Esq. |
| 16 | | Jones Day - Chicago |
| | | Suite 3500 |
| 17 | | 77 West Wacker |
| | | Chicago, Illinois   60601 |
| 18 | | 312-782-3939 |
| 19 | | |
| | ALSO PRESENT: | Special Master David Cohen |
| 20 | | |

- - - - -

```
09:29:00   1            Wednesday Session, November 10, 2021, at 9:00 A.M.
09:29:00   2                    COURTROOM DEPUTY:  All rise.
09:29:06   3                    THE COURT:  All right.  Everyone can be
09:29:07   4    seated, please.  All right.
09:29:27   5          Good morning.  We have a number of matters.  Let's
09:29:36   6    start with what was on the schedule, which was any remaining
09:29:39   7    issue with the trial exhibits.
09:29:41   8                    MS. FITZPATRICK:  Yes, Your Honor.  Good
09:29:43   9    morning.  Laura Fitzpatrick for the plaintiffs.
09:29:46  10          I'm pleased to tell you that we worked long into the
09:29:48  11    night last night with all sides, and we have come to an
09:29:50  12    agreement that there are no issues to bring to you,
09:29:53  13    Your Honor, for resolution with respect to the admitted
09:29:56  14    exhibits, with one caveat.  And I believe that Mr. Delinsky
09:30:00  15    may want to put on the record just as an objection -- let me
09:30:04  16    restate that.  I apologize.
09:30:05  17          We have no issues with Walmart -- Walgreens as to
09:30:11  18    admitted exhibits.
09:30:12  19          With respect to CVS, we are in agreement that we do
09:30:16  20    not need your guidance or ruling on anything.
09:30:19  21          We're in agreement as to the form of how the *Holiday*
09:30:22  22    case will go back to the jury.  I believe Mr. Delinsky would
09:30:26  23    like to note for the record his objection to that document
09:30:29  24    going into evidence, but we're not here to argue --
09:30:33  25                    THE COURT:  Okay.
```

```
09:30:34  1                   MS. FITZPATRICK:  -- about the document.
09:30:36  2                   MR. DELINSKY:  And, Your Honor, it's just --
09:30:38  3    as I'm sure Your Honor remembers, the case and the decision
09:30:41  4    came in over our objection to begin with.
09:30:44  5                   THE COURT:  Right.
09:30:44  6                   MR. DELINSKY:  So Ms. Fitzpatrick did
09:30:50  7    characterize it right.  I did just want to put on the record
09:30:53  8    our objections to the Holiday case being in evidence under
09:30:56  9    401, 402, 403, 404, 408, 603, and 803.
09:31:03 10       So we still continue to object but we have nothing
09:31:06 11    beyond those objections to raise with you now, mindful that
09:31:09 12    Your Honor has already let it in.
09:31:10 13                   THE COURT:  All right.
09:31:11 14                   MR. DELINSKY:  And --
09:31:12 15                   THE COURT:  When we break today, I want to
09:31:13 16    make -- I want counsel to stay with Mr. Pitts and make sure
09:31:20 17    that he's on a -- what is it, on a jump drive?
09:31:25 18                   COURTROOM DEPUTY:  It's a flash drive.
09:31:27 19       They're going to work that out over the weekend and
09:31:30 20    give you a drive over the -- on Monday because they have to
09:31:33 21    check each other's work.
09:31:34 22                   THE COURT:  All right.
09:31:34 23       So you're going to do that and give it to us on
09:31:37 24    Monday?
09:31:37 25                   MS. FITZPATRICK:  Yes, Your Honor.  Each side
```

09:31:39  1    has shared a link to the document, the specific electronic
09:31:43  2    file that will be placed onto the flash drive.  And although
09:31:48  3    we're in agreement as to where redactions need to go, I
09:31:50  4    think both sides would just feel comfortable if we had a
09:31:54  5    fresh pair of eyes on the documents to ensure that what
09:31:56  6    the -- you know, that the documents reflect the agreements
09:31:58  7    that have been made.
09:31:59  8         But I do not envision any issues coming before
09:32:02  9    Your Honor.
09:32:03 10              THE COURT:  All right.
09:32:03 11         Well, because there won't be any time for any so I'll
09:32:07 12    just assume everyone's going to look at it and will have
09:32:10 13    signed off that the flash drive has everything that it
09:32:14 14    should have, that it doesn't contain any documents it
09:32:17 15    shouldn't have, and that that any redactions were made to
09:32:21 16    everyone's satisfaction.
09:32:22 17              MS. FITZPATRICK:  Yes, Your Honor.
09:32:23 18         And if I may, Your Honor, just for the record, and I
09:32:26 19    think for the benefit of opposing counsel.
09:32:29 20         To the extent that there have been redactions to
09:32:33 21    documents that may have previously been posted on the
09:32:36 22    Court's website, plaintiffs have agreed that those versions
09:32:40 23    will be replaced with the redacted versions.
09:32:43 24         We will make it seamless and easy for Mr. Pitts and
09:32:48 25    the Court staff to have that done, but I did want to

09:32:51 1   represent on the record that we have no problem with that.
09:32:52 2       Also, for the benefit of the record, I think it may be
09:32:55 3   helpful for me, if Your Honor will permit, to just read in
09:33:01 4   the plaintiff exhibit numbers for the *Holiday* decision.
09:33:04 5               THE COURT: Okay.
09:33:05 6               MS. FITZPATRICK: If -- thank you, Your Honor.
09:33:06 7       The first is P-42147A. The second version is P-8166.
09:33:18 8   And the third time that the *Holiday* case appears within an
09:33:22 9   admitted exhibit is P-7799, and the agreed-to redactions
09:33:27 10  will appear in all versions of those exhibits.
09:33:32 11              MR. DELINSKY: And, Your Honor --
09:33:33 12              THE COURT: We're going to have three exhibits
09:33:35 13  of *Holiday*?
09:33:36 14              MS. FITZPATRICK: Well, Your Honor, it's --
09:33:38 15  the issue is that the -- there was a version of the *Holiday*
09:33:41 16  decision that was used by Mr. Lanier live in court, and then
09:33:44 17  there were two deposition exhibits for depositions that were
09:33:48 18  played in court where the -- in one instance, P-7799, there
09:33:56 19  was an e-mail to Mr. Brad Nelson that attached the decision,
09:34:00 20  and our interest in that document was the cover e-mail and
09:34:04 21  the fact that Mr. Nelson was on notice of the *Holiday*
09:34:08 22  decision.
09:34:09 23              THE COURT: All right.
09:34:10 24      Well, we just want to make sure that the same
09:34:13 25  redactions are made on all versions.

```
09:34:18   1                    MS. FITZPATRICK:  That's exactly right,
09:34:20   2    Your Honor are.  And that's all I wanted to make sure was
09:34:23   3    clear for the record.
09:34:24   4                    MR. DELINSKY:  And, Your Honor, there's one
09:34:25   5    other nuisance associated with the Holiday case that I'll
09:34:28   6    just bring to Your Honor's attention.
09:34:30   7         The parties have agreed to a cover stipulation that
09:34:34   8    simply defines the word "respondents" as it appears in the
09:34:37   9    opinion because that could otherwise be confusing to lay
09:34:40  10    persons.
09:34:41  11                    THE COURT:  Where is that going to appear?
09:34:43  12                    MR. DELINSKY:  I think it's going to be
09:34:44  13    stapled to the cover of the exhibit, Your Honor.
09:34:48  14                    THE COURT:  All right.
09:34:50  15                    MS. FITZPATRICK:  That's correct, Eric.
09:34:51  16         And, Your Honor, I do have a copy of the redacted
09:34:53  17    version if Your Honor would like to see where we ended up.
09:34:55  18                    THE COURT:  All right.
09:34:58  19                    MR. DELINSKY:  And again, Your Honor, not --
09:35:00  20    just out of an abundance of caution, just over CVS's -- the
09:35:05  21    objections previously stated.
09:35:30  22                       (Brief pause in proceedings.)
09:35:36  23                    THE COURT:  Okay.
09:35:39  24         This looks like one of those classified documents
09:35:43  25    which -- very little public and almost everything blacked
```

```
09:35:46  1    out but --
09:35:48  2              MS. FITZPATRICK:  Your Honor, I agree.
09:35:49  3    Plaintiffs were very generous with those redactions.
09:35:54  4         (Laughter.)
09:35:54  5              THE COURT:  Very little of Mr. Delinsky's
09:35:56  6    objection because there's not much of this in.
09:35:59  7         Okay.  All right.  Thank you.
09:36:01  8              MR. DELINSKY:  And, your Honor, I think one
09:36:02  9    other exhibit issue, and I don't think it's an issue but
09:36:06 10    given how we have worked out -- given what's now coming in,
09:36:12 11    we move in CVS-MDL-04954, which was the Temporary
09:36:18 12    Restraining Order issued in I think what we've also loosely
09:36:21 13    called the Hansen case.  That's where CVS was ordered by the
09:36:25 14    District Court in Kentucky to continue filling prescriptions
09:36:27 15    and not to suspended Dr. Hansen, and I don't want to put
09:36:32 16    words in your mouth, Laura, but I believe that --
09:36:35 17              MS. FITZPATRICK:  Your Honor, this is kind of
09:36:37 18    a goose/gander issue.
09:36:38 19         It is part of the agreement related to Holiday.
09:36:43 20    However, plaintiffs would, in other circumstances, have
09:36:47 21    objected to the admissibility of that document but it is --
09:36:50 22    Mr. Delinsky is correct that this was kind of a package
09:36:53 23    deal.
09:36:53 24              THE COURT:  All right.  Fine.
09:36:54 25              MR. DELINSKY:  And, Your Honor, I just want
```

```
09:36:56  1    to -- again, I'm doubling on my neuroticism here,
09:37:00  2    Your Honor, but we're -- the agreement was as to the form of
09:37:05  3    the admission, but we maintain our objections to the Holiday
09:37:07  4    case for the reasons stated.
09:37:08  5              THE COURT:  All right.  Fine.
09:37:09  6       Okay.  All right.  Well, I appreciate everyone's hard
09:37:14  7    work in working through any issues with the exhibits.
09:37:17  8       So, again, just make sure that that flash drive is
09:37:22  9    accurate and then the jury will be able to access -- I'm
09:37:26 10    curious.  Is there some sort of an index or how were they
09:37:31 11    going to. . . I mean, is there going to be an index with
09:37:34 12    those?  Are they going to be listed numerically?
09:37:38 13       How are they going to be able to go through them?
09:37:40 14              COURTROOM DEPUTY:  Well, Judge, there -- the
09:37:42 15    exhibits are numbered, of course, with the number exhibits
09:37:44 16    but it also has a brief description.  There's supposed to be
09:37:48 17    a brief description of the exhibits so the jury will know
09:37:51 18    what they're accessing.
09:37:52 19              THE COURT:  All right.  So there is that?
09:37:54 20              COURTROOM DEPUTY:  Yeah.
09:37:54 21              THE COURT:  Okay.  That's good.
09:37:56 22              COURTROOM DEPUTY:  The name of the file will
09:37:57 23    tell what it is.
09:37:57 24              THE COURT:  Okay.  Fine.  That will help the
09:38:01 25    jury.
```

```
09:38:02  1              Okay.  All right.  I think CVS proposed a couple
09:38:17  2   amendments to the jury instructions.  I've looked at them
09:38:27  3   and I'm not inclined to make those changes.
09:38:33  4              MR. DELINSKY:  Your Honor, I think we put in
09:38:37  5   ones yesterday and I think there was agreement with
09:38:40  6   plaintiffs that the ones put in yesterday that added in two
09:38:45  7   places, that is ongoing today --
09:38:48  8              THE COURT:  Well, I thought I changed -- I
09:38:50  9   made those changes.
09:38:51 10              MR. DELINSKY:  Oh, okay.  All right.  We just
09:38:52 11   haven't seen that, Your Honor.  Okay.
09:38:53 12              THE COURT:  Well, wait.  I thought those were
09:38:55 13   sent to everyone.  Julian, weren't those sent to everyone?
09:39:00 14   Weren't those sent yesterday?
09:39:03 15              LAW CLERK:  No, Your Honor.
09:39:03 16              THE COURT:  All right.  Those were supposed to
09:39:05 17   go out last night.
09:39:06 18              MR. DELINSKY:  Thank you, Your Honor.
09:39:06 19              THE COURT:  Let's get that done right now so
09:39:08 20   everyone can see them.
09:39:10 21         Give everyone hard copies who's here, please.
09:39:13 22         I apologize.  That was supposed to happen last night.
09:39:22 23         Well, the proposal is to add, "You should not think
09:39:24 24   that something is true just because an attorney's questions
09:39:28 25   suggest that it is true."
```

```
09:39:28   1              I've already instructed them that attorneys' questions
09:39:31   2       aren't evidence, so I don't need that.
09:39:35   3              And then there's some other changes to public nuisance
09:39:40   4       based on a decision yesterday in the Johnson & Johnson case
09:39:46   5       by the Supreme Court of Oklahoma.
09:39:50   6              Well, that decision involved Oklahoma public nuisance
09:39:54   7       law.  This is Ohio.  So I'm certainly not changing anything
09:39:57   8       as a result of that opinion.
09:39:58   9                   MR. DELINSKY:  Your Honor, the one thing I
09:39:59  10       would add to the one sentence that we've proposed there is
09:40:05  11       that comes from the restatement second.  But I -- and that
09:40:09  12       was part of what prompted us to include it.
09:40:13  13                   THE COURT:  Well, I'm not making that change.
09:40:15  14                   MR. DELINSKY:  Okay.  Understood, Your Honor.
09:40:25  15                   MS. TABACCHI:  Your Honor, if I may.  It's
09:40:27  16       Tina Tabacchi on behalf of Walmart.
09:40:29  17            If we could revisit the CVS motion to preclude certain
09:40:33  18       argument.  Walmart would join in that motion and it's beyond
09:40:36  19       the instruction to disregard lawyer questions.  What we are
09:40:40  20       looking for is to not have those questions used in closing.
09:40:44  21                   THE COURT:  Well, I'm addressing that now.
09:40:46  22                   MS. TABACCHI:  Oh, okay.  Thank you.
09:40:47  23                   THE COURT:  CVS moved to preclude certain
09:40:52  24       argument.  All right.
09:40:52  25              Everyone knows that a lawyer's question isn't evidence
```

09:40:56 1  and that a lawyer's question, followed by an answer, "I
09:41:01 2  don't know, I don't recall," does not admit into evidence
09:41:07 3  the subject matter of the question or anything contained in
09:41:10 4  the question.
09:41:10 5  　　　　I'm not going to have any references to questions with
09:41:15 6  answers like that, but -- I mean, the only way that the
09:41:24 7  document's referenced in a question like that is if they're
09:41:28 8  already in, if the documents are already in, or if there was
09:41:33 9  a prior question containing those documents or compilation
09:41:40 10 or statistics to a witness and the witness acknowledged it
09:41:42 11 and talked about it, well, then, you've got an actual answer
09:41:47 12 with content, so.
09:41:51 13 　　　　So there's no way I'm going to be able to -- you know,
09:41:57 14 I don't have at my fingerprints all this evidence and the
09:42:00 15 statistics, and I don't want opening -- closing arguments to
09:42:04 16 be interrupted every five minutes.
09:42:07 17 　　　　So what are you all proposing?  How are you proposing
09:42:10 18 we handle this?
09:42:14 19 　　　　　　　MR. LANIER:  Your Honor, Mark Lanier by phone.
09:42:16 20 If I can be heard for a moment.
09:42:18 21 　　　　First of all, I think we've got great experienced
09:42:23 22 lawyers.  I think the rules are real clear on this.  Lawyer
09:42:26 23 questions are not evidence and you're not allowed to bury
09:42:30 24 within the question something that's not in evidence.
09:42:34 25 　　　　Certainly not anything that I would do in closing,

```
09:42:40   1    reference non-evidence in closing.  And those questions were
09:42:43   2    asked by all parties.
09:42:45   3             I have the same concern with the disk that's been
09:42:49   4    subject to the Motion in Limine that was filed, except I
09:42:53   5    didn't file one because I just figured the lawyers are going
09:42:56   6    to follow the rules.  And I think it's incumbent on all of
09:43:00   7    us, as officers of the Court, to not make arguments that are
09:43:04   8    blatantly objectionable, and I think these would be.
09:43:06   9             If there is a question that references evidence that
09:43:11  10    is actually in front of the jury, that evidence has been
09:43:14  11    admitted, then that's a different kind of question.  But I
09:43:21  12    asked, for example, a number of questions about, "Did you
09:43:24  13    know that the dispensing records contained your dispensing
09:43:30  14    'X' number of prescriptions to Dr. Demangone or Demangone or
09:43:35  15    however he says his name," and the witness would say no.
09:43:38  16             I have those statistics in front of me.  I had a good
09:43:40  17    faith basis, but I didn't have them in evidence and so I
09:43:43  18    can't play that in front of the jury in closing.  I can't
09:43:46  19    reference that in that way and would not do so.
09:43:51  20             Likewise, that was done by Mr. Stoffelmayr and that
09:43:55  21    was done by Mr. Delinsky and that was done by Ms. Fumerton
09:44:00  22    at different times, and I believe they're not going to
09:44:04  23    either.
09:44:04  24             All to say -- and I'll shut up -- we're going to all
09:44:07  25    follow the rules, I hope.  And if we don't, then shame,
```

```
09:44:11  1    shame on us and there would be an objection, but I just
09:44:14  2    don't see anybody not following the rules on this.  This, to
09:44:17  3    me, is like don't stand up and make racial comments.  I
09:44:21  4    mean, this is a given, you know.
09:44:26  5              MR. DELINSKY:  I think we're in agreement,
09:44:27  6    Your Honor.
09:44:27  7              THE COURT:  All right.
09:44:28  8              MR. DELINSKY:  That no one's going to
09:44:29  9    reference those kinds of -- the questions that are embedded
09:44:32 10    with facts not in evidence.
09:44:33 11              THE COURT:  All right.
09:44:33 12         Well, I'm going to rely on counsel because you have,
09:44:39 13    you know, at your fingerprints, you know, real time
09:44:44 14    transcript, all the exhibits, the documents, the statistics.
09:44:48 15    I don't.  So I'm going to rely on the fact I do have the
09:44:52 16    best lawyers in the country and I know you can follow the
09:44:54 17    rules.
09:44:54 18         So if something is in evidence, you can refer to it,
09:45:00 19    but if it's not, you can't.  And you certainly can't, you
09:45:05 20    know, reference a question where you're putting something in
09:45:08 21    that's not in evidence and the only answer is, "I don't
09:45:10 22    know, I don't recall, I never saw it," because that -- I
09:45:15 23    will really clamp down hard on anyone who does that.
09:45:17 24         All right.  Well, anything else that anyone can think
09:45:28 25    of that we ought to cover?
```

```
09:45:35  1                    MS. FITZPATRICK:  Not for plaintiffs,
09:45:36  2    Your Honor.  I don't believe so.
09:45:39  3                    THE COURT:  Anything from any of the
09:45:41  4    defendants?
09:45:42  5                    MR. DELINSKY:  I don't think so, Your Honor.
09:45:43  6       I'm looking around at other -- my colleagues.  I don't
09:45:48  7    believe so.
09:45:48  8                    MR. SWANSON:  Nothing from us, Your Honor.
09:45:49  9                    THE COURT:  Okay.  Well, have a good few days,
09:45:54 10    and I'm looking forward to the closing arguments.
09:45:56 11         So we're going to -- my plan is to do the plaintiffs'
09:46:05 12    closing and most of the instructions before lunch.  We'll
09:46:08 13    break -- take an hour for lunch.  We'll come back.  We'll do
09:46:14 14    two of the defendants.  You can -- it doesn't matter which
09:46:17 15    two.  We'll take our mid-afternoon break.  We'll have the
09:46:22 16    last one and the close of the instructions, and then the
09:46:24 17    jury will retire.
09:46:25 18         And my guess is they'll want to adjourn pretty
09:46:30 19    quickly, but if they don't, I mean, it's up to them.  They
09:46:33 20    can -- they set their own schedule.
09:46:35 21         And I provide lunch, starting Tuesday for
09:46:39 22    deliberations.  I'm not allowed to do it during the trial,
09:46:43 23    but the rules permit it for deliberations.  So I'm going to
09:46:48 24    be doing that.  I found it saves time, obviously minimizes
09:46:55 25    distractions, the opportunity to talk to anyone else.  It
```

```
09:46:58   1   builds collegiality.  So I do that.  And so I'll be
09:47:04   2   providing lunch for them.
09:47:06   3          Okay.
09:47:07   4              MR. DELINSKY:  Your Honor, before -- just on
09:47:08   5   that scheduling, just one point.
09:47:12   6       I don't want there to be a surprise on Monday
09:47:15   7   afternoon.  We have not made decisions internally how we're
09:47:20   8   going to allocate time, if there will be common portions or
09:47:24   9   everyone will go by their hours.
09:47:25  10              THE COURT:  That's true.  You don't have to
09:47:27  11   have exactly one hour, one hour, one hour.
09:47:29  12              MR. DELINSKY:  Yeah, and it could interfere --
09:47:31  13              THE COURT:  I'll still probably --
09:47:34  14              MR. DELINSKY:  Yes, exactly.  Your Honor.
09:47:35  15              THE COURT:  Well, I'd rather not have to cut
09:47:38  16   someone off in the middle, but if someone is going to take
09:47:41  17   one hour and 45 minutes -- well, I'll tell you what, why
09:47:46  18   don't -- you're going to figure this out over the weekend.
09:47:49  19   Why don't you let me know Monday and so I'll know sort of
09:47:53  20   what you're planning to do.
09:47:55  21              MR. DELINSKY:  We'll do that, Your Honor.
09:47:57  22   Yeah.  Then we can figure out where the break should go.
09:48:00  23              THE COURT:  Right.  I'd rather not have to cut
09:48:05  24   one of you off in the middle, but if you allocate your time
09:48:09  25   in such a way that there's no other way to do it, you know,
```

```
09:48:12  1    it's not so terrible.
09:48:14  2            Mr. Lanier is going to have to do that with his.
09:48:16  3            MR. DELINSKY:  Right.  Wouldn't be the end of
09:48:17  4    the world.
09:48:18  5            MR. LANIER:  Your Honor, my -- Your Honor,
09:48:19  6    Mark Lanier.
09:48:21  7        My plan -- if I understand the Court right, my plan is
09:48:24  8    you will do your initial charge to the jury starting around
09:48:27  9    9:00.
09:48:28 10            THE COURT:  Right.
09:48:28 11            MR. LANIER:  That means I will get to start
09:48:32 12    probably around 9:30.
09:48:34 13        I'm planning an initial segment that will last
09:48:39 14    one hour, to about 10:30.  We take the break.  Then I've got
09:48:42 15    the next section for an hour and a half and then we take the
09:48:44 16    breaks, et cetera, and then I'll save that 30 minutes for
09:48:47 17    rebuttal if that's okay.
09:48:49 18            THE COURT:  That's it.
09:48:50 19        So I think if we do it that way, my guess is we'll
09:48:53 20    take our lunch break, it will be around 12:15, somewhere
09:48:57 21    around there is what I'm figuring.
09:49:01 22        Okay.  Okay.  All right.  Have a good few days, and
09:49:06 23    see everyone on Monday.
09:49:08 24            MS. FITZPATRICK:  Thank you, Your Honor.
09:49:08 25            MR. DELINSKY:  Thank you, Your Honor.
```

09:49:10  1           (Proceedings adjourned at 9:49 a.m.)

        2

        3                    **C E R T I F I C A T E**

        4        I certify that the foregoing is a correct transcript
           of the record of proceedings in the above-entitled matter
        5  prepared from my stenotype notes.

        6           */s/ Heather K. Newman*                  *11-10-2021*
                    HEATHER K. NEWMAN, RMR, CRR              DATE
        7