IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**This document relates to:**<br><br>*All Cases* | Case No: 1:17-md-2804-DAP<br><br>Honorable Dan Aaron Polster |

### [PROPOSED] ORDER FURTHER AMENDING PROTECTIVE ORDER

1.  WHEREAS, the Court entered Case Management Order No. 2: Protective Order on May 15, 2018, (Doc. 441) (the "Protective Order");

2.  WHEREAS, the Special Master amended the Protective Order on September 29, 2019, (Doc. 2688);

3.  WHEREAS, the Protective Order, as amended, contains certain provisions for protecting Confidential Information and Highly Confidential Information that a Producing Party produces to a Receiving Party during discovery in this Litigation, as those terms and others are defined in the Protective Order;

4.  WHEREAS, paragraphs 33(l) and 34(j)) of the Protective Order, as amended, allow for disclosure of Confidential Information and Highly Confidential Information without written permission of the Producing Party or an order of the Court to, among other enumerated categories of persons: "Counsel for claimants in litigation pending outside this Litigation and arising from one or more Defendants' manufacture, marketing, sale, distribution, or dispensing of opioid products for use in this or such other action in which the Producing Party is a Defendant in that litigation, provided that the proposed recipient agrees to be bound by this Protective Order and completed the certification contained in Exhibit A, Acknowledgment and

1

Agreement to Be Bound," and in such situations, "Plaintiffs' Liaison Counsel shall disclose to all Defendants at the end of each month a cumulative list providing the identity of the counsel who have executed such acknowledgments and will receive Confidential and Highly Confidential Information pursuant to this Order and a list of the case name(s), number(s), and jurisdiction(s) in which that counsel represents other claimants."

5. WHEREAS the Defendants desire the same ability the Plaintiffs now have to allow Defendants to access Confidential and Highly Confidential party, third party, and expert discovery produced and/or disclosed in the MDL (with the exception of transactional dispensing data produced by the Pharmacy Defendants) in connection with litigation pending outside this Litigation brought by state and local governments or governmental entities, Native American Tribes, or hospitals arising from one or more Defendants' manufacture, marketing, sale, dispensing, or distribution of opioid products ("Outside Litigation");[1] and

6. WHEREAS, given that this Court has permitted the disclosure of Confidential and Highly Confidential party and third-party discovery produced in the MDL to litigants outside of the MDL, the parties also desire a mechanism to allow disclosure in the MDL of expert materials from Outside Litigation that may contain such Confidential and Highly Confidential party and third-party discovery. Specifically, the parties desire that expert reports, expert testimony, *Daubert* briefing and *Daubert* rulings from any Outside Litigation may be produced to Plaintiffs and Defendants and used in the MDL subject to this Protective Order, as amended.

NOW, THEREFORE, good cause appearing, IT IS HEREBY ORDERED that Paragraphs 33, 33(l), 34, and 34(j) of the Protective Order, as amended, shall be further amended as follows:

---

[1] For avoidance of doubt, this Order does not apply to cases in which the United States or any of its agencies are a party.

7. Confidential Information and/or Highly Confidential Information produced and/or disclosed in this Litigation under the Protective Order by a party in this Litigation, with the exception of transactional dispensing data produced by the Pharmacy Defendants[2] may be disclosed without written permission of the Producing Party or an order of the Court to both counsel for plaintiff(s) and/or Defendant(s) in any Outside Litigation, provided the following conditions are satisfied:

    a. The Producing Party of the Confidential and/or Highly Confidential Information is either a Defendant in the Outside Litigation or a Plaintiff in this Litigation; AND

    b. The Producing Party has been given ten (10) days' notice of intent to disclose, and a description of the materials to be disclosed. If the Producing Party objects to the disclosure, the Producing Party may request a meet and confer and may seek a protective order from the Court; AND

    c. One of the following protections is provided:

        i. The proposed recipient in the Outside Litigation agrees to be bound by the Protective Order in this Litigation and completes the certification contained in Exhibit A Acknowledgement and Agreement to be Bound; OR

        ii. The Confidential and/or Highly Confidential Information is re-produced pursuant to a protective order in the Outside Litigation that

---

[2] Entry of this order confirms that transactional dispensing data produced by the Pharmacy Defendants may not be shared outside of the case in which it is produced without express agreement by the Producing Party or an order of the Court.

provides similar protections to those provided by the Protective Order in this Litigation.

8. Confidential Information and/or Highly Confidential Information (other than transactional dispensing data containing Confidential Protected Health Information) produced and/or disclosed in this Litigation under the Protective Order by Third Parties pursuant to subpoena or voluntarily, and/or transactional data provided by a Third Party and re-produced by a Party under the Protective Order in this Litigation, may be disclosed without written permission of the Producing Party or an order of the Court to both counsel for plaintiff(s) and/or Defendant(s) in Outside Litigation provided the following conditions are satisfied:

    a. The Producing Party has been given ten (10) days' notice of intent to disclose, and a description of the materials to be disclosed. If the Producing Party objects to the disclosure, the Producing Party may request a meet and confer and may seek a protective order from the Court; AND

    b. One of the following protections is provided:

        i. The proposed recipient(s) in the Outside Litigation agrees to be bound by the Protective Order in this Litigation and completes the certification contained in Exhibit A Acknowledgement and Agreement to be Bound; OR

        ii. The Confidential and/or Highly Confidential Information is re-produced pursuant to a protective order in the Outside Litigation

that provides similar protections to those provided by the Protective Order in this Litigation.

9. Expert reports (including exhibits and addenda) served or produced in Outside Litigation, transcripts (including exhibits) of expert depositions and other testimony given in Outside Litigation and any related Daubert briefing or rulings in the Outside Litigation may be reproduced in the MDL notwithstanding material contained therein that has been designated as Confidential or Highly Confidential under Outside Litigation Protective Orders by a party to this MDL, a third party subjected to discovery in this MDL, or another party under the following conditions:

    a. To the extent the protected material has been designated as Confidential or Highly Confidential by any party to this MDL, that material shall not be redacted except for PHI or HIPAA-protected material, but instead, shall be produced and be treated as Confidential or Highly Confidential under the MDL Protective Order, as amended, without the need for the MDL parties to also execute the separate Protective Orders entered in the Outside Litigation.

    b. To the extent the protected material has been designated as Confidential or Highly Confidential by any third party that has been subject to discovery in the MDL, that material shall not be redacted except for PHI or HIPAA-protected material, but instead, shall be produced and be treated as Confidential or Highly Confidential under the MDL Protective Order, as amended, without the need for the MDL parties to also execute the separate Protective Orders entered in the Outside Litigation.

5

      c.    To the extent the protected material has been designated as Confidential or Highly Confidential by an entity that has neither been a party to this MDL or a third party subject to discovery in this MDL ("Outside Party"), the Producing Party must provide ten (10) days' notice of intent to disclose, and a description of the materials to be disclosed to the Outside Party. The Outside Party may either request that its information be treated as Confidential or Highly Confidential under the MDL Protective Order, as amended; request that its information be redacted prior to production; or seek relief from this MDL or the Court presiding over the Outside Litigation in which it is a party or third-party discovery respondent.

10.    At the end of each month in which any materials will be disclosed, both Plaintiffs' and Defendants' Liaison Counsel shall disclose to the opposing party:

      a.    A cumulative list providing the identity of the counsel who have executed the Protective Order's Exhibit A Acknowledgement and Agreement to be Bound and who will receive Confidential Information and/or Highly Confidential Information pursuant to the Protective Order or this Joint Stipulation; AND

      b.    A list of the case name(s), number(s), and jurisdiction(s) in which that counsel represents other parties.

11.    Any Confidential Information and/or Highly Confidential Information produced in Outside Litigation shall remain subject to the Protective Order, as amended, in this Litigation.

12.    Nothing herein shall be construed to permit the disclosure of materials marked as "Confidential Protected Health Information" pursuant to Paragraph 72 of the Protective Order

(Dkt. No. 441) or as "Highly Confidential - Attorneys' Eyes Only Information" pursuant to the February 11, 2019 Amendment (Dkt. No. 1357) absent written consent of the Producing Party or an order of the Court.

**IT IS SO ORDERED.**

DATED: _____    _____
THE HONORABLE DAN A. POLSTER
UNITED STATES DISTRICT JUDGE

13238807.1