## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed:  November 09, 2021

Mr. Greg Shinall
Sperling & Slater
55 W. Monroe Street
Suite 3200
Chicago, IL 60603

Re:  Case No. 21-4051, *In re: Meijer, Inc., et al*
Originating Case No. 1:17-md-02804 : 1:18-op-46326

Dear Counsel:

The petition for writ of mandamus has been docketed as case number **21-4051** with the caption listed above.  If you have not already done so, you must mail a copy of the petition to the lower court judge and counsel for all the other parties.

Counsel for petitioner must file an Appearance of Counsel form and, if not admitted, apply for admission to the 6th Circuit Bar by **November 23, 2021**.  The forms are available on the court's website.

The district court judge to whom this petition refers has been served with this letter.

Sincerely yours,

s/Amy E. Gigliotti
Case Management Specialist
Direct Dial No. 513-564-7012

cc:  Ms. Sandy Opacich

Case No. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

**IN RE MEIJER, INC.; MEIJER DISTRIBUTION, INC.;
AND MEIJER STORES LIMITED PARTNERSHIP**

*Petitioners-Defendants.*

_____

From the United States District Court
Northern District of Ohio, Eastern Division
Case Nos. 18-op-46326 and 17-md-2804
_____

**PETITION FOR WRIT OF MANDAMUS**

# TABLE OF CONTENTS

PETITION FOR WRIT OF MANDAMUS.................................................................1

INTRODUCTION ...............................................................................................1

ISSUE PRESENTED ...........................................................................................2

RELEVANT PROCEDURAL HISTORY ................................................................2

STANDARD FOR MANDAMUS ..........................................................................7

WHY THE WRIT SHOULD ISSUE......................................................................8

I.      The Order is "Clearly Erroneous as a Matter of Law" and
       "Manifests a Persistent Disregard of the Federal Rules." .............................9

      A.     A Pleading Cannot Be Amended After the Deadline
            Absent a Showing of Good Cause Under Rule 16(b). ........................10

      B.     The District Court Has Committed the Same Error
            that this Court Addressed in Its Prior Writ of Mandamus. .................13

      C.     The Selection of the Underlying Case as a Bellwether Does Not
            Constitute Good Cause or Alter the Requirements of Rule 16..........16

II.     Other Factors Further Weigh in Favor of Mandamus. ...............................19

CONCLUSION .................................................................................................21

CERTIFICATE OF COMPLIANCE......................................................................22

CERTIFICATE OF SERVICE .............................................................................23

# ATTACHMENTS[1]

Case Management Order One (MDL ECF 232)........................................................A

May 3, 2018 Order (MDL ECF 371).........................................................................B

July 13, 2018 Order Regarding Plaintiffs' Motion for Modification
of CMO-1 (MDL ECF 739)......................................................................................C

Complaint (ECF 3)....................................................................................................D

November 8, 2018 Order Regarding Plaintiff's Motion for Modification
of CMO-1 (MDL ECF 1106)....................................................................................E

Transfer Order (ECF 25)...........................................................................................F

January 18, 2019 Opinion and Order (MDL ECF 1282)..........................................G

Short Form for Supplementing Complaint and Amending
Defendants and Jury Demand (ECF 27)...................................................................H

March 11, 2021 Order (MDL ECF 3649)..................................................................I

April 9, 2021 Order (MDL ECF 3688)......................................................................J

Plaintiff Montgomery County's Supplemental and Amended
Allegations to be Added to "Short Form for Supplementing
Complaint and Amending Defendants and Jury Demand" (ECF 46) .....................K

Meijer's Motion to Strike Pursuant to
Fed. R. Civ. P. 16 (ECF 54, 54-1)............................................................................L

Plaintiff's Memorandum in Opposition to Meijer's
Motion to Strike Pursuant to Fed. R. Civ. P. 16 (ECF 55) .....................................M

Meijer's Reply Memorandum in Support of its
Rule 16 Motion to Strike (ECF 59)..........................................................................N

---

[1]     Attachments are in chronological order.

Order Regarding Meijer's Motion to Strike (ECF 61) .............................................O

Meijer's Motion to Certify Order for Interlocutory
Appeal and Stay (ECF 64, 64-1)................................................................... P

Plaintiff's Memorandum in Opposition to Meijer's Motion to Certify
Order for Interlocutory Appeal and Stay (ECF 65) ...................................Q

Reply in Support of Motion to Certify Order for
Interlocutory Appeal and Stay (ECF 66) ...................................................R

Order Denying Interlocutory Appeal and Stay (ECF 68)......................... S

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Garza v. Lansing Sch. Dist.*,
    972 F.3d 853 (6th Cir. 2020) ...............................................................10, 15, 19

*John B. v. Goetz,*
    531 F.3d 448 (6th Cir. 2008) ........................................................................ 7-9

*In re Nat'l Prescription Opiate Litig.*,
    956 F.3d 838 (6th Cir. 2020) ...................................................................*passim*


**Federal Statutes**

28 U.S.C. § 1292 ...............................................................................................7

28 U.S.C. § 1651 ...............................................................................................1


**Rules**

Fed. R. App. P. 21 ............................................................................................1

Fed. R. Civ. P. 1 ........................................................................................11, 17

Fed. R. Civ. P. 15 ............................................................................................4

Fed. R. Civ. P. 16 ...................................................................................*passim*

## PETITION FOR WRIT OF MANDAMUS

Pursuant to 28 U.S.C. § 1651 and Fed. R. App. P. 21, Petitioners Meijer, Inc., Meijer Distribution, Inc., and Meijer Stores Limited Partnership (together, "Meijer") respectfully petition for a writ of mandamus ordering the District Court to strike an amended complaint that was filed without leave, after the deadline for amendments, and without the "good cause" required by Fed. R. Civ. P. ("Rule") 16(b).

## INTRODUCTION

The underlying case, *Montgomery County, Ohio Board of County Commissioners, et al. v. Cardinal Health, Inc., et al.*, No. 18-op-46326, is part of the opioid multidistrict proceeding, *In re Nat'l Prescription Opiate Litig.*, No. 17-md-2804 ("MDL").

This Court previously issued a writ of mandamus in the MDL after the District Court allowed certain complaints to be amended "long after the deadline set by the court's scheduling order" without the showing of good cause required by Rule 16(b). *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020). This Court held that "the law governs an MDL court's decisions just as it does a court's decisions in any other case" and ordered the District Court to strike the untimely amendments. *Id.* at 844.

Despite this Court's earlier issuance of the writ, the District Court has since repeated the same error, permitting Plaintiff Board of County Commissioners of

1

Montgomery County, Ohio, by and through the Montgomery County Prosecutor's Office ("Plaintiff") to amend its complaint to assert claims against Meijer, notwithstanding that the deadline for adding new defendants had passed more than two years earlier and Plaintiff never attempted to demonstrate the good cause required by Rule 16(b). Consistent with its previous ruling, this Court should issue a writ ordering the District Court to strike the untimely amendment, which added claims and allegations against Meijer, and dismiss Meijer from the case.

## ISSUE PRESENTED

The issue presented is whether the District Court erred by allowing a plaintiff to amend its complaint to add new defendants after the deadline for amendments passed without requiring a showing of good cause, as required by Rule 16(b), for the untimely amendment.

## RELEVANT PROCEDURAL HISTORY

This Petition arises from a case that Plaintiff filed in Montgomery County, Ohio over three years ago against a group of defendants that Plaintiff alleged created a "public nuisance" by distributing or dispensing prescription opioids. (ECF 3.) When Plaintiff filed suit in July 2018, Meijer operated pharmacies at all four of its retail stores in Montgomery County. Although Plaintiff knew that Meijer's retail pharmacies dispensed prescription opioids in Montgomery County, Plaintiff chose not to sue Meijer at that time. (*See id*.) The case was removed to federal court and,

in December 2018, transferred to the Northern District of Ohio to be made part of the MDL. (ECF 25.)

On January 18, 2019, the District Court entered an order amending its Case Management Order One (MDL ECF 232 ("CMO-1")) to grant all MDL plaintiffs—including Plaintiff—"an extension until March 16, 2019 to amend their pleadings as of right for matters both relying on and beyond the ARCOS data." (MDL ECF 1282, at 2.)[2] The ARCOS data, which had been made available to Plaintiff and other MDL parties, identified Meijer as having distributed opioids to its pharmacies in Montgomery County.

The District Court's January 18, 2019 order was not the first time the District Court made the March 16, 2019 amendment deadline known to MDL plaintiffs. By order dated November 8, 2018 (*i.e.*, one month before the underlying case was made part of the MDL), the District Court directed that any MDL plaintiffs wishing to amend their complaints—including to reflect the ARCOS data about pharmacies—"must do so on or before March 16, 2019." (MDL ECF 1106, at 2-3.) To eliminate any doubt as to whether the deadline applied to cases that had not yet been added to

---

[2]     CMO-1, entered on April 11, 2018, expressly applied to "*ALL CASES*" in the MDL and initially set a deadline of May 25, 2018 for MDL plaintiffs to "file any amended pleading, including any amendment to add a party to the case." (MDL ECF 232, at ¶ 6(b).) By granting MDL plaintiffs "an extension until March 16, 2019 to amend their pleadings as of right" (MDL ECF 1282, at 2), the District Court was giving MDL plaintiffs almost another year to amend their complaints.

the MDL, the District Court stated, "[w]ith respect to cases transferred into this MDL after the entry of this Order, *any amended complaints to be filed without seeking leave of Court must be filed the later of March 16, 2019*, the applicable deadline under Fed. R. Civ. Pro. 15(a)(1), or 90 days following transfer into this MDL." (*Id.* at 3 n.7 (emphasis added).)[3]

Consistent with these orders, MDL plaintiffs across the country amended their complaints to add new defendants by the March 16, 2019 deadline. Plaintiff was among them. On March 15, 2019, Plaintiff amended its complaint to add new defendants based on the ARCOS data—but not Meijer. (ECF 27.) Although other MDL plaintiffs added Meijer to their cases, Plaintiff chose, for a second time, not to do so. (*See id.*)

Nearly two years passed. Then, on March 11, 2021, the District Court directed the MDL parties to submit proposals for new bellwether cases to be tried against pharmacies. (MDL ECF 3649.) Meijer was not a defendant in any of the cases submitted by the MDL parties for consideration.

On April 7, 2021, the District Court selected five cases to proceed as bellwethers against pharmacies, including the underlying case. (MDL ECF 3688

---

[3]     With respect to the underlying case, March 16, 2019 was the latest of the three dates described in the District Court's November 8, 2018 order. Rule 15(a)(1) provides for 21 days to amend as a matter of course, and 90 days following the case's December 13, 2018 transfer into the MDL is March 13, 2019.

("2021 Bellwether Order").) The 2021 Bellwether Order stated that "Plaintiffs in these five cases already have leave to amend their complaints" and referred back to an order entered by the District Court approximately three years earlier, on May 3, 2018, that provided, "'[i]f a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide further opportunity to amend.'" (*Id*. at 1 (quoting MDL ECF 371, at 1).)

On May 19, 2021, Plaintiff filed its Supplemental and Amended Allegations to be Added to Short Form for Supplementing Complaint and Amending Defendants and Jury Demand ("Supplemental Filing"), which—for the first time—purported to add Meijer to the underlying case.[4] (ECF 37; *see* ECF 46, at 1 n.7.) This amendment came nearly three years after Plaintiff filed suit and more than 26 months after the deadline to add new defendants.

Notwithstanding the District Court's prior order that March 16, 2019 was the last date to amend to add new parties "without seeking leave of Court" (MDL ECF 1106, at 3 n.7), Plaintiff did not seek leave to add Meijer as a defendant or attempt to demonstrate good cause for Plaintiff's failure to make the amendment earlier.

---

[4]  When Plaintiff filed its Supplemental Filing on May 19, 2021, it did so under seal. (*See* ECF 37.) The following month, on June 29, 2021, Plaintiff filed an unsealed copy of its Supplemental Filing. (*See* ECF 46.) Counting Meijer, the Supplemental Filing added 25 new defendants to the case (*id*. at 1 n.7), significantly changing both the scope of Plaintiff's claims and the parties against whom those claims were asserted.

On July 14, 2021, Meijer moved to strike Plaintiff's untimely allegations against Meijer, pursuant to Rule 16 and this Court's holding in *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838 (6th Cir. 2020). (ECF 54.) Plaintiff's amendment was improper because: (1) Plaintiff did not seek leave of court to add new defendants after the March 16, 2019 deadline; and (2) Plaintiff did not even attempt to demonstrate the good cause required by Rule 16(b). (ECF 54-1, at 3-6.) Nor could Plaintiff have satisfied the good-cause requirement, because Plaintiff was aware of Meijer's pharmacies in Montgomery County—and had the ARCOS data showing Meijer's distribution of opioids to those pharmacies—yet deliberately chose not to add Meijer when Plaintiff amended its complaint by the March 16, 2019 deadline. (*Id.* at 5-6.)

Plaintiff opposed the motion, arguing that the selection of the case as a bellwether excused Plaintiff's failure to comply with the March 16, 2019 deadline. (*See* ECF 55.) Plaintiff contended that the District Court's 2021 Bellwether Order (MDL ECF 3688) and May 3, 2018 order (MDL ECF 371) provided Plaintiff, as a bellwether plaintiff, with "unlimited leave to amend." (ECF 55, at 5.) Significantly, Plaintiff did not dispute that it could have added Meijer as a defendant by the March 16, 2019 deadline. (*See id.*; *see also* ECF 59, at 3.)

On August 9, 2021, the District Court denied Meijer's motion to strike, stating:

> Notwithstanding the March 16, 2019 deadline, this Court's prior orders expressly contemplate additional opportunities for plaintiffs to amend complaints beyond any such deadline. *See* MDL 2804 Docs. 739 at 4 n.3; 1106 at 3 n.6. Specifically, this Court has held that "[i]f a case is later designated as a bellwether …, a separate CMO will be entered that will provide for another opportunity to amend." MDL 2804 Doc. 371 at 1. The selection of the present action as a bellwether case occurred on April 7, 2021, at which time the Court reaffirmed that the "Plaintiffs in these five cases already have leave to amend their complaints." MDL 2804 Doc. 3688 at 1.[5]

(ECF 61, at 2 ("Order").) Accordingly, the District Court permitted Plaintiff's untimely amendment to stand as to Meijer.

Meijer moved to certify the Order for interlocutory appeal and for a stay under 28 U.S.C. § 1292(b). (ECF 64.) On September 15, 2021, and following briefing (ECF 64-1, 65, 66), the District Court denied Meijer's motion (ECF 68). Meijer now respectfully submits this petition for a writ of mandamus.

## STANDARD FOR MANDAMUS

In deciding whether to grant a writ of mandamus, the Court differentiates between "errors that are merely reversible and not subject to mandamus, and those errors that are of such gravity that mandamus is proper." *John B. v. Goetz*, 531 F.3d

---

[5]     Notably, the District Court never entered a separate CMO that provided for another opportunity to amend. And it would have been an abuse of discretion for the District Court to do so without requiring Plaintiff to satisfy Rule 16(b)'s good-cause standard. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 844-45.

448, 457 (6th Cir. 2008) (internal quotations omitted). The Court considers five factors—namely, "whether: (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems, or issues of law of first impression." *Id*. A case need not meet all five factors to merit mandamus relief. *Id*.

## WHY THE WRIT SHOULD ISSUE

In denying the motion to strike, the District Court held that Plaintiff was free to amend its pleading to add new defendants, notwithstanding that the deadline for adding new defendants had passed years earlier and Plaintiff made no attempt to demonstrate good cause for the untimely amendment. The Order is directly contrary to Rule 16(b), which permits a complaint to be amended after a court-ordered deadline only if the plaintiff demonstrates good cause for not having made the amendment earlier—meaning "that despite [plaintiff's] diligence [it] could not meet the original deadline." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (interpreting Fed. R. Civ. P. 16(b)) (internal quotations omitted).

The first four factors from *John B*. all weigh in favor of mandamus relief. The issue presented here is precisely the issue this Court confronted and resolved when

8

it issued its writ—in the same MDL, to the same District Court, just last year—and ordered the District Court to strike untimely amendments to pleadings. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 846. That the District Court again allowed an MDL plaintiff to amend its complaint "long after the deadline set by the court's scheduling order" without the showing of good cause required by Rule 16(b), *id*. at 843, shows that the Order is "clearly erroneous as a matter of law" (factor 3) and "manifests a persistent disregard of the federal rules" (factor 4). *See John B.*, 531 F.3d at 457.

If permitted to stand, the Order will require Meijer to defend against a suit to which it was never properly made a party and, thus, incur years of extensive litigation costs and expenses—harms that cannot be corrected on appeal (factor 2). Meijer has no other adequate means to attain the necessary relief (factor 1), as this Court cannot undo these harms to Meijer in a later direct appeal. Accordingly, a writ of mandamus is warranted.

## I.     The Order is "Clearly Erroneous as a Matter of Law" and "Manifests a Persistent Disregard of the Federal Rules."

The District Court allowed Plaintiff to add Meijer as a defendant years after the deadline for amending pleadings passed and without requiring Plaintiff to demonstrate good cause. That decision directly violates both Rule 16(b) and the writ this Court issued last year in response to a nearly identical decision by the same District Court in this same MDL. In light of the District Court's continued disregard

of Rule 16(b) and the procedural protections it affords defendants, this Court should issue a writ of mandamus and order the District Court to strike Plaintiff's untimely amendment and allegations purporting to add Meijer as a defendant.

### A. A Pleading Cannot Be Amended After the Deadline Absent a Showing of Good Cause Under Rule 16(b).

At issue here is Rule 16(b). As one of the Federal Rules of Civil Procedure, it "ha[s] the same force of law that any statute does." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 841. Rule 16(b) requires a district court to issue a scheduling order upon commencement of an action. Fed. R. Civ. P. 16(b)(1), (2). Although the order may do more, at minimum, "[t]he scheduling order must limit the time to *join other parties [and] amend the pleadings*." Fed. R. Civ. P. 16(b)(3)(A) (emphasis added). Once the schedule has been ordered, it "may be modified only for *good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added).

Once the deadline to amend has passed, the district court may allow a plaintiff to amend its complaint "only if the [plaintiff] show[s] good cause for [its] failure to make the amendment[] … earlier"—meaning, the plaintiff must "demonstrate[] that despite [its] diligence [it] could not meet the original deadline." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (internal quotations omitted); *see also Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (joinder of additional defendants after expiration of scheduling order deadline requires good cause).

Rule 16(b)'s requirements serve important policies. By requiring a district court to set and adhere to a schedule (unless good causes exists for a departure), "[t]he Rule thus ensures that at some point both the parties and the pleadings will be fixed." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (internal quotations omitted). This promotes the Federal Rules' overarching objective of "secur[ing] the just, speedy, and inexpensive determination" of an action, which benefits all parties. Fed. R. Civ. P. 1. It also provides a measure of certainty to existing and potential defendants—allowing them to understand whether they are being sued (and, if so, where, by whom, and under what theories) and to make reasoned estimations of their litigation risk.

A district court's failure to comply with Rule 16(b) constitutes an abuse of discretion that warrants mandamus relief. This Court made this point just last year, when it issued a writ of mandamus in this MDL after the District Court allowed a group of plaintiffs to amend their complaints long after a court-ordered deadline without any attempt to demonstrate the diligence required by Rule 16(b). There, the plaintiffs sought to amend their complaints 19 months after the amendment deadline to state additional claims against the defendants. Notwithstanding that the plaintiffs could have asserted those claims before the deadline passed but had "expressly declined" to do so, the District Court permitted the untimely amendments on the stated ground that the amendments promoted the efficiency of the MDL. *In re Nat'l*

11

*Prescription Opiate Litig.*, 956 F.3d at 841, 844. This Court subsequently granted the writ of mandamus, recognizing that the defendants had "no other adequate means to obtain relief from [the District Court's] decision" and "will be prejudiced by that decision in a way not correctable on appeal." *Id*. at 845 (internal quotations omitted).

This Court held that the District Court's decision to grant leave to amend was "plainly contrary to law, in the form of Rule 16(b)." *Id*. at 845. It explained that, under Rule 16(b), "the district court could grant leave to amend only if the [plaintiffs] demonstrated that despite their diligence they could not meet the original deadline." *Id*. at 843 (internal quotations omitted). As this Court observed, not only was this showing of diligence never "even attempted" in connection with the proposed amendments, but such a showing could not be made, as the plaintiffs "did not bring their [additional] claims earlier because they *expressly chose not to bring them*." *Id*. (emphasis in original). The Court held that this rendered Rule 16(b)'s requirements "woefully unmet," found that the plaintiffs' deliberate choice not to bring the claims earlier "arguably amount[ed] to an outright waiver of them," and ruled that the District Court's decision to nevertheless allow the amendments constituted "a clear abuse of discretion." *Id*. at 843-45.

The fact that the District Court's decision was rendered in an MDL neither altered the Rule 16(b) analysis nor allowed the District Court to find good cause in a different way. As this Court explained:

[T]he district court's stated basis for finding "good cause"—namely, [to promote the efficiency of the MDL]—is simply no substitute for the showing of diligence required by the Rule. To the contrary, the requirements of the Civil Rules in an MDL case—indeed, the requirements for granting "a motion to amend" in particular—"are the same as those for ordinary litigation on an ordinary docket." [citation omitted]

Respectfully, the district court's mistake was to think it had authority to disregard the Rules' requirements in the Pharmacies' cases in favor of enhancing the efficiency of the MDL as a whole. … But MDLs are not some kind of judicial border country, where the rules are few and the law rarely makes an appearance. For neither § 1407 nor Rule 1 remotely suggests that, whereas the Rules are law in individual cases, they are merely hortatory in MDL ones.

*Id.* at 844. Having found the District Court's decision violated the requirements of

Rule 16(b), this Court ordered that the untimely amendments be stricken. *Id.* at 846.

### B.     The District Court Has Committed the Same Error that this Court Addressed in Its Prior Writ of Mandamus.

Notwithstanding this Court's previous issuance of a writ of mandamus, the

District Court has repeated the same error by allowing Plaintiff to untimely amend

its complaint to add Meijer—without seeking leave or demonstrating good cause—

more than two years after the deadline for amendments had passed. The fact that the

District Court is still allowing untimely amendments in violation of Rule 16(b)

evidences a persistent disregard of the Federal Rules requiring a writ of mandamus.

The District Court's January 18, 2019 Order was clear: Plaintiff was "granted

an extension until March 16, 2019 to amend [its] pleadings as of right for matters

both relying on and beyond the ARCOS data." (MDL ECF 1282, at 2.) Other

13

plaintiffs across the United States complied with that order by amending their pleadings to add new defendants. Plaintiff also added new defendants by this deadline, but Meijer was not among them. (*See* ECF 27.) Instead, Plaintiff waited until May 19, 2021—more than 26 months *after* the amendment deadline—to purportedly add Meijer as a defendant. (*See* ECF 37; ECF 46, at 1 n.7.)

Plaintiff neither sought leave to amend nor "even attempted" to demonstrate good cause for the late amendment. In so doing, Plaintiff violated the District Court's prior order stating that March 16, 2019 was the last date amendments would be permitted "without seeking leave of Court" (MDL ECF 1106, at 3 n.7) and Rule 16(b)'s good-cause requirement. This, alone, is dispositive, and it should have precluded the amendment. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (reversing leave to amend where, *inter alia*, the plaintiffs had not "even attempted to show that [they] demonstrated diligence as required by Rule 16(b)").

Nor could Plaintiff conceivably have demonstrated good cause, because all the information on which Plaintiff bases its (untimely) allegations against Meijer was available to Plaintiff well before the March 16, 2019 deadline. Of the 846 paragraphs of allegations in Plaintiff's Supplemental Filing, approximately 30 refer to Meijer. (*See* ECF 46.) In those 30 paragraphs, Plaintiff (1) describes Meijer's organizational structure and activities, including where it does business (*id*. at ¶¶ 84-86, 103, 151); (2) describes the ARCOS data pertaining to Meijer (*id*. at ¶ 475); and

14

(3) repeats allegations that MDL plaintiffs previously have asserted against retail pharmacies in other MDL cases.

This information was available to Plaintiff well in advance of the March 16, 2019 deadline. The fact that Meijer operates four stores in Montgomery County is public knowledge—just as it was in July 2018, when Plaintiff initially filed suit. It is beyond question that Plaintiff was fully aware of the ARCOS data relating to Meijer before March 2019. In fact, the District Court set its March 16, 2019 deadline precisely *because* that deadline gave MDL plaintiffs enough time to review available information (including the ARCOS data) before deciding which defendants to sue. (*See* MDL ECF 1106, at 2-3.) Finally, the allegations about retail pharmacies that Plaintiff recycled from other MDL plaintiffs were from cases filed prior to March 2019.

There is thus no question that Plaintiff *could have added Meijer* as a defendant by the March 16, 2019 deadline, and the fact that Plaintiff "*expressly chose not to*" forecloses any possible demonstration of good cause. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (emphasis in original); *see also Garza*, 972 F.3d at 879 (district court did not abuse its discretion in denying leave to add party where plaintiff had information necessary to support amendment prior to expiration of scheduling-order deadline). Rule 16(b)'s requirements have again gone "woefully unmet" in this MDL, and it was an abuse of discretion for the District Court to again

allow an untimely amendment. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 844.

### C. The Selection of the Underlying Case as a Bellwether Does Not Constitute Good Cause or Alter the Requirements of Rule 16.

The selection of the underlying case as a bellwether is not a basis to avoid Rule 16(b), nor does the selection constitute good cause. As this Court found, "the application of Rule 16(b)'s good-cause standard is not optional"—it is mandatory and cannot be avoided. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (internal quotations omitted). Rule 16(b)'s standard applies equally in MDL cases and individual cases alike. *Id.* at 844 (that a case is part of an MDL "is simply no substitute for the showing of diligence required by [Rule 16(b)]"). The mandatory, good-cause standard—which turns on whether Plaintiff could have met the March 16, 2019 deadline—has nothing to do with whether the case subsequently was selected as a bellwether in the MDL.

Nor can Plaintiff or the District Court circumvent Rule 16(b) by interpreting the District Court's 2021 Bellwether Order as giving Plaintiff "unlimited leave to amend" (ECF 55, at 5). Under Rule 16(b)(3)(A), the District Court was required to enter a scheduling order that "limit[ed] the time to join other parties [and] amend the pleadings." The District Court complied with Rule 16(b)(3)(A) in CMO-1, which provides:

> **Amendment of Pleadings and Addition of Parties.** … Plaintiffs shall file any amended pleading, including any amendment to add a party to a case, **no later than Friday, May 25, 2018**. After that date, *no complaint shall be amended by Plaintiffs to add a party or otherwise, absent leave of Court* or stipulation of the parties.

(MDL ECF 232, at ¶ 6(b) (bolded emphasis in original; italicized emphasis added).)
When MDL plaintiffs later asked the District Court to modify CMO-1 to indefinitely stay the May 25, 2018 deadline (and give them indefinite time to amend and add defendants), the District Court correctly denied that request, explaining that an indefinite stay "would run counter to the obligation of the Court and the parties to 'secure the just, speedy, and inexpensive determination of every action and proceeding.'" (MDL ECF 739, at 3 (quoting Fed. R. Civ. P. 1).)

Although the District Court extended the May 25, 2018 deadline for a fixed time (to March 16, 2019), the District Court reiterated that March 16, 2019 was the last date by which "any amended complaints [could] be filed without seeking leave of Court." (MDL ECF 1106, at 3 n.7.) Plaintiff complied with that deadline when it amended its complaint to add defendants (although not Meijer) by that date. (ECF 27.) There can be no question that March 16, 2019 was the last date that Plaintiff could amend its complaint—unless it sought leave and demonstrated good cause.

Plaintiff has since argued that it was nevertheless free to add Meijer as a defendant—26 months later and without showing good cause—because the case was selected as a bellwether. The District Court agreed, stating that, "[n]otwithstanding

the March 16, 2019 deadline, this Court's prior orders expressly contemplate additional opportunities for plaintiffs to amend" if their cases are "later designated as a bellwether." (ECF 61, at 2 (internal quotations omitted).)

But the 2021 Bellwether Order did not vest Plaintiff with "unlimited leave to amend," as Plaintiff claims (ECF 55, at 5). Indeed, such an order would have violated Rule 16(b)'s requirement that the scheduling order "*limit* the time to join other parties [and] amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A) (emphasis added). An order purporting to provide "unlimited leave to amend" necessarily fails to supply the "limit" expressly required by Rule 16.

As this Court held in issuing the writ last year, although an MDL court has discretion to create efficiencies, "an MDL court must find efficiencies within the Civil Rules, rather than in violation of them." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845. To the extent the District Court "contemplate[d] additional opportunities" for bellwether plaintiffs to amend after the March 16, 2019 deadline (ECF 61, at 2), it could grant those plaintiffs leave *provided* they demonstrate good cause under Rule 16(b). The mere fact that a case is selected as a bellwether, however, does not itself constitute good cause under Rule 16(b). Nor can the District Court circumvent the limits required by Rule 16(b) by entering (or interpreting) orders (such as the 2021 Bellwether Order) to provide plaintiffs "unlimited leave to amend" their complaints.

18

* * *

This Court has held that Rule 16(b)'s good-cause standard is satisfied only if Plaintiff "demonstrate[s] that despite [its] diligence [it] could not meet the original deadline." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (internal quotations omitted). Not only did Plaintiff never "even attempt[]" to demonstrate good cause here, *id.*, but it is beyond question that Plaintiff *could have met the deadline* because it had all the information it needed to join Meijer as a defendant prior to March 16, 2019. The fact that Plaintiff "*expressly chose not to*" timely add Meijer means that Plaintiff cannot satisfy Rule 16(b)'s good-cause standard, and the District Court's refusal to strike the amended pleading was clearly erroneous as a matter of law. *Id.* (emphasis in original); *see also Garza*, 972 F.3d at 879 (district court did not abuse its discretion in denying leave to add party where plaintiff had information necessary to support amendment prior to expiration of scheduling order deadline). Because the District Court committed the same clear error after already being subject to a prior writ from this Court, the decision also reflects "a persistent disregard for the federal rules," thereby further warranting a writ of mandamus. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (internal quotations omitted).

## II. Other Factors Further Weigh in Favor of Mandamus.

Two other factors also counsel in favor of mandamus. First, Meijer has no other adequate means to obtain the relief requested. After its motion to strike was

denied, Meijer moved to certify the Order for interlocutory appeal, but the District Court denied Meijer's request. Meijer, thus, has no adequate means, such as a direct appeal, to obtain relief other than a writ of mandamus.

Second, unless this Court issues a writ, Meijer will be damaged and prejudiced in a way not correctable on appeal. The District Court's unlawful Order, if permitted to stand, will have the effect of dragging Meijer into a case to which Meijer was never properly made a defendant.[6] This will, in turn, subject Meijer to years of extensive litigation costs (*e.g.*, significant attorneys' fees, expert costs, and vendor fees) and the significant burdens and risks attendant to litigation (*e.g.*, discovery and trial). As this Court recognized in issuing a writ last year, wrongs such as these cannot be corrected on appeal. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845 (the decision to allow untimely amendments to complaints meant defendants had "no other adequate means to obtain relief from [the District Court's] decision" and "will be prejudiced by that decision in a way not correctable on appeal")

---

[6]     Meijer seeks mandamus only on behalf of itself. Even so, when Plaintiff added Meijer as a defendant in May 2021, Plaintiff also added other defendants without seeking leave or attempting to demonstrate good cause for its late amendment. Moreover, the underlying case is one of five new bellwether cases selected in the District Court's 2021 Bellwether Order, and at least some plaintiffs in the other cases also purported to add new defendants without seeking leave or attempting to demonstrate good cause. A writ is warranted as to Meijer for the reasons set forth herein. But issuance of a writ would also serve the broader purpose of preventing the same disregard of the Federal Rules from recurring as more bellwether cases are selected in the MDL.

(internal quotations omitted). The same holds true here and supports the issuance of a writ now.

## CONCLUSION

For the reasons stated above, Meijer respectfully requests that this Court issue a writ of mandamus ordering the District Court to (1) strike the Supplemental Filing that added allegations and claims against Meijer; and (2) dismiss Meijer from the underlying case.

Dated:  November 9, 2021                  Respectfully submitted,

                              */s/ Greg Shinall*
                              Greg Shinall, shinall@sperling-law.com
                              Trevor Scheetz, tscheetz@sperling-law.com
                              Sperling & Slater, P.C.
                              55 West Monroe, Suite 3200
                              Chicago, Illinois 60603
                              (312) 641-3200 (p)
                              (312) 641-6492 (f)

                              *Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because it contains 5,919 words, excluding accompanying documents required by Fed. R. App. P. 21(a)(2)(C), as counted using the word-count function on Microsoft Word 2016 software.

This petition complies with the requirements of Fed. R. App. P. 32(a) because it has been prepared using Microsoft Word 2016 in Times New Roman, 14-point font.

*/s/ Greg Shinall*
Greg Shinall

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2021 the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system.

I further certify that on November 9, 2021 a copy of the foregoing was served via electronic mail upon counsel for all parties in the district court at the agreed-upon email listservs and upon the District Court via email and United States First Class Mail.

*/s/ Greg Shinall*
Greg Shinall