# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

This document relates to:

*Track Three Cases*

**MDL No. 2804**

**Case No. 17-md-2804**

**Judge Dan Aaron Polster**

**DEFENDANTS' PROPOSED TRACK 3**
**JURY INSTRUCTIONS AND VERDICT FORM**

**Case-Specific Instructions**

**Former Defendants**[1]

Giant Eagle is no longer a part of this case.  You should not consider that fact nor speculate about the reasons why Giant Eagle is no longer involved in this case.  You should not draw any inferences for or against any of the remaining parties by reason of the departure of one of the parties.

---

[1] Adapted from Pa. Suggested Standard Civil Jury Instructions § 2.110 ("When this case started, the plaintiff claimed that [name of defendant] caused the plaintiff's harm.  That defendant is no longer involved in this case.  You should not consider that fact and should not speculate why the defendant is no longer involved in this case."); *Hernandez v. Chekenian*, 148 A.3d 138, 141 (N.J. Super. Ct. Law Div. 2016) ("[P]erhaps the words 'settled,' 'settling,' 'settlement,' 'amount,' and/or 'paid' should never be used in explaining the absence of a defendant who was present for part of a trial and then ceased participating because of a settlement.  Perhaps it would be more prudent to simply tell the jury that that particular defendant 'is no longer a part of this case and that they (the jury) should not be concerned with nor speculate about the reasons that is so.'"); *Herrick Co. v. Vetta Sports, Inc.*, No. 94 CIV. 0905, 2002 WL 362760, at *9 (S.D.N.Y. Mar. 5, 2002) (noting "the correctness of the Court's instruction to the jury that it was not to draw any inferences for or against any of the remaining parties by reason of the departures of some of the parties").

**Public Nuisance – Introduction**

Each Plaintiff alleges that each Defendant's conduct in dispensing prescription opioid medications caused a public nuisance in Plaintiffs' counties by causing diversion of those medications. "Diversion" means the transfer of a controlled substance from legitimate "medical, scientific, research, or industrial channels" (such as prescriptions written by a licensed medical prescriber for a legitimate medical purpose and in the usual course of the prescriber's professional practice),[2] to an illegal channel.

Let me define for you the legal term "public nuisance." A "public nuisance" is an unreasonable and significant interference with a right held by the public in common that is ongoing today, including an unreasonable and significant interference with public health.[3] A Defendant is not liable for an unreasonable and significant interference with public health that may have existed in the past but does not still exist today.

To prevail against any Defendant on this claim, a Plaintiff must prove each of the following elements as to that Defendant by the greater weight of the evidence:

First, the Defendant engaged in certain, specific kinds of unlawful conduct;

Second, the Defendant's unlawful conduct proximately caused an unreasonable and significant interference with the right to public health; and

Third, the Defendant, at present, controls the interference with the right to public health.[4]

---

[2] 21 C.F.R. § 1306.04(a) ("A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.").

[3] Defendants maintain their continuing objection that the Plaintiffs cannot demonstrate that Defendants' alleged conduct interfered with any public right, and incorporate their objection from Footnote 6. *See* Restatement (Second) of Torts § 821B cmt. g.

[4] Because the Court has ruled that the only remedy available to Plaintiffs on their nuisance count is abatement (a forward-looking remedy available with respect to a present nuisance), the relevant inquiry is not whether a Defendant had control *at the time of the injury*

**Public Nuisance – Public Right**

As I mentioned before, a public nuisance is an unreasonable and significant interference with a ***right common to the general public***.[5]  The right common to the general public involved in a particular case is the right to public health.[6]  But it is for you to decide, based on the evidence you have seen and heard, whether there was an unreasonable and significant interference with the right to public health in Plaintiffs counties, and whether a Defendant engaged in unlawful conduct that was the but-for and the proximate cause of the interference with the right to public health.

---

but whether the Defendant, *at present*, controls an ongoing interference with public health.  *See In re Lead Paint Litig.*, 924 A.2d 484, 499 (N.J. 2007) ("[A] public entity which proceeds against the one in control of the nuisance may only seek to abate, at the expense of the one in control of the nuisance."); *State v. Lead Indus., Ass'n, Inc.*, 951 A.2d 428, 446 (R.I. 2008) (same); *see also Ogle v. Kelly*, 629 N.E.2d 495, 499-500 (Ohio Ct. App. 1993) (a landlord out of possession and control cannot be liable for a nuisance); *State of Oklahoma v. Johnson & Johnson*, 2021 OK 54, ¶ 27 (Okla. Nov. 9, 2021).  In *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136 (Ohio 2002), the Ohio Supreme Court confirmed that Ohio maintains "control" as an element: "Appellant's complaint alleged that appellees created a nuisance through their ongoing conduct of marketing, distributing, and selling firearms in a manner that facilitated their flow into the illegal market. Thus, appellant alleged that appellees control the creation and supply of this illegal, secondary market for firearms[.]"  *Id.* at 1143.

[5] Restatement (Second) of Torts § 821B(1).

[6] Defendants believe that Plaintiffs cannot demonstrate that Defendants' alleged conduct interfered with any public right.  Accordingly, this case has proceeded over Defendants' continuing objection.  In any event, the public right at issue in the case is a question of law, and the jury should be instructed what right is at issue.  *City of Hamilton v. Dilley*, 120 Oh. St. 127, 131-32 (1929)  *Dilley* involved a statutory right to travel on public streets; the question for the jury was whether the safety platform erected to protect pedestrians was, under the circumstances, an unreasonable and significant interference with that statutory right.  Defendants interpret the Court's prior ruling to indicate that it has found the public right at issue in this case to be the right to public health, and has drafted the instruction accordingly.  Dkt. 2578.

## Public Nuisance – Interference

To hold a Defendant liable for public nuisance, each Plaintiff must prove by the greater weight of the evidence that the Defendant engaged in intentional or unlawful conduct that caused an unreasonable and significant interference with a public right in that Plaintiff's county.  As I just instructed you, in this case, the public right at issue is the right to public health.

A public right is a collective right that is common to all members of the general public, as opposed to private rights enjoyed by some, many, or even all people in their individual capacities. It is a right that belongs to the community at large. It is more than an aggregate of private rights by a large number of injured people.[7] A Defendant does not interfere with any public right merely because the Defendant's alleged unlawful conduct interferes with the private rights of a large number of people. Nor does a Defendant interfere with a public right just because the Defendant's alleged wrongful conduct harmed a large number of people.[8]

---

[7] *State of Oklahoma v. Johnson & Johnson*, 2021 OK 54, ¶ 24 (Okla. Nov. 9, 2021) ("[A] public right is more than an aggregate of private rights by a large number of injured people." (citing, inter alia, Restatement (Second) of Torts § 821B cmt. g)).

[8] *Kramer v. Angel's Path, L.L.C.,* 2007-Ohio-7099, ¶ 15, 174 Ohio App. 3d 359, 367, 882 N.E.2d 46, 52; *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St. 3d 416, 768 N.E.2d 1136, 2002–Ohio–2480, ¶ 8; *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App. 3d 704, 712, 622 N.E.2d 1153, 1158 (1993) ("Conduct does not become a public nuisance merely because it interferes with a large number of people. At common law, there must be some interference with a public right which is common to all members of the general public. In addition to common-law public nuisance, Ohio has adopted statutes and administrative regulations which define certain conduct as being a public nuisance. These statutes amount to a legislative declaration that the proscribed conduct is an unreasonable interference with a public right."); Restatement of the Law (Second) Torts § 821B(1) & cmt. g (1979).  *See also Oklahoma v. Johnson & Johnson, et al.*, ---P.3d---, 2021 WL 5191372 at ¶¶ 24-26, Case No. 118,474 (Okla., Nov. 9, 2021) (disagreeing with State of Oklahoma's contention that lawsuit against opioid manufacturer involved an "interference with the public right of health." The suit "does not involve a comparable incident to those in which we have anticipated that an injury to the public health would occur, e.g., diseased animals, pollution in drinking water, or the discharge of sewer on property," which "have no beneficial use and only cause annoyance, injury, or endangerment." By contrast, "lawful products, prescription opioids, have a beneficial use in treating pain.").

If you find that a Defendant's alleged wrongful conduct did not interfere with a public right, then you must find that Defendant not liable for public nuisance. If you find that a Defendant engaged in wrongful conduct and that wrongful conduct interfered with a right to public health, then you must next determine whether that Defendant "unreasonably and significantly" interfered with that public right, as explained below.

Whether an interference with a public right is unreasonable and significant is a question of degree, requiring you to balance the need for the Defendant's conduct and its usefulness and social value against the seriousness of the harm that each Plaintiff allegedly suffered as a result of the allegedly unreasonable conduct.[9] In deciding whether a Defendant's dispensing conduct was unreasonable and significant, you must consider all of the circumstances, including the nature and purpose of the Defendant's conduct, its value to the community and the public health, the nature, extent, and frequency of the alleged interference with the public right, and whether the interference could be avoided or lessened without undue hardship to the Defendant.[10] Specifically, you should consider the benefits to patients in receiving medications lawfully prescribed by a health care provider in deciding whether Plaintiffs have proved unreasonable and significant interference with a right common to the general public. No one of these factors is conclusive, but all are to be considered together and in relation to all of the surrounding circumstances.

---

[9] Restatement (Second) of Torts § 822.

[10] *Id.* §§ 821b, 826-831.

## Public Nuisance – Control of the Nuisance[11]

A Plaintiff must also prove that a Defendant presently controls the conditions interfering with public health.  In this case, if a Defendant does not, at present, control prescription opioids that have been diverted outside of legitimate medical channels, the Defendant cannot be liable for public nuisance.  If you find that a Defendant does not currently control those conditions, you should mark "no" for that Defendant for Questions 1 and 4 of your verdict form.

---

[11] "Appellant's complaint alleged that appellees created a nuisance through their ongoing conduct of marketing, distributing, and selling firearms in a manner that facilitated their flow into the illegal market.  Thus, appellant alleged that appellees control the creation and supply of this illegal, secondary market for firearms, not the actual use of the firearms that cause injury." *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1143 (Ohio 2002); *Oklahoma v. Johnson & Johnson, et al.*, ---P.3d---, 2021 WL 5191372 at ¶¶ 27-32, Case No. 118,474 (Okla., Nov. 9, 2021) (reversing verdict against opioid manufacturer in part because the manufacturer "did not control the instrumentality alleged to constitute the nuisance as the time it occurred" and rejecting State's invitation to hold manufacturer liable for a product sold up to 20 years ago "that was later alleged to constitute a nuisance," and noting that "[w]ithout control, a manufacturer also cannot remove or abate the nuisance"); *see also* Dkt. 1203 at 34-35.

**Public Nuisance – Conduct**

Plaintiffs allege that the Defendants caused an unreasonable and significant interference with the right to public health by the manner in which their pharmacists dispensed prescription opioids in response to prescriptions written by prescribers and presented by patients.

In deciding whether the Defendant directly caused an unreasonable and significant interference with the right to public health, you must consider whether there is evidence that prescription opioids dispensed by a Defendant's pharmacists were actually diverted outside of legitimate medical channels and, if so, whether they were diverted by the Defendant or by other actors.

**Multiple Nuisances**

Because Plaintiffs are required to prove that a Defendant was a substantial factor in causing a public nuisance that is ongoing today, it is not sufficient for Plaintiffs to prove that a Defendant caused a past public nuisance that is not ongoing today. If you find a public nuisance exists in Plaintiffs' counties but that it has changed in nature over time, it is for you determine if any unlawful or intentional conduct by a Defendant caused the nuisance that exists today.

**Public Nuisance – Distribution**

During the trial, you heard some evidence regarding the Defendants' distribution of prescription opioid medications to their own pharmacies.  You may not base your verdict on any distribution conduct you heard during trial.  Your verdict may only be based on unlawful dispensing conduct.  I will now instruct you regarding what kind of dispensing conduct is unlawful.

**NOTE: Defendants do not believe that an intentional conduct instruction is appropriate in this case, for the reasons set forth in their motion for judgment as a matter of law.  *See* Dkt. 4098 at Section 1.C.  However, should the Court give an intentional conduct instruction over Defendants' objection, Defendants propose the following.**

### Public Nuisance – Intentional Conduct[12]

Plaintiffs can hold a Defendant liable for public nuisance if they prove by the greater weight of the evidence that the Defendant acted ***intentionally*** to cause a significant interference with the right to public health.

"***Intentional conduct*** " occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a Defendant engaged in intentional conduct, you must find that the Defendant intended to act and knew, or was substantially certain, that the act would cause the unreasonable and substantial interference with a public right.

---

[12] 1 CV Ohio Jury Instructions 621.05 (Rev. Mar. 18, 2002) (modified); *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017); *Angerman v. Burick*, 2003 WL 1524505, at *2 (Ohio Ct. App. 2003); *Kramer v. Angel's Path*, LLC, 882 N.E.2d 46, 52 (Ohio Ct. App. 2007); Restatement (Second) of Torts § 825.

## Public Nuisance -- Unreasonable Conduct[13]

To form the basis for nuisance liability, a Defendant's conduct must be **"*unreasonable*."** Conduct is **"*unreasonable"*** when the gravity of the harm to Plaintiff outweighs the utility of the Defendant's conduct.

When deciding the ***gravity of the harm*** to the Plaintiff, if any, you should consider factors such as the extent of the harm, the character of the harm, and the ease or difficulty with which the Plaintiff could avoid the harm.

When deciding the ***utility of the Defendant's conduct***, if any, you should consider factors such as the social value of the primary purpose of the Defendant's conduct and the impracticability of preventing or avoiding the Defendant's conduct.

Both the United States Congress and the Ohio legislature have determined that utility of dispensing medically appropriate prescription opioid medications outweighs the harm from that activity.  Therefore, you may not find that any such dispensing was "unreasonable" as I have defined it.[14]

---

[13] OJI 621.05(4)-(6) (modified).

[14] *People of the State of California v. Purdue Pharma, et al.*, Case No. CGC-13-534108, Slip Op. at 14 (Orange County Superior Court, Nov. 1, 2021) ("[T]he Federal government and the California Legislature have already determined [] the social utility of medically appropriate prescriptions outweighs the gravity of the harm inflicted by them and so is not 'unreasonable'" such that "any adverse downstream consequences flowing from medically appropriate prescriptions cannot constitute an actionable public nuisance.").

**Public Nuisance – Compliance with Law**[15]

A Defendant's activity pursuant to and in compliance with specific statutory authority or a regulatory scheme cannot constitute a public nuisance.

---

[15] OJI 621.09; *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App. 3d 704, 713 (1993) ("Since a pollution control facility operates under the sanction of law, it cannot be a common-law public nuisance. This is but another way of saying that although it would be a nuisance at common law, conduct which is fully authorized by statute or administrative regulation is not an actionable tort." (internal citations omitted)); Restatement (Second) of Torts § 821B, cmt. f ("Although it would be a nuisance at common law, conduct that is fully authorized by statute, ordinance or administrative regulation does not subject the actor to tort liability.").

12

### Public Nuisance – Unlawful Conduct[16]

Plaintiffs can prove nuisance liability by showing that a Defendant acted unlawfully.  A Defendant acts **unlawfully** either by acting in a way that is prohibited by, or failing to act in a way that is required by, a "safety statute," which is a statute that imposes a specific legal requirement for the protection of others. To act "unlawfully," a Defendant must act culpably. Mere negligence is not sufficient.[17]

If a Defendant did not engage in unlawful conduct, whether the Defendant could have done better, could have done more, or could have done something different with respect to the dispensing of prescription opioid medications is not relevant and may not be considered by you. As I will explain to you, you are to consider only whether a Defendant substantially complied with the legal requirements I will describe to you and, if the Defendant has not substantially complied, whether the Defendant's failure to do so caused an unreasonable and significant interference with public health that is ongoing today.

Not all unlawful conduct can form the basis for a nuisance claim—only violations of particular "safety statutes" can do that. It is not your function to determine what statutes qualify as a "safety statute" or what any statute requires of Defendants. That function is the Court's alone. Therefore, you may not find liability based on any unlawful conduct other than what I am about to describe to you in this instruction. After I instruct you about what conduct counts as "unlawful conduct" for purposes of Plaintiffs' nuisance claim, it is your function to determine

---

[16] OJI § 621.01; Taylor v. City of Cincinnati, 55 N.E.2d 724, 728 (Ohio 1944); City of Cincinnati v. Deutsche Bank Nat'l Tr. Co., 863 F.3d 474, 479 (6th Cir. 2017); United States v. Hill, 167 F.3d 1055, 1069 (6th Cir. 1999); OJI § 621.09; Brown v. Scioto Cty. Bd. of Commrs., 87 Ohio App. 3d 704, 713 (1993); Restatement (Second) of Torts § 821B, cmt. f.

[17] *Kramer v. Angels Path LLC*, 882 N.E.2d 47 at ¶ 19 (Ohio Ct. App. 2007) (citing Metzger v. Pennsylvania, Ohio & Detroit RR. Co., 146 Ohio St. 406 (1946)).

whether each Plaintiff has proven by the greater weight of the evidence that a Defendant acted in the described unlawful manner.

Conduct that is authorized by a statute, ordinance, or regulation cannot cause a public nuisance, because it is lawful conduct.

For purposes of this case, a Defendant has committed unlawful conduct and violated a safety statute if that Defendant violated the requirements on which I will now instruct you.[18]

---

[18] In proposing this instruction, Defendants do not waive their argument that the statutes Plaintiffs rely on are not "safety statutes" containing a private right of action, as required to support such a claim.  *See* OJI § 621.01; *Uland v. S.E. Johnson Companies*, No. WM-97-005, 1998 WL 123086, at *5 (Ohio Ct. App. Mar. 13, 1998) (liability for an absolute nuisance based on the violation of a safety statute is equivalent to liability for negligence per se); *Smrtka v. Boote*, 88 N.E.3d 465, 474 (Ohio Ct. App. 2017) ("A negligence per se claim is not appropriate when 'the legislative enactment in question does not define a civil liability but instead only makes provision to secure the safety or welfare of the public.'" (quoting *Moreland v. Oak Creek OB/GYN, Inc.*, 970 N.E.2d 455, 462 (Ohio Ct. App. 2005)).  A statute is a "safety statute" only if it sets forth a "specific legal requirement for the protection of others."  *Taylor v. City of Cincinnati*, 55 N.E.2d 724, 728 (Ohio 1944) (emphasis added).  A statute sets forth a "specific" requirement where "a jury may determine whether there has been a violation thereof by finding a single issue of fact."  *Chambers v. St. Mary's Sch.*, 697 N.E.2d 198, 201 (Ohio 1998).  Any "suspicious order" duty is not a "safety statute" for three reasons: *First*, the Court has already held, as to the "suspicious order duties," that the jury would need to make more than a single finding of fact to determine if those duties were violated.  *See* ECF No. 2483 at 29.  *Second*, there is no private right of action under the federal CSA, which cannot form the basis of a negligence *per se* claim.  *See* ECF No. 3177 at 52-53 (dismissing negligence *per se* claims based on the federal CSA and Ohio law); ECF No. 1680 at 23-25; *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290-91 (D. Colo. 2016).  *Third*, the violation of a regulation is patently insufficient for *per se* liability.  *Chambers v. St. Mary's Sch.*, 697 N.E.2d 198, 202–03 (Ohio 1998) ("[T]o bestow upon administrative agencies the ability to propose and adopt rules that alter the proof requirements between litigants 'would be tantamount to an unconstitutional delegation of legislative authority, since administrative agencies cannot dictate public policy.'").  Accordingly, while any instruction on absolute public nuisance based on unlawful conduct must identify the specific statutory requirements the Court finds are a proper basis for liability, Plaintiffs are not entitled to any such instruction because they have failed to identify a safety statute.

**Public Nuisance – Controlled Substance Dispensing Requirements[19]**

Plaintiffs contend that each Defendant acted unlawfully when it dispensed prescription opioid medications to patients with prescriptions from licensed medical providers.

It is lawful for a licensed retail pharmacy to dispense prescription opioid medications when one of its pharmacists is presented with prescriptions written by a licensed medical prescriber for a legitimate medical purpose and in the usual course of the prescriber's professional practice.  Under federal and state law, the "responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription."[20]  It is unlawful for a pharmacist to fill a prescription knowing that it was not issued for a legitimate medical purpose in the usual course of professional treatment.[21]  The corresponding responsibility imposed by federal and state law rests with the pharmacist filling a prescription and not with the pharmacy that employs the pharmacist.

A pharmacist may not lawfully fill an opioid prescription if the pharmacist knows that the prescription lacks a legitimate medical purpose.  That said, a pharmacist is not required to refuse to fill a prescription based on mere suspicion.[22]  It is not the role of a pharmacist to independently evaluate whether a prescription, including a prescription for opioid medications, is medically appropriate or to second-guess a provider's judgment in that regard.  Pharmacies and pharmacists

---

[19] Defendants continue to maintain that Plaintiffs' dispensing-based public nuisance theory is legally flawed and continue to object to any holding to the contrary.  *See* Doc. 3340.

[20] 21 C.F.R. § 1306.04(a); *see also* Ohio Admin. Code §4729-5-21(A); *id.* §4729-5-30(A).

[21] 21 C.F.R. § 1306.04(a).

[22] 21 C.F.R. § 1306.04(a).

are not licensed by the state to practice medicine and therefore may not practice medicine.  They also are not registered with DEA to write prescriptions and thus may not write prescriptions.

Defendants are not required to strictly or perfectly comply with the dispensing requirements outlined above.  Only substantial compliance is required.  Moreover, not every violation of those laws can be a public nuisance.  Only unlawful conduct that causes an unreasonable and significant interference with a public right to health or safety can be a public nuisance.

Only licensed pharmacists may engage in the practice of pharmacy in Ohio—not the companies that employ them.[23]  Under Ohio law, the practice of pharmacy includes "interpreting prescriptions," "[d]ispensing drugs," "[p]erforming drug utilization reviews," "[a]dvising an individual . . . with regard to the individual's drug therapy," and other "pharmacist care requiring specialized knowledge, judgment, and skill derived from the principles of biological, chemical, behavioral, social, pharmaceutical, and clinical sciences."[24]

---

[23] *See* Ohio Rev. Code §4729.27; *see also* 21 C.F.R. §1300.01 (defining pharmacist as an *individual*, not a corporation); Ohio Admin. Code §4729:1-1-01(M) (same).

[24] Ohio Rev. Code §4729.01(B).

16

## **<u>Documentation</u>**

You have heard testimony about documenting the resolution of red flags.  You are instructed that pharmacists are not required under federal law or Ohio law to document the resolution of red flags.[25]

---

[25] The federal Controlled Substances Act and its implementing regulations do not require the documentation of red flags or their resolution.  *See* Dkt. 4023 at 1773:25-1774:4 (Joseph Rannazzisi); Dkt. 4122 at 6433:12-15 (Robert Hill); Dkt. 4132 at 6605:21-6606:5.  No such documentation is required under Ohio law either.  *See* Dkt. 4111 at 5467:24-25 (Trey Edwards).  For further discussion and authority, *see* Dkt. 4098 at 9–14.

### **Settlement Agreements**

You have heard testimony about settlements that certain defendants entered into with the DEA.  This settlement evidence has been admitted for a limited purpose.  You may consider these settlements only to the extent you believe they bear on what notice or knowledge the defendant received as a result of the settlements.  You may not infer or conclude that the allegations in the settlements were valid or accurate.  You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon the fact that it entered into settlements.  A company may enter into a settlement for many reasons having nothing to do with the truth of the allegations being made against it.  For example, a company may enter into a settlement simply out of a desire for peace or to avoid the time or expense of a court case.

## <u>Corporate-Level Programs and Systems</u>

Plaintiffs have introduced evidence about certain programs and systems that Defendants have implemented at the corporate level, or that they explored implementing at the corporate level, to monitor their pharmacies, to review and/or suspend prescribers, and to employ computer alerts. You are instructed that these programs and systems are not required by law.

## **Questions Are Not Evidence**[26]

I previously instructed you that the lawyers' statements and arguments are not evidence, and that the lawyers' questions and objections are not evidence.  The only evidence from witness testimony are the answers given by the witness.  You should not think that something is true just because an attorney's question suggested that it was true.

You have heard several questions from lawyers in this action regarding what the lawyers contend are actions and determinations of various administrative authorities, what the lawyers contend certain lawsuits say, what the lawyers believe certain data shows, and other "facts" that the lawyer contends are true.  I instruct you to disregard the content of those questions and focus only on the witness testimony.  If the witness was not familiar with the lawsuit, administrative action, the data, or the "fact" to which the questioner referred, there is no evidence that it existed and you cannot base your decision, even in part, on such lawsuit, administrative action, data, or "fact."  You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon any suggestions made in questioning, as opposed to facts elicited through witness testimony.

---

[26] Sixth Circuit Pattern Jury Instructions 1.04 ("The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence."); California Model Civil Jury Instructions (CACI) No. 106 ("The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because an attorney's question suggests that it is true.").

## Public Nuisance – Causation

Each Plaintiff must prove by the greater weight of the evidence that a particular Defendant's unlawful conduct caused an unreasonable and significant interference with the right to public health in that Plaintiff's county. Legal causation requires both proof that the Defendant's unlawful conduct was necessary to bring about the harm and that the connection between the conduct and the harm is direct, foreseeable, and substantial. We call the first idea "but for" cause, and the second idea "proximate cause."[27]

### *But-for causation*

To find that a Defendant's unlawful conduct caused an unreasonable and significant interference with the right to public health, you must find that the injury would not have occurred without the Defendant's unlawful conduct. In this case, if an unreasonable and significant interference with the right to public health would have occurred even if a Defendant did not dispense prescription opioids to patients in Lake and Trumbull Counties in an unlawful manner, then that Defendant's conduct is not a but-for cause.

In deciding whether Plaintiffs have proved but-for causation, you may consider evidence of reasons other than the Defendant's alleged conduct for any interference with the right to public health.

---

[27] *Comcast Corp. v. Nat. Ass'n of African American Owned Media, Inc.* 140 S. Ct. 1009, 1014 (2020) (black letter requirement of but for causation); *Cincinnati v. Beretta USA Corp.*, 95 Oh. St. 3d 416, 426-27 (2002) (adopting proximate causation standard from *Holmes v. Security Investor Protection Corp.*, 503 U.S. 258, 268-69 (1992)). Plaintiffs have conceded that both are required. ECF 2204 at 33 ("Under Ohio law, a plaintiff must show that a defendant's wrongful conduct was a cause—i.e., both a cause-in-fact and a legal/proximate cause—of damage to Plaintiffs. *In re Gadolinium-Based Contrast Agents Prod. Liab. Litig.*, 2013 WL 593993, at *3 (N.D. Ohio Feb. 15, 2013).").

Plaintiffs allege that Defendants interfered with the right to public health by wrongfully dispensing prescription opioid medications when presented with facially valid prescriptions from licensed prescribers.  A Defendant has not caused an unreasonable and significant interference with the right to public health by dispensing legal opioids to legitimate medical channels. Therefore, a Defendant that merely dispensed prescription opioid medication to patients with valid prescriptions cannot be considered a but-for cause of any unreasonable and significant interference with the right to public health.[28]

### *Proximate causation*

In addition to proving but-for causation, each Plaintiffs must prove by the greater weight of the evidence that a Defendant's unlawful conduct was a proximate cause of an unreasonable and significant interference with a right to public health.  Proximate cause is an act or failure to act that in the natural and continuous sequence directly produced the injury, and without which it would not have occurred. A Defendant is not responsible for any injury to another if its conduct is a remote cause and not a proximate or direct cause.[29] There must be some direct relation between the injury asserted and the injurious conduct alleged." To find that a Defendant's conduct was a cause of a nuisance, you must find that there is a direct causal relationship between the Defendant's conduct and the nuisance. If the alleged present nuisance in a Plaintiff county is completely distinct from any unlawful dispensing by a Defendant, that means that the dispensing conduct is not a direct cause of the nuisance.[30] Similarly, if you find that you cannot

---

[28] *See* 21 C.F.R. § 1306.04(a).

[29] 12-gd-50004-DAP, ECF 161-5 (citing OJI §§ 405.01, 405.03 and ORC § 2307.73); *Berretta*, 95 Oh. St. 3d 416, *Id.* at ¶ 37, 768 N.E.2d 1136.

[30] *City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 504 (6th Cir. 2010) ("Similarly, here, the cause of the alleged harms is a set of actions (neglect of property, starting

22

determine which specific portion of a Plaintiff's alleged current nuisance is attributable to a particular Defendant's dispensing conduct, that is also a sign that the dispensing conduct was not sufficiently direct to support a verdict against that Defendant.[31]

If you do not find that a Defendant's conduct was a direct cause of a nuisance, you must find that Plaintiffs have failed to prove causation. This is so even if you find that the nuisance was foreseeable.

*Intervening causes*

If you find that the independent and unforeseeable conduct of a person other than the Defendant produced the unreasonable and significant interference with the right to public health, the chain of causation beginning with the Defendant's conduct is broken.[32]  We call that interruption in a chain of causation an "intervening cause."  An intervening cause does not break the chain of causation unless it was unforeseeable to the Defendant when the Defendant engaged in the conduct which Plaintiffs alleged caused an unreasonable and significant interference with the right to public health.[33] Harm is foreseeable if a reasonable person who had the same

---

fires, looting, and dealing drugs) that is completely distinct from the asserted misconduct (financing subprime loans).").

[31] *Id.* at 504-505.

[32] *Adams v. Lift-a-Loft Corp.*, 1999 WL 33105610, *3 (S.D. Oh.  Nov. 12, 1999); OJI 405.05(4).  *Federal Steel & Wire v. Ruhlin Constn.*, 45 Ohio St.3d 171, 175 (1989); *id.* at 177 (discussing Restatement (Second of Torts §§ 448 and 449).  *See also Feichtner v. City of Cleveland*, 95 Ohio App. 3d 388 (1994); *Evans v. Ohio State Univ.*, 112 Ohio App. 3d 724 (1996); *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 617 N.E.2d 1068,1071-72 (1993)  (quoting *Cascone v. Herb Kay Co.*, 6 Ohio St. 3d 155, 451 N.E.2d 815, 819 (1983)); *Berdyck v. Shinde*, 66 Ohio St.3d 573, 613 N.E.2d 1014, 1025 (1993); *Thropp v. Bache Halsey Stuart Shields, Inc.*, 650 F.2d 817, 821 (6th Cir. 1981); *Chapman v. Milford Towing & Service*, 499 Fed. Appx. 437, 442-43 (6th Cir. 2012).  *See also* Restatement (Second) of Torts § 442 (considerations to determine if an intervening cause is a superseding cause).

[33] Adapted from OJI, 405.05.4.  *See Cascone v. Herb Kay Co.*, 6 Ohio St. 3d 155, 159, 451 N.E.2d 815, 819 (1983) ("Whether an intervening act breaks the causal connection between the negligence and the injury, thus relieving one of liability for his negligence, depends upon

information available to the Defendant would have foreseen or expected the harm to occur as a result of conduct.[34] Foreseeability, however, may not be established merely by proof that opioid abuse and addiction existed in the community.  It must have been foreseeable to Defendants that that the prescription opioid medications they dispensed would be diverted from legitimate medical, scientific, or industrial channels to illegal channels and would have caused an unreasonable and significant interference with the right to public health in Plaintiffs' counties that is ongoing today.

If you find an intervening cause in this case, you must find that Defendants were not the cause of any unreasonable and significant interference with the right to public health in Plaintiffs' counties.

*Multiple causes*

If you find that multiple causes each contributed to a combined harm, Plaintiffs must prove by the greater weight of the evidence that each Defendant's unlawful conduct was a substantial factor in causing an unreasonable and significant interference with the right to public health.[35]  A Defendant's conduct is a "substantial" factor if it has such an effect that a reasonable

---

whether that intervening actor was a conscious and responsible agency which could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who was guilty of the negligence.") (citing Restatement (Second) of Torts § 440).

[34] Adapted from OJI 401.07.  *See also Cascone v. Herb Kay Co.*, 6 Ohio St. 3d 155, 160, 451 N.E.2d 815, 819 (1983).

[35] Ohio has adopted the "substantial factor" causation standard from the Restatement (Second) of Torts.  *See, e.g., Pang v. Minch*, 559 N.E.2d 1313, 1324 (Ohio 1990) ("Where a plaintiff suffers a single injury as a result of the tortious acts of multiple defendants, the burden of proof is upon the plaintiff to demonstrate that the conduct of each defendant was a substantial factor in producing the harm." (citing Restatement (Second) of Torts § 433B(1)); *Horton v. Harwick Chem. Corp.*, 653 N.E.2d 1196 (Ohio 1995) (adopting § 431); *Springsteel v. Jones & Laughlin Steel Corp.*, 192 N.E.2d 81, 87 (Ohio App. 1963) (adopting § 432); *Skinner v. N. Mkt. Dev. Auth., Inc.*, 1997 WL 381638, at *3 (Ohio Ct. App. July 10, 1997) (same); *Schwartz v. Honeywell Int'l, Inc.*, 102 N.E.3d 477, 482 (Ohio 2018) (adopting § 433); *Person v. Gum*, 455 N.E.2d 713, 716 (Ohio App. 1983) (concluding that a defendant was not liable because its

24

person would regard that conduct as the cause, or one of the material, meaningful, or considerable causes of an unreasonable and significant interference with a right to public health that is ongoing today.  A Defendant's unlawful conduct is not a substantial factor in bringing about an unreasonable and significant interference with a right to public health if the interference would exist even without the Defendant's conduct, unless the Defendant's conduct was by itself sufficient to bring about the interference.[36]

In determining whether a Defendant's conduct is a substantial factor in bringing about harm to another, you should consider: (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it; (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible; and (c) lapse of time.[37]

---

conduct was not "a 'substantial factor' in bringing about appellee's harm" and citing Restatement of Torts 2d § 431); *see also In re Bendectin Litig*. 857 F.2d 290, 310 (6th Cir. 1988); OJI 405.01(3)(B).

Under these principles, "In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. Except as stated in § 432(2) this is necessary, but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm."  Restatement (Second) Torts § 431, cmt. a (emphases added).  So to hold any particular defendant liable, the jury must find first that but for a Defendant's conduct, the harm would not have occurred, and also the particular defendant's conduct was a substantial factor in causing it.  *See also* OJI 405.01(3)(B).

[36] Restatement (Second) Torts § 432; *Springsteel v. Jones & Laughlin Steel Corp.*, 192 N.E.2d 81, 87 (Ohio App. 1963); *Skinner v. N. Mkt. Dev. Auth., Inc.*, 1997 WL 381638, at *3 (Ohio App. 1997).

[37] Restatement (Second) Torts § 431, cmt. a; Restatement (Second) of Torts § 433; *Schwartz v. Honeywell Int'l, Inc.*, 102 N.E.3d 477, 482 (Ohio 2018).

**Preemption**[38]

During this case you have heard evidence about the role of the FDA and DEA in regulating the conduct of the Defendants. I instruct you that FDA or DEA action or inaction is not dispositive, but is a factor you may consider in your deliberations.

In addition, because of the authority of those agencies and as a matter of federal law, there are certain kinds of conduct for which you may not impose liability.

Because federal law authorizes FDA-approved medications to be manufactured, distributed, and dispensed by licensed individuals or entities, you cannot hold a Defendant liable simply because its pharmacists dispensed, or did not stop dispensing, prescription opioid medications approved by the FDA and DEA and pursuant to DEA registrations and state licenses.[39]  You may only hold them liable for dispensing conduct that you find violated the legal requirements I have described to you.

---

[38] *Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 538 (6th Cir. 1993).

[39] *Id.*

**Public Nuisance – Statute of Limitations**[40]

Plaintiffs' claims for public nuisance are subject to a four-year statute of limitations. Because Plaintiffs first sued Defendants on March 18, 2019, they may only recover against these Defendants based on unlawful conduct that occurred within the previous four years, after March 18, 2015.  You may not base any finding of liability against any Defendant on conduct of that Defendant before March 18, 2015.

---

[40] This instruction is proposed as a preservation instruction to preserve Defendants' position that the statute of limitations applies to this case.  In light of the Court's ruling to the contrary, *see* Dkt. 2568 at 2, Defendants have not proposed questions on this issue on their proposed verdict form.  They expressly do not waive their argument that the jury in this matter should be asked to render a verdict only as to conduct that occurred within the limitations period. If the Court is inclined to instruct the jury accordingly, Defendants would request the verdict form language set out in Defendants' proposed verdict form in Dkt. 3449. Additionally, Defendants continue to maintain that Plaintiffs' claims are subject to the Ohio Product Liability Act and (among other effects of that statute) governed by a two-year statute of limitations. Without waiving this argument but recognizing that the Court has rejected it, this instruction reflects the four-year limitations period from Ohio Rev. Code § 2305.09.

### Public Nuisance – Apportionment[41]

If you find that one or both Plaintiffs have established by the greater weight of the evidence that one or more Defendants caused an unreasonable and significant interference with the right to public health that is ongoing today, you will be asked to decide what percentage of the overall harm is attributed to: 1) each of the Defendants, 2) the Plaintiffs themselves, and 3) other entities and individuals that are not parties in this trial, but that you find were a substantial factor in causing an unreasonable and significant ongoing interference with the right to public health at issue in this trial.  There are two steps to this inquiry.

First, you must decide whether Defendants have shown by the greater weight of the evidence that Plaintiffs' harm can be apportioned among actors other than the Defendants, including, but not limited to, federal, state, and local governmental agencies, opioid manufacturers, internet pharmacies, non-party pharmacies, pharmaceutical distributors, physicians and other prescribers, drug traffickers and dealers, or users of opioids.  A harm can be apportioned if responsibility for the harm can be divided among the substantial factors for that harm on any logical or reasonable basis.[42]

Second, if the harm can be apportioned, you must decide what percentage of fault can be assigned to the people and entities listed on the verdict form.  That list includes the Plaintiffs, the Defendants, and other people and entities that are not parties to this lawsuit. The percentages of

---

[41] Defendants propose this instruction as a preservation instruction in light of their position that the jury, and not the Court, should decide apportionment issues as a matter of fact. In light of the Court's ruling to the contrary, *see* Dkt. 3579, Defendants have not proposed questions on this issue on their proposed verdict form.  They expressly do not waive their argument that the jury in this matter should be deciding issues of apportionment.  If the Court is inclined to give an apportionment instruction, Defendants would request the verdict form questions on that topic set out in Defendants' proposed verdict form in Dkt. 3449.

[42] *Pang v. Minch*, 559 N.E.2d 1313, 1323 (Ohio 1990).

responsibility you assign to the people and entities listed on the verdict form should add up to 100%. If you do not believe an entity or individual caused any portion of the Plaintiffs' harm, you should assign that entity 0%.

**Laches[43]**

Defendants have raised as an affirmative defense the doctrine of Laches. Laches applies if Defendants can show by the greater weight of the evidence that Plaintiffs failed to assert a right for an unreasonable and unexplained length of time despite actual or constructive knowledge of the wrongful conduct under circumstances that are prejudicial to Defendants.

---

[43] *See State ex rel. Beard v. Hardin*, 153 Ohio St.3d 571, 2018-Ohio-1286, 109 N.E.3d 1174 (2018); *KB Resources, LLC v. Patriot Energy Partners, LLC,* 7th Dist. No. 17 CO 0002, 2018-Ohio-2771, 116 N.E.3d 728, ¶ 102, *appeal not allowed sub nom. KB Resources, L.L.C. v. Patriot Energy Partners, L.L.C.*, 153 Ohio St.3d 1505, 2018-Ohio-4285, 109 N.E.3d 1260, ¶ 102 (2018).

*Lake County v. Purdue Pharma L.P., et al.* **(18-op-45032)**
*Trumbull v. Purdue Pharma L.P., et al.* **(18-op-45079)**

# **Defendants' Proposed Verdict Form**

## **PUBLIC NUISANCE**

**1.**

> **Has Lake County proven by the greater weight of the evidence that any of the following Defendants are today unreasonably and significantly interfering with a right to public health in Lake County through unlawful dispensing of prescription opioid medications?**
>
> | | | |
> |---|---|---|
> | CVS Pharmacy, Inc. | Yes _____ | No _____ |
> | Walgreens | Yes _____ | No _____ |
> | Walmart Inc. | Yes _____ | No _____ |
>
> *If you answered "yes," as to any Defendant for Question 1, please move on to Question 2.  If you marked "no" for any Defendant on question 1, please mark "no" for that Defendant in question 2 as well.  If you marked "no" for all Defendants in Question 1, please skip Question 2 and 3 and proceed to Question 4.*

**2.**

> **If you answered question 1 "yes" as to a particular Defendant, has Lake County proven by the greater weight of the evidence that the Defendant's unlawful dispensing of legal prescription opioid medications is a but-for, proximate, and substantial cause of the interference with the right to public health in Lake County occurring today? If you marked "no" for a Defendant in Question 1, you should mark "no" for that Defendant in this question as well.**
>
> | | | |
> |---|---|---|
> | CVS Pharmacy, Inc. | Yes _____ | No _____ |
> | Walgreens | Yes _____ | No _____ |
> | Walmart Inc. | Yes _____ | No _____ |
>
> *If you marked "no" for all Defendants in Question 2, please skip the following questions and proceed to question 4. If you answered "yes" for any Defendant in Question 2, please continue to Question 3.*

3.

**If you answered Question 2 "yes" for a Defendant, has Lake County proven by the greater weight of the evidence that the Defendant's conduct is the but-for, proximate, and substantial cause of a current interference with the public health in Lake County based on the abuse of <u>diverted prescription opioids</u>?  If you marked "no" for a Defendant in Question 2, you should mark "no" for that Defendant in this question as well.**

|              |             |            |
|--------------|-------------|------------|
| CVS Pharmacy, Inc. | Yes _____ | No _____ |
| Walgreens | Yes _____ | No _____ |
| Walmart Inc. | Yes _____ | No _____ |

**If you answered Question 2 "yes" for a Defendant, has Lake County proven by the greater weight of the evidence that the Defendant's conduct is the but-for, proximate, and substantial cause of a current interference with the right to public health in Lake County based on the abuse of <u>illicit, non-prescription opioids</u> such as heroin or illicit fentanyl?  If you marked "no" for a Defendant in Question 2, you should mark "no" for that Defendant in this question as well.**

|              |             |            |
|--------------|-------------|------------|
| CVS Pharmacy, Inc. | Yes _____ | No ___ |
| Walgreens | Yes _____ | No _____ |
| Walmart Inc. | Yes _____ | No _____ |

*Please continue to Question 4.*

4.

**Has Trumbull County proven by the greater weight of the evidence that any of the following Defendants are today unreasonably and significantly interfering with a right to public health in Trumbull County through unlawful dispensing of prescription opioid medications?**

|              |             |            |
|--------------|-------------|------------|
| CVS Pharmacy, Inc. | Yes _____ | No ___ |
| Walgreens | Yes _____ | No _____ |
| Walmart Inc. | Yes _____ | No _____ |

*If you answered "yes" as to any Defendant for Question 4, please move on to Question 5. If you marked "no" for all Defendants in Question 4, please sign and date the verdict form and return it to the bailiff.*

32

5.

**If you answered question 4 "yes," as to a particular Defendant, has Trumbull County proven by the greater weight of the evidence that the Defendant's unlawful dispensing of legal prescription opioid medications is a but-for, proximate, and substantial cause of the current interference with the right to public health in Trumbull County? If you marked "no" for any Defendant on Question 4, please mark "no" for that Defendant in this question as well.**

| | | |
|---|---|---|
| CVS Pharmacy, Inc. | Yes _____ | No ___ |
| Walgreens | Yes _____ | No _____ |
| Walmart Inc. | Yes _____ | No _____ |

*If you marked "yes" for any Defendant in Question 5, please proceed to Question 6. If you marked "no" for all Defendants in Question 5, please sign and date this verdict form and return it to the bailiff.*

6.

**If you answered Question 5 "yes" for a Defendant, has Trumbull County proven by the greater weight of the evidence that the Defendant's unlawful dispensing conduct is the but-for, proximate, and substantial cause of a current interference with the public health in Trumbull County based on the abuse of <u>diverted prescription opioids</u>? If you marked "no" for a Defendant in Question 5, you should mark "no" for that Defendant in this question as well.**

| | | |
|---|---|---|
| CVS Pharmacy, Inc. | Yes _____ | No _____ |
| Walgreens | Yes _____ | No _____ |
| Walmart Inc. | Yes _____ | No _____ |

**If you answered Question 5 "yes" for a Defendant, has Trumbull County proven by the greater weight of the evidence that the Defendant's unlawful dispensing conduct is the but-for, proximate, and substantial cause of a current interference with the right to public health in Trumbull County based on the abuse of <u>illicit, non-prescription opioids</u> such as heroin or illicit fentanyl? If you marked "no" for a Defendant in Question 5, you should mark "no" for that Defendant in this question as well.**

| | | |
|---|---|---|
| CVS Pharmacy, Inc. | Yes _____ | No _____ |
| Walgreens | Yes _____ | No _____ |
| Walmart Inc. | Yes _____ | No _____ |

33

*Once you have completed the verdict form, please sign and date it, and return it to the bailiff.*

SO SAY WE ALL, this _____ day of _____, 2021,

                                                      _____
                                                                Foreperson

Dated:  November 12, 2021          Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten A. Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com
sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Phone: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Walgreen Co., and Walgreen Eastern Co., Inc.*

*/s/ Eric R. Delinsky* (consent)
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio*

35

*CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

*/s/  John M. Majoras* (consent)
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*