# EXHIBIT C

**Appendix to Exhibit C**

| Date | Type | Description | Page No. |
|---|---|---|---|
| 3/28/20 | Email | Track 1B - Public Nuisance Instructions | 1 |
| 3/28/20 | Draft | Jury Instructions | 2 – 8 |
| 4/10/20 | Email | Track 1B Defendants' Comments on Draft Instructions | 9 |
| 4/10/20 | Attachment | Track 1B Defendants' Comments on Draft Instructions | 10 - 22 |
| 4/21/20 | Email | Re: Jury Instruction Response - AMENDED | 23 – 24 |
| 5/28/20 | Email | CT1B Public Nuisance Instructions | 25 |
| 5/28/20 | Draft | Jury Instructions | 26 – 31 |
| 4/27/21 | Email | Draft Jury Instructions & Verdict Form | 32 |
| 4/27/21 | Draft | Jury Instructions | 33 – 68 |
| 4/27/21 | Draft | Verdict Form - Trumbull | 69 – 75 |
| 7/16/21 | Email | RE: Track 3 Preliminary Neutral Statement | 76 – 77 |
| 7/16/21 | Proposal | Defendants' Proposed Neutral Statement | 78 – 79 |
| 7/21/21 | Email | Neutral Statement of the Case | 80 |
| 7/21/21 | Draft | Neutral Statement | 81 |
| 8/10/21 | Email | Jury Instrs and VForm | 82 |
| 8/10/21 | Draft | Jury Instructions | 83 – 118 |
| 8/10/21 | Draft | Verdict Form - Lake | 119 – 122 |
| 8/10/21 | Draft | Verdict Form - Trumbull | 123 – 126 |
| 9/21/21 | Email | MDL - Voir Dire Questions and Prelim Jury Charge | 127 |
| 9/21/21 | Draft | Neutral Statement | 128 – 132 |
| 9/21/21 | Draft | Preliminary Jury Charge | 133 – 145 |
| 9/27/21 | Email | RE: MDL - Voir Dire Questions and Prelim Jury Charge | 146 – 150 |
| 9/27/21 | Draft | Preliminary Jury Charge | 151 – 163 |
| 9/28/21 | Email | RE: MDL - Voir Dire Questions and Prelim Jury Charge | 164 – 169 |
| 9/28/21 | Final | Neutral Statement | 170 – 175 |
| 9/28/21 | Final | Preliminary Jury Charge | 176 – 188 |
| 10/8/21 | Email | jury instruction modification | 189 |
| 10/16/21 | Email | Re: jury instruction modification | 190 – 192 |
| 10/27/21 | Email | Jury Instructions 10/27 | 193 |
| 10/27/21 | Draft | Jury Instructions | 194 – 230 |
| 11/1/21 | Email | Jury instructions | 231 |
| 11/1/21 | Draft | Jury Instructions | 232 – 268 |
| 11/1/21 | Draft | Verdict Forms | 269 – 276 |
| 11/5/21 | Email | Objections to Nov. 1 Jury Instructions | 277 – 278 |
| 11/8/21 | Email | Amended Jury Instrs attached | 279 |
| 11/8/21 | Draft | Jury Instructions | 280 – 317 |

| Date | Type | Description | Page No. |
|------|------|-------------|----------|
| 11/10/21 | Email | MDL Final Jury Instructions | 318 |
| 11/10/21 | Final | Jury Instructions | 319 – 354 |
| 11/10/21 | Final | Verdict Forms | 355 – 362 |

| From: | David R. Cohen (David@SpecialMaster.Law) |
|---|---|
| To: | Peter Weinberger; Kaspar Stoffelmayr |
| Subject: | Track 1B - Public Nuisance Instructions |
| Date: | Saturday, March 28, 2020 12:01:30 PM |
| Attachments: | Public Nuisance Instructions 3-24-20 - drc edits 2.pdf |

Dear Liaison Counsel:

Please forward this to the appropriate attorneys working on Track 1B.

The Court, Special Masters, and staff have worked hard to draft what we believe are clear and accurate Ohio public nuisance jury instructions for the Track 1B case.  This has proven to be a very difficult task.  Please review them carefully.  The Court will only entertain two types of comments:

1.  If you feel anything is incorrect as a matter of law, what is the error, what is the legal support for your position, and what do you propose as an alternative; or

2.  If you feel anything would not be understandable to the jury, or would create significant confusion, what you propose as an alternative with the appropriate legal support.

Please respond by April 10, 2020.

Thank you.

-David


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

## CORPORATE DEFENDANTS

The Defendants are corporations. Corporations can be held liable for their acts or omissions, just as you or I can. As corporations, they can act or fail to act only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons.

## PUBLIC NUISANCE - INTRODUCTION

I will now instruct you on Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant caused a public nuisance based on its conduct in distributing or dispensing prescription opiates.

Let me define for you the legal terms "nuisance" and "public nuisance."

"**Nuisance**" means the wrongful invasion by one person of the legal right or interest of another.[1]

A **'public nuisance'** is an unreasonable interference with a right held by the public in common.[2] A public nuisance includes an interference with public health or public safety.[3]

For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1.  The Defendant engaged in ***intentional conduct*** that caused a significant interference with a public right to health or safety; or

2.  The Defendant engaged in ***unlawful conduct*** that caused a significant interference with a public right to health or safety.

---

[1] *Taylor v. Cincinnati*, 55 N.E.2d 724 (Ohio 1944); *Kramer v. Angel's Path, L.L.C.*, 882 N.E.2d 46 (Ohio Ct. App. 2007) (same).

[2] *See* Restatement (Second) of Torts § 821B cmt. g ("It is not, however, necessary that the entire community be affected by a public nuisance, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right or it otherwise affects the interests of the community at large.")

[3] *Id.*

**3**

Please remember that you are being asked to determine only whether one or more of the Defendants caused a public nuisance.  You are not being asked to determine whether there should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants caused a public nuisance, the Court will determine the remedy.

## PUBLIC NUISANCE – INTENTIONAL CONDUCT

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result.[4] A person intends an act when that act is done purposely, not accidentally.[5] The intent with which a person acts is known only to that person.[6] There are two ways to prove a person's intentional conduct.[7] One, when a person expresses its intent to others.[8] Or two, when a person somehow indicates its intent by its conduct.[9]

For you to find a person intended to cause a public nuisance, it is enough that the person intended to act and that the act caused the public nuisance.[10] It is not necessary for you to find that the person intended that the act would cause the public nuisance.[11]

---

[4] OJI 621.05(3).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017) (quoting *Angerman v. Burick*, 2003-Ohio-1469, ¶ 10, 2003 WL 1524505 (Ohio App. 2003); Doc #: 2715-2 at 17.

[11] *Id.*

## PUBLC NUISANCE – UNLAWFUL CONDUCT

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited, or failing to act in a certain way that is required.  Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by statute, ordinance, or regulation.  And unlawful conduct also occurs when a statute, ordinance, or regulation requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know that its conduct is unlawful for an unlawful act to occur.

**6**

## PUBLIC NUISANCE – CAUSATION

Under both of the two ways of proving a public nuisance, a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety.  Let me explain something about causation.

An individual defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the type of conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if the Plaintiff can show, by the greater weight of the evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause the public nuisance.

**7**

## PUBLIC NUISANCE – CONCLUSION

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

Even if you find that a particular Plaintiff proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, if you also find that the same Plaintiff failed to prove its public nuisance claim by the greater weight of the evidence against any other Defendant, then your verdict must be for that other Defendant.

If you find that a Plaintiff did not prove its public nuisance claim by the greater weight of the evidence against any of the Defendants, then your verdict must be against that Plaintiff for all of the Defendants.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly.  Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor or any other Plaintiff or any other Defendant.

The verdict form will guide you through this process.

**8**

**Subject:** Track 1B - Defendants' Comments on Draft Instructions
**Date:** Friday, April 10, 2020 at 4:03:41 PM Mountain Daylight Time
**From:** Alex Harris
**To:** David Cohen
**CC:** xALLDEFENDANTS-MDL2804-Service, mdl2804discovery@motleyrice.com
**Attachments:** MDL 2804 - Track 1B Defs' Comments on Draft Instructions.pdf

Special Master Cohen,

As you requested, I have attached some comments from Defendants on the preliminary draft public nuisance jury instructions you circulated on March 28.

In Defendants' view, it is premature to draft instructions on public nuisance before the Court determines which, if any, of Plaintiffs' theories of liability are legally valid and supported by the evidence. As you noted, drafting these instructions can be a complicated and difficult task. Only after the Court's rulings will it be possible to craft instructions limited to viable theories of liability and capable of guiding the jury through those theories with the needed clarity and simplicity.

As you will see in the attached document, Defendants have provided some initial comments to improve the accuracy and clarity of the preliminary draft instructions. Based on the directions you gave us, rather than include all of the issues or arguments raised (or that will be raised) in our motions to dismiss and motions for summary judgment, we have focused on a limited number of issues we believe are most critical at this early stage.

These comments on the preliminary draft instructions should not be understood to waive any objections to any future draft or proposed jury charge. Our comments also should not be understood to waive any objections to these draft instructions, or our right to request different or additional instructions. Those objections and requests will be made at the appropriate time and in accord with the Court's scheduling orders. Furthermore, at the close of the evidence, we intend to preserve our full set of requests and objections on the record, as permitted by Rule 51.

Please let us know if you have any questions or issues accessing the PDF.

BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

## CORPORATE DEFENDANTS

The Defendants are corporations. Corporations can be held liable for their acts or omissions, just as you or I can. As corporations, they can act or fail to act only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons.

Please also bear in mind that each corporate Defendant is a separate person under the law even if it is owned by or shares ownership with another Defendant.[1]

-------------------------------------------------------------------------------------------------------------------

Defendants have added a one-sentence clarifying instruction to prevent the jury from being confused regarding whether it may treat all of the corporations in a single family of affiliated entities as one for purposes of evaluating the evidence.  Such confusion could result because the instruction as drafted does not list each of the corporate defendants, nor does it explain to the jury the distinction between a corporation as a distinct legal entity and vernacular uses of the term corporation to refer to a business that may be comprised of multiple legally distinct corporations.  This distinction is potentially important in this case, where Plaintiffs have alleged distribution claims and dispensing claims.  Plaintiffs have alleged that certain named corporations have duties with respect to dispensing, and others have duties with respect to distribution, for example.  ECF 2943 ¶¶ 1-9; ECF 2944 ¶¶ 1-9.

---

[1] A parent and a wholly-owned subsidiary are distinct legal entities.  *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d  470, 477 (2006); *Mutual Holding Co. v. Limbach*, 71 Ohio St.3d 59, 60 (1994) (same).  "Likewise, this distinction continues if the parent and the subsidiary act through common employees, have integrated operations, and carry on a close working relationship." *Mafcote, Inc. v. Cont'l Cas. Ins. Co.*, 144 F. App'x 449, 451 (6th Cir. 2005) (applying Ohio law).   Corporate affiliates with the same owner are also legally distinct, even when they coordinate operations and could have been organized as a single entity.  *Minno v. Pro-Fab, Inc.*, 121 Ohio St.3d 464,  467-68 (2009) (rejecting veil-piercing between "sister" corporations with a common owner); *Society Nat. Bank v. Security Fed. S & L*, 71 Ohio St.3d 321 (1994) (restrictive endorsement prohibited bank from crediting account of separate corporation with common owner); *Aedes Assocs. v. Lindley*, 1986 WL 941, *1, 5 (Ohio App. 1st Dist. Jan. 22, 1986) (sales between affiliates are taxable).

## PUBLIC NUISANCE – INTRODUCTION

I will now instruct you on Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant's conduct in [description of the precise conduct Court has found can constitute a public nuisance] constituted ~~caused a~~ a public nuisance.

Let me define for you the legal terms ~~"nuisance" and~~ "public nuisance."

~~"**Nuisance**" means the wrongful invasion by one person of the legal right or interest of another.[2]~~

A '**public nuisance**' is an unreasonable interference with a right held by the public in common.[3] A public nuisance includes an unreasonable interference with public health or public safety.[4]

For a Defendant to be held liable for ~~creating a~~ public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1. The Defendant engaged in ***intentional and unreasonable conduct*** that caused a significant interference with a public right to health or safety; or

2. The Defendant engaged in ***unlawful conduct*** that caused a significant interference with a public right to health or safety.

---

[2] ~~*Taylor v. Cincinnati*, 55 N.E.2d 724 (Ohio 1944); *Kramer v. Angel's Path, L.L.C.*, 882 N.E.2d 46 (Ohio Ct. App. 2007) (same).~~

[3] *See* Restatement (Second) of Torts § 821B cmt. g ("It is not, however, necessary that the entire community be affected by a public nuisance, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right or it otherwise affects the interests of the community at large.")

[4] *Id.*

**11**

Please remember that you are being asked to determine only whether one or more of the Defendants ~~caused a~~ is liable for a public nuisance. You are not being asked to determine whether there should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants ~~caused~~ is liable for a public nuisance, the Court will determine the remedy.

---------------------------------------------------------------------------------------------------------------------

Defendants propose four substantive changes to this instruction.

*First,* they propose clarifying that the public nuisance, if it exists, is Defendants' alleged *conduct,* not the effects of that conduct.  As originally phrased, the sentence could be wrongly interpreted by the jury to mean that the nuisance was the condition that resulted from the conduct, as opposed to the conduct itself.  Only the latter understanding is consistent with Ohio law.  *Cleveland v. JP Morgan Chase Bank, N.A.*, 2013-Ohio-1035, ¶ 9 (8th Dist.) (noting that "the Beretta court . . . define[d] 'unreasonable interference'" to include "'those <u>acts</u> that significantly interfere with public health, safety, peace, comfort, or convenience, <u>conduct</u> that is contrary to a statute, ordinance, or regulation'" (emphasis added)).

*Second,* it is not the province of the jury to determine what constitutes the public nuisance.  The Court must do that.  *City of Hamilton v. Dilley*, 120 Ohio St. 127, 131 (1929) ("Under all the authorities, it is the province of the court to define a nuisance and the province of the jury to determine whether the circumstances of the particular case come within the definition of a nuisance.").  Therefore, the instruction is also modified with a placeholder to add a description of what conduct the Court eventually finds can form a basis for an absolute public nuisance claim.

*Third,* Defendants propose deleting the definition of "nuisance," which, while potentially relevant to private nuisance claims, is not relevant to public nuisance claims like those at issue here.  Nuisance is a label that covers two distinct torts: public nuisance and private nuisance. 72 Ohio Jur.3d § 6; Restatement (Second) of Torts § 821A, cmt. c.; *Brown v. County Commissioners of Scioto County*, 87 Ohio App.3d 704, 712 (4th Dist. 2003) (quoting Prosser & Keeton, *The Law of Torts* § 86 at 616 (5th ed. 1984)). Defining "nuisance" in addition to "public nuisance" is at best duplicative and, at worst, could confuse the jury into believing that they can or should find liability based on private nuisances, which have not been pled here.

*Fourth,* Defendants propose instructing the jury that nuisance liability attaches for intentional acts if conduct is both intentional "and unreasonable," which is the correct standard under Ohio law.  *See supra* Public Nuisance – Intentional Conduct Instruction.

**12**

**PUBLIC NUISANCE – INTENTIONAL AND UNREASONABLE CONDUCT**

I told you that a defendant can be held liable for public nuisance if a plaintiff shows, by the greater weight of the evidence, that the defendant engaged in conduct that was both intentional and unreasonable, which caused a significant interference with a public right to health or safety.[5]  Now, let me define some of the terms I just used.

One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result.[6] A person intends an act when that act is done purposely, not accidentally or negligently.[7] The intent with which a person acts is known only to that person.[8] There are two ways to prove a person's intentional conduct.[9] One, when a person expresses its intent to others.[10] Or two, when a person somehow indicates its intent by its conduct.[11]

For you to find a person intended to cause a public nuisance, it is enough you must find that the person intended to act and either acted with the purpose to produce a significant interference with public health or safety; knew that the act was significantly interfering with public health or safety; or knew that the act was substantially certain to significantly interfere

---

[5] This change intended to clarify that the conduct must be *both* intentional *and* unreasonable.  *See* OJI 621.05.

[6] OJI 621.05(3).

[7] *Id.*; *see also Kramer v. Angels Path LLC*, 882 N.E.2d 47  (Ohio Ct. App. 2007) at ¶ 21 (negligent conduct constitutes qualified nuisance, as distinct from absolute nuisance).

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

**13**

with public health or safety~~caused the public nuisance~~.[12] ~~It is not necessary for you to find that the person intended that the act would cause the public nuisance.~~[13]

Another of those terms is *"unreasonable conduct."*

*"Unreasonable conduct"* occurs when the gravity of the harm outweighs the utility of the defendant's conduct. [14]

When deciding the *gravity of the harm* to the plaintiff, if any, you should consider factors such as the extent of the harm, the character of the harm, and the ease or difficulty with which the plaintiff could avoid the harm.[15]

When deciding the *utility of the defendant's conduct*, if any, you should consider factors such as the social value of the primary purpose of the defendant's conduct and the impracticability of preventing or avoiding the defendant's conduct.[16]

---------------------------------------------------------------------------------------------------------------

Defendants have three primary concerns with this proposed instruction as drafted.

*First,* the definition of the intent required to prove intentional public nuisance is legally incorrect and confusing.  The draft begins by correctly incorporating the model instruction's definition of "intentional conduct" as "when a person acts with the purpose to produce a specific result."  OJI 621.05(3).  But the last paragraph of the draft instruction implies that the only intent required is the intent to act, with no reference to the intended, known, or expected result. That is not the law.  The Restatement explains that "an interference with the public right is intentional if the actor (a) acts for the purpose of causing it, or (b) knows that it is resulting from or is substantially certain to result from his conduct."  Restatement (Second) of Torts §825.  Comment b to that section explains that intending to commit an act, without knowledge of potentially

---

[12] *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017) (quoting *Angerman v. Burick*, 2003-Ohio-1469, ¶ 10, 2003 WL 1524505 (Ohio App. 2003); Doc #: 2715-2 at 17: Restatement (Second) of Torts § 825.~~.~~

[13] ~~*Id.*~~

[14] OJI 621.05(4).

[15] OJI 621.05(5) (modified).

[16] OJI 621.05(6) (modified).

harmful consequences, is not sufficient to support a charge of public nuisance, but "[i]f the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." *Id.* at cmt. b. Ohio law is fully consistent with the Restatement in this respect, requiring that conduct sufficient to create liability for a public nuisance must be both intentional ***and culpable.*** *Kramer v. Angels Path LLC*, 882 N.E.2d 47 at ¶ 20 (Ohio Ct. App. 2007) (*citing Metzger v. Pennsylvania, Ohio & Detriot RR. Co.*, 146 Ohio St. 406 (1946)); *Barnett v. Carr ex rel. Estate of Carr*, No. CA2000-11-219, 2001 WL 1078980, at *13 (Ohio Ct. App. Sept. 17, 2001); 72 Ohio Jur.3d § 5. *See also City of Cincinnati v. Deutsche Bank*, 863 F.3d 474, 477 (6th Cir. 2017) (absolute public nuisance "requires the intentional creation of a public nuisance"); *see also* MDL Dkt. 2861-1, Preliminary Jury Charge Track 1A ("To find that a person intended to cause an interference with a public right means that it did so purposely, not accidentally.")

The *Nottke* case, a private nuisance case cited by the Court in support of its instruction, does not state otherwise. While a plaintiff need not show that the "existence of a nuisance was intended," the plaintiff must at least show that the defendant "intended to bring about the conditions which are in fact found to be a nuisance." *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017). As the opinion explains, activities like "maintenance of roads, buildings, trees, electrical wires, boilers, oil tanks" are not absolute nuisances—even though conducted intentionally—because they do not interfere with public health and welfare so long "properly" conducted. *Id.* On the other hand, intentionally operating a race track may be an absolute nuisance because race tracks are inherently noisy, so intending to operate the track is inherently intending to make noise. *Id.* Therefore, the jury instruction must be altered to make clear that to form the basis of a public nuisance, the defendant must have intentionally taken action that it knew was substantially certain to cause a danger to the public health. Thus, *Nottke* is consistent with the Restatement and Ohio law on this point, but even if it were not, the Restatement and Ohio law should govern.

*Second,* the final sentence of the "intent" paragraph should be deleted for the additional reason that it is erroneous as a matter of law. It defines the *effects* of the nuisance as the "public nuisance," when it is the *conduct* that constitutes the nuisance. *Cleveland v. JP Morgan Chase Bank, N.A.*, 2013-Ohio-1035, ¶ 9 (8th Dist.).

*Third,* the instruction fails to inform the jury that to prove public nuisance based on intentional conduct, Plaintiffs must prove that the conduct that they allege constitutes the nuisances is *both* intentional and unreasonable. Both are required under Ohio law. Restatement (Second) of Torts § 826, cmt. a ("For the common law crime of public nuisance, it was necessary that the interference with the public interest be unreasonable, in the sense that its utility is outweighed by the gravity of the interference with the public right."); *Soukoup v. Republic Steel Corp.*, 78 Ohio App. 87, 88 (Oh. Ct. App. 1946) (applying "intentional and unreasonable" test to case involving alleged air pollution); OJI 621.05; MDL Dkt. 2861-1, Preliminary Jury Instruction Track 1A at p. 10 ("An absolute public nuisance is an intentional and unreasonable interference with a public right."). The instruction as drafted also does not define for the jury what constitutes "unreasonable" conduct. Defendants propose including language based on the Ohio model instructions. *See* OJI 621.05(4)-(6).

15

## PUBLIC NUISANCE – UNLAWFUL CONDUCT

I told you that a defendant can be held liable for public nuisance if a plaintiff shows, by the greater weight of the evidence, that the defendant engaged in unlawful conduct that caused a significant interference with a public right to health or safety.  ~~Next, I~~Let me define the term "*unlawful conduct*."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited, or failing to act in a certain way that is required. ~~Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited~~. by certain statute~~s~~, ordinance~~s~~, or regulation~~s~~ designed to protect public safety. ~~And unlawful conduct also occurs when a statute, ordinance, or regulation requires a person to engage in certain conduct, but the person fails to do so.~~ [17] It is not your function to determine what the law requires of Defendants.  That function is the Court's alone.  I will instruct you what the law requires of Defendants. You may not find liability based on any violation other than those I will describe to you in these instructions.

In this case, a Defendant has committed unlawful conduct for purposes of this element of Plaintiffs' claim if that Defendant took one or more of the following actions:

[Insert specific instruction on the elements of each statutory or regulatory violation the Court determines to be supported by the evidence as a possible cause of the alleged public nuisance]

The person does not need to know that its conduct is unlawful for an unlawful act to occur.  However, ~~a~~

---

[17] Defendants propose deleting this language as duplicative.

**16**

-defendant's activity pursuant to and in compliance with specific statutory authority or a regulatory scheme cannot constitute a public nuisance.[18]

---------------------------------------------------------------------------------------------------------

Defendants' edits to this instruction are designed to address three primary errors of law.

*First,* the instruction, as drafted, would allow *any* violation of a statute or regulation to become the basis of public nuisance liability. That is not a correct statement of law. The Sixth Circuit has specifically noted that "not every failure to comply with [a regulation] amounts to a public nuisance." *City of Cincinnati v. Deutsche Bank Nat'l Tr. Co.*, 863 F.3d 474, 479 (6th Cir. 2017). Rather, to recover, a plaintiff must show that the violation "rise[s] to the level of interfering with public health or safety." *Id. See also* OJI §621.01, *comment* ("The violation of a safety statute creates absolute liability if it is determined that the statute establishes a specific legal requirement for the protection of others.") (collecting authorities). "Whether the applicable statute establishes a specific safety requirement is a question of law to be decided by the court." OJI § 621.01, *comment.* Accordingly, Defendants have revised the instruction to make clear that liability can only rest on particular violations previously determined by the Court to be a proper basis for liability. Defendants have proposed instructions to correct this error, and left a placeholder for the Court to describe which violations meet that standard.

*Second,* the instruction, as drafted, implies that it is the jury's function to determine what constitutes a violation of a safety statute. But such legal determinations are for the Court, not the jury. *United States v. Hill*, 167 F.3d 1055, 1069 (6th Cir. 1999) ("Furthermore, it is within the sole province of the court to determine the applicable law and to instruct the jury as to that law" (*quoting In re Air Crash Disaster,* 86 F.3d 498, 523 (6th Cir.1996)) (internal quotation marks omitted). The jury can only determine whether the defendants committed whatever conduct the Court has previously ruled would be sufficient to establish nuisance liability. Defendants have proposed changes in the instruction to make that clear.

*Third,* Defendants have proposed the instruction referenced in OJI § 621.09, which clarifies that if conduct fully complies with applicable regulations, that conduct cannot form the basis of nuisance liability. The authority in support of that proposition is listed in footnote 19.

---

[18] OJI 621.09; *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 713 (1993) ("Since a pollution control facility operates under the sanction of law, it cannot be a common-law public nuisance. This is but another way of saying that although it would be a nuisance at common law, conduct which is fully authorized by statute or administrative regulation is not an actionable tort." (internal citations omitted)); Restatement (Second) of Torts § 821B, cmt. f ("Although it would be a nuisance at common law, conduct that is fully authorized by statute, ordinance or administrative regulation does not subject the actor to tort liability.")

## PUBLIC NUISANCE – CAUSATION

Under both of the two ways of proving a public nuisance, a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct foreseeably and directly *caused* an interference with a right to public health or safety.

*"Foreseeability"* does not ask whether the Defendant should have foreseen the harm exactly as it happened to the specific Plaintiff. The test is whether under the circumstances a reasonably careful person would have anticipated that an act or failure to act would likely result in a significant interference with a right to public health or safety.[19]

*"Direct cause"* is an act or failure to act that in the natural and continuous sequence directly produced the interference with public health or safety, and without which the interference would not have occurred.[20]

Let me further explain something about causation. ~~An individual defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes.~~ There may be more than one direct cause of a significant interference with a right to public health or safety ~~public nuisance~~. The fact that some other cause or causes combined with a Defendant's conduct in creating the ~~public nuisance~~interference does not

---

[19] OJI 401.07.

[20] OJI 405.01(2); see also *Cincinnati v. Deutsche Bank National Trust Co.*, 863, F.3d 474, 480 (6th Cir. 2017) (stating that in addition to foreseeability, proximate cause "requires some direct relation between the injury and the injurious conduct"); *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1147–48 (Ohio 2002) (stating that in addition to foreseeability, proximate cause "requires some direct relation between the injury and the injurious conduct").

relieve that Defendant from liability if the Plaintiff can prove that the ~~type of~~ conduct the

Defendant engaged in was a ***substantial factor*** in creating the ~~public nuisance~~interference.[21]

~~Conduct is a substantial factor if the Plaintiff can show, by the greater weight of the~~

~~evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause~~

~~the public nuisance.~~

---------------------------------------------------------------------------------------------------------

The draft instruction departs from Ohio law in at least four critical ways:

    *First*, the draft instruction omits the model instruction's definition of direct causation[22] and includes only the "(ADDITIONAL)" instruction for when there are multiple direct causes. *See* OJI § 405.01.  Whether there are multiple direct causes that contributed to the alleged injury is a question of fact for the jury and requires a definition of direct causation.  Defendants suggest inserting "directly" before "***caused***" in the first sentence and inserting a paragraph derived from the model instruction. *See* OJI 405.01(2) ("PROXIMATE CAUSE DEFINED. '(Proximate) (Direct) cause' is an act or failure to act that in the natural and continuous sequence directly produced the (injury) (death) (damages) and without which the (injury) (death) (damages) would not have occurred."); *see also Cincinnati v. Deutsche Bank National Trust Co.*, 863 F.3d 474, 480 (6th Cir. 2017) (causation for Ohio public nuisance claim requires "some direct relation" between the injury and injurious conduct); *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1147–48 (Ohio 2002) (adopting same test for public nuisance); *Cleveland v. Ameriquest Mort. Secs., Inc.*, 615 F.3d 496, 502 (6th Cir. 2010) ("[T]he requirement of a direct injury . . . applies even if the Defendants intentionally caused the alleged course of events.").

    *Second*, the draft instruction omits the threshold foreseeability requirement.  Causation for public nuisance claims under Ohio law must be both direct and foreseeable.  *Deutsche Bank*, 863 F.3d at 480 ("In addition to foreseeability, '[proximate cause] requires some direct relation between the injury and the injurious conduct.'"); *Cleveland v. Ameriquest Mort. Secs., Inc.*, 615 F.3d 496, 502 (6th Cir. 2010) ("[T]he requirement of a direct injury is . . . distinct from foreseeability . . . .").  Defendants propose inserting "foreseeably" in the first sentence and inserting a paragraph defining foreseeability based on the model instructions.  *See* OJI 401.07; *see also* OJI 405.03 (cross-referencing OJI 401.07).

    *Third,* the draft instruction incorrectly and confusingly describes causation as based on the "type of conduct" rather than the actual conduct of the Defendant.  The model instruction requires a plaintiff to prove that the defendant's conduct caused plaintiff's alleged injury.  As written, the draft instruction would allow the jury to find causation even if it was definitively

---

    [21] OJI 405.01(3)(B)

    [22] The model instruction directs the Court to describe causation as either "proximate" or "direct."  *See* OJI 405.01.  Defendants believe the word "direct" is less confusing and more accessible to jurors.

shown that a defendant's conduct played no role in the alleged interference with a public right, which is incorrect as a matter of law.[23]

*Fourth*, the last sentence of the draft instruction incorrectly equates causation with foreseeability—*i.e.*, "reasonably be expected to cause the public nuisance"—which is contrary to binding Sixth Circuit precedent on causation for Ohio public nuisance claims.  *See, e.g.*, *Deutsche Bank*, 863 F.3d at 480; *Ameriquest*, 615 F.3d at 502.  The language in the last sentence of the draft instruction appears to be drawn from a Court order in Track 1-A that cites a Seventh Circuit decision describing the standard for denying summary judgment based on causation.  *See* Doc. # 2561 at 6, 8 (citing *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 758 (7th Cir. 2011)).  In addition to being contrary to Sixth Circuit precedent, whether or not evidence is sufficient to create a question of fact sufficient to withstand summary judgment is not the standard by which the jury determines liability.  The last sentence of the proposed instruction does not appear in the model instruction and should be omitted.

As noted in the cover email, the final causation instructions (like the other jury instructions) will need to be crafted in light of the theories and evidence presented at trial, and Defendants reserve their rights to take a final position on the correct causation standard at the appropriate time.

---

[23] As just one illustration, the draft instruction would permit a jury to conclude that a drunk driver caused an injury to the plaintiff even if she had nothing to do with the accident in which the plaintiff was injured.  After all, the "type of conduct" the drunk driver engaged in "could reasonably be expected to cause [an accident]."

## PUBLIC NUISANCE – CONCLUSION

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant, each of which is a separate person, even if the corporation is owned by or has the same ownership as another Defendant.[24]

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

Even if you find that a particular Plaintiff proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, if you also find that the same Plaintiff failed to prove its public nuisance claim by the greater weight of the evidence against any other Defendant, then your verdict must be for that other Defendant.

If you find that a Plaintiff did not prove its public nuisance claim by the greater weight of the evidence against any of the Defendants, then your verdict must be against that Plaintiff for all of the Defendants.

-------------------------------------------------------------------------------------------------------------

Defendants have added language to clarify that each individual corporation must be

---

[24] Parent corporations are not liable for the torts of their subsidiaries and affiliates are not liable for each other's torts as long as they maintain a separate corporate existence. 11 Ohio Jur. 3d Business Relationships § 105; *Industrial Research Corp. v. General Motors Corp.*, 29 F.2d 623, 625 (N.D. Oh. 1928); *North v. Higbee Co.*, 131 Ohio St. 507, 512 (1936); *Kentucky Electric Power Co. v. Norton Coal Mining Co.*, 93 F.2d 923, 926 (6th Cir. 1938).

evaluated individually, regardless of its corporate ownership structure.  Without the insertion, the jury would be confused regarding whether it should or could aggregate evidence concerning the legal duties of different corporations which belong to the same corporate family.

| | |
|---|---|
| **From:** | david@specialmaster.law |
| **To:** | Kaspar Stoffelmayr; Peter Weinberger |
| **Subject:** | Re: Jury Instruction Response - AMENDED |
| **Date:** | Tuesday, April 21, 2020 3:23:49 PM |

I set a due date of 4/24 but that is only 3 days from now, I meant 4/29, after the hearing with the Court.

-d

=======================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, April 21, 2020 12:47 PM
**To:** kaspar.stoffelmayr@bartlitbeck.com <kaspar.stoffelmayr@bartlitbeck.com>; Peter Weinberger <pweinberger@spanglaw.com>
**Subject:** Jury Instruction Response

*[Kaspar and Pete, please forward as appropriate]*

Dear Counsel:

The paragraph below was written by JPolster regarding your submissions on the public nuisance instructions.  As noted there, he would like a response from Ps to Ds' suggested changes.  This is in addition to my earlier directive (also prompted by JP) regarding the corporate separateness instructions.

I know you are all working on other submissions, so let's set a due date of 4/24.

-d

Plaintiffs initially said they were fine with our proposed instructions, but reserved the right to respond to whatever defendants suggested.   Defendants made wholesale changes.   I want Plaintiffs to respond to what Defendants proposed.   Specifically, I want to know if Plaintiffs believe defendants have correctly stated the law, and if not, why not.

=======================
This email sent from:

David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

| | |
|---|---|
| **From:** | Molly Rucki |
| **To:** | Peter H. Weinberger; Kaspar Stoffelmayr |
| **Cc:** | Dan Polster; david_specialmaster.law |
| **Subject:** | CT1B Public Nuisance Instructions |
| **Date:** | Thursday, May 28, 2020 7:24:46 AM |
| **Attachments:** | Public Nuisance Instructions.pdf |

Counsel:

Please see attached the public nuisance jury instructions that Judge Polster intends to use at trial. I am sending this email to you as liaison counsel; please forward as appropriate.

Thanks,
Molly


**Molly Rucki**

*In Re: National Prescription Opiate Litigation* MDL Clerk
Law Clerk to Hon. Dan A. Polster
216-357-7197
Molly_Rucki@ohnd.uscourts.gov

## CORPORATE DEFENDANTS

The Defendants are corporations. Corporations can be held liable for their acts or omissions, just as you or I can. As corporations, they can act or fail to act only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

## PUBLIC NUISANCE - INTRODUCTION

I will now instruct you on Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant distributed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance.

Let me define for you the legal term *"public nuisance."* A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1.  The Defendant engaged in *intentional conduct* that caused a significant interference with a public right to health or safety; or

2.  The Defendant engaged in *unlawful conduct* that caused a significant interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

27

## PUBLIC NUISANCE – INTENTIONAL CONDUCT

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew or should have known that an interference with public health or public safety would result, or was substantially certain to result, from their act. It is not necessary for you to find that the person intended that the act would cause the public nuisance.

28

## PUBLIC NUISANCE – UNLAWFUL CONDUCT

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

The person does not need to know that their conduct is unlawful for an unlawful act to occur.

## PUBLIC NUISANCE – CAUSATION

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety. Let me explain something about causation.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some effect and that effect is substantial, rather than negligible. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance.

In addition, the Plaintiff must show, by the greater weight of the evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

30

## PUBLIC NUISANCE – CONCLUSION

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict form will guide you through this process.

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Peter H. Weinberger; Kaspar Stoffelmayr |
| **Subject:** | Draft Jury Instructions & Verdict Form |
| **Date:** | Tuesday, April 27, 2021 12:14:58 PM |
| **Attachments:** | Track.Three.Jury.Instructions-1.pdf |
| | Track.Three.Verdict Form-1.pdf |

As you requested, please find attached **draft** Jury Instructions and Verdict Form for Track Three.  The thinking is that there would be a separate verdict form for each County, with identical questions.

These drafts are where the Court ended up after receiving all of the submissions so far in T1A, T1B, and T3 on the topic.  But it is still a work in progress.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | **MDL No. 2804** |
| OPIATE LITIGATION | ) | |
| | ) | **CASE NO.  1:17-MD-2804** |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| *Track Three Cases:* | ) | |
| | ) | |
| *County of Lake, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45032* | ) | |
| | ) | **FINAL JURY INSTRUCTIONS** |
| *County of Trumbull, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45079* | ) | |

**Introduction**

Members of the Jury:

You have heard all of the evidence and it is now time for me to instruct you about the law

that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements, or parts, of the claims that the Plaintiffs assert against the

Defendants.  As I have explained before, there are two Plaintiffs in this case: (1) Lake County, Ohio;

and (2) Trumbull County, Ohio.  Further, there are six Defendants in this case: (1) Walgreen

Company; (2) CVS Indiana L.L.C.; (3) CVS Rx Services, Inc.; (4) Rite Aid of Maryland, Inc., d/b/a

Rite Aid Mid-Atlantic Customer Support, Center, Inc., (5) Walmart Inc. (formerly known as Wal-

Mart Stores, Inc.); and (6) HBC Service Company, an operating division of Giant Eagle, Inc.

**33**

After I explain the elements of the claims that the two Plaintiffs assert against the six Defendants, the lawyers will present their closing arguments.

Following closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the interrogatories and verdicts that you may return.

Please listen very carefully to everything I say.

-2-

## GENERAL INSTRUCTIONS

### Jurors' Duties

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if each Plaintiff has proven by a preponderance of the evidence that each Defendant is liable. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. All parties are equal in the eyes of the law. Corporations stand on equal footing, and size is not to be considered. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just decision regardless of the consequences.

-3-

## GENERAL INSTRUCTIONS

### Burden of Proof – Preponderance of the Evidence

In a civil action, like this one, Plaintiffs are required to prove all the elements of their claim "by a preponderance of the evidence." This duty is known as the burden of proof. To establish something "by a preponderance of the evidence" means to prove that something is more likely true than not true.

A preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, more likely, or of greater probative value. Remember, it is the quality of the evidence that must be weighed, not the quantity of evidence.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. You may have also heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof that applies in criminal cases only. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the party who has the burden of proof has not

-4-

established that issue by a preponderance of the evidence.

November 20, 2020

# GENERAL INSTRUCTIONS

## Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Evidence is all the testimony received from the witnesses including depositions, the exhibits admitted during the trial, the stipulations that the lawyers agreed to, and any facts which the Court requires you to accept as true.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.  The lawyers' questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  And I may have ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all these things.  Do not even think about them.  Do not speculate about what a witness might have said.  You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

-6-

**GENERAL INSTRUCTIONS**

**<u>Consideration of Evidence</u>**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

-7-

## GENERAL INSTRUCTIONS

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact.  If a witness testifies that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walks into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; the law does not say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

-8-

## GENERAL INSTRUCTIONS

### Inferences from Evidence

The law permits you to draw reasonable inferences from the evidence that has been presented.   Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In other words, while you should consider only the evidence in the case, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, reasonable inferences that you feel are justified in light of your common experience.

November 20, 2020

-9-

## GENERAL INSTRUCTIONS

### <u>Credibility of Witnesses</u>

Another part of your job as jurors is to decide how credible, or believable, each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves.  You are free to believe everything that a witness said or only part of it or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to Plaintiffs or Defendant or anything to gain or lose from the case that might influence the witness's testimony.  Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, if the

-10-

witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things; even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

-11-

## GENERAL INSTRUCTIONS

### <u>Opinion Testimony</u>

You have heard the testimony of numerous individuals, sometimes referred to as expert witnesses, who offered their professional opinions about the matters at issue in this lawsuit.

You do not have to accept their opinions.  In deciding how much weight to give each opinion, you should consider the witnesses' qualifications and how they reached their conclusions.  Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that an expert witness's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

-12-

## GENERAL INSTRUCTIONS

### <u>Number of Witnesses</u>

One more point about witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

November 20, 2020

-13-

## GENERAL INSTRUCTIONS

### <u>Charts and Summaries</u>

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by books, records and other documents that are in evidence in this case.  However, these charts or summaries are not in and of themselves evidence or proof of the facts.  If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

November 20, 2020

-14-

## GENERAL INSTRUCTIONS

### Admissions and Interrogatory Answers

In this case, evidence may have been introduced consisting of written questions and answers previously submitted to one of the parties.  This type of evidence is to be considered according to the usual tests that apply to witnesses.  You may consider the fact that these questions were formally submitted and the answers made in writing.

-15-

## GENERAL INSTRUCTIONS

### <u>Stipulations of Fact</u>

Statements and arguments of counsel are not evidence in this case.  However, if the attorneys on both sides stipulate (that is, agree) to the existence of a fact, you should accept that this fact has been established by a preponderance of the evidence.

Here are the facts to which the parties have agreed or stipulated:

-16-

## GENERAL INSTRUCTIONS

### Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

-17-

49

**CASE-SPECIFIC INSTRUCTIONS**

**<u>Introduction</u>**

That concludes the part of my instructions explaining your duties and the general rules

that apply in every civil case.  In a moment, I will explain the elements of Plaintiffs' claims.

But before I do that, I want to mention the following.

November 20, 2020

-18-

**CASE-SPECIFIC INSTRUCTIONS**

**Corporate Defendants**

Each of the Defendants are corporations.  Corporations can be held liable for their acts or omissions just as you or I can.  As corporations, they can act, or fail to act, only through their officers and employees.  The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons."  Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

-19-

51

**CASE-SPECIFIC INSTRUCTIONS**

**Applicable Law – Public Nuisance – Introduction**

I will now instruct you on the elements of Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant distributed or dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.

Let me define for you the legal term "***public nuisance***." A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large.  It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded.   For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1.    The Defendant engaged in ***intentional conduct*** that caused a significant interference with a public right to health or safety; or

2.    The Defendant engaged in ***unlawful conduct*** that caused a significant interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there

-20-

should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

November 20, 2020

-21-

**CASE-SPECIFIC INSTRUCTIONS**

**Public Nuisance – Intentional Conduct**

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew, or was substantially certain, that the circumstances resulting from that act would interfere with public health or public safety.  It is not necessary for you to find that the person intended to cause a public nuisance.

If a person learns that circumstances resulting from their conduct interfere with public health or public safety, and the person continues that conduct, then the subsequent conduct is intentional.

-22-

## CASE-SPECIFIC INSTRUCTIONS

### Public Nuisance – Unlawful Conduct

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know their conduct is unlawful for an unlawful act to occur.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

Conduct that is expressly and fully authorized by a statute, ordinance, or regulation cannot create a public nuisance, because it is lawful conduct.  But if a person's conduct does not comply with what is authorized by law, then that conduct may be unlawful conduct.

Not every act that is in violation of the law can cause a public nuisance.  Only unlawful conduct that causes a significant interference with a public right to health or safety can be a public nuisance.

-23-

## CASE-SPECIFIC INSTRUCTIONS

### Public Nuisance – Causation

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct *caused* an interference with a right to public health or safety.  Let me explain something about causation.

You may find a Defendant liable only if you conclude the Defendant was a ***proximate cause*** of a public nuisance.

A proximate cause of a public nuisance is an act or failure to act, which in the natural and unbroken sequence produces the circumstances that constitute a public nuisance.  You may find that a Defendant's conduct proximately caused a public nuisance if the circumstances that constitute the nuisance are the natural and foreseeable result of that conduct.  There may be more than one proximate cause of a public nuisance, but causes that are merely incidental are not proximate causes.  To be a proximate cause, the acts or omissions of a Defendant must be a substantial factor in producing circumstances that unreasonably interfere with a public right to health or safety.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some effect and that effect is substantial, rather than negligible. A

-24-

Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance. If you find that the conduct of any Defendant proximately caused a public nuisance, it is not a defense to liability that some other entity may also be to blame.

In addition, the Plaintiff must show, by the greater weight of the evidence, that the conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

-25-

**CASE-SPECIFIC INSTRUCTIONS**

**Public Nuisance – Significant and Unreasonable**

I have instructed you that a public nuisance is an ***unreasonable*** interference with a right held by the public in common, and I have used the phrase "***significant*** interference with a public right to health or safety."  Let me define the terms "significant" and "unreasonable."

An interference with a public right may range from a petty annoyance to serious harm.  An interference with a public right is not significant or unreasonable if it causes only a relatively slight amount of inconvenience.  An interference with a public right is significant or unreasonable if it causes greater harm than the public should be required to bear, considering all the circumstances.  When you consider whether an interference with a public right is significant or unreasonable, some of the factors you may consider include the nature, extent, and duration of the interference.

-26-

## CASE-SPECIFIC INSTRUCTIONS

### <u>Public Nuisance – Conclusion</u>

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict form will guide you through this process.

-27-

## DELIBERATIONS

### <u>Introduction</u>

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will be your spokesperson for you here in court.

Once you start deliberating, do not talk to the courtroom deputy or to me or to anyone else about the case. We must communicate in writing. Write down your message, have the foreperson sign it, and then give it to the courtroom deputy. He will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should remain secret until you are finished.

-28-

## DELIBERATIONS

### <u>Juror Notes</u>

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

-29-

## DELIBERATIONS AND VERDICT

### Experiments, Research, Investigation and Outside Communications – Admonition

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the

-30-

judicial process.

You should know that if this Admonition is violated, there could be a mistrial.  A mistrial means that the case is stopped before it is finished and must be retried at a later date.  This can lead to a great deal of expense for the parties and the Court.  No one wants to see money wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

In summary, make your decision based only on the evidence that you saw and heard here in court.

-31-

## DELIBERATIONS

### Unanimous Verdict

Your verdict, whether it be for a Plaintiff or a Defendant, must be unanimous.  This means that, for you to find for a specific Plaintiff and against a specific Defendant, every one of you must agree that *that* specific Plaintiff has proved all the elements of its claim against *that* specific Defendant by a preponderance of the evidence.

Similarly, for you to find for a specific Defendant and against a specific Plaintiff, every one of you must agree that *that* specific Plaintiff has failed to prove all the elements of its claim against *that* specific Defendant by a preponderance of the evidence.

Either way, your verdict must be unanimous.

-32-

## DELIBERATIONS

### Duty to Deliberate

When you enter the jury room following the arguments, you are free to talk about the case.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if Plaintiff has proved its claim(s) by a preponderance of the evidence.  Your sole interest is to seek the truth from the evidence in the case.

-33-

**DELIBERATIONS**

**<u>Interrogatories and Verdict Forms</u>**

I have prepared verdict forms that you should use to record your verdict.  The form reads as follows:

**READ JURY INTERROGATORY AND VERDICT FORMS.**

You will take the interrogatories and verdict forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in each answer, sign his or her name, and date the form in the bottom right-hand corner.  Each of you will then sign the Interrogatories and Verdict Forms.  Please complete these documents in ink.  Unless all of you agree, you may not return an answer to any question.

After you have all signed the appropriate documents, ring the jury buzzer, and you will be returned to the courtroom as soon as we have gathered all of the parties and their counsel.

-34-

## DELIBERATIONS

### <u>Juror Questions</u>

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations.  These instructions should answer any question that you have.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

-35-

**DELIBERATIONS**

**The Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.  You shall decide for yourselves if Plaintiff has proved by a preponderance of the evidence its claim(s) against Defendant.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's charge, the verdict forms and the exhibits which have been admitted into evidence.

-36-

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | MDL No. 2804 |
| OPIATE LITIGATION | ) | |
| | ) | CASE NO.  1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| *Track Three Cases:* | ) | |
| | ) | |
| *County of Lake, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45032* | ) | |

# VERDICT  FORM
# Lake County

Page 1 of  7

**FOR ALL QUESTIONS IN THIS VERDICT FORM,**

**PLEASE CIRCLE YOUR ANSWERS IN INK**.

1.      Did **Lake County** prove, by the greater weight of the evidence, that oversupply of legal
prescription opioids, and diversion of those opioids into the illicit market outside of
appropriate medical channels, is a public nuisance in **Lake County**?

YES             NO

   **If you answered "YES" to Question 1, please go to Question 2.**
   **If you answered "NO" to Question 1, then skip Questions 2 through 5, and go directly
to Question 6.**

Page 2 of  7

2.   Did **Lake County** prove, by the greater weight of the evidence, that any of the following

Defendants proximately caused the public nuisance in **Lake County**?

| | | |
|---|---|---|
| **CVS Indiana, L.L.C.** | YES | NO |
| **CVS Rx Services, Inc.** | YES | NO |
| **Giant Eagle/HBC Service Co.** | YES | NO |
| **Rite Aid of Maryland** | YES | NO |
| **Walgreen Co.** | YES | NO |
| **Walmart Inc.** | YES | NO |

**If you answered "YES" at least once in Question 2, please go to Question 3.**

**If your answers were <u>all</u> "NO" to Question 2, then skip Questions 3 through 5, and go directly to Question 6.**

Page 3 of  7

71

3.   Do you find the circumstances that constitute the public nuisance in **Lake County** include:
(1) increased abuse of diverted **prescription** opioids, and/or (2) increased abuse of illicit,
**non-prescription** opioids (such as heroin or illicit fentanyl)?  You ***must*** circle "YES" at
least once.

Increased Abuse of Diverted Prescription Opioids          YES          NO

Increased Abuse of Illicit, Non-prescription Opioids          YES          NO

**Please go to Question 4.**

November 20, 2020

Page 4 of  7

4.     For each Defendant where you answered "YES" in Question 2, please answer the following additional questions. If you answered "NO" for a Defendant in Question 2, you *must* circle "NOT APPLICABLE" for that same Defendant in this Question 4. If you answered "YES" for a Defendant in Question 2, you *must* circle "Intentional Conduct," "Unlawful Conduct," or both, for that same Defendant in this Question 4.

    a.     Did **CVS Indiana, L.L.C.** proximately cause the public nuisance by engaging in:

    Intentional Conduct         Unlawful Conduct         NOT APPLICABLE

    b.     Did **CVS Rx Services, Inc.** proximately cause the public nuisance by engaging in:

    Intentional Conduct         Unlawful Conduct         NOT APPLICABLE

    c.     Did **Giant Eagle/HBC Service Co.** proximately cause the public nuisance by engaging in:

    Intentional Conduct         Unlawful Conduct         NOT APPLICABLE

    d.     Did **Rite Aid of Maryland** proximately cause the public nuisance by engaging in:

    Intentional Conduct         Unlawful Conduct         NOT APPLICABLE

    e.     Did **Walgreen Co.** proximately cause the public nuisance by engaging in:

    Intentional Conduct         Unlawful Conduct         NOT APPLICABLE

    f.     Did **Walmart Inc.** proximately cause the public nuisance by engaging in:

    Intentional Conduct         Unlawful Conduct         NOT APPLICABLE

**Please go to Question 5.**

5.     For each Defendant where you answered "YES" in Question 2, please answer the following additional questions.  If you answered "NO" for a Defendant in Question 2, you *must* circle "NOT APPLICABLE" for that same Defendant in this Question 5.  If you answered "YES" for a Defendant in Question 2, you *must* circle "Distribution Practices," "Dispensing Practices," or both, for that same Defendant in this Question 5.

a.     Did **CVS Indiana, L.L.C.** proximately cause the public nuisance through its:

Distribution Practices         Dispensing Practices         NOT APPLICABLE

b.     Did **CVS Rx Services, Inc.** proximately cause the public nuisance through its:

Distribution Practices         Dispensing Practices         NOT APPLICABLE

c.     Did **Giant Eagle/HBC Service Co.** proximately cause the public nuisance through its:

Distribution Practices         Dispensing Practices         NOT APPLICABLE

d.     Did **Rite Aid of Maryland** proximately cause the public nuisance through its:

Distribution Practices         Dispensing Practices         NOT APPLICABLE

e.     Did **Walgreen Co.** proximately cause the public nuisance through its:

Distribution Practices         Dispensing Practices         NOT APPLICABLE

f.     Did **Walmart Inc.** proximately cause the public nuisance through its:

Distribution Practices         Dispensing Practices         NOT APPLICABLE

**Please go to Question 6.**

6.      Please sign and date the verdict form.

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____
                                           foreperson

_____
date

| | |
|---|---|
| **From:** | owner-ext-track3defendants@groups.jonesday.com on behalf of Robert M. Barnes |
| **To:** | External User - Patrick Beisell; dan@polster@ohnd.uscourts.gov |
| **Cc:** | 2804 Discovery, MDL; EXT Track3Defendants; David R. Cohen (David@SpecialMaster.Law) |
| **Subject:** | RE: Track 3 Preliminary Neutral Statement |
| **Date:** | Friday, July 16, 2021 11:05:06 AM |
| **Attachments:** | Defendants" Preliminary Neutral Statement (A1619462).pdf |

## ** External mail **

Judge Polster and Special Master Cohen:

The parties were unable to agree on a Preliminary Neutral Statement and therefore are each separately submitting competing proposals. Attached is the Pharmacy Defendants' proposed Preliminary Neutral Statement which we believe accurately summarizes Plaintiffs' case and claims as well as the Defendants' general defenses.

**From:** owner-ext-track3defendants@groups.jonesday.com <owner-ext-track3defendants@groups.jonesday.com> **On Behalf Of** Beisell, Patrick J.
**Sent:** Friday, July 16, 2021 11:59 AM
**To:** dan@polster@ohnd.uscourts.gov <dan_polster@ohnd.uscourts.gov>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Subject:** Track 3 Jury Questionnaire

Judge Polster,

The parties have conferred and agreed to the attached proposed Track 3 Jury Questionnaire. The parties will continue to work together to finalize the list of names in Question 66. We also want to note for you that there were two competing proposals for hardship questions. Plaintiffs proposed grouping all the hardship questions up front ahead of other questions. Defendants proposed weaving the questions throughout the Questionnaire in order to avoid suggesting that potential jurors could easily evade jury service by claiming a hardship. The parties agreed on Defendants' proposal but we thought it was worth noting in case you wanted a different approach.

Please let us know if you have any questions.

Sincerely,
Patrick

--

Patrick J. Beisell
Associate

JONES DAY® - One Firm Worldwide℠
77 West Wacker

**76**

Chicago, IL 60601-1692
Office +1.312.269.4066
Fax +1.312.782.8585
pbeisell@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Robert M. Barnes
**Marcus & Shapira LLP**

301 Grant Street, 35th Floor
One Oxford Centre
Pittsburgh, Pennsylvania 15219-6401
Direct Dial: 412-338-5224
Fax: 412-391-2315

THIS MESSAGE AND ANY ATTACHED DOCUMENTS CONTAIN INFORMATION FROM THE LAW FIRM OF MARCUS & SHAPIRA LLP WHICH MAY BE CONFIDENTIAL AND/OR PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU MAY NOT READ, COPY, DISTRIBUTE, OR USE THIS INFORMATION. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY REPLY E-MAIL AND THEN DELETE THE MESSAGE. ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

## **Preliminary Neutral Statement**

The Plaintiffs in this case are Lake County and Trumbull County, Ohio. These Counties are suing manufacturers and distributors of opioid medicines and pharmacies who employed pharmacists who dispense opioid medicines.  This particular case is proceeding against Defendants CVS, Giant Eagle, Rite Aid, Walgreens, and Walmart which own and/or operate some of the retail pharmacies in the Counties. During certain time periods, these Defendants purchased prescription opioid medicines from pharmaceutical manufacturers and shipped those prescription medications from their own warehouses to their own pharmacies to be used by its pharmacists to fill prescriptions written by doctors and other licensed medical practitioners.  These Defendants also purchased opioid medications from wholesale distributors.  Licensed pharmacists employed by these Defendants filled these prescriptions for opioid medications for patients pursuant to the directions of the  patients' doctors or other licensed medical practitioners.  The two Counties have brought claims alleging that these Defendants (as well as the pharmaceutical manufacturers and wholesale distributors of medications) created a public nuisance.

The two Counties allege that Defendants failed to monitor, detect, investigate, report, and stop suspicious orders of prescription opioids from Defendants' warehouses to their pharmacies.  The Counties also allege that Defendants and/or pharmacists employed by Defendants knowingly failed to investigate and refuse to fill certain prescriptions for opioid medicines that plaintiffs allege were not written for legitimate medical purposes.  The two Counties seek to recover money from the Defendants to address the costs allegedly incurred by them related to opioid misuse and addiction.

Defendants deny the Counties' allegations of wrongdoing.  Prescription opioids have been approved by the FDA to treat patients suffering from pain; are regulated by the FDA, the United States Drug Enforcement Administration, and the Ohio Board of Pharmacy; and can only be prescribed by a DEA-registered and state-licensed doctor or other prescriber.  Defendants maintain that prescription

A1619014.1

opioids are important medicines for the treatment of pain.  Defendants do not design, manufacture, or market prescription opioid medicines, nor do pharmacists prescribe opioid medications to patients. Defendants contend that the pharmacists they employed only filled prescriptions for opioid medications written by prescribers who were registered with the DEA and licensed by the Ohio Board of Pharmacy.  The Defendants claim that they distributed, and that pharmacists employed by Defendants dispensed, only government-approved medicines, that their conduct was reasonable, appropriate, and in compliance with the law, and that they did not cause harm claimed by the Plaintiffs who sued them.

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Peter Weinberger; Kaspar Stoffelmayr |
| **Subject:** | Neutral Statement of the Case |
| **Date:** | Wednesday, July 21, 2021 5:31:28 PM |
| **Attachments:** | MDL Track 3 Preliminary Statement.pdf |

Please find attached the Preliminary Statement the Judge will use for T3.  Please forward as appropriate.

-d

=========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

The plaintiffs in this case are Lake County and Trumbull County. There are six defendants, all of which are national and regional pharmacy chains. The defendants are: (1) Walmart, (2) Walgreens, (3) Rite Aid, (4) two related CVS entities, and (5) HBC Giant Eagle.

The six pharmacy defendants each bought prescription opioids from pharmaceutical manufacturers and then distributed those prescription opioids to their pharmacy stores. The pharmacy stores then used these opioids to fill prescriptions for patients written by doctors and other healthcare practitioners.

The pharmacy defendants each played two related roles during their business dealings with prescription opioids—one as distributor and one as dispenser. First, they acted as a distributor when they bought opioids from manufacturers and then distributed the drugs to their pharmacy stores. Second, they acted as a dispenser when their pharmacy stores filled prescriptions for patients.

The two Counties allege the pharmacy defendants failed to monitor, detect, investigate, report, and stop certain suspicious shipments and illegitimate prescriptions of opioids, which allowed the opioids to be diverted to illegal use. The Counties allege these suspicious shipments and illegitimate prescriptions caused a public nuisance, which is defined as a substantial interference with public health in their Counties.

The pharmacy defendants deny the Counties' claims that they caused a public nuisance. The defendants contend that they complied with their legal obligations, violated no duties, and did not cause a substantial interference with public health in the two Counties.

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Kaspar Stoffelmayr; Peter Weinberger |
| **Subject:** | Jury Instrs and VForm |
| **Date:** | Tuesday, August 10, 2021 10:19:49 PM |
| **Attachments:** | Track.Three.Jury.Instructions-2 - 2021..29.07.pdf |
| | Track.Three.Verdict Form-2 LAKE.pdf |
| | Track.Three.Verdict Form-2 TRUMBULL.pdf |

Greetings, please find attached the Jury Instructions and Verdict Forms the Court will use in Track Three.

Please forward as appropriate.

-d

=======================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, August 10, 2021 11:18 PM
**To:** Dan Polster <Dan_Polster@ohnd.uscourts.gov>; David Ruiz <David_Ruiz@ohnd.uscourts.gov>; Scott Loge <andrew.scott.loge@outlook.com>; Carrie Roush <Carrie_Roush@ohnd.uscourts.gov>; Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>
**Subject:** Jury Instrs and VForm

Judge, as requested please find attached the T3 Jury Instructions and Verdict Forms (one for each county).  I sent these to counsel this evening.
-d

=======================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | MDL No. 2804 |
| OPIATE LITIGATION | ) | |
| | ) | CASE NO.  1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| *Track Three Cases:* | ) | |
| | ) | |
| *County of Lake, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| Case No. 18-OP-45032 | ) | |
| | ) | **FINAL JURY INSTRUCTIONS** |
| *County of Trumbull, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| Case No. 18-OP-45079 | ) | |

**Introduction**

Members of the Jury:

You have heard all of the evidence and it is now time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements, or parts, of the claims that the Plaintiffs assert against the Defendants.  As I have explained before, there are two Plaintiffs in this case: (1) Lake County, Ohio; and (2) Trumbull County, Ohio.  Further, there are six Defendants in this case: (1) Walgreen Company; (2) CVS Indiana L.L.C.; (3) CVS Rx Services, Inc.; (4) Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support, Center, Inc., (5) Walmart Inc. (formerly known as Wal-Mart Stores, Inc.); and (6) HBC Service Company, an operating division of Giant Eagle, Inc.

**83**

After I explain the elements of the claims that the two Plaintiffs assert against the six Defendants, the lawyers will present their closing arguments.

Following closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the interrogatories and verdicts that you may return.

Please listen very carefully to everything I say.

-2-

## GENERAL INSTRUCTIONS

### Jurors' Duties

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if each Plaintiff has proven by a preponderance of the evidence that each Defendant is liable. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. All parties are equal in the eyes of the law. Corporations stand on equal footing, and size is not to be considered. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just decision regardless of the consequences.

-3-

## GENERAL INSTRUCTIONS

### Burden of Proof – Preponderance of the Evidence

In a civil action, like this one, Plaintiffs are required to prove all the elements of their claim "by a preponderance of the evidence."  This duty is known as the burden of proof.  To establish something "by a preponderance of the evidence" means to prove that something is more likely true than not true.

A preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it.  A preponderance means evidence that is more probable, more persuasive, more likely, or of greater probative value.  Remember, it is the quality of the evidence that must be weighed, not the quantity of evidence.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  You may have also heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof that applies in criminal cases only.  It does not apply in civil cases like this one.  You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless
of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the party who has the burden of proof has not

-4-

established that issue by a preponderance of the evidence.

## GENERAL INSTRUCTIONS

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Evidence is all the testimony received from the witnesses including depositions, the exhibits admitted during the trial, the stipulations that the lawyers agreed to, and any facts which the Court requires you to accept as true.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.  The lawyers' questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  And I may have ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all these things.  Do not even think about them.  Do not speculate about what a witness might have said.  You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## GENERAL INSTRUCTIONS

### <u>Consideration of Evidence</u>

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## GENERAL INSTRUCTIONS

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact.  If a witness testifies that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walks into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; the law does not say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

-8-

## GENERAL INSTRUCTIONS

### Inferences from Evidence

The law permits you to draw reasonable inferences from the evidence that has been presented.   Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In other words, while you should consider only the evidence in the case, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, reasonable inferences that you feel are justified in light of your common experience.

## GENERAL INSTRUCTIONS

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible, or believable, each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves.  You are free to believe everything that a witness said or only part of it or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to Plaintiffs or Defendant or anything to gain or lose from the case that might influence the witness's testimony.  Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, if the

-10-

witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things; even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

-11-

## GENERAL INSTRUCTIONS

### <u>Opinion Testimony</u>

You have heard the testimony of numerous individuals, sometimes referred to as expert witnesses, who offered their professional opinions about the matters at issue in this lawsuit.

You do not have to accept their opinions.  In deciding how much weight to give each opinion, you should consider the witnesses' qualifications and how they reached their conclusions.  Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that an expert witness's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

-12-

## GENERAL INSTRUCTIONS

### **Number of Witnesses**

One more point about witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

-13-

## GENERAL INSTRUCTIONS

### <u>Charts and Summaries</u>

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by books, records and other documents that are in evidence in this case.  However, these charts or summaries are not in and of themselves evidence or proof of the facts.  If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

-14-

## GENERAL INSTRUCTIONS

### Admissions and Interrogatory Answers

In this case, evidence may have been introduced consisting of written questions and answers previously submitted to one of the parties.  This type of evidence is to be considered according to the usual tests that apply to witnesses.  You may consider the fact that these questions were formally submitted and the answers made in writing.

-15-

**GENERAL INSTRUCTIONS**

**<u>Stipulations of Fact</u>**

Statements and arguments of counsel are not evidence in this case.  However, if the attorneys on both sides stipulate (that is, agree) to the existence of a fact, you should accept that this fact has been established by a preponderance of the evidence.

Here are the facts to which the parties have agreed or stipulated:

-16-

## GENERAL INSTRUCTIONS

### <u>Lawyers' Objections</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

-17-

## CASE-SPECIFIC INSTRUCTIONS

### <u>Introduction</u>

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of Plaintiffs' claims.

But before I do that, I want to mention the following.

## CASE-SPECIFIC INSTRUCTIONS

### <u>Corporate Defendants</u>

Each of the Defendants are corporations.  Corporations can be held liable for their acts or omissions just as you or I can.  As corporations, they can act, or fail to act, only through their officers and employees.  The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons."  Please bear in mind that for all of these claims, corporations are considered persons.  Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

-19-

**CASE-SPECIFIC INSTRUCTIONS**

**Applicable Law – Public Nuisance – Introduction**

I will now instruct you on the elements of Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant distributed or dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.

Let me define for you the legal term "***public nuisance***." A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large.  It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded.   For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1.    The Defendant engaged in ***intentional conduct*** that caused a significant interference with a public right to health or safety; or

2.    The Defendant engaged in ***unlawful conduct*** that caused a significant interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there

-20-

should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

-21-

**CASE-SPECIFIC INSTRUCTIONS**

**<u>Public Nuisance – Intentional Conduct</u>**

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew, or was substantially certain, that the circumstances resulting from that act would interfere with public health or public safety.  It is not necessary for you to find that the person intended to cause a public nuisance.

If a person learns that circumstances resulting from their conduct interfere with public health or public safety, and the person continues that conduct, then the subsequent conduct is intentional.

-22-

## CASE-SPECIFIC INSTRUCTIONS

### <u>Public Nuisance – Unlawful Conduct</u>

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know their conduct is unlawful for an unlawful act to occur.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

Conduct that is fully authorized by a statute, ordinance, or regulation cannot create a public nuisance, because it is lawful conduct.  But if a person's conduct does not comply with what is authorized by law, then that conduct may be unlawful conduct.

Not every act that is in violation of the law can cause a public nuisance.  Only unlawful conduct that causes a significant interference with a public right to health or safety can be a public nuisance.

-23-

## CASE-SPECIFIC INSTRUCTIONS

### Public Nuisance – Causation

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety.  Let me explain something about causation.

You may find a Defendant liable only if you conclude the Defendant was a ***proximate cause*** of a public nuisance.

A proximate cause of a public nuisance is an act or failure to act, which in the natural and unbroken sequence produces the circumstances that constitute a public nuisance.  You may find that a Defendant's conduct proximately caused a public nuisance if the circumstances that constitute the nuisance are the natural and foreseeable result of that conduct.  There may be more than one proximate cause of a public nuisance, but causes that are merely incidental are not proximate causes.  To be a proximate cause, the acts or omissions of a Defendant must be a substantial factor in producing circumstances that unreasonably interfere with a public right to health or safety.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some effect and that effect is substantial, rather than negligible. A

-24-

Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance. If you find that the conduct of any Defendant proximately caused a public nuisance, it is not a defense to liability that some other entity may also be to blame.

In addition, the Plaintiff must show, by the greater weight of the evidence, that the conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

**CASE-SPECIFIC INSTRUCTIONS**

**Public Nuisance – Significant and Unreasonable**

I have instructed you that a public nuisance is an ***unreasonable*** interference with a right held by the public in common, and I have used the phrase "***significant*** interference with a public right to health or safety."  Let me define the terms "significant" and "unreasonable."

An interference with a public right may range from a petty annoyance to serious harm. An interference with a public right is not significant or unreasonable if it causes only a relatively slight amount of inconvenience.  An interference with a public right is significant or unreasonable if it causes greater harm than the public should be required to bear, considering all the circumstances.  When you consider whether an interference with a public right is significant or unreasonable, some of the factors you may consider include the nature, extent, and duration of the interference, and the social value of the Defendant's conduct.

-26-

**CASE-SPECIFIC INSTRUCTIONS**

**<u>Public Nuisance – Conclusion</u>**

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict form will guide you through this process.

-27-

## DELIBERATIONS

### Introduction

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will be your spokesperson for you here in court.

Once you start deliberating, do not talk to the courtroom deputy or to me or to anyone else about the case.  We must communicate in writing.  Write down your message, have the foreperson sign it, and then give it to the courtroom deputy.  He will give it to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should remain secret until you are finished.

-28-

## DELIBERATIONS

### <u>Juror Notes</u>

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## DELIBERATIONS AND VERDICT

### Experiments, Research, Investigation and Outside Communications – Admonition

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the

-30-

judicial process.

You should know that if this Admonition is violated, there could be a mistrial.  A mistrial means that the case is stopped before it is finished and must be retried at a later date.  This can lead to a great deal of expense for the parties and the Court.  No one wants to see money wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

In summary, make your decision based only on the evidence that you saw and heard here in court.

## DELIBERATIONS

### <u>Unanimous Verdict</u>

Your verdict, whether it be for a Plaintiff or a Defendant, must be unanimous.  This means that, for you to find for a specific Plaintiff and against a specific Defendant, every one of you must agree that *that* specific Plaintiff has proved all the elements of its claim against *that* specific Defendant by a preponderance of the evidence.

Similarly, for you to find for a specific Defendant and against a specific Plaintiff, every one of you must agree that *that* specific Plaintiff has failed to prove all the elements of its claim against *that* specific Defendant by a preponderance of the evidence.

Either way, your verdict must be unanimous.

## DELIBERATIONS

### **Duty to Deliberate**

When you enter the jury room following the arguments, you are free to talk about the case.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if Plaintiff has proved its claim(s) by a preponderance of the evidence.  Your sole interest is to seek the truth from the evidence in the case.

-33-

## DELIBERATIONS

### Interrogatories and Verdict Forms

I have prepared verdict forms that you should use to record your verdict.  The form reads as follows:

**READ JURY INTERROGATORY AND VERDICT FORMS.**

You will take the interrogatories and verdict forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in each answer, sign his or her name, and date the form in the bottom right-hand corner.  Each of you will then sign the Interrogatories and Verdict Forms.  Please complete these documents in ink. Unless all of you agree, you may not return an answer to any question.

After you have all signed the appropriate documents, ring the jury buzzer, and you will be returned to the courtroom as soon as we have gathered all of the parties and their counsel.

-34-

## DELIBERATIONS

### Juror Questions

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations.  These instructions should answer any question that you have.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## DELIBERATIONS

### <u>The Court Has No Opinion</u>

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.  You shall decide for yourselves if Plaintiff has proved by a preponderance of the evidence its claim(s) against Defendant.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's charge, the verdict forms and the exhibits which have been admitted into evidence.

-36-

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION** | ) | **MDL No. 2804** |
| **OPIATE LITIGATION** | ) | |
| | ) | **CASE NO.  1:17-MD-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| *Track Three Cases:* | ) | |
| | ) | |
| *County of Lake, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45032* | ) | |

# VERDICT  FORM
# Lake County

**FOR ALL QUESTIONS IN THIS VERDICT FORM,**

**PLEASE CIRCLE YOUR ANSWERS IN INK**.

1.  Did **Lake County** prove, by the greater weight of the evidence, that oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels, is a public nuisance in **Lake County**?

    YES               NO

    **If you answered "YES" to Question 1, please go to Question 2.**

    **If you answered "NO" to Question 1, then skip Question 2 and go directly to Question 3.**

2.     Did **Lake County** prove, by the greater weight of the evidence, that any of the following

Defendants proximately caused the public nuisance in **Lake County**?

| | | |
|---|---|---|
| **CVS Indiana, L.L.C.** | YES | NO |
| **CVS Rx Services, Inc.** | YES | NO |
| **Giant Eagle/HBC Service Co.** | YES | NO |
| **Rite Aid of Maryland** | YES | NO |
| **Walgreen Co.** | YES | NO |
| **Walmart Inc.** | YES | NO |

**Please go to Question 3.**

3.      Please sign and date the verdict form.

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____
                                                foreperson

_____
date

Page 4 of  4

122

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION** | ) | **MDL No. 2804** |
| **OPIATE LITIGATION** | ) | |
| | ) | **CASE NO.  1:17-MD-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| *Track Three Cases:* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45079* | ) | |

# VERDICT  FORM
# Trumbull County

**FOR ALL QUESTIONS IN THIS VERDICT FORM,**

**PLEASE CIRCLE YOUR ANSWERS IN INK**.

1.  Did **Trumbull County** prove, by the greater weight of the evidence, that oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels, is a public nuisance in **Trumbull County**?

    YES            NO


    **If you answered "YES" to Question 1, please go to Question 2.**

    **If you answered "NO" to Question 1, then skip Question 2 and go directly to Question 3.**

2. Did **Trumbull County** prove, by the greater weight of the evidence, that any of the following Defendants proximately caused the public nuisance in **Trumbull County**?

| | | |
|---|---|---|
| **CVS Indiana, L.L.C.** | YES | NO |
| **CVS Rx Services, Inc.** | YES | NO |
| **Giant Eagle/HBC Service Co.** | YES | NO |
| **Rite Aid of Maryland** | YES | NO |
| **Walgreen Co.** | YES | NO |
| **Walmart Inc.** | YES | NO |

**Please go to Question 3.**

3.      Please sign and date the verdict form.

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

foreperson

_____

date

Page 4 of  4

| | |
|---|---|
| **From:** | Julian Veintimilla |
| **To:** | Peter H. Weinberger; Kaspar Stoffelmayr |
| **Subject:** | MDL - Voir Dire Questions & Prelim Jury Charge |
| **Date:** | Tuesday, September 21, 2021 2:16:19 PM |
| **Attachments:** | image001.png |
| | Voir Dire Questions_Track 3.pdf |
| | Preliminary Jury Charge_Track 3.dotx.pdf |

Counsel,

Please find attached copies of the Court's proposed (1) *voir dire* questions and (2) the preliminary jury charge.  Please forward these to other attorneys as necessary.  Judge Polster will ask the *voir dire* questions during jury selection on September 29, and plans to read the preliminary charge at the start of trial on October 4.  If you have any objections, please submit them by <u>this Friday, September 24 at 3:00 p.m.</u>

Thank you,



**Julian Veintimilla**
Law Clerk to Senior United States District Judge
The Honorable Dan A. Polster
United States District Court, Northern District of Ohio
801 W. Superior Ave., Courtroom 18B
Cleveland, Ohio 44113
(216) 357-7197
Julian_Veintimilla@ohnd.uscourts.gov

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION ) | MDL No. 2804 |
| OPIATE LITIGATION ) | |
| ) | **CASE NO. 1:17-MD-2804** |
| THIS DOCUMENT RELATES TO: ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| *Track Three Cases* ) | |
| ) | |
| *County of Lake, Ohio v.* ) | |
| *Walgreen Co., et al.,* ) | |
| *Case No. 18-OP-45032* ) | **JURY VOIR DIRE** |
| ) | |
| *County of Trumbull, Ohio v.* ) | |
| *Walgreen Co., et al.,* ) | |
| *Case No. 18-OP-45079* ) | |

**NEUTRAL STATEMENT OF THE CASE**

Thank you all for being here today.  Before I ask you questions, I want to tell you a little bit about this case.  The Plaintiffs in this case are Lake County and Trumbull County. There are four Defendants, all of which are national and regional pharmacy chains. The Defendants are: (1) Walmart, (2) Walgreens, (3) CVS, and (4) HBC Giant Eagle.

The four Pharmacy Defendants each bought prescription opioids from pharmaceutical manufacturers and then distributed those prescription opioids to their pharmacy stores or bought and received prescription opioids from other distributors. The pharmacy stores then used these opioids to fill prescriptions for patients written by doctors and other healthcare practitioners.

The Pharmacy Defendants each played two related roles during their business dealings with prescription opioids—one as distributor and one as dispenser. First, they acted as a distributor when they bought opioids from manufacturers and then distributed the drugs to their pharmacy stores. Second, they acted as a dispenser when their pharmacy stores filled prescriptions for patients.

The two Counties allege the Pharmacy Defendants failed to monitor, detect, investigate, report, and stop certain suspicious shipments and illegitimate prescriptions of opioids, which

**128**

allowed the opioids to be diverted to illegal use. The Counties allege these suspicious shipments and illegitimate prescriptions caused a public nuisance, which is defined as a substantial interference with the public health in their Counties.

The Pharmacy Defendants deny the Counties' claims that they caused a public nuisance. The Defendants contend that they complied with their legal obligations, violated no duties, and did not cause a substantial interference with the public health in the two Counties.

## QUESTIONS

1. Since you completed the juror questionnaire a few weeks ago, have you heard, read, or learned anything about **the subject matter of this trial**?

    a. If yes, have you formed any preconceived notions with regard to the Plaintiffs or the Pharmacy Defendants?

2. Plaintiffs Lake County and Trumbull County are represented by a number of attorneys. Please indicate if you know any of the following attorneys or any member of their immediate families (immediate family means parents, spouse, children, and in-laws):

    a. Frank Gallucci

    b. Mark Lanier

    c. Rachel Lanier

    d. Peter Weinberger

3. The Pharmacy Defendants are represented by a number of attorneys.  Please indicate if you know any of the following attorneys for any member of their immediate families:

    a. CVS

        i. Graeme Bush

        ii. Eric Delinsky

        iii. Paul Hynes

        iv. Sasha Miller

2

  b.  Giant Eagle

    i.  Chantale Fiebig

    ii.  Diane Sullivan

  c.  Walgreens

    i.  Kaspar Stoffelmayr

    ii.  Brian Swanson

    iii.  Kate Swift

  d.  Walmart

    i.  Tara Fumerton

    ii.  John Majoras

    iii.  Tina Tabacchi

4.  Do any of you know me, **Dan Aaron Polster**, the presiding judge in this case, or any member of my immediate family?

5.  Do you recognize or know **any other prospective jurors** in the courtroom?

6.  Do any of you know the following members of my staff, or any member of their immediate family?

  a.  Special Master David Cohen

  b.  Katie King

  c.  Scott Loge

  d.  Jacqueline Messe-Martinez

  e.  Helen Norton

  f.  Robert Pitts

  g.  Carrie Roush

  h.  Julian Veintimilla

3

7. I expect the testimony in this case will take **approximately seven weeks**. Our normal schedule will be 9:00 a.m. to 5:30 p.m., with a one-hour break for lunch and a fifteen minute morning and afternoon break. We will not hold trial on Monday, October 11 for Columbus Day, and we will not hold trial on Thursday, November 11 for Veterans Day. Will this pose any special hardship for any of you?

8. Have you or an immediate family member had a **negative experience with either Lake County or Trumbull County**, or with an employee or official of those counties?

9. Have you or an immediate family member ever had a **negative experience with any of the Pharmacy Defendants**, or any of their officers or employees?

10. Do you think that **someone must have done something wrong** just because another person filed a lawsuit against him or her?

11. Do you think that a person is **entitled to recover money just because they filed a lawsuit**?

12. During this trial, there will be "**direct evidence" and "circumstantial evidence**" presented to you. The Court will instruct you that you should consider both kinds of evidence and that the law makes no distinction that one is any better than the other. Do any of you have a problem following this instruction?

13. Would you hesitate to follow **any of the Court's instructions of law**, regardless of whether or not you agree with those instructions?

14. Some of the witnesses in this case will be law enforcement officers. You are to **treat the testimony of a law enforcement witness the same as any civilian witness**. Will you have any difficulty following this instruction?

15. There are multiple defendants in this case. **You are to consider the evidence against each defendant separately, not lump them together**. Will you have any difficulty following this instruction?

16. Are you willing to **wait until all the evidence has been presented** and the Court has instructed you on all the applicable law **before coming to any conclusion** with respect to the public nuisance claim set forth in the plaintiffs' complaint?

17. Are you willing to **confine your deliberations** to the evidence presented in the courtroom?

18. In your deliberations, are you willing to **abide by your convictions** and not agree with other jurors solely for the sake of being congenial, if you are convinced that the opinions of other jurors are not correct?

4

**131**

19.     On the other hand, will each of you be able to listen carefully and respectfully to the other juror's views, keep an open mind as you listen to what they have to say, and **change your mind** if you are convinced that the other jurors are right and you are wrong?

20.     If, after hearing the evidence presented to you, you are satisfied that the plaintiffs have proven, by a preponderance of the evidence, that one or more of the defendants are liable, would you hesitate to **vote in favor of the plaintiffs**?

21.     If, after hearing the evidence presented to you, you are satisfied that the plaintiffs have not proven, by a preponderance of the evidence, that any defendant is liable, would you hesitate to **vote in favor of the defendants**?

22.     Do you believe you will be able to **set aside any sympathy or bias** you may have to reach a fair and impartial decision based upon the evidence as presented in the courtroom?

23.     Has there been **any experience in your personal life** or the personal life of any member of your immediate family that you believe would influence your judgment as a fair and impartial juror?

24.     Do you know of **any possible reason** whatsoever why you could not serve impartially in this case, fairly weigh the evidence, and render a verdict according to the evidence and according to the law as it will be explained?

25.     Is there **anything else** that you feel is important for the Court to know about that you did not tell us about in your questionnaire?

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| | ) | Case No. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Dan Aaron Polster |
| *Track Three Cases* | ) ) | **PRELIMINARY JURY CHARGE** |
| *County of Lake, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45079* | ) | |

Members of the Jury, now that you have been sworn in, I will give you some preliminary instructions to guide you in your participation in the trial. This is merely a summary and not the complete statement of the law that I will give you at the end of the case, which instructions will control your deliberations and verdicts. But to help you follow the evidence, I will give you a brief summation of what Plaintiffs must prove to establish their claims.

\* \* \*

**Admonition**

First, however, it is my duty to give you what is called the "Admonition." This is a standing court order that applies throughout the trial. I will try to remind you of the Admonition at every recess, but if I forget to remind you, it still applies.

Ladies and gentlemen, you have been selected as jurors in this case. We have taken the time to seat a neutral jury so this case can be decided based just on what goes on in the courtroom, and not on outside influences. You are required to decide this case based solely on the evidence

that is presented to you in this courtroom. It is my role as the judge to determine what evidence is admissible and what is not admissible. It would be a violation of your duties, and unfair to the parties, if you should obtain other information about the case, which might be information that is not admissible as evidence.

You must carefully listen to all the evidence, and evaluate all of it. Do not reach any conclusions until you have heard all the evidence, the arguments of the attorneys, and my instructions of law. Otherwise, you will have an incomplete picture of the case.

Do not discuss this case among yourselves or with anyone outside the jury until the case is over, and do not discuss it at all outside the jury deliberation room. The reason for this is you might be given information or an opinion that could alter the way in which you view the evidence or the instructions or even how the case should come out. Such an opinion or conclusion would be based on an incomplete or inaccurate view of the evidence and therefore would be clearly unfair.

### Warning on Outside Information

In addition, you absolutely must not try to get information from any other source outside the courtroom. The ban on sources outside the courtroom applies to information from all sources such as family, friends, the internet, reference books, newspapers, magazines, television, radio, an iPhone, Android, Blackberry, or other smart phone, iPad and any other electronic device. This ban on outside information also includes any personal investigation, looking into news accounts, talking to possible witnesses, re-enacting the allegations in the Complaint, or any other act that would otherwise affect the fairness and impartiality that you must have as juror. If you see anything in the print media about this case, do not read it. If something on the TV comes on about the case, change the channel.

**Warning on Outside Influence**

The effort to exclude misleading information and outside-influences information also puts a limit on getting legal information from television entertainment. This would apply to popular TV shows such as Law and Order, Suits, Judge Judy, older shows like Boston Legal, Perry Mason, or Matlock, and any other fictional show dealing with the legal system. In addition, this would apply to shows such as CSI and NCIS, which present the use of scientific procedures to resolve criminal investigations. These and other similar shows may leave you with an improper preconceived idea about the legal system. As far as this case is concerned, you are not prohibited from watching such shows. However, there are many reasons why you cannot rely on TV legal programs, including the fact that these shows:

1) Are not subject to the rules of evidence and legal safeguards that apply in this courtroom, and

2) Are works of fiction that present unrealistic situations for dramatic effect.

While they are entertaining, TV legal dramas condense, distort, or even ignore many procedures that take place in real cases and real courtrooms. No matter how convincing they try to be, these shows simply cannot depict the reality of an actual trial or investigation. You must put aside anything you think you know about the legal system that you saw on TV.

On top of legal dramas, there are also TV programs specifically related to opioid addiction in the United States.  News programs such as 60 Minutes have broadcasted segments on this topic. If you have seen any such programs, you are not to consider them during this trial.  Additionally, on or about the second week of this trial, Hulu will be releasing a miniseries called "Dopesick" about opioid addiction.  You are instructed to avoid this and similar programs throughout the duration of the trial, and to not consider any such programming during your deliberations.

3

**Warning on Outside Contact**

Finally, you must not have contact with anyone about this case, other than the judge and court employees. This includes sending or receiving email, Twitter, text messages or similar updates, using blogs and chat rooms, and the use of Facebook, Instagram, LinkedIn, and other social media sites of any kind regarding this case or any aspect of your jury service during the trial. If anyone tries to contact you about the case, directly or indirectly, do not allow that person to have contact with you. If any person persists in contacting you or speaking with you, that could be jury tampering, which is a very serious crime. If anyone contacts you in this manner, report this to my courtroom deputy as quickly as possible.

**Conclusion**

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and for taxpayers, namely you and your neighbors. No one wants to see money, especially tax dollars, wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial, and could also be punished for contempt of court.

\*        \*        \*

**Duty of the Jury**

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts to the law as the Court will summarize now, and give to you in more detail at the end of the case. You must follow that law whether you agree with it or not.

4

Nothing that I may say or do during this trial is intended to indicate, nor should be taken by you, as indicating what your verdicts should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1) Statements, arguments, and questions by lawyers are not evidence.

2) Objections to questions are not evidence. Lawyers have an obligation to their client to make an objection when they believe evidence being offered is improper under the rules of evidence. The objections serve to help the Court. The purpose of objections is to ensure the presentation of evidence that is proper and to keep out all irrelevant matters. As jurors, you should not hold objections against either party, or feel that either side is trying to keep something from you. And you should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3) Testimony that I have excluded or told you to disregard is not evidence and must not be considered. At times, the jury will be excused from the courtroom, or the attorneys and I will have discussions, regarding objections or other matters, during which white noise will play in the courtroom so members of the jury cannot hear what is discussed. This is because under the law, various matters <u>must</u> be heard outside the presence of the jury.

5

4)      Delays during trial should not be considered by you or held against any party. When a case on trial is recessed or adjourned for further hearing, and the trial does not commence promptly at the designated time, the delay may be caused by the court's administrative duties or its transaction of emergency or other matters. Also, when a trial is necessarily interrupted or delayed for any of these reasons, you should not feel that your time is being wasted.

5)      Again, as stated in my Admonition, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that, during the trial, you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools such as smart phones and iPads to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence it was raining.

Circumstantial evidence, by contrast, is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

6

138

I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that there is no legal difference between direct or circumstantial evidence; one is not better than the other. You should consider both kinds of evidence.

**Credibility of Witnesses**

You may hear the lawyers talk about the "credibility" or the "believability" of witnesses. These words mean the same thing. Part of your job as jurors is to decide how believable each witness is. This is your job, not mine. It is up to you to decide if a witness's testimony is believable, and how much weight you think it deserves. You are free to believe everything that a witness says, or only part of it, or none of it at all. But you should, of course, act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A)     First, ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to clearly see or hear what was happening, and may make a mistake.

(B)     Next, ask yourself how good the witness's memory seems to be. Does the witness seem able to accurately remember what happened?

(C)     Ask yourself how the witness looks and acts while testifying.  Does the witness seem honest in trying to tell you what happened?  Or does the witness seem to be lying?

(D)     Next, ask yourself if the witness has any relationship to either side of the case, or anything to gain or lose that might influence the witness's testimony.  Does the witness have any bias, prejudice, or reason for testifying that might cause him or her to lie or to slant testimony in favor of one side or the other?

(E)     Ask yourself if the witness testifies inconsistently while on the witness stand, or if the witness says or does anything off the stand that is inconsistent with what the witness said while testifying. If you believe that the witness is inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency is about something important, or about some unimportant detail. Ask yourself if it seems like an innocent mistake, or if it seems deliberate.

(F)     Finally, ask yourself how believable the witness's testimony is in light of all the other evidence. Is the witness's testimony supported or contradicted by other evidence that you find believable? If you believe that a witness's testimony is contradicted by other evidence, remember that people sometimes forget things and that even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness is. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight you think it deserves.

**Court's Questions to Witnesses**

During the trial, I may occasionally ask questions of a witness to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all the Court's comments in arriving at your own factual findings.

**Burden of Proof—Preponderance of the Evidence**

In a civil action, like this one, the burden of proof is by "a preponderance of the evidence." To establish something by a preponderance of the evidence means to prove that something is more

8

likely true than not true. Another term for preponderance of the evidence is "greater weight of the evidence."

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Summary of Claims and Applicable Law**

The Plaintiffs in this case are Lake County and Trumbull County. There are five Defendants, all of which are national and regional pharmacy chains. The Defendants are: (1) Walmart, (2) Walgreens, (3) two related CVS entities, and (4) HBC Giant Eagle. The five Pharmacy Defendants each bought prescription opioids from pharmaceutical manufacturers and then distributed those prescription opioids to their pharmacy stores or bought and received prescription opioids from other distributors. The pharmacy stores then used these opioids to fill prescriptions for patients written by doctors and other healthcare practitioners.

The Pharmacy Defendants each played two related roles during their business dealings with prescription opioids—one as distributor and one as dispenser. First, they acted as a distributor when they bought opioids from manufacturers and then distributed the drugs to their pharmacy stores. Second, they acted as a dispenser when their pharmacy stores filled prescriptions for patients.

The two Counties allege the Pharmacy Defendants failed to monitor, detect, investigate, report, and stop certain suspicious shipments and illegitimate prescriptions of opioids, which allowed the opioids to be diverted to illegal use. The Counties allege these suspicious shipments and illegitimate prescriptions caused a public nuisance, which is defined as a substantial interference with public health in their Counties.

9

The Pharmacy Defendants deny the Counties' claims that they caused a public nuisance. The Defendants contend that they complied with their legal obligations, violated no duties, and did not cause a substantial interference with public health in the two Counties.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But to help you follow the evidence, I will now give you a brief summary of what Plaintiffs must prove in order to establish their claim.

Note that my summary of the claim I will use the word "person" or "persons." Please bear in mind that for this claim, corporations are considered persons.

**Count One—Public Nuisance**

A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1) The Defendant engaged in intentional conduct that caused a significant interference with a public right to health or safety; or

2) The Defendant engaged in unlawful conduct that caused a significant interference with a public right to health or safety.

For this claim, the Plaintiffs must prove that one or more Defendants caused its injuries.

This concludes the summary of the law that will help guide you as you hear the evidence.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial you are not to discuss the case with anyone or permit anyone to even attempt to discuss it with you or in your presence. As to anyone who you may come to recognize as having some connection with the case, such as the attorneys, the parties, the witnesses, or members of my staff, to avoid even the appearance of impropriety, you should have no conversation whatsoever with them while you are serving on the jury. If you see any of these people in the hall, or in the elevator, or on the street, just ignore them. They will understand that you are not being impolite, but that you are obeying the Court's instructions. They have also been instructed not to speak to you, so they are not being rude if they ignore you. They are also under court order. The point of this is that if someone sees you talking with anyone connected to this case, even if you are only exchanging greetings, then the Court may have to hold a hearing to find out what was said, and that becomes cumbersome. So, have no conversation whatsoever with anyone connected with this case, and do not discuss this case with anyone. If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, you, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As discussed in my Admonition, this means that during the trial you must not conduct any independent research, reading, or investigation about this case, the matters in the case, and the individuals involved in the case. In other words, you should not read or listen to anything touching on the case in anyway, consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. If you come across an article in the newspaper regarding this trial, simply put it aside and save it for reading after the conclusion of this case. Do not try to find out information from any source outside the confines of this courtroom.

11

Until you retire to deliberate, you may not discuss this case with anyone, <u>even your fellow jurors</u>. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

Finally, do not form any opinion until all the evidence is presented. Keep an open mind until you start your deliberations at the end of the case.

In my courtroom, I allow jurors to take notes. If you wish, you may take notes on the notepads that the Court has provided. If you do take notes, please leave them in the jury room when you go home at night. The notes are for your own personal use and will not be distributed or read by anyone for any purpose. After the trial is concluded, they will be destroyed.

**Course of the Trial**

The trial will now begin. First, Plaintiffs will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, Defendants will make an opening statement. Opening statements are neither evidence nor arguments.

Plaintiffs will then present their witnesses and physical evidence, and counsel for the Defendants will cross examine those witnesses. Defendants will then present witnesses and physical evidence. Plaintiffs may then present rebuttal evidence.

In my courtroom, I allow jurors to ask questions. This is how the procedure works. If, after a witness has been cross-examined, a juror has a proposed question, he or she may write that question down on a piece of paper and raise his or her hand. The courtroom deputy clerk, Robert Pitts or Katie King, will take the question and give it to me. After I have reviewed it, I will give the proposed question to the attorneys for both sides for their review. The attorneys may choose to ask the question or they may not. If they do not ask the question, it may be because the answer

sought is irrelevant or because counsel may believe that the question can be answered by the testimony of a subsequent witness. You must not read anything into the fact that counsel do not ask a juror's proposed question.

After all the evidence is presented, the Court will instruct you on the law. Then, the attorneys will present their closing arguments to summarize and interpret the evidence for you. After that you will retire to deliberate on your verdicts.

13

| | |
|---|---|
| **From:** | Julian Veintimilla |
| **To:** | External User - Eric Delinsky; Peter H. Weinberger; Mark Lanier; Kaspar Stoffelmayr |
| **Subject:** | RE: MDL - Voir Dire Questions & Prelim Jury Charge |
| **Date:** | Monday, September 27, 2021 3:24:47 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | 2021.09.27_Preliminary Jury Charge.dotx.pdf |

Counsel,

We have reviewed the edits submitted by Defendants as well as the response submitted by Plaintiffs.  We agree to incorporate those edits that Defendants submitted to which Plaintiffs did not object.  Additionally, we propose the following:

- Exhibit C, 3rd paragraph – add the following highlighted language on top of Defendants' edits: "First, they acted as a distributor when they bought opioids from manufacturers or **other,** third-party distributors and then distributed the drugs to their pharmacy stores."

- Exhibit C, 5th paragraph – add the language suggested by Defendants, but add the word "entirely" so it reads as follows: "The Defendants contend that they complied with their legal obligations, violated no duties, and that, if a public nuisance exists today in the two Counties, it was caused **entirely** by persons other than the Pharmacy Defendants."

- Exhibit D, Count 1 Public Nuisance, 1st paragraph – leave out Defendants' proposed edits.  The Court agrees with Plaintiffs that this subject is covered in the final jury instructions.

- Exhibit D, Count 1 Public Nuisance, 2nd paragraph – leave out Defendants' proposed language regarding "not authorized by law," but add  the "ongoing" interference language.  Similarly, change "existing" to "ongoing" the paragraph immediately following this.  We will also add corresponding language to the final jury instructions to match this.

Updated version of the preliminary charge is attached.

Thank you,

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

**From:** Julian Veintimilla
**Sent:** Friday, September 24, 2021 4:12 PM
**To:** Delinsky, Eric <edelinsky@zuckerman.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

**146**

Counsel, the Court is in receipt of Defendants' submission regarding proposed edits to the neutral statement and preliminary jury charge.  Plaintiffs' counsel, if you would like to submit a response, you have until 3:00 p.m. Monday, Sept. 27 to do so.

Thank you,

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

---

**From:** Julian Veintimilla
**Sent:** Friday, September 24, 2021 12:01 PM
**To:** Delinsky, Eric <edelinsky@zuckerman.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

Understood.  Thank you.

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

---

**From:** Delinsky, Eric <edelinsky@zuckerman.com>
**Sent:** Friday, September 24, 2021 11:59 AM
**To:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

<mark>**CAUTION - EXTERNAL:**</mark>

Hi Julian,

At the risk of interjecting inappropriately, I represent CVS, and we propose referring to CVS just as "CVS" in the preliminary jury charge as well. There are five CVS entities named, so we think a simple reference to CVS may be less confusing in this context.  I just wanted to pass our position in case it is helpful.  Thank you,

--Eric

**147**



**Eric Delinsky**
**Zuckerman Spaeder LLP**
edelinsky@zuckerman.com

1800 M STREET NW, SUITE 1000 • WASHINGTON,  DC 20036-5807
202.778.1831 direct • 202.822.8106 fax

▶ Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>
**Sent:** Friday, September 24, 2021 10:41 AM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; 'WML@LanierLawFirm.com' <WML@LanierLawFirm.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

Thank you, Pete.  Regarding your second point, I previously spoke with Special Master Cohen about this, and our preference is to leave it as is.  The reason is that the first reference in the *voir dire* is more informal and seeks primarily to ask jurors if they have connections with CVS, so going into detail about the two CVS entities does not seem helpful.  The second reference in the preliminary jury charge, by contrast, is a more formal explanation of the claims and the parties, so a reference to the two entities seems appropriate here.  The two references should be far apart enough in time that jurors will likely not see any inconsistency.

Please let us know if you still have any concerns with this approach.

Thank you,

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Friday, September 24, 2021 11:27 AM
**To:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; 'WML@LanierLawFirm.com' <WML@LanierLawFirm.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

**CAUTION - EXTERNAL:**

148

Julian-

On behalf of the plaintiffs, we have no objections but rather a couple of additions or comments.

First, on the Jury Voir Dire, please add in no. 2 Sal Badala and Maria Fleming (of the Napoli Skolnick Law Firm) who will interchangeably be at the plaintiffs' trial table.  Also, I think it would be helpful to identify law firms which we are members of.  Particularly since my law firm and Jones Day are local firms but I still think all law firms of lawyers at the trial tables should be identified.

Secondly, the Jury Voir Dire refers to four defendants in the neutral statement of the case whereas the Preliminary Jury Charge at page 9 (under Summary of Claims and Applicable Law) refers to 5 defendants (which includes two CVS entities).   The two should be consistent – our preference is to refer to four defendants or defendant groups.

Pete

---

**From:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>
**Sent:** Tuesday, September 21, 2021 3:16 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** MDL - Voir Dire Questions & Prelim Jury Charge

Counsel,

Please find attached copies of the Court's proposed (1) *voir dire* questions and (2) the preliminary jury charge.  Please forward these to other attorneys as necessary.  Judge Polster will ask the *voir dire* questions during jury selection on September 29, and plans to read the preliminary charge at the start of trial on October 4.  If you have any objections, please submit them by this Friday, September 24 at 3:00 p.m.

Thank you,



**Julian Veintimilla**
Law Clerk to Senior United States District Judge
The Honorable Dan A. Polster
United States District Court, Northern District of Ohio
801 W. Superior Ave., Courtroom 18B
Cleveland, Ohio 44113
(216) 357-7197
Julian_Veintimilla@ohnd.uscourts.gov

Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | **MDL 2804** |
| | ) | **Case No. 1:17-MD-2804** |
| THIS DOCUMENT RELATES TO: | ) ) | **Judge Dan Aaron Polster** |
| *Track Three Cases* | ) ) | **<u>PRELIMINARY JURY CHARGE</u>** |
| *County of Lake, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45079* | ) | |

Members of the Jury, now that you have been sworn in, I will give you some preliminary instructions to guide you in your participation in the trial. This is merely a summary and not the complete statement of the law that I will give you at the end of the case, which instructions will control your deliberations and verdicts. But to help you follow the evidence, I will give you a brief summation of what Plaintiffs must prove to establish their claims.

\*     \*     \*

### Admonition

First, however, it is my duty to give you what is called the "Admonition." This is a standing court order that applies throughout the trial. I will try to remind you of the Admonition at every recess, but if I forget to remind you, it still applies.

Ladies and gentlemen, you have been selected as jurors in this case. We have taken the time to seat a neutral jury so this case can be decided based just on what goes on in the courtroom, and not on outside influences. You are required to decide this case based solely on the evidence

**151**

that is presented to you in this courtroom. It is my role as the judge to determine what evidence is admissible and what is not admissible. It would be a violation of your duties, and unfair to the parties, if you should obtain other information about the case, which might be information that is not admissible as evidence.

You must carefully listen to all the evidence, and evaluate all of it. Do not reach any conclusions until you have heard all the evidence, the arguments of the attorneys, and my instructions of law. Otherwise, you will have an incomplete picture of the case.

Do not discuss this case among yourselves or with anyone outside the jury until the case is over, and do not discuss it at all outside the jury deliberation room. The reason for this is you might be given information or an opinion that could alter the way in which you view the evidence or the instructions or even how the case should come out. Such an opinion or conclusion would be based on an incomplete or inaccurate view of the evidence and therefore would be clearly unfair.

### Warning on Outside Information

In addition, you absolutely must not try to get information from any other source outside the courtroom. The ban on sources outside the courtroom applies to information from all sources such as family, friends, the internet, reference books, newspapers, magazines, television, radio, an iPhone, Android, Blackberry, or other smart phone, iPad and any other electronic device. This ban on outside information also includes any personal investigation, looking into news accounts, talking to possible witnesses, re-enacting the allegations in the Complaint, or any other act that would otherwise affect the fairness and impartiality that you must have as juror. If you see anything in the print media about this case, do not read it. If something on the TV comes on about the case, change the channel.

**Warning on Outside Influence**

The effort to exclude misleading information and outside-influences information also puts a limit on getting legal information from television entertainment. This would apply to popular TV shows such as Law and Order, Suits, Judge Judy, older shows like Boston Legal, Perry Mason, or Matlock, and any other fictional show dealing with the legal system. In addition, this would apply to shows such as CSI and NCIS, which present the use of scientific procedures to resolve criminal investigations. These and other similar shows may leave you with an improper preconceived idea about the legal system. As far as this case is concerned, you are not prohibited from watching such shows. However, there are many reasons why you cannot rely on TV legal programs, including the fact that these shows:

1) Are not subject to the rules of evidence and legal safeguards that apply in this courtroom, and

2) Are works of fiction that present unrealistic situations for dramatic effect.

While they are entertaining, TV legal dramas condense, distort, or even ignore many procedures that take place in real cases and real courtrooms. No matter how convincing they try to be, these shows simply cannot depict the reality of an actual trial or investigation. You must put aside anything you think you know about the legal system that you saw on TV.

On top of legal dramas, there are also TV programs specifically related to opioid addiction in the United States.  News programs such as 60 Minutes have broadcasted segments on this topic. If you have seen any such programs, you are not to consider them during this trial.  Additionally, on or about the second week of this trial, Hulu will be releasing a miniseries called "Dopesick" about opioid addiction.  You are instructed to avoid this and similar programs throughout the duration of the trial, and to not consider any such programming during your deliberations.

3

**Warning on Outside Contact**

Finally, you must not have contact with anyone about this case, other than the judge and court employees. This includes sending or receiving email, Twitter, text messages or similar updates, using blogs and chat rooms, and the use of Facebook, Instagram, LinkedIn, and other social media sites of any kind regarding this case or any aspect of your jury service during the trial. If anyone tries to contact you about the case, directly or indirectly, do not allow that person to have contact with you. If any person persists in contacting you or speaking with you, that could be jury tampering, which is a very serious crime. If anyone contacts you in this manner, report this to my courtroom deputy as quickly as possible.

**Conclusion**

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and for taxpayers, namely you and your neighbors. No one wants to see money, especially tax dollars, wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial, and could also be punished for contempt of court.

*       *       *

**Duty of the Jury**

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts to the law as the Court will summarize now, and give to you in more detail at the end of the case. You must follow that law whether you agree with it or not.

4

Nothing that I may say or do during this trial is intended to indicate, nor should be taken by you, as indicating what your verdicts should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1) Statements, arguments, and questions by lawyers are not evidence.

2) Objections to questions are not evidence. Lawyers have an obligation to their client to make an objection when they believe evidence being offered is improper under the rules of evidence. The objections serve to help the Court. The purpose of objections is to ensure the presentation of evidence that is proper and to keep out all irrelevant matters. As jurors, you should not hold objections against either party, or feel that either side is trying to keep something from you. And you should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3) Testimony that I have excluded or told you to disregard is not evidence and must not be considered. At times, the jury will be excused from the courtroom, or the attorneys and I will have discussions, regarding objections or other matters, during which white noise will play in the courtroom so members of the jury cannot hear what is discussed. This is because under the law, various matters <u>must</u> be heard outside the presence of the jury.

5

4)      Delays during trial should not be considered by you or held against any party. When a case on trial is recessed or adjourned for further hearing, and the trial does not commence promptly at the designated time, the delay may be caused by the court's administrative duties or its transaction of emergency or other matters. Also, when a trial is necessarily interrupted or delayed for any of these reasons, you should not feel that your time is being wasted.

5)      Again, as stated in my Admonition, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that, during the trial, you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools such as smart phones and iPads to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence it was raining.

Circumstantial evidence, by contrast, is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

6

I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that there is no legal difference between direct or circumstantial evidence; one is not better than the other. You should consider both kinds of evidence.

**Credibility of Witnesses**

You may hear the lawyers talk about the "credibility" or the "believability" of witnesses. These words mean the same thing. Part of your job as jurors is to decide how believable each witness is. This is your job, not mine. It is up to you to decide if a witness's testimony is believable, and how much weight you think it deserves. You are free to believe everything that a witness says, or only part of it, or none of it at all. But you should, of course, act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A)     First, ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to clearly see or hear what was happening, and may make a mistake.

(B)     Next, ask yourself how good the witness's memory seems to be. Does the witness seem able to accurately remember what happened?

(C)     Ask yourself how the witness looks and acts while testifying.  Does the witness seem honest in trying to tell you what happened?  Or does the witness seem to be lying?

(D)     Next, ask yourself if the witness has any relationship to either side of the case, or anything to gain or lose that might influence the witness's testimony.  Does the witness have any bias, prejudice, or reason for testifying that might cause him or her to lie or to slant testimony in favor of one side or the other?

7

(E)    Ask yourself if the witness testifies inconsistently while on the witness stand, or if the witness says or does anything off the stand that is inconsistent with what the witness said while testifying. If you believe that the witness is inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency is about something important, or about some unimportant detail. Ask yourself if it seems like an innocent mistake, or if it seems deliberate.

(F)    Finally, ask yourself how believable the witness's testimony is in light of all the other evidence. Is the witness's testimony supported or contradicted by other evidence that you find believable? If you believe that a witness's testimony is contradicted by other evidence, remember that people sometimes forget things and that even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness is. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight you think it deserves.

**Court's Questions to Witnesses**

During the trial, I may occasionally ask questions of a witness to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all the Court's comments in arriving at your own factual findings.

**Burden of Proof—Preponderance of the Evidence**

In a civil action, like this one, the burden of proof is by "a preponderance of the evidence." To establish something by a preponderance of the evidence means to prove that something is more

8

likely true than not true. Another term for preponderance of the evidence is "greater weight of the evidence."

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Summary of Claims and Applicable Law**

The Plaintiffs in this case are Lake County and Trumbull County. There are four Defendants, three of which are national pharmacy chains and one of which is a regional pharmacy chain. The Defendants are, in alphabetical order, (1) CVS, (2) HBC Giant Eagle, (3) Walgreens, and (4) Walmart.

The four Pharmacy Defendants each bought prescription opioids from pharmaceutical manufacturers and then distributed those prescription opioids to their pharmacy stores or bought and received prescription opioids from other distributors. The pharmacy stores then used these opioids to fill prescriptions for patients written by doctors and other healthcare practitioners.

The Pharmacy Defendants each played two related roles during their business dealings with prescription opioids—one as distributor and one as dispenser. First, they acted as a distributor when they bought opioids from manufacturers or other, third-party distributors and then distributed the drugs to their pharmacy stores. Second, they acted as a dispenser when their pharmacy stores filled prescriptions for patients.

The two Counties allege that each Pharmacy Defendant failed to monitor, detect, investigate, report, and stop certain suspicious shipments and illegitimate prescriptions of opioids,

which allowed the opioids to be diverted to illegal use. The Counties allege these suspicious shipments and illegitimate prescriptions caused a public nuisance, which is defined as an ongoing substantial interference with the public health in their Counties.

The Pharmacy Defendants deny the Counties' claims that they caused a public nuisance. The Defendants contend that they complied with their legal obligations, violated no duties, and that, if a public nuisance exists today in the two Counties, it was caused entirely by persons other than the Pharmacy Defendants.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But to help you follow the evidence, I will now give you a brief summary of what Plaintiffs must prove in order to establish their claim.

Note that my summary of the claim I will use the word "person" or "persons." Please bear in mind that for this claim, corporations are considered persons.

## Count One—Public Nuisance

A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1)  The Defendant engaged in intentional conduct that caused a significant and ongoing interference with a public right to health or safety; or

10

2) The Defendant engaged in unlawful conduct that caused a significant and ongoing interference with a public right to health or safety.

For this claim, the Plaintiffs must prove that the conduct of one or more Defendants was a substantial factor in creating an ongoing public nuisance.

This concludes the summary of the law that will help guide you as you hear the evidence.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial you are not to discuss the case with anyone or permit anyone to even attempt to discuss it with you or in your presence. As to anyone who you may come to recognize as having some connection with the case, such as the attorneys, the parties, the witnesses, or members of my staff, to avoid even the appearance of impropriety, you should have no conversation whatsoever with them while you are serving on the jury. If you see any of these people in the hall, or in the elevator, or on the street, just ignore them. They will understand that you are not being impolite, but that you are obeying the Court's instructions. They have also been instructed not to speak to you, so they are not being rude if they ignore you. They are also under court order. The point of this is that if someone sees you talking with anyone connected to this case, even if you are only exchanging greetings, then the Court may have to hold a hearing to find out what was said, and that becomes cumbersome. So, have no conversation whatsoever with anyone connected with this case, and do not discuss this case with anyone. If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, you, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As discussed in my Admonition, this means that during the trial you must not conduct any independent research, reading, or investigation about this case,

the matters in the case, and the individuals involved in the case. In other words, you should not read or listen to anything touching on the case in anyway, consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. If you come across an article in the newspaper regarding this trial, simply put it aside and save it for reading after the conclusion of this case. Do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, <u>even your fellow jurors</u>. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

Finally, do not form any opinion until all the evidence is presented. Keep an open mind until you start your deliberations at the end of the case.

In my courtroom, I allow jurors to take notes. If you wish, you may take notes on the notepads that the Court has provided. If you do take notes, please leave them in the jury room when you go home at night. The notes are for your own personal use and will not be distributed or read by anyone for any purpose. After the trial is concluded, they will be destroyed.

**Course of the Trial**

The trial will now begin. First, Plaintiffs will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, Defendants will make an opening statement. Opening statements are neither evidence nor arguments.

Plaintiffs will then present their witnesses and physical evidence, and counsel for the Defendants will cross examine those witnesses. Defendants will then present witnesses and physical evidence. Plaintiffs may then present rebuttal evidence.

In my courtroom, I allow jurors to ask questions. This is how the procedure works. If, after a witness has been cross-examined, a juror has a proposed question, he or she may write that question down on a piece of paper and raise his or her hand. The courtroom deputy clerk, Robert Pitts or Katie King, will take the question and give it to me. After I have reviewed it, I will give the proposed question to the attorneys for both sides for their review. The attorneys may choose to ask the question or they may not. If they do not ask the question, it may be because the answer sought is irrelevant or because counsel may believe that the question can be answered by the testimony of a subsequent witness. You must not read anything into the fact that counsel do not ask a juror's proposed question.

After all the evidence is presented, the Court will instruct you on the law. Then, the attorneys will present their closing arguments to summarize and interpret the evidence for you. After that you will retire to deliberate on your verdicts.

**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

**Date:** Tuesday, September 28, 2021 at 3:11:19 PM Mountain Daylight Time

**From:** Julian Veintimilla

**To:** Alex Harris

**CC:** External User - Eric Delinsky, Peter H. Weinberger, mark.lanier@lanierlawfirm.com, Kaspar Stoffelmayr

**Attachments:** image001.png, image002.png, image003.jpg, Voir Dire Questions_Track 3.pdf, Preliminary Jury Charge.dotx.pdf

Counsel, please find copies of the *voir dire* questions and preliminary statement, both of which contain the language contested below, amended as discussed during today's hearing.

Thank you,

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

---

**From:** Alex Harris <alex.harris@bartlitbeck.com>
**Sent:** Monday, September 27, 2021 9:07 PM
**To:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>
**Cc:** edelinsky_zuckerman.com <edelinsky@zuckerman.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; mark.lanier@lanierlawfirm.com; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** Re: MDL - Voir Dire Questions & Prelim Jury Charge

<mark>**CAUTION - EXTERNAL:**</mark>

Dear Julian,

Defendants object to the Court's proposed modification to Defendants' language in the 5th Paragraph of Exhibit C (and the corresponding language in the Preliminary Charge).  The paragraph is meant to describe Defendants' defenses.  But inserting the word "entirely" misstates our defense and will likely confuse jurors about the legal standard.

The question is not whether the alleged public nuisance was caused "entirely" by others, but whether Plaintiffs have proved that any individual Defendant was a "substantial factor" in its creation.  Each of the Defendants deny that they were a substantial factor in creating a public nuisance and contend that, to the extent any nuisance exists at all, it was caused by others.  The Court's proposed modification suggests that a Defendant could be found liable even if its contribution was <u>not</u> a "substantial" factor—even if its contribution was only "negligible."  *See* Exhibit E, Track 3 Jury Instructions at 24-25.  It is not Defendants' defense, and the law does not require us to prove, that others are "entirely" responsible for the alleged nuisance.

Defendants reiterate their request that the Court adopt their proposed language, which accurately describes their defense under the correct legal standard.  In the alternative, Defendants hereby preserve all objections and withdraw the proposed change.

**BartlitBeck** LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>
**Sent:** Monday, September 27, 2021 4:25 PM
**To:** External User - Eric Delinsky <edelinsky@zuckerman.com>; Peter H. Weinberger
<PWeinberger@spanglaw.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Kaspar Stoffelmayr
<kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

Counsel,

We have reviewed the edits submitted by Defendants as well as the response submitted by Plaintiffs.  We agree to incorporate those edits that Defendants submitted to which Plaintiffs did not object.  Additionally, we propose the following:

- Exhibit C, 3rd paragraph – add the following highlighted language on top of Defendants' edits: "First, they acted as a distributor when they bought opioids from manufacturers or **other,** third-party distributors and then distributed the drugs to their pharmacy stores."

- Exhibit C, 5th paragraph – add the language suggested by Defendants, but add the word "entirely" so it reads as follows: "The Defendants contend that they complied with their legal obligations, violated no duties, and that, if a public nuisance exists today in the two Counties, it was caused **entirely** by persons other than the Pharmacy Defendants."

- Exhibit D, Count 1 Public Nuisance, 1st paragraph – leave out Defendants' proposed edits.  The Court agrees with Plaintiffs that this subject is covered in the final jury instructions.

- Exhibit D, Count 1 Public Nuisance, 2nd paragraph – leave out Defendants' proposed language regarding "not authorized by law," but add  the "ongoing" interference language.  Similarly, change "existing" to "ongoing" the paragraph immediately following this.  We will also add corresponding language to the final jury instructions to match this.

Updated version of the preliminary charge is attached.

Thank you,

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

**From:** Julian Veintimilla
**Sent:** Friday, September 24, 2021 4:12 PM
**To:** Delinsky, Eric <edelinsky@zuckerman.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Mark
Lanier <Mark.Lanier@LanierLawFirm.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>

**165**

**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

Counsel, the Court is in receipt of Defendants' submission regarding proposed edits to the neutral statement and preliminary jury charge.  Plaintiffs' counsel, if you would like to submit a response, you have until <u>3:00 p.m. Monday, Sept. 27</u> to do so.

Thank you,

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

---

**From:** Julian Veintimilla
**Sent:** Friday, September 24, 2021 12:01 PM
**To:** Delinsky, Eric <edelinsky@zuckerman.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

Understood.  Thank you.

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

---

**From:** Delinsky, Eric <edelinsky@zuckerman.com>
**Sent:** Friday, September 24, 2021 11:59 AM
**To:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

<mark>**CAUTION - EXTERNAL:**</mark>

Hi Julian,

At the risk of interjecting inappropriately, I represent CVS, and we propose referring to CVS just as "CVS" in the preliminary jury charge as well. There are five CVS entities named, so we think a simple reference to CVS may be less confusing in this context.  I just wanted to pass our position in case it is helpful.  Thank you,

--Eric

**166**



**Eric Delinsky**
**Zuckerman Spaeder LLP**
edelinsky@zuckerman.com

1800 M STREET NW, SUITE 1000 • WASHINGTON,  DC 20036-5807
202.778.1831 direct • 202.822.8106 fax

▶ **Download vCard** | **zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

---

**From:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>
**Sent:** Friday, September 24, 2021 10:41 AM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; 'WML@LanierLawFirm.com' <WML@LanierLawFirm.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

Thank you, Pete.  Regarding your second point, I previously spoke with Special Master Cohen about this, and our preference is to leave it as is.  The reason is that the first reference in the *voir dire* is more informal and seeks primarily to ask jurors if they have connections with CVS, so going into detail about the two CVS entities does not seem helpful.  The second reference in the preliminary jury charge, by contrast, is a more formal explanation of the claims and the parties, so a reference to the two entities seems appropriate here.  The two references should be far apart enough in time that jurors will likely not see any inconsistency.

Please let us know if you still have any concerns with this approach.

Thank you,

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

---

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Friday, September 24, 2021 11:27 AM
**To:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; 'WML@LanierLawFirm.com' <WML@LanierLawFirm.com>
**Subject:** RE: MDL - Voir Dire Questions & Prelim Jury Charge

**CAUTION - EXTERNAL:**

Julian-

On behalf of the plaintiffs, we have no objections but rather a couple of additions or comments.

First, on the Jury Voir Dire, please add in no. 2 Sal Badala and Maria Fleming (of the Napoli Skolnick Law Firm)

who will interchangeably be at the plaintiffs' trial table.  Also, I think it would be helpful to identify law firms which we are members of.  Particularly since my law firm and Jones Day are local firms but I still think all law firms of lawyers at the trial tables should be identified.

Secondly, the Jury Voir Dire refers to four defendants in the neutral statement of the case whereas the Preliminary Jury Charge at page 9 (under Summary of Claims and Applicable Law) refers to 5 defendants (which includes two CVS entities).   The two should be consistent – our preference is to refer to four defendants or defendant groups.

Pete

---

**From:** Julian Veintimilla <Julian_Veintimilla@ohnd.uscourts.gov>
**Sent:** Tuesday, September 21, 2021 3:16 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** MDL - Voir Dire Questions & Prelim Jury Charge

Counsel,

Please find attached copies of the Court's proposed (1) *voir dire* questions and (2) the preliminary jury charge.  Please forward these to other attorneys as necessary.  Judge Polster will ask the *voir dire* questions during jury selection on September 29, and plans to read the preliminary charge at the start of trial on October 4.  If you have any objections, please submit them by this Friday, September 24 at 3:00 p.m.

Thank you,



**Julian Veintimilla**
Law Clerk to Senior United States District Judge
The Honorable Dan A. Polster
United States District Court, Northern District of Ohio
801 W. Superior Ave., Courtroom 18B
Cleveland, Ohio 44113
(216) 357-7197
Julian_Veintimilla@ohnd.uscourts.gov



Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NATIONAL PRESCRIPTION | ) | MDL No. 2804 |
| OPIATE LITIGATION | ) | |
| | ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| *Track Three Cases* | ) | |
| | ) | |
| *County of Lake, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45032* | ) | **JURY VOIR DIRE** |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45079* | ) | |

## NEUTRAL STATEMENT OF THE CASE

Thank you all for being here today. Before I ask you questions, I want to tell you a little bit about this case. The Plaintiffs in this case are Lake County and Trumbull County. There are four Defendants, three of which are national pharmacy chains and one of which is a regional pharmacy chain. The Defendants are, in alphabetical order, (1) CVS, (2) HBC Giant Eagle, (3) Walgreens, and (4) Walmart.

The four Pharmacy Defendants each bought prescription opioids from pharmaceutical manufacturers and then distributed those prescription opioids to their pharmacy stores or bought and received prescription opioids from other distributors. The pharmacy stores then used these opioids to fill prescriptions for patients written by doctors and other healthcare practitioners.

The Pharmacy Defendants each played two related roles during their business dealings with prescription opioids—one as distributor and one as dispenser. First, they acted as a distributor when they bought opioids from manufacturers or other, third-party distributors and then distributed the drugs to their pharmacy stores. Second, they acted as a dispenser when their pharmacy stores filled prescriptions for patients.

**170**

The two Counties allege that each Pharmacy Defendant failed to monitor, detect, investigate, report, and stop certain suspicious shipments and illegitimate prescriptions of opioids, which allowed the opioids to be diverted to illegal use. The Counties allege these suspicious shipments and illegitimate prescriptions caused a public nuisance, which is defined as an ongoing substantial interference with the public health in their Counties.

The Pharmacy Defendants deny the Counties' claims that they caused a public nuisance. The Defendants contend that they complied with their legal obligations, violated no duties, and that, if a public nuisance exists today in the two Counties, it was caused by persons other than the Pharmacy Defendants.

## QUESTIONS

1. Since you completed the juror questionnaire a few weeks ago, have you heard, read, or learned anything about **the subject matter of this trial**?

   a. If yes, have you formed any preconceived notions with regard to the Plaintiffs or the Pharmacy Defendants?

2. Plaintiffs Lake County and Trumbull County are represented by a number of attorneys. Please indicate if you know any of the following attorneys or any member of their immediate families (immediate family means parents, spouse, children, and in-laws):

   a. Sal Badala (Napoli Shkolnik PLLC)

   b. Maria Fleming (Napoli Shkolnik PLLC)

   c. Frank Gallucci (Plevin & Gallucci Company, L.P.A.)

   d. Mark Lanier (The Lanier Law Firm)

   e. Rachel Lanier (The Lanier Law Firm)

   f. Peter Weinberger (Spangenberg Shibley & Liber LLP)

3. The Pharmacy Defendants are represented by a number of attorneys.  Please indicate if you know any of the following attorneys for any member of their immediate families:

   a. CVS

      i. Graeme Bush (Zuckerman Spaeder LLP)

      ii. Eric Delinsky (Zuckerman Spaeder LLP)

2

**171**

        iii.     Paul Hynes (Zuckerman Spaeder LLP)

        iv.     Sasha Miller (Zuckerman Spaeder LLP)

b.    Giant Eagle

        i.     Robert Barnes (Marcus & Shapira LLP)

        ii.     Chantale Fiebig (Weil, Gotshal & Manges LLP)

        iii.     Scott Livingston (Marcus & Shapira LLP)

        iv.     Liz Ryan (Weil, Gotshal & Manges LLP)

        v.     Diane Sullivan (Weil, Gotshal & Manges LLP)

c.    Walgreens

        i.     Kaspar Stoffelmayr (Bartlit Beck LLP)

        ii.     Brian Swanson (Bartlit Beck LLP)

        iii.     Kate Swift (Bartlit Beck LLP)

d.    Walmart

        i.     Tara Fumerton (Jones Day)

        ii.     John Majoras (Jones Day)

        iii.     Tina Tabacchi (Jones Day)

4.    Do any of you know me, **Dan Aaron Polster**, the presiding judge in this case, or any member of my immediate family?

5.    Do you recognize or know **any other prospective jurors** in the courtroom?

6.    Do any of you know the following members of my staff, or any member of their immediate family?

a.    Special Master David Cohen

b.    Katie King

3

     c.     Scott Loge

     d.     Jacqueline Messe-Martinez

     e.     Helen Norton

     f.     Robert Pitts

     g.     Carrie Roush

     h.     Julian Veintimilla

7.     I expect the testimony in this case will take **approximately seven weeks**.  Our normal schedule will be 9:00 a.m. to 5:30 p.m., with a one-hour break for lunch and a fifteen minute morning and afternoon break.  We will not hold trial on Monday, October 11 for Columbus Day, and we will not hold trial on Thursday, November 11 for Veterans Day.  Will this pose any special hardship for any of you?

8.     Have you or an immediate family member had a **negative experience with either Lake County or Trumbull County**, or with an employee or official of those counties?

9.     Have you or an immediate family member ever had a **negative experience with any of the Pharmacy Defendants**, or any of their officers or employees?

10.     Do you think that **someone must have done something wrong** just because another person filed a lawsuit against him or her?

11.     Do you think that a person is **entitled to recover money just because they filed a lawsuit**?

12.     During this trial, there will be "**direct evidence**" **and** "**circumstantial evidence**" presented to you.  The Court will instruct you that you should consider both kinds of evidence and that the law makes no distinction that one is any better than the other.  Do any of you have a problem following this instruction?

13.     Would you hesitate to follow **any of the Court's instructions of law**, regardless of whether or not you agree with those instructions?

14.     Some of the witnesses in this case will be law enforcement officers. You are to **treat the testimony of a law enforcement witness the same as any civilian witness**.  Will you have any difficulty following this instruction?

15.     There are multiple defendants in this case. **You are to consider the evidence against each defendant separately, not lump them together**.  Will you have any difficulty

4

following this instruction?

16. Are you willing to **wait until all the evidence has been presented** and the Court has instructed you on all the applicable law **before coming to any conclusion** with respect to the public nuisance claim set forth in the plaintiffs' complaint?

17. As jurors, you must decide this case based solely on the evidence presented within the courtroom.  This means you must not conduct any independent research, reading, or investigation about this case, the matters in the case, and the individuals involved in the case.  You will also be instructed to avoid any media programming related to opioid addiction in the United States.  Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.  Are you willing to **abide by these instructions** and **confine your deliberations** to the evidence presented in the courtroom?

18. In your deliberations, are you willing to **abide by your convictions** and not agree with other jurors solely for the sake of being congenial, if you are convinced that the opinions of other jurors are not correct?

19. On the other hand, will each of you be able to listen carefully and respectfully to the other juror's views, keep an open mind as you listen to what they have to say, and **change your mind** if you are convinced that the other jurors are right and you are wrong?

20. If, after hearing the evidence presented to you, you are satisfied that the plaintiffs have proven, by a preponderance of the evidence, that one or more of the defendants are liable, would you hesitate to **vote in favor of the plaintiffs**?

21. If, after hearing the evidence presented to you, you are satisfied that the plaintiffs have not proven, by a preponderance of the evidence, that any defendant is liable, would you hesitate to **vote in favor of the defendants**?

22. Do you believe you will be able to **set aside any sympathy or bias** you may have to reach a fair and impartial decision based upon the evidence as presented in the courtroom?

23. Has there been **any experience in your personal life** or the personal life of any member of your immediate family that you believe would influence your judgment as a fair and impartial juror?

24. Do you know of **any possible reason** whatsoever why you could not serve impartially in this case, fairly weigh the evidence, and render a verdict according to the evidence and according to the law as it will be explained?

5

25.     Is there **anything else** that you feel is important for the Court to know about that you did not tell us about in your questionnaire?

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) | MDL 2804 |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Case No. 1:17-MD-2804 |
| | ) | |
| *Track Three Cases* | ) ) | **Judge Dan Aaron Polster** |
| | ) | **PRELIMINARY JURY CHARGE** |
| *County of Lake, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Walgreen Co., et al.,* | ) | |
| *Case No. 18-OP-45079* | ) | |

Members of the Jury, now that you have been sworn in, I will give you some preliminary

instructions to guide you in your participation in the trial. This is merely a summary and not the

complete statement of the law that I will give you at the end of the case, which instructions will

control your deliberations and verdicts. But to help you follow the evidence, I will give you a brief

summation of what Plaintiffs must prove to establish their claims.

\* \* \*

**Admonition**

First, however, it is my duty to give you what is called the "Admonition." This is a standing

court order that applies throughout the trial. I will try to remind you of the Admonition at every

recess, but if I forget to remind you, it still applies.

Ladies and gentlemen, you have been selected as jurors in this case. We have taken the

time to seat a neutral jury so this case can be decided based just on what goes on in the courtroom,

and not on outside influences. You are required to decide this case based solely on the evidence

that is presented to you in this courtroom. It is my role as the judge to determine what evidence is admissible and what is not admissible. It would be a violation of your duties, and unfair to the parties, if you should obtain other information about the case, which might be information that is not admissible as evidence.

You must carefully listen to all the evidence, and evaluate all of it. Do not reach any conclusions until you have heard all the evidence, the arguments of the attorneys, and my instructions of law. Otherwise, you will have an incomplete picture of the case.

Do not discuss this case among yourselves or with anyone outside the jury until the case is over, and do not discuss it at all outside the jury deliberation room. The reason for this is you might be given information or an opinion that could alter the way in which you view the evidence or the instructions or even how the case should come out. Such an opinion or conclusion would be based on an incomplete or inaccurate view of the evidence and therefore would be clearly unfair.

### Warning on Outside Information

In addition, you absolutely must not try to get information from any other source outside the courtroom. The ban on sources outside the courtroom applies to information from all sources such as family, friends, the internet, reference books, newspapers, magazines, television, radio, an iPhone, Android, Blackberry, or other smart phone, iPad and any other electronic device. This ban on outside information also includes any personal investigation, looking into news accounts, talking to possible witnesses, re-enacting the allegations in the Complaint, or any other act that would otherwise affect the fairness and impartiality that you must have as juror. If you see anything in the print media about this case, do not read it. If something on the TV comes on about the case, change the channel.

**Warning on Outside Influence**

The effort to exclude misleading information and outside-influences information also puts a limit on getting legal information from television entertainment. This would apply to popular TV shows such as Law and Order, Suits, Judge Judy, older shows like Boston Legal, Perry Mason, or Matlock, and any other fictional show dealing with the legal system. In addition, this would apply to shows such as CSI and NCIS, which present the use of scientific procedures to resolve criminal investigations. These and other similar shows may leave you with an improper preconceived idea about the legal system. As far as this case is concerned, you are not prohibited from watching such shows. However, there are many reasons why you cannot rely on TV legal programs, including the fact that these shows:

1) Are not subject to the rules of evidence and legal safeguards that apply in this courtroom, and

2) Are works of fiction that present unrealistic situations for dramatic effect.

While they are entertaining, TV legal dramas condense, distort, or even ignore many procedures that take place in real cases and real courtrooms. No matter how convincing they try to be, these shows simply cannot depict the reality of an actual trial or investigation. You must put aside anything you think you know about the legal system that you saw on TV.

On top of legal dramas, there are also TV programs specifically related to opioid addiction in the United States.  News programs such as 60 Minutes have broadcasted segments on this topic. If you have seen any such programs, you are not to consider them during this trial.  Additionally, on or about the second week of this trial, Hulu will be releasing a miniseries called "Dopesick" about opioid addiction.  You are instructed to avoid this and similar programs throughout the duration of the trial, and to not consider any such programming during your deliberations.

3

**Warning on Outside Contact**

Finally, you must not have contact with anyone about this case, other than the judge and court employees. This includes sending or receiving email, Twitter, text messages or similar updates, using blogs and chat rooms, and the use of Facebook, Instagram, LinkedIn, and other social media sites of any kind regarding this case or any aspect of your jury service during the trial. If anyone tries to contact you about the case, directly or indirectly, do not allow that person to have contact with you. If any person persists in contacting you or speaking with you, that could be jury tampering, which is a very serious crime. If anyone contacts you in this manner, report this to my courtroom deputy as quickly as possible.

**Conclusion**

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and for taxpayers, namely you and your neighbors. No one wants to see money, especially tax dollars, wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial, and could also be punished for contempt of court.

\*      \*      \*

**Duty of the Jury**

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts to the law as the Court will summarize now, and give to you in more detail at the end of the case. You must follow that law whether you agree with it or not.

4

Nothing that I may say or do during this trial is intended to indicate, nor should be taken by you, as indicating what your verdicts should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1)      Statements, arguments, and questions by lawyers are not evidence.

2)      Objections to questions are not evidence. Lawyers have an obligation to their client to make an objection when they believe evidence being offered is improper under the rules of evidence. The objections serve to help the Court. The purpose of objections is to ensure the presentation of evidence that is proper and to keep out all irrelevant matters. As jurors, you should not hold objections against either party, or feel that either side is trying to keep something from you. And you should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3)      Testimony that I have excluded or told you to disregard is not evidence and must not be considered. At times, the jury will be excused from the courtroom, or the attorneys and I will have discussions, regarding objections or other matters, during which white noise will play in the courtroom so members of the jury cannot hear what is discussed. This is because under the law, various matters <u>must</u> be heard outside the presence of the jury.

5

4)      Delays during trial should not be considered by you or held against any party. When a case on trial is recessed or adjourned for further hearing, and the trial does not commence promptly at the designated time, the delay may be caused by the court's administrative duties or its transaction of emergency or other matters. Also, when a trial is necessarily interrupted or delayed for any of these reasons, you should not feel that your time is being wasted.

5)      Again, as stated in my Admonition, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that, during the trial, you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools such as smart phones and iPads to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence it was raining.

Circumstantial evidence, by contrast, is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

6

I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that there is no legal difference between direct or circumstantial evidence; one is not better than the other. You should consider both kinds of evidence.

**Credibility of Witnesses**

You may hear the lawyers talk about the "credibility" or the "believability" of witnesses. These words mean the same thing. Part of your job as jurors is to decide how believable each witness is. This is your job, not mine. It is up to you to decide if a witness's testimony is believable, and how much weight you think it deserves. You are free to believe everything that a witness says, or only part of it, or none of it at all. But you should, of course, act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A)    First, ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to clearly see or hear what was happening, and may make a mistake.

(B)    Next, ask yourself how good the witness's memory seems to be. Does the witness seem able to accurately remember what happened?

(C)    Ask yourself how the witness looks and acts while testifying.  Does the witness seem honest in trying to tell you what happened?  Or does the witness seem to be lying?

(D)    Next, ask yourself if the witness has any relationship to either side of the case, or anything to gain or lose that might influence the witness's testimony.  Does the witness have any bias, prejudice, or reason for testifying that might cause him or her to lie or to slant testimony in favor of one side or the other?

(E)     Ask yourself if the witness testifies inconsistently while on the witness stand, or if the witness says or does anything off the stand that is inconsistent with what the witness said while testifying. If you believe that the witness is inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency is about something important, or about some unimportant detail. Ask yourself if it seems like an innocent mistake, or if it seems deliberate.

(F)     Finally, ask yourself how believable the witness's testimony is in light of all the other evidence. Is the witness's testimony supported or contradicted by other evidence that you find believable? If you believe that a witness's testimony is contradicted by other evidence, remember that people sometimes forget things and that even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness is. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight you think it deserves.

**Court's Questions to Witnesses**

During the trial, I may occasionally ask questions of a witness to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all the Court's comments in arriving at your own factual findings.

**Burden of Proof—Preponderance of the Evidence**

In a civil action, like this one, the burden of proof is by "a preponderance of the evidence." To establish something by a preponderance of the evidence means to prove that something is more

8

likely true than not true. Another term for preponderance of the evidence is "greater weight of the evidence."

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Summary of Claims and Applicable Law**

The Plaintiffs in this case are Lake County and Trumbull County. There are four Defendants, three of which are national pharmacy chains and one of which is a regional pharmacy chain. The Defendants are, in alphabetical order, (1) CVS, (2) HBC Giant Eagle, (3) Walgreens, and (4) Walmart.

The four Pharmacy Defendants each bought prescription opioids from pharmaceutical manufacturers and then distributed those prescription opioids to their pharmacy stores or bought and received prescription opioids from other distributors. The pharmacy stores then used these opioids to fill prescriptions for patients written by doctors and other healthcare practitioners.

The Pharmacy Defendants each played two related roles during their business dealings with prescription opioids—one as distributor and one as dispenser. First, they acted as a distributor when they bought opioids from manufacturers or other, third-party distributors and then distributed the drugs to their pharmacy stores. Second, they acted as a dispenser when their pharmacy stores filled prescriptions for patients.

The two Counties allege that each Pharmacy Defendant failed to monitor, detect, investigate, report, and stop certain suspicious shipments and illegitimate prescriptions of opioids,

which allowed the opioids to be diverted to illegal use. The Counties allege these suspicious shipments and illegitimate prescriptions caused a public nuisance, which is defined as an ongoing substantial interference with the public health in their Counties.

The Pharmacy Defendants deny the Counties' claims that they caused a public nuisance. The Defendants contend that they complied with their legal obligations, violated no duties, and that, if a public nuisance exists today in the two Counties, it was caused by persons other than the Pharmacy Defendants.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But to help you follow the evidence, I will now give you a brief summary of what Plaintiffs must prove in order to establish their claim.

Note that my summary of the claim I will use the word "person" or "persons." Please bear in mind that for this claim, corporations are considered persons.

**Count One—Public Nuisance**

A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1) The Defendant engaged in intentional conduct that caused a significant and ongoing interference with a public right to health or safety; or

10

2) The Defendant engaged in unlawful conduct that caused a significant and ongoing interference with a public right to health or safety.

For this claim, the Plaintiffs must prove that the conduct of one or more Defendants was a substantial factor in creating an ongoing public nuisance.

This concludes the summary of the law that will help guide you as you hear the evidence.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial you are not to discuss the case with anyone or permit anyone to even attempt to discuss it with you or in your presence. As to anyone who you may come to recognize as having some connection with the case, such as the attorneys, the parties, the witnesses, or members of my staff, to avoid even the appearance of impropriety, you should have no conversation whatsoever with them while you are serving on the jury. If you see any of these people in the hall, or in the elevator, or on the street, just ignore them. They will understand that you are not being impolite, but that you are obeying the Court's instructions. They have also been instructed not to speak to you, so they are not being rude if they ignore you. They are also under court order. The point of this is that if someone sees you talking with anyone connected to this case, even if you are only exchanging greetings, then the Court may have to hold a hearing to find out what was said, and that becomes cumbersome. So, have no conversation whatsoever with anyone connected with this case, and do not discuss this case with anyone. If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, you, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As discussed in my Admonition, this means that during the trial you must not conduct any independent research, reading, or investigation about this case,

11

the matters in the case, and the individuals involved in the case. In other words, you should not read or listen to anything touching on the case in anyway, consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. If you come across an article in the newspaper regarding this trial, simply put it aside and save it for reading after the conclusion of this case. Do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, <u>even your fellow jurors</u>. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

Finally, do not form any opinion until all the evidence is presented. Keep an open mind until you start your deliberations at the end of the case.

In my courtroom, I allow jurors to take notes. If you wish, you may take notes on the notepads that the Court has provided. If you do take notes, please leave them in the jury room when you go home at night. The notes are for your own personal use and will not be distributed or read by anyone for any purpose. After the trial is concluded, they will be destroyed.

**Course of the Trial**

The trial will now begin. First, Plaintiffs will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, Defendants will make an opening statement. Opening statements are neither evidence nor arguments.

Plaintiffs will then present their witnesses and physical evidence, and counsel for the Defendants will cross examine those witnesses. Defendants will then present witnesses and physical evidence. Plaintiffs may then present rebuttal evidence.

12

**187**

In my courtroom, I allow jurors to ask questions. This is how the procedure works. If, after a witness has been cross-examined, a juror has a proposed question, he or she may write that question down on a piece of paper and raise his or her hand. The courtroom deputy clerk, Robert Pitts or Katie King, will take the question and give it to me. After I have reviewed it, I will give the proposed question to the attorneys for both sides for their review. The attorneys may choose to ask the question or they may not. If they do not ask the question, it may be because the answer sought is irrelevant or because counsel may believe that the question can be answered by the testimony of a subsequent witness. You must not read anything into the fact that counsel do not ask a juror's proposed question.

After all the evidence is presented, the Court will instruct you on the law. Then, the attorneys will present their closing arguments to summarize and interpret the evidence for you. After that you will retire to deliberate on your verdicts.

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Peter Weinberger; Kaspar Stoffelmayr |
| **Subject:** | jury instruction modification |
| **Date:** | Friday, October 8, 2021 8:33:37 AM |

*[please forward as appropriate]*

Dear Counsel:

The Court was reviewing jury instructions and specifically the following provisions from pages 23-24:

The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some effect and that effect is substantial, rather than negligible. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance.

The Court concluded it is not good form to define the term "substantial factor" using the word "substantial," as occurs in the highlighted sentence.  Accordingly, the jury instructions have been changed to read as follows:

The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some effect and that effect is not trivial, negligible, remote, or insignificant. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance.

-David
========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**189**

**Subject:** Re: jury instruction modification

**Date:**    Saturday, October 16, 2021 at 3:43:12 PM Mountain Daylight Time

**From:**    Alex Harris

**To:**       David Cohen

**CC:**       PWeinberger@spanglaw.com, Kaspar Stoffelmayr, EXT Track3Defendants, MDL 2804 Discovery

Special Master Cohen,

Defendants object to the Court's proposed deletion of the word "substantial."  While perhaps not "good form," a positive definition of a "substantial factor" as conduct with an effect that is "substantial" is taken directly from the Restatement.  *See* Restatement (Second) of Torts § 431, cmt. b (1965) (defining the "substantial factor" inquiry as "whether the effect [of the defendant's conduct] was *substantial* rather than negligible").  The Court has repeatedly said the same.  *E.g.*, Dkt. 3913 at 7-8 (defining the "substantial factor" inquiry as "whether the defendant's wrongful conduct had 'a *substantial* as distinguished from a merely negligible effect'" and quoting Section 431, cmt. b of the Restatement).  So has the Ohio Supreme Court.  *See Schwartz v. Honeywell Int'l, Inc.*, 102 N.E.3d 477, 482 (Ohio 2018) (defining a "substantial cause" as something that had a "*substantial* impact") (quoting *Haskins v. 3M Co.*, 2017 WL 3118017, *7 (D.S.C. July 21, 2017)) (emphasis in original).

In reliance on this black-letter law and the final instructions the Court circulated to the parties, both sides repeatedly described the causation inquiry to the jury in opening statements in these terms. *See, e.g.*, Trial Tr. at 59:21-24 (counsel for Plaintiffs asking if Defendants "contribute[d] in a *significant* way to the nuisance"); *id.* at 216:1-3 (counsel for CVS stating that "[t]he full picture will demonstrate that CVS is not a *substantial* cause of a public nuisance"); *id.* at 248:1-12 (counsel for Giant Eagle stating that "the Judge will read you the instruction that says cause means you have to find there's a *substantial* cause" and "not a little cause but a *substantial* cause"); *id.* at 277:22- 278:1 (counsel for Walmart stating "[y]ou're being asked about *substantial* cause, you're being asked about *substantial* cause for a wide problem").

Thus, Defendants ask that the Court abandon the proposed modification.

If the Court insists on modifying its final instructions over Defendants' objection, Defendants request that, at a minimum, the Court replace the word "substantial" with a synonym, such as "significant." This positive definition would be more consistent with the law and how all of the parties have described the causation inquiry to the jury, as shown in the examples quoted above.

Finally, if the Court is entertaining modifications to its "substantial factor" instruction, Defendants believe the instruction is in error for failing to incorporate:

1.  The requirement that misconduct "is *not* a substantial factor in bringing about harm to another if the harm would have been sustained even [without the misconduct]." Restatement (Second) of Torts § 432(1) (1965); *see also Skinner v. N. Mkt. Dev. Auth., Inc.*, 1997 WL 381638, at *3 (Ohio Ct. App. July 10, 1997) (quoting Section 432(1) of the Restatement).

2.  The Restatement's "important" considerations for determining whether conduct is a "substantial factor," including considering "the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it."  *Id.* § 433(a); *see also Schwartz*, 102 N.E.3d at 482 (quoting Section 433(a) of the Restatement).

On the first error, the Restatement explains that the only exception to this requirement is a situation

**190**

where multiple forces combine "and each of itself is sufficient to bring about [the harm]" that results. Restatement (Second) of Torts § 432(2) & cmt. a (1965).  On the second error, the Restatement says explicitly that these considerations are "important as considerations which the jury should take into account when the substantial factor question is left to them," and important as well as for "the trial judge in so framing his instructions as to call the jury's attention to such of these considerations as are pertinent to the facts."  *Id.* § 433, cmt. a.  A correct instruction on "substantial factor" should incorporate both principles.

## BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Friday, October 8, 2021 9:34 AM
**To:** Peter Weinberger <pweinberger@spanglaw.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** jury instruction modification

*[please forward as appropriate]*

Dear Counsel:

The Court was reviewing jury instructions and specifically the following provisions from pages 23-24:

The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some effect and that effect is substantial, rather than negligible. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance.

The Court concluded it is not good form to define the term "substantial factor" using the word "substantial," as occurs in the highlighted sentence.  Accordingly, the jury instructions have been changed to read as follows:

The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some effect and that effect is not trivial, negligible, remote, or insignificant. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance.

-David
========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122

216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

| From: | David R. Cohen (David@SpecialMaster.Law) |
|---|---|
| To: | Kaspar Stoffelmayr; Peter Weinberger |
| Subject: | Jury Instructions 10/27 |
| Date: | Wednesday, October 27, 2021 7:08:58 PM |
| Attachments: | 10.27.21 - Final Jury Instructions.pdf |
| | [redline] 10.27.21 - Jury Instructions.docx |
| | 10.27.21 - Final Jury Instructions.docx |

*[please forward as appropriate]*

Dear Counsel:

Please find attached the latest versions of the Jury Instructions the Court intends to give. Non-substantive changes include removing Giant Eagle, adding signature blocks to <u>each question</u> on the verdict forms, and removing generic instruction titles.  Substantive changes include insertion of an instruction on settlement agreements, additions regarding CSA regulations, and modification of the proximate cause language.  Judge Polster has personally reviewed and/or directed all changes, and personally resolved your disagreements regarding, for example, the settlement agreement and CSA regulation instructions.

The Judge asks that you let the Court know only if you believe any of the language is confusing.  He does not need to hear objections based on repeats of your legal arguments, which he has already reviewed.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | **MDL 2804** |
| | ) | **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *Track Three Cases:* | ) ) | **Judge Dan Aaron Polster** |
| | ) | **FINAL JURY INSTRUCTIONS** |
| *County of Lake, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45032* | ) ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45079* | ) | |

**<u>Introduction</u>**

Members of the Jury:

You have heard all of the evidence and it is now time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements, or parts, of the claims that the Plaintiffs assert against the Defendants. As I have explained before, there are two Plaintiffs in this case: (1) Lake County, Ohio; and (2) Trumbull County, Ohio. Further, there are three Defendants in this case: (1) Walgreen Company; (2) CVS Pharmacy, Inc.; and (3) Walmart Inc.

After I explain the elements of the claims that the two Plaintiffs assert against the three Defendants, the lawyers will present their closing arguments.

**194**

Following closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the interrogatories and verdicts that you may return.

Please listen very carefully to everything I say.

2

**Jurors' Duties**

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if each Plaintiff has proven by a preponderance of the evidence that each Defendant is liable. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. All parties are equal in the eyes of the law. Corporations stand on equal footing, and size is not to be considered. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just decision regardless of the consequences.

3

## **Burden of Proof – Preponderance of the Evidence**

In a civil action, like this one, Plaintiffs are required to prove all the elements of their claim "by a preponderance of the evidence." This duty is known as the burden of proof. To establish something "by a preponderance of the evidence" means to prove that something is more likely true than not true.

A preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, more likely, or of greater probative value. Remember, it is the quality of the evidence that must be weighed, not the quantity of evidence.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. You may have also heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof that applies in criminal cases only. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the party who has the burden of proof has not established that issue by a preponderance of the evidence.

4

## **Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Evidence is all the testimony received from the witnesses including depositions, the exhibits admitted during the trial, the stipulations that the lawyers agreed to, and any facts which the Court requires you to accept as true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. And I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

5

## **Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

6

## **<u>Direct and Circumstantial Evidence</u>**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testifies that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walks into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; the law does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## **Inferences from Evidence**

The law permits you to draw reasonable inferences from the evidence that has been presented. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In other words, while you should consider only the evidence in the case, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, reasonable inferences that you feel are justified in light of your common experience.

8

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said or only part of it or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to Plaintiffs or Defendants or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, if the witness said or did something, or failed to say or do something, at any other time that is inconsistent

9

with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things; even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

10

**<u>Opinion Testimony</u>**

You have heard the testimony of numerous individuals, sometimes referred to as expert witnesses, who offered their professional opinions about the matters at issue in this lawsuit.

You do not have to accept their opinions. In deciding how much weight to give each opinion, you should consider the witnesses' qualifications and how they reached their conclusions. Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that an expert witness's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

11

## **Number of Witnesses**

One more point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

12

## **Charts and Summaries**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by books, records and other documents that are in evidence in this case. However, these charts or summaries are not in and of themselves evidence or proof of the facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

13

## **Admissions and Interrogatory Answers**

In this case, evidence may have been introduced consisting of written questions and answers previously submitted to one of the parties. This type of evidence is to be considered according to the usual tests that apply to witnesses. You may consider the fact that these questions were formally submitted and the answers made in writing.

[[To be removed if no Admissions or Interrogatory Answers are introduced as evidence.]]

14

## **Stipulations of Fact**

Statements and arguments of counsel are not evidence in this case. However, if the attorneys on both sides stipulate (that is, agree) to the existence of a fact, you should accept that this fact has been established by a preponderance of the evidence.

Here are the facts to which the parties have agreed or stipulated:

[[Marked so that stipulations can be added or the section can be removed if none.]]

15

### **<u>Lawyers' Objections</u>**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## **<u>Introduction</u>**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of Plaintiffs' claims.

But before I do that, I want to mention the following.

17

**<u>Corporate Defendants</u>**

Each of the Defendants are corporations. Corporations can be held liable for their acts or omissions just as you or I can. As corporations, they can act, or fail to act, only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

18

## **Applicable Law – Public Nuisance – Introduction**

I will now instruct you on the elements of Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant distributed or dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.

Let me define for you the legal term "***public nuisance***." A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded.   For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1.      The Defendant engaged in ***intentional conduct*** that caused a significant and ongoing interference with a public right to health or safety; or

2.      The Defendant engaged in ***unlawful conduct*** that caused a significant and ongoing interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there should

19

be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

20

### Public Nuisance – Intentional Conduct

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew, or was substantially certain, that the circumstances resulting from that act would interfere with public health or public safety. It is not necessary for you to find that the person intended to cause a public nuisance.

If a person learns that circumstances resulting from their conduct interfere with public health or public safety, and the person continues that conduct, then the subsequent conduct is intentional.

21

## **Settlement Agreements**

You are hearing testimony about settlements that certain defendants entered into with the DEA. This settlement evidence has been admitted for a limited purpose. You may consider these settlements only to the extent you believe they bear on what notice or knowledge the defendant received as a result of the settlements, or to the extent you believe they bear on the defendant's intent. You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon the fact that it entered into these settlements.

## Public Nuisance – Unlawful Conduct

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know their conduct is unlawful for an unlawful act to occur.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

Conduct that is fully authorized by a statute, ordinance, or regulation cannot create a public nuisance, because it is lawful conduct. But if a person's conduct does not comply with what is authorized by law, then that conduct may be unlawful conduct.

Plaintiffs contend each Defendant's conduct with respect to their dispensing and distribution of controlled substances did not comply with the Federal and Ohio Controlled Substances Acts, and their accompanying regulations. Prescription opioids are controlled substances within the meaning of Federal and Ohio law and regulations.

The Federal and Ohio Controlled Substances Acts and their accompanying regulations do not require strict or perfect compliance. Only substantial compliance is required. In other words, not every act that is in violation of the law can be a public nuisance. Only unlawful conduct that causes a significant interference with a public right to health or safety can be a public nuisance.

**Unlawful Conduct – Distribution**

Under both Federal and Ohio laws and regulations, distributors of controlled substances are required to: (1) design and operate a system to identify suspicious orders; (2) inform the DEA and Ohio Board of Pharmacy of suspicious orders when discovered; and (3) not ship those orders unless investigation first shows them to be legitimate. Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.

**Unlawful Conduct – Dispensing**

Under both Federal and Ohio laws and regulations, entities that are authorized to dispense controlled substances are required to provide effective controls and procedures to guard against theft and diversion. A prescription for a controlled substance must be issued for a legitimate medical purpose by a doctor, or other registered prescriber, acting in the usual course of his or her professional practice. The Federal and Ohio Controlled Substances Acts and their accompanying regulations also provide that the pharmacist who fills the prescription has a corresponding responsibility to ensure the prescription is dispensed for a legitimate medical purpose. The corresponding responsibility to ensure the dispensing of valid prescriptions extends to the pharmacy itself.

24

**Public Nuisance – Causation**

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety. Let me explain something about causation.

You may find a Defendant liable only if you conclude the Defendant was a ***proximate cause*** of a public nuisance. A public nuisance may be proximately caused by a Defendant's act or failure to act. A Defendant's conduct proximately caused a public nuisance if the circumstances that constitute the nuisance are the natural and foreseeable result of that conduct. There may be more than one proximate cause of a public nuisance, but causes that are merely incidental are not proximate causes. To be a proximate cause, the acts or omissions of a Defendant must be a substantial factor in producing circumstances that unreasonably interfere with a public right to health or safety.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some material, meaningful, or considerable effect and that effect is not trivial, negligible, remote, or insignificant. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance. If you find that the conduct

25

of any Defendant proximately caused a public nuisance, it is not a defense to liability that some other entity may also be to blame.

In addition, the Plaintiff must show, by the greater weight of the evidence, that the conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

26

## **Public Nuisance – Significant and Unreasonable**

I have instructed you that a public nuisance is an ***unreasonable*** interference with a right held by the public in common, and I have used the phrase "***significant*** interference with a public right to health or safety." Let me define the terms "significant" and "unreasonable."

An interference with a public right may range from a petty annoyance to serious harm. An interference with a public right is not significant or unreasonable if it causes only a relatively slight amount of inconvenience. An interference with a public right is significant or unreasonable if it causes greater harm than the public should be required to bear, considering all the circumstances. When you consider whether an interference with a public right is significant or unreasonable, some of the factors you may consider include the nature, extent, and duration of the interference, and the social value of the Defendant's conduct.

## Public Nuisance – Conclusion

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict form will guide you through this process.

28

## **Introduction**

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will be your spokesperson for you here in court.

Once you start deliberating, do not talk to the courtroom deputy or to me or to anyone else about the case. We must communicate in writing. Write down your message, have the foreperson sign it, and then give it to the courtroom deputy. He will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should remain secret until you are finished.

29

## Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**Experiments, Research, Investigation and Outside Communications – Admonition**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

31

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and the Court. No one wants to see money wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

In summary, make your decision based only on the evidence that you saw and heard here in court.

## **Unanimous Verdict**

Your verdict, whether it be for a Plaintiff or a Defendant, must be unanimous. This means that, for you to find for a specific Plaintiff and against a specific Defendant, every one of you must agree that that specific Plaintiff has proved all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Similarly, for you to find for a specific Defendant and against a specific Plaintiff, every one of you must agree that that specific Plaintiff has failed to prove all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Either way, your verdict must be unanimous.

33

**<u>Duty to Deliberate</u>**

When you enter the jury room following the arguments, you are free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if Plaintiff has proved its claim(s) by a preponderance of the evidence. Your sole interest is to seek the truth from the evidence in the case.

34

### **Verdict Forms**

I have prepared verdict forms that you should use to record your verdict. The form reads as follows:

### **READ JURY VERDICT FORMS.**

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in each answer, sign his or her name, and date the form in the bottom right-hand corner. Each of you will then sign the Verdict Forms indicating your agreement with that answer. You will then repeat that process for each question that requires a response. Please complete these documents in ink. Unless all of you agree, you may not return an answer to any question.

After you have all signed the appropriate documents, ring the jury buzzer, and you will be returned to the courtroom as soon as we have gathered all of the parties and their counsel.

### Juror Questions

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations. These instructions should answer any question that you have.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## **The Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury. You shall decide for yourselves if Plaintiff has proved by a preponderance of the evidence its claim(s) against Defendant.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's charge, the verdict forms and the exhibits which have been admitted into evidence.

37

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Peter Weinberger; Kaspar Stoffelmayr |
| **Subject:** | Jury instructions |
| **Date:** | Monday, November 1, 2021 10:05:03 AM |
| **Attachments:** | 2021.11.01 Draft - Final Jury Instructions.pdf |
| | 2021.11.01 Draft - Verdict Forms.pdf |

*[please forward as appropriate]*

Latest draft attached.


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

*DRAFT – November 1, 2021*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 |
| | ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) **Judge Dan Aaron Polster** |
| *Track Three Cases:* | ) |
| | ) **FINAL JURY INSTRUCTIONS** |
| *County of Lake, Ohio v.* | ) |
| *Purdue Pharma, L.P., et al.,* | ) |
| *Case No. 18-op-45032* | ) |
| | ) |
| *County of Trumbull, Ohio v.* | ) |
| *Purdue Pharma, L.P., et al.,* | ) |
| *Case No. 18-op-45079* | ) |

## Introduction

Members of the Jury:

You have heard all of the evidence and it is now time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements, or parts, of the claims that the Plaintiffs assert against the Defendants. As I have explained before, there are two Plaintiffs in this case: (1) Lake County, Ohio; and (2) Trumbull County, Ohio. Further, there are three Defendants in this case: (1) Walgreen Company; (2) CVS Pharmacy, Inc.; and (3) Walmart Inc.

1

*DRAFT – November 1, 2021*

After I explain the elements of the claims that the two Plaintiffs assert against the three Defendants, the lawyers will present their closing arguments.

Following closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the interrogatories and verdicts that you may return.

Please listen very carefully to everything I say.

2

*DRAFT – November 1, 2021*

**<u>Jurors' Duties</u>**

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if each Plaintiff has proven by a preponderance of the evidence that each Defendant is liable. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. All parties are equal in the eyes of the law. Corporations stand on equal footing, and size is not to be considered. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just decision regardless of the consequences.

3

## Burden of Proof – Preponderance of the Evidence

In a civil action, like this one, Plaintiffs are required to prove all the elements of their claim "by a preponderance of the evidence." This duty is known as the burden of proof. To establish something "by a preponderance of the evidence" means to prove that something is more likely true than not true.

A preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, more likely, or of greater probative value. Remember, it is the quality of the evidence that must be weighed, not the quantity of evidence.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. You may have also heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof that applies in criminal cases only. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the party who has the burden of proof has not established that issue by a preponderance of the evidence.

4

## **Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Evidence is all the testimony received from the witnesses including depositions, the exhibits admitted during the trial, the stipulations that the lawyers agreed to, and any facts which the Court requires you to accept as true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. And I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

5

### <u>Consideration of Evidence</u>

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

6

## Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testifies that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walks into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; the law does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7

<u>**Inferences from Evidence**</u>

The law permits you to draw reasonable inferences from the evidence that has been presented. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In other words, while you should consider only the evidence in the case, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, reasonable inferences that you feel are justified in light of your common experience.

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said or only part of it or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to Plaintiffs or Defendants or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, if the witness said or did something, or failed to say or do something, at any other time that is inconsistent

9

with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things; even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

10

## **Opinion Testimony**

You have heard the testimony of numerous individuals, sometimes referred to as expert witnesses, who offered their professional opinions about the matters at issue in this lawsuit.

You do not have to accept their opinions. In deciding how much weight to give each opinion, you should consider the witnesses' qualifications and how they reached their conclusions. Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that an expert witness's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

11

## Number of Witnesses

One more point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

12

## Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by books, records and other documents that are in evidence in this case. However, these charts or summaries are not in and of themselves evidence or proof of the facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

13

*DRAFT – November 1, 2021*

### Admissions and Interrogatory Answers

In this case, evidence may have been introduced consisting of written questions and answers previously submitted to one of the parties. This type of evidence is to be considered according to the usual tests that apply to witnesses. You may consider the fact that these questions were formally submitted and the answers made in writing.


[[To be removed if no Admissions or Interrogatory Answers are introduced as evidence.]]

14

*DRAFT – November 1, 2021*

## **Stipulations of Fact**

Statements and arguments of counsel are not evidence in this case. However, if the attorneys on both sides stipulate (that is, agree) to the existence of a fact, you should accept that this fact has been established by a preponderance of the evidence.

Here are the facts to which the parties have agreed or stipulated:

[[Marked so that stipulations can be added or the section can be removed if none.]]

15

### <u>Lawyers' Objections</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

16

## **Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of Plaintiffs' claims.

But before I do that, I want to mention the following.

17

*DRAFT – November 1, 2021*

### <u>Corporate Defendants</u>

Each of the Defendants are corporations. Corporations can be held liable for their acts or omissions just as you or I can. As corporations, they can act, or fail to act, only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

18

## <u>Applicable Law – Public Nuisance – Introduction</u>

I will now instruct you on the elements of Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.

Let me define for you the legal term "***public nuisance***." A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1.     The Defendant engaged in ***intentional conduct*** that caused a significant and ongoing interference with a public right to health or safety; or

2.     The Defendant engaged in ***unlawful conduct*** that caused a significant and ongoing interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there should

19

be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

20

*DRAFT – November 1, 2021*

## Public Nuisance – Intentional Conduct

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew, or was substantially certain, that the circumstances resulting from that act would interfere with public health or public safety. It is not necessary for you to find that the person intended to cause a public nuisance.

If a person learns that circumstances resulting from their conduct interfere with public health or public safety, and the person continues that conduct, then the subsequent conduct is intentional.

21

### Settlement Agreements

You have heard testimony about settlements that certain defendants entered into with the DEA. This settlement evidence has been admitted for a limited purpose. You may consider these settlements only to the extent you believe they bear on what notice or knowledge the defendant received as a result of the settlements, or to the extent you believe they bear on the defendant's intent. You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon the fact that it entered into these settlements.

22

*DRAFT – November 1, 2021*

## Public Nuisance – Unlawful Conduct

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know their conduct is unlawful for an unlawful act to occur.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

Conduct that is fully authorized by a statute, ordinance, or regulation cannot create a public nuisance, because it is lawful conduct. But if a person's conduct does not comply with what is authorized by law, then that conduct may be unlawful conduct.

Plaintiffs contend each Defendant's conduct with respect to their dispensing of controlled substances did not comply with the Federal and Ohio Controlled Substances Acts, and their accompanying regulations. Prescription opioids are controlled substances within the meaning of Federal and Ohio law and regulations.

The Federal and Ohio Controlled Substances Acts and their accompanying regulations do not require strict or perfect compliance. Only substantial compliance is required. In other words, not every act that is in violation of the law can be a public nuisance. Only unlawful conduct that causes a significant interference with a public right to health or safety can be a public nuisance.

23

**Unlawful Conduct – Dispensing**

Under both Federal and Ohio laws and regulations, entities that are authorized to dispense controlled substances are required to provide effective controls and procedures to guard against theft and diversion. A prescription for a controlled substance must be issued for a legitimate medical purpose by a doctor, or other registered prescriber, acting in the usual course of his or her professional practice. The Federal and Ohio Controlled Substances Acts and their accompanying regulations also provide that the pharmacist who fills the prescription has a corresponding responsibility to ensure the prescription is dispensed for a legitimate medical purpose. The corresponding responsibility to ensure the dispensing of valid prescriptions extends to the pharmacy itself.

24

### Public Nuisance – Causation

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct *caused* an interference with a right to public health or safety. Let me explain something about causation.

You may find a Defendant liable only if you conclude the Defendant was a ***proximate cause*** of a public nuisance. A public nuisance may be proximately caused by a Defendant's act or failure to act. A Defendant's conduct proximately caused a public nuisance if the circumstances that constitute the nuisance are the natural and foreseeable result of that conduct. There may be more than one proximate cause of a public nuisance, but causes that are merely incidental are not proximate causes. To be a proximate cause, the acts or omissions of a Defendant must be a substantial factor in producing circumstances that unreasonably interfere with a public right to health or safety.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. Conduct is a substantial factor if it has some material, meaningful, or considerable effect and that effect is not trivial, negligible, remote, or insignificant. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause or one of the causes of the nuisance. If you find that the conduct

25

of any Defendant proximately caused a public nuisance, it is not a defense to liability that some other entity may also be to blame.

In addition, the Plaintiff must show, by the greater weight of the evidence, that the conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

26

*DRAFT – November 1, 2021*

### Public Nuisance – Significant and Unreasonable

I have instructed you that a public nuisance is an ***unreasonable*** interference with a right held by the public in common, and I have used the phrase "***significant*** interference with a public right to health or safety." Let me define the terms "significant" and "unreasonable."

An interference with a public right may range from a petty annoyance to serious harm. An interference with a public right is not significant or unreasonable if it causes only a relatively slight amount of inconvenience. An interference with a public right is significant or unreasonable if it causes greater harm than the public should be required to bear, considering all the circumstances. When you consider whether an interference with a public right is significant or unreasonable, some of the factors you may consider include the nature, extent, and duration of the interference, and the social value of the Defendant's conduct.

27

## Public Nuisance – Conclusion

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict forms will guide you through this process.

28

## **Introduction**

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will be your spokesperson for you here in court.

Once you start deliberating, do not talk to the courtroom deputy or to me or to anyone else about the case. We must communicate in writing. Write down your message, have the foreperson sign it, and then give it to the courtroom deputy. He will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should remain secret until you are finished.

*DRAFT – November 1, 2021*

### Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

30

## Experiments, Research, Investigation and Outside Communications – Admonition

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

31

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and the Court. No one wants to see money wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

In summary, make your decision based only on the evidence that you saw and heard here in court.

32

*DRAFT – November 1, 2021*

## **Unanimous Verdict**

Your verdict, whether it be for a Plaintiff or a Defendant, must be unanimous. This means that, for you to find for a specific Plaintiff and against a specific Defendant, every one of you must agree that that specific Plaintiff has proved all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Similarly, for you to find for a specific Defendant and against a specific Plaintiff, every one of you must agree that that specific Plaintiff has failed to prove all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Either way, your verdict must be unanimous.

33

### **Duty to Deliberate**

When you enter the jury room following the arguments, you are free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if Plaintiff has proved its claim(s) by a preponderance of the evidence. Your sole interest is to seek the truth from the evidence in the case.

34

**<u>Verdict Forms</u>**

I have prepared verdict forms that you should use to record your verdict. The form reads as follows:

**READ JURY VERDICT FORMS.**

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in each answer, sign his or her name, and date the form in the bottom right-hand corner. Each of you will then sign the verdict forms indicating your agreement with that answer. You will then repeat that process for each question that requires a response. Please complete these documents in ink. Unless all of you agree, you may not return an answer to any question.

After you have all signed the appropriate documents, ring the jury buzzer, and you will be returned to the courtroom as soon as we have gathered all of the parties and their counsel.

35

### **Juror Questions**

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations. These instructions should answer any question that you have.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*DRAFT – November 1, 2021*

### The Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury. You shall decide for yourselves if Plaintiff has proved by a preponderance of the evidence its claim(s) against Defendant.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's charge, the verdict forms and the exhibits which have been admitted into evidence.

37

*DRAFT – November 1, 2021*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *Track Three Cases:* | ) | |
| | ) | **VERDICT FORM** |
| *County of Lake, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45079* | ) | |

# VERDICT FORM

# Lake County

*DRAFT – November 1, 2021*

**FOR ALL QUESTIONS IN THIS VERDICT FORM,**

**PLEASE CIRCLE YOUR ANSWERS IN INK**.

1.      Did **Lake County** prove, by the greater weight of the evidence, that oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels, is a public nuisance in **Lake County**?

              YES              NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____     7. _____
   Foreperson
2. _____     8. _____

3. _____     9. _____

4. _____     10. _____

5. _____     11. _____

6. _____     12. _____

                                          _____
                                                  Date

        **If you answered "YES" to Question 1, please go to Question 2.**

        **If you answered "NO" to Question 1, please complete the Verdict Form for Trumbull County.**

*DRAFT – November 1, 2021*

2.      Did **Lake County** prove, by the greater weight of the evidence, that any of the following Defendants engaged in intentional and/or illegal conduct which was a substantial factor in producing the public nuisance that you found exists in Question 1?

**CVS Pharmacy, Inc.**          YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____          7. _____
   Foreperson

2. _____          8. _____

3. _____          9. _____

4. _____          10. _____

5. _____          11. _____

6. _____          12. _____


_____
Date


**Walgreen Co.**          YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____          7. _____
   Foreperson

2. _____          8. _____

3. _____          9. _____

4. _____          10. _____

5. _____          11. _____

6. _____          12. _____


_____
Date

*DRAFT – November 1, 2021*

**Walmart Inc.**                    YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____          7. _____

      Foreperson

2. _____          8. _____

3. _____          9. _____

4. _____          10. _____

5. _____          11. _____

6. _____          12. _____

                                  _____

                                             Date

*DRAFT – November 1, 2021*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *Track Three Cases:* | ) | |
| | ) | **VERDICT FORM** |
| *County of Lake, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45079* | ) | |

# VERDICT FORM

# Trumbull County

*DRAFT – November 1, 2021*

**FOR ALL QUESTIONS IN THIS VERDICT FORM,**

**PLEASE CIRCLE YOUR ANSWERS IN INK**.

1.       Did **Trumbull County** prove, by the greater weight of the evidence, that oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels, is a public nuisance in **Trumbull County**?

          YES               NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____          7. _____

      Foreperson

2. _____          8. _____

3. _____          9. _____

4. _____          10. _____

5. _____          11. _____

6. _____          12. _____

                                        _____

                                            Date

      **If you answered "YES" to Question 1, please go to Question 2.**

      **If you answered "NO" to Question 1, please complete the Verdict Form for Lake County.**

2.      Did **Trumbull County** prove, by the greater weight of the evidence, that any of the following Defendants engaged in intentional and/or illegal conduct which was a substantial factor in producing the public nuisance that you found exists in Question 1?

           **CVS Pharmacy, Inc.**           YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____
      Foreperson
2. _____
3. _____
4. _____
5. _____
6. _____

7. _____
8. _____
9. _____
10. _____
11. _____
12. _____

                _____
                      Date

              **Walgreen Co.**           YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____
      Foreperson
2. _____
3. _____
4. _____
5. _____
6. _____

7. _____
8. _____
9. _____
10. _____
11. _____
12. _____

                _____
                      Date

*DRAFT – November 1, 2021*

**Walmart Inc.**           YES           NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____
   Foreperson

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

_____
Date

**Subject:** Objections to Nov. 1 Jury Instructions

**Date:**   Friday, November 5, 2021 at 2:12:09 PM Eastern Daylight Time

**From:**   Alex Harris

**To:**     Dan Aaron Polster, polster_chambers@ohnd.uscourts.gov

**CC:**     David Cohen, 2804 Discovery, MDL, EXT Track3Defendants

Dear Judge Polster,

As you directed earlier this week, Walgreens and Walmart submit the following objections to the November 1 draft of the Court's jury instructions—limiting those objections to (1) language that could confuse the jury or (2) errors that have not previously been raised.  By limiting our objections as ordered by the Court, we do not waive and expressly preserve all other objections previously raised to the Court's rulings and instructions.  For preservation purposes, Defendants will be submitting a separate (and complete) set of objections to the final instructions and verdict form before the jury is charged.

*First*, we object to the omission of the well-established scienter for violations of "corresponding responsibility" in the proposed "Unlawful Conduct – Dispensing" instruction.  Without a scienter requirement, the Court's proposed instruction is both confusing and wrong, permitting the jury to hold a Defendant liable for dispensing "violations" based on mere negligence—a failure to do *everything* they can "to ensure" that prescriptions are legitimate.  Not only would that be contrary to federal and state law, but it also cannot be the basis for an *absolute* public nuisance claim.  *See* Dkt. 4098 at 1, 2, 13.

There is no dispute that a dispensing violation under the CSA or its Ohio analogue occurs only when a person *knowingly* fills an invalid prescription.  21 C.F.R. § 1306.04(a) (("[T]he person *knowingly* filling such a purported prescription . . . ."); OAC 4729-5-21(A) ("[T]he person *knowingly* dispensing such a purported prescription . . . ."); Dkt. 3403 at 21 (this Court holding that "the CSA makes clear that any person, which includes a pharmacy itself, who *knowingly* fills or allows to be filled an illegitimate prescription is in violation of the Act"); Dkt. 4075-1 at 1 (plaintiffs' proposed "unlawful conduct" instruction, stating that "it is a violation of [state and federal law] to *knowingly* fill" an invalid prescription).

There is also no dispute that "knowingly" is a heightened scienter above mere negligence.  As this Court has recognized, an act of unlawful dispensing requires showing that a person "knows or has reason to know" that a prescription was not written for a legitimate medical purpose—and the "has reason to know" prong has been defined repeatedly by DEA as being *"deliberately ignorant"* or *"willfully blind."*  Dkt. 3499 at 5-7 & n.2 (this Court adopting the "deliberately ignorant" or "willfully blind" standard for dispensing and collecting DEA authority); Dkt. 4075-1 at 1 (plaintiffs' proposed instruction, defining "knowingly" in the dispensing context and using the same "deliberately ignorant" and "willfully blind" language).

We therefore propose the following modifications to the Court's instruction:

**Unlawful Conduct – Dispensing**

Under both Federal and Ohio laws and regulations, entities that are authorized to dispense controlled substances are required to provide effective controls and procedures to guard against theft and diversion. A prescription for a controlled substance must be issued for a legitimate medical purpose by a doctor, or other registered prescriber, acting in the usual course of his or her professional practice. The Federal and Ohio Controlled Substances Acts

and their accompanying regulations also provide that the pharmacist who fills the prescription has a corresponding responsibility to ~~ensure the prescription is dispensed~~ dispense for a legitimate medical purpose. The corresponding responsibility to ~~ensure the dispensing of dispense~~ valid prescriptions extends to the pharmacy itself.

A violation of the corresponding responsibility occurs when a person ***knowingly*** fills or allows to be filled an illegitimate prescription. In this context, "knowingly" includes when a person acts with deliberate ignorance or willful blindness to information in their possession.

*Second*, for the reasons stated in their directed verdict motion, we object to instructing the jury that Defendants may be found liable for absolute public nuisance based on "intentional" conduct that fully complied with the CSA.  While Plaintiffs have previously put forward theories of purportedly "intentional" conduct that is not regulated by the CSA, like marketing or promotion, Plaintiffs' theory and evidence at trial go solely to conduct governed by the CSA—namely, the dispensing of prescription opioids.  Instructing the jury on "intentional conduct" (*i.e.*, dispensing) that is not unlawful under the CSA risks a verdict contrary to both federal and state law.  *See* Dkt. 4098 at Section 1.C. and authorities cited therein.  The jury should be instructed as to the "unlawful conduct" prong only.

At bare minimum, the instructions should be clear that Defendants cannot be held liable for conduct that complies with the CSA under ***either*** the "intentional" or "unlawful" prongs of the nuisance standard.  *See* OJI § 621.09; Restatement (Second) of Torts § 821B, cmt. f; *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App. 3d 704, 713 (1993).  If the Court chooses to instruct the jury on "intentional conduct" over Defendants' objection, it should make the existing language in the "Unlawful Conduct" instruction a standalone instruction after "Public Nuisance – Introduction" on page 20:

> Conduct that is fully authorized by a statute, ordinance, or regulation cannot create a public nuisance.

Walgreens and Walmart respectfully ask that the Court adopt these changes in its final jury instructions.

BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Peter Weinberger; Kaspar Stoffelmayr |
| **Subject:** | Amended Jury Instrs attached |
| **Date:** | Monday, November 8, 2021 11:02:05 AM |
| **Attachments:** | 2021.11.08 Draft - Final Jury Instructions.pdf |

*[please forward as appropriate]*

The Court has reviewed all of your recent submissions regarding jury instructions and made a few changes, which are highlighted in yellow, see attached.

-David

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

*DRAFT – November 8, 2021*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *Track Three Cases:* | ) | |
| | ) | **FINAL JURY INSTRUCTIONS** |
| *County of Lake, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45079* | ) | |

### Introduction

Members of the Jury:

You have heard all of the evidence and it is now time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements, or parts, of the claims that the Plaintiffs assert against the Defendants. As I have explained before, there are two Plaintiffs in this case: (1) Lake County, Ohio; and (2) Trumbull County, Ohio. Further, there are three Defendants in this case: (1) Walgreen Company; (2) CVS Pharmacy, Inc.; and (3) Walmart Inc.

1

*DRAFT – November 8, 2021*

After I explain the elements of the claims that the two Plaintiffs assert against the three Defendants, the lawyers will present their closing arguments.

Following closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the interrogatories and verdicts that you may return.

Please listen very carefully to everything I say.

*DRAFT – November 8, 2021*

**Jurors' Duties**

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if each Plaintiff has proven by a preponderance of the evidence that each Defendant is liable. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. All parties are equal in the eyes of the law. Corporations stand on equal footing, and size is not to be considered. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just decision regardless of the consequences.

3

*DRAFT – November 8, 2021*

## Burden of Proof – Preponderance of the Evidence

In a civil action, like this one, Plaintiffs are required to prove all the elements of their claim "by a preponderance of the evidence." This duty is known as the burden of proof. To establish something "by a preponderance of the evidence" means to prove that something is more likely true than not true.

A preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, more likely, or of greater probative value. Remember, it is the quality of the evidence that must be weighed, not the quantity of evidence.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. You may have also heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof that applies in criminal cases only. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the party who has the burden of proof has not established that issue by a preponderance of the evidence.

4

## **Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Evidence is all the testimony received from the witnesses including depositions, the exhibits admitted during the trial, the stipulations that the lawyers agreed to, and any facts which the Court requires you to accept as true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. And I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

5

*DRAFT – November 8, 2021*

### Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

6

## **Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testifies that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walks into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; the law does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7

### Inferences from Evidence

The law permits you to draw reasonable inferences from the evidence that has been presented. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In other words, while you should consider only the evidence in the case, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, reasonable inferences that you feel are justified in light of your common experience.

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said or only part of it or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to Plaintiffs or Defendants or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, if the witness said or did something, or failed to say or do something, at any other time that is inconsistent

9

with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things; even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

10

## **Opinion Testimony**

You have heard the testimony of numerous individuals, sometimes referred to as expert witnesses, who offered their professional opinions about the matters at issue in this lawsuit.

You do not have to accept their opinions. In deciding how much weight to give each opinion, you should consider the witnesses' qualifications and how they reached their conclusions. Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that an expert witness's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

11

## Number of Witnesses

One more point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

12

## Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by books, records and other documents that are in evidence in this case. However, these charts or summaries are not in and of themselves evidence or proof of the facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

13

*DRAFT – November 8, 2021*

## **Admissions and Interrogatory Answers**

In this case, evidence may have been introduced consisting of written questions and answers previously submitted to one of the parties. This type of evidence is to be considered according to the usual tests that apply to witnesses. You may consider the fact that these questions were formally submitted and the answers made in writing.


[[To be removed if no Admissions or Interrogatory Answers are introduced as evidence.]]

14

*DRAFT – November 8, 2021*

## Stipulations of Fact

Statements and arguments of counsel are not evidence in this case. However, if the attorneys on both sides stipulate (that is, agree) to the existence of a fact, you should accept that this fact has been established by a preponderance of the evidence.

Here are the facts to which the parties have agreed or stipulated:

[[Marked so that stipulations can be added or the section can be removed if none.]]

15

### <u>Lawyers' Objections</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

16

*DRAFT – November 8, 2021*

## **Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of Plaintiffs' claims.

But before I do that, I want to mention the following.

17

## **Corporate Defendants**

Each of the Defendants are corporations. Corporations can be held liable for their acts or omissions just as you or I can. As corporations, they can act, or fail to act, only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

18

*DRAFT – November 8, 2021*

## **Applicable Law – Public Nuisance – Introduction**

I will now instruct you on the elements of Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.

Let me define for you the legal term "***public nuisance***." A "public nuisance" is an unreasonable interference with a right held by the public in common. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1.      The Defendant engaged in ***intentional conduct*** that caused a significant and ongoing interference with a public right to health or safety; or

2.      The Defendant engaged in ***unlawful conduct*** that caused a significant and ongoing interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there should

19

**298**

be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

20

*DRAFT – November 8, 2021*

## Public Nuisance – Intentional Conduct

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew, or was substantially certain, that the circumstances resulting from that act would interfere with public health or public safety. It is not necessary for you to find that the person intended to cause a public nuisance.

If a person learns that circumstances resulting from their conduct interfere with public health or public safety, and the person continues that conduct, then the subsequent conduct is intentional.

21

*DRAFT – November 8, 2021*

### **Settlement Agreements**

You have heard testimony about settlements that certain defendants entered into with the DEA. This settlement evidence has been admitted for a limited purpose. You may consider these settlements only to the extent you believe they bear on what notice or knowledge the defendant received as a result of the settlements, or to the extent you believe they bear on the defendant's intent. You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon the fact that it entered into those settlements.

22

### **Employee Conversations**

You have heard testimony from one or more of the Defendants' employees about conversations they claimed they had with officials from State Boards of Pharmacy. This evidence has been admitted for a limited purpose. You may consider their recollections of those conversations as evidence of the Defendants' own knowledge or intent. You may not consider the testimony as evidence of any official policy of any Board of Pharmacy.

23

*DRAFT – November 8, 2021*

### Public Nuisance – Unlawful Conduct

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know their conduct is unlawful for an unlawful act to occur.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

Conduct that is fully authorized by a statute, ordinance, or regulation cannot create a public nuisance, because it is lawful conduct. But if a person's conduct does not comply with what is authorized by law, then that conduct may be unlawful conduct.

Plaintiffs contend each Defendant's conduct with respect to their dispensing of controlled substances did not comply with the Federal and Ohio Controlled Substances Acts, and their accompanying regulations. Prescription opioids are controlled substances within the meaning of Federal and Ohio law and regulations.

The Federal and Ohio Controlled Substances Acts and their accompanying regulations do not require strict or perfect compliance. Only substantial compliance is required. In other words, not every act that is in violation of the law can be a public nuisance. Only unlawful conduct that causes a significant interference with a public right to health or safety can be a public nuisance.

24

*DRAFT – November 8, 2021*

**Unlawful Conduct – Dispensing**

Under both Federal and Ohio laws and regulations, entities that are authorized to dispense controlled substances are required to provide effective controls and procedures to guard against theft and diversion. A prescription for a controlled substance must be issued for a legitimate medical purpose by a doctor, or other registered prescriber, acting in the usual course of his or her professional practice. The Federal and Ohio Controlled Substances Acts and their accompanying regulations also provide that the pharmacist who fills the prescription has a ***corresponding responsibility*** for proper dispensing of controlled substances for a legitimate medical purpose. The corresponding responsibility for proper dispensing of valid prescriptions extends to the pharmacy itself.

A violation of the corresponding responsibility occurs when a person knowingly fills or allows to be filled an illegitimate prescription. In this context, "knowingly" includes when a person acts with deliberate ignorance or willful blindness to information in their possession.

25

*DRAFT – November 8, 2021*

### Public Nuisance – Causation

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety. Let me explain something about causation.

You may find a Defendant liable only if you conclude the Defendant was a ***proximate cause*** of a public nuisance. A public nuisance may be proximately caused by a Defendant's act or failure to act. A Defendant's conduct proximately caused a public nuisance if the circumstances that constitute the nuisance are the natural and foreseeable result of that conduct. There may be more than one proximate cause of a public nuisance, but causes that are merely incidental are not proximate causes. To be a proximate cause, the acts or omissions of a Defendant must be a substantial factor in producing circumstances that unreasonably interfere with a public right to health or safety.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause, or one of the material, meaningful, or considerable causes, of the nuisance. If you find that the conduct of any Defendant proximately caused a public nuisance, it is not a defense to liability that some other entity may also be to blame.

26

In addition, the Plaintiff must show, by the greater weight of the evidence, that the conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

27

## Public Nuisance – Significant and Unreasonable

I have instructed you that a public nuisance is an ***unreasonable*** interference with a right held by the public in common, and I have used the phrase "***significant*** interference with a public right to health or safety." Let me define the terms "significant" and "unreasonable."

An interference with a public right may range from a petty annoyance to serious harm. An interference with a public right is not significant or unreasonable if it causes only a relatively slight amount of inconvenience. An interference with a public right is significant or unreasonable if it causes greater harm than the public should be required to bear, considering all the circumstances. When you consider whether an interference with a public right is significant or unreasonable, some of the factors you may consider include the nature, extent, and duration of the interference, and the social value of the Defendant's conduct.

28

*DRAFT – November 8, 2021*

### Public Nuisance – Conclusion

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict forms will guide you through this process.

29

## **Introduction**

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will be your spokesperson for you here in court.

Once you start deliberating, do not talk to the courtroom deputy or to me or to anyone else about the case. We must communicate in writing. Write down your message, have the foreperson sign it, and then give it to the courtroom deputy. He will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should remain secret until you are finished.

30

*DRAFT – November 8, 2021*

### Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

31

*DRAFT – November 8, 2021*

### Experiments, Research, Investigation and Outside Communications – Admonition

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

32

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and the Court. No one wants to see money wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

In summary, make your decision based only on the evidence that you saw and heard here in court.

*DRAFT – November 8, 2021*

## **Unanimous Verdict**

Your verdict, whether it be for a Plaintiff or a Defendant, must be unanimous. This means that, for you to find for a specific Plaintiff and against a specific Defendant, every one of you must agree that that specific Plaintiff has proved all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Similarly, for you to find for a specific Defendant and against a specific Plaintiff, every one of you must agree that that specific Plaintiff has failed to prove all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Either way, your verdict must be unanimous.

34

## **Duty to Deliberate**

When you enter the jury room following the arguments, you are free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if Plaintiff has proved its claim(s) by a preponderance of the evidence. Your sole interest is to seek the truth from the evidence in the case.

35

### Verdict Forms

I have prepared verdict forms that you should use to record your verdict. The form reads as follows:

**READ JURY VERDICT FORMS.**

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in each answer, sign his or her name, and date the form in the bottom right-hand corner. Each of you will then sign the verdict forms indicating your agreement with that answer. You will then repeat that process for each question that requires a response. Please complete these documents in ink. Unless all of you agree, you may not return an answer to any question.

After you have all signed the appropriate documents, ring the jury buzzer, and you will be returned to the courtroom as soon as we have gathered all of the parties and their counsel.

36

### Juror Questions

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations. These instructions should answer any question that you have.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

37

### <u>The Court Has No Opinion</u>

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury. You shall decide for yourselves if Plaintiff has proved by a preponderance of the evidence its claim(s) against Defendant.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's charge, the verdict forms and the exhibits which have been admitted into evidence.

| | |
|---|---|
| **From:** | Julian Veintimilla |
| **To:** | Brian Swanson; External User - Sasha Miller; Mark Lanier; Peter H. Weinberger |
| **Cc:** | Majoras, John M.; External User - Tina Tabacchi; External User - Paul Hynes; Kaspar Stoffelmayr; Sheila Schebek; External User - Graeme Bush |
| **Subject:** | MDL Final Jury Instructions |
| **Date:** | Wednesday, November 10, 2021 8:45:36 AM |
| **Attachments:** | 2021.11.09 Draft - Final Jury Instructions.pdf |
| | 2021.11.09 Draft - Verdict Forms.pdf |

Counsel,

Please find attached a copy of the most up-to-date version of the jury instructions and verdict forms.

Thank you,

**Julian Veintimilla**
Law Clerk to Senior United States District Court Judge
The Honorable Dan A. Polster
Northern District of Ohio
(216) 357-7197

*DRAFT – November 9, 2021*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) **MDL 2804** |
| | ) |
| | ) **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) |
| | ) **Judge Dan Aaron Polster** |
| *Track Three Cases:* | ) |
| | ) **FINAL JURY INSTRUCTIONS** |
| *County of Lake, Ohio v.* | ) |
| *    Purdue Pharma, L.P., et al.,* | ) |
| *Case No. 18-op-45032* | ) |
| | ) |
| *County of Trumbull, Ohio v.* | ) |
| *    Purdue Pharma, L.P., et al.,* | ) |
| *Case No. 18-op-45079* | ) |

## Introduction

Members of the Jury:

You have heard all of the evidence and it is now time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements, or parts, of the claims that the Plaintiffs assert against the Defendants. As I have explained before, there are two Plaintiffs in this case: (1) Lake County, Ohio; and (2) Trumbull County, Ohio. Further, there are three Defendants in this case: (1) Walgreen Company; (2) CVS Pharmacy, Inc.; and (3) Walmart Inc.

1

After I explain the elements of the claims that the two Plaintiffs assert against the three Defendants, the lawyers will present their closing arguments.

Following closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the interrogatories and verdicts that you may return.

Please listen very carefully to everything I say.

### Jurors' Duties

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if each Plaintiff has proven by a preponderance of the evidence that each Defendant is liable. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. All parties are equal in the eyes of the law. Corporations stand on equal footing, and size is not to be considered. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just decision regardless of the consequences.

## Burden of Proof – Preponderance of the Evidence

In a civil action, like this one, Plaintiffs are required to prove all the elements of their claim "by a preponderance of the evidence." This duty is known as the burden of proof. To establish something "by a preponderance of the evidence" means to prove that something is more likely true than not true.

A preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, more likely, or of greater probative value. Remember, it is the quality of the evidence that must be weighed, not the quantity of evidence.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. You may have also heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof that applies in criminal cases only. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the party who has the burden of proof has not established that issue by a preponderance of the evidence.

4

## **Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Evidence is all the testimony received from the witnesses including depositions, the exhibits admitted during the trial, the stipulations that the lawyers agreed to, and any facts which the Court requires you to accept as true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. And I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

5

### **Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

6

## Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testifies that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walks into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; the law does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7

## **Inferences from Evidence**

The law permits you to draw reasonable inferences from the evidence that has been presented. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In other words, while you should consider only the evidence in the case, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, reasonable inferences that you feel are justified in light of your common experience.

8

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said or only part of it or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to Plaintiffs or Defendants or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, if the witness said or did something, or failed to say or do something, at any other time that is inconsistent

9

*DRAFT – November 9, 2021*

with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things; even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

10

## **Opinion Testimony**

You have heard the testimony of numerous individuals, sometimes referred to as expert witnesses, who offered their professional opinions about the matters at issue in this lawsuit.

You do not have to accept their opinions. In deciding how much weight to give each opinion, you should consider the witnesses' qualifications and how they reached their conclusions. Also, consider the other factors discussed in these instructions for weighing the credibility of witnesses.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that an expert witness's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

11

### Number of Witnesses

One more point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

12

*DRAFT – November 9, 2021*

### **Charts and Summaries**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by books, records and other documents that are in evidence in this case. However, these charts or summaries are not in and of themselves evidence or proof of the facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

13

## <u>Lawyers' Objections</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

14

*DRAFT – November 9, 2021*

## **<u>Introduction</u>**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of Plaintiffs' claims.

But before I do that, I want to mention the following.

15

### **Corporate Defendants**

Each of the Defendants are corporations. Corporations can be held liable for their acts or omissions just as you or I can. As corporations, they can act, or fail to act, only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.

*DRAFT – November 9, 2021*

**Applicable Law – Public Nuisance – Introduction**

I will now instruct you on the elements of Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant dispensed opioid products in a manner that endangered public health or safety, thereby creating a public nuisance. Specifically, each Plaintiff claims that each Defendant substantially contributed to an oversupply of legal prescription opioids, and to diversion of those opioids into the illicit market outside of appropriate medical channels, thereby endangering public health or safety.

Let me define for you the legal term "***public nuisance***." A "public nuisance" is an unreasonable interference with a right held by the public in common that is ongoing today. A public nuisance includes an unreasonable interference with public health or public safety.

A right common to the general public is a right or an interest that belongs to the community-at-large. It is a right that is collective in nature. A public right is different from an individual right that everyone has, like the right not to be assaulted or defrauded. For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1. The Defendant engaged in ***intentional conduct*** that caused a significant and ongoing interference with a public right to health or safety; or

2. The Defendant engaged in ***unlawful conduct*** that caused a significant and ongoing interference with a public right to health or safety.

Please remember that you are being asked to determine only whether one or more of the Defendants created a public nuisance. You are not being asked to determine whether there should

17

335

be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants created a public nuisance, the Court will determine the remedy.

18

*DRAFT – November 9, 2021*

### Public Nuisance – Intentional Conduct

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result. A person intends an act when that act is done purposely, not accidentally. The intent with which a person acts is known only to that person. There are two ways to prove a person's intentional conduct. One, when a person expresses their intent to others. Or two, when a person somehow indicates their intent by their conduct.

For you to find that a person engaged in intentional conduct, it is enough that the person intended to act and knew, or was substantially certain, that the circumstances resulting from that act would interfere with public health or public safety. It is not necessary for you to find that the person intended to cause a public nuisance.

If a person learns that circumstances resulting from their conduct interfere with public health or public safety, and the person continues that conduct, then the subsequent conduct is intentional.

19

*DRAFT – November 9, 2021*

**Settlement Agreements**

You have heard testimony about settlements that certain defendants entered into with the DEA. This settlement evidence has been admitted for a limited purpose. You may consider these settlements only to the extent you believe they bear on what notice or knowledge the defendant received as a result of the settlements, or to the extent you believe they bear on the defendant's intent. You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon the fact that it entered into those settlements.

20

### **Employee Conversations**

You have heard testimony from one or more of the Defendants' employees about conversations they testified they had with officials from State Boards of Pharmacy. This evidence has been admitted for a limited purpose. You may consider their recollections of those conversations as evidence of the Defendants' own knowledge or intent. You may not consider the testimony as evidence of any official policy of any Board of Pharmacy.

21

## Public Nuisance – Unlawful Conduct

Next, let me define the term "***unlawful conduct***."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited by law, or by failing to act in a certain way that is required by law. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a statute, ordinance, or regulation that controls safety. And unlawful conduct also occurs when a statute, ordinance, or regulation that controls safety requires a person to engage in certain conduct, but the person fails to do so.

The person does not need to know their conduct is unlawful for an unlawful act to occur.

A law controls safety if it imposes specific legal requirements for the protection of the health, safety, or welfare of others. The federal and Ohio Controlled Substances Acts and their accompanying regulations are laws that control safety.

Conduct that is fully authorized by a statute, ordinance, or regulation cannot create a public nuisance, because it is lawful conduct. But if a person's conduct does not comply with what is authorized by law, then that conduct may be unlawful conduct.

Plaintiffs contend each Defendant's conduct with respect to their dispensing of controlled substances did not comply with the Federal and Ohio Controlled Substances Acts, and their accompanying regulations. Prescription opioids are controlled substances within the meaning of Federal and Ohio law and regulations.

The Federal and Ohio Controlled Substances Acts and their accompanying regulations do not require strict or perfect compliance. Only substantial compliance is required. In other words, not every act that is in violation of the law can be a public nuisance. Only unlawful conduct that causes a significant interference with a public right to health or safety can be a public nuisance.

22

**Unlawful Conduct – Dispensing**

Under both Federal and Ohio laws and regulations, entities that are authorized to dispense controlled substances are required to provide effective controls and procedures to guard against theft and diversion. A prescription for a controlled substance must be issued for a legitimate medical purpose by a doctor, or other registered prescriber, acting in the usual course of his or her professional practice. The Federal and Ohio Controlled Substances Acts and their accompanying regulations also provide that the pharmacist who fills the prescription has a ***corresponding responsibility*** for proper dispensing of controlled substances for a legitimate medical purpose. The corresponding responsibility for proper dispensing of valid prescriptions extends to the pharmacy itself.

A violation of the corresponding responsibility occurs when a person knowingly fills or allows to be filled an illegitimate prescription. In this context, "knowingly" includes when a person acts with deliberate ignorance or willful blindness to information in their possession.

23

*DRAFT – November 9, 2021*

## Public Nuisance – Causation

Under either of the two ways of proving public nuisance – that is, showing intentional conduct or unlawful conduct – a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct ***caused*** an interference with a right to public health or safety that is ongoing today. Let me explain something about causation.

You may find a Defendant liable only if you conclude the Defendant was a ***proximate cause*** of a public nuisance. A public nuisance may be proximately caused by a Defendant's act or failure to act. A Defendant's conduct proximately caused a public nuisance if the circumstances that constitute the nuisance are the natural and foreseeable result of that conduct. There may be more than one proximate cause of a public nuisance, but causes that are merely incidental are not proximate causes. To be a proximate cause, the acts or omissions of a Defendant must be a substantial factor in producing circumstances that unreasonably interfere with a public right to health or safety.

An individual Defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the conduct the Defendant engaged in was a ***substantial factor*** in creating the public nuisance. A Defendant's conduct is "substantial" if a reasonable person would regard that conduct as the cause, or one of the material, meaningful, or considerable causes, of the nuisance. If you find that the conduct of any Defendant proximately caused a public nuisance, it is not a defense to liability that some other entity may also be to blame.

24

*DRAFT – November 9, 2021*

In addition, the Plaintiff must show, by the greater weight of the evidence, that the conduct a Defendant engaged in could reasonably be expected to cause an interference with public health or safety. A Defendant does not, however, need to foresee that their conduct would lead to the specific nuisance that occurred.

25

### Public Nuisance – Significant and Unreasonable

I have instructed you that a public nuisance is an ***unreasonable*** interference with a right held by the public in common, and I have used the phrase "***significant*** interference with a public right to health or safety." Let me define the terms "significant" and "unreasonable."

An interference with a public right may range from a petty annoyance to serious harm. An interference with a public right is not significant or unreasonable if it causes only a relatively slight amount of inconvenience. An interference with a public right is significant or unreasonable if it causes greater harm than the public should be required to bear, considering all the circumstances. When you consider whether an interference with a public right is significant or unreasonable, some of the factors you may consider include the nature, extent, and duration of the interference, and the social value of the Defendant's conduct.

*DRAFT – November 9, 2021*

## <u>Public Nuisance – Conclusion</u>

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor of any other Plaintiff or any other Defendant.

The verdict forms will guide you through this process.

27

## <u>Introduction</u>

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will be your spokesperson for you here in court.

Once you start deliberating, do not talk to the courtroom deputy or to me or to anyone else about the case. We must communicate in writing. Write down your message, have the foreperson sign it, and then give it to the courtroom deputy. He will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should remain secret until you are finished.

28

## Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## Experiments, Research, Investigation and Outside Communications – Admonition

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

30

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and the Court. No one wants to see money wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

In summary, make your decision based only on the evidence that you saw and heard here in court.

## **Unanimous Verdict**

Your verdict, whether it be for a Plaintiff or a Defendant, must be unanimous. This means that, for you to find for a specific Plaintiff and against a specific Defendant, every one of you must agree that that specific Plaintiff has proved all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Similarly, for you to find for a specific Defendant and against a specific Plaintiff, every one of you must agree that that specific Plaintiff has failed to prove all the elements of its claim against that specific Defendant by a preponderance of the evidence.

Either way, your verdict must be unanimous.

32

### Duty to Deliberate

When you enter the jury room following the arguments, you are free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if Plaintiff has proved its claim(s) by a preponderance of the evidence. Your sole interest is to seek the truth from the evidence in the case.

### Verdict Forms

I have prepared verdict forms that you should use to record your verdict. The form reads as follows:

**READ JURY VERDICT FORMS.**

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in each answer, sign his or her name, and date the form in the bottom right-hand corner. Each of you will then sign the verdict forms indicating your agreement with that answer. You will then repeat that process for each question that requires a response. Please complete these documents in ink. Unless all of you agree, you may not return an answer to any question.

After you have all signed the appropriate documents, ring the jury buzzer, and you will be returned to the courtroom as soon as we have gathered all of the parties and their counsel.

34

*DRAFT – November 9, 2021*

### Juror Questions

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations. These instructions should answer any question that you have.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

35

*DRAFT – November 9, 2021*

### The Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury. You shall decide for yourselves if Plaintiff has proved by a preponderance of the evidence its claim(s) against Defendant.

The courtroom deputy may now escort the jurors to the jury room, taking to them the Court's charge, the verdict forms and the exhibits which have been admitted into evidence.

36

*DRAFT – November 9, 2021*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *Track Three Cases:* | ) | |
| | ) | **VERDICT FORM** |
| *County of Lake, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45079* | ) | |

# VERDICT FORM
# Lake County

*DRAFT – November 9, 2021*

**FOR ALL QUESTIONS IN THIS VERDICT FORM,**

**PLEASE CIRCLE YOUR ANSWERS IN INK**.

1.      Did **Lake County** prove, by the greater weight of the evidence, that oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels, is a public nuisance in **Lake County**?

          YES              NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____          7. _____
          Foreperson

2. _____          8. _____

3. _____          9. _____

4. _____          10. _____

5. _____          11. _____

6. _____          12. _____


                                             _____
                                                      Date


          **If you answered "YES" to Question 1, please go to Question 2.**

          **If you answered "NO" to Question 1, please complete the Verdict Form for Trumbull County.**

*DRAFT – November 9, 2021*

2.      Did **Lake County** prove, by the greater weight of the evidence, that any of the following Defendants engaged in intentional and/or illegal conduct which was a substantial factor in producing the public nuisance that you found exists in Question 1?

**CVS Pharmacy, Inc.**          YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____
   Foreperson

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

_____
Date

**Walgreen Co.**          YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____
   Foreperson

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

_____
Date

*DRAFT – November 9, 2021*

**Walmart Inc.**                     YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____    7. _____
       Foreperson

2. _____    8. _____

3. _____    9. _____

4. _____    10. _____

5. _____    11. _____

6. _____    12. _____

                            _____
                                  Date

*DRAFT – November 9, 2021*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *Track Three Cases:* | ) | |
| | ) | <u>**VERDICT FORM**</u> |
| *County of Lake, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45032* | ) | |
| | ) | |
| *County of Trumbull, Ohio v.* | ) | |
| *Purdue Pharma, L.P., et al.,* | ) | |
| *Case No. 18-op-45079* | ) | |

# VERDICT FORM

# Trumbull County

**FOR ALL QUESTIONS IN THIS VERDICT FORM,**

**PLEASE CIRCLE YOUR ANSWERS IN INK**.

1.      Did **Trumbull County** prove, by the greater weight of the evidence, that oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels, is a public nuisance in **Trumbull County**?

        YES            NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____
     Foreperson

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

_____
Date

        **If you answered "YES" to Question 1, please go to Question 2.**

        **If you answered "NO" to Question 1, please complete the Verdict Form for Lake County.**

*DRAFT – November 9, 2021*

2.     Did **Trumbull County** prove, by the greater weight of the evidence, that any of the following Defendants engaged in intentional and/or illegal conduct which was a substantial factor in producing the public nuisance that you found exists in Question 1?

            **CVS Pharmacy, Inc.**          YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____       7. _____
     Foreperson

2. _____       8. _____

3. _____       9. _____

4. _____      10. _____

5. _____      11. _____

6. _____      12. _____

                                   _____
                                      Date

             **Walgreen Co.**           YES          NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____       7. _____
     Foreperson

2. _____       8. _____

3. _____       9. _____

4. _____      10. _____

5. _____      11. _____

6. _____      12. _____

                                     _____
                                      Date

*DRAFT – November 9, 2021*

**Walmart Inc.**                     YES             NO

Please sign and date the verdict form indicating your agreement with this response.

1. _____          7. _____
      Foreperson

2. _____          8. _____

3. _____          9. _____

4. _____          10. _____

5. _____          11. _____

6. _____          12. _____

                           _____
                               Date