UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to<br><br>**BOARD OF EDUCATION OF THORNTON TOWNSHIP HIGH SCHOOLS, DISTRICT 205,** *et al.*, on behalf of themselves and others similarly situated,<br><br>v.<br><br>**CEPHALON, INC.,** *et al.*<br><br>**Defendants.**<br><br>and<br><br>**SCHOOL BOARD OF MIAMI-DADE COUNTY,**<br><br>v.<br><br>**ENDO HEALTH SOLUTIONS, INC.,** *et al.*<br><br>**Defendants.** | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>[1:20-op-45281-DAP, 1:19-op-45913 DAP]<br><br>Judge Dan Aaron Polster |

**CERTAIN PUBLIC SCHOOL DISTRICTS' REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE, *INSTANTER*, A MOTION TO MODIFY THE JULY 23, 2021, CASE
MANAGEMENT ORDER AND TO REQUEST COURT-ORDERED MEDIATION**

Public School Districts submit this reply to make two brief points.

*First*, the opioid Defendants' argument that the Settlements do not prohibit schools from receiving funds misses the point. ECF 4119 at 2; ECF 4123 at 2. The settlement documents themselves speak only of funding school *prevention* tasks. By contrast, the funding school

districts need, and seek, is *for special education and related services for students injured by Defendants' opioids in utero.* The Settlements offer nothing for that key abatement function, and neither does any known state agreement or plan. On this key point, the Defendants' filings fall silent. The Defendants' Settlements identify and protect specific forms of abatement for general-purpose, local governments. (Distributors Settlement Ex. E, Sched. P, Pt. 2 at E-6, E-12.)  But they omit any funding to help schools educate the large and growing number of children born with Neonatal Opioid Withdrawal Syndrome, affecting educational outcomes and communities. This is not a minor omission. But it is not surprising—given that school districts were excluded from, and wholly unrepresented in, settlement negotiations. Without funds earmarked for special education services, any school district executing a participation form would be releasing its claim without any certainty of receiving any consideration.

*Second*, the opioid Defendants' argument that states are unlikely to ignore school districts when funds are allocated—because whether schools participate in the Settlements affects payments to settling states—is misleading. ECF 4119 at 2; ECF 4123 at 2. In fact, the Settlements have been structured to make it irrelevant whether schools participate unlike municipalities, who are counted by the size of their total populations (and not merely the number of opioid victims in the population), school districts, by contrast, are not counted by total population but only by the number of special education students. (Distributors Settlement § IV.F.1.b). As a result, it is fanciful to think any state will "step down" from Incentive Payment A to Incentive Payment B if school districts do not release their claims. Indeed, the Defendants offer no rationale at all for counting special education for "participation purposes" but not for special education related abatement.

## CONCLUSION

For these reasons, Public School Districts respectfully request that the Court permit them to file their Motion, order the relevant parties to engage in mediation, and modify its July 23 CMO.

Dated: November 12, 2021                                    Respectfully submitted,

/s/ Cyrus Mehri

One of the Attorneys for Plaintiffs

| | |
|---|---|
| Cyrus Mehri | Matthew J. Piers |
| cmehri@findjustice.com | mpiers@hsplegal.com |
| Steve Skalet | Charles D. Wysong |
| sskalet@findjustice.com | cwysong@hsplegal.com |
| Joshua Karsh | Emily R. Brown |
| jkarsh@findjustice.com | ebrown@hsplegal.com |
| Ezra Bronstein | Margaret E. Truesdale |
| ebronstein@findjustice.com | mtruesdale@hsplegal.com |
| MEHRI & SKALET, PLLC | HUGHES SOCOL PIERS |
| 2000 K Street, N.W., Suite 325 | RESNICK & DYM, LTD. |
| Washington, D.C. 20006 | 70 W. Madison Street, Suite 4000 |
| 202.822.5100 | Chicago, IL 60602 |
| | 312.580.0100 |
| Neil Henrichsen | Wayne Hogan |
| nhenrichsen@hslawyers.com | hogan@terrellhogan.com |
| HENRICHSEN SIEGAL, PLLC | Leslie A. Goller |
| 301 W. Bay Street, Suite 1400 | lgoller@terrellhogan.com |
| Jacksonville, FL 32202 | TERREL HOGAN YEGELWEL, P.A. |
| 904.381.8183 | 233 E. Bay Street, Suite 800 |
| | Jacksonville, FL 32202 |
| | 904.722.2228 |

*Attorneys for the Proposed Classes*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of November 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

*/s/ Cyrus Mehri*

One of the Attorneys for Plaintiff Public School Districts