# EXHIBIT B

 2021 OK 54 

# IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, ex rel., MIKE HUNTER, ATTORNEY GENERAL OF OKLAHOMA, | ) ) ) ) | FILED<br>SUPREME COURT<br>STATE OF OKLAHOMA<br><br>NOV - 9 2021<br><br>JOHN D. HADDEN<br>CLERK |
|     Plaintiff/Appellee/<br>    Counter-Appellant, | ) ) ) ) | |
| v. | ) ) | No. 118,474 |
| JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., n/k/a JANSSEN PHARMACEUTICA, INC., n/k/a JANSSEN PHARMACEUTICALS, INC., | ) ) ) ) ) ) ) ) ) | FOR OFFICIAL PUBLICATION |
|     Defendants/Appellants/<br>    Counter-Appellees, | ) ) ) | |
| and | ) ) | |
| PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; ALLERGAN, PLC, f/k/a ACTAVIS PLC, f/k/a ACTAVIS INC., f/k/a WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC., f/k/a WATSON PHARMA, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|     Defendants. | ) ) | |

**KUEHN, J., SPECIALLY CONCURRING:**

¶ 1    I agree with the Majority's analysis and conclusion and write to discuss why Oklahoma nuisance law is not, and unless the Legislature amends it, never will be, a tort.

¶ 2    The main argument on appeal is simple. Can judges read the plain meaning of the public nuisance statute to include actions that lie in tort theory? Jurists typically look to legislative history behind a vague or broad statute to determine the legislature's intent, but that is not an option here. There is no legislative history because three years after statehood, the legislature codified common law public nuisance. This statute has been amended once and only to add an agricultural exception. It was not amended during or after the 1970s movement to expand public nuisance, broadening its meaning to fit environmental tort claims.[1] Without history to consider, the Court should look to the common law meaning of a public nuisance.[2]

¶ 3    Oklahoma public nuisance law involves injury to public property and a private person's lack of capacity to correct that harm. 50 O.S. §§ 1, 2. The State of Oklahoma sues to abate the wrong and ensure the elimination of the public nuisance. 50 O.S. § 11. A public nuisance is a criminal misdemeanor with a penalty under 21 O.S. § 1191.

¶ 4    Understanding the plain language of the public nuisance statute, the Majority correctly finds that marketing a product is not within that definition. I am concerned that, because some believe the statutory language is vague, it leads to any interpretation of what a public nuisance can be, including marketing a product. The Legislature should consider reexamining the public nuisance statute to prevent further misapplications. If the public nuisance law can be broadly interpreted as is

---

[1] *See* Schwartz, et al., *Game Over? Why Recent Supreme Court Decisions Should End the Attempted Expansion of Public Nuisance Law*, 62 Okla. Law Rev. 629, 636-39 (2010).

[2] *See* Thomas W. Merrill, *Is Public Nuisance a Tort?*, 4 J. Tort L. 1, 11-12 (2011)(when criminal liability is grounded in public nuisance law, it reinforces public nuisance as a public action and not a tort).

suggested by the Appellants, I believe the law will become the newest fictional shape-shifting monster.

¶ 5    Halting the opioid crisis and making victims whole is a laudable goal. However, it cannot be attained by reshaping public nuisance law through the judicial branch. Revisions of a statute made by any branch other than the Legislature and not anticipated by the public deprive persons of due process. Filing lawsuits using these unanticipated broad interpretations allows the courts, not the Legislature, to dictate public policy.  The Majority recognizes that tort laws with due process considerations exist to make injured persons whole. Therefore, a need to be creative with public nuisance is unnecessary. "There is a reason why all things are as they are." Bram Stoker, *Dracula* (1897). The Majority rightly leaves public nuisance within its common law meaning.