**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*All Cases.* | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**REPLY BRIEF IN SUPPORT OF MOTION TO MODIFY AMENDED CASE MANAGEMENT ORDER NO. 2: PROTECTIVE ORDER**

McKinsey & Company, Inc., McKinsey & Company, Inc. United States, and McKinsey & Co., Inc. Washington D.C. (collectively, "McKinsey") respectfully submit this reply brief in support of McKinsey's Motion to Modify Amended Case Management Order No. 2: Protective Order (Dkt. 4028).

McKinsey's motion seeks two amendments to the protective order to ensure that all parties to MDL 2996 can access and use relevant discovery from MDL 2804 on equal terms. The first proposed modification is not in dispute: both sides agree that the definition of "McKinsey Discovery Material" should be expanded to encompass all discovery from MDL 2804 that is relevant to the claims asserted in MDL 2996 (not just discovery pertaining to McKinsey's opioid-related work). This amendment will permit McKinsey to access the same relevant materials that plaintiffs already have, and it will remove plaintiffs from the role of determining unilaterally what materials McKinsey can and cannot receive.

McKinsey's second proposed modification is designed to ensure that plaintiffs, as the only parties to MDL 2996 who can presently access discovery from MDL 2804, make the relevant portion of that discovery available to McKinsey before they begin using it themselves. Specifically, McKinsey proposes that the Court amend the protective order to permit the use of McKinsey Discovery Material in MDL 2996 "provided that all parties to MDL No. 2996 have been granted access" to that material.

1

Plaintiffs oppose this second modification not as a matter of law or principle, but because it will force them to give McKinsey access to 2804 discovery before they can use that discovery in their Master Complaints in MDL 2996.[1]  *See* Opp'n at 5.  This objection is misplaced for several reasons.

First, plaintiffs have until December 6, 2021 to file their Master Complaints in MDL 2996.  *See* MDL 2996 Dkt. 282.  As plaintiffs note, the parties have been discussing the logistics of discovery production, *see* Opp'n at 3, and McKinsey has provided a preliminary list of the producing parties from MDL 2804 whose productions McKinsey believes are relevant to the claims in MDL 2996.  Plaintiffs have provided no compelling reason they cannot facilitate McKinsey's access to these productions by December 6.

Second, plaintiffs have no legal entitlement to use discovery from MDL 2804 to prepare their complaints in MDL 2996.  *See Calderon v. District Ct.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[W]ith one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery."); *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2008 WL 62278, at *5 (N.D. Cal. Jan. 4, 2008) ("[T]he timing of discovery under the Federal Rules is not a mere formalism that easily gives way to a plaintiff's invocation of efficiency . . . .").  While there are efficiencies associated with coordination of discovery in MDL 2804 and MDL 2996, the manner and timing of that coordination are up to the courts.  McKinsey submits that the timing should not favor one side over the other – and thus has proposed simply that neither side may *use* discovery until both sides can *access* it.  Assuming this provision is met, McKinsey has no objection to plaintiffs' use of 2804 discovery to plead their Master Complaints; but if relevant 2804 discovery is not accessible to both sides, plaintiffs should not be able to use it.

---

[1] Plaintiffs mention, and then "put[] aside," the ostensible "hurdle that McKinsey lacks standing to challenge the use of documents produced by other parties."  Opp'n at 1.  Given that plaintiffs approached McKinsey about modifying the protective order in MDL 2804 to permit the use of discovery in MDL 2996 – and considering that McKinsey is a producing party in MDL 2804 – plaintiffs presumably do not mean to argue that McKinsey cannot seek to modify the protective order's pertinent language.  However, if the Court desires argument on the question of standing, McKinsey would be happy to brief the issue.

Third, plaintiffs' attempt to analogize the informational asymmetry in these proceedings to run-of-the-mill civil litigation is unavailing. This is not a typical situation in which, at the inception of the case, plaintiffs have plaintiffs' documents and McKinsey has McKinsey's. Here, plaintiffs – and only plaintiffs – have access to *43 million* documents produced by *others* in MDL 2804. What's more, some of the documents plaintiffs have were produced into MDL 2804 *by McKinsey*. Plaintiffs thus have a trove of producers' materials, including their adversary McKinsey's documents, while McKinsey has nothing from plaintiffs or other producing parties. Under these circumstances, plaintiffs' observation that "informational asymmetry at the outset of litigation is the norm," Opp'n at 5, is demonstrably inapt.

Fourth, plaintiffs are wrong to suggest that only the Court in MDL 2996 can address the particulars of discovery coordination. *See* Opp'n at 4. By definition, coordination in parallel or related litigation involves multiple courts that must work together to minimize unnecessary duplication of cost, effort, and burden on third parties. *See* Manual for Complex Litigation § 11.423 (noting that coordination of discovery across related matters can reduce discovery costs and burdens); *id.* § 20.31 ("State and federal judges … have undertaken innovative efforts to coordinate parallel or related litigation so as to reduce the costs, delays, and duplication of effort that often stem from such dispersed litigation."). Here, McKinsey has proposed an efficient mechanism to coordinate discovery across MDL proceedings in an evenhanded way. Plaintiffs' alternative – coordination in a manner that *disadvantages* McKinsey – injects an element of inequity that McKinsey's modification will avoid.

Finally, plaintiffs misconstrue the purposes for which McKinsey seeks equal access to relevant discovery from MDL 2804. Plaintiffs contend that McKinsey can wait indefinitely for access to 2804 discovery because such discovery is "by definition unnecessary for McKinsey to file a motion to dismiss." Opp'n at 2. But McKinsey made clear in its moving papers that it seeks prompt and equal access to 2804 discovery for a variety of reasons, including crafting interrogatories and requests for admissions, subpoenaing witnesses and documents, and drafting witness examinations. Mtn. at 5. Not surprisingly, plaintiffs cite no authority for the dubious

suggestion that their interest in drafting complaints trumps McKinsey's interest in using discovery for other purposes, such that plaintiffs should be permitted to access and use their choice of 43 million documents while McKinsey is stuck with nothing.

In the final analysis, the Court can achieve what everyone agrees is appropriate – fair and equal access to discovery from MDL 2804 for use on equal terms in MDL 2996 – by entering the amended form of the protective order attached to McKinsey's motion.  It will then be up to the parties to MDL 2996 to identify relevant materials and make them available to both sides on a mutually agreeable timetable.

Dated:  November 15, 2021                    Respectfully submitted,


                                             /s/ Amanda K. Baker
                                             Amanda K. Baker
                                             Ohio Bar #95531
                                             HOLLAND & HART LLP
                                             9555 Hillwood Drive, 2nd Floor
                                             Las Vegas, NV 89134
                                             Tel: (702) 222-2572
                                             Fax (702) 430-2658
                                             AKBaker@hollandhart.com

                                             *Attorney for Defendant McKinsey
                                             &Company, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Amanda K. Baker*
Amanda K. Baker
Ohio Bar #95531
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Tel: (702) 222-2572
Fax: (702) 430-2658
AKBaker@hollandhart.com

*Attorney for Defendant McKinsey & Company, Inc.*
