```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF OHIO
                   EASTERN DIVISION AT CLEVELAND

-------------------------------X
IN RE:                         :  Case No. 1:17-md-2804
                               :
NATIONAL PRESCRIPTION          :
OPIATE LITIGATION              :
                               :  VOLUME 29
CASE TRACK THREE               :  JURY TRIAL
                               :  (Pages 7337 - 7350)
                               :
                               :
                               :
                               :
                               :  November 16, 2021
-------------------------------X


            TRANSCRIPT OF JURY TRIAL PROCEEDINGS


       HELD BEFORE THE HONORABLE DAN AARON POLSTER


              SENIOR UNITED STATES DISTRICT JUDGE




Official Court Reporter:       Heather K. Newman, RMR, CRR
                               United States District Court
                               801 West Superior Avenue
                               Court Reporters 7-189
                               Cleveland, Ohio 44113
                               216.357.7035


  Proceedings recorded by mechanical stenography; transcript
             produced by computer-aided transcription.
```

```
 1    APPEARANCES:

 2    For the Plaintiffs:      Peter H. Weinberger, Esq.
                               SPANGENBERG, SHIBLEY & LIBER
 3                             1001 Lakeside Avenue, Ste. 1700
                               1900 East Ninth Street
 4                             Cleveland, Ohio 44114
                               216-696-3232
 5
                               W. Mark Lanier, Esq.
 6                             Rachel Lanier, Esq.
                               THE LANIER LAW FIRM
 7                             6810 FM 1960 West
                               Houston, Texas 77069
 8                             813-659-5200

 9                             Frank L. Gallucci, III, Esq.
                               PLEVIN & GALLUCCI COMPANY, LPA
10                             The Illuminating Building
                               Suite 2222
11                             55 Public Square
                               Cleveland, Ohio 44113
12                             216-861-0804

13

14    For Walgreen Defendants: Kaspar J. Stoffelmayr, Esq.
                               Brian C. Swanson, Esq.
15                             Katherine M. Swift, Esq.
                               BARTLIT BECK LLP
16                             54 West Hubbard Street, Ste.300
                               Chicago, Illinois 60654
17                             312-494-4400

18

19

20

21

22

23

24

25
```

```
 1    APPEARANCES (Cont'd):

 2    For CVS Defendants:       Eric R. Delinsky, Esq.
                                Paul B. Hynes, Jr., Esq.
 3                              Alexandra W. Miller, Esq.
                                ZUCKERMAN SPAEDER - WASHINGTON
 4                              Suite 1000
                                1800 M Street, NW
 5                              Washington, DC 20036
                                202-778-1831
 6
      For Walmart               John M. Majoras, Esq.
 7    Defendants:               JONES DAY - COLUMBUS
                                Suite 600
 8                              325 John H. McConnell Blvd.
                                Columbus, Ohio 43215
 9                              614-281-3835

10                              Tara A. Fumerton, Esq.
                                JONES DAY - CHICAGO
11                              Suite 3500
                                77 West Wacker
12                              Chicago, Illinois 60601
                                312-782-3939
13

14    ALSO PRESENT:             David Cohen, Special Master

15
                                    - - - - -
16

17

18

19

20

21

22

23

24

25
```

|  |  |
|---|---|
| 1 | (In court at 3:44 p.m.) |
| 2 | THE COURT: All right. Please be seated. |
| 3 | A short time ago we received a question signed by the |
| 4 | foreperson, "Can we please have the DEA definition of |
| 15:44:38  5 | diversion?" |
| 6 | My intent is to simply say I cannot answer this |
| 7 | question; you must rely on your collective memories of the |
| 8 | testimony and, of course, review the documents. Unless |
| 9 | anyone has better suggestions. |
| 15:45:08 10 | Certainly there's no definition of diversion in the |
| 11 | instructions. I looked. If there was, I would refer them |
| 12 | to that instruction. There's not. There's certainly no |
| 13 | reference to what -- what, if any, the DEA definition of |
| 14 | diversion is. |
| 15:45:24 15 | I don't know if there's a specific document that said |
| 16 | that. If there is and the parties agree, I can refer the |
| 17 | witnesses [sic] to that specific document. But if there's |
| 18 | not, then I will just say I cannot answer this question and |
| 19 | you are to rely on your collective memory of the testimony |
| 15:45:46 20 | and the documents. |
| 21 | MR. LANIER: Your Honor, Mark Lanier for |
| 22 | plaintiffs. |
| 23 | Your Honor, Mark Lanier for plaintiffs. |
| 24 | I agree, you don't have it in the instructions. I |
| 15:46:31 25 | don't believe that it's in any documents. I do believe that |

|     |     |
| --- | --- |
| 1 | there was witness testimony to it.  I'm not sure whether the |
| 2 | parties would agree to have the testimony either read back |
| 3 | or typed up, or if that's even appropriate in the |
| 4 | Sixth Circuit, but I think that if anywhere, it might be in |
| 15:46:51  5 | a Joe Rannazzisi PowerPoint, but I don't recall that it is, |
| 6 | but I think it may be in either Demetra Ashley's testimony |
| 7 | or in Joe Rannazzisi's testimony. |
| 8 | THE COURT:  All right.  Well, Mark, I |
| 9 | typically don't read back on my own sections of the |
| 15:47:09 10 | testimony.  If the jury says, may we read back, or may we |
| 11 | read -- have a section, I don't have a problem doing that, |
| 12 | but I don't -- I don't sort of volunteer sections for them. |
| 13 | I've never done that, and I don't think -- I don't think |
| 14 | that's appropriate. |
| 15:47:27 15 | MR. LANIER:  I agree. |
| 16 | MR. DELINSKY:  Your Honor -- |
| 17 | MR. STOFFELMAYR:  Kaspar -- |
| 18 | MR. DELINSKY:  Your Honor, could we just have |
| 19 | 30 seconds among the defense to huddle on this one? |
| 15:47:39 20 | THE COURT:  Absolutely. |
| 21 | MR. DELINSKY:  Thank you, Your Honor. |
| 22 | (Counsel conferring) |
| 23 | MR. STOFFELMAYR:  Judge, Kaspar Stoffelmayr. |
| 24 | We've conferred briefly.  We agree with what you |
| 15:48:27 25 | suggested.  I don't think there is such a thing as an |

```
 1    official definition by DEA in any event.
 2              THE COURT:  Okay.
 3              MR. DELINSKY:  Your Honor, we just note we
 4    proposed an instruction, a definition of diversion among the
 5    defendants.  It's -- but Mr. Stoffelmayr is exactly right,
 6    it doesn't purport to be the DEA definition.
 7              THE COURT:  Okay.  All right.  Thanks.
 8         Mr. Pitts, if you'd bring in the jurors, please.
 9                    (Brief pause in proceedings)
10              (Jury returned to courtroom at 3:48 p.m.)
11              THE COURT:  Okay.  Please be seated, ladies
12    and gentlemen.
13         A short time ago I received a question signed by your
14    foreperson that reads as follows:
15         "Can we please have the DEA definition of diversion?"
16         I've conferred with counsel.  The Court cannot answer
17    this question.  You must rely upon your collective memory of
18    the testimony and the documents.
19         Thank you.
20              (Jury excused from courtroom at 3:52 p.m.)
21              THE COURT:  Okay.  Everyone can be seated for
22    a second.
23         Just close the back doors, please.
24         All right.  It's possible we may get other questions
25    like that, but that's really the only way to answer a
```

1     question like that.

2     I have no idea what the end result will be, but
3     obviously if there would be a plaintiffs' verdict against
4     any of the three defendants, I'll need to schedule a bench
15:53:22  5     proceeding on remedy.  And I don't know if you've talked
6     about what needs to be done before then and roughly how long
7     such a proceeding would take.  I've never done one.  So I
8     have no clue from my past experience in terms of length.
9     But in terms of what needs to be done in terms of discovery,
15:53:47 10     I thought I would find out and so I could get some idea for
11     my scheduling.

12     Have you discussed what would need to be done and
13     roughly how long a proceeding would -- it would take?

14               MR. WEINBERGER:  Peter Weinberger on behalf of
15:54:07 15     plaintiffs.

16     We have not discussed it with defense counsel.  Under
17     the case management order as subsequently modified, we
18     produced our expert reports for the second phase.  The
19     original CMO called for depositions of those experts and
15:54:31 20     then production of the defendants' expert reports, but we
21     modified that to just have us produce -- actually we had
22     already produced our expert reports.

23               THE COURT:  Did you produce them, Peter?

24               MR. WEINBERGER:  We have produced them.  Yes.
15:54:46 25     We have produced expert reports.

1            THE COURT:  How many did you produce,
2    ballpark?
3            MR. WEINBERGER:  Ballpark, I think four.
4            MR. LANIER:  Five.
5            MR. WEINBERGER:  Yeah, four or five.
6            THE COURT:  Okay.  All right.  Four or five.
7            MR. WEINBERGER:  And so they would need to be
8    deposed, and then if -- the defendants' expert reports would
9    need to be produced, they would need to be deposed.  And
10   then I think we would be in a position to try the second
11   phase.
12       I'll just give you my ballpark in terms of length.  I
13   would say probably seven to ten trial days.
14           MR. LANIER:  Yeah.  My estimate, Your Honor,
15   was ten trial days.  Obviously, we don't have to pick a
16   jury.  You can do summations or -- in writing or not, but
17   seven to ten trial days should be -- allows you to put it
18   on.  It will be so much more streamlined when we're trying
19   it to you versus a jury and so we'll be able to go very
20   quickly.
21           THE COURT:  Okay.  So there would be -- all
22   right.  Deposing the plaintiffs' experts.  Then the
23   defendants' producing experts.  Your deposing them.
24       Would there be a lot of fact witnesses or primarily it
25   would be these experts, Peter and Mark?

1    MR. LANIER: Your Honor, the way -- if I'm
2    honored to get to try it with Pete and Frank, the way I
3    would do it is I would probably put on a couple of fact
4    witnesses, but it wouldn't be very detailed. I mean, it
5    would be detailed, but it wouldn't be very lengthy. So I
6    would envision probably two to three fact witnesses per
7    county, but most of it we'll do with expert testimony
8    because the experts can rely upon the fact witnesses and the
9    experts have the cumulative knowledge and the numerical
10    knowledge. So that's why I'm figuring ten trial days on the
11    outside. I think we do it in two weeks, especially the way
12    you work.
13    THE COURT: Well, I mean -- we're doing it,
14    this is what I'm focusing on, obviously.
15    All right. From the defense standpoint -- obviously
16    you agree on what needs to be done -- does the seven to
17    ten days sound about right to -- right to you?
18    MR. STOFFELMAYR: I can only speak, you know,
19    for myself. We haven't discussed it as a group, but I was
20    going to say one to two weeks, so that's about the same.
21    THE COURT: Okay. All right.
22    In terms of the production of the defendants' experts,
23    ballpark, how long would this take? Would you wait until
24    after you deposed the plaintiffs' experts?
25    MR. STOFFELMAYR: That's right, Your Honor.

|   |   |
|---|---|
| 1 | That was the system under the original CMO.  There was -- |
| 2 | one of the plaintiffs' experts had a health condition was |
| 3 | the only reason this all got pushed back. |
| 4 | THE COURT:  How is he or she now? |
| 15:57:50  5 | MR. WEINBERGER:  Well, the one expert who had |
| 6 | some medical problems was Dr. Harvey Rosen, who is our |
| 7 | economist, and he's recovered. |
| 8 | THE COURT:  That's good.  Okay. |
| 9 | MR. WEINBERGER:  So... |
| 15:58:02  10 | THE COURT:  Good. |
| 11 | Okay.  So this process would likely take a few months |
| 12 | if I'm -- sounds like. |
| 13 | Mr. Majoras is nodding.  Does that sound -- |
| 14 | MR. MAJORAS:  I think that's right, |
| 15:58:19  15 | Your Honor. |
| 16 | THE COURT:  Okay.  And I'll block out |
| 17 | two weeks.  Okay. |
| 18 | All right.  Fine.  Then I'm going to sort of take a |
| 19 | look at my schedule and see where I've got basically two |
| 15:58:44  20 | uninterrupted weeks, absent emergency, that's what I |
| 21 | would -- I would do the same as if it were a Jury Trial.  I |
| 22 | just block it out and squeeze in anything else.  I need my |
| 23 | criminal matters in the noon hour.  Okay. |
| 24 | MR. MAJORAS:  Your Honor, I think from a |
| 15:58:57  25 | timing standpoint, three months, just given the holidays |

7347

```
 1   included, three months or more is going to be --
 2                  THE COURT:  Yeah.  I -- not much is happening
 3   in December.  So we got February, March.  So... so it's not
 4   likely to be before April.  I mean, I'll start taking a look
 5   in, you know, April and May and see where I've got two clear
 6   weeks and come up with some suggestions in the near future.
 7        I'll try and avoid Passover and Easter.  Take a look
 8   when -- well, Passover is earlier, but I'll have to check.
 9        Okay.  All right.  I --
10                  MR. DELINSKY:  Your Honor, if I can --
11                  THE COURT:  Yes.
12                  MR. DELINSKY:  -- on the scheduling, and I'm a
13   highly superstitious person, so I hate this conversation --
14                  THE COURT:  You're highly superstitious.
15                  MR. DELINSKY:  I am so superstitious, so I am
16   not --
17                  THE COURT:  What day or days in April and May
18   should be avoided?  I don't want to --
19                  MR. DELINSKY:  Well, I was just going to say,
20   I have twin high schoolers graduating in early May, so --
21                  THE COURT:  All right.  What week?  We'll try
22   and avoid that.
23                  MR. DELINSKY:  Because I'm not looking all
24   that forward to them leaving home, I don't -- I've been
25   avoiding that, but I think it's the first two weeks of May.
```

|  |  |
|---|---|
| 1 | THE COURT: All right. |
| 2 | MR. DELINSKY: And I'm crossing my fingers, |
| 3 | Your Honor. I'm really sick to my stomach having any |
| 4 | conversation about this whole subject. |
| 16:00:42  5 | THE COURT: You mean graduating? |
| 6 | MR. DELINSKY: Well, yes, that. |
| 7 | THE COURT: I mean, I hope they're planning -- |
| 8 | I hope they're planning to graduate, Eric. |
| 9 | MR. DELINSKY: It's the verdict. It's the |
| 16:00:54 10 | verdict. |
| 11 | I think they'll make it through graduation. Although, |
| 12 | you never know. |
| 13 | THE COURT: I hope so. And the key is beyond. |
| 14 | All right? I mean, you know. |
| 16:01:06 15 | Look, I hope they're able to have in-person |
| 16 | ceremonies. I mean, the past couple years I felt very badly |
| 17 | for all those men and women. They -- you know, a lot of |
| 18 | them didn't have high school graduations. They had little |
| 19 | or, you know, not much in the way of college graduation and |
| 16:01:21 20 | you can say, well, it's no big deal, but it is a big deal to |
| 21 | them at the time. It's the only one -- you can't sort of |
| 22 | make it up afterwards. |
| 23 | MR. DELINSKY: Yeah. |
| 24 | THE COURT: So... |
| 16:01:31 25 | MR. DELINSKY: Yeah. And, Judge, and |

```
              1    actually, the more I think about it, I don't know the dates,
              2    so I'll let David know the exact dates.  It's the one -- my
              3    one protected time.
              4                 THE COURT:  All right.  I'll --
16:01:43      5                 MR. DELINSKY:  And my fingers are still
              6    crossed, just so that's clear on the record.
              7                 THE COURT:  Okay.
              8         All right.  Well, we'll see.  My guess is the jury
              9    will, if they're -- don't have a verdict, around normal
16:01:57     10    quitting time, they'll want to quit then and this time I'll
             11    make sure I bring them all in so I can give them the
             12    admonition.
             13         Okay.  Thanks.
             14                 MR. LANIER:  Thank you, Judge.
16:02:07     15                 MR. DELINSKY:  Thank you.
             16              (Recess was taken at 4:02 p.m.)
             17          (Jury returned to courtroom at 4:46 p.m.)
             18                 THE COURT:  Okay.  Please be seated.
             19         All right.  Good evening, ladies and gentlemen.  I
16:47:16     20    understand you'd like to break for the evening.
             21                 THE JURY:  Yes.
             22                 THE COURT:  All right.  That's fine.
             23         Usual admonitions apply.
             24         Do not read, listen, view, encounter anything
16:47:29     25    whatsoever about this case in the media or anything related
```

1  in any way to the subject matter of the trial.

2       Do not discuss this case with anyone.  If any of your

3  family members or friends ask you, you say you are on the

4  jury, this mean judge has ordered me not to talk about it

16:47:46  5  until the case is over and that's that.

6       Have a good evening.

7       What time do you want to resume tomorrow morning, just

8  so we --

9            THE JURY:  9:00.

16:47:56 10            THE COURT:  Okay.  9:00.

11       Have a good evening.  Travel safely.  And again, the

12  only instruction tomorrow, please wait until all 12 of you

13  are there to start deliberating.

14       Okay.  Have a good evening.

16:48:07 15          (Jury excused from courtroom at 4:48 p.m.)

16            THE COURT:  Okay.  Have a good evening,

17  everyone.

18            MR. STOFFELMAYR:  Thank you, Judge.

19            MR. MAJORAS:  Thank you, Judge.

16:48:48 20          (Proceedings adjourned at 4:48 p.m.)

21

22                    **C E R T I F I C A T E**

23       I certify that the foregoing is a correct transcript
   of the record of proceedings in the above-entitled matter
24  prepared from my stenotype notes.

25            */s/ Heather K. Newman*                   *11-16-2021*
              HEATHER K. NEWMAN, RMR, CRR                      DATE