## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: Case No. 1:18-op-45274-DAP | Judge Dan Aaron Polster |
| TARRANT COUNTY, | |
| Plaintiff, | **DEFENDANT ALBERTSONS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT** |
| vs. | |
| PURDUE PHARMA, L.P., ET AL., | |
| Defendants. | |

Defendants Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC (collectively "Albertsons"), by their undersigned attorneys, respectfully submit this Answer and Affirmative Defenses to Plaintiff Tarrant County, Texas' ("Plaintiff") Supplemental Complaint ("Complaint"). All allegations in Plaintiff's Complaint that Albertsons does not specifically admit, in whole or part, are hereby denied.

1.      Paragraph 1, which identifies the Defendants being sued, does not require a response.  To the extent a response is required, Albertsons denies any wrong-doing, past or future, as well as denies that Plaintiff is entitled to relief on the claims asserted against Albertsons.  To the extent the allegations in the introductory paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

2.      Paragraph 2 characterizes the basis of Plaintiff's Complaint and, thus, does not require a response.  To the extent a response is required and to the extent the allegations in Paragraph 2 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

3.      Paragraph 3 incorporates by reference Plaintiff's allegations and claims in its Original Complaint and Short Form Complaint and thus does not require a response.  To the extent a response is required and to the extent the allegations in Paragraph 3 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

<u>**INTRODUCTION**</u>

4.      Albertsons admits only that the Centers for Disease Control has declared the problem of opioid abuse a public health epidemic.  Albertsons denies the remaining allegations in Paragraph 4.

5.      Albertsons admits only that the Centers for Disease Control has declared the problem of opioid abuse a public health epidemic.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies them.

6.      To the extent the allegations in Paragraph 6 are directed at Albertsons, it denies them.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

7.     Albertsons denies that any act or omission of Albertsons was the cause of any opioid epidemic, as alleged or at all.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies them.

8.     To the extent the allegations in Paragraph 8 are directed at Albertsons, Albertsons denies the allegations. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies them.

9.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies them.

11.    Albertsons admits that OxyContin, Opana ER, Vicodin, Subsys, Duragesic, oxycodone, hydrocodone, and fentanyl are prescription opioids. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies them.

13.    Albertsons admits that in October 2017, President Donald Trump declared the opioid crisis a national public health emergency.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them.

15.     To the extent the allegations in Paragraph 15 are directed at Albertsons, Albertsons denies them.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

16.     To the extent the allegations in Paragraph 16 are directed at Albertsons, Albertsons denies them.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

17.     The allegations in Paragraph 17 purport to quote a statement from the American Pharmacists Association.  Albertsons states that the statement speaks for itself, and Albertsons denies any attempt to characterize it out of context and further denies any explicit or implicit allegation that Albertsons acted wrongfully or unlawfully.

18.     To the extent the allegations in Paragraph 18 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

19.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies them.

20.     To the extent the allegations in Paragraph 20 are directed at Albertsons, Albertsons denies them.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

21.     Albertsons admits that the Centers for Disease Control has declared the problem of prescription opioid abuse a public health epidemic.  Albertsons denies that any act or omission of Albertsons caused the public health epidemic as alleged or at all. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

22.     To the extent the allegations in Paragraph 22 are directed at Albertsons, Albertsons denies them.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies them.

23.     Albertsons denies that it has promoted opioids and denies that any act or omission of Albertsons has caused or contributed to an opioid epidemic, as alleged or at all, and denies the remaining allegations in Paragraph 23.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

24.     To the extent the allegations in Paragraph 24 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

25.     Albertsons denies that it has engaged in any misconduct, as alleged or at all.  To the extent the allegations in Paragraph 25 are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

26.      For Paragraph 26, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

27. For Paragraph 27, Albertsons denies that any act or omission of Albertsons caused or contributed to an opioid epidemic, as alleged or at all.

## JURISDICTION AND VENUE

28. The allegations in Paragraph 28 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

29. The allegations in Paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

30. The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

31. The allegations in Paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

## PARTIES

### I. PLAINTIFF

32. Albertsons admits that County of Tarrant, Texas is a County organized under the laws of the State of Texas. For the remaining allegations in Paragraph 32, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

33. For Paragraph 33, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

### II. DEFENDANTS

#### A. CVS

34-45.    The allegations in Paragraph 34 through 45 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**B.**    **Walgreens**

46-55.    The allegations in Paragraph 46 through 55 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**C.**    **Walmart**

56-69.    The allegations in Paragraph 56 through 69 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**D.**    **Albertsons**

70.    Albertsons admits the allegations in Paragraph 70.

71.    Albertsons admits that Albertson's LLC is a wholly-owned subsidiary of Albertsons Safeway LLC, which is a wholly-owned subsidiary of Albertsons Companies, Inc., and denies the remaining allegations in Paragraph 71.

72.    Albertsons admits Safeway Inc. is a wholly owned subsidiary or Albertsons Safeway LLC, which is a wholly-owned subsidiary of Albertsons Companies, Inc. and denies the remaining allegations in Paragraph 72.

73.    Albertsons admits the allegations in Paragraph 73.

74.    Albertsons admits the allegations in Paragraph 74.

75.    Albertsons admits the allegations in Paragraph 75.

76.    The allegations in Paragraph 76 purport to define "Albertsons" for purposes of the Complaint to which no response is required.

77.     Plaintiff's Complaint does not define a relevant time period.  However, Albertsons admits that it operates licensed pharmacies in Texas.

78.     Albertsons admits that, for a limited time period, it distributed primarily generic opioids to company-owned pharmacies, through distribution center #8720 located in Ponca City, OK.

79.     Albertsons admits that it operates under the following "banners": Safeway, Vons, Jewel-Osco, Acme, Carrs, Randalls, Tom Thumb and Market Street. Albertsons also admits that it also does business as Sav-On Pharmacy and admits that it operates stores in 34 states and the District of Columbia.  Albertsons denies the remaining allegations in Paragraph 79.

80.     Albertsons admits that, in December 2013, it acquired United Supermarkets LLC, d/b/a The United Family, and that it operates under the brands United Supermarket, Market Street, and Amigos.  Albertsons denies the remaining allegations in Paragraph 80.

81.     Albertsons admits that, in January 2015, AB Acquisition LLC completed a merger with Safeway, Inc. and admits that Safeway stores include Safeway-branded stores in California and Hawaii, Vons stores in California and Nevada, Randalls and Tom Thumb stores in Texas and Carrs stores in Alaska.  Albertsons further states that the number of stores in any particular location changes over time and denies the remaining allegations in Paragraph 81.

82.     The allegations in Paragraph 82 purport to define "Albertson" for purposes of the Complaint to which no response is required.  To the extent a response is required, Albertsons admits Albertsons owns Lucky, Shaws, Haggen, and Star Market.

        **E.      Kroger**

83-90. The allegations in Paragraph 83 through 90 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

        **F.**     **Related Entities; Agency and Authority**

91.     The allegations in Paragraph 91 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

92.     Albertsons denies that it engaged in unlawful conduct, as alleged or at all, and denies the remaining allegations in Paragraph 92.

93.     The allegations in Paragraph 93 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

**DEFENDANTS' CONDUCT AND PLAINTIFF'S INJURIES**

**I.**     **COMMON FACTS**

        **A.**     **Opioids and Their Effects.**

94.     Albertsons admits that the term "opioid" refers to a class of drugs that include legal prescription opioids, in addition to illegal drugs such as heroin and illicit fentanyl, that interact with opioid receptors in the brain and elsewhere in the human body, including natural opioids, semi-synthetic opioids, and fully synthetic opioids.  Albertsons admits that certain opioids are effective in the treatment of pain.  Albertsons denies that all opioids have the same effect on the human body but admits that certain opioids can be associated with analgesia, euphoria and respiratory depression under certain conditions of use and misuse.

95.     Albertsons admits that the medicinal properties of certain opioids and their potential for addition has long been recognized.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 and therefore denies the allegations.

96.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 and therefore denies the allegations.

97.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97 and therefore denies the allegations.

98.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 98 and therefore denies the allegations.

99.     Albertsons admits that some, but not all, prescription opioids have been regulated as Schedule II controlled substances by the DEA since 1970.

100.     Albertsons admits that medical professionals describe the strength of various opioids in terms of morphine milligram equivalents ("MME").  The remaining allegations purport to rely on unspecified studies and statements of the CDC.  Albertsons states that the CDC studies and statements speak for themselves and denies any attempts to characterize them out of context.

101.     Albertsons admits that certain patients under certain conditions can develop tolerance to the analgesic effect of opioids but denies Plaintiff's characterization of "relatively quickly."  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 and therefore denies the allegations.

102.     Albertsons admits that, for some patients under certain conditions, discontinuing opioid therapy after more than a few weeks may experience withdrawal symptoms.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102 and therefore denies the allegations.

B.     **Defendants' Conduct Created an Abatable Public Nuisance.**

103.     Albertsons denies the allegations in Paragraph 103.

104.     The allegations in Paragraph 104 referring to the "public nuisance" state legal conclusions to which no response is required.  To the extent a response is required, Albertsons

denies the allegations.  Specifically, Albertsons denies that any act or omission of Albertsons created, perpetuated or maintained any public nuisance, as alleged or at all.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

105.    The allegations in Paragraph 105 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the remaining allegations of Paragraph 105 are directed at Albertsons, Albertsons denies them.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

     **C.**     **Defendants Deliberately Disregarded Their Duties to Maintain Effective Controls Against Diversion.**

     **1.**     **The Chain Pharmacies Were on Notice of and Contributed to Illegal Diversion of Prescription Opioids.**

106.    To the extent any allegations in Paragraph 106 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

107.    Albertsons admits that it had an internal self-distribution function for a short period of time which supplied certain prescription opioids exclusively to pharmacies owned and operated by Albertsons and that those pharmacies dispensed prescription opioids pursuant to prescriptions. Albertsons further admits that it has done business in other locations in the United States but denies

the remaining allegations in Paragraph 107.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

108.    Albertsons admits that it has dispensed prescription opioids in Tarrant County, in other counties, and other states. Albertsons further admits that it had an internal self-distribution function for a short period of time which supplied certain prescriptions opioids exclusively to pharmacies owned and operated by Albertsons. To the extent the remaining allegations in Paragraph 108 are directed at Albertsons, Albertsons denies the allegations.  To the extent the remaining allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

109.    Albertsons admis only that it maintained data on prescription opioids that it distributed to its pharmacies and that its pharmacies dispensed. To the extent the remaining allegations in Paragraph 109 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

110.    To the extent the allegations in Paragraph 110 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

111.    The allegations in Paragraph 111 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

112.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the purported information from the CDC and therefore denies the same.  To the extent the remaining allegations in Paragraph 112 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

113.    To the extent the allegations in Paragraph 113 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

114.    To the extent the allegations in Paragraph 114 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

115.    To the extent the allegations in Paragraph 115 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

116.    To the extent the allegations in Paragraph 116 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

117.    To the extent the allegations in Paragraph 117 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

> 2.    **Defendants Have a Duty to Report Suspicious Orders and Not to Ship Those Orders Unless Due Diligence Disproves Their Suspicions.**

118.    The allegations in Paragraph 118 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

119.    The allegations in Paragraph 119 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

120.    The allegations in Paragraph 120 state legal conclusions regarding the creation of legal duties to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

121.    The allegations in Paragraph 121 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

122.    The allegations in Paragraph 122 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

123.    The allegations in Paragraph 123 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

124.    The allegations in Paragraph 124 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

125.    The allegations in Paragraph 125 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

126.    The allegations in Paragraph 126 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

127.    The allegations in Paragraph 127 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. Albertsons further denies that it breached any obligations as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

128.    The allegations in Paragraph 128 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

129.    The allegations in Paragraph 129 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

130.    The allegations in Paragraph 130 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

131.    Albertsons is without sufficient knowledge or information regarding the "DEA's" testimony and therefore denies the same.  Further, the allegations in Paragraph 131 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

132.    The allegations in Paragraph 132 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

133.    The allegations in Paragraph 133 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

134.    Albertsons admits only that pharmacy order data contains information regarding prescription drugs ordered by pharmacies and denies the remaining allegations of Paragraph 134.

135.    Albertsons states that the article quoted in Paragraph 135 speaks for itself and denies any characterization inconsistent therewith.

136.    Albertsons states that the article quoted in Paragraph 136 speaks for itself and denies any characterization inconsistent therewith.

137.    Albertsons admits only that pharmacists have a corresponding responsibility to not fill prescriptions that he or she knows was not issued for a legitimate medical purpose, and denies the remaining allegations in Paragraph 137.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

138.    The allegations in Paragraph 138 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

139.    The allegations in Paragraph 139 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

140.    The allegations in Paragraph 140 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

141.    The allegations in Paragraph 141 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

142.    The allegations in Paragraph 142 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

143.    The allegations in Paragraph 143 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

144.    The allegations in Paragraph 144 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

145.    The allegations in Paragraph 145 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

146.    The allegations in Paragraph 146 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

147.    Albertsons admits only that PDMPs are a valuable tool.   Albertsons lacks knowledge and information to form a belief as to the truth of the allegations regarding CVS documents and denies the remaining allegations in Paragraph 147. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

148.    Albertsons admits it has operating systems and methods to store and retain prescription dispensing data and records.  The remaining allegations regarding the obligations of pharmacies state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

**3.      Defendants Were Aware of and Have Acknowledged Their Obligations to Prevent Diversion and to Report and Take Steps to Halt Suspicious Orders.**

149.    The statements in Paragraph 149 consist of Plaintiff's characterizations and conclusions rather than statements of fact, and therefore no response is required.  To the extent a response is required, Albertsons lacks knowledge sufficient to form a belief as to the truth of the allegations regarding the "aim" of regulations and therefore denies the same.  Albertsons denies the remaining allegations.

150.    Albertsons denies that it failed to comply with any obligations, as alleged or at all, and denies the remaining allegations in Paragraph 150.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

151.    The former DEA agent Joseph Rannazzisi deposition speaks for itself, and Albertsons denies any attempt to characterize it out of context. Albertsons denies the remaining allegations in Paragraph 151.  To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

152.    The allegations in Paragraph 152 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

153.    DEA's Unit Chief of Liaison deposition speaks for itself, and Albertsons denies any attempt to characterize it out of context.  Albertsons denies the remaining allegations in Paragraph 153.

154.    Plaintiff's allegation that "Defendants did understand" is vague and Albertsons therefore denies it.   The remaining allegations in this paragraph are directed at other Defendants to which Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

155.    Albertsons admits that the National Association of Chain Drug Stores ("NACDS") is a national trade association and that it participates in NACDS.  Albertsons lacks knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies the allegations.

156.    In Paragraph 156, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Answering further, Albertsons denies that it has ever belonged to the HDA. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

157.    The allegations in Paragraph 157 purport to quote a document from the NACDS. Albertsons states that the document speaks for itself, and Albertsons denies any attempt to characterize it out of context.

158.     In Paragraph 158, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

159.     In Paragraph 159, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

160.     In Paragraph 160, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

161.     Albertsons admits that the DEA has, at various times, given limited and inconsistent guidance to retail pharmacies regarding suspicious orders. Albertsons denies that any statements of any trade association can be attributable to Albertsons. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161 and therefore denies them. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

162.     In Paragraph 162, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

163.     Albertsons admits that the DEA, at various times, has given limited and inconsistent guidance to retail pharmacies regarding suspicious orders. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 163 and therefore denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

164.     The allegations in Paragraph 164 purport to quote a presentation and document. Albertsons states that the presentation and document speak for themselves and denies any attempt

to characterize them out of context.  The allegation regarding requirements of the CSA states legal conclusions to which no response is required.  To the extent a response is required Albertsons denies the allegations.

165.    Albertsons admits that the DEA, at various times, has given limited and inconsistent guidance concerning the dispensing of controlled substances.  Albertsons states that the presentations speak for themselves and Albertsons denies any attempt to characterize them out of context.

166.    In Paragraph 166, Albertsons admits that the DEA, at various times, has given limited and inconsistent guidance concerning diversion.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

167.    In Paragraph 167, Albertsons admits that the DEA, at various times, has given limited and inconsistent guidance to distributors but Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. The document referenced by Plaintiff speaks for itself, and Albertsons denies any attempt to characterize it out of context.

168.    In Paragraph 168, Albertsons admits that the DEA sent a letter to distributors on September 27, 2006.  Albertsons further states that the letter speaks for itself and denies any attempt to characterize it out of context.

169.    In Paragraph 169, Albertsons states that the letter speaks for itself and denies any attempt to characterize it out of context.

170.    In Paragraph 170, Albertsons admits that the DEA sent a letter to distributors on December 27, 2007.  Albertsons further states that the letter speaks for itself and denies any attempt to characterize it out of context.

171.    In Paragraph 171, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

172.    In Paragraph 172, Albertsons admits that the DEA has brought various enforcement actions against various wholesale distributors and that certain distributors have entered into settlements with the DEA.  To the extent the remaining allegations are directed at Albertson, Albertsons denies them.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

173.    Albertsons admits that the DEA, at various times, has provided limited and inconsistent guidance concerning diversion, but denies the remaining allegations in Paragraph 173.

174.    The allegations in Paragraph 174 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies them. Albertsons admits that the identified circumstances may be relevant to a pharmacist's evaluation of a prescription and may result in a decision not to fill the prescription.  Albertsons denies the remaining allegations.

175.    The allegations in Paragraph 175 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies them. Albertsons admits that the identified circumstances may be relevant to a pharmacist's evaluation of a prescription and may result in a decision not to fill the prescription.  Albertsons denies the remaining allegations.

176.    In Paragraph 176, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

177.     In Paragraph 177, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

178.     In Paragraph 178, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

179.     In Paragraph 179, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the DEA's presentation and therefore denies them.

180.     The allegations in Paragraph 180 consist of vague characterizations, such as "commons sense" and "relevant guidance," that are too vague to present facts capable of responding to meaningfully.   To the extent a response is required, Albertsons denies the allegations. The DEA enforcement actions referenced by Plaintiff speak for themselves and Albertsons denies any attempt to characterize them out of context.

181.     In Paragraph 181, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent Plaintiff purports to quote various documents, Albertsons states that the documents speak for themselves and denies any attempt to characterize them out of context.

182.     The allegations in Paragraph 182 state legal conclusions to which no response is required.   To the extent that a response is required, Albertsons denies the allegations.  Albertsons further states that the allegations in Paragraph 182 purport to quote from various documents and denies any attempt to characterize those documents out of context.

183.     The allegations in Paragraph 183 state legal conclusions to which no response is required. To the extent a response is required, Albertsons admits that some of the circumstances listed may be relevant to a pharmacist's evaluation of a prescription and may result in a decision to not fill the prescription.  Albertsons otherwise denies the allegations.

184.    The allegations in Paragraph 184 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

### 4.    Defendants Were Uniquely Positioned to Guard Against Diversion

185.    In Paragraph 185, the allegations contain phrases too vague to provide a meaningful response, such as the term "drug utilization."  To the extent a response is required, Albertsons admits that it possesses certain data regarding dispensing of controlled substances but denies the remaining allegations therein.

186.    In Paragraph 186, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

187.    The allegations in Paragraph 187 state legal conclusions, to which no response is required. To the extent a response is required, Albertsons admits only that it possesses certain data regarding the dispensing of controlled substances.  To the extent Plaintiff attempts to characterize testimony, Albertsons states that the testimony speaks for itself and denies any attempt to characterize the testimony out of context.  Albertsons otherwise denies the allegations in Paragraph 187.

188.    The allegations in Paragraph 188 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

189.    Albertsons admits that it has access to certain information about its pharmacies' dispensing and that it implemented policies and practices to combat diversion.  Albertsons denies the remaining allegations in Paragraph 189.

190.    Albertsons lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding what other companies were willing to do and therefore denies the same. To the extent the allegations in this paragraph are directed at other Defendants,

Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

191.    In Paragraph 191, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

192.    Albertsons admits that it has access to certain data regarding its pharmacies' dispensing of controlled substances, but denies the remaining allegations in Paragraph 192.

### 5.    Defendants Failed to Maintain Effective Controls Against Diversion.

193.    To the extent allegations in Paragraph 188 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

#### a.  CVS

194-255. The allegations in Paragraph 194 through 255 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

#### b.  Walgreens

256-345. The allegations in Paragraph 256 through 345 pertain to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

#### c.  Walmart

346-401. The allegations in Paragraph 346 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

#### d.  Kroger

402-424. The allegations in Paragraph 402 through 424 pertain to Defendant Kroger. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### e. Albertsons

425. Albertsons admits allegations in Paragraph 425.

426. Albertsons denies allegations in Paragraph 426.

427. Albertsons denies allegations in Paragraph 427.

428. Albertsons denies allegations in Paragraph 428.

### i. Albertsons Failed to Guard Against Diversion in Distributing and Dispensing in the County and Surrounding Areas.

429. The allegations in Paragraph 429 state legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 429 purport to rely on data from the ARCOS database. Albertsons states that the ARCOS database speaks for itself and Albertsons denies any attempt to characterize it out of context. Albertsons denies the remaining allegations in Paragraph 429.

430. The allegations in Paragraph 430 purport to rely on data from the ARCOS database. Albertsons states that the ARCOS database speaks for itself and denies any attempt to characterize it out of context. Albertsons denies the remaining allegations in Paragraph 430. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

431.     The allegations in Paragraph 431 purport to rely on data from the ARCOS database. Albertsons states that the ARCOS database speaks for itself and denies any attempt to characterize it out of context.

432.     The allegations in Paragraph 432 purport to rely on data from the ARCOS database. Albertsons states that the ARCOS database speaks for itself and denies any attempt to characterize it out of context.  Albertsons denies the remaining allegations in Paragraph 432.

433.     Albertsons admits that it dispensed prescription opioids in New Mexico, Arizona, Nevada, and Colorado. Albertsons denies the remaining allegations in Paragraph 433.

434.     Albertsons denies the allegations in Paragraph 434.

435.     Albertsons denies the allegations in Paragraph 435.

436.     Albertsons denies the allegations in Paragraph 436.

437.     Albertsons denies the allegations in Paragraph 437.

438.     Albertsons denies the allegations in Paragraph 438.

### ii.  Albertsons Failed to Effectively Identify  and Investigate Dispensing Red Flags at Its Pharmacies.

439.     Albertsons admits that it operates over 1,700 retail pharmacies in various locations, including in the County and including under the brands Albertsons, Sav-On, Market Street, Randalls and Tom Thumb.  Albertsons denies the remaining allegations in Paragraph 439.

440.     Albertsons denies the allegations in Paragraph 440.

441.     Albertsons admits that it has access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 441.

442.     Albertsons denies the allegations in Paragraph 442.

443.     Albertsons denies the allegations in Paragraph 443.

444.     Albertsons denies the allegations in Paragraph 444.

445.    Albertsons admits that, during the limited time period that Albertsons distributed prescription opioids to its company-owned pharmacies, it had access to certain data regarding that distribution but denies the remaining allegations in Paragraph 445.

446.    Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids to company owned pharmacies but denies the remaining allegations in Paragraph 446.

447.    Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 447.

448.    Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 448.

449.    Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 449.

450.    Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 450.

451.    Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 451.

452.    Albertsons denies the allegations in Paragraph 452.

453.    Albertsons denies the allegations in Paragraph 453.

**D.      Defendants' Performance Metrics Put Profits Before Safety.**

454.    To the extent the allegations in Paragraph 454 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

455. The allegations in Paragraph 455 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. Albertsons further states that former DEA diversion investigator Demetra Ashley's testimony speaks for itself, and Albertsons denies any attempt to characterize it out of context.

456. Paragraph 456 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

457. Paragraph 457 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

458. Paragraph 458 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

459. Paragraph 459 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

460. The allegations in Paragraph 460 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

461. To the extent the allegations in Paragraph 461 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

462.     Paragraph 462 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

463.     Paragraph 463 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

464.     Paragraph 464 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

465.     Paragraph 465 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

466.     Paragraph 466 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

467.     Paragraph 467 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

468.     Paragraph 468 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

469.    Paragraph 469 pertains to Defendants CVS and Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

470.    Paragraph 470 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

471.    Paragraph 471 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

472.    Paragraph 472 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

473.    Paragraph 473 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

474.    Paragraph 474 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

475.    Paragraph 475 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

476.     Paragraph 476 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

477.     Paragraph 477 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

478.     To the extent the allegations in Paragraph 478 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

479.     Plaintiff purports to quote a document in Paragraph 479.  Albertsons states that the document speaks for itself, and Albertsons denies any attempt to characterize it out of context.

480.     Plaintiff purports to quote a document in Paragraph 480.  Albertsons states that the document speaks for itself, and Albertsons denies any attempt to characterize it out of context.

481.     Plaintiff purports to quote a document in Paragraph 481.  Albertsons states that the document speaks for itself, and Albertsons denies any attempt to characterize it out of context.  To the extend the allegations in Paragraph 481 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

482.     Paragraph 482 pertains to Defendants Walmart and Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

483.    Plaintiff purports to quote a document in Paragraph 483.  Albertsons states that the document speaks for itself, and Albertsons denies any attempt to characterize it out of context. Responding further, Albertsons denies that the quoted statements pertain to Albertsons.

484.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 484 and therefore denies the allegations.

485.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 485 and therefore denies the allegations.

486.    Paragraph 486 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

487.    Paragraph 486 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

488.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 488 and therefore denies the allegations. Further, the allegations in Paragraph 488 purport to rely on a survey report from the Ohio Board of Pharmacy. Albertsons states that the survey report speaks for itself and denies any attempt to characterize it out of context.

489.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 489 and therefore denies the allegations. The allegations in Paragraph 489 purport to rely on a survey report from the Ohio Board of Pharmacy.  Albertsons states that the survey report speaks for itself and denies any attempt to characterize it out of context.

490.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 490 and therefore denies the allegations.

491.     Paragraph 491 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

492.     Paragraph 492 pertains to Defendant Kroger. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

E.     **Defendants Worked Together to Increase Their Profits and Lobbied Against Restrictions on Opioid Use and DEA Enforcement.**

493.     To the extent to allegations in Paragraph 493 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

494.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 494 and therefore denies the allegations.

495.     To the extent the allegations in Paragraph 495 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

496.     To the extent the allegations in Paragraph 496 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

497.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 497 and therefore denies the allegations.

498.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 498 and therefore denies the allegations.

499.    Paragraph 499 pertains to CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 499 and therefore denies the allegations.

500.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 500 and therefore denies the allegations.

501.    To the extent the allegations in Paragraph 501 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

502.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 502 and therefore denies the allegations.

503.    Albertsons denies that it is a member of the HDA and, to the extent the allegations in Paragraph 503 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

504.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 504 and therefore denies the allegations.

505.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 505 and therefore denies the allegations.

506.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 506 and therefore denies the allegations.

507.    To the extent the allegations in Paragraph 507 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### F.    Defendants Also Entered into Joint Ventures that Further Undermined their Outside Vendors' Incentive to Conduct Due Diligence, While Increasing their Own Access to Information.

508.    To the extent the allegations in Paragraph 508 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

509.    Paragraph 509 pertains to Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 509 and therefore denies the allegations.

510.    Paragraph 510 pertains to Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 509 and therefore denies the allegations.

511.    Paragraph 511 pertains to CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 511 and therefore denies the allegations.

512.    Paragraph 512 pertains to Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 512 and therefore denies the allegations.

513.    Paragraph 513 pertains to other Defendants. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 513 and therefore denies the allegations.

**G.     Defendants Worked with Opioid Manufacturers to Promote Opioids and Improperly Normalize Their Widespread Use.**

514.    To the extent the allegations in Paragraph 514 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

515.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 515 and therefore denies the allegations.

516.    To the extent the allegations in Paragraph 516 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

517.    To the extent the allegations in Paragraph 517 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at parties other than Albertsons, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

518.    To the extent the allegations in Paragraph 518 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

519.    Paragraph 519 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

520.    Paragraph 520 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

521.    Paragraph 521 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

522.    Paragraph 522 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

523.    Paragraph 523 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

524.    Paragraph 524 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

525.    Paragraph 525 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

526.    Paragraph 526 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

527.    Paragraph 527 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

528.    Paragraph 528 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

529.    Paragraph 529 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

530.    Paragraph 530 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

531.    Paragraph 531 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

532.    Paragraph 532 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

533.     Paragraph 533 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

534.     Paragraph 534 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

535.     Paragraph 535 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

536.     Paragraph 536 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

537.     Paragraph 537 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

538.     Paragraph 538 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

539.     Paragraph 539 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

540.    Paragraph 540 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

541.    Paragraph 541 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

542.    Paragraph 542 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

543.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 543 and therefore denies the allegations.

544.    Paragraph 544 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

545.    Paragraph 545 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

546.    Paragraph 546 pertains to Defendant Kroger. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

547.    Paragraph 547 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

548.     To the extent the allegations in Paragraph 548 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

549.     To the extent the allegations in Paragraph 549 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

550.     To the extent the allegations in Paragraph 550 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

551.     To the extent the allegations in Paragraph 551 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**H.**     **Defendants Delayed a Response to the Opioid Crisis by Pretending to Cooperate with Law Enforcement.**

552.     Albertsons admits that illegal diversion of opioids may contribute to opioid-related overdoses, but denies the remaining allegations in Paragraph 552.  Albertsons further denies that any act or omission of Albertsons has caused or contributed to the illegal diversion of controlled substances.

553.     To the extent the allegations in Paragraph 553 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

554.    Paragraph 554 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

555.    Paragraph 555 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

556.    Paragraph 556 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

557.    Paragraph 557 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

558.    Paragraph 558 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

559.    Paragraph 559 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

560.    Paragraph 560 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

561.     Paragraph 561 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

562.     Paragraph 562 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations

563.     Paragraph 563 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

564.     Paragraph 564 pertains to Defendant Kroger. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

565.     To the extent the allegations in Paragraph 565 are directed at Albertsons, Albertsons denies the allegations. Albertsons further denies that statements made by trade associations can be attributable to Albertsons.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

566.     For Paragraph 566, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

567.     For Paragraph 567, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

568.     To the extent the allegations in Paragraph 568 are directed at Albertsons, Albertsons denies the allegations. Albertsons further denies that statements made by trade associations can be

attributable to Albertsons.   To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

I.      **Multiple Enforcement Actions Against the Chain Pharmacies Confirm Their Compliance Failures.**

569.    To the extent the allegations in Paragraph 569 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

1.      **CVS**

570-591. The allegations in Paragraph 570 through 591 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

2.      **Walgreens**

592-607. The allegations in Paragraph 592 through 607 pertain to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

3.      **Walmart**

608-610. The allegations in Paragraph 608 through 610 pertain to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

4.      **Kroger**

611.    Paragraph 611 pertains to Defendant Kroger. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### 5.    Albertsons

612.    Albertsons admits allegations in Paragraph 612.

613.    Albertsons admits it agreed to pay $3 million in a settlement with the Department of Justice to settle a 2014 investigation regarding Safeway's record-keeping and reporting requirements related to the theft or significant loss of controlled substances during the period of May 2009 through May 2014 but denies Plaintiff's characterization of the settlement and the remaining allegations in Paragraph 613.  Albertsons further states that it completed its merger with Safeway in January 2015 and denies that the DEA or DOJ alleged ongoing violations beyond May 2014.

614.    Albertsons admits it agreed to a settlement with the DOJ for $1 million in January 2020 but denies Plaintiff's characterization of the settlement and the remaining allegations in Paragraph 614. The allegations in Paragraph 614 purport to quote a document. Albertsons states that the document speaks for itself and denies any characterization of the document out of context.

### J.    The Opioids the Defendants Sold Migrated into Other Jurisdictions.

615.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 615 and therefore denies the allegations.

616.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 616 and therefore denies the allegations.

617.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 617 and therefore denies the allegations.

618.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 618 and therefore denies the allegations.

619.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 619 and therefore denies the allegations.

620.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 620 and therefore denies the allegations.

621.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 621 and therefore denies the allegations.

622.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 622 and therefore denies the allegations.

623.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 623 and therefore denies the allegations.

624.    To the extent the allegations in Paragraph 624 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**K.    The Defendants Conspired to Engage In The Wrongful Conduct Complained of Herein and Intended To Benefit Both Independently and Jointly From Their Conspiracy.**

625.    To the extent the allegations in Paragraph 625 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

626.    To the extent the allegations in Paragraph 626 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

627.     To the extent the allegations in Paragraph 627 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

628.     To the extent the allegations in Paragraph 628 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

629.     To the extent the allegations in Paragraph 629 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

630.     To the extent the allegations in Paragraph 630 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

631.     To the extent the allegations in Paragraph 631 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## II.    Texas-Specific Facts

### A.     Defendants Breached Their Duties in Texas.

632.     Albertsons admits that, for a limited time, it distributed prescription opioids to its company-owned pharmacies in Texas and that its pharmacies dispensed prescription opioids to patients pursuant to a prescription.  Albertsons denies the remaining allegations in Paragraph 632 to the extent they are directed at Albertsons. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

633.     The allegations in Paragraph 633 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

634.     The allegations in Paragraph 634 state legal conclusions to which no response is required. To the extent a response is required, Albertsons agrees that some of the circumstances alleged in Paragraph 634 may be relevant to a pharmacist's evaluation of a prescription and may result in a conclusion that the prescription should not be filled.  Albertsons denies the remaining allegations in Paragraph 634.

635.     The allegation in Paragraph 635 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegation.

636.     The allegation in Paragraph 636 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegation.

637.     The allegation in Paragraph 637 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegation.

638.     The allegations in Paragraph 638 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

639.     The allegations in Paragraph 639 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

640.    To the extent the allegations in Paragraph 640 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

641.    To the extent the allegations in Paragraph 641 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

642.    To the extent the allegations in Paragraph 642 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

643.    To the extent the allegations in Paragraph 643 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

644.    To the extent the allegations in Paragraph 644 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

645.    To the extent the allegations in Paragraph 645 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**B.** **Defendants Have Created and Maintained a Public Health Crisis
in Texas and Tarrant County.**

646.    The allegations in Paragraph 646 purport to rely on data from the ARCOS database. Albertsons states that the ARCOS database speaks for itself and Albertsons denies any attempt to characterize the data out of context.

647.    The allegations in Paragraph 647 purport to rely on data derived from the PMP program. Albertsons states that the data speaks for itself and Albertsons denies any attempt to characterize the data out of context. Albertsons denies the remaining allegations in Paragraph 647.

648.    The allegations in Paragraph 648 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

649.    To the extent the allegations in Paragraph 649 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

650.    To the extent the allegations in Paragraph 650 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

651.    To the extent the allegations in Paragraph 651 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

652.     To the extent the allegations in Paragraph 652 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

653.     To the extent the allegations in Paragraph 653 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Further, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tarrant County and therefore denies the same.

654.     For the allegations in Paragraph 654, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

655.     For the allegations in Paragraph 655, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**C.     The Devastating Effect of the Opioid Epidemic in Texas and Tarrant County.**

656.     For the allegations in Paragraph 656, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

657.     For the allegations in Paragraph 657, Albertsons denies that any act or omission of Albertsons has resulted in an excess supply of opioids in Texas and denies that Tarrant County autopsy reports have been produced to Albertsons. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

658.     For the allegations in Paragraph 658, Albertsons admits that there are individuals who suffer from opioid-related substance abuse disorders. Albertsons lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

659.    For the allegations in Paragraph 659, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

660.    For the allegations in Paragraph 660, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

661.    For the allegations in Paragraph 661, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

662.    For the allegations in Paragraph 662, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

663.    For the allegations in Paragraph 663, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

664.    For the allegations in Paragraph 664, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

665.    For the allegations in Paragraph 665, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

666.    To the extent the allegations in Paragraph 666 are directed at Albertsons, Albertsons denies the allegations and further denies that any act or omission caused an interference or burden on Tarrant County and denies that it has engaged in any misconduct, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  Further, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tarrant County and therefore denies the same.

667.    For the allegations in Paragraph 667, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## III.    Statutes Of Limitations Are Tolled and Defendants Are Estopped From Asserting Statutes Of Limitations As Defenses.

668.    The allegations in Paragraph 668 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

### A.    Continuing Conduct

669.    To the extent the allegations in Paragraph 669 are directed at Albertsons, Albertsons denies the allegations and further denies that any act or omission of Albertsons was unlawful or caused the County to suffer harm, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

670.    To the extent the allegations in Paragraph 670 are directed at Albertsons, Albertsons denies the allegations and further denies that any act or omission of Albertsons was unlawful or caused the County to suffer harm, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### B.    Equitable Estoppel and Fraudulent Concealment

671.    The allegations in Paragraph 671 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

672.    To the extent the allegations in Paragraph 672 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

673.     To the extent the allegations in Paragraph 673 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

674.     For the allegations in Paragraph 674, Albertsons denies that it engaged in any misconduct, as alleged or at all.  Albertsons further denies the remaining allegations in Paragraph 674.

675.     Albertsons denies that any act or omission of Albertsons constitutes wrongful conduct, as alleged or at all and denies the remaining allegations in Paragraph 675.

676.     For the allegations in Paragraph 676, Albertsons denies the allegations.

## CAUSES OF ACTION

677.     In response to Paragraph 677, Albertsons incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

678.     The allegation in Paragraph 678 incorporates by reference Plaintiff's causes of action alleged in its original complaints, and reserves rights to revise and amend those causes of actions; thus no response is required.  To the extent a response is required, Albertsons denies the allegations incorporated by reference.

679.     Paragraph 679 describes the filing of the Supplemental and Amended to Allegations to be Added to the Short Form filed in accordance to the MDL Court's March 11, 2021 Order and asserts no factual allegations.  As such, no response is required.

680.     Paragraph 680 describes Plaintiff's intent to proceed with its public nuisance claim under the Court's order and asserts no factual allegations. As such, no response is required.

**FIRST CAUSE OF ACTION**
**Intentional Creation of a Public Nuisance**

(Supplemental Allegations Against Pharmacy Defendants)

681.    In response to Paragraph 681, Albertsons incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

682.    To the extent the allegations in Paragraph 682 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

683.    The allegations in Paragraph 683 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

684.    To the extent the allegations in Paragraph 684 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

685.    To the extent the allegations in Paragraph 685 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

686.    For the allegations in Paragraph 686, Albertsons denies that any act or omission of Albertsons was improper, as alleged or at all, and denies the remaining allegations in Paragraph 686. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

687.    Albertsons admits that it dispenses prescriptions drugs, including opioids, to patients pursuant to a prescription.  Albertsons further admits that, for a limited time, it distributed certain prescription opioids to company-owned pharmacies.  Albertsons denies that it markets opioids and denes the remaining allegations in Paragraph 687. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

688.    Albertsons denies that it engaged in wrongful conduct, as alleged or at all, and denies the remaining allegations in Paragraph 688. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

689.    Albertsons admits that it dispenses prescription opioids to patients in Tarrant County pursuant to a prescription.  Albertsons further admits that, for a limited time, it distributed certain prescription opioids to company-owned pharmacies. Albertsons denies that it markets opioids. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

690.    Albertsons admits that, in addition to an intention to provide a valuable service to its grocery store customers, it intended to earn a profit from dispensing prescription medications, including prescription opioids, but denies the remaining allegations in Paragraph 690.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

691.    The allegations in Paragraph 691, with the use of the phrase "had control over," is too vague to allow for a meaningful response.  To the extent a response is required, Albertsons denies the allegations in Paragraph 691.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

692.    Albertsons admits that it gathered certain data about its dispensing and internal distribution of prescription medications, including opioids in Tarrant County.  Albertsons denies the remaining allegations in Paragraph 692.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

693.    The allegations in Paragraph 693 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

694.    To the extent the allegations in Paragraph 694 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

695.    To the extent the allegations in Paragraph 695 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

696.    Albertsons denies that any `act or omission of Albertsons was unreasonable or unlawful, as alleged or at all, and denies the remaining allegations in Paragraph 696. To the extent

the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

697.    The allegations in Paragraph 697 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

698.    The allegations in Paragraph 698 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

699.    To the extent the allegations in Paragraph 699 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

700.    To the extent the allegations in Paragraph 700 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

701.    The allegations in Paragraph 701 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

702.    Albertsons admits that it was aware of, and understood, its legal obligations under the federal Controlled Substances Act (21 U.S.C. § 801, et seq.) and the Texas Controlled Substances Act (TEX. HEALTH & SAFETY CODE § 481.001, et seq.) regarding the distribution and dispensing of prescription opioids. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

703.    The allegations in Paragraph 703 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

704.    The allegations in Paragraph 704 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies that any act or omission of Albertsons created a public nuisance, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

705.    To the extent the allegations in Paragraph 705 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

706.    The allegations in Paragraph 706 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

707.    To the extent the allegations in Paragraph 707 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

708.    The allegations in Paragraph 708 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

709.    The allegations in Paragraph 709 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

710.    The allegations in Paragraph 710 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

711.    The allegations in Paragraph 711 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

712.    To the extent the allegations in Paragraph 712 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

713.    To the extent the allegations in Paragraph 713 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

714.    To the extent the allegations in Paragraph 714 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

715.    To the extent the allegations in Paragraph 715 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

716.    The allegations in Paragraph 716 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

717.    In response to allegation 717, Albertsons denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

718.    The first sentence in Paragraph 718 states a legal conclusion to which no response is required.  To the extent a response is required, Albertsons denies the allegations, In response to the remaining allegations in Paragraph 718, Albertsons denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

719.    Albertsons denies that it engaged in any tortious conduct and denies that Plaintiff has incurred any damages as a result of any act or omission of Albertsons, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

720.    Albertsons denies that it engaged in any tortious conduct and denies that Plaintiff has incurred any damages as a result of any act or omission of Albertsons, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

721.    To the extent the allegations in Paragraph 721 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

722.    For the allegations in Paragraph 722, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

723.    Albertsons denies that Plaintiff has incurred any harm as a result of any act or omission of Albertsons, as alleged or at all.

724. For the allegations in Paragraph 724, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

725. Albertsons denies that any act or omission of Albertsons caused any injury to Plaintiff, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

726. To the extent the allegations in Paragraph 699 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

727. To the extent the allegations in Paragraph 727 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

728. To the extent the allegations in Paragraph 728 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

729. To the extent the allegations in Paragraph 729 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

730.     In response to allegation 730, Albertsons denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all.

## SECOND CAUSE OF ACTION
## Negligent Creation of a Public Nuisance

(Supplemental Allegations Against Pharmacy Defendants)

731.     In response to Paragraph 731, Albertsons incorporates by reference all  other paragraphs of its Answer as if fully set forth herein.

732.     In response to allegations in Paragraph 732, Albertsons denies that it negligently created, contributed to, and/or maintained a public nuisance in Tarrant County which proximately caused injury to Plaintiff as alleged or at all. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

733.     The allegations in Paragraph 733 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

734.     To the extent the allegations in Paragraph 734 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

735.     To the extent the allegations in Paragraph 735 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

736.     To the extent the allegations in Paragraph 736 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

737. Albertsons admits that it dispenses prescriptions drugs, including opioids to patients pursuant to a prescription. Albertsons further admits that, for a limited time, it distributed prescription drugs to company-owned pharmacies. Albertsons denies that it markets opioids and denies the remaining allegations in Paragraph 737. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations

738. Albertsons denies that it engaged in wrongful conduct, as alleged or at all, and denies the remaining allegations in Paragraph 738. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

739. Albertsons admits that it dispenses prescription opioids to patients in Tarrant County pursuant to a prescription. Albertsons further admits that, for a limited time, it distributed prescription drugs to company-owned pharmacies. Albertsons denies that it markets opioids. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

740. Albertsons admits that, in addition to the intention to provide a valuable service to its grocery customers, it intended to earn a profit from dispensing prescription medications, including prescription opioids, but denies the remaining allegations in Paragraph 740. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

741.     The allegations in Paragraph 741, with the use of the phrase "had control over," is too vague to allow for a meaningful response.  To the extent a response is required, Albertsons denies the allegations in Paragraph 741.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

742.     Albertsons admits that it gathered certain data about its dispensing and internal distribution of prescription medications, including opioids in Tarrant County. Albertsons denies the remaining allegations in Paragraph 742.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

743.     The allegations in Paragraph 743 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

744.     To the extent the allegations in Paragraph 744 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a believe as to the truth of the allegations and therefore denies them.

745.     To the extent the allegations in Paragraph 745 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a believe as to the truth of the allegations and therefore denies them.

746.     Albertsons denies that any act or omission of Albertsons was unreasonable or unlawful, as alleged or at all, and denies the remaining allegations in Paragraph 746. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

747.     The allegations in Paragraph 747 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

748.     The allegations in Paragraph 748 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

749.     To the extent the allegations in Paragraph 749 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

750.     To the extent the allegations in Paragraph 750 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

751.     The allegations in Paragraph 751 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

752.     Albertsons admits that it was aware of the federal Controlled Substances Act (21 U.S.C. § 801, et seq.) and the Texas Controlled Substances Act (TEX. HEALTH & SAFETY CODE § 481.001, et seq.) regarding the distribution and dispensing of prescription opioids, but states that the Pharmacy Defendants' "legal obligations" under those laws is a legal conclusion to which no response is required. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

753.     The allegations in Paragraph 753 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

754.     The allegations in Paragraph 754 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies that any act or omission of Albertsons created a public nuisance, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

755.     To the extent the allegations in Paragraph 755 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

756.     The allegations in Paragraph 756 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

757.    The allegations in Paragraph 757 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

758.    Albertsons denies that it breached any duties, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

759.    Albertsons denies that any act or omission resulted in any harm to Plaintiff, as alleged or at all and denies the remaining allegations in Paragraph 759. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

760.    To the extent the allegations in Paragraph 760 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

761.    The allegations in Paragraph 761 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

762.    The allegations in Paragraph 762 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

763.    To the extent the allegations in Paragraph 763 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

764.    The allegations in Paragraph 764 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

765.    To the extent the allegations in Paragraph 765 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

766.    To the extent the allegations in Paragraph 766 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

767.    The allegations in Paragraph 767 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  Albertsons further denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

768.    To the extent the allegations in Paragraph 768 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

769.    The allegations in Paragraph 769 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

770.    Albertsons specifically denies that it caused an ongoing public nuisance. Further, Albertsons denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all and denies the remaining allegations in Paragraph 770. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

771.    The first sentence in Paragraph 771 states a legal conclusion to which no response is required. To the extent a response is required, Albertsons denies the allegations, In response to the remaining allegations in Paragraph 771, Albertsons denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

772.    Albertsons denies that it engaged in any tortious conduct and denies that Plaintiff has incurred any damages as a result of any act or omission of Albertsons, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

773.    Albertsons denies that it engaged in any tortious conduct and denies that Plaintiff has incurred any damages as a result of any act or omission of Albertsons, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

774.    To the extent the allegations in Paragraph 774 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

775.    For the allegations in Paragraph 775, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

776.    Albertsons denies that Plaintiff has incurred any harm as a result of any act or omission of Albertsons, as alleged or at all.

777.    For the allegations in Paragraph 777, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

778.    Albertsons denies that any act or omission of Albertsons caused any injury to Plaintiff, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

779.    To the extent the allegations in Paragraph 779 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

780.    To the extent the allegations in Paragraph 780 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

781.     To the extent the allegations in Paragraph 781 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

782.     In response to allegation 782, Albertsons denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## PRAYER FOR RELIEF

783.     In response to allegation 783, Albertsons denies the allegations and further denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all.

## JURY DEMAND

784.     Paragraph 784 is a jury demand to which a response is not required.

## AFFIRMATIVE AND
## OTHER DEFENSES

Having answered the allegations of Plaintiff's Complaint, and having denied any liability whatsoever, Albertsons further denies any allegations that have not been expressly admitted and sets for below in its defenses.  By setting forth these defenses, Albertson's does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, Albertsons does not intend these defenses to be, nor shall they be construed as, an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.  Albertson's does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense.  Upon completion of discovery, if the

facts warrant, Albertsons may withdraw any of these defenses as may be appropriate. Albertson's reserves the right (i) to rely on any other applicable defenses set forth in any Answer or listing of affirmative defenses of any other Defendant in this Action; (ii) to rely on any other defenses that may become apparent during fact or expert discovery in this matter; and (iii) to amend its Answer to assert any such defenses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

## SECOND DEFENSE

Plaintiff's claims are barred by the appliable statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of repose.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff lacks standing to bring all or some of its claims.

## SIXTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims indirectly maintained on behalf of the citizens of Tarrant County brought as *parens patriae*.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

## NINTH DEFENSE

Plaintiff's claims are not ripe and/or have been mooted.

## TENTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by the political question and separation of powers doctrine and because its state-law claims implicate issues of statewide importance that are reserved for state regulation.

## ELEVENTH DEFENSE

Plaintiff claims are barred, in whole or in part, by its failure to mitigate damages.

## TWELFTH DEFENSE

Plaintiff claims are barred, in whole or in part, because Albertsons has no legal duty to protect Plaintiff from the criminal acts of third parties, and the injury it alleges was the result of one or more criminal acts by third parties.

## THIRTEENTH DEFENSE

Plaintiff's damages, if any, were proximately caused, in whole or in part, by independent, intervening, or superseding causes, including acts and omission of others over who Albertsons had no control or right to control

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, quasi estoppel, ratification, and/or unclean hands.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the assumption of risk.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of informed consent.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory or comparative negligence, contributory or comparative fault, and/or proportionate responsibility.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule.

### TWENTIETH DEFENSE

Plaintiff has failed to join one or more necessary and indispensable parties, including, without limitation, health care providers, prescribers, patients, and other third parties who Plaintiff alleges engaged in the unauthorized or illicit prescription, dispensing, distribution, diversion or use of prescription opioids in Tarrant County.

### TWENTY-FIRST DEFENSE

Albertsons is entitled to complete indemnity, express or implied, by other parties.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of in *pari delicto*.

### TWENTY-THIRD DEFENSE

Plaintiff cannot obtain relief on its claims based on actions undertaken by Albertsons of which Albertsons provided notice of all material facts.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against Albertsons do not arise out of the same transactions or occurrences as its claims against other Defendants, as required for joinder of parties.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent they related to Albertsons' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Texas Constitution or that of any other state whose laws may apply.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims against Albertsons are barred , reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## TWENTY-SEVENTH DEFENSE

As applicable, Albertsons would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in the Complaint.

## TWENTY-EIGHTH DEFENSE

Plaintiff's injuries and damages, if any, were due to misuse, illicit use, or abuse of the medications at issue on the part of medication users, for which Albertsons is not liable.

## TWENTY-NINTH DEFENSE

Albertsons' rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or

otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

**THIRTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable an uncontrollable forces over which Albertsons had no control and for which Albertsons is not responsible, including without limitation pre-existing or unrelated medical conditions.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any and all damages alleged by Plaintiff were caused by misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties over whom Albertson's had no control, for whom Albertson's are not responsible, and that operated as superseding causes that extinguish any liability.

**THIRTY-SECOND DEFENSE**

Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of Tarrant County citizens to reimburse any expenses for health care, pharmaceutical care, and/or other public services.

**THIRTY-FOURTH DEFENSE**

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

### THIRTY-FIFTH DEFENSE

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by Albertsons that harmed patients and should not have been prescribed or distributed, that Albertsons caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any specific prescription was unauthorized, medically unnecessary, ineffective, or harmful.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

### THIRTY-SEVENTH DEFENSE

Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Albertsons, and in the event that Albertsons is found to be liable to Plaintiff, Albertsons will be entitled to indemnification, contribution, and/or apportionment.

### THIRTY-EIGHTH DEFENSE

Albertsons asserts its right to a proportionate reduction of any damages found against Albertsons based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

### THIRTY-NINTH DEFENSE

In the event of liability against Albertsons (which liability is specifically denied), a specific percentage of the tortious conduct that proximately caused the injury or loss to person or property is attributable to (i) Plaintiff; (ii) other parties from whom Plaintiff seeks recovery; and (iii) persons from whom Plaintiff does not seek recovery in this action, including, but not limited to, prescribing practitioners, non-party pharmacies and pharmacists, individuals and entities involved in diversion

and distribution of prescription opioids, individuals and entities involved in import, distribution, and sale of illegal opioids, individuals involved in procuring diverted prescription opioids and/or illegal drugs, delivery services, federal, state, and local government entities, and health insurers and pharmacy benefit managers.

### FORTIETH DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

### FORTY-FIRST DEFENSE

Any damages that Plaintiff may recover against Albertsons must be reduced to the extent Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject drugs, or damages recovered or recoverable by other actual or potential Plaintiffs. Any damages that Plaintiff may recover against Albertsons must be reduced to the extent they unjustly enrich Plaintiff.

### FORTY-SECOND DEFENSE

Plaintiff's claims against Albertson's are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

### FORTY-THIRD DEFENSE

Plaintiff, to the extent it is seeking any damages in its capacity as a third-party payor, cannot recover as damages the costs of healthcare provided to insureds.

### FORTY-FOURTH DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

## FORTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

## FORTY-SIXTH DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

## FORTY-SEVENTH DEFENSE

The conduct of Albertsons conformed with the FDCA and the requirements of the Food and Drug Administration ("FDA"), and the activities of Albertson's alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

## FORTY-NINTH DEFENSE

Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co*., 529 U.S. 861 (2000).

## FIFTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## FIFTY-FIRST DEFENSE

If Plaintiff incurred the damages alleged, which is expressly denied, Albertsons is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## FIFTY-SECOND DEFENSE

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. § 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## FIFTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

## FIFTY-THIRD DEFENSE

Albertsons appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## FIFTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Albertson's complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## FIFTY-FIFTH DEFENSE

To the extent Plaintiff relies on letters or other informal guidance from the DEA to establish Albertson's regulatory duties, such informal guidance cannot enlarge Albertson's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 et seq.

## FIFTY-SIXTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## FIFTY-SEVENTH DEFENSE

To the extent Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

## FIFTY-EIGHTH DEFENSE

Plaintiff's claim of public nuisance is barred or limited because no action of Albertsons involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor/dispenser sufficient to state a claim for public nuisance; the alleged public nuisance would have

impermissible extraterritorial reach; and the alleged conduct of Albertson's is too remote from the alleged injury as a matter of law and due process.

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by Albertson's in determining to use or prescribe the subject prescription medications.

## SIXTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

## SIXTY-FIRST DEFENSE

Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

## SIXTY-SECOND DEFENSE

Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

## SIXTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

## SIXTY-FOURTH DEFENSE

To the extent Plaintiff seeks relief for Albertsons conduct occurring before enactment of the applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

## SIXTY-FIFTH DEFENSE

Albertsons is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of Texas or any other state whose substantive law might control the action.

## SIXTY-SIXTH DEFENSE

Albertson's asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b).

## SIXTY-SEVENTH DEFENSE

Plaintiff's claims are damages are invalid and/or are barred, in whole or in part, because of the users of the medications at issue used them after acknowledging and/or learning of their alleged risks.

## SIXTY-EIGHTH DEFENSE

Plaintiff cannot establish that it incurred any costs for any opioid prescription promoted or sold by Albertsons and that was medically inappropriate or should have not been written, or that Albertsons allegedly improper conduct caused any health care provider to write any unnecessary, ineffective or harmful opioid prescriptions.

## SIXTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, Plaintiff seeks duplicate or double recovery on the same injury or damage, contrary to Texas law.

## SEVENTIETH DEFENSE

Plaintiff's requests for attorneys' fees are barred for their failure to plead the basis for the recovery of attorneys' fees.

## SEVENTIETH DEFENSE

Albertsons adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## JURY DEMAND

Albertsons hereby requests trial by jury of twelve (12) as to all issues or claims triable in this action.

## PRAYER FOR RELIEF

Albertsons hereby requests trial by jury of twelve (12) as to all issues or claims triable in this action.

WHEREFORE, Albertsons prays for relief from judgment from Plaintiff as follows:

1. Plaintiff takes nothing by reason of this Complaint;

2. Albertsons recovers its costs and attorneys' fees incurred herein; and

3. For such further and other relief as the Court deems proper.

Respectfully submitted,


/s/ *Gretchen N. Miller*

By:   Gretchen N. Miller

Francis A. Citera (SBN IL 6185263)
citeraf@gtlaw.com
Gretchen N. Miller (SBN IL 6273075)
millerg@gtlaw.com

GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone:     312.456.8400
Facsimile:     312.456.8435

Peter S. Wahby
   State Bar No. 24011171
   wahbyp@gtlaw.com
Gregory Franklin
   State Bar No. 24096997
   frankling@gtlaw.com

GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75210
Telephone:  (214) 665-3600
Facsimile: (214)  665-3601


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of November, 2021, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF System.

By: */s/ Gretchen N. Miller*
      Gretchen N. Miller