UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track Eight* | ) MDL 2804<br>)<br>) Case No. 1:17-md-2804<br>)<br>) Judge Dan Aaron Polster<br>)<br>) **OPINION AND ORDER**<br>) |

Before the Court is Plaintiffs' Motion to Strike or Sever Pharmacy Defendants' Third-Party Complaints (Doc. #4154). Pharmacy Defendants filed an Opposition to the Motion (Doc. #4162).

In both the Track One-B cases and the Track Three cases of this multidistrict litigation, the Plaintiffs alleged, inter alia, Pharmacy Defendants created an absolute public nuisance in the Plaintiff Counties by failing to protect against diversion in their retail dispensing of prescription opioids. See generally Doc. ##2943, 2944. Pharmacy Defendants filed third-party complaints against John and Jane Doe prescribers, alleging that if Pharmacy Defendants were found liable to Plaintiffs, "it would be only because the pharmacists relied in good faith on facially valid prescriptions written and/or authorized by one of the Prescriber Defendants." Doc. #3064 at ¶ 36; Doc. #3064 at ¶ 37. Plaintiffs moved to strike or sever the third-party complaints. Doc. #3074. The Court struck the third-party complaints on the grounds that Pharmacy Defendants' claims are not dependent on Plaintiffs' claims against them and therefore are not proper third-party claims under Rule 14 and adding the claims and parties would cause undue delay. Doc. #3246.

Now, the Track Eight Plaintiffs similarly allege Pharmacy Defendants are liable for creating a public nuisance in the Plaintiff Counties for failing to protect against diversion in their retail dispensing of prescription opioids. See generally Doc. ##3326, 3327. Pharmacy Defendants

again filed third-party complaints against John and Jane Doe prescribers. Doc. #4112. Pharmacy Defendants allege that if they are found liable to Plaintiffs "it would be only because the pharmacists relied in good faith on facially valid prescriptions written and/or authorized by one of the Prescriber Defendants." Doc. #4112 at ¶ 24. Plaintiffs move to strike or sever the complaints, and they rely on the Court's Opinion and Order striking the nearly identical third-party complaints in Track One-B to support their arguments that the Pharmacy Defendants' claims are not proper third-party claims under Rule 14 and adding these claims will result in undue prejudice and delay. Doc. #4154.

The Court incorporates by reference its Rule 14 analysis of the Pharmacy Defendants' nearly identical purported third-party claims in Track One-B. See Doc. #3246 at 2–5. Pharmacy Defendants do not argue that analysis does not apply here or identify anything in this case that requires a different outcome. In fact, their opposition to Plaintiffs' motion to strike does nothing more than incorporate the opposition to Plaintiffs' motion to strike in Track 3. Opp. at 1 (Doc. #3551). As the Court stated, "a finding of Defendants' liability will be based on the distinct duties of the Pharmacies, involving facts largely independent of any individual Prescriber or prescription …. The Court finds no basis on which the Pharmacies can simply transfer to Prescribers their liability to Plaintiffs." Doc. #3246 at 4–5. Pharmacy Defendants again have not asserted third-party claims within Rule 14.

As in Tracks One-B and Three, it is undisputed that the addition of these claims and parties will cause the trial to be more complex and will force significant delay. Mot. at 6–7 (Doc. #3542); Opp. at 6–7 (Doc. #3551). The Court has already issued a case management order, and this schedule cannot be maintained if the currently unidentified third-party defendants are added to the case. Accordingly, striking the third-party claims is appropriate.

2

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Strike or Sever Pharmacy Defendants' Third-Party Complaints, Doc. #4154, and STRIKES the Third-Party Complaint, Doc. #4112.

**IT IS SO ORDERED.**

  /s/ Dan Aaron Polster *November 23, 2021*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**