UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All actions* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### DECLARATION OF DAVID I. ACKERMAN

I, David I. Ackerman, declare under penalty of perjury:

1. I am a Member of the law firm of Motley Rice LLC and one of the attorneys representing Plaintiffs in this litigation since its initiation. As such, I have personal knowledge of the circumstances surrounding the present matter and of the facts averred here.

2. This declaration is submitted in support of the Plaintiffs Executive Committee's (PEC's) *Opposition to Defendants' Motion for Modification of the Protective Order*, ECF No. 4144.

3. On June 12, 2020, I received an email from one of Defendants' counsel inquiring about the PEC's willingness to agree to a modification of the MDL protective order with respect to disclosure of MDL discovery to defense counsel in non-MDL litigation.

4. Between June 12, 2020, and July 6, 2020, I met and conferred with defense counsel about Defendants' proposed modifications to the protective order. My records reflect at least one telephone conference with counsel for Defendants on June 19, 2020 where this subject was discussed. Plaintiffs objected on that call that Defendants' proposal was overbroad, and that it should exclude case files from Summit County and Cuyahoga County Children Services agencies; documents designated as "Confidential Protected Health Information" (including claims data

produced by Summit and Cuyahoga Counties); and documents designated as "Attorney Eyes Only" that concerned sensitive law enforcement matters.

5. On July 6, 2020, I received a revised proposal from counsel for Defendants that purported to address Plaintiffs' objections.

6. On August 9, 2020, I proposed and sent to defense counsel further revisions to Defendants' July 6, 2020, proposal.

7. I do not recall receiving any response from defense counsel to my August 9, 2020, counterproposal. After this motion was filed, I searched my emails and did not find any further communication from defense counsel on these issues at all. I was surprised to learn of Defendants' *Motion for Modification of the Protective Order* filed on November 10, 2021, because I had assumed Defendants had abandoned this issue.

8. When I communicated my counterproposal to defense counsel on August 9, 2020, I fully expected negotiations would continue and that the parties would eventually be able to agree to a resolution. I was never informed or given reason to believe that the parties had arrived at an impasse or that our disagreements were intractable. I have participated in numerous meet-and-confers with counsel for Defendants and recognize when impasse has been reached. These negotiations never reached that stage.

9. To the best of my recollection, the negotiations that took place from June through August 2020 included no discussion of access to expert reports served in non-MDL litigations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 24, 2021   */s/ David I. Ackerman*
　　　　　　　　　　　　　　David I. Ackerman