UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br><br>Clark County, Nevada,<br><br>Plaintiffs<br><br>v.<br><br>Purdue Pharma, LP, *et al.*<br><br>Defendants. | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>[1:19-op-46168-DAP]<br><br>Honorable Dan A. Polster<br><br>**<u>CLARK COUNTY, NEVADA'S MOTION TO CLARIFY THE JULY 23, 2021, CASE MANAGEMENT ORDER APPLICABLE TO CASES OF "NON-PARTICIPATING SUBDIVISIONS" [EXHIBIT A]</u>** |

Plaintiff Clark County, Nevada ("Clark County") respectfully moves the Court to Clarify the July 23, 2021, Case Management Order Order Applicable To Cases Of "Non-Participating Subdivisions" (ECF No. 3795)("CMO") to confirm that the CMO does not apply to Clark County or other government subdivisions that are not eligible to participate in the pending Distributor and J & J settlements because such subdivisions are located within a Non-Participating State.

## ARGUMENT

On July 21, 2021, three opioid distributor defendants - McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Corporation- announced the framework for a national settlement (hereinafter referred to as "Distributor Settlement"). That same day, Johnson & Johnson announced a similar framework for a national settlement (hereinafter "J&J Settlement"). Two

1

days later, your honor entered the subject CMO which imposes additional, rigorous discovery requirements on government subdivision MDL plaintiffs that decide not to participate in the two national settlements. Footnote 2 of the CMO confirms that the CMO is intended to apply only to "eligible subdivisions," and therefore appears to include only those government subdivisions that are *eligible* to participate in the two national settlements, but ultimately decide not to participate and to continue litigating against the subject defendants. Footnote 2 states in relevant part,

> **Essentially, a "Non-Participating Subdivision" is simply an <u>eligible</u> Subdivision that chooses not to participate in the Settlement Agreements.**

CMO at fn. 2 (bold and underline added).

Clark County, Nevada (Case No. 1:19-op-46168) is one of a handful of Nevada political subdivisions with cases in this MDL.[1] Clark County requests clarification from the Court that confirms the July 23, 2021 CMO does not apply to Clark County because Clark County is not an "eligible subdivision" and cannot participate in the national settlements because the State of Nevada is not participating in either settlement. Under the terms of the settlements, it appears that subdivisions in Settling States have until December 19, 2021, to decide to participate in the national settlements. *See* "Initial Participation Date" at Sec. 1, ¶ 29 to J&J Agreement; Sec. 1, ¶ CC to Distributor Agreement. Neither the Distributor Settlement nor the J&J Settlement, however, provide any mechanism by which a local subdivision from a Non-Settling State, such as Clark County, is independently eligible to participate in the national settlements.

As such, Clark County cannot "choose" to participate or not to participate in the national settlements. Clark County therefore has no choice but to continue litigating against these Defendants, and Clark County's doing so does not impede the progress of the settlements in any

---

[1] Clark County disputes MDL Jurisdiction but cannot file a motion for remand because of the pending stay on such motions.

way. Because Clark County is not eligible to participate in the national settlements as contemplated by the CMO, and because the settlements do not allow for Clark County to make a participation decision, it appears the CMO was not intended to apply to Clark County (or similarly situated local subdivisions). Given the rigorous nature of the CMO discovery requirements, the prejudice to Clark County of having to comply with the CMO despite having no opportunity to participate in the settlements, and the severe consequences of failing to comply with the CMO, Clark County seeks clarification that the CMO does not apply to Clark County as a subdivision located within non-Settling State. Clark County is not otherwise eligible to participate in the national settlements and therefore should not be burdened with significant and burdensome consequences for a decision Clark County cannot make.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Clark County respectfully requests that the Court clarify the July 23, 2021, CMO to confirm that it does not apply to Clark County as a subdivision in a Non-Settling State.

Dated: November 30, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Erica D. Entsminger* <br> ROBERT T. EGLET, ESQ. <br> ROBERT M. ADAMS, ESQ. <br> ERICA D. ENTSMINGER, ESQ. <br> ARTEMUS W. HAM, ESQ. <br> RICHARD K. HY, ESQ. <br> CASSANDRA S.M. CUMMINGS, ESQ. <br> **EGLET ADAMS** <br> 400 S. Seventh St., Suite 400 <br> Las Vegas, NV  89101 <br> (702) 450-5400; Fax: (702) 450-5451 <br> eservice@egletlaw.com <br><br> MIKE PAPANTONIO, ESQ. <br> TROY RAFFERTY, ESQ. <br> JEFF GADDY, ESQ. <br> **LEVIN PAPANTONIO LAW FIRM** <br> 316 S. Bavlen Street, Suite 400 <br> Pensacola, Florida 32502 <br> (850) 435-7064; Fax: (850) 436-6064 <br> mpapantonio@levinlaw.com | STEVEN B. WOLFSON, ESQ. <br> District Attorney <br> 200 E. Lewis Ave <br> Las Vegas, NV 89101 <br> Tel.: 702-671-2700 <br> Email: steven.wolfson@clarkcountyda.com <br><br> ANGELA MASON, ESQ. <br> JOHN GIVENS, ESQ. <br> JESSICA GIVENS, ESQ. <br> **THE COCHRAN FIRM-DOTHAN, PC** <br> 111 East Main Street <br> Dothan, Alabama 36301 <br> (334) 673-1555; Fax: (334) 699-7229 <br> keith@cochranfirm.com <br><br><br> *Attorneys for Plaintiff* <br> *Clark County, Nevada* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of November 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

*/s/ Makaela Otto*
An Employee of Eglet Adams