## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN  RE:  NATIONAL  PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Durham County v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:19-op-45346-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## CVS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DURHAM COUNTY'S SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO "SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND"

Defendants CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., CVS Pharmacy, Inc., and North Carolina CVS Pharmacy, L.L.C. (collectively, "CVS") hereby answer Plaintiff's Supplemental and Amended Allegations to be Added to "Short Form For Supplementing Complaint And Amending Defendants And Jury Demand" (the "Complaint") (Doc. 3738)[1] filed in *Durham County v. AmerisourceBergen Drug Corporation, et al.*, No. 1:19-op-45346-DAP (N.D. Ohio).[2]

---

[1] Citations to the docket in this Answer refer to the MDL docket, 1:17-md-2804.

[2] Pursuant to ¶ 4 of the Stipulated Order Regarding Answering the May 1, 2021 Amended Complaints in the Five New Pharmacy Bellwether Cases (the "Answer Stipulation") (Doc. 3853), CVS and Plaintiff have agreed, and the Court has ordered, that CVS shall answer only the allegations set forth in the Complaint (Doc. 3738), and CVS has no obligation to answer any allegations set forth in any prior complaints filed by Plaintiff. By not answering the allegations of any prior complaint, CVS does not admit any of the allegations in those complaints, waive any defenses to the claims in those complaints, or risk a default judgment with respect to any claims in those complaints. Doc. 3853.

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into CVS's responses to each paragraph of the Complaint:

A.     The Complaint names CVS Health Corporation ("CVS Health") as a Defendant. On September 8, 2021, the Court granted Plaintiff's motion to dismiss CVS Health.  Accordingly, CVS Health is not responding to the Complaint.

B.     The Complaint names Caremark, L.L.C. ("Caremark") and ProCare Pharmacy Direct, L.L.C. ("ProCare Direct") as Defendants. On September 8, 2021, the Court granted Plaintiff's motion to sever Caremark and ProCare Direct.  Accordingly, Caremark and ProCare Direct are not responding to the Complaint.

C.     Where allegations are made against "Defendants" as a group, however described, CVS's responses apply only to themselves.

D.     Most of the allegations in the Complaint are not directed at CVS and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

E.     The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and CVS respectfully refers the Court to the respective materials for their true and complete contents.

F.     Except as otherwise expressly stated herein, CVS denies each and every allegation contained in the Complaint, including any allegations contained in the preamble, unnumbered paragraphs, paragraphs, titles, headings, subheadings, table of contents, footnotes, and exhibits,

and specifically denies any liability to Plaintiff. To the extent not expressly denied, all allegations for which CVS denies possessing knowledge or information sufficient to form a belief are denied.

G.     CVS reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER

Pursuant to the Answer Stipulation, CVS states as follows:

A.     Pursuant to paragraph 5 of the Answer Stipulation, paragraphs 42-87, 175, 247-477, 480-483, 486-491, 516-517, 534-535, 537, 563-573, 580-585, 588-591, and 620-645 of the Complaint are directed solely to other defendants, and CVS has no obligation to answer.  To the extent CVS is required to respond to the allegations in those paragraphs, CVS states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

B.     Pursuant to paragraph 6 of the Answer Stipulation, CVS denies the allegations in paragraphs 180, 193-194, 207, 218, 227, 229, 231-236, 243-245, 501, 524, 544-545, 547-552, 554, 557, 574-577, 614, 619, 658-665, 673-676, 695, and 759-760 of the Complaint in their entirety.

C.     Pursuant to paragraph 7 of the Answer Stipulation, CVS admits the allegations in paragraphs 199 and 204, but denies that it has committed any wrongdoing and denies that Plaintiffs are entitled to any relief.

CVS answers the remaining allegations of the Complaint as follows:

1.     CVS denies the allegations in paragraph 1 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1. To the extent any further response is required, CVS denies the allegations.

2. CVS denies the allegations in paragraph 2 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2. To the extent any further response is required, CVS denies the allegations.

3. CVS denies the allegations in paragraph 3 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

4. The allegations in paragraph 4 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

5. The allegations in paragraph 5 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

6. The allegations in paragraph 6 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

7. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7. To the extent any further response is required, CVS denies the allegations.

8. CVS denies the allegations in paragraph 8 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8. To the extent any further response is required, CVS denies the allegations.

9.      While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9. To the extent any further response is required, CVS denies the allegations.

10.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10. To the extent any further response is required, CVS denies the allegations.

11.     While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11. To the extent any further response is required, CVS denies the allegations.

12.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12. To the extent any further response is required, CVS denies the allegations.

13.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 except to admit, upon information and belief, that Mr. Anderson has made the quoted statement in news reports, and that the President declared opioid abuse a national public health emergency under federal law on October 26, 2017. To the extent any further response is required, CVS denies the allegations.

14.     While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14. To the extent any further response is required, CVS denies the allegations.

15.     CVS denies the allegations in paragraph 15 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 15. To the extent any further response is required, CVS denies the allegations.

16.     CVS denies the allegations in paragraph 16 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16. To the extent any further response is required, CVS denies the allegations.

17.     CVS denies the allegations in paragraph 17 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and respectfully refers the Court to the cited document, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

18.     CVS denies the allegations in paragraph 18 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18. To the extent any further response is required, CVS denies the allegations.

19.     While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19. To the extent any further response is required, CVS denies the allegations.

20.     While individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20. To the extent any further response is required, CVS denies the allegations.

21.     CVS denies the allegations in paragraph 21 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 21, and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

22.     CVS denies the allegations in paragraph 22 insofar as alleged against it except to admit, upon information and belief, that a former CDC director has made the quoted statement in news reports. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22. To the extent any further response is required, CVS denies the allegations.

23.     CVS denies the allegations in paragraph 23 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23. To the extent any further response is required, CVS denies the allegations.

24.     CVS denies the allegations in paragraph 24 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24. To the extent any further response is required, CVS denies the allegations.

25.     CVS denies the allegations in paragraph 25 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25. To the extent any further response is required, CVS denies the allegations.

26.     While CVS is aware of reports on opioid overdoses and addiction, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26. To the extent any further response is required, CVS denies the allegations.

27.     CVS denies the allegations in paragraph 27 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27. To the extent any further response is required, CVS denies the allegations.

28.     The allegations in paragraph 28 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

29.     The allegations in paragraph 29 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

30.     The allegations in paragraph 30 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

31.     The allegations in paragraph 31 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

32.     The allegations in paragraph 32 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

33.     CVS denies the allegations in paragraph 33 except to admit that CVS Health is a Delaware corporation with its principal place of business in Rhode Island.

34.     CVS denies the allegations in paragraph 34 except to admit that CVS Indiana, L.L.C. is an Indiana limited liability company with its principal place of business in Rhode Island.

35.     CVS denies the allegations in paragraph 35 except to admit that CVS Rx Services, Inc. is a New York corporation with its principal place of business in Rhode Island, and is registered to do business in North Carolina.

36.     CVS denies the allegations in paragraph 36 except to admit that CVS TN Distribution, L.L.C. is a Tennessee limited liability company with its principal place of business in Rhode Island, and is registered to do business in North Carolina.

37.     CVS denies the allegations in paragraph 37 except to admit that CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island, is a subsidiary of CVS Health, and is registered to do business in North Carolina, and CVS Pharmacy, Inc. directly or indirectly owns CVS distribution centers that are licensed with DEA to distribute Schedule III, IV, and V controlled substances and directly or indirectly owns CVS Pharmacy retail stores in North Carolina that are licensed with DEA to dispense Schedule II, III, IV, and V controlled substances.

38.     CVS denies the allegations in paragraph 38 except to admit that North Carolina CVS Pharmacy, L.L.C. is a North Carolina limited liability company registered to do business in North Carolina and with its principal place of business in Rhode Island.

39.     CVS denies the allegations in paragraph 39 except to admit that ProCare Pharmacy Direct, L.L.C. is an Ohio limited liability company with its principal place of business in Rhode Island, and is registered to do business in North Carolina.

40.     CVS denies the allegations in paragraph 40 except to admit that Caremark, L.L.C. is a California limited liability company with its principal place of business in Rhode Island, and is registered to do business in North Carolina.

41.     CVS denies the allegations in paragraph 41 except to admit that distribution centers directly or indirectly owned by CVS Pharmacy, Inc., CVS TN Distribution, L.L.C., CVS Indiana, L.L.C., and CVS Rx Services, Inc. are licensed with DEA to distribute Schedule III, IV, and V controlled substances; CVS Pharmacy retail stores owned by North Carolina CVS Pharmacy,

9

L.L.C. are licensed with DEA to dispense Schedule II, III, IV, and V controlled substances; distribution centers owned by CVS TN Distribution, L.L.C., CVS Indiana, L.L.C., and CVS Rx Services, Inc. have distributed Schedule III, IV, and V controlled substances into North Carolina; and CVS Pharmacy retail stores owned by North Carolina CVS Pharmacy, L.L.C. have dispensed Schedule II, III, IV, and V controlled substances in North Carolina.

88.     CVS denies the allegations in paragraph 88 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88. To the extent any further response is required, CVS denies the allegations.

89.     CVS denies the allegations in paragraph 89 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89. To the extent any further response is required, CVS denies the allegations.

90.     CVS denies the allegations in paragraph 90 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90. To the extent any further response is required, CVS denies the allegations.

91.     CVS admits opioids are a class of substances that include legal, prescription medication that doctors may prescribe to treat pain. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91. To the extent any further response is required, CVS denies the allegations.

92.     CVS admits opioids are a class of substances that include legal, prescription medication that doctors may prescribe to treat pain. CVS otherwise lacks knowledge or

information sufficient to form a belief about the truth of the allegations in paragraph 92. To the extent any further response is required, CVS denies the allegations.

93.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93. To the extent any further response is required, CVS denies the allegations.

94.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94. To the extent any further response is required, CVS denies the allegations.

95.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95. To the extent any further response is required, CVS denies the allegations.

96.     CVS admits that certain prescription opioids are classified as Schedule II under the Controlled Substances Act. CVS otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 96. To the extent any further response is required, CVS denies the allegations.

97.     CVS admits that medical professionals may describe the strength of prescription opioids in terms of morphine milligram equivalents (or "MME"). CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97. To the extent any further response is required, CVS denies the allegations.

98.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98. To the extent any further response is required, CVS denies the allegations.

99.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99. To the extent any further response is required, CVS denies the allegations.

100.     CVS denies the allegations in paragraph 100 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100. To the extent any further response is required, CVS denies the allegations.

101.     CVS denies the allegations in paragraph 101 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101. To the extent any further response is required, CVS denies the allegations.

102.     CVS denies the allegations in paragraph 102 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102. To the extent any further response is required, CVS denies the allegations.

103.     CVS denies the allegations in paragraph 103 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103. To the extent any further response is required, CVS denies the allegations.

104.     CVS denies the allegations in paragraph 104 insofar as alleged against it except to admit that CVS distribution centers distribute Schedule III, IV, and V controlled substances to CVS Pharmacy retail stores and that CVS Pharmacy retail stores dispense Schedule II, III, IV, and V controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 104. To the extent any further response is required, CVS denies the allegations.

105.    CVS denies the allegations in paragraph 105 insofar as alleged against it except to admit that CVS distribution centers distributed hydrocodone combination products when those products were classified as Schedule III under the Controlled Substances Act and that CVS Pharmacy retail stores have dispensed prescription opioids classified as Schedule II and III under the Controlled Substances Act. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105. To the extent any further response is required, CVS denies the allegations.

106.    CVS denies the allegations in paragraph 106 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS distribution centers' distribution of controlled substances and CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106. To the extent any further response is required, CVS denies the allegations.

107.    CVS denies the allegations in paragraph 107 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107. To the extent any further response is required, CVS denies the allegations.

108.    The allegations in paragraph 108 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

109.    CVS denies the allegations in paragraph 109 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 109. To the extent any further response is required, CVS denies the allegations.

110.    CVS denies the allegations in paragraph 110 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110. To the extent any further response is required, CVS denies the allegations.

111.    CVS denies the allegations in paragraph 111 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111. To the extent any further response is required, CVS denies the allegations.

112.    CVS denies the allegations in paragraph 112 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112. To the extent any further response is required, CVS denies the allegations.

113.    CVS denies the allegations in paragraph 113 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113. To the extent any further response is required, CVS denies the allegations.

114.    CVS denies the allegations in paragraph 114 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114. To the extent any further response is required, CVS denies the allegations.

115.    The allegations in paragraph 115 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

116.    The allegations in paragraph 116 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

117.    The allegations in paragraph 117 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

118.    The allegations in paragraph 118 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and regulations for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

119.    The allegations in paragraph 119 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and regulations for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

120.    The allegations in paragraph 120 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

121.    The allegations in paragraph 121 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations, case law and testimony for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

15

122.    The allegations in paragraph 122 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

123.    The allegations in paragraph 123 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

124.    The allegations in paragraph 124 state legal conclusions and argument to which no response is required. CVS further lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124, to the extent those allegations are directed to Defendants other than CVS. To the extent any further response is required, CVS denies the allegations.

125.    The allegations in paragraph 125 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

126.    The allegations in paragraph 126 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulation for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

127.    The allegations in paragraph 127 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

128.    The allegations in paragraph 128 state legal conclusions and argument as to which no response is required and contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers

the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

129.    The allegations in paragraph 129 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

130.    The allegations in paragraph 130 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited case law for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

131.    CVS denies the allegations in paragraph 131 except to admit that a pharmacy's ordering history may provide information on the controlled and non-controlled substances that the pharmacy previously has ordered. To the extent any further response is required, CVS denies the allegations.

132.    CVS denies the allegations in paragraph 132 insofar as alleged against it except to aver that the cited document speaks for itself. To the extent that any further response is required, CVS denies the allegations.

133.    CVS denies the allegations in paragraph 133 insofar as alleged against it except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

134.    The allegations in paragraph 134 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

135.    The allegations in paragraph 135 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

136.    The allegations in paragraph 136 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

137.    The allegations in paragraph 137 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

138.    The allegations in paragraph 138 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

139.    The allegations in paragraph 139 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

140.    The allegations in paragraph 140 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

141.    The allegations in paragraph 141 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

142.    The allegations in paragraph 142 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

143.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 143. To the extent any further response is required, CVS denies the allegations.

144.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144 to the extent they concern Defendants other than CVS, and therefore denies the same. CVS admits that pharmacists employed at CVS retail pharmacies in

18

North Carolina have access to the North Carolina Controlled Substances Reporting System. CVS further states that the allegations of this paragraph contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

145.    CVS denies the allegations in paragraph 145 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances and other prescription drugs. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145 to the extent those allegations relate to other Defendants. CVS denies the remaining allegations of this paragraph.

146.    The allegations in paragraph 146 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

147.    CVS denies the allegations in paragraph 147 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147. To the extent any further response is required, CVS denies the allegations.

148.    The allegations in paragraph 148 contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

19

149.     The allegations in paragraph 149 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

150.     The allegations in paragraph 150 contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

151.     CVS denies the allegations in paragraph 151 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151. To the extent any further response is required, CVS denies the allegations.

152.     CVS denies the allegations in paragraph 152 insofar as alleged against it except to admit that the National Association of Chain Drug Stores ("NACDS") is a trade association for retail pharmacies and that a CVS entity is a member of NACDS, has held a seat on the Board of Directors of NACDS, and has served on committees of NACDS. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152. To the extent any further response is required, CVS denies the allegations.

153.     CVS denies the allegations in paragraph 153 except to admit that Healthcare Distribution Alliance ("HDA"), formerly known as Healthcare Distribution Management Association ("HDMA")) is a trade association whose members are pharmaceutical distributors; that CVS Health acquired in or around 2007 an entity, Caremark Rx Inc., that was an affiliate member of HDA; and that a subsidiary of CVS Health for a period thereafter maintained that affiliate membership in HDA.

20

154.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

155.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

156.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

157.    CVS denies the allegations in paragraph 157 except to admit that HDA and NACDS submitted an amicus brief in the *Masters Pharmaceutical* case and to refer the Court to the amicus brief for its true and correct contents. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 157. To the extent any further response is required, CVS denies the allegations.

158.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

159.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

160.    CVS denies the allegations in paragraph 160 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 160. To the extent any further response is required, CVS denies the allegations.

161.     CVS admits that the DEA launched the "Distributor Initiative" in or around 2005 but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the "Distributor Initiative." The remaining allegations in paragraph 161 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

162.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162. To the extent any further response is required, CVS denies the allegations.

163.     CVS admits that the DEA has hosted Pharmacy Diversion Awareness Conferences. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163. To the extent any further response is required, CVS denies the allegations.

164.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

165.     CVS denies the allegations in paragraph 165 except to admit that the DEA sent a September 27, 2006 letter to certain registrants that contained the quoted language. CVS denies Plaintiff's characterization of this letter, and respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

166.     CVS denies the allegations in paragraph 166 except to admit that the DEA sent a September 27, 2006 letter to certain registrants that contained the quoted language. CVS denies

Plaintiff's characterization of this letter and respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

167.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167 except to admit that DEA sent a December 27, 2007 letter to certain registrants that contained the quoted language. CVS respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

168.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168. To the extent any further response is required, CVS denies the allegations.

169.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169 except to aver that the referenced settlement agreements speak for themselves. To the extent any further response is required, CVS denies the allegations.

170.     The allegations in paragraph 170 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited case law and administrative decisions for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

171.     The allegations in paragraph 171 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulation and case law for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

172.     The allegations in paragraph 172 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

173. CVS denies the allegations in paragraph 173 insofar as alleged against it except to admit that representatives from CVS and the DEA met on December 8, 2010, and to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 173. To the extent any further response is required, CVS denies the allegations.

174. CVS denies the allegations in paragraph 174 except to aver that the cited document speaks for itself.

176. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

177. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177 except to aver that the allegations purport to cite documents and those documents speak for themselves. To the extent any further response is required, CVS denies the allegations.

178. CVS denies the allegations in paragraph 178 insofar as alleged against it except to aver that the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178. To the extent any further response is required, CVS denies the allegations.

179. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

181. The allegations in paragraph 181 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

182. CVS denies the allegations in paragraph 182 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182. To the extent any further response is required, CVS denies the allegations.

183. CVS denies the allegations in paragraph 183 except to aver that the complete public statements made by CVS speak for themselves and are the best evidence of their contents.

184. CVS denies the allegations in paragraph 184 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184. To the extent any further response is required, CVS denies the allegations.

185. The allegations in paragraph 185 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

186. CVS denies the allegations in paragraph 186 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186. To the extent any further response is required, CVS denies the allegations.

187. CVS denies the allegations in paragraph 187 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the allegations in paragraph 187. To the extent any further response is required, CVS denies the allegations.

188.    CVS denies the allegations in paragraph 188 except to aver that the cited document speaks for itself.

189.    CVS denies the allegations in paragraph 189 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189. To the extent any further response is required, CVS denies the allegations.

190.    The allegations in paragraph 190 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

191.    CVS denies the allegations in paragraph 191 except to admit that there are currently more than 9,900 CVS Pharmacy retail stores in the United States; that CVS Pharmacy retail stores were supplied with Schedule III hydrocodone combination products by CVS distribution centers and by outside vendors; that CVS distribution centers stopped distributing hydrocodone combination products when they were reclassified as Schedule II under the Controlled Substances Act in October 2014; and that CVS Pharmacy retail stores are supplied with Schedule II prescription opioids by outside vendors.

192.    CVS denies the allegations in paragraph 192 except to admit that CVS Pharmacy retail stores have placed orders for Schedule III, IV, and V controlled substances with CVS distribution centers through a computerized ordering system.

195.    CVS denies the allegations in paragraph 195 except to admit that, in 2007, CVS worked with an outside consultant to develop a written standard operating procedure for its

distribution centers' handling of controlled substances, and to aver that the referenced documents speak for themselves.

196.    CVS denies the allegations in paragraph 196 except to aver that the referenced documents speak for themselves.

197.    CVS denies the allegations in paragraph 197 except to aver that the referenced document speaks for itself.

198.    CVS denies the allegations in paragraph 198 except to admit that the DEA commenced a routine inspection of CVS's Indianapolis distribution center on August 24, 2010.

200.    CVS denies the allegations in paragraph 200 except to aver that the cited documents speak for themselves.

201.    CVS denies the allegations in paragraph 201 except to aver that the cited documents speak for themselves.

202.    CVS denies the allegations in paragraph 202 except to aver that the cited document must be considered in context and in unmodified form, and to respectfully refer the Court to the cited document for its true and complete contents.

203.    CVS denies the allegations in paragraph 203 except to admit that, in or around 2008, an outside consultant delivered to CVS a set of computer algorithms to identify orders of interest of controlled substances placed with CVS distribution centers.

205.    CVS denies the allegations in paragraph 205 except to admit that the original set of computer algorithms delivered by the outside consultant pended orders with a score of 0.15 or higher, that the score was adjusted to 0.65 in consultation with the outside consultant, and that the outside consultant performed a "retunement" of the algorithm.

206.    CVS denies the allegations in paragraph 206 except to aver that the cited document must be considered in context and in unmodified form, and to respectfully refer the Court to the cited document for its true and complete contents.

208.    CVS denies the allegations in paragraph 208 except to admit that the computer algorithms delivered to CVS in 2008 flagged orders by drug name and were subsequently revised to flag orders by active ingredient.

209.    CVS denies the allegations in paragraph 209 except to aver that the cited documents speak for themselves.

210.    CVS denies the allegations in paragraph 210 except to admit that, in 2012, it hired new outside consultants to assist with the development of suspicious order monitoring systems.

211.    CVS denies the allegations in paragraph 211 except to aver that the cited document speaks for itself.

212.    CVS denies the allegations in paragraph 212 except to admit that CVS implemented a new suspicious order monitoring system in 2014 and stopped distributing hydrocodone combination products by October 6, 2014.

213.    CVS denies the allegations in paragraph 213 except to admit that the DEA commenced a routine inspection of CVS's distribution center in Indianapolis, Indiana, in August 2013.

214.    CVS denies the allegations in paragraph 214 except to aver that the cited documents speak for themselves.

215.    CVS denies the allegations in paragraph 215 except to admit that CVS had a closing meeting with the DEA concerning its inspection of the CVS distribution center in Indianapolis, Indiana, in May 2014, and to aver that the cited documents speak for themselves.

28

216.    CVS denies the allegations in paragraph 216 except to aver that the letter of admonition issued by the DEA on December 31, 2015, speaks for itself.

217.    CVS denies the allegations in paragraph 217 except to aver that the cited deposition transcript speaks for itself.

219.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 219. To the extent any further response is required, CVS denies the allegations.

220.    CVS denies the allegations in paragraph 220 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 220. To the extent any further response is required, CVS denies the allegations.

221.    CVS denies the allegations in paragraph 221 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 221. To the extent any further response is required, CVS denies the allegations.

222.    CVS denies the allegations in paragraph 222 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 222. To the extent any further response is required, CVS denies the allegations.

223.    CVS denies the allegations in paragraph 223 insofar as alleged against it except to aver that to the extent this paragraph purports to quote from, summarize, or paraphrase a document or documents, the cited documents speak for themselves. CVS otherwise lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 223. To the extent any further response is required, CVS denies the allegations.

224.     CVS denies the allegations in paragraph 224 insofar as alleged against it except to aver that to the extent this paragraph purports to quote from, summarize, or paraphrase a document or documents, the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 224. To the extent any further response is required, CVS denies the allegations.

225.     CVS denies the allegations in paragraph 225 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 225. To the extent any further response is required, CVS denies the allegations.

226.     CVS denies the allegations in paragraph 226 except to aver that the ARCOS data produced by DEA speaks for itself.

228.     The allegations in paragraph 228 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

230.     CVS denies the allegations in paragraph 230 except to aver that the ARCOS data produced by DEA speaks for itself.

237.     CVS denies the allegations in paragraph 237 except to aver that the cited document speaks for itself.

238.     CVS denies the allegations in paragraph 238 except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances.

239.     CVS denies the allegations in paragraph 239 except to admit that there are currently more than 9,900 CVS Pharmacy retail stores in the United States and that those CVS Pharmacy retail stores dispense Schedule II, III, IV, and V controlled substances.

240.     CVS denies the allegations in paragraph 240 except to admit that, pursuant to DEA procedures, the DEA registrations of CVS Pharmacy retail stores are renewed on a chain-wide basis and that, in November 2013, a fee of $5,553,407 (determined in accordance with the applicable DEA fee schedule) was paid to renew the DEA registrations of 7,597 CVS Pharmacy retail stores for a three-year period.

241.     CVS denies the allegations in paragraph 241 except to admit that, through September 2014, CVS Pharmacy retail stores were supplied with Schedule III hydrocodone combination products by CVS distribution centers and by outside vendors, and that CVS Pharmacy retail stores are supplied with Schedule II prescription opioids by outside vendors.

242.     CVS denies the allegations in paragraph 242 except to admit that a system was put in place to monitor for suspicious orders of controlled substances that CVS Pharmacy retail stores placed with CVS distribution centers.

246.     CVS denies the allegations in paragraph 246 except to aver that the cited ruling speaks for itself.

478.     CVS denies the allegations in paragraph 478 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 478. To the extent any further response is required, CVS denies the allegations.

479.     The allegations in paragraph 479 state legal conclusions and argument as to which no response is required. The allegations in paragraph 479 also contain references to documents

and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

484.    CVS denies the allegations in paragraph 484 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 484. To the extent any further response is required, CVS denies the allegations.

485.    CVS denies the allegations in paragraph 485 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 485. To the extent any further response is required, CVS denies the allegations.

492.    CVS denies the allegations in paragraph 492 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 492. To the extent any further response is required, CVS denies the allegations.

493.    CVS denies the allegations in paragraph 493 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 493. To the extent any further response is required, CVS denies the allegations.

494.    CVS denies the allegations in paragraph 494 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 494. To the extent any further response is required, CVS denies the allegations.

495.    CVS denies the allegations in paragraph 495 except to aver that the cited document speaks for itself.

496.    CVS denies the allegations in paragraph 496 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 496. To the extent any further response is required, CVS denies the allegations.

497.    CVS denies the allegations in paragraph 497 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 497. To the extent any further response is required, CVS denies the allegations.

498.    CVS denies the allegations in paragraph 498 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 498. To the extent any further response is required, CVS denies the allegations.

499.    CVS denies the allegations in paragraph 499 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 499. To the extent any further response is required, CVS denies the allegations.

500.    CVS denies the allegations in paragraph 500 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 500. To the extent any further response is required, CVS denies the allegations.

502.    CVS denies the allegations in paragraph 502 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 502. To the extent any further response is required, CVS denies the allegations.

503.    CVS denies the allegations in paragraph 503 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 503. To the extent any further response is required, CVS denies the allegations.

504.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 504 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

505.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 505 except to aver that the cited document speaks for itself.  To the extent any further response is required, CVS denies the allegations.

506.    CVS denies the allegations in paragraph 506 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 506. To the extent any further response is required, CVS denies the allegations.

507.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 507 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

508.     CVS denies the allegations in paragraph 508 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 508. To the extent any further response is required, CVS denies the allegations.

509.     CVS denies the allegations in paragraph 509 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 509. To the extent any further response is required, CVS denies the allegations.

510.     CVS denies the allegations in paragraph 510 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 510. To the extent any further response is required, CVS denies the allegations.

511.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 511 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

512.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 512 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

513.     CVS denies the allegations in paragraph 513 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 513. To the extent any further response is required, CVS denies the allegations.

514.    CVS denies the allegations in paragraph 514 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 514. To the extent any further response is required, CVS denies the allegations.

515.    CVS denies the allegations in paragraph 515 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 515. To the extent any further response is required, CVS denies the allegations.

518.    CVS denies the allegations in paragraph 518 insofar as alleged against. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 518. To the extent any further response is required, CVS denies the allegations.

519.    CVS denies the allegations in paragraph 519 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 519. To the extent any further response is required, CVS denies the allegations.

520.    CVS denies the allegations in paragraph 520 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 520. To the extent any further response is required, CVS denies the allegations.

521.    CVS denies the allegations in paragraph 521 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 521. To the extent any further response is required, CVS denies the allegations.

522.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 522. To the extent any further response is required, CVS denies the allegations.

523.     CVS denies the allegations in paragraph 523 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 523. To the extent the allegations in paragraph 523 also state legal conclusions and argument, no response is required. To the extent any further response is required, CVS denies the allegations.

525.     CVS denies the allegations in paragraph 525 except to admit that the Alliance to Prevent the Abuse of Medicines ("APAM") was founded in 2013, that a CVS entity was a member of APAM, and that HDMA's members have included the American Medical Association, Cardinal Health, the Healthcare Distribution Management Association, Prime Therapeutics, and Teva Pharmaceuticals. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 525. To the extent any further response is required, CVS denies the allegations.

526.     CVS denies the allegations in paragraph 526 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 526. To the extent any further response is required, CVS denies the allegations.

527.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 527. To the extent any further response is required, CVS denies the allegations.

528.     CVS denies the allegations in paragraph 528 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 528 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

529.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 529. To the extent any further response is required, CVS denies the allegations.

530.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 530. To the extent any further response is required, CVS denies the allegations.

531.     CVS denies the allegations in paragraph 531 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 531. To the extent any further response is required, CVS denies the allegations.

532.     CVS denies the allegations in paragraph 532 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 532. To the extent any further response is required, CVS denies the allegations.

533.     CVS denies the allegations in paragraph 533 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

38

remaining allegations in paragraph 533. To the extent any further response is required, CVS denies the allegations.

536.    CVS denies the allegations in paragraph 536 except to aver that the cited website speaks for itself and to admit that Red Oak Sourcing, LLC ("Red Oak") was formed in July 2014, that a CVS entity and a Cardinal Health entity each own a 50% interest in Red Oak; that Red Oak has an initial term of ten years; that the CVS entity and the Cardinal Health entity contributed sourcing and supply chain expertise to Red Oak and agreed to source and negotiate generic pharmaceutical supply contracts for both companies through Red Oak; that Red Oak does not own or hold inventory on behalf of either company; that no physical assets (e.g., property and equipment) were contributed to Red Oak by either company; and that the Cardinal Health entity has been required to pay the CVS entity certain quarterly payments since October 2014, and that, as milestones are met, the quarterly payments increase. To the extent any further response is required, CVS denies the allegations.

538.    CVS denies the allegations in paragraph 538 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 538. To the extent any further response is required, CVS denies the allegations.

539.    CVS denies the allegations in paragraph 539 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 539. To the extent any further response is required, CVS denies the allegations.

540.    CVS denies the allegations in paragraph 540 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 540. To the extent any further response is required, CVS denies the allegations.

541.    CVS denies the allegations in paragraph 541 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 541. To the extent any further response is required, CVS denies the allegations.

542.    CVS denies the allegations in paragraph 542 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 542. To the extent any further response is required, CVS denies the allegations.

543.    CVS denies the allegations in paragraph 543 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 543. To the extent any further response is required, CVS denies the allegations.

546.    CVS denies the allegations in paragraph 546 except to aver that the cited document speaks for itself.

553.    CVS denies the allegations in paragraph 553 except to aver that the cited document speaks for itself.

555.    CVS denies the allegations in paragraph 555 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 555. To the extent any further response is required, CVS denies the allegations.

556.    CVS denies the allegations in paragraph 556 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 556. To the extent any further response is required, CVS denies the allegations.

558.    CVS denies the allegations in paragraph 558 except to aver that the cited document speaks for itself.

559.    CVS denies the allegations in paragraph 559 except to aver that the cited document speaks for itself.

560.    CVS denies the allegations in paragraph 560 except to aver that the cited document speaks for itself.

561.    CVS denies the allegations in paragraph 561 except to aver that the cited document speaks for itself.

562.    CVS denies the allegations in paragraph 562 except to aver that the cited document speaks for itself.

578.    CVS denies the allegations in paragraph 578 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 578. To the extent any further response is required, CVS denies the allegations.

579.    CVS denies the allegations in paragraph 579 insofar as alleged against it except to admit that CVS entities have collaborated with various stakeholders, including law enforcement, to address prescription drug abuse. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 579. To the extent any further response is required, CVS denies the allegations.

41

586.    CVS denies the allegations in paragraph 586 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 586. To the extent any further response is required, CVS denies the allegations.

587.    CVS denies the allegations in paragraph 587 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 587. To the extent any further response is required, CVS denies the allegations.

592.    CVS denies the allegations in paragraph 592 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 592 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

593.    CVS denies the allegations in paragraph 593 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 593 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

594.    CVS admits that NACDS filed an amicus brief in *United States of America v. Walmart Inc., et al.*, C.A. No. 20-1744-CFC (D. Del.), but denies the allegations in paragraph 594 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 594. To the extent any further response is required, CVS denies the allegations.

595.    CVS denies the allegations in paragraph 595 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 595. To the extent any further response is required, CVS denies the allegations.

596.    CVS denies the allegations in paragraph 596 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 596. To the extent any further response is required, CVS denies the allegations.

597.    CVS denies the allegations in paragraph 597 insofar as alleged against it except to admit that certain CVS entities have entered into settlement agreements with regulators relating to opioids. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 597. To the extent any further response is required, CVS denies the allegations.

598.    CVS denies the allegations in paragraph 598 except to admit that CVS Health disclosed in public filings that it had yearly net revenue of more than $150 billion between 2015 and 2017, and that there are currently more than 9,900 CVS Pharmacy retail stores in the United States.

599.    CVS denies the allegations in paragraph 599 except to admit that certain CVS entities have entered into various settlement agreements with the DEA and the United States Department of Justice. CVS otherwise denies Plaintiff's characterization of the settlements and denies the remaining allegations in paragraph 599.

600.    CVS denies the allegations in paragraph 600 except to admit that Omnicare, Inc. entered into a settlement agreement with the U.S. Attorney's Offices for the Central District of California, the Eastern District of California, the District of Colorado, the District of Oregon and the District of Utah in May 2020. CVS denies Plaintiff's characterization of this settlement

agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

601.     CVS denies the allegations in paragraph 601 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Rhode Island in March 2019. CVS respectfully refers the Court to the referenced settlement agreement and press release, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

602.     CVS denies the allegations in paragraph 602 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Northern District of Alabama in August 2018. CVS otherwise denies Plaintiff's characterization of this settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

603.     CVS denies the allegations in paragraph 603 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Eastern District of New York in June 2018. CVS otherwise denies Plaintiff's characterization of the settlement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

604.     CVS denies the allegations in paragraph 604 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Eastern District of California in July 2017. CVS otherwise denies Plaintiff's characterization of the settlement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

605.     CVS denies the allegations in paragraph 605 except to admit that certain CVS entities have entered into various settlement agreements with the DEA and the United States Department of Justice. CVS otherwise denies Plaintiff's characterization of the settlement agreements and respectfully refers the Court to the referenced settlement agreements, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

606.     CVS denies the allegations in paragraph 606 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Maryland in February 2016. CVS otherwise denies Plaintiff's characterization of the settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

607.     CVS denies the allegations in paragraph 607 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Connecticut in October 2016. CVS otherwise denies Plaintiff's characterization of the settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

608.     CVS denies the allegations in paragraph 608 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the Massachusetts Attorney General in or around September 2016. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

609.     CVS denies the allegations in paragraph 609 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the United States Department of Justice and its Drug Enforcement Administration for the New England Field Division in June 2016. CVS otherwise

45

denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

610.    CVS denies the allegations in paragraph 610 except to admit that CVS Health entered into a settlement agreement with the U.S. Attorney's Office for the District of Rhode Island in August 2015. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

611.    CVS denies the allegations in paragraph 611 except to admit that CVS Health entered into a settlement agreement with the U.S. Attorney's Office for the Middle District of Florida in May 2015. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

612.    CVS denies the allegations in paragraph 612 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Southern District of Texas in September 2014. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

613.    CVS denies the allegations in paragraph 613 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Western District of Oklahoma in April 2013. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

615.     CVS denies the allegations in paragraph 615 except to admit that representatives from CVS and DEA met on December 8, 2010 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

616.     CVS denies the allegations in paragraph 616 except to admit that representatives from CVS and DEA met on December 8, 2010 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

617.     CVS denies the allegations in paragraph 617 except to admit that representatives from CVS and DEA met on August 12, 2011 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

618.     CVS denies the allegations in paragraph 618 except to admit that representatives from CVS and DEA met on August 12, 2011 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

646.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 646. To the extent any further response is required, CVS denies the allegations.

647.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 647. To the extent any further response is required, CVS denies the allegations.

648.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 648. To the extent any further response is required, CVS denies the allegations.

649. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 649. To the extent any further response is required, CVS denies the allegations.

650. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 650. To the extent any further response is required, CVS denies the allegations.

651. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 651. To the extent any further response is required, CVS denies the allegations.

652. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 652. To the extent any further response is required, CVS denies the allegations.

653. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 653. To the extent any further response is required, CVS denies the allegations.

654. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 654. To the extent any further response is required, CVS denies the allegations.

655. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 655. To the extent any further response is required, CVS denies the allegations.

656.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 656. To the extent any further response is required, CVS denies the allegations.

657.    CVS denies the allegations in paragraph 657 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 657. To the extent any further response is required, CVS denies the allegations.

666.    The allegations in paragraph 666 state legal conclusions to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

667.    The allegations in paragraph 667 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

668.    The allegations in paragraph 668 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

669.    The allegations in paragraph 669 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

670.    The allegations in paragraph 670 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

671.    CVS denies the allegations in paragraph 671 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 671. To the extent any further response is required, CVS denies the allegations.

672.    CVS denies the allegations in paragraph 672 insofar as alleged against it. While CVS is aware of reports of overdose rates, CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 672. To the extent any further response is required, CVS denies the allegations.

677.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 677. To the extent any further response is required, CVS denies the allegations.

678.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 678. To the extent any further response is required, CVS denies the allegations.

679.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 679. To the extent any further response is required, CVS denies the allegations.

680.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 680 and respectfully refers the Court to any cited

50

documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

681.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 681 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

682.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 682 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

683.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 683. To the extent any further response is required, CVS denies the allegations.

684.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 684 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

685.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 685 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

686.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 686 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

687.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 687 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

688.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 688. To the extent any further response is required, CVS denies the allegations.

689.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 689 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

690.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 690 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

691.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 691 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

692.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 692. To the extent any further response is required, CVS denies the allegations.

693.     CVS denies the allegations in paragraph 693 except to aver that the ARCOS data produced by DEA speaks for itself.

694. CVS denies the allegations in paragraph 694 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 694. To the extent any further response is required, CVS denies the allegations.

696. CVS denies the allegations in paragraph 696 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 696. To the extent any further response is required, CVS denies the allegations.

697. The allegations in paragraph 697 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

698. While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 698. To the extent any further response is required, CVS denies the allegations.

699. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 699. To the extent any further response is required, CVS denies the allegations.

700. While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 700. To the extent any further response is required, CVS denies the allegations.

701.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 701. To the extent any further response is required, CVS denies the allegations.

702.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 702. To the extent any further response is required, CVS denies the allegations.

703.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 703. To the extent any further response is required, CVS denies the allegations.

704.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 704. To the extent any further response is required, CVS denies the allegations.

705.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 705. To the extent any further response is required, CVS denies the allegations.

706.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 706. To the extent any further response is required, CVS denies the allegations.

707.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 707. To the extent any further response is required, CVS denies the allegations.

708.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 708. To the extent any further response is required, CVS denies the allegations.

709.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 709. To the extent any further response is required, CVS denies the allegations.

710.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 710. To the extent any further response is required, CVS denies the allegations.

711.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 711. To the extent any further response is required, CVS denies the allegations.

712.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 712. To the extent any further response is required, CVS denies the allegations.

713.     CVS denies the allegations in paragraph 713 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 713. To the extent any further response is required, CVS denies the allegations.

714.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 714. To the extent any further response is required, CVS denies the allegations.

715.    CVS denies the allegations in paragraph 715 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 715. To the extent any further response is required, CVS denies the allegations.

716.    The allegations in paragraph 716 state legal conclusions as to which no response is required.  To the extent any further response is required, CVS denies the allegations in paragraph 716 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 716.

717.    The allegations in paragraph 717 state legal conclusions as to which no response is required.  To the extent any further response is required, CVS denies the allegations in paragraph 717 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 717.

718.    CVS denies the allegations in paragraph 718 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 718.  To the extent any further response is required, CVS denies the allegations.

719.    CVS denies the allegations in paragraph 719 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 719.  To the extent any further response is required, CVS denies the allegations.

720.    CVS denies the allegations in paragraph 720 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 720.  To the extent any further response is required, CVS denies the allegations.

721.    CVS denies the allegations in paragraph 721 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 721.  To the extent any further response is required, CVS denies the allegations.

722.    CVS denies the allegations in paragraph 722 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 722.  To the extent any further response is required, CVS denies the allegations.

723.    CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Amended Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

724.    CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Amended Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

725.    The allegations contained within paragraph 725 do not contain factual allegations requiring a response.  To the extent any further response is required, CVS denies the allegations.

726.    The allegations contained within paragraph 726 do not contain factual allegations requiring a response.  To the extent any further response is required, CVS denies the allegations.

727.    In response to paragraph 727, CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Amended Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

728.    The allegations in paragraph 728 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

729.    The allegations in paragraph 729 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

730.    The allegations in paragraph 730 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

731.    The allegations in paragraph 731 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

732.    The allegations in paragraph 732 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

733.    The allegations in paragraph 733 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

734.    The allegations in paragraph 734 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

735.    The allegations in paragraph 735 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

736.    The allegations in paragraph 736 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

737.    The allegations in paragraph 737 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

738.    The allegations in paragraph 738 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

739.     The allegations in paragraph 739 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

740.     The allegations in paragraph 740 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

741.     The allegations in paragraph 741 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

742.     The allegations in paragraph 742 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

743.     The allegations in paragraph 743 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

744.     The allegations in paragraph 744 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

745.     The allegations in paragraph 745 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

746.     The allegations in paragraph 746 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

747.     The allegations in paragraph 747 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

748.     The allegations in paragraph 748 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

749.     The allegations in paragraph 749 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

750.    The allegations in paragraph 750 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

751.    The allegations in paragraph 751 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

752.    The allegations in paragraph 752 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

753.    The allegations in paragraph 753 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

754.    The allegations in paragraph 754 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

755.    The allegations in paragraph 755 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

756.    The allegations in paragraph 756 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

757.    The allegations in paragraph 757 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

758.    The allegations in paragraph 758 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

761.    The allegations in paragraph 761 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

762.    The allegations in paragraph 762 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

763.     The allegations in paragraph 763 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

764.     CVS denies that Plaintiff is entitled to any relief.

765.     CVS hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## AFFIRMATIVE DEFENSES

CVS raises the following affirmative defenses to the Complaint. By designating the following defenses as affirmative defenses, CVS does not concede that it bears the burden of proof and/or the burden of persuasion as to any such defense. CVS reserves the right to (1) rely on any other applicable defenses that may become apparent during fact or expert discovery; (2) rely on any other applicable defenses set forth in any answer or list of affirmative defenses filed or submitted by any other Defendant in this action; and (3) amend this document and/or its answer to assert any such defenses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, including, but not limited to, N.C. Gen. Stat. §§ 1-15, 1-46.1, 1-50, 1-51, 1-52, 1-53, 1-56, and any and all applicable sections of Chapter 25 of the North Carolina General Statutes, as well as any and all other applicable statutes of limitation or repose of this and other jurisdictions providing for a specific time period in which a claim must be asserted or an action filed.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FOURTH DEFENSE

This Court lacks jurisdiction over the subject matter of the Complaint.

## FIFTH DEFENSE

To the extent that the Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against CVS and/or other alleged joint tortfeasors, the Plaintiff's Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction

## SIXTH DEFENSE

Plaintiff lacks standing to bring all or some of their claims pursuant to N.C. Gen. Stat. § 130A-19 and related law.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## TENTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

**ELEVENTH DEFENSE**

Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent CVS has valid defenses which would bar recovery by those persons on whose behalf Plaintiff seeks recovery.

**FOURTEENTH DEFENSE**

Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf Plaintiff seeks to recover.

**FIFTEENTH DEFENSE**

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

**SIXTEENTH DEFENSE**

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by CVS that harmed patients and should not have been written, or that CVS's allegedly improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any specific prescription was unauthorized, medically unnecessary, ineffective, or harmful.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

63

## EIGHTEENTH DEFENSE

Plaintiff's claims against CVS do not arise from the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

## NINETEENTH DEFENSE

Plaintiff failed to join all necessary parties, including without limitation prescribers, patients, and other third parties whom Plaintiff alleged engaged in the unauthorized, improper, or illicit prescription, dispensing, diversion, or use of opioids.  Without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

## TWENTIETH DEFENSE

CVS denies all types of causation, including without limitation cause in fact, proximate cause, and producing cause, as to the claims asserted against CVS.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of superseding and intervening causation.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because CVS has no legal duty to protect Plaintiff from the intentional criminal acts of third persons. Such criminal acts are superseding causes that extinguish any liability.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were due to illicit use or abuse of medications.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent their alleged injuries and damages were caused or contributed to by the negligence or conduct of Plaintiff and/or third parties (including persons from whom Plaintiff does not seek recovery in this action) over whom CVS had no control and for whom it is not responsible, including but not limited to prescribers of opioids, their associates, and employers, including hospitals; non-party manufacturers of prescription opioids; non-party distributors of prescription opioids; non-CVS pharmacies and pharmacists employed or formerly employed at those pharmacies; individuals and entities involved in the distribution and/or sale of illegal opioids; individuals involved in procuring diverted prescription opioids and/or illegal drugs; delivery services; federal, state, and local government entities; and any other person identified by Plaintiff or any other defendant as a non-party whose tortious conduct proximately caused Plaintiff's injury or loss.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of its residents to reimburse any expenses for health care, pharmaceutical care, and other public services.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action by CVS.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable or uncontrollable forces over which CVS had no control, including without limitation pre-existing medical conditions.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by the misuse of the medications involved, by failure to use the medications properly, and/or by the alteration, modification, or criminal misuse of medications prescribed by third parties over whom CVS had no control, all of which constitutes an alteration or modification of the product pursuant to Chapter 99B of the North Carolina General Statutes.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by CVS in determining to use or prescribe the subject prescription medications.

### THIRTIETH DEFENSE

Any injuries and/or damages sustained by Plaintiff were caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

### THIRTY-FIRST DEFENSE

Any recovery by Plaintiff is barred or limited by the principle of contributory negligence.

### THIRTY-SECOND DEFENSE

Any recovery by Plaintiff may be barred or limited by the principles of informed consent and assumption of the risk, whether primary, express, or implied.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent its alleged damages are speculative, uncertain, or hypothetical.

## THIRTY-FOURTH DEFENSE

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred or limited by the economic loss rule.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred or limited by the free public services and/or municipal cost recovery doctrines.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred to the extent they relate to CVS's or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of North Carolina or that of any other state whose laws may apply.

## THIRTY-EIGHTH DEFENSE

The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to N.C. Gen. Stat. § 1D-25, and pursuant to all federal and North Carolina constitutional limitations on the assessment of punitive or exemplary damages.

## THIRTY-NINTH DEFENSE

Any damages that Plaintiff may recover against CVS must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the

subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.

### FORTIETH DEFENSE

Plaintiff's claims are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

### FORTY-FIRST DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

### FORTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or North Carolina constitutions to the extent Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FORTY-THIRD DEFENSE

Defendant's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

### FORTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

### FORTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

### FORTY-SIXTH DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

### FORTY-SEVENTH DEFENSE

CVS's conduct conformed with the FDCA and the requirements of the FDA, and the activities of CVS alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

### FORTY-NINTH DEFENSE

Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

### FIFTIETH DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to the manufacturers disclosure of

information related to the safety of their medications at issue, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## FIFTY-FIRST DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of "fraud on the DEA" with respect to CVS's compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## FIFTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## FIFTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## FIFTY-FOURTH DEFENSE

If Plaintiff incurred the damages alleged, which is expressly denied, CVS is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## FIFTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 *et seq.*), as amended, or Section 351, Public Health Service Act (42 U.S.C. § 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## FIFTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine pursuant to common law and N.C. Gen. Stat. § 99B-5(c).

## FIFTY-SEVENTH DEFENSE

CVS did not owe or breach any statutory or common law duty to Plaintiff.

## FIFTY-EIGHTH DEFENSE

CVS appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because CVS complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## SIXTIETH DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish CVS's regulatory duties, such informal guidance cannot enlarge CVS's regulatory duties

71

in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

## SIXTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

## SIXTY-SECOND DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## SIXTY-THIRD DEFENSE

CVS is not liable for any statements in the manufacturers' branded or unbranded materials.

## SIXTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part, or are subject to other limitations, by the North Product Liability Act, N.C. Gen. Stat. §§ 99B-1, *et seq.*

## SIXTY-FIFTH DEFENSE

Plaintiff's nuisance claims are barred to the extent that it lacks the statutory authority to bring a nuisance claim under North Carolina law or its own applicable county or municipal codes or regulations.

## SIXTY-SIXTH DEFENSE

Plaintiff's claim of public nuisance is barred or limited because no action of CVS involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; no action or inaction by CVS obstructed or caused inconvenience or

damage to the public in the exercise of rights common to all; no action or inaction by CVS injuriously affected the community at large, as opposed to only a subset of the community; the alleged public nuisance would have impermissible extraterritorial reach; the sale and/or distribution of an otherwise legal product is not unreasonable; and the alleged conduct of Defendant is too remote from the alleged injury as a matter of law and due process.

### SIXTY-SEVENTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable North Carolina statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### SIXTY-EIGHTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited to the extent that CVS is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements pursuant to N.C. Gen. Stat. § 1B-4 and/or other applicable law.  Further, CVS asserts its right to a proportionate reduction, based on the negligence or other conduct of any responsible third party of any damages founds against CVS.

### SIXTY-NINTH DEFENSE

To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

### SEVENTIETH DEFENSE

To the extent that Plaintiff is alleging fraud, Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to CVS.

### SEVENTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because no conduct of CVS was misleading, unfair, or deceptive.

## SEVENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users, nor their prescribers of the medications distributed by CVS, nor Plaintiff itself, relied to their detriment upon any statement by CVS in determining to use the medications at issue.

## SEVENTY-THIRD DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be

applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

### SEVENTY-FOURTH DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### SEVENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to assert their claims, including claims indirectly maintained on behalf of their citizens and claims brought as *parens patriae*.

### SEVENTY-SIXTH DEFENSE

CVS followed good faith dispensing practices and its pharmacists properly fulfilled their corresponding responsibility to review prescriptions for indications that they were not issued in the usual course of professional treatment. 21 CFR §1306.04(a). CVS pharmacists did not knowingly fill any prescriptions that they knew were not legitimate.

## SEVENTY-SEVENTH DEFENSE

CVS and its pharmacists reasonably relied upon the prescribers who issued the prescriptions and have the primary "responsibility for the proper prescribing and dispensing of controlled substances." 21 CFR 1306.04(a).

## SEVENTY-EIGHTH DEFENSE

CVS and its pharmacists reasonably relied upon the DEA which set annual national quotas for controlled substances based upon the country's legitimate medical needs and is responsible for the enforcement of the CSA.

## SEVENTY-NINTH DEFENSE

CVS cannot control and is not responsible for what patients do with prescription drugs after they are dispensed by pharmacists. Patients have a duty to use the drugs properly and store them safely.

## EIGHTIETH DEFENSE

Plaintiff's public nuisance claim is precluded by N.C. Gen. Stat. § 90-113.5 and the North Carolina Legislature's comprehensive regulation of drugs of abuse.

## EIGHTY-FIRST DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because CVS has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

## EIGHTY-SECOND DEFENSE

Plaintiff cannot obtain relief on its claims based on actions undertaken by CVS of which CVS provided notice of all material facts.

## EIGHTY-THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

### EIGHTY-FOURTH DEFENSE

Plaintiff's damages, if any, were caused by the direct and proximate negligence or other conduct of entities or persons other than CVS, and in the event CVS is found liable to Plaintiff, CVS will be entitled to indemnification, contribution, and/or apportionment.

### EIGHTY-FIFTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that already have indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

### EIGHTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

### EIGHTY-SEVENTH DEFENSE

CVS is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

### EIGHTY-EIGHTH DEFENSE

CVS asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or North Carolina Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

### EIGHTY-NINTH DEFENSE

In the distribution and sale of opioids, CVS at all times used reasonable care, skill, and diligence and complied with generally established and accepted standards in the industry, and the

opioids distributed by CVS, when used properly, are, were, and have been safe and fit for their intended use and purpose at all relevant times.

### NINETIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because (a) the use of opioids distributed by CVS was contrary to instructions and warnings provided to the user, who should have known of such instructions and warnings; (b) the user unreasonably and voluntarily exposed himself or herself to a dangerous condition, inconsistent with the safe use of the product, about which he or she knew of or discovered; and (c) the user failed to use reasonable care under the circumstances, which was a proximate cause of the Plaintiff's alleged injuries.  N.C. Gen. Stat. § 99B-4.

### NINETY-FIRST DEFENSE

CVS did not act unreasonably in failing to provide an adequate warning or instruction.  To the extent applicable, CVS pleads all of the defenses set forth in N.C. Gen. Stat. § 99B-5.

### NINETY-SECOND DEFENSE

There has been no concert of action between CVS and any of the other named defendants. The defendants are not joint tortfeasors and, therefore, CVS may not be held jointly and severally liable with the other named defendants.

### NINETY-THIRD DEFENSE

To the extent they are not otherwise incorporated herein, CVS incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Defendants in this case.

### NINETY-FOURTH DEFENSE

The distribution and/or sale of opioids do not constitute a public nuisance under N.C. Gen. Stat. § 19-1 and other applicable North Carolina statutes and common law.

## NINETY-FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

## NINETY-SIXTH DEFENSE

CVS adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## DEMAND FOR JURY TRIAL

CVS hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## PRAYER FOR RELIEF

CVS prays that (a) judgment be entered dismissing Plaintiff's Complaint with prejudice, and (b) this Court grant it such other relief as it deems just and appropriate including costs and reasonable attorney's fees.


Date: December 3, 2021

Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-4106
edelinsky@zuckerman.com
smiller@zuckerman.com


*Counsel for CVS Indiana L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., CVS Pharmacy, Inc., and North Carolina CVS Pharmacy, L.L.C.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 3, 2021, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.


*/s/ Eric R. Delinsky*
Eric R. Delinsky