# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

<table>
<tr><td>

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

This document relates to:
*Durham County v.*
*AmerisourceBergen Drug Corporation, et al.*

Case No. 19-op-45346 ("Track 10")

</td><td>

MDL No. 2804

Case No. 1:17-md-2804

Hon. Dan Aaron Polster

</td></tr>
</table>

## RITE AID DEFENDANTS' ANSWER TO DURHAM COUNTY'S SUPPLEMENTAL AND AMENDED ALLEGATIONS

Defendants Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center ("Rite Aid of Maryland, Inc."), Rite Aid Hdqtrs. Corp., Rite Aid of North Carolina, Inc., and Eckerd Corporation d/b/a Liverpool Distribution Center ("Eckerd Corp.") (sometimes collectively referred to as "Rite Aid") by and through counsel, hereby answer Plaintiff Durham County, North Carolina's ("Plaintiff's") operative Complaint[1] in accordance with the numbered paragraphs thereof.[2]

## GENERAL DENIAL AND PRELIMINARY STATEMENT

Rite Aid incorporates the following matters into the responses to each paragraph of the Complaint.

---

[1] As of this filing, Plaintiff's operative complaint is the Plaintiff Durham County's Supplemental and Amended Allegations to be Added to "Short Form for Supplementing Complaint and Amending Defendants and Jury Demand" filed on May 19, 2021 (the "Complaint").

[2] Rite Aid Corporation is named as a defendant in the operative complaint. Rite Aid Corporation has filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and therefore Rite Aid Corporation is not required to file an answer and is not filing an answer at this time. Track 10 Dkt. No. 69; *see* Fed. R. Civ. P. 12(a)(4).

A.      Rite Aid submits this Answer only on behalf of itself.  Where allegations are made against "Defendants" or "Chain Pharmacies" as a group, however described, Rite Aid's responses only apply to it.

B.      The Complaint contains purported references to several documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These third-party publications and statements should be considered, if at all, in context and in unmodified form, and Rite Aid hereby respectfully refers the Court to the respective third-party publications and statements for their complete contents.

C.      Except as expressly stated herein, Rite Aid expressly denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the numbered and unnumbered paragraphs, subparagraphs, headings, subheadings, footnotes, and exhibits of the Complaint, and specifically denies any liability to Plaintiff.  To the extent that the titles, headings, subheadings, paragraphs, and footnotes of the Complaint are intended to be allegations directed to Rite Aid, they are denied.

D.      Rite Aid answers the Complaint pursuant to and in compliance with the Stipulated Order Regarding Answering the May 19, 2021 Amended Complaints in the Five New Pharmacy Bellwether Cases ("Answer Stipulation").  Dkt. No. 3853.

E.      Pursuant to the Answer Stipulation, Rite Aid denies the following paragraphs in their entirety: 1 – 6; 8; 15 – 18; 20 – 25; 27 – 31; 88 – 90; 100 – 103; 105 – 117; 119 – 152; 158; 177; 181 – 182; 184 – 186; 189 – 190; 478 – 479; 484; 501; 503; 506; 526; 533; 539; 541 – 543; 574 – 579; 585; 592; 595 – 597; 658 – 666; 670 – 676; 694 – 697; 715 – 730; 732 – 763.

F.      Pursuant to the Answer Stipulation, Rite Aid lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in

the following paragraphs: 7; 9 – 14; 19; 26; 32; 91 – 99; 104; 118; 153 – 157; 159 – 172; 176; 178 – 180; 504 – 505; 507 – 510; 513 – 520; 522 – 525; 527 – 532; 540; 593 – 594; 646 – 657; 667 – 669; 677 – 693; 698 – 714; 731.

G.     Pursuant to the Answer Stipulation, Rite Aid is not required to answer the following paragraphs, which relate solely to other defendants: 33 – 54; 69 – 87; 173 – 175; 183; 187 – 188; 191 – 339; 400 – 477; 480 – 483; 485 – 500; 511 – 512; 521; 534 – 538; 544 – 570; 572 – 573; 580 – 584; 586 – 589; 591; 598 – 635; 642 – 645.

H.     Rite Aid reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER TO SPECIFIC ALLEGATIONS CONTAINED IN COMPLAINT

### PARTIES

55.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.  *See* Track 10 Dkt. No. 69, Answer Stipulation at 2 ("Any Defendant that files a motion to dismiss for lack of personal jurisdiction … shall not be required to answer unless and until its Rule 12(b)(2) motion is denied.").

56.     Rite Aid Hdqtrs. Corp. admits that Rite Aid Hdqtrs. Corp. is a Delaware Corporation with its principal office located in Camp Hill, Pennsylvania.  Rite Aid Hdqtrs. Corp. denies the remaining allegations of Paragraph No. 56.

57.     Rite Aid of Maryland, Inc. admits the allegations in the first two sentences of Paragraph No. 57.  Further answering, Rite Aid of Maryland, Inc. admits that it distributed Schedule III controlled substances to Rite Aid pharmacies in North Carolina, including in Durham County, until September 2014.  Rite Aid of Maryland, Inc. denies the remaining allegations of Paragraph No. 57.

58.     Eckerd Corp. admits the allegations in the first sentence of Paragraph No. 58.  Rite Aid of Maryland, Inc. admits that it distributed Schedule III controlled substances to Rite Aid pharmacies in North Carolina, including in Durham County, until September 2014.  By way of further response, Eckerd Corp. never distributed opioids into Durham County or elsewhere in North Carolina during the relevant time period.  Eckerd Corp. and Rite Aid of Maryland, Inc. deny the remaining allegations of Paragraph 58.

59.     Rite Aid of North Carolina, Inc. admits that it owned and operated retail Rite Aid pharmacies in North Carolina, including in Durham County, and that it is a North Carolina corporation with its principal place of business in Pennsylvania.  Rite Aid of North Carolina, Inc. further admits that at certain times it ordered Schedule III controlled substances from Rite Aid of Maryland, Inc.  Rite Aid of North Carolina, Inc., Rite Aid of Maryland, Inc., and Eckerd Corp. deny the remaining allegations of Paragraph No. 59.  By way of further response, during the relevant time period, Rite Aid of North Carolina, Inc. stores in Durham County never received shipments of opioids from Eckerd Corp.

60.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit only that Plaintiff refers to Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. collectively as "Rite Aid" in its Complaint.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny that it is proper to refer to separate and independent corporations collectively as "Rite Aid" for purposes of alleging facts generally that cannot be answered generally by all of the separate and independent corporations, and deny that Rite Aid entities can be held liable for the conduct of other, independent corporations.  Rite Aid Corporation

4

has filed a motion to dismiss for lack of personal jurisdiction and therefore no answer is required at this time.

61.     Rite Aid of Maryland, Inc. and Eckerd Corp. admit that they are licensed wholesale distributors.  Rite Aid of North Carolina, Inc. admits that Rite Aid of North Carolina, Inc. operated retail Rite Aid pharmacies in North Carolina, including in Durham County, that sell prescription medicines.

62.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 62.

63.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.  Rite Aid Hdqtrs. Corp. admits the allegations of Paragraph No. 63.

64.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.

65.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.

66.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.

67.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.

68.     Rite Aid Corporation has filed a motion to dismiss the Complaint for lack of personal jurisdiction and therefore no answer is required at this time.  Rite Aid Hdqtrs. Corp., Rite

Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 68.

**FACTUAL ALLEGATIONS**

340.    Rite Aid of Maryland, Inc. and Eckerd Corp. admit the allegations in the first sentence of Paragraph No. 340.  Rite Aid of Maryland, Inc. admits that it distributed Schedule III controlled substances to Rite Aid pharmacies in North Carolina, including in Durham County, until September 2014.  Eckerd Corp. deny the remaining allegations of Paragraph No. 340.  By way of further response, Eckerd Corp. never distributed opioids into Durham County during the relevant time period.

341.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckard Corp., and Rite Aid of North Carolina, Inc. deny the allegations in the first sentence of Paragraph No. 341.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that a computerized "auto-replenishment system" (ARS) was used to generate suggested orders.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 341.

342.    Rite Aid Hdqtrs. Corp. admits that it used the Navicase/Naviscript system to monitor inventory.  Rite Aid of Maryland, Inc. admits that Paragraph No. 342 contains quotations from a deposition in Case Track 1A.  Rite Aid of Maryland, Inc. denies any characterization of that testimony.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny any remaining allegations of Paragraph No. 342.

343.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 343.

344.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 344.

345.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 345.

346.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 346.

347.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations in the first sentence of Paragraph No. 347.  Rite Aid of Maryland, Inc. admits that the second paragraph of Paragraph No. 347 quotes from a document produced by Rite Aid in discovery, but denies any characterization of that document.

348.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 348.

349.     Rite Aid of Maryland, Inc. admits that the MDL Court denied Rite Aid of Maryland, Inc.'s motion for summary judgment.  Rite Aid of Maryland, Inc. denies any remaining allegations of Paragraph No. 349.

350.     Rite Aid Hdqtrs. Corp. and Rite Aid of North Carolina, Inc. admit that McKesson supplied opioids to certain Rite Aid entities at various times.  Rite Aid Hdqtrs. Corp. and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 350.

351.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 351.

352.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 352.

353.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 353.

354.    The allegations of Paragraph No. 354 are conclusions of law to which no response is required.  To the extent a response is required, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations.

355.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 355.  To the extent the allegations of Paragraph No. 355 are based on information within the ARCOS data, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny any characterization of that information.

356.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 356.  To the extent the allegations of Paragraph No. 356 are based on information within the ARCOS data, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny any characterization of that information.

357.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 357.

358.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 358.

359.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 359.

360.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 360.

361.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 361.

362.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 362.

363.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 363.

364.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 364.

365.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 365.

366.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 366.

367.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 367.

368.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 368.

369.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 369.

370.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 370.

371.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 371.

372.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 372.

373.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 373.

374.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 374.

375.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 375.

376.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 376.

377.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 377.

378.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 378.

379.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 379.

380.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 380.

381.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that the second sentence of Paragraph No. 381 quotes from a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 381.

382.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that Paragraph No. 382 quotes from a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 382.

383.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that Paragraph No. 383 quotes from a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 383.

384.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that Paragraph No. 384 quotes from a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 384.

385.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that Paragraph No. 385 references a document produced by Rite Aid in discovery, but deny any characterization of that document.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 385.

386.     Rite Aid of North Carolina, Inc. and Rite Aid Hdqtrs. Corp. admit that for a limited time in 2011 and 2012 there was a program in which customers received a $5 gift card if certain prescriptions were not filled in 15 minutes or less.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland,

Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny that such a program has existed since 2012. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that Paragraph No. 386 references a document produced by Rite Aid in discovery, but deny any characterization of that document. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 386.

387. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations in the first two sentences of Paragraph No. 387. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. lack knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph No. 387, and therefore deny the allegations.

388. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 388.

389. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 389.

390. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that Paragraph No. 390 quotes from documents produced by Rite Aid in discovery, but deny any characterization of those documents. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 390.

391. Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that Paragraph No. 391 quotes from documents produced by Rite Aid in discovery, but deny any characterization of those documents. Rite Aid Hdqtrs. Corp., Rite Aid

of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 391.

392.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 392.

393.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 393.

394.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 394.  To the extent the allegations of Paragraph No. 394 are based on information within the ARCOS data, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny any characterization of that information.

395.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 395.

396.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 396.

397.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 397.  To the extent the allegations of Paragraph No. 397 are based on information within the ARCOS data, Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny any characterization of that information.

398.    Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 398.

399.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 399.

502.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of the second sentence of Paragraph No. 502.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 502, and therefore deny the allegations.

571.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 571.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. further deny Plaintiff's characterizations of the referenced documents.

590.     Rite Aid Hdqtrs. Corp. admits that Paragraph No. 590 quotes language from a Rite Aid website, but denies any characterization thereof.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 590.

636.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 636.

637.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny that any Rite Aid entity that is a party in this action was a party to the referenced settlement agreement.  The referenced settlement agreement is not admissible nor relevant to this action.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 637.

638.     Rite Aid Hdqtrs. Corp. admits that it entered into a settlement agreement with the Rhode Island Office of the Attorney General and Drug Enforcement Administration in December 2018.  The referenced settlement agreement is not admissible nor relevant to this action.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 638.

639.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that a settlement agreement with the United States Attorney's Office for the Southern District of California was executed in 2017.  The referenced settlement agreement is not admissible nor relevant to this action.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 639.

640.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. admit that a settlement agreement with DEA was executed in 2009 involving Rite Aid pharmacies in certain states, not including North Carolina.  The referenced settlement agreement is not admissible nor relevant to this action.  Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the remaining allegations of Paragraph No. 640.

641.     Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. deny the allegations of Paragraph No. 641.

## PRAYER FOR RELIEF

764.     Rite Aid denies that Plaintiff is entitled to any relief set forth in its Complaint.

## GENERAL DENIAL

Rite Aid denies all allegations not specifically admitted in this Answer.

## RESERVATION OF RIGHTS

Rite Aid reserves the right to amend its Answer to the Complaint, and to raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigation.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of standing.

### FOURTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to assert its claims, including claims indirectly maintained on behalf of its citizens and claims brought as *parens patriae*.

### SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are not ripe or have become moot.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### FOURTEENTH DEFENSE

Rite Aid is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine.

### SIXTEENTH DEFENSE

Plaintiff has failed to join all necessary parties, including without limitation health care providers, prescribers, patients, and other third parties whom Plaintiff alleges engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

### SEVENTEENTH DEFENSE

Plaintiff's claims against Rite Aid do not arise out of the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they relate to Rite Aid's alleged speech, petitioning, or associational activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of North Carolina.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Due Process or Ex Post Facto clauses of the Constitution of the United States or the Constitution of the State of North Carolina.

### TWENTIETH DEFENSE

Rite Aid's rights under the Due Process Clause of the United States Constitution and Constitution of the State of North Carolina are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate the dormant Commerce Clause of the United States Constitution.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Rite Aid did not proximately cause the damages complained of, including because the acts of other persons (including individuals engaged in the illegal distribution or use of opioids without a proper prescription) intervened between Rite Aid's alleged acts and Plaintiff's alleged harms and constitute superseding causes that would extinguish any liability; because any injuries or damages sustained by Plaintiff were caused or contributed to by the negligence or actual conduct of Plaintiff and other persons, firms, corporations, or entities over whom Rite Aid had no control or right of control and for whom it is not responsible; because any injuries or damages sustained by Plaintiff were caused by unforeseeable and uncontrollable circumstances or other forces over which Rite Aid had no control and for which Rite Aid is not responsible, including pre-existing medical conditions; because any injuries or damages sustained by Plaintiff were caused by misuse of products, failure to use products properly, or alteration of prescription medications by third parties over whom Rite Aid had no control and for whom Rite Aid is not responsible.

## TWENTY-THIRD DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of its residents to reimburse any expenses for health care, pharmaceutical care, and other public services.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Rite Aid has valid defenses which bar recovery by those persons on whose behalf Plaintiff purportedly seeks recovery. Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

**TWENTY-SIXTH DEFENSE**

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

**TWENTY-SEVENTH DEFENSE**

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by Rite Aid of Maryland, Inc. or Eckerd Corp. that harmed patients and should not have been written and fails to plead that Rite Aid's allegedly improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims seeking equitable relief are barred because Plaintiff has an adequate remedy at law.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the principle of comparative or contributory fault.

### THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles of assumption of the risk and informed consent.

### THIRTY-FIRST DEFENSE

Rite Aid asserts its right to a proportionate reduction of any damages found against Rite Aid based on the negligence or other conduct of any settling tortfeasor, responsible third party, or Plaintiff.

### THIRTY-SECOND DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

### THIRTY-THIRD DEFENSE

The damages which Plaintiff may be entitled to recover if liability is established are capped pursuant to N.C. Gen. Stat. Ann. §§ 1D-25 and § 90-21.19.

### THIRTY-FOURTH DEFENSE

Any damages that Plaintiff may recover against Rite Aid must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiff may recover against Rite Aid must be reduced to the extent they unjustly enrich Plaintiff.

## THIRTY-FIFTH DEFENSE

To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.  Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made.

## THIRTY-NINTH DEFENSE

Plaintiff's claims for public nuisance are barred, in whole or in part, because the alleged public nuisance would have impermissible extraterritorial reach and because the alleged conduct of Rite Aid is too remote from the alleged injury as a matter of law and due process.

## FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

## FORTY-FIRST DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act; the Food, Drug, and Cosmetic Act (FDCA); and conflict with the Drug

Enforcement Administration's regulatory authority. Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013). Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

## FORTY-SECOND DEFENSE

The activities of Rite Aid alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Complaint.

## FORTY-THIRD DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, such claims are barred and should be dismissed. *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## FORTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by DEA under the Controlled Substances Act. Rite Aid passed all audits conducted by DEA.

## FORTY-FIFTH DEFENSE

Plaintiff's claims for nuisance are barred, in whole or in part, because it lacks the statutory authority to bring a nuisance claim under North Carolina law or its own applicable county or municipal codes or regulations.

## FORTY-SIXTH DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from DEA to establish Rite Aid's regulatory duties, such informal guidance cannot enlarge Rite Aid's regulatory duties in the absence of compliance by DEA with the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

## FORTY-SEVENTH DEFENSE

Plaintiff's common law and statutory public nuisance claims are not authorized by the North Carolina Pharmacy Practice Act, N.C. Gen. Stat. §§ 90-85.2 *et seq.*

## FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, reduced, or limited pursuant to the applicable North Carolina statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## FORTY-NINTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited to the extent that Rite Aid is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

## FIFTIETH DEFENSE

Rite Aid's liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Rite Aid is entitled to complete indemnity, express or implied, by other parties.

## FIFTY-FIRST DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred, in whole or in part, by the due process protections afforded by the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution

of this State or that of any other state whose laws may apply.  Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Rite Aid; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Rite Aid the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

### FIFTY-SECOND DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### FIFTY-THIRD DEFENSE

Rite Aid followed good faith dispensing practices and its pharmacists properly fulfilled their corresponding responsibility to review prescriptions for indications that they were not issued in the usual course of professional treatment.  21 CFR §1306.04(a).  Rite Aid pharmacists did not knowingly fill any prescriptions that they knew were not legitimate.

### FIFTY-FOURTH DEFENSE

Rite Aid and its pharmacists reasonably relied upon the prescribers who issued the prescriptions and have the primary "responsibility for the proper prescribing and dispensing of controlled substances."  21 CFR 1306.04(a).

### FIFTY-FIFTH DEFENSE

Rite Aid and its pharmacists reasonably relied upon DEA which set annual national quotas for controlled substances based upon the country's legitimate medical needs and is responsible for the enforcement of the CSA.

## FIFTY-SIXTH DEFENSE

Rite Aid cannot control and is not responsible for what patients do with prescription drugs after they are dispensed by pharmacists.  Patients have a duty to use the drugs properly and store them safely.

## FIFTY-SEVENTH DEFENSE

Rite Aid adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

WHEREFORE, Defendants Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc. respectfully request that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that Defendants Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc., Eckerd Corp., and Rite Aid of North Carolina, Inc.  be awarded their costs of defense, including reasonable attorneys' fees.

Dated:  December 3, 2021

Respectfully submitted,

*/s/ Kelly A. Moore*
Kelly A. Moore
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

Elisa P. McEnroe
elisa.mcenroe@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Eckerd Corp., Rite Aid of North Carolina, Inc., and Rite Aid Hdqtrs. Corp.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 3, 2021, the foregoing was electronically filed using the Court's

CM/ECF system, and all counsel of record were served by operation of that system.

*/s/ Kelly A. Moore*
Kelly A. Moore
