# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Hon. Judge Dan A. Polster |
| *All Cases* | |

## OPPOSITION OF SETTLING DISTRIBUTORS TO CLARK COUNTY, NEVADA'S MOTION FOR LEAVE TO FILE MOTION TO CLARIFY THE JULY 23, 2021, CASE MANAGEMENT ORDER APPLICABLE TO CASES OF "NON-PARTICIPATING SUBDIVISIONS"

In its Motion for Leave to file and accompanying Motion (Docket Nos. 4180 and 4180-1), Clark County, Nevada ("Clark County") suggests that it (and other similarly situated subdivisions) should not be subject to the requirements of the Court's Case Management Order Applicable to Cases of "Non-Participating Subdivisions" Asserting Claims Against Settling Defendants (Docket No. 3795) ("July 23 CMO") because Clark County is located in a state that (as of this filing) has not elected to join the global settlements with the Settling Defendants and is therefore not eligible to become a "Participating Subdivision." Settling Distributors believe, however, that the purpose of the Order applies equally to all subdivisions and its terms should apply to all subdivisions as well.[1]

The July 23 CMO applies a series of requirements to "non-participating subdivisions" – i.e., those subdivisions that do not participate one or both of the global settlements with the Settling Defendants. Exercising its authority as an MDL Court to manage claims that remain after the settlement process is complete, the Court in the July 23 CMO required subdivision

---

[1] The Settling Defendants also note that the Clark County's Motion misstates the deadline for subdivisions in participating states to elect to participate in the settlements as December 19, 2021. That deadline is instead January 2, 2022.

plaintiffs in any cases that remain after the settlement to provide certain basic information and documentation that will be needed for the evaluation, litigation, and disposition of those claims. Those requirements include updating and completing Fact Sheets that these plaintiffs were already supposed to have provided in these cases, supplemented with additional information about the monetary and other relief each plaintiff seeks.  Docket No. 3795 at 2-3; *see also* Dkt. No. 683 (imposing original fact sheet requirement).

Plaintiff Fact Sheets are a well-accepted and important tool in the arsenal of an MDL Court, promoting the early disclosure of information needed to evaluate, negotiate, and, if necessary, litigate the claims of large numbers of claimants.  This tool is particularly important here, where there is an immense imbalance of information between the parties.  Plaintiffs already have access to complete national discovery of these defendants taken in Track 1, which has been supplemented by extensive additional discovery taken in other cases across the country and produced into the MDL pursuant to Discovery Ruling 22.  Defendants, in contrast, have very little information about these plaintiffs.  The July 23 CMO does not resolve that imbalance, but it ensures that some of the most critical information needed to evaluate these claims is available to all parties before any further proceedings occur.

There is no reason why Clark County or any other subdivision in a non-settling state should be treated any differently from any other plaintiff that is subject to this Order.  It is undisputed that, at least as of today, Clark County is a "non-participating subdivision" – it is a governmental subdivision and is not participating in the settlement.  If and to the extent Clark County wishes to continue to pursue its claims going forward, the information and documentation required to be provided under the July 23 CMO is just as important for Clark County as for any other subdivision plaintiff that will be continuing to litigate.

Excluding Clark County and other similarly situated subdivisions from the requirements of the Order would be inconsistent with the Order's purpose in managing the cases that will remain active in this MDL after February 2022. Clark County's motion should, accordingly, be denied.

Dated: December 10, 2021

Respectfully Submitted,

*/s/ Mark H. Lynch*
Geoffrey E. Hobart
Mark H. Lynch
Sonya D. Winner
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
swinner@cov.com

*Counsel for Defendant McKesson Corporation*

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen Drug Corporation*

*/s/ Enu Mainigi*
Enu Mainigi
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
ahardin@wc.com
*Counsel for Defendant Cardinal Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing **Opposition Of Settling Distributors To Clark County, Nevada's Motion For Leave To File Motion To Clarify The July 23, 2021, Case Management Order Applicable To Cases Of "Non-Participating Subdivisions"** was sent by the Court's electronic case filing system this 10th day of December, 2021, and served upon all those participating therein.

/s/ *Mark H. Lynch*
Mark H. Lynch