UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION        MDL No. 2804


### TRANSFER ORDER

**Before the Panel**: Plaintiffs in the Western District of New York *Erie County* action and the Eastern District of Pennsylvania *Hartman* action and defendant Hoffman-La Roche, Inc., move under Panel Rule 7.1 to vacate the order conditionally transferring their actions, which are listed on Schedule A, to MDL No. 2804. Hoffman-La Roche specifically requests separation and remand of the claims against it, which are pending in the Southern District of Texas *Rosen* action, under Section 1407(a). Defendants[1] oppose the motions in *Erie County* and *Hartman*. In *Rosen*, plaintiffs oppose the motion, while defendants[2] do not oppose the requested separation and remand, but they ask that if the Panel finds the claims against Hoffman-La Roche's claims indivisible, that the entire *Rosen* action be transferred to MDL No. 2804.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017). The actions now before us share a factual core with the MDL actions: the manufacturer, distributor, and/or pharmacist defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* These actions thus fall within the MDL's ambit.

---

[1] In *Erie County*, Amerisourcebergen Drug Corporation, Cardinal Health, Inc., Wal-Mart Stores East, LP, and Walmart Inc. In *Hartman*, defendant Mark Timney.

[2] Hikma Pharmaceuticals USA Inc.; Teva Pharmaceuticals USA, Inc.; Pfizer Inc.; Johnson & Johnson; Johnson & Johnson Consumer, Inc.; CVS Pharmacy, Inc.; CVS Health Corporation; and McKesson Corporation, and Actavis Pharma, Inc., Endo Health Solutions Inc., and Par Pharmaceutical, Inc.

Plaintiffs in *Erie County* move to vacate the conditional transfer order, principally by arguing that federal jurisdiction is lacking over their cases. We are not persuaded by this argument. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[3] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Plaintiff in the Eastern District of Pennsylvania *Hartman* action bring claims against individual officers, directors, and employees of Purdue Pharma regarding the marketing of Oxycontin. Plaintiff wrongly argues that the bankruptcy stay in the Purdue bankruptcy proceedings divests the Panel of jurisdiction to transfer the action. The Panel has transferred numerous actions against individual Purdue defendants in this docket,[4] and it often has centralized other dockets involving bankrupt defendants. *See, e.g., In re WorldCom, Inc., Sec. & "Erisa" Litig.*, 226 F. Supp. 2d 1352, 1354 (J.P.M.L. 2002). Given the undisputed factual overlap with the MDL proceedings, transfer of *Hartman* is justified to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Southern District of Texas *Rosen* defendant Hoffman-La Roche requests that the Panel separate and remand the claims against it in the wrongful death action because it did not manufacture an opioid medication – it manufactured only Klonopin, an anti-anxiety medication that plaintiffs allege exacerbated decedent's addiction. As an initial matter, the presence of unique claims or defendants does not preclude transfer. *See In re Barclays Liquidity Cross & High Frequency Trading Litig.*, 67 F. Supp. 3d 1375, 1376 (J.P.M.L. 2014) ("Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization."). We view separation and remand of the claims against Hoffman-La Roche as unworkable. Section 1407(a) gives the Panel the power to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." The complaint in *Rosen* alleges three claims against "all defendants" – negligence/strict liability, civil conspiracy, and loss of consortium. As such, the claims against Hoffman-La Roche appear indivisible and not amenable to separation and remand.[5]

---

[3] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[4] *See, e.g.,* MDL No. 2804 – *In re: National Prescription Opiates Litig.*, Transfer Order, doc. 5737 at 2 ("Additionally, plaintiff in the District of New Jersey *County of Burlington* action argues that the recent bankruptcy of the Purdue defendants prevents transfer, but we have long rejected that argument.") (citing *In re Ephedra Prods. Liab. Litig.*, 416 F. Supp. 2d 1358, 1359-60 (J.P.M.L. 2006) (transferring actions subject to bankruptcy stay)).

[5] Relatedly, Section 1407 does not provide for the separation and remand of issues asserted within claims. *See, e.g., In re: Plumbing Fixture Cases*, 298 F. Supp. 484, 489-90 (J.P.M.L. 1968) ("This


IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
David C. Norton    Roger T. Benitez
Dale A. Kimball    Madeline Cox Arleo

---

unequivocal and obviously deliberate withholding from the Panel of power to separate issues in a single civil action assigning one or more to the transferee court and one or more to the transferor court is a clear, precise and wise limitation on the powers of the Panel."); *In re Resource Exploration, Inc., Sec. Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) ("[T]he Panel is not empowered to carve out issues for separate treatment under Section 1407.").

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

## SCHEDULE A

<u>Western District of New York</u>

ERIE COUNTY MEDICAL CENTER CORPORATION, ET AL. v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:21−00826

<u>Eastern District of Pennsylvania</u>

HARTMAN v. SACKLER, ET AL., C.A. No. 2:21−02001

<u>Southern District of Texas</u>

ROSEN, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:21−02734