# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | )    **MDL 2804** |
| | ) |
| | )    **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) |
| | )    **Judge Dan Aaron Polster** |
| *Clark County, Nevada v.* | ) |
| *Purdue Pharma, L.P., et al.,* | )    **ORDER CLARIFYING THE COURT'S** |
| *Case No. 19-op-46168* | )    **JULY 23, 2021, CASE MANAGEMENT** |
| | )    **ORDER APPLICABLE TO CASES OF** |
| | )    **"NON-PARTICIPATING** |
| | )    **SUBDIVISIONS"** |

On November 30, 2021, Plaintiff Clark County, Nevada moved to file a Motion to Clarify the July 23, 2021, Case Management Order Applicable To Cases Of "Non-Participating Subdivisions." Doc. #: 4180. Clark County attached the underlying substantive motion to their motion for leave (Doc. #: 4080-1). On December 10, 2021, the Settling Distributor Defendants filed an opposition response to the underlying motion. Doc. #: 4189. The Janssen Defendants filed their own separate response. Doc. #: 4190. Because all parties' positions are now before the Court, the Court hereby **GRANTS** Clark County's motion for leave and, as described below, **CLARIFIES** that it's July 23, 2021 CMO ***does apply*** to government subdivisions, such as Clark County, that are located within a Non-Participating States. Accordingly, Clark County's motion is **DENIED**.

Clark County asserts that, because their state has not elected to participate in the Distributor and Janssen Settlement Agreements, they are not eligible to participate in the Settlement Agreements and, therefore, according to Clark County, they should not be subject to the CMO's various discovery requirements. This Court has recognized, however, that eligibility to participate

in the Settlement Agreements is open to **all** political subdivision. *See* Order Regarding Contingency Fee Contracts, Doc. #: 3814 at 10 ("[T]he Settlement Agreements here contemplate virtually **all** States and their political subdivisions as eligible claimants, even if they have not filed a case and regardless of whether they have retained counsel."). That Nevada has not opted in to the Settlement Agreements does not make Clark County ineligible, it merely makes them a Non-Participating Subdivision, albeit involuntarily.[1]

This may seem an unusual result at first glance, but the Court believes this is, in fact, the intended result. The Settlement Agreements were designed to incentivize political subdivisions to put political pressure on one another as well as on their States to maximize participation in the global settlements.

At present, the vast majority of Attorneys General have signed on to the global Settlement Agreements with the Settling Distributor and Janssen Defendants. Because the Settlement Agreements are structured so that unless the State joins none of that State's subdivisions may join, the Court expects the Attorneys General who have not joined to have consulted with the political leadership of the Cities and Counties of that State, and to have concluded that most Cities and Counties agreed with the State not to opt in to the Settlement Agreements. To the extent that has not happened, and a majority of the Cities and Counties of a State that has not opted in do, in fact, wish to participate in the global settlement, the political leadership of those subdivisions need to use the political processes at their disposal to try to change their State's decision.

Because it will be necessary for the Court to suggest to the JPML to remand all cases brought by subdivisions in States that have not joined the settlement, it is appropriate for those

---

[1] *See* Distributor Settlement Agreement § I.MM (defining "Non-Participating Subdivision" as "[a]ny Subdivision that is not a Participating Subdivision").

subdivisions to comply with the July 23, 2021, CMO—along with subdivisions in States that have joined the settlement but have, themselves, elected not to join. The process of complying with the CMO will assist the Court to determine those cases that should be dismissed, streamline those that will go forward (dismissing unnecessary defendants and claims), and put remaining defendants on notice of the essential details of the claims that remain.

Accordingly, the Court's July 23, 2021 CMO *does apply* to government subdivisions, such as Clark County, that are located within a Non-Participating States. Therefore, Clark County's motion is **DENIED**.

**IT IS SO ORDERED.**

 **/s/ Dan Aaron Polster  December 13, 2021**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**