# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: *Board of County Commissioners of the County of Santa Fe v. Purdue Pharma, et al.* Case No. 1:18-op-45776-DAP | Judge Dan Aaron Polster |

## CVS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SANTA FE'S SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO "SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND"

Defendants CVS Indiana, L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., CVS Pharmacy, Inc., CVS Health Solutions LLC, and CVS Orlando FL Distribution, L.L.C. (collectively, "CVS") hereby answer Plaintiff's Supplemental and Amended Allegations to be Added to "Short Form For Supplementing Complaint And Amending Defendants And Jury Demand" (the "Complaint") (Doc. 3737)[1] filed in *Board of County Commissioners of the County of Santa Fe v. Purdue Pharma, et al.*, No. 1:18-op-45776-DAP (N.D. Ohio).[2]

---

[1] Citations to the docket in this Answer refer to the MDL docket, 1:17-md-2804.

[2] Pursuant to ¶ 4 of the Stipulated Order Regarding Answering the May 1, 2021 Amended Complaints in the Five New Pharmacy Bellwether Cases (the "Answer Stipulation") (Doc. 3853), CVS and Plaintiff have agreed, and the Court has ordered, that CVS shall answer only the allegations set forth in the Complaint (Doc. 3737), and CVS has no obligation to answer any allegations set forth in any prior complaints filed by Plaintiff. By not answering the allegations of any prior complaint, CVS does not admit any of the allegations in those complaints, waive any defenses to the claims in those complaints, or risk a default judgment with respect to any claims in those complaints. Doc. 3853.

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into CVS's responses to each paragraph of the Complaint:

A.     The Complaint names CVS Health Corporation ("CVS Health") as a Defendant. On August 31, 2021, the Court granted Plaintiff's motion to dismiss CVS Health.  Accordingly, CVS Health is not responding to the Complaint.

B.     Where allegations are made against "Defendants" as a group, however described, CVS's responses apply only to themselves.

C.     Most of the allegations in the Complaint are not directed at CVS and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

D.     The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and CVS respectfully refers the Court to the respective materials for their true and complete contents.

E.     Except as otherwise expressly stated herein, CVS denies each and every allegation contained in the Complaint, including any allegations contained in the preamble, unnumbered paragraphs, paragraphs, titles, headings, subheadings, table of contents, footnotes, and exhibits, and specifically denies any liability to Plaintiff. To the extent not expressly denied, all allegations for which CVS denies possessing knowledge or information sufficient to form a belief are denied.

F.     CVS reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER

Pursuant to the Answer Stipulation, CVS states as follows:

A.      Pursuant to paragraph 5 of the Answer Stipulation, paragraphs 39, 41, 43-80, 168, 240-429, 432-435, 438-443, 467-468, 485-486, 488, 514-524, 531-536, 539-541, and 569-591 of the Complaint are directed solely to other defendants, and CVS has no obligation to answer.  To the extent CVS is required to respond to the allegations in those paragraphs, CVS states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

B.      Pursuant to paragraph 6 of the Answer Stipulation, CVS denies the allegations in paragraphs 173, 186-187, 200, 211, 221, 223-229, 236-238, 453, 475, 495-496, 498-503, 505, 508, 525-528, 563, 568, 604-611, 615, and 620-623 of the Complaint in their entirety.

C.      Pursuant to paragraph 7 of the Answer Stipulation, CVS admits the allegations in paragraphs 192 and 197, but denies that it has committed any wrongdoing and denies that Plaintiffs are entitled to any relief.

CVS answers the remaining allegations of the Complaint as follows:

1.      CVS denies the allegations in paragraph 1 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1. To the extent any further response is required, CVS denies the allegations.

2.      CVS denies the allegations in paragraph 2 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2. To the extent any further response is required, CVS denies the allegations.

3.      CVS denies the allegations in paragraph 3 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

4.      The allegations in paragraph 4 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

5.      The allegations in paragraph 5 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

6.      The allegations in paragraph 6 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

7.      CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7. To the extent any further response is required, CVS denies the allegations.

8.      CVS denies the allegations in paragraph 8 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8. To the extent any further response is required, CVS denies the allegations.

9.      While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9. To the extent any further response is required, CVS denies the allegations.

10.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10. To the extent any further response is required, CVS denies the allegations.

4

11.     While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11. To the extent any further response is required, CVS denies the allegations.

12.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12. To the extent any further response is required, CVS denies the allegations.

13.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 except to admit, upon information and belief, that Mr. Anderson has made the quoted statement in news reports, and that the President declared opioid abuse a national public health emergency under federal law on October 26, 2017. To the extent any further response is required, CVS denies the allegations.

14.     While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14. To the extent any further response is required, CVS denies the allegations.

15.     CVS denies the allegations in paragraph 15 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15. To the extent any further response is required, CVS denies the allegations.

16.     CVS denies the allegations in paragraph 16 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16. To the extent any further response is required, CVS denies the allegations.

17.     CVS denies the allegations in paragraph 17 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and respectfully refers the Court to the cited document, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

18.     CVS denies the allegations in paragraph 18 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18. To the extent any further response is required, CVS denies the allegations.

19.     While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19. To the extent any further response is required, CVS denies the allegations.

20.     While individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20. To the extent any further response is required, CVS denies the allegations.

21.     CVS denies the allegations in paragraph 21 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

22.     CVS denies the allegations in paragraph 22 insofar as alleged against it except to admit, upon information and belief, that a former CDC director has made the quoted statement in news reports. CVS otherwise lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 22. To the extent any further response is required, CVS denies the allegations.

23. CVS denies the allegations in paragraph 23 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23. To the extent any further response is required, CVS denies the allegations.

24. CVS denies the allegations in paragraph 24 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24. To the extent any further response is required, CVS denies the allegations.

25. CVS denies the allegations in paragraph 25 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25. To the extent any further response is required, CVS denies the allegations.

26. While CVS is aware of reports on opioid overdoses and addiction, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26. To the extent any further response is required, CVS denies the allegations.

27. CVS denies the allegations in paragraph 27 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27. To the extent any further response is required, CVS denies the allegations.

28. The allegations in paragraph 28 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

7

29.     The allegations in paragraph 29 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

30.     The allegations in paragraph 30 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

31.     The allegations in paragraph 31 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

32.     The allegations in paragraph 32 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

33.     CVS denies the allegations in paragraph 33 except to admit that CVS Health is a Delaware corporation with its principal place of business in Rhode Island.

34.     CVS denies the allegations in paragraph 34 except to admit that CVS Indiana, L.L.C. is an Indiana limited liability company with its principal place of business in Rhode Island.

35.     CVS denies the allegations in paragraph 35 except to admit that CVS Rx Services, Inc. is a New York corporation with its principal place of business in Rhode Island.

36.     CVS denies the allegations in paragraph 36 except to admit that CVS TN Distribution, L.L.C. is a Tennessee limited liability company with its principal place of business in Rhode Island.

37.     CVS denies the allegations in paragraph 37 except to admit that CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island, is a subsidiary of CVS Health, and is registered to do business in New Mexico, and CVS Pharmacy, Inc. directly or indirectly owns CVS distribution centers that are licensed with DEA to distribute Schedule III, IV, and V controlled substances and directly or indirectly owns CVS Pharmacy retail

stores in New Mexico that are licensed with DEA to dispense Schedule II, III, IV, and V controlled substances.

38. CVS denies the allegations in paragraph 38 except to admit that CVS Health Solutions LLC is a Delaware limited liability company with its principal place of business in Rhode Island.

40. CVS denies the allegations in paragraph 40 except to admit that CVS Orlando FL Distribution, L.L.C. is a Florida limited liability company with its principal place of business in Rhode Island.

42. CVS denies the allegations in paragraph 42 except to admit that distribution centers directly or indirectly owned by CVS Pharmacy, Inc., CVS TN Distribution, L.L.C., CVS Indiana, L.L.C., CVS Orlando FL Distribution, L.L.C., and CVS Rx Services, Inc. are licensed with DEA to distribute Schedule III, IV, V controlled substances; CVS Pharmacy retail stores owned by CVS Pharmacy, Inc. are licensed with DEA to dispense Schedule II, III, IV, and V controlled substances; distribution centers owned by CVS Pharmacy, Inc. have distributed Schedule III, IV, and V controlled substances into New Mexico; and CVS Pharmacy retail stores owned by CVS Pharmacy, Inc. have dispensed Schedule II, III, IV, and V controlled substances in New Mexico.

81. CVS denies the allegations in paragraph 81 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81. To the extent any further response is required, CVS denies the allegations.

82. CVS denies the allegations in paragraph 82 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 82. To the extent any further response is required, CVS denies the allegations.

83.     CVS denies the allegations in paragraph 83 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83. To the extent any further response is required, CVS denies the allegations.

84.     CVS admits opioids are a class of substances that include legal, prescription medication that doctors may prescribe to treat pain. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84. To the extent any further response is required, CVS denies the allegations.

85.     CVS admits opioids are a class of substances that include legal, prescription medication that doctors may prescribe to treat pain. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85. To the extent any further response is required, CVS denies the allegations.

86.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86. To the extent any further response is required, CVS denies the allegations.

87.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87. To the extent any further response is required, CVS denies the allegations.

88.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88. To the extent any further response is required, CVS denies the allegations.

89. CVS admits that certain prescription opioids are classified as Schedule II under the Controlled Substances Act. CVS otherwise lacks knowledge or information sufficient to form a belief about the allegations in paragraph 89. To the extent any further response is required, CVS denies the allegations.

90. CVS admits that medical professionals may describe the strength of prescription opioids in terms of morphine milligram equivalents (or "MME"). CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90. To the extent any further response is required, CVS denies the allegations.

91. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91. To the extent any further response is required, CVS denies the allegations.

92. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92. To the extent any further response is required, CVS denies the allegations.

93. CVS denies the allegations in paragraph 93 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93. To the extent any further response is required, CVS denies the allegations.

94. CVS denies the allegations in paragraph 94 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94. To the extent any further response is required, CVS denies the allegations.

95.     CVS denies the allegations in paragraph 95 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95. To the extent any further response is required, CVS denies the allegations.

96.     CVS denies the allegations in paragraph 96 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96. To the extent any further response is required, CVS denies the allegations.

97.     CVS denies the allegations in paragraph 97 insofar as alleged against it except to admit that CVS distribution centers distribute Schedule III, IV, and V controlled substances to CVS Pharmacy retail stores and that CVS Pharmacy retail stores dispense Schedule II, III, IV, and V controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97. To the extent any further response is required, CVS denies the allegations.

98.     CVS denies the allegations in paragraph 98 insofar as alleged against it except to admit that CVS distribution centers distributed hydrocodone combination products when those products were classified as Schedule III under the Controlled Substances Act and that CVS Pharmacy retail stores have dispensed prescription opioids classified as Schedule II and III under the Controlled Substances Act. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98. To the extent any further response is required, CVS denies the allegations.

99.     CVS denies the allegations in paragraph 99 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS distribution

12

centers' distribution of controlled substances and CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99. To the extent any further response is required, CVS denies the allegations.

100.    CVS denies the allegations in paragraph 100 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100. To the extent any further response is required, CVS denies the allegations.

101.    The allegations in paragraph 101 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

102.    CVS denies the allegations in paragraph 102 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102. To the extent any further response is required, CVS denies the allegations.

103.    CVS denies the allegations in paragraph 103 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103. To the extent any further response is required, CVS denies the allegations.

104.    CVS denies the allegations in paragraph 104 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104. To the extent any further response is required, CVS denies the allegations.

105.     CVS denies the allegations in paragraph 105 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105. To the extent any further response is required, CVS denies the allegations.

106.     CVS denies the allegations in paragraph 106 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106. To the extent any further response is required, CVS denies the allegations.

107.     CVS denies the allegations in paragraph 107 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107. To the extent any further response is required, CVS denies the allegations.

108.     The allegations in paragraph 108 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

109.     The allegations in paragraph 109 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

110.     The allegations in paragraph 110 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

111.     The allegations in paragraph 111 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and regulations for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

112.     The allegations in paragraph 112 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and regulations for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

113.     The allegations in paragraph 113 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

114.     The allegations in paragraph 114 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations, case law and testimony for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

115.     The allegations in paragraph 115 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

116.     The allegations in paragraph 116 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

117.     The allegations in paragraph 117 state legal conclusions and argument to which no response is required. CVS further lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117, to the extent those allegations are directed to Defendants other than CVS. To the extent any further response is required, CVS denies the allegations.

118.    The allegations in paragraph 118 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

119.    The allegations in paragraph 119 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulation for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

120.    The allegations in paragraph 120 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

121.    The allegations in paragraph 121 state legal conclusions and argument as to which no response is required and contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

122.    The allegations in paragraph 122 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulations and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

123.    The allegations in paragraph 123 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited case law for its true and correct contents. To the extent any further response is required, CVS denies the allegations.

124.    CVS denies the allegations in paragraph 124 except to admit that a pharmacy's ordering history may provide information on the controlled and non-controlled substances that the

pharmacy previously has ordered. To the extent any further response is required, CVS denies the allegations.

125. CVS denies the allegations in paragraph 125 insofar as alleged against it except to aver that the cited document speaks for itself. To the extent that any further response is required, CVS denies the allegations.

126. CVS denies the allegations in paragraph 126 insofar as alleged against it except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

127. The allegations in paragraph 127 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

128. The allegations in paragraph 128 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

129. The allegations in paragraph 129 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited statutes and documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

130. The allegations in paragraph 130 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

131. The allegations in paragraph 131 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

132. The allegations in paragraph 132 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

133. The allegations in paragraph 133 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

134. The allegations in paragraph 134 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

135. The allegations in paragraph 135 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

136. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136. To the extent any further response is required, CVS denies the allegations.

137. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 to the extent they concern Defendants other than CVS, and therefore denies the same. CVS admits that pharmacists employed at CVS retail pharmacies in New Mexico have access to the New Mexico Prescription Monitoring Program. CVS further states that the allegations of this paragraph contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

138. CVS denies the allegations in paragraph 138 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances and other prescription drugs. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph

18

138 to the extent those allegations relate to other Defendants. CVS denies the remaining allegations of this paragraph.

139.    The allegations in paragraph 139 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

140.    CVS denies the allegations in paragraph 140 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140. To the extent any further response is required, CVS denies the allegations.

141.    The allegations in paragraph 141 contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

142.    The allegations in paragraph 142 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

143.    The allegations in paragraph 143 contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

144.    CVS denies the allegations in paragraph 144 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 144. To the extent any further response is required, CVS denies the allegations.

145. CVS denies the allegations in paragraph 145 insofar as alleged against it except to admit that the National Association of Chain Drug Stores ("NACDS") is a trade association for retail pharmacies and that a CVS entity is a member of NACDS, has held a seat on the Board of Directors of NACDS, and has served on committees of NACDS. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145. To the extent any further response is required, CVS denies the allegations.

146. CVS denies the allegations in paragraph 146 except to admit that Healthcare Distribution Alliance ("HDA", formerly known as Healthcare Distribution Management Association ("HDMA")) is a trade association whose members are pharmaceutical distributors; that CVS Health acquired in or around 2007 an entity, Caremark Rx Inc., that was an affiliate member of HDA; and that a subsidiary of CVS Health for a period thereafter maintained that affiliate membership in HDA.

147. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

148. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

149. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

20

150. CVS denies the allegations in paragraph 150 except to admit that HDA and NACDS submitted an amicus brief in the *Masters Pharmaceutical* case and to refer the Court to the amicus brief for its true and correct contents. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150. To the extent any further response is required, CVS denies the allegations.

151. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

152. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

153. CVS denies the allegations in paragraph 153 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153. To the extent any further response is required, CVS denies the allegations.

154. CVS admits that the DEA launched the "Distributor Initiative" in or around 2005 but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the "Distributor Initiative." The remaining allegations in paragraph 154 state legal conclusions to which no response is required. To the extent any further response is required, CVS denies the allegations.

155. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155. To the extent any further response is required, CVS denies the allegations.

156.     CVS admits that the DEA has hosted Pharmacy Diversion Awareness Conferences. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156. To the extent any further response is required, CVS denies the allegations.

157.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 157 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

158.     CVS denies the allegations in paragraph 158 except to admit that the DEA sent a September 27, 2006 letter to certain registrants that contained the quoted language. CVS denies Plaintiff's characterization of this letter, and respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

159.     CVS denies the allegations in paragraph 159 except to admit that the DEA sent a September 27, 2006 letter to certain registrants that contained the quoted language. CVS denies Plaintiff's characterization of this letter and respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

160.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160 except to admit that DEA sent a December 27, 2007 letter to certain registrants that contained the quoted language. CVS respectfully refers the Court to the letter, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

161.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161. To the extent any further response is required, CVS denies the allegations.

162.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162 except to aver that the referenced settlement agreements speak for themselves. To the extent any further response is required, CVS denies the allegations.

163.     The allegations in paragraph 163 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited case law and administrative decisions for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

164.     The allegations in paragraph 164 state legal conclusions and argument as to which no response is required, and CVS respectfully refers the Court to the cited regulation and case law for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

165.     The allegations in paragraph 165 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

166.     CVS denies the allegations in paragraph 166 insofar as alleged against it except to admit that representatives from CVS and the DEA met on December 8, 2010, and to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 166. To the extent any further response is required, CVS denies the allegations.

167.     CVS denies the allegations in paragraph 167 except to aver that the cited document speaks for itself.

169.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

170.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170 except to aver that the allegations purport to cite documents and those documents speak for themselves. To the extent any further response is required, CVS denies the allegations.

171.     CVS denies the allegations in paragraph 171 insofar as alleged against it except to aver that the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171. To the extent any further response is required, CVS denies the allegations.

172.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

174.     The allegations in paragraph 174 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

175.     CVS denies the allegations in paragraph 175 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175. To the extent any further response is required, CVS denies the allegations.

176.     CVS denies the allegations in paragraph 176 except to aver that the complete public statements made by CVS speak for themselves and are the best evidence of their contents.

177.     CVS denies the allegations in paragraph 177 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the allegations in paragraph 177. To the extent any further response is required, CVS denies the allegations.

178.    The allegations in paragraph 178 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

179.    CVS denies the allegations in paragraph 179 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179. To the extent any further response is required, CVS denies the allegations.

180.    CVS denies the allegations in paragraph 180 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180. To the extent any further response is required, CVS denies the allegations.

181.    CVS denies the allegations in paragraph 181 except to aver that the cited document speaks for itself.

182.    CVS denies the allegations in paragraph 182 insofar as alleged against it except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182. To the extent any further response is required, CVS denies the allegations.

183.    The allegations in paragraph 183 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

184.    CVS denies the allegations in paragraph 184 except to admit that there are currently more than 9,900 CVS Pharmacy retail stores in the United States; that CVS Pharmacy retail stores were supplied with Schedule III hydrocodone combination products by CVS distribution centers and by outside vendors; that CVS distribution centers stopped distributing hydrocodone combination products when they were reclassified as Schedule II under the Controlled Substances Act in October 2014; and that CVS Pharmacy retail stores are supplied with Schedule II prescription opioids by outside vendors.

185.    CVS denies the allegations in paragraph 185 except to admit that CVS Pharmacy retail stores have placed orders for Schedule III, IV, and V controlled substances with CVS distribution centers through a computerized ordering system.

188.    CVS denies the allegations in paragraph 188 except to admit that, in 2007, CVS worked with an outside consultant to develop a written standard operating procedure for its distribution centers' handling of controlled substances, and to aver that the referenced documents speak for themselves.

189.    CVS denies the allegations in paragraph 189 except to aver that the referenced documents speak for themselves.

190.    CVS denies the allegations in paragraph 190 except to aver that the referenced document speaks for itself.

191.    CVS denies the allegations in paragraph 191 except to admit that the DEA commenced a routine inspection of CVS's Indianapolis distribution center on August 24, 2010.

193.    CVS denies the allegations in paragraph 193 except to aver that the cited documents speak for themselves.

194. CVS denies the allegations in paragraph 194 except to aver that the cited documents speak for themselves.

195. CVS denies the allegations in paragraph 195 except to aver that the cited document must be considered in context and in unmodified form, and to respectfully refer the Court to the cited document for its true and complete contents.

196. CVS denies the allegations in paragraph 196 except to admit that, in or around 2008, an outside consultant delivered to CVS a set of computer algorithms to identify orders of interest of controlled substances placed with CVS distribution centers.

198. CVS denies the allegations in paragraph 198 except to admit that the original set of computer algorithms delivered by the outside consultant pended orders with a score of 0.15 or higher, that the score was adjusted to 0.65 in consultation with the outside consultant, and that the outside consultant performed a "retunement" of the algorithm.

199. CVS denies the allegations in paragraph 199 except to aver that the cited document must be considered in context and in unmodified form, and to respectfully refer the Court to the cited document for its true and complete contents.

201. CVS denies the allegations in paragraph 201 except to admit that the computer algorithms delivered to CVS in 2008 flagged orders by drug name and were subsequently revised to flag orders by active ingredient.

202. CVS denies the allegations in paragraph 202 except to aver that the cited documents speak for themselves.

203. CVS denies the allegations in paragraph 203 except to admit that, in 2012, it hired new outside consultants to assist with the development of suspicious order monitoring systems.

204.    CVS denies the allegations in paragraph 204 except to aver that the cited document speaks for itself.

205.    CVS denies the allegations in paragraph 205 except to admit that CVS implemented a new suspicious order monitoring system in 2014 and stopped distributing hydrocodone combination products by October 6, 2014.

206.    CVS denies the allegations in paragraph 206 except to admit that the DEA commenced a routine inspection of CVS's distribution center in Indianapolis, Indiana, in August 2013.

207.    CVS denies the allegations in paragraph 207 except to aver that the cited documents speak for themselves.

208.    CVS denies the allegations in paragraph 208 except to admit that CVS had a closing meeting with the DEA concerning its inspection of the CVS distribution center in Indianapolis, Indiana, in May 2014, and to aver that the cited documents speak for themselves.

209.    CVS denies the allegations in paragraph 209 except to aver that the letter of admonition issued by the DEA on December 31, 2015, speaks for itself.

210.    CVS denies the allegations in paragraph 210 except to aver that the cited deposition transcript speaks for itself.

212.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212. To the extent any further response is required, CVS denies the allegations.

213.    CVS denies the allegations in paragraph 213 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information

28

sufficient to form a belief about the truth of the remaining allegations in paragraph 213. To the extent any further response is required, CVS denies the allegations.

214.    CVS denies the allegations in paragraph 214 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 214. To the extent any further response is required, CVS denies the allegations.

215.    CVS denies the allegations in paragraph 215 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 215. To the extent any further response is required, CVS denies the allegations.

216.    CVS denies the allegations in paragraph 216 insofar as alleged against it except to aver that to the extent this paragraph purports to quote from, summarize, or paraphrase a document or documents, the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 216. To the extent any further response is required, CVS denies the allegations.

217.    CVS denies the allegations in paragraph 217 insofar as alleged against it except to aver that to the extent this paragraph purports to quote from, summarize, or paraphrase a document or documents, the cited documents speak for themselves. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 217. To the extent any further response is required, CVS denies the allegations.

218.    CVS denies the allegations in paragraph 218 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 218. To the extent any further response is required, CVS denies the allegations.

219.    CVS denies the allegations in paragraph 219 except to aver that the ARCOS data produced by DEA speaks for itself.

220.    CVS denies the allegations in paragraph 220 except to aver that the ARCOS data produced by DEA speaks for itself

222.    The allegations in paragraph 222 state legal conclusions and argument as to which no response is required. To the extent any further response is required, CVS denies the allegations.

230.    CVS denies the allegations in paragraph 230 except to aver that the cited document speaks for itself.

231.    CVS denies the allegations in paragraph 231 except to admit that certain CVS entities possessed or had access to certain data concerning CVS Pharmacy retail stores' dispensing of controlled substances.

232.    CVS denies the allegations in paragraph 232 except to admit that there are currently more than 9,900 CVS Pharmacy retail stores in the United States and that those CVS Pharmacy retail stores dispense Schedule II, III, IV, and V controlled substances.

233.    CVS denies the allegations in paragraph 233 except to admit that, pursuant to DEA procedures, the DEA registrations of CVS Pharmacy retail stores are renewed on a chain-wide basis and that, in November 2013, a fee of $5,553,407 (determined in accordance with the applicable DEA fee schedule) was paid to renew the DEA registrations of 7,597 CVS Pharmacy retail stores for a three-year period.

234.    CVS denies the allegations in paragraph 234 except to admit that, through September 2014, CVS Pharmacy retail stores were supplied with Schedule III hydrocodone

30

combination products by CVS distribution centers and by outside vendors, and that CVS Pharmacy retail stores are supplied with Schedule II prescription opioids by outside vendors.

235.    CVS denies the allegations in paragraph 235 except to admit that a system was put in place to monitor for suspicious orders of controlled substances that CVS Pharmacy retail stores placed with CVS distribution centers.

239.    CVS denies the allegations in paragraph 239 except to aver that the cited ruling speaks for itself.

430.    CVS denies the allegations in paragraph 430 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 430. To the extent any further response is required, CVS denies the allegations.

431.    The allegations in paragraph 431 state legal conclusions and argument as to which no response is required. The allegations in paragraph 431 also contain references to documents and statements that have been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and statements should be considered in context and in unmodified form, and CVS respectfully refers the Court to the referenced materials for their complete contents. To the extent any further response is required, CVS denies the allegations.

436.    CVS denies the allegations in paragraph 436 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 436. To the extent any further response is required, CVS denies the allegations.

437.    CVS denies the allegations in paragraph 437 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 437. To the extent any further response is required, CVS denies the allegations.

444.      CVS denies the allegations in paragraph 444 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 444. To the extent any further response is required, CVS denies the allegations.

445.      CVS denies the allegations in paragraph 445 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 445. To the extent any further response is required, CVS denies the allegations.

446.      CVS denies the allegations in paragraph 446 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 446. To the extent any further response is required, CVS denies the allegations.

447.      CVS denies the allegations in paragraph 447 except to aver that the cited document speaks for itself.

448.      CVS denies the allegations in paragraph 448 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 448. To the extent any further response is required, CVS denies the allegations.

449.      CVS denies the allegations in paragraph 449 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 449. To the extent any further response is required, CVS denies the allegations.

450.    CVS denies the allegations in paragraph 450 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 450. To the extent any further response is required, CVS denies the allegations.

451.    CVS denies the allegations in paragraph 451 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 451. To the extent any further response is required, CVS denies the allegations.

452.    CVS denies the allegations in paragraph 452 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 452. To the extent any further response is required, CVS denies the allegations.

454.    CVS denies the allegations in paragraph 454 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 454. To the extent any further response is required, CVS denies the allegations.

455.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 455 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

456.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 456 except to aver that the cited document speaks for itself.  To the extent any further response is required, CVS denies the allegations.

457.     CVS denies the allegations in paragraph 457 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 457. To the extent any further response is required, CVS denies the allegations.

458.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 458 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

459.     CVS denies the allegations in paragraph 459 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 459. To the extent any further response is required, CVS denies the allegations.

460.     CVS denies the allegations in paragraph 460 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 460. To the extent any further response is required, CVS denies the allegations.

461.     CVS denies the allegations in paragraph 461 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 461. To the extent any further response is required, CVS denies the allegations.

462. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 462 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

463. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 463 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

464. CVS denies the allegations in paragraph 464 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 464. To the extent any further response is required, CVS denies the allegations.

465. CVS denies the allegations in paragraph 465 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 465. To the extent any further response is required, CVS denies the allegations.

466. CVS denies the allegations in paragraph 466 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 466. To the extent any further response is required, CVS denies the allegations.

469. CVS denies the allegations in paragraph 469 insofar as alleged against. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 469. To the extent any further response is required, CVS denies the allegations.

470.    CVS denies the allegations in paragraph 470 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 470. To the extent any further response is required, CVS denies the allegations.

471.    CVS denies the allegations in paragraph 471 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 471. To the extent any further response is required, CVS denies the allegations.

472.    CVS denies the allegations in paragraph 472 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 472. To the extent any further response is required, CVS denies the allegations.

473.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 473. To the extent any further response is required, CVS denies the allegations.

474.    CVS denies the allegations in paragraph 474 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 474. To the extent the allegations in paragraph 474 also state legal conclusions and argument, no response is required. To the extent any further response is required, CVS denies the allegations.

476.    CVS denies the allegations in paragraph 476 except to admit that the Alliance to Prevent the Abuse of Medicines ("APAM") was founded in 2013, that a CVS entity was a member of APAM, and that HDMA's members have included the American Medical Association, Cardinal

36

Health, the Healthcare Distribution Management Association, Prime Therapeutics, and Teva Pharmaceuticals. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 476. To the extent any further response is required, CVS denies the allegations.

477.     CVS denies the allegations in paragraph 477 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 477. To the extent any further response is required, CVS denies the allegations.

478.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 478. To the extent any further response is required, CVS denies the allegations.

479.     CVS denies the allegations in paragraph 479 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 479 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

480.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 480. To the extent any further response is required, CVS denies the allegations.

481.     CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 481. To the extent any further response is required, CVS denies the allegations.

482.     CVS denies the allegations in paragraph 482 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 482. To the extent any further response is required, CVS denies the allegations.

483.  CVS denies the allegations in paragraph 483 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 483. To the extent any further response is required, CVS denies the allegations.

484.  CVS denies the allegations in paragraph 484 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 484. To the extent any further response is required, CVS denies the allegations.

487.  CVS denies the allegations in paragraph 487 except to aver that the cited website speaks for itself and to admit that Red Oak Sourcing, LLC ("Red Oak") was formed in July 2014, that a CVS entity and a Cardinal Health entity each own a 50% interest in Red Oak; that Red Oak has an initial term of ten years; that the CVS entity and the Cardinal Health entity contributed sourcing and supply chain expertise to Red Oak and agreed to source and negotiate generic pharmaceutical supply contracts for both companies through Red Oak; that Red Oak does not own or hold inventory on behalf of either company; that no physical assets (e.g., property and equipment) were contributed to Red Oak by either company; and that the Cardinal Health entity has been required to pay the CVS entity certain quarterly payments since October 2014, and that, as milestones are met, the quarterly payments increase. To the extent any further response is required, CVS denies the allegations.

489.  CVS denies the allegations in paragraph 489 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 489. To the extent any further response is required, CVS denies the allegations.

490.    CVS denies the allegations in paragraph 490 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 490. To the extent any further response is required, CVS denies the allegations.

491.    CVS denies the allegations in paragraph 491 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 491. To the extent any further response is required, CVS denies the allegations.

492.    CVS denies the allegations in paragraph 492 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 492. To the extent any further response is required, CVS denies the allegations.

493.    CVS denies the allegations in paragraph 493 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 493. To the extent any further response is required, CVS denies the allegations.

494.    CVS denies the allegations in paragraph 494 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 494. To the extent any further response is required, CVS denies the allegations.

497.    CVS denies the allegations in paragraph 497 except to aver that the cited document speaks for itself.

504.    CVS denies the allegations in paragraph 504 except to aver that the cited document speaks for itself.

506.    CVS denies the allegations in paragraph 506 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 506. To the extent any further response is required, CVS denies the allegations.

507.    CVS denies the allegations in paragraph 507 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 507. To the extent any further response is required, CVS denies the allegations.

509.    CVS denies the allegations in paragraph 509 except to aver that the cited document speaks for itself.

510.    CVS denies the allegations in paragraph 510 except to aver that the cited document speaks for itself.

511.    CVS denies the allegations in paragraph 511 except to aver that the cited document speaks for itself.

512.    CVS denies the allegations in paragraph 512 except to aver that the cited document speaks for itself.

513.    CVS denies the allegations in paragraph 513 except to aver that the cited document speaks for itself.

529.    CVS denies the allegations in paragraph 529 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 529. To the extent any further response is required, CVS denies the allegations.

530.    CVS denies the allegations in paragraph 530 insofar as alleged against it except to admit that CVS entities have collaborated with various stakeholders, including law enforcement, to address prescription drug abuse. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 530. To the extent any further response is required, CVS denies the allegations.

537.    CVS denies the allegations in paragraph 537 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 537. To the extent any further response is required, CVS denies the allegations.

538.    CVS denies the allegations in paragraph 538 insofar as alleged against it except to aver that the cited document speaks for itself. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 538. To the extent any further response is required, CVS denies the allegations.

542.    CVS denies the allegations in paragraph 542 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 542 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

543.    CVS denies the allegations in paragraph 543 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 543 except to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

544.     CVS admits that NACDS filed an amicus brief in *United States of America v. Walmart Inc., et al.*, C.A. No. 20-1744-CFC (D. Del.), but denies the allegations in paragraph 544 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 544. To the extent any further response is required, CVS denies the allegations.

545.     CVS denies the allegations in paragraph 545 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 545. To the extent any further response is required, CVS denies the allegations.

546.     CVS denies the allegations in paragraph 546 insofar as alleged against it except to admit that certain CVS entities have entered into settlement agreements with regulators relating to opioids. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 546. To the extent any further response is required, CVS denies the allegations.

547.     CVS denies the allegations in paragraph 547 except to admit that CVS Health disclosed in public filings that it had yearly net revenue of more than $150 billion between 2015 and 2017, and that there are currently more than 9,900 CVS Pharmacy retail stores in the United States.

548.     CVS denies the allegations in paragraph 548 except to admit that certain CVS entities have entered into various settlement agreements with the DEA and the United States

Department of Justice. CVS otherwise denies Plaintiff's characterization of the settlements and denies the remaining allegations in paragraph 548.

549.     CVS denies the allegations in paragraph 549 except to admit that Omnicare, Inc. entered into a settlement agreement with the U.S. Attorney's Offices for the Central District of California, the Eastern District of California, the District of Colorado, the District of Oregon and the District of Utah in May 2020. CVS denies Plaintiff's characterization of this settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

550.     CVS denies the allegations in paragraph 550 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Rhode Island in March 2019. CVS respectfully refers the Court to the referenced settlement agreement and press release, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

551.     CVS denies the allegations in paragraph 551 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Northern District of Alabama in August 2018. CVS otherwise denies Plaintiff's characterization of this settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

552.     CVS denies the allegations in paragraph 552 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Eastern District of New York in June 2018. CVS otherwise denies Plaintiff's characterization of the settlement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

553.     CVS denies the allegations in paragraph 553 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Eastern District of California in July 2017. CVS otherwise denies Plaintiff's characterization of the settlement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

554.     CVS denies the allegations in paragraph 554 except to admit that certain CVS entities have entered into various settlement agreements with the DEA and the United States Department of Justice. CVS otherwise denies Plaintiff's characterization of the settlement agreements and respectfully refers the Court to the referenced settlement agreements, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

555.     CVS denies the allegations in paragraph 555 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Maryland in February 2016. CVS otherwise denies Plaintiff's characterization of the settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

556.     CVS denies the allegations in paragraph 556 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the District of Connecticut in October 2016. CVS otherwise denies Plaintiff's characterization of the settlement agreement and respectfully refers the Court to the settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

557.     CVS denies the allegations in paragraph 557 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the Massachusetts Attorney General in or around September 2016. CVS otherwise denies Plaintiff's characterization of the referenced settlement

agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

558.    CVS denies the allegations in paragraph 558 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the United States Department of Justice and its Drug Enforcement Administration for the New England Field Division in June 2016. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

559.    CVS denies the allegations in paragraph 559 except to admit that CVS Health entered into a settlement agreement with the U.S. Attorney's Office for the District of Rhode Island in August 2015. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

560.    CVS denies the allegations in paragraph 560 except to admit that CVS Health entered into a settlement agreement with the U.S. Attorney's Office for the Middle District of Florida in May 2015. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

561.    CVS denies the allegations in paragraph 561 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Southern District of Texas in September 2014. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

562.    CVS denies the allegations in paragraph 562 except to admit that CVS Pharmacy, Inc. entered into a settlement agreement with the U.S. Attorney's Office for the Western District of Oklahoma in April 2013. CVS otherwise denies Plaintiff's characterization of the referenced settlement agreement and respectfully refers the Court to the referenced settlement agreement, which speaks for itself. To the extent any further response is required, CVS denies the allegations.

564.    CVS denies the allegations in paragraph 564 except to admit that representatives from CVS and DEA met on December 8, 2010 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

565.    CVS denies the allegations in paragraph 565 except to admit that representatives from CVS and DEA met on December 8, 2010 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

566.    CVS denies the allegations in paragraph 566 except to admit that representatives from CVS and DEA met on August 12, 2011 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

567.    CVS denies the allegations in paragraph 567 except to admit that representatives from CVS and DEA met on August 12, 2011 and to aver that the cited document speaks for itself. To the extent any further response is required, CVS denies the allegations.

592.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 592. To the extent any further response is required, CVS denies the allegations.

593.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 593. To the extent any further response is required, CVS denies the allegations.

594.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 594. To the extent any further response is required, CVS denies the allegations.

595.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 595. To the extent any further response is required, CVS denies the allegations.

596.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 596. To the extent any further response is required, CVS denies the allegations.

597.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 597. To the extent any further response is required, CVS denies the allegations.

598.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 598. To the extent any further response is required, CVS denies the allegations.

599.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 599. To the extent any further response is required, CVS denies the allegations.

600.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 600. To the extent any further response is required, CVS denies the allegations.

601.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 601. To the extent any further response is required, CVS denies the allegations.

602.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 602. To the extent any further response is required, CVS denies the allegations.

603.    CVS denies the allegations in paragraph 603 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 603. To the extent any further response is required, CVS denies the allegations.

612.    The allegations in paragraph 612 state legal conclusions to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

613.    The allegations in paragraph 613 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

614.    The allegations in paragraph 614 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

616.    The allegations in paragraph 616 state legal conclusions and argument to which no response is required, and CVS respectfully refers the Court to any cited statutes, regulations, case law, or documents for their true and correct contents. To the extent any further response is required, CVS denies the allegations.

617.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 617. To the extent any further response is required, CVS denies the allegations.

618.    CVS denies the allegations in paragraph 618 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 618. To the extent any further response is required, CVS denies the allegations.

619.    CVS denies the allegations in paragraph 619 insofar as alleged against it. While CVS is aware of reports of overdose rates, CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 619. To the extent any further response is required, CVS denies the allegations.

624.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 624 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

625.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 625 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

626.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 626. To the extent any further response is required, CVS denies the allegations.

627.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 627 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

628.    While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 628. To the extent any further response is required, CVS denies the allegations.

629.    While CVS is aware of reports of overdose rates and that individuals have suffered from opioid addiction and abuse, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 629. To the extent any further response is required, CVS denies the allegations.

630.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 630. To the extent any further response is required, CVS denies the allegations.

631.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 631 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

632. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 632 and respectfully refers the Court to any cited documents, which speak for themselves. To the extent any further response is required, CVS denies the allegations.

633. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 633. To the extent any further response is required, CVS denies the allegations.

634. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 634. To the extent any further response is required, CVS denies the allegations.

635. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 635. To the extent any further response is required, CVS denies the allegations.

636. CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 636. To the extent any further response is required, CVS denies the allegations.

637. While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 637. To the extent any further response is required, CVS denies the allegations.

638. While CVS is aware of reports of overdose rates, CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 638. To the extent any further response is required, CVS denies the allegations.

639.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 639. To the extent any further response is required, CVS denies the allegations.

640.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 640. To the extent any further response is required, CVS denies the allegations.

641.    CVS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 641. To the extent any further response is required, CVS denies the allegations.

642.    CVS denies the allegations in paragraph 642 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 642. To the extent any further response is required, CVS denies the allegations.

643.    The allegations in paragraph 643 state legal conclusions as to which no response is required.  To the extent any further response is required, CVS denies the allegations in paragraph 643 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 643.

644.    The allegations in paragraph 644 state legal conclusions as to which no response is required.  To the extent any further response is required, CVS denies the allegations in paragraph 644 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 644.

645.    CVS denies the allegations in paragraph 645 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 645. To the extent any further response is required, CVS denies the allegations.

646. CVS denies the allegations in paragraph 646 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 646. To the extent any further response is required, CVS denies the allegations.

647. CVS denies the allegations in paragraph 647 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 647. To the extent any further response is required, CVS denies the allegations.

648. CVS denies the allegations in paragraph 648 insofar as alleged against it. CVS otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 648. To the extent any further response is required, CVS denies the allegations.

649. CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Amended Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

650. CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Amended Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

651. The allegations contained within paragraph 651 do not contain factual allegations requiring a response. To the extent any further response is required, CVS denies the allegations.

652.    The allegations contained within paragraph 652 do not contain factual allegations requiring a response.  To the extent any further response is required, CVS denies the allegations.

653.    In response to paragraph 653, CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Amended Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

654.    The allegations in paragraph 654 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

655.    The allegations in paragraph 655 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

656.    The allegations in paragraph 656 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

657.    The allegations in paragraph 657 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

658.    The allegations in paragraph 658 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

659.    The allegations in paragraph 659 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

660.    The allegations in paragraph 660 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

661.    The allegations in paragraph 661 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

662.    The allegations in paragraph 662 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

663.     The allegations in paragraph 663 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

664.     The allegations in paragraph 664 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

665.     The allegations in paragraph 665 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

666.     The allegations in paragraph 666 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

667.     The allegations in paragraph 667 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

668.     The allegations in paragraph 668 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

669.     The allegations in paragraph 669 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

670.     The allegations in paragraph 670 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

671.     The allegations in paragraph 671 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

672.     The allegations in paragraph 672 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

673.     The allegations in paragraph 673 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

674.    In response to paragraph 674, CVS incorporates by reference its responses to all other paragraphs of the original Complaint, the Amended Short Form Complaint, and the Supplemental and Amended Allegations as if fully set forth herein.

675.    The allegations in paragraph 675 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

676.    The allegations in paragraph 676 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

677.    The allegations in paragraph 677 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

678.    The allegations in paragraph 678 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

679.    The allegations in paragraph 679 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

680.    The allegations in paragraph 680 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

681.    The allegations in paragraph 681 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

682.    The allegations in paragraph 682 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

683.    The allegations in paragraph 683 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

684.    The allegations in paragraph 684 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

685.    The allegations in paragraph 685 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

686.    The allegations in paragraph 686 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

687.    The allegations in paragraph 687 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

688.    The allegations in paragraph 688 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

689.    The allegations in paragraph 689 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

690.    The allegations in paragraph 690 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

691.    The allegations in paragraph 691 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

692.    The allegations in paragraph 692 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

693.    The allegations in paragraph 693 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

694.    The allegations in paragraph 694 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

695.    The allegations in paragraph 695 state legal conclusions and argument to which no response is required. To the extent any further response is required, CVS denies the allegations.

696.    CVS denies that Plaintiff is entitled to any relief.

57

697. CVS hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## AFFIRMATIVE DEFENSES

CVS raises the following affirmative defenses to the Complaint. By designating the following defenses as affirmative defenses, CVS does not concede that it bears the burden of proof and/or the burden of persuasion as to any such defense. CVS reserves the right to: (1) rely on any other applicable defenses that may become apparent during fact or expert discovery; (2) rely on any other applicable defenses set forth in any answer or list of affirmative defenses filed or submitted by any other Defendant in this action; and (3) amend this document and/or its answer to assert any such defenses.

## FIRST DEFENSE

The Complaint fails to state a claim against CVS upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FOURTH DEFENSE

Plaintiff lacks standing to bring all or some of its claims.

## FIFTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## EIGHTH DEFENSE

Plaintiff's nuisance claims are barred to the extent that it lacks the statutory authority to bring a nuisance claim under New Mexico law or its applicable county or municipal codes or regulations.

## NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

## TENTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

## ELEVENTH DEFENSE

Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims maintained, even indirectly, on behalf of their citizens and/or claims brought as *parens patriae*.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies or to satisfy other procedural requirements.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred to the extent CVS has valid defenses which would bar recovery by those persons on whose behalf Plaintiff seeks recovery.

## SEVENTEENTH DEFENSE

Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf Plaintiff seeks to recover.

## EIGHTEENTH DEFENSE

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

## NINETEENTH DEFENSE

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by CVS that harmed patients and should not have been written, or that CVS's allegedly improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any specific prescription was unauthorized, medically unnecessary, ineffective, harmful, or caused any of the injuries or harms for which Plaintiff seeks recovery.

## TWENTIETH DEFENSE

Plaintiff's claims against CVS do not arise from the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

## TWENTY-FIRST DEFENSE

Plaintiff failed to join all necessary parties, including without limitation prescribers, patients, and other third parties whom Plaintiff alleged engaged in the unauthorized, improper or illicit prescription, dispensing, diversion, or use of opioids.

## TWENTY-SECOND DEFENSE

CVS denies all types of causation, including without limitation cause in fact, proximate cause, and producing cause, as to the claims asserted against CVS.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of superseding and intervening causation.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because CVS has no legal duty to protect Plaintiff from the intentional criminal acts of third persons. Such criminal acts are superseding causes that extinguish any liability.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were due to illicit use or abuse of medications by the medication users.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent its alleged injuries and damages were caused or contributed to by the negligence or conduct of Plaintiff and/or third parties over whom CVS had no control and for whom it is not responsible.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of its residents and/or citizens to reimburse any expenses for health care, pharmaceutical care, and/or other public services.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action by CVS.

### TWENTY-NINTH DEFENSE

Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

### THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable or uncontrollable forces over which CVS had no control, including without limitation pre-existing medical conditions.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by the misuse of the medications involved, by failure to use the medications properly, and/or by the alteration, modification, or criminal misuse of medications prescribed by third parties over whom the CVS had no control.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users of the subject medications, nor their prescribers, nor Plaintiff itself, relied to their detriment upon any statement by CVS in determining to use or prescribe the subject prescription medications.

### THIRTY-THIRD DEFENSE

Any injuries and/or damages sustained by Plaintiff were caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

### THIRTY-FOURTH DEFENSE

Any recovery by Plaintiff is barred or limited by the principle of comparative or contributory fault.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent its alleged damages are speculative, uncertain, or hypothetical.

### THIRTY-SIXTH DEFENSE

CVS asserts its right to a proportionate reduction, based on the negligence or other conduct of any settling tortfeasor, responsible third party, or Plaintiff, of any damages found against CVS.

### THIRTY-SEVENTH DEFENSE

Plaintiff's damages, if any, were caused by the direct and proximate negligence or other conduct of entities or persons other than CVS, and in the event CVS is found liable to Plaintiff, CVS will be entitled to indemnification, contribution, and/or apportionment.

### THIRTY-EIGHTH DEFENSE

In the event of liability against CVS (which liability is specifically denied), a specific percentage of the tortious conduct that proximately caused Plaintiff's injury or loss is attributable to (1) Plaintiff; (2) other parties from whom Plaintiff seeks recovery; and (3) persons from whom Plaintiff does not seek recovery in this action, including but not limited to prescribers of opioids, their associates, and employers, including hospitals; non- party manufacturers of prescription

opioids; non-party distributors of prescription opioids; non-CVS pharmacies and pharmacists employed or formerly employed at those pharmacies; individuals and entities involved in the distribution and/or sale of illegal opioids; individuals involved in procuring diverted prescription opioids and/or illegal drugs; delivery services; federal, state, and local government entities; and any other person identified by Plaintiff or any other defendant as a non-party whose tortious conduct proximately caused Plaintiff's injury or loss. NMSA 1978, §§ 41-3-1 & 41-3A-1; UJI 13-1427 NMRA.

## THIRTY-NINTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that already have indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

## FORTIETH DEFENSE

In the event of liability against CVS (which liability is specifically denied), the facts will show that any recovery by Plaintiff must be reduced to account for the acts or omissions attributable to Plaintiff.

## FORTY-FIRST DEFENSE

Plaintiff failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

## FORTY-SECOND DEFENSE

Plaintiff's claims are barred or limited by the economic loss rule.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred or limited by the free public services and/or municipal cost recovery doctrine.

## FORTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent they relate to CVS or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of New Mexico or that of any other state whose laws may apply.

## FORTY-FIFTH DEFENSE

The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to UJI 13-861 NMRA and UJI 13-1827 NMRA, and pursuant to all federal and New Mexico constitutional limitations on the assessment of punitive or exemplary damages.

## FORTY-SIXTH DEFENSE

Any damages that Plaintiff may recover against CVS must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.

## FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

### FORTY-EIGHTH DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

### FORTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or New Mexico Constitutions to the extent Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FIFTIETH DEFENSE

CVS's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

### FIFTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

### FIFTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

### FIFTY-THIRD DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

## FIFTY-FOURTH DEFENSE

CVS's conduct conformed with the FDCA and the requirements of the FDA, and the activities of CVS alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

## FIFTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

## FIFTY-SIXTH DEFENSE

Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co*., 529 U.S. 861 (2000).

## FIFTY-SEVENTH DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm*., 531 U.S. 341 (2001).

## FIFTY-EIGHTH DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of "fraud on the DEA" with respect to CVS's compliance with statutes or

regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## SIXTIETH DEFENSE

If Plaintiff incurred the damages alleged, which is expressly denied, CVS is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## SIXTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. § 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## SIXTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine.

## SIXTY-THIRD DEFENSE

CVS did not owe or breach any statutory or common law duty to Plaintiff.

## SIXTY-FOURTH DEFENSE

CVS appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## SIXTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because CVS complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## SIXTY-SIXTH DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish CVS regulatory duties, such informal guidance cannot enlarge CVS's regulatory duties in the absence of compliance by DEA with the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

## SIXTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

## SIXTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on CVS.

69

## SIXTY-NINTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## SEVENTIETH DEFENSE

CVS is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

## SEVENTY-FIRST DEFENSE

Plaintiff's claim of public nuisance is barred or limited because no action of CVS involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Defendants is too remote from the alleged injury as a matter of law and due process.

## SEVENTY-SECOND DEFENSE

Plaintiff's public nuisance claim is barred or limited to the extent that it has been abrogated or otherwise curtailed by New Mexico statutes governing product liability, including the Uniform Contribution Among Tortfeasors Act, NMSA 1978, § 41-3-1 *et seq.* and the statute of limitations, NMSA 1978, § 37-1-4.

## SEVENTY-THIRD DEFENSE

Plaintiff's claim for unjust enrichment is barred or limited because CVS did not receive and retain any alleged benefit from Plaintiff.

### SEVENTY-FOURTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to any applicable New Mexico statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### SEVENTY-FIFTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited to the extent that CVS is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

### SEVENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

### SEVENTY-SEVENTH DEFENSE

Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to CVS.

### SEVENTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because no conduct of CVS was misleading, unfair, or deceptive.

### SEVENTY-NINTH DEFENSE

To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

### EIGHTIETH DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause

of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc*., 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State*

*Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

### EIGHTY-FIRST DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### EIGHTY-SECOND DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because CVS has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

### EIGHTY-THIRD DEFENSE

Plaintiff cannot obtain relief on its claims based on actions undertaken by CVS of which CVS provided notice of all material facts.

### EIGHTY-FOURTH DEFENSE

To the extent that Plaintiff's alleged injuries, harm, or damages were proximately caused or contributed to by Plaintiff's own conduct or the conduct of others, CVS is entitled to an individual assessment of fault for each party alleged to have caused any injury, harm, or damage to Plaintiff. Plaintiff's alleged damages are not indivisible but comprise separate and discrete costs.

### EIGHTY-FIFTH DEFENSE

Plaintiff's public nuisance claim is barred by NMSA 1978, § 61-11-6 and the New Mexico legislature's comprehensive regulation of drugs of abuse.

## EIGHTY-SIXTH DEFENSE

CVS is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of New Mexico or any other state whose substantive law might control the action.

## EIGHTY-SEVENTH DEFENSE

CVS asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or New Mexico Rules of Civil Procedure 1-008 and 1-012, as investigation and discovery proceeds.

## EIGHTY-EIGHTH DEFENSE

CVS followed good faith dispensing practices and its pharmacists properly fulfilled their corresponding responsibility to review prescriptions for indications that they were not issued in the usual course of professional treatment. 21 CFR §1306.04(a). CVS pharmacists did not knowingly fill any prescriptions that they knew were not legitimate.

## EIGHTY-NINTH DEFENSE

CVS and its pharmacists reasonably relied upon the prescribers who issued the prescriptions and have the primary "responsibility for the proper prescribing and dispensing of controlled substances." 21 CFR 1306.04(a).

## NINETIETH DEFENSE

CVS and its pharmacists reasonably relied upon the DEA which set annual national quotas for controlled substances based upon the country's legitimate medical needs and is responsible for the enforcement of the CSA.

## NINETY-FIRST DEFENSE

CVS cannot control and is not responsible for what patients do with prescription drugs after they are dispensed by pharmacists. Patients have a duty to use the drugs properly and store them safely.

## NINETY-SECOND DEFENSE

To the extent they are not otherwise incorporated herein, CVS incorporates as a defense the defenses and arguments raised in its motion to dismiss and the motions to dismiss of the other defendants in this case.

## NINETY-THIRD DEFENSE

CVS adopts by reference any additional applicable defense pleaded by any other defendants not otherwise pleaded herein.

## DEMAND FOR JURY TRIAL

CVS hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## PRAYER FOR RELIEF

CVS prays that (a) judgment be entered dismissing Plaintiff's Complaint with prejudice, and (b) this Court grant it such other relief as it deems just and appropriate including costs and reasonable attorneys' fees.

Date: December 16, 2021

Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-4106

edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Indiana L.L.C., CVS Rx Services, Inc., CVS TN Distribution, L.L.C., CVS Pharmacy, Inc., CVS Health Solutions, LLC, and CVS Orlando FL Distribution, L.L.C.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 16, 2021, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

*/s/ Eric R. Delinsky*
Eric R. Delinsky