**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>Case No. 1:18-op-45776-DAP<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SANTA FE,<br><br>                Plaintiff,<br><br>   v.<br><br>PURDUE PHARMA, ET AL.,<br><br>                Defendants. | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster<br><br><br>**DEFENDANT ALBERTSONS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO "SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND"** |

Defendants Albertsons Companies, Inc., Albertson's, LLC, and Safeway, Inc. (collectively "Albertsons"), by their undersigned attorneys, respectfully submit their Answer and Affirmative Defenses to Plaintiff Board of County Commissioners of the County of Santa Fe's Supplemental and Amended Allegations to be added to "Short Form for Supplementing Complaint and Amending Defendants and Jury Demand" ("the Complaint").

Pursuant to the Court's August 17, 2021 Stipulated Order, Albertsons responds only to the allegations contained in Plaintiff's Complaint that are directed at Albertsons. All allegations in Plaintiff's Complaint that Albertsons does not specifically admit, in whole or in part, are hereby denied. Further, to the extent Plaintiff cites to, quotes from, or paraphrases a document, the document speaks for itself, and Albertsons denies any characterization of the document inconsistent therewith. (*See* August 17, 2021 Stipulated Order at ¶¶ 4-9, ECF No. 3853, Case No. 1:17-md-2804.)

1

1.      Paragraph 1, which identifies the Defendants being sued, does not require a response.  To the extent a response is required, Albertsons denies any wrongdoing whatsoever and denies that Plaintiff is entitled to relief on the claims asserted against Albertsons.  To the extent the allegations in the introductory paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

2.      Paragraph 2 characterizes the basis of Plaintiff's Complaint and, thus, does not require a response.  To the extent a response is required and to the extent the allegations in Paragraph 2 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

3.      Paragraph 3 incorporates by reference Plaintiff's allegations and claims in its Original Complaint and Short Form Complaint and thus does not require a response.  To the extent a response is required and to the extent the allegations in Paragraph 3 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## INTRODUCTION

4.      Albertsons admits only that the Centers for Disease control has declared the problem of opioid abuse a public health epidemic.  Albertsons denies the remaining allegations in Paragraph 4.

5.      Albertsons admits only that the Centers for Disease control has declared the problem of opioid abuse a public health epidemic.  Albertsons lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies them.

6. To the extent the allegations in Paragraph 6 are directed at Albertsons, it denies them. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

7. Albertsons denies that any act or omission of Albertsons was the cause of any opioid epidemic, as alleged or at all. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies them.

8. To the extent the allegations in Paragraph 8 are directed at Albertsons, Albertsons denies the allegations. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies them.

9. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies them.

11. Albertsons admits that OxyContin, Opana ER, Vicodin, Subsys, Duragesic, oxycodone, hydrocodone, and fentanyl are prescription opioids. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies them.

13. Albertsons admits that in October 2017, President Donald Trump declared the opioid crisis a national public health emergency. Albertsons lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them.

15.     To the extent the allegations in Paragraph 15 are directed at Albertsons, Albertsons denies them.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

16.     To the extent the allegations in Paragraph 16 are directed at Albertsons, Albertsons denies them.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

17.     The allegations in the first sentence of Paragraph 17 purport to quote a statement from the American Pharmacists Association.  Albertson states that the statement speaks for itself, and Albertsons denies any attempt to characterize it out of context.  To the extent the remaining allegations in Paragraph 17 are directed at Albertsons, Albertsons denies them.  To the extent the remaining allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

18.     To the extent the allegations in Paragraph 18 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

19.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies them.

20.     To the extent the allegations in Paragraph 20 are directed at Albertsons, Albertsons denies them.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

21.     Albertsons admits that the Centers for Disease control has declared the problem of prescription opioid abuse a public health epidemic.  Albertsons denies that any act or omission of Albertsons caused the public health epidemic as alleged or at all. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

22.     To the extent the allegations in Paragraph 22 are directed at Albertsons, Albertsons denies them.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies them.

23.     Albertson denies that it has promoted opioids and denies that any act or omission of Albertsons has caused or contributed to an opioid epidemic, as alleged or at all, and denies the remaining allegations in Paragraph 23.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

24.     To the extent the allegations in Paragraph 24 are directed at Albertsons, Albertson denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

25.     Albertsons denies that it has engaged in any misconduct, as alleged or at all.  To the extent the allegations in Paragraph 25 are directed at other Defendants, Albertsons lacks

knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

26.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies them.

27.     For Paragraph 27, Albertsons denies that any act or omission of Albertsons caused or contributed to an opioid epidemic, as alleged or at all. To the extent the allegations in Paragraph 25 are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

### JURISDICTION AND VENUE

28.     The allegations in Paragraph 28 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

29.     The allegations in Paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

30.     The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

31.     The allegations in Paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

### PARTIES

I.     **PLAINTIFF**

32.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies them.

II.     **DEFENDANTS**[1]

---

[1] The County has made its best efforts, based on the information available, to identify all of the corporate entities with responsibilities related to the sale and distribution of opioids in or affecting the County.  If information that becomes available to the County alters its understanding or discloses additional entities, the County reserves the right to seek

A.    **CVS**

33.    The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

34.    The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

35.    The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

36.    The allegations in Paragraphs 33 through 42  pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

37.    The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

38.    The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

---

to join any such entities as defendants.  Furthermore, the County recognizes that corporate entities affiliated with the Defendants may possess discoverable information relevant to the County's claims, even though those entities have not been named as defendants.  The County reserves the right to seek all information relevant to these claims.

39.     The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

40.     The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

41.     The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

42.     The allegations in Paragraphs 33 through 42 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**B.      Walgreens**

43.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

44.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

45.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

46.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

47.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

48.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

49.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

50.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

51.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

52.     The allegations in Paragraphs 43 through 52 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

C.    **Walmart**

53.    The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

54.    The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

55.    The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

56.    The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

57.    The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

58.    The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

59.    The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

60.     The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

61.     The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

62.     The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

63.     The allegations in Paragraphs 53 through 63 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**D.     Albertsons**

64.     Albertsons admits only that Albertsons Companies, Inc. is a Delaware corporation with its principal place of business in Boise, Idaho. Albertsons denies the remaining allegations in Paragraph 64.

65.     Albertsons admits the allegations in at Albertson's LLC is a wholly-owned subsidiary of Albertsons Safeway LLC, which is a wholly-owned subsidiary of Albertsons Companies, Inc., and denies the remaining allegations in Paragraph 65.

66.     Albertsons admits Safeway Inc. is a wholly-owned subsidiary of Albertsons Safeway LLC, which is a wholly-owned subsidiary of Albertsons Companies, Inc. and denies the remaining allegations in Paragraph 66.

67.     The allegations in Paragraph 67 purport to define "Albertsons" for purposes of the Complaint to which no response is required.

11

68.     Plaintiff's Complaint does not define a relevant time period.  However, Albertsons admits that it operates licensed pharmacies in New Mexico and in the County specifically.

69.     Albertsons admits that, for a limited time period, it distributed primarily generic opioids to company-owned pharmacies, through distribution center #8720 located in Ponca City, OK.

70.     Albertsons admits that it operates under the following "banners": Safeway, Vons, Jewel-Osco, Acme, Carrs, Randalls, Tom Thumb and Market Street. Albertsons also admits that it operates stores in 34 states and the District of Columbia.

71.     Albertsons admits that, in December 2013, it acquired United Supermarkets LLC, d/b/a The United Family, and that it operates under the brands United Supermarket, Market Street, and Amigos.  Albertsons denies the remaining allegations in Paragraph 71.

72.     Albertsons admits that, in January 2015, AB Acquisition LLC completed a merger with Safeway, Inc. and admits that Safeway stores include Safeway-branded stores in California and Hawaii, Vons stores in California and Nevada, Randalls and Tom Thumb stores in Texas and Carrs stores in Alaska.  Albertsons further states that the number of stores in any particular location changes over time and denies the remaining allegations in Paragraph 72.

73.     The allegations in Paragraph 73 purport to define "Albertsons" for purposes of the Complaint to which no response is required.  To the extent a response is required, Albertsons admits Albertsons owns Lucky, Shaws, Haggen, and Star Market.

**E.     Kroger**

74.     The allegations in Paragraphs 74 through 80 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

12

75.     The allegations in Paragraphs 74 through 80 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

76.     The allegations in Paragraphs 74 through 80 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

77.     The allegations in Paragraphs 74 through 80 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

78.     The allegations in Paragraphs 74 through 80 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

79.     The allegations in Paragraphs 74 through 80 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

80.     The allegations in Paragraphs 74 through 80 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**F.      Related Entities; Agency and Authority**

81.     The allegations in Paragraph 81 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

82.     Albertsons denies that it engaged in unlawful conduct, as alleged or at all, and denies the remaining allegations in Paragraph 82.

83.     The allegations in Paragraph 83 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

**DEFENDANTS' CONDUCT AND PLAINTIFF'S INJURIES**

I.     **COMMON FACTS**[2]

    A.     **Opioids and Their Effects**

84.     Albertsons admits that the term "opioid" refers to a class of drugs that include legal prescription opioids, in addition to illegal drugs such as heroin and illicit fentanyl, that interact with opioid receptors in the brain and elsewhere in the human body, including natural opioids, semi-synthetic opioids, and fully synthetic opioids.  Albertsons admits that certain opioids are effective in the treatment of pain.  Albertsons denies that all opioids have the same effect on the human body but admits that certain opioids can be associated with analgesia, euphoria and respiratory depression under certain conditions of use and misuse.

85.     Albertsons admits that the medicinal properties of certain opioids and their potential for addition has long been recognized.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 and therefore denies the allegations.

86.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 and therefore denies the allegations.

87.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87 and therefore denies the allegations.

88.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 and therefore denies the allegations.

---

[2] The allegations in this Complaint are made upon information and belief, including upon information immediately available to Plaintiff from the ARCOS database.

89.     Albertsons admits only that some, but not all, prescription opioids have been regulated as Schedule II controlled substances by the DEA since 1970.

90.     Albertsons admits that medical professionals describe the strength of various opioids in terms of morphine milligram equivalents ("MME").  The remaining allegations purport to rely on unspecified studies and statements of the CDC.  Albertsons states that the CDC studies and statements speak for themselves and denies any attempts to characterize them out of context.

91.     Albertsons admits that certain patients under certain conditions can develop tolerance to the analgesic effect of opioids but denies Plaintiff's characterization of "relatively quickly."  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91 and therefore denies the allegations.

92.     Albertsons admits that, for some patients under certain conditions, discontinuing opioid therapy after more than a few weeks may experience withdrawal symptoms.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 and therefore denies the allegations.

**B.     Defendants' Conduct Created an Abatable Public Nuisance**

93.     Albertsons denies the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 referring to the "public nuisance" state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

95.     The allegations in Paragraph 95 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the remaining allegations in this paragraph are directed at Albertsons, Albertsons denies them.  To the

extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

    **C.**    **Defendants Deliberately Disregarded Their Duties to Maintain Effective Controls Against Diversion**

        **1.**    **The Chain Pharmacies Were on Notice of and Contributed to Illegal Diversion of Prescription Opioids**

96.    To the extent any allegations in Paragraph 96 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

97.    Albertsons admits that it had an internal self-distribution function for a short period of time which supplied certain prescription opioids exclusively to pharmacies owned and operated by Albertsons and that those pharmacies dispensed prescription opioids pursuant to prescriptions. Albertsons further admits that it has done business in other locations in the United States but denies the remaining allegations in Paragraph 97.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

98.    Albertsons admits that it has dispensed prescription opioids in Santa Fe County, in other counties, and other states. Albertsons further admits that it had an internal self-distribution function for a short period of time which supplied certain prescriptions opioids exclusively to pharmacies owned and operated by Albertsons. To the extent the remaining allegations in Paragraph 98 are directed at Albertsons, Albertsons denies the allegations.  To the extent the remaining allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

99.     Albertsons admis only that it maintained data on prescription opioids that it distributed to its pharmacies and that its pharmacies dispensed. To the extent the remaining allegations in Paragraph 99 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

100.     To the extent the allegations in Paragraph 100 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

101.     The allegations in Paragraph 101 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

102.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the purported information from the CDC and therefore denies the same.  To the extent the remaining allegations in Paragraph 102 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

103.     To the extent the allegations in Paragraph 103 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

104.     To the extent the allegations in Paragraph 104 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

105.    To the extent the allegations in Paragraph 105 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

106.    To the extent the allegations in Paragraph 106 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

107.    To the extent the allegations in Paragraph 107 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

2.    **Defendants Have a Duty to Report Suspicious Orders and Not to Ship Those Orders Unless Due Diligence Disproves Their Suspicions**

108.    The allegations in Paragraph 108 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

109.    The allegations in Paragraph 109 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

110.    The allegations in Paragraph 110 state legal conclusions regarding the creation of legal duties to which no response is required. To the extent a response is required, Albertsons

denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

111. The allegations in Paragraph 111 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

112. The allegations in Paragraph 112 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

113. The allegations in Paragraph 113 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

114. The allegations in Paragraph 114 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

115. The allegations in Paragraph 115 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

116. The allegations in Paragraph 116 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

117. The allegations in Paragraph 117 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. Albertsons further denies that it breached any obligations as alleged or at all. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

118. The allegations in Paragraph 118 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

119.    The allegations in Paragraph 119 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

120.    The allegations in Paragraph 120 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

121.    Albertsons is without sufficient knowledge or information regarding the "DEA's" testimony and therefore denies the same.  Answering further, the allegations in Paragraph 121 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

122.    The allegations in Paragraph 122 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

123.    The allegations in Paragraph 123 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

124.    Albertsons admits only that pharmacy order data contains information regarding prescription drugs ordered by pharmacies and denies the remaining allegations of Paragraph 124.

125.    The article quoted in Paragraph 125 speaks for itself, and Albertsons denies any characterization inconsistent therewith.

126.    The article quoted in Paragraph 126 speaks for itself, and Albertsons denies any characterization inconsistent therewith.

127.    Albertsons admits only that pharmacists have a responsibility to refrain from filling prescriptions that they know were not issued for a legitimate medical purpose. Albertsons denies the remaining allegations in Paragraph 127.  To the extent the allegations in this paragraph are

directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

128.     The allegations in Paragraph 128 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

129.     The allegations in Paragraph 129 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

130.     The allegations in Paragraph 130 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

131.     The allegations in Paragraph 131 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

132.     The allegations in Paragraph 132 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

133.     The allegations in Paragraph 133 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

134.    The allegations in Paragraph 134 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

135.    The allegations in Paragraph 135 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

136.    The allegations in Paragraph 136 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

137.    Albertsons admits only that PDMPs are a valuable tool.  Albertsons lacks knowledge and information to form a belief as to the truth of the allegations regarding CVS documents and denies the remaining allegations in Paragraph 137. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

138.    Albertsons admits it has operating systems and methods to store and retain prescription dispensing data and records.  The remaining allegations in Paragraph 138 regarding purported obligations of pharmacies state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

> **3.    Defendants Were Aware of and Have Acknowledged Their Obligations to Prevent Diversion and to Report and Take Steps to Halt Suspicious Orders**

139.    The statements in Paragraph 139 consist of Plaintiff's characterizations and conclusions rather than statements of fact, and therefore no response is required.  To the extent a response is required, Albertsons lacks knowledge sufficient to form a belief as to the truth of the allegations regarding the "aim" of regulations and therefore denies the same.  Albertsons denies the remaining allegations in Paragraph 139.

22

140.    Albertsons denies that it failed to comply with any obligations, as alleged or at all, and denies the remaining allegations in Paragraph 140.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

141.    The deposition of former DEA agent Joseph Rannazzisi speaks for itself, and Albertsons denies any attempt to characterize it out of context. Albertsons denies the remaining allegations in Paragraph 141.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

142.    The allegations in Paragraph 142 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

143.    The deposition of the DEA's Unit Chief of Liaison speaks for itself, and Albertsons denies any attempt to characterize it out of context.  Albertsons denies the remaining allegations in Paragraph 143.

144.    Plaintiff's allegation that "Defendants did understand" is vague and Albertsons therefore denies it.  The remaining allegations in this Paragraph 144 are directed at other Defendants to which Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

145.    Albertsons admits that the National Association of Chain Drug Stores ("NACDS") is a national trade association and that it participates in NACDS.  Albertsons lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 145 and therefore denies the allegations.

146.    In Paragraph 146, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Answering further, Albertsons

denies that it has ever belonged to the HDA. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations.

147.    The allegations in Paragraph 147 purport to quote a document from the NACDS, which speaks for itself, and Albertsons denies any attempt to characterize it out of context.

148.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies them.

149.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies them.

150.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies them.

151.    Albertsons admits that the DEA has, at various times, given limited and inconsistent guidance to retail pharmacies regarding suspicious orders. Albertsons denies that any statements of any trade association can be attributable to Albertsons.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151 and therefore denies them.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

152.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore denies them.

153.    Albertsons admits that the DEA, at various times, has given limited and inconsistent guidance to retail pharmacies regarding suspicious orders. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 153 and therefore denies the allegations.  To the extent the allegations in this paragraph are directed at

24

other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

154.    The allegations in Paragraph 154 purport to quote a presentation and document, which speak for themselves, and Albertsons denies any attempt to characterize them out of context. The allegation regarding requirements of the CSA states legal conclusions to which no response is required.  To the extent a response is required Albertsons denies the allegations.

155.    Albertsons admits that the DEA, at various times, has given limited and inconsistent guidance concerning the dispensing of controlled substances.  The presentations referred to and quoted in Paragraph 155 speak for themselves, and Albertsons denies any attempt to characterize them out of context.

156.    Albertsons admits only that the DEA, at various times, has given limited and inconsistent guidance concerning diversion.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156 and therefore denies them.

157.    Albertsons admits that the DEA, at various times, has given limited and inconsistent guidance to distributors, but Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 and therefore denies them.  Answering further, the document referenced in Paragraph 157 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

158.    Albertsons admits that the DEA sent a letter to distributors on September 27, 2006. The letter quoted in Paragraph 158 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

159.    The letter quoted in Paragraph 159 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

160. Albertsons admits that the DEA sent a letter to distributors on December 27, 2007. The letter quoted in Paragraph 160 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

161. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore denies them. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

162. Albertsons admits that the DEA has brought various enforcement actions against various wholesale distributors and that certain distributors have entered into settlements with the DEA.  To the extent the remaining allegations in Paragraph 162 are directed at Albertsons, Albertsons denies them.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

163. Albertsons admits that the DEA, at various times, has provided limited and inconsistent guidance concerning diversion, but denies the remaining allegations in Paragraph 163.

164. The allegations in Paragraph 164 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the identified circumstances may be relevant to a pharmacist's evaluation of a prescription and may result in a decision not to fill the prescription.  Albertsons denies the remaining allegations in Paragraph 164.

165. The allegations in Paragraph 165 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the identified circumstances may be relevant to a pharmacist's evaluation of a prescription and may result in a decision not to fill the prescription.  Albertsons denies the remaining allegations in Paragraph 165.

166.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies them.

167.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore denies them.

168.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies them.

169.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies them.

170.     The allegations in Paragraph 170 consist of characterizations, such as "commons sense" and "relevant guidance," that are too vague to present facts capable of a response.  To the extent a response is required, Albertsons denies the allegations. The DEA enforcement actions referred to in Paragraph 170 speak for themselves, and Albertsons denies any attempt to characterize them out of context.

171.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore denies them.  Answering further, the various documents quoted in Paragraph 171 speak for themselves, and Albertsons denies any attempt to characterize them out of context.

172.     The allegations in Paragraph 172 state legal conclusions to which no response is required.  To the extent that a response is required, Albertsons denies the allegations.  Answering further, the various documents quoted in Paragraph 172 speak for themselves, and Albertsons denies any attempt to characterize them out of context.

173.     The allegations in Paragraph 173 state legal conclusions to which no response is required. To the extent a response is required, Albertsons admits only that some of the circumstances listed may be relevant to a pharmacist's evaluation of a prescription and may result

in a decision to not fill the prescription. Albertsons otherwise denies the allegations in Paragraph 173.

174.     The allegations in Paragraph 174 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

### 4.     Defendants Were Uniquely Positioned to Guard Against Diversion

175.     The allegations in Paragraph 175 contain phrases, such as the term "drug utilization," that are too vague to provide a response. To the extent a response is required, Albertsons admits only that it possesses certain data regarding dispensing of controlled substances but denies the remaining allegations.

176.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies them.

177.     The allegations in Paragraph 177 state legal conclusions, to which no response is required. To the extent a response is required, Albertsons admits only that it possesses certain data regarding the dispensing of controlled substances. To the extent Plaintiff attempts to characterize testimony, Albertsons states that the testimony speaks for itself and denies any attempt to characterize the testimony out of context. Albertsons otherwise denies the allegations in Paragraph 177.

178.     The allegations in Paragraph 178 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

179.     Albertsons admits that it has access to certain information about its pharmacies' dispensing and that it implemented policies and practices to combat diversion. Albertsons denies the remaining allegations in Paragraph 179.

180.     Albertsons lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 180 regarding what other companies were

willing to do and therefore denies the same. To the extent the allegations in this paragraph are directed at Albertsons, they are denied. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

181. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and therefore denies them.

182. Albertsons admits that it has access to certain data regarding its pharmacies' dispensing of controlled substances but denies the remaining allegations in Paragraph 182.

### 5. Defendants Failed to Maintain Effective Controls Against Diversion

183. To the extent allegations in Paragraph 183 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

#### a. CVS

##### i. CVS Lacked a Genuine Suspicious Order Monitoring System for Much of the Relevant Time

184. The allegations in Paragraphs 184 through 239 pertain to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

185. The allegations in Paragraphs 184 through 239 pertain to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

186.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

187.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

188.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

189.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

190.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

191.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

192.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

193.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

194.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

195.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

     **ii.**  **CVS Failed to Remedy Fatal Flaws in the System it Slowly Developed**

196.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

197.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

198.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

199.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

200.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

201.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

202.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

203.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

204.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

205.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

206.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

207.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

208.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

209.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### iii.     CVS Failed to Perform Due Diligence

210.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

211.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

212.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### iv.     CVS Conspired with Cardinal and McKesson to Prevent Suspicious Order Monitoring of Its Retail Pharmacies

213.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

214.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

215.     The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

216.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

217.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

218.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

<strong>v.    CVS Failed to Maintain Effective Controls Against Diversion in the County</strong>

219.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

220.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

221.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

222.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

223.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

224.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

225.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

226.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

227.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

228.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

229.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

230.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

231.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

> **vi.    CVS Failed to Implement Effective Policies and Procedures to Guard Against Diversion from its Retail Stores**

232.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

233.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

234.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

235.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

236.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

237.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

238.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

239.    The allegations in Paragraphs 184 through 239 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### b.    Walgreens

240.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### i.    Walgreens Dragged Its Feet on Developing a SOM Program, Instead Relying on After-the-Fact Reports of "Excessive" Orders While Ignoring Red Flags

241.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

242.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

243.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

244.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

245.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

246.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

247.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

248.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

249.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

250.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

ii.    **Walgreens Knew its After-the-Fact Excessive Purchase Reports Failed to Satisfy Its Obligations to Identify, Report, and Halt Suspicious Orders**

251.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

38

252.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

253.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

254.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

255.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

256.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

257.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

258.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

259.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

260.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

261.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

262.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

263.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

        **iii.**    **Walgreens Lacked Meaningful Additional Systems to Address the Failures in Its System of After-the-Fact Reporting of Certain Orders**

264.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

265.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

266.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

267.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

268.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

269.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

270.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

                iv.    **Even as it Rolled Out its New SOM Program, Walgreens Left Significant Gaps and Loopholes in Place and Failed to Report and Perform Due Diligence on Orders It Flagged**

271.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

272.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

273.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

274.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

275.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

276.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

277.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

278.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

279.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

280.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

281.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

282.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

283.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

284.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

285.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

286.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

287.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

288.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

289.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

290.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**v.     Walgreens Failed to Put in Place Adequate Polices to Guard Against Diversion at the Pharmacy Level**

291.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

292.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

293.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

294.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

295.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

296.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

297.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

298.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

299.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

300.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

301.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

302.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

303.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

304.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

305.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

306.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

> **vi.    Walgreens Assumed Greater Responsibility for Controlling Against Diversion by Discouraging Outside Vendors from Exercising Their Own Oversight**

307.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

308.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

309.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

310.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

311.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### vii.    Walgreens Failed to Maintain Effective Controls Against Diversion in the County

312.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

313.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

314.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

315.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

316.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

317.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

318.    The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

319.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

320.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

321.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

322.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

323.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

324.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

325.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

326.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

327.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

328.     The allegations in Paragraphs 240 through 328 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### c.    Walmart

329.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

330.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### i.    Walmart Lacked a Suspicious Order Monitoring System for Most of the Relevant Time Period

331.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

332.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

333.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

334.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

335.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

336.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

337.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

338.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

339.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

340.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

341.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

342. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

ii.      **Walmart Failed to Guard Against Diversion in Distributing into the County**

343. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

344. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

345. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

346. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

347. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

348. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

349.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

350.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

351.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

352.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

353.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

354.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### iii.     Walmart Failed to Maintain Effective Controls Against Diversion from its Pharmacies in the County

355.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

356.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

357.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

358.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

359.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

360.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

361.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

362.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

363.    The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

364. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

365. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

366. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

367. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

368. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

369. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

370. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

371. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

372. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

373. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

374. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

375. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

376. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

377. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

378. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

379. The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

380.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

381.     The allegations in Paragraphs 329 through 381 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### d.     Kroger

382.     The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### i.     Kroger Failed to Maintain Effective Controls Against Diversion of Opioids It Distributed, Instead Oversupplying Its Stores

383.     The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

384.     The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

385.     The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

386.     The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

387.    The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

388.    The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

389.    The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

390.    The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

391.    The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

392.    The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

393.    The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

    **ii.**  **Kroger Failed to Implement Effective Policies and Procedures to Prevent Diversion from Its Pharmacy Stores**

394. The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

395. The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

396. The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

397. The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

398. The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

399. The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

400. The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

401.    The allegations in Paragraphs 382 through 401 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### e.    Albertsons

402.    Albertsons admits the allegations in Paragraph 402.

403.    Albertsons denies the allegations in Paragraph 403.

404.    Albertsons denies the allegations in Paragraph 404.

405.    Albertsons denies the allegations in Paragraph 405.

### i.    Albertsons Failed to Guard Against Diversion in Distributing and Dispensing in the County and Surrounding Areas

406.    The allegations in Paragraph 406 state legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 406 purport to rely on data from the ARCOS database.  Albertsons states that the ARCOS database speaks for itself, and Albertsons denies any attempt to characterize it out of context.  Albertsons admits that between 2006 and 2014, it did not report any suspicious orders in the County to the DEA during the time that it acted as a distributor. Albertsons denies the remaining allegations in Paragraph 406. including any implicit allegation that Albertsons acted wrongfully or unlawfully.

407.    The allegations in Paragraph 407 purport to rely on data from the ARCOS database. Albertsons states that the ARCOS database speaks for itself, and Albertsons denies any attempt to characterize it out of context.  Albertsons denies the remaining allegations in Paragraph 407. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

408.    Albertsons admits only that it received a letter from the DEA in 2019 relating to its pharmacy in Silver City. The 2019 letter speaks for itself, and Albertsons denies any characterization of the letter inconsistent therewith. Albertsons denies the remaining allegations in Paragraph 408.

409.    Albertsons admits that it dispensed prescription opioids in Arizona, Nevada, and Colorado.  The allegations in the third sentence of Paragraph 409 purport to rely on data from the ARCOS database. Albertsons states that the ARCOS database speaks for itself, and Albertsons denies any attempt to characterize it out of context.  Albertsons denies the remaining allegations in Paragraph 409.

410.    Albertsons denies the allegations in Paragraph 410.

411.    Albertsons denies the allegations in Paragraph 411.

412.    Albertsons denies the allegations in Paragraph 412.

413.    Albertsons denies the allegations in Paragraph 413.

414.    Albertsons denies the allegations in Paragraph 414.

### ii.    Albertsons Failed to Effectively Identify and Investigate Dispensing Red Flags at Its Pharmacies

415.    Albertsons admits that it has operated over 1,700 retail pharmacies in various locations, including in the County.  Albertsons denies the remaining allegations in Paragraph 415.

416.    Albertsons denies the allegations in Paragraph 416.

417.    Albertsons admits that it has access to certain data regarding its distribution to company-owned pharmacies, which occurred only during a limited time period, and dispensing of prescription opioids but denies the remaining allegations in Paragraph 417.

418.    Albertsons denies the allegations in Paragraph 418.

419.    Albertsons denies the allegations in Paragraph 419.

420.     Albertsons denies the allegations in Paragraph 420.

421.     Albertsons admits that, during the limited time period that Albertsons distributed prescription opioids to its company-owned pharmacies, it had access to certain data regarding that distribution but denies the remaining allegations in Paragraph 421.

422.     Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids to company-owned pharmacies but denies the remaining allegations in Paragraph 422.

423.     Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 423.

424.     Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 424.

425.     Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 425.

426.     Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 426.

427.     Albertsons admits that it had access to certain data regarding its dispensing of prescription opioids but denies the remaining allegations in Paragraph 427.

428.     Albertsons denies the allegations in Paragraph 428.

429.     Albertsons denies the allegations in Paragraph 429.

**D.     Defendants' Performance Metrics Put Profits Before Safety**

430.     To the extent the allegations in Paragraph 430 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

431.    The allegations in Paragraph 431 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. Albertsons further states that former DEA diversion investigator Demetra Ashley's testimony speaks for itself, and Albertsons denies any attempt to characterize it out of context.

432.    Paragraph 432 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

433.    Paragraph 433 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

434.    Paragraph 434 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

435.    Paragraph 435 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

436.    The allegations in Paragraph 436 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

437.    To the extent the allegations in Paragraph 437 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

438.     Paragraph 438 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

439.     Paragraph 439 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

440.     Paragraph 440 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

441.     Paragraph 441 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

442.     Paragraph 442 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

443.     Paragraph 443 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

444.     Paragraph 444 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

445.     Paragraph 445 pertains to Defendants CVS and Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

63

446.    Paragraph 446 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

447.    Paragraph 447 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

448.    Paragraph 448 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

449.    Paragraph 449 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

450.    Paragraph 450 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

451.    Paragraph 451 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

452.    Paragraph 452 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

453.    To the extent the allegations in Paragraph 453 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

454.    To the extent the allegations in Paragraph 454 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

455.    The document quoted in Paragraph 455 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

456.    The resolution referred to and quoted in Paragraph 456 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

457.    The article referred to and quoted in Paragraph 457 speaks for itself, and Albertsons denies any attempt to characterize it out of context.  To the extent the allegations in Paragraph 457 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

458.    Paragraph 458 pertains to Defendants Walmart and Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

459.    The article and report referred to and quoted in Paragraph 459 speak for themselves, and Albertsons denies any attempt to characterize them out of context.  Answering further, Albertsons denies that the quoted statements pertain to Albertsons.

460.    The statement referred to and quoted in Paragraph 460 speaks for itself, and Albertsons denies any attempt to characterize it out of context.  To the extent the allegations in Paragraph 460 are directed at Albertsons, Albertsons denies the allegations.  To the extent the

allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

461.    The article referred to in Paragraph 461 speaks for itself, and Albertsons denies any attempt to characterize it out of context.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 461 and therefore denies them.

462.    Paragraph 462 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

463.    Paragraph 463 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

464.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 464 and therefore denies the allegations. Further, the allegations in Paragraph 464 purport to rely on a survey report from the Ohio Board of Pharmacy. Albertsons states that the survey report speaks for itself and denies any attempt to characterize it out of context.

465.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 465 and therefore denies the allegations. The allegations in Paragraph 465 purport to rely on a survey report from the Ohio Board of Pharmacy.  Albertsons states that the survey report speaks for itself and denies any attempt to characterize it out of context.

466.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 466 and therefore denies the allegations.

467.    Paragraph 467 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

468.    Paragraph 468 pertains to Defendant Kroger. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**E.    Defendants Worked Together to Increase Their Profits and Lobbied Against Restrictions on Opioid Use and DEA Enforcement**

469.    To the extent to allegations in Paragraph 469 are directed at Albertsons, Albertsons denies them. To the extent the allegations are directed at other defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

470.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 470 and therefore denies the allegations.

> To follow up from last week's Pain Care Forum meeting, NACDS is interested in organizing a Task Force to respond to efforts to reschedule combination hydrocodone products into Schedule II. At a minimum, NACDS would like to organize to prepare for the October FDA hearing on this topic, but also would like to be prepared for any additional legislation that may be considered.
>
> NACDS has scheduled a conference call to organize the Task Force on July 26 at 10:30 a.m.  The conference call number is:  888-450-5996, pass code: 608936#.  Please email Kevin Nicholson at knicholson@nacds.org  if you are interested in joining the Task Force but have a conflict for that time.
>
> Kevin N. Nicholson, R.Ph., J.D.
> Government Affairs and Public Policy
> National Association of Chain Drug Stores
> Tel: 703-837-4183

Manufacturers' participation in Defendants' trade groups as a means to effectuate favorable policies is clear when evaluated in the context of how Defendants and other stakeholders viewed the DEA's attempts to curb the opioid epidemic.

I wanted to say hello and I'm sorry that DEA is being so aggressive with this Suspicious Orders stuff.

I heard about your Lakeland, Florida distribution center effective next Monday. They're not going after your Jackson, MS distribution center, are they?

I wish there was something I could do to help in this situation  -  we are all in the same boat.

Best regards,

Jack

Jack Crowley
Executive Director
CSA Compliance
Purdue Pharma L.P.
One Stamford Forum
Stamford, CT 06901
203-588-8613 (w)
203-273-2656 (c)

471.    To the extent the allegations in Paragraph 471 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

472.    To the extent the allegations in Paragraph 472 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

473.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 473 and therefore denies the allegations.

474.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 474 and therefore denies the allegations.

475. Paragraph 475 pertains to CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 499 and therefore denies the allegations.

476. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 476 and therefore denies the allegations.

477. To the extent the allegations in Paragraph 477 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

478. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 478 and therefore denies the allegations.

479. Albertsons denies that it is a member of the HDA and, to the extent the allegations in Paragraph 479 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

480. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 480 and therefore denies the allegations.

481. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 481 and therefore denies the allegations.

482. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 482 and therefore denies the allegations.

483. To the extent the allegations in Paragraph 483 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### F. Defendants Also Entered into Joint Ventures that Further Undermined their Outside Vendors' Incentive to Conduct Due Diligence, While Increasing their Own Access to Information.

484. To the extent the allegations in Paragraph 484 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

485. Paragraph 485 pertains to Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

486. The merger between Walgreens and AmerisourceBergen had begun in 2012, when the two formed Walgreens Boots Alliance Development, a joint venture based in Switzerland. AmerisourceBergen was described as being able to gain from Walgreens's "purchasing synergies," through the companies' relationship.

Paragraph 486 pertains to Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

487. Paragraph 487 pertains to CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

488. Paragraph 488 pertains to CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

489. Paragraph 489 pertains to other Defendants.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

G.    **Defendants Worked with Opioid Manufacturers to Promote Opioids and Improperly Normalize Their Widespread Use**

490.    To the extent the allegations in Paragraph 490 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

491.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 491 and therefore denies the allegations.

492.    To the extent the allegations in Paragraph 492 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

493.    To the extent the allegations in Paragraph 493 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

494.    To the extent the allegations in Paragraph 494 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

495.    Paragraph 495 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

496. Paragraph 496 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

497. Paragraph 497 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

498. Paragraph 498 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

499. Paragraph 499 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

500. Paragraph 500 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

501. Paragraph 501 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

502. Paragraph 502 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

503. Paragraph 503 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

504.     Paragraph 504 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

505.     Paragraph 505 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

506.     Paragraph 506 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

507.     Paragraph 507 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

508.     Paragraph 508 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

509.     Paragraph 509 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

510.     Paragraph 510 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

511.     Paragraph 511 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

512.     Paragraph 512 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

513.     Paragraph 513 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

In fact, Purdue leveraged its relationship with Walgreens and their mutually beneficial goal of growing the opioid business to ensure that Purdue had input into Walgreens "***corporate guidelines***" to which Walgreens pharmacists were "expected to follow" when it came to the dispensing of prescription opioids.

514.     Paragraph 514 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

515.     Paragraph 515 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

516.     Paragraph 516 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

517.     Paragraph 517 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

518.     Paragraph 518 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

519.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 519 and therefore denies the allegations.

520.     Paragraph 520 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

521.     Paragraph 521 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

522.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 522 and therefore denies them.

523.     Paragraph 523 pertains to Defendant Kroger. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

524.     Paragraph 524 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

525.     To the extent the allegations in Paragraph 525 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

526.     To the extent the allegations in Paragraph 526 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

527.     To the extent the allegations in Paragraph 527 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

528.     To the extent the allegations in Paragraph 528 are directed at Albertsons, Albertsons denies the allegations.   To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**H.      Defendants Delayed a Response to the Opioid Crisis by Pretending to Cooperate with Law Enforcement**

529.     Albertsons admits that illegal diversion of opioids may contribute to opioid-related overdoses but denies the remaining allegations in Paragraph 529.  Albertsons further denies that any act or omission of Albertsons has caused or contributed to the illegal diversion of controlled substances.

530.     To the extent the allegations in Paragraph 530 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

531.     Paragraph 531 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

532.     Paragraph 532 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

533.     Paragraph 533 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

534.     Paragraph 534 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

535.     Paragraph 535 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

536.     Paragraph 536 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

537.     Paragraph 537 pertains to Defendant Walgreens. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

538.     Paragraph 538 pertains to Defendant CVS. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

539.     Paragraph 539 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

540.     Paragraph 540 pertains to Defendant Walmart. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

541.     Paragraph 541 pertains to Defendant Kroger. As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

542.     To the extent the allegations in Paragraph 542 are directed at Albertsons, Albertsons denies the allegations. Albertsons further denies that statements made by trade associations can be attributable to Albertsons.   To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

543.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 543 and therefore denies the allegations.

544.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 544 and therefore denies the allegations.

545.     To the extent the allegations in Paragraph 545 are directed at Albertsons, Albertsons denies the allegations. Albertsons further denies that statements made by trade associations can be attributable to Albertsons.   To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**I.**      **Multiple Enforcement Actions Against the Chain Pharmacies Confirm Their Compliance Failures**

546.     To the extent the allegations in Paragraph 546 are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

1.    **CVS**

547.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

548.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

549.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

550.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

551.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

552.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

553.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

554.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

555.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

556.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

557.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

558.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

559.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

560.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

561.    The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

562.     The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

563.     The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

564.     The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

565.     The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

566.     The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

567.     The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

568.     The allegations in Paragraphs 547 through 568 pertain to Defendant CVS.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

2.    **Walgreens**

569.    The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

570.    The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

571.    The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

572.    The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

573.    The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

574.    The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

575.    The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

576.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

577.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

578.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

579.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

580.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

581.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

582.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

583.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

584.     The allegations in Paragraphs 569 through 584 pertain to Defendant Walgreens.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### 3.     Walmart

585.     The allegations in Paragraphs 585 through 587 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

586.     The allegations in Paragraphs 585 through 587 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

587.     The allegations in Paragraphs 585 through 587 pertain to Defendant Walmart.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### 4.     Kroger

588.     The allegations in Paragraph 588 pertain to Defendant Kroger.  As such, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### 5.     Albertsons

589.     Albertsons admits the allegations in Paragraph 589.

590.     Albertsons admits it agreed to pay $3 million in a settlement with the Department of Justice to settle a 2014 investigation regarding Safeway's record-keeping and reporting requirements related to the theft or significant loss of controlled substances during the period of May 2009 through May 2014, but Albertsons denies Plaintiff's characterization of the settlement and the remaining allegations in Paragraph 590.  Albertsons further states that it completed its

merger with Safeway in January 2015 and denies that the DEA or DOJ alleged ongoing violations beyond May 2014.

591.     Albertsons admits it agreed to a settlement with the DOJ for $1 million in January 2020 but denies Plaintiff's characterization of the settlement and the remaining allegations in Paragraph 591. Answering further, the document purportedly quoted in Paragraph speaks for itself, and Albertsons denies any characterization of the document out of context.

**J.      The Opioids the Defendants Sold Migrated into Other Jurisdictions**

592.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 592 and therefore denies the allegations.

593.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 593 and therefore denies the allegations.

594.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 594 and therefore denies the allegations.

595.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 595 and therefore denies the allegations.

596.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 596 and therefore denies the allegations.

597.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 597 and therefore denies the allegations.

598.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 598 and therefore denies the allegations.

599.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 599 and therefore denies the allegations.

600.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 600 and therefore denies the allegations.

601.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 601 and therefore denies the allegations.

602.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 602 and therefore denies the allegations.

603.    To the extent the allegations in Paragraph 603 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**K.    The Defendants Conspired to Engage In The Wrongful Conduct Complained Of Herein and Intended To Benefit Both Independently and Jointly From Their Conspiracy.**

604.    To the extent the allegations in Paragraph 604 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

605.    To the extent the allegations in Paragraph 605 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

606.    To the extent the allegations in Paragraph 606 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

607.     To the extent the allegations in Paragraph 607 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

608.     To the extent the allegations in Paragraph 608 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

609.     To the extent the allegations in Paragraph 609 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

610.     To the extent the allegations in Paragraph 610 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## II.     New Mexico-Specific Facts

### A.     Defendants Breached Their Duties in New Mexico

611.     Albertsons admits that, for a limited time, it distributed prescription opioids to its company-owned pharmacies in New Mexico and that its pharmacies dispensed prescription opioids to patients pursuant to prescriptions.  Albertsons denies the remaining allegations in Paragraph 611 to the extent they are directed at Albertsons. To the extent the allegations are

87

directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

612.    The allegations in Paragraph 612 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

613.    The allegations in Paragraph 613 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

614.    The allegations in Paragraph 614 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons agrees that some of the circumstances alleged in Paragraph 614 may be relevant to a pharmacist's evaluation of a prescription and may result in a conclusion that the prescription should not be filled.  Albertsons denies the remaining allegations in Paragraph 614.

615.    To the extent the allegations in Paragraph 615 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

616.    The allegations in Paragraph 616 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.

617.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 617 and therefore denies the allegations.

618.    To the extent the allegations in Paragraph 618 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

619.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Answering further, to the extent the allegations in final sentence of Paragraph 619 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

620.    To the extent the allegations in Paragraph 620 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

621.    The allegations in first sentence of Paragraph 621 state legal conclusions to which no response is required. To the extent a response is required and to the extent the allegations are directed at Albertsons, Albertsons denies the allegations.  To the extent the remaining allegations in Paragraph 621 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in Paragraph 621 are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

622.    To the extent the allegations in Paragraph 622 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**B.**    **The Devastating Effect of the Opioid Epidemic in New Mexico**

623.    To the extent the allegations in Paragraph 623 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

624.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 624 and therefore denies them. Answering further, the report referred to in Paragraph 624 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

625.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 625 and therefore denies them.

626.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 626 and therefore denies them.

627.     To the extent the allegations in Paragraph 627 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

628.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 628 and therefore denies them.

629.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 629 and therefore denies them.

630.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 630 and therefore denies them.

631.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 631 and therefore denies them.  Answering further, the data referred to in Paragraph 631 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

632.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 632 and therefore denies them.  Answering further, the data referred to in Paragraph 632 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

633.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 633 and therefore denies them.

634.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 634 and therefore denies them.

C.     **Facts Specific to the County**

635.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 635 and therefore denies them.

636.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 636 and therefore denies them.

637.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 637 and therefore denies them.

638.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 638 and therefore denies them.

639.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 639 and therefore denies them.

640.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 640 and therefore denies them.

641.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 641 and therefore denies them.

### III. Statutes Of Limitations Are Tolled and Defendants Are Estopped From Asserting Statutes Of Limitations As Defenses.

#### A. Continuing Conduct

642.    To the extent the allegations in Paragraph 642 are directed at Albertsons, Albertsons denies the allegations and further denies that any act or omission of Albertsons was unlawful or caused the County to suffer harm, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

643.    To the extent the allegations in Paragraph 643 are directed at Albertsons, Albertsons denies the allegations and further denies that any act or omission of Albertsons was unlawful or caused the County to suffer harm, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

#### B. Equitable Estoppel and Fraudulent Concealment

644.    The allegations in Paragraph 644 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

645.    To the extent the allegations in Paragraph 645 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

646.    To the extent the allegations in Paragraph 646 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other

Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

647.    To the extent the allegations in Paragraph 647 are directed at Albertsons, Albertsons denies the allegations.  Further, Albertsons denies that it engaged in any misconduct, as alleged or at all.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

648.    To the extent the allegations in Paragraph 648 are directed at Albertsons, Albertsons denies the allegations.  Further, Albertsons denies that any act or omission of Albertsons constitutes wrongful conduct, as alleged or at all.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## CAUSES OF ACTION

649.    In response to the allegations in Paragraph 649, Albertsons incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

650.    Paragraph 650 incorporates by reference Plaintiff's causes of action alleged in its original complaints, and reserves rights to revise and amend those causes of actions; thus no response is required.  To the extent a response is required, Albertsons denies the allegations incorporated by reference.

651.    Paragraph 651 describes the filing of the Supplemental and Amended to Allegations to be Added to the Short Form filed in accordance with the MDL Court's March 11, 2021 Order and asserts no factual allegations.  As such, no response is required.

652.    Paragraph 652 describes Plaintiff's intent to proceed with its public nuisance claim under the Court's order and asserts no factual allegations. As such, no response is required.

**FOURTH CLAIM FOR RELIEF**
Statutory Public Nuisance
(Supplemental Allegations Against Chain Pharmacy Defendants)

653.    In response to Paragraph 653, Albertsons incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

654.    The allegations in Paragraph 654 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  Answering further, the statute referred to and quoted in Paragraph 654 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

655.    To the extent the allegations in Paragraph 655 are directed at Albertsons, Albertsons denies the allegations.  Further, Albertsons denies that it engaged in any unlawful, unreasonable, or improper conduct, as alleged or at all.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

656.    The allegations in Paragraph 656 state legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations.  Answering further, the statute referred to and quoted in Paragraph 656 speaks for itself, and Albertsons denies any attempt to characterize it out of context.

657.    Albertsons admits only that it dispenses prescriptions drugs, including opioids, to patients pursuant to prescriptions.  Albertsons further admits that, for a limited time, it distributed prescription drugs to company-owned pharmacies.  To the extent the remaining allegations in Paragraph 657 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

658.     Albertsons admits only that it dispenses prescription opioids to patients pursuant to prescriptions in Santa Fe County. Albertsons further admits that, for a limited time, it distributed prescription drugs to company-owned pharmacies. To the extent the allegations in Paragraph 658 are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

659.     Albertsons admits that, in addition to the intention to provide a valuable service to its customers, it intended to earn a profit from dispensing prescription medications, including prescription opioids, but Albertsons denies the remaining allegations in Paragraph 659. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

660.     The allegations in Paragraph 660, with the use of the phrase "had control over," are too vague to allow for a meaningful response. To the extent a response is required, Albertsons denies the allegations in Paragraph 660. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

661.     Albertsons admits that it gathered certain data about its dispensing and internal distribution of prescription medications, including opioids in Santa Fe County. Albertsons denies the remaining allegations in Paragraph 661. To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

662.     The allegations in Paragraph 662 state legal conclusions to which no response is required. To the extent a response is required and to the extent the allegations are directed at Albertsons, Albertsons denies the allegations. To the extent the allegations in this paragraph are

directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

663.     To the extent the allegations in Paragraph 663 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a believe as to the truth of the allegations and therefore denies them.

664.     The allegations in Paragraph 664 state legal conclusions to which no response is required. To the extent a response is required and to the extent the allegations are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

665.     The allegations in Paragraph 665 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

666.     The allegations in Paragraph 666 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations and further denies that any act or omission of Albertsons created a public nuisance, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

667.     To the extent the allegations in Paragraph 667 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

668.     The allegations in Paragraph 668 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the

allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

669.     To the extent the allegations in Paragraph 669 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

670.     The allegations in Paragraph 670 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  Specifically, Albertsons denies that any act or omission of Albertsons was unlawful or created a public nuisance, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

671.     The allegations in Paragraph 671 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

672.     The allegations in Paragraph 672 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

673.     In response to allegation 673, Albertsons denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all.

## NINTH CLAIM FOR RELIEF
Common Law Public Nuisance
(Supplemental Allegations Against Chain Pharmacy Defendants)

674.   In response to Paragraph 674, Albertsons incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

675.   The allegations in Paragraph 675 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

676.   To the extent the allegations in Paragraph 676 are directed at Albertsons, Albertsons denies the allegations.  Further, Albertsons denies that it engaged in any unlawful, unreasonable, or improper conduct, as alleged or at all.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

677.   To the extent the allegations in Paragraph 677 are directed at Albertsons, Albertsons denies the allegations.  Further, Albertsons denies that it engaged in any unlawful, unreasonable, or improper conduct, as alleged or at all.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

678.   Albertsons admits only that it dispenses prescriptions drugs, including opioids, to patients pursuant to prescriptions.  Albertsons further admits that, for a limited time, it distributed prescription drugs to company-owned pharmacies.  To the extent the remaining allegations in Paragraph 678 in are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

679.    Albertsons admits only that it dispenses prescription opioids to patients pursuant to prescriptions in Santa Fe County.  Albertsons further admits that, for a limited time, it distributed prescription drugs to company-owned pharmacies.  To the extent the allegations in Paragraph 679 are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

680.    Albertsons admits that, in addition to the intention to provide a valuable service to its customers, it intended to earn a profit from dispensing prescription medications, including prescription opioids, but Albertsons denies the remaining allegations in Paragraph 680.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

681.    The allegations in Paragraph 681, with the use of the phrase "had control over," are too vague to allow for a meaningful response.  To the extent a response is required, Albertsons denies the allegations in Paragraph 681.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

682.    Albertsons admits that it gathered certain data about its dispensing and internal distribution of prescription medications, including opioids in Santa Fe County.  Albertsons denies the remaining allegations in Paragraph 682.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

683.    The allegations in Paragraph 683 state legal conclusions to which no response is required. To the extent a response is required and to the extent the allegations are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are

directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

684.     To the extent the allegations in Paragraph 684 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a believe as to the truth of the allegations and therefore denies them.

685.     The allegations in Paragraph 685 state legal conclusions to which no response is required. To the extent a response is required and to the extent the allegations are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations in this paragraph are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

686.     The allegations in Paragraph 686 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.

687.     The allegations in Paragraph 687 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies that any act or omission of Albertsons created a public nuisance, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

688.     To the extent the allegations in Paragraph 688 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

689.     The allegations in Paragraph 689 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the

allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

690.    To the extent the allegations in Paragraph 690 are directed at Albertsons, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

691.    The allegations in Paragraph 691 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  Further, Albertsons denies that any act or omission of Albertsons was unlawful or created a public nuisance, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

692.    The allegations in Paragraph 692 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  Further, Albertsons denies that any act or omission of Albertsons was unlawful or created a public nuisance, as alleged or at all.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

693.    The allegations in Paragraph 693 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

694.    The allegations in Paragraph 694 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations.  To the extent the

allegations are directed at other Defendants, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

695.    In response to allegation 695, Albertsons denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all.

## PRAYER FOR RELIEF

696.    In response to allegation 696, Albertsons denies the allegations and further denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all.

## JURY DEMAND

697.    Paragraph 697 is a jury demand to which a response is not required.

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations of Plaintiff's Complaint, and having denied any liability whatsoever, Albertsons further denies any allegations that have not been expressly admitted and sets for below in its defenses.  By setting forth these defenses, Albertsons does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, Albertsons does not intend these defenses to be, nor shall they be construed as, an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.  Albertsons does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense.  Upon completion of discovery, if the facts warrant, Albertsons may withdraw any of these defenses as may be appropriate.  Albertsons reserves the right (i) to rely on any other applicable defenses set forth in any Answer or listing of affirmative defenses of any other Defendant in this Action; (ii) to rely on any other defenses that may become apparent during fact or expert discovery in this matter; and (iii) to amend its Answer to assert any such defenses.  Further, pursuant to the Court's August 17, 2021 Stipulated Order,

the defenses stated below relate only to the claims asserted in Plaintiff's Supplemental and Amended Allegations to be Added to "Short Form for Supplementing Complaint and Amending Defendants and Jury Demand." (*See* August 17, 2021 Stipulated Order at ¶¶ 4-9, ECF No. 3853, Case No. 1:17-md-2804.)  Albertsons reserves the right to amend its Answer to assert additional defenses to Plaintiff's claims that are currently bifurcated and stayed.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff lacks standing to bring all or some of its claims.

### FIFTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

### SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

### SEVENTH DEFENSE

Plaintiff's claims are not ripe and/or have been mooted.

### EIGHTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

**NINTH DEFENSE**

Plaintiff's claims and damages are barred or limited, in whole or in part, by the political question and separation of powers doctrine and because its state-law claims implicate issues of statewide importance that are reserved for state regulation.

**TENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies or to satisfy other procedural prerequisites.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

**FOURTEENTH DEFENSE**

Plaintiff has failed to join all necessary parties, including without limitation health care providers, prescribers, patients, and other third parties whom Plaintiff alleges engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

**FIFTEENTH DEFENSE**

Plaintiff cannot obtain relief on its claims based on actions undertaken by Albertsons of which Albertsons provided notice of all material facts.

**SIXTEENTH DEFENSE**

Plaintiff's claims against Albertsons do not arise out of the same transactions or occurrences as its claims against other Defendants, as required for joinder of parties.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent they relate to Albertsons alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of New Mexico or that of any other state whose laws may apply.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they violate the Due Process or Ex Post Facto clauses of the United States or the Constitution of the State of New Mexico.

## NINETEENTH DEFENSE

Albertsons' rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they violate the Dormant Commerce Clause of the United States Constitution.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the acts of other persons (including individuals engaged in the illegal distribution or use of opioids without a proper prescription) intervened between and alleged acts of Albertsons and Plaintiff's harms.  Albertsons had no legal duty to protect Plaintiff from the intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

**TWENTY-SECOND DEFENSE**

Plaintiff's injuries and damages, if any, were due to misuse, illicit use, or abuse of the medications at issue on the part of the medication users, for which Albertsons is not liable.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred to the extent any alleged injuries and/or damages sustained by Plaintiff were caused or contributed to by the actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Albertsons had no control or right of control and for whom it is not responsible.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable and uncontrollable forces over which Albertsons had no control and for which Albertsons is not responsible, including without limitation pre-existing or unrelated medical conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any and all damages alleged by Plaintiff were caused by misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties over whom Albertsons had no control, for whom Albertsons are not responsible, and that operated as superseding causes that extinguish any liability.

**TWENTY-SIXTH DEFENSE**

Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of

New Mexico citizens to reimburse any expenses for health care, pharmaceutical care, and/or other public services.

## TWENTY-EIGHTH DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of "fraud on the DEA" with respect to Albertsons compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman v. Plaintiff's Legal Comm'n,* 531 U.S. 341 (2001).

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## THIRTIETH DEFENSE

If Plaintiff incurred the damages alleged, which is expressly denied, Albertsons is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. § 262), as

amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

### THIRTY-THIRD DEFENSE

Albertsons did not owe or breach any statutory or common law duty to Plaintiff.

### THIRTY-FOURTH DEFENSE

Albertsons appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Albertsons complied at all relevant times with all applicable laws, including all legal and regulatory duties.

### THIRTY-SIXTH DEFENSE

To the extent Plaintiff relies on letters or other informal guidance from the DEA to establish Albertsons' regulatory duties, such informal guidance cannot enlarge Albertsons' regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

### THIRTY-SEVENTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts:  Products Liability § 6.

## THIRTY-EIGHTH DEFENSE

To the extent Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.  *See* Fed. R. Civ. P. 9(b).

## THIRTY-NINTH DEFENSE

Plaintiff's nuisance claims are barred to the extent they lack the statutory authority to bring a nuisance claim under New Mexico law or their own applicable county or municipal codes or regulations.

## FORTIETH DEFENSE

Plaintiff's claim of public nuisance is barred or limited because no action of Albertsons involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Albertsons is too remote from the alleged injury as a matter of law and due process.

## FORTY-FIRST DEFENSE

Plaintiff's nuisance claims are barred because they are not brought solely in the District Court of the County in which the public nuisance is alleged to exist.  *See* NMSA, 1978 § 30-8-8(B).

## FORTY-SECOND DEFENSE

Plaintiff's public nuisance claims are barred because Plaintiff lacks standing to sue as the opioid distribution issues have been placed within the special competence of administrative agency(ies) which have primary jurisdiction over these issues and the Plaintiff has not referred their claims to those agencies for resolution.  *See generally, State ex rel. Norvell v. Arizona Public Service Co.*, 1973-NMSC-051, 85 N.M. 165, 510 P.2d 98 (1973).

109

### FORTY-THIRD DEFENSE

Plaintiff's public nuisance claim is barred because it has not been brought as a verified complaint.  *See* NMSA, § 1978 30-8-85(B).

### FORTY-FOURTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable New Mexico statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### FORTY-FIFTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited to the extent Albertsons is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

### FORTY-SIXTH DEFENSE

Albertsons liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Albertsons is entitled to complete indemnity, express or implied, by other parties.

### FORTY-SEVENTH DEFENSE

The alleged injuries and damages asserted by Plaintiff are too remote and/or speculative from the alleged conduct of Albertsons to be a basis for liability as a matter of law and due process and derive solely from the claims of others.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by Albertsons in determining to use or prescribe the subject prescription medications.

### FORTY-NINTH DEFENSE

Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

### FIFTIETH DEFENSE

Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

### FIFTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

### FIFTY-SECOND DEFENSE

To the extent Plaintiff seeks relief for Albertsons conduct occurring before enactment of the applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

### FIFTY-THIRD DEFENSE

Albertsons is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of New Mexico or any other state whose substantive law might control the action.

### FIFTY-FOURTH DEFENSE

Albertsons asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or New Mexico Rules of Civil Procedure 1-008.C and 1-012.B, as investigation and discovery proceeds.

### FIFTY-FIFTH DEFENSE

Albertsons adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## JURY DEMAND

Albertsons hereby requests trial by jury of twelve (12) as to all issues or claims triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Albertsons prays for relief from judgment from Plaintiff as follows:

1.  Plaintiff take nothing by reason of this Complaint;

2.  Albertsons recovers its costs and attorneys' fees incurred herein; and

3.  For such further and other relief as the Court deems proper.


Dated:  December 16, 2021                    Respectfully Submitted,

By:     */s/ Michael E. Jacobs*
        Michael E. Jacobs
        Hinkle Shanor, LLP
        218 Montezuma Avenue
        Santa Fe, NM  87501
        Tel: (505) 982-4554
        Fax: (505) 982-8623
        mjacobs@hinklelawfirm.com

        Francis A. Citera
        Gretchen N. Miller
        Michele Stocker
        Greenberg Traurig, LLP
        77 W. Wacker Drive, Suite 3100
        Chicago, IL  60601
        Tel: (312) 456-8400
        Fax: (312) 456-8435
        citeraf@gtlaw.com
        millerg@gtlaw.com
        stockerm@gtlaw.com

        *Counsel for Albertsons*

**<u>CERTIFICATE OF SERVICE</u>**

I, Michael Jacobs, an attorney, certify that I caused a copy of the foregoing Answer and Affirmative Defenses to Plaintiff Board of County Commissioners of the County of Santa Fe's Supplemental and Amended Allegations to be added to "Short Form for Supplementing Complaint and Amending Defendants and Jury Demand" to be served upon the parties of record using the CM/ECF system which will send notification of such filing on this 16th day of December, 2021.

*/s/ Michael E. Jacobs*
Michael E. Jacobs