# EXHIBIT A

**Beisell, Patrick J.**

| | |
|---|---|
| **From:** | owner-ext-track3defendants@groups.jonesday.com on behalf of Peter H. Weinberger <PWeinberger@spanglaw.com> |
| **Sent:** | Saturday, October 30, 2021 3:47 PM |
| **To:** | Dan Polster; David R. Cohen |
| **Cc:** | EXT Track3Defendants; MDL2804discovery@motleyrice.com |
| **Subject:** | Defendants' Rule 50 Motions re Distribution Conduct |

** External mail **

Dear Judge Polster and SM Cohen:

After careful consideration of a number of factors (including the court's time limits for presentation of this trial), Plaintiffs have decided to seek nuisance liability in this trial based **solely** on Defendants' dispensing conduct, and **not** on Defendants' distribution conduct.  Although Plaintiffs do not concede that any of Defendants' legal or evidentiary arguments regarding distribution in their oral and written Rule 50 motions have merit, Plaintiffs agree not to oppose those motions **as to distribution only**. Plaintiffs do oppose Defendants' Rule 50 motions on all other grounds, and will be filing written responses.  Given that Defendants filed four separate motions (totaling ~88 pages) just last night (after previously indicating that they would not be filing their motions for a week or more), Plaintiffs request that they be given until Wednesday, November 10, to file their responses.

Plaintiffs also request that the court consider the following instruction to the jury to be given on Monday.  "In this case plaintiffs presented evidence on the defendants' conduct as distributors.  Due to a number of factors, including the time limitations which I have imposed on the parties for the presentation of evidence for this trial, the plaintiffs have decided to go forward in this trial solely with respect to the defendants' conduct as dispensers."

With the removal of the distribution claims in this case coupled with the removal of Giant Eagle as a party, both of which inure to the defendants' tactical advantage, plaintiffs respectfully request that the defendants be required to provide plaintiffs with a more definite lineup of their witnesses through the end of the trial.  As discussed on Friday morning, plaintiff have limited time remaining for cross examination despite the fact that plaintiffs presented their case in chief in

the most time efficient manner possible.   If the defendants continue to oppose plaintiffs' request for additional time, defendants should at least be required to tell plaintiffs definitively who their witnesses will be in their cases in chief so that plaintiffs can judge accordingly how to use our remaining time.   In that regard, plaintiffs were extremely forthcoming from the beginning of this case in laying out in detail for the defendants who we intended to call as witnesses including the decision not to call Dr. Cutler as a witness.  This allowed the defendants to not only know exactly who the lineup of witnesses would be and when they would testify  so that they could prepare for cross examination but it also allowed them the advantage of judging their time in advance of the presentations.  We ask for the same courtesy.

Pete and Mark


Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***