# PSJ1 Exh 24

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: *Track Three Cases* | ) ) ) ) | Case No. 1:17-md-2804 Judge Dan A. Polster |

## GIANT EAGLE INC.'S ANSWERS AND OBJECTIONS TO TOPIC NOS. 3-9 IN PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) TO DEFENDANT GIANT EAGLE

Pursuant to Federal Rule of Civil Procedure 26, 30, and 34, Defendant Giant Eagle, Inc. ("Giant Eagle") serves these Responses and Objections to Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34.

## RESERVATION OF RIGHTS

1. Giant Eagle's investigation and discovery are ongoing as to all matters referred to in these Responses and Objections to Notice of Deposition. Giant Eagle reserves the right to modify and supplement its Responses and Objections as appropriate. Giant Eagle specifically reserves the right to modify these Responses and Objections should Judge Polster conclude that the distribution of Schedule III opioids that were later reclassified as Schedule II opioids is not relevant to the Track Three Cases. *See infra*.

2. These Responses and Objections are made without in any way waiving or intending to waive (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information or documents provided or produced in response to the Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30 (b)(2) and Rule 34 (the "Notice"); (ii) the right to object on any ground to the use of the information or documents produced in response to the Notice at any hearings or at trial; (iii) the right to object

A1542909.1

1

**III.    ANSWERS AND INDIVIDUAL OBJECTIONS TO TOPIC NOS. 3-9 IN PLAINTIFFS' SUBJECT MATTERS FOR TESTIMONY**

3.   In lieu of a written response to General Topic No. 10, offer to provide in writing performance metrics in place at Giant Eagle to evaluate pharmacist performance and compensation with respect to dispensing, including, but not limited to, pharmacy performance metrics to the extent they are considered as part of pharmacist performance and compensation throughout the relevant period.  Written response will also include, for the relevant CII opioids and Cocktail drugs, the identification of methods Giant Eagle used to collect, record, and maintain data used in those performance metrics.

**RESPONSE:**

Giant Eagle incorporates its General Objections, Objections to Definitions and Instructions, and Objections to Relevant Time Period in their entirety into this response.  Giant Eagle objects that this topic is overbroad and unduly burdensome due to its potentially technical nature and because it seeks information without reasonable temporal or geographic restrictions.  Giant Eagle also objects that this topic implicates information and testimony completely unrelated to the dispensing or distribution of Schedule II Opioids and seeks a degree of specificity that is unduly burdensome and unreasonable.  A party is not required to have its counsel muster all of the factual evidence to prepare an answer or witness's testimony.  Giant Eagle further objects that the terms "performance metrics," "pharmacist performance," "compensation," "methods," and "collect, record, and maintain data" are vague, ambiguous, and lacking reasonable particularity.  Giant Eagle also objects to the extent that this topic is repetitive of issues about which Giant Eagle testified in its Track One 30(b)(6) deposition.  Pursuant to the Track Three Case Management Order (Dkt. No. 3329), "30(b)(6) depositions may not be repetitive of 30(b)(6) (or the equivalent) depositions of Defendants taken in other MDL or New York opioid litigation."  Giant Eagle will not prepare a 30(b)(6) witness or answer regarding policies, procedures, materials, practices, or other issues that are repetitive of Giant Eagle's 30(b)(6) deposition in Track One.  Giant Eagle states that it interprets this request to seek a non-technical answer.  Giant Eagle further objects that

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

this Subject, contained within a Notice titled "CT3 Document 30(b)(6) Notice," is outside the scope of "Document" Subjects permitted by the Track Three Case Management Order. That Order allows for one 30(b)(6) deposition "regarding document production" and one 30(b)(6) deposition "regarding other topics." Plaintiffs separately noticed a 30(b)(6) deposition on topics unrelated to Giant Eagle's document production in its "CT3 General 30(b)(6) Notice."

Subject to and without waiving the foregoing objections, Giant Eagle answers that, during the Subject Period, it had no performance metrics that evaluated individual pharmacists' performance and compensation with respect to dispensing that were considered as part of pharmacist performance and compensation during the relevant period. While Annual Performance Reviews included goals to generally "Increase Profitability," "Increase Sales," and "Increase Script Volume," (or some combination thereof) those goals were assessed based on profitability, sales, and script volume for the entire pharmacy at which the pharmacist worked—they were not based on individual pharmacists' performance. Those pharmacy performance metrics measured a pharmacy's (1) profitability against a direct business line profitability budget target; (2) sales by comparing (i) sales budget, (ii) the number of prescriptions enrolled in medication synchronization and/or adherence programs and (iii) vaccinations against a (i) target sales budget, (ii) target number of prescriptions enrolled in a medication synchronization and/or adherence programs, and (iii) target vaccinations number; and (3) script volume by comparing actual overall script volume against a script volume budget. Throughout the Subject Period, Giant Eagle also used various operational metrics in different years. Those metrics included central fill utilization, time to fill, partial fill percentage targets, and inventory and shrink goals. In all years, these operational factors measured outcomes for the entire store—not individual pharmacists. All of these factors, when utilized, were considered among numerous other performance review factors wholly unrelated to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

dispensing. Further, each pharmacy's dispensing of Schedule II Opioids had a negligible impact on all of these metrics.

Similarly, during the Subject Period, Giant Eagle had performance metrics that evaluated pharmacy performance with respect to dispensing that were considered as part of each year's Pharmacy Bonus Program. Those metrics, and the manner in which they impacted pharmacist compensation during relevant years, are presented in the following documents:

| TITLE | PRODUCTION ID |
|---|---|
| RX Bonus Plan 2012 | HBC_MDL00191129 |
| RX Bonus Plan 2013 | HBC_MDL00191120 |
| RX Bonus Plan 2014 | HBC_MDL00191122 |
| RX Bonus Plan 2015 | HBC_MDL00191127 |
| RX Bonus Plan 2016 | HBC_MDL00191167 |
| RX Bonus Plan 2017 | HBC_MDL00191162 |
| RX Bonus Plan 2018 | HBC_MDL00191178 |
| RX Bonus Plan 2019 | HBC_MDL00191181 |
| RX Bonus Plan 2020 | HBC_MDL00191164 |

As with the aforementioned Annual Performance Review metrics, each pharmacy's dispensing of Schedule II Opioids had a negligible impact on the Pharmacy Bonus Program. All of the data for these metrics were drawn from dispensing data collected by pharmacist into Giant Eagle's dispensing software, which was copied to the Data Warehouse on a daily basis.

4. Plaintiffs will accept in writing the identification of dispensing data that is sold (or otherwise provided) by Giant Eagle to IQVIA, IMS, or other third party data vendors identified following a reasonable search, when such data was sold (or otherwise provided) and any geographic or store variables (i.e., whether Lake and Trumbull County stores differ from other Giant Eagle stores).

A1542909.1

11

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| FIELD NAME | GE SOURCE FIELD |
|---|---|
| FillDate | RX_TRANSACTION_DETAIL.SLS_DTE_TME |
| FillTime | RX_TRANSACTION_DETAIL.SLS_DTE_TME |
| TransactionNumber | RX_TRANSACTION_DETAIL.PDX_NO |
| QuantityDispensed | RX_TRANSACTION_DETAIL.QTY_DSPNSD ** |
| DaysSupply | RX_TRANSACTION_DETAIL.SPLY_DAYS |
| RefillsAuthorized | RX_TRANSACTION_DETAIL.REFILLS_AUTHORIZED |
| RefillsRemaining | RX_TRANSACTION_DETAIL.REFILLS_REMAINING |
| DueDate | RX_TRANSACTION_DETAIL.SLS_DTE_TME + RX_TRANSACTION_DETAIL.SPLY_DAYS |
| PatientHash | |
| SoldDate | RETAIL_PHARMACY_TX.TX_DTE_TME |
| PartialFillCode | RX_TRANSACTION_DETAIL.PARTIAL_FILL_CD |
| PartialFillLinkId | RX_TRANSACTION_DETAIL.RX_NO\|\|RX_TRANSACTION_DETAIL.REFILL_NO |
| IsCentralFill | RX_TRANSACTION_DETAIL.CNTL_FILL_FG |
| CentralFillNPI | |
| AutoFill | RX_TRANSACTION_DETAIL.ROT_FG |
| AutoFillDueDate | RX_TRANSACTION_DETAIL.SLS_DTE_TME + RX_TRANSACTION_DETAIL.SPLY_DAYS - 5 |
| Is340BFill | "N" |

Dated: February 22, 2021     Respectfully submitted,

/s/ Joshua A. Kobrin
Robert M. Barnes
rbarnes@marcus-shapira.com
Joshua A. Kobrin
kobrin@marcus-shapira.com

MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758
*Counsel for Defendant Giant Eagle, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 22, 2021, the foregoing was served via e-mail to the following:

mdl2804discovery@motleyrice.com

ext-track3defendants@groups.jonesday.com

                                                                     */s/ Joshua A. Kobrin*
                                                                     Joshua A. Kobrin, Esq.