# PSJ1 Exh 43

> Note: These Minutes are provided for informational purposes only. If you would like to obtain an official copy of the Minutes, please contact the State Board of Pharmacy at 614-466-4143 for instructions and fee information.

Ohio State Board of Pharmacy   77 South High Street, Room 1702   Columbus, Ohio 43215-6126
telephone: 614-466-4143   fax: 614-752-4836   email: exec@bop.state.oh.us

# Minutes of the November 2-4, 2009 Meeting of the Ohio State Board of Pharmacy

## Monday, November 2, 2009

| | |
|---|---|
| 10:03 a.m. | The Ohio State Board of Pharmacy convened in Room East B, 31st Floor, of the Vern Riffe Center for Government and the Arts, 77 South High Street, Columbus, Ohio, with the following members present: |
| | Elizabeth I. Gregg, R.Ph., *President*; Heather L. Pasquale, R.Ph., *Vice-President*; Donald M. Casar, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; and Jerome J. Wiesenhahn, R.Ph. |
| | Also present were William T. Winsley, *Executive Director*; Timothy Benedict, *Assistant Executive Director*; Mark Keeley, *Legislative Affairs Administrator*; Kyle Parker, *Licensing Administrator*; Chris Reed, *Compliance Supervisor*; David Rowland, *Legal Affairs Administrator*; Danna Droz, *Prescription Drug Monitoring Program Director*; and Tracy Greuel, *Assistant Attorney General*. |
| 10:03 a.m. | Mr. Casar moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code and to confer with an attorney for the Board regarding pending or imminent court action pursuant to Section 121.22(G)(3) of the Ohio Revised Code. The motion was seconded by Mr. Wiesenhahn and a roll-call vote was conducted by President Gregg as follows: Casar – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*. |
| 11:34 a.m. | The Executive Session ended and the meeting was opened to the public. |
| R-2010-064 | Ms. Pasquale moved that the settlement offer in the matter of **Justin Allen Bracken**, R.Ph. (03-2-26310) Canton, Ohio, be denied. The motion was seconded by Ms. Lange and approved by the Board: *Aye* – 5; *Abstained* – Casar. |
| R-2010-065 | Mr. Casar moved that the settlement offer in the matter of **Brian Lee Martin**, R.Ph. (03-3-25201) Morgantown, Ohio, be denied. The motion was seconded by Mr. Joyce and approved by the Board: *Aye* – 4; *Nay* – 2. |
| R-2010-066 | Ms. Lange moved that a settlement offer in the matter of **J. Todd Kata**, R.Ph. (03-1-17211) Hubbard, Ohio, be denied and that a counter offer be tendered, as amended by the Board. The Board's acceptance of a settlement would be contingent on the respondent's agreeing to the changes made by the Board. The motion was seconded by Mr. Wiesenhahn and approved by the Board: *Aye* – 4; *Nay* – 2. |
| 11:40 a.m. | The Board recessed briefly. |
| R-2010-067 | Mr. Keeley presented a request from **The Collaborative Education Institute** and **Drug Store News** for approval of their immunization training program. Mr. Kolezynski moved that the request be approved; the motion was seconded by Mr. Casar, and approved by the Board: *Aye* – 6. |

|  |  |
|---|---|
|  | of the Ohio Revised Code. The motion was seconded by Mr. Gahm and a roll-call vote was conducted by President Gregg as follows: Gahm – *yes*; Joyce – *yes*; Kolezynski – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes*. |
| 5:01 p.m. | The Executive Session ended and the meeting was opened to the public. |
| 5:02 p.m.<br>R-2010-072 | After votes were taken in public session, the Board adopted the following order in the matter of **Justin Allen Bracken**, R.Ph. (03-2-26310) Canton, Ohio. |

## ORDER OF THE STATE BOARD OF PHARMACY
Docket Number D-091006-019
*in the matter of*:

**JUSTIN ALLAN BRACKEN, R.Ph.**
7511 Market Avenue North
Canton, Ohio 44721

R.Ph. Number 03-2-26310

### INTRODUCTION

The matter of Justin Allan Bracken came for hearing on November 3, 2009, before the following members of the Board: Elizabeth I. Gregg, R.Ph. (*presiding*); Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Richard F. Kolezynski, R.Ph.; Deborah A. Lange, R.Ph.; Heather L. Pasquale, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

Donald M. Casar, R.Ph.; Board Member, recused.

Justin Allan Bracken was represented by James Lindon. The State of Ohio was represented by Tracy M. Greuel, Assistant Attorney General.

### SUMMARY OF EVIDENCE

State's Witnesses:  David Gallagher, Ohio State Board of Pharmacy
                    Justin Allan Bracken, R.Ph., Respondent

Respondent's Witness:  Thomas Oswald, R.Ph.

State's Exhibits:
1. Copy of Summary Suspension Order/Notice of Opportunity for Hearing letter [10-06-09]
1A-1C. Procedurals
2. City of Olmsted Falls Police Department Call for Service Report [01-24-09]
3. City of Olmsted Falls Police Department Uniform Incident/Offense Report for Incident 09-00029 [01-24-09]
4. Google map documenting location of Pharmacist Bracken's Olmsted Falls, Ohio arrest [09-03-09]
5. City of Olmsted Falls against Justin A. Bracken, Ticket #046357 coversheet for case 09TRC00044 [01-24-09]
6. Certified copy of Olmsted Falls Mayor's Court "Case Summary" for Case 09TRC00044 [01-24-09]
7. Certified copy of Olmsted Falls Mayor's Court "Case Amendment Summary" for case 09TRC00044 [03-24-09]

8. Bureau of Criminal Identification and Investigation Form 2-71 "Final Disposition" with attachment  [03-24-09]
9. Stark County Sheriff's Office Investigative Report for incident 09-005081  [05-20-09]
10. Two photocopies of recovered 100 lot size temazepam 15 mg stock container  [05-20-09]
11. IDENTIDEX Imprint Identification of 53 temazepam 15 mg capsules [received 08-31-09]
12. One color photocopy (taken after analysis was made) of round dark green tablet with butterfly imprint recovered on May 20, 2009  [09-02-09]
13. EcstasyData.org description sheet  [09-01-09]
14. Two photocopies of recovered Giant Eagle #6378 dispensing vial with label information for RX #6093635  [09-02-09]
15. IDENTIDEX Imprint Identification for temazepam capsule 30 mg [received 08-31-09]
16. IDENTIDEX Imprint Identification for clonazepam tablet 2 mg [received 08-31-09]
17. IDENTIDEX Imprint Identification for Lunesta oral tablet 3 mg [received 08-31-09]
18. IDENTIDEX Imprint Identification for lorazepam tablet 2 mg [received 08-31-09]
19. Notarized copy of Canton-Stark County Crime Laboratory Lab Report #118080  [05-28-09]
20. Stark County Sheriff's Office Voluntary Statement of Randall A. Garcia  [05-21-09]
21. Notarized Statement of Stephen J. Ash  [08-24-09]
22. Notarized Statement of Stephen J. Ash  [09-15-09]
23. Notarized Statement of Kyle R. Nussbaum  [08-24-09]
24. Notarized Statement of Kyle R. Nussbaum  [09-02-09]
25. Notarized Statement of Kathy Bordenkircher  [09-03-09]
26. Stark County Sheriff's Office Voluntary Statement of Justin Allan Bracken [05-20-09]
27. Two photocopies of Stark County Sheriff's Office evidence bag regarding Justin Bracken arrest  [05-20-09]
28. Stark County Sheriff's Office Arrest Report for Justin Allan Bracken [05-20-09]
29. Canton Municipal Court Docket Sheet for Case 2009 CRB 02474 Justin Allan Bracken  [05-26-09 to 07-21-09]
30. Judgment Entry Criminal/Traffic, <u>State of Ohio vs. Bracken, Justin Allan</u>, Case No. 2009 CRB 02474, Canton Municipal Court, Canton Ohio  [06-08-09]
31. Canton Municipal Court, Stark County Ohio Supplemental Order for Justin Bracken, Case #09 CRB 02474  [06-08-09]
32. Letter of representation from James Lindon, Pharm.D., Ph.D. Re:  Justin Bracken  [08-12-09]
33. Letter from James Lindon, Pharm.D., Ph.D. to David Rowland, Esq., Ohio State Board of Pharmacy  [08-12-09]
34. Copy of Email from James Lindon to Ohio State Board of Pharmacy Agent David Gallagher  [08-31-09]
35. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for temazepam 15 mg  [08-31-09]
36. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for temazepam 30 mg  [08-31-09]
37. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for clonazepam 2 mg  [08-31-09]
38. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for lorazepam 2 mg  [08-31-09]
39. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for alprazolam .25 mg  [08-31-09]
40. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for alprazolam .5 mg  [08-31-09]
41. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for alprazolam 1 mg  [08-31-09]
42. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for alprazolam 2 mg  [08-31-09]

43. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for clonazepam .5 mg  [08-31-09]
44. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for clonazepam 1 mg  [08-31-09]
45. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for lorazepam .5 mg  [08-31-09]
46. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for lorazepam 1 mg  [08-31-09]
47. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for hydrocodone/APAP 5/500 mg  [08-31-09]
48. Drug Accountability Statement at Giant Eagle Pharmacy #4152 for hydrocodone/APAP 7.5/750 mg  [08-31-09]
49. Copy of Ohio Board of Pharmacy Pharmacist Renewal for Justin Allan Bracken, R.Ph.  [08-21-09]

Respondent's Exhibits:
A.   Letter from Thomas A. Oswald, R.Ph., PRO  [10-16-09]
B.   FirstLab Test History Report  [09-05-09 and 10-03-09]
C.   PRO Pharmacist's Recovery Contact for Justin Bracken  [07-20-09]
D-E.   Support Group Attendance Records  [07-19-09 to 09-21-09]
F.   LabCare Plus urine and blood screen test results  [05-22-09]
G.   Letter from Keith Hochadel of Quest Services to Attorney James Lindon  [not dated]

## FINDINGS OF FACT

After having heard the testimony, observed the demeanor of the witnesses, considered the evidence, and weighed the credibility of each, the State Board of Pharmacy finds the following to be fact:

(1)   Records of the Board of Pharmacy indicate that Justin Allan Bracken was originally licensed in the State of Ohio on June 22, 2004, pursuant to examination, and his license to practice pharmacy in Ohio was summary suspended on October 6, 2009.

(2)   Justin Allan Bracken is addicted to or abusing drugs and/or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy, to wit: Justin Allan Bracken is addicted to the use of controlled substances, and Justin Allan Bracken has stolen drugs from his employer to supply his addiction. Justin Allan Bracken was, on or about May 20, 2009 observed passed out in a vehicle in front of a liquor store, and observed acting impaired once aroused. Such conduct indicates that Justin Allan Bracken is within the ambit of Sections 3719.121 and/or 4729.16(A)(3) of the Ohio Revised Code.

(3)   Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule I controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed 1 tablet of methylenedioxymethamphetamine, commonly known as "Ecstasy." Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(4)   Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule IV controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed outside the confines of a pharmacy and without a valid prescription 53 capsules of temazepam 15 mg and 13

capsules of temazepam 30 mg for his personal abuse. Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(5) Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule IV controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed outside the confines of a pharmacy and without a valid prescription 12 tablets of clonazepam 2 mg for his personal abuse. Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(6) Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule IV controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed outside the confines of a pharmacy and without a valid prescription 4 tablets of Lunesta 3 mg for his personal abuse. Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(7) Justin Allan Bracken did, on or about May 20, 2009, knowingly possess a schedule IV controlled substance when the conduct was not in accordance with Chapters 3719., 4729., and 4731. of the Ohio Revised Code, to wit: Justin Allan Bracken possessed outside the confines of a pharmacy and without a valid prescription 25 tablets of lorazepam 2 mg for his personal abuse. Such conduct is in violation of Section 2925.11 of the Ohio Revised Code.

(8) Justin Allan Bracken did, from April 30, 2007 to May 20, 2009, with purpose to deprive, knowingly obtain or exert control over dangerous drugs, the property of Giant Eagle Pharmacy #4152, beyond the express or implied consent of the owner, to wit: Justin Allan Bracken possessed a stock container of temazepam 15 mg from his employer. Audit figures indicate shortages of the same drugs Justin Allan Bracken possessed.

| Drug | Strength | Quantity |
|---|---|---|
| temazepam | 15 mg | 53 |
| temazepam | 30 mg | 13 |
| clonazepam | 2 mg | 12 |
| lorazepam | 2 mg | 25 |

Such conduct is in violation of Section 2913.02 of the Ohio Revised.

(9) Justin Allan Bracken, as the responsible person, between April 30, 2007 and May 20, 2009, failed to provide supervision and control and adequate safeguards over the listed Giant Eagle #4152 dangerous drug stocks, to wit: the following dangerous drugs were diverted without detection:

| Drug | Strength | Quantity |
|---|---|---|
| alprazolam | .25 mg | 199 |
| alprazolam | .5 mg | 143 |
| alprazolam | 1 mg | 74 |
| alprazolam | 2 mg | 57 |
| clonazepam | .5 mg | 701 |
| clonazepam | 1 mg | 214 |
| clonazepam | 2 mg | 61 |
| lorazepam | .5 mg | 335 |
| lorazepam | 1 mg | 10 |
| lorazepam | 2 mg | 115 |

| | | |
|---|---|---|
| temazepam | 15 mg | 113 |
| temazepam | 30 mg | 67 |
| hydrocodone/APAP | 5/500 mg | 513 |
| hydrocodone/APAP | 7.5/750 mg | 706 |

Such conduct is in violation of Section 4729-9-11(A)(1) of the Ohio Revised.

Further, The Board finds Respondent Bracken's testimony to be unbelievable. As part of his 12 step recovery program, his first step indicates that he must "recognize you are powerless over your addiction." Respondent clearly abuses drugs and alcohol, yet he refuses to accept his guilt of addiction.

## CONCLUSIONS OF LAW

(1) The State Board of Pharmacy concludes that paragraphs (3) through (8) of the Findings of Fact constitute being guilty of gross immorality as provided in Division (A)(1) of Section 4729.16 of the Ohio Revised Code.

(2) The State Board of Pharmacy concludes that paragraphs (3) through (9) of the Findings of Fact constitute being guilty of dishonesty and unprofessional conduct in the practice of pharmacy as provided in Division (A)(2) of Section 4729.16 of the Ohio Revised Code.

(3) The State Board of Pharmacy concludes that paragraph (2) of the Findings of Fact constitutes being addicted to or abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy as provided in Division (A)(3) of Section 4729.16 of the Ohio Revised Code.

(4) The State Board of Pharmacy concludes that paragraphs (3) through (8) of the Findings of Fact constitutes being guilty of willfully violating, conspiring to violate, attempting to violate, or aiding and abetting the violation of provisions of Chapter 2925. of the Revised Code as provided in Division (A)(5) of Section 4729.16 of the Ohio Revised Code.

## DECISION OF THE BOARD

Pursuant to Section 3719.121 of the Ohio Revised Code, the State Board of Pharmacy hereby removes the Summary Suspension Order issued to Justin Allan Bracken on October 6, 2009.

Pursuant to Section 4729.16 of the Ohio Revised Code, and after consideration of the record as a whole, the State Board of Pharmacy hereby suspends indefinitely the pharmacist identification card, No. 03-2-26310, held by Justin Allan Bracken and such suspension is effective as of the date of the mailing of this Order.

(A) Justin Allan Bracken, pursuant to Rule 4729-9-01(F) of the Ohio Administrative Code, may not be employed by or work in a facility licensed by the State Board of Pharmacy to possess or distribute dangerous drugs during such period of suspension.

(B) Justin Allan Bracken, pursuant to Section 4729.16(B) of the Ohio Revised Code, must return his identification card and license (wall certificate) to the office of the State Board of Pharmacy within ten days after receipt of this Order unless the Board office is already in possession of both. The

identification card and wall certificate should be sent by certified mail, return receipt requested.

On the basis of the Findings of Fact and Conclusions of Law set forth above, the State Board of Pharmacy hereby imposes on Justin Allan Bracken a monetary penalty of six thousand five hundred dollars ($6,500.00) due and owing within thirty days of the issuance of this Order. The monetary penalty should be made payable to the "Treasurer, State of Ohio" and mailed with the enclosed form to the State Board of Pharmacy, 77 South High Street, Room 1702, Columbus, Ohio 43215-6126.

Further, after three years from the effective date of this Order, the Board will consider any petition filed by Justin Allan Bracken for a hearing, pursuant to Ohio Revised Code Chapter 119., for reinstatement. The Board will only consider reinstatement of the license to practice pharmacy in Ohio if the following conditions have been met:

(A) Justin Allan Bracken must enter into a **new** contract, signed within thirty days after the effective date of this Order, with an Ohio Department of Alcohol and Drug Addiction Services (ODADAS) treatment provider or a treatment provider acceptable to the Board for a period of not less than five years and, upon signing, submit a copy of the contract to the Board office. The contract must provide that:

    (1) Random, **observed** urine drug screens shall be conducted at least once each month.

        (a) The urine sample must be given within twelve hours of notification. The urine drug screen must include testing for creatinine or specific gravity of the sample as the dilutional standard.

        (b) Results of all drug screens must be negative. Refusal of a drug screen or a diluted drug screen is equivalent to a positive result. Any positive results, including those which may have resulted from ingestion of food, but excluding false positives which resulted from medication legitimately prescribed, indicates a violation of the contract.

    (2) Attendance is required a minimum of three times per calendar week (Sunday through Saturday), at an Alcoholics Anonymous, Narcotics Anonymous, and/or similar support group meeting.

    (3) The program shall immediately report to the Board any violations of the contract and/or lack of cooperation.

(B) Justin Allan Bracken must demonstrate satisfactory proof to the Board that he is no longer addicted to or abusing liquor or drugs or impaired physically or mentally to such a degree as to render him unfit to practice pharmacy.

(C) Justin Allan Bracken must provide, at the reinstatement petition hearing, documentation of the following:

    (1) Compliance with the contract required above (e.g.-proof of giving the sample within twelve hours of notification and copies of all drug and alcohol screen reports, meeting attendance records, treatment program reports, etc.);

  (2) Compliance with the continuing pharmacy education requirements set forth in Chapter 4729-7 of the Ohio Administrative Code as applicable and in effect on the date of petitioning the Board for reinstatement;

  (3) Compliance with the terms of this Order.

Brian Joyce moved for Findings of Fact; Heather Pasquale seconded the motion. Motion passed (Aye-6/Nay-0).

Troy Gahm moved for Conclusions of Law; Richard Kolezynski seconded the motion. Motion passed (Aye-6/Nay-0).

Brian Joyce moved for Action of the Board; Deborah Lange seconded the motion. Motion passed (Aye-6/Nay-0).

| | |
|---|---|
| 5:07 p.m. | The Board was joined by Assistant Attorney General Tracy Greuel to conduct an adjudication hearing in accordance with the Ohio Revised Code Chapters 119. and 4729. in the matter of **Robert Oberlin Urfer**, R.Ph. (03-1-09283) Toledo, Ohio. |
| | Mr. Kolezynski recused himself from this hearing. |
| 5:58 p.m. | The hearing ended and the record was closed. |
| 5:59 p.m. | Mr. Gahm moved that the Board go into Executive Session for the purpose of the investigation of complaints regarding licensees and registrants pursuant to Section 121.22(G)(1) of the Ohio Revised Code. The motion was seconded by Ms. Pasquale and a roll-call vote was conducted by President Gregg as follows: Casar – *yes*; Gahm – *yes*; Joyce – *yes*; Lange – *yes*; Pasquale – *yes*; and Wiesenhahn – *yes.* |
| 6:04 p.m. | The Executive Session ended and the meeting was opened to the public. |
| 6:05 p.m. R-2010-073 | After votes were taken in public session, the Board adopted the following order in the matter of **Robert Oberlin Urfer**, R.Ph. (03-1-09283) Toledo, Ohio. |

**ORDER OF THE STATE BOARD OF PHARMACY**
Docket Number D-090806-006
*in the matter of*:

**ROBERT OBERLIN URFER, R.Ph.**
4245 Brookside Road
Toledo, Ohio 43606

R.Ph. Number 03-1-09283

**INTRODUCTION**

The matter of Robert Oberlin Urfer came for hearing on November 3, 2009, before the following members of the Board: Elizabeth I. Gregg, R.Ph. (*presiding*); Donald M. Casar, R.Ph.; Troy A. Gahm, R.Ph.; Brian M. Joyce, R.Ph.; Deborah A. Lange, R.Ph.; Heather L. Pasquale, R.Ph.; and Jerome J. Wiesenhahn, R.Ph.

Richard F. Kolezynski, R.Ph., Board Member, recused.

Robert Oberlin Urfer was not represented by counsel. The State of Ohio was represented by Tracy M. Greuel, Assistant Attorney General.