UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>"Track Eight: Cobb County, Georgia" | MDL 2804<br><br>Case No. 1:17-MD-2804<br><br>Case No. 1:18-OP-45817<br><br>Judge Dan Aaron Polster |

**Opposition to Defendant Publix Super Markets, Inc.'s Motion for Reconsideration and/or Certification to Georgia Supreme Court**

Defendant Publix's reconsideration motion cites no new controlling authority. Instead, Publix just reargues for the interpretation of *State ex rel. Boykin v. Ball Inv. Co.*, 12 S.E.2d 574 (Ga. 1940), that this Court previously considered and rejected. To recap, the Court explained why that "octogenarian precedent"—the "only case" Publix cited—"does not announce the rule of law Publix advances" that conduct violating the PPA cannot constitute a public nuisance unless the legislature characterizes it as such. Order at 9 (Doc. 4071). The Court explained:

> Publix contends that, under *Boykin*, where business activity violates a code, "the remedy is provided [only] in the regulatory scheme — a misdemeanor for code violations — not a public nuisance suit." Motion at 3; Reply at 1-3. Far from immunizing regulated entities from equitable public nuisance liability, however, the *Boykin* Court specifically acknowledged that, "in a proper case equity will enjoin an existing nuisance *although the acts to be enjoined constitute crimes*"— in other words, *even though* the conduct causing the nuisance is a statutory violation. *Boykin*, 12 S.E.2d at 578 (emphasis added); *see also id.* at 581 ("'A court of equity will not enjoin the commission of crime generally; but it has jurisdiction, and will in a proper case, at the instance of the state, restrain an existing or threatened public nuisance, though the offender is amenable to the criminal laws of the state.'") (quoting *Dean v. State*, 151 Ga. 371, 106 S.E. 792 (Ga. 1921)).

1

Order at 10 (emphasis in original). The Court held that "a subsequent decision" —*Webb v. Alexander*, 43 S.E.2d 668, 671 (Ga. 1947)—"confirms the conclusion that *Boykin* does not stand for the proposition that public nuisance claims arising from the common law are displaced entirely by regulatory statutes, absent a declaration to the contrary." *Id.* at 11. It also rejected Publix's argument that "the PPA regulatory scheme" displaced Georgia common law and immunized those who violate the PPA from public nuisance liability. *Id.* at 13.

The Court's dismissal order is the law of the case, a doctrine that "expresses the practice of courts generally to refuse to reopen what has been decided" at an earlier stage in the same case. *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 734 (6th Cir. 2019) (Sutton, J. concurring) (citation omitted). Now, two months after the Court issued its order, Publix asks that this Court either reconsider that order or—having lost in this Court—allow it to present its arguments to the Georgia Supreme Court. The Court should deny Publix's motion.

I.  **The Court should deny reconsideration.**

The Court has articulated the standard for reconsidering interlocutory orders as follows:

> "Traditionally, courts will find justification for reconsidering interlocutory orders [only] when there is . . . a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).

*In re Nat'l Prescription Opiate Litig.*, 2021 U.S. Dist. LEXIS 40805, at *63 (N.D. Ohio Mar. 4, 2021) (cited source omitted).

Publix's motion falls into the "disfavored" category. Publix cites no intervening controlling authority. It does not claim that the Court overlooked an argument Publix raised or

2

controlling authority Publix cited earlier. Instead, Publix asks that the Court revisit its earlier order because it hired "new counsel" who authored and edited a book on Georgia nuisance law. Doc. 50 ("Motion") at 4 & n.1. Publix claims that new counsel will not "reargue points already raised" and rejected. *Id.* at 4. But Publix proceeds to do just that, pressing the same discredited arguments about legislative preemption and *Boykin*.

      **A.**      **Publix's rehashing of *Boykin* and *Webb* do not warrant reconsideration.**

Publix's recycled arguments about *Boykin* and *Webb* underscore why the Court was correct to reject them. In the eighty years since *Boykin* no Georgia court has embraced Publix's argument to hold that the legislature preempted public nuisance claims based on conduct that also violates a statute unless the legislature expressly states otherwise. As this Court observed, that includes *Boykin*. This Court not only quoted statements by *Boykin* contradicting Publix's position, but it pointed out how Publix's arguments "fail to acknowledge" them. Order at 10. Publix's reconsideration arguments again "fail to acknowledge" them, thus providing the Court nothing new to reconsider.

Publix argues that its erroneous interpretation of *Boykin* "was not overturned" by *Webb*. Motion at 6. This Court never stated that *Webb* "overruled" *Boykin*, and Plaintiff never made that argument either. Rather, the Court held that *Webb* "confirms the conclusion that *Boykin* does not stand for" the rule Publix argues for since *Webb* "explicitly recognizes a public nuisance claim could be brought, even though a statute addresses the same conduct." Order at 11, 12. Publix tries to minimize *Webb* by claiming it involved a "zoning violation" and not "a comprehensive regulatory scheme like that in *Boykin*." Motion at 7. But zoning laws surely represent a more "comprehensive regulatory scheme" than the garden variety usury law at issue in *Boykin*. In any

3

case, these strained distinctions that Publix tries drawing are irrelevant to either *Boykin* or *Webb*, and the Court was correct to reject Publix's argument.

        **B.**     ***Strum* supports the Court's order, and Publix could have raised it earlier.**

Publix's reconsideration motion also misconstrues a twenty-year-old court of appeals case it cites for the first time on reconsideration—*Sturm v. City of Atlanta*, 560 S.E.2d 525 (Ga. Ct. App. 2002). In Publix's view, *Strum* "refused to extend" public nuisance law to gun distribution as an "improper attempt to usurp" statutes regulating the distribution and use of firearms. Motion at 4, 8. That is pure casuistry. *Strum* reflects a local government's broad authority to abate nuisances under Georgia's public nuisance statute, including claims against firearm manufacturers, unless the legislature expressly displaces it.

In *Strum*, a city sued gun manufactures alleging nuisance and other tort claims. *Sturm*, 560 S.E.2d at 527-28. The statute in effect when the city filed suit provided that "the regulation of firearms is properly an issue of general, state-wide concern," and no "county or municipal corporation … shall regulate in any manner" the sale or distribution of firearms. *Id.* (quoted statute omitted). After the city filed suit, the legislature immediately amended the statute to erase any doubt that city's claims were barred, stating that "the lawful design, marketing, manufacture, or sale of firearms … does not constitute a nuisance per se." *Id.* at 528 (quoted statute omitted). The legislature permitted local governments to sue for breach of contract or warranty "as to firearms" they purchased, but otherwise provided that the "authority to bring suit" against a firearms manufacturer based on sales to "the public shall be reserved exclusively to the state." *Id.* (quoted statute omitted). Given these statutes, the court of appeals agreed with the state that the legislature "expressly preempted the field of firearms regulation" and barred the city's claims. *Id.* at 529. By "expressly authorizing" breach of contract and warranty suits for firearms local

4

governments purchased, moreover, "the legislature impliedly preempted all other causes of action" whether based on lawful or unlawful conduct. *Id.* at 531. The court also rejected the city's argument that the amended statute could not apply retroactively to bar its claims. *Id.* at 532. Tellingly, the *Strum* court never cites *Boykin* and its analysis lends no support for Publix's interpretation of *Boykin*.

To the extent *Strum* has any relevance here, it further supports the Court's original order rejecting Publix's arguments about *Boykin* and preemption. *Strum* shows that the legislature knows how to displace local government public nuisance claims or immunize violations of a statute's provisions from public nuisance liability under Georgia law. Moreover, Publix's characterization of *Strum* as simply an inferred preemption case rings false. The court mentioned inferred preemption, but it grounded its analysis and holding in express preemption. *Strum*, 560 S.E.2d at 529-32. The court's conclusion makes that point clear: "No claims survive because of the legislature's *clear directive* that municipalities may not attempt to regulate the gun industry in any way except in the limited manner prescribed" in the statute. *Id.* at 532 (emphasis added). Yet Publix points to no similar "clear directive" in the PPA. None exists. Indeed, the parties agree that nothing in the PPA addresses public nuisance claims or expressly bars them. Order at 13.

The Court can deny reconsideration based on *Strum* since Publix could have raised it in its original motion but did not. "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio

1996) (citation omitted); *see also United States v. Curry*, 2020 U.S. Dist. LEXIS 174779, at *3 (E.D. Mich. Sep. 23, 2020) (reconsideration improper if based on cases that "existed long before" the original motion). Even if the Court considers *Strum*, moreover, the case provides no reason for the Court to reconsider its original decision that nothing in the PPA expresses or implies an intent to displace common law or immunize violations of the PPA from public nuisance liability under Georgia law. Order at 13.

## II. Certification is unwarranted.

Having lost in this Court, Publix now asks that this Court allow it to present its argument about *Boykin* to the Georgia Supreme Court. Motion at 10-13. "But the appropriate time to request certification of a state-law issue 'is before, not after, the district court has resolved [it].' '[O]therwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision.'" *Vance v. Amazon.com, Inc.*, 852 F.3d 601, 607 (6th Cir. 2017) (citations omitted). The court of appeals denied certification in *Vance* for that reason, and this Court should do the same here. This Court and the parties have already spent considerable time on the *Boykin* issue. Granting certification would increase the costs of already expensive litigation and cause at least a year of delay. "Shuttling the parties between state and federal tribunals is a sure way of defeating the ends of justice." *Clay v. Sun Ins. Office, Ltd.*, 363 U.S. 207, 228 (1960) (Douglas J. dissenting); *see also id.* (the "pursuit of justice is not an academic exercise"). The prejudice to Plaintiff alone presents good reason to not allow Publix to "'seek refuge' in state court only after an unfavorable ruling." *Vance,* 852 F.3d at 607; *see also Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (denying certification where federal courts had already "expended considerable time and resources addressing the question").

6

Publix's certification request also fails to present an issue worthy of certification, thus presenting another reason to deny it. "Certification to a state supreme court 'is most appropriate when the question is new and state law is unsettled.'" *Vance*, 852 F.3d at 607 (citation omitted). A case Publix cites provides an example of the type of legal issue warranting certification. *See FDIC v. Skow*, 741 F.3d 1342, 1346 & n.7 (11th Cir. 2013) (certifying issue to Georgia Supreme Court in "the light of the plausible conflict between the plain language of [a statute on officer and director standard of care] and the state intermediate appellate courts' discussions of Georgia's business judgment rule," as well as potentially conflicting appellate court decisions on director liability). Publix identifies no similar conflict in Georgia law here.

Just the opposite, Publix's original motion *and* its reconsideration motion maintain that the *Boykin* case definitively "answers" the question "in its favor." Motion at 1. The Court disagreed, and its opinion raised no substantial doubt about Georgia law. Rather, the Court explained how Publix's argument was untenable under *Boykin*, *Webb*, and settled principles governing when a court will find that the Georgia legislature displaced common law rules. When a federal court sees "'a reasonably clear and principled course,'" to decide the question, the federal court "will seek to follow it [itself],'" and not certify the question, particularly when as here "'well-established principles exist to govern a decision.'" *Vance*, 852 F.3d at 607-08 (quoting, *inter alia, State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015) (a "state court need not have addressed the exact question, so long as well-established principles exist to govern a decision").

Publix also argues that decisions by other state courts warrant granting certification. The Court should find these new cases and arguments unpersuasive and irrelevant for a variety of reasons. First, none of the cases Publix cites even address the issue of Georgia law it seeks

7

certification of. They add nothing to Publix's arguments about *Boykin*, thus making them inapposite.

Second, Publix is mistaken when it characterizes all these non-Georgia cases as "reject[ing]" a supposed "novel and unprecedented expansion of public nuisance law." Motion at 12. In the California case Publix cites, for example, the California public nuisance claim proceeded to trial, and the California trial court stated that its decision was not "intended to suggest" that conduct giving rise to the opioid crisis "may not constitute an actionable public nuisance." *See* California Superior Court Statement of Decision (Doc. 50-2 at 20).[1]

Finally, Publix cites these out-of-state authorities to suggest that the Georgia Supreme Court may not recognize claims that Publix characterizes as a purported "expansion to public nuisance law." Motion at 13. That presents an argument that Publix never raised in its motion to dismiss. Publix argued only that under *Boykin,* "Georgia law does not recognize a public nuisance claim" if "the applicable statutory scheme" does not provide for it, or Plaintiff failed to allege a plausible claim "[e]ven if such a claim were recognized." Doc. 28-1 at 10. It is not even the issue Publix seeks to certify. Motion at 13. "Motions for reconsideration are not the appropriate venue for advancing new arguments that could have been raised previously." *Lowe v. Cuyahoga Cty./Bd. of Cty. Comm'rs*, 2011 U.S. Dist. LEXIS 150774, at *26 (N.D. Ohio Dec. 8, 2011). Nor does Publix try to develop its new argument on reconsideration, thus providing an independent basis to disregard it since "'perfunctory arguments are waived.'" *United States v. Warner*, 843 F. App'x 740, 745 (6th Cir. 2021) (citation omitted).

---

[1] The plaintiffs filed a Motion to Set Aside (and Vacate Judgment) that is currently scheduled for hearing on February 3, 2022. *State ex rel. Williams v. Purdue Pharma L.P.* (Super. Ct. Orange County, No. 30-2014-00725287-CU-BT-CXC) at Register of Actions 7986 & 7987.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant's motion for reconsideration.

Dated: January 10, 2022.                               Respectfully submitted:


*/s/ Jayne Conroy*
Jayne Conroy
Laura Fitzpatrick
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6401
jconroy@simmonsfirm.com
lfitzpatrick@simmonsfirm.com

-AND-

Sarah S. Burns
Jo Anna Pollock
**SIMMONS HANLY CONROY LLC**
One Court Street
Alton, IL 62002
(618) 259-2222
sburns@simmonsfirm.com
jpollock@simmonsfirm.com

*Counsel for Cobb County, GA*


*/s/ Erin K. Dickinson*
Erin K. Dickinson
Charles J. Crueger
Krista K. Baisch
**CRUEGER DICKINSON LLC**
4532 N Oakland Avenue
Whitefish Bay, WI 53211
(414) 210-3868
ekd@cruegerdickinson.com
cjc@cruegerdickinson.com
kkb@cruegerdickinson.com

*Counsel for Cobb County, GA*

        COBB COUNTY ATTORNEY'S OFFICE
H. William Rowling, Jr.
County Attorney
GA State Bar No. 617225
Lauren Bruce
Assistant County Attorney
GA State Bar No. 796642
100 Cherokee Street, Suite 300
Mariatta, GA 30090
(770) 528-4000
H.William.Rowling@cobbcounty.org
Lauren.Bruce@cobbcounty.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I caused the foregoing to be served via electronic mail on Defendants via Tracks6to10Defendants@bbhps.com.

*/s/ Jayne Conroy*
Jayne Conroy