UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION, | ) ) ) ) ) ) ) ) ) ) ) ) | 
| THIS DOCUMENT RELATES TO: | |
| "Track Eight: Cobb County, Georgia" | |

MDL No. 2804

Case No. 1:17-MD-2804

Case No. 1:18-OP-45817

Judge Dan Aaron Polster

# DEFENDANT PUBLIX SUPER MARKETS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION AND/OR CERTIFICATION TO GEORGIA SUPREME COURT

Plaintiff Cobb County's Opposition to Defendant Publix Super Markets, Inc.'s ("Publix") Motion for Reconsideration and/or Certification to the Georgia Supreme Court ("Motion") is most notable for what it does not say. Plaintiff skirts the substance of Publix's arguments regarding the intervening national opioid public nuisance decisions and the application of inferred preemption to the facts of this case. Publix replies briefly to address these omissions and explain why they highlight the strength of its position that this Court should either reconsider, and grant, its Motion to Dismiss, or certify the question of first impression presented in this case:

> Does Georgia law recognize a public nuisance claim, actionable under O.C.G.A. § 41-2-2, for conduct which allegedly violates the Georgia Pharmacy Practice Act ("PPA"), O.C.G.A. § 26-4-1 *et seq.*, and for which the legislature has already enumerated civil and criminal remedies?

**I.     Recent decisions show claims for damages arising from opioid use are not properly brought under public nuisance laws.**

In its request for reconsideration, Publix pointed out the national trend of decisions finding public nuisance laws inappropriate vehicles for government entities seeking redress for damages

17636298v1

allegedly stemming from opioid use. Plaintiff does not even mention these cases by name, much less address their important substantive holdings, and instead contends that Publix is procedurally barred from relying on these cases because by doing so, Publix asserts arguments that it did not raise in its Motion to Dismiss. Plaintiff's argument fails for two primary reasons.

As an initial matter, these cases had not been decided when Publix filed its Motion to Dismiss. *See State ex rel. Hunter v. Johnson & Johnson*, --- P.3d ---, 2021 Okla. LEXIS 60 (Okla. Nov. 9, 2021) (reversing trial court's judgment against manufacturers, finding Oklahoma law does not recognize plaintiff's public nuisance claim, and "reject[ing] the unprecedented expansion of public nuisance law"); *State ex rel. Williams v. Purdue Pharma L.P. et al.*, No. 30-2014-00725287-CU-BT-CXC (Super. Ct. Cal. Dec. 14, 2021) (finding plaintiffs failed to prove the necessary elements of their public nuisance claims against all defendants-manufacturers).

Second, contrary to Plaintiff's assertion, these decisions bear directly on Publix's arguments in its Motion to Dismiss concerning how far government entities can extend public nuisance laws ill-suited for opioid-related claims. Plaintiff cannot contest that Georgia's public nuisance law has *never* been applied to remedy a purported public health crisis. Each decision by another state court reigning in the application of nuisance laws to opioid claims informs the analysis of Plaintiff's novel use of the Georgia nuisance statute in this case.

In *Hunter*, the Oklahoma Supreme Court emphasized that the district court's expansion of nuisance law encroached on "branches [of government] that are more capable than courts to balance the competing interests at play in societal problems." *State ex rel. Hunter v. Johnson & Johnson*, --- P.3d ---, 2021 Okla. LEXIS 60 (Okla. Nov. 9, 2021). As Justice Kuehn pointed out in a concurring opinion, such encroachment would lead to disastrous consequences. *Id..* at 33 (Okla. Nov. 9, 2021) (Kuehn, J., concurring) ("If the public nuisance law can be broadly interpreted as is

suggested by the Appellants, I believe the law will become the newest fictional shape-shifting monster."). In *Williams*, Judge Wilson of the California Superior Court for Orange County issued a decision finding "the People have failed to prove the element of 'unreasonable' interference . . . . [And the People] failed to prove that any such alleged interference was more than 'negligible or theoretical." *State ex rel. Williams v. Purdue Pharma L.P. et al.*, No. 30-2014-00725287-CU-BT-CXC (Super. Ct. Cal. Dec. 14, 2021)

## II. The *Boykin*, *Webb*, *Sturm* line of cases establish that Plaintiff's public nuisance claim is preempted by State law.

Plaintiff devotes significant space in its Opposition to the *Sturm* case, and the concept of preemption generally, without once referencing the factual basis of the issue: As Plaintiff itself alleges in the Complaint, Georgia has an *extensive* regulatory scheme that governs pharmacies and controlled substances like opioids, including the Georgia Controlled Substances Act (O.C.G.A. § 16-13-1 *et seq.*) (which created the Georgia Prescription Drug Monitoring Program) and the Georgia Pharmacy Practice Act (O.C.G.A. § 26-4-1 *et seq.*) (which created the State Board of Pharmacy and the Georgia Drugs and Narcotics Agency, along with all of the regulations regarding the licensing of drug distributors, pharmacies and pharmacists). The State of Georgia, including through its agencies (e.g., the State Board of Pharmacy; *see* O.C.G.A. §§ 26-4-20 and 26-4-60) enforce these laws with both civil and criminal penalties. As explained in its Motion, the line of *Boykin*, *Webb*, and *Sturm* send a clear message limiting public nuisance claims in areas of broad regulation such as those presented in this related to opioid use.

*Sturm* does not, as Plaintiff claims, reflect "a local government's broad authority to abate nuisances under Georgia's public nuisance statute, including claims against firearm manufacturers, unless the legislature expressly displaces it." That quote, from Plaintiff's Opposition, is not followed by any citation because that is not what the Georgia Court of Appeals held. To the

contrary, *Sturm* sent a strong message that extensive regulation with enforcement provisions may infer preemption without an express prohibition. That is what the Court actually held.

The *Sturm* Court found preemption of a public nuisance suit based on a similar statutory and regulatory scheme regarding firearms to those regulating opioids, stating, "In this case, preemption can be inferred from the comprehensive nature of the statutes regulating firearms in Georgia, among which are the Georgia Firearms and Weapons Act, codified at O.C.G.A § 16–11–125, and O.C.G.A § 16–11–126 through 16–11–134, the Brady Handgun Violence Protection Act, codified at O.C.G.A §§ 16–11–170 through 16–11–184, and also O.C.G.A §§ 43–16–1 through 43–16–12 which regulate the licensing of firearms dealers." *Sturm*, 560 S.E.2d at 529. Again, it is notable that, despite its obvious concern for the consequences of opioid addiction, the County has not passed ordinances addressing its opioid problem. This is likely because it realizes that the regulation of pharmacies, and the controlled substances that they distribute, are outside its purview.

Without case law to support its position, Plaintiff argues that, "In the eighty years since *Boykin* no Georgia court has embraced Publix's argument to hold that the legislature preempted public nuisance claims based on conduct that also violates a statute unless the legislature expressly states otherwise." Not only does Plaintiff ask the Court to ignore the inferred preemption language in *Sturm*, but also, and perhaps more compelling, is that Plaintiff can cite no case in which a claim was successfully premised on violations of a comprehensive regulatory scheme as presented in this case regarding opioid regulations.

### III. Conclusion

Just as Georgia has refused to extend public nuisance to cover gun distribution, it would undoubtedly join Oklahoma, California, and other jurisdictions and refuse to expand public nuisance liability to cover Publix's pharmaceutical distribution.

Publix respectfully requests the Court reconsider its October 25, 2021 decision (Doc. # 4071). In the alternative, given the parties' disagreement over the status of Georgia law, the national trend against the use of public nuisance law to support opioid claims, and out of concern for the principles of federalism, Publix requests the Court certify a question to the Georgia Supreme Court to determine the scope of its public nuisance law. Considering the vast resources the parties are about to spend on expansive litigation of claims that expand on conventional principles of nuisance law, Georgia highest court should have the final say before allowing them to proceed.

Date:   January 13, 2022

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

/s/ David J. Marmins
David J. Marmins
Georgia Bar No. 470630
Morgan E. M. Harrison
Georgia Bar No. 470983

171 17th Street. N.W., Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8126
Facsimile: (404) 873-8127

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically on January 13, 2022. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

/s/ David J. Marmins
David J. Marmins