UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>*Track Three Cases* | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**Plaintiffs Lake and Trumbull Counties' Submissions of Separate Abatement Plans**

Pursuant to the Court's Order Regarding Abatement Proceedings (Doc# 4220), Plaintiffs submit this pleading.

The abatement plan which Plaintiffs are submitting to abate the nuisance/opioid epidemic in Lake and Trumbull Counties is set forth in the report of Dr. Caleb Alexander dated April 16, 2021. Schedule E of this report sets forth the Opioid Epidemic Abatement Estimates and the Redress models and their population estimates on the assumption that the abatement would begin in 2021 and end in 2035. Plaintiffs will present this as evidence for years 1-15 of the Abatement Plan. The annual cost of this plan is computed by year for 15 years in the April 16, 2021 report of economist Dr. Harvey Rosen. His report also calculates the present value of those future costs computations if the Court were to decide to award abatement remedy monies in a lump sum. Copies of both reports were served on the defendants on April 16, 2021. Because of the voluminous nature of the report and particularly the two Appendix E spreadsheets requiring an 11 x 17 inch copy, hard copies are being delivered to the Court's chambers on January 18, 2022.

In terms of scope and time frame, the abatement plan mirrors many of the governmental and epidemiological reports and literature which predicts that abating the nuisance requires long term solutions. This is true due to the pervasiveness of the opioid

epidemic and the rate of recidivism of Opiate Use Disorder in this population and that only a robust and continuous plan with periodic measurement of success followed by reaction and modification of the remedies can really work.

At the Phase 2 trial, Plaintiffs will be seeking the funds necessary to pay for the elements of abatement for the first five years and will ask that the Court review the effect of the plan at that time to determine how and whether the plan thereafter requires modification, addition, or reduction. The Plan provides for surveillance and evaluation of the abatement remedies which will allow the Plaintiffs in five years to present evidence of the effectiveness of the plan and whether it requires modification at that time.

Plaintiffs also recognize that some of the elements of abatement including but not limited to provider, dispenser, and patient education are more effectively administered on a national basis. As such, Plaintiffs ask that these specific abatement elements be awarded by the Court unless and until a national or regional plan for those elements is created in a national or regional consent decree or through a settlement or another court decision.

Plaintiffs will also present testimony from the following additional experts and fact witnesses:

- Expert Katherine Keyes, PhD will testify as to the harms that occurred in Plaintiffs' counties as a result of prescription opioid use and as a gateway to illicit opioid use as detailed in her April 16, 2021 report previously served on the defendants on that date and provided in hard copy to the Court on January 18, 2022.

- Expert Nancy K. Young, PhD, M.S.W. will testify regarding the impact of the opioid epidemic on the child welfare systems and related agencies in the counties, as set forth in her April 16,2021 report previously served on the defendants on that date and provided in hard copy to the Court on January 18, 2022.

- Kim Fraser (Executive Director at Lake County Board of Alcohol, Drug Addiction and Mental Health Services) will testify regarding the impact of, and needs created by, the opioid crisis on Lake County and its community.

- April Caraway (Executive Director at Trumbull County Mental Health & Recovery Board) will testify regarding the impact of, and needs created, by the opioid crisis on Trumbull County and its community.

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC
29464 (843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(347) 379-1688
hunter@napolilaw.com

>Salvatore C. Badala
>NAPOLI SHKOLNIK
>400 Broadhollow Rd, Suite 305
>Melville, NY 11747
>(212) 397-1000
>sbadala@napolilaw.com
>
>*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger