UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| *This document relates to:* | Case No. 17-md-2804 |
| *County of Lake, Ohio v. Purdue Pharma L.P. et al.*, Case No. 18-op-45032 | Hon. Dan Aaron Polster |
| *County of Trumbull, Ohio v. Purdue Pharma L.P. et al.*, Case No. 18-op-45079 | |
| *"Track Three Cases"* | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR CERTIFICATION OF ORDERS FOR INTERLOCUTORY APPEAL**

Plaintiffs submit this memorandum in opposition to Defendants' Joint Motion for Certification of Orders for Interlocutory Appeal under 28 U.S.C. § 1292(b). Dkt. 4205 (Dec. 21, 2021). As the Sixth Circuit Court of Appeals has made clear: "'section 1292(b) should be sparingly applied. It should be used only in exceptional cases . . . and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.'" *Kraus v. Bd. Of Cty. Rd. Comm'rs for Kent Cty.,* 364 F.2d 919, 922 (6th Cir. 1966) (quoting *Milbert v. Bison Labs.*, 260 F.2d 431, 433 (3d Cir. 1958). Moreover, none of the three issues on which Defendants seek certification satisfy the requirements for interlocutory review under section 1292(b). Finally, with regard to two of these three issues, which were decided by the Court in August 2020, Defendants' motion is untimely and/or redundant. For each of these reasons, Defendants' motion for certification should be denied.

## STATEMENT OF FACTS

Defendants seek certification of three rulings by the Court over multiple years: 1) the Court's August 6, 2020 ruling that the Ohio Product Liability Act (OPLA) does not abrogate Plaintiffs' equitable public nuisance claim under Ohio common law. Dkt. 3403 at 32-33; 2) the Court's ruling on the same date that the federal Controlled Substances Act (CSA) imposed a duty on the pharmacy defendants to maintain systems to identify prescriptions that bear red flags indicating a risk that the prescription may be diverted for misuse. Dkt. 3403[1] at 13-25; and 3) the Court's refusal to grant a mistrial based on a single juror's decision to conduct independent research outside of court on an issue tangential to the central issues related to liability in this case and to share the results of that research with other jurors; this Court instead deemed it sufficient to dismiss the misbehaving juror and to admonish the remaining jurors to ignore the information shared by the dismissed juror and to decide the case only on the evidence presented in Court. Dkt. 4078 at 3785-89 (Oct. 25, 2021 trial tr., vol. 15).

As the previous paragraph indicates, the Pharmacy Defendants had the opportunity to seek certification of this Court's rulings concerning OPLA abrogation and the duties imposed by the CSA more than a year ago. (Indeed, because the OPLA ruling simply adopted an earlier ruling of this Court in CT1, they could have sought certification of that ruling back in 2018.) Yet Defendants never sought certification of this Court's OPLA abrogation ruling, either in CT1 or the present case, until now. Pharmacy Defendants did ask this Court to certify its CSA ruling in August 2020, but this Court denied that request. Dkt. 3499 at 8-9 (Sept. 22, 2020). Defendants offer no explanation why this Court should not view the present request as to those two issues as untimely or else conclude that an inadequate basis for interlocutory appeal then is sufficient now.

[1] Defendants erroneously cite this ruling as Dkt. 3404 in their motion. Dkt. 4205 at 2, 10.

## LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a District Court may certify a ruling for interlocutory appeal only if the Court concludes that: 1) the order "involves a controlling question of law"; 2) "as to which there is substantial ground for difference of opinion"; and 3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## ARGUMENT

### I. Interlocutory appeals are strongly disfavored.

In the Sixth Circuit, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing *Kraus v. Bd. Of Cty Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966)). Section 1292(b) "is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus*, 364 F.2d at 922; *see also In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) ("District courts do not make a habit of certifying their own orders for interlocutory appeal.").

As this Court has explained: "The bar is high for a party seeking interlocutory appeal." *Montgomery Cty. Bd. of Cty. Commissioners v. Cardinal Health, Inc.*, No. 18-OP-46326, 2021 WL 4198171, at *1 (N.D. Ohio Sept. 15, 2021). Even where the movant can demonstrate all three factors required for certification, "the decision whether to certify a non-final order for interlocutory appeal is firmly within the discretion of the trial court, and 'should be sparingly granted and then only in exceptional cases.'" *Id.* (quoting *Adell v. Cellco P'ship*, 2019 WL 5285627, at *1 (N.D. Ohio Oct. 18, 2019) (quoting *In re Allstate Ins. Co.*, 2010 U.S. App. LEXIS 27325, *2 (6th Cir. 2010)).

The rigorous standards for interlocutory review are not met here.

## II. Defendants' request for certification of the OPLA and CSA issues is both untimely and/or redundant.

To begin with, Defendants' request for certification with regard to two of the issues is untimely. This Court entered its rulings with regard to the OPLA abrogation and CSA duties issues in this case back in August 2020. Defendants could, and should, have requested certification for interlocutory appeal at that time, not now when an appeal would inevitably lead to delays in the remedy phase of this case.[2] In fact, this Court's OPLA abrogation ruling simply applied the Court's prior ruling denying Defendants' motion to dismiss on the same grounds in CT1, another case in which Defendants were named parties. Dkt. 1203 at 22-28 (Dec. 19, 2018). So, in fact, any request for certification of that ruling could and should have been made more than three years ago.

Indeed, the Pharmacy Defendants did request certification of this Court's CSA ruling back in 2020, only to have this Court deny the request for failing to meet the requirements of section 1292(b). Dkt. 3499 at 8-9. Defendants offer no explanation for why this Court should reconsider its earlier ruling or why an issue that did not merit interlocutory review in late 2020 meets the requirements for certification now.

This Court can, and should, deny certification of the OPLA and CSA issues on this grounds alone.

[2] In fact, as explained below, Defendants did seek certification of the CSA issue at that time only to be denied by this Court.

**III. None of the three issues on which Defendants seek certification satisfy the requirements of 28 U.S.C. § 1292(b).**

In any event, none of the three issues identified by Defendants meet the requirements for certification for interlocutory review under section 1292(b).

**a. The OPLA issue does not meet the requirements of section 1292(b).**

The OPLA abrogation issue raised by Defendants is neither an issue on which there is a "substantial ground for difference of opinion," nor will an immediate appeal of that issue "materially advance the termination of the litigation."[3]

First, as this Court explained back in December 2018 in its ruling on Defendants' motions to dismiss in CT1, OPLA was never intended to supersede and abrogate all common law claims involving the sale or use of a product. As originally enacted in 1988, OPLA only applied to actions involving the marketing, distribution, or sale of a product that sought "damages other than economic ones." *LaPuma v. Collinwood Concrete,* 661 N.E.2d 714, 716 (Ohio 1996). Although the General Assembly subsequently twice amended the statute—including to expressly include certain public nuisance claims—it never overruled *LaPuma* or altered this basic understanding that OPLA abrogation was limited to claims seeking compensatory damages for personal injury or damage to property. Indeed, consistent with this understanding, the legislative history to the 2007 amendment to OPLA to add common law public nuisance causes of action expressly stated that the amendment was "not intended to be substantive." 2006 Ohio Laws File 198 (Am. Sub. S.B. 117). For these reasons, this Court was unquestionably correct in concluding that OPLA was not

[3] Plaintiffs do acknowledge that the OPLA abrogation issue is a "question of law." That legal question is controlling on the issue of Defendants' liability for public nuisance, though it is not a "controlling question of law" with regard to the litigation as a whole in light of Plaintiffs' remaining, bifurcated claims.

intended to, and did not, abrogate claims seeking equitable relief for public nuisance. Dkt. 1203 at 22-28.

Defendants argue that there is substantial ground for difference of opinion on this question, because Magistrate Judge Ruiz reached the opposite conclusion in his report and recommendation in CT1. But, in its CT1 ruling, this Court carefully explained the flaws in the Magistrate Judge's reading of the statute. *Id.* at 26-27. Moreover, this Court's ruling is entirely consistent with the only recent Ohio state court ruling on this issue, rejecting Defendants' OPLA abrogation argument in the State of Ohio's opioids lawsuit against them. *State ex rel. DeWine v. Purdue Pharma L.P., et al.*, Case No. 17 CI 261, 2018 WL 4080052, at *4 (Ohio Com. Pl. Aug. 22, 2018) (holding that the State's common law public nuisance claim was "not abrogated under the OPLA"). There is simply no "substantial ground for difference of opinion" on this question.

Moreover, an immediate appeal of this issue will not materially advance the termination of this litigation. Plaintiffs have asserted numerous additional causes of action against the Pharmacy Defendants—including statutory public nuisance—that were bifurcated and potentially remain to be tried. *See* Dkt. 3315 (granting bifurcation for trial and staying Plaintiffs' remaining claims). Whether or not an immediate appeal of the OPLA abrogation issue might resolve Plaintiffs' equitable common law public nuisance claim, it could not and would not materially advance the overall termination of this litigation.[4]

Defendants did not seek interlocutory review of this issue when this Court first decided it in 2018. They will have an opportunity to seek appellate review of this issue—and of the myriad other legal issues they have raised in their multiple motions to dismiss or for summary judgment

[4] Even less would an immediate appeal materially advance resolution of the entire opioids MDL. As this Court is well aware, OPLA is a unique, Ohio-specific statute that can have no bearing whatsoever on the viability of non-Ohio plaintiffs' claims in this MDL.

in both this case and in CT1—after final judgment gets entered here. They should not be permitted to disrupt the forward progress of this litigation in this Court at this time.

**b. The CSA issue does not meet the requirements of section 1292(b).**

The argument for interlocutory review of this Court's rulings regarding the Pharmacy Defendants' duties under the CSA has even less merit. Not only is this request untimely, but it has also previously been rejected by this Court. Moreover, interlocutory appeal of this issue satisfies none of the requirements of section 1292(b), even with regard to Plaintiffs' public nuisance claim.

First, as already discussed, Defendants' request is both untimely and redundant. This Court denied Defendants' motion for summary judgment on this issue back in August 2020, Dkt. 3403 at 13-25, and then denied Defendants' request to certify that ruling. Dkt. 3499 at 8-9. Defendants offer no legitimate reason why the Court should revisit these rulings at this time.

Turning to the substance, this Court's CSA ruling satisfies *none* of the requirements for 1292(b) certification. First, it is not a "controlling question of law." As this Court has recognized, Plaintiffs both can and have established their public nuisance claims based on either Defendants' unlawful or intentional conduct. *See, e.g., id.* at 8 ("Plaintiffs' public nuisance claim may be grounded in either unlawful *or* intentional conduct, and Defendants' motion seeks reconsideration of only the unlawful conduct prong."). Thus, even an adverse ruling by the Court of Appeals on this issue would not dispose of Plaintiffs' public nuisance claim. Second, there is no "substantial ground for difference of opinion" regarding the Pharmacy Defendants' CSA duties. This Court's opinion denying their motion to dismiss on this ground cites a consistent body of federal regulations, state regulations, and both DEA and judicial decisions that support the conclusion that the Defendants themselves have enforceable duties under the CSA. Finally, again, as this Court previously recognized, Dkt. 3499 at 8-9, an immediate appeal on this issue would not materially

advance the termination of this litigation, because this CSA issue is not even dispositive of Plaintiffs' public nuisance cause of action, let alone their remaining, bifurcated causes of action against Defendants that remain to be tried. Thus, this issue too does not merit certification for interlocutory review.

**c. The jury taint issue does not meet the requirements of section 1292(b).**

The third issue on which Defendants seek certification for interlocutory appeal—the Court's decision not to grant a mistrial due to juror misconduct—merits even less discussion. To begin with, the issue is simply not a "question of law" at all. Whether the misbehaving juror (Juror 4) violated the Court's instruction against conducting independent research, whether the other jurors received and considered Juror 4's research, whether those events prejudiced the Defendants in any way, or whether any harm could be cured through further admonishments to the remaining jurors, are all questions of fact—or at most mixed questions of law and fact—for the trial court to resolve. They do not raise a pure question of law for the Court of Appeals to decide *de novo.* Indeed, this is readily apparent from the standard for appellate review on this issue: abuse of discretion. *United States v. Copeland*, 51 F.3d 611, 613 (6th Cir. 1995) ("The trial judge is in the best position to determine the nature of the alleged jury misconduct," and to determine any necessary remedial measures). Thus, this issue fails the very first prong of the requirements for certification.

The juror misconduct issue also fails the third prong. As should be self-evident, there can be no way in which an immediate appeal on this issue will "materially advance the ultimate termination of the litigation." Indeed, the very remedy Defendants say the Court should have imposed: declaring a mistrial after many weeks of trial and resetting the case for a new liability phase trial, would necessarily prolong the litigation and delay its ultimate resolution. Nor would

any appellate ruling on the juror misconduct issue provide any greater clarity to the parties on the core legal issues that divide them in this litigation and the MDL. Thus, like the two preceding issues, this Court's juror misconduct ruling is not an appropriate grounds for an interlocutory appeal.

## CONCLUSION

Throughout this litigation, Defendants have repeatedly raised legal objections to every cause of action Plaintiffs have asserted. They have initiated multiple waves of motions to dismiss, motions for summary judgment, *Daubert* challenges to Plaintiffs' expert witnesses, motions in *limine*, and now post-trial motions, raising in *toto* at least dozens of discrete legal issues, which this Court has diligently considered and resolved. Once final judgment is eventually entered, Plaintiffs have no doubt that Defendants will then attempt to relitigate virtually all of these issues on appeal. There is simply no justification whatsoever for selecting out a handful of such issues at this time for interlocutory review, with all of the attendant delays, especially when one considers the inevitability of an eventual, lengthy appeal following final judgment that will in no way be foreclosed by a more narrowly focused interlocutory appeal now.

For the foregoing reasons, Defendants' Joint Motion for Certification of Orders for Interlocutory Appeal should be denied.

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Suite 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

*/s/Peter H. Weinberger*
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(347) 379-1688
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger