# EXHIBIT C

FW: MDL 2804 - Limiting Instruction on Settlements

2804 Discovery, MDL <mdl2804discovery@motleyrice.com>

Tue 10/26/2021 7:37 PM

To: MDL 2804 <MDL2804@motleyrice.com>;

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Wednesday, October 27, 2021 12:28:01 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Hynes, Paul B. <PHynes@zuckerman.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Lanier, Rachel <Rachel.Lanier@LanierLawFirm.com>; Maria Fleming <MFleming@napolilaw.com>; FGallucci <FGallucci@pglawyer.com>; Badala, Salvatore C. <SBadala@NapoliLaw.com>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: MDL 2804 - Limiting Instruction on Settlements

CAUTION:EXTERNAL

Special Master Cohen,

As a preliminary matter, there are a number of Sixth Circuit cases stating that settlements can be considered as evidence of state of mind or intent, so we would ask that the jury be instructed as such. *See, e.g., Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 519 (6th Cir. 2008) ("settlement evidence was not offered as a defense to plaintiff's negligence claims against BMW, but instead was offered to show the state of mind of the witnesses"); *McAuliffe v. United States*, 514 F. App'x 542, 549-50 (6th Cir. 2013) ("It is plain from the record that the contents of the conversation were not offered in McAuliffe's criminal trial to prove the liability of either one in the civil dispute or the amount of those claims. Instead, the evidence was offered for the other purpose of showing McAuliffe's knowledge of and participation in illegal acts—in other words, his state of mind, which Rule 408 allows."); *Evans v. Troutman*, 817 F.2d 104, 1987 WL 37221, at *3 (6th Cir. 1987) (trial court did not abuse its discretion in admitting evidence of reinstatement offer because it was relevant to defendants' discriminatory intent"). One of the ways that Plaintiffs can establish liability for public nuisance is by showing that Defendants' conduct was intentional. Therefore, their intent/state of mind is directly at issue in this case, and the jury should be instructed that the settlements can be considered for that purpose.

Additionally, the plain language of Rule 408 states that settlement evidence "is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a **disputed** claim . . ." Fed. R. Evid. 408(a) (emphasis added). *See also* Fed. R. Evid. 408, 2006 Advisory Committee Notes ("The amendment retains the language of the original rule that bars compromise evidence **only** when offered as evidence of the 'validity,' 'invalidity,' or 'amount' of the **disputed** claim.") (emphasis added). Facts that are expressly admitted to in the settlement agreements are clearly not disputed. Therefore, the consideration of those admissions as proof of the facts admitted does not violate Rule 408. The cases cited by Defendants are distinguishable, because they dealt with admissions of fact made in the course of settlement *negotiations* or within internal memoranda, not express admissions made as part of an executed settlement agreement. *See Eid v. Saint-Gobain Abrasives, Inc.*, 377 F. App'x 438, 445 (6th Cir. 2010) ("Rule 408 specifically rejects this approach, and instead adopts a rule excluding factual admissions made in the course of settlement **negotiations**.") (emphasis added); *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 529-30 (3rd

Cir. 1995) (excluding internal memoranda prepared as basis for settlement negotiations under Rule 408); *Palmer v. Wal-Mart Stores East, L.P.*, 2021 WL 1297835, at *2-3 (W.D. Pa. Apr. 7, 2021) (Rule 408 precluded evidence of statement acknowledging liability made in the course of settlement negotiations if offered "standing along and solely as an 'admission' of liability").

For these reasons, Plaintiffs requests that the instruction they originally proposed be the one given to the jury.

Pete

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, October 26, 2021 4:51 PM
**To:** Hynes, Paul B. <PHynes@zuckerman.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Rachel Lanier <Rachel.Lanier@LanierLawFirm.com>; Maria Fleming <MFleming@NapoliLaw.com>; Frank Gallucci <FGallucci@pglawyer.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>
**Subject:** Re: MDL 2804 - Limiting Instruction on Settlements

Do Ps agree I got it wrong on that last sentence?  I could say I am remembering how it was from before 1993 but that would be false cover.

==========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Hynes, Paul B. <PHynes@zuckerman.com>
**Sent:** Tuesday, October 26, 2021 4:39 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Rachel Lanier <Rachel.Lanier@LanierLawFirm.com>; Maria Fleming <MFleming@NapoliLaw.com>; Frank Gallucci <FGallucci@pglawyer.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>
**Subject:** RE: MDL 2804 - Limiting Instruction on Settlements

Special Master Cohen,

Thank you for giving us the opportunity to weigh in.  CVS and Walgreens object to, and request that the Court reconsider and strike, the last sentence of the proposed instruction ("However, any admission…").  Rule 408 prohibits the introduction of admissions made in settlement agreements for their truth.  The advisory committee notes to Rule 408 explain that the rule applies to "evidence of conduct or statements made in . . . the offer or completed compromise itself."  At one point, the rule did not apply to admissions of fact, but that was changed in 1993 because, as the advisory committee notes to the 1993 amendments explain, it "inhibited freedom of communication with respect to compromise."  The advisory committee notes further explain that, as a result, there was an "expansion of the rule to include evidence of conduct or statements made in compromise negotiations, as well as the offer or completed compromise itself."  *See, e.g., Eid v. Saint -Gobain Abrasives, Inc.*, 377 F. App'x 438, 445 (6th Cir. 2010) ("Rule 408 specifically rejects this approach, and instead adopts a rule excluding factual admissions made in the course of settlement negotiations."); *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 529 (3rd Cir. 1995) ("Rule 408 was specifically designed to cover admissions of fact…."); *Palmer v. Wal-Mart Stores East, L.P.*, 2021

WL 1297835, at *3 (W.D. Pa. Apr. 7, 2021) ("To the extent Palmer is offering Ms. Williams statement acknowledging '100% liability,' standing alone and solely as an 'admission' of liability, Rule 408 precludes its admissibility or consideration on summary judgment."). Therefore, the Court should not instruct the jury that an admission made by a defendant in a settlement agreement may be considered as evidence of the particular facts admitted.

Respectfully submitted,
Paul Hynes



Paul Hynes, Jr.
Zuckerman Spaeder LLP
PHynes@zuckerman.com

1800 M STREET NW, SUITE 1000 • WASHINGTON, DC 20036-5807
202.778.1890 direct • 202.822.8106 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, October 26, 2021 11:09 AM
**To:** Hynes, Paul B. <PHynes@zuckerman.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Rachel Lanier <Rachel.Lanier@LanierLawFirm.com>; Maria Fleming <MFleming@NapoliLaw.com>; Frank Gallucci <FGallucci@pglawyer.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>
**Subject:** Re: MDL 2804 - Limiting Instruction on Settlements

**EXTERNAL**

The Court intends to give the instruction as modified below, unless a party submits authority by end of trial day showing the instruction is not correct. Obviously the crossed-out hilited parts will not be included.

------------

> You are hearing testimony about settlements that certain defendants entered into with the DEA. This settlement evidence has been admitted for a limited purpose. You may consider these settlements only to the extent you believe they bear on what notice or knowledge those defendants received as a result of the settlements, or to the extent you believe they bear on the defendants' intent, motive, or state of mind. You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon the fact that it entered into these settlements. However, any admissions made by a defendant in the settlement agreements may be considered as evidence of that defendant's liability as to the particular facts admitted.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Hynes, Paul B. <PHynes@zuckerman.com>
**Sent:** Monday, October 25, 2021 9:54 PM
**To:** Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Rachel Lanier <Rachel.Lanier@LanierLawFirm.com>; Maria Fleming <MFleming@NapoliLaw.com>; Frank Gallucci <FGallucci@pglawyer.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Subject:** MDL 2804 - Limiting Instruction on Settlements

Counsel,

Attached is defendants' redline of plaintiffs' proposed limiting instruction on settlements.  We note that plaintiffs struck parts of our proposed limiting instruction that we have not added back in.  We are requesting that two parts of plaintiffs' proposed instruction be stricken, either because they are not consistent with how settlement evidence has been presented at trial, violate Rule 408, and/or are not consistent with the instruction given in the DuPont case.

Best regards,
Paul



Paul Hynes, Jr.
Zuckerman Spaeder LLP
PHynes@zuckerman.com

1800 M STREET NW, SUITE 1000 • WASHINGTON,  DC 20036-5807
202.778.1890 direct • 202.822.8106 fax

▶ Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114

216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com
Spangenberg Shibley & Liber

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files  |  Leave group  |  Learn more about Microsoft 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.