# EXHIBIT D

# SPANGENBERG
## SHIBLEY & LIBER
### TRIAL LAWYERS

— COMMITMENT. INTEGRITY. RESULTS. —

PETER H. WEINBERGER, OF COUNSEL
WILLIAM HAWAL
PETER J. BRODHEAD, OF COUNSEL
DENNIS R. LANSDOWNE
STUART E. SCOTT
NICHOLAS A. DICELLO
JEREMY A. TOR
DUSTIN B. HERMAN
KEVIN C. HULICK
JERADON Z. MURA

CRAIG SPANGENBERG
(1914-1998)

NORMAN W. SHIBLEY
(1921-1992)

JOHN D. LIBER
(1938-2013)

April 29, 2020

**Via Email at david@specialmaster.law**
Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113-1837

Re: *In re: National Prescription Opiate Litigation*, MDL No. 2804

Dear Special Master Cohen:

This letter is in response to your April 21, 2020 request, on behalf of the Court, that Plaintiffs advise if Defendants' April 10, 2020 proposed modifications to the Court's proposed jury charge for CT1B correctly state the law and if not, why not. As set forth below, Defendants propose changes that are legally incorrect and attempt to reargue issues this Court has already resolved in previous summary-judgment rulings.[1] Plaintiffs enclose a redlined version of the instructions you circulated on March 28, 2020 with what Plaintiffs believe to be legally appropriate edits that address some of Defendants' concerns.

As an initial matter, it bears noting that, on March 28, you instructed the parties to identify any language in the Court's proposed public nuisance jury instruction for the Track 1B trial that they believed to be confusing or incorrect as a matter of law. On April 10, Defendants provided only a partial response. Defendants have taken the position that they may ignore the Court's instruction and instead may hold certain existing arguments regarding the legal sufficiency of this jury instruction until trial. Plaintiffs disagree. This Court has broad discretion to manage this litigation and if the defendants chose to ignore this deadline, they do so at their peril. Moreover, in the modifications they did propose, Defendants also appear to have ignored your March 28 instruction that the Court would only entertain two types of comments: (1) concerns that an instruction is "incorrect as a matter of law," or concerns that an instruction "would not be understandable to the jury, or would create significant confusion."

*Defendants' Proposed Changes to "Corporate Defendants" Instruction:*

Defendants previously agreed to use a standard instruction on defendant corporations among those agreed upon in CT1, in which multiple entities within the same corporate family were also defendants. *See* Doc. 2715-1 at 2. Defendants have not identified any differing law in CT1B that would require a different instruction here. Defendants

---

[1] In one respect, while disagreeing with Defendants' (deliberately incomplete) proposed language regarding the "Public Nuisance - Statutory Violations" instruction, Plaintiffs do agree that the Court should advise of the laws, designed to protect the public safety, allegedly violated.

suggest that a unique instruction is necessary here because some entities engaged in different conduct than others. That appears to be a moot point in the current posture. Moreover, the present context. Moreover, it is not meaningfully different than in CT1, where, for example, certain Actavis or Teva-owned entities asserted that they engaged in no branded marketing. As a compromise, however, Plaintiffs propose that rather than using Defendants' language, which interjects unnecessary commentary, the Court simply instruct that: "Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined."

*Defendants' Proposed Changes to Public Nuisance – Introduction:*

*First*, it bears noting that Defendants have done an about face on the nature and definition of a public nuisance. Previously, they asked the Court to instruct that: "The County Governments claim that the public nuisance is the crisis of opioid misuse and abuse in the counties." They also asked that the Court frame the public nuisance as "[an epidemic of prescription opioid abuse OR an epidemic of non-prescription, illegal opioid abuse.]" Doc. 2715-3. Now, Defendants claim that "the public nuisance, if it exists," is only "Defendants' alleged *conduct,* not the effects of that conduct." (emphasis in original). Then, they attempt to remove any reference to "causing" or "creating" a public nuisance from the public nuisance instructions. Plaintiffs also object to instructing that the conduct must be "unreasonable." Unreasonableness is already covered by their proposed language in the preceding instruction requiring an unreasonable interference. A second, separate unreasonableness requirement would only cause confusion.

This Court has already ruled on this issue. Defendants ignore that ruling, and also distort the same precedent cited by the Court. In its Opinion and Order on the Motion of Plaintiffs Cuyahoga and Summit Counties for Partial Summary Adjudication of their Equitable Claims for Abatement of an Absolute Public Nuisance, the Court described the "harm and conduct elements" of a public nuisance claim as "interrelated" and "intertwined." *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804, Doc. #1890, 2019 WL 4194272, at *1 (N.D. Ohio Sept. 4, 2019). It therefore found that "[w]hether the opioid crisis constitutes a public nuisance is a question that must await full airing of the facts at trial." *Id.* at *2. It did not suggest that the opioid epidemic could not be a public nuisance, nor did it suggest that the jury must receive a non-standard definition of public nuisance in this case.

In that ruling, the Court recognized that "[u]nder Ohio law, **"**it is the province of the court to define a nuisance and the province of the [finder of fact] to determine whether the circumstances of the particular case come within the definition of a nuisance." *Id.* at *3 (quoting *City of Hamilton v. Dilley*, 165 N.E. 713, 714 (Ohio 1929)) (alteration in original). Defendants now attempt to twist the case-law cited in that ruling to argue the court must define limited, case-specific facts or circumstances as a nuisance for the jury. That, of course is not what the Court held or Ohio law requires. The definition of a public nuisance is well settled: "Ohio follows the Restatement of the Law (Second) Torts, which broadly defines public nuisance as 'an unreasonable interference with a right common to the general public.'" *Id.* (quoting *Cincinnati v. Beretta U.S.A.*, 768 N.E.2d 1136, 1142 (Ohio 2002) (quoting Restatement § 821B(1)). That is the definition to be applied.

Notably, in that regard, the introductory language in the Ohio Pattern Jury Instructions, even in the context of damages claims, omit the type of case-specific nuisance definition Defendants seek here. *See* 1 CV Ohio Jury Instructions 621.05 ("Absolute nuisance–intentional acts") ("1. PLAINTIFF'S CLAIM. The plaintiff claims that the defendant created a nuisance and the nuisance caused damages to the plaintiff."); 1 CV Ohio Jury CV 621.01 (Absolute nuisance–statutory violation) (1. PLAINTIFF'S CLAIM. The plaintiff claims that the defendant created a nuisance and the nuisance caused damages to the plaintiff.). Although the Ohio Pattern Instructions (1 CV Ohio Jury Instructions 621.05) include a subsequent instruction on "Intentional Conduct" which may describe the specific conduct, they do not adopt the approach Defendants suggest. Further, it would only confuse the jury to interject Defendants' vague proposed placeholder regarding the nature of their conduct in this case.

*Second*, Defendants seek to remove any reference to whether they "caused" a public nuisance and replace it with a reference to being "liable" for public nuisance. The Court appropriately avoided legalese in favor of plain, understandable language. Plaintiffs therefore suggest that it reject this change. Alternatively, if the Court is inclined to revise this language, Plaintiffs suggest it use is "responsible for" rather than "liable."

*Third*, Plaintiffs have no issue with the deletion of a separate definition of "nuisance." A definition of "public nuisance" will suffice.

<u>*Defendants' Proposed Changes to Public Nuisance – Intentional Conduct:*</u>

*First*, Plaintiffs object to Defendants' proposed addition to the first paragraph, which purports to be a duplicative, unnecessary and potentially confusing summary of another instruction, and to impose a second, duplicative unreasonableness requirement. For the same reason, Plaintiffs object to Defendants' proposed addition of "Unreasonable" to the title of this instruction.

*Second,* Defendants' proposed language regarding what is necessary for this element is confusing and internally inconsistent. They suggest instructing that: "For you to find a person intended a public nuisance, you must find that the person intended to act and either acted with the purpose to produce a significant interference with public health or safety; . . ." In saying that to intend a nuisance, one must intend a significant interference with public health or safety, Defendants equate the "nuisance" with the "interference" – precisely what they said would be incorrect in any other instruction. They are not, however, entitled to pick and choose different definitions of "nuisance" depending on which element of the claim is at issue.

Further, Ohio law makes clear that it is the conduct which must be intentional, not the resulting injury. Defendants' attempt to distinguish *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017), is unavailing. There, the Court explained that: "Intentional, in this context, means not that a wrong or the existence of a nuisance was intended but that the creator of it intended to bring about the conditions which are in fact found to be a nuisance." *Id.* (quoting *Angerman v. Burick*, 2003-Ohio-1469, ¶ 10, 2003 WL 1524505 (Ohio App.)). It further stated that "[f]ollowing that rule," Courts have found that intentionally engaging in conduct such as building and operating a motorcross track, or in construction or manufacturing, could be a nuisance where those operations created a great deal of noise, even though the intent was to engage in the activity, not to cause noise. *See id.* (rejecting argument that certain case types should be written off as a "supposed 'outlier' approach"). Stated differently, "[w]here the harm and resulting damage are the necessary consequences of just what the defendant is doing. . ." the intentional conduct element is satisfied. *Id.* at 864 (emphasis added). This is entirely consistent with the Restatement's understanding of intentional conduct. *See* Restatement (Second) of Torts §825. Nevertheless, as a compromise, Plaintiffs have proposed straightforward language tracking the Restatement in the attached redline.

*Third,* Defendants' proposed definition of intent is legally incorrect and confusing. As explained above, the jury need not find that Defendants' intended to harm the public health and safety. By Defendants' own admission, it is the acts, or conduct, that must be intentional (or unlawful). Specifically, they argue that it is their "conduct" that (allegedly) "constitute[s] a public nuisance." Moreover, Defendants' proposed language is found nowhere in the pattern instructions, which focus on the intent to perform "an act" — not to cause the harm.

Defendants also propose to add "or negligently" to the Court's language stating that: "A person intends an act when that act is done purposely, not accidentally.[5]" Adding an instruction on negligence would be an inappropriate modification. It would also likely confuse the jury, which is not being instructed on what negligence means. The Court's language is consistent with the pattern instructions and appropriate.

SPANGENBERG SHIBLEY & LIBER

Additionally, Plaintiffs note that, to the extent that Defendants seek a specific mention of their alleged misconduct, this, would also be the place to include that language, not the preceding instruction. *See* 1 CV Ohio Jury Instructions 621.05 ("Absolute nuisance–intentional acts") (stating, in damages context, that "you must find by the greater weight of the evidence that the defendant intentionally and unreasonably (*describe intentional activity conducted by defendant*) which (caused [annoyance] [injury] [inconvenience] to) (endangered the [comfort] [health] [safety] of) the plaintiff).

*Fourth,* Defendants' lengthy proposed definition of "unreasonable" is based on their modification of Ohio Pattern Jury Instructions. These modifications are a selective use of factors which are geared towards private nuisances, not a public nuisance such as this. *Compare* Restatement 827 ("The rules stated in this Section are applied to conduct that results in a private nuisance, as defined in § 821D. Similar rules may be, and usually are, applied to conduct resulting in a public nuisance, as defined in § 821B."). This analysis is already built into the definition of "unreasonable interference" applied in CT1. That definition is the law of the case, and is also more concise and understandable to a jury. Specifically, in its Opinion and Order regarding the Plaintiffs' summary-judgment motion on their equitable public nuisance claims, the Court stated:

The Ohio Supreme Court has explained:

> "Unreasonable interference" *includes those acts* that significantly interfere with public health, safety, peace, comfort, or convenience, conduct that is contrary to a statute, ordinance, or regulation, or conduct that is of a continuing nature or one which has produced a permanent or long-lasting effect upon the public right, an effect of which the actor is aware or should be aware. Id., Section 821B(2).

*In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804, 2019 WL 4194272, at *1 (N.D. Ohio Sept. 4, 2019) (emphasis in original). The Court further noted "the Restatement's express inclusion of "significant interference with the public health" as one of the "(c)ircumstances that may sustain a holding that an interference with a public right is unreasonable." *Id.* at *2 n.3 (quoting Restatement 821B(2)(a)). Thus, the instructions may simply explain that conduct is unreasonable if it entails a significant interference with the public health or safety. (In this respect, the unreasonableness element is already addressed in other instructions, which require a finding of such a significant interference. Its inclusion here is therefore unnecessary.

<u>*Defendants' Proposed Changes to Public Nuisance – Unlawful Conduct:*</u>

*First*, Plaintiffs object to the proposed addition to the first paragraph, which is a duplicative, unnecessary and potentially confusing summary of another instruction.

*Second,* Defendants propose to interject lengthy verbiage into the definition of "Unlawful conduct" which offers no guidance to the jury, and is likely to lead to confusion; at the same time, Defendants would delete concise, instructive language. Plaintiffs object to Defendants proposal to alter the first three sentences of the definition of "Unlawful conduct."[2] Plaintiffs further object to the addition of Defendants' proposed language stating:

> It is not your function to determine what the law requires of Defendants. That function is the Court's alone. I will instruct you what the law requires of Defendants. You may not find liability based on

---

[2] Plaintiffs would not, however, oppose editing the Court's language, if modified to state: "'Unlawful conduct' can occur either by acting in a certain way that is prohibited, or failing to act in a certain way that is required, by statutes, ordinances, or regulations designed to protect public safety." To address both this proposed modification and Defendants' other comments, however, Plaintiffs have proposed a separate modification.

any violation other than those I will describe to you in these instructions. In this case, a Defendant has committed unlawful conduct for purposes of this element of Plaintiffs' claim if that Defendant took one or more of the following actions. [Insert specific instruction on the elements of each statutory or regulatory violation the Court determines to be supported by the evidence as a possible cause of the alleged public nuisance].

To address Defendants' concerns regarding instruction on a "safety" statute, the Court could, however, instruct that: "The federal and Ohio Controlled Substances Acts and their accompanying regulations are specific legal requirements designed for the protection of others."

Defendants are also wrong to attempt to insert language stating: "However, a defendant's activity pursuant to and in compliance with specific statutory authority or a regulatory scheme cannot constitute a public nuisance," after the sentence stating: "The person does not need to know that its conduct is unlawful for an unlawful act to occur." By definition, unlawful conduct is not conduct that complies with a statutory or regulatory scheme. Defendants' proposal is incorrect and falsely suggests a caveat that does not exist. Actions in violation of a statutory scheme, such as the CSA, are not expressly authorized by law, and therefore are not shielded from nuisance liability. The only reason defendants seek to include their proposed language is thus to confuse the jury.

*Defendants' Proposed Changes to Public Nuisance – Causation:*

Defendants' attempt to rewrite the proposed causation instruction is both incorrect in multiple respects, and likely to confuse the jury. Plaintiffs object to Defendants' proposal in its entirety.

*First*, Defendants are wrong to suggest that the requirement that Defendant's conduct be a direct cause is distinct from foreseeability. This wrong premise is the foundation of their proposed instruction. Such language is found nowhere in the model instructions and would confuse the jury. And, their attempt to heighten the legal standard is particularly inappropriate in a public nuisance case. On public nuisance claims, "where the welfare and safety of an entire community is at stake, the cause need not be so proximate as in individual negligence cases." *NAACP v. AcuSport, Inc.*, 271 F. Supp. 2d 435, 497 (E.D.N.Y. 2003); *see also City of New York v. Beretta U.S.A. Corp.*, 315 F. Supp. 2d 256, 282 (E.D.N.Y 2004). Defendants are wrong to claim that *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1147–48 (Ohio 2002) held that "in addition to foreseeability, proximate cause 'requires some direct relation between the injury and the injurious conduct'"). The language they quote simply applied basic requirements referencing directness; it did not state that this requirement is "in addition to" foreseeability.

Defendants propose a requirement of "foreseeably and directly causing" an interference with a public right and then separate definitions of "direct cause" and "foreseeable" that implies they are separate concepts. Their proposal is both incorrect and confusing. If the court wishes to give a "proximate cause" or "direct cause" instruction" it could use the language from the Pattern Instructions, which provides only: *See* CV 405.01 Proximate cause [Rev. 2/11/17], 1 CV Ohio Jury Instructions 405.01 ("PROXIMATE CAUSE DEFINED. '(Proximate) (Direct) cause" is an act or failure to act that in the natural and continuous sequence directly produced the (injury) (death) (damages) and without which the (injury) (death) (damages) would not have occurred.')." As explained below, however, the substantial factor language proposed, and the avoidance of legalese, is both a correct and preferred approach.

*Second*, any proximate cause instruction should make clear that the touchstone of proximate cause is foreseeability. Proximate cause has been defined as follows: "A person is not responsible for injury to another if his negligence is a remote cause and not a proximate cause. **A cause is remote when the result could not have been reasonably foreseen or anticipated as being the natural or probable cause of any injury.**" *Halloran v. Barnard*, 2017-Ohio-1069, ¶ 5 (emphasis added). "Directness" is also a matter for the "legal cause" prong. *See Ohio v. Carpenter*, 2019 WL

181898 (Ohio Ct. App. Jan. 14, 2019); *see also Liriano v. Hobart Corp.*, 170 F.3d 264, 271 (2d Cir. 1999) ("When a defendant's negligent act is deemed wrongful precisely because it has a strong propensity to cause the type of injury that ensued, that very causal tendency is evidence enough to establish a prima facie case of cause-in-fact."); *Brown v. Wal-Mart Stores, Inc.*, 198 F.3d 244 (6th Cir.1999). Further, under Ohio law, "proximate causation is broader with regard to intentional acts than it is for negligent acts." *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F.Supp.2d 771, 783 (N.D. Ohio 1998) (J. Gwinn); *see also* Restatement (Third) of Torts § 33(b) (2010). The Court captured this concept, concisely and without legalese, in proposing to instruct that: "Conduct is a substantial factor if the Plaintiff can show, by the greater weight of the evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause the public nuisance."

Here, again, Defendants are effectively seeking to overturn prior summary judgment rulings in CT1. In its Opinion and Order denying summary judgment motions challenging causation, the Court reasoned that "[b]ecause Plaintiffs have presented evidence that shows they have suffered the sort of injury that would be an expected consequence of the alleged wrongful conduct, Plaintiffs have done enough to withstand summary judgment on this issue," showing they could establish causation by meeting this standard. Opinion and Order Regarding Defendants' Summary Judgment Motions on Causation, *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804, 2019 WL 4178617, at *4 (N.D. Ohio Sept. 3, 2019) (explaining that "a factfinder could reasonably infer these failures were a substantial factor in producing the alleged harm suffered by Plaintiffs"); *see also, e.g., Empire Title Servs., Inc. v. Fifth Third Mortg. Co.*, 2013 WL 1337629, at *9 (N.D. Ohio Mar. 29, 2013) ("Once a plaintiff presents evidence that he suffered the sort of injury that would be the expected consequence of the defendant's wrongful conduct, he has done enough to withstand summary judgment on the ground of absence of causation.") (quoting *BCS Services, Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 758 (7th Cir.2011).

To address what they believe to be Defendants' concerns, Plaintiffs have proposed language including an additional definition in the attached redline with additional language, including a definition of "substantial factor."

Overall, it is well established that the applicable standard is whether defendant's conduct was a substantial factor in causing the public nuisance. *See* Plaintiffs' Proposed Instruction No. 19; *Pang v. Minch*, 53 Ohio St.3d 186, 559 N.E.2d 1313 (1990) (quoting Restatement (Second) of Torts § 433B(2)). Under Ohio law, when multiple wrongdoers each contribute to a combined harm, courts routinely apply the "substantial factor" test to the issue of causation. Indeed, in such cases the substantial factor test "has found general acceptance" and "is an improvement over the 'but-for' rule." Prosser and Keeton, Law of Torts § 41, p. 267 (5th ed. 1984); *see also* Dan B. Dobbs, Paul T. Hayden and Ellen M. Bublick, The Law of Torts § 189, p. 635 (2nd ed. 2011) (succinctly stating the rule as "all defendants who are substantial factors in the harm are factual causes").[3]

---

[3] The threshold inquiry for the substantial factor rule is whether the defendant's wrongful conduct had "a substantial as distinguished from a merely negligible effect in bringing about plaintiff's harm." Restatement (Second) of Torts § 431, comment b (1965). The inquiry can be broken down into two separate questions: (1) whether "the evidence permits a reasonable finding that the defendant's conduct had some effect" in bringing about plaintiff's harm; and (2) "whether the effect was substantial rather than negligible." Restatement (Second) of Torts § 431, comment b (1965). "The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in a popular sense, in which there always lurks the idea of responsibility, rather than the so-called 'philosophical sense,' which includes every one of the great number of events without which any happening would not have occurred." *Horton v. Harwick Chem. Corp.*, 1995-Ohio-286, 73 Ohio St. 3d 679, 686, 653 N.E.2d 1196, 1202, *overturned due to legislative action* (Sept. 2, 2004) (quoting Restatement (Second) of Torts § 431, comment a). Plaintiffs have included language tracking this Restatement language regarding the substantial factor rule in the attached redline.

*Defendants' Proposed Changes to Public Nuisance – Conclusion:*

Plaintiffs object to Defendants' attempt to add a needless, duplicate special instruction on corporate defendants that are within a corporate family.

Plaintiffs do, however, believe that there are a couple of paragraphs in the Court's proposed conclusion that are unnecessary, redundant, and could be confusing to a jury. We recommend their deletion in the attached redline.

Plaintiffs, in submitting this response and their April 10, 2020 response, have taken seriously the Court's admonition that they should not raise any issue other than perceived legal error or legitimate concern for confusion. Because defendants have not abided by that admonition and have proposed numerous changes that are legally incorrect, Plaintiffs urge the Court to reject Defendants' proposed modifications, except as set forth above.

Respectfully submitted,

Peter H. Weinberger
pweinberger@spanglaw.com

PHW/ss
Enclosure

cc: 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>;
xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

## CORPORATE DEFENDANTS

The Defendants are corporations. Corporations can be held liable for their acts or omissions, just as you or I can. As corporations, they can act or fail to act only through their officers and employees. The conduct of an officer or employee acting within the scope of his or her employment should be treated as the conduct of the corporation.

During my summary of the Plaintiffs' claims, I will often use the word "person" or "persons." Please bear in mind that for all of these claims, corporations are considered persons. Each person, including each corporation, is considered a separate person under the law, whose liability must be separately determined.[1]

---

[1] Plaintiffs would accept this language to address Defendants' concerns.

## PUBLIC NUISANCE - INTRODUCTION

I will now instruct you on Plaintiffs' public nuisance claims.

Each Plaintiff alleges that each Defendant caused a public nuisance based on its conduct in distributing or dispensing[2] prescription opiates.

Let me define for you the legal term~~s "nuisance" and~~ "public nuisance."

~~"**Nuisance**" means the wrongful invasion by one person of the legal right or interest of another.[3][4]~~

A '**public nuisance**' is an unreasonable interference with a right held by the public in common.[5] A public nuisance includes an unreasonable[6] interference with public health or public safety.[7]

For a Defendant to be held liable for creating a public nuisance, a Plaintiff must show, by the greater weight of the evidence, that the Defendant did one or both of the following two things:

1. The Defendant engaged in *intentional conduct* that caused a significant interference with a public right to health or safety; or

2. The Defendant engaged in *unlawful conduct* that caused a significant interference with a public right to health or safety.

---

[2] Plaintiffs recognize "or dispensing" will be omitted.
[3] ~~*Taylor v. Cincinnati*, 55 N.E.2d 724 (Ohio 1944); *Kramer v. Angel's Path, L.L.C.*, 882 N.E.2d 46 (Ohio Ct. App. 2007) (same).~~
[4] Plaintiffs do not oppose Defendants' proposal to omit this "nuisance" definition.
[5] *See* Restatement (Second) of Torts § 821B cmt. g ("It is not, however, necessary that the entire community be affected by a public nuisance, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right or it otherwise affects the interests of the community at large.")
[6] Plaintiffs do not oppose this change, which Defendants have proposed.
[7] *Id*.

Please remember that you are being asked to determine only whether one or more of the Defendants caused a public nuisance. You are not being asked to determine whether there should be a remedy for this claim, or what that remedy should be. If you find that one or more of the Defendants caused a public nuisance, the Court will determine the remedy.

## PUBLIC NUISANCE – INTENTIONAL CONDUCT

Now, let me define some of the terms I just used. One of those terms is "***intentional conduct***."

"Intentional conduct" occurs when a person acts with the purpose to produce a specific result.[8] A person intends an act when that act is done purposely, not accidentally.[9] The intent with which a person acts is known only to that person.[10] There are two ways to prove a person's intentional conduct.[11] One, when a person expresses its intent to others.[12] Or two, when a person somehow indicates its intent by its conduct.[13]

For you to find a person intended to cause a public nuisance, it is enough that the person intended to act and knew or should have known that an interference with public health or public safety would result, or was substantially certain to result, from its conduct.[14] that the act caused the public nuisance.[15] It is not necessary for you to find that the person intended that the act would cause the public nuisance.[16]

---

[8] OJI 621.05(3).
[9] *Id*.
[10] *Id*.
[11] *Id*.
[12] *Id*.
[13] *Id*.
[14] Plaintiffs would accept this language to address Defendants' concerns.
[15] *Nottke v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 859, 863 (N.D. Ohio 2017) (quoting *Angerman v. Burick,* 2003-Ohio-1469, ¶ 10, 2003 WL 1524505 (Ohio App. 2003); Doc #: 2715-2 at 17.; Restatement (Second) of Torts §825.
[16] *Id*.

## PUBLC NUISANCE – UNLAWFUL CONDUCT

Next, let me define the term "*unlawful conduct*."

"Unlawful conduct" can occur either by acting in a certain way that is prohibited, or failing to act in a certain way that is required. Specifically, unlawful conduct occurs when a person engages in conduct that is prohibited by a "safety" statute, ordinance, or regulation. And unlawful conduct also occurs when a "safety" statute, ordinance, or regulation requires a person to engage in certain conduct, but the person fails to do so.  A "safety" law is one that imposes specific legal requirements for the protection of others.  The federal and Ohio Controlled Substances Acts and their accompanying regulations are specific legal requirements designed for the protection of others.[17] [18]

The person does not need to know that its conduct is unlawful for an unlawful act to occur.

---

[17] Plaintiffs would accept the proposed modifications reflected here to address Defendants' concerns.

[18] Congress expressly recognized in enacting the Controlled Substances Act ("CSA") that "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people."  21 U.S.C. § 801(2).  As the Drug Enforcement Administration ("DEA") has explained, "even just one distributor that uses its DEA registration to facilitate diversion can cause enormous harm."  Letter from Joseph T. Rannazzisi, Deputy Assistant Adm'r, Off. of Diversion Control, Drug Enf't Admin., U.S. Dep't of Justice, to Cardinal Health (Sept. 27, 2006), filed in *Cardinal Health, Inc. Inc. v. Holder*, No. 1:12-cv-00185-RBW (D.D.C. Feb. 10, 2012), ECF No. 14-51.  Ohio law likewise requires, among other things that wholesalers obtain licenses and comply with legal requirements concerning distribution of "dangerous drugs," for the protection of the public.  *See* R.C. § 4729.51.

## PUBLIC NUISANCE – CAUSATION

Under either~~both~~ of the two ways of proving a public nuisance, a Plaintiff must prove by the greater weight of the evidence that a Defendant's conduct *caused* an interference with a right to public health or safety. Let me explain something about causation.

An individual defendant's conduct need not be independently capable, all by itself, of causing the public nuisance. There may be multiple causes of a public nuisance. The fact that some other cause or causes combined with a Defendant's conduct in creating the public nuisance does not relieve that Defendant from liability if the Plaintiff can prove that the ~~type of~~ conduct the Defendant engaged in was a *substantial factor* in creating the public nuisance. Conduct is a substantial factor if it has "some effect" and that effect is "substantial rather than negligible."[19] In this context, the word "substantial" has a particular meaning, which may differ from the way you use the word in ordinary conversation. "The word 'substantial' is used to describe a Defendant's conduct that has such an effect in producing the harm as to lead reasonable person to regard that conduct as a cause of the harm.

In addition, the Plaintiff must ~~can~~ show, by the greater weight of the evidence, that the type of conduct a Defendant engaged in could reasonably be expected to cause an interference with public health and safety.[20] Defendants do not, however, need to foresee the specific harm that occurred.[21]

---

[19] Restatement (Second) of Torts § 431, comment *b* (1965).
[20] *Halloran v. Barnard*, 2017-Ohio-1069, ¶ 5.
[21] Plaintiffs would accept the proposed language shown in redline to address Defendants' concerns.

## PUBLIC NUISANCE – CONCLUSION

When rendering your verdict on the Plaintiffs' claims of public nuisance, you must consider each claim against each Defendant separately. In other words, you must independently decide each separate Plaintiff's claim against each separate Defendant.

Thus, if you find that a particular Plaintiff has proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be for that Plaintiff and against that Defendant.

Similarly, if you find that a particular Plaintiff has failed to prove its public nuisance claim by the greater weight of the evidence against a particular Defendant, then your verdict must be against that Plaintiff and for that Defendant.

~~Even if you find that a particular Plaintiff proved its public nuisance claim by the greater weight of the evidence against a particular Defendant, if you also find that the same Plaintiff failed to prove its public nuisance claim by the greater weight of the evidence against any other Defendant, then your verdict must be for that other Defendant.~~

~~If you find that a Plaintiff did not prove its public nuisance claim by the greater weight of the evidence against any of the Defendants, then your verdict must be against that Plaintiff for all of the Defendants.[22]~~

To repeat: you must independently decide each separate Plaintiff's claim against each separate Defendant, and render your verdict accordingly. Just because you find in favor of one Plaintiff or one Defendant does not mean you must find in favor or any other Plaintiff or any other Defendant.

---

[22] Because this language duplicates direction provided in the preceding paragraphs of this instruction, Plaintiffs suggest deleting these two paragraphs to avoid confusion.

The verdict form will guide you through this process.