## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-MD-2804 |
| *Track Eight* | ) ) ) ) ) | Judge Dan Aaron Polster |
| | | **ORDER DENYING MOTION FOR RECONSIDERATION OR CERTIFICATION** |

On October 25, 2021, the Court entered an Order denying Defendant Publix Super Markets, Inc.'s Motion to Dismiss Plaintiff Cobb County's Complaint. *See* Doc. #: 4071 (the "*Track Eight Order*"). Publix now asks the Court to: (1) reconsider and grant its motion to dismiss; or (2) certify to the Georgia Supreme Court a question regarding the scope of the State's public nuisance law. Doc. #: 4208. Cobb County filed an opposition brief (Doc. #: 4223) and Publix filed a reply brief (Doc. #: 4225). For the reasons stated below, Publix's motion for reconsideration is **DENIED** and the motion for certification is also **DENIED**.

**I.  Background.**

Publix's original motion advanced two arguments for dismissal of the County's Complaint. The first, challenging the sufficiency of the County's factual allegations, asserted the Complaint "failed to specify wrongdoing by Publix or any actual connection between Publix's actions and Cobb County." Doc. #: 3906-1 at 1. The Court easily rejected this argument, concluding the County's pleading stated a plausible claim for the relief it seeks. *See Track Eight Order* at 3-7. Publix does not seek reconsideration of this ruling.

1

Publix's motion to dismiss also contended that "Georgia does not recognize a public nuisance claim when the statute governing the relevant activity does not include such a cause of action." Doc. #: 3906-1 at 1–5. Upon careful consideration, the Court rejected this argument as well. *Track Eight Order* at 7-14. Publix now asks the Court to reconsider that conclusion.

## II.     Legal Standard for Reconsideration.

Publix's instant motion seeks reconsideration of the Court's public nuisance ruling "to correct a clear error or prevent manifest injustice." Motion at 4 (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir. 2004)). "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).

## III.    Publix's Arguments Regarding Statutory Preemption of Public Nuisance Claims.
### A.  *Boykin v. Ball Inv. Co.*

Publix insists its motion for reconsideration does not reargue points already made in its original motion to dismiss. (Motion at 4). But its arguments for reconsideration clearly echo those it asserted in its original motion. Consequently, Publix provides no reason for the Court to amend its prior decision.

As the Court explained in its earlier order, a long line of Georgia Supreme Court cases recognizes a county attorney's authority to: (i) bring a public nuisance action;[1] and (ii) maintain such an action where "the plaintiff has alleged a state of facts which amounts in law to a public nuisance."[2] *Boykin v. Ball Inv. Co.*, 12 S.E.2d 574, 578 (Ga. 1940). *Boykin* and the cases supporting its reasoning conclude that a claim based *solely* on a statutory violation is insufficient to constitute a public nuisance. Therefore, unless the statute at issue provides that a "violation of its provisions shall constitute a nuisance," the recourse for alleged insufficient statutory remedies is an appeal "to lawmakers and not a court of equity." *Id.* at 581. In this case, however, the Court found the County's public nuisance pleading goes well beyond simply claiming an infraction of Georgia's Pharmacy Practice Act (the "PPA"), and alleges facts sufficient to state a cognizable claim pursuant to the Georgia nuisance statute.[3] Notably, Publix's Motion does not challenge that finding.

---

[1] Section 41-2-2, of the Ga. Code provides: "Private citizens may not generally interfere to have a public nuisance abated. A complaint must be filed by the district attorney, solicitor-general, city attorney, or county attorney on behalf of the public. However, a public nuisance may be abated upon filing of a complaint by any private citizen specially injured."

[2] Contrary to Publix's contention, the precedent cited by *Boykin* does not refute, but rather supports, a conclusion that, while a statutory violation in and of itself does not amount to a public nuisance, a statutorily-proscribed act may be the proper subject of a public nuisance claim based on facts amounting to a public nuisance under the Ga. Code sections quoted in Note 3, *infra*. *See Dean v. State*, 106 S.E. 792 (Ga. 1921) ("[i]f a criminal act affect the whole community, or a part of the community necessarily brought in contact therewith, the act may be abated by process in the name of the state as a public nuisance, although criminal," but finding the statutory violation at issue did not amount to a public nuisance); *Bennet v. Bennet*, 132 S.E. 528 (Ga. 1926) ("[a] court of equity will not enjoin the commission of crime generally; but it has jurisdiction, and will in a proper case, at the instance of the state, restrain an existing or threatened public nuisance, though the offender is amenable to the criminal laws of the state" (quoting Dean, *supra*); but concluding in the case before it that defendant's violation of lending acts did not amount to a public nuisance); *see also Webb v. Alexander*, 43 S.E.2d 668, 671 (Ga. 1947) ("[t]his court has held, in effect, on many occasions that a simple violation of [s]ome law without more does not constitute a public nuisance," citing *Boykin,* but finding the nuisance alleged was unsubstantiated by allegations sufficient to create a public nuisance).

[3] *See* O.C.G.A. 41-1-1 ("A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such

### B. *Sturm, Ruger & Co., Inc. v. City of Atlanta.*

Publix asserts the ruling of the Georgia Court of Appeals in *Sturm, Ruger & Co., Inc. v. City of Atlanta*, 560 S.E.2d 525, 530 (Ga. Ct. App. 2002), provides additional support for its contention that *Boykin* preempts public nuisance liability premised upon statutory violations, and therefore requires dismissal of the County's action as displaced by the PPA. Motion at 8-10, Reply at 3-4. This argument, raised for the first time in Publix's reconsideration motion, is both untimely and without merit.

Publix could have presented *Sturm* for the Court's consideration in its original motion. As the County points out, "[i]t is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" Response at 4-6 (quoting *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted)); *see also United States v. Curry*, 2020 WL 5653328, at *1 (E.D. Mich. Sept. 23, 2020) (reconsideration is improper if based on cases that "existed long before" the original motion). Given that the *Sturm* opinion is 20 years old, there is no reason Publix could not have raised *Sturm* in its original motion to dismiss.

Moreover, even if Publix had timely raised its new argument, *Sturm* does not compel a different outcome. *See Rodriguez*, 89 F. App'x at 959–960 ("justice does not require that the district court allow [a party seeking reconsideration] an opportunity to make a legal argument on an issue that would not alter the district court's prior decision"). In *Sturm*, the City of Atlanta brought a claim for public nuisance (among others) against a gun manufacturer, asserting the City suffered harm arising from the defendant's manufacture, distribution, and sale of defective and unreasonably dangerous firearms.

---

as would affect an ordinary, reasonable man."); O.C.G.A. 41-1-2 ("A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals.").

4

*Sturm*, 560 S.E.2d at 527-530. The Georgia Court of Appeals dismissed the case, concluding Georgia's Constitution and laws vest the power to regulate firearms solely in the State, thereby preempting any effort by local governments to "usurp the governmental powers and authority of Georgia's General assembly" – whether by passing an ordinance or filing suit. *Id.*

Publix contends *Boykin* "foreshadow[ed] the express and inferred preemption doctrines espoused" by the *Sturm* Court. Motion at 8. While acknowledging the *Sturm* decision was based on ***express*** preemption, Publix argues *Sturm* "endorsed the 'inferred preemption' at the heart of the *Boykin* decision." *Id.* at 8-9. The comment to which Publix refers, however, was explicitly limited to the case before the Court: "**In this case**, preemption can be inferred from the comprehensive nature of the statutes regulating firearms in Georgia . . . ." *Id.* at 9 (emphasis added). Publix argues the same field preemption should apply to the PPA, but *Sturm's* holding was based on the Georgia legislature's ***clearly expressed*** preemption of the field of firearms regulation. *Sturm* at 529-230. The PPA includes no similar provision displacing public nuisance liability, nor has Publix identified Georgia caselaw holding the comprehensive nature of a regulatory statute implies field preemption.

In sum, the *Sturm* court's decision does not support a conclusion that *Boykin* inferentially preempted public nuisance liability based on any and all statutory violations. To the contrary, this Court's prior ruling found *Boykin* and its precedent and progeny recognize the viability of claims brought by local governments, based on statutory violations, where the facts alleged suffice to constitute a public nuisance; and the Court found the County's pleading states such a claim. *Track Eight Order* at 8-13. Nothing in Publix's motion for reconsideration gives the Court reason to change its conclusion.

IV.   **Certification to the Georgia Supreme Court.**

Publix asks that, if its motion to dismiss is not granted, the Court certify to the Georgia Supreme Court a question "regarding whether the County has asserted an actionable claim of public nuisance."

5

Motion at 10-13; Reply at 1-3. The Court declines this request. *See Pennington v. State Farm Mut. Auto. Ins. Co*, 553 F.3d 447, 449–50 (6th Cir. 2009) ("The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court.").

The principal reason for denying Publix's certification request is that, coming after the Court denied Publix's motion to dismiss, it is untimely. The Sixth Circuit instructs:

> [T]he appropriate time to request certification of a state-law issue "is before, not after, the district court has resolved [it]." *State Auto Property and Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015). "[O]therwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision." *Id.* (citing and quoting *Perkins v. Clark Equip. Co. Melrose Div.*, 823 F.2d 207, 209–10 (8th Cir. 1987)). Moreover, we are not inclined to "trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (citation omitted). "When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Id.* (citation omitted). That course is most appropriate here, where the Vances chose to file in federal court and "seek refuge" in state court only after an unfavorable ruling. *Hotels.com*, 639 F.3d at 654 (citation and alterations omitted).

*In re Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, 852 F.3d 601, 607–608 (6th Cir. 2017).

Furthermore, *Boykin,* the decision Publix relied upon in its original motion challenging the County's public nuisance claim, obviates the need for certification because it "provides sufficient guidance to allow [the Court] to make a clear and principled decision." *See Pennington,* 553 F.3d at 450 (finding that, under those circumstances, there was no reason to certify the question at issue). For the reasons stated in the *Track Eight Order* and Point III, *supra,* the Court denied Publix's original motion for dismissal and finds no new grounds for altering its decision.

Finally, Publix urges the Court to follow the "national trend against the use of public nuisance law to support opioid claims," exemplified by the post-trial rulings in *Williams v. Purdue Pharma L.P.*, No. 30-2014-00725287-CU-BT-CXC (Super. Ct. Cal. Dec. 14, 2021), and *Hunter v. Johnson &*

6

*Johnson,* 499 P.3d 719 (Okla. Nov. 9, 2021).[4] Motion at 2-3, 11-12, Exs. A & B, Reply at 1-3. This argument is unavailing. The *Williams* court did ***not*** conclude public nuisance is an inappropriate cause of action for the vindication of opioid claims; rather, it concluded the plaintiff governmental entities "failed to prove the element of 'unreasonable' interference" and also "failed to prove that any such alleged interference was more than 'negligible or theoretical.'" *Williams*, slip op. at 8; *see also id.* at 16 ("The Court will not opine on all the ways in which the People ***could have*** sought to discharge their burden" of proving "Defendants' marketing and promotion caused health care providers to write medically inappropriate prescriptions") (emphasis added). A failure of proof does not show any "trend" against the use of public nuisance law to support opioid claims. As for *Hunter*, the Oklahoma Supreme court examined "legal interpretation of ***Oklahoma's*** nuisance statutes," which are clearly different from Georgia's statutes, and Publix undertakes no comparison of the two legislative schemes. *Hunter*, 499 P.3d at 723. *Hunter* and *Williams* do not give the Court reason to reconsider its earlier decision, or to certify to the Georgia Supreme Court a question regarding the viability of the County's public nuisance claim.

V.  **Conclusion.**

For the foregoing reasons, Publix's motions for reconsideration and certification are **DENIED.**

**IT IS SO ORDERED.**

    /s/Dan Aaron Polster  1/26/22
**DAN AARON POSTER**
**UNITED STATES DISTRICT JUDGE**

---

[4] The *Hunter* and *Williams* decisions were issued after the *Track Eight Order*, so Publix could not have included in its original motion the argument it asserts here.