UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*Track Three*" | ) ) ) | |
| | ) | **PHASE II DISCOVERY ORDER** |
| | ) | |

On November 23, 2021, following a seven-week trial, a jury returned a verdict in favor of the Track Three Plaintiffs on their claim for public nuisance. *See* docket no. 4176 (verdict forms). Accordingly, the Court set a hearing, to begin on May 9, 2022, for "Phase II" of the Track Three trial. At this Phase II hearing, the Court will receive evidence regarding the necessary cost and scope of equitable abatement of the nuisance.

On December 22, 2021, Defendants propounded "Requests for Production and Interrogatories to Plaintiffs Relating to the Track Three Abatement Phase." Plaintiffs objected, arguing the Court had not bifurcated discovery between Phase I and Phase II of the trial, and the discovery deadline was long-past. Following a January 3, 2022 status call with the parties, the Court entered an Order stating as follows:

> Regarding discovery, Plaintiffs and Defendants shall promptly meet and confer regarding whether any information produced in preparation for the Phase I trial requires updating for Phase II. If the parties remain unable to resolve any disagreements, they shall promptly raise those issues with Special Master Cohen for resolution.

*Order Regarding Abatement Proceeding* at 1 (docket no. 4220). The Court also directed Plaintiffs

to produce discovery showing how much they had spent "for each element listed in their abatement plan" during the last two years. *Id.*

The parties followed the Court's directive and undertook negotiation over the scope of additional discovery Plaintiffs would produce for Phase II. Although the parties reached tentative agreement regarding some of Defendants' discovery requests, they were unable to reach agreement as to other requests and so ultimately agreed to nothing. The parties then submitted position papers to the undersigned. Having reviewed the parties' email correspondence during their discovery negotiations, as well as their position papers, the Special Master rules as follows.

**Requests For Production**

Defendants' discovery requests begin with seven "requests to bring current prior productions of specific categories of documents." Requests at 4. During their negotiations, Plaintiffs agreed to fulfill these requests by supplementing certain "identified documents with the most recent version of the same, to the extent a more recent version has been created." *See* January 20, 2022 letter from Hunter Shkolnik to Special Master at 3 (listing the documents). Defendants appeared to tentatively accept this offer, but negotiations broke down when the parties could not also agree on whether Plaintiffs would respond to Defendants' interrogatories.

The Special Master has reviewed the seven requests and Plaintiffs' offer of supplementation, and concludes Plaintiffs' negotiated-but-withdrawn offer is both reasonable and sufficient, and meets all requirements of Fed. R. Civ. P. 26(b)(1) – especially in all of the circumstances of this

case.¹ Accordingly, Plaintiffs shall produce the documents listed in their January 20, 2022 letter.

Defendants also propounded an "additional request for production" related to settlement agreements signed by co-Defendants Rite Aid and Giant Eagle. During their negotiations, Plaintiffs agreed to fulfill this request by producing prior settlement agreements. *See* January 20, 2022 letter at 4. Again, for the same reasons, the Special Master concludes Plaintiffs' earlier-negotiated offer is both reasonable and sufficient; accordingly, Plaintiffs shall produce the relevant settlement agreements.

**Interrogatories**

Although the parties had largely come to agreement regarding Defendants' requests for production, they could not agree at all on Defendants' five interrogatories. The Special Master concludes as follows:

*Interrogatory #1*

*First sentence:* Given that Plaintiffs are producing the settlement agreements, they need not explain their terms. *Second sentence:* Plaintiffs shall provide the requested explanation regarding planned allocation of settlement funds, to the extent they know; if they do not yet know, they may say so.

---

¹ Those circumstances include: (a) the Court specifically did ***not*** limit pre-trial discovery to the issue of liability, so the parties were allowed to and did already pursue discovery regarding Phase II abatement issues before the discovery cut-off date; and (b) all parties are required to supplement document production if it becomes incorrect or stale, *see* Fed. R. Civ. P. 26(e).

*Interrogatory #2*

*First sentence:* Plaintiffs shall respond to the question about "national settlements," which is hereby defined to include the OneOhio settlement. *Second sentence:* Plaintiffs shall provide the requested explanation regarding amount and planned allocation of settlement funds, to the extent they know; if they do not yet know, they may say so.

*Interrogatory #3*

*First sentence:* Plaintiffs shall respond to the question about Purdue and Mallinckrodt. *Second sentence:* Plaintiffs shall provide the requested explanation regarding amounts and planned allocation of benefits, to the extent they know; if they do not yet know, they may say so.

*Interrogatory #4*

Plaintiffs need not answer this interrogatory. The information could easily have been requested during the initial allowed discovery period, especially because it is related more to liability than abatement. Furthermore, the information requested was the subject of expert testimony in Phase I.

*Interrogatory #5*

Plaintiffs need not answer this interrogatory. Not only does the information requested include sensitive, confidential, and private individual medical information – de-identification of which would require lengthy and expensive effort – but the request is dramatically overbroad (and, in part, impossible to answer, as it seeks unknowable information about the future).

**Conclusion**

Plaintiffs insist Defendants are not entitled to *any* additional discovery, because the discovery period has closed and Defendants could have timely asked for most of the information they now seek. Defendants respond they are entitled to updated, current information, as well as additional, newly-relevant information. The rulings above set the proper balance, allowing Defendants' to obtain the appropriate quantum of necessary new and updated relevant data, without unreasonably burdening Plaintiffs or requiring production of marginally meaningful materials.

Any party choosing to object to any aspect of this Order must do so on or before 12:00 p.m. on January 31, 2022

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** January 26, 2022