UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) | MDL 2804 |
| ) | |
| ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge Dan Aaron Polster |
| *The County of Lake, Ohio v. Purdue Pharma L.P., et al.*, Case No. 18-op-45032 ) ) ) | **OPINION AND ORDER** |
| ) | |
| *The County of Trumbull, Ohio v. Purdue Pharma L.P., et al.*, Case No. 18-op-45079 ) ) ) | |

Before the Court is Defendants' Joint Motion for Certification of Orders for Interlocutory Appeal (the "Motion"). Doc. 4205. Plaintiffs have filed an opposition brief (Doc. 4240), and the Pharmacy Defendants submitted a reply brief (Doc. 4246). For the following reasons, the Motion is **DENIED**.

**I. Background**

On December 21, 2022, the Pharmacy Defendants[1] jointly moved for certification of interlocutory appeals on three issues in the Court's prior orders. The first issue is whether the Ohio Product Liability Act ("OPLA") abrogated Plaintiffs' (Ohio's Lake and Trumbull Counties) public nuisance claim. Doc. 4205 at 4-7. The Pharmacy Defendants earlier raised this issue by incorporation in their Track Three Joint Motion to Dismiss, which the Court denied on August 6, 2020. Doc. 3340-1 at 30 (citing Doc. 497-1 at 8 and Doc. 491-1 at 22-26); Doc. 3403 at 32-33. The second issue is whether the Court properly handled a juror's misconduct during the trial. Doc.

---

[1] The Pharmacy Defendants are Walmart Inc.; Walgreens Boots Alliance, Inc.; Walgreen Co.; Walgreen Eastern Co., Inc.; CVS Pharmacy, Inc.; Ohio CVS Stores, L.L.C.; CVS TN Distribution, L.L.C.; CVS Rx Services, Inc.; CVS Indiana, L.L.C.

4205 at 8-10. The Pharmacy Defendants earlier raised this issue in their mistrial motion, which the Court orally denied on October 25, 2021. Doc. 4068 at 3-6; Doc. 4078 at 3785-89. The final issue is whether the Controlled Substances Act ("CSA") imposes anti-diversion duties on corporate pharmacies. Doc. 4205 at 10-13. The Court not only rejected the Pharmacy Defendants' position in the August 6, 2020 dismissal order, but it also refused to certify the issue for interlocutory appeal on September 22, 2020. Doc. 3403 at 13-25; Doc. 3439-1 at 21-23; Doc. 3499 at 8-9.

## II. Analysis

### A. Redundancy

As an initial matter, the Motion is partially redundant because the Court has already declined to certify the OPLA abrogation and CSA duties issues for interlocutory appeal. Doc. 1283 at 2; Doc. 3499 at 8-9.[2] Despite these prior orders, the Pharmacy Defendants neither ask the Court to reconsider the previous rulings, nor apply the law of reconsideration in their recent Motion. Rather, the Pharmacy Defendants present their certification arguments anew without any reference to the Court's previous decisions. The Court declines to entertain these certification arguments again, particularly because the Pharmacy Defendants have provided no reason to do so. *Cf. Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (commenting that "routine resort" to interlocutory appeal confounds the federal courts final judgment rule).

### B. Timing

A motion for an interlocutory appeal certification must be filed with the district court within a reasonable amount of time after the court issues the order sought to be appealed. *See Williams Powell Co. v. National Indem. Co.*, 1:14-cv-807, 2019 WL 6840167, at *1 (S.D. Ohio

---

[2] During Track One, the Court rejected the OPLA abrogation argument. Doc. 1203. The Distributor Defendants then moved for certification of an interlocutory appeal on the abrogation issue (Doc. 1280-1 at 19-22), but the Court denied the motion (Doc. 1283).

Dec. 16, 2019) (citing *Arenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000)).[3] While the relevant statute does not fix a specific time by which a certification motion must be filed with the district court, various courts within this Circuit have commented that a lapse of more than "two months" between the court order and the certification request is unreasonable and untimely. *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 914 (E.D. Mich. 2003).

In this case, the Pharmacy Defendants' request to certify portions of the Court's dismissal order is plainly untimely because their delay is measured not in months, but in years.[4] The Court first rejected the OPLA abrogation issue during Track One on December 19, 2018, meaning the Pharmacy Defendants waited three years and one day before asking the Court to certify an interlocutory appeal of this issue.[5] Likewise, the Court issued its dismissal order on August 6, 2020, which is a delay of one year and four months.

The Pharmacy Defendants' only explanation for their delay is the "changed posture" of the case, but this does not excuse their delays. The Pharmacy Defendants offer no legal support for the proposition that a "changed posture" can excuse years-long delays. Doc. 4246 at 2, 4. And, even assuming *arguendo* the Pharmacy Defendants are correct, their identified changes in posture do not help them. The Pharmacy Defendants first contend their request to certify the OPLA abrogation issue is timely because the Court was previously reluctant to allow an interlocutory

---

[3] Curiously, the Pharmacy Defendants cite the *Arenholz* case in their reply brief for the proposition that there is no statutory time limit to seek certification but somehow omit the very next sentence, which states there is a "non-statutory requirement" that the certification must be sought within a "reasonable time" after the order to be appealed is issued. Doc. 4246 at 4. It is extremely bad form for the Pharmacy Defendants to cherry-pick portions of a decision supporting their argument and simply ignore the rest.

[4] Even the Pharmacy Defendants' certification request for the juror misconduct issue is pushing the limits of reasonableness because they waited 56 days before requesting an interlocutory appeal of the mistrial order. This delay approaches the two-month limit articulated in *Eagan*.

[5] During Track One, the Pharmacy Defendants' dismissal motion adopted the Distributor Defendants' OPLA abrogation argument. Doc. 497-1 at 8 (citing Doc. 491-1 at 22-26). However, the Pharmacy Defendants did not subsequently join the Distributor Defendants' motion to certify the issue for interlocutory appeal. *See* Doc. 1280.

appeal without proper discovery. Doc. 4246 at 4-5. Yet, the case has long since advanced past discovery, and the Pharmacy Defendants still waited years to seek certification. Further, the Pharmacy Defendants defend their delay in seeking certification of the CSA duties issue for a second time by pointing to Plaintiffs' decision to drop their distribution-based claims during trial. *Id.* at 5. But the Court previously denied certification of this issue, in part, because Plaintiffs could establish public nuisance in dispensing without proving CSA violations, and that logic remains true without the distribution claims. Thus, the Pharmacy Defendants have failed to provide an adequate explanation for their delay, and that alone warrants denial of this branch of the Motion.

### C. Merits

Even without the redundancy and timing issues, the Court further concludes the Pharmacy Defendants' certification arguments fail on the merits because none of their identified issues meet the statutory criteria for certification. Under 28 U.S.C. § 1292(b), a district court may, at its discretion, certify an order for interlocutory appeal when: (1) the order at issue involves a controlling question of law; (2) there is substantial ground for difference of opinion of the legal issue; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." When analyzing these elements, a district court must be mindful that certification under Section 1292(b) should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Indeed, "doubts regarding appealability should be resolved in favor of finding that the interlocutory order is not appealable." *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 643 (N.D. Ohio 2016) (internal alterations omitted) (citing *United States v. Stone*, 53 F.3d 141, 143-44 (6th Cir. 1995)).

Here, each of the Pharmacy Defendants' identified issues clearly do not meet the third element because resolution of the issues will not materially advance termination of the litigation.

4

First, the OPLA abrogation issue fails because Plaintiffs have other causes of action against the Pharmacy Defendants that were bifurcated and stayed during the public nuisance trial, and they will be able to pursue those claims even if the OPLA abrogated the public nuisance claim. Doc. 3315. Next, as even the Pharmacy Defendants recognize, the juror misconduct issue would result in a new public nuisance trial, which would extend the litigation rather than advance its termination. *See* Doc. 4205 at 10. Third, as the Court previously explained, the CSA duties issue would not terminate the litigation because Plaintiffs can establish public nuisance with proof of either intentional *or* unlawful conduct—meaning Plaintiffs could succeed with evidence of intentional conduct even if the Pharmacy Defendants did not violate the CSA. Doc. 3499 at 8-9.

Quite simply, each of the proposed interlocutory appeals will unnecessarily extend the litigation because a final judgment is near. The abatement hearing is set for two weeks in May 2022, and the parties have invested significant time and resources to prepare. Authorizing an appeal at this juncture will result in longer delays than if the Court simply proceeds to the abatement hearing. At that point, there will be a final judgment, and the parties can appeal as a matter of right. The Court is certain that the Sixth Circuit Court of Appeals will be better off addressing all appellate issues at once on a complete record.

### III. Conclusion

Defendants' Joint Motion for Certification of Orders for Interlocutory Appeal, Doc. 4205, is DENIED.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   1/31/22*
**Dan Aaron Polster**
**United States District Judge**