# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## PHARMACY DEFENDANTS' OBJECTION TO PHASE II DISCOVERY ORDER

CVS, Walgreens and Walmart ("Pharmacy Defendants") hereby object, in part, to the Special Master's Phase II Discovery Order (Doc. 4247). While the Special Master's Order grants certain of the Pharmacy Defendants' requests for abatement-related discovery, it denies others.

We appreciate the Special Master's effort to navigate the issues and strike an appropriate balance. In this regard, Pharmacy Defendants do not seek relief on all of the adverse rulings in the Special Master's order, even though it means that Pharmacy Defendants will not receive the full scope of supplemental productions and disclosures that Rule 26(e) requires and to which they otherwise are entitled. Pharmacy Defendants instead limit this Objection to the Special Master's ruling on two abatement-related discovery requests: (1) a request for updated custodial files for the two fact witnesses who plaintiffs intend to call at the abatement trial, and (2) Interrogatory No. 5, which asks plaintiffs to provide information, in deidentified fashion, about the persons they seek to treat through their abatement plan. We request an order compelling Plaintiffs to respond to these two requests.[1]

---

[1] Pharmacy Defendants' abatement-related discovery requests are attached at Exhibit A. Pharmacy Defendants' opening letter to Special Master Cohen is attached at Exhibit B. Plaintiffs' letter in opposition is attached at Exhibit C. And Pharmacy Defendants' reply is attached at Exhibit D.

Pharmacy Defendants incorporate by reference their letters to Special Master Cohen and further state as follows:

### 1. Updated Custodial Files for Plaintiffs' Two Fact Witnesses

Plaintiffs state they will call two fact witnesses at the abatement trial—April Caraway of the Trumbull County Mental Health & Recovery Board and Kim Fraser of the Lake County ADAMHS Board. *See* Doc. 4242. Pharmacy Defendants requested an updated production from the custodial files of these two witnesses in their letter to the Special Master. *See* Exhibit B at 2. Although the Special Master did not address this request individually, the supplementation he granted did not include it.

The files of these two witnesses were the subject of discovery requests propounded during the discovery period prior to the October trial, but the responsive productions ended in 2020. This makes the productions materially incomplete for purposes of the upcoming abatement trial, where the task before the Court will be to craft a plan to abate the alleged nuisance as it exists *today*. Updated productions from the files of these two witnesses therefore are indisputably relevant to the upcoming proceeding and required by Rule 26(e).[2]

As the Special Master notes, compromises on certain documents were discussed before the parties reached an impasse. Pharmacy Defendants, however, did not accept—and would not have accepted—a compromise that did not include this supplementation.

### 2. Interrogatory No. 5

Interrogatory No. 5 (Ex. A at 9) asks each plaintiff to identify, in deidentified fashion, the persons who they seek to treat under their respective abatement plans. The interrogatory asks

---

[2] Supplementation of these productions is required by Rule 26(e) itself, but Pharmacy Defendants also requested it specifically in their abatement-related discovery requests. *See* Ex. A at 5 (Supplementation Reqest No. 2) and 6 (Supplementation Request No. 5).

2

plaintiffs to supply additional information about each such person—including, for instance, (i) whether the person needs treatment relating to the use of prescription opioids or other substances, (ii) if the treatment is for another substance, whether the person ever used prescription opioids, and (iii) if the person currently uses or formerly used prescription opioids, where and how they obtained them. This interrogatory is directly relevant to plaintiffs' abatement proposal. It goes to, among other things, the number of persons who, in fact, need treatment and, additionally, to the necessary tailoring of any treatment plan (for instance, to ensure it does not reach persons who only ever have used illicit opioids).

The Special Master determined *sua sponte* that deidentification of this information would require a lengthy and expensive effort. But plaintiffs never made this argument. Plaintiffs identified no burden at all. Plaintiffs provided no declaration or other factual basis for a burden argument, and they may not do so now for the first time. *See* Doc. 1349 at 2 (prohibiting "new evidence or legal theories not first provided to the special master for consideration"); Doc. 1422 at 2 (striking new evidence presented in connection with an Objection).

Furthermore, neither the Special Master nor the Court saw an undue burden associated with deidentifying information when that obligation fell on Pharmacy Defendants. After the close of the fact discovery period, and only months before the start of the October trial, Pharmacy Defendants were ordered to locate, produce and deidentify hard copy prescriptions and electronic notes. There is no basis to reach a different conclusion simply because plaintiffs rather than defendants would have to do the work.

The Special Master also determined that Interrogatory No. 5 is overbroad and, in part, impossible to answer. But plaintiffs already should have identified the persons who they believe currently need such treatment. Otherwise there would be no precise basis to support their request

3

for enormous sums of money to fund such treatment. If they have not already gathered such information, as governing bodies, they certainly have access to it (at least to significant degree). A request seeking indisputably relevant information already in plaintiffs' possession (or to which they have access) is neither overbroad nor impossible to answer, especially when it is plaintiffs themselves who have injected individual treatment into the case and who seek hundreds of millions to fund it. There is no basis for plaintiffs to withhold the requested information from disclosure.

Likewise, at this point in the litigation, plaintiffs should have determined which of the persons they seek to treat ever obtained opioid medication from any Pharmacy Defendant and which used only illegal opioids. No treatment plan possibly could be imputed to Pharmacy Defendants without this information. Plaintiffs either already have this information or are remiss for not having gathered it to support their monetary demand. Either way, they should be ordered to provide it.

It is no excuse for plaintiffs to say that they only possess or can access a partial list of persons or that they lack full information about each person. They must disclose all of the responsive information they have or can access and then state in their interrogatory response why they cannot provide the rest.

* * * * *

For the reasons set forth above, Pharmacy Defendants respectfully request that the Court sustain this Objection and order plaintiffs to provide the two items of discovery specified herein.

January 31, 2022

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
Email: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.; Walgreen Co., and Walgreen Eastern Co., Inc.*