# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO PLAINTIFFS RELATING TO THE
TRACK THREE ABATEMENT PHASE**

Pursuant to the Schedule for the Track Three Abatement Phase (Doc. No. 4188), Defendants CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., CVS Indiana, L.L.C., Walgreens Boots Alliance, Inc., Walgreen Co., Walgreen Eastern Co., Inc., and Walmart, Inc. (together, the "Pharmacy Defendants") hereby serve these Requests for Production and Interrogatories to Plaintiffs Relating to the Track Three Abatement Phase.

**DEFINITIONS**

1. "Plaintiff," "Plaintiffs," "You," and "Your" means each Plaintiffs in this Action, *i.e.*, Lake County and Trumbull County, Ohio, including without limitation each Plaintiff's agencies, offices, departments, divisions, commissions, agents, employees, boards, agents, instrumentalities, vendors, administrators, executive and legislative branches, and any other Person or entity acting on its behalf, including to provide the "wide range of services on behalf of its residents" referred to in paragraph 23 of Your Complaints. These terms further include without

limitation any health care systems or facilities owned, affiliated, operated, or supported by or with each Plaintiff.  When the pronouns "You" or "Your" are used, the antecedent is the Plaintiff.

2. "Document" is defined to be synonymous in meaning and equal in scope to the meaning of this term in Fed. R. Civ. P. 34.  A draft or non-identical copy is a separate Document within the meaning of this term.  In all events, the definition of "Document" shall include "Communication," as defined below.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communication, includes any Document evidencing such oral Communication.  It includes the transmittal of information by any means, including e-mail, SMS, MMS, or other "text" messages, social media messages, shared applications from cell phones, or by any other means.  "Communication" also shall include without limitation all originals and copies that are provided by You or to You by others.

4. "Action" means the above-captioned cases in Track Three of the MDL.

5. "Claim" means any request for payment or reimbursement, in full or in part.

6. "Claims Data" means all information and data regarding the submission, processing, status, adjudication, and reimbursement of a Claim.

7. "Including" means including but not limited to.

8. "All," "any," and "each" shall each be construed as encompassing any and all.

9. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Request or Interrogatory all responses that might otherwise be construed to be outside of its scope.

10. "Person" means any natural Person or any legal entity, including, without limitation, any business or governmental entity or association.

11. "Related to" or "relating to" means directly or indirectly identifying, supporting, evidencing, describing, monitoring, referring to, contradicting, comprising, constituting, or concerning.

12. "Service Provider" means any Person or entity that provides or provided prevention, treatment, or other services related to any substance use disorder, abuse, misuse, or addiction pursuant to a contract or agreement with you.

13. References to the singular in any of these Requests or Interrogatories shall also encompass a reference to the plural, and a reference to the plural shall also encompass a reference to the singular.

**INSTRUCTIONS**

1. Pursuant to Federal Rule 26, these Requests and Interrogatories are deemed to be continuing as to require the prompt filing of supplemental answers in the event that Plaintiffs or their representatives (including counsel) learn that information provided in any prior answer(s) is erroneous or incomplete.

2. In responding to these Requests and Interrogatories, You shall utilize all information and documents in Your possession, custody, or control, or available to You or subject to Your reasonable inquiry, including information in the possession of Your attorneys, accountants, advisors, or other Person(s) directly or indirectly employed by, or connected with, You or Your attorneys, accountants, or advisors, and any other Person subject to Your control. This includes Documents or information that have been removed from or are otherwise no longer available to the public on websites maintained by You.

3. The duty to furnish information or Documents shall not be limited or affected by the availability of the same information or Documents through another source. All information or

3

Documents that are not subject to objection and are known, possessed, or controlled by, or available to, You or any of Your attorneys, consultants, representatives, employees, officers, directors, partners, or other agents, shall be furnished.

4. If information or Documents responsive to these Requests and Interrogatories are withheld, either partially or entirely, on the ground of privilege or application of the work-product doctrine, You shall specifically describe the grounds on which privilege is asserted.

5. If, in responding to these Requests and Interrogatories, You perceive any ambiguity in a Request or Interrogatory, definition, or instruction, Your response should set forth the matter deemed ambiguous and the construction used in responding.

6. If information is furnished or Documents are produced subject to objection, state whether any information or Documents are being withheld subject to that objection.

## REQUESTS TO BRING CURRENT PRIOR PRODUCTIONS OF SPECIFIC CATEGORIES OF DOCUMENTS

1. All Documents relating to any of the categories of programs and services identified in Plaintiffs' Supplemental Response to Interrogatory No. 1 of the Pharmacy Defendants' First Set of Interrogatories to Plaintiffs, in Plaintiffs' written responses to Topic 15 of the Pharmacy Defendants' Notices of Videotaped 30(b)(6) Depositions of Plaintiffs, and in the expert report of G. Caleb Alexander, dated April 16, 2021 (the "Alexander Report"), that relate to the abatement of the opioid epidemic, including but not limited to documents from each individual custodian and department identified in Your responses and/or in the Alexander Report as one from which information may come from concerning Plaintiffs' abatement categories, for the period from the end date of Plaintiffs' prior production of documents for those custodians through December 31, 2021.

4

2. All Documents responsive to the Pharmacy Defendants' First Set of Requests for Production to Plaintiffs, dated June 9, 2020, and Second Set of Requests for Production to Plaintiffs, dated July 28, 2020, located in the custodial files of April Caraway, Lauren Thorp, and the Trumbull County Mental Health & Recovery Board ("TCMHRB"), for the period from the end date of Plaintiffs' prior production of documents for those custodians through December 31, 2021.

3. All de-identified Claims Data for any Claim that the TCMHRB received for treatment or other services rendered by a Service Provider to any Person diagnosed with opioid use disorder ("OUD") for the period January 1, 2021 through December 31, 2021. Please produce for this Claims Data the same fields that were produced in TRUM004984279 and TRUM004984280.

4. The following individual documents pertaining to Trumbull County:

    a. The Trumbull County Year-to-Date Budget Report – Expenses for 2020 and 2021.

    b. The Trumbull County Year-to-Date Budget Report – Revenues for 2020 and 2021.

    c. All reports provided by the TCMHRB to the Ohio Department of Mental Health and Addiction Services ("Ohio MHAS") on Form MHAS-FIS-040 for fiscal years 2020 and 2021.

    d. The TCMHRB Statement of Revenues, Expenditures and Changes in Fund Balance – General Fund, including all revenue and disbursement detail, for fiscal year 2021.

    e. The TCMHRB LA02 Report for fiscal year 2021 (through at least June 30, 2021).

      f.      All 90 Percent of Capacity for Treatment of Intravenous Drug Abuse Quarterly Reports for the TCMHRB for 2021.

5.      All Documents responsive to the subpoena issued to the Lake County ADAMHS Board (the "Lake ADAMHS Board") and served by CVS Pharmacy, Inc. on December 3, 2020, for the period from the end date of the Lake ADAMHS Board's prior production of documents in response to the subpoena through December 31, 2021.

6.      All de-identified Claims Data for any Claim that the Lake ADAMHS Board received for treatment or other services rendered by a Service Provider to any Person diagnosed with OUD for the period from January 1, 2021 through December 31, 2021. Please produce for this Claims Data the same fields that were produced in ADAMHS000026037. In addition, please supplement the Lake ADAMHS Board's prior production of Claims Data with Claims that the Lake ADAMHS Board received for treatment or other services rendered by a Service Provider to any Person diagnosed with OUD for which the payor of the Claim was Medicaid for the period from June 30, 2012 through December 31, 2020. If the Lake ADAMHS Board does not possess Claims Data for which Medicaid was the payor for that time period, please state so.

7.      The following individual documents pertaining to Lake County:

      a.      The Lake County Year-to-Date Budget Report – Expenses for 2020 and 2021.

      b.      The Lake County Year-to-Date Budget Report – Revenues for 2020 and 2021.

      c.      All reports provided by the Lake ADAMHS Board to the Ohio MHAS on Form-MHAS FIS-040 for fiscal years 2020 and 2021.

    d.    All Requests for Proposal submitted to the Lake ADAMHS Board by any Service Provider for fiscal year 2021.

    e.    The Lake ADAMHS Board Financial Report, including the Summary of Receipts and Summary of Expenditures, for fiscal year 2021.

    f.    The Lake ADAMHS Board's Mental Health and Substance Use Disorder Non-Medicaid Service Contract Reconciliation spreadsheet for fiscal year 2021.

    g.    All Lake ADAMHS Board Lake County Provider Agency Quality Improvement and Utilization Reviews for fiscal years 2020 and 2021.

    h.    The Lake ADAMHS Board County Hub Program to Combat Opioid Addiction report for 2020 and 2021.

## ADDITIONAL REQUESTS FOR PRODUCTION

1. All Documents and Communications relating to Plaintiffs' settlements with Rite Aid and Giant Eagle, Plaintiffs' possible participation in national settlements entered into with AmerisourceBergen, Cardinal, McKesson, Johnson & Johnson, Plaintiffs' actual or potential agreement or consent to any Purdue Pharma or Mallinckrodt plan or reorganization, and Plaintiffs' participation or potential participation in the settlement or other resolution of any opioid-related claims.  This request includes, but is not limited to, Plaintiffs' settlement agreements with Rite Aid and Giant Eagle, resolutions, and Documents and Communications related to Plaintiffs' actual or potential allocation and use of funds obtained through any settlement or resolution of any opioid-related claims.

## INTERROGATORIES

1. Describe the terms of the settlements that Plaintiffs entered into with Giant Eagle and Rite Aid, including the amounts that each of those Defendants has agreed to pay each Plaintiff and the timing of those payments. Explain how the funds and/or benefits will be allocated—including which agencies, offices, or departments of the Plaintiff counties will receive funds and/or benefits and in what amounts—and how the funds and/or benefits will be used. Provide as much detail as possible.

2. State whether each Plaintiff will participate in the national settlements with AmerisourceBergen, Cardinal, McKesson, and Johnson & Johnson. If a Plaintiff will participate in one or more of the settlements, explain the amounts of funds and/or benefits it expects to receive from each settlement, their timing, how any funds and/or benefits will be allocated—including which agencies, offices, or departments of the Plaintiff county will receive funds and/or benefits and in what amounts—and how the funds and/or benefits will be used.

3. State whether each Plaintiff agreed or consented to any Purdue Pharma or Mallinckrodt plan of reorganization and/or any associated resolutions. Please explain what amounts, benefits, profits, and/or interests each Plaintiff expects to receive as a result of the resolution, their timing, how any funds, profits, or benefits will be allocated—including which agencies, offices or departments of the Plaintiff county will receive them and in what amounts—and how they will be used.

4. Identify the current amount of the oversupply of prescription opioids in each Plaintiff county and the amount of the oversupply in each county that is being and has been diverted into the illicit market outside of appropriate medical channels. For each of these sums, identify the amount dispensed by each Defendant.

5. To the extent Your abatement plan includes treatment for Persons who have become addicted to or have abused or misused any drug or substance, identify each Person who would receive such treatment under Your plan.  For each Person, identify the substance the Person is or was using, including without limitation by specifying whether it is or was a prescription opioid medication, some other medication or substance, or an illicit drug.  If the Person is or was using prescription opioid medications, identify when the Person became addicted to or began abusing or misusing prescription opioid medications, which prescription opioid medications the Person has abused or misused, and how the Person has obtained those prescription opioid medications (including, for example, whether any Defendant dispensed prescription opioid medications to the Person).  If the Person is or was using illicit drugs or some drug or substance other than a prescription opioid medication, state whether the Person ever used prescription opioid medications, when the Person did so, which prescription opioid medications the Person used, whether the Person ever misused, abused, or became addicted to prescription opioid medications, and how the Person obtained those prescription opioid medications (including, for example, whether any Defendant dispensed prescription opioid medications to the Person).  For each Person, regardless of the drug or substance he or she is or was using, state whether the Person currently has insurance to cover treatment, whether the Person currently is receiving or previously has received treatment, and how that treatment is being paid for or was paid for.

Dated: December 22, 2021

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
Email: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
Sharon Desh
Sten Jernudd
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com
sharon.desh@bartlitbeck.com
sten.jernudd@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.; Walgreen Co., and Walgreen Eastern Co., Inc.*

10