# EXHIBIT C



**Confidential**

January 20, 2022

**VIA EMAIL**

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44-113-1837

Re: *In re National Prescription Opiate Litigation,* MDL No. 2804; CT3

Dear Special Master Cohen,

We write on behalf of Plaintiffs Lake and Trumbull Counties ("Plaintiffs") in response to Defendants CVS, Walgreens and Walmart's ("Defendants") January 18, 2022 request for an order compelling Plaintiffs to supplement productions and provide discovery in response to Defendants' Track 3 Abatement Requests.

Plaintiffs respectfully request that the Court deny Defendants' motion in its entirety, or in the alternative order certain discovery be supplemented and responded to by Plaintiffs.

## A. Discovery Is Closed And Was Never Bifurcated

*First*, Plaintiffs object to each Interrogatory and Request for Production of Documents as discovery is closed and no additional discovery is permitted. *See* Dkt. Nos. 3329 and 3735.

*Second*, Defendants' letter fails to address the fact that discovery in this matter was never bifurcated. In fact, Defendants were given wide latitude with regard to discovery against Plaintiffs. Defendants conducted full and extensive discovery of Plaintiffs without any limitation relative to abatement. Discovery included approximately 60 depositions of Plaintiff witnesses, 68 interrogatories, 136 requests for production, and 26 30(b)(6) topics all which included information regarding abatement. Nothing precluded Defendants from seeking the discovery being requested before discovery was closed.

## B. Supplementation of Discovery is Not Permissible

Plaintiffs responded to Defendants' discovery requests in this litigation as required by the prior CMO with information that was relevant as of the discovery deadlines in 2021. There are no additional materials documents or answers that require plaintiffs to supplement this information because Plaintiffs are currently unaware of any prior disclosure, answer or production that in "some material respect… is incomplete or incorrect." *See* Civil Rule 26 (e). Plaintiffs note that the only exception might be the settlement terms of any settlement that Lake and Trumbull entered into with other opioid defendants. Plaintiffs note that this may be an exception as any settlement agreement would be a public document subject to a Freedom of Information Act request and thus, not subject to the deadlines established in this case.

1



**Confidential**

Defendants' requests are just another attempt to delay trial in which a jury has already found: (1) that the Defendants' conduct caused an oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels, is a public nuisance in Lake and Trumbull Counties; and (2) that Defendants engaged in intentional and/or illegal conduct which was a substantial factor in producing the public nuisance. *See* Dkt. No. 4176.

Of note, on January 19, 2022 during a meet and confer with counsel for Walgreens in the West Virginia litigation, Walgreens took the position that they would not bring up to date any of their custodial productions in the MDL although some of those productions occurred in 2018. But, here, Walgreens and the other Defendants take the exact opposite position.

This contradictory position only highlights Defendants' true motive or seeking to delay the abatement trial  by propounding the very requests they will not agree to in other opioid litigations.

## C. <u>Defendants' Requests Concern Liability Not Abatement</u>

Although a jury has already found that the Defendants' conduct caused an oversupply of legal prescription opioids Defendants wish to reopen liability discovery with the following interrogatory:

> **Interrogatory No. 4**: Identify the current amount of the oversupply of prescription opioids in each Plaintiff county and the amount of the oversupply in each county that is being and has been diverted into the illicit market outside of appropriate medical channels.  For each of these sums, identify the amount dispensed by each Defendant.

Defendants' oversupply has already been established and such discovery is inappropriate. This is just one example of how Defendants are attempting to relitigate the jury's findings.

## D. <u>Defendants' Requests Concern Protected Information Not Relevant to the Abatement Plan</u>

As the Court turns their attention to the Abatement Phase of this matter, analysis will focus on the needs to abate the epidemic from Lake and Trumbull counties. Defendants seek confidential, protected, personal information that is impermissible and not relevant to abatement.

> **Interrogatory No. 5:** To the extent Your abatement plan includes treatment for Persons who have become addicted to or have abused or misused any drug or substance, identify each Person who would receive such treatment under Your plan. For each Person, identify the substance the Person is or was using, including without limitation by specifying whether it is or was a prescription opioid medication, some other medication or substance, or an illicit drug. If the Person is or was using prescription opioid medications, identify when the Person became addicted to or began abusing or misusing prescription opioid medications, which prescription opioid medications the Person has abused or misused, and how the Person has obtained those prescription opioid medications (including, for example, whether

2



Confidential

any Defendant dispensed prescription opioid medications to the Person). If the Person is or was using illicit drugs or some drug or substance other than a prescription opioid medication, state whether the Person ever used prescription opioid medications, when the Person did so, which prescription opioid medications the Person used, whether the Person ever misused, abused, or became addicted to prescription opioid medications, and how the Person obtained those prescription opioid medications (including, for example, whether any Defendant dispensed prescription opioid medications to the Person). For each Person, regardless of the drug or substance he or she is or was using, state whether the Person currently has insurance to cover treatment, whether the Person currently is receiving or previously has received treatment, and how that treatment is being paid for or was paid for.

Defendants' request is an inappropriate attempt to shift the focus from the necessary abatement remedies to, among other things, the identity of individuals who are in need of treatment and the nature and extent of their prior opioid usage; all confidential personal health information subject to HIPPA protections.

**E. Plaintiffs' Proposal**

Although Plaintiffs believe all of Defendants' requests should be denied, Plaintiffs in good faith made the following proposal to Defendants which was denied by Defendants.

Plaintiffs would agree to supplement the below identified documents with the most recent version of the same, to the extent a more recent version has been created.

| Defendant Request Number | Related Bates Number |
|---|---|
| 3 | TRUM004984279 and TRUM004984280 |
| 4(a) | TRUM000599787 |
| 4(b) | TRUM000599789 |
| 4(c) | TRUM004984278 |
| 4(d) | TRUM004604583-4591 |
| 4(e) | TRUM004676633-6636 |
| 4(f) | TRUM004709814 |
| 6 | ADAMHS000026037 |
| 7(a) | LAKE005566419 |
| 7(b) | LAKE005566420 |
| 7(c) | ADAMHS000005255 |
| 7(d) | ADAMHS000019545-19915 |
| 7(e) | ADAMHS000021048 |
| 7(f) | ADAMHS000021051 |
| 7(g) | ADAMHS000022714-22751 |
| 7(h) | LAKE002732980-2997 |



**Confidential**

It is important to note that the above chart illustrates Plaintiffs' good faith approach to resolving the dispute as Plaintiffs offered to supplement every document identified by Defendants during the meet and confer process.

Finally, as indicated above, Plaintiffs offered to produce prior settlement agreements as they are obtainable under FOIA requests.

Even though discovery in this case has been closed for 13 months and a jury has unanimously determined Defendants to be liable, Plaintiffs have offered to provide additional supplementation that far exceeds their obligations under the Civil Rules.  Defendants' attempt to cause delay and rejection of Plaintiffs' good faith offer should be to their detriment with a denial of their Motion to Compel.

Sincerely,

*/s/ Hunter J. Shkolnik*
Salvatore C. Badala
Joseph L. Ciaccio

*/s/ Frank Gallucci*

*Counsel for Lake and Trumbull Counties*