# EXHIBIT D



Eric R. Delinsky
PARTNER
Zuckerman Spaeder LLP
edelinsky@zuckerman.com
202-778-1831

January 21, 2022

**VIA E-MAIL**

Special Master David R. Cohen
24400 Chagrin Blvd.
Suite 300
Cleveland, OH 44122
Email: David@SpecialMaster.Law

    Re:    Track Three Abatement Discovery

Dear Special Master Cohen:

    All of the points made in plaintiffs' response are addressed in our opening submission. We highlight certain points below.

    First, while plaintiffs maintain that Interrogatory 5 implicates HIPAA, we explain in our opening brief that plaintiffs' response may be deidentified. We further explain how the interrogatory is directly relevant to plaintiffs' abatement proposal. The interrogatory goes to, among other things, the number of persons who, in fact, need treatment and, additionally, to the tailoring of any treatment plan (for instance, to ensure it does not reach persons who only ever have used illicit drugs). This interrogatory is by no means late. The information sought should have been provided by plaintiffs in their abatement plan, which plaintiffs disclosed in an expert report served after the close of fact discovery and which, even after the Court's recent order (Doc. 4220), remains nebulous. Plaintiffs also should have provided this information in response to the pharmacies' initial Interrogatory No. 19, served long before the close of fact discovery.

    Second, plaintiffs mischaracterize Interrogatory 4. The pharmacies do not dispute that the jury found oversupply. But the jury did not determine the *amount* of the oversupply, which is what is sought in Interrogatory 4. Especially in light of the Court's instructions, which permitted a verdict based on lawful dispensing, the amount of oversupply is undetermined. It is impossible to consider how to abate an oversupply without knowing its magnitude. This interrogatory is based verbatim on the verdict form (not finalized until trial), the Court's final instructions (not finalized until trial), and plaintiffs' arguments at trial. It could not have been propounded earlier.

    Third, plaintiffs do not even mention Interrogatories 1-3, which seek information about their settlements that is not apparent from the face of the agreements (such as the amount each county will receive from a particular settlement and how those funds will be used). Judge Polster

already stated that this information is relevant. And the interrogatories could not possibly be untimely when the settlements they concern were not entered until after the close of fact discovery.

    For these reasons and those set forth in our opening letter, plaintiffs should be compelled to provide the requested discovery in full.

                                                     Respectfully Submitted,

                                                     */s/ Eric R. Delinsky*

                                                     Eric R. Delinsky