# EXHIBIT B

| | |
|---|---|
| **From:** | Hynes, Paul B. <PHynes@zuckerman.com> |
| **Sent:** | Tuesday, October 26, 2021 4:40 PM |
| **To:** | David R. Cohen (David@SpecialMaster.Law); Mark Lanier; Weinberger, Peter H.; Rachel Lanier; Maria Fleming; Frank Gallucci; Salvatore C. Badala |
| **Cc:** | EXT Track3Defendants |
| **Subject:** | RE: MDL 2804 - Limiting Instruction on Settlements |

Special Master Cohen,

Thank you for giving us the opportunity to weigh in.  CVS and Walgreens object to, and request that the Court reconsider and strike, the last sentence of the proposed instruction ("However, any admission…").  Rule 408 prohibits the introduction of admissions made in settlement agreements for their truth.  The advisory committee notes to Rule 408 explain that the rule applies to "evidence of conduct or statements made in . . . the offer or completed compromise itself."  At one point, the rule did not apply to admissions of fact, but that was changed in 1993 because, as the advisory committee notes to the 1993 amendments explain, it "inhibited freedom of communication with respect to compromise."  The advisory committee notes further explain that, as a result, there was an "expansion of the rule to include evidence of conduct or statements made in compromise negotiations, as well as the offer or completed compromise itself."  *See, e.g.*, *Eid v. Saint -Gobain Abrasives, Inc.*, 377 F. App'x 438, 445 (6th Cir. 2010) ("Rule 408 specifically rejects this approach, and instead adopts a rule excluding factual admissions made in the course of settlement negotiations."); *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 529 (3rd Cir. 1995) ("Rule 408 was specifically designed to cover admissions of fact…."); *Palmer v. Wal-Mart Stores East, L.P.*, 2021 WL 1297835, at *3 (W.D. Pa. Apr. 7, 2021) ("To the extent Palmer is offering Ms. Williams statement acknowledging '100% liability,' standing alone and solely as an 'admission' of liability, Rule 408 precludes its admissibility or consideration on summary judgment.").  Therefore, the Court should not instruct the jury that an admission made by a defendant in a settlement agreement may be considered as evidence of the particular facts admitted.

Respectfully submitted,
Paul Hynes



Paul Hynes, Jr.
**Zuckerman Spaeder LLP**
PHynes@zuckerman.com

1800 M STREET NW, SUITE 1000 • WASHINGTON,  DC 20036-5807
202.778.1890 direct • 202.822.8106 fax

▶ Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, October 26, 2021 11:09 AM

**To:** Hynes, Paul B. <PHynes@zuckerman.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Rachel Lanier <Rachel.Lanier@LanierLawFirm.com>; Maria Fleming <MFleming@NapoliLaw.com>; Frank Gallucci <FGallucci@pglawyer.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>
**Subject:** Re: MDL 2804 - Limiting Instruction on Settlements

**EXTERNAL**

The Court intends to give the instruction as modified below, unless a party submits authority by end of trial day showing the instruction is not correct.  Obviously the crossed-out hilited parts will not be included.

------------

> You are hearing testimony about settlements that certain defendants entered into with the DEA.  This settlement evidence has been admitted for a limited purpose.  You may consider these settlements only to the extent you believe they bear on what notice or knowledge those defendants received as a result of the settlements~~, or to the extent you believe they bear on the defendants' intent, motive, or state of mind~~.  You may not infer liability or draw any conclusions about a defendant's potential liability in this case based upon the fact that it entered into these settlements.  However, any admissions made by a defendant in the settlement agreements may be considered as evidence of ~~that defendant's liability as to~~ the particular facts admitted.

-d


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Hynes, Paul B. <PHynes@zuckerman.com>
**Sent:** Monday, October 25, 2021 9:54 PM
**To:** Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Rachel Lanier <Rachel.Lanier@LanierLawFirm.com>; Maria Fleming <MFleming@NapoliLaw.com>; Frank Gallucci <FGallucci@pglawyer.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** EXT Track3Defendants <EXT-TRACK3DEFENDANTS@groups.jonesday.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Subject:** MDL 2804 - Limiting Instruction on Settlements

Counsel,

Attached is defendants' redline of plaintiffs' proposed limiting instruction on settlements.  We note that plaintiffs struck parts of our proposed limiting instruction that we have not added back in.  We are requesting that two parts of plaintiffs'

2

proposed instruction be stricken, either because they are not consistent with how settlement evidence has been presented at trial, violate Rule 408, and/or are not consistent with the instruction given in the DuPont case.

Best regards,
Paul



**Paul Hynes, Jr.**
**Zuckerman Spaeder LLP**
**PHynes@zuckerman.com**

1800 M STREET NW, SUITE 1000 • WASHINGTON, DC 20036-5807
202.778.1890 direct • 202.822.8106 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.