UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*All MDL Tribal Cases* | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' TRIBAL LEADERSHIP COMMITTEE'S
MOTION TO APPOINT JUDGE LAYN PHILLIPS AND
SPECIAL MASTER DAVID R. COHEN TO DECIDE ALLOCATION ISSUES,
TO APPOINT SPECIAL MASTER COHEN AS QUALIFIED SETTLEMENT FUND
ADMINISTRATOR AND TO APPOINT TRIBAL SETTLEMENT TRUST DIRECTORS**

The undersigned counsel, in their capacity as members of the Plaintiffs' Tribal Leadership Committee ("TLC"), hereby move this Honorable Court for an order appointing Judge Layn Phillips and Special Master David R. Cohen to manage and decide the inter-tribal allocation for distribution of the settlement funds to tribal entities participating in certain settlements; appointing Special Master David R. Cohen as Trust Administrator for the Qualified Settlement Funds ("QSFs") established to implement Tribal Plaintiffs' settlement agreements with Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. N/K/A Janssen Pharmaceuticals, Inc., Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceuticals, Inc., N/K/A Janssen Pharmaceuticals, Inc. ("Janssen"), and with AmerisourceBergen Corp., McKesson Corp., and Cardinal Health, Inc. (the "Distributors"), (collectively "Settling Defendants"); and appointing Mary Smith, Kevin Washburn and Kathy Hannan as Directors of the Tribal Settlement Trust to assist in the implementation of the settlements and to carry out the responsibilities set forth in the executed term sheets reflecting the parties' agreements.

1

In support of this Motion, the TLC states as follows:

1. The Native American population has suffered some of the worst consequences of the opioid epidemic of any population in the country. Indeed, American Indians have suffered the *highest* per capita rate of opioid overdoses.[1] "American Indians and Alaska Natives had the highest drug overdose death rates in 2015 and the largest percentage increase in the number of deaths over time from 1999-2015 compared to other racial and ethnic groups."[2] For this reason, tribal governments across the United States have had to spend considerable tribal funds to cover the costs of the opioid crisis, including increased costs for health care, social services, child welfare, law enforcement, and other governmental services that tribal governments provide to their citizens. The burden of paying these increased costs has diverted scarce tribal funds from other needs and has imposed severe financial burdens on the Tribal Plaintiffs (as defined below), which will continue to bear significant costs related to abatement of the opioid addiction problem in their communities.

2. The MDL TLC was appointed by the MDL Court. The TLC serves the interests of the 418 federally recognized Native American tribal governments and 17 inter-tribal organizations with litigation pending before the MDL court (the "Tribal Plaintiffs") against the manufacturers, distributors, and certain pharmacies, all of whom these Tribal Plaintiffs maintain

---

[1] National Congress of American Indians Policy Research Center, *Reflecting on a Crisis Curbing Opioid Abuse in Communities* (Oct. 2016), http://www.ncai.org/policy-research-center/research-data/prc-publications/Opioid_Brief.pdf.

[2] Statement by RADM Michael E. Toedt, MD, FAAFP, "Opioids in Indian Country: Beyond the Crisis to Healing the Community," March 14, 2018 Hearing Before the U.S. Senate Committee on Indian Affairs, (https://www.indian.senate.gov/sites/default/files/upload/HHS%20IHS%20testimony%20Opioids%20Indian%20Country%20SCIA%203-14-18%20revised.pdf.), citing to Morbidity and Mortality Weekly Report, Centers for Disease Control and Prevention, "Illicit Drug Use, Illicit Drug Use Disorders, and Drug Overdose Deaths in Metropolitan and Nonmetropolitan Areas – United States," Oct. 20, 2017 (https://www.cdc.gov/mmwr/volumes/66/ss/pdfs/ss6619. pdf).

are responsible for the opioid crisis.  This represents over 70% of the 574 federally recognized Tribes in the United States (the "Tribes") and an estimated 85% of all tribal citizens.

3. The TLC was designated by the Court to coordinate the interests of these Tribal Plaintiffs with cases in this MDL proceeding, including with regard to global resolution of opioid-related claims against the MDL Defendants, including the Settling Defendants.

4. The TLC has been engaged in parallel but separate settlement negotiations with Janssen and the Distributors.  Former U.S. District Judge Layn Phillips consensually and successfully mediated the agreement between the TLC and the Distributors.  Special Master David R. Cohen, who was appointed by this Court on March 9, 2021 to address tribal issues, *see* Doc. 3646, consensually and successfully mediated the proposed agreement between the TLC and Janssen.  The TLC and the Settling Defendants have now executed term sheets reflecting proposed settlement terms to be embedded in settlement agreements and to be presented to all federally recognized Tribes and inter-tribal organizations participating in those settlements.

5. On December 24, 2021, this Court entered an Order to Establish Qualified Settlement Fund, Appoint Trust Administrator, and Approve Payment (Dkt. No. 4215) to implement a settlement between Janssen and the Tribes as reflected in a Tribal Term Sheet executed by the TLC and Janssen.  Special Master Cohen was appointed as Trust Administrator of the Tribal-Janssen QSF.

6. Subsequently, and with the assistance of Special Master Cohen and Former U.S. District Judge Layn Phillips, the TLC and the Distributors entered into a Tribal Term Sheet executed by the TLC and the Distributors.

7. The proposed settlement terms with Janssen and with the Distributors each provide that the TLC will request that this Court appoint Special Master David R. Cohen and

3

Judge Layn Phillips to set the procedures by which the inter-tribal allocation of settlement funds to all participating tribal entities will be completed for these settlements, and to jointly determine the final inter-tribal allocation.[3]

8. The proposed settlement terms further set forth various tasks to be performed by former Indian Health Service Director Mary Smith, former Assistant Secretary for Indian Affairs Dean Kevin Washburn, and Kathy Hannan in the administration of the settlement process and the distribution and oversight of the abatement funds paid pursuant to the settlement agreements. Ms. Smith, Dean Washburn, and Ms. Hannan, who will serve in these settlements as Directors of the Tribal Settlement Trust, are eminently qualified and well-respected among Native American communities. They were recommended by the TLC and approved by the Bankruptcy Court of the Southern District of New York to serve as Trustees of the Tribal Abatement Fund Trust in *In re Purdue Pharma, L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y.) ("*Purdue*"). They have also been recommended by the TLC to serve as Trustees of a parallel Tribal Abatement Fund Trust in *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Bankr. D. Del.) ("*Mallinckrodt*"). It is anticipated that these individuals, working in coordination with Trust Administrator David R. Cohen, will have duties and responsibilities in these settlements that are comparable to the duties they have or will have in *Purdue* and *Mallinckrodt*. These responsibilities include outreach to Tribes regarding participation in the settlement, oversight of the administration and distribution of abatement funds and collecting the abatement fund use certifications. Because they have or will have similar responsibilities in *Purdue* and *Mallinckrodt*, the interests of efficiency will be served by appointing them to discharge these duties here. The CV or biography of Mr. Washburn, Ms. Smith and Ms. Hannah are attached as Exhibit A.

---

[3] Under the terms of the proposed settlement agreements, Janssen and the Distributors acknowledge and expressly agree that they have no role whatsoever in the inter-tribal allocation process.

9. For the reasons stated above, the TLC hereby requests that this Court:

   a. appoint Judge Layn Phillips and Special Master David R. Cohen to set the procedures by which the allocation of the settlement funds will be completed consistent with the executed term sheets (and subsequent settlement agreements) and to jointly determine the final inter-tribal allocation for each settlement;

   b. appoint Special Master David R. Cohen as Trust Administrator for the QSFs established to implement Tribal Plaintiffs' settlement agreements with Settling Defendants;

   c. appoint Mary Smith, Dean Kevin Washburn and Kathy Hannan as Directors of the Tribal Settlement Trust to work in coordination with the Trust Administrator to implement the settlements and to carry out the responsibilities set forth in the executed term sheets reflecting the parties' settlements; and

   d. direct that any costs and fees associated with or arising out of the duties of former Judge Layn Phillips, Special Master Cohen, Dean Washburn, Ms. Smith and Ms. Hannah shall be paid out of interest accrued on the settlement funds, and thereafter from the settlement funds should such interest prove insufficient for such purposes.

10. The TLC has presented this motion to the Settling Defendants, and the Settling Defendants agree that the proposed appointments herein conform to the terms of the proposed

settlements. The Settling Defendants have not reviewed this motion for any other purpose and take no position on any other statement herein.

Respectfully submitted this 31st day of January 2022.

**Plaintiffs' Tribal Leadership Committee**

By: \_\_\_/s/ Steven J. Skikos_____
Steven J. Skikos
Jane E. Joseph
SKIKOS, CRAWFORD, SKIKOS & JOSEPH LLP
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: (415) 546-7300
Fax: (415) 546-7301
sskikos@skikos.com
jjoseph@skikos.com

T. Roe Frazer II
Frazer PLC
30 Burton Hills Blvd., Suite 450
Nashville TN 37215
Telephone: (615) 647-6464
roe@frazer.law

Geoffrey D. Strommer
Caroline P. Mayhew
HOBBS, STRAUS, DEAN & WALKER LLP
215 SW Washington Street
Suite 200
Portland, OR 97204
Telephone: (503) 242-1745
Fax: (503) 242-1072
gstrommer@hobbsstraus.com
cmayhew@hobbsstraus.com

Lynn Sarko
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com

Archie C. Lamb, Jr.

Troy Rafferty
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Telephone: (850) 435-7068
Fax: (850) 435-7000
alamb@levinlaw.com
trafferty@levinlaw.com

Elizabeth Cabraser
Dan Drachler
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
ddrachler@lchb.com

Tara D. Sutton
Timothy Q. Purdon
ROBINS KAPLAN LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Fax: (612) 339-4181
TSutton@RobinsKaplan.com
TPurdon@RobinsKaplan.com

Donald J. Simon
Lloyd B. Miller
SONOSKY CHAMBERS SACHSE
ENDRESON & PERRY, LLP
1425 K Street, NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-0240
Fax: (202) 682-0249
dsimon@sonosky.com
lloyd@sonosky.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/  Steven J. Skikos