UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  MDL No. 2804

TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in four actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions, which are listed on Schedule A, to MDL No. 2804. Defendants[1] oppose the motions.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378-79 (J.P.M.L. 2017). The actions now before us share a factual core with the MDL actions: the manufacturer, distributor, and/or pharmacist defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* These actions thus fall within the MDL's ambit.

Plaintiffs move to vacate the conditional transfer orders, principally by arguing that federal jurisdiction is lacking over their cases. We are not persuaded by these arguments. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[2] *See,*

---

[*] Judge Roger T. Benitez did not participate in the decision of this matter.

[1] Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis Elizabeth LLC; Actavis Kadian LLC; Actavis LLC; Actavis Mid Atlantic LLC; Actavis South Atlantic LLC; Actavis Totowa LLC; Cephalon, Inc.; Teva Pharmaceuticals USA, Inc.; Teva Puerto Rico LLC; Watson Laboratories, Inc.; Allergan Finance, LLC; Allergan USA, Inc.; Allergan Sales, LLC; Walgreens Boots Alliance, Inc.; Walgreens Co.; Walmart Inc. f/k/a Wal-Mart Stores, Inc.; Aurora Pharmacy, Inc.; Clinton Pharmacy LLC; Homecare Pharmacy; and Pharmaventures Inc.

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a

-2-

*e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Dale A. Kimball
Madeline Cox Arleo

---

remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION        MDL No. 2804

## SCHEDULE A

<u>District of Puerto Rico</u>

COMMONWEALTH OF PUERTO RICO v. ACTAVIS LABORATORIES FL, INC.,
    C.A. No. 3:21−01535

<u>Southern District of Texas</u>

COUNTY OF CORYELL v. WALGREENS CO., ET AL., C.A. No. 4:21−03351
COUNTY OF KENDALL v. WALGREENS CO., ET AL., C.A. No. 4:21−03354

<u>Western District of Wisconsin</u>

THE CITY OF JANESVILLE v. PHARMAVENTURES, INC., ET AL.,
    C.A. No. 3:21−00678