1         IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF OHIO
2             EASTERN DIVISION AT CLEVELAND

3    -------------------------------X
     IN RE:                         :  Case No. 1:17-md-2804
4                                   :
     NATIONAL PRESCRIPTION           :
5    OPIATE LITIGATION              :
                                    :
6                                   :
                                    :
7                                   :
                                    :  Tuesday, February 1, 2022
8                                   :
                                    :
9    -------------------------------X

10

11

12

13            TRANSCRIPT OF A TELEPHONE CONFERENCE

14        HELD BEFORE THE HONORABLE DAN AARON POLSTER

15            SENIOR UNITED STATES DISTRICT JUDGE

16

17

18

19

20   Official Court Reporter:    Lance A. Boardman, RDR, CRR
                                 United States District Court
21                               801 West Superior Avenue
                                 Court Reporters 7-189
22                               Cleveland, Ohio 44113
                                 216.357.7186
23

24
     Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.

```
 1   APPEARANCES:

 2
     On behalf of the Tribal Leadership Committee:
 3

 4   SKIKOS, CRAWFORD, SKIKOS & JOSEPH LLP
     BY:   STEVEN J. SKIKOS, ESQ.
 5         JANE E. JOSEPH, ESQ.
     One Sansome Street, Suite 2830
 6   San Francisco, California 94104
     415.546.7300
 7   sskikos@skikos.com
     jjoseph@skikos.com
 8

 9   HOBBS, STRAUS, DEAN & WALKER LLC
     BY:   GEOFFREY D. STROMMER, ESQ.
10         CAROLINE P. MAYHEW, ESQ.
     215 SW Washington Street, Suite 200
11   Portland, Oregon 97204
     503.242.1745
12   gstrommer@hobbsstraus.com
     cmayhew@hobbsstraus.com
13

14   KELLER ROHRBACK LLP
     BY:   LYNN LINCOLN SARKO, ESQ.
15   1201 Third Avenue, Suite 3200
     Seattle, Washington 98101-3052
16   206.623.1900
     lsarko@kellerrohrback.com
17

18   SONOSKY CHAMBERS SACHSE ENDRESON & PERRY, LLP
     BY:   DONALD J. SIMON, ESQ.
19         LLOYD B. MILLER, ESQ.
     1425 K Street, NW, Suite 600
20   Washington, DC 20005
     202.682.0240
21   dsimon@sonosky.com
     lloyd@sonosky.net
22

23

24

25
```

```
 1   APPEARANCES (CONT'D):

 2
     On behalf of the Tribal Leadership Committee:
 3

 4   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
     BY:   ELIZABETH J. CABRASER, ESQ.
 5         DAN DRACHLER, ESQ.
           ERIC B. FASTIFF, ESQ.
 6   275 Battery Street, 29th Floor
     San Francisco, California 94111
 7   415.956.1000
     ecabraser@lchb.com
 8
     ROBINS KAPLAN LLP
 9   BY:   TARA D. SUTTON, ESQ.
           TIMOTHY Q. PURDON, ESQ.
10   800 LaSalle Avenue, Suite 2800
     Minneapolis, Minnesota 55402
11   612.349.8500
     tsutton@robinskaplan.com
12   tpurdon@robinskaplan.com

13
     On behalf of the Distributors:
14

15   CRAVATH, SWAINE & MOORE LLP
     BY:   MICHAEL T. REYNOLDS, ESQ.
16         SHANNON McCLURE, ESQ.
     Worldwide Plaza
17   825 Eighth Avenue
     New York, New York 10019
18   212.474.1552
     mreynolds@cravath.com
19
     JENNER & BLOCK LLP
20   BY:   THOMAS J. PERRELLI, ESQ.
     1099 New York Avenue, N.W., Suite 900
21   Washington, DC 20001-4412
     202.639.6004
22   tperrelli@jenner.com

23   WACHTELL, LIPTON, ROSEN & KATZ
     BY:   ELIZABETH N. BRANDT, ESQ.
24   51 West 52nd Street
     New York, New York 10019
25   212.403.1000
     enbrandt@wlrk.com
```

```
 1   APPEARANCES (CONT'D):

 2   On behalf of Johnson & Johnson:

 3   O'MELVENY & MYERS LLP
     BY:   DANIEL R. SUVOR, ESQ.
 4         CHARLES C. LIFLAND, ESQ.
     400 South Hope Street
 5   Los Angeles, California 90071
     213.430.6000
 6   dsuvor@omm.com
     clifland@omm.com
 7


 8


 9   ALSO PRESENT:

10
             Special Master David R. Cohen
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | | |
|---|---|---|
| 11:32:22 | 1 | (Proceedings commenced at 11:32 a.m.) |
| 11:32:25 | 2 | THE SPECIAL MASTER: Judge, good morning. |
| 11:32:26 | 3 | This is, for the record, Special Master David Cohen. |
| 11:32:33 | 4 | And a few people are going to speak. And I remind them all, |
| 11:32:37 | 5 | please, to identify themselves for the court reporter. |
| 11:32:39 | 6 | Judge, I'm very happy to have you on this call. As |
| 11:32:44 | 7 | you know, the tribes and the distributors and J&J have all |
| 11:32:53 | 8 | been negotiating for some time trying to reach settlement. |
| 11:32:56 | 9 | And today is a happy day, and I would say an historic day, |
| 11:33:01 | 10 | because I think that that's what they've achieved. |
| 11:33:06 | 11 | So the parties all wanted to join together to give you |
| 11:33:09 | 12 | that good news and also give you some of the details. |
| 11:33:12 | 13 | I think that not everyone is going to speak. We have |
| 11:33:19 | 14 | Steve Skikos, who is the chair of the Tribal Leadership |
| 11:33:24 | 15 | Committee, who will lead off. And then we've got Tom |
| 11:33:26 | 16 | Perrelli representing McKesson Corporation; Michael Reynolds |
| 11:33:31 | 17 | representing AmerisourceBergen Drug Corporation; Beth Brandt |
| 11:33:36 | 18 | representing Cardinal Health Incorporated; and Charlie |
| 11:33:37 | 19 | Lifland representing Janssen Pharmaceuticals Incorporated. |
| 11:33:42 | 20 | And so I'm going to hand it off to Steve, and he'll |
| 11:33:45 | 21 | tell you where we are today. |
| 11:33:46 | 22 | THE COURT: All right. Thank you, David. |
| 11:33:48 | 23 | And just so the record's clear, this is obviously a |
| 11:33:51 | 24 | telephone conference in the Opioid MDL, MDL 2804. |
| 11:33:59 | 25 | Okay, Steve. |

|          |    |                                                                       |
|----------|----|-----------------------------------------------------------------------|
| 11:34:02 | 1  | MR. SKIKOS: Okay. Good morning, Judge. |
| 11:34:03 | 2  | On behalf of the MDL Tribal Leadership Committee, we'd |
| 11:34:06 | 3  | like to thank Your Honor, Special Master David Cohen, |
| 11:34:10 | 4  | counsel for the distributors, and Johnson & Johnson for the |
| 11:34:13 | 5  | opportunity to present this settlement. |
| 11:34:15 | 6  | I'll be brief. |
| 11:34:15 | 7  | There's a few points of background.  The tribal |
| 11:34:18 | 8  | nations were excluded from receiving direct benefits from |
| 11:34:20 | 9  | the tobacco settlement. |
| 11:34:23 | 10 | In this case, over 170 tribes filed suit in the MDL |
| 11:34:28 | 11 | and in this Court, and the Court appointed a leadership to |
| 11:34:32 | 12 | serve the interest of all tribes. |
| 11:34:33 | 13 | In October of 2018, in response to a motion to |
| 11:34:38 | 14 | dismiss, and in light of the experience in the tobacco case, |
| 11:34:40 | 15 | over 450 tribes and tribal organizations signed on to the |
| 11:34:48 | 16 | TLC amicus brief for the MDL.  This filing represents over |
| 11:34:52 | 17 | 70 percent of all federally-recognized tribes and an |
| 11:34:53 | 18 | estimated 85 percent of all tribal citizens. |
| 11:34:56 | 19 | There was a clear and unified statement in support of |
| 11:34:59 | 20 | the tribal litigation efforts in the MDL and in support of |
| 11:35:03 | 21 | tribal rights to resolve their own cases. |
| 11:35:05 | 22 | TLC is a combination of firms that historically |
| 11:35:11 | 23 | represents tribes and work on and with the PEC, and firms |
| 11:35:17 | 24 | responsible for efforts on liability discovery, experts, law |
| 11:35:20 | 25 | and motion, and trial. |

11:35:21  1      As you know, the tribes have won in the bellwether
11:35:25  2  cases in Cherokee Nation and further helped commence the
11:35:28  3  case against the generics when Blackfeet and Muscogee Creek
11:35:31  4  won a series of rulings in June of 2019.
11:35:33  5      So in summary, the tribes are additive and necessary
11:35:36  6  to a case of this magnitude, created litigation risk, and
11:35:40  7  this led to mediation.
11:35:44  8      Special Master Cohen successfully mediated the
11:35:47  9  Johnson & Johnson case, and Retired Judge Layn Phillips
11:35:50  10 successfully mediated the distributor case.
11:35:53  11     Both sides would agree that both Special Master Cohen
11:35:56  12 and Layn Phillips were magnificent. This was a difficult
11:36:00  13 negotiation on a contested case.
11:36:02  14     Here are the financial terms:
11:36:03  15     The distributors will fund $440 million over six and a
11:36:10  16 half years. Johnson & Johnson will fund $150 million over
11:36:16  17 two years. The distributors' payment to the tribes will be
11:36:19  18 in addition to and on top of the previous settlement with
11:36:22  19 Cherokee Nation. The aggregate amount of the distributor
11:36:26  20 and J&J settlement with all tribes is $665 million.
11:36:32  21     I'm going to go over eligibility and effective date,
11:36:35  22 which will lead us to the conclusion.
11:36:36  23     The aggregate settlement will be presented to all
11:36:39  24 federally-recognized tribes. Both litigating and non-
11:36:43  25 litigating tribes will have the right to participate in the

settlement.  One note:  The tribe does not need to file suit to participate.  There are tribal healthcare organizations that are also eligible to participate.

On the subject of tribal healthcare, 85 percent of the settlement funds in the distributor deal and 86 percent in the Johnson & Johnson deal will be spent on drug treatment and related abatement programs.

Dean and former Assistant Secretary for Indian Affairs Kevin Washburn, former Indian Health Service Director Mary Smith, and financial expert Kathy Hannan, all tribal citizens, will share lead responsibility for implementing the settlement under supervision of court-appointed Special Master Cohen.  They will also lead the outreach and notice to non-litigating tribes.

Each participating tribal entity will have the sole, ultimate, and final say over which approved abatement uses are best for the tribal entity as that tribal entity continues to address the opioid crisis.

David Cohen and Layn Phillips will jointly determine the final intertribal allocation.  Each tribe will have the right to meaningfully participate in the final allocation process and to be heard prior to the entry of the final allocation order.

There are some specific nuances between the two deals, but the basic point is that settlement becomes effective

| | | |
|---|---|---|
| 11:38:08 | 1 | when 95 percent of the litigating tribes by allocation sign |
| 11:38:12 | 2 | on to participate. |
| 11:38:13 | 3 | The Tribal Leadership Committee believes in the |
| 11:38:15 | 4 | overall value, purpose, and reliability of the settlement |
| 11:38:19 | 5 | procedures and is committed to work in cooperation with Your |
| 11:38:22 | 6 | Honor, with Special Master Cohen, with Judge Layn Phillips, |
| 11:38:26 | 7 | the directors of the Tribal Settlement Trust, and the |
| 11:38:28 | 8 | companies to promptly reach participation requirements under |
| 11:38:32 | 9 | both deals and the effective date. |
| 11:38:34 | 10 | Pursuant to the terms of the term sheet, the Tribal |
| 11:38:39 | 11 | Leadership Committee hereby requests the Court to appoint |
| 11:38:44 | 12 | and jointly determine the allocations David Cohen and Layn |
| 11:38:49 | 13 | Phillips, and to appoint Dean Washburn, Mary Smith, and |
| 11:38:53 | 14 | Kathy Hannan as directors of the Tribal Settlement Trust. |
| 11:38:56 | 15 | Finally, Your Honor, we're not solving the opioid |
| 11:39:00 | 16 | crisis with the settlement, but we are getting critical |
| 11:39:02 | 17 | resources to tribal communities to address the crisis. |
| 11:39:08 | 18 | In coordination with the PEC, the TLC continues to |
| 11:39:11 | 19 | pursue cases against the pharmacies Teva/Allergan, Endo, and |
| 11:39:15 | 20 | to protect the tribal claims in the Purdue and Mallinckrodt |
| 11:39:18 | 21 | bankruptcies. |
| 11:39:18 | 22 | Finally, from my perspective, and I think the |
| 11:39:21 | 23 | perspective of everyone on the call, we want to thank Your |
| 11:39:24 | 24 | Honor. Judge Polster, you have taken one of the hardest |
| 11:39:25 | 25 | cases in the history of this country and you've brought it |

| | | |
|---|---|---|
| 11:39:28 | 1 | to a place where we can have a settlement that's going to |
| 11:39:31 | 2 | make a difference in humans' lives. |
| 11:39:33 | 3 | So with that, I turn it over to Tom. |
| 11:39:39 | 4 | MR. PERRELLI: Thank you, Steve. |
| 11:39:40 | 5 | And thank you, Your Honor. |
| 11:39:41 | 6 | And I appreciate Mr. Skikos's summary. And I think on |
| 11:39:45 | 7 | behalf of distributors, I'll be exceptionally brief. |
| 11:39:47 | 8 | Because Steve said, as with all of these negotiations, it's |
| 11:39:50 | 9 | been hard fought and taken some time, but I will say it has |
| 11:39:54 | 10 | been an exceptionally collaborative effort. |
| 11:39:56 | 11 | The distributors appreciate the efforts of the TLC and |
| 11:40:01 | 12 | their good-faith approach that all have taken here. And we |
| 11:40:03 | 13 | also very much appreciate both Judge Phillips' and David |
| 11:40:06 | 14 | Cohen's efforts in bridging this agreement and bringing this |
| 11:40:09 | 15 | together. |
| 11:40:09 | 16 | So we are looking forward to moving forward with the |
| 11:40:14 | 17 | next step, which is really focused on participation. And so |
| 11:40:20 | 18 | we are committing to do whatever we can to help to maximize |
| 11:40:24 | 19 | participation. And we will work with the TLC and the |
| 11:40:30 | 20 | administrators, who are individuals that have credibility in |
| 11:40:32 | 21 | tribal communities and we believe will work to facilitate |
| 11:40:38 | 22 | the kind of participation that all the parties here and we |
| 11:40:41 | 23 | know the Court wants to see. |
| 11:40:44 | 24 | So again, thanks to all from the distributors. |
| 11:40:47 | 25 | And I'll hand off to Charlie Lifland for J&J. |

11:40:58  1    MR. LIFLAND: Thank you, Tom. And I echo
11:41:00  2 everything that you and Steve said.
11:41:03  3    Thank you to the Court for having facilitated this.
11:41:04  4    And I wanted to say a special thanks to Special Master
11:41:08  5 Cohen who served as the mediator in the talks between J&J
11:41:11  6 and the tribal nations, and he really was instrumental to
11:41:15  7 bringing those home to a successful conclusion.
11:41:17  8    We appreciate everyone's efforts, especially the TLC,
11:41:24  9 in working with us to negotiate this settlement. And, like
11:41:31 10 Tom, I look forward to moving it forward with maximum
11:41:34 11 participation.
11:41:41 12    THE COURT: All right. Thanks.
11:41:42 13    I have just a couple things to wrap up.
11:41:44 14    Was there anyone else who wanted to add anything? I
11:41:47 15 don't want to cut anyone off.
11:41:53 16    Okay. Well, just in summary and conclusion, I want to
11:41:58 17 really thank all of you. I recall when I started this
11:42:05 18 Opioid MDL four years ago, I said I don't know if there will
11:42:10 19 be any global settlements, but if there are, I want to make
11:42:16 20 sure that the tribes are included. And it took a lot of
11:42:23 21 hard work by all of you, your clients.
11:42:25 22    I also want to thank former Special Master Cathy Yanni
11:42:30 23 because her main task at the outset of the MDL was to help
11:42:38 24 get the tribes organized, because without that -- that was a
11:42:41 25 predicate for any potential global settlement.

```
11:42:44   1        And I think it's important, you know, when this is
11:42:47   2   publicized to let everyone know that it was necessary to
11:42:53   3   have separate parallel negotiations and ultimately separate
11:42:57   4   settlement agreements with the three distributors and J&J
11:43:01   5   with the tribes, parallel to the separate negotiations and
11:43:06   6   ultimate settlements that these defendants made with the
11:43:11   7   states and cities and counties, because, of course, the
11:43:14   8   tribes are sovereign nations.  So they had to negotiate
11:43:19   9   separately.
11:43:20  10        And those negotiations went along in parallel tracks,
11:43:24  11   and as a result, now all of the Native American tribes and
11:43:31  12   their citizens are being treated comparably to citizens in
11:43:37  13   our American cities and counties with respect to these
11:43:40  14   defendants.
11:43:41  15        So again, I want to thank everyone.  It took a lot of
11:43:44  16   hard work by all, and I'm glad we've reached this point.
11:43:48  17        So I will enter the proposed orders that have been
11:43:53  18   presented to me and that were described by Mr. Skikos.
11:43:59  19   We'll enter these promptly.
11:44:02  20        And I'll ask the court reporter to file this
11:44:05  21   transcript later today, if possible, so anyone can read it,
11:44:10  22   and it will be a matter of public record.
11:44:18  23        Anything else anyone wishes to say?
11:44:24  24        All right.  Thank you very much to everyone.
11:44:27  25        And with that, this telephone conference is concluded.
```

| | | |
|---|---|---|
| 11:44:31 | 1 | Have a good day and stay safe everyone. |
| 11:44:34 | 2 | (Proceedings adjourned at 11:44 a.m.) |
| | 3 | * * * * * |
| | 4 | **C E R T I F I C A T E** |
| | 6 | I certify that the foregoing is a correct transcript |
| | 7 | of the record of proceedings in the above-entitled matter |
| | 8 | prepared from my stenotype notes. |

10  /s/ Lance A. Boardman          February 1, 2022
    LANCE A. BOARDMAN, RDR, CRR              DATE