UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' MOTION TO COMPEL PLAINTIFFS
TO COMPLY WITH COURT ORDER**

Plaintiffs have failed to comply with the Court's Order Regarding Abatement Proceeding (Doc. 4220). The Order required plaintiffs, "for each element listed in their abatement plan," to provide "discovery showing how much money Lake County and Trumbull County each expended on those elements in the two most recent years for which such data is available." Plaintiffs did not produce the required discovery. Instead, they provided only a letter from counsel that does not contain the information that the Order required.[1]

Far from providing actual dollar amounts expended on each "element" of their purported abatement plan (*e.g.*, drug take-back collection programs, treatment for opioid use disorder, Hepatitis C and HIV screening / treatment, naloxone and related training), counsel's letter purports to provide total expenditures for certain county departments in their entirety *(e.g.*, Trumbull County Sherriff's Office, Trumbull County Court of Common Pleas, Trumbull County Mental Health & Recovery Board).[2] It then applies to each department's total expenditures an "estimated percentage" purporting to reflect the degree to which the department's expenditures are "impacted by the opioid epidemic." Counsel's letter does not explain what counsel means by "impacted by

---

[1] The letter was emailed to the Court and Pharmacy Defendants on February 1, 2022.
[2] Counsel's letter does not cite, much less enclose, any material to support any of these figures.

the opioid epidemic." Nor does it disclose the methodology counsel used to compute the percentage of each department's expenditures that supposedly were "impacted by the opioid epidemic." Nor does it identify—much less provide—the material it used to determine this percentage. In other words, plaintiffs have not just ignored the express terms of the Order by refusing to provide the discovery the Court ordered them to produce, the different information they provide is unexplained and unsupported and comes only in the form of uncorroborated statements of counsel. As far as Pharmacy Defendants can tell, the information may have been drawn from whole cloth.[3]

The Court should compel plaintiffs to comply immediately with the Order and provide, as the Court told them to, "discovery showing how much money Lake County and Trumbull County each expended on" "each element listed in their abatement plan" for "the two most recent years for which such data is available." The Court should further order that, if plaintiffs continue to withhold their actual past costs for the services sought in their purported abatement plan, they will be precluded from presenting evidence at trial of what they contend are the future costs.[4]

---

[3] Defendants' initial review calls into question the reliability of counsel's estimates. For example, while counsel's letter states that 75% of the expenditures of the Lake County ADAMHS Board are related to opioids, a Board report admitted at trial indicates that the drug-of-choice of more than 55% of the persons for whom the Board funded treatment in 2019 was a non-opioid drug. *See* CVS-MDL-04963 at ADAMHS000004913.

[4] We note that plaintiffs' purported abatement plan is insufficient in itself. It merely is a menu of options provided by an expert witness, who testified that it is for the counties themselves to tailor them. We have advised Special Master Cohen and plaintiffs that we will brief this issue in our March 9 submission.

February 4, 2022

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
Email: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.; Walgreen Co., and Walgreen Eastern Co., Inc.*