No.  21-3637

FILED
Feb 07, 2022
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re:  HARRIS COUNTY, TX, et al.,          )
                                            )          O R D E R
          Petitioners.                      )


Before:  GUY, CLAY, and DONALD, Circuit Judges.

In this multidistrict litigation arising from the over-prescription of opioid medications, three counties in Texas—Harris, Rockwall, and Ellis—and two cities in New Mexico—Albuquerque and Santa Fe—petition for a writ of mandamus, seeking to compel the district court to adjudicate motions to remand challenging the district court's subject matter jurisdiction.  Those motions have been pending for as long as nearly four years.[1]

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes."  *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted).  "The traditional use of the writ in aid of appellate jurisdiction . . . has been to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction."  *Id.* (brackets in original) (quoting *Roche v. Evaporated*

---

[1] *See* R. 2, Mot. to Remand, No. 1:17-op-45677 (N.D. Ohio, Feb. 20, 2018); R. 35, Mot. to Reopen Administratively Closed Case and Remand, 1:19-op-45859 (N.D. Ohio Aug. 9, 2019); R. 32 & 33, Mot. to Lift Stay and Remand, No. 1:19-op-45860 (N.D. Ohio Aug. 8, 2019); R. 14 & 19, No. 1:20-op-45137, Mot. to Remand and Mot. to Expedite Remand (N.D. Ohio Dec. 9, 2019); R. 11 & 16, Mot. to Remand and Mot. to Expedite Remand, No. 1:20-op-45136 (N.D. Ohio Dec. 17, 2019); *cf.* R. 2296-8 at PgID 497522−23, 497582, No. 1:17-md-02804 (*MDL*); *see also* (CA6 Pet. 2−4, 6−8).

*Milk Ass'n*, 319 U.S. 21, 26 (1943)).  "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy."  *Id.* (internal quotation marks and citations omitted).  To preserve its use to only extraordinary causes, petitioners must satisfy three conditions.  First, they cannot have adequate alternative means to obtain the relief they seek—"a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process[.]"  *Id.* at 380−81.  Second, petitioners must show a "clear and indisputable" right to the relief sought.  *Id.* at 381 (citation omitted). Finally, petitioners must show that issuing the writ is otherwise "appropriate under the circumstances."  *Id.*

Petitioners lack adequate alternative remedies.  *See In re Wilson*, 451 F.3d 161, 168 (3d Cir. 2006) (finding this condition satisfied when petitioners had sought and been denied a suggestion of remand before the MDL court and a remand before the JPML); *see also In re Patenaude*, 210 F.3d 135, 141−42 (3d Cir. 2000) (holding that only those petitioners who first sought remand before the MDL and or the JPML had pursued their adequate alternative remedies to obtain a remand).

"[W]here a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ in order that [it] may exercise the jurisdiction of review given by law."  *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661−62 (1978) (internal quotation marks and citation omitted).  "The rule of law applies in multidistrict litigation . . . just as it does in any individual case."  *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020) (granting writ of mandamus to strike complaint amendments because the district court overseeing the MDL allowed county litigants' untimely amendments to their complaints in violation of Federal Rule of Civil Procedure 16(b)).  Consequently, "determination

of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, as applied to the record in that case alone." *Id.*; *see Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 (3d Cir. 2021). The district court's decision whether to remand "depends on the record in that case and not others" and a party's rights in one case cannot be impinged upon "to create efficiencies in the MDL generally." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845. Thus, while an MDL court has "broad discretion to create efficiencies and to avoid unnecessary duplication in its management of pretrial proceedings in the MDL," it must find those efficiencies within the applicable statutes, "rather than in violation of them." *Id.*; *see also In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011).

Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The seemingly mandatory nature of this provision weighs in favor of finding that the district court clearly abused its discretion in abating rulings on the pending remand motions. But "mere doubt about the district court's jurisdiction is never enough to justify mandamus relief." *In re Briscoe*, 448 F.3d 201, 206 (3d Cir. 2006). "Rather, the district court's lack of subject matter jurisdiction [must be] clear and indisputable." *Id.* (brackets in original) (internal quotation marks and citation omitted); *see also Roche*, 319 U.S. at 26 ("[A]ppellate courts are reluctant to interfere [by mandamus] with the decision of a lower court on jurisdictional questions which it was competent to decide and which are reviewable in the regular course of appeal.").

Petitioners' motions have been pending a significant time. Absent a "master complaint" and "consolidated answer," the cases within an MDL "retain their separate identities." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015). Numerous courts, prior to transfer of cases into this MDL, addressed and granted pending motions to remand. Although portions of the

No. 21-3637
-4-

jurisdictional question are fact driven, the unanimity of these decisions lends significant support to the merits of Petitioners' jurisdictional arguments. *See, e.g.*, *Mecklenburg Cty. v. Purdue Pharma, L.P.*, No. 3:19-cv-00463, 2019 WL 3207795, at *2, *7 (E.D. Va. July 16, 2019) (collecting cases). "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 578 (1998) (citation omitted). A district court, however, "has leeway to 'choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citation omitted). For instance, a court may choose to "dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction"; "declin[e] to adjudicate state-law claims on discretionary grounds" without addressing "pendent jurisdiction"; dismiss based upon an abstention doctrine without deciding whether there is "an Article III case or controversy"; dismiss suits against the federal government based "covert espionage agreements"; or "may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction." *Id.* at 431−32. But here, the district court has not dismissed petitioners' cases on any such non-merits basis.

We have granted a mandamus petition where a district court's stay on proceedings deprived a litigant of "a meaningful opportunity to obtain timely review." *See In re Syncora Guarantee Inc.*, 757 F.3d 511, 514−16 (6th Cir. 2014) (granting mandamus to set aside district court's *sua sponte* stay on proceedings and directing the district court to adjudicate the parties' bankruptcy appeal that had been pending for seven months because, notwithstanding the district court's desire to "conserve[e] judicial resources," granting mandamus would "ensure that the district court's stay order does not deprive [the claimant] of a meaningful opportunity to obtain timely review of the bankruptcy court's decision").

No. 21-3637
-5-

We are mindful that in MDL cases district courts also "face[] unique challenges not present when administrating cases on a routine docket." *Hamer*, 994 F.3d at 178. Multidistrict litigation involves mass numbers of suits. Thus, MDL courts are "granted significant latitude to manage their dockets and to mitigate 'potential burdens on the defendants and court.'" *Id.* (quoting *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340−41 (5th Cir. 2000)). Petitioners' cases were transferred to the MDL after the district court issued a moratorium on remand motions. The district court has granted some motions to remand and denied others on the merits. In some cases, the district court has granted a remand motion either after state court judges in the respective states contacted the district court and requested remand to promote judicial efficiency, or because the parties consented or had no objection to a remand. (*MDL*, R. 1987, PgID 261815−17; R. 3176; R. 12, R. 15, No. 1:18-op-46311).

 After Petitioners' motions to remand had been pending, they moved for suggestions of remand in February, April, and July of 2020. But the district court summarily denied the motions in non-document orders without providing any reasoning.

Petitioners also characterize the delay and summary denial as a violation of due process. The district court appointed teams to oversee the litigation, and those teams concurred in holding remand motions in abeyance. Some federal courts have granted remand prior to transfer being ordered by the JPML. *See, e.g.*, *Mecklenburg Cty.*, 2019 WL 3207795, at \*2, \*7. The complexity of this case, the number of parties involved, and the issues presented no doubt justify some delay. Nonetheless, "we look unfavorably upon lengthy, unjustified, and inexplicable delays on the part of district courts in deciding cases." *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 782 (6th Cir. 2007). Petitioners' motions have been pending for one to nearly four years.

No. 21-3637
-6-

Under the circumstances, a response from the district court would be helpful. **The district court is INVITED to respond to the mandamus petition** within thirty (30) days, advising the court of the status of the pending motions, and of the estimated time necessary for their disposition. *See* Fed. R. App. P. 21(b)(4). Upon receipt of the response or the expiration of the time for responding, the mandamus petition will be resubmitted to the court.[2]

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[2] *See, e.g.*, *In re Nat'l Prescription Opiate Litig.*, No. 19-3682, 2019 U.S. App. LEXIS 22010, at *1 (6th Cir. July 23, 2019); *In re Dickinson*, No. 20-4264, 2021 U.S. App. LEXIS 24940, at *2 (6th Cir. Aug. 19, 2021) (5-month delay); *In re Johnson*, No. 20-1766, 2020 U.S. App. LEXIS 32651, at *1−2 (6th Cir. Oct. 15, 2020) (13-month delay); *In re Houston*, No. 19-6113, 2020 U.S. App. LEXIS 3733, at *1−2 (6th Cir. Feb. 6, 2020) (two-year delay); *In re Pavon*, No. 20-3006, 2020 U.S. App. LEXIS 15626, at *1−2 (6th Cir. May 14, 2020) (26-month delay); *In re Myers*, No. 18-3780, 2019 U.S. App. LEXIS 992, at *2 (6th Cir. Jan. 10, 2019) (33-month delay).