UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**REPLY IN SUPPORT OF PHARMACY DEFENDANTS'
OBJECTION TO THE PHASE II DISCOVERY ORDER**

Interrogatory No. 5—the only remaining item subject to Pharmacy Defendants' Objection—seeks a deidentified list of the persons whom plaintiffs seek to treat under their purported abatement plans, as well as basic information about these individuals' opioid use (*e.g.,* whether the individual ever used prescription opioids). This information is necessary to determine the size and limits of any treatment component of an abatement order, should it survive Pharmacy Defendants' challenges.[1] Yet plaintiffs say they cannot respond to the interrogatory because "they do not have access to th[e] information." Doc. 4720 at 2. This is implausible.

1. Plaintiffs' lawsuit is founded on the assertion that their residents are suffering from opioid use disorder to such a degree that it has harmed the counties themselves. It is impossible that plaintiffs do not know—or cannot find out—who *any* of these residents are. Many of the individuals at issue presumably interact with county departments and are in county programs. Indeed, the officials in each county responsible for addiction treatment served as plaintiffs' representatives at trial and sat at counsel's table. Surely, these officials know—or can ascertain— who is currently under their care and will need ongoing services. Each county also operates

---

[1] Pretrial motions on legal issues are due March 9, 2022. *See* Doc. 4188.

agencies and departments—*e.g.*, police departments, emergency service departments, health departments, prosecutor's offices, courts, and jails—that would possess responsive information as well. Notably, while plaintiffs implausibly contend that they cannot access the information sought by the interrogatory, they appear to have made no effort to even try. They give no indication that they have conducted a reasonable search or have taken any other measures to try to respond to the interrogatory.

2. It is not enough for plaintiffs to say that they cannot access the information needed to respond to the interrogatory "comprehensively." Doc. 4720 at 2. If the information possessed by plaintiffs is incomplete, they must disclose what they possess and what they can reasonably access through their departments and through reasonable investigation. The fact that plaintiffs may not be able to provide *complete* information does not license them to withhold *all* information.

3. Nor does it matter that plaintiffs themselves are relying on statistical extrapolations prepared by an expert witness in lieu of the kind of evidence sought by the interrogatory. Plaintiffs' litigation decision to rely only on statistics does not limit either the scope of discoverable evidence or Pharmacy Defendant's own litigation strategies. At a minimum, Pharmacy Defendants have the right to obtain the actual facts about county residents that are needed to test and challenge the accuracy of plaintiffs' aggregate estimates and mathematical extrapolations. For example, the information sought by Interrogatory 5 may show that plaintiffs' statistical estimate of the number of residents in need of treatment—which they use as a driver to compute the enormous amount of money they seek from Pharmacy Defendants—is vastly overstated. It also may show that many of these residents never actually used prescription opioids or never obtained them from a Pharmacy Defendant. If Pharmacy Defendants are denied this information, they will be deprived of core material needed to challenge plaintiffs' extrapolations and to present their defense.

4. While plaintiffs suggest that data produced in the MDL by private companies "might" contain responsive information (Doc. 4720 at 2), plaintiffs cannot use this to evade their discovery obligations. One data set cited by plaintiffs concerns other counties (the Track One counties). The other data set concerns each county's health plan for its own employees.[2] And none of this data reveals *who plaintiffs themselves seek to treat* through their purported abatement plans, which is the whole point of Interrogatory No. 5.

For the foregoing reasons, Pharmacy Defendants respectfully request that the Court sustain Pharmacy Defendants' Objection to the Special Master's ruling on Interrogatory No 5.

---

[2] This data was produced only to show the opioid prescriptions covered by each county's employee health plan. While some of the data provides some information on opioid use disorder diagnoses, the data set covers only county employees (and their families) and thus a fraction of county residents. Even within that narrow universe, the OUD information is limited and incomplete.

3

February 8, 2022

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Phone: (202) 879-3939
Fax: (202) 626-1700
Email: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Brian C. Swanson
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
brian.swanson@bartlitbeck.com
kate.swift@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.; Walgreen Co., and Walgreen Eastern Co., Inc.*

4