UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL 2804 |
| ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) ) | |
| ) | Judge Dan Aaron Polster |
| *Track Three Cases* ) | |
| ) | **<u>ORDER DENYING DEFENDANTS'</u>** |
| ) | **<u>DISCOVERY OBJECTION</u>** |

Before the Court is Defendants' Objection to the Special Master's Phase II Discovery Order (Doc. #: 4252). Specifically at issue is Interrogatory 5. For the reasons set forth below, the Objection is **OVERRULED**.

Interrogatory 5 asks Plaintiffs to supply, in a deidentified fashion, detailed information for each person they seek to treat through their abatement plan. Such information includes: (1) the substance the person is or was using, whether it is or was a prescription opioid medication, some other medication or substance, or an illicit drug; (2) if the person is or was using prescription opioid medications, the date when the person became addicted to or began abusing or misusing prescription opioid medication; (3) which prescription opioid medications the person has abused or misused; (4) how the person obtained those prescription opioid medications; (5) whether the person has received or is receiving treatment related to the use of prescription opioids or other substances; and (6) whether the person has insurance to cover treatment. Doc. #: 4252-1 at 9.

In the January 26 Phase II Discovery Order, Special Master Cohen ruled Plaintiffs need not answer Interrogatory 5 because "[n]ot only does the information requested include sensitive, confidential, and private individual medical information – de-identification of which would require lengthy and expensive effort – but the request is dramatically overbroad (and, in part, impossible

to answer, as it seeks unknowable information about the future)." Doc. #: 4247. Defendants argue this information is "directly relevant to plaintiffs' abatement proposal" because it "goes to, among other things, the number of persons who, in fact, need treatment and, additionally, to the necessary tailoring of any treatment plan (for instance, to ensure it does not reach persons who only ever have used illicit opioids)." Doc. #: 4252 at 3.

The Court agrees with the Special Master's original ruling, particularly regarding the overbroad nature of Interrogatory 5. As Plaintiffs indicated in their response, Plaintiffs have already provided in expert reports by Dr. Caleb Alexander and Dr. Katherine Keyes the numbers of relevant individuals with opioid use disorder in both Lake County and Trumbull County for the year 2021. Doc. #: 4270 at 1. These reports also contain details about how they arrived at the number of relevant individuals and what percentage of them will need treatment. *Id.* Defendants do not specify what exactly about Plaintiffs' results or methodology as described in these expert reports may be faulty or insufficient. If Defendants believe there are any flaws with the reports, then they of course may challenge these in their own abatement proposal. This does not, however, entitle them to extensive personal information about every individual contemplated by Plaintiffs' abatement plan.

The Court further agrees with the Special Master that providing the information requested would very likely require a lengthy and expensive effort. Plaintiffs represent they do not have access to the information sought by Defendants. Doc. #: 4270 at 2. While Defendants argue this is implausible (Doc. #: 4274 at 2), the Court sees no reason to doubt Plaintiffs' representation. The information sought by Defendants is extensive, asking for personal details relating to every individual contemplated in Plaintiffs' abatement plan, some of which is likely in flux (e.g., a list

of substances a given person has consumed). It therefore seems perfectly plausible that Plaintiffs would not have access to this information.

Accordingly, Defendants' objection is **OVERRULED**. Plaintiffs need not answer Interrogatory 5.

**IT IS SO ORDERED.**

<u>/s/ Dan Aaron Polster   February 8, 2022</u>
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE