UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) *Track Three Cases* ) ) ) ) ) ) | MDL 2804 Case No. 1:17-MD-2804 Judge Dan Aaron Polster **ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO COMPEL** |

Before the Court is Defendants' Motion to Compel Plaintiffs to comply with the Court's January 4, 2022 Order. Doc. #: 4271. Plaintiffs filed a response in opposition. Doc. #: 4277. Defendants filed a reply. Doc. #: 4280. For the reasons set forth below, Defendants' Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

On January 4, the Court ordered that "for each element listed in their abatement plan, Plaintiffs shall produce by February 1 discovery showing how much money Lake County and Trumbull County each expended on those elements in the two most recent years for which such data is available." Doc. #: 4220. In response, Plaintiffs timely produced a letter in which they purport to identify "the actual Fiscal Year 2020 and Fiscal Year 2021 expenditures for each department [in Lake County and Trumbull County] impacted by the epidemic and the estimated percentage of work in each department that has been impacted by the opioid epidemic."

In their Motion, Defendants state Plaintiffs' letter "does not contain the information that the [January 4] Order required" because instead of "providing actual dollar amounts expended on each 'element' of their purported abatement plan (*e.g.*, drug take-back collection programs,

treatment for opioid use disorder, Hepatitis C and HIV screening / treatment, naloxone and related training), counsel's letter purports to provide total expenditures for certain county departments in their entirety," and then "applies to each department's total expenditures an 'estimated percentage' purporting to reflect the degree to which the department's expenditures are 'impacted by the opioid epidemic.'" Doc. #: 4271 at 1.

In their response, Plaintiffs assert:

> It is impossible for the plaintiffs to line up past expenditures on each category of abatement described in Dr. Alexander's abatement plan with what plaintiffs' experts, to wit, Dr. Alexander and plaintiffs' economists (Burke Rosen), project as the future costs of each category of the plan. Plaintiffs' accounting systems do not permit such a comparison because past expenditures are simply not tracked in this manner.

Doc. #: 4277 at 2. Plaintiffs then supplement the February 1 letter with "[a] description of [the] County's current services which address Dr. Alexander's separate categories of future abatement and the future cost of providing those services projected by plaintiffs' economists, Burke Rosen, for only the first two years of the Alexander plan (to compare to the prior 2 years of expenditures)." *Id.* at 4–24 (Lake County); 26–47 (Trumbull County).

In their reply, Defendants reiterate the arguments made in their motion, but add that Plaintiffs' response "provide[s] no declarations or other support, besides attorney commentary, supporting [their] position." Doc. #: 4280 at 1. They further stress that Plaintiffs:

> do not identify a single county employee with whom their counsel met. Nor do they disclose how these employees derived the supposed estimates or what information, if any, they relied on in making such estimates. Further, even as they substitute these estimates for the actual costs required by the Order, plaintiffs do not provide estimates for each individual element of their abatement plan and instead aggregate estimates across elements.

*Id.* at 2.

The Court accepts that the counties' past expenditures are not tracked the way that Dr. Alexander structured the categories of his proposed abatement plan. However, the Court also

agrees with Defendants that Plaintiffs should, at a minimum, be required to show their work. The Court sees no reason why Plaintiffs cannot provide declarations or other support for the estimates set forth in their February 1 letter and response.

Further, the purpose of the Court's order was to help the Court and Defendants gain a better understanding of how the counties' funds are currently allocated to Dr. Alexander's abatement plan. To the extent it can be done without speculation, Plaintiffs should endeavor to apportion the amount of opioid-related expenditures to be spent on each of those categories. If, as Plaintiffs assert, "[i]t is impossible for the plaintiffs to line up past expenditures on each category of abatement described in Dr. Alexander's abatement plan," Doc. #: 4277 at 2, then they must explain why it is impossible.

Accordingly, Defendants' Motion to Compel is hereby **GRANTED-IN-PART**. Plaintiffs are **ORDERED** to provide declarations or other support for the estimates provided in their February 1 letter and response. Additionally, to the extent reasonable, Plaintiffs must attempt to apportion the estimated expenditures into Dr. Alexander's four top-level categories. If, however, there is no good faith basis for further breakdown of departmental expenditures, Plaintiffs must provide support for that assertion as well. Finally, to the extent Defendants' motion seeks more information than required by this order or would limit Plaintiffs from using evidence in Phase 2 of this trial, the motion is **DENIED**.

**IT IS SO ORDERED.**

   /s/ Dan Aaron Polster  February 18, 2022
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**