# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel., ) <br> MIKE HUNTER, ATTORNEY ) <br> GENERAL OF OKLAHOMA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PURDUE PHARMA L.P., et al., ) <br> ) <br> Defendants. ) | Case No. CIV-18-574-M |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed June 14, 2018. On July 5, 2018, defendants Purdue Pharma L.P., Purdue Pharma Inc., and the Purdue Frederick Company Inc. ("Purdue Defendants") filed their response, and on July 6, 2018, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On June 30, 2017, plaintiff filed the instant action in the District Court of Cleveland County, State of Oklahoma. Plaintiff alleges that defendants fraudulently promoted their opioid medications and asserts the following causes of action: (1) violation of the Oklahoma Medicaid False Claims Act, (2) violation of the Oklahoma Medicaid Program Integrity Act, (3) violation of the Oklahoma Consumer Protection Act, (4) public nuisance, (5) actual and constructive fraud and deceit, and (6) unjust enrichment. Defendants sought additional time to respond to plaintiffs' Original Petition, and the parties entered into a stipulation extending defendants' answer date for sixty days and limiting defendants' ability to remove the case ("Stipulation"). Regarding defendants' ability to remove, the Stipulation provides:

> The claims presently set forth in Plaintiff's Original Petition are properly brought in the District Court of Cleveland County, State of Oklahoma. The Served Pharmaceutical Defendants will not remove the above-captioned case, based upon Plaintiff's Original Petition, to Federal Court nor will they agree to, join in, or consent to the removal of this case, based upon Plaintiff's Original Petition, to Federal Court if any other Defendant(s) remove the case to Federal Court.

Stipulation at ¶ 2.

On April 18, 2018, defendant Purdue Pharma Inc. propounded its First Set of Interrogatories. Interrogatory No. 1 stated: "Describe the complete public nuisance abatement and the complete injunctive relief that You seek, if any, including in Your description the nature, terms, and scope of the relief sought, any conduct that You seek to prohibit, and any affirmative conduct You seek to compel." Defendant Purdue Pharma Inc.'s First Set of Interrogatories to Plaintiff at 5. On May 21, 2018, plaintiff responded to the interrogatories. Plaintiff provided a very extensive and detailed response to Interrogatory No. 1, which included the following response regarding necessary injunctive relief:

> The State seeks all necessary injunctive relief to abate the nuisance Defendants created including all costs associated with implementing such abatement procedures. Injunctive relief items beyond the items listed above include, but are not limited to:
> - Reducing production of Defendants' prescription opioids and implementing effective controlled substances monitoring programs.
> - Increased transparency into Defendants' opioid sales data.
> - Packaging prescription opioids in blister packs or other package to limit accelerated use.
> - Abiding by CDC or other government guidelines related to opioids in all communications (written or oral) with health care providers.
> - Cease stymieing or impeding efforts to disseminate information regarding the risks of opioids.

Plaintiff's Responses and Objections to Defendant Purdue Pharma, Inc.'s First Set of Interrogatories at 46.

Based on plaintiff's response to Interrogatory No. 1, the Purdue Defendants, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removed this action to this Court on June 13, 2018. Plaintiff now moves this Court to remand this action to the District Court of Cleveland County, State of Oklahoma.

II.     Discussion

In their Notice of Removal, the Purdue Defendants assert that federal question jurisdiction exists in this case because plaintiff's interrogatory responses revealed, for the first time, that plaintiff's lawsuit involves state law claims that are inextricably tied to substantial disputed federal questions. Specifically, the Purdue Defendants contend that through its requested relief, plaintiff is attempting to supplant the United States Food & Drug Administration's ("FDA") complex regulatory determinations and federal administrative prerogatives with plaintiff's contrary assessment regarding how defendants' opioids should be regulated, labeled, and marketed and, thus, is seeking to use Oklahoma state law to require that defendants convey different information about the safety and efficacy of their opioid medications and different packaging for those medications in Oklahoma than what the FDA has required in Oklahoma and every other state in the country. The Purdue Defendants conclude that these requested remedies give rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331 because they require the Court to second guess the FDA by reassessing, reevaluating, and revamping the FDA's prior federal regulatory determinations.

Plaintiff contends that this action should be remanded to state court. Specifically, plaintiff asserts that the Stipulation bars removal of this action because the Original Petition has not been amended and the Purdue Defendants are bound by the Stipulation. Additionally, plaintiff asserts that the Purdue Defendants made the same arguments they are relying on in their Notice of

Removal in their prior motion to dismiss and, thus, have waived any right to removal. Plaintiff further asserts that because these arguments were raised in the motion to dismiss, the Purdue Defendants' Notice of Removal is untimely. Plaintiff also asserts that the state court has already ruled that plaintiff's claims do not implicate federal issues and that this ruling is the law of the case and applies to the question of removal. Plaintiff further asserts that by filing the Notice of Removal, the Purdue Defendants are in violation of the settlement privilege under Okla. Stat. tit. 12, § 2408. Finally, plaintiff asserts that the Purdue Defendants do not satisfy the *Grable*[1] test for removability.

> A. Stipulation

The parties agree that the right to remove a case may be waived by agreement. The parties, however, do not agree as to whether the Stipulation waived the Purdue Defendants' right to remove based upon the specific circumstances at issue. Based upon the Stipulation, plaintiff contends that the Purdue Defendants contracted away their right to remove this case absent a new petition. On the other hand, the Purdue Defendants contend that the Stipulation does not preclude removal which is based upon a subsequent "other paper."

The Stipulation provides, in pertinent part, that "[t]he Served Pharmaceutical Defendants will not remove the above-captioned case, based upon Plaintiff's Original Petition, to Federal Court . . . ." Stipulation at ¶ 2. The Court finds this language is clear, explicit, and limited. Under the Stipulation, a served pharmaceutical defendant would not be able to remove this case based upon plaintiff's Original Petition but would be able to remove this case on some other basis. The Stipulation does not state that a served pharmaceutical defendant cannot remove this case for any reason, does not state that a served pharmaceutical defendant waives its right to remove as long as

---

[1] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

the Original Petition is the live complaint, and does not state that a served pharmaceutical defendant cannot remove this case if the claims in the Original Petition remain unchanged. Therefore, this Court must determine whether the Purdue Defendants removed this case based upon plaintiff's Original Petition or removed this case on some other basis.

In the Original Petition, plaintiff's requested relief in relation to its public nuisance claim is stated in very broad terms. Specifically, plaintiff "seeks to abate the public nuisance Defendants created and all necessary relief to abate such public nuisance." Original Petition at ¶ 120. The Court finds this very broad language contained in plaintiff's Original Petition does not give the Purdue Defendants any real notice of what specific relief plaintiff is seeking in relation to its public nuisance claim. The Court further finds that it was not until the Purdue Defendants received plaintiff's response to Interrogatory No. 1 that the Purdue Defendants were aware of the specific relief that plaintiff was seeking in relation to its public nuisance claim and that such relief could implicate a federal question. The Court, therefore, finds that the Purdue Defendants did not remove this case based upon plaintiff's Original Petition as that petition did not provide the necessary notice of a federal question but, in fact, removed this case on a different basis – plaintiff's interrogatory response.

Accordingly, the Court finds that the Purdue Defendants' removal is not barred by the Stipulation.[2]

---

[2] In its motion, plaintiff also asserts that the Purdue Defendants conceded that no federal question exists in this case based upon the statement in the Stipulation that plaintiff's "claims presently set forth in Plaintiff's Original Petition are properly brought in the District Court of Cleveland County, State of Oklahoma." Stipulation at ¶ 2. Upon review of the parties' submissions, the Court finds that the Purdue Defendants made no such concession. A claim raising a federal question may be properly brought in a state court, as a state court may address federal claims. Federal courts do not have sole jurisdiction over all claims raising federal questions. A case in state court that raises a federal question, however, may be removed to federal court.

B. <u>Purdue Defendants' prior motion to dismiss</u>

Plaintiff asserts that in September of 2017, the Purdue Defendants, in their motion to dismiss, already raised, and lost, the preemption issue they now allege as the basis for removal. Plaintiff, therefore, contends that the Purdue Defendants have waived their right to removal, that the Purdue Defendants' Notice of Removal is untimely, and that the state court's ruling on the motion to dismiss is now the law of the case and applies to the question of removal. The Purdue Defendants contend that the issue raised in their motion to dismiss is not the same issue that is the basis for the removal of this case. The Purdue Defendants assert that their preemption argument raised in their motion to dismiss is that there could be no liability as a matter of law for their alleged past misrepresentations in their marketing because those statements were consistent with FDA-approved labeling and labeling decisions. In contrast, the issue pending before this Court is a jurisdictional one that was neither argued to nor passed upon by the state court – whether plaintiff's request for prospective injunctive relief that would affirmatively require defendants to depart from FDA-approved labeling and packaging raises federal questions.

Having carefully reviewed the motion to dismiss, the Court finds that the preemption arguments the Purdue Defendants raised in their motion to dismiss are not the same arguments raised by them in their Notice of Removal. The arguments raised in the motion to dismiss addressed the Purdue Defendants' past conduct – the conduct for which plaintiff is seeking to hold them liable. The arguments raised in the Notice of Removal address the future relief plaintiff is seeking in relation to this case, and particularly in relation to the abatement of the alleged public nuisance. Accordingly, the Court finds that the Purdue Defendants have not waived their right to removal by filing their motion to dismiss and that the state court's ruling on the motion to dismiss does not apply to the question of removal.

Additionally, the Court finds that the Purdue Defendants' Notice of Removal is not untimely. 28 U.S.C. § 1446(b) provides, in pertinent part:

> **(b) Requirements; generally. – (1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> \*         \*         \*
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1),(3). Further, the Tenth Circuit has held that the removal period starts "only after the defendant is able to ascertain intelligently that the requisites of removability are present." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). Additionally, the Tenth Circuit has found "that 'ascertained' as used in section 1446(b) means a statement that 'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth.'" *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998) (internal citation omitted).

Having carefully reviewed plaintiff's Original Petition, and particularly noting the broad language used in the Original Petition regarding plaintiff's requested relief, the Court finds that the Purdue Defendants would not have been able to ascertain intelligently that the Original Complaint raised federal questions. The Court further finds that it was not until the Purdue Defendants received plaintiff's interrogatory responses that they would have been able to determine that federal questions were raised. As the Purdue Defendants removed this case within

7

thirty days of plaintiff's interrogatory responses, the Court finds that the Purdue Defendants' Notice of Removal was timely.

C. Settlement privilege

Plaintiff asserts that by filing the Notice of Removal, the Purdue Defendants are in violation of the settlement privilege under Okla. Stat. tit. 12, § 2408 and the state court's order regarding ongoing settlement negotiations. Plaintiff further asserts that it responded and objected to the Purdue Defendants' interrogatory on the basis that it sought information regarding the ongoing settlement discussions. Having carefully reviewed the parties' submissions, the Court finds that the Purdue Defendants did not violate the settlement privilege or the state court's order by filing their Notice of Removal. The Purdue Defendants' interrogatory did not request information regarding settlement terms and was not made in the context of settlement discussions; instead, it was simply an interrogatory made in the normal course of discovery which sought information regarding the relief sought by plaintiff.

D. Federal question jurisdiction

The Purdue Defendants assert that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the principles set forth in *Grable*. Under *Grable*, the test to determine whether a federal court has jurisdiction over a case with state-law claims that allegedly have federal issues embedded within them is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568

8

U.S. 251, 258 (2013). Further, "[t]he 'substantial question' branch of federal question jurisdiction is exceedingly narrow – a special and small category of cases." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, including the Purdue Defendants' Notice of Removal, the Court finds that this case does not satisfy the principles set forth in *Grable* and this Court, therefore, does not have federal question jurisdiction over this case. Specifically, the Court finds that plaintiff's state law claims do not "necessarily raise" a federal issue.[3,4] The Purdue Defendants contend that two specific items listed in plaintiff's thirty-six page interrogatory response setting forth the scope of the complete public abatement and injunctive relief that plaintiff seeks necessarily raise a substantial federal issue. The Court finds otherwise. Any possible requested relief would only need to be addressed if plaintiff prevails on the specific state law claims for which such relief is requested. Further, whether these two specific items of relief – packaging prescription opioids in blister packs and abiding by CDC or other government guidelines related to opioids in all communications with health care providers – will still be requested or even be considered by the trial court after liability has been established, if it, in fact, is established, is simply too remote and attenuated to be considered "necessarily raised."

Accordingly, the Court finds that it does not have jurisdiction over this case and that this case should be remanded back to state court.

---

[3] Because the Court finds that the Purdue Defendants have not shown that a federal issue is necessarily raised, the Court will not address the remaining factors of the *Grable* inquiry.
[4] The Purdue Defendants do not assert that resolution of a substantial question of federal law is necessary in relation to an essential element of plaintiff's state law claims. If the Purdue Defendants made such an assertion, their removal of this case would be improper under the Stipulation and would be untimely.

9

III.　Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion to Remand [docket no. 13] and REMANDS this case to the District Court of Cleveland County, State of Oklahoma.

**IT IS SO ORDERED this 3rd day of August, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE