# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CITY OF BOSTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 18-12174-LTS |
| | ) | |
| PURDUE PHARMA L.P., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER ON MOTION TO REMAND (DOC. NO. 12) AND
MOTION TO STAY (DOC. NO. 18)

January 29, 2019

SOROKIN, J.

The City of Boston, the Boston Public Health Commission, and the Boston Housing

Authority ("Plaintiffs") sued Purdue Pharma, L.P., along with many other entities and

individuals, alleging five state law claims arising out of the manufacture and distribution of

opioids. One of the defendants, AmerisourceBergen Drug Corporation, removed this

action. Doc. No. 1. Plaintiffs promptly moved to remand this action to state court on the basis

that this Court lacks subject matter jurisdiction. Doc. No. 12. Specifically, Plaintiffs assert that

the defendants fail to meet their burden to establish federal question jurisdiction, as there is no

substantial, disputed, and necessary question of federal law. See Grable & Sons Metal Prod.,

Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005). Defendants opposed and sought a stay while

the Judicial Panel on Multidistrict Litigation ("JPML") considers whether to transfer this case to

the National Prescription Opiate Litigation pending before Judge Polster in the Northern District

of Ohio. Doc. No. 18. The JPML has not, yet, made a final decision on transfer. Accordingly,

the undersigned continues to possess jurisdiction over the question of whether remand is appropriate in this case.

The Court has reviewed the complaint, the parties' submissions on the motion to remand, Docs. No. 12, 13, 19, 23-25, including the now-denied emergency motion for hearing, Doc. No. 30, and the amicus brief filed by the Commonwealth of Massachusetts, Doc. No. 22. The parties agree that the appropriate test for determining whether federal question jurisdiction exists in this case is the four-part test set forth in Grable. Under the Grable test, the Court concludes that it lacks subject matter jurisdiction and remands this case to the Superior Court of Suffolk County.

While the complaint does mention the federal Controlled Substances Act ("CSA"), allege violations thereof, and cite duties arising therein, it plainly advances only state law claims. Doc. No. 17. Defendants do not contest this point. Importantly, the federal issues that might arise under this complaint are not necessary to resolution of this case. As Judge Hillman noted in a similar case, "Defendants concurrently had a common law duty to exercise reasonable care when distributing the drugs. Therefore, a court could resolve all of Plaintiff's claims without any analysis of the CSA."[1] A review of the complaint in this action renders Judge Hillman's reasoning and analysis persuasive. The Court further notes that the two complaints share many similarities.

Additionally, the weight of authority favors remand. In its amicus brief, the Commonwealth cites numerous decisions in cases similar to this one, arising from the manufacture and distribution of opioids, all of which resulted in remand. See Doc. No. 22 at 2 n.2. Though the defendants argue the cases are distinguishable, they advance no contrary

---

[1] Order and Memorandum on Plaintiff's Emergency Motion to Remand to State Court and Defendants' Motion to Stay, City of Worcester v. Purdue Pharma L.P., No. 18-CV-11958-TSH (D. Mass. November 21, 2018), ECF No. 36.

decisions.[2]  In any event, resolution of the motion turns on the allegations of the complaint in this action.

Accordingly, the motion to remand, Doc. No. 12, is ALLOWED.  The motion to stay, Doc. No. 18, is DENIED AS MOOT. The Clerk shall remand this matter to state court and close this civil action.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] As Judge Polster has noted, "[c]ourts are obliged to strictly construe removal jurisdiction against removal and all doubts should be resolved in favor of remand."  In re Nat'l Prescription Opiate Litig., No. 1:17-MD-2804, 2019 WL 180246, at *2 (N.D. Ohio Jan. 14, 2019).  Indeed, Judge Polster has applied the Grable test to two complaints advancing only state law claims and has remanded both of those cases to state courts.  See id.; In re Nat'l Prescription Opiate Litig., No. 17-MD-2804, 2018 WL 4019413 (N.D. Ohio Aug. 23, 2018).