**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: "All Cases" | ) ) ) | |
| | ) ) ) ) | **ORDER APPOINTING FEE COMMITTEE AND ADDRESSING RELATED MATTERS** |

This Order addresses matters related to the administration of settlement funds created in connection with various Settlement Agreements recently entered into by the parties.

**I.      Fee Committee.**

Early in the life of this MDL, the Court entered an *Order Regarding Plaintiff Attorneys' Fees and Expenses: Protocol for Work Performed and Expenses Incurred* ("*Fee and Expense Order*") (docket no. 358). The recent Janssen Settlement Agreement and Distributors Settlement Agreement each refer to and incorporate this *Order* at Exhibit R, §II.C.2.a.[1] The *Fee and Expense Order*

---

[1] The two Settlement Agreements actually refer to docket no. 636, which was a later version of the *Fee and Expense Order*, but which was vacated on June 9, 2018: "Order [non-document] vacating 636 Case Management Order No. 5 based on document # 358." Accordingly, the Court understands the Settlement Agreements to refer to and incorporate docket no. 358.

provides there will be a "Fee Committee" that will "include Co-Lead Counsel and other individuals to be selected by the Court from the PEC, Co-Liaison Counsel, and possibly others." Order at 2. The Court now composes the Fee Committee to include four members and appoints to the Fee Committee: Co-Lead Counsel Jayne Conroy, Paul Farrell, and Joe Rice, and Liaison Counsel Peter Weinberger.[2]

The *Fee and Expense Order* further provided that the Fee Committee "shall have the responsibility and discretion to allocate any Court-awarded attorneys' fees and expenses to Participating Counsel, subject to the Court's review and approval." *Id.* This provision, however, does not mesh with provisions contained in the Janssen and Distributors Settlement Agreements, where the parties agreed that a court-appointed "Fee Panel" will administer and allocate contingent and common benefit attorney fees, and the Fund Administrator will allocate expenses. *See* Exhibit R at §II.A.3, §II.F.2. Accordingly, for the purposes of the Janssen and Distributors Settlement Agreements, the Fee Committee shall instead have the responsibility of auditing attorney fee and expense reimbursement requests and then consulting with the Fee Panel as the Panel wishes.[3]

## II. Participating Counsel.

---

[2] Appointment to the Fee Committee is personal in nature. Fee Committee appointees may not allow others to substitute for them in fulfilling their role, including by any other member or attorney of the appointee's law firm, except with prior approval of the Court.

[3] Any other provision in the *Fee and Expense Order* suggesting that the Fee Committee, and not the Fee Panel or Fund Administrator, is the final arbiter regarding which counsel receive which amounts of fees or expenses under the Janssen and Distributors Settlement Agreements is hereby modified in the same way. Although the Fee Committee will be auditing fee and expense submissions, the Fee Panel's review of fees and the and Fund Administrator's review of expenses will be *de novo*.

The Janssen and Distributors Settlement Agreements provide that awards of expenses, contingent fees, and common benefit fees are available to Attorneys engaged in "Qualifying Representations of Participating Litigating Subdivisions." *See* Agreement at Exhibit R, §§II.A.4, II.B.3, II.C.2. This includes counsel who litigated only in State court and did not receive written authorization from MDL Co-Lead counsel to "perform work that may be considered of value to the MDL." *Fee and Expense Order* at 1. What this means (among other things) is that attorneys may apply to the Fee Panel for common benefit fee awards under the Janssen and Distributors Settlement Agreements, even though they never submitted monthly time and expense submissions to Co-Lead Counsel or sought approval from them for the work.

Accordingly, the *Fee and Expense Order* is amended to make clear that the "recovery of attorneys fees and expense reimbursements" is ***not*** limited to "Participating Counsel" under the Janssen and Distributors Settlement Agreements. Of course, it still remains true that the Fee Committee and Fee Panel and Fund Administrator must assess the propriety of requests for fee payments or expense reimbursements by examining and auditing those requests in detail. Any Attorney who has not heretofore made monthly time and expense submissions, and who intends to seek fee or expense awards under the Janssen and Distributors Settlement Agreements, should immediately begin to collect the information referred to in the *Fee and Expense Order* (and formatted as required by Exhibit A thereto) for submission to the Fee Committee and/or Fee Panel and/or Fund Administrator. Further directions will be forthcoming from the Fee Panel.

**III.     Privacy.**

All attorney fee and expense awards under the Janssen and Distributors Settlement

3

Agreements will be made from funds that are subject to the Court's jurisdiction. *See* docket no. 3828 at 2. The Court holds that all interviews, submissions, applications, and related documents received by the Fee Panel and/or Fee Committee and/or Fund Administrator in connection with expense and fee awards are confidential and are not subject to discovery by any person, absent extraordinary circumstances. *See In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014) (rejecting an objection to a common fund allocation for lack of discovery, observing that "discovery in connection with fee motions is rarely permitted"); *In re Pradaxa Prods. Liab. Litig.*, case no 3:12-md-02385, Doc. 613 (S.D. Ill. Jan. 8, 2015) (Order prohibiting discovery relating to common benefit fee determinations); *In Re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, Doc. 1845 at 4 (S.D.W.V. Jan 15, 2016) (Order declaring that common benefit fee committee functions are "confidential").

### IV. QSF Administrators.

In connection with the Janssen and Distributors Settlement Agreements, the Court appointed a Qualified Settlement Fund ("QSF") Administrator. *See* docket no. 3828. The Court later issued an *Order Regarding Fee Panel, Fund Administrator, and Assistants* (docket no. 4030). This latter *Order* set out certain protections covering the QSF Administrator and his assistants, including immunity and indemnity.

Since then, in connection with other settlements and other settlement funds, the Court has issued additional orders appointing QSF Administrators; and the Court hopes and expects to do so again in the future as additional settlements occur. *See, e.g.*, docket nos. 4215 & 4264. This Order makes clear that all of the provisions in the Order at docket no. 4030 apply equally to all other QSF

4

Administrators (and their assistants) whom the Court has appointed or will appoint.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** February 25, 2022