**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |
| **PURDUE PHARMA L.P.,** *et al.*,<br><br>Plaintiffs,<br>v.<br><br>**COMMONWEALTH OF MASSACHUSETTS,** *et al.*,<br><br>Defendants. | Adv. Pro. No. 19-08289 |

**TWENTY-SIXTH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a) GRANTING
MOTION FOR A PRELIMINARY INJUNCTION**

Upon the motion, dated September 18, 2019 ("**September 18, 2019 Motion**"), of Purdue Pharma L.P. and certain affiliated debtors, as debtors and debtors in possession (collectively, "**Debtors**"), that are plaintiffs in this adversary proceeding, for an order pursuant to section 105(a) of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 7065 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), to (i) enjoin the governmental defendants in this adversary proceeding ("**Governmental Defendants**") from the commencement or continuation of their active judicial, administrative, or other actions or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

Exhibit 1

proceedings against the Debtors that were or could have been commenced before the commencement of the case ("**Governmental Actions**") that are included in the chart annexed hereto as Appendix II, as well as the commencement or continuation of any other actions against the Debtors alleging substantially similar facts or causes of action as those alleged in the Governmental Actions, and (ii) enjoin the Governmental Defendants and the private defendants ("**Private Defendants**") in this adversary proceeding from the commencement or continuation of their active judicial, administrative, or other actions or proceedings, included in the chart annexed hereto as Appendix III, and the commencement or continuation of other actions alleging substantially similar facts or causes of action as those alleged in the actions identified in Appendix II and Appendix III, against current or former (a) owners (including any trusts and their respective trustees and beneficiaries), (b) directors, (c) officers, (d) employees, and (e) other similar associated entities of the Debtors that were or could have been commenced before the commencement of the case ("**Related Parties**," as identified in Appendix III,[2] and the claims

---

[2] The Related Parties are: The Purdue Frederick Company Inc.; The P.F. Laboratories Inc.; Purdue Pharma Technologies Inc.; PLP Associates Holdings L.P.; PLP Associates Holdings Inc.; BR Holdings Associates L.P.; BR Holdings Associates Inc.; Rosebay Medical Company L.P.; Rosebay Medical Company, Inc.; Beacon Company; PRA Holdings Inc.; Pharmaceutical Research Associates Inc.; Purdue Holdings L.P.; Rhodes Pharmaceuticals Inc.; Rhodes Technologies Inc.; Coventry Technologies L.P.; MNP Consulting Limited; Richard S. Sackler; the Estate of Jonathan D. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; the Estate of Beverly Sackler; Beverly Sackler; Theresa Sackler; David A. Sackler; Marianna Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler; Trust for the Benefit of Members of the Raymond Sackler Family; Raymond Sackler Trust; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1964; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1974; Paulo Costa; Cecil Pickett; Ralph Snyderman; Judith Lewent; Craig Landau; Mark Timney; Stuart D. Baker; Frank Peter Boer; John Stewart; Russell Gasdia; Marv Kelly; Shelli Liston; Heather Weaver; Doug Powers; Lori Fuller; Rodney Davis; Brandon Worley; Donald Leathers; Wendy Kay; Michael Madden; LeAvis Sullivan; Jeffrey Ward; Beth Taylor; Leigh Varnadore; Paul Kitchin; Mark Waldrop; Mark Radcliffe; Mark Ross; Patty Carnes; Carol Debord; Jeff Waugh; Shane Cook; James David Haddox; Aida Maxsam; Tessa Rios; Amy K. Thompson; Joe Coggins; Lyndsie

against them described in this paragraph, the "**Related-Party Claims**"); and the Court having jurisdiction to decide the Motion and the relief requested therein under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and there being due and sufficient notice of the Motion; and the Court having reviewed the Complaint, the September 18, 2019 Motion, the Debtors' brief in support of the September 18, 2019 Motion, the declarations in support of the September 18, 2019 Motion, and other evidence and argument submitted by the Debtors in support thereof; all pleadings filed in support of the September 18, 2019 Motion; and all objections filed in opposition or partial opposition to the September 18, 2019 Motion, as well as all filed letters in response to the September 18, 2019 Motion; and upon the record of and representations made at the hearing held by the Court on the September 18, 2019 Motion's request for entry of a preliminary injunction on October 11, 2019 (the "**October 11, 2019 Hearing**") and at the hearing held on November 6, 2019 (the "**November 6, 2019 Hearing**"); and, after due deliberation and for the reasons set forth on the record by the Court at the foregoing hearings, good and sufficient cause appearing having entered Orders on October 11, 2019 granting the Motion in part and on October 18, 2019 and November 6, 2019 amending such Order; and upon a motion dated March 4, 2020 by the Debtors to extend the Preliminary Injunction for 180 days, until October 5, 2020 (the "**March 4, 2020 Motion**"); and upon the record of and representations made at the hearing held by the Court on the March 4, 2020 Motion (the "**March 18, 2020 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the March 18, 2020 Hearing, good and sufficient cause appearing to enter an order on March 30, 2020 granting the relief requested in the March 4, 2020 Motion; and upon a motion dated September 16, 2020 by the Debtors to

---

Fowler; Mitchell "Chip" Fisher; Rebecca Sterling; Vanessa Weatherspoon; Chris Hargrave; Brandon Hassenfuss; Joe Read; Andrew T. Stokes; Nathan C. Grace; Jaclyn P. Gatling; Leslie Roberson; Barbara C. Miller; Briann Parson-Barnes; Becca Beck Harville; Lindsey Bonifacio; Tammy Heyward; James Speed; Damon Storhoff; Diana C. Muller; and Draupadi Daley.

extend the Preliminary Injunction for 147 days, until March 1, 2020 (the "**September 16, 2020 Motion**"); and upon the record of and representations made at the hearing held by the Court on the September 30, 2020 Motion (the "**September 30, 2020 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the September 30, 2020 Hearing, good and sufficient cause appearing to enter an order on October 1, 2020 granting the relief requested in the September 16, 2020 Motion; and upon a motion dated February 14, 2021 by the Debtors to extend the Preliminary Injunction for 23 days, until March 24, 2021 (the "**February 14, 2021 Motion**"); and upon the record of and representations made at the hearing held by the Court on the February 14, 2021 Motion (the "**March 1, 2021 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the March 1, 2021 Hearing, good and sufficient cause appearing to enter an order on March 1, 2021 granting the relief requested in the February 14, 2021 Motion; and upon a motion dated March 12, 2021 by the Debtors to extend the Preliminary Injunction for 28 days, until April 21, 2021 (the "**March 12, 2021 Motion**"); and upon the record of and representations made at the hearing held by the Court on the March 12, 2021 Motion (the "**March 24, 2021 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the March 24, 2021 Hearing, good and sufficient cause appearing to enter an order on March 24, 2021 granting the relief requested in the March 12, 2021 Motion and overruling the objections of the Non-Consenting States [ECF No. 233], the Ad Hoc Committee on Accountability [ECF No. 232], and certain Tennessee Public Officials [ECF No. 231] to the March 12, 2021 Motion; and upon a motion dated April 7, 2021 by the Debtors to extend the Preliminary Injunction for 29 days, until May 20, 2021 (the "**April 7, 2021 Motion**"); and upon the record of and representations made at the hearing held by the Court on the April 7, 2021 Motion (the "**April 21, 2021 Hearing**"); and after due deliberation and for the

reasons set forth on the record by the Court at the April 21, 2021 Hearing, good and sufficient cause appearing to enter an order on April 21, 2021 granting the relief requested in the April 7, 2021 Motion; and upon a motion dated May 6, 2021 by the Debtors to extend the Preliminary Injunction until and including June 16, 2021 (the "**May 6, 2021 Motion**"); and upon the record of and representations made at the hearing held by the Court on the May 6, 2021 Motion (the "**May 20, 2021 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the May 20, 2021 Hearing, good and sufficient cause appearing to enter an order dated May 20, 2021 granting the relief requested in the May 6, 2021 Motion; and upon a motion dated June 2, 2021 by the Debtors to extend the Preliminary Injunction until and including August 30, 2021 (the "**June 2, 2021 Motion**"); and upon the record of and representations made at the hearing held by the Court on the June 2, 2021 Motion (the "**June 16, 2021 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the June 16, 2021 Hearing, good and sufficient cause appearing to enter an order dated June 17, 2021 granting the relief requested in the June 2, 2021 Motion; and upon an oral motion dated August 27, 2021 by the Debtors to extend the Preliminary Injunction until and including September 1, 2021 (the "**August 27, 2021 Motion**"); and upon the record of and representations made and the hearing held by the Court on August 27, 2021 (the "**August 27, 2021 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the August 27, 2021 Hearing, good and sufficient cause appearing to enter an order dated August 30, 2021 granting the requested relief in the August 27, 2021 Motion; and upon an oral motion dated September 1, 2021 by the Debtors to extend the Prelimianry Injunction until and including entry of the Confirmation Order and expiration of the stay of the Confirmation Order provided by Federal Rule of Bankrupty Procedure 3020(e) (the "**September 1, 2021 Motion**"); and upon the record

of and representations made and the hearing held by the Court on September, 2021 (the "**September 1, 2021 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the September 1, 2021 Hearing, good and sufficient cause appearing to enter an order dated September 2, 2021 granting the requested relief in the September 1, 2021 Motion; and upon a motion dated December 20, 2021 by the Debtors to extend the Preliminary Injunction until and including February 1, 2022 (the "**December 20, 2021 Motion**"); and upon the record of and representations made at the hearing held by the Court on the December 20, 2021 Motion (the "**December 29, 2021 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the December 29, 2021 Hearing, good and sufficient cause appearing to enter an order dated December 30, 2021 granting the relief requested in the December 20, 2021 Motion; and upon a motion dated January 18, 2022 by the Debtors to extend the Preliminary Injunction until and including February 17, 2022 (the "**January 18, 2022 Motion**"); and upon the record of and representations made at the hearing held by the Court on the January 18, 2022 Motion (the "**February 1, 2022 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the February 1, 2022 Hearing, good and sufficient cause appearing to enter an order dated February 1, 2022 granting the relief requested in the January 18, 2022 Motion; and upon a motion dated February 3, 2022 by the Debtors to extend the Preliminary Injunction until and including March 3, 2022 (the "**February 3, 2022 Motion**"); and upon the record of and representations made at the hearing held by the Court on the February 3, 2022 Motion (the "**February 17, 2022 Hearing**"); and after due deliberation and for the reasons set forth on the record by the Court at the February 17, 2022 Hearing, good and sufficient cause appearing to enter an order dated February 17, 2022 granting the relief requested in the February 3, 2022 Motion; and such Orders having contemplated a procedure to amend the

Orders further; and the Court having entered Orders on November 20, 2019, December 9, 2019, January 2, 2020, February 17, 2020, March 4, 2020, April 14, 2020, May 18, 2020, July 20, 2020, August 31, 2020, October 1, 2020, October 31, 2020, March 1, 2021 and September 21, 2021 amending such Orders further and enjoining actions brought by Additional Plaintiffs; and the Court having reviewed the Debtors' motion to extend the Preliminary Injunction until and including March 23, 2022, filed on February 16, 2022 ("**February 16, 2022 Motion**," together with the September 18, 2019 Motion, March 4, 2020 Motion, September 16, 2020 Motion, the February 14, 2021 Motion, the March 12, 2021 Motion, the April 7, 2021 Motion, the May 6, 2021 Motion, the June 2, 2021 Motion, the August 27, 2021 Motion, the September 1, 2021 Motion, the December 20, 2021 Motion, the January 18, 2022 Motion, and the February 3, 2022 Motion, the "**Motions**"), and the Debtors' brief in support of the February 16, 2022 Motion; and upon the record made at the hearing held by the Court on March 2, 2022 on the February 16, 2022 Motion ("**March 2, 2022 Hearing**," together with the October 11, 2019 Hearing, the November 6, 2019 Hearing, March 18, 2020 Hearing, September 30, 2020 Hearing, March 1, 2021 Hearing, the March 24, 2021 Hearing, the April 21, 2021 Hearing, the May 20, 2021 Hearing, the June 16, 2021 Hearing, the August 27, 2021 Hearing, the September 1, 2021 Hearing, the December 29, 2021 Hearing, the February 1, 2022 Hearing, and the February 17, 2022 Hearing, the "**Hearings**") and all of the proceedings herein; and after due deliberation and for the reasons stated by the Court at the March 2, 2022 Hearing, the Court having determined that the Debtors have established good and sufficient legal and factual grounds to amend and extend such orders as provided therein and grant the Debtors' request to amend and extend the orders as provided in this Amended Order, which amends and supersedes the prior orders without interruption. Now, therefore, the Court finds and concludes as follows:

    (a)    The Defendants in this adversary proceeding are the Governmental Defendants and the Private Defendants that, along with the Additional Plaintiffs, are listed in the "Underlying Plaintiffs" column of each of the charts annexed hereto as Appendix II and Appendix III, with such Appendices being made a part of and incorporated in this Order. The Defendants in this adversary proceeding and the Additional Plaintiffs are all plaintiffs in judicial, administrative, or other actions or proceedings that seek to hold the Debtors and/or the Related Parties, as identified in Appendix III, liable in connection with claims and/or causes of action arising out of or otherwise related to the Debtors' prescription opioid business.

    (b)    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).[3]

    (c)    The Debtors have demonstrated that the continuation of the active litigation against them and the Related Parties, identified in Appendix II and Appendix III, respectively, would result in irreparable harm to the Debtors and their reorganization.

    (d)    The representatives of the Raymond Sackler family and of the Mortimer Sackler family (collectively, the "**Sackler Families**") agreed on the record at the October 11, 2019 Hearing to toll all applicable statutes of limitations and similar time limits on the commencement of Additional Actions against any member of the Sackler Families, and to treat as inoperative all deadlines (including deadlines for appeals) in any currently pending Related Party Claim against any member of the Sackler Families, for the duration of this preliminary injunction.

---

[3] The Court does not hereby make any determination that the Governmental Actions and Related-Party Claims are core proceedings.

(e) Accordingly, this Court finds it appropriate to extend the preliminary injunction as provided herein pursuant to section 105(a) of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules.

(f) The legal and factual bases set forth in the Complaint, the Motions, other supporting papers, and at the Hearings establish just cause for the relief granted herein.

(g) Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New Jersey, New York, Nevada, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, Wisconsin, the Ad Hoc Group of Non-Consenting States (as listed on the October 11, 2019 Verified Statement pursuant to Bankruptcy Rule 2019 filed under Docket No. 296 of Case No. 19-23649), the ad hoc committee of government and other contingent litigation claimants and each of its members (as listed on the October 10, 2019 Verified Statement pursuant to Bankruptcy Rule 2019 filed under Docket No. 279 of Case No. 19-23649), and the Multi-State Governmental Entities Group and each of its members[4] (as listed on the October 30, 2019 Verified Statement pursuant to Bankruptcy Rule 2019 filed under Docket No. 409 of Case No. 19-23649) (collectively, the "**Voluntarily Bound Parties**") have each consented and agreed to continue to abide by the terms of the *Twenty-Sixth Amended*

---

[4] The following members of the Multi-State Governmental Entities Group are not Consenting Parties and are instead bound to the terms of this Order: (1) Bryant C. Dunaway, in his official capacity as the District Attorney General for the Thirteenth Judicial District, Tennessee; (2) Jennings H. Jones, in his official capacity as the District Attorney General for the Sixteenth Judicial District, Tennessee; (3) Robert J. Carter, in his official capacity as the District Attorney General for the Seventeenth Judicial District, Tennessee; (4) Brent A. Cooper, in his official capacity as the District Attorney General for the Twenty-Second Judicial District, Tennessee; and (5) Lisa S. Zavogiannis, in her official capacity as the District Attorney General for the Thirty-First Judicial District, Tennessee.

*Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction*, without the need to have any order entered against them.

Based on these findings, it is hereby:

ORDERED, that the Governmental Defendants, other than those who are Voluntarily Bound Parties, the Private Defendants, and the Additional Plaintiffs that have been bound by the Third, Fourth, Fifth, Sixth, and Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, and Twenty-Fifth Amended Orders are prohibited and enjoined from (i) the commencement or continuation of their active judicial, administrative, or other actions or proceedings against the Debtors and/or Related Parties that were or could have been commenced before the commencement of the case under this title against the Debtors and/or the Related Parties arising from or in any way relating to the Debtors' prescription opioid business, including the actions reflected in Appendix II and Appendix III, as well as (ii) from commencing or continuing any other actions against the Debtors or Related Parties alleging substantially similar facts or causes of action as those alleged in actions reflected in Appendix II and Appendix III, in each case through and including March 23, 2022. The preliminary injunction period may be extended by further order of the Court.

ORDERED, that the February 16, 2022 Motion constitutes a joint motion of the Debtors and UCC to extend the stay beyond the Initial Stay Period as provided in paragraph 2 of the Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties, *In re: Purdue Pharma, L.P. et al.*, Case No. 19:23649 (RDD) (Nov. 20, 2019) [ECF No. 518] ("**UCC Stipulation**"). All obligations under the UCC Stipulation, inclusive of obligations of any Covered Party as defined therein, that

remain in effect during the Stay Period, as defined therein, shall remain in full force and effect so long as the Preliminary Injunction, as amended and extended, remains in effect. For the avoidance of doubt, the Initial Stay Period as defined in the UCC Stipulation expired on April 8, 2020.

ORDERED, that the Debtors in these chapter 11 cases continue to be subject to the Voluntary Injunction annexed hereto as Appendix I through and including March 23, 2022.

ORDERED, that the Debtors need not give security in connection with this injunctive relief.

ORDERED, that this Order shall be promptly filed in the Clerk's Office and entered into the record.

ORDERED, that the Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

ORDERED, that nothing in this Order shall prevent the Debtors from seeking a further extension of the requested injunction.

ORDERED, that if, while the preliminary injunction provided for in this Order is effective, either (i) any inactive litigation currently pending against the Debtors or Related Parties becomes active, or (ii) any new action is commenced against the Debtors or Related Parties (in either case, an "**Additional Action**"), the Debtors may promptly serve the plaintiff or plaintiffs in such Additional Action ("**Applicable Plaintiff**") with a copy of the Complaint, the Motions, the Debtors' memoranda of law in support of the Motions, and this Order (the "**Service Documents**"). The Debtors shall file a notice of such service on the docket promptly after service. If the Applicable Plaintiff in such Additional Action does not file and serve an objection within seven (7) days of service of the Service Documents, the Court may determine

whether such Additional Action should be enjoined pursuant to this Order without further proceedings. If the Applicable Plaintiff files and serves an objection, the Debtors shall have the right to file and serve a response to the objection within seven (7) days of service of the objection, after which the Court may determine whether such Additional Action should be enjoined pursuant to this Order without further proceedings, or either party may seek to schedule and provide notice of a hearing.

ORDERED, that all applicable statutes of limitations and similar time limits on the commencement of Additional Actions, and all deadlines (including deadlines for appeals) in any currently pending Governmental Action, Related Party Claim or action brought by an Additional Plaintiff (including as agreed on the record at the October 11, 2019 Hearing by the representatives of the Sackler Families), shall be tolled or otherwise inoperative for the duration of this preliminary injunction. This is without prejudice to any party's rights to assert that any currently pending Governmental Action, Related Party Claim or claim brought by an Additional Plaintiff is time barred, or that commencement of any Additional Action, or any other action taken by a party with respect to any Governmental Action, Related Party Claim or Additional Plaintiff after the entry of this Order would have been time barred or untimely had it been commenced or taken before the entry of this Order.

ORDERED, that nothing in this Order shall affect or abrogate the automatic stay as to the Debtors and their estates under section 362 of the Bankruptcy Code.

ORDERED, that the time for all defendants to answer the Complaint is extended to April 18, 2022, subject to further extension by agreement of the parties and/or order of the Court. All claims and defenses of the parties, including those under Rule 12 of the Federal Rules of Civil

Procedure made applicable to this proceeding by Rule 7012 of the Bankruptcy Rules, are expressly preserved.

ORDERED, that the Pre-Trial Conference in this adversary proceeding has been adjourned to May 18, 2022 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas St., White Plains, New York, NY 10601.

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: March 2, 2022
       White Plains, New York

/s/ Robert D. Drain

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE