# PUNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) **Case No. 1:17-MD-2804** |
| | ) |
| | ) **JUDGE POLSTER** |
| This document relates to: | ) |
| | ) |
| *All Cases* | ) **ORDER APPROVING ATTORNEY FEE** |
| | ) **FUND START-UP MATTERS** |
| | ) |
| | ) |

By Order dated August 12, 2021, in connection with certain Settlement Agreements, the Court approved the establishment of the Attorney Fee Fund (the "Attorney Fee Fund") and the Costs Fund as Qualified Settlement Funds under the continuing jurisdiction of this Court. *See* Dkt. No. 3828 ("Order to Establish Qualified Settlement Fund, Appoint Panel of Common Benefit and Contingency Fee Fund Arbiters, Approve Fee Fund Allocation and Distribution Process, and Approve Common Benefit Cost Payment and Assessment" (hereinafter "Establishing Order")). In accordance therewith, the Court appointed David R. Cohen, Randi S. Ellis, and David R. Herndon to serve as Arbiters on the Fee Panel for the Attorney Fee Fund, and Mr. Cohen to serve as Administrator of the Attorney Fee Fund and Costs Fund. *Id*. at 7-8.

Pursuant to the Establishing Order, the Arbiters and Administrator commenced start-up work and have established two trusts, each of which constitutes a single "qualified settlement fund" within the meaning of section 1.468B-1 et seq. of the Treasury Regulations promulgated under section 468B of the Internal Revenue Code of 1986, as amended (the "QSF Regulations") to serve as the legal entities that operate and administer the Attorney Fee Fund, including its two constituent and separate sub-funds, the Common Benefit Fund and the Contingency Fee Fund (the "First

Opiate Settling Defendants Fee Trust"), and the Costs Fund, including its two constituent and separate sub-funds, the MDL Expense Fund and the Litigating Subdivision Cost Fund (the "First Opiate Settling Defendants Costs Trust") (collectively, the "Trusts").  The Trusts shall be governed by Trust Agreements substantially in the form attached hereto as Exhibit A.

The Establishing Order requires that "[t]he Fund[s] shall be held under this Court's ongoing jurisdiction at a financial institution approved by the Court in a subsequent Order." *Id*. at 8.  The Court hereby approves the Trusts' utilization of Huntington Bank, and/or any other nationally-recognized financial institution, as the financial institution(s) for the Funds.

This Court will have continuing jurisdiction over the Attorney Fee Fund and Costs Fund and may enter such further Orders as may be necessary and appropriate.

**IT IS SO ORDERED.**

/s/Dan Aaron Polster
_____
**DAN AARON POLSTER**
**UNITED STATED DISTRICT JUDGE**

**Dated:**  3/8/22

11265319.3

# Exhibit A

# FIRST OPIATE SETTLING DEFENDANTS FEE TRUST

# TRUST AGREEMENT

11249703.3

# FIRST OPIATE SETTLING DEFENDANTS FEE TRUST

# TRUST AGREEMENT

**Page**

ARTICLE I    Agreement of Trust ......................................................................................... 2

   1.1    Creation and Name ................................................................................. 2

   1.2    Purpose; Description of the Sub-Funds; Fund Distribution Procedures. ............... 2

   1.3    Beneficial Owners .................................................................................. 3

ARTICLE II    Trustees ..................................................................................................... 3

   2.1    Number; Managing Trustee. ..................................................................... 3

   2.2    General Duties and Powers. ...................................................................... 3

   2.3    Term of Service. .................................................................................... 3

   2.4    Successor Trustees. ................................................................................. 4

   2.5    Compensation and Expenses of Trustees. ..................................................... 4

   2.6    Limited Liability of Trustees, Delaware Trustee, Officers and Employees ......... 4

   2.7    Indemnification of Trustees and Additional Indemnitees. ................................. 5

   2.8    Trustees' Lien ....................................................................................... 5

   2.9    Trustees' Employment of Experts; Delaware Trustee's Employment of
       Counsel. .............................................................................................. 5

ARTICLE III    Management of the Trust ................................................................................ 6

   3.1    General Administration by Managing Trustee. .............................................. 6

   3.2    Managing Trustee Consultation with Other Trustees; Delegation. ...................... 7

ARTICLE IV    Qualified Settlement Fund ............................................................................. 7

   4.1    Tax Treatment ....................................................................................... 7

   4.2    No Right to Reversion with respect to Trust Assets ........................................ 8

   4.3    QSF Administrator .................................................................................. 8

   4.4    All Events Test; Modified Gross Income ..................................................... 8

   4.5    Transferor Statements ............................................................................. 8

   4.6    No Contravention of Requirements ............................................................ 8

   4.7    Savings Provision. .................................................................................. 8

## TABLE OF CONTENTS
(continued)

**Page**

ARTICLE V    Accounts, Investments and Payments ...................................................... 9

    5.1    Accounts ...................................................................................................... 9

    5.2    Investments ................................................................................................. 9

    5.3    Source of Payments .................................................................................... 9

ARTICLE VI   Delaware Trustee ...................................................................................... 9

    6.1    Delaware Trustee. ....................................................................................... 9

ARTICLE VII  General Provisions ................................................................................... 11

    7.1    Irrevocability ............................................................................................... 11

    7.2    Termination. ................................................................................................ 11

    7.3    Amendments ............................................................................................... 12

    7.4    Severability ................................................................................................. 12

    7.5    Successors and Assigns .............................................................................. 12

    7.6    Limitation on Claim Interests for Securities Laws Purposes ..................... 12

    7.7    Conflict with Fund Documents; Entire Agreement; No Waiver ................ 12

    7.8    Headings ..................................................................................................... 13

    7.9    Governing Law ........................................................................................... 13

    7.10   Enforcement and Administration; Continuing Jurisdiction of the Court ............ 13

    7.11   Effectiveness .............................................................................................. 13

    7.12   Notices ........................................................................................................ 13

    7.13   Counterpart Signatures ............................................................................... 14

## FIRST OPIATE SETTLING DEFENDANTS FEE TRUST AGREEMENT

This FIRST OPIATE SETTLING DEFENDANTS FEE TRUST AGREEMENT (this "Trust Agreement"), dated as of March 1, 2022, is entered into by and among the trustees of the Trust appointed as contemplated by Section 2.1 below (the "Trustees") and Wilmington Trust, National Association, as Delaware Trustee (the "Delaware Trustee") to form the qualified settlement fund trust established pursuant to this Trust Agreement (the "Trust") in accordance with the August 12, 2021 Order to Establish Qualified Settlement Fund, Appoint Panel of Common Benefit and Contingency Fee Fund Arbiters, Approve Fee Fund Allocation and Distribution Process, and Approve Common Benefit Cost Payment and Assessment (the "Establishing Order") issued by the United States District Court for the Northern District of Ohio (the "Court") in *In re National Prescription Opiate Litigation*, MDL No. 2804, Case No. 17-MD-2804 (N.D. Ohio) (Dkt. No. 3828). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

WHEREAS, the Establishing Order entered by the Court provides, *inter alia*, for the establishment of the Attorney Fee Fund, under the Court's continuing jurisdiction, in order to carry out certain terms of the Settlement Agreements (as defined in the Establishing Order), as more fully described in the Establishing Order and the Settlement Agreements[1]; and

WHEREAS, pursuant to the Establishing Order, the Attorney Fee Fund, including its two constituent and separate sub-funds, the Common Benefit Fund and the Contingency Fee Fund, and any additional sub-funds subsequently created, shall constitute a single "qualified settlement fund" within the meaning of section 1.468B-1 et seq. of the Treasury Regulations promulgated under section 468B of the Internal Revenue Code of 1986, as amended (the "QSF Regulations"); and

WHEREAS, pursuant to the Establishing Order, the Court appointed (i) David R. Cohen as Trustee and Administrator of the Attorney Fee Fund and (ii) David R. Cohen, Randi S. Ellis and Hon. David R. Herndon (ret.) to serve as Arbiters on the Fee Panel charged with the fair, equitable and reasonable allocation of awards from the Common Benefit Fund and Contingency Fee Fund pursuant to the terms and provisions of the Settlement Agreements; and

WHEREAS, Mr. Cohen, Ms. Ellis and Judge Herndon desire to create a Delaware statutory trust to serve as the legal entity that will operate and administer the Attorney Fee Fund in accordance with the Establishing Order and the Settlement Agreements, and, in order to carry out their respective Court appointments as Administrator and Arbiters on the Fee Panel, Mr. Cohen, Ms. Ellis and Judge Herndon shall serve as the Trustees of the Trust, with Mr. Cohen serving as the Managing Trustee, as further described in Article II below;

NOW, THEREFORE, it is hereby agreed as follows:

---

[1] As described in the Establishing Order, for the avoidance of doubt, the term "Settlement Agreements" shall refer to the Settlement Agreements between and among the Settling States, Settling Distributors, and Participating Subdivisions and the Settling States, Janssen, and Participating Subdivisions (as those terms are defined therein), respectively, inclusive of all exhibits (including Exhibit R) thereof.

ARTICLE I    Agreement of Trust

1.1    Creation and Name.  The Trustees hereby create a trust known as the "First Opiate Settling Defendants Fee Trust", which is the qualified settlement fund provided for and referred as the Attorney Fee Fund in the Establishing Order.  The Trustees may transact the business and affairs of the Trust in the name of the Trust.  It is the intention of the parties hereto that the Trust created hereby constitutes a statutory trust under Chapter 38 of Title 12 of the Delaware Code, 12 Del. C. § 3801 et seq. (the "Act") and that this document constitutes the governing instrument of the Trust.  The Managing Trustee and the Delaware Trustee are hereby authorized and directed to execute and file a Certificate of Trust with the Delaware Secretary of State in the form attached hereto as Exhibit A.

1.2    Purpose; Description of the Sub-Funds; Fund Distribution Procedures.

(a)    The purpose of the Trust is to serve as the legal entity that operates and administers the Attorney Fee Fund, including its two constituent and separate sub-funds, the Common Benefit Fund and the Contingency Fee Fund (each, a "Sub-Fund" and, together, the "Sub-Funds"), in order to resolve or satisfy the claims, actions and lawsuits of the Fund Recipients (as defined below) against the Settling Defendants in accordance with the Establishing Order and the Settlement Agreements, along with any ancillary, supplementary or modifying orders of the Court relating to the Attorney Fee Fund (any such related orders of the Court, together with the Establishing Order, collectively, the "Court Orders"[2]; the Court Orders and the Settlement Agreements, collectively, "Fund Documents").

(b)    As set forth in the Fund Documents, amounts paid into the Trust by the Settling Defendants for the Attorney Fee Fund (the "Settlement Funds") shall be allocated to the Sub-Funds as follows:

(i)    60% of each payment of Settlement Funds shall be allocated to the Common Benefit Fund; and

(ii)    40% of each payment of Settlement Funds shall be allocated to the Contingency Fee Fund.

(c)    In accordance with the Establishing Order, eligibility of counsel to receive payments from each Sub-Fund shall be determined under the terms of the Settlement Agreements. The Trustees shall establish and implement procedures for the distribution of each Sub-Fund consistent with the terms of the Settlement Agreements. Upon adoption by the Trustees, the distribution procedures for the Common Benefit Fund shall be attached hereto as Exhibit B (the "Common Benefit Fund Distribution Procedures") and the distribution procedures for the Contingency Fee Fund shall be attached hereto as Exhibit C (the "Contingency Fee Fund Distribution Procedures"; and, together with the Common Benefit Fund Distribution Procedures, the "Fund Distribution Procedures"). The Fund Distribution Procedures may be modified, updated and/or supplemented from time to time by the Trustees; provided, that, notwithstanding the

---

[2] For the avoidance of doubt, "Court Orders" shall include, without limitation, that "Order Regarding Fee Panel, Fund Administrator, and Assistants" (Doc. No. 4030) issued by the Court on October 15, 2021 in *In re National Prescription Opiate Litigation*, Case No. 1:17-MD-2804 (N.D. Ohio).

foregoing, the Fund Distribution Procedures shall at all times remain consistent with, and subject to, the Fund Documents.

1.3  Beneficial Owners. Solely to the extent required by the Act, the beneficial owners (within the meaning of the Act) of the Trust (the "Beneficial Owners") shall be deemed to be the intended eligible recipients of the Attorney Fee Fund in accordance with the Fund Documents (the "Fund Recipients"); provided that, notwithstanding the foregoing, (i) the Fund Recipients, as such Beneficial Owners, shall have only such rights with respect to the Trust and its assets as are set forth in the Fund Documents and the Fund Distribution Procedures, (ii) no greater or other rights, including upon dissolution, liquidation or winding up of the Trust, shall be deemed to apply to the holders of Fund Recipients in their capacity as Beneficial Owners and (iii) in accordance with the Establishing Order, no Fund Recipients shall be considered to be in constructive receipt, as determined under federal income tax principles, of any amounts held by the Trust.

## ARTICLE II  Trustees

2.1  Number; Managing Trustee.

(a)  In addition to the Delaware Trustee appointed pursuant to Article V hereof, there shall be three (3) Trustees.  The Trustees are (i) David R. Cohen, (ii) Randi S. Ellis and (iii) Hon. David R. Herndon (ret.).

(b)  David R. Cohen shall serve as the managing Trustee of the Trust with the rights and responsibilities detailed in Article VI below (the "Managing Trustee"). For the avoidance of doubt, any and all terms of this Trust Agreement applicable to a Trustee, including (without limitation) with respect to the Trustees' rights relating to limitation of liability and indemnification as set forth in Sections 2.6 and 2.7 below, shall be applicable to Mr. Cohen in his capacity as Managing Trustee of the Trust.

2.2  General Duties and Powers.

(a)  The Trustees are, and shall act as, the fiduciaries to the Trust in accordance with the provisions of this Trust Agreement, the Fund Distribution Procedures and the Fund Documents.  The Trustees shall at all times administer the Trust and the Trust assets in accordance with the purpose set forth in Section 1.2 above.  Subject to the Fund Documents and this Trust Agreement, the Trustees shall have the power to take any and all actions that they may consider necessary, appropriate, or desirable to fulfill the purpose of the Trust, including without limitation each power expressly granted in Article II, any power reasonably incidental thereto and any trust power now or hereafter permitted under the laws of the State of Delaware.

(b)  Except as required by applicable law, the Fund Documents or this Trust Agreement, the Trustees need not obtain the order or approval of any court in the exercise of any power or discretion conferred hereunder.

2.3  Term of Service.

(a)  Subject to the other provisions of this Article II, (i) each Trustee appointed in accordance with Section 2.1 above shall serve until the earlier of (i) his or her death, (ii) his or

her resignation pursuant to Section 2.2(b) below, (iii) his or her removal pursuant to Section 2.2(c) below, or (iv) the termination of the Trust pursuant to Section 7.2 below.

(b)     A Trustee may resign at any time by written notice to the remaining Trustees and to the Court.  Such notice shall specify a date when such resignation shall take effect, which shall not be less than ninety (90) days after the date such notice is given, where practicable.

(c)     A Trustee may be removed by unanimous vote of the other Trustees in the event that he or she becomes unable to discharge his or her duties hereunder or for other good cause.  Good cause shall be deemed to include, without limitation, any substantial failure to comply with the general administration provisions of Article III below, a consistent pattern of neglect and failure to perform or participate in performing the duties of a Trustee hereunder, or repeated nonattendance at scheduled meetings.  Any such removal shall require the approval of the Court and shall take effect at such time as the Court shall determine.

2.4     Successor Trustees.

(a)     Upon the termination of service of any Trustee, whether as a result of his or her death, resignation, or removal, the remaining Trustees shall consult with the Court concerning the appointment of a successor Trustee and the Court shall make any successor appointment.

(b)     Immediately upon the appointment of any successor Trustee, all rights, titles, duties, powers, and authority of the predecessor Trustee hereunder shall be vested in, and undertaken by, the successor Trustee without any further act.  No successor Trustee shall be liable personally for any act or omission of his or her predecessor Trustees.

(c)     Each successor Trustee shall serve until the earlier of (i) his or her death, (ii) his or her resignation pursuant to Section 2.2(b) above, (iii) his or her removal pursuant to Section 2.2(c) above, or (iv) the termination of the Trust pursuant to Section 7.2 below.

2.5     Compensation and Expenses of Trustees.

(a)     Each Trustee shall receive compensation from the Trust for his or her services as a Trustee in the form of payment for services performed at an hourly rate that previously has been approved by a federal or state court.  Each Trustee shall maintain hourly time records for such time.  The Delaware Trustee shall be paid such compensation as is agreed pursuant to a separate fee agreement.

(b)     The Trust shall promptly reimburse each Trustee and the Delaware Trustee for any reasonable out-of-pocket fees and expenses reasonably incurred by him, her, or it in connection with the performance of his, her or its duties as a Trustee or Delaware Trustee.

2.6     Limited Liability of Trustees, Delaware Trustee, Officers and Employees.  Subject to and in accordance with the Court Orders, the Trustees, the Delaware Trustee and the individuals identified as Additional Indemnitees in Section 3.1(b)(x) below shall not be liable to the Trust, to any of the attorney claimants seeking payment from the Trust, or to any other person or entity that attempts to assert a right of payment, reimbursement, or garnishment against the Trust, except to the extent that it is finally determined by the Court that they were grossly negligent or acted with

willful misconduct in connection with the administration of the Trust.  In addition, no Trustee, Delaware Trustee, or Additional Indemnitee shall be liable for any act or omission of any other Trustee, Delaware Trustee, or Additional Indemnitee except to the extent that it is finally determined by the Court that they were grossly negligent or acted with willful misconduct in the selection or retention of such other Trustee, Delaware Trustee, or Additional Indemnitee.

2.7     Indemnification of Trustees and Additional Indemnitees.

(a)     The Trust shall indemnify and defend each Trustee, the Delaware Trustee, and each Additional Indemnitee in the performance of their duties hereunder to the fullest extent that a statutory trust organized under the laws of the State of Delaware is permitted by 12 Del. C. § 3817, after giving application to the provisions of Section 7.10 below, to indemnify and defend such persons against any and all liabilities, expenses, claims, damages, or losses incurred by them in the performance of their duties hereunder or in connection with activities undertaken by them prior to the date of this Trust Agreement in connection with the formation, establishment, or funding of the Trust. Notwithstanding anything to the contrary herein, no party shall be indemnified or defended in any way for any liability, expense, claim, damage, or loss for which he or she is ultimately liable under Section 2.6 above.

(b)     Any fees and expenses reasonably incurred by or on behalf of a Trustee, Delaware Trustee, or an Additional Indemnitee in connection with any action, suit, or proceeding, whether civil, administrative, or arbitrative, from which he or she is indemnified by the Trust pursuant to Section 2.7(a) above, including without limitation out-of-pocket fees and expenses and attorneys' fees and expenses, shall be paid by the Trust in advance of the final disposition thereof upon receipt of an undertaking, by or on behalf of the Trustee, Delaware Trustee, or Additional Indemnitee, as the case may be, to repay such amount in the event that it shall be finally determined by the Court that such Trustee, Delaware Trustee, or Additional Indemnitee is not entitled to be indemnified by the Trust to the extent they were grossly negligent or acted with willful misconduct as provided under Sections 2.6 and 2.7(a) above.

(c)     The Trust may purchase and maintain reasonable amounts and types of insurance on behalf of an individual or entity who is or was a Trustee, Delaware Trustee, or an Additional Indemnitee, including against liability asserted against or incurred by such individual in that capacity or arising from his or her status as a Trustee, Delaware Trustee, an officer or employee of the Trust, or an advisor, consultant, or agent of the Trust.

2.8     Trustees' Lien.  The Trustees, the Delaware Trustee, and the Additional Indemnitees shall have a first priority lien upon Trust assets to secure the payment of any amounts payable to them pursuant to Section 2.7 above.

2.9     Trustees' Employment of Experts; Delaware Trustee's Employment of Counsel.

(a)     The Trustees may, but shall not be required to, retain and/or consult with counsel, accountants, advisors, consultants, agents, appraisers, auditors, forecasters, experts, financial and investment advisors, and such other parties reasonably deemed by the Trustees to be qualified as experts on any matter submitted to them, (collectively, the "Trust Professionals"), and, in the absence of gross negligence, the written opinion of or information provided by any such

party reasonably deemed by the Trustees, in the Trustees' sole discretion, to be an expert on the particular matter submitted to him or her by the Trustees shall be full and complete authorization and protection in respect of any action taken or not taken by the Trustees hereunder in good faith and in accordance with the written opinion of or information provided by any such party.

(b)     The Delaware Trustee shall be permitted to retain counsel  in the exercise of its obligations hereunder and compliance with the advice of such counsel shall be full and complete authorization and protection for actions taken or not taken by the Delaware Trustee in good faith in compliance with such advice.

ARTICLE III  Management of the Trust

3.1     General Administration by Managing Trustee.

(a)     Except as otherwise set forth herein and except to the extent where the approval or authority of the Court is specifically required by the Fund Documents, the property, business, and affairs of the Trust shall be administered by or under the direction of the Managing Trustee, who may consult with and delegate to the other Trustees as contemplated herein. Notwithstanding anything to the contrary contained herein, the authority and discretion of the Trustees with respect to all matters relating to awards of fees from the Sub-Funds shall be governed by the applicable Fund Documents.

(b)     Without limiting the generality of Section 2.2 above and subject to the foregoing, the Managing Trustee shall have the power to:

(i)     cause the Trust to receive and hold the Trust assets and exercise all rights and powers with respect thereto, including without limitation voting and dispositive powers with respect thereto;

(ii)     establish funds, reserves and accounts within the Trust estate, and invest the monies held from time to time by the Trust in accordance with Article V below;

(iii)     pay liabilities and expenses of the Trust (including, without limitation, those incurred prior to the date of this Trust Agreement in accordance with the Fund Documents) and allocate such liabilities and expenses between the Sub-Funds as appropriate;

(iv)     sue and be sued and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding;

(v)     establish, supervise and administer the Trust in accordance with the Fund Documents, this Trust Agreement and the Fund Distribution Procedures;

(vi)     appoint such officers and hire such employees and engage such legal, financial, accounting, investment, auditing and forecasting, and other advisors, consultants, independent contractors, and agents and, to the extent permitted by the fiduciary duties of the Trustees, delegate to such persons such powers and authorities, in each case as the Managing Trustee may consider necessary, appropriate, or desirable in fulfilling the purpose of the Trust;

- 6 -

(vii)    pay any officers, employees, legal, financial, accounting, investment, auditing and forecasting, and other advisors, consultants, independent contractors, and agents engaged by the Trust;

(viii)    legally bind the Trust and execute and deliver such instruments as the Managing Trustee may consider necessary, appropriate, or desirable in fulfilling the purpose of the Trust;

(ix)    enter into such other arrangements with third parties as the Managing Trustee may consider necessary, appropriate, or desirable in fulfilling the purpose of the Trust, provided such arrangements do not conflict with any other provision of this Trust Agreement;

(x)    in accordance with Section 2.7 above, defend, indemnify, and hold harmless (and purchase insurance indemnifying) (A) the Trustees, (B) the Delaware Trustee, (C) the officers and employees of the Trust and any Trust Professionals (the individuals identified in (C) are referred to herein collectively as the "Additional Indemnitees"), to the fullest extent permitted by 12 Del. C. § 3817, after giving application to the provisions of Section 7.9 below, that a statutory trust organized under the laws of the State of Delaware is from time to time entitled to indemnify, and/or insure its directors, trustees, officers, employees, advisors, consultants, and agents; and

(xi)    delegate any or all of the authority herein conferred with respect to the investment of all or any portion of the Trust assets to any one or more reputable individuals or recognized institutional investment advisors or investment managers without liability for any action taken or omission made because of any such delegation, except as provided in Section 2.6 above.

3.2    Managing Trustee Consultation with Other Trustees; Delegation.

(a)    The Managing Trustee may consult on a regular basis with the other Trustees (i) on the general implementation and administration of the Trust and (ii) on the general implementation and administration of the Fund Distribution Procedures.

(b)    The Managing Trustee may delegate to the other Trustees any such powers and authorities of the Managing Trustee, in each case as the Managing Trustee may consider necessary, appropriate, or desirable in fulfilling the purpose of the Trust.

ARTICLE IV  Qualified Settlement Fund

4.1    Tax Treatment.  The Trust is intended to be treated for U.S. federal income tax purposes as a "qualified settlement fund" as described within the QSF Regulations. Accordingly, for all U.S. federal income tax purposes the transfer of assets to the Trust will be treated as a transfer to a trust satisfying the requirements of section 1.468B-1(c) of the Treasury Regulations by the Settling Defendants, as transferors, for distribution to Fund Recipients.  Any income on the assets of the Trust will be treated as subject to tax on a current basis, and all distributions pursuant to the Fund Documents will be made net of provision for taxes and subject to the withholding and reporting requirements set forth in this Trust Agreement.

4.2     No Right to Reversion with respect to Trust Assets.  Except as specifically stated in the Fund Documents, the Settling Defendants will have no rights to any refunds or reversion with respect to the Settlement Funds or any other Trust assets or any earnings thereon.

4.3     QSF Administrator.  The Managing Trustee shall be the "administrator" (as defined in section 1.468-2(k) of the Treasury Regulations) of the Trust and shall (a) timely file such income tax and other returns and statements and timely pay all taxes required to be paid from the assets in the Trust as required by law and in accordance with the provisions of the Fund Documents and this Trust Agreement, (b) comply with all withholding obligations, as required under the applicable provisions of the Internal Revenue Code and of any state law and the regulations promulgated thereunder, (c) meet all other requirements necessary to qualify and maintain qualification of the Trust as a "qualified settlement fund" within the meaning of the QSF Regulations, and (d) take no action that could cause the Trust to fail to qualify as a "qualified settlement fund" within the meaning of the QSF Regulations.

4.4     All Events Test; Modified Gross Income. It is further intended that all transfers to the Trust will satisfy the "all events test" and the "economic performance" requirement of Code Section 461(h)(1) and Treasury Regulation Section 1.461-1(a)(2). As such, the Settling Defendants shall not be taxed on the income of the Trust. The Trust shall be taxed on its modified gross income, excluding the sums, or cash equivalents of things, transferred to it. In computing the Trust's modified gross income, deductions shall be allowed for, inter alia, administrative costs and other incidental deductible expenses incurred in connection with the operation of the Trust, including, without limitation, state and local taxes, and legal, accounting, and actuarial fees relating to the operation of the Trust. All such computations of the Trust's modified gross income, as well as any exclusions or deductions thereto, shall be compliant and consistent with Treasury Regulation Section 1.468B-2(b)(1)-(4).

4.5     Transferor Statements.  Following the initial funding of the Trust and any subsequent transfers of Settlement Funds to the Trust, the Managing Trustee shall request that each transferor provide, or cause to be provided, to the Trust a "§ 1.468B-3 Statement" in accordance with section 1.468B-3 of the Treasury Regulations.

4.6     No Contravention of Requirements.  No provision in this Trust Agreement or the Fund Distribution Procedures shall be construed to mandate any distribution on any claim or other action that would contravene the Trust's compliance with the requirements of a "qualified settlement fund" within the meaning of the QSF Regulations.

4.7     Savings Provision. Notwithstanding anything herein to the contrary, in the event that any portion of this Trust shall at any time be considered not to be in compliance with the QSF Regulations, as amended, together with any and all Internal Revenue Service's Notices, Announcements, and directives thereunder, such offending Section of this Trust Agreement shall be considered null, void, and of no effect, without any action by any court or by the Trustees (including the Managing Trustee) or the Administrator. The overarching purpose of this Trust is to at all times be in compliance with the QSF Regulations and all administrative authority and announcements thereunder. In the event that this Section 4.7 applies to render an offending Section null, void, or of no effect, Section 7.4 of this Trust Agreement shall still apply with respect to the remaining non-offending Section of this Trust Agreement.

ARTICLE V   Accounts, Investments and Payments

5.1    Accounts.  The Trustees may from time to time create such accounts and reserves within the Trust estate as they may consider necessary, appropriate, or desirable in order to provide for payments, or to make provisions for future payments, in accordance with the Fund Distribution Procedures or to provide for payment, or to make provisions for future payment, of Trust expenses in accordance with this Trust Agreement and may, with respect to any such account or reserve, restrict the use of monies therein.

5.2    Investments.  In accordance with the Establishing Order, all amounts deposited in the Trust shall be invested conservatively in a manner designed to assure timely availability of funds, protection of principal, and avoidance of concentration risk, consistent with the limitations set forth in the Fund Documents. Subject to the foregoing, investment of monies held in the Trust shall be administered in the manner consistent with the standards set forth in the Uniform Prudent Investor Act.

5.3    Source of Payments.

(a)    All payments to be made by the Trust, including without limitation payments made in accordance with the Fund Documents and payments of Trust expenses, shall be payable solely by the Trust out of the Trust's assets.  None of the Trustees, the Delaware Trustee, or the present or former officers, employees, advisors, attorneys, consultants, or agents of any of them, shall be liable for any payment under the Fund Documents or any Trust expense or other liability of the Trust.

ARTICLE VI   Delaware Trustee

6.1    Delaware Trustee.

(a)    There shall at all times be a Delaware Trustee. The Delaware Trustee shall either be (i) a natural person who is at least 21 years of age and a resident of the State of Delaware or (ii) a legal entity that has its principal place of business in the State of Delaware, otherwise meets the requirements of applicable Delaware law and shall act through one or more persons authorized to bind such entity.  The initial Delaware Trustee shall be Wilmington Trust, National Association. If at any time the Delaware Trustee shall cease to be eligible in accordance with the provisions of this Section 6.2, it shall resign immediately in the manner and with the effect hereinafter specified in Section 6.1(c) below.  For the avoidance of doubt, the Delaware Trustee shall not be a Trustee and will only have such rights and obligations as expressly provided by reference to the Delaware Trustee hereunder.

(b)    The Delaware Trustee shall not be entitled to exercise any powers, nor shall the Delaware Trustee have any of the duties and responsibilities, of the Trustees set forth herein. The Delaware Trustee shall be one of the trustees of the Trust for the sole and limited purpose of fulfilling the requirements of Section 3807 of the Act and for taking such actions as are required to be taken by a Delaware Trustee under the Act.  The duties, liabilities and obligations of the Delaware Trustee shall be limited to (i) accepting legal process served on the Trust in the State of Delaware and (ii) the execution of any certificates required to be filed with the Secretary of State

of the State of Delaware that the Delaware Trustee is required to execute under Section 3811 of the Act and there shall be no other duties (including fiduciary duties) or obligations, express or implied, at law or in equity, of the Delaware Trustee.  To the extent that, at law or in equity, the Delaware Trustee has duties (including fiduciary duties) and liabilities relating to the Trust or the Beneficial Owners, such duties and liabilities are replaced by the duties and liabilities of the Delaware Trustee expressly set forth in this Trust Agreement. The Delaware Trustee shall have no liability for the acts or omissions of any Trustee. Any permissive rights of the Delaware Trustee to do things enumerated in this Trust Agreement shall not be construed as a duty and, with respect to any such permissive rights, the Delaware Trustee shall not be answerable for other than its willful misconduct or gross negligence. The Delaware Trustee shall be under no obligation to exercise any of the rights or powers vested in it by this Trust Agreement at the request or direction of the Trustees or any other person pursuant to the provisions of this Trust Agreement unless the Trustees or such other person shall have offered to the Delaware Trustee security or indemnity (satisfactory to the Delaware Trustee in its discretion) against the costs, expenses and liabilities that may be incurred by it in compliance with such request or direction. The Delaware Trustee shall be entitled to request and receive written instructions from the Trustees and shall have no responsibility or liability for any losses or damages of any nature that may arise from any action taken or not taken by the Delaware Trustee in accordance with the written direction of the Trustees.

(c)     The Delaware Trustee shall serve until such time as the Trustees remove the Delaware Trustee or the Delaware Trustee resigns and a successor Delaware Trustee is appointed by the Trustees in accordance with the terms of Section 6.1(d) below.  The Delaware Trustee may resign at any time upon the giving of at least 60 days' advance written notice to the Trustees; provided, that such resignation shall not become effective unless and until a successor Delaware Trustee shall have been appointed by the Trustees in accordance with Section 6.1(d) below; provided further, that if any amounts due and owing to the Delaware Trustee hereunder remain unpaid for more than ninety (90) days, the Delaware Trustee shall be entitled to resign immediately by giving written notice to the Trustees.  If the Trustees do not act within such 60-day period, the Delaware Trustee, at the expense of the Trust, may apply to the Court of Chancery of the State of Delaware or any other court of competent jurisdiction for the appointment of a successor Delaware Trustee.

(d)     Upon the resignation or removal of the Delaware Trustee, the Trustees shall appoint a successor Delaware Trustee by delivering a written instrument to the outgoing Delaware Trustee.  Any successor Delaware Trustee must satisfy the requirements of Section 3807 of the Act and Section 6.1(a) above.  Any resignation or removal of the Delaware Trustee and appointment of a successor Delaware Trustee shall not become effective until a written acceptance of appointment is delivered by the successor Delaware Trustee to the outgoing Delaware Trustee and the Trustees and any fees, expenses, and indemnity due to the outgoing Delaware Trustee are paid.  Following compliance with the preceding sentence, the successor Delaware Trustee shall become fully vested with all of the rights, powers, duties, and obligations of the outgoing Delaware Trustee under this Agreement, with like effect as if originally named as Delaware Trustee, and the outgoing Delaware Trustee shall be discharged of its duties and obligations under this Agreement. Any successor Delaware Trustee shall file an amendment to the Certificate of Trust and make any related filings required under the Act.

(e)     Notwithstanding anything herein to the contrary, any business entity into which the Delaware Trustee may be merged or converted or with which it may be consolidated or any entity resulting from any merger, conversion or consolidation to which the Delaware Trustee shall be a party, or any entity succeeding to all or substantially all of the corporate trust business of the Delaware Trustee, shall be the successor of the Delaware Trustee hereunder, without the execution or filing of any paper or any further act on the part of any of the parties hereto.

(f)     The Delaware Trustee shall neither be responsible for, nor chargeable with, knowledge of the terms and conditions of any other agreement, instrument or document, other than this Trust Agreement, whether or not, an original or a copy of such agreement has been provided to the Delaware Trustee. The Delaware Trustee shall have no duty to know or inquire as to the performance or nonperformance of any provision of any other agreement, instrument or document, other than this Trust Agreement. Neither the Delaware Trustee nor any of its directors, officers, employees, agents or affiliates shall be responsible for nor have any duty to monitor the performance or any action of the Trust, the Trustees or any other person, or any of their directors, members, officers, agents, affiliates or employee, nor shall it have any liability in connection with the malfeasance or nonfeasance by such party. The Delaware Trustee may assume performance by all such persons of their respective obligations. The Delaware Trustee shall have no enforcement or notification obligations relating to breaches of representations or warranties of any other person. The Delaware Trustee shall have no responsibilities (except as expressly set forth herein) as to the validity, sufficiency, value, genuineness, ownership or transferability of any Trust assets, written instructions, or any other documents in connection therewith, and will not, be regarded as making nor be required to make, any representations thereto.

(g)     The Delaware Trustee shall not be responsible or liable for any failure or delay in the performance of its obligations under this Trust Agreement arising out of, or caused, directly or indirectly, by circumstances beyond its control, including without limitation, any act or provision of any present or future law or regulation or governmental authority; acts of God; earthquakes; fires; floods; wars; terrorism; civil or military disturbances; sabotage; epidemics; riots; interruptions, loss or malfunctions of utilities, computer (hardware or software) or communications service; accidents; labor disputes; acts of civil or military authority or governmental actions; or the unavailability of the Federal Reserve Bank wire or telex or other wire or communication facility.

ARTICLE VII General Provisions

7.1     Irrevocability.  The Trust is irrevocable.  The Trust shall dissolve and terminate in accordance with Section 7.2.

7.2     Termination.

(a)     The term for which the Trust is to exist shall commence on the date of the filing of the Certificate of Trust and shall terminate pursuant to the provisions of this Section 7.2.

(b)     The Trust shall automatically dissolve on a date (the "Termination Date") selected by the Managing Trustee and approved by the Court following the final distribution of all

- 11 -

monies paid into the Trust in accordance with the Fund Documents and the administrative wind-down of the Trust by the Managing Trustee, or as otherwise directed by the Court.

(c)     Upon the Termination Date, the Managing Trustee shall notify the Delaware Trustee, and the Managing Trustee shall execute and cause a Certificate of Cancellation of the Certificate of Trust of the Trust to be filed in accordance with the Act.  Notwithstanding anything to the contrary contained in this Trust Agreement, the existence of the Trust as a separate legal entity shall continue until the filing of such Certificate of Cancellation.  The Managing Trustee shall provide a certified copy of the Certificate of Cancellation of the Certificate of Trust to the Delaware Trustee.

(d)     Upon the Termination Date, following the filing of the Certificate of Cancellation the Termination Date, the Managing Trustee and the other Trustees shall be discharged from any further responsibility with respect to the Trust and the Attorney Fee Fund.

7.3    <u>Amendments</u>.  The Trustees may modify or amend this Trust Agreement by a writing signed by each Trustee. Notwithstanding anything contained in this Trust Agreement to the contrary, this Trust Agreement shall not be modified or amended in any way that could jeopardize, impair, or modify the applicability of the Trust's qualified settlement fund status under section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under section 468B of the Internal Revenue Code.  Any amendment which affects the rights, duties, immunities, or liabilities of the Delaware Trustee shall require the written consent of the Delaware Trustee.

7.4    <u>Severability</u>.  Should any provision in this Trust Agreement be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Trust Agreement.

7.5    <u>Successors and Assigns</u>.  The provisions of this Trust Agreement shall be binding upon and inure to the benefit of the Trust, the Trustees, and their respective successors and assigns, except that none of such persons may assign or otherwise transfer any of its rights or obligations under this Trust Agreement except, in the case of the Trust and the Trustees, as contemplated by Article II above.

7.6    <u>Limitation on Claim Interests for Securities Laws Purposes</u>.  No claim against the Trust or any interest therein shall (a) be assigned, conveyed, hypothecated, pledged or otherwise transferred, voluntarily or involuntarily, directly or indirectly, except by will or under the laws of descent and distribution, (b) be evidenced by a certificate or other instrument, (c) possess any voting rights, or (d) be entitled to receive any dividends or interest; <u>provided</u>, <u>however</u>, that clause (a) of this Section 7.6 shall not apply to the holder of a claim that is subrogated to a claim against the Trust as a result of its satisfaction of such claim.

7.7    <u>Conflict with Fund Documents; Entire Agreement; No Waiver</u>.  In the event of any conflict between the provisions of the Trust Agreement and the provisions of Fund Documents, the provisions of the Fund Documents shall govern and control. Subject to the foregoing, the entire agreement of the parties relating to the subject matter of this Trust Agreement is contained herein and in the documents referred to herein, and this Trust Agreement and such documents supersede any prior oral or written agreements concerning the subject matter hereof.  No failure to exercise

or delay in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof or of any other right, power, or privilege.  The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

7.8     Headings.  The headings used in this Trust Agreement are inserted for convenience only and do not constitute a portion of this Trust Agreement or in any manner affect the construction of the provisions of this Trust Agreement.

7.9     Governing Law.  The validity and construction of this Trust Agreement and all amendments hereto and thereto shall be governed by laws of the State of Delaware, and the rights of all parties hereto and the effect of every provision hereof shall be subject to and construed according to the laws of the State of Delaware without regard to the conflicts of law provisions thereof which would purport to apply the law of any other jurisdiction; *provided, however,* that the parties hereto intend that the provisions hereof shall control and there shall not be applicable to the Trust, the Trustee, the Delaware Trustee, or this Trust Agreement, any provision of the laws (statutory or common) of the State of Delaware pertaining to trusts that relate to or regulate in a manner inconsistent with the terms hereof: (a) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges, (b) affirmative requirements to post bonds for trustees, officers, agents, or employees of a trust, (c) the necessity for obtaining court or other governmental approval concerning the acquisition, holding, or disposition of real or personal property, (d) fees or other sums payable to trustees, officers, agents, or employees of a trust, (e) the allocation of receipts and expenditures to income or principal, (f) restrictions or limitations on the permissible nature, amount, or concentration of trust investments or requirements relating to the titling, storage, or other manner of holding of trust assets, (g) the existence of rights or interests (beneficial or otherwise) in trust assets, (h) the ability of beneficial owners or other persons to terminate or dissolve a trust, or (i) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees or beneficial owners that are inconsistent with the limitations on liability or authorities and powers of the Trustees or the Delaware Trustee set forth or referenced in this Trust Agreement. Section 3540 of Title 12 of the Delaware Code shall not apply to the Trust.

7.10     Enforcement and Administration; Continuing Jurisdiction of the Court. Notwithstanding anything to the contrary contained herein, the provisions of this Trust Agreement and the Fund Distribution Procedures attached hereto shall be enforced by the Court pursuant to the Court Orders and the other Fund Documents.  The parties hereby further acknowledge and agree that the Court shall have exclusive and continuing jurisdiction over the Trust, the Attorney Fee Fund, each Sub-Fund, the Fund Documents, and over any disputes hereunder or thereunder, as applicable.

7.11     Effectiveness.  This Trust Agreement shall not become effective until it has been executed and delivered by all the parties hereto.

7.12     Notices.  Any notices or other communications required or permitted hereunder to the following parties shall be in writing and delivered at the addresses designated below, or sent by e-mail pursuant to the instructions listed below, or mailed by registered or certified mail, return receipt requested, postage prepaid, addressed as follows, or to such other address or addresses as

may hereafter be furnished in writing to each of the other parties listed below in compliance with the terms hereof.

        To the Trust:

        First Opiate Settling Defendants Fee Trust
        c/o Keating Muething & Klekamp PLL
        One East Fourth Street, Suite 1400
        Cincinnati, OH 45202
        Attention:  Philip A. Tracy, III, Esq.
        E-mail:  ptracy@kmklaw.com

        To the Delaware Trustee:

        Wilmington Trust, National Association
        Rodney Square North
        1100 North Market Street
        Wilmington, Delaware 19890-1605
        Attention: Corporate Trust Administration
        E-mail: DYoung@WilmingtonTrust.com

      7.13   <u>Counterpart Signatures</u>.  This Trust Agreement may be executed in any number of counterparts, each of which shall constitute an original, but such counterparts shall together constitute but one and the same instrument.  Delivery of a counterpart hereof by electronic signature, facsimile, or e-mail transmission of an Adobe portable document format file (also known as a "PDF" file) shall be effective as delivery of a manually executed counterpart hereof.

*[Reminder of page intentionally left blank; signature page follows.]*

IN WITNESS WHEREOF, the parties have executed this Trust Agreement as of the day and year first written above.

**TRUSTEES:**

_David Cohen_

Name: David R. Cohen

_Randi S. Ellis_

Name: Randi S. Ellis

_David R. Herndon_

Name: Hon. David R. Herndon (ret.)

**DELAWARE TRUSTEE:**

Wilmington Trust, National Association

By: _DAVID YOUNG_

Name: David B. Young

Title: Vice President

**[EXHIBIT A]**

**STATE OF DELAWARE**

**CERTIFICATE OF TRUST**

**OF**

**FIRST OPIATE SETTLING DEFENDANTS FEE TRUST**

This Certificate of Trust is being filed to form a statutory trust in accordance with the provisions of the Delaware Statutory Trust Act (Title 12 of the Delaware Code, Section 3801 et seq.) and sets forth the following:

1) **First**:  The name of the statutory trust formed hereby is:

First Opiate Settling Defendants Fee Trust

2) **Second:**  The name and address of the Delaware trustee of the trust is:

Wilmington Trust, National Association<br>
Rodney Square North<br>
1100 North Market Street<br>
Wilmington, Delaware 19890<br>
Attention: Corporate Trust Administration

3) **Third**:  This Certificate of Trust shall be effective upon filing.

**IN WITNESS WHEREOF**, the undersigned have executed this Certificate of Trust in accordance with Section 3811(a)(1) of the Act.

**MANAGING TRUSTEE:**

_____

David R. Cohen

**DELAWARE TRUSTEE:**

WILMINGTON TRUST, NATIONAL ASSOCIATION,
as Delaware Trustee

By:_____
Name:
Title:

**[<u>EXHIBIT B</u>]**

**COMMON BENEFIT FUND DISTRIBUTION PROCEDURES**

*[TO BE AFFIXED UPON APPROVAL BY TRUSTEES]*

[<u>EXHIBIT C</u>]

**CONTINGENCY FEE FUND DISTRIBUTION PROCEDURES**

*[TO BE AFFIXED UPON APPROVAL BY TRUSTEES]*

# Exhibit A

State of Delaware
Secretary of State
Division of Corporations
Delivered  02:51 PM 03/01/2022
FILED  02:51 PM 03/01/2022
SR 20220826656 - File Number  6646625

## STATE OF DELAWARE

## CERTIFICATE OF TRUST

### OF

### FIRST OPIATE SETTLING DEFENDANTS FEE TRUST

This Certificate of Trust is being filed to form a statutory trust in accordance with the provisions of the Delaware Statutory Trust Act (Title 12 of the Delaware Code, Section 3801 et seq.) and sets forth the following:

1) **First:**  The name of the statutory trust formed hereby is:

First Opiate Settling Defendants Fee Trust

2) **Second:**  The name and address of the Delaware trustee of the trust is:

Wilmington Trust, National Association
Rodney Square North
1100 North Market Street
Wilmington, Delaware 19890
Attention: Corporate Trust Administration

3) **Third:**  This Certificate of Trust shall be effective upon filing.

**IN WITNESS WHEREOF**, the undersigned have executed this Certificate of Trust in accordance with Section 3811(a)(1) of the Act.

**MANAGING TRUSTEE:**

David Cohen

David R. Cohen

**DELAWARE TRUSTEE:**

WILMINGTON TRUST, NATIONAL ASSOCIATION

By: DAVID YOUNG
Name:  David B. Young
Title:  Vice President