UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br><br>*All actions* | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**AGREED MOTION TO ESTABLISH OHIO QUALIFIED SETTLEMENT FUND AND APPOINT ADMINISTRATOR OF THE FUND**

The Plaintiffs' Executive Committee, on behalf of Ohio cities and counties ("Plaintiffs"),[1] move for the Court to enter the attached proposed Order:  (i) approving the establishment under this Court's continuing jurisdiction of a  Qualified Settlement Fund which shall be called the Ohio Attorney Fee and Cost Fund (the "Fund"); (ii) appointing David Cohen as Administrator for the Fund (the "Administrator") (along with approving the retention by Mr. Cohen of Joseph Tann, Richard Weinberg, Amy Collins to assist him); and (iii) determining that the Fund constitutes a single qualified settlement fund within the meaning of section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Sections l.468B-l, et seq.  Plaintiffs have conferred with the MDL defendants who have reached settlements subject to the MOU, who consent to this filing.  In support of this Motion, Plaintiffs respectfully state as follows:

---

[1] Ohio cities and counties are parties to the OneOhio Memorandum of Understanding ("MOU"). *See* https://nationalopioidsettlement.com/wp-content/uploads/2021/11/Exhibit-8-2021.07.28-One-Ohio-Memorandum-of-Understanding.pdf.  The Motion seeks to implement certain provisions of the MOU.  Counsel for the parties to the MOU have agreed to the relief sought in this motion.

Pursuant to the MOU, Plaintiffs have entered into settlements with certain MDL defendants under which the settling defendants have agreed, if the conditions to making such payments set forth in the settlement agreements are met, to make payments into the Fund, which is under the continuing jurisdiction of this Court and will be used to reimburse attorneys' costs and fees that have been incurred in furtherance of the opioid litigation related to the settling defendants. The first of these settlements was the agreement to resolve opioid-related claims between the State of Ohio/Ohio Participating Subdivisions and McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Corporation.[2] Plaintiffs anticipate that the fund being set up if this motion is granted may be used for Ohio only settlements between the State of Ohio/Ohio Participating subdivisions and other MDL defendants.

The proposed Fund will consist of two separate sub-funds (the Contingency Fee Fund and the Costs Fund), which shall together constitute a single qualified settlement fund, and will remain subject to the continuing and exclusive jurisdiction of this Court. The proposed Fund shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" as described in Treasury Regulations Section 1.468B-1. Amounts in the proposed Fund shall be allocated to the Contingency Fee Fund and the Costs Fund as set forth in the settlement agreements subject to the MOU.

The Plaintiffs request that the Court appoint David R. Cohen as Administrator to oversee administration and administrative costs of the Fund. David R. Cohen is well known to this Court, and intimately familiar with the issues of the Opioids litigation. This Court has previously appointed him to perform similar tasks in connection with other settlements in this MDL. *See* Doc.

---

[2] This settlement is memorialized in the Distributors Ohio Settlement Agreement. *See* https://nationalopioidsettlement.com/wp-content/uploads/2021/09/ohio-distributors_3.pdf.

3828. The Plaintiffs also request that the Court approve the retention by Mr. Cohen of Joseph Tann and Richard Weinberg and Amy Collins, and any other professionals whose services Mr. Cohen determines to be necessary and appropriate to conduct and complete his work, to assist him with his duties as Administrator. The Court is familiar with Mr. Tann and Mr. Weinberg and Ms. Collins, who are currently assisting with the implementation of settlements in other opioid litigation pending in the MDL.

With respect to the Contingency Fee Fund, the Plaintiffs further request that the Administrator be directed to establish and implement procedures for the distribution of the Contingency Fee Fund in a manner that is consistent with the terms of the various settlements, including, but not limited to, all provisions of the MOU related to the Local Government Fee Fund ("LGFF"). *See* MOU, Sections C.1.-C.9. Furthermore, the Administrator's distribution of any monies from the Fund shall be conditioned upon satisfaction of any and all requirements contained in the MOU or the underlying settlement agreements that participating counsel certify and/or represent certain facts. The Administrator shall adopt Fund distribution procedures consistent with any such requirements included in the MOU and/or the underlying settlements. Plaintiffs have agreed to use the methodology set forth in the Mathematical Model for the Allocation of the Contingency Fee Funds (Mathematical Model), which the Plaintiffs believe is fully consistent with the settlements they have already entered into.

As part of the process, counsel submitting fee applications to the Fund are required to represent that they will waive enforcement rights against the subdivision clients of all contracts entered into in conjunction with the fee request prior to applying for attorneys' fees or costs, under the Contingency Fee Fund.

The Plaintiffs further request that the Court empower the Administrator to hear disputes concerning the application of the Mathematical Model or the award of costs. The Administrator shall promptly rule on any objections. Thereafter, the proposed awards will be final and not subject to any further challenge or appeal.

In addition, the Plaintiffs request that the Court order that all payments into the Fund, and any interest thereon, will be held by the Fund until disbursed by the Administrator. To the extent possible, this Motion shall be construed so as to prevent the Plaintiffs, or their counsel, from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

The Plaintiffs request the Court approve and appoint Mr. Cohen to serve as Trustee and as the Administrator of the qualified settlement fund for purposes of Treasury Regulations Section l.468B-2(k)(3). In this representative capacity, Mr. Cohen shall be responsible for making any necessary tax filings and payments of taxes, estimated taxes, and associated interest and penalties, if any, by the Fund. The Administrator or Trustee shall be responsible for responding to any questions from, or audits regarding such taxes by, the Internal Revenue Service or any state or local tax authority, as well as questions from the Department of Labor. The Administrator shall also be responsible for complying with all tax information reporting and withholding requirements with respect to payments made by the Fund, as well as paying any associated interest and penalties. All such tax, interest, and penalty payments and all expenses and costs incurred in connection with taxation of the Fund (including, without limitation, expenses of tax attorneys and accountants) shall be paid from the Fund and shall be considered administrative costs of the settlement. If the Administrator resigns or is removed for any reason, the parties shall move the Court for the appointment of a successor Administrator.

The Plaintiffs request that no bond be required and further request approval that the Fund be held under this Court's ongoing jurisdiction, at a financial institution to be approved by the Court in a subsequent Order.  All amounts deposited in the Fund shall be invested conservatively in a manner designed to assure timely availability of funds, protection of principal and avoidance of concentration risk.  The services of the Administrator and any vendors and services he determines to be necessary and appropriate to conduct and complete his work (including the services of Mr. Tann and Mr. Weinberg), shall be paid or reimbursed from the Fund.  The Administrator and any of his agents or representatives shall be indemnified by the Fund to the fullest extent permitted by applicable law.

The Administrator or Trustee will obtain a Federal Taxpayer Identification Number for the proposed Fund upon entry of an order by this Court establishing the Fund.  The Plaintiffs ask that the Administrator be authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

>Paul T. Farrell, Jr., Esq.
>FARRELL & FULLER LLC
>1311 Ponce de Leone Ave., Suite 202
>San Juan, PR  00907
>(304)654-8281
>paul@farrellfuller.com
>
>*Plaintiffs' Co-Lead Counsel*
>
>
>*/s/Peter H. Weinberger*
>Peter H. Weinberger (0022076)
>SPANGENBERG SHIBLEY &LIBER
>1001 Lakeside Avenue East, Suite 1700
>Cleveland, OH 44114
>(216) 696-3232
>(216) 696-3924 (Fax)
>pweinberger@spanglaw.com
>
>*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger