UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** |
| **This document relates to:** | **Case No. 17-MD-2804** |
| ***All actions*** | **Judge Dan Aaron Polster** |

### ORDER ESTABLISHING OHIO QUALIFIED SETTLEMENT FUND AND APPOINTING ADMINISTRATOR OF THE FUND

The Plaintiffs' Executive Committee, on behalf of Ohio cities and counties,[1] have filed a Motion to Establish Ohio Qualified Settlement Fund and Appoint David R. Cohen as the Administrator to oversee the administration and administrative costs of the Contingency Fee Fund (established to implement settlement with certain MDL defendants), along with the request to approve the retention by Mr. Cohen of Joseph Tann, Richard Weinberg, Amy Collins.  The Court hereby **GRANTS** that motion and **ORDERS** as follows:

1.  David R. Cohen is hereby appointed to oversee the administration and administrative costs of a Qualified Settlement Fund which shall be called the Ohio Attorney Fee and Cost Fund (the "Fund").

2.  David R. Cohen may retain Joseph Tann, Richard Weinberg, Amy Collins, and any other professional whose services he determines to be necessary and appropriate to conduct and complete his work, to assist him with his duties as Administrator.

---

[1] Ohio cities and counties are parties to the OneOhio Memorandum of Understanding ("MOU"). *See* https://nationalopioidsettlement.com/wp-content/uploads/2021/11/Exhibit-8-2021.07.28-One-Ohio-Memorandum-of-Understanding.pdf.  The Motion seeks to implement certain provisions of the MOU.

3. As administrator, David R. Cohen is to establish and implement procedures for the distribution of the Contingency Fee Fund in a manner that is consistent with the terms of the various settlements, including, but not limited to, all provisions of the MOU related to the Local Government Fee Fund ("LGFF") and using the methodology set forth in the Mathematical Model for the Allocation of the Contingency Fee Funds. *See* MOU, Sections C.1.-C.9.

4. Counsel submitting fee applications to the Fund are required to represent that they will waive enforcement rights of their contingency fee against the subdivision clients of all contracts entered into in conjunction with the fee request prior to applying for attorneys' fees or costs, under the Contingency Fee Fund.

5. As Administrator, David R. Cohen is empowered to hear disputes concerning the application of the Mathematical Model or the award of costs and shall promptly rule on any objections. Thereafter, the proposed awards will be final and not subject to any further challenge or appeal.

6. All payments into the Fund, and any interest thereon, will be held by the Fund until disbursed by the Administrator.

7. David R. Cohen shall serve as Trustee and as Administrator of the qualified settlement fund for purposes of Treasury Regulations Section 1.468B-2(k)(3) and shall be responsible for making any necessary tax filings and payments of taxes, estimated taxes, and associated interest and penalties, if any, by the Fund, and responding to any questions from, or audits regarding such taxes, by the Internal Revenue Service or any state or local tax authority, as well as questions from the Department of Labor.

8. The Administrator shall be responsible for complying with all tax information reporting

and withholding requirements with respect to payments made by the Fund, as well as paying any associated interest and penalties. All such tax, interest, and penalty payments and all expenses and costs incurred in connection with taxation of the Fund shall be paid from the Fund and shall be considered administrative costs of the settlement.

9. If David R. Cohen resigns or is removed for any reason, the parties shall move the Court for the appointment of a successor Administrator.

10. The Fund shall be held under this Court's ongoing jurisdiction, at a financial institution to be approved by the Court in a subsequent Order and no bond shall be required. All amounts deposited in the Fund shall be invested conservatively in a manner designed to assure timely availability of funds, protection of principal and avoidance of concentration risk.

11. The services of the Administrator and any vendors and services the Administrator determines to be necessary and appropriate to conduct and complete his work (including the services of Messrs. Tann, Weinberg and Ms. Collins) shall be paid or reimbursed from the Fund. The Administrator and any of his agents or representatives shall be indemnified by the Fund to the fullest extent permitted by applicable law.

12. The Administrator or Trustee will obtain a Federal Taxpayer Identification Number for the Proposed Fund upon entry of an order by this Court establishing the Fund and is authorized, upon final distribution of all monies paid into the Fund, to take the appropriate steps to wind down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

13. This Court will have continuing jurisdiction over the Fund and may enter such further

Orders as may be necessary and appropriate.

**IT IS SO ORDERED.**


      */s/ Dan Aaron Polster*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE


MARCH 15, 2022