# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## CVS SUPPLEMENT TO TRACK 3 DEFENDANTS' JOINT SUBMISSION CONCERNING PLAINTIFFS' ABATEMENT PLAN

The CVS Defendants hereby submit this supplement to the Pharmacy Defendants' abatement plan submission.

Under the legal theories allowed by the Court and the arguments made by the counties, to which CVS objected, a plan to abate the oversupply of legal prescription opioids found by the jury should include only drug takeback[1] and a prohibition on the dispensing of Schedule II prescription opioid medications in the counties. CVS objected to the counties' theories, the jury instructions that implemented them, and the counties' corresponding arguments to the jury. These theories, instructions and arguments will be the subject of CVS's appeal. But while CVS submits that the resulting verdict is infirm, that no claim lies for an unquantified oversupply that is untethered to violations of the federal and state regulations governing the filling of prescriptions,[2] and that state common law may not be used to override those regulations and the healthcare balance they strike,

---

[1] CVS already has a nationwide drug-take program. Under this program, CVS has installed drug take-back kiosks in seven of its 14 pharmacies in Lake and Trumbull counties. *See* Trial Tr. at 5747. The placement, characteristics, and maintenance of such kiosks are subject to DEA regulation, and not all CVS pharmacies may accommodate them. CVS has donated additional kiosks to law enforcement departments in the counties and offered to provide more. *See id.* CVS also offers disposal bags to patients in connection with its first-fill opioid counseling program.

[2] Under the intentional conduct theory of nuisance allowed by the Court. While the Court also allowed an unlawful conduct theory, the jury verdict form did not differentiate between the theories.

8163160.1

the above actions are what correspond to the counties' infirm claims, should the Court grant relief on them. CVS does not think it would be right from a patient-care perspective, or legally, to prohibit dispensing of prescription pain medications in the counties, but this action is what flows from the counties' claims.

Dated:  March 18, 2022                              Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*