UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) |
| THIS DOCUMENT RELATES TO: | ) Case No. 1:17-md-2804 ) ) Judge Dan Aaron Polster |
| *Track Three Cases:* | ) ) |
| *County of Lake, Ohio v.* *Purdue Pharma, L.P., et al.,* Case No. 18-op-45032 | ) **TRACK THREE ABATEMENT PHASE** ) **TRIAL ORDER** ) ) ) |
| *County of Trumbull, Ohio v.* *Purdue Pharma, L.P., et al.,* Case No. 18-op-45079 | ) ) ) ) |

On December 10, 2021, the Court issued a scheduling order for the abatement phase of the Track Three trial (also known as "Phase II") adopting the parties' agreed deadlines. (Doc. #: 4188). On January 4, 2022, the Court issued a supplemental order regarding the abatement proceeding setting forth additional deadlines. (Doc. #: 4220). The Court now further supplements the foregoing orders with the following:

**I. FINAL PRETRIAL CONFERENCE**

The Court has scheduled a Final Pretrial Conference in the consolidated cases beginning at **12:00 p.m. on Wednesday, May 4, 2022**. Pursuant to Local Rule 16.3(f), the Final Pretrial Conference will be conducted via videoconference. A video link and dial-in instructions will be provided by the Court prior to the conference. Pursuant to Local Rule 16.3(e), the parties and lead counsel of record must be on video and prepared with full authority to discuss all aspects of the case, including any pending motions, witness and exhibits lists, scheduling, and settlement.

Counsel must confer with their clients and with each other regarding their final settlement posture no later than two business days before the Final Pretrial Conference.

**II. ABATEMENT PROCEEDING**

The consolidated cases are scheduled for a bench trial on the equitable remedy of abatement beginning at **9:00 a.m. on Tuesday, May 10, 2022**, in the courtroom of the Honorable Dan A. Polster, Courtroom 18B of the Carl B. Stokes United States District Courthouse, 801 W. Superior Ave., Cleveland, Ohio. Opening statements and the presentation of evidence will begin at **9:00 a.m. on Tuesday, May 10, 2022**. The trial is anticipated to last 10 days not counting weekends or federal holidays.

Normal trial days begin at 9:00 a.m. and continue until approximately 5:30 p.m., unless circumstances dictate otherwise, and will include a one-hour lunch break and two fifteen-minute breaks, one in the morning and one in the afternoon. However, the Court, at its discretion, may elect to begin trial days at 8:30 a.m. to facilitate completing the trial in the allotted number of days.

**A. Trial Time**

Plaintiffs and defendants will split trial time 50/50. This amounts to about 25 hours for presentation of evidence for each side. The Court will keep a "chess clock" and tell parties what their time count is at the end of each day.

**B. Opening Statement and Closing Arguments**

The parties have indicated that traditional opening statements and closing arguments will not be necessary. In place of opening statements, each party may give a brief introduction (30 minutes or less) to set the stage for their presentation of evidence. These introductions shall count against their side's allotted trial time.

In lieu of oral closing arguments, each side shall file a written brief of their closing arguments (*i.e.*, one, collectively, for Plaintiffs; and one, collectively, for Defendants). These briefs shall be filed simultaneously no later than **12:00 p.m. on Monday, June 6, 2022**. Each side may file a written response to the other side's closing argument brief no later than **12:00 p.m. on Monday, June 20, 2022**. The Court will provide page limits and other guidelines for the closing briefs near the end of the Phase II trial.

### C. Examination of Expert Witnesses

In order to streamline the proceeding, the parties have agreed that direct examination of expert witnesses will largely be unnecessary. To facilitate this, the Court will carefully read the expert reports in advance of the Phase II trial. The parties may, at their discretion, utilize some of their trial time to elicit on direct examination explanatory testimony from their experts to elucidate complicated portions of, or provide context for, their experts' reports, but it is not necessary. The parties should expect to use the majority of their trial time to cross-examine opponent expert witnesses.

## III. TRIAL DOCUMENTS

### A. Witness Lists and Exhibit Lists

To the extent they have not already done so, all parties shall promptly exchange proposed witness lists and exhibit lists. Trial counsel must file witness lists and exhibit lists no later than **12:00 p.m. on Monday, April 11, 2022**. In addition to being filed, witness and exhibit lists must also be emailed to Chambers by **12:00 p.m. on Monday, April 11, 2022**.

Witness lists must provide a brief description and purpose of each witness.

Regarding exhibit lists, the Court recognizes that, due to the number of exhibits involved in this trial, the Court's standard exhibit-list form may not be practical. Trial counsel previously stipulated to certain formatting for exhibit lists. (Doc. #: 3595-2). The Court hereby directs trial counsel to adhere to this exhibit-list formatting in preparing for trial. Trial counsel shall meet and confer to address issues that may arise regarding this formatting and shall further confer with Special Master Cohen as necessary to resolve any disputes.

### 1. Objections to Witnesses or Exhibits

Parties should be mindful that the Court has limited time and resources to address excessive objections to exhibits and witnesses. Counsel must make every effort to resolve objections before seeking the Court's assistance. Only those objections to a proposed witness that have not been resolved among counsel must be filed no later than **12:00 p.m. on Tuesday, April 26, 2022**. Objections to exhibits must also be filed no later than **12:00 p.m. on Tuesday, April 26, 2022**. Such objections must include a succinct statement setting forth the reasons why the proposed witness or exhibit should not be permitted or admitted, as well as citations to legal authority. When lodging objections before or during the trial, parties should take into account that Phase II is being tried to the Court and not a jury.

### 2. Continuing Obligation

Each attorney has a continuing obligation to supplement its client's witness and exhibit lists immediately upon learning of any additional witness or exhibit. Absent a showing of very good cause, witnesses not included on the witness list or added to the filed list before the trial starts will not testify at trial and exhibits not listed on the exhibit list or added to the list well before the trial starts will not be introduced at trial. This rule applies to lay and expert witnesses. A party may not call their own non-third-party witness at trial unless that party produced during discovery documents identified using required search terms from that witness's custodial file.

### 3. Disclosure Requirements

No later than **6:00 p.m. on Monday, May 3, 2022**, Plaintiffs shall disclose to Defendants the order in which they expect to call witnesses during the Phase II trial. No later than **6:00 p.m. on Monday, May 10, 2022**, Defendants shall disclose to Plaintiffs the order they expect to call witnesses during the Phase II trial.

In the event circumstances necessitate any changes to the witness order, the parties are directed to notify the Court and the other side of those changes as soon as possible.

### B. Trial Briefs

Trial counsel must file trial briefs no later than **12:00 p.m. on Monday, April 25, 2022**. A complete trial brief includes: (a) a statement of the facts relevant to Phase II; (b) a complete discussion of the controlling law, together with citations to statutes and case law; and (c) a discussion of any evidentiary issues likely to arise at trial.

### C. Supplemental Phase II Schedule Deadlines

April 26, 2022 – Plaintiffs shall identify for the Court and for Defendants the key sections of Keyes' and Young's experts reports on which they intend to rely during the Phase II trial. This disclosure is intended to help streamline the proceeding and shall not be interpreted as limiting Plaintiffs' ability to use other relevant portions of Keyes' and Young's expert reports to provide support or context to the key sections identified.

In the event it becomes necessary for Plaintiffs to serve rebuttal expert reports, those deadlines are as follows:

<u>April 29, 2022</u> – Plaintiffs will serve their rebuttal expert reports.

<u>May 9, 2022</u> – Supplemental depositions of rebuttal expert witnesses will be completed.

**IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster  March 23, 2022**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**