# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO:*<br><br>*County of Burleson* v. *Walmart Inc., et al.,* Case No. 1:20-op-45054<br><br>*County of Duval* v. *CVS Health Corporation, et al.,* Case No. 1:19-op-45861<br><br>*County of Jim Hogg* v. *CVS Health Corporation, et al.,* Case No. 1:19-op-46160<br><br>*County of Jim Wells* v. *CVS Pharmacy, Inc., et al.,* Case No. 1:19-op-45884<br><br>*County of Kleberg* v. *CVS Health Corporation, et al.,* Case No. 1:19-op-46159<br><br>*County of Williamson* v. *Walgreens Boots Alliance, et al.,* Case No. 1:19-op-46161<br><br>*Dallas County Hospital District* v. *Amneal Pharmaceuticals, Inc., et al.,* Case No. 1:20-op-45142<br><br>*Ellis County* v. *Walgreens Boots Alliance, Inc., et al.,* Case No. 1:19-op-45860<br><br>*Harris County Hospital District* v. *McKesson Corporation et al.,* Case No. 1:21-op-45096<br><br>*Rockwall County* v. *CVS Health Corporation, et al.,* Case No. 1:19-op-45859 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>The Honorable Dan Aaron Polster |

8166040.1

### THE PHARMACY DEFENDANTS' CONSENT TO PENDING REMAND MOTIONS IN CASES REMOVED FROM THE TEXAS MDL

On Friday, March 18, 2022, the Honorable Robert K. Schaffer of the 152nd Civil District Court held a hearing in the Texas MDL, *In Re: Texas Opioid Litigation*, No. 2018-63587, over which he is presiding. Judge Schaffer indicated that at the next status conference scheduled for April 29, 2022, the remaining defendants in the Texas MDL will be required to select the next two bellwether cases (one principal and one alternate). Those selections will be made by defendants from among those cases pending in the Texas MDL as of the time of the upcoming April status conference.

As it now stands, the undersigned Pharmacy Defendants are parties to just two cases pending in the Texas MDL: *Johnson County* v. *Purdue Pharma, L.P., et al.* and *Fire and Police Retiree Health Fund, San Antonio* v. *Richard Sackler, et al*. Neither case is an appropriate bellwether. Nevertheless, Plaintiffs have selected *Johnson County* as their third bellwether selection and have requested that the Court set the case as the next active bellwether. That would allow all three of Plaintiffs' selections to serve as bellwethers and would deprive defendants of their ability to select a bellwether. Judge Schaffer warned defendants that if they do not select a defense bellwether by April 29 that includes the Pharmacy Defendants, then the Court will adopt Plaintiffs' choice of *Johnson County*.

The Pharmacy Defendants maintain that each of the cases they have removed and that the JPML has transferred to this proceeding belongs in federal court. Indeed, just this week, several of the plaintiffs in cases removed from the Texas MDL have conceded that federal jurisdiction exists by withdrawing their pending motions to

remand. *County of Angelina* v. *Purdue Pharma, L.P., et al.*, Case No. 1:20-op-45053; *County of Coryell* v. *Walgreens Co., et al.*, Case No. 1:22-op-45009; *County of Kendall* v. *Walgreens Co., et al.,* Case No. 1:22-op-45010.

These three Texas plaintiffs are not the only MDL plaintiffs who have recently withdrawn pending remand motions after previously insisting that the Court lacked jurisdiction. *See The County of Fayette, Ohio, et al.* v. *Purdue Pharma L.P., et al.*, Case No. 1:20-op-45065. And for good reason: of the cases listed below, eight were stayed or administratively closed pending transfer to this MDL by six different judges of the United States District Court for the Southern District of Texas after acknowledging the substance of the Pharmacy Defendants' removals. *E.g.*, *Dallas Cty. Hosp. Dist.* v. *Amneal Pharm., LLC*, 2020 WL 429833, at *3 (S.D. Tex. Jan. 28, 2020) (finding that plaintiffs' theories of liability render "difficult a determination whether Plaintiffs' claims necessarily raise substantial questions of federal law"); *Cty. of Jim Hogg* v. *Purdue Pharma L.P.*, No. 4:19-cv-02816, ECF No. 11, at *3 (S.D. Tex. Sept. 4, 2019) ("The pending motion to remand presents factually and legally difficult issues.").*

Even though federal jurisdiction over these cases would be proper, the Pharmacy Defendants consent to remand of those cases filed by counties or hospital districts

---

\* To the extent any Plaintiff seeks costs, expenses, or attorneys' fees under 28 U.S.C. § 1447(c), that request should be denied. The withdrawals of remand motions in this Court by multiple Texas plaintiffs show that cases removed from the Texas MDL could have been filed originally in federal court. That is the standard for removability under 28 U.S.C. § 1441. Fee awards are unwarranted in all but the most unusual cases. A removing party need only show that removal was objectively reasonable. *Martin* v. *Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). In light of the determination by six different federal judges of the United States District Court for the Southern District of Texas that removal was not only reasonable, but presents difficult issues, that standard easily is met.

that the Pharmacy Defendants removed from the Texas MDL and in which the plaintiff has moved to remand. These 10 cases are listed in the chart below. This consent reflects the unique circumstances facing the remaining defendants in the Texas MDL with respect to bellwether selection. The consent is intended to facilitate the defendants' ability to select bellwether cases in light of the parameters set by Judge Schaffer. It is made without waiver of the Pharmacy Defendants' position in any other case.

| Case Name | MDL Case No. |
|---|---|
| *County of Burleson* v. *Walmart Inc., et al.* | 1:20-op-45054 |
| *County of Duval* v. *CVS Health Corporation, et al.* | 1:19-op-45861 |
| *County of Jim Hogg* v. *CVS Health Corporation, et al.* | 1:19-op-46160 |
| *County of Jim Wells* v. *CVS Pharmacy, Inc., et al.* | 1:19-op-45884 |
| *County of Kleberg* v. *CVS Health Corporation, et al.* | 1:19-op-46159 |
| *County of Williamson* v. *Walgreens Boots Alliance, et al.* | 1:19-op-46161 |
| *Dallas County Hosp. Dist.* v. *Amneal Pharmaceuticals, Inc.* | 1:20-op-45142 |
| *Ellis County* v. *Walgreens Boots Alliance, Inc., et al.* | 1:19-op-45860 |
| *Harris County Hospital District* v. *McKesson Corporation, et al.* | 1:21-op-45096 |
| *Rockwall County* v. *CVS Health Corporation, et al.* | 1:19-op-45859 |

8166040.1

Dated:  March 25, 2022

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

Conor B. O'Croinin
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-0444
cocroinin@zuckerman.com

*Counsel for CVS Health Corporation, CVS Pharmacy, Inc., CVS TN Distribution, L.L.C.*


/s/ *John M. Majoras*
John M. Majoras
Benjamin C. Mizer
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com
E-mail: bmizer@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com


*Counsel for Walmart Inc.*

5

8166040.1

*s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3100
alex.harris@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc. and Walgreen Co.*