UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 17-md-2804 |
| TRACK THREE | Judge Dan Aaron Polster |

### CVS SUPPLEMENT TO TRACK 3 DEFENDANTS' ABATEMENT PLAN

CVS hereby submits this supplement to the Track 3 Defendants' Abatement Plan submitted pursuant to the Court's March 21, 2022, Order. *See* Dkt. 4319. This submission reiterates CVS's earlier abatement supplement filed on March 18, 2022 which—subject to CVS's objections—set forth the elements of an abatement plan. *See* Dkt. 4316. Plaintiffs' motion to compel did not cite, or direct the Court to, CVS's earlier submission.

The nuisance found by the jury is an "oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels." Dkt. 4176. CVS objected to the legal rulings, instructions, and jury argument that led to this verdict. They will be the subject of CVS's appeal. But subject to those objections, the way to abate the "oversupply" found under the infirm theories advanced by Plaintiffs is to provide for the removal of any excess prescription pills currently in the community and to halt any additional supply. Thus, as set out in CVS's March 18 submission and subject to all of CVS's objections and legal positions, a plan to abate the nuisance should include only (1) drug take-back and disposal efforts, which

1

CVS already performs in Lake and Trumbull Counties,[1] and (2) a prohibition on the dispensing of Schedule II prescription opioids in Lake and Trumbull Counties. An order to this effect would eliminate any "oversupply of legal prescription opioids" that could be conceivably attributable to CVS.

As set out in CVS's March 18 submission, it would not be right from a patient-care perspective, or legally, to prohibit the dispensing of medication, especially when that dispensing conforms with federal and state regulations that govern the filling of prescriptions.[2] But this is the relief that flows from the counties' infirm theories.

We understand that Plaintiffs have long expected a large monetary award as a result of the verdict. But that is not how abatement necessarily works. This Court has stated that, in a public nuisance case, the remedy usually is "for the offending party to abate the nuisance" if it is able to do so, Dkt. 2519 at 2, rather than to order payment of money to fund abatement by the plaintiff or a third party. This is the case here. Based on Plaintiffs' infirm theories, as well as the legal rulings and jury instructions to which CVS objected, the jury found there was an "oversupply" of legal prescription opioids in Lake and Trumbull Counties. An abatement order that requires drug disposal efforts of CVS and prohibits it from dispensing Schedule II prescription opioids in the two Plaintiff counties will eliminate any asserted oversupply that could conceivably flow from

---

[1] CVS has a nationwide drug take-back program, and CVS has installed drug take-back kiosks in seven of its 14 pharmacies in Lake and Trumbull Counties. *See* Dkt. 4316 n.1. In addition to the kiosks in its own pharmacies, CVS has donated additional kiosks to law enforcement departments in the counties and has offered to provide more. *Id.* CVS also offers disposal bags to patients in connection with it first-fill opioid counseling program. *Id.*

[2] Under the Court's instructions on the intentional conduct theory of public nuisance and Plaintiffs' arguments thereon, the jury was allowed to find against CVS even if it complied with all applicable laws and regulations. CVS objected to these instructions and the legal theories they reflected. This is just one of the many objections CVS maintained to the public nuisance claim as advanced by Plaintiffs and applied by the Court.

CVS. That these abatement elements do not correspond to Plaintiffs' theories does not warrant sanctions.

Again, CVS does not believe it would be right to prohibit the dispensing of medication that is prescribed for a patient by a licensed physician, but that is the consequence of the counties' theories. CVS objected to these theories, and its objections were overruled.

This submission supplements, and is in addition to, the Track 3 Defendants' Abatement Plan.

Dated: March 28, 2022

Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*