**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The Government of Puerto Rico v. Teva Pharmaceutical Industries, Ltd. et al.,*<br>Case No. 1:22-op-45007 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**THE GOVERNMENT OF PUERTO RICO'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUST COSTS AND ACTUAL EXPENSES**

Plaintiff the Government of Puerto Rico ("the Government" or "Puerto Rico") respectfully submits this Memorandum in Support of its Motion for Just Costs and Actual Expenses, pursuant to 28 U.S.C. § 1447(c). Puerto Rico sued the Defendants, all of whom are entities in the Teva and Allergan/Actavis corporate families, in San Juan Superior Court, where this action belongs, and where it has now returned after remand. Puerto Rico's Complaint asserted four causes of action, all based exclusively on Puerto Rico law. Despite the absence of a federal claim, Actavis Laboratories FL (the "Actavis Defendants" or "Actavis") improperly removed the case to the U.S. District Court for the District of Puerto Rico, purportedly invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. After the case was transferred to this Court, and on the day its opposition brief was due, Actavis consented to remand – only after failing to secure an eleventh-hour deal to stay the case. The simple fact is that Actavis had no colorable basis for removing this case. This Court should not countenance Defendants' transparent delay ploy.

1

I.    BACKGROUND

On August 27, 2021, the Government of Puerto Rico sued the Defendants in San Juan Superior Court. That is where this action properly belonged -- and belongs. The Complaint asserts four causes of actions, all of which are based *exclusively* on Puerto Rico law. The Government pleads claims for statutory public nuisance (¶¶ 201-219); statutory negligence/fault (Article 1802 of the Puerto Rico Civil Code) (¶¶ 220-240); violations of the Puerto Rico Fair Competition Act (¶¶ 241-252); and unjust enrichment (¶¶ 253-262).[1]

On November 11, 2021, Actavis filed a Notice of Removal. Dkt. No. 1. On November 23, 2021, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order, transferring the case to the MDL. On November 24, 2021, the Government filed a motion to remand to the Puerto Rico District Court. On December 15, 2021, the Government filed a Motion to Vacate the Conditional Transfer Order, and on January 5, 2022, the Defendants filed a Response to the Government's Opposition to Vacate the CTO. On February 1, 2022, the JPML transferred this case to the MDL, and the Government immediately filed a motion for remand in the MDL.

On Tuesday, March 8, 2022, the very day its opposition brief was due, counsel for the Actavis Defendants emailed counsel for the Government, asking that the Government agree to stay the case in exchange for the Actavis Defendants agreeing to remand. *See* **Ex. A**. Counsel for the Government rejected the request. *See* **Ex. B**. Later that day, the Actavis Defendants filed a Notice of Consent to Remand (*See* **Ex. C**), seven months after the Government filed its Complaint, and four months after the Actavis Defendants improvidently removed this case.

Similar actions against opioid manufacturers, including various Actavis entities, that share common counsel, are proceeding in state courts in Ohio, West Virginia, Kentucky, Rhode Island,

---

[1] References to "¶ _" are to paragraphs of the Complaint, attached as Ex. K.

Florida, Georgia, Illinois, Hawaii, Mississippi, Louisiana, and Nevada. To the Government's knowledge, the Actavis Defendants never removed those cases. For example, on March 31, 2021, the State of Alaska named Actavis as a defendant, and the Actavis Defendants did not remove that case, although it was filed less than six months prior to the Government filing its Complaint. *See State of Alaska v. Teva Pharmaceutical Industries LTD, et al.*, CASE NO. 3AN-21-05207 CI. There was never a proper basis for removal here, and the selective treatment of Puerto Rico was, and continues to be, inexplicable and unfounded as a matter of law.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). Additionally, federal courts have recognized that the District Court has jurisdiction to award fees and costs following an order of remand. *See Moore v. Permanente Med. Grp., Inc.,* 981 F.2d 443 (9th Cir. 1992) (finding that (1) the district court had jurisdiction to award attorney fees and costs following order of remand; (2) attorney fees may be awarded for improper removal, even absent finding of bad faith; and (3) district court did not abuse its discretion in awarding attorney fees.) *See also Stallworth v. Greater Cleveland Reg'l Transit Auth.,* 105 F.3d 252, 257 (6th Cir. 1997) ("We find *Moore* to be persuasive, and join it in holding that a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order.")

## III. ARGUMENT

### A. ACTAVIS' BASELESS REMOVAL MEETS THE STANDARD OF SANCTIONS UNDER *MOORE*

Actavis' conduct in this case is a textbook example of when an award of attorney fees and costs is warranted pursuant to *Moore.* 981 F.2d 443. First, this Court has jurisdiction to award

3

attorney fees and costs as the Court to which the Actavis Defendants baselessly removed this case and thereafter consented to remand. Although bad faith is not a requirement under *Moore*, the Actavis Defendants do not appear to have acted in good faith here. Beyond the fact that Actavis had never sought removal in multiple opioids-related cases brought by State Attorneys General, Actavis did not make even a perfunctory attempt to defend its decision to remove here – instead choosing to capitulate, and consent to remand, on the very day its brief was due. Indeed, Actavis' conduct on that day betrayed its true intentions. Since they could no longer continue to delay the case before this Court, Actavis sought an agreement from the Government to stay the case *in the Puerto Rico court* as a condition to securing Actavis' consent to remand.

The Government rejected Actavis' request. Actavis consented to remand anyway.

**B. ACTAVIS REMOVED THIS CASE FOR THE SOLE PURPOSE OF CAUSING DELAY.**

Actavis' decision to remove this case was a transparent attempt at delay that in fact caused a needless four-month delay, deferred discovery, and engaged the Government and its counsel in needless work.  As Actavis knew or reasonably should have known, this Court rejected the same unfounded removal gambit by Walgreens in a case brought by the Commonwealth of Kentucky. *See Commonwealth of Kentucky et al. v. Walgreens Boots Alliance, Inc. et al.*, No. 1:18-op-46311, Dkt. 13 (N.D. Ohio Jan. 14, 2019), *later withdrawn as moot, see Commonwealth of Kentucky et al. v. Walgreens Boots Alliance, Inc. et al.*, No. 1:18-op-46311, Dkt. 15 (N.D. Ohio Jan. 17, 2019); *see also In re: National Prescription Opiate Litig.*, Case No. 1:17-MD-2804 Dkt. 899 (N.D. Ohio Aug. 23, 2018) (remanding action by Montana against opioid manufacturer).

Further, the Actavis Defendants were aware that this Court consistently has recognized the right of Attorneys General to pursue their own actions in their state courts and further admonished that it "has already recognized that **it has no jurisdiction over state cases filed by state attorneys general**." *In re: National Prescription Opiate Litig.*, MDL 2804, 2019 WL 180246 at *2 (N.D.

4

Ohio Jan. 14, 2019) (emphasis added); *see also* MDL 2804 Doc. 94 (January 24, 2018 Order).[2] Actavis removed the case anyway.

Consistent with this Court's prior rulings, the Actavis Defendants knew or should have known that there is an expansive body of authority that has roundly rejected similar attempts to delay through improvident removals. *See, e.g.*, Order, *Oklahoma, ex rel., Hunter v. Purdue Pharma L.P.*, No. 5:18-cv-00574-M (W.D. Okla. Aug. 3, 2018), ECF No. 53 (attached as **Ex. D**) *New Mexico, ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242 (D.N.M. June 12, 2018); *Delaware, ex rel. Denn, Att'y Gen. v. Purdue Pharma L.P.*, 2018 WL 1942363 (D. Del. Apr. 25, 2018); Mem. Op. & Order, *West Virginia v. McKesson Corp.*, No. 2:17-cv-03555 (S.D.W. Va. Feb. 15, 2018), ECF No. 21 (attached as **Ex. E**); *West Virginia ex rel. Morrisey v. McKesson Corp.*, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2017); *Fayetteville Ark. Hosp. Co. v. Amneal Pharms., LLC*, 2020 WL 2521515, at *2 (W.D. Ark. May 18, 2020); *Cnty. of Kern v. Purdue Pharma L.P.*, 2019 WL 3310668 (E.D. Cal. July 23, 2019); (attached as **Ex. F**);*City of El Monte v. Purdue Pharma L.P.*, No. 2:19-cv-03588-JFW-PLA (C.D. Cal. June 18, 2019), ECF No. 38 (attached as **Ex. G**); *Dinwiddie Cnty., Va. v. Purdue Pharma, L.P.*, 2019 WL 2518130 (E.D. Va. June 18, 2019); *Dunaway v. Purdue Pharma L.P.*, 2019 WL 2211670 (M.D. Tenn. May 22, 2019); Mem. Op. & Order, *Cnty. Bd. of Arlington Cnty. v. Purdue Pharma, L.P.*, No. 1:19-cv-00402 (E.D. Va. May 6, 2019), ECF No. 63 (attached as **Ex. H**); Order on Mot. to Remand & Mot. to Stay, *City of Boston v. Purdue Pharma L.P.*, No. 1:18-cv-12174 (D. Mass. Jan. 29, 2019), ECF No. 32 (attached as **Ex. I**); *Tucson Med. Ctr. v. Purdue Pharma LP*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018); *City of Reno v. Purdue Pharma, L.P.*, 2018 WL 5730158

---

[2] The MDL Court uniformly has remanded all Attorney General actions transferred to the MDL. The lone exception is the State of Idaho's AG-led case, which the Idaho Attorney General chose to file in federal court in the first place. The State of Alabama also filed its AG-led case originally in federal court, but thereafter voluntarily dismissed it, after the MDL court questioned its jurisdiction over the case.

5

(D. Nev. Nov. 2, 2018); Order, *Cnty. of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18-cv-01947 (D.S.C. Aug. 20, 2018), ECF No. 44 (attached as **Ex. J**); *Weber Cnty. v. Purdue Pharma, L.P.*, 2018 WL 3747846 (D. Utah Aug. 7, 2018); *Uintah Cnty. v. Purdue Pharma, L.P.*, 2018 WL 3747847 (D. Utah Aug. 7, 2018); *City of Granite City. v. AmerisourceBergen Drug Corp.*, 2018 WL 3408126 (S.D. Ill. July 13, 2018); *see also In re Nat'l Prescription Opiate Litig.*, MDL 2804, 2018 WL 4019413 (N.D. Ohio Aug. 23, 2018).

Given the extensive body of legal authority *on this very issue*, coupled with the Actavis Defendants' own questionable actions on the day its brief was due, there is ample basis to conclude that the Actavis Defendants improperly removed the case solely for the purpose of delay. This Court should not condone such gamesmanship. The Court should enter an Order requiring the Actavis defendants to pay "just costs and any actual expenses, including attorney fees incurred as a result of the removal." 28 U.S.C. § 1447(c).

### C. CONCLUSION

The Government of Puerto Rico respectfully requests that this Court enter an Order awarding the Government "just costs and any actual expenses, including attorney fees incurred as a result of the removal," 28 U.S.C. § 1447(c), and any other relief as may be just and appropriate.

Respectfully Submitted this 29th day of March 2022.

        **HON. DOMINGO EMANUELLI**
        **ATTORNEY GENERAL**
        **PUERTO RICO DEPARTMENT OF JUSTICE**
        **GOVERNMENT OF PUERTO RICO**
        P.O. Box 9020192
        San Juan, Puerto Rico 00902-0192
        Tel: (787) 721-2900

        s/Linda Singer
        Linda Singer
        David Ackerman
        Sara Aguiñiga

*Pro Hac Vice To Be Submitted*
**MOTLEY RICE LLC**
401 9th Street, NW
Suite 630
Washington, DC 20004
Tel. (202) 386-9626
Fax (202) 386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com
saguiniga@motleyrice.com

s/Andrés W. López
Andrés W. López
USDC-PR No. 215311
**THE LAW OFFICES OF**
**ANDRÉS W. LÓPEZ, P.S.C.**
P.O. Box 13909
San Juan, PR 00908
Tel. (787) 294-9508
andres@awllaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March 2022, I caused the foregoing document to be electronically filed with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/Linda Singer
Linda Singer