**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION | MDL 2804 |
| OPIATE LITIGATION | Case No. 17-md-2804 |
| *This document relates to:* | Hon. Dan Aaron Polster |
| Track Three Cases | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' JOINT BRIEF REGARDING SELECT LEGAL ISSUES FOR REMEDIES PHASE**

Plaintiffs hereby seek leave to file a short sur-reply in opposition to the Track 3 Defendants' Joint Brief Regarding Select Legal Issues for Remedies Phase.  The sur-reply that Plaintiffs seek leave to file is attached as Exhibit A.

Defendants' reply, which is longer than their opening brief, somewhat mischaracterizes the arguments made by Plaintiffs in their opposition and also raises a new argument.  Specifically, in discussing their assertion that the Seventh Amendment requires a jury to decide the remedy in this case, Defendants state that "Plaintiffs' whole argument to the contrary depends on their contention that '[t]he request for an abatement fund is equitable,' both historically and currently."  Dkt. #4342 (Ds' Reply) at p. 20.  Certainly, Plaintiffs argued at length in their opposition that the abatement remedy they seek is equitable and, thus, Defendants have no Seventh Amendment right to have a jury decide that issue.  Dkt. #4321 (Ps' Opp.) at § IV.A.  But Plaintiffs also argued that this Court has previously resolved this particular issue and that Defendants had not even attempted in their original brief to explain why reconsideration was warranted.  *Id*. at § I.  In their reply, Defendants do not address this argument as it pertains to the right to a jury trial; however, elsewhere in their reply, they note that "[t]his Court, of course, has the ability to modify its past interlocutory decisions[.]"  Dkt. #4342 (Ds' Reply) at p. 14.

Thus, Defendants appear to be arguing in their reply that this Court can simply modify any of its past rulings (including, presumably, its ruling that Defendants are not entitled to a jury trial for the abatement phase of the Track 3 cases), despite the fact that Defendants utterly failed to

satisfy their burden to demonstrate that reconsideration of those rulings is warranted.  Plaintiffs'

proposed sur-reply merely seeks to respond to this new argument by pointing out that even if the

Court has the ability to modify its past interlocutory decisions as a general matter, it should not do

so with respect to its ruling that Defendants are not entitled to a jury trial in the Track 3 abatement

phase because, in addition to the arguments set forth in Plaintiffs' opposition, Defendants have

waived any purported right to a jury trial in the Track 3 cases by failing to timely object to this

Court's prior ruling.  *See* Ex. A.  For these reasons, good cause exists to allow Plaintiffs to file

their sur-reply.  *See, e.g., NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835–36 (S.D. Ohio 2019)

(good cause to file a sur-reply exists "where the reply brief raises new grounds that were not

included in movant's initial motion" or "where a party seeks to 'clarify misstatements' contained

in the reply brief") (citation omitted).

Dated:  April 4, 2022

Respectfully submitted,

*/s/ Jayne Conroy*
Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

*/s/ Joseph F. Rice*
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
M. Michelle Carreras
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com
mca@lanierlawfirm.com

*Trial Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216)
861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

3

Hunter J. Shkolnik
Salvatore C. Badala
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088, Ext. 2007
hunter@napolilaw.com
sbadala@napolilaw.com

*Counsel for Plaintiffs Lake County and*
*Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger