# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>Track Three Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS'
JOINT BRIEF REGARDING SELECT LEGAL ISSUES FOR REMEDIES PHASE**

In their reply, Defendants state that Plaintiffs' "whole argument" against Defendants being entitled to a jury trial for the abatement phase of these cases "depends on their contention that '[t]he request for an abatement fund is equitable,' both historically and currently." Dkt. #4342 (Ds' Reply) at p. 20. Certainly, Plaintiffs argued at length in their opposition that the abatement remedy they seek is equitable and, thus, Defendants have no Seventh Amendment right to have a jury decide that issue. Dkt. #4321 (Ps' Opp.) at § IV.A. But Plaintiffs also argued that this Court has previously resolved this particular issue and that Defendants had not even attempted in their original brief to explain why reconsideration was warranted. *Id*. at § I. In their reply, Defendants fail to address this argument. Dkt. #4342 (Ds' Reply) at § III.

However, Defendants do state elsewhere in their reply that "[t]his Court, of course, has the ability to modify its past interlocutory decisions[.]" *Id*. at p. 14. Defendants appear to be arguing that this Court can simply modify any of its past rulings (including, presumably, its ruling that Defendants are not entitled to a jury trial for the abatement phase of the Track 3 cases), despite the fact that Defendants utterly failed to satisfy their burden to demonstrate that reconsideration of those rulings is warranted. This argument should be rejected, particularly as to the jury right issue. Even putting aside that Defendants fail to provide any new arguments or controlling precedent explaining why this Court should reverse its prior ruling that Defendants are not entitled to a jury

1

trial on nuisance abatement,[1] reversal is further unwarranted here where Defendants have waived any purported right to a jury trial in the Track 3 cases by failing to timely object to this Court's prior ruling on this issue.

The Track 3 cases were designated as bellwether cases on April 30, 2020. Dkt. #3282 (CT3 Order). On December 9, 2020, the Court entered its Order Regarding Apportionability and Apportionment, stating:

> The Court issues this order now, however, to make clear that, if the jury finds a defendant is liable for public nuisance, then ***the Court*** will determine: (i) whether the harm is divisible and may be apportioned; and (ii) if so, what the apportionment will be. The parties should prepare for evidentiary presentations during the two phases of trial accordingly.

Dkt. #3579 (CT3 Apportionment Order) at p. 2 (emphasis in original).[2] Significantly, Defendants neither objected to, nor sought reconsideration of, the Court's 12/9/20 Apportionment Order. Nor did they raise any objections related to this issue during the various Track 3 status conferences that followed the entry of this order. *See, e.g.*, Dkt. #3612 (1/13/21 Status Conf. Tr.) at 4:13-22 ("THE COURT: . . . . I didn't have anything else really other than setting a date of our February meeting. I didn't see anything, any real action item that anyone was raising that needed my attention. But if anyone has got something, they can bring it forth now. (No response.) THE COURT: Okay. Well, I'm glad we had it. I think it is a good idea to have these monthly meetings because it gives everyone an opportunity to raise anything."); Dkt. #3627 (2/10/21 Status Conf. Tr.) at 6:25 - 7:4 ("THE COURT: . . . . So is there anything that anyone wants to bring up -- if they want to bring up? MR. STOFFELMAYR: Judge, Kaspar Stoffelmayer for the

---

[1] Plaintiffs continue to maintain that this Court correctly decided that Defendants have no right to have a jury decide the abatement remedy sought by Plaintiffs in this case because it is an equitable remedy for the Court to decide. Dkt. #4321 (Ps' Opp.) at § IV.A.

[2] *See also id.* at pp. 3-4 ("[T]he quintessential questions ***for the jury*** in this case are: (i) whether a public nuisance exists; and (ii) if so, was any defendant a substantial factor in causing it? If the answers are yes, then it is ***for the Court*** to decide all matters connected to abatement . . .") (emphasis in original), p. 5 ("[I]t is clear that questions related to equitable abatement, including divisibility and apportionment of the costs of abatement, may be and should be determined by the Court.").

2

Case: 1:17-md-02804-DAP Doc #: 4348-1 Filed: 04/04/22 4 of 7. PageID #: 575729

defendants. Not from our side. Thank you."); Dkt. #3654 (3/10/21 Status Conf. Tr.) at 5:11-12, 22:8-11 (despite Court referencing separate bench trial in passing, Defendants raised no objection related to same; "THE COURT:. . . . Anything else that anyone wanted to bring up? MR. STOFFELMAYR: Not today for the Defendants."). Dkt. #3685 (4/7/21 Status Conf. Tr.); Dkt. #3723 (5/7/21 Status Conf. Tr.); Dkt. #3753 (6/2/21 Status Conf. Tr.); Dkt. #3785 (7/7/21 Status Conf. Tr.).[3]

It is well established that even where "the right to a jury trial is guaranteed by the Constitution, [such right,] 'like other constitutional rights, can be waived by the parties.'" *Sewell v. Jefferson Cty. Fiscal Ct.*, 863 F.2d 461, 464 (6th Cir. 1988) (citation omitted). And the Sixth Circuit has held that a party's failure to timely object to an order stating that a particular matter would be determined by bench trial constitutes a waiver of the party's right to trial by jury. *Id.* at 463-66 (plaintiff waived right to jury trial by failing to object to court's order removing case from jury trial docket for nearly four months). *See also Mensah v. Shepard*, 945 F.2d 404, 1991 WL 193751, at *1 (6th Cir. 1991) (unpublished) ("A litigant waives his or her right to a jury trial, even after making a timely demand for a jury trial, by failing to object to a district court's written pretrial order providing for a bench trial."); *Swift v. Cty. of Muskegon*, 898 F.2d 154, 1990 WL 25806, at *1 (6th Cir. 1990) (unpublished) (same); *G.G. Marck & Assocs., Inc. v. Peng*, No. 305CV7391, 2010 WL 3893454, at *2 (N.D. Ohio Sept. 27, 2010) ("The Sixth Circuit has held on at least two occasions that failure to object to a court order establishing a bench trial is waiver of the right to trial by jury.") (citation omitted), *aff'd sub nom. on other grounds*, *G.G. Marck & Assocs., Inc. v. N. Am. Invs., Corp.*, 465 F. App'x 515 (6th Cir. 2012); *Transmatic, Inc. v. Gulton Indus., Inc.*, 835 F. Supp. 1026, 1027-28 (E.D. Mich. 1993) (same), *aff'd,* 53 F.3d 1270, 1278 (Fed. Cir. 1995). Here, Defendants failed to timely object to this Court's ruling that the Track 3 abatement phase

---

[3] Additionally, on May 19, 2021, the Court entered its Second Revised Case Management Order for Track Three (Dkt. #3735), in which the separate abatement phase of the Track 3 trial was referenced. Specifically, the Court noted that "[a]ny expert previously disclosed that will testify only during a potential abatement phase of the Track 3 trial will not be deposed at this time[.]" *Id*. at pp. 1-2. Defendants filed no objection to this revised CMO.

3

would be tried by the Court.  Thus, even if they originally had a right to have the jury decide that issue (which they did not), they have waived such right.  There is no basis for the Court to modify its prior ruling.

Dated:  April 4, 2022

Respectfully submitted,

/s/ Jayne Conroy
Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

/s/ Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
M. Michelle Carreras
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

4

mca@lanierlawfirm.com

*Trial Counsel*

/s/ *Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113 (216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088, Ext. 2007
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                                   */s/Peter H. Weinberger*
                                                   Peter H. Weinberger