No. 22-3107

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 05, 2022
DEBORAH S. HUNT, Clerk

In re: NATIONAL PRESCRIPTION OPIATE )
LITIGATION )
)  O R D E R
In re: WALMART, INC., et al., )
)
    Petitioners. )

Before: SILER, CLAY, and DONALD, Circuit Judges.

Following a jury trial in this multidistrict litigation, several retail pharmacies ("the Pharmacies") were found liable for contributing to a public nuisance by oversupplying prescription opioids and diverting these opioids into the illicit market. The Pharmacies petition for a writ of mandamus, asking us to compel the district court to: (1) enter judgment as a matter of law in their favor; (2) order a new trial; or (3) certify for interlocutory appeal under 28 U.S.C. § 1292(b) its rulings that the Ohio Product Liability Act does not abrogate the public nuisance claims against them and that juror misconduct did not warrant a mistrial.

The writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (cleaned up). "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Id.* (internal quotation marks and citations omitted). "First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief [it] desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* at 380–81 (first alteration in original) (internal

quotation marks and citations omitted). "Second, the petitioner must satisfy the burden of showing that [its] right to issuance of the writ is clear and indisputable." *Id.* at 381 (internal quotation marks and citation omitted). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citation omitted).

The Pharmacies do not clear the first hurdle. An abatement hearing is scheduled for May 2022 and, in its recent order denying § 1292(b) certification, the district court stated that a final judgment will closely follow. Because the Pharmacies can raise the identified issues in an appeal from the upcoming final judgment, they have another adequate means to relief.

In arguing to the contrary, the Pharmacies suggest that a final judgment cannot be entered until certain additional claims are adjudicated, and that they will face pressure to settle in the interim. But, as the Pharmacies acknowledge, these additional claims were severed from the public nuisance claims at issue here. "*Severing* [] claims 'creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability.'" *Kitchen v. Heyns*, 802 F.3d 873, 874 (6th Cir. 2015) (emphasis in original) (quoting *Gaffney v. Riverboat Servs. Ind., Inc.*, 451 F.3d 424, 441 & n.17 (7th Cir. 2006)). Finally, to the extent that the Pharmacies seek to avoid the expense of an abatement hearing, "[c]osts alone will not justify mandamus." *In re Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 606 F.3d 855, 867 (6th Cir. 2010) (citing *In re Mechem*, 880 F.2d 872, 874 (6th Cir. 1989)).

Accordingly, the petition for a writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk