IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All West Virginia Cases* | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

**OPPOSITION OF SETTLING DISTRIBUTORS TO "MOTION TO EXTEND DEADLINE FOR FILING SUPPLEMENTAL PLAINTIFF FACT SHEETS BY WV MDL GOVERNMENTAL SUBDIVISIONS"**

In their Motion (Doc. No. 4345) ("Mot."), "Moving Plaintiffs"—*i.e.*, all "West Virginia subdivisions with cases pending in this MDL"—request what is essentially an indefinite extension of the deadlines for filing supplemental Plaintiff Fact Sheets, Summary Expert Reports and verifying Affidavits established by this Court's July 23, 2021 Case Management Order Applicable to Cases of "Non-Participating Subdivisions" Asserting Claims Against Settling Defendants (Doc. No. 3795) ("July 23 CMO"), as amended.  While Moving Plaintiffs recite that their Motion is "unopposed," they neither sought nor received consent from the Settling

Distributors.[1]  For the reasons set forth herein, the Motion should be denied insofar as it pertains to the claims asserted against Settling Distributors.[2]

## PROCEDURAL HISTORY

The July 23 CMO applies a series of requirements to "non-participating subdivisions"—*i.e.*, those subdivisions that are not participating in the global settlements with J&J and Settling Distributors, respectively.  Exercising the Court's authority as an MDL Court, the July 23 CMO required subdivision plaintiffs in any cases that remain after the settlement to file supplemental Plaintiff Fact Sheets and summary expert reports identifying certain basic information and documentation that will be needed for the evaluation, litigation, and disposition of those claims.

On December 13, 2021, the Court entered an Order Clarifying the Court's July 23, 2021, Case Management Order Applicable to Cases of "Non-Participating Subdivisions" (Doc. No. 4192) ("December 13 Order"), in which it denied a motion by a political subdivision—Clark County, Nevada—located in a state that was not (then) participating in the Distributor Settlement.[3]  In its motion, Clark County sought relief from the requirements of the July 23 CMO on the ground that it was "not eligible to participate in the Settlement Agreements." December 13 Order, at 1.  The Court, however, explained that compliance with the July 23 CMO by litigating government plaintiffs would "assist the Court to determine those cases that should

---

[1] "Settling Distributors" are AmerisourceBergen Corporation, McKesson Corporation, and Cardinal Health, Inc., together with their Released Entities, as set forth in the Distributor Settlement.  The "Distributor Settlement" is the Settlement Agreement, dated July 21, 2021, entered into between and among Settling Distributors and certain states.

[2] Settling Distributors take no position regarding any agreement between Moving Plaintiffs and Johnson & Johnson ("J&J") to defer the filing of any portions of Moving Plaintiffs' responses that pertain only to their claims against J&J.  Settling Distributors understand from email correspondence following the filing of this motion that J&J had in fact agreed to only a short deferral of the deadline, not the indefinite extension sought in the Motion.

[3] On January 4, 2022, the State of Nevada elected to participate in the Distributor Settlement.

be dismissed, streamline those that will go forward," and put "defendants on notice of the essential details of the claims that remain."  December 13 Order, at 2-3.  The Court therefore made clear that the July 23, 2021 CMO "***does apply*** to government subdivisions" located within states that are not participating in the Distributor Settlement.  *Id.* at 3 (emphasis in original).

On February 25, 2022, in light of the Settling Distributors respective determinations to proceed with the settlement, the Court clarified the deadlines for (i) supplemental Plaintiff Fact Sheets to be April 26, 2022; (ii) summary expert reports to be May 26, 2022, and (iii) verifying Affidavits to be June 27, 2022.

On April 1, 2022, Moving Plaintiffs filed the instant Motion, seeking an extension of the deadlines set forth in the July 23 CMO until 60 days after entry of a final judgment in West Virginia state-court litigation involving the West Virginia Attorney General and J&J, which is proceeding as a bench trial.  Moving Plaintiffs are not parties to that action, but represent that their "attorneys . . . are assisting the West Virginia Attorney General in preparation for this trial against Johnson & Johnson," such that their "resources would not be best served by" timely compliance with the July 23 CMO.  Mot. 2-3.  While Moving Plaintiffs represented that their motion was "unopposed," they neither sought nor obtained the consent of the Settling Distributors.

**ARGUMENT**

Moving Plaintiffs' Motion does not identify any basis for relief from the requirements of the July 23 CMO (as clarified and amended) applicable to their claims against Settling Distributors.  While the Motion identifies an "intra-state West Virginia Memorandum of Understanding" regarding claims involving manufacturer defendants and the possibility of a statewide settlement with J&J that would "obviat[e] the need to comply" with the July 23 CMO

3

as to J&J, neither the referenced MOU nor the possibility of a settlement with J&J has any bearing on the Moving Plaintiffs' claims against Settling Distributors or other defendants in these cases.

This Court has already determined that the submission of Plaintiff Fact Sheets—which are a well-accepted and important tool in the arsenal of an MDL Court, promoting the early disclosure of information needed to evaluate, negotiate, and, if necessary, litigate the claims of large numbers of claimants—is appropriate in this MDL.[4]  And there is no reason why West Virginia political subdivisions should be treated any differently than other MDL government plaintiffs in this regard.  To the extent Moving Plaintiffs wish to continue pursuing their claims, the information and documentation required to be provided under the July 23 CMO is just as important for them as for any other subdivision plaintiff that will continue to litigate.

Indeed, this Court has *already* held that the requirements of the July 23 CMO apply to government plaintiffs irrespective of whether they are able to participate in the Distributor Settlement.  In denying Clark County's motion, the Court made clear that "the CMO's various discovery requirements" apply to "*all* political subdivisions," including political subdivisions— like those in West Virginia—that are "not eligible to participate" in the Distributor Settlement.  *See* December 13 Order, at 1-2 (emphasis in original).  That holding should be dispositive here.

---

[4] This tool is particularly important here, where there is an immense imbalance of information between the parties.  Moving Plaintiffs already have access to complete national discovery of Settling Distributors taken in both Track 1 and Track 2, which has been supplemented by extensive additional discovery taken in other cases across the country and produced into the MDL pursuant to Discovery Ruling 22.  Defendants, in contrast, have very little information about these plaintiffs.  The July 23 CMO does not resolve that imbalance, but it ensures that some of the most critical information needed to evaluate these claims is available to all parties before any further proceedings occur.

Any suggestion by Moving Plaintiffs that the terms of the Distributor Settlement relating to West Virginia compel a different result here would be unavailing.  For current purposes, it is of no moment that West Virginia is treated differently from other states under the Distributor Settlement—which was necessitated by the fact that each of the Settling Distributors had already settled with the State of West Virginia.  Rather, as this Court has itself explained, the essential purpose of Plaintiff Fact Sheets and the other obligations imposed by the July 23 CMO is to facilitate the prompt and efficient resolution of all claims remaining in federal court.  *See* December 12 Order, at 2-3.  And that purpose applies with full force to the claims asserted by the Moving Plaintiffs.[5]

Moving Plaintiffs may argue that they should be relieved of the burden of timely compliance with the July 23 CMO in light of a West Virginia state court trial involving Settling Distributors that is set to commence in July 2022, but any such argument would miss the mark.  First, none of the Moving Plaintiffs is a party to that state court litigation or has been required to provide any discovery in that proceeding.  Second, Moving Plaintiffs have already been given nine (9) months to comply with the terms of the July 23 CMO, and their motion identifies no reason why that was not more than enough time for counsel to assemble their responses.  Finally, a substantial further extension would undermine Moving Plaintiffs' stated goal of advancing a comprehensive settlement of the claims of all West Virginia government plaintiffs because the information required under the July 23 CMO could be important to Settling Distributors (and other parties) in evaluating Moving Plaintiffs' claims.  Settling Distributors therefore respectfully

---

[5] For this reason, should the Court conclude that the terms of the July 23 CMO were ambiguous in this regard, the Court should clarify that its requirements apply to *all* political subdivisions with claims against Settling Distributors in federal court, including those located in the State of West Virginia.

submit that the goal of settlement would be best served by the prompt, timely service of the information required under the July 23 CMO.

## CONCLUSION

Exempting West Virginia subdivisions from the requirement of timely compliance with the July 23 CMO would be inconsistent with its purpose in managing and resolving the cases that will remain active in this MDL. Moving Plaintiffs' Motion should, accordingly, be denied.

| | |
|---|---|
| Dated: April 12, 2022 | Respectfully Submitted, |
| /s/ Mark H. Lynch<br>Geoffrey E. Hobart<br>Mark H. Lynch<br>Christian J. Pistilli<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001<br>Tel: (202) 662-5281<br>ghobart@cov.com<br>mlynch@cov.com<br>cpistilli@cov.com<br><br>*Counsel for Defendant McKesson Corporation* | /s/ Robert A. Nicholas<br>Robert A. Nicholas<br>Shannon E. McClure<br>REED SMITH LLP<br>Three Logan Square<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br>Tel: (215) 851-8100<br>Fax: (215) 851-1420<br>rnicholas@reedsmith.com<br>smcclure@reedsmith.com<br><br>*Counsel for Defendant AmerisourceBergen Drug Corporation*<br><br>/s/ Enu Mainigi<br>Enu Mainigi<br>Ashley W. Hardin<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street NW<br>Washington, DC 20005<br>Tel: (202) 434-5000<br>Fax: (202) 434-5029<br>emainigi@wc.com<br>ahardin@wc.com<br><br>*Counsel for Defendant Cardinal Health, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing *Opposition of Settling Distributors to "Motion to Extend Deadline for Filing Supplemental Plaintiffs Fact Sheets by WV MDL Governmental Subdivisions"* was sent by the Court's electronic case filing system this 12th day of April, 2022, and served upon all those participating therein.

/s/ *Mark H. Lynch*
Mark H. Lynch