IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

MDL No. 2804

This document relates to:  Hon. Judge Dan A. Polster

*All West Virginia Cases*

### PLAINTIFFS' REPLY TO OPPOSITION OF SETTLING DISTRIBUTORS TO MOTION TO EXTEND DEADLINE FOR FILING SUPPLEMENTAL PLAINTIFF FACT SHEETS BY WV MDL GOVERNMENTAL SUBDIVISIONS

The Settling Distributors have no standing to oppose (Doc. #4354) the request by the West Virginia Plaintiffs (Doc. #4345) to extend the deadline for supplemental Plaintiff Fact Sheets (Doc. #3795) arising out of the Janssen settlement.  If the Settling Distributors believe they too are entitled to supplements, then the correct action is to file an original motion.

West Virginia Plaintiffs respectfully submit they owe the Settling Distributors nothing under the July 23 CMO (Doc. #3795) which expressly defines a "Non-Participating Subdivision" as "an eligible Subdivision that chooses not to participate in the Settlement Agreements."  The West Virginia Plaintiffs are ***not eligible*** to participate in the *Distributor Settlement Agreement*[1] and are differently situated than prior movants requesting a deadline extension. (Doc. #4192, Doc. #4343).

The entire State of West Virginia was expressly and purposefully carved out of the *Distributor Settlement Agreement* by the Settling Distributors.  The terms of the Distributor Settlement Agreement acknowledge:

---

[1] See https://nationalopioidsettlement.com/wp-content/uploads/2022/03/Final_Distributor_Settlement_ Agreement_3.25.22 _ Final.pdf (last accessed April 14, 2022).

1. **West Virginia is excluded from the definition of "State":**

    "*State.*" With the exception of West Virginia, which has addressed its claims separately and is excluded from participation in this Agreement, the states, commonwealths, and territories of the United States of America, as well as the District of Columbia. The 55 States are listed in Exhibit F. Additionally, the use of non-capitalized "state" to describe something (e.g., "state court") shall also be read to include parallel entities in commonwealths, territories, and the District of Columbia (e.g., "territorial court"). See ¶TTT, Definitions, p. 10.

2. **West Virginia is excluded from the "Most-Favored-Nation Provision":**

    This Section XIV.E does not apply to, and there is no ability of any Settling State to seek or obtain revision of this Agreement based on, any agreement between a Settling Distributor and (a) federally-recognized tribe(s) or (b) West Virginia subdivisions or (c) Non-Participating Subdivisions. This Section XIV.E will not apply to any agreement entered into more than eighteen (18) months after the Reference Date. See ¶E.5 Most-Favored-Nation Provision.—Settling States, p. 56.

3. **West Virginia is not included in the Participation Tier determination:**

    For the sole purpose of the Participation Tier determination under this Exhibit H, the States used to calculate each criterion (including the Percentage of Litigating Subdivisions and Percentage of Non-Litigating Subdivisions) will include each of the 50 states in the United States, except West Virginia, for a total of 49 states. For the avoidance of doubt, notwithstanding the definition of "State" in Section I.TTT or Exhibit F, neither Washington, D.C., nor any territory of the United States will be included for purposes of determining the participation tier under this Exhibit H. See Exhibit H, fn.3, p. H-1.

There is an obvious disconnect between litigation counsel and settlement counsel for the Settling Distributors. There never was, nor will there ever be, an offer from the Settling Distributors to West Virginia to participate in the *Distributor Settlement Agreement*. Both the Settling Distributors as well as the state attorneys general prohibited West Virginia governmental entities (state court and federal court) from participation in the national settlement. Settling Distributors' call for West Virginia Plaintiffs to supplement fact sheets as a "non-participating subdivision" rubs salt in the wound and defeats the "intended result." December 13 Order (Doc.

4192) ("The Settlement Agreements were designed to incentivize political subdivisions to put political pressure on one another as well as on their States to maximize participation in the global settlements.")

Moreover, there remain twelve (12) cases[2] in MDL 2804 with pending motions to remand:

| | | |
|---|---|---|
| City of Chapmanville | 1:17-op-45055-DAP | (Doc. #15) |
| Clay County | 1:18-op-45670-DAP | (Doc. #4) |
| City of Gilbert | 1:17-op-45059-DAP | (Doc. #14) |
| City of Hamlin | 1:18-op-45386-DAP | (Doc. #5) |
| City of Kermit | 1:17-op-45058-DAP | (Doc. #15) |
| Lincoln County | 1:17-op-45060-DAP | (Doc. #14) |
| McDowell County | 1:17-op-45066-DAP | (Doc. #26) |
| Mercer County | 1:17-op-45064-DAP | (Doc. #15) |
| Mingo County | 1:18-op-45940-DAP | (Doc. #5) |
| City of Welch | 1:17-op-45065-DAP | (Doc. #12) |
| City of West Hamlin | 1:18-op-45941-DAP | (Doc. #5) |
| City of Williamson | 1:17-op-45057-DAP | (Doc. #16) |

Many of these motions have been pending for more than four years. Some of the counties have orphan cities in the pending consolidated West Virginia state-court action ("WVMLP") and some of the cities have been orphaned by counties in the WVMLP. Addressing remand, rather than supplementing fact sheets, is fair and efficient because the WVMLP statewide bench trial on liability is set to commence against the Settling Distributors on **July 5, 2022**. Timely remand will not cause a delay, nor additional discovery, based on the factual issues presented. The remanded cases will benefit, or be bound by, the WVMLP adjudication and relieve the federal transferee Court of a significant portion of its West Virginia docket.

On March 11, 2022, this Court ordered, "In any case where Defendants have previously filed an opposition, Defendants shall review their response and file a supplementary joint brief only if they now have a good faith basis to believe the Court has subject-matter jurisdiction to hear

---

[2] The undersigned represents that he has permission and authority from counsel for the listed WV cases to make these representations to the Court.

the case." (Doc. #4303, at 1). Under that Order, Defendants had until March 25 to bring supplementary filings setting forth their basis for maintaining their opposition to remand. *Id.* This Court has previously construed the defendants' failure to file a supplementary brief as "indicat[ing] to the Court that [the defendants] no longer have a good faith basis to believe the Court has subject-matter jurisdiction." (Doc. 4341, at 1) (Remand Order for County of Harris, City of Albuquerque, and City of Santa Fe) (March 30, 2022). Based on the failure to make a timely supplementary filing, the Court remanded those three cases.

With respect to the West Virginia cases listed above, no Settling Distributor filed a supplementary pleading prior to March 25. And, in spite of this Court's March 30, 2022 Remand Order giving notice that this Court meant what it said in the March 11, 2022 Order (Doc. #4303), no defendant in the cases listed above has taken any action to comply with the March 11, 2022 Order. These cases are now indistinguishable from the cases in the March 30, 2022 Remand Order.

This Court should therefore grant the pending motions to remand and issue an order demanding an explanation why the remaining West Virginia plaintiffs are bound by the *Distributor Settlement Agreement* and the July 23 CMO (Doc. #3795) despite clear indications to the contrary as set forth in December 13 Order (Doc. #4192).

                            Respectfully submitted,

                            **WEST VIRGINIA**
                            **MDL GOVERNMENTAL SUBDIVISIONS**

                            By Counsel,

*s/Paul T. Farrell, Jr.*
Paul T. Farrell, Jr. WVSB
Michael J. Fuller, Jr.
**FARRELL & FULLER, LLC**
1311 Ponce de Leon Ave., Suite 202
San Juan, Puerto Rico 00907
304.654.8281
paul@farrellfuller.com

Joseph Rice, Esquire
Anne McGinness Kearse (WVSB 12547)
**MOTLEY RICE, LLC**
28 Bridgeside Boulevard
Mt. Pleasant, SC  29464
jrice@motleyrice.com
843-216-9159
843-216-9290 fax

| | |
|---|---|
| -and- | -and- |
| Anthony J. Majestro (WVSB 5165)<br>**POWELL & MAJESTRO PLLC**<br>405 Capitol Street, Suite P-1200<br>Charleston, WV  25301<br>304-346-2889<br>304-346-2895 fax<br>amajestro@powellmajestro.com | Charles R. "Rusty" Webb (WVSB 4782)<br>**The Webb Law Centre, PLLC**<br>716 Lee St. E.<br>Charleston, WV 25301<br>304-344-9322<br>rusty@rustywebb.com |
| *Counsel for Kanawha County Commission, Cabell County Commission, Wayne County Commission, Greenbrier County Commission, Logan County Commission, Fayette County Commission, Boone County Commission, and City of Vienna* | *Counsel for Town of Granville, Braxton County Commission, Calhoun County Commission, City of Charleston, City of Glenville, City of Hurricane, City of Parkersburg, City of Saint Albans, City of Smithers, City of Winfield, City of Dunbar, Nicholas County Commission, City of Bluefield, Town of Eleanor, Town of Fort Gay, Town of Quinwood, Town of Rainelle, Town of Rupert, City of Summersville, Town of Sutton, City of Logan, Town of Clendenin, City of Princeton, City of Montgomery, Town of Sophia, Town of Whitesville, Town of Gauley Bridge, City of Buckhannon, Gilmer County Commission, City of Kenova, and Town of Milton* |
| Warren R. McGraw, II (WVSB 5086)<br>**McGRAW LAW OFFICE**<br>P. O. Box 279<br>Prosperity, WV  25909<br>304-252-1015<br>Mcgrawlaw1@aol.com | |
| *Counsel for Wyoming County Commission* | |
| John D. Wooton, Sr. (WVSB 4138)<br>Christopher M. Davis<br>**WOOTON DAVIS HUSSELL**<br>   **& JOHNSON PLLC**<br>201 N. Kanawha Street<br>P. O. Box 2600<br>Beckley, WV  25802<br>304-255-2188<br>john.wooton@wdhjlaw.com | H. Truman Chafin (WVSB 7207)<br>Letitia Neese Chafin, Esquire (WVSB 7207)<br>**THE CHAFIN LAW FIRM, PLLC**<br>P. O. Box 1799<br>Williamson, WV  25661<br>304-235-2221<br>tish@thechafinlawfirm.com<br><br>-and- |
| *Counsel for Raleigh County Commission, Summers County Commission* | James D. Young (FL Bar 567507)<br>**MORGAN & MORGAN**<br>76 S. Laura Street, Suite 1100<br>Jacksonville, FL  32202<br>904-398-2722 |
| Stephen G. Skinner, Esquire (WVSB 6725)<br>**SKINNER LAW FIRM**<br>P. O. Box 487<br>Charles Town, WV  25414<br>304-725-7029<br>sskinner@skinnerfirm.com | *Counsel for McDowell County Commission, Mingo County Commission, Mercer County Commission, Lincoln County Commission, Clay County Commission, City of Welch, City of Williamson, Town of Kermit, Town of Gilbert,* |

| | |
|---|---|
| *Counsel for Berkeley County Council, Jefferson County Commission, Morgan County Commission, Pocahontas County Commission and City of Charles Tow* | Town of Chapmanville, Town of Hamlin, Town of West Hamlin |

                                Alan Pritt, Esq.
                                Joseph H. Spano, Jr., Esq.
                                **PRITT & SPANO PLLC**
                                716 Lee Street, East, Suite 204
                                Charleston, WV  25301
                                304-513-4082

                                *Counsel for Putnam County Commission*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                *s/ Paul T. Farrell, Jr.*
                                Paul T. Farrell, Jr.