UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: *"All Cases"* | ) ) ) ) ) | JUDGE POLSTER  **ORDER** |

After the Distributor Defendants and Janssen announced global settlements with "Participating Subdivisions" in July of 2021, this Court entered a Case Management Order setting out future obligations on all "Non-Participating Subdivisions." One such obligation was that each Non-Participating Subdivision had to execute and serve on the Settling Defendants an "updated plaintiff fact sheet" ("UPFS"). CMO at 2 (docket no. 3795). The Court set April 26, 2022 as the deadline for filling this obligation. *See* Order at 1-2 (docket no. 4287) (setting the deadline to 60 days after February 25, 2022).

West Virginia Subdivisions with cases pending in this MDL recently filed an "unopposed" motion for a 60-day extension of time to file their UPFSs. *See* docket no. 4345. But the motion was not unopposed: the Distributor Defendants filed a response opposing the motion, *see* docket no. 4354, and the Subdivisions filed a reply, *see* docket no. 4357. Janssen did not file any opposition.

Having reviewed the briefs, the Court **DENIES** the motion as moot. For the reasons stated below, the Subdivisions do not have to file any UPFSs.

The obligations set out in the above-referenced CMO were all designed to provide the

Settling Defendants with updated factual bases for the claims that the Non-Participating Subdivisions still intended to pursue against those Defendants. With regard to the West Virginia Subdivisions' claims against *Janssen*, those claims were all recently settled by separate Agreement. Accordingly, there is no longer any reason for the Subdivisions to fill any of the CMO obligations to Janssen.

With regard to the Distributor Defendants, their global settlement agreement (unlike Janssen's global settlement agreement) explicitly *excluded* the West Virginia Subdivisions from the definition of Non-Participating Subdivisions. *See* Agreement §I.TTT at 10 (excluding West Virginia from the definition of "State"); *id.* §I.XXX at 11 (defining "Subdivision" as a "General Purpose Government . . . within a State"). The CMO adopted this definition. CMO at 1 n.2. Accordingly, the CMO imposes no obligations on the West Virginia Subdivisions.

In sum, the West Virginia Subdivisions no longer have an obligation to file UPFSs as to Janssen, and never had any obligation to file UPFSs as to the Distributor Defendants. Accordingly, the motion for extension of time is denied as moot.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** April 20, 2022