## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Board of County Commissioners of Choctaw County v. Purdue Pharma L.P., et al.*<br>Case No. 1:20-op-45257-DAP<br>*Board of County Commissioners of Logan County v. Purdue Pharma L.P., et al.*<br>Case No. 1:20-op-45058-DAP<br>*Board of County Commissioners of Pottawatomie County v. Purdue Pharma L.P., et al.*<br>Case No. 1:19-op-45988-DAP<br>*Board of County Commissioners of Pittsburg County v. Purdue Pharma L.P., et al.*<br>Case No. 1:19-op-45711-DAP<br>*Board of County Commissioners of Noble County v. Purdue Pharma L.P., et al.*<br>Case No. 1:20-op-45129-DAP<br>*Board of County Commissioners of Atoka County v. Purdue Pharma L.P., et al.*<br>Case No. 1:20-op-45001-DAP<br>*Board of County Commissioners of Caddo County v. Purdue Pharma L.P., et al.*<br>Case No. 1:19-op-46156-DAP<br>*Board of County Commissioners of Cimarron County v. Purdue Pharma L.P., et al.*<br>Case No. 1:20-op-45021-DAP<br>*Board of County Commissioners of Coal County v. Purdue Pharma L.P., et al.*<br>Case No. 1:20-op-45149-DAP<br>*Board of County Commissioners of Dewey County v. Purdue Pharma L.P., et al.*<br>Case No. 1:19-op-45801-DAP<br>*Board of County Commissioners of Grady County v. Purdue Pharma L.P., et al.*<br>Case No. 1:19-op-46167-DAP<br>*Board of County Commissioners of Greer County v. Purdue Pharma L.P., et al.*<br>Case No. 1:20-op-45256-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**PLAINTIFFS' JOINT MOTION TO STAY THE COURT'S JULY 23, 2021 ORDER OR ALTERNATIVELY EXTEND THE DEADLINES IN SUCH ORDER** |

*Board of County Commissioners of Harper County
v. Purdue Pharma L.P., et al.*
Case No. 1:19-op-45757-DAP
*Board of County Commissioners of Haskell County
v. Purdue Pharma L.P., et al.*
Case No. 1:20-op-45002-DAP
*Board of County Commissioners of Jackson County
v. Purdue Pharma L.P., et al.*
Case No. 1:20-op-45126-DAP
*Board of County Commissioners of Jefferson
County v. Purdue Pharma L.P., et al.*
Case No. 1:19-op-46170-DAP
*Board of County Commissioners of Johnston County
v. Purdue Pharma L.P., et al.*
Case No. 1:19-op-45765-DAP
*Board of County Commissioners of Kay County v.
Purdue Pharma L.P., et al.*
Case No. 1:19-op-45989-DAP
*Board of County Commissioners of Kiowa County v.
Purdue Pharma L.P., et al.*
Case No. 1:19-op-45755-DAP
*Board of County Commissioners of Latimer County
v. Purdue Pharma L.P., et al.*
Case No. 1:20-op-45003-DAP
*Board of County Commissioners of Le Flore County
v. Purdue Pharma L.P., et al.*
Case No. 1:20-op-45067-DAP
*Board of County Commissioners of Love County v.
Purdue Pharma L.P., et al.*
Case No. 1:20-op-45000-DAP
*Board of County Commissioners of Major County v.
Purdue Pharma L.P., et al.*
Case No. 1:19-op-45990-DAP
*Board of County Commissioners of McCurtain
County v. Purdue Pharma L.P., et al.*
Case No. 1:20-op-45259-DAP
*Board of County Commissioners of Texas County v.
Purdue Pharma L.P., et al.*
Case No. 1:20-op-45061-DAP
*Board of County Commissioners of Stephens County
v. Purdue Pharma L.P., et al.*
Case No. 1:19-op-45756-DAP
*Board of County Commissioners of Woodward
County v. Purdue Pharma L.P., et al.*
Case No. 1:20-op-45141-DAP

*City of Jenks v. Purdue Pharma L.P., et al.*
Case No. 1:19-op-45858-DAP
*City of Broken Arrow v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45415-DAP
*City of Seminole v. Purdue Pharma L.P., et al*
Case No. 1:20-op-45004-DAP
*City of Bethany v. Purdue Pharma L.P., et al*
Case No. 1:19-op-46148-DAP
*City of Mustang v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45708-DAP
*City of Anadarko v. Purdue Pharma L.P., et al*
Case No. 1:20-op-45022-DAP
*City of Owasso v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45718-DAP
*City of Ponca City v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45495-DAP
*City of Shawnee v. Purdue Pharma L.P., et al*
Case No. 1:19-op-46155-DAP
*City of Ada v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45400-DAP
*City of Yukon v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45716-DAP
*City of Enid v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45717-DAP
*City of Edmond v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45496-DAP
*City of Guthrie v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45497-DAP
*City of Midwest City v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45709-DAP
*City of Lawton v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45500-DAP
*City of Oklahoma City v. Purdue Pharma L.P., et al*
Case No. 1:19-op-45498-DAP
*Board of County Commissioners of Tillman County v. Cephalon, Inc., et al.*
Case No. 1:20-op-45185-DAP
*Board of County Commissioners of Custer County v. Cephalon, Inc., et al.*
Case No. 1:20-op-45182-DAP
*Board of County Commissioners of Harmon County v. Cephalon, Inc., et al.*
Case No. 1:20-op-45388-DAP
*Board of County Commissioners of Roger Mills County v. Cephalon, Inc., et al.*

3

Case No. 1:20-op-45183-DAP
*City of Altus v. Cephalon, Inc., et al.*
Case No. 1:21-op-45046-DAP
*City of Elk City v. Cephalon, Inc., et al.*
Case No. 1:21-op-45017-DAP
*City of Stillwater v. Cephalon, Inc., et al.*
Case No. 1:21-op-45045-DAP
*City of Tulsa v. Cephalon, Inc., et al.*
Case No. 1:21-op-45024-DAP
*Board of County Commissioners of Woods County*
*v. Purdue Pharma L.P., et al.*
Case No. 1:19-op-45987-DAP
*Board of County Commissioners of Hughes County*
*v. Purdue Pharma L.P., et al.*
Case No. 1:20-op-45258-DAP
*Board of County Commissioners of Lincoln County*
*v. Purdue Pharma L.P., et al.*
Case No. 1:20-op-45128-DAP

## PLAINTIFFS' JOINT MOTION TO STAY THE COURT'S JULY 23, 2021 ORDER OR ALTERNATIVELY EXTEND THE DEADLINES IN SUCH ORDER

The fifty-six (56) Oklahoma cities and counites filing this motion have only asserted state-law claims (the "Oklahoma State-Law Plaintiffs"), and hereby move the Court to stay the deadlines established in the Court's July 23, 2021 Case Management Order relating to Non-Participating Subdivisions (the "07-23-21 CMO"), as applied to the Oklahoma State-Law Plaintiffs, or extend the deadlines for one-hundred forty (140) days.  In support of this motion to stay or in the alternative to extend deadlines, the Oklahoma State-Law Plaintiffs state as follow:

## BRIEF IN SUPPORT

The Oklahoma State-Law Plaintiffs have been prevented from any chance to settle their cases with McKesson Corporation, Cardinal Heath, Inc. or AmerisourceBergin Corporation (the "Settling Distributors") because the State of Oklahoma chose not to participate in the Global Distributor Settlement thereby foreclosing any opportunity for the Oklahoma cities and counties to join the Global Distributor Settlement.  Furthermore, it was the Settling Distributors decision to

make participation in the Distributor Settlement conditioned on whether the State joins the settlement.  It is patently unfair to punish Oklahoma political subdivisions for the Settling Distributors' and the State's decisions, over which the Oklahoma cities and counties had no control.

The original 07-23-21 CMO entered by this Court defined a "Non-Participating Subdivision" as "an eligible subdivision that ***chooses*** not to participate in the Settlement Agreement."  [Doc. No. 3795, 07-23-21 CMO, n.2.].  The Oklahoma cities and counties had no choice.  Approximately 140 days later on December 13, 2021 [Doc. No. 4192, at pg. 2], the Court entered another order stating that a Non-Participating Subdivision must comply with the deadlines established in the Court's 07-23-21 CMO even if political subdivisions wanted to join the Distributor Settlement but their State chose not to join (the "12-13-21 Order").  This modification of the definition of a "Non-Participating Subdivision" occurred a little over 140 days after the Court's 07-23-21 CMO.  Consequently, Oklahoma cities and counties were deprived of several months to prepare for compliance with the Court's 07-23-21 CMO.

The requirements in paragraph II and III of the 07-23-21 Order are particularly onerous in that they require Oklahoma political subdivisions to identify suspicious orders and also prepare expert reports by May 26, 2022.  Plaintiffs have not had the opportunity to take any Oklahoma specific discovery from Defendants.  Plaintiffs do not have all the information available to them to respond adequately to the mandates of the Court's 07-23-21 CMO.  The requirements under paragraph II will require significant time of experts in each of the 56 cases, and the same experts will be needed to analyze each case as well as provide reports.

As the Court is also aware, the identification of suspicious orders was the subject of extensive discovery along with time-consuming and costly expert reports in both CT1 and CT3, as

well as other jurisdictions in which opioid cases have been litigated. Given the other cases that have been and are presently occurring, expert availability to perform the analysis required in such a short time is extremely limited. That is magnified by the fact that there are 56 cases. Moreover, the Oklahoma State-Law Plaintiffs reasonably believed they were not subject to the Court's 07-23-21 CMO given the Court's definition of a Non-Participating Subdivision. It was not until the Court's 12-13-22 Order that the Oklahoma State-Law Plaintiffs had an understanding that they were subject to the deadlines established in the 07-23-21 CMO.

Compliance with the 07-23-21 CMO would prejudice the Oklahoma State-Law Plaintiffs. The Oklahoma State-Law Plaintiffs would be required to identify suspicious orders and provide expert reports before receiving any Oklahoma specific discovery from Defendants. All of this will be occurring when there is no subject matter jurisdiction over the Oklahoma State-Law Plaintiffs' claims. The Oklahoma State-Law Plaintiffs are also seeking remand to the State Courts they were originally filed in. The remand issue was fully briefed by both sides prior to the Oklahoma State-Law Plaintiffs' lawsuits being transferred to this Court, and the remand motions have been pending for years. The Court has already rejected the sole argument made by the Distributor Defendants for removal in January 2019. *See In re: National Prescription Opiate Litigation*, No. 1:17-md-2804, 2019 WL 180246 (N.D. Ohio Jan. 14, 2019). The manufacturing defendants' argument for removal was that the Court disregard or sever the claims against the distributor defendants, which would leave the claims against the Settling Distributors in state court. Despite this, the Court is ordering the Oklahoma State-Law Plaintiffs over which it has no jurisdiction to comply with the onerous deadlines of the 07-23-21 CMO because they were involuntarily prevented from joining the Global Distributor Settlement.

Additionally, the Oklahoma State-Law Plaintiffs are in a unique position as compared to local governments in other states.  The State of Oklahoma has either prosecuted or settled its claims against the majority of manufacturer defendants in this MDL.  The State of Oklahoma tried its claim against Johnson & Johnson and was not part of the J&J Settlement. The Oklahoma cities and counties will not be included in any future global settlements on the same terms and conditions as local governments in other states.  Keeping the Oklahoma cases in this Court is an impediment to a resolution by settlement of the Oklahoma State-Law Plaintiffs' lawsuits.  The Court remanded a tribal case to Oklahoma (*Cherokee Nation v. McKesson Corp., et. el.,* Case No. 1:18-op-45695-DAP) and a global settlement was reached shortly thereafter between the tribes and the Settling Distributors including Johnson& Johnson.

Furthermore, the Settling Distributors just agreed to stay compliance with the 07-23-21 CMO for Washington localities sixty (60) days.  However, with respect to Oklahoma cities and counties, the Settling Distributors seek to take advantage of the Court's 07-23-21 CMO.  The Settling Distributors would not consent to a stay of the deadlines with respect to Oklahoma cities and counties.  The Settling Distributors refuse to consent despite the fact that this Court already rejected their argument for keeping the Oklahoma State-Law Plaintiffs in this Court.

Consequently, the Oklahoma State-Law Plaintiffs request that the provisions of the 07-23-21 CMO be stayed the greater of 140 days, or the time necessary for the Court to determine whether it has subject matter jurisdiction over the Oklahoma State-Law Plaintiffs' lawsuits.  Subjecting the Oklahoma State-Law Plaintiffs to the deadlines in the Court's 07-23-21 CMO before deciding whether the Court has jurisdiction puts the cart before the horse and the Oklahoma State-Law Plaintiffs would be substantially prejudiced thereby.  "Subject matter jurisdiction is of paramount importance, given that it 'governs a court's adjudicatory capacity.'"  *See in re Harris County, Tx*,

et. al, No. 21-3637, pg. 5 (Sixth Cir. March 11, 2022), quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).

## <u>CONCLUSION</u>

For the reasons stated above, the Court should stay its 07-23-21 CMO deadlines the greater of 140 days or the time period necessary for the Court to rule on whether it has subject matter jurisdiction over the Oklahoma State-Law Plaintiffs' lawsuits.

Dated:  April 20, 2022              Respectfully submitted,


/s/ Harrison C. Lujan
HARRISON C. LUJAN, OBA #30154
MATTHEW J. SILL, OBA #21547
FULMER SILL LAW GROUP
P.O. Box 2448
1101 N. Broadway Ave., Suite 102
Oklahoma City, OK 73103
Phone/Fax: 405-510-0077
msill@fulmersill.com
hlujan@fulmersill.com

*-and -*

TONY G. PUCKETT, OBA #13336
TODD A. COURT, OBA #19438
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
405/235-9621; 405/235-0439 (FAX)
tony.puckett@mcafeetaft.com
todd.court@mcafeetaft.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that on April 20, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System. A Notice of Electronic Filing will be automatically transmitted to all persons who have entered either appearance as ECF registrants in this case.

*/s/ Harrison C. Lujan*

9