UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Board of County Commissioners or Cleveland County v. Cephalon, Inc., et al.,*<br>Member Case No. 1:20-op-45009-DAP<br><br>*Board of County Commissioners of Beckham County v. Cephalon, Inc., et al.,*<br>Member Case No. 1:20-op-45146-DAP<br><br>*Board of County Commissioners of Comanche County v. Cephalon, Inc., et al.*<br>Member Case No. 1:20-op-45180-DAP<br><br>*City of El Reno v. Cephalon, Inc., et al.,*<br>Member Case No. 1:20-op-45252-DAP<br><br>*Board of County Commissioners of Oklahoma County v. McKesson Corporation, et al.,*<br>Member Case No. 1:20-op-45056-DAP<br><br>*Board of County Commissioners of Oklahoma County v. Purdue Pharma LP, et al.,*<br>Member Case No. 1:20-op-45057-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**PLAINTIFFS' JOINT MOTION TO STAY THE COURT'S JULY 23, 2021 ORDER OR ALTERNATIVELY EXTEND THE DEADLINES IN SUCH ORDER** |

**PLAINTIFFS' JOINT MOTION TO STAY THE COURT'S JULY 23, 2021 ORDER OR ALTERNATIVELY EXTEND THE DEADLINES IN SUCH ORDER**

Plaintiffs move the Court to stay the deadlines established in the Court's July 23, 2021 Case Management Order relating to Non-Participating Subdivisions (the "07-23-21 CMO"), as applied to the Plaintiffs, or extend the deadlines for one-hundred forty (140) days. In support of this motion to stay or in the alternative to extend deadlines, the Plaintiffs state as follow:

1

## BRIEF IN SUPPORT

Plaintiffs have been prevented from any chance to settle their cases with McKesson Corporation, Cardinal Heath, Inc. or Amerisource Bergin Corporation (the "Settling Distributors") because the State of Oklahoma chose not to participate in the Global Distributor Settlement thereby foreclosing any opportunity for the Plaintiffs to participate in the Global Distributor Settlement. Furthermore, it was the Settling Distributors decision to make participation in the Global Distributor Settlement conditioned on whether the State participates in the settlement. It is patently unfair to punish Plaintiffs for the Settling Distributors' and the State of Oklahoma's decisions, over which the Plaintiffs had no control.

The original 07-23-21 CMO entered by this Court defined a "Non-Participating Subdivision" as "an eligible subdivision that *chooses* not to participate in the Settlement Agreement." [Doc. No. 3795, 07-23-21 CMO, n.2.]. The Plaintiffs, however, had no choice in whether to participate. Plaintiffs would have chosen to participate in the Global Settlement had they been given a choice. On December 13, 2021 [Doc. No. 4192, at pg. 2], the Court entered another order stating that a Non-Participating Subdivision must comply with the deadlines established in the Court's 07-23-21 CMO even if political subdivisions wanted to join the Distributor Settlement but their State chose not to join (the "12-13-21 Order"). This modification of the definition of a "Non-Participating Subdivision" occurred a little over 140 days after the Court's 07-23-21 CMO. Consequently, Plaintiffs were deprived of several months to prepare for compliance with the Court's 07-23-21 CMO.

The requirements in paragraph II and III of the 07-23-21 CMO are particularly onerous in that they require Plaintiffs to identify suspicious orders and also prepare expert reports by May 26, 2022. Plaintiffs have not had the opportunity to take any Oklahoma specific discovery from

2

Defendants.  Plaintiffs do not have all the information available to them to respond adequately to the mandates of the Court's 07-23-21 CMO.  The requirements under paragraph II will require a significant amount of expert time in each of the cases, and the same experts will be needed to analyze each individual case as well as provide reports.

As the Court is also aware, the identification of suspicious orders was the subject of extensive discovery along with time-consuming and costly expert reports in both CTI and CT3, as well as other jurisdictions in which opioid cases have been litigated. Given the other cases that have been and are presently occurring, expert availability to perform the analysis required in such a short time is extremely limited.  Moreover, the Plaintiffs reasonably believed they were not subject to the Court's 07-23-21 CMO given the Court's definition of a Non-Participating Subdivision.  It was not until the Court's 12-13-22 CMO that the Plaintiffs had an understanding that they were subject to the deadlines established in the 07-23-21 CMO.

Compliance with the 07-23-21 CMO would prejudice the Plaintiffs.  Plaintiffs would be required to identify suspicious orders and provide expert reports before receiving any case specific discovery from Defendants.  All of this will be occurring when there is no subject matter jurisdiction over the Plaintiffs' claims.  Plaintiffs are also seeking remand to the State Courts their cases were originally filed in.  The remand issue was fully briefed by both sides prior to the Plaintiffs' lawsuits being transferred to this Court, and the remand motions have been pending for years.  Despite this, the Court is ordering Plaintiffs, over which it has no jurisdiction, to comply with the onerous deadlines of the 07-23-21 CMO because they were involuntarily prevented from joining the Global Distributor Settlement.

Plaintiffs are in a unique position as compared to local governments in other states.  The State of Oklahoma has either prosecuted or settled its claims against the majority of Manufacturer

Defendants named in this MDL.  The State of Oklahoma tried its claim against J&J and was, thus, not part of the J&J Settlement. Plaintiffs will consequently not be included in any future global settlements on the same terms and conditions as local governments in other states.  Keeping the Oklahoma cases in this Court is an impediment to a resolution by settlement of the Plaintiffs' lawsuits.   The Court remanded a tribal case to Oklahoma (*Cherokee Nation v. McKesson Corp., et. el.,* Case No. 1:18-op-45695-DAP) and a global settlement was reached shortly thereafter between the tribes and the Settling Distributors including J&J.

Furthermore, the Settling Distributors agreed to stay compliance with the 07-23-21 CMO for Washington localities sixty (60) days.  However, with respect to Plaintiffs, the Settling Distributors seek to take advantage of the Court's 07-23-21 CMO.  The Settling Distributors would not consent to a stay of the deadlines with respect to Plaintiffs.

Consequently, the Plaintiffs request that the provisions of the 07-23-21 CMO be stayed the greater of 140 days, or the time necessary for the Court to determine whether it has subject matter jurisdiction over the Plaintiffs' lawsuits.  Subjecting the Plaintiffs to the deadlines in the Court's 07-23-21 CMO before deciding whether the Court has jurisdiction puts the cart before the horse and the Plaintiffs would be substantially prejudiced thereby.  "Subject matter jurisdiction is of paramount importance, given that it 'governs a court's adjudicatory capacity.'"  *See in re Harris County, Tx*, et. al, No. 21-3637, pg. 5 (Sixth Cir. March 11, 2022), quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).

## **CONCLUSION**

For the reasons stated above, the Court should stay its 07-23-21 CMO deadlines the greater of 140 days or the time period necessary for the Court to rule on whether it has subject matter jurisdiction over the Oklahoma State-Law Plaintiffs' lawsuits.

Dated April 21, 2022                                Respectfully submitted,


/s/ Harrison Lujan
MATTHEW J. SILL, OBA #21547
HARRISON C. LUJAN, OBA #30154
FULMER SILL
P.O. Box 2448
1101 N. Broadway Ave., Suite 102
Oklahoma City, OK 73103
Phone/Fax: 405-510-0077
msill@fulmersill.com
hlujan@fulmersill.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       This is to certify that on April 21, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System. A Notice of Electronic Filing will be automatically transmitted to all persons who have entered either appearance as ECF registrants in this case.

                                         */s/ Harrison Lujan*