# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>            Defendants. | Case No. 18-cv-07591-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 973 |

Defendants collectively assert 390 affirmative defenses for which they will bear the burden of proof at trial. See MSJ (dkt. 973) at 3 (citing Ex. A (dkt. 973–1)). Plaintiff argues that it is entitled to judgment on the pleadings or, in the alternative, to summary judgment on all 390 affirmative defenses because there is "an absence of evidence as to all of Defendants' affirmative defenses because they are too vague, conclusory, and factually unsupported to raise genuine disputes of material fact." MSJ at 3. For the reasons discussed below, the motion is granted in part and denied in part.

**I. DISCUSSION**

Plaintiff asserts UCL and public nuisance claims against Defendants. The UCL claim seeks civil penalties and injunctive relief, and the public nuisance claim seeks an abatement fund to redress prospective harm expected to occur because of the ongoing opioid epidemic in San Francisco. See MSJ at 1. Plaintiff does not seek "damages or recovery of historical costs" or "restitution as remedy." Id.

Plaintiff broadly argues that "Defendants assert boilerplate affirmative defenses that

are without factual support or that are denials of Plaintiff's prima facie case and are not actual affirmative defenses." See MSJ at 4. The argument targets all 390 of the affirmative defenses collectively asserted by Defendants. But Plaintiff identifies only a handful of the defenses that it contends are insufficiently pled, factually unsupported, or otherwise fail as a matter of law. See generally id. In other words, Plaintiff's motion does not specifically address many of the 390 defenses for which it contends that it is entitled to judgment on the pleadings or summary judgment.

Defendants argue that Plaintiff is not entitled to summary judgment or judgment on the pleadings for any defense that is not specifically challenged. See Opp. at 4–5. The Court agrees. To the extent that Plaintiff does not make specific arguments about a certain defenses or category of defenses—which is the case for many of the 390 defenses that Plaintiff purports to challenge—the Court denies Plaintiff's motion. The Court considers each of Plaintiff's arguments regarding specific defenses and categories of defenses below.[1]

### A. Blanket Defenses

Defendants allege what Plaintiff characterizes as several broad "catchall" defenses. See MSJ at 5 (citing Endo Answ. at 167; Par Answ. at 135; Walgreens Answ. at 151; Teva Answ. at 144; Cephalon Answ. at 144). Defendants do not oppose Plaintiff's motion as to these defenses. Thus, summary judgment is granted for these defenses.

### B. Inapplicable Defenses

Plaintiff argues that the following defenses "have no conceivable applicability" to the public nuisance and UCL claims. MSJ at 5.

- Voluntary payment doctrine (Walgreens Answ. at 151; Teva Answ. at 138; Cephalon Answ. at 138; Endo Answ. at 172; Par Answ. at 139; Actavis Answ. at

---

[1] The parties dispute whether Plaintiff's motion for judgment on the pleadings is procedurally proper to the extent that it seeks judgment on the pleadings for defenses that are insufficiently pled. See Opp. at 5–7 ("Once the deadline for filing a motion to strike has passed, any non-evidence-based challenge to an affirmative defense must be limited to its 'legal' viability."); see also Reply at 3–6. Because the Court's rulings are based on Rule 56, the Court does not reach this argument.

2

1      160)

2   - Products liability defenses (Anda Answ. at 119; Allergan Answ. at 134;
3      Walgreens Answ. at 158)

4   - Subrogation and insurance defenses (Anda Answ. at 122; Allergan Answ. at
5      136; Par Answ. at 143; Walgreens Answ. at 152)

6   - Workers' compensation claims (Anda Answ. at 122; Allergan Answ. at 137;
7      Walgreens Answ. at 153)

8   Each defense is considered in turn.

### 1. Voluntary Payment Doctrine

The "voluntary payment doctrine" is based on the principle that "a payment voluntarily made with knowledge of the facts affords no ground for an action to recover it back." Am. Oil Serv. v. Hope Oil Co., 15 Cal. Rptr. 209, 213 (Ct. App. 1961); see also W. Gulf Oil Co. v. Title Ins. & Tr. Co., 92 Cal. App. 2d 257, 265, 206 P.2d 643, 648 (1949) ("Payments voluntarily made, with knowledge of the facts, cannot be recovered.").

Plaintiff argues that the doctrine does not apply here because the "nuisance and UCL claims do not seek to recover any payments made." See MSJ at 5. Plaintiff has dropped its claim for restitution, and the only monetary relief that Plaintiff seeks is civil penalties and a forward-looking abatement fund. Id.

Defendants respond that even though Plaintiff does not seek money damages, the voluntary payment doctrine should still apply because Plaintiff's request for an abatement fund "is really just a request for a huge pot of money" to cover costs Plaintiff expects to incur in coming years to redress opioid-related harms. Opp. at 11.

Defendants cite no authority to support their argument that the voluntary payment doctrine applies to a prospective abatement fund. Nor do Defendants otherwise show why the doctrine should apply to Plaintiff's claims for civil penalties and abatement. Thus, summary judgment on the voluntary payment defense is granted.

### 2. Products Liability Defenses

In its opening brief, Plaintiff asserts that Defendants' strict products liability

1  defense has "no conceivable applicability" to the nuisance and UCL claims because the
2  defense applies only to products liability actions. MSJ at 5. Although they recognize that
3  Plaintiff is not asserting a products liability action, Defendants contend that Plaintiff is
4  effectively pursuing a products liability action "in the guise of a nuisance action." Opp. at
5  12.
6       Defendants' argument is not persuasive. The "telltale sign" of a products liability
7  action is that the plaintiff is "seeking to hold the defendant liable precisely because the
8  product's potential for harm substantially outweighs any possible benefit derived from it."
9  Opp. at 12 (citing Merrill v. Navegar, Inc., 26 Cal. 4th 465, 478 (2001) (cleaned up)). But
10 here, Plaintiff's theories of liability are that (1) Defendants made false and misleading
11 statements about the safety and efficacy of opioids and (2) Defendants failed to implement
12 effective systems to monitor for suspicious orders of opioids and to prevent diversion of
13 opioids. Neither theory alleges that the potential for harm from opioids substantially
14 outweighs their benefits—rather, the theories are based on alleged misrepresentations and
15 systemic failures to monitor for diversion. Thus, summary judgment is granted as to the
16 products liability defenses.

### 3. Subrogation

18      Plaintiff argues that Defendants' defense of subrogation is only relevant to insurers'
19 claims. See MTD at 5–6. Defendants respond that subrogation claims may arise here
20 because Plaintiff's claims are based on the theory that "Defendants' alleged wrongful
21 conduct resulted in personal injury and death to individuals." Opp. at 13. But Defendants
22 do not identify any specific subrogation interests at issue, nor do Defendants identify any
23 person who may hold a subrogation interest. Accordingly, summary judgment is granted
24 as to the subrogation defenses.

### 4. Remoteness and Derivative Injury

26      Plaintiffs argue that the defenses of remoteness and derivative injury are limited to
27 workers compensation cases. MSJ at 5. In their opposition, Defendants appear to argue
28 that the defenses apply here because Plaintiff "must prove proximate causation, and a

4

1  defendant may not be held liable if the alleged misconduct is 'too remote' to be a 'legally
2  sufficient proximate cause." Opp. at 13–14. But Defendants' arguments attack Plaintiff's
3  ability to carry its burden of proving the elements of its claims. Defendants do not show
4  why the affirmative defenses of remoteness and derivative injury apply here. Accordingly,
5  summary judgment is granted with respect to these defenses.

### C. Factually Unsupported Defenses

In its opening brief, Plaintiff argues that certain defenses are "boilerplate defenses" pled without factual support. MSJ at 4-5. Plaintiff specifically points to the following:

- Actavis, Cephalon, and Teva's defenses asserting doctrines of laches, waiver, unclean hands, estoppel, release, and/or ratification ("equitable defenses")
- Anda's defense asserting that Plaintiff's action is "arbitrary and capricious"
- Endo and Par's affirmative defenses asserting the statute of limitations

In its reply brief, Plaintiff concedes that Defendants' statute of limitations defense is viable. See Reply at 1 ("Defendants fail to show triable issues on any but the UCL statute of limitations."). And Defendants do not oppose Plaintiff's motion as to the "arbitrary and capricious" defense. See generally Opp. Thus, the motion is denied as to the statute of limitations defenses and granted as to the "arbitrary and capricious" defenses.

As to the equitable defenses, Defendants argue that they are entitled to assert the equitable defenses because Plaintiff is "seeking equitable remedies" and "California law permits equitable defenses to be asserted against a government entity seeking such relief." See Opp. at 9. Defendants also cite evidence supporting the defenses, including evidence suggesting that Plaintiff delayed in filing their claims. Opp. at 10.

In ConAgra, the California Court of Appeals held that "'neither the doctrine of estoppel nor any other equitable principle may be invoked against a governmental body where it would operate to defeat the effective operation of a policy adopted to protect the public.'" 17 Cal. App. 5th 51, 136 (quoting County of San Diego v. California Water & Tel. Co., 30 Cal. 2d 817, 826 (1947)). There, the court rejected defendant's assertion of laches because the "application would defeat a public policy aimed at protecting the

5

1  public." Id. The court reasoned that "Civil Code section 3479 is an expression of the

2  Legislature's public policy against public nuisances, and it is plainly aimed at protecting

3  the public from the hazards created by public nuisances." Id. Thus, the Court held that

4  "[s]ince laches is an equitable defense, it could not be asserted against the government []

5  because such an application would defeat a public policy aimed at protecting the public."

6  Id.; see also People ex rel. Dept. of Transportation v. Outdoor Media Group, 13 Cal. App.

7  4th 1067, 1081 (1993) ("The law is also clear that equitable considerations such as

8  estoppel provide no defense in an action to enjoin a nuisance.").

9  While ConAgra addressed a public nuisance claim, the same reasoning applies to

10 Plaintiff's UCL claim, as the UCL is "an expression of the Legislature's public policy

11 against" unfair competition within the state. See ConAgra, 17 Cal. App. 5th at 136;

12 Paduano v. Am. Honda Motor Co., 169 Cal. App. 4th 1453, 1468 (2009) (The UCL is

13 "directed toward the public's right to protection from fraud, deceit, and unlawful conduct."

14 conduct."). Thus, the Court grants summary judgment on the equitable defenses.

15     **D.    Argumentative Defenses**

16 Plaintiff contends that some of the defenses are "not properly defenses at all, but

17 merely abstract argument." See MSJ at 6 (citing Allergan's twenty-six and fifty-third

18 affirmative defenses and page 151 of Walgreens' answer). Defendants do not oppose

19 Plaintiffs' motion as to these defenses. See generally Opp. Thus, summary judgment is

20 granted with respect to these defenses.

21     **E.    Fault and Cost Shifting Defenses**

22 Plaintiff identifies 29 fault and cost shifting defenses asserted by Defendants. MSJ

23 at 8 (citing Ex. B (dkt. 973–2)). Plaintiff argues that the defenses fail for two separate

24 reasons: (1) Plaintiff does not seek compensation in damages and (2) the defenses "cannot

25 be used to shift Defendants' liability to the People onto the nonparty City." MSJ at 8.

26         **1.    Contributory Negligence**

27 Plaintiff argues that to the extent that Defendants assert the defense of contributory

28 negligence, it fails as a matter of law because the California Supreme Court has jettisoned

6

the defense.  See MSJ at 8-9.  In Li v. Yellow Cab Co., the California Supreme Court abolished the defense of contributory negligence and replaced it with a system of comparative negligence.  13 Cal. 3d 804, 828–29 (1975).  Thus, summary judgment is granted as to the contributory negligence defense.

### 2. Comparative Negligence, Comparative Fault, and Failure to Mitigate

Plaintiff argues that Defendants' defenses of comparative negligence, comparative fault, and failure to mitigate "have no application to plaintiffs not seeking damages."  See MSJ at 9.

California courts distinguish between (1) abatement funds and civil penalties and (2) damages that are intended to compensate a plaintiff for past harms.  See People v. ConAgra Grocery Prods. Co., 227 Cal. Rptr. 3d 499, 569 (Ct. App. 2017) (describing an abatement fund as an "equitable remedy" whose "sole purpose is to eliminate the hazard that is causing prospective harm" while damages are a "legal remedy" "directed at compensating the plaintiff for prior harm accrued"); Nationwide Biweekly Admin., Inc. v. Super. Ct., 462 P.3d 461, 488 (Cal. 2020) ("the civil penalties that may be awarded under the UCL … unlike … damages, are noncompensatory in nature").  California courts have also made clear that "in an action to abate a nuisance, the fact that plaintiff has suffered property damage therefrom to which his own negligence contributed is no defense against the remedy of abatement."  See Curtis v. Kastner, 30 P.2d 26, 29 (Cal. 1934).

In the Orange County action, the court addressed similar arguments and granted plaintiff's motion for summary judgment as to fault and cost shifting defenses, reasoning that under California case law comparative fault and negligence do not apply where a plaintiff "seeks only abatement as a remedy in a nuisance action[.]"  People of the State of California, acting by and through Santa Clara County Counsel Orry P. Korb and Orange County District Attorney Tony Rackauckas vs. Purdue Pharma L.P., Case No. 30-2014-00725287-CU-BT-CXC, Order at 24-26 (Cal. Super. Ct. Orange Cnty. Mar. 12, 2021).  Similarly, the court found that "penalties under the UCL" are "equitable remedies that

7

1  provide no compensation to a plaintiff and do not even require proof of actual harm to or
2  loss incurred by the plaintiff" and that, as a result, "comparative fault or comparative
3  negligence does not apply as a defense to" the plaintiff's UCL claim. Id. The reasoning
4  applies here, and Plaintiff is entitled to summary judgment with respect to these defenses.

Plaintiff also argues that it is entitled to summary adjudication on Defendants' affirmative defense of failure to mitigate (also known as the "avoidable consequences" doctrine). See MSJ at 9–10. In State Dep't of Health Servs. V. Super. Ct., the California Supreme Court made clear that the failure to mitigate defenses applies to damages, not to abatement or civil penalties. 31 Cal. 4th 1026, 1042–45 (describing the doctrine as "part of the law of damages"); see id. at 1043 ("a person injured by another's wrongful conduct will not be compensated for damages that the injured person could have avoided by reasonable effort or expenditure"). Because Plaintiff does not seek compensatory damages for past injuries, the failure to mitigate defense does not apply here.

Accordingly, summary judgment is granted with respect to the defenses of comparative negligence, comparative fault, and failure to mitigate.[2]

### F. Collateral Source and Setoff Defenses

Plaintiff identifies 26 collateral source and setoff defenses asserted by Defendants. MSJ at 13–14 (citing Ex. C (dkt. 973–3)). Plaintiff argues that it is entitled to summary judgment on these defenses because (1) "Defendants have not pleaded and cannot show a triable issue as to whether [Plaintiff] is a recipient of collateral source funds or any setoffs" and (2) "no matter whether they implicate the City or the People, these defenses fail as a matter of law." Id. at 14. Defendants agree that the defenses do not apply the Plaintiff's UCL claim, but they contend that the defenses are applicable to the remedy of abatement. Opp. at 14.

Plaintiff argues that neither setoff nor collateral source reduction apply to nuisance

---

[2] Because the Court grants Plaintiff summary judgment with respect to the fault and cost shifting defenses on the ground that the defenses are inapplicable as a matter of law, the Court does not reach Plaintiff's argument that the defenses improperly attempt to shift liability to the City of San Francisco. See MSJ at 11–13.

8

1    claims because the "abatement remedy is not intended to (indeed, may not) compensate the
2    plaintiff; it is intended to terminate the nuisance." See MSJ at 15 (citing ConAgra, 227
3    Cal. Rptr. 3d at 569). In addition, Plaintiff argues that Defendants "cannot show a triable
4    issue as to whether [Plaintiff] is a recipient of collateral source funds or any setoffs." Id.
5    at 14.

6    Defendants again argue that while the abatement fund is not intended to compensate
7    Plaintiff, it is no more than "a huge pot of money" and funds from a collateral source can
8    be used to offset Defendants' contribution to the fund. See Opp. at 14. The Court rejects
9    this argument for the reasons discussed above. California case law makes clear that the
10   setoff defense applies to actions for damages, not the equitable remedy of an abatement
11   fund. See Schreiber v. Lee, 47 Cal. App. 5th 745, 760 (2020) (the setoff defense stems
12   from the principle that "a plaintiff may not recover in excess of the amount of damages
13   which will fully compensate him for his injury"); see also ConAgra, 227 Cal. Rptr. 3d at
14   569 (purpose of abatement fund is "not to recompense anyone for accrued harm but solely
15   to pay for the prospective removal of the hazards defendants had created").

16   Similarly, Defendants argue that "the relief sought by [Plaintiff] raises the very risk
17   of double recovery that collateral source and setoff defenses are designed to avoid." Opp.
18   at 14. But Defendants do not identify any sources of collateral funds that may be relevant
19   here, much less make a colorable argument that the funds could be used to offset an
20   abatement fund.

21   Accordingly, summary judgment is granted as to the setoff and collateral source
22   defenses.

23   **II.   CONCLUSION**

24   For the foregoing reasons, Plaintiff's motion for summary judgment on Defendants'
25   affirmative defenses is granted in part and denied in part.

9

**IT IS SO ORDERED.**

Dated: April 18, 2022



CHARLES R. BREYER
United States District Judge