**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to: | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**JOINT MOTION FOR LEAVE TO FILE A MOTION SEEKING SUGGESTION OF REMAND** |

1. *Board of County Commissioners of Atoka County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45001-DAP
2. *Board of County Commissioners of Caddo County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-46156-DAP
3. *Board of County Commissioners of Choctaw County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45257-DAP
4. *Board of County Commissioners of Cimarron County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45021-DAP
5. *Board of County Commissioners of Coal County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45149-DAP
6. *Board of County Commissioners of Custer County v. Cephalon, Inc., et al.* Case No. 1:20-op-45182-DAP
7. *Board of County Commissioners of Dewey County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-45801-DAP
8. *Board of County Commissioners of Grady County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-46167-DAP
9. *Board of County Commissioners of Greer County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45256-DAP
10. *Board of County Commissioners of Harmon County v. Cephalon, Inc., et al.* Case No. 1:20-op-45388-DAP
11. *Board of County Commissioners of Harper County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-45757-DAP

12. *Board of County Commissioners of Haskell County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45002-DAP

13. *Board of County Commissioners of Hughes County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45258-DAP

14. *Board of County Commissioners of Jackson County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45126-DAP

15. *Board of County Commissioners of Jefferson County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-46170-DAP

16. *Board of County Commissioners of Johnston County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-45765-DAP

17. *Board of County Commissioners of Kay County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-45989-DAP

18. *Board of County Commissioners of Kiowa County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-45755-DAP

19. *Board of County Commissioners of Latimer County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45003-DAP

20. *Board of County Commissioners of Le Flore County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45067-DAP

21. *Board of County Commissioners of Lincoln County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45128-DAP

22. *Board of County Commissioners of Logan County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45058-DAP

23. *Board of County Commissioners of Love County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45000-DAP

24. *Board of County Commissioners of Major County v. Purdue Pharma L.P., et al.* Case No. 1:19-op-45990-DAP

25. *Board of County Commissioners of McCurtain County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45259-DAP

26. *Board of County Commissioners of Noble County v. Purdue Pharma L.P., et al.* Case No. 1:20-op-45129-DAP

27.   *Board of County Commissioners of Pittsburg*
      *County v. Purdue Pharma L.P., et al.*
      Case No. 1:19-op-45711-DAP
28.   *Board of County Commissioners of Pottawatomie*
      *County v. Purdue Pharma L.P., et al.*
      Case No. 1:19-op-45988-DAP
29.   *Board of County Commissioners of Roger Mills*
      *County v. Cephalon, Inc., et al.*
      Case No. 1:20-op-45183-DAP
30.   *Board of County Commissioners of Stephens*
      *County v. Purdue Pharma L.P., et al.*
      Case No. 1:19-op-45756-DAP
31.   *Board of County Commissioners of Texas County*
      *v. Purdue Pharma L.P., et al.*
      Case No. 1:20-op-45061-DAP
32.   *Board of County Commissioners of Tillman*
      *County v. Cephalon, Inc., et al.*
      Case No. 1:20-op-45185-DAP
33.   *Board of County Commissioners of Woods County*
      *v. Purdue Pharma L.P., et al.*
      Case No. 1:19-op-45987-DAP
34.   *Board of County Commissioners of Woodward*
      *County v. Purdue Pharma L.P., et al.*
      Case No. 1:20-op-45141-DAP
35.   *City of Ada v. Purdue Pharma L.P., et al*
      Case No. 1:19-op-45400-DAP
36.   *City of Altus v. Cephalon, Inc., et al.*
      Case No. 1:21-op-45046-DAP
37.   *City of Anadarko v. Purdue Pharma L.P., et al*
      Case No. 1:20-op-45022-DAP
38.   *City of Bethany v. Purdue Pharma L.P., et al*
      Case No. 1:19-op-46148-DAP
39.   *City of Broken Arrow v. Purdue Pharma L.P., et*
      *al* Case No. 1:19-op-45415-DAP
40.   *City of Edmond v. Purdue Pharma L.P., et al*
      Case No. 1:19-op-45496-DAP
41.   *City of Elk City v. Cephalon, Inc., et al.*
      Case No. 1:21-op-45017-DAP
42.   *City of Enid v. Purdue Pharma L.P., et al*
      Case No. 1:19-op-45717-DAP
43.   *City of Guthrie v. Purdue Pharma L.P., et al*
      Case No. 1:19-op-45497-DAP
44.   *City of Jenks v. Purdue Pharma L.P., et al.*
      Case No. 1:19-op-45858-DAP
45.   *City of Lawton v. Purdue Pharma L.P., et al*
      Case No. 1:19-op-45500-DAP

3

46.    *City of Midwest City v. Purdue Pharma L.P., et al*
       Case No. 1:19-op-45709-DAP
47.    *City of Mustang v. Purdue Pharma L.P., et al*
       Case No. 1:19-op-45708-DAP
48.    *City of Oklahoma City v. Purdue Pharma L.P., et al*
       Case No. 1:19-op-45498-DAP
49.    *City of Owasso v. Purdue Pharma L.P., et al*
       Case No. 1:19-op-45718-DAP
50.    *City of Ponca City v. Purdue Pharma L.P., et al*
       Case No. 1:19-op-45495-DAP
51.    *City of Seminole v. Purdue Pharma L.P., et al*
       Case No. 1:20-op-45004-DAP
52.    *City of Shawnee v. Purdue Pharma L.P., et al*
       Case No. 1:19-op-46155-DAP
53.    *City of Stillwater v. Cephalon, Inc., et al.*
       Case No. 1:21-op-45045-DAP
54.    *City of Tulsa v. Cephalon, Inc., et al.*
       Case No. 1:21-op-45024-DAP
55.    *City of Yukon v. Purdue Pharma L.P., et al*
       Case No. 1:19-op-45716-DAP

### JOINT MOTION FOR LEAVE TO FILE A
### MOTION SEEKING SUGGESTION OF REMAND

The fifty-five (55) Oklahoma cities and counties filing this Application have only asserted state-law claims against non-diverse defendants (the "Oklahoma State-Law Plaintiffs"), and hereby move the Court to grant the Oklahoma State-Law Plaintiffs' request for leave to file a motion seeking remand and/or suggestion of remand.  In support of this Application, the Oklahoma State-Law Plaintiffs state:

1.     The Court has had a mortarium on the filing of remand motions [Doc. No. 130].

2.     The United States Sixth Circuit Court of Appeals recently ordered the Court to begin deciding remand motions and to report to the Sixth Circuit every thirty days.  *See In re Harris County, Tx, et. al*., Case No. 21-3637, pg. 5 ("the district court has frequently decided representative issues and applied that disposition to other parties in lieu of permitting all parties to

file repetitive motions.  It has already taken this tack in addressing prior motions to remand, and we see no reason it cannot continue to employ this course to adjudicate the pending motions to remand.  The district court shall submit a status report every thirty (30) days advising the Court of the status of the pending motions and actions taken in compliance with this order.").

3.      In accordance with the Sixth Circuit Order, the Court recently remanded certain cases to Texas and New Mexico state court determining that it lacked subject matter jurisdiction over those claims.  [Doc. No. 4341].  However, those cases concerned the plaintiffs who sought the writ of mandamus from the Sixth Circuit and the Oklahoma State-Law Plaintiffs are unaware of the Court deciding any other pending remand motions.

4.      The 55 Oklahoma cities and counties joining this motion have only asserted state law claims against the defendants in their respective lawsuits and diversity does not exists.  Despite this, the majority of cases were transferred to this Court in the calendar years 2019 and 2020.  In the majority of cases, the remand issue was fully briefed in each transferor court by both the plaintiffs and defendants.[1]   Plaintiffs filed motions to expedite a decision on the remand issue while the Defendants filed motions to stay any ruling on the remand issue.

---

[1] Motions to remand were not filed in the transferor court by the following: *Bd. of County Comm'rs of Coal County v. Purdue Pharma L.P., et al.,* Case No. 1:20-op-45149-DAP; *Bd. of County Comm'rs of Choctaw County v. Purdue Pharma L.P., et al.,* Case No. 1:20-op-45257-DAP; *Bd. of County Comm'rs of Dewey County v. Purdue Pharma L.P., et al.,* Case No. 1:19-op-45801-DAP; *Bd. of County Comm'rs of Harper County v. Purdue Pharma L.P., et al.,* Case No. 1:19-op-45757-DAP; *Bd. of County Comm'rs of Johnston County v. Purdue Pharma L.P., et al.,* Case No. 1:19-op-45765-DAP; *Bd. of County Comm'rs of Kay County v. Purdue Pharma L.P., et al.,* Case No. 1:19-op-45989-DAP; *Bd. of County Comm'rs of Kiowa County v. Purdue Pharma L.P., et al.,* Case No. 1:19-op-45755-DAP; *Bd. of County Comm'rs of Stephens County v. Purdue Pharma L.P., et al.,* Case No. 1:19-op-45756-DAP.  These eight Oklahoma State-Law Plaintiffs requests that the Court grant them leave to file remand motions.  The claims asserted in the petitions are the same as the remainder of the Oklahoma State-Law Plaintiffs and the remand issue would be decided by the same arguments.

5.      It is unclear to the Oklahoma State-Law Plaintiffs whether the Court is independently addressing other pending remand motions or whether the Oklahoma State-Law Plaintiffs need to file a motion requesting the Court to remand and/or suggest remand of the Oklahoma State-Law Plaintiffs' cases.

6.      The remand arguments are the same in each case.  *See* Endo Health Solutions, Inc. and Endo Pharmaceutical Inc.'s Response in Opposition to Motion to Remand in *City of Stillwater v. Cephalon*, pg. 8, Case No. 5:20-cv-01269-D, [Dkt. #29] (W.D.Okla. February 10, 2021) ("more than 50 substantially similar suits were recently removed from Oklahoma state courts and transferred to the MDL with pending remand motions that present materially identical remand issues.").  The remand issue in the above captioned cases is ripe for a decision.

7.      The distributor defendants' sole argument for removal was that a substantial, actually disputed, federal issue was necessarily raised in the Oklahoma State-Law Plaintiffs' respective petitions.  The distributor defendants argued that the federal issue necessarily raised concerned compliance with the Federal Controlled Substance Act (the "FCSA").  The Oklahoma State-Law Plaintiffs' Petitions did not even cite to the FSCA.  Regardless, this Court has already found that the argument made by the distributor defendants for removal lacks merit.  *See In re: National Prescription Opiate Litigation*, No. 1:17-md-2804, 2019 WL 180246 (N.D. Ohio Jan. 14, 2019) (ruling that citations to FCSA in Kentucky's Complaint did not create federal jurisdiction, stating "[w]hile a determination of a duty and a violation of that duty under the FCSA will likely occur in examining Plaintiff's claims, so also will examination of [state] common law, statutes, and promulgated rules to determine Defendant's duty, if any, to prevent diversion of prescription drugs into illicit channels.  And to the extent, if any, that Plaintiff's claims are partially predicated on federal law, federal law would still not necessarily be raised.").

8.     The manufacturer defendants' sole argument for removal is that the distributor defendants, which include Oklahoma in-state distributor defendants, should be severed from the cases in order to fabricate diversity jurisdiction and permit the manufacturer defendants to properly remove the case.  This argument lacks merit.  All named defendants were properly joined as there existed common issue of law and fact.  *See* 12 Okla. Stat. § 2020(A)(2).  Furthermore, the request to sever was procedurally improper under Tenth Circuit law, should have been made to the state court prior to removal, and the criticized doctrine of fraudulent misjoinder has not been adopted by the Tenth Circuit.  *See, e.g., Halliburton v. Johnson & Johnson*, 983 F. Supp. 2d 1355, 1359-60 (W.D. Okla. 2013):

> Given this criticism and the lack of guidance by the Tenth Circuit, the court declines to adopt the procedural misjoinder doctrine and to extend it to the plaintiffs' claims at issue in these actions.  If plaintiffs' claims are in fact improperly joined under Oklahoma law, *the proper course of conduct for defendants would have been to file a motion to sever in state court and then remove the diverse claims*, if any.  *For this court to rule on joinder issues before determining whether it has subject matter jurisdiction puts the cart before the horse*; Rule 82 of the Federal Rules Civil Procedure does not permit the court to fashion subject matter jurisdiction by using the federal rules governing joinder and severance.  As complete diversity did not exist on the date of removal, removal of these actions under 28 U.S.C. §1332(a) was improvident.

(emphasis added).

9.     The above arguments and others to be articulated in the motion seeking suggestion of remand will demonstrate that the manufacturing defendants misapplied the law to remove the Oklahoma State-Law Plaintiffs' lawsuits and have them transferred to this Court.  All of defendants' arguments for removal should be rejected.

10.     Regardless, even if the Court were to accept the manufacturing defendants' arguments to fabricate diversity, the result would be that the distributor defendants would be left

in Oklahoma state court.  There is simply no basis for this Court to exercise subject matter jurisdiction over the Oklahoma State-Law Plaintiffs' claims against the distributor defendants.

11.     Despite this, the Oklahoma State-Law Plaintiffs are currently subject to the Court's 07-23-21 Case Management Order (the "07-23-21 CMO") because they were prevented from participating in the Distributor Settlement due to the condition made by the Settling Distributors that the State of Oklahoma must join the Distributor Settlement in order for the Oklahoma State-Law Plaintiffs to join.  The State would not join.

12.     The Oklahoma State-Law Plaintiffs have requested for the Settling Distributors to consent to remand and a stay of the deadlines in the Court's 07-23-21 CMO given that this Court lacks subject matter jurisdiction and has already rejected the sole argument made by the distributor defendants for removal.  The Settling Distributors have refused instead hoping to take advantage of the application of the 07-23-21 CMO's deadlines to the Oklahoma State-Law Plaintiffs.

13.     The issue of whether this Court has jurisdiction over the Oklahoma State-Law Plaintiffs' claims should be decided. *See in re Harris County, Tx*, et. al, Case No. 21-3637, pg. 5 (Sixth Cir. March 11, 2022), quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).  ("Subject matter jurisdiction is of paramount importance, given that it 'governs a court's adjudicatory capacity.'")

WHEREFORE, the Oklahoma State-Law Plaintiffs request that this Court grant it leave to file motion(s) seeking remand and/or suggestion of remand with respect to their cases.

Dated:  April 25, 2022            Respectfully submitted,

*/s/ Harrison C. Lujan*
HARRISON C. LUJAN, OBA #30154
MATTHEW J. SILL, OBA #21547
FULMER SILL LAW GROUP
P.O. Box 2448
1101 N. Broadway Ave., Suite 102
Oklahoma City, OK 73103
Phone/Fax: 405-510-0077
msill@fulmersill.com
hlujan@fulmersill.com

*-and-*

TONY G. PUCKETT, OBA #13336
TODD A. COURT, OBA #19438
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
405/235-9621; 405/235-0439 (FAX)
tony.puckett@mcafeetaft.com
todd.court@mcafeetaft.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on April 25, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System. A Notice of Electronic Filing will be automatically transmitted to all persons who have entered either appearance as ECF registrants in this case.

*/s/ Harrison C. Lujan*