UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>    *County of Lake, Ohio v. Purdue Pharma L.P., et al.*,<br>       Case No. 18-op-45032 (N.D. Ohio)<br><br>    *County of Trumbull, Ohio v. Purdue Pharma, L.P., et al.*,<br>       Case No. 18-op-45079 (N.D. Ohio)<br><br>"Track 3 Cases" | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**TRACK 3 DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS**

The Track 3 Defendants submit the following objections to Plaintiffs' exhibits, pursuant to the Track Three Abatement Phase Trial Order. Dkt. 4322. Plaintiffs' Exhibit List includes thirteen marked exhibits described broadly as Plaintiffs' expert reports but that actually spans thousands of individual documents that Plaintiffs' experts relied upon or considered in forming their opinions. These exhibits also include back-up tables, appendices, and even an unidentified expert "production" all combined into these thirteen exhibits without being individually identified. Defendants assert the following objections to Plaintiffs' exhibits, which are also asserted on an exhibit-by-exhibit basis in Exhibit A.

First, Defendants object to Plaintiffs' expert reports marked as P-23100, P-23105, P-23116, P-23127, and P-23128 as inadmissible hearsay. *See* Fed. R. Evid. 801, 802. Expert reports prepared in anticipation of trial are inadmissible hearsay. *See Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 729 (6th Cir. 1994). "Rules 702 and 703 carve out a narrow exception to the rule against

1

the admission of hearsay" to allow experts to "testify as to their opinion, and rely on inadmissible evidence" in forming those expert opinions. *Id.* But "[n]either their written opinions nor the materials on which they relied [are] admissible under Rules 702 and 703." *Id.* (district court's "conclusion that Rules 702 and 703 permit the admission of [testifying experts' pre-trial reports] was erroneous"); *see also United States v. United Techs. Corp.*, No. 3:99-cv-093, 2005 WL 6199561, at *3 (S.D. Ohio Feb. 2, 2005) (refusing to consider expert report as substantive evidence in bench trial and relying on expert report "solely as a basis for the expert opinion"). To be clear, Defendants do not object on hearsay grounds to admitting the experts' abatement-related opinions (through testimony or exhibit) that are disclosed in their reports. Nor do Defendants object to the Court reviewing the expert reports in advance of the trial to aid its preparation. But it appears that Plaintiffs seek to do more and to use their expert reports as vehicles to introduce other, inadmissible material to try to cite in post-trial briefs and on appeal.

Second, Defendants object on multiple grounds to Plaintiffs' exhibits P-23101, P-23104, P-23106, P-23117, P-23118, P-23119, and P-23129, which contain materials relied upon or considered as well as an expert "production." Plaintiffs offer these materials in single compilation exhibits for each expert. This approach violates the Track Three Abatement Phase Trial Order, which directs the parties "to adhere to [the] exhibit-list formatting" in the Revised Case Management Order for Track Three. Dkt. 4322 at 4. That order requires the parties to "separately identify the individual documents within the compilation exhibit." Dkt. 3595-2 at 5–6; *see also Hobson v. Mattis*, No. 3:14-cv-1540, 2017 WL 11475404, at *17 (M.D. Tenn. Sept. 11, 2017) (granting motion to exclude compilation exhibit because—although "[s]ome of the individual documents" within the exhibit may have been admissible—"the plaintiff would need to introduce them individually" and establish admissibility "as to each"). Plaintiffs have not identified the

2

individual documents they intend to offer but have only broadly described materials, such as "Supplemental Material Considered List for Katherine Keyes, PHD." Dkt. 4353 at 4. These compilation exhibits contain thousands of individual documents. Any materials Plaintiffs intend to use at trial should be identified separately now so that Plaintiffs provide notice of the documents they may offer as exhibits, Defendants can assert any appropriate objections, and the Court can determine whether the particular document is admissible.

Moreover, the thousands of individual documents in these reliance and other expert materials are subject to various other objections depending on how Plaintiffs try to use the documents at trial. For example, Defendants object to all the reliance materials that are inadmissible hearsay. *See* Fed. R. Evid. 801, 802; *see also Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, No. 1:06CV2781, 2009 WL 10689369, at *2 (N.D. Ohio Oct. 23, 2009) (J. Lioi) (citing Fed. R. Evid. 803, *United States v. Stone*, 222 F.R.D. 334, 339 (E.D. Tenn. 2004)) ("The inadmissible evidence relied upon by the expert does not become admissible simply because the expert relied upon it in forming his opinions."). Defendants may object to the authenticity of some of these materials. *See* Fed. R. Evid. 901. Defendants may also object to some of these materials as irrelevant given that they relate to issues relevant to the liability phase, not the current abatement phase of the trial. *See* Fed. R. Evid. 401, 402. In addition, if Plaintiffs offer reliance materials through their own experts, then they may lack foundation. *See* Fed. R. Evid. 602. Defendants further object to any materials offered with an expert where the individual document was not relied upon in forming the expert's opinion, which is the difference between the "reliance materials" and "materials considered" or "materials consulted" lists provided by each Plaintiffs' expert. (Ex. B, Alexander Dep. at 125:5–9 (May 27, 2021) ("But there are, you know, six hundred plus references in my report. And then we identified, I don't know, two hundred or however many

3

in the additional materials that I consulted but didn't use directly.").) For these reasons, to the extent the Court may entertain admitting portions of Plaintiffs' compilation exhibits, it would be more efficient for the Court and the parties to address the admissibility of these materials on a document-by-document basis.

Defendants reserve the right to assert additional objections to Plaintiffs' exhibits at trial.

Dated: April 26, 2022

Respectfully submitted,

/s/ John M. Majoras
John M. Majoras
Benjamin C. Mizer
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com
E-mail: bmizer@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*


/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Jeffrey A. Hall
Bartlit Beck LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
jeff.hall@bartlitbeck.com


Katherine L.I. Hacker
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
kat.hacker@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

5

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system on all counsel of record on April 26, 2022.

                                            */s/ Kaspar J. Stoffelmayr*
                                            Kaspar J. Stoffelmayr
                                            Bartlit Beck LLP
                                            54 West Hubbard Street
                                            Chicago, IL 60654
                                            Tel: (312) 494-4400
                                            Fax: (312) 494-4440
                                            kaspar.stoffelmayr@bartlitbeck.com

                                            *Counsel for Walgreens Boots Alliance, Inc.,*
                                            *Walgreen Co., and Walgreen Eastern Co., Inc.*