## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

This document relates to:

      *County of Lake, Ohio v. Purdue*
      *Pharma L.P., et al.*,
        Case No. 18-op-45032 (N.D. Ohio)

      *County of Trumbull, Ohio v. Purdue*
      *Pharma, L.P., et al.*,
        Case No. 18-op-45079 (N.D. Ohio)

"Track 3 Cases"

**MDL No. 2804**
**Case No. 17-md-2804**
**Judge Dan Aaron Polster**

## TRACK 3 DEFENDANTS' BRIEF CONCERNING
## THE INADMISSIBILITY OF EXPERT REPORTS

Under settled Sixth Circuit law, a party's expert reports are inadmissible hearsay when offered by that party. *See, e.g.*, *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 729 (6th Cir. 1994) ("[C]onclusion that Rules 702 and 703 permit the admission of [testifying experts' pre-trial] reports was erroneous."). "Rules 702 and 703 carve out a narrow exception to the rule against the admission of hearsay" to allow experts to "testify as to their opinion, and rely on inadmissible evidence" in forming those opinions. *Id.* But "[n]either their written opinions nor the materials on which they relied [are] admissible under Rules 702 and 703." *Id.*; *see also Cent. On Line Data Sys., Inc. v. Filenet Corp.*, 99 F.3d 1138, at *9 (6th Cir. 1996) (unpublished table decision) (affirming district court's refusal to admit expert report: "It cannot be error to refuse to admit that which is not admissible under the Federal Rules of Evidence.").[1]

The rule in bench trials is no different. Fed. R. Evid. 1101; *see also United States v. United Techs. Corp.*, No. 3:99-cv-093, 2005 WL 6199561, at *3 (S.D. Ohio Feb. 2, 2005) (refusing to consider expert report as substantive evidence in bench trial and relying on expert report "solely as a basis for the expert opinion"); *Grand Acadian, Inc. v. United States*, 101 Fed. Cl. 398, 405 (Fed. Cl. 2011) (holding, in bench trial "expert reports are inadmissible hearsay"); *cf. Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006) ("Although the district court relied on both the

---

[1] The Sixth Circuit is not alone in holding that expert reports are inadmissible. *See, e.g.*, *Henderson v. Black Elk Energy Offshore Operations, LLC*, 783 F. App'x 380, 381–82 (5th Cir. 2019) (affirming "district court [decision] excluding an expert report"); *Jones ex rel. United States v. Mass. Gen. Hosp.*, 780 F.3d 479, 494 (1st Cir. 2015) (describing expert report, including an appendix, as "a quintessential example of hearsay"); *Hunt v. City of Portland*, 599 F. App'x 620, 621 (9th Cir. 2013) ("[W]e conclude that it was error for the district court to admit the inadmissible report."); *Potts v. Sam's Wholesale Club*, 108 F.3d 1388, at *3 (10th Cir. 1997) (unpublished table decision) ("The magistrate judge was therefore correct to conclude that the report was hearsay."); *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir. 1983) (export report cannot be offered as "general proof of the truth of the underlying matter"); *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 328 (N.D. Ill. 2008) ("[T]he report, itself, would not be admissible at trial . . . for it is hearsay in its most pristine form.").

Bukowski Report and the Quillen Affidavit, the Bukowski Report is unsworn and thus is hearsay, which may not be considered on a motion for summary judgment."). In the Track Two bench trial in West Virginia, Judge Faber likewise excluded expert reports. *See* Ex. A (Trial Tr. at 8:4–6 (June 29, 2021) ("The rules well establish that expert reports are hearsay and not admissible in the evidence.")).

Defendants advised Plaintiffs of this objection to the admission of their expert reports—which contain multiple levels of hearsay and other inadmissible statements—and reliance materials several weeks ago. Defendants also memorialized these objections in their Trial Briefs, (Dkts. 4385, 4386), and Objections to Plaintiffs' Exhibits, (Dkt. 4390). Defendants do not object to the Court's review of the reports for background purposes as contemplated by the Trial Order. Dkt. 4322 at 3. This will permit shorter, streamlined trial presentations of the experts' opinions and rationales, and will give the parties enough time for all examinations in the time allotted by the Court. This is especially so with regard to Plaintiffs' experts Dr. Alexander and Dr. Keyes, who the Court previously had an opportunity to evaluate in the Phase I trial.

Nor do Defendants object to reasonable alternative options to present admissible expert testimony—for instance, through the submission of written testimony of experts' opinions. Defendants will conduct short direct examinations of one or more of their experts, which may be necessary in any event as Plaintiffs indicated that they may seek to exclude some of these experts. Dkt. 4387 at 24. But Defendants would not object if the Court made available the submission of appropriate written testimony of experts' opinions as one option at each party's disposal.

For the reasons set forth above, Defendants object to the admission of expert reports as substantive evidence at the abatement trial.

Dated: April 28, 2022

Respectfully submitted,
*/s/ John M. Majoras*
John M. Majoras
Benjamin C. Mizer
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com
E-mail: bmizer@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio
CVS Stores, L.L.C., CVS TN Distribution,
L.L.C., CVS Rx Services, Inc., and CVS
Indiana, L.L.C.*


/s/ Jeffrey A. Hall
Kaspar J. Stoffelmayr
Jeffrey A. Hall
Bartlit Beck LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
jeff.hall@bartlitbeck.com

Katherine L.I. Hacker
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
kat.hacker@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.,
Walgreen Co., and Walgreen Eastern Co., Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system on all counsel of record on April 28, 2022.

*/s/ Jeffrey A. Hall*
.