# EXHIBIT A

```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON

_____x
                              :
THE CITY OF HUNTINGTON,       :     Civil Action
                              :
              Plaintiff,      :     No.  3:17-cv-01362
                              :
v.                            :
                              :
AMERISOURCEBERGEN DRUG        :
CORPORATION, et al.,          :
                              :
              Defendants.     :
_____x
                              :
CABELL COUNTY COMMISSION,     :     Civil Action
                              :
              Plaintiff,      :     No. 3:17-cv-01665
                              :
v.                            :
                              :
AMERISOURCEBERGEN DRUG        :
CORPORATION, et al.,          :
                              :
              Defendants.     :
_____x


              BENCH TRIAL - VOLUME 31
   BEFORE THE HONORABLE DAVID A. FABER, SENIOR STATUS JUDGE
              UNITED STATES DISTRICT COURT
              IN CHARLESTON, WEST VIRGINIA


                      JUNE 29, 2021
```

1   PROCEEDINGS had before The Honorable David A.
2   Faber, Senior Status Judge, United States District
3   Court, Southern District of West Virginia, in
4   Charleston, West Virginia, on June 29, 2021, at 9:00
5   a.m., as follows:
6   THE COURT: Welcome back, Mr. Fuller. Do you have
7   something you want to do here?
8   MR. FULLER: Yeah, Judge. I figured you needed a
9   little disruption first thing, so I will admit some more
10  documents.
11  Judge, plaintiffs are going to admit the following P
12  numbers: 4201, 42104. I'm sorry. Let me start over.
13  42101, 42104, 42105, 42106, 42108, 42109, 42110, 42111,
14  42112, 42119, 42120, 42121, 42122, 42124, 42 -- 42125, 42126
15  and 42127.
16  They're being admitted by stipulation, Judge, and I
17  will hand the clerk a thumb drive with everything on it.
18  And if I did make a mistake, because the defense is
19  still reviewing them, they're all Cardinal docs for
20  everybody else, they're going to let me know and we'll fix
21  it. And that takes care of it.
22  All of those are plaintiffs' documents.
23  THE COURT: Okay. Thank you, Mr. Fuller.
24  MR. FULLER: Thank you, Judge.
25  THE COURT: Before we get back to Dr. Alexander,

```
1   the issue on the admissibility of his redress model is
2   before the Court and we've read the briefs and done a good
3   bit of work on it ourselves and the expert -- the exhibit at
4   issue here was part of Dr. Alexander's expert report.  The
5   rules well establish that expert reports are hearsay and not
6   admissible in the evidence.
7        The exhibit here at issue is not a summary that would
8   be admissible under Rule 1006, but instead, is a portion of
9   the report lifted from the report.
10       Dr. Alexander was permitted to refer to the challenged
11  exhibit as a demonstrative during his testimony and I
12  conditionally admitted it.  The plaintiffs insist it's a
13  necessary basis for the testimony of the expert Barrett.
14       Rule 703 permits experts to rely on matters that need
15  not be admissible.  So, the Court is going to sustain the
16  objection to admission of the exhibit drawn from Dr.
17  Alexander's report, but the witness Barrett may testify with
18  regard thereto if relied upon in forming the expert opinion.
19  I think Rule 703 permits that.
20       So, Dr. Alexander, we're back to you.
21       And, Ms. Singer, you may re-direct, if you wish.
22            MS. SINGER:  Thank you.  And good morning, Your
23  Honor.
24        Good morning, Dr. Alexander.
25            THE WITNESS:  Good morning.
```

1    MS. SINGER:  So, I made a promise.  I'm going to
2 try to keep it, Your Honor.
3    THE COURT:  Good.

**REDIRECT EXAMINATION**

**BY MS. SINGER:**

Q.  Dr. Alexander, you were asked questions yesterday on cross examination about whether the abatement plan contemplates services for people who had not used opioids or not used opioids before 2021.  Do you recall those questions?

A.  Yes, I do.

Q.  Now, you were asked some hypothetical questions and I want to ask you a non-hypothetical question.  Is it reasonable to assume that individuals will continue to develop addiction as a result of the epidemic that exists right now in Cabell County and the City of Huntington?

A.  Yes, it is.

Q.  And in your expert opinion will individuals who are not current or past opioid users still be harmed by the opioid epidemic that exists in this community?

A.  Yes, they will.

Q.  And can you explain the basis for that opinion?

A.  Sure. Well, the opioid epidemic, I mean, I discussed yesterday one example of this, which is the intergenerational perpetuation of addiction.  So, there are

```
1    in our report is also in other State Attorney General action
2    reports that he published.
3              THE COURT:  Well, his testimony is what it is and
4    at some point, I'll read it.  So --
5              MR. HESTER:  Yes, Your Honor.
6              THE COURT:  Anything else before we adjourn until
7    tomorrow?
8         (No Response)
9              THE COURT:  Okay.  I'll see everybody in the
10   morning.
11        (Trial recessed at 4:46 p.m.)
12
13        CERTIFICATION:
14               I, Ayme A. Cochran, Official Court Reporter,
15   and I, Lisa A. Cook, Official Court Reporter, certify that
16   the foregoing is a correct transcript from the record of
17   proceedings in the matter of The City of Huntington, et al.,
18   Plaintiffs vs. AmerisourceBergen Drug Corporation, et al.,
19   Defendants, Civil Action No. 3:17-cv-01362 and Civil Action
20   No. 3:17-cv-01665, as reported on June 29, 2021.
21
22            S\Ayme A. Cochran            s\Lisa A. Cook
23                Reporter                    Reporter
24          _
25
```

*Ayme A. Cochran, RMR, CRR (304) 347-3128*

```
 1              June 29, 2021
 2                 Date
```