# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All cases identified in Exhibit A* | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

## SETTLING DISTRIBUTORS' CORRECTED MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING NEW YORK SUBDIVISIONS AS BARRED BY STATUTE*

---

\* The final two pages of Exhibit C to this Motion (titled "Release of Opioid-Related Claims Pursuant to the Distributors New York Settlement Agreement and New York Mental Hygiene Law Section 25.18(d)") as originally filed inadvertently included an outdated version of that document (which erroneously omitted AmerisourceBergen Corporation from definition of "Distributors" due to a typographical error).  This corrected filing is made only to replace the final two pages of Exhibit C with the corresponding corrected pages that were previously filed with the New York court.  *See* NYSCEF No. 8959.

TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1
BACKGROUND ................................................................................................................ 1
ARGUMENT ..................................................................................................................... 3
    I.     The Nonparticipating Entities Are "Government Entities" For Purposes Of The Statutory Prohibition. ................................................................................................ 3
    II.    The Nonparticipating Entities' Claims Were Released By The Attorney General. ........... 5
    III.   All Of The Nonparticipating Entities' Lawsuits Were Filed After The Statutory Deadline ...................................................................................................................... 6
CONCLUSION................................................................................................................... 6

## INTRODUCTION

Settling Distributor Defendants (referred to herein as "Settling Distributors")[1] move this Court to dismiss all claims against Settling Distributors in cases filed by certain New York government entities (the "Nonparticipating Entities") and consolidated in this MDL proceeding on the ground that the claims are barred by New York statute.  In furtherance of statewide opioid settlement agreements entered into by the New York Attorney General, the recently passed amendments to New York Mental Hygiene Law § 25.18(d) extinguish by operation of law certain claims brought by New York "government entities" against the Settling Distributors.  As discussed further below, the Nonparticipating Entities, the claims they assert, and the Settling Distributors they assert those claims against all fall within the scope of the statutory prohibition.

Because the Nonparticipating Entities are statutorily barred from proceeding with any of the claims against the Settling Distributors currently pending before this Court (a list of these cases is attached as **Exhibit A**), Settling Distributors request that the Court enter an order and final judgment, pursuant to Fed. R. Civ. P. 54(b), dismissing the claims against the Settling Distributors in the cases listed in Exhibit A.

## BACKGROUND

On July 20, 2021, the Attorney General for the State of New York entered into a settlement agreement and release between the State of New York and the Settling Distributors to resolve the myriad lawsuits brought by state government entities against the Settling Distributors, based on their distribution of prescription opioids.  *See* **Exhibit B**.  The New York

---

[1] The Settling Distributors are AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Bellco Drug Corp., American Medical Distributors, Inc., McKesson Corporation, PSS World Medical, Inc., Cardinal Health, Inc., and Kinray LLC, as well as any other Released Entities, as that term is defined in the New York Agreement, that have been named as defendants in any of the cases listed in Exhibit A. *See* Exhibit A; Exhibit B at 8-9 & Ex. F thereto.

1

Agreement was specifically "intended to parallel the terms of the Distributor Global Settlement Agreement," with which this Court is familiar.  Exhibit B at 1.  To facilitate settlements between the New York Attorney General and defendants in the opioid litigation, the New York State Legislature amended the New York Mental Hygiene Law, effective June 29, 2021, to create a statewide opioid settlement fund comprised of specified proceeds from the statewide settlements.  *See generally* N.Y. Mental Hyg. Law § 25.18.  The amendment provides that the statewide opioid settlement fund will be disbursed to eligible and qualifying political subdivisions within the State who have submitted Subdivision Settlement Participation Forms.  *See id.*

Of critical relevance here, the amendment sets forth what happens to claims filed by political subdivisions like those of the Nonparticipating Entities here.  The amendment provides that "[n]o government entity shall have the authority to assert released claims against entities released by the department of law in a statewide opioid settlement agreement executed by the department of law and the released party on or after June first, two thousand twenty-one."  *Id.* § 25.18(d).  Furthermore, "[a]ny action filed by a government entity after June thirtieth, two thousand nineteen asserting released claims against a manufacturer, distributor, or dispenser of opioid products shall be extinguished by operation of law upon being released by the department of law in such statewide opioid settlement agreement."  *Id.*[2]

"Government entity" is defined to include "any governmental subdivision within the boundaries of the state of New York, including, but not limited to, counties, municipalities, districts, towns and/or villages, and any of their subdivisions, special districts and school districts, and any department, agency, division, board, commission and/or instrumentality

---

[2] By statute, the New York Attorney General is the "head of the department of law."  N.Y. Exec. Law § 60.

2

thereof." *Id.* § 25.18(a)(2).  "Released claims" are given the same meaning as "such term is defined in the statewide opioid settlement agreements." *Id.* § 25.18(a)(5).  And "Released entities" are given the same meaning "as such term is defined in the statewide opioid settlement agreements."  *Id.* § 25.18(a)(6).  The definitions of those terms in the New York Agreement are substantially identical to the definitions in the Distributor Global Settlement Agreement.

## ARGUMENT

By its terms, § 25.18(d) of the amended Mental Hygiene Law extinguishes claims against Settling Distributors by political subdivisions if three elements are met.  First, the party asserting the claims must be a "government entity."  Second, the "government entity" must be asserting "released claims" as defined in the statewide settlement agreement against Settling Distributors.  And third, the action must have been filed after June 30, 2019.  As discussed in further detail below, each of these elements is met as to all of the claims against the Settling Distributors in the lawsuits listed in Exhibit A, and thus dismissal of those claims is appropriate.

**I.  The Nonparticipating Entities Are "Government Entities" For Purposes Of The Statutory Prohibition.**

As noted, the amendments to the Mental Hygiene Law broadly define "government entities" to include standard "governmental subdivision[s]" in New York like "counties, municipalities, districts, towns and/or villages," but also "any department, agency, division, board, commission and/or instrumentality thereof." N.Y. Mental Hyg. Law § 25.18(a)(2)(ii).  A review of Exhibit A reveals that all of the Nonparticipating Entities fall within the scope of this broad definition.

***Cities, Towns, and Villages.***  Many of the Nonparticipating Entities fall within the scope of the statutory definition of "government entities" as cities, towns, and villages.  The statute

3

specifically identifies these types of municipal bodies as "government entities." *See* N.Y. Mental Hyg. Law § 25.18(a)(2)(ii); *see also* Exhibit A.

***Districts.*** A number of other Nonparticipating Entities are districts, including: fire districts; water districts; and school districts. The statute expressly includes "districts" within the definition of "government entities." *See* N.Y. Mental Hyg. Law § 25.18(a)(2)(ii); *see also* Exhibit A.

***Public Libraries.*** The four libraries listed as Nonparticipating Entities in Exhibit A—Merrick Public Library, West Hampstead Public Library, Plainview-Old Bethpage Public Library, and Rockville Centre Public Library—are listed as "Special Districts" by the U.S. Census Bureau. *See* 2017 Governmental Units Listing, U.S. Census Bureau, *available at* https://www.census.gov/data/datasets/2017/econ/gus/public-use-files.html (last visited April 20, 2022). The statute expressly includes "special districts" like these four entities within the definition of "government entities." *See* N.Y. Mental Hyg. Law § 25.18(a)(2)(ii). At least two of these entities also expressly note their state affiliation on their websites. *See* About the Library & Board of Trustees, Merrick Library, *available at* https://www.merricklibrary.org/board-of-trustees/ (last visited April 20, 2022); Board of Trustees, West Hempstead Public Library, *available at* https://www.whplibrary.org/board-of-trustees/ (last visited April 20, 2022).

***Nassau University Medical Center***. The Nassau University Medical Center is a public entity operated by a public benefits corporation—the Nassau Health Care Corporation—created by Nassau County and the State of New York, and has been treated as such in past lawsuits. *See* Our History, Nassau University Medical Center, *available at* https://www.numc.edu/about/our-history/ (last visited April 20, 2022); *Yates v. Singh*, No. 601020/18, 2018 N.Y. Misc. LEXIS 3189, at *9 (N.Y. Sup. Ct. Nassau Cnty. June 22, 2018) (in suit involving, *inter alia*, Nassau

4

University Medical Center, the court referred to it as a "public entity"). Because the statutory definition of "government entities" specifically includes any "department, agency, division, board, commission and/or instrumentality" of a "count[y]," the Medical Center is a "governmental entity" under the statute as well. *See* N.Y. Mental Hyg. Law § 25.18(a)(2)(ii).

Given the foregoing, the Nonparticipating Entities all fall within the scope of "government entities" that are statutorily precluded from maintaining suits against Settling Distributors.

**II.     The Nonparticipating Entities' Claims Were Released By The Attorney General.**

The claims asserted in each of the Nonparticipating Entities' cases identified in Exhibit A were released by the New York Attorney General, thus satisfying the second statutory bar requirement.

The amendment provides that "released claims against a manufacturer, distributor, or dispenser of opioid products shall be extinguished by operation of law upon being released by the department of law in such statewide opioid settlement agreement." N.Y. Mental Hyg. Law § 25.18(d). As noted, on July 20, 2021, the New York Attorney General (in her capacity as head of the department of law) entered into a full and final statewide opioid settlement agreement and release. *See* Exhibit B.  That settlement agreement released Settling Distributors from "all Claims for Covered Conduct" and was drafted broadly to "bar[] any further future claims or demands of any kind or character whatsoever as a result of or relating to the Covered Conduct." *Id.* at 4.  "Covered Conduct" in turn is broadly defined to cover, *inter alia,* any claim related to the distribution of prescription opioids, including reporting or non-reporting of orders, diversion control programs, or suspicious order monitoring.  The Attorney General made the determination that the settlement, including resolution of all subdivision claims, was in the State's best interests.

5

The Attorney General explicitly stated in her November 17, 2021 Letter and Release of Opioid-Related Claims Pursuant to the Distributors New York Settlement Agreement and New York Mental Hygiene Law § 25.18(d), that the Attorney General had obtained the authority to settle and release, to the maximum extent of the State's power, all Released Claims, and that the New York Agreement constitutes a "statewide opioid settlement agreement" under § 25.18(d) of the Mental Hygiene Law.  See **Exhibit C**.  And the Attorney General had good reason to exercise this authority because, under the settlement, resolution of all subdivision claims, including through the statutory bar, maximizes settlement bonus payments to the State of New York.  See Exhibit B at 17-22.

Here, there can be no dispute that the claims against the Settling Distributors in all of the complaints listed in Exhibit A and consolidated for pretrial purposes in this MDL fall within the scope of the release and thus fall within the scope of the statutory prohibition in § 25.18(d).

### III.  All Of The Nonparticipating Entities' Lawsuits Were Filed After The Statutory Deadline

Third, and finally, the amendment applies to claims filed "after June thirtieth, two thousand nineteen." N.Y. Mental Hyg. Law § 25.18(d).  All of the Nonparticipating Entities' lawsuits were filed after the June 30, 2019 cutoff.  See Exhibit A.  Accordingly, all three criteria for the statutory bar set forth in § 25.18(d) are met, and the Nonparticipating Entities' lawsuits should be dismissed.

### CONCLUSION

For the foregoing reasons, Settling Distributors respectfully request that this Court dismiss all claims against Settling Distributors in the lawsuits identified in Exhibit A as statutorily barred by New York Mental Hygiene Law § 25.18(d).

Dated: April 27, 2022

Respectfully submitted,

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Mark H. Lynch
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*