*SETTLING DISTRIBUTORS' MOTION TO DISMISS*
*CLAIMS FILED BY NON-PARTICIPATING NEW YORK*
*SUBDIVISIONS AS BARRED BY STATUTE*

# EXHIBIT C



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION

November 17, 2021

<u>Via Electronic Mail and Overnight Courier</u>

Michael T. Reynolds, Esq.
Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019

Salvatore C. Badala, Esq.
Napoli Shkolnik PLLC
400 Broadhollow Road
Melville, NY  11747

Elaine Golin, Esq.
Wachtell, Lipton, Rosen & Katz
51 west 52nd Street
New York, NY  10019

Jayne Conroy, Esq.
Simmons Hanly Conroy LLC
112 Madison Avenue
7th Floor
New York, NY  10016

Thomas J. Perrelli, Esq.
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC  20001-4412

**Re:     Distributors New York Settlement Agreement**

Dear Counsel:

I am writing on behalf of the State of New York to provide notice of the State's compliance with certain provisions of the Distributors New York Settlement Agreement executed on July 20, 2021 ("Agreement") as of today, the *Initial Participation Date*.[1]

With respect to the *Incentive Payments*, the State has satisfied the eligibility requirements for *Incentive Payment A* under Section V.F.1 of the Agreement because: (i) pursuant to New York Mental Hygiene Law § 25.18(d), there is a *Bar* in full force and effect that enjoins all *Non-Litigating Subdivisions* from asserting any *Released Claims* against the *Released Entities* and extinguishes by operation of law all claims asserted by all *Litigating Subdivisions* against the *Released Entities* in any actions commenced after June 30, 2019 ("Barred Litigating

---

[1] The definitions set forth in Section II of the Agreement apply to all italicized terms used in this letter.



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES                                              EXECUTIVE DIVISION
ATTORNEY GENERAL

Subdivisions"); and (ii) 100% of all *Litigating Subdivisions* with claims asserted against the *Released Entities* in actions commenced on or before June 30, 2019 have become *Initial Participating Subdivisions* by virtue of executing the required *Subdivision Settlement Participation Forms* ("Releasing Subdivisions"). The State has provided today copies of the executed forms to Rubris, and a list of all Releasing Subdivisions and Barred Litigating Subdivisions is attached for your reference.

      With respect to Section III of the Agreement, the Attorney General has satisfied condition III.A by obtaining the authority to settle and release, to the maximum extent of the State's power, all *Released Claims* of the entities set forth in Section X.E of the Agreement and has executed today a release of all *Claims* for *Covered Conduct*, a copy of which is attached.

      Sincerely,

Andrew Amer
Special Counsel

Encls.
cc: Jennifer Levy, Esq.

Schedule to 11-17-21 Letter

**Releasing Subdivisions**

ALBANY CITY
ALBANY COUNTY
ALLEGANY COUNTY
AMHERST TOWN
AMSTERDAM CITY
AUBURN CITY
BROOME COUNTY
BUFFALO CITY
CATTARAUGUS COUNTY
CAYUGA COUNTY
CHAUTAUQUA COUNTY
CHEEKTOWAGA TOWN
CHEMUNG COUNTY
CHENANGO COUNTY
CLINTON COUNTY
COLUMBIA COUNTY
CORTLAND COUNTY
DUTCHESS COUNTY
ERIE COUNTY
ESSEX COUNTY
FRANKLIN COUNTY
FULTON COUNTY
GENESEE COUNTY
GENEVA CITY
GREENE COUNTY
HAMILTON COUNTY
HERKIMER COUNTY
HERKIMER VILLAGE
ITHACA CITY
JEFFERSON COUNTY
LACKAWANNA CITY
LANCASTER TOWN
LEWIS COUNTY
LIVINGSTON COUNTY
MADISON COUNTY
MONROE COUNTY
MONTGOMERY COUNTY

Schedule to 11-17-21 Letter

MOUNT VERNON CITY
NASSAU COUNTY
NEW YORK CITY
NIAGARA COUNTY

OGDENSBURG CITY
ONEIDA COUNTY
ONONDAGA COUNTY
ONTARIO COUNTY
ORANGE COUNTY
ORLEANS COUNTY
OSWEGO COUNTY
OTSEGO COUNTY
PLATTSBURGH CITY
POUGHKEEPSIE CITY
PUTNAM COUNTY
RENSSELAER COUNTY
ROCHESTER CITY

ROCKLAND COUNTY
ROME CITY
SARATOGA COUNTY
SARATOGA SPRINGS CITY
SCHENECTADY CITY
SCHENECTADY COUNTY
SCHOHARIE COUNTY
SCHUYLER COUNTY
SENECA COUNTY
ST LAWRENCE COUNTY
STEUBEN COUNTY
SUFFOLK COUNTY
SULLIVAN COUNTY
SYRACUSE CITY
TIOGA COUNTY
TOMPKINS COUNTY
TONAWANDA TOWN
TROY CITY
ULSTER COUNTY
UTICA
WARREN COUNTY

Schedule to 11-17-21 Letter

WASHINGTON COUNTY
WESTCHESTER COUNTY
WYOMING COUNTY
YATES COUNTY
YONKERS CITY

**Barred Litigating Subdivisions**

AMITYVILLE VILLAGE
BABYLON TOWN
BABYLON VILLAGE
BELLPORT VILLAGE
BROOKHAVEN TOWN
CLARKSTOWN TOWN
EAST HAMPTON TOWN
EAST ROCKAWAY VILLAGE
FARMINGDALE VILLAGE
FLORAL PARK VILLAGE
GARDEN CITY VILLAGE
GREAT NECK VILLAGE
GREENPORT VILLAGE
HAVERSTRAW TOWN
HEMPSTEAD TOWN
HEMPSTEAD VILLAGE
HUNTINGTON TOWN
ISLAND PARK VILLAGE
ISLANDIA VILLAGE
ISLIP TOWN
KINGSTON CITY
LAKE GROVE VILLAGE
LAWRENCE VILLAGE
LINDENHURST VILLAGE
LLOYD HARBOR VILLAGE
LONG BEACH CITY
LYNBROOK VILLAGE
MASSAPEQUA PARK VILLAGE
MILL NECK VILLAGE
MILLERTON VILLAGE
NEW HYDE PARK VILLAGE
NISSEQUOGUE VILLAGE
NORTH HEMPSTEAD TOWN

Schedule to 11-17-21 Letter

NORTHPORT VILLAGE
OLD WESTBURY VILLAGE
ORANGETOWN TOWN
OYSTER BAY TOWN
PATCHOGUE VILLAGE
POQUOTT VILLAGE
PORT WASHINGTON NORTH VILLAGE
POUGHKEEPSIE TOWN
RAMAPO TOWN
RIVERHEAD TOWN
SALTAIRE VILLAGE
SMITHTOWN TOWN
SOUTHAMPTON TOWN
SOUTHOLD TOWN
STEWART MANOR VILLAGE
STONY POINT TOWN
SUFFERN VILLAGE
VALLEY STREAM VILLAGE
VILLAGE OF THE BRANCH VILLAGE
WAPPINGER TOWN
WAPPINGERS FALLS VILLAGE
WEST HAMPTON DUNES VILLAGE
WEST HAVERSTRAW VILLAGE
WESTBURY VILLAGE

**Special Districts**
BELLMORE FIRE DISTRICT
BOARD OF ED. OF ROCHESTER CITY SCHOOL DIST. (NY)
CENTEREACH FIRE DISTRICT
CENTERPORT FIRE DISTRICT
ERIE COUNTY MEDICAL CENTER CORPORATION, ET AL.*
HAUPPAUGE FIRE DISTRICT
HICKSVILLE WATER DISTRICT
ISLIP TERRACE FIRE DISTRICT
LEVITTOWN FIRE DISTRICT
MELVILLE FIRE DISTRICT
MERRICK LIBRARY (NY)
MILLER PLACE FIRE DISTRICT
MOUNT SINAI FIRE DISTRICT
NASSAU UNIVERSITY MEDICAL CENTER*
NESCONSET FIRE DISTRICT

Schedule to 11-17-21 Letter

NORTH MERRICK FIRE DISTRICT
NORTH PATCHOGUE FIRE DISTRICT
PLAINVIEW - OLD BETHPAGE PUBLIC LIBRARY (NY)
PORT WASHINGTON WATER DISTRICT
RIDGE FIRE DISTRICT
ROCKVILLE CENTRE PUBLIC LIBRARY (NY)
ROSALYN WATER DISTRICT
SMITHTOWN FIRE DISTRICT
SOUTH FARMINGDALE FIRE DISTRICT
ST. JAMES FIRE DISTRICT
STONY BROOK FIRE DISTRICT
UNIONDALE FIRE DISTRICT
WEST HEMPSTEAD PUBLIC LIBRARY


*New York State is releasing these entities out of an abundance of caution, but by doing so the State is not intending to concede, and should not be construed as conceding, that these entities are "Special Districts" within the meaning of the definition of "Subdivision" under the Agreement.

**Release of Opioid-Related Claims Pursuant to the Distributors New York Settlement Agreement and New York Mental Hygiene Law Section 25.18(d)**

**WHEREAS** pursuant to the Distributors New York Settlement Agreement (the "Settlement"), the State of New York, Nassau and Suffolk Counties and each Participating Subdivision have released their Released Claims against McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Corporation (together "the Distributors") and the related Released Entities, as the terms "Participating Subdivisions," "Released Claims" and "Released Entities" are defined in the Settlement; and

**WHEREAS** the Settlement provides in Section X.A that, as of the Effective Date of the Settlement, the Distributors and the related Released Entities will be released and forever discharged from all of the Releasors' Released Claims, as the terms "Released Entities," "Releasors" and "Released Claims" are defined in the Settlement; and

**WHEREAS** the Settlement provides in Section II.CCC that Releasors (as defined in the Settlement) who are releasing claims under Section X.A include "to the maximum extent of the power of the New York State's Attorney General . . . to release Claims" . . .  "New York State's . . . departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind . . . any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts and other Special Districts in New York State;" and

**WHEREAS** Section 25.18(d) of the Mental Hygiene Law provides the New York Attorney General with authority, through the release of opioid-related claims in a "statewide opioid settlement agreement" executed after June 1, 2021, to: (i) release the unfiled opioid-related claims of New York government entities like those identified in Section II.CCC against opioid distributors like the Distributors, and (ii) to release opioid-related claims filed by such New York government entities after June 30, 2019 against distributors like the Distributors; and

**WHEREAS** the Settlement constitutes a "statewide opioid settlement agreement" under Section 25.18(d) of the Mental Hygiene Law;

**THEREFORE**, pursuant to the foregoing provisions of the Settlement and the power and authority of the New York Attorney General, including under Section 25.18(d) of the Mental Hygiene Law, the Distributors and the other Released Entities are, as of the Effective Date, hereby released from any and all Released Claims of New York State, any of New York State's past and present executive departments, state agencies, divisions, boards, commissions and instrumentalities with the regulatory authority to enforce state and federal controlled substances acts (including, without limitation, the New York State Department of Financial Services), any of New York State's past and present executive departments, state agencies, divisions, boards, commissions and instrumentalities that have the authority to bring Claims related to Covered Conduct seeking money (including abatement and/or remediation) or revocation of a pharmaceutical distribution license, and any Participating Subdivision (collectively, Releasors),

as the terms "Participating Subdivisions," "Released Claims," "Released Entities," and "Releasors" are defined in the Settlement. New York State (for itself and the Releasors), absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim, or to cause, assist or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever, as the terms "Released Claims," "Released Entities," and "Releasors" are defined in the Settlement.

Dated: New York, New York
      November 17, 2021

**LETITIA JAMES**
**Attorney General of the State of New York**

By: _____
      Jennifer Levy
      First Deputy Attorney General
Office of the New York State Attorney General
28 Liberty Street, 23rd Floor
New York, NY 10006
Tel: 212-416-8450
Jennifer.Levy@ag.ny.gov

Case: 1:17-md-02804-DAP Doc #: 4398-3 Filed: 04/29/22 11 of 17. PageID #: 577906

**E-FILE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

......................................................x

At a IAS Term, Part 48 of the Supreme
Court of the State of New York, held in
and for the County of Suffolk at Central Islip
New York on the 20th day of Jan 20 22

IN RE OPIOID LITIGATION

Index No. 400000/2017
Hon. Jerry Garguilo

......................................................x

The County of Suffolk, New York,

Index No. 400001/2017

　　　　　　　Plaintiff,

　　　-against-

Purdue Pharma L.P., *et al.*,

　　　　　　　Defendants.

......................................................x

The County of Nassau, New York,

Index No. 400008/2017

　　　　　　　Plaintiff,

　　　-against-

Purdue Pharma L.P., *et al.*,

　　　　　　　Defendants.

......................................................x

THE PEOPLE OF THE STATE OF NEW YORK
by LETITIA JAMES, Attorney General of the
State of New York,

Index No. 400016/2018

　　　　　　　Plaintiff,

　　　-against-

Purdue Pharma L.P., *et al.*,

　　　　　　　Defendants.

......................................................x

**STIPULATION AND　　　　　　ORDER**

Correcting Final Consent Judgment
NYSCEF Document Number 8928

Case: 1:17-md-02804-DAP Doc #: 4398-3 Filed: 04/29/22 12 of 17. PageID #: 577907

WHEREAS, on November 17, 2021, the New York Attorney General executed a release in favor of AmerisourceBergen Drug Corporation, Bellco Drug Corp., American Medical Distributors, Inc., McKesson Corporation, PSS World Medical, Inc., Cardinal Health, Inc., Kinray LLC (collectively, "Distributor Defendants"), and other Released Entities, in the above-referenced litigation ("NYAG Release"), which was then referenced as Exhibit B to the consent judgment approved by the Court on December 16, 2021 and filed on December 17, 2021 ("Consent Judgment") (NYSCEF No. 8928) (Exhibit B to the Consent Judgment is on the public record as an attachment to the proposed consent judgment filed on December 16, 2021 as NYSCEF No. 8926);

WHEREAS, due to a typographical error, AmerisourceBergen was inadvertently omitted from the definition of "Distributors" in the first paragraph of the NYAG Release; and

WHEREAS, the State and Distributor Defendants hereby agree to remedy this error by stipulating, consistent with their understanding and intent, that a corrected version of the NYAG Release including AmerisourceBergen (attached as Exhibit A hereto) shall replace the prior version of the release as the referenced Exhibit B to the Consent Judgment;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the State and Distributor Defendants, subject to the approval of the Court, that the referenced Exhibit B to the Consent Judgment shall be deemed to be the corrected NYAG Release attached as Exhibit A hereto *nunc pro tunc*.

Dated: January 19, 2022
New York, New York

**SO ORDERED**

1/20/22 _____
Justice of the Supreme Court

**HON. JERRY GARGUILO**

Attorney Signatures on Pages 3+4

**GRANTED**

JAN 20 2022

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

2

/s/ Andrew Amer
Andrew Amer
Special Counsel
Office of the New York Attorney General
28 Liberty Street
New York, NY  10005
(212) 416-6127
andrew.amer@ag.ny.gov

*Counsel for Plaintiff The People of the State of New York*

/s/ Shannon E. McClure
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103
(215)851-8100
smcclure@reedsmith.com

**GIBBONS P.C.**

/s/ Paul E. Asfendis
Paul E. Asfendis
GIBBONS P.C.
One Pennsylvania Plaza
New York, New York 10119
(212) 613-2000
pasfendis@gibbonslaw.com

*Attorneys for Defendants AmerisourceBergen
Drug Corporation, Bellco Drug Corp., and
American Medical Distributors, Inc.*

/s/ Steven Pyser
Steven Pyser
Enu Mainigi (admitted pro hac vice)
J. Andrew Keyes (admitted pro hac vice)
Steven M. Pyser
Ashley W. Hardin (admitted pro hac vice)
Williams & Connolly LLP
725 12th St NW

3

Washington, DC 20005
Phone: (202) 434-5000
emainigi@wc.com
akeyes@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Defendants Cardinal Health, Inc. and Kinray LLC*

**COVINGTON & BURLING LLP**

/s/ Christopher Y. L. Yeung
Christopher Y. L. Yeung
Paul W. Schmidt
David A. Luttinger Jr.
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
pschmidt@cov.coms
dluftinger@cov.com
cyeung@cov.com

Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington DC, 20001
(202) 662-6000
astanner@cov.com

*Counsel for Defendant McKesson Corporation and PSS World Medical, Inc.*

"SO Ordered" on Page 2

4

Case: 1:17-md-02804-DAP Doc #: 4398-3 Filed: 04/29/22 15 of 17. PageID #: 577910

# EXHIBIT A

## Release of Opioid-Related Claims Pursuant to the Distributors New York Settlement Agreement and New York Mental Hygiene Law Section 25.18(d)

**WHEREAS** pursuant to the Distributors New York Settlement Agreement (the "Settlement"), the State of New York, Nassau and Suffolk Counties and each Participating Subdivision have released their Released Claims against McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Corporation (together "the Distributors") and the related Released Entities, as the terms "Participating Subdivisions," "Released Claims" and "Released Entities" are defined in the Settlement; and

**WHEREAS** the Settlement provides in Section X.A that, as of the Effective Date of the Settlement, the Distributors and the related Released Entities will be released and forever discharged from all of the Releasors' Released Claims, as the terms "Released Entities," "Releasors" and "Released Claims" are defined in the Settlement; and

**WHEREAS** the Settlement provides in Section II.CCC that Releasors (as defined in the Settlement) who are releasing claims under Section X.A include "to the maximum extent of the power of the New York State's Attorney General . . . to release Claims" . . . "New York State's . . . departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind . . . any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts and other Special Districts in New York State;" and

**WHEREAS** Section 25.18(d) of the Mental Hygiene Law provides the New York Attorney General with authority, through the release of opioid-related claims in a "statewide opioid settlement agreement" executed after June 1, 2021, to: (i) release the unfiled opioid-related claims of New York government entities like those identified in Section II.CCC against opioid distributors like the Distributors, and (ii) to release opioid-related claims filed by such New York government entities after June 30, 2019 against distributors like the Distributors; and

**WHEREAS** the Settlement constitutes a "statewide opioid settlement agreement" under Section 25.18(d) of the Mental Hygiene Law;

**THEREFORE**, pursuant to the foregoing provisions of the Settlement and the power and authority of the New York Attorney General, including under Section 25.18(d) of the Mental Hygiene Law, the Distributors and the other Released Entities are, as of the Effective Date, hereby released from any and all Released Claims of New York State, any of New York State's past and present executive departments, state agencies, divisions, boards, commissions and instrumentalities with the regulatory authority to enforce state and federal controlled substances acts (including, without limitation, the New York State Department of Financial Services), any of New York State's past and present executive departments, state agencies, divisions, boards, commissions and instrumentalities that have the authority to bring Claims related to Covered Conduct seeking money (including abatement and/or remediation) or revocation of a pharmaceutical distribution license, and any Participating Subdivision (collectively, Releasors),

Case: 1:17-md-02804-DAP Doc #: 4398-3 Filed: 04/29/22 17 of 17 PageID #: 577912

as the terms "Participating Subdivisions," "Released Claims," "Released Entities," and "Releasors" are defined in the Settlement. New York State (for itself and the Releasors), absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim, or to cause, assist or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever, as the terms "Released Claims," "Released Entities," and "Releasors" are defined in the Settlement.

Dated: New York, New York
        November 17, 2021

**LETITIA JAMES**
**Attorney General of the State of New York**

By: _Jennifer Levy_
        Jennifer Levy
        First Deputy Attorney General
Office of the New York State Attorney General
28 Liberty Street, 23rd Floor
New York, NY 10006
Tel: 212-416-8450
Jennifer.Levy@ag.ny.gov