**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** *This document relates to:* **Track Three Cases** | MDL 2804 Case No. 17-md-2804 Hon. Dan Aaron Polster |

# PLAINTIFFS' BRIEF REGARDING ADMISSIBILITY OF EXPERT REPORTS IN LIEU OF DIRECT TESTIMONY

May 2, 2022

The parties should be permitted to admit into evidence their experts' reports and related appendices/exhibits (the "Reports") as the experts' direct testimony at trial. Each expert will take the stand and be asked to adopt and confirm the accuracy of his or her Reports under oath in open court. The expert would then be subject to live cross-examination and redirect examination. This procedure is the most efficient way to streamline the trial and facilitate the presentation and understanding of the experts' extensive and complex opinions in the limited trial time permitted. Moreover, this procedure fully comports with the Federal Rules of Evidence.

Most of the cases Defendants rely on in arguing that expert reports are inadmissible hearsay involved *jury* trials, including both *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721 (6th Cir. 1994), and *C. On Line Data Sys., Inc. v. Filenet Corp.*, 99 F.3d 1138, 1996 WL 483031 (6th Cir. 1996) (unpublished).[1] However, it is well established that courts have more leeway regarding evidence in bench trials.[2] The three cases Defendants cite regarding the admission of expert reports in bench trials are distinguishable because, *inter alia*, the reports were not offered in lieu of direct testimony and sworn to under oath at trial.[3]

---

[1] In *Engebretsen*, the expert reports, which were submitted in addition to the experts' direct testimony, were admitted by the district court "after closing argument and jury instructions had been given." 21 F.3d at 727, 729-30. In *Filenet*, the plaintiff attempted to introduce a report by its technical expert who did not testify at trial at all. 1996 WL 483031, at *8.

[2] *See Jack v. Grose*, 2:16-CV-633, 2019 WL 4059848, at *1 (S.D. Ohio Aug. 28, 2019) ("The presumption of admissibility is particularly strong in a bench trial."); *Mullins v. City of New York*, 634 F. Supp. 2d 373, 388 n.103 (S.D.N.Y. 2009) (noting that "concerns at the root of relevancy and hearsay objections apply with far lesser force when a judge serves as fact-finder, rather than a lay jury"); *Floyd v. City of New York*, 08 CIV. 1034, 2013 WL 1955683, at *2 (S.D.N.Y. May 13, 2013) ("[T]he Court reiterates that because this case is proceeding as a bench trial, hearsay testimony need not be as strenuously guarded."); *see also Jones Motor Co., Inc. v. Holtkamp, Liese, Beckemeier & Childress, P.C.*, 197 F.3d 1190, 1192 (7th Cir. 1999); *Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 505 F.2d 989, 996 (2d Cir. 1974); *U.S. v. Philip Morris USA Inc., et al.*, CV 99-2496 (PLF), 2021 WL 4318113, at *2-3 (D.D.C. Sept. 23, 2021).

[3] *See U.S. v. United Techs. Corp.*, 3:99-CV-093, 2005 WL 6199561, at *1-2 (S.D. Ohio Feb. 2, 2005) (admitting expert report "as evidence that may be considered 'solely as a basis for the expert opinion [but] not as substantive evidence'"); *Grand Acadian, Inc. v. U.S.*, 101 Fed. Cl. 398, 404-09 (Fed. Cl. 2011) (report authored by individual *while working as contractor for defendant*, who was later designated as expert by plaintiff, constituted inadmissible hearsay; plaintiff sought to admit report in addition to individual's expert testimony at trial); Dkt. #4397-1 (CT2 Tr.) at 8:1-21. Defendants also (footnote continues on next page)

1

In actuality, courts regularly admit expert reports as substantive evidence in bench trials. *See Johnson v. City of Memphis*, 770 F.3d 464, 469, 475 n.4, 476-77 & n.6, 484 (6th Cir. 2014) (citing expert reports as record evidence); *Comprehensive Sec., Inc. v. Metro. Govt. of Nashville & Davidson County, Tennessee*, 21-5617, 2022 WL 670135, at *5 (6th Cir. Mar. 7, 2022) (considering expert's "testimony and report" in determining sufficiency of evidence offered at trial); *Cequent Trailer Products, Inc. v. Intradin (Shanghai) Mach. Co., Ltd.*, 105-CV-2566, 2007 WL 438140, at *3, *9 (N.D. Ohio Feb. 7, 2007) (Gwin, J.) (same); *Jack*, 2019 WL 4059848, at *2 (denying motion to exclude expert report because, *inter alia*, "the expert report is admissible and relevant, and there is no risk of undue prejudice").[4]  It is also a well-accepted practice for courts to admit written witness statements (*e.g.*, expert reports, declarations, etc.) in lieu of direct testimony in bench trials.[5]  Indeed, this practice is *encouraged* by the Manual for Complex

---

cite *Pack v. Damon Corp.*, 434 F.3d 810 (6th Cir. 2006), but in that case the court held that an expert report should not have been considered on *summary judgment* because it was unsworn. *Id.* at 815.  In the present case, Plaintiffs' experts will swear to the contents of their Reports in open court at trial.

[4]  *See also Rose Acre Farms, Inc. v. U.S.*, 559 F.3d 1260, 1271-72 (Fed. Cir. 2009); *Jones*, 197 F.3d at 1192; *Osberg v. Foot Locker, Inc.*, 138 F. Supp. 3d 517, 524 n.6 (S.D.N.Y. 2015); *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 12 (D.D.C. 2005); *Philip Morris*, 2021 WL 4318113, at *2 (recognizing courts "sometime admit expert reports in evidence in bench trials, even if the admissibility of such reports 'might be a closer question in the context of a jury trial,' because where there is no jury, 'there is no risk of tainting the trial by exposing a jury to unreliable evidence'") (citation omitted); *U.S. v. Dish Network, L.L.C.*, 09-3073, 2016 WL 7167959, at *4 (C.D. Ill. Dec. 8, 2016); *Floyd*, 2013 WL 1955683, at *2; *cf. Travelers Cas. and Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 484 & n.4 (5th Cir. 2008) (report of non-testifying expert admitted in jury trial and cited by appellate court as part of evidence supporting verdict); *Williams v. Consol. City of Jacksonville*, 237 Fed. Appx. 508, 509 (11th Cir. 2007) (unpublished) (district court did not err in admitting expert report in jury trial).

[5]  *See, e.g., In re Gergely*, 110 F.3d 1448, 1452 (9th Cir. 1997); *Ball v. Interoceanica Corp.*, 71 F.3d 73, 77 (2d Cir. 1995) ("procedure allowing the parties to produce direct evidence from their witnesses in writing while permitting subsequent oral cross-examination" "falls within the district court's ample authority to manage the proceedings before it"); *In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992); *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989); *Osberg*, 138 F. Supp. 3d at 524 n.6 ("The Court received the experts' reports and declarations as their direct testimony. They were then subject to cross-examination and redirect."); *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 666 (D. Haw. 2001); *Philip Morris*, 2021 WL 4318113, at *2; *Schmucker v. Johnson Controls, Inc.*, 3:14-CV-1593 JD, 2019 WL 5579470, at *6 (N.D. Ind. Oct. 28, 2019) (admitting expert reports in bench trial "is an effective way of streamlining trial and facilitating the presentation and understanding of the experts' extensive and complex opinions"; "[T]he parties need not offer direct examinations at all.  The experts' opinions are already contained in their expert reports, which will be

(footnote continues on next page)

Litigation,[6] and is consistent with Court's authority under Federal Rule of Evidence 611(a).[7]

The purpose of the hearsay rule is to exclude out-of-court statements whose veracity cannot be tested by cross-examination.[8] Here, the Reports themselves do not constitute hearsay because (i) they will be admitted in lieu of the experts' direct testimony at trial, (ii) they will be sworn to by the expert in open court, and (iii) Defendants will have the opportunity to cross-examine the expert live regarding the Reports.[9] Defendants' argument that the Reports should be excluded

---

admitted into evidence, so the experts may adopt those reports without needing to recite their contents in court."); *U.S. v. Brown*, 15 CV 3283, 2017 WL 219521, at *2 (N.D. Ill. Jan. 19, 2017); *In re Geller*, 170 B.R. 183, 185–86 (Bankr. S.D. Fla. 1994); *cf. Saverson v. Levitt*, 162 F.R.D. 407, 410 (D.D.C. 1995) (allowing submissions of declarations in jury trial; "Requiring the parties to submit their direct testimony in writing in lieu of the usual question-and-answer form is sanctioned under the inherent powers of the Court, the Federal Rules of Civil Procedure and the Federal Rules of Evidence.").

[6] ANN. MANUAL COMPLEX LIT. § 12.51 (4th ed.) ("[P]articularly when the evidence is complicated or technical, a court may consider ordering witnesses under the parties' control to present their direct testimony in substantial part through written statements prepared and submitted in advance of trial. At trial, the witness is sworn, adopts the statement, may supplement the written statement orally, and is then cross-examined by opposing counsel and perhaps questioned by the judge. The statement is received as an exhibit and is not read into the record. . . . This procedure—which may be particularly appropriate for expert witnesses . . .—has several advantages. The proponent can ensure that it has made a clear and complete record; the judge and opposing counsel, having read the statement, are better able to understand and evaluate the witness's testimony; opposing counsel can prepare for more effective cross-examination; and the reduction in live testimony saves time.") (cleaned up).

[7] FED. R. EVID. 611(a)(1)-(2) (instructing courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time . . ."); *cf. Kuntz*, 199 F.R.D. at 667; *Saverson*, 162 F.R.D. at 408–09

[8] *See Phillips v. Neil*, 452 F.2d 337, 344 n.8 (6th Cir. 1971); *Danielak v. Warren*, 14-11131, 2016 WL 3971209, at *10 (E.D. Mich. July 25, 2016); *Johnson v. Baker*, 1:08-CV-00038, 2009 WL 3514576, at *2 (W.D. Ky. Oct. 29, 2009); *see also U.S. v. Zambriki*, 765 F.2d 147, 1985 WL 13280, at *5 (6th Cir. 1985) (unpublished) ("[W]here the declarant is also a witness the rationale of the hearsay rule does not apply since the declarant is subject to cross-examination by the defendant.").

[9] *Cf. Kuntz*, 199 F.R.D. at 668 ("If any party lodges a hearsay objection to a declaration, the witness can take the stand in open court, be placed under oath, and then adopt the declaration or affidavit as his or her direct testimony. The witness would then be subject to live-cross-examination and redirect examination. Under these circumstances, no hearsay would be involved, as the statement would not have been made 'out-of-court.'"); *Geller*, 170 B.R. at 186 ("The Court finds that calling a witness to the stand, swearing the witness, having the witness swear or affirm the written declaration is his or her testimony and then turning over the witness for cross examination with right to redirect is the taking of the testimony in open court . . ."). Moreover, even assuming the Reports could still be considered hearsay after being sworn to at trial, the Court would have the discretion to admit them as substantive

(footnote continues on next page)

because they may contain some hearsay within them is also without merit. The Reports consist of two types of information: (1) the expert's opinions, *to which Defendants assert no hearsay objection*;[10] and (2) information on which the expert relied in forming his or her opinions, which is admissible to explain the basis of the expert's opinion.[11] [12] To the extent Defendants believe that certain statements within the Reports fall outside these two categories and are inadmissible for all purposes, they can and should identify and object to those particular statements at trial. But the fact that the Reports *might* contain some inadmissible hearsay does not justify their wholesale exclusion in a bench trial, where courts are presumed to rely only on admissible evidence when rendering their decisions. *See Williams*, 567 U.S. at 69 ("When the judge sits as the trier of fact, it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose. As we have noted, '[i]n bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions.'") (citation omitted); *Harris v. Rivera*, 454 U.S. 339, 346 (1981).

Finally, Defendants claim they would not be opposed to the parties being allowed to submit written testimony of their expert opinions. Dkt. 4397 (Ds' Brief) at p. 2. Plaintiffs presume they are suggesting that the parties submit written declarations from their experts that essentially restate

---

evidence under the residual hearsay exception. *See* FED. R. EVID. 807(a); *Kuntz*, 199 F.R.D. at 668.

[10] Dkt. #4390 (Ds' Exhibit Objections) at p. 2 ("To be clear, Defendants do not object on hearsay grounds to admitting the experts' abatement-related opinions (through testimony or exhibit) that are disclosed in their reports.").

[11] *See* FED. R. EVID. 703; *Williams v. Illinois*, 567 U.S. 50, 78 (2012) (Alito, J., plurality opinion) ("Under [Rule 703], 'basis evidence' that is not admissible for its truth may be disclosed even in a jury trial under appropriate circumstances. . . . The Rule 703 approach . . . is based on the idea that the disclosure of basis evidence can help the factfinder understand the expert's thought process and determine what weight to give to the expert's opinion.") (cleaned up); *Engebretsen*, 21 F.3d at 729 (Rule 703 "permits such hearsay, or other inadmissible evidence upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion") (citation omitted); *Floyd*, 2013 WL 1955683, at *2 (rejecting argument that expert report should be excluded in bench trial because it contained hearsay: "This argument is entirely without merit as the Stewart Report very clearly uses the hearsay at issue with the express purpose of forming the basis for its expert opinion, which is permissible[.]").

[12] Plaintiffs reserve the right to argue at trial that some of the expert reliance material is also admissible as substantive evidence and can be considered for its truth.

4

the opinions that are already set forth in their Reports. Given that trial is less than two weeks away, it would be inefficient and unfair to now require the parties and their experts to put together substantive declarations in the midst of all their other trial preparation.[13] Although Judge Breyer is employing a similar procedure in the Track 4 trial, the parties had notice of that fact almost two months before that trial began.[14] Here, Plaintiffs have understandably relied on this Court's Track Three Abatement Phase Order, entered over one month ago, which states that the parties "agreed that direct examination of expert witnesses will largely be unnecessary" and the Court instead would rely on the parties' expert reports. Dkt. #4322 (CT3 Abatement Trial Order) at p. 3.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

---

[13] It is also unnecessary since, as explained above, the Reports themselves can be admitted in lieu of direct testimony and sworn to in open court.

[14] *See City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*, Case 3:18-cv-07591-CRB (N.D. Cal.), Dkt. No. #1131 (3/3/22 Order) at p. 2.

Dated: May 2, 2022

                                          Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR 00907
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX 77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com

*Trial Counsel*

>*/s/ Peter H. Weinberger*
>Peter H. Weinberger (0022076)
>SPANGENBERG SHIBLEY & LIBER
>1001 Lakeside Avenue East, Suite 1700
>Cleveland, OH  44114
>(216) 696-3232
>(216) 696-3924 (Fax)
>pweinberger@spanglaw.com
>
>*Plaintiffs' Liaison Counsel*
>
>Frank L. Gallucci
>PLEVIN & GALLUCCI CO., L.P.A.
>55 Public Square, Suite 2222
>Cleveland, OH 44113
>(216) 861-0804
>(216) 861-5322 (Fax)
>FGallucci@pglawyer.com
>
>Hunter J. Shkolnik
>NAPOLI SHKOLNIK
>270 Munoz Rivera Avenue, Suite 201
>Hato Rey, Puerto Rico 00918
>(787) 493-5088, Ext. 2007
>hunter@napolilaw.com
>
>*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger

7