# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*"Track Nine: Tarrant County, Texas"* | MDL 2804<br>Case No. 1:17-md-2804<br><br>Case No.: 1:18-OP-45274<br><br>**Judge Dan Aaron Polster** |

### AMENDED TRACK NINE CASE MANAGEMENT ORDER FOR TARRANT COUNTY, TEXAS

On April 9, 2021, the Court entered an order identifying five additional bellwether cases against the Pharmacy Defendants, including *County of Tarrant, Texas, Purdue Pharma L.P.., et al.*, Case No. 1:18-OP-45274.  Doc. #3688.  The Court directed the Parties to meet and confer with Special Master Cohen regarding proposed case management schedules for each case.[1] The Tarrant County case is designated as "Track Nine" or "CT9." Tarrant County and the Pharmacy Defendants named in the operative Amended Complaint (Doc. #3739) each submitted proposed CMOs for CT9.  On May 2, 2022, the Parties submitted a Joint Motion to Amend the Case Management Order for Tracks Seven, Eight, Nine, Ten, and Eleven.  The Court has reviewed the Parties' Joint Motion and hereby amends Case Management Order as follows.[2]  The provisions of the August 10, 2021 Track Nine Case Management Order for Tarrant County, Texas that are not amended below remain unchanged.

---

[1] The proposed schedule was prepared at the direction of the Court and Special Master Cohen.  The Pharmacy Defendants complied with Special Master Cohen's direction as to the timing of discovery for Tracks 7-11, but continue to preserve all objections as to the sequencing, timing and scope of discovery for the bellwether case designated as Tracks 7-11 and further reserve their right to seek extensions of the proposed schedule, as needed.

[2] The Court recognizes that the Plaintiff and certain New Defendants have not been subject to discovery in this MDL and have not previously participated in fact or expert discovery and that those parties, and any other party, may seek to modify any provision of this CMO for good cause shown.  Because New Defendant Albertsons has not previously been in any active case and has not previously participated in fact or expert discovery, Albertsons may request reasonable extensions from any fact or expert discovery deadline in this Order, and the parties will meet and confer in good faith to determine if they can stipulate to revised deadline(s) for Albertsons.

A. **Fact Discovery**

1. **Tuesday, August 16, 2022** – Document production by all parties will be substantially complete. Document production leading up to this deadline should occur on a rolling basis.

2. **Wednesday, September 7, 2022** – Deadline to serve third party subpoenas.

3. **Monday, October 17, 2022** – Close of party fact discovery.

4. **Tuesday, October 18, 2022** – Deadline for production of electronic notes and due diligence. The production of hard copy prescriptions shall be substantially complete.

5. **Friday, October 28, 2022** – Close of third-party discovery.

B. **Expert Discovery Deadlines**

1. **Friday, December 2, 2022** – Except for expert witnesses who will testify *only* in the abatement-phase of the Track 9 trial, Plaintiff shall serve expert reports and, for each expert, provide two proposed deposition dates between **Thursday, Wednesday, December 14, 2022 – Wednesday, December 21, 2022 and Tuesday, January 3, 2023 – Wednesday, January 11, 2023**.

2. **Friday, January 27, 2023** – Except for expert witnesses who will testify *only* in the abatement-phase of the Track 9 trial, Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **Friday, February 10, 2023 – Friday, February 24, 2023.**

3. Defendants believe that Plaintiff should be required to produce its abatement plan and all expert reports relating to abatement issues during fact discovery. The Court has denied that request in connection with its issuance of the Track 7 CMO. Pursuant to the direction of the Special Master, Defendants are not re-raising the issue in this submission, but reserve all rights to seek detailed discovery pertaining to abatement during fact discovery.

C. **Briefing**

1. *Daubert* and Dispositive Motions

    i. **Friday, March 3, 2023** – Deadline for *Daubert* and dispositive motions.

      ii. **Friday, March 31, 2023** – Deadline for responses to *Daubert* and dispositive motions.

      iii. **Friday, April 14, 2023**– Deadline for replies in support of *Daubert* and dispositive motions.

2. With respect to *Daubert* and dispositive motions, the parties will meet and confer on mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL and will make a separate proposal with regard to page limits.

**IT IS SO ORDERED.**

 

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**