# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*"Track Ten: Durham County, North Carolina"* | **MDL 2804**<br>**Case No. 1:17-md-2804**<br><br>**Case No.: 1:18-OP-45346**<br><br>**Judge Dan Aaron Polster** |

## AMENDED TRACK TEN CASE MANAGEMENT ORDER FOR DURHAM COUNTY, NORTH CAROLINA

On April 9, 2021, the Court entered an order identifying five additional bellwether cases against the Pharmacy Defendants, including *County of Durham, North Carolina v. Purdue Pharma L.P.., et al.*, Case No. 1:18-OP-45346.  Doc. #3688.  The Court directed the Parties to meet and confer with Special Master Cohen regarding proposed case management schedules for each case.[1]  The Durham County case is designated as "Track 10" or "CT10." Durham County and the Pharmacy Defendants named in the operative Amended Complaint (Doc. #3740) each submitted proposed CMOs for CT10.  On May 2, 2022, the Parties submitted a Joint Motion to Amend the Case Management Order for Tracks Seven, Eight, Nine, Ten, and Eleven.  The Court has reviewed the Parties' Joint Motion and hereby amends Case Management Order as follows.  The provisions of the August 10, 2021 Track Ten Case Management Order for Durham County, North Carolina that are not amended below remain unchanged.

### A. Fact Discovery

1. **Thursday, November 1, 2022** – Document production by all parties will be substantially complete.  Document production leading up to this deadline should occur on a rolling basis.

2. **Tuesday, November 29, 2022** – Deadline to serve third party subpoenas.

---

[1] The proposed schedule was prepared at the direction of the Court and Special Master Cohen.  The Pharmacy Defendants complied with Special Master Cohen's direction as to the timing of discovery for Tracks 7-11, but continue to preserve all objections as to the sequencing, timing and scope of discovery for the bellwether case designated as Tracks 7-11 and further reserve their right to seek extensions of the proposed schedule, as needed.

3. **Friday, January 6, 2023** – Deadline for production of electronic notes and due diligence.  The production of hard copy prescriptions shall be substantially complete.

4. **Monday, January 16, 2023** – Close of party fact discovery.

5. **Monday, January 30, 2023** – Close of third-party discovery.

B. **Expert Discovery Deadlines**

1. **Friday, February 17, 2023** – Except for expert witnesses who will testify *only* in the abatement-phase of the Track 10 trial, Plaintiff shall serve expert reports and, for each expert, provide two proposed deposition dates between **Monday, March 13 – Monday, March 27, 2023**.

2. **Monday, April 3, 2023** – Except for expert witnesses who will testify *only* in the abatement-phase of the Track 10 trial, Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **Friday, April 21 – Friday, May 5, 2023.**

3. Defendants believe that Plaintiff should be required to produce its abatement plan and all expert reports relating to abatement issues during fact discovery. The Court has denied that request in connection with its issuance of the Track 7 CMO. Pursuant to the direction of the Special Master, Defendants are not re-raising the issue in this submission, but reserve all rights to seek detailed discovery pertaining to abatement during fact discovery.

C. **Briefing**

1. *Daubert* and Dispositive Motions

    i. **Friday, May 12, 2023** – Deadline for *Daubert* and dispositive motions.

    ii. **Friday, June 9, 2023** – Deadline for responses to *Daubert* and dispositive motions.

    iii. **Friday, June 23, 2023** – Deadline for replies in support of *Daubert* and dispositive motions.

2. With respect to *Daubert* and dispositive motions, the parties will meet and confer on mechanisms to further avoid unnecessarily lengthy or duplicative

briefing while preserving the record based on motions filed in separate tracks of the MDL and will make a separate proposal with regard to page limits.

**IT IS SO ORDERED.**

 

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**