IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

MDL No. 2804

Hon. Dan Aaron Polster

**SETTLING DISTRIBUTORS' OPPOSITION
TO PUBLIC SCHOOL DISTRICTS' MOTION TO EXTEND TIME
TO COMPLY WITH CERTAIN OBLIGATIONS IN THE JULY 23 CMO**

Settling Distributor Defendants AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation (together with their Released Entities, "Settling Distributors") hereby oppose the Public School Districts' Motion to Extend Time to Comply with Certain Obligations in the July 23 CMO (the "Motion") (Dkt. No. 4362).

The Public School Districts' Motion seeks a 30-day extension of certain deadlines in the Court's July 23, 2021 Case Management Order (the "CMO"). Specifically, the Public School Districts seek to extend the deadlines set forth in CMO Paragraph II (related to damages, identification of alleged suspicious orders, production of related documents, and expert witnesses and opinions) and CMO Paragraph III (requiring an affidavit of compliance with the CMO). In support of their extension request, the Public School Districts argue that the extension will "foster the prospect of a settlement track" and enable them to "provide the information required

in the most organized and complete manner." Motion at 2. Neither of these explanations merits any delay in the Public School Districts' compliance with the CMO.

***First***, the goal of "foster[ing] the prospect of a settlement track" does not justify delay because settlement discussions are not needed between Settling Distributors and the Public School Districts. As Settling Distributors have previously explained, in response to a prior motion by the Public School Districts seeking to exclude themselves entirely from the obligations of the CMO (Dkt. No. 4066), the Distributor Settlement Agreement expressly provides for participation by school districts. *See* Dkt. No. 4119 at 3-6. The Court recognized that when it clarified that the CMO does apply to school districts. *See* Dec. 27, 2021 Docket Entry; Dkt. No. 4192.[1] And several dozen school districts that were litigating in the MDL are participating in the Distributor Settlement, and have accordingly dismissed their claims. *See* Dkt. Nos. 4301 & 4306. That certain school districts have so far chosen not to participate in the settlement does not warrant a separate round of settlement discussions;[2] the Distributor Settlement includes incentives to the settling States to obtain school district participation (or preclude their claims) and the Distributor Settlement contemplates that that process will continue over the first few payment years. *See* Distributor Settlement Agreement Section IV.F.1–3. Nor does their failure to participate warrant an extension to the deadlines that the Court has made abundantly clear apply to all non-participating subdivisions, including school districts. The

---

[1] The December 27, 2021 Docket Entry reads: "For the reasons stated in the Court's order at docket no. [4192], the Schools' motion to file instanter (dkt. no. [4066]) is granted and the substantive motion (dkt. no. 4066-1) is denied. The Court's July 23, 2021 CMO does apply to non-participating plaintiff school districts and all other types of non-participating plaintiff political subdivisions."

[2] A number of the movant school districts are barred by state statute from prosecuting their claims against Settling Distributors, and once the relevant consent judgments are entered, those claims will be subject to dismissal.  *See, e.g.*, *S*ettling Distributors' Corrected Motion To Dismiss Claims Filed By Non-Participating New York Subdivisions As Barred By Statute (Dkt. No. 4398). This is an additional reason that a separate "settlement track" does not make sense.

information required by the CMO will facilitate the assessment of these cases and it therefore is appropriate and important to adhere to the CMO's deadlines.

***Second***, an extension is not warranted here because the CMO's deadlines are reasonable and the Public School Districts have been aware of them for months. The Court entered the CMO nine months ago, on July 23, 2021. Dkt. No. 3795. At the time, the CMO included deadlines for already-filed cases effective within 60, 90, and 120 days of February 1, 2022, which was the then-scheduled deadline for Settling Distributors to determine whether there was sufficient subdivision participation to move forward with the settlement. *See id.* On October 22, 2021, the Public School Districts filed a motion seeking to excuse themselves entirely from the CMO's obligations, which the Settling Distributors opposed on November 5, 2021. Dkt. Nos. 4066 & 4119. The Court denied that request on December 27, 2021. Dec. 27, 2021 Docket Entry; Dkt. No. 4192. And on February 25, 2022, the Court clarified that the CMO's effective date is February 25, 2022—nearly a month later than the original effective date, thus confirming the relevant deadlines and, importantly, providing additional time for compliance. Dkt. No. 4287. Yet the Public School Districts did not file this Motion seeking an extension of their deadlines until April 20, 2022, nearly four months after receiving confirmation that it applied to them.

The Public School Districts' desire to "provide the information required in the most organized and complete manner" is essentially nothing more than a desire to comply with the CMO itself, and could be said of any non-participating subdivision subject to the terms of the CMO. The dates imposed by the CMO are reasonable and the Public School Districts have offered no unique or compelling explanation as to why they specifically require additional time. Moreover, while Settling Distributors do not believe that active litigation is warranted as

between them and the Public School Districts at this time, as set forth in their submissions to the Court dated November 24, 2021 and March 18, 2022, Settling Distributors note that any delays in the Public School Districts' compliance with the CMO will invariably delay the Court's and the parties' ability to reasonably assess any such future litigation activity.

In conclusion, the Court should deny the Public School Districts' Motion and require their timely compliance with the July 23, 2021 CMO.

Dated:  May 2, 2022

                                                   Respectfully submitted,

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone:  (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

*/s/ Enu A. Mainigi*
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
(202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

*/s/ Mark H. Lynch*
Geoffrey E. Hobart

Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 2, 2022, Settling Distributors' Opposition To Public School Districts' Motion To Extend Time To Comply With Certain Obligations In The July 23 CMO was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas