**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>    *County of Lake, Ohio v. Purdue Pharma L.P., et al.*,<br>    Case No. 18-op-45032 (N.D. Ohio)<br><br>    *County of Trumbull, Ohio v. Purdue Pharma, L.P., et al.*,<br>    Case No. 18-op-45079 (N.D. Ohio) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## MOTION TO PRECLUDE TESTIMONY OF KIM FRASER REGARDING PLAINTIFFS' ABATEMENT PLAN

Defendants move to preclude any testimony by Kim Fraser, Executive Director of the Lake County ADAMHS Board, that would provide an analysis of the degree to which the counties' current programs meet or do not meet the requirements of Dr. Alexander's abatement plan. During her March 7, 2022 deposition—the sole topic of which was plaintiffs' abatement plan—Ms. Fraser testified that she had done no work to analyze Dr. Alexander's plan. None. She testified that she had performed no evaluation of the degree to which existing Lake County programs squared with plaintiffs' abatement plan. Nevertheless, in their recent witness disclosure—filed *after* Ms. Fraser's deposition—plaintiffs stated that they intend to offer affirmative, substantive testimony from Ms. Fraser on Dr. Alexander's abatement plan and its fit in Lake County. *See* Doc. 4353 at 2-3 ("[Ms. Fraser] will testify how Dr. Alexander's plan fills the gaps in the needed abatement programs in the county.").

Plaintiffs' disclosure not only conflicts with Ms. Fraser's prior testimony, it conflicts with prior representations of plaintiffs' counsel.  In a February email to the Special Master, counsel for the counties stated: "Plaintiffs do not intend to have [Ms. Fraser and Ms. Caraway] comment on Dr. Alexander's report unless the defendants open the door."  *See* Ex. A, Email from Peter Weinberger to Special Master Cohen at 3 (Feb. 4, 2022). Ms. Fraser should be precluded from offering new testimony for the first time at trial that conflicts both with her prior testimony and the representations of counsel and that reflects new analysis performed since her deposition.[1]

The key deposition testimony from Ms. Fraser is as follows:

Ms. Fraser testified that she reviewed plaintiffs' abatement plan, *see* Ex B, Fraser Dep. 12:15-17 (Mar. 7, 2022), but only after the plan was submitted to the Court and identified for the Court as plaintiffs' abatement plan. *See id.* at 15:16-19 ("Q:  In other words, you did not review Dr. Alexander's expert report prior to it being submitted as Plaintiffs' abatement plan?  A:  To my recollection, no.").

She further testified that neither she, nor anyone at the ADAMHS Board, performed an analysis regarding what should be included in plaintiffs' abatement plan. *See id.* at 25:21-24 ("Q: Did you perform any analysis regarding what should be included in any abatement plan in this case?  A: No."); *see also id.* at 26:18-20 ("Q:  Has any analysis been performed by the ADAMHS Board regarding the abatement plan?  A:  No.").  Indeed, in a prior Track Three deposition on March 8, 2021, Ms. Fraser testified, in response to a question as to whether she could quantify the amount of unmet need for treatment services in the county that "we're not in the business of quantifying the unmet need."  *See* Ex. C, Fraser Dep. 205:16-17 (Mar. 8, 2021).

---

[1] Plaintiffs' disclosures regarding the testimony of Ms. Fraser were identical for Ms. Caraway, Executive Director of the Trumbull County Mental Health and Recovery Board, Ms. Fraser's counterpart in Trumbull County.  Further, Ms. Caraway's testimony regarding plaintiffs' abatement plan was similar to that of Ms. Fraser.  The arguments set forth herein apply equally to Ms. Caraway.

2

When asked whether she had performed an evaluation comparing Lake County's current programs and the programs in plaintiffs' abatement plan, Ms. Fraser testified she had not:

> Q: What are some of the areas where the services that are currently provided by Lake County are also contained in the abatement plan to your recollection?
>
> A: Well, I think that through the Lake County ADAMHS Board network we have worked over the past two decades to be responsive to the epidemic, and in that we have developed medication-assisted treatment programs; we have developed residential treatment programs, intensive outpatient programs; we've developed some programs in conjunction with the criminal justice system; we developed some programs in conjunction with education. But again, what we've been able to do has not gone as far, has not been as comprehensive, and has not been approached in the holistic manner, as is outlined in the abatement plan, that can more significantly impact our community.
>
> Q: And have you actually tried to evaluate how that suite of programs that you just testified about, which I'm sure is not everything, interacts with the programs and services that Dr. Alexander is recommending?
>
> A: **I've not done an evaluation of our current continuum through the lens of the abatement plan, if that's what you're asking.**

*See* Ex. B at 43:24-45:1 (emphasis added).  Leaving no doubt, she also testified:

> Q: But you didn't conduct any analysis or specific evaluation as to . . . any particular aspect of the abatement plan, correct?
>
> A: I did not conduct an analysis.

*Id.* at 37:13-17.

This testimony by Ms. Fraser was consistent with plaintiffs' pre-deposition descriptions of her trial testimony.  In February, in support of their objection to defendants' request to depose Ms. Fraser, plaintiffs disclaimed any intent to offer affirmative testimony from Ms. Fraser on plaintiffs' abatement plan.  Plaintiffs stated to Special Master Cohen and others that

> **Plaintiffs do not intend to have [Ms. Fraser and Ms. Caraway] comment on Dr. Alexander's report unless the defendants open the door.**

3

Ex. A at 3 (emphasis added).  Plaintiffs were clear that they did not intend to elicit affirmative trial testimony from Ms. Fraser on their abatement plan.

When plaintiffs filed their witness list disclosure on April 11, however—one month after Ms. Fraser's deposition—they expanded the scope of Ms. Fraser's testimony to include: "how Dr. Alexander's plan fills the gaps in the needed abatement programs in the county." Doc. 4353 at 2-3.  The parties recently conferred via email regarding this disclosure and Ms. Fraser's testimony.  *See* Ex. D, Emails between Peter Weinberger and Sasha Miller (Apr. 27-29, 2022).  In that exchange, plaintiffs indicated that Ms. Fraser "will be in court when Dr. Alexander presents his abatement plan to the court" and then will testify on the degree to which "Lake County does not provide the level of services that Dr. Alexander's programs describe."  *See id.* at 1.

Having testified that as of the date of her deposition, she had not performed any analysis of plaintiffs' abatement plan, Ms. Fraser should be precluded from offering testimony at trial opining on any purported "gap" between Lake County's programs and those programs contained in plaintiffs' abatement plan.  Defendants sought a pre-abatement phase deposition of Ms. Fraser for the express purpose of exploring her understanding of plaintiffs' abatement plan and the scope of the testimony that she would render on that subject at trial.  Plaintiffs should not be allowed to offer testimony at trial on their plan that Ms. Fraser could not provide during that deposition.

For the foregoing reasons, plaintiffs should be precluded from offering testimony and analyses by Ms. Fraser regarding the "gaps" that plaintiffs' abatement plan fills in Lake County programs.[2]   In making this motion, Defendants preserve—and do not waive—their other

---

[2] Defendants respectfully state the arguments set forth herein also apply to the testimony of April Caraway.  Plaintiffs' disclosures regarding her testimony have been identical.  *See* Doc. 4353 at 2-3 ("[Ms. Caraway] will testify how Dr. Alexander's plan fills the gaps in the needed abatement programs in the county.").  And Ms Caraway testified along similar lines as Ms. Fraser regarding plaintiffs' abatement plan.  *See, e.g.* Ex. E, Caraway Dep. 10:16-11:10 (Mar. 7, 2022) (testifying that the first time she reviewed Dr. Alexander's abatement plan was December 2021); *id.* at 13:2-14:9 (testifying that she had never seen or read Schedule E to Dr. Alexander's report, Monument Analytics Trumbull

objections to Ms. Fraser testimony, including but not limited to objections based on hearsay and

the rules of procedure and evidence pertaining to opinion testimony. These objections will be

made, as appropriate, at trial. To an extent, these objections will be impacted by the Court's ruling

on this motion.

Dated:  May 3, 2022                                    Respectfully submitted,


                                                       /s/ *Eric R. Delinsky*
                                                       Eric R. Delinsky
                                                       Alexandra W. Miller
                                                       Paul B. Hynes, Jr.
                                                       ZUCKERMAN SPAEDER LLP
                                                       1800 M Street NW, Suite 1000
                                                       Washington, DC  20036
                                                       Tel: (202) 778-1800
                                                       E-mail: edelinsky@zuckerman.com
                                                       E-mail: smiller@zuckerman.com
                                                       E-mail: phynes@zuckerman.com

                                                       *Counsel for CVS Pharmacy, Inc., Ohio CVS*
                                                       *Stores, LLC, CVS TN Distribution, L.L.C., CVS*
                                                       *Rx Services, Inc., and CVS Indiana, L.L.C.*



                                                       /s/ Jeffrey A. Hall
                                                       Kaspar J. Stoffelmayr
                                                       Jeffrey A. Hall
                                                       BARTLIT BECK LLP
                                                       54 West Hubbard Street
                                                       Chicago, IL 60654
                                                       Tel: (312) 494-4400
                                                       Fax: (312) 494-4440
                                                       kaspar.stoffelmayr@bartlitbeck.com
                                                       jeff.hall@bartlitbeck.com

---

County Opioid Epidemic Abatement Estimates); *id.* at 18:5-11 (testifying that she has never spoken to anybody at Trumbull County about Dr. Alexander's abatement plan); *id.* at 42:18-22 ("Q. Have you done any type of analysis to determine which portions of Dr. Alexander's abatement plan the county is already performing?  A. No, I have not.").

Katherine L.I. Hacker
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
kat.hacker@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.,*
*Walgreen Co., and Walgreen Eastern Co., Inc.*



/s/  John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com
*Attorneys for Walmart Inc.*