IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Certain Oklahoma Cases* | )<br>)<br>)<br>)<br>)<br>)<br>)  MDL No. 2804<br>)<br>)  Hon. Judge Dan A. Polster<br>)<br>)<br>)<br>)<br>) |

### OPPOSITION OF SETTLING DISTRIBUTORS TO OKLAHOMA PLAINTIFFS' MOTION TO STAY DEADLINES IN THE COURT'S S JULY 23, 2021 ORDER

In several Motions (Doc. Nos. 4373, 4376, 4379), 64 Oklahoma local government plaintiffs ("Oklahoma Plaintiffs") request a stay or, in the alternative, a 140-day extension of the deadlines for filing supplemental Plaintiff Facts Sheets, Summary Expert Reports and verifying Affidavits established by this Court's July 23, 2021 Case Management Order Applicable to Cases of "Non-Participating Subdivisions" Asserting Claims Against Settling Defendants (Doc. No. 3795) ("July 23 CMO"), as amended. For the reasons set forth herein, the Motions should be denied.

### PROCEDURAL HISTORY

The July 23 CMO applies a series of requirements to "non-participating subdivisions"— *i.e.*, those subdivisions that are not participating in the global settlements with J&J and Settling Distributors, respectively. Exercising the Court's authority as an MDL Court, the July 23 CMO required subdivision plaintiffs in any cases that remain after the settlement to file supplemental

Plaintiff Fact Sheets and summary expert reports identifying certain basic information and documentation that will be needed for the evaluation, litigation, and disposition of those claims.

On December 13, 2021, the Court entered an Order Clarifying the Court's July 23, 2021, Case Management Order Applicable to Cases of "Non-Participating Subdivisions" (Doc. No. 4192) ("December 13 Order"), in which it denied a motion by a political subdivision—Clark County, Nevada—located in a state that was not (then) participating in the Distributor Settlement. In its motion, Clark County sought relief from the requirements of the July 23 CMO on the ground that it was "not eligible to participate in the Settlement Agreements." December 13 Order, at 1. The Court, however, explained that compliance with the July 23 CMO by litigating governmental plaintiffs would "assist the Court to determine those cases that should be dismissed, streamline those that will go forward," and put "defendants on notice of the essential details of the claims that remain." December 13 Order, at 2-3. The Court therefore made clear that the July 23, 2021 CMO "***does apply*** to government subdivisions" located within states that are not participating in the Distributor Settlement. *Id*. at 3 (emphasis in original). Thereafter, on January 4, 2022, the State of Nevada elected to participate in the Distributor Settlement.

On February 25, 2022, the Court clarified that the deadline for (i) supplemental Plaintiff Fact Sheets is April 26, 2022; (ii) summary expert reports is May 26, 2022, and (iii) verifying Affidavits is June 27, 2022. Notably, these deadlines provided nearly a month of additional time for compliance as compared to the initial CMO. Doc. No. 4287.

Despite this Court's clarification in December 2021 that the requirements of the July 23 CMO apply to them, the Oklahoma Plaintiffs did not seek relief from the CMO until April 20, 2022. The Oklahoma Plaintiffs offer no explanation for this delay of over four months.

2

**ARGUMENT**

This Court has already ruled that local government plaintiffs located in states that elected not to participate in the Distributor Settlement nonetheless must comply with the requirements of the July 23 CMO. The Oklahoma Plaintiffs do not identify any basis for this Court to retreat from its prior holding. Nor do the Oklahoma Plaintiffs—who have undisputedly been on notice of their obligations under the July 23 CMO for at least four months—identify any good cause for delay. The information required under the CMO will assist the parties and the courts in the ultimate resolution of these matters, and should be provided without delay.

Plaintiff Fact Sheets are a well-accepted and important tool in the arsenal of an MDL Court, promoting the early disclosure of information needed to evaluate, negotiate, and, if necessary, litigate the claims of large numbers of claimants. Facts sheets, and the other materials required under the July 23 CMO, are particularly important here, where there is an immense imbalance of information between the parties. The Oklahoma Plaintiffs already have access to complete national discovery of Settling Distributors taken in Track 1, which has been supplemented by extensive additional discovery taken in other cases across the country and produced into the MDL pursuant to Discovery Ruling 22—including discovery from Settling Distributors in actions brought by the Oklahoma Attorney General and by the Cherokee Nation located in Oklahoma. Defendants, in contrast, have very little information about these plaintiffs. The July 23 CMO does not resolve that imbalance, but it ensures that some of the most critical information needed to evaluate these claims is available to all parties before any further proceedings occur.

There is no reason why Oklahoma political subdivisions should be treated any differently than other MDL governmental plaintiffs. To the extent that the Oklahoma Plaintiffs wish to

continue to pursue their claims going forward, the information and documentation required to be provided under the July 23 CMO is just as important for them as for any other subdivision plaintiff that will continue to litigate.  Indeed, this Court has already so held:  in denying Clark County's motion, the Court made clear that "the CMO's various discovery requirements" apply to "*all* political subdivisions," including political subdivisions—like those in Oklahoma—that are "not eligible to participate" in the Distributor Settlement.  *See* December 13 Order, at 1-2 (emphasis in original).[1]  Accordingly, the Court should deny the Oklahoma Plaintiffs' request for a stay.

The Court should likewise deny the Oklahoma Plaintiffs' request for a 140-day extension because the CMO's deadlines are reasonable and the Oklahoma Plaintiffs have been aware of them for months.  Settling Distributors respectfully submit that the July 23 CMO put the Oklahoma Plaintiffs on notice of their obligations.  But even assuming *arguendo* that it did not, the Oklahoma Plaintiffs concededly have been on notice of their obligations since December 13, 2021, when the Court clarified that political subdivisions located in non-participating states are required to comply with the requirements of the July 23 CMO.  The Oklahoma Plaintiffs fail to explain why they needed more than four months to comply with the July 23 CMO or to offer any justifications for delay that would not apply equally to many other plaintiffs in the MDL (scores of whom have already begun to produce the information required by the July 23 CMO).  The

---

[1] In an April 20, 2022 order, the Court held that certain West Virginia subdivisions are not subject to the July 23 CMO because the Distributor Settlement excluded West Virginia from the definition of "State."  *See* Doc. No. 4363.  Oklahoma, by contrast, is not excluded from the definition of "State," and there is no dispute that the Oklahoma Plaintiffs are "Subdivisions" within the meaning of both the Distributor Settlement and the July 23 CMO.

information required by the CMO will facilitate the evaluation of these cases; it therefore is appropriate and important that the Oklahoma Plaintiffs adhere to the CMO's deadlines.[2]

## CONCLUSION

Exempting 64 Oklahoma subdivisions from the requirement of timely compliance with the July 23 CMO would be inconsistent with its purpose in managing and resolving the cases that will remain active in this MDL. Oklahoma Plaintiffs' Motions should, accordingly, be denied.

---

[2] The Oklahoma Plaintiffs also reference their pending remand motions. This Court, however, has already established a process for resolving such motions, *see* Doc. No. 4389, with which Settling Distributors will comply at the appropriate time.

5

Dated: May 4, 2022

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

Respectfully Submitted,

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen Corporation*

*/s/ Enu Mainigi*
Enu Mainigi
Jennifer Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
jwicht@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

## CERTIFICATE OF SERVICE

I, Geoffrey Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart