# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO  44114.1190

TELEPHONE: +1.216.586.3939 • JONESDAY.COM

Direct Number:  (216) 586-7507
CMMCLAUGHLIN@JONESDAY.COM

JP005629:                                    March 16, 2022
415406.999005

<u>VIA E-MAIL</u>

Special Master David Cohen
Carl B. Stokes United States Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113

     Re:  <u>Track 7 - Montgomery County Custodian Dispute</u>

Dear Special Master Cohen:

  I write on behalf of the Pharmacy Defendants in reply to Plaintiff's March 14 submission to you.  Plaintiff's submission does not accurately represent the history of the parties' negotiations regarding Montgomery County's document custodians.  And the bulk of the arguments Plaintiff makes merely distract from the merits of what is a straightforward discovery dispute.

  The reality is that Defendants made good faith efforts to work with Plaintiff on this issue. Both sides made compromises, including as recently as a couple weeks ago, but when it became clear that the parties had reached an impasse concerning the four custodians at issue, we sought your assistance in resolving the dispute.  Our request is neither "untimely" nor "unwarranted" as Plaintiff claims.  (3/14/22 Letter from L. Saltzburg to SM Cohen ("Letter") at 1.)

          **<u>Negotiating History</u>**

  So that you have the benefit of the full history on these negotiations, it follows.

  Plaintiff submitted its initial list of 30 proposed document custodians on September 15. On September 24, Defendants sent an email to Plaintiff requesting that additional custodians be added, including Sheriff Plummer, and asking Plaintiff to identify the Montgomery County law enforcement officers who are or were members of DEA/HIDTA task forces ("TFOs").  (<u>Ex. A</u>.) We also had to request a supplemental custodian list at that time, because the initial list Plaintiff provided did not include all the information required by the Track 7 CMO.  We did not receive an updated list until October 11.  We then had a meet and confer call about document custodians on November 1.  On that call, Plaintiff asked for more time to consider our requests.  We agreed.

EXHIBIT
**4**

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Special Master David Cohen
March 16, 2022
Page 2

Then, despite several follow up requests, we did not get any substantive response from Plaintiff until we received Ms. Saltzburg's letter of December 17.  That letter, however, still failed to identify the TFOs we asked about.  That is one of the reasons Alex Harris emailed you on January 7.  In that email, Mr. Harris also advised that Defendants would "respond separately by letter to address in more detail the other issues raised in Montgomery County's December 17 correspondence concerning document custodians."  Ultimately, Plaintiff did not identify the TFOs until January 14, after you ordered them to do so.

Defendants then sent Plaintiff a letter on January 21 addressing the outstanding issues with respect to document custodians.[1]  In that letter, we withdrew some of our requests for additional custodians in an effort to compromise and asked for a meet and confer to discuss the others.  Plaintiff did not respond to our request to meet and confer, so we followed up by email on February 4.  Plaintiff's counsel finally responded with a letter on February 7, providing additional information for the first time about the Sheriff's Office custodians being offered by the county and agreeing to meet and confer later that week.  We had another meet and confer call on February 10.  Much of the discussion surrounded the additional Sheriff's Office custodians requested by Defendants who were, in Plaintiff's view, duplicative of the custodians already being offered.  We disagreed but requested additional information to more fully evaluate Plaintiff's claim.  Plaintiff provided some of the information we asked for by email on February 15.  That same day, Defendants responded by email once again withdrawing some of our requests for additional custodians in an effort to compromise but maintaining our request for the custodial files of Sheriff Plummer and the three TFOs.  Plaintiff did not respond to our proposal until February 25, agreeing to add two custodians that it previously refused to add, but Plaintiff did not agree to add Sheriff Plummer and the three TFOs as custodians.  Defendants' email of March 2 was one last attempt to bring these negotiations to a conclusion.  (Ex. B.)  In it, we withdrew our requests for a couple of custodians that remained at issue and advised that if Plaintiff would add Sheriff Plummer and the three TFOs as custodians, the negotiations would be resolved.  Plaintiff rejected that proposal, and that is how we ended up here.

All told, Plaintiff agreed to add seven custodians to its initial list.  But six of those seven custodians are associated with relevant county departments for which Plaintiff initially offered no custodians at all (*e.g.*, ADAMHS, Job and Family Services, County Courts).  And, while Plaintiff spends much time attempting to compare the number of custodial files it has agreed to produce in Track 7 to the number of custodial files Defendants have agreed to produce, as Plaintiff must recognize, Defendants essentially start discovery again in each case.  In contrast, each Plaintiff (often represented by the same counsel) continues to build on the substantial

---

[1] That same day, Mr. Harris sent an email notifying you that "Defendants have responded to Plaintiff by separate letter regarding these and other matters and invited another meet and confer.  If the parties are unable to resolve their differences, we will raise any further issues with you at that time."  (Ex. C.)

JONES DAY

Special Master David Cohen
March 16, 2022
Page 3

discovery they already have received from several Defendants in the MDL and state cases.  This is not an apples-to-apples comparison.

## Sheriff Phil Plummer

In its submission, Plaintiff for the first time characterizes Sheriff Plummer as an "apex witness," arguing that it should not have to produce his custodial file for that reason.  (Letter at 2, 4.)  Plaintiff never raised this issue in any correspondence or in any meet and confer calls with Defendants.  Indeed, Plaintiff takes internally inconsistent positions.  On the one hand, it volunteered to produce the custodial file of its current Sheriff, Rob Streck.  On the other hand, it argues that it should not have to produce the custodial file of its former Sheriff, Phil Plummer.  This suggests that Plaintiff's feigned concern about producing files from a so-called "apex witness" does not apply to every Sheriff, only to a Sheriff whose files Plaintiff wishes to avoid producing.  Other Plaintiffs have similarly offered current and former Sheriffs as custodians.

Even if Plaintiff could selectively apply the apex doctrine to a former Sheriff, such efforts should be rejected.  As the Sixth Circuit explained in *Serrano v. Cintas Corp.*, this "Circuit has endorsed the view that to justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  699 F.3d 884, 901 (6th Cir. 2012) (citation omitted); *see also id.* at 902 (concluding that magistrate judge erred by relying on the "apex doctrine," rather than conducting a Rule 26(c)(1) analysis).  Plaintiff has not met that test.  It provides no specific demonstration that producing Sheriff Plummer's custodial file would result in any "enumerated harm," besides, as discussed below, providing conclusory statements about burden.

Moreover, Plaintiff cannot—and, to its credit—does not argue that Sheriff Plummer lacks relevant first-hand knowledge.  Indeed, as discussed below, he possesses highly relevant knowledge.  Instead, Plaintiff argues that Defendant's "merely contend that Sheriff Plummer is one of many knowledgeable people."  (Letter at 4.)  But that is not correct.

As Defendants pointed out when bringing this dispute to your attention, in its response to Defendants' Interrogatory No. 21, Plaintiff listed Sheriff Plummer as one of only two individuals not already included on its initial custodian list who have "knowledge of [the county's] claims against the Pharmacy Defendants" (and Plaintiff subsequently agreed to add the other one as a custodian).  Thus, Plaintiff itself identified Sheriff Plummer as a significant witness.[2]

---

[2] Defendants do not suggest that listing someone as a witness with knowledge in a discovery response, alone, is enough to justify making them a custodian.  It is significant, however, that of the 30 individuals listed in Plaintiff's response to Interrogatory No. 21, Sheriff Plummer is the only one whose custodial file Plaintiff refuses to produce.

JONES DAY

Special Master David Cohen
March 16, 2022
Page 4

While Plaintiff describes the two news reports related to Sheriff Plummer's involvement in addressing the opioid and drug problem in Montgomery County as a "stretch," those were just two examples.  (*Id.* at 5.)  All one must do is Google "Phil Plummer, opioids" and they will find dozens of similar articles indicating that Sheriff Plummer was keenly focused on this issue for years, in the public eye, and an outspoken member of county government.  He served as the Montgomery County Sheriff for a decade, and he possesses information about issues in the county that cannot be obtained from other individuals, let alone the ones Plaintiff has offered.  Plaintiff cannot show he is a duplicative custodian simply by pointing to other custodians who were with the Sheriff's Office at the same time in different positions, which is all Plaintiff does.

So, Plaintiff falls back on its conclusory assertions that Defendants' request is "burdensome" and that Sheriff Plummer's custodial file would be "redundant and duplicative" of the other custodial and non-custodial files Plaintiff agreed to produce from the Sheriff's Office— a claim Defendants have no ability to test given that Plaintiff has yet to produce many of those documents.[3]  But, contrary to Plaintiff's argument, "the party opposing discovery must make a specific showing of the burden that compliance would cause . . . Generalized statements that a request is burdensome, overbroad, or oppressive and irrelevant are insufficient."  *Am. Consolidated Industries, Inc. v. Blasingim*, 2021 WL 4204936, at *4 (N.D. Ohio Feb. 24, 2021).  Such generalized statements are all Plaintiff can muster.  It made no specific showing that the burden of producing Sheriff Plummer's custodial file "is undue or disproportionate to the needs of the case."  *Id.*  Indeed, given the "amount in controversy" and Sheriff Plummer's prominent role in relevant events, it plainly is not.  *See id.*

## DEA/HIDTA Task Force Officers

Plaintiff argues that "Defendants have shown no basis to add as custodians DEA/HIDTA task force members to the already expansive custodian list from the Sheriff's Office," repeating their conclusory assertions that those files would be "duplicative."  (Letter at 8.)  Yet, not a single custodian Plaintiff offers served as a TFO on a DEA or HIDTA task force, so the claim of duplication makes little sense.  Given the nature of a TFO's work—particularly their work with the DEA, which based on past experience in this MDL tends to focus more on prescription drug diversion than local law enforcement agencies—requests for their custodial files are not new in this litigation.  It has become par for the course and, as Defendants pointed out in their March 10

---

[3] Plaintiff makes much of the fact that it initially offered seven custodians from the Sheriff's Office, suggesting that Defendants' request for a few more is per se inappropriate.  Plaintiff also initially offered 13 custodians from its Public Health agency.  It does not complain about that.  The bottom line is that it is not simply about numbers but identifying the right custodians, and based on past experience in this MDL, certain county agencies and departments (like Public Health and the Sheriff's Office) are likely more important than others due to the nature of their work and their day-to-day involvement in the issues relevant to this case.

JONES DAY

Special Master David Cohen
March 16, 2022
Page 5

submission, multiple Plaintiffs produced such files in prior tracks.  There is no legitimate reason
to set a new standard here.

Of the three TFOs associated with the Sheriff's Office, one of them, ███████████, is
retired and Plaintiff confirms "that his name can be released."  (*Id.*)  Plaintiff raises concerns
about disclosure of the names of "Member #1"—who is involved in ongoing undercover
operations—and "Member #2"—who currently works on sensitive matters with the FBI.[4]  In
light of these concerns, Defendants suggest that their files (as well as the files of ███████████,
if necessary) be marked as "Highly Confidential – Attorneys' Eyes Only Information" pursuant
to the Protective Order applicable to the MDL.  To the extent that still is not sufficient,
Defendants also are willing to agree to redaction of the names of Member #1 and Member #2 in
any production of their files at least to start.  Then, once Defendants have an opportunity to
evaluate the documents—and if depositions become necessary—Defendants will work with
Plaintiffs and seek your assistance as needed to ensure that appropriate protocols are put in place
to protect their identities.

\*     \*     \*

For the foregoing reasons and those raised in Defendants' March 10 submission,
Defendants respectfully request that Montgomery County be ordered to produce the custodial
files of former Sheriff Phil Plummer and the three TFOs referenced above.

Very truly yours,

*/s/ Christopher M. McLaughlin*

Christopher M. McLaughlin

cc:    Track 7 Defendants' counsel
        Track 7 Plaintiff's counsel

---

[4] To be clear, Defendants do not expect Plaintiff to produce files related to Member #2's "anti-terrorism" work with
the FBI if that work is unrelated to drug investigations and otherwise irrelevant to the issues in this case.  We only
ask that relevant files from Member #2's work as a DEA or HIDTA task force officer be produced.

Exhibit A

**McLaughlin, Christopher M.**

| | |
|---|---|
| **From:** | Alex Harris <alex.harris@bartlitbeck.com> |
| **Sent:** | Friday, September 24, 2021 6:14 PM |
| **To:** | Saltzburg, Lisa M.; Mailing List - Tracks 6 to 10 defendants |
| **Cc:** | Elsner, Mike; Fu, Abigail |
| **Subject:** | Re: Montgomery County - Track 7 Custodians |

**\*\* External mail \*\***

Lisa,

Thank you for providing Plaintiff's initial custodian list.  Can you clarify whether it is Plaintiff's position that any trial witness in Track 7 must have a custodial file produced?

Defendants have compared Plaintiff's initial list to the PFS produced on March 6, 2019, and to Plaintiff's September 20, 2021 response to Defendants' Interrogatory No. 21 and request that the following individuals be added as custodians:

- Mike Brem (Sheriff's Office)
- James Davis (Coroner)
- Andy Flagg (Sheriff's Office)
- Jewell Good (ADAMHS, Executive Director)
- Jim Gross (Health Commissioner)
- Terri Hawk (Drug Court)
- Jessica Jenkins (Bd. of County Commissioners, Assistant Director, Human Services, Planning & Development, and Manager of Housing and Homeless Systems)
- Helen Jones-Kelley (ADAMHS, Executive Director)
- Tom Kelley (Job and Family Services)
- Jodi Long (ADAMHS, COAT Task Force)
- Jeff Lykins (Emergency Medical Services)
- Timothy Nolan (Office of Management and Budget)
- Phil Plummer (Sheriff)
- Jeremy Roy (Sheriff's Office)
- Larry Sexton (ADAMHS, Project SAVE Director)
- Mary Kay Stirling (Common Pleas Court, COAT Task Force)
- Steve Stine (Greater Miami Valley EMS Council, COAT Task Force)
- Doug Thomson (ADAMHS, Director of Business Operations)
- Carlos Walker (Probation Services)
- Chris Williams (Coroner's Office, COAT Task Force)

To enable Defendants to identify other necessary custodians, please provide the names of the primary narcotics prosecutors in the Montgomery County Prosecutor's Office, as well the member of Human Resources and/or Administrative Services who serves as the primary contact for issues related to insurance benefits and workers' comp claims.  Also, to the extent any Montgomery County law enforcement officers are/have been members of a DEA/HIDTA task force, please identify them.

Finally, Defendants would ask that Plaintiff supplement its initial custodian list and conform all subsequent lists to comply with the CMO's requirement to include the "timeframes of employment in [each custodian's] relevant position(s)." ECF No. 3769 at 5.

Please let us know if you have any questions or would like to meet and confer. We would appreciate a response within a week.

## BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | [Alex.Harris@BartlitBeck.com](mailto:Alex.Harris@BartlitBeck.com) | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** "Saltzburg, Lisa M." <lsaltzburg@motleyrice.com>
**Date:** Wednesday, September 15, 2021 at 6:42 PM
**To:** Mailing List - Tracks 6 to 10 defendants <tracks6to10defendants@bbhps.com>
**Cc:** "Elsner, Mike" <melsner@motleyrice.com>, "Fu, Abigail" <afu@motleyrice.com>
**Subject:** Montgomery County - Track 7 Custodians


Counsel,

Attached please find a custodian list pursuant to the Track 7 CMO.

Best regards,

Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com


Confidential & Privileged


Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Exhibit B

**McLaughlin, Christopher M.**

| | |
|---|---|
| **From:** | McLaughlin, Christopher M. |
| **Sent:** | Wednesday, March 2, 2022 12:52 PM |
| **To:** | 'Saltzburg, Lisa M.' |
| **Cc:** | Gates, Lisa B.; Trevor Scheetz; Fu, Abigail; Elsner, Mike; Unterreiner, Amanda; alex.harris@bartlitbeck.com; External User - Jenn Hagedorn; Morrison, Kristin S.M.; External User - Steven Herman; External User - Trevor Sheetz; Peter Bigelow |
| **Subject:** | RE: Montgomery County document custodians |

Lisa,

We too would like to bring this to a close.  There have been multiple communications and calls back and forth on this, so I thought it would be helpful to recap where things stand.

In addition to its initial list of document custodians, the county has agreed to add Jim Gross, Jessica Jenkins, Helen Jones-Kelley, Jodi Long, Larry Sexton, Tom Kelley, and Dawn Schwartz (who you suggested as a substitute for the other court custodians we identified).  Most of these additional custodians are associated with county departments or agencies that were not covered on the county's initial list.  In addition, you advised that the custodial files of Jewell Good, Chris Williams, James Davis, and Timothy Nolan have been deleted or destroyed.

We, in turn, withdrew our requests for the custodial files of Jeremy Roy, Jeff Lykins, Steve Stine, and Doug Thomson.  In the spirit of compromise and in an effort to bring this to a conclusion, the Pharmacy Defendants withdraw their requests for the custodial files of Terri Hawk, Mary Kay Stirling, Carlos Walker, Andy Flagg, and Mike Brem.

We do not, however, withdraw our requests for the custodial files of former Sheriff Phil Plummer and the three DEA/HIDTA task force officers that Special Master Cohen required the county to identify.  If the county agrees to add them as custodians, then this dispute will be resolved.  If not, the Pharmacy Defendants will raise this issue with Special Master Cohen.

Our reservation of rights, which all parties have used in various circumstances, is merely meant to preserve our right to seek additional information if warranted and necessary based on the discovery we receive from the county.  We do not, at this time, have reason to believe that that will be necessary.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Friday, February 25, 2022 4:00 PM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda

<AUnterreiner@motleyrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Chris,

We disagree with your characterization of the background and Defendants' submission but in the interest of time, will refrain from rehashing the dispute. The County has already agreed to 35 custodians and, as we've discussed, adding additional custodians is neither warranted nor justified by Defendants who, now, rather than offering to reach an end point, claim to reserve the right to seek still *additional* custodians. The County has more than covered the relevant agencies and relevant job positions.  That being said, in the spirit of compromise and to push this to conclusion in order to make the March 11 deadline, the County agrees to add **Dawn Schwartz** of the Common Pleas Court and **Tom Kelley** of Human Services.

We will not agree to add additional custodians from the Sheriff's office, as per our prior conversations and letters, we feel this agency is more than fully represented by the seven custodians already proposed. Further, the custodial documents requested would be cumulative and have not been justified by any claim of unique information.  Concerning the task force members there is also the safety concern to the officers, confidentiality obligation, and the burden of privilege review, which is particularly unwarranted given that defendants in prior tracks over the years have not ultimately used the materials.

We believe the County has been generous in its custodian list and stands on its current list of **37 custodians**, which are being produced in addition to voluminous non-custodial files.

Best regards,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Tuesday, February 15, 2022 10:42 AM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

Thank you for your email and for providing some of the additional information we requested.

As I explained on our meet and confer call, the Pharmacy Defendants did not bring a "narrowed dispute" concerning custodians before Special Master Cohen.  We merely pointed out, among other things, that the county had not been responsive to our correspondence and appeared to be taking positions on custodians that we believed were unjustified

(citing three individuals as examples).  I responded to the other points you raise below in prior correspondence and on our meet and confer call.  Rather than address them again, I agree that the best use of our time at this point is to try and reach a compromise on this issue and move forward.

To that end, the Pharmacy Defendants will agree to the following:

**ADAMHS**:  We withdraw our request for the custodial file of Doug Thomson.

**Courts**:  We accept your offer to add Dawn Schwartz as a custodian.  Given the short time period that she has been in her current position, however, we maintain our request that the county also add Terri Hawk as a custodian.  If the county agrees to add them as custodians, we will withdraw our requests for the custodial files of Mary Kay Stirling and Carlos Walker.

**Human Services/Job and Family Services**:  We maintain our request that the county add Tom Kelley as a custodian.

**Insurance/Worker's Compensation**:  In prior correspondence, you indicated that the county intends to produce responsive, non-custodial files related to its insurance benefits and workers' compensation claims.  The Pharmacy Defendants are willing to table any request for the custodial files of Joyce Carter and Pamela Gilbert until we have the opportunity to evaluate the sufficiency of the forthcoming production of non-custodial files.

**Sheriff's Office**.  We maintain our requests that the county add Phil Plummer and the three DEA/HIDTA task force officers as custodians.  If the county agrees to add them as custodians, we will withdraw our requests for the custodial files of Andy Flagg and Mike Brem.

We believe this is a reasonable compromise.  Please advise if we have an agreement under the terms outlined above.  If you'd like to discuss any of this further, let us know.

For the avoidance of doubt, the Pharmacy Defendants reserve the right to request custodial files of other county witnesses (either those withdrawn as part of our negotiations or others) to the extent that the county's document production or deponents reveal information warranting the production of their custodial files.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Tuesday, February 15, 2022 9:42 AM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Thank you Chris. We remain concerned that five weeks after the County's Dec. 17 letter, and after already raising a narrowed dispute before Special Master Cohen, Defendants are now seeking to add *thirteen* additional custodians – an addition the size of new Defendants Kroger's and Meijer's entire respective lists, on top of the 5 added custodians about which the County proposed to compromise. This is particularly true given that although Defendants seek 14 custodians from the Sheriff's office, a clearly excessive amount, Defendants have made clear they are not suggesting the County selected the wrong people for its list and would not substitute any proposed custodian for one of the custodians the County identified. We appreciate that there seems to be some movement and hope there is some room to reach a middle ground, but caution that it would entail few, if any additions at this stage, in which substantial time already has been consumed by serial responses to the same inquiries.

In the spirit of continued negotiation, we are providing additional information you requested concerning certain individuals, with the understanding that, as discussed on our call, seeking 3-4 custodians from the courts and 14 from the Sheriff's Office is not something Defendants have justified, and we are taking the time to provide this detail with the understanding Defendants are reevaluating their position.

Dawn Schwartz is the Program Coordinator for Addiction Treatment and Programming at the Montgomery County Common Pleas Court.  In this role, she assists in assessments and placements for treatment for all four specialty courts (Drug Court, Mental Health Court, Veteran's Treatment Court, and Woman's Therapeutic Court).  She is on COAT as well as the Treatment Advisory Council at the courts.
- Started in June 2002 as a basic probation officer
- July 2003 promoted to senior probation officer
- 2003- October 2015 - chemical abuse/mental health probation officer
- November 2015-June 2021 Men's Drug Court senior probation officer.
- July 2021 – Promoted to Program Coordinator for Addiction Treatment and Programming, Montgomery County Common Pleas Court - General Division

We also confirmed that Detective Overholt has been assigned to the RANGE Task Force since 2012, and that Josh Walters served on the RANGE task force from 2010-2013, going straight from there to the Bulk Smuggling Task Force in 2013.

Best,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Thursday, February 10, 2022 6:25 PM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>
**Subject:** Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

As discussed on our meet and confer call this afternoon, we appreciate your willingness to provide the following additional information about some of the county's custodians:

- Dawn Schwartz's position(s) and timeframes of employment with the county.  I believe you mentioned that she is the Program Coordinator for Mental Health and Addiction Treatment at the county court as well as a member of COAT and the Treatment Advisory Council.  Please confirm if that is correct and let us know if she has held any other positions with the county and her timeframes of employment.

- The table on page 2 of your February 7 letter identifies Matthew Overholt as a "Detective – Range Task Force," but you later described him as a member of the "Bulk Smuggling Task Force."  Can you clarify which task force Detective Overholt is attached to and the time period that he's been involved with that task force?

- Your February 7 letter provides that Josh Walters joined the Bulk Smuggling Task Force in 2014 and that he became the "director" of that task force in 2018, a position he still holds today.  You also stated in your letter that Detective Walters joined the RANGE task force in 2010.  Can you clarify whether he was a member of the RANGE task force from 2010 until 2014 when he joined the Bulk Smuggling Task Force?

- Your February 7 letter provides that Terry Ables has been "supervising" the RANGE Task Force since 2013 and that since October 2021 he also "oversees" the Bulk Smuggling Task Force.  The Sheriff's Office website indicates that Captain Andy Flagg "oversees" both task forces and also that Captain Ables "oversees" both task forces.  Can you clarify if they have joint oversight of the task forces or whether each oversaw one or both task forces at different times?  Can you also clarify the difference between being a "director," "supervising," and overseeing the task forces?

We would appreciate it if you would provide this information as soon as possible so that we can make a decision about whether we can withdraw any of our requests for additional custodians from the county court system and the Sheriff's Office.  I will speak to the pharmacy group about the other custodians we discussed today as well, so that I'll be in a position to make a proposal to you regarding all of the custodians at issue promptly after receiving the above information.  Thank you.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Exhibit C

**McLaughlin, Christopher M.**

| | |
|---|---|
| **From:** | Alex Harris <alex.harris@bartlitbeck.com> |
| **Sent:** | Friday, January 21, 2022 4:25 PM |
| **To:** | Saltzburg, Lisa M.; David R. Cohen (David@SpecialMaster.Law) |
| **Cc:** | Elsner, Mike; Fu, Abigail; Mailing List - Tracks 6 to 10 defendants; ct7-11_opioidbwteam@simmonsfirm.com |
| **Subject:** | Re: Track 7 - Montgomery County Discovery Delays |

** External mail **

Special Master Cohen,

With appreciation for your assistance, Defendants have responded to Plaintiff by separate letter regarding these and other matters and invited another meet and confer.  If the parties are unable to resolve their differences, we will raise any further issues with you at that time.  Have a good weekend!

BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** "Saltzburg, Lisa M." <lsaltzburg@motleyrice.com>
**Date:** Friday, January 14, 2022 at 12:51 PM
**To:** David Cohen <david@specialmaster.law>, Alex Harris <alex.harris@bartlitbeck.com>
**Cc:** "Elsner, Mike" <melsner@motleyrice.com>, "Fu, Abigail" <afu@motleyrice.com>, Mailing List - Tracks 6 to 10 defendants <tracks6to10defendants@bbhps.com>, "ct7-11_opioidbwteam@simmonsfirm.com" <ct7-11_opioidbwteam@simmonsfirm.com>
**Subject:** RE: Track 7 - Montgomery County Discovery Delays

Special Master Cohen and Counsel,

Attached please find a letter in response to Defendant's Nov. 24 letter and an additional letter addressing the separate three points in Special Master Cohen's January 7 directive below.

Respectfully,

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Friday, January 7, 2022 1:00 PM
**To:** Alex Harris <alex.harris@bartlitbeck.com>; Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Cc:** Elsner, Mike <melsner@motleyrice.com>; Fu, Abigail <afu@motleyrice.com>; Mailing List - Tracks 6 to 10 defendants

<tracks6to10defendants@bbhps.com>; ct7-11_opioidbwteam@simmonsfirm.com
**Subject:** Re: Track 7 - Montgomery County Discovery Delays

CAUTION:EXTERNAL

Defendants' request is granted.

Montgomery County ('MC') shall respond as soon as possible and no later than next Friday, January 14.

Specifically, MC shall: (1) respond to Defendants' November 24 deficiency letter; (2) identify any Montgomery County law enforcement officers who are or have been members of a DEA/HIDTA task force; and (3) identify a minimum of 2 custodians from the Montgomery County Prosecutor's Office who regularly prosecute narcotic-related offenses.  MC shall also: (4) either (a) add as custodians the three individuals listed above whom Plaintiff has identified as persons with knowledge; or (b) explain why it believes adding any of them is not appropriate.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Alex Harris <alex.harris@bartlitbeck.com>
**Sent:** Friday, January 7, 2022 12:50 PM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Cc:** Elsner, Mike <melsner@motleyrice.com>; Fu, Abigail <afu@motleyrice.com>; Mailing List - Tracks 6 to 10 defendants <tracks6to10defendants@bbhps.com>; ct7-11_opioidbwteam@simmonsfirm.com <ct7-11_opioidbwteam@simmonsfirm.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Subject:** Track 7 - Montgomery County Discovery Delays

Lisa,

The Track 7 Defendants served Montgomery County with a deficiency letter before the Thanksgiving holiday and have still not received any response.  We followed up multiple times in December.  On Tuesday, December 21, you stated that you'd aim to get us a response "next week."  That did not happen, and we've now been waiting more than 6 weeks.

This has been a troubling pattern for Montgomery County.  Requests for custodians and basic information that Defendants made 3.5 months ago—back in September 2021—have been met with delay and puzzling refusals:

- In September, Defendants asked Plaintiff to identify "any Montgomery County law enforcement officers [who] are/have been members of a DEA/HIDTA task force."  As you surely know, discovery from the files and depositions of such task force members has been critically relevant in prior tracks.  Yet after waiting nearly 3 months even to provide a response, Plaintiff stated in a December 17 letter that it is "still considering [the] request."

- In that same September request, Defendants asked Plaintiff to identify custodians from the Montgomery County Prosecutor's Office involved in prosecuting narcotics cases.  After nearly 3 months of delay, and despite extensive and relevant discovery from the files and depositions of prosecutors in prior tracks, Plaintiff has refused "to add any prosecutors as custodians" and purports to limit all discovery from the Prosecutor's Office to a "CourtView" database that by Plaintiff's own admission simply "tracks cases and assignments and status of the cases."

- Montgomery County has likewise refused to add as custodians numerous individuals that Plaintiff itself identified as "persons with knowledge" of its claims (either in Plaintiff's Fact Sheet or in response to Defendants' Track 7 Interrogatories) including Phil Plummer, who served as the Sheriff of Montgomery County from 2008-2018; Tom Kelley, who serves as the Assistant County Administrator for Human Services, with oversight over the department of Job and Family Services; and Mary Kay Stirling, who serves as the Director of Case Management for the Montgomery County Court of Common Pleas and is a member of the Community Overdose Action Team.

The deadline for substantial completion of document production is just 2 months away on March 11.  The close of party fact discovery is May 6.  The parties cannot meet the deadlines in the CMO when Montgomery County repeatedly delays responding to Defendants' requests and deficiency letters and takes positions that are unreasonable.

Defendants hereby reiterate their longstanding requests that Montgomery County **(1)** respond to Defendants' November 24 deficiency letter; **(2)** identify any Montgomery County law enforcement officers who are or have been members of a DEA/HIDTA task force; **(3)** identify a minimum of 2 custodians from the Montgomery County Prosecutor's Office who regularly prosecute narcotic-related offenses; and **(4)** add as custodians the three individuals listed above whom Plaintiff has identified as persons with knowledge.  **Special Master Cohen**, Defendants respectfully request that Montgomery County be ordered to respond as soon as possible and no later than next Friday, January 14.

Defendants will respond separately by letter to address in more detail the other issues raised in Montgomery County's December 17 correspondence concerning document custodians and search terms.

BartlitBeck LLP

Alex J. Harris | p: 303.592.3197 | c: 503.347.1652 | Alex.Harris@BartlitBeck.com | 1801 Wewatta Street, Suite 1200, Denver, CO 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.