UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION )<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>*64 Oklahoma Cases* )<br>)<br>) | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**ORDER** |

Before the Court are three motions filed by 64[1] Oklahoma local government subdivisions ("Oklahoma Plaintiffs") to stay or extend the deadlines of the Court's July 23 CMO. Doc. ##: 4373; 4376; 4379. The Settling Distributor Defendants filed a response in opposition.[2] Doc. #: 4416.

On July 23, 2021, the Court issued its Case Management Order Applicable to Cases of "Non-Participating Subdivisions." Doc. #: 3795. On December 13, 2021 (approximately 140 days later), upon motion to clarify by plaintiff Clark County, Nevada (Doc. #: 4180), the Court clarified

---

[1] The first motion, Doc. #: 4373, purports to be filed on behalf of "fifty-six (56) Oklahoma cities and counties," First Motion at 1, but the Court only counts 55 cities and counties listed in the motion's caption. The other two motions, Doc. ##: 4376 and 4379 were filed on behalf of 6 and 2 cities and counties respectively. If there was a Case inadvertently left out of the caption of the first motion, counsel for the Oklahoma cities and counties may assume this order applies to that Oklahoma plaintiff as well. However, counsel for the Oklahoma Plaintiffs shall file a supplemental notice clarifying for the Court precisely to which Cases this order applies. The sixty-three (63) cases listed in the captions of the three motions are reproduced in Exhibit A, attached to this order.

[2] The Settling Distributor Defendants are AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation (together with their Released Entities).

"that its July 23, 2021 CMO *does apply* to government subdivisions, such as Clark County, that are located within Non-Participating States." July 23 CMO at 1 (emphasis in original).

The Oklahoma Plaintiffs assert that, being located within a Non-Participating State, they "reasonably believed they were not subject to the Court's 07-23-21 CMO given the Court's definition of a Non-Participating Subdivision," and "It was not until the Court's 12-13-22 Order that the Oklahoma State-Law Plaintiffs had an understanding that they were subject to the deadlines established in the 07-23-21 CMO." Motion at 6 (Doc. #: 4373).[3] The Oklahoma Plaintiffs, therefore, request the Court "stay the deadlines established in the Court's July 23, 2021 Case Management Order relating to Non-Participating Subdivisions (the "07-23-21 CMO"), as applied to the Oklahoma State-Law Plaintiffs, or extend the deadlines for one-hundred forty (140) days." Motion at 4. In the alternative, the Oklahoma Plaintiffs' request a stay of the CMO deadlines for "the time period necessary for the Court to rule on whether it has subject matter jurisdiction over the Oklahoma State-Law Plaintiffs' lawsuits," Motion at 8, which amounts to a request for a stay for an indefinite period of time.

The Court previously had occasion to rule on a request for an indefinite stay. *See* Doc. #: 739. For the reasons stated in that order, the Oklahoma Plaintiffs request for an indefinite stay is denied. However, the necessity of a second order clarifying the CMO indicates there were at least some reasonable misunderstandings regarding the scope of the July 23 CMO. Thus, the Oklahoma Plaintiffs' assertion that they reasonably believed they were not subject to the July 23 CMO's requirements is well-taken. As a result, the Court hereby extends the July 23 CMO deadlines for the Oklahoma Plaintiffs by 140 days to compensate them for the time lost due to their good-faith misunderstanding of the CMO.

---

[3] The Court refers only to the first motion filed. All three motions contain substantively identical assertions and requests. *See* Doc. #: 4376 at 3; Doc. #: 4379 at 2.

Accordingly, the Oklahoma Plaintiffs' motions (Doc. ##: 4373; 4376; 4379) for a 140-day extension are **GRANTED,** but their motions for an indefinite stay are **DENIED**.

**IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster  May 6, 2022**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**