# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br><br>*City of Lorain v. Purdue Pharma L.P., et al.*, No. 1:17-op-45000<br><br>*City of Parma, v. Purdue Pharma L.P., et al.*, No. 1:17-op-45001<br><br>*County of Mora v. Purdue Pharma L.P., et al.*, No. 1:17-op-45080<br><br>*Scott County, Indiana v. Purdue Pharma L.P., et al.*, No. 1:17-op-45094<br><br>*County of Pike v. Teva Pharmaceuticals USA, Inc., et al.*, No. 1:18-op-45368<br><br>*County of Floyd v. Purdue Pharma L.P., et al.*, No. 1:18-op-45369<br><br>*County of Knott v. Purdue Pharma L.P., et al.*, No. 1:18-op-45370<br><br>*County of Fulton v. Purdue Pharma L.P., et al.*, No. 1:18-op-45374<br><br>*County of Osceola v. Purdue Pharma L.P., et al.*, No. 1:18-op-45669 | **Case No: 1:17-md-2804-DAP**<br><br>**Honorable Dan Aaron Polster** |

### CERTAIN DEFENDANTS' SUPPLEMENTAL REMAND BRIEF

Pursuant to the Court's April 26, 2022 Order, the undersigned Defendants[1] respectfully submit this supplemental response to the remand motions filed in the above-captioned cases.

As set forth below, the Court need not address the merits of Plaintiffs' remand motions and the original grounds for removal of these cases because each of these Plaintiffs is now asserting federal RICO claims, and the Court therefore has federal question jurisdiction over the cases, as it previously recognized in *County of Cuyahoga v. Purdue Pharma L.P.* *See* June 28, 2018 Order, No. 1:17-op-45004-DAP (N.D. Ohio) (denying motion to remand as "moot" because the plaintiff subsequently filed "amended complaints with federal RICO claims").

### BACKGROUND

The above-captioned cases were originally removed to federal court on fraudulent joinder and/or misjoinder grounds based on the inclusion of nominal, non-diverse manufacturers, distributors, or physicians. While Plaintiffs' motions for remand were pending, Plaintiffs amended their Complaints, asserting federal RICO claims, adopting the common factual allegations in the *County of Summit* action, and adding new defendants, including Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (together, "Par"). (*See* Short Form Amended Complaints in *City of Lorain*; *City of Parma*; *County of Mora*; *Scott County, Indiana*; *County of Pike*; *County of Floyd*; *County of Knott*; *County of Fulton*; and *County of Osceola*.)[2] The RICO claims arise out of the same core allegations as the state law claims. According to Plaintiffs, "the RICO Marketing

---

[1] Although at least one undersigned Defendant has been named in each of the above-referenced cases, the Defendants named in each case vary, and the undersigned Defendants join this submission only with respect to the cases in which they are parties. In addition, by filing this motion, Defendants do not demonstrate any intention to "defend the suit on the merits" in this Court, *Boulger v. Woods*, 917 F.3d 471, 478 (6th Cir. 2019), and expressly reserve their rights under Rule 4(m) and Rule 12(b)(5).

[2] No. 1:17-op-45000, ECF No. 68; No. 1:17-op-45001, ECF No. 39; No. 1:17-op-45080, ECF No. 101; No. 1:17-op-45094, ECF No. 25; No. 1:18-op-45368, ECF No. 40; No. 1:18-op-45369, ECF No. 40; No. 1:18-op-45370, ECF No. 40; No. 1:18-op-45374, ECF No. 55; No. 1:18-op-45669, ECF No. 37.

Defendants formed an association-in-fact enterprise and engaged in a scheme to unlawfully increase their profits and sales, and grow their share of the prescription painkiller market, through repeated and systematic misrepresentations about the safety and efficacy of opioids for treating long-term chronic pain." (*E.g.*, Corr. Second Am. Compl. ¶ 814, *County of Summit, Ohio v. Purdue Pharma, L.P.*, No. 1:18-op-45090-DAP, ECF No. 24 (N.D. Ohio filed May 29, 2018) (footnote omitted).)

## ARGUMENT

**I. THE ADDITION OF FEDERAL RICO CLAIMS CONFERRED FEDERAL QUESTION JURISDICTION OVER THESE ACTIONS.**

The Court need not address the fraudulent joinder/misjoinder arguments that were the basis for Defendants' removals because Plaintiffs in all of the above-captioned cases have amended their complaints to add *federal* RICO claims **and new defendants**.

This Court has already recognized in *County of Cuyahoga* that such amendments create federal question jurisdiction, a conclusion supported by many other courts in this Circuit and across the country. Indeed, "[n]o fewer than seven United States Courts of Appeals . . . have held that an amended complaint—filed after an improper removal or a potentially improper removal—that adds a claim arising under federal law is sufficient to confer subject matter jurisdiction on the district court." *Firebird Structures, LCC v. United Bhd. of Carpenters & Joiners of Am., Loc. Union No. 1505*, 252 F. Supp. 3d 1132, 1171-72 (D.N.M. 2017) (citing cases); *see also Fields v. Allied Van Lines, Inc.*, No. 3:21-cv-448-RGJ, 2021 WL 5181027, at *2 (W.D. Ky. Nov. 8, 2021) (amendment adding federal law claim mooted jurisdictional question; "regardless of the original complaint, federal question [jurisdiction] is present on the face of the [a]mended [c]omplaint"); *Vector Rsch., Inc. v. Howard & Howard Att'ys P.C.*, 76 F.3d 692, 697 n.3 (6th Cir. 1996) ("plaintiffs' addition of the *Bivens* claim after removal, which clearly presents a federal question,

3

cured any potential jurisdictional deficiency that may have existed in the removal"); *Kramer v. United States*, No. 1:09-cv-72, 2009 WL 2382940, at *3 (S.D. Ohio July 30, 2009) (where plaintiff who originally filed only state law claims amended after removal to add federal claim, "[t]he filing of the [a]mended [c]omplaint, which facially states a basis for the [c]ourt to assert federal question jurisdiction, acted as a waiver of Kramer's right to challenge the propriety of the removal").[3]

The U.S. Court of Appeals for the Sixth Circuit has also upheld the exercise of federal jurisdiction based on post-removal events. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007) (noting that while "plaintiff may challenge removal . . . plaintiff may waive the right to bring this challenge if the jurisdictional defect is ultimately cured"). While the *Gentek* court left open the door to rejecting jurisdiction in cases where a plaintiff amends a complaint to add federal claims after a motion for remand had been denied, that is not the case here. *Id.* at 327. Moreover, *Gentek* emphasized that the primary considerations in addressing such a scenario are "finality and economy." *Id*. Here, those considerations strongly support exercising federal jurisdiction over the cases at issue. This Court and the parties have already expended significant resources addressing opioid claims in this proceeding, and exercising jurisdiction over these cases will clearly promote judicial economy. Moreover, remanding a case over which this Court unquestionably has jurisdiction would waste judicial resources because the defendants would be entitled to remove the case to federal court again, this time based on federal question jurisdiction.

---

[3]   *Accord Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 949 n.6 (9th Cir. 2014) ("The question whether the district court erred in denying the Mall's motion to remand is thus moot, as the Mall's assertion of federal jurisdiction in the SAC conferred jurisdiction upon the district court and hence upon us."); *Moffitt v. Residential Funding Co.*, 604 F.3d 156, 160 (4th Cir. 2010) ("[I]t would be a waste of judicial resources to remand these cases on the basis of an antecedent violation of the removal statute now that jurisdiction has been established. Were we to do so, defendants would almost certainly remove the cases back to federal court in light of plaintiffs' amended class action complaints."); *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 185-86 (7th Cir. 1984) ("[O]nce [plaintiff] decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there.").

4

Remand would also be improper because several of the defendants (e.g., Par, West-Ward Pharmaceuticals Corp., Mylan Pharmaceuticals, Inc., Walgreen Co., Walmart Inc., CVS Health Corporation, etc.) were only added to the cases in federal court; thus, the claims against those defendants were never pending in state court to begin with.  It is axiomatic that a case cannot be remanded to state court if it was never pending there in the first place.  *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002) ("[W]hile a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court").  This, too, requires denial of Plaintiffs' motions.

The handful of courts that have remanded cases after the addition of a federal cause of action did so on different facts or based on a misinterpretation of the applicable precedent.  *See Saunders v. Huron Cnty. Comm'rs*, No. 3:11 CV 2481, 2013 WL 1196438, at *2 (N.D. Ohio Mar. 22, 2013); *Young v. FirstMerit Bank, N.A.*, No. 1:06CV1486, 2008 WL 11381415, at *1 (N.D. Ohio Nov. 13, 2008).  In *Saunders*, Judge Katz concluded that the plaintiff's act of filing an amended complaint to add federal claims (but not additional defendants) did not cure the lack of federal question jurisdiction at the time of removal, relying on *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 573-74 (2004).  *Saunders*, 2013 WL 1196438, at *2-3.  But as other courts have recognized, the *Grupo* ruling is inapposite in circumstances like this one because it involved a case that was originally filed in federal court.  *See Chaney v. First Am. Nat'l Bank*, No. 3:05-0798, 2009 WL 275198, at *8 (M.D. Tenn. Feb. 4, 2009) (explaining that "under *Grupo*, if the action were filed originally in federal court, then a jurisdictional defect cannot be cured by any subsequent act of a party because such a defect is a 'jurisdictional defect'"; "If, however, the defect arises in an action removed from state court, that defect can be cured by the subsequent act of a party or by considerations of finality.").  Thus, *Grupo* is consistent with exercising jurisdiction

5

over Plaintiffs' claims here, and the Court should not follow *Saunders*, which, in any event, predated this Court's contrary ruling in *Cuyahoga*.[4]

## II. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS.

The Court also has supplemental jurisdiction over Plaintiffs' state law claims, as it implicitly recognized in *Cuyahoga*. Federal district courts have the power to exercise supplemental jurisdiction over pendent state law claims as long as: (1) the federal claim has "substance sufficient to confer subject matter jurisdiction on the court; (2) the state and federal claims . . . derive from a common nucleus of operative fact; and (3) the claims [are] such that plaintiff would ordinarily be expected to try them in one judicial proceeding." *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991); *see also Schmidt v. Rossford Police Dep't*, No. 3:06 CV 1531, 2008 WL 4070953, at *4 (N.D. Ohio Aug. 27, 2008). In a nutshell, supplemental jurisdiction is proper under this standard where both sets of claims "revolve around a central fact pattern." *Sholtz v. Emergency Med. Transp., Inc.*, No. 5:20-cv-2328, 2021 WL 964128, at *2 (N.D. Ohio Mar. 15, 2021) (citation omitted); *see also Harner v. Prudential Sec. Inc.*, 785 F. Supp. 626, 642-43 (E.D. Mich. 1992) (supplemental jurisdiction was properly exercised where federal securities allegations, common law fraud claims and RICO claims all pertained to the same central claim that the defendants falsely represented market conditions), *aff'd sub nom. Harner v. Prudential-Bache Sec., Inc.*, 35 F.3d 565 (6th Cir. 1994); *Goodwin v. Am.*

---

[4] The *Young* court likewise relied on inapt authority. In *Young*, Judge Boyko concluded that "[a]lthough the [p]laintiffs subsequently amended their [c]omplaint to include a federal Racketeer Influence and Corrupt Organizations Act ("RICO") action, applicable case law does not permit subsequent amendments to cure a lack of jurisdiction at the time of removal," citing *Kelly v. Carr*, 691 F.2d 800 (6th Cir. 1980). *Young*, 2008 WL 11381415, at *1. In *Kelly*, however, the jurisdictional defect that could not be cured was the jurisdiction of the state court where the action was originally filed. 691 F.2d at 805. Because the federal claims added after removal could only be brought in federal court, the *Kelly* court applied the derivative jurisdiction rule, which holds that if the state court from which the action was removed has no jurisdiction, the federal court acquires no jurisdiction upon removal and the action must be dismissed, and concluded that the federal court could not acquire jurisdiction based on the later amendment. *Id.* at 806 & n.16.

*Marine Express, Inc.*, No. 1:18CV1014, 2019 WL 257699, at *3 (N.D. Ohio Jan. 18, 2019) (supplemental jurisdiction was proper where all claims pertained to an alleged overarching scheme designed to reduce payments for leasing). The requirements for supplemental jurisdiction are clearly satisfied in these cases.

*First*, as noted in Section I, above, the federal RICO claims confer federal question jurisdiction over those causes of action. *Second*, the factual allegations underlying the federal RICO claims also give rise to the state common law claims asserted by Plaintiffs. As this Court has noted in a prior remand order, "[t]he essence of the claims in these many cases is that the defendants manufactured, marketed, distributed, and sold excessive amounts of opioid drugs." *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2018 WL 7365088, at *2 (N.D. Ohio Dec. 17, 2018). Both the federal and state law claims are premised on these allegations.

*Finally*, given the overlapping allegations, witnesses and evidence likely needed for both sets of claims, Plaintiffs can be expected to try all causes of action in the same proceeding.

## CONCLUSION

For the foregoing reasons, the Court should deny the pending remand motions in the above-captioned cases and exercise jurisdiction over Plaintiffs' claims.

Dated: May 10, 2022                Respectfully submitted,

/s/ *John H. Beisner*
John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Tel: (202) 373-7000
Email: john.beisner@skadden.com
Email: jessica.miller@skadden.com

7

/s/ Carole Schwartz Rendon
Carole Schwartz Rendon
Baker & Hostetler LLP
127 Public Square
Key Tower, Suite 2000
Cleveland, OH 44114-1214
(216) 861-7420
Email: crendon@bakerlaw.com

*Attorneys for Defendants Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.*

/s/ Eric W. Sitarchuck
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

/s/ Brian M. Ercole
Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, Florida  33131-3075
Telephone:  305.415.3000
Fax:  305.415.3001
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals, USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

/s/ John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

8

        Tina M. Tabacchi
        Tara A. Fumerton
        JONES DAY
        77 West Wacker
        Chicago, IL 60601
        Phone: (312) 269-4335
        Fax: (312) 782-8585
        E-mail: tmtabacchi@jonesday.com
        E-mail: tfumerton@jonesday.com

        *Counsel for Walmart Inc.*

        */s/ James W. Matthews*
        James W. Matthews (MA BBO #560560)
        Ana M. Francisco (MA BBO #564346)
        Katy E. Koski (MA BBO #650613)
        FOLEY & LARDNER LLP
        111 Huntington Avenue
        Boston, MA 02199
        Telephone: 617.342.4096
        Facsimile: 617.342.4001
        jmatthews@foley.com
        afrancisco@foley.com
        kkoski@foley.com

        *Attorneys for Anda, Inc.*

        */s/ Robert A. Nicholas*
        Robert A. Nicholas
        Shannon E. McClure
        REED SMITH LLP
        Three Logan Square
        1717 Arch Street, Suite 3100
        Philadelphia, PA 19103
        Telephone: (215) 851-8100
        Fax: (215) 851-1420
        rnicholas@reedsmith.com
        smcclure@reedsmith.com

        *Counsel for AmerisourceBergen Corporation*[5]

---

[5] Defendants AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation ("Settling Distributors'") joinder in this Supplemental Remand Brief is limited to the matter of *Scott County, Indiana v. Purdue Pharma L.P., et al.*, No. 1:17-op-45094. The remaining cases that are the subject of this Supplemental Remand Brief have been dismissed with prejudice as to Settling Distributors (and their Released Entities) pursuant to the Distributor Settlement. Plaintiff Scott County is participating in the Distributor Settlement, but its claims

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
(202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Timothy C. Hester
Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

Conor B. O'Croinin
Samantha A. Miller
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440

---

against Settling Distributors have not yet been dismissed.  Settling Distributors anticipate that Scott County's claims against Settling Distributors will be dismissed with prejudice soon.

Baltimore, MD 21202-1031
(410) 332-0444
(410) 659-0436 (fax)
cocroinin@zuckerman.com
samiller@zuckerman.com

*Counsel for CVS*

Kelly A. Moore, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6612
kelly.moore@morganlewis.com

Elisa P. McEnroe, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5917
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc. d/b/a Mid-Atlantic Customer Support Center*

By: /s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Bartlit Beck LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com

Alex J. Harris
Bartlit Beck LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3100
alex.harris@bartlitbeck.com

*Attorneys for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

11

## CERTIFICATE OF SERVICE

I, John H. Beisner, hereby certify that the foregoing was served on counsel of record through the CM/ECF system on May 10, 2022

Dated:  May 10, 2022

Respectfully submitted,

s/ John H. Beisner
John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel:  (202) 371-7000
Fax:  (202) 661-8301
Email:  john.beisner@skadden.com