# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHLAND COUNTY CHILDREN'S SERVICES, | § | Judge Dan Aaron Polster |
| Plaintiff, | § | |
| | § | No. 1:17-op-45003-DAP |
| | § | |
| v. | § | No: 1:17-md-2804-DAP |
| | § | |
| PURDUE PHARMA L.P., *et al.* | § | |
| Defendant. | § | |
| | § | |

# CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION .................................................................................................... 1

BACKGROUND ....................................................................................................... 2

LEGAL STANDARDS ............................................................................................. 4

ARGUMENT ............................................................................................................ 6

I.      This Court has jurisdiction under 28 U.S.C. § 1331. ........................................ 6

II.     This Court also has jurisdiction under CAFA. ................................................. 6

       A.     The County cannot show the principal injuries took place in Ohio. ........................................................................................... 7

       B.     Multiple similar class action complaints were filed in the three years preceding the filing of the Amended Complaint on March 18, 2019. ................................................................................... 9

            i.     The Amended Complaint constitutes a new action under CAFA. ................................................................................... 9

            ii.    Multiple similar class action complaints were filed in the three years preceding the County's relevant filing. .................. 11

CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Boulger v. Woods*,
917 F.3d 471 (6th Cir. 2019) ................................................................ 1

*Brook v. UnitedHealth Grp. Inc.*,
No. 06 CV 12954(GBD), 2007 WL 2827808 (S.D.N.Y. Sept. 27, 2007) ................... 8

*Brown* v. *Paducah & Louisville Ry., Inc.*,
No. 3:12-CV-00818-CRS, 2013 WL 5273773 (W.D. Ky. Sept. 17, 2013) .......... 7–8, 9

*Caterpillar Fin. Servs. Corp.* v. *Tatman*,
2019-Ohio-2110, 137 N.E.3d 512 ................................................. 10–11

*City of New Castle* v. *Purdue Pharma L.P.*,
No. 2:18-cv-1472 (E.D. Penn.) (filed Mar. 20, 2018) ................................ 3

*College of Dental Surgeons of P.R. v. Triple S Mgmt., Inc.*,
No. 09-1209 (JAF), 2011 WL 414991 (D.P.R. Feb. 8, 2011) ......................... 8

*County of Kaua'i* v. *CVS Health Corp.*,
No. 19-00377 LEK-KJM, ECF No. 34 (D. Haw. Sept. 17, 2019) ..................... 11

*Davenport* v. *Lockwood, Andrews & Newnam, Inc.*,
854 F.3d 905 (6th Cir. 2017) ........................................................ 5–6, 11

*Exxon Mobil Corp.* v. *Allapattah Servs., Inc.*,
545 U.S. 546 (2005) .......................................................................... 4

*Hall* v. *State Farm Mut. Auto. Ins. Co.*,
215 F. App'x 423 (6th Cir. 2007) ...................................................... 9–10

*In re Johnson*,
No. 19-0506, 2019 U.S. App. LEXIS 32359 (6th Cir. Oct. 28, 2019) ...................... 6

*In re Nat'l Prescription Opiate Litig.*,
No. 1:17-md-2804-DAP, ECF No. 4318 ................................................ 9

*Kabealo* v. *Davis*,
829 F. Supp. 923 (S.D. Ohio 1993),
*aff'd*, 72 F.3d 129 (6th Cir. 1995) .......................................................... 6

*Kraly* v. *Vannewkirk*,
69 Ohio St. 3d 627, 635 N.E.2d 323 (1994) .......................................... 10

-ii-

*Mason* v. *Lockwood, Andrews & Newnam, P.C.*,
    842 F.3d 383 (6th Cir. 2016) .................................................................... 5

*Mays* v. *Snyder*,
    No. 17-CV-10996, 2017 WL 3484498 (E.D. Mich. Aug. 14, 2017) .......................... 10

*Odyssey House La., Inc.* v. *Morris & Dickson Co.*,
    No. 2:18-cv-5620 (E.D. La.) (filed Apr. 25, 2018) ...................................... 3

*Waithe* v. *Arrowhead Clinic, Inc.*,
    No. CV 409-021, 2010 WL 5463106 (S.D. Ga. Dec. 29, 2010) ................................ 3

*Waller* v. *Hewlett-Packard Co.*,
    No. 11cv0454-LAB RBB, 2011 WL 8601207 (S.D. Cal. May 10, 2011) .................. 8

*Zimmerman* v. *3M Co.*,
    No. 1:17-cv-1062, 2019 WL 5683887 (W.D. Mich. Mar. 20, 2019)......................... 11

**STATUTES**

18 U.S.C. § 1961.................................................................................... 1, 4

28 U.S.C § 1331...................................................................................... 4

28 U.S.C § 1332.................................................................... 1, 5, 6–7, 11

**OTHER AUTHORITIES**

S. Rep. No. 109–14 (2005)..................................................................... 7, 8, 9

**RULES**

Federal Rules of Civil Procedure 12............................................................. 1

Federal Rules of Civil Procedure 4.............................................................. 1

Ohio Civ. R. 15 .................................................................................. 10

Defendants CVS Health Corporation; Walmart Inc.; Walgreen Co.; Walgreens Boots Alliance, Inc.; Walgreen Eastern Co.; Rite Aid of Maryland, Inc.; Anda, Inc.; McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Corporation; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Teva Pharmaceuticals, USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis, LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. (collectively "Defendants") respectfully submit this opposition to the motion to remand by Plaintiff Richland County Children's Services ("the County").[1, 2]

## INTRODUCTION

This Court has subject matter jurisdiction over this case under 28 U.S.C § 1331. On March 18, 2019, the County amended its complaint to add federal claims under 18 U.S.C. §§ 1961, *et seq.*, raising a federal question within the original jurisdiction of this Court. This Court need look no further to determine that federal jurisdiction is appropriate in this case.

If this Court is inclined to conduct further analysis, however, it also has subject matter jurisdiction over this case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). While the County does not contest that CAFA's diversity

---

[1] CVS Health Corporation; Walgreens Boots Alliance, Inc.; and Rite Aid Corp. (also named in this action) intend to file motions to dismiss at the appropriate time based on a lack of personal jurisdiction. By joining in this Opposition, these defendants do not waive, or intend to waive, their position that the Court lacks personal jurisdiction over them.

[2] Many of the defendants in this case have not been served. By filing this motion, Defendants do not demonstrate any intention to "defend the suit on the merits," *see Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019), and expressly reserve their rights under Federal Rules of Civil Procedure 4(m) and 12(b)(5).

requirements are met, the County seeks remand to the Court of Common Pleas, Richland County, Ohio, under CAFA's "local controversy" exception. (Mot. to Remand at 2, ECF No. 33-1). The County, however, cannot meet its burden of establishing that this exception applies because: (1) the "principal injuries" supposedly caused by Defendants' alleged conduct were not unique to Ohio; and (2) multiple similar class action complaints were filed in the three years preceding the filing of the Amended Complaint. In short, this is not the type of genuinely localized action that Congress sought to exempt from CAFA's broad jurisdictional reach.

For both of these reasons, the County's motion to remand should be denied.

## BACKGROUND

On September 12, 2017, the County filed this class action lawsuit in the Court of Common Pleas for Richland County, Ohio. ECF No. 1-1. The County initially named as defendants various opioid manufacturers ("the Manufacturer Defendants"),[3] distributors ("the Distributor Defendants"),[4] and physicians ("the Physician Defendants").[5] On behalf of itself and other county agencies across Ohio, the County originally brought six claims: (1) violation of Ohio's Consumer Sales

---

[3] The named Manufacturer Defendants were Purdue Pharma, L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc. (collectively "Purdue"); Teva Pharmaceuticals USA, Inc. ("Teva"); Cephalon, Inc. ("Cephalon"); Johnson & Johnson ("J&J"); Janssen Pharmaceuticals, Inc., and its predecessors Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. ("Janssen"); Endo Pharmaceuticals Inc. and Endo Health Solutions Inc. ("Endo"); Allergan PLC f/k/a Actavis PLC; Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.

[4] The named Distributor Defendants were McKesson Corporation ("McKesson"); Cardinal Health, Inc. ("Cardinal"); and AmerisourceBergen Corporation ("AmerisourceBergen").

[5] The named Physician Defendants were Dr. Russell Portenoy, Dr. Perry Fine, Dr. Scott Fishman, and Dr. Lynn Webster.

Practices law (against all defendants); (2) deceptive trade practices (against all defendants); (3) public nuisance (against all defendants); (4) fraud (against all defendants); (5) unjust enrichment (against all defendants); and (6) negligence (against the Distributor Defendants). ECF No. 1-2.

On October 16, 2017, defendants Purdue Pharma, L.P.; Purdue Pharma Inc.; and The Purdue Frederick Company Inc. (collectively "Purdue") removed this action under CAFA. ECF No. 1.[6] The County moved to remand on November 15, 2017. ECF No. 33. Two days later, the Manufacturer Defendants filed an unopposed Motion to Stay Proceedings Pending Action by the Judicial Panel on Multidistrict Litigation ("JPML"), ECF No. 34, which this Court granted that same day.

While this case was pending in this Court, plaintiffs in other jurisdictions filed putative class actions asserting nearly identical claims against many of the defendants in this case. These class actions include: *Odyssey House La., Inc.* v. *Morris & Dickson Co.*, No. 2:18-cv-5620 (E.D. La.) (filed Apr. 25, 2018) (Ex. A) and *City of New Castle* v. *Purdue Pharma L.P.*, No. 2:18-cv-1472 (E.D. Penn.) (filed Mar. 20, 2018) (Ex. B).

---

[6] Although Purdue removed this case, it has since entered bankruptcy, as this Court is aware. Defendants are named in this action, have an interest in the outcome of the County's motion, and have standing to oppose it. *See, e.g.*, *Waithe* v. *Arrowhead Clinic, Inc.*, No. CV 409-021, 2010 WL 5463106, at *2 (S.D. Ga. Dec. 29, 2010) (rejecting argument that a non-removing defendant lacks standing to oppose a remand motion).

On March 18, 2019—*after* those class actions were filed—the County amended its complaint, naming nearly 40 new defendants[7] and asserting additional claims. Am. Compl. 2–3, ECF No. 39. Along with the six claims brought in the original action, the County asserted two claims under 18 U.S.C. §§ 1961 *et seq.*, the Racketeer Influenced and Corrupt Organization Act ("RICO").[8] *See id.* at 2.

On April 26, 2022, the Court issued an order outlining how pending motions to remand will be addressed. ECF No. 43. The order identified twenty cases—including this one—with the oldest pending motions to remand and ordered that Defendants respond by May 10, 2022. *Id.*

## LEGAL STANDARDS

Federal district courts have original jurisdiction over any claim "arising under" federal law. 28 U.S.C § 1331; *Exxon Mobil Corp.* v. *Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil*, 545 U.S. at 552.

---

[7] SpecGx LLC; Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively "Par"); WestWard Pharmaceuticals Corp. k/n/a Hikma Pharmaceuticals, Inc.; Mylan Pharmaceuticals, Inc.; Mylan Specialty, L.P.; Mylan Pharms, Inc.; The Kroger Co.; CVS Health Corporation; Walmart Inc.; Rite Aid of Maryland, Inc.; Rite Aid Corp.; Walgreen Co.; Prescription Supply Inc.; Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Rhodes Technologies; Rhodes Technologies Inc.; Rhodes Pharmaceuticals L.P.; Rhodes Pharmaceuticals Inc.; Trust for the Benefit of Members of the Raymond Sackler Family; The P.F. Laboratories, Inc.; Stuart D. Baker; John N. Kapoor; Miami-Luken, Inc.; Insys Therapeutics, Inc.; Mallinckrodt, LLC; Mallinckrodt plc ("Mallinckrodt"); Noramco, Inc.; Anda, Inc.; Walgreens Boots Alliance, Inc.; and Walgreen Eastern Co.

[8] The first RICO claim, an alleged "Opioid Marketing Enterprise," was asserted against Purdue, Cephalon, Janssen, Endo, and Mallinckrodt. The second RICO claim, for alleged "Opioid Supply Chain Enterprise," was asserted against Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen.

In addition, CAFA extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5,000,000, there are at least 100 members of the proposed plaintiff class, and any member of the class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. §§ 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). Once the removing party satisfies these threshold elements, the party "seeking to remand under an exception to CAFA bears the burden of establishing each element of the exception by a preponderance of the evidence." *See Mason* v. *Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 388–89 (6th Cir. 2016) (and collecting cases).

To establish the applicability of the local controversy exception, the County must prove all of the following: (1) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"; (2) the members of the plaintiff class seek significant relief from at least one defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" and "who is a citizen of the State in which the action was originally filed"; (3) "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed"; and (4) during the three-year period preceding the filing of the action, "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same **or other** persons." 28 U.S.C. § 1332(d)(4)(A) (emphasis added); *Mason*, 842 F.3d at 389.

As the Sixth Circuit has explained, "any doubt about the applicability of the local-controversy exception should be resolved against the party seeking remand."

-5-

*Davenport* v. *Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 910 (6th Cir. 2017) (cleaned up) (citing cases); *see also In re Johnson*, No. 19-0506, 2019 U.S. App. LEXIS 32359, at *6 (6th Cir. Oct. 28, 2019) (rejecting petition to appeal denial of motion to remand under CAFA, because CAFA is "not to be read narrowly, but as a broad grant of jurisdiction in interstate class actions").

## ARGUMENT

### I.     This Court has jurisdiction under 28 U.S.C. § 1331.

This Court has jurisdiction because the County amended its complaint on March 18, 2019, to add federal RICO claims. As explained more fully in the brief concurrently submitted in nine other similarly situated cases, which is incorporated here by reference, the County created federal question jurisdiction under section 1331 by adding federal claims to its case after removal. *See Certain Defendants' Supplemental Remand Brief*, No: 1:17-md-2804-DAP, ECF No. 4440; *cf. Kabealo* v. *Davis*, 829 F. Supp. 923, 926 (S.D. Ohio 1993), *aff'd*, 72 F.3d 129 (6th Cir. 1995) (federal court jurisdiction over federal RICO claims is mandatory). For this reason alone, the Court should deny the County's remand motion.

### II.    This Court also has jurisdiction under CAFA.

In addition to federal question jurisdiction, this Court unquestionably has jurisdiction under CAFA. The County concedes that CAFA's requirements are met here and its sole argument is that this case should be remanded under CAFA's narrow "local controversy" exception. Mot. to Remand 2–6. This argument should be rejected because (1) the County cannot show that "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred" only in

Ohio, *see* 28 U.S.C. § 1332(d)(4)(A)(i)(III); and (2) multiple other similar class actions were filed in the three years before the filing of its Amended Complaint on March 18, 2019, *see id.* § 1332(d)(4)(A)(ii). [9]

A. **The County cannot show the principal injuries took place in Ohio.**

The County argues that the "principal injuries" element of the local controversy exception is satisfied because the "class incurred [alleged] injuries in Ohio." Mot. to Remand 6. In so arguing, however, the County misinterprets this requirement, which does not focus on the injuries allegedly sustained by the proposed class members. Rather, as the Senate Judiciary Committee's CAFA Report explains:

> By [principal injuries], the Committee means that all or almost all of the damage caused by defendants' alleged conduct occurred in the state where the suit was brought. The purpose of this criterion is to ensure that this exception is used only where the impact of the misconduct alleged by the purported class is localized . . . ***[I]f the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for this exception***, even if it were brought only as a single-state class action[.]

*Brown* v. *Paducah & Louisville Ry., Inc.*, No. 3:12-CV-00818-CRS, 2013 WL 5273773, at *7 (W.D. Ky. Sept. 17, 2013) (quoting S. Rep. No. 109–14, at 40 (2005)) (emphasis added).

Consistent with Congress's intent, "the local controversy exception is therefore "inapplicable" where "the Plaintiffs have failed to establish that the principal injuries

---

[9] As explained below, the relevant three-year period is the period preceding the County's Amended Complaint, not its original action.

were incurred exclusively in" in the forum state. *Brown*, 2013 WL 5273773, at \*7 (denying remand because "this is not a case where 'all or almost all of the damage caused by the defendants' alleged conduct occurred in [Kentucky] . . . .'") (quoting S. Rep. No. 109–14, at 40); *accord Waller* v. *Hewlett-Packard Co.*, No. 11cv0454-LAB RBB, 2011 WL 8601207, at \*4 (S.D. Cal. May 10, 2011) (local controversy exception did not apply because "[t]he principal injuries resulting from the alleged conduct are not in any meaningful way limited to California."); *College of Dental Surgeons of P.R. v. Triple S Mgmt., Inc.*, No. 09-1209 (JAF), 2011 WL 414991, at \*6 (D.P.R. Feb. 8, 2011) ("principal injuries" requirement of local controversy exception not satisfied because "Removing Defendants' alleged conduct potentially injured individuals throughout several states."); *Brook v. UnitedHealth Grp. Inc.*, No. 06 CV 12954(GBD), 2007 WL 2827808, at \*4 (S.D.N.Y. Sept. 27, 2007) (finding principal injuries element not satisfied where the complaint "allege[d] that the adverse effects suffered . . . w[ere] not limited to the named New York plaintiffs but also included health care providers in several other states.")

The County cannot satisfy the principal injuries requirement because the purported effects of the misconduct alleged is not exclusive to Ohio. The County's own allegations repeatedly demonstrate the nationwide scope of the Defendants' alleged wrongdoing. *E.g.*, Compl. ¶ 34, ECF No. 1-1 (alleging that "[t]he United States is now awash in opioids"); *id.* ¶ 57 (alleging that "more than 12 million Americans age 12 or older have used prescription painkillers without a prescription in 2010[.]"); *id.* ¶ 63 (allegations regarding national levels of opioid abuse); *id.* ¶ 65 (allegation regarding

-8-

national statistics of people "suffer[ing] from substances use disorders related to prescription opioid pain relievers").

Indeed, the MDL includes more than 3,000 cases from across the country making those same allegations. *See In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804-DAP, ECF No. 4318 (Ex. C). The County, therefore, cannot show that "all or almost all of the damage caused by the defendants' alleged conduct occurred" in Ohio. *See Brown*, 2013 WL 5273773, at *7 (quoting S. Rep. No. 109–14, at 40); *see also* S. Rep. No. 109–14, at 38 (2005) (a "truly local controversy" is one that "uniquely affects a particular locality *to the exclusion of all others*" (emphasis added)).

Accordingly, the County cannot demonstrate the principal injuries requirement is met and the local controversy exception does not apply.

**B. Multiple similar class action complaints were filed in the three years preceding the filing of the Amended Complaint on March 18, 2019.**

The County's reliance on the local controversy exception fails for a second reason too: multiple class action lawsuits that overlap with the underlying case were initiated during the three-year period preceding the filing of the Amended Complaint in March 2019, which is the relevant pleading.

**i. The Amended Complaint constitutes a new action under CAFA.**

In arguing that "[n]o other class action . . . ha[d] been filed during the three-year period preceding the filing of this action," Mot. to Remand 6, the County focuses on the wrong complaint. The County filed an Amended Complaint on March 18, 2019, adding dozens of defendants. Am. Compl. 2–3, ECF No. 39. Adding a new defendant

commences a new suit under CAFA unless, under the relevant state court rules, the amendment "relates back" to the original filing. *See Hall* v. *State Farm Mut. Auto. Ins. Co.*, 215 F. App'x 423, 425 & n.1 (6th Cir. 2007) (collecting cases); *Mays* v. *Snyder*, No. 17-CV-10996, 2017 WL 3484498, at *2 (E.D. Mich. Aug. 14, 2017) ("Under CAFA, the procedural rules of the state court in which a complaint was filed are used to determine the date of filing.").

*Mays* v. *Snyder* is instructive. In *Mays*, the original class action lawsuit was filed in Michigan state court on January 19, 2016. 2017 WL 3484498, at *1. Roughly one year later, the *Mays* plaintiffs amended their complaint to add new defendants, and the defendants timely removed under CAFA. *Id*. at *1–2. Because Michigan's relation-back doctrine does not apply to the addition of new parties, the *Mays* court found that the February 24, 2017, amended complaint constituted a new action under CAFA. *Id*. at *2.

The same result is compelled here. Under Ohio Rule of Civil Procedure 15(C), amendments adding additional parties do not relate back. *See* Ohio Civ. R. 15(C); *Kraly* v. *Vannewkirk*, 69 Ohio St. 3d 627, 632, 635 N.E.2d 323, 326–27 (1994); *Caterpillar Fin. Servs. Corp.* v. *Tatman*, 2019-Ohio-2110, ¶ 54, 137 N.E.3d 512, 528. While Rule 15(C) may allow for relation back where an amendment *changes* the party against whom a claim is asserted, Ohio courts have explicitly stated that Rule 15(C) "may not be employed to assert a claim against an *additional* party while retaining a party against whom a claim was asserted in the original pleading." *Kraly*, 69 Ohio St. 3d at 632 (emphasis added); *see also Tatman*, 137 N.E.3d at 528 ("Civ. R. 15(C) may

-10-

not be used to add a new party to a case."). As a result, the Amended Complaint—which adds nearly 40 new defendants—does not relate back. For CAFA purposes, then, the County filed a new class action on March 18, 2019.

### ii. Multiple similar class action complaints were filed in the three years preceding the County's relevant filing.

The local controversy exception deprives a federal court of jurisdiction over a class action only if "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(a)(ii); *Davenport*, 854 F.3d at 909; *Zimmerman* v. *3M Co.*, No. 1:17-cv-1062, 2019 WL 5683887, at *2 (W.D. Mich. Mar. 20, 2019); *accord County of Kaua'i* v. *CVS Health Corp.*, No. 19-00377 LEK-KJM, ECF No. 34 (D. Haw. Sept. 17, 2019) (Ex. D).

That requirement is not met here, as similar class actions against many of the same defendants were filed in the three years before March 18, 2019. Two examples of predecessor class actions making similar factual allegations include:

- *Odyssey House La., Inc.* v. *Morris & Dickson Co., LLC*, No. 2:18-cv-5620 (E.D. La.) (filed Apr. 25, 2018) (Ex. A)

- *City of New Castle* v. *Purdue Pharma L.P.*, No. 2:18-cv-1472 (E.D. Penn.) (filed Mar. 20, 2018) (Ex. B)

These cases involve many of the same claims, based on many similar allegations, and many of the same defendants.[10] As a result, the local controversy exception does not apply.

Because this Court has both federal question and CAFA jurisdiction over this matter, the Court should deny the remand motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the County's Motion to Remand.


Respectfully submitted,


/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

Conor B. O'Croinin
Samantha A. Miller
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
(410) 332-0444
(410) 659-0436 (fax)

---

[10] *Odyssey House* brings claims against certain manufacturer, dispensing, and pharmacy defendants (many of whom are named in this case) alleging fraud, unjust enrichment, and nuisance stemming from opioid manufacturing, distributing, and dispensing. *See* Ex. A. *City of New Castle* brings claims against many of the same manufacturer and distributor defendants, also alleging nuisance and unjust enrichment stemming from opioid manufacturing and distribution. *See* Ex. B.

cocroinin@zuckerman.com
samiller@zuckerman.com

**COUNSEL FOR CVS**

*s/ Kelly A. Moore, Esq.*
Kelly A. Moore, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6612
kelly.moore@morganlewis.com

Elisa P. McEnroe, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5917
elisa.mcenroe@morganlewis.com

**COUNSEL FOR RITE AID OF MARYLAND,
INC. D/B/A MID-ATLANTIC CUSTOMER
SUPPORT CENTER**

*s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com

Alex J. Harris
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3100
alex.harris@bartlitbeck.com

**COUNSEL FOR WALGREENS BOOTS
ALLIANCE, INC.; WALGREEN CO.; AND
WALGREEN EASTERN CO., INC.**

-13-

*/s/ John M. Majoras*
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
tmtabacchi@jonesday.com
tfumerton@jonesday.com

**COUNSEL FOR WALMART INC.**


*/s/ James W. Matthews*
James W. Matthews (MA BBO #560560)
Ana M. Francisco (MA BBO #564346)
Katy E. Koski (MA BBO #650613)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: 617.342.4096
Facsimile: 617.342.4001
jmatthews@foley.com
afrancisco@foley.com
kkoski@foley.com

**COUNSEL FOR ANDA, INC.**


*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100

Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**COUNSEL FOR AMERISOURCEBERGEN
CORPORATION**

*/s/ Enu A. Mainigi*
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

**COUNSEL FOR CARDINAL HEALTH, INC.**

*/s/ Timothy C. Hester*
Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

**COUNSEL FOR MCKESSON CORPORATION**

*/s/ John H. Beisner*
John H. Beisner
Jessica Davidson Miller

-15-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP
1440 New York Avenue, NW
Washington, DC 20005
Tel: (202) 373-7000
Email: john.beisner@skadden.com
Email: jessica.miller@skadden.com

**COUNSEL FOR ENDO HEALTH SOLUTIONS
INC., ENDO PHARMACEUTICALS INC., PAR
PHARMACEUTICAL, INC. AND PAR
PHARMACEUTICAL COMPANIES, INC.**


*/s/ Charles C. Lifland*
Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
clifland@omm.com

**COUNSEL FOR JOHNSON & JOHNSON AND
JANSSEN PHARMACEUTICALS, INC.**


*/s/ Eric W. Sitarchuck*
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, Florida  33131-3075
Telephone:  305.415.3000
Fax:  305.415.3001
brian.ercole@morganlewis.com

**COUNSEL FOR TEVA PHARMACEUTICALS, USA, INC., CEPHALON, INC., WATSON LABORATORIES, INC., ACTAVIS, LLC, AND ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.**