# **EXHIBIT D**

# MINUTE ORDER

|  |  |
|---|---|
| CASE NUMBER: | CIVIL NO. 19-00377 LEK-KJM |
| CASE NAME: | County of Kaua`i, a political subdivision of the State of Hawai`i, for themselves individually, and on behalf of all similarly situated persons, and on behalf of the general public, as a class, vs. CVS Health Corp., et al. |
| JUDGE: | Leslie E. Kobayashi |
| DATE: | 09/17/2019 |

COURT ACTION:  EO: COURT ORDER RULING ON PLAINTIFF'S AMENDED MOTION TO REMAND

    On August 13, 2019, Plaintiff County of Kaua`i, a Political Subdivision of the State of Hawai`i, for themselves individually, and on behalf of all similarly situated persons, and on behalf of the general public, as a class ("Plaintiff"), filed its Amended Motion to Remand ("Motion").  [Dkt. no. 13.]  Defendant CVS Health Corporation ("CVS") filed its memorandum in opposition on August 30, 2019, and Plaintiff filed its reply on September 6, 2019.  [Dkt. nos. 26, 31.]  The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c) and hereby informs the parties of its rulings.

## I.     CAFA Jurisdiction

> Under [the Class Action Fairness Act ("CAFA")], a district court has original jurisdiction over a class action where: (1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest. . . .

Singh v. Am. Honda Fin. Corp., 925 F.3d 1053, 1067 (9th Cir. 2019) (internal quotation marks omitted).

    The second requirement is not in dispute in this case.  As to the first requirement, Plaintiff's argument that the proposed class is limited to governmental units is rejected, and the Court concludes that the numerosity requirement is met.  The Complaint asserts diversity jurisdiction does not apply in this case.  [Notice of Removal, filed 7/12/19 (dkt. no. 1), Decl. of Jeffrey S. Portnoy, Exh. 2 (Complaint) at ¶ 47.]  However, the Complaint

also states Plaintiff is bringing the action "on behalf of all similarly situated persons, and **on behalf of the general public, as a class**." [Id. at pg. 1 (emphasis added).] Further, several of Plaintiff's claims address injuries suffered by both Plaintiff itself and Plaintiff's residents. See, e.g., id. at ¶¶ 1101, 1108, 1161.

As to the third requirement, Plaintiff makes multiple references to fact that it has spent "millions of dollars each year" because of the wrongful conduct alleged in the Complaint. [Complaint at ¶¶ 2, 44, 1004.] Thus, it is clear from the face of Plaintiff's Complaint that the CAFA amount in controversy requirement is met. See Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788–89 (9th Cir. 2018) ("If the amount in controversy is not clear from the face of the complaint, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." (citation and internal quotation marks omitted)).

Therefore, all of the requirements for jurisdiction pursuant to CAFA are met.

## II. Exceptions to CAFA

Even where the CAFA requirements are met, there are certain exceptions that require that the district court decline to exercise jurisdiction. 28 U.S.C. § 1332(d)(4). In addition to the mandatory exceptions, "[a] district court **may**, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" under certain circumstances. § 1332(d)(3). The Motion notes the existence of "the 'interests of justice' exception," [Mem. in Supp. of Motion at 13,] but the Motion does not argue the exception applies. The interests of justice exception therefore will not be addressed.

### A. Home State Exception

The "home state" exception does not apply because the "primary defendants" in this case are not citizens of the State of Hawai`i for purposes of § 1332. See Singh, 925 F.3d at 1067 (citing 28 U.S.C. § 1332(d)(4)(B)).

### B. Local Controversy Exception

The gravamen of the Motion is whether the "local controversy" exception applies. The exception applies

> when: (1) more than two-thirds of the proposed plaintiff class(es) are citizens of the state in which the action was originally filed, (2) there is at least one in-state defendant against whom "significant relief" is sought and "whose alleged conduct forms a significant basis for the claims asserted" by the proposed class, (3) the "principal injuries" resulting from the alleged conduct of each defendant were incurred in the state of filing, and (4) no other class action "asserting the same or similar factual allegations against any of the defendants" has been filed within three years prior to the present action. [28 U.S.C.]

> § 1332(d)(4)(A). The exception's purpose is to ensure that class
> actions with a local focus remain in state court rather than being
> removed to federal court because state courts have a strong interest
> in resolving local disputes.

Kendrick v. Conduent State & Local Sols., Inc., 910 F.3d 1255, 1260 (9th Cir. 2018) (some citations omitted).

Noting the definition of the proposed class described above, the first requirement of the local controversy exception is met. The second requirement, however, is not met. The alleged conduct of the three in-state defendants does not form "a significant basis" for the proposed class's claims. See Complaint at ¶¶ 426-33 (describing Defendants Harold Charles Spear, M.D.; Rudolph B. Puana, M.D.; and Big Island Pain Center, LLC, formerly known as Puana Pain, LLC); Allen v. Boeing Co., 821 F.3d 1111, 1118 (9th Cir. 2016) ("in determining whether a plaintiff has claimed 'significant relief' from an in-state defendant, we look to the remedies requested in the complaint").

As to the third requirement, CVS cites some cases in which the district court noted that the third requirement includes the consideration of all injuries caused by the conduct of the defendants in the case, not merely the injuries described in the complaint. [Mem. in Opp. at 20-21 (citing Waller v. Hewlett-Packard Co., No. 11cvo454-LAB (RBB), 2011 WL 8601207, at *4 (S.D. Cal. May 10, 2011); Marino v. Countrywide Fin. Corp., 26 F. Supp. 3d 949, 955 (C.D. Cal. 2014)).] However, Ninth Circuit case law appears to suggest that the third requirement is limited to the consideration of "the principal injuries about which [the] plaintiffs complain." See, e.g., Bridewell-Sledge v. Blue Cross of Cal., 798 F.3d 923, 932 (9th Cir. 2015). The resolution of this issue is not required in this case because, even if the third requirement is met, the second and fourth requirement are not.

The fourth requirement is not limited to prior class actions filed on behalf of the class described in the complaint. Id. ("the purpose of the fourth prong of the local controversy exception and an overall purpose of CAFA is to ensure that similar, overlapping class actions do not proceed before different state courts in an uncoordinated, redundant fashion resulting in inefficiencies"). CVS has identified a number of class actions filed outside the State of Hawai`i within the three years before this action was filed. [Mem. in Opp. at 23-24 (listing cases).] Therefore, the fourth requirement of the local controversy exception is not met.

Because two of the four requirements are not met, the local controversy exception to CAFA jurisdiction does not apply.

III. **Proposed Amendment of the Complaint**

On September 13, 2019, Plaintiff filed a letter, addressed to the magistrate judge, stating Plaintiff intends to file an amended complaint that does not assert a class action ("9/13/19 Letter"). [Dkt. no. 32.] However, even if Plaintiff files an amended complaint that is not a class action, it would not affect the jurisdictional issue because, as a general rule, jurisdiction is determined at the time of removal, even in class actions. Broadway

Grill, Inc. v. Visa Inc., 856 F.3d 1274, 1277 (9th Cir. 2017) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537–38, 59 S. Ct. 347, 83 L. Ed. 334 (1939); Mondragon v. Capital One Auto Fin., 736 F.3d 880, 883 (9th Cir. 2013)).

The Ninth Circuit has stated:

> In Benko [v. Quality Loan Service Corp., 789 F.3d 1111 (9th Cir. 2015)], we created a small exception to the general rule that bars post-removal amendments related to jurisdiction, and this understandably created some uncertainty in the district courts. Benko allowed amendments for purposes of clarifying the relationship between the parties and the effect of the class claims on particular defendants. This was permitted in Benko so that the district court could decide whether remand to state court was appropriate under the local controversy exception. **Benko did not, however, strike a new path to permit plaintiffs to amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis.** Recognizing such a path in this circuit would conflict with statutory language and with the decisions of the other circuits. See, e.g., Hargett [v. RevClaims, LLC], 854 F.3d 962 [(8th Cir. 2017)].

Id. at 1279 (emphasis added). Thus, even if Plaintiff files the amended complaint described in the 9/13/19 Letter, it would not affect the analysis of Plaintiff's Motion.

## IV. Summary

Jurisdiction under CAFA exists in this case, and no exception to CAFA jurisdiction applies. Plaintiff's Motion is therefore DENIED.

A written order will follow that will supersede these rulings. If Plaintiff intends to file a motion for reconsideration, it must wait until the written order is filed to do so. However, the Court does not anticipate filing the written order prior to September 26, 2019 hearing session of the Judicial Panel on Multidistrict Litigation.

IT IS SO ORDERED.

Submitted by: Theresa Lam, Courtroom Manager