IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL NO. 2804<br><br>Hon. Dan Aaron Polster |

_____

**OPPOSITION TO SETTLING DISTRIBUTORS' CORRECTED
MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING
NEW YORK SUBDIVISIONS AS BARRED BY STATUTE**

COME NOW the entities listed on Exhibit A to the Settling Distributors' Corrected Motion to Dismiss Claims Filed by Non-Participating New York Subdivisions As Barred by Statute, by and through their undersigned counsel, and opposes said Corrected Motion to Dismiss, and in support thereof, shows the Court as follows:

The legislature for the State of New York passed the New York Mental Hygiene Law § 25.18 (d) which retroactively terminated by operation of law the entities' claims identified in the attached Exhibit "A."  All of these matters were filed after the retroactive termination of their claims.  All of the entities shown on Exhibit "A" timely filed their complaints under then existing New York law.  The cases were filed in this litigation as well as Suffolk County, New York.

Not only did the Plaintiffs allege the Defendants' liability in the same sort of allegations made in roughly all Plaintiffs' claims brought against Defendants, the Plaintiffs also sufficiently pled allegations to trigger the application of New York State's Drug Dealer Liability Act.  No state legislature action terminated the liability under the New York State Drug Dealer Liability Act.

The legislation terminating Plaintiffs' claims is subject to litigation and the New York Court

1

has agreed to entertain the New York State Attorney General's Motion to Dismiss. (Exhibit "B," Plaintiffs' Complaint against the New York State Attorney General).

The New York Attorney General's anticipated Motion to Dismiss seems to be based in large part on these Plaintiffs' lack of standing. This claim flies in the face of clear 2nd Circuit law that, "a subdivision may sue its state under the supremacy clause." Tweed-New Haven Airport Auth. v. Tong, 930 F.3d 65 (2d. Cir. 2019).

Additionally, Special Counsel to the State of New York Attorney General, Andrew Amer, on September 3, 2021 confirmed that the extinguishment of the Plaintiffs' claims by operation of law under the [Mental Hygiene] Amendment does not exclude them from the definition of "Litigating Subdivisions".....nor does the extinguishment of their claims bring them within the definition of "Later Litigating Subdivisions"......and that they are deemed to be a "Participating Subdivision." Counsel Amer further confirms, "As Litigating Subdivisions deemed to be Participating Subdivisions, their eligibility to receive funds, either directly or indirectly, is governed by the terms of the New York Opioid Settlement Sharing Agreement....." (See Exhibit "C," - Amer Email dated 9-3-21).

The Plaintiffs are filed both in Suffolk County, New York naming Rochester Drug Cooperative thus destroying diversity, as well as in federal court in this litigation. These participating litigants as shown on Exhibit "A" are excluded from any direct payments in the New York State Settlement Agreement. These Long Island based governmental entities collectively have population in excess of the government entities Albany, Buffalo, Rochester, Syracuse and Yonkers receiving direct payments. The only reason they are excluded from direct payment is the retroactive claim termination.

The State of New York's Attorney General's action in enforcing the Mental Hygiene Law Amendment is alleged by Plaintiffs to violate federal and state constitutions. The Plaintiffs' New York suit against the Attorney General implicates both the Supremacy Clause as well a the First Amendment. Furthermore, the State of New York takes the position that all of the Plaintiffs' bankruptcy claims are extinguished. Bankruptcy procedure is clearly a body of federal law which pre-empts any state procedure with regard to bankruptcy.

While the Plaintiffs all agree that they are governmental entities, any statutory authority purporting to bar their claims is subject to litigation, and there should be no dismissal filed or granted by this Court until such time as the litigation against the New York State Attorney General is resolved, whether by the district court in New York or on any appeal.

While the Attorney General did make a determination that a statewide settlement mandated a statutory retroactive bar date for the Long Island based entities, that position is simply unfounded. Not only does a retroactive bar date do nothing to facilitate statewide settlement, but in this instance, that retroactive bar date is also overly broad in achieving that purpose as it bars bankruptcy claims as maintained by the New York State Attorney General.

The Plaintiffs have alleged that the Mental Hygiene Amendment is subject to strict scrutiny and as such must be narrowly tailored to comport with an overriding state interest. That the Mental Hygiene Amendment is simply overly broad.

In fact, Exhibit B to the Defendant's Motion to Dismiss acknowledges that settlement agreement releases settling distributors from all claims for covered conduct and was **DRAFTED BROADLY TO BAR ANY FURTHER FUTURE CLAIMS OR DEMANDS OF ANY KIND OR CHARACTER WHATSOEVER AS A RESULT OF THE RELATED COVERED**

**CONDUCT.**  These New York Plaintiffs were simply not "future claims."

Clearly, the Defendant here and the Plaintiffs agree that the statute was in fact broadly drafted and that it covered future claims.  None of the Plaintiffs claims against these settling defendants was a future claim at the time the settlement agreement was entered into.  In fact, the New York State Attorney General entered into this purported agreement on July 20, 2021.  All of Plaintiffs' claims were filed long before July 20, 2021 and therefore were not future claims at the time the settlement was entered into.  In fact, they were not even future claims at the time that the New York State Legislature amended the Mental Hygiene Law on June 29, 2021.  That law retroactively terminated Plaintiff's claims as of June 30, 2019.  Therefore, the stated purpose of the retroactive extinguishment of claims did not accomplish the simple task of barring future claims.  It rather destroyed properly existing claims.  Clearly, another instance of the over breadth of the New York statute.

Lastly, Special Counsel Andrew Amer confirmed that he received all documents demonstrating that Plaintiffs herein are participating, but also that all appropriate documents were sent to the notice administrator, and confirmed that on January 27, 2022. (See Exhibit "D" - Amer Email dated 1-27-22).

WHEREFORE, the Plaintiffs pray that the Court delay dismissing any of the settling distributors or manufacturers until such time as the Federal District Court for the Eastern District of New York rules on the New Your State Attorney's Motion to Dismiss and thereafter, the suit seeking to enjoin the enforcement of this retroactive cancellation of Plaintiff's claims, and the resolution of any appeals thereafter.

Respectfully submitted this 11th day of May, 2022.

   /s/ Mark A. Tate
Mark A. Tate
Georgia State Bar No. 698820
**tlgservice@tatelawgroup.com**
(912) 234-3030
25 Bull Street. Second Floor
Savannah, Georgia 31401

## CERTIFICATE OF SERVICE

I hereby certify that I have served Opposition to Settling Distributors' Corrected Motion to Dismiss Claims Filed by Non-Participating New York Subdivisions as Barred by Statute to all counsel of record via the CM/ECF system.

Dated: May 11, 2022.

      /s/ Mark A. Tate
Mark A. Tate
Georgia State Bar No. 698820
tlgservice@tatelawgroup.com
(912) 234-3030
25 Bull Street, Second Floor
Savannah, Georgia 31401