**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*Track Seven*" | ) ) ) | |
| | ) ) ) | DISCOVERY RULING REGARDING SUPPLEMENTAL DEPOSITION OF SPRUELL |

This *Ruling* addresses Plaintiffs' request for a supplemental deposition of Walmart's former employee, Kristy Spruell. The Special Master ruled on Plaintiffs' request informally on May 8, 2022, and Walmart timely asked that the ruling be formalized, so that it could object.[1]

As stated by Walmart, "Ms. Spruell worked at Walmart until December 2015. As relevant here, Ms. Spruell worked at Walmart as a Senior Manager, Logistics from mid-2013 until November 2014. In this role, she worked on enhancing Walmart's suspicious order monitoring program." Letter from Tara Fumerton to Special Master at 1 (May 4, 2022). Spruell also worked at Walmart later on as a "Pharmacy Order Monitoring Manager," which Walmart characterizes as a "different lower-level role." *Id.*

Plaintiffs deposed Spruell for 7.0 hours in 2019 in connection with Track Three. They now

---

[1] *See Appointment Order* (docket no. 69) at 5 ("If a Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter.").

ask for leave to depose Spruell for an additional 3.5 hours. The Track Seven CMO states as follows regarding re-deposition of witnesses:

> Depositions of party fact witnesses who have already been deposed in this MDL shall not be re-taken in Montgomery County [Track Seven] absent: (1) agreement of the parties, or (2) order of the Special Master or the Court, upon good cause shown. The parties should presume that, if re-deposition of such a witness is necessary, the additional deposition will be limited to 3.5 hours absent good cause shown . . . .

Docket no. 3769 at 6.

Walmart insists Plaintiffs have not shown good cause for any additional deposition time of Spruell. The Special Master disagrees.

Plaintiffs easily demonstrate good cause by pointing to Walmart's pattern of document production. *After* Plaintiffs deposed Spruell, Walmart produced many additional documents that Spruell had sent and received. Plaintiffs state:

> By the end of [Track Three], Walmart had produced 7,154 documents involving Ms. Spruell, however, only 1,917 of those documents were produced prior to her deposition. In other words, Walmart produced more than 73% of Spruell-related documents after her deposition. Even using the numbers [only] from Spruell's custodial [document] production, a majority (56%) were still produced after her deposition.

Email from Peter Weinberger to Special Master (April 28, 2022).

Walmart dismisses these statistics as merely "reflect[ing] the ongoing and sprawling nature of the pending opioid litigation across the nation." Fumerton letter at 2. But the statistics also clearly reflect the extent to which the timing of Walmart's document productions precluded Plaintiffs from obtaining a thorough understanding of Spruell's knowledge regarding relevant issues. As the Special Master stated over three years ago in a similar context: "Regardless of whether there's a showing that the documents that were produced after the deposition were somehow

2

meaningful, when you're talking about 40 percent document production after the deposition, it can't be the case that the deposition was – on the existing documents was sufficient. It just can't be." Discovery Teleconference Transcript at 19:9-15 (Nov. 15, 2018).

Walmart also argues that: (1) Spruell's role in designing Walmart's suspicious order monitoring system over time was smaller than that of other employees, so additional questioning of her is not well-aimed; and (2) Spruell's first deposition showed her memory of her work is poor, so another deposition will not be fruitful. Fumerton letter at 3-4. But Spruell's work was central in the context of this MDL, even if the work of other Walmart employees was also important; and the documents Plaintiffs did not have at Spruell's first deposition may well refresh her recollection.

The Special Master adds two other factors that support this *Ruling*. First, the Court has already scheduled litigation of Tracks Seven **through Eleven**, and preservation of Spruell's *complete* testimony for these and ***all*** other MDL cases is necessary and appropriate, adding to Plaintiffs' good cause shown. Second, defendant CVS recently requested and received from the Court permission to re-depose a witness (Kim Fraser) in connection with the Track Three Phase Two hearing, despite having made a lesser showing of good cause than Plaintiffs make here.

Accordingly, Plaintiffs' request for a supplemental deposition of Spruell for 3.5 hours is **granted**. Walmart can succeed on an objection to this *Ruling* only if it shows "an abuse of discretion." *Appointment Order* at 5 (docket no. 69).

Given the substantial letter briefing already submitted by all parties on the topic, if any party

3

chooses to object to any aspect of this Ruling, it must do so on or before 5:00 p.m EST on May 19, 2022.

    **RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: May 16, 2022**