No. 22-3157

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
May 16, 2022
DEBORAH S. HUNT, Clerk
```

In re: NATIONAL PRESCRIPTION OPIATE     )
LITIGATION                               )
                                         )       O R D E R
In re: PUBLIX SUPER MARKETS, INC.,       )
                                         )
         Petitioner.                     )


Before: NORRIS, GIBBONS, and LARSEN, Circuit Judges.

Defendant Publix Super Markets, Inc. petitions for a writ of mandamus, asking that we compel the district court to certify a question of state law to the Georgia Supreme Court in this multidistrict opiate litigation.

"The traditional use of the writ in aid of appellate jurisdiction . . . has been to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (alteration in original) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). "[T]he writ is one of the most potent weapons in the judicial arsenal," and "only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify [its] invocation." *Id.* (internal quotation marks and citations omitted). To preserve its use to only extraordinary causes, a petitioner must satisfy three conditions. First, the petitioner cannot have adequate alternative means to obtain the relief it seeks—"a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* at 380−81. Second, the petitioner must show a "clear and indisputable" right

No. 22-3157
-2-

to the relief sought.  *Id.* at 381 (citation omitted).  Finally, the petitioner must show that issuing the writ is otherwise "appropriate under the circumstances."  *Id.*

Publix has not one, but two adequate alternative means to obtain the relief it seeks.  First, Publix can raise the district court's denial of its motion to certify the question in an appeal from the judgment.  *See, e.g.*, *Devereux v. Knox Cnty., Tennessee*, 15 F.4th 388, 392 (6th Cir. 2021) (reviewing a district court's denial of a motion to certify a question to a state court for abuse of discretion).  Second, Publix can move this court to certify the question.  *See, e.g.*, *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015) ("[C]ertification of a question of state law may be invoked by an order of this court.").

Moreover, Publix does not show a "clear and indisputable" right to mandamus in this case. Publix's failure to timely raise its certification request is a sufficient ground for denial.  *Hargis*, 785 F.3d at 194.

Accordingly, the petition for a writ of mandamus is **DENIED**.

                                      ENTERED BY ORDER OF THE COURT

                                      Deborah S. Hunt, Clerk