UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*All Cases*" | ) ) ) | JUDGE POLSTER |

### ORDER ESTABLISHING APPLICATION PROTOCOLS FOR COMPENSATION OF COSTS AND EXPENSES UNDER THE JANSSEN AND DISTRIBUTORS SETTLEMENT AGREEMENTS

Pursuant to Section VI of the *Order to Establish Qualified Settlement Fund, Appoint Panel of Common Benefit and Contingency Fee Fund Arbiters, Approve Fee Fund Allocation and Distribution Process, and Approve Common Benefit Cost Payment and Assessment* (hereinafter, "*Fee Panel Order*") (Doc. 3828), the Cost and Expense Fund Administrator has developed protocols for submission and review of eligible expenses, and for application for compensation of expenses from the Settling Distributors and Janssen Litigating Subdivision Cost Fund (hereinafter, the "Cost Fund") (Doc. 3828).[1] *See* Janssen and Distributors Settlement Agreements Exhibit R at §II.A.3 (stating the Administrator "shall design the process and procedures for the allocation of costs pursuant to this Fee Agreement and the MDL Court's Order."). The Court now **approves** the Administrator's protocols, which are set out below.

Any reference below to "prior common benefit orders" refers collectively to the *Order Regarding Plaintiff Attorneys' Fees and Expenses* (hereinafter, "*Fee and Expense Order*") (Doc. 358)[2]; the *Fee Panel Order*; the *Order Regarding Fee Panel, Fund Administrator, and Assistants*

---

[1] The process and procedures for the awarding of attorneys' fees from the Settling Distributors and Janssen Common Benefit Fund is governed by the *Fee Application Protocol Order* (Doc. 4344). The eligibility requirements for application to the Common Benefit Fund are distinct from the eligibility requirements for application to the Cost Fund.

[2] The Settlement Agreements refer to docket no. 636, which was a later version of the *Fee and Expense Order*, but which was vacated on June 9, 2018: "Order [non-document] vacating 636 Case Management Order No. 5 based on

1

(hereinafter, "*Fee Panel Assistants Order*") (Doc. 4030); the *Order Appointing Fee Committee and Addressing Related Matters* (hereinafter, "*Fee Committee Order*") (Doc. 4286); and the *Order Establishing Application Protocols for Reimbursement of Common Benefit Attorneys' Fees Under the Janssen and Distributors Settlement Agreements* (hereinafter, "*Fee Application Protocol Order*") (Doc. 4344).

I. **Eligibility**

Participating Litigating Subdivisions and Attorneys engaged in Qualifying Representations of Participating Litigating Subdivisions may be eligible for compensation from the Cost Fund for expenses incurred through July 21, 2021 related to litigation against the Settling Distributors and Janssen. Participating Litigating Subdivisions and Attorneys engaged in Qualifying Representations of Participating Litigating Subdivisions who wish to apply for expense reimbursement from the Cost Fund (hereinafter, "Applicants"[3]) shall review the prior common benefit orders and Exhibit R to the Settlement Agreements to ensure eligibility for compensation prior to submitting an Expense Application.

II. **Submission of Expense Applications and Expense Reports**

By **November 1, 2022**, Applicants shall submit to the Administrator a completed Expense Application. Information on how to request access to the secure Crosslink application system may be obtained in the near future at the following website: https://opioidfeepaneldocuments.com.[4] Late Expense Applications will not be permitted without prior leave of the Administrator and only for good cause shown.

---

document# 358." Accordingly, the Court understands the Settlement Agreements to refer to and incorporate docket no. 358.

[3] The term "Applicants" shall include any employee or member of a firm or group of firms on behalf of which the firm submitting the Expense Application is seeking compensation for eligible expenses under the Settling Distributors and Janssen Settlement Agreements.

[4] **The Application and website materials may not be "live" until July 1, 2022**. A draft of the online Expense Application is attached hereto as Exhibit A, to allow Applicants to begin gathering and preparing necessary submission materials. The final version of the Expense Application is subject to change and must be completed and submitted within Crosslink. Registered Applicants will be notified by Crosslink when the Expense Application is available.

2

To be eligible for compensation from the Cost Fund, Applicants must also submit to the MDL Time and Expense Billing Manager and Auditor (hereinafter, "Auditor") a completed Expense Report, a copy of which may be obtained within Crosslink.  The Expense Report that must be used by Applicants for the submission of expenses under the Settlement Agreements is different from the time and expense reporting template used by MDL Participating Counsel to submit their monthly time and expenses pursuant to the *Fee and Expense Order*.  Moreover, the Administrator has established additional expense eligibility requirements and limitations for compensation from the Cost Fund.  As a result, the process for the submission of eligible expenses for compensation from the Cost Fund for MDL Participating Counsel will be different from the process for non-MDL Participating Counsel,[5] as set out in Sections II.A and II.B below.

To assist Applicants in preparing their Expense Reports, the Auditor, at the direction of the Administrator, has prepared a Guide to Expense Billing Under the Distributors and Janssen Settlement Agreements (hereinafter, "Expense Billing Guide"), which includes expense requirements and limitations as well as detailed instructions, examples, and illustrations. The Expense Billing Guide will be available for all Applicants at the website: https://opioidfeepaneldocuments.com.  Applicants shall refer to the Expense Billing Guide when preparing their Expense Reports and while preparing their responses pursuant to the Audit Process set forth in Section III below.

       A.      <u>Non-MDL Participating Counsel</u>

Applicants who only litigated outside of the MDL (hereinafter, "Non-MDL Participating

---

[5] The *Fee and Expense Order* originally limited eligibility for reimbursement of expenses to MDL "Participating Counsel," which was defined to include "(i) [MDL] Co-Lead Counsel, (ii) [MDL] Co-Liaison Counsel, (iii) the [MDL] PEC, [and] (iv) any other counsel authorized in writing (via email or letter) by Co-Lead Counsel to perform work that may be considered of value to the MDL." Order at 1.  However, eligibility for compensation of costs and expenses from the Cost Fund is not limited to MDL Participating Counsel; nor do the Settlement Agreements require that expenses be incurred for the common benefit to qualify for compensation.  Thus, the distinction between MDL Participating Counsel and non-MDL Participating Counsel for purposes of this Order is only relevant to the timing and manner in which the two types of Applicants must ***submit*** their eligible expenses for compensation from the Cost Fund.  All Applicants will be held to the same standards of ***eligibility*** for expenses submitted for compensation from the Cost Fund.

3

Counsel") and have not heretofore submitted to the PEC or the Auditor any monthly expenses, as otherwise required by the *Fee and Expense Order,* shall submit their eligible expenses as soon as possible, and no later than **November 1, 2022**. Submission of eligible expenses must conform to Expense Billing Guide*,* and shall be entered into the Expense Report template, an electronic copy of which is available in Crosslink.  As explained in the Expense Billing Guide, completed Expense Reports shall be uploaded to Crosslink.

  B. <u>MDL Participating Counsel</u>

  The Court acknowledges that MDL Participating Counsel have already been required to submit their expenses to the Auditor each month pursuant to the requirements and limitations set forth in the *Fee and Expense Order*.  The Court also acknowledges that the Administrator has developed additional requirements and limitations to supplement those contained in the *Fee and Expense Order,* and that the Settlement Agreements expand the eligibility of compensable expenses in the *Fee and Expense Order* from: (a) only those expenses incurred by Participating Counsel for the common benefit; to (b) those expenses that were incurred by Participating Litigating Subdivisions, or their counsel, in pursuit of litigation against the Settling Distributors and Janssen. Thus, some expenses previously submitted by MDL Participating Counsel may not be in compliance with the Administrator's newly established requirements and limitations.  Further, expenses incurred by MDL Participating Counsel not otherwise compensable under the *Fee and Expense Order* may now be compensable under the Settlement Agreements.  In order to meet the requirements and limitations developed by the Administrator, MDL Participating Counsel will need to amend their previously submitted expenses to conform to the new requirements and provide additional expense detail not previously required.  MDL Counsel may also choose to seek compensation for certain expenses arising out of representation of Participating Litigating Subdivisions that they did not previously submit.

To assist MDL Participating Counsel in preparing their Expense Reports and to enable the Auditor to distinguish between previously-submitted and newly-submitted expenses by MDL Participating Counsel, the Administrator directs the Auditor to provide to Applicants who are also MDL Participating Counsel a spreadsheet of <u>all</u> expense entries that Counsel previously submitted to the Auditor for expenses incurred from December 12, 2017 through July 21, 2021 (hereinafter, "expense spreadsheet").  The expense spreadsheet will be provided to MDL Participating Counsel within Crosslink as soon as reasonably possible.  MDL Participating Counsel who have registered for access to the Expense Application within Crosslink will be notified when their expense spreadsheet is available.

MDL Participating Counsel shall voluntarily withdraw, reduce, or amend non-compliant expense entries to conform with the additional instructions and limitations established by the Administrator as contained in the Expense Billing Guide.

If MDL Participating Counsel intends to seek compensation from the Cost Fund for eligible expenses arising out of representation of Participating Litigating Subdivisions and has not previously submitted those expenses to the PEC or Auditor, MDL Participating Counsel shall separately enter those eligible expenses into the Expense Report within Crosslink.  MDL Participating Counsel shall make all expense amendments and additions on the expense spreadsheet provided by the Auditor and shall upload the amended expense spreadsheet, as well as an Expense Report, if applicable, to Crosslink. Amended expense spreadsheets and Expense Reports must be submitted in Crosslink no later than **November 1, 2022**.

### III.    Audit Process

The *Fee and Expense Order* (Doc. 358), incorporated into Exhibit R of the Settlement Agreements, directs the MDL Co-Leads to perform certain functions related to submission of expenses.  The PEC previously retained Amy Collins to serve as the MDL common benefit time and

expense billing manager and auditor ("Auditor"). To ensure that the expenses submitted for compensation from the Cost Fund are in compliance with all applicable orders and the Settlement Agreements, the Administrator has directed the Auditor to conduct an audit of the submitted expenses, to allow all Applicants "the opportunity to provide responses to notices of non-compliance, in order to demonstrate compliance" (*Fee and Expense Order* at 3). Thus, the Administrator orders the audit process envisioned in Doc. 358 will be performed by the Auditor for all Applicants, rather than by the Fee Committee.

For Expense Reports submitted to Crosslink by Applicants on or before November 1, 2022, the Auditor will provide the Applicant with notice of non-compliant expense entries, with reasons for non-compliance indicated for each entry (hereinafter, "expense audit").

The Administrator directs the Auditor to identify and include in the expense audit, for each Applicant, any expense entry that the Auditor concludes falls into one or more of the following categories:

    A.    Any expense entry in which the expense was not properly submitted or coded in accordance with the prior common benefit orders, including this Order, and any requirements of the Administrator.

    B.    Expenses incurred by or arising out of representation of any subdivision that is not a Participating Litigating Subdivision as defined in Exhibit R to the Settlement Agreements, including, but not limited to, expenses incurred by or arising out of representation of the following:
  a. Non-Participating Subdivisions;
  b. Non-Litigating Subdivisions;
  c. Private hospitals;
  d. Third-party payors;
  e. NAS claimants;
  f. Personal injury/wrongful death claimants;
  g. States; or
  h. Tribal Nations.

    C.    Any expense entry that has been reimbursed from any other fund or source.

    D.    Any expense incurred after July 21, 2021.

6

E.        Any expense entry that does not meet the requirements of the Administrator.

F.        Any expense entry that is not described in sufficient detail to determine the nature and purpose of the expense involved.

G.        Any expense entry incurred by or arising out of representation of any entity other than a Participating Litigating Subdivision, unless the expense was incurred for the common benefit of Participating Litigating Subdivisions or Tribal Nations generally.

H.        Any expense entry associated with client acquisition, including advertising.

I.        Any expense entry related to representation of Participating Litigating Subdivisions in matters other than those claims against the Settling Distributors and Janssen, as defined in the Settlement Agreements; however, submitted expenses may include an appropriate share of expenses incurred to pursue claims against multiple defendants including the Settling Distributors and Janssen.

J.        Any expense entry that is unnecessary or unreasonable.

K.        Any expense entry that is duplicative, whether submitted by the same or another Applicant.

The Auditor's expense audits will be considered confidential but may be shared with the Administrator and any party deemed necessary by the Administrator in fulfilling his responsibilities under the Settlement Agreements and any orders entered by this Court. Applicants are prohibited from engaging in substantive discussions with the Auditor or Administrator regarding expense entries determined by the Auditor to be non-compliant. If Applicants disagree with the Auditor's determination regarding expense entries appearing in their expense audit spreadsheets, they may so indicate in their audit response and may, at their discretion, provide additional documentation in support of their position along with their audit response.

The Auditor will request proof of payment documents to verify that the expenses submitted by each Applicant are true and correct and were paid by the Applicant. Applicants will be notified via Crosslink of those expense entries for which proof of payment is required; the proof of payment documents must be submitted along with the Applicant's audit response. Instructions for submitting proof of payment documents, including a description of acceptable documents, will be provided in

the Expense Billing Guide.  Failure to provide sufficient proof of payment may lead to a partial or total forfeiture of an expense award.  The Administrator reserves the right to request additional documentation or information from an Applicant in response to reviewing their audit responses and proof of payment documents.

Within 30 days of receipt of their expense audits, Applicants shall submit their audit responses, including any requested proof of payment documents, in Crosslink.  Late audit responses, including late submission of proof of payment documents or any other documentation or information requested by the Auditor or Administrator, will not be permitted without prior leave of the Administrator and only for good cause shown.

The Auditor will review the audit responses of each Applicant and prepare a report summarizing each Applicant's expense submission for review by the Administrator. The Auditor's determination of non-compliance is not binding, nor does the Auditor have the authority to disallow, either in whole or in part, any expense submission of any Applicant.  To be clear, the Administrator's review of all expense submissions will be *de novo*.

IV. **Administrator Review**

To repeat, the Administrator shall conduct a *de novo* review of all Applicants' expense submissions. The Administrator shall be provided, upon request of the Administrator, any and all information relied upon by the Auditor.

Notwithstanding the instructions provided herein and in the Expense Billing Guide, the Administrator reserves the right to request additional information and/or documentation to verify eligibility for any expense submitted for compensation from the Cost Fund and may reject any expense, in whole or in part, that is determined to be ineligible or otherwise not in compliance with the Settlements Agreements, Orders of the MDL Court, or any other requirement or instruction established by the Administrator including, but not limited to, refusal or inability to provide

8

sufficient justification for expenses as deemed by the Administrator.

The Administrator may, at his discretion, invite input from attorneys who held leadership positions within the federal and/or state litigation, including the Fee Committee, members of the MDL Plaintiffs' Executive Committee, members of state committees or co-chairs, defendant team leaders, trial team leaders, and any other attorneys (collectively hereinafter, "Leadership Attorneys")[6] who are able to provide insight into the reasonableness and necessity of the expenses claimed in the Expense Applications, including the Expense Reports. All information exchanged between the Administrator and Leadership Attorneys shall be treated by all participants as confidential.[7]

The Administrator may also conduct interviews with Applicants at the discretion of the Administrator, to gain additional insight regarding information contained in the Expense Application and the Auditor's report. Each interview shall be conducted in the presence of a court reporter. The transcript will be solely for the use of the Administrator, unless otherwise directed by the Court.

All information exchanged between the Administrator and others (including Applicants, Leadership Attorneys, the Fee Committee, or the Auditor) will be treated by all participants as confidential and will not be disclosed to any person other than the Administrator; and the Administrator shall not share with any lawyer information obtained from another Expense Application, any interview, or any related submission. None of the Administrator's meetings, interviews, applications, or related submissions or materials are subject to discovery.

V.     **Expense Allocation Awards**

Upon review of all Expense Applications, the Auditor's Report, Expense Reports, and any

---

[6] The term "Leadership Attorneys" as used herein also includes paralegals and assistants who worked with or assisted those attorneys.
[7] While the Fee Panel expects it *will* interview Leadership Attorneys regarding Common Benefit Fee Applications, the Administrator does *not* expect to interview Leadership Attorneys regarding Expense Applications. Nonetheless, the Administrator reserves the right to do so.

9

additional documentation or information provided by the Applicants, including proof of payment documentation, the Administrator shall provide to each Applicant a preliminary expense determination of the Applicant's approved expenses. The Administrator's preliminary expense determinations will not be published to all Applicants, but Applicants are permitted to disclose their preliminary expense determination to their client, fee interest counsel, or other interested party to which the expense relates, to the extent required by any enforceable agreement executed between the parties or as otherwise required by applicable state, local, or federal law.

Applicants shall have ten (10) days to submit to the Administrator confidential written objections to the Administrator's preliminary expense determination. Applicants filing written objections shall do so on the Notice of Objection Form within the Applicant's Crosslink account. Detailed instructions for completing the form will be provided within Crosslink and the Expense Billing Guide.

The Administrator shall review the Notice of Objection and issue a final expense determination or, in his discretion, request the Applicant appear before him either via Zoom or in person.[8] Each hearing shall be conducted in the presence of a court reporter. The transcript will be solely for the use of the Administrator, unless otherwise directed by the Court.

Upon resolution of all Applicant objections, the Administrator shall provide notice to each Applicant of their final expense allocation award from the Cost Fund and shall disburse the funds in accordance with the final expense allocation award. The Administrator reserves the right to, in his sole discretion, determine the priority and timing of disbursement of funds for eligible expenses from the Cost Fund, including any amount of proration of expense reimbursements in the event the amount of expenses approved for disbursement exceed the amount available for disbursement in the Cost

---

[8] Pursuant to the *Fee Panel Order* (Doc. 4030), the Administrator may include assistants or consultants at hearings, meetings, or other communications, to the extent their presence is necessary to assist the Administrator in fulfilling his responsibilities under the Settlement Agreements and any orders entered by this Court.

Fund.  The final expense allocation award is not subject to appeal.

      **IT IS SO ORDERED.**

                                                        /s/ *Dan Aaron Polster*
                                                        **DAN AARON POLSTER**
                                                        **UNITED STATES DISTRICT JUDGE**

**Dated: May 25, 2022**