IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All cases identified in Exhibit A to Settling Distributors' Motion* | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**SETTLING DISTRIBUTORS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING NEW YORK SUBDIVISIONS AS BARRED BY STATUTE**

**INTRODUCTION**

The Nonparticipating Entities do not meaningfully respond to the merits of the Settling Distributors' motion to dismiss—indeed they cannot, because there is no dispute that the Nonparticipating Entities' claims are barred by the terms of the amended New York Mental Hygiene Law § 25.18(d). Instead, the Nonparticipating Entities' response largely addresses the merits of their purported challenge to the constitutionality of the New York statute, which they have advanced in a separate lawsuit against the New York Attorney General in the United States District Court for the Eastern District of New York (the "EDNY"). Because the Nonparticipating Entities' constitutional challenge is not meaningfully developed in their brief and is frivolous in any event, there is no impediment to dismissing their claims now. Doing so is both required by New York law and will advance this Court's interest in effectuating the global settlement.

**ARGUMENT**

**I. The Nonparticipating Entities' Claims Are Barred by N.Y. Mental Hygiene Law § 25.18(d).**

The Nonparticipating Entities do not dispute that their claims are barred by the amendments to § 25.18(d) of the Mental Hygiene Law. As explained in the Settling Distributors' Motion, the claims at issue and the parties involved meet all the requirements for dismissal under the statutory amendments. In particular: (1) the Nonparticipating Entities are all "governmental subdivision[s];" (2) the claims they assert are "released claims" as that term is defined in the statute; and (3) all of the Nonparticipating Entities' claims were filed after the statutory deadline. *See generally* Mot. at 3-6; Ex. A.

The Nonparticipating Entities, for their part, do not dispute these conclusions at all. Indeed, the Nonparticipating Entities' response essentially *concedes* that N.Y. Mental Hygiene Law § 25.18(d) "retroactively terminated by operation of law the entities' claims identified in the

1

attached Exhibit 'A.'" Resp. at 1. *See also* Resp. at 2 ("The only reason [the Nonparticipating Entities] are excluded from direct payment is the retroactive claim termination."). Given these facts, there is no dispute that the Nonparticipating Entities' complaints are barred by the terms of the statute.

Beyond the concession that the statute applies to their claims, the Nonparticipating Entities offer distraction and incomplete arguments that do not change the analysis here. The Nonparticipating Entities' vague and passing reference to the Drug Dealer Liability Act ("DDLA") is a prime example of this distraction. *See* Resp. at 1. Even putting aside the fact that many if not most of the Nonparticipating Entities have not asserted a claim for violation of the DDLA, *and* the fact that the DDLA requires a criminal conviction as a precursor to any civil liability, *see* N.Y. Gen. Oblig. Law § 12-103, a claim under the DDLA plainly *is* covered by the statutory bar. *See* N.Y. Mental Hyg. Law § 25.18(d) ("No government entity shall have the authority to assert released claims against entities released by the department of law in a statewide opioid settlement agreement . . . ."); *id.* § 25.18(a)(5)("'Released claims' means released claims as such term is defined in the statewide opioid settlement agreements."); Settling Distributors' Mot. at 5 (citing the relevant provisions of the Settlement Agreement, which includes a very broad release of claims). This is, simply put, a non-starter.

In short, there can be no real dispute that the Nonparticipating Entities' claims are barred by the clear terms of N.Y. Mental Hygiene Law § 25.18(d).

## II. The Court Should Not Delay Dismissal of the Nonparticipating Entities' Claims.

The Nonparticipating Entities urge this Court to wait and see what the EDNY does with the New York Attorney General's motion to dismiss the complaint in those proceedings. The Nonparticipating Entities (which include the plaintiffs in the EDNY proceedings) have filed a

2

complaint in that court seeking a declaratory judgment on the basis that the amendments to § 25.18 of the New York Mental Hygiene Law are unconstitutional.

The Nonparticipating Entities' wait-and-see approach should not be accepted for two reasons. First, waiting on the frivolous EDNY challenge threatens to delay unnecessarily these proceedings and to impede implementation of the global settlement in New York—and that delay could be significant, as the judge in the EDNY proceedings has indicated that she might not rule on the motion to dismiss before the end of this year. Second, the arguments the plaintiffs in the EDNY intend to advance—and which the Nonparticipating Entities hint at but fail meaningfully to develop here—are frivolous and will not succeed. To allow such a makeweight claim to prolong litigation in this Court and jeopardize New York's opioid abatement recoveries would run counter to everything this Court and the parties to the global settlement have worked so hard to achieve.

## CONCLUSION

For the foregoing reasons, Settling Distributors respectfully request that this Court dismiss all claims against Settling Distributors in the lawsuits identified in Exhibit A to Settling Distributors' Motion as statutorily barred by New York Mental Hygiene Law § 25.18(d).

Dated: May 25, 2022

Respectfully submitted,

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Mark H. Lynch
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 25, 2022, Settling Distributors' Reply in Support of Motion To Dismiss Claims Filed By Non-Participating New York Subdivisions As Barred By Statute was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas