UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO:*<br><br>*All actions* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**TEXAS MDL LIAISON'S REQUEST FOR CLARIFICATION OF FEE ORDER NO. 3 REGARDING APPLICATION DEADLINE FOR CONTINGENCY FEE AWARDS [Doc. 4450], OR ALTERNATIVE MOTION FOR RECONSIDERATION, SUBJECT TO SPECIAL APPEARANCE**

The undersigned counsel for Texas governmental entities in opioid litigation specially appear, without waiver of objections to jurisdiction,[1] to respectfully request that the Fee Panel's May 13, 2022, Fee Panel Order No. 3 Regarding Application Deadline for Contingency Fee Awards, Doc. 4450, be clarified or reconsidered to acknowledge that the MDL 2804 Court is not assuming jurisdiction over Texas settlements that fall within the exclusive jurisdiction of the Honorable Robert Schaffer, 152nd Judicial District Court Judge, Harris County, Texas.

The undersigned were appointed by Judge Schaffer in the Texas intra-state MDL, *In re: Texas Opioid Litig.,* No. 2018-63587, to serve as Texas MDL Liaisons to the Global Settlement Fee and Costs Fund Arbitration Panel.[2] The Janssen and Distributor Defendants executed Texas Settlements,[3] in addition to the global settlements. As quoted below, the Texas settlements with the Janssen and Distributor Defendants provide that Judge Schaffer will enforce the settlements' terms and preside over fund allocation, and further require certain applications be made to the global fund.

---

[1] This filing is made without consenting to the Court's jurisdiction—and without prejudice to the undersigned's rights to contest this Court's jurisdiction over both them and their clients.
[2] *See* **Exhibit 1**, Order Granting Plaintiff Steering Committee's Motion to Appoint Texas MDL Fee Committee Liaisons to the Global Settlement Fee and Costs Fund Arbitration Panel (152nd Jud. Dist. Harris County, Texas March 18, 2022).
[3] *See* **Exhibit 2**, Distributors' Texas Settlement Agreement; **Exhibit 3**, Janssen Texas State-Wide Opioid Settlement Agreement and Settlement Term Sheet, which are quoted below.

1

This motion seeks to explain and clearly distinguish between the Texas Plaintiff's Steering Committee's applications pursuant to the two Texas settlements, on the one hand, from the applications that fall within this Honorable MDL 2804 Court's jurisdiction, on the other hand.

The Fee Panel Order No. 3 Regarding Application Deadline for Contingency Fee Awards states that, "the Fee Panel urges all counsel to submit ***all*** Contingent Fee award applications as soon as possible." Fee Panel Order No. 3, Doc. 4450. The Order implies that "***all***" applications fall within the ambit of MDL 2804 jurisdiction. In an abundance of caution, to preserve our objections to MDL 2804 jurisdiction over the Texas Settlements, and to fulfill our duties as Texas-court appointed Liaison, we respectfully ask the Court to clarify that "***all***" does not mean that the Texas Settlements fall within the jurisdiction of MDL 2804.

**1.  The Janssen and Distributor Defendants entered into Texas settlements that grant Texas Judge Schaffer jurisdiction and enforcement authority over qualified settlement funds, including attorney fees and cost compensation.**

The Texas State-Wide Opioid Settlement Agreements (**Exhibits 2, 3**), expressly provide that the Honorable Robert Schaffer, as presiding Judge in *In re Texas Opioid Litigation*, 18-0358 (152 Jud. Dist. Ct. Harris County, Texas), has jurisdiction and enforcement authority over the agreements between Defendants and participating Texas subdivisions, and that Judge Schaffer will establish and oversee the qualified settlement funds:

> This Agreement and the associated Texas Consent Judgement resolve the Settling Distributors' portion of the litigation coordinated before Justice Robert Schaffer as In Re Texas Opioid Litigation, 18-0358 (152 Jud. Dist. Ct. Harris Cty.) with respect to Participating Subdivisions.

**Exhibit 2**, Distributors' Texas Settlement Agreement, p. 1 § I.

> *"Texas Consolidated Litigation Court."* The Court that is the Hon. Robert Schaffer, In Re: Texas Opioid Litigation, 18-0358 (152d Jud. Dist. Ct., Harris Cty) to which

2

> the Agreement is presented for entry and enforcement, except as to matters addressed in the Texas Consent Judgment.[4]

*Id*., p. 11 § II.QQQ (note added).

> The terms of the Agreement and the Texas Consent Judgment will be enforceable solely by the Texas Consolidated Litigation Court and the Texas Consent Judgment Court, limited to the role of each court in this Agreement.

*Id*., p. 27 § VII.A.[5]

> For the avoidance of doubt, nothing contained in this Texas Participation Form, or in the Distributors' Texas Settlement, constitutes consent, express or implied, by the Governmental Entity or its selected counsel, to the jurisdiction of any federal court, including without limitation the MDL, for any purpose.

*Id*., Exhibit L, Texas Participation Form and Release, p. 1 ¶6.

> *"Qualified Settlement Fund Administrator"* means the Administrator appointed to administer the Texas Qualified Settlement Fund under the authority and jurisdiction of the Honorable Robert Schaffer, *In Re: Texas Opioid Litigation, MDL No. 18-0358,* Master File No. 2018-63587, in the 152nd Judicial District Court, Harris County, Texas, for the Regional Share and the Subdivision share, to include Subdivision allocations, fees and expenses, and under the authority and jurisdiction of the Court in which the Consent Judgment is filed for the State share.

**Exhibit 3**, Janssen Texas State-Wide Opioid Settlement Agreement and Settlement Term Sheet, p. 5 § II.Z.

> The costs and expenses shall be divided under the jurisdiction of the Honorable Robert Schaffer, *In Re: Texas Opioid Litigation*, MDL No. 18-0358, Master File No. 2018-63587, in the 152nd Judicial District Court, Harris County, Texas.

*Id*., p. 15 § IX.A.3.

> These costs and expenses shall be divided under the jurisdiction and authority of the Honorable Robert Schaffer, *In Re: Texas Opioid Li1igation, MDL No. 18-0358*, Master File No. 2018-63587, in the 152nd Judicial District Court, Harris County, Texas, amongst Participating Subdivisions, including Dallas, Bexar, and Tarrant Counties, as provided in the Texas Intrastate Term Sheet.

---

[4] The Texas Consent Judgment relates to the State of Texas' agreement with Defendants. The court presiding over the Texas Consent Judgment is also a Texas state court. See id. at p. 3 § II.L (Travis County, Texas).
[5] *See also id.* at pp. 11-21 §§ II.TTT, II.UUU, II.VVV (defining Texas Qualified Settlement Fund, Administrator, and Escrow).

*Id.*, p. 16 § IX.A.4.

> The terms of the Agreement are enforceable by the Participating Subdivisions before the Honorable Robert Schaffer, *In Re: Texas Opioid Litigation, MDL No. 18-0358*, Master File No. 2018-63587, in the 152nd Judicial District Court, Harris County, Texas.

*Id.*, p. 17 § X.A.

In summation, both settlements clearly provide that the settlement funds, and enforcement of the settlement terms, fall within Judge Schaffer's jurisdiction and authority.

**2.   Therefore, the Texas Plaintiff's Steering Committee's applications to the global settlement fund do not fall within the jurisdiction of MDL 2804.**

The Distributor's Texas Settlement Agreement provides that "the Texas Plaintiff's Steering Committee" will make an application for certain fee and cost compensation if the Global Settlement becomes effective. **Exhibit 2**, Distributors' Texas Settlement Agreement, pp. 27-28 § VIII.B.1, VIII.B.2. *See also* **Exhibit 3**, Janssen Texas State-Wide Opioid Settlement Agreement and Settlement Term Sheet, pp. 15-17 § IX. The global settlements did become effective, and under the terms of the Texas settlements, the Texas Plaintiff's Steering Committee is making the applications called for in the Texas settlements. As quoted above, the Janssen and Distributor Texas settlements clearly provide that Judge Schaffer has jurisdiction to enforce the settlements' terms.

Moreover, before executing these settlements with Janssen and the Distributors, plaintiffs' attorneys on behalf of *inter alia* Texas state litigants executed an agreement with the MDL 2804 PEC. The PEC agreed, in 2020, that "participation in the fund process shall not create broader general federal jurisdiction, equitable or otherwise, over applicants to the fund who are not otherwise subject to federal jurisdiction, nor shall the fund require . . . the signing of a participation

4

agreement as part of the criteria for participating in the fund."[6] Under the agreement, "fees allocated and awarded under the procedures herein shall not be subject to any additional common benefit order or other effort to tax recoveries awarded by the arbitration Panel."[7]

In sum, the federal PEC has agreed that participation in the fund process does not create federal jurisdiction (**Exhibit 4**). And, according to the settling defendants' contracts with Texas subdivisions, Judge Schaffer of the Texas MDL has exclusive jurisdiction (**Exhibits 2, 3**). Therefore, the federal PEC, the Janssen and Distributor Defendants, and the undersigned have all executed contracts supporting the Texas Liaisons' position that their fund applications, made pursuant to the Texas settlements, do not imbue the federal MDL 2804 Court with jurisdiction over the Texas settlements.

WHEREFORE, the undersigned Texas MDL Fee Committee Liaisons respectfully request that this Honorable Court recognize the duties Judge Schaffer is tasked with performing pursuant to the Texas settlements, clarify that not "all" applications fall under the jurisdiction of MDL 2804, allow this special appearance to preserve our objections to MDL 2804 jurisdiction, and for such further relief as may be just and consistent with Judge Schaffer's exclusive jurisdiction of the Texas Janssen and Distributor settlements.

---

[6] **Exhibit 4**, PEC/MSGE Fee Allocation Agreement-Oct. 9, 2020 (PEC/MSGE FAA), at ¶8.
[7] **Exhibit 4**, PEC/MSGE FAA ¶15.

Signed: May 25, 2022.                    Respectfully submitted,

**Texas MDL, No. 2018-63587, Fee Committee Liaisons Appointed by Judge Schaeffer, Signing Subject to Special Appearance**

**WATTS GUERRA, LLP**

*/s/ Shelly A. Sanford*
Shelly A. Sanford
TX State Bar No. 00784904
811 Barton Springs Rd. #725
Austin, TX 78704
Tel. (512) 479-0500
ssanford@wattsguerra.com

**SIMON GREENSTONE PANATIER, P.C.**

*/s/ Jeffrey B. Simon*
Jeffrey B. Simon
TX State Bar No. 00788420
1201 Elm Street, Suite 3400
Dallas, Texas 75270
Tel: 214-276-7680
Fax: 214-276-7699
jsimon@sgptrial.com

**Texas MDL, No. 2018-63587, Fee Committee Liaisons Appointed by Judge Schaeffer, Signing Subject to Special Appearance**

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record at their email-addresses on file with the Court.

*/s/ Jeffrey B. Simon*
Jeffrey B. Simon