# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Board of County Commissioners of Delaware County v. Purdue Pharma L.P., et al.,* Member Case No. 1:18-op-46321-DAP<br><br>*Board of County Commissioners of Garvin County v. Purdue Pharma L.P., et al.,* Member Case No. 1:18-op-46304-DAP<br><br>*Board of County Commissioners McClain County* v. *Purdue Pharma L.P., et al*., Member Case No. 1:18-op-46303-DAP<br><br>*Board of County Commissioners of Osage County v. Purdue Pharma L.P.*, et al., Member Case No. 1:18-op-46322-DAP<br><br>*Board of County Commissioners of Ottawa County v. Purdue Pharma L.P., et al.*, Member Case No. 1:18-op-46323-DAP<br><br>*Board of County Commissioners of Pawnee County v. Purdue Pharma L.P., et al*., Member Case No. 1:18-op-46320-DAP<br><br>*Board of County Commissioners of Tulsa County v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45352-DAP<br><br>*Board of County Commissioners of Seminole County v. Purdue Pharma L.P., et al.,* Member Case No. 1:18-op-46320-DAP<br><br>*Board of County Commissioners of Hughes County v. Purdue Pharma L.P., et al*., Member Case No. 1:20-op-45258-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br><br>**OKLAHOMA PLAINTIFFS' JOINT MOTION TO EXTEND THE COURT'S DEADLINES IN THE JULY 23, 2021, ORDER** |

*Board of County Commissioners of Okfuskee County v. Purdue Pharma L.P., et al.,* Member Case No. 1:20-op-45005-DAP

*Board of County Commissioners of Lincoln County v. Purdue Pharma L.P., et al.,* Member Case No. Case No. 1:20-op-45128-DAP

*Board of County Commissioners of Payne County v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45653-DAP

*Board of County Commissioners of Muskogee County v. Purdue Pharma L.P., et al.*, Member Case No. 1:18-op-45459-DAP

*The County Commission of Craig County, Oklahoma v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45652-DAP

*The County Commission of Creek County, Oklahoma v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45226-DAP

*The County Commission of Mayes County, Oklahoma v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45227-DAP

*The County Commission of Nowata County, Oklahoma v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45225-DAP

*The County Commission of Okmulgee County, Oklahoma v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45223-DAP

*The County Commission of Rogers County, Oklahoma v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45224-DAP

*The County Commission of Washington County, Oklahoma v. Purdue Pharma L.P., et al.,* Member Case No. 1:19-op-45222-DAP

**OKLAHOMA PLAINTIFFS' JOINT MOTION TO EXTEND
THE COURT'S DEADLINES IN THE JULY 23, 2021, ORDER**

Oklahoma Plaintiffs, Board of County Commissioners of Delaware County; Board of County Commissioners of Garvin County; Board of County Commissioners McClain County; Board of County Commissioners of Osage County; Board of County Commissioners of Ottawa County; Board of County Commissioners of Pawnee County; Board of County Commissioners of Tulsa County; Board of County Commissioners of Seminole County; Board of County Commissioners of Hughes County; Board of County Commissioners of Okfuskee County; Board of County Commissioners of Lincoln County; Board of County Commissioners of Payne County; Board of County Commissioners of Muskogee County; The County Commission of Craig County; The County Commission of Creek County; The County Commission of Mayes County; The County Commission of Nowata County; The County Commission of Okmulgee County; The County Commission of Rogers County; and The County Commission of Washington County ("Plaintiffs") move the Court to extend the deadlines established in the Court's July 23, 2021, Case Management Order, relating to Non-Participating Subdivisions ("July CMO"), as applied to Plaintiffs, for one-hundred forty (140) days.

As this Court is aware, 64 Oklahoma Plaintiffs recently requested said relief to this Court. (Doc #: 4373; 4376; 4279). On May 6, 2022, this Court granted, in part, the 64 Oklahoma Plaintiffs' motions and granted a 140-day extension of the July 23, 2021, CMO. (Doc#: 4427). Accordingly, Plaintiffs herein respectfully request the same relief and incorporate and adopt the same arguments as the other 64 Oklahoma Cases, as outlined below, to ensure consistency and coordination across the state of Oklahoma. In support of this Motion to Extend Deadlines, Plaintiffs state as follow:

3

**BRIEF IN SUPPORT**

Plaintiffs have been prevented from any chance to settle their cases with McKesson Corporation, Cardinal Heath, Inc. and AmerisourceBergen Corporation ("Distributor Defendants") because the State of Oklahoma chose not to participate in the National Settlement thereby foreclosing any opportunity for Plaintiffs to participate.[1] Furthermore, it was the Distributor Defendants decision to make participation in the National Settlement which was conditioned on whether the State participates in the settlement. It is patently unfair to punish Plaintiffs herein for the Settling Defendants and State of Oklahoma's decisions, over which Plaintiffs had no control.

The original July CMO entered by this Court defined a "Non-Participating Subdivision" as "an eligible subdivision that *chooses* not to participate in the Settlement Agreement." [Doc. No. 3795, July CMO, n.2.](emphasis added). Plaintiffs, however, had no choice in whether to participate in the Distributor Defendants National Settlement. Plaintiffs would have participated had they been given a choice. On December 13, 2021 [Doc. No. 4192, at pg. 2], the Court entered an additional order stating that a Non-Participating Subdivision must comply with the deadlines established in the Court's July CMO even if political subdivisions wanted to join the National Settlement, but their State chose not to join ("December 13, 2021, Order"). This modification of the definition of a "Non-Participating Subdivision" occurred a little over 140 days after the Court's July CMO. Consequently, Plaintiffs were deprived of several months to prepare for compliance with the Court's July CMO.

The requirements in paragraph II and III of the July CMO are particularly onerous in that they require Plaintiffs to identify suspicious orders and prepare expert reports by May 26, 2022

---

[1] The State of Oklahoma tried its claim against J&J and was, thus, not part of the J&J Settlement.

4

and will require coordination and cooperation with the other Oklahoma Plaintiffs that have not had the opportunity to take any Oklahoma specific discovery from Defendants and were granted the extension referenced above. Plaintiffs herein similarly do not have all the information available to them to respond adequately to the mandates of the Court's Order. The requirements under paragraph II require a significant amount of expert time in each of the cases, and the same experts will be needed to analyze each individual case as well as provide reports, with the intention of coordinating across the state.

As the Court is also aware, the identification of suspicious orders was the subject of extensive discovery along with time-consuming and costly expert reports in both CTI and CT3, as well as other jurisdictions in which opioid cases have been litigated and are being litigated presently. Given the other cases that have been and are presently occurring, expert availability to perform the analysis required in such a short time is extremely limited. Moreover, Plaintiffs reasonably believed they were not subject to the Court's July CMO, and it was not until the December CMO that Plaintiffs understood they were subject to the deadlines established in the July CMO.

Compliance with the July CMO would prejudice Plaintiffs. Plaintiffs would be required to identify suspicious orders and provide expert reports before receiving any case specific discovery from Defendants. All of this will be occurring when there is arguably no subject matter jurisdiction over Plaintiffs' claims and as such, some Plaintiffs will be seeking remand to the State Courts their cases were originally filed in.

Plaintiffs are in a unique position as compared to local governments in other states. The State of Oklahoma has either prosecuted or settled its claims against the majority of Manufacturer Defendants named in this MDL. The State of Oklahoma tried its claim against J&J and was, thus,

not part of the J&J Settlement. Plaintiffs will consequently not be included in any future global settlements on the same terms and conditions as local governments in other states. Keeping the Oklahoma cases in this Court is an impediment to settlement with the Distributors of the Plaintiffs' lawsuits. As the Court is aware, after remanding a tribal case to Oklahoma (*Cherokee Nation v. McKesson Corp., et. el.*, Case No. 1:18-op-45695-DAP), a global settlement was reached shortly thereafter between the tribes and the Settling Distributors including J&J.

Furthermore, the Settling Distributors agreed to stay compliance with the July CMO for the Washington localities sixty (60) days. However, with respect to Plaintiffs, the Settling Distributors seek to take advantage of the Court's July CMO. The Settling Distributors would not consent to a stay or extension of the deadlines with respect to the instant Plaintiffs.

Consequently, Plaintiffs request that the provisions of the July CMO be extended the greater of 140 days to mirror the Court's decision on the other 64 Oklahoma Cases to ensure consistency and coordination across the state.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request this Court to extend its July CMO deadlines for the greater of 140 days to ensure coordination and consistency across the state.

Dated: May 24, 2022                             Respectfully submitted,

/s/ *Shayna E. Sacks*
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000
Email: *SSacks@napolilaw.com*

/s/ James D. Young
**MORGAN & MORGAN**
**COMPLEX LITIGATION**
**GROUP**
76 S. Laura St., Suite 1100

6

Jacksonville, FL 32202<br>
(904) 398-2722<br>
Email: *jyoung@forthepeople.com*