# Exhibit B

1

1 | UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2

3 | ------------------------------x
                                 22-CV-1681(KAM)
TOWN OF BABYLON, NY, ET AL.,

4 |                               United States Courthouse
        Plaintiffs,        Brooklyn, New York

5

        - versus -        May 3, 2022

6 |                                 4:00 p.m.
LETITIA JAMES In Her

7 | Official Capacity As the
Attorney General for the

8 | State of New York,

9 |         Defendant.

10 | ------------------------------x

11 |       TRANSCRIPT OF CIVIL CAUSE FOR PREMOTION CONFERENCE
            PARTIES PRESENT VIA TELECONFERENCE

12 |         BEFORE THE HONORABLE KIYO A. MATSUMOTO
            UNITED STATES DISTRICT JUDGE

13

14 | APPEARANCES

15 | Attorney for Plaintiff:  TATE, GROSSMAN & KELLY
                         1248 Montauk Highway

16 |                          West Islip, New York 11795
                         BY:  MARK TATE, ESQ.

17

18 | Attorney for Defendant:  STATE OF NEW YORK
                         OFFICE OF THE ATTORNEY GENERAL

19 |                          28 Liberty Street
                         New York, New York 10005

20 |                          BY:  ANDREW STUART AMER, ESQ.

21

22 | Court Reporter:          LINDA D. DANELCZYK, RPR, CSR, CCR
                         Phone:  718-613-2330

23 |                          Fax:    718-804-2712
                         Email:  LindaDan226@gmail.com

24

25 | Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

PROCEEDINGS                    16

1   hear from plaintiff on this.

2           MR. AMER:  I'll be very brief, Your Honor.  I think

3   I heard Mr. Tate say he agreed that under *Armstrong* there's no

4   right of action under supremacy clause, so I'm looking at the

5   amended complaint, I don't see a cause of action as they've

6   asserted under any other theory.

7           And I would just mention that this case is very odd

8   in that it's a federal preemption claim that's being asserted,

9   but there's no federal statute that's being relied on, instead

10  it's a constitutional provision, and that's ordinarily not

11  anything you'd see as the basis of federal preemption.

12          If you want to just assert in 1983 claim alleging

13  that constitutional violation, that's a 1983 cause of action

14  in this complaint, so I'll just leave it at that and go

15  through a more careful analysis in our papers.

16          I did want to just ask for clarification.  I know

17  Your Honor said you want two courtesy copies delivered to

18  chambers.  Do you want those copies on the specific dates that

19  the papers are each due, or do you want the copies of the

20  entire motion fully briefed after it's going to be fully

21  briefed and filed on ECF on June 24th?

22          THE COURT:  Thank you for asking.

23          I think we'd like to have them as you're serving

24  them, because it will give us a check on the progress of the

25  briefing.

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

PROCEEDINGS                          17

1           And, you know, I'll be frank with you, this is one

2    of over 400 cases that I'm dealing with, so I will get to as

3    soon as I can.

4           We're hoping to have some new judges appointed at

5    some point but we're down three judges still.  So we are

6    carrying extremely heavy caseloads, and your motion will be

7    decided in the time frame that is prescribed by the

8    Administrative Office for U.S. Courts, so we will get to it,

9    but I can't promise you that you're going to have a decision

10   by the end of the year.

11          So we'll do our best, but if you give us the -- if

12   you serve us with your courtesy copies, we'll know that we

13   have them and we don't have to bother you when we are in the

14   throes of trying to decide the motion.

15          MR. AMER:  Thank you, Your Honor, for the

16   clarification.

17          THE COURT:  All right, is there anything else the

18   parties want to discuss before we adjourn?

19          MR. TATE:  Just one brief matter, Judge, it's Mark

20   Tate.

21          So the Court -- the defendant will now be heard on

22   the 12(b)(1) and 12(b)(6) motion to dismiss exclusively, and

23   we will have then -- the plaintiffs will then have the

24   opportunity to fully brief and reply to the Court on all of

25   those elements regarding subject matter jurisdiction and the