UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION * * * | |
| TOWN OF BARRINGTON, RHODE ISLAND, * TOWN OF BRISTOL, RHODE ISLAND, * TOWN OF BURRILLVILLE, RHODE ISLAND, * CITY OF CENTRAL FALLS, RHODE ISLAND, * TOWN OF CHARLESTOWN, RHODE ISLAND, * TOWN OF COVENTRY, RHODE ISLAND, * CITY OF CRANSTON, RHODE ISLAND, * TOWN OF CUMBERLAND, RHODE ISLAND, * TOWN OF EAST GREENWICH, RHODE ISLAND, * CITY OF EAST PROVIDENCE, RHODE ISLAND, * TOWN OF FOSTER, RHODE ISLAND, * TOWN OF GLOCESTER, RHODE ISLAND, * TOWN OF HOPKINTON, RHODE ISLAND, TOWN OF JAMESTOWN, RHODE ISLAND, TOWN OF JOHNSTON, RHODE ISLAND, TOWN OF MIDDLETOWN, RHODE ISLAND, TOWN OF NARRAGANSETT, RHODE ISLAND, CITY OF NEWPORT, RHODE ISLAND, TOWN OF NORTH KINGSTOWN, RHODE ISLAND, TOWN OF NORTH PROVIDENCE, RHODE ISLAND, CITY OF PAWTUCKET, RHODE ISLAND, TOWN OF PORTSMOUTH, RHODE ISLAND, CITY OF PROVIDENCE, RHODE ISLAND, TOWN OF RICHMOND, RHODE ISLAND, TOWN OF SCITUATE, RHODE ISLAND, TOWN OF SMITHFIELD, RHODE ISLAND, TOWN OF SOUTH KINGSTOWN, RHODE ISLAND, TOWN OF WARREN, RHODE ISLAND, CITY OF WARWICK, RHODE ISLAND, TOWN OF WEST GREENWICH, RHODE ISLAND, TOWN OF WEST WARWICK, RHODE ISLAND, TOWN OF WESTERLY, RHODE ISLAND, AND CITY OF WOONSOCKET, RHODE ISLAND, | MDL No. 2804 Case No. 1:17-md-2804 JUDGE DAN AARON POLSTER |

                PLAINTIFFS,

   V.

**TEVA PHARMACEUTICAL INDUSTRIES LTD; TEVA PHARMACEUTICALS USA INC.; ALLERGAN PLC F/K/A ACTAVIS PLC F/K/A ALLERGAN, INC.; ALLERGAN FINANCE, LLC F/K/A ACTAVIS INC. F/K/A WATSON PHARMACEUTICALS, INC.; ALLERGAN SALES, LLC; ALLERGAN USA, INC.**

**DEFENDANTS.**

## STIPULATION OF DISMISSAL WITH PREJUDICE

The undersigned Parties (the "Parties) have settled the above-referenced litigation pursuant to the Teva Rhode Island Settlement Agreement, executed on March 21, 2022 and the Allergan Rhode Island Settlement Agreement executed on March 28, 2022, in which Plaintiffs—the Rhode Island litigating subdivisions listed in Appendix A—have elected to participate. The undersigned Parties agree that references to the "Teva Allergan Settlement" in the Subdivision Teva Allergan Settlement Participation Form in Appendix B include the Teva Rhode Island Settlement Agreement and the Allergan Rhode Island Settlement Agreement. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs and Defendants, Teva and Allergan, agree that all claims of Plaintiffs in the actions identified in Appendix A against Teva and Allergan Defendants are dismissed with prejudice, with each party to bear its own costs.[1]

Date: May 31, 2022

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Peter J. Mougey*
Peter J. Mougey
Jeffrey R. Gaddy

---

[1] "Teva Allergan Defendants" include any and all subsidiaries of these entities that may be individually named in any of Plaintiffs' complaints.

2

LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN, BARR, &
MOUGEY, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
850.435.7068 (office)
850.436.6068 (fax)
pmougey@levinlaw.com
jgaddy@levinlaw.com


*/s/ Vincent Greene*
Fidelma Fitzpatrick
Robert J. McConnell
Vincent Greene
Kate E. Menard
MOTLEY RICE
55 Cedar St., Ste. 100
Providence, RI 02903
(401) 457-7700
(401) 457-7708 (Fax)
ffitzpatrick@motleyrice.com
bmcconnell@motleyrice.com
vgreene@motleyrice.com
kmenard@motleyrice.com


Linda Singer (Admitted Pro Hac Vice)
David I. Ackerman (Admitted Pro Hac Vice)
David A. Benner (Admitted Pro Hac Vice)
Sara Aguiñiga (Admitted Pro Hac Vice)
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: 202-232-5504
Fax: 202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com
dbenner@motleyrice.com
saguiniga@motleyrice.com

Donald Migliori
Kristen Hermiz
Natalie Deyneka (Admitted Pro Hac Vice)
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
dmigliori@motleyrice.com
khermiz@motleyrice.com
ndeyneka@motleyrice.com

**FOR TEVA PHARMACEUTICALS USA**

*/s/ Gardner H. Palmerm, Jr.*
Gardner H. Palmer, Jr.
DIORIO LAW OFFICE
144 Westminster Street, Suite 302
Providence, RI 02903
Phone: (401) 632-0911
Fax: (401) 632-0751
ghpalmer@dioriolaw.com

Wendy West Feinstein (Admitted Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 12519-6401
Phone: (412) 560-7455
Fax: (412) 560-7001
Wendy.feinstein@morganlewis.com

Tinos Diamantatos (Admitted Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
Phone: (312) 324-1000
Fax: (312) 324-1001
Tinos.diamantatos@morganlewis.com

Adam D. Teitcher (Admitted Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Phone: (714) 830-0600

Fax: (714) 830-0700
Adam.teitcher@morganlewis.com

Christopher M. Wasil (Admitted Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Phone: (203) 240-2700
Fax: (860) 240- 1001
Christopher.wasil@morganlewis.com

Gurinder S. Grewal (Admitted Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: (415) 442-1000
Fax: (415) 442-1001
Gurinder.grewal@morganlewis.com

Brian Ercole (Admitted Pro Hac Vice)
Melissa M. Coates (Admitted Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33130-3075
Phone: (305) 415-3000
Fax: (305) 415-3001
Brian.ercole@morganlewis.com
Melissa.coates@morganlewis.com



**FOR ALLERGAN**

Office of the General Counsel
One North Waukegan Road
North Chicago, IL 60064

*/s/ James F. Hurst*
James F. Hurst, P.C.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
James.hurst@kirkland.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2022 the above and foregoing pleading was electronically filed with the Clerk of Court of the United States District Court for the Northern District of Ohio by using the CM/ECF System. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Peter J. Mougey*
Peter J. Mougey

# APPENDIX A

## Rhode Island Subdivisions

**Agreed List of All Rhode Island State Subdivisions**

**Litigating Subdivisions**

1. Barrington (RI), Town of
2. Bristol (RI), Town of
3. Burrillville (RI), Town of
4. Central Falls (RI), City of
5. Charlestown (RI), Town of
6. Coventry (RI), Town of
7. Cranston (RI), City of
8. Cumberland (RI) Town of
9. East Greenwich (RI), Town of
10. East Providence (RI), City of
11. Foster (RI), Town of
12. Glocester (RI), Town of
13. Hopkinton, (RI) Town of
14. Jamestown (RI), Town of
15. Johnston (RI), Town of
16. Middletown (RI), Town of
17. Narragansett (RI), Town of
18. Newport (RI), City of
19. North Kingstown (RI), Town of
20. North Providence (RI), Town of
21. Pawtucket (RI), City of
22. Portsmouth (RI), Town of
23. Providence (RI), City of
24. Richmond (RI), Town of
25. Scituate (RI), Town of
26. Smithfield (RI), Town of
27. South Kingstown (RI), Town of
28. Warren (RI), Town of
29. Warwick (RI), City of
30. West Greenwich (RI), Town of
31. West Warwick (RI), Town of
32. Westerly (RI), Town of
33. Woonsocket (RI), City of

**Non-Litigating Subdivisions**

    34. Exeter (RI), Town of
    35. Lincoln (RI), Town of
    36. Little Compton (RI), Town of
    37. New Shoreham (RI), Town of
    38. North Smithfield (RI), Town of
    39. Tiverton (RI), Town of

# APPENDIX B

**Subdivision Teva Allergan Settlement Participation Form**

**Subdivision Teva and Allergan Settlements Participation Form**

| Governmental Entity: | State: |
|---|---|
| Authorized Official: | |
| Address 1: | |
| Address 2: | |
| City, State, Zip: | |
| Phone: | |
| Email: | |

The governmental entity identified above ("*Governmental Entity*"), in order to obtain and in consideration for the benefits provided to the Governmental Entity pursuant to the Settlement Agreements with Teva and Allergan ("*Teva and Allergan Settlements*"), and acting through the undersigned authorized official, hereby elects to participate in the Teva and Allergan Settlements, release all Released Claims against all Released Entities, and agrees as follows.

1. The Governmental Entity is aware of and has reviewed the Teva and Allergan Settlements, understands that all terms in this Participation Form have the meanings defined therein, and agrees that by signing this Participation Form, the Governmental Entity elects to participate in the Teva and Allergan Settlements and become a Participating Subdivision as provided therein.

2. The Governmental Entity shall, within 14 days of the execution of this Participation Form, secure the dismissal with prejudice of any Released Claims that it has filed.

3. The Governmental Entity agrees to the terms of the Teva and Allergan Settlements pertaining to Subdivisions as defined therein.

4. By agreeing to the terms of the Teva and Allergan Settlements and becoming a Releasor, the Governmental Entity is entitled to the benefits provided therein, including, if applicable, monetary payments beginning after the effective date.

5. The Governmental Entity agrees to use any monies it receives through the Teva and Allergan Settlements solely for the purposes provided therein.

6. The Governmental Entity submits to the jurisdiction of the Providence County Superior Court in the State of Rhode Island for resolving disputes to the extent provided in the Teva and Allergan Settlements.

7. The Governmental Entity has the right to enforce the Teva and Allergan Settlements as provided therein.

8. The Governmental Entity, as a Participating Subdivision, hereby becomes a Releasor for all purposes in the Teva and Allergan Settlements, and along with all departments, agencies, divisions, boards, commissions, districts, instrumentalities of any kind and attorneys, and any person in their official capacity elected or appointed to serve any of

the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, and any other entity identified in the definition of Releasor, provides for a release to the fullest extent of its authority.  As a Releasor, the Governmental Entity hereby absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim, or to cause, assist or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever.  The releases provided for in the Teva and Allergan Settlements are intended by the Parties to be broad and shall be interpreted so as to give the Released Entities the broadest possible bar against any liability relating in any way to Released Claims and extend to the full extent of the power of the Governmental Entity to release claims.  The Teva and Allergan Settlements shall be a complete bar to any Released Claim.

9. The Governmental Entity hereby takes on all rights and obligations of a Participating Subdivision as set forth in the Teva and Allergan Settlements.

10. In connection with the releases provided for in the Teva and Allergan Settlements, each Governmental Entity expressly waives, releases, and forever discharges any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads:

    **General Release; extent.**  A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.

    A Releasor may hereafter discover facts other than or different from those which it knows, believes, or assumes to be true with respect to the Released Claims, but each Governmental Entity hereby expressly waives and fully, finally, and forever settles, releases and discharges, upon the Effective Date, any and all Released Claims that may exist as of such date but which Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or through no fault whatsoever, and which, if known, would materially affect the Governmental Entities' decision to participate in the Teva and Allergan Settlements.

11. Nothing herein is intended to modify in any way the terms of the Teva and Allergan Settlements, to which Governmental Entity hereby agrees.  To the extent this Participation Form is interpreted differently from the Teva and Allergan Settlements in any respect, the Teva and Allergan Settlement controls.

12. This Participation Form is conditioned on the Governmental Entity identified above entering into the *First Amendment To the Rhode Island Memorandum of Understanding Between the State and Cities and Towns Receiving Opioid Settlement Funds* which governs the allocation of the opioid settlement funds made under the Teva and Allergan

Settlements ("*Teva and Allergan Allocation Agreement*").  The *First Amendment To Rhode Island Memorandum of Understanding Between the State and Cities and Towns Receiving Opioid Settlement Funds* is specific to and only pertains to the Teva and Allergan Settlement. The effective date of this Participation Form shall be the date on which the State and the Governmental Entity identified above enter into a Teva and Allergan Allocation Agreement.  In the event that the State does not enter into a Teva and Allergan Allocation Agreement with the Governmental Entity identified above, this Participation Form shall be null and void and shall confer no rights or obligations on the State of Rhode Island, the Released Entities, or the Governmental Entity.

I have all necessary power and authorization to execute this Participation Form on behalf of the Governmental Entity.

|  |  |
|---|---|
| Signature: | _____ |
| Name: | _____ |
| Title: | _____ |
| Date: | _____ |