IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All cases identified in Exhibit A to Settling Distributors' Motion* | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

# SETTLING DISTRIBUTORS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS FILED BY THE ROCHESTER CITY SCHOOL DISTRICT AS A NONPARTICIPATING SUBDIVISION

## INTRODUCTION

In a response filed two days *after* the Settling Distributors filed a Reply in support of their motion to dismiss, the Rochester City School District (RCSD) rehashes the same arguments made by the other Nonparticipating Entities. Though not a party to the proceedings, the RCSD's motion focuses on the pending constitutional challenge to the amended New York Mental Hygiene Law § 25.18(d) in the U.S. District Court for the Eastern District of New York. The RCSD also asks this Court for *more time* to file a substantive response to the arguments the Settling Distributors made in their original Motion—without providing any explanation for why it failed to do so in the first instance or explanation for why it should be given more time to do so now. Resp. at 5 (ECF No. 4490). The request should be denied. The RCSD had more than ample opportunity to respond to the Settling Distributors' motion, particularly as it had the benefit of seeing all prior briefing on the motion, including the Settling Distributors' reply, when filing its response. There is no need to further delay resolution of this motion.

## ARGUMENT

**I.  The RCSD's Claims Are Barred by N.Y. Mental Hygiene Law § 25.18(d).**

Much like the other Nonparticipating Entities, the RCSD does not dispute that its claims are barred by the terms of the amendments to § 25.18(d) of the Mental Hygiene Law. As explained in the Settling Distributors' Motion and Reply, the same statutory elements are met with respect to RCSD and its claims before this Court. *See* ECF Nos. 4398 & 4474. In particular, there is no dispute that: (1) the RCSD is a "governmental subdivision;" (2) its claims are "released claims" as that term is defined in the statute; and (3) its claims were filed after the statutory deadline. *See generally* Mot. at 3-6; Ex. A. And, much like the Nonparticipating Entities' response, the RCSD's response essentially concedes that N.Y. Mental Hygiene Law § 25.18(d) "purports to release the claims against the Settling Distributors of … public school

1

districts ….." Resp. at 3. Given these facts, there is no dispute that the RCSD's claims are barred by the terms of the statute for the same reasons outlined in the Settling Distributors' Motion and Reply; and, accordingly, they should be dismissed.

## II. The Court Should Not Delay Dismissal of the Nonparticipating Entities' Claims.

Though not a party to those proceedings, the RCSD urges this Court to stay matters in this Court pending a decision by the EDNY on the New York Attorney General's motion to dismiss. The RCSD's argument is premised on the same constitutional challenge to § 25.18(d) advanced by the parties to the EDNY proceeding. *See* Resp. at 4-5.

The RCSD's request should be rejected for the same two reasons outlined in the Settling Distributors' Reply. First, waiting on the EDNY challenge threatens to delay unnecessarily these proceedings and to impede implementation of the global settlement in New York—and that delay could be significant, as the judge in the EDNY proceedings has indicated that she might not rule on the motion to dismiss before the end of this year. Second, the arguments the plaintiffs in the EDNY intend to advance—and which the RCSD appears to adopt here—are frivolous and will not succeed. *See generally* ECF No. 4480 (Position Statement of the New York Attorney General in Support of Settling Distributors' Motion to Dismiss). To allow such a makeweight claim to prolong litigation in this Court and jeopardize New York's opioid abatement recoveries would run counter to everything this Court and the parties to the global settlement have worked so hard to achieve.

## III. The RCSD Should Not Get Another Bite At The Apple

As a final matter, the RCSD's request to file yet another brief that responds to the arguments in the Settling Distributors' Motion should be rejected out of hand. Despite having had 30 days to respond to the Motion, the RCSD offers no basis—legal or factual—for why it

2

did not simply include its arguments on the merits in its original Response. There is no need for additional briefing.

## CONCLUSION

For the foregoing reasons, Settling Distributors respectfully request that this Court dismiss all claims against Settling Distributors brought by the Rochester City School District as statutorily barred by New York Mental Hygiene Law § 25.18(d).

Dated: June 3, 2022

Respectfully submitted,

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Mark H. Lynch
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 3, 2022, Settling Distributors' Reply In Support Of Motion To Dismiss Claims Filed By The Rochester City School District As A Nonparticipating Subdivision was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas