**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) | **MDL 2804** |
| ) | |
| THIS DOCUMENT RELATES TO: ) | **Case No. 1:17-md-2804** |
| ) | |
| *ALL CASES, and specifically* ) | **Judge Dan Aaron Polster** |
| ) | |
| *The City of Lorain v. Purdue* ) | **ORDER** |
| *Pharma L.P., et al.,* ) | |
| Case No. 1:17-op-45000 ) | |

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

THIS DOCUMENT RELATES TO:

*ALL CASES, and specifically*

*The City of Lorain v. Purdue*
*Pharma L.P., et al.,*
Case No. 1:17-op-45000

*The City of Parma, v. Purdue*
*Pharma L.P., et al.,*
Case No. 1:17-op-45001

*Richland County Children's Services v.*
*Purdue Pharma L.P., et al.,*
Case No. 1:17-op-45003

*Town of Chapmanville v. West Virginia*
*Board of Pharmacy, et al.,*
Case No.1:17-op-45055

*The City of Williamson v. West Virginia*
*Board of Pharmacy, et al.,*
Case No.1:17-op-45057

*Town of Kermit v. West Virginia*
*Board of Pharmacy, et al.,*
Case No.1:17-op-45058

*Town of Gilbert v. West Virginia Board*
*Of Pharmacy, et al.,*
Case No.1:17-op-45059

*The County Commission of Lincoln*
*County v. West Virginia Board*
*Of Pharmacy, et al.,*
Case No.1:17-op-45060

**MDL 2804**

**Case No. 1:17-md-2804**

**Judge Dan Aaron Polster**

**<u>ORDER</u>**

| | |
|---|---|
| *The County Commission of Mercer County* | ) |
| *v. West Virginia Board of Pharmacy, et al.,* | ) |
| Case No.1:17-op-45064 | ) |
| | ) |
| *City of Welch v. West Virginia Board* | ) |
| *Of Pharmacy, et al.,* | ) |
| Case No.1:17-op-45065 | ) |
| | ) |
| *The County of Mora v. Purdue* | ) |
| *Pharma L.P., et al.,* | ) |
| Case No.1:17-op-45080 | ) |
| | ) |
| *Scott County, Indiana v. Purdue* | ) |
| *Pharma L.P., et al.,* | ) |
| Case No.1:17-op-45094 | ) |
| | ) |
| *The County of Pike v. Teva* | ) |
| *Pharmaceuticals USA, INC., et al.* | ) |
| Case No. 1:18-op-45368 | ) |
| | ) |
| *The County of Floyd v. Purdue* | ) |
| *Pharma L.P., et al.,* | ) |
| Case No. 1:18-op-45369 | ) |
| | ) |
| *The County of Knott v. Teva* | ) |
| *Pharmaceuticals USA, INC., et al.,* | ) |
| Case No.1:18-op-45370 | ) |
| | ) |
| *County of Fulton v. Purdue* | ) |
| *Pharma L.P., et al.,* | ) |
| Case No.1:18-op-45374 | ) |
| | ) |
| *County of Osceola v. Purdue* | ) |
| *Pharma L.P., et al.,* | ) |
| Case No.1:18-op-45669 | ) |

This Court earlier identified a tranche of 20 cases with pending remand motions and directed the parties to fully brief those motions. *See Order* at 3 (docket no. 4389). In three of the selected cases, Defendants failed to file supplemental briefs – which resulted in those cases being

remanded.[1] The instant Order now resolves the remaining 17 remand motions still pending: they are all **DENIED**.

In doing so, the Court sets out several rulings that will apply generally to similar remand motions pending in other cases.  For example, in Section I below, the Court rules that motions for remand are denied in all of the cases where the Plaintiff added a federal RICO claim after removal. This same ruling will apply equally to any other MDL case with a pending remand motion where the Plaintiff added a federal RICO claim after removal.

Accordingly, the Court now **ORDERS** that, in any other MDL case with a pending remand motion (of which there are about 160), the parties shall apply the rulings in this Order and file a notice within 45 days stating that, based on this Order and any other relevant information[2]: (1) they agree the case *should be* remanded; (2) they agree the case *should not be* remanded; or (3) they cannot agree on whether the case should be remanded, and/or the rulings in this Order do not resolve the pending motion to remand.[3]  The Court will then choose from the third category the next tranche of cases for briefing.

---

[1] The three remanded cases are: *Count of San Jaoquin v. Purdue Pharma L.P., et al,* Case No. 1:17-op-45017; *St Clair County, Illinois v. Purdue Pharma L.P., et al.,* Case No. 1:17-op-45048; *The City of Seattle v. Purdue Pharma L.P., et al,* Case No. 1:18-op-45089.

[2] For example, in addition to assessing whether the Court's rulings below also resolve issues raised in other MDL cases with pending remand motions, Defendants should also re-examine whether they "***now*** have a good faith basis to believe the Court has subject-matter jurisdiction to hear the case." Order at 1 (docket no. 4303) (emphasis in original).

[3] The notice should be filed on the main docket.  The parties should file a single notice listing all of the relevant cases and their conclusion regarding each.  The Court will email to Plaintiffs' Liaison Counsel a list of all those MDL cases that PACER shows have a pending remand motion.

**I.      This Court has Federal Question Jurisdiction over Cases which include Claims under 18 U.S.C. § 1961.**

In ten of the cases selected for the first tranche of remand briefing, after Defendants removed the case, Plaintiffs amended their complaints to include federal RICO claims.[4] It is well-settled that the addition of a federal law claim after removal cures "any potential jurisdictional deficiency that may have existed in the removal." *Vector Research, Inc. v. Howard Att'ys P.C.,* 76 F.3d 692, 697 n.3 (6th Cir. 1996). Moreover, Plaintiffs' failure to reply to Defendants' supplemental remand briefing is a tacit acknowledgement that Defendants' arguments regarding federal question jurisdiction have merit.

It is also axiomatic that this Court has supplemental jurisdiction over state law claims that arise from the same nucleus of operative fact as the federal claim. *Aschinger v. Columbus Showcase Co.,* 934 F.2d 1402, 1412 (6th Cir. 1991). As this Court has previously stated, "the essence of the claims in these many cases is that the defendants manufactured, marketed, distributed, and sold excessive amounts of opioid drugs." *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2018 WL 7365088, at *2. (N.D. Ohio Dec. 17, 2018) (Doc. #: 1201). The state claims and the federal claims both arise out of this common factual nucleus. Accordingly, this Court has supplemental jurisdiction over the state law claims in Plaintiffs' Complaints in these cases, and Plaintiffs' motions to remand in these 10 cases are all denied.

---

[4] Those ten cases are: *The City of Lorain v. Purdue Pharma L.P., et al.,* Case No. 1:17-op-45000; *The City of Parma, v. Purdue Pharma L.P., et al.,* Case No. 1:17-op-45001*; Richland County Children's Services v. Purdue Pharma L.P., et al.,* Case No. 1:17-op-45003; *The County of Mora v. Purdue Pharma L.P., et al.,* Case No.1:17-op-45080*;* Scott County, Indiana v. Purdue *Pharma L.P., et al.,* Case No.1:17-op-45094*; The County of Pike v. Teva Pharmaceuticals USA, INC., et al.,* Case No. 1:18-op-45368*; The County of Floyd v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45369*; The County of Knott v. Teva Pharmaceuticals USA, INC., et al.,* Case No.1:18-op-45370*; County of Fulton v. Purdue Pharma L.P., et al.,* Case No.1:18-op-45374*; County of Osceola v. Purdue Pharma L.P., et al.,* Case No.1:18-op-45669.

## II.     Plaintiffs' Claims against the West Virginia Board of Pharmacy are Barred by the Public Duty Doctrine.

Seven of the cases selected for the first tranche of remand briefing are brought by West Virginia Subdivision Plaintiffs. [5]  All of these Plaintiffs named as a Defendant the West Virginia Board of Pharmacy ("BOP").  The BOP is a state agency responsible for regulating the practice of pharmacy in West Virginia.

Plaintiffs' Complaints rely on a West Virginia Code Section that requires the BOP "to determine whether a registrant has provided effective controls against diversion" and to "evaluate the overall security system and needs of the applicant or registrant." West Virginia Code §15-2-4.21. Plaintiffs allege the BOP knowingly violated this code section by failing to investigate whether Distributor Defendants had effective controls against diversion and by not properly responding to the suspicious order reports the BOP received.[6] Plaintiffs further allege the BOP's failure to enforce these regulations allowed opioid related harms to proliferate in their communities at great cost to Plaintiffs.

Despite these assertions, Plaintiff's Complaints lack an essential element required to state a claim against the BOP – a special relationship between the BOP and Plaintiffs. To state a claim against the State or one of its agencies, West Virginia law requires a plaintiff to "demonstrate that

---

[5] All of the West Virginia Subdivision Plaintiffs filed a joint Supplemental Reply Brief in support of their pending motions to remand. Sections II, III, and IV address these West Virginia cases; they are: *Town of Chapmanville v. West Virginia Board of Pharmacy, et al.,* Case No.1:17-op-45055*; The City of Williamson v. West Virginia Board of Pharmacy, et al.,* Case No.1:17-op-45057*; Town of Kermit v. West Virginia Board of Pharmacy, et al.,* Case No.1:17-op-45058*; Town of Gilbert v. West Virginia Board Of Pharmacy, et al.,* Case No.1:17-op-45059*; The County Commission of Lincoln County v. West Virginia Board Of Pharmacy, et al.,* Case No.1:17-op-45060*; The County Commission of Mercer County v. West Virginia Board of Pharmacy, et al.,* Case No.1:17-op-45064*; City of Welch v. West Virginia Board Of Pharmacy, et al.,* Case No.1:17-op-45065.

[6] Representative allegations regarding the West Virginia BOP may be found in the Amended Complaint at ¶¶215-225, *The County Commission of Lincoln County v. West Virginia Board Of Pharmacy, et al.,* Case No. 17-OP-45060, docket no. 45 (filed March 15, 2019).

5

some sort of special relationship existed" between the plaintiff and the defendant. *Jeffrey v. W.VA Dep't of Pub. Safety*, 198 W. Va. 609, 614 (1996).  Furthermore, a "governmental entity is not liable because of its failure to enforce regulatory or penal statutes." *Parkulo v. W. Va. Bd. Of Prob. & Parole,* 199 W. Va. 161, 178 (1996). A duty to enforce a regulation is exactly the type of duty that is "owed to the general public" under the public duty doctrine. *Pyles v. Mason Cty. Fair, Inc.,* 239 W. Va. 882, 887 n.9 (2017). In this instance, the BOP's duty to regulate the practice of pharmacy is a general duty owed to every person in the State of West Virginia.  Assuming the BOP owes the same duty to local political subdivisions, it is again a general duty owed to every single subdivision and not specifically or specially to the Plaintiffs.

Plaintiffs did not allege any facts in their complaints tending to show that a special relationship existed between themselves and the BOP.[7] Instead, they allege the BOP failed to enforce regulations intended to protect the "safety and well-being of the public at large." *Holsten v. Massey,* 200 W. Va. 775, 780 (1997). Therefore, Plaintiffs have not stated a colorable claim against the West Virginia BOP; the Court concludes the BOP is fraudulently joined for purposes of determining diversity jurisdiction.[8]

Accordingly, the Court rejects Plaintiffs' arguments that they are entitled to remand because the presence of the BOP as a Defendant destroys complete diversity.

---

[7] Instead of alleging a special relationship existed between themselves and the BOP, Plaintiffs argue their status as political subdivisions preclude the application of the public duty doctrine to their claims. Memorandum in Support at 6, 17-op-45060-DAP, docket no. 15 (filed July 24, 2017). Plaintiffs' argument would require this Court to create a new exception to the public duty doctrine in West Virginia for political subdivisions. The Court declines to do so.

[8] To the extent that a West Virginia state trial court held the public duty doctrine did not bar the same or similar claims against the BOP in *Brooke Cty. Comm'n v. Purdue Pharma, L.P.,* No. 17-C-248 (Marshall Cty. Cir. Ct. Dec. 28, 2018), this Court finds that decision unpersuasive. Instead, the Court relies on the clearly articulated precedent promulgated by the Supreme Court of Appeals of West Virginia, cited in the body of this order. Plaintiffs also cited *A.D.A., As Next Friend of L.R.A., v. Johnson & Johnson*, No. 5:22-CV-15, 2022 WL 636423 (N.D.W.Va. Feb 15, 2022), where the district court held that claims against the BOP were not fraudulently *misjoined* and remanded the case for lack of diversity. The court's discussion in *L.R.A.* was limited to fraudulent misjoinder and never reached the issues of fraudulent joinder or viability of a claim under the public duty doctrine.

6

**III.  The Non-Diverse Health Care Providers included in the West Virginia cases are Fraudulently Joined Due to Plaintiffs' Failure to Comply with the West Virginia Medical Professional Liability Act.**

Four of the West Virginia Subdivision Plaintiffs also named non-diverse "health care providers" as Defendants.[9] Under the West Virginia Medical Professional Liability Act ("MPLA"), plaintiffs must serve notice of a claim on each health care provider 30 days prior to filing suit. *See* West Virginia Code §55-7B-6(b). The West Virginia Supreme Court has repeatedly held that the "pre-suit notice requirements contained in the West Virginia MPLA are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." *Hope Clinic, PLLC v. McGraw,* 245 W. Va. 171, 179 (2021) (citing *PrimeCare Med. of W.Va., Inc. v. Faircloth, 242 W. Va 335, Syl. Pt. 2* (2019)). Post-suit notice of the claim is not sufficient to cure this jurisdictional deficiency. *Id.* Plaintiffs do not aver (in either their complaints or subsequent remand briefing) that they provided pre-suit notice, even after Defendants pointed out the requirement. Therefore, Plaintiffs have failed to state a colorable claim against the West Virginia health care providers and their citizenship must be disregarded for purposes of determining federal jurisdiction.

Accordingly, the Court rejects Plaintiffs' arguments that they are entitled to remand because the presence of the health care providers as Defendants destroys complete diversity.

---

[9] The non-diverse health care provider defendants are: Harold Anthony Cofer Jr.,M.D., Cameron Justice, Chip RX, LLC, and George Chapman, III. These defendants are (respectively) physicians, a pharmacy, and a pharmacist, all of which are included under the definition of "health care provider" under the MPLA. *See* West Virginia Code §55-7B-2(g).

## IV. The Court Denies Joinder of the West Virginia Purdue Salespersons under 28 U.S.C. § 1447(e).

In their amended complaints, all seven of the West Virginia Subdivision Plaintiffs also added five new Defendants who are Purdue salespersons and residents of West Virginia. If this amendment is valid, these additional non-diverse Defendants would destroy this Court's subject-matter jurisdiction by negating complete diversity. In their briefs, Plaintiffs do not offer an explanation for why they added the five non-diverse salespersons as Defendants. Rather, they simply assert they were entitled to add these Defendants pursuant to this Court's Order granting MDL Plaintiffs leave to amend their complaint to conform with ARCOS data. (docket no. 1282).

Even though Plaintiffs were generally entitled to amend their complaints, this Court still enjoys discretion to deny the joinder of non-diverse defendants after removal. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Of particular importance here, courts may "refuse post-removal joinder of a nondiverse party even if it resulted from the filing of an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)." *Glover v. Kia Motors Am., Inc.,* 2018 WL 1976033, at *3 (W.D. Tenn. Apr. 25, 2018). The *Glover* decision explains that a plaintiff's general right to amend does not limit a court's discretion to deny joinder of a non-diverse party after removal.

The Sixth Circuit has enumerated four factors courts may use when exercising their discretion under §1447(e): "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and

(4) any other equitable factors." *Telecom Decision Makers, Inc., v. Access Integrated Networks, Inc.,* 654 F. App'x 218, 221 (6th Cir. 2016).

The first factor carries the most weight in the Court's analysis. Plaintiffs' failure to add any new claims related to these additional Defendants demonstrates an intent to destroy federal jurisdiction. *See Telecom Decision Makers,* 654 F. App'x at 221 (plaintiff's "failure to include any additional claims in its amended complaint" indicated intent to destroy federal jurisdiction). Additionally, Plaintiffs amended their complaint to add these non-diverse salespersons as parties after the Northern District of West Virginia remanded a similar case to state court based on the citizenship of sales representatives of the manufacturers. *See* Order Granting Plaintiff's Emergency Motions to Remand, *Brooke Cty. Comm'n v. Purdue Pharma, L.P.,* 5:18-cv-00009 (N.D. W.Va. February 23, 2018).[10] The timing and substance of the remand order in *Brooke County* in relation to the filing of Plaintiff's Amended Complaints support the inference that Plaintiffs intended to defeat federal jurisdiction by mirroring the complaint in *Brooke County.* This inference becomes even more compelling in the absence of any plausible explanation from Plaintiffs why these Defendants were not included in their original complaint.

The second factor is not meaningful in this instance, given the Court's extension for filing amended complaints.  Regarding the third factor, the lack of any specific allegations related to these five new Defendants makes it unlikely Plaintiffs will suffer prejudice if joinder is denied, especially since Purdue remains a Defendant. Finally, equity favors denying Plaintiffs' joinder

---

[10] That case, *Brooke Cty. Comm'n v. Purdue Pharma, L.P.,* 5:18-cv-00009 (N.D. W.Va. Jan. 18, 2018), was remanded on February 23, 2018. Plaintiffs filed their Amendment Complaints in this case on March 15, 2019.

request. Allowing Plaintiffs to destroy federal jurisdiction with a threadbare amendment, almost two years after the cases had been removed to federal court, would not serve the interests of justice.

Accordingly, the Court denies Plaintiff's joinder of the non-diverse Purdue salespersons. The Court rejects Plaintiffs' arguments that they are entitled to remand because the presence of the Purdue salespersons as Defendants destroys complete diversity.

## CONCLUSION

The remand motions pending in the individual cases listed in the caption of this Order are hereby denied.  To summarize the reasons for denial in bullet-point fashion:

- A Plaintiff's addition of a federal RICO claim after removal provides federal subject-matter jurisdiction;

- A West Virginia Plaintiff's claim against the State Board of Pharmacy ("BOP") is not cognizable under West Virginia law, so naming the BOP does not destroy diversity jurisdiction;

- A West Virginia Plaintiff's claim against a health care provider is not cognizable under West Virginia law if the Plaintiff did not timely serve notice of the claim on that health care provider, so naming a West Virginia health care provider without timely notice does not destroy diversity jurisdiction; and

- The Court declines to allow post-removal joinder of a nondiverse individual party, so a Plaintiff's attempt to amend its complaint to name (for example) an employee of an existing Defendant is rejected and does not destroy diversity jurisdiction.

As stated in the beginning of this Order, the Court directs the parties to meet and confer and: (1) attempt to agree on how straightforward application of these four rulings affect all

other MDL cases where remand motions are pending; and (2) notify the Court of their conclusions.  The Court will continue to issue representative rulings.[11]

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster  June 8, 2022*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[11] *See* docket no. 4309 at 5 (order from Sixth Circuit Court of Appeals suggesting this Court should address remand motions by "decide[ing] representative issues and appl[ying] that disposition to other parties in lieu of permitting all parties to file repetitive motions").