IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This Documents Relates to All Entities on Exhibit A | MDL NO. 2804<br><br>Hon. Dan Aaron Polster |

### OBJECTION TO FEE PANEL ORDERS NO. 6 AND 7

COMES now counsel for New York political subdivisions referenced on attached Exhibit "A," and object to the Fee Panel Order's No. 6 and 7 and shows as follows:

All political subdivisions on Exhibit "A" are participating, litigating subdivisions as defined in the New York Settlement Agreement.

All fee applications for counsel representing these New York subdivisions were timely filed for both the Distributors and the Janssen Contingent Fee Fund.

The Fee Panel has ruled that Tate Law Group did not timely file or submit applications for participation in the Fee Fund.  This ruling is in error as counsel for the New York subdivisions in this instance, in fact, timely filed all necessary fee applications for participation in the contingent fee fund.  Therefore, the Fee Panel Orders No. 6 and 7 are in error by concluding that Tate Law Group, LLC is ineligible to participate in the Contingent Fee Fund for failure to timely submit applications.  For the purposes of Tate Law Group, LLC's written statement with additional information for the Fee Panel to consider on eligibility to participate in the Distributors or Janssen Contingent Fee Fund, counsel will provide that information as directed.  Counsel for the New York subdivisions are, in fact, among those timely filed litigating and participating subdivisions, and the

1

work performed on those litigating and participating subdivisions should be compensated from the Contingent Fee Fund. In fact, should this fee fund be inaccessible to counsel, then counsel's contingent fee contract will determine each subdivision's net recovery. That net recovery will be reduced by the contract it entered into voluntarily with Tate Law Group, LLC. That will ultimately reduce the subdivision's net recovery which result is antithetical to the Court's general procedure and policy toward subdivision recovery and is antithetical to the creation and existence of any contingent fee fund.

WHEREFORE, counsel for the New York subdivisions in this instance request this Fee Panel reconsider the availability of the Contingent Fee Fund for all settling entities with regard to Tate Law Group, LLC after due consideration of its written statement with additional information defining Tate Law Group, LLC's eligibility for that Fund.

Respectfully submitted this 13th day of June, 2022.

  /s/ Mark A. Tate
Mark A. Tate
Georgia State Bar No. 698820
tlgservice@tatelawgroup.com
(912) 234-3030
25 Bull Street. Second Floor
Savannah, Georgia 31401

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served to all counsel of record Objection to Fee Panel Orders No. 6 and 7 via the CM/ECF system.

Dated: June 13, 2022.

                                                 /s/ Mark A. Tate
                                                Mark A. Tate
                                                Georgia State Bar No. 698820
                                                tlgservice@tatelawgroup.com
                                                (912) 234-3030
                                                25 Bull Street, Second Floor
                                                Savannah, Georgia 31401