PATRICK MORRISEY
ATTORNEY GENERAL

PHYSICAL ADDRESS:
1900 Kanawha Blvd., East
State Capitol Complex
Building 6, Suite 401
Charleston, WV 25305

MAILING ADDRESS:
P.O. Box 1789
Charleston, WV 25326-1789

E-Mail: consumer@wvago.gov
http://www.wvago.gov



**STATE OF WEST VIRGINIA**
**OFFICE OF THE ATTORNEY GENERAL**

Consumer Protection
and Antitrust Division
(304) 558-8986

Consumer Hotline
1-800-368-8808

Preneed Funeral Services
(304) 558-8986

Senior Protection Hotline
(304) 558-1155

Fax: (304) 558-0184

June 9, 2022

<u>By Electronic Mail</u>
Hon. Dan A. Polster
United States District Judge
United States District Court
Northern District of Ohio
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

    Re:    <u>In Re: National Prescription Opiate Litigation, No. 1:17-md-02804 (DAP),</u>
             Order Denying Remands (Dkt. No. 4502)

Dear Judge Polster,

    On June 8, 2022, Your Honor denied the motions for remand to state court of Plaintiffs The County Commission of Lincoln County, West Virginia, Case No. 1:17-op-45060; Town of Gilbert, West Virginia, Case No. 1:17-op-45059; Town of Kermit, West Virginia, Case No. 1:17-op-45058; and City of Welch, West Virginia, Case No. 1:17-op-45065. 6/8/22 Order (Dkt. No. 4502). After counsel for the West Virginia Attorney General ("WVAG"), Linda Singer, conferred with Special Master David Cohen on how best to proceed with this submission, I am writing this letter to advise the Court of a substantive matter of interest to the WVAG that is addressed in the Order, on which the WVAG requests that the Court provide clarification.

    The Court ruled that remand of these four cases was barred in part because the non-diverse health care provider Defendants named in the Complaints were fraudulently joined due to the Plaintiffs' failure to comply with the West Virginia Medical Professional Liability Act, W. Va. Code §§ 55-&B-1 *et seq.* ("MPLA"), specifically with the MPLA's pre-suit notice requirement. Order at 7 (citing W. Va. Code § 55-7B-6(b)). The Court ruled that the MPLA and its notice requirement applied because each joined Defendant—two physicians, a pharmacist, and a pharmacy—is included under the Act's definition of "health care provider." Order at 7 n.9 (citing W. Va. Code § 55-7B-2(g). The MPLA, however, does not apply to *all* claims against a health care provider, but rather only to a

"medical professional liability action," W. Va. Code § 55-7B-6(b), which the Act defines as follows:

> 'Medical professional liability' means any liability *for damages* resulting from the *death or injury of a person* for any tort or breach of contract based on *health care services rendered*, or which should have been rendered, by a health care provider or health care facility to a patient. It also means other claims that may be contemporaneous to or related to the alleged tort or breach of contract or otherwise provided, all in the context of rendering health care services.

W. Va. Code § 55-7B-6(i) (emphasis added).

In other words, the defendant's status as a health care provider is a necessary but not sufficient condition for the MPLA to apply. But the lack of discussion of this requirement could lead other parties to believe that a defendant's status as a health care provider alone triggers the MPLA's application without regard to the nature of the action.

This issue is of great interest to the WVAG because the State of West Virginia, through the WVAG, has actions pending before the West Virginia Mass Litigation Panel against national retail pharmacy chain defendants, *In re: Opioid Litig.*, Civil Action No. 21-C-9000 PHARM (W. Va. Cir. Ct., Kanawha Cnty.), in which the defendants seek dismissal of the State's opioid-dispensing claims based on the MPLA's application. In these actions, the parties vigorously dispute:

- whether the MPLA's coverage of "liability for damages" or "other claims that may be contemporaneous to or related to the alleged tort or breach" includes claims seeking the equitable remedy of public nuisance abatement, in light of the West Virginia Supreme Court of Appeals' recognition that the State's claim for equitable abatement (and statutory civil penalties) "does not seek damages," *State ex rel. AmerisourceBergen Drug Corp.*, 859 S.E.2d 374, 386 n.55 (2021);

- whether the MPLA's coverage of claims "based on health care services rendered" applies to a national retail pharmacy chain's failure to implement and follow policies and procedures to ensure effective controls against diversion of opioids to non-medically-authorized or legitimate uses pursuant to federal and state laws enacted to protect *public* health, *e.g.*, 21 U.S.C. § 801(1); and

- whether the MPLA's coverage of claims resulting from the "death or injury of a person" applies to claims by the State seeking forward-looking equitable relief to abate a public nuisance, in light of law establishing that "the word 'person' in a statute, in the absence of express provision contrariwise, does not include a State

agency or a public corporation[,]" *City of Martinsburg v. Berkeley City Council*, 825 S.E.2d 332, 335 n.6 (2019) (internal quotation marks and citation omitted).

In the motions before this Court, it appears that a distinct question related to the last of these issues—whether the MPLA's reference to a "person" applies to a *county or municipal* (not *State*) government—is in dispute. *See* Plaintiffs' Consolidated Reply in Support of Motions to Remand (Case 1:17-op-45060—DAP, Dkt. No. 25) at 13-15.

In light of the State of West Virginia's interest in these issues in its pending cases, the WVAG submits this letter respectfully requesting that the Court clarify that a defendant's status as a "health care provider" *alone* does not trigger the MPLA's application.

Finally, as the State of West Virginia is not a party to these cases and the WVAG has not entered an appearance, I am sending this letter to Your Honor via electronic mail with a request that the Clerk be instructed to file the letter on the electronic docket (again at Special Master Cohen's suggestion).

                Respectfully submitted,

                STATE OF WEST VIRGINIA ex rel.
                PATRICK MORRISEY,
                ATTORNEY GENERAL

                By Counsel,

                */s/ Ann L. Haight*
                ANN L. HAIGHT (WVSB No. 1527)
                *Deputy Attorney General*
                VAUGHN T. SIZEMORE (WVSB No. 8231)
                *Deputy Attorney General*
                ABBY G. CUNNINGHAM (WVSB No. 13388)
                *Assistant Attorney General*
                Consumer Protection/Antitrust Division
                Office of the West Virginia Attorney General
                1900 Kanawha Blvd., East
                State Capitol Complex Bldg. 6, Suite 401
                Charleston, WV 25305
                Telephone: 304-558-8986
                Fax: 304-558-0184

*/s/ Linda Singer*
Linda Singer
Elizabeth Smith
MOTLEY RICE LLC
401 9th Street NW, Suite 1000
Washington, DC  20004
Telephone: 202-386-9627
Fax: 202-386-9622
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

cc:     Special Master David Cohen (via Electronic Mail)