UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: *"All Cases"* | ) ) ) ) | JUDGE POLSTER  ORDER |

This Court recently issued an Order denying remand motions in 17 cases. *See* docket no. 4502 ("*Remand Order*"). The Plaintiffs in seven of those cases were West Virginia governmental subdivisions that had sued non-diverse defendants, including two doctors, a pharmacist, and a pharmacy. *See id.* at 7 n.9. In Section III of the *Remand Order*, the Court concluded that: (1) all of these non-diverse defendants were "health care providers" under the Medical Professional Liability Act (MPLA); (2) the MPLA required Plaintiffs to serve health care providers with a 30-day pre-suit notice, which Plaintiffs had not done; (3) Plaintiffs' failure to serve the notice was a jurisdictional defect; and (4) "[t]herefore, Plaintiffs have failed to state a colorable claim against the West Virginia health care providers and their citizenship must be disregarded for purposes of determining federal jurisdiction." *Id.* at 7. Without these defendants, diversity of citizenship was complete, so the motions for remand were denied.

After the Court issued its *Remand Order*, the West Virginia Attorney General sent a letter to the Court asking for clarification. *See* docket no. 4515. The Attorney General noted that the State of West Virginia is pursuing actions in West Virginia State Court against retail pharmacy chain defendants, and the parties dispute whether the MPLA 30-day notice requirement applies when: (i)

the plaintiff is the State or a governmental subdivision (as opposed to, for example, an individual); (ii) the defendant is a pharmacy (as opposed to, for example, a doctor); (iii) the plaintiff seeks equitable relief (as opposed to, for example, damages); and (iv) the claim is based on failure to control against opioid diversion (as opposed to, for example, having caused plaintiff's death). The Attorney General suggests he has argued in State Court that, if the lawsuit involves some combination of the numbered facts above, the MPLA's 30-day notice requirement does not apply. The Attorney General thus "request[s] that the Court clarify that defendant's status as a 'health care provider' *alone* does not trigger the MPLA's application." *Id.* at 3 (emphasis added).

The Court grants the Attorney General's request to the following extent. The issues addressed in Section III of the *Remand Order* were necessarily limited to only those the parties raised in their briefs. The *sole* argument raised by the seven West Virginia Plaintiffs in their remand motion, to support their assertion that the MPLA's 30-day notice requirement did not apply, was that they were not "persons." *See The County Commission of Lincoln County v. West Virginia Board Of Pharmacy*, Case No.1:17-op-45060, docket no. 15 at 8. The Court concluded the Plaintiffs were "claimants" under W. Va. Code § 55-7B-6(b), so the notice requirement applied. The Court did not address any of the other points raised by the Attorney General in his letter.

The Court thanks the Attorney General for his letter and hopes this Order provides the requested clarification.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 14, 2022