UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

MDL No. 2804
Case No. 17-md-2804
Judge Dan A. Polster

This Document Relates to: All Cases

## MASTERS PHARMACEUTICAL, LLC'S STATUS REPORT

Masters Pharmaceutical, LLC ("Masters") provides this status report in response to the Court's Order of April 21, 2022 setting a status conference with counsel regarding the ten distributor and manufacturer defendant families most frequently named in MDL cases on June 22, 2022, and instructing counsel to submit a status report in connection with that conference.

Masters reports as follows:

**Current Status.** Masters was a secondary distributor of pharmaceutical products headquartered in Mason, Ohio. The vast majority of Masters' sales was of non-controlled substances. As of December 31, 2017, Masters sold all of its assets to McKesson and ceased all of its operations.

**Initial Action Against Masters.** Masters was first named in any opioid litigation in January 2015 when it was sued by the West Virginia Attorney General in Boone County, West Virginia. The claims against Masters were settled in December 2016.

**Current Cases.** Masters reports that it is named in numerous cases across the country. Masters is currently named in 104 cases brought by various cities, counties, and governmental

1

entities located in 12 states.[1] None of these 104 cases has been assigned by this Court to a litigation track. In addition, within the 104 cases before this Court that name Masters as a defendant, overlaps exist where, in some states, both counties and some cities within such counties have filed separate actions as plaintiffs. There are currently 10 such cases where counties have sued Masters and an additional 13 cases where cities within those counties have also filed suit.

Masters' review of the available relevant ARCOS data shows that the percentage of dosage units distributed by Masters in the cities, counties, and governmental entities who have brought suit was less than 1%, and usually less than a half percent. Only in Clark County, Nevada did Masters' share of distributed dosage units exceed 1%, and that was only 1.034%.

Out of the 104 cases before this Court that name Masters as a defendant, the ARCOS data shows that 42 of those cases are brought by cities, counties, or governmental entities in which Masters had zero sales. In Michigan alone, Masters had zero sales in 24 of the 62 cities and counties that named Masters in their complaints. In West Virginia, Masters had zero sales in 4 of the 11 cities, counties, and governmental entities that brought suit. If those cases where Masters had zero sales are removed from the count, there are 62 remaining cases against Masters.[2] Further, in another 20 jurisdictions, the ARCOS data shows that for the entire period from 2006-2014, Masters had fewer than 10 sales transactions.

---

[1] Masters is named in an additional 7 cases that are pending in Nevada and Utah state courts.

[2] Masters notes that this Court has encouraged plaintiffs in the MDL to dismiss pharmacy defendants when the available ARCOS data has shown that any particular pharmacy defendant has zero market share in any city's or county's complaint in which they are named.

The breakdown of how many cases are in each state is as follows:

| Originating State | Total Number of Cases Filed Against Masters | Number of Cases with Zero Masters Transactions in Plaintiff Jurisdiction | Number of Cases with Some Masters Transactions in Plaintiff Jurisdiction |
|---|---|---|---|
| Idaho | 7 | 2 | 5 |
| Maine | 2 | 0 | 2 |
| Michigan | 62 | 24 | 38 |
| Minnesota | 7 | 4 | 3 |
| Nevada | 3 | 2 | 1 |
| New Jersey | 1 | 0 | 1 |
| New York | 1 | 0 | 1 |
| Pennsylvania | 6 | 4 | 2 |
| South Carolina | 1 | 0 | 1 |
| Virginia | 1 | 1 | 0 |
| West Virginia | 11 | 4 | 7 |
| Wisconsin | 2 | 1 | 1 |
| Total | 104 | 42 | 62 |

**Discovery Status.** Because the cases against Masters have been stayed both in this MDL and in the cases pending against Masters in the state courts, there has been no discovery propounded by or toward Masters in any such cases.

**Insurance Policies.** Masters has insurance policies with three insurance carriers. One carrier has denied coverage. Another has been providing a defense to Masters subject to a reservation of rights. The third insurance carrier maintains that there is no insurance coverage for any of the claims articulated in either the MDL or the state court lawsuits. To that end, such

3

carrier, while defending under a reservation of rights, has filed a declaratory judgment action that is currently pending before the Ohio Supreme Court. The Ohio Supreme Court heard oral argument on September 8, 2021. Other cases that were argued during that timeframe have received decisions. Therefore, Masters believes a decision on the declaratory judgment action appears imminent and asks that Masters not be included in the next grouping of cases that the court is currently considering advancing to a trial docket.

**Responses to Issues Raised by the Court.**

**Settlement.** Masters is interested in pursuing settlement negotiations moving forward. However, because one of Masters' insurance carriers is awaiting an imminent decision by the Ohio Supreme Court in its declaratory judgment action regarding insurance coverage, that carrier cannot engage in meaningful settlement discussions until the Ohio Supreme Court issues its ruling in the declaratory judgment action. Moreover, the existence of cases outside of the MDL makes a decision from the Ohio Supreme necessary with regard to that insurer.

In the meantime, Masters is also currently in the process of reaching out to counsel for plaintiffs that have named Masters as defendants in cities and counties where Masters has zero sales and fewer than 10 sales according to the available ARCOS data in an attempt to facilitate resolution of those matters.

**Mediation**. Masters would prefer to retain an outside mediator to assist in any settlement negotiations.

**Additional Bellwethers**. As noted above, because any ruling from the Ohio Supreme Court in the declaratory judgment action will affect the possibilities of settlement for Masters, Masters requests that the Court defer this defendant with respect to any bellwether trials until

4

after the Ohio Supreme Court has issued its ruling, and the parties have had an opportunity to explore settlement.

Dated: June 15, 2022                                Respectfully Submitted,

**/s/ Michael Bonasso**
Michael Bonasso (WV Bar No. 394)
William J. Aubel (WV Bar No. 13097)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street (25301)
Post Office Box 3843
Charleston, WV  25338-3843
304.345.0200
304.345.0260 (Fax)
mbonasso@flahertylegal.com
waubel@flahertylegal.com

**CERTIFICATE OF SERVICE**

The undersigned certifies on June 15, 2022, the foregoing was filed using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ Michael Bonasso