UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*All Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

# HENRY SCHEIN, INC.'S STATUS REPORT

This Status Report is intended to update the Court regarding the status of Defendant Family Henry Schein, Inc.[1] ("HSI") related to settlement negotiations and HSI's position regarding bellwether trials as requested in the Court's Order issued April 21, 2022 (Doc # 4380).

**I.    HSI**

Henry Schein, Inc. ("Henry Schein") is a publically traded company that is a national distributor of medical products, including pain medications to office-based practitioners. Unlike the other distributors in the MDL, Henry Schein focuses its business on sales to healthcare providers. Indeed, it sells everything a physician, oral surgeon, dentist, ambulatory surgery center, hospital, etc. may need in her/his/its office or facility. Although Henry Schein sells pain medication (including opioids) to its customers, it does *not* market opioids. Importantly, Henry Schein does *not* sell to the retail pharmacies where the vast majority of opioids are given to patients. Instead, a healthcare provider gives the pain medications distributed by Henry Schein to

---

[1] Pursuant to Footnote 1 the Court's Order (Doc. #4380), "Defendant Families" refers to all entities that are related. The entities related to Henry Schein, Inc. against which lawsuits have been filed are Henry Schein, Inc.; Henry Schein Medical Systems, Inc.; General Injectables & Vaccines, Inc.; and Insource, Inc. Per the Court's Order, all of these defendants will be considered part of the "Henry Schein, Inc. defendant family" and referred as HSI.

a patient in conjunction with a medical procedure. Because Henry Schein's business model focuses on providing anything and everything a healthcare provider may need, opioids are a miniscule part of Henry Schein's overall business.[2] As a consequence, according to ARCOS data, Henry Schein's national market share of opioid pills distributed from 2006-2014 was reported to be 0.0%.[3] Henry Schein Medical Systems, Inc. ("HSMS"), General Injectables & Vaccines, Inc. ("GIV"), and Insource, Inc. ("Insource") are all privately held companies that are subsidiaries of Henry Schein. HSMS is a data information and systems focused company. It does not sell nor has it ever sold pain medication.[4] GIV is a direct marketer of vaccines and other injectables to office-based practitioners.[5] Insource is a very small regional medical distributor.[6] Both Insource and GIV are located in Virginia and are named as defendants only in cases filed in Virginia.[7]

## II.    SETTLEMENT

HSI has been named in over 150 lawsuits in both state and federal courts. The lawsuits against HSI have been brought by municipalities, healthcare providers, a third-party payor, and individuals. Each of these plaintiffs and their counsel have differing interests. At this time, HSI has not been sued by any state attorneys general. HSI continues to be ready and willing to engage in settlement discussions regarding the claims against it, but there are no ongoing national settlement conversations to which HSI has been a party. It is unclear to HSI which of Plaintiffs'

---

[2] *See* Expert Report of Robert Maness (Dated May 10, 2019) Table 3 – *Henry Schein, Inc.'s Opioid Share of U.S. Net Sales 2006-2018* showing an average Opioid Share of Sales for the referenced time period to be 0.096%.
[3] Washington Post: Drilling into the DEA's pain pill database,
https://www.washingtonpost.com/graphics/2019/investigations/dea-pain-pill-database/ (Updated Jan. 17, 2020)
[4] For this reason, plaintiffs ultimately dismissed HSMS from the CT1.
[5] According to the Washington Post ARCOS data, GIV does not appear in the top-100 national distributors and only distributed 22,300 out of 2,121,607,399 (or 0.001%) pills distributed in Virginia.
[6] Insource does not appear in the top-100 national distributors and also does not appear in the Virginia state-wide distribution data.
[7] It is believed that GIV and Insource were added as defendants in an attempt to destroy diversity and prevent removal.

counsel, if any, are authorized to engage in broader settlement discussions with HSI. Insofar as any Plaintiffs' counsel would like to discuss resolution of matters pending against HSI, HSI would welcome the discussion. HSI is amenable to engaging the assistance of a mutually-agreeable mediator. For the time being, HSI intends to continue its successful, ongoing settlement discussions on a case-by-case and/or jurisdiction-by-jurisdiction basis.

**III.  BELLWETHER TRIALS**

At this time, HSI does not believe another bellwether trial is needed due to the number of active state court proceedings in which it is currently participating and due to its participation in the MDL Track One case, *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-op-45090 ("CT1"). CT1 was settled and a Stipulated Order Dismissing Henry Schein, Inc. with Prejudice (Doc. 183) was entered on October 29, 2019.

HSI is also proceeding in state court in other jurisdictions where it has been named in multiple lawsuits, including two in Alabama: *The DCH Health Care Authority, et al v. Purdue Pharama, L.P., et al*, CV-19-07, in the Circuit Court of Conecuh County, Alabama; *Mobile County Board of Health, et al. v. AmerisourceBergen Drug Corporation, et al*, 02-CV-2019-902806, in the Circuit Court of Mobile County, Alabama; one in Florida: *Florida Health Sciences Center, Inc., et al. v. Richard Sackler, et al.*, CACE19-018882, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida; one in Mississippi: *Mississippi Baptist Medical Center, Inc., et al. v. Amneal Pharmaceuticals, LLC, et al*, 25CI1:20-cv-00291-WLK, in the Circuit Court of Hinds County, Mississippi First Judicial District; seven cases included in a consolidated proceeding in Utah: *In re Coordinated Opioid Litigation*, Case No: 180500119, in the Third District Court Summit County, State of Utah; and one in West Virginia: *West Virginia University Hospitals, Inc., et al v. Purdue Pharma L.P., et al.*, Civil Action Nos. 19-C-69-C-88 & 19-C-134-19-C-139, in the Circuit Court of Marshall County, West Virginia.

Importantly, the cases filed against HSI in Arizona: *Tucson Medical Center v. Purdue Pharma L.P., et al*, C20184991, Superior Court of the State of Arizona in and for the County of Pima; *Kingman Hospital, Inc., et al., v. Purdue Pharmas, L.P., et al.*, CV-2019-00563, in the Superior Court of the State of Arizona in and for the County of Mohave; Arkansas: *Fayetteville Arkansas Hospital Company, LLC, et al. v. Teva Pharmaceuticals USA, Inc.*, 72cv-20-156, in the Circuit Court of Washington County, Arkansas; and Missouri: *Lester E. Cox Medical Centers, et al. v. Amneal Pharmaceuticals, LLC, et al.*, 2031-CC00459, in the Circuit Court of Greene County, Missouri have been dismissed.  To the extent any of those cases were dismissed without prejudice and have been refiled, HSI was not named.

Finally, of the approximately 150 cases filed against HSI, 60 cases have been filed against HSI by Virginia municipalities throughout Virginia.  While it would seem that a Virginia bellwether would be likely to inform resolution of the most significant number of cases for HSI, one of the cases against HSI is currently pending in Virginia state court. A hearing on a motion to lift the temporary stay was heard on June 13, 2022 in *City of Martinsville, Virginia v. Optum RX, Inc., et al*. CL18000240-00, in the Circuit Court for the City of Martinsville.  The *Martinsville* judge took the motion to lift the temporary stay under advisement and stated he would rule on the motion within 30 days (July 13, 2022).  If the stay is lifted in the *City of Martinsville* matter, no Virginia bellwethers would be necessary for HSI at this time.

Because of the ongoing state cases, numerous ongoing settlement discussions in various jurisdictions, HSI's participation in CT1, and the uncertainty of the *City of Martinsville* matter currently pending in state court, HSI does not believe a bellwether process is necessary for HSI at this time.  However, to the extent the Court is inclined to designate a bellwether case involving

4

HSI, HSI requests the opportunity to be heard regarding which specific case(s) may be appropriate for such designation.

Dated: June 16, 2022

                                        Respectfully Submitted,

                                        */s/ John P. McDonald*
                                        **John P. McDonald**
                                        Texas Bar No. 13549090
                                        jpmcdonald@lockelord.com
                                        **Lauren M. Fincher**
                                        Texas Bar No. 24069718
                                        lfincher@lockelord.com
                                        **Brandan J. Montminy**
                                        Texas Bar No. 24088080
                                        brandan.montminy@lockelord.com
                                        **LOCKE LORD LLP**
                                        2200 Ross Avenue, Suite 2800
                                        Dallas, Texas 75201
                                        Telephone: (214) 740-8000
                                        Facsimile: (214) 740-8800

                                        *Counsel for Henry Schein, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on June 16, 2022.

                                        */s/ John P. McDonald*
                                        John P. McDonald