UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

MDL NO. 2804

Case No. 17-md-2804

Judge Dan Aaron Polster

### ASSERTIO THERAPEUTICS, INC.'S STATUS REPORT

Assertio Therapeutics, Inc. (f/k/a Depomed, Inc.) is a small, specialty pharmaceutical company that acquired two FDA-approved opioid medications and then marketed them for a brief period of time—July 2013 through December 2017—which was at the tail end of the period that has been focus of the MDL litigation to date. Thus, it is unsurprising that Assertio is involved in relatively few opioid cases nationwide, has not been involved in any federal or state bellwether trial, and has been voluntarily dismissed from more than 25 percent of the cases in which it has been named (and 100 percent of cases that have progressed beyond the initial pleading stage).

### Federal MDL Cases

Assertio is presently named as a defendant in less than 200 cases pending in this MDL. Of those cases, nearly two-thirds are brought by guardians of children alleged to have been diagnosed with neo-natal abstinence syndrome (the "NAS Cases"). But for the 129 NAS Cases—all of which were filed by two law firms and 113 of which are near-identical complaints filed by the same law firm—Assertio would likely not have made the list of manufacturer defendant families most frequently named in MDL cases. As to the NAS cases, the NAS plaintiffs—at least some of whom assert claims on behalf of children born *before* Assertio began marketing any opioid product, *see In Re: National Prescription Opiate Litigation*, Case No. 1:17-md-02804 (N.D. Ohio), Doc. 3622

1

at 25 n.33 (Order Denying NAS Guardians' Motion for Class Certification) ("Assertio is named as a Manufacturer Defendant in the *Artz* complaint. But discovery records show neither Ms. Barnwell nor any other proposed class representative from that case ever took a prescription opioid manufactured by Assertio, which did not enter the opioids market until well after the children of those representatives were born.")—have indiscriminately sued Assertio without respect to whether Assertio is a proper defendant based on the law or the facts. *See id.*, Docs. 3522, 3523, 3534, 3567, 3570; *Artz v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-46327-DAP (N.D. Ohio), Doc. 11; *Doyle v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45459-DAP (N.D. Ohio), Doc. 43.

As to the remaining 67 MDL cases in which Assertio is involved, plaintiffs' counsel in more than 25 percent of those cases have voluntarily dismissed Assertio from similar opioid cases. As counsel in those cases have recognized, Assertio does not belong as a defendant in this MDL, much less in a bellwether trial.

## State Opioid Cases

Assertio is involved in even fewer state opioid cases, having been dismissed or otherwise dropped as a defendant from nearly 70 percent (61 of 89) of state cases in which it has been sued. Plaintiffs have dismissed Assertio from *all* state cases that have been selected as bellwether cases or moved past the motion to dismiss stage. And, as to the remaining 28 state cases, plaintiffs' counsel in all but 5 cases have dismissed Assertio from similar opioid cases when faced with the decision whether to pursue or dismiss their claims against Assertio.

## Status of Settlement Negotiations and Position on Bellwether Trials

Assertio is not currently involved in any settlement negotiations with any plaintiffs. Assertio has, however, had informal discussions with plaintiffs' counsel in numerous cases,

leading to the dismissals described above. Assertio remains willing to engage in further such informal discussions, and based on its experience to date, does not believe formal mediation is necessary for such further discussions to bear fruit.

With respect to bellwether trials, Assertio does not believe that it is either necessary or useful to include Assertio in any bellwether litigation. Assertio's role as a defendant in the MDL predominantly owes to NAS plaintiffs' counsel inappropriately including Assertio in more than 100 cookie-cutter lawsuits. Additionally, plaintiffs in state court litigation have consistently declined the opportunity to pursue claims against Assertio when their cases involving Assertio have been selected for bellwether status.

Date: June 16, 2022

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*
    Kevin M. Sadler
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    Scott D. Powers
    Texas Bar No. 24027746
    scott.powers@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    98 San Jacinto Blvd., Suite 1500
    Austin, Texas 78701
    (512) 322-2500 (Telephone)
    (512) 322-2501 (Facsimile)

ATTORNEYS FOR DEFENDANT ASSERTIO THERAPEUTICS, INC. F/K/A DEPOMED, INC.

## CERTIFICATE OF SERVICE

    I certify that I caused a true and correct copy of the foregoing document to be electronically filed on June 16, 2022, which will send notification of such filing through the Court's CM/ECF system to all counsel of record.

                                              */s/ Kevin M. Sadler*
                                              Kevin M. Sadler