UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*APPLIES TO ALL CASES* | Case No. 1:17-MD-2804<br><br>Hon. Dan A. Polster |

## STATUS REPORT OF INDIVIOR INC. & INDIVIOR PLC

Pursuant to this Court's order dated April 21, 2022 (dkt # 4380) (the "April 21 Order"), Indivior Inc. and Indivior PLC (collectively, "Indivior")[1] submit this status report in advance of the status conference scheduled to be held via Zoom on June 22, 2022.

### I. BACKGROUND

Indivior produces and commercializes products indicated for the treatment of opioid use disorder and opioid dependence. Relevant to this MDL, Indivior's products have been sold under the brand names Subutex®, Suboxone®, and Sublocade®. Subutex®, which was discontinued in the United States in 2011, is a sublingual tablet; Suboxone® previously was available in the United States in tablet form and now is available only in the form of a sublingual film; and Sublocade® is a long-acting injectable product that was first introduced in the United States in 2017. All three of these addiction treatment products contain the active ingredient buprenorphine (a partial-opioid agonist) and are classified as Schedule III drugs under the Controlled Substances Act ("CSA"). None of these products are indicated

---

[1] Indivior Inc. is a Delaware corporation headquartered in Richmond, Virginia, and Indivior PLC is a public limited company registered in England and Wales**.** These are the only Indivior-related entities that have been named as defendants in this MDL, and they thus comprise the "Defendant Family" for Indivior as defined in the Court's April 21 Order.

1

for the treatment of chronic pain, nor do they contain oxycodone, hydromorphone, fentanyl, hydrocodone, or any other substance controlled under Schedule II of the CSA.

Indivior was first named as a Manufacturer Defendant in this MDL in a complaint filed on February 6, 2019.[2] To date, Indivior has been named as a Manufacturer Defendant in just over 400 pending cases. Given that the stay order was in effect when the first case was filed against Indivior in 2019, Indivior has not yet engaged substantively with members of the PEC or any individual plaintiffs' counsel to understand the basis of their claims against Indivior or explore the possibility of a global resolution.

## II. RESPONSES TO APRIL 21 ORDER

Indivior welcomes the opportunity afforded by this Court's April 21 Order to begin discussions with the PEC in an orderly fashion. Specifically and in the interest of efficiency, Indivior is prepared to engage in mediation with a private mediator who is available and willing to assist plaintiffs and Indivior in exploring the basis of plaintiffs' claims against Indivior and the possibility of a global resolution of the cases pending against the company. Indivior is prepared to work with the PEC to agree upon a private mediator and begin this process.

Indivior believes that selecting additional bellwether cases will not assist the parties in resolving these cases at this time. The parties have not yet had an opportunity to discuss the factual and legal basis of plaintiffs' claims against Indivior, nor have plaintiffs tendered any settlement demands to Indivior. In the absence of such basic exchanges of information, Indivior is not in a position to know what, if any, issues may need to be tested by additional

---

[2] On Feb. 21, 2019, the plaintiff in that case, *Kentucky River District Health Dept. v. Purdue Pharma., et al.*, Case No. 1:19-op-45050, filed a Notice of Dismissal with prejudice with regard to its claims against Indivior. *See id.* at dkt # 5.

2

bellwethers, much less to propose specific cases that would provide appropriate vehicles for a bellwether trial.  Indivior is willing to participate in mediation in good faith and prefers to dedicate its limited resources toward resolving these disputes in the most efficient and timely manner through mediation.

For these reasons, Indivior submits that it is premature for the Court to identify potential bellwether cases at this time.  Instead, Indivior proposes that the parties explore the possibility of a global resolution through private mediation as set forth above, with regular status reports to and/or conferences with this Court concerning the progress of those discussions.

Date: June 16, 2022                                  Respectfully submitted,

                                                     */s/ Maria R. Durant*_____

Maria R. Durant
Sara E. Silva
Safa W. Osmani
HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 371-1000
Facsimile: (617) 371-1037
maria.durant@hoganlovells.com
sara.silva@hoganlovells.com
safa.osmani@hoganlovells.com

*Counsel for Indivior Inc. &*
*Indivior PLC*

3

## CERTIFICATE OF SERVICE

The undersigned certifies on June 16, 2022, the foregoing was filed using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ Maria R. Durant