

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

**John A. McCauley**
T 410.244.7655
F 410.244.7742
jmccauley@venable.com

June 16, 2022

**VIA EMAIL (**Dan_Polster@ohnd.uscourts.gov**)**

The Honorable Dan Aaron Polster
United States District Court
  Northern District of Ohio
Carl B. Stokes Unites States Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, OH 44113-1837

      *Re:*    **June 22 conference--Abbott status report**

Dear Judge Polster:

      I represent Abbott Laboratories and Abbott Laboratories Inc. (collectively "Abbott"). This letter is submitted pursuant to Your Honor's Order of April 21, 2022 (Doc. # 4380) directing certain defendants, sometimes referred to as "second-tier" defendants, to submit a status report including:

> an update from each Defendant regarding whether they are interested or currently engaged in active settlement negotiations; and if interested, whether they prefer to retain an outside mediator or have the Court assist in those negotiations. Finally, the Status Report shall indicate each party's position on whether and how the Court should conduct additional bellwether trials, including proposals for potential cases to be named as new bellwether tracks, if any.

Order at 2.

      Almost from the beginning of this MDL, Abbott has been engaging with counsel for plaintiffs in the MDL and in state courts to discuss resolution of these opioid cases. This engagement is ongoing. To date, in large part because of Abbott's unique circumstances and prior settlements, this effort has achieved substantial results in resolving claims against Abbott across the spectrum of cases.

      At this time, Abbott is a defendant in a relatively modest number of cases, down to 114 cases in the MDL at this time. That number continues to decrease as Abbott is able to engage plaintiffs' counsel in meaningful dialogue. Just in the past month, for example, as a result of its outreach with plaintiffs' counsel, Abbott has been dismissed with prejudice from 4 additional cases



June 16, 2022
Page 2

in the MDL.  Of the 114 cases that currently name Abbott in the MDL, 57 are brought by county or municipality plaintiffs; 23 by hospital plaintiffs, including hospitals, health care systems and addiction treatment centers; 19 by neo-natal abstinence syndrome (NAS) plaintiffs; 11 by third-party payors (TPPs); 3 by Native American tribes; and 1 by a wrongful-death claimant.

Abbott will continue this one-on-one engagement with plaintiffs' lawyers in MDL and state-court cases.  This process requires patience and persistence, but it is working.  There may come a time when the assistance of a mediator or the Court would be beneficial, but we believe that time has not yet arrived.  As the process Abbott has been following continues to produce tangible results and resolve claims, Abbott respectfully requests that it be allowed to continue.  Abbott appreciates the Court's efforts to resolve all the cases on its docket. We would like the opportunity to come back to the Court if Abbott determines that it is unable to make further progress without some kind of more formal mediation structure.

For the reasons set forth above, Abbott believes that there is no need for a litigation track in the MDL at the present time. In any event, if the Court were inclined to conduct additional bellwethers, it would be appropriate to wait until pending motions for remand have been resolved.

Respectfully submitted.

John A. McCauley

JAM
55435757

cc:   Special Master David R. Cohen (david@specialmaster.law)
      Law Clerk Justin Washburne Justin_Washburne@ohnd.uscourts.gov