IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Applies to All Cases* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

### MOTION TO APPOINT THE FEE PANEL TO ALLOCATE AND DISBURSE ATTORNEY'S FEES PROVIDED FOR IN STATE BACK-STOP AGREEMENTS

The undersigned counsel, acting on behalf of itself and the interests of dozens of other counsel who represent subdivisions in States with "State Back-Stop Agreements,"[1] move this Court to authorize the Fee Panel (*see* Doc. 3828) to allocate and disburse payments for attorney's fees from State Back-Stop funds to eligible counsel in States where an established procedure for allocating such fees does not already exist. As explained below, the Fee Panel would pursue this role only in States where that State's Attorney General and 100% of Contact Counsel for Participating Subdivisions in that State agree.

Through Allocation Statutes[2] and Allocation Agreements, State Back-Stop Agreements have been reached in approximately 31 Settling States. However, in some of these States, the

---

[1] See Exhibit R to the Distributor Settlement Agreement and the Janssen Settlement Agreement at Definition R, which defines a "State Back-Stop Agreement" as "[a]ny agreement by a Settling State and private counsel for Participating Subdivisions in that State (or legislation enacted in that State) to provide, adjust, or guarantee attorneys' fees and costs, whether from the Attorney Fee Fund or any other source recognized in the agreement or legislation."

[2] Any capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreements, including those terms defined in Exhibit R: "Agreement on Attorneys' Fees, Costs, and Expenses" of the Settlement Agreements ("Exhibit R"). For the avoidance of doubt, the term "Settlement Agreements" shall refer to the Settlement Agreements between and among the Settling States, Settling Distributors, and Participating Subdivisions and the Settling States, Janssen, and

1

process for distributing the Back-Stop funds was not defined in the State Back-Stop Agreement.[3] Thus, additional procedures are necessary in those States to facilitate the equitable distribution of funds to eligible counsel. This Court, pursuant to its broad authority to oversee the Settlement Agreements, has the power to expand the scope of the Fee Panel's responsibilities to include allocation and distribution of attorney fees set aside in State Back-Stop Agreements, consistent with the parameters set forth in the concurrently filed proposed order. Specifically, to facilitate the Fee Panel's allocation and disbursement of those funds to attorneys, the moving parties propose a process for allocation and distribution using a mathematical model based on eligible counsel's contingency fee contracts, the negotiation class metrics, population, or any other factors that are to be considered under the terms of agreements reached among counsel in each State.[4]

## ARGUMENT

The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it." *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (quoting *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986)). "Indeed, prior to entry of judgment or dismissal, district courts retain subject matter jurisdiction over the cases pending before them and retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Heimberger v. Pritzker*, No. 2:12-CV-01064, 2015 WL 5582254 at *3 (S.D. OH. Sept. 23, 2015) (internal quotation marks omitted); *see also Jaynes v. Austin*, 20 Fed. Appx. 421, 424 (6th Cir.

---

Participating Subdivisions (as those terms are defined therein), respectively, inclusive of all exhibits (including Exhibit R) thereof.

[3] Those States include, but are not limited to, Georgia, Kentucky, Louisiana, Michigan, Missouri, Mississippi, and New Mexico.

[4] Agreements can be found on the settlement website under the heading "Additional Documents for Certain States." See https://nationalopioidsettlement.com/.

2001); *Brock v. Schemer Corp.*, 841 F.2d 151, 154 (6th Cir. 1988); *Byrd v. Time Warner Cable Inc.*, 507 Fed. Appx. 565, 566 (6th Cir. 2012).

In carrying out its authority to enforce a settlement agreement, such as the Settlement Agreements at issue here, the district court is expressly authorized to establish procedures to facilitate the efficient and fair resolution of fee claims. *See, e.g.*, Fed. R. Civ. P. 54(2)(D) (including by referring issues to a Special Master for resolution). Special Masters and fee panels are routinely used to oversee administration of settlement funds, including as to attorney fees, particularly where such administration is complex. *See, e.g., Lessard v. City of Allen Park*, 422 F. Supp. 2d 787, 788 (E.D. Mich. 2006); *In re E.I. DuPont De Nemours & Co. C-8 Personal Injury Litig.*, 2019 WL 2088768 at *3 (May 13, 2019).

Indeed, pursuant to this Court's enforcement authority over the Settlement Agreements and its equitable powers, this Court has already appointed a Fee Panel to administer allocation and distribution of fees under from the Common Benefit Fund and the Contingency Fee Fund. (*See* Doc. 3828.) Accordingly, in the interests of efficiency, the undersigned counsel now moves the Court, subject to the approval of all Contact Counsel in each State as well as the State Attorney General, to authorize the Fee Panel to also oversee and direct the allocation and administration of settlement funds set aside under State Back-Stop Agreements. These approvals will make application of the Court's order in any particular State conditional upon the agreement of the parties, which shall be facilitated through execution of an "Acknowledgement and Agreement to be Bound" by: (1) a representative of the Attorney General's Office, and (2) 100% of Contact Counsel for Participating Subdivisions in that State.

The Settlement Agreements expressly contemplate the use of the State Back-Stop Agreements at issue here. *See supra* n.1. This Court's broad authority to enforce the Settlement

3

Agreements (including through use of the Fee Panel), therefore, should also encompass administration of the State Back-Stop Agreements, which were expressly anticipated by the Settlement Agreements to ensure that attorneys are fairly compensated.

Oversight of the State Back-Stop Agreements by the Fee Panel is necessary and appropriate in certain States because those Agreements, which provide for the payment of attorney fees from a portion of the settlement funds received by certain Settling States, do not endow a specific entity with authority to allocate and disburse payments to eligible counsel.  In some States, such as Arkansas, Florida, Pennsylvania, Texas, and South Carolina, among others, which are NOT the subject of this motion, a mechanism already exists to implement procedures for allocating and distributing these Back-Stop funds.  However, in other States, these mechanisms do not exist; absent an order from this Court, disputes may arise which could tie the funds up in litigation for years to come.

Moreover, efficiency also dictates that the Fee Panel's authority be expanded to include administration of the State Back-Stop funds.  Many State Back-Stop Agreements require that counsel first seek recovery from the Contingency Fee Fund and, with respect to the amounts that may be awarded from the State Back-Stop funds, some agreements limit recovery based on what has already been awarded from the Contingency Fee Fund.  Given its responsibility for overseeing the Contingency Fee Fund, the Fee Panel is uniquely situated to perform the calculations for awarding fees from State Back-Stop funds.  Additionally, centralizing the State Back-Stop fund allocation process with the Fee Panel, along with its other fee-allocation-related duties, will result in additional efficiencies that will reduce the overall costs of administration, resulting in more funds to be distributed to eligible counsel.

With the interests of efficiency in mind, and subject to the agreement of all Contact Counsel and the Attorney General in a State, the moving parties also request that the Court limit the State Back-Stop funds to fees, foregoing a process concerning cost awards.  The undersigned counsel acknowledge that some State Back-Stop Agreements contain provisions regarding the recovery of costs, but the interests of all eligible counsel are best served if State Back-Stop funds are used solely for fee awards.  Given the relatively small amount of funds available in each state, and the large number of eligible counsel, it would be impractical and unjustly costly to institute a process concerning cost awards.  The time and expense that would be incurred by the Fee Panel in connection with the processing and review of hundreds of small dollar reimbursement requests in each has the potential to be equal to or near the value of the State Back-Stop funds themselves, leaving little left to be allocated to counsel.  In contrast, amounts not allocated to costs from State Back-Stop funds will increase the overall amount of funds available for fee awards, which will benefit all eligible counsel.  Moreover, these cases have been pending for many years and eligible counsel benefit from a process that does not inject further delay, which would occur if the Fee Panel had to review thousands of pages of documentation concerning costs.  Finally, eligible counsel are not without recourse to recover certain costs incurred in connection with the litigation because costs may be recovered from the $120 million Subdivision Cost Fund paid by the Distributors and the $30 million Subdivision Cost Fund paid by Janssen.

For these reasons, and to ensure orderly and fair distribution of funds made available under State Back-Stop Agreements, and contemplated by the Settlement Agreements, the undersigned counsel respectfully requests that the Court authorize the Fee Panel to administer State Back-Stop funds consistent with the parameters set forth in the concurrently filed proposed order, on a State-by-State basis, subject to 100% of Contact Counsel in a State executing the Acknowledgement and

Agreement to be Bound form provided with the concurrently filed proposed order. *See, e.g.*, *Therma-Scan*, 217 F.3d at 419 (district court's settlement enforcement authority "has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation") (quoting *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973)).

Date: June 17, 2022  Respectfully Submitted,

/s/ Mark P. Pifko
Mark P. Pifko

Peter J. Mougey
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR, MOUGEY P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com

Michal J. Fuller, Jr.
Paul T. Farrell, Jr.
**FARRELL & FULLER, LLC**
1311 Ponce de Leon Ave.
Suite 202
San Juan, Puerto Rico 00907
Tel.: 304-654-8281
mike@farrellfuller.com
paul@farrellfuller.com

James C. Peterson
**HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC**
NorthGate Business Park
500 Tracy Way
Charleston, WV  25311
Tel.: 304-345-5667
Fax: 304-345-1519
jcpeterson@hpcbd.com

Mark P. Pifko
**BARON & BUDD, P.C.**
15910 Ventura Blvd. Suite 1600
Los Angeles, CA 91436
Tel: 818-839-2333
Fax: 818-986-9698
mpifko@baronbudd.com

Russell W. Budd
J. Burton LeBlanc, IV
Christine C. Mansour
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605
Fax: 214-520-1181
rbudd@baronbudd.com
bleblanc@baronbudd.com
cmansour@baronbudd.com

Anthony J. Majestro
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel.: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com

*Attorneys for City of Albany, Georgia; Columbus, Georgia; Lee County, Georgia; Monroe County, Georgia; Wilkinson County, Georgia; City of Augusta, Georgia; Laurens County, Georgia; Bartow County, Georgia; Polk County, Georgia; Union County, Georgia; Fiscal Court of the County of Anderson, Kentucky; Fiscal Court of the County of Bell, Kentucky; Fiscal Court of the*

6

*County of Boone, Kentucky; Fiscal Court of the County of Boyd, Kentucky; Fiscal Court of the County of Boyle, Kentucky; Fiscal Court of the County of Bracken, Kentucky; Fiscal Court of the County of Campbell, Kentucky; Fiscal Court of the City of Lexington, Kentucky; Fiscal Court of the County of Clark, Kentucky; Fiscal Court of the County of Clay, Kentucky; Fiscal Court of the County of Fleming, Kentucky; Fiscal Court of the County of Franklin, Kentucky; Fiscal Court of the County of Garrard, Kentucky; Fiscal Court of the County of Greenup, Kentucky; Fiscal Court of the County of Harlan, Kentucky; Fiscal Court of the County of Henry, Kentucky; Fiscal Court of the County of Jessamine, Kentucky; Fiscal Court of the County of Kenton, Kentucky; Fiscal Court of the County of Knox, Kentucky; Fiscal Court of the County of Laurel, Kentucky; Fiscal Court of the County of Leslie, Kentucky; Fiscal Court of the County of Letcher, Kentucky; Fiscal Court of the County of Lincoln, Kentucky; Fiscal Court of the County of Madison, Kentucky; Fiscal Court of the County of Montgomery, Kentucky; Fiscal Court of the County of Morgan, Kentucky; Fiscal Court of the County of Nicholas, Kentucky; Fiscal Court of the County of Pendleton, Kentucky; Fiscal Court of the County of Perry, Kentucky; Fiscal Court of the County of Powell, Kentucky; Fiscal Court of the County of Pulaski, Kentucky; Fiscal Court of the County of Rowan, Kentucky; Fiscal Court of the County of Scott, Kentucky; Fiscal Court of the County of Shelby, Kentucky; Fiscal Court of the County of Wayne, Kentucky; Fiscal Court of the County of Whitley, Kentucky, Fiscal Court of the County of Woodford, Kentucky, Fiscal Court of Adair County, Kentucky; Fiscal Court of Allen County, Kentucky; Fiscal Court of Bullitt County, Kentucky; Fiscal Court of Carlisle, Kentucky; Fiscal Court of Christian County, Kentucky; Louisville/Jefferson County Metro*

*Government; Fiscal Court of Cumberland County, Kentucky; Fiscal Court of Henderson County, Kentucky; Fiscal Court of Hopkins County, Kentucky; Fiscal Court of Marshall County, Kentucky; Fiscal Court of Oldham County, Kentucky; Fiscal Court of Union County, Kentucky; Parish of St. John the Baptist, Louisiana; City of Baton Rouge, Parish of East Baton Rouge, Louisiana; City of Saint Martinville, Louisiana; Phillip Terrell, Duly Elected District Attorney for Rapides Parish, Louisiana, Rapides Parish Police Jury, Louisiana; Charter Township of Canton, Michigan; City of Livonia, Michigan; Charter Township of Northville, Michigan; City of Romulus, Michigan; Charter Township of Van Buren, Michigan; City of Wayne, Michigan; Charter Township of Pittsfield, Michigan; Charter Township of Clinton, Michigan; Branch County, Michigan; Calhoun County, Michigan; County of Eaton, Michigan; Kalamazoo County, Michigan; Muskegon County, Michigan; Audrain County, Missouri; Chariton County, Missouri; Gasconade County, Missouri; Knox County, Missouri; Lewis County, Missouri; Maries County, Missouri; Montgomery County, Missouri; Pemiscot County, Missouri; Phelps County, Missouri; Randolph County, Missouri; Reynolds County, Missouri; Ripley County, Missouri; Schuyler County, Missouri; Scott County, Missouri; Shannon County, Missouri; Shelby County, Missouri &Warren County, Missouri; Boone County, Missouri; Callaway County, Missouri; Cole County, Missouri; Douglas County, Missouri; Miller County, Missouri; Moniteau County, Missouri; Osage County, Missouri; Ozark County, Missouri; Pulaski County, Missouri; Webster County, Missouri; Wright County, Missouri; Benton County, Mississippi; City of Amory, Mississippi; City of Charleston, Mississippi; City of Greenwood, Mississippi; City of Iuka, Mississippi; City of New Albany, Mississippi; Desoto County, Mississippi; Itawamba*

8

*County, Mississippi; Lafayette County, Mississippi, Leflore County, Mississippi; Marshall County, Mississippi; Monroe County, Mississippi; Prentiss County, Mississippi; Tallahatchie County, Mississippi; Tippah County, Mississippi; Union County, Mississippi; Amite County, Mississippi; City of Brookhaven, Mississippi; City of Columbia, Mississippi; City of Hattiesburg, Mississippi; City of Laurel, Mississippi; City of Meridian, Mississippi; City of Wiggins, Mississippi; Adams County, Mississippi; Forrest County, Mississippi; Franklin County, Mississippi; Holmes County, Mississippi; Jefferson County, Mississippi; Jefferson Davis County, Mississippi; Lawrence County, Mississippi; Lincoln County, Mississippi; Marion County, Mississippi; Neshoba County, Mississippi; Pearl River County, Mississippi; Perry County, Mississippi; Stone County, Mississippi; Walthall County, Mississippi; Bernalillo County, New Mexico; Catron County, New Mexico; Cibola County, New Mexico; City of Alamogordo, New Mexico; City of Espanola, New Mexico; City of Hobbs, New Mexico; City of Las Cruces, New Mexico; Curry County, New Mexico; Doña Ana County, New Mexico; Hidalgo County, New Mexico; Lea County, New Mexico; Lincoln County, New Mexico; McKinley County, New Mexico; Otero County, New Mexico; Sierra County, New Mexico; Socorro County, New Mexico; Taos County, New Mexico; and Valencia County, New Mexico*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Date: June 17, 2022 /s/ Mark P. Pifko
Mark P. Pifko