IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case no. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Dan Aaron Polster |
| *Applies to All Cases* | ) |
| | ) **ORDER** |
| | ) |

**[PROPOSED] ORDER APPOINTING THE FEE PANEL
TO ALLOCATE AND DISBURSE ATTORNEY FEES PROVIDED FOR
IN STATE BACK-STOP AGREEMENTS**

Certain counsel representing Participating Subdivisions[1] in States with "State Back-Stop Agreements"[2] move this Court for entry of an Order authorizing the Fee Panel (*see* Doc. 3828) to allocate and disburse payments for attorney fees from State Back-Stop funds to eligible counsel in States where an established procedure for allocating fees does not already exist. The Court, having reviewed the Motion, finding good cause therein, grants the Motion and orders as follows.

---

[1] Any capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreements, including those terms defined in Exhibit R: "Agreement on Attorneys' Fees, Costs, and Expenses" of the Settlement Agreements ("Exhibit R"). For the avoidance of doubt, the term "Settlement Agreements" shall refer to the Settlement Agreements between and among the Settling States, Settling Distributors, and Participating Subdivisions and the Settling States, Janssen, and Participating Subdivisions (as those terms are defined therein), respectively, inclusive of all exhibits (including Exhibit R) thereof.

[2] *See* Exhibit R to the Distributor Settlement Agreement and the Janssen Settlement Agreement at Definition R, which defines a "State Back-Stop Agreement" as "[a]ny agreement by a Settling State and private counsel for Participating Subdivisions in that State (or legislation enacted in that State) to provide, adjust, or guarantee attorneys' fees and costs, whether from the Attorney Fee Fund or any other source recognized in the agreement or legislation."

**I.      This Order Is Conditional and Shall Take Effect on a State-by-State Basis**

This Order is conditional and shall only take effect in any particular State when a representative from the Attorney General's Office and 100% of Contact Counsel[3] in that State execute the Acknowledgement and Agreement to be Bound shown as Appendix A.  Execution of the Acknowledgement and Agreement to be Bound does not subject the signatories or their clients to the jurisdiction of this Court that does not otherwise already exist.  Upon receipt of all the necessary executed Acknowledgement and Agreement to be Bound forms in a particular State, the Fee Panel shall enter an order announcing its receipt of all such forms and the applicability of this Order in that State.  Subject to the foregoing conditions, the Court hereby orders as follows.

**I.      Appointments Concerning Allocation and Disbursements of State Back-Stop Funds**

The Fee Panel is appointed to oversee a process for allocation and distribution of State Back-Stop funds.  The immunity and indemnity provisions set out in the Court's prior Orders continue to apply.  *See* docket nos. 4030, 4286.

The Court appoints The Huntington National Bank to administer and serve as custodian of the State Back-Stop funds, which shall be maintained by The Huntington National Bank as a Qualified Settlement Fund.  As part of its authority under this Order, the Fee Panel may, in its discretion, direct The Huntington National Bank to use the same Tax ID number for the State Back-Stop Funds as it uses for the Common Benefit Fund, Contingency Fee Fund, and any other funds it maintains in connection with opioid settlements.  The Court also appoints the Fee Panel to serve as Trustee to oversee the State Back-Stop funds.

---

[3] As used in connection with the National Contingency Fee Fund, "Contact Counsel" is the attorney designated to be responsible for communicating with the Fee Panel and completing the Opioid Distributors Settlement Contingent Fee application for the group of attorneys representing a particular Participating Subdivision.

**II.     Policies, Procedures, and Criteria Concerning Allocation and Disbursements**

In exercising their duties under this Order, the Fee Panel may establish any and all necessary procedures to facilitate the allocation and distribution of State Back-Stop funds to eligible counsel.  The procedures may vary by State, depending on the requirements under Allocation Statutes, State Subdivision Agreements, or other applicable circumstances.  The parties to each State Back-Stop Agreement shall provide the Fee Panel with: (1) all applicable Allocation Statutes, Allocation Agreements, and other relevant provisions; and (2) a complete list of all cases eligible for Back-Stop payments.  The Fee Panel may rely fully and exclusively upon the representations of the parties to each Back-Stop Agreement with respect to all of the Agreement's terms, including participant eligibility.  In the event certain terms and conditions of the Allocation Statutes, Allocation Agreements, or similar governing documents are vague, ambiguous, overbroad, or require additional clarification, the Fee Panel may: (a) order the parties to provide the Fee Panel with additional information and direction, and (b) fully and finally resolve those ambiguities, without any right of appeal.

The Fee Panel's authority includes setting up an application process, and establishing procedures requiring counsel to certify that they waive enforcement of the contingency fee provisions in their contracts with Participating Subdivisions and that they applied to the Contingency Fee Fund before seeking payment from State Back-Stop funds (a requirement in many States).  To the extent eligible counsel applied to the Contingency Fee Fund and made relevant certifications in connection with any such application, counsel need not provide that information again with respect to the State Back-Stop funds, to the extent the Fee Panel determines it already has access to that information.

The Fee Panel's authority concerning State Back-Stop funds is limited to allocating and disbursing payments to eligible counsel.  The Fee Panel's authority does not include determining the total amount of Back-Stop funds to be paid by any particular State.  The amount of Back-Stop funds to be allocated and administered by the Fee Panel in a given State shall be reported to the Fee Panel by the Settlement Administrator after that amount has been determined.  In exercising its authority, the Fee Panel must follow the applicable terms of any applicable Allocation Statute, State-Subdivision Agreement, or other relevant agreements in a particular State.  If an Allocation Statute, State-Subdivision Agreement, or other applicable agreement among counsel in a specific State sets forth factors or other considerations to employ with respect to the allocation of State Back-Stop funds in any particular State, then the Fee Panel shall use those criteria to allocate State Back-Stop funds to eligible counsel in that State.  If, however, there are no procedures required or provided under the relevant agreements in a particular State, then the Fee Panel shall allocate State Back-Stop funds by applying a mathematical model identical or substantially similar to the Mathematical Model attached as part of Exhibit R to the National Settlement Agreements (see Distributor Settlement Agreement at pp. R-22 to R-25 (the "Mathematical Model").

In the interest of efficiency, the Fee Panel is authorized and encouraged to retain the services of Joseph Tann, Esq. for purposes of calculating the amounts due to eligible counsel from each State Back-Stop fund.  Consistent with the Mathematical Model, to the extent the applicable Allocation Statute or State-Subdivision Agreement includes a State-wide or regional abatement fund, in calculating awards from State Back-Stop funds, the Fee Panel shall allocate a share of the abatement funds to each Participating Subdivision to be used as part of the recovery attributable to each Participating Subdivision.  Furthermore, consistent with the process being

used for the Contingency Fee Fund, awards from State Back-Stop funds may be made at the client level and issued to Contact Counsel for each respective Participating Subdivision, who shall then be responsible for further allocation and distribution amongst any other counsel for each Participating Subdivision, according to any co-counsel agreements they may have.

There shall be no right of appeal concerning the Fee Panel's decisions regarding the processing, evaluation, determination of eligibility and award amounts, and the disbursements of any such amounts in connection with the State Back-Stop funds.

**III.     Waiver of the Recovery of Costs from State Back-Stop Funds**

In some States, the applicable agreements establishing the right to State Back-Stop funds may permit eligible counsel to recover fees *and costs* from the funds.  Under the circumstances, however, the moving parties requested that the Fee Panel only award *fees* from State Back-Stop funds and that recovery of costs not be allowed.  Specifically, the moving parties reason as follows.  First, cost awards will add administrative burden, expense, and delay to the Back-Stop fund allocation process, without a proportionate benefit to eligible counsel.  Among other things, the time and expense that may be incurred by the Fee Panel in connection with the processing and review of reimbursement requests in each State has the potential to be equal to or near the value of the State Back-Stop funds themselves.  Second, any amounts not allocated to costs from State Back-Stop funds will increase the overall amount of funds available for fee awards, to the benefit of all eligible counsel.  Third, costs may instead be recovered from the national fee and expense fund, including a $120 million Subdivision Cost Fund paid by the Distributors and a $30 million Subdivision Cost Fund paid by Janssen.  Thus, eligible counsel are not without recourse to recover certain costs incurred in connection with the litigation.

Under the circumstances, the Court agrees with the moving parties. Moreover, entry of this Order is conditioned upon execution of the Acknowledgement and Agreement to be Bound in each State from a representative of the Attorney General's Office and 100% of Contact Counsel for Participating Subdivisions in that State. Therefore, in consideration of the above, the Fee Panel shall only award fees from State Back-Stop Funds and shall not establish a process to award costs from State Back-Stop funds.

IV. **Costs Concerning Administration of State Back-Stop Funds**

Any fees, costs, and expenses incurred by the Fee Panel, Joseph Tann, or The Huntington National Bank shall be paid from the State Back-Stop funds. To the fullest extent possible, the Fee Panel, Joseph Tann, and The Huntington National Bank shall endeavor to allocate fees and expenses to each State where the work is performed and the costs incurred concerning a specific State shall be paid from that specific State's State Back-Stop fund. To the extent fees and expenses cannot be allocated to a specific State's State Back-Stop fund, the cost of any such activities may be allocated across all State Back-Stop funds on a *pro-rata* basis.

**IT IS SO ORDERED**

DATED: _____

District Judge Dan Aaron Polster

### Appendix A

| | |
|---|---|
| **State and Federal Opioid Litigation** ) | |
| **Distributor Settlement Agreement** ) | *Acknowledgement and Agreement to Be Bound* |
| **Janssen Settlement Agreement** ) | *re:* |
| ) | |
| THIS DOCUMENT RELATES TO: ) | *Order Appointing the Fee Panel to Allocate and* |
| ) | *Disburse Attorney Fees Provided for in State* |
| *State Back-Stop fund(s)* ) | *Back-Stop Agreements* |
| ) | |

By signing below, on behalf of myself and my law firm or State Attorney General's Office ("AGO"), I acknowledge and agree to the following:

1.      I represent the State or Participating Subdivisions identified below and I am the duly authorized representative of my firm or AGO, with authority to make the representations and agreements contained in this document on behalf of my firm or AGO and the State or Participating Subdivisions identified below.

2.      I read and understand the Motion to Appoint the Fee Panel to Allocate and Disburse Attorney's Fees Provided for in State Back-Stop Agreements and the concurrently filed [Proposed] Order Appointing the Fee Panel to Allocate and Disburse Attorney Fees Provided for in State Back-Stop Agreements (the "Proposed Order").

3.      I agree to have the Fee Panel (David R. Cohen, Randi S. Ellis, Hon. David R. Herndon (ret.)) preside over the allocation and disbursement of attorney's fees from the State Back-Stop fund(s) in the State(s) identified below.

4.      I understand and agree that the Fee Panel may retain the services of Joseph Tann, Esq. to assist with the allocation and disbursement of attorney's fees from the State Back-Stop fund(s) in the State(s) identified below, in a manner consistent with the Proposed Order.

- 1 -

5. I understand and agree that The Huntington National Bank will administer and serve as custodian of the State Back-Stop fund(s) in the State(s) identified below.

6. I understand and agree that the Fee Panel will serve as Trustee to oversee the State Back-Stop fund(s) in the State(s) identified below.

7. I understand and agree that any costs incurred by the Fee Panel, Joseph Tann, or The Huntington National Bank in connection with the administration of the State Back-Stop fund(s) in the state(s) identified below will be paid out of the State Back-Stop fund(s).

8. I understand and agree that there is no right of appeal concerning the Fee Panel's decisions regarding the processing, evaluation, determination of eligibility and award amounts, and the disbursements of any such amounts in connection with the State Back-Stop funds.

9. I understand and agree that, although the State Back-Stop fund(s) in the State(s) identified below may provide for the payment of costs and expenses, for purposes of efficiency, the Fee Panel will only award attorney's fees from the State Back-Stop fund(s) in the State(s) identified below and that recovery of costs will not be allowed.

10. I agree to release and hold harmless the Fee Panel and any of its agents or representatives, including David R. Cohen, Randi S. Ellis, Hon. David R. Herndon (ret.), Joseph Tann, and The Huntington National Bank from any and all claims related to the processing, evaluation, and determination of eligibility and award amounts, and the disbursements of any such amounts in connection with the State Back-Stop fund(s) related to the representation the State or Participating Subdivisions identified below.  I further agree to release and hold harmless the Fee Panel and any of its agents or representatives, including David R. Cohen, Randi S. Ellis, Hon. David R. Herndon (ret.), Joseph Tann, and The Huntington National Bank, from any and all claims related to the disbursement of State Back-Stop award funds to me, and related to my

- 3 -

allocation and disbursement of such funds between and among me, Fee Interest Counsel, and any lienholder.

11. By signing this document, I am not consenting, for myself, my firm, the AGO, or my clients, to submit to the jurisdiction of the United States District Court for the Northern District of Ohio, Judge Polster, or MDL 2804.

Dated: _____

_____
Signature

_____
Print Name

Executed on behalf of:

_____
Print Name of AGO or Law Firm

_____
Print Title

I make the statements above with respect to the following State or Participating Subdivisions (*please list all entities you represent for whom you are agreeing to have the Fee Panel preside over the allocation and disbursement of State Back-Stop funds; use extra sheet if necessary*):

| Entity Name | State Where Entity Is Located |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |