UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | David R. Cohen |
| THIS DOCUMENT RELATES TO: | ) | Randi S. Ellis |
| *"All Cases"* | ) ) | Hon. David R. Herndon |
| | ) ) ) ) ) | **FEE PANEL ORDER NO. 8 REGARDING FEE APPLICATION QUESTIONS** |

The Fee Panel has received several questions from multiple attorneys regarding applications for contingent and common benefit fee awards. To ensure all counsel are aware of the answers to these frequently-asked questions, the Panel issues this Order.

- **How Confidential is my Common Benefit Fee Application?**

As stated in the *Order Establishing Application Protocols for Reimbursement of Common Benefit Attorneys' Fees Under the Janssen and Distributors Settlement Agreements* (docket. no. 4344), only the Fee Panel (and the Fee Panel's assistants, to the extent necessary to assist the Fee Panel in fulfilling its responsibilities) shall have access to an Applicant's Common Benefit Fund Fee Application. "[N]o member of the Fee Panel shall share with any lawyer information obtained from another Fee Application, any interview, or any related submission." *Id.* at 8. Accordingly, neither the Fee Committee nor any other person will have access to any person's Common Benefit Fee Application. Furthermore, Applications are not subject to discovery. *Id.*

The Fee Panel may seek information from the Fee Committee and other Leadership

Attorneys about "the quantity and quality of the work claimed in the Fee Applications," but the Court has also ordered that this information "shall be treated by all participants as confidential." *Id.*

Ultimately, no one outside of the Fee Panel will have access to an Applicant's Common Benefit Fund Fee Application, or any other information the Fee Panel obtains through interviews and so on, except for the Court; and then only if the Court requires it in the case of an appeal of a Common Benefit Award.

- **How Should We Change Designated Fee Interest Counsel or Designated Contact Counsel?**

It may occur that, in an application for a Contingent Fee Fund Award related to one or more subdivisions: (1) an attorney is originally designated as Fee Interest Counsel or as Contact Counsel, but (2) changed circumstances require this designation to be amended (e.g., Fee Interest Counsel is removed, or Contact Counsel is changed). To accomplish this amendment, Contact Counsel for the subdivision(s) in question should submit a completed "Fee Interest Counsel Change Form" or "Contact Counsel Change Form," as appropriate. These Forms are available on the Fee Panel website:

https://opioidfeepaneldocuments.com/

and should be submitted to the following email address:

contingentfeefund@opioidfeepaneldocuments.com.

- **What If I Have Moved to Another Firm?**

There are two possible scenarios. The first scenario is where a Common Benefit Fee Award Applicant moves from Old Firm to New Firm and ***Old Firm does not intend to submit a fee***

*application*.  In this case, the Applicant should submit a *single* application, on behalf of New Firm. The application should be for ***all*** common benefit work done by both Old Firm and New Firm, and the application must be limited to the same number of pages as if the Applicant was submitting on behalf of a single firm.  The Fee Panel will then issue a single award to the Applicant; any split of the award between Old Firm and New Firm is a matter between the two Firms.

The second scenario is where the Common Benefit Fee Award Applicant moves from Old Firm to New Firm and ***both Old Firm and New Firm intend to submit a fee application***.  In this case, Old Firm and New Firm need to agree on what portion of the Applicant's common benefit time will be claimed by each.  Old Firm and New Firm must ensure they are not claiming any of the same common benefit time.

In both scenarios, Old Firm and New Firm each need to submit a signed statement showing the terms of their agreement.  Common Benefit Fee Applications will be put on hold unless and until a statement of agreement signed by both Old Firm and New Firm are submitted to the Fee Panel.

**IT IS SO ORDERED.**

/s/    *David R. Cohen*
       *Randi S. Ellis*
       *David R. Herndon*
       **FEE PANEL**

**Dated:** June 17, 2022