IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL NO. 2804 |
| | Hon. Dan Aaron Polster |
| This Document Relates to: | |
| *Applies to All Cases Listed on Exhibit A* | |

**MOTION FOR RECONSIDERATION OF DENIAL OF
MOTION TO AMEND EXHIBIT G OF THE
DISTRIBUTORS' SETTLEMENT AGREEMENT**

COMES NOW the undersigned counsel for the political subdivisions listed on Exhibit "A" hereto and show the Court that it has broad, inherent authority and equitable power....to enforce an agreement in settlement of litigation pending before it.  Therma-Scan, Inc. v. Thermoscan, Inc., 217 F.3d 414 (6th Cir. 2000).  Each of the entities listed on Exhibit "A" attached hereto filed their cases prior to the National Opiate Settlement Agreement's filing deadline.  Furthermore, without the timely filing of the actions on behalf of the political subdivisions listed on Exhibit "A," there would not have been achieved the critical mass necessary in order to achieve a settlement for the State of New York, and certainly would not have allowed for there to be a 100% participation level and for litigating entities in the State of New York.

Specifically, pursuant to the New York Settlement Agreement, Nassau County is receiving 6.68% or $66,808,823.75 of the New York Distributor Settlement.  The population of Nassau County is 1,395,774 individuals.  The entire Nassau County population is divided among three towns: Hempstead, North Hempstead and Oyster Bay.  Nassau County also consists of two cities:

the City of Long Beach and the city of Glen Cove.  The undersigned represents all towns and the City of Long Beach which populations essentially make up the entirety of Nassau County, or approximately 97.62% of the total population of Nassau County. (New York Settlement Agreement, Exhibit N, Page 2)

Pursuant to the aforementioned Exhibit N, Suffolk County is receiving 8.63% of the New York settlement, or $86,311,399.  Tate Law Group represents all towns, save one, Shelter Island, in Suffolk County.  The population of towns represented by Tate Law Group is 98.9% of the total population of Suffolk County.  Had these subdivisions not timely filed prior to the National Opiate Settlement Agreement's deadline and prior to the statute of limitation in general, Nassau and Suffolk Counties would not have had any ability to negotiate resolutions of claims because the majority of their populations are represented by subdivisions, which subdivision are represented by Tate Law Group.

While Nassau and Suffolk County have obtained direct payments and attorneys' fees payment of $40,000,000, there has been no provision made by Nassau or Suffolk Counties for distribution of those settlement funds to the subdivision which make up the entirety of their populations.  Additionally, counsel, Hunter Shkolnik and Jayne Conroy and their firms remain eligible to receive payments from the Contingent Fee Fund for various political subdivisions in the State of New York.

While the exclusion from Exhibit G is purportedly founded on an "legislative bar date," this legislative bar date appears to be selectively enforced with regard to Exhibit G.  For example, the following entities filed after the proposed legislative bar date by Napoli Shkolnik firm:

Buffalo City - **date filed 12/5/19** - 1:19-op-46104 OHND represented by Napoli Shkolnik. Located in Erie County which is represented by Simmons Hanley Conroy.

    Chemung County - **date filed 8/21/19** - 400024/19 in Suffolk County -represented by Napoli Shkolnik.

    Madison County - **date filed 11/4/19** - 400028/2019 in Suffolk County - represented by Napoli Shkolnik

    Orleans County - **date filed 11/13/19** - 400029/19 in Suffolk County - represented by Napoli Shkolnik

    Rockland County - **date filed 7/29/19 -** 1:19-op-45662 OHND, represented by Branstetter, Stranch & Jennings - Nashville and Bleakley Platt & Schmidt

    Sarasota Spring - **date filed 10/17/19 -** 1:19-op-45857 OHND, represented by Napoli Shkolnik

    Warren County - **date filed 11/4/19** - 400030/2019 - represented by Napoli Shkolnik

    Yates County - **date filed 9/13/19** - 400026/2019 - represented by Napoli Shkolnik

All of these entities, despite being filed after the legislative bar date are eligible for their lawyers to receive compensation under the Contingent Fee Fund, and are included are Exhibit G, with the exception of Sarasota Spring which is not on Exhibit G. The situation set up is clear that Napoli Shkolnik and Simmons Hanley Conroy can receive both direct fee payments as well as participate in the National Fee Fund.

It is also clear that Jayne Conroy of Simmons Hanley Conroy is on the National Plaintiffs Executive Committee. Each of the undersigned's political subdivision in the State of New York are filed in Federal Court and therefore, are owed a fiduciary duty by Conroy. Nevertheless, Conroy entered into an agreement negating direct distributions to those Long Island subdivisions identified on Exhibit "A," as well as preventing participation in the National Fee Fund by counsel representing these political subdivisions. It is important to note that counsel on behalf of the political subdivisions of Long Island made two pleas to become involved in negotiations to resolve litigation in the state of New York, both of which were utterly rebuffed by Napoli Shkolnik and Simmons

3

Hanley Conroy. Further, it is important to note that those two firms, as does Tate Law Group, represent entities in regions throughout the State of New York, and while Tate Law Group is ineligible to participate in the National Fee Fund, those two firms remain eligible. Furthermore, there has been no paradigm created to allow for allocations for payments to entities within those other regions.

The legislative bar in the New York agreement has been generally disregarded when it comes to the Shkolnik firm and the Conroy firm. There is factually no distinction because of that between counsel representing essentially the entire populations of Nassau and Suffolk Counties and those firms.

Without an amendment to Exhibit G permitting the New York subdivisions represented by undersigned counsel to participate in the Contingent Fee Fund, undersigned counsel will most likely be uncompensated for its work for those filed subdivisions. This is because neither Nassau nor Suffolk nor any region has actually developed any distribution to the subdivisions on whose behalf they have collected. Even then, undersigned counsel would be entitled to its fee contract, thus diminishing the subdivision's net recovery. What should be of overriding consideration to the Court with regard to this motion is the fact that it appears that any agreement in the State of New York completely ignores this Court's mandate that political subdivisions not be ignored in the National Opiate Litigation as this agreement in the State of New York does. This fact is only made more shocking giving the fact that the National Opiate Litigation's Plaintiffs' Executive Committee worked for and contributed to the deprivation of payment to political subdivisions as well as payment to their counsel from the National Contingent Fee Fund.

This Court has broad authority to authorize the Fee Panel to treat counsel for the political

subdivisions in the State of New York it represents to participate in the Contingent Fee Fund , and given the peculiarity of the differential treatment among firms, this Court should, in fact, order the amendment of Exhibit G to include all political subdivisions in the State of New York which undersigned counsel represents.

In order to recognize the indisputable contribution the filed New York subdivisions represented by undersigned counsel, Exhibit G should be amended in order to allow undersigned counsel be properly compensated pursuant to the National Opioid Settlement's Exhibit G.

Respectfully submitted this 17th day of June, 2022.

  /s/ Mark A. Tate
Mark A. Tate
Georgia State Bar No. 698820
tlgservice@tatelawgroup.com
(912) 234-3030
25 Bull Street. Second Floor
Savannah, Georgia 31401