**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK THREE | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**TRACK THREE DEFENDANTS' MOTION FOR RECONSIDERATION**

On June 16, 2022, via an email from the Special Master, the Court ordered the parties to "come to as much agreement as possible regarding injunctive relief." *See* Exhibit A. If "complete agreement" is not reached by June 29, the Court mandated "an additional meet-and-confer of at least 6 hours in person (or until full agreement)." *Id.* The email stated: "The Court expects that full agreement is possible and should be obtained." *Id.* Because a defendant has a right to take positions on what remedies against it are appropriate and to maintain such positions free of coercion, Defendants CVS, Walgreens and Walmart respectfully request that the Court reconsider and set aside this order.

Defendants categorically oppose the entry of injunctive terms that infiltrate the practice of pharmacy and dictate how they fill certain prescriptions. This position is strongly held. The grounds—rooted not only in Article III and other legal doctrine, but also in the factual record—are set forth in Defendants' closing briefs (Doc. 4511 at 54–56; Doc. 4512 at 34–36) and will be briefed further in their July 8 responsive briefs.[1] Defendants have a right to take this position and

---

[1] CVS adds the following: Imposing judicial rules on how prescriptions are evaluated and filled, and on what related systems, policies and procedures a pharmacy must have in place, is different than prohibiting dispensing outright, as discussed in the CVS closing brief. *See* Doc. 4512 at 28.

adhere to it. They should not be the subject of an order that would call on them to abandon or modify this and other positions, which they believe are well founded in law and fact.

The Special Master's email indicates that the parties must "start[] out with what they have already agreed to in the Florida settlement." This adds to the problem. The Florida agreements cannot be used here. Walmart was not even a party to the Florida settlements. It never agreed to their terms. It was never even sued by the State of Florida. And Rule 408 prohibits use of the settlements against CVS and Walgreens. *See* 23 Charles Alan Wright & Victor Gold, *Federal Practice and Procedure* § 5304 (2d ed. 2018) ("Rule 408 should apply to exclude compromise evidence where offered for the purpose of proving the availability of non-monetary relief where that is in dispute."). Beyond Rule 408, the settlements cannot be used for other reasons as well. They were entered into with a sovereign that regulates pharmacy practice (not with localities that lack such authority). And because they were entered voluntarily, as part of a larger negotiated compromise, they are replete with features that this Court cannot lawfully order, including features that go far beyond the requirements of the law. For these reasons, Defendants categorically oppose use of the Florida agreements, and they are entitled to maintain this position free of pressure or coercion.

If the Court, over objection, were to order the parties to center negotiations on the terms of a prior settlement, it should be the counties' agreements with Giant Eagle and Rite Aid. Those agreements contained no injunctive relief. And they were for a microscopic fraction of the dollars sought here. The counties' own settlements are far more relevant than settlements in a different state, in a different region of the country, with a different plaintiff.

Subject to and without waiving their objections, Defendants submitted draft injunctive terms with their closing submissions. *See* Doc 4511-3; Doc. 4512-1. While steadfast in their

position that any injunctive terms dictating procedures for filling prescriptions is legally and factually prohibited, Defendants also are mindful of the Court's stated intention to press forward with such relief over defense objection and therefore, in courtesy to the Court, endeavored to provide the Court with draft terms that responded to the approach they understood the Court to prefer.[2]

The Court certainly could instruct the parties to meet and confer to determine if there were room for agreement, leaving it to the parties to determine, after an initial discussion, if additional efforts would be productive. The Order, however, goes further and is designed to have coercive effect. For these reasons, Defendants respectfully request that the Court reconsider and set aside the June 16 email order.

Dated: June 21, 2022

Respectfully submitted,

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

---

[2] The Court discussed such terms during the January 3, 2022 teleconference and April 13, 2022 videoconference. Neither conference was recorded or transcribed.

3

/s/ John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
110 North Wacker
Suite 4800
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*


/s/ Jeffrey A. Hall
Kaspar J. Stoffelmayr
Jeffrey A. Hall
Bartlit Beck LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
jeff.hall@bartlitbeck.com

Katherine L.I. Hacker
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
kat.hacker@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.,
Walgreen Co., and Walgreen Eastern Co., Inc.*

4