IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:21-op-45080 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**SETTLING DISTRIBUTORS' MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING INDIANA SUBDIVISIONS AS BARRED BY STATUTE**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................ 1
BACKGROUND ............................................................................................................................ 1
ARGUMENT .................................................................................................................................. 3
    I.    Settling Distributors and Attorney General Have Entered Into a Qualifying Settlement ............................................................................................................ 4
    II.    The Non-Participating Entities Are "Political Subdivisions" ............................. 4
    III.    The Non-Participating Entities' Claims Were Filed After January 1, 2021. ....................... 5
CONCLUSION ............................................................................................................................... 5

## INTRODUCTION

Settling Distributor Defendants ("Settling Distributors")[1] move this Court to dismiss all claims against Settling Distributors filed by Indiana political subdivisions School City of Mishawaka, South Bend Community School Corporation, Penn-Harris-Madison School Corporation, Fort Wayne Community Schools, and Smith-Green Community Schools (the "Non-Participating Entities"), and consolidated in this MDL proceeding, on the ground that such claims are barred by Indiana statute. In furtherance of statewide opioid settlement agreements entered into by the Indiana Attorney General, the Indiana legislature enacted Indiana Code § 4-6-15 *et seq.*, which precludes by operation of law claims brought by Indiana "political subdivisions" after January 1, 2021. As discussed further below, the statewide opioid settlement, the Non-Participating Entities, and the claims they filed against Settling Distributors all fall within the scope of the statute.

Because the Non-Participating Entities' claims are barred under the statute, Settling Distributors request that the Court enter an order and final judgment, pursuant to Fed. R. Civ. P. 54(b), dismissing the claims against the Settling Distributors in the Complaint.

## BACKGROUND

To facilitate settlements between the Indiana Attorney General and defendants in the opioid litigation, the Indiana State Legislature passed Indiana Code § 4-6-15 *et seq.*, added by P.L. 165-2021, eff. April 29, 2021 and amended in part by P.L. 72-2022 *et seq.*, eff. March 10,

---

[1] The Settling Distributors are AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation Inc., McKesson Corporation, McKesson Medical-Surgical, Inc., Cardinal Health, Inc., and Cardinal Health 110, LLC, as well as any other Released Entities, as that term is defined in the Settlement Agreement, that have been named as defendants in the Complaint. *See Texarkana Independent School District et al v. Abbvie, Inc et al.*, MDL Case No. 1:21-op-45080 (May 24, 2021) (Dkt. No. 1) ("Compl."); Final Consent Judgment and Dismissal with Prejudice, *State of Indiana v. Cardinal Health,*
*Continued on following page*

2022, to create a statewide opioid settlement fund comprised of specified proceeds from the statewide settlements. *See generally id.* The statute provides that "all political subdivisions shall be considered a party to any settlement, including a settlement in lieu of litigation, in opioid litigation by the attorney general with an opioid party that is finalized with court approval after March 1, 2021." *See id.* § 4-6-15-2(a). The statutory definition of "political subdivision" includes state educational institutions and school corporations. *Id.* § 4-6-15-1(4) ("'Political subdivision' has the meaning set forth in IC 34-6-2-110."); *id.* § 34-6-2-110 (defining "political subdivision" to include a "state educational institution" or a "school corporation"). "'Opioid party' means any manufacturer, consultant, marketer, distributor, prescriber, or dispenser of an opioid product." *Id.* § 4-6-15-1(3).

Of critical relevance, the provision provides that "[a]fter January 1, 2021, no political subdivision shall initiate or file opioid litigation in any court." *Id.* § 4-6-15-3. "Opioid litigation" is defined as "any civil lawsuit, demand, or settlement, including any settlement in lieu of litigation, filed against any opioid party for any cause of action filed for the purpose of redressing the impact of the opioid epidemic to the state or any political subdivision." *Id.* § 4-6-15-1(2). To the extent subdivisions preferred to opt out of the settlement, such subdivisions must have initiated litigation on or before January 1, 2021, adopted a resolution to opt out, and notified the attorney general in writing by June 30, 2021. *See id.* § 4-6-15-2(b)-(c). Any subdivision that did not opt out of a settlement as set forth in § 4-6-15-2(b)-(c) is "considered a party to [the] settlement" and "bound by [the settlement's] terms." *See id.* § 4-6-15-2(a).

---

*Continued from previous page*
*Inc., et al.,* Cause No. 49D07-1910PL-044323 (Mar. 30, 2022) (attached as Exhibit A); Distributor Settlement Agreement at 8 & Ex. J thereto (attached as Exhibit B).

On May 24, 2021, Non-Participating Entities[2] filed a Complaint in the United States District Court for the Eastern District of Texas. *See Texarkana Independent School District et al v. Abbvie, Inc et al.*, Dkt. No. 1:21-cv-00250 (E.D.Tex May 24, 2021) ("Compl."). On June 11, 2021, the case was transferred to this MDL under CTO-197. Dkt. No. 3757; *see also* MDL Case No. 1:21-op-45080.

On July 21, 2021, the Attorney General for the State of Indiana announced its participation in the Distributor Settlement Agreement, which resolves the myriad lawsuits brought by states, territories, and local governmental entities against the Settling Distributors ("Distributor Settlement").[3] The settlement was subsequently finalized by Final Consent Judgment and Order of Dismissal on March 30, 2022 in the Marion County Superior Court. *See* Exhibit A.  The Distributor Settlement includes a broad release of all opioid-related claims. *See* Exhibit B at 7-8 (definition of "Released Claims"); *id.* at 44-49 (Release provision).

## ARGUMENT

As outlined below, dismissal of Non-Participating Entities' claims is appropriate under the plain language of the statute where (1) the attorney general and an "opioid party" have entered into a qualifying settlement; (2) the Non-Participating Entities are political subdivisions; and (3) the Non-Participating Entities have filed claims after January 1, 2021. Here, all these elements have been met.

---

[2] The Complaint includes other Plaintiffs, including from other states, which are not the subject of this Motion.

[3] Press Release, Office of the Indiana Attorney General, Attorney General Todd Rokita announces $507 million agreement with opioid distributors, manufacturer (July 21, 2021), https://events.in.gov/event/attorney_general_todd_rokita_announces_507_million_agreement_with_opioid_distributors_manufacturer.

3

**I.      Settling Distributors and Attorney General Have Entered Into a Qualifying Settlement**

Indiana Code § 4-6-15 provides that "all political subdivisions shall be considered a party to any settlement, including a settlement in lieu of litigation, in opioid litigation by the attorney general with an opioid party that is *finalized with court approval after March 1, 2021*." See Indiana Code § 4-6-15-2(a) (emphasis added). "Opioid party" is defined as "any manufacturer, consultant, marketer, distributor, prescriber, or dispenser of an opioid product." *Id.* § 4-6-15-1.

The State of Indiana and Settling Distributors announced they had agreed to a settlement on July 21, 2021.[4] The Distributor Settlement with Indiana was subsequently finalized by Final Consent Judgment and Order of Dismissal on March 30, 2022 in the Marion County Superior Court. *See* Exhibit A. Accordingly, the Distributor Settlement falls within the timeframe specified in the statute and is, therefore, a qualifying settlement.

**II.     The Non-Participating Entities Are "Political Subdivisions"**

"Political subdivision" is broadly defined under the statute to include state educational institutions and school corporations. *See* Indiana Code § 4-6-15-1(4) (providing that "political subdivision" "has the meaning set forth in IC 34-6-2-110"); *id.* § 34-6-2-110 (defining "political subdivision" to include a "state educational institution" or a "school corporation"). A review of the Complaint reveals that all of the Non-Participating Entities are state educational institutions or school corporations.[5] Given the foregoing, the Non-Participating Entities all fall within the

---

[4] *See supra* n.3.

[5] *See* Compl. ¶ 16 ("Plaintiff South Bend Community School Corporation is a school district located in South Bend, Indiana, . . . ."); *id.* ¶ 19 ("Plaintiff Smith-Green Community Schools is a public school district serving the town of Churubusco, Indiana . . . ."); *id.* ¶ 20 ("Plaintiff School City of Mishawaka is a school district located in Mishawaka, Indiana. . . .."); *id.* ¶ 25 ("Plaintiff Penn-Harris-Madison School Corporation is a school district located in Mishawaka, . . . ."); *id.* ¶ 26 ("Plaintiff Fort Wayne Community Schools corporation is a school district located in Fort Wayne, Indiana . . . .").

4

scope of "political subdivisions" that are statutorily precluded from maintaining suits against Settling Distributors.

**III.     The Non-Participating Entities' Claims Were Filed After January 1, 2021.**

Finally, Indiana Code § 4-6-15 further precludes political subdivisions from filing any opioid litigation after January 1, 2021. *See* Indiana Code § 4-6-15-3. The statute expressly provides, "[a]fter January 1, 2021, no political subdivision shall initiate or file opioid litigation in any court." *Id.* § 4-6-15-3. The Complaint in this action was filed on May 24, 2021. *See* Compl. Although the statute did allow subdivisions to opt out of the settlement, subdivisions seeking to do so must have initiated litigation on or before January 1, 2021, adopted a resolution to opt out, and notified the attorney general in writing by June 30, 2021. *See id.* § 4-6-15-2(b)-(c). Any subdivision that did not opt out of a settlement as set forth in § 4-6-15-2(b)-(c) is "considered a party to [the] settlement" and "bound by [the settlement's] terms." *See id.* § 4-6-15-2(a). The Non-Participating Entities did not initiate litigation until May 24, 2021. Accordingly, pursuant to the express language of the statute and the terms of the Distributor Settlement, including the Release provided therein, the Non-Participating Entities' lawsuit should be dismissed.

## CONCLUSION

For the foregoing reasons, Settling Distributors respectfully request that this Court dismiss all claims by the Non-Participating Entities against Settling Distributors.

5

Dated:  June 21, 2022

Respectfully submitted,

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone:  (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
(202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Mark H. Lynch
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 21, 2022, Settling Distributors' Motion To Dismiss Claims Filed By Non-Participating Indiana Subdivisions As Barred By Statute was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas