# EXHIBIT A

Filed: 3/29/2022 9:33 AM
Clerk
Marion County, Indiana

| | |
|---|---|
| STATE OF INDIANA | IN THE MARION SUPERIOR COURT 7 |
| COUNTY OF MARION | CAUSE NO.: 49D07-1910-PL-044323 |

STATE OF INDIANA,

    *Plaintiff*,

    v.

CARDINAL HEALTH, INC.,

MCKESSON CORPORATION, and AMERISOURCEBERGAN DRUG CORPORATION,

    *Defendants*.

F I L E D
March 30, 2022
CLERK OF THE COURT
MARION COUNTY
DC

**FINAL CONSENT JUDGMENT AND DISMISSAL WITH PREJUDICE**

The State of Indiana ("*State*") and McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation, together with the subsidiaries thereof (collectively, the "*Settling Distributors*," and each a "*Settling Distributor*") (together with the State, the "*Parties*," and each a "*Party*") have entered into a consensual resolution of the above-captioned litigation (the "*Action*") pursuant to a settlement agreement entitled Distributor Settlement Agreement, dated as of July 21, 2021 (as subsequently updated) (the "*Agreement*"), a copy of which is attached hereto as Exhibit A.  The Agreement shall become effective by its terms upon the entry of this Final Consent Judgment (the "*Judgment*") by the Court without trial or adjudication of any contested issue of fact or law, and without finding or admission of wrongdoing or liability of any kind.

**RECITALS:**

1. Each Party warrants and represents that it engaged in arm's-length negotiations in good faith. In hereby executing the Agreement, the Parties intend to effect a good-faith settlement.

2. The State has determined that the Agreement is in the public interest.

3. The Settling Distributors deny the allegations against them and that they have any liability whatsoever to the State, its Subdivisions, and/or (a) any of the State's or Subdivisions' departments, agencies, divisions, boards, commissions, districts, instrumentalities of any kind and attorneys, including its Attorney General, and any person in his or her official capacity whether elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, and other Special Districts, and (c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, *qui tam*, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public.

4. The Parties recognize that the outcome of the Action is uncertain and a final resolution through the adversarial process likely will require protracted litigation.

5. The Parties agree to the entry of the injunctive relief terms pursuant to Exhibit P of the Agreement.

6. Therefore, without any admission of liability or wrongdoing by the Settling Distributors or any other Released Entities (as defined in the Agreement), the Parties now mutually consent to the entry of this Judgment and agree to dismissal of the claims with prejudice pursuant to the terms of the Agreement to avoid the delay, expense, inconvenience, and uncertainty of protracted litigation.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

In consideration of the mutual promises, terms, and conditions set forth in the Agreement, the adequacy of which is hereby acknowledged by all Parties, it is agreed by and between the Settling Distributors and the State, and adjudicated by the Court, as follows:

1. The foregoing Recitals are incorporated herein and constitute an express term of this Judgment.

2. The Parties have entered into a full and final settlement of all Released Claims of Releasors against the Settling Distributors (including but not limited to the State) and the Released Entities pursuant to the terms and conditions set forth in the Agreement.

3. The "Definitions" set forth in Section I of the Agreement are incorporated by reference into this Judgment.  The State is a "Settling State" within the meaning of the Agreement. Unless otherwise defined herein, capitalized terms in this Judgment shall have the same meaning given to them in the Agreement.

4. The Parties agree that the Court has jurisdiction over the subject matter of the Action and over the Parties with respect to the Action and this Judgment.  This Judgment shall not be construed or used as a waiver of any jurisdictional defense the Settling Distributors or any other Released Entity may raise in any other proceeding.

5. The Court finds that the Agreement was entered into in good faith.

6. The Court finds that entry of this Judgment is in the public interest and reflects a negotiated settlement agreed to by the Parties.

7. By this Judgment, the Agreement is hereby approved by the Court, and the Court hereby adopts the Agreement's terms as its own determination of this matter and the Parties' respective rights and obligations.

8.     The Court shall have authority to resolve disputes identified in Section VI.F.1 of the Agreement, governed by the rules and procedures of the Court.

9.     The Court hereby recognizes Indiana Code § 4-6-15 *et seq.*, as amended by P.L. 72-2022 *et seq.*, eff. March 10, 2022, as the statutory authority directing the means by which relevant funds paid pursuant to the Agreement will be divided within the State, subject to the full acceptance by any Subdivision receiving such funds of the terms of the Agreement, including the releases provided therein.  Under the terms of Indiana Code § 4-6-15-2, a Subdivision entitled to receive funds is a Subdivision that did not file opioid litigation on or before January 1, 2021; that did file opioid litigation on or before January 1, 2021 but did not opt out of the State's settlement; or did file opioid litigation on or before January 1, 2021, did opt out of the State's settlement but thereafter, exercised its right to timely opt in to the State's settlement memorialized in the Agreement.

10.    The Parties have satisfied the Condition to Effectiveness of Agreement set forth in Section VIII of the Agreement and the Release set forth in Sections XI.A, F, and G of the Agreement, as follows:

   a.   The Attorney General of the State exercised the fullest extent of his or her powers to release the Settling Distributors and all other Released Entities from all Released Claims pursuant to the release attached hereto as Exhibit B (the "*AG Release*").

   b.   The Settling Distributors have determined that there is sufficient State participation and sufficient resolution of the Claims of the Litigating Subdivisions in the Settling States to proceed with the Agreement.

   c.   The Participation Form for each Initial Participating Subdivision in the State has been delivered to the Settling Distributors. As stated in the Participation Form, and for the avoidance of doubt, nothing in the Participation Form executed by the Participating Subdivisions is intended to modify in any way the terms of the Agreement to which the Participating Subdivisions agree.  As stated in the Participation Form, to the extent the executed version of the Participation Form differs from the Agreement in any respect, the Agreement controls.  Also, pursuant to Indiana Code § 4-6-15-2, all Subdivisions, except for those Subdivisions entitled to opt out of the Settlement and that have, in fact, opted out of the Settlement, "shall

        be bound by the terms of any opioid litigation settlement imposed by … any other court of competent jurisdiction as accepted by the attorney general."

    d.    Pursuant to Section VIII.B of the Agreement, each Participating Subdivision in the State is dismissing with prejudice any Released Claims that it has filed against the Settling Distributors and the Released Entities.

11.    <u>Release</u>.  The Parties acknowledge that the AG Release, which is incorporated by reference herein, is an integral part of this Judgment.  Pursuant to the Agreement and the AG Release and without limitation and to the maximum extent of the power of the State's Attorney General, the Settling Distributors and the other Released Entities are, as of the Effective Date, hereby released from any and all Released Claims of (a) the State and its Participating Subdivisions and any of their departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind and attorneys, including the State's Attorney General, and any person in his or her official capacity whether elected or appointed to serve any of the foregoing, and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, and other Special Districts in the State, and (c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, *qui tam*, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public with respect to the State or any Subdivision in the State, whether or not any of them participate in the Agreement.  Pursuant to the Agreement and the AG Release and to the maximum extent of the State's power, the Settling Distributors and the other Released Entities are, as of the Effective Date, hereby released from any and all Released Claims of (1) the State, (2) all past and present executive departments, state agencies, divisions, boards, commissions and instrumentalities with the regulatory authority to enforce state and federal controlled substances acts, and (3) any of the State's past and present executive departments, agencies, divisions, boards, commissions and

5

instrumentalities that have the authority to bring Claims related to Covered Conduct seeking money (including abatement and/or remediation) or revocation of a pharmaceutical distribution license.  For the purposes of clause (3) above, executive departments, agencies, divisions, boards, commissions, and instrumentalities are those that are under the executive authority or direct control of the State's Governor.  Further, the provisions set forth in Section XI of the Agreement are incorporated by reference into this Judgment as if fully set forth herein.  The Parties acknowledge, and the Court finds, that those provisions are an integral part of the Agreement and this Judgment, and shall govern the rights and obligations of all participants in the settlement.  Any modification of those rights and obligations may be made based only on a writing signed by all affected parties and approved by the Court.

12. <u>Release of Unknown Claims.</u>  The State expressly waives, releases, and forever discharges any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads:

> **General Release; extent.** A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

13. The State may hereafter discover facts other than or different from those which it knows, believes, or assumes to be true with respect to the Released Claims, but the State expressly waived and fully, finally, and forever settled, released and discharged, through the Agreement and AG Release, any and all Released Claims that may exist as of the Effective Date but which the State does not know or suspect to exist, whether through ignorance, oversight, error, negligence or through no fault whatsoever, and which, if known, would have materially affected the State's decision to enter into the Agreement.

14. <u>Statutory Bar of Subdivision Litigation.</u> Indiana Code § 4-6-15-3 provides "[a]fter January 1, 2021, no political subdivision shall initiate or file opioid litigation in any court." The Parties agree this authority operates as a bar to the initiation of opioid litigation, as defined by statute, by any Subdivision occurring on or after January 1, 2021.

15. <u>Costs and Fees.</u> The Parties will bear their own costs and attorneys' fees except as otherwise provided in the Agreement.

16. <u>No Admission of Liability</u>. The Settling Distributors are consenting to this Judgment solely for the purpose of effectuating the Agreement, and nothing contained herein may be taken as or construed to be an admission or concession of any violation of law, rule, or regulation, or of any other matter of fact or law, or of any liability or wrongdoing, all of which the Settling Distributors expressly deny. None of the Settling Distributors or any other Released Entity admits that it caused or contributed to any public nuisance, and none of the Settling Distributors or any other Released Entity admits any wrongdoing that was or could have been alleged by the State, its Participating Subdivisions, or any other person or entity. No part of this Judgment shall constitute evidence of any liability, fault, or wrongdoing by the Settling Distributors or any other Released Entity. The Parties acknowledge that payments made under the Agreement are not a fine, penalty, or payment in lieu thereof and are properly characterized as described in Section V.F of the Agreement.

17. <u>No Waiver</u>. This Judgment is entered based on the Agreement without trial or adjudication of any contested issue of fact or law or finding of liability of any kind. This Judgment shall not be construed or used as a waiver of any Settling Distributor's right, or any other Released Entity's right, to defend itself from, or make any arguments in, any other regulatory, governmental, private individual, or class claims or suits relating to the subject matter or terms of this Judgment.

Notwithstanding the foregoing, the State may enforce the terms of this Judgment as expressly provided in the Agreement.

18. <u>No Private Right of Action</u>.  This Judgment is not intended for use by any third party for any purpose, including submission to any court for any purpose, except pursuant to Section VI.A of the Agreement.  Except as expressly provided in the Agreement, no portion of the Agreement or this Judgment shall provide any rights to, or be enforceable by, any person or entity that is not a Settling State or Released Entity.  The State shall allow Participating Subdivisions in the State to notify it of any perceived violations of the Agreement or this Judgment.  No Settling State, including the State, may assign or otherwise convey any right to enforce any provision of the Agreement.

19. <u>Admissibility</u>.  It is the intent of the Parties that this Judgment not be admissible in other cases against the Settling Distributors or binding on the Settling Distributors in any respect other than in connection with the enforcement of this Judgment or the Agreement.  For the avoidance of doubt, nothing herein shall prohibit a Settling Distributor from entering this Judgment or the Agreement into evidence in any litigation or arbitration concerning (1) a Settling Distributor's right to coverage under an insurance contract or (2) the enforcement of the releases provided for by the Agreement and this Judgment.

20. <u>Preservation of Privilege</u>.  Nothing contained in the Agreement or this Judgment, and no act required to be performed pursuant to the Agreement or this Judgment, is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege, and each Party agrees that it shall not make or cause to be made in any forum any assertion to the contrary.

21. <u>Mutual Interpretation</u>.  The Parties agree and stipulate that the Agreement was negotiated on an arm's-length basis between parties of equal bargaining power and was drafted jointly by counsel for each Party.  Accordingly, the Agreement is incorporated herein by reference and shall be mutually interpreted and not construed in favor of or against any Party, except as expressly provided for in the Agreement.

22. <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction of the Parties for the limited purpose of the resolution of disputes identified in Section VI.F.1 of the Agreement.  The Court shall have jurisdiction over Participating Subdivisions in the State for the limited purposes identified in the Agreement.

23. <u>Successors and Assigns</u>.  This Judgment is binding on each of the Settling Distributor's successors and assigns.

24. <u>Modification</u>.  This Judgment shall not be modified (by the Court, by any other court, or by any other means) without the consent of the State and the Settling Distributors, or as provided for in Section XIV.U of the Agreement.

25. <u>Dismissal with Prejudice</u>.  The Action is dismissed with prejudice, subject to a retention of jurisdiction by the Court as provided herein and in the Agreement, and all pending dates are hereby vacated.

So ORDERED this \_\_\_\_\_ day of 3/30/2022 _____, 2022.

Enter:                                                                By Order:

_____         _____

**INSPECTED, APPROVED, AGREED TO AND PRESENTED BY:**

By:  /s/ Cory C. Voight
     Cory C. Voight
     Attorney No. 23180-49
     Director of Complex Litigation
     *Counsel for Plaintiff*

By:  /s/ Jacob Bradley (with permission)
     Jacob Bradley
     Attorney No. 27750-49
     Quarles & Brady LLP
     Jacob.Bradley@quarles.com
     *Counsel for Cardinal Health, Inc.*

By:  /s/ Andrea Pierson (with permission)
     Andrea Roberts Pierson
     Attorney No. 18435-49
     Faegre Drinker Biddle & Reath LLP
     300 N. Meridian Street, Suite 2500
     Indianapolis, IN 46204
     Tel: (317) 237-0300
     Fax: (317)_ 237-1000
     Andrea.Pierson@faegredrinker.com
     *Counsel for McKesson Corporation*

By:  /s/ James D. Johnson (with permission)
     James Darrell Johnson
     Attorney No. 11984-49
     Jackson Kelly PLLC
     *Counsel for AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation*

10

**DISTRIBUTION:**
All Counsel of Record

Case: 1:17-md-02804-DAP  Doc #: 4549-1  Filed:  06/21/22  12 of 12.  PageID #: 587431