UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) "*Track 7*" ) ) ) ) ) | CASE NO. 1:17-MD-2804 SPECIAL MASTER COHEN DISCOVERY RULING NO. 25 REGARDING DEFENDANTS' INTERROGATORIES |

**AGENDA ITEM 330**

I.     PROCEDURAL BACKGROUND

During Track 7 discovery, Defendants served two sets of interrogatories upon Plaintiff Montgomery County, Ohio. Over the course of the past 9 months, the parties engaged in extensive negotiations over Plaintiff's responses and, despite appreciable progress, reached an impasse on certain issues. Defendants then requested rulings from the Special Master. The parties submitted letter briefs in support of their positions, and provided a voluminous record of their correspondence.[1]

After carefully reviewing this extensive record, the undersigned ruled by email on June 22, 2022 regarding the sufficiency of Plaintiff's responses to 14 interrogatories and 6 requests for production. Defendants then timely requested that three of these rulings (Interrogatory Nos. 1 and 11 (First Set), and Interrogatory No. 5 (Second Set)) be formalized, so that they could object to the Court. *See Appointment Order* (docket no. 69) at 5 ("If a Special master issues an informal ruling

---

[1] *See* Christopher M. McLaughlin Letter Brief, dated May 13, 2022; Lisa M. Salzburg Letter Brief, dated May 26, 2022.

or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court report. Such request shall be made within three days of issuance of the informal order or ruling, else the opportunity to object shall be waived."). Plaintiff did not request formalization of any rulings. The Special Master responds to Defendants' request with this *Discovery Ruling*.

## II. THE RULINGS

### Interrogatory No. 1 (First Set)

**Identify each prescription for a Prescription Opioid or Cocktail Medication that you contend was diverted.**

Plaintiff's Response to Interrogatory No. 1 (First Set) included a lengthy spreadsheet containing a "detailed analysis of each prescription that should have been flagged for diversion and that Defendants failed to investigate before it flowed into Plaintiff's community, leading to actual diversion. Plaintiff notes that these particular prescriptions were at especially high risk of diversion . . . ."[2]

Defendants complain that Plaintiff, by pointing to prescriptions that it contends are at a "high risk of diversion," failed to answer the precise question posed by the Interrogatory – that is, to identify those prescription you contend *were* diverted.[4] Defendants ask for an order directing Plaintiff "to provide any responsive information or knowledge it has without further delay."[5]

---

[2] Plaintiff's Second Supplemental Responses and Objections to the Pharmacy Defendants' First Set of Interrogatories, May 20, 2022 at 11.
[4] Email from Christopher M. McLaughlin to Special Master (May 27, 2022) (Agenda Item 330S at 4-5).
[5] McLaughlin Letter Brief at 5.

2

The Special Master agrees with Plaintiff, however, that "the burden of tracing each of these inappropriately dispensed pills to its end point is disproportionate to the needs of the case, especially given a public nuisance claim does not require this type of individualized proof."[6] Indeed, as Plaintiff correctly points out, it is even not possible to know every prescription that was diverted. Moreover, by responding with reference to prescriptions at an "especially high risk of diversion," Plaintiff furnished a response that comports with the standard of proof in a civil action. Defendants are not entitled to pin Plaintiff down to a specific contention that Plaintiff need not prove in order to make out its claims.

*Ruling:*

The Special Master therefore rules as follows: "**Defendant's request is denied. Plaintiff's Supplemental Response is sufficient.**"

\*\*\*

**Interrogatory No. 11 (First Set)**

**Identify each prescription for a Prescription Opioid or Cocktail Medication dispensed by a Pharmacy Defendant during the Relevant Time Period in the Geographic Area that You contend should not have been dispensed because it was not written for a legitimate medical purpose by a practitioner acting in the usual course of his or her professional practice and that caused the alleged damage, nuisance, or other harm for which You seek to recover in this case. For each prescription, (1) identify the same 34 fields that the Pharmacy Defendants were ordered to provide in the Court's 1/27/20 Discovery Ruling Regarding Pharmacy Data Production, Case No. 17-md-2804, Doc. 3106 at 8, (2) explain why the prescription should not have been dispensed, including any and all criteria used to determine that the prescription should not have been dispensed and the support or sources for that criteria, and (3) explain how the prescription caused the alleged damage, nuisance, or other harm for which you seek to recover in this case.**

---

[6] Plaintiff's Second Supplemental Responses and Objections to the Pharmacy Defendants' First Set of Interrogatories, May 20, 2022 at 10.

3

Plaintiff responded to this Interrogatory by referring Defendants to Plaintiff's response to Interrogatory No. 1 (First Set);[10] which, as noted above, included a spreadsheet identifying alleged red-flag prescriptions, and voluminous data of the sort requested in the first sentence of Interrogatory No. 11 (First Set).

Defendants complain that, despite repeated request, Plaintiff never supplemented its response to this Interrogatory[12] and complain that Plaintiff's original response failed to identify "even a single prescription dispensed by Defendants that it believes . . . should not have been dispensed because it was not written for a legitimate medical purpose."[13]  Defendants again ask for an order directing Plaintiff "to provide any responsive information or knowledge it has without further delay."[14]

Plaintiff's spreadsheet, which includes cocktail drugs and the data fields Defendants request, adequately responds to the first sentence of the Interrogatory and numeral (1) of the second sentence (with one exception noted in the ***Ruling*** below).  What is more, Plaintiff also specifically incorporated into its response prior MDL responses to analogous discovery requests.  Thus, Plaintiff's response to that aspect of the Interrogatory is sufficient.  The remainder of the Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case.  As Defendants well know, Plaintiff intends to prove its case in the aggregate, and not by pointing to individual prescriptions; Plaintiff need not respond to the questions posed by numerals (2) and (3).  Defendants do not need the information requested to defend against Plaintiff's claims, especially because they already have much of the information regarding their own dispensed prescriptions.

---

[10] *See* Plaintiff's Supplemental Responses and Objections to the Pharmacy Defendants' First Set of Interrogatories, March 23, 2022 at 43.

[12] Defendants assert that Plaintiff's supplemental response to Interrogatory 11 (First Set) merely repeats its original response, with no new information.  While this is true, Plaintiff's original response to this Interrogatory referenced its response to Interrogatory No. 1 which, as noted above, Plaintiff did supplement on May 20, 2022.

[13] McLaughlin Letter Brief at 4.

[14] *Id*. at 5.

*Ruling:*

The Special Master rules as follows:  **"Plaintiff's Response to the first sentence of this Interrogatory, including its reference to its Response to Interrogatory No. 1, is sufficient; except that Plaintiff must supplement its answer to the first sentence of this Interrogatory by identifying responsive known specific prescriptions from specific doctors (e.g. a "pill mill" doctor), if Plaintiff has not already done so. Plaintiff need not answer the rest of the Interrogatory."**

\*\*\*

Interrogatory No. 5 (Second Set)

**Your Red Flag Submission states that You identified "prescriptions dispensed by Defendants, which were written by prescribers regarding whom Defendants had or should have had actual or constructive notice were engaged in activity indicative of possible or actual diversion and/or were written by prescribers who issued the prescription without a legitimate medical purpose or outside the usual course of professional practice and/or were not authorized to issue controlled substance prescriptions." Describe how You identified each of these prescribers, including without limitation what facts You claim should have provided "actual or constructive notice" to Defendants that those prescribers "were engaged in activity indicative of possible or actual diversion," were issuing prescriptions "without a legitimate medical purpose or outside the usual course of professional practice," or "were not authorized to issue controlled substance prescriptions."**

Plaintiff responded to this Interrogatory with examples of the types of criteria and indicia that should have provided Defendants with actual or constructive notice that certain prescribers were writing problematic prescriptions.  Plaintiff also provided, in its Supplemental Response to Interrogatory No. 1 (First Set), a list of disciplined prescribers who Plaintiff may point to at trial as having written diverted prescriptions.

5

Defendants assert that Plaintiff's response did not include "information about what Plaintiff used to identify these prescribers in the first place and how."[19]  Defendants ask for an order directing Plaintiff to provide that information.

The Special Master agrees with Plaintiff that the information it provided is sufficient.  The additional information requested is overly broad and not proportional to the needs of the case.  In addition, much of what the Interrogatory asks for is already in Defendants' possession.

*Ruling:*

The Special Master rules as follows:  **"Defendants' request is denied.  Plaintiff's Supplemental Response is sufficient."**

\*\*\*

Finally, the Special Master adds the following general observation, applicable to each of these *Rulings*:  **As always, the parties should bear in mind that they have an ongoing duty to supplement discovery, and that, absent very good cause, a document must be produced in discovery or it may not be used at trial.**

### III.  OBJECTIONS

Given the substantial letter briefing and supporting exhibits already submitted on the topics addressed below, if any party chooses to object to any aspect of this Ruling, it must do so on or before July 11, 2022.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen
Special Master**

**Dated: July 4, 2022.  God Bless America!**

---

[19] McLaughlin Letter Brief at 7.