No. 21-4051

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 8, 2022
DEBORAH S. HUNT, Clerk

In re: NATIONAL PRESCRIPTION OPIATE )
LITIGATION )
)  O R D E R
In re: MEIJER, INC., et al., )
)
    Petitioners. )

Before: BOGGS, SILER, and THAPAR, Circuit Judges.

Following the district court's designation of the underlying case as a bellwether case in this multidistrict litigation arising from the over-prescription of opioid medications, Plaintiffs amended their complaint to add Meijer, Inc., Meijer Distribution, Inc., and Meijer Stores Limited Partnership (collectively, "Meijer") as defendants. Meijer petitions for a writ of mandamus, asking that we compel the district court to strike the amended complaint, which it alleges was filed without leave, after the deadline for amendments, and without good cause as required by Federal Rule of Civil Procedure 16(b).

Mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (citation omitted). "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Id.* (internal quotation marks and citations omitted). "First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief [it] desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* at 380–81 (first alteration in original) (internal quotation marks

and citations omitted). "Second, the petitioner must satisfy the burden of showing that [its] right to issuance of the writ is clear and indisputable." *Id.* at 381 (internal quotation marks and citation omitted). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.*

Meijer argues that the district court's actions illustrate a clear error of law and a persistent disregard of the federal rules, as we have previously granted mandamus in this MDL to strike pleadings filed after the deadline, pursuant to Federal Rule of Civil Procedure 16. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 846 (6th Cir. 2020). The key difference between the amendments in *In re National Prescription Opiate Litigation* and those here is the district court's—and Plaintiffs'—reliance on a provision in the district court's first case management order stating that Plaintiffs would be provided an opportunity to amend their complaints following selection of their case for a bellwether trial. But, applying our reasoning from *In re National Prescription Opiate Litigation*, it may be that the bellwether provision violates the spirit, if not the letter, of Rule 16. *See id.* at 843–45. Thus, a response from the district court would be helpful.

Accordingly, the district court is **INVITED to respond** to the mandamus petition within thirty (30) days. *See* Fed. R. App. P. 21(b)(4). Upon receipt of the response or the expiration of the time for responding, the mandamus petition will be resubmitted to the court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk