# EXHIBIT 3



28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

**Lisa M. Saltzburg**
*Licensed in CO, SC*
direct:  843.216.9630
lsaltzburg@motleyrice.com

MotleyRice ®
LLC
A T T O R N E Y S   A T   L A W
www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

May 26, 2022

**VIA E-MAIL**

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113-1837
david@specialmaster.law

Re:     *MDL 2804 Case Track 7 – Defendants' 5/13 Dispute*

Dear Special Master Cohen:

We write regarding Defendants' May 13, 2022 dispute concerning Montgomery County's discovery responses and request permission to provide this response and update. Unless the Special Master desires, we have focused on the substance of issues (as we have done in the meet and confer process), rather than responding to the allegations regarding timing. We did find it curious that Defendants removed the final e-mail, which contradicts their contentions and provides necessary context, in the only correspondence they provided which took place during the past 2-3 months.[1] We therefore have submitted a more complete version of Defendants' Exhibit 11 herewith.

We have grouped this response into three categories. First, issues which we believe are mooted by discovery supplements anticipated or already served, or by what appears to be a narrowing of the request in Defendants' reliance on a prior transcript. We disagree with Defendants' contention that an impasse had been reached before our last meet and confer in March.  If Defendants had asked we would have informed them that supplements to those responses were forthcoming.

Second, issues that are not ripe because the parties are still negotiating the scope of documents to be produced from a voluminous law enforcement database that contains confidential and privileged information.

Third, issues about which we believe the Parties have reached impasse.

**I.     Issues We Believe Are Mooted by Supplements Pending or Already Served.**

---

[1] Most of Defendants' voluminous submission pre-dates County's January 14 letter, to which Defendants waited 5 weeks to respond.



May 26, 2022
Page 2

**A. "Red Flag" Interrogatories - No. 1 & 11 (First Set) & Interrogatory Nos. 5 & 6 (Second Set)**

Plaintiff served a supplement to Interrogatories Nos. 1 and 11 (First Set) and 5 and 6 (Second Set). We disagree that the Parties reached an impasse on this issue back in March. We reserve the right to further supplement No. 5 (First Set) as it involves information uniquely in Defendants' control and discovery is ongoing. We have also corrected what appears to be a misunderstanding on Defendants' part regarding the meaning of the red flag submission, which we believe moots the issues as to Interrogatory No. 6 (Second Set).[2]

**B. Interrogatory No. 16**

Interrogatory No. 16 (First Set) cross-references the supplement to Interrogatory No. 1. The Defendants are incorrect to suggest that the County refused to engage in discussions concerning prescriber names; the previous response to Interrogatory No. 1 already listed well over a dozen names and Plaintiff's discovery requests to the Defendants also lists prescribers of concern which have been the subject of numerous meet and confers. Plaintiff is not required to make allegations against third-parties, or to identify every prescriber and reserves the right to further supplement as the discovery process continues. Plaintiff believes the issue is moot.

**C. Interrogatories Nos. 7, 10, 11, and 12 (Second Set) and Nos. 12 & 19 (First Set)**

As discovery unfolds, Plaintiff has been supplementing its responses, certain of which will be informed by information Defendants have yet to produce (such as names of disciplined pharmacists, which could be used to search the County's production), to respond to requests to identify documents on that subject matter. Plaintiff consistently has been clear with Defendants that it intends to provide Bates Numbers in Interrogatory responses consistent with Defendants' position in responding to Interrogatories. Plaintiffs is in the process of supplementing Interrogatories Nos. 7 (First Set) and, 10 and 12 (Second Set) and expects that supplement to be served soon.[3] We are evaluating No. 11, the relevance of which remains unclear.

Plaintiff previously provided Bates Numbers in Response to Interrogatories No. 12 and 19 (First Set) and reserves the right to supplement further. We are interpreting Defendants' reliance on the Track 3 transcript they attached as Exhibit 14 as narrowing Interrogatory No. 12 to communications with Defendants, rather than every pharmacy or pharmacist in the County. Plaintiff previously provided Bates Numbers for communications and as discovery is ongoing, is supplementing those materials. We do note that it is not possible to confirm that every communication is included or identify each such one, as we have not been able to identify the specific pharmacists at Defendants' stores who received the communications identified in the material cited. In particular, the County produced a spreadsheet outlining planned visits to pharmacies, for example, but it could not

---

[2] The County also incorporated by reference its response to Interrogatory No. 13, with which Defendants did not take issue, and of which this Interrogatory seems duplicative.

[3] As to Interrogatory, No. 7, the County notes that the earlier response does cross-reference communications identified in response to a separate Interrogatory as is.



May 26, 2022
Page 3

pinpoint the names of the chain pharmacies' employees who were visited or provide details about the communication(s) to a particular employee.[4] If Defendants (which must also possess any such communications) would identify employees they believe spoke with the County, the County could do a search using those names.  At present the County does not have the information sought by the Defendants.

## II.     Issues That Are Not Ripe re Requests Related to Law Enforcement Database - Interrogatories Nos. 3, 15, & 19 (First Set) & Interrogatory No. 15 (First Set), RFP. Nos. 3-4 & 11

Defendants' submission suggests that the Parties reached impasse over the production of information from a law enforcement database, from which the County categorically has refused to produce any incident reports. That is untrue. Indeed, as the same email Defendants attached as Exhibit 14 shows, the Parties discussed (and consulted with counsel in the New York case, in which sampling was successfully used), a means of narrowing the otherwise vastly overbroad request concerning the database. That correspondence notes, and Defendants do not dispute, that the County has been seeking to find a solution to Defendants' request for thousands of reports.  Each report must be manually extracted.  The Sherriff's Office estimated it would take 10-45 minutes to extract each report.[5]  Plaintiff has made clear to Defendants that it continues to attempt to find a solution to this issue.  As a result, this issue is not ripe for resolution.[6]

For purposes of the Interrogatories, until the parties resolve production of those records, the County could not search the production to identify any responsive Bates numbers.

Additionally, the County has sought information from Defendants that would aid in running a search and formulating a response. If Defendants believe, for example, that one of their pharmacists reported a forgery, Plaintiffs sought the name to prioritize a search. Further, Plaintiff sought from Defendants the names of employees who faced disciplinary action or investigation. In fact, Plaintiff has requested the identities of these employees in its Interrogatories.  Defendants have failed to

---

[4] This spreadsheet was produced after the March 23 Response and as Defendants note, the County reserved the right to supplement its response. The County, unlike multiple Defendants, to whom it graciously afforded an extension, did meet its substantial completion deadline. Substantial completion, however, does not mean every document has been produced, making Defendants demand to disclaim the existence of communications all the more unreasonable.

[5] McLaughlin Ex. 14 at 1.

[6] In that regard, it is telling that Defendants' premise their dispute about Interrogatory No. 3, for example, on a March 30 email that predates the 2-hour phone conference held the next day. During that call, as they had done before, the Parties recognized that any dispute over Interrogatory No. 3 was subsumed by their ongoing efforts to reach and agreement about sampling of records from a law enforcement database. Although Defendants were slow to make any counter-proposal to the County's offer on that issue, the parties were simultaneously negotiating it, which negotiations are and were at the time Defendants sent their letter, still ongoing.



May 26, 2022
Page 4

provide an answer. This information could be used to search for responsive Bates Numbers or the ultimate database production in relation to Interrogatory No. 19.

Finally, as to Requests for Production, it bears reiterating that although the documents sought are likely to reside at the state or federal, not local level, there is no dispute that production from the extensive collection of custodial and non-custodial sources is designed to adequately address these and other RFPs. Other than the outstanding database issue discussed above, the Parties have resolved any disputes concerning the scope of the production of documents. Neither RFP No. 3 nor No. 4 is listed among the Discovery Requests with which Defendants still took issue in their belated objections to the County's March 23, 2021 supplement. The same analysis applies to RFP No. 11. If defendants would disclose the identity of pharmacists who were investigated (at least certain Defendants have advised they will supplement their responses, which have yet to disclose this information),[7] the County can perform a search. It has also pointed to the law enforcement database, although it would expect the type of information sought to reside at the state or federal level and not with the County.

### III.     Remaining Issues -- Interrogatory No. 5 (First Set) and RFP Nos. 15, 17-18

Defendants here take issue with a response to Interrogatory No. 5 (First Set), which is *more* detailed than the response that satisfied them on a parallel Interrogatory (No. 20) to the Track 3 Plaintiffs.[8] As the Special Master observed in Track 3, the Interrogatory is "so broad that it would be easy . . . to say it's so broad it can't be answered and plaintiffs' don't have to."[9] Instead, in Track 3, the Special Master ordered disclosure of a "kernel" of information reflecting what the Counties' knew at the time. It did, however, offer citations to Bates numbered documents and to public sources, including sources already cited in the Complaint. Defendants complain that these are examples, not the full universe of communications, but Montgomery County, like Lake and Trumbull Counties, does not police Defendants' communications. There is no dispute that it has searched for responsive documents and it will supplement if it uncovers communications in its own files, but ultimately, Defendants have better access to this information. They offer no reason why the same supplement that sufficed in CT3, *after* the conference they cite, does not serve equally well here.

Separately, Defendants take issue with the responses to RFP No. 15 The issue, here too, is not with the scope of production or the appropriateness or scale of the search. Rather, it is whether, in response to a broad RFP seeking all documents that "refer or relate" to opioid volumes in the Geographic area. The County has access to public information, such as the CDC website, and could have information that relates to such sources. It does not, however, have access to the type of volume-related data that Defendants possess. Rather, as alleged in the Supplemental Pleading, Defendants have much greater access to information. It is not obligated to conclusively rule out the existence of

---

[7] CVS stated that its supplement would entail a narrative response of "exemplar" documents.
[8] The Response includes the same information as the Track 3 Plaintiffs and also refers Defendants to 17 detailed paragraphs, which include sourcing footnotes in the Supplemental Pleading.
[9] McLaughlin Exhibit 14 (further stating "I could do that very easily and feel justified in doing so).



May 26, 2022
Page 5

any document possibly related to this topic to respond to this RFP, nor is that the standard to which Defendants are holding themselves in this case.

In the same vein, Defendants argue about the phrasing of the County's response to RFPs No. 17 and 18, which seek documents in its possession, custody, or control relating to suspicious orders. Again, the dispute is not about whether the County has fully produced any material Defendants could reasonably expect. It is over the phrasing of a response the County already amended once to attempt to track Defendants' complaints about how its response was phrased. The fact is, the County has been clear throughout its pleadings that information about suspicious orders is in Defendants' possession. At the same time, the materials Defendants' chose to sweep within their broad RFP include, for example, ARCOS data, discovery from their files, and information about third-party enforcement actions by non-parties, sources which the County has no obligation to reproduce to Defendants, but to which it refers them to in its answers. Plaintiff is willing to discuss the precise phrasing Defendants seek, but believes that any dispute is a fruitless distraction, given the absence of any question as to whether Defendants possess any responsive information.

Respectfully,

*/s/ Lisa M. Saltzburg*

Lisa M. Saltzburg

cc:    mdl2804discovery@motleyrice.com
       Alex Harris, alex.harris@bartlitbeck.com
       tracks6to10defendants@bbhps.com

# Exhibit A

## Brown, Dominique

| | |
|---|---|
| **From:** | Saltzburg, Lisa M. |
| **Sent:** | Thursday, March 31, 2022 3:54 PM |
| **To:** | McLaughlin, Christopher M.; Jennifer Hagedorn |
| **Cc:** | Gates, Lisa B.; Trevor Scheetz; Fu, Abigail; Elsner, Mike; Unterreiner, Amanda; alex.harris@bartlitbeck.com; Morrison, Kristin S.M.; External User - Steven Herman; External User - Trevor Sheetz; Peter Bigelow; Mike Burns; Ronda Harvey |
| **Subject:** | RE: Montgomery County document custodians |

Chris,

I have been very patient with the casting of broad aspersions in lieu of focus on the issues, and generally have not responded in order to direct our efforts to productive discussion. That said, it has become a bit much, even for me. Being no longer available on a date originally proposed, and offering a different one, is not "cancelling" a set meet and confer. Further, in the only specific e-mail chain you reference, you responded to my March 9 e-mail with a lengthy, five-paragraph discussion that did *not* accept the offer to confer. That is reasonably construed as rejecting that offer, and it was a different defense counsel who later followed up to ask for a conference — which we ultimately set. If anything, I have probably been too quick to try to get things scheduled.

Had Defendants given us their questions earlier, we likely could have had answers and a much more productive discussion. It is unlikely we will be able to respond in under 2 hours to everything you ask. We'll do our best, and understand it is Defendants' preference to plow ahead rather than having the information in hand for a more meaningful discussion. Defendants' reluctance to simply provide that information earlier is puzzling and frustrates our best efforts to use our conference time efficiently, to the benefit of all involved.

We look forward to talking with you at 4.

Best,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Thursday, March 31, 2022 2:19 PM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

1

We are available to meet and confer at 4:00 PM today and will circulate an invite.

At least twice, you proposed dates and times for meet and confer calls, we responded that we were available on those dates and at those times, and you subsequently informed us that you were no longer able to speak with us at the agreed upon date and time (e.g., March 16).  That is what I referred to.

In your emails on Tuesday and Wednesday, you asked us to tell you what was "moot" in light of the supplemental responses.  We obviously discussed a number of issues related to the supplemental responses on our call last week, and we continue to believe a number of your responses are deficient.  For example, we have said we believe we are at an impasse on ROGs 1 and 11, and that we may raise those issues with Special Master Cohen.  With regard to the Interrogatories that we said we still want to discuss with you, I'm putting additional information about why we want to discuss them with you below.  To the extent necessary (and we are not sure it is), after we talk today, we can send you a follow up letter.

**First Set**

Interrogatory No. 15 – This is not an appropriate use of Rule 33(d).  The county's citation to the Sheriff's Office database extract is insufficient because it does not clearly identify each instance of a forged or altered prescription.  The county should produce all underlying incident reports relating to prescription forgery or alteration.

Interrogatory No. 16 – We are not asking the county to answer a different interrogatory, only the interrogatory that was asked.  The county has not provided a substantive response.

Interrogatory No. 19 – This is not an appropriate use of Rule 33(d).  The county has not specified any records from which the answer to this interrogatory can be derived.  If the county is unable to identify any information responsive to this interrogatory, please simply confirm that your investigation did not uncover any such complaints.

Interrogatory No. 20 – The county relied on Rule 33(d), but the few documents cited do not appear to be responsive to the question that was asked.

**Second Set**

Interrogatory No. 5 – The county still has not provided all responsive information.  Specifically, the county has not answered how it identified the prescribers listed in its red flag submission.

Interrogatory No. 6 – The county previously supplemented this response, stating:  "Plaintiff states that certain prescribers contributed to the opioid epidemic in Montgomery County, Ohio."  The most recent supplement excluded that statement and changed the county's previously sworn answer.  Was that inadvertent or intentional?

Interrogatory No. 7 – This is not an appropriate use of Rule 33(d).  The county has not specified any records from which the answer to this interrogatory can be derived.  The county's supplemental narrative answer does not cure this deficiency, unless you confirm that your investigation revealed no other responsive communications with current/former employees of the Pharmacy Defendants.

Interrogatory No. 8 – The county relied on Rule 33(d), but the few documents cited do not appear to be responsive to the question that was asked.

Interrogatory No. 10 – This is not an appropriate use of Rule 33(d).  The county has not specified any records from which the answer to this interrogatory can be derived.

<u>Interrogatory No. 11</u> – This is not an appropriate use of Rule 33(d).  The county has not specified any records from which the answer to this interrogatory can be derived.

<u>Interrogatory No. 12</u> – This is not an appropriate use of Rule 33(d).  The county has not specified any records from which the answer to this interrogatory can be derived.

**RFP 5 Sampling Proposal**

What specific fields associated with which specific databases did the county choose not to include in the database extracts that were produced?  Is there a way to filter the Tiburon data by statutory subsection (similar to the filtering function available for the Motorola data) or is filtering limited to the general code number?   Is there a way to filter the court data by statutory subsection (similar to the filtering function available for the Motorola data) or is filtering limited to the general code number?  Why do certain fields show up as "Null?"  Why are certain fields in the court database extract blank?

**Abatement Discovery/RFP 27**

As I'm sure you're aware, during CMO discussions, Defendants took the position that Plaintiffs should provide their abatement plan early in discovery, precisely because it was necessary to conduct efficient fact discovery and that the provision of it later would result in difficulties in getting documents and questioning relevant witnesses about that plan.  Plaintiffs opposed that request.  If Plaintiff cannot provide discovery or information necessary to assess the relief its seeks, we should discuss the issue with Special Master Cohen.  Plaintiffs are creating a catch-22, where they say that discovery on abatement is "premature," but then oppose efforts to seek full discovery on abatement in "Phase II."

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Thursday, March 31, 2022 12:38 PM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Chris,

I take the unwillingness to identify any instance to support your claim that "[t]his isn't the first time that you've unilaterally cancelled a scheduled meet and confer call," as an acknowledgment that Defendants cannot substantiate that accusation. Turning to the issues at hand, if you have questions regarding the sampling proposal, pending for more

than a week, you must know what they are. You also expressed confidence previously that Defendants could respond as early as last Friday, and have had the information in the production since March 16. We do not take issue with seeking to discuss it further, but do not understand the refusal to tell us what your questions are in advance so we can be prepared to address them. To ensure we are clear, are Defendants refusing to do that? And is the reason Defendants are not yet offering a counter-proposal that their response turns on the answer to one of those questions?

Regarding the Interrogatories, you have not written us multiple letters, or provided any information at all, concerning issues with the supplemental responses. All of your correspondence pre-dates the supplement. Since then, you simply stated that you did not have time to discuss those interrogatories yet. That is why we seek to understand what your issues are so that we can be prepared to address them and have a productive discussion. Are Defendants refusing to tell us what issues they still take with the responses?

Given we have essentially no idea what Defendants seek to discuss, it is difficult to see how a productive discussion can be had. At this point, I am frankly a bit confused about whether you are seeking to confer on the sampling today, or stating that it is too "complicated" such that Defendants desire to carve that out for future discussion. Please provide the questions you seek to ask on sampling and some basic idea of what you would like to discuss on the Interrogatories, and we will carve out an hour this afternoon to discuss them.

Separately, regarding Interrogatory No. 27, your explanation seems different than the RFP is written, and also internally inconsistent. Because we have not yet submitted an abatement plan, given the expert deadlines in this case, it is also premature, as Defendants seem to be seeking the "Phase II" discovery in the order they reference. As framed, it does appear to encompass materials Defendants' review of documents has likely disclosed to them that they already possess. Given the timing, we will separately respond to your belated and shifting position regarding various discovery requests in your March 28 letter to all Plaintiffs in coordination with those Plaintiffs.

Please let us know if 4pm today works for you and provide the basic information we have repeatedly requested about what you seek to discuss.

Best regards,

Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Thursday, March 31, 2022 11:45 AM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

4

This is not productive.  We've asked for a meet and confer to finish discussing the ROGs that we weren't able to discuss.  We've written you multiple letters about issues that we want to discuss, and we've been clear that we don't think you're providing the required discovery related to the relief that you seek.  We were supposed to meet and confer yesterday, but you canceled.  You said you would be available to meet and confer today, if we provided times and the issues that we thought were still necessary to discuss.  We did so.  We should meet and confer today to try to address those ROGs, so that any disputes can be narrowed and any remaining issues may be raised with Special Master Cohen.  If you're refusing to do so, please let us know.

Our discussions on sampling should not delay discussions of other issues.  After weeks of requesting a proposal from you, you provided us with one last week.  The issue is a complicated one, and it should not surprise you that we want to discuss it further with you, especially when we learned on the call last week that you have narrative information that was not included in the spreadsheets provided that might assist us in formulating a counter-proposal.

To answer your question on RFP 27, we would point you to the request itself, which asks for "[a]ll Documents relating to Your efforts to recover expenditures related to Prescription Opioid or Illicit Drug addiction, misuse, abuse, or overdose in the Geographic Area from any Person . . . ."  As you know, in our February 22, 2022 letter, we also explained that "to the extent that Plaintiff has obtained or sought funds from sources other than Pharmacy Defendants in order to pay for its prior or future efforts to address the alleged public nuisance it claims to exist . . . such documents plainly are relevant and must be produced."  We think that explanation is pretty clear.  It would potentially include grants, forfeitures, and other categories of documents related to efforts to obtain funds to pay for efforts to address the alleged public nuisance.  As to the relevance of the request, we've already pointed you to the Court's January 4, 2022 order, which required the Track 3 Plaintiffs to produce "discovery showing how much money Lake County and Trumbull County each expended on [the elements of their abatement plan] in the two most recent years for which such data is available."  ECF No. 4220.  Clearly, we are entitled to discovery on efforts to obtain funds to pay for "prior or future efforts to address the alleged public nuisance it claims to exist."  Furthermore, such information and efforts to recover funding, go to, among other things, the nature of the alleged issues, priorities in addressing those issues, and so forth.  Please let us know, as we have been asking for months, whether Plaintiff will produce the documents it is required to produce in response to this request.

As Plaintiff is required to do, we will expect Plaintiff to provide appropriate discovery on abatement.  If it does not intend to do so, we will immediately raise the issue with Special Master Cohen, including the issues raised on our March 28, 2022 letter.  We believe we are at an impasse on ROGs 1 and 11, which we discussed on our last call.  We will also consider raising those with Special Master Cohen, unless you believe it would be productive to discuss them further.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Thursday, March 31, 2022 9:36 AM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey

<rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Chris,

Please explain what you mean by unilaterally cancelling a meet and confer? I'm not aware of what you are referencing. The fact is, Defendants took nearly five weeks to respond to our January 21 letter. Despite that unexplained delay, which meant that Defendants suddenly raised their request to confer at more difficult time for scheduling a conference, we still carved out time and spent more than an hour on the phone with you. We then continued to confer, including discussing sampling approaches with New York counsel, which both sides agreed would be beneficial, and spent, again, more time than planned as defendants exhausted the hour and half they set the call for last week. Much of that discussion did not address the issues in your letter at all, but rather where in an addition to meeting the substantial completion deadline, the County had utterly completed its production of all documents. We also made clear to you at the last call that we have continually sought defendants' position to inform our own and provide for a productive discussion.

So that we can use our conference time to have a meaningful, productive discussion, please advise as to what issues Defendants are raising with respect to the Interrogatories as supplemented. We believe we have addressed any issues and need to know what Defendants are raising so that we can productively discuss them.

Concerning sampling, it is troubling that defendants assert they are not now providing a counter-proposal because they feel they had too few hours before the conference a week ago to do so. That does not explain today's response. Defendants have had both the County's proposal and detailed information from the conference for a full week at this point. They have also had our last production with an especially detailed cover letter since March 16. To suggest there has been insufficient time to formulate a proposal or response is not reasonable (nor do defendants, who had advised they would respond earlier on our last call, actually suggest they had insufficient time over the past week to do so). You state that you "have some questions" about the sampling proposal we discussed. Please let us know what those questions are so that we can plan to address them before we speak. We also look forward to a counter-proposal from Defendants concerning what *would* be sufficient.

Regarding the lengthy discussion of other issues, it is troubling that Defendants seem more interested in raising disputes, and casting unfounded aspersions, than in resolving them or productively moving forward with discovery. Defendants' position regarding RFP responses is particularly puzzling, including concerning issues we discussed over 90 minutes and believed we have resolved. Defendants seemingly shifting position, and the email below, cannot be squared with Defendants' own discovery responses and approach to discovery, which entails asserting dozens of general objections and then stating they will search or produce, or reserve the right to produce, certain documents – with far less detail in any follow up than the County has provided. When we have discussed this disconnect, you have asserted that different counsel handle affirmative and defensive discovery.  Regardless of which counsel press which effort for a defendant, however, that defendant cannot claim that a different standard applies to its own RFP responses than the County's. The time spent on this issue, and defendants' posture, is also puzzling in light of the history and established practice in this MDL for some four years now, including in the Track Three case against the pharmacy defendants. More broadly, in 4-5 years of working on opioid litigation, I cannot think of a time any defendant has taken the position the chain pharmacies are now asserting concerning the ability to understand discovery responses. It comes across as especially odd given the extent to which the County has gone above and beyond in its Responses—including providing exemplar Bates numbers in response to RFPs, for example, as well as in its detailed cover letters.

Troublingly, when we asked defendants to explain what they seek in one RFP, No. 27, they proved unable to do so. Instead, they attempted to avoid the issue and asserted that the purpose of a meet and confer is not for defendants to

explain what they are seeking. When pressed, defendants than gave two conflicting answers. You asserted that the RFP clearly sought only discovery related to efforts to recover abatement relief. We then explained that we have provided the non-privileged information in response. A different counsel subsequently jumped in to disagree with your characterization of the RFP, stating that it was not limited to abatement, but directed to something different. When we asked whether it involves all past costs, such as grant information, defendants were unable to answer. As we have explained, the County's broad collection of documents may well mean that, notwithstanding the fact that the request is objectionable, responsive information has been obtained. We have yet to receive an explanation, however, of what defendants seek. Nor could defendants explain the relevance of the RFP to any issue in the Track 7 case. We therefore ask that you be prepared to discuss on the next call the information defendants were unable to provide as a unified position on our last conference. Specifically, we seek answers to the following questions: (1) is the request directed to abatement only, or something else; (2) how is this relevant to the Track 7 litigation; and (3) what type of information are you seeking/expecting to be responsive?

On that front, we note that defendants delayed past their own projected time-frame in responding to our sampling proposal, and failed to respond to my email below, but in the interim found time to write a 7-page letter about *other* discovery requests. Although Defendants objected to participation of any other Plaintiff's counsel in our previous conferences, suddenly, this correspondence is addressed to all Tracks. We expect the reason is that Defendants never previously raised any issue with the interrogatories in the letter they sent Tuesday evening in correspondence or prior conferences over the past five months. Neither the November nor the February letters from Defendants raise any issue with these Interrogatories. The only overlap is with RFP 27, and there is a complete disconnect with our discussion on that RFP, referenced above. Given defendants insistence on discussing these issues separately in Track 7, any attempt to add a late objection to responses with which Defendants never suggested they were taking issue in hours of conferences and correspondence is inappropriate.

Please respond concerning the issues Defendants seek to discuss regarding the Interrogatories referenced in your email below and the questions defendants have with respect to sampling (as well as their counter-proposal), and we will set a time to confer.

Best regards,

Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Wednesday, March 30, 2022 1:32 PM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

This isn't the first time that you've unilaterally cancelled a scheduled meet and confer call.  I shouldn't have to remind you that after weeks of requesting supplemental responses and a sampling proposal from you, you provided them to us just a few hours before our meet and confer call last Wednesday yet we still went forward with the call and tried to make it productive.

The purpose of the call today was to discuss the interrogatories and document requests that we were not able to discuss on our meet and confer call last week because you ended the call.  Your characterization of our discussion last week also is inaccurate.  To the extent we asked questions about whether the county had produced documents in response to certain requests it was because the county's written responses are littered with so many objections and are so ambiguous that it was unclear to us what, if anything, the county intended to produce.  That has been a concern of ours all along, and it was validated last week when you revealed for the first time that the county does not actually possess documents responsive to several requests that the county previously indicated it would produce documents in response to.  As we repeatedly advised in our correspondence to you and in our meet and confer calls, if you do not have responsive documents, we would expect that you say that.

To that end, please confirm that the county does not possess documents responsive to RFP Nos. 11, 15, 17, and 18.  Please also confirm that the county does not possess documents responsive to RFP Nos. 3 and 4, other than what may be referenced in the database extracts you provided and the Sheriff's Office and court files underlying those extracts.  You also stated that, besides the documents specifically cited in its supplemental response, you do not believe the county possesses any other documents responsive to RFP No. 9.  Please confirm that is the case.

With respect to the interrogatories, we only were able to discuss three of them before you ended the call.  As we informed you on the call, the Pharmacy Defendants do not believe that the county's supplemental responses to Interrogatory Nos. 1 and 11 are sufficient because, quite plainly, the county is refusing to provide the requested information.  We also discussed Interrogatory No. 3 and you stated that the county is not aware of any responsive information in its possession.  Please confirm that is the case.

As to the interrogatories that we were not able to discuss last week, the Pharmacy Defendants continue to believe that many of the county's responses/supplemental responses are deficient.  Without waiving our position that Plaintiff's responses are deficient (*e.g.*, ROG 13) or that Plaintiff will need to supplement a response at a later date, as Plaintiff has committed to do in certain instances (*e.g.*, ROGs 7-9 (first set)), we would like to discuss Interrogatory Nos. 15, 16, 19, and 20 (first set) and Interrogatory Nos. 5, 6, 7, 8, 10, 11, and 12 (second set) on our next call.  Those are the interrogatories for which we sought to meet and confer with you today.  In addition, if the county will confirm that the documents referenced in its supplemental responses to Interrogatory Nos. 5 and 12 (first set) are the only responsive documents the county is aware of at this time, then it will not be necessary to discuss those responses further.

Additionally, we have some questions that we need to discuss with you about Plaintiff's sampling proposal regarding RFP No. 5, which again you provided only hours before the last call.  Plaintiff's proposal is that "Defendants select 100 random records from each database for the County to collect and produce."  As you know, each database was produced only on March 16, contains more than 20,000 incidents and more than 114,000 court cases, respectively, and provides only a limited amount of information excerpted from a larger database.  We have some questions that we expect you can address on our next call, now that we have had time to review the database excerpts.

We do not, however, believe that the sampling proposal you offered is sufficient.  At a minimum, it is our position that underlying incident reports and court records related to ORC 2925.22 (Deception to obtain a dangerous drug) and ORC 2925.23 (Illegal processing of drug documents) should be produced by the county without any sampling.  These are the two code sections that diversion investigators in prior tracks identified as the ones most often associated with charges related to prescription drug diversion.  We also believe that there are relevant records associated with ORC 2925.03, 2925.11, and 2925.37.  We understand that those records would be voluminous and we are willing to discuss a sampling or targeted collection of a subset of the underlying documents associated with those code sections.  However, the search functions across the Motorola, Tiburon, and court database extracts are inconsistent which makes filtering difficult and that problem is exacerbated by the county's decision to exclude narrative fields from at least some of the

database extracts.  Those are issues we need to discuss with you so that we can try to come up with a reasonable solution.

Lastly, we disagree with your statements about RFP 27.  We have always been, and continue to be consistent, that Plaintiff's response is problematic, and that Plaintiff needs to produce documents responsive to this RFP.  We've discussed our position in multiple letters, including the February 22, 2022 letter.  As you note, we also sent a letter to Plaintiffs regarding their failure to meet their obligations related to "abatement" discovery.  We will expect you to meet those obligations with respect to RFP 27 and other discovery requests that relate to Plaintiff's claims, including any abatement remedy it seeks.

We're available to continue this meet and confer tomorrow between 12:00-2:00 PM.  Please confirm that time works for you and we will send an invite.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Wednesday, March 30, 2022 8:34 AM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Chris,

We received a meeting invite but still no response to this email. We also have not received the response to our sampling proposal, which defendants anticipated they would send last week or at the latest, early this week. We have spent in excess of two and half hours conferring on defendants' past correspondence, without an update from Defendants. Much of that time was spent not on questions about *scope* of responses, the subject of this correspondence, but rather *timing* of production and, specifically, whether every document had gone out the door. Defendants have not yet advised which, if any issues with Interrogatory responses they did not raise on the last call are not moot by the supplements to those same responses.

We will need to reschedule this call until after receiving defendants' response and having had a chance to review Matthew Ladd's separate letter concerning RFPs, which is directed to all tracks despite defendants' unwillingness to confer with Plaintiffs together here for the sake of efficiency on the same Request. On our last call, defendants advanced two conflicting positions concerning the scope of the only RFP involving that issue, and we asked for information

concerning what Defendants seek in this RFP which Defendants were unable to provide at that time. Please confirm Defendants will provide that information.

We will try to accommodate a time tomorrow that works for defendants if you will propose a time to reschedule.

Best regards,

Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** Saltzburg, Lisa M.
**Sent:** Tuesday, March 29, 2022 11:01 AM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

Chris, we can do 11EST. We'd like to have a chance to see defendants' response regarding sampling before the call. I know you had said last week/early this week. Could you let us know when we will receive that and what issues Defendants think are moot in light of the earlier supplement?

Best,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Monday, March 28, 2022 7:13 AM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

We're available on Wednesday morning.  How about 11:00 AM (EST)?

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Friday, March 25, 2022 7:39 PM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Chris,

Are you all available Wednesday morning? We can also do Thursday after 10AM. We look forward to hearing back from you on the issues we discussed. If there are issues you think are moot given our prior correspondence, it would be helpful to know that as well so we can focus our discussion next week.

Best regards,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Wednesday, March 23, 2022 2:36 PM
**To:** Jennifer Hagedorn <jhagedorn@bowlesrice.com>; Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

We're available to complete the meet and confer any time this Friday.  We're also available next Monday between 9:00 AM and 2:00 PM or any time next Tuesday.  Please let us know if any of those windows work.  Thanks.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

---

**From:** Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Sent:** Sunday, March 20, 2022 7:11 PM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Lisa: I just sent a meeting invite for Wednesday from 3 until 4:30.  It would be helpful to have the discovery supplement and the "sampling" proposal by Tuesday so that we have enough time to review and hopefully remove some of the issues from the discussion agenda.  Thank you.

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Saturday, March 19, 2022 11:47 PM
**To:** Jennifer Hagedorn <jhagedorn@bowlesrice.com>; McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians

Jennifer,

We spent over an hour conferring with Defendants on these issues after Defendants took more than a month to respond to our letter addressing them, and then demanded that we both respond and complete a meet and confer within essentially the same amount of time it has taken Defendants to confirm Wednesday will work for them here. This is sort

of delay of 4-5 weeks, only to demand that the County respond at the drop of a hat, is not productive, and to respond to the lengthy recitation below would only distract from productively moving forward.

We do plan to provide a supplement, and rather than doing it piecemeal last week and next week before the conference, will plan to supplement before we confer on Wednesday. I did anticipate it being sooner, so apologies for my estimate being off on that. In the meantime, although not obligated to do so, we have also, for example, provided bates numbers of RFP responsive documents. We will also be transposing the information we already provided via letter into the responses as discussed. I believe both sides agreed on our last call that it would be helpful to have the benefit of the background on the New York experience before we speak again. We remain puzzled by Defendants' insistence that, before they can tell us if they will categorically oppose any sampling approach, no matter what we describe on our next call, they desire that we provide this additional information before they will disclose their position on that front. We have, nevertheless, coordinated with New York counsel as planned, and hope we can have a productive discussion on Wednesday.

We look forward to a productive discussion on Wednesday. Between 3-4:30 eastern is best for me, but we can make any time after noon eastern work. Would you like to circulate a call in, or do you prefer we do?

Best,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Sent:** Friday, March 18, 2022 10:04 AM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>; Mike Burns <mburns@hilgersgraben.com>; Ronda Harvey <rharvey@bowlesrice.com>
**Subject:** RE: Montgomery County document custodians
**Importance:** High

CAUTION:EXTERNAL

Good afternoon Lisa:  Confirming that the Pharmacy Defendants are available for a meet and confer on **Wednesday, March 23, 2022** at a time convenient for you.  We will preliminarily choose **11 a.m. EST**; however, we want to make it clear that we will make ourselves available at any time of your choosing that day given the importance of the resolution of these discovery issues.  To recap the written discovery process with you, we observe the following:

- On November 24, 2021, we sent our initial correspondence outlining the deficiencies in the County's responses to the Pharmacy Defendants' first sets of interrogatories and documents.

- After not receiving a response to the correspondence dated November 24, 2021, we sent an email inquiry dated December 7, 2021, requesting a response to the issues raised in the deficiency letter dated November 24, 2021.

- Ten days later, on December 17, 2021, we sent another email requesting a response by December 22, 2021.

- On December 21, 2021, you responded by email stating that you were ". . . not able to respond tomorrow given the holiday schedules, but will aim to send a response letter next week."

- After not receiving any response to the original deficiency letter or the follow-up emails, Special Master Cohen, at the request of the Pharmacy Defendants on January 7, 2022, ordered you to respond to the deficiency letter by January 14, 2022.

- In the meantime, on January 13, 2022, we sent another letter outlining deficiencies in the County's responses to the Pharmacy Defendants' second set of interrogatories.

- On January 14, 2022, the County finally responded to the original deficiency letter, however, the response failed to substantially address the concerns raised by the Pharmacy Defendants.

- Although our initial letter raised problems with the County's responses to 12 interrogatories and 13 documents requests, on January 21, 2022, the County supplemented only 1 interrogatory from the Pharmacy Defendants' first set of interrogatories and none of the County's problematic responses to the Pharmacy Defendants' first set of document requests.

- On February 22, 2022, the Pharmacy Defendants sent another letter once again outlining the outstanding deficiencies in the County's discovery responses. In that correspondence, we requested a meet and confer to discuss the outstanding issues.

- You responded on February 25, 2022, agreeing to meet and confer.

- The parties met and conferred on March 2, 2022.  At that time, you were not prepared to discuss all of the issues that remained outstanding.  In fact, you refused to discuss many of the interrogatories or requests for production at issue without the involvement of counsel for the plaintiffs in the other tracks, even though the purpose of the meet and confer was to discuss Montgomery County's deficient responses.  Furthermore, we could not finish the discussion on the discovery requests that you were willing to discuss because of the limited time that you had available that day.

- So, we agreed to schedule a follow-up meet and confer call.  In the meantime, you promised to provide the following prior to our next meet and confer:

  o Updated RFP responses
  o Updated ROG responses
  o A proposal on the "sampling" the County proposed.  As we explained, we could not evaluate your unilateral attempt to impose a sampling of documents in response to numerous RFPs without understanding what specifically you proposed to do.  We also stated that we did not believe we were likely to agree to sampling, but that we would consider and evaluate any specific proposal that you provided.

- To date, we still have not received any of the promised supplements to our discovery requests.  On March 9, 2022 at 5:11 PM, you sent an email stating that, while the County plans to supplement its interrogatory responses, it "will likely do that on a rolling basis as we continue to evaluate your request" and you committed to "send a supplement next week."  You also provided a clarification that you "believe[d] the parties had previously resolved," which was that

the county had produced documents in responses to RFPs 21, 22, and 23.  While we disagree that that issue had previously been resolved (it had not), we appreciate the clarification and the information you provided on those RFPs, but we are still waiting for the promised supplementation of all of your RFP responses, which we explained was required to allow us to understand, at least generally, what you were agreeing to provide in response to the RFPs.

- In your email, you also "suggest[ed that] we confer again next Thursday or Friday between 12-1:30."  Upon receiving your email, the Pharmacy Defendants in Track 7 coordinated on availability, and we replied less than two days later at 3:46 PM on March 11 that we were available at the time you proposed on Friday.  You never replied to our email confirming the time you proposed, so we followed up on March 16.  You then stated that the time no longer worked for plaintiffs.  As we explained in our last meet and confer, we need you to provide the supplementation you promised and be prepared to discuss all remaining outstanding issues, so we can understand where the parties might still have a disagreement, what issues we might be able to reach a compromise on, and the issues on which we have reached an impasse.  We are particularly concerned with the delay, because, despite our effort to work with you on custodians, you later claimed in your March 14 letter to Special Master Cohen that we were "late" in raising issues.  Your March 9 email, which incorrectly complained that "defendants are raising issues so late," suggests that you are planning to pursue the same approach again.  Given the history here, such an argument would be meritless, but let us know immediately if you intend to make such a claim. If so, we will simply raise our issues with Special Master Cohen.  If, however, you are prepared to have a meaningful discussion with us so that we can understand your positions, see if we can reach agreement, and narrow issues where possible we would prefer that approach.

Given the fact that you have made productions in this case prior to our working through the deficiencies that we have outlined in our various letters, including on the issue of "sampling," it is our position that Montgomery County has unilaterally attempted to impose sampling without providing us with any explanation as to its "sampling" protocol or methodology.  You provided no details on what type of "sampling" you proposed, and therefore, we rejected it.  In our last meet and confer, we raised the issue again, and you still have provided no description, details, or explanation about the proposed sampling for us to evaluate.  Consequently, we expect the county to produce all responsive documents as requested and without sampling.

Your continued delays in response to our good faith efforts to work with you are causing issues in the fast-tracked discovery schedule. Please confirm your availability on **March 23 at 11 a.m. EST**.  Furthermore, please confirm that we will receive all written responses outlined above prior to that meeting. Thank you.

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Wednesday, March 16, 2022 11:30 PM
**To:** Jennifer Hagedorn <jhagedorn@bowlesrice.com>; McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>
**Subject:** RE: Montgomery County document custodians

Jennifer, Friday does not still work for us, but we could set a time on Wednesday if that works for you?

Best,

Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** Jennifer Hagedorn <jhagedorn@bowlesrice.com>
**Sent:** Wednesday, March 16, 2022 4:43 AM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa: Following up on this request to meet and confer on Friday at 1:30 p.m. on the outstanding issues related to Montgomery County's responses to written discovery.  Please advise so we can calendar this meeting.   Thank you.

---

**From:** Jennifer Hagedorn
**Sent:** Friday, March 11, 2022 3:46 PM
**To:** 'Saltzburg, Lisa M.' <lsaltzburg@motleyrice.com>; McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>
**Subject:** RE: Montgomery County document custodians

Lisa: Counsel to the Pharmacy Defendants are available next Friday from noon until 1:30 p.m.  Please confirm that this time still works for you.  Thank you.

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Wednesday, March 9, 2022 5:11 PM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; Jennifer Hagedorn <jhagedorn@bowlesrice.com>; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>
**Subject:** RE: Montgomery County document custodians

Chris,

We previously responded as to all custodians with the County's final position. As set forth below, we believe the County's list is more than generous in terms of the overall list and accommodating Defendants shifting positions and request for repeated responses on the same issues. On that front, we believe the shifting requests by Defendants, particularly so late in the discovery period, are distracting from the County's efforts to productively move forward with discovery. Defendants did not seek to address custodians at all during the meet and confer and we have not construed this issue as being one subject to further discussion.

The County does plan to supplement rogg responses and will likely do that on a rolling basis as we continue to evaluate your request. We plan to send a supplement next week. As discussed, we also include clarification of issues we believe the parties previously resolved and on which we previously corresponded over an extended period of time. In the interim we note the following concerning RFPs 21, 22, and 23 as examples of documents already produced:

- Prescription disposal program. We produced responsive documents, examples:  MC_000102302, MC_000145454, MC_000133717, MC_001195863, MC_000918093, MC_000918110, MC_000918941, MC_000919052, MC_000135646
- Addiction treatment programs.  We produced responsive documents, examples:  MC_000001624-MC_000001636
- Drug abuse prevention or education programs.  We produced responsive documents, examples:   MC_000135634, MC_000135969, MC_000138456, MC_000139143, MC_001194045

We are also very concerned that defendants are raising issues so late, while the parties have yet to resolve the search issues we have been seeking to negotiate for months. Since our call went over an hour without resolving everything before, and all parties agree it would be helpful to better understand each other's position regarding sampling, we'd suggest we confer again next Thursday or Friday between 12-1:30.

Best,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Tuesday, March 8, 2022 11:29 AM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; External User - Jenn Hagedorn <jhagedorn@bowlesrice.com>; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

Following up on this.  What is your position on Sheriff Plummer and the three TFOs?

In addition, when do you expect to provide the written response and additional information you committed to providing on our meet and confer call last Wednesday?  And when are you available for a follow-up meet and confer call so that we can discuss the items that weren't addressed on our call last week.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

---

**From:** McLaughlin, Christopher M.
**Sent:** Wednesday, March 2, 2022 12:52 PM
**To:** 'Saltzburg, Lisa M.' <lsaltzburg@motleyrice.com>
**Cc:** Gates, Lisa B. <lgates@jonesday.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>; alex.harris@bartlitbeck.com; External User - Jenn Hagedorn <jhagedorn@bowlesrice.com>; Morrison, Kristin S.M. <kmorrison@jonesday.com>; External User - Steven Herman <SHerman@zuckerman.com>; External User - Trevor Sheetz <tscheetz@sperling-law.com>; Peter Bigelow <pbigelow@hilgersgraben.com>
**Subject:** RE: Montgomery County document custodians

Lisa,

We too would like to bring this to a close.  There have been multiple communications and calls back and forth on this, so I thought it would be helpful to recap where things stand.

In addition to its initial list of document custodians, the county has agreed to add Jim Gross, Jessica Jenkins, Helen Jones-Kelley, Jodi Long, Larry Sexton, Tom Kelley, and Dawn Schwartz (who you suggested as a substitute for the other court custodians we identified).  Most of these additional custodians are associated with county departments or agencies that were not covered on the county's initial list.  In addition, you advised that the custodial files of Jewell Good, Chris Williams, James Davis, and Timothy Nolan have been deleted or destroyed.

We, in turn, withdrew our requests for the custodial files of Jeremy Roy, Jeff Lykins, Steve Stine, and Doug Thomson.  In the spirit of compromise and in an effort to bring this to a conclusion, the Pharmacy Defendants withdraw their requests for the custodial files of Terri Hawk, Mary Kay Stirling, Carlos Walker, Andy Flagg, and Mike Brem.

We do not, however, withdraw our requests for the custodial files of former Sheriff Phil Plummer and the three DEA/HIDTA task force officers that Special Master Cohen required the county to identify.  If the county agrees to add them as custodians, then this dispute will be resolved.  If not, the Pharmacy Defendants will raise this issue with Special Master Cohen.

Our reservation of rights, which all parties have used in various circumstances, is merely meant to preserve our right to seek additional information if warranted and necessary based on the discovery we receive from the county.  We do not, at this time, have reason to believe that will be necessary.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point

901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Friday, February 25, 2022 4:00 PM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Chris,

We disagree with your characterization of the background and Defendants' submission but in the interest of time, will refrain from rehashing the dispute. The County has already agreed to 35 custodians and, as we've discussed, adding additional custodians is neither warranted nor justified by Defendants who, now, rather than offering to reach an end point, claim to reserve the right to seek still *additional* custodians. The County has more than covered the relevant agencies and relevant job positions.  That being said, in the spirit of compromise and to push this to conclusion in order to make the March 11 deadline, the County agrees to add **Dawn Schwartz** of the Common Pleas Court and **Tom Kelley** of Human Services.

We will not agree to add additional custodians from the Sheriff's office, as per our prior conversations and letters, we feel this agency is more than fully represented by the seven custodians already proposed. Further, the custodial documents requested would be cumulative and have not been justified by any claim of unique information.  Concerning the task force members there is also the safety concern to the officers, confidentiality obligation, and the burden of privilege review, which is particularly unwarranted given that defendants in prior tracks over the years have not ultimately used the materials.

We believe the County has been generous in its custodian list and stands on its current list of **37 custodians**, which are being produced in addition to voluminous non-custodial files.

Best regards,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Tuesday, February 15, 2022 10:42 AM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail <afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda <AUnterreiner@motleyrice.com>
**Subject:** RE: Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

Thank you for your email and for providing some of the additional information we requested.

As I explained on our meet and confer call, the Pharmacy Defendants did not bring a "narrowed dispute" concerning custodians before Special Master Cohen.  We merely pointed out, among other things, that the county had not been responsive to our correspondence and appeared to be taking positions on custodians that we believed were unjustified (citing three individuals as examples).  I responded to the other points you raise below in prior correspondence and on our meet and confer call.  Rather than address them again, I agree that the best use of our time at this point is to try and reach a compromise on this issue and move forward.

To that end, the Pharmacy Defendants will agree to the following:

**ADAMHS**:  We withdraw our request for the custodial file of Doug Thomson.

**Courts**:  We accept your offer to add Dawn Schwartz as a custodian.  Given the short time period that she has been in her current position, however, we maintain our request that the county also add Terri Hawk as a custodian.  If the county agrees to add them as custodians, we will withdraw our requests for the custodial files of Mary Kay Stirling and Carlos Walker.

**Human Services/Job and Family Services**:  We maintain our request that the county add Tom Kelley as a custodian.

**Insurance/Worker's Compensation**:  In prior correspondence, you indicated that the county intends to produce responsive, non-custodial files related to its insurance benefits and workers' compensation claims.  The Pharmacy Defendants are willing to table any request for the custodial files of Joyce Carter and Pamela Gilbert until we have the opportunity to evaluate the sufficiency of the forthcoming production of non-custodial files.

**Sheriff's Office**.  We maintain our requests that the county add Phil Plummer and the three DEA/HIDTA task force officers as custodians.  If the county agrees to add them as custodians, we will withdraw our requests for the custodial files of Andy Flagg and Mike Brem.

We believe this is a reasonable compromise.  Please advise if we have an agreement under the terms outlined above.  If you'd like to discuss any of this further, let us know.

For the avoidance of doubt, the Pharmacy Defendants reserve the right to request custodial files of other county witnesses (either those withdrawn as part of our negotiations or others) to the extent that the county's document production or deponents reveal information warranting the production of their custodial files.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Tuesday, February 15, 2022 9:42 AM

**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail
<afu@motleyrice.com>; Elsner, Mike <melsner@motleyrice.com>; Unterreiner, Amanda
<AUnterreiner@motleyrice.com>
**Subject:** RE: Montgomery County document custodians

** External mail **

Thank you Chris. We remain concerned that five weeks after the County's Dec. 17 letter, and after already raising a narrowed dispute before Special Master Cohen, Defendants are now seeking to add *thirteen* additional custodians – an addition the size of new Defendants Kroger's and Meijer's entire respective lists, on top of the 5 added custodians about which the County proposed to compromise. This is particularly true given that although Defendants seek 14 custodians from the Sheriff's office, a clearly excessive amount, Defendants have made clear they are not suggesting the County selected the wrong people for its list and would not substitute any proposed custodian for one of the custodians the County identified. We appreciate that there seems to be some movement and hope there is some room to reach a middle ground, but caution that it would entail few, if any additions at this stage, in which substantial time already has been consumed by serial responses to the same inquiries.

In the spirit of continued negotiation, we are providing additional information you requested concerning certain individuals, with the understanding that, as discussed on our call, seeking 3-4 custodians from the courts and 14 from the Sheriff's Office is not something Defendants have justified, and we are taking the time to provide this detail with the understanding Defendants are reevaluating their position.

Dawn Schwartz is the Program Coordinator for Addiction Treatment and Programming at the Montgomery County Common Pleas Court.  In this role, she assists in assessments and placements for treatment for all four specialty courts (Drug Court, Mental Health Court, Veteran's Treatment Court, and Woman's Therapeutic Court).  She is on COAT as well as the Treatment Advisory Council at the courts.
- Started in June 2002 as a basic probation officer
- July 2003 promoted to senior probation officer
- 2003- October 2015 - chemical abuse/mental health probation officer
- November 2015-June 2021 Men's Drug Court senior probation officer.
- July 2021 – Promoted to Program Coordinator for Addiction Treatment and Programming, Montgomery County Common Pleas Court - General Division

We also confirmed that Detective Overholt has been assigned to the RANGE Task Force since 2012, and that Josh Walters served on the RANGE task force from 2010-2013, going straight from there to the Bulk Smuggling Task Force in 2013.

Best,
Lisa

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Thursday, February 10, 2022 6:25 PM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Cc:** Gates, Lisa B. <lgates@JonesDay.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Fu, Abigail

<afu@motleyrice.com>
**Subject:** Montgomery County document custodians

CAUTION:EXTERNAL

Lisa,

As discussed on our meet and confer call this afternoon, we appreciate your willingness to provide the following additional information about some of the county's custodians:

- Dawn Schwartz's position(s) and timeframes of employment with the county.  I believe you mentioned that she is the Program Coordinator for Mental Health and Addiction Treatment at the county court as well as a member of COAT and the Treatment Advisory Council.  Please confirm if that is correct and let us know if she has held any other positions with the county and her timeframes of employment.

- The table on page 2 of your February 7 letter identifies Matthew Overholt as a "Detective – Range Task Force," but you later described him as a member of the "Bulk Smuggling Task Force."  Can you clarify which task force Detective Overholt is attached to and the time period that he's been involved with that task force?

- Your February 7 letter provides that Josh Walters joined the Bulk Smuggling Task Force in 2014 and that he became the "director" of that task force in 2018, a position he still holds today.  You also stated in your letter that Detective Walters joined the RANGE task force in 2010.  Can you clarify whether he was a member of the RANGE task force from 2010 until 2014 when he joined the Bulk Smuggling Task Force?

- Your February 7 letter provides that Terry Ables has been "supervising" the RANGE Task Force since 2013 and that since October 2021 he also "oversees" the Bulk Smuggling Task Force.  The Sheriff's Office website indicates that Captain Andy Flagg "oversees" both task forces and also that Captain Ables "oversees" both task forces.  Can you clarify if they have joint oversight of the task forces or whether each oversaw one or both task forces at different times?  Can you also clarify the difference between being a "director," "supervising," and overseeing the task forces?

We would appreciate it if you would provide this information as soon as possible so that we can make a decision about whether we can withdraw any of our requests for additional custodians from the county court system and the Sheriff's Office.  I will speak to the pharmacy group about the other custodians we discussed today as well, so that I'll be in a position to make a proposal to you regarding all of the custodians at issue promptly after receiving the above information.  Thank you.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

**Jennifer B. Hagedorn**
Bowles Rice LLP
jhagedorn@bowlesrice.com
1800 Main Street, Suite 200 | Canonsburg, PA 15317
Tel: (724) 514-8940 | Fax: (724) 514-8954
Bio | vCard

Bowles Rice

CONFIDENTIAL AND PRIVILEGED: This e-mail is confidential and privileged, and intended only for the review and use of the addressee(s). If you have received this e-mail in error, please notify the sender at (724) 514-8940 or by e-mail at jhagedorn@bowlesrice.com. Thank you.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

**Jennifer B. Hagedorn**

Bowles Rice LLP
jhagedorn@bowlesrice.com
1800 Main Street, Suite 200 | Canonsburg, PA 15317
Tel: (724) 514-8940 | Fax: (724) 514-8954
Bio | vCard

Bowles Rice

CONFIDENTIAL AND PRIVILEGED: This e-mail is confidential and privileged, and intended only for the review and use of the addressee(s). If you have received this e-mail in error, please notify the sender at (724) 514-8940 or by e-mail at jhagedorn@bowlesrice.com. Thank you.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

**Jennifer B. Hagedorn**

Bowles Rice LLP
jhagedorn@bowlesrice.com

1800 Main Street, Suite 200 | Canonsburg, PA 15317

Tel: (724) 514-8940 | Fax: (724) 514-8954

Bio | vCard

Bowles Rice

CONFIDENTIAL AND PRIVILEGED: This e-mail is confidential and privileged, and intended only for the review and use of the addressee(s). If you have received this e-mail in error, please notify the sender at (724) 514-8940 or by e-mail at jhagedorn@bowlesrice.com. Thank you.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this

communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***