# EXHBIT 4

| | |
|---|---|
| **From:** | Herman, Steven <SHerman@zuckerman.com> |
| **Sent:** | Thursday, June 2, 2022 10:37 AM |
| **To:** | Elsner, Mike; McLaughlin, Christopher M.; Saltzburg, Lisa M.; David R. Cohen (David@SpecialMaster.Law) |
| **Cc:** | Morrison, Kristin S.M.; alex.harris@bartlitbeck.com; Jennifer Hagedorn; Trevor Scheetz; Mike Burns; Ladd, Matthew R.; john.gisleson@morganlewis.com; Fu, Abigail; Brown, Dominique; Laura Fitzpatrick; Jo Anna Pollock |
| **Subject:** | RE: Track 7 - Montgomery County Discovery Deficiencies |

Dear Special Master Cohen,

This dispute was submitted for the updated discovery agenda this morning per the schedule Mr. Gay provided. We write briefly again in response to Plaintiff's email below to bring this back to the original point: Plaintiff has not answered the questions presented, but rather has responded to the questions it wants to pose instead.

With regard to Interrogatory No. 1, Defendants have always maintained that Plaintiffs' aggregate theory of proof, and their legal theories, are deficient in a variety of ways. We need not litigate those issues here. But Interrogatory No. 1 asks Plaintiff to identify prescriptions that were diverted, not ones that were "most likely diverted." While Plaintiff is free to argue that it can prove its case with prescriptions that were "most likely" diverted, Defendants are entitled to Plaintiff's knowledge of prescriptions that were diverted. Plaintiff should provide a short plain statement answering that question. It appears the answer is that Plaintiff is not aware of any prescriptions that were diverted, and it should simply state that in a short plain statement in response to Interrogatory No. 1. Defendants have a right to a clear statement to this effect that they can present to the jury.

With regard to Interrogatory No. 5, Defendants' position is clear. If Plaintiff is stating that it identified the prescribers by looking at Defendants' efforts to review prescribers, as well as disciplinary actions taken against prescribers, then Plaintiff should clearly state that in response to the Interrogatory No. 5.

With regard to Interrogatory No. 6, again, Plaintiff is conforming the interrogatory to its view of the case, as opposed to answering the question that Defendants posed. We strongly disagree with the arguments and opinions that Plaintiff indicates it will present in this case—as in Track 3, using its "Red Flag" analysis as a purported method of proof. But, if that is the intended analysis, it necessarily follows that the prescribers who wrote the "Red Flag" prescriptions specifically identified by Plaintiff contributed to the alleged public nuisance. If Plaintiff lacks information that those prescribers contributed to the alleged public nuisance, it should just say so with a short, plain statement. Defendants are entitled to know the facts they requested with respect to any contribution to the alleged public nuisance.

1

Sincerely,
Steve Herman



**Steven Herman**
Zuckerman Spaeder LLP
SHerman@zuckerman.com

1800 M STREET NW, SUITE 1000 • WASHINGTON, DC 20036-5807
202.778.1883 direct • 202.822.8106 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** Elsner, Mike <melsner@motleyrice.com>
**Sent:** Wednesday, June 1, 2022 7:45 PM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>; Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Morrison, Kristin S.M. <kmorrison@jonesday.com>; Herman, Steven <SHerman@zuckerman.com>; alex.harris@bartlitbeck.com; Jennifer Hagedorn <jhagedorn@bowlesrice.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Mike Burns <mburns@hilgersgraben.com>; Ladd, Matthew R. <matthew.ladd@morganlewis.com>; john.gisleson@morganlewis.com; Fu, Abigail <afu@motleyrice.com>; Brown, Dominique <dbrown@motleyrice.com>; Laura Fitzpatrick <lsingletary@simmonsfirm.com>; Jo Anna Pollock <joanna.pollock3@icloud.com>
**Subject:** RE: Track 7 - Montgomery County Discovery Deficiencies

**EXTERNAL**


Special Master Cohen,

We write briefly in response to the Defendants' objections to our supplement of certain Interrogatory responses in Track 7.  Interrogatory 1 asks the Plaintiffs to identify prescriptions that were diverted.  In response, after preserving our various objections to answering this interrogatory including that Plaintiff need not prove actual diversion of specific prescriptions, Plaintiff identified thousands of prescriptions that were more likely than not diverted.  The standard of proof in a civil lawsuit is more likely than not.  We are confused by counsel's request that we answer this Interrogatory by any other standard.  We have sufficiently answered the Interrogatory.  As the discovery of the Defendants remains ongoing we have also preserved our right to supplement.

With respect to Interrogatories 5 and 6 (second set).  These Interrogatories seek further clarification as to how **prescribers** were identified with respect to the Red Flag submission by Plaintiffs.  As has been the practice in this litigation, you have required Plaintiffs to identify those **prescriptions** which triggered red flags.  We did so last Fall.  Red Flag prescriptions are not identified on the basis of a specific prescriber.  In our response in the Fall, however, we reserved the right to include among the red flag prescriptions, certain prescribers' prescriptions that were identified by Defendants' own pharmacists or by Defendants' own corporate programs as high-risk prescribers, as well as, information related to disciplinary actions taken by the DEA or the Ohio Board of Pharmacy.  We included in our answer to the Interrogatory, examples of the types of materials we have identified in the production which should have placed the Defendants on notice as to certain prescribers.   These examples demonstrate how the prescribers were selected.  In addition, we identified a sampling of the prescribers' prescriptions that meets the criteria.

Defendants also complain about our response to Interrogatory 6 (second set) which asks whether the prescribers identified in Interrogatory 5 contributed to the public nuisance.  The Interrogatory is purposefully objectionable and is designed to recast Plaintiff's red flag analysis into something that the parties well-understand was not its purpose.  The red flag analysis is focused on prescriptions and not prescribers.  We have never said that every red flag prescription caused the public nuisance nor have we said that every prescriber whose prescriptions triggered a red flag contributed to the public nuisance.  Each red flag prescription that Plaintiff identified should have been investigated and due diligence performed to resolve each red flag.  Only when every flag was resolved and documented, should the Defendants have dispensed these highly addictive medications.  Defendants have yet to produce all notes and due diligence records to determine whether these red flags were resolved and documented.  Given the volume of red flag prescriptions and the failure of Defendants to produce evidence that each red flag was resolved prior to dispensing those medications, then a significant number of those prescriptions contributed to the public nuisance.  Plaintiffs cannot identify each instance in which a prescriber or prescription contributed to the public nuisance as identified in Interrogatory 5 nor should they be required to do so.  The parties understand these positions as they have had the full benefit of expert deposition and trial testimony including fulsome reports from Ohio to California.  We have more relevant and important disputes.

I do find it curious that while probing our fulsome responses to these interrogatories, Defendants have rejected answering Plaintiff's Interrogatories as to red flags and in some cases have not even responded to our letters seeking to compel responses.  Examples of those red flag Interrogatories include:

**Interrogatory No. 7:**  Please identify each of Your prescriptions in Montgomery County which: (i) presented with Red Flags, (ii) is suspicious, (iii) which you completed Due Diligence on, and (iv) which should not have been filled.  For each prescription, identify the reason and the criteria used to identify the prescription and all dispensing data fields contained in "Exhibit A – List of Data Fields the Pharmacy Defendants Must Produce" to MDL 2804 Document 3106, Special

Master Cohen's "Discovery Ruling Regarding Pharmacy Data Production" dated January 27, 2020 (the "Dispensing Data Order").

**Interrogatory No. 8:** Please identify which, if any, of the "Red Flag" prescriptions identified by Plaintiffs' Counsel pursuant to the Track 7 CMO, D.2. are in fact Red Flag prescriptions.

Plaintiffs respectfully submit that no further Interrogatory responses should be required from the Plaintiff. Instead, the Defendants should promptly reply to Plaintiff's objections related to Defendants' interrogatory responses so that if disputes remain they may be promptly brought to the attention of the Special Master.

Respectfully Submitted,

Mike Elsner

**Michael Elsner** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9250 | f. 843.216.9450 | melsner@motleyrice.com

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Friday, May 27, 2022 1:31 PM
**To:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Morrison, Kristin S.M. <kmorrison@jonesday.com>; Herman, Steven <SHerman@zuckerman.com>; alex.harris@bartlitbeck.com; Jennifer Hagedorn <jhagedorn@bowlesrice.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Mike Burns <mburns@hilgersgraben.com>; Ladd, Matthew R. <matthew.ladd@morganlewis.com>; john.gisleson@morganlewis.com; Elsner, Mike <melsner@motleyrice.com>; Fu, Abigail <afu@motleyrice.com>; Brown, Dominique <dbrown@motleyrice.com>
**Subject:** RE: Track 7 - Montgomery County Discovery Deficiencies

CAUTION:EXTERNAL

Special Master Cohen,

To date, three depositions of Montgomery County witnesses already have occurred. An additional thirteen depositions have been scheduled in the past couple of days, with the first of those to take place next week. And, yet, Defendants still are trying to obtain basic discovery from Plaintiff. Frankly, Defendants already have been prejudiced by Plaintiff's delays and in some cases outright refusals to produce discoverable information. Unlike each plaintiff, which begins every case with a great deal of discovery from nearly every defendant, Defendants have to begin party discovery anew in each case, while dealing with a difficult schedule.

It has now been ten days since you "urge[d] Montgomery to review all of the grievances Defendants recite and work quickly to ameliorate them." Plaintiff has not done so. Late last Friday, Plaintiff provided supplemental responses to three interrogatories: Interrogatory No. 1 (first set) and Interrogatory Nos. 5 and 6 (second set). (*See* 5/20 email with attachments.) Plaintiff's supplemental response to Interrogatory No. 1 still does not answer the question we asked. Interrogatory No. 1 asked Plaintiff to identify prescriptions that it contends were diverted. Rather than answer the interrogatory asked and identify prescriptions Plaintiff asserts were diverted, Plaintiff points to prescriptions that were "at a high risk of diversion," says it may point to "prescriptions by" certain prescribers, declares that it may point "to examples of diverted prescriptions from" certain providers, and attaches an exhibit of "prescriptions Plaintiff may

4

use or highlight at trial to illustrate prescriptions that were more likely than not diverted." None of that identifies a prescription that actually was diverted. If Plaintiff does not have information that any prescription actually was diverted, it should say so in a short, plain statement. While Plaintiff may believe that it does not have to provide "individualized proof" or "trace each of these [allegedly] inappropriately dispensed pills to its end point," positions to which Plaintiff must be held, that does not relieve it from providing the information requested by Defendants.

In addition, Plaintiff's supplemental responses to Interrogatory Nos. 5 and 6 (second set) simply do not respond to the issues raised in our May 13 letter. In its "Red Flagged" Prescription submission, Plaintiff affirmatively identified 115 allegedly bad prescribers. In our letter to you, we pointed out that in Interrogatory No. 5, we asked Plaintiff to describe how it identified those prescribers and what information it used to identify them. Plaintiff's supplemental response failed to provide that information. Similarly, Plaintiff's now fourth supplemental response to Interrogatory No. 6 continues to dodge the question, which was: "State whether or not You believe that the 115 prescribers identified in Your Red Flag Submission contributed to the alleged public nuisance that You claim exists." Plaintiff initially supplemented this response, conceding "that certain prescribers contributed to the opioid epidemic in Montgomery County, Ohio." Then, it supplemented a second time removing that statement. Defendants asked Plaintiff whether it was trying to change a prior sworn answer and to clarify which "certain prescribers" it was referring to. Plaintiff never answered that question. Now, Plaintiff has provided a fourth "supplemental" response which still does not identify the prescribers Plaintiff previously referenced, but instead states that "Defendants appear to misunderstand the red flag submission." That is not a substantive response at all. Defendants understand that "[b]y identifying a prescription as raising a red flag, Plaintiff is not asserting that every red flag came from a prescriber who contributed to the public nuisance." But Defendants are entitled to know which prescribers Plaintiff believes *did* contribute to the alleged public nuisance.

In their May 26 letter, Plaintiff's counsel suggests that the disputes over Interrogatory Nos. 5 and 6 (second set) have been "mooted" by their supplemental responses. Plainly, that is not true. The letter also indicates that Interrogatory No. 11 (first set) was supplemented. It was not – Plaintiff's answer remains the same. The rest of the letter either (a) indicates that "Plaintiff is in the process of supplementing" other discovery responses that will be "served soon"—of course Plaintiff gives no assurances as to when those supplements will be forthcoming and, given the discussion above, Defendants are skeptical that any additional supplemental responses will be sufficient; (b) describes certain disputes as "moot" when they are not; or (c) describes certain disputes as "not ripe" when they are for the reasons explained in our May 13 letter. Defendants do not believe a point-by-point reply is necessary and wanted to respond quickly, but, if additional information would be helpful on any issue, we will be happy to provide it.

You urged Plaintiff to work quickly to ameliorate Defendants' grievances. Instead, Plaintiff appears to have ignored the grievances clearly laid out in our May 13 letter and chosen to deflect on most of the issues. These delays and Plaintiff's refusal to answer simple questions should not be permitted to continue. To reiterate, three depositions have taken place and many more are scheduled in the coming weeks, and Plaintiff's delays are prejudicing Defendants' ability to fully prepare for and conduct those depositions. Defendants respectfully ask that you order Plaintiff to respond directly to the grievances set forth in our May 13 letter by June 1 at the latest.

Chris

Christopher M. McLaughlin
Partner
**JONES DAY® - One Firm Worldwide℠**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

---

**From:** Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>
**Sent:** Thursday, May 26, 2022 12:53 PM

**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Morrison, Kristin S.M. <kmorrison@jonesday.com>; Herman, Steven <SHerman@zuckerman.com>; alex.harris@bartlitbeck.com; Jennifer Hagedorn <jhagedorn@bowlesrice.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Mike Burns <mburns@hilgersgraben.com>; Ladd, Matthew R. <matthew.ladd@morganlewis.com>; john.gisleson@morganlewis.com; Elsner, Mike <melsner@motleyrice.com>; Fu, Abigail <afu@motleyrice.com>; Brown, Dominique <dbrown@motleyrice.com>
**Subject:** RE: Track 7 - Montgomery County Discovery Deficiencies

**\*\* External mail \*\***

Special Master Cohen,

Attached please find a response and update respectfully submitted concerning Defendants' May 13 dispute.

Respectfully,

**Lisa Saltzburg** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9630 | f. 843.216.9450 | lsaltzburg@motleyrice.com

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Monday, May 16, 2022 1:20 PM
**To:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Cc:** Morrison, Kristin S.M. <kmorrison@jonesday.com>; Herman, Steven <SHerman@zuckerman.com>; alex.harris@bartlitbeck.com; Jennifer Hagedorn <jhagedorn@bowlesrice.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Mike Burns <mburns@hilgersgraben.com>; Ladd, Matthew R. <matthew.ladd@morganlewis.com>; john.gisleson@morganlewis.com; Elsner, Mike <melsner@motleyrice.com>; Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; Fu, Abigail <afu@motleyrice.com>
**Subject:** Re: Track 7 - Montgomery County Discovery Deficiencies

CAUTION:EXTERNAL

I have only skimmed these documents, but it appears that, in at least some instances, Montgomery is taking positions that are incompatible with rulings I entered regarding the same issues in earlier tracks. I am also concerned about Plaintiff's timeliness both with regard to production and to simply responding to Defendants' reasonable requests for communication. I urge Montgomery to review all of the grievances Defendants recite and work quickly to ameliorate them.

-d

=======================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel

6

866-357-3535 fax
www.SpecialMaster.law

---

**From:** McLaughlin, Christopher M. <cmmclaughlin@JonesDay.com>
**Sent:** Friday, May 13, 2022 9:23 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Morrison, Kristin S.M. <kmorrison@jonesday.com>; Herman, Steven <SHerman@zuckerman.com>; alex.harris@bartlitbeck.com <alex.harris@bartlitbeck.com>; Jennifer Hagedorn <jhagedorn@bowlesrice.com>; Trevor Scheetz <tscheetz@sperling-law.com>; Mike Burns <mburns@hilgersgraben.com>; Ladd, Matthew R. <matthew.ladd@morganlewis.com>; john.gisleson@morganlewis.com <john.gisleson@morganlewis.com>; Elsner, Mike <melsner@motleyrice.com>; Saltzburg, Lisa M. <lsaltzburg@motleyrice.com>; Fu, Abigail <afu@motleyrice.com>
**Subject:** Track 7 - Montgomery County Discovery Deficiencies

Special Master Cohen,

Defendants respectfully request your assistance resolving certain disputes over Montgomery County's discovery responses. Details regarding the disputes, including the relief sought by Defendants, are described in the attached letter and accompanying exhibits.

Chris

Christopher M. McLaughlin
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7507

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.



***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.