# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All cases identified in Exhibit B* | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

# JANSSEN'S MOTION TO DISMISS CLAIMS FILED BY CERTAIN NEW YORK SUBDIVISIONS AS BARRED BY STATUTE

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| BACKGROUND | | 1 |
| ARGUMENT | | 3 |
| I. | The Barred Entities Are "Government Entities" For Purposes Of The Statutory Prohibition. | 3 |
| II. | The Barred Entities' Claims Were Released By The Attorney General. | 5 |
| III. | All Of The Barred Entities' Lawsuits Were Filed After The Statutory Deadline | 6 |
| CONCLUSION | | 6 |

i

## INTRODUCTION

Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. (collectively, "Janssen") move this Court to dismiss all claims against Janssen in cases filed by certain New York government entities (the "Barred Entities") and consolidated in this MDL proceeding on the grounds that the claims are barred by New York statute.  On June 21, 2022, this Court granted a similar motion by Settling Distributor Defendants dismissing these cases on identical grounds (**Exhibit A**).  Janssen respectfully requests the Court do the same here.

In furtherance of statewide opioid settlement agreements entered into by the New York Attorney General, the recently passed amendments to New York Mental Hygiene Law section 25.18(d) extinguish by operation of law certain claims brought by New York "government entities" against Janssen.  The Barred Entities and the claims they bring against Janssen all fall within the scope of the statutory prohibition.

Because the Barred Entities are statutorily barred from proceeding with any of the claims against Janssen currently pending before this Court (a list of these cases is attached as **Exhibit B**), Janssen requests that the Court enter a similar order and final judgment to the June 21, 2022 Order Granting Settling Distributors' Motion to Dismiss, pursuant to Fed. R. Civ. P. 54(b), dismissing the claims against Janssen in the cases listed in Exhibit B.

## BACKGROUND

On June 25, 2021, the Attorney General for the State of New York entered into a settlement agreement and release between the State of New York and Janssen to resolve the numerous lawsuits brought by state government entities against Janssen, based on Janssen's manufacture and marketing of prescription opioids.  *See* **Exhibit C**.  The Parties intended the terms of the settlement agreement to "parallel the terms of the Global Prescription Opiate

1

Litigation Settlement Agreement," with which this Court is familiar. Exhibit C at 1. To facilitate settlements between the New York Attorney General and defendants in the opioid litigation, the New York State Legislature amended the New York Mental Hygiene Law, effective June 29, 2021, to create a statewide opioid settlement fund comprised of specified proceeds from the statewide settlements. *See generally* N.Y. Mental Hyg. Law § 25.18. The amendment provides that the statewide opioid settlement fund will be disbursed to eligible and qualifying political subdivisions within the State who have submitted Subdivision Settlement Participation Forms. *See id*.

Of special importance here, the amendment sets forth what happens to claims filed by political subdivisions like those of the Barred Entities here. The amendment provides that "[n]o government entity shall have the authority to assert released claims against entities released by the department of law in a statewide opioid settlement agreement executed by the department of law and the released party on or after June first, two thousand twenty-one." *Id*. § 25.18(d). Furthermore, "[a]ny action filed by a government entity after June thirtieth, two thousand nineteen asserting released claims against a manufacturer, distributor, or dispenser of opioid products shall be extinguished by operation of law upon being released by the department of law in such statewide opioid settlement agreement." *Id*.[1]

"Government entity" is defined to include "any governmental subdivision within the boundaries of the state of New York, including, but not limited to, counties, municipalities, districts, towns and/or villages, and any of their subdivisions, special districts and school districts, and any department, agency, division, board, commission and/or instrumentality thereof." *Id*. § 25.18(a)(2). "Released claims" are given the same meaning as "such term is

---

[1] By statute, the New York Attorney General is the "head of the department of law." N.Y. Exec. Law § 60.

defined in the statewide opioid settlement agreements." *Id*. § 25.18(a)(5). And "Released entities" are given the same meaning "as such term is defined in the statewide opioid settlement agreements." *Id*. § 25.18(a)(6). The definitions of those terms in the New York Agreement are substantially identical to the definitions in the Global Settlement Agreement.

## ARGUMENT

By its terms, section 25.18(d) of the amended Mental Hygiene Law extinguishes claims against Janssen by political subdivisions if three elements are met. First, the party asserting the claims must be a "government entity." Second, the "government entity" must be asserting "released claims" as defined in the statewide settlement agreement against Janssen. Third, the action must have been filed after June 30, 2019. Each of these elements is met as to all of the claims against Janssen in the lawsuits listed in Exhibit B. The Court should dismiss these claims as statutorily barred.

## I. The Barred Entities Are "Government Entities" For Purposes Of The Statutory Prohibition.

The amendments to the Mental Hygiene Law broadly define "government entities" to include standard "governmental subdivision[s]" in New York like "counties, municipalities, districts, towns and/or villages," but also "any department, agency, division, board, commission and/or instrumentality thereof." N.Y. Mental Hyg. Law § 25.18(a)(2)(ii). A review of Exhibit B reveals that all of the Barred Entities fall within the scope of this broad definition.

*Cities, Towns, and Villages*. Many of the Barred Entities fall within the scope of the statutory definition of "government entities" as cities, towns, and villages. The statute specifically identifies these types of municipal bodies as "government entities." N.Y. Mental Hyg. Law § 25.18(a)(2)(ii); *see also* Exhibit B.

*Districts*. A number of other Barred Entities are districts, including: fire districts; water

3

districts; and school districts.  The statute expressly includes "districts" within the definition of "government entities."  N.Y. Mental Hyg. Law § 25.18(a)(2)(ii); *see also* Exhibit B.

*Public Libraries*.  The four libraries listed as Barred Entities in Exhibit B—Merrick Public Library, West Hempstead Public Library, Plainview-Old Bethpage Public Library, and Rockville Centre Public Library—are listed as "Special Districts" by the U.S. Census Bureau.  *See* 2017 Governmental Units Listing, U.S. Census Bureau, *available at* https://www.census.gov/data/datasets/2017/econ/gus/public-use-files.html (last visited July 18, 2022).  The statute expressly includes "special districts" like these four entities within the definition of "government entities."  *See* N.Y. Mental Hyg. Law § 25.18(a)(2)(ii).  At least two of these entities also expressly note their state affiliation on their websites.  *See* About the Library & Board of Trustees, Merrick Library, *available at* https://www.merricklibrary.org/board-of-trustees/ (last visited July 18, 2022); Board of Trustees, West Hempstead Public Library, *available at* https://www.whplibrary.org/board-of-trustees/ (last visited July 18, 2022).

*Nassau University Medical Center*.  The Nassau University Medical Center is a public entity operated by a public benefits corporation—the Nassau Health Care Corporation—created by Nassau County and the State of New York, and has been treated as such in past lawsuits.  *See* Our History, Nassau University Medical Center, *available at* https://www.numc.edu/about/our-history/ (last visited July 18, 2022); *Yates v. Singh*, No. 601020/18, 2018 WL 3597232, at *3 (N.Y. Sup. Ct. Nassau Cnty. June 22, 2018) (describing Nassau University Medical Center as a "public entity").  Because the statutory definition of "government entities" specifically includes any "department, agency, division, board, commission and/or instrumentality" of a "count[y]," the Medical Center is a "governmental entity" under the statute as well.  *See* N.Y. Mental Hyg.

4

Law § 25.18(a)(2)(ii).

The Barred Entities all fall within the scope of "government entities" that are statutorily barred from maintaining suits against Janssen.

## II. The Barred Entities' Claims Were Released By The Attorney General.

The claims asserted in each of the Barred Entities' cases identified in Exhibit B were released by the New York Attorney General, thus satisfying the second statutory bar requirement.

The amendment provides that "released claims against a manufacturer, distributor, or dispenser of opioid products shall be extinguished by operation of law upon being released by the department of law in such statewide opioid settlement agreement." N.Y. Mental Hyg. Law § 25.18(d). As noted, on June 25, 2021, the New York Attorney General (in her capacity as head of the department of law) entered into a full and final statewide opioid settlement agreement and release. *See* Exhibit C. That settlement agreement released Janssen from "any and all Claims that directly or indirectly are based on, arise out of, or in any way relate to or concern the Covered Conduct," *id.* at 5, and was drafted to "give the broadest possible bar against any liability relating in any way to Released Claims. " *Id*. at 15. "Covered Conduct" in turn is broadly defined to cover any claim related to the manufacturing, marketing, and sale of opioids. *Id.* at 2. The Attorney General made the determination that the settlement, including resolution of all subdivision claims, was in the State's best interests.

The Attorney General explicitly stated in her November 19, 2021 Letter and Release of Opioid-Related Claims Pursuant to the Janssen New York State-Wide Settlement Agreement and New York Mental Hygiene Law Section 25.18(d) that the Attorney General had obtained the authority to settle and release, to the maximum extent of the State's power, all Released Claims, and that the New York Agreement constitutes a "statewide opioid settlement agreement" under

5

section 25.18(d) of the Mental Hygiene Law. *See* **Exhibit D**. And the Attorney General had good reason to exercise this authority because, under the settlement, resolution of all subdivision claims, including through the statutory bar, maximizes settlement bonus payments to the State of New York. *See* Exhibit C at 7-12.

Here, there can be no dispute that the claims against Janssen in all of the complaints listed in Exhibit B and consolidated for pretrial purposes in this MDL are within the scope of the release and thus fall under the statutory prohibition in section 25.18(d).

**III.     All Of The Barred Entities' Lawsuits Were Filed After The Statutory Deadline**

Third, and finally, the amendment applies to claims filed "after June thirtieth, two thousand nineteen." N.Y. Mental Hyg. Law § 25.18(d). All of the Barred Entities' lawsuits were filed after the June 30, 2019 cutoff. *See* Exhibit B. Accordingly, all three criteria for the statutory bar set forth in § 25.18(d) are met, and the Barred Entities' lawsuits should be dismissed.

## CONCLUSION

For the foregoing reasons, Janssen respectfully requests that this Court dismiss all claims against it in the lawsuits identified in Exhibit B as statutorily barred by New York Mental Hygiene Law section 25.18(d).

Dated:  July 18,  2022                              Respectfully submitted,

*/s/ Charles Lifland*
Charles Lifland
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Email: clifland@omm.com

*Counsel for Johnson & Johnson; Janssen Pharmaceuticals, Inc; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2022, a copy of **Janssen's Motion to Dismiss Claims Filed by Certain New York Subdivisions as Barred by Statute** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated:  July 18,  2022  　　　　　　　　　　　*/s/ Charles Lifland*
　　　　　　　　　　　　　　　　　　　　　　　Charles Lifland
　　　　　　　　　　　　　　　　　　　　　　　400 S. Hope Street
　　　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (213) 430-6000
　　　　　　　　　　　　　　　　　　　　　　　Email: clifland@omm.com

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Johnson & Johnson; Janssen Pharmaceuticals, Inc; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc.*

8