# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-md-2804 |
| *All Cases Listed in Docket no. 4396-1* | ) ) ) ) | Judge Dan Aaron Polster  ORDER |

Before the Court is the Settling Distributors' Motion to Dismiss claims filed by Non-Participating New York Subdivisions. *See* docket no. 4398. Settling Distributors attached Exhibit A to their Motion, which lists the claims they seek to dismiss and the date each matter was filed – about 80 in total. *See* docket no. 4396-1.

In response, the Court received two opposition briefs: (1) counsel for about 65 of the government entities listed in Exhibit A filed an Opposition to the Motion to Dismiss, *see* docket no. 4445;[1] and (2) Rochester City School District, one of the government entities in Exhibit A, also filed a response and also asked for a 30-day extension of time, *see* docket no. 4490.

In addition to these filings, the Court invited the New York Attorney General to respond to the pending Motion to Dismiss. The Attorney General filed a position statement in support of the Settling Distributors' Motion. *See* docket no. 4480.

---

[1] Counsel purports to file this opposition on behalf of all of "the entities listed in Exhibit A," docket 4445 at 1, but he does not represent all of them. Counsel must be more careful to state clearly what entities he represents.

Having reviewed these submissions, and for the reasons stated below, the Court **DENIES** Plaintiffs' request for a stay and **GRANTS** the Settling Distributor's Motion to Dismiss. Rochester City School District's request for a thirty-day extension is **DENIED**.

I. **The Court declines to issue a discretionary stay of New York Mental Hygiene Law § 25.18(d).**[2]

The essential basis for Defendants' motion to dismiss is that a recently-passed New York statute – New York Mental Hygiene Law ("NYMHL") § 25.18(d) – extinguishes the listed claims "by operation of law." Motion at 1. Several of the Plaintiffs affected by this statute filed suit in federal court for the Eastern District of New York, seeking injunctive relief to prevent its enforcement. In that suit, Plaintiffs claim the statute is unconstitutional under the 1st and 14th Amendments of the United States Constitution and Article IX of the New York Constitution. *See Town of Babylon, NY, v. Leticia Jones*, No. 2:22-cv-01681, *1, 8 (E.D.N.Y. March 25, 2022) (docket no. 1).[3]

---

[2] NYMHL § 25.18 is part of a statewide framework crafted by the State Legislature for handling monies recovered in lawsuits brought against opioid defendants. First, the Legislature created an opioid settlement fund that "shall not be commingled with any other funds in the custody of the state comptroller." N.Y. Finance Law § 99-nn-2. Any money received from a statewide opioid settlement that is not directly disbursed must be deposited in the fund, and that money may only be spent on "eligible expenditures" as defined by the Statute. Furthermore, the New York Finance Law requires that "[f]unding shall be distributed regionally . . . to ensure adequate geographic disbursement across the state in accordance with the statewide opioid settlement agreements." *Id.* at § 99-nn-5.

In addition to defining "eligible expenditures," the statute extinguishes certain claims as a matter of law. Specifically, it states that "no government entity shall have the authority to assert released claims against entities released . . . in a statewide opioid settlement." NYMHL §25.18(d). Additionally, the statute retroactively extinguishes claims filed after June 30, 2019, if those claims were released pursuant to a statewide settlement agreement. *Id*. According to the Attorney General, this code section strengthened New York's position when negotiating opioid settlements and maximized funds the State received by ensuring the unanimous participation of New York government entities. *See* docket no. 4480 at 10. Under the terms of the statewide opioid settlement, Settling Distributors will make direct payments to all New York counties and the six largest cities by population. *Id.* at 14. The remaining funds will be appropriated by the New York State Legislature "exclusively for abatement purposes." *Id*.

[3] The Plaintiffs who filed the Opposition at docket no. 4445 include the *Town of Babylon* plaintiffs.

Plaintiffs do not seek an injunction from this Court, but they do request this Court stay consideration of the Motion to Dismiss until the *Town of Babylon* court rules. *See* docket nos. 4445 at 4; 4490 at 1. Rochester City School District also requests a thirty-day extension to respond to the Motion to Dismiss. These requests are denied.

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Part of that inherent authority is the "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clint v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Conversely, a district court has broad discretion to *decline* to stay proceedings, and should do so if a stay would only delay resolution of a case. Finally, the "proponent of a stay bears the burden of establishing its need. *Id.* at 708.

As a preliminary matter, the Court notes that putting the Motion to Dismiss on hold until the litigation in the Eastern District of New York concludes would not promote an "efficient and expedient resolution" of these cases. *Dietz*, 579 U.S. at 47. Judge Matsumoto, who is presiding over the litigation in the Eastern District, informed the parties in May that there may not be a decision on the Attorney General's motion to dismiss before the end of the year. *See* docket no. 4480, Ex. 2 at 3. And there is no predicting when Judge Matsumoto might reach a final decision on the merits if the motion to dismiss is denied. As a result, Plaintiffs are requesting what amounts to an indefinite stay of a ruling on the instant motion.

Turning to the merits of the stay request, the arguments in Plaintiffs' Opposition are somewhat inchoate, but Plaintiffs appear to argue that the retroactive termination of their claims was unfair, arbitrary, and unnecessary. To the contrary, however, the New York Attorney General articulates several justifications for the NYMHL that are fair, well-reasoned, and support the

3

Legislature's decision to terminate Plaintiffs' claims. Specifically, the Attorney General explains that releasing Plaintiffs' claims gave New York full authority to bargain with Defendants on behalf of all the government entities in the State, which secured better settlement terms. Also, the New York Legislature made a reasonable determination that a cohesive statewide policy regarding opioid abatement would yield better results than allowing individual subdivisions such as Villages, Towns, Fire Districts, Boards of Education, Water Districts, Medical Centers, Public Libraries, and Cities to fend for themselves.

Furthermore, the New York Legislature's plan to "ensure adequate geographic disbursement across the state" is reasonable. *See* § 25.18(b)(1). Direct payments will be made to each county and the six largest cities in New York, which encompass Plaintiffs' subdivisions. Under this distribution plan, the residents represented by each government subdivision listed in Exhibit A will enjoy access to needed resources for "prevention, treatment, harm reduction, and recovery services related to substance use disorders and co-occurring mental illness" in the counties where they reside. N.Y. Finance Law §99-nn-3. Therefore, enforcing § 25.18 will not result in any of Plaintiffs' constituents being unfairly deprived of access to settlement funds. Plaintiffs have not shown that the application of the New York Mental Hygiene Law would result in an injustice and have failed to demonstrate the need for a stay.

**II.    Plaintiffs' claims are extinguished by operation of law under §25.18.**

The NYMHL states:

Any action filed by a government entity after June thirtieth, two thousand nineteen asserting released claims against a manufacturer, distributor, or dispenser of opioid

4

> products shall be extinguished by operation of law upon being released pursuant to such statewide opioid settlement agreement.

NYMHL § 25.18(d). The statute thus sets out three elements that must be satisfied for a claim to be extinguished: (1) the action was filed by a government entity; (2) the action was filed after June 30, 2019; and (3) the action asserts "released claims." Plaintiffs do not contest the first two elements.[4] Plaintiffs do make a conclusory assertion that claims they brought under the New York Drug Dealer Liability Act are not "released claims" as defined by § 25.18(d). *See* docket no. 4445 at 1. But Plaintiffs do not attempt to support this statement with either law or argument.

Conversely, Settling Distributors argue that the New York Attorney General entered into a final statewide opioid settlement that released Distributors from "claims or demands of any kind or character whatsoever as a result of or relating to the Covered Conduct." *See* docket no. 4398-2 at 4. Covered Conduct is defined broadly as a claim relating in any way to the manufacturing, distributing, monitoring, dispensing, marketing, reporting, or diversion of opioid products. *See* docket no. 4398-2, Ex. B at 7. In turn, NYMHL §25.18(a)(5) states that the term "released claims" is to be defined in statewide opioid agreements, such as the agreement contained in Exhibit B and quoted above.

The New York Settlement Agreement does not carve out an exception for claims brought under the New York Drug Dealer Liability Act. The Agreement is clear that the release of claims applies to any "cause of action . . . whether arising under federal, state or local common law." *See* docket no. 4398 at 6–7. A claim for liability under the Drug Dealer Liability Act is clearly a cause of action arising under state law. Therefore, if a claim under the Drug Dealer Act relates in any

---

[4] In their Opposition, "Plaintiffs all agree that they are governmental entities" as defined by section (d). *See* docket no. 4445 at 3. And Plaintiffs do not disagree with the dates listed in Defendants' Exhibit A, which shows that all of Plaintiffs' actions were filed after June 30, 2019. *See* docket no. 4396-1.

5

way to Covered Conduct, it is extinguished. Plaintiffs do not dispute that their claims relate to Covered Conduct as defined by the New York Settlement Agreement. Thus, the claims of Plaintiffs listed in Exhibit A are released claims asserted by government entities after June 30, 2019. All three elements of NYMHL 25.18(d) are satisfied, so Plaintiffs' claims have been extinguished by operation of law.

Accordingly, Settling Distributors' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster   June 21, 2022
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE