# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

MDL No. 2804

This document relates to:
Case No. 1:18-op-46326-DAP

Case No. 17-md-2804

THE MONTGOMERY COUNTY BOARD OF
COUNTY COMMISSIONERS and THE STATE
OF OHIO *EX REL.* MATHIAS H. HECK, JR.,
PROSECUTING ATTORNEY,

Judge Dan Aaron Polster

                Plaintiff,

vs.

CARDINAL HEALTH, INC. et al.,

                Defendants.

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO THE PHARMACY DEFENDANTS' FIRST SET OF INTERROGATORIES (INTERROGATORY No. 1)

Pursuant to Federal Rules of Civil Procedure 26 and 33, as well as the local rules and orders of this Court, the Montgomery County Board of County Commissioners ("Plaintiff" or "County") hereby responds to the Pharmacy Defendants (collectively "Defendants" or "Chain Pharmacies") First Set of Interrogatories (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are

1

provided because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent it is overly broad, vague, unduly burdensome, seeks information that is not relevant to any party's claim or defense, or seeks to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this MDL or the Local Rules of the United States District Court of the Northern District of Ohio.

2.      These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

3.      No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

4.      Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet received adequate discovery from Defendants. As a result, Plaintiff has not completed its investigation of the facts relating to this action and have not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

5.      Plaintiff objects to each Interrogatory to the extent it purports to require Plaintiff to produce documents that are in the public domain or otherwise available to the Chain Pharmacies as easily from other sources as from Plaintiff.

6.      Plaintiff objects to each Interrogatory to the extent it seeks information more appropriately obtained through other methods of discovery.

7.      Plaintiff objects to each Interrogatory to the extent that it seeks information that is privileged or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

8.      Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its general and specific objections and without waiver of any objection.

9.      Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control" and which constitute the records of, or that belong to, the County or its departments.

10.     Plaintiff objects to each Interrogatory to the extent that it implies the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

11.     Plaintiff objects to each Interrogatory to the extent it seeks information that is not information belonging to the County within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff. Plaintiff's responses may reference documents and/or information provided by other parties in this MDL. Plaintiff's reference to such

documents is not intended to signify that Plaintiff maintains possession, custody, or control of these documents or that they belong to the County.

12.    Plaintiff objects to each Interrogatory to the extent it prematurely seeks expert opinion(s). All expert opinions will be disclosed on the dates set forth in the Case Management Order.

13.    Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

14.    Plaintiff objects to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that it seeks discovery that is not relevant to any party's claims or defenses.

15.    Plaintiff objects to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that they are overly burdensome and not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

16.    Plaintiff objects to these Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, because they seek discovery that is not relevant to a claim or defense or proportional to the needs of the case.

17.    Plaintiff objects to these Interrogatories to the extent they seek protected health information.

18.    Plaintiff objects to these Interrogatories to the extent that they include multiple subparts. Plaintiff further objects to these Interrogatories on the grounds that they are

4

individually and collectively overbroad and unduly burdensome and seek discovery that is not relevant to any party's claims or defenses and not proportional to the needs of the case. To the extent that Plaintiff agrees to respond to these Interrogatories, Plaintiff is agreeing to produce only the information it identifies in its Response.

19.     Plaintiff objects to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that they seek information that: (a) is in Defendants' possession, custody, or control; (b) is equally or more readily available from sources other than Plaintiff; (c) can be obtained from other sources that are more convenient, less burdensome, and/or less expensive than requiring Plaintiff to provide the information; (d) is not reasonably accessible to Plaintiff; and/oris publicly available to Defendants. With regard to any Response that Plaintiff provides, Plaintiff's Response will be limited to relevant, responsive, and non-privileged information in its possession, custody, or control of, and belonging to, the County located after a reasonable search that is proportional to the needs of the case.

20.     Plaintiff objects to these Interrogatories to the extent that they contain terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

21.     Plaintiff objects to these Interrogatories, and to the Interrogatories' Definitions and Instructions, to the extent that any Interrogatory, Definition, or Instruction: (a) is unduly burdensome, oppressive, overbroad, ambiguous, confusing, or vague; (b) is duplicative or unreasonably cumulative of other discovery in this investigation; or (c) calls for Plaintiff to draw a legal conclusion in order to respond.

22.     Plaintiff objects to the Interrogatories that purport to require that Plaintiff provide discovery with regard to "any," "each," "every," "all," or similar all-encompassing wording, on the grounds that such Interrogatories are overly broad, unduly burdensome, seek discovery that is

5

not relevant to any party's claims or defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

23.     Plaintiff objects to the Interrogatories to the extent that they seek premature expert discovery or disclosure of expert opinions and go beyond the scope of permissible expert discovery under the Discovery Rules. Plaintiff will provide expert discovery and disclosures in compliance with the Discovery Rules but assumes no further obligation.

24.     Plaintiff's investigation and discovery are ongoing as to all matters referred to in these Objections and Responses to Defendants' Interrogatories. Plaintiff's Responses are based upon information that has been collected and reviewed to date for the purpose of responding to these Interrogatories, and they are not prepared from the personal knowledge of any single individual. Plaintiff reserves the right to amend and supplement these Responses as discovery and this litigation proceed.

25.     Responding to these Interrogatories does not waive Plaintiff's rights to prove its claims, in whole or in part, through aggregate proof or statistical evidence. Plaintiff reserves its rights to assert that the use of any individualized prescription information is inappropriate, irrelevant, or inadmissible. *See* Report and Recommendation, *In re: National Prescription Opiate Litig.*, Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); *In re Neurontin Litigation*, 712 F.3d 21, 29-39 (1st Cir. 2013); *United States v. Life Care Centers of Am., Inc.*, 114 F. Supp. 3d 549 (E.D. Tenn. 2014); *United States v. Life Care Centers of Am., Inc.*, 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, *In re: National Prescription Opiate Litig.*, Case No. 1:17-MD- 2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, Plaintiff does not concede that this information is relevant or admissible.

26.     Plaintiff objects to these Interrogatories to the extent they seek to compel individual proof, or to compel Plaintiff to use any particular method of proof, at trial.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff objects to the Definitions of "Plaintiff" and "You" on the grounds that they are overly broad, vague, and seek to extend the requests beyond the Plaintiff entities that are named as Plaintiff and represented by the Prosecutor's Office in this litigation. For purposes of its Responses, Plaintiff will consider "Plaintiff" and "You" to mean the County and will respond with regard to information and documents that are records of, or belong to, the County or its departments.

2.     Plaintiff objects to the Definitions of "Document" and "Communication" to the extent that it seeks to impose obligations on Plaintiff beyond those imposed by the Discovery Rules. Plaintiff will respond in accordance with the applicable Discovery Rules and assumes no further obligation.

3.     Plaintiff objects to the Definition of "related to" or "relating to" to the extent that the Definition goes beyond common usage of the term, results in Interrogatories that are overbroad, vague, ambiguous, and unduly burdensome and, using Defendants' Definition of "related to" or "relating to," seeks discovery that is not relevant to any party's claims or defenses, nor proportional to the needs of the case, purports to impose obligations or burdens on Plaintiff that go beyond the Discovery Rules, and makes demands for information and documents that are not in Plaintiff's possession, custody, or control or records that belong to the County. Plaintiff further objects to this Definition to the extent that it seeks to add requirements to an Interrogatory not otherwise stated in the actual Interrogatory and creates a compound Interrogatory. Plaintiff will respond to the Interrogatory as propounded, subject to its Objections,

7

and does not agree to respond with regard to additional requirements or questions that Plaintiff purports to impose through their Definition of "related to" or "relating to."

4.      Plaintiff objects to the Definition of "Relevant Time Period" to the extent it seeks to impose obligations on the Plaintiff beyond those outlined in *Discovery Ruling 3* (Doc #: 762) (Filed: 07/1//18).  Plaintiff will respond in accordance with *Discovery Ruling 3* and assumes no further obligation.

5.      Plaintiff objects to Definitions 1 through 21 and Instructions 1 through 7 on the grounds that they are overly burdensome and seek to impose obligations or burdens on Plaintiff that go beyond those imposed by the Discovery Rules. Plaintiff will comply with the Discovery Rules.

## NON-WAIVER

1.      Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this action or any other action.

2.      If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3.      Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.      Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses. Plaintiff reserves its right to amend and/or to

supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

Identify each prescription for a Prescription Opioid or Cocktail Medication that you contend was diverted.

**Response to Interrogatory No. 1:**

Plaintiff is not obligated to prove each prescription that was diverted to prove a public nuisance claim and objects to this interrogatory to the extent it implies this is Plaintiff's obligation or to any argument by Defendants that Plaintiff has such an obligation.  By responding to this Interrogatory, Plaintiff does not concede that it is obligated to provide individualized proof of diversion of each and every individual prescription to establish its public nuisance claim or even concede that it would be possible to do so. Responding to this Interrogatory does not waive Plaintiff's rights to prove its claims, in whole or in part, through aggregate proof or statistical evidence or to offer expert testimony about the extent or likelihood of diversion as a result of Defendants' failures. *See* Report and Recommendation, *In re: National Prescription Opiate Litig.*, Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); *In re Neurontin Litigation*, 712 F.3d 21, 29-39 (1st Cir. 2013); *United States v. Life Care Centers of Am., Inc.*, 114 F. Supp. 3d 549 (E.D. Tenn. 2014); *United States v. Life Care Centers of Am., Inc.*, 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, *In re: National Prescription Opiate Litig.*, Case No. 1:17-MD-2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, Plaintiff does not concede that information about any particular prescription and whether it was actually diverted is relevant or admissible.

9

In addition to its General Objections, Plaintiff objects to this Interrogatory because it is overly broad, unduly burdensome, in that it seeks to have Plaintiff identify each prescription individually that was diverted when Defendants were supplying millions of prescriptions that should have triggered red flags for diversion and should not have flowed into the community unchecked.  The burden of tracing each of these inappropriately dispensed pills to its end point is disproportional to the needs of the case, especially given a public nuisance claim does not require this type of individualized proof.

Plaintiff objects to this Interrogatory as calling for premature disclosure of expert opinion.  Discovery into this topic is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with the CMO in this case and the Federal Rules of Civil Procedure.

Plaintiff further objects to this Interrogatory because it seeks documents or information that: (a) are in Defendants' possession, custody, or control; (b) are equally or more readily available from sources other than Plaintiff; (c) can be obtained from other sources that are more convenient, less burdensome, and/or less expensive than requiring Plaintiff to provide the information; and (d) are not reasonably accessible to Plaintiff.  Plaintiff is not claiming any damages on behalf an individual or group of individuals who were harmed by Defendants' conduct and the public nuisance claim does not require a showing that any third-party individuals were harmed.

Additionally, Plaintiff objects to this Interrogatory as an improperly broad contention interrogatory or one that is better answered at the close of fact and expert discovery. *See* F.R.C.P. 26.

Subject to and without waiving its objections, Plaintiff refers Defendants to the supplemental pleading served May 19, 2021 and notes that Plaintiff will comply with Section D.2 of the CMO in this case. Additionally, Plaintiff points Defendants to its expert reports which will be produced in accordance with the CMO in this case.

Additionally, Plaintiff intends to show that significant numbers of prescriptions filled by Defendants were diverted, but is not obligated to identify, or even to know, each and every such prescription; indeed it is not possible to know every prescription that was diverted.  Plaintiff has provided Defendants detailed analysis of each prescription that should have been flagged for potential diversion and that Defendants failed to investigate before it flowed into Plaintiff's community, leading to actual diversion.  Plaintiff notes that these particular prescriptions were at especially high risk of diversion, including prescriptions flagged in Plaintiff's red flag analysis, prescriptions flagged by Defendants' own systems and never investigated and cleared by Defendants, and prescriptions dispensed that were written by doctors identified by Defendants as high volume or problematic prescribers without proper due diligence. Plaintiff reserves the right to refer to all such prescriptions as evidence of Defendants' failure to prevent diversion and will provide expert testimony about how Defendants' actions lead to diversion in the community. Additionally, Plaintiff may point to any prescription by prescribing doctors listed in Defendants' own documents as generating red flags for diversion or suspicious activity, or prescriptions or in any state or federal criminal or regulatory enforcement actions, including any actions by State Boards of Medicine or Pharmacy.  In addition, Plaintiff may point at trial to examples of diverted prescriptions from the following health care providers:

- David Kirkwood
- Morris Brown
- Han Yang
- John Dahlsten

11

- Nilesh Jobalia
- Darrell Hall
- Victor Georgescu
- Daniel Brumfield
- Richard Sievers
- Bruce Kay
- Noel Watson
- Laila Gomaa
- Stephen House
- John Moore
- Julia Lucente
- James Laub
- Margaret Edwards
- Raymond Noshang
- Ari Ikeme
- James Lundeen
- Anita Swell
- Richard Sievers
- Corena Smith

Plaintiff is not obligated to identify every prescription from these, or other prescribers that were diverted.    Nevertheless, examples of the types of prescriptions Plaintiff may use or highlight at trial to illustrate prescriptions that were more likely than not diverted are  identified in Exhibit A, which is based on the information currently available to Plaintiff. Plaintiff reserves the right to supplement and amend this response as discovery proceeds. Plaintiff also reserved the right to identify additional prescriptions, including through expert discovery.

Dated:  May 20, 2022                    Respectfully submitted,


By: */s/ Lisa Saltzburg*
      Lisa Saltzburg

MOTLEY RICE, LLC

Linda Singer
Elizabeth Smith

12

Motley Rice LLC
401 9th Street NW
Suite 1001
Washington, DC 20004
(202) 386-9626
lsinger@motleyrice.com
esmith@motleyrice.com
*Attorneys for Montgomery County*

Michael Elsner
Lisa Saltzburg
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464
(843) 216-9000
melsner@motleyrice.com
lsaltzburg@motleyrice.com
*Attorneys for Montgomery County*

Mathias H. Heck, Jr.
Montgomery County Prosecuting Attorney
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422
Telephone: (937) 225-5599
Fax Number: (937) 225-4822
E-mail: heckm@mcohio.org
*Attorney for Montgomery County*

Ward C. Barrentine
Chief Assistant Prosecuting Attorney - Civil
Division
Montgomery County Prosecutor's Office
301 West Third Street
4th Floor, Suite 461
Dayton, Ohio 45422
Telephone: (937) 496-7797
E-mail: BarrentinW@mcohio.org
*Attorney for Montgomery County*

13

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I caused the foregoing to be served via electronic mail on Defendants via Tracks6to10Defendants@bbhps.com.

By: */s/ Lisa Saltzburg*
Lisa Saltzburg

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: Case No. 1:18-op-46326-DAP | Case No. 17-md-2804 |
| THE MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS and THE STATE OF OHIO *EX REL.* MATHIAS H. HECK, JR., PROSECUTING ATTORNEY, | Judge Dan Aaron Polster |
| Plaintiff, | |
| vs. | |
| CARDINAL HEALTH, INC. et al., | |
| Defendants. | |

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES FIVE AND SIX OF PHARMACY DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, as well as the local rules and orders of this Court, the Montgomery County Board of County Commissioners ("Plaintiff" or "County") hereby offers this amended response to the Pharmacy Defendants (collectively "Defendants" or "Chain Pharmacies") Second Set of Interrogatories Requests 5 and 6 (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

1

## OBJECTIONS

Plaintiff's incorporate the Objections previously submitted on November 15, 2021 with Plaintiff's Responses and Objections to the Pharmacy Defendants' Second Set of Interrogatories.

## NON-WAIVER

1.     Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this action or any other action.

2.     If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3.     Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.     Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses. Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 5:**

Your Red Flag Submission states that You identified "prescriptions dispensed by Defendants, which were written by prescribers regarding whom Defendants had or should have had actual or constructive notice were engaged in activity indicative of possible or actual diversion and/or were written by prescribers who issued the prescription without a legitimate medical purpose or outside the usual course of professional practice and/or were not authorized

to issue controlled substance prescriptions." Describe how You identified each of these prescribers, including without limitation what facts You claim should have provided "actual or constructive notice" to Defendants that those prescribers "were engaged in activity indicative of possible or actual diversion," were issuing prescriptions "without a legitimate medical purpose or outside the usual course of professional practice," or "were not authorized to issue controlled substance prescriptions."

**Response to Interrogatory No. 5:**

Plaintiff objects to this Interrogatory on the grounds of attorney work product privilege. Plaintiff also objects to this Interrogatory as a contention interrogatory better answered at the close of fact and expert discovery. *See* F.R.C.P. 26. Plaintiff also objects to this Interrogatory as overbroad and unduly burdensome in going beyond the scope of even a contention Interrogatory.

Subject to and without waiving objections, Plaintiff refers Defendants to Plaintiff's Second Submission Pursuant to Case Management Order served on October 27, 2021.

In addition, Plaintiff objects to this Request to the extent it prematurely seeks expert opinion(s). Discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with the scheduling orders in this case and the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this answer through expert witnesses pursuant to the Scheduling Order entered by the Court.

Notwithstanding the above objections, Plaintiff submits that the Defendants should have used their own dispensing data and any data it purchased or was provided by third parties to identify high risk prescribers potentially engaged in diversion or prescribing opioids for illegitimate medical purposes.  Among the factors that the Defendants should have considered was: the volume of opioids prescribed compared to national, state and chain averages; the share of opioids prescribed compared to national, state and chain averages; the share of opioid medications prescribed compared to non-opioid medications; and the number of red flag

3

prescriptions written by prescribers.  There are a number of other metrics which may have been used to identify prescribers at higher risk of diversion.  The examples above are merely representative.

The Defendants should have also used its own programs, systems and databases to identify high risk prescribers.  The programs may include any prescriber monitoring programs, controlled substance dispensing programs, refusal to fill lists, good faith dispensing forms, blanket refusal to fill data, prescriber notes fields, patient notes fields and other data fields in Defendant's own systems.[1]  Some examples of sources from Defendants own production that could have been used to identify high risk prescribers include CVS-MDLT3-000121335, CVS-MDLT7-00000739, CVS-MDLT3-000121324, WMT_MA_000008510 and WMT_MDL_SD_0002424.  Walgreens also collected and analyzed its dispensing data; however, the analysis was withheld from pharmacists and store-level employees because Walgreens "did not want to cloud the pharmacists' decision whether or not to fill or not to fill a prescription."[2]  This list is not meant to be exclusive, nor could it be, as Defendants are best positioned to know what information they possessed, and fact discovery is still on-going; Defendants have not completed document production and depositions have not occurred.  The list is merely a sample, based on information currently available, of the types of materials that the Defendants may have consulted.  Examples of prescriptions that were filled after Defendants received notice of potentially suspicious prescribing include prescriptions in Exhibit A.  Exhibit A is not meant to be a comprehensive list.  These are merely examples of the types of prescriptions filled after the Defendants received notice concerning the prescribing practices of

---

[1] Programs include those identified in Defendant responses to Plaintiffs' Track Three Notice of Document Deposition Pursuant to 30(b)(6), November 9, 2020, Topic 6 and other similar programs operated by those Defendants and Meijer and Kroger.
[2] Stahmann NM AG Dep. at 67-68, 79-80

certain physicians.   Plaintiff reserves the right to introduce into evidence any prescription by prescribing doctors listed in Defendants' own documents as generating red flags for diversion or suspicious activity, or prescriptions or in any state or federal criminal or regulatory enforcement actions, including any actions by State Boards of Medicine or Pharmacy.

There is also significant public information including from the Ohio Board of Pharmacy, the Ohio Board of Medicine, DEA, other law enforcement agencies and publicly available reports and news reports that the Defendants could have used to identify prescribers that had been indicted, were under investigation, or are the subject of civil and other criminal proceedings for their prescribing practices.   In some cases, Defendants have produced documents which demonstrate that the Defendant received notice that prescribers were engaged in activity indicative of possible or actual diversion, were issuing prescriptions without a legitimate medical purpose or outside the usual course of professional practice.

Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatory, consistent with further investigation and discovery and refers Defendants to its own document production and expert reports, which will be produced in this case pursuant to the CMO and Federal Rules of Civil Procedure.

**Interrogatory No. 6**:

State whether or not You believe that the 115 prescribers identified in Your Red Flag Submission contributed to the alleged public nuisance that You claim exists.

**Response to Interrogatory No. 6**:

Plaintiff objects to this Interrogatory as an improper contention Interrogatory that is not reasonably calculated to lead to admissible evidence about the contentions actually at issue in the

supplemental pleading. The County is not obligated to make additional allegations about other non-parties. If the Chain Pharmacies seek to do so, such information should be part of their own discovery responses. Plaintiff contends, and will prove at trial, that the conduct of each of the Defendants was a substantial factor in creating the public nuisance. Plaintiff further objects to this Interrogatory as cumulative.

Subject to and without waiving its objections, Plaintiff responds that Defendants appear to misunderstand the red flag submission. By identifying a prescription as raising a red flag, Plaintiff is not asserting that every red flag came from a prescriber who contributed to the public nuisance. Plaintiff also refers Defendants to its response to Interrogatory No. 13 in Defendants' First Set of Interrogatories.

Dated: May 20, 2022                    Respectfully Submitted,

|  | /s/ Michael Elsner, Esq. |
|  | MOTLEY RICE, LLC <br> Linda Singer <br> Elizabeth Smith <br> Motley Rice LLC <br> 401 9th Street NW <br> Suite 1001 <br> Washington, DC 20004 <br> (202) 386-9626 <br> lsinger@motleyrice.com <br> esmith@motleyrice.com <br> *Attorneys for Montgomery County* |

Michael Elsner
Lisa Saltzburg
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464
(843) 216-9000
melsner@motleyrice.com
lsaltzburg@motleyrice.com
*Attorneys for Montgomery County*

Mathias H. Heck, Jr.
Montgomery County Prosecuting Attorney
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422
Telephone: (937) 225-5599
Fax Number: (937) 225-4822
E-mail: heckm@mcohio.org
*Attorney for Montgomery County*

Ward C. Barrentine
Chief Assistant Prosecuting Attorney - Civil
Division
Montgomery County Prosecutor's Office
301 West Third Street
4th Floor, Suite 461
Dayton, Ohio 45422
Telephone: (937) 496-7797
E-mail: BarrentinW@mcohio.org
*Attorney for Montgomery County*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2022, I caused the foregoing to be served via electronic

mail on Defendants via Tracks6to10Defendants@bbhps.com.

By: */s/ Lisa Saltzburg*
Lisa Saltzburg