# Exhibit C

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

STATE OF RHODE ISLAND, by and through,
PETER F.  NERONHA, ATTORNEY GENERAL,

                Plaintiff,

        vs.

PURDUE PHARMA L.P., *et al.*,

               Defendants.

C.A.  No.: PC-18-4555

## ORDER REGARDING THE STATE'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH TEVA DEFENDANTS' RULE 30(B)(6) DEPOSITION NOTICE DATED APRIL 23, 2021

The Special Master has considered the State's Motion for a Protective Order and to Quash Teva Defendants' Rule 30(b)(6) Deposition Notice Dated April 23, 2021 (hereafter, the "Motion") and finds as follows:

THE SPECIAL MASTER FINDS THAT:

1.      The Motion is GRANTED as to topic numbers 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, and 14 because these topics are overly broad and thereby fail to meet the 30(b)(6) reasonable particularity requirement, whereby the designated deponent or deponents could fulfill his/her duty to prepare a response.

2.      The Motion is GRANTED as to topic numbers 9, 15, 16, 19, and 21 because they improperly seek expert testimony.

3.      The Motion is PASSED AS MOOT as to topic 17 because the State offered to provide a witness on this topic.

4.      The Motion is DENIED as to topic numbers 10 (as revised by the Defendants' June 23, 2021 notice), 13 and 22.

Case Number: PC-2018-4555
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 10:53 AM
Envelope: 3228211
Reviewer: Victoria H

1:17-md-02804-DAP   Doc #: 4582-3   Filed: 07/18/22   3 of 27.   PageID #: 591286

5.      The Motion is GRANTED IN PART, DENIED IN PART as to topic number 18.

The term "related to this litigation" is changed to "related to the subject matter of this litigation."

Thus, topic number 18 shall read:

> "YOUR knowledge of any investigation done by any state, county, or municipal agency, or any of YOUR political subdivisions, related to the subject matter of this litigation."

6.      The Motion is GRANTED IN PART, DENIED IN PART as to topic number 20.

Subtopics 20(a) and 20(h), as presented in the Teva Defendant's Rule 30(b)(6) Notice dated April

23, 2021, are disallowed.   The remaining subtopics are permitted.   Thus, topic number 20 shall

read:

> "All of Plaintiff's expenditures made in response to the alleged opioid epidemic, including but not limited to the following:
>
> a.      The categories of YOUR expenditures and the factual basis for the claim that such expenditures relate to the alleged opioid epidemic in YOUR geographic area;
>
> b.      The source of funding for YOUR expenditures;
>
> c.      Any impact that such expenditures had on the budgets or accounts for YOU or any of YOUR agencies;
>
> d.      The facts, documents, and accounting data through which such expenditures may be ascertained;
>
> e.      The process and methodology by which the amounts have been or can be calculated;
>
> f.      Grants, awards, or federal or state funding YOU received to address the alleged opioid epidemic.
>
> g.      YOUR knowledge of how PRESCRIPTION OPIOIDS specifically have impacted YOUR budgets, including the calculation(s), amount(s), and source(s) of YOUR budgets that were specifically allocated to reacting to, combating, treating, assessing, or otherwise specifically addressing PRESCRIPTION OPIOID diversion, abuse, or addiction."

7.      The Teva Defendants shall have up to twenty four (24) hours to examine the State's

30(b)(6) designee(s) on all topics allowed in both the Teva Defendants' 30(b)(6) Notice of

Case Number: PC-2018-4555
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 10:53 AM
Envelope: 3228211
Reviewer: Victoria H

Case 1:17-md-02804-DAP   Doc #: 4582-3   Filed: 07/18/22   4 of 27.   PageID #: 591287

Deposition and the Distributor Defendants' 30(b)(6) Notice of Deposition, which time the Teva

Defendants may allocate among the allowed topics in its discretion.

So ORDERED this **13th** day of _____**August**_____, 2021.


Enter:                                              By Order:




Richard A. Light, Associate Justice                 Clerk Michael C. Rampone

**Richard Licht**                                   Deputy Clerk  I

**Associate Justice**                               -



Presented by:                                       TEVA PHARMACEUTICALS USA, INC.;
                                                    CEPHALON, INC.; WATSON
                                                    LABORATORIES, INC.; WARNER
                                                    CHILCOTT COMPANY, LLC: ACTAVIS
                                                    PHARMA, INC. F/K/A WATSON
                                                    PHARMA, INC.; ACTAVIS SOUTH
                                                    ATLANTIC LLC; ACTAVIS ELIZABETH
                                                    LLC; ACTAVIS MID ATLANTIC LLC;
                                                    ACTAVIS TOTOWA LLC; ACTAVIS LLC;
                                                    ACTAVIS KADIAN LLC; ACTAVIS
                                                    LABORATORIES UT, INC., F/K/A
                                                    WATSON LABORATORIES, INC.-SALT
                                                    LAKE CITY; AND ACTAVIS
                                                    LABORATORIES FL, INC., F/K/A
                                                    WATSON LABORATORIES, INC.-
                                                    FLORIDA

                                                    By their Attorneys,

                                                    /s/ *Gardner H. Palmer, Jr.*
                                                    Gardner H. Palmer, Jr. (#3707)
                                                    DiOrio Law Office
                                                    144 Westminster Street
                                                    Suite 302
                                                    Providence, RI 02903

Phone: (401) 632-0911
Fax: (401) 632-0751
Email: ghpalmer@dioriolaw.com

Rebecca J. Hillyer
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001
Email: rebecca.hillyer@morganlewis.com

Christopher M. Wasil
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Phone: (203) 240-2700
Fax: (860) 240-2701
Email: chris.wasil@morganlewis.com

Gurinder S. Grewal
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: (415) 442-1000
Fax: (415) 442-1001
Email: gurinder.grewal@morganlewis.com

Maryann B. Zaki
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Phone: (713) 890-5000
Fax: (713) 890-5001
Email: maryann.zaki@morganlewis.com

Case Number: PC-2018-4555
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 11:25 AM
Envelope: 3228211
Reviewer: Victoria H
1:18-md-02804-DAP  Doc #: 4582-3  Filed: 07/18/22  6 of 27.  PageID #: 591289

Memorandum

Date:  August 2, 2021

To:  All Attorneys of Record in C.A. No. P.C. 2018-4555

From:  Special Master Mark Pfeiffer

Subject:   Proposed Order with the recommendation by the Special Master for entry by Justice
Licht (Special Master Referred Order # 17)


The attached Proposed Order ("Order") was the subject of prior hearings.  The terms of the Order as submitted by counsel are satisfactory to the Special Master.  Accordingly, counsel are directed pursuant to paragraph II D of the Order of Reference to file said Order along with this memorandum on the case docket in the Electronic Case Filing System.  Said filing shall be made within the time frame as provided in the Order of Reference.  This memorandum shall constitute the Special Master's report and recommendation to Justice Licht that the Order be adopted and entered by him. Any party wishing to object to the Special Master's report and recommendation must do so within three days of the filing of this memorandum and the Order in the Electronic Case Filing System.  For future reference in Special Master proceedings, the Order is designated as Special Master Referred Order # 17.

Mark Pfeiffer
Associate Justice of the R.I. Superior Court, Ret.
Special Master

Case Number: PC-2018-4555
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2021 10:25:11 AM
Envelope: 3258222
Reviewer: Jackie H

Case: 1:17-md-02804-DAP  Doc #: 4582-3  Filed: 07/18/22  7 of 27.  PageID #: 591290

STATE OF RHODE ISLAND
PROVIDENCE, SC

                                                          SUPERIOR COURT

STATE OF RHODE ISLAND, by and through,
PETER F.  NERONHA, ATTORNEY GENERAL,

                              Plaintiff,

                                                          C.A.  No.: PC-18-4555

            vs.

PURDUE PHARMA L.P., *et al.*,

                              Defendants.

## ORDER REGARDING THE STATE'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH TEVA DEFENDANTS' RULE 30(B)(6) DEPOSITION NOTICE DATED APRIL 23, 2021

The Special Master has considered the State's Motion for a Protective Order and to Quash

Teva Defendants' Rule 30(b)(6) Deposition Notice Dated April 23, 2021 (hereafter, the "Motion")

and finds as follows:

THE SPECIAL MASTER FINDS THAT:

1.      The Motion is GRANTED as to topic numbers 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, and 14

because these topics are overly broad and thereby fail to meet the 30(b)(6) reasonable particularity

requirement, whereby the designated deponent or deponents could fulfill his/her duty to prepare a

response.

2.      The Motion is GRANTED as to topic numbers 9, 15, 16, 19, and 21 because they

improperly seek expert testimony.

3.      The Motion is PASSED AS MOOT as to topic 17 because the State offered to

provide a witness on this topic.

4.      The Motion is DENIED as to topic numbers 10 (as revised by the Defendants' June

23, 2021 notice), 13 and 22.

5.      The Motion is GRANTED IN PART, DENIED IN PART as to topic number 18.

The term "related to this litigation" is changed to "related to the subject matter of this litigation."

Thus, topic number 18 shall read:

> "YOUR knowledge of any investigation done by any state, county, or municipal agency, or any of YOUR political subdivisions, related to the subject matter of this litigation."

6.      The Motion is GRANTED IN PART, DENIED IN PART as to topic number 20.

Subtopics 20(a) and 20(h), as presented in the Teva Defendant's Rule 30(b)(6) Notice dated April

23, 2021, are disallowed.  The remaining subtopics are permitted.  Thus, topic number 20 shall

read:

> "All of Plaintiff's expenditures made in response to the alleged opioid epidemic, including but not limited to the following:
>
> a.      The categories of YOUR expenditures and the factual basis for the claim that such expenditures relate to the alleged opioid epidemic in YOUR geographic area;
>
> b.      The source of funding for YOUR expenditures;
>
> c.      Any impact that such expenditures had on the budgets or accounts for YOU or any of YOUR agencies;
>
> d.      The facts, documents, and accounting data through which such expenditures may be ascertained;
>
> e.      The process and methodology by which the amounts have been or can be calculated;
>
> f.      Grants, awards, or federal or state funding YOU received to address the alleged opioid epidemic.
>
> g.      YOUR knowledge of how PRESCRIPTION OPIOIDS specifically have impacted YOUR budgets, including the calculation(s), amount(s), and source(s) of YOUR budgets that were specifically allocated to reacting to, combating, treating, assessing, or otherwise specifically addressing PRESCRIPTION OPIOID diversion, abuse, or addiction."

7.      The Teva Defendants shall have up to twenty four (24) hours to examine the State's

30(b)(6) designee(s) on all topics allowed in both the Teva Defendants' 30(b)(6) Notice of

Case Number: PC-2018-4555
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2021 10:23:51 AM
Envelope: 3256922
Reviewer: Victoria H

Case 1:17-md-02804-DAP   Doc #: 4582-3   Filed: 07/18/22   9 of 27.   PageID #: 591292

Deposition and the Distributor Defendants' 30(b)(6) Notice of Deposition, which time the Teva

Defendants may allocate among the allowed topics in its discretion.

So ORDERED this _____ day of _____, 2021.


Enter:                                           By Order:




_____        _____
Richard A. Licht, Associate Justice              Clerk

-


Presented by:                          TEVA PHARMACEUTICALS USA, INC.;
                                       CEPHALON, INC.; WATSON
                                       LABORATORIES, INC.; WARNER
                                       CHILCOTT COMPANY, LLC: ACTAVIS
                                       PHARMA, INC. F/K/A WATSON
                                       PHARMA, INC.; ACTAVIS SOUTH
                                       ATLANTIC LLC; ACTAVIS ELIZABETH
                                       LLC; ACTAVIS MID ATLANTIC LLC;
                                       ACTAVIS TOTOWA LLC; ACTAVIS LLC;
                                       ACTAVIS KADIAN LLC; ACTAVIS
                                       LABORATORIES UT, INC., F/K/A
                                       WATSON LABORATORIES, INC.-SALT
                                       LAKE CITY; AND ACTAVIS
                                       LABORATORIES FL, INC., F/K/A
                                       WATSON LABORATORIES, INC.-
                                       FLORIDA

                                       By their Attorneys,

                                       /s/ *Gardner H. Palmer, Jr.*
                                       Gardner H. Palmer, Jr. (#3707)
                                       DiOrio Law Office
                                       144 Westminster Street
                                       Suite 302
                                       Providence, RI 02903

Case Number: PC-2018-4555
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2022 10:29 AM
Envelope: 3256922
Reviewer: Janelle H

Case 1:17-md-02804-DAP  Doc #: 4582-3  Filed: 07/18/22  10 of 27.  PageID #: 591293

Phone: (401) 632-0911
Fax: (401) 632-0751
Email: ghpalmer@dioriolaw.com

Rebecca J. Hillyer
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001
Email: rebecca.hillyer@morganlewis.com

Christopher M. Wasil
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Phone: (203) 240-2700
Fax: (860) 240-2701
Email: chris.wasil@morganlewis.com

Gurinder S. Grewal
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: (415) 442-1000
Fax: (415) 442-1001
Email: gurinder.grewal@morganlewis.com

Maryann B. Zaki
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Phone: (713) 890-5000
Fax: (713) 890-5001
Email: maryann.zaki@morganlewis.com

Case Number: PC-2018-4555
Filed in Providence/Bristol County Superior Court
Submitted: 8/27/2022 10:25:9 AM
Envelope: 3256922
Reviewer: Vaddana H

PC-02804-DAP   Doc #: 4582-3   Filed: 07/18/22   11 of 27.   PageID #: 591294

Memorandum

Date:  August 2, 2021

To:  All Attorneys of Record in C.A. No. P.C. 2018-4555

From:  Special Master Mark Pfeiffer

Subject:   Proposed Order with the recommendation by the Special Master for entry by Justice
       Licht (Special Master Referred Order # 17)


      The attached Proposed Order ("Order") was the subject of prior hearings.   The terms of
the Order as submitted by counsel are satisfactory to the Special Master.  Accordingly, counsel
are directed pursuant to paragraph II D of the Order of Reference to file said Order along with
this memorandum on the case docket in the Electronic Case Filing System.  Said filing shall be
made within the time frame as provided in the Order of Reference.  This memorandum shall
constitute the Special Master's report and recommendation to Justice Licht that the Order be
adopted and entered by him. Any party wishing to object to the Special Master's report and
recommendation must do so within three days of the filing of this memorandum and the Order
in the Electronic Case Filing System.  For future reference in Special Master proceedings, the
Order is designated as Special Master Referred Order # 17.

Mark Pfeiffer
Associate Justice of the R.I. Superior Court, Ret.
Special Master

STATE OF RHODE ISLAND                                SUPERIOR COURT
PROVIDENCE, SC.

STATE OF RHODE ISLAND, by and through,
PETER NERONHA, ATTORNEY GENERAL

      *Plaintiff*,

     v.

PURDUE PHARMA L.P., et al.,                    Case No. PC2018-4555

      *Defendants*.

---

## TEVA DEFENDANTS' NOTICE OF TAKING THE DEPOSITION OF THE STATE OF RHODE ISLAND AND REQUEST FOR THE PRODUCTION OF DOCUMENTS

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Rhode Island Superior Court Rule of Civil Procedure 30(b)(6), Defendants Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC: Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories Ut, Inc., f/k/a Watson Laboratories, Inc.-Salt Lake City; and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida (collectively, the "Teva Defendants") will take the deposition upon oral examination of the State of Rhode Island (the "State" or "Plaintiff"), by remote videography and stenographic means, each beginning on **May 28, 2021** at **10:00 AM (ET)**, on the "Topics for Examination" set forth below, and demand that Plaintiff produce for inspecting and copying all of the "Documents to be Produced" below.

This deposition shall be recorded by stenography, by video, and through instant visual display of testimony by means of alternative video teleconferencing (VTC) services (Zoom) through Vertiext Legal Solutions, before a remote notary public or other person authorized to administer oaths pursuant to Rhode Island Superior Court Rule 28(a) and the protocol for remote depositions.  Said deposition will continue from day to day until concluded.  If you wish to participate in this deposition, please email opioid@veritext.com your information so they can provide you with the appropriate link.

You are invited to attend and participate in this deposition.

## DEFINITIONS

1.  "COMMUNICATION" or "COMMUNICATIONS" shall mean and include any contact or act by which any information or knowledge is transmitted or conveyed between two or more PERSONS, including written contact (by such means as letters, memoranda, facsimiles, tape recordings, computer transmissions, computer readable recordings, voicemails, emails, text messages, instant messenger messages, online chat messages or any other DOCUMENTS or ESI), oral contact (by such means as face-to-face COMMUNICATIONS or telephone conversations), or any other transfer of information, written or otherwise.

2.  "COMPLAINT" means the Second Amended Complaint filed in this action on December 20, 2019, any subsequent amendments, and any exhibits thereto.

3.  "COST" means total monetary expenditures.

4.  "DEFENDANT(S)" refers to each of the individual Defendants named in the COMPLAINT.

5.  "DOCUMENT" or "DOCUMENTS" is defined in the broadest sense permissible under Rhode Island Superior Court Rule of Civil Procedure 34 and includes, without limitation, any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in Your possession, custody, or control.  The term includes agreements; contracts;

letters; telegrams; facsimile transmission; inter-office COMMUNICATIONS; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; minutes of meetings, conferences, and telephone or other conversations or COMMUNICATIONS; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. A DOCUMENT is deemed to be in Your control if You have the right to secure the DOCUMENT or a copy thereof from another person. The term DOCUMENT also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such DOCUMENT is to be produced in a reasonably legible and usable form. The term DOCUMENT also includes: (i) all drafts or versions of a DOCUMENT and all copies that differ in any respect from the original, including any notation, underlining, interlineation, or other marking or information not on the original; (ii) information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations; and (iii) the file-folder, labeled-box, or notebook containing the DOCUMENT, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the DOCUMENT.

6.      "Health Care Professional(s)," "Health Care Provider(s)," or "HCP(s)" means any PERSON who prescribes, administers, or dispenses any OPIOID to any PERSON.

7.      "KEY OPINION LEADER(S)" or "KOL(s)" refers to health care providers who also serve as thought leaders, medical experts, or advisors that use their knowledge and experience about the treatment of pain to author journal articles, present to other health care providers, conduct research or studies, or serve on the boards and committees of professional societies and patient advocacy groups as those terms are used in the COMPLAINT.

Received Daily 5/9/2021 8:14 AM
Location: Providence/Bristol County Superior Court
Case Number: PC-2018-4555

8.　　"OPIOID" or "OPIOIDS" refers to any natural or synthetic chemical—whether or not FDA-approved or legally administered—that binds to opioid receptors in a user's brain or body to produce an analgesic effect, including without limitation, PRESCRIPTION OPIOIDS, heroin, illicitly manufactured fentanyl, and fentanyl-type drugs.

9.　　"PERSON" or "PERSONS" shall mean any natural person, partnership, joint venture, corporation, association, firm, trust, or any other kind of organization or entity.

10.　　"RELATE TO," "RELATES TO," and "RELATING TO" as used herein shall be construed in the broadest possible sense, and shall mean without limitation and whether in whole or in part: referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, resulting from, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, mentioning, relating to, or having any logical or factual connection whatsoever with the subject addressed, regardless whether the factual connection is favorable to or adverse to YOU.

11.　　"PRESCRIPTION OPIOIDS" refers to FDA-approved, pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect, including, but not limited to, the PRESCRIPTION OPIOIDS referenced the COMPLAINT, for the prescription and/or wholesale distribution of which YOU seek to hold DEFENDANTS liable.

12.　　"YOU" or "YOUR" shall mean the State of Rhode Island as the Plaintiff named in the COMPLAINT.

## RELEVANT TIME PERIOD

Unless otherwise specified, the Relevant Time Period is the time period during which Plaintiff claims any Defendant engaged in any allegedly wrongful or unlawful conduct that caused damage to the Plaintiff for which Plaintiff seeks relief by way of the COMPLAINT.

## TOPICS FOR EXAMINATION

1.      The nature and circumstances of any false, misleading, unlawful, and/or deceptive COMMUNICATION made directly by or on behalf of each individual DEFENDANT regarding OPIOIDS or the PRESCRIPTION OPIOIDS upon which YOU rely in support of the COMPLAINT, including, but not limited to:

      a.      The DEFENDANT involved;

      b.      When the COMMUNICATION was made by each individual DEFENDANT;

      c.      The number of times the COMMUNICATION was made by each individual DEFENDANT;

      d.      To whom the COMMUNICATION was made or distributed in the State of Rhode Island;

      e.      Who, if anyone, relied on the COMMUNICATION in connection with the improper prescribing or use of an OPIOID; and

      f.      What harm, if any, was caused by the COMMUNICATION.

2.      The nature and circumstances of any false, misleading, unlawful, and/or deceptive COMMUNICATION made by any third party regarding OPIOIDS or the PRESCRIPTION OPIOIDS upon which YOU rely in support of the COMPLAINT, including but not limited to:

      a.      The involvement of any DEFENDANT;

      b.      The name of the third party responsible for the COMMUNICATION;

      c.      When the COMMUNICATION was made by any third party;

      d.      The number of times the COMMUNICATION was made by any third party; and

      e.      To whom the COMMUNICATION was made or distributed in the State of Rhode Island;

      f.     Who, if anyone, relied on the COMMUNICATION in connection with the improper prescribing or use of an OPIOID; and

      g.     What harm, if any, was caused by the COMMUNICATION.

3.     The nature and circumstances of any false, misleading, unlawful, and/or deceptive COMMUNICATION made by any KOL regarding OPIOIDS or the PRESCRIPTION OPIOIDS upon which YOU rely in support of the COMPLAINT, including but not limited to:

      a.     The involvement of any DEFENDANT;

      b.     The name of the KOL responsible for the COMMUNICATION;

      c.     When the COMMUNICATION was made by any KOL;

      d.     The number of times the COMMUNICATION was made by any KOL;

      e.     To whom the COMMUNICATION was made or distributed in the State of Rhode Island;

      f.     Who, if anyone, relied on the COMMUNICATION in connection with the improper prescribing or use of an OPIOID; and

      g.     What harm, if any, was caused by the COMMUNICATION.

4.     The nature and circumstances of all duties owed to You by each individual DEFENDANT that each individual DEFENDANT allegedly breached.

5.     Every instance where any DEFENDANT or sales representative acting on behalf of any DEFENDANT disseminated, distributed, provided to, or otherwise discussed with any HCP the following items when marketing or promoting any PRESCRIPTION OPIOID:

      a.     Article entitled "Fentanyl buccal tablet (FBT) for relief of breakthrough pain in opioid-treated patients with chronic low back pain: a randomized, placebo-controlled study" by Dr. Russell Portenoy et al.

      b.     Book entitled *Exit Wounds* by Derek McGinnis.

      c.     Book entitled *Responsible Opioid Prescribing* by Dr. Scott Fishman.

      d.     Model Guidelines for the Use of Controlled Substances for the Treatment of Pain by the Federation of State Medical Boards.

     e.     Guidelines or consensus statements produced by the American Academy of Pain Medicine and/or the American Pain Society.

     f.     White paper by the Alliance for Patient Access entitled *Prescription Pain Medication: Preserving Patient Access While Curbing Abuse*.

     g.     Any publication sponsored by the American Pain Foundation, including *Treatment Options: A Guide for People Living with Pain* and *A Policymaker's Guide to Understanding Pain & Its Management*.

     h.     Any publication authored by Dr. Russel Portenoy, Dr. Bradley Galer, Dr. David Haddox, Dr. Scott Fishman, Dr. Perry G. Fine, Dr. Srinivas Nalamachu, Dr. Jack D. Schim, Dr. Robin K. Dore, Dr. Lynn R. Webster, or Jacques R. Caldwell.

     i.     Any publication authored by the U.S. Pain Foundation, American Society for Pain Management Nursing, Conrad & Associates, American College of Physicians, Center for Practical Bioethics, National Pain Foundation, Pain & Policy Studies Group, Academy of Integrative Pain Management, ACS Cancer Action Network, American Chronic Pain Association, American Society of Pain Educators, Washington Legal Foundation, or College on the Problems of Drug Dependence.

     j.     American Geriatrics Society publication *The Management of Persistent Pain in Older Persons*.

     k.     American Geriatrics Society publication *Pharmacological Management of Persistent Pain in Older Persons*.

     l.     A booklet and DVD entitled *Finding Relief*.

     m.     Any reference to a public website, including without limitation PainKnowledge.com, PainAction.com, SmartMovesSmartChoices.org, pain-topics.org, PrescribeResponsibly.com, LetsTalkPain.org, Growingpains.org, inthefaceofpain.com, or any website related to Defendants' branded opioid medications.

     n.     Publication entitled *Opioid Medications and REMS: A Patient's Guide*.

o.      Publication entitled *An Integrated Risk Evaluation and Mitigation Strategy (REMS) for FENTORA (Fentanyl Buccal Tablet) and ACTIQ (Oral Transmucosal Fentanyl Citrate)*.

p.      Publication entitled *Special Report: An Integrated Risk Evaluation and Mitigation Strategy for Fentanyl Buccal Tablet (FENTORA) and Oral Transmucosal Fentanyl Citrate (ACTIQ)*.

q.      Publication entitled *Impact of Breakthrough Pain on Quality of Life in Patients with Chronic, Noncancer Pain: Patient Perceptions and Effect of Treatment with Oral Transmucosal Fentanyl Citrate*.

r.      Study by Jacques R. Caldwell, *et al., Treatment of Osteoarthritis Pain with Controlled Release Oxycodone or Fixed Combination Oxycodone Plus Acetaminophen Added to Nonsteroidal Antiinflammatory Drugs: A Double Blind, Randomized, Multicenter, Placebo Controlled Trial*, 266.4 Journal of Rheumatology 862-869 (1999).

s.      Study by J. Porter & H. Jick, *Addiction Rare in Patients Treated with Narcotics*, 302(2) New Eng. J. Med. 123 (1980).

t.      "Pain Management Kit" *Partners Against Pain.*

u.      Publications entitled *Pain Vignettes*.

v.      Continuing Medical Education (CME) presentations, including without limitation CMEs entitled "*Opioid-Based Management of Persistent and Breakthrough Pain,*" "*Breakthrough Pain: Treatment Rationale with Opioids,*" "*Optimizing Opioid Treatment for Breakthrough Pain,*" "*Pharmacologic Management of Breakthrough or Incident Pain,*" "*Overview of Management Options,*" "*Chronic Pain Management and Opioid Use: Easing Fears, Managing Risks, and Improving Outcomes,*" and "*Managing Patients' Opioid Use: Balancing the Need and Risk.*"

w.      Publication entitled *Opioid Safe Use and Handling Guide*.

x.      Publication entitled *Providing Relief Preventing Abuse*.

y.      2013 *Policy Statement Regarding the Treatment of Pain and Control of Opioid Abuse* by Mallinckrodt Pharmaceuticals.

z.      Any other marketing or promotional material upon which YOU rely in support of the COMPLAINT.

6.      Every instance where any DEFENDANT or sales representative acting on behalf of any DEFENDANT marketed, promoted, or instructed any PERSON or entity to market or promote any PRESCRIPTION OPIOID for off-label use upon which YOU rely in support of the COMPLAINT.

7.      A description of the "public nuisance" claimed in the COMPLAINT, including but not limited to:

a.      What the "public nuisance" is;

b.      When the "public nuisance" began;

c.      What caused the "public nuisance";

d.      How each DEFENDANT contributed to the "public nuisance";

e.      What effect the "public nuisance" has had on the State of Rhode Island;

8.      Each individual DEFENDANT'S proportionate responsibility for the "public nuisance" claimed in the COMPLAINT.

9.      YOUR claimed abatement costs and compensatory damages, including but not limited to:

a.      Damages (including all monetary relief YOU seek, however described) incurred from the promotion, marketing, distribution, dispensing, and/or diversion of PRESCRIPTION OPIOIDS in or into Rhode Island;

b.      The categories of YOUR alleged damages and the factual basis for the claim of damages;

c.      The amount of damages;

d.      The facts and documents through which the amount of damages may be ascertained;

e.     The process and methodology by which the amounts have been or will be calculated;

f.     The source of funds used to pay for any expenditures YOU claims as damages;

g.     Any reimbursement YOU sought or obtained for any such expenditures;

h.     Any information connecting each category of damages;

i.     The amount(s) attributed to the specific conduct of each DEFENDANT that YOU challenge in this litigation;

j.     The measures YOU deem necessary to abate the "public nuisance" claimed in the COMPLAINT and the associated COST of each measure.

k.     Efforts taken to date by YOU to abate the "public nuisance" claimed in the COMPLAINT.

l.     YOUR actions to mitigate, abate, or otherwise address the opioid epidemic and YOUR alleged remedies YOU claim in this litigation, including actions to prevent OPIOID diversion, to limit the prescribing of PRESCRIPTION OPIOIDS, to prevent or treat OPIOID abuse, to prevent the entry of illegal OPIOIDS or other illegal substances into Rhode Island, and to prosecute or otherwise sanction PERSONS contributing to the problem.

10.     The OPIOIDS YOU attribute to the "public nuisance" claimed in the COMPLAINT and the criteria that YOU used to identify those OPIOIDS, including but not limited to, an explanation of:

a.     How those criteria were applied and to what data source(s);

b.     Why those criteria were used; and

c.     Why other criteria were not used.

11.     The HCPs, if any, who received any false and/or misleading representations, omissions or other wrongful COMMUNICATIONS by DEFENDANTS (or their purported agents) as alleged in the COMPLAINT and were in fact mislead by those COMMUNICATIONS, including but not limited to:

    a.      Identification of each HCP;

    b.      The DEFENDANT involved;

    c.      When those COMMUNICATIONS occurred;

    d.      The content of those COMMUNICATIONS; and

    e.      Identification of the prescriptions that were influenced by such COMMUNICATIONS.

12.    Identification of the specific prescriptions written in the State of Rhode Island or to State of Rhode Island residents that YOU contend created, contributed to, and/or continued the alleged public nuisance, were written in reliance on any alleged misrepresentations, omissions, or other alleged wrongdoing by any manufacturer of PRESCRIPTION OPIOIDS, and/or were not medically necessary, and the circumstances under which each prescription was written and the coverage decision on the prescription. This topic concerns the circumstances around the decision to prescribe the PRESCRIPTION OPIOIDS identified in response to this topic, including:

    a.      the prescribing HCP;

    b.      the patient;

    c.      the condition for which the prescription was written;

    d.      whether the prescription was medically necessary and/or appropriate;

    e.      any other treatments that were given and/or available for the condition, either in conjunction with or as alternatives to the PRESCRIPTION OPIOID;

    f.      the date of prescription;

    g.      the type, form, and dosage of the PRESCRIPTION OPIOIDS prescribed;

    h.      Any alleged false and/or misleading representations, omissions, or other wrongful COMMUNICATION on which the prescribing HCP relied or which otherwise caused harm, and the DEFENDANT and the specific sales representative(s), employee(s), or agent(s) of the DEFENDANT that made or committed the alleged misrepresentation, omission, or wrongful COMMUNICATION involved;

       i.    the harm (if any) suffered by the patient and YOU as a result of the prescription.

13.    The total number of prescriptions written in the State of Rhode Island for each PRESCRIPTION OPIOID for each year from January 1, 1996 to the present and the basis for that number.

14.    Identification of the person(s) the COMPLAINT alleges have been harmed individually or in the aggregate by any prescription written by any HCP who was misled or otherwise influenced by alleged false and/or misleading COMMUNICATIONS to write said prescription and the DEFENDANT involved.

15.    YOUR knowledge of which DEFENDANTS "disguised their own role in the deceptive marketing of chronic opioid therapy by funding and working through biased science, unbranded marketing, third-party advocates, and professional associations" as alleged in Paragraph 342 of the COMPLAINT.

16.    The amount by which each DEFENDANT was unjustly enriched as claimed in the COMPLAINT, how YOU calculated this number for each DEFENDANT, and how the amounts are benefits that YOU have conferred on each DEFENDANT.

17.    The retention policies implemented by YOU in the State of Rhode Island to preserve documents relevant to this action.  This topic seeks inquiry into the steps taken by YOU to ensure that YOU preserved such information, including when such notice was first given and to whom.

18.    YOUR knowledge of any investigation done by any state, county, or municipal agency, or any of YOUR political subdivisions, related to this litigation.

19.    The identification of each state, county, or municipal agency, or any of YOUR political subdivisions, that has been harmed by false, misleading, or wrongful conduct by any DEFENDANT as claimed in the COMPLAINT, including how each agency has been harmed, by which DEFENDANT, and the nature and extent of the harm.

20.  All of Plaintiff's expenditures made in response to or caused by the alleged opioid epidemic, including but not limited to the following:

a.  Expenditures or moneys expended in YOUR geographic area relating to or caused by the alleged opioid epidemic, including expenditures or moneys expended in the adoption or expansion of programs addressing or intended to address the alleged opioid epidemic;

b.  The categories of YOUR expenditures and the factual basis for the claim that such expenditures relate to the alleged opioid epidemic in YOUR geographic area;

c.  The source of funding for YOUR expenditures;

d.  Any impact that such expenditures had on the budgets or accounts for YOU or any of YOUR agencies;

e.  The facts, documents, and accounting data through which such expenditures may be ascertained;

f.  The process and methodology by which the amounts have been or can be calculated;

g.  Grants, awards, or federal or state funding YOU received to address the alleged opioid epidemic.

h.  Any information connecting each category of expenditure and the amount(s) to the specific conduct of each DEFENDANT that YOU challenge in this litigation

i.  YOUR knowledge of how PRESCRIPTION OPIOIDS specifically have impacted YOUR budgets, including the calculation(s), amount(s), and source(s) of YOUR budgets that were specifically allocated to reacting to, combating, treating, assessing, or otherwise specifically addressing PRESCRIPTION OPIOID diversion, abuse, or addiction.

21.  YOUR knowledge of how "deceptive marketing and overprescribing of opioids also had a significant detrimental impact on "infants," "children," and "adolescent(s)" as alleged in the COMPLAINT.

22.  Each topic for examination listed in the 30(b)(6) notice served by the distributor DEFENDANTS.

Electronically Served 4/23/2021 8:14 AM
Location: Providence/Bristol County Superior Court
Case Number: PC-2018-4555

## DOCUMENTS TO BE PRODUCED

1.      All DOCUMENTS used to refresh the witness's recollection for any Topics of Examination, or otherwise consulted in preparing to testify.

2.      All DOCUMENTS that the witness intends to rely upon in the deposition.

Date: April 23, 2021

TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; WARNER CHILCOTT COMPANY, LLC: ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ACTAVIS SOUTH ATLANTIC LLC; ACTAVIS ELIZABETH LLC; ACTAVIS MID ATLANTIC LLC; ACTAVIS TOTOWA LLC; ACTAVIS LLC; ACTAVIS KADIAN LLC; ACTAVIS LABORATORIES UT, INC., F/K/A WATSON LABORATORIES, INC.-SALT LAKE CITY; AND ACTAVIS LABORATORIES FL, INC., F/K/A WATSON LABORATORIES, INC.-FLORIDA

By their Attorneys,

*/s/ Gardner H. Palmer, Jr.*
Gardner H. Palmer, Jr. (#3707)
DiOrio Law Office
144 Westminster Street
Suite 302
Providence, RI 02903
Phone: (401) 632-0911
Fax: (401) 632-0751
Email: ghpalmer@dioriolaw.com

Rebecca J. Hillyer
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000

Fax: (215) 963-5001
Email: rebecca.hillyer@morganlewis.com

Jeff Goldman
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Phone: (617) 341-7700
Fax: (617) 341-7701
Email: jeff.goldman@morganlewis.com

Christopher M. Wasil
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Phone: (203) 240-2700
Fax: (860) 240-2701
Email: chris.wasil@morganlewis.com

Gurinder S. Grewal
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: (415) 442-1000
Fax: (415) 442-1001
Email: gurinder.grewal@morganlewis.com

Maryann B. Zaki
Admitted *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Phone: (713) 890-5000
Fax: (713) 890-5001
Email: maryann.zaki@morganlewis.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2021, the within document was served through the Rhode Island Superior Court Case Management System by means of the EFS and is available for viewing and/or downloading by counsel of record.

/s/ *Gardner H. Palmer, Jr.*