# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>No. 22-op-45024-DAP;<br>No. 21-op-45116-DAP;<br>No. 19-op-46078-DAP. | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**SETTLING DISTRIBUTORS' SUPPLEMENTAL MOTION TO DISMISS
CLAIMS FILED BY NEW YORK GOVERNMENTAL ENTITIES
AS BARRED BY STATUTE**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 2

BACKGROUND ................................................................................................................. 2

ARGUMENT ....................................................................................................................... 4

I.     The Additional Entities Are "Government Entities" For Purposes Of The Statutory Prohibition. ................................................................................... 4

II.    The Additional Entities' Claims Were Released By The Attorney General. ..................... 5

III.   All Of The Additional Entities' Lawsuits Were Filed After The Statutory Deadline. ............................................................................................................ 6

CONCLUSION .................................................................................................................... 7

## INTRODUCTION

Settling Distributor Defendants (referred to herein as "Settling Distributors")[1] submit this Supplemental Motion to Dismiss all claims in cases in this MDL against Settling Distributors brought by three New York government entities—Southwestern Central School District (purporting to represent all "similarly situated public school districts" in New York State), Friendship Engine & Hose Company, and the Erie County Medical Center (together the "Additional Entities")—against Settling Distributors on the ground that the claims are barred by New York statute. This Court recently dismissed similar claims brought by similarly-situated government entities as barred by New York Mental Hygiene Law § 25.18(d). *See* Dkt. No. 4547. The same result is appropriate here because the claims the Additional Entities assert against the Settling Distributors all fall within the scope of the statutory prohibition.

## BACKGROUND

Settling Distributors incorporate by reference the background provided in their Corrected Motion to Dismiss Claims Filed By Non-Participating New York Subdivisions As Barred By Statute, dated April 29, 2022, regarding: (1) the Settling Distributors' settlement with the State of New York related to the distribution of prescription opioids and (2) the related amendments to the New York Mental Hygiene Law § 25.18, effective June 29, 2021, including the statutory bar on further litigation by non-participating entities. *See* Dkt. No. 4398 at 1-3.

On June 21, 2022, this Court granted the Settling Distributors' Motion on the ground that claims against the Settling Distributors by more than 80 New York "government entities"

---

[1] The Settling Distributors are AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, H.D. Smith LLC f/k/a H.D. Smith Wholesale Drug Co., McKesson Corporation, Cardinal Health, Inc., and Kinray LLC, as well as any other Released Entities, as that term is defined in the New York Agreement, that have been named as defendants in any of the cases at issue in this Motion. *See* Distributor Settlement Agreement, Dkt. No. 4398 at Ex. B at 8-9 & Ex. F thereto.

2

(including towns, villages, a medical center, and a school district, among others) were barred by § 25.18(d). *See* Dkt. No. 4547. Prior to that ruling the New York Attorney General had, at this Court's invitation, submitted a position statement in support of the Settling Distributors' motion. *See* Dkt. No. 4480. In its dismissal order, the Court: (1) declined to stay those proceedings pending the resolution of a constitutional challenge to the New York Mental Hygiene Law in the U.S. District Court for the Eastern District of New York; (2) found that the claims brought by the government entities at issue were extinguished by operation of law under § 25.18(d); and (3) dismissed the claims filed against Settling Distributors by those entities from these proceedings. *See generally* Dkt. No. 4547. This Court found that the "New York Attorney General articulated several justifications for the NYMHL that are fair, well-reasoned, and support the Legislature's decision to terminate Plaintiffs' claims," including specifically the prioritization of a cohesive statewide policy regarding opioid abatement—an integral component of the settlement reached between the State of New York and the Settling Distributors. *Id*. at 3-4.

On May 24, 2022, approximately one month after Settling Distributors filed their Motion to Dismiss, Additional Entity the Southwestern Central School District filed its complaint. No. 22-op-45024-DAP, Dkt. No. 1 (N.D. Ohio May 24, 2022). The other two Additional Entities, Friendship Engine & Hose Company and the Erie County Medical Center,[2] are self-identified governmental entities within the state of New York that are subject to the statutory bar. The Settling Distributors now move to dismiss all three Additional Entities' claims against Settling Distributors.

---

[2] The *Erie County Medical Center* case includes claims asserted by other plaintiffs. This Motion relates to, and seeks dismissal of, only the claims asserted against Settling Distributors by Plaintiff Erie County Medical Center.

3

**ARGUMENT**

By its terms and as recognized by this Court, § 25.18(d) of the amended Mental Hygiene Law extinguishes claims against Settling Distributors by government entities if three elements are met: "(1) the action was filed by a government entity; (2) the action was filed after June 30, 2019; and (3) the action asserts 'released claims.'" *See* Dkt. No. 4547 at 5 (citing N.Y. Mental Hyg. L. 25.18(d)). As discussed in further detail below, each of these elements is met as to all of the claims against the Settling Distributors in the lawsuits brought by the Additional Entities. Thus, dismissal of those claims is appropriate.

**I.    The Additional Entities Are "Government Entities" For Purposes Of The Statutory Prohibition.**

As noted, the amendments to the Mental Hygiene Law broadly define "government entities" to include "counties, municipalities, districts, towns and/or villages," and "any department, agency, division, board, commission and/or instrumentality thereof." N.Y. Mental Hyg. Law § 25.18(a)(2)(ii). All three of the Additional Entities fall within the scope of this broad definition because they are all "districts" and/or an "instrumentality thereof" as used in the New York Statute.

Erie County Medical Center describes itself in its Complaint as a "public benefit corporation formed and existing under the laws of the state of New York." No. 21-op-45116-DAP, Dkt. No 1-2 ¶ 17. The New York Public Authorities Law further identifies Erie County Medical Center as a public hospital performing "an essential public and governmental function." N.Y. Pub. Auth. Law § 3626 (2015). As a public benefit corporation, Erie Medical Center is governed by a board of directors appointed by the governor and the county executive of Erie County and constitutes a governmental entity within the meaning of the Mental Hygiene Law as an agency of the state and the local government. *See* N.Y. Pub. Auth. Law § 3628 (2003); *Civil*

4

*Service Employees Ass'n, Inc., Local 1000, AFSCME, AFL-CIO v. County of Erie*, 63 A.D.3d 1536, 1537 (N.Y. App. Div. 2009) ("Pursuant to Public Authorities Law § 2(1) and (2)(a), a 'public benefit corporation' such as ECMCC that was created under that or any other New York State law is included under the definitions for both a 'state authority' and a 'local authority.'"). Federal courts have also routinely recognized that Erie County Medical Center is a public hospital and state actor. *See, e.g., Williams v. Saul*, 2019 WL 3940246, at *3 (W.D.N.Y. Aug. 20, 2019); *VanBrocklen v. Gupta*, 2012 WL 7801682, at *3 (W.D.N.Y. Sept. 20, 2012).

Friendship Engine & Hose Company describes itself as "a fire district organized and operating pursuant to New York State Town Law." No. 19-op-46078-DAP, Dkt. No. 1 ¶ 1. Indeed, Friendship Engine & Hose Company completed a subdivision participation form identifying itself as a governmental entity. *See* Exhibit A.

Finally, the Southwestern Central School District is a public school district, identically situated to Rochester City School District, whose claims against Settling Distributors this court already has dismissed.

None of these entities is any different from other medical centers, fire districts, and school districts whose claims this Court has dismissed as being barred by statute. *See generally* Dkt. No. 4547. The first statutory element is met.

**II.     The Additional Entities' Claims Were Released By The Attorney General.**

The New York Attorney General released the claims asserted in each of the Additional Entities' cases, thus satisfying the second statutory bar requirement.

The amendment provides that "released claims against a manufacturer, distributor, or dispenser of opioid products shall be extinguished by operation of law upon being released by the department of law in such statewide opioid settlement agreement." N.Y. Mental Hyg. Law § 25.18(d). As this Court has stated, the New York legislature determined that enabling the

5

Attorney General to release all subdivision claims "gave New York full authority to bargain with Defendants on behalf of all the government entities in the state [to] secure[] better settlement terms," and the Attorney General made the determination that the settlement, including resolution of all government entities' claims, was in the State's best interests. Dkt. No. 4547 at 4. As noted, on July 20, 2021, the New York Attorney General (in her capacity as head of the department of law) entered into a full and final statewide opioid settlement agreement and release. That settlement agreement released Settling Distributors from "all Claims for Covered Conduct" and was drafted broadly to "release[] Distributors from 'claims or demands of any kind or character whatsoever as a result of or relating to the Covered Conduct.'" Dkt. No. 4547 at 5 (quoting Dkt. 4398, at Ex. B at 4). "Covered Conduct" in turn is broadly defined to cover, *inter alia,* any claim related to the distribution of prescription opioids, including reporting or non-reporting of orders, diversion control programs, or suspicious order monitoring.

The Attorney General explicitly stated in her November 17, 2021 Letter and Release of Opioid-Related Claims Pursuant to the Distributors New York Settlement Agreement and New York Mental Hygiene Law § 25.18(d), that the Attorney General had obtained the authority to settle and release, to the maximum extent of the State's power, all Released Claims, and that the New York Agreement constitutes a "statewide opioid settlement agreement" under § 25.18(d) of the Mental Hygiene Law. *See* Dkt. No. 4398, at Ex. C. The second statutory element is also met.

### III. All Of The Additional Entities' Lawsuits Were Filed After The Statutory Deadline.

Finally, the statutory bar applies to claims filed "after June thirtieth, two thousand nineteen." N.Y. Mental Hyg. Law § 25.18(d); Dkt. No. 4547 at 5. All of the Additional Entities' lawsuits were filed after the June 30, 2019 cutoff. *See* Complaint, *Southwestern Central School District v. Cephalon, Inc.*, No. 22-op-45024-DAP, Dkt. No. 1 (N.D. Ohio May 24, 2022); Complaint, *Erie Cnty. Med. Ctr. Corp. v. Teva Pharms. USA, Inc.*, No. 21-op-45116-DAP, Dkt.

6

No 1-2 (complaint originally filed in in New York state court on May 11, 2021 and subsequently removed to federal court); Complaint, *Friendship Engine & Hose Co., N.Y. v. McKesson Corp.*, No. 19-op-46078-DAP, Dkt. No. 1 (N.D. Ohio Nov. 22, 2019). Moreover, Southwestern Central School District's complaint also is barred by the first clause of § 25.18(d), which provides that "[n]o government entity shall have the authority to assert released claims against entities released by the department of law in a statewide opioid settlement agreement … on or after June first, 2021." N.Y. Mental Hyg. L. 25.18(d). Accordingly, all three criteria for the statutory bar set forth in § 25.18(d) are met, and the Additional Entities' claims against the Settling Distributors should be dismissed.

## CONCLUSION

For the foregoing reasons, Settling Distributors respectfully request that this Court dismiss all claims against Settling Distributors in the lawsuits filed by the Southwestern Central School District, Erie County Medical Center Corporation, and Friendship Engine and Hose Company as statutorily barred by New York Mental Hygiene Law § 25.18(d).

Dated: _____, 2022

Respectfully submitted,

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
 (202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Mark H. Lynch
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

/s/ William E. Padgett
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
William J. Leeder, III (MI No. P70708)
Barnes & Thornburg llp
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 236-1313
Fax: (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com
william.leeder@btlaw.com

*Counsel for Defendants H. D. Smith, LLC, f/k/a. H. D. Smith Wholesale Drug Co.; H. D. Smith Holdings, LLC and H. D. Smith Holding Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>No. 22-op-45024-DAP;<br>No. 21-op-45116-DAP;<br>No. 19-op-46078-DAP. | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**[PROPOSED] ORDER GRANTING SETTLING DISTRIBUTORS'
SUPPLEMENTAL MOTION TO DISMISS
CLAIMS FILED BY NEW YORK GOVERNMENTAL ENTITIES
AS BARRED BY STATUTE**

Upon consideration of Settling Distributors' Supplemental Motion To Dismiss Claims Filed By New York Governmental Entities As Barred By Statute ("Settling Distributors' Motion"), and any opposition thereto, and as there is no just reason for delay, it is hereby ORDERED that Settling Distributors' Motion is GRANTED. It is further ORDERED that the claims asserted against Settling Distributors[1] in the above-captioned lawsuit filed by Plaintiffs Southwestern Central School District (purporting to represent all "similarly situated public school districts" in New York State), Friendship Engine & Hose Company, and the Erie County Medical Center are hereby DISMISSED WITH PREJUDICE.

                                                                Hon. Dan A. Polster
                                                                United States District Judge

---

[1] The Settling Distributors are AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, H.D. Smith LLC f/k/a H.D. Smith Wholesale Drug Co., McKesson Corporation, Cardinal Health, Inc., and Kinray LLC, as well as any other Released Entities, as that term is defined in the New York Agreement, that have been named as defendants in any of the cases at issue in this Motion. *See* Distributor Settlement Agreement, Dkt. No. 4398 at Ex. B at 8-9 & Ex. F thereto.