UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Lake, Ohio v. Purdue Pharma L.P., et al.,*<br>Case No. 18-op-45032<br><br>*The County of Trumbull, Ohio v. Purdue Pharma L.P., et al.,*<br>Case No. 18-op-45079 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### PLAINTIFFS THE COUNTIES OF LAKE AND TRUMBULL'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO THE PHARMACY DEFENDANTS' INTERROGATORIES RELATED TO THE TRACK THREE ABATEMENT PHASE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 3329), The Counties of Lake and Trumbull, Ohio (collectively, "Plaintiffs") hereby supplement their responses to the Pharmacy Defendants'[1] Interrogatories to Plaintiffs relating to the Track Three Abatement Phase (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

### OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided

---

[1] The National Retail Pharmacy Defendants are CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., CVS Indiana, L.L.C., Walgreens Boots Alliance, Inc., Walgreen Co., Walgreen Eastern Co., Inc., and Walmart, Inc. (collectively "Defendants" or "National Retail Pharmacy Defendants").

1

DEF-MDL-15069.00001

DEF-MDL-15069

because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1. Plaintiffs object to each Interrogatory as discovery is closed and no additional discovery is permitted. *See* Dkt. Nos. 3329 and 3735. Defendants conducted full and extensive discovery of Plaintiffs without any limitation relative to abatement. Discovery included approximately 60 depositions of Plaintiff witnesses, 68 interrogatories, 136 requests for production, and 26 30(b)(6) topics all which included information regarding abatement. Nothing precluded Defendants from seeking the below discovery before discovery was closed.

2. Plaintiffs object to each Interrogatory as a jury has found: (1) that oversupply of legal prescription opioids, and diversion of those opioids into the illicit market outside of appropriate medical channels, is a public nuisance in Lake and Trumbull Counties; and (2) that Defendants engaged in intentional and/or illegal conduct which was a substantial factor in producing the public nuisance. *See* Dkt. No. 4176.

3. Plaintiffs object to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense regarding abatement, or seek to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

4. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

5. Plaintiffs object to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest

2

privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

6. Whenever in the responses Plaintiffs employ the phrase "subject to and without waiving all objections," Plaintiffs are responding to the Interrogatory as it may be narrowed by their general and specific objections and without waiver of any objection.

7. Plaintiffs object to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In providing these objections and responses, Plaintiffs do not admit the factual or legal premise of any Interrogatory.

8. Plaintiffs reserve the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

9. Plaintiffs object to these Interrogatories and to the Definitions and Instructions included with this set of Interrogatories, because they seek discovery that is not relevant to this litigation. As appropriate, Plaintiffs will limit its Responses to information that relates to Lake and Trumbull Counties.

10. Plaintiffs object to these Interrogatories to the extent that they contain terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

11. Plaintiffs object to these Interrogatories and to the Definitions and Instructions, to the extent that any Interrogatory, Definition, or Instruction: (a) is unduly burdensome, oppressive, overbroad, ambiguous, confusing, or vague; (b) is duplicative or unreasonably cumulative of other discovery in this investigation; or (c) calls for Plaintiffs to draw a legal conclusion in order to respond.

12. Plaintiffs object to the Interrogatories that purport to require that Plaintiffs provide discovery with regard to "any," "each," "every," "all," or similar all-encompassing wording, on the grounds that such Interrogatories are overly broad, unduly burdensome, seek discovery that is not

DEF-MDL-15069.00003

relevant to any party's claims or defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Plaintiffs object to the Definitions of "Plaintiff," "Plaintiffs," and "You" on the grounds that they are overly broad, vague, and seek to extend the requests beyond the Plaintiff entities that are named as Plaintiffs in this litigation. For purposes of its Responses, Plaintiffs will consider "Plaintiff," "Plaintiffs," and "You" to mean the Counties of Lake and Trumbull and will respond with regard to information and documents in those entities' possession, custody, or control.

2. Plaintiffs object to the Definitions of "Document" and "Communication" to the extent that they seek to impose obligations on Plaintiffs beyond those imposed by the Discovery Rules. Plaintiffs will respond in accordance with the applicable Discovery Rules and assumes no further obligation.

3. Plaintiffs object to the Definition of "related to" or "relating to" to the extent that the Definition goes beyond common usage of the term, results in Interrogatories that are overbroad, vague, ambiguous, and unduly burdensome and, using Defendants' Definition of "related to" or "relating to," seeks discovery that is not relevant to any party's claims or defenses, nor proportional to the needs of the case, purports to impose obligations or burdens on Plaintiffs that go beyond the Discovery Rules, and makes demands for information and documents that are not in Plaintiffs' possession, custody, or control. Plaintiffs further objects to this Definition to the extent that it seeks to add requirements to a Interrogatory not otherwise stated in the actual Interrogatory and creates a compound Interrogatory. Plaintiffs will respond to the Interrogatory as propounded, subject to its Objections, and does not agree to respond with regard to additional requirements or questions that Plaintiffs purport to impose through their Definition of "related to" or "relating to."

DEF-MDL-15069.00004

4.     Plaintiffs object to any ESI Instruction to the extent that it varies from or goes beyond any ESI Protocol agreed to by the parties or ordered by the Court.

## NON-WAIVER

1.     Plaintiffs' responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2.     If Plaintiffs, in response to any Interrogatory inadvertently produce information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3.     Plaintiffs' failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.     Plaintiffs respond herein based upon information they have been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories consistent with further investigation and discovery.

DEF-MDL-15069.00005

## PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' TRACK THREE REQUEST FOR INTERROGATORIES

### Interrogatory No. 1:

Describe the terms of the settlements that Plaintiffs entered into with Giant Eagle and Rite Aid, including the amounts that each of those Defendants has agreed to pay each Plaintiff and the timing of those payments. Explain how the funds and/or benefits will be allocated— including which agencies, offices, or departments of the Plaintiff counties will receive funds and/or benefits and in what amounts—and how the funds and/or benefits will be used. Provide as much detail as possible.

### Response to Interrogatory No. 1:

On January 22, 2022, the Court ruled on Defendants' interrogatory request. (*See* Dkt. No. 4247.) The Court ruled:

> *First sentence*: Given that Plaintiffs are producing the settlement agreements, they need not explain their terms. *Second sentence*: Plaintiffs shall provide the requested explanation regarding planned allocation of settlement funds, to the extent they know; if they do not yet know, they may say so.

(*Id.*)

In accordance with the Court's ruling, Plaintiffs respond as follows: On February 14, 2022, Plaintiffs produced the executed settlement agreements with Rite Aid. (*See* LAKE005706831 and TRUM004984748.) As of the date of this response, a settlement agreement has not been executed between Plaintiffs and Giant Eagle. When the settlement agreement with Giant Eagle is executed, Plaintiffs will produce such agreement. Additionally, in response to the planned allocation of settlement funds Plaintiffs are not yet in receipt of any settlement funds. Therefore, planned allocation is unknown at this time and will be determined after receipt of funds. However, Plaintiffs understand all funds are subject to Approved Uses as defined in the OneOhio memorandum of understanding and settlement agreements.

6

<u>Supplemental **Response to Interrogatory No. 1**</u>:

In addition to the above, Plaintiffs provide the following with regard to Giant Eagle. Plaintiffs Lake and Trumbull Counties will each receive $1,500,000 in the settlement with Giant Eagle. A copy of the settlement agreement with Giant Eagle was produced on April 12, 2022.

<u>**Interrogatory No. 2**</u>:

State whether each Plaintiff will participate in the national settlements with AmerisourceBergen, Cardinal, McKesson, and Johnson & Johnson. If a Plaintiff will participate in one or more of the settlements, explain the amounts of funds and/or benefits it expects to receive from each settlement, their timing, how any funds and/or benefits will be allocated—including which agencies, offices, or departments of the Plaintiff county will receive funds and/or benefits and in what amounts—and how the funds and/or benefits will be used.

<u>**Response to Interrogatory No. 2**</u>:

On January 22, 2022, the Court ruled on Defendants' interrogatory request. (*See* Dkt. No. 4247.) The Court ruled:

> *First sentence*: Plaintiffs shall respond to the question about "national settlements," which is hereby defined to include the OneOhio settlement. *Second sentence*: Plaintiffs shall provide the requested explanation regarding amount and planned allocation of settlement funds, to the extent they know; if they do not yet know, they may say so.

(*Id.*)

In accordance with the Court's ruling, Plaintiffs respond as follows: Plaintiffs are participating in the in the settlements between the State of Ohio and AmerisourceBergen, Cardinal, McKesson, and the National Johnson & Johnson settlement. (*See* https://nationalopioidsettlement.com/wp-content/uploads/2021/09/ohio-distributors_3.pdf; *see also* https://nationalopioidsettlement.com/wp-content/uploads/2021/12/Janssen-agreement-20211222.pdf.) The amounts Plaintiffs are expected to receive from these settlements are subject to the terms of the agreements and the application of the OneOhio memorandum of understanding. (*See* https://nationalopioidsettlement.com/wp-content/uploads/2021/11/Exhibit-8-2021.07.28-

DEF-MDL-15069.00007

One-Ohio-Memorandum-of-Understanding.pdf.) Additionally, in response to the planned allocation of settlement funds Plaintiffs are not yet in receipt of any settlement funds. Therefore, planned allocation is unknown at this time and will be determined after receipt of funds. However, Plaintiffs understand all funds are subject to Approved Uses as defined in the OneOhio memorandum of understanding and settlement agreements.

**Supplemental Response to Interrogatory No. 2:**

In addition to the above regarding allocation of settlement funds in the settlements between the State of Ohio and AmerisourceBergen, Cardinal, McKesson, and Johnson & Johnson, Plaintiffs provide the following additional information as of the date of this Supplemental Response:

**AmerisourceBergen, Cardinal, McKesson**

- The maximum amount of recovery for Lake County is projected to be $4,280,530.01 with an expected recovery being within the range of $3,210,397.51 - $4,066,503.51.
- The maximum amount of recovery for Trumbull County is projected to be $6,038,682.35 with an expected recovery being within the range of $4,529,011.77 - $5,736,748.24.

**Johnson & Johnson**

- The maximum amount of recovery for Lake County is projected to be $974,163.28 with an expected recovery being within the range of $732,748.61 - $925,455.11.
- The maximum amount of recovery for Trumbull County is projected to be $1,374,283.69 with an expected recovery being within the range of $1,033,712.20 - $1,305,569.51.

The above numbers are best available projections of what Plaintiffs will receive over an 18-year payout, which does not account for a reduction for net present value, the future viability of those parties paying the settlement, and potential other reductions or off-sets detailed in the previously provided settlement agreements.

**Interrogatory No. 3:**

State whether each Plaintiff agreed or consented to any Purdue Pharma or Mallinckrodt plan

8

of reorganization and/or any associated resolutions. Please explain what amounts, benefits, profits, and/or interests each Plaintiff expects to receive as a result of the resolution, their timing, how any funds, profits, or benefits will be allocated—including which agencies, offices or departments of the Plaintiff county will receive them and in what amounts— and how they will be used.

### Response to Interrogatory No. 3:

On January 22, 2022, the Court ruled on Defendants' interrogatory request. (*See* Dkt. No. 4247.) The Court ruled:

> *First sentence*: Plaintiffs shall respond to the question about Purdue and Mallinckrodt.
> *Second sentence*: Plaintiffs shall provide the requested explanation regarding amounts and planned allocation of benefits, to the extent they know; if they do not yet know, they may say so.

(*Id.*)

In accordance with the Court's ruling, Plaintiffs respond as follows: On December 17, 2021, Judge McMahon issued an opinion rejecting the Purdue Bankruptcy plan. (*See In re: Purdue Pharma, L.P.*, 7:21-cv-07532-CM, Dkt. Nos. 279 and 280.) Since there has not been an approval of a Purdue Bankruptcy plan there is no plan for Plaintiffs to consent to. For the Mallinckrodt bankruptcy, Plaintiffs voted to approve the Mallinckrodt bankruptcy restricting plan, however such plan has yet to be approved. Additionally, since neither plan has been approved Plaintiffs do not have a plan for allocation of benefits.

### Interrogatory No. 4:

Identify the current amount of the oversupply of prescription opioids in each Plaintiff county and the amount of the oversupply in each county that is being and has been diverted into the illicit market outside of appropriate medical channels. For each of these sums, identify the amount dispensed by each Defendant.

### Response to Interrogatory No. 4:

On January 26, 2022, the Court ruled,

9

DEF-MDL-15069.00009

> Plaintiffs need not answer this interrogatory. The information could easily have been requested during the initial allowed discovery period, especially because it is related more to liability than abatement. Furthermore, the information requested was the subject of expert testimony in Phase I.

(*See* Dkt. No. 4247 at p. 4.)

**Interrogatory No. 5:**

To the extent Your abatement plan includes treatment for Persons who have become addicted to or have abused or misused any drug or substance, identify each Person who would receive such treatment under Your plan. For each Person, identify the substance the Person is or was using, including without limitation by specifying whether it is or was a prescription opioid medication, some other medication or substance, or an illicit drug. If the Person is or was using prescription opioid medications, identify when the Person became addicted to or began abusing or misusing prescription opioid medications, which prescription opioid medications the Person has abused or misused, and how the Person has obtained those prescription opioid medications (including, for example, whether any Defendant dispensed prescription opioid medications to the Person). If the Person is or was using illicit drugs or some drug or substance other than a prescription opioid medication, state whether the Person ever used prescription opioid medications, when the Person did so, which prescription opioid medications the Person used, whether the Person ever misused, abused, or became addicted to prescription opioid medications, and how the Person obtained those prescription opioid medications (including, for example, whether any Defendant dispensed prescription opioid medications to the Person). For each Person, regardless of the drug or substance he or she is or was using, state whether the Person currently has insurance to cover treatment, whether the Person currently is receiving or previously has received treatment, and how that treatment is being paid for or was paid for.

**Response to Interrogatory No. 5:**

On January 26, 2022, the Court ruled,

10

> Plaintiffs need not answer this interrogatory. Not only does the information requested include sensitive, confidential, and private individual medical information – de-identification of which would require lengthy and expensive effort – but the request is dramatically overbroad (and, in part, impossible to answer, as it seeks unknowable information about the future).

(*See* Dkt. No. 4247 at p. 4.) On February 8, 2022, the Court overruled Defendants' objection to the Special Master's Order at Dkt. No. 4247. (*See* Dkt. No. 4275.)

DEF-MDL-15069.00011

Dated:  April 12, 2022

Respectfully submitted,
Plevin & Gallucci

/s Frank Gallucci
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC

/s Hunter J. Shkolnik
Hunter J. Shkolnik (admitted pro hac vice)
Salvatore C. Badala (admitted pro hac vice)
Joseph L. Ciaccio (admitted pro hac vice)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

/s Scott Elliot Smith
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

/s Leo M. Spellacy, Jr.
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

DEF-MDL-15069.00012

## CERTIFICATE OF SERVICE

I, Salvatore C. Badala, certify that on this 12th day of April 2022, I caused the foregoing to be served via electronic mail on Defendants via email.

<em>s/ Salvatore C. Badala</em>

DEF-MDL-15069.00013