PRIVILEGED AND CONFIDENTIAL
PROTECTED SETTLEMENT MATERIALS – SUBJECT TO FRE 408

## SETTLEMENT AGREEMENT

### PREAMBLE

This Settlement Agreement ("Settlement Agreement") is entered into by and among City of Barberton, Ohio, County of Geauga, Ohio, County of Columbiana, Ohio, Lake County, Ohio, Trumbull County, Ohio, Summit County, Ohio, City of Akron, Ohio, Cuyahoga County, Ohio, The City of Cleveland, Ohio, The Village of Boston Heights, Ohio, Boston Township, Ohio, The Village of Clinton, Ohio, Copley Township, Ohio, Coventry Township, Ohio, The City of Cuyahoga Falls, Ohio, The City of Fairlawn, Ohio, The City of Green, Ohio, The Village of Lakemore, Ohio, The Village of Mogadore, Ohio, The City of Munroe Falls, Ohio, The City of New Franklin, Ohio, The City of Norton, Ohio, The Village of Peninsula, Ohio, The Village of Richfield, Ohio, The Village of Silver Lake, Ohio, Springfield Township, Ohio, The City of Stow, Ohio, The City of Tallmadge, Ohio, The City of Warren, Ohio, The Township of Painesville, Ohio, Valley Fire District, Ohio, herein the "Ohio Settling Local Governments" or "Plaintiffs," and Defendant Giant Eagle, Inc., HBC Service Co. and Giant Eagle Rx Distribution Center ("Giant Eagle"). Collectively, the above will be referred to as the "Parties."

**WHEREAS**, Plaintiffs have filed actions against Giant Eagle and other parties in the Northern District of Ohio, captioned *City of Barberton et al v. Purdue Pharma, L.P., et al.,* Case No. 1:18-op-45767[1], *Geauga Board of County Commissioners v. AmerisourceBergen Drug Corporation, et al.,* Case No. 1:18-op-45256, *Columbiana County Board of Commissioners v. AmerisourceBergen Drug Corporation, et al.* Case No., 1:18-op-45289, *County of Lake v. Purdue Pharma L.P. et al.,* Case No. 1:18-op-45032, *County of Trumbull v. Purdue Pharma L.P. et al.,* Case No. 1:18-op-45079, *City of Warren v. Purdue Pharma, LP, et al.,* Case No. 1:18-op-45434, *City of Cleveland v. Purdue Pharma, et al.,* Case No. 1:18-op-45132, *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090[2], *The County of Cuyahoga et al. v. Purdue Pharma L.P., et al.,* Case No. 1:17-op-45004, and *Township of Painesville v. Purdue Pharma L.P. et al.,* Case No. 1:18-op-46035 (the "Actions"), consolidated in the multidistrict litigation styled *In re: National Prescription Opiate Litigation*, MDL No. 2804 (the "MDL");

**WHEREAS**, Giant Eagle has denied and continues to deny any liability for the claims asserted in the Actions;

**WHEREAS**, without any admission of wrongdoing, fault, culpability or liability of any kind, and without any concession as to the strength or weakness of any actual or potential claim(s) or defense(s), the Parties desire to (a) avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the Actions, and (b) fully and finally resolve, settle and release

---

[1] The *Barberton* complaint named as Plaintiffs the following The City of Barberton; The Village of Boston Heights; Boston Township; The Village of Clinton; Copley Township; Coventry Township; The City of Cuyahoga Falls; The City of Fairlawn; The City of Green; The Village of Lakemore; The Village of Mogadore; The City of Munroe Falls; The City of New Franklin; The City of Norton; The Village of Peninsula; The Village of Richfield; The Village of Silver Lake; Springfield Township; The City of Stow; The City of Tallmadge; Valley Fire District.

[2] The *Summit* complaint named as Plaintiffs the following:  Summit County, City of Akron.

CONFIDENTIAL

LAKE005714170

DEF-MDL-15070.00001



DEF-MDL-15070

all Claims (as defined below) that have been, could have been, or could in the future be asserted against any of the Released Entities (as defined below) relating to the Released Claims (as defined below);

**WHEREAS**, each of the Parties acknowledges, agrees, and understands the terms set forth herein;

**WHEREAS**, Plaintiffs have determined that this Settlement Agreement is in the public interest; and

**WHEREAS**, the Parties engaged in arm's-length negotiations between counsel in good faith, intending to be legally bound;

**NOW, THEREFORE**, in consideration of the above recitals and the promises and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## TERMS AND CONDITIONS

1. **Defined Terms.** In this Settlement Agreement, the following terms shall have the following respective meanings:

"Claim" means any past, present or future cause of action, claim for relief, theory of liability, demand, request, assessment, charge, covenant, damage, debt, lien, loss, judgment, right, obligation, dispute, suit, contract, controversy, agreement, *parens patriae* claim, promise, performance, warranty, omission, or grievance of any nature whatsoever, whether filed or unfiled, known or unknown, accrued or unaccrued, foreseen or unforeseen, discovered or undiscovered, suspected or unsuspected, fixed or contingent, existing or hereafter arising, including but not limited to any request for declaratory, injunctive, or equitable relief; compensatory, punitive, or statutory damages; absolute liability, strict liability, restitution, subrogation, contribution, indemnity (by the Plaintiffs against Giant Eagle), apportionment, attorney fees, expert fees, consultant fees, expenses, or any other legal, equitable, civil, criminal, administrative, or regulatory remedy whatsoever.

"Covered Conduct" shall mean any act, failure to act, statement, error, omission, violation of any law, statute, regulation, breach of duty, negligence, misstatement, and misleading misstatement, conduct, event, transaction, or other activity of any kind whatsoever from the beginning of time through the Effective Date (and any past, present, or future consequence of any such act, failure to act, statement, error, omission, breach of duty, conduct, event, transaction, or activity) relating in any way to (i) the dispensing promotion, advertising, recall, withdrawal, distribution, delivery, monitoring, reporting, supply, sale, prescribing, use or abuse of any Opioid Product, or any system, plan or policy relating thereto, (ii) the characteristics, properties, efficacy, risks, or benefits of any Opioid Product, (iii) the reporting, disclosure, non-reporting or non-disclosure to federal, state or other regulators or governmental entities of orders placed with any Released Entity, or (iv) diversion control programs or suspicious order monitoring.

2

DEF-MDL-15070.00002

"Cure Period" has the meaning set forth in Paragraph 10.

"Dismissal Order" means the order that shall be filed in the MDL upon payment of the funds by the escrow agent dismissing the Actions as to Giant Eagle with prejudice.

"Effective Date" means the date on which the funds in the Escrow Account have been released or made available to Plaintiffs pursuant to Paragraph 2.

"Escrow Account" means an escrow account established by or on behalf of Plaintiffs with First National Bank, 4140 East State Street, Hermitage, PA 16148, being account number 95814983, routing number 043318092, reference Plevin & Gallucci Company L.P.A. – Opioid IOLTA, for the wire transfers contemplated by Paragraph 2(a).

"Execution Date" means the date on which this Settlement Agreement is executed by the last Party to do so.

"MDL" has the meaning set forth in the Preamble.

"MDL Court" means the United States District Court for the Northern District of Ohio (or any future court designated by the Judicial Panel on Multidistrict Litigation).

"Notice Designees" has the meaning set forth in Paragraph 21.

"Opioid Product" means any chemical substance, whether natural, synthetic, or semi-synthetic, that binds or otherwise interacts with opioid receptors in the body or brain, as well as any product containing any such substance; this definition shall include but is not limited to any substance consisting of or containing buprenorphine, suboxone, naloxone, codeine, fentanyl, hydrocodone, hydromorphone, meperidine, methadone, morphine, naloxone, naltrexone, oxycodone, oxymorphone, tapentadol, tramadol, opium, heroin, carfentanil, or any similar substance, whether used for medicinal or non-medicinal purposes.

"Parties" has the meaning set forth in the Preamble.

"Party" means any person or entity other than the Parties.

"Plaintiffs" has the meaning set forth in the Preamble.

"Released Claims" means any Claim by any Releasor against any Released Entity in any way arising from, growing out of or in any manner relating to, or based on the Covered Conduct or any Claim or potential Claim arising from or relating to the allegations that have been made or could have been made in the Actions. For the avoidance of doubt, the term "Released Claims" includes, but is not limited to: (a) Claims for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.; (b) Claims for alleged violations of the Ohio Corrupt Practices Act, Ohio Revised Code § 2923.31 et seq.; (c) Claims for alleged violations of any federal, state, or local law, regulation, or ordinance concerning controlled substances; (d) Claims alleging any statutory or common law public nuisance, including but not

3

CONFIDENTIAL

LAKE005714172

DEF-MDL-15070.00003

limited to any such Claim brought under Ohio Revised Code § 3767.03 and/or § 4729.35; (e) Claims alleging any statutory or common law fraud, negligence, injury through criminal acts, conspiracy, or unjust enrichment; (f) Claims seeking the abatement of any nuisance or other condition within the Plaintiffs' jurisdictions, including but not limited to any Claim brought under Ohio Revised Code § 3767.03 and/or § 4729.35; (g) Claims seeking relief for any sort of harm to the public or public interest; (h) Claims brought by or on behalf of any Releasor in a representative capacity, such as through a private attorney general, parens patriae, qui tam, or similar action, including but not limited to any such Claim brought in the name of the State of Ohio under the Ohio Revised Code § 3767.03 and/or § 4729.35; (i) Claims seeking any additional relief in connection with a Global Settlement; and (j) Claims seeking any other relief that has been or could have been sought in the Actions; provided, however, that the Parties shall retain the right to enforce the terms of this Settlement Agreement. For the avoidance of doubt, this Settlement Agreement does not purport to release any claims that have been brought by the Non-Settling Entities, who are not parties or privies to this Settlement Agreement.

"Released Entities" means (a) Giant Eagle; and (b) each of its current and former parent companies, direct and indirect subsidiaries, divisions, predecessors, successors and assigns; and the past, present and future directors (in their capacity as acting directors for Giant Eagle), officers, employees, shareholders, attorneys, agents, representatives, and insurers of any of the foregoing, and any current or former related companies, except as described above.

"Releasors" means (a) Plaintiffs and (b) all of their past, present, and future agencies, authorities, boards, commissions, councils, departments, districts, divisions, offices, predecessors, successors, assigns, officials (elected or unelected), employees, attorneys, agents, representatives, and any other persons or entities within control of any of the foregoing or through which any of the foregoing may take action or on whose behalf they have the right to give the releases set forth in this Settlement Agreement.

"Settlement Agreement" has the meaning set forth in the Preamble.

"Settlement Amount" means the sum of six million U.S. dollars $6,000,000.00 to be paid by Giant Eagle to Plaintiffs in accordance with Paragraph 2.

## 2. **Payment of Settlement Amount.**

In full and final satisfaction of all Released Claims, the Settlement Amount shall be paid to Plaintiffs as follows:

(a) Giant Eagle shall pay the Settlement Amount in U.S. dollars ($) into the Escrow Account. Giant Eagle shall make such payment within ten (10) business days after the Execution Date of this Settlement Agreement. All payments required in Paragraph 2 above shall be deposited into the Escrow Account. Once Giant Eagle has deposited all amounts required to be paid into the Escrow Account, executed Releases

4

will be given to Giant Eagle and the funds in the Escrow Account shall immediately and by the terms of the Escrow Account be released to the Subdivisions

(b) Releases.

   (i)   Upon the Effective Date, Releasors shall be deemed to have fully, finally, and forever released the Released Entity from all Released Claims with prejudice. For the avoidance of doubt, Releasors hereby absolutely, unconditionally, and irrevocably covenant not to bring, file, or claim, or to cause, assist, or permit to be brought, filed, or claimed, any Released Claims of any type in any forum whatsoever arising from Covered Conduct against the Released Entities. This Settlement Agreement shall constitute and may be pleaded as a complete bar to any Released Claim.

   (ii)  It is the intention of the Parties in executing this Settlement Agreement to effect a good-faith settlement by certain alleged joint tortfeasors. The Releasors intend to release Released Entities from any and all potential Released Claims for contribution or equitable or implied indemnity that may exist under any state or federal statutory or common law, including but not limited to Ohio Revised Code § 2307.28. [Attached as Exhibit A is an amended dismissal order, the "Dismissal Order", declaring that the Settlement Agreement was entered into in good faith. The Parties agree jointly to request that the MDL Court enter an order in substantially the form set forth in Exhibit A, and to undertake all reasonable efforts in support of that request].

   (iii) The releases set forth in this Settlement Agreement shall become effective immediately upon the Effective Date. Such releases shall not be impacted in any way by any dispute that exists, has existed, or may later exist between or among the Releasors. Nor shall such releases be impacted in any way by any law, regulation, or ordinance limiting or controlling the distribution or use of the Settlement Amount or any portion thereof, or by any seizure of the Settlement Amount or any portion thereof by any government entity or official (federal, state, or local; executive, judicial, or legislative; elected or otherwise), or by any potential Global Settlement.

   (iv)  Plaintiffs agree that they will not oppose any effort by Giant Eagle to secure the prompt dismissal of any and all Released Claims.

3. **Settlement Allocation.** The total Settlement amount will be further allocated among the named settling Plaintiffs at the sole discretion of Plaintiffs as may be agreed upon among them, and Giant Eagle shall have no duty, liability, or influence of any kind with respect to that further apportionment and use. Plaintiffs specifically represent and warrant, however, that any such allocation and use shall be made in accordance with all applicable laws.

5

CONFIDENTIAL

LAKE005714174

DEF-MDL-15070.00005

4. **No Other Payments.** Other than as set forth in Paragraph 2, Giant Eagle shall have no obligation to make any further or additional payments in connection with this Settlement Agreement or the matters addressed herein.

5. **Nature of Payment.** Each of the Parties acknowledges and agrees that (i) it has entered into this Settlement Agreement to avoid the delay, expense, inconvenience, and uncertainty of further litigation; (ii) the provision of the Settlement Amount by Giant Eagle constitutes or is paid for (A) compensatory restitution (within the meaning of 26 U.S.C. § 162(f)(2)(A)) for damage or harm (as compensation for damage or harm arising out of alleged bodily injury) allegedly caused by the alleged violations of law by Giant Eagle, and/or, to the extent applicable (B) "compliance" (within the meaning of the tax identification requirement set forth in 26 U.S.C. § 162(f)(2)(A)(ii)); and (iii) the Settlement Amount is less than the amount of damage or harm for which compensatory restitution (within the meaning of 26 U.S.C. § 162(f)(2)(A)) was sought by Plaintiffs from Giant Eagle as damages in the Actions. The Parties acknowledge and agree that no portion of the Settlement Amount represents reimbursement to any Plaintiffs or other person or entity for the costs of any investigation or litigation, that the entire Settlement Amount is properly characterized as (A) and/or (B) above, and that no portion of the Settlement Amount constitutes disgorgement or is properly characterized as the payment of statutory or other fines, penalties, punitive damages or other punitive assessments.

6. **No Admission.** Plaintiffs and Giant Eagle acknowledge and agree that this Settlement Agreement is a compromise of matters involving disputed issues of law and fact. Giant Eagle is entering into this Settlement Agreement solely for the purpose of settlement, to resolve the Actions and thereby avoid significant expense, inconvenience, and uncertainty. Nothing contained herein may be taken as or deemed to be an admission or concession by Giant Eagle of: (a) any violation of any law, regulation, guidance or ordinance; (b) any fault, liability, or wrongdoing; (c) the strength or weakness of any Claim or defense or allegation made in the Actions or in any other past, present, or future proceeding relating to any Covered Conduct or any Opioid Product; or (d) any other matter of fact or law. Nothing in this Settlement Agreement shall be construed or used by Plaintiffs to prohibit Giant Eagle from engaging in the dispensing, manufacture, marketing, licensing, distribution, or sale of branded or generic opioid medications in accordance with applicable laws and regulations.

7. **Authority to Enter Settlement Agreement.** Each Party specifically represents and warrants that this Settlement Agreement constitutes a legal, valid, and binding obligation of such Party. Each signatory to this Settlement Agreement on behalf of a Party specifically represents and warrants that he or she has full authority to enter into this Settlement Agreement on behalf of such Party. Each Plaintiff specifically represents and warrants that it has concluded that the terms of this Settlement Agreement are fair, reasonable, adequate, and in the public interest, and that it has satisfied all conditions and taken all actions required by law in order to validly enter into this Settlement Agreement. Each Plaintiff specifically represents and warrants that, other than the Claims asserted in its Action, it has no interest (financial or otherwise) in any other Claim against any Released Entity related to the Covered Conduct. In addition, each Plaintiff specifically represents and warrants with respect to its Action that (a) it is the owner and holder of the

6

CONFIDENTIAL

DEF-MDL-15070.00006

Claims asserted in the Action; (b) it has not sold, assigned, conveyed, pledged, encumbered, or otherwise in any way transferred the Claims asserted in the Action, or any portion thereof or rights related thereto, to any Third Party nor has it granted or shall it grant any license or other right that would conflict with the rights and obligations set forth herein; and (c) through this Settlement Agreement it has the power and authority to bind all persons and entities with an interest in the Action.

8.  **No Third-Party Beneficiaries.** Nothing in this Settlement Agreement is intended to or shall confer upon any Third Party any legal or equitable right, benefit, or remedy of any nature whatsoever.

9.  **Use as Evidence.** This Settlement Agreement shall not be admissible as evidence or otherwise used in any way in any proceeding for any purpose, except as follows:

    (a)  Any Released Entity may use this Settlement Agreement and/or the Dismissal Order in any proceeding in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to support a claim for contribution, indemnification or insurance; and

    (b)  Any Released Entity may use this Settlement Agreement in any tax proceeding

    (c)  Subject to the immediately following paragraph, any Party may use this Settlement Agreement in a proceeding to enforce its terms.

10. **Dispute Resolution.** If any Plaintiff believes that Giant Eagle is not in compliance with any term of this Settlement Agreement, then such Plaintiff shall (a) provide written notice to Giant Eagle specifying the reason(s) why such Plaintiff believes Giant Eagle is not in compliance with this Settlement Agreement; and (b) allow Giant Eagle at least fourteen (14) days to attempt to cure such alleged noncompliance (the "Cure Period"). In the event the alleged non-compliance is cured within the Cure Period, Giant Eagle shall not have any liability for such alleged non-compliance. No Plaintiff may commence a proceeding to enforce compliance with this Settlement Agreement before expiration of the Cure Period. Any Plaintiff that commences a proceeding to enforce compliance with this Settlement Agreement before expiration of the Cure Period or commences a proceeding to enforce compliance with this Settlement Agreement after the cure of any alleged non-compliance within the Cure Period, shall be liable for all costs (including but not limited to legal fees and expenses) incurred by Giant Eagle in defending such a proceeding.

11. **Expenses.** Except as otherwise set forth in this Settlement Agreement, each Party shall bear its own costs (including but not limited to legal fees and expenses) incurred in connection with this Settlement Agreement and in prosecuting or defending the Actions.

CONFIDENTIAL

LAKE005714176

DEF-MDL-15070.00007

**12.**  **Continuing Jurisdiction.**  The Parties agree to submit and consent to the exclusive jurisdiction of the Court for the resolution of any disputes arising under this Settlement Agreement.

**13.**  **Governing Law.**  This Settlement Agreement, the rights and obligations of the Parties under this Settlement Agreement, and any dispute among all of the Parties or any of them, arising from or in connection with the completion, execution, delivery or performance of this Settlement Agreement shall be governed and construed in accordance with the laws of the State of Ohio, without regard to its choice-of-law or conflicts-of-law principles.

**14.**  **Severability.**  In the event any one or more provisions of this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Settlement Agreement, unless invalidity, illegality, or unenforceability of that provision or provisions defeats the essential purpose of fully terminating the Actions and providing the Released Entities with peace and protection against any further liability to Releasors with regard to the Released Claims; provided, however, that this Settlement Agreement shall be voidable at Giant Eagle's option in the event that the Releases set forth in Paragraph 2(b) above are finally determined to be invalid, unenforceable or illegal, in significant part, in which event the Parties shall be returned to the status quo ante in effect immediately prior to the settlement.

**15.**  **Integrated Agreement.**  This Settlement Agreement constitutes the entire understanding and agreement of the Parties with respect to the matters addressed herein. This Settlement Agreement supersedes any prior agreements or understandings, whether written or oral, between or among the Parties. No representations, warranties, covenants, or inducements have been made to any Party concerning this Settlement Agreement other than those contained herein. Each Party to this Settlement Agreement represents that it freely and voluntarily enters into this Settlement Agreement without any degree of duress or compulsion. No reliance was placed upon any representation other than those contained in this Settlement Agreement.

**16.**  **No Party Deemed Drafter.**  This Settlement Agreement was drafted with substantial input and review by all Parties and their counsel. None of the Parties shall be deemed to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation of construction that would or might cause any provision to be construed against the drafter.

**17.**  **Amendment.**  This Settlement Agreement shall not be varied or modified in any respect, except by a subsequent written agreement executed by all Parties through their authorized representatives.

**18.**  **Waiver.**  No waiver of any breach, waiver of any failure of any condition, or waiver of any right or remedy contained in or granted by this Settlement Agreement shall be effective unless in writing and signed by the Party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy shall be deemed a waiver of

8

any other prior, subsequent, or contemporaneous breach, failure, right, or remedy, whether or not similar; nor shall any waiver constitute a continuing waiver unless the writing so specifies.

19. **Preservation of Privilege.** Nothing contained in this Settlement Agreement, and no act required to be performed pursuant to this Settlement Agreement, is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product privilege, or common interest/joint defense privilege, and each Party agrees that it shall not make or cause to be made in any forum any assertion to the contrary.

20. **Public Disclosure.** After the Execution Date, this Settlement Agreement will be subject to public disclosure pursuant to Ohio's Sunshine Laws. Nothing herein shall prevent any Party from disclosing the terms of this Settlement Agreement prior to the Execution Date (a) as required by law, or (b) to its actual or prospective attorneys, accountants, auditors, insurers, lenders, acquirers, investors, shareholders, or financial advisors.

21. **Statements to the Press.** No Party or attorney, agent or representative acting and communicating on behalf of any Party may make public statements that contradict provisions in this Settlement Agreement.

22. **Notices.** To be effective, all notices under this Settlement Agreement shall be in writing and delivered to the persons specified below ("Notice Designees") (a) by email and (b) by either hand delivery or overnight delivery service, maintaining records of receipt. Notices shall be deemed given upon receipt by hand delivery or overnight delivery service. Any Party may change its Notice Designee(s) by giving written notice to all other Parties as provided in this paragraph.

    (d)    Notices to Plaintiffs shall be delivered to:

    For Cuyahoga County:

        Hunter J. Shkolnik
        Napoli Shkolnik
        270 Munoz Rivera Avenue, Suite 201
        Hato Rey, Puerto Rico 00918
        hunter@napolilaw.com

        Salvatore C. Badala
        Napoli Shkolnik PLLC
        360 Lexington Avenue
        New York, New York 10017
        sbadala@napolilaw.com

        Frank Gallucci
        Plevin & Gallucci
        55 Public Square, Suite 2222
        Cleveland, Ohio 44113

CONFIDENTIAL

LAKE005714178

DEF-MDL-15070.00009

fgallucci@pglawyer.com

with a copy by hand delivery or overnight delivery service only to:

Law Director
County of Cuyahoga, Ohio
2079 East 9th Street, Suite 7-100
Cleveland, Ohio 44115

For Summit County:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

Law Director
County of Summit
175 South Main Street, 8th Floor
Akron, Ohio 44308

For City of Akron:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____
City of Akron

_____
Akron, Ohio _____

10

CONFIDENTIAL                                                                                   LAKE005714179

DEF-MDL-15070.00010

For Lake County:

Hunter J. Shkolnik
Napoli Shkolnik
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
hunter@napolilaw.com

Salvatore C. Badala
Napoli Shkolnik PLLC
360 Lexington Avenue
New York, New York 10017
sbadala@napolilaw.com

Frank Gallucci
Plevin & Gallucci
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com

with a copy by hand delivery or overnight delivery service only to:

Jason W. Boyd
jason.boyd@lakecountyohio.gov
County Administrator
Office Phone: (440)-350-2334
105 Main Street, Building A
Painesville, OH 44077

For Trumbull County:

Hunter J. Shkolnik
Napoli Shkolnik
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
hunter@napolilaw.com

Salvatore C. Badala
Napoli Shkolnik PLLC
360 Lexington Avenue
New York, New York 10017
sbadala@napolilaw.com

Frank Gallucci
Plevin & Gallucci
55 Public Square, Suite 2222

11

Cleveland, Ohio 44113
fgallucci@pglawyer.com

with a copy by hand delivery or overnight delivery service only to:

James J. Misocky
cemisock@co.trumbull.oh
County Administration Building
160 High Street NW, 5th Floor
Warren, OH 44481

For the City of Cleveland:

Peter H. Weinberger
1001 Lakeside Ave,
Cleveland, Ohio 44114
phw@spanglaw.com

Peter Mougey
Levin Papantonio Rafferty Proctor
 Buchanan O'Brien Barr Mougey, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502-5996
pmougey@levinlaw.com
opioidmail@levinlaw.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the Columbiana County Board of Commissioners:

Peter Mougey
Levin Papantonio Rafferty Proctor
 Buchanan O'Brien Barr Mougey, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502-5996
pmougey@levinlaw.com
opioidmail@levinlaw.com

with a copy by hand delivery or overnight delivery service only to:

_____

For Geauga County:

12

Peter H. Weinberger
1001 Lakeside Ave Suite 170
Cleveland, Ohio, 44114
phw@spanglaw.com

Peter Mougey
Levin Papantonio Rafferty Proctor
 Buchanan O'Brien Barr Mougey, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502-5996
pmougey@levinlaw.com
opioidmail@levinlaw.com

with a copy by hand delivery or overnight delivery service only to:

For the City of Barberton:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

For the City of Warren:

Hunter J. Shkolnik
Napoli Shkolnik
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
hunter@napolilaw.com

Salvatore C. Badala
Napoli Shkolnik PLLC
360 Lexington Avenue
New York, New York 10017
sbadala@napolilaw.com

13

CONFIDENTIAL

LAKE005714182

DEF-MDL-15070.00013

with a copy by hand delivery or overnight delivery service only to:

Enzo Cantalamessa, Law Director
enzolaw@warren.org
Law Department
Civil Division
391 Mahoning Ave. N.W.
Warren, OH 44483

For the Township of Painesville:

Hunter J. Shkolnik
Napoli Shkolnik
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
hunter@napolilaw.com

Salvatore C. Badala
Napoli Shkolnik PLLC
360 Lexington Avenue
New York, New York 10017
sbadala@napolilaw.com

Frank Gallucci
Plevin & Gallucci
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com

with a copy by hand delivery or overnight delivery service only to:

Jeremy Iosue
jeremy@stefanikiosue.com
Painesville Township
*Legal Advisor*
55 Nye Rd.
Painesville Twp., Ohio 44077

For the Village of Boston Heights:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

14

CONFIDENTIAL

LAKE005714183

DEF-MDL-15070.00014

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the Boston Township:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the Village of Clinton:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the Copley Township:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464

15

LAKE005714184

DEF-MDL-15070.00015

jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the Coventry Township:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the City of Cuyahoga Falls:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the City of Fairlawn:

Joseph F. Rice

16

LAKE005714185

DEF-MDL-15070.00016

28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the City of Green:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the Village of Lakemore:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the Village of Mogadore:

17

CONFIDENTIAL

LAKE005714186

DEF-MDL-15070.00017

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the City of Munroe Falls:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the City of New Franklin:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

18

CONFIDENTIAL

LAKE005714187

DEF-MDL-15070.00018

For the City of Norton:

> Joseph F. Rice
> 28 Bridgeside Boulevard
> Mount Pleasant, South Carolina 29464
> jrice@motleyrice.com
>
> Linda Singer
> 401 9th Street NW, Suite 1001
> Washington, District of Columbia 20004
> lsinger@motleyrice.com
>
> with a copy by hand delivery or overnight delivery service only to:

For the Village of Peninsula:

> Joseph F. Rice
> 28 Bridgeside Boulevard
> Mount Pleasant, South Carolina 29464
> jrice@motleyrice.com
>
> Linda Singer
> 401 9th Street NW, Suite 1001
> Washington, District of Columbia 20004
> lsinger@motleyrice.com
>
> with a copy by hand delivery or overnight delivery service only to:

For the Village of Richfield:

> Joseph F. Rice
> 28 Bridgeside Boulevard
> Mount Pleasant, South Carolina 29464
> jrice@motleyrice.com
>
> Linda Singer
> 401 9th Street NW, Suite 1001
> Washington, District of Columbia 20004
> lsinger@motleyrice.com
>
> with a copy by hand delivery or overnight delivery service only to:

19

CONFIDENTIAL

LAKE005714188

DEF-MDL-15070.00019

For the Village of Silver Lake:

> Joseph F. Rice
> 28 Bridgeside Boulevard
> Mount Pleasant, South Carolina 29464
> jrice@motleyrice.com
>
> Linda Singer
> 401 9th Street NW, Suite 1001
> Washington, District of Columbia 20004
> lsinger@motleyrice.com
>
> with a copy by hand delivery or overnight delivery service only to:

For the Springfield Township:

> Joseph F. Rice
> 28 Bridgeside Boulevard
> Mount Pleasant, South Carolina 29464
> jrice@motleyrice.com
>
> Linda Singer
> 401 9th Street NW, Suite 1001
> Washington, District of Columbia 20004
> lsinger@motleyrice.com
>
> with a copy by hand delivery or overnight delivery service only to:

For the City of Stow:

> Joseph F. Rice
> 28 Bridgeside Boulevard
> Mount Pleasant, South Carolina 29464
> jrice@motleyrice.com
>
> Linda Singer
> 401 9th Street NW, Suite 1001
> Washington, District of Columbia 20004
> lsinger@motleyrice.com

20

CONFIDENTIAL

LAKE005714189

DEF-MDL-15070.00020

with a copy by hand delivery or overnight delivery service only to:

_____

For the City of Tallmadge:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

For the Valley Fire District:

Joseph F. Rice
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
jrice@motleyrice.com

Linda Singer
401 9th Street NW, Suite 1001
Washington, District of Columbia 20004
lsinger@motleyrice.com

with a copy by hand delivery or overnight delivery service only to:

_____

Notices to Giant Eagle shall be delivered to:

Counsel for Giant Eagle:

Bernard D. Marcus
Marcus & Shapira LLP
301 Grant Street, 35th Floor
Pittsburgh, Pennsylvania 15219-6401
marcus@marcus-shapira.com

21

DEF-MDL-15070.00021

Robert M. Barnes
Marcus & Shapira LLP
301 Grant Street, 35th Floor
Pittsburgh, Pennsylvania 15219-6401
rbarnes@marcus-shapira.com

Scott D. Livingston
Marcus & Shapira LLP
301 Grant Street, 35th Floor
Pittsburgh, Pennsylvania 15219-6401
livingston@marcus-shapira.com

Giant Eagle, Inc.
101 Kappa Drive
Pittsburgh, Pennsylvania 15238
Attention: Legal Department

23. **Headings.** Headings used in this Settlement Agreement are intended solely for the convenience of the reader and shall not affect the meaning or construction of this Settlement Agreement.

24. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts. Each counterpart shall be deemed an original instrument, but all counterparts together shall constitute but one agreement. An executed signature page of this Settlement Agreement delivered in pdf format via email shall be as effective as an original executed signature page.

**[Signatures on pages to follow.]**

22

CONFIDENTIAL

LAKE005714191

DEF-MDL-15070.00022

**Authorized and agreed to by:**

**BARBERTON CITY**

By: _____

Name: _____          Date

Title: _____

**GEAUGA COUNTY**

By: _____

Name: _____          Date

Title: _____

**COLUMBIANA COUNTY**

By: _____

Name: _____          Date

Title: _____

**LAKE COUNTY**

By: _____

Name: _____          Date

Title: _____

**TRUMBULL COUNTY**

By: _____

Name: _____          Date

Title: _____

**CITY OF WARREN**

By: _____

Name: _____          Date

Title: _____

CONFIDENTIAL

DEF-MDL-15070.00023

**SUMMIT COUNTY**

By: _____
Name: _____        Date
Title: _____

**CITY OF AKRON**

By: _____
Name: _____        Date
Title: _____

**CUYAHOGA COUNTY**

By: _____
Name: _____        Date
Title: _____

**CITY OF CLEVELAND**

By: _____
Name: _____        Date
Title: _____

**TOWNSHIP OF PAINESVILLE**

By: _____
Name: _____        Date
Title: _____

**VILLAGE OF BOSTON HEIGHTS**

By: _____
Name: _____        Date
Title: _____

CONFIDENTIAL

LAKE005714193

DEF-MDL-15070.00024

**BOSTON TOWNSHIP**

By: _____          _____
Name: _____          Date
Title: _____

**VILLAGE OF CLINTON**

By: _____          _____
Name: _____          Date
Title: _____

**COPLEY TOWNSHIP**

By: _____          _____
Name: _____          Date
Title: _____

**COVENTRY TOWNSHIP**

By: _____          _____
Name: _____          Date
Title: _____

**CITY OF CUYAHOGA FALLS**

By: _____          _____
Name: _____          Date
Title: _____

**CITY OF FAIRLAWN**

By: _____          _____
Name: _____          Date
Title: _____

CONFIDENTIAL                                                                LAKE005714194

DEF-MDL-15070.00025

**CITY OF GREEN**

By: _____

Name: _____          Date

Title: _____

**VILLAGE OF LAKEMORE**

By: _____

Name: _____          Date

Title: _____

**VILLAGE OF MOGADORE**

By: _____

Name: _____          Date

Title: _____

**CITY OF MUNROE FALLS**

By: _____

Name: _____          Date

Title: _____

**CITY OF NEW FRANKLIN**

By: _____

Name: _____          Date

Title: _____

**CITY OF NORTON**

By: _____

Name: _____          Date

Title: _____

CONFIDENTIAL

LAKE005714195

DEF-MDL-15070.00026

**VILLAGE OF PENINSULA**

By: _____

Name: _____                Date

Title: _____

**VILLAGE OF RICHFIELD**

By: _____

Name: _____                Date

Title: _____

**VILLAGE OF SILVER LAKE**

By: _____

Name: _____                Date

Title: _____

**SPRINGFIELD TOWNSHIP**

By: _____

Name: _____                Date

Title: _____

**CITY OF STOW**

By: _____

Name: _____                Date

Title: _____

**CITY OF TALLMADGE**

By: _____

Name: _____                Date

Title: _____

CONFIDENTIAL

DEF-MDL-15070.00027

**VALLEY FIRE DISTRICT**

By: _____
Name: _____          Date
Title: _____

**GIANT EAGLE, INC.**

By: _____
Name: _____          Date
Title: _____

CONFIDENTIAL                                                          LAKE005714197

DEF-MDL-15070.00028

**EXHIBIT A**

CONFIDENTIAL

LAKE005714198

DEF-MDL-15070.00029

UNITED STATES DISTRICT COURT NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION

THIS DOCUMENT RELATES TO:

*Track THREE Cases*

MDL 2804

Case No. 1:17-md-2804

Judge Dan Aaron Polster

## [PROPOSED]

## ORDER AMENDING DISMISSAL ORDER

WHEREAS, on _____, Plaintiffs City of Barberton, Ohio, County of

Geauga, Ohio, County of Columbiana, Ohio, Lake County, Ohio, Trumbull County, Ohio, Summit

County, Ohio, City of Akron, Ohio, Cuyahoga County, Ohio, The City of Cleveland, Ohio, The

Village of Boston Heights, Ohio, Boston Township, Ohio, The Village of Clinton, Ohio, Copley

Township, Ohio, Coventry Township, Ohio, The City of Cuyahoga Falls, Ohio, The City of

Fairlawn, Ohio, The City of Green, Ohio, The Village of Lakemore, Ohio, The Village of

Mogadore, Ohio, The City of Munroe Falls, Ohio, The City of New Franklin, Ohio, The City of

Norton, Ohio, The Village of Peninsula, Ohio, The Village of Richfield, Ohio, The Village of

Silver Lake, Ohio, Springfield Township, Ohio, The City of Stow, Ohio, The City of Tallmadge,

Ohio, The City of Warren, Ohio, The Township of Painesville, Ohio, Valley Fire District, Ohio,

and Defendant Giant Eagle, Inc., HBC Service Co. and Giant Eagle Rx Distribution Center ("Giant

Eagle") notified the Court that they had reached a settlement agreement.

WHEREAS, on [DATE], the Court entered a Stipulated Dismissal Order, Doc.,

dismissing with prejudice Plaintiffs claims against Giant Eagle.

WHEREAS, in the Stipulated Dismissal Order, the Court retained jurisdiction to

ensure that the settlement agreement is executed.

WHEREAS, on [DATE], the Court was presented with the agreed-upon settlement

agreement executed by Plaintiffs and Giant Eagle.

IT IS HEREBY ORDERED that the Court finds that the settlement agreement was

entered into in good faith.

IT IS FURTHER ORDERED that, except as provided in the first decretal

paragraph, the Stipulated Dismissal Order remains in full force and effect.

**IT IS SO ORDERED.**

CONFIDENTIAL

LAKE005714200

DEF-MDL-15070.00031