IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:  NATIONAL PRESCRIPTION           MDL NO. 2804
OPIATE LITIGATION

Hon. Dan Aaron Polster

---

**OPPOSITION TO JANSSEN'S
MOTION TO DISMISS CLAIMS FILED BY CERTAIN
NEW YORK SUBDIVISIONS AS BARRED BY STATUTE**

COME NOW the entities listed on Exhibit B to Janssen's Motion to Dismiss Claims Filed by Certain New York Subdivisions As Barred by Statute, by and through their undersigned counsel, and oppose said Motion to Dismiss, shows the Court as follows:

The legislature for the State of New York passed the New York Mental Hygiene Law § 25.18 (d) which retroactively terminated by operation of law the entities' claims identified in the attached Exhibit "A."  All of these matters were filed after the retroactive termination of their claims.  All of the entities shown on Exhibit "A" timely filed their complaints under then existing New York law.  The cases were filed in this litigation as well as Suffolk County, New York.

Not only did the Plaintiffs allege the Defendants' liability in the same sort of allegations made in roughly all Plaintiffs' claims brought against Defendants, the Plaintiffs also sufficiently pled allegations to trigger the application of New York State's Drug Dealer Liability Act.  No state legislature action terminated the liability under the New York State Drug Dealer Liability Act.

The legislation terminating Plaintiffs' claims is subject to litigation.  The New York Court is fully briefed regarding New York's misplaced Motion to Dismiss.  See attached Memorandum

1

of Law in Opposition to Defendant's Motion to Dismiss Complaint, attached hereto as Exhibit "B." Plaintiffs' opposition brief is fully incorporated herein by reference as if fully contained within this briefing.

Additionally, Special Counsel to the State of New York Attorney General, Andrew Amer, on September 3, 2021 confirmed that the extinguishment of the Plaintiffs' claims by operation of law under the [Mental Hygiene] Amendment does not exclude them from the definition of "Litigating Subdivisions".....nor does the extinguishment of their claims bring them within the definition of "Later Litigating Subdivisions"......and that they are deemed to be a "Participating Subdivision."   Counsel Amer further confirms, "As Litigating Subdivisions deemed to be Participating Subdivisions, their eligibility to receive funds, either directly or indirectly, is governed by the terms of the New York Opioid Settlement Sharing Agreement....."  (See Exhibit "C," - Amer Email dated 9-3-21).

The Plaintiffs are filed both in Suffolk County, New York naming Rochester Drug Cooperative thus destroying diversity, as well as in federal court in this litigation.  The participating litigants are excluded from any direct payments in the New York State Settlement Agreement. These Long Island based governmental entities collectively have population in excess of the government entities Albany, Buffalo, Rochester, Syracuse and Yonkers receiving direct payments. The only reason they are excluded from direct payment is the illegal retroactive claim termination. This anomaly should not foreclose the Plaintiffs ability to be compensated in federal litigation.

The State of New York's Attorney General's action in enforcing the Mental Hygiene Law Amendment violates federal and state constitutions.  The Plaintiffs' New York suit against the Attorney General implicates both the Supremacy Clause as well a the First Amendment.

2

Furthermore, the State of New York takes the position that all of the Plaintiffs' bankruptcy claims are extinguished. Bankruptcy procedure is clearly a body of federal law which pre-empts any state procedure with regard to bankruptcy.

While the Plaintiffs all agree that they are governmental entities, any statutory authority purporting to bar their claims is subject to litigation, and there should be no dismissal filed or granted by this Court until such time as the litigation against the New York State Attorney General is resolved, whether by the district court in New York or on any appeal.

While the Attorney General did make a determination that a statewide settlement mandated a statutory retroactive bar date for the Long Island based entities, that position is simply unfounded. Not only does a retroactive bar date do nothing to facilitate statewide settlement, but in this instance, that retroactive bar date is also overly broad in achieving that purpose as it bars bankruptcy claims as maintained by the New York State Attorney General.

Janssen is simply wrong in stating that all barred entities' lawsuits were filed after the deadline. In fact, a number of entities filed after the "bar date" are <u>included</u> on the much ballyhooed "Exhibit G":

>Buffalo City - **date filed 12/5/19** - 1:19-op-46104 OHND represented by Napoli Shkolnik. Located in Erie County which is represented by Simmons Hanley Conroy.

>Chemung County - **date filed 8/21/19** - 400024/19 in Suffolk County -represented by Napoli Shkolnik.

>Madison County - **date filed 11/4/19** - 400028/2019 in Suffolk County - represented by Napoli Shkolnik

>Orleans County - **date filed 11/13/19** - 400029/19 in Suffolk County - represented by Napoli Shkolnik

>Rockland County - **date filed 7/29/19 -** 1:19-op-45662 OHND, represented by Branstetter, Stranch & Jennkings - Nashville and Bleakley Platt & Schmidt

    Sarasota Spring - **date filed 10/17/19 -** 1:19-op-45857 OHND, represented by Napoli Shkolnik

    Warren County - **date filed 11/4/19** - 400030/2019 - represented by Napoli Shkolnik

    Yates County - **date filed 9/13/19** - 400026/2019 - represented by Napoli Shkolnik

The overwhelming bulk of these cases were filed by Napoli Shkolnik. Interestingly, it was Paul Napoli who claimed with glee that all of the Plaintiffs herein subject to this bar date were "sh-t out of luck" regarding any payment. The New York Attorney General was represented on the call when Mr. Napoli made this statement and the representative took no exception to Mr. Napoli's statement.

Perhaps even more fascinating is that while for purposes of settling Nassau and Suffolk Counties, Napoli's firm excluded itself from the fee fund so its fee contract controls instead of the fee fund. That maneuver therefore increased Napoli's fees. But there is more: in this Janssen Agreement, Napoli agreed that fees to which he is entitled under the fee fund instead go to **<u>JANSSEN!</u>**

Because of these fee shenanigans and the Janssen monetary peculiarities, it would not serve justice to dismiss the Plaintiffs' claims while the suit against New York is pending. New York's Janssen Agreement attached hereto as Exhibit "D" is incorporated herein as if fully contained in the body of this brief.

All equities mandate that the Plaintiffs' claims in Federal Court remain pending.

Lastly, Special Counsel Andrew Amer confirmed that he received all documents demonstrating that Plaintiffs herein are participating, but also that all appropriate documents were sent to the notice administrator, and confirmed that on January 27, 2022. (See Exhibit "E" - Amer Email dated 1-27-22).

WHEREFORE, the Plaintiffs pray that the Court delay dismissing Janssen until such time as the Federal District Court for the Eastern District of New York rules on the New York State Attorney's Motion to Dismiss and thereafter, the suit seeking to enjoin the enforcement of this retroactive cancellation of Plaintiff's claims.

Respectfully submitted this 8th day of August, 2022.

  /s/ Mark A. Tate
Mark A. Tate
Georgia State Bar No. 698820
tlgservice@tatelawgroup.com
(912) 234-3030
25 Bull Street. Second Floor
Savannah, Georgia 31401

## CERTIFICATE OF SERVICE

I hereby certify that I have served Opposition to Janssen's Motion to Dismiss Claims Filed by Certain New York Subdivisions as Barred by Statute to all counsel of record via the CM/ECF system.

Dated:  August 8, 2022.

                                                          /s/ Mark A. Tate
                                                          Mark A. Tate
                                                          Georgia State Bar No. 698820
                                                          tlgservice@tatelawgroup.com
                                                          (912) 234-3030
                                                          25 Bull Street, Second Floor
                                                          Savannah, Georgia 31401