# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:20-op-45281 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

## SETTLING DEFENDANTS' MOTION TO DISMISS
## CLAIMS FILED BY NON-PARTICIPATING MINNESOTA SUBDIVISION
## AS BARRED BY STATUTE

## TABLE OF CONTENTS

                                                                                  **Page**

INTRODUCTION ............................................................................................................... 1
BACKGROUND ................................................................................................................ 1
ARGUMENT ...................................................................................................................... 3
I.      Plaintiff Is A "Municipality" Within The Meaning Of The Statute ................................... 3
II.     Plaintiff's Claims Are Released Claims ........................................................................... 4
CONCLUSION ................................................................................................................... 5

## INTRODUCTION

Settling Defendants[1] move this Court to dismiss all claims against Settling Defendants filed by Plaintiff Minnetonka School District No. 276 on the ground that such claims are barred by Minnesota statute. In furtherance of statewide opioid settlement agreements entered into by the Minnesota Attorney General, the Minnesota legislature enacted Minnesota Statute § 3.757 *et seq.*, which precludes Minnesota municipalities from "assert[ing], fil[ing], or enforc[ing] a released claim against a settling defendant," and extinguishes any pending released claims by such municipalities "by operation of law." As discussed further below, Plaintiff and the claims it filed against Settling Defendants fall within the scope of the statute.

Because Plaintiff's claims are extinguished by operation of law, Settling Defendants request that the Court enter an order and final judgment, pursuant to Fed. R. Civ. P. 54(b), dismissing the claims against the Settling Defendants.

## BACKGROUND

To facilitate settlements between the Minnesota Attorney General and defendants in the opioid litigation, the Minnesota legislature enacted Minnesota Statute § 3.757 *et seq.*, effective May 11, 2022. The statute provides that, "[n]o municipality shall have the authority to assert, file, or enforce a released claim against a settling defendant," and that, "[a]ny claim in pending opioid litigation filed by a municipality against a settling defendant that is within the scope of a

---

[1] The Settling Defendants are Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen, Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. (collectively, "Janssen"), AmerisourceBergen Corporation, McKesson Corporation, and Cardinal Health, Inc. (collectively, "Distributors") as well as any other Released Entities, as that term is defined in the Settlement Agreements, that have been named as defendants in the Complaint. *See* Minn. Stat. § 3.757 (1)(e); *Board of Education of Thornton Township High Schools, et al. v. Cephalon, Inc., et al.*, MDL Case No. 1:20-op-45281-DAP (N.D. Ohio Dec. 16, 2020) (Doc. No. 1) ("Compl."); Exhibit 1 at Exhibit A p. 8-9 & Exhibit J thereto (Janssen Final Consent Judgment and Order of Dismissal); Exhibit 2 at Exhibit A p. 8 & Exhibit J thereto (Distributor Final Consent Judgment and Order of Dismissal).

1

released claim is extinguished by operation of law." Minn. Stat. § 3.757(2)(a)-(b). School districts fall within the meaning of "municipality" under the relevant statute. Minn. Stat. § 466.01(1) ("'[M]unicipality' means any . . . school district, however organized . . . ."); *see also* Minn. Stat. § 3.757 (1)(b) (stating that "'Municipality' has the meaning provided in section 466.01, subdivision 1."). "'Released claim' means any cause of action or other claim that has been released in a statewide opioid settlement agreement, including matters identified as a released claim as that term or a comparable term is defined in a statewide opioid settlement agreement." Minn. Stat. § 3.757 (1)(d).

Plaintiff Minnetonka School District No. 276 is a school district located in Minnetonka, Minnesota. *Bd. of Educ. of Thornton Township High Schs., et al. v. Cephalon, Inc., et al.*, MDL Case No. 1:20-op-45281-DAP (N. D. OH. Dec. 16, 2020) (Doc. No. 1) ("Compl.") ¶ 33. On December 16, 2020, Plaintiff filed a Complaint directly in the MDL, asserting claims against the Settling Defendants that are covered by the statewide opioid settlement agreement. *See id*.[2]

On August 20, 2021, the Attorney General for the State of Minnesota announced Minnesota's participation in nationwide opioid settlements with Settling Defendants, which resolved the vast majority of the myriad lawsuits brought by states, territories, and local governmental entities against Settling Defendants.[3] On September 29, 2021 the Minnesota Attorney General's Office issued a notice to local government detailing the steps necessary to

---

[2] The Complaint includes other Plaintiffs, including from other states, which are not the subject of this Motion.

[3] *See* Fighting the Opioid Epidemic in Minnesota, The Office of Minnesota Attorney General Keith Ellison, https://www.ag.state.mn.us/opioids/ (last visited Jul. 28, 2022).

2

participate in the settlement and to receive funds.[4] Plaintiff did not participate. The Minnesota settlement agreements ("Settlement Agreements") were subsequently embodied in Final Consent Judgments and Orders of Dismissal entered on July 20, 2022 by the District Court in the Second Judicial District. Exhibit 1 (Janssen Final Consent Judgment and Order of Dismissal); Exhibit 2 (Distributor Final Consent Judgment and Order of Dismissal). The Settlement Agreements include broad releases of all opioid-related claims. *See* Exhibit 1 at Exhibit A p. 8 (definition of "Released Claims") & p. 14-18 (release provision); Exhibit 2 at Exhibit A p. 7-8 (definition of "Released Claims")& p. 44-49 (release provision).

## ARGUMENT

Minnesota Statute § 3.757 *et seq.*, provides that, "[n]o municipality shall have the authority to assert, file, or enforce a released claim against a settling defendant," and that, "[a]ny claim in pending opioid litigation filed by a municipality against a settling defendant that is within the scope of a released claim is extinguished by operation of law." Minn. Stat. § 3.757(2)(a)-(b). As outlined below, dismissal of Plaintiff's claims is required because the school district is a municipality and its claims have been extinguished by state statute.

### I. Plaintiff Is A "Municipality" Within The Meaning Of The Statute

Section 3.757(1)(b) of the statute states that "[m]unicipality has the meaning provided in section 466.01, subdivision 1." Section 466.01, subdivision 1 includes school districts. Minn. Stat. § 466.01(1). Plaintiff is a school district and, therefore, qualifies as a "municipality."

---

[4] September 28, 2021 Notice to Local Governments, The Office of Minnesota Attorney General Keith Ellison, https://www.ag.state.mn.us/opioids/docs/LocalSubdivisions_Notice.pdf (last visited Aug. 4, 2022).

3

## II.     Plaintiff's Claims Are Released Claims Extinguished by State Statute

Plaintiff's claims are "within the scope" of claims that have been released pursuant to statewide opioid settlement agreements and Minnesota statute. *See* Minn. Stat. § 3.757(2)(b). Under the statute, agreements between Settling Defendants and the Attorney General "to provide or allocate remuneration for conduct related to the marketing, sale, or distribution of opioids," constitute a "statewide opioid settlement agreement." *Id.* at § 3.757(1)(f). Further, "released claim," is defined as "any cause of action or other claim that has been released in a statewide opioid settlement agreement, including matters identified as a released claim as that term or a comparable term is defined in a statewide opioid settlement agreement." Minn. Stat. § 3.757(1)(d).

The Settlement Agreements between Settling Defendants and the Attorney General qualify as "statewide opioid settlement agreements." On June 22, 2022, the Attorney General executed releases of opioid-related claims against Settling Defendants pursuant to the settlements and the powers authorized by Minnesota Governor, Tim Walz, and the Settlement Agreements were embodied in Final Consent Judgments and Orders of Dismissal entered on July 20, 2022 by the District Court in the Second Judicial District. Exhibit 1; Exhibit 2. The settlements included the releases of all opioid-related claims. *See* Exhibit 1 at Exhibit A p. 8 (definition of "Released Claims") & p. 14-18 (release provision); Exhibit 2 at Exhibit A p. 7-8 (definition of "Released Claims") & p. 44-49 (release provision). Additionally, the settlement agreements broadly define "Covered Conduct." *See* Exhibit 1 at Exhibit A p. 3 (definition of "Covered Conduct"); Exhibit 2 at Exhibit A p. 3 (definition of "Covered Conduct"). Plaintiff's claims are exactly the type of opioid-related claims that fall squarely within the definition of released claims as adopted by

Minnesota Statute § 3.757, and are "extinguished by operation of law," thus dismissal is required. Minn. Stat. § 3.757(b).[5]

## CONCLUSION

For the foregoing reasons, Settling Defendants respectfully request that this Court dismiss all claims by Plaintiff against Settling Defendants.

---

[5] This Court has already dismissed similarly-situated subdivisions asserting similar claims against Settling Distributors in states (like New York) with similar statutory bans enacted in furtherance of opioid settlements. *See, e.g.,* Doc. No. 4547; August 9, 2022 Non-document Order granting MTD against Janssen "because the claims in these cases are barred by statute".

Dated:  August 17, 2022

Respectfully submitted,

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone:  (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

*/s/ Enu A. Mainigi*
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC  20024
 (202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

*/s/ Mark H. Lynch*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com

*Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 17, 2022, Settling Distributors' Motion To Dismiss Claims Filed By Non-Participating Minnesota Subdivision As Barred By Statute was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas