UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>    *County of Lake, Ohio v. Purdue Pharma L.P., et al.*,<br>        Case No. 18-op-45032 (N.D. Ohio)<br><br>    *County of Trumbull, Ohio v. Purdue Pharma, L.P., et al.*,<br>        Case No. 18-op-45079 (N.D. Ohio)<br><br>"Track 3 Cases" | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' MOTION TO APPROVE BOND
AND STAY EXECUTION OF JUDGMENT PENDING APPEAL**

    Pursuant to Federal Rule of Civil Procedure 62(b), Defendants Walmart Inc., CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C, CVS TN Distribution, L.L.C, CVS Rx Services, Inc., CVS Indiana L.L.C., Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc. ("Pharmacy Defendants") respectfully ask this Court to approve bond in the amount of $86.7 million to stay execution of the monetary portion of its judgment pending appeal, including any appeal to the United States Supreme Court.[1]  Defendants have been conferring with Plaintiffs regarding this Motion and Plaintiffs have advised that they are discussing.  In light of the impending payment deadline of October 1, Pharmacy Defendants respectfully ask that Plaintiffs

---

[1] The verdict in this case was restricted to Walmart Inc., CVS Pharmacy, Inc., and Walgreen Co. Dkt. 4176.  Out of an abundance of caution, the other defendant entities named in the complaint also join this motion.

1

respond to this Motion no later than September 9, 2022, so that the Court can promptly decide the issue allowing sufficient time for appellate review in the Sixth Circuit if necessary.

1. On August 22, 2022, this Court entered final judgment holding Pharmacy Defendants jointly and severally liable on Plaintiffs' public nuisance claims, ordering them to make a series of monetary payments to Plaintiffs over the course of 15 years. *See* Dkt. 4614, at 2. Under the order, the first payment, covering the first two years of monetary liability, is due on October 1, 2022, in the amount of $86.7 million. *Id.*

2. Under Rule 62(b), "a party may obtain a stay" of a monetary judgment "by providing a bond or other security." Fed. R. Civ. P. 62(b). A stay under Rule 62(b) "takes effect when the court approves the bond or other security." Fed. R. Civ. P. 62(b) advisory committee's note to 2018 amendment. The stay "remains in effect for the time specified in the bond or other security." *Id.*

3. A bond operates as "a stay of money judgment as a matter of right." *Arban v. W. Publ'g. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003); *see also Integrated Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc.*, No. 5:20-cv-00563, 2021 WL 5206553, at *1 (N.D. Ohio Nov. 9, 2021) (Rule 62(b) provides for a stay "as a matter of right once Defendants post[] sufficient bond"); *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (Harlan, J.) (noting this "accepted" practice).

4. A defendant who posts a bond is entitled to a stay of any monetary portion of a judgment even if the judgment also contains other non-monetary terms. "If a judgment includes both a money award and the grant or denial of an injunction, a supersedeas [bond] stays the money award" even if there is no stay of the other portion of the judgment that "deals with injunctive relief." 11 Fed. Prac. & Proc. Civ. § 2905 & n.6 (3d ed.) (collecting cases).

2

5.     Here, the monetary component of this Court's abatement order is subject to a stay with bond.  An obligation is "monetary," and thus subject to a stay as of right with bond, if it "binds [a party] to pay a specific sum of money."  *Titan Tire Corp. of Bryan v. United Steel Workers of Am., Loc. 890L*, No. 09-4460, 2010 WL 815557, at *1 (6th Cir. Mar. 10, 2010) (equitable back-pay award); *see also Laake v. Benefits Comm., W. & S. Fin. Grp. Co. Flexible Benefits Plan* No. 117CV611WOBKLL, 2022 WL 1233621, at *2 (S.D. Ohio Apr. 26, 2022) (equitable front-pay award); *Tri Cnty. Wholesale Distrib., Inc. v. Labatt USA Operating Co.*, 311 F.R.D. 166, 174 (S.D. Ohio 2015) (transfer of rights "worth a specific sum of money").

6.     The district court has the "discretion to fix the amount of the bond." *Sofco Erectors, Inc. v. Tr. of Ohio Operating Eng'rs Pension Fund*, No. 2:19-cv-2238, 2021 WL 858728, at *2 (S.D. Ohio Mar. 8, 2021).  An appropriate bond amount is one that will "sufficiently protect Plaintiffs' interests" if judgment is affirmed on appeal. *Wilson v. DM Excavating, LLC*, No. 2020 WL 830400, at *2 (S.D. Ohio Feb. 20, 2020).

7.     Here, if any bond is required for a stay, the appropriate amount is $86.7 million. That amount reflects the entire first two years of payments due on October 1, 2022, under the monetary portion of the Court's judgment. *See* Doc. 4611 at 70. A bond securing full payment of the district court's award for those two years would likely allow sufficient time for the resolution of a Sixth Circuit appeal in this case.  And if the Supreme Court were to grant discretionary review thereafter, the Pharmacy Defendants' uncontested ability to pay, as discussed below, would prevent any harm to Plaintiffs from those additional proceedings.  Alternatively, this Court could consider ordering a second bond if a later payment becomes due while proceedings continue.[2]

---

[2] Should the Court believe that additional security is necessary to account for costs and interest, Pharmacy Defendants request that the Court approve a bond in the amount of $95.4 million, which

3

8. If the Court approves, Pharmacy Defendants will promptly file on the Court's docket a bond for $86.7 million, to last through the end of the appeal in this case, including any appeal to the Supreme Court of the United States. The bond will be guaranteed by Liberty Mutual, a surety company certified by this Court as well as the U.S. Treasury to post supersedeas bonds. Posting the approved bond amount will then entitle Pharmacy Defendants to a stay "as a matter of right." *Arban*, 345 F.3d at 409; *see also Laake*, 2022 WL 1233621, at *1 (approving bond and granting stay for future monetary payments); Dkt. 52, Notice of Filing Supersedeas Bond, *Benahmed v. HCC Ins. Holdings, Inc.*, No. 3:09-cv-1757 (N.D. Ohio Jan. 11, 2011) (filing of bond to make stay effective based on amount pre-approved by the court).

9. Indeed, a stay would be warranted here even without the filing of a bond. Rule 62(b) "in no way necessarily implies that filing a bond is the only way to obtain a stay." *Arban*, 345 F.3d at 409 (internal quotation omitted); *see Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 758 (D.C. Cir. 1980) (collecting cases). A district court thus has "discretion to determine whether to grant a stay without requiring a bond." *Integrated Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc.*, No. 5:20-cv-00563, 2021 WL 4459407, at *1 (N.D. Ohio Sept. 29, 2021); *see, e.g.*, *Cremeans v. Taczak*, No. 2:19-CV-2703, 2020 WL 9076280, at *4 (S.D. Ohio Apr. 7, 2020).

10. The Sixth Circuit has held that no bond is needed when "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Arban*, 345 F.3d at 409. In those circumstances, a plaintiff needs no additional assurance that it "will recover

---

is $86.7 million plus ten percent. That additional security should be unnecessary, however, because Pharmacy Defendants are entitled to an offset for Plaintiffs' settlements with other pharmacies. *See* Dkt. 4614 at 2. Those settlements total approximately $9 million. *See* Dkt. 4611, at 69 n.84.

in full if the decision is affirmed." *Sofco Erectors*, 2021 WL 858728, at *2; *see* 11 Fed. Prac. & Proc. Civ. § 2905 & n.6.

11. There is no question that Pharmacy Defendants are capable of paying the judgment. Courts typically evaluate the need for a bond by comparing "the amount of the judgment [to] the annual revenue of [the defendant]." And here, for example, comparing the amount of the judgment to the annual revenue of Walmart alone—approximately $43 million per year compared to $573 *billion* per year[3]— shows that a stay would be appropriate even without a bond. *Arban*, 345 F.3d at 409; *see, e.g.*, *Thyssenkrupp Materials, LLC v. Triumph Grp., Inc.*, No. 20-cv-11087, 2022 WL 983158, at *1 (E.D. Mich. Mar. 30, 2022) (granting stay without bond where the appellant's assets far exceeded the amount of the judgment). It follows that a stay is warranted given the bond that Pharmacy Defendants are willing to post here.

12. Although Pharmacy Defendants need not satisfy the four stay factors pertaining to injunctive relief to obtain a stay of the monetary portion of the judgment, those factors are satisfied here in any event. "These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *United States v. Cuthbertson*, No. 1:21cr486, 2021 WL 2952814, at *2 (N.D. Ohio July 12, 2021); *see Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

13. First, as Pharmacy Defendants have argued at length in their dispositive briefing, they are likely to prevail on appeal. Dkt. 3340 (Motion to Dismiss), 4098 (Rule 50(a) Motion);

---

[3] *See* Walmart, Inc., 2022 Form 10-K at 6, *available at* https://s201.q4cdn.com/262069030/files/doc_financials/2022/ar/WMT-FY2022-Annual-Report.pdf.

4204 (Motion for New Trial); 4202 (Rule 50(b) Motion), 4299 (Abatement Legal Issues), 4511 (Abatement Closing Submission). In addition, "[m]any courts also take into account that the case raises substantial difficult or novel legal issues meriting a stay." 11 Fed. Prac. & Proc. Civ. § 2904 & n.13 (3d ed.); *NLRB v. Gen. Motors Corp.*, 510 F. Supp. 341, 342 (S.D. Ohio 1980). And this Court has already recognized in its judgment that "Plaintiffs' public nuisance theory is relatively novel." *See* Dkt. 4614 at 2.

14. Second, without a stay Pharmacy Defendants will suffer irreparable harm because the Court's order contemplates that the $86.7 million will start to be spent immediately to further the abatement plan. Once that money is spent the Pharmacy Defendants will face significant practical barriers to recovering it, and the money could be effectively unrecoverable. *See, e.g.*, *Texas v. EPA*, 829 F.3d 405, 434 (5th Cir. 2016) (granting stay where "[n]o mechanism here exist[ed] for [applicants] to recover the compliance costs they will incur").

15. Third, any downside from delaying implementation of the novel abatement plan is more than outweighed by the need to ensure that the plan is legally sound first.

16. Finally, the public interest likewise favors a stay to promote certainty and avoid the potential waste of resources of both the parties and the Court from implementing a remedial payment scheme that might later have to be unwound. The Sixth Circuit should resolve the complex issues in this case before the parties start down the path of a complicated abatement plan that may have to be disrupted if it is not upheld on appeal.

## CONCLUSION

For the reasons above, this Court should approve a bond in the amount of $86.7 million and order that the monetary portion of the Court's judgment shall be stayed pending appeal immediately upon the filing of the bond on the Court's docket.

Dated: September 2, 2022                                         Respectfully submitted,

                                                         */s/*  John M. Majoras
John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*


*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Graeme W. Bush
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: gbush@zucerkman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Jeffrey A. Hall
Bartlit Beck LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com
jeff.hall@bartlitbeck.com

Katherine L.I. Hacker
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
kat.hacker@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 2, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

Dated: September 2, 2022

                                        /s/ John M. Majoras
                                        *Attorney for Walmart Inc.*