UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** |
| | **Case No. 17-md-2804** |
| This document relates to: | **Judge Dan Aaron Polster** |
| Case No. 1:20-op-45281 | |

**MINNETONKA SCHOOL DISTRICT NO. 276's
OPPOSITION TO THE SETTLING DEFENDANTS'
MOTION TO DISMISS CLAIMS AS BARRED BY STATUTE**

I.  Introduction

The Settling Defendants' motion to dismiss is premised on a fatally flawed analysis of Minn. Stat. § 3.757. ECF # 4612. That Minnesota statute only extinguishes claims "released in a statewide opioid settlement agreement." And Minnetonka School District No. 276 ("MSD 276") is not a party to, and has not released claims as part of, any statewide opioid agreement.

The Janssen ("J&J") and Distributor Settlement Agreements are opt-in agreements. They only bind and only release the claims of *participating* subdivisions – that is, municipalities, including school districts, that joined those settlements by signing participation agreements and releases. MSD 276 did not opt in. It opted not to participate in those agreements, releasing no claims. It signed no agreements. It executed no releases. As a matter of law, neither those agreements nor Minn. Stat.

1

§ 3.757, enforcing them, extinguished MSD 276's claims. The Settling Defendants' motion should be denied in its entirety.

**II. Argument**

    **A. Minnesota Statute § 3.757 does not apply because that statute only bars "released claims."**

Minnesota Statute § 3.757 only bars "released claims," which the statute defines as claims "released in a statewide opioid settlement agreement" with J&J or the Distributors. *See* Minn. Stat. § 3.757, Subd. 1(d). (A copy of the statute is Exh. A to this brief). Because MSD 267 did not release claims through agreements with those Settling Defendants, Minn. Stat. § 3.757 does not bar MSD 276's claims.

    **B. MSD 276 retained its claims against J&J because it did not participate in the J&J Settlement Agreement.**

Under the J&J Settlement Agreement, only the State of Minnesota, its "Participating Subdivisions," and its "Participating Special Districts" have released claims. MSD 276, however, has not. MSD 276 is neither a participating subdivision nor a participating special district under the J&J Agreement.

In fact, the Settling Defendants acknowledge that MSD 276 is not a party to the J&J Settlement Agreement. See ECF 4612 at 3 (acknowledging that MSD 276 "did not participate" in the J&J or Distributor Settlement Agreements). Therefore, and as a matter of law, neither that agreement, nor Minn. Stat. § 3.757, enforcing it, extinguished MSD 276's claims.

2

### C. Likewise, MSD 276 retained its claims against the Distributors because it did not participate in the Distributor Settlement Agreement.

Under the Distributor Settlement Agreement, only the State of Minnesota and its "Participating Subdivisions" have released claims. MSD 276 has not released claims— because the Distributors' Agreement is an opt-in agreement, and MSD 276 did not opt in.

As the Settling Defendants acknowledge, MSD 267 did not participate in the Distributor Settlement Agreement. See ECF 4612 at 3. And because MSD 276 is not a party to that agreement, as a matter of law neither that agreement nor Minn. Stat.§ 3.757, enforcing it, extinguished MSD 276's claims.

### D. MSD 276 Is Pursuing Substantial Statewide Claims For All Minnesota School Districts.

A child is diagnosed in this country with neonatal opioid withdrawal symptoms every 15 to 20 minutes. At the age of four or five, these children enter school, and with numbers still rising, there are now hundreds of thousands of opioid-exposed children in America's public schools, including several thousand opioid-exposed children currently enrolled in Minnesota's public schools. Because of prenatal opioid exposure, these children disproportionately need and receive special education services, often from pre-kindergarten through high school, roughly doubling the cost of their K-12 education, burdening local schools' budgets. Even if the opioid crisis ended today, public schools in Minnesota would still have to meet their obligations to opioid-affected children, and absorb the increased costs of their educations, for another twenty years.

Addressing the special-education needs of these children is vital to an effective opioid crisis abatement plan. Yet Minnesota's abatement plan earmarks no money for Minnesota school districts for special education services for these children, and Minnesota's Attorney General has rebuffed MSD 276's efforts to correct this omission.[1]

Because no settlement monies have been earmarked to help defray public schools' costs of providing special education and related services for opioid-affected students, MSD 276 declined to opt into the settlements. MSD 276 is entitled to continue to pursue its claims, for itself on behalf of all other Minnesota School Districts that did not sign participation agreements and releases.

## CONCLUSION

Minnesota Statute § 3.757 only bars claims released in the J&J and Distributor Settlement Agreements. But MSD 276 is not a party to either of those agreements. By opting not to participate in those agreements, MSD 276 released no claims. It signed no agreements. It executed no releases. And because MSD 276 is not a party to those settlement agreements, as a matter of law, neither those agreements nor Minn. Stat. § 3.757, enforcing them, extinguished MSD 276's claims. The Settling Defendants' motion should be denied in its entirety.

---

[1] MSD 276 would welcome a genuine, good faith effort by the State Attorney General to achieve a resolution that earmarks funds for School Districts, to address the needs of opioid-affected students.

Dated: September 14, 2022

                                                  Respectfully submitted,

                                                  */s/ Cyrus Mehri*
                                                  On Behalf of
                                                  Minnetonka School District No. 276

| | |
|---|---|
| Wayne Hogan<br>hogan@terrellhogan.com<br>Leslie A. Goller<br>lgoller@terrellhogan.com<br>TERRELL HOGAN YEGELWEL, P.A.<br>233 E. Bay Street, Suite 800<br>Jacksonville, FL 32202<br>904.722.2228 | Cyrus Mehri<br>cmehri@findjustice.com<br>Joshua Karsh<br>jkarsh@findjustice.com<br>Ezra Bronstein<br>ebronstein@findjustice.com<br>MEHRI & SKALET, PLLC<br>2000 K Street, N.W., Suite 325<br>Washington, D.C. 20006<br>202.822.5100 |
| Neil Henrichsen<br>nhenrichsen@hslawyers.com<br>Allison Cross<br>across@hslawyers.com<br>HENRICHSEN SIEGAL, PLLC<br>301 W. Bay Street, Suite 1400<br>Jacksonville, FL 32202<br>904.381.8183 | Alex Ivan<br>aivan@kennedy-graven.com<br>KENNEDY & GRAVEN, CHARTERED<br>150 S. 5th Street Suite 700<br>Minneapolis, MN 55402<br>612.337.9300 |

                                                  *Attorneys for Independent Public Schools*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, the above and foregoing pleading was electronically filed with the Clerk of Court of the United States District Court for the Northern District of Ohio by using the CM/ECF System. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Cyrus Mehri*

Cyrus Mehri
