# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Northeast Ambulance and Fire Protection District of St. Louis County, Missouri v. Purdue Pharma L.P.,* et al., Case No. 1:19-op-45664<br><br>*Kinloch Fire Protection District v. Purdue Pharma L.P.,* et al., Case No. 1:19-op-45665 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**SETTLING DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE NON-PARTICIPATING SUBDIVISION CMO**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................ 1
BACKGROUND ............................................................................................................................. 2
ARGUMENT .................................................................................................................................. 4
I.     Plaintiffs Have Failed to Comply with the NPS CMO ...................................................... 4
II.    Plaintiffs' Claims Against the Settling Defendants Should be Dismissed with Prejudice Due to their Failure to Comply with the NPS CMO ........................................... 5
CONCLUSION ............................................................................................................................... 6

## INTRODUCTION

Settling Defendants[1] move this Court for an Order to Show Cause why all claims against Settling Defendants filed by Plaintiffs Kinloch Fire Protection District and Northeast Ambulance and Fire Protection District of St. Louis County, Missouri ("Plaintiffs") should not be dismissed with prejudice for the failure to comply with this Court's orders.[2] These Plaintiffs were eligible to participate in, but have not enrolled in, the global settlements entered into by the Settling Defendants. Accordingly, these Plaintiffs are "Non-Participating Subdivisions" subject to the provisions of this Court's Case Management Order Applicable to Cases of "Non-Participating Subdivisions" Asserting Claims Against Settling Defendants, entered on July 23, 2021 (Dkt. No. 3795) ("NPS CMO").

The final deadline for Non-Participating Subdivisions to submit the materials required by the NPS CMO passed on June 27, 2022, and to date these Plaintiffs have not submitted any of the required materials. On July 19, 2022, the Settling Defendants gave notice to Plaintiffs of their failure to comply with the NPS CMO by sending deficiency letters as set forth in Section IV of that Order. The letters stated that if the failures to comply with the NPS CMO were not cured within thirty calendar days, the Settling Defendants would request a show cause hearing before this Court as to why Plaintiffs' claims should not be dismissed with prejudice.

More than thirty days have passed since the Settling Defendants sent deficiency letters to Plaintiffs. Plaintiffs have still not submitted any materials required by the CMO, nor have they responded to the deficiency letters in any way. Accordingly, pursuant to Section IV of the NPS

---

[1] The Settling Defendants as named in the above-captioned Complaints are Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. (collectively, "Janssen"), AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal Health, Inc (collectively, "Distributors").

[2] The Complaints also include claims against other defendants, which are not the subject of this Motion.

1

CMO, Settling Defendants now respectfully request that this Court issue an Order setting a show cause hearing as to why these Plaintiffs' claims against them should not be dismissed with prejudice.

## BACKGROUND

On July 21, 2021, the Distributors and Janssen announced global settlements with states and Participating Subdivisions. *See* NPS CMO at 1; Distributor Settlement Agreement announced July 21, 2021 and dated March 25, 2022 ("Distributor Settlement Agreement") (attached hereto as Exhibit A); Janssen Settlement Agreement announced July 21, 2021 and dated March 30, 2022 ("Janssen Settlement Agreement") (attached hereto as Exhibit B). On July 23, 2021, this Court entered the NPS CMO, which required the submission of certain specified discovery materials by "Non-Participating Subdivisions" as defined in the Distributor Settlement Agreement. *See* NPS CMO at 1 n.2. Under that Agreement, the definition of "Subdivision" includes any "Fire Districts" "located within a State." Distributor Settlement Agreement, Section I.XXX. Any Fire District plaintiff that does not elect to participate in the global settlements qualifies as a Non-Participating Subdivision under the NPS CMO.

Plaintiffs Kinloch Fire Protection District and Northeast Ambulance and Fire Protection District of St. Louis County, Missouri are both U.S. Census Bureau-recognized Missouri Fire Districts defined as eligible Subdivisions under the terms of the Distributor Settlement Agreement. Distributor Settlement Agreement, Section I.XXX, n. 4. Both of these Plaintiffs are also listed by name on Exhibit C of the Distributor Settlement Agreement and the Janssen Settlement Agreement as Litigating. Distributor Settlement Agreement, Ex. C; Janssen Settlement Agreement Ex. C. Neither Plaintiff has enrolled in the global settlements despite being eligible to do so. Accordingly, both are Non-Participating Subdivisions subject to the requirements of the NPS CMO.

The NPS CMO required Non-Participating Subdivisions, such as these Plaintiffs, to submit specified categories of discovery materials, including: a Plaintiff Fact Sheet and/or updated Plaintiff Fact Sheet under the terms of the Court's June 19, 2018 Fact Sheet Implementation Order (Dkt. No. 638); alleged damages calculations and non-privileged documents relied upon in calculating the claimed relief; identification of allegedly suspicious orders; identification of experts and summaries of expert opinions; and an affidavit certifying compliance with the terms of the NPS CMO. NPS CMO §§ I-III. The last of these materials were due to be submitted by these Plaintiffs 120 calendar days after the CMO Effective Date, which deadline expired on June 27, 2022. NPS CMO §III; *see also* Dkt. No. 4287 (setting CMO Effective Date as February 25, 2022 for cases filed before that date). Plaintiffs have not submitted any of the materials required by the NPS CMO.

On July 19, 2022, Settling Defendants sent deficiency letters via email and U.S. Mail to these Plaintiffs under Section IV of the NPS CMO. *See Northeast Ambulance and Fire Protection* Deficiency Letter (attached hereto as Exhibit C); *Kinloch Fire Protection District* Deficiency Letter (attached hereto as Exhibit D). The NPS CMO states that

> If, after thirty (30) calendar days of the date a deficiency letter was sent, the Non-Participating Subdivision has not cured the relevant defects in compliance with the MDL Court's Fact Sheet Implementation Order and this CMO, any Settling Defendant may request a show cause hearing before the MDL Court as to why the Non-Participating Subdivision's claims should not be dismissed with prejudice or any other appropriate relief should be granted.

NPS CMO §IV. Accordingly, the July 19 deficiency letters gave notice to Plaintiffs "on behalf of all Settling Defendants to cure the failure to comply the NPS CMO within thirty (30) calendar days," and stated that "[i]f any failure to comply with the CMO is not cured, the Settling Defendants will request a show cause hearing before the MDL Court as to why Plaintiff's claims should not be dismissed with prejudice, as specified in Section IV of the NPS CMO." *See* Exs.

3

C and D.  More than thirty days have passed since the Deficiency Letters were sent and the Plaintiffs have not responded.  The Settling Defendants now file this Motion for an Order to Show Cause under Section IV of the NPS CMO.

## ARGUMENT

Pursuant to the terms of NPS CMO, this Court should set "a show cause hearing as to why [these Plaintiffs'] claims should not be dismissed with prejudice or any other appropriate relief should be granted."  NPS CMO §IV.  Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  Absent a compelling justification for these Plaintiffs' complete failure to comply with the Court's NPS CMO, this Court should dismiss Plaintiffs' claims against the Settling Defendants with prejudice under the Federal Rules and the NPS CMO.

**I.      Plaintiffs Have Failed to Comply with the NPS CMO**

As set forth above, Plaintiffs were eligible to enroll in, but have not enrolled in, the global settlements announced by Janssen and Distributors.  Therefore, they are Non-Participating Subdivisions subject to the requirements of this Court's NPS CMO. *See* NPS CMO at 1 n.2.  To date, Plaintiffs have not submitted any of the discovery materials required by the NPS CMO.

Following the deficiency process set forth in the NPS CMO, Settling Defendants notified Plaintiffs of their failure to comply with the NPS CMO and requested submission of the required materials.  *See* Exs. C and D.  More than thirty days have passed since the deficiency letters were sent, and Plaintiffs still have not submitted any of the required materials, nor have they made any response at all to the deficiency letters.

Accordingly, Plaintiffs have failed to comply with the NPS CMO in any respect.

4

## II. Plaintiffs' Claims Against the Settling Defendants Should be Dismissed with Prejudice Due to their Failure to Comply with the NPS CMO

As set forth in the NPS CMO, failure by a plaintiff to submit the required materials warrants a show cause hearing before this Court. NPS CMO § IV. Absent good cause justifying Plaintiffs' failure to comply with the Court's order, Plaintiffs' claims against the Settling Defendants should be dismissed with prejudice.

Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order. *See Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990); *see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b). Likewise, courts have long recognized the authority in the "mass tort" and MDL contexts to dismiss cases for plaintiffs' failure to provide information about their claims pursuant to case management orders. *See, e.g., In re Avandia Marketing, Sales Practices & Prods. Liability Litig.*, 687 F. Appx. 210, 214 (3d Cir. April 19, 2017) (noting that similar orders are "routine" and within the "wide latitude" afforded MDL courts in managing litigation and affirming dismissals with prejudice for failure to comply); *Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (affirming MDL court's dismissal for failure to comply with discovery order; "District courts handling complex, multidistrict litigation must be given wide latitude with regard to case management in order to achieve efficiency.") (internal quotation marks omitted); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340-41 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, (recognizing the District Court's power to dismiss cases for a plaintiff's failure to provide basic information about their claims and affirming the District Court's dismissal of the claims of approximately 1,600 plaintiffs); *Baker v. Chevron USA, Inc.*, 1:05-CV-227, 2007 WL 315346, at *1, *4 (S.D. Ohio Jan. 30, 2007) (dismissing plaintiffs who failed to comply with case

5

management order requiring them to produce "an affidavit from a qualified expert or experts setting forth for each Plaintiff the specific illness allegedly sustained, the date the illness was diagnosed, the name and address of the medical provider who made the diagnosis, the toxic chemical which allegedly caused the illness, the alleged manner of exposure, and the date, duration, and dose of the exposure"); *In re Propulsid Prod. Liab. Litig.*, MDL No. 1355, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) (dismissing with prejudice plaintiffs' actions for failing to furnish timely Plaintiff Profile Forms in violation of the Court's pretrial order).

Accordingly, and as set forth in the NPS CMO, Plaintiffs should be required to Show Cause why their claims against Settling Defendants should not be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Settling Defendants respectfully ask the Court to order Plaintiffs Kinloch Fire Protection District and Northeast Ambulance and Fire Protection District of St. Louis County, Missouri to appear before this Court and show cause why these Plaintiffs' claims against the Settling Defendants should not be dismissed with prejudice for failure to provide the discovery materials required by the NPS CMO.  Absent a compelling justification for the Plaintiffs' failure to comply with any part of the Court's NPS CMO,  the claims should be dismissed with prejudice.

Dated:  September 15, 2022                    Respectfully submitted,

/s/ Enu A. Mainigi
Enu A. Mainigi
F. Lane Heard
Jennifer G. Wicht
Steven Pyser
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC  20024
 (202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone:  (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen Corporation*

/s/ Mark H. Lynch
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com

*Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 15, 2022, Settling Defendants' Motion for Order to Show Cause Why Claims Should Not Be Dismissed with Prejudice for Failure to Comply with the Non-Participating Subdivision CMO was served on all counsel of record via the CM/ECF system and on Plaintiff's counsel by U.S. Mail at:

Anthony D. Gray
Johnson Gray
Ste. 212
319 North 4th Street
St. Louis, MO 63102

/s/ *Steven Pyser*
Steven Pyser