# Exhibit C

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

| | | |
|---|---|---|
| STEVEN M. PYSER<br>(202) 434-5808<br>spyser@wc.com | 680 MAINE AVENUE SW<br>WASHINGTON, DC 20024<br>(202) 434-5000<br>WWW.WC.COM | EDWARD BENNETT WILLIAMS (1920-1988)<br>PAUL R. CONNOLLY (1922-1978) |

July 19, 2022

Via Email, Original to Follow by First Class Mail

Anthony D. Gray
Johnson Gray
Ste. 212
319 North 4th Street
St. Louis, MO 63102
Email: agray@johnsongraylaw.com

    Re:    *In re National Prescription Opiate Litigation*, MDL No. 2804

              *Northeast Ambulance and Fire Protection District of St. Louis County, Missouri v. Purdue Pharma L.P., et al.*, Case No. 1:19-op-45664-DAP (N.D. Ohio)

Dear Mr. Gray:

        We represent Defendant Cardinal Health, Inc. in the above-captioned matter, and we write together with counsel for Defendants McKesson Corporation, AmerisourceBergen Corporation, and Johnson & Johnson (collectively, "Settling Defendants"). Our records indicate that your client, Plaintiff Northeast Ambulance and Fire Protection District of St. Louis County, Missouri, was eligible to participate in, but has not enrolled in, the global settlements entered into by the Settling Defendants. Accordingly, Plaintiff is a "Non-Participating Subdivision" subject to the provisions of Judge Polster's Case Management Order Applicable to Cases of "Non-Participating Subdivisions" Asserting Claims Against Settling Defendants, entered on July 23, 2021 (Dkt. No. 3795) ("NPS CMO").

        The NPS CMO Effective Date was February 25, 2022, and that Order requires Non-Participating Subdivision to serve on the Settling Defendants specified discovery materials within certain deadlines following the CMO Effective Date as follows:

- **Plaintiff Fact Sheet**: Section I of the NPS CMO requires each Non-Participating Subdivision's compliance with the Court's previous June 19, 2018 Fact Sheet Implementation Order (Dkt. No. 638), including the production of documents and information required by the Plaintiff Fact Sheet, with an updated Plaintiff Fact Sheet required to be served within

WILLIAMS & CONNOLLY LLP

July 19, 2022
Page 2

> sixty (60) calendar days of the CMO Effective Date, to the extent necessary to make all information in a Fact Sheet current.
>
> - **Damages and Expenditures Calculations**: Section II(A) of the NPS CMO requires each Non-Participating Subdivision to serve within ninety (90) calendar days of the CMO Effective Date a document identifying with specificity:
>
>   1. the nature and amount of all damages or other relief sought, including alleged abatement or civil penalties;
>
>   2. a computation of any monetary relief sought, including alleged abatement, and the basis for the amounts included in that computation;
>
>   3. as to claims for past expenditures, whether the alleged amounts were paid or reimbursed through a grant, insurance, or other third-party source; and
>
>   4. as to any claim involving future expenditure of money, including expenditures for the provision of services, the entities that will make the expenditures, when and how long those entities will make the expenditures, and the nature and amount of the expenditures, including how they will address any and all alleged harms.
>
> - **Suspicious Orders**: Section II(B) of the NPS CMO requires each Non-Participating Subdivision that is seeking any form of relief based directly or indirectly upon opioid orders that Non-Participating Subdivisions contend the Settling Defendants should not have shipped, pursuant to a suspicious order regulation or alleged common law duty related to suspicious orders, to serve within ninety (90) calendar days of the CMO Effective Date a document identifying:
>
>   1. Those opioid orders that are within their current knowledge (including the date of the order, the product(s) ordered, and the quantity ordered);
>
>   2. the distributor, pharmacy, other dispensing entity, or other entity that placed each such order; and
>
>   3. the Non-Participating Subdivision's basis for identifying the orders, including any sources relied upon and algorithms used.
>
> - **Documents**: Section II(C) of the NPS CMO requires each Non-Participating Subdivision to produce, within ninety (90) calendar days of

WILLIAMS & CONNOLLY LLP

July 19, 2022
Page 3

>the CMO Effective Date, "all non-privileged documents relied upon in identifying or calculating the claimed relief."
>
>- **Expert Identification and Summaries**: Section II(D) of the NPS CMO requires each Non-Participating Subdivision that that intends to proffer one or more experts to identify, within ninety (90) calendar days of the CMO Effective Date, those experts and provide a detailed summary of each expected report.
>
>- **Affidavit of Compliance**: Section III of the NPS CMO requires each Non-Participating Subdivision to complete and serve, within one hundred twenty (120) calendar days of the CMO Effective Date, an affidavit attesting that the Non-Participating Subdivision has complied with all requirements of the MDL Court's Fact Sheet Implementation Order and with all other requirements of the NPS CMO, including the requirements for production of documents.

All of the deadlines for compliance with the NPS CMO set forth above have now passed. As far as counsel for the Settling Defendants are aware, Plaintiff has not submitted the documents or materials required by the NPS CMO.

Accordingly, notice is hereby given on behalf of all Settling Defendants to cure the failure to comply the NPS CMO within thirty (30) calendar days. If any failure to comply with the CMO is not cured, the Settling Defendants will request a show cause hearing before the MDL Court as to why Plaintiff's claims should not be dismissed with prejudice, as specified in Section IV of the NPS CMO.

Sincerely,

*/s/ Steven M. Pyser*
Steven M. Pyser
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Email:  spyser@wc.com
Email:  epistilli@wc.com

*Counsel for Cardinal Health, Inc.*

WILLIAMS & CONNOLLY LLP®

July 19, 2022
Page 4

/s/ Robert A. Nicholas

Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Email:  rnicholas@reedsmith.com
Email:  smcclure@reedsmith.com
Email:  jmahady@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Geoffrey E. Hobart

Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-6000
Email:  ghobart@cov.com
Email:  thester@cov.com
Email:  cpistilli@cov.com

*Counsel for McKesson Corporation*

/s/ Charles Lifland

Charles Lifland
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Email: clifland@omm.com

WILLIAMS & CONNOLLY LLP

July 19, 2022
Page 5

*Counsel for Johnson & Johnson; Janssen Pharmaceuticals, Inc; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc.*