# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | SPECIAL MASTER COHEN |
| *"Track Seven"* | ) | **ORDER MODIFYING CERTAIN** |
| *"Track Eight"* | ) | **TRACK SEVEN CMO DEADLINES** |
| *"Track Nine"* | ) | **AND EXPERT DEPOSITION TIMES** |

**Expert Deadlines – Track Seven**

This Court has chosen five cases for bellwether trials going forward, all of which involve claims against defendants that operate pharmacies.  Each case is assigned a "track number," as shown in the chart below.

| | | **Track 7** | **Track 8** | **Track 9** | **Track 10** | **Track 11** |
|---|---|---|---|---|---|---|
| 1 | Plaintiff | Montgomery Cty., OH | Cobb County, GA | Tarrant County, TX | Durham County, NC | Santa Fe, NM |
| 2 | Defendants[1] | CVS<br>Walgreens<br>Walmart<br>Kroger<br>Meijer<br>--<br>-- | CVS<br>Walgreens<br>Walmart<br>Kroger<br>--<br>Publix<br>-- | CVS<br>Walgreens<br>Walmart<br>Kroger<br>--<br>--<br>Albertsons | CVS<br>Walgreens<br>Walmart<br>Kroger<br>--<br>--<br>-- | CVS<br>Walgreens<br>Walmart<br>Kroger<br>--<br>--<br>Albertsons |
| 3 | Original CMO dkt. no. and date | 3769<br>June 25, 2021 | 3818<br>August 8, 2021 | 3817<br>August 8, 2021 | 3819<br>August 8, 2021 | 3820<br>August 8, 2021 |
| 4 | Original discovery deadlines – fact, expert | May 27, 2022,<br>Sept. 9, 2022 | July 7, 2022,<br>Oct. 20, 2022 | Aug. 29, 2022,<br>Dec. 12, 2022 | Nov. 15, 2022,<br>Feb. 27, 2022 | Dec. 16. 2022,<br>Mar. 30, 2023 |

---

[1] Defendant Rite Aid has been dismissed from Tracks 7, 8, and 10.  Claims against other defendants have been severed.

Defendants CVS, Walgreens, and Walmart were participating defendants in Tracks 3 and 4. Thus, defendants Kroger, Meijer, Publix, and Albertsons are "new defendants" that have not previously participated in fact or expert discovery in this MDL. The CMOs in Tracks 7 through 11 each acknowledge this status. *See, e.g.*, Track Seven CMO (docket no. 3769) at 1 n.1 ("Because New Defendant[s] Meijer [and Kroger] ha[ve] not previously been in any active case and ha[ve] not previously participated in fact or expert discovery, [they] may request reasonable extensions from any fact or expert discovery deadline in this Order, and the parties will meet and confer in good faith to determine if they can stipulate to revised deadline(s) for Meijer [and Kroger]."). As shown in row 2 of the chart, Kroger and Meijer are new defendants as of Track 7; Publix is new as of Track 8; and Albertsons is new as of Track 9.

The CMOs for Tracks 7 through 11 were negotiated by all participating parties and, as shown by the "original CMO dates" listed in row 3 of the chart, were all entered at about the same time, over a year ago. Given that the defendants in each case overlapped to a great degree and counsel for all parties also overlapped, the deadlines were made later in each successive CMO, as shown by row 4 of the chart.

In May of 2022, the parties moved for extension of CMO deadlines in Tracks 7 through 11, *see* docket no. 4403. Essentially, the parties asked for extensions of 45 days for Track 7 and 60 days for Tracks 8 through 11. The Court granted this motion and entered new CMOs for each Track, *see* docket nos. 4405-4409. Under the new Track 7 CMO, defendants had 42 days to produce their own expert reports following receipt of plaintiffs' expert reports.

About a month ago, the parties moved for extension of certain CMO deadlines in Track 7 only, *see* docket no. 4603, which the Court granted. The Court extended only deadlines related to

expert discovery and briefing, giving plaintiffs another two weeks to produce expert reports (with a new deadline of August 22, 2022) and defendants another four weeks (with a new deadline of October 17, 2022).  The effect of this change, then, was to give *all* Track 7 defendants more time to conduct expert discovery and produce expert reports than was allowed in the original CMO.  Specifically, all Track 7 defendants currently have 56 days to produce their own expert reports following receipt of plaintiffs' expert reports.[2]

Recently, new Track 7 defendants Kroger and Meijer submitted a request for an additional extension of the same expert deadlines the Court just moved a month ago.  Kroger and Meijer note the Court specifically stated that, as "new defendants," they are allowed to "request reasonable extensions from any fact or expert discovery deadline in this Order."  They assert that, having now received plaintiffs' 10 expert reports, they and their own experts realize they need even more time to digest the reports, depose plaintiffs' experts, and produce responsive expert reports.  Meijer and Kroger ask for an additional 61 days, moving their existing October 17, 2022 deadline to produce expert reports to December 12, 2022.  The two new defendants observe that plaintiffs "produced reports for ten experts totaling thousands of pages, along with tens of thousands of pages of associated materials," and assert they "cannot reasonably prepare to depose these proposed witnesses . . . or serve their [own] expert reports" within the time currently allotted.  Letter from Greg Shinall to Special Master at 1, 2 (Sept. 6, 2022).  Meijer and Kroger also complain they are having trouble locating some of the materials upon which plaintiffs' experts rely, such as document productions made in prior opioid litigation, especially in state court.  Reply Letter from Greg Shinall to Special

---

[2] Plaintiffs produced their expert reports on August 22, 2022; the currently-existing deadline for defendants' expert reports is October 17, 2022.

Master at 2 (Sept. 9, 2022).

Plaintiffs respond that: (1) in Tracks 1 and 3, defendants had 46 and 70 days, respectively, to produce their expert reports after having received plaintiffs' expert reports, so the request by Meijer and Kroger for 112 days in this case is excessive; (2) if anything, Meijer and Kroger should need *less* time than did the defendants in Tracks 1 and 3, because Meijer and Kroger have the benefit of reviewing the experts' reports and depositions from earlier cases (and many opinions are the same); and (3) Meijer and Kroger should be able to access easily all document productions made in prior opioid litigation, by virtue of the MDL Repository and defendant databases.

In addition to receiving emails and letters regarding this issue, the Special Master engaged in two teleconference discussions with the parties. Having weighed the arguments, and having also conferred with the Court, the Special Master concludes it is appropriate to extend the deadlines as requested by Meijer and Kroger. To ensure a fair trial, it is critical that these new defendants receive sufficient time to digest what is clearly a massive amount of complex expert opinion and related material. The additional two months for expert discovery is unlikely to lead to substantial delay of the Track 7 trial, especially given that, after remand of the case from the MDL, the transferor judge may choose to delay trial anyway, pending appeal of the verdict and judgement entered in Track 3.

Accordingly, the Track 7 CMO deadlines are amended as follows, as requested by new defendants:

Plaintiff Expert Depositions – November 21, 2022

Defendant Expert Reports – December 12, 2022

Defendant Expert Depositions – January 23, 2023

Daubert and Dispositive Motions – February 8, 2023

>Daubert and Dispositive Responses – March 9, 2023

>Daubert and Dispositive Replies – March 23, 2023

**New Defendants in Track Eight and Track Nine**

In contrast to Meijer and Kroger, who are new defendants as of Track 7, Publix is a new defendant as of Track 8, and Albertsons is a new defendant as of Track 9. Despite this, plaintiffs assert that *all* defendants named in Tracks 7 through 11 – including Publix and Albertsons – should participate in the Track 7 depositions of plaintiffs' experts. Plaintiffs assert this will "aid in limiting repetitive questioning in subsequent depositions" in Tracks 8 through 11, and will be more a more efficient way to run the MDL. Email from Mike Elsner to Special Master (Sept. 6, 2022).

Plaintiffs' position is not well-taken. Publix and Albertsons cannot be forced to question plaintiffs' experts in Track 7 before having actually received the relevant expert reports in their own case. Even if the expert reports that Publix and Albertsons receive from plaintiffs in Tracks 8 and 9 are *identical* to the Track 7 expert reports, the efficient way to address this circumstance would be to limit the scope of the Track 8 and Track 9 expert depositions, not to force Publix and Albertsons to participate in a case where they are not named parties.

That said, the Special Master directs the parties in Tracks 8 and 9 to meet and confer and come to agreement regarding any changes necessary to the expert discovery schedule and any mechanisms that can be put in place *now* to speed the process. The need for extension of time sought by the Track 7 new defendants arose partly because Meijer and Kroger did not timely receive all of the materials that plaintiffs' experts considered, *see* Fed. R. Civ. P. 26(a)(2)(B)(ii). The parties should address promptly this issue and any others they know might arise, so that new defendants in

5

Track 8 & Track 9 do not need as much of an extension of time.  As it is, the instant extension in Track 7, allowing for 112 days between submission of plaintiff expert reports and defendant expert reports, is very generous. This directive includes an obligation on all new defendants to confer with "historic defendants" Walmart, Walgreens, and CVS on how to obtain access to defendant databases that contain these materials.  Finally, as the new Track 7 deadlines may also affect other deadlines in Tracks 8 through 11, the parties are directed to meet and confer to discuss these as well.

**Expert Deposition Time Limits – Track Seven**

Each of the ten experts who provided reports in Track 7 for plaintiff Montgomery County have all provided similar expert reports in other opioid cases, in both federal and state court.  And they have also been deposed and given trial testimony in these other cases.  For example, Lacey Keller has testified in 5 trials and been deposed 15 times; David Courtwright has testified in 6 trials and been deposed 12 times; and Caleb Alexander has testified in 5 trials and been deposed 11 times.  The Track 7 plaintiffs' expert who has testified so far the *least* is Joseph Rannazzisi, who has appeared as a fact witness in 3 trials and been deposed 4 times, once as an expert for two days.  Thus, it is fair to say all defendants have already received a great deal of information on what opinions these experts will offer in Track 7.

Depositions are normally "limited to 1 day of 7 hours," Fed. R. Civ. P. 30(d)(1), but the Court has discretion to shorten or lengthen that time, *see id.* Committee Notes on Rules—2000 Amendment, and the Court "*must* limit the frequency or extent of discovery" to ensure it is not "unreasonably cumulative or duplicative," Fed. R. Civ. P. 26(b)(2(C) (emphasis added).  The Track 7 CMO directs the parties "to ensure that deposition questioning of any witness who was already deposed in any

MDL or non-MDL opioid litigation will not be repetitive" and "to limit re-deposition of expert witnesses . . . who were already deposed in this MDL. Docket no. 3769 at 7. In this vein, in Track 3 the Court limited the amount of time for deposition of experts who had already been deposed. *See Ruling Regarding Re-Deposition of Witnesses* at 3 (docket no. 3359), *objection overruled*, docket no. 3389.

The Track 7 parties have submitted competitive submissions regarding how much deposition time should be allowed for each of the 10 plaintiff experts. Having reviewed these submissions, and applying the precepts set out in Track 3, the Special Master sets the following time limits. As noted in Track 3, however, "the limitations below may be overridden by agreement of the parties." *Id.* at 2.

| | |
|---|---|
| Alexander – 2.5 hours | Keyes – 2.5 hours |
| Catizone – 4.0 hours | Lembke – 2.5 hours |
| Courtwright – 2.5 hours | McCann – 2.5 hours |
| Cutler – 2.5 hours | Rafalski – 2.5 hours |
| Keller – 2.5 hours | Rannazzisi – 4.0 hours |

**Provision of Materials Considered**

As noted above, the need for extension of time sought by the Track 7 new defendants arose partly because Meijer and Kroger did not timely receive – and still have not received – all of the materials that plaintiffs' experts considered, *see* Fed. R. Civ. P. 26(a)(2)(B)(ii). This is apparently more a problem for new defendants than historic defendants that have access to defense databases, which suggests strongly that new defendants should be required to coordinate with historic

7

defendants. Nonetheless, to speed up production of materials considered by experts in Track 7, the Special Master orders that plaintiffs shall (on a rolling basis) provide defendants with the materials considered by their experts as soon as possible, and defendants shall do the same for plaintiffs when defendants produce their expert reports.

    **RESPECTFULLY SUBMITTED,**

/s/ *David R. Cohen*
**David R. Cohen**
**Special Master**

**Dated:** September 15, 2022