UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-md-2804 |
| *All Cases Naming Sandoz Inc. as Defendant* | ) ) | Judge Dan Aaron Polster |

## STATUS REPORT OF DEFENDANT SANDOZ INC.

Defendant Sandoz Inc. ("Sandoz"), by its undersigned counsel, submits this status report in accordance with the Court's docket Order entered June 23, 2022 requiring the submission of status reports by noon EST on September 21, 2022 in advance of a status conference on September 23, 2022.

As stated in its prior Status Report [D.E. 4531], Sandoz is open to engaging in settlement negotiations with Plaintiffs. Since the June 22, 2022 status conference, Sandoz has held multiple conferences with members of Plaintiffs' Executive Committee ("PEC") to meet and confer about various topics that have included the possibility of settlement. Sandoz believes the involvement of the Court or special master in any settlement discussions is not necessary at this time, and Sandoz should be allowed to continue discussions with the PEC to determine whether a private mediation should be scheduled and, if so, before which mediator. Sandoz cannot say at this preliminary stage of discussions whether a mediator-facilitated negotiation would be beneficial to the viability of a potential settlement.

Since the prior Status Conference on June 22, 2022, counsel for Sandoz has met and conferred with members of the PEC on three occasions regarding various topics, including not only settlement as noted above but also sharing of information and documents reflecting the

1

fentanyl and oxycodone products distributed by Sandoz in the United States, Sandoz' small market share of such products, the appropriate calculation of Morphine Milligram Equivalent ("MME") for fentanyl products, and the lack of marketing activity by Sandoz as a pure generic manufacturer and distributor. Sandoz has agreed to collect and share certain information and documents with the PEC, with sufficient safeguards, in furtherance of settlement discussions and has also requested certain information from the PEC regarding its basis for naming Sandoz in particular cases as well as its method of calculating MMEs for Sandoz' products. The PEC has drafted and provided to Sandoz for review a Memorandum of Understanding to provide appropriate safeguards for information to be provided by Sandoz to the PEC in furtherance of the parties' discussions.

Sandoz additionally notes that, following their first meet and confer with the PEC regarding the issue of how MMEs were specifically calculated by the PEC's experts to establish a market share for fentanyl, members of the PEC indicated they were re-evaluating their calculations and would provide updated information at a later date. This has not yet occurred, and therefore Sandoz is uncertain at this time whether the PEC may revise its calculation, provide updated data reflecting a new proposed market share for Sandoz, or take some other position that will meaningfully impact the potential for settlement in this matter. Sandoz notes that in its discussions with the PEC regarding the information and documents to be shared by Sandoz and the PEC in furtherance of settlement discussions, including not only the materials referenced above but also previously-served Plaintiff Fact Sheets and Defense Fact Sheets, as well as the information requested in the PEC's June 18, 2022 Status Report [D.E. 4545], the parties have agreed that such materials should be shared informally rather than through any sort of formal discovery process, to which Sandoz has not yet been subjected in this MDL proceeding or any other opioids-related litigation to date.

Because the PEC and Sandoz have not yet completed the sharing of any such requested information and documents from each side but continue to collect information and documents in response to requests and to prepare to share such information with reasonable safeguards, Sandoz anticipates it will require additional time in which to share its information and documents, evaluate the materials shared by the PEC, confer with the PEC regarding the shared materials, and determine if any additional information or documents may be needed to meaningfully evaluate the potential for settlement. Sandoz therefore requests that the Court grant an additional 90 days to continue such discussions and information sharing before setting a mediation if necessary.

Dated: September 21, 2022

Respectfully submitted,

*/s/ Sara K. Thompson*
Sara K. Thompson
Lori G. Cohen
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
(678) 553-2385 *Telephone*
(678) 553-2386 *Facsimile*
Email: cohenl@gtlaw.com
Email: thompsons@gtlaw.com

Gregory E. Ostfeld
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
(312) 456-8400 *Telephone*
(312) 456-8444 *Facsimile*
Email: ostfeldg@gtlaw.com

*Attorneys for Defendant*
*Sandoz Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 21, 2022, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

Dated: September 21, 2022

Respectfully submitted,

*/s/ Sara K. Thompson*
Sara K. Thompson
Lori G. Cohen
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
(678) 553-2385 *Telephone*
(678) 553-2386 *Facsimile*
Email: cohenl@gtlaw.com
Email: thompsons@gtlaw.com

Gregory E. Ostfeld
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
(312) 456-8400 *Telephone*
(312) 456-8444 *Facsimile*
Email: ostfeldg@gtlaw.com

*Attorneys for Defendant Sandoz Inc.*