# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:20-op-45281 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

## SETTLING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING MINNESOTA SUBDIVISION AS BARRED BY STATUTE

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1
ARGUMENT ....................................................................................................................... 1
CONCLUSION .................................................................................................................... 4

## INTRODUCTION

Plaintiff Minnetonka School District No. 276's ("MSD 276") interpretation of Minnesota Statute § 3.757 *et seq.* conflates a municipality's decision to "opt-in" to the Minnesota Settlement (for purposes of obtaining opioid settlement funds) with "releasing" claims under the statute. Of course, any plaintiff may release claims against a defendant—and may do so without legislative act. But if the statutory bar only applied to parties that have affirmatively "opted in" to a statewide settlement and released their claims already, then the statutory bar has no real effect. Here, the statutory definition of "released claim" is broad, and directs that *any* claims that have been asserted against the Settling Defendants are released under the settlement entered into by the Attorney General, regardless of whether a municipality has opted in or out. Accordingly, the Court should dismiss MSD 276's claims on the ground that such claims are barred by the Minnesota Statute.

## ARGUMENT

> I. *MSD 276's Decision Not To "Opt In" To The Minnesota Settlement Does Not Affect Whether Its Claims Are "Released Claims" Within The Meaning of Minnesota Statute § 3.757*

It is undisputed that Minnesota Statute § 3.757 broadly bars all "released claims." Opp. 2. MSD 276's Opposition is premised on the notion that its claims are not "released claims" because the Distributor and Janssen Settlement Agreements "only release the claims of *participating* subdivisions." *Id.* at 1 (emphasis in original). This contention, however, is based on an incorrect premise and as a result is incorrect as a matter of law. Because those agreements in fact release *all* opioid-related claims asserted against Settling Defendants by (among others) Litigating Special Districts such as MSD 276, *and* because Minnesota Statute § 3.757 fully incorporates by reference the definition of Released Claims contained in the Distributor and Janssen Settlement Agreements, dismissal is required.

1

Minnesota Statute § 3.757 defines "released claim," as "any cause of action or other claim that has been released in a statewide opioid settlement agreement, *including matters identified as a released claim as that term or a comparable term is defined in a statewide opioid settlement agreement*." Minn. Stat. § 3.757(1)(d)(emphasis added). The Distributor Settlement Agreement defines "Released Claims" to include "*any* Claims that have been asserted against a Settling Distributor by *any* Settling State or Litigating Subdivision." Exhibit 2 at Exhibit A p. 7-8 (emphasis added). The Janssen Settlement Agreement likewise defines "Released Claims" to include "*any* Claims that have been asserted against [the Settling Defendants] by any Settling State or *any* of its Litigating Subdivisions or Litigating Special Districts . . . ." Exhibit 1 at Exhibit A p. 8 (emphasis added). Thus, the manner in which "released claim" is defined under the settlements indicates that Minnesota Statute § 3.757 applies to "*any* Claims," not just those that a particular plaintiff chooses to release. Put differently, there is no statutory requirement that a municipality have "opted in" to be deemed to have a "released claim" for purposes of § 3.757.

Indeed, this Court has dismissed claims brought by other nonparticipating subdivisions, including Special Districts such as school districts bringing substantially similar claims as MSD 276, pursuant to statutes with materially identical definitions of released claims. *See, e.g.,* Doc. No. 4547 (dismissing claims of Non-Participating Subdivisions in New York, including Rochester City School District, pursuant to the New York Hygiene Act § 25.18(d), which defines released claims "as such term is defined in the statewide opioid settlement agreements"); August 9, 2022 Non-document Order (granting Janssen's MTD "because the claims in these cases are barred by statute" (same)). Thus, the plain language of the statute and the Settlement Agreements confirms that dismissal is required. Minn. Stat. § 3.757(b).

2

MSD 276's argument illustrates the peril associated with reading such an "opt in" requirement into the statute. In particular, if a party were required to "opt in" in order to have released claims, then the statute—which was signed into law two months after all other Litigating Subdivisions in Minnesota voluntarily dismissed their claims and "extinguishe[s] by operation of law" "*any claim* in *pending* opioid litigation"—would have no teeth. *Id.* (emphasis added); *see also* Minn. Stat. § 645.17(1) (Minnesota rule prohibiting statutory constructions that lead to an absurd result). Such a result is repugnant to both the purpose of the statewide opioid settlement and is antithetical to the stated purpose in the statute's preamble, namely "barring municipal claims against litigants in certain settled opioid cases." *Id.*

II.     *The Nature Of MSD 276's Claims Is Irrelevant*

MSD 276's attempts to sidestep the plain language of Minnesota Statute § 3.757 with arguments regarding the substance of its claims are equally unavailing. Neither the Agreements nor the statute contains an exception for municipalities with "substantial claims," or for claims for which funds have not been earmarked under the state's abatement plan. Both the Distributor and Janssen Agreements release "[a]ny and all Claims" asserted by litigating subdivisions, such as Plaintiff. And in passing Minnesota Statute § 3.757, the Minnesota legislature has already made a determination regarding the merits of allowing municipalities to continue with "any cause of action or other claim," and concluded that the benefits of the statewide settlement outweigh allowing individual municipalities to continue pursuing claims on their own. And, needless to say, every other municipality in Minnesota that brought an opioid lawsuit seems to see things that way, because MSD 276 is the lone holdout among 35 other litigating municipalities.

3

## CONCLUSION

For the foregoing reasons, Settling Defendants respectfully request that this Court dismiss all claims by Plaintiff against Settling Defendants.

Dated: September 28, 2022

Respectfully submitted,

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
 (202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Mark H. Lynch
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

*/s/ Charles C. Lifland*
Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com

*Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 28, 2022, Settling Defendants' Reply In Support Of Their Motion To Dismiss Claims Filed By Non-Participating Minnesota Subdivision As Barred By Statute was served on all counsel of record via the CM/ECF system.

                                                 /s/ *Robert A. Nicholas*
                                                 Robert A. Nicholas