UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *Case No. 1:20-op-45281* | ) ) **ORDER** ) |

Before the Court is Settling Defendants' motion to dismiss claims filed by Plaintiff Minnetonka School District no. 276. *See* docket no. 4612. Plaintiff filed an opposition brief, *see* docket no. 4629, and Defendants filed a reply, *see* docket no. 4650. In addition, the Court invited the Minnesota Attorney General to respond to the motion, and the Attorney General filed a position statement in support of the Settling Defendants, *see* docket no. 4649.

Having reviewed these submissions, and for the reasons stated below, the Court **GRANTS** the Settling Defendants' motion to dismiss.

**I.       Plaintiff's claims are extinguished by operation of law under Minnesota Statute §3.757.**

Like nearly all States, Minnesota joined the national opioid settlements. To receive the maximum amount of settlement funds, Minnesota was required to achieve 100% participation from all of its governmental subdivisions. Plaintiff was the only subdivision that did not voluntarily sign on to the settlements. In response, the Minnesota legislature passed Minn. Stat. §3757(2)(b); the statute, which was apparently directed specifically at Plaintiff, states that "any claim in pending

opioid litigation filed by a municipality against a settling defendant that is within the scope of a released claim is extinguished by operation of law."

Plaintiff does not assert that the definitions contained in §3757(2)(b), quoted above, do not apply to it. Specifically, Plaintiff does not dispute that it is a "municipality," that its claims are in "pending opioid litigation," or that its claims are against a "settling defendant." Plaintiff's sole argument is that its claims are not "released claims," because it has not ***voluntarily*** released its own claims.

Plaintiff's argument, however, contradicts the plain language of the statute. Minn. Stat. § 3.757(1)(d), defines a "released claim" as "any cause of action or other claim that has been released in a statewide opioid settlement agreement." A "statewide opioid settlement agreement" is further defined as "an agreement … between the attorney general, on behalf of the state, and a settling defendant, to provide or allocate remuneration for conduct related to the marketing, sale, or distribution of opioids in this state." *Id*. §3.757(1)(f). This language makes clear that the definition of "released claim" is determined by the Minnesota Attorney General in a statewide agreement with Settling Defendants, not by whether an individual municipal plaintiff released its own claims.

Indeed, Plaintiff's reading would render the statute a nullity. If a Plaintiff had to release its own claims for them to be dismissed, even after the Attorney General already released them under the statute, then the statutory bar would be nugatory. The language in §3.757 only has force when applied to claims which a municipality has NOT released, as is the case here. The Minnesota Attorney General released Plaintiff's claims as part of a statewide settlement, so those claims are

extinguished as a matter of law under Minn. Stat. §3.757. Plaintiff does not retain any veto power to pursue its claims if it has not also voluntarily dismissed them.

Notably, even though Plaintiff's claims have been extinguished, that does not leave Plaintiff without recourse. As part of the statewide opioid agreement, every Minnesota county and city with a population greater than 30,000 is eligible for a direct share of settlement funds. School districts such as Plaintiff are eligible to receive from the municipalities in which they are located grants for payment of costs of school-based opioid remediation programs, including the cost of special education for children with Neonatal Abstinence Syndrome (NAS). Although Plaintiff may prefer to receive a direct share of settlement funds instead of seeking a grant, there is no reason for this Court to second guess the disbursement of funds under the Minnesota statewide settlement.

ACCORDINGLY, Settling Distributors' motion to dismiss is **GRANTED**.

    **IT IS SO ORDERED.**

    /s/ *Dan Aaron Polster  September 29, 2022*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**