UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| THIS DOCUMENT RELATES TO: "Track 3" | ) ) ) | |
| | ) ) | **ORDER OF APPOINTMENT OF ADMINISTRATOR** |

On August 17, 2022, the Court entered an Order awarding abatement and other injunctive relief in favor of Ohio plaintiffs Lake County and Trumbull County and against defendants CVS, Walmart, and Walgreens. *See Abatement Order* and *Injunction Order* (docket nos. 4611 & 4611-1). The *Abatement Order* and *Injunction Order* each explained that the Court would later appoint an Administrator to: (1) "oversee the abatement funds collected from Defendants, and the payment of allowable abatement expenses therefrom," *Abatement Order* at 69-70;[1] and (2) "oversee compliance" with the injunctive relief requirements the Court imposed upon defendants, *Injunction Order* at 1. The Court directed the parties "to meet and confer and submit suggestions for whom the Court should appoint as Administrator." *Judgment Order* at 3 (docket no. 4614); *see also Abatement Order* at 70 ("Appointment [of the Administrator] will be made after the Court receives

---

[1] *In re Nat'l Prescription Opiate Litig.*, 2022 WL 3443614, at *35 (N.D. Ohio Aug. 17, 2022), *judgment entered*, 2022 WL 4099669 (N.D. Ohio Aug. 22, 2022).

recommendations from the parties, but the Administrator will be chosen by the Court.").

Having now received the parties' suggestions, and pursuant to Fed. R. Civ. P. 53(a)(1)(A&C) and the Court's inherent and equitable authorities, the Court hereby **APPOINTS** Special Master David R. Cohen as Administrator and Michael J. Borden as Assistant Administrator. Both Special Master Cohen and Mr. Borden are well-known to the Court and the parties, having worked on this MDL since its inception, and have a deep familiarity with all of the relevant issues.[2] Further, they together have the capacity to serve for the entire necessary period of 15 years. *See Judgment Order* at 2 (ordering defendants to make payments into an Abatement Fund "annually over the next 15 years"); *Injunction Order* at 3 (setting the term of injunctive relief for 15 years). As Administrator, Special Master Cohen has the authority to hire assistants and engage any legal, financial, accounting, investment, auditing, forecasting, and other advisors, consultants, independent contractors, and agents he deems necessary or appropriate.

I.  **Duties.**

The Administrator[3] shall undertake the duties set out in Section VII of the *Abatement Order*, and shall also oversee compliance with all aspects of the *Injunction Order*. The Administrator shall also have the authority to: (1) meet separately and together with various groups to facilitate communications between and amongst (a) the parties, (b) any relevant outside entities, and (c) the

---

[2] The Court appointed Special Master Cohen shortly after the MDL was transferred to the undersigned, *see* docket no. 69, and the Special Master hired Mr. Borden as his assistant (with Court approval) soon thereafter, *see* docket no. 581.

[3] As used here and below, "the Administrator" includes Special Master Cohen, Mr. Borden, and any of their staff or consultants. The Administrator shall endeavor to limit expenses to those that are reasonable and necessary.

Court; (2) assist the Court with mediating resolution of any part of any dispute related to the *Abatement Order* or *Injunction Order* or any other Court order; (3) provide analysis of the parties' submissions to the Court, if necessary; (4) ensure coordination with any related litigation or governmental action; (5) assist with preparation for attorney conferences (including formulating agendas), court scheduling, and ongoing case management; (6) interpret any related agreements reached by the parties; and (7) direct, supervise, monitor, and report upon implementation and compliance with the Court's Orders. The Court may direct the Administrator to undertake additional duties as the case progresses.

Notably, the defendants filed a motion "to stay execution of the ***monetary portion*** of [the Court's] judgment pending appeal," docket no. 4618 (emphasis added); defendants did not move to stay the Court's *Injunction Order*, and plaintiffs stated they would "oppose any attempt to stay execution of the portion of the judgment dealing with injunctive relief pending appeal," docket no. 4624 at 1 n.1. The parties then "stipulate[d] to a bond in the amount of $141,004,561 to stay execution of the ***monetary portion*** of the judgment pending appeal," docket no. 4628 at 1 (emphasis added). The defendants have filed notices of appeal and posted a supersedeas bond, *see* docket nos. 4619-21 & 4633. Thus, the Administrator's duties regarding oversight of the funds payable by defendants under the *Abatement Order* are on hold, but his duties regarding oversight of the conduct required by defendants under the *Injunction Order* remain operative and are not postponed. The Administrator is directed to proceed accordingly.

**B.     Communications with the Parties and the Court**.

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the

[Administrator] may communicate ex parte with the court or a party." The Administrator may communicate *ex parte* with the Court at his discretion, without providing notice to the parties, regarding logistics, the nature of his activities, and other appropriate procedural matters. The Administrator may communicate *ex parte* with any party or its attorney, as he deems appropriate, for the purposes of ensuring the efficient administration and management and oversight of his duties, including for the purpose of mediating or negotiating a resolution of part or all of any dispute related to his duties. The Administrator shall not communicate to the Court any substantive matter he learned during an *ex parte* communication with a party upon which the Court may later have to rule.

### C. Administrator's Record.

Rule 53(b)(2)(c) states that the Court must define "the nature of the materials to be preserved and filed as a record of the [Administrator's] activities." The Administrator shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of the activities and matters worked upon. If the Court asks the Administrator to submit a formal report or recommendation regarding any matter, the Administrator shall submit such report or recommendation in writing, for filing on the case docket. The Administrator need not preserve for the record any documents created by the Administrator that are docketed in this or any other court, nor any documents received by the Administrator from counsel or parties in this case.

### D. Review of the Administrator's Rulings.

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the [Administrator'] orders, findings, and

4

recommendations." The Administrator shall either: (1) reduce any formal order, finding, report, ruling, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF"); or (2) issue any formal order, finding, report, ruling, or recommendation on the record before a court reporter. Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Administrator within 21 calendar days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Administrator's orders, findings, reports, rulings, or recommendations.[4] Absent timely objection, the orders, findings, reports, rulings, and recommendations of the Administrator shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

If the Administrator issues an informal ruling or order that is not on the record (such as resolution of a dispute regarding the meaning of a term in the *Injunction Order*) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Administrator to formalize the ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of issuance of the informal order or ruling, else the opportunity to object shall be waived. The procedures and deadlines outlined in this section shall then apply.

As provided in Rule 53(f)(4, 5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Administrator; and the Court shall set aside a ruling by the

---

[4] Rule 53(f)(2) provides that parties may file objections "no later than 21 days after a copy of the [Administrator's order, report, or recommendations] is served, unless the court sets a different time." Motions for extensions of time to file objections will not normally be granted unless good cause is shown. The Administrator may, however, provide in an order, finding, report, or recommendation that the period for filing objections to that particular document is some period shorter or longer than 21 calendar days, if a different period appears warranted.

Administrator on a procedural matter only for an abuse of discretion.  The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above.  To the extent the Administrator enters an order, finding, report, ruling, or recommendation regarding an issue of fact, the Court shall review such issue de novo, if any party timely objects pursuant to the Rules and within the 21 calendar day time period set forth herein; *see* Rule 53(f)(3).  Failure to meet this deadline results in permanent waiver of any objection to the Administrator's findings of fact.

    **E.**    **Compensation**.

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the [Administrator's] compensation;" *see also* Rule 53(g) (addressing compensation).  The Administrator and Assistant Administrator shall each be compensated at their current rates, with defendants bearing 100% of the cost.  The Administrator and Assistant Administrator and their consultants and staff  shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue.  The Court has "consider[ ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay."  Rule 53(a)(3).

    **F.**    **Other Matters**.

    **1.**    **Affidavit**.

Rule 53(b)(3)(A) notes that the Court may enter an Order of appointment "only after the

[Administrator] files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455." *See also* Rule 53(a)(2) (discussing grounds for disqualification). The Administrator has already done so, *see* docket no. 69-2. Mr. Borden's appointment as Assistant Administrator will be effective on the date on which he files with the Court an affidavit disclosing there is no ground for his disqualification under 28 U.S.C. §455 or, if a ground for disqualification is disclosed, that the Parties have consented subject to the Court's approval to waive the disqualification.

2.   **Cooperation**.

The parties and their counsel, including their successors in office, agents, and employees, shall provide full cooperation to the Administrator and observe faithfully the requirements of any orders of the Court and rulings by the Administrator. The Parties shall timely comply with rulings of the Administrator issued pursuant to this Order. Pursuant to Rule 53(c)(2), the Administrator may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Administrator (and those working at his direction) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.[5]

3.   **Access to Information**.

The parties will make readily available to the Administrator any and all individuals,

---

[5] *See, e.g., Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a Special Master).

information, documents, materials, programs, files, databases, services, facilities, and premises under their control that the Administrator requires to perform his duties.  The parties will make readily available to the Administrator any and all facilities, files, databases, computer programs, and documents necessary to fulfill the Administrator's functions under this Order.

The Administrator may require reports from any party in a format specified by the Administrator, as reasonably required to enable the Administrator to perform all assigned duties.

**IT IS SO ORDERED.**

                                               */s/ Dan Aaron Polster*
                                               **DAN AARON POLSTER**
                                               **UNITED STATES DISTRICT JUDGE**

**Dated:** September 30, 2022