UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Montgomery County Board of County
Commissioners, *et al.*,

        Plaintiff,

v.

Cardinal Health, Inc., *et al.*,

        Defendants.

Case No. 18-op-46326

Judge Dan Aaron Polster

**Memorandum of Law in Support of the Track 7 Defendants' Motion to Stay**
**All Track 7 Proceedings Pending the Sixth Circuit's Resolution of the Track 3 Appeals**

    The Track 7 Defendants[1] move to stay all Track 7 proceedings pending the Sixth Circuit's resolution of the Track 3 appeals.[2] In support, they state as follows:

## Introduction

    Track 3 and Track 7 are among eleven bellwether cases in this opioids MDL. Whereas the other active bellwethers were filed in different states under different laws, Track 3 and Track 7 are, in many respects, the same: both involve suits by Ohio counties, under Ohio's public-nuisance law, against many of the same pharmacy defendants. Because of the overlap in geography, state-

---

[1]    The Track 7 Defendants are Meijer, Inc.; Meijer Distribution, Inc.; Meijer Stores Limited Partnership (collectively, "Meijer"); The Kroger Co.; Kroger Limited Partnership I; Kroger Limited Partnership II (collectively, "Kroger"); Walgreen Co.; Walgreens Boots Alliance, Inc. (collectively, "Walgreens"); CVS Indiana L.L.C.; CVS Rx Services, Inc.; CVS TN Distribution, LLC; CVS Pharmacy, Inc.; Ohio CVS Stores, LLC; Oakwood CVS, Inc. (collectively, "CVS"); and Walmart Inc. ("Walmart").

[2]    The Track 3 appeals refer to Case Nos. 22-3750, 22-3751, and 22-3753, which were timely filed by entities for Walgreens, CVS, and Walmart, respectively, and which are currently pending before the Sixth Circuit. The Sixth Circuit has since set a briefing schedule for all three cases. (*See* Case No. 22-3750, ECF No. 15; Case No. 22-3751, ECF No. 14; Case No. 22-3753, ECF No. 16 (attached as <u>Group Ex. A</u>).)

law claims, and parties, Track 3 and Track 7 also involve (or likely will involve) nearly identical legal issues, overlapping evidence, and common rulings by this Court.

Track 3 was the first bellwether to go to trial and proceed to verdict. A jury found the Track 3 pharmacy defendants liable for contributing to a public nuisance in two Ohio counties, and this Court has since entered an order awarding abatement and other injunctive relief. Recognizing that the "interests of efficient case management weigh heavily in favor of allowing an immediate appeal," and that the Track 3 plaintiffs' "public nuisance theory is relatively novel and has been advanced by thousands of other plaintiffs in the MDL," this Court entered a final judgment order under Federal Rule of Civil Procedure 54(b) so that the Track 3 pharmacy defendants could "obtain[], as soon as possible, appellate review of the Court's rulings leading up to and including the *Abatement Order* and *Injunction Order*." (MDL ECF No. 4614, at 2 (italics in original).)

The Track 3 pharmacy defendants have since filed notices of appeal, in which they state they are appealing from "the final judgment entered on August 22, 2022 (Dkt. 4614), as well as all orders leading to that judgment." (MDL ECF Nos. 4619, at 1; 4620, at 1; 4621, at 1.) As such, the Sixth Circuit will soon review this Court's rulings on a range of issues. Among them will be the Ohio-specific and potentially dispositive issue of whether the Ohio Product Liability Act ("OPLA") bars Ohio public-nuisance claims that are based on the distribution or dispensing of prescription opioids. (*See* Case No. 22-3750, ECF No. 16 (Civil Appeal Statement of Parties and Issues, for Walgreens); Case No. 22-3751, ECF No. 11 (same, for CVS); Case No. 22-3753, ECF No. 15 (same, for Walmart) (attached as <u>Group Ex. B</u>).) Beyond OPLA, other questions also will be presented to the Sixth Circuit as part of the Track 3 appeals. (*Id.*)

As the only other active bellwether involving the *identical* state-law claim as Track 3, Track 7 stands to be uniquely impacted by the Sixth Circuit's decision in the Track 3 appeals—and significantly so. The Sixth Circuit's resolution of the OPLA question, for instance, could fully dispose of the public-nuisance claim that is the crux of Track 7. Regardless of the outcome, the Sixth Circuit's decision will be highly instructive for any future proceedings in Track 7, which involves many of the same legal and factual issues and many of the same defendants. It would be far more efficient and economical—for this Court, the transferor court, and the Track 7 parties—to await the Sixth Circuit's forthcoming decision before proceeding further with Track 7. A temporary stay of Track 7 would not prejudice Plaintiff because no trial has been set, and, as Special Master Cohen recently observed, "after remand of [Track 7] from the MDL, the transferor judge ***may choose to delay trial anyway***, pending appeal of the verdict and judgement entered in Track 3." (MDL ECF No. 4631, at 4 (emphasis added).) A stay also would not hinder the progression of this MDL, because multiple other cases—both bellwether and remanded cases alike (which, unlike Track 7, are not governed by Ohio law)—would not be affected. For these reasons and those discussed below, all Track 7 proceedings should be stayed pending resolution of the Track 3 appeals.

## **Standard of Review**

It is well established that a district court may stay proceedings whenever the circumstances so warrant. *Kirsch Research & Dev., LLC v. Sys. Components Corp.*, No. 1:20-CV-901, 2020 WL 4582691, at *2 (N.D. Ohio Aug. 10, 2020) (Polster, J.) (granting stay). "Staying proceedings is an inherent power that a court can use to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants.'" *Cybergenetics Corp. v. Institute of Env. Science & Research*, No. 5:19-CV-1197, 2020 WL 564217, at *2 (N.D. Ohio Jan.

27, 2020) (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)). Included within that power is the discretion to stay one case pending a decision in another. *Landis v. N. Am. Co.*, 299 U.S. 248, 249 (1936).

In determining whether to grant a stay, a district court may consider several factors, including: (1) "the extent to which judicial economy and efficiency would be served by the entry of a stay"; (2) "prejudice to the moving party if a stay is not granted"; and (3) "prejudice to the non-moving party if a stay is granted." *Kirsch*, 2020 WL 4582691 at *2 (internal quotations omitted). A stay is particularly appropriate where, as here, it would "avoid piecemeal, duplicative litigation and potentially conflicting results." *Id.* (internal quotations omitted).

## Argument

This Court should stay the Track 7 proceedings pending the Sixth Circuit's resolution of the Track 3 appeals because doing so would promote judicial economy and best serve the interests of this Court, the transferor court, and the Track 7 Defendants. Further, a temporary stay of Track 7 would not prejudice Plaintiff or this MDL, which already has multiple cases proceeding towards trial. Thus, a stay should be entered.

I.    **A Stay Would Promote Judicial Economy Because the Sixth Circuit's Resolution of the Track 3 Appeals May Dispose of the Ohio Public-Nuisance Claim in Track 7 and Will, at Minimum, Provide Substantial Guidance for Future Track 7 Proceedings.**

In considering whether to grant a stay, district courts place great weight on whether a stay would promote judicial economy and efficiency. *See, e.g.*, *Kirsch*, 2020 WL 4582691 at *2. Efficiency strongly favors a stay when a decision in another action could dispose of the underlying case or, alternatively, narrow the issues to be litigated. *See, e.g.*, *Michael*, 325 F. Supp. 2d at 831 (citing *Landis*, 299 U.S. at 254-55); *Unroe v. Vilsack*, No. 2:11-CV-592, 2012 WL 3527219, at *1-2 (S.D. Ohio Aug. 14, 2012).

4

District courts routinely grant stays in such circumstances. *See, e.g.*, *Michael*, 325 F. Supp. 2d at 831-32 (granting stay because, in part, "the judicial economy to be saved by waiting on a [potentially] dispositive decision" weighs "quite heavily in favor of a stay"); *Unroe*, 2012 WL 3527219 at *1-2 (granting stay where a same-circuit appeal of another matter was likely to resolve a common legal question that could dispose of the underlying case or, alternatively, contain valuable guidance); *City of Youngstown v. Corrections Corp. of Am.*, No. 4:12-CV-2723, 2013 WL 1303832, at *2 (N.D. Ohio March 28, 2013) (granting stay where related appeal "is potentially dispositive of the instant case. Even if not dispositive, it will significantly [a]ffect the posture of the litigants before the Court."); *Hudson v. Alcoa Inc.*, No. 1:08-CV-2635, 2010 WL 425105, at *1 (N.D. Ohio Jan. 26, 2010) (granting stay because "judicial economy will be served by waiting on the forthcoming *Kiminski* decision," which "will have a dispositive effect on this litigation"); *In re Zimmer M/L Taper Hip Prosthesis*, MDL No. 2859, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021) ("Courts regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case."); *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 527 (S.D.N.Y. 2020) (granting stay where "[e]ven a decision from the Supreme Court that would not be dispositive of issues in this case could contain guidance that would allow this litigation to proceed on a reasonable and efficient basis."); *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (entering stay where "[t]he final outcome of [the appeal in a related case] will likely streamline issues for dispositive motions and bellwether trials in this case."); *Fried v. Lehman Bros. Real Est. Assocs. III, L.P.*, No. 11 Civ. 4141, 2012 WL 252139, at *5 (S.D.N.Y. Jan. 25, 2012) ("There is significant overlap between this lawsuit and the lawsuit on appeal, both legally and factually, which is a solid ground upon which to issue a stay.").

For instance, in *Michael v. Ghee*, the district court granted the defendants' motion to stay proceedings pending a Supreme Court decision in a separate action in which the viability of a key defense (the *Heck* defense) was under review. 325 F. Supp. 2d 829, 831-33 (N.D. Ohio 2004). In the middle of summary-judgment briefing, and over the plaintiffs' objection, the *Michael* court held that a stay was warranted because the Supreme Court's decision could potentially dispose of the underlying litigation and would, at a minimum, clarify the issues going forward. *Id*. at 831-32. If the Supreme Court answered the *Heck*-defense question one way, "then plaintiffs' claims will be subject to dismissal in their entirety," and if the Supreme Court answered the other way, then that would provide the district court and parties "finality and certainty as to whether there is even a legal basis for these claims prior to any adjudication of the claims on their merits." *Id*. at 832.

In granting the stay, the *Michael* court found that the size and complexity of the underlying case (a civil class action) favored a stay because it amplified the efficiency to be saved:

> This case is massive and complex, as evidenced by the several hundreds of pages of briefs filed in support of or opposition to the defendants' motion for summary judgment. The Supreme Court's answer to the question of law before it could negate the need for this Court to delve into the vast majority of the legal issues presented in those filings. It makes little sense to undertake the herculean task of plodding through the motions when one decision by the Supreme Court could invalidate the entire case.

*Id*. at 832-33. The court held that any risk of prejudice to the plaintiffs did not outweigh the significant economies to be gained by entry of a stay. *Id*. at 833.

Similarly, in *Unroe v. Vilsack*, the district court found that judicial economy warranted a stay where threshold questions of law were being reviewed in a same-circuit appeal in another action. 2012 WL 3527219, at *1-2 (S.D. Ohio Aug. 14, 2012). When the *Unroe* defendants moved to dismiss the case for lack of subject-matter jurisdiction, lack of standing, and failure to state a claim, the plaintiff moved for a stay pending the Sixth Circuit's resolution of "virtually identical

questions of law" in a separate action, *i.e.*, *Sheldon v. Vilsack*. *Id*. In finding that a stay of proceedings was "warranted as a matter of judicial economy," the *Unroe* court reasoned:

> In its forthcoming ruling in *Sheldon*, the Sixth Circuit is virtually certain to decide legal questions that determine, or at least significantly inform, the outcome of this case. … A stay will avoid imposing unnecessary costs and burdens on the Court and the parties through duplicative litigation within the same circuit. Given the identity of the issues in the two cases, it would be inefficient for the parties to prepare, and for this Court to review, potentially lengthy briefs and for this Court to rule on the underlying issues in this case, only to have to revisit the parties' arguments in light of the Sixth Circuit's ruling in *Sheldon*[.]

*Id*. at *2. The fact that the defendants in *Unroe* were the same defendants as in *Sheldon* further buttressed the district court's determination that a stay was appropriate. *Id*. The *Unroe* court thus stayed all proceedings pending resolution of the same-circuit appeal over "virtually identical questions of law." *Id*.

Here, too, the interests of judicial economy weigh strongly in favor of a stay because the Sixth Circuit's resolution of the Track 3 appeals could fully dispense with the Ohio public-nuisance claim asserted in Track 7. The Track 3 pharmacy defendants expect to present several questions on appeal. Among them will be whether OPLA abrogates Ohio public-nuisance claims that are based on the distribution or dispensing of prescription opioids. (Group Ex. B, at ¶ 1.) This is an Ohio-specific issue that was initially raised in this MDL by the defendants in Track 1, which (like Track 3 and Track 7) also involved Ohio public-nuisance claims.[3] Since then, the pharmacy defendants in both Track 3 and Track 7 have similarly argued that OPLA abrogates the Ohio public-nuisance claims asserted against them.[4]

---

[3]     Then-Magistrate Judge Ruiz recommended that the absolute public-nuisance claims be dismissed against the Track 1 defendants on the grounds of OPLA abrogation, but this Court declined to adopt that recommendation. (MDL ECF Nos. 1025, at 60-66; 1203, at 22-28.)

[4]     The Track 3 pharmacy defendants raised OPLA at various points in Track 3, and the Track 7 Defendants incorporated the Track 3 pharmacy defendants' OPLA arguments into their

If the Sixth Circuit agrees with this interpretation of OPLA, then the Ohio public-nuisance claims that are the crux of both Track 3 and Track 7 will fail as a matter of law. It would be a waste of this Court's (as well as the transferor court's and Track 7 parties') time and resources to proceed with the costly and complex Track 7 litigation—which recently began expert discovery and, if not stayed, will almost certainly enter the *Daubert* and dispositive-motion phases during the pendency of the Track 3 appeals[5]—only for a decision by the Sixth Circuit to invalidate the public-nuisance claim on which all of it was premised. *See, e.g.*, *Youngstown*, 2013 WL 1303832 at *2 ("If the stay is not granted, the Court will expend considerable resources resolving a summary judgment motion … all efforts to reach either end will have been futile but costly, if the Ohio Appellate Court agrees with [the defendant]."); *In re Zimmer*, 2021 WL 5963392 at *5 ("It makes little sense, then, to expend the parties' and the Court's resources re-hashing [a common] issue in three more bellwethers when the pending Second Circuit's opinion [in the first bellwether] could moot that issue."); *Michael*, 325 F. Supp. 2d at 832 (same); *Unroe*, 2012 WL 3527219 at * 2 (same). A stay, by contrast, would allow this Court (and Track 7 parties) to avoid the risks of unnecessary and duplicative litigation, while preserving resources for numerous other matters in this MDL.

---

Track 7 motions to dismiss. (*See, e.g.*, MDL ECF Nos. 3340; 3340-1; 4098; 4202; 4205; Track 7 (18-op-46326) ECF Nos. 44-1; 60-1.)

[5]     Plaintiff has provided the reports of its 10 experts. Under the Track 7 schedule (as modified by Special Master Cohen), depositions of Plaintiff's experts are to conclude by November 21, 2022; the Track 7 Defendants must provide their experts' reports by December 12, 2022; depositions of the Track 7 Defendants' experts are to conclude by January 23, 2023; and *Daubert* and dispositive motions are due on February 8, 2023 with related briefing to conclude by March 23, 2023. (MDL ECF No. 4631, at 4-5.) If the Track 3 appeals follow the Sixth Circuit's average (*i.e.*, approximately eight months), an appellate decision would not issue until after these phases in Track 7 were completed. *See* Paulson, Colter. *The Pandemic Didn't Slow Down the Sixth Circuit*, News and Analysis (June 23, 2021) (available at https://www.sixthcircuitappellateblog.com/news-and-analysis/the-pandemic-didnt-slow-down-the-sixth-circuit/) (accessed on October 5, 2022).

Even if the Sixth Circuit's decision does not fully dispose of Ohio public-nuisance claims, it will, at minimum, provide substantial guidance for any future proceedings in Track 7. Beyond OPLA, a number of other appellate issues may be part of the Track 3 appeals. In their recent filings with the Sixth Circuit, the Track 3 pharmacy defendants state that, without waiving the right to assert additional issues, they expect to raise some or all of the following on appeal:

- "Whether Appellants are entitled to judgment as a matter of law or a new trial on Appellees' claim that Appellants created a public nuisance through unlawful conduct, because Appellees failed to present legally sufficient evidence that Appellants violated the federal Controlled Substances Act or any other applicable provision of law or because of instructional error on this issue."

- "Whether Appellants are entitled to judgment as a matter of law on Appellees' claim that Appellants created a public nuisance through intentional conduct, because that claim is impliedly preempted by the comprehensive federal regulatory scheme that applies to the dispensing of prescription medications."

- "Whether Appellees' failure to demonstrate either factual or proximate causation requires reversal."

- "Whether the District Court's abatement order must be vacated, including because it exceeds the proper scope of abatement relief."

- "Whether the judgment below violates principles of fair notice and procedural due process."

- "Whether Appellants were erroneously held jointly and severally liable for the full amount of the monetary judgment imposed by the District Court."

(Group Ex. B, at ¶¶ 2-4, 6-8.)

Because Track 7 involves the same state-law claim (Ohio public nuisance) against many of the same pharmacy defendants (Walgreens, CVS, and Walmart) as Track 3, the two cases involve (or likely will involve) many of the same legal questions, overlapping fact and expert

discovery,[6] and common arguments.[7] A Sixth Circuit decision in Track 3 will provide important guidance as to the legal questions remaining to be litigated in Track 7 and could dramatically alter the nature and scope of evidence presented by both sides. Proceeding with Track 7 in the absence of the Sixth Circuit's guidance would risk inconsistent rulings that would need to be corrected and potentially relitigated in light of the Sixth Circuit's decision. This is precisely the risk that a stay of proceedings is designed to avoid. *See, e.g.*, *Kirsch*, 2020 WL 4582691 at *2 (a stay should be entered pending resolution of a different matter if it would "avoid piecemeal, duplicative litigation and potentially conflicting results"); *Unroe*, 2012 WL 3527219 at *2 (staying case pending same-circuit appeal because it would "avoid imposing unnecessary costs and burdens on the Court and the parties through duplicative litigation within the same circuit."); *Greco*, 116 F. Supp. 3d at 761 ("Should the Fifth Circuit reverse any of this Court's significant rulings [from an earlier case in same mass action], it would potentially necessitate a retrial of any bellwether trials conducted during the pendency of the [] appeal. … The risk of duplicative litigation is too great for this Court to ignore.").

In sum, judicial economy and efficiency are maximized by entry of a stay—*before* the Track 7 parties prepare what are likely to be hundreds of pages of *Daubert* and summary-judgment briefs, and *before* this Court undertakes the "herculean task" of sorting through legal and factual arguments that may be mooted and would, at minimum, need to be revisited following the Sixth

---

[6]    That Track 3 and Track 7 involve overlapping fact and expert discovery is beyond dispute. The Court selected the instant Track 7 action to proceed as a bellwether *because* the "dispensing data and other Ohio-specific discovery had already been produced." (MDL ECF No. 3791, at 1.) And of the 10 expert witnesses that Plaintiff has disclosed in Track 7, eight also were designated as expert witnesses in Track 3.

[7]    The Track 7 Defendants have expressly incorporated Track 3 submissions concerning common issues into their own Track 7 filings. (*See, e.g.,* Track 7 (18-op-46326) ECF Nos. 44-1; 60-1; *see also* MDL ECF No. 3961.)

Circuit's decision. *See Michael*, 325 F. Supp. 2d at 832-33. Because the outcome of the Track 3 appeals is likely to significantly affect the scope and issues in Track 7, a stay is warranted.

II.     **A Stay Would Further Promote the Interests of the Track 7 Parties and Would Not Unduly Prejudice Plaintiff.**

The interests of the Track 7 parties further counsel in favor of a stay. *See Kirsch*, 2020 WL 4582691 at *2 (among the factors to be considered is prejudice to the moving party if a stay is not granted and prejudice to the non-moving party if a stay is granted). The Track 7 Defendants would be prejudiced if a stay were not entered because, as discussed *supra*, it would be extremely costly and burdensome for them to wade through what Special Master Cohen recently described as "clearly a massive amount of complex expert opinion and related material" from Plaintiff's ten disclosed experts; to provide equally massive and complex expert reports of their own; to have to take and defend all associated expert depositions; and to undertake *Daubert* and dispositive-motion practice that may be unnecessary and will, at minimum, need to be revisited following the Sixth Circuit's decision. (MDL ECF No. 4631, at 4, 6.) *See, e.g.*, *Loftus*, 464 F. Supp. 3d at 527 (the prejudice to a defendant in proceeding with litigation that ultimately proves to have been unnecessary is particularly grave where the underlying case is large and complex).

The same holds true for Plaintiff, as a stay would likewise spare Plaintiff from the costs, burdens, and risks associated with duplicative and potentially unnecessary litigation. *See, e.g.*, *Michael*, 324 F. Supp. 2d at 833 (in granting defendants' request for a stay, finding that a stay would benefit plaintiffs by potentially sparing them of needless litigation: "[plaintiffs'] effort would … be wasted and unnecessary, if the defendants' view prevails in the Supreme Court. Any interim victory plaintiffs might have reached here in the meantime would have been temporary and meaningless."); *Youngstown*, 2013 WL 1303832 at *2 (same); *Fried* 2012 WL 252139 at *5 ("Because the outcome of the *Fried I* appeal may affect the progress and disposition of this lawsuit,

a stay will preserve the litigation resources of both Plaintiffs and Defendants."). And because Plaintiff is a public entity, whatever is most judicially efficient and economical (*i.e.*, a stay) is also in Plaintiff's interest. *See, e.g.*, *In re Zimmer*, 2021 WL 5963392 at *5 ("The public, too, has an interest in judicial economy—one that weighs against the investment of court resources that may prove to have been unnecessary.") (internal quotations and brackets omitted); *McCracken v. Verisma Sys., Inc*., No. 6:14-CV-06248, 2018 WL 4233703, at *4 (W.D.N.Y. Sept. 6, 2018) (a stay is in the public's interest when judicial resources are already being devoted in another matter to determining legal questions at issue in the underlying case); *Loftus*, 464 F. Supp. 3d at 527 (same).

Further, Plaintiff would be hard pressed to identify any specific prejudice by entry of a stay. Fact discovery in Track 7 has closed, so it is unlikely that any evidence will go stale, and Plaintiff would not incur additional litigation costs while awaiting the Sixth Circuit's decision. *See, e.g.*, *In re Zimmer*, 2021 WL 5963392 at *5 ("Zimmer has not identified any specific prejudice if these bellwether cases against it are stayed—it does not claim evidence will go stale pending the appeal, or that any party would incur additional costs while waiting for the Second Circuit to make its decision."); *McCracken*, 2018 WL 4233703 at *3 (finding a stay would not prejudice plaintiffs where "the parties have exchanged all relevant discovery and numerous party depositions have been conducted … Thus, all necessary evidence is preserved and will not be diluted during the stay."); *Loftus*, 464 F. Supp. 3d at 527 (in granting a stay, rejecting plaintiff's claim of prejudice where measures were instituted to preserve evidence not yet subject to discovery).

The only prejudice Plaintiff could reasonably claim is delay, but delay is inherent in all stays and not itself a basis to defeat the instant motion. *In re Zimmer*, 2021 WL 5963392 at *5; *McCracken*, 2018 WL 4233703 at *3. And any claim of delay-based prejudice would ring

12

particularly hollow here, where the Sixth Circuit already has set a briefing schedule for the Track 3 appeals (*see* Group Ex. A), and no trial has been set in Track 7, in any event. Moreover, and as Special Master Cohen recently observed, "after remand of [Track 7] from the MDL, the transferor judge *may choose to delay trial anyway*, pending appeal of the verdict and judgement entered in Track 3." (MDL ECF No. 4631, at 4 (emphasis added).) Plaintiff has no greater interest in or entitlement to a trial date than any of the thousands of other plaintiffs in this MDL with stayed cases, and but for Track 7 being selected as a bellwether, this action would have remained stayed.

**III.  A Stay of Track 7 Would Not Hinder this MDL and Would, Instead, Promote the Bellwether Process by Allowing Track 3 to Fulfill Its Function as a Bellwether.**

Entry of a stay in Track 7 is appropriate for the additional reason that it would not negatively impact this MDL and would, instead, allow Track 3 to fulfill its purpose as a bellwether. A core function of MDLs is to "promote the just and efficient resolution of a large number of cases." *In re Zimmer*, 2021 WL 5963392 at *1 (internal quotations omitted). The bellwether process furthers that larger objective by allowing parties to assess the value of their claims in light of the developed body of law and be better suited to explore settlement. *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig*., No. 00 MDL 1898, 2010 WL 1328249, at *4 (S.D.N.Y. Apr. 5, 2010); *In re Zimmer*, 2021 WL 5963392 at *1 (bellwethers are designed to provide "data points" to other cases in an MDL) (internal quotations omitted). Obtaining appellate decisions from an initial bellwether is "essential to achieving this intended purpose." *In re MTBE Prod. Liab. Litig*., 2010 WL 1328249 at *4.

This Court already has acknowledged the importance of the Track 3 appeals on other MDL cases when it entered a final judgment order so that the Track 3 parties could "obtain[], as soon as possible, appellate review of the Court's rulings." (MDL ECF No. 4614, at 2.) Of bellwethers yet to be tried, the value of appellate review of Track 3 is greatest for Track 7. Respectfully, the Court

should stay Track 7 so that Track 3—as an earlier and parallel bellwether—can complete the appellate process, develop the applicable body of Ohio law, and promote the just and efficient resolution of Track 7. *See In re Zimmer*, 2021 WL 5963392 at *4-6 (staying three bellwethers pending the appeal of the first bellwether "in the interest of efficiently resolving a major issue at the crux of the MDL," where all four cases raised the same or similar claims, involved the same plaintiff-side expert witness, and thus presented similar legal and evidentiary issues).[8]

Nor would a limited stay of Track 7 hinder this MDL's progression. For one, Track 7 is just one of several active bellwethers. Thus, if Track 7 were stayed, other remaining bellwethers, as well as numerous other remanded cases, would continue to proceed and the Court could continue to move this MDL forward. *See, e.g.*, *In re Zimmer*, 2021 WL 5963392 at *6 (staying later bellwethers pending the appeal of an earlier one, where a stay "will not grind [the] entire MDL to a halt" and the appeal was likely to resolve a common issue); *compare with In re E. I. du Pont de Nemours & Co.*, MDL No. 2433, 2016 U.S. Dist. LEXIS 43337, at *1194, 1198 (S.D. Ohio Mar. 29, 2016) (declining to stay later bellwethers pending appeal of first, where movants asked to stay *all* remaining bellwethers in MDL and it was unclear to what extent the "issues on appeal may impact the cases that are not yet tried.").

Moreover, no trial date has been set in Track 7, and Track 7 is still a considerable way from trial, in any event. Although Track 7 is itself a bellwether (and, thus, has its own role in providing data points to other cases in the MDL), it is unlikely that Track 7 would signal any meaningful information to other Ohio-based MDL litigants that Track 3 has not already provided, particularly

---

[8]     In *Zimmer*, an MDL court stayed three bellwethers pending the appeal of the first because the appeal raised a "'key issue[]'" that was "at the crux of the MDL." *Id*. at *5-6. Unlike in *Zimmer*, where the stayed bellwethers arose under different states' laws than the bellwether on appeal, here, Track 3 and Track 7 arise under the identical state-law claim (Ohio public nuisance). A stay is, thus, even more warranted.

before the Sixth Circuit renders its anticipated Track 3 decision. Track 7's function as a bellwether is best served by awaiting the Sixth Circuit's resolution of Ohio-specific issues in Track 3 and applying those rulings to Track 7.

Because a stay of Track 7 would not hinder the MDL, the Court should stay Track 7 so that it can be informed by the appeal of the earlier and parallel Track 3 bellwether.

<u>**Conclusion**</u>

For the reasons stated herein, the Track 7 Defendants respectfully request that the Court stay all Track 7 proceedings pending the Sixth Circuit's resolution of the Track 3 appeals.

Dated: October 6, 2022                 Respectfully submitted,


*/s/ Elizabeth A. Laughlin*
Joseph M. Vanek, jvanek@sperling-law.com
Greg Shinall, shinall@sperling-law.com
David P. Germaine, dgermaine@sperling-law.com
Trevor K. Scheetz, tscheetz@sperling-law.com
Matthew H. Rice, mrice@sperling-law.com
Elizabeth A. Laughlin, llaughlin@sperling-law.com
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200 (p)
***Counsel for Meijer***


*/s/ Eric R. Delinsky (with permission)*
Eric R. Delinsky, edelinsky@zuckerman.com
Alexandra W. Miller, smiller@zuckerman.com
Paul B. Hynes, Jr., phynes@zuckerman.com
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 100
Washington, DC 20036
(202) 778-1800 (p)
***Counsel for CVS***

/s/ *Alex J. Harris (with permission)*
Alex J. Harris, alex.harris@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado 80202
(303) 592-3100 (p)

Kaspar J. Stoffelmayr, kaspar.stoffelmayr@bartlitbeck.com
Katherine M. Swift, kate.swift@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4400 (p)

Alec H. Schultz, aschultz@hilgersgraben.com
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
(305) 630-8304 (p)

Michael Burns, mburns@hilgersgraben.com
HILGERS GRABEN PLLC
601 Pennsylvania Avenue NW
South Building Suite 900
Washington, DC 20004
(202) 985-1664 (p)
***Counsel for Walgreens***

/s/ *Tara A. Fumerton (with permission)*
John M. Majoras, jmmajoras@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939 (p)

Tina M. Tabacchi, tmtabacchi@jonesday.com
Tara A. Fumerton, tfumerton@jonesday.com
JONES DAY
110 N. Wacker Drive
Chicago, Illinois 60606
(312) 269-4335 (p)
***Counsel for Walmart***

16

/s/ *Ronda L. Harvey (with permission)*
Ronda L. Harvey, rharvey@bowlesrice.com
Ashley Hardesty Odell, ahardestyodell@bowlesrice.com
Jennifer Hagedorn, jhagedorn@bowlesrice.com
BOWLES RICE
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1701 (p)
**Counsel for Kroger**

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth A. Laughlin, certify that on October 6, 2022, I caused the foregoing *Memorandum of Law in Support of the Track 7 Defendants' Motion to Stay All Track 7 Proceedings Pending the Sixth Circuit's Resolution of the Track 3 Appeals* to be filed and served on all counsel of record via the Court's ECF filing system.

/s/ *Elizabeth A. Laughlin*

# Group Exhibit A

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  September 21, 2022

Mr. Salvatore Charles Badala

Ms. Miriam Michelle Carreras

Mr. Frank Gallucci III

Ms. Zoe Jacoby

Ms. Morgan L. Ratner

Mr. Hunter J. Shkolnik

Mr. Kaspar Stoffelmayr

Mr. Jeffrey Bryan Wall

Mr. Peter H. Weinberger

Re:  Case No. 22-3750, *In re: Trumbull County, OH, et al v. Purdue Pharma L.P., et al*
Originating Case Nos. 1:17-md-02804 : 1:18-op-45079 : 1:18-op-45032

Dear Counsel,

The briefing schedule for this case is listed below.  The briefs must be filed electronically with the Clerk's office no later than these dates.  If the appellant's principal brief is filed late, the case is at risk of being dismissed for want of prosecution.

Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages.  When citing a sealed document to which counsel has been denied access to the paginated version in the lower court, please refer to the docket entry number and the page number of the document, e.g., Sealed RE 25, page 3.  Consult 6 Cir. R. 28(a)(1).

Appellant's Principal Brief
Appendix (if required by 6th
Cir. R. 30(a) and (c))

Filed electronically by **October 31, 2022**

| Appellee's Principal Brief<br>Appendix (if required by 6th<br>Cir. R. 30(a) and (c)) | Filed electronically by **November 30, 2022** |
|---|---|
| Appellant's Reply Brief<br>(Optional Brief) | The reply brief is due no later<br>than **21** days after the last appellee<br>brief is filed.  See Fed. R. App. P. 26(c) |

For most appeals, the Court will access directly the electronic record in the district court.  However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

A party desiring oral argument must include a statement in the brief setting forth the reason(s) why oral argument should be heard.  *See* 6 Cir. R. 34(a).  If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

In scheduling appeals for oral argument, the court will make efforts to avoid dates that counsel have previously brought to its attention as presenting a conflict during weeks when the court is scheduled to sit.  The court's sitting schedule may be found at http://www.ca6.uscourts.gov/oral-argument-calendars.  Because cases are set for calendar early in the case, counsel should provide as soon as possible any dates of unavailability during the next nine months, preferably no later than the filing of the appellee's brief.  Counsel should use the "Counsel Unavailability Form" located on the court's website.  If subsequent conflicts arise, counsel should notify the court as soon as possible.

Sincerely yours,

s/Amy E. Gigliotti
Case Management Specialist
Direct Dial No. 513-564-7012

Enclosure

## CHECKLIST FOR BRIEFS

- Briefs and filing requirements are found in the Federal Rules of Appellate Procedure (FRAP) and the Sixth Circuit Local Rules (6 Cir. R.), located on the court's website.  File the correct brief *type* (e.g. appellant, appellee, petitioner, respondent, 1st, 2d) *only* in the appropriate case.  *During filing of the brief, deselect any inapplicable case* in CM/ECF by unchecking the inapplicable case numbers.  In cross-appeals, file all briefs in all cases, unless you are a party to only one cross-appeal.

- Appellants filing one notice of appeal must file a single brief unless permission is granted for separate briefs.  See FRAP 3(b)(1).  Appellants file one reply brief regardless of the number of appellee briefs.

- Redact personal information.  FRAP 25(a)(5) and rules cited therein provide guidance.

- File briefs in PDF, preferably searchable native PDF.  6 Cir. R. 25(a)(2); PACER website.

## BRIEF COMPONENTS

- Brief components must appear in the brief in the order indicated below.  FRAP 28(a).

- I.  COVER.  Colored covers are not required for electronically filed briefs.  Do include:

  - Sixth Circuit Case Number(s).
  - Name of the Court:  "United States Court of Appeals for the Sixth Circuit."
  - Title of the Case:  *Smith v. Jones*.
  - Nature of proceeding and court or agency below.
  - Title identifying the party:  e.g., "Brief of Appellee Lawrence Litigant"
  - Name, address, and telephone number of counsel.  FRAP 32(a)(2)

- II.  CORPORATE DISCLOSURE.  Consult FRAP 26.1 and 6 Cir. R. 26.1 for applicability.

- III.  TABLE OF CONTENTS.  Page references are required.  FRAP 28(a)(2) and (b).

- IV.  TABLE OF AUTHORITIES.  FRAP 28(a)(3) and (b).

  - Alphabetize case citations; include statutes and other authorities.
  - Include references to the page in the brief where specific authority is cited.

- **V. STATEMENT IN SUPPORT OF ORAL ARGUMENT.** FRAP 34; 6 Cir. R. 34.

  - A party desiring oral argument must include a statement explaining why the court should hear argument. 6 Cir. R. 34(a). **CAUTION**: When filing the brief in CM/ECF, do not choose "argument requested" unless the brief contains an unambiguous statement giving reasons in support of argument. If the court decides to hear argument, no eligible party will be excluded based on a failure to request argument. Also see 6 Cir. R. 28(b)(1)(B).

---

*Items in this box are included in the applicable page and/or word counts. FRAP 32(f).*

- **VI. STATEMENT OF JURISDICTION** - *See* FRAP 28(a)(4); four areas must be addressed. Appellee need not include this statement *if in agreement with appellant*. FRAP 28(b).

- **VII. STATEMENT OF ISSUES** - *See* FRAP 28(a)(5). Appellee need not include this statement *if in agreement with appellant*. FRAP 28(b).

- **VIII. STATEMENT OF THE CASE** - *See* FRAP 28(a)(6); (b)

  - Concise statement of the case setting out the facts relevant to the issues presented with description of procedural history, and identification of rulings presented for review and references to the record. A separate statement of facts is not required. FRAP 28(a)(6).
  - Appellee need not include this statement *if in agreement with appellant*.

- **IX. SUMMARY OF THE ARGUMENT** - Succinct, clear, and accurate statement of the argument(s) that does not merely repeat the argument headings. FRAP 28(a)(7).

- **X. ARGUMENT**

  - Include the "contentions and reasons for them." FRAP 28(a)(8)(A).
  - Citations to the relevant authorities and record parts. FRAP 28(a)(8)(A).
  - **Include the standard of review for each issue**. FRAP 28(a)(8)(B); (b). Appellee need not include this statement *if in agreement with appellant*.

- **XI. CONCLUSION**

  - State the precise relief sought. FRAP 28(a)(9).
  - Filing attorney(s) signature(s) required: s/(Attorney's Name). 6 Cir. R. 25(d)(1).

---

- ▪ XII.  CERTIFICATE OF COMPLIANCE:  As required under FRAP 32(g) (effective December 1, 2016).

- ▪ XIII.  CERTIFICATE OF SERVICE:  Include date served; parties served; manner of service (mail or CM/ECF); and attorney signature.  *See* FRAP 25(d).

- ▪ XIV.  ADDENDUM

  - Designation of relevant originating court documents with Page ID # range, if applicable.  6 Cir. R. 28(b)(1)(A)(i).   (See "Citations to the Record" below.)
  - Consult 6 Cir. R. 30(g) for types of documents that must be designated.
  - May include relevant statutes, rules, regulations.
  - Must include copies of decisions "not available in a publicly accessible electronic database."  FRAP 32.1(b); 6 Cir. R. 32.1(a).

### CITATIONS TO THE RECORD

- ▪ Appeals from the district courts.  6 Cir. R. 28(a)(1).  Each citation must include:

  - Short description of record item:  Motion for Summary Judgment; Order; Transcript.
  - Docket entry number:  RE 25, R. 13.  *"RE," "R." preferred; avoid "D", "DE", or "Doc."*
  - Page ID # range for the relevant portion of the document:  Page ID # 220-227.  The Page ID # is in blue on the header or footer of the PDF document when it is opened from the district court's docket.  When citing to a sealed document to which counsel has been denied access and therefore cannot see Page ID #, explain in a footnote and refer to the docket entry number and page number.  E.g., sealed entry 23, page 3.

---

EXAMPLES OF ACCEPTABLE CITATIONS

- o  Motion for Summary Judgment, RE 23, Page ID # 120-145
- o  Transcript, R. 52, Page ID ## 675-682
- o  Agency Record, RE 12, Page ID # 190-191 (this applies when an administrative record is filed in district court, e.g., Social Security or ERISA cases).

---

- Other appeals.  6 Cir. R. 28(a)(2).  In petitions for review of agency decisions, cite to the page number of the administrative record or the appendix.  Page ID #'s do not apply.

- Placing citations and references within the brief text is preferred over footnote references.

## BRIEF LENGTH, FORMATTING, and TYPEFACE

- Typefaces:  *see* FRAP 32(a)(4), (5), and (6).  Briefs must be double-spaced.

  - Either a proportionally spaced font at 14 pt. (such as Times New Roman), or
  - Monospaced font not exceeding 10 1/2 characters per inch (such as Courier New at 12 point).
  - The court asks footnotes be in the same font size as text.

- Length of briefs:  *see* FRAP 32(a)(7).

  - Principal:  30 pages OR up to 13,000 words OR 1,300 lines of monospaced typeface.
  - Reply:  15 pages OR up to 6,500 words OR 650 lines of a monospaced typeface.
  - Include a certificate of compliance if over 30 pages.  FRAP 32(g).
  - Headings, footnotes, quotations count in word and line limitations.  *See* 6th Cir. R. 32(b) for items excluded from the length limits.

- Briefs for cross-appeals:  *see* FRAP 28.1;  Amicus briefs:  *see* FRAP 29, 32.

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  September 21, 2022

Ms. Ginger Anders

Mr. Salvatore Charles Badala

Ms. Miriam Michelle Carreras

Mr. Eric R. Delinsky

Mr. Frank Gallucci III

Mr. Hunter J. Shkolnik

Mr. Donald B. Verrilli Jr.

Mr. Peter H. Weinberger

Re:  Case No. 22-3751*, In re: Trumbull County, OH, et al v. Purdue Pharma L.P., et al*
     Originating Case Nos. 1:17-md-02804 : 1:18-op-45079 : 1:18-op-45032

Dear Counsel,

   The briefing schedule for this case is listed below.  The briefs must be filed electronically with the Clerk's office no later than these dates.  If the appellant's principal brief is filed late, the case is at risk of being dismissed for want of prosecution.

   Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages.  When citing a sealed document to which counsel has been denied access to the paginated version in the lower court, please refer to the docket entry number and the page number of the document, e.g., Sealed RE 25, page 3.  Consult 6 Cir. R. 28(a)(1).

   Appellant's Principal Brief
   Appendix (if required by 6th                   Filed electronically by **October 31, 2022**
   Cir. R. 30(a) and (c))

| Appellee's Principal Brief<br>Appendix (if required by 6th<br>Cir. R. 30(a) and (c)) | Filed electronically by **November 30, 2022** |

| Appellant's Reply Brief<br>(Optional Brief) | The reply brief is due no later<br>than **21** days after the last appellee<br>brief is filed.  See Fed. R. App. P. 26(c) |

    For most appeals, the Court will access directly the electronic record in the district court.  However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

    A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard.  *See* 6 Cir. R. 34(a).  If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

    In scheduling appeals for oral argument, the court will make efforts to avoid dates that counsel have previously brought to its attention as presenting a conflict during weeks when the court is scheduled to sit.  The court's sitting schedule may be found at http://www.ca6.uscourts.gov/oral-argument-calendars.  Because cases are set for calendar early in the case, counsel should provide as soon as possible any dates of unavailability during the next nine months, preferably no later than the filing of the appellee's brief.  Counsel should use the "Counsel Unavailability Form" located on the court's website.  If subsequent conflicts arise, counsel should notify the court as soon as possible.

                           Sincerely yours,

                           s/Amy E. Gigliotti<br>                           Case Management Specialist<br>                           Direct Dial No. 513-564-7012

Enclosure

# CHECKLIST FOR BRIEFS

- Briefs and filing requirements are found in the Federal Rules of Appellate Procedure (FRAP) and the Sixth Circuit Local Rules (6 Cir. R.), located on the court's website.  File the correct brief *type* (e.g. appellant, appellee, petitioner, respondent, 1st, 2d) *only* in the appropriate case.  *During filing of the brief, deselect any inapplicable case* in CM/ECF by unchecking the inapplicable case numbers.  In cross-appeals, file all briefs in all cases, unless you are a party to only one cross-appeal.

- Appellants filing one notice of appeal must file a single brief unless permission is granted for separate briefs.  See FRAP 3(b)(1).  Appellants file one reply brief regardless of the number of appellee briefs.

- Redact personal information.  FRAP 25(a)(5) and rules cited therein provide guidance.

- File briefs in PDF, preferably searchable native PDF.  6 Cir. R. 25(a)(2); PACER website.

# BRIEF COMPONENTS

- Brief components must appear in the brief in the order indicated below.  FRAP 28(a).

- I.  COVER.  Colored covers are not required for electronically filed briefs.  Do include:

  - Sixth Circuit Case Number(s).
  - Name of the Court:  "United States Court of Appeals for the Sixth Circuit."
  - Title of the Case:  *Smith v. Jones*.
  - Nature of proceeding and court or agency below.
  - Title identifying the party:  e.g., "Brief of Appellee Lawrence Litigant"
  - Name, address, and telephone number of counsel.  FRAP 32(a)(2)

- II.  CORPORATE DISCLOSURE.  Consult FRAP 26.1 and 6 Cir. R. 26.1 for applicability.

- III.  TABLE OF CONTENTS.  Page references are required.  FRAP 28(a)(2) and (b).

- IV.  TABLE OF AUTHORITIES.  FRAP 28(a)(3) and (b).

  - Alphabetize case citations; include statutes and other authorities.
  - Include references to the page in the brief where specific authority is cited.

- ▪ V.  STATEMENT IN SUPPORT OF ORAL ARGUMENT.  FRAP 34; 6 Cir. R. 34.

  - • A party desiring oral argument must include a statement explaining why the court should hear argument.  6 Cir. R. 34(a).  **CAUTION**:  When filing the brief in CM/ECF, do not choose "argument requested" unless the brief contains an unambiguous statement giving reasons in support of argument.  If the court decides to hear argument, no eligible party will be excluded based on a failure to request argument.  Also see 6 Cir. R. 28(b)(1)(B).

---

*Items in this box are included in the applicable page and/or word counts.  FRAP 32(f).*

- ▪ VI.  STATEMENT OF JURISDICTION - *See* FRAP 28(a)(4); four areas must be addressed.  Appellee need not include this statement *if in agreement with appellant*.  FRAP 28(b).

- ▪ VII.  STATEMENT OF ISSUES - *See* FRAP 28(a)(5).  Appellee need not include this statement *if in agreement with appellant*.  FRAP 28(b).

- ▪ VIII.  STATEMENT OF THE CASE - *See* FRAP 28(a)(6); (b)

  - • Concise statement of the case setting out the facts relevant to the issues presented with description of procedural history, and identification of rulings presented for review and references to the record.  A separate statement of facts is not required.  FRAP 28(a)(6).
  - • Appellee need not include this statement *if in agreement with appellant*.

- ▪ IX.  SUMMARY OF THE ARGUMENT - Succinct, clear, and accurate statement of the argument(s) that does not merely repeat the argument headings.  FRAP 28(a)(7).

- ▪ X.  ARGUMENT

  - • Include the "contentions and reasons for them."  FRAP 28(a)(8)(A).
  - • Citations to the relevant authorities and record parts.  FRAP 28(a)(8)(A).
  - • **Include the standard of review for each issue**.  FRAP 28(a)(8)(B); (b).  Appellee need not include this statement *if in agreement with appellant*.

- ▪ XI.  CONCLUSION

  - • State the precise relief sought.  FRAP 28(a)(9).
  - • Filing attorney(s) signature(s) required:  s/(Attorney's Name).  6 Cir. R. 25(d)(1).

- XII.  CERTIFICATE OF COMPLIANCE:  As required under FRAP 32(g) (effective December 1, 2016).

- XIII.  CERTIFICATE OF SERVICE:  Include date served; parties served; manner of service (mail or CM/ECF); and attorney signature.  *See* FRAP 25(d).

- XIV.  ADDENDUM

  - Designation of relevant originating court documents with Page ID # range, if applicable.  6 Cir. R. 28(b)(1)(A)(i).   (See "Citations to the Record" below.)
  - Consult 6 Cir. R. 30(g) for types of documents that must be designated.
  - May include relevant statutes, rules, regulations.
  - Must include copies of decisions "not available in a publicly accessible electronic database."  FRAP 32.1(b); 6 Cir. R. 32.1(a).

## CITATIONS TO THE RECORD

- Appeals from the district courts.  6 Cir. R. 28(a)(1).  Each citation must include:

  - Short description of record item:  Motion for Summary Judgment; Order; Transcript.
  - Docket entry number:  RE 25, R. 13.  *"RE," "R." preferred; avoid "D", "DE", or "Doc."*
  - Page ID # range for the relevant portion of the document:  Page ID # 220-227.  The Page ID # is in blue on the header or footer of the PDF document when it is opened from the district court's docket.  When citing to a sealed document to which counsel has been denied access and therefore cannot see Page ID #, explain in a footnote and refer to the docket entry number and page number.  E.g., sealed entry 23, page 3.

---

EXAMPLES OF ACCEPTABLE CITATIONS

- o   Motion for Summary Judgment, RE 23, Page ID # 120-145
- o   Transcript, R. 52, Page ID ## 675-682
- o   Agency Record, RE 12, Page ID # 190-191 (this applies when an administrative record is filed in district court, e.g., Social Security or ERISA cases).

---

- Other appeals.  6 Cir. R. 28(a)(2).  In petitions for review of agency decisions, cite to the page number of the administrative record or the appendix.  Page ID #'s do not apply.

- Placing citations and references within the brief text is preferred over footnote references.

## BRIEF LENGTH, FORMATTING, and TYPEFACE

- Typefaces:  *see* FRAP 32(a)(4), (5), and (6).  Briefs must be double-spaced.

  - Either a proportionally spaced font at 14 pt. (such as Times New Roman), or
  - Monospaced font not exceeding 10 1/2 characters per inch (such as Courier New at 12 point).
  - The court asks footnotes be in the same font size as text.

- Length of briefs:  *see* FRAP 32(a)(7).

  - Principal:  30 pages OR up to 13,000 words OR 1,300 lines of monospaced typeface.
  - Reply:  15 pages OR up to 6,500 words OR 650 lines of a monospaced typeface.
  - Include a certificate of compliance if over 30 pages.  FRAP 32(g).
  - Headings, footnotes, quotations count in word and line limitations.  *See* 6th Cir. R. 32(b) for items excluded from the length limits.

- Briefs for cross-appeals:  *see* FRAP 28.1;  Amicus briefs:  *see* FRAP 29, 32.

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 21, 2022

Mr. Salvatore Charles Badala

Ms. Miriam Michelle Carreras

Mr. Anthony J Dick

Mr. Noel John Francisco

Mr. Frank Gallucci III

Ms. Nicole C. Henning

Mr. John Michael Majoras

Mr. James Robert Saywell

Mr. Hunter J. Shkolnik

Mr. Peter H. Weinberger

Re: Case No. 22-3753, *In re: Trumbull County, OH, et al v. Purdue Pharma, L.P., et al*
Originating Case No. 1:17-md-02804 : 1:18-op-45079 : 1:18-op-45032

Dear Counsel,

The briefing schedule for this case is listed below. The briefs must be filed electronically with the Clerk's office no later than these dates. If the appellant's principal brief is filed late, the case is at risk of being dismissed for want of prosecution.

Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages. When citing a sealed document to which counsel has been denied access to the paginated version in the lower court, please refer to the docket entry number and the page number of the document, e.g., Sealed RE 25, page 3. Consult 6 Cir. R. 28(a)(1).

| Appellant's Principal Brief Appendix (if required by 6th Cir. R. 30(a) and (c)) | Filed electronically by **October 31, 2022** |
| Appellee's Principal Brief Appendix (if required by 6th Cir. R. 30(a) and (c)) | Filed electronically by **November 30, 2022** |
| Appellant's Reply Brief (Optional Brief) | The reply brief is due no later than **21** days after the last appellee brief is filed.  See Fed. R. App. P. 26(c) |

For most appeals, the Court will access directly the electronic record in the district court.  However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard.  *See* 6 Cir. R. 34(a).  If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

In scheduling appeals for oral argument, the court will make efforts to avoid dates that counsel have previously brought to its attention as presenting a conflict during weeks when the court is scheduled to sit.  The court's sitting schedule may be found at http://www.ca6.uscourts.gov/oral-argument-calendars.  Because cases are set for calendar early in the case, counsel should provide as soon as possible any dates of unavailability during the next nine months, preferably no later than the filing of the appellee's brief.  Counsel should use the "Counsel Unavailability Form" located on the court's website.  If subsequent conflicts arise, counsel should notify the court as soon as possible.

Sincerely yours,

s/Amy E. Gigliotti
Case Management Specialist
Direct Dial No. 513-564-7012

Enclosure

# CHECKLIST FOR BRIEFS

- Briefs and filing requirements are found in the Federal Rules of Appellate Procedure (FRAP) and the Sixth Circuit Local Rules (6 Cir. R.), located on the court's website. File the correct brief *type* (e.g. appellant, appellee, petitioner, respondent, 1st, 2d) *only* in the appropriate case. *During filing of the brief, deselect any inapplicable case* in CM/ECF by unchecking the inapplicable case numbers. In cross-appeals, file all briefs in all cases, unless you are a party to only one cross-appeal.

- Appellants filing one notice of appeal must file a single brief unless permission is granted for separate briefs. See FRAP 3(b)(1). Appellants file one reply brief regardless of the number of appellee briefs.

- Redact personal information. FRAP 25(a)(5) and rules cited therein provide guidance.

- File briefs in PDF, preferably searchable native PDF. 6 Cir. R. 25(a)(2); PACER website.

# BRIEF COMPONENTS

- Brief components must appear in the brief in the order indicated below. FRAP 28(a).

- I. COVER. Colored covers are not required for electronically filed briefs. Do include:

  - Sixth Circuit Case Number(s).
  - Name of the Court: "United States Court of Appeals for the Sixth Circuit."
  - Title of the Case: *Smith v. Jones*.
  - Nature of proceeding and court or agency below.
  - Title identifying the party: e.g., "Brief of Appellee Lawrence Litigant"
  - Name, address, and telephone number of counsel. FRAP 32(a)(2)

- II. CORPORATE DISCLOSURE. Consult FRAP 26.1 and 6 Cir. R. 26.1 for applicability.

- III. TABLE OF CONTENTS. Page references are required. FRAP 28(a)(2) and (b).

- IV. TABLE OF AUTHORITIES. FRAP 28(a)(3) and (b).

  - Alphabetize case citations; include statutes and other authorities.
  - Include references to the page in the brief where specific authority is cited.

- ▪ V.  STATEMENT IN SUPPORT OF ORAL ARGUMENT.  FRAP 34; 6 Cir. R. 34.

  - • A party desiring oral argument must include a statement explaining why the court should hear argument.  6 Cir. R. 34(a).  **CAUTION**:  When filing the brief in CM/ECF, do not choose "argument requested" unless the brief contains an unambiguous statement giving reasons in support of argument.  If the court decides to hear argument, no eligible party will be excluded based on a failure to request argument.  Also see 6 Cir. R. 28(b)(1)(B).

---

*Items in this box are included in the applicable page and/or word counts.  FRAP 32(f).*

- ▪ VI.  STATEMENT OF JURISDICTION - *See* FRAP 28(a)(4); four areas must be addressed.  Appellee need not include this statement *if in agreement with appellant*.  FRAP 28(b).

- ▪ VII.  STATEMENT OF ISSUES - *See* FRAP 28(a)(5).  Appellee need not include this statement *if in agreement with appellant*.  FRAP 28(b).

- ▪ VIII.  STATEMENT OF THE CASE - *See* FRAP 28(a)(6); (b)

  - • Concise statement of the case setting out the facts relevant to the issues presented with description of procedural history, and identification of rulings presented for review and references to the record.  A separate statement of facts is not required.  FRAP 28(a)(6).
  - • Appellee need not include this statement *if in agreement with appellant*.

- ▪ IX.  SUMMARY OF THE ARGUMENT - Succinct, clear, and accurate statement of the argument(s) that does not merely repeat the argument headings.  FRAP 28(a)(7).

- ▪ X.  ARGUMENT

  - • Include the "contentions and reasons for them."  FRAP 28(a)(8)(A).
  - • Citations to the relevant authorities and record parts.  FRAP 28(a)(8)(A).
  - • **Include the standard of review for each issue**.  FRAP 28(a)(8)(B); (b).  Appellee need not include this statement *if in agreement with appellant*.

- ▪ XI.  CONCLUSION

  - • State the precise relief sought.  FRAP 28(a)(9).
  - • Filing attorney(s) signature(s) required:  s/(Attorney's Name).  6 Cir. R. 25(d)(1).

---

- XII. CERTIFICATE OF COMPLIANCE: As required under FRAP 32(g) (effective December 1, 2016).

- XIII. CERTIFICATE OF SERVICE: Include date served; parties served; manner of service (mail or CM/ECF); and attorney signature. *See* FRAP 25(d).

- XIV. ADDENDUM

  - Designation of relevant originating court documents with Page ID # range, if applicable. 6 Cir. R. 28(b)(1)(A)(i). (See "Citations to the Record" below.)
  - Consult 6 Cir. R. 30(g) for types of documents that must be designated.
  - May include relevant statutes, rules, regulations.
  - Must include copies of decisions "not available in a publicly accessible electronic database." FRAP 32.1(b); 6 Cir. R. 32.1(a).

## CITATIONS TO THE RECORD

- Appeals from the district courts. 6 Cir. R. 28(a)(1). Each citation must include:

  - Short description of record item: Motion for Summary Judgment; Order; Transcript.
  - Docket entry number: RE 25, R. 13. *"RE," "R." preferred; avoid "D", "DE", or "Doc."*
  - Page ID # range for the relevant portion of the document: Page ID # 220-227. The Page ID # is in blue on the header or footer of the PDF document when it is opened from the district court's docket. When citing to a sealed document to which counsel has been denied access and therefore cannot see Page ID #, explain in a footnote and refer to the docket entry number and page number. E.g., sealed entry 23, page 3.

---

EXAMPLES OF ACCEPTABLE CITATIONS

- o Motion for Summary Judgment, RE 23, Page ID # 120-145
- o Transcript, R. 52, Page ID ## 675-682
- o Agency Record, RE 12, Page ID # 190-191 (this applies when an administrative record is filed in district court, e.g., Social Security or ERISA cases).

---

- Other appeals. 6 Cir. R. 28(a)(2). In petitions for review of agency decisions, cite to the page number of the administrative record or the appendix. Page ID #'s do not apply.

- Placing citations and references within the brief text is preferred over footnote references.

## BRIEF LENGTH, FORMATTING, and TYPEFACE

- Typefaces: *see* FRAP 32(a)(4), (5), and (6). Briefs must be double-spaced.

  - Either a proportionally spaced font at 14 pt. (such as Times New Roman), or
  - Monospaced font not exceeding 10 1/2 characters per inch (such as Courier New at 12 point).
  - The court asks footnotes be in the same font size as text.

- Length of briefs: *see* FRAP 32(a)(7).

  - Principal: 30 pages OR up to 13,000 words OR 1,300 lines of monospaced typeface.
  - Reply: 15 pages OR up to 6,500 words OR 650 lines of a monospaced typeface.
  - Include a certificate of compliance if over 30 pages. FRAP 32(g).
  - Headings, footnotes, quotations count in word and line limitations. *See* 6th Cir. R. 32(b) for items excluded from the length limits.

- Briefs for cross-appeals: *see* FRAP 28.1; Amicus briefs: *see* FRAP 29, 32.

Group Exhibit B

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
## CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: __22-3750__      Case Manager: __Amy Gigliotti__

Case Name: __In re Nat'l Prescription Opiate Litig.__

Is this case a cross appeal?  ☐ Yes  ☑ No
Has this case or a related one been before this court previously?  ☑ Yes  ☐ No
If yes, state:
  Case Name: __Multiple__      Citation: __Please see below.__
  Was that case mediated through the court's program?  ☐ Yes  ☑ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

**This appeal arises from multidistrict litigation in the Northern District of Ohio. The prior and current appeals from the litigation are docketed at 18-3839, 18-3860, 18-4115, 19-3398, 19-3415, 19-3682, 19-3827, 19-3835, 19-3935, 19-4097, 19-4099, 20-3075, 20-3375, 20-3875, 21-3041, 21-3460, 22-3491, 22-3493, 22-3630, 22-3653, 22-3751, and 22-3753.**

**The appeal is taken against Lake and Trumbull counties. Without waiving the right to assert additional issues, Appellants expect to raise some or all of the following:**

**1. Whether the Ohio Product Liability Act bars Appellees' public nuisance claim;**
**2. Whether Appellants are entitled to judgment as a matter of law or a new trial on Appellees' claim that Appellants created a public nuisance through unlawful conduct, because Appellees failed to present legally sufficient evidence that Appellants violated the federal Controlled Substances Act or any other applicable provision of law or because of instructional error on this issue;**
**3. Whether Appellants are entitled to judgment as a matter of law on Appellees' claim that Appellants created a public nuisance through intentional conduct, because that claim is impliedly preempted by the comprehensive federal regulatory scheme that applies to the dispensing of prescription medications;**
**4. Whether Appellees' failure to demonstrate either factual or proximate causation requires reversal;**
**5. Whether a new trial is warranted due to juror misconduct;**
**[Continued on following page]**

**This is to certify that a copy of this statement was served on opposing counsel of record this __21st__ day of**

_____September__, __2022__ .      __/s/ Jeffrey B. Wall__

                                   Name of Counsel for Appellant

Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise: [Continued from previous page]

6. Whether the District Court's abatement order must be vacated, including because it exceeds the proper scope of abatement relief.

7. Whether the judgment below violates principles of fair notice and procedural due process;

8. Whether Appellants were erroneously held jointly and severally liable for the full amount of the monetary judgment imposed by the District Court;

9. Whether the monetary judgment imposed by the District Court is an unconstitutional excessive fine;

10. Whether the monetary judgment imposed by the District Court violates the Due Process Clause.

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
## CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: **22-3751**          Case Manager: **Amy Gigliotti**

Case Name: **In re Nat'l Prescription Opiate Litig.**

Is this case a cross appeal?  ☐ Yes  ☑ No
Has this case or a related one been before this court previously?  ☑ Yes  ☐ No
If yes, state:
　Case Name: **Multiple**          Citation: **Please see below.**
　Was that case mediated through the court's program?  ☐ Yes  ☑ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

**This appeal arises from multidistrict litigation in the Northern District of Ohio. The prior and current appeals from the litigation are docketed at 18-3839, 18-3860, 18-4115, 19-3398, 19-3415, 19-3682, 19-3827, 19-3835, 19-3935, 19-4097, 19-4099, 20-3075, 20-3375, 20-3875, 21-3041, 21-3460, 22-3491, 22-3493, 22-3630, 22-3653, 22-3750, and 22-3753.**

**The appeal is taken against Lake and Trumbull counties. Without waiving the right to assert additional issues, Appellants expect to raise some or all of the following:**

**1. Whether the Ohio Product Liability Act bars Appellees' public nuisance claim;**
**2. Whether Appellants are entitled to judgment as a matter of law or a new trial on Appellees' claim that Appellants created a public nuisance through unlawful conduct, because Appellees failed to present legally sufficient evidence that Appellants violated the federal Controlled Substances Act or any other applicable provision of law or because of instructional error on this issue;**
**3. Whether Appellants are entitled to judgment as a matter of law on Appellees' claim that Appellants created a public nuisance through intentional conduct, because that claim is impliedly preempted by the comprehensive federal regulatory scheme that applies to the dispensing of prescription medications;**
**4. Whether Appellees' failure to demonstrate either factual or proximate causation requires reversal;**
**5. Whether a new trial is warranted due to juror misconduct;**
**[Continued on following page]**

This is to certify that a copy of this statement was served on opposing counsel of record this **21st** day of

_____**September**___, **2022**___ .          **Donald B. Verrilli, Jr.**
　　　　　　　　　　　　　　　　　　　　　　　　Name of Counsel for Appellant

Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise: [Continued from previous page]

6.  Whether the District Court's abatement order must be vacated, including because it exceeds the proper scope of abatement relief.

7.  Whether the judgment below violates principles of fair notice and procedural due process;

8.  Whether Appellants were erroneously held jointly and severally liable for the full amount of the monetary judgment imposed by the District Court;

9.  Whether the monetary judgment imposed by the District Court is an unconstitutional excessive fine;

10.  Whether the monetary judgment imposed by the District Court violates the Due Process Clause.

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
## CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: **22-3753**          Case Manager: **Amy Gigliotti**

Case Name: **In re Nat'l Prescription Opiate Litig.**

Is this case a cross appeal?  ☐ Yes  ☑ No

Has this case or a related one been before this court previously?  ☑ Yes  ☐ No

If yes, state:

Case Name: **Multiple**          Citation: **Please see below.**

Was that case mediated through the court's program?  ☐ Yes  ☑ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

**This appeal arises from multidistrict litigation in the Northern District of Ohio. The prior and current appeals from the litigation are docketed at 18-3839, 18-3860, 18-4115, 19-3398, 19-3415, 19-3682, 19-3827, 19-3835, 19-3935, 19-4097, 19-4099, 20-3075, 20-3375, 20-3875, 21-3041, 21-3460, 22-3491, 22-3493, 22-3630, 22-3653, 22-3750, and 22-3751.**

**The appeal is taken against Lake and Trumbull counties. Without waiving the right to assert additional issues, Appellants expect to raise some or all of the following:**

**1. Whether the Ohio Product Liability Act bars Appellees' public nuisance claim;**
**2. Whether Appellants are entitled to judgment as a matter of law or a new trial on Appellees' claim that Appellants created a public nuisance through unlawful conduct, because Appellees failed to present legally sufficient evidence that Appellants violated the federal Controlled Substances Act or any other applicable provision of law or because of instructional error on this issue;**
**3. Whether Appellants are entitled to judgment as a matter of law on Appellees' claim that Appellants created a public nuisance through intentional conduct, because that claim is impliedly preempted by the comprehensive federal regulatory scheme that applies to the dispensing of prescription medications;**
**4. Whether Appellees' failure to demonstrate either factual or proximate causation requires reversal;**
**5. Whether a new trial is warranted due to juror misconduct;**
**[Continued on following page]**

**This is to certify that a copy of this statement was served on opposing counsel of record this   21st   day of**

**September** , **2022**  .          **Noel Francisco**

Name of Counsel for Appellant

Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise: [Continued from previous page]

6. Whether the District Court's abatement order must be vacated, including because it exceeds the proper scope of abatement relief.

7. Whether the judgment below violates principles of fair notice and procedural due process;

8. Whether Appellants were erroneously held jointly and severally liable for the full amount of the monetary judgment imposed by the District Court;

9. Whether the monetary judgment imposed by the District Court is an unconstitutional excessive fine;

10. Whether the monetary judgment imposed by the District Court violates the Due Process Clause.