# Appendix B

# DISTRIBUTORS WASHINGTON SETTLEMENT AGREEMENT

**Table of Contents**

I.      Overview ............................................................................................................... 1

II.     Conditions to Effectiveness of Agreement ......................................................... 1

III.    Participation by Subdivisions ............................................................................. 3

IV.     Settlement Payments ........................................................................................... 3

V.      Plaintiffs' Attorneys' Fees and Costs ................................................................. 4

VI.     Release ................................................................................................................ 6

VII.    Miscellaneous ..................................................................................................... 6

Exhibit A Primary Subdivisions ....................................................................... A-1

Exhibit B Litigating Subdivisions ..................................................................... B-1

Exhibit C ABC IRS Form 1098-F ..................................................................... C-1

Exhibit D Cardinal Health IRS Form 1098-F ................................................... D-1

Exhibit E McKesson IRS Form 1098-F ............................................................ E-1

Exhibit F Subdivision Settlement Participation Form ....................................... F-1

Exhibit G Consent Judgment and Stipulation of Dismissal with Prejudice ....... G-1

Exhibit H Distributor Global Settlement Agreement ......................................... H-1

**DISTRIBUTORS – WASHINGTON SETTLEMENT AGREEMENT**

## I.  Overview

This Distributors Washington Settlement Agreement ("*Agreement*") sets forth the terms and conditions of a settlement agreement between and among the State of Washington, McKesson Corporation ("*McKesson*"), Cardinal Health, Inc. ("*Cardinal*") and AmerisourceBergen Corporation ("*Amerisource*") (collectively, the "*Agreement Parties*") to resolve opioid-related Claims against McKesson, Cardinal, and/or Amerisource (collectively, "*Settling Distributors*").

By entering into this Agreement, the State of Washington and its Participating Subdivisions agree to be bound by all terms and conditions of the Distributor Global Settlement Agreement dated July 21, 2021 (including its exhibits) ("*Global Settlement*"), which (including its exhibits) is incorporated into this Agreement as Exhibit H.[1]  By entering this Agreement, and upon execution of an Agreement Regarding the State of Washington and the Distributor Global Settlement Agreement ("*Enforcement Committee Agreement*"), unless otherwise set forth in this Agreement, the Settling Distributors agree to treat the State of Washington for all purposes as if it were a Settling State under the Global Settlement and its Participating Subdivisions for all purposes as if they were Participating Subdivisions under the Global Settlement.  Unless stated otherwise in this Agreement, the terms of this Agreement are intended to be consistent with the terms of the Global Settlement and shall be construed accordingly.  Unless otherwise defined in this Agreement, all capitalized terms in this Agreement shall be defined as they are in the Global Settlement.

The Settling Distributors have agreed to the below terms for the sole purpose of settlement, and nothing herein, including in any exhibit to this Agreement, may be taken as or construed to be an admission or concession of any violation of law, rule, or regulation, or of any other matter of fact or law, or of any liability or wrongdoing, or any misfeasance, nonfeasance, or malfeasance, all of which the Settling Distributors expressly deny.  No part of this Agreement, including its statements and commitments, and its exhibits, shall constitute or be used as evidence of any liability, fault, or wrongdoing by the Settling Distributors.  Unless the contrary is expressly stated, this Agreement is not intended for use by any third party for any purpose, including submission to any court for any purpose.

## II.  Conditions to Effectiveness of Agreement

A.  *Global Settlement Conditions to Effectiveness.*

1.  The Agreement Parties acknowledge that certain deadlines set forth in Section VIII of the Global Settlement passed before the execution of this Agreement.  For

---

[1] The version of the Global Settlement as updated on March 25, 2022 is attached to this Agreement as Exhibit H.  Further updates to the Global Settlement shall be deemed incorporated into this Agreement and shall supersede all earlier versions of the updated provisions.

that reason, (i) Settling Distributors agree to treat the State of Washington as satisfying the deadlines set forth in Section VIII of the Global Settlement provided that the State of Washington satisfies its obligations set forth in this <u>Section II</u> and (ii) the State of Washington agrees to treat Settling Distributors as having satisfied all notice obligations under Section VIII.B of the Global Settlement as to the State of Washington.

   2. The State of Washington shall deliver all signatures and releases required by the Agreement to be provided by the Settling States to the Settling Distributors by September 30, 2022.  This <u>Section II.A.2</u> supersedes the deadline for delivering those signatures and releases set forth in Section VIII.A.1 of the Global Settlement.

  B. *Agreement with Enforcement Committee.*  This Agreement shall not become effective unless the Enforcement Committee and the Settling Distributors execute the Enforcement Committee Agreement.  If the Enforcement Committee Agreement is not executed by June 1, 2022, the State of Washington and Settling Distributors will promptly negotiate an agreement that mirrors the Global Settlement to the extent possible and with a credit of $1,000,000 to Settling Distributors to account for possible credits the Settling Distributors would have received under <u>Section V</u> of this Agreement from the State Cost Fund and the Litigating Subdivision Cost Fund of the Global Settlement and to be deducted from the Year 7 payment described in <u>Section V.B.1</u> and <u>Section V.C.g</u> of this Agreement.

  C. *Participation by Subdivisions*.  If the condition in <u>Section II.B </u>has been satisfied, this Agreement shall become effective upon one of the following conditions being satisfied:

   1. All Litigating Subdivisions in the State of Washington and ninety percent (90%) of Non-Litigating Primary Subdivisions (calculated by population pursuant to the Global Settlement) in the State of Washington must become Participating Subdivisions by September 23, 2022.

   2. If the condition set forth in <u>Section II.C.1</u> is not met, the Settling Distributors shall have sole discretion to accept the terms of this Agreement, which shall become effective upon notice provided by the Settling Distributors to the State of Washington.  If the condition set forth by <u>Section II.C.1</u> is not met and Settling Distributors do not exercise discretion to accept this Agreement, this Agreement will have no further effect and all releases and other commitments or obligations contained herein will be void.

  D. *Dismissal of Claims.*  Provided that the conditions in <u>Sections II.B</u> and <u>II.C</u> have been satisfied, the State of Washington shall file the Consent Judgment described in Section I.N of the Global Settlement and attached hereto as <u>Exhibit G</u> ("*Washington Consent Judgment*") with the King County Superior Court ("*Washington Consent Judgment Court*") on or before November 1, 2022.  This <u>Section II.C.2</u> supersedes the deadline for submitting a Consent Judgment set forth in Section VIII.B of the Global Settlement.  In the event that the Court declines to enter the Washington Consent Judgment, each Settling Distributor shall be entitled to terminate the Agreement as to itself and shall be excused from all obligations under the Agreement, and if a Settling Distributor terminates the Agreement as to itself, all releases and other commitments or obligations contained herein with respect to that Settling Distributor will be null and void.  The date of the entry of the Washington Consent Judgment shall be the effective date of this Agreement

("*Washington Effective Date*").  Within the later of forty-five (45) days after the Washington Effective Date or December 31, 2022, each Settling Distributor will certify to the State that all medical claims data provided to it during the litigation (including Medicaid, PMP, LNI claims, and PEBB data) has been destroyed by the party and its agents, including all retained experts.

## III.    Participation by Subdivisions

A.    *Notice*.  The Office of the State of Washington Attorney General in consultation with the Settling Distributors shall send individual notice of the opportunity to participate in this Agreement and the requirements for participation to all Subdivisions eligible to participate who have not returned an executed Subdivision Settlement Participation Form within fifteen (15) days of the execution of this Agreement.  The Office of the State of Washington Attorney General may also provide general notice reasonably calculated to alert Subdivisions, including publication and other standard forms of notification.  Nothing contained herein shall preclude the State of Washington from providing further notice to, or from contacting any of its Subdivision(s) about, becoming a Participating Subdivision.

B.    *Trigger Date for Later Litigating Subdivisions*.  Notwithstanding Sections I.EE and I.GGGG of the Global Settlement, as to the State of Washington, Settling Distributors and the State of Washington agree to treat the Trigger Date for Primary Subdivisions as September 23, 2022 and the Trigger Date for all other Subdivisions as May 3, 2022.

C.    *Initial and Later Participating Subdivisions*.  Notwithstanding Sections I.BB, I.CC, I.FF and Section VII.D and E of the Global Settlement, any Participating Subdivision in Washington that meets the applicable requirements for becoming a Participating Subdivision set forth in Section VII.B or Section VII.C of the Global Settlement on or before September 23, 2022 shall be considered an Initial Participating Subdivision.  Participating Subdivisions that are not Initial Participating Subdivisions but meet the applicable requirements for becoming Participating Subdivisions set forth in Section VII.B or Section VII.C of the Global Settlement after September 23, 2022 shall be considered Later Participating Subdivisions.

D.    *Subdivision Settlement Participation Forms*.  Each Subdivision Settlement Participation Form submitted by a Participating Subdivision from the State of Washington shall be materially identical to Exhibit F to this Agreement.  Nothing in Exhibit F is intended to modify in any way either the terms of this Agreement or the terms of the Global Settlement, both of which the State of Washington and Participating Subdivisions agree to be bound.  To the extent that any Subdivision Settlement Participation Form submitted by any Participating Subdivision is worded differently from Exhibit F to this Agreement or interpreted differently from the Global Agreement and this Agreement in any respect, the Global Agreement and this Agreement control.

## IV.    Settlement Payments

A.    *Schedule*.  Annual Payments under this Agreement shall be calculated as if the State of Washington were a Settling State under the Global Settlement and shall be made pursuant to the terms of Section IV of the Global Settlement except that, as to the State of Washington, the Payment Date for Payment Year 1 shall be December 1, 2022 and the Payment Date for Payment

Year 2 shall be December 1, 2022.  For the avoidance of doubt, the sole component of the State of Washington's Annual Payment is the portion of the Net Abatement Amount allocated to the State of Washington under the Global Settlement ("*Washington Abatement Amount*").  The maximum possible Washington Abatement Amount is $430,249,769.02.

B.      *Use of Payment.*  The Washington Abatement Amount paid under this Agreement shall be used as provided for in Section V of the Global Settlement.

C.      *Nature of Payment.*  The State of Washington and its Participating Subdivisions agree that payments made to the State of Washington and its Participating Subdivisions under this Agreement are properly characterized as described in Section V.F of the Global Settlement.

### V.      Plaintiffs' Attorneys' Fees and Costs

A.      *Interaction with Global Settlement.*  Notwithstanding any contrary provision in the Global Settlement, payments to cover attorneys' fees and costs under this Agreement ("*Washington Fees and Costs*") shall be made pursuant to this Section V.

B.      *Amounts.*  The total amount to cover of all Washington Fees and Costs is $87,750,230.98.  That total consists of the categories of attorneys' fees and costs set forth in this Section V.B and shall be paid on the schedule set forth in Section V.C.

1.      State Outside and Inside Counsel Fees and Costs. Settling Distributors shall pay $76,829,316.21 to cover in-house fees and costs and outside counsel fees and costs to the Washington Attorney General's Office, which shall be used for any lawful purpose in the discharge of the Attorney General's duties at the sole discretion of the Attorney General. The amount shall be paid in increments as specified in Section V.C (Payment Year 1 – 20%, Payment Year 2 – 20%, Payment Year 3 – 15%, Payment Year 4 – 15%, Payment Year 5 – 15%, Payment Year 6 – 10%, Payment Year 7– 5%.)

2.      Fees and Costs for Participating Litigating Subdivisions' Attorneys. Settling Distributors shall pay $10,920,914.70 to Participating Litigating Subdivisions' attorneys for fees and costs into a single account as directed by the Washington Attorney General's Office, which then shall be paid as agreed between the State of Washington and attorneys for Participating Litigating Subdivisions.  Participating Litigating Subdivisions' attorneys shall be paid in accordance with the schedule in Section V.C and V.D.5 of this Agreement.

C.      *Schedule.*  Washington Fees and Costs shall be paid according to the following schedule:

a.      Payment Year 1:  Twenty percent (20%) of the total Washington Fees and Costs amount ($17,550,046.20), to be paid on or before December 1, 2022.

b.      Payment Year 2:  Twenty percent (20%) of the total Washington Fees and Costs amount ($17,550,046.20), to be paid on or before December 1, 2022.

c.      Payment Year 3:  Fifteen percent (15%) of the total Washington Fees and Costs amount ($13,162,534.65), to be paid on or before July 15, 2023.

d.      Payment Year 4:  Fifteen percent (15%) of the total Washington Fees and Costs amount ($13,162,534.65), to be paid on or before July 15, 2024.

e.      Payment Year 5:  Fifteen percent (15%) of the total Washington Fees and Costs amount ($13,162,534.65), to be paid on or before July 15, 2025.

f.      Payment Year 6:  Ten percent (10%) of the total Washington Fees and Costs amount ($8,775,023.10), to be paid on or before July 15, 2026.

g.      Payment Year 7:  Five percent (5%) of the total Washington Fees and Costs amount ($4,387,511.55), to be paid on or before July 15, 2027.

D.      *Remittance.*  So that Settling Distributors do not pay the same fees and costs under both the Global Settlement and this Agreement, Washington and its Participating Litigating Subdivisions and their respective counsel shall do as follows:

1.      Participating Litigating Subdivisions in Washington and their counsel shall apply to the Attorney Fee Fund and the Litigating Subdivision Cost Fund created pursuant to Exhibit R of the Global Settlement for all fees, costs and expenses for which they may be eligible and shall instruct the Fee Panel and the Cost and Expense Fund Administrator to remit to Settling Distributors the full amount awarded to such Participating Litigating Subdivision, with each Settling Distributor receiving the percentage of that amount corresponding to the allocation set forth in Section IV.I of the Global Settlement.

2.      Counsel for Participating Subdivisions shall instruct the Fee Panel created by the MDL Court pursuant to Exhibit R of the Global Settlement to remit to Settling Distributors the Contingency Fee Amount for their Participating Subdivisions in the State of Washington, with each Settling Distributor receiving the percentage of that amount corresponding to the allocation set forth in Section IV.I of the Global Settlement.

3.      The State of Washington shall instruct the Fee Fund Administrator selected pursuant to Exhibit S of the Global Settlement that the Settling Distributors shall not pay the Fixed Amount for the State of Washington, and the State of Washington will not be eligible to receive funds from the State Outside Counsel Fee Fund under the Global Settlement.

4.      The State of Washington shall submit documented costs, as provided for in Exhibit T of the Global Settlement, to the Global Settlement State Cost Fund created pursuant to Exhibit T of the Global Settlement for all costs and expenses for which it may be eligible and shall instruct the State Cost Fund Administrator to remit to Settling Distributors the full amount awarded to the State of Washington, with each Settling

Distributor receiving the percentage of that amount corresponding to the allocation set forth in Section IV.I of the Global Settlement.

     5.     No Participating Litigating Subdivision shall receive any payment due under this Agreement, including but not limited to the portion of the Washington Abatement Amount allocable to the Participating Subdivision, until it and/or its outside counsel, as applicable, fulfill their obligations under Sections V.D. 1-2.

## VI.    Release

A.    *Scope.*  As of the Washington Effective Date, Section XI of the Global Settlement is fully binding on, and effective with respect to, all Releasors under this Agreement. Accordingly, as of the Washington Effective Date, the Released Entities are hereby released and forever discharged from all Released Claims of Releasors, including the State of Washington and its Participating Subdivisions.

## VII.    Miscellaneous

A.    *No Admission*.  The Settling Distributors do not admit liability, fault, or wrongdoing.  Neither this Agreement nor the Washington Consent Judgment shall be considered, construed or represented to be (1) an admission, concession or evidence of liability or wrongdoing or (2) a waiver or any limitation of any defense otherwise available to the Settling Distributors.  It is the understanding and intent of the Agreement Parties that no portion of the Agreement shall be entered into evidence in any other action against the Settling Distributors, among other reasons, because it is not relevant to such action.  For the avoidance of any doubt, nothing herein shall prohibit a Settling Distributor from entering this Agreement into evidence in any litigation or arbitration concerning a Settling Distributor's right to coverage under an insurance contract.

B.    *Tax Cooperation and Reporting*.  The State of Washington and its Participating Subdivisions will be bound by Section V.F and Section XIV.F of the Global Settlement, except (i) as set forth in the final sentence of this Section VII.B and (ii) that the State of Washington shall be its own Designated State and shall designate its own "appropriate official" within the meaning of Treasury Regulations Section 1.6050X-1(f)(1)(ii)(B) (the "*Appropriate Official*").  The IRS Forms 1098-F to be filed with respect to this Agreement are attached as Exhibit C, Exhibit D, and Exhibit E.  The State of Washington and its Participating Subdivisions agree that any return, amended return, or written statement filed or provided pursuant to Section XIV.F.4 of the Global Settlement with respect to this Agreement, and any similar document, shall be prepared and filed in a manner consistent with reporting each Settling Distributor's portion of the aggregate amount of payments paid or incurred by the Settling Distributors hereunder as the "Total amount to be paid" pursuant to this Agreement in Box 1 of IRS Form 1098-F, each Settling Distributor's portion of the amount equal to the aggregate amount of payments paid or incurred by the Settling Distributors hereunder less the Compensatory Restitution Amount as the "Amount to be paid for violation or potential violation" in Box 2 of IRS Form 1098-F and each Settling Distributor's portion of the Compensatory Restitution Amount as "Restitution/remediation amount" in Box 3 of IRS Form 1098-F, as reflected in Exhibit C, Exhibit D, and Exhibit E.

C.      *No Third-Party Beneficiaries*.  Except as expressly provided in this Agreement, no portion of this Agreement shall provide any rights to, or be enforceable by, any person or entity that is not the State of Washington or a Released Entity.  The State of Washington may not assign or otherwise convey any right to enforce any provision of this Agreement.

D.      *Cooperation*.  Each Agreement Party and each Participating Subdivision agrees to use its best efforts and to cooperate with the other Agreement Parties and Participating Subdivisions to cause this Agreement to become effective, to obtain all necessary approvals, consents and authorizations, if any, and to execute all documents and to take such other action as may be appropriate in connection herewith.  Consistent with the foregoing, each Agreement Party and each Participating Subdivision agrees that it will not directly or indirectly assist or encourage any challenge to this Agreement or the Washington Consent Judgment by any other person, and will support the integrity and enforcement of the terms of this Agreement and the Washington Consent Judgment.

E.      *Enforcement*.  All disputes between Settling Distributors and the State of Washington and/or the Participating Subdivisions in the State of Washington shall be handled as specified in Section VI of the Global Settlement, including the referral of relevant disputes to the National Arbitration Panel.

F.      *No Violations of Applicable Law*.  Nothing in this Agreement shall be construed to authorize or require any action by Settling Distributors in violation of applicable federal, state, or other laws.

G.      *Modification*.  This Agreement may be modified by a written agreement of the Agreement Parties.  For purposes of modifying this Agreement or the Washington Consent Judgment, Settling Distributors may contact the Washington Attorney General for purposes of coordinating this process. The dates and deadlines in this Agreement may be extended by written agreement of the Agreement Parties, which consent shall not be unreasonably withheld.

H.      *No Waiver.*  Any failure by any Agreement Party to insist upon the strict performance by any other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

I.      *Entire Agreement*.  This Agreement, including the Global Settlement (and its exhibits), represents the full and complete terms of the settlement entered into by the Agreement Parties, except as provided herein.  In any action undertaken by the Agreement Parties, no prior versions of this Agreement and no prior versions of any of its terms may be introduced for any purpose whatsoever.

J.      *Counterparts*.  This Agreement may be executed in counterparts, and a facsimile or .pdf signature shall be deemed to be, and shall have the same force and effect as, an original signature.

K.      *Notice*.  All notices or other communications under this Agreement shall be provided to the following via email and overnight delivery to:

*Copy to AmerisourceBergen Corporation's attorneys at:*
Michael T. Reynolds
Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019
mreynolds@cravath.com

*Copy to Cardinal Health, Inc.'s attorneys at:*
Elaine Golin
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
epgolin@wlrk.com

*Copy to McKesson Corporation's attorneys at*:
Thomas J. Perrelli
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
TPerrelli@jenner.com

*Copy to the State of Washington at:*

Shane Esquibel
Jeffrey Rupert
Laura Clinton
Washington Attorney General's Office
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
Shane.Esquibel@atg.wa.gov
Jeffrey.Rupert@atg.wa.gov
Laura.Clinton@atg.wa.gov

[Signatures begin on next page.]

**Authorized and agreed to by**:

Dated: 5/2/22

ROBERT W. FERGUSON
Attorney General, State of Washington

By: _____

Name: JEFFREY RUPERT

Title: Division Chief

**Authorized and agreed to by**:

Dated:  May 2, 2022                    AMERISOURCEBERGEN CORPORATION

By:_____
       Elizabeth Campbell
       Executive Vice President and Chief Legal Officer

**Authorized and agreed to by**:

Dated:  04/29/2022                    CARDINAL HEALTH, INC.

By:_____

Name:  Jessica Mayer

Title:   Chief Legal and Compliance Officer

**Authorized and agreed to by**:

Dated: 5/2/22

MCKESSON CORPORATION

By: _____

Name: Saralisa C- Brau

Title: Corporate Secretary

**Exhibit A**
**Primary Subdivisions[2]**

**No.**      **Subdivision Name**

1.      Aberdeen city
2.      Adams County
3.      Anacortes City
4.      Arlington City
5.      Asotin County
6.      Auburn City*
7.      Bainbridge Island City
8.      Battle Ground City
9.      Bellevue City*
10.     Bellingham City*
11.     Benton County*
12.     Bonney Lake City
13.     Bothell City*
14.     Bremerton City*
15.     Burien City*
16.     Camas City
17.     Centralia City
18.     Chelan County*
19.     Cheney City
20.     Clallam County*
21.     Clark County*
22.     Covington City
23.     Cowlitz County*
24.     Des Moines City*
25.     Douglas County*
26.     East Wenatchee City
27.     Edgewood City
28.     Edmonds City*
29.     Ellensburg City
30.     Enumclaw City
31.     Everett City*
32.     Federal Way City*
33.     Ferndale City
34.     Fife City
35.     Franklin County*
36.     Gig Harbor City
37.     Grandview City
38.     Grant County*

---

[2] Entities denoted with an asterisk (*) indicate a population of greater than 30,000 for purposes of the definition of Primary Subdivision as it relates to Incentive Payment C.

39. Grays Harbor County*
40. Island County*
41. Issaquah City*
42. Jefferson County*
43. Kelso City
44. Kenmore City
45. Kennewick City*
46. Kent City*
47. King County*
48. Kirkland City*
49. Kitsap County*
50. Kittitas County*
51. Klickitat County
52. Lacey City*
53. Lake Forest Park City
54. Lake Stevens City*
55. Lakewood City*
56. Lewis County*
57. Liberty Lake City
58. Lincoln County
59. Longview City*
60. Lynden City
61. Lynnwood City*
62. Maple Valley City
63. Marysville City*
64. Mason County*
65. Mercer Island City
66. Mill Creek City
67. Monroe City
68. Moses Lake City
69. Mount Vernon City*
70. Mountlake Terrace City
71. Mukilteo City
72. Newcastle City
73. Oak Harbor City
74. Okanogan County*
75. Olympia City*
76. Pacific County
77. Pasco City*
78. Pend Oreille County
79. Pierce County*
80. Port Angeles City
81. Port Orchard City
82. Poulsbo City
83. Pullman City*
84. Puyallup City*

85.     Redmond City*
86.     Renton City*
87.     Richland City*
88.     Sammamish City*
89.     San Juan County
90.     Seatac City
91.     Seattle City*
92.     Sedro-Woolley City
93.     Shelton City
94.     Shoreline City*
95.     Skagit County*
96.     Skamania County
97.     Snohomish City
98.     Snohomish County*
99.     Snoqualmie City
100.    Spokane City*
101.    Spokane County*
102.    Spokane Valley City*
103.    Stevens County*
104.    Sumner City
105.    Sunnyside City
106.    Tacoma City*
107.    Thurston County*
108.    Tukwila City
109.    Tumwater City
110.    University Place City*
111.    Vancouver City*
112.    Walla Walla City*
113.    Walla Walla County*
114.    Washougal City
115.    Wenatchee City*
116.    West Richland City
117.    Whatcom County*
118.    Whitman County*
119.    Woodinville City
120.    Yakima City*
121.    Yakima County*

**Exhibit B**
**Litigating Subdivisions**

**No.**          **Subdivision Name**

1.      Anacortes City
2.      Bainbridge Island City
3.      Burlington City
4.      Chelan County
5.      Clallam County
6.      Clark County
7.      Everett City
8.      Franklin County
9.      Island County
10.     Jefferson County
11.     Kent City
12.     King County
13.     Kirkland City
14.     Kitsap County
15.     Kittitas County
16.     La Conner School District
17.     Lakewood City
18.     Lewis County
19.     Lincoln County
20.     Mount Vernon City
21.     Mount Vernon School District
22.     Olympia City
23.     Pierce County
24.     San Juan County
25.     Seattle City
26.     Sedro-Woolley City
27.     Sedro-Woolley School District
28.     Skagit County
29.     Snohomish County
30.     Spokane City
31.     Spokane County
32.     Tacoma City
33.     Thurston County
34.     Vancouver City
35.     Walla Walla County
36.     Whatcom County
37.     Whitman County

**Exhibit C**
**<u>ABC IRS Form 1098-F</u>**

This Exhibit C will be appended to the Agreement prior to the Effective Date pursuant to Section VII.B.

**Exhibit D**
**Cardinal Health IRS Form 1098-F**


This Exhibit D will be appended to the Agreement prior to the Effective Date pursuant to Section VII.B.

**Exhibit E**
**<u>McKesson IRS Form 1098-F</u>**


This Exhibit E will be appended to the Agreement prior to the Effective Date pursuant to Section VII.B.

**Exhibit F**
**<u>Subdivision Settlement Participation Form</u>**

| Governmental Entity: | State: |
|---|---|
| Authorized Official: | |
| Address 1: | |
| Address 2: | |
| City, State, Zip: | |
| Phone: | |
| Email: | |

The governmental entity identified above ("*Governmental Entity*"), in order to obtain and in consideration for the benefits provided to the Governmental Entity pursuant to the Settlement Agreement dated May 2, 2022 ("*Distributors Washington Settlement*"), and acting through the undersigned authorized official, hereby elects to participate in the Distributors Washington Settlement, release all Released Claims against all Released Entities, and agrees as follows.

1. The Governmental Entity is aware of and has reviewed the Distributors Washington Settlement, including the Distributor Global Settlement Agreement dated July 21, 2021 ("*Global Settlement*") attached to the Distributors Washington Settlement as Exhibit H, understands that all terms in this Participation Form have the meanings defined therein, and agrees that by signing this Participation Form, the Governmental Entity elects to participate in the Distributors Washington Settlement and become a Participating Subdivision as provided therein.

2. The Governmental Entity shall, within 14 days of October 1, 2022 and prior to the filing of the Consent Judgment, secure the dismissal with prejudice of any Released Claims that it has filed.

4. The Governmental Entity agrees to the terms of the Distributors Washington Settlement pertaining to Subdivisions as defined therein.

5. By agreeing to the terms of the Distributors Washington Settlement and becoming a Releasor, the Governmental Entity is entitled to the benefits provided therein, including, if applicable, monetary payments beginning after December 1, 2022.

6. The Governmental Entity agrees to use any monies it receives through the Distributors Washington Settlement solely for the purposes provided therein.

7. The Governmental Entity submits to the jurisdiction of the Washington Consent Judgment Court for purposes limited to that court's role as provided in, and for resolving disputes to the extent provided in, the Distributors Washington Settlement.  The Governmental Entity likewise agrees to arbitrate before the National Arbitration Panel as provided in, and for resolving disputes to the extent otherwise provided in the Distributors Washington Settlement.

8. The Governmental Entity has the right to enforce the Distributors Washington Settlement as provided therein.

9. The Governmental Entity, as a Participating Subdivision, hereby becomes a Releasor for all purposes in the Distributors Washington Settlement, including, but not limited to, all provisions of Section XI of the Global Settlement, and along with all departments, agencies, divisions, boards, commissions, districts, instrumentalities of any kind and attorneys, and any person in their official capacity elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, and any other entity identified in the definition of Releasor, provides for a release to the fullest extent of its authority.  As a Releasor, the Governmental Entity hereby absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim, or to cause, assist or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever.  The releases provided for in the Distributors Washington Settlement are intended by the Agreement Parties to be broad and shall be interpreted so as to give the Released Entities the broadest possible bar against any liability relating in any way to Released Claims and extend to the full extent of the power of the Governmental Entity to release claims.  The Distributors Washington Settlement shall be a complete bar to any Released Claim.

10. The Governmental Entity hereby takes on all rights and obligations of a Participating Subdivision as set forth in the Distributors Washington Settlement.

11. In connection with the releases provided for in the Distributors Washington Settlement, each Governmental Entity expressly waives, releases, and forever discharges any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads:

> **General Release; extent.**  A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.

A Releasor may hereafter discover facts other than or different from those which it knows, believes, or assumes to be true with respect to the Released Claims, but each Governmental Entity hereby expressly waives and fully, finally, and forever settles, releases and discharges, upon the date the Distributors Washington Settlement becomes effective pursuant to Section II.B of the Distributors Washington Settlement, any and all Released Claims that may exist as of such date but which Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or through no fault whatsoever, and which, if known, would materially affect the Governmental Entities' decision to participate in the Distributors Washington Settlement.

F-2

12. Nothing herein is intended to modify in any way the terms of the Distributors Washington Settlement, to which Governmental Entity hereby agrees. To the extent this Participation Form is worded differently from Exhibit F to the Distributors Washington Settlement or interpreted differently from the Distributors Washington Settlement in any respect, the Distributors Washington Settlement controls.

I have all necessary power and authorization to execute this Participation Form on behalf of the Governmental Entity.

Signature: _____

Name: _____

Title: _____

Date: _____

F-3

**Exhibit G**
**Consent Judgment and Stipulation of Dismissal with Prejudice**

The Honorable Michael Ramsey Scott
Trial Date: November 15, 2021

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 19-2-06975-9 SEA |
| Plaintiff, | FINAL CONSENT JUDGMENT AND DISMISSAL WITH PREJUDICE |
| v. | |
| MCKESSON CORPORATION, CARDINAL HEALTH INC., and AMERISOURCEBERGEN DRUG CORPORATION, | |
| Defendants. | |

**FINAL CONSENT JUDGMENT AND DISMISSAL WITH PREJUDICE**

The State of Washington ("*State*") and McKesson Corporation, Cardinal Health, Inc.,

AmerisourceBergen Drug Corporation and AmerisourceBergen Corporation, together with the

subsidiaries thereof (collectively, the "*Settling Distributors*," and each a "*Settling Distributor*")

(together with the State, the "*Parties*," and each a "*Party*") have entered into a consensual

resolution of the above-captioned litigation (the "*Action*") pursuant to a settlement agreement

entitled Distributors Washington Settlement Agreement, dated as of May 2, 2022 (the

"*Washington Agreement*"), a copy of which is attached hereto as Exhibit A. The Washington

Agreement shall become effective by its terms upon the entry of this Final Consent Judgment

(the "*Judgment*") by the Court without adjudication of any contested issue of fact or law, and

without finding or admission of wrongdoing or liability of any kind. By entering into the

Washington Agreement, the State of Washington agrees to be bound by all terms and conditions

of the Distributor Settlement Agreement, dated as of July 21, 2021 (as subsequently updated) (the "*Global Agreement*"), a copy of which is attached hereto as Exhibit B (together with the Washington Agreement, the "*Agreements*") unless stated otherwise in the Washington Agreement.  Unless stated otherwise in the Washington Agreement, the terms of the Washington Agreement are intended to be consistent with the terms of the Global Settlement and shall be construed accordingly.

## I.      RECITALS:

1. Each Party warrants and represents that it engaged in arm's-length negotiations in good faith. In hereby executing the Agreements, the Parties intend to effect a good-faith settlement.

2. The State has determined that the Agreements are in the public interest.

3. The Settling Distributors deny the allegations against them and that they have any liability whatsoever to the State, its Subdivisions, and/or (a) any of the State's or Subdivisions' departments, agencies, divisions, boards, commissions, districts, instrumentalities of any kind and attorneys, including its Attorney General, and any person in his or her official capacity whether elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, and other Special Districts, and (c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, *qui tam*, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public.

4. The Parties recognize that the outcome of the Action is uncertain and a final resolution through the adversarial process likely will require protracted litigation.

5. The Parties agree to the entry of the injunctive relief terms pursuant to Exhibit P of the Global Agreement.

6. Therefore, without any admission of liability or wrongdoing by the Settling Distributors or any other Released Entities (as defined in the Global Agreement), the Parties now mutually consent to the entry of this Judgment and agree to dismissal of the claims with prejudice pursuant

to the terms of the Agreements to avoid the delay, expense, inconvenience, and uncertainty of protracted litigation.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

In consideration of the mutual promises, terms, and conditions set forth in the Agreements, the adequacy of which is hereby acknowledged by all Parties, it is agreed by and between the Settling Distributors and the State, and adjudicated by the Court, as follows:

1. The foregoing Recitals are incorporated herein and constitute an express term of this Judgment.

2. The Parties have entered into a full and final settlement of all Released Claims of Releasors against the Settling Distributors (including but not limited to the State) and the Released Entities pursuant to the terms and conditions set forth in the Agreements.

3. The "Definitions" set forth in Section I of the Global Agreement are incorporated by reference into this Judgment.  The State is a "Settling State" within the meaning of the Global Agreement.  Unless otherwise defined herein, capitalized terms in this Judgment shall have the same meaning given to them in the Global Agreement, or, if not defined in the Global Agreement, the same meaning given to them in the Washington Agreement.

4. The Parties agree that the Court has jurisdiction over the subject matter of the Action and over the Parties with respect to the Action and this Judgment.  This Judgment shall not be construed or used as a waiver of any jurisdictional defense the Settling Distributors or any other Released Entity may raise in any other proceeding.

5. The Court finds that the Agreements were entered into in good faith.

6. The Court finds that entry of this Judgment is in the public interest and reflects a negotiated settlement agreed to by the Parties.  The Action is dismissed with prejudice, subject to a retention of jurisdiction by the Court as provided herein and in the Agreements.

7. By this Judgment, the Agreements are hereby approved by the Court, and the Court hereby adopts their terms as its own determination of this matter and the Parties' respective rights and obligations.

8. The Court shall have authority to resolve disputes identified in Section VI.F.1 of the Global Agreement, governed by the rules and procedures of the Court.

9. The Parties have satisfied the Conditions to Effectiveness of Agreement set forth in Section II.B of the Washington Agreement as follows:

a.   The Enforcement Committee and the Settling Distributors executed the Enforcement Committee Agreement by June 1, 2022.

b.   All Litigating Subdivisions in the State of Washington and ninety percent (90%) of Non-Litigating Primary Subdivisions (calculated by population pursuant to the Global Settlement) in the State of Washington became Participating Subdivisions by September 23, 2022.

10. The Parties have satisfied the Condition to Effectiveness of Agreement set forth in Section VIII of the Global Agreement and the Release set forth in Sections XI.A, F, and G of the Global Agreement, as follows:

a.   The Attorney General of the State exercised the fullest extent of his or her powers to release the Settling Distributors and all other Released Entities from all Released Claims pursuant to the release attached hereto as Exhibit C (the "*AG Release*").

b.   The Settling Distributors have determined that there is sufficient State participation and sufficient resolution of the Claims of the Litigating Subdivisions in the Settling States to proceed with the Agreements.

c.   The Participation Form for each Initial Participating Subdivision in the State has been delivered to the Settling Distributors.  As stated in the Participation Form, and for the avoidance of doubt, nothing in the Participation Form executed by the Participating Subdivisions is intended to modify in any way the terms of the

Agreements to which the Participating Subdivisions agree.  As stated in the Participation Form, to the extent the executed version of the Participation Form differs from the Global Agreement in any respect, the Global Agreement controls.

d.      Pursuant to Section VIII.B of the Global Agreement, each Participating Subdivision in the State is dismissing with prejudice any Released Claims that it has filed against the Settling Distributors and the Released Entities.

11. Release. The Parties acknowledge that the AG Release, which is incorporated by reference herein, is an integral part of this Judgment.  Pursuant to the Agreements and the AG Release and without limitation and to the maximum extent of the power of the State's Attorney General, the Settling Distributors and the other Released Entities are, as of the Effective Date, hereby released from any and all Released Claims of (a) the State and its Participating Subdivisions and any of their departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind and attorneys, including the State's Attorney General, and any person in his or her official capacity whether elected or appointed to serve any of the foregoing, and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, and other Special Districts in the State, and (c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, *qui tam*, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public with respect to the State or any Subdivision in the State, whether or not any of them participate in the Agreements. Pursuant to the Agreements and the AG Release and to the maximum extent of the State's power, the Settling Distributors and the other Released Entities are, as of the Effective Date, hereby released from any and all Released Claims of (1) the State, (2) all past and present executive departments, state agencies, divisions, boards, commissions and instrumentalities with the regulatory authority to enforce state and federal controlled substances acts, and (3) any of the State's past and present executive departments, agencies, divisions, boards, commissions and instrumentalities that have the authority to bring Claims related to Covered Conduct seeking

money (including abatement and/or remediation) or revocation of a pharmaceutical distribution license.  For the purposes of clause (3) above, executive departments, agencies, divisions, boards, commissions, and instrumentalities are those that are under the executive authority or direct control of the State's Governor.  Further, the provisions set forth in Section XI of the Global Agreement are incorporated by reference into this Judgment as if fully set forth herein.  The Parties acknowledge, and the Court finds, that those provisions are an integral part of the Agreements and this Judgment, and shall govern the rights and obligations of all participants in the settlement.  Any modification of those rights and obligations may be made based only on a writing signed by all affected parties and approved by the Court.

12. <u>Release of Unknown Claims.</u>  The State expressly waives, releases, and forever discharges any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads:

> **General Release; extent.** A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

13. The State may hereafter discover facts other than or different from those which it knows, believes, or assumes to be true with respect to the Released Claims, but the State expressly waived and fully, finally, and forever settled, released and discharged, through the Agreements and AG Release, any and all Released Claims that may exist as of the Effective Date but which the State does not know or suspect to exist, whether through ignorance, oversight, error, negligence or through no fault whatsoever, and which, if known, would have materially affected the State's decision to enter into the Agreements.

14. <u>Costs and Fees.</u>  The Parties will bear their own costs and attorneys' fees except as otherwise provided in the Agreements.

15. No Admission of Liability.  The Settling Distributors are consenting to this Judgment solely for the purpose of effectuating the Agreements, and nothing contained herein may be taken as or construed to be an admission or concession of any violation of law, rule, or regulation, or of any other matter of fact or law, or of any liability or wrongdoing, all of which the Settling Distributors expressly deny.  None of the Settling Distributors or any other Released Entity admits that it caused or contributed to any public nuisance, and none of the Settling Distributors or any other Released Entity admits any wrongdoing that was or could have been alleged by the State, its Participating Subdivisions, or any other person or entity.  No part of this Judgment shall constitute evidence of any liability, fault, or wrongdoing by the Settling Distributors or any other Released Entity.  The Parties acknowledge that payments made under the Agreements are not a fine, penalty, or payment in lieu thereof and are properly characterized as described in Section V.F of the Global Agreement.

16. No Waiver.  This Judgment is entered based on the Agreements without adjudication of any contested issue of fact or law or finding of liability of any kind.  This Judgment shall not be construed or used as a waiver of any Settling Distributor's right, or any other Released Entity's right, to defend itself from, or make any arguments in, any other regulatory, governmental, private individual, or class claims or suits relating to the subject matter or terms of this Judgment.  Notwithstanding the foregoing, the State may enforce the terms of this Judgment as expressly provided in the Agreements.

17. No Private Right of Action.  This Judgment is not intended for use by any third party for any purpose, including submission to any court for any purpose, except pursuant to Section VI.A of the Global Agreement.  Except as expressly provided in the Agreements, no portion of the Agreements or this Judgment shall provide any rights to, or be enforceable by, any person or entity that is not a Settling State or Released Entity.  The State shall allow Participating Subdivisions in the State to notify it of any perceived violations of the Agreements or this Judgment.  No Settling State, including the State of Washington, may assign or otherwise convey any right to enforce any provision of the Agreements.

18. Admissibility.  It is the intent of the Parties that this Judgment not be admissible in other cases against the Settling Distributors or binding on the Settling Distributors in any respect other than in connection with the enforcement of this Judgment or the Agreements.  For the avoidance of doubt, nothing herein shall prohibit a Settling Distributor from entering this Judgment or the Agreements into evidence in any litigation or arbitration concerning (1) a Settling Distributor's right to coverage under an insurance contract or (2) the enforcement of the releases provided for by the Agreements and this Judgment.

19. Preservation of Privilege.  Nothing contained in the Agreements or this Judgment, and no act required to be performed pursuant to the Agreements or this Judgment, is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege, and each Party agrees that it shall not make or cause to be made in any forum any assertion to the contrary.

20. Mutual Interpretation.  The Parties agree and stipulate that the Agreements were negotiated on an arm's-length basis between parties of equal bargaining power and was drafted jointly by counsel for each Party.  Accordingly, the Agreements are incorporated herein by reference and shall be mutually interpreted and not construed in favor of or against any Party, except as expressly provided for in the Agreements.

21. Retention of Jurisdiction.  The Court shall retain jurisdiction of the Parties for the limited purpose of the resolution of disputes identified in Section VI.F.1 of the Global Agreement. The Court shall have jurisdiction over Participating Subdivisions in the State for the limited purposes identified in the Agreements.

22. Successors and Assigns.  This Judgment is binding on each of the Settling Distributor's successors and assigns.

23. Modification.  This Judgment shall not be modified (by the Court, by any other court, or by any other means) without the consent of the State and the Settling Distributors, or as provided for in Section XIV.U of the Global Agreement.

So ORDERED this _____ day of _____ 2022.

_____
THE HONORABLE JUDGE MICHAEL. R. SCOTT

APPROVED, AGREED TO AND PRESENTED BY:

ROBERT W. FERGUSON
Attorney General

s/_____
MARTHA RODRÍGUEZ LÓPEZ,
WSBA No. 35466
ANDREW R.W. HUGHES, WSBA No. 49515
NATHAN K. BAYS, WSBA No. 43025
BRIAN H. ROWE, WSBA No. 56817
SPENCER W. COATES, WSBA No. 49683
KELSEY E. ENDRES, WSBA No. 39409
LAURA K. CLINTON, WSBA No. 29846
JONATHAN J. GUSS, WSBA No. 57663
SUSAN E. LLORENS, WSBA No. 38049
LIA E. PERNELL, WSBA No. 50208

MOTLEY RICE LLC

s/_____
LINDA SINGER, pro hac vice
ELIZABETH SMITH, pro hac vice
DAVID I. ACKERMAN, pro hac vice
JAMES LEDLIE, pro hac vice
DON MIGLIORI, pro hac vice
REBECCA FONSECA, pro hac vice
MICHAEL J. QUIRK, pro hac vice
ANNIE KOUBA, pro hac vice
MICHAEL J. PENDELL, pro hac vice
CHRISTOPHER MORIARTY, pro hac vice
LISA M. SALTZBURG, pro hac vice
NATALIA DEYNEKA, pro hac vice
MICHAEL E. ELSNER, pro hac vice
ANDREW P. ARNOLD, pro hac vice
MIMI LIU, pro hac vice

STOEL RIVES LLP

s/_____
VANESSA SORIANO POWER,
WSBA No. 30777
JENNA M. POLIGO, WSBA No. 54466
RACHEL C. LEE, WSBA No. 48245
S. JULIA LITTELL, WSBA No. 54106
PER RAMFJORD, pro hac vice
CHRIS C. RIFER, pro hac vice

WILLIAMS & CONNOLLY LLP

s/_____
LORYN HELFMANN, pro hac vice
A. JOSHUA PODOLL, pro hac vice
SUZANNE SALGADO, pro hac vice
NEELUM J. WADHWANI, pro hac vice
PAUL E. BOEHM, pro hac vice
ELEANOR J.G. WASSERMAN, pro hac vice
DAVID J. PARK, pro hac vice
JOSHUA D. TULLY, pro hac vice
STEVEN PYSER, pro hac vice
ENU A. MAINIGI, pro hac vice
JENNIFER G. WICHT, pro hac vice
JOSEPH S. BUSHUR, pro hac vice
COLLEEN MCNAMARA, pro hac vice
MATTHEW P. MOONEY, pro hac vice
ASHLEY W. HARDIN, pro hac vice
J. ANDREW KEYES, pro hac vice
EMILY R. PISTILLI, pro hac vice
BRAD MASTERS, pro hac vice

ANN RITTER, pro hac vice
SARA AGUINGUA, pro hac vice
DAVID BURNETT, pro hac vice
VINCENT GREENE, pro hac vice

*Attorneys for Plaintiff State of Washington*

WILLIAM F. HAWKINS, pro hac vice

*Attorneys for Defendant Cardinal Health Inc.*

GORDON TILDEN THOMAS & CORDELL
LLP


*s/*_____
FRANKLIN D. CORDELL,
WSBA No. 26392
JEFFREY M. THOMAS,
WSBA No. 21175
KASEY HUEBNER,
WSBA No. 32890

COVINGTON & BURLING

CHISTOPHER EPPICH, pro hac vice
ANDREW STANNER, pro hac vice
KEVIN KELLY, pro hac vice
AMBER CHARLES, pro hac vice
MEGHAN MONAGHAN, pro hac vice
ISAAC CHAPUT, pro hac vice
DANIEL EAGLES, pro hac vice
MEGAN MCLAUGHLIN, pro hac vice
DEVON L. MOBLEY-RITTER, pro hac vice
MEGAN RODGERS, pro hac vice
SONYA D. WINNER, pro hac vice
CLAYTON L. BAILEY, pro hac vice
JAMES A. GOOLD, pro hac vice
EMILY KVESELIS, pro hac vice
PAUL W. SCHMIDT, pro hac vice
ALEXANDER SETZEPFANDT, pro hac vice
CHRISTIAN J. PISTILLI, pro hac vice
LAUREN DORRIS, pro hac vice
NICHOLAS GRIEPSMA, pro hac vice
ALISON DICIURCIO, pro hac vice
SARA J. DENNIS, pro hac vice
PHYLLIS A. JONES, pro hac vice
DALE A. RICE, pro hac vice

*Attorneys for Defendant McKesson Corp.*


LANE POWELL PC


*s/*_____
JOHN S. DEVLIN III, WSBA No. 23988
PILAR FRENCH, WSBA No. 33300

REED SMITH LLP

ROBERT A. NICHOLAS, pro hac vice
KIM M. WATTERSON, pro hac vice

STEVEN BORANIAN, pro hac vice
ELIZABETH BRANDON, pro hac vice

*Attorneys for Defendant AmerisourceBergen
Drug Corporation and AmerisourceBergen
Corporation*

## DECLARATION OF SERVICE

I declare that I caused a copy of the foregoing document to be electronically served using the Court's Electronic Filing System, which will serve a copy of this document upon all counsel of record.

| CARDINAL | |
|---|---|
| Vanessa S. Power, Atty | vanessa.power@stoel.com |
| Jenna Poligo, Atty | jenna.poligo@stoel.com |
| Per A. Ramfjord, Atty | per.ramfjord@stoel.com |
| Rachel C. Lee, Atty | rachel.lee@stoel.com |
| Christopher C. Rifer, Atty | christopher.rifer@stoel.com |
| Loryn Helfmann, Atty | lhelfmann@wc.com |
| A. Joshua Podoll, Atty | apodoll@wc.com |
| Suzanne Salgado, Atty | ssalgado@wc.com |
| Neelum J. Wadhwani, Atty | nwadhwani@wc.com |
| Paul E. Boehm, Atty | pboehm@wc.com |
| Eleanor J. G. Wasserman, Atty | ewasserman@wc.com |
| David J. Park, Atty | dpark@wc.com |
| Joshua D. Tully, Atty | jtully@wc.com |
| Steven Pyser, Atty | spyser@wc.com |
| Enu A. Mainigi, Atty | emainigi@wc.com |
| Jennifer G. Wicht, Atty | jwicht@wc.com |
| Joseph S. Bushur, Atty | jbushur@wc.com |
| Colleen McNamara, Atty | cmcnamara@wc.com |
| Ashley W. Hardin, Atty | ahardin@wc.com |
| J. Andrew Keyes, Atty | akeyes@wc.com |
| Emily R. Pistilli, Atty | epistilli@wc.com |
| William F. Hawkins, Atty | whawkins@wc.com |
| Stoel Docketing | docketclerk@stoel.com |
| Leslie Lomax, Legal Assistant | leslie.lomax@stoel.com |
| WA Action | cardinalwashingtonaction@wc.com |

| MCKESSON | |
|---|---|
| Franklin D. Cordell | fcordell@gordontilden.com |
| Jeffrey M. Thomas | jthomas@gordontilden.com |
| Kasey Huebner | khuebner@gordontilden.com |
| Christopher Eppich, Atty | ceppich@cov.com |
| Andrew Stanner, Atty | astanner@cov.com |
| Kevin Kelly, Atty | kkelly@cov.com |
| Amber Charles, Atty | acharles@cov.com |
| Meghan Monaghan, Atty | mmonaghan@cov.com |
| Isaac Chaput, Atty | ichaput@cov.com |
| Daniel Eagles, Atty | deagles@cov.com |
| Megan McLaughlin, Atty | mmclaughlin@cov.com |
| Devon L. Mobley-Ritter, Atty | dmobleyritter@cov.com |
| Megan Rodgers, Atty | mrodgers@cov.com |
| Sonya D. Winner, Atty | swinner@cov.com |
| Clayton L. Bailey, Atty | cbailey@cov.com |

| | |
|---|---|
| James A. Goold, Atty | jgoold@cov.com |
| Emily Kveselis, Atty | ekveselis@cov.com |
| Paul W. Schmidt, Atty | pschmidt@cov.com |
| Alexander Setzepfandt, Atty | asetzepfandt@cov.com |
| Christian J. Pistilli, Atty | cpistilli@cov.com |
| Lauren Dorris, Atty | ldorris@cov.com |
| Nicholas Griepsma, Atty | ngriepsma@cov.com |
| Alison DiCiurcio, Atty | adiciurcio@cov.com |
| Sara J. Dennis, Atty | sdennis@cov.com |
| Phyllis A. Jones, Atty | pajones@cov.com |
| Dale A. Rice, Atty | drice@cov.com |
| Nicole Antoine, Atty | nantoine@cov.com |
| Timothy Hester, Atty | thester@cov.com |
| Gregory L. Halperin, Atty | ghalperin@cov.com |
| Stephen Petkis, Atty | spetkis@cov.com |
| Alice Phillips Atty | aphillips@cov.com |
| Ellen Evans, Legal Assistant | eevans@gordontilden.com |
| Jacqueline Lucien Legal Assistant | jlucien@gordontilden.com |
| Courtney Caryl Garth, Paralegal | ccaryl@gordontilden.com |
| Electronic Mailing Inbox | mckessonwa@cov.com |

| AMERISOURCEBERGEN | |
|---|---|
| Pilar French, Atty | frenchp@lanepowell.com |
| John S. Devlin III, Atty | devlinj@lanepowell.com |
| Katie Bass, Atty | bassk@lanepowell.com |
| Elizabeth Brandon, Atty | ebrandon@reedsmith.com |
| Sarah Johansen, Atty | sjohansen@reedsmith.com |
| Rachel B. Weil, Atty | rweil@reedsmith.com |
| Steven Boranian, Atty | sboranian@reedsmith.com |
| Adam D. Brownrout, Atty | abrownrout@reedsmith.com |
| Nicole S. Soussan, Atty | nsoussan@reedsmith.com |
| Brian T. Himmel, Atty | bhimmel@reedsmith.com |
| Shannon E. McClure, Atty | smcclure@reedsmith.com |
| Michael J. Salimbene, Atty | msalimbene@reedsmith.com |
| Robert A. Nicholas, Atty | rnicholas@reedsmith.com |
| Thomas H. Suddath, Jr., Atty | tsuddath@reedsmith.com |
| Thomas J. McGarrigle, Atty | tmcgarrigle@reedsmith.com |
| Courtland C. Chillingworth, Atty | cchillingworth@reedsmith.com |
| Christina M. Vitale, Atty | cvitale@reedsmith.com |
| Brian T. Kiolbasa, Atty | kiolbasab@lanepowell.com |
| Abigail M. Pierce, Atty | abigail.pierce@reedsmith.com |
| Joseph Mahady, Atty | jmahady@reedsmith.com |
| Jeffrey R. Melton, Atty | jmelton@reedsmith.com |
| Anne E. Rollins, Atty | arollins@reedsmith.com |
| Eric J. Buhr, Atty | ebuhr@reedsmith.com |
| Brent R. Gary, Atty | bgary@reedsmith.com |
| Kim M. Watterson, Atty | KWatterson@reedsmith.com |
| Jeffrey M. Weimer, Atty | JWeimer@reedsmith.com |
| E-Mailbox | Docketing-SEA@lanepowell.com |
| E-Mailbox | Docketing-PDX@lanepowell.com |
| E-Mailbox | ABDCWA@LanePowell.com |

DATED ___ day of _____ 2022, at Seattle, Washington.

<u>s/</u>
ANDREW R.W. HUGHES, WSBA No. 49515

**Exhibit H**
**<u>Distributor Global Settlement Agreement</u>**

[See attachment.]

## Amendment to Distributors Washington Settlement Agreement

The Agreement Parties to the Distributors Washington Settlement Agreement ("*Agreement*") agree that <u>Sections V.B–D</u> of the Agreement shall be amended to read as set forth below in this Amendment to the Distributors Washington Settlement Agreement ("*Amendment*").[1]

      B.     *Amounts.* The total estimated amount to cover all Washington Fees and Costs is $87,750,230.98, which includes both the amount set forth in <u>Section V.B.1</u> and the estimated amount set forth in <u>Section V.B.2</u>.

          1.    <u>State Outside and Inside Counsel Fees and Costs</u>.  Settling Distributors shall pay $76,829,316.21 to cover in-house fees and costs and outside counsel fees and costs to the Washington Attorney General's Office, which shall be used for any lawful purpose in the discharge of the Attorney General's duties at the sole discretion of the Attorney General.  The amount shall be paid in the increments and on the schedule as specified in <u>Section V.C</u> (Payment Year 1 – 20%, Payment Year 2 – 20%, Payment Year 3 – 15%, Payment Year 4 – 15%, Payment Year 5 – 15%, Payment Year 6 – 10%, Payment Year 7– 5%).

          2.    <u>Fees and Costs for Participating Litigating Subdivisions' Attorneys</u>. The Agreement Parties have estimated that $10,920,914.77 is the Contingency Fee Fund amount described in Section II.D of Exhibit R of the Global Settlement allocable to Litigating Subdivisions in the State of Washington (the "Estimated Washington Contingency Fee Allocation").  The actual amount may be greater or less.  Attorneys engaged in Qualifying Representations of Participating Litigating Subdivisions who meet the criteria set forth in Section II.G of Exhibit R of the Global Settlement may apply for the Attorney Fee Fund and Litigating Subdivision Cost Fund as set forth in Exhibit R of the Global Settlement.  For the avoidance of doubt, application to the Attorney Fee Fund, Litigating Subdivision Cost Fund and MDL Expense Fund is the sole means through which Participating Litigating Subdivisions and their counsel may receive attorneys' fees and costs under this Agreement, except that subdivisions may pay fees and costs to their attorneys pursuant to a State Back-Stop agreement.

      C.     *Schedule.* State Outside and Inside Counsel Fees and Costs shall be paid according to the following schedule:

          1.    Payment Year 1:  Twenty percent (20%) of the State Outside and Inside Counsel Fees and Costs amount ($15,365,863.24), to be paid on or before December 1, 2022.

          2.    Payment Year 2:  Twenty percent (20%) of the State Outside and Inside Counsel Fees and Costs amount ($15,365,863.24), to be paid on or before December 1, 2022.

---

[1] Unless otherwise indicated herein, all capitalized terms used in this Amendment shall have the meanings given to them by the Agreement.

3.     Payment Year 3:  Fifteen percent (15%) of the State Outside and Inside Counsel Fees and Costs amount ($11,524,397.43), to be paid on or before July 15, 2023.

4.     Payment Year 4:  Fifteen percent (15%) of the State Outside and Inside Counsel Fees and Costs amount ($11,524,397.43), to be paid on or before July 15, 2024.

5.     Payment Year 5:  Fifteen percent (15%) of the State Outside and Inside Counsel Fees and Costs amount ($11,524,397.43), to be paid on or before July 15, 2025.

6.     Payment Year 6:  Ten percent (10%) of the State Outside and Inside Counsel Fees and Costs amount ($7,682,931.62), to be paid on or before July 15, 2026.

7.     Payment Year 7:  Five percent (5%) of the State Outside and Inside Counsel Fees and Costs amount ($3,841,465.81), to be paid on or before July 15, 2027.

D.     *Remittance.* So that Settling Distributors do not pay the same fees and costs under both the Global Settlement and this Agreement, the State of Washington and its counsel shall do as follows:

1.     The State of Washington shall instruct the Fee Fund Administrator selected pursuant to Exhibit S of the Global Settlement that the Settling Distributors shall not pay the Fixed Amount for the State of Washington, and the State of Washington will not be eligible to receive funds from the State Outside Counsel Fee Fund under the Global Settlement.

2.     The State of Washington shall instruct the State Cost Fund Administrator selected pursuant to Exhibit T of the Global Settlement that the State of Washington will not be eligible to receive funds from the State Cost Fund under the Global Settlement.

[Signatures begin on next page.]

**Authorized and agreed to by**:

Dated:  August 23, 2022                AMERISOURCEBERGEN CORPORATION


By:_____
        Elizabeth Campbell
        Executive Vice President and Chief Legal Officer

**Authorized and agreed to by**:

Dated:  8/19/2022                              MCKESSON CORPORATION


By:_____

        Name:  Thomas J. Perrelli, *on behalf of McKesson*

        Title:  Outside Counsel for McKesson

**Authorized and agreed to by**:

Dated:  August 23, 2022          CARDINAL HEALTH, INC.

By:                            

Name: Jessica L. Mayer

Title:   Chief Legal and Compliance Officer

**Authorized and agreed to by:**

Dated: August 24, 2022

ROBERT W. FERGUSON
Attorney General, State of Washington

By: _____
Jeffrey G. Rupert
Division Chief
Complex Litigation Division

**Second Amendment to Distributors Washington Settlement Agreement**

The Agreement Parties to the Distributors Washington Settlement Agreement ("*Agreement*") agree that Section II.C.1 of the Agreement shall be amended to read as set forth below in this second amendment to the Distributors Washington Settlement Agreement ("*Second Amendment*")[1]:

     C.     *Participation by Subdivisions.*  If the condition in Section II.B has been satisfied, this Agreement shall become effective upon one of the following conditions being satisfied:

1.  All Litigating Subdivisions in the State of Washington and ninety percent (90%) of Non-Litigating Primary Subdivisions (calculated by population pursuant to the Global Settlement) in the State of Washington must become Participating Subdivisions by September 30, 2022.

The Agreement Parties further agree that Sections III.B and III.C of the Agreement shall be amended to read as set forth below in this Second Amendment:

     B.     *Trigger Date for Later Litigating Subdivisions.*  Notwithstanding Sections I.EE and I.GGGG of the Global Settlement, as to the State of Washington, Settling Distributors and the State of Washington agree to treat the Trigger Date for Primary Subdivisions as September 30, 2022 and the Trigger Date for all other Subdivisions as May 3, 2022.

     C.     *Initial and Later Participating Subdivisions.*  Notwithstanding Sections I.BB, I.CC, I.FF and Section VII.D and E of the Global Settlement, any Participating Subdivision in Washington that meets the applicable requirements for becoming a Participating Subdivision set forth in Section VII.B or Section VII.C of the Global Settlement on or before September 30, 2022 shall be considered an Initial Participating Subdivision.  Participating Subdivisions that are not Initial Participating Subdivisions but meet the applicable requirements for becoming Participating Subdivisions set forth in Section VII.B or Section VII.C of the Global Settlement after September 30, 2022 shall be considered Later Participating Subdivisions.

[Signatures begin on next page.]

---

[1] Unless otherwise indicated herein, all capitalized terms used in this Amendment shall have the meanings given to them by the Agreement.

**Authorized and agreed to by**:

Dated: 9/16/2022

AMERISOURCEBERGEN CORPORATION

By: _____
Michael T. Reynolds
Partner, Cravath, Swaine & Moore LLP
Outside Counsel for AmerisourceBergen Corporation

**Authorized and agreed to by**:

Dated: Sept. 16, 2022                MCKESSON CORPORATION

By:_____

       Name:   Thomas J. Perrelli, Counsel for McKesson

       Title:    Counsel for McKesson

**Authorized and agreed to by**:

Dated:    9/16/22                    CARDINAL HEALTH, INC.


By:_____

          Elaine P. Golin
          Wachtell, Lipton, Rosen & Katz
          Counsel for Cardinal Health, Inc.

**Authorized and agreed to by:**

Dated: September 16, 2022

ROBERT W. FERGUSON
Attorney General, State of Washington

By: _____
Jeffrey G. Rupert
Division Chief
Complex Litigation Division