# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:19-op-45278-DAP<br><br>Case No. 1:21-op-45080-DAP | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### SETTLING DEFENDANTS' MOTION TO DISMISS
### CLAIMS FILED BY NON-PARTICIPATING GEORGIA SUBDIVISIONS
### AS BARRED BY STATUTE

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1
BACKGROUND ........................................................................................................................... 1
ARGUMENT ................................................................................................................................. 3
I. Plaintiffs Are "Governmental Entities" Within The Meaning Of The Statute ................... 3
II. Settling Defendants Are "Released Entities" Within The Meaning Of The Statute........... 3
CONCLUSION .............................................................................................................................. 5

## INTRODUCTION

Settling Defendants[1] move this Court to dismiss all claims against Settling Defendants filed by Plaintiffs The Hospital Authority of Wayne County, Georgia ("HAWC") and Bibb County School District ("BCSD") (collectively, "Plaintiffs") on the ground that such claims are barred by Georgia statute. In furtherance of statewide opioid settlement agreements entered into by the Georgia Attorney General, the Georgia legislature enacted Georgia Code § 10-13B-1 *et seq.*, which "bar[s] any and all past, present or future claims on behalf of any governmental entity seeking to recover against any business or person that is a released entity under the terms of the relevant settlement." As discussed further below, Plaintiffs, their claims, and Settling Defendants all fall within the scope of the statute.

Because Plaintiffs' claims are extinguished by operation of law, Settling Defendants request that the Court enter an order and final judgment, pursuant to Fed. R. Civ. P. 54(b), dismissing the claims against the Settling Defendants.[2]

## BACKGROUND

To facilitate settlements between the Georgia Attorney General and Defendants in the opioid litigation, the Georgia legislature enacted Georgia Code § 10-13B-1 *et seq.* on May 2, 2022.

---

[1] The Settling Defendants are Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen, Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. (collectively, "Janssen"), AmerisourceBergen Corporation, McKesson Corporation, and Cardinal Health, Inc. (collectively, "Distributors") as well as any other Released Entities, as that term is defined in the Settlement Agreements, that have been named as defendants in the Complaint. *See The Hospital Authority of Wayne County, Georgia. v. Purdue Pharma L.P., et al.*, MDL Case No. 1:19-op-45278-DAP (N.D. Ohio Apr. 16, 2019) (Doc. No. 1); *Texarkana Independent School District et al v. Abbvie, Inc et al.*, Docket No. 1:21-cv-00250 (E.D.Tex May 24, 2021); Exhibit 1 at Exhibit A p. 8-9 & Exhibit J thereto (Janssen Proposed Consent Judgment and Final Consent Judgment and Order of Dismissal); Exhibit 2 at Exhibit A p. 8 & Exhibit J thereto (Distributor Final Consent Judgment and Order of Dismissal).

[2] This Court has already dismissed similarly-situated subdivisions asserting similar claims against Settling Defendants in states (like New York) with similar statutory bans enacted in furtherance of opioid settlements. *See, e.g.,* Doc. No. 4547; August 9, 2022 Non-document Order granting MTD against Janssen "because the claims in these cases are barred by statute".

1

*See* Ga. L. 2022, p. 178, § 1/SB 500. The statute "bar[s] any and all past, present or future claims on behalf of any governmental entity seeking to recover against any business or person that is a released entity under the terms of the relevant settlement." O.C.G.A. § 10-13B-3(a). School districts, special districts, and hospital authorities—like the Plaintiffs here—fall within the meaning of "governmental entity" under the statute. O.C.G.A. § 10-13B-2(1)(B) (defining "governmental entity" as including "[a] political subdivision or creation of [the] state, including a county, municipality, *special district*, *county and independent school systems*, community service board, [or] *authority*" (emphasis added)).

Plaintiff HAWC is a "hospital authority organized under Georgia law with its principal place of business in Wayne County, Georgia." *The Hospital Authority of Wayne County, Georgia. v. Purdue Pharma L.P., et al.*, MDL Case No. 1:19-op-45278-DAP (N.D. Ohio Apr. 16, 2019) (Doc. No. 1) ("HAWC Compl.") ¶ 42. Plaintiff HAWC has been designated as a federally recognized Special District by the U.S. Census Bureau. *See* 2017 Governmental Units Listing, U.S. Census Bureau, *available at* https://www.census.gov/data/datasets/2017/econ/gus/public-use-files.html (last visited September 14, 2022). Plaintiff BCSD is a public school district located in Macon, Georgia.³ *Texarkana Independent School District et al v. Abbvie, Inc et al.*, Docket No. 1:21-cv-00250 (E.D.Tex May 24, 2021) ("BCSD Compl.") ¶ 15; 2017 Governmental Units Listing, U.S. Census Bureau.

Settling Defendants are also each a "released entity" under the statute, defined as "an entity against which a claim has been released under a state-wide opioid settlement agreement." O.C.G.A. § 10-13B-2(3). On January 7, 2022, the Attorney General for the State of Georgia

---

³ The Complaints include other Plaintiffs, including from other states, which are not the subject of this Motion.

announced Georgia's participation in nationwide opioid settlements with Settling Defendants, which resolved the vast majority of lawsuits brought by states, territories, and local governmental entities against Settling Defendants.

## ARGUMENT

Georgia Code § 10-13B-1 *et seq* "bar[s] any and all past, present or future claims on behalf of any governmental entity seeking to recover against any business or person that is a released entity under the terms of the relevant settlement." O.C.G.A. § 10-13B-3(a). As outlined below, Plaintiffs' claims must be dismissed because the Plaintiffs are "governmental entities" and Settling Defendants are "released entities" within the meaning of the statute, thus triggering the statutory bar.

### I. Plaintiffs Are "Governmental Entities" Within The Meaning Of The Statute

Section 10-13B-2(1)(B) defines "governmental entity" to include "a political subdivision or creation of [the] state, including a county, municipality, *special district*, *county and independent school systems* [*sic*], community service board, *authority*, . . ." Both Plaintiffs fall within the categories of governmental entities enumerated within the statute. Plaintiff HAWC is a Census Bureau-recognized special district and is also a "hospital *authority* organized under Georgia law with its principal place of business in Wayne County, Georgia." HAWC Compl. ¶ 42 (emphasis added). Plaintiff BCSD is a public school district located in Macon, Georgia, thus, it is a "county school system" within the meaning of the statute.[4] BCSD Compl. ¶ 15; 2017 Governmental Units Listing, U.S. Census Bureau.

### II. Settling Defendants Are "Released Entities" Within The Meaning Of The Statute

Settling Defendants are also "released entities" under the statute. Section 10-13B-2(3)

---

[4] The Complaints include other Plaintiffs, including from other states, which are not the subject of this Motion.

3

defines "released entities" as, "entit[ies] against which [] claim[s have] been released under a state-wide opioid settlement agreement." O.C.G.A. § 10-13B-2(3).

On January 7, 2022, the Attorney General for the State of Georgia announced Georgia's participation in nationwide opioid settlements with Settling Defendants, and entered into statewide settlement agreements resolving claims against Settling Defendants.[5] The Georgia statewide settlement agreements were subsequently embodied in Final Consent Judgments and Orders of Dismissal. The Janssen Consent Judgment and Dismissal with Prejudice was entered on July 26, 2022 in the Superior Court of Gwinnett County, Georgia. Exhibit 1. The Distributor Final Consent Judgment and Dismissal with Prejudice was entered on August 24, 2022 in the Superior Court of Gwinnett County, Georgia. Exhibit 2. The Settlement Agreements include broad releases of all opioid-related claims—including those Plaintiffs assert against the Settling Defendants. *See* Exhibit 1 at Exhibit A p. 8 (definition of "Released Claims") & p. 14-18 (release provision); Exhibit 2 at Exhibit A p. 7-8 (definition of "Released Claims") & p. 44-49 (release provision).

---

[5] *See* Press Release: Carr: Georgia Joins $26 Billion Settlement with Opioid Distributors and Johnson & Johnson, The Office of the Attorney General Chris Carr (Jan. 7, 2022), https://law.georgia.gov/press-releases/2022-01-07/carr-georgia-joins-26-billion-settlement-opioid-distributors-and-johnson.

4

## CONCLUSION

For the foregoing reasons, Settling Defendants respectfully request that this Court dismiss all claims by Plaintiffs against Settling Defendants.

Dated: October 12, 2022

Respectfully submitted,

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
 (202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Mark H. Lynch
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com

*Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 12, Settling Defendants' Motion To Dismiss Claims Filed By Non-Participating Georgia Subdivisions As Barred By Statute was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas