# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION THIS DOCUMENT RELATES TO: *"All Cases"* | CASE NO. 1:17-MD-2804 SPECIAL MASTER COHEN **ORDER REGARDING CERTAIN NOW-PUBLIC DOCUMENTS WITH CONFIDENTIALITY DESIGNATIONS** |

Case Management No. 2 ("CMO-2" or the "Protective Order") addresses discovery of "potentially confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted." *See* Dkt. No. 441. This Protective Order "does not confer blanket protection" on all disclosures or discovery; rather, it sets forth the legal principles for treating discovery as confidential based upon definitions of "Confidential Information" and "Highly Confidential Information." *See* Amendments to CMO No. 2 Re: Confidentiality and Protective Order (Dkt. No. 2688) at p. 2 ¶¶ 10, 11. The Protective Order, as amended, states:

> This Protective Order shall not be construed to protect from production or to permit the "Confidential Information" or "Highly Confidential Information" designation of any document, that (a) the party has not made reasonable efforts to keep confidential, or (b) is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party or the individual or individuals who caused the information to become public, generally available to the public through publication or otherwise.

*Id*. at 4, ¶ 28. With respect to public disclosure of designated information, the Protective Order, as amended, further states:

> To the extent that a Producing Party's Confidential or Highly Confidential Information becomes part of the public record in this proceeding, through no wrongful act on the part of the Receiving Party or the individual or individuals who

> caused the information to become public through the Court record, the specific testimony, document excerpts, or other evidence will become and remain public. . . . Once information is made public, it is not confidential even if continued to be marked as such by the Producing Party, and the Receiving Party may freely use such information. A Receiving Party does not need to challenge Confidential or Highly Confidential designations of specific testimony, documents, or other evidence excerpts that become part of the public record in this proceeding.

*Id*. at 8, ¶ 46.

Plaintiffs challenge certain of Walgreens' Confidential and/or Highly Confidential designations on the grounds that the designations contain information that has become public through use at trial or in court filings, either in this multidistrict litigation or in similar federal or state court actions. Specifically, Plaintiffs challenge Walgreens' confidentiality designations as to the following testimony and exhibits from the Feb. 24, 2021 deposition of Justin Joseph:

| Testimony | Exhibits |
|---|---|
| 214:20-215:5 | Ex. 50 |
| 218:22-229:15 | Ex. 51 |
| 231:6-232:14 | Ex. 81 |
| 234:20-235:3 | Ex. 203 |
| 237:13-246:13 | Ex. 204 |
| 247:1-252:18 | Ex. 205 |
| 253:1-254:4 | |
| 255:5-260:24 | |
| 261:11-264:6 | |
| 264:16-270:17 | |

Plaintiffs do not contend that Walgreens caused the information and/or documents to become public. Walgreens maintains that the information and documents are not only Confidential and/or Highly Confidential, but also protected by the attorney-client privilege and work-product doctrine. Walgreens was ordered to produce the documents in question over its objection. *See* Dkt. Nos. 3527, 3562, 3633. The parties likewise do not dispute that the testimony in question relates to the documents produced over objection or that Walgreens has always maintained its claims of confidentiality and privilege as to this information and documents.

The Court previously recognized Walgreens' concern that downgrading and producing pursuant to the "bellwether discovery rulings" documents claimed to be privileged could be: (1) construed as a withdrawal of Walgreens' privilege claim; (2) construed as a failure to object to production; or (3) grounds for argument by Plaintiffs on appeal that the claim of privilege was waived.  *See* Dkt. No. 3633.  Here, Walgreens contends that "self-downgrading" confidentiality designations could similarly create a waiver issue, both on appeal in this multidistrict litigation and in other federal and state trial courts where Walgreens continues to assert its claim of privilege over the documents and information in question.

Accordingly, the Special Master orders as follows.  The deposition testimony and documents are not confidential by way of their public use, even though that public use was over Walgreens' objection.  As requested by Plaintiffs, Walgreens shall provide replacement media, images, and associated production information consistent with the Protective Order, as amended, for the six challenged documents.  However, Walgreens may make such production with a cover letter that makes clear Walgreens is maintaining its assertions that the documents are privileged and confidential but is producing them over objection pursuant to its affirmative, Court-ordered obligations.  Further, this Order confirms that Walgreens' past or future compliance with the Court's orders does not suggest Walgreens has waived its rights on appeal or in other federal or state trial courts to argue that such documents are privileged and confidential, or that the Court's orders of production were not correct.  Further, Plaintiffs may freely use the above-referenced deposition testimony and exhibits notwithstanding Walgreens' confidentiality designations.

Finally, any other party besides Walgreens may use this same cover-letter procedure, and the same rules apply.

**IT IS SO ORDERED.**

/s/ *David R. Cohen*
**DAVID R. COHEN**
**SPECIAL MASTER**

**Dated:** October 20, 2022