UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIOID LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Hospital Authority of Wayne County, Georgia v. AmerisourceBergen Drug Corporation, et al.*<br><br>Case No.: 1:19-op-45278 | MDL No. 2804<br><br><br><br>JUDGE DAN AARON POLSTER<br><br><br>PLAINTIFF'S RESPONSE TO MOTION TO DISMISS |

**PLAINTIFF'S RESPONSE TO SETTLING DEFENDANTS' MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING GEORGIA SUBDIVISIONS AS BARRED BY STATUTE**

Plaintiff The Hospital Authority of Wayne County, Georgia files this Brief in Opposition to the "Settling Defendants' Motion to Dismiss Claims Filed by Non-participating Georgia Subdivisions as Barred by Statute" (Doc. #: 4674) and respectfully shows as follows:

**I.  INTRODUCTION**

The "Settling Defendants" have moved "this Court to dismiss all claims against Settling Defendants filed" by the Plaintiff and another plaintiff "on the ground that such claims are barred by

Georgia statute." (Doc. #: 4674, page 3). As argued by the Settling Defendants:

> "In furtherance of statewide opioid settlement agreements entered into by the Georgia Attorney General, the Georgia legislature enacted Georgia Code § 10-13B-1 et seq., which 'bar[s] any and all past, present or future claims on behalf of any governmental entity seeking to recover against any business or person that is a released entity under the terms of the relevant settlement.' As discussed further below, Plaintiffs, their claims, and Settling Defendants all fall within the scope of the statute." (Doc. #: 4674, page 3).

As detailed below, however, O.C.G.A. § 10-13B-1, et seq. is unconstitutional and the Settling Defendants' Motion to Dismiss should be denied.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### 1) O.C.G.A. § 10-13B-1, et seq. violates the Georgia Constitution

Pursuant to O.C.G.A. § 1-3-5, "laws prescribe only for the future" and cannot "ordinarily have a retrospective operation." Similarly, Ga. Const. art. 1, § 1, ¶ X states that "no... retroactive law... shall be passed." Georgia precedent shows that, in accordance with the Georgia Constitution, the general rule is that laws are not given retrospective operation. *See Canton Textile Mills, Inc. v. Lathem,* 253 Ga. 102, 103 (1984).

#### A. *Accrual of a Claim*

In Georgia, a claim typically accrues when the damage was actually sustained by the plaintiff. As noted in *Walden v. Jones*, 252 Ga. App. 692, 694 (2001), "the true test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first have maintained her action to

a successful result." (quoting *Travis Pruitt & Assocs. v. Bowling*, 238 Ga. App. 225, 226 (1999)).

The Wayne County Hospital Authority's ("WCHA"), claim arose against the opioid distributors and manufacturers over time as it suffered ongoing costs associated with the drug epidemic. Even without a clear date of accrual for this action, WCHA certainly suffered damage and could have "maintained [an] action to a successful result" prior to Georgia's entrance into the settlement agreement and the passage of SB 500 - which has now been codified as O.C.G.A § 10-13B. Therefore, there is no real issue as to whether WCHA had a viable claim to bring before the litigation bar was in place.

### B. Retroactive Application of Statutes

However, exceptions to this rule can be found when the statute (1) is procedural and "act[s] upon remedies alone," (2) does not "disturb absolutely vested rights," or (3) where the language "imperatively requires [retroactive operation], or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose." *Id.* at 103-04. As for the third exception, when the legislative intent for retroactivity is clear, a constitutional analysis must follow to determine whether giving the statute this operation would violate the state's constitutional provision against retroactive laws. *Id.* at 104.

O.C.G.A. § 10-13B is, without question, a law intended to apply retroactively to bar all past claims - as well as any future claims - that the non-settling governmental entities have against the opioid manufacturers and distributors. Therefore, the viability of this legislation turns on what type of statute it is, what kind of rights it affects, and whether it violates the state's constitutional

provisions against retroactive application.

    1.    *Substantive versus Procedural Statutes; Vested Rights*

There are two rules of statutory construction governing retroactivity in Georgia. *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1445 (1991).

The first covers substantive statutes, which are laws that "create[] rights, duties, and obligations." *Id*. For substantive statutes, the state's general presumption against retroactivity is present and can only be voided if such construction is "absolutely demanded." *Id*.

There is a second, contrary rule of statutory construction for procedural statutes, which "prescribe[] the methods of enforcement of rights, duties, and obligations," and statutes that only affect a litigant's remedy. *Id.* at 1446. For procedural statutes, retroactive application is presumed, absent any expressed legislative intent otherwise. *Id*. Further, laws that would normally be considered procedural can be deemed substantive if "the laws enact changes which affect 'vested right[s]'." *Id*. (quoting *Bullard v. Holman*, 184 Ga. 788 (1937)). Vested rights cannot be contingent and must have a remedy at law. *Id*.

Accordingly, as described in *Canton Textile Mills, Inc*. *infra*, procedural statutes and those that do not impact any vested rights can be applied retroactively as exceptions to the general rule. Substantive statutes and those that affect vested rights, however, are to be applied only prospectively.

O.C.G.A. § 10-13B is a substantive statute that bars local governmental entities, like WCHA, from exercising their vested right to bring a claim against opioid distributors and manufacturers for damages suffered. It does not merely prescribe a method of enforcing those rights or impact the

remedies available. The statute significantly affects the entities' non-contingent, remediable rights that accrued prior to this legislation and the state's settlement agreement. Therefore, the statute is presumed to only apply prospectively. However, there is clear legislative intent for retroactive application, raising a question as to whether retroactivity is "absolutely demanded" and whether that demand is constitutional.

### 2. *Constitutionality of a Clear Legislative Intent for Retroactivity*

The legislative intent caveat to the general rule against retroactive application of substantive statutes in Georgia is narrow, if in existence at all, because of the constitutional restrictions on that intent. The Court of Appeals has expressed that "where it is possible to determine the intent of the legislature, unless there are constitutional obstacles, the intent of the legislature will govern..." *Focht v. American Cas. Co.*, 103 Ga. App. 138, 140 (1961). However, for statutes that are substantive, rather than procedural, and impact fully vested rights, there is a consistent constitutional obstacle to this exception.

In *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1084 (2004), the court discussed the effect of clear legislative intent on retroactivity: "Where the Georgia Assembly makes clear its intent to interfere with a vindication of a vested right, that intent will not be given effect, because the Georgia Constitution forbids it." Even when the intent is clear, a right that is vested "cannot be extinguished" by legislation that attempts to do so retroactively. *Id.* The court also notes that statutory rights and common law rights are treated the same for these purposes; once vested, neither can be retroactively taken away. *See Id*.

Further, in *Enger v. Erwin*, 245 Ga. 753, 754 (1980), the court held that a substantive statute affecting a vested right operates prospectively and that a subsequent act of the legislature cannot divest such right. The law "which made the repeal of the cause of action for alienation of affections retrospective as to pending actions is unconstitutional" because it divested the plaintiff of a vested right that he had in a cause of action. *Id.*

In *Fowler Properties, Inc. v. Dowland,* 282 Ga. 76, 78 (2007), the court explicitly rejected the argument that a substantive statute should be applied retroactively even when the legislature clearly intended such. In denying that argument, the court held that "the legislature may not enact a statute to apply retrospectively in violation of our constitutional provision barring retroactive laws." *Id*.

The legislature made clear its intention to apply O.C.G.A. § 10-13B retroactively to extinguish "any and all past... claims" that local governmental entities have against the opioid distributors and manufacturers. O.C.G.A. § 10-13B-3. This substantive enactment, however, applies to vested rights. The limitations of the Georgia Constitution and related case law against interference with the vindication of a vested right - like the retroactive extinguishment of such - indicates that, despite clear legislative intent for retroactive application, SB 500 violates the state's constitutional provisions and precedent.

### III. Conclusion

The rule in Georgia, under both the Official Code and State Constitution, against the retroactive application of substantive laws affecting vested rights is viewed as a constitutional

necessity by the courts. There are carve outs in place that allow for the retroactivity of statutes that guide mere procedure or involve rights that were not vested.

O.C.G.A. § 10-13B-1, et seq. substantively affects WCHA's vested right against the opioid distributors and manufacturers. The claim had accrued prior to the passing of SB 500, and the law impacts the existence of WCHA's actual rights, as opposed to only the procedural aspects of enforcing them, against the defendants.

Therefore, despite the legislature's clear intent to apply SB 500 as a bar to local governmental entities' past claims against defendants, case law prioritizes the Constitution's bar against the retroactivity of laws over a statute's intent to do so. Accordingly, SB 500 as defined at O.C.G.A. §10-13B-1, et seq. is unconstitutional and the Settling Defendants' Motion to Dismiss should be denied.

This the 25th day of October, 2022.

/s/ Robert B. Smith
Robert B. Smith
Georgia Bar Number: 662700
SMITH, PHELPS & MURRAY LAW FIRM
Smith, Phelps & Murray Law Firm
356 E Cherry Street
Jesup, GA 31546
(912) 427-4779
(912) 427-9203 – fax
rbslaw@bellsouth.net

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

This the 25th day of October, 2022.

/s/ Robert B. Smith
Robert B. Smith
Georgia Bar Number: 662700
SMITH, PHELPS & MURRAY LAW FIRM
Smith, Phelps & Murray Law Firm
356 E Cherry Street
Jesup, GA 31546
(912) 427-4779
(912) 427-9203 – fax
rbslaw@bellsouth.net