**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:19-op-45278-DAP<br><br>Case No. 1:21-op-45080-DAP | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**SETTLING DEFENDANTS' MOTION TO EXTEND DEADLINE ON FURTHER BRIEFING ON SETTLING DEFENDANTS' MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING GEORGIA SUBDIVISIONS AS BARRED BY STATUTE**

Settling Defendants respectfully request the Court to extend the deadline for further briefing relating to Settling Defendants' Motion to Dismiss Claims Filed By Non-Participating Georgia Subdivisions As Barred By Statute[1] until 14 days after the Georgia Attorney General has intervened in the litigation, or 14 days after the 60-day intervention period has elapsed, whichever is earlier.

Under Rule 5.1, a party must notify, and the court must certify to, the "state attorney general" when it files a "written motion, or other paper drawing . . . drawing into question the constitutionality of a . . . state statute." Fed. R. Civ. P. 5.1(a). Plaintiff The Hospital Authority of

---

[1] The relevant case captions are as follows: *The Hospital Authority of Wayne County, Georgia. v. Purdue Pharma L.P., et al.*, MDL Case No. 1:19-op-45278-DAP (N.D. Ohio Apr. 16, 2019); *Texarkana Independent School District et al v. Abbvie, Inc et al.*, MDL Case No. Case No. 1:21-op-45080-DAP (N.D. Ohio May 24, 2021).

Wayne County, Georgia ("WCHA")[2] provided such notice and, on October 27, 2022, this Court certified WCHA's constitutional challenge to the Georgia Attorney General, and gave the Attorney General sixty days to intervene in this matter. Settling Defendants may seek to address the merits of the constitutional challenges after the 60-day intervention period has elapsed and, if applicable, after the Attorney General has offered its position on that constitutional challenge in this litigation.

The reason for this extension request is manifest. WCHA has asked this Court in substance, if not in form, to grant affirmative relief ruling a state statute unconstitutional. Absent a determination by the Attorney General on whether to exercise its authority to intervene, Settling Defendants should not be put in a position to pass on the constitutional question in the first instance. Indeed, Settling Defendants likely will not be in a position to fully and fairly address the merits of the constitutional arguments absent input from the Attorney General. Allowing the Attorney General the opportunity to weigh in before hearing from the Settling Defendants also will further serve the underlying purpose of Rule 5.1, which is to ensure that state authorities have an opportunity to address constitutional challenges to state statutes in the first instance. *See, e.g., Kahle v. Cargill, Inc.*, 2022 U.S. Dist. LEXIS 161622, at *7 (S.D.N.Y. Sep. 7, 2022) (staying action pending Florida Attorney General's decision regarding whether to intervene in action); *Meridian Elec. Co. v. Energizer Holdings, Inc.*, No. 11-cv-35-DRH, 2011 U.S. Dist. LEXIS 44206, at *4 (S.D. Ill. Apr. 25, 2011) (Rule 5.1 and 28 U.S.C. § 2403 are "designed to give the attorney general a fair opportunity to argue and if necessary present evidence to save a statute."). At bottom, requiring Settling Defendants to weigh in on a question of Georgia state constitutional law now,

---

[2] Although Bibb County School District ("BCSD") has not joined WCHA's motion, the issues raised equally affect Settling Defendants' Motion to Dismiss with respect to BCSD.

before the Georgia Attorney General has had a chance to intervene, would be premature. Instead, delaying further briefing on this matter until after the 60-day period has elapsed is appropriate.

Dated:  November 7, 2022

                Respectfully submitted,

                */s/ Robert A. Nicholas*
                Robert A. Nicholas
                Shannon E. McClure
                REED SMITH LLP
                Three Logan Square
                1717 Arch Street, Suite 3100
                Philadelphia, PA 19103
                Telephone:  (215) 851-8100
                Fax: (215) 851-1420
                smcclure@reedsmith.com

                *Counsel for AmerisourceBergen Corporation*

                */s/ Enu A. Mainigi*
                Enu A. Mainigi
                Jennifer G. Wicht
                Steven Pyser
                Ashley Hardin
                WILLIAMS & CONNOLLY LLP
                680 Maine Ave SW
                Washington, DC  20024
                 (202) 434-5000 / tel.
                (202) 434-5029/ fax
                emainigi@wc.com

                *Attorneys for Defendant Cardinal Health, Inc.*

                */s/ Mark H. Lynch*
                Geoffrey E. Hobart
                Mark H. Lynch
                Christian J. Pistilli
                COVINGTON & BURLING LLP
                One CityCenter

850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

*/s/ Charles C. Lifland*
Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com

*Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 7, 2022, Settling Defendants' Motion to Extend Deadline on Further Briefing on Settling Defendants' Motion To Dismiss Claims Filed By Non-Participating Georgia Subdivisions As Barred By Statute was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas