No. 21-4051

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> FILED
> Nov 10, 2022
> DEBORAH S. HUNT, Clerk

In re: NATIONAL PRESCRIPTION OPIATE )
LITIGATION )
)  O R D E R
In re: MEIJER, INC., et al., )
)
    Petitioners. )

Before: BOGGS, SILER, and THAPAR, Circuit Judges.

Meijer, Inc. asks for a writ of mandamus. Mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (cleaned up). Though unconventional, the district court's actions are not so extraordinary as to warrant mandamus.

This case is one of many actions joined in multidistrict litigation over opioids. In its original scheduling order, the district court established deadlines for plaintiffs to amend their complaints. For most cases, the court set a 2019 deadline. But the court also explained that, if it chose a case as a bellwether, the plaintiffs in that case could amend their complaint.

So when the district court chose this case as a bellwether in 2021, the plaintiffs amended their complaint, adding Meijer as a defendant. In Meijer's view, that amendment violated Federal Rule of Civil Procedure 16 because the plaintiffs filed it after the 2019 deadline without leave from the district court.

Rule 16 requires the district court to issue a scheduling order that "limit[s] the time to join other parties [and] amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). After the deadline fixed in

the scheduling order, a plaintiff may amend his complaint only with leave of the district court. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020).

Here, the district court's scheduling order explicitly provided permission for plaintiffs to amend their complaint if their case was selected as a bellwether. When this case was selected as a bellwether, the plaintiffs exercised their right to amend and added Meijer as a defendant. Because the district court's scheduling order permitted such amendment from the outset, plaintiffs did not need the district court's leave to amend. *Cf. Opiate Litig.*, 956 F.3d at 843 (holding that the district court needed to provide leave for plaintiffs to amend their complaint after the deadline set in the scheduling order).

However, Meijer rightly points out that the district court's scheduling order fits somewhat uncomfortably with Rule 16's requirement that scheduling orders "limit the time to join other parties." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order allowed plaintiffs to amend whenever their case was selected as a bellwether, so there was no cutoff date for amendments. That unusual aspect of the scheduling order did not clearly violate Rule 16 because it provided some limit (when a case was selected as a bellwether), although the order went right to the edge of the district court's discretion under Rule 16.

Most concerningly, the scheduling order could permit plaintiffs to name new defendants after discovery concluded, or even on the eve of trial. But that didn't happen here. Meijer was added to this case before discovery ever started. Going back even further, Meijer has been a party to the MDL since at least 2019. Meijer has not indicated that it ever objected to the district court's scheduling order before now. What's more, the only prejudice Meijer identifies is its litigation costs. True, that is a form of prejudice. But it's prejudice that Meijer has known it could suffer since it was added to the MDL in 2019. If Meijer suffered any specific prejudice, it could have asked the district court for a tailored remedy, like additional discovery or a delay in the trial

schedule. Instead, Meijer asks for an extraordinary remedy: a writ of mandamus removing it from the case. But mandamus is only appropriate in exceptional circumstances where there has been a judicial usurpation of power or the district court has clearly abused its discretion. *Opiate Litig.*, 956 F.3d at 842. Meijer has shown that the district court's scheduling order was unconventional but not a judicial usurpation of power nor a clear abuse of discretion.

***

The petition for a writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk