**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | David R. Cohen |
| | ) | Randi S. Ellis |
| THIS DOCUMENT RELATES TO: | ) ) | Hon. David R. Herndon |
| "All Cases" | ) ) ) ) ) ) ) ) ) ) | **FEE PANEL ORDER NO. 11 REGARDING CREDITS AND REBATES TO JANSSEN, ESTABLISHMENT OF AN ADMINISTRATIVE EXPENSE ACCOUNT, AND A PRUDENT RESERVES HOLDBACK** |

**I. Adjustments to Janssen's Payment Obligations to the Contingency Fee Fund ("CFF")**

Exhibit R §II.H.6 of the Janssen Settlement Agreement states as follows:

> With respect to the Contingency Fee Fund the Fee Panel shall:
> a. Review the applications of all Attorneys seeking compensation from the Litigating Subdivision Fee Fund, including determining eligibility for each Attorney as set for in Section II.G.
> b. Apply the Mathematical Model in Exhibit A.
> c. Use such allocations to reduce ..., on an annual basis, the payment obligations of Janssen to the Attorney Fee Fund as set forth in paragraph II.D.4, and distributions therefrom, and inform Janssen and the MDL PEC of all such adjustments.

The Fee Panel completed the requirements of Exhibit R §II.H.6.a-c and informed Janssen and the MDL PEC of the adjustments to Janssen's payment obligations to the Contingency Fee Fund. The Fee Panel allowed Janssen and the MDL PEC an opportunity to review and, if necessary, dispute the calculations related to the amounts Janssen is required to pay. Neither

- 1 -

Janssen nor the MDL PEC disputed the amounts of the credits or rebates. Therefore, the Fee Panel now declares the credits and rebates listed below to be final and no longer subject to objection.

## II. Credits to Janssen for Non-Participating States

On November 11, 2022, the Directing Administrator notified the Fee Panel that the "Janssen Settlement Participation Tier is Tier 2." Pursuant to Exhibit R §II.D.4.a.i of the Janssen Settlement Agreement, if the Plaintiffs are in Participation Tiers 1-3, then "the Contingency Fee Fund payments shall be reduced by the amounts ... that would have been owed to counsel for Litigating Subdivisions in Non-Settling States, had those States and those Litigating Subdivisions been Settling States and Participating Subdivisions."

Based on the information provided to the Fee Panel by the Directing Administrator, BrownGreer, PLC, for purposes of determining credits to Janssen, the following States either have not settled with Janssen or settled outside of the national Janssen Settlement Agreement, and therefore counsel for Litigating Subdivisions in these States are not eligible to participate in the national Janssen Contingency Fee Fund: Alabama, New Hampshire, Oklahoma, Washington, and West Virginia.

## III. Credits to Janssen for Non-Participating Litigating Subdivisions in Settling States

Exhibit R §II.D.4.a.ii of the Janssen Settlement Agreement further provides: "following the calculation in subparagraph II.D.4.a.i, the Contingency Fee Fund payments shall be reduced to reflect the non-joinder of Litigating Subdivisions in Settling States by subtracting the amounts ... that would have been owed to counsel for Non-Participating Litigating Subdivisions in Settling States had such Litigating Subdivisions been Participating Subdivisions."

According to Settlement Participation Form data, the following Litigating Subdivisions are Non-Participating Litigating Subdivisions in Settling States whose Attorneys would have been

eligible to receive awards in the Janssen Contingency Fee Fund had the Litigating Subdivisions been Participating Subdivisions:

1. City of Baltimore, MD; and
2. District Attorney of Philadelphia, PA.

As required by the Janssen Settlement Agreement, the Fee Panel calculated the credits owed to Janssen for the Non-Settling States and Non-Participating Litigating Subdivisions in the Settling States. The Total Credits to Janssen from the gross amount of **$123,076,923.09** are **$9,059,334.31**. Therefore, due to credits owed to Janssen, the total amount that Janssen is required to contribute to the Contingency Fee Fund over the distribution period is **$114,017,578.78**.

## IV. Administrative Expense Account

Exhibit R §II.I.1 of the Janssen Settlement Agreement provides that the cost of the Fee Panel Post-Effective Date shall be charged against the applicable Fee Fund, based on allocation by the Fee Panel, and shall not be otherwise funded by the defendants. The Fee Panel hereby deems it necessary and appropriate to withhold 1.5% of the total contributions made by Janssen into the Contingency Fee Fund for administrative expenses incurred by the Fee Panel and its agents and representatives. The full amount of the 1.5% contribution will be effectuated in Payment Year 1 to establish the Administrative Expense Account[1]. The Fee Panel will draw on the Administrative Expense Account as expenses are incurred. Any unused funds from the Administrative Expense Account remaining at the end of the seven-year distribution period will be awarded pro rata to Fund participants in Payment Year 7, prior to the closure of the Fund.

---

[1] The Fee Panel reserves the right to adjust (upwards or downwards) the percentage allocated to the Administrative Expense Account, if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

| Settlement | Total Amount Contributed to CFF by Defendant | Administrative Expense Percentage | Total Administrative Expense Account |
|---|---|---|---|
| Janssen Settlement Agreement | $114,017,578.78 | 1.50% | $1,710,263.68 |

After applying credits to Janssen for Non-Settling States and Non-Participating Litigating Subdivisions in Settling States, and accounting for the 1.5% contribution to the Administrative Expense Account, the remaining funds are available to pay eligible Fund participants.

### V. Prudent Reserves Holdback

Due to the complexity and uncertainty involved in administering a Fund with hundreds of Applicants and thousands of Applications, 1.0% of funds available each year to pay eligible Fund participants will be held in reserve to address potential claims on the Fund and/or objections to the calculated Contingency Fee Fund Award amounts.[2] Unused funds from the Prudent Reserves Holdback will be distributed to Fund participants pro rata in Payment Year 7, prior to the closure of the Fund.

| Description | Janssen Settlement |
|---|---|
| Gross Amount of Fund | $123,076,923.09 |
| Credits to Defendants | $9,059,344.31 |
| Administrative Expense Account (1.5%) | $1,710,263.68 |
| Prudent Reserves Holdback (1.0%) | $1,123,073.15 |
| **Net Funds Available for CFF Awards before Rebates** | **$111,184,241.95** |

---

[2] The Fee Panel reserves the right to adjust (upwards or downwards) the Prudent Reserves Holdback percentage, if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

## VI. Rebates to Janssen for Nassau County, NY and Suffolk County, NY

Pursuant to §IX.B.1 of the Janssen New York State-Wide Opioid Settlement Agreement Term Sheet, for Nassau and Suffolk Counties, "the amount those counties' counsel would have received through the Contingency Fee Fund shall be rebated to Janssen."[3] The amounts that counsel for Nassau and Suffolk Counties would have received under the Janssen Contingency Fee Fund (net of Administrative Expense Account contributions and the 1% Prudent Reserves Holdback) have been communicated to Janssen and the MDL PEC and counsel for Nassau and Suffolk Counties; and none of them objected to or disputed the calculated amounts. These amounts will be paid to Janssen over the same years and at the same percentages as they would have been paid to the plaintiff Attorneys. Prior to the closure of the Contingency Fee Fund, Janssen will receive any unused Administrative Expense Account and Prudent Reserve Holdback pro rata payments that the counties' counsel would have received if they had been eligible to receive payments in the national Janssen Contingency Fee Fund.

## VII. Rebates to Janssen for Texas Litigating Subdivisions

Finally, pursuant to §IX.A.1 of the Janssen Texas State-Wide Opioid Settlement Agreement and Settlement Term Sheet, "If the Global Settlement takes effect, counsel for Participating Subdivisions shall make best efforts to apply for and recover maximum awardable attorney fees from Janssen's maximum payment into the Global Settlement Contingency Fee Fund and Global Settlement Common Benefit Fund, and shall direct the administrators of such Funds to rebate any and all payments such counsel would have received (the 'Global Settlement Subdivision Fee Award') to Janssen...."

---

[3] Counsel for those counties remain eligible to apply for fees from the MDL Common Benefit Fund.


The cumulative Contingency Fee Fund award for the Texas Litigating Subdivisions eligible to participate in the national Janssen Contingency Fee Fund (net of Administrative Expense Account contributions and the Prudent Reserves Holdback) was communicated to Janssen; and Janssen did not object to or dispute the calculated amounts. Pursuant to the Janssen State-Wide Opioid Settlement Agreement, this amount will be paid to Janssen rather than to the Applicants representing TX Participating Litigation Subdivisions, over the same years and at the same percentages as it would have been paid to the plaintiffs' Attorneys. Prior to the closure of the Contingency Fee Fund, Janssen will receive any unused Administrative Expense Account and Prudent Reserve Holdback pro rata payments that the counties' counsel would have received if they had been eligible to receive payments in the national Janssen Contingency Fee Fund.

### VIII. Appeals and Disputes

Pursuant to Exhibit R §II.B.4 of the Janssen Settlement Agreement, "***as to awards from the Contingency Fee Fund, there shall be no right of appeal.***" However, the Fee Panel is empowered to hear disputes concerning the accuracy of mathematical calculations used in the model.[4] Therefore, Contact Counsel has 28 days from the date of this Order to provide a written statement to dispute the accuracy of a mathematical calculation. The written statement may be provided to the Fee Panel by sending an email with an attachment to the following email address: contingentfeefund@opioidfeepaneldocuments.com. The email attachment must be in .PDF format

---

[4] In the interests of efficient fund administration, the Fee Panel will not hear disputes concerning the accuracy of mathematical calculations involving an amount in controversy that is less than one hundred dollars. Additionally, the Fee Panel reserves the right to assess costs and expenses associated with defending a meritless and/or frivolous challenge directly to the Contact Counsel who initiates the meritless/frivolous challenge.

and limited to 3 pages, double-spaced, with standard margins, and 12-point font.

                    /s/    *David R. Cohen*
                            *Randi S. Ellis*
                            *David R. Herndon*
                            **FEE PANEL**

**Dated:** November 15, 2022