**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | CASE NO. 1:17-MD-2804 |
| OPIATE LITIGATION | ) | |
| | ) | David R. Cohen |
| THIS DOCUMENT RELATES TO: | ) | Randi S. Ellis |
| "*All Cases*" | ) | Hon. David R. Herndon |
| | ) | |

## FEE PANEL ORDER NO. 13
## REGARDING REIMBURSEMENT FOR CONTRACT ATTORNEY WORK

There has been some confusion regarding the procedures counsel must follow when applying for reimbursement of funds used to pay contract attorneys ("C.A.s").  This Fee Panel Order clarifies the requirements and procedures for obtaining such reimbursement from: (1) the Distributors & Janssen Common Benefit Fund, and (2) the Litigating Subdivision Cost Fund.

To summarize: the former Fund is available ***only*** to reimburse Counsel for C.A. time spent on common benefit work.  The latter Fund is available ***only*** to reimburse Counsel for C.A. time spent on non-common benefit work.

To the extent Counsel's submissions for reimbursement for C.A. work were not correct, the Auditor shall transfer that C.A. work to the correct Fund, after review and approval by the Fee Panel. Counsel shall not supplement or submit a request to re-open their Fund Applications to make corrections for C.A. work.

I. **Background**

   A. **Hourly Rate**

The *Order Regarding Plaintiff Attorneys' Fees and Expenses* ("*Fee and Expense Order*") (Doc. 358) sets forth in §III.3.c the requirement that the "services of contract lawyers (whether used for document review or any other work) shall be billed at the actual cost of those services;" and C.A.s are themselves "subject to the procedures set forth [in the *Fee and Expense Order*]."

1

When seeking reimbursement of funds used to pay C.A.s, counsel are required to use the "actual cost of those services." *Fee and Expense Order* §III.3.c. Counsel are not permitted to add overhead or a profit margin to the actual hourly cost of a C.A. This requirement applies to all work done by C.A.s, whether for the common benefit or not, and regardless of from which Fund reimbursement is sought.

### B. Common Benefit Work versus Non-Common Benefit Work by C.A.s

Exhibit R to the Distributors & Janssen Settlement Agreements established a Common Benefit Fund to compensate "Attorneys … who have performed work for the common benefit of all subdivisions pursuant to the guidelines established by Judge Polster set forth in MDL 2804 and the Order dated June 19, 2018, under docket number 636." Ex. R §II.C.2.a.[1]

The Distributors & Janssen Common Benefit Fund is only available to compensate attorneys who performed work for the common benefit of all subdivisions. Therefore, counsel who used C.A.s to perform ***non***-common benefit work may ***not*** seek reimbursement for that cost from the Distributors & Janssen Common Benefit Fund.

In contrast, the Litigating Subdivision Cost Fund does not contain a "common benefit" requirement – the cost of C.A.s incurred by counsel for non-common benefit work may be eligible for reimbursement from the Litigating Subdivision Cost Fund.

This means counsel applying for reimbursement of funds used to pay C.A.s **must**: (1) apply to the Distributors & Janssen Common Benefit Fund for C.A. common benefit work, and (2) apply to the Litigating Subdivision Cost Fund for C.A. ***non***-common benefit work. To be clear, reimbursement of funds used to pay C.A.s is ***not*** available: (1) from the Distributors & Janssen Common Benefit Fund for C.A. ***non***-common benefit work, and (2) from the Litigating Subdivision Cost Fund for C.A. common benefit work.

---

[1] Because Doc. 636 was subsequently vacated, Doc. 358 is the controlling Order governing the Distributors & Janssen Common Benefit Fund.

Counsel who paid C.A.s for both common benefit work and non-common benefit work must segregate the C.A.s' time and apply for reimbursement accordingly.  The procedures for submitting appropriate Fund applications,[2] and for correcting applications already submitted, are set out below.

## II.     Procedures for Submitting Contract Attorney Work for Compensation

### A.  Common Benefit Work – Application to the Common Benefit Fund

Counsel who seek reimbursement for the cost of common benefit work performed by C.A.s must submit the C.A.s' time using the Monthly Time Report (attached as Exhibit A to the *Fee and Expense Order*). The Monthly Time Report requires MDL Participating Counsel to provide the customary billing rate for each firm member.

Counsel must submit C.A. time in the same format as used for other attorneys, using the Monthly Time Report. When entering C.A.s' time into the Monthly Time Report, counsel should enter "Contract Attorney" in the "Level" column of the Time Report, and should enter the C.A.s' actual hourly out-of-pocket cost in the "Billing Rate" column of the Monthly Time Report.  Counsel are not permitted to add a markup or profit margin to the Billing Rate of the C.A.

### B.  Non-Common Benefit Work – Application to the Litigating Subdivision Cost Fund

Counsel must submit non-common benefit C.A. work as an expense using the Expense Report and accompanying C.A. Templates, as provided in the Litigating Subdivision Cost Fund Application. Again, the listed expense must be Counsel's actual hourly out-of-pocket cost of the C.A. Counsel are not permitted to add a markup or profit margin to the Billing Rate of the C.A.

### C.  Correcting Prior Submission of C.A. Work

Corrections to Common Benefit Fund Applications and Litigating Subdivision Cost Fund Applications for C.A. work that was incorrectly submitted will be made by the Auditor, with

---

[2] Given that the deadlines have already passed for submitting Applications to the Distributors & Janssen Common Benefit Fund and the Litigating Subdivision Cost Fund, the application procedures described below are mostly informational – they may also be applied to other, future Settlements.

approval by the Fee Panel.  Counsel shall not supplement their Applications or submit a request to reopen their Applications to correct an erroneous submission of C.A. work.

### i.  Common Benefit Fund Applications

If the Auditor identifies C.A. time that was **not** for the common benefit in Time Reports submitted by Common Benefit Fund Applicants, the Auditor will notify the Fee Panel and, after review and approval of the Fee Panel, will transfer the submitted time to the Applicant's Litigating Subdivision Cost Fund Application Expense Report.

### ii.  Litigating Subdivision Cost Fund Applications

If the Auditor identifies C.A. time that was for the common benefit in Expense Reports submitted by Litigating Subdivision Cost Fund Applicants, the Auditor will notify the Fee Panel and, after review and approval of the Fee Panel, will transfer the submitted time to the Applicant's Common Benefit Fund Application Time Report.

### iii.  Notification of Transfer of C.A. Work

Applicants whose C.A. work is transferred from one Application to another will be notified of the Fee Panel's intent to transfer the C.A. work and will be permitted 14 days to object to the transfer.  Objections to the transfer of C.A. work, including the timing of hearing such objections, will be conducted in accordance with the objection process and procedures established in the Orders governing the Common Benefit Fund and Litigating Subdivision Cost Fund Applications. *See* docket no. 4344 at 10; docket no. 4469 at 10.

**IT IS SO ORDERED.**

/s/     ***David S. Cohen***
        ***Randi S. Ellis***
        ***David R. Herndon***
        **FEE PANEL**