UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: *"Track Seven"* | ) ) ) ) ) | SPECIAL MASTER COHEN <br><br> **RULING ADDRESSING EXPERT DISCOVERY** |

The Court earlier set the case of *Montgomery County Board of County Commissioners v. Cardinal Health, Inc.*, Case No. 18-OP-46326, as the "Track Seven" bellwether trial. When this case was chosen, the five remaining defendants were CVS, Walgreens, Walmart, Kroger, and Meijer, all of which operated pharmacies. The Court entered a Case Management Order setting various deadlines, including dates for completion of expert discovery and *Daubert* briefing. *See* MDL docket no. 3769 at 7-8.[1]

The Court later amended these expert deadlines twice. The first time was pursuant to joint motion, *see* MDL docket no. 4403, which gave plaintiffs a two-week extension and defendants a four-week extension of expert deadlines. The second time, Kroger moved for an additional extension over plaintiff's objection, stating it "cannot reasonably prepare to depose [plaintiff's expert] witnesses in the time currently permitted by the case management order, and could not

---

[1] Citations to "MDL docket no." refer to case no. 18-MD-2804; citations to "case docket no." refer to case no. 18-OP-46326.

reasonably have known as much before Plaintiffs served their expert reports on August 22, 2022." Letter from Greg Shinall to Special Master (Sept. 26, 2022). Kroger specifically noted that, even though "*other* MDL plaintiffs relied on many of the same experts for their claims against *other* defendants in *other* MDL tracks" – so that there already existed voluminous testimony and reports from the same experts on the same topics – Kroger needed more time to prepare for Track Seven expert depositions because it "had no opportunity or reason to participate in prior expert discovery." *Id.*; *see also id.* at 3 ("Kroger's ability to defend [itself] will be unfairly hamstrung if [it is] not allowed sufficient time to meaningfully prepare for these depositions."). Kroger asked for an additional 55 days to prepare for Track Seven expert depositions. The undersigned granted Kroger the entire amount of time requested. *See* MDL docket no. 4631 at 5 ("the Special Master concludes it is appropriate to extend the deadlines as requested by . . . Kroger. To ensure a fair trial, it is critical that [Kroger] receive sufficient time to digest what is clearly a massive amount of complex expert opinion and related material."). The parties then proceeded to prepare for plaintiffs' experts' depositions. Defendants took several of them and six more were scheduled for dates on and after November 21, 2022.

On about November 2, 2022, three of Kroger's Track Seven co-defendants – CVS, Walgreens, and Walmart – announced proposed global settlements of all opioid cases. On November 16, 2022, these three defendants and plaintiff notified Kroger they would seek a stay of the Track Seven case as it applied to those three defendants. The Court subsequently entered a stipulated order to that effect, *see* docket no. 4759. On November 17, 2022, plaintiff and Meijer gave a similar notice to Kroger, and the Court again entered a stipulated order to that effect, *see* docket no. 4760. Thus, as of November 17, 2022, Kroger effectively found itself the only active

Track Seven defendant.

Kroger immediately filed an emergency motion for an immediate stay of all Track Seven proceedings. Kroger was especially concerned about the remaining six expert depositions, which were scheduled to begin four days hence on November 21, 2022. *See* case docket no. 92. Plaintiff opposed Kroger's motion, *see* case docket no. 93, and the Special Master issued a ruling by email on November 18, 2022. Kroger then requested that the Special Master formalize the email ruling. Kroger's request leads to the instant document.

As stated in the email, for the reasons below, Kroger's motion is **DENIED**, with one small exception.

As noted above, Kroger already obtained two extensions of the deadline for expert depositions. In its latest motion for immediate stay, Kroger asserts it now needs another extension because "Walmart, Walgreens & CVS [just] notified Kroger . . . that they would NOT take lead as promised in the upcoming expert depositions." Motion at 1-2. This contention is somewhat jarring: Kroger's second request for extension of 55 days was specifically premised on a professed need to do its ***own*** preparations, instead of being forced to rely on its co-defendants. For Kroger to now complain that it ***can't rely*** on its co-defendants is incongruent. Moreover, that Kroger's co-defendants are no longer litigating does not support the need for a ***complete*** stay of ***all*** case management deadlines that still apply to Kroger.

Kroger goes so far as to argue that "it offends Kroger's due process rights to be forced to proceed unilaterally and take lead in depositions, which until recently involved the presence and input by various other pharmacy defendants." *Id.* at 2. This latter proposition borders on the absurd. *Cf. Estelle v. McGuire*, 502 U.S. 62, 67, 73 (1991) (a court ruling does not deny due process unless

3

it is so "arbitrary and fundamentally unfair" that it deprives a litigant of a "specific guarantee[] enumerated in the Bill of Rights").  That Kroger now has to take lead in conducting expert depositions – which, by the way, gives it *more time* to ask its own questions – does not nearly rise to the level of a due process violation.

Still, the undersigned is sympathetic to the sudden requirement that Kroger now has to revamp its deposition approach on short notice.  Accordingly, the Special Master ruled via email on November 18, 2022 (and confirms here) as follows: (1) the three expert depositions scheduled for the week of November 21, 2022, may be postponed for up to 14 days, to allow Kroger time to prepare for changed circumstances; (2) the three expert depositions scheduled for the week of November 28, 2022, will go forward as scheduled, as Kroger has sufficient time to prepare for changed circumstances; and (3) no other case management dates will be moved, including dates related to *Daubert* briefing.

**RESPECTFULLY SUBMITTED,**

/s/ *David R. Cohen*
**David R. Cohen**
**Special Master**

**Dated:** November 23, 2022