**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE NATIONAL** | ) | **CASE NO. 1:17-MD-2804** |
| **PRESCRIPTION** | ) | |
| **OPIATE LITIGATION** | ) | **David R. Cohen** |
| | ) | **Randi S. Ellis** |
| **THIS DOCUMENT RELATES** | ) | **Hon. David R. Herndon** |
| **TO:** | ) | |
| *"All Cases"* | ) | **FEE PANEL ORDER NO. 14** |
| | ) | **REGARDING CREDITS AND** |
| | ) | **REBATES TO DISTRIBUTORS,** |
| | ) | **ESTABLISHMENT OF AN** |
| | ) | **ADMINISTRATIVE EXPENSE** |
| | ) | **ACCOUNT, AND A PRUDENT** |
| | ) | **RESERVES HOLDBACK** |

## I. Adjustments to Distributors' Payment Obligations to the Contingency Fee Fund ("CFF")

Exhibit R §II.H.6 of the *Distributors Settlement Agreement* states as follows:

> With respect to the Contingency Fee Fund the Fee Panel shall:
> a. Review the applications of all Attorneys seeking compensation from the Litigating Subdivision Fee Fund, including determining eligibility for each Attorney as set for in Section II.G.
> b. Apply the Mathematical Model in Exhibit A.
> c. Use such allocations to reduce ..., on an annual basis, the payment obligations of the Settling Distributors to the Attorney Fee Fund as set forth in paragraph II.D.4, and distributions therefrom, and inform the Settling Distributors and the MDL PEC of all such adjustments.

The Fee Panel completed the requirements of Exhibit R §II.H.6.a-c and informed the

Settling Distributors ("Distributors") and the MDL PEC of the adjustments to the Distributors'

payment obligations to the Contingency Fee Fund. The Fee Panel allowed the Distributors and the

MDL PEC an opportunity to review and, if necessary, dispute the calculations related to the

amounts the Distributors are required to pay. Neither the Distributors nor the MDL PEC disputed the amounts of the credits or rebates. Therefore, the Fee Panel now declares the credits and rebates set forth below to be final and no longer subject to objection.

## II. Credits to Distributors for Non-Participating States

Exhibit R §II.D.4.a.i of the *Distributors Settlement Agreement* states that, if the Plaintiffs are in Participation Tiers 1-3, then "the Contingency Fee Fund payments shall … be reduced by the amounts ... that would have been owed to counsel for Litigating Subdivisions in Non-Settling States, had those States and those Litigating Subdivisions been Settling States and Participating Subdivisions." However, pursuant to Exhibit R §II.D.4.b, "At Participation Tier 4, there shall be no reductions in the Contingency Fee Fund."

On November 11, 2022, the Directing Administrator notified the Fee Panel that the "Distributor Settlement Participation Tier is Tier 4." Therefore, there are no reductions in the Contingency Fee Fund due to Non-Settling States.

## III. Credits to Distributors for Non-Participating Litigating Subdivisions in Settling States

Exhibit R §II.D.4.a.ii of the *Distributors Settlement Agreement* further provides: "following the calculation in subparagraph II.D.4.a.i, the Contingency Fee Fund payments shall be reduced to reflect the non-joinder of Litigating Subdivisions in Settling States by subtracting the amounts ... that would have been owed to counsel for Non-Participating Litigating Subdivisions in Settling States had such Litigating Subdivisions been Participating Subdivisions."

Again, because the Distributor Settlement Participation Tier is Tier 4, Exhibit R §II.D.4.b applies and there are no reductions in the Distributors Contingency Fee Fund due to Non-Participating Litigating Subdivisions in Settling States. As a result, because the Distributor Settlement Participation Tier is Tier 4, the Settling Distributors are obligated to contribute the full

**$516,923,077.32** required by Exhibit R §II.D.1. McKesson shall pay 38.1%; AmerisourceBergen shall pay 31.0%; and Cardinal shall pay 30.9%. (*See* DSA Exhibit R §II.A.5)

| Settling Distributor | Percentage | Amount |
|---|---|---|
| Amerisource | 31.00% | $160,246,153.97 |
| Cardinal | 30.90% | $159,729,230.89 |
| McKesson | 38.10% | $196,947,692.46 |

$516,923,077.32

## IV. Administrative Expense Account

Exhibit R §II.I.1 of the *Distributors Settlement Agreement* provides that the cost of the Fee Panel Post-Effective Date shall be charged against the applicable Fee Fund, based on allocation by the Fee Panel, and shall not be otherwise funded by the Settling Distributors. The Fee Panel hereby deems it necessary and appropriate to withhold 1.5% of the total contributions made by Distributors into the Contingency Fee Fund for administrative expenses incurred by the Fee Panel and its agents and representatives. The full amount of the 1.5% contribution will be effectuated in Payment Year 1 to establish the Administrative Expense Account.[1] The Fee Panel will draw on the Administrative Expense Account as expenses are incurred. Any unused funds from the Administrative Expense Account remaining at the end of the seven-year distribution period will be awarded pro rata to Fund participants in Payment Year 7, prior to the closure of the Fund.

| Settlement | Total Amount Contributed to CFF by Distributors | Administrative Expense Percentage | Total Administrative Expense Account |
|---|---|---|---|
| Distributors Settlement Agreement | $516,923,077.32 | 1.50% | $7,753,846.16 |

---

[1] The Fee Panel reserves the right to adjust (upwards or downwards) the percentage allocated to the Administrative Expense Account, if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

After accounting for the 1.5% contribution to the Administrative Expense Account, the remaining funds are available to pay eligible Fund participants.

## V. Prudent Reserves Holdback

Due to the complexity and uncertainty involved in administering a Fund with hundreds of Applicants and thousands of Applications, 1.0% of funds available each year to pay eligible Fund participants will be held in reserve to address potential claims on the Fund and/or objections to the calculated Contingency Fee Fund Award amounts.[2] Unused funds from the Prudent Reserves Holdback will be distributed to Fund participants pro rata in Payment Year 7, prior to the closure of the Fund.

| Description | Distributors Settlement |
|---|---|
| Gross Amount of Fund | $516,923,077.32 |
| Credits to Defendants | $0 |
| Administrative Expense Account (1.5%) | $7,753,846.16 |
| Prudent Reserves Holdback (1.0%) | $5,091,692.31 |
| **Net Funds Available for CFF Awards before Rebates** | **$504,077,538.85** |

## VI. Rebates, Refunds, and Payments to be Directed to Distributors

*A. New York - Applies to Counsel Representing Nassau and Suffolk Counties*

Pursuant to § VIII.B.1 of the *New York Distributors Agreement*, the law firms identified therein "shall direct the administrators of the Global Settlement Contingency Fee Fund and the Global Settlement Common Benefit Funds to disburse any and all payments allocated to each of those firms to the Settling Distributors until Settling Distributors have been paid" the sum identified in the settlement agreement. The Fee Panel is aware of this agreement, but as of the date

---

[2] The Fee Panel reserves the right to adjust (upwards or downwards) the Prudent Reserves Holdback percentage, if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

of this Order, the Fee Panel has not received direction from the law firms representing Nassau County, NY and Suffolk County, NY. The Fee Panel will not issue payments from the Distributors Contingency Fee Fund or the Global Settlement Common Benefit Fund to these law firms until they provide the required direction to the Fee Panel.

*B. Ohio – Applies to all Counsel representing Subdivisions in the State of Ohio*

Pursuant to § VIII.B.2 of the *Distributors Ohio Settlement Agreement*, "Ohio Participating Subdivisions and their counsel shall direct the administrators of the Global Settlement Contingency Fee Fund and the Global Settlement Common Benefit Funds to disburse any and all payments allocated to counsel for the Ohio Participating Subdivisions to the distributors until distributors have been paid" the sum identified in the settlement agreement. The Fee Panel is aware of this agreement, but as of the date of this Order, the Fee Panel has not received direction from Ohio Participating Subdivisions and their counsel. The Fee Panel will not issue payments from the Distributors Contingency Fee Fund or the Global Settlement Common Benefit Fund to these counsel until they provide the required direction to the Fee Panel.

*C. Rhode Island - Applies to all Counsel representing Subdivisions in the State of Rhode Island*

Pursuant to § VIII.B.2. of the *Distributors-Rhode Island Settlement Agreement*, "Rhode Island Participating Subdivisions and counsel shall direct the administrators of the Global Settlement Contingency Fee Fund and the Global Settlement Common Benefit Funds to disburse any and all payments allocated to counsel for the Rhode Island Participating Subdivisions to the Settling Distributors until Settling Distributors have been paid" the sum identified in the settlement agreement. The Fee Panel has received this direction from counsel for the Rhode Island Participating Subdivisions; accordingly, the Fee Panel will disburse the payments allocated to

counsel for the Rhode Island Participating Subdivisions to the Settling Distributors up to the amount identified in the *Distributors-Rhode Island Settlement Agreement*.

## VII. Appeals and Disputes

Pursuant to Exhibit R §II.B.4 of the Distributors Settlement Agreement, "***as to awards from the Contingency Fee Fund, there shall be no right of appeal.***" However, the Fee Panel is empowered to hear disputes concerning the accuracy of mathematical calculations used in the model.[3] Therefore, Contact Counsel has 28 days from the date of this Order to provide a written statement to dispute the accuracy of a mathematical calculation. The written statement may be provided to the Fee Panel by sending an email with an attachment to the following email address: contingentfeefund@opioidfeepaneldocuments.com. The email attachment must be in .PDF format and limited to 3 pages, double-spaced, with standard margins, and 12-point font.

/s/     *David R. Cohen*
*Randi S. Ellis*
*David R. Herndon*
**FEE PANEL**

**Dated:** November 30, 2022

---

[3] In the interests of efficient fund administration, the Fee Panel will not hear disputes concerning the accuracy of mathematical calculations involving an amount in controversy that is less than one hundred dollars. Additionally, the Fee Panel reserves the right to assess costs and expenses associated with defending a meritless and/or frivolous challenge directly to the Contact Counsel who initiates the challenge.