

# GEORGIA DEPARTMENT OF LAW

40 Capitol Square SW
Atlanta, Georgia 30334-1300

CHRISTOPHER M. CARR
ATTORNEY GENERAL

www.law.ga.gov
(404) 458-3600

**BY ELECTRONIC MAIL**

December 22, 2022

Honorable Dan A. Polster
United States District Judge
United States District Court
Northern District of Ohio
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

      Re: Certification Pursuant to O.C.G.A. § 15-2-9 to the Supreme Court of Georgia of a Question
      In Re: National Prescription Opiate Litigation, No. 1:17-md-02804 (DAP)

Dear Judge Polster:

      On behalf of the Attorney General of the State of Georgia, I write to respectfully request that this Court pursuant to O.C.G.A. § 15-2-9 certify the question of the state constitutionality of O.C.G.A. § 10-13B-1 *et seq.* to the Supreme Court of Georgia. The State of Georgia is not currently a party to this case and no attorneys from this office have entered an appearance in the litigation. Therefore, we are sending this letter to you via electronic mail with a request that the Clerk be instructed to file the letter on the electronic docket.

      On October 12, 2022, AmerisourceBergen Corporation, McKesson Corporation, Cardinal Health, Inc., Johnson & Johnson, *et al.* (Settling Defendants) filed a Motion to Dismiss (Dkt. No. 4674) the claims of two litigating Georgia local government entities who declined to participate in a state-wide opioid settlement entered into by the State of Georgia and a majority of its litigating local governments earlier this year. Settling Defendants' motion argues that the entities' claims are barred by O.C.G.A. § 10-13B-3, which extinguishes "all past, present or future claims on behalf of any governmental entity seeking to recover against" any Settling Defendant. One of the two entities, the Hospital Authority of Wayne County, filed a response to the Motion (Dkt. No. 3457) arguing that O.C.G.A. § 10-13B-3 is an impermissible "retroactive law" and thus violates Article 1, Section 1, Paragraph X of the Georgia Constitution. Under Rule 5.1 of the Federal Rules of Civil Procedure, the Court certified the constitutional question to the Attorney General on October 27, 2022, and our office has carefully considered the appropriate course of action.

      Because this is a question of whether a Georgia statute is constitutional under the Georgia Constitution, we believe that certification of the Hospital Authority's argument to the Supreme Court of Georgia pursuant to O.C.G.A. § 15-2-9 is warranted. Section 15-2-9 of the Georgia Code provides that:

> [w]hen it shall appear to [...] any [...] district court of the United States [...] that there are involved in any proceeding before it questions of the laws of [Georgia] which are determinative of the case and there are no clear controlling precedents in the decision of the Supreme Court of [Georgia], such federal court may certify the questions of the laws of [Georgia] to the Supreme Court of [Georgia] for answers to the question of state law, which certificate the Supreme Court of [Georgia] may answer by written opinion.

The question of the state constitutionality of section 10-13B-1 *et seq.* easily meets the test. This is a significant question of Georgia state constitutional law that is dispositive of the viability of the Hospital Authority's asserted claims. And although we have no question that the statute is constitutional, there is no "clear[ly]" direct Supreme Court precedent addressing these distinct circumstances. O.C.G.A. § 15-2-9. As a result, *sua sponte* certification to the Supreme Court by this Court is both appropriate and indeed essential here. We suggest that the following be certified for consideration by the Supreme Court:

> O.C.G.A. § 10- 13B-3(a) states: "Entry into a state-wide opioid settlement agreement shall serve to bar any and all past, present or future claims on behalf of any governmental entity seeking to recover against any business or person that is a released entity under the terms of the relevant settlement. Such bar shall apply to any and all released claims or suits by any governmental entity created by or pursuant to an Act of the General Assembly, the Constitution, or any departments, agency, or authority thereof, for damages, abatement, injunctive or any other relief. No such claim barred by this Code section shall be brought, threatened, asserted or pursued in any way in any court, and any such claim shall be dismissed by the court in which the claim is brought."

> A Georgia county hospital authority, a governmental entity created by an Act of the General Assembly, has asserted that this provision violates the Georgia Constitution's prohibition against retroactive laws.

> The two questions presented are:
>
> (1) Does the hospital authority have the legal authority to challenge the constitutionality of O.C.G.A. § 10-13B-3(a)?
>
> (2) Does Article I, Section I, Paragraph X of the Georgia Constitution prohibit O.C.G.A. § 10-13B-3(a)'s bar of past, present and future claims by governmental entities?

Should this Court decline to certify the constitutionality of O.C.G.A. § 10-13B-1 *et seq.* to our State's Supreme Court, it may become necessary for the State of Georgia to intervene in the multidistrict opioid litigation as permitted by Rule 5.1(c) of the Federal Rules of Civil Procedure. Under the Rule, we may intervene within 60 days after the notice of the constitutional question was

Page 3

filed unless the Court sets a later time. In that instance, we respectfully request that this Court extend our deadline to intervene until the later of 20 days after this Court has decided not to *sua sponte* certify the constitutional question to the Georgia Supreme Court or the date on which the Georgia Supreme Court declines to accept the certified question, should that occur.

We appreciate this Court's attention to this matter and consideration of these requests.

Respectfully submitted,

W. Wright Banks, Jr.
Chief Deputy Attorney General, State of Georgia

cc: Special Master David Cohen
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
david@specialmaster.law

*Counsel for the Hospital Authority of Wayne County:*

Robert B. Smith
Smith, Phelps & Murray Law Firm
356 E Cherry Street
Jesup, GA 31546
rbslaw@bellsouth.net

*Counsel for AmerisourceBergen Corporation:*

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
smcclure@reedsmith.com

*Counsel for Cardinal Health, Inc.:*

Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
emainigi@wc.com

*Counsel for McKesson Corporation:*

Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Johnson & Johnson;
Janssen Pharmaceuticals, Inc.; Ortho-
McNeil-Janssen Pharmaceuticals, Inc. n/k/a
Janssen Pharmaceuticals, Inc.; and Janssen
Pharmaceutica, Inc. n/k/a Janssen
Pharmaceuticals, Inc.:*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
clifland@omm.com