# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *The Hospital Authority of Wayne County, Georgia v. AmerisourceBergen Drug Corporation, et al.* Case No. 1:19-OP-45278 | ) ) **ORDER CERTIFYING QUESTIONS** ) **TO GEORGIA SUPREME COURT** ) ) |

On October 26, 2022, in response to the Settling Defendants' motion to dismiss claims filed by non-participating Georgia subdivisions (docket no. 4674), the Hospital Authority of Wayne County, Georgia challenged the constitutionality of O.C.G.A. § 10-13B-1, *et seq.* (docket no. 4695). The Official Code of Georgia Annotated § 10-13B-3(a) states: "Entry into a state-wide opioid settlement agreement shall serve to bar any and all past, present or future claims on behalf of any governmental entity seeking to recover against any business or person that is a released entity under the terms of the relevant settlement. Such bar shall apply to any and all released claims or suits by any governmental entity created by or pursuant to an Act of the General Assembly, the Constitution, or any departments, agency, or authority thereof, for damages, abatement, injunctive or any other relief. No such claim barred by this Code section shall be brought, threatened, asserted or pursued in any way in any court, and any such claim shall be dismissed by the court in which the claim is brought."

This Court invited the Georgia Attorney General, Chris Carr, to intervene to address this question of Georgia law. The Attorney General responded by letter requesting that this Court

certify to the Supreme Court of Georgia the constitutional challenge to O.C.G.A. § 10-13B-1, *et seq.*, as there is no direct precedent on this issue. (See docket no. 4798).

The Court concludes that certification is appropriate. Accordingly, the Court hereby certifies the following questions to the Georgia Supreme Court:

(1) Does the Hospital Authority of Wayne County, Georgia have the legal authority to challenge the constitutionality of O.C.G.A. § 10-13B- 1, *et seq.*?

(2) Does Article I, Section I, Paragraph X of the Georgia Constitution prohibit O.C.G.A. § 10-13B-3(a)'s bar of past, present and future claims by governmental entities?

**IT IS SO ORDERED.**

                                               */s/ Dan Aaron Polster  December 27, 2022*
                                               **DAN AARON POLSTER**
                                               **UNITED STATES DISTRICT JUDGE**