UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Lake, Ohio v. Purdue Pharma L.P., et al.*,<br>   Case No. 18-op-45032 (N.D. Ohio)<br><br>*County of Trumbull, Ohio v. Purdue Pharma, L.P., et al.*,<br>   Case No. 18-op-45079 (N.D. Ohio)<br><br>"Track 3 Cases" | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

### WALMART SUPPLEMENT TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL

Defendant Walmart Inc. ("Walmart") hereby supplements Defendants' October 5, 2022, Motion for Stay Pending Appeal (Dkt. 4658), and requests that this Court rule on the pending stay motion by February 2 so that Defendants have sufficient time, if they choose, to seek a stay from the Sixth Circuit if this Court denies their motion for a stay pending appeal.

\*   \*   \*

To date the Court has not ruled on Defendants' stay motion but has, instead, issued a series of temporary stays, most recently staying the Injunction Order and the Appointment Order "until February 8, 2023 to allow a final opportunity for the parties to negotiate a resolution."  Minute Order (Jan. 4, 2023).  The Court ordered the parties to "meet and confer and use best efforts to determine whether they can reach any agreement on the scope, timing, and administration of the injunctive relief," and then to "submit an in camera status report" by February 7.  *Id.*  As requested,

1

the parties have met and conferred but have been unable to reach any resolution.[1]  Defendants' motion for a stay is thus ripe for decision, and the following new facts are relevant to it.

On November 15, 2022, based on negotiations with various States (including the State of Ohio) and the Plaintiffs' Executive Committee established by this Court, Walmart announced a nationwide opioid settlement framework designed to resolve opioid lawsuits and potential lawsuits by state, local, and tribal governments, as well as other qualifying entities.  *See* Exhibit A ("Settlement Agreement"); Exhibit B ("Press Release").  As of December 20, 2022, Walmart has settlement agreements with all 50 states, including the State of Ohio.  *See Walmart Reaches Opioid Settlement Agreements with all 50 States*, Walmart (Dec. 20, 2022), https://tinyurl.com/2p97439f. The nationwide settlement is anticipated to go into effect in August.

While the settlement will not directly affect the Track 3 cases or appeal, the Settlement Agreement nevertheless imposes nationwide, comprehensive injunctive relief, including to the Track 3 Walmart pharmacies in Lake and Trumbull Counties.  *See* Ex. A (Settlement Agreement) at Injunctive Relief, Exhibit P.  Walmart submits that the Settlement Injunctive Relief, which will be overseen by the State of Ohio, should be the only injunctive relief that applies to stores located in Lake and Trumbull counties.  Having two separate injunctions governing the same subject matter in the same pharmacies in the same counties is not in the public interest and will create unnecessary confusion and complication in the practice of pharmacy in these two counties, not to mention the State of Ohio's enforcement of the Settlement Injunctive Relief.

---

[1] Plaintiffs have indicated that they will not provide the requested status report to Special Master Cohen before the February 7 deadline.  But since the temporary stay of injunctive relief is currently set to expire on February 8, a reasonable window of time is needed to seek a stay pending appeal before that date if necessary.  Walmart thus respectfully requests a ruling from this Court on the stay motion by February 2.  In the alternative, the Court may extend the temporary stay beyond February 8 to allow sufficient time to pursue a stay pending appeal after February 7 if necessary.

As Plaintiffs have recognized, certain abatement relief is better administered on a national basis.  *See, e.g.*, Dkt. 4232, 1/18/22 Plaintiffs Lake and Trumbull Counties' Submissions of Separate Abatement Plans, at 2 ("Plaintiffs also recognize that some of the elements of abatement including but not limited to provider, dispenser, and patient education are more effectively administered on a national basis.  As such, Plaintiffs ask that these specific abatement elements be awarded by the Court unless and until a national or regional plan for those elements is created in a national or regional consent decree or through a settlement or another court decision.").  Injunctive relief governing the practice of pharmacy is exactly the type of remedy that will be more effective if administered in a uniform manner overseen by state regulators.  Moreover, the basic terms of Walmart's settlement and the Injunction Order are similar and directed at the same ultimate goal of ensuring proper dispensing of prescription opioids.  As Walmart has shown the Court, the terms of the Injunction Order are also much like Walmart's existing policies and procedures.  *See* Dkt. 4692, 10/25/22 Supplemental Response to the Court's October 7, 2022 Order Regarding Defendants' Motion to Stay.  At bare minimum, therefore, the Settlement Agreement and Walmart's existing policies and procedures show that a stay of the Injunction Order pending appeal would be harmless to all involved.

Plaintiffs' insistence on an immediate injunction overseen by a private court-appointed administrator, rather than by the State of Ohio, is thus unnecessary and counterproductive.  Indeed, imposing the Injunction Order and the Appointment Order on top of the Settlement Agreement would exacerbate the irreparable harms that would be inflicted on Walmart.  In light of the State of Ohio's authority to enforce the settlement terms, imposing a court-appointed administrator to enforce the Injunction Order would be highly inefficient and potentially unworkable.  It would place Walmart in the untenable position of serving two enforcement authorities issuing potentially

conflicting instructions and priorities on the same subject of prescription opioid dispensing, with no corresponding practical benefit. That inefficiency and potential for conflict would be in addition to the harms already detailed in Defendants' stay motion: The Administrator's intrusive and sweeping access to private-health and company information will irreparably harm Walmart and third parties alike. The Administrator's appointment will impose costs on Walmart that cannot be recouped. And the Administrator's enforcement and investigatory powers will create an undeniable conflict with the neutral role of the Special Master.

If Walmart's settlement does not obviate Plaintiffs' entitlement to an injunction here, it at least provides further support for a stay pending appeal.

## **CONCLUSION**

For these reasons, Walmart respectfully requests that the Court rule on the pending Motion for Stay Pending Appeal (Dkt. 4684) and grant a stay pending appeal. *See* Dkt. 4684; Fed. R. App. P. 8(a)(1)–(2). Walmart requests that the Court rule on the stay motion by February 2, 2023, so that Walmart can take any appropriate actions, including but not limited to seeking a stay pending appeal from the Sixth Circuit if necessary, before the current stay expires on February 8. Minute Order (Jan. 4, 2023).

Dated: January 31, 2023	Respectfully submitted,

*/s/ John M. Majoras*

John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jmmajoras@jonesday.com

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
110 North Wacker
Suite 4800
Chicago, IL 60606
Phone: (312) 782-3939
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on 31st day of January, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

Dated: January 31, 2023

*/s/ John M. Majoras*
*Attorney for Walmart Inc.*

Case: 1:17-md-02804-DAP Doc #: 4870 Filed: 01/31/23 6 of 6. PageID #: 606283