UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>Case No. 1:18-op-46326-DAP<br><br>THE MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS and THE STATE OF OHIO *EX REL.* MATHIAS H. HECK, JR., PROSECUTING ATTORNEY,<br><br>        Plaintiff,<br><br>   vs.<br><br>CARDINAL HEALTH, INC. et al.,<br><br>        Defendants. | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………...…ii

INTRODUCTION……………………………………………………………………...……1

LEGAL STANDARD…………………………………………………………………….…..1

ARGUMENT……………………………………………………………………………....…2

        A.     Affirmative Defenses Inapplicable to an Equitable Public Nuisance
              Claim ………………………………………………………………………..…2

             1.     Voluntary Payment Doctrine……………………………………….…2

             2.     Subrogation…………………………………………………………..3

             3.     Remoteness and Derivative Injury Rule…………………………..…4

             4.     Products Liability Defenses………………………………………...…5

        B.     Equitable Defenses Not Applicable to Government Public
              Enforcement Claims……………………………………………..…………...6

        C.     Fault-and Cost-Shifting Defenses Based on County's Conduct……………..…9

CONCLUSION………………………………………………………………………….....11

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)……………………………………...….2

*Chernin v. Welchans*, 641 F. Supp. 1349 (N.D. Ohio 1986)………………………………….....2

*Cherokee Nation v. McKesson Corp.*, 529 F. Supp. 3d 1225
 (E.D. Okla. 2021)………………………………………………………………………….4

*Chicago Title Ins. Co. v. Huntington Nat'l Bank*, 719 N.E.2d 955
 (Ohio 1999)……………………………………………………………...….……….9

*City and Cnty. of San Francisco v. Purdue Pharma L.P.*,
 2022 WL 4625624 (N.D. Cal. April 18, 2022)……………………………..….3, 5, 6, 8, 10

*City of Wooster v. Entertainment One, Inc.*, 814 N.E.2d 521
 (Ohio Ct. App. 2004)…………………………………………………………………...7

*County of San Diego v. Calif. Water & Tel. Co.*, 186 P.2d 124 (Cal. 1947)……………..……….8

*Erie Ins. Co. v. Kaltenbach*, 720 N.E.2d 597 (Ohio Ct. App. 1998)……………………………..3

*Estate of Graves v. City of Circleville*, 922 N.E.2d 201 (Ohio 2010)……………….…………..11

*Evanoff v. Grove Manuf. Co.*, 650 N.E.2d 914 (Ohio Ct. App. 1994)………………...………...9

*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992)……………….………..4

*Meeker R & D, Inc. v. Evenflo Co., Inc.*, 52 N.E.3d 1207 (Ohio Ct. App. 2016)…………....…2

*In re Nat'l Prescription Opiate Litig.*, ___ F. Supp. 3d ___, 2022 WL 3443614
 (N.D. Ohio Aug. 17, 2022) ("*CT3 Abatement Order*")………………………….......3, 9

*In re Nat'l Prescription Opiate Litig.*, 2019 WL 3917575
 (N.D. Ohio Aug. 19, 2019)……………………………………………………………….2

*In re Nat'l Prescription Opiate Litig.*, 2018 WL 6628898
 (N.D. Ohio Dec. 19, 2018) ("*CT1 MTD Order*")……………………………………4, 6

*Malley v. Youngstown State Univ.*, 658 N.E.2d 333 (Ohio Ct. Cl. 1995)…………………….9

*People v. ConAgra Grocery Prods. Co.*, 17 Cal. App. 5th 51 (2017)…………….…………..8

ii

*Portage Cnty. Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478 (Ohio 2006)……………………………………………………………………………..…7

*State ex rel. DeWine v. Fred's Party Ctr., Inc.*, 13 N.E.3d 699
  (Ohio Ct. App. 2014)…………………………………………………………….......7

*State of New Hampshire v. Johnson & Johnson*, No. 217-2018-CV-000678
  (N.H. Super. Ct. Jan. 6, 2022)………………………………………………….10, 11

*State of Washington v. McKesson Corp.*, No. 19-2-06975-9-SEA
  (Wash. Super. Ct. Aug. 18, 2021) (Ex. A)……………………………….………..8, 10, 11

*United States v. Amoco Oil Co.*, 580 F. Supp. 1042 (W.D. Mo. 1984)……………………..…..7

*United States v. Firestone Tire & Rubber Co.*, 374 F. Supp. 431
  (N.D. Ohio 1974)……………………………………………………...…………..8

*United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61 (D.D.C. 2004)…………………….…7

*Village of New Holland v. Murphy*, 176 N.E.3d 309 (Ohio Ct. App. 2021)………………………7

*Washington Mut. Bank, FA v. Aultman*, 876 N.E.2d 617
  (Ohio Ct. App. 2007)……………………………………………………………...3

### Statutes

Ohio Rev. Code §§ 2307.71-2307.80………………………………………………........................…………5

Ohio Rev. Code § 2307.71(A)(13)………………………………………………………..5

Ohio Rev. Code § 2744.03(A)(3)……………………………………………….………11

### Court Rules

Fed. R. Civ. P. 56(a)…………………………………………………………………….1-2

### Miscellaneous

*Restatement (Second) of Torts* § 402A…………………………………………………....5

*Restatement (Third) of Torts: Products Liability* § 6…………………………………………...5

**Introduction**

Montgomery County, Ohio (the "County") is facing a widespread and unprecedented public health epidemic due to the abuse of opiates. Through this streamlined bellwether litigation, the County seeks to hold Defendants The Kroger Co., Kroger Limited Partnership I, and Kroger Limited Partnership II (collectively, "Kroger") accountable for their misconduct in creating, fueling, and perpetuating this man-made disaster and obtain much-needed abatement relief. *See* Supplemental and Amended Complaint Allegations ("Complaint") (ECF No. 3772). The case is proceeding to trial on a single claim for common law absolute and qualified public nuisance, seeking forward-looking abatement of the public nuisance created by Kroger.[1] The County does not seek damages or recovery of historical costs at trial.

In its Answer to the Complaint (ECF No. 3958), Kroger asserts 88 affirmative defenses. Certain of these defenses are invalid as a matter of law because they lack any conceivable application to the County's public nuisance claim, are equitable defenses that do not apply to a government plaintiff suing to protect public interests, or else are fault- or cost-shifting defenses that do not apply to claims for equitable relief or to a government plaintiff's alleged failure to regulate. Through this motion, the County seeks summary judgment as to these affirmative defenses.

**Legal Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party may move for summary judgment on an opposing party's "claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] This Court granted the County's motion to bifurcate the other causes of action asserted in the Complaint and to stay those causes of action until a later point in time. ECF. No. 3750; June 8, 2021 Non-Document Order Granting Motion to Bifurcate per ECF. No. 3750.

1

movant is entitled to judgment as a matter of law." *Id.* A fact is "material" if it could affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if the evidence, viewed in the light most favorable to the nonmoving party, "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"When the movant requests the Court to make a purely legal determination, it need not delve into factual disputes." *In re Nat'l Prescription Opiate Litig.*, 2019 WL 3917575, at *2 (N.D. Ohio Aug. 19, 2019) (citing *Chernin v. Welchans*, 641 F. Supp. 1349, 1358 (N.D. Ohio 1986)).

## Argument

### A. Affirmative Defenses Inapplicable to an Equitable Public Nuisance Claim.

A number of Kroger's defenses have no conceivable application to the County's claim for public nuisance abatement and/or have already been rejected by this Court when asserted by other defendants in prior bellwether proceedings. The Court likewise has rejected the same arguments in this case to the extent any defendant attempted to reassert them here. *See* CT7 ECF Nos. 60-1 (memorandum in support of *pro forma* motion to dismiss) & 63 (Order denying motion). These fall into four categories set forth below.

#### 1. Voluntary Payment Doctrine

First, Kroger invokes the "voluntary payment doctrine." Kroger Answer at 11, Sixth Aff. Def. In Ohio, this refers to "[m]oney paid on a claim of right with full knowledge of all the facts," which, "in the absence of fraud, duress, or compulsion, cannot be recovered back merely because the party, at the time of payment, was ignorant of, or mistook, the law as to his liability[.]" *Meeker R & D, Inc. v. Evenflo Co., Inc.*, 52 N.E.3d 1207, 1218 (Ohio Ct. App. 2016) (internal quotation marks and citation omitted).

2

The County's claim for public nuisance abatement does not seek recovery of any prior payments made. *See In re Nat'l Prescription Opiate Litig.*, ___ F. Supp. 3d ___, 2022 WL 3443614, at *4 (N.D. Ohio Aug. 17, 2022) ("*CT3 Abatement Order*") ("The goal [of abatement] is not to compensate the harmed party for harms already caused by the nuisance. This would be an award of damages. Instead, an abatement remedy is intended to compensate the plaintiff for the costs of rectifying the nuisance, going forward."). Since Kroger cannot, and could not, identify any prior payments by the County relevant to its public nuisance abatement claim, the voluntary payment doctrine does not apply and the Court should grant summary judgment on this defense.

### 2. Subrogation

Second, Kroger invokes "subrogation" as an affirmative defense. Kroger Answer at 13, Eighteenth Aff. Def. In Ohio, a right of subrogation "arises either from the right of conventional subrogation, that is, subrogation by agreement between the parties, or equitable subrogation by operation of law." *Erie Ins. Co. v. Kaltenbach*, 720 N.E.2d 597, 599-600 (Ohio Ct. App. 1998). While conventional subrogation is based on contract, equitable subrogation arises "when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid." *Washington Mut. Bank, FA v. Aultman*, 876 N.E.2d 617, 622 (Ohio Ct. App. 2007) (internal quotation marks and citation omitted).

Here, too, it is beyond genuine dispute that the County's claim for public nuisance abatement does not relate to any prior payment, be it of a debt or otherwise. Nor does Kroger have any contract-based right to subrogation. The subrogation defense therefore does not apply and summary judgment should be granted on this defense. *See City and Cnty. of San Francisco v.*

3

*Purdue Pharma L.P.*, 2022 WL 4625624, at *3 (N.D. Cal. April 18, 2022) (granting summary judgment for government plaintiff on opioid litigation defendants' subrogation defense).

### 3. Remoteness and Derivative Injury Rule

Third, Kroger invokes the "derivative injury rule" and the "remoteness doctrine" as an affirmative defense. Koger Answer at 14, Twenty-Fifth Aff. Def.  Kroger alleges that "Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bars Plaintiff from recovering payments it allegedly made on behalf of its residents to reimburse any expenses for health care, pharmaceutical care, and other public services." *Id.*

"The derivative injury rule can be understood as an extension of the proximate causation requirement, in that a plaintiff can seek damages only where there is a direct relationship between the injury and the injurious conduct." *Cherokee Nation v. McKesson Corp.*, 529 F. Supp. 3d 1225, 1233 (E.D. Okla. 2021).  Thus, "'a plaintiff who complained of harm flowing from misfortunes visited upon a third person by the defendant's acts was generally said to stand at too remote a distance to recover.'" *Id.* (quoting *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268-69 (1992)) (rejecting opioid distributor defendants' invocation of the rule as a defense to public nuisance as well as other claims by a tribal plaintiff).

This Court already has rejected application of the derivative injury rule to claims, like those here, by a local government plaintiff for opioid epidemic harms to be borne by the plaintiff itself. *In re Nat'l Prescription Opiate Litig.*, 2018 WL 6628898, at *6 (N.D. Ohio Dec. 19, 2018) ("*CT1 MTD Order*") ("Plaintiffs' asserted economic injuries are borne by them and not passed-on by any intermediate party standing less removed from Defendants' actions."). The Court reaffirmed that ruling in this case in denying Meijer's pro forma motion to dismiss here. *See* CT7 ECF Nos. 60-1

4

& 63. The ruling that the derivative injury rule does not apply remains both correct and the law of the case, and summary judgment should be granted on this defense.

So, too, should the Court grant summary judgment on Kroger's substantively overlapping "remoteness doctrine" defense. In *City and Cnty. Of San Francisco*, Judge Breyer granted summary judgment for the government plaintiff on remoteness doctrine and derivative injury rule defenses, finding that the defendants' arguments on these defenses merely "attack Plaintiff's ability to carry its burden of proving the [causation] elements of its claims" and "do not show why the affirmative defenses of remoteness and derivative injury apply here."  2022 WL 4625624, at *3.  This Court should hold the same for all of the reasons set forth in that decision.

### 4. Products Liability Defenses

Fourth, Kroger invokes an affirmative defense based on the purported application of the law of strict products liability.  *See* Kroger Answer at 21, Fifty-Fifth Aff. Def. ("Plaintiff's claims are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.").  In Ohio, the law of products liability is codified in the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code §§ 2307.71-2307.80. The OPLA defines a "product liability claim" in relevant part as a claim that "seeks to recover *compensatory damages* from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question," which "includes any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public." Ohio Rev. Code § 2307.71(A)(13) (emphasis added).

5

As this Court has held, both in this case and in earlier bellwether actions in which defendants asserted parallel arguments, OPLA is inapplicable to the type of equitable public nuisance claim asserted by the County. *See, e.g.,* CT7 ECF Nos. 60-1 & 63. Construing this provision in light of its legislative history, the Court held that, to fall within the OPLA's definition of a product liability claim, a plaintiff's claim must "1) seek to recover compensatory damages 2) for death, physical injury to a person, emotional distress, or physical damage to property other than the product in question (*i.e.* 'harm' as defined by the statute)." *CT1 MTD Order*, 2018 WL 6628898 at *13. Based on this construction, the Court concluded that the OPLA does not cover or abrogate a local government plaintiff's common law public nuisance claim seeking only equitable abatement relief, not damages. *Id.* at *14.

Since the County here likewise asserts a public nuisance claim seeking only equitable abatement relief, this is not a "product liability claim" under Ohio law. Therefore, Kroger's affirmative defense invoking strict products liability principles does not apply and summary judgment should be granted. *Cf. City and Cnty of San Francisco*, 2022 WL 4625624, at *2 (granting summary judgment on product liability defenses to government plaintiff's public nuisance abatement claim).

For all of the reasons set forth, the Court should grant summary judgment for the County on Kroger's foregoing facially inapplicable affirmative defenses.

  **B. Equitable Defenses Not Applicable to Government Public Enforcement Claims**

Kroger also asserts a handful of boilerplate equitable defenses: unclean hands; *in pari delicto*; laches; estoppel; waiver; acquiescence; settlement; and release. Kroger Answer at 11, Seventh and Eighth Aff. Defs.; *id.* at 17, Fortieth Aff. Def.; *id.* at 25, Eightieth Aff. Def.

6

In Ohio, as in many jurisdictions, these defenses do not apply against a government plaintiff asserting claims to protect public interests. *City of Wooster v. Entertainment One, Inc.*, 814 N.E.2d 521, 539 (Ohio Ct. App. 2004) ("Ohio courts have expressed the clear position that equitable defenses generally do not apply to bar a claim by a governmental unit."); *Village of New Holland v. Murphy*, 176 N.E.3d 309, 321 (Ohio Ct. App. 2021) ("[B]alancing of equities is unnecessary where injunctive relief is sought pursuant to a statute that provides a governmental agent with the means to enforce public policy; equitable defenses are generally inapplicable to bar a claim by the government[.]") (citing *City of Wooster*, *supra*); *see also United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 65-66 (D.D.C. 2004) ("The essence of the Government's argument is that the equitable defenses of waiver, equitable estoppel, laches, unclean hands and *in pari delicto* may not be asserted against the United States when, as here, it is acting in its sovereign capacity to exercise public rights to protect the public interest. . . . The case law overwhelmingly supports the Government's position.") (internal quotation marks and citations omitted).

Ohio courts and courts elsewhere have applied this principle to prohibit defendants from asserting against a government plaintiff the equitable defenses of:

- *estoppel*, *see Village of New Holland*, 176 N.E.3d at 321-22 (affirming trial court ruling that equitable estoppel defense did not apply to claims by municipal government plaintiff);

- *laches*, *see Portage Cnty. Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 494 (Ohio 2006) ("Further, laches is generally not available against government entities.");

- *unclean hands* and *in pari delicto*, *State ex rel. DeWine v. Fred's Party Ctr., Inc.*, 13 N.E.3d 699, 714 (Ohio Ct. App. 2014); *U.S. v. Philip Morris*, 300 F. Supp. 2d at 66 ("The Government's motion for summary judgment as to the affirmative defenses of unclean hands and *in pari delicto* is granted because these defenses are insufficient as a matter of law.");

- *waiver*, *see United States v. Amoco Oil Co.*, 580 F. Supp. 1042, 1050 (W.D. Mo. 1984) ("Nor in my judgment can any defense of waiver be asserted against the

7

government in this kind of situation [involving alleged inaction], since generally speaking public officers have no power or authority to waive the enforcement of the law on behalf of the public."); and

- ***acquiescence***, *see United States v. Firestone Tire & Rubber Co.*, 374 F. Supp. 431, 433 (N.D. Ohio 1974) (absent express grant of immunity or exemption, "the alleged 'knowledge or acquiescence' on the part of the Government or its agencies at any particular time with regard to these acquisitions would not bar a subsequent suit to enforce the antitrust laws when it is determined, after further consideration, that such is necessary in the public interest.").

So, too, have courts in Ohio and elsewhere stricken these and related equitable defenses raised against a government plaintiff asserting claims to abate public nuisances, including but not limited to those involving the opioid epidemic. *See State ex rel. DeWine v. Fred's Party*, 13 N.E.3d at 714; *People v. ConAgra Grocery Prods. Co.*, 17 Cal. App. 5th 51, 136 (2017) ("'It is clear, however, that neither the doctrine of estoppel *nor any other equitable principle* may be invoked against a governmental body where it would operate to defeat the effective operation of a policy adopted to protect the public.'") (quoting *County of San Diego v. Calif. Water & Tel. Co.*, 186 P.2d 124, 130 (Cal. 1947) (emphasis in citing opinion)); *City and Cnty. of San Francisco*, 2022 WL 4625624, at *3-4 (granting summary judgment for government plaintiff on equitable defenses of laches, waiver, unclean hands, estoppel, release, and ratification); *State of Washington v. McKesson Corp.*, No. 19-2-06975-9-SEA (Wash. Super. Ct. Aug. 18, 2021) (Ex. A) at 2 ("Defendants may not raise at trial the equitable defenses of laches, estoppel, unclean hands, waiver, ratification, or *in pari delicto*.").

This Court should hold the same and grant summary judgment for the County on Kroger's foregoing equitable defenses.

### C.  Fault- and Cost-Shifting Defenses Based on County's Conduct

Kroger next asserts defenses that seek to shift fault or responsibility for costs onto the County (and also onto third parties, to which this motion does not apply). These defenses are:

8

contributory negligence or fault; comparative negligence or fault; informed consent and assumption of risk; and failure to mitigate.  Kroger Answer at 12, Thirteenth and Fourteenth Aff. Defs.; *id.* at 17-18, Forty-First Aff. Def.; *id.* at 22, Sixty-First and Sixty-Second Aff. Defs.; *id.* at 24, Seventy-Third Aff. Def.

In Ohio, these are defenses to claims for damages.  *Malley v. Youngstown State Univ.*, 658 N.E.2d 333, 335 (Ohio Ct. Cl. 1995) ("Ohio's comparative negligence statute, R.C. 2315.19 apportions the damages between plaintiff and defendant where defendant's negligence equals or exceeds that of plaintiff's negligence."); *Evanoff v. Grove Manuf. Co.*, 650 N.E.2d 914, 917 (Ohio Ct. App. 1994) ("Generally, in order for the defense of assumption of risk to act as a bar to recovery of damages, the defendant must establish that the plaintiff knew of the condition, that the condition was patently dangerous, and that the plaintiff voluntarily exposed himself to the condition."); *Chicago Title Ins. Co. v. Huntington Nat'l Bank*, 719 N.E.2d 955, 962 (Ohio 1999) ("The general rule is that an injured party has a duty to mitigate and may not recover for damages that could reasonably have been avoided.").

This Court has held repeatedly and emphatically that a local government plaintiff's claims for public nuisance abatement, including in the form of abatement cost recovery, are not damages claims.  *See, e.g., CT3 Abatement Order*, 2022 WL 3443614, at *14 ("This Court has repeatedly, but with limited success, attempted to help Defendants understand the difference between an abatement remedy, such as this, and a damages award.").  As the Court recently reaffirmed:

> Requiring a party to fund remediation costs as a form of equitable abatement is not a novel concept.  It is well-established that an order requiring defendants to pay money to abate harm going forward does not convert an equitable remedy into a damages award.

*Id.* at *15.

9

Other courts holding the same have gone the next step to grant summary judgment against defendants on fault- and cost-shifting affirmative defenses as inapplicable to a government plaintiff's claims for public nuisance abatement. *See City and Cnty. of San Francisco*, 2022 WL 4625624, at *5 (granting summary judgment on defenses of comparative negligence, comparative fault, and failure to mitigate); *State of Washington, supra* at 7, ¶13 ("The State does not seek damages on either of its claims here. Rather, it requests statutory penalties and other equitable CPA remedies and an order requiring Distributors to abate the public nuisance. This is an independent basis for dismissing Distributors' fault-shifting defenses."); *State of New Hampshire v. Johnson & Johnson*, No. 217-2018-CV-000678 (N.H. Super. Ct. Jan. 6, 2022) (Ex. B) at 5-6 ("The Plaintiff further maintains that government suits seeking abatement of a public nuisance are not akin to claims for negligence, and are not subject to negligence defenses. . . . The Court is persuaded by the Plaintiff's position, and finds that the remedies it seeks are not subject to the Defendant's fault-shifting defenses."). This Court should rule the same and grant summary judgment for the County on Kroger's fault- and cost-shifting defenses as applied to the County.

Moreover, separate and apart from the nature of the relief the County seeks, Kroger's fault-shifting defenses also fail as a matter of law to the extent they are based on the County's purported failure to engage in regulation or enforcement. Ohio recognizes the "public-duty rule," under which a local government "owes a duty only to the general public when performing functions imposed on it by law, and therefore is not liable for a breach of that duty resulting in harm to an individual, absent a special duty owed to the injured person." *Estate of Graves v. City of Circleville*, 922 N.E.2d 201, 204 (Ohio 2010). Ohio also recognizes government discretionary function immunity, under which a "political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of

10

the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." Ohio Rev. Code § 2744.03(A)(3).

Applying the same principles, the court in *State of Washington, supra*, granted summary judgment for the State on the opioid distributors' fault-shifting defenses:

> Defendants' comparative fault defenses to the public nuisance claim require them to establish a predicate State duty, enforceable in tort, that was breached. Defendants, however, have only identified State conduct that is not tortious as a matter of law by operation of both the discretionary immunity and public duty doctrines. Defendants have not come forward with any dispute of material fact that would establish tortious State action outside the scope of either doctrine.

*State of Washington, supra* at 5, ¶8; *see also State of New Hampshire, supra* at 7-8 ("To the extent the Defendants seek to shift fault to the Plaintiff for its own alleged failings in connection with the opioid epidemic—such as delaying the implementation of a prescription drug monitoring program—these are the exact types of allegations to which discretionary function immunity is intended to apply. The Court sees no reason why the state's role as plaintiff in this case would render it liable for policy decisions for which it would otherwise be immune."). For this additional reason as well, this Court should grant summary judgment to the County on Kroger's fault-shifting defenses to the extent they are based on the County's conduct.

## Conclusion

For all of the reasons set forth, the Court should grant summary judgment for the County on Kroger's affirmative defenses that are inapplicable to an equitable public nuisance claim seeking abatement (Sixth, Eighteenth, Twenty-Fifth, and Fifty-Fifth); equitable affirmative defenses that do not apply to governmental plaintiffs (Seventh, Eighth, Fortieth, and Eightieth); and fault- and cost-shifting affirmative defenses (Thirteenth, Fourteenth, Forty-First, Sixty-First, Sixty-Second, and Seventy-Third; each to the extent based on the County's conduct).

Dated: February 8, 2023      Respectfully submitted,

                */s/Peter H. Weinberger*
                Peter H. Weinberger (0022076)
                SPANGENBERG SHIBLEY & LIBER
                1001 Lakeside Avenue East, Suite 1700
                Cleveland, OH 44114
                (216) 696-3232
                (216) 696-3924 (Fax)
                pweinberger@spanglaw.com
                *Plaintiffs' Liaison Counsel*

                Linda Singer
                Elizabeth Smith
                MOTLEY RICE LLC
                401 9th Street NW
                Suite 630
                Washington, DC 20004
                (202) 386-9626
                lsinger@motleyrice.com
                esmith@motleyrice.com
                *Attorneys for Plaintiff Montgomery County*

                Michael Elsner
                Lisa Saltzburg
                MOTLEY RICE LLC
                28 Bridgeside Blvd.
                Mount Pleasant, SC 29464
                (843) 216-9000
                melsner@motleyrice.com
                lsaltzburg@motleyrice.com
                *Attorneys for Plaintiff Montgomery County*

                Mathias H. Heck, Jr.
                MONTGOMERY COUNTY
                PROSECUTING ATTORNEY
                301 West Third Street
                P.O. Box 972
                Dayton, Ohio 45422
                Telephone: (937) 225-5599
                Fax Number: (937) 225-4822
                E-mail: heckm@mcohio.org
                *Attorney for Plaintiff Montgomery County*

>Ward C. Barrentine
>Chief Assistant Prosecuting Attorney -
>Civil Division
>MONTGOMERY COUNTY
>PROSECUTOR'S OFFICE
>301 West Third Street
>4th Floor, Suite 461
>Dayton, Ohio 45422
>Telephone: (937) 496-7797
>E-mail: BarrentinW@mcohio.org
>*Attorney for Plaintiff Montgomery County*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and may be obtained by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger
