# **EXHIBIT A**

The Honorable Michael Ramsey Scott
Trial Date: September 7, 2021

## STATE OF WASHINGTON
## KING COUNTY SUPERIOR COURT

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MCKESSON CORPORATION,<br>CARDINAL HEALTH INC., and<br>AMERISOURCEBERGEN DRUG<br>CORPORATION,<br><br>　　　　　Defendants. | NO. 19-2-06975-9 SEA<br><br>ORDER GRANTING STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF AFFIRMATIVE DEFENSES BASED ON STATE CONDUCT |

This matter came before the Court on the State of Washington's Motion for Summary Judgment Dismissal of Affirmative Defenses Based on State Conduct. The Court has considered the following materials filed by the Parties:

1. State of Washington's Motion for Summary Judgment Dismissal of Affirmative Defenses Based on State Conduct (Dkt 938);

2. The Declarations of Chris Baumgartner, Trina Crawford, Melanie De Leon, Renee Fullerton, Dr. Lauren Lyles-Stolz, Dr. Jaymie Mai, Blake T. Maresh, Paula R. Meyer, and Dr. Donna L. Sullivan in Support of Summary Judgment Dismissal of Affirmative Defenses Based on State Conduct (Dkts 940–948);

3. The Declaration of Laura K. Clinton in Support of Summary Judgment Dismissal of

ORDER GRANTING STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT DISMISSAL
OF AFFIRMATIVE DEFENSES BASED
ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

1

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

Affirmative Defenses Based on State Conduct and all exhibits thereto (Dkt 939);

4. Defendants' Opposition to the State's Motion for Summary Judgment Dismissal of Affirmative Defenses Based on State Conduct (Dkt 1032);

5. The Declaration of John S. Devlin and all exhibits thereto (Dkt 1036);

6. The State of Washington's Reply in Support of Summary Judgment Dismissal of Affirmative Defenses Based on State Conduct (Dkt 1084); and

7. Other records and pleadings already in the court file referenced in the Parties' papers.

Having heard oral argument on the issues, and being fully informed, the Court HEREBY ORDERS that the State's Motion is **GRANTED**. The following fault-shifting affirmative defenses are DISMISSED WITH PREJUDICE: Cardinal Health Affirmative Defenses 38, 39, 41, 42, 50; McKesson Affirmative Defenses 29, 37, and 40; and AmerisourceBergen Affirmative Defenses 13, 17, and 19. Further, the following equitable affirmative defenses are DISMISSED WITH PREJUDICE: Cardinal Health Affirmative Defenses 4, 13, and 82; McKesson Affirmative Defenses 67 and 72; and AmerisourceBergen Affirmative Defense 16. Defendants may not pursue at trial any fault-shifting defense that is based on State policy or enforcement actions. Defendants may not raise at trial the equitable defenses of laches, estoppel, unclean hands, waiver, ratification, or *in pari delicto*.

The Court's ruling is supported by the following considerations, many of which are independent grounds for dismissal:

1. The State is prosecuting two causes of action against Defendants in this lawsuit. First, the State alleges that Defendants shipped suspicious orders of prescription opioids into the State without adequate due diligence, and that each such shipment was an unfair or deceptive act in violation of Washington's Consumer Protection Act (CPA), chapter 19.86 RCW. On this claim, the State seeks statutory remedies (injunctive relief, penalties,

ORDER GRANTING STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF AFFIRMATIVE DEFENSES BASED ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

2

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

1 disgorgement), not damages. Second, the State alleges that Defendants' shipment of opioids helped fuel Washington's opioid epidemic, creating a public nuisance as defined in chapter 7.48 RCW. On the public nuisance claim, the State seeks equitable relief only (injunctive and declaratory relief, abatement), not damages.

2. Defendants raised numerous affirmative defenses to these claims including, as relevant here, contributory fault and equitable defenses. These defenses are based on Defendants' allegations about State conduct related to the opioid crisis. However, neither of the State's claims permit these types of defenses as a matter of law.

3. As a matter of law, comparative fault defenses are not cognizable in an Attorney General's RCW 19.86.080 enforcement suit. Here, the Attorney General brought this CPA action in his *parens patriae* capacity to enforce the law on behalf of Washington residents. *See* RCW 19.86.080(a); RCW 19.86.085. If the State proves that Defendants violated the CPA, Defendants shall be ordered to pay a penalty for each such violation and may be ordered to disgorge any profits obtained as a result of their deceptive and/or unfair acts. RCW 19.86.140 ("Every person who violates RCW 19.86.020 *shall* forfeit and pay a civil penalty . . . for each violation.") (emphasis added); RCW 19.86.080(2) (allowing restitution and disgorgement); *State v. LG Elecs., Inc.*, 185 Wn. App. 123, 144 n.33, 340 P.3d 915 (2014), *aff'd,* 186 Wn.2d 1, 375 P.3d 636 (2016).

4. The only government conduct-based defense to the Attorney General's CPA enforcement claim is provided by the statute itself. *See* RCW 19.86.170 (permitted conduct exception). This safe harbor provides a narrow affirmative defense for activity that a government agency has specifically approved, and its inclusion in the statute forecloses other affirmative defenses. Defendants thus cannot defend against the CPA claim by blaming the State. Summary judgment is appropriate.

5. Defendants' comparative fault defenses are likewise unavailable as a matter of

ORDER GRANTING STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF AFFIRMATIVE DEFENSES BASED ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

3

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

law against the State's public nuisance claim for abatement. *See Desimone v. Mut. Materials Co.*, 23 Wn.2d 876, 884, 162 P.2d 808 (1945) ("the requirement of minimizing damages does not apply to cases of nuisances"); *see also* C*hampa v. Washington Compressed Gas Co.*, 146 Wash. 190, 200, 262 P. 228 (1927) ("Occasionally it has been contended that the plaintiff is guilty of a contributory wrong in having failed to abate the nuisance of which he complains . . . [I]t is held that no duty rests on the owner of property which is being injured by a nuisance to take active measures to prevent further injury in order to minimize the damages for which the wrongdoer may be liable."). As with the State's CPA claim, the public nuisance claim is a law enforcement action to abate the nuisance, not a private claim for damages. Comparative fault defenses are unavailable to this claim. *People v. Purdue Pharma L.P.*, Case No. 30-2014-00725287-CU-BT-CXC ("Defendants may not assert comparative fault or comparative negligence as a defense to the public nuisance action.").

6. Washington law provides one contributory fault defense to public nuisance: coming to the nuisance. *Davis v. Taylor*, 139 Wn. App. 715, 720, 132 P.3d 783 (2006). Defendants do not suggest that the State "came to the nuisance" of opioid diversion, nor would such an allegation be tenable. Summary judgment is appropriate.

7. Further, even if common-law fault-shifting defenses were available to a public nuisance action, they could not apply here. In order for any comparative fault to be assessed in Washington, the party alleged to be at fault must owe a duty enforceable under tort law. *See Smelser v. Paul*, 188 Wn.2d 648, 653, 398 P.3d 1086 (2017) (before fault can be apportioned, "a preliminary issue that must be resolved is whether a tort duty exists from which fault can be found"). "Where no tort exists, no legal duty can be breached and no fault attributed or apportioned under RCW 4.22.070(1)." *Id*. at 656; *Washington State Dep't of Transp. v. Mullen Trucking 2005, Ltd.*, 194 Wn.2d 526, 535–36, 451 P.3d 312 (2019) (holding Washington's "comparative fault statute does not apply and fault cannot be allocated" where

ORDER GRANTING STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT DISMISSAL
OF AFFIRMATIVE DEFENSES BASED
ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

4

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

1   "the State owed no . . . actionable duty in tort").

2   8. Thus, Defendants' comparative fault defenses to the public nuisance claim
require them to establish a predicate State duty, enforceable in tort, that was breached.
Defendants, however, have only identified State conduct that is not tortious as a matter of law
by operation of both the discretionary immunity and public duty doctrines. Defendants have
not come forward with any dispute of material fact that would establish tortious State action
outside the scope of either doctrine.

9. Under discretionary immunity, no tort claim can be raised and no fault can be apportioned against the State for any "legislative, judicial, and purely executive processes of government, including as well the essential quasi-legislative and quasi-judicial or discretionary acts and decisions within the framework of such processes, . . . however unwise, unpopular, mistaken, or neglectful a particular decision or act might be." *Evangelical United Brethren Church of Adna v. State*, 67 Wn.2d 246, 253, 407 P.2d 440 (1965).

10. Defendants argue that the State could or should have made different policy or enforcement choices, and that doing so would have helped to ameliorate the opioid epidemic. These arguments, however, fall squarely within discretionary immunity. For example, Defendants criticize the State's policy decisions around healthcare reimbursement, the implementation of a prescription monitoring program, and the development of opioid prescribing rules. Similarly, Defendants argue that the State did not adequately enforce disciplinary rules against prescribers and dispensers of opioids. But discretionary immunity holds that precisely these types of policy and enforcement decisions cannot be tortious. *See, e.g.*, *Evangelical United*, 67 Wn.2d at 254; *Avellaneda v. State*, 167 Wn. App. 474, 480–81, 273 P.3d 477 (2012); *Bergh v. State*, 21 Wn. App. 393, 402, 585 P.2d 805 (1978). Moreover, decisions related to discipline and regulation of healthcare providers are subject to statutory discretionary immunity. *See* RCW 18.130.300(1); RCW 18.71.015; RCW 18.64.005; RCW

ORDER GRANTING STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT DISMISSAL
OF AFFIRMATIVE DEFENSES BASED
ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

5

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

18.79.110; RCW 18.32.0357. Because Defendants have not come forward with any dispute of material fact that would establish tortious State action, summary judgment is appropriate.

11.     The public duty doctrine compels the same conclusion: "[t]o establish a duty in tort against a governmental entity, a plaintiff must show that the duty breached was owed to an individual and was not merely a general obligation owed to the public." *Ehrhart v. King Cnty.*, 195 Wn.2d 388, 398, 460 P.3d 612 (2020) (citing *Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537, 550 n.8, 442 P.3d 608 (2019)). General State duties owed to the public— duties to regulate, to legislate, to enforce laws, to govern—are not enforceable by private parties in tort. *Munich v. Skagit Emergency Commc'n Ctr.*, 175 Wn.2d 871, 887, 288 P.3d 328 (2012) (Chambers, J. concurring).

12.     Again, Defendants argue that the State should have legislated, regulated, or enforced the law differently. To defeat summary judgment, however, Defendants must come forward with evidence that the agencies that oversee the State's provision of healthcare to the public or the regulation of medical providers owed a specific duty to them enforceable in tort. The lack of a specific duty owed to Defendants, as opposed to the public in general, is fatal to any comparative fault defense. *See, e.g.*, *Baerlein v. State*, 92 Wn.2d 229, 232, 595 P.2d 930 (1979) (holding that the Securities Act does not create a duty to protect individual investors from losses because when legislature "impose[s] a duty on public officials as a whole, no duty in tort is owed to a particular individual."); *Ehrhart*, 195 Wn.2d at 392 (county health department did not owe a duty to individual citizens to issue a health advisory about the hantavirus, but instead owed a nonactionable duty to the public as a whole); *Donohoe v. State*, 135 Wn. App. 824, 846-49, 142 P.3d 654 (2006) (State's statutory duty to license and oversee nursing homes did not create an actionable duty to protect individual residents from negligence); *Garibay v. State*, 131 Wn. App. 454, 461, 128 P.3d 617 (2005), *as amended* (Feb. 14, 2006) (statute authorizing safety audits under Industrial Insurance Act does not create

ORDER GRANTING STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF AFFIRMATIVE DEFENSES BASED ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

6

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

a duty to worker killed by chemical vapors from burst pipe).

13. Finally, by statute, the Washington legislature expressly limited all comparative fault defenses to claims seeking damages. *See* RCW 4.22.005 (contributory fault can diminish the amount awarded as compensatory damages "[i]n an action based on fault seeking to recover damages"). The State does not seek damages on either of its claims here. Rather, it requests statutory penalties and other equitable CPA remedies and an order requiring Distributors to abate the public nuisance. This is an independent basis for dismissing Distributors' fault-shifting defenses.

14. Abatement, which is a form of injunctive relief compelling action (including the payment of funds), is equitable relief. Abatement is categorically different from damage remedies, and Washington's nuisance statute specifically distinguishes the two. RCW 7.48.200. Courts presiding over similar public nuisance actions recognize the "stark" "distinction between an abatement order and a damages award." *People v. ConAgra Grocery Prod. Co.*, 17 Cal. App. 5th 51, 132, 227 Cal. Rptr. 3d 499, 568–70 (2017). These decisions include cases involving these same defendants. *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 WL 4194272, at *3 (N.D. Ohio Sept. 4, 2019). This is an independent basis for summary judgment.

15. Defendants asserted several equitable defenses in their Answers, specifically laches, estoppel, unclean hands, waiver, ratification, and *in pari delicto*. These equitable defenses do not apply to "enforcement action[s] by [the] state of its own state laws." *Washington v. GEO Grp., Inc.*, 17-5806 RJB, 2019 WL 2084463, at *3 (W.D. Wash. May 13, 2019); *see also, e.g.*, *State of New York v. United Parcel Serv.*, 160 F. Supp. 3d 629, 640 (S.D.N.Y. 2016), *opinion vacated in part*, 2016 WL 10672074 (S.D.N.Y. June 21, 2016) ("when acting . . . to enforce public rights in the public interest and discharge statutory responsibilities, government entities are not subject to all equitable defenses") (vacated in part

ORDER GRANTING STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT DISMISSAL
OF AFFIRMATIVE DEFENSES BASED
ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

7

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

on other grounds). Because Defendants have not come forward with any dispute of material fact that would remove their equitable defenses from this bar, summary judgment is appropriate.

16. Defendants' laches defense is further precluded because the State's alleged lack of diligence is not a defense to the enforcement of a public right, *United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 72–73 (D.D.C. 2004), and because RCW 4.16.160 specifically provides "there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state." *See also LG Elecs., Inc.*, 186 Wn.2d at 12 ("[n]o laches [is] imputable to" the sovereign."); *Bellevue Sch. Dist. No. 405 v. Brazier Const. Co.*, 103 Wn.2d 111, 114-15, 691 P.2d 178 (1984).

17. Defendants have failed to come forward with any evidence in support of these defenses, which is independent grounds for dismissal. They have failed to identify any State-caused delay supporting laches, nor explain any prejudice they have suffered. *See Clark Cnty. Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wn.2d 840, 991 P.2d 1161 (2000); *Hunter v. Hunter*, 52 Wn. App. 265, 270–71, 758 P.2d 1019 (1988). Nor have they identified evidence supporting any of the five elements of estoppel. *See Pioneer Nat'l Title Ins. Co. v. State*, 39 Wn. App. 758, 761, 695 P.2d 996 (1985). The same is true of waiver, ratification, unclean hands, and *in pari delicto*. *See Dombrosky v. Farmers Ins. Co. of Washington*, 84 Wn. App. 245, 255, 928 P.2d 1127 (1996) ("A waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right."); *Hamm v. United States*, 483 F.3d 135, 140 (2d Cir. 2007) ("Ratification is the affirmance by a person of a prior act which did not bind him but which was done . . . on his account . . . ."); *Perez v. W. Coast Drywall & Co., Inc.*, No. CV1601565BROSPX, 2016 WL 11002590 (C.D. Cal. Nov. 10, 2016) (unclean hands cannot

ORDER GRANTING STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF AFFIRMATIVE DEFENSES BASED ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

8

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

1  be "invoked against a governmental agency in the absence of "outrageous" government
2  conduct). *Philip Morris Inc.*, 300 F. Supp. 2d at 75-76 ("When . . . Government acts in the
3  public interest the unclean hands doctrine is unavailable as a matter of law. . . . In pari delicto
4  is similarly unavailable."). Summary judgment is therefore appropriate on each of Defendants'
5  equitable defenses.

6      18.    For the foregoing reasons, as well as those detailed in the State's motion, these
7  affirmative defenses are unavailable. They are hereby dismissed.

8      DATED this 18th day of August, 2021.

*Electronic signature attached*

THE HONORABLE MICHAEL RAMSEY SCOTT

ORDER GRANTING STATE OF
WASHINGTON'S MOTION FOR
SUMMARY JUDGMENT DISMISSAL
OF AFFIRMATIVE DEFENSES BASED
ON STATE CONDUCT
CAUSE NO. 19-2-06975-9 SEA

9

Judge Michael R. Scott
King County Courthouse
516 Third Avenue, Courtroom W-965
Seattle, Washington 98104

# King County Superior Court
## Judicial Electronic Signature Page

| | |
|---|---|
| Case Number: | 19-2-06975-9 |
| Case Title: | STATE OF WASHINGTON vs MCKESSON CORPORATION ET AL |
| Document Title: | ORDER RE GRANTING STATE'S MSJ RE FAULT SHIFT |
| Signed By: | Michael R. Scott |
| Date: | August 18, 2021 |

*/s/ Michael R. Scott*

Judge: Michael R. Scott

This document is signed in accordance with the provisions in GR 30.

| | |
|---|---|
| Certificate Hash: | B5A3B5FE79E17714D2D0890F5E0D5DD2F97A50F5 |
| Certificate effective date: | 4/3/2018 3:49:12 PM |
| Certificate expiry date: | 4/3/2023 3:49:12 PM |
| Certificate Issued by: | C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Michael R.Scott: 2nrifIr95BGjnGJmHl1GsA==" |