UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track Seven* | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

**KROGER DEFENDANTS' MOTION TO PRESERVE
PRIOR *DAUBERT* RULINGS AND OBJECTIONS THERETO**

Defendants The Kroger Co., Kroger Limited Partnership I, and Kroger Limited Partnership II (hereafter collectively referred to as "Kroger"), respectfully move to preserve prior *Daubert* rulings and objections thereto raised by the Pharmacy Defendants in prior tracks, including Tracks 1A, 1B, and Track 3, as applicable to the expert reports and testimony proffered by Plaintiff in Track 7.

The Court's *Nunc Pro Tunc* Evidentiary Order in Track 3 directs as follows: "Going forward, a party may file a motion in an MDL case to modify the contours of rulings documented in this Order only if that party can show that the particular circumstances of an individual case warrant a revision." Dkt. 3058, at 2. Kroger was not a Track 1 or Track 3 Defendant and therefore did not have the opportunity to object to any prior *Daubert*-related orders, which the Court stated will "normally apply to all future cases in the MDL…" including "remanded cases tried by transferor courts." *Id* at 1. Plaintiff intends to utilize in Track 7 many of the same expert witnesses used in prior MDL tracks. Accordingly, Kroger moves to incorporate all prior MDL *Daubert*

rulings[1] and assert and preserve as its own all prior arguments and objections made by the Track 1A, Track 1B, and Track 3 Defendants, including, but not limited to, the following:

- Plaintiff's expert, Anna Lembke, lacks the necessary qualifications to testify as an expert on pharmacies' opioid policies and dispensing practices. Dkt. 3953 at 1.

- Plaintiff's expert, Dr. Katherine Keyes', testimony concerning marketing causation, especially as it relates to the Pharmacy Defendants, is flawed and would be confusing and misleading to a jury. Dkt. 3946 at 2.

- Dr. Keyes' used unreliable methodology to conclude prescription opioid use resulted in harms from illicit synthetic opioid use and her opinions will mislead the jury. *Id.* at 9

- Plaintiff's expert, Dr. Caleb Alexander's, testimony concerning abatement-related testimony for the purpose of proving that a public nuisance exists, should be excluded. Dkt. 3948.

- Plaintiff's expert, Carmen Catizone's, testimony concerning his "red flags" for identifying potentially suspicious prescriptions should be excluded because the methodology he used was unreliable and untested. Dkt. 3947 at 4-5.

- Plaintiff's expert, James Rafalski's, testimony concerning SOMS and due diligence programs should be excluded because it is unreliable, likely to mislead the jury, and differs from the methodology he used as a DEA Investigator. Dkt. 3929 at 8 and Dkt. 2494 at 9.

---

[1] Kroger believes that all applicable prior *Daubert* rulings in favor of the Track 1-B and Track 3 Defendants should apply to Kroger in Track 7.

- The testimony from any expert to the extent it discusses "the gateway theory" (i.e. - some individuals exposed to prescription opioids tend to become addicted and once addicted, tend to later feed their addiction with illicit opioids like heroin). Dkt. 2518 at 1.

The purpose of the foregoing list of objections is for Kroger to assert the applicable Track 1-A, Track 1-B, and Track 3 Defendants' objections to prior *Daubert* orders and ensure they are preserved and are applicable to Kroger in Track 7. Kroger will assert individualized motions for expert testimony specific to Track 7 in separate motions. This Motion is in no way intended to be an exhaustive list of Kroger's objections to prior or future *Daubert* rulings.

Dated:   February 8, 2023

Respectfully submitted,

**The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II,**

**By counsel,**

*s/Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
Ashley Hardesty Odell, Esq. (WVSB 9380)
Fazal A. Shere, Esq. (WVSB 5433)
**BOWLES RICE LLP**
600 Quarrier Street
Charleston, West Virginia  25301
304-347-1100
rharvey@bowlesrice.com
fshere@bowlesrice.com
ahardestyodell@bowlesrice.com

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on February 8, 2023, the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notice to all counsel of record.  Copies of this document may be obtained through the CM/ECF system.

Dated: February 8, 2023

                                                *s/Ronda L. Harvey*
                                                Ronda L. Harvey, Esq. (WVSB 6326)