**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL 2804** |
| **THIS DOCUMENT RELATES TO:** | **Case No. 1:17-md-2804** |
| *Track Three* | **Judge Dan Aaron Polster** |
| | **OPINION AND ORDER DENYING MOTION TO STAY INJUNCTION ORDER PENDING APPEAL** |

Before the Court is the *Track Three* pharmacy defendants' motion to stay the Court's August 17, 2022, Injunction Order pending appeal of the underlying judgment. Docket nos. 4658 & 4870. For the reasons below, defendants' motion is **DENIED**. By separate document, the Court will also reissue its Injunction Order with minor amendments.

**Background**

On August 17, 2022, this Court entered an Abatement Order and an Injunction Order. Docket nos. 4611 & 4611-1. The Injunction Order had an implementation date of 90 days after the date the Order issued, which would have been Tuesday, November 15, 2022.

On October 5, 2022, the three pharmacy defendants moved to stay implementation of the Injunction Order pending appeal.[1] Docket no. 4658. Plaintiffs filed a response in opposition. Docket no. 4684. On October 26, 2022, with the understanding that the parties would attempt to

---

[1] With respect to the Abatement Plan, the parties stipulated to a stay of the "monetary" portion of the judgment pending appeal, *see* docket no. 4627, and defendants posted a supersedeas bond, *see* docket no. 4633. The Court marginally granted the stipulated agreement for stay, *see* docket no. 4628. The stipulated agreement expressly did not apply to the Injunction Order (*i.e.*, the "conduct" portion of the judgment).

reach an agreed modification of the scope, timing, and administration of the Injunction Order, so that defendants would not appeal that Order, the Court granted a temporary stay to allow the parties to meet and confer. *See* Non-Document Order dated 10/26/2022. The Court declined at that time to rule on the merits of defendants' motion to stay. *Id.*

The Court's temporary, procedural stay was subsequently continued twice more to February 8, 2023, to allow the parties additional time to negotiate.  *See* Non-Document Orders dated 12/01/2022 and 01/04/2023. During a recent status conference, however, as well as in its 01/04/2023 Order, the Court made clear it would grant no more continuances.

Finally, on January 31, 2023, in an apparent acknowledgment that the parties could not reach agreement, Walmart supplemented the pharmacy defendants' pending motion for stay and requested an expedited ruling. Docket no. 4870. Walgreens joined Walmart's supplement. Docket no. 4874.

For the reasons set forth in the opinion below, the Court **DENIES** defendants' motion for stay of the Injunction Order pending appeal (docket nos. 4658 & 4870).  Via separate entry, the Court will also amend its Injunction Order, and also its Order appointing an Administrator to oversee the Injunction Order.

## Legal Standard

Federal Rule of Civil Procedure 62(d) provides that, "[w]hile an appeal is pending from [a] final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

A stay pending appeal is "'an exercise of judicial discretion'" and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."

*Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

The test to determine whether a stay is appropriate examines four factors. "These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Nken*, 556 U.S. at 426, 434.

### Analysis

Examination of the four factors easily leads to the conclusion that the motion for stay pending appeal must be denied.  First, the likelihood that the pharmacy defendants will prevail on appeal is, at best, moderate. Defendants note correctly that this case raises some complicated legal issues. *Motion for Stay* at 3. However, the mere possibility of success on appeal is insufficient to warrant a stay. *See Michigan Coal.*, 945 F.2d at 153 ("the movant is always required to demonstrate more than the mere "possibility" of success on the merits."). This Court has already ruled on the merits of all of the pharmacy defendants' issues and finds none that convince the Court it is especially likely their appeal will be granted.

Second, the likelihood of irreparable harm to defendants is extremely low. In their motion, defendants identify three circumstance they assert will result in irreparable harm: (1) "[O]versight and enforcement powers of the Administrator will compromise the confidentiality of sensitive information in Defendants' possession;" (2) "paying the fees of the Administrator, Assistant Administrator, and their staff will impose substantial costs that will be impossible for Defendants

to recover;" and (3) "appointment of Special Master Cohen to serve [] as the Administrator of the Injunction Order . . . creates a conflict of interest." *Motion for Stay* at 9, 11.

The Court finds these examples of harm extremely doubtful, and not irreparable. That said, however, the appointment of an Administrator to oversee the Injunction Order was merely an effort to reduce judicial workload. It was not a substantive element of the Court's Injunction Order, and the Court is equally capable of handling the Administrator's duties itself. Accordingly, one of the minor amendments the Court will make to its Injunction Order is to withdraw its appointment of a separate administrator over the Injunction Order; the Court will instead perform those duties itself. Thus, even if some irreparable harm may have existed under the original Injunction Order, there is no possibility of that harm occurring now.

Further, regarding the remaining provisions of the Injunction Order, the pharmacy defendants have each entered into a nationwide "global" settlement that include almost all of the provisions of the Court's Injunction Order. In those separate nationwide settlement injunctions, the pharmacy defendants each **agreed** to implement the vast majority of the requirements set out in the Court's Injunction Order.[2] Implementation of the Court's Injunction Order will, therefore, not be at all onerous and certainly will not cause irreparable harm to defendants.

Third, the likelihood of harm to others if the stay is granted is very high. Evidence at trial showed repeated failures by these defendants to monitor for or conduct due diligence on red-flag prescriptions. Combined with defendants' lack of oversight by corporate personnel, which was also revealed by evidence at trial, defendants' failures led inexorably to harms associated with the opioid crisis that continue to plague the plaintiff counties today. *See In re Nat'l Prescription Opiate*

---

[2] Walmart has stated that "the terms of the Injunction Order are [already] much like Walmart's existing policies and procedures."  Docket no. 4870).  Walgreens has also adopted this position.  Docket no. 4874.

*Litig.*, 589 F. Supp. 3d 790, 796–805 (N.D. Ohio 2022) (describing evidence of these failures by each defendant) (docket no. 4295). Without the policies and procedures that the Injunction Order requires of the pharmacy defendants—that is, absent a change in the defendants' behavior that led to the opioid crisis—Lake and Trumbull counties, and the residents therein, will continue to be harmed in the same way they have been for the past two decades.

Relatedly, and finally, the public interest heavily favors implementation of the Injunction Order for the same reasons. The last two factors of the four-factor test preponderate overwhelmingly against a stay pending appeal.

It is true that the Court's Injunction Order includes a few provisions that are not contained in the defendants' negotiated nationwide settlement injunctions. This is because the Court's Order is based on actual evidence of the defendants' failures adduced at trial, rather than a negotiation between parties. For example, evidence at trial showed that pharmacists who refuse to fill a prescription often fail to document their refusal, and the pharmacy defendant fails to notify other of its pharmacists and stores of the refusal. The result is that other pharmacists do not know of the refusal, which could be critical information if the patient tries to present their red-flag prescription again. *See Opiate Litig.*, 589 F. Supp. 3d at 798, 802, 804. Thus, unlike the national settlement injunctions, the Court's Injunction Order requires the pharmacy defendants to institute policies and procedures requiring pharmacists to document any refusals to fill, and to consider prior refusals during their prescription validation process. Unfortunately, these common-sense provisions were not included in the national settlement injunctions.  By including them in the Injunction Order, however, it is much more likely the defendants will apply them nationally and not only in Lake and Trumbull County.

Accordingly, for the reasons stated above, the pharmacy defendants' motion for stay pending appeal is **DENIED**.

**IT IS SO ORDERED.**

         **/s/ Dan Aaron Polster  February 10, 2023**
         **DAN AARON POLSTER**
         **UNITED STATES DISTRICT JUDGE**