UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) **MDL No. 2804** ) ) **Case No. 1:17-MD-2804** ) ) **Hon. Dan Aaron Polster** ) ) ) |
| This document relates to: *All MDL Tribal Cases* | |

## ORDER TO ESTABLISH ADDITIONAL QUALIFIED SETTLEMENT FUNDS

The Plaintiff Tribal Leadership Committee (the "TLC") appointed by this Court has reached negotiated settlements with various Defendants as further set forth in the following Settlement Agreements:

(i) the Distributors' Tribal Settlement Agreement between the TLC, Participating Tribes, and AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation, dated October 26, 2022 (the "DTSA");

(ii) the Master Settlement Agreement between the TLC, Participating Tribes, and Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., dated July 11, 2022 (the "JMSA");

(iii) the Teva Settlement Agreement between the TLC, Participating Tribes, and Teva Pharmaceutical Industries Ltd. and all of its respective past and present direct or indirect parents, subsidiaries, divisions, affiliates, joint ventures, predecessors,

      successors, assigns, including but not limited to Teva Pharmaceuticals USA, Inc., the Actavis Generic Entities, and Anda Inc., dated December 19, 2022 (the "TSA");

(iv)   the Allergen Tribal Opioid Settlement Agreement between the TLC, Participating Tribes, and Allergan Finance, LLC (f/k/a Actavis, Inc., which, in turn, was f/k/a/ Watson Pharmaceuticals, Inc.) and Allergan Limited (f/k/a Allergan plc, which, in turn, was f/k/a Actavis plc), dated as of December 16, 2022 (the "ASA");

(v)   the CVS Settlement Agreement between the TLC, Participating Tribes, and CVS Health Corporation and CVS Pharmacy, Inc. and all of their past and present direct and indirect parents and subsidiaries, dated as of December 22, 2022 (the "CVSSA");

(vi)   the Walmart Settlement Agreement between the TLC, Participating Tribes, and Walmart Inc., dated as of November 14, 2022 (the "WISA"); and

(vii)   the Walgreens Settlement Agreement between the TLC, Participating Tribes and Walgreen Co., dated as of December 27, 2022 (the "WCSA").

Each of the foregoing seven (7) settlement agreements, namely the DTSA, the JMSA, the CVSSA, the TSA, the ASA, the WISA, and the WCSA, provides for the establishment by this Court of settlement trusts to be administered by Special Master David R. Cohen (together, the "Settlement Trusts")[1]. In addition, each of these settlement agreements contemplates that a portion of the settlement funds will be transferred by each of the Settlement Trusts to a separate opioid abatement settlement trust for disbursement, namely:

---

[1] The Settlement Trusts, which are Qualified Settlement Funds (as defined in this Order), have been established by separate Orders of this Court.

> (a) the Tribal Abatement Fund Trust III ("TAFT III") in the case of the DTSA:
>
> (b) the Tribal Abatement Fund Trust IV ("TAFT IV") in the case of the JMSA;
>
> (c) the Tribal Abatement Fund Trust V ("TAFT V") in the case of the TSA;
>
> (d) the Tribal Abatement Fund Trust VI ("TAFT VI") in the case of the WISA;
>
> (e) the Tribal Abatement Fund Trust VII ("TAFT VII") in the case of the ASA;
>
> (f) the Tribal Abatement Fund Trust VIII ("TAFT VIII") in the case of the CVSSA; and
>
> (g) the Tribal Abatement Fund Trust IX ("TAFT IX"), in the case of the WCSA.

All of the foregoing opioid abatement trusts, namely TAFT III, TAFT IV, TAFT V, TAFT VI, TAFT VII, TAFT VIII and TAFT IX (collectively, the "TAFT Trusts"), are to be administered under the direction of Trustees Mary Smith, Kathy Hannan and Kevin Washburn. The purposes of the TAFT Trusts, among other things, are to cause distributions to be made to the appropriate Tribes for use by such Tribes in abating the opioid crisis in Indian country, and to collect data on opioid abatement efforts conducted by the Tribes.

It is also a requirement of each of the foregoing referenced settlement agreements that each of the respective TAFT Trusts be a "qualified settlement fund" within the meaning of Section 1.468B-1 *et seq*. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended (collectively, the "Qualified Settlement Funds").

Therefore, in accordance with the request of the TLC and consistent with the terms of the Settlement Agreements, the Court hereby ORDERS as follows:

1. In accordance with the terms of the DTSA, TAFT III is established as a Qualified Settlement Fund within the meaning of Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

2. In accordance with the terms of the JMSA, TAFT IV is established as a Qualified Settlement Fund within the meaning of Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

3. In accordance with the terms of the TSA, TAFT V is established as a Qualified Settlement Fund within the meaning of Section 1.468B-1 *et seq*. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

4. In accordance with the terms of the WISA, TAFT VI is established as a Qualified Settlement Fund within the meaning of Section 1.468B-1 *et seq*. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

5. In accordance with the terms of the ASA, TAFT VII is established as a Qualified Settlement Fund within the meaning of Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

6. In accordance with the terms of the CVSSA, TAFT VIII is established as a Qualified Settlement Fund within the meaning of Section 1.468B-1 *et seq*. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

7. In accordance with the terms of the WCSA, TAFT IX is established as a Qualified Settlement Fund within the meaning of Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

8. Each of the TAFT Trusts is established to resolve or satisfy one or more claims as specifically set forth in the respective settlement agreement.

9. This Court will have continuing jurisdiction over TAFT III, TAFT IV, TAFT V, TAFT VI, TAFT VII, TAFT VIII and TAFT IX.

**IT IS SO ORDERED.**

    /s/Dan Aaron Polster
**DAN AARON POLSTER**
**UNITED STATED DISTRICT JUDGE**

Dated:  2/22/23