# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 1:17-MD-2804 |
| MCKESSON CORPORATION; MCKESSON MEDICAL-SURGICAL INC.; CARDINAL HEALTH, INC.; CARDINAL HEALTH 110, LLC; AMERISOURCEBERGEN CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; CEPHALON, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC., n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS, INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; ACTAVIS LLC; ALLERGAN SALES LLC; ALLERGAN USA INC.; APOTHECARY HOLDINGS, INC. f/k/a ADVANCED PHARMA INC. d/b/a AVELLA SPECIALTY PHARMACY AND/OR AVELLA OF HOUSTON; VIATRIS, INC. f/k/a/ MYLAN, INC.; ALBERTSONS COMPANIES, INC.; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | JUDGE POLSTER

RELATED TO CASE NO. 1:21-op-45077 |

| | |
|---|---|
| ALBERTSON'S, LLC; BROOKSHIRE GROCERY COMPANY; COSTCO WHOLESALE CORPORATION; CVS HEALTH CORPORATION; CVS PHARMACY, INC.; THE KROGER CO.; KROGER LIMITED PARTNERSHIP I d/b/a KROGER PHARMACY; KROGER LIMITED PARTNERSHIP II; RAY'S PHARMACY, INC.; RLS SUPERMARKETS LLC, d/b/a MINYARD FOOD STORE; SAFEWAY, INC.; TARGET CORPORATION; WALGREENS CO.; WALGREENS BOOTS ALLIANCE, INC.; WALMART, INC., f/k/a WAL-MART STORES, INC.; and DOES 1 – 100, INCLUSIVE, <br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § |

**PLAINTIFF'S OMNIBUS BRIEF SHOWING GOOD CAUSE
AS TO DEFENDANTS TARGET & COSTCO**

Plaintiff Tarrant County Hospital District, d/b/a JPS Health Network (the "TCHD" or "Plaintiff") files this Omnibus Brief Showing Good Cause to Avoid Dismissal of its claims against Defendants Target Corporation and Costco Wholesale Corporation (this "Brief"). In support of this Brief, Plaintiff states the following:

**I.
BACKGROUND FACTS**

1. Although most opioid litigation began in 2017, Plaintiff initially became involved on or about April 30, 2021 when it sued several pharmaceutical and drug companies[1] in the 96th

---

[1] The following defendants are collectively referred to as "Initial Defendants":  (1) McKesson Corporation; (2) McKesson Medical-Surgical Inc.; (3) Cardinal Health, Inc.; (4) Cardinal Health 110, LLC; (5) AmerisourceBergen Corporation; (6) AmerisourceBergen Drug Corporation; (7) Cephalon, Inc.; (8) Teva Pharmaceutical Industries, LTD.; (9) Teva Pharmaceuticals USA, Inc.; (10) Janssen Pharmaceuticals, Inc.; (11) Johnson & Johnson; (12) Ortho-McNeil-Janssen Pharmaceuticals, Inc., n/k/a Janssen Pharmaceuticals, Inc.; (13) Janssen Pharmaceutica, Inc., n/k/a Janssen

District Court of Tarrant County, Texas.  At that time, the Ohio MDL had already been pending for over five years.  [Doc. No. 1 ("Transfer Order by Judicial Panel on Multidistrict Litigation transferring the 64 listed cases to the Northern District of Ohio")].  Before Plaintiff could effectuate service of process, its suit was transferred, removed and then transferred again.

2. Specifically, in May 2021, Plaintiff's action was transferred to the 152nd Judicial District Court for Harris County, Texas, and then subsequently removed to the United States District Court for the Southern District of Texas. In June 2021, the action was then transferred again from the Southern District of Texas to this Court.

3. Shortly after Plaintiff filed suit, its case was placed in an automatic stay due to various motions to transfer that were quickly followed by motions for removal to federal court. Since then, Plaintiff has worked to understand the current state of the MDL, as well as the procedures and practices that have been implemented to facilitate same.  In doing so, Plaintiff quickly realized that this Court receives a large volume of filings each week and has witnessed countless settlements between the litigants that became involved before Plaintiff.

4. On or before January 30, 2023, certain Non-Litigating Defendants ("NLD") submitted a report to the Court showing a list of cases in which no Plaintiff Fact Sheet ("PFS")[2] was provided and/or a particular NLD had not yet been served with process.  [Doc. No. 4801].

---

Pharmaceuticals, Inc.; (14) Endo Health Solutions, Inc.; (15) Endo Pharmaceuticals, Inc.; (16) Allergan PLC; (17) Watson Laboratories, Inc.; (18) Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; (19) Actavis LLC; (20) Allergan Sales LLC; (21) Allergan USA Inc.; (22) Apothecary Holdings, Inc. f/k/a Advanced Pharma Inc. d/b/a Avella Specialty Pharmacy and/or Avella of Houston; (23) Viatris, Inc. f/k/a Mylan, Inc.; (24) Albertson's Companies, Inc.; (25) Albertsons, LLC; (26) Brookshire Grocery Company; (27) Costco Wholesale Corporation; (28) CVS Health Corporation; (29) CVS Pharmacy, Inc.; (30) The Kroger Co.; (31) Kroger Limited Partnership I d/b/a Kroger Pharmacy; (32) Kroger Limited Partnership II; (33) Ray's Pharmacy, Inc.; (34) RLS Supermarkets LLC, d/b/a Minyard Food Store; (35) Safeway, Inc.; (36) Target Corporation; (37) Walgreens Co.; (38) Walgreens Boots Alliance, Inc.; and (39) Walmart, Inc., f/k/a Wal-Mart Stores, Inc.

[2] The PFS Order was issued on or about June 19, 2018—just under three years before Plaintiff filed suit. [Doc. No. 638].

5. Defendants Target Corporation ("Target") and Costco Wholesale Corporation ("Costco") (together, "Defendants") reported that as of January 30, 2023, they had not yet received a PFS from, nor been served with process by Plaintiff. [Doc. Nos. 4850 & 4852].

6. In accordance with the Court's January 3, 2023 Order, Plaintiff submits this Brief showing good cause why its claims against Defendants should not be dismissed without prejudice. [Doc. No. 4801].

## II.
## GROUNDS SHOWING GOOD CAUSE TO AVOID DISMISSAL

7. First and foremost, Plaintiff would like to ensure this Court that its failure to serve Defendants and provide a PFS certainly was not intentional. Plaintiff is ready, willing, and able to diligently pursue service of process on Defendants, and is working diligently to finalize and submit its PFS.

8. Plaintiff's failure to serve Defendants and submit a PFS to date is merely based upon confusion as to the obligations that are contained within the large volume of filings made with this Court.

9. Further, until Defendants listed Plaintiff in their respective reports to this Court, Plaintiff was under the impression that this case is still stayed due to the remand inquiries that are currently before this Court—including the remand briefing filed by Plaintiff *and Defendants*. [ECF Nos. 10 & 11].

10. Since Plaintiff's claim landed in this Court, it has been engaged in settlement discussions with several of the Initial Defendants—some of which successfully resulted in settlements. [*See, e.g.*, Doc. No. 4907].

11. In addition, because Plaintiff is in the process of challenging this Court's subject matter jurisdiction, it has not yet had the chance to amend its live petition—which is still the

Original Petition that it initially filed in Tarrant County District Court—to be consistent with other federal proceedings. At that time, Plaintiff would have immediately and diligently pursued service of process on any and all Initial Defendants that remained after settlement discussions. While Plaintiff believed its service obligation was stayed and would trigger when its track was up, if the Court would like, Plaintiff is prepared to begin that process right away.

12. Plaintiff's failure to submit a PFS to Defendants was unintentional and Plaintiff is currently working to submit its PFS, and remains ready, willing, and able to begin serving Defendants as soon as the Court instructs it to do so.

13. The PFS Order was issued over two years before Plaintiff filed suit and became a part of the MDL, and Plaintiff has been holding off on service of process while it reviews proposed settlements and works to secure a remand back to state court.

14. For these reasons, Plaintiff respectfully requests that this Court find that it has established good cause for why Defendants should not be dismissed without prejudice.

### III.
### RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court find that there exists good cause to avoid dismissing Costco and Target, and for such other and further relief to which it is justly entitled.

Dated: February 27, 2023             Respectfully submitted,

*/s/ Brant C. Martin*
Brant C. Martin
State Bar No. 24002529
brant.martin@wickphillips.com
Schyler P. Parker
State Bar No. 24092937
schyler.parker@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: (817) 332-7788
Facsimile: (817) 332-7789

ATTORNEYS FOR PLAINTIFF TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK

## CERTIFICATE OF SERVICE

This is to certify that on February 27, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of Notice of Electronic Filing to the ECF registrants.

*/s/ Brant C. Martin*
Brant C. Martin