UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION

This document relates to:

1:17-op-45093
1:18-op-45282
1:18-op-45579
1:18-op-45690
1:18-op-46337
1:19-op-45293
1:19-op-45044
1:18-op-46310

MDL No. 2804

Case No. 17-md-2804

Judge Dan Aaron Polster

**PUBLIX SUPER MARKETS, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNSERVED OR UNTIMELY SERVED CASES**

\* Publix files this motion pursuant to the Court's order in the Master MDL docket granting it leave to do so today, on February 27, 2023.  Its filing and appearance in this individual case is solely for the purpose of seeking dismissal based on the lack of service against it in this individual case.

# TABLE OF CONTENTS

I.     FACTUAL BACKGROUND ................................................................................... 1

       A.     Adams County, Wisconsin—Case Number 1:17-op-45093. ................................ 1

       B.     City of Rome, Georgia, *et al.*— Case Number 1:18-op-45282. ........................... 2

       C.     Peach County, Georgia — Case Number 1:18-op-45579. .................................... 3

       D.     City of Prichard, Alabama— Case Number 1:18-op-45690. ................................ 3

       E.     City of Albany, Georgia — Case Number 1:18-op-46337. ................................... 3

       F.     Fayette County, Georgia—Case Number 1:19-op-45293. ................................... 3

       G.     Manatee County, Florida—Case Number 1:19-op-45044. ................................... 4

       H.     Henry County, Georgia—Case Number 1:18-op-46310. ..................................... 4

II.     LEGAL ARGUMENT .......................................................................................... 5

       A.     Plaintiffs Failed To Serve Publix Within the Time Set Forth In the Federal Rules of Civil Procedure and No Good Cause Exists to Justify Their Failure. ........................................................................................ 5

       B.     The Court Should Not Exercise Its Discretion To Extend Plaintiffs' Deadline to Serve Publix. ................................................................................... 7

III.     CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Am. Secs. & Audio Video Sys., Inc. v. Baxter*,
   2022 WL 1062267 (N.D. Ohio June 8, 2020)..............................................................................6

*DeVillez v. Dolgen Corp, LLC*,
   No. 3:22-CV-00557, 2023 WL 322445 (M.D. Tenn. Jan. 19, 2023), *report
   and recommendation adopted sub nom. Devillez v. Dolgen Corp., LLC*, No.
   3:22-CV-00557, 2023 WL 2059629 (M.D. Tenn. Feb. 16, 2023)..............................................5

*Habib v. Gen. Motors Corp.*,
   15 F.3d 72 (6th Cir. 1994) .........................................................................................................6

*Johnson v. Smith*,
   835 F. App'x 114 (6th Cir. 2021) ..............................................................................................6

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987).....................................................................................................................5

*Savoie v. City of E. Lansing, Michigan*,
   No. 21-2684, 2022 WL 3643339 (6th Cir. Aug. 24, 2022) ........................................................6

*United States v. Oakland Physicians Med. Ctr., LLC*,
   44 F.4th 565 (6th Cir. 2022) ............................................................................................ *passim*

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(5) ...........................................................................1, 10, 11

Federal Rules of Civil Procedure Rule 4(m)............................................................................. *passim*

**Other Authorities**

51 Am. Jur. 2d *Limitation of Actions* § 15 .....................................................................................9

54 C.J.S. *Limitations of Actions* § 2................................................................................................9

Pursuant to Federal Rule of Civil Procedure 12(b)(5), Defendant Publix Super Markets, Inc. ("Publix") respectfully requests that the Court dismiss all cases in which Publix was named as a defendant but not timely served as required by Rule 4(m) of the Federal Rules of Civil Procedure.

## I. FACTUAL BACKGROUND

Publix was first named a defendant in the National Prescription Opiate MDL in 2019. Through the process of mediating the MDL claims, Plaintiffs' Liaison Counsel alerted Publix's counsel to cases in which Publix had been named, but that Publix was unaware of because it had never been served.

To the best of Publix's knowledge, it has not been served in seven cases pending in the MDL and in one case, Plaintiff attempted to belatedly serve Publix earlier this week—nearly four years after filing the Complaint. Even the most recent case adding Publix was filed well over a year ago and, yet, none of the Plaintiffs here have served Publix in accordance with Federal Rule of Civil Procedure 4(m).

### A. Adams County, Wisconsin—Case Number 1:17-op-45093.

On November 7, 2017, the Plaintiffs' firm, Crueger Dickinson, filed a Complaint on behalf of Adams County, Wisconsin under Case Number 1:14-op-45093. Dkt. No. 1. It was not until over a year later, on March 15, 2019, that Plaintiff amended its Complaint to add Publix as a defendant by way of a short form complaint. Dkt. No. 9. Publix has never had any stores in Wisconsin, including in Adams County, Wisconsin.

Of 63 named defendants, waivers of service or service acknowledgements were filed for 37 of them in 2018 or 2019, with 3 additional proofs of service filed on the docket in 2023, though service was executed in 2019. *See* Dkt. Nos. 8, 17, 18, 24-26. Publix has never been served and, to its knowledge, Plaintiff Adams County has never attempted to serve Publix with the Complaint in this case.

B.     **City of Rome, Georgia,** *et al.*— **Case Number 1:18-op-45282.**

On March 2, 2018, Plaintiffs Whitfield County, Georgia; City of Rome; City of Cartersville; Chattooga County, Georgia; and Floyd County, Georgia filed a Complaint under Case Number 1:18-op-45282 by lead firm Brinson Askew Berry Siegler Richardson & Davis[1]. Dkt. No. 1. On March 15, 2019, the five Plaintiffs amended their Complaint and added Publix, among other defendants. Dkt. No. 24. Plaintiffs did not serve Publix, although the docket evidences waivers of service returned from other defendants after the amended complaint was filed. *See* Dkt. Nos. 25-29, 31-34, 36-37. Indeed, in 2018 and 2019, of the 42 named defendants, waivers of service were filed for 25 of them.

On September 14, 2021, Plaintiffs again amended their Complaint, joining in another 19 new plaintiffs. Dkt. Nos. 44-45. The Court entered the Plaintiffs' proposed order accompanying their motion for leave to file an amended complaint, which stated: "All Defendant(s) having been served previously, service of the Second Amended Complaint shall be effected by electronic service through the Court's ECF System." Dkt. No. 45. Publix had *not* been served previously, and the effectuation of service through the ECF system of an amended complaint only applies to those parties who had, in fact, been served previously. Despite two opportunities to serve Publix, Plaintiffs have failed to do so.

Robert Finnell of Finnell Law is Plaintiff's counsel in the *Rome* case and dozens of other MDL matters, including *Bon Secours* case (Case Number 1:158-op-45821-DAP) where Publix is a defendant. In *Bon Secours*, Plaintiff issued a summons to Publix *immediately* after filing the March 2019 short form complaint. *See Bon Secours* Docket, attached as **Exhibit 1.**

---

[1] Brinson Askew also represents Carroll County in the MDL and has filed waivers of service in that case, evidencing their knowledge of the service rules, ability to effectuate service, and the necessity of serving defendants in the MDL. *See* Case Number 1:18-op-46269.

2

### C.     Peach County, Georgia — Case Number 1:18-op-45579.

On May 15, 2018, Plaintiff Peach County, Georgia, filed its Complaint via its lawyers the Bryant Law Center. Dkt. No. 1. It amended its Complaint almost a year later, on March 15, 2019, adding, among other defendants, Publix. Dkt. No. 2. Publix has not been served and there is no evidence on the docket that Plaintiff has attempted to do so.

### D.     City of Prichard, Alabama— Case Number 1:18-op-45690.

On May 16, 2018, Plaintiff City of Pritchard, Alabama filed its Complaint through its law firm Braswell Murphy. Dkt. No. 1. Almost a year later, Plaintiff amended its Complaint to add, among other defendants, Publix. Dkt. No. 4. Publix has not been served and there is no evidence on the docket that Plaintiff has attempted to do so.

### E.     City of Albany, Georgia — Case Number 1:18-op-46337.

On November 20, 2018, Plaintiff the City of Albany, Georgia, filed its Complaint through its counsel including Baron & Budd, P.C. Dkt. No. 1. On March 15, 2019, Plaintiff amended its complaint adding Publix, among other defendants. Dkt. No. 5. Plaintiff filed a "Notice of Service of Original Complaint" on May 28, 2019 [Dkt. No. 8] and Waiver of Service Returned for newly-added defendants Kroger, Walgreens, and Winn-Dixie [Dkt. Nos. 10-12]; however, none of those efforts included Publix.  Earlier this month, on February 8, 2023, Plaintiffs filed a Praecipe for issuance of original summons for Publix. Dkt. No. 17. The summons was issued on February 15, 2023 [Dkt. No. 18] but has not been served.

### F.     Fayette County, Georgia—Case Number 1:19-op-45293.

On April 25, 2019, Plaintiff Fayette County, Georgia filed its Complaint. Dkt. No. 1. Fayette County amended its Complaint two months later, on June 19, 2019, adding scores of defendants to its short form complaint, including Publix. Dkt. No. 2. Although Publix is a named

3

defendant in the Amended Short Form Complaint, it is not one of the listed named defendants anywhere on the docket.

In 2019, Plaintiff, through its counsel Blasingame, Burch, Garrard & Ashley, P.C.,[2] filed several waivers of service for defendants other than Publix. Dkt. Nos. 5. This month, Plaintiff has filed four waivers of service returned executed for defendants other than Publix. *See* Dkt. Nos. 12-15. Publix has not received a summons in this matter nor has it been asked to waive service.

### G. Manatee County, Florida—Case Number 1:19-op-45044.

On January 18, 2019, Plaintiff Manatee County, Florida filed a Complaint in the Middle District of Florida (Case Number 8:19-cv-00143) which included Publix as a defendant. Dkt. No. 1. On February 4, 2019, the case was transferred into the MDL. MDL Dkt. Nos. 7-8. Of 31 defendants, Plaintiff filed executed waivers of service on April 1, 2019 for all defendants except Publix and three corporate relatives of served defendants as shown on the original Middle District of Florida docket. *See Manatee County* Docket, attached as **Exhibit 2.** Plaintiff is represented by Schochor, Frederico & Staton.

### H. Henry County, Georgia—Case Number 1:18-op-46310.

On July 12, 2018, Plaintiff Henry County, Georgia, filed its Complaint via its counsel, Edmond, Lindsay & Hoffler, LLP. Dkt. No. 1-2. The named defendants (which did not include Publix), removed the case on August 15, 2018. Dkt. No. 1. On March 18, 2019, Plaintiff amended its Complaint, through its counsel Napoli Shkolnik PLLC, and added, among others, Publix as a defendant. Dkt. No. 24.

---

[2] Blasingame, Burch, Garrard & Ashley also represent Butts County in the MDL and has filed waivers of service in that case, evidencing their knowledge of the service rules, ability to effectuate service, and the necessity of serving defendants in the MDL. *See* Case Number 1:174-MDL-2804. In fact, the Blasingame firm is counsel to Oconee County, Georgia (Case Number 1:18-op-45219-DAP) in which Publix was served by these lawyers.

4

Publix was untimely served on February 20, 2023 – more than 1,300 days after service of process was required under the Federal Rules – and as of the time of this filing, no proof of service has been filed on the docket.[3] *See Henry County* Docket, attached as **Exhibit 3.** And, even then, Plaintiffs only served a copy of the Short Form Complaint and did not serve a copy of the summons. There are no proofs of service on the docket for any other of the defendants named in the amended complaint.

## II. LEGAL ARGUMENT

### A. Plaintiffs Failed To Serve Publix Within the Time Set Forth In the Federal Rules of Civil Procedure and No Good Cause Exists to Justify Their Failure.

The eight Complaints identified above should be dismissed because Plaintiffs failed to effect service of process upon Publix within the time limit set forth in Federal Rule of Civil Procedure 4(m). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). The acceptable methods for service of a summons and complaint in federal court are set forth in Federal Rule of Civil Procedure 4. With regard to the time period for proper service, Rule 4(m) states:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

---

[3] This practice of serving new defendants would effectively spurn the JPML's clear preference to avoid expanding the scope of cases and claims currently pending in the Opiate MDL. *See* In re Nat'l Prescription Opiate Litig., MDL No. 2804, Doc. 9586 (J.P.M.L., April 8, 2022)(finding that this MDL had reached the point where the benefits of transferring new cases to this mature litigation were outweighed by the effects and denying transfer of additional cases to MDL).

"It is the plaintiff's burden to establish that service was proper." *DeVillez v. Dolgen Corp, LLC*, No. 3:22-CV-00557, 2023 WL 322445, at *3 (M.D. Tenn. Jan. 19, 2023), *report and recommendation adopted sub nom. Devillez v. Dolgen Corp., LLC*, No. 3:22-CV-00557, 2023 WL 2059629 (M.D. Tenn. Feb. 16, 2023) (citing *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996))).

According to Rule 4(m), "[i]f a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citations omitted). "Establishing good cause is the responsibility of the party opposing the motion to dismiss, and necessitates a demonstration of why service was not made within the time constraints [of the Rule]." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). "Rule 4(m) does not define 'good cause,' but the Sixth Circuit has repeatably [sic] recognized that extraordinary circumstances may warrant a finding of 'good cause' such that untimely service may be excused." *Am. Secs. & Audio Video Sys., Inc. v. Baxter*, 2022 WL 1062267 (N.D. Ohio June 8, 2020) (citation omitted). "In general, good cause means 'a reasonable, diligent effort' at proper service." *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (internal quotation omitted)). "'[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant ... does not constitute good cause.'" *Id.* (quoting *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)). "Nor does actual notice of service or a lack of prejudice to the defendant constitute good cause." *Id.* (citing *Johnson*, 835 F. App'x at 115; *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)).

A touchstone example of "good cause" is "'when the defendant intentionally evades service of process,'" (*Johnson*, 2002 WL 1062267 at *4 (quoting *Friedman*, 929 F.2d at 1157)),

6

"or if there is an error on the court's part" (*id.* (citing *Byrd*, 94 F.3d at 220)). Courts in this Circuit have also found good cause when a *pro se* plaintiff suffers from a serious illness. *Id.* (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73–75 (6th Cir. 1994)). The Sixth Circuit notes that the commonality among these "good cause" examples is that circumstances outside the plaintiff's control prevented timely service.

None of these good cause circumstances exist in this case. Here, Plaintiffs simply chose not to serve Publix for years. The dockets at issue reflect **no efforts whatsoever** by Plaintiffs to ensure that service of process upon Publix would be completed within 90 days of filing their respective Complaints—despite: (1) these same Plaintiffs' counsel serving Publix with Complaints in other cases in the National Prescription Opiate Litigation, MDL 2804; (2) Publix submitting a *form* waiver of service; and (3) Plaintiffs serving other defendants and filing notices of service and waivers of service of process on the dockets. Apparently, Plaintiffs chose not to request a summons directed to Publix within the time prescribed by the Federal Rules of Civil Procedure and did not even seek a waiver of service from Publix. No justification exists for this failure and the Court should dismiss these Complaints.

### B. The Court Should Not Exercise Its Discretion To Extend Plaintiffs' Deadline to Serve Publix.

"[A]bsent a finding of good cause, the court retains discretion as to whether or not to enlarge [the] timeframe" to effectuate service of process. *Oakland Physicians Med. Center*, 44 F.4th 565, 568 (6th Cir. 2022) (citation omitted). In *Oakland Physicians Medical Center*, the Sixth Circuit set forth the following factors a district court should consider "when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause":

(1) whether an extension of time would be well beyond the timely service of process;

7

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569. The Sixth Circuit factors weigh heavily *against* belatedly allowing Plaintiffs in these cases to extend the time for serving Publix to **years** after the original deadline for doing so under the Federal Rules.

*First*, as seen below, by permitting the Plaintiffs to serve their Complaints now would be akin to granting extensions of time in orders of magnitude as compared to what is permitted by the Federal Rules. This is not the situation where a plaintiff needs an additional week or two to perfect service. Plaintiffs have sat on their hands for **years** without serving Publix. The Court should not permit Plaintiffs to wholly disregard the requirements of the Federal Rules.

The following chart shows when Publix *should* have been served with the Complaint in each of the eight cases at issue and the number of days that have elapsed since service was due (if Plaintiffs were to attempt service today). There number of days that have passed since service should have been completed is staggering:

8

| Cause Number | Plaintiff(s) | Complaint Naming Publix Filed | Deadline for service under FRCP 4(m) | Days elapsed since service due as of 2/24/2023 |
|---|---|---|---|---|
| 1:17-op-45093 | Adams County, WI | 3/15/2019 | 6/13/2019 | **1352 days** |
| 1:18-op-45282 | City of Rome, GA | 3/15/2019 for claims brought by first five plaintiffs | 6/13/2019 | **1352 days** |
| | | 9/14/21 for claims brought by remaining 19 new plaintiffs in the Second Amended Complaint | 12/13/2021 | **438 days** |
| 1:18-op-45579 | Peach County, GA | 3/15/2019 | 6/13/2019 | **1352 days** |
| 1:18-op-45690 | City of Prichard, AL | 3/18/2019 | 6/16/2019 | **1349 days** |
| 1:18-op-46310 | Henry County, GA | 3/18/2019 | 6/16/2019 | **1346 days**[4] |
| 1:18-op-46337 | City of Albany, GA | 3/15/2019 | 6/13/2019 | **1352 days** |
| 1:19-op-45293 | Fayette County, GA | 6/19/2019 | 9/17/2019 | **1256 days** |
| 1:19-op-45044 | Manatee County, FL | 1/18/2019 | 4/18/2019 | **1408 days** |

*Second*, Publix would be prejudiced if Plaintiffs were permitted to serve these Complaints **years** after their filing. Plaintiffs' evidence may have been lost, memories of witnesses faded, witnesses may have died or be difficult to track down, and, defendants are entitled to rest on the fact that they have not been sued during the statute of limitations period. Plaintiffs effectively seek to circumvent the statute of limitations by filing a placeholder lawsuit without alerting Publix that it has been sued and allowing Publix to take steps to protect and assert its defenses. *See* 51 Am. Jur. 2d *Limitation of Actions* § 15 ("Protecting potential defendants from stale actions; lost

---

[4] Plaintiff Henry County belatedly served Publix on February 20, 2023, without seeking leave of Court and without acknowledging that 1,346 days had passed since service of process was required under the Federal Rules. *See* Henry County Short Form Complaint, attached as **Exhibit 4**. Plaintiffs did not serve Publix a copy of the corresponding summons.

evidence"); 54 C.J.S. *Limitations of Actions* § 2 ("Statutes of limitations ordinarily are regarded as statutes of repose whose purpose is to prevent the litigation of stale claims."). The prejudice to Publix from Plaintiffs' failure to serve it weighs in favor of dismissal.

*Third*, given the extensive amount of time that has transpired since the filing of the Complaints against Publix and the fact that Plaintiffs have yet to even attempt to serve Publix (with the exception of *Henry County*), it is possible that at least some claims will be time barred as a result of Plaintiffs' inaction during the past three or more years. The Sixth Circuit has held that simply because a claim may be time barred does not require a discretionary extension of time. *Oakland Physicians Med. Center*, 44 F.4th at 570. Relying on cases from other circuits, the *Oakland Physicians* court held that "whether the applicable statute of limitations has run is only one of several factors that a court must consider in deciding whether to grant a discretionary extension of time." *Id.* (citations omitted). Should Plaintiffs' claims be time-barred upon dismissal is no justification to excuse an average 1,245 day-extension, or over 3 years of unexplained, inexcusable delay to serve Publix.

*Fourth*, as stated above, absolutely no effort whatsoever was made to effectuate service on Publix. Despite serving other defendants and serving Publix with other cases in the MDL, Plaintiffs were derelict in their obligation to give Publix notice of these lawsuits, which justifies their dismissal.

*Finally*, Plaintiffs are not *pro se* Plaintiffs, but represented by national law firms who are well versed in the Federal Rules and understand their obligations. The dockets of the case in the National Prescription Opiate MDL are filled with notices of service and waivers of service. There are also no other unique circumstances in this case that would excuse Plaintiffs' neglect in serving Publix in these cases.

To allow Plaintiffs to proceed with these eight cases would amount to a total disregard for the requirements of service under the Federal Rules. The Court should dismiss the Complaints identified herein pursuant to Federal Rule of Civil Procedure 12(b)(5).

## III. CONCLUSION

Plaintiffs have failed to comply with the requirements of Rule 4 because they did not complete—*or even attempt to initiate*—service of process on Publix in these cases within the required time period.  The record evidences no good cause for Plaintiffs' failure to properly effect service of process upon Publix or any other circumstances that would warrant the Court extending the time for service for *years* under Rule 4(m).  Rather, it appears that these Plaintiffs simply chose not serve to Publix during the applicable 90-day time period (or years thereafter). As such, the claims against Publix should be dismissed for insufficient service of process under Rule 12(b)(5).

Dated: February 27, 2023

Respectfully submitted,

*/s/ Kara M. Kapke*
Meredith Thornburgh White (IN 28094-49)
Kara M. Kapke (IN 25906-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
Facsimile:   (317) 231-7433
mwhite@btlaw.com
kkapke@btlaw.com

*Attorneys for Defendant Publix Super Markets, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I caused the foregoing to be served on counsel of record via the CM/ECF system.

*/s/ Kara M. Kapke*