UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The Montgomery County Board of County Commissioners et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-op-46326-DAP ("Track Seven") | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**PLAINTIFF'S MOTION FOR CASE MANAGEMENT ORDER
REGARDING PREVIOUSLY DECIDED ISSUES**

By this motion, Montgomery County, the Track 7 Plaintiff, seeks a case management order: (a) providing that, to the extent not already specifically adopted, this Court's prior MDL rulings, and in particular, its rulings on motions *in limine,* apply with equal force to the instant case, unless the party to be bound shows good cause why the ruling should not apply; and (b) setting forth a procedure and deadline for the parties to make such showings.  Such an order should not be controversial: this Court has repeatedly held that its rulings should apply to other cases in the MDL and are subject to modification "only if [a] party can show that the particular circumstances of an individual case warrant a revision."  MDL ECF No. 3058 at 1-2; *see also* MDL ECF 3654; MDL ECF No. 3769; MDL ECF No. 3988; Status Conference Tr. 21:7–22:1 (Mar. 15, 2021).  The Third Circuit has recently endorsed the same principle.  *See Home Depot USA Inc. v. Lafarge N. Am. Inc.*, 59 F.4th 55, 65–66 & n.6 (3d Cir. 2023).  Indeed, the Court has already adopted and incorporated certain of its rulings on motions to dismiss and motions for summary judgment.  *See* Track 7 ECF No. 45.  Moreover, relying on MDL ECF No. 3058, Kroger filed its own motion to apply this Court's prior *Daubert* rulings (MDL ECF No. 4883).  This motion seeks merely to

2757279.1

formalize, with respect to the rest of the Court's rulings, what the Court has repeatedly held and to provide a procedure to implement those prior holdings in the context of this particular case. This will ensure that: 1) the litigants in *this specific* case have incontestable notice of the applicability of the Courts' prior MDL rulings and an opportunity to be heard as to whether they should be applied in *this* case; and 2) this Court will decide the applicability of its own prior rulings to the instant case prior to remand.

Such an order is needed now for two reasons. First, the parties anticipate a timely remand of this case to the transferor court for trial. As explained further below, the issues raised by Plaintiff's motion should be resolved by the Court that entered (and therefore best understands) the rulings involved, and resolution before remand will lighten the burdens on the transferor court and the parties as they prepare for trial unencumbered by uncertainty surrounding the applicability of this Court's pretrial rulings. Second, and as explained further below, the Third Circuit has very recently endorsed and elaborated on the vitality of the principles Plaintiff asks the Court to adopt. In rejecting an MDL court's application of issue preclusion and law of the case, the appellate court noted the importance of making clear the impact of prior MDL decisions in the subsequent individual MDL case tracks, including using a show cause procedure similar to that suggested here. *See Home Depot USA Inc.*, 59 F.4th 55, 65–66 & n.6 (approving case management orders requiring MDL parties to show cause why prior MDL rulings do not apply to their cases).

For these reasons, Plaintiff seeks entry of the attached Proposed Case Management Order establishing a briefing schedule for the Track 7 defendants to show cause when any of the Court's prior formal[1] rulings should not be applied in this case.

---

[1] This Court's formal rulings include both the rulings issued by this Court and the formal Discovery Rulings issued by Special Master David Cohen. Nothing in the case management order, however,

## BACKGROUND

Since the inception of this MDL, this Court has issued numerous rulings—on motions to dismiss, motions for summary judgment, and *Daubert* and motions *in limine*, among others—that analyze and decide issues of law and fact common to many, if not most or even all, of the MDL member cases, including this one. Some of these rulings have involved issues specific to Ohio law, while others construe federal law, including federal evidentiary rules. The Court has also repeatedly stated its view that such rulings presumptively apply to all cases in the MDL – both those to be tried in this district and those to be remanded for trial – unless circumstances specific to a particular case justify a different result. *See* MDL ECF No. 3058 at 1-2; *see also* MDL ECF 3654; MDL ECF No. 3769; MDL ECF No. 3988; Status Conference Tr. 21:7–22:1 (Mar. 15, 2021).

On June 21, 2021, the Pharmacy Defendants in this case moved to dismiss the claims in this action. Recognizing the Court's prior rulings on similar motions in previous cases and seeking to "avoid redundant briefing," the Pharmacy Defendants simply asserted that the Court had erred in rejecting their previously raised arguments and "incorporate[d] them to preserve them for appellate review." Track 7 ECF No. 44-1.[2] The Pharmacy Defendants specifically referenced in their filing previous motions to dismiss and motions for summary judgment and identified a non-exhaustive list of arguments they wished to incorporate. *Id.* On June 23, 2021, this Court issued its order denying the Pharmacy Defendants' motion to dismiss and incorporated into its order

---

should preclude the parties from later arguing that prior *informal* rulings rendered by Special Master Cohen in the MDL are not of significant persuasive value in the other cases of the MDL.

[2] It should be noted that the appeal filed by the three Track 3 pharmacy defendants does not contest any of the trial court's pre-trial rulings, except for its ruling denying the defendants' motion to dismiss and its refusal to adopt the defendants' proffer of jury instructions. *In re: Nat'l Opiate Lit., Trumball County et al. v. Purdue Pharma, LP et al.,* No. 22-3750, Dkt. No. 28 (6th Cir. Dec. 1, 2022) (Consolidated Brief for Appellants).

certain of its prior rulings, specifically MDL ECF Nos. 1025 (Report and Recommendation rejecting arguments made in Pharmacies' and Distributors' motions to dismiss Track One complaints); 1203 (Opinion and Order adopting-in-part and rejecting-in-part the report and recommendation); 2568 (Opinion and Order denying Defendants' motions for summary judgment based on statutes of limitations); 2565 (Opinion and Order denying defendants' motions for summary judgment based on preemption); 2561 (Opinion and Order denying Defendants' motions for summary judgment based on causation); 2483 (Opinion and Order granting Plaintiffs' motion for partial summary judgment of Defendants' duties under the Controlled Substances Act); and 3403 (Opinion and Order denying Pharmacy Defendants' motion to dismiss Track Three complaints). These rulings have thus been specifically incorporated and adopted into this case.

But other MDL rulings of this Court, including in particular its rulings on motions *in limine*, have not been specifically addressed in the context of this case track. And while the Court has repeatedly stated its view that such rulings are presumptively applicable in all of the MDL cases, it has had no opportunity to address that presumption in this case.[3]

Believing that clarity on the applicability of these rulings prior to remand would be beneficial to the parties and to the remand court, on February 2, 2023, Plaintiff approached Kroger about the possibility of a stipulation on this subject. The parties thereafter engaged in extensive negotiations. On February 23, 2023, however, it became apparent that the parties could not reach agreement on wording of a stipulation, even though there was general agreement on the basic principle that this Court's prior rulings are presumptively applicable. In the absence of an agreement, Plaintiff now seeks an order from the Court.

---

[3] Kroger has separately sought to have this Court adopt its prior *Daubert* rulings. *See* MDL ECF 4883.

4

**LEGAL STANDARD**

An MDL transferee court is afforded "broad discretion to create efficiencies and avoid duplication—of both effort and expenditure—across cases within the MDL." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020); *see also, e.g.*, *Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014) ("We have recognized that administering cases in multidistrict litigation is different from administering cases on a routine docket, and that to encourage efficiency, MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings ... .") (internal citation, quotation marks omitted); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F 236, 243 (3d Cir. 2013) ("District judges must have authority to manage their dockets, especially during a massive litigation such as this ... .") (quoting *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822–23 (D.C. Cir. 2009)) (internal alteration omitted); *Ctr. for Biological Diversity Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013) ("Although not without limits, the court's express and inherent powers enable the judge to exercise extensive supervision and control of litigation.") (quoting Fed. Jud. Ctr., *Manual for Complex Litigation* § 10.1 (4th ed. 2004)).  This discretion extends to the questions of whether and to what extent the court's rulings are accorded preclusive effect.  *See In re E.I. du Pont de Nemours & Co. C-8 Personal Injury Litig.*, 54 F.4th 912, 921 (6th Cir. 2022) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)) (noting MDL court's "broad discretion" to apply offensive nonmutual collateral estoppel).

**ARGUMENT**

**THIS COURT SHOULD ENTER PLAINTIFF'S PROPOSED ORDER REGARDING APPLICABILITY OF PRIOR RULINGS**

Plaintiff asks the Court to enter a case management order providing that any pretrial ruling previously entered by this Court (including by the Court-appointed Special Master), whether as to one or more MDL cases, should apply to Track 7 without further order of the Court, unless a party

to be bound shows good cause why it should not be bound by the ruling.  Such an order would promote efficiency and consistency in the management of this MDL while providing notice and an opportunity to be heard on the Court's prior rulings to litigants who were not party to the other bellwethers.  Specifically, the order sought by Plaintiff would provide that any argument by a party that a prior ruling of the Court should not apply in light of new or different facts or circumstances specific to this case must be set forth in a succinct memorandum to be filed in this Court no later than April 3, 2023.  This deadline serves two purposes.  First, it will promote the efficient conduct of the trial on remand by addressing any issues as may arise *now*, rather than in the heat of trial, when both the parties and the transferor court will have numerous other issues demanding their attention.  Second, it will promote fairness and consistency by reserving any questions regarding the applicability of this Court's prior rulings to the decision-maker best positioned to understand their context and import: this Court, rather than burdening the transferor court, which has not had the advantage of 5-plus years of experience confronting these issues.

There is ample support in law and fact for the order Plaintiff requests.  *First*, the order would directly serve the fundamental purpose of this MDL: "to promote the *just* and *efficient* conduct of civil actions involving one more common questions of fact that are pending in different districts."  *In re Asbestos Prods. (No. VI)*, 718 F.3d at 243 (citing 28 U.S.C. § 1407(a); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006)) (emphasis added; quotation marks omitted).  Avoiding duplication of effort is one of the chief mechanisms by which efficiencies are won.  And applying the Court's rulings consistently to all Plaintiffs and Defendants in MDL cases is the only way to manage the MDL fairly and justly; it would be deeply unfair for the Court to apply the same law differently to different parties.  The Court has already, and repeatedly, announced to MDL litigants that it intends to adhere to these general principles.

6

*See, e.g.*, Status Conference Tr. 21:7–22:1 (Mar. 15, 2021) (emphasizing at outset of new pharmacy bellwethers the importance of avoiding duplication of time, expense, effort over and above the work that has already been done in other case tracks), ECF No. 3654; Track 7 Case Management Order, at 8 (June 25, 2021), ECF No. 3769 (instructing parties to avoid "lengthy and duplicative" *Daubert* and dispositive motion briefing). And the Court has already embodied them in its Track 3 and Track 1 orders on the parties' motions *in limine*. *See* Evidentiary Order, at 1 (Oct. 1, 2021) ("[T]he Court will adhere to its prior rulings unless a party shows the circumstances of this case warrant a revision."), ECF No. 3988; Evidentiary Order, at 24 (Sept. 23, 2021) ("These rulings ... will normally apply to all future MDL cases tried by this Court and any transferor court on remand."); Evidentiary Order, at 38 (Nov. 3, 2020) (same); Evidentiary Order, at 74 (Dec. 26, 2019) (same). Entering the order requested by Plaintiff would thus do no more than provide an explicit procedure allowing the Track 7 Defendants an opportunity to be heard in the specific context of this case and ensure that the record is clear for appellate purposes.[4]

*Second*, similar orders have been entered in other MDLs, and have received the blessing of the courts of appeals. The Third Circuit (Scirica, J., writing for a unanimous panel) recently noted—and endorsed—the practice as one "regularly employed in MDLs" for the court to "enter an order with respect to one party and then provide that it will be automatically extended to other parties if they do not come forward and show cause why it should not be applicable." *Home Depot USA Inc.*, 59 F.4th at 66. For example, in the *Ignition Switch* litigation in the Southern District of New York, the court entered an order applying rulings on consolidated complaints to nonconsolidated actions "unless challenged" in a show-cause procedure. *In re Gen. Motors LLC*

---

[4] Although Plaintiff believes that such an order would (and will) be appropriate in any of the MDL cases prior to their remand for trial, it is especially appropriate in Track 7, because this case, like Tracks 1 and 3 (the cases in which many of the prior rulings were issued), involves Ohio law.

2757279.1

*Ignition Switch Litig.*, Nos. 14-md-2543, 14-mc-2543, 2015 WL 3619584, at *16 (S.D.N.Y. June 10, 2015); *see also In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570, Order 2 (S.D.N.Y. Jan. 24, 2018) ("Any order entered into, or decision rendered, in this MDL that relates to all actions shall apply to all Tag-Along Actions without the need for separate motions and orders, unless counsel in a Tag-Along Action show good cause why the order should not apply to that Tag-Along Action."); *In re Oil Spill by the Oil Rig Deepwater Horizon*, No. 10-md-2179, Order (E.D. La. Jan. 7, 2016) (similar).  And the *Home Depot* court noted further that the Third Circuit has approved such procedures before.  *See Home Depot*, 59 F.4th at 66 (citing *In re Asbestos Prods. (No. VI)*, 718 F.3d at 240–41, 247–49).

*Third* and finally, entering the order requested by Plaintiff would simply formalize and universalize the ongoing efforts of the parties.  As the Third Circuit noted in *Home Depot*, parties are usually reluctant to "relitigate issues on which the judge has already ruled without a compelling reason." *Id*.  The parties here have, in general, attempted to honor this principle.  Indeed, as already noted, Kroger filed a motion to preserve and apply this Court's prior *Daubert* rulings to this case. *See* MDL ECF No. 4883.  Nevertheless, such efforts have necessarily been *ad hoc*, and the parties have not in each instance been able to agree which issues do not warrant revisiting, inviting litigation about litigation that is fundamentally contrary to the efficient resolution of this case.  Rather than continue in this *ad hoc* fashion, the better course is the one charted by the Court as to its Track 1 and Track 3 evidentiary rulings: default to no relitigation, with opportunity for any affected party to show good cause why relitigation should be allowed.

## CONCLUSION

For the reasons stated, the Court should grant Plaintiff's motion and order that this Court's rulings will apply to Track 7 unless a party shows cause why they should not apply.

8

2757279.1

Dated: March 3, 2023	Respectfully submitted,

Linda Singer
Elizabeth Smith
MOTLEY RICE LLC
401 9th Street NW
Suite 630
Washington, DC 20004
(202) 386-9626
lsinger@motleyrice.com
esmith@motleyrice.com
*Attorneys for Plaintiff Montgomery County*

Michael Elsner
Lisa Saltzburg
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9000
melsner@motleyrice.com
lsaltzburg@motleyrice.com
*Attorneys for Plaintiff Montgomery County*

Mathias H. Heck, Jr.
MONTGOMERY COUNTY
PROSECUTING ATTORNEY
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422
Telephone: (937) 225-5599
Fax Number: (937) 225-4822
E-mail: heckm@mcohio.org
*Attorney for Plaintiff Montgomery County*

Ward C. Barrentine
Chief Assistant Prosecuting Attorney -
Civil Division
MONTGOMERY COUNTY
PROSECUTOR'S OFFICE
301 West Third Street
4th Floor, Suite 461
Dayton, Ohio 45422
Telephone: (937) 496-7797
E-mail: BarrentinW@mcohio.org
*Attorney for Plaintiff Montgomery County*

2757279.1

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com
*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and may be obtained by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger

10

2757279.1