# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Montgomery County Board of County Commissioners et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-op-46326-DAP ("Track Seven") | MDL 2804<br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## [PROPOSED] CASE MANAGEMENT ORDER REGARDING PREVIOUSLY DECIDED ISSUES

Having reviewed the record and the parties' arguments, the Court **GRANTS** Plaintiff's motion for a case management order regarding previously decided issues. *See Home Depot USA Inc. v. Lafarge N. Am. Inc.*, 59 F.4th 55, 65–66 & n.6 (3d Cir. 2023).

The Court has long indicated that its rulings in the MDL at large and in individual bellwether cases would apply to other MDL cases unless the Court was persuaded that, for good cause, they should not apply. *See* MDL ECF No. 3988, at 1 (Oct. 1, 2021) (Track Three Evidentiary Order) ("[T]he Court will adhere to its prior rulings unless a party shows the circumstances of this case warrant a revision."); MDL ECF No. 3967, at 24 (Sept. 23, 2021) (Track Three Evidentiary Order) ("These rulings ... will normally apply to all future MDL cases tried by this Court and any transferor court on remand."); MDL ECF No. 3769, at 8 (June 25, 2021) (Track Seven CMO) ("With respect to *Daubert* and dispositive motions, the parties will meet and confer

2756789.3

on mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL ... ."); MDL ECF No. 3546, at 38 (Nov. 3, 2020) (MDL Evidentiary Order) ("These rulings [on Track One-B motions *in limine*] ... will normally apply to all future MDL cases tried by this Court and any transferor court on remand."); MDL ECF No. 3058, at 75 (Jan. 3, 2020) (MDL *Nunc Pro Tunc* Evidentiary Order) ("These rulings [on Track One motions *in limine*] will apply to all future MDL cases tried by this Court and any transferor court on remand."); MDL ECF No. 3052, at 74 (Dec. 26, 2019) (MDL Evidentiary Order) ("These rulings [on Track One motions *in limine*] will apply to all future MDL cases tried by this Court and any transferor court on remand."); *cf. also* ECF No. 3654, at 21:7–22:1 (Mar. 15, 2021) (Transcript of Track Three Status Teleconference) (emphasizing at outset of new pharmacy bellwethers the importance of avoiding duplication of time, expense, effort over and above the work that has already been done in other case tracks).

To that end, implementing an agreed upon procedure memorialized in the Track 7 CMO, MDL ECF No. 3769 at para. C1, on June 21, 2021, the Pharmacy Defendants in this case moved to dismiss the claims in this action. Recognizing the Court's prior rulings on similar motions in previous cases and seeking to "avoid redundant briefing," the Pharmacy Defendants simply asserted that the Court had erred in rejecting their previously raised arguments and "incorporate[d] them to preserve them for appellate review." Track 7 ECF No. 44-1. The Pharmacy Defendants specifically referenced in their filing previous motions to dismiss and motions for summary judgment and identified a list of arguments they wished to incorporate. *Id.* On June 23, 2021, this Court issued its order denying the Pharmacy Defendants' motion to dismiss and incorporated into its order certain of its prior rulings, specifically MDL ECF Nos. 1025 (Report and Recommendation rejecting arguments made in Pharmacies' and Distributors' motions to dismiss

Track One complaints); 1203 (Opinion and Order adopting-in-part and rejecting-in-part the report and recommendation); 2568 (Opinion and Order denying Defendants' motions for summary judgment based on statutes of limitations); 2565 (Opinion and Order denying defendants' motions for summary judgment based on preemption); 2561 (Opinion and Order denying Defendants' motions for summary judgment based on causation); 2483 (Opinion and Order granting Plaintiffs' motion for partial summary judgment of Defendants' duties under the Controlled Substances Act); 3403 (Opinion and Order denying Pharmacy Defendants' motion to dismiss Track Three complaints).  These rulings have thus been specifically incorporated and adopted in Track 7.

    But other MDL rulings of this Court, including in particular its rulings on motions *in limine*, have not been specifically addressed in the context of this case track.  And while the Court has repeatedly stated its view that such rulings are presumptively applicable in all of the MDL cases, it has had no opportunity to address that presumption in this case.[1]  Thus, out of an abundance of caution, an additional show-cause procedure is advisable in this case.  Implementing the show-cause procedure requested by Plaintiff gives unambiguous notice to the Track Seven litigants who did not participate in prior case tracks that the Court intends for its prior MDL orders to control in this case, and affords such litigants an opportunity to be heard.  Requiring the parties to show cause in this Court, before remand to the transferor court, ensures that that court is not burdened by litigation which this Court is best positioned to resolve efficiently.

    Accordingly, the Court **ORDERS** that the Court's pretrial orders and rulings entered in other case tracks of this MDL—including every order and ruling of the undersigned, as well as every written order and ruling entered on the docket by the special master, but excluding any order

---

[1] Kroger has separately sought to have this Court adopt its prior *Daubert* rulings.  *See* MDL ECF No. 4883.

or ruling by the special master not entered on the docket—shall apply to and control this Case Track Seven, both in this Court and on remand, unless a party to be bound by such order or ruling shows good cause why it should not apply, according to the procedure set forth below.

Any party challenging the applicability in this case of the Court's prior orders is hereby **ORDERED** to show cause why they are not applicable according to the following schedule:

By **April 3, 2023,** the party must submit a memorandum to this Court, identifying each prior order it contends should not apply in this case and demonstrating good cause why such prior order should not apply**.**

An opposing party may file a response to any such submission. Such responses, if any, are due by **May 3, 2023.**

**IT IS SO ORDERED.**

 

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**