# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track Seven* | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

## KROGER DEFENDANTS' MOTION TO STRIKE DR. JACK FINCHAM'S IMPROPER AND UNTIMELY EXPERT REPORT

Defendants The Kroger Co., Kroger Limited Partnership I, and Kroger Limited Partnership II (hereafter collectively referred to as "Kroger") move this Court for an order striking Dr. Jack E. Fincham's expert report (attached as "Exhibit A"). Kroger objects to the admission of Dr. Fincham's report on four grounds, detailed below in Section I: (1) none of the Court's Case Management Orders ("CMOs") or other Scheduling Orders allow for rebuttal reports; (2) even if this Court chooses to allow for rebuttal reports and follows the default timing of expert disclosure rules for rebuttal reports under Fed. R. Civ. P. 26, Dr. Fincham's report was untimely disclosed more than 30 days after the disclosure of Kroger's expert, Ms. Ann Selzer's, report; (3) Dr. Fincham's report seeks to offer new opinions beyond strictly rebutting Ms. Selzer's report by opining on pharmacy practices and pharmacy standards of care, as such, even if "rebuttal opinions" are permitted (to rebut the opinions of Ms. Selzer), any non-rebuttal opinions (i.e,. opinions that have nothing to do with Ms. Selzer's report) must be stricken; and (4) the belated disclosure of Dr. Fincham's report is not harmless nor substantially justified.

Alternatively, if this Court decides not to grant Kroger's Motion to Strike Dr. Fincham's Expert Report, Kroger reserves the right to file a *Daubert*[1] motion regarding Dr. Fincham's qualifications to opine on conducting or analyzing the intent behind surveys, which is detailed in Section II. Therefore, in that instance, this Court should extend the deadline for *Daubert* motions to allow for Kroger to properly object to Dr. Fincham's qualifications.

## BACKGROUND

### The Expert Reports of Ann Selzer and Dr. Fincham

Ann Selzer authored a report for Kroger analyzing a survey conducted by the Ohio Board of Pharmacy ("Ohio BOP") in 2021. *See* Selzer, Ann J., *Evaluation of 2021 Pharmacist Workload Survey Conducted by the State of Ohio Board of Pharmacy* (hereinafter "Selzer Rpt.") at 1. According to the Ohio BOP, "[t]he intent of the survey was to capture feedback on pharmacist working conditions in the state." *Id*. at 2 (citing State of Ohio Board of Pharmacy 2021 Survey[2]). As an expert in conducting surveys and analyzing survey results, Ms. Selzer concluded that the 2021 Ohio BOP survey was not "useful in understanding the role of pharmacists and pharmacies in opioid abuse and diversion." *Id*. Kroger timely disclosed Ms. Selzer's Report to the Court and the Plaintiff on December 12, 2022. *See* Letter re: Kroger Expert Witness Disclosure in Track 7 (attached as "Exhibit B") and *see* Kroger Disclosure of Expert Witnesses in Track 7 at 2 (attached as "Exhibit C").

In his report, Dr. Fincham explained he was retained by Plaintiff in this case to "analyze the workload surveys conducted by the Ohio Board of Pharmacy and to assess the report submitted by Dr. J. Ann Selzer on behalf of defendant [Kroger]". Exh. A. at 1. Dr. Fincham argued, among

---

[1] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

[2] Survey results accessed by Ms. Selzer from https://www.pharmacy.ohio.gov/documents/lawsrules/pwac/meetingmaterials/2021%20pharmacist%20workload%20survey.pdf. *See* Selzer Rpt. at 1.

other things, that the "Ohio Board of Pharmacy surveys collected sufficient and reliable information from those Ohio pharmacists working in large chain grocery store settings that, when placed in the context of the opioid epidemic, identify serious concerns about the safe and effective dispensing of opioids…" Exh. A at 5. Dr. Fincham's expert report is dated February 17, 2023, the day it was disclosed to Kroger. *See Id.* at 31 (signature page indicating the date Dr. Fincham "Executed" the report).

Expert Discovery Deadlines

Special Master, David R. Cohen, in conjunction with this Court, issued three Case Management Orders, each of which discussed the timing of expert discovery including for initial expert disclosures. However, none of the Orders provide permission or deadlines for expert rebuttal reports. The Court initially required the Plaintiffs to serve expert reports, except for witnesses who will testify only in the abatement-phase of the Track 7 trial, by June 24, 2022. Dkt. 3769 at 7. The Court later extended the deadline for Plaintiff's expert reports to August 8, 2022. Dkt. 80 at 2. Finally, this Court's September 15, 2022 Case Management Order, which is the most recent, acknowledged its grant of an extension of the Plaintiff's deadline to submit its expert reports until August 22, 2022. Dkt. 4631 at 2-3. The Court noted the Plaintiff produced its expert reports on August 22nd. *Id*. at 3 n. 2.

The most recent CMO also set a deadline of November 21, 2022 for Plaintiff expert's depositions; February 8, 2023 for all *Daubert* and dispositive motions for both the Plaintiff and Defendants; and required Defendants submit their expert reports by December 12, 2022. *Id*. at 4. In extending the expert discovery deadlines in response to Kroger and Meijer's requests, the Special Master acknowledged the burden faced by Kroger as a new Defendant in this case to thoroughly analyze numerous, complex expert reports. *See Id*. ("[t]o ensure a fair trial, it is critical

that [Kroger and Meijer] receive sufficient time to digest what is clearly a massive amount of complex expert opinion and related material.").

## **LEGAL AUTHORITY**

### Timing of Expert Disclosures

Rule 26 of the Federal Rules of Civil Procedure provides specific instructions regarding the sequence for filling expert reports. Rule 26(a)(2)(B) requires the parties to disclose their expert witnesses and provide to the opponent a written report that contains a complete statement of all opinions that the expert intends to express at trial and the basis for those opinions. The timing of expert disclosures is governed by Rule 26(a)(2)(D), which states that "A party must make these disclosures at the times and in the sequence that the court orders". Expert rebuttal evidence, usually in the form of expert rebuttal reports, is "evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party…". Fed. R. Civ. P. 26(a)(2)(D)(ii).

Rule 26(a)(2)(D) provides the timing for initial expert reports and expert rebuttal reports only *absent a stipulation or court order*. If there is no stipulation or court order, initial expert reports are due at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i). Expert rebuttal disclosures must be made "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). Courts have noted that the 90-day rule does not apply to rebuttal evidence, thus rebuttal reports must be filed within 30 days of the other party's disclosure unless the court otherwise directs the parties. *In Re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 12748011, at *5 (N.D. Ohio May 26, 2015) (quoting *Bowman v. int'l Bus. Mach. Corp.*, 2012 WL 6596933 at *2 (S.D. Ind. 2012)).

4

Exclusion of Untimely Expert Reports

Fed. R. Civ. P. 37(c)(1) states that a party who fails to provide information required under Rule 26(a) or (e) is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." The Sixth Circuit Court of Appeals held that exclusion is mandatory under Rule 37 unless the disclosing party meets its burden to demonstrate that the late disclosure is either harmless or substantially justified. *See Dickenson v. Cardiax and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.") (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004)).

A "harmless mistake" under Rule 37 "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance ex rel. Hammons v. United States*, 182 F.3d 920, at *5 (6th Cir. 1999). Additionally, "If the moving party establishes that the non-moving party did not comply with its obligations under Rule 26, the burden shifts to the potentially sanctioned party to show that the violation of Rule 26 was justified or harmless." *Reynolds v. Addis*, No. 18-13669, 2019 WL 8106245, at *1 (E.D. Mich. Oct. 25, 2019).

**ARGUMENT**

**I.     The Court Should Strike Dr. Fincham's Report for Untimely Disclosure**

Plaintiff claims to offer Dr. Fincham's Report as a rebuttal to Ann Selzer's opinions regarding the 2021 Ohio BOP survey results. However, this Court should strike Dr. Fincham's Report under Fed. R. Civ. P. 37(c) because: (A) rebuttal reports are not permitted under this Court's Case Management Orders; (B) Plaintiff failed to disclose Dr. Fincham's Report Dr. under the 30-day rule in Fed. R. Civ. P. 26; (C) the Report is not truly a rebuttal report because Dr. Fincham

5

extensively opines about pharmacy practices and standards of care; and (D) the belated disclosure of the Report is harmful to Kroger and not substantially justified.

>     A. The Special Master's Case Management Orders Do Not Affirmatively Permit the Parties to File Expert Rebuttal Reports

The Court should strike Dr. Fincham's Report because, although the Plaintiff and Defendants met on multiple occasions and the Special Master issued numerous Case Management Orders, neither the parties nor the Court discussed the possibility of allowing the parties to disclose new experts by submitting expert rebuttal reports. If Plaintiff wished to file rebuttal reports, like Dr. Fincham's Report, they should have either explicitly requested to do so in the numerous meetings with Kroger and the other Defendants or sought leave with the Court. However, Plaintiff failed to take any action until filing Dr. Fincham's Report more than sixty days after the August 8, 2022 deadline for expert reports. *See* Dkt. 4631 at 2.

Courts have found that when there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of Rule 26.[3] *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (ruling the party's rebuttal was untimely because the CMO did not explicitly allow for rebuttal reports); *see also Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002) (finding the thirty-day disclosure deadline for expert rebuttals in Rule 26 only applies "in the absence of other directions from the court or stipulation by the parties."). In this case, there were three Case Management Orders discussing, in detail, discovery deadlines and the scope of discovery for expert testimony. Therefore, because there were Court Orders concerning expert discovery, Fed. R. Civ. P. 26(a)(2)(D)(ii), concerning the timing of expert rebuttal evidence absent

---

[3] The Court in *Akeva L.L.C.* cites the 2000 version of Fed. R. Civ. P. 26, which contains identical language concerning the timing of expert rebuttal reports in the absence of other directions from the court or stipulation by the parties. Fed. R. Civ. P. 26(a)(2)(C) (2000) (internal quotations omitted) ("if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party" disclosure of expert rebuttal must be "within 30 days after the disclosure made by the other party.").

a court order, should not apply and the Court should instead find, that expert rebuttal reports were not permitted in this case.

### B. Dr. Fincham's Expert Report Did Not Meet the Disclosure Requirements under the Default Rule in Fed. R. Civ. P. 26(a)(2)(D)(ii)

Even if this Court's Orders are disregarded, any reliance on the thirty-day disclosure deadline for expert rebuttal evidence from Fed. R. Civ. P. 26(a)(2)(D)(ii) fails. Plaintiff's disclosure of Dr. Fincham's report is untimely because Plaintiff disclosed the report more than thirty days after Kroger disclosed Ms. Selzer's report.

In this case, Kroger timely disclosed Ms. Selzer's Report on December 12, 2022. *See* Exhs. B and C. However, Plaintiff did not disclose Dr. Fincham's Report to Kroger until February 17, 2023, sixty-seven days after Kroger's disclosure and more than thirty days beyond what Rule 26 permits for expert rebuttal evidence. *See* Exh. A at 17. Therefore, even if the Court chooses to apply the default disclosure deadline for expert rebuttal evidence, Plaintiff's disclosure of Dr. Fincham's report was still untimely and should thus be excluded.

### C. Dr. Fincham's Report Seeks to Offer New Opinions Beyond Strictly Rebutting Ms. Selzer

Plaintiff also mischaracterizes Dr. Fincham's Report as a true expert rebuttal report because Dr. Fincham opines extensively on topics outside the limited scope of Ms. Selzer's report. Courts have found that rebuttal experts cannot exceed the scope of simply responding to the original expert's testimony and opinions. *Express Energy Servs. Operating, L.P. V. Hall Drilling, LLC*, 2015 WL 3743795 at *3 (E.D. Ohio 2015). Any opinions that exceed this limited scope are impermissible. *Id.* If this Report was a permissible, timely rebuttal opinion, then Dr. Fincham would be restricted to opining about Ms. Selzer's report, which analyzes the 2021 Ohio BOP survey results. However, Dr. Fincham offers several opinions that go beyond this limited scope of

7

simply rebutting Ms. Selzer's survey analysis and instead, delves deeply into pharmacy practices and pharmacy standards of care.

Under the guise of arguing that interpreting the 2021 BOP survey results fell outside of Ms. Selzer's assignment and expertise, Dr. Fincham inserts several opinions regarding pharmacy operations, dispensing obligations, and opioid abuse and diversion that are significantly outside the scope of survey result analysis. *Id*. at 13-16. For instance, Dr. Fincham states "It has long been known and appreciated in the practice of pharmacy that workloads can impact patient safety." Exh. A at 9. Dr. Fincham, later in his report states "questions concerning safe and effective patient care invoke for a pharmacist their obligations in dispensing controlled substances." *Id*. at 15. Other examples include a discussion of dispensing practices under the Controlled Substances Act and Dr. Fincham opining that pharmacists protect patients with exercising corresponding responsibility. *Id.* at 13 and 14.

Therefore, the Court should also grant Kroger's Motion to Strike Dr. Fincham's Expert Report on the grounds that it is not a true rebuttal report, but instead an untimely disclosed initial expert report, far outside Plaintiff's August 22, 2022 deadline to file expert reports. Dkt. 4631 at 2.

Alternatively, if this Court rules against striking Dr. Fincham's Report in its entirety and rules against Kroger on all other grounds articulated in this Motion, Kroger requests the Court strike all of Dr. Fincham's opinions that discuss pharmacy practices, pharmacy standards of care, or pharmacists dispensing obligations under the Controlled Substances Act.

> D. <u>The Belated Disclosure of Dr. Fincham's Report is Harmful to Kroger and Is Not Substantially Justified</u>

This Court should also find that Plaintiff's untimely disclosure of Dr. Fincham's Report harmful to Kroger and without justification. The Sixth Circuit indicated that the following factors

8

should be considered in determining whether a party's failure to make a timely Rule 26 disclosure was substantially justified or harmless under Rule 37(c)(1): "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron,* 801 F.3d 718, 748 (6th Cir. 2015). Although, under Fed. R. Civ. P. 37, Plaintiff carries the burden in this case to show that its failure to timely disclose Dr. Fincham's expert report was either substantially justified or harmless under the six *Howe* factors, it will be unable to do so under the first two factors alone. *Reynolds*, 2019 WL 8106245, at *1.

First, regarding "the degree of surprise" factor, Kroger was significantly surprised to learn that Plaintiff filed a rebuttal report when all of the Court's CMOs did not allow for rebuttal reports. (quoting *Davis as Next Friend of E.D. v. Bay Reg'l Med. Ctr.*, No. 17-CV-13611, 2021 WL 194193, at *4 (E.D. Mich. Jan. 20, 2021)). Second, Kroger does not have sufficient time to cure this surprise and untimely report. The Court, in its latest CMO, extended the deadline for Daubert and Dispositive motions until only February 8, 2023, which was eleven days before Plaintiffs disclosed Dr. Fincham's report, and the deadline for Plaintiff's Expert Depositions was November 21, 2022. Dkt. 4631 at 4. Therefore, it is not possible for Kroger to challenge the admissibility of Dr. Fincham's expert report based on his lack of qualifications (*see infra* Section II) or to depose Dr. Fincham regarding the opinions in his report within the boundaries of this Court's Case Management Order.[4]

---

[4] Along with the untimely disclosure of this report, Plaintiff offered three dates in March for Dr. Fincham's deposition.  First and foremost, Kroger seeks the exclusion of this report.  However, if this motion is denied, dates in March have been reserved for weeks and months for other Opioid Litigation depositions and deadlines, making it extremely difficult to prepare for and conduct a last-minute deposition.

9

Therefore, the Court should find that admitting Dr. Fincham's Report would be substantially harmful to Kroger and Plaintiff cannot offer a substantial justification for offering the Report when they were given multiple opportunities to request the admission of or deadlines for rebuttal reports, but failed to do so. The Court should exclude Dr. Fincham's Report under Fed. R. Civ. P. 37(c)(1).

## II. If the Court Does Not Grant this Motion, the Court Should Extend the Deadline for *Daubert* Motions

Further adding to the unfairness imposed on Kroger by the Plaintiff filing Dr. Fincham's expert report well after the deadlines set by the Court and under Fed. R. Civ. P. 26, Kroger may not file *Daubert* motions or depose Dr. Fincham under the deadlines in the Court's latest CMO. *See* Dkt. 4631 at 4 (November 21, 2022 deadline for Plaintiff expert depositions and February 8, 2023 deadline for filing *Daubert* motions). Courts recognize the fundamental unfairness to a party resulting from another party's improper disclosure finding that "without proper disclosures, a party may miss its opportunity to disqualify the expert…or hold depositions for an expert not required to provide a report." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

As a pharmacist with no formal training in conducting or interpreting survey results, Dr. Fincham is not qualified to opine about Ann Selzer's analysis of the 2021 Ohio BOP survey.  If Kroger's Motion to Strike is otherwise denied, Kroger requests the opportunity to file a *Daubert* motion regarding his qualifications. Kroger also requests the opportunity to depose Dr. Fincham and offer evidence to rebut the opinions in his Report. Therefore, in the event this Court denies Kroger's Motion to Strike Dr. Fincham's report under all the grounds articulate in Section I, Kroger requests this Court extend the deadline for filing *Daubert* motions and grant Kroger the opportunity to depose Dr. Fincham to a time agreed upon by Kroger, the Plaintiff, and the Court.

## **CONCLUSION**

For the reasons stated above, Kroger requests the Court grant Kroger's Motion to Strike Dr. Fincham's untimely expert report. Alternatively, if the Court denies Kroger's Motion, Kroger requests the Court grant an extension to file a *Daubert* motion challenging Dr. Fincham's qualifications and the opportunity to depose Dr. Fincham regarding the contents of his Report. Respectfully submitted,

                                        **The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II,**

                                        **By Counsel,**

*s/ Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
Ashley Hardesty Odell, Esq. (WVSB 9380)
Fazal A. Shere, Esq. (WVSB 5433)
**BOWLES RICE LLP**
600 Quarrier Street
Charleston, West Virginia  25301
304-347-1100
rharvey@bowlesrice.com
ahardestyodell@bowlesrice.com
fshere@bowlesrice.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 7, 2023, the foregoing document was filed with the Clerk of the Court by using the CM/ECF system, copies of which will be served on counsel of record by the Court's CM/ECF system.

*s/ Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)