UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>1:17-op-45093<br>1:18-op-45282<br>1:18-op-45579<br>1:18-op-46337<br>1:19-op-45293<br>1:19-op-45044<br>1:19-op-46310 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' EXECUTIVE COMMITTEE'S RESPONSE IN OPPOSITION TO PUBLIX SUPER MARKETS, INC.'S MOTION TO DISMISS UNSERVED OR UNTIMELY SERVED CASES**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………ii

INTRODUCTION……………………………………………………………………………….1

FACTUAL BACKGROUND……………………………………………………………………2

LEGAL STANDARD…………………………………………………………………………...6

ARGUMENT…………………………………………………………………………………….7

         A.       No Relief is Warranted as to Plaintiff Adams County, Wisconsin, Which Did Not Sue Publix………………………………………………...7

         B.       No Relief is Warranted as to Plaintiff Manatee County, Florida Because it Has Dismissed Publix……………………………………………..8

         C.       There is Good Cause to Extend the Time for Service for the Remaining Plaintiffs………………………………………………………….8

         D.       Even Absent Good Cause, the Court Should Exercise Its Discretion to Permit Service in the Remaining Cases Under the Circumstances Presented………………………………………………………………...10

CONCLUSION………………………………………………………………………………..11

# **TABLE OF AUTHORITIES**

**Cases**

*DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010)……………………..6

*In re Sheehan*, 253 F.3d 507 (9th Cir. 2001)……………………………………………….6

*Oglethorpe Power Corp. v. Forrister*, 711 S.E.2d 641 (Ga. 2011)……………………..10

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565
  (6th Cir. 2022)……………………………………………………………………..6-7

**Court Rules**

Fed. R. Civ. P. 4(m)…………………………………………………………………….1, 6

**INTRODUCTION**

The Plaintiffs' Executive Committee (PEC) hereby responds on behalf of Plaintiffs in interest in opposition to Defendant Publix Super Markets, Inc.'s Motion to Dismiss Unserved or Untimely Served Cases (Doc. 4922).[1] Dismissal of the cases identified in Publix's motion is not warranted for at least three reasons.

First, Publix is not even a party to one of these cases (*Adams County, Wisconsin*). It is nowhere named or even identified in Adams County's Long or Short Form Complaints. Since there is no claim by Adams County against Publix that even could be dismissed, the motion should be denied as to this case.

Second, the Plaintiff in another of these cases (*Manatee County, Florida*) has voluntarily dismissed its claims against Publix. In light of this voluntary dismissal, here again there is nothing for the Court to rule upon in this case.

Third, in the remaining cases (*Fayette County, Henry County, Peach County, City of Albany, and City of Rome, all of Georgia*), the Plaintiffs establish good cause under Fed. R. Civ. P. 4(m) for their otherwise untimely service. The Court should find good cause based upon these Plaintiffs' excusable neglect in failing to provide separate service of the short form complaints after filing them in MDL cases and/or their reasonable diligence in acting promptly to initiate and provide service either before or immediately after Publix's motion filing. Alternatively, even if the Court were to find that good cause has not been shown, exercise of the Court's discretion to permit later filing is warranted here based on the foregoing factors and the absence

---

[1] The PEC does not respond on behalf of Plaintiff City of Prichard, Alabama, Case No. 1:18-op-45690. Counsel for City of Prichard has informed the PEC that it will file its own response.

1

of prejudice to Publix of permitting completion of service rather than dismissal where there is no statute of limitations as to a continuing public nuisance in Georgia. For each and all of these reasons, Publix's motion to dismiss should be denied.

## FACTUAL BACKGROUND

### A.  Adams County, Wisconsin—Case Number 1:17-op-45093

Publix is not and never was a named defendant in this case. Plaintiff's counsel informed Publix of this fact months before it filed its motion. Nevertheless, Publix did not investigate this case beyond the face of the electronic docket, on which it was erroneously named by PACER, to examine the operative pleadings in the case, which did not and do not name Publix as a defendant. After Publix filed its motion, Plaintiff's counsel contacted the filing clerk and gave notice that Publix is not a defendant in the case. The error was quickly resolved and Publix is no longer listed as a defendant on the docket for this case, No. 1:17-op-45093, consistent with the fact that it was never named as a defendant in a filed Complaint.

### B.  City of Rome, Georgia, *et al.*—Case Number 1:18-op-45282

Upon receiving Publix's motion to dismiss, Plaintiffs filed a Praecipe for Issuance of Summons on February 28, 2023. Case No. 1:18-op-45282, Doc. 65. The Summons was issued the next day. *Id.*, Doc. 66. Plaintiffs served and Publix accepted service of their Complaint the same day, March 1, 2023. *Id.*, Doc. 67 (Proof of Service).

### C.  Peach County, Georgia—Case Number 1:18-op-45579

Plaintiff's counsel have informed the PEC that in January 2019, when the Court issued its Order (Doc. 1282) authorizing the use of a short form complaint to

2

add or remove defendants based on a review of the ARCOS data, they understood this to mean that filing a short form complaint would be the equivalent of serving the defendants in MDL 2804. Upon receiving notice to the contrary through Publix's motion filing, Plaintiff's counsel acted to correct this issue by filing a Praecipe for Issuance of Summons on March 10, 2023. No. 1:18-op-45579, Doc. 9.

### D.   City of Albany, Georgia—Case Number 1:18-op-46337

The City of Albany, Georgia ("Albany") filed its initial complaint on November 20, 2018, in the United States District Court for the Middle District of Georgia, Albany Division. No. 1:18-op-46337, Doc. 1. This case was transferred to the MDL on December 17, 2018. *Id.*, Doc. 4. On March 15, 2019, Albany amended its complaint adding Publix, among other Defendants, to its short form complaint. *Id.*, Doc. 5. At this time, Albany's counsel amended the complaints for approximately 568 clients, adding over 4000 Defendants to those cases. Albany's counsel represents 36 public entities that have named Publix. The rest of these short form complaints were served, but service was inadvertently overlooked in the Albany case as to Publix.

Albany's counsel had a process for ensuring service of its amended short form complaints, a process that was followed in the vast majority of its cases. However, an oversight occurred here. Albany's counsel cannot find any documentation that its staff sent a Waiver of Service to Publix's counsel or otherwise served Publix.

Publix raised the issue of lack of service just prior to mediation on January 6, 2023. Counsel searched its files for a record of the Waiver of Service but was unable to locate it and determined that an error had occurred. On February 8, 2023, Albany

3

filed a Praecipe for issuance of original summons for Publix. *Id.*, Doc. 17. The summons was issued on February 15, 2023. *Id.*, Doc. 18. Service was accomplished on March 6, 2023. *Id.*, Doc. 21. Albany respectfully requests that the Court exercise its discretion and determine that this was excusable neglect in obtaining service.

### E.    Fayette County, Georgia—Case Number 1:19-op-45293

Plaintiff's counsel have informed the PEC that they represent, in addition to Plaintiff Fayette County, 71 other Georgia counties, six Georgia cities, three Georgia hospital authorities, and one Georgia sheriff with cases in the MDL. Publix was added as a defendant in four of counsel's 82 Georgia cases, including Fayette County's. Publix waived service in the three other cases—(1) Oconee County, No. 1:18-op-45219; (2) Cherokee County, No. 1:19-op-45174; and (3) Greene County, No. 1:19-op-45203.

Not requesting a waiver of service in the Fayette County case was an oversight. Once counsel became aware of the issue, they immediately took steps to serve Publix, filing a Praecipe for Issuance of Summons on February 28, 2023, No. 1:19-op-45293, Doc. 17, which Summons was issued on March 1, 2023, *id.*, Doc. 18, and served with Complaint and Short Form Complaint on March 3, 2023, *id.*, Doc. 19.

### F.    Manatee County, Florida—Case Number 1:19-op-45044

Upon receiving Publix's motion, Plaintiff Manatee County moved jointly with Publix to dismiss it from this action on March 6, 2023. No. 1:19-op-45044, Doc. 18.

4

### G.     Henry County, Georgia—Case Number 1:18-op-46310

On July 12, 2018, Henry County, Georgia filed a Complaint against Purdue Pharma, L.P. and others in the State Court of Henry County, Georgia. That case was removed on August 15, 2018 to the U.S. District Court for the Northern District of Georgia, Atlanta Division. On September 13, 2018, Plaintiff moved to remand the case to state court. No. 1:18-op-46310, Doc. 16. On December 10, 2018, the JPML ordered the case transferred to this MDL.

On March 18, 2019, Plaintiff filed its Amended Short Form Complaint, which added Publix as a Defendant. *Id.*, Doc. 24. Upon a review of counsel's electronic files, counsel has been unable to locate proof of service. It appears that on June 11, 2019, counsel filed a Notice of Filing of Form Request for Waiver of Service for Publix and other forms, MDL Doc. 1671, 1671-1, 1671-2. However, due to a law office failure, it appears that service was not obtained on Publix.

Plaintiff's counsel has been active in this case. As discussed above, Plaintiff's counsel filed a Motion to Remand and served a Plaintiff Fact Sheet. On January 5, 2023, counsel first became aware that Publix was alleging that it had not been served. Counsel immediately searched its electronic files to locate proof of service, but was unable to locate it. Before Publix filed its motion, counsel effectuated service on Publix on February 20, 2023 at 4:40pm eastern standard time. *See* No. 1:18-op-46310, Doc. 33 at 1 (affirming service on registered agent).

## **LEGAL STANDARD**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Under Rule 4(m), "[h]ow a district court should respond to a motion to enlarge the time for service of process depends on the circumstances. If a plaintiff shows good cause for the failure to timely serve process, the court must extend the time for service." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Good cause is shown where there has been excusable neglect and/or reasonable diligence by the plaintiffs. *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001); *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

"[A]bsent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe." *Oakland Physicians*, 44 F.4th at 568. In *Oakland Physicians*, the Sixth Circuit held that a district court should consider the following factors in deciding whether to grant a discretionary extension of time absent a finding of good cause:

- (1) whether an extension of time would be well beyond the timely service of process;

- (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

- (3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

## ARGUMENT

### A.  No Relief is Warranted as to Plaintiff Adams County, Wisconsin, Which Did Not Sue Publix.

The first-listed case in Publix's motion is that brought by Plaintiff Adams County, Wisconsin. Publix contends that, "Plaintiff amended its Complaint to add Publix as a defendant by way of a short form complaint." Motion at 1. This is incorrect. Plaintiff Adams County's Short Form Complaint nowhere names or even mentions Publix. *See* No. 1:17-op-45093, Doc. 9 (Short Form Complaint). The reason Publix has not been served with an Adams County Complaint against it is that none has ever existed. Despite Adams County's attempts to make clear to Publix that it was not being sued in this case, Publix has persisted in claiming to the contrary. Its motion should be denied as to Adams County because there is nothing to dismiss.

7

## B. No Relief is Warranted as to Plaintiff Manatee County, Florida Because it Has Dismissed Publix.

Relief also is not warranted as to Plaintiff Manatee County, Florida. Manatee County and Publix have filed a Joint Stipulation of Dismissal with prejudice pursuant to Fed. R. Civ. P. 41. *See* No. 1:19-op-45044, Doc. 18. There is therefore no remaining action by Manatee County against Publix to be dismissed.

## C. There is Good Cause to Extend the Time for Service in the Remaining Cases.

The remaining Plaintiffs—*Fayette County, Henry County, Peach County, City of Albany, and City of Rome, all of Georgia*—all demonstrate excusable neglect and/or reasonable diligence.

As to excusable neglect, four of these Plaintiffs—*Fayette County, Henry County, City of Albany, and City of Rome*—identify internal processes and/or external communications with Publix leading them to believe service had been accomplished or waived. *See* Statement of Facts, *supra*.

The fifth Plaintiff—Peach County—mistakenly understood the Court's Order approving Short Form Complaint filings to "streamline the amendment process, reduce the burden on the parties and the Court, and increase judicial efficiency[,]" Opinion and Order (Doc. 1282) at 3, to mean that filing would constitute service on new case defendants that were already MDL parties. Statement of Facts, *supra*.[2]

---

[2] The Court, in fact, specified that objections to service were not being waived. *Id.* at 5-6.

8

As to reasonable diligence, all of these Plaintiffs acted promptly to correct this deficiency by completing (or, in the case of Peach County, initiating) service when Publix raised this issue either before or upon its motion filing:

- Plaintiff Henry County completed service upon Publix on February 20, 2023, over a week before Publix filed its motion; No. No. 1:18-op-46310, Doc. 33 at 1 (affirming Feb. 20, 2023 service on registered agent);

- Plaintiff City of Albany initiated the service process on February 8, 2023, almost three weeks before Publix filed its motion, by filing a Praecipe for issuance of summons, No. 1:18-op-46337, Doc. 17, and completed service thereafter on March 6, 2023, *id.*, Doc. 21;

- Plaintiff City of Rome initiated the service process on February 28, 2023, the day Publix filed its motion, by filing a Praecipe for issuance of summons, Case No. 1:18-op-45282, Doc. 65, and completed service the next day, March 1, 2023; *id.*, Doc. 67;

- Plaintiff Fayette County likewise initiated the service process on February 28, 2023, the day Publix filed its motion, by filing a Praecipe for issuance of summons, No. 1:19-op-45293, Doc. 17, and completed service three days later on March 3, 2023; *id.*, Doc. 19.

The fifth Plaintiff, Peach County, filed a Praecipe for Issuance of Summons on March 10, 2023. No. 1:18-op-45579, Doc. 9.

Under these circumstances where Plaintiffs reasonably believed service was accomplished or waived with filing and then, upon learning otherwise, acted diligently to effectuate (or, in the case of Peach County, initiate) service immediately, good cause is shown to extend the deadline for service through March 20, 2023, 20 days past Publix's motion.

9

### D. Even Absent Good Cause, the Court Should Exercise Its Discretion to Permit Service in the Remaining Cases Under the Circumstances Presented.

Finally, even if the foregoing did not rise to the level of good cause (which it does), the Court still should exercise its discretion under Rule 4(m) to order that service be completed within a specified time. Several of the *Oakland Physicians* factors recognized by the Sixth Circuit—lack of prejudice to Publix; Publix's actual notice of the lawsuits; and Plaintiffs' diligence in correcting deficiencies—favor permitting service in the existing cases to be completed.

First, Publix faces no prejudice if the Court permits Plaintiffs to complete service without dismissal. Plaintiffs will be able to proceed on their claims in either event because Rule 4(m) directs dismissal without prejudice and the statute of limitations will not have run on their claims alleging an as-yet unabated public nuisance under Georgia law. *See, e.g., Oglethorpe Power Corp. v. Forrister*, 711 S.E.2d 641, 643 (Ga. 2011) ("[A] nuisance is not considered permanent if it is one which can and should be abated. In this situation, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie, and the statute of limitation will begin to run at the time of each continuance of the harm.").

Second, there is no question that Publix has had actual notice of these Plaintiffs' actions in the MDL against it. All Plaintiffs filed Short Form Amended Complaints in MDL cases naming Publix as a Defendant in early 2019. *See* No. 1:18-op-45282 (*City of Rome*), Doc. 24; No. 1:18-op-45579 (*Peach County*), Doc. 2; No. 1:18-op-46310 (*Henry County*), Doc. 24; No. 1:18-op-46337 (*City of Albany*), Doc. 5; No.

10

1:19-op-45293 (*Fayette County*), Doc. 2. Based on these MDL case filings, Publix was able to identify each Plaintiff and its case in its motion to dismiss.

Third, and finally, as set forth herein, Argument § C, *supra*, these Plaintiffs have been diligent in effectuating (or, in the case of Peach County, initiating) service on Publix either before or else immediately after its motion filing.

For each and all of these reasons, the Court should exercise its discretion to permit the remaining Plaintiffs in the Georgia cases to complete service to the extent any of them have not already done so and should deny Publix's motion to dismiss.

## CONCLUSION

For all of the reasons set forth, Publix's Motion to Dismiss Unserved or Untimely Serviced Cases should be denied.

Dated:	March 13, 2023

Respectfully submitted,

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
pweinberger@spanglaw.com

*MDL Plaintiffs' Liaison Counsel*

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

11

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR 00907
(304) 654-8281
paul@farrellfuller.com

*MDL Plaintiffs' Co-Lead Counsel*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2023, I electronically filed the foregoing with the Clerk of the Court and served on counsel of record using the CM/ECF system.

By: */s/ Peter H. Weinberger*
Peter H. Weinberger