UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*Track Three Cases* | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**Plaintiffs Lake and Trumbull Counties' Motion for Order Seeking Defendants CVS, Walgreens, and Walmart's Compliance with the Court's Injunctive Order Nunc Pro Tunc; Plaintiffs' Motion to Permit Disclosure of Defendants' Documents with Members of the Plaintiffs' Executive Committee**

Plaintiffs Lake and Trumbull Counties move the Court for an order requiring the defendants CVS, Walgreens, and Walmart to comply with the Court's Injunctive Order (Doc #4893). Defendants have refused to provide plaintiffs with written policy documents that demonstrate that they are in compliance with that order.

Section I (C) of the Order requires each defendant to implement or maintain a Controlled Substance Compliance Program ("CSCP"). It further requires that the CSCP must include written standard operating procedures and/or corporate policies required by the order. It provides that the CSCP shall apply during the term of the Order, to wit, 15 years. Finally, it requires that each defendant must provide a copy of the relevant CSCP Policies and procedures to the plaintiffs and to the Court.

On February 20, 2023, each of the defendants provided the Court and Frank Gallucci, as counsel for the plaintiffs, a copy of their purported CSCP policies. In each of their transmittal emails, the defendants requested that the policies be maintained as confidential.

With regard to CVS's policies, plaintiffs requested that CVS produce its written policy that requires that that documentation of red flag resolution and/or refusals to fill is accessible by pharmacists in the CVS electronic record system for 15 years, as required by the Injunctive Order.  CVS's response was "Under the company's operating procedures, depending on the particular notes field, some notes are not archived, some may be archived after 5 years, and some may be archived after two years."  This response demonstrates non-compliance with the Injunctive Order.  Plaintiffs request that the Court order compliance in the form of a written policy that directs and confirms that this documentation must be accessible by its pharmacists for 15 years.

With regard to Walgreens' policies on the same issue, Walgreens confirmed that no written policy exists that pharmacist documentation of red flag resolution or refusals to fill must be maintained for the duration of the order, but it represented that is how "the computer system works."  Plaintiffs request that the Court order compliance in the form of a written policy that directs and confirms that this documentation must be accessible by its pharmacists for 15 years.

Walmart's written policy complies with this requirement.  The policy it produced states as follows:

> The pharmacist must document the resolution of all Red Flags and Refusals-to-Fill identified by the pharmacist. Pharmacists must provide clear description(s) of the Red Flag(s) identified and either (a) how the Red Flag was resolved before the medication was dispensed, or (b) the reasons why the pharmacist refused to dispense the medication. This documentation will provide sufficient details in order that any subsequent reviewer will have a clear understanding of how each Red Flag was resolved for any review or inquiry for auditing or regulatory purposes. Documentation will also be available and easily accessible to all Walmart pharmacists and maintained for the duration of the Order.

The policies which Walmart produced reference several of its Pharmacy Operation Manuals (POMs). The policies state:

> This Prescription Validation Process is set forth in POMs 203, 1311, 1316, 1317, 1318, 1319, 1323, and 1703, which discuss, among other things, the identification of Red Flags and the documentation of Red Flag resolutions and Refusals-to-Fill.

Plaintiffs requested that Walmart produce those POMs since they are clearly policies that are part of the CSCP. Walmart has refused. Plaintiffs request an order requiring production of those POMs.

Finally, plaintiffs request that they be permitted to share the documents produced by defendants in accordance with the Injunctive Order to members of the Plaintiffs' Executive Committee who have executed the standard protective orders under the applicable CMOs issued by the Court regarding documents designated as confidential by a party. Defendants have refused to permit the dissemination of these documents in this fashion.

Date: March 13, 2023

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC
29464 (843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304)654-8281
paul@farrellfuller.com
*Plaintiffs' Co-Lead Counsel*

W. Mark Lanier
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N., Ste 100
Houston, TX  77064
(713) 659-5200
(713) 659-2204 (Fax)
wml@lanierlawfirm.com
*Trial Counsel*

*/s/Peter H. Weinberger*
 Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com
*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
fgallucci@pglawyer.com

Hunter J. Shkolnik
Salvatore C. Badala
NAPOLI SHKOLNIK
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(347) 379-1688
hunter@napolilaw.com
sbadala@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger