UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track Seven* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**KROGER DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR CASE MANAGEMENT ORDER
REGARDING PREVIOUSLY DECIDED ISSUES**

Defendants The Kroger Co., Kroger Limited Partnership I, and Kroger Limited Partnership II (hereafter collectively referred to as "Kroger"), by and through counsel, hereby submit their response in opposition to Plaintiff's Motion for Case Management Order Regarding Previously Decided Issues (the "Motion") [Doc. # 109 / Doc. # 4930].  Kroger objects to the relief sought in Plaintiff's Motion as it will unnecessarily burden the parties and this Court.

**I.  The relief sought by Plaintiff is unnecessary.**

This Court has ruled prior that parties should not file motions addressing matters already addressed by the Court unless the parties "can show that the particular circumstances of an individual case warrant revision." *See, e.g.,* MDL ECF No. 3058 (addressing certain evidentiary motions and prior rulings).  The parties in Track 7 have proceeded in line with the Court's position on this matter.

The parties are in the midst of briefing *Daubert* and dispositive motions.  Said motions were filed on February 8, 2023, and replies in support of said motions are due March 23, 2023. MDL ECF No. 4631.  Based on the Court's position, Kroger did not file any dispositive motions, and only filed a motion to preserve prior *Daubert* rulings and objections thereto [MDL ECF No.

1

4883], and a motion to exclude certain of Plaintiff's expert opinions that violate this Court's prior rulings [MDL ECF No. 4889]. Given that the parties are already following this Court's directive, the relief sought in Plaintiff's Motion is wholly unnecessary.

> **II. The relief sought by Plaintiff imposes an unnecessary and undue burden, and is unworkable.**

Plaintiff seeks an order directing the parties to submit, by April 3, 2023, a memorandum to the Court identifying every order and ruling by Judge Dan Aaron Polster or by Special Master David R. Cohen, that the party contends should not apply in this case and demonstrating good cause why such order should not apply. As stressed above, such a ruling is unnecessary given the parties' conduct thus far in Track 7. Furthermore, the relief sought is unduly burdensome given the short timeframe and the fact that there are hundreds of prior orders in this case. Without purpose, the relief sought serves only to ensure future dispute.

Of course, the parties can only present cause as to why prior orders should not apply in Track 7 if cause exists at the time of filing the memorandum on April 3, 2023. Motions in limine have not yet been briefed, and pre-trial disclosures of witnesses, exhibits, etc., have not yet occurred. Differing treatment may be warranted following pre-trial disclosures, which will result in the parties filing motions and opposing parties arguing that any such relief was waived by failing to file a memorandum by April 3, 2023. There is simply no need to force this burdensome process when various issues may be addressed later as trial evidence is disclosed.

> **III. A more practical approach is to direct the parties to continue to meet and confer, and to issue a suggestion of remand after the pending *Daubert* and dispositive motions are resolved.**

Because the relief sought by Plaintiff is unnecessary, burdensome, and unlikely to dispose of all remaining evidentiary issues, the Court should simply direct the parties to meet and confer on remaining evidentiary issues as to whether any why prior rulings apply. This approach

2

preserves and respects the parties' and the Court's time. Furthermore, recognizing that pre-trial disclosures will provide further insight as to whether the Court's prior rulings should apply, Kroger requests that the Court issue a suggestion of remand after the pending *Daubert* and dispositive motions are resolved.

Kroger respectfully asserts that a suggestion of remand coupled with a direction to meet and confer as to the applicability of prior rulings is more prudent than the relief sought by Plaintiff. However, if the relief sought by Plaintiff is granted, Kroger asserts that the parties should be directed to identify, in addition to those from which disparate treatment is sought, (1) all prior rulings of the Court which the parties ask to apply to Track 7, and (2) all prior rulings to which the parties object and all objections the parties seek to preserve for appeal.

## CONCLUSION

For these and other reasons apparent to the Court, Plaintiff's Motion for Case Management Order Regarding Previously Decided Issues should be denied, and the Court should issue a suggestion of remand after the pending *Daubert* and dispositive motions are resolved

Dated: March 13, 2023

    Respectfully submitted,

    **The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II,**

    **By counsel,**

*/s/ Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
Ashley Hardesty Odell, Esq. (WVSB 9380)
Fazal A. Shere, Esq. (WVSB 5433)
**BOWLES RICE LLP**
600 Quarrier Street
Charleston, West Virginia 25301
304-347-1100
rharvey@bowlesrice.com
ahardestyodell@bowlesrice.com
fshere@bowlesrice.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 13, 2023, the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notice to all counsel of record. Copies of this document may be obtained through the CM/ECF system.

*/s/ Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)

15555347.1

5