UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804 |
| *The Montgomery County Board of County Commissioners et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-op-46326-DAP ("Track Seven") | Judge Dan Aaron Polster |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CASE MANAGEMENT ORDER REGARDING PREVIOUSLY DECIDED ISSUES**

Defendant Kroger opposes Plaintiff's Motion for Case Management Order (CMO) Regarding Previously Decided Issues, claiming such a procedure is unnecessary, burdensome, and unworkable, and suggests that instead the Court should remand the case and direct the parties to *then* meet and confer on which prior rulings should apply to this case. Kroger Opp., MDL ECF No. 4953, at 3. Kroger misses, or rather steers clear of, the point. Plaintiff requests the entry of this CMO to ensure that the question of which of this Court's prior rulings applies in *this* bellwether case is addressed *prior to remand* and by this Court. As stated in Plaintiff's motion, this procedure serves the dual MDL purposes of efficiency and fairness. To the extent Kroger wishes to challenge the applicability, in this case, of this Court's prior MDL rulings, it should do so here and now, *before* the case is remanded.

2766186.4

Kroger argues this procedure is not necessary because, by not filing any dispositive motions, it has heeded the Court's instruction not to address matters previously decided unless the parties "'can show that the particular circumstances of an individual case warrant revision.'" *Id.* at 1 (quoting MDL ECF No. 3058). In effect, it says "You can trust us not to re-litigate all of the prior orders." But Kroger's decision not to raise decided issues by dispositive motion is equally consistent with an intention to seek a new audience for old arguments by raising these issues instead with the remand court. Its opposition to this motion suggests that that is the procedure it intends to follow.[1] Nor, in any event, should the applicability of this Court's prior rulings turn on Kroger's present intentions. In the absence of either a stipulation or an order, Kroger remains free to put to the remand court every single issue previously decided in this MDL that has not been specifically incorporated in this case. While the remand judge will no doubt be a capable and fair jurist, he or she will not have 5-plus years of context for the arguments put forth in this MDL. Nor is the relitigation of issues in the remand court consistent with

---

[1] Indeed, while Kroger asserts that it has heeded the Court's admonition not to file duplicative briefing, Kroger Opp., MDL ECF No. *4953* at 1-2, it *has* filed an opposition to Plaintiff's Motion for Partial Summary Judgement on Defendants' Duties under the Controlled Substances Act (MDL ECF No. 4881). That opposition presents new arguments and asserts that this Court's prior CSA ruling does not govern Kroger's duties in CT7. *See* Kroger CSA Opp., MDL ECF No. 4948 throughout but see in particular 2, 5, and 9. Had Plaintiff not filed this affirmative motion (which was done in an abundance of caution while negotiations on this subject were ongoing with Kroger), it seems Kroger intended to raise new arguments on this crucial issue to the litigation at some later point after remand, burdening the remand court with one of the most basic, and already decided questions, of the litigation. Kroger's action on that motion demonstrates precisely why the procedure Plaintiff seeks is needed.

2

the goals of the MDL; on the contrary, it would defeat the purpose of having these issues decided in the MDL in the first place.  Plaintiff's motion and this Show Cause procedure thus are necessary because Kroger has refused to stipulate to a procedure that would enable this Court to address, prior to remand, any party's arguments regarding the applicability of this Court's previous rulings, and because no other order of this Court provides for a procedure, before remand, for either side to demonstrate why a particular order should not apply.

Kroger contends Plaintiff's solution is burdensome while simultaneously arguing that, because it has already elected to forgo challenging any of the Court's prior summary judgment and *Daubert* rulings, the number of orders at issue is limited.  But this cannot be right.  *Either* Kroger does not intend to question the applicability of multiple orders or raise many issues, in which case the CMO will not be burdensome.  *Or* Kroger *does* intend to challenge multiple orders or issues, particularly those relating to the parties' prior motions *in limine* (MILs), in which case it is all the more important that *this* Court be the one to hear those arguments now since the burden will only be greater on the remand Court.[2]  In either event, this argument militates in favor of entering the CMO.

---

[2] Plaintiff notes that in CT1, this Court ruled from the bench in advance of trial on the many MILs brought by the parties.  It followed with a detailed written order memorializing its rulings and setting forth its reasoning *after* the parties to the CT1 trial had reached a settlement and it was clear there would be no trial.  *See* MDL ECF No. 3058 (Jan. 3, 2020).  Although the evidentiary rulings contained in that order have not been formally incorporated in this particular case, clearly the purpose of that written order was precisely to provide rulings that would apply in other cases, so that neither this Court, nor any of the transferor courts, would have to address these multiple issues again.  Indeed, the Court said as much in its introduction, noting that the rulings would apply not only in future cases tried in the MDL Court, but also "as a general matter," to

3

Kroger also contends that the Show Cause procedure proposed by Plaintiff is unworkable.  However, a similar procedure has, in fact, been deemed workable by prior courts, including as noted most recently by the Third Circuit in *Home Depot USA Inc. v. Lafarge N. Am. Inc.*, 59 F.4th 55, 65–66 & n.6 (3d Cir. 2023) (Scirica, C.J.).  Kroger's protest regarding the workability here thus rings hollow, particularly given that it made no alternative suggestion in its opposition.  Kroger's complaint about the number of orders potentially at issue also rings hollow: at *some* point, it will need to decide which of these orders it intends to challenge.  It should do so now while the issues can be decided by this Court.[3]

Finally, Kroger suggests that it cannot decide which orders might be applicable until after it receives the pretrial disclosures and after *MILs* are briefed.  *See* Kroger Opp at 2.  The latter assertion is especially alarming, given that, as discussed above, this Court's rulings on MILs are prominent among this Court's prior rulings that should presumptively apply in this case.  Moreover, with regard to pretrial disclosures, Plaintiff notes that, in CT1 and CT3, briefing on MILs was complete long before the parties had culled their exhibit and witness lists, making it unlikely that such pretrial disclosures had

---

"remanded cases tried by transferor courts."  *Id.* at 1; *see also* this Court's Track 1b Evidentiary Order dated Nov. 3, 2020, ECF MDL No. 3546 at 1, and its Track Three Evidentiary Orders, dated September 23, 2021 and October 1, 2021 respectively, MDL ECF Nos. 3967 and 3988 at 1.  Kroger's suggestion that it can wait until *after* remand to raise any challenges it has to these rulings would thus defeat the entire purpose for which this Court issued its extensive prior orders.

[3] If Kroger believed it needed time beyond the April 3, 2023, deadline proposed by Plaintiff, it should have proposed an alternative date that would still allow for timely consideration of the issues and a prompt remand.

any impact on what MILs the parties chose to bring. Indeed, in CT3, the MILs were filed before summary judgment briefing was completed. MDL ECF No. 3735 (May 19, 2021). There is no reason to believe that in this case, the final pretrial disclosures in the remand court will provide Kroger with any greater information about whether it has a basis to challenge the Court's prior MIL or other rulings relevant to trial than the litigants had in the prior case tracks. And even if that were the case, that would presumably present a *new* circumstance warranting departure that would allow Kroger to seek a new ruling tailored to a particular new development in this case. The possibility that this might occur provides no basis to reject a procedure for ensuring that challenges based on circumstances known now are brought before this Court prior to remand.

Finally, while Plaintiff is always prepared to meet and confer and seek resolution of disputes, this motion was necessitated precisely because the parties' extensive negotiation process on these issues (initiated by Plaintiff) was fruitless. Kroger's suggestion that a new meet and confer process can substitute for the procedure Plaintiff seeks by this motion should be rejected as unrealistic.

## CONCLUSION

For the reasons stated, the Court should grant Plaintiff's motion and order that this Court's rulings will apply to Track 7 unless a party shows cause why they should not apply.

Dated: March 16, 2023

Respectfully submitted,

/s/ *Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com
*Plaintiffs' Liaison Counsel*

Linda Singer
Elizabeth Smith
MOTLEY RICE LLC
401 9th Street NW
Suite 630
Washington, DC 20004
(202) 386-9626
lsinger@motleyrice.com
esmith@motleyrice.com
*Attorneys for Plaintiff Montgomery County*

Michael Elsner
Lisa Saltzburg
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9000
melsner@motleyrice.com
lsaltzburg@motleyrice.com
*Attorneys for Plaintiff Montgomery County*

Mathias H. Heck, Jr.
MONTGOMERY COUNTY
PROSECUTING ATTORNEY
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422
Telephone: (937) 225-5599
Fax Number: (937) 225-4822
E-mail: heckm@mcohio.org
*Attorney for Plaintiff Montgomery County*

2766186.4

                                                  Ward C. Barrentine
                                                  Chief Assistant Prosecuting Attorney –
                                                  Civil Division
                                                  MONTGOMERY COUNTY
                                                  PROSECUTOR'S OFFICE
                                                  301 West Third Street
                                                  4th Floor, Suite 461
                                                  Dayton, Ohio 45422
                                                  Telephone: (937) 496-7797
                                                  E-mail: BarrentinW@mcohio.org
                                                  *Attorney for Plaintiff Montgomery County*

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and may be obtained by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                                  */s/Peter H. Weinberger*
                                                  Peter H. Weinberger

2766186.4