UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>1:18-op-45282<br>1:18-op-45579<br>1:18-op-45690<br>1:18-op-46337<br>1:19-op-45293<br>1:18-op-46310 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PUBLIX SUPER MARKETS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNSERVED OR UNTIMELY SERVED CASES**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL ARGUMENT ........................................................................................................ 2

    A. Plaintiffs Failed To Serve Publix Within the Time Set Forth In the Federal Rules of Civil Procedure and Have Not Established Good Cause To Excuse Their Failure ................................................................................................................ 2

    B. The Court Should Not Exercise Its Discretion To Extend Plaintiffs' Deadline to Serve Publix. ................................................................................................ 6

III. CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amen v. City of Dearborn*,
 532 F.2d 554 (6th Cir. 1976) ...................................................................................................2

*Campbell v. McMinn Cnty., Tenn.*,
 No. 1:10-CV-278, 2011 WL 5921431 (E.D. Tenn. Nov. 28, 2011) .........................................5

*DeVillez v. Dolgen Corp, LLC*,
 No. 3:22-CV-00557, 2023 WL 322445 (M.D. Tenn. Jan. 19, 2023), *report
 and recommendation adopted sub nom. Devillez v. Dolgen Corp., LLC*, No.
 3:22-CV-00557, 2023 WL 2059629 (M.D. Tenn. Feb. 16, 2023)............................................2

*Friedman v. Est. of Presser*,
 929 F.2d 1151 (6th Cir. 1991) ..................................................................................................2

*In re: Gen. Motors LLC*,
 No. 14-MC-2543 (JMF), 2016 WL 2766654 (S.D.N.Y. May 12, 2016)................................10

*Habib v. Gen. Motors Corp.*,
 15 F.3d 72 (6th Cir. 1994) ........................................................................................................3

*Humphrey v. U.S. Att'y Gen.'s Office*,
 279 F. App'x 328, 331 (6th Cir. 2008) .....................................................................................2

*LSJ Inv. Co. v. O.L.D., Inc.*,
 167 F.3d 320 (6th Cir. 1999) ....................................................................................................8

*Maley v. Octapharma Plasma, Inc.*,
 No. 12-13892, 2013 WL 3814248 (E.D. Mich. July 22, 2013) ................................................1

*Massey v. Hess*,
 No. 1:05-CV-249, 2006 WL 2370205 (E.D. Tenn. Aug. 14, 2006) .........................................5

*McMurtry v. Obaisi*,
 No. 18-CV-2176, 2020 WL 3843566 (N.D. Ill. July 8, 2020).................................................11

*Montcastle v. Am. Health Sys., Inc.*,
 702 F. Supp. 1369 (E.D. Tenn. 1988).......................................................................................6

*Savoie v. City of E. Lansing, Michigan*,
 No. 21-2684, 2022 WL 3643339 (6th Cir. Aug. 24, 2022) ......................................................3

*Scarton v. Charles*,
 115 F.R.D. 567 (E.D. Mich. 1987) ...........................................................................................6

*United States v. Oakland Physicians Med. Ctr., LLC*,
    44 F.4th 565 (6th Cir. 2022) ..................................................................................................3

*Vendeven v. Wyndham Vacation Reorts, Inc.*,
    No. 2:20-cv-00056, 2021 WL 5567033 (M.D. Tenn. Nov. 29, 2021) ......................................3

**Other Authorities**

Bankruptcy Rule 9006(b) ...............................................................................................................4

Fed. R. Civ. P. 4(m) ....................................................................................................................2, 3

The response to Publix's motion to dismiss demonstrates there is no good cause for Plaintiffs' failure to timely serve Publix and that the Court should dismiss the cases discussed herein.

I. **INTRODUCTION**

Publix filed its Motion to Dismiss with respect to eight Complaints for which it had never been served. MDL ECF No. 4912. In response to its Motion, one Plaintiff (Manatee County, Florida—Case No. 1:19-op-45044) dismissed its claims against Publix. ECF No. 18. Another Plaintiff (Adams County, Wisconsin—Case No. 1:17-op-45093) clarified that it never intended to name Publix as a defendant, despite Publix's identification as a defendant on the Court's docket, and further despite Plaintiff's silence in response to Publix's communications about that specific case.[1] *See* MDL ECF No. 4951.

As a result, six Complaints remain at issue in Publix's Motion to Dismiss:

- City of Rome, Georgia, *et al.* (Case No. 1:18-op-45282)
- Peach County, Georgia (Case No. 1:18-op-45579)
- City of Albany, Georgia (Case No. 1:18-op-46337)
- Fayette County, Georgia (Case No. 1:19-op-45293)
- Henry County, Georgia (Case No. 1:18-op-46310); and
- City of Prichard Alabama (Case No. 1:18-op-45690.[2]

---

[1] In discussions with Plaintiffs' counsel, counsel for Publix raised the *Adams County* case in early January 2023. Plaintiffs' response brief on March 13, 2023 is the *first* time Plaintiff admitted the listing of Publix as a party was a mistake and that Plaintiff did *not* in fact intend to pursue a claim against Publix in that jurisdiction.

[2] City of Prichard, Alabama did not join the PEC's Response to Publix's motion and may file a separate response to which Publix reserves a reply. If the City of Prichard fails to file a response to Publix's motion, the Court should dismiss, as they will not have even attempted to establish good cause for their failure of timely service and have been deemed to have waived opposition to the motion. *See Maley v. Octapharma Plasma, Inc.*, No. 12-13892, 2013 WL 3814248, at *3 (E.D.

1

These Plaintiffs concede that they failed to timely serve Publix with their Complaints. Plaintiffs further do not dispute that they never even attempted to serve Publix until the last month. Instead, Plaintiffs suggest failure should be excused because they somehow exercised "reasonable diligence" by serving Publix—not when they originally filed their Complaints—but instead *years* thereafter, and only then after Publix raised the issue of lack of service in the context of reconciling case lists with Plaintiffs' Liaison counsel in the course of mediation. They offer no facts or allegations supporting any inference that they attempted to serve Publix *at all* within the original time provided for service, let alone a fact or allegation supporting the view a reasonable, diligent effort was made during that time. Plaintiffs suggest their neglect in serving Publix was nevertheless "excusable," but their only excuses are inadvertence and oversight. The Court should not allow Plaintiffs to completely disregard Fed. R. Civ. P. 4(m) and extend the time for service by *years*. The Court should grant Publix's motion and dismiss these claims against it.

## II.   LEGAL ARGUMENT

### A.   Plaintiffs Failed To Serve Publix Within the Time Set Forth In the Federal Rules of Civil Procedure and Have Not Established Good Cause To Excuse Their Failure.

"[D]ue process requires proper service of process in order to obtain in personam jurisdiction." *Amen v. City of Dearborn,* 532 F.2d 554, 557 (6th Cir. 1976). Thus, timely proper service of process "is not some mindless technicality." *Friedman v. Est. of Presser,* 929 F.2d 1151, 1156 (6th Cir. 1991) (citing *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir. 1987)). "It is the plaintiff's burden to establish that service was proper." *DeVillez v. Dolgen Corp, LLC*, No. 3:22-

---

Mich. July 22, 2013) ("'[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.'") (quoting *Humphrey v. U.S. Att'y Gen.'s Office,* 279 F. App'x 328, 331 (6th Cir. 2008) (quoting *Scott v. State of Tenn.,* No. 88–6095, 1989 WL 72470, at *2 (6th Cir. July 3, 2008), which affirmed district court's grant of unopposed motion to dismiss)).

2

CV-00557, 2023 WL 322445, at *3 (M.D. Tenn. Jan. 19, 2023), *report and recommendation adopted sub nom. Devillez v. Dolgen Corp., LLC*, No. 3:22-CV-00557, 2023 WL 2059629 (M.D. Tenn. Feb. 16, 2023) (citing *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996))). Plaintiffs admit that they did not properly serve (or attempt at all to serve) Publix within 90 days after filing their respective Complaints as required by Federal Rule 4(m).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Establishing good cause is the responsibility of the party opposing the motion to dismiss, and necessitates a demonstration of why service was not made within the time constraints of the Rule. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

"The Sixth Circuit has never provided a precise definition of 'good cause,' but generally 'good cause' means a **reasonable, diligent effort to timely effect service of process**." *Vendeven v. Wyndham Vacation Reorts, Inc.*, No. 2:20-cv-00056, 2021 WL 5567033 (M.D. Tenn. Nov. 29, 2021) (quoting *Johnson v. Smith*, 835 F.App'x 114, 115 (6th Cir. 2021)) (cleaned up) (emphasis added); *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022). "'[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant ... does not constitute good cause.'" *Savoie*, 2022 WL 3643339 (quoting *Friedman*, 929 F.2d at 1157). "Nor does actual notice of service or a lack of prejudice to the defendant constitute good

3

cause." *Id.* (citing *Johnson*, 835 F. App'x at 115; *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)).[3]

Plaintiffs have not demonstrated good cause for failing to serve Publix within the time period required by Rule 5(m).

*First*, Plaintiff City of Rome offers no explanation whatsoever, let alone a good cause explanation, for why it failed to even attempt to timely serve Publix with the Complaint. *See* Pltf. Resp. at 2.

*Second,* Plaintiff Peach County claims (without submitting any evidence or even identifying the counsel by name or firm) that its counsel believed that filing a short form complaint satisfied constitutionally-required service of process. *Id.* at 2-3. Peach County's position that it believed that by filing a short form complaint it satisfied the requirements of service of process is not well taken. The Order upon which Peach County allegedly based its mistaken belief that it was relieved of serving Publix with process plainly states: "Neither this Order or the Short Form is intended to and shall not waive any applicable defenses available to any Defendant, including any **objections to service**, jurisdiction or venue, …." MDL Dkt. No. 1282 at 5-6 (emphasis added). The Response admits that the Order was not reasonably interpreted to relieve counsel of the obligation to serve Publix. *See* Pltf. Resp. at 8, n.2. Clearly if the Order was not intended to waive a defense of ineffective service, the Court did not waive a requirement that defendants **be served** in the first place. Moreover, the Sixth Circuit has established that "[m]istake of counsel or

---

[3] Plaintiffs do not discuss the legal standard for establishing good cause in the Sixth Circuit or the numerous cases Publix cited within its brief, and offer only a passing cite to a Southern District of New York case addressing reasonable diligence and a non-controlling Ninth Circuit case for its discussion of the "excusable neglect" standard under Bankruptcy Rule 9006(b) and not the "good cause" standard under Rule 4(m). *See* Pltf. Br. at 9.

4

ignorance of the rules is not enough to establish good cause. *Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006) (citing *Moncrief v. Stone,* 961 F.2d 595, 597 (6th Cir. 1992)); *see also Campbell v. McMinn Cnty., Tenn.*, No. 1:10-CV-278, 2011 WL 5921431, at *3 (E.D. Tenn. Nov. 28, 2011) (citing *Moncrief,* 961 F.2d at 597) ("ignorance of the rules usually does not suffice" to establish good cause). Peach County's counsel's admitted mistake does not constitute good cause for failing to serve Publix.

Similarly unavailing are the City of Albany's excuse that it "inadvertently overlooked" serving Publix (Pltf. Br. at 3), Fayette County's "oversight" of failing to request a waiver of service from Publix (*id.* at 4), and Henry County's "law office failure" to not obtain service on Publix (*id.* at 5) (whatever that means). A lawyer's inadvertence or the inadvertence of his clerical staff does not establish good cause. *Campbell*, 2011 WL 5921431, at *3 (citing *Davis v. Brady,* 9 F.3d 107 (6th Cir. 1993)). Plaintiffs more generally contend that "good cause is shown to the extend the deadline for service" on the unsupported argument that they "identif[ied] internal processes and/or external communications with Publix leading them to believe service had been accomplished or waived" (Pltf. Br. at 8), yet Plaintiffs submit no such evidence. There are no affidavits from any of the Plaintiffs or their counsel that they believed Publix had been properly served and the "Factual Background" section of their Response does not even contain a naked, unsupported recitation that these facts even exist. *See id*. at 2-5. Plaintiffs do not identify a single communication with Publix in 2019, 2020, 2021, or 2022 which would suggest that Publix had been served with process—because there were none. Plaintiffs have not identified a single reason that establishes good cause for their years' long delay in serving Publix and therefore the Federal Rules urge dismissal of Plaintiffs' Complaints against Publix.

5

Having failed to show good cause or any efforts amounting to "reasonable diligence" to serve Publix within the permitted 90-day window after filing the Complaint, Plaintiffs urge the Court to ignore the past three years and instead give them credit for using "diligence" to serve Publix shortly before or after Publix filed its Motion to Dismiss. Pltf. Br. at 9. Their extremely belated action is completely irrelevant to demonstrating good cause. "Excusable neglect sufficient to justify an extension of the [90] days requires that the plaintiff show that a reasonable effort was made to effect service **prior to the running of the [90] days**." *Scarton v. Charles*, 115 F.R.D. 567, 569 (E.D. Mich. 1987) (citations omitted) (emphasis added). That Plaintiffs finally decided to serve Publix more than **1300 days** after the deadline to do so[4] when faced with dismissal of their claims says nothing about their diligence in *timely* serving Publix and merely highlights the ease with which Plaintiffs could have (but did not) timely serve Publix. *See Montcastle v. Am. Health Sys., Inc.*, 702 F. Supp. 1369 (E.D. Tenn. 1988) (lack of due diligence on the part of plaintiff in attempting to serve non-evasive defendant as well as failure to request an extension precludes showing of good cause).

> B. **The Court Should Not Exercise Its Discretion To Extend Plaintiffs' Deadline to Serve Publix.**

Because Plaintiffs' mistakes do not constitute good cause for failing to timely serve Publix under Rule 4(m), Plaintiffs are left with asking the Court to exercise its discretion and extend their deadline under Rule 4 from 90 days following the filing of the Complaint to more than 1300 days. To do that, they needed to have (1) sought leave under Rule 6(b) to extend the deadline, (2) established excusable neglect sufficient to warrant extending the deadline after it passed, and

---

[4] Plaintiffs' characterization of their request to extend the deadline for service as a mere 30 days past Publix's motion (Pltf. Br. at 9) is nothing more than a smoke screen to distract the Court from what Plaintiffs really seek which is an enlargement of the service deadline by more than **three and a half years**.

6

(3) convinced this Court that the factors outlined in *Oakland Physicians* warrant an extension of the deadline. They did none of those things.

First, Rule 6(b) requires a separate motion to extend deadlines, which Plaintiffs did *not* file here, hoping that their attempt at asking for forgiveness instead of permission would somehow bolster their chances of salvaging their claims. It does not. Rule 6(b) is clear that when an act must be done within a specified time—like Rule 4(m)'s requirement that complaints be served within 90 days of filing—a district court may extend the time only "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Plaintiffs did not file a motion before attempting belated service of their complaints, nor have they even attempted to argue excusable neglect as the basis for failing to file such a motion.

Even if this Court excused Plaintiffs' failure to ask permission to extend the deadline for serving the complaints on Publix, Plaintiffs do not demonstrate *any* reason why the Court should grant them the requested extension of more than a thousand days, and do not discuss in any detailed way the seven factors outlined by the Sixth Circuit in *Oakland Physicians Medical Center*. There, the plaintiffs did not challenge the court's determination they lacked good cause for failing to timely serve the defendant, but challenged only the district court's discretion in not extending the deadline under Rule 6(b). In *Oakland Physicians*, the Sixth Circuit found the district court did not abuse its discretion in declining to extend the time for service, even if it might have reached a different result under a *de novo* standard of review, because the district court had appropriately considered the relevant factors.

Plaintiffs do not make a serious attempt at applying the *Oakland Physicians* factors to their failures here. They do not do so because those factors weigh so heavily *against* extending the deadline for service for more than 1300 days. *See* Publix Br. at 7-10.

7

- ***Factor One:*** *"whether an extension of time would be well beyond the timely service of process"*—Plaintiffs do not discuss this factor nor could they credibly do so as their delay is more than three years, much greater than the 50-day extension rejected in *Oakland Physicians*.

- ***Factor Two:*** *"whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit"*—Plaintiffs misconstrue the intent of this factor when they baldly assert the statute of limitations has not run on their claims, and further claim therefore *ipso facto* Publix will not be prejudiced  This ignores the prejudice to Publix arising by virtue of the years-long delay in service, as discussed in *Oakland Physicians*, and as otherwise outlined by Publix in its Memorandum supporting its Motion to Dismiss. It also erroneously inverts the relevance of the interplay between dismissal, statutes of limitation, and prejudice as discussed below in Factor Four.

- ***Factor Three:*** *"whether the defendant had actual notice of the lawsuit"*—Plaintiffs discuss this factor, but do so incorrectly. Plaintiffs provide no evidence that Publix knew that Plaintiffs intended to pursue claims against Publix in these matters.[5] To the contrary, Publix stated on the first page of its opening brief that it was "through the process of mediating the MDL claims [that] Plaintiffs' Liaison Counsel alerted Publix's counsel to cases in which Publix had been named, but that Publix was unaware of because it had never been served." Plaintiffs' Response evidences the problems and confusion caused by Plaintiffs' failure to serve Publix—for example, Publix thought from a docket search it was a named defendant in the *Adams County, Wisconsin* case (although Plaintiffs say it is not)

---

[5] Even so, the Sixth Circuit has held: "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir. 1999).

8

and Manatee County, Florida apparently did not intend to pursue the complaint it filed against Publix because it voluntarily dismissed its claims after Publix moved to dismiss. *See* Pltf. Br. at 2, 4. Plaintiffs are required to serve their Complaints because it signals to a defendant that it has been sued and should defend itself. When Plaintiffs fail to do so, like here, Publix cannot reasonably know in which cases it is a defendant of live, active claims.

- **Factor Four:** *"whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred"*—Plaintiffs erroneously discuss this factor as a basis to argue there is no prejudice to Publix, but prejudice in the context of the interplay between dismissal and the statute of limitations is more accurately viewed as a factor in determining prejudice to the *plaintiff* (i.e., will its claim be time barred?) and not the defendant. Here, Plaintiffs assert they do not have a statute of limitations concern with respect to their public nuisance claim, and admit they will suffer zero prejudice if the Court dismisses the Complaints against Publix where Plaintiffs chose not to timely serve it. Thus, viewed from the proper perspective this is a factor that weighs overwhelmingly in *favor* of dismissal, not against it.

- **Factor Five:** *"whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies"*—Plaintiffs offer one sentence discussing this factor suggesting, incorrectly, that they were diligent and that this factor weighs in their favor. But Plaintiffs made no effort to effect proper service of process before the deadline, and even *after* becoming aware of the issue in early January of this year (*see* Pltf. Br. at 3 and 5), Albany and Henry Counties **waited more than a month** to seek an extension of the deadline and serve Publix. The other Plaintiffs do not indicate when they learned of the service issues, but presumably it was no later than around the same time.

9

The City of Rome Plaintiffs do not even *attempt* to demonstrate diligence, mistake, or neglect—the discussion about that case in Plaintiffs' brief notes only that they filed a praecipe for service *after* the motion to dismiss was filed. Pltf. Br. at 5.

- ***Factor Six:*** *"whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process"*—Plaintiffs do not discuss this factor, and they are represented by national law firms who are expected to be well versed in the Federal Rules and understand their obligations.

- ***Factor Seven:*** *"whether any equitable factors exist that might be relevant to the unique circumstances of the case"*—Plaintiffs do not discuss this factor, as there are no equitable factors that warrant an extension here.

No factor weighs in favor of an extension. Instead, all seven factors weigh against granting a discretionary extension of time under Rule 6(b), which Plaintiffs did not even seek leave to do.

"Put simply, deadlines matter—and they matter especially strongly in litigation of this size and complexity." *In re: Gen. Motors LLC*, No. 14-MC-2543 (JMF), 2016 WL 2766654, at *2 (S.D.N.Y. May 12, 2016) (citing s*ee, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases is particularly acute where the litigation is complex and continuing") (cleaned up)). The Court in *In re: General Motors* held that "to allow New GM to serve its new subpoena almost a year after discovery closed and despite its complete lack of due diligence would suggest to the parties in this litigation that the Court's deadlines are merely hortatory or aspirational and not real deadlines." *Id.* "District courts cannot function if parties disregard deadlines or play by their own set of rules. If parties do not follow the rules, litigation would go off the rails. Also, deciding cases on the merits presupposes that the right

10

parties are brought into the case in the first place. And here, Plaintiff has not offered any excuse for his two-year neglect." *McMurtry v. Obaisi*, No. 18-CV-2176, 2020 WL 3843566, at *4 (N.D. Ill. July 8, 2020). The Court here should not send the message that the deadlines in the Federal Rules of Civil Procedure to serve complaints are hortatory or aspirational, especially in an MDL. In fact, they are critical to personal jurisdiction, notice, and due process. Plaintiffs have provided no reason to belatedly enlarge those deadlines by **years.**

### III.     CONCLUSION

Plaintiffs had one simple task and 90 days to complete it—file and serve a pattern complaint against Publix. Without credible explanation, they did not (instead, waiting years to do so without seeking leave). As a result, Plaintiffs have failed to comply with the requirements of Rule 4 because they did not complete—***or even attempt to initiate***—service of process on Publix in these cases within the required time period. The record evidences no good cause for Plaintiffs' failure to properly effect service of process upon Publix or any other circumstances that would warrant the Court extending the time for service for *years* under Rule 4(m). The only explanation offered by Plaintiffs is mistake and inadvertence, which are not acceptable excuses for failing to serve under well-established Sixth Circuit precedent. Here, the Plaintiffs' cases were not subject to motions to dismiss without leave of court, their cases were not selected as bellwethers, and otherwise their lawsuits have not required any additional activity by Plaintiffs. Plaintiffs and their counsel have served many other defendants timely in these same (and many other) cases, demonstrating time and again they have no confusion as to what is expected of them and that they are more than capable of completing the task. They failed the task here and now ask the Court to overlook their inexplicable errors in order to avoid dismissal, and apparently as a matter for their own convenience. The barrier being so low, there is simply no excuse for these Plaintiffs' failure

to meet it. As such, the claims against Publix should be dismissed for insufficient service of process under Rule 12(b)(5).

Dated: March 17, 2023

Respectfully submitted,

/s/ Kara M. Kapke
Meredith Thornburgh White (IN 28094-49)
Kara M. Kapke (IN 25906-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
mwhite@btlaw.com
kkapke@btlaw.com

*Attorneys for Defendant Publix Super Markets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2023, I caused the foregoing to be served on counsel of record via the CM/ECF system.

/s/ Kara M. Kapke