IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The Montgomery County Board of County Commissioners, et al., v. Cardinal Health, Inc., et al.,* Case No. 1:18-op-46326-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFF'S OPPOSITION MOTION TO STRIKE
REPORT OF DR. JACK FINCHAM**

**INTRODUCTION**

Plaintiff Montgomery County ("Plaintiff" or the "County") respectfully submits this Opposition to Kroger's Motion seeking to strike, as untimely, the rebuttal expert report of Dr. Jack Fincham. The motion should be denied because the report is not untimely: it was served more than 90 days before trial and within 28 days of the deposition of Kroger's expert, J. Ann Selzer, Ph.D., which disclosed the need for rebuttal testimony. *See* Fed. R. Civ. P. 26(a)(2)(D).

On December 12, 2022, Kroger submitted Dr. Selzer's expert report concerning an Ohio Board of Pharmacy survey. Plaintiff took Dr. Selzer's deposition on January 20, 2023, and, on February 2, 2023, notified Kroger that it intended to serve a rebuttal report. The County served Dr. Fincham's rebuttal on February 17, 2023, and has been attempting, since then, to coordinate with Kroger with respect to a date for Dr. Fincham's deposition. Kroger's Motion thus came as something of a surprise to the County, because at no time did Kroger suggest that it intended to object to Dr. Fincham's report.

Where, as here, the Case Management Order ("CMO") is silent concerning rebuttal expert reports, the default deadlines in the Federal Rules of Civil Procedure apply. Because Plaintiff served Dr. Fincham's report more than 90 days before trial and less than 30 days after the disclosure (that is, Dr. Selzer's deposition testimony) to which it responds, *see* Fed. R. Civ. P. 26(a)(2)(D), Kroger's argument to the contrary turns on its view that the 30-day deadline for rebuttal reports ran from the day Kroger served Dr. Selzer's report, not from the date of her deposition. But this is wrong, for two reasons. First, it was the deposition, and not merely the report, that disclosed the need for rebuttal. Second, the report was served, in any event, more than 90 days before trial, an independent basis for finding it timely under the Federal Rules. It is also, contrary to Kroger's argument, strictly rebuttal; rather than presenting new opinions, it responds to Dr. Selzer's work, even though Dr. Fincham's critiques are informed by his own background and experience (as they would need to be). *See* Doc. 4937-1.

Even if the Report were untimely, moreover, it should not be struck because any delay was substantially justified and harmless. The delay, if any, arose because the County waited until it was able to depose Dr. Selzer before determining whether rebuttal was necessary. This was a sound procedure, intended to avoid unnecessary rebuttal, and allowing Dr. Fincham to take account of Dr. Selzer's testimony in responding to her opinions. Although Kroger claims it is prejudiced by the timing of Dr. Fincham's report, it fails to demonstrate that this is so. Its only argument is that deadlines for expert deposition and *Daubert* motions for affirmative expert reports have passed. The County, however, alerted Kroger on February 2 to its plans to serve a rebuttal report and offered to plan deposition dates and agree to a deadline for a *Daubert* motion for the rebuttal expert. The only impediment to the parties setting a deposition date and seeking approval of a briefing schedule, as they have done for other experts, is Kroger's own silence. The County has

sought to cooperate with Kroger at every turn. If there is any prejudice – and there is not, for there is still time for Kroger to depose Dr. Fincham – that prejudice is of Kroger's making, not the Plaintiff. For the reasons set forth below, Kroger's Motion should be denied.

## BACKGROUND

The County served its expert reports in August 2022 pursuant to a case schedule designed to accommodate Kroger's desire to that it both receive the County's expert report *and* complete its depositions of the County's experts before serving its own expert reports. *See* Doc. 3769 at 7 (setting defense expert deadline after deposition period). In addition, the schedule for defense expert reports was extended because of Kroger's claims of being overwhelmed with the amount of material supplied by Plaintiff's experts and the need to "digest" the opinions and sources. In the end, Kroger served its expert reports on December 12, 2022— 112 days after receiving Plaintiff's reports. Among them was a report of J. Ann Selzer, Ph.D., President, Selzer & Company, titled "Evaluation of 2021 Pharmacist Workload Survey Conducted by the State of Ohio Board of Pharmacy [in Track 7.]" The County had not anticipated that Kroger would serve an expert report on this issue. It began to consider its options and determined that it needed to depose Dr. Selzer to understand the nature and scope of the opinions she intended to offer to know how to proceed.

Dr. Selzer's deposition took place on January 20, 2023. On February 2, 2023, the County advised Kroger during a meet and confer on other issues that it planned to serve a rebuttal report to the opinions expressed by Dr. Selzer concerning the Ohio Board of Pharmacy survey. At the same time, the County explained that it would, of course, afford an opportunity to depose its rebuttal witness and, if Kroger deemed it appropriate, cooperate on a briefing schedule for a *Daubert* challenge.

The County served Dr. Fincham's rebuttal report, which relies on and extensively references Dr. Selzer's deposition transcript, on February 17, 2023.[1] In the same correspondence, the County offered a range of deposition dates between March 9 and 16 and asked for Kroger to advise whether these dates would work for its schedule. Counsel for Plaintiff sent follow-up requests for deposition dates on February 24th and March 3rd. Kroger never responded.

## ARGUMENT[2]

### I. The CMO's Silence Is No Barrier to Expert Rebuttal Evidence.

As an initial matter, Kroger is wrong to claim that the CMO's silence concerning expert rebuttal reports operates as an exclusion of this substantive evidence. Indeed, as one decision observed, "[i]t appears that courts in this Circuit have uniformly" rejected the same argument Kroger advances. *Lincoln Elec. Co. v. Travelers Cas. & Sur. Co.*, 2013 WL 12131876, at *1 (N.D. Ohio June 26, 2013). That is the majority view elsewhere as well. *See, e.g.*, *Feliciano v. City of Miami Beach*, 2012 WL 12540, at *1 (S.D. Fla. Jan. 3, 2012) ("Contrary to the defendants' assertions, the Scheduling Order in the instant case does not preclude rebuttal experts. The Scheduling Order is silent on that issue."); *S.E.C. v. Badian,* 2009 WL 5178537, at *3–7 (S.D.N.Y. Dec. 23, 2009); *Mayou v. Ferguson,* 544 F.Supp.2d 899, 901 (D.S.D.2008) ("disagree[ing] with any decision to the effect that, where the stipulation and the scheduling order are silent, such serves to prohibit any designation of a rebuttal expert being made by the plaintiff").

---

[1] Kroger attached the report in full to its Motion. *See* Doc. 4937-1.

[2] The County notes that "the proper use of motions to strike is actually quite narrow" and has been questioned in this context. *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, 2007 WL 1514282, at *3 (N.D. Ohio May 22, 2007) (holding that the proper vehicle for an expert-report challenge is a motion *in limine*). Nevertheless, the County believes a decision by the Court would offer guidance and aid the forward process of the case.

Where, as here, a CMO does "not specify a due date for rebuttal expert reports," the "default rule" under Federal Rule of Civil Procedure 26 applies. *Hurt v. Commerce Energy, Inc.*, 2015 WL 410703, at *6 (N.D. Ohio Jan. 29, 2015); *Luke v. City of Cleveland*, 2005 WL 2245239, at *2 (N.D. Ohio Aug. 25, 2005) (same); *accord, e.g.*, *LL NJ, Inc. v. NBC*, 2007 WL 1583222, at *1 (E.D. Mich. May 31, 2007) ("The default provision applies in the absence of contrary directions from the court or stipulation by the parties."). Even one of the same cases Kroger cites recognizes as much. *See Express Energy Services Operating, L.P. v. Hall Drilling, LLC*, 2015 WL 3743795, at *3 (S.D. Ohio June 15, 2015) (agreeing "with the majority approach"). The CMO is meant to be a procedural order, and Kroger is wrong to suggest that the Parties intended to bar an entire category of substantive evidence.

## II.    Dr. Fincham's Report Is Timely and His Opinions Pure Rebuttal

The default deadlines under Federal Rule of Civil Procedure 26 provide that:

Absent a stipulation or a court order, the disclosures must be made:

   (i) at least 90 days before the date set for trial or for the case to be ready for trial; or

   (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D). Here, there is no dispute that the County served Dr. Fincham's report more than ninety days ahead of trial. That should end the dispute, as the time limitations in subsections (i) and (ii) are in the alternative. "[T]he thirty-day period referred to in Rule 26(a)(2)(D)(ii) expands, rather than narrows, the deadline" of 90 days before trial in Rule 26(a)(2)(D)(i), as "[t]he Advisory Committee Notes" to the Rule "make clear." *Monopoly Hotel Group, LLC v. Hyatt Hotels Corp.*, 291 F.R.D. 684, 687 (N.D. Ga. 2013) (citing "Advisory Committee Notes to the 1993 Amendments" stating that "the disclosures are to be made by all

5

parties at least 90 days before the trial date or the date by which the case is to be ready for trial, except that *an additional 30 days is allowed* (unless the court specifies another time) for disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert") (emphasis added)). "This reading comports with the ordinary statutory construction of the disjunctive "or," which generally suggests inclusion rather than exclusion." *Id.* "If the requirement for 30 days were intended to apply in all instances to rebuttal disclosure, the drafter would more likely have used the conjunctive 'and.'" *Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 54 (D. Kan. 1996) (further explaining that "[n]either the purpose of the rule nor its explicit language requires an interpretation that reports of rebuttal experts must be provided within 30 days of an original disclosure, even though trial is more than 90 days away"). Contrary to the case-law Kroger cites,[3] the better reading of the Rule is that the 30-day provision in Rule 26(a)(2)(D)(ii) "provides a safety valve . . . for the party who receives the report of an opposing expert with either insufficient or no time left to provide one in rebuttal before the deadline of 90 days before trial." *Id.*; *see also Travelers Prop. Cas. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh*, 2008 WL 8743667, at *1 (W.D. Mo. Feb. 14, 2008) (agreeing with *Dixon* court's reasoning); *Moody v. James*, 2006 WL 8452409, at *1 (S.D. Miss. May 30, 2006) (same).

But Dr. Fincham's report is timely under both subsections, because it was served within 30 days of the relevant disclosure to which it responds – Dr. Selzer's deposition. Kroger argues that more than 30 days elapsed since disclosure of Dr. Selzer as an expert and service of her report. It ignores, however, that Dr. Selzer's opinions and her bases for them were more fully disclosed in her deposition testimony. As noted above, the County served Dr. Fincham's report twenty-eight

---

[3] *See* Doc. 4937 at 4; *In Re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 12748011, at *5 (N.D. Ohio May 26, 2015).

days after that deposition. *Compare Reese v. CSX Transp., Inc.*, 2020 WL 5740253, at *15-16 (S.D. Ga. Sept. 24, 2020) (calculating deadline based on timing of disclosure made at expert deposition). This procedure is also consistent with this Court's MDL CMOs which have afforded parties filing responsive expert reports the benefit of considering an expert's deposition testimony.

Further, Kroger cannot credibly claim that the report is anything other than rebuttal subject to the deadline above. "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 749, 759 (8th Cir.2006); *see also United States v. Casamento,* 887 F.2d 1141, 1172 (2d Cir.1989) ("The function of rebuttal evidence is to explain or rebut evidence offered by the other party."). "Expert rebuttal evidence is allowed if it 'is intended solely to contradict or rebut evidence on the same subject matter identified by another party[.]'" *Allen v. Dairy Farmers of Am., Inc.*, 2013 WL 211303, at *3–5 (D. Vt. Jan. 18, 2013) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)) and observing that "district courts have been reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language") (internal quotation marks omitted). *Compare also R.G. Barry Corp. v. Olivet Int'l, Inc.*, 2017 WL 4349067, at *11–12 (S.D. Ohio Sept. 29, 2017) (rejecting attempt to create a "false distinction").

Here, the language Kroger points to in support of its claim that the Fincham Report goes beyond rebuttal not only concerns the same subject matter as Dr. Selzer's opinions but is in specific response to those opinions. As Kroger concedes, these include her opinion that the Board of Pharmacy survey is not "'useful in understanding the role of pharmacists and pharmacies in opioid abuse and diversion.'" Doc. 4937 at 2. Dr. Fincham explains, among other things, that Dr. Selzer failed to "contemplate the surveys' purpose as intended by the Board of Pharmacy," which would have resolved a question she considered unanswered, lacked the expertise to interpret the workload

7

survey results, and misleadingly suggested "that only literal questions and answers about opioids can yield insights into the role of pharmacists and opioid abuse," among other errors. *See* Doc. 4937-1 at 10-14. Kroger simply takes language from part of these critiques out of context. *See id.* at 9 (rebuttal report referencing longstanding knowledge and appreciation "in the practice of pharmacy that workloads can impact patient safety" in discussing Board of Pharmacy deposition testimony concerning the purpose and results of the survey); *id.* at 13-16 (referencing corresponding responsibility and obligations of pharmacists concerning controlled substances in explaining why Dr. Selzer's conclusions concerning the number of hits she received on certain search terms are off base and her opinion that the survey shows the "absence of concern about opioid abuse and diversion" incorrect).

### III. Any Delay Is Substantially Justified and Harmless.

Even if the Court were to accept Kroger's calculation of the default Rule 26 deadline, exclusion is unwarranted where a "failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Sixth Circuit applies a five-factor test considering:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015).[4]

With regard to the reason for the timing, "[a] failure to timely disclose experts is 'substantially justified' if there is a 'reasonable explanation' for the delay." *Lincoln Elec. Co*,

---

[4] Kroger appears to suggest a different standard based on *Vance ex rel. Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999) (table), but that decision did create a different "threshold requirement." *Adkisson v. Jacobs Eng'g Group, Inc.*, 2018 WL 4006782, at *3 (E.D. Tenn. Aug. 22, 2018).

2013 WL 12131876, at *1 (N.D. Ohio June 26, 2013) (quoting *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010). Here, the County's reasonable explanation is set forth above. The County learned at Dr. Selzer's deposition that Kroger withheld relevant material from Dr. Selzer, including internal documents that Kroger also failed to produce during the fact discovery period and dragged its feet on providing until the day before the deposition and only pursuant to its obligations to produce the survey under DR-22. For example, Dr. Selzer did not know at the time of her expert report that Kroger surveyed its pharmacists several times, posing workload questions similar to the Ohio Board of Pharmacy's survey. She revealed that Kroger informed her of its internal surveys just days before her deposition and still had not shared its survey results with her. In addition, she testified that she also did not know about or receive from Kroger a prior Ohio Board of Pharmacy survey or reliance materials the Ohio Board of Pharmacy identified to explain the survey's intent. Dr. Selzer admitted she could not obtain some public materials supporting the survey's purpose and seemed unaware that litigants produced those materials in this litigation. Her report had not revealed the reason that she had failed to consider the reasons behind and purpose of the Ohio Board of Pharmacy in conducting the survey she did address or how the Board used the survey results.

From Dr. Selzer's deposition, the County also learned that she had no experience in conducting surveys of pharmacies and pharmacists and she made no attempt to understand pharmacy operations, controlled substance abuse or diversion, federal or state laws or rules impacting the dispensing of controlled substances. It was not until the deposition that Plaintiff learned that she had made no effort to determine why the survey was issued, its purpose and how the survey results were used. A responsive rebuttal had to address what the Plaintiff learned from her deposition, namely that Dr. Selzer lacked subject matter experience and failed to consider

relevant information she could not review or Kroger withheld from her. The County needed the deposition to confirm information that is featured prominently in the rebuttal.

Further, the timing is harmless to Kroger. Kroger contends only that it would have been surprised at any time to receive a rebuttal report due to the CMO's silence and that it could not, consistent the current CMO deadlines, file a *Daubert* motion or take a deposition. *See* Mot. at 9. This alleged harm is not from the timing, but the existence of any rebuttal testimony. More importantly, Kroger neglects to disclose that the County alerted Kroger to the anticipated rebuttal disclosure before serving it. The Parties consistently have cooperated concerning reasonable extensions of deadlines to accommodate case developments. Kroger, as noted above, has received particularly generous extensions. Presently, there are no defense summary judgment motions pending and no future case deadlines that stand to be impacted by the rebuttal report. Although Kroger contends that now is not a good time because it is occupied with other litigation, it has never been a good time for Kroger. It claimed to be so overwhelmed last year—during the same time-frame it argues would have been better to depose this witness—that it asked the Court for a stay. Had it disclosed its planned objection to the County in early February, the County could have sought relief or resolution from the Court then, while multiple actions to which Kroger would have otherwise planned to devote resources were stayed.

"The exclusion of evidence is a drastic sanction" and appropriately rejected in the face of a "conspicuous" failure to take any action to cure the alleged prejudice. *Mullen v. Perry Mfg. Co.*, 921 F.2d 276 (6th Cir. 1990) (internal quotation marks omitted). *Compare also K.M.C. Co., Inc. v. Irving Tr. Co.*, 757 F.2d 752, 766 (6th Cir. 1985) (party claiming surprise could have sought continuance, but failed to do so); *Tobin v. Astra Pharm. Products, Inc.*, 993 F.2d 528, 541 (6th Cir. 1993) ("The district court recognized that there were other more appropriate remedies, short

of striking Dr. Waller's testimony, to correct any prejudice that might have occurred."); *Sys. Fuels, Inc. v. United States*, 117 Fed. Cl. 362, 364 (2014) (finding delay harmless where rebuttal report was served 21 days after conducting a deposition of the opposing party's expert and well before trial).

Further, courts, including in cases concerning much longer delays, have found the timing of expert reports harmless.[5] *See, e.g., Navajo Nation v. Urban Outfitters, Inc.*, 2016 WL 3475339, at *2–3 (D.N.M. Feb. 9, 2016) ("the Court finds that any prejudice to Defendants could readily have been cured by allowing Defendants the opportunity to address the report through an additional limited deposition or *Daubert* motion, neither of which Defendants have asked for"); *Hurt*, 2015 WL 410703, at *7 (finding exclusion of rebuttal report unnecessary and allowing deposition of rebuttal expert after closure of expert discovery); *Lincoln Elec. Co.*, 2013 WL 12131876, at *2 ("because Lincoln Electric disclosed the Connolly report more than 90 days before trial, and Defendants have sufficient time to depose Dr. Connolly, any delay is harmless"); *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Communications AB*, 2006 WL 6870818, at *1 (N.D. Tex. Aug. 24, 2006) (declining to strike reports and directing parties to arrange for any supplemental or additional discovery by agreement); *Luke*, 2005 WL 2245239, at *2 (parties had access to underlying data and there was time to depose the experts, as well as raise any issue in pre-trial motions practice).

Finally, exclusion of testimony would be particularly unfair as it would allow Kroger to present a misleading portrait of the survey—an important enough issue for the County that Kroger

---

[5] Notably, one of the same cases on which Kroger relies states that it would have found "the plaintiff's argument . . . much more sympathetic" if the report at issue "had been submitted only a few weeks after the initial deadline and had been submitted on its own, rather than in response to" a summary-judgment motion. *See Vance*, 182 F.3d at *5.

11

devoted an entire report to the topic. The County consistently has adhered to deadlines in this case while also navigating the solicitude that Kroger sought for its own delays and disclosures after case deadlines. Troublingly, Kroger's refusal to communicate with the County concerning this issue may well have been strategic. Kroger served an entirely new "Appendix" to the report of one of its experts, Dr. Schneider, on February 6, 2023, shortly after the County, seeking to avoid surprise, altered Kroger to its anticipated rebuttal disclosure.[6] Meanwhile, the Parties also have been engaged in motions practice concerning Kroger's desire to take a second Rule 30(b)(6) deposition of the Ohio Board of Pharmacy, which already provided a corporate witness in this case,[7] on the grounds that Kroger lacked the same motive to develop this testimony during the fact discovery period last year. That deposition will go forward, although Kroger must negotiate to narrow its overbroad topics.

## CONCLUSION

For the reasons set forth above, the County respectfully requests that the Court deny Kroger's Motion and direct the parties to confer concerning a schedule for a deposition of Dr. Fincham and submission of a proposed schedule for briefing any *Daubert* challenge.

---

[6] The County received the Appendix, which is, in effect, a supplemental report containing both narrative and what Dr. Schneider frames as a "correct[ion]" of regressions performed by County expert Dr. Cutler, after requesting pre-existing back-up materials at Dr. Schneider's deposition. Because Dr. Schneider testified that he had a case file with the requested material available, the County was quite surprised when, after weeks of repeated follow up requests, during which Kroger never hinted Dr. Schneider was preparing a new report, it never received that backup. Instead, Kroger sprung on the County a new, supplemental analysis.

[7] Multiple employees or former employees of the Board of Pharmacy also sat for fact-witness depositions in Track 7.

Dated: March 21, 2023                           Respectfully submitted,


                                                /s/Peter H. Weinberger
                                                Peter H. Weinberger (0022076)
                                                SPANGENBERG SHIBLEY & LIBER
                                                1001 Lakeside Avenue East, Suite 1700
                                                Cleveland, OH 44114
                                                (216) 696-3232
                                                (216) 696-3924 (Fax)
                                                pweinberger@spanglaw.com
                                                *Plaintiffs' Liaison Counsel*

                                                Linda Singer
                                                Elizabeth Smith
                                                MOTLEY RICE LLC
                                                401 9th Street NW
                                                Suite 630
                                                Washington, DC 20004
                                                (202) 386-9626
                                                lsinger@motleyrice.com
                                                esmith@motleyrice.com
                                                *Attorneys for Plaintiff Montgomery County*

                                                Michael Elsner
                                                Lisa Saltzburg
                                                MOTLEY RICE LLC
                                                28 Bridgeside Blvd.
                                                Mount Pleasant, SC 29464
                                                (843) 216-9000
                                                melsner@motleyrice.com
                                                lsaltzburg@motleyrice.com
                                                *Attorneys for Plaintiff Montgomery County*

                                                Mathias H. Heck, Jr.
                                                MONTGOMERY COUNTY
                                                PROSECUTING ATTORNEY
                                                301 West Third Street
                                                P.O. Box 972
                                                Dayton, Ohio 45422
                                                Telephone: (937) 225-5599
                                                Fax Number: (937) 225-4822
                                                E-mail: heckm@mcohio.org
                                                *Attorney for Plaintiff Montgomery County*

13

>Ward C. Barrentine
>Chief Assistant Prosecuting Attorney –
>Civil Division
>MONTGOMERY COUNTY
>PROSECUTOR'S OFFICE
>301 West Third Street
>4th Floor, Suite 461
>Dayton, Ohio 45422
>Telephone: (937) 496-7797
>E-mail: BarrentinW@mcohio.org
>*Attorney for Plaintiff Montgomery County*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and may be obtained by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger