**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>*This document relates to:*<br><br>"Track 3 Cases" | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**WALGREENS' RESPONSE TO TRACK 3 PLAINTIFFS' MOTION REGARDING COMPLIANCE WITH THE COURT'S INJUNCTION ORDER**

The Track 3 Plaintiffs' Motion (Doc. 4952, the "Motion") regarding Walgreens' compliance with the Court's February 10, 2023 Track 3 Injunction Order *Nunc Pro Tunc* (Doc. 4893, the "Injunction Order") is not well taken. In fact, Walgreens is doing everything that the Injunction Order requires, and the Court should deny the Motion for at least four reasons.

*First*, the Motion ignores the enforcement provisions of the Injunction Order. Subject to exceptions that do not apply here, the Order requires Plaintiffs to "follow the *entire process* outlined" in Section XVI of the Order "prior to taking any other court or administrative action." Injunction Order § XVI.B (emphasis added). That mandatory process includes notice of a potential violation; an exchange of written positions; a finding and written notice by the Court of a violation; a 30-day period for collaboratively devising a corrective action plan; and a written compliance update 60 days later. *Id.* § XVI.A. If the Court permits outside litigation counsel for the Counties to circumvent the enforcement terms of the Injunction Order and badger Defendants with premature motion practice, there will be no end to it.

*Second*, Plaintiffs do not identify any requirement of the Injunction Order with which Walgreens is not complying.

Plaintiffs complain that Walgreens' Good Faith Dispensing of Controlled Substances Policy does not itself specify that the documentation of red flag resolutions and refusals-to-fill must be available to all Walgreens pharmacists. That policy, however, is directed at pharmacists themselves and concerns the steps *they* take when dispensing controlled substances. It would make little sense to use a dispensing policy to tell pharmacists to comply with the information-availability requirements of the Injunction Order, when they do not design or administer the information technology systems necessary to perform that role. And nothing in the Injunction Order requires that internal technical specification documents governing Walgreens' proprietary information technology systems, which may be highly confidential, count as among the Controlled Substance Compliance Program Policies and Procedures that Walgreens shared with the Counties under Section I.C.4 of the Order.

If there is any serious doubt about whether Walgreens is in fact complying with the information-availability provisions of the Injunction Order, counsel for Walgreens confirmed it to outside counsel for the Counties in a March 1, 2023 email on which the Court was copied. And the Court will, of course, receive comprehensive annual compliance certifications under Section XVII of the Injunction Order.

*Third*, while the Injunction Order requires that certain information be retained for 15 years, there is nothing to Plaintiffs' suggestion that the Order further requires that documentation about specific prescriptions must also continue to be easily available to pharmacists for the entire 15-year period. The Order says nothing like that. And there is no evidence in the record that could support such a requirement. For example, no testimony or evidence in the current record would permit a conclusion that one pharmacist's resolution of a red flag regarding distance

travelled to fill a prescription in 2023 would have any particular value to a second pharmacist reviewing a different prescription for the same patient 12 years later in 2035.

If Plaintiffs wish to request an amendment to the Injunction Order to include a new provision of this nature, they should file a motion to amend to Injunction Order, supported by evidence.  The Court would then need to consider the evidence and arguments presented by all parties regarding existing regulatory requirements and the actual utility versus the countervailing compliance burdens and risks that would come with the very-long-term easy accessibility of protected prescription-level patient information.

*Fourth*, Plaintiffs provide no reason why they would be entitled to share Defendants' internal policy documents with all members of the PEC, including many who have no relationship with the Counties and no connection to the Track 3 trial.  The purpose of sharing policy documents under Section I.C.4 of the Injunction Order is to permit the Counties themselves to understand what steps Defendants have taken to comply with the Order and to raise questions.  The Court's Track 3 Injunction Order is not a vehicle for providing internal company documents to litigation counsel for other parties across the country to use for other purposes.

* * *

For all of these reasons, the Court should deny the Motion and should order counsel for the Counties to comply with enforcement provisions of the Injunction Order going forward.

Dated: March 23, 2023                         Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

*Attorneys for Walgreen Co.*

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system on all counsel of record on March 23, 2023.

                                            */s/ Kaspar J. Stoffelmayr*
                                            Kaspar J. Stoffelmayr

                                            *Counsel for Walgreen Co.*