UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track Seven* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

### KROGER DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRESERVE PRIOR *DAUBERT* RULINGS AND OBJECTIONS THERETO

Defendants The Kroger Co., Kroger Limited Partnership I, and Kroger Limited Partnership II (hereafter collectively referred to as "Kroger"), respectfully move to preserve prior *Daubert* rulings and objections thereto raised by the Pharmacy Defendants in prior tracks, including Tracks 1A, 1B, and Track 3, as applicable to the expert reports and testimony proffered by Plaintiff in Track 7.[1]

---

[1] Specifically, as stated in its Motion, Kroger moves to incorporate all prior MDL *Daubert* rulings and assert and preserve as its own all prior arguments and objections made by the Track 1A, Track 1B, and Track 3 Defendants, including, but not limited to, the following:

- Plaintiff's expert, Anna Lembke, lacks the necessary qualifications to testify as an expert on pharmacies' opioid policies and dispensing practices. Dkt. 3953 at 1.
- Plaintiff's expert, Dr. Katherine Keyes', testimony concerning marketing causation, especially as it relates to the Pharmacy Defendants, is flawed and would be confusing and misleading to a jury. Dkt. 3946 at 2.
- Dr. Keyes' used unreliable methodology to conclude prescription opioid use resulted in harms from illicit synthetic opioid use and her opinions will mislead the jury. *Id.* at 9
- Plaintiff's expert, Dr. Caleb Alexander's, testimony concerning abatement-related testimony for the purpose of proving that a public nuisance exists, should be excluded. Dkt. 3948.
- Plaintiff's expert, Carmen Catizone's, testimony concerning his "red flags" for identifying potentially suspicious prescriptions should be excluded because the methodology he used was unreliable and untested. Dkt. 3947 at 4-5.
- Plaintiff's expert, James Rafalski's, testimony concerning SOMS and due diligence programs should be excluded because it is unreliable, likely to mislead the jury, and differs from the methodology he used as a DEA Investigator. Dkt. 3929 at 8 and Dkt. 2494 at 9.
- The testimony from any expert to the extent it discusses "the gateway theory" (i.e. - some individuals exposed to prescription opioids tend to become addicted and once addicted, tend to later feed their addiction with illicit opioids like heroin). Dkt. 2518 at 1.

Plaintiff does not oppose the relief sought in Kroger's *Motion to Preserve Prior Daubert Rulings and Objections Thereto* (the "Motion"). Rather, Plaintiff argues that the Motion is complemented by Plaintiff's *Motion for Case Management Order Regarding Previously Decided Issues* (the "Motion for CMO"), and Plaintiff likewise identifies objections to prior *Daubert* ruling that it seeks to preserve.

Plaintiff's response to Kroger's Motion highlights Kroger's position in opposition to Plaintiff's Motion for CMO. Kroger's Motion, and Plaintiff's response thereto, illustrate the parties' deferential treatment of the Court's prior rulings. Given that the parties are already following this Court's directive, the relief sought in Plaintiff's Motion for CMO is unnecessary, and there is no need to force the burdensome process proposed in the Motion for CMO when various issues may be addressed later as trial evidence is disclosed. Kroger asserts that a suggestion of remand coupled with a direction to meet and confer as to the applicability of prior rulings is more prudent than the relief sought by Plaintiff.

WHEREFORE, Kroger respectfully requests that the Court deem as preserved all objections to prior rulings referenced in Kroger's Motion and Plaintiff's Response, and issue a suggestion of remand after the pending *Daubert* and dispositive motions are resolved, with a direction to continue to meet and confer as to the applicability of prior rulings.

Dated: March 23, 2023

                                              Respectfully submitted,

---

The purpose of the foregoing list of objections is for Kroger to assert the applicable Track 1-A, Track 1-B, and Track 3 Defendants' objections to prior *Daubert* orders and ensure they are preserved and are applicable to Kroger in Track 7.

                                            **The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II,**

                                            **By counsel,**

*s/Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
Ashley Hardesty Odell, Esq. (WVSB 9380)
Fazal A. Shere, Esq. (WVSB 5433)
**BOWLES RICE LLP**
600 Quarrier Street
Charleston, West Virginia  25301
304-347-1100
rharvey@bowlesrice.com
fshere@bowlesrice.com
ahardestyodell@bowlesrice.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 23, 2023, the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notice to all counsel of record. Copies of this document may be obtained through the CM/ECF system.

*s/Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
