UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Lake, Ohio v. Purdue Pharma L.P., et al.*,<br>    Case No. 18-op-45032 (N.D. Ohio)<br><br>*County of Trumbull, Ohio v. Purdue Pharma, L.P., et al.*,<br>    Case No. 18-op-45079 (N.D. Ohio)<br><br>"Track 3 Cases" | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**WALMART'S OPPOSITION TO PLAINTIFFS LAKE AND TRUMBULL COUNTIES' MOTION FOR ORDER SEEKING DEFENDANTS CVS, WALGREENS, AND WALMART'S COMPLIANCE WITH THE COURT'S INJUNCTIVE ORDER NUNC PRO TUNC AND PLAINTIFFS' MOTION TO PERMIT DISCLOSURE OF DEFENDANTS' DOCUMENTS WITH MEMBERS OF THE PLAINTIFFS' EXECUTIVE COMMITTEE**

Defendant Walmart Inc. ("Walmart") opposes Plaintiffs Lake and Trumbull Counties' March 13, 2023 Motions [Dkt. 4952] that purport to seek (1) an order requiring Defendants CVS, Walgreens and Walmart to comply with the Court's Track 3 Injunctive Order and (2) an order permitting counsel for Lake and Trumbull Counties to disclose Defendants' confidential documents provided in connection with the Track 3 Injunctive Order to all members of the Plaintiffs Executive Committee ("PEC"), including those that have no relationship with Lake and Trumbull Counties and those representing clients actively litigating against Defendants in other contexts.

On the first issue, Plaintiffs acknowledge that Walmart's written policy complies with the Track 3 Injunctive Order, and thus, Plaintiffs' requested relief is moot as to Walmart.  *See* Mots.

1

at 2 ("Walmart's written policy complies with this requirement," referring to the Track 3 Injunctive Order's documentation requirement).

On the second issue, Walmart objects to Plaintiffs sharing its confidential documents relating to the Track 3 Injunctive Order with the entire PEC. The Track 3 Injunctive Order specifies that Defendants "shall provide a copy of the relevant CSCP Policies and Procedures to *the County and the Court*." Dkt. 4893 at 2 (emphasis added). Nowhere in the Track 3 Injunctive Order does it state that the PEC is entitled to these materials. Nor has the PEC shown any need for them. The PEC (in addition to Liaison Counsel such as Mr. Weinberger and Co-Lead Counsel) consists of 16 individuals from 16 different law firms across the country, most of whom have no relationship whatsoever with Lake and Trumbull Counties.[1] *See* Plaintiffs' Renewed Motion to Approve Co-Leads, Co-Liaisons, and Executive Committee, Dkt. 34 at 10-20 (granted on 1/4/2018, Dkt. 37). Additionally, many PEC members are Plaintiff leads for additional bellwether selection cases, such as Mr. James R. Dugan, II (TPP cases) and Mr. Don Barrett (Hospital cases). It would be inappropriate to give these (and other) Plaintiffs' counsel one-sided discovery of confidential Walmart documents via purported enforcement of the Track 3 Injunctive Order.

With respect to Walmart, this dispute arose in connection with Plaintiffs' request to obtain additional Walmart policies referred to in Paragraph VIII of Walmart's Controlled Substance Compliance Program Policy – Lake and Trumbull Counties ("Walmart's T3 Policy"), which was created in response to the Injunctive Order and provided to the Court and counsel for the Counties on February 20, 2023. Walmart's T3 Policy, on its face, complies with the Injunctive Order, as

---

[1] It is unclear with whom exactly Plaintiffs propose to share this information as the PEC is a specifically defined group of people that do not include other members of their law firms. *See* Dkt. 34 a 2 ("The proposed PEC has also been revise to include no more than one person from any one law firm.").

Plaintiffs have themselves acknowledged. *See* Mots. at 2  Thus, Plaintiffs have no basis to request these *additional* policies; the procedures for what documents Plaintiffs may request relating to the Injunctive Order (and when they may do so) is limited and specifically spelled out in the Order. Nevertheless, as a courtesy, Walmart offered to provide these additional policies if Plaintiffs agreed to maintain them as confidential and not share them beyond counsel for Lake and Trumbull Counties. *See* 3/1/23 Email from T. Fumerton to P. Weinberger (attached as Ex. A).  Plaintiffs never responded to that email and, instead, filed the instant Motions.[2]

Walmart's position is more than reasonable. Plaintiffs have not alleged any potential violation of the Injunctive Order by Walmart and have not articulated any basis for providing these materials to PEC counsel across the country. Plaintiffs and their counsel appear to be using these requests as a fishing expedition or an attempt to gain some sort of perceived advantage in other litigation. The Track 3 Injunctive Order does not provide Plaintiffs with unfettered access to Walmart documents. And it does not provide any basis for anyone other than Plaintiffs (and the Court) to receive documents under the Order.

\*   \*   \*

## CONCLUSION

For these reasons, as well as those set forth in the oppositions being filed contemporaneously by CVS and Walgreens, Walmart respectfully requests that the Court deny Plaintiffs' Motions in their entirety.

---

[2] In doing so, Plaintiffs failed to follow the procedure laid out in Section XVI of the Injunctive Order, "Enforcement of Order Terms." For that reason alone, Plaintiffs' Motions should also be denied.

3

Dated: March 23, 2023                                  Respectfully submitted,

                                                       */s/ Tara A. Fumerton*

                                                       Tina M. Tabacchi
                                                       Tara A. Fumerton
                                                       JONES DAY
                                                       110 North Wacker
                                                       Suite 4800
                                                       Chicago, IL 60606
                                                       Phone: (312) 782-3939
                                                       Fax: (312) 782-8585
                                                       E-mail: tmtabacchi@jonesday.com
                                                       E-mail: tfumerton@jonesday.com

                                                       *Counsel for Walmart Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of March, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

Dated: March 23, 2023

/s/ Tara A. Fumerton
*Attorney for Walmart Inc.*