UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track Three Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**CVS'S OPPOSITION TO PLAINTIFFS' MOTION REGARDING COMPLIANCE WITH INJUNCTION ORDER AND DISCLOSURE OF DOCUMENTS TO PEC**

Plaintiffs' motion (Doc. 4952) does not seek to enforce the terms of the injunction order as written. It seeks to amend it. The motion should be denied.

**BACKGROUND**

The only issue plaintiffs have raised with CVS's "compliance" pertains to the length of time that certain pharmacist notes in the counties will remain *accessible* to pharmacists—specifically, pharmacist notes documenting the resolution of red flags and refusals to fill. There is no dispute, however, that all such notes will remain accessible at least through the pendency of the appeal. As CVS has already advised plaintiffs, some notes are never archived, some notes may be archived after five years, and some notes may be archived after two years.

Nonetheless, plaintiffs ask the Court for an immediate determination that none of the notes at issue can be archived at any time prior to the end of the injunction order in 15 years. With no expert opinion or other record evidence to support their position on the duration of accessibility at the pharmacist level, plaintiffs take the position that notes recorded about a patient in 2023 must remain accessible to pharmacists in 2038.

To be clear, the issue is *not* preservation. CVS is preserving the notes even if they are archived and no longer accessible in the dispensing system. Once archived, the notes not only will be preserved, but they also will be accessible for review should CVS, the Court or a regulator seek them. The only issue is the length of time they must remain accessible to pharmacists, through the pharmacy dispensing system, before archiving.

## ARGUMENT

1.  <u>The plain terms of the injunction order do not require that documentation be accessible to pharmacists for 15 years</u>. The order states that pharmacist documentation of resolution of red flags and refusals to fill must be "available and easily accessible" to pharmacists. Doc. 4893 at 8. It does not state, however, that this documentation must be accessible to pharmacists for the entire 15-year period of the injunction order. The injunction order does not define a time period for accessibility. It leaves it to the judgment of each pharmacy.

Indeed, the only time period specified in the injunction order regarding this documentation pertains to preservation, not accessibility. It states that "any such records ***must be maintained for the duration of this Order***." *Id.* at 8 (emphasis added). CVS, however, is maintaining the records for the duration of the Order.[1] CVS therefore is not out of compliance. Plaintiffs' request that the Court amend the order to set a 15-year accessibility period and to direct CVS to issue a written policy conforming to that new amendment must be rejected.[2]

---

[1] As noted above, these records not only will be preserved, they will be accessible for review should CVS, the Court or a regulator seek them.

[2] The injunction order does not require a written policy on accessibility of pharmacist documentation. The injunction order requires that certain matters be addressed in written policy. *E.g.*, Doc. 4893 at 7-11 ("The Defendants' CSCP Policies and Procedures shall provide…."; "…the Defendant shall identify in its CSCP Policies and Procedures…."; "The CSCP Policies and Procedures shall require…."). Accessibility of pharmacist documentation is not one of them.

2. <u>It is unnecessary for the Court to address this issue now</u>. CVS policy requires that pharmacists document resolution of red flags and refusals to fill in CVS's pharmacy computer system and, as discussed above, note fields containing such documentation will be accessible to CVS pharmacists for a minimum of two years. Accordingly, all note fields containing pharmacist documentation of resolution of red flags and refusals to fill since the injunction order became operative will be accessible to CVS pharmacists throughout the pendency of CVS's appeal. If the judgment is affirmed, plaintiffs can re-raise this issue before any notes containing pharmacist documentation are archived. Especially given that plaintiffs developed no record evidence to support their view that two years of pharmacist accessibility is *per se* insufficient and that 15 years is necessary, any presentation of evidence on the issue should wait until the appeal is decided.

3. <u>There is no record evidence to support plaintiffs' request for an amendment of the injunction order</u>. Plaintiffs lack a basis in the record for trying to modify the injunction order to require that pharmacist notes on red flags or refusals be accessible to pharmacists for the 15-year period of the injunction. No expert or fact witness offered any testimony at trial on how long such notes should be made accessible to pharmacists. At the same time, the State of Ohio is clear that no more than two years of information is appropriate for the resolution of red flags. OARRS, the prescription drug monitoring program operated by the Ohio Board of Pharmacy, provides pharmacists with only "up to ***two years*** of an individual's controlled substance prescription history."[3] And in those circumstances when a pharmacist must review an OARRS report, Ohio law requires a pharmacist to review a report covering only "a ***one year*** time period." Ohio Admin. Code § 4729:5-5-08(D).

---

[3] OARRS 2013-14 Biennial Report at 6, *available at* https://www.ohiopmp.gov/documents/2013-2014_legislative_report.pdf; *see also* P-020809 ("OARRS data is maintained for a 2-year period (purged daily)….").

Because there is no expert testimony in the record on the subject, and because Ohio law conflicts with plaintiffs' position, the Court has no basis in the record to amend the injunction order to require that red-flag resolution and refusal-to-fill documentation be accessible to pharmacists for the 15-year duration of the injunction. If the Court considers modifying the injunction order, it must put in place a process that includes, among other things, an opportunity for the parties to submit evidence on what period of accessibility would be feasible and prudent for pharmacy practice.

4. <u>Plaintiffs neglected to follow the enforcement procedures in the injunction order</u>. The injunction order sets forth a detailed process that must be followed when the counties believe a defendant is not in compliance. Doc. 4893 at 12-13. Among other things, it makes clear that motions-practice is not allowed unless and until a "Corrective Action Plan" has been put in place, and plaintiffs believe a defendant has not complied with it. Doc. 4893 at 13 ("The County will follow the entire process outlined" in section XVI.A "prior to taking any other court or administrative action."). The counties did not follow that process here, and that is reason enough to deny the motion. In any event, the Court should direct plaintiffs to follow the enforcement procedures of the injunction order in the future.

5. <u>The injunction order does not permit sharing with the PEC</u>. The counties request permission to share documents produced by defendants pursuant to the injunction order with all PEC members who have signed the MDL protective order. This is yet another request to amend the injunction order, and this request should be denied as well. The injunction order requires that defendants provide certain documents to "the County." Doc. 4893 at 2 (section I.C.4) and 14 (section XVII.E). The order does not require that any documents be provided to PEC members, nor does it permit "the County" to share documents provided by defendants with PEC members.

The vast majority of PEC members do not represent the counties, did not appear at trial, and had no involvement in Track Three. The counties have identified zero need to share documents with such PEC members.

***

For the foregoing reasons, the counties' motion should be denied.


Dated:  March 23, 2023                                  Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: phynes@zuckerman.com


*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*