UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL 2804 |
| | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | Judge Dan Aaron Polster |
| *The Montgomery County Board of County Commissioners et al. v. Cardinal Health, Inc., et al.*, Case No. 1:18-op-46326-DAP | |

# REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY ADJUDICATION OF DEFENDANT'S DUTIES UNDER THE CONTROLLED SUBSTANCES ACT

2770302.2

-i-

**TABLE OF CONTENTS**

Page

ARGUMENT ................................................................................................................................. 2

I. Plaintiff's Motion Is Procedurally Proper ........................................................................ 2

II. This Court Should Reaffirm Its Prior Rulings with Respect to Pharmacy
Duties under the CSA ....................................................................................................... 8

    A.    As a Distributor, Kroger Is Required to Identify and Report
Suspicious Orders, and to Refrain from Shipping Orders So
Identified until It Has Determined, through Due Diligence, that the
Orders Are Not Likely to Be Diverted .................................................................. 9

    B.    As a Dispenser, Kroger Is Required to Provide Effective Controls
against Diversion, to Ensure that Only Valid Prescriptions Are
Dispensed, to Investigate Prescriptions with Indicia of Diversion,
and to Make Use of Information in Its Possession to Avoid
Dispensing Invalid Prescriptions ......................................................................... 11

CONCLUSION ............................................................................................................................ 14

# TABLE OF AUTHORITIES

Page

**Cases**

*Bradshaw v. Unity Marine Corp.*,
   147 F. Supp. 2d 668 (S.D. Tex. 2001) ............................................................................. 4

*Brown v. Smith*,
   827 F.3d 609 (7th Cir. 2016) ........................................................................................... 4

*City & County of San Francisco v. Purdue Pharma L.P.*,
   491 F. Supp. 3d 610 (N.D. Cal. 2020) ............................................................................. 9

*City of Huntington v. AmerisourceBergen Drug Corp.*,
   609 F. Supp. 3d 408 (S.D.W. Va. 2022) ........................................................................ 10

*Digital Group, LLC v. Hyper Networks, Inc.*,
   No. 19-cv-01008, 2022 WL 3142348 (M.D. Tenn. Aug. 5, 2022) .................................. 3

*Home Depot USA, Inc. v. Lafarge N. Am.*, Inc.,
   59 F.4th 55 (3d Cir. 2023) ................................................................................................ 7

*In re Nat'l Prescription Opiate Litig.*,
   477 F. Supp. 3d 613 (N.D. Ohio 2020) ........................................................... 8, 9, 11, 12, 13

*In re Nat'l Prescription Opiate Litig.*,
   No. 17-md-2804, 2019 WL 3917575 (N.D. Ohio Aug. 19, 2019) ................................ 8, 9

*Mikel v. Quin*,
   58 F.4th 252 (6th Cir. 2023) ............................................................................................. 5

*Thomas v. Metro. Life Ins. Co.*,
   631 F.3d 1153 (10th Cir. 2011) ....................................................................................... 4

*Walsh v. United States*,
   31 F.3d 696 (8th Cir. 1994) ............................................................................................. 4

**Rules**

Fed. R. Civ. P. 56 ................................................................................................................. 1, 2

**Other Authorities**

Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendment .................................. 2

**Regulations**

21 C.F.R. § 1301.71(a) .................................................................................................... 11, 12

2770302.2

Plaintiff submits this reply in further support of its motion for partial summary judgment with respect to Kroger's duties under the CSA.

Kroger dedicates significant portions of its opposition to the argument that the relief sought here is procedurally improper.  As discussed below, Kroger is wrong about the scope of Rule 56 (which specifically permits adjudication of less than an entire claim) and wrong about the availability of the relief sought here.  But Plaintiff notes the peculiarity of Kroger's position:  Kroger insists on its right to re-litigate the question of its legal duties under the CSA, but argues that cannot happen here.  Elsewhere, Kroger has opposed Plaintiff's motion for a case management order that would establish a procedure generally for each side to come forward with any arguments it has as to why this Court's prior MDL orders should not apply in this case to this defendant.  Nor did Kroger seek its own summary judgment ruling on this issue, as it could have.  Thus, Kroger maintains: (1) it should not be required to identify orders it believes should not apply; (2) it need not file its own motion for summary judgment to challenge the applicability of the court's prior order concerning Kroger's legal duties, apparently because such a motion would be duplicative of prior briefing; and (3) even where Plaintiff has identified orders that should apply and has given Kroger an opportunity oppose the application of those orders, the Court should not rule on the issue.  What Kroger fails to provide is any proposal or theory of its own as to *how* and *when* these issues should be addressed.  Given the likely role that Kroger's compliance, or not, with applicable legal requirements will play at trial, it is imperative that the parties know, before remand and before their final trial preparations, what those legal requirements

are.  Plaintiff's motion for partial summary judgment is a reasonable and procedurally proper means for this Court to address the applicability of its prior CSA orders in this case.

On the substance of the motion, Kroger offers little, if anything, that is new.  Rather, it recycles arguments made by other defendants that have already been rejected by this Court.  For the reasons set forth below, this Court should re-affirm and incorporate its prior CSA rulings and grant partial summary adjudication on the question of Kroger's legal duties under the CSA.

## ARGUMENT

### I. PLAINTIFF'S MOTION IS PROCEDURALLY PROPER

Kroger makes three arguments why the relief Plaintiff seeks is procedurally improper.  None has merit.

*First*, Kroger argues that summary judgment can only be granted with respect to an entire claim, not what Kroger refers to as a "fragment" of a claim.  This argument is belied by the text of Rule 56, which specifically states that a party must identify each claim or defense "or *the part of each claim or defense*" on which summary judgment is sought.  Fed. R. Civ. P. 56(a) (emphasis added).  The Advisory Committee Notes for the 2010 amendments to the rule emphasize this point, explaining that the rule has been amended "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or *part of a claim or defense*."  Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendment (emphasis added).  Even if, at some point in the past, the rule did not specifically allow for adjudication of

less than all of claim, that time is long past.  Kroger's citation to case law from the prior century to support its contention that only an entire claim can be adjudicated under Rule 56 is as perplexing as it is inapplicable, given the current text of the rule in this century and the Advisory Committee Note – now more than 10 years old – explaining it.

Kroger does rely on one recent case, but that case provides no support for Kroger's position.  In *Digital Group, LLC v. Hyper Networks, Inc.*, the court recognized that Rule 56 expressly authorizes partial summary judgment on less than all of a claim. No. 19-cv-01008, 2022 WL 3142348, at *4 (M.D. Tenn. Aug. 5, 2022). The court then mused about the potential difficulties the rule might present, confessing to a certain amount of confusion and perplexity, but concluded that it "need not delve exhaustively into the questions it has raised," *id.* at *5, because the motion before it, for judgment on less than an entire claim, was plainly susceptible of adjudication.  Although the court in *Digital Group* clearly thought that *some* motions for partial summary judgment might be too fragmentary, it made no headway on identifying what those might be, or what standards a court should use to decide that question.  This speculative *dicta* is too slender a reed to support Kroger's argument that Rule 56 means anything other than what it says when it specifies that partial summary judgment is available on a "part of [a] claim or defense."

This is especially true because Kroger makes no attempt to demonstrate why the issue raised in this motion is "too fragmentary" to be meaningfully decided here.  Nor could it, in light of the clear authority that "[s]tatutory interpretation is a matter of law

-3-

appropriate for resolution on summary judgment." *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011); *see also Walsh v. United States*, 31 F.3d 696, 698 (8th Cir. 1994) (where an unresolved issue is "primarily legal rather than factual, summary judgment is particularly appropriate" (citation omitted)); *Brown v. Smith*, 827 F.3d 609, 613 (7th Cir. 2016) (a "question of law" suitable for summary adjudication "typically concerns the meaning of a statutory or constitutional provision, regulation, or common law doctrine" (internal quotation marks and citations omitted)).  If there are issues too fragmentary for adjudication under Rule 56, straightforward questions of statutory interpretation are not among them.

*Second,* Kroger's argument that Plaintiff is, in effect, seeking a declaratory judgment, is nonsense. Plaintiff has brought a claim seeking abatement under Ohio nuisance law; it seeks no relief under the Controlled Substances Act and no declaratory judgment. It is true that, under Ohio law, the legality of Kroger's conduct is relevant to Plaintiff's nuisance claim; it is also true that, in order to determine if Kroger behaved unlawfully, the court must decide what the law – in this case, the CSA – required Kroger to do.  But that garden-variety legal construction is not a "declaratory judgment"; it is merely a predicate for Plaintiff's claim under Ohio nuisance law.

Kroger's argument that this is the equivalent of a declaratory judgment is curiously devoid of citation to relevant authority.  *Bradshaw v. Unity Marine Corp.*, 147 F. Supp. 2d 668, 671 (S.D. Tex. 2001), contains a colorful quotation about dressed-up pigs, but the issue to which that court was referring was whether the plaintiff there had a claim in admiralty (which the court thought it didn't).  The case has nothing whatsoever

to do with declaratory judgments or statutory construction or indeed anything else relevant to this motion. *Mikel v. Quin*, 58 F.4th 252, 259 (6th Cir. 2023), is marginally closer to the mark, in that it involves an action for a declaratory judgment, but nonetheless, it provides no support for Kroger's position here. In *Mikel*, the plaintiff sought two declaratory judgments. The court found that neither had a "conclusive character" – that is, neither of the judgments plaintiff sought were "substantially likely to redress . . . plaintiff's actual or imminent injuries." 58 F.4th at 259. But Kroger does not explain how this basic principle of declaratory judgment law applies here, where Plaintiff is seeking an abatement remedy under state law, *not* a declaratory judgment. Kroger's suggestion that any time the Court must decide a predicate or underlying issue of pure law, it is issuing a declaratory judgment, is entirely unsupported and should be rejected.

Because Plaintiff is not seeking a declaratory judgment, the existence, or not, of a private right of action under the CSA is irrelevant. Plaintiff is not asking this Court (or the remand court) to enforce the CSA – it is asking the court to look to the CSA to determine if Kroger's conduct meets the standards for "unlawfulness" under Ohio nuisance law. For the same reason, Kroger's contention that Plaintiff is seeking an "advisory opinion" is simply wrong. Because the question of the lawfulness of Kroger's conduct turns, at least in part, on what the CSA required it to do, the issue on which Plaintiff seeks a ruling has concrete and tangible consequences for the remainder of this action.

2770302.2

to do with declaratory judgments or statutory construction or indeed anything else relevant to this motion.  *Mikel v. Quin*, 58 F.4th 252, 259 (6th Cir. 2023), is marginally closer to the mark, in that it involves an action for a declaratory judgment, but nonetheless, it provides no support for Kroger's position here.  In *Mikel*, the plaintiff sought two declaratory judgments.  The court found that neither had a "conclusive character" – that is, neither of the judgments plaintiff sought were "substantially likely to redress . . . plaintiff's actual or imminent injuries."  58 F.4th at 259.  But Kroger does not explain how this basic principle of declaratory judgment law applies here, where Plaintiff is seeking an abatement remedy under state law, *not* a declaratory judgment.  Kroger's suggestion that any time the Court must decide a predicate or underlying issue of pure law, it is issuing a declaratory judgment, is entirely unsupported and should be rejected.

Because Plaintiff is not seeking a declaratory judgment, the existence, or not, of a private right of action under the CSA is irrelevant.  Plaintiff is not asking this Court (or the remand court) to enforce the CSA – it is asking the court to look to the CSA to determine if Kroger's conduct meets the standards for "unlawfulness" under Ohio nuisance law.  For the same reason, Kroger's contention that Plaintiff is seeking an "advisory opinion" is simply wrong.  Because the question of the lawfulness of Kroger's conduct turns, at least in part, on what the CSA required it to do, the issue on which Plaintiff seeks a ruling has concrete and tangible consequences for the remainder of this action.

*Finally*, Kroger argues that application of this Court's prior rulings on the CSA somewhat violates the limits on law of the case and issue preclusion.  This, too, is nonsense.  Plaintiff sought partial summary judgment with respect to this Court's CSA rulings precisely in order to provide Kroger with an opportunity to litigate the issue, if it had any new arguments to make.  This was made necessary, in part, because Kroger failed to make use of the invitation in this Court's prior orders regarding the application of prior rulings; it failed to come forward and explain why this Court's prior rulings concerning the scope of the CSA should not apply.[1]  It filed no motion of its own placing the issue before the Court.  Accordingly, Plaintiff filed this motion for partial summary judgment to ensure that the issue would be addressed.  It makes no sense to say that in placing the issue before the Court, Plaintiff is depriving Kroger of the opportunity to litigate it.  Indeed, Kroger fails to explain *how* or *when* this issue is be decided in this case if not on this motion.  This Court can and should rule now on the applicability of its prior CSA rulings, to resolve, in advance of remand and trial, the scope of Kroger's legal duties under the CSA, as those duties undergird (in part) Plaintiff's claim that Kroger's conduct was "unlawful" within the meaning of Ohio nuisance law.

---

[1] Oddly, Kroger did move to have the Court adopt prior rulings that Kroger apparently does not intend to challenge, seeking to incorporate those prior rulings and preserve its objections.  *See* MDL ECF No. 4883.  But it has opposed Plaintiff's motion seeking to formalize a procedure for any challenges the parties wish to make.  *See* MDL ECF No. 4947 (Mar. 9, 2023).  Kroger has yet to explain how or when it believes the issues the parties may wish to litigate anew should be raised or decided.

Kroger's discussion of *Home Depot USA, Inc. v. Lafarge N. Am.*, Inc., 59 F.4th 55, 66 (3d Cir. 2023), also misses the point.  In *Home Depot*, the Third Circuit noted that an MDL court could productively use case management orders to accomplish MDL efficiencies without violating the limits of "law of the case" and issue preclusion.  The Court suggested that an MDL court might issue a case management order providing that its rulings in a particular case will apply presumptively "to other parties if they do not come forward and show cause why it should not be applicable.  59 F.4th at 66.  This, of course, is precisely what this Court has done in this case with respect to certain orders and what Plaintiff's motion for CMO seeks to formalize.  Kroger's bizarre suggestion that this case management device can only be used to extend *case management*, rather than substantive, orders, is inconsistent with the language and context of *Home Depot*, and with common sense.  The underlying order at issue in *Home Depot* was a substantive, evidentiary ruling, not a case management order.  And the problem the Third Circuit was attempting to solve, in its recommendation of the procedure Plaintiff seeks to have adopted here, was to realize the efficiencies and judicial economy of multi-district litigation, without compromising the rights of parties.  These concerns are, of course, most pressing with respect to the Court's substantive rulings on the basic legal framework applicable to the claims in the MDL.  The fact that case management orders are the *tool* for managing this problem in no way suggests that the recommended procedure is limited to extension of other case management orders.

2770302.2

## II. THIS COURT SHOULD REAFFIRM ITS PRIOR RULINGS WITH RESPECT TO PHARMACY DUTIES UNDER THE CSA

Kroger argues that, if the Court were to reach the issue raised by Plaintiff, it should deny Plaintiff's motion because Kroger disputes the existence of the CSA duties at issue. This argument has been and should be rejected. This Court's original rulings on the scope of distributor and dispensing duties were correct, and this Court should re-affirm them.

First, Plaintiff notes that Kroger's position in opposition here runs counter to its own motion to dismiss *in this case*, and the Court's resulting order on that motion. *See* CT7 ECF Nos. 44; 44-1; and 45. In their June 18, 2021, motion to dismiss the supplemental complaint, signed by, *inter alia* Kroger's counsel, the CT7 Pharmacy Defendants incorporated the arguments made previously by Pharmacy Defendants in Tracks 1 and 3 with respect to CSA duties. *See* CT7 ECF No.; 44-1 at 1. On June 23, 2021, this Court denied that motion to dismiss. In so doing, the Court incorporated its prior rulings, specifically MDL ECF No. 2483 (reported at *In re Nat'l Prescription Opiate Litig.*, No. 17-md-2804, 2019 WL 3917575, at *9 (N.D. Ohio Aug. 19, 2019)), and MDL ECF No. 3403, (reported at *In re Nat'l Prescription Opiate Litig.*, 477 F. Supp. 3d 613, 625 (N.D. Ohio 2020)), *see* CT7 ECF No. 45 at 2 – precisely the two orders Plaintiff now seeks to have incorporated and re-affirmed. Having previously decided to stand on the prior briefing of other defendants, and having sought and obtained a ruling on the precise

issues raised here, Kroger should not be heard to say that these orders are not applicable in this case.[2]

### A. AS A DISTRIBUTOR, KROGER IS REQUIRED TO IDENTIFY AND REPORT SUSPICIOUS ORDERS, AND TO REFRAIN FROM SHIPPING ORDERS SO IDENTIFIED UNTIL IT HAS DETERMINED, THROUGH DUE DILIGENCE, THAT THE ORDERS ARE NOT LIKELY TO BE DIVERTED

This Court has twice held that distributors of opioids are required by the CSA to identify and report suspicious orders, and to refrain from shipping those orders until it has determined, through due diligence investigation, that the orders are not likely to be diverted. *In re Nat'l Prescription Opiate Litig.*, No. 17-md-2804, 2019 WL 3917575, at *9 (N.D. Ohio Aug. 19, 2019); *In re Nat'l Prescription Opiate Litig.*, 477 F. Supp. 3d 613, 625 (N.D. Ohio 2020); *see also* CT7 ECF No. 45 (incorporating and re-affirming prior orders). With regard to the "no-shipping" duty, indeed, the Court held that it was "hard-pressed to think of a more basic requirement." 2019 WL 3917575, at *9. Plaintiff notes that Judge Breyer, in the Northern District of California, ruling in the early remanded CT4 case, reached the same conclusion. *City & County of San Francisco v. Purdue Pharma L.P.*, (CT4), 491 F. Supp. 3d 610, 631 (N.D. Cal. 2020) (adopting as "persuasive the MDL's conclusions [. . . that] "the CSA and its implementing regulations do impose duties on the Defendants"). Rather than repeat the arguments that other plaintiffs in

---

[2] Because of the existence of this Court's June 23, 2021 order, incorporating the prior CSA rulings in this case, it was arguably unnecessary for the Plaintiff to seek the relief requested in this motion. But the parties were at odds over the applicability of prior rulings and the procedure to be followed to address them, and the issue here is of sufficient importance that Plaintiff thought it best to seek relief to remove *all possible doubt* that these CSA rulings are fully applicable in this case.

this MDL have made on this issue, Plaintiff hereby incorporates the following briefing in which the issues regarding distributor duties are fully set forth:  MDL ECF No. 1887 (N.D. Ohio July 19, 2019) (Plfs' Motion for Partial Summary Adjudication of Defendants' Duties under the CSA);  MDL ECF No. 2466/3017 (N.D. Ohio Aug. 16, 2019/Dec 18, 2019) (Consol. Reply Mem. In Further Support of Pltfs. Motions for Partial Summary Adjudication with Respect to the Controlled Substances Act); MDL ECF No. 3366 (N.D. Ohio July 2, 2020) (CT3 Pltfs. MOL in Opp. to Pharmacy Defts. Motion to Dismiss Second Amended Complaints); MDL ECF No. 1910-1 (N.D. Ohio Jul 19, 2019) (CT1 Ps' Mot. for Partial SJ on CSA Duties); MDL ECF No. 1924-1 (N.D. Ohio Jul 19, 2019) (CT1 Ps' Mot. for Partial SJ on CSA Compliance); MDL ECF No. 4218 (N.D. Ohio Dec 29, 2021) (CT3 Ps' Opp. to GE/HBC MSJ).

In challenging this ruling, Kroger cites *City of Huntington v. AmerisourceBergen Drug Corp.*, 609 F. Supp. 3d 408 (S.D.W. Va. 2022), but to the extent that Judge Faber reached different conclusions about the scope of distributor duties under the CSA, this Court should not reverse its previous correct rulings and follow him in error.  (As already noted, Judge Breyer, in CT4, adopted this Court's ruling on the issue.)  Nor, in any event, does Judge Faber's decision support Kroger's position that distributor duties are non-existent, since Judge Faber expressly held that the CSA *does* impose duties on distributors of controlled substances, *see* 609 F. Supp. 3d at 421-25, (even though the

-10-

scope of the duties he found was at odds with the prior ruling of this Court and with what Plaintiff believes to be the proper interpretation of the CSA.[3]

Previous filings in this case have addressed Kroger's contentions that the CSA imposes no affirmative obligation on registrants (belied by the plain language of 21 C.F.R. § 1301.71(a), which states that "[a]ll applicants and registrants *shall* provide effective controls and procedures to guard against theft and diversion of controlled substances" (emphasis added)) and that the obligations are enforceable only by the DEA (but of course, Plaintiff does not seek to enforce Kroger's DEA obligations; rather Ohio law has made Kroger's violations of law relevant to the determination of whether it can be required to abate the public nuisance it has participated in creating and maintaining). Plaintiff respectfully refers the Court to those filings, as well as to the Court's own clear orders on these points, and requests that the Court reach the same conclusion here, with respect to distributor duties, as it did in CT1 and CT3.

> **B.  AS A DISPENSER, KROGER IS REQUIRED TO PROVIDE EFFECTIVE CONTROLS AGAINST DIVERSION, TO ENSURE THAT ONLY VALID PRESCRIPTIONS ARE DISPENSED, TO INVESTIGATE PRESCRIPTIONS WITH INDICIA OF DIVERSION, AND TO MAKE USE OF INFORMATION IN ITS POSSESSION TO AVOID DISPENSING INVALID PRESCRIPTIONS**

Kroger similarly takes issue with the duties of dispensers as set forth in this Court's order in CT3, *In re Nat'l Prescription Opiate Litig.*, 477 F. Supp. 3d 613; *see also* CT7 ECF No. 45 (incorporating and re-affirming prior orders). Plaintiff hereby

---

[3] Kroger relies on Judge Faber's erroneous decision with respect to distributor duties, but ignores that that decision is decidedly unhelpful to Kroger on the question of the role of *dispensers*.

incorporates the arguments previously presented to this Court at: MDL ECF No. 3366 (N.D. Ohio July 2, 2020) (Pltf. Mem. of Law in Opp. to Pharmacy Defts. Motion to Dismiss Second Amended Complaints); MDL ECF No. 3456 (CT3 Ps' Opp. to Ds' Mot. for Reconsideration); MDL ECF No. 4241 (CT3 Ps' Opp. to Ds' Rule 50(b) Mot.); *see also* CT4 ECF No. 208 (N.D. Cal. May 15, 2020) (Plf's Omnibus Opp. to MTDs), and asks the Court to reaffirm its prior holding on the basis of those arguments.

In opposing Plaintiff's motion, Kroger contends that "the duty of effective controls concerns Ohio law, not the CSA," ECF No. 4948 at 9, but this is plainly not so. As noted above, 21 C.F.R. § 1301.71(a) expressly requires *all* registrants to provide effective controls against diversion, making the duty one of federal law under the CSA, not Ohio law. *See Trumbull County v. Purdue Pharma, LP*, No. 22-3750, ECF No. 72 (6th Cir. Mar. 21, 2023) (DOJ Amicus Brief noting the government's interpretation of the federal regulations which comports with this Court's prior rulings). It is true that elsewhere in its motion, Plaintiff does refer to Ohio law (as the Court did in its CT3 order), but Kroger misconstrues the import of that reference. As the Court noted in its order, Ohio law imposes certain duties on pharmacies, including the collection of certain data. *See* 477 F. Supp. 3d at 631. These duties are congruent with, and reinforce, Kroger's duties under the CSA. As this Court has found, Kroger is not permitted to ignore data in its possession that it is required, under either federal or state law, to collect. The existence of Kroger's state law duties thus provides context and support for the duties under the CSA that are at issue here.

-12-

Kroger also contends that the relief Plaintiff seeks does not reflect or correspond with this Court's holdings.  This is not so – each of the dispenser duties listed in the "Conclusion" section of Plaintiff's motion is expressly found in the Court's prior ruling. *See* 477 F. Supp. 3d at 625 ("all registrants have an affirmative obligation to protect not only against diversion via theft but also other forms of diversion more broadly."); 477 F. Supp. 3d at 626 (both pharmacists and pharmacies have responsibility for proper dispensing of controlled substances and must dispense only pursuant to a valid prescription); 477 F. Supp. 3d at 631 (pharmacy is required under the CSA to "(1) collect and maintain specific records and data regarding its dispensing activity; (2) employ a properly licensed pharmacist; and (3) properly dispense controlled substances and avoid diversion."); and 477 F. Supp. 3d at 631 ("these requirements collectively mean that the Pharmacy Defendants cannot collect data as required by the statute, employ a licensed pharmacist as required by the statute, identify red flags as required by Agency decisions, but then do nothing with their collected data and leave their pharmacist-employees with the sole responsibility to ensure only proper prescriptions are filled.  Possessing, yet doing nothing with, information about possible diversion would actually facilitate diversion, and thus violate the CSA's fundamental mandate. . . ."). But no matter – Plaintiff seeks a ruling from this Court re-affirming and incorporating its prior order from CT3 with respect to dispenser duties; if Plaintiff's paraphrasing were inaccurate (and it is not), Plaintiff would still be entitled to an order re-affirming dispenser duties under the CSA as previously established by this Court.

-13-

2770302.2

CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's Motion, and in the previous briefing incorporated herein, this Court should grant Plaintiff's motion for partial summary judgment regarding defendant's duties under the CSA and incorporate and re-affirm its prior orders setting forth these duties.

Dated: March 23, 2023          Respectfully submitted,

>          Jayne Conroy
>          SIMMONS HANLY CONROY
>          112 Madison Avenue, 7th Floor
>          New York, NY 10016
>          (212) 784-6400
>          (212) 213-5949 (fax)
>          jconroy@simmonsfirm.com
>
>          Joseph F. Rice
>          MOTLEY RICE LLC
>          28 Bridgeside Blvd.
>          Mt. Pleasant, SC 29464
>          (843) 216-9000
>          (843) 216-9290 (Fax)
>          jrice@motleyrice.com
>
>          Paul T. Farrell, Jr., Esq.
>          FARRELL & FULLER LLC
>          1311 Ponce de Leone Ave., Suite 202
>          San Juan, PR  00907
>          (304)654-8281
>          paul@farrellfuller.com
>
>          *Plaintiffs' Co-Lead Counsel*

>*/s/Peter H. Weinberger*
>Peter H. Weinberger (0022076)
>SPANGENBERG SHIBLEY &LIBER
>1001 Lakeside Avenue East, Suite 1700
>Cleveland, OH 44114
>(216) 696-3232
>(216) 696-3924 (Fax)
>pweinberger@spanglaw.com
>
>*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and may be obtained by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger

2770302.2