UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track Seven 1:18-op-46326* | MDL 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

# KROGER DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DR. JACK FINCHAM'S IMPROPER AND UNTIMELY EXPERT REPORT

Defendants The Kroger Co., Kroger Limited Partnership I, and Kroger Limited Partnership II (hereafter collectively referred to as "Kroger") filed a Motion to Strike Dr. Jack Fincham's Expert Report on March 7, 2023. *See* Dkt. 4937. In Section I of its Motion, Kroger requests the Court to strike Dr. Fincham's report because the disclosure was untimely and harmful to Kroger. *Id*. at 5. In Section II, Kroger argues that if the Court does not grant its Motion, the Court should permit Kroger the opportunity to file a *Daubert* motion regarding Dr. Fincham's qualifications to analyze survey results and grant Kroger the opportunity to depose Dr. Fincham. *Id.* at 10. On March 21, 2023, Plaintiff filed its Opposition to Kroger's Motion to Strike requesting the Court deny Kroger's Motion to Strike. *See* Dkt. 4961.

The Court should reject Plaintiff's arguments in its Opposition and grant Kroger's Motion because: (1) Dr. Fincham's Report is not truly a rebuttal report, but instead, an initial expert report which the Plaintiff disclosed more than six months after the CMO's deadline for initial reports; (2) even if the Court finds Dr. Fincham's report is a true rebuttal, the Court should still grant Kroger's Motion because the Court's various Case Management Orders ("CMOs") did not mention rebuttal

reports, the ninety day rule in Fed. R. Civ. P. 26(a)(2)(D)(i) does not apply to rebuttal reports or when there is a court order, and under the thirty-day rule in Fed. R. C. P. 26(a)(2)(D)(ii) Plaintiff's disclosure would still be untimely; and (3) regardless of whether Dr. Fincham's Report is a true rebuttal report, Plaintiff's untimely disclosure of Dr. Fincham's report is harmful to Kroger and Plaintiff offers no convincing support for its argument, nor could they, that the disclosure was substantially justified.

However, if the Court decides not to grant Kroger's Motion to Strike, Kroger requests the Court permit Kroger and Plaintiff to confer to schedule a deposition of Dr. Fincham and grant Kroger's request to submit a *Daubert* motion challenging Dr. Fincham's qualifications by a deadline approved by Kroger and the Court or by Kroger and the Special Master. The Plaintiff essentially already agreed to these conditions in its Opposition.[1] Therefore, if the Court rules against Kroger's Motion, the Court should grant Kroger's request to schedule deposition dates for Dr. Fincham and grant Kroger an extension to file a *Daubert* motion.

## ARGUMENT[2]

### I. Dr. Fincham's Report Is Not a True Rebuttal Report

The Could should grant Kroger's Motion because Dr. Fincham's report is not truly a rebuttal report, but instead, an initial expert report disguised as a rebuttal report. The Special

---

[1] In its Opposition, Plaintiff requests the Court to deny Kroger's Motion to Strike and instead, "direct the parties to confer concerning a schedule for a deposition of Dr. Fincham and submission of a proposed schedule for briefing any *Daubert* challenge." *See* Dkt. 4961.

[2] Plaintiff notes that the use of a Motion to Strike in the context of an expert report challenge, as Kroger does here, has been questioned by the Court. *See* Dkt. 4961 at 4, n. 2 (citing *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, 2007 WL 1514282, at *3 (N.D. Ohio May 22, 2007)). However, even if the Plaintiff here is correct that a motion in limine is the most appropriate method for challenging an expert report, Plaintiff's untimely disclosure of Dr. Fincham's report precluded Kroger from filing a *Daubert* motion. *See Experts: Expert Reports*, Practical Law Practice Note 1-572-8028 ("a party seeking to exclude the testimony of an opponent's expert may file a motion in limine, often called a *Daubert* motion"). The Special Master's latest CMO clearly stated that the deadline for filing *Daubert* motions was February 8, 2023. Dkt. 4631 at 4. However, Plaintiff did not disclose Dr. Fincham's Report until nine days later, on February 17. Dkt. 4961 at 4.

2

Master set August 8, 2022, as the deadline for Plaintiff's initial expert reports. Dkt. 80 at 2. Therefore, the Court should exclude Dr. Fincham's report because the Plaintiff's disclosure exceeded the CMO's deadline for initial reports by more than six months.

Rebuttal evidence must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party… ." Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal experts cannot exceed the scope of simply responding to the original expert's testimony and opinions. *Express Energy Servs. Operating, L.P. V. Hall Drilling, LLC*, 2015 WL 3743795 at *3 (E.D. Ohio 2015). "If the phrase 'same subject matter' is read broadly to encompass any possible topic that relates to the subject matter at issue, it will blur the distinction between 'affirmative expert' and 'rebuttal expert.'" *Vu v. McNeil-PPC, Inc.*, No. CV091656, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). Finally, rebuttal evidence may be used to challenge the evidence or theory of an opponent, but not to establish a **case-in-chief**. *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 685 (5th Cir. 1991) ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the **case-in-chief**.") (emphasis in original).

Here, Kroger did not simply take language from Dr. Fincham's report out of context in its argument that Dr. Fincham's Report far exceeded the scope of simply responding to Dr. Selzer's report.[3] *See* Dkt. 4961 at 8. Dr. Selzer's report only included her interpretation of the Ohio Board of Pharmacy survey results, whereas in his Report, Dr. Fincham far exceeded that scope by opining extensively on pharmacy practices and pharmacy standards—topics that lie at the heart of Plaintiff's case-in-chief. For instance, in his report, Dr. Fincham opines on pharmacists'

---

[3] Kroger reasserts the argument in its Motion to Exclude that "Dr. Fincham inserts several opinions regarding pharmacy operations, dispensing obligations, and opioid abuse and diversion that are significantly outside the scope of survey result analysis. Dkt. 4937 at 8. Examples of opinions that exceed this scope include but are not limited to Dr. Fincham's statements that: "It has long been known and appreciated in the practice of pharmacy that workloads can impact patient safety" and "questions concerning safe and effective patient care invoke for a pharmacist their obligations in dispensing controlled substances." *Id.* (quoting Fincham Rpt. at 9 and 15).

3

responsibilities under the Controlled Substances Act ("CSA") by making statements like, "The pharmacy and its pharmacists have an independent responsibility from the prescriber to assess whether the controlled substance prescription should be dispensed" and opining that this is a "very serious responsibility." Fincham Rpt. at 13. Similarly, the Plaintiff's Amended Complaint states that "Kroger understood the vital importance of its role as the last line of defense" in supporting its argument that Kroger recognized the importance of corresponding responsibility under the CSA and allegedly failed to exercise that responsibility in preventing diversion. *See* Dkt. 3738 at 134, ¶ 467. Dr. Fincham also opines that, "Dangerous drugs obtained through licensed pharmacies contributed to the state's opioid epidemic," which directly supports the Plaintiff's assertion that "the [Pharmacy Defendants] have contributed to an oversupply of opioids in Ohio." *Id.* at 219, ¶ 709.

Discussions of pharmacy standards of care and the role of pharmacies and pharmacies in corresponding responsibility and the prevention of diversion far exceed the scope of responding to Dr. Selzer's analysis of survey results and are intended bolster arguments made by the Plaintiff in its case-in-chief. Accordingly, the Court should find that Dr. Fincham's Report is an initial expert report and that Plaintiff untimely disclosed the Report more than six months after the deadline for initial reports.

## II. Even if Dr. Fincham's Report Is Truly a Rebuttal, Plaintiff's Disclosure Was Still Untimely

### A. The Case Management Orders Govern Expert Disclosure, and Do Not Provide a Deadline for Rebuttal Reports

The Court should grant Kroger's Motion to Strike because the CMOs required Plaintiff's expert reports to be filed by August 8, 2022, and they do not permit rebuttal reports. The disclosure

4

timeline set forth in Rule 26(a)(2)(D) only applies in the absence of a court order or stipulation, and here there is a court order setting disclosure deadlines.

Several courts across numerous federal districts agree that default timing rule for rebuttal disclosures in FRCP 26 does not apply when there is a scheduling plan or case management order that does not mention rebuttal reports. *See*, *e.g.*, *Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002) (finding the thirty-day disclosure deadline for expert rebuttals in [Rule 26[4]] only applies "in the absence of other directions from the court or stipulation by the parties."); *Masler v. Marshall Fields*, No. CIV. 06-4917PAMJSM, 2007 WL 6815352, at *4 (D. Minn. Dec. 21, 2007) (the Court found that the timing provisions of [Rule 26] did not apply did not apply because the Court's scheduling order did not mention rebuttal reports); *C.A. v. AMLI at Riverbend, L.P.*, No. 1:06-CV-1736-SEB-DML, 2009 WL 10687810, at *5 (S.D. Ind. Sept. 4, 2009) (same).

In this case there have been three Case Management Orders, each of which discussed the timing of expert disclosures and depositions. None of the CMOs permit or discuss rebuttal reports. Special Master Cohen issued several rulings on topics related to expert discovery that were hotly debated by Kroger and Plaintiff, which were memorialized in each of the CMOs.[5] However, Plaintiff never sought permission from Master Cohen nor the Court for disclosing Dr. Fincham's report nearly six months after the August 8, 2022 deadline for Plaintiff's expert reports. *See* Dkt. 80 at 2.

---

[4] The Court in *Eckelkamp* cites the 2000 version of Fed. R. Civ. P. 26, which contains identical language concerning the timing of expert rebuttal reports in the absence of other directions from the court or stipulation by the parties. Fed. R. Civ. P. 26(a)(2)(C) (2000) (internal quotations omitted) ("if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party" disclosure of expert rebuttal must be "within 30 days after the disclosure made by the other party").

[5] *See e.g.* Dkt. 4631 at 3-4 (Kroger and Plaintiff submitted numerous letters, exchanged emails, and participated in two teleconference discussions regarding extending Kroger's deadline for disclosing expert reports).

Additionally, the Local Rules mandate that "[d]iscovery must be conducted according to limitations established at the Case Management Conference and confirmed in the Case Management Plan." N.D. Ohio Loc. Civ. R. 26.1. Here, disclosure of Dr. Fincham's report clearly violated the limitations established by the Case Management Orders (memorialized in various Case Management Plans), which did not specifically permit for rebuttal reports.

In its Opposition, Plaintiff notes that during a meet and confer on February 2, 2023, to *discuss other issues*, Plaintiff mentioned that it planned to serve a rebuttal report to the opinions expressed by Dr. Selzer. *See* Dkt. 4961 at 3. However, neither Kroger, the Special Master, nor the Court ever agreed to Plaintiff's request. The Court should not allow for Plaintiff to circumvent its CMOs "by issuing an expert report that was neither agreed to by the parties nor set by the Court." *Masler*, 2007 WL 6815352, at *5. In accordance with the CMOs, Plaintiff's expert disclosures were due in August without exceptions.

### B. Even if Rule 26(a)(2)(D) Does Apply, Plaintiff's Disclosure of Dr. Fincham's Report Is Untimely Under the Default Disclosure Rules

The Court should still grant Kroger's Motion even if it determines that a rebuttal report was permitted in this instance because: (i) Rule 26(a)(2)(D)(i), which permits the disclosure of expert reports ninety days before trial, does not apply to rebuttal reports; and (ii) Plaintiff disclosed Dr. Fincham's Report more than thirty days after the thirty-day default deadline in Rule 26(a)(2)(D)(ii).

i. Plaintiff Is Incorrect in Asserting that Ninety-Day Rule in Fed. R. Civ. P. 26(a)(2)(D)(i) Should Apply to Dr. Fincham's Report

Fed. R. Civ. P. 26(a)(2)(D)(i) provides that "*[A]bsent a stipulation or a court order*, [expert] disclosures must be made. . . at least 90 days before the date set for trial or for the case to be ready for trial." (emphasis added). Plaintiff criticizes the caselaw Kroger cites from this District,

6

*In Re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 12748011 (N.D. Ohio May 26, 2015), which found that this ninety-day rule does not apply when the court speaks to the issue of expert disclosures through CMOs or otherwise. *See* Dkt. 4961 at 6. However, the Court, in its decision in *In Re Polyeuathane* cited the same passage of *Dixon v. Certainteed Corp.*, 168 F.R.D. 51 (D. Kan. 1996) the Plaintiff cites for its criticism of *In Re Polyeuathane*[6] and followed its guidance because both Courts found that the ninety-day rule only applies absent an order or stipulation. *See*, *Dixon*, 168 F.R.D. 51 at 54 ("*absent an order to the contrary*, the rule sets this period of time generally as 90 days before the trial date…") (emphasis added); *compare In Re Polyurethane*, 2015 WL 12748011, at *5 (the Court found that rationale of *Dixon* does not stand for the proposition that "the 90-day deadline should apply to set the deadline for disclosure of rebuttal…which includes a scheduling order fixing the date for disclosure of opinions that are the target of the rebuttal evidence.").

Here, the Court's numerous CMOs set forth deadlines for expert discovery, including when Plaintiff must disclose its experts' reports. Therefore, the deadlines in the CMO control and not Rule 26(a)(2)(D)(i). It is noteworthy that Courts have found the 90-day requirement in Rule 26(a)(2)(D)(i) exists only "to ensure that the initial expert report is not disclosed too close to trial…" *See, e.g., Bowman v. Int'l Bus. Mach. Corp.*, 2012 WL 6596933, at *2 (S.D. Ind. 2012). Additionally, if, as the Plaintiff asserts, Dr. Fincham's Report is truly a rebuttal of Dr. Selzer's Report, the 90-day requirement also should not apply.

> ii. Plaintiff Failed to Timely Disclose Dr. Fincham's Report Under the Thirty-Day Rule in Fed. R. Civ. P. 26(a)(2)(D)(ii)

---

[6] In its Opposition, the Plaintiff quotes the following passage from *Dixon*: "[Rule 26] provides a safety valve ... for the party who receives the report of an opposing expert with either insufficient or no time left to provide one in rebuttal before the deadline of 90 days before trial." *Id.* (quoting *Dixon*, 168 F.R.D. 51 at 54); *compare In Re Polyurethane*, 2015 WL 12748011, at *5 (quoting same).  If Rule 26 acts as a secondary deadline for expert disclosures notwithstanding a court order, then court-ordered disclosure deadlines are meaningless and this Court has no power to control disclosures.

Plaintiff failed to timely disclose Dr. Fincham's Report under the thirty-day rule in Fed. R. P. 26(a)(2)(D)(ii) because it served Dr. Fincham's Report sixty-seven days after Kroger disclosed Dr. Selzer's Report. *See* Dkt. 4937 at 7. Fed. R. Civ. P. 26(a)(2)(D)(ii) provides a default timing rule for the disclosure of expert rebuttal reports, absent a court order or stipulation, which is "within 30 days after the other party's *disclosure*." (emphasis added). The disclosure requirements for initial expert reports and rebuttal expert reports are the same under Fed. R. Civ. P. 26(a)(2)(A)-(C). *See JS Prods., Inc. v. Kabo Tools Co.*, 2014 WL 2919184 at \*2 (D. Nev. June 26, 2014). Notably, Fed. R. Civ. P. 26(a)(2)(B) lists the required *disclosures* related to experts who provide written reports. A plain reading of Rule 26(a)(2)(D)(ii) should indicate that the reference to disclosures clearly implicates the disclosure of expert reports, detailed in Rule 26(a)(2)(B).

Plaintiff's assertion that it timely filed Dr. Fincham's Report under the thirty-day rule in Rule 26(a)(2)(D)(ii) because it disclosed the report within thirty days of Dr. Selzer's deposition, is incorrect and unsupported. Generally, "a rebuttal report must be exchanged 30 days after the disclosure of the opposing party's expert report unless the Court mandates some other date." *Hurt v. Com. Energy, Inc.,* No. 1:12-CV-00758, 2015 WL 410703, at \*6 (N.D. Ohio Jan. 29, 2015). Courts have found that "Rule 26(a)(2)(D)(ii) plainly states…that rebuttal expert disclosures must be made within 30 days of the other party's expert disclosure, not the expert witness's deposition. *Avendt v. Covidien Inc.*, No. 11-CV-15538, 2015 WL 1646467, at \*3 (E.D. Mich. Apr. 14, 2015) (citing Fed.R.Civ.P. 26(a)(2)(D)(ii)) (applying *Hennigan v. Gen. Electric Co.*, No. 09–11912, 2014 WL 4415954 at \*2 (E.D. Mich. Mar. 25, 2014)). Finally, "Rule 26(a)(2)(D)(ii) does not authorize any additional round of rebuttal following expert deposition testimony." *Gardner v. Dye*, No. 3:15 C 00669, 2016 WL 9244200, at \*6 (M.D. Tenn. July 1, 2016).

8

Therefore, under the thirty-day rule in Fed. R. Civ. P. 26(a)(2)(D)(ii), the Plaintiff should have disclosed Dr. Fincham's Report within thirty days of Kroger disclosing Dr. Selzer's Report on December 12, 2022. However, Plaintiff did not disclose Dr. Fincham's Report until sixty-seven days after Kroger's disclosure. Accordingly, the Court should also find Plaintiff's disclosure untimely under Rule 26(a)(2)(D)(ii).

### III. The Plaintiff's Untimely Disclosure Is Not Substantially Justified and Is Harmful to Kroger

In its Reply, Plaintiff offers no convincing evidence for why its untimely disclosure of Dr. Fincham's report was substantially justified and as Kroger previously demonstrated in its Motion, the disclosure is harmful to Kroger. The Sixth Circuit Court of Appeals, on numerous occasions held that "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *U.S. ex rel. Tennessee Valley Auth. v. 1.72 Acres of Land In Tennessee*, 821 F.3d 742, 752 (6th Cir. 2016) (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)) (quoting *Vance ex rel. Hammons v. United States*, 182 F.3d 920, 1999 WL 455435, at *3 (6th Cir. 1999)).

Additionally, the party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving party must show that failure to comply was either harmless or substantially justified. *Saint-Gobain Autover USA v. Xinyi Glass No. Am., Inc*., 666 F.Supp.2d 820, 826 (N.D. Ohio 2009).

#### A. Plaintiff's Untimely Disclosure Is Not Substantially Justified

The Plaintiff argues that its reasonable explanation for the delay is that it learned at Dr. Selzer's deposition that Kroger allegedly withheld relevant material from Dr. Selzer. Specifically, Plaintiff states that Kroger did not inform Dr. Selzer that it had conducted a workload survey of

9

its own pharmacists and alleges that Dr. Selzer did not know about a prior Ohio Board of Pharmacy survey or materials the BOP identified to explain the surveys' intent. *See* Dkt. 4961 at 9. First, Kroger disputes Plaintiff's characterization of the materials provided to Dr. Selzer. Second, these points in no way support bending the CMO or the Rules to permit a rebuttal report. All issues related to the materials that Kroger provided and did not provide to Dr. Selzer were appropriate areas of examination during her deposition—and Plaintiff thoroughly explored those areas.

Moreover, Dr. Fincham's report barely mentions this Kroger survey, merely comparing comments from Kroger's survey to the Ohio BOP pharmacy survey and stating that "the Kroger survey results were not shared with Dr. Selzer." Fincham Rpt. at 29. Finally, Plaintiff offers no justification for why it did not disclose Dr. Fincham's Report within thirty days of Kroger's disclosure of Dr. Selzer's Report, if Dr. Fincham's report is true rebuttal.

### B. Plaintiff's Disclosure Is Harmful to Kroger

The untimely disclosure of Dr. Fincham's report is certainly harmful to Kroger, contrary to Plaintiff's bald assertion that the disclosure is harmless. *See* Dkt. 4961 at 10. Plaintiff does not explain how Kroger could cure the harm done by this untimely disclosure given that the deadline for Kroger producing its expert reports and the deadline for dispositive and *Daubert* motions already passed. The Court, in its latest CMO, extended the deadline for *Daubert* and Dispositive motions only until February 8, 2023, which was eleven days before Plaintiff disclosed Dr. Fincham's report, and fifty-eight days after the December 12, 2022, deadline for Kroger to file its expert reports. Dkt. 4631 at 4. The untimely disclosure prohibited Kroger from both filing an additional expert report or filing a *Daubert* motion.

Even if Plaintiff's assertion that the parties have consistently cooperated concerning reasonable extensions of deadlines to accommodate case developments is true, which it is not,[7] Kroger and Plaintiff's cooperation is irrelevant to the determination of the timing for expert disclosures. "A party must make [expert] disclosures at the times and in the sequence that *the court orders*." Fed. R. Civ. P. 26(a)(2)(D) (emphasis added). Kroger and Plaintiff must follow the expert disclosure deadlines mandated by the Court, not the deadlines the Plaintiff would like to impose.

Finally, the Court should likewise disregard Plaintiff's statement that "[p]resently, there are no defense summary judgement motions pending and no future case deadlines that stand to be impacted by the rebuttal report." *See* Dkt. 4961 at 10. The Sixth Circuit Court of Appeals held that "Rule 37(c)(1) does not require that Plaintiff show prejudice; rather, the rule requires that Defendant show harmlessness or justification." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). Therefore, the Court should grant Kroger's Motion, finding that the Plaintiff's untimely disclosure of Dr. Fincham's report was not substantially justified by Plaintiff and the disclosure is certainly harmful to Kroger.

## CONCLUSION

For the reasons set forth above and in Kroger's Motion to Exclude Dr. Fincham's untimely report, The Court should grant Kroger's Motion. Alternatively, if the Court denies Kroger's Motion, Kroger requests the Court grant an extension to file a *Daubert* motion challenging Dr. Fincham's qualifications and the opportunity to depose Dr. Fincham regarding the contents of his Report.

Dated: March 28, 2023

---

[7] *See, e.g.*, supra n.5 (Plaintiff did not cooperate with Kroger in its request extending the deadline for Kroger and Meijer's expert report deadlines and instead, fought Kroger and Meijer every step of the way).

11

                    Respectfully submitted,

                    **The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II,**

                    **By counsel,**

*/s/ Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
Ashley Hardesty Odell, Esq. (WVSB 9380)
Fazal A. Shere, Esq. (WVSB 5433)
**BOWLES RICE LLP**
600 Quarrier Street
Charleston, West Virginia 25301
304-347-1100
rharvey@bowlesrice.com
ahardestyodell@bowlesrice.com
fshere@bowlesrice.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 28, 2023, the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notice to all counsel of record. Copies of this document may be obtained through the CM/ECF system.

*/s/ Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
